# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------------------------------------ X | | Chapter 11 |
| In re: | : | |
| | : | Case No. 09-10138 (KG) |
| Nortel Networks, Inc., | : | |
| | : | |
| Debtor. | : | |
| ------------------------------------------------------ X | | |
| ------------------------------------------------------ X | | Chapter 11 |
| In re: | : | |
| | : | Case No. 09-10139 (KG) |
| Nortel Networks Capital Corporation, | : | |
| | : | |
| Debtor. | : | |
| ------------------------------------------------ | : | |
| | X | |
| ------------------------------------------------------ X | | Chapter 11 |
| In re: | : | |
| | : | Case No. 09-10140 (KG) |
| Alteon Websystems, Inc., | : | |
| | : | |
| Debtor. | : | |
| ------------------------------------------------------ X | | |
| ------------------------------------------------------ X | | Chapter 11 |
| In re: | : | |
| | : | Case No. 09-10141 (KG) |
| Alteon Websystems International, Inc., | : | |
| | : | |
| Debtor. | : | |
| ------------------------------------------------ | : | |
| | X | |
| ------------------------------------------------------ X | | Chapter 11 |
| In re: | : | |
| | : | Case No. 09-10142 (KG) |
| Xros, Inc., | : | |
| | : | |
| Debtor. | : | |
| ------------------------------------------------------ X | | |

2663239.3

```
------------------------------------------------- X   Chapter 11
                                                  :
In re:                                            :   Case No. 09-10143 (KG)
                                                  :
Sonoma Systems,                                   :
                                                  :
            Debtor.                               :
------------------------------------------------- X
------------------------------------------------- X   Chapter 11
In re:                                            :
                                                  :   Case No. 09-10144 (KG)
Qtera Corporation,                                :
                                                  :
            Debtor.                               :
------------------------------------------------- X
------------------------------------------------- X   Chapter 11
In re:                                            :
                                                  :   Case No. 09-10145 (KG)
Coretek, Inc.,                                    :
                                                  :
            Debtor.                               :
------------------------------------------------- X
------------------------------------------------- :   Chapter 11
In re:                                            :
                                                  :   Case No. 09-10146 (KG)
Nortel Networks Applications Management           :
Solutions Inc.,                                   :
                                                  :
            Debtor.                               :
------------------------------------------------- X
------------------------------------------------- X   Chapter 11
In re:                                            :
                                                  :   Case No. 09-10147 (KG)
Nortel Networks Optical Components Inc.,           :
                                                  :
            Debtor.                               :
------------------------------------------------- X
```

2663239.3

```
------------------------------------------- X  Chapter 11
In re:                                      :
                                            :  Case No. 09-10148 (KG)
Nortel Networks HPOCS Inc.,                 :
                                            :
         Debtor.                            :
------------------------------------------- X
------------------------------------------- X  Chapter 11
In re:                                      :
                                            :  Case No. 09-10149 (KG)
Architel Systems (U.S.) Corporation,        :
                                            :
         Debtor.                            :
------------------------------------------- :
                                            X
------------------------------------------- X  Chapter 11
In re:                                      :
                                            :  Case No. 09-10150 (KG)
Nortel Networks International Inc.,          :
                                            :
         Debtor.                            :
------------------------------------------- :
                                            X
------------------------------------------- X  Chapter 11
In re:                                      :
                                            :  Case No. 09-10151 (KG)
Northern Telecom International Inc.,         :
                                            :
         Debtor.                            :
------------------------------------------- :
                                            X
------------------------------------------- X  Chapter 11
In re:                                      :
                                            :  Case No. 09-10152 (KG)
Nortel Networks Cable Solutions Inc.,        :
                                            :
         Debtor.                            :
------------------------------------------- X
```

**DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 105, BANKRUPTCY RULE 1015, AND LOCAL RULE 1015-1 (I) DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' RELATED CHAPTER 11 CASES AND (II) <u>GRANTING RELATED RELIEF</u>**

2663239.3

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively the "Debtors"),[1] hereby move this Court (the "Motion") for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), directing joint administration of the Debtors' related chapter 11 cases (the "Chapter 11 Cases"); and granting them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors rely on the Declaration of John Doolittle in Support of First Day Motions and Applications (the "First Day Declaration"). In further support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105 of the Bankruptcy Code, Bankruptcy Rule 1015 and Local Rule 1015–1.

