IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
                                                               :
*In re*                                                        :   Chapter 11
                                                               :
Nortel Networks Inc., *et al.*,[1]                             :   Case No. 09-10138 (KG)
                                                               :
                                 Debtors.                      :   Joint Administration Pending
                                                               :
---------------------------------------------------------------X

**DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11
U.S.C. § 341 AND 28 U.S.C. § 156(c) AUTHORIZING THE DEBTORS TO
(I) FILE (A) CONSOLIDATED LIST OF CREDITORS AND (B)
CONSOLIDATED LIST OF DEBTORS' TOP FORTY CREDITORS AND
(II) PROVIDE NOTICES, INCLUDING NOTICES OF
COMMENCEMENT OF CASES AND SECTION 341 MEETING**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to section 341 of title 11 of the United States Code (the "Bankruptcy Code") and section 156(c) of title 28 of the United States Code ("Section 156(c)"), authorizing the Debtors to (i) file (a) a consolidated list of creditors and (b) a consolidated list of the Debtors' forty (40) largest unsecured creditors and (ii) complete all mailings of notices, including notices of the commencement of these cases and of the meeting of creditors required by section 341 of the Bankruptcy Code; and granting them such other and further relief as the Court deems just and proper. In support of this Motion, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).

Debtors rely on the Declaration of John Doolittle in Support of First Day Motions and Applications (the "First Day Declaration"). In further support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein is section 521(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 1007(b) and (c) and Local Rule 1007-1(b).

### Background

3. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or official committee of unsecured creditors has been appointed in the Debtors' cases.

5. On the date hereof, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] will file an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors

---

[2] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

2

Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors will continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as foreign representative for the Canadian Debtors, will file petitions for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. Certain of Nortel's European subsidiaries will make consequential filings for creditor protection.

6.  A description of the Debtors' corporate structure and businesses and the events leading to the chapter 11 cases are set forth in the First Day Declaration.[3]

7.  Simultaneously with the filing of this Motion, the Debtors have sought an order of joint administration pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that would provide for the joint administration of these cases and for consolidation for procedural purposes only.

## Relief Requested

8.  By this Motion, the Debtors seek an Order (a) authorizing the Debtors to file (i) a consolidated list of creditors and (ii) a consolidated list of the Debtors' forty (40) largest unsecured creditors;[4] and (b) authorizing the Debtors (or their agents) to complete all mailings of notices, including notices of the commencement of these cases and of the meeting of creditors pursuant to section 341 of the Bankruptcy Code.

---

[3] Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

[4] In connection with this request, the Debtors also request authority to submit one declaration under Bankruptcy Rule 1008 verifying the validity of the consolidated list of creditors and one declaration verifying the validity of the Consolidated Top 40 List (as defined below).

## Basis for Relief

**A.     Request for Authority to File Consolidated List of Creditors**

9.     The Debtors have identified thousands of entities to which notice of certain proceedings in these chapter 11 cases must be provided. The Debtors anticipate that such notices will comprise, without limitation, notice of: (a) the filing of the Debtors' voluntary petitions under chapter 11 of the Bankruptcy Code, (b) the initial meeting of the Debtors' creditors in accordance with section 341 of the Bankruptcy Code, (c) applicable bar dates for the filing of claims, (c) the hearing on adequacy of a disclosure statement in respect of a plan of reorganization, and (d) the hearing to confirm a plan of reorganization (collectively, the "Notices").

10.     Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") provides that in a voluntary chapter 11 case, the debtor must file "a list containing the name and complete address of each creditor in such format as directed by the Clerk's Office Procedures."

11.     The Debtors presently maintain various computerized lists of the names and addresses of their respective creditors that are entitled to receive the Notices and other documents in these chapter 11 cases. The Debtors believe that the information, as maintained in computer files (or those of their agents), may be consolidated and utilized efficiently to provide interested parties with the Notices and other similar documents, as contemplated by Local Rule 1007-2. Accordingly, by this Motion, the Debtors seek authority to file the lists on a consolidated basis, identifying their creditors and equity security holders in the format or formats currently maintained in the ordinary course of the Debtors' businesses.

