IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
In re                                                       :    Chapter 11
                                                            :
Nortel Networks Inc., et al.,[1]                            :    Case No. 09- 10138 (KG)
                                                            :
                              Debtors.                      :    Joint Administration Pending
                                                            :
------------------------------------------------------------X

**DEBTORS' MOTION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. § 521
EXTENDING THE DEBTORS' DEADLINE TO FILE SCHEDULES OF ASSETS
AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively the "Debtors"), hereby move this Court (the "Motion") for entry of an order substantially in the form attached hereto as Exhibit A, pursuant to section 521(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1007(b) and (c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), extending the time within which the Debtors must file their Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements," and together with the Schedules, the "Schedules and Statements") through and including March 16, 2009; and granting them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors rely on the Declaration of John Doolittle

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Network Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).

in Support of First Day Motions and Applications (the "First Day Declaration"). In further support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and the Motion in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein is section 521(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 1007(b) and (c) and Local Rule 1007-1(b).

## Background

**A.     Introduction**

3. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or official committee of unsecured creditors has been appointed in the Debtors' cases.

5. On the date hereof, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] will file an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors

---

[2]     The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors will continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as foreign representative for the Canadian Debtors, will file petitions for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. Certain of Nortel's European subsidiaries will make consequential filings for creditor protection.

6. Simultaneously with the filing of this Motion, the Debtors have sought an order of joint administration pursuant to Rule 1015(b) of the Bankruptcy Rules that would provide for the joint administration of these cases and for consolidation for procedural purposes only.

**B.   Debtors' Corporate Structure and Business**

7. A description of the Debtors' corporate structure and businesses and the events leading to the chapter 11 cases are set forth in the First Day Declaration.[3]

### Relief Requested

8. By this Motion, the Debtors seek the entry of an Order, pursuant to section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(b) and (c) and Local Rule 1007-1(b), extending the time within which the Debtors must file their Schedules and Statements.

### Basis for Relief

9. Section 521(a) of the Bankruptcy Code and Bankruptcy Rule 1007(b) and (c) both require a debtor to file its schedules of assets and liabilities and its statement of financial affairs with the Court within 15 days of filing its chapter 11 petition.

10. Local Rule 1007-1(b) provides:

---

[3]   Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

3

2663220.2

> In a voluntary chapter 11 case, if the bankruptcy petition is accompanied by a list of all the debtor's creditors and their addresses, in accordance with Local Rule 1007-2, and if the total number of creditors in the debtor's case (or, in the case of jointly administered cases, the debtors' cases) exceeds 200, the time within which the debtor shall file its Schedules and Statement of Financial Affairs required under the Fed. R. Bankr. P. shall be extended to thirty (30) days from the petition date. <u>Any further extension shall be granted, for cause, only upon filing of a motion by the debtor on notice</u> in accordance with these Local Rules.

Del. Bankr. L.R. 1007-1(b) (emphasis added).

11.  On the Petition Date, the Debtors filed with their petitions a list of creditors in accordance with Local Rule 1007-2 which reflects that the total number of the Debtors' creditors exceeds 200. Accordingly, pursuant to Local Rule 1007-1(b) and as stated above, the Debtors' original deadline to file the Schedules and Statements is thirty days from the Petition Date (the "Original Deadline").

12.  The Debtors submit that "cause" exists to extend the Debtors' time to file the Schedules and Statements. Given the size and complexity of the Debtors' businesses, a significant amount of information must be accumulated, reviewed and analyzed to properly prepare the Schedules and Statements. The Debtors have been consumed with a multitude of critical administrative and business decisions arising in conjunction with the commencement of these chapter 11 cases. Following the Petition Date, the Debtors anticipate devoting a substantial amount of time and focusing most of their limited resources on addressing a myriad of issues concerning employees, customers, and vendors.

13.  As described in the First Day Declaration, the Debtors are a massive global operation. The data necessary for the Schedules and Statements is stored in numerous accounting systems and compiling and consolidating the data is a complex and time intensive

4

task. While the Debtors have initiated the major task of assembling the data necessary for the Schedules and Statements, they will not be able to complete this undertaking prior to the Original Deadline.

