IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
: 
In re                                              :    Chapter 11
                                                   :
Nortel Networks Inc., et al.,[1]                   :    Case No. 09- 10138 (KG)
                                                   :
                              Debtors.             :    Joint Administration Pending
                                                   :
------------------------------------------------------------X

### DEBTORS' MOTION FOR ENTRY OF AN ORDER APPOINTING EPIQ BANKRUPTCY SOLUTIONS, LLC AS CLAIMS, NOTICING AND BALLOTING AGENT OF THE BANKRUPTCY COURT PURSUANT TO 28 U.S.C. § 156(c)

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively the "Debtors"), hereby move this Court (the "Motion") for entry of an order substantially in the form attached hereto as Exhibit A appointing Epiq Bankruptcy Solutions, LLC ("Epiq") as claims, noticing and balloting agent ("Claims, Noticing and Balloting Agent") for the Office of the Clerk for the United States Bankruptcy Court for the District of Delaware (the "Clerk's Office") pursuant to 28 U.S.C. § 156(c); and granting them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors rely on the Declaration of John Doolittle in Support of First Day Motions and Applications (the "First Day Declaration"). In further support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).

2663196

**Jurisdiction**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory bases for the relief requested herein are 28 U.S.C. § 156(c), sections 105, 327 and 328 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 2002 and 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 2002-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**Background**

3.  On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or official committee of unsecured creditors has been appointed in the Debtors' cases.

5.  On date hereof, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] will file an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors will continue to manage their properties and

---

[2]   The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

1

operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as foreign representative for the Canadian Debtors, will file petitions for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. Certain of Nortel's European subsidiaries will make consequential filings for creditor protection.

6. Simultaneously with the filing of this Motion, the Debtors have sought an order of joint administration pursuant to Rule 1015(b) of the Bankruptcy Rules that would provide for the joint administration of these cases and for consolidation for procedural purposes only.

7. A description of the Debtors' corporate structure and businesses and the events leading to the chapter 11 cases are set forth in the First Day Declaration.[3]

## Relief Requested

8. By this Motion, the Debtors seek the entry of an order authorizing them to retain and employ Epiq as Claims, Noticing and Balloting Agent to, among other things: (a) serve as the Court's noticing agent to mail notices to the estate's creditors and parties in interest, (b) provide computerized claims, objection and balloting database services, and (c) provide expertise, consultation and assistance in claim and ballot processing and other administrative information, and (d) provide disbursement services with respect to the Debtors' bankruptcy cases, if requested.

---

[3] Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

2

## Basis for Relief

9. The large number of creditors and other parties in interest in the Debtors' chapter 11 cases may impose administrative and other burdens upon the Court and the Clerk's Office. To relieve the Court and the Clerk's Office of these burdens, the Debtors seek to engage Epiq as Claims, Noticing and Balloting Agent in these chapter 11 cases.

10. Epiq is a claims management and data processing firm that specializes in claims processing, noticing, balloting disbursement and other administrative tasks in chapter 11 cases. The Debtors propose to retain Epiq on the terms and conditions set forth in an agreement substantially in the form attached hereto as <u>Exhibit B</u> and incorporated herein by reference (the "<u>Epiq Agreement</u>").

11. Under the Epiq Agreement, Epiq, at the request of the Debtors or the Clerk's Office, will provide the following services as the Claims, Noticing and Balloting Agent:

   a. prepare and serve required notices in these chapter 11 cases, including, without limitation:

   (i) the notice under section 341(a) of the Bankruptcy Code;

   (ii) the notice of bar date for filing claims against the Debtors;

   (iii) notice of hearings on a disclosure statement and confirmation of a plan of reorganization; and

   (iv) other miscellaneous notices to any entities, as the Debtors or the Court may deem necessary or appropriate for an orderly administration of these chapter 11 cases.

   b. within five (5) business days after the mailing of a particular notice, file with the Clerk's Office a declaration of service that includes a copy of the notice involved, an alphabetical list of persons to whom the notice was served and the date and manner of service;

   c. comply with applicable federal, state, municipal and local statutes, ordinances, rules, regulations, orders and other requirements;

      d.      promptly comply with such further conditions and requirements as the Clerk's Office or Court may at any time prescribe;

      e.      provide claims recordation services and maintain the official claims register;

      f.      provide balloting and solicitation services, including preparing ballots, producing personalized ballots and tabulating creditor ballots on a daily basis;

      g.      provide such other noticing, disbursing and related administrative services as may be required from time to time by the Debtors; and

      h.      provide assistance with, among other things, certain data processing and ministerial administrative functions, including, but not limited to, such functions related to: (1) the Debtors' schedules, statements of financial affairs and master creditor lists, and any amendments thereto; and (2) the processing and reconciliation of claims.

