# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------X
                                                 :
                                                 :    Chapter 11
In re                                            :
                                                 :    Case No. 09- 10138 (KG)
Nortel Networks Inc., et al.,¹                   :
                                                 :    Joint Administration Pending
                      Debtors.                   :
                                                 :    RE: D.I. _____
                                                 :
-------------------------------------------------X
```

## ORDER APPOINTING EPIQ BANKRUPTCY SOLUTIONS, LLC AS CLAIMS, NOTICING AND BALLOTING AGENT OF THE BANKRUPTCY COURT PURSUANT TO 28 U.S.C. § 156(c)

Upon the motion dated January 14, 2009 (the "Motion"),[2] of Nortel Networks Inc. and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), for entry of an order (the "Order"), pursuant to 28 U.S.C. § 156(c), appointing Epiq Bankruptcy Solutions, LLC ("Epiq") as Claim, Noticing and Balloting Agent to the Office of the Clerk for the United States Bankruptcy Court for the District of Delaware (the "Clerk's Office"); and upon the Declaration of John Doolittle in Support of First Day Relief and the Declaration of Daniel C. McElhinney; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and upon the record therein; and it appearing that the relief requested by the Motion is in the best interest of the Debtors' estates, the Debtors'

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation ("NNCC") (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).

[2]     Capitalized terms used but not otherwise defined shall have the meanings set forth in the Motion.

1

creditors and other parties in interest in these cases; and after due deliberation and sufficient

cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED to the extent set forth herein.

2.      The Debtors are authorized to engage Epiq as Claims, Noticing and Balloting

Agent in these chapter 11 cases, as of the Petition Date, on the terms and conditions set forth in

an agreement attached to the Motion as Exhibit B (the "Epiq Agreement"), as modified herein.

3.      The Epiq Agreement, as modified herein, is approved pursuant to section 28

U.S.C. §156(c). Under the Epiq Agreement, Epiq shall, at the request of the Debtors or the

Clerk's Office, as the Claims, Noticing and Balloting Agent:

a.      prepare and serve required notices in these chapter 11 cases,
including, without limitation:

(i)      the notice under section 341(a) of the Bankruptcy Code;

(ii)     the notice of bar date for filing claims against the Debtors;

(iii)    notice of hearings on a disclosure statement and confirmation of a
plan of reorganization; and

(iv)     other miscellaneous notices to any entities, as the Debtors or the
Court may deem necessary or appropriate for an orderly
administration of these chapter 11 cases.

b.      within five (5) business days after the mailing of a particular
notice, Epiq shall file with the Clerk's Office a declaration of service that
includes a copy of the notice involved, an alphabetical list of persons to
whom the notice was served and the date and manner of service:

(i)      comply with applicable federal, state, municipal and local statutes,
ordinances, rules, regulations, orders and other requirements;

(ii)     promptly comply with such further conditions and requirements as
the Clerk's Office or Court may at any time prescribe;

(iii)    provide claims recordation services and maintain the official
claims register;

(iv)     provide balloting and solicitation services, including preparing ballots, producing personalized ballots and tabulating creditor ballots on a daily basis;

(v)      provide such other noticing, and related administrative services as may be required from time to time by the Debtors; and

(vi)     provide assistance with, among other things, certain data processing and ministerial administrative functions, including, but not limited to, such functions related to: (a) the Debtors' schedules, statements of financial affairs and master creditor lists, and any amendments thereto; and (b) the processing and reconciliation of claims.

4.    Paragraph 7.4 of the Epiq Agreement is qualified as follows:

a.       Epiq shall not be entitled to indemnification, contribution or reimbursement pursuant to the Agreement for services other than those described in the Agreement, unless such services and indemnification therefore are approved by the Court;

b.       The Debtors shall have no obligation to indemnify Epiq, or provide contribution or reimbursement to Epiq, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Epiq's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of Epiq's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which Epiq should not receive indemnity, contribution or reimbursement under the terms of the Agreement as modified by this Order; and

c.       If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Epiq believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Agreement (as modified by this Order), including without limitation the advancement of defense costs, Epiq must file an application therefore in this Court, and the Debtors may not pay any such amounts to Epiq before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Epiq for

3

indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Epiq. All parties in interest shall retain the right to object to any demand by Epiq for indemnification, contribution or reimbursement.

5.      Epiq shall continue to serve as Claims, Noticing and Balloting Agent in these chapter 11 cases, and shall continue to be paid for its services in this capacity under the terms set forth herein and in the Motion, until relieved of such duties by order of the Court.

6.      Upon the closing of the Debtors' cases, Epiq shall be relieved of any obligation to retain claims and solicitation materials in connection with the Debtors' cases and may deliver any such materials to the bankruptcy clerk's office without further order of this Court.

7.      The fees and expenses of Epiq incurred in the performance of services in accordance with the Epiq Agreement shall be treated as an administrative expense of the Debtors' chapter 11 estates and be paid by the Debtors in the ordinary course of business without the need for Epiq to file any fee applications or otherwise seek court approval for compensation for its services and reimbursement of its expenses. Epiq will serve monthly invoices on the Debtors. Any dispute between Epiq and the Debtors with respect to fees and expenses that cannot be resolved by Epiq and the Debtors shall be presented to the Court for resolution thereof.

8.      The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

9.      This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: _____, 2009
            Wilmington, Delaware

                                        _____
                                        THE HONORABLE KEVIN GROSS
                                        UNITED STATES BANKRUPTCY JUDGE