**EXHIBIT C**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------------X

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| Nortel Networks Inc., *et al.*[1] | : | Case No. 09- 10138 (KG) |
| | : | |
| Debtors. | : | Joint Administration Pending |
| | : | |

------------------------------------------------------------------X

**DECLARATION OF DANIEL C. McELHINNEY IN SUPPORT OF DEBTORS'
MOTION FOR ENTRY OF AN ORDER APPOINTING EPIQ BANKRUPTCY
SOLUTIONS, LLC AS CLAIMS, NOTICING AND BALLOTING AGENT OF THE
BANKRUPTCY COURT PURSUANT TO 28 U.S.C. § 156(c)**

I, Daniel C. McElhinney, hereby declare that the following is true to the best of my

knowledge, information and belief:

1.      I am Executive Director of Epiq Bankruptcy Solutions, LLC ("Epiq"), a claims

management and data processing company specializing in the administration of large bankruptcy

cases with offices located at 757 Third Avenue, 3rd Floor, New York, NY 10017, and I make

this declaration on behalf of Epiq (the "Declaration"). I submit this Declaration in support of the

motion (the "Motion") of Nortel Networks Inc. and certain of its affiliates, as debtors and debtors

in possession, (collectively, the "Debtors"), for an order appointing Epiq as claims, noticing and

balloting agent for the Office of the Clerk of the United States Bankruptcy Court for the District

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation ("NNCC") (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).

1

of Delaware in the Debtors' chapter 11 cases, pursuant to the terms and conditions set forth in the agreement attached to the Motion as <u>Exhibit B</u> (the "<u>Epiq Agreement</u>").  Except as otherwise noted, I have personal knowledge of the matters set forth herein.

2.     Epiq is one of the country's leading chapter 11 claim management companies with expertise in noticing, claims processing, claims reconciliation, balloting and distribution. Epiq is well qualified to provide the Debtors experienced services as claims, noticing and balloting agent in connection with these chapter 11 cases.  Epiq has provided similar services in other significant chapter 11 cases in this judicial district.  <u>See</u>, <u>e.g.</u>, <u>In re Tribune Co.</u>, Case No. 08-13141 (KJC) (Bankr. D. Del. Dec. 10, 2008); <u>In re WCI Cmtys., Inc.</u>, Case No. 08-11643 (KJC) (Bankr. D. Del. Aug. 5, 2008); <u>In re Uni-Marts, LLC</u>, Case No. 08-11037 (MFW) (Bankr. D. Del. June 27, 2008); <u>In re Buffets Holdings, Inc.</u>, Case No. 08-10141 (MFW) (Bankr D. Del. Jan. 23, 2008); <u>In re Quaker Fabric Corp.</u>, Case No. 07-11146 (KG) (Bankr. D. Del. Aug. 20, 2007); <u>In re Am. Home Mortgage Holdings, Inc.</u>, Case No. 07-11047 (CSS) (Bankr. D. Del. Aug. 17, 2007); <u>In re Amp'd Mobile, Inc.</u>, Case No. 07-10739 (BLS) (Bankr. D. Del. June 29, 2007); <u>In re Pliant Corp.</u>, Case No. 06-10001 (MFW) (Bankr. D. Del. Jan. 4, 2006); and <u>In re Foamex Int'l, Inc.</u>, Case No. 05-12685 (PJW) (Bankr. D. Del. Sept. 21, 2005).

3.     The compensation arrangement provided for in the Epiq Agreement is consistent with and typical of arrangements entered into by Epiq and other such firms with respect to rendering similar services for clients such as the Debtors.

4.     The Debtors will pay Epiq fees and expenses upon the submission of monthly invoices in which Epiq will summarize, in reasonable detail, the services for which compensation is sought.

5.      To the best of my knowledge and belief, neither Epiq nor any of its personnel have any relationship with the Debtors that would impair Epiq's ability to serve as Claims, Noticing and Balloting Agent.  Epiq may have relationships with certain of the Debtors' creditors as vendors or in connection with cases in which Epiq serves or has served in a neutral capacity as claims and noticing agent for another Chapter 11 debtor.  To the best of my knowledge, such relationships are completely unrelated to these Chapter 11 cases.  In addition, Epiq personnel may have relationships with some of the Debtors' creditors or other parties in interest.  However, to the best of my knowledge, such relationships, to the extent they exist, are of a personal financial nature and completely unrelated to these Chapter 11 cases.  Epiq has and will continue to represent clients in matters unrelated to these Chapter 11 cases.  In addition, Epiq has had and will continue to have relationships in the ordinary course of its business with certain vendors, professionals and other parties in interest that may be involved in the Debtors' cases in matters unrelated to these cases.

6.      Based on the information available to me, I believe that Epiq is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and holds no interest adverse to the Debtors and their estates for the matters for which Epiq is to be employed.

7.      I am not related or connected to and, to the best of my knowledge, no other employee of Epiq is related or connected to any United States Bankruptcy Court Judge or District Court Judge for the District of Delaware or the United States Trustee or to any employee in the offices thereof.

8.      To the best of my knowledge and belief, and except as described herein, neither I nor Epiq nor any employee of Epiq has any connection or relationship with the Debtors, their creditors, or any other parties in interest in these cases (or their attorneys or accountants) that

3

would conflict with the scope of Epiq's retention or would create any interest adverse to the

Debtors' estates, any statutorily appointed committee or any other party in interest.

Notwithstanding the foregoing, Epiq has and will continue to have relationships in the ordinary

course of its business with certain professionals in connection with matters unrelated to these

cases.

      9.      Except with respect to Epiq's employees, affiliates and vendors, there is no

agreement or understanding between Epiq and any other person or entity for sharing

compensation received or to be received for services rendered by Epiq in connection with these

chapter 11 cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date:   January 14, 2009                 EPIQ BANKRUPTCY SOLUTIONS, LLC


                                         _____ s/ Daniel C. McElhinney_____
                                         Daniel C. McElhinney
                                         Executive Director