**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
:
*In re*                                                        :   Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                             :   Case No. 09-10138 (KG)
:   Joint Administration Pending
Debtors.                                                       :
:   RE: D.I. _____
:
---------------------------------------------------------------X

### ORDER PURSUANT TO SECTIONS 105(a) AND 363(b)(1) OF THE BANKRUPTCY CODE (A) AUTHORIZING THE DEBTORS TO PAY PREPETITION COMMON CARRIER CHARGES AND WAREHOUSE FEES AND (B) SCHEDULING A FINAL HEARING

Upon the motion dated, January 14, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for the entry of an order, pursuant to sections 105(a) and 363(b)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003(b) and 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing the Debtors to pay undisputed prepetiton Common Carrier Charges and Warehouse Fees in their sole discretion; (ii) authorizing and directing the banks and other financial institutions to receive, process, honor and pay checks presented for payment and electronic payment requests relating to the foregoing; and (iii) granting them such other and further relief as the Court deems just and proper; and upon consideration of the Declaration of John Doolittle in Support of First Day Motions and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Applications, filed concurrently with the Motion; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion and the Declaration establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized to honor and pay, in their sole discretion, all undisputed prepetition Common Carrier Charges and Warehouse Fees consistent with their customary practices in the ordinary course of business, including:

   a. The Common Carrier Charges in an amount not to exceed $3.5 million; and

   b. The Warehouse Fees in an amount not to exceed $5 million.

3. PowerTrack shall, pursuant to its contractual obligations, continue to arrange for the pass-through payment of the Debtors' freight invoices, and is directed to make such payments to the respective Common Carriers and prohibited from holding, using or setting off such payments for their own benefit.

4. The Debtors' banks and other financial institutions are authorized and directed to receive, process, honor and pay checks presented for payment and electronic payment requests relating to the Common Carrier Charges and Warehouse Fees.

5. Nothing in the Motion or this Order, nor the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute a Common Carrier Charge or Warehouse Fee; or (v) a request to assume any executory contract or unexpired lease, pursuant to section 365 of the Bankruptcy Code.

6. The entry of this Order is necessary to avoid immediate and irreparable harm and to the extent the relief granted herein implicates the use of property of the estates and section 363 of the Bankruptcy Code, the requirements under Bankruptcy Rule 6003(b) have been satisfied.

7. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) pursuant to Bankruptcy Rule 6004(h) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

2665168.1