IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Joint Administration Pending
Debtors. :
:
---------------------------------------------------------X

## DEBTORS' MOTION FOR DECLARATORY ORDER ENFORCING SECTION 362 OF THE BANKRUPTCY CODE

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a) and 362 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), enforcing the Bankruptcy Code's automatic stay provisions; and granting them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors rely on the Declaration of John Doolittle in Support of First Day Motions and Applications (the "First Day Declaration"). In further support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).

2665205.1

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are Bankruptcy Code sections 105 and 362.

## Background

### A. Introduction

3. On the date hereof (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or official committee of unsecured creditors has been appointed in the Debtors' cases.

5. On the date hereof, the Debtors' ultimate corporate parent Nortel Networks Corporation ("<u>NNC</u>"), NNI's direct corporate parent Nortel Networks Limited ("<u>NNL</u>," and together with NNC and their affiliates, including the Debtors, "<u>Nortel</u>"), and certain of their Canadian affiliates (collectively, the "<u>Canadian Debtors</u>")[2] will file an application with the Ontario Superior Court of Justice (the "<u>Canadian Court</u>") under the Companies' Creditors Arrangement Act (Canada) (the "<u>CCAA</u>"), seeking relief from their creditors (collectively, the "<u>Canadian Proceedings</u>"). The Canadian Debtors will continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as foreign representative for the Canadian Debtors, will file petitions for recognition of the

---

[2] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. Certain of Nortel's European subsidiaries will make consequential filings for creditor protection.

6. Simultaneously with the filing of this Motion, the Debtors have sought an order of joint administration pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that would provide for the joint administration of these cases and for consolidation for procedural purposes only.

**B. Debtors' Corporate Structure and Business**

7. A description of the Debtors' corporate structure and businesses and the events leading to the chapter 11 cases are set forth in the First Day Declaration.[3]

## Relief Requested

8. By this Motion, the Debtors seek entry of a declaratory order enforcing section 362 of the Bankruptcy Code. Such an order is necessary to apprise parties affected by section 362 of the existence and the effect of that provision and, in particular, the protections that the provision provides the Debtors.

## Facts Relevant to this Motion

9. The Debtors have developed valuable relationships with national and local businesses in both the United States and abroad. The Debtors maintain valuable business relationships with a large number of potential creditors located outside of the United States. The Debtors believe that many of these creditors do not deal with chapter 11 debtors in possession on a regular basis and it is highly likely that they will be unfamiliar with both the scope of the debtor in possession's authority and the operation of the automatic stay. For this reason, the

---

[3] Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

Debtors request this Court's assistance in clarifying the Debtors' rights and authority under chapter 11.

## Basis for Relief

10. As a result of the commencement of the Debtors' chapter 11 cases, and by operation of section 362 of the Bankruptcy Code, an automatic stay enjoins all persons and all governmental units from, among other things, (i) commencing or continuing any judicial, administrative, or other proceeding against the Debtors that was or could have been commenced before the above-captioned cases were commenced, or recovering upon a claim against any of the Debtors that arose before the commencement of the Debtors' chapter 11 cases, and (ii) taking any action to collect, assess or recover a claim against any of the Debtors that arose before the commencement of the Debtors' chapter 11 cases. 11 U.S.C. § 362 (2007). Section 541(a) of the Bankruptcy Code defines "property of the estate," including for purposes of determining the scope of the automatic stay, to include the debtor's property wherever located and by whomever held. 11 U.S.C. §541(a) (2007).

11. The injunctions contained in section 362 of the Bankruptcy Code are self-executing and arise, as a matter of law, upon filing a petition. They constitute fundamental debtor protections which, in combination with other provisions of the Bankruptcy Code, provide the Debtors with the "breathing spell" that is essential to the Debtors' ability to make a smooth and orderly transition into chapter 11. See, e.g., Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1204 (3d Cir. 1991) ("The automatic stay . . . gives a bankrupt a breathing spell from creditors by stopping all collection efforts, all harassment, and all foreclosure actions . . . [It] permits a bankrupt to attempt a repayment or reorganization plan." (citations omitted).

12. Notwithstanding the fundamental nature of these statutory protections, not all parties affected or potentially affected by the commencement of a chapter 11 case are aware of the Bankruptcy Code's provisions. Nor are all parties cognizant of their significance and impact. In many chapter 11 proceedings, it is necessary to advise third parties of the existence and effect of section 362 of the Bankruptcy Code. Occasionally, it is necessary to commence proceedings in the bankruptcy court to issue an order embodying and restating the provisions of section 362 of the Bankruptcy Code.

