IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
                                                            :
*In re*                                                     :   Chapter 11
                                                            :
Nortel Networks Inc., *et al.*,[1]                          :   Case No. 09- 10138 (KG)
                                                            :
                              Debtors.                      :   Joint Administration Pending
                                                            :
------------------------------------------------------------X

**DEBTORS' MOTION FOR ENTRY OF AN ADMINISTRATIVE ORDER
PURSUANT TO 11 U.S.C. §§ 105(a) AND 331, FED. R. BANKR. P. 2016 AND
DEL. BANKR. L.R. 2016-2 ESTABLISHING PROCEDURES FOR INTERIM
COMPENSATION OF FEES AND REIMBURSEMENT OF EXPENSES OF
PROFESSIONALS AND OFFICIAL COMMITTEE MEMBERS**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), establishing procedures for interim compensation of fees and reimbursement of expenses for (i) professionals and (ii) committee members (the "Committee Members") of any official committee appointed in these chapter 11 cases in accordance with section 1102(a) of the Bankruptcy Code; and granting them such other and further relief as the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).

1

Court deems just and proper. In support of this Motion, the Debtors rely on the Declaration of John Doolittle in Support of First Day Motions and Applications (the "First Day Declaration"). In further support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2.

### Background

**A. Introduction**

3. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or official committee of unsecured creditors has been appointed in the Debtors' cases.

5. On the date hereof, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] will file an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors will continue to manage their properties and

---

[2] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

2

2663194.4

operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as foreign representative for the Canadian Debtors, will file petitions for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. Certain of Nortel's European subsidiaries will make consequential filings for creditor protection.

6.  Simultaneously with the filing of this Motion, the Debtors have sought an order of joint administration pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that would provide for the joint administration of these cases and for consolidation for procedural purposes only.

**B.  Debtors' Corporate Structure and Business**

7.  A description of the Debtors' corporate structure and businesses and the events leading to the chapter 11 cases are set forth in the First Day Declaration.[3]

**C.  The Debtors' Professionals**

8.  The Debtors have filed, or intend to file, applications to retain Cleary Gottlieb Steen & Hamilton LLP as their bankruptcy counsel ("Bankruptcy Counsel"), Morris, Nichols, Arsht & Tunnell LLP as their Delaware and general bankruptcy counsel ("Delaware and General Bankruptcy Counsel"), (together with Bankruptcy Counsel and Delaware and General Bankruptcy Counsel, the "Estate Professionals"). The Debtors anticipate that they may also retain other professionals in these chapter 11 cases, including without limitation financial advisers, as the need arises, and any other necessary special counsel. In addition, the United States Trustee may appoint a Committee, which may also seek to retain various professionals (the "Committee Professionals" and, together with the Estate Professionals, the "Professionals").

---

[3]  Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

## Relief Requested

9. By this Motion, the Debtors seek an administrative order establishing certain interim compensation and reimbursement procedures for the Professionals and the Committee Members as described herein.

10. Specifically, the Debtors propose that the monthly payment of compensation of fees and reimbursement of expenses of the Professionals (the "Compensation Procedures") be structured as follows:

   (a) After the first day of each month (the "Fee Filing Period") following the month for which compensation is sought (the "Compensation Period"), each Professional seeking interim compensation and reimbursement may file with the Court a monthly application (each a "Monthly Fee Statement") pursuant to section 331 of the Bankruptcy Code for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the Compensation Period. Each Professional shall serve the Monthly Fee Statement on: (i) the Debtors: Nortel Networks Inc., 195 The West Mall, Toronto, ON M9C 5K1 (att'n: Gordon A. Davies); (ii) counsel for the Debtors: Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006 (att'n: James L. Bromley, Esq.); (iii) counsel for the Debtors: Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899-1347 (att'n: Derek C. Abbott, Esq.); (iv) counsel to any Committee (when appointed by the United States Trustee); and (v) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (collectively, the "Notice Parties"). The Professionals are not required to serve the Monthly Fee Statement on any party other than the Notice Parties.

   (b) All Monthly Fee Statements shall comply with the Bankruptcy Code, Bankruptcy Rule 2016 and any other applicable Bankruptcy Rules, Local Rule 2016-2 and any other applicable Local Rules and applicable Third Circuit law.

