# EXHIBIT A

2663194.4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
: Chapter 11
*In re* :
: Case No. 09- 10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Joint Administration Pending
Debtors. :
: RE: D.I. _____
:
---------------------------------------------------------------X

ADMINISTRATIVE ORDER PURSUANT TO 11 U.S.C. §§ 105(a)
AND 331, FED. R. BANKR. P. 2016 AND DEL. BANKR. L.R. 2016-2 ESTABLISHING
PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF FEES
AND EXPENSES FOR PROFESSIONALS AND OFFICIAL COMMITTEE MEMBERS

Upon the motion dated January 14, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2, establishing procedures for interim compensation and reimbursement of fees and expenses for professionals and official committee members; and upon consideration of the Declaration of John Doolittle in Support of First Day Motions and Applications (the "First Day Declaration"), filed concurrently with the Motion; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation ("NNCC") (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

1

2663194.4

having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT

1. The Motion is GRANTED.

2. The Debtors are authorized, except as may otherwise be provided in orders of the Court authorizing the retention of specific professionals, to have Professionals in these chapter 11 cases seek from them interim payment of compensation of fees and reimbursement of expenses in accordance with the following procedures (the "Compensation Procedures"):

> (a) After the first day of each month (the "Fee Filing Period") following the month for which compensation is sought (the "Compensation Period"), each Professional seeking interim compensation may file with the Court a monthly application (each a "Monthly Fee Statement") pursuant to section 331 of the Bankruptcy Code for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the Compensation Period. Each Professional shall serve the Monthly Fee Statement on: (i) the Debtors: Nortel Networks Inc., 195 The West Mall, Toronto, ON M9C 5K1 (att'n: Gordon A. Davies); (ii) counsel for the Debtors: Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006 (att'n: James L. Bromley, Esq.); (iii) counsel for the Debtors: Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899-1347 (att'n: Derek C. Abbott, Esq.); (iv) counsel to any Committee (when appointed by the United States Trustee); and (v) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (collectively, the "Notice Parties"). The Professionals are not required to serve the Monthly Fee Statement on any party other than the Notice Parties.

2663194.4

(b) All Monthly Fee Statements shall comply with the Bankruptcy Code, Bankruptcy Rule 2016 and any other applicable Bankruptcy Rules, Local Rule 2016-2 and any other applicable Local Rules and applicable Third Circuit law.

(c) Each Notice Party shall have twenty (20) days after service of a Monthly Fee Statement to review the Monthly Fee Statement and object thereto (the "Objection Deadline"). Upon the expiration of the Objection Deadline: (i) if no objections have been filed, the Professional shall file a certificate of no objection and the Debtors shall then be authorized to pay such Professional eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Statement (the "Maximum Interim Payment") or (ii) if an objection to a Monthly Fee Statement has been filed, the Professional shall be entitled to eighty percent (80%) of the fees and one hundred percent (100%) of the expenses (the "Permitted Incremental Payment") not subject to that objection pursuant to subparagraph (e) below.

(d) If any Notice Party objects to the Monthly Fee Statement of a Professional (the "Affected Professional"), it must file with the Court on or before the Objection Deadline a written statement of its objection setting forth the precise nature of the objection and the amount of objectionable fees and expenses at issue (collectively, the "Objection") and serve the Objection on the Affected Professional and each of the Notice Parties. Thereafter, the objecting Notice Party and the Affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to resolve an Objection within twenty (20) days after the service of the Objection, the Affected Professional may either: (i) file a response to the Objection with the Court together with a request for the payment of the difference, if any, between the Maximum Interim Payment and the Permitted Interim Payment made to the Affected Professional (the "Incremental Amount") or request a hearing of the Court; or (ii) forego payment of the Incremental Amount until the next interim or final Monthly Fee Statement hearing, at which time the Court will consider and dispose of the Objection if so requested by the parties.

(e) Beginning with the period ending April 30, 2009, and at three-month intervals thereafter or at such other intervals that may be convenient to the Court (each, an "Interim Fee Period"), each of the Professionals shall file with the Court and serve on the Notice Parties a request (an "Interim Fee Statement Request") for the Court's interim approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation of fees and reimbursement of expenses sought in the three Monthly Fee Statements filed during such Interim Fee Period. The Interim Fee Statement Request must include a summary of the Monthly Fee Statements that are the subject of the request plus any other information

3

    requested by the Court or required by the Local Rules. Any Professional that fails to file an Interim Fee Statement Request will be ineligible to receive further monthly payments of fees and expenses under the Compensation Procedures until such time as the Professional submits a further Interim Fee Statement Request.

  (f) The Debtors shall request that the Court schedule a hearing on the pending Interim Fee Statement Requests at least once every six months. The Debtors, however, may request a hearing be held every three months or at such other intervals as the Court deems appropriate.

  (g) The pendency of an Objection to a Monthly Fee Statement will not disqualify a Professional from the future payment of compensation of fees or reimbursement of expenses under the Compensation Procedures.

3. Neither (a) the payment of or the failure to pay, in whole or in part, monthly interim compensation of fees and reimbursement of expenses under the Compensation Procedures, nor (b) the filing of or the failure to file an Objection will bind any party in interest or bind the Court with respect to the allowance of interim or final applications for compensation of fees and reimbursement of expenses of Professionals.

4. All fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court.

5. Each Committee Member is permitted to submit statements of expenses (excluding individual Committee Member's counsel expenses) and supporting vouchers to counsel to any such Committee, which shall collect and submit the Committee Members' requests for reimbursement in accordance with the Compensation Procedures.

6. The Applications shall be sent only to the Notice Parties.

7. Any Hearing Notice shall be sent to: (a) the Notice Parties and (b) all parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these chapter 11 cases.

2663194.4

8. The Debtors shall include in their monthly operating reports all payments to the Professionals and, if applicable, the Committee Members.

9. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order;

10. The requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure are satisfied by the contents of the Motion or otherwise deemed waived;

11. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE