## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------------X
                                              :
In re                                         :        Chapter 11
                                              :
Nortel Networks Inc., et al.,¹                :        Case No. 09-10138 (KG)
                                              :
                    Debtors.                  :        Joint Administration Pending
                                              :
----------------------------------------------------X
```

## APPLICATION FOR AN ORDER AUTHORIZING EMPLOYMENT
## AND RETENTION OF CLEARY GOTTLIEB STEEN & HAMILTON LLP
## *NUNC PRO TUNC* TO THE PETITION DATE AS COUNSEL
## FOR THE DEBTORS AND DEBTORS IN POSSESSION

Nortel Networks Inc. and certain of its affiliates, as debtors and debtors in possession,

(collectively, the "Debtors"), hereby move this Court (the "Motion" or the "Application"), for

the entry of an order substantially in the form attached hereto as Exhibit B, pursuant to sections

327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and

2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1

and 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the

District of Delaware (the "Local Bankruptcy Rules"), (i) authorizing the employment and

retention of Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb" or the "Firm") as counsel

for the Debtors in the above-captioned chapter 11 cases, *nunc pro tunc* to the Petition Date

(defined herein); (ii) directing that all copies of all notices, pleadings, and other documents filed

in these cases and any and all adversary proceedings be served upon Cleary Gottlieb; and (iii)

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).

granting them such other and further relief as the Court deems just and proper.  In support of the

Application, the Debtors rely on the Declaration of John Doolittle in Support of First Day

Motions and Applications (the "First Day Declaration").  In further support of this Motion, the

Debtors respectfully represent as follows:

**Jurisdiction**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 327(a) and 330 of

the Bankruptcy Code, Rules 2014(a) and 2016 of the Bankruptcy Rules and Rules 2014-1 and

2016-1 of the Local Bankruptcy Rules.

**Background**

A.      **Introduction**

3.      On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for

relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee,

examiner or official committee of unsecured creditors has been appointed in the Debtors' cases.

5.      On the date hereof, the Debtors' ultimate corporate parent Nortel Networks

Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and

together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their

Canadian affiliates (collectively, the "Canadian Debtors")[2] will file an application with the

---

[2]      Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corp. and Nortel Networks International Corp.

Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors will continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc. as foreign representative for the Canadian Debtors, will file petitions for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. Certain of Nortel's European subsidiaries will make consequential filings for creditor protection.

6.     Simultaneously with the filing of this Motion, the Debtors have sought an order of joint administration pursuant to Rule 1015(b) of the Bankruptcy Rules that would provide for the joint administration of these cases and for consolidation for procedural purposes only.

**B.     Debtors' Corporate Structure and Business**

7.     A description of the Debtors' corporate structure and businesses and the events leading to the chapter 11 cases are set forth in the First Day Declaration.[3]

<u>**Relief Requested**</u>

8.     By the Application, the Debtors seek the entry of an order substantially in the form attached hereto as <u>Exhibit B</u>, pursuant to sections 327(a) and 330 of the Bankruptcy Code, Rules 2014(a) and 2016 of the Bankruptcy Rules and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules, (i) authorizing the Debtors to employ and retain Cleary Gottlieb as their attorneys to file and prosecute these chapter 11 cases and all related matters, effective as of the Petition Date; (ii) directing that all copies of all notices, pleadings, and other documents filed in these cases and any and all adversary proceedings be served upon Cleary Gottlieb; and (iii) granting them such other and further relief as the Court deems just and proper.

---

[3]     Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

## Basis for Relief

9.      The Debtors have determined that it will be necessary to engage counsel with knowledge and experience in the areas of bankruptcy, reorganization, litigation, securities law, employee benefits, intellectual property, mergers and acquisitions, divestitures and corporate governance.  Such legal counsel will enable the Debtors to carry out their duties in these chapter 11 proceedings and to assist in the reorganization of their estates.  The Debtors, therefore, propose to retain and employ the law firm of Cleary Gottlieb as counsel in all phases of their chapter 11 cases.

10.      Cleary Gottlieb is a law firm, which employs more than 1,000 attorneys.  The Firm maintains offices for the practice of law at One Liberty Plaza, New York, New York, as well as offices in Washington, D.C.; Brussels, Belgium; Beijing, China; London, England; Frankfurt, Germany; Cologne, Germany; Paris, France; Rome, Italy; Milan, Italy; Moscow, Russia; and Hong Kong.

