# EXHIBIT B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
:
: Chapter 11
*In re* :
: Case No. Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Joint Administration Pending
           Debtors. :
: **RE: D.I.** _____
:
------------------------------------------------------X

## ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF CLEARY GOTTLIEB STEEN & HAMILTON LLP FOR DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

Upon the motion dated January 14, 2009 (the "Application" or "Motion")[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Application, (i) authorizing them to employ and retain, pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the law firm of Cleary Gottlieb Steen & Hamilton LLP ("Cleary

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

Gottlieb") as their counsel; (ii) directing that copies of all notices, pleadings, and other documents filed in these cases and any and all adversary proceedings be served upon Cleary Gottlieb; and (iii) and granting them such other and further relief as the Court deems just and proper; and upon consideration of the Declaration of John Doolittle in Support of First Day Motions and Applications, filed concurrently with the Application; and upon consideration of the Declaration of James L. Bromley in Support of the Application, attached thereto as Exhibit A; and adequate notice of the Application having been given as set forth in the Application; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Application and Declaration establish just cause for the relief requested in the Application, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED *nunc pro tunc* to the Petition Date.

2. The Debtors are hereby authorized to employ and retain the firm of Cleary Gottlieb as counsel in these chapter 11 cases on the terms and conditions set forth in the Application and the Bromley Declaration, effective as of the Petition Date.

3. Cleary Gottlieb is authorized to perform any and all legal services for the Debtors that are necessary or appropriate in connection with the legal services described in the Application.

4.  Copies of all notices, pleadings, and other documents filed in these cases and any and all adversary proceedings shall be served upon the Debtors by serving Cleary Gottlieb Steen & Hamilton LLP, in care of James L. Bromley, Esq., One Liberty Plaza, New York, New York 10006.

5.  Cleary Gottlieb shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, guidelines established by the Office of the United States Trustee for the District of Delaware and any other applicable procedures and orders of the Court.

6.  Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7.  The Court shall retain jurisdiction to hear and determine all matters rising from the implementation of this Order.

Dated: _____, 2009
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE