## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------X
:
                                    :     Chapter 11

*In re*                           :     Case No. 09- 10138 (KG)

Nortel Networks Inc., *et al.*,[1]     :

                               :     Joint Administration Pending

               Debtors.    :

                               :     **RE: D.I. 5**
:
-------------------------------------------------------X

## ORDER PURSUANT TO 11 U.S.C. § 341 AND 28 U.S.C. § 156(c) AUTHORIZING THE DEBTORS TO (I) FILE (A) CONSOLIDATED LIST OF CREDITORS AND (B) CONSOLIDATED LIST OF DEBTORS' TOP FORTY (40) CREDITORS, AND (II) PROVIDE NOTICES, INCLUDING NOTICES OF COMMENCEMENT OF CASES AND SECTION 341 MEETING

Upon the motion dated January 14, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its

affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the

"Debtors"), for entry of an order, as more fully described in the Motion, pursuant to section 341

of the Bankruptcy Code and section 156(c) of title 28 of the United States Code authorizing the

Debtors to (i) file (a) a consolidated list of creditors and (b) a consolidated list of the Debtors'

forty (40) largest unsecured creditors; and (ii) complete all mailings of notices, including notices

of the commencement of these cases and of the meeting of creditors pursuant to section 341 of

the Bankruptcy Code; and upon consideration of the Declaration of John Doolittle in Support of

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation ("NNCC") (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

First Day Motions and Applications (the "First Day Declaration"), filed concurrently with the

Motion; and adequate notice of the Motion having been given as set forth in the Motion; and it

appearing that no other or further notice is necessary; and the Court having jurisdiction to

consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and

the Court having determined that consideration of the Motion is a core proceeding pursuant to 28

U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in

the Motion and the First Day Declaration establish just cause for the relief requested in the

Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and

the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED.

2.    The Debtors are authorized to file a consolidated list of creditors.

3.    The Debtors are authorized to file a Consolidated Top 40 List.

4.    The Debtors are authorized to file one declaration under Bankruptcy Rule 1008 in

connection with the consolidated list of creditors and the Consolidated Top 40 List.

5.    Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to

the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its

entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or

realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and

without further delay, take any action and perform any act authorized under this Order;

6.    The requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy

Procedure are satisfied by the contents of the Motion or otherwise deemed waived;

2

7.    The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

Dated: **January 15** 2009
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3

2666942.1