## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------X
                                              :
                                              :     Chapter 11
                                              :
In re                                         :
                                              :     Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,¹               :
                                              :     Joint Administration Pending
                          Debtors.            :
                                              :
                                              :     RE: D.I. 8
                                              :
------------------------------------------------------X
```

### INTERIM ORDER (I) RESTRAINING UTILITY COMPANIES FROM DISCONTINUING, ALTERING OR REFUSING SERVICE, (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT

Upon the motion dated January 14, 2009 (the "Motion")² of Nortel Networks Inc.

and certain of its affiliated debtors, as debtors and debtors in possession in the above-captioned

cases (collectively the "Debtors"), for entry of an interim and final order pursuant to section 366

of the Bankruptcy Code (i) prohibiting Utility Companies from altering, refusing or

discontinuing services to the Debtors on the basis of the commencement of these cases or on

account of any unpaid invoice for service provided prior to the Petition Date; (ii) deeming

Utility Companies adequately assured of future performance upon receipt of the Adequate

Assurance Deposit; and (iii) establishing procedures for determining requests for additional

---

¹       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).

²       Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

adequate assurance, each as more fully described in the Motion; and upon consideration of the

Declaration of John Doolittle in Support of First Day Motions and Applications, filed

concurrently with the Motion; and adequate notice of the Motion having been given as set forth

in the Motion; and it appearing that no other or further notice is necessary; and the Court having

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157

and 1334; and the Court having determined that consideration of the motion is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual

bases set forth in the Motion and Declaration establish just cause for the relief requested in the

Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and

the parties in interest; and upon the record in this proceeding; and after due deliberation,

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED on an interim basis.

2.    The Debtors shall pay on a timely basis in accordance with their
prepetition practices all undisputed invoices in respect of postpetition utility services rendered by
the Utility Companies to the Debtors.

3.    Any undisputed charge for utility services furnished by any Utility
Company to the Debtors postpetition shall constitute an administrative expense of the Debtors'
chapter 11 cases in accordance with sections 503(b) and 507(a)(1) of the Bankruptcy Code.

4.    Nothing in this Order or the Motion shall be deemed to constitute
postpetition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy
Code.

5.    Each of the Utility Companies is forbidden to (i) alter, refuse or
discontinue service to the Debtors, solely on the basis of the commencement of these cases or on

2

2665155.3

account of any unpaid invoice for service provided prior to the Petition Date, or (ii) require the payment of a deposit or other security in connection with the Utility Company's continued provision of utility services, including, but not limited to, the furnishing of gas, heat, electricity, water, telephone, telecommunication or any other utility of like kind, to the Debtors.

6.     Johnson Controls Inc. and National Information Solutions Cooperative shall continue to manage the pass-through payment of the Debtors' electric, gas, water and sewage utility invoices, and are directed to make such payments to the respective Utility Companies, and are prohibited from holding, using or setting off such payments for their own benefit or the benefit of the Utility Companies. Similarly, JCI and NISC are directed to continue to manage the pass-through payment of the Debtors' rent payments and are directed to make such payments to the respective landlords and are prohibited from holding, using or setting off such payments for their own benefit or the benefit of the Debtors' landlords.

7.     The Debtors are authorized, in their sole discretion, to make payments directly to Utility Companies and their landlords, should they choose to do so.

8.     The Debtors shall, within twenty (20) business days of the Petition Date, place a deposit (the "Adequate Assurance Deposit") equal to the aggregate approximate cost of two (2) weeks of utility services, calculated as a historical average over the past twelve (12) months, into an interest-bearing, newly created segregated account ("Utility Deposit Account"), except to the extent that (i) a Utility Company agrees to a lesser amount, (ii) a Utility Company does not already hold a deposit equal to or greater than two (2) weeks of utility services, and (iii) a Utility Company is not currently paid in advance for its services.

9.     The Adequate Assurance Deposit shall be maintained with a minimum balance equal to the aggregate approximate cost of two (2) weeks of utility services, which may

3

be adjusted by the Debtors to account for the termination of utility services by the Debtors or other arrangements with respect to adequate assurance of payment reached with a Utility Company (including as enumerated above).

