IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re*                                                      :    Chapter 11
:
:    Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                           :
:    Joint Administration Pending
            Debtors.                                         :
:
:    RE: D.I. 11
:
------------------------------------------------------------X

### ORDER PURSUANT TO SECTIONS 105(a), 363(b), 507(a)(8), AND 541 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO REMIT AND PAY CERTAIN TAXES AND FEES

Upon the motion dated January 14, 2009 (the "Motion")[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), for the entry of an order, pursuant to sections 105(a), 363(b), 507(a)(8), and 541 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6003(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing, but not directing, the Debtors to remit and pay certain sales, use, income/franchise, real and personal property, business and occupation taxes, and other similar taxes as the Debtors deem necessary, as well as fees for licenses, and other similar charges and assessments; (ii) authorizing and directing banks and other financial institutions to receive, process, honor and pay checks presented for payment and electronic payment requests relating to the foregoing; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

(iii) granting them such other and further relief as the Court deems just and proper; and upon consideration of the Declaration of John Doolittle in Support of First Day Motions and Applications, filed concurrently with the Motion; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion and the Declaration establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized, but not directed, to remit and pay all undisputed prepetition Taxes and Fees consistent with their customary practices in the ordinary course of business, including:

   a. Sales and use taxes in an amount not to exceed $6.6 million;

   b. Real property taxes in an amount not to exceed $3 million; and

   c. Personal property taxes in an amount not to exceed $1 million.

3. The Debtors' banks and other financial institutions are authorized and directed to receive, process, honor and pay checks presented for payment and electronic payment requests relating to the Taxes and Fees.

4. Nothing in the Motion or this Order, nor the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (i) an admission as to the validity of any Taxes or

Fees allegedly owing to the various Authorities; (ii) a waiver of the Debtors' rights to dispute any such claim on any grounds; (iii) a promise to pay such a claim; or (iv) an implication or admission that any particular claim would constitute a Taxes or Fees claim.

5. The entry of this Order is necessary to avoid immediate and irreparable harm and to the extent the relief granted herein implicates the use of property of the estates and section 363 of the Bankruptcy Code, the requirements under Bankruptcy Rule 6003(b) have been satisfied.

6. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry; (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: January 15, 2009
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE