IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X
:
:                                         Chapter 11
*In re*                                   :
:                                         Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]        :
:                                         Joint Administration Pending
             Debtors.                     :
:
:                                         **RE: D.I. 15**
-----------------------------------------------------------X

## ORDER AUTHORIZING DEBTORS TO (A) PAY PREPETITION PREMIUMS NECESSARY TO MAINTAIN INSURANCE COVERAGE AND (B) ENTER INTO NEW INSURANCE POLICIES

Upon the motion dated, January 14, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for the entry of an order (the "Order") (a) authorizing the Debtors to continue the Insurance Policies uninterrupted and pay any prepetition amounts related to the Insurance Policies to the extent that the Debtors determine, in their discretion, that such payment is necessary or appropriate; (b) authorizing the Debtors to enter into new insurance policies through renewal of the Insurance Policies or purchase of new policies in the ordinary course of their businesses; and (c) granting such other and further relief as is just and proper; and upon consideration of the Declaration of John Doolittle in Support of First Day Motions and Applications, filed concurrently with the Motion; and adequate notice of the Motion having been

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion and the Declaration establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in this proceeding; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized, but not directed, to maintain the Insurance Policies without interruption, on the same basis, and in accordance with the same practices and procedures as were in effect prior to the Petition Date.

3. The Debtors are authorized, but not directed, to obtain new insurance policies as needed in the ordinary course of business, including, without limitation, those described in the Motion.

4. The Debtors are authorized, but not directed, to pay any and all prepetition Insurance Obligations and Broker Fees.

5. Without limiting the foregoing, the Debtors are authorized, but not directed, to make any payment under or in respect of the Insurance Policies to the extent the Debtors determine in their discretion that such payment is necessary to avoid cancellation, default, alteration, assignment, attachment, lapse, or any form of impairment to the coverage, benefits or proceeds provided under any of the Insurance Policies.

2667075.1

6.  Nothing in this Order or the Motion shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount of or basis for any claims against the Debtors in connection with or relating to the Insurance Policies.

7.  To the extent any Insurance Policy or related agreement is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Order nor any payments made in accordance with this Order shall constitute postpetition assumption of those Insurance Policies or related agreements under section 365 of the Bankruptcy Code.

8.  The Debtors' banks and financial institutions are authorized and directed, when requested by the Debtors in the Debtors' sole discretion, to honor and pay checks or requests for funds transfers arising out of the Debtors' Insurance Obligations, provided that funds are available in the Debtors' accounts to cover such checks and funds transfers, and are authorized to rely on the Debtors' designation of any particular check or funds transfer as approved by this Order.

9.  Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry; (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

10.  The requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure are satisfied by the contents of the Motion or otherwise deemed waived.

2667075.1

11. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: January 15, 2009
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

2667075.1