IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
Debtors. : Joint Administration Pending
:
: RE: D.I. 10
:
------------------------------------------------------------X

## ORDER AUTHORIZING, BUT NOT DIRECTING, DEBTORS TO PAY CERTAIN PREPETITION (I) WAGES, SALARIES AND OTHER COMPENSATION, (II) REIMBURSABLE EXPENSES, AND (III) MEDICAL, RETIREMENT AND SIMILAR BENEFITS

Upon the motion dated January 14, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors") for the entry of an order (the "Order") authorizing, but not directing, the Debtors to (a) pay prepetition claims and obligations related to certain employee Wages and Benefits; (b) reimburse Employees for unpaid expenses incurred prepetition; and (c) continue their Wage and Benefit plans for Employees or to change their plans or policies regarding wages, salaries, benefits, and/or reimbursable expenses in the ordinary course of business without obtaining further approval of the Court; and upon consideration of the Declaration of John Doolittle in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Support of First Day Motions and Applications, filed concurrently with the Motion; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation

IT IS HEREBY ORDERED THAT:

1.  The Motion is GRANTED.

2.  The Debtors are authorized, but not directed, to honor and pay any outstanding prepetition wages and salaries in an amount not to exceed $27 million and to continue, during the course of these cases, to pay wages and salaries to the Employees in accordance with the Debtors' stated policies and prepetition practices; provided, however, that to the extent that any such prepetition wages and salaries owing to any individual Employee exceeds $10,950, the Debtors shall seek further approval of the Court to honor and pay any amount with respect to such wages and salaries in excess of $10,950 to such Employee.

3.  The Debtors are authorized, but not directed, to honor and pay any outstanding prepetition Premium Pay in an amount not to exceed $1.5 million and to continue, during the course of these cases, to pay Premium Pay to the Employees in accordance with the Debtors' stated policies and prepetition practices.

4. The Debtors are authorized, but not directed, to honor and pay any outstanding prepetition payments under the Sales Incentive Plan in an amount not to exceed $15 million and to continue, during the course of these cases, to make payments under the Sales Incentive Plan to the U.S. Sales Employees in accordance with the Debtors' stated policies and prepetition practices.

5. The Debtors are authorized, but not directed, to continue to honor and process the prepetition obligations with respect to Deductions and Payroll Taxes on a postpetition basis in accordance with the Debtors' prepetition policies and practices.

6. The Debtors are authorized, but not directed, to pay any outstanding prepetition Expat Costs in an amount not to exceed $200,000 and to continue, during the course of these cases, to pay the Expat Costs in accordance with the Debtors' prepetition policies and practices.

7. The Debtors are authorized, but not directed, to continue to pay any outstanding prepetition Reimbursable Expenses in an amount not to exceed $7 million and to continue, during the course of these cases, to pay the Reimbursable Expenses in accordance with the Debtors' prepetition policies and practices.

8. The Debtors are authorized, but not directed, to continue to pay, honor and process prepetition obligations with respect to the Employee Benefits, including any outstanding prepetition 401(k) Plan contributions in an amount not to exceed $700,000, and to continue, during the course of these cases, to honor and make any necessary contributions with respect to the Employee Benefits in accordance with the Debtors' stated policies and prepetition practices.

9. In accordance with this Order and any other order of this Court, the Debtors are authorized, but not directed, to pay all processing fees associated with, and all costs incident to, payment of the Wages and Benefits and the Reimbursable Expenses.

10. The Debtors are authorized to reissue any check or electronic payment that originally was given in payment of any prepetition amount authorized to be paid under this Order and is not cleared by the applicable bank or other financial institution; and it is further

11. The Debtors' banks and financial institutions are authorized and directed, when requested by the Debtors in the Debtors' sole discretion, to honor and pay checks or requests for funds transfers arising out of the prepetition claims and obligations related to the employee Wages and Benefits, provided that funds are available in the Debtors' accounts to cover such checks and funds transfers; and are authorized to rely on the Debtors' designation of any particular check or funds transfer as approved by this Order.

12. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (a) the terms of this Order shall be immediately effective and enforceable upon its entry; (b) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (c) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

13. The requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure are satisfied by the contents of the Motion or otherwise deemed waived.

14. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: January 15, 2009
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE