IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
: Chapter 11
In re :
: Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1] :
: Jointly Administered
Debtors. :
:
: RE: D.I. _____
:
------------------------------------------------------------X

**ORDER UNDER 11 U.S.C. §§ 105(a) AND 363(b) OF THE BANKRUPTCY CODE
AUTHORIZING PAYMENT OF
PREPETITION OBLIGATIONS TO FOREIGN VENDORS**

Upon the motion dated January 15, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code: (a) authorizing the Debtors, in their sole discretion, to honor and pay prepetition Foreign Vendor Claims; and (b) granting related relief; and upon consideration of the Declaration of John Doolittle in Support of First Day Motions and Applications, filed concurrently with the Motion; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized to honor and pay, in their sole discretion, prepetition Foreign Vendor Claims in an amount not to exceed $3 million.

3. The Debtors' banks and financial institutions are authorized and directed, when requested by the Debtors in the Debtors' sole discretion, to honor and pay checks or requests for funds transfers arising out of the Debtors' Foreign Vendor Claims, provided that funds are available in the Debtors' accounts to cover such checks and funds transfers, and are authorized to rely on the Debtors' designation of any particular check or funds transfer as approved by this Order.

4. Nothing in the Motion or this Order, nor the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim would constitute a Foreign Vendor Claim; or (e) a request to assume any executory contract or unexpired lease, pursuant to section 365 of the Bankruptcy Code.

5. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (a) the terms of this Order shall be immediately effective and enforceable upon its entry; (b) the Debtors are not subject to any stay in the implementation, enforcement or

realization of the relief granted in this Order, and (c) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

6. The requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure are satisfied by the contents of the Motion or otherwise deemed waived.

7. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2009
       Wilmington, Delaware

                                                   UNITED STATES BANKRUPTCY JUDGE