# EXHIBIT B

# MORRIS, NICHOLS, ARSHT & TUNNELL LLP
# RULE 2016 STATEMENT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
                                              :
*In re*                                       :    Chapter 11
                                              :
Nortel Networks Inc., *et al.*,[1]            :    Case No. 09-10138 (KG)
                                              :
                    Debtors.                  :    Jointly Administered
                                              :
---------------------------------------------------------------X

**STATEMENT OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP PURSUANT TO
11 U.S.C. § 329, FED. R. BANKR. 2016 AND BANKR. D. DEL. L.R. 2016-1**

Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols"), pursuant to section 329 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), respectfully states as follows (the "Statement"):

1. Morris Nichols is the proposed Delaware and general bankruptcy counsel for Nortel Networks Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases").[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

2.  This Statement is made and submitted in connection with the Debtors' Application For Entry Of An Order Pursuant To 11 U.S.C. §§ 327(a) And 1107(b), Fed. R. Bankr. P. 2014 And 2016, And Del. Bankr. L.R. 2014-1 And 2016-1 Authoring Retention And Employment Of Morris, Nichols, Arsht & Tunnell LLP As Delaware And General Bankruptcy Counsel For The Debtors, *Nunc Pro Tunc* To The Petition Date (the "Application").

3.  Compensation agreed to be paid by the Debtors to Morris Nichols is to be for legal services rendered in connection with these Chapter 11 Cases. The Debtors have agreed to pay Morris Nichols for the legal services rendered or to be rendered on the Debtors' behalf by Morris Nichols' various attorneys and paralegals, which include those services set forth in the Application. The Debtors also have agreed to reimburse Morris Nichols for its actual and necessary expenses incurred in connection with these Chapter 11 Cases.

4.  Morris Nichols was retained by the Debtors pursuant to an engagement letter executed by the Debtors on January 5, 2009 (the "Engagement Agreement"). On January 7, 2009, Morris Nichols received two (2) payments in the amount of $250,000 and $50,000, respectively, as an advance fee for services to be rendered and expenses to be incurred in connection with Morris Nichols' representation of the Debtors (the "Initial Advance").

5.  Based on actual and estimated fees and expenses incurred through the Petition Date, Morris Nichols has performed a preliminary reconciliation of prepetition fees and expenses and drawn down $53,052.20 from the Initial Advance, leaving a balance of $246,947.80 as an advance for services to be rendered and expenses to be incurred in connection with its representation of the Debtors (the "Current Advance").

6.  As promptly as practicable after all fees and charges accrued prior to the Petition Date have been finally posted (the "Final Billed Amount"), Morris Nichols will issue a

final billing statement (the "Final Billing Statement") for the actual fees, charges, and disbursements for the period prior to the Petition Date. The Final Billed Amount (net of payments received) shall be paid from the Current Advance and the balance will be held as a postpetition advance payment to be applied against any unpaid fees and expenses approved by the Court with respect to Morris Nichols' final fee application in these Chapter 11 Cases.

7. Morris Nichols will seek approval of payment of compensation upon its filing of applications for allowance of interim or final compensation pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders of this Court.

8. The entire filing fee in these Chapter 11 Cases has been paid.

9. Morris Nichols further states that it has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel and associates of Morris Nichols, or (b) any compensation another person or party has received or may receive.

Dated: January 19, 2009
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Thomas F. Driscoll III (No. 4703)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Proposed Counsel for the Debtors
and Debtors in Possession*