**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.* : Case No. 09- 10138 (KG)
:
Debtors. : Jointly Administered
:
------------------------------------------------------------ X    **RE: D.I. _____**

## ORDER

Upon the motion dated, January 20, 2009 (the "Motion"),[1] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 363(c), 503(b) and 105(a) of the Bankruptcy Code (i) granting administrative expense priority status under section 503(b) of the Bankruptcy Code to those undisputed obligations of the Debtors arising from goods, supplies, materials and/or services ordered pursuant to pre-petition purchase or service orders with various Vendors to the extent such goods, supplies, materials and/or services are received and actually accepted by the Debtors subsequent to the Petition Date, including without limitation, where partial payment for or performance of such obligations occurred during the pre-petition period; (ii) authorizing, but not directing, the Debtors to satisfy such obligations to Vendors in the ordinary course of business pursuant to section 363(c) of the Bankruptcy Code; and (iii) granting them such other and further relief as the Court deems just and proper; and upon consideration of the Declaration of John Doolittle in Support of First Day Motions and Applications, as well as the Declaration of Joseph Flanagan, dated as of January 19,

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

2009; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. That those undisputed obligations of the Debtors arising from goods, supplies, materials and services ordered pursuant to pre-petition purchase and/or service orders with various Vendors, to the extent such goods, supplies, materials and/or services are received and actually accepted by the Debtors subsequent to the Petition Date, including without limitation, where partial payment for or performance of such obligations occurred during the pre-petition period, are granted administrative expense priority status pursuant to section 503 of the Bankruptcy Code;

3. That the Debtors are authorized, but not directed, to satisfy any such obligations to Vendors in the ordinary course of business;

4. That nothing in this Order shall be deemed either a grant of administrative expense priority status to, or authority to pay, any amounts that are disputed by the Debtors or are in respect of supplies, materials and/or services that are not received and accepted by the Debtors subsequent to the commencement of their chapter 11 cases;

5.  That nothing contained in this Order or the Motion shall constitute a rejection or assumption by the Debtors, as debtors in possession, of any executory contract or unexpired lease by virtue of reference to any such contract or lease in the Motion;

6.  That notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order;

7.  That the requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure are satisfied by the contents of the Motion or otherwise deemed waived;

8.  That the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE