IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
              Debtors. : Jointly Administered
:
: Hearing date: Jan. 23, 2009 at 3:30 p.m. (ET) (requested)
: Objections due: Jan. 22, 2009 at 4:00 p.m. (ET) (requested)
------------------------------------------------------------X

**DEBTORS' MOTION FOR AN ORDER UNDER 11 U.S.C. § 102(1) SHORTENING NOTICE OF DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTIONS 363(c), 503(b), AND 105(a) OF THE BANKRUPTCY CODE GRANTING ADMINISTRATIVE EXPENSE STATUS TO DEBTORS' OBLIGATIONS ARISING FROM THE POST-PETITION DELIVERY OF GOODS AND SERVICES ORDERED PRE-PETITION AND AUTHORIZING DEBTORS TO PAY SUCH OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to section 102(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) shortening notice to allow the Debtors' Motion for an Order

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Pursuant to Sections 363(c), 503(b) and 105(a) of the Bankruptcy Code Granting Administrative Expense Status to Debtors' Obligations Arising from the Post-Petition Delivery of Goods and Services Ordered Pre-Petition and Authorizing Debtors to Pay Such Obligations in the Ordinary Course of Business (the "<u>Vendor Administrative Expense Motion</u>"), filed contemporaneously herewith, to be considered on an expedited basis; (ii) setting the deadline to object to the Vendor Administrative Expense Motion; and (iii) granting them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors rely on the Declaration of John Doolittle in Support of First Day Motions and Applications (the "<u>First Day Declaration</u>") as well as the Declaration of Joseph Flanagan, dated as of January 19, 2009, submitted in support of the Vendor Administrative Expense Motion. In further support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein is f section 102(1) of the Bankruptcy Code, Rule 9006 of the Bankruptcy Rules and Rule 9006-1(e) of the Local Rules.

## Background

**A.    Introduction**

3. On January 14, 2009 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or official committee of unsecured creditors has been appointed in the Debtors' cases.

2

5.  Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as foreign representative for the Canadian Debtors, has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

6.  In addition, at 8 p.m. on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates into administration under the control of individuals from Ernst & Young (collectively, the "U.K. Debtors").[3]

---

[2]  The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[3]  The U.K. Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

3

B.  **Debtors' Corporate Structure and Business**

7. A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases are set forth in the First Day Declaration.[4]

### Relief Requested

8. By this Motion, the Debtors seek an order (i) shortening the notice period for the Vendor Administrative Expense Motion, filed contemporaneously with this Motion; (ii) setting the deadline to object to the Vendor Administrative Expense Motion; and (iii) granting them such other and further relief as the Court deems just and proper.

### Facts Relevant to this Motion

9. In the ordinary operation of the Debtors' businesses, various vendors and suppliers (collectively, the "Vendors") provide the Debtors with goods, supplies, materials and/or services necessary for their continued operations. As of the Petition Date, and in the ordinary course of their businesses the Debtors had pre-petition purchase or service orders outstanding (collectively, the "Outstanding Orders") with numerous Vendors, including certain Outstanding Orders as to which partial performance has been made, both by a Debtor and a Vendor.

10. As set forth more fully in the Vendor Administrative Expense Motion, filed contemporaneously herewith, as a consequence of the commencement of these chapter 11 cases, Vendors are concerned that services rendered or goods, supplies and materials shipped to, or on behalf of, the Debtors subsequent to the Petition Date pursuant to the Outstanding Orders could be argued to render such Vendors pre-petition general unsecured creditors of the Debtors' estates with respect to post-petition delivery or performance.

---

[4]  Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

11.    The Debtors face the very real possibility that Vendors will refuse to provide such services or deliver such goods, supplies and materials to the Debtors until an order granting the relief requested in the Vendor Administrative Expense Motion is entered. Any delay or stoppage in the shipment of goods, supplies and materials or the provision of services would seriously impair the Debtors' ability to continue their business operations and would negatively impact the value of the estate.

12.    In addition, the global nature of the Debtors' supply relationships would greatly exacerbate the effect on Nortel's businesses of any delay or stoppage in the Debtors' receipt of goods, supplies, materials and/or services because the relief sought in the Vendor Administrative Expense Motion remains pending.

## Basis for Relief

13.    Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). As set forth below, shortening notice is justified here.

14.    The Debtors respectfully submit that shortened notice is appropriate in this instance because Vendors are threatening to stop or slow shipments of goods, supplies and materials and/or the provision of services, which would impair the Debtors' ability to continue their business operations and satisfy obligations to customers.

15.    The next hearing in the Chapter 11 Cases is set for February 5, 2009. A delay in a hearing on the Vendor Administrative Expense Motion until the next hearing will unfairly prejudice the Debtors and potentially cause serious harm to the Debtors' ability to continue business operations. To the extent the Court denies the relief requested in the Vendor Administrative Expense Motion, the Debtors will require some time after such denial of relief to

prepare a challenge, should the Debtors determine that causes of action exist. For this reason, the Debtors respectfully request a hearing on the Vendor Administrative Expense Motion prior to February 5, 2009.

16. The Debtors believe that a hearing on the Vendor Administrative Expense Motion on shortened notice is in the best interests of the Debtors' estates and creditors, because a prompt determination of the Vendors' administrative expense status and the Debtors' ability to pay Outstanding Obligations in the ordinary course is in the in the best interests of the Debtors' estates and creditors.

17. For these reasons, the Debtors respectfully submits that allowing the Vendor Administrative Expense Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

## Notice

18. Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) Office of the United States Trustee for the District of Delaware; (ii) the trustee under that certain indenture dated as of July 5, 2006, as supplemented, with respect to the Floating Rate Senior Notes due 2011, the 10.125% Senior Notes due 2013, and the 10.75% Senior Notes due 2016; (iii) the trustee under that certain indenture dated as of February 15, 1996, with respect to the 7.875% Senior Notes due 2026; (iv) the trustee under that certain indenture dated as of March 28, 2007, with respect to the 1.75% Convertible Senior Notes due 2012 and the 2.125% Convertible Senior Notes due 2014; and (v) holders of the forty (40) largest unsecured claims on a consolidated basis against the Debtors. In light of the exigencies of the circumstances and the potential harm to the Debtors, their estates, and other

parties in interest that will ensue if the relief requested herein is not granted, the Debtors submit that no other notice need be given.

## No Prior Request

19. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: January 20, 2009
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Thomas F. Driscoll III (No. 4703)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
Phone: (302) 658-9200
Facsimile: (302) 658-3989

*Proposed Counsel for the Debtors
and Debtors in Possession*