**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------X

| | |
|---|---|
| *In re* | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |

Hearing date: Jan. 23, 2009 at 3:30 p.m. (ET) (requested)
Objections due: Jan. 23, 2009 at noon (ET) (requested)

-------------------------------------------------------X

**DEBTORS' EMERGENCY SUPPLEMENTAL MOTION FOR ENTRY OF AN
AMENDED ORDER AUTHORIZING, BUT NOT DIRECTING, DEBTORS TO
PAY CERTAIN PREPETITION (I) WAGES, SALARIES AND OTHER
COMPENSATION, (II) REIMBURSABLE EXPENSES, AND (III) MEDICAL,
RETIREMENT AND SIMILAR BENEFITS [D.I. 59]**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in

possession (collectively, the "Debtors"), hereby move this Court (the " Emergency Employee

Motion") for the entry of a supplemental order substantially in the form attached hereto as

Exhibit A, pursuant to sections 105(a), 363(b), 507(a)(4), 507(a)(5), 541, 1107(c), 1108 and 1129

of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003(b) and 6004(h) of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") amending the Order

Authorizing, but not Directing, Debtors to Pay Certain Prepetition (I) Wages, Salaries and Other

Compensation, (II) Reimbursable Expenses, and (III) Medical, Retirement and Similar Benefits

[D.I. 59]. In support of this Emergency Employee Motion, the Debtors rely on the Declaration

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

of John Doolittle in Support of First Day Motions and Applications (the "First Day Declaration"). In further support of this Emergency Employee Motion, the Debtors respectfully represent as follows:

**Jurisdiction**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a), 363(b), 507(a)(4), 507(a)(5), 541(b)(7), 541(d), 1107(c), 1108 and 1129 of the Bankruptcy Code.

**Background**

**A.      Introduction**

3.      On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or official committee of unsecured creditors has been appointed in the Debtors' cases.

5.      On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian

---

[2]      The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as foreign representative for the Canadian Debtors, has filed petitions for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

6.     In addition, at 8 p.m. on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates into administration under the control of individuals from Ernst & Young (collectively, the "U.K. Debtors").[3]

7.     On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that provided for the joint administration of these cases and for consolidation for procedural purposes only.

**B.     Debtors' Corporate Structure and Business**

8.     A description of the Debtors' corporate structure and businesses and the events leading to the chapter 11 cases are set forth in the First Day Declaration.

**C.     The Employee Wage Motion**

9.     On January 14, 2009, the Debtors filed the Debtors' Motion for Entry of an Order Authorizing, But Not Directing, Debtors to Pay Certain Prepetition (I) Wages, Salaries and Other Compensation, (II) Reimbursable Expenses, and (III) Medical, Retirement and Similar Benefits [D.I. 10] (the "Employee Wage Motion").[4]

---

[3]     The U.K. Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

[4]     Capitalized terms used but not defined herein have the meanings ascribed to them in the Employee Wage Motion

10.     On January 15, 2009, the court entered the Order Authorizing, but not Directing, Debtors to Pay Certain Prepetition (I) Wages, Salaries and Other Compensation, (II) Reimbursable Expenses, and (III) Medical, Retirement and Similar Benefits [D.I. 59] (the "Employee Wage Order").

11.     The Debtors incorporate the Employee Wage Motion herein in its entirety by reference.

12.     Paragraph 8 of the Employee Wage Order provides as follows:

> The Debtors are authorized, but not directed, to continue to pay, honor and process prepetition obligations with respect to the Employee Benefits, including any outstanding prepetition 401(k) Plan contributions in an amount not to exceed $700,000, and to continue, during the course of these cases, to honor and make any necessary contributions with respect to the Employee Benefits in accordance with the Debtors' stated policies and prepetition practices.

Employee Wage Order at ¶ 8.

13.     Since the entry of the Employee Wage Order, the Debtors have discovered that the outstanding amount of prepetition 401(k) Plan contributions is approximately $1.5 million.

## Relief Requested

14.     By this Emergency Employee Motion, the Debtors seek the entry of an order amending paragraph 8 of the Employee Wage Order as follows:

> The Debtors are authorized, but not directed, to continue to pay, honor and process prepetition obligations with respect to the Employee Benefits, including any outstanding prepetition 401(k) Plan contributions in an amount not to exceed $1,500,000, and to continue, during the course of these cases, to honor and make any necessary contributions with respect to the Employee Benefits in accordance with the Debtors' stated policies and prepetition practices.

(the "Amendment").

**Basis for Relief Requested**

**A.    Sufficient Cause Exists for the Court to Amend the Employee Wage Order**

15.    As discussed more thoroughly in the Employee Wage Motion, section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." In addition, Section 363(b)(1) of the Bankruptcy Code authorizes a debtor in possession to use property of the estate other than in the ordinary course of business after notice and a hearing. Courts have applied section 105(a) of the Bankruptcy Code in authorizing debtors to pay prepetition wages, salaries and benefits to the extent it is necessary to preserve a debtor's business. Further, as discussed in the Employee Wage Motion, this Court may use its power under section 105(a) to authorize payment of prepetition obligations pursuant to the "necessity of payment" rule (also referred to as the "doctrine of necessity").

