**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
                                                            :
                                                            :   Chapter 11
*In re*                                                     :
                                                            :   Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                          :
                                                            :   Joint Administration Pending
                        Debtors.                            :
                                                            :
                                                            :   RE: D.I. _____
                                                            :
------------------------------------------------------------X

### SUPPLEMENTAL ORDER AUTHORIZING, BUT NOT DIRECTING, DEBTORS TO PAY CERTAIN PREPETITION (I) WAGES, SALARIES AND OTHER COMPENSATION, (II) REIMBURSABLE EXPENSES, AND (III) MEDICAL, RETIREMENT AND SIMILAR BENEFITS

Upon the motion dated January 21, 2009 (the "Emergency Employee Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors") for the entry of an order (the "Order") amending the Order Authorizing, but not Directing, Debtors to Pay Certain Prepetition (I) Wages, Salaries and Other Compensation, (II) Reimbursable Expenses, and (III) Medical, Retirement and Similar Benefits [D.I. 59]; and upon consideration of the Declaration of John Doolittle in Support of First Day Motions and Applications; and adequate notice of the Emergency Employee Motion having been given as set forth in the Emergency Employee Motion; and it appearing that no other or further

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]   Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

notice is necessary; and the Court having jurisdiction to consider the Emergency Employee Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation

IT IS HEREBY ORDERED THAT:

1. The Emergency Employee Motion is GRANTED.

2. Paragraph 8 of the Employee Wage Order is amended as follows:
The Debtors are authorized, but not directed, to continue to pay, honor and process prepetition obligations with respect to the Employee Benefits, including any outstanding prepetition 401(k) Plan contributions in an amount not to exceed $1,500,000, and to continue, during the course of these cases, to honor and make any necessary contributions with respect to the Employee Benefits in accordance with the Debtors' stated policies and prepetition practices.

3. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (a) the terms of this Order shall be immediately effective and enforceable upon its entry; (b) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (c) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

4. The requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure are satisfied by the contents of the Motion or otherwise deemed waived.

5. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3