## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
                        :

*In re*                           :       Chapter 11

Nortel Networks Inc., *et al.*,[1]      :       Case No. 09-10138 (KG)

                 Debtors.    :       Jointly Administered

                        :       **Hearing date: Jan. 23, 2009 at 3:30 p.m. (ET) (requested)**
                        :       **Objections due: Jan. 23, 2009 at noon (ET) (requested)**

-------------------------------------------------------X

## DEBTORS' MOTION FOR AN ORDER UNDER 11 U.S.C. § 102(1) SHORTENING NOTICE OF DEBTORS' EMERGENCY SUPPLEMENTAL MOTION FOR ENTRY OF AN AMENDED ORDER AUTHORIZING, BUT NOT DIRECTING, DEBTORS TO PAY CERTAIN PREPETITION (I) WAGES, SALARIES AND OTHER COMPENSATION, (II) REIMBURSABLE EXPENSES, AND (III) MEDICAL, RETIREMENT AND SIMILAR BENEFITS [D.I. 59]

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in

possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of

an order substantially in the form attached hereto as Exhibit A, pursuant to section 102(1) of title

11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules") (i) shortening notice to allow the Debtors' Emergency

Supplemental Motion for Entry of an Amended Order Authorizing, But Not Directing, Debtors

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

to Pay Certain Prepetition (I) Wages, Salaries and Other Compensation, (II) Reimbursable

Expenses, and (III) Medical, Retirement and Similar Benefits [D.I. 59] (the "Emergency

Employee Wage Motion"), filed contemporaneously herewith, to be considered on an expedited

basis; (ii) setting the deadline to object to the Emergency Employee Wage Motion; and (iii)

granting them such other and further relief as the Court deems just and proper.  In support of this

Motion, the Debtors rely on the Declaration of John Doolittle in Support of First Day Motions

and Applications (the "First Day Declaration").  In further support of this Motion, the Debtors

respectfully represent as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory basis for the relief requested herein is f section 102(1) of the

Bankruptcy Code, Rule 9006 of the Bankruptcy Rules and Rule 9006-1(e) of the Local Rules.

## Background

**A.      Introduction**

3.      On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions

for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee,

examiner or official committee of unsecured creditors has been appointed in the Debtors' cases.

5.      Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks

Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and

together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their

Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as foreign representative for the Canadian Debtors, has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

6.      In addition, on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates into administration under the control of individuals from Ernst & Young (collectively, the "U.K. Debtors").[3]

**B.      Debtors' Corporate Structure and Business**

7.      A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases are set forth in the First Day Declaration.[4]

**Relief Requested**

8.      By this Motion, the Debtors seek an order (i) shortening the notice period for the Emergency Employee Wage Motion, filed contemporaneously with this Motion; (ii) setting the deadline to object to the Emergency Employee Wage Motion; and (iii) granting them such other and further relief as the Court deems just and proper.

---

[2]      The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[3]      The U.K. Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

[4]      Capitalized terms used but not defined herein have the meanings ascribed to them in the Employee Wage Motion (as defined below).

## Facts Relevant to this Motion

9.      On January 14, 2009, the Debtors filed the Debtors' Motion for Entry of an Order Authorizing, But Not Directing, Debtors To Pay Certain Prepetition (I) Wages, Salaries And Other Compensation, (II) Reimbursable Expenses, And (III) Medical, Retirement And Similar Benefits (D.I. 10) (the "Employee Wage Motion").

10.     On January 15, 2009, the Court entered the Order Authorizing, But Not Directing, Debtors To Pay Certain Prepetition (I) Wages, Salaries And Other Compensation, (II) Reimbursable Expenses, And (III) Medical, Retirement And Similar Benefits (D.I. 59) (the "Employee Wage Order").

11.     As set forth more fully in the Employee Wage Motion and the Emergency Employee Wage Motion, incorporated herein by reference, in the ordinary operation of the Debtors' employ approximately 24,000 employees worldwide (plus 6,000 employed at joint ventures in which Nortel holds interests, or 30,000 total), 8,911 of whom are currently employed by the Debtors in the United States.   During applicable pay period, the Debtors routinely deduct certain amounts from the Employees' paychecks, including, inter alia, 401(k) Plan contributions and forward those amounts to the appropriate third-party recipients.

