**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------- X
                                                                  :
*In re*                                                           :    Chapter 11
                                                                  :
Nortel Networks Inc., *et al.*[1]                                 :    Case No. 09-10138 (KG)
                                                                  :
                                       Debtors.                   :    Jointly Administered
                                                                  :
----------------------------------------------------------------- X    RE: D.I. _____

**ORDER SHORTENING NOTICE OF DEBTORS' EMERGENCY SUPPLEMENTAL
MOTION FOR ENTRY OF AN AMENDED ORDER AUTHORIZING, BUT NOT
DIRECTING, DEBTORS TO PAY CERTAIN PREPETITION (I) WAGES,
SALARIES AND OTHER COMPENSATION, (II) REIMBURSABLE EXPENSES,
AND (III) MEDICAL, RETIREMENT AND SIMILAR BENEFITS [D.I. 59]**

Upon the motion dated, January 21, 2009 (the "Motion"),[2] of Nortel Networks

Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases

(the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to section

102(1) of the Bankruptcy Code, Bankruptcy Rule 9006 and Local Rule 9006-1(e), (i) shortening

notice to allow the Debtors' Emergency Supplemental Motion for Entry of an Amended Order

Authorizing, But Not Directing, Debtors to Pay Certain Prepetition (I) Wages, Salaries and Other

Compensation, (II) Reimbursable Expenses, and (III) Medical, Retirement and Similar Benefits

[D.I. 59] (the "Emergency Employee Wage Motion"), filed contemporaneously herewith, to be

considered on an expedited basis; (ii) setting the deadline to object to the Emergency Employee

---

[1]     The Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtor's
tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon
WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems
(2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc.
(2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems
(U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286)
and Nortel Networks Cable Solutions Inc. (0567).  Addresses for the Debtors can be found in the Debtors' petitions,
which are available at http://chapter11.epiqsystems.com/nortel.

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Motion; and (iii) granting them such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The Emergency Employee Wage Motion will be considered at a hearing scheduled on January 23, 2009 at 3:30 p.m. (Eastern Time);

3.      Objections, if any, to the Emergency Employee Wage Motion shall be filed and served in accordance with the Local Rules of this Court by no later than January 23, 2009 at noon (Eastern Time);

4.      That notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order;

5.      That the requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure are satisfied by the contents of the Motion or otherwise deemed waived;

6.    That the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
       Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

12