IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re*                                                    :       Chapter 11
                                                           :
Nortel Networks Inc., *et al.*,[1]                         :       Case No. 09-10138 (KG)
                                                           :
                                        Debtors.           :       Jointly Administered
                                                           :
                                                           :       Hearing date: Feb. 5, 2009 at 10:00 a.m. (ET) (requested)
                                                           :       Objections due: Feb 2, 2009 at 4: 00 p.m. (ET) (requested)
------------------------------------------------------------X

## DEBTORS' MOTION FOR AN ORDER UNDER 11 U.S.C. § 102(1) SHORTENING NOTICE OF DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE DEBTORS TO RETAIN PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to section 102(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) shortening notice to allow the Debtors' Motion for an Order Authorizing the Debtors to Retain Professionals Used in the Ordinary Course of Business (the "OCP Motion"), filed contemporaneously herewith and incorporated herein by reference, to be

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

considered on an expedited basis; (ii) setting the deadline to object to the OCP Motion; and (iii) granting them such other and further relief as the Court deems just and proper. The Debtors respectfully represent as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein is section 102(1) of the Bankruptcy Code, Rule 9006 of the Bankruptcy Rules and Rule 9006-1(e) of the Local Rules.

## Background

**A.    Introduction**

3. On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' cases. The United States Trustee appointed an Official Committee of Unsecured Creditors in these chapter 11 cases on January 22, 2009 (the "Committee").

5. Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario

---

[2]   The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as foreign representative for the Canadian Debtors, has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

6. In addition, at 8 p.m. on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates into administration under the control of individuals from Ernst & Young (collectively, the "U.K. Debtors").[3]

**B.    Debtors' Corporate Structure and Business**

7. A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases are set forth in in the Declaration of John Doolittle in Support of First Day Motions and Applications (the "First Day Declaration").[4]

## Relief Requested

8. By this Motion, the Debtors seek an order (i) shortening the notice period for the OCP Motion, filed contemporaneously with this Motion; (ii) setting the deadline to object to the OCP Motion; and (iii) granting them such other and further relief as the Court deems just and proper.

---

[3] The U.K. Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

[4] Capitalized terms used but not defined herein have the meanings ascribed to them in the OCP Motion.

### Facts Relevant to this Motion

9. As set forth more fully in the OCP Motion, the Debtors retain various attorneys, accountants, consultants and other professionals in the ordinary course of their businesses (each, an "Ordinary Course Professional" or "OCP" and, collectively, the "OCPs") to render services relating to numerous issues that arise in the Debtors' businesses.[5]

10. These OCPs include attorneys, accountants, and consultants used by the Debtors to address issues related to, among other things: accounting services, auditing and tax services, tax and finance strategy, intellectual property, and other areas. The Debtors have many such outstanding issues to address in the ordinary course of their businesses and fully expect many more to arise during these chapter 11 cases. Sufficient attention to these issues common to the Debtors' businesses, however, cannot continue without the relief requested herein because few OCPs would be willing to continue their vital work for the Debtors without the assurance that the relief requested herein will provide.

11. Additionally, there is a time pressure for these OCPs to begin or continue the work they had been performing for the Debtors during the prepetition period, particularly with respect to matters related to intellectual property issues. Several of the Debtors' OCPs attend to matters with imminent deadlines which must be met either in the United States or abroad in order to preserve the rights and interests of the Debtors and their estates.

### Basis for Relief

12. Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). As set forth below, shortening notice is justified here.

---

[5] Certain of the Debtors' law firms retain additional advisors and consultants, such as patent agents, and present the bills for such advisors and consultants to the Debtors as an additional cost.

13. The Debtors respectfully submit that shortened notice is appropriate in this instance in order to preserve the rights and interests of the Debtors' and their estates and to preserve value for the Debtors' stakeholders.

14. The Debtors require the relief requested in the OCP Motion to be considered at the court's earliest opportunity in order to ensure that the Debtors' OCPs attend to the various urgent matters affecting the Debtors' rights, which may not fall under the protective umbrella of the automatic stay.

15. The next hearing in the Chapter 11 Cases is set for February 5, 2009. A delay in consideration of the OCP Motion until the subsequent hearing scheduled for February 19, 2009 may result in the failure of the Debtors' OCPs to respond to the Debtors' requests for services, in light of the OCPs' uncertainty as to whether they would receive compensation and/or reimbursement of expenses. If these OCPs wait to perform the services requested by the Debtor until after approval of the OCP Motion heard on February 19, the Debtors run a very real risk of diminution of their rights, particularly with respect to intellectual property matters, and potentially face serious damage to the value of their business operations. Absent a prompt determination on the OCP Motion, the Debtors' OCPs may sit idly by while deadlines pass and matters go unattended.

16. Additionally, the relief sought in the OCP Motion is typical of relief sought in similar motions which are routinely granted by this Court. For this reason, the Debtors submit that any prejudice to other parties in interest is minimal.

17. The Debtors believe that a hearing on the OCP Motion on shortened notice is in the best interests of the Debtors' estates and creditors, because a prompt determination of the OCP Motion will provide the Debtors with the authority to continue employing the OCPs used in

the ordinary course of the Debtors' business. The Debtors' ability to retain these OCPs is in the best interests of the Debtors' estates and creditors.

18. For these reasons, the Debtors respectfully submit that allowing the OCP Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

## Notice

19. Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) Office of the United States Trustee for the District of Delaware; (ii) the trustee under that certain indenture dated as of July 5, 2006, as supplemented, with respect to the Floating Rate Senior Notes due 2011, the 10.125% Senior Notes due 2013, and the 10.75% Senior Notes due 2016; (iii) the trustee under that certain indenture dated as of February 15, 1996, with respect to the 7.875% Senior Notes due 2026; (iv) the trustee under that certain indenture dated as of March 28, 2007, with respect to the 1.75% Convertible Senior Notes due 2012 and the 2.125% Convertible Senior Notes due 2014; (v) the Committee; and (vi) holders of the forty (40) largest unsecured claims on a consolidated basis against the Debtors. In light of the exigencies of the circumstances and the potential harm to the Debtors, their estates, and other parties in interest that will ensue if the relief requested herein is not granted, the Debtors submit that no other notice need be given.

## No Prior Request

20. No prior request for the relief sought herein has been made to this or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:  January 23, 2009
   Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Thomas F. Driscoll III (No. 4703)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
Phone:  (302) 658-9200
Facsimile:  (302) 658-3989

*Proposed Counsel for the Debtors
and Debtors in Possession*

2688199