IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
                                                         :  Chapter 11
In re                                                    :
                                                         :  Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1]                         :
                                                         :  Jointly Administered
                        Debtors.                         :
                                                         :  **Hearing date: Feb. 5, 2009 at 10:00 a.m. (ET) (requested)**
                                                         :  **Objections due: Feb 3, 2009 at 4:00 p.m. (ET) (requested)**
---------------------------------------------------------X

## DEBTORS' MOTION FOR AN ORDER UNDER 11 U.S.C. § 102(1) SHORTENING NOTICE OF DEBTORS' MOTION FOR ENTRY OF A SUPPLEMENTAL ORDER CLARIFYING RELIEF GRANTED PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE AUTHORIZING DEBTORS TO HONOR PREPETITION OBLIGATIONS TO THEIR CUSTOMERS [D.I. 49]

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to section 102(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) shortening notice to allow the Debtors' Supplemental Motion for Entry of An Order Clarifying Relief Granted Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code Authorizing Debtors to Honor Prepetition Obligations to Their Customers (the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

"Customer Programs Clarification Motion"), filed contemporaneously herewith, to be considered on an expedited basis; (ii) setting the deadline to object to the Customer Programs Clarification Motion; and (iii) granting them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors rely on the Declaration of John Doolittle in Support of First Day Motions and Applications (the "Doolittle Declaration") as well as the Declaration of Pamela Hehn Schroeder, dated as of January 29, 2009, and submitted in support of the Customer Programs Clarification Motion. In further support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein is section 102(1) of the Bankruptcy Code, Rule 9006 of the Bankruptcy Rules and Rule 9006-1(e) of the Local Rules.

## Background

**A.    Introduction**

3. On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their

2

Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as foreign representative for the Canadian Debtors, has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. In addition, at 8 p.m. on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates into administration under the control of individuals from Ernst & Young LLC (collectively, the "EMEA Debtors").[3]

6. On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that provided for the joint administration of these cases and for consolidation for procedural purposes only.

7. On January 21, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section

---

[2] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[3] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

1102(a)(1) of the Bankruptcy Code [D.I. 142]. No trustee or examiner has been appointed in the Debtors' cases.

**B.    Debtors' Corporate Structure and Business**

8.    A description of the Debtors' corporate structure and businesses and the events leading to the chapter 11 cases are set forth in the Doolittle Declaration.

### Relief Requested

9.    By this Motion, the Debtors seek entry of an order (i) shortening the notice period for the Customer Programs Clarification Motion, filed contemporaneously with this Motion; (ii) setting the deadline to object to the Customer Programs Clarification Motion; and (iii) granting them such other and further relief as the Court deems just and proper.

### Facts Relevant to this Motion

10.    On January 14, 2009, the Debtors filed the Debtors' Motion for Entry of an Order Authorizing, But Not Directing, Debtors to (I) Honor Prepetition Obligations to Their Customers and (II) Continue Customer Programs [D.I. 12] (the "Customer Obligations Motion").[4] The Debtors incorporate the Customer Obligations Motion in this Motion by reference as if set forth herein in its entirety. On January 15, 2009, the court entered the Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code Authorizing Debtors to Honor Prepetition Obligations to Their Customers [D.I. 49] (the "Customer Obligations Order"). Among other things, paragraph 2 of the Customer Obligations Order provides as follows: "The Debtors are authorized to honor and perform, in their sole discretion, all Customer Obligations, including through the Customer Programs." Customer Obligations Order at ¶ 2.

---

[4]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Customer Obligations Motion.

4

11. During the first-day hearing, the Court recognized that the Customer Obligations Motion is meant to cover all ordinary course customer programs ("I certainly understand the nature of the Motion and also what the debtors are trying to accomplish here and it clearly is critical to the ongoing efforts to, hopefully, reorganize this company, and to maintain it in the meantime. That it be able to honor, on an ongoing basis, the ordinary course programs that it has in place."). Hearing Tr. 102:20 – 103:1, Jan. 15, 2009.

12. As set forth more fully in the Customer Programs Clarification Motion, honoring prepetition obligations under All Customer Programs is a vital step towards maintaining long-term relationships with critical customers.

## Basis for Relief

13. Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). As set forth below, shortening notice is justified here.

14. The Debtors respectfully submit that shortened notice is appropriate in this instance because the persistence of uncertainty amongst customers will increase the probability that key customers will look to alternative suppliers to fulfill their needs, which would in turn materially damage the Debtors' reorganization prospects. In addition, one substantial customer has withheld certain payments due and owing to the Debtors until the requested clarification is received. This action and the risk of other customers taking similar steps will be very disruptive to Nortel's cash flow absent immediate resolution.

15. On February 5, 2009, the Court is scheduled to hear and issue final orders on a number of motions that went out on notice after the first-day hearing. The Debtors respectfully request that a hearing on the Customer Programs Clarification Motion also be held on February

5, 2009 in order to provide customers with the comfort necessary for them to continue conducting business with the Debtors in the ordinary course.

16.     The Debtors believe that a hearing on the Customer Programs Clarification Motion on shortened notice is in the best interests of the Debtors' estates and creditors, because a prompt clarification of the relief previously granted by the Court will strengthen the Debtors' ability to maintain key customers relationships and is necessary to ensure that such customers will continue to provide the Debtors with a substantial amount of business.

17.     For these reasons, the Debtors respectfully submit that allowing the Customer Programs Clarification Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

## Notice

18.     Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) Office of the United States Trustee for the District of Delaware; (ii) the Committee; and (iii) the general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

19.     No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: January 29, 2009
      Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley
Lisa M. Schweitzer
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Thomas F. Driscoll III (No. 4703)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
Phone: (302) 658-9200
Facsimile: (302) 658-3989

*Proposed Counsel for the Debtors
and Debtors in Possession*