IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
                  Debtors. : Jointly Administered
:
: Hearing date: Feb. 5, 2009 at 10:00am (ET) (requested)
: Objections due: Feb. 4, 2009 at 4:00pm (ET) (requested)
------------------------------------------------------------X

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
GRANTING DEBTORS ADDITIONAL TIME TO FILE
REPORTS OF FINANCIAL INFORMATION PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 2015.3(A) OR
TO SEEK A MODIFICATION OF SUCH REPORTING REQUIREMENT
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2015.3(D)**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a), 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2015.3 and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), granting the Debtors additional time to file their reports of financial information in respect of entities in which a chapter 11 estate holds a controlling or substantial interest (the "Rule 2015.3 Reports") or to seek a modification of such

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

reporting requirement for cause; and granting them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a), 1107 and 1108 of the Bankruptcy Code.

## Background

**A.    Introduction**

3. On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as foreign

---

[2]   The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

2

representative for the Canadian Debtors, has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. In addition, at 8 p.m. (London time) on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates into administration under the control of individuals from Ernst & Young LLC (collectively, the "EMEA Debtors").[3]

6.     On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Bankruptcy Rules that provided for the joint administration of these cases and for consolidation for procedural purposes only.

7.     On January 26, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code (D.I.s 141, 142). No trustee or examiner has been appointed in the Debtors' cases.

**B.     Debtors' Corporate Structure and Business**

8.     A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases are set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications (the "First Day Declaration").[4]

---

[3]     The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

[4]     Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

**Relief Requested**

9. By this Motion, the Debtors seek entry of an order, pursuant to Bankruptcy Rule 9006(b) and Local Rule 9006-2, granting the Debtors additional time to file their Rule 2015.3 Reports or to file a motion with this Court seeking a modification of such reporting requirement for cause, pursuant to Rule 2015.3(d). Pursuant to Local Rule 9006-2, the filing of this Motion automatically extends the time in which the Debtors may file the Rule 2015.3 Reports to the date of the hearing on this Motion.

**Facts Relevant to this Motion**

10. The name Nortel is known throughout the world for leadership in the networking and communications industries. Nortel works closely with its service provider and enterprise customers in the United States, Canada, Central and Latin America, Europe, the Middle East and Africa, and Asia to deliver them cutting edge hardware and software solutions and related services. The Nortel corporate group consists of over 140 affiliates around the world, Nortel Government Solutions Inc. ("NGS") and various joint venture businesses.

11. At this time, the Debtors estimate that there are upwards of 30 entities in which the Debtors' estates hold a substantial or controlling interest within the meaning of Rule 2015.3(d). One or more of these entities include complex and sizeable businesses. In addition, several entities include businesses in which the Debtors may not have sole discretion to disseminate information concerning the business, including due to joint venture arrangements. One of these entities, NGS, provides professional technology services that enable executive agencies and departments of the U.S. Federal Government, the U.S. Federal Judiciary and prime contractors to the U.S. government to use the Internet to enhance productivity and improve services to the public. Ownership of NGS is held through a proxy agreement entered into in 2005 in order to mitigate the indirect foreign ownership, control or influence of NGS (by virtue

4

of the Canadian nationality of NNC, NGS's ultimate corporate parent) as required by the U.S. National Industrial Security Program. Under the NGS proxy agreement, the proxy holders exercise all prerogatives of ownership with complete freedom to act independently and have assumed full responsibility for the voting stock of NGS.

12. The preparation of the Rule 2015.3 Reports is further complicated by the fact that the Debtors are indirect subsidiaries of NNC, the ultimate parent company. As a result, Nortel's accounting and financial reporting systems operate on a global basis at the NNC and NNL levels and it will take substantial time and costs to produce the information required by the Rule 2015.3 Reports. NNC and NNL file periodic reports under the U.S. Securities Exchange Act of 1934, as amended (the "Exchange Act"), that include certain condensed consolidating financial information with respect to NNI. NNC and NNL currently anticipate that their respective Annual Reports on Form 10-K for the fiscal year ended December 31, 2008 (collectively, the "2008 Annual Reports") will be filed under the Exchange Act by the end of February 2008 or early March 2009.

13. In addition to the requirement to prepare the Rule 2015.3 Reports, Nortel is subject to concurrent requirements to prepare and file various other reports, including NNC's and NNL's 2008 Annual Reports and the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs. These tasks, as well as the Debtors' day-to-day operations and the process of transitioning the Debtors' businesses into chapter 11, have imposed substantial burdens on the Debtors' management, personnel, and advisors.

**Basis for Relief**

14. Pursuant to Bankruptcy Rule 9006(b)(1), this Court may, "for cause shown" at any time enlarge the period of time within which an act is required to be done. Cause exists to

extend the deadline for the filing of the Debtors' Rule 2015.3 reports as requested herein based on (i) the size and complexity of the Debtors' businesses and the number of entities in which the Debtors' chapter 11 estates hold a controlling or substantial interest, and (ii) the substantial burdens imposed by compliance with new Rule 2015.3(a) on the Debtors' reorganization efforts and other concurrent reporting requirements. Assembling and compiling the financial reports of the value, operations, and profitability of these various entities in the very brief period of time permitted by Rule 2015.3, could impair the ability of Nortel to comply with various other concurrent reporting requirements. Moreover, doing so may implicate various third party governing and other agreements in terms of access to and disclosure of required information. Accordingly, more time is needed not just to be in a position to meet the Rule's requirements, but also to assess the impact of the Rule's application on the many potentially qualifying non-Debtor entities.

15. The Debtors and their financial advisors are in the process of evaluating the extent to which cause exists for this Court to vary the reporting requirement established by this new Rule, as contemplated by subdivision 2015.3(d). The factors under consideration by the Debtors include the number of entities and the complexity of their business operations, the time and resources that must be devoted by the Debtors' financial advisors and other professionals to collect, analyze, and present the Rule 2015.3 Reports as prescribed in new Official Form 26, the costs to the Debtors' estates, the availability of such information from the Debtors and from publicly available sources, and the impact of such Reports on third party agreements. Accordingly, the Debtors respectfully request that the Court extend, through and including April 14, 2009, the time in which the Debtors must file their Rule 2015.3 Reports or to file a

motion with this Court seeking an appropriate modification, waiver, or request for protection of the information under section 107 of the Bankruptcy Code.

16. The relief requested herein will not prejudice any party in interest. The Debtors intend to work cooperatively with the Office of the United States Trustee, the Committee, their professionals and advisors, and other constituents to provide access to the Debtors' books and records, including disclosures relating to the Debtors' non-Debtor affiliates. The Debtors and their professionals are also working diligently to complete their Schedules and Statements of Financial Affairs, which will provide considerable information on the Debtors' business operations and financial position to all parties in interest.

17. Subject to their ongoing review and evaluation of the various reporting requirements, the Debtors reserve the right to supplement this motion.

## Notice

18. Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) Office of the United States Trustee for the District of Delaware; (ii) the Committee; and (iii) the general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

19. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: January 30, 2009
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley
Lisa M. Schweitzer
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS NICHOLS, ARSHT & TUNNELL LLP

_____

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Thomas F. Driscoll III (No. 4703)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Proposed Counsel for the Debtors
and Debtors in Possession*