IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
In re                                                       :    Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                          :    Case No. 09-10138 (KG)
:
          Debtors.                          :    Jointly Administered
:
:    Hearing date: Feb. 5, 2009 at 10:00am (ET) (requested)
:    Objections due: Feb. 4, 2009 at 4:00pm (ET) (requested)
------------------------------------------------------------X

## DEBTORS' MOTION FOR AN ORDER UNDER 11 U.S.C. § 102(1) SHORTENING NOTICE OF DEBTORS' MOTION FOR AN ORDER GRANTING DEBTORS ADDITIONAL TIME TO FILE REPORTS OF FINANCIAL INFORMATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2015.3(A) OR TO SEEK A MODIFICATION OF SUCH REPORTING REQUIREMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2015.3(D)

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to section 102(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) shortening notice to allow the Debtors' motion for the entry of an order, pursuant to sections 105(a), 1107 and 1108 of the Bankruptcy Code, granting the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Debtors additional time to file their reports of financial information in respect of entities in which a chapter 11 estate holds a controlling or substantial interest (the "Rule 2015.3 Reports") or to seek a modification of such reporting requirement for cause (the "Rule 2015.3 Motion"), filed contemporaneously herewith, to be considered on an expedited basis; (ii) setting the deadline to object to the Rule 2015.3 Motion; and (iii) granting them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors rely on the Declaration of John Doolittle in Support of First Day Motions and Applications (the "First Day Declaration"). In further support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein is section 102(1) of the Bankruptcy Code.

## Background

**A.    Introduction**

3. On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their

Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as foreign representative for the Canadian Debtors, has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. In addition, at 8 p.m. (London time) on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates into administration under the control of individuals from Ernst & Young LLC (collectively, the "EMEA Debtors").[3]

6. On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Bankruptcy Rules that provided for the joint administration of these cases and for consolidation for procedural purposes only.

7. On January 26, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code (D.I.s 141, 142). No trustee or examiner has been appointed in the Debtors' cases.

---

[2] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.
[3] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

**B.     Debtors' Corporate Structure and Business**

8.    A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases are set forth in the First Day Declaration.[4]

<u>**Relief Requested**</u>

9.    By this Motion, the Debtors seek an order (i) shortening the notice period for the Rule 2015.3 Motion, filed contemporaneously with this Motion; (ii) setting the deadline to object to the Rule 2015.3 Motion; and (iii) granting them such other and further relief as the Court deems just and proper.

<u>**Facts Relevant to this Motion**</u>

10.    As set forth more fully in the Rule 2015.3 Motion, the Nortel corporate group consists of over 140 affiliates around the world. The Debtors estimate that there are upwards of 30 entities in which the Debtors' estates hold a substantial or controlling interest within the meaning of Rule 2015.3(d). One or more of these entities include complex and sizeable businesses. In addition, several entities include businesses in which the Debtors may not have sole discretion to disseminate information.

11.    As set forth more fully in the Rule 2015.3 Motion, in addition to the requirement to prepare the Rule 2015.3 Reports, Nortel is subject to concurrent requirements to prepare and file various other reports, including NNC's and NNL's Annual Reports on Form 10-K for the fiscal year ended December 31, 2008 and the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs. These tasks, as well as the Debtors' day-to-day operations and the process of transitioning the Debtors' businesses into chapter 11, have imposed substantial burdens on the Debtors' management, personnel, and advisors.

---

[4]    Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

12. Pursuant to Rule 2015.3(b) of the Bankruptcy Rules, the first report required by Rule 2015.3 shall be filed no later than five days before the first date set for the meeting of creditors under section 341 of the Bankruptcy Code. The first meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "Section 341 Meeting") is scheduled for February 19, 2009. As a result, the Rule 2015.3 Reports would be due no later than February 14, 2009.

13. In discussions with proposed counsel for the Debtors, the U.S. Trustee has indicated that it has no objections to the Rule 2015.3 Motion and, if the Rule 2015.3 Motion is granted prior to February 14, 2009, the current deadline for submission of the Rule 2015.3 Reports, it is willing to reschedule the Section 341 Meeting to a later date.

### Basis for Relief

14. Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). As set forth below, shortening notice is justified here.

15. The Debtors respectfully submit that shortened notice is appropriate in this instance because the Debtors will not be able to finalize the Rule 2015.3 Reports by the current deadline for submission of the Rule 2015.3 Reports, February 14, 2009, and the U.S. Trustee has requested that a hearing on the Rule 2015.3 Motion be held before the current deadline.

16. The next omnibus hearing in the chapter 11 cases is set for February 19, 2009. A delay in a hearing on the Rule 2015.3 Motion until the next omnibus hearing will unfairly prejudice the Debtors and potentially cause serious harm to the Debtors' ability to comply with the requirements of Rule 2015.3 to file the 2015.3 Reports in advance of the Section 341 Meeting. To the extent the Court denies the relief requested in the Rule 2015.3 Motion, the

Debtors will require some time after such denial of relief to prepare a challenge, should the Debtors determine that causes of action exist. For this reason, the Debtors respectfully request a hearing on the Rule 2015.3 Motion prior to February 19, 2009.

17. The Debtors believe that a hearing on the Rule 2015.3 Motion on shortened notice is in the best interests of the Debtors' estates and creditors, because a prompt determination of the timing and reporting requirements of the Debtors under Rule 2015.3 is in the best interests of the Debtors' estates and creditors.

18. The Committee has been made aware of the Motion and has no objection to hearing the Rule 2015.3 Motion on shortened notice.

19. For these reasons, the Debtors respectfully submit that allowing the Rule 2015.3 Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

### Notice

20. Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) Office of the United States Trustee for the District of Delaware; (ii) the Committee; and (iii) the general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

### No Prior Request

21. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: January 30, 2009
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley
Lisa M. Schweitzer
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Thomas F. Driscoll III (No. 4703)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Proposed Counsel for the Debtors
and Debtors in Possession*