## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
                        :

*In re*                          :     Chapter 11

Nortel Networks Inc., *et al.*,[1]    :     Case No. 09-10138 (KG)

                  Debtors.      :     Jointly Administered

                        :     **Hearing date: Feb. 5, 2009 at 10:00am (ET) (requested)**
                        :     **Objections due: Feb. 4, 2009 at 4:00pm (ET) (requested)**

                        :
------------------------------------------------------X

### DEBTORS' MOTION FOR AN ORDER UNDER 11 U.S.C. § 102(1) SHORTENING NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER SUPPLEMENTING CERTAIN OF THE FIRST DAY ORDERS

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to section 102(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) shortening notice to allow the Debtors' Motion for the Entry of an Order Supplementing Certain of the First Day Orders (the "Supplemental Motion"), filed contemporaneously herewith, to be considered on an expedited basis; (ii) setting the deadline to

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

object to the Supplemental Motion; and (iii) granting them such other and further relief as the

Court deems just and proper.  In support of this Motion, the Debtors rely on the Declaration of

John Doolittle in Support of First Day Motions and Applications (the "First Day Declaration")

[D.I. 3].  In further support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory basis for the relief requested herein is section 102(1) of the

Bankruptcy Code, Rule 9006 of the Bankruptcy Rules and Rule 9006-1(e) of the Local Rules.

## Background

**A.    Introduction**

3.      On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions

for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks

Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and

together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their

Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario

Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement

Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian

---

[2]      The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology
Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as foreign representative for the Canadian Debtors, has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. In addition, at 8 p.m. (London time) on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates into administration under the control of individuals from Ernst & Young LLC (collectively, the "EMEA Debtors").[3]

6.      On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Bankruptcy Rules that provided for the joint administration of these cases and for consolidation for procedural purposes only.

7.      On January 26, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142]. No trustee or examiner has been appointed in the Debtors' cases.

**B.      Debtors' Corporate Structure and Business**

8.      A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases are set forth in the First Day Declaration.

---

[3]      The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

**Relief Requested**

9.      By this Motion, the Debtors seek an order (i) shortening the notice period for the

Supplemental Motion, filed contemporaneously with this Motion; (ii) setting the deadline to

object to the Supplemental Motion; and (iii) granting them such other and further relief as the

Court deems just and proper.

**Facts Relevant to this Motion**

10.     In a series of motions filed with the Court on January 14 and 15, 2009, the

Debtors requested and received authority to honor and pay a number of prepetition obligations

to, among others, their Common Carriers, Warehouse Facilities, Employees, Taxing Authorities

and Foreign Vendors and received interim approval for continued use of their Cash Management

System.[4]

11.     As set forth more fully in the Supplemental Motion, filed contemporaneously

herewith, since the entry of the various first day orders, certain additional outstanding prepetition

obligations to the Debtors' Common Carriers, Warehouse Facilities, Employees, Taxing

Authorities and Foreign Vendors have come to light. The Debtors believe it essential to remove

any question of their ability to honor such obligations in the postpetition period.  Additionally,

since the entry of the first day orders, the Debtors have discovered two areas in which the facts

described in the Cash Management Motion were not complete.

12.     By the Supplemental Motion, the Debtors request that the Court supplement the

various first day orders to authorize the payment of the additional prepetition obligations so that

the Debtors can continue to operate their businesses.  Additionally, the Debtors request that the

Court supplement the Cash Management Order so that it grants the Cash Management Motion as

supplemented by the additional facts described in the Supplemental Motion.  The Court has

---

[4]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Supplemental Motion.

already granted much of the relief requested in the Supplemental Motion, and by the entry of the first day orders the various counterparties have been led to believe that these obligations would be satisfied.

### Basis for Relief

13.     Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).  As set forth below, shortening notice is justified here.

14.     The Debtors respectfully submit that shortened notice is appropriate in this instance because supplementing certain of the first day motions to authorize payment of outstanding prepetition amounts to the Debtors' Common Carriers, Warehouse Facilities, Employees, Taxing Authorities and Foreign Vendors is critical to ensure the Debtors' ability to continue their business operations and satisfy obligations to customers.

15.     The next hearing in the chapter 11 cases is set for February 5, 2009.  A delay in a hearing on the Supplemental Motion beyond the next hearing will unfairly prejudice the Debtors and potentially cause serious harm to the Debtors' ability to continue business operations.  To the extent the Court denies the relief requested in the Supplemental Motion, the Debtors will require some time after such denial of relief to prepare a challenge, should the Debtors determine that causes of action exist.  For this reason, the Debtors respectfully request a hearing on the Supplemental Motion on February 5, 2009.

16.     The Debtors believe that a hearing on the Supplemental Motion on shortened notice is in the best interests of the Debtors' estates and creditors, because a prompt determination of the Debtors' ability to pay certain outstanding prepetition amounts is in the best interests of the Debtors' estates and creditors.

17.     The Committee has been made aware of the Motion and has no objection to hearing the Supplemental Motion on shortened notice.

18.     For these reasons, the Debtors respectfully submits that allowing the Supplemental Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

## Notice

19.     Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) Office of the United States Trustee for the District of Delaware; (ii) the Committee; and (iii) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

20.     No prior request for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:  January 30, 2009
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley
Lisa M. Schweitzer
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Thomas F. Driscoll III (No. 4703)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Proposed Counsel for the Debtors
and Debtors in Possession*