## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ X
                                    :

*In re*                                 :    Chapter 11

                                     :

Nortel Networks Inc., *et al.*[1]           :    Case No. 09-10138 (KG)

                                     :

               Debtors.              :    Jointly Administered

                                     :

                                     **Hearing date: Feb. 19, 2009 at 10:00 a.m. (ET)**
                                     **Objections due: Feb 12, 2009 at 4:00 p.m. (ET)**

------------------------------------------------------------------ X

## DEBTORS' MOTION FOR AN ORDER ESTABLISHING PROCEDURES FOR ADDRESSING RECLAMATION DEMANDS PURSUANT TO SECTIONS 105(a), 362 AND 546(c) OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a), 362 and 546(c) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) establishing uniform procedures for addressing reclamation demands; (ii) authorizing the Debtors to conduct settlement negotiations to reconcile and resolve certain reclamation demands, if necessary; (iii) enjoining reclamation claimants from pursuing payment of reconciliation demands by alternative

---

[1]      The Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

means; and (iv) granting the Debtors such other and further relief as the Court deems just and proper.  In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are section 105, 362 and 546 of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules.

## Background

**A.      Introduction**

3.      On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings").  The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.  Ernst & Young Inc., as foreign

---

[2]      The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

representative for the Canadian Debtors, has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. In addition, at 8 p.m. on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates into administration under the control of individuals from Ernst & Young LLC (collectively, the "EMEA Debtors").[3]

6.     On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Bankruptcy Rules that provided for the joint administration of these cases and for consolidation for procedural purposes only.

7.     On January 26, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code (D.I.s 141, 142). No trustee or examiner has been appointed in the Debtors' cases.

---

[3]     The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

**B.      Debtors' Corporate Structure and Business**

8.      A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases are set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications (the "First Day Declaration").[4]

**Relief Requested**

9.      By this motion, the Debtors seek entry of an order establishing uniform procedures for addressing reclamation demands for Goods (as defined below) delivered prior to the Petition Date in accordance with section 546(c) of the Bankruptcy Code, authorizing the Debtors to conduct settlement negotiations to reconcile and resolve certain reclamation demands, if necessary, and enjoining reclamation claimants from pursuing payment of reconciliation demands by alternative means.

**Basis for Relief**

10.      As a result of the commencement of these cases, the Debtors have received a number of reclamation demands pursuant to section 546(c) of the Bankruptcy Code demanding that the Debtors return certain goods (collectively, the "Goods") purportedly delivered to the Debtors on or prior to the commencement of these cases (collectively, the "Reclamation Demands"). The Debtors anticipate that additional notices and demands may be made.

11.      It is of paramount importance for the Debtors to maintain normal business operations and avoid costly and distracting litigation relating to Reclamation Demands. If the Debtors are unable to establish a uniform set of reclamation procedures to resolve the Reclamation Demands, they will be faced with the prospect of simultaneously defending multiple reclamation adversary proceedings at a time when the Debtors must focus on critical

---

[4]      Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

aspects of the reorganization process.  The Debtors' businesses will be severely disrupted if

vendors are permitted to exercise their rights to reclaim goods without a uniform procedure that

is fair and applicable to all parties.

12.    The Debtors expect that proponents of the Reclamation Demands will continue to

assert that such claims are valid, in whole or in part, possibly subject to certain defenses the

Debtors may have to such claims.  While the Debtors do not concede that any of the elements

necessary to prove a right of reclamation will be shown by any of their vendors, the Debtors seek

to adopt a uniform procedure for determining and settling all valid Reclamation Demands so that

litigation regarding Reclamation Demands does not interfere with the Debtors' reorganization

efforts.

### Proposed Reclamation Procedures

13.    By this Motion, the Debtors seek an order (the "Reclamation Order") authorizing

and approving the Debtors' adoption and implementation of the following procedures (the

"Reclamation Procedures") for reconciling Reclamation Demands:

a.    Any person asserting a Reclamation Demand must satisfy all procedural and timing requirements under applicable law and demonstrate that it has satisfied all legal elements entitling it to a right of reclamation;

b.    Any person asserting a Reclamation Demand must deliver a copy of its written reclamation demand to: the Debtors, c/o Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb"), One Liberty Plaza, New York, New York 10006 (Attn: James Bromley and Lisa Schweitzer), with a copy to Epiq Bankruptcy Solutions, LLC, Grand Central Station, P.O. Box 4601, New York, New York 10163-4601, provided that any person who served a Reclamation Demand prior to the filing of the Motion may have served such demand on either Cleary Gottlieb or Morris, Nichols, Arsht & Tunnell ("MNAT") as counsel to the Debtors, Epiq Bankruptcy Solutions, LLC, or an authorized representative of the Debtors for such purposes.

