IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X
:
*In re*                                                    :  Chapter 11
                                                           :
Nortel Networks Inc., *et al.*,[1]                         :  Case No. 09-10138 (KG)
                                                           :
                          Debtors.                         :  Jointly Administered
                                                           :
                                                           :  Hearing date: February 19, 2009 at 10:00 a.m.
                                                           :  Objections due: February 12, 2009 at 4:00 p.m.
-----------------------------------------------------------X

**DEBTORS' FIRST MOTION FOR THE ENTRY OF AN ORDER UNDER
SECTIONS 365(a) AND 554(a) OF THE BANKRUPTCY CODE AUTHORIZING
THE DEBTORS TO (1) REJECT AS OF FEBRUARY 28, 2009, CERTAIN
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND
RELATED SUBLEASES, AND
(2) ABANDON ANY PERSONAL PROPERTY LOCATED AT SUCH PREMISES**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as Exhibit B, authorizing the Debtors to reject as of February 28, 2009 (the "Effective Date"), certain unexpired leases of nonresidential real property (the "Prime Leases") and related subleases (the "Subleases," and together with the Prime Leases, the "Leases," being more particularly described on Exhibit A and Exhibit B hereto), and to abandon any personal property located at such premises; and granting them such other and further relief as the Court deems just and proper. **PARTIES THAT ARE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

RECEIVING THIS MOTION AND WHOSE LEASE IS SUBJECT TO REJECTION HEREBY CAN LOCATE THEIR NAME AND THE LEASE TO BE REJECTED ON **EXHIBIT A** AND **EXHIBIT B** ATTACHED HERETO. In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 365(a) and 554(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

## Background

### A. Introduction

3. On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian

---

[2] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as foreign representative for the Canadian Debtors, has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. In addition, at 8 p.m. on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates into administration under the control of individuals from Ernst & Young LLC (collectively, the "EMEA Debtors").[3]

6. On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that provided for the joint administration of these cases and for consolidation for procedural purposes only.

7. On January 26, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code (D.I.s 141, 142). No trustee or examiner has been appointed in the Debtors' cases.

---

[3] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

**B.     Debtors' Corporate Structure and Business**

8. A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases are set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications (the "First Day Declaration").[4]

## Relief Requested

9. By this Motion, the Debtors respectively request the entry of an order authorizing the rejection of the Leases listed on Exhibit A annexed hereto, pursuant to section 365(a) of the Bankruptcy Code, as of the Effective Date. Each of the relevant Debtors for the Leases disclaims any right to future Sublease rent, as of the Effective Date. To the extent that a subtenant desires to remain in occupancy after the Effective Date, that shall be a matter to be addressed by such subtenant with the landlord under the Prime Lease. In addition, the Debtors seek the authority, pursuant to Section 554(a) of the Bankruptcy Code, to abandon any personal property located at the premises leased by the Debtors under the rejected Leases to the relevant landlord or subtenant as of the Effective Date.

10. Exhibit A should not be construed as an admission that the Leases listed therein are unexpired leases subject to assumption or rejection under Section 365 of the Bankruptcy Code. The Debtors reserve the right to argue that the Leases are not executory contracts or unexpired leases. The Debtors also reserve all rights to contest claims that arise out of the rejection of the agreements.

---

[4] Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

4

## Basis for Relief

A.  **Rejection of the Leases**

11.  Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject an executory contract or an unexpired lease." 11 U.S.C. § 365(a); see also Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.), 973 F.2d 1065, 1075 (3d Cir. 1992). The Court may approve a debtor's rejection of an executory contract or unexpired lease if such rejection is made in the exercise of such debtor's sound business judgment, and if such rejection benefits its estate. See, e.g., Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp., 872 F.2d 36, 39-40 (3d Cir. 1989); see also NLRB v. Bildisco & Bildisco (In re Bildisco), 682 F.2d 72, 79 (3d Cir. 1982), aff'd, 465 U.S. 513 (1984); In re Patterson, 119 B.R. 59, 60-61 (E.D. Pa. 1990); In re Federated Dep't. Stores, Inc., 131 B.R. 808, 811 (S.D. Ohio 1991) ("Courts traditionally have applied the business judgment standard in determining whether to authorize the rejection of executory contracts and unexpired leases"); Westbury Real Estate Ventures, Inc. v. Bradlees, Inc. (In re Bradlees, Inc.), 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996) ("[u]nder the business judgment test, . . . [a court should approve a debtor's proposed rejection] if the debtor can demonstrate that rejection will benefit the estate").

