IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
                                                               :
*In re*                                                        :   Chapter 11
                                                               :
Nortel Networks Inc., *et al.*,[1]                             :   Case No. 09-10138 (KG)
                                                               :
                              Debtors.                         :   Jointly Administered
                                                               :
                                                               :   **Hearing date: Feb. 19, 2009 at 10:00 a.m. (ET)**
                                                               :   **Objections due: Feb 12, 2009 at 4:00 p.m. (ET)**
---------------------------------------------------------------X

### APPLICATION OF THE DEBTORS PURSUANT TO 11 U.S.C. § 327(e) TO RETAIN AND EMPLOY SHEARMAN & STERLING LLP AS NON-ORDINARY COURSE PROFESSIONAL SPECIAL LITIGATION COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO JANUARY 14, 2009

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby present this application (the "Application") for the entry of an order substantially in the form attached hereto as Exhibit B, pursuant to sections 327(e) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") seeking authority to retain and employ Shearman & Sterling LLP as non-ordinary course professional special litigation counsel for the Debtors nunc

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

pro tunc to January 14, 2009. In support of this Application, the Debtors rely upon and incorporate by reference the Declaration of Tai H. Park (the "Park Declaration"), attached hereto as Exhibit A and incorporated herein by reference, and respectfully represent as follows:

## Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105, 327, 328, 330 and 331 of the Bankruptcy Code, and Bankruptcy Rules 2014 and 2016.

## Background

**A.  Introduction**

2. On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies'

---

[2] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as foreign representative for the Canadian Debtors, has filed petitions for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

5.   In addition, at 8 p.m. on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates into administration under the control of individuals from Ernst & Young (collectively, the "U.K. Debtors").[3]

6.   On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that provided for the joint administration of these cases and for consolidation for procedural purposes only.

7.   On January 21, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code (D.I. 141, 142). No trustee or examiner has been appointed in the Debtors' cases.

---

[3]   The U.K. Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

B.  **Debtors' Corporate Structure and Business**

8.  A description of the Debtors' corporate structure and businesses and the events leading to the chapter 11 cases are set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications (the "First Day Declaration").[4]

### Relief Requested

9.  By this Application, the Debtors seek authorization to employ the law firm of Shearman & Sterling LLP as non-ordinary course professional special litigation counsel to the Debtors nunc pro tunc to January 14, 2009.

### Basis For Relief

10.  Section 327(e) of the Bankruptcy Code authorizes a debtor-in-possession to employ one or more attorneys to represent the debtor on specified special matters so long as those attorneys do not hold or represent an interest adverse to the estate with respect to the matters on which they are to be retained. See 11 U.S.C. §§ 327(e), 1106 and 1107.

11.  The Debtors seek to retain Shearman & Sterling LLP as non-ordinary course professional special litigation counsel because of its intimate knowledge of the Debtors' business and operations, particularly in its representation of the Debtors, their Canadian parents, and certain of Debtors' officers and directors in In re Nortel Networks Corporation Securities Litigation, 01-CV-1855 (RMB) (S.D.N.Y.); In re Nortel Networks Corporation Securities Litigation, 05-MD-1659 (LAP) (S.D.N.Y.); In re Nortel Networks Corp. ERISA Litigation, 3:03-MD-1537 (M.D. Tenn.); Domenikos v. Roth, et al., 05-CV-2080 (S.D.N.Y.); and other related proceedings and investigations arising from certain of the Debtors' financial restatements and

---

[4]  Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

related events, including representation of the Debtors before the United States Securities and Exchange Commission (collectively, "Pending Litigations"). As a result of its knowledge and experience in the various active litigations and investigations, it is unquestionable that the employment of Shearman & Sterling LLP is in the best interests of the Debtors and the Debtors' estates.

12. Shearman & Sterling LLP is not being retained, and has not been asked, to provide advice with respect to conducting the Debtors' bankruptcy cases.

13. Subject to this Court's approval and in accordance with sections 327(e) and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Orders of this Court, the Debtors propose to compensate Shearman & Sterling LLP for professional services rendered at its normal and customary hourly rates in effect from time to time as set forth in the Park Declaration, plus reimbursement of actual, necessary expenses incurred by Shearman & Sterling on the the Debtors' behalf.

### Nunc Pro Tunc Retention

14. The Debtors request approval of the employment of Shearman & Sterling LLP nunc pro tunc to January 14, 2009. The Third Circuit has identified "time pressure to begin service without court approval" and absence of prejudice as factors favoring nunc pro tunc retention. See In re Indian River Homes, Inc., 108 B.R. 46, 52 (D. Del. 1989), app. dismissed, 909 F.2d 1406 (3d Cir. 1990). These factors justify nunc pro tunc relief in these cases.

15. It is undisputable that there was significant time pressure for Shearman & Sterling LLP to continue its representation of the Debtor before the United States Securities and Exchange Commission, in the administration of class action settlements, and in private securities litigation and ERISA litigation.

16. Additionally, nunc pro tunc retention will not prejudice the Debtors' creditors. To the contrary, as set forth above, approval of this Application will benefit the Debtors' creditors by increasing the prospects of recovery for these estates.

17. Accordingly, the Court should approve Shearman & Sterling LLP's retention nunc pro tunc to January 14, 2009.

### Absence of Adverse Interest

18. To the best of the Debtors' knowledge and except as set forth in the Park Declaration, Shearman & Sterling LLP has no interest in or connection with any creditor or other party-in-interest in the Debtors' pending Chapter 11 proceedings, nor to the best of the Debtors' knowledge does Shearman & Sterling LLP hold any interest adverse to the interests of the Debtors or the Debtors' estates.

### Compensation

19. Shearman & Sterling LLP rendered prepetition services to the Debtors in the Pending Litigations for which it has yet to be paid. The value of such prepetition services is in excess of $865,000. Pursuant to section 329(a) of the Bankruptcy Code, an attorney representing a debtor in connection with a pending bankruptcy case shall file a statement with the Court disclosing payments made to the attorney within one year prior to the petition date. Although Shearman & Sterling LLP does not believe that the services rendered to the Debtors were in connection with these bankruptcy cases, in the interest of full disclosure to the Court, in the one year prior to the Petition Date, Shearman & Sterling LLP received payments from the Debtors for services rendered in connection with the Pending Litigations in excess of $465,000.

20. Shearman & Sterling LLP understands that any compensation and expenses paid to it must be approved by this Court upon application.

21. Shearman & Sterling LLP's U.S. hourly billing rates generally range between $740 and $995 for partners, $345 and $630 for associates, $535 and $850 for counsel, and $100 to $245 for legal assistants.

### Notice

22. Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) Office of the United States Trustee for the District of Delaware; (ii) the Committee; and (iii) the general service list established in these cases. The Debtors submit that under the circumstances no other or further notice is necessary.

### No Prior Request

23. No prior application for the relief sought herein has been made to this Court or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Application and the relief requested herein authorizing the Debtors to retain and employ the firm of Shearman & Sterling as Debtors' non-ordinary course professional special litigation counsel, effective as of January 14, 2009; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

| | |
|---|---|
| Dated: February 2, 2009<br>Wilmington, Delaware | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>James L. Bromley<br>Lisa M. Schweitzer<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>- and -<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Ann C. Cordo*<br>_____<br>Derek C. Abbott (No. 3376)<br>Eric D. Schwartz (No. 3134)<br>Thomas F. Driscoll III (No. 4703)<br>Ann C. Cordo (No. 4817)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Phone: (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Proposed Counsel for the Debtors*<br>*and Debtors in Possession* |