## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------X
                                            :   Chapter 11
                                            :
In re                                       :   Case No. 09- 10138 (KG)
                                            :
Nortel Networks Inc., et al.,[1]            :   Jointly Administered
                                            :
                        Debtors.            :   RE: D.I. 137, 192, 224
                                            :
                                            :
                                            :
-----------------------------------------------------------X
```

## ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS *NUNC PRO TUNC* TO THE PETITION DATE

Upon the motion dated January 23, 2009 (the "Motion"),[2] of Nortel Networks Inc.

and its affiliated debtors, as debtors and debtors in possession in the above-captioned

cases (the "Debtors"), for the entry of an order (the "Order"), pursuant to sections 105(a)

and 327 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing the

Debtors' retention, payment of compensation and reimbursement and payment of

expenses for certain professionals used in the ordinary course of the Debtors' businesses

*nunc pro tunc* to the Petition Date and (ii) granting them such other and further relief as

the Court deems just and proper; and adequate notice of the Motion having been given as

---

[1]    The Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

[New York #2008478 v1]

set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion and the Declaration establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are authorized and empowered to retain, pursuant to sections 105 and 327 of the Bankruptcy Code, the OCPs listed on Exhibit 1 attached hereto, *nunc pro tunc* to the Petition Date, which list may be supplemented as set forth herein without the need for any further hearing, and without the need to file an individual retention application for each such OCP.

3.      The Debtors are authorized and empowered to make payments up to $50,000 per month per OCP (the "Monthly Cap"), $50,000 per project per OCP (the "Project Cap"), in the case of OCPs who customarily bill by project, and payments of $500,000 per calendar year per Tier One OCP, as that term is defined in Exhibit 1, and $350,000 per calendar year per Tier Two OCP, as that term is defined in Exhibit 1, (collectively, the "Annual Cap") during the course of these chapter 11 proceedings for postpetition compensation of postpetition fees, plus payment of costs and disbursements, in the manner customarily made by the Debtors in the full amount billed by any such

2

OCP, upon receipt therefrom of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with such OCP's standard billing practices, including project billing, (without predjudice to the Debtors' normal right to dispute any such invoices), provided, however, that compensation paid to an OCP is authorized as a final matter pursuant to the provisions set forth below.

4.      In the event an OCP seeks more than the Monthly Cap in a single month, more than the Project Cap for a single project or more than the Annual Cap in any calendar year during the pendency of these chapter 11 cases, then such OCP shall file a fee application in accordance with the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the Fee Guidelines Promulgated by the Executive Office of the United Trustee and any order entered by the Court governing the payment of compensation and reimbursement of expenses in these chapter 11 cases.

5.      In the event an OCP is required to file a fee application by virtue of such OCP's fees exceeding the Monthly Cap, such OCP is required to submit a fee application for the applicable month for which its fees exceeded the Monthly Cap.  In the event an OCP is required to file a fee application by virtue of such OCP's fees exceeding the Project Cap, such OCP is required to submit a fee application for the applicable project for which its fees exceeded the Project Cap.  In the event an OCP is required to file a fee application by virtue of such OCP's fees exceeding the Annual Cap, such OCP is required to submit a fee application for the applicable year calendar year that they are employed by the Debtors, provided that the Debtors are authorized to pay the OCP its fees and expenses below such Annual Cap in the ordinary course pursuant to this Order.

3

Notwithstanding the requirement in this Order that OCPs may be required to file fee applications, no OCP shall be required to file a retention application.

6.      Each OCP shall file a statement pursuant to Bankruptcy Rule 2014 (the "Rule 2014 Statement") in substantially the same form as the sample attached hereto as Exhibit 2. The Rule 2014 Statement shall be filed as promptly as reasonably practicable or necessary after the entry of this Order or the filing of a Supplement (hereinafter defined). Notwithstanding anything to the contrary herein, the Debtors shall not make any payments to an OCP until such OCP has filed a Rule 2014 Statement and, as to any Additional OCP (hereinafter defined), the Objection Deadline (hereinafter defined) has expired and no objections have been filed or the Court enters an order authorizing the Debtors to retain a party as an Additional OCP.

7.      The Debtors may seek to retain an OCP not presently listed in Exhibit A (an "Additional Ordinary Course Professional" or an "Additional OCP" and, collectively, the "Additional OCPs") by filing with the Court a supplement to Exhibit 1 (the "Supplement"), listing the name and address of the Additional OCP, along with a brief description of the services to be rendered. Each Notice Party shall have ten (10) days after the filing by an Additional OCP of a Rule 2014 Statement (the "Objection Deadline") to object to the retention of such Additional OCP. Any Notice Party objecting the Debtors' proposed employment and retention of any Additional OCP shall file with the Court and serve any such objection upon the Debtors, the Additional OCP, and the other Notice Parties on or before the Objection Deadline. If no such objection is filed by the Objection Deadline, then the Debtors are authorized, without the need for further Order or hearing, to employ and retain such Additional OCP and the terms of this

4

[New York #2008478 v1]

Order shall otherwise govern the retention and payment of the applicable Additional OCP. If any such objection cannot be resolved within ten (10) days after the objection is filed, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date or other date otherwise agreeable to the OCP, the Debtors and the Notice Party filing the objection. If the Court overrules or otherwise denies such objection then the terms of this Order shall govern the retention and payment of the applicable Additional OCP.

8.      Approximately every 90 days, the Debtors shall file with the Court and serve on the Notice Parties a report detailing the fees and expenses paid to date to OCPs which report shall include: the name of each OCP and the monthly or project and annual amount paid as compensation for services rendered, and as reimbursement or payment of expenses, costs and disbursements, incurred by each OCP during the 90 day period ending on the last day of the prior calendar month (the "Quarterly Statement"). The first Quarterly Statement shall be filed on or about April 30, 2009, and shall cover the period from the Petition Date to March 31, 2009. Each Quarterly Statement shall be served by first-class mail on the Notice Parties.

9.      Nothing in the Motion or this Order, nor the Debtors' payment of OCP fees pursuant to this Order, shall be deemed or construed as: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute an OCP fee; or (v) a request to assume any executory contract or unexpired lease, pursuant to section 365 of the Bankruptcy Code.

5

10. The entry of this Order is necessary to avoid immediate and irreparable harm and to the extent the relief granted herein implicates an application under Bankruptcy Rule 2014, the requirements under Bankruptcy Rule 6003(a) have been satisfied.

11. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) pursuant to Bankruptcy Rule 6004(h) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

12. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

6