IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
                                                        :
                                                        :   Chapter 11
*In re*                                                 :
                                                        :   Case No. 09- 10138 (KG)
Nortel Networks Inc., *et al.*,                         :
                                                        :   Jointly Administered
            Debtors.                                    :
                                                        :
                                                        :   **RE: D.I. 166**
                                                        :
-------------------------------------------------------X

**ORDER CLARIFYING RELIEF GRANTED PURSUANT TO SECTIONS 105(a)
AND 363(b) OF THE BANKRUPTCY CODE AUTHORIZING DEBTORS
TO HONOR PREPETITION OBLIGATIONS TO THEIR CUSTOMERS [D.I. 49]**

Upon the motion dated, January 29, 2009 (the "Motion"),[1] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of a supplemental order, as more fully described in the Motion, pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") clarifying the Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code Authorizing Debtors to Honor Prepetition Obligations to Their Customers [D.I. 49] by specifically authorizing, but not directing, the Debtors to honor their prepetition obligations to their customers (the "Customer Obligations") in accordance with the terms of existing customer contracts, to continue their customer programs in the ordinary course of business and granting them such other and further relief as the Court deems just and proper; and upon consideration of the Doolittle Declaration, as well as the Declaration of Pamela Hehn Schroeder, dated as of January 29, 2009; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized to honor and perform, in their sole discretion, all Customer Obligations, including through All Customer Programs.

3. The Debtors' banks and financial institutions are authorized and directed, when requested by the Debtors in the Debtors' sole discretion, to honor and pay checks or requests for funds transfers arising out of the Debtors' Customer Obligations, provided that funds are available in the Debtors' accounts to cover such checks and funds transfers, and are authorized to rely on the Debtors' designation of any particular check or funds transfer as approved by this Order.

4. Nothing contained in this Order or the Motion shall constitute a rejection or assumption by the Debtors, as debtors in possession, of any executory contract or unexpired lease by virtue of reference to any such contract or lease in the Motion.

5. All rights of Debtors' customers to assert rights of setoff or recoupment are expressly reserved notwithstanding any payments by such customers to the Debtors.

6. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (a) the terms of this Order shall be immediately effective and enforceable upon its entry; (b) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (c) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7. The requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure are satisfied by the contents of the Motion or otherwise deemed waived.

8. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: February 5, 2009
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE