IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
:
*In re* : Chapter 11
:
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
:
: **RE: D.I.s  48, 50, 58, 59, 71, 180**
:
:
------------------------------------------------------X

### ORDER SUPPLEMENTING CERTAIN OF THE FIRST DAY ORDERS

Upon the motion dated January 30, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors") for the entry of an order (the "Order") supplementing certain of the Debtors' first day orders; and upon consideration of the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3]; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion,

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Paragraph 2 of the Common Carrier and Warehouse Order is amended as follows:

    The Debtors are authorized to honor and pay, in their sole discretion, all undisputed prepetition Common Carrier Charges and Warehouse Fees consistent with their customary practices in the ordinary course of business, including:

    a. The Common Carrier Charges in an amount not to exceed $16 million; and

    b. The Warehouse Fees in an amount not to exceed $5.5 million.

3. Paragraph 4 of the Employee Wage Order is amended as follows:

    The Debtors are authorized, but not directed, to honor and pay any outstanding prepetition payments under the Sales Incentive Plan in an amount not to exceed $19 million and to continue, during the course of these cases, to make payments under the Sales Incentive Plan to the U.S. Sales Employees in accordance with the Debtors' stated policies and prepetition practices.

4. The Employee Wage Order is amended to include the following paragraph:

    The Debtors are authorized, but not directed, to honor and pay any outstanding prepetition payments under the IP Rights Award Plan in an amount not to exceed $80,000 and to continue, during the course of these cases, to make payments under the IP Rights Award Plan in accordance with the Debtors' stated policies and prepetition practices.

5. The Employee Wage Order is amended to include the following paragraph:

    The Debtors are authorized, but not directed to honor and pay any outstanding prepetition Recognition Award payments in an amount not to exceed $100,000 and to continue to provide Recognition Awards during the course of these cases in accordance with the Debtors' stated policies and prepetition practices.

6. The Employee Wage Order is amended to include the following paragraph:

The Debtors are authorized, but not directed, to remit the Deferred Compensation Amounts to the Employees.

7. The Employee Wage Order is amended to include the following paragraph:

The Debtors are authorized, but not directed, to pay any outstanding prepetition Tax Equalization Payments in an amount not to exceed $500,000 and to continue, during the course of these cases, to pay the Tax Equalization Payments in accordance with the Debtors' prepetition policies and practices.

8. Paragraph 2 of the Taxes and Fees Order is amended as follows:

The Debtors are authorized, but not directed, to remit and pay all undisputed prepetition Taxes and Fees consistent with their customary practices in the ordinary course of business, including:

    a. Sales and use taxes in an amount not to exceed $6.6 million;

    b. Real property taxes in an amount not to exceed $3 million;

    c. Personal property taxes in an amount not to exceed $5.3 million; and

    d. Business and occupation taxes, business license fees and other fees in an amount not to exceed $400,000.

9. Paragraph 2 of the Foreign Vendors Order is amended as follows:

The Debtors are authorized to honor and pay, in their sole discretion, prepetition Foreign Vendor Claims in an amount not to exceed $5.5 million.

10. The Cash Management Motion, as supplemented by this Motion, is granted.

11. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (a) the terms of this Order shall be immediately effective and enforceable upon its entry; (b) the Debtors are not subject to any stay in the implementation, enforcement or

realization of the relief granted in this Order, and (c) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

12. The requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure are satisfied by the contents of the Motion or otherwise deemed waived.

13. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: February 5, 2009
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

4