IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NORTEL NETWORKS INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br>(Jointly Administered)<br><br>**Response Date: March 13, 2009 @ 4:00 p.m. (EST)**<br>**Hearing Date: March 20, 2009 @ 11:00 a.m. (EST)** |

## MOTION OF AVANEX CORPORATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)(9)

Avanex Corporation ("Avanex"), by and through its undersigned counsel, hereby moves the Court for entry of an order, pursuant to 11 U.S.C. §§ 503(b)(9) and 507(a)(2), allowing an administrative expense claim (the "Motion"). In support of the Motion, Avanex respectfully represents as follows:

1. On January 14, 2009 (the "Petition Date"), Nortel Networks Inc. and certain of its domestic affiliates and subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code"), with the United States Bankruptcy Court for the District of Delaware.

2. The Debtors continue to operate their businesses and manage their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. During the twenty (20) days preceding the Petition Date, Avanex shipped to the Debtors $34,112.00 of goods (the "Goods") on credit in the ordinary course of business, summarized as follows:

3

WLM 516234.1

| Invoice Number | PO Number | Invoice Date | Due Date | Invoice Amount |
|---|---|---|---|---|
| 0900040539 | 4503451444 | 12/30/08 | 02/05/09 | $10,496.00 |
| 0900040540 | 4503451443 | 12/30/08 | 02/05/09 | $13,120.00 |
| 0900040541 | 4503451445 | 12/30/08 | 02/05/09 | $10,496.00 |
| | | | Total: | $34,112.00 |

4. The amounts currently due and owing to Avanex for the Goods received by the Debtors during the twenty days prior to the Petition Date are compensable as an administrative claim under section 503(b)(9) of the Bankruptcy Code and are entitled to an administrative expense priority under section 507(a)(2) of the Bankruptcy Code.

5. Section 503(b)(9) provides "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including – (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9).

6. Here, Avanex satisfies each statutory requirement for a section 503(b)(9) claim. First, pursuant to Uniform Commercial Code ("UCC") § 2-103(1), receipt of goods means taking physical possession of the goods by the buyer. See also In re Trico Steel Co., LLC, 282 B.R. 318, 323-24 (Bankr. D. Del. 2002). It should be undisputed that the Debtors took physical possession of the Goods within the twenty days prior to the Petition Date.

7. Second, the Goods were sold to the Debtors in their ordinary course of business. The UCC defines "goods" to mean "all things which are movable at the time of identification to the contract for sale. The term includes ... specially manufactured goods ...." See UCC § 2-103(1)(k). The Debtors are developers and manufacturers of

4

WLM 516234.1

telecommunications equipment and, in this capacity, ordered and purchased the Goods from Avanex in the ordinary course of their business.

8. Third, the value of the Goods is established by the invoice amount. As set forth above, the total value of the Goods received by the Debtors during the twenty days prior to the Petition Date was at least $34,112.00. See In re Patient Educ. Media, Inc., 221 B.R. 97, 104 (Bankr. S.D.N.Y. 1998) (contract rate is presumed to set the reasonable value of administrative expense claim).

9. Because the Goods were (i) received by the Debtors within 20 days before the Petition Date; (ii) sold to the Debtors in the ordinary course of their business, and (iii) received in the ordinary course of the Debtors' business, Avanex is entitled to an allowed administrative expense claim in the amount of at least $34,112.00.

10. By this Motion, Avanex seeks allowance of an administrative expense claim against the Debtors in the amount of $34,112.00 for the Goods received by the Debtors within the twenty (20) days prior to the Petition Date.

## NOTICE OF MOTION

11. Notice of the relief requested in this Motion has been provided to (i) the Office of the United States Trustee, (ii) counsel for the Debtors, (iii) counsel to the Committee, and (iv) all parties that have requested notice pursuant to Bankruptcy Rule 2002 in these cases.

WHEREFORE, Avanex respectfully requests the entry of an order: (i) allowing Avanex an administrative expense claim under section 503(b)(9) of the Bankruptcy Code in an amount of at least $34,112.00; and (ii) granting such other and further relief as may be just and proper.

WLM 516234.1

6

Dated:   February 5, 2009                    Respectfully submitted,

WINSTON & STRAWN LLP
David A. Honig
Brian Y. Lee
101 California Street
San Francisco, California 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

-and-

EDWARDS ANGELL PALMER & DODGE LLP

*/s/ William E. Chipman*
William E. Chipman (No. 3818)
919 North Market Street, 15th Floor
Wilmington, Delaware 19881
Telephone: (302) 777-7770
Facsimile: (302) 777-7263
Email: wchipman@eapdlaw.com

Co-Counsel for Avanex Corporation