IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 11 |
| Nortel Networks Inc., *et. al*, | ) | |
| | ) | Case No. 09-10138 (KG) |
| Debtors. | ) | Jointly Administered |
| | ) Hearing Date: March 5, 2009 at 10:00 a.m. | |
| | ) Objection Date: February 26, 2009 at 4:00 p.m. | |

**EXCELIGHT COMMUNICATIONS, INC.'S MOTION FOR ALLOWANCE
AND PAYMENT OF ADMINISTRATIVE CLAIM UNDER §503(b)(9)**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Excelight Communications, Inc. ("Excelight") files this its Motion for Allowance and Payment of Administrative Claim (the "Motion"), which seeks allowance and payment of an administrative claim under 11 U.S.C. Section 503(b)(9) in the aggregate amount of **$13,663.30.** In support thereof, Excelight would respectfully show the Court as follows:

**I. JURISDICTION, VENUE AND STATUTORY PREDICATES FOR RELIEF**

1. This Court has jurisdiction over the subject matter of this Motion under 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

2. The statutory predicate for the relief requested herein is 11 U.S.C. § 503(b)(9).

**II. BACKGROUND**

3. On January 14, 2009 (the "Petition Date"), Nortel Networks Inc. *et. al*[1], the

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon Web Systems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

debtors in the above captioned cause, filed voluntary petitions for relief with the United States Bankruptcy Court for the District of Delaware (the "Court") under Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), commencing the above captioned, jointly administered Chapter 11 cases (collectively, the "Case"). Nortel Networks, Inc. will hereinafter be referred to as the "Debtor".

4.      Prior to the Petition Date, the Debtor entered into an OEM Purchase and Sale Agreement (the "Agreement")[2] with Excelight, pursuant to which Excelight agreed to sell, and the Debtor agreed to purchase, certain hardware and other products on terms specified in the Agreement. Generally, Excelight is to make available and deliver, and the Debtor is to purchase, products in the ordinary course of the Debtor's business on certain delivery dates, as specified by the Debtor. A true and correct copy of the Agreement and exhibits pertaining thereto are attached hereto as ***Exhibit A*** and fully incorporated herein by reference. The Agreement became effective on January 1, 2004 and continues to remain in effect.

5.      In accordance with the Agreement, and as specifically requested by the Debtor, Excelight sold and shipped products (the "Products") to the Debtor on various delivery dates before the Petition Date. The Debtor received certain of the products from Excelight **within twenty days** before the Petition Date. The Products were received by the Debtor in the ordinary course of its business. Attached hereto as ***Exhibit B***, and fully incorporated by reference, are true and correct copies of the invoices, packaging slips and related documentation pertaining to the sale and delivery of the Products, which contain a description of the Products, the dates the Products were shipped, proof of delivery and receipt, and the amounts due and owing by the

---

[2] The Agreement was originally entered into between Excelight and Nortel Networks Limited, an affiliate of the Debtor. However, the Agreement applies to the Debtor as if it were Nortel Networks Limited because Nortel Networks Limited designated the Debtor as a "purchaser" under the Agreement, and the Debtor has agreed to purchase products from Excelight in the ordinary course of its business under and in accordance with the terms of the Agreement. *See* The Agreement, ***Exhibit A*** ¶ 1.1.

**MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM - Page 2**
75285.000002 EMF_US 26792249v1

Debtor under the Agreement as of the Petition Date. The aggregate value of the Products received by the Debtor within twenty days of the Petition Date is **$13,663.30**. The Debtor has failed to pay for the Products.

### III.  BASIS FOR AND RELIEF REQUESTED

6. With this Motion, Excelight seeks an order from the Court (1) allowing Excelight an administrative expense claim under Section 503(b)(9) of the Bankruptcy Code (the "Claim") for the value of the Products in the amount of **$13,663.30** (the "Balance") and (2) directing the Debtor to pay the Claim immediately.

