IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | Chapter 11 |
| NORTEL NETWORKS, INC., *et. al.*, | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |
| | Hearing Date: Feb. 19, 2009 at 10:00 a.m. (ET)<br>Objections Due: Feb. 12, 2009 at 4:00 p.m. (ET) |
| | Re: Docket No. 193 |

**OBJECTION OF ANDREW, LLC AND APPLICABLE AFFILIATES TO DEBTORS' MOTION FOR AN ORDER ESTABLISHING PROCEDURES FOR ADDRESSING RECLAMATION DEMANDS PURSUANT TO SECTIONS 105(a), 362 AND 546(c) OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Andrew, LLC and applicable affiliates (collectively, "Andrew"), by and through their undersigned counsel, hereby files their objection (the "Objection") to the Debtor's Motion for an Order Establishing Procedures for Addressing Reclamation Demands Pursuant to Sections 105(a), 362 and 546(c) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure [D.I. 193] (the "Motion"). Andrew objects to the Motion on the grounds that it does not strike a reasonable balance between the rights that Andrew is giving up and the benefits that Andrew would receive. Put another way, the Debtors reap enormous benefits from the Motion, but there is no assurance that the proposed reclamation procedures will protect Andrew's rights as envisioned under the chapter 11 of title 11 of the United States Code §§ 101, et seq. (the "Bankruptcy Code"). In support of this Objection, Andrew respectfully states as follows:

2135465

## BACKGROUND

A.  **General Background**

1.  On January 14, 2009 (the "Petition Date"), Nortel Networks, Inc. and its affiliates (collectively, the "Debtors") filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The Debtors have continued as debtors-in-possession.

2.  Andrew is a vendor of the Debtors supplying electronic components for use in the Debtor's operations.

3.  During the 45 days prior to the Petition Date, Andrew sold goods having an aggregate value of at least $544,669.58 to the Debtors on credit terms (the "Goods"), and the Debtors have not paid any part of the purchase price of the Goods. Thus, Andrew has the right to reclaim the Goods, which were sold to and received by the Debtors during the period designated under Bankruptcy Code § 546(c), and to an administrative expense claim for that portion of the Goods sold to and received by the Debtors during the 20 day period prior to the Petition Date under Bankruptcy Code § 503(b)(9).

4.  To that end, on January 29, 2009, Andrew sent a written reclamation demand to the Debtors, demanding reclamation of the Goods and, more specifically, demanding that the Debtors (a) immediately inventory and segregate the Goods for return to Andrew, (b) not use any of the Goods or make any further sale, transfer or other disposition of the Goods, (c) hold the Goods in trust for Andrew pending their return, and (d) immediately return all of the Goods to Andrew. Andrew served its written reclamation demand on the Debtors and their counsel. A notice of the reclamation demand, together with a true and exact copy of Andrew's written reclamation demand, was filed with this Court on February 5, 2009 [D.I. 243].

2

2135465

B.  **The Reclamation Procedures Motion**

5.  The Debtors filed the Motion on February 2, 2009. The Motion grants the Debtors enormous administrative and substantive benefits while depriving Andrew of the ability to reclaim the Goods. In return, Andrew gets ambiguous and possibly illusory benefits. Andrew does not oppose implementation of reasonable reclamation procedures, but the Motion should be denied in its present form.

6.  The Motion claims that "[t]he Debtors' businesses will be severely disrupted if vendors are permitted to exercise their rights to reclaim goods without a uniform procedure that is fair and applicable to all parties." Motion ¶ 11. To that end, the Debtors moved this Court "to adopt a uniform procedure for determining and settling all valid Reclamation Demands so that litigation regarding Reclamation Demands does not interfere with the Debtors' reorganization efforts." Motion ¶ 12. The proposed reclamation procedures (the "Reclamation Procedures"), set forth in a proposed order submitted with the Motion (the "Reclamation Order"), call for the Debtors to file a notice (the "Reclamation Notice") with this Court within 120 days of the Petition Date, listing both the amount of each timely filed reclamation demand and the amount that the Debtors determine to be valid for each demand. Motion ¶ 13.c. Reclamation claimants then have twenty days to file objections to the Reclamation Notice. Motion ¶¶ 13.e, 13f. If a reclamation claimant does not file an objection, then the Reclamation Notice is deemed to identify the extent of such claimant's valid demand. Motion ¶ 13.f. While the Debtors are free to reach any settlement with reclamation claimants, the Reclamation Procedures are to be the "sole and exclusive method for resolving Reclamation Demands," and reclamation claimants are to be prohibited from seeking relief through, without

3

2135465

limitation, (i) adversary proceedings against the Debtors, (ii) efforts to obtain possession of their goods except as permitted by the Reclamation Procedures, or (iii) interfering with delivery of goods to the Debtors. Motion ¶ 14.

## OBJECTIONS

**A. The Reclamation Procedures provide no assurance to Andrew that the Goods which are the subject of its reclamation claim will be preserved pending determination of the validity of reclamation amounts.**

7. The purpose of a reclamation demand under Bankruptcy Code § 546(c) is to provide notice to a debtor of those goods in the debtor's possession to which a pre-petition creditor may assert rights available under state law. See In the Matter of Griffin Retreading Co., 795 F.2d 676, 678 (8th Cir. 1986). Accordingly, accompanying this purpose is the paramount aim of protecting the rights of creditors under state law during the orderly administration of a case under the Code.

