IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Case No. 09-10138 (KG) |
| Nortel Networks Inc., et al.,[1] | Chapter 11 |
| Debtors. | (Jointly Administered) |
| | Hearing Date: February 19, 2009 at 10:00 a.m.<br>Objection Deadline: February 12, 2009 at 4:00 p.m. |

**OPPOSITION OF JDS UNIPHASE CORPORATION TO DEBTORS'
MOTION FOR AN ORDER ESTABLISHING PROCEDURES FOR
ADDRESSING RECLAMATION DEMANDS PURSUANT TO
SECTIONS 105(A), 362 AND 546(C) OF THE BANKRUPTCY CODE
AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

JDS Uniphase Corporation ("JDSU"), a reclamation creditor herein, by and through its undersigned attorneys, hereby submits this opposition (this "Opposition") to the *Debtors' Motion For An Order Establishing Procedures For Addressing Reclamation Demands Pursuant to Sections 105(a), 362 and 546(c) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "Debtors' Motion") filed by Nortel Networks Inc. and related debtors herein (collectively, the "Debtors"), as follows.

## I. BACKGROUND

1. The basic facts are not in dispute. On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. In addition, on the Petition Date, the Debtors' corporate parent Nortel Networks Corporation, and certain of their Canadian affiliates, filed an application with the Ontario Superior Court of Justice under the Companies' Creditors Arrangement Act (Canada) seeking relief from their creditors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of Debtor's tax identification numbers are: Nortel Network, Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Otera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions, Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6826) and Nortel Networks Cable Solutions Inc. (0567).

{00273729;v1}

3.      On January 16, 2009 (the "JDSU Demand Date"), JDSU sent to Ms. Ann C. Cordo and Mr. Derek Abbott of Morris Nichols Arsht & Tunnell LLP, and Mr. James Bromley and Ms. Lisa Schweitzer of Cleary Gottlieb Steen & Hamilton LLP (collectively, the "Debtors' Counsel"), by telecopy, electronic mail and United States first class mail, a written demand (the "JDSU Demand") for reclamation and return of products shipped by JDSU and received by the Debtors within 45 days preceding such demand, in the aggregate amount of $5,183,690 (the "JDSU Reclaimed Products"). A true and correct copy of the JDSU Demand is attached hereto as **Exhibit "A."** Attached to the JDSU Demand is a detailed list of all invoices under which the JDSU Reclaimed Products were shipped.

4.      All of the JDSU Reclaimed Products were sold to the Debtors pursuant to purchase orders placed by the Debtors upon JDSU, on credit terms, and as of the Petition Date, JDSU had not received payment for any of such sold products.

5.      Since the Petition Date, JDSU has expended considerable time working with employees of the Debtors in an effort to identify the status and recent history of each of the items of JDSU Reclaimed Products, including the location and use of each such item as of January 16, 2009 and its location and status as of the present time. Through those efforts, the following has been learned by JDSU:

   a.      Roughly $2,000,000 of the JDSU Reclaimed Products are presently in the possession of the Debtors and undisputedly subject to reclamation;

   b.      Roughly $2,100,000 of the JDSU Reclaimed Products were ordered by, and shipped to, the Debtors' affiliate in the United Kingdom, and therefore not subject to reclamation by JDSU, according to the Debtors; and

   c.      Roughly $1,000,000 of the JDSU Reclaimed Products have not been located by the Debtors, either because they have been consumed prior to the present day (but not necessarily as of the JDSU Demand Date) or because they were ordered by the Debtors and delivered, at the Debtors' direction, elsewhere.

6.      JDSU believes that most or all of the JDSU Reclaimed Products are in fact subject

to reclamation pursuant to Section 546(c) of the Bankruptcy Code, but the Debtors have taken the position that none of the products described in subparagraphs 5(b) or (c) above can be reclaimed. As a result, disputes exist between the Debtors and JDSU as to the JDSU Reclamation Demand as to certain of the JDSU Reclaimed Products, but not all of them – the Debtors have apparently conceded that approximately $2,000,000 of the JDSU Reclaimed Products are properly within the scope of Section 546(c) reclamation.

7. Notably, even though the Debtors are not able to establish that the products described in subparagraph 5(b) were not in their possession or control as of the JSDU Demand Date, they have categorically rejected JDSU's reclamation demand as to those products. Most egregiously, they have refused to provide information regarding those products to JDSU, on the premise that those products cannot be reclaimed, and that the information is therefore "irrelevant."

8. Even though almost a full month has now passed since JDSU made its reclamation demand, and even though the Debtors do not apparently dispute JDSU's right to reclaim at least $2,000,000 of the JDSU Reclaimed Products, no products whatsoever have been returned to JDSU, no payment has been made to JDSU for any of those products, and the Debtors have not agreed to segregate or preserve any of the JDSU Reclaimed Products to any extent.

