IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
:
*In re*                                                        :    Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                             :    Case No. 09-10138 (KG)
:
           Debtors.                        :    Jointly Administered
:
:    **Hearing date: March 5, 2009 at 10:00 a.m.**
:    **Objections due: Feb. 26, 2009 at 4:00 p.m.**
---------------------------------------------------------------X

### APPLICATION OF THE DEBTORS PURSUANT TO 11 U.S.C. § 327(e) TO RETAIN AND EMPLOY CROWELL & MORING LLP AS SPECIAL COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO JANUARY 14, 2009

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this court (the "Application") for the entry of an order substantially in the form attached hereto as Exhibit B, pursuant to sections 327(e) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) authorizing the employment and retention of Crowell & Moring LLP ("Crowell") as Special Counsel to the Debtors nunc pro tunc to the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[New York #2011782 v2]

Petition Date. (ii) approving the terms and conditions under which Crowell will be retained and compensated and (iii) granting related relief. In support of this Application, the Debtors rely upon and incorporate by reference the Declaration of James J. Regan (the "Regan Declaration"), attached hereto as Exhibit A. In further support of this Application, the Debtors respectfully represent as follows:

## Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 327, 328, 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2014 and 2016 and Local Bankruptcy Rule 2014-1.

## Background

**A.  Introduction**

3. On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and

[New York #2011782 v2]

certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as foreign representative for the Canadian Debtors, has filed petitions for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

6. On January 14, 2009, the Canadian Court entered an order recognizing these Chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. In addition, at 8 p.m. on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates into administration under the control of individuals from Ernst & Young LLC (collectively, the "EMEA Debtors").[3]

7. On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that provided for the joint administration of these cases and for consolidation for procedural purposes only.

---

[2] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[3] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

[New York #2011782 v2]

8.  On January 26, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code (D.I. 141, 142). No trustee or examiner has been appointed in the Debtors' cases.

B.  **Debtors' Corporate Structure and Business**

9.  A description of the Debtors' corporate structure and businesses and the events leading to the chapter 11 cases are set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications (the "First Day Declaration").[4]

## Relief Requested

10.  By this Application, the Debtors seek entry of an order pursuant to sections 327(e) and 331 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rules 2014-1 (i) authorizing the employment and retention of Crowell as Special Counsel to the Debtors nunc pro tunc to the Petition Date, (ii) approving the terms and conditions under which Crowell will be retained and compensated and (iii) granting related relief.

## Basis For Relief

11.  Section 327(e) of the Bankruptcy Code authorizes a debtor-in-possession to employ one or more attorneys to represent the debtor on specified special matters so long as those attorneys do not hold or represent an interest adverse to the estate with respect to the matters on which they are to be retained. See 11 U.S.C. §§ 327(e), 1106 and 1107.

12.  The Debtors seek to retain Crowell as Special Counsel because of its intimate knowledge of the Debtors' business and operations. Since 1999, Crowell has

---

[4]  Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

4

represented certain of the Debtors, the Canadian Debtors, the EMEA Debtors, and non-debtor affiliates (collectively, "Nortel") on a variety of matters, including general advice and legal services relating to the following practice areas: antitrust; corporate; government contracts; intellectual property; international business; international regulatory and compliance; labor and employment; litigation; mergers and acquisitions, divestitures and corporate governance; technology, media and telecommunications; white collar litigation; and related matters, as well as advice and services relating to the laws of certain non-U.S., non-Canadian jurisdictions (collectively, "Crowell's Area of Expertise"). As a result of its knowledge and experience in Crowell's Area of Expertise, it is unquestionable that the employment of Crowell is in the best interests of the Debtors and the Debtors' estates. Indeed, after the Petition Date, where requested to do so, Crowell continues to provide Nortel with advice and services in Crowell's Area of Expertise.

13. While certain of Crowell's work, such as representation of the Debtors in connection with asset divestitures, may be ancillary to the Debtors' reorganization process, Crowell is not being retained, and has not been asked, to provide advice with respect to conducting the Debtors' bankruptcy cases.

14. Subject to this Court's approval and in accordance with sections 327(e) and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Orders of this Court, the Debtors propose to compensate Crowell for professional services rendered at its normal and customary hourly rates in effect from time to time as set forth in the Regan Declaration, plus reimbursement of actual, necessary expenses incurred by Crowell on the Debtors' behalf.

