## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X

*In re*                                          :        Chapter 11

                                                 :
Nortel Networks Inc., *et al.,*[1]               :        Case No. 09-10138 (KG)

                          Debtors.               :        Jointly Administered

                                                 :
                                                 :        **Hearing date: March 5, 2009 at 10:00 a.m. (E.T.)**
                                                 :        **Objections due:  Feb. 26, 2009 at 4:00 p.m. (E.T.)**

-------------------------------------------------------X

## DEBTORS' SECOND MOTION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. § 521 EXTENDING THE DEBTORS' DEADLINE TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively the "Debtors"), hereby move this Court (the "Motion") for entry of an order substantially in the form attached hereto as Exhibit A, pursuant to section 521(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1007(b) and (c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), extending the time within which the Debtors must file their Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements," and together with the Schedules, the "Schedules and Statements") an additional seventy-four (74) days from the Current Deadline, through and including May 29, 2009; and

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

granting them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors rely on the Declaration of John Doolittle in Support of First Day Motions and Applications (the "First Day Declaration"). In further support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1.      The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and the Motion in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory basis for the relief requested herein is section 521(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 1007(b) and (c) and Local Rule 1007-1(b).

## Background

**A.    Introduction**

3.      On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement

---

[2] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

2

Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as foreign representative for the Canadian Debtors, has filed petitions for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as foreign proceedings under section 18.6 of the CCAA. In addition, at 8 p.m. on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates into administration under the control of individuals from Ernst & Young LLC (collectively, the "EMEA Debtors").[3]

6.      On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Bankruptcy Rules that provided for the joint administration of these cases and for consolidation for procedural purposes only.

7.      On January 26, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code (D.I.s 141, 142). The initial section 341 meeting is to be held on February 19, 2009. No trustee or examiner has been appointed in the Debtors' cases.

8.      On February 4, 2009, the Court entered an Order Extending the Debtors' Deadline to File Schedules of Assets and Liabilities and Statements of Financial Affairs, granting the Debtors an extension of thirty (30) days of the time provided for under Rule 1007(b) and (c) and

---

[3]      The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

Local Rule 1007-1(b), providing the Debtors a total of sixty (60) days from the Petition Date, through and including March 16, 2009 (the "Current Deadline"), to file the Schedules and Statements.

**B.      Debtors' Corporate Structure and Business**

9.      A description of the Debtors' corporate structure and businesses and the events leading to the chapter 11 cases are set forth in the First Day Declaration.[4]

### Relief Requested

10.      By this Motion, the Debtors seek the entry of an Order, pursuant to section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(b) and (c) and Local Rule 1007-1(b), extending the time within which the Debtors must file their Schedules and Statements an additional seventy-four (74) days from the Current Deadline, through and including May 29, 2009.

### Basis for Relief

11.      Section 521(a) of the Bankruptcy Code and Bankruptcy Rule 1007(b) and (c) require a debtor to file its schedules of assets and liabilities and its statement of financial affairs with the Court within 15 days of filing its chapter 11 petition.

12.      Local Rule 1007-1(b) provides:

> In a voluntary chapter 11 case, if the bankruptcy petition is accompanied by a list of all the debtor's creditors and their addresses, in accordance with Local Rule 1007-2, and if the total number of creditors in the debtor's case (or, in the case of jointly administered cases, the debtors' cases) exceeds 200, the time within which the debtor shall file its Schedules and Statement of Financial Affairs required under the Fed. R. Bankr. P. shall be extended to thirty (30) days from the petition date. Any further extension shall be granted, for cause, only upon filing of a motion by the debtor on notice in accordance with these Local Rules.

---

[4] Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

4

Del. Bankr. L.R. 1007-1(b) (emphasis added).

13.     On the Petition Date, the Debtors filed with their petitions a list of creditors in accordance with Local Rule 1007-2, which reflects that the total number of the Debtors' creditors exceeds 200.  Accordingly, pursuant to Local Rule 1007-1(b) and as stated above, the Debtors' original deadline to file the Schedules and Statements is thirty (30) days from the Petition Date.

14.     The Debtors submit that "cause" exists to further extend the Debtors' time to file the Schedules and Statements.  As described in the First Day Declaration, the Debtors are a massive global operation.  The data necessary for the Schedules and Statements is stored in numerous accounting systems and compiling and consolidating the data is a complex and time intensive task.  Given the size and complexity of the Debtors' businesses, a significant amount of information must be accumulated, reviewed and analyzed to properly prepare the Schedules and Statements.  The Debtors have been consumed with a multitude of critical administrative and business decisions arising in conjunction with the commencement of these chapter 11 cases.  While the Debtors have initiated the major task of assembling the data necessary for the Schedules and Statements, they will not be able to complete this undertaking prior to the Current Deadline.

15.     At present, the Debtors estimate that an extension of an additional seventy-four (74) days from the Current Deadline, through and including May 29, 2009, is necessary to provide sufficient time to assemble and verify information and prepare the Schedules and Statements.  Accordingly, the Debtors request that the deadline within which they must file the Schedules and Statements also be extended for an additional seventy-four (74) days, through and including May 29, 2009, without prejudice to the Debtors' right to seek further extensions if necessary, or to seek a waiver of the requirement for filing certain schedules.

16.    In this and other districts, courts have regularly found "cause" to extend the deadline for filing Schedules and Statements in chapter 11 cases involving businesses with numerous creditors.  See, e.g., In re Powermate Holding Corp., Case No. 08-10498 (KG) (Bankr. D. Del. Apr. 14, 2008) (order granting a total extension of seventy-four (74) days from the commencement date for debtors to file their schedules and statements); In re Delta Fin. Corp., Case No. 07-11880 (CSS) (Bankr. D. Del. Jan. 9, 2008) (granting debtors an additional sixty (60) days, for a total of ninety (90) days from the commencement date, to file their schedules and statements); In re Adelphia Communications, Case No. 02-41729 (REG) (Bankr. S.D.N.Y. 2003) (schedules due approximately 13 months after the petition date); In re Worldcom, Inc., Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. July 21, 2002) (schedules due approximately 10 months after the petition date); In re Northwest Airlines, Case No. 05-17930 (ALG) (Bankr. S.D.N.Y. Sept. 14, 2005) (schedules due over 8 months after the petition date).

17.    Like the debtors in the cases cited above, the Debtors require extra time to prepare and file the Schedules and Statements.  The Debtors maintain significant business operations in the United States and abroad, and preparing the Schedules and Statements accurately and in detail will require considerable attention from the Debtors' personnel and advisors, which would distract attention from the Debtor's business operations at a sensitive time when the business cannot afford any disturbance.  Moreover, creditors and other parties in interest will not be significantly harmed by the proposed extension of the filing deadline, because even under the extended deadline, the Schedules and Statements would be filed in advance of any planned bar date or other significant milestone event in the chapter 11 cases.  Accordingly, the Debtors submit that their request for an additional extension of time to file the Schedules and Statements is consistent with precedent and is appropriate and warranted under the circumstances.

### Notice

18.    Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) Office of the United States Trustee for the District of Delaware; (ii) the Committee; and (iii) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

### No Prior Request

19.    No prior request for the relief sought herein has been made to this or any other court.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: February 13, 2009
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley
Lisa M. Schweitzer
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Thomas F. Driscoll III (No. 4703)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*