IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
                                    :
*In re*                             :    Chapter 11
                                    :    Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1]    :    Jointly Administered
                                    :
                        Debtors     :    Objection Deadline: February 26, 2009 at 4:00 p.m.
                                    :    Hearing Date: March 5, 2009 at 10:00 a.m.
---------------------------------------------------------X

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF NORTEL NETWORKS INC., ET AL.
TO RETAIN AND EMPLOY FRASER MILNER CASGRAIN LLP
AS CANADIAN COUNSEL, NUNC PRO TUNC TO JANUARY 26, 2009**

The Official Committee of Unsecured Creditors (the "Committee") of Nortel Networks Inc., et al. (collectively, the "Debtors") respectfully submits this application (the "Application"), pursuant to sections 1103(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the Committee to retain and employ Fraser Milner Casgrain LLP ("FMC") as its Canadian counsel in connection with the Debtors' chapter 11 cases, nunc pro tunc to January 26, 2009. In support of its Application, the Committee respectfully represents as follows:

## BACKGROUND

1.  On or about January 14, 2009 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases include: Nortel Networks Inc.; Nortel Networks Capital Corporation; Alteon Websystems, Inc.; Alteon Websystems International, Inc.; Xros, Inc.; Sonoma Systems; Qtera Corporation; Coretek, Inc.; Nortel Networks Applications Management Solutions, Inc.; Nortel Networks Optical Components, Inc.; Nortel Networks HPOCS Inc.; Architel Systems (U.S.) Corporation; Nortel Networks International Inc.; Northern Telecom International Inc.; and Nortel Networks Cable Solutions Inc.

2. Since the Petition Date, the Debtors have continued in possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On January 15, 2009, the Court entered an order jointly administering these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) for procedural purposes only.

3. On January 14, 2009, the Debtors' ultimate corporate parent, Nortel Networks Corporation, together with Nortel Networks Limited and certain of their Canadian affiliates (collectively, the "Canadian Debtors"), commenced a proceeding (the "Canadian Proceeding") before the Ontario Superior Court of Justice (the "Canadian Court") for a plan of compromise or arrangement under the Canadian Companies' Creditors Arrangement Act ("CCAA"). The Canadian Debtors continue to operate their businesses and manage their properties under the supervision of the Canadian Court.

4. On January 14, 2009 (the "Committee Formation Date"), pursuant to section 1102 of the Bankruptcy Code, the United States Trustee for the District of Delaware appointed the Committee. The Committee currently consists of four members.[2] On the Committee Formation Date, pursuant to section 1103(a) of the Bankruptcy Code, the Committee selected Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") to serve as lead counsel to the Committee. On January 26, 2009, pursuant to section 1103(a) of the Bankruptcy Code, the Committee selected FMC to serve as Canadian counsel to the Committee.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This

---

[2] The Committee is comprised of the following entities: Airvana, Inc.; Flextronics Corporation (Chairperson); Pension Benefit Guaranty Corporation; and The Bank of New York Mellon, as indenture trustee.

Application is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested in this Application are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1.

## RELIEF REQUESTED

6. Pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, the Committee seeks to employ and retain the law firm of FMC as its Canadian counsel, effective as of January 26, 2009, in connection with the Debtors' chapter 11 cases.

## RETENTION OF FMC

7. The Committee respectfully submits that it is necessary and appropriate for it to employ and retain FMC to provide, among other things, the following services, at the direction of the Committee's lead counsel, Akin Gump:

(a) advise the Committee with respect to its rights, duties and powers in connection with the Canadian Proceeding;

(b) assist and advise the Committee in its consultations with the Debtors and other parties in interest in the Canadian Proceeding in relation to matters of Canadian law;

(c) assist and advise the Committee as to its communications to the general creditor body regarding significant matters in the Canadian Proceeding;

(d) represent the Committee at all hearings in the Canadian Proceeding;

(e) review and analyze motions, applications, orders, reports, statements of operations and schedules filed with the Canadian Court and advise the Committee as to their propriety, and to the extent deemed appropriate by the Committee, support, join or object thereto;

(f) advise and assist the Committee with respect to any Canadian legislative, regulatory or governmental activities;

(g) assist the Committee in preparing pleadings including, without limitation, motions, affidavits, facta, records, memoranda, complaints, adversary complaints, objections or comments as may be necessary in furtherance of the Committee's interests in the Canadian Proceeding;

(h)       assist the Committee in its review and analysis of the Debtors' various commercial agreements and inter-company transactions in so far as they relate to or are the subject of the Canadian Proceeding;

(i)       assist the Committee in developing and implementing protocols for the coordination of these chapter 11 cases with the Canadian Proceeding and coordinating with counsel in the Canadian Proceeding; and

(j)       perform such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules or other applicable law.

