**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
:
*In re* : Chapter 11
: Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1] : Jointly Administered
:
Debtors :
:
---------------------------------------------------------------X

### ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NORTEL NETWORKS INC., ET AL., TO RETAIN AND EMPLOY FRASER MILNER CASGRAIN LLP AS CANADIAN COUNSEL, NUNC PRO TUNC TO JANUARY 26, 2009

Upon the application dated February 13, 2009 (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of Nortel Networks Inc., et al. (collectively the "Debtors") for an order, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Committee to retain and employ the Canadian law firm of Fraser Milner Casgrain LLP ("FMC"), nunc pro tunc to January 26, 2009 as Canadian counsel, and upon the Declaration of Michael J. Wunder, a member of the firm of FMC, dated February 13, 2009 (the "Wunder Declaration"); and it appearing that the partners and associates of FMC who will perform services on behalf of the Committee in these chapter 11 cases are duly qualified to practice in the Canadian courts; and the Court finding, based on the representations made in the Application and the Wunder Declaration,

---

[1] The Debtors in these chapter 11 cases include: Nortel Networks Inc.; Nortel Networks Capital Corporation; Alteon Websystems, Inc.; Alteon Websystems International, Inc.; Xros, Inc.; Sonoma Systems; Qtera Corporation; Coretek, Inc.; Nortel Networks Applications Management Solutions, Inc.; Nortel Networks Optical Components, Inc.; Nortel Networks HPOCS Inc.; Architel Systems (U.S.) Corporation; Nortel Networks International Inc.; Northern Telecom International Inc.; and Nortel Networks Cable Solutions Inc.

that FMC does not represent any interest adverse to the Committee and/or the Debtors' estates with respect to the matters upon which it is to be engaged, that it is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, that its employment is necessary and, in the best interests of the Committee and the Debtors' estates; and finding that adequate notice of the Application having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefore, it is

**ORDERED**, that the Application is approved in its entirety; and it is further

**ORDERED**, that in accordance with section 1103(a) and, with respect to FMC's hourly rates and reimbursement policies, section 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), the Committee is hereby authorized and empowered to employ and retain the firm of FMC as its Canadian counsel, nunc pro tunc to January 26, 2009, to represent it in these cases and such retention is hereby approved; and it is further

**ORDERED**, that FMC shall be compensated as described in the Application and in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules and Local Bankruptcy Rules as may then be applicable from time to time, and such procedures as may be fixed by order of this Court.

Dated: _____, 2009
Wilmington, Delaware

------------------------------------
**HONORABLE KEVIN GROSS**
**UNITED STATES BANKRUPTCY JUDGE**