IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X
:
*In re*                                                   :    Chapter 11
                                                          :    Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1]                          :    Jointly Administered
                                                          :
                        Debtors                           :    Objection Deadline: February 26, 2009 at 4:00 p.m.
                                                          :    Hearing Date: March 5, 2009 at 10:00 a.m.
----------------------------------------------------------X

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NORTEL NETWORKS INC., ET AL. TO RETAIN AND EMPLOY ASHURST LLP AS EUROPEAN COUNSEL, NUNC PRO TUNC TO JANUARY 30, 2009

The Official Committee of Unsecured Creditors (the "Committee") of Nortel Networks Inc., et al. (collectively, the "Debtors") respectfully submits this application (the "Application"), pursuant to sections 1103(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the Committee to retain and employ Ashurst LLP ("Ashurst") as its European counsel in connection with the Debtors' chapter 11 cases, nunc pro tunc to January 30, 2009. In support of its Application, the Committee respectfully represents as follows:

### BACKGROUND

1.      On or about January 14, 2009 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases include: Nortel Networks, Inc.; Nortel Networks Capital Corporation; Alteon Websystems, Inc.; Alteon Websystems International, Inc.; Xros, Inc.; Sonoma Systems; Qtera Corporation; Coretek, Inc.; Nortel Networks Applications Management Solutions, Inc.; Nortel Networks Optical Components, Inc.; Nortel Networks HPOCS Inc.; Architel Systems (U.S.) Corporation; Nortel Networks International Inc.; Northern Telecom International Inc.; and Nortel Networks Cable Solutions Inc.

2.      Since the Petition Date, the Debtors have continued in possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On January 15, 2009, the Court entered an order jointly administering these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) for procedural purposes only.

3.      On January 14, 2009, the Debtors' corporate parent, Nortel Networks Corporation ("NNC"), together with Nortel Networks Limited and certain of its other Canadian subsidiaries, commenced a proceeding before the Ontario Superior Court of Justice (the "Canadian Proceeding") for a plan of compromise or arrangement under the Canadian Companies' Creditors Arrangement Act ("CCAA").

4.      On January 15, 2009, the Debtors' English subsidiary Nortel Networks UK Limited filed for an administration order (the "Order"). On or around January 15, 2009 certain of the Debtors' other European subsidiaries (together with Nortel Networks UK Limited the "EMEA Debtors") which have their centers of main interests in England filed for protection by way of an Order (the "European Proceedings").

5.      On January 22, 2009 (the "Committee Formation Date"), pursuant to section 1102 of the Bankruptcy Code, the United States Trustee for the District of Delaware appointed the Committee. The Committee currently consists of four members.[2] On the Committee Formation Date, pursuant to section 1103(a) of the Bankruptcy Code, the Committee selected Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") to serve as lead counsel to the Committee. On January 30, 2009, pursuant to section 1103(a) of the Bankruptcy Code, the Committee selected Ashurst to serve as European counsel to the Committee.

---

[2] The Committee is comprised of the following entities: Flextronics Corporation (Chairperson); Bank of New York Mellon, as indenture trustee; Airvana, Inc.; and Pension Benefit Guarantee Corporation.

- 3 -

## JURISDICTION AND VENUE

6. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This Application is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested in this Application are sections 328(a) and 1103(a) of the Bankruptcy Code.

## RELIEF REQUESTED

7. Pursuant to sections 1103(a) and 328(a) of the Bankruptcy Code, the Committee seeks to employ and retain the law firm of Ashurst as its European counsel, effective as of January 30, 2009, in connection with the Debtors' chapter 11 cases.

## RETENTION OF ASHURST

8. The Committee respectfully submits that it is necessary and appropriate for it to employ and retain Ashurst to provide, among other things, the following services, at the direction of the Committee's lead counsel, Akin Gump:

(a) advise the Committee with respect to its rights, duties and powers in connection with the European Proceedings;

(b) assist and advise the Committee in its consultations with the Debtors and other parties in interest in the European Proceedings in relation to matters of English law and the laws of certain other European jurisdiction as required from time to time;

(c) assist and advise the Committee as to its communications with the general creditor body regarding significant matters in the European Proceedings;

(d) represent the Committee at all hearings in the European Proceedings (if required);

(e) review and analyze motions, applications, orders, statements of operations and schedules filed with the English Court and as applicable the courts of other European jurisdictions and advise the Committee as to their propriety, and to the extent deemed appropriate by the Committee, support, join or object thereto;

(f) advise and assist the Committee with respect to any English or as applicable other European jurisdictions' legislative, regulatory or governmental activities;

(g) assist the Committee in preparing pleadings including, without limitation, motions, affidavits, facta, records, memoranda, complaints, adversary complaints, objections or comments as may be necessary in furtherance of the Committee's interests in the European Proceedings;

(h) assist the Committee in its review and analysis of the Debtors' various commercial agreements and inter-company transactions in so far as they relate to or are the subject of the European Proceedings;

(i) assist the Committee in developing and implementing protocols for the coordination of these chapter 11 cases with the European Proceedings;

(j) advise and assist the Committee in connection with the pension obligations of the EMEA Debtors; and

(k) perform such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules or other applicable law.

9. The Committee believes that Ashurst possesses extensive knowledge and expertise in the areas of English law and the laws of certain other European jurisdictions relevant to these chapter 11 cases (including France, Germany, Spain, Italy, Belgium and Sweden), and that Ashurst is well qualified to represent the Committee as European counsel in these chapter 11 cases. In selecting counsel to advise the Committee with respect to the European Proceedings, the Committee sought European counsel with experience in representing stakeholders in cross border European reorganization cases and other debt restructurings. Ashurst has such experience, as Ashurst has previously represented official creditors' committees as European counsel in other significant chapter 11 reorganizations, including Federal Mogul.