## Background

3.      On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).

4.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner or official committee of unsecured creditors has been appointed in the Debtors' cases.

5.  On the date hereof, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] will file an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings").  The Canadian Debtors will continue to manage their properties and operate their businesses under the supervision of the Canadian Court.  Ernst & Young Inc., as foreign representative for the Canadian Debtors, will file petitions for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.  Certain of Nortel's European subsidiaries will make consequential filings for creditor protection.

6.  A description of the Debtors' corporate structure and businesses and the events leading to the chapter 11 cases are set forth in the First Day Declaration.[3]

7.      As set forth in the First Day Declaration, the Debtors are: NNI, NNCC, Alteon WebSystems, Inc., Alteon WebSystems International, Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc. and Nortel

---

[2]      The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[3]      Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

Networks Cable Solutions Inc., each of which are "affiliates" as that term is defined in

section 101(2) of the Bankruptcy Code.

8.      Given the integrated nature of the Debtors' operations, joint administration of the

Chapter 11 Cases will provide significant administrative convenience without harming the

substantive rights of any party in interest.  Many of the motions, hearings and orders that will

arise in the Chapter 11 Cases will affect each and every Debtor.  The entry of an order directing

joint administration of the Chapter 11 Cases will reduce fees and costs by avoiding duplicative

filings and objections.  Joint administration also will allow this Court, the Office of the United

States Trustee for the District of Delaware (the "United States Trustee") and all parties in interest

to monitor the Chapter 11 Cases with greater ease.

9.      Further, joint administration will not adversely affect the Debtors' respective

constituencies because this Motion requests only administrative, not substantive, consolidation of

the Debtors' estates.  Parties in interest will not be harmed by the relief requested but, instead,

will benefit from the cost reductions associated with the joint administration of the Chapter 11

Cases.

**Relief Requested**

10.      By this Motion, the Debtors seek an order directing joint administration of their

related Chapter 11 Cases for procedural purposes only.  Specifically, the Debtors request that (a)

this Court maintain one file and one docket for all of the jointly-administered Chapter 11 Cases

under the case number assigned to Debtor NNI, and (b) the Chapter 11 Cases be administered

under a consolidated caption, as follows:

2663239.3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------X
                            :

*In re*                             :          Chapter 11

                             :

Nortel Networks Inc., *et al.* [1]      :          Case No. 09- 10138 (KG)

                             :

                Debtors.        :          Joint Administration Pending

                             :

---------------------------------------------------------------------X
\*   \*   \*

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).

        11.     The Debtors also request that an entry be made on the docket of each of the

Chapter 11 Cases, other than the docket maintained for the Chapter 11 Case of Debtor NNI, that

is substantially similar to the following:

> An order has been entered in accordance with Bankruptcy Rule 1015(b) and Local Rule 1015–1 directing joint administration of the Chapter 11 Cases of Nortel Networks Inc., Nortel Networks Capital Corporation, Alteon WebSystems, Inc., Alteon WebSystems International, Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc. and Nortel Networks Cable Solutions Inc. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 09-10138 (KG).

### Basis for Relief

        12.     Bankruptcy Rule 1015(b) provides, in pertinent part, that "(i)f . . . two or more

petitions are pending in the same court by or against . . . a debtor and an affiliate, the Court may

order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are

"affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the

Bankruptcy Code and Bankruptcy Rules authorize this Court to grant the relief requested herein.

13.    In addition, Local Rule 1015–1 provides as follows:

> An order of joint administration may be entered, without notice
> and an opportunity for hearing, upon the filing of a motion for joint
> administration pursuant to Fed. R. Bankr. P. 1015, supported by an
> affidavit, declaration or verification, which establishes that the
> joint administration of two or more cases pending in the Court
> under title 11 is warranted and will ease the administrative burden
> for the Court and the parties. An order of joint administration
> entered in accordance with this Local Rule may be reconsidered
> upon motion of any party in interest at any time. An order of joint
> administration under this Local Rule is for procedural purposes
> only and shall not cause a "substantive" consolidation of the
> respective debtors' estates.

Del. Bankr. L.R. 1015-1.