12.     Moreover, concurrently with this Motion, the Debtors have filed a motion (the "Claims, Noticing and Balloting Agent Motion") seeking the appointment of Epiq Bankruptcy

4

Solutions, LLC ("Agent") as claims, noticing and balloting agent in these chapter 11 cases. If the Claims, Noticing and Balloting Agent Motion is granted, Agent will, among other things, (a) assist with the consolidation of the Debtors' computer records into a creditor and security holder database and (b) complete the mailing of the Notices to the parties in these databases. After consultation with Agent, the Debtors believe that filing the lists in the format or formats currently maintained in the ordinary course of business will be sufficient to permit Agent to notice promptly all applicable parties as required by Local Rule 1007-2.

**B.    Request for Authority to File Consolidated List of Debtors' Top Forty (40) Unsecured Creditors**

13.    Pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), a chapter 11 debtor must file with its voluntary petition a list setting forth the names, addresses, and claim amounts of the creditors, excluding insiders, that hold the twenty (20) largest unsecured claims in the debtor's case (a "Top 20 List"). This Top 20 List is primarily used by the United States Trustee (the "U.S. Trustee") to evaluate the types and amounts of unsecured claims against the debtor and thus identify potential candidates to serve on an official committee of unsecured creditors appointed in the debtor's case pursuant to section 1102 of the Bankruptcy Code.[5]

14.    The Debtors submit that a single consolidated list of their combined forty (40) largest unsecured creditors in these cases would be more reflective of the body of unsecured creditors that have the greatest stake in these cases than separate lists for each of the Debtors.

---

[5] "The purpose of the separate list of 20 largest creditors required by this provision in the rules is to enable the clerk to identify members and the court to appoint immediately an unsecured creditors' committee in compliance with 11 U.S.C. § 1102(a)(1)." In re Dandy Doughboy Donuts, Inc., 66 B.R. 457, 458 (Bankr. S.D. Fla. 1986); see also 9 COLLIER ON BANKRUPTCY ¶ 1007.5, at 1007-23 (Alan N. Resnick et al. eds., 15th ed. rev. 2008) ("[T]he larger [unsecured creditor] list and information about the claims of the creditors on the list enables the United States Trustee to determine the different types of claims existing in order to assure that a fully representative committee is appointed.").

Therefore, the Debtors respectfully request authorization to file a single consolidated list of their forty (40) largest unsecured creditors in these cases (the "<u>Consolidated Top 40 List</u>").

15. The Debtors believe that such relief is not only appropriate under the circumstances, but necessary for the efficient and orderly administration of these cases.

**C.  Mailings**

16. In lieu of effecting service through the Office of the Clerk of this Court, the Debtors also request that they (or the Agent) be approved and authorized to complete all mailings to creditors and equity holders in these cases, including notice of the commencement of these cases and notice of the meeting of creditors pursuant to section 341 of the Bankruptcy Code. Indeed, Local Rule 2002-1(f) requires the Debtors to file a motion for the retention of a claims and noticing agent because the Debtors have more than 200 creditors.

17. Allowing the Debtors (or their Agent) to complete their own mailings will save significant time, cost and expense.

<u>Notice</u>

18. Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) Office of the United States Trustee for the District of Delaware; (ii) the trustee under that certain indenture dated as of July 5, 2006, as supplemented, with respect to the Floating Rate Senior Notes due 2011, the 10.125% Senior Notes due 2013, and the 10.75% Senior Notes due 2016; (iii) the trustee under that certain indenture dated as of February 15, 1996, with respect to the 7.875% Senior Notes due 2026; (iv) the trustee under that certain indenture dated as of March 28, 2007, with respect to the 1.75% Convertible Senior Notes due 2012 and the 2.125% Convertible Senior Notes due 2014; (v) holders of the forty (40) largest unsecured claims on a consolidated basis against the Debtors; (vi) the Securities and

Exchange Commission; (vii) the Internal Revenue Service and (viii) the United States Department of Justice. In light of the exigencies of the circumstances and the potential harm to the Debtors, their estates, and other parties in interest that will ensue if the relief requested herein is not granted, the Debtors submit that no other notice need be given.

## No Prior Request

19. No prior request for the relief sought herein has been made to this Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: January 14, 2009
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_/s/ Derek C. Abbott_
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Thomas F. Driscoll III (No. 4703)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Proposed Counsel for the Debtors
and Debtors in Possession*