14. At present, the Debtors estimate that an extension from the Original Deadline of an additional thirty (30) days, through and including March 16, 2009, should provide sufficient time to assemble and verify information and prepare the Schedules and Statements. Accordingly, the Debtors request that the deadline within which they must file the Schedules and Statements be extended for an additional thirty days, through and including March 16, 2009, without prejudice to the Debtors' right to seek further extensions if necessary.

15. In this district, courts have regularly found "cause" to extend the deadline for filing Schedules and Statements in chapter 11 cases involving businesses with numerous creditors. See, e.g., In re Uni-Marts, LLC, Case No. 08-11037 (MFW) (Bankr. D. Del. Jun. 27, 2008) (order granting debtors an additional thirty (30) days, for a total of sixty (60) days from the commencement date, to file their schedules and statements); In re Dan River Holdings LLC, Case No. 08-10726 (BLS) (Bankr. D. Del. Apr. 22, 2008) (order granting debtors an additional thirty (30) days, for a total of sixty (60) days from the commencement date, to file their schedules and statements); In re Powermate Holding Corp., Case No. 08-10498 (KG) (Bankr. D. Del. Apr. 14, 2008) (order granting a total extension of seventy-four (74) days from the commencement date for debtors to file their schedules and statements); In re Buffets Holdings, Inc., Case No. 08-10141 (MFW) (Bankr. D. Del. Mar. 12, 2008) (order granting a total extension of seventy-six (76) days from the commencement date for debtors to file their schedules and statements); In re Delta Fin. Corp., Case No. 07-11880 (CSS) (Bankr. D. Del. Jan. 9, 2008) (granting debtors an additional sixty (60) days, for a total of ninety (90) days from the

commencement date, to file their schedules and statements); In re Three A's Holdings LLC, Case No. 06-10886 (BLS) (Bankr. D. Del. Sept. 14, 2006) (granting debtors an additional sixty (60) days, for a total of ninety (90) days from the commencement date, to file their schedules and statements).

16. Like the debtors in the cases cited above, the Debtors require extra time to prepare and file the Schedules and Statements. The Debtors maintain significant business operations in the United States and preparing the Schedules and Statements accurately and in detail will require considerable attention from the Debtors' personnel and advisors, which would distract attention from the Debtor's business operations at a sensitive time when the business can ill afford any disturbance. Moreover, creditors and other parties in interest will not be significantly harmed by the proposed extension of the filing deadline, because even under the extended deadline, the Schedules and Statements would be filed well in advance of any planned bar date or other significant milestone event in the chapter 11 cases. Accordingly, the Debtors submit that their request for a thirty (30) day extension of time to file the Schedules and Statements is consistent with precedent and is appropriate and warranted under the circumstances.

### Notice

17. Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) Office of the United States Trustee for the District of Delaware; (ii) the trustee under that certain indenture dated as of July 5, 2006, as supplemented, with respect to the Floating Rate Senior Notes due 2011, the 10.125% Senior Notes due 2013, and the 10.75% Senior Notes due 2016; (iii) the trustee under that certain indenture dated as of February 15, 1996, with respect to the 7.875% Senior Notes due 2026; (iv) the trustee under that certain indenture dated as of March 28, 2007, with respect to the 1.75% Convertible Senior

2663220.2

Notes due 2012 and the 2.125% Convertible Senior Notes due 2014; (v) holders of the forty (40) largest unsecured claims on a consolidated basis against the Debtors; (vi) the Securities and Exchange Commission; (vii) the Internal Revenue Service; and (viii) the United States Department of Justice. In light of the exigencies of the circumstances and the potential harm to the Debtors, their estates, and other parties in interest that will ensue if the relief requested herein is not granted, the Debtors submit that no other notice need be given.

## No Prior Request

18. No prior request for the relief sought herein has been made to this or any other court.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: January 14, 2009  
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)  
Lisa M. Schweitzer (No. 1033)  
One Liberty Plaza  
New York, New York 10006  
Telephone: (212) 225-2000  
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____  
Derek C. Abbott (No. 3376)  
Eric D. Schwartz (No. 3134)  
Thomas F. Driscoll III (No. 4703)  
Ann C. Cordo (No. 4817)  
1201 North Market Street  
P.O. Box 1347  
Wilmington, Delaware 19899-1347  
Phone: (302) 658-9200  
Facsimile: (302) 658-3989

*Proposed Counsel for the Debtors  
and Debtors in Possession*