12. Attached as <u>Exhibit C</u> and incorporated herein by reference is the Declaration of Daniel C. McElhinney, Executive Director of Epiq (the "<u>McElhinney Declaration</u>," attached hereto as <u>Exhibit C</u>), in which Mr. McElhinney confirms that Epiq is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

13. As set forth in the McElhinney Declaration, Epiq represents, among other things, that:

      a.      Epiq will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims, Noticing and Balloting Agent in these chapter 11 cases;

      b.      by accepting employment in these chapter 11 cases, Epiq waives any rights to receive compensation from the United States government;

      c.      in its capacity as the Claims, Noticing and Balloting Agent in these chapter 11 cases, Epiq will not be an agent of the United States and will not act on behalf of the United States;

      d.      in its capacity as the Claims, Noticing and Balloting Agent in these chapter 11 cases, Epiq will not misrepresent any fact to any person; and

  e.  Epiq will not employ any past or present employees of the Debtors in connection with its work as the Claims, Noticing and Balloting Agent in these chapter 11 cases.

14. The Debtors request that the fees and expenses of Epiq incurred in the performance of the above services be treated as an administrative expense of the Debtors' chapter 11 estates and be paid by the Debtors in the ordinary course of business without the need for Epiq to file any fee applications or otherwise seek court approval for compensation for its services and reimbursement of its expenses.[4] Epiq will serve monthly invoices on the Debtors, counsel for the Debtors, the Office of the United States Trustee, the Debtors' post-petition secured lenders, and any official committees that may be appointed in these cases. If any dispute arises between Epiq and the Debtors with respect to fees and expenses that cannot be resolved by Epiq and the Debtors, such dispute shall be presented to the Court for resolution thereof.

15. As noted above, under Bankruptcy Rule 2002, the Court may direct that some person other than the Clerk of the Court give notice of the matters addressed in that rule. In addition, 28 U.S.C. § 156(c) expressly authorizes the use of non-court services for noticing. The Debtors submit that the engagement of Epiq as the Claims, Noticing and Balloting Agent is therefore expressly authorized under Bankruptcy Rule 2002 and 28 U.S.C. § 156(c).

16. The Debtors believe that because of Epiq's experience and expertise, Epiq is well qualified to provide services as Claims, Noticing and Balloting Agent to the Debtors. As set forth in the McElhinney Declaration, Epiq has assisted numerous chapter 11 debtors in connection with noticing, claims administration and reconciliation and administration of plan votes. Epiq has provided similar services in other significant chapter 11 cases in this district. See, e.g., In re Tribune Co., Case No. 08-13141 (KJC) (Bankr. D. Del. Dec. 10, 2008); In re WCI

---

[4] As an administrative agent and an adjunct to the Court, the Debtors do not believe that Epiq is a "professional" whose retention is subject to approval under section 327 of the Bankruptcy Code or whose compensation is subject to approval of the Court under sections 330 and 331 of the Bankruptcy Code.

5

Cmtys., Inc., Case No. 08-11643 (KJC) (Bankr. D. Del. Aug. 5, 2008); In re Uni-Marts, LLC, Case No. 08-11037 (MFW) (Bankr. D. Del. June 27, 2008); In re Buffets Holdings, Inc., Case No. 08-10141 (MFW) (Bankr D. Del. Jan. 23, 2008); In re Quaker Fabric Corp., Case No. 07-11146 (KG) (Bankr. D. Del. Aug. 20, 2007); In re Am. Home Mortgage Holdings, Inc., Case No. 07-11047 (CSS) (Bankr. D. Del. Aug. 17, 2007); In re Amp'd Mobile, Inc., Case No. 07-10739 (BLS) (Bankr. D. Del. June 29, 2007); In re Pliant Corp., Case No. 06-10001 (MFW) (Bankr. D. Del. Jan. 4, 2006); and In re Foamex Int'l, Inc., Case No. 05-12685 (PJW) (Bankr. D. Del. Sept. 21, 2005).

17. For all of the foregoing reasons, the Debtors believe that the appointment of Epiq as the Claims, Noticing and Balloting Agent is in the best interests of the Debtors and their estates and creditors.

## Notice

18. Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) Office of the United States Trustee for the District of Delaware; (ii) the trustee under that certain indenture dated as of July 5, 2006, as supplemented, with respect to the floating rate senior notes due 2011, the 10.125% Senior Notes due 2013, and the 10.75% Senior Notes due 2016; (iii) the trustee under that certain indenture dated as of February 15, 1996, with respect to the 7.875% Senior Notes due 2023; (iv) the trustee under that certain indenture dated as of March 28, 2007, with respect to the 1.75% Convertible Senior Notes due 2012 and the 2.125% Convertible Senior Notes due 2014; (v) holders of the forty (40) largest unsecured claims on a consolidated basis against the Debtors; (vi) the Securities and Exchange Commission; (vii) the Internal Revenue Service; and (viii) the United States Department of Justice. In light of the exigencies of the circumstances and the potential harm to

the Debtors, their estates, and other parties in interest that will ensue if the relief requested herein is not granted, the Debtors submit that no other notice need be given.

## No Prior Request

19. No previous request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto authorizing the retention and employment of Epiq as the Claims, Noticing and Balloting Agent; and (iii) grant such other and further relief as it deems just and proper.

Dated: January 14, 2009
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_/s/ Derek C. Abbott_
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Thomas F. Driscoll III (No. 4703)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
Phone: (302) 658-9200
Facsimile: (302) 658-3989

*Proposed Counsel for the Debtors
and Debtors in Possession*