13. Such an order is particularly appropriate in the Debtors' chapter 11 cases. Primarily, this is because the Debtors conduct business with parties in jurisdictions around the world. Some of the parties affected by section 362 likely are not aware of the significant and necessary protection these sections provide to the Debtors. In addition, the Debtors and their property are subject to the rules and regulations of numerous governmental authorities, including those in foreign jurisdictions, that may not be familiar with U.S. bankruptcy law and that, absent such an order, may take precipitous action against the Debtors or their property. Accordingly, the Debtors respectfully request that this Court issue a declaratory order that restates the applicable provisions of section 362 of the Bankruptcy Code.

14. The order, by simply restating the safeguard which section 362 of the Bankruptcy Code provides for the Debtors, would help to protect the Debtors from unwitting violations of these crucial provisions. It also would spare the Debtors from the burden of commencing proceedings to enforce the protections provided by the Bankruptcy Code. Consequently, the order will assist the Debtors in effecting a prompt and orderly reorganization.

15. Under section 105(a) of the Bankruptcy Code, "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11

U.S.C. § 105(a) (2007). This is consistent with the broad equitable authority of the bankruptcy courts. See, e.g., United States v. Energy Res. Co., 495 U.S. 545, 549 (1990). Among those equitable powers is the bankruptcy court's broad ability to issue injunctions to enforce a stay, or even to reimpose a lapsed stay. See Wedgewood Investment Fund, Ltd. v. Wedgewood Realty Group, Ltd. (In re Wedgewood Realty Group, Ltd.), 878 F.2d 693, 701 (3d Cir. 1989) (finding court has authority to reimpose a lapsed stay).

16. The Debtors respectfully request that the Court issue an order setting forth a key protection that the Bankruptcy Code provides: the automatic stay provision of section 362. Again, this order will protect the Debtors from unwitting parties, particularly those in foreign jurisdictions that are not familiar with the Bankruptcy Code or its protections, that otherwise might violate these sections.

17. The Debtors believe this is necessary for a successful reorganization because it will help to prevent parties from attempting to seize and to liquidate the Debtors' assets before the Court has reviewed the matter fully. Relief similar to that requested herein has previously been granted by courts located in this and other districts in large chapter 11 cases. See, e.g., In re Delphi Corp., Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Oct. 13, 2005); In re Foamex Int'l Inc., Case No. 05-12685 (PJW) (Bankr. D. Del. Sept. 21, 2005); In re Cone Mills Corp., Case No. 03-12944 (MFW) (Bankr. D. Del. Oct. 1, 2003); In re Winstar Commc'ns, Inc., Case No. 01-1430 (JJF) (Bankr. D. Del. Apr. 20, 2001); In re ICO Global Commc'ns Servs., Inc., Case Nos. 99-2933 to 99-2936 (MFW) (Bankr. D. Del. Aug. 31, 1999); and In re The Singer Co., N.V., Case Nos. 99-10578 to 99-10605 (BRL) (Bankr. S.D.N.Y. Sept. 13, 1999).

18. Accordingly, granting the relief requested herein will facilitate a smooth and orderly transition of the Debtors into chapter 11 and minimize the disruption to their business,

without violating either the policies of chapter 11 or the rules of this Court. The Debtors therefore request that this Court grant the requested relief.

## Notice

19. Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to (i) the Office of the United States Trustee for the District of Delaware; (ii) the trustee under that certain indenture dated as of July 5, 2006, as supplemented, with respect to the Floating Rate Senior Notes due 2011, the 10.125% Senior Notes due 2013, and the 10.75% Senior Notes due 2016; (iii) the trustee under that certain indenture dated as of February 15, 1996, with respect to the 7.875% Senior Notes due 2026; (iv) the trustee under that certain indenture dated as of March 28, 2007, with respect to the 1.75% Convertible Senior Notes due 2012 and the 2.125% Convertible Senior Notes due 2014; (v) the holders of the forty (40) largest unsecured claims on a consolidated basis against the Debtors; (vi) the Securities and Exchange Commission; (vii) the Internal Revenue Service; and (viii) the United States Department of Justice. In light of the exigencies of the circumstances and the potential harm to the Debtors, their estates, and other parties in interest that will ensue if the relief requested herein is not granted, the Debtors submit that no other notice need be given.

## No Prior Request

20. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: January 14, 2009
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Thomas F. Driscoll III (No. 4703)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Proposed Counsel for the Debtors
and Debtors in Possession*

2665205.2

8