   (c) Each Notice Party shall have twenty (20) days after service of a Monthly Fee Statement to review the Monthly Fee Statement and object thereto (the "Objection Deadline"). Upon the expiration of the Objection Deadline: (i) if no objections have been filed, the Professional shall file a certificate of no objection and the Debtors shall then be authorized to pay such Professional eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Statement (the "Maximum Interim Payment"); or (ii) if an objection to a Monthly Fee Statement has been filed, the Professional shall be entitled to eighty

2663194.4

percent (80%) of the fees and one hundred percent (100%) of the expenses (the "Permitted Incremental Payment") not subject to that objection pursuant to subparagraph (e) below.

(d) If any Notice Party objects to the Monthly Fee Statement of a Professional (the "Affected Professional"), it must file with the Court on or before the Objection Deadline a written statement of its objection setting forth the precise nature of the objection and the amount of objectionable fees and expenses at issue (collectively, the "Objection") and serve the Objection on the Affected Professional and each of the Notice Parties. Thereafter, the objecting Notice Party and the Affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to resolve an Objection within twenty (20) days after the service of the Objection, the Affected Professional may either: (i) file a response to the Objection with the Court together with a request for the payment of the difference, if any, between the Maximum Interim Payment and the Permitted Interim Payment made to the Affected Professional (the "Incremental Amount") or request a hearing of the Court; or (ii) forego payment of the Incremental Amount until the next interim or final Monthly Fee Statement hearing, at which time the Court will consider and dispose of the Objection if so requested by the parties.

(e) Beginning with the period ending April 30, 2009, and at three-month intervals thereafter or at such other intervals that may be convenient to the Court (each, an "Interim Fee Period"), each of the Professionals shall file with the Court and serve on the Notice Parties a request (an "Interim Fee Statement Request") for the Court's interim approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation of fees and reimbursement of expenses sought in the three Monthly Fee Statements filed during such Interim Fee Period. The Interim Fee Statement Request must include a summary of the Monthly Fee Statements that are the subject of the request plus any other information requested by the Court or required by the Local Rules. Any Professional that fails to file an Interim Fee Statement Request will be ineligible to receive further monthly payments of fees and expenses under the Compensation Procedures until such time as the Professional submits a further Interim Fee Statement Request.

(f) The Debtors shall request that the Court schedule a hearing on the pending Interim Fee Statement Requests at least once every six months. The Debtors, however, may request a hearing be held every three months or at such other intervals as the Court deems appropriate.

(g) The pendency of an Objection to a Monthly Fee Statement will not disqualify a Professional from the future payment of compensation or reimbursement of fees and expenses under the Compensation Procedures.

5

2663194.4

11.     The Debtors further request that neither (a) the payment of or the failure to pay, in whole or in part, monthly interim compensation of fees and reimbursement of expenses under the Compensation Procedures nor (b) the filing of or the failure to file an Objection will bind any party-in-interest or bind the Court with respect to the allowance of interim or final applications for compensation of fees and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court.

12.     The Debtors further request that each Committee Member be permitted to submit statements of expenses (excluding individual Committee Members' counsel expenses) and supporting vouchers to counsel to any such Committee, which shall collect and submit the Committee Members' requests for reimbursement in accordance with the Compensation Procedures.

13.     The Debtors further request that the Court limit service of Interim Fee Statement Requests and the final fee application (collectively, the "Applications") and notice of hearing thereon (the "Hearing Notices") to the Notice Parties. The Debtors further request that all other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleading in these chapter 11 cases shall be entitled to receive only the Hearing Notices. Serving the Applications and the Hearing Notices in this manner will permit the parties most active in these chapter 11 cases to review and object to the Professionals' fees and expenses and, if applicable, the Committee Members' expenses and will save unnecessary duplication and mailing expenses.

14.     The Debtors will include in their monthly operating reports all payments made to the Professionals and, if applicable, the Committee Members in accordance with the Compensation Procedures.

6

2663194.4

## Basis for Relief

15. Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331 (2007). Absent an order of this Court, section 331 of the Bankruptcy Code limits Professionals rendering services in these chapter 11 cases to payment of fees and expenses only three times per year.

16. Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C § 105(a). Interim compensation procedures are needed to avoid having Professionals fund the bankruptcy cases. See In re Mariner Post-Acute Network, Inc., 257 B.R. 723, 727-28 (Bankr. D. Del. 2000) (approving monthly interim compensation procedures for professionals, based on the likelihood that the professionals appointed under section 327 would invest huge quantities of time, which would "impose an intolerable burden on" the professionals). Appropriate factors to consider in establishing such procedures include the size and complexity of the cases and the time required of the Professionals to adequately address the issues involved. See id.

17. In Mariner, the court also cited two other important factors for courts to consider in establishing appropriate interim compensation procedures: (a) permitting the Court to adequately review monthly and interim fee statements of professionals and (b) permitting debtors to effectively monitor and control their administrative costs. Id. The Mariner court, in adopting

procedures substantially similar to the Compensation Procedures, acknowledged that the procedures that had been previously followed in that case and in certain other chapter 11 cases in the District of Delaware had made it difficult for the Court to adequately review the interim fee statements of professionals and for the debtors in the those cases to monitor and control their respective administrative expenses. Id. The Debtors submit that the Compensation Procedures are appropriate based on application of the above factors to the circumstances of these chapter 11 cases.

18.  Taking into account the complex nature of these cases, the Compensation Procedures are comparable to the procedures established in other recent chapter 11 cases in this district and elsewhere. See, e.g., In re Leiner Health Prods Inc., Case No. 08-10446 (KJC) (Bankr. D. Del. Apr. 7, 2008); In re Smidth & Co., Case No. 08-10516 (KG) (Bankr. D. Del. Mar. 28, 2008); In re Friedman's Inc., Case No. 08-10161 (CSS) (Bankr. D. Del. Mar. 5, 2008); In re Thompson Prods., Inc., Case No. 08-10319 (PJW) (Bankr. D. Del. Mar. 18, 2008); In re Lillian Vernon Corp., Case No. 08-01323 (BLS) (Bankr. D. Del. Mar. 17, 2008); In re Hancock Fabrics, Inc., Case No. 07-10353 (BLS) (Bankr. D. Del. Apr. 13, 2007); In re Pliant Corp., Case No. 06-10001 (MFW) (Bankr. D. Del. Feb. 1, 2006); In re Foamex Int'l Inc., Case No. 05-12685 (PJW) (Bankr. D. Del. Sept. 27, 2005); In re Meridian Auto. Sys. Composites Operations, Inc. Case No. 05-11168 (MFW) (Bankr. D. Del. May 27, 2005); In re AstroPower, Inc., Case No. 04-10322 (MFW) (Bankr. D. Del. Mar. 2, 2004); In re The Thaxton Group, Inc., Case No. 03-13183 (PJW) (Bankr. D. Del. Nov. 12, 2003); In re Orion Ref. Corp., Case No. 03-11483 (MFW) (Bankr. D. Del. June 5, 2003).

19.  The Debtors submit that the efficient administration of these chapter 11 cases will be aided by establishing the Compensation Procedures, which will allow the Court and all other

parties to more effectively monitor the Professionals' fees and expenses. Accordingly, the relief requested is in the best interests of the Debtors, their estates and their creditors.

### Notice

Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) Office of the United States Trustee for the District of Delaware; (ii) the trustee under that certain indenture dated as of July 5, 2006, as supplemented, with respect to the Floating Rate Senior Notes due 2011, the 10.125% Senior Notes due 2013, and the 10.75% Senior Notes due 2016; (iii) the trustee under that certain indenture dated as of February 15, 1996, with respect to the 7.875% Senior Notes due 2026; (iv) the trustee under that certain indenture dated as of March 28, 2007, with respect to the 1.75% Convertible Senior Notes due 2012 and the 2.125% Convertible Senior Notes due 2014; (v) holders of the forty (40) largest unsecured claims on a consolidated basis against the Debtors; (vi) the Securities and Exchange Commission; (vii) the Internal Revenue Service and (viii) the United States Department of Justice. In light of the exigencies of the circumstances and the potential harm to the Debtors, their estates, and other parties in interest that will ensue if the relief requested herein is not granted, the Debtors submit that no other notice need be given.

### No Prior Request

20. No prior request for the relief sought herein has been made to this or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

2663194.4

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: January 14, 2009
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Thomas F. Driscoll III (No. 4703)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Proposed Counsel for the Debtors
and Debtors in Possession*

2663194.4