11.      Cleary Gottlieb has represented Nortel, a long standing firm client for more than twenty years, regarding a number of matters, including providing general corporate advice and legal services relating to bankruptcy, reorganization, litigation, securities law, employee benefits, intellectual property, mergers and acquisitions, divestitures and corporate governance, as well as regarding the laws of certain non-U.S., non-Canadian jurisdictions. Cleary Gottlieb holds no claim against the Debtors for amounts owing in respect of the rendering of prepetition services.

12.      Over the course of its relationship with Nortel, Cleary Gottlieb has become thoroughly familiar with Nortel's businesses and affairs, as well as Nortel's capital structure. The Debtors now desire to employ and retain, pursuant to section 327(a) of the Bankruptcy Code, Cleary Gottlieb as counsel to perform the extensive legal services that will be necessary

4

during the chapter 11 cases, as more fully described below.  The Debtors have been informed that  (i) James L. Bromley of Cleary Gottlieb, a partner who will be engaged in the chapter 11 cases, is a member in good standing of, among others, the Bar of the State of New York and the United States District Court for the Southern District of New York; and (ii) Lisa M. Schweitzer of Cleary Gottlieb, a partner who will be engaged in the chapter 11 cases, is a member in good standing of, among others, the Bar of the State of New York and the United States District Court for the Southern District of New York.

13.     The Debtors have selected Cleary Gottlieb as section 327(a) counsel because of the Firm's knowledge of Nortel, including a variety of cross-border aspects of their operations, as well as the Firm's extensive experience and knowledge in the field of business reorganizations under chapter 11 of the Bankruptcy Code and other related matters.  Cleary Gottlieb also has substantial experience representing companies involved in the telecommunications industry.  The Debtors believe that the Firm is both well qualified and uniquely able to represent them as debtors in possession in these chapter 11 cases in an efficient and timely manner.  If the Debtors were required to retain counsel other than Cleary Gottlieb in connection with the prosecution of these chapter 11 cases, the Debtors, their estates and all parties in interest would be unduly prejudiced by the time and expense necessarily required by such new attorneys to familiarize themselves with the intricacies of the Debtors' businesses, operations and capital structure.

14.     The services of Cleary Gottlieb are necessary and essential to enable the Debtors to execute faithfully their duties as debtors and debtors in possession.  Subject to the control and further order of this Court, Cleary Gottlieb will be required to render various services to the Debtors, including the following professional services:

a.    providing advice to the Debtors with respect to their powers and duties as debtors in possession in the continued operation of their businesses and the management of their properties;

b.    taking necessary or appropriate action to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any actions commenced against the Debtors, conducting negotiations concerning litigation or other disputes in which the Debtors are involved, and filing and prosecuting objections to claims filed against the Debtors' estates;

c.    preparing, on behalf of the Debtors, applications, motions, answers, orders, reports, memoranda of law and other papers in connection with the administration of the Debtors' estates;

d.    representing the Debtors in negotiations with all other creditors, equity holders, and parties in interest, including governmental agencies and authorities;

e.    representing the Debtors in negotiations regarding possible dispositions of assets;

f.    providing advice to the Debtors with respect to the cross-border aspects of Nortel's bankruptcy proceedings;

g.    negotiating and preparing on behalf of the Debtors one or more plans of reorganization and all related documents; and

h.    performing other necessary or appropriate legal services in connection with these chapter 11 cases.

15.    Cleary Gottlieb has indicated a willingness to act on behalf of the Debtors to render the foregoing professional services.

16.    In addition to Cleary Gottlieb, the Debtors seek by separate application the retention of Morris, Nichols, Arsht & Tunnell LLP as their Delaware co-counsel in these chapter 11 proceedings.  Cleary Gottlieb and Morris Nichols intend to work cooperatively to provide effective and cost-efficient representation of the Debtors in their reorganization.[4]

---

[4]    Ogilvy Renault LLP, Canadian counsel to the Canadian Debtors in the Canadian Proceedings, will represent the interests of the Debtors in the Canadian Proceedings as applicable and necessary; however, such representation and compensation for such work falls within the scope of its retention in the Canadian Proceedings and therefore the Debtors do not intend to seek to separately retain Ogilvy Renault in these chapter 11 cases.