10.     To the extent the Debtors become delinquent with respect to a Utility Company's account, such Utility Company may file a notice of delinquency (the "Delinquency Notice") with the Court and serve such notice on (i) Nortel Networks Inc., Attn: Lynn C. Egan, Esq., 220 Athens Way, Suite 300, Nashville, TN 37228; (ii) Cleary Gottlieb Steen & Hamilton LLP, Attn: James L. Bromley, Esq., One Liberty Plaza, New York, New York 10006; (iii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE   19899-1347, Attn: Derek C. Abbott, Esq.; (iv) counsel to the official committee of unsecured creditors, when appointed, and (v) the United States Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801. Such Delinquency Notice should (i) be made in writing; (ii) set forth the amount the delinquency; (iii) set forth the location for which utility services are provided; and (iv) provide the Debtors' account number with the Utility Company.

11.     If the Debtors have not cured an alleged delinquency and no Party in Interest has objected to the Delinquency Notice within ten (10) days of the receipt of the Delinquency Notice, then the Debtors shall remit (in the form of a check or wire transfer) to such Utility Company from the Adequate Assurance Deposit the lesser of (i) the amount allocated to the Adequate Assurance Deposit for such Utility Company's account and (ii) the amount of postpetition charges claimed as delinquent in the Delinquency Notice.

12.     If a Party in Interest has objected to the Delinquency Notice, then the Court shall hold a hearing to resolve the dispute and determine whether a payment should be

4

remitted from the Adequate Assurance Deposit and, if such payment is warranted, how much shall be remitted.

13.     Any Utility Company desiring additional assurance of future payment in the form of deposits, prepayments or otherwise must serve an Additional Assurance Request upon the Debtors, so that it is received on or before 10 business days after the Petition Date, at the following addresses:  (a) Nortel Networks Inc., Attn: Lynn C. Egan, Esq., 220 Athens Way, Suite 300, Nashville, TN 37228; (b) Cleary Gottlieb Steen & Hamilton LLP, Attn.:  James L. Bromley, Esq., One Liberty Plaza, New York, New York 10006; and (c) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE  19899-1347, Attn: Derek C. Abbott, Esq.

14.     Any Additional Assurance Request must be (i) made in writing; (ii) set forth the amount and form of additional assurance of payment requested; (iii) set forth the location for which utility services are provided; (iv) include a summary of the Debtors' payment history relevant to such Utility Company, including any security deposits and whether the Debtors are paying for utility service in advance; and (v) set forth why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

15.     All Utility Companies that do not timely file a request for an Additional Assurance Request are deemed to have waived such Additional Assurance Request and are deemed to be adequately assured of future payment under the terms of the Proposed Adequate Assurance, as required by section 366 of the Bankruptcy Code; provided, however, that in the event of a post-petition default or extraordinary change in utility usage from a particular utility company the applicable Utility Company may seek relief under section 366(c)(3)(A).

5

16.    Upon the Debtors' receipt of any Additional Assurance Request at the addresses set forth above, the Debtors shall have the longer of (a) 10 business days from the receipt of such Additional Assurance Request or (b) 25 days from the Petition Date (collectively, the "Resolution Period") to reach a consensual agreement with such Utility Company to resolve such Utility's request for additional assurance of future payment.

17.    The Debtors may, in their discretion, resolve any Additional Assurance Request by mutual agreement with the Utility and without further order of the Court, and may, in connection with any such agreement, in their discretion, provide a Utility with additional adequate assurance of future payment, including but not limited to cash deposits, prepayments and/or other forms of security, without further order of this Court, if the Debtors believe such additional assurance is reasonable.

18.    If the Debtors determine that the Additional Assurance Request is not reasonable and are not able to reach a consensual resolution with the Utility during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will request a Determination Hearing before this Court to determine the adequacy of assurance of future payment with respect to a particular Utility Company, pursuant to section 366(c)(3) of the Bankruptcy Code.

19.    Pending resolution of the Additional Assurance Request under the procedures described above, and the determination by the Court of the request for relief heard at the Determination Hearing, the Utility Company at issue shall be prohibited from discontinuing, altering or refusing service to the Debtors, including on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

6

2665155.3

20.     Any Utility that objects to the Adequate Assurance Procedures must file a Procedures Objection with this Court and serve it so that it is actually received within twenty days of the entry of this Interim Order by the Debtors at the following addresses: (a) Nortel Networks Inc., Attn: Lynn C. Egan, Esq., 220 Athens Way, Suite 300, Nashville, TN 37228; (b) Cleary Gottlieb Steen & Hamilton LLP, Attn.: James L. Bromley, Esq., One Liberty Plaza, New York, New York 10006; and (c) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899-1347, Attn: Derek C. Abbott, Esq.