16.    This Court has already granted a majority of the relief requested herein. By the Emergency Employee Motion, the Debtors are seeking authority, but not direction, to pay an additional approximately $800,000 more in outstanding 401(k) Plan contributions. The Debtors' Employees rely upon compensation, including the 401(k) Plan contributions, and by entry of the Employee Wage Order have been led to believe these obligations would be satisfied. The Debtors believe that the relief sought in the Emergency Employee Motion is necessary to prevent a disruption of the Debtors ability to continue their business operations and satisfy obligations to customers.

17.    Debtors' failure to comply with 401(k) Plan obligations will result in a loss of morale amongst the Debtors' Employees at a time when the debtors are most reliant upon such Employees to transition the Debtors successfully into these chapter 11 cases and other global bankruptcy proceedings. The Debtors' Employees believe that pursuant to the Employee Wage

Order, the debtors have the authority to comply with their 401(k) Plan obligations. The Emergency Employee Motion merely seeks to confirm the Employees' belief. Absent a prompt determination on the Emergency Employee Motion, the Debtors' Employees may seek employment elsewhere. The loss of valuable Employees and resulting recruitment of new employees that would be necessary to find replacements would be distracting and costly at this critical time as the Debtors stabilize operations and formulate a comprehensive plan to maximize value for all stakeholders.

18.    The Debtors' ability to meet these ordinary course 401(k) Plan obligations is in the best interests of the Debtors' estates and creditors. Given the above stated change in facts, ample cause exists to amend the Employee Wage Order and raise the cap on outstanding obligations under the 401(k) Plan contributions from $700,000 to $1,500,000.

**B.    Irreparable Harm Would Occur if Immediate Relief is not Granted**

19.    As discussed more thoroughly in the Employee Wage Motion, Bankruptcy Rule 6003 provides in pertinent part that "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 20 days after the filing of the petition, grant relief regarding the following: . . . (b) . . . a motion to pay all or part of a claim that arose before the filing of the petition." Fed. R. Bankr. P. 6003(b).

20.    This Court granted this relief with regards to the 401(k) Plan contributions in the Employee Wage Motion, and for the reasons described therein, the Debtors believe that the relief is appropriate with regards to the Amendment.

21.    Nothing contained herein is intended or should be construed as: (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claims or assert any counterclaims or affirmative defenses; (c) a promise to pay any claim; (d) an implication or admission that any particular claim would constitute a claim or

obligation related to the employee Wages and Benefits; or (e) an approval or assumption of any agreement, contract or lease, pursuant to section 365 of the Bankruptcy Code.

### Request for Waiver of Stay

22.     The Debtors further seek a waiver of any stay of the effectiveness of the order approving this Emergency Employee Motion.  Pursuant to Rule 6004(h) of the Bankruptcy Rules, "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 10 days after entry of the order, unless the court orders otherwise." As set forth above, the immediate performance of the obligations related to the Amendment is essential to prevent potentially irreparable damage to the Debtors' operations, value and ability to reorganize.  Accordingly, the Debtors submit that ample cause exists to justify a waiver of the ten-day stay imposed by Bankruptcy Rule 6004(h), to the extent that it applies.

### Notice

23.     Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) Office of the United States Trustee for the District of Delaware; (ii) the trustee under that certain indenture dated as of July 5, 2006, as supplemented, with respect to the floating rate senior notes due 2011, the 10.125% Senior Notes due 2013, and the 10.75% Senior Notes due 2016; (iii) the trustee under that certain indenture dated as of February 15, 1996, with respect to the 7.875% Senior Notes due 2026; (iv) the trustee under that certain indenture dated as of March 28, 2007, with respect to the 1.75% Convertible Senior Notes due 2012 and the 2.125% Convertible Senior Notes due 2014; (v) holders of the forty (40) largest unsecured claims on a consolidated basis against the Debtors; (vi) the Securities and Exchange Commission; (vii) the Internal Revenue Service; and (viii) the United States Department of Justice.  In light of the exigencies of the circumstances and the potential harm to

the Debtors, their estates, and other parties in interest that will ensue if the relief requested herein is not granted, the Debtors submit that no other notice need be given.

## No Prior Request

24.    No prior request for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Emergency Employee Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:  January 21, 2009  
        Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley  
Lisa M. Schweitzer  
One Liberty Plaza  
New York, New York 10006  
Telephone:  (212) 225-2000  
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)  
Eric D. Schwartz (No. 3134)  
Thomas F. Driscoll III (No. 4703)  
Ann C. Cordo (No. 4817)  
1201 North Market Street  
P.O. Box 1347  
Wilmington, Delaware 19899-1347  
Phone:  (302) 658-9200  
Facsimile:  (302) 658-3989

*Proposed Counsel for the Debtors*  
*and Debtors in Possession*