12.     Through the Employee Wage Order, the Court granted the Debtors the authority to "continue to pay, honor and process prepetition obligations with respect to the Employee Benefits, including any outstanding prepetition 401(k) Plan contributions in an amount not to exceed $700,000…." (Employee Wage Order, ¶8).

13.     As explained in the Emergency Employee Wage Motion, on January 21. 2009, the Debtors discovered that the relief granted in the Employee Wage Order with respect to 401(k) Plan contributions was insufficient to cover the Debtors' obligations to its Employees with

4

respect to such contributions.  As such, the Debtors seek by the Emergency Employee Wage

Motion to amend the Employee Order so that the Debtors may comply with their obligations

regarding 401(k) Plan contributions.

### Basis for Relief

14.    Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on

written motion (served on all interested parties) specifying the exigencies justifying shortened

notice." Del. Bankr. L.R. 9006-1(e).  As set forth below, shortening notice is justified here.

15.    The Debtors respectfully submit that shortened notice is appropriate in this

instance because the Debtors' Employees rely upon compensation including the 401(k) Plan

contributions and by entry of the Employee wage Order have been led to believe these

obligations would be satisfied.  The Debtors believe that the relief sought in the Emergency

Employee wage Motion is necessary to prevent a disruption of the Debtors ability to continue

their business operations and satisfy obligations to customers.

16.    The next hearing in the Chapter 11 Cases is set for January 23, 2009.  A delay in a

hearing on the Emergency Employee Wage Motion until a subsequent hearing will unfairly

prejudice the Debtors and potentially cause serious harm to the Debtors' ability to continue

business operations.  The Debtors' failure to comply with 401(k) Plan obligations will result in a

loss of morale amongst the Debtors' Employees at a time when the Debtors are most reliant upon

such Employees to transition the Debtors successfully into these chapter 11 cases and other

global bankruptcy proceedings.  The Debtors' Employees believe that pursuant to the Employee

Order, the debtors have the authority to comply with their 401(k) Plan obligations.  The

Emergency Employee wage Motion merely seeks to confirm the Employees' belief.  Absent a

prompt determination on the Emergency Employee Wage Motion, the Debtors' Employees may

seek employment elsewhere.  The loss of valuable Employees and resulting recruitment of new employees that would be necessary to find replacements would be distracting and costly at this critical time as the Debtors stabilize operations and formulate a comprehensive plan to maximize value for all stakeholders.

17.    Additionally, the relief sought in the Emergency Employee wage Motion is in the nature of relief which is typically granted at a first day's hearing.  For this reason, the Debtors submit that any prejudice to other parties in interest is minimal.

18.    The Debtors believe that a hearing on the Emergency Employee wage Motion on shortened notice is in the best interests of the Debtors' estates and creditors, because a prompt determination of the 401(k) Plan contribution will provide the Debtors with the authority to promptly comply with their obligations to their Employees, which the Debtors believed they had the ability to do under the original Employee Wage Order.  The Debtors' ability to meet these ordinary course 401(k) Plan obligations is in the in the best interests of the Debtors' estates and creditors.

19.    For these reasons, the Debtors respectfully submit that allowing the Emergency Employee Wage Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

**Notice**

20.    Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) Office of the United States Trustee for the District of Delaware; (ii) the trustee under that certain indenture dated as of July 5, 2006, as supplemented, with respect to the Floating Rate Senior Notes due 2011, the 10.125% Senior Notes due 2013, and the 10.75% Senior Notes due 2016; (iii) the trustee under that certain indenture dated as of

February 15, 1996, with respect to the 7.875% Senior Notes due 2026; (iv) the trustee under that certain indenture dated as of March 28, 2007, with respect to the 1.75% Convertible Senior Notes due 2012 and the 2.125% Convertible Senior Notes due 2014; and (v) holders of the forty (40) largest unsecured claims on a consolidated basis against the Debtors.  In light of the exigencies of the circumstances and the potential harm to the Debtors, their estates, and other parties in interest that will ensue if the relief requested herein is not granted, the Debtors submit that no other notice need be given.

## No Prior Request

21.    No prior request for the relief sought herein has been made to this or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:  January 21, 2009
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Thomas F. Driscoll III (No. 4703)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
Phone:  (302) 658-9200
Facsimile:  (302) 658-3989

*Proposed Counsel for the Debtors*
*and Debtors in Possession*