c.    After receipt of all timely Reclamation Demands and an opportunity to review such demands – including, without limitation, whether the demand is subordinated to the prior rights of a holder of a

security interest in the applicable Goods or the proceeds thereof – and to consult with the Committee regarding such demands but, absent further order of the Court, no later than 120 days after the Petition Date (the "Reclamation Notice Deadline"), the Debtors will file a Notice (the "Reclamation Notice"), listing the Reclamation Demands and amount, if any, that the Debtors determine to be valid for each such Reclamation Demand.   The Debtors will serve the Reclamation Notice on the following parties: (i) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), 844 King Street, Room 2207, Lockbox #35, Wilmington, Delaware 19899-0035; (ii) Akin Gump Strauss Hauer & Feld ("Akin Gump"), One Bryant Park, New York, NY 10036 (Attn: Fred Hodara), counsel to the Committee; and (iii) each person that is subject to the Reclamation Notice ("Reclamation Claimants," and together with the U.S. Trustee and the Committee, the "Notice Parties") at the address indicated in its reclamation demand;

d.      If the Debtors fail to file the Reclamation Notice within the required period of time, any holder of a Reclamation Demand may bring a motion on its own behalf to seek relief with respect to its Reclamation Demand, but may not bring any such motion until the expiration of the Reclamation Notice Deadline;

e.      All Notice Parties shall have the right and opportunity to file an objection to the proposed allowance or disallowance of any asserted Reclamation Demand in the Reclamation Notice as set forth therein, which objection shall be served on Cleary Gottlieb and MNAT as counsel to the Debtors, and Akin Gump as counsel to the Committee at the addresses set forth above;

f.      Any Reclamation Demand that is included in the Reclamation Notice and is not the subject of an objection that is filed and served within 20 days after service of the Reclamation Notice, shall be deemed a valid Reclamation Demand allowed by the Court in the amount identified in the Reclamation Notice; provided that all issues relating to the treatment of any such allowed Reclamation Demand shall be preserved;

g.      Notwithstanding and without limiting the foregoing, the Debtors are authorized, but not required, to negotiate, in their sole discretion, with any Reclamation Claimant and to seek an agreement with any Reclamation Claimant to resolve its Reclamation Demand.  If the Debtors and a Reclamation Claimant are able to agree on the validity, amount and/or treatment of the Reclamation Claimant's Reclamation Demand, the Debtors shall prepare and file a notice of settlement (the "Settlement Notice") with the Court and serve such Settlement Notice on counsel to the Committee, the U.S. Trustee and the Reclamation Claimant subject to the settlement at the addresses set forth above.  The Committee and the U.S. Trustee shall have ten days from the date of the Settlement Notice to

file with the Court an objection thereto (a "Settlement Objection").
Settlement Objections must be served so as to be received by the Debtors,
Cleary Gottlieb and MNAT as the Debtors' counsel, the applicable
Reclamation Claimant, Akin Gump as counsel to the Committee and the
U.S. Trustee at the address set forth herein within the ten-day objection
period;

h.      If no Settlement Objection with respect to a Settlement Notice is
timely filed and served, the Reclamation Demand at issue shall be allowed
and treated in accordance with the Settlement Notice without further order
of the Court.  If a Settlement Objection with respect to a Settlement Notice
is timely filed and served, the parties may negotiate a consensual
resolution of such objection to be incorporated in a stipulation filed with
the Court (a "Settlement Stipulation").  Upon the filing of a Settlement
Stipulation, the applicable Reclamation Demand shall be allowed and
treated in accordance with the terms of the Settlement Stipulation without
need for further order of the Court.  If no consensual resolution of a
Settlement Objection is reached within 30 days after the date of the
Settlement Objection, unless such period is extended by mutual agreement
of the Debtors and the party filing the Settlement Objection, the Debtors
shall thereafter file a motion for the Court to resolve the Settlement
Objection; and

i.      Nothing in the Reclamation Procedures shall modify the automatic
stay of section 362(a) of the Bankruptcy Code with respect to any Goods.
As such, the Reclamation Procedures shall not alter in any way the
procedures, standards and burden of proof applicable or required pursuant
to section 362(a) of the Bankruptcy Code with respect to any attempt by a
Reclamation Claimant to obtain possession of any of the Goods or
otherwise to collect its Reclamation Demand.  Without limiting the
foregoing, no Reclamation Claimant shall be entitled to obtain possession
of any Goods without first filing a motion with the Court for relief from
the automatic stay or obtaining the prior express written consent of the
Debtors.  The Debtors and all other parties in interest reserve all rights to
object to any such motion for relief from the automatic stay.  Reclamation
Claimants shall be prohibited from seeking relief from the stay with
respect to any reclamation demand until the time a Reclamation Notice is
filed by the Debtors with respect to such reclamation demand or the
Reclamation Notice Deadline otherwise expires.