12.  It is enough if a debtor determines in its business judgment that a benefit will be realized. Sharon Steel Corp., 872 F.2d at 39 (citing Wheeling-Pittsburgh Steel Corp. v. West Penn Power Co. (In re Wheeling-Pittsburgh Steel Corp.), 72 B.R. 845, 846 (Bankr. W.D. Pa. 1987)). The business judgment standard requires that the Court approve the debtor's business decision unless that judgment is the product of bad faith, whim or caprice. See In re Trans World Airlines, Inc., 261 B.R. 103, 121 (Bankr. D. Del. 2001); see also Lubrizol Enter., Inc. v. Richmond Metal Finishers, 756 F.2d 1043, 1047 (4th Cir. 1985) cert. denied 475 U.S. 1057 (1986).

13.     The Debtors have determined that each of the Leases listed on <u>Exhibit A</u> attached hereto is unnecessary to the continued operation of the Debtor's business, has no value to the estates, and should be rejected. For each premises, <u>Exhibit A</u> identifies (i) the current rent, and (ii) the net occupancy cost (equal to the sum of rent and operating expenses minus Sublease rent, if applicable). The Debtors have not occupied the premises covered by the Leases for some time. Since vacating the premises, the Debtors have attempted to offset the cost under the Prime Leases by marketing the premises in order to sublease as much as possible of the premises. As a result, the Debtors have entered into Subleases for certain parts of the leased premises of the Prime Leases, as identified on <u>Exhibit A</u>. However, the amount of rent due to the Debtors under the Subleases is lower than the rent that the Debtors owe under the Prime Leases. It is highly unlikely that the Debtors would ever be able to locate a third party willing to accept an assignment of any of the Prime Leases. In the meantime, the Debtors would accrue administrative rent and other monthly obligations, as well as the attendant cost of continuing to market the Prime Leases. Therefore, in order to avoid further administrative expense to the estates, the Debtors have concluded that it makes sound business sense to reject the Leases.

**B.     Abandonment of Personal Property**

14.     Although the Debtors believe they have removed, or are in the process of removing, all personal property of more than *de minimis* value from the Leased Locations, to the extent that the Debtors leave any property, including, but not limited to, personal property, furniture, fixtures and/or equipment (collectively, "<u>Personal Property</u>"), at the Leased Locations, the Debtors request that such Personal Property be deemed abandoned pursuant to Section 554 of the Bankruptcy Code.

15. Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

16. The Debtors submit that any Personal Property remaining in the Leased Locations will be of inconsequential value or burdensome to the Debtors' estates to remove. The Debtors believe that the cost of retrieving, marketing and reselling the abandoned Personal Property far outweighs any recovery the Debtors could hope to attain for the Personal Property. Accordingly, the Debtors have determined that the abandonment of any such Personal Property is in the best interests of the Debtors, their estates and creditors.

17. Based upon the foregoing facts and circumstances, the Debtors submit that the rejection of the Leases and the abandonment of the Personal Property in the manner set forth above is supported by sound business judgment, and is necessary, prudent and in the best interests of the Debtors, their estates, creditors and parties in interest.

### Notice

18. Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) Office of the United States Trustee for the District of Delaware; (ii) the Committee; (iii) the general service list established in these chapter 11 cases, and (iv) each of the counterparties to the Leases, as identified on Exhibit A and Exhibit B. The Debtors submit that under the circumstances no other or further notice is necessary.

### No Prior Request

19. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: February 2, 2009
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Thomas F. Driscoll III (No. 4703)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Proposed Counsel for the Debtors
and Debtors in Possession*