7. Under Section 503(b)(9) of the Bankruptcy Code, a claim for the value of goods received by a debtor within twenty days of a bankruptcy filing is accorded priority treatment as an administrative expense claim. In pertinent part, Section 503(b)(9) provides as follows:

> After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including --
>
> * * *
> (9)  the value of any goods **received by the debtor within 20 days** before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

11 U.S.C. § 503(b)(9). A 503(b)(9) administrative expense claim is entitled to priority in any distributions of assets from a debtor's estate. 11 U.S.C. 507(a)(2). This priority is secondary only to domestic support claims. *Id.* § 507(a)(1).

8. A debtor must pay a 503(b)(9) administrative expense claim in full in cash upon the effective date of a plan of confirmation. 11 U.S.C. 1129(a)(9)(A). However, courts have discretion to require a debtor to pay such claim immediately. *In re Garden Ridge Corp.*, 323 B.R. 136, 143 (Bankr. D. Del. 2005). When determining whether to require immediate payment, courts consider factors, such as "prejudice to the debtor, hardship to the claimant, and potential

detriment to other creditors." *Id.*; *see also, In re HQ Global Holdings, Inc.*, 282 B.R. 169 (Bankr. D. Del. 2002) (similarly finding that factors relevant to requiring immediate payment of administrative claims include whether the debtor's estate is able to pay all administrative claims in full, the particular needs of the administrative claimant, and the length and expense of the case's administration).

9.  In the instant case, and pursuant to 503(b)(9), Excelight's Claim qualifies as an administrative expense and is entitled to priority in the amount of **$13,663.30.** As stated above, the Debtor received the Products in the ordinary course of its business within twenty days before the Petition Date, and the Debtor failed to pay the Balance due and owing to Excelight under the Agreement in exchange for its receipt of the Products. Thus, all the requirements of 503(b)(9) are satisfied.

10. In addition, the Debtor should be required to pay the Claim immediately. There is no indication that the Debtor's estate will not be able to pay administrative expenses in full. Further, Excelight has a legitimate need for the cash requested, which it will use to pay its employees, pay its suppliers, and run its own business. In the present liquidity-starved economic environment, every cent counts. In sum, because Excelight has a legal right to payment in full under 503(b)(9), and there is no indication that the Debtor does not have the means to satisfy its Claim, Excelight requests that the Court direct payment of the Claim in full forthwith.

WHEREFORE, PREMISES CONSIDERED, Excelight requests that the Court (a) enter an Order, substantially in the form attached hereto as *Exhibit C*, (1) allowing an administrative Claim in the amount of **$13,663.30** under 503(b)(9) of the Bankruptcy Code and (2) directing the Debtor to pay such Claim immediately, and (b) grant to Excelight such other and further relief as is just and proper.

| | |
|---|---|
| Dated:  February 9, 2009 | HUNTON & WILLIAMS LLP |
| | |
| | */s/ Michael Wilson* |
| | Michael G. Wilson (VSB No. 48927, DE No. 4022) |
| | Riverfront Plaza, East Tower |
| | 951 East Byrd Street |
| | Richmond, Virginia 23219-4074 |
| | Telephone:  (804) 788-8200 |
| | Telecopy:  (804) 788-8218 |
| | |
| | -and- |
| | |
| | Lynnette R. Warman |
| | Texas State Bar No. 20867940 |
| | SD Bar No. 13332 |
| | 1445 Ross Avenue, Suite 3700 |
| | Dallas, Texas  75202-2799 |
| | Telephone:  (214) 855-4500 |
| | Telecopy:   (214) 855-4300 |
| | |
| | **ATTORNEYS FOR EXCELIGHT COMMUNICATIONS, INC.** |

## CERTIFICATE OF SERVICE

      This is to certify that on February 9, 2009, a copy of the foregoing Motion for Allowance and Payment of Administrative Claim was served by the Electronic Case Filing System for the United States Bankruptcy Court for the District of Delaware.  A separate certificate of service shall be filed with respect to those parties on the Clerk's list who do not receive electronic e-mail service.

                                                    */s/ Lynnette Warman*
                                                    Lynnette R. Warman