8. Under the Reclamation Procedures, the Debtors have 120 days from the Petition Date to provide their calculations of the valid amount of Andrew's reclamation claim. However, nothing in the Reclamation Procedures ensures that Andrew's Goods will be segregated or otherwise preserved so as to satisfy its valid and timely reclamation claim. The Reclamation Procedures afford Andrew no expectation or assurance that the Goods will not be sold or otherwise used in the Debtors' ongoing business. The designation of a 120-day window in which the Debtors have the unilateral right, to the exclusion of any rights to which Andrew may be entitled under applicable law, to prepare a list of "valid" reclamation demands in the form of the Reclamation Notice only exacerbates the likelihood that the Debtors can take actions that diminish any eventual recovery on Andrew's valid reclamation claim.

4

2135465

9. Pending the determination of the validity of and treatment of Andrew's reclamation amount, the Debtors should be required (i) to segregate and hold in trust the Goods identified in Andrew's reclamation demand, (ii) to provide Andrew notice of the location and the quantity of the Goods, and (iii) to provide Andrew with notice of any sale of the Goods from the Petition Date. Further, the Debtors should be required to seek Court approval for the sale, disposition or any other use of the Goods, and that such approval be granted only if the Debtors can adequately protect Andrew's interests under Bankruptcy Code §§ 361 and 363(e).

10. This relief is appropriate because it strikes a proper balance between preserving Andrew's rights while affording the Debtors flexibility to carry on their reorganization efforts. Andrew's reclamation demand is no doubt typical of many creditors in that the dollar amount at stake is significant – the value of Andrew's timely reclamation demand is not less than $544,669.58. To the extent the Reclamation Procedures do not compel the Debtors to take any affirmative steps to segregate and identify the Goods, Andrew will be deprived of the very rights § 546(c) was designed to protect.

B. **By making the Reclamation Procedures exclusive, the Motion deprives Andrew of all other possible methods of protecting its valid reclamation claim provided by the Bankruptcy Code and applicable law.**

11. The Reclamation Order, if entered, would prohibit Andrew from (i) commencing an adversary proceeding against the Debtors in connection with its valid reclamation demand, (ii) seeking to obtain possession of the Goods except as permitted by the Reclamation Procedures, or (iii) interfering with the delivery of goods to the Debtors. Motion ¶ 14. The Reclamation Order, if entered, would thus deprive Andrew

5

2135465

of all possible methods for protecting its rights against the Debtors, rights which are made all the more fragile by the lack of adequate protection outlined in section A of the Objection. Therefore, unless the Debtors can adequately protect Andrew's interest in the Goods, the Court should not deprive Andrew of recourse to any and all means available under the Code and applicable law to protect its rights to the Goods.

C. **Third Objection: The Reclamation Procedures do not adequately ensure that Andrew, which properly served a reclamation demand prior to the Motion, will not be prejudiced in any way by its failure to abide by the subsequently outlined notice procedures.**

12. Notice of a reclamation claim is only required to be commercially reasonable. See In re Marin Motor Oil, Inc., 740 F.2d 220, 228 (3d Cir. 1984). Thus, commercially reasonable notice to the Debtors triggers the reclamation right. Paragraph 13.b of the Motion requires reclamation claimants to deliver copies of their demand to the Debtors c/o their counsel, Cleary Gottlieb Steen & Hamilton, LLP with a copy to Epiq Bankruptcy Solutions, LLC. In that same paragraph, the Proposed Procedures state that "any person who served a Reclamation Demand prior to the filing of the Motion may have served such demand on either Cleary Gottlieb or Morris, Nichols, Arsht & Tunnell ("MNAT") as counsel to the Debtors, Epiq Bankruptcy Solutions, LLC, or an authorized representative of the Debtors for such purposes."

13. Andrew properly served its reclamation demand on the Debtors and their counsel prior to the date of the Motion and within 20 days after the Petition Date, as required by Bankruptcy Code § 546(c)(1)(B). Andrew does not oppose a requirement that other or future reclamation claimants, if any such claimants still exist, must send additional notice to the parties designated by the Debtors in the Motion. However, the

Debtors should be required to affirmatively acknowledge that the imposition of any post-Motion notice requirements does not prejudice Andrew's timely, properly-served reclamation demand.

**WHEREFORE**, Andrew respectfully requests that the Court enter an order sustaining this objection to the Motion, or conditioning the relief afforded to the Debtors on the adequate protection of Andrew's interests as described above, and granting such other and further relief as the Court deems just and proper.

Dated: February 12, 2009

**MORRIS JAMES LLP**

*/s/ Ericka J. Johnson*

Brett D. Fallon (DE Bar No. 2480)
Ericka F. Johnson (DE Bar No. 5024)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: bfallon@morrisjames.com
E-mail: ejohnson@morrisjames.com

- and -

David M. Schilli
Ty E. Shaffer
ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Telephone: (704) 377-2536
Facsimile: (704) 339-3442
E-mail: dschilli@rbh.com
E-mail: tshaffer@rbh.com

*Attorneys for Andrew, LLC*