## II. DEBTORS' MOTION

9. In the Debtors' Motion, the Debtors have now proposed procedures for resolving all reclamation claims made upon the Debtors, including the JDSU Demand. In particular, the Debtors have proposed a four-month period in which to publish a list of reclamation demands and the Debtors' position as to each, followed by the right of reclamation claimants to file objections to the list. The Debtors' Motion provides no process for resolution of those objections, but expressly asks the Court to prohibit reclamation claimants from resorting to any *other* process to resolve their claims.

10. The Debtors' Motion fails to provide any explanation or justification for the four-

month delay in providing its list of reclamation claims, an inordinate delay of reclamation rights intended to be addressed quickly. In addition, the Debtors' Motion is devoid of any provisions to protect the rights of reclamation creditors during the proposed, extended process. In particular, the Debtors' proposed procedures make no provision for any of the following:

    a.    There is no requirement that the Debtors provide information to reclamation creditors about their products or claims during the four-month hiatus proposed by the Debtors. Given JDSU's experience to date, this is worrisome – the Debtors have taken the position thus far that they need only provide information that they, not the claimants, deem relevant.

    b.    There is no requirement that the Debtors segregate, and not use, products that are subject to reclamation claims. In fact, the Debtors' Motion does not propose any restrictions at all on the Debtors' use and sale of those products, even those acknowledged to be subject to reclamation and return.

    c.    There is no process delineated for resolving disputes about the reclamation demands. Thus, even though the Debtors propose that reclamation claimants be barred from pursuing any *other* means of recovery, no means of recovery is provided in the proposed procedures. All that is said is that a list will be published and claimants will be entitled to object to that list. But then what? There are no rules proposed that would establish how those objections will be resolved, and would provide any assurance that those objections will be resolved promptly, even as reclaimed products are consumed and sold.

11.    As set forth below, the proposed procedures, with their consequent delays and ambiguities, and in particular their lack of protection of reclamation claimants' rights, do not comply with applicable law and should not be approved without substantial modification.

### III. ARGUMENT

The procedures proposed by the Debtors do not adequately protect the rights of JDSU and other reclamation creditors, and therefore run afoul of applicable law. As such, they should

not be approved and implemented without substantial modification. Specifically:

A. **JDSU's Reclamation Rights Are Entitled to Adequate Protection.**

12. A vendor has a right to reclaim products sold to a buyer while insolvent, pursuant to Section 546 (c) of the Bankruptcy Code and Section 2-702 of the Uniform Commercial Code, within certain limitations.

13. JDSU's reclamation claim specifically demanded reclamation and return of products sold to, and received by, the Debtors within those limitations. At least on a *prima facie* basis, JDSU has met the requirements for reclamation of more than $5 million of products, and of that amount, the Debtors have conceded JDSU's right to reclaim approximately $2,000,000 of product.

14. Section 546(c) of the Bankruptcy Code both recognizes a seller's right to reclaim goods, and gives the bankruptcy court the power to provide for alternative remedy. *In re Pester Refining Co.*, 964 F.2d 842, 845 (8th Cir. 1992); 11 U.S.C. § 546(c). Given the reclamation creditor's right to reclaim specific goods, and the debtor's obligation to return those goods or to pay for them, it follows that the reclamation claimant has an interest, akin to a lien, in the products that are subject to its reclamation claim.

15. Reclamation rights are property rights that a seller has in goods sold and reclaimed. *In re Shattuck Cable Corp.*, 138 B.R. 557, 563 (Bankr. N.D. Ill. 1992), see also, *In re PFA Farmers Market Ass'n.*, 583 F.2d 992, 1001 (8th Cir. 1978) (most courts have concluded that the right of reclamation is a specific property right). Since the right of reclamation is a property right in the subject inventory to secure repayment or performance, it is a lien under the definition provided by Section 101(37) of the Bankruptcy Code.

16. In the case of JDSU's reclamation claim, JDSU's timely demand creates a right and interest in each of the JDSU Reclaimed Products, similar to a lien or ownership interest in those products.

17. As such, that interest must be adequately protected under the provisions of Section 363 of the Bankruptcy Code, if the Debtors propose to use or hold the JDSU Reclaimed

Products. In particular, the reclaimed products must be treated as property in which JDSU has an interest, and any proceeds of sale of the reclaimed products must be treated as cash collateral in which JDSU has an interest, pursuant to Section 363(a) of the Bankruptcy Code. In short, any use by the Debtors of the reclaimed products or their proceeds, as cash collateral, must be conditioned upon adequate protection of JDSU's interests therein, pursuant to Sections 363(c) and (e) of the Bankruptcy Code.

18. Adequate protection is meant to preserve the status quo of the creditor during a reasonable length of time. In such case, the rights of the creditor may be frozen, but they cannot be adversely changed. *In re Chevy Devco*, 78 B.R. 585, 588 (Bankr. C.D. Cal. 1987.)

19. As set forth below, those interests of JDSU and other reclamation claimants are not protected by the procedures proposed by the Debtors, and those procedures therefore violate the requirements of Section 363 of the Bankruptcy Code.