**Nunc Pro Tunc Retention**

15. The Debtors request approval of the employment of Crowell <u>nunc pro tunc</u> to January 14, 2009. The Third Circuit has identified "time pressure to begin service without court approval" and absence of prejudice as factors favoring <u>nunc pro tunc</u> retention. See <u>In re Indian River Homes, Inc.</u>, 108 B.R. 46, 52 (D. Del. 1989), <u>app. dismissed</u>, 909 F.2d 1406 (3d Cir. 1990). These factors justify <u>nunc pro tunc</u> relief in these cases.

16. It is undisputable that there was significant time pressure for Crowell to continue to provide the Debtors with services within Crowell's Area of Expertise.

17. Additionally, <u>nunc pro tunc</u> retention will not prejudice the Debtors' creditors. To the contrary, as set forth above, approval of this Application will benefit the Debtors' creditors by increasing the prospects of recovery for these estates.

18. Accordingly, the Court should approve Crowell's retention <u>nunc pro tunc</u> to January 14, 2009.

**Absence of Adverse Interest**

19. To the best of the Debtors' knowledge and except as set forth in the Regan Declaration, Crowell has no interest in or connection with any creditor or other party-in-interest in the Debtors' pending Chapter 11 proceedings, nor to the best of the Debtors' knowledge does Crowell hold any interest adverse to the interests of the Debtors or the Debtors' estates with respect to the matters on which Crowell is to be employed.

**Compensation**

20. Crowell rendered prepetition services to certain of the Debtors, the Canadian Debtors, the EMEA Debtors and other affiliates for which it has yet to be paid. Crowell represents that the aggregate value of such prepetition services is approximately

[New York #2011782 v2]

$1,052,077.75. Pursuant to section 329(a) of the Bankruptcy Code, an attorney representing a debtor in connection with a pending bankruptcy case shall file a statement with the Court disclosing payments made to the attorney within one year prior to the petition date. Although Crowell does not believe that the services rendered to Nortel were in connection with these bankruptcy cases, in the interest of full disclosure to the Court, in the one year prior to the Petition Date, Crowell received payments from Nortel for services rendered in the approximate amount of $2,457,941.82.

21. Crowell understands that any compensation and expenses paid to it must be approved by this Court upon application.

22. Subject to applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and Court orders, and except for one matter described herein, compensation will be payable to Crowell on an hourly basis at its customary hourly rates for the respective services rendered as in effect from time to time, plus reimbursement of actual, necessary expenses incurred by Crowell. Crowell adjusts the hourly rates for its attorneys from time to time, usually at the beginning of each calendar year. Crowell's hourly rates currently range as follows:

| | |
|---|---|
| Partners: | $480-$895 |
| Counsel | $435-$645 |
| Associates: | $275-$535 |
| Paralegals: | $135-$270 |

23. The hourly rates set forth above are Crowell's general hourly "A" rates for work of this nature. With respect to one matter relating to Crowell's preparation of the Debtors' affirmative action plans and other affirmative action-related counseling services, Crowell's compensation for 2009 will be made on the following modified fixed fee basis: If the value of Crowell's fees and expenses at "B" rates, less a 10% discount, is less than $85,000, the Debtors

and Crowell will split the difference. If the value of Crowell's fees and expenses at "B" rates, less a 10% discount, is greater than $85,000, the Debtors and Crowell will split the difference up to a maximum of $100,000. These rates are set at a level designed to fairly compensate Crowell for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

24. It is Crowell's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, photocopying charges, travel expenses, computerized research and transcription costs. Crowell will charge the estate for these expenses in a manner and at rates consistent with charges made generally to Crowell's other clients. Crowell believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

## Notice

25. Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) Office of the United States Trustee for the District of Delaware; (ii) the Committee; and (iii) the general service list established in these cases. The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

26. No prior application for the relief sought herein has been made to this Court or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

[New York #2011782 v2]

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Application and the relief requested herein authorizing the Debtors to retain and employ the firm of Crowell & Moring LLP as Debtors' Special Counsel, effective as of January 14, 2009; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: February 13, 2009
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Thomas F. Driscoll III (No. 4703)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
Phone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*

[New York #2011782 v2]