8.     The Committee believes that FMC possesses extensive knowledge and expertise in the areas of Canadian law relevant to these chapter 11 cases, and that FMC is well qualified to represent the Committee as Canadian counsel in these chapter 11 cases. In selecting counsel to advise the Committee with respect to the Canadian Proceeding, the Committee sought Canadian counsel with experience in representing stakeholders in cross border CCAA reorganization cases and other debt restructurings. FMC has such experience, as FMC is currently representing and has previously represented official creditors' committees as Canadian counsel in other significant chapter 11 reorganizations, including In re Slater Steel Inc.

9.     In addition, FMC currently represents and has previously represented various stakeholders in significant Canadian restructuring and insolvency proceedings, including Doman Industries Limited, The Revelston Group of Companies, Bombay Furniture Company of Canada, GT Group Telecom, Pope & Talbot Ltd., Vicwest Corporation, and "the Portus Group".

10.    The Committee requests that all fees and related costs and expenses incurred by the Committee on account of services rendered by FMC in these cases be paid as administrative expenses of the estates pursuant to sections 328, 330(a), 331, 503(b) and 507(a)(1) of the Bankruptcy Code. Subject to this Court's approval, FMC will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates, which will be

denominated in Canadian dollars,[3] in effect on the date such services are rendered, subject to sections 328(a) and 330 of the Bankruptcy Code. The current hourly rates charged by FMC for professionals and paraprofessionals employed in its offices are provided below:

| Billing Category | Range (in Canadian dollars) |
|---|---|
| Partners/ Senior Consultants | $475-$1,000 |
| Associates | $290-$500 |
| Paraprofessionals | $100-$320 |

These hourly rates are exclusive of all applicable federal and provincial goods and services and sales taxes (if any) on the provision of legal services, and are subject to periodic adjustments to reflect economic and other conditions. FMC will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above. FMC reserves its right to file an application for an allowance of an enhanced fee award at the end of this proceeding, subject to the discretion of the Committee.

11. The names, positions and current hourly rates of the FMC attorneys currently expected to have primary responsibility for providing services to the Committee are as follows:

| Lawyer | Billing Category | Department | Hourly Rate (in Canadian dollars) |
|---|---|---|---|
| R. Shayne Kukulowicz | Partner | Insolvency and Workout Group | $775 |
| Alex MacFarlane | Partner | Insolvency and Workout Group | $750 |

---

[3] To avoid the burden and administrative costs of currency conversion, the Debtors have agreed that FMC will be paid in Canadian dollars by Canadian Debtor, Nortel Networks Limited, which amounts will be subject to an intercompany charge back to the applicable U.S. estate based on the exchange rate in effect on the date such payment is made to FMC. As described more fully in the Wunder Declaration (as defined herein), FMC will make appropriate applications to this Court for compensation of professional fees and reimbursement of out-of-pocket expenses, all in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the District of Delaware and Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members [Docket No. 222].

| Michael J. Wunder | Partner | Insolvency and Workout Group/Financial Services | $725 |
| Jane O. Dietrich | Associate | Insolvency and Workout Group | $480 |

In addition to the financial restructuring and litigation lawyers named above, it will be necessary, during the course of these cases, for other FMC professionals in other legal disciplines to provide services to the Committee.

12.     Upon information and belief, FMC does not represent and does not hold any interest adverse to the Debtors' estates or their creditors in the matters upon which FMC is to be engaged, except to the extent set forth in the declaration of Michael J. Wunder (the "Wunder Declaration"), attached hereto as "Exhibit A." However, FMC is a large Canadian firm with a national and international practice, and may represent or may have represented certain of the Debtors' creditors, equity holders, related parties or other parties in interest in matters unrelated to these cases.

## NOTICE

13.     This Application has been served on (i) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2313, Lockbox 35, Wilmington, Delaware 19801 Attn.: Thomas Tinker, Esq.; (ii) the Debtors, Nortel Networks Inc., 195 The West Mall, Toronto, ON, M9C 5K1, Attn: Gordon A. Davis; (iii) counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn.: James L. Bromley, Esq.; (iv) counsel to the Debtors, Morris, Nichols, Arsht &Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE, 19899-1347, Attn.: Derek C. Abbott, Esq.; and (v) all parties

- 7 -

requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Committee respectfully requests that no further notice is necessary.

## NO PRIOR REQUEST

14. No prior application for the relief sought in this Application has been made to this or any other court in connection with these chapter 11 cases.

**WHEREFORE**, the Committee requests that an Order, substantially in the form annexed hereto as Exhibit "B", be entered authorizing the Committee to retain FMC as its Canadian counsel in these cases, nunc pro tunc to January 26, 2009, and providing the Committee such other and further relief as the Court may deem just, proper and equitable.

Dated: New York, New York
February 13, 2009

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NORTEL NETWORKS INC., ET AL.**

By: Flextronics Corporation, solely in its capacity as Chair of the Committee and not in its individual capacity,[3]

By: _____
Name: Terry Zale
Title: Vice-President, Corporate Finance

---

[3] Except as otherwise provided in this Application, I have made the statements herein on information and belief and in reliance on statements made to me by the Committee and its professionals.

EAST-#8124119-v1-Nortel_-_FMC_Retention_Application.DOC