10. In addition, Ashurst currently represents and has previously represented ad hoc bondholder and noteholder committees in significant European restructuring and insolvency proceedings, including Four Seasons' Healthcare and, Taylor Wimpy plc.

11. The Committee requests that all fees and related costs and expenses incurred by the Committee on account of services rendered by Ashurst in these cases be paid as administrative expenses of the estates pursuant to sections 328, 330(a), 331, 503(b) and 507(a)(1) of the Bankruptcy Code. Subject to this Court's approval, Ashurst will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates, which will be denominated in pounds Sterling,[3] in effect on the date such services are rendered, subject to sections 328(a) and 330 of the Bankruptcy Code. The current hourly rates charged by Ashurst for professionals and paraprofessionals employed in its offices are provided below:

| Billing Category | Range (in Pounds Sterling) |
| --- | --- |
| Partners | £580.00 – 650.00 |
| Counsel | £540.00 – 575.00 |
| Associates | £290.00 - £500.00 |
| Paraprofessionals | £160.00 |

These hourly rates are exclusive of any Value Added Tax or other local taxes on the provision of legal services[4], and are subject to periodic adjustments to reflect economic and other conditions. Ashurst will maintain detailed records of actual and necessary costs and expenses incurred in

---

[3] The Committee requests that, to avoid the administrative burden of fluctuating exchange rates, payments made by the Debtors to Ashurst for services rendered to the Committee be made in U.S. currency based on the applicable exchange rate in effect on the date such payment is made to Ashurst. As described more fully in the Boothman Declaration (as defined herein), Ashurst will make appropriate applications to this Court for compensation of professional fees and reimbursement of out-of-pocket expenses, all in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the District of Deleware and the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members Docket No. 222.

[4] Value Added Tax ("**VAT**") should not be payable in this case on fees as it does not apply where the services are performed for a non-UK person and the Committee should fall into this category. However VAT will be included on expenses incurred by Ashurst.

connection with the legal services described above. Ashurst reserves its right to file an application for an allowance of an enhanced fee award at the end of this proceeding, subject to the discretion of the Committee.

12. The names, positions and current hourly rates of the Ashurst attorneys currently expected to have primary responsibility for providing services to the Committee are as follows:

| Lawyer | Billing Category | Department | Hourly Rate (in pounds Sterling) |
| --- | --- | --- | --- |
| Giles Boothman | Partner | Restructuring and Special Situations Group | £610 |
| Simon Baskerville | Senior Associate | Restructuring and Special Situations Group | £500 |
| Luke Rollason | Associate | Restructuring and Special Situations Group | £395 |
| Paul Bagon | Solicitor | Restructuring and Special Situations Group | £290 |
| Steven Hull | Partner | Pensions Group | £610 |

In addition to the restructuring and pension lawyers named above, it will be necessary, during the course of these cases, for other Ashurst professionals in other legal disciplines to provide services to the Committee. It may also be necessary or cost-effective for Ashurst to retain local counsel ("Local Counsel") in European jurisdictions in which Ashurst does not have an international practice on behalf of the Committee from time to time to assist on discrete matters on a limited basis.[5] In the event that Local Counsel is so retained, the fees and costs of that counsel will be disbursed as a cost incurred by Ashurst on behalf of the Committee.

---

[5] To the extent Local Counsel is necessary, Ashurst will require that such proposed counsel perform a conflicts check similar to that performed by the Committee's other professionals to ensure that such counsel is a "disinterested person" within the meaning of the Bankruptcy Code.

12052550.v1

13. Upon information and belief, Ashurst does not represent and does not hold any interest adverse to the Debtors' estates or their creditors in the matters upon which Ashurst is to be engaged, except to the extent set forth in the declaration of Giles Boothman (the "Boothman Declaration"), attached hereto as "Exhibit B." However, Ashurst is a large international firm with a national and international practice, and may represent or may have represented certain of the Debtors' creditors, equity holders, related parties or other parties in interest in matters unrelated to these cases.

## WAIVER OF MEMORANDUM OF LAW

14. Because the relevant facts and law are detailed herein, the Committee respectfully requests that the Court waive the requirement that the Committee file a separate memorandum of law in support of the Application, but the Committee reserves the right to file a brief in reply to any objection to this Application.

## NOTICE

15. This Application has been served on (i) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2313, Lockbox 35, Wilmington, Delaware 19801 Attn.: Thomas Tinker, Esq.; (ii) the Debtors, Nortel Networks Inc., 195 The West Mall, Toronto, ON, M9C 5K1, Attn: Gordon A. Davis; (iii) counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn.: James L. Bromley, Esq.; (iv) counsel to the Debtors, Morris, Nichols, Arsht &Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE, 19899-1347, Attn.: Derek C. Abbott, Esq.; and (v) all parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Committee respectfully requests that no further notice is necessary.

- 8 -

## NO PRIOR REQUEST

16.  No prior application for the relief sought in this Application has been made to this or any other court in connection with these chapter 11 cases.

**WHEREFORE**, the Committee requests that an Order, substantially in the form annexed hereto as Exhibit "A", be entered authorizing the Committee to retain Ashurst as its European counsel in these cases, *nunc pro tunc* to January 30, 2009, and providing the Committee such other and further relief as the Court may deem just, proper and equitable.

Dated: February 13, 2009

                         **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NORTEL NETWORKS INC., ET AL.**

                         By: Flextronics Corporation, solely in its
                             capacity as Chair of the Committee and not in its
                             individual capacity,[6]

                         By: _____
                         Name: Terry Zale
                         Title: Vice President, Corporate Finance

---

[6] Except as otherwise provided in this Application, I have made the statements herein on information and belief and in reliance on statements made to me by the Committee and its professionals.

12052550.v1                        8