14.    Section 105(a) of the Bankruptcy Code also provides this Court with the power to

grant the relief requested herein by the Debtors. Section 105(a) of the Bankruptcy Code states

that a bankruptcy court "may issue any order, process, or judgment that is necessary or

appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

15.    The entry of a joint administration order in multiple related cases is common in

this district. See, e.g., In re ACG Holdings, Inc., Case No. 08-11467 (CSS) (Bankr. D. Del. July

16, 2008); In re Pierre Foods, Inc., Case No. 08-11480 (KG) (Bankr. D. Del. July 16, 2008); In

re Tropicana Entm't, LLC, Case No. 08-10856 (KJC) (Bankr. D. Del. May 6, 2008); In re Leiner

Health Prods., Inc., Case No. 08-10446 (KJC) (Bankr. D. Del. Mar. 12, 2008); In re Wickes

Holdings, LLC, Case No. 08-10212 (KJC) (Bankr. D. Del. Feb. 5, 2008); In re Pope & Talbot,

Inc., Case No. 07-11738 (CSS) (Bankr. D. Del. Nov. 21, 2007); In re Hancock Fabrics, Inc.,

Case No. 07-10353 (BLS) (Bankr. D. Del. March 22, 2007).

8

16.     As discussed above, the joint administration of the Chapter 11 Cases will not adversely affect the Debtors' respective creditors because this Motion requests only administrative, and not substantive, consolidation of the estates.  For example, any creditor may still file a claim against a particular Debtor or its estate (or against multiple Debtors and their respective estates), intercompany claims among the Debtors will be preserved and the Debtors will maintain separate records of assets and liabilities to the extent maintained in this manner in the ordinary course of business prior to the Petition Date.  Thus, individual creditors' rights will not be harmed by the relief requested; rather, the constituents will benefit from the cost reductions associated with the joint administration of the Chapter 11 Cases.

17.     Accordingly, the Debtors submit that the joint administration of the Chapter 11 Cases is in the best interests of the Debtors, their estates, their creditors and all other parties in interest.

18.     For all of the foregoing reasons, the Debtors respectfully request the immediate entry of an order providing for the joint administration of the Chapter 11 Cases.

## Notice

19.     Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) Office of the United States Trustee for the District of Delaware; (ii) the trustee under that certain indenture dated as of July 5, 2006, as supplemented, with respect to the Floating Rate Senior Notes due 2011, the 10.125% Senior Notes due 2013, and the 10.75% Senior Notes due 2016; (iii) the trustee under that certain indenture dated as of February 15, 1996, with respect to the 7.875% Senior Notes due 2026; (iv) the trustee under that certain indenture dated as of March 28, 2007, with respect to the 1.75% Convertible Senior Notes due 2012 and the 2.125% Convertible Senior Notes due 2014; (v) holders of the forty (40)

2663239.3

largest unsecured claims on a consolidated basis against the Debtors; (vi) the Securities and

Exchange Commission; (vii) the Internal Revenue Service and (viii) the United States

Department of Justice.  In light of the exigencies of the circumstances and the potential harm to

the Debtors, their estates, and other parties in interest that will ensue if the relief requested herein

is not granted, the Debtors submit that no other notice need be given.

**No Prior Request**

20.     No prior request for the relief sought herein has been made to this or any other

court.

*[Remainder of Page Intentionally Left Blank]*

2663239.3

WHEREFORE, the Debtors respectfully request that this Court (i) grant this

Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and

(iii) grant such other and further relief as it deems just and proper.

Dated:  January 14, 2009          CLEARY GOTTLIEB STEEN & HAMILTON LLP
        Wilmington, Delaware

                                  James L. Bromley (No. 5125)
                                  Lisa M. Schweitzer (No. 1033)
                                  Cleary Gottlieb Steen & Hamilton LLP
                                  One Liberty Plaza
                                  New York, New York 10006
                                  Telephone:  (212) 225-2000
                                  Facsimile:  (212) 225-3999

                                          - and -

                                  MORRIS, NICHOLS, ARSHT & TUNNELL LLP


                                  Derek C. Abbott (No. 3376)
                                  Eric D. Schwartz (No. 3134)
                                  Thomas F. Driscoll III (No. 4703)
                                  Ann C. Cordo (No. 4817)
                                  1201 North Market Street
                                  P.O. Box 1347
                                  Wilmington, Delaware 19801
                                  Telephone:  (302) 658-9200
                                  Facsimile: (302) 658-3989

                                  *Proposed Counsel for the Debtors
                                  and Debtors in Possession*

2663239.3