## Cleary Gottlieb's Disinterestedness

17.    To the best of the Debtors' knowledge, and except as set forth herein and as otherwise disclosed in the Declaration of James L. Bromley, executed on January 14, 2009 (the "Bromley Declaration"), annexed hereto as Exhibit A, the partners, counsel and associates of Cleary Gottlieb have not represented, and do not have any connection with, the Debtors, their creditors, equity security holders or any other parties in interest in any matters relating to the Debtors or their estates.

18.    As disclosed in the Bromley Declaration, the Firm currently represents certain of the Debtors' creditors, equity holders and other parties in interest in matters wholly unrelated to these proceedings. Cleary Gottlieb has fully informed the Debtors of its ongoing representation of such entities, and the Debtors have consented to the Firm's continued representation of these entities in matters unrelated to these proceedings. The Debtors believe that Cleary Gottlieb's current and future representation of these entities will not in any way adversely affect the Firm's representation of the Debtors.

19.    To the best of the Debtors' knowledge and as disclosed in the Bromley Declaration, Cleary Gottlieb does not hold or represent any interest adverse to the Debtors or their estates, Cleary Gottlieb is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and Cleary Gottlieb's employment and retention is necessary and in the best interests of the Debtors and their estates. Given the size of the Debtors and the extent of their creditor and interest holder constituencies, the Debtors believe that it is unlikely that any major law firm with the expertise necessary for these cases could be found that is not currently representing some of the Debtors' major creditors or interest holders in unrelated matters.

20.     As detailed above and discussed in the Bromley Declaration, prior to the commencement of these chapter 11 cases, the Firm has regularly provided representation and advice to Nortel, including the Debtors, their Canadian parents, and their affiliates, as long standing clients of the Firm.  Most recently, Cleary Gottlieb has advised the Debtors and their Canadian parents (including in part with respect to certain of their French and German affiliates) regarding various restructuring alternatives including related to their preparation for their respective insolvency proceedings and other possible strategic alternatives.  Because the Debtors' and their Canadian parents' interests are united in their integrated, co-dependent business relationship, the Debtors' ability to successfully reorganize is dependent on the reorganization of the jointly operated Nortel businesses in Canada and in the U.S. in a strategic transaction, on a stand alone basis, and/or through the sale of one or more Nortel business segments that are located in both Canada and the U.S.  Therefore, Debtors and their Canadian parents desire to have the Firm continue to provide advice to the Canadian Debtors regarding issues that affect their joint interests and their respective reorganization efforts in order to facilitate a joint and harmonious approach to the Debtors' restructuring in both jurisdictions.

21.     As a result of its longstanding relationship with Nortel, the Firm has unique knowledge of Nortel's businesses, operations and capital structure in both the U.S. and Canada. The Firm's continued representation of the Canadian Debtors will avoid the time and expense necessarily required by new attorneys to familiarize themselves with the intricacies of the Debtors' businesses, operations and capital structure, resulting in gains in efficiency and economy throughout Nortel's restructuring process.  In the event that matters should arise over the course of these chapter 11 cases to which Cleary Gottlieb may be precluded from acting by reason of an actual or potential conflict of interest, the Debtors will rely on Morris Nichols (if

retained) or will retain conflicts counsel if appropriate to handle such matters. Cleary Gottlieb will segregate any time spent providing representation and advice to the Debtors' affiliates that does not involve the Debtors, and seek compensation from the relevant Nortel affiliates for those services.

22.     While Cleary Gottlieb is not in a position to sue certain of the Debtors' creditors on behalf of the Debtors because of its present representation of these creditors or parties in interest in unrelated matters, in the event that an adversary proceeding is required to be commenced as to any such persons, the Debtors will retain co-counsel or special counsel to handle such matters.

23.     Cleary Gottlieb will periodically review its files during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Cleary Gottlieb will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration if needed, as required by Bankruptcy Rule 2014(a).

### Professional Compensation

24.    The Debtors understand that Cleary Gottlieb intends to apply to the Court for

allowance of compensation and reimbursement of expenses in accordance with applicable

provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and orders of the

Court.  Subject to such provisions and Court orders, compensation will be payable to Cleary

Gottlieb on an hourly basis at its customary hourly rates for bankruptcy services rendered as in

effect from time to time, plus reimbursement of actual, necessary expenses incurred by the Firm.