21.     Any Procedures Objection must (i) be in writing; (ii) set forth the amount and form of additional assurance of payment requested; (iii) set forth the location for which utility services are provided; (iv) include a summary of the Debtors' payment history to such Utility Company, including any security deposits and whether the Debtors are paying for utility service in advance; (v) set forth why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of payment, and (vi) set forth why the Utility Company believes it should be exempted from the Adequate Assurance Procedures.

22.     The Debtors may, in their discretion, resolve any Procedures Objection by mutual agreement with the Utility and without further order of the Court, and may, in connection with any such agreement, in their discretion, provide a Utility Company with additional adequate assurance of future payment, including but not limited to cash deposits, prepayments and/or other forms of security, without further order of this Court, if the Debtors believe such additional assurance is reasonable.

23.     If the Debtors determine that the Procedures Objection is not reasonable and are not able to reach a prompt consensual resolution with the Utility Company, the Procedures Objection will be heard at the Final Hearing.

7

24.     Any Utility Company that does not timely file a Procedures Objection is deemed to consent to the Adequate Assurance Procedures and shall be bound by the Adequate Assurance Procedures, and the sole recourse of any Utility Company that does not timely file a Procedures Objection shall be to submit an Additional Assurance Request pursuant to the Adequate Assurance Procedures, and any such Utility shall be prohibited from discontinuing, altering or refusing service to the Debtors, including on account of unpaid charges for prepetition services, pending any Determination Hearing that may be conducted pursuant to the Adequate Assurance Procedures, and pending the determination by the Court of the request for relief heard at such Hearing.

25.     In order to resolve any Procedures Objections within thirty days following the Petition Date, the Final Hearing is set for _February 5_, 2009. _at 10:00 A.M._

26.     Service of this Order shall be made on the Utility Companies at the addresses listed on Exhibit A to the Motion by first-class mail no later than three business days after the entry of this Order.

27.     Any Utility Company not listed on Exhibit A to the Motion but subsequently identified shall be served with notice and a copy of this Order by first-class mail.

28.     Contemporaneously with the service of the notice and Order as described in the preceding paragraph, the Debtors are hereby authorized to file with the Court a supplement to Exhibit A to the Motion adding the name of the Utility Company so served.

29.     Within twenty (20) business days of discovering such subsequently identified Utility Company, the Debtors shall place an Adequate Assurance Deposit for such Utility into the Utility Deposit Account, except to the extent that (i) such Utility Company agrees to a lesser amount, (ii) such Utility Company does not already hold a deposit equal to or greater

8

than two (2) weeks of utility services, and (iii) such Utility Company is not currently paid in advance for its services.

30.     The procedures described above for the filing and resolution of a Delinquency Notice shall also apply to any Utility Company not listed on Exhibit A to the Motion but subsequently identified.

31.     Any Utility Company not listed on Exhibit A to the Motion but subsequently identified shall be afforded 10 days from the date of service to make an Additional Assurance Request, if any, from the Debtors.

32.     The Debtors shall have 10 business days from receipt from such subsequently identified Utility Company of an Additional Assurance Request to reach consensual agreement with such Utility Company to resolve such Utility's Additional Assurance Request, as applicable.

33.     If the Debtors determine that the Additional Assurance Request of such subsequently identified Utility Company is not reasonable and the Debtors are not able to reach a consensual resolution with such subsequently identified Utility Company, the Debtors, immediately following the 10 business-day period referred to in the preceding paragraph, shall request a Determination Hearing.

34.     Pending resolution of the Additional Assurance Request under the procedures described above, and the determination by the Court of the request for relief heard at the Determination Hearing, such subsequently identified Utility Company shall be prohibited from discontinuing, altering or refusing service to the Debtors, including on account of unpaid charges for prepetition services.

9

35.     With respect to any entity, its inclusion or exclusion from Exhibit A to the Motion or any subsequently filed supplement to such Exhibit A to the Motion shall be without prejudice to the right of the Debtors to assert that such entity is or is not a utility company or a provider of utility services for purposes of section 366 of the Bankruptcy Code and this Order.

36.     Solely with respect to Verizon Communications Inc. and Cellco Partnership d/b/a Verizon Wireless and their affiliates ("Verizon"), the relief sought in the motion shall be addressed at the Final Hearing and prior to the Final Hearing the Debtors are authorized to resolve any Adequate Assurance Request with Verizon in accordance with the procedures set forth herein.

37.     Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry; (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

38.     The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: January 15, 2009
       Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

2665155.3