14.      The Debtors propose that the Reclamation Procedures be the sole and exclusive

method for resolving Reclamation Demands.  As a result, the Debtors request that all vendors be

prohibited from seeking any other means for the resolution or treatment of Reclamation

Demands, including, without limitation: (i) commencing adversary proceedings against the

Debtors in connection with any Reclamation Demand, (ii) seeking to obtain possession of any

Goods, except as permitted by the Reclamation Procedures or (iii) interfering with the delivery

of any Goods to the Debtors.

15.     Except as explicitly provided herein, the Debtors do not waive, and expressly

reserve, their right to assert any and all defenses to a Reclamation Demand.

16.     Section 362 of the Bankruptcy Code prohibits third parties from taking actions to,

among other things, obtain or exercise control over property of the estate.  Moreover, section 105

of the Bankruptcy Code permits this Court to enter any order necessary or appropriate to carry

out the provisions of the Bankruptcy Code.  As set forth above, the Debtors' ability to receive

Goods is critical to the continued operation of the Debtors' business.  Thus, the Debtors request

that the Court confirm that a Reclamation Claimant or any other third party is prohibited from

seeking to reclaim Goods that have already been delivered, or from interfering with the delivery

of Goods presently in transit to the Debtors, absent further order of this Court granting relief

from the automatic stay.  Such relief is both necessary and appropriate under the circumstances

and will facilitate uninterrupted operation of the Debtors' businesses.

<u>**Applicable Authority**</u>

17.     As set forth above, the procedures proposed herein are necessary for the Debtors

to process and review, in an efficient and cost-effective manner, the Reclamation Demands of

Reclamation Claimants.

18.     Section 546(c)(1) of the Bankruptcy Code authorizes vendors who have delivered

goods to a debtor in the ordinary course of business to reclaim such goods, subject to certain

limitations, if: (i) the debtor was insolvent when the goods were received; (ii) the goods were

received by the debtor within 45 days before the petition date; (iii) the seller demanded

reclamation in writing; and (iv) such demand was made within 45 days after the debtor received possession of the goods (or within 20 days if the 45-day period would expire after the Petition Date).  See 11 U.S.C. § 546(c)(1).

19.    However, section 546 of the Bankruptcy Code does not include a waiver of the automatic stay protection afforded by section 362 of the Bankruptcy Code.  Accordingly, the automatic stay prohibits reclamation efforts without leave of court.  See 11 U.S.C. § 362; see also In re Waccamaw's HomePlace, 298 B.R. 233, 237 (Bankr. D. Del. 2003) ("Obviously, with the filing of the petition, the automatic stay of § 362(a) barred any seller from taking any possessory action.").

20.    As set forth herein, the Debtors are not waiving any of their defenses to any Reclamation Demands.  However, provided that Reclamation Claimants first obtain relief from the automatic stay, as required by the Bankruptcy Code, the procedures will not prevent such claimants from exercising or attempting to exercise their purported rights to reclaim possession of Goods under section 546(c) of the Bankruptcy Code.

21.    In addition, as set forth in the proposed Reclamation Procedures, the Debtors request authority to negotiate with vendors who file Reclamation Demands to reach an agreement with such vendors to resolve their Reclamation Demands and/or Reclamation Notice Objections.  Pursuant to Bankruptcy Rule 9019(a), after notice and a hearing, the Court may approve a compromise or settlement between the Debtors and vendors who filed a Reclamation Demand and/or a Reclamation Notice Objection.  Fed. R. Bankr. P. 9019(a).  The ability to negotiate with vendors will expedite the settlement of Reclamation Demands and will assist with the administration of these chapter 11 cases.

22.     Relief similar to that requested in this Motion has been granted in other chapter 11 cases in this district and elsewhere. See, e.g., In re Tweeter Home Entm't Group, Inc., et al., No. 07-10787 (PJW) (Bankr. D. Del. June 14, 2007); In re Adv'd Marketing Serv. Inc., No. 08-31961 (CSS) (Bankr. D. Del. Jan. 24, 2007); In re Dana Corp., No. 06-10354 (BRL) (Bankr. S.D.N.Y. Mar. 6, 2006); In re FLYi, Inc. Case No. 05-20011 (MFW) (Bankr. D. Del. Dec. 5, 2005).

23.     The Debtors submit that implementing the Reclamation Procedures is a sound exercise of their business judgment and is necessary and appropriate to carry out the provisions of section 546(c). The Reclamation Procedures will effectively and efficiently streamline the process of resolving Reclamation Demands both for the Debtors and for Reclamation Claimants. It is therefore in the best interests of the Debtors, and their respective estates and creditors, to implement the Reclamation Procedures.

## Notice

24.     Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) Office of the United States Trustee for the District of Delaware; (ii) the Committee; (iii) the general service list established in these chapter 11 cases; and (iv) each Reclamation Claimant. The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

25.     No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:  February 2, 2009
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Thomas F. Driscoll III (No. 4703)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
Phone:  (302) 658-9200
Facsimile:  (302) 658-3989

*Proposed Counsel for the Debtors
and Debtors in Possession*