B. **The Debtors Should Be Prohibited From Using Reclamation Products.**

20. As stated, JDSU's rights as a reclamation claimant are entitled to adequate protection. That protection normally takes the form of either segregation of the reclaimed products, or payment for those products.

21. Typically, the bankruptcy court may order a debtor to segregate and hold the goods subject to reclamation, in order to protect against diminution in value of the reclamation demand. See, *In re Buyer's Club Markets, Inc.*, 100 B.R. 37, 38 (Bankr. D. Colo. 1989).

22. Yet, the Debtors' Motion proposes no protection of JDSU's, or other reclamation claimants' rights, at all. The procedures proposed by the Debtors do not prohibit use of the reclaimed goods, do not require segregation and reporting of the goods' status, and do not require immediate payment of all proceeds of sale of those products to the reclamation claimants.

23. In order to adequately protect JDSU's and others' reclamation interests, the procedures must prohibit use or sale of the JDSU Reclaimed Products and other reclaimed goods, and require their segregation and preservation, as well as require periodic reports to JDSU and other reclamation claimants of those products' status and location, absent either claimants'

consent or full payment to claimants therefor.

C. **The Debtors' Proposed Process Is Unnecessarily Long And Prejudicial.**

24. The Debtors' request for a four-month delay before even presenting a list of reclamation claims and positions is not, and cannot be, justified.

25. It is JDSU's understanding that there are no more than roughly 30 reclamation demands to date, some of which are in relatively minor amounts. For companies the size of the Debtors, this is not an extraordinary volume of claims, and the records of the products that are subject to those claims should be readily accessible to the Debtors in the inventory records kept by them in the ordinary course of business. This should not require 120 days to construct.

26. Moreover, the extent of information to be provided during that 120-day period, and in the list to be provided by the Debtors, is not identified and therefore liable to be minimal. The Debtors do not propose to share raw data (or any other information) with reclamation claimants either during or at the conclusion of their four-month delay, and thus reclamation claimants are likely to be left in limbo for four months with no benefit in information or analysis as a result.

27. Particularly, because the proposed process does not prohibit the Debtors' use of the reclaimed products at any point in time, or offer any other means of protection of those products and their proceeds, *even those products acknowledged by the Debtors to be subject to reclamation*, a delay of four months even before any efforts can be commenced by reclamation claimants to recover their reclaimed goods, cannot be justified and is not compliant with applicable adequate protection requirements of Section 363 of the Bankruptcy Code.

28. The four-month period should be shortened substantially, and the Debtors should be required to share information gathered in their investigation with reclamation claimants, on a present-time basis.

D. **Reclamation Claimants Should Be Permitted To Prosecute Their Rights.**

29. As stated, whereas the Debtors' Motion proposes to enjoin reclamation claimants from taking any actions to prosecute their claims, even filing relief from stay motions or

demanding adequate protection, the Debtors' Motion proposes no clear alternative course of action for reclamation claimants.

30. Specifically, even though the motion proposes that reclamation claimants be held back from action for the four-month period while the Debtors assemble their "Reclamation Notice," all that they are allowed to do after that Reclamation Notice is served, is file objections. The proposed procedures do not specify how and when those objections will be heard, and provide no assurance of prompt resolution.

31. The absence of any defined process for resolution of reclamation claims, coupled with a general stay against enforcement actions by reclamation claimants, leaves those claimants' rights inadequately protected.

32. Instead, it should be made clear in any procedures approved by the Court that the stay of enforcement of reclamation rights will terminate upon the deadline for issuance of the Reclamation Notice – following such deadline, any reclamation claimant should be entitled to take any actions otherwise permitted under the Bankruptcy Code to enforce its rights.

## VI.    CONCLUSION

Based on the foregoing, JDSU respectfully submits that the Court should deny the Debtor's Motion unless the procedure proposed therein is modified in each of the following respects:

A. The Debtors should be prohibited from any use or sale of the products that are subject to reclamation demands, and should be required to segregate and preserve all such products and provide periodic reports to reclamation claimants as to their products' status and location, absent either the reclamation claimant's consent or full payment to the reclamation claimant therefor.

B. The four-month period for the Debtors' issuance of the Reclamation Notice should be shortened and should terminate as of March 15, 2009, and the Debtors should be required to share all information gathered in their investigation with reclamation claimants, on a present-time basis throughout that period.

C.  Any stay of enforcement of reclamation rights should terminate as of March 15, 2009, after which reclamation claimants should be entitled to take any actions otherwise permitted under the Bankruptcy Code in order to enforce their rights.

DATED: February 12, 2009

Respectfully submitted,

MEYERS LAW GROUP, P.C.

/s/ *Merle C. Meyers*
Merle C. Meyers, Esq., CA Bar #66894
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515

-and-

ASHBY & GEDDES, P.A.

*[signature]*
William P. Bowden (#2553)
Amanda M. Winfree (#4615)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

*Attorneys for JDS Uniphase Corporation*