Cleary Gottlieb's hourly rates for New York office timekeepers applicable in these chapter 11

proceedings, subject to periodic adjustments to reflect economic and other conditions, are:

| | |
|---|---|
| Partners | $725 – 980 |
| Counsel | $645 – 800 |
| Senior Attorney | $630 – 740 |
| Associates | $375 – 670 |
| International Lawyers | $325 |
| Law Clerks | $325 |
| Summer Associates | $320 |
| Paralegals | $230 – 320 |

The Firm's standard hourly rates are set at a level designed to compensate fairly the Firm for the

work of its attorneys and paralegals and to cover fixed and routine overhead expenses.[5]

25.    In connection with the reimbursement of actual, necessary expenses, the Debtors

have been informed that it is the Firm's policy to charge its clients in all areas of practice for

expenses and charges incurred in connection with the clients' cases.  The expenses generally

charged to Cleary Gottlieb's clients include, among other things, photocopying charges, long

distance telephone calls, facsimile transmissions, messengers, courier mail, computer and

electronic research time, word processing, secretarial and temporary employees, overtime meals,

---

[5]       While it is not anticipated that timekeepers from Cleary Gottlieb offices other than New York will be
involved to a significant extent in these chapter 11 cases, any such timekeepers will be charged at hourly rates then
in effect in such offices.

overtime and late night transportation, travel, lodging, food charges for business meetings, postage, printing, transcripts, filing fees and document retrieval. The Debtors have been informed that the Firm believes it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all its clients. The Debtors have been assured that Cleary Gottlieb will charge the Debtors for these expenses in a manner and at rates consistent with charges generally made to the Firm's other clients.

26.     Cleary Gottlieb received a cash retainer in the amount of $1.25 million (as set forth in the Bromley Declaration) from NNI as a retainer in connection with the potential restructuring of Nortel's capital structure and financial obligations, possible mergers and acquisitions and divestitures, and the commencement and prosecution of these chapter 11 cases and for the reimbursement of reasonable and necessary expenses incurred in connection therewith. Cleary Gottlieb has applied a portion of this retainer amounting to $518,809.07 to fees and expenses incurred prior to the Petition Date. After application of amounts from the retainer for payment of any additional prepetition professional services and related expenses, any excess amounts will be applied to such postpetition allowances of compensation and reimbursement of expenses that are allowed by the Court.

27.     Cleary Gottlieb has received compensation from the Debtors for its prepetition services, including compensation paid during the 90 days before the Petition Date. The Debtors submit that such payments are not recoverable preferences and that the receipt of such payments does not constitute an interest adverse to the Debtors.

28.     No promises have been received by either the Firm or any member, counsel, senior attorney, associate or other employee thereof as to compensation or payment in connection with these cases other than in accordance with the provisions of the Bankruptcy

Code, the Bankruptcy Rules and the Local Rules and orders of this court. Cleary Gottlieb has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these chapter 11 cases.

### Notice

29.     Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) Office of the United States Trustee for the District of Delaware; (ii) the trustee under that certain indenture dated as of July 5, 2006, as supplemented, with respect to the Floating Rate Senior Notes due 2011, the 10.125% Senior Notes due 2013, and the 10.75% Senior Notes due 2016; (iii) the trustee under that certain indenture dated as of February 15, 1996, with respect to the 7.875% Senior Notes due 2026; (iv) the trustee under that certain indenture dated as of March 28, 2007, with respect to the 1.75% Convertible Senior Notes due 2012 and the 2.125% Convertible Senior Notes due 2014; (v) holders of the fourty (40) largest unsecured claims on a consolidated basis against the Debtors; (vi) the Securities and Exchange Commission; (vii) the Internal Revenue Service; and (viii) the United States Department of Justice. The Debtors submit that no other notice need be given.

### No Prior Request

30.     No prior request for the relief sought herein has been made to this or any other court.

12

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Application and the relief requested herein; (ii) enter the proposed Order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:  Toronto, Ontario, Canada
        January 14, 2009

By: John Doolittle
Title: Vice President, Nortel Networks Inc.

*For the Debtors and Debtors in Possession*