IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
                                                   :
*In re*                                            :        Chapter 11
                                                   :        Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1]                   :        Jointly Administered
                                                   :
                              Debtors              :        **Objection Deadline:  February 26, 2009 at 4:00 p.m.**
                                                   :        **Hearing Date:  March 5, 2009 at 10:00 a.m.**
-------------------------------------------------------X

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NORTEL NETWORKS INC., ET AL. TO RETAIN AND EMPLOY AKIN GUMP STRAUSS HAUER & FELD LLP AS CO-COUNSEL, NUNC PRO TUNC TO JANUARY 22, 2009

The Official Committee of Unsecured Creditors (the "Committee") of Nortel Networks

Inc., et al. (collectively, the "Debtors") respectfully submits this application (the "Application"),

pursuant to sections 1103(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules") for entry of an order authorizing the Committee to retain and

employ Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") as its co-counsel[2] in connection

with the Debtors' chapter 11 cases, nunc pro tunc to January 22, 2009.  In support of this

Application, the Committee respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases include: Nortel Networks Inc.; Nortel Networks Capital Corporation; Alteon Websystems, Inc.; Alteon Websystems International, Inc.; Xros, Inc.; Sonoma Systems; Qtera Corporation; Coretek, Inc.; Nortel Networks Applications Management Solutions, Inc.; Nortel Networks Optical Components, Inc.; Nortel Networks HPOCS Inc.; Architel Systems (U.S.) Corporation; Nortel Networks International Inc.; Northern Telecom International Inc.; and Nortel Networks Cable Solutions Inc.

[2] The Committee will be seeking to retain Richards, Layton & Finger, P.C. as its co-counsel in these chapter 11 cases.

## BACKGROUND

1.      On January 14, 2009, each of the Debtors filed a voluntary petition for relief

under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District

of Delaware (the "Court").

2.      The Debtors are operating their businesses and managing their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On

January 15, 2009, the Court entered an order for the joint administration of these cases pursuant

to Bankruptcy Rule 1015(b) for procedural purposes only.

3.      On January 14, 2009, the Debtors' ultimate corporate parent, Nortel Networks

Corporation, together with Nortel Networks Limited and certain of their Canadian affiliates

(collectively, the "Canadian Debtors") commenced a proceeding (the "Canadian Proceeding")

before the Ontario Superior Court of Justice (the "Canadian Court") for a plan of compromise or

arrangement under the Canadian Companies' Creditors Arrangement Act ("CCAA").  The

Canadian Debtors continue to operate their businesses and manage their properties under the

supervision of the Canadian Court.

4.      On January 14, 2009, the High Court of Justice in England placed nineteen of the

Debtors' European affiliates into administration (the "European Proceeding") under the control

of individuals from Ernst & Young LLC (collectively, the "EMEA Debtors").[3]

5.      On January 22, 2009 (the "Committee Formation Date"), pursuant to section 1102

of the Bankruptcy Code, the United States Trustee for the District of Delaware appointed the

---

[3] The EMEA Debtors include the following entities:  Nortel Networks UK Limited; Nortel Networks S.A.; Nortel Networks (Ireland) Limited; Nortel GmbH; Nortel Networks France S.A.S.; Nortel Networks Oy; Nortel Networks Romania SRL; Nortel Networks AB; Nortel Networks N.V.; Nortel Networks S.p.A.; Nortel Networks B.V.; Nortel Networks Polska Sp. z.o.o.; Nortel Networks Hispania, S.A.; Nortel Networks (Austria) GmbH; Nortel Networks, s.r.o.; Nortel Networks Engineering Service Kft; Nortel Networks Portugal S.A.; Nortel Networks Slovensko, s.r.o.; and Nortel Networks International Finance & Holding B.V.

Committee. The Committee currently consists of four members.[4]  On January 22, 2009, pursuant to section 1103(a) of the Bankruptcy Code, the Committee selected Akin Gump to serve as co-counsel to the Committee.[5]

## JURISDICTION AND VENUE

6.   This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  This Application is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicates for the relief requested in this Application are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1.

## RELIEF REQUESTED

7.    Pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, the Committee seeks to employ and retain Akin Gump as its co-counsel, effective as of January 22, 2009, in connection with the Debtors' chapter 11 cases.

## RETENTION OF AKIN GUMP

8.    The Committee respectfully submits that it is necessary and appropriate for it to employ and retain Akin Gump to provide, among other things, the following services:

(a)    advise the Committee with respect to its rights, duties and powers in these chapter 11 cases;

(b)    assist and advise the Committee in its consultations with the Debtors relative to the administration of these chapter 11 cases;

---

[4]  The Committee is currently comprised of the following entities: Airvana, Inc.; Flextronics Corporation (Chairperson); Pension Benefit Guaranty Corporation; and The Bank of New York Mellon, as indenture trustee.

[5]  On January 26, 2009, the Committee selected Fraser Milner Casgrain LLP ("FMC") to serve as the Committee's Canadian counsel, to advise the Committee in connection with the Canadian Proceeding.  Also on January 26, 2009, the Committee selected Jefferies & Company, Inc. ("Jefferies") to serve as the Committee's investment banker, and Capstone Advisory Group, LLC ("Capstone") to serve as the Committee's forensic accountant and financial advisor. On January 30, 2009, the Committee selected Ashurst LLP ("Ashurst" and, together with FMC, Jefferies and Capstone, the "Committee's Other Advisors") as its European counsel to advise the Committee in connection with the European Proceeding.  The Committee will file shortly separate applications to retain each of the Committee's Other Advisors.

(c)    assist the Committee in analyzing the claims of the Debtors' creditors and the Debtors' capital structure and in negotiating with holders of claims and equity interests;

(d)    assist the Committee in its investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors and of the operation of the Debtors' businesses;

(e)    assist the Committee in its analysis of, and negotiations with, the Debtors or any third party concerning matters related to, among other things, the assumption or rejection of certain leases of non-residential real property and executory contracts, asset dispositions, financing or other transactions and the terms of one or more plans of reorganization or liquidation for the Debtors and accompanying disclosure statements and related plan documents;

(f)    assist and advise the Committee as to its communications to the general creditor body regarding significant matters in these chapter 11 cases;

(g)    represent the Committee at all hearings and other proceedings before this Court and other courts;

(h)    review and analyze applications, orders, statements of operations and schedules filed with the Court and advise the Committee as to their propriety and, to the extent deemed appropriate by the Committee, support, join or object thereto;

(i)    advise and assist the Committee with respect to any legislative, regulatory or governmental activities;

(j)    assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives;

(k)    assist the Committee in its review and analysis of all of the Debtors' various commercial agreements;

(l)    assist the Committee in developing and implementing protocols for the coordination of these chapter 11 cases with the Canadian Proceeding, the European Proceeding and any other insolvency proceedings that may impact these chapter 11 cases, and coordinate with counsel, including the Committee's proposed Canadian and European counsel and such other counsel in other foreign jurisdictions as may be necessary and appropriate, in those cases;

(m)    prepare, on behalf of the Committee, any pleadings, including without limitation, motions, memoranda, complaints, adversary complaints, objections or comments in connection with any matter related to the foregoing;

(n)     investigate and analyze any claims against the Debtors' non-debtor
        affiliates; and

(o)     perform such other legal services as may be required or are otherwise
        deemed to be in the interests of the Committee in accordance with the
        Committee's powers and duties as set forth in the Bankruptcy Code,
        Bankruptcy Rules or other applicable law.

9.      The Committee believes that Akin Gump possesses extensive knowledge and

expertise in the areas of law relevant to these chapter 11 cases, and that Akin Gump is well

qualified to represent the Committee in these chapter 11 cases.  In selecting counsel, the

Committee sought attorneys with considerable experience in representing unsecured creditors'

committees in chapter 11 reorganization cases and other debt restructurings.  Akin Gump has

such experience, as Akin Gump is currently representing and has represented official creditors'

committees in many significant chapter 11 reorganizations, including the following chapter 11

cases:  In re Allegiance Telecom, Inc.; In re American Commercial Lines LLC; In re ATA

Holdings Corp.; In re Calpine Corporation; In re Collins & Aikman Corporation; In re Delta Air

Lines, Inc.; In re Exide Technologies, Inc.; In re Kaiser Aluminum Corporation;  In re Kimball

Hill, Inc.; In re Loral Space & Communications Ltd.; In re Pegasus Satellite Television, Inc.; In

re Pierre Foods, Inc.; In re Propex Inc.; In re Quebecor World (USA) Inc.; In re Solutia Inc.; In

re TOUSA, Inc.; In re Tower Automotive, Inc.; In re Washington Mutual, Inc.; and In re

WorldCom, Inc.

10.     Because of the extensive legal services that may be necessary in these chapter 11

cases, and the fact that the full nature and extent of such services are not known at this time, the

Committee believes that the employment of Akin Gump to provide the services described above

and such other services as may be necessary for the Committee to acquit its obligations to the

Debtors' unsecured creditor constituency is appropriate and in the best interests of the Debtors'

estates and their creditors.

11.    The Committee requests that all fees and related costs and expenses incurred by the Committee on account of services rendered by Akin Gump in these cases be paid as administrative expenses of the estates pursuant to sections 328, 330(a), 331, 503(b) and 507(a)(1) of the Bankruptcy Code.  Subject to this Court's approval, Akin Gump will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, subject to sections 328(a) and 330 of the Bankruptcy Code.  The current hourly rates charged by Akin Gump for professionals and paraprofessionals employed in its offices are provided below:

| Billing Category | Range |
|---|---|
| Partners | $460 - $1,050 |
| Special Counsel and Counsel | $250 - $810 |
| Associates | $175 - $580 |
| Paraprofessionals | $75 - $250 |

12.    These hourly rates are subject to periodic adjustments (typically in January of each year) to reflect economic and other conditions.  Akin Gump will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above.  Akin Gump reserves its right to file an application for an allowance of an enhanced fee award at the end of this proceeding, subject to the discretion of the Committee.

13.    The names, positions and current hourly rates of the Akin Gump attorneys currently expected to have primary responsibility for providing services to the Committee are as follows:  Fred S. Hodara (Partner – Financial Restructuring Department) - $950/hour; David H. Botter (Partner – Financial Restructuring Department) - $825/hour; Kenneth A. Davis (Senior Counsel – Financial Restructuring Department) - $620/hour; Ryan C. Jacobs (Counsel – Financial Restructuring Department) - $530/hour; Joshua Y. Sturm (Associate – Financial Restructuring Department) - $420/hour; and Brad M. Kahn (Associate – Financial Restructuring

Department) - $375/hour. In addition to the financial restructuring lawyers named above, it will be necessary, during the course of these cases, for other Akin Gump professionals in other legal disciplines to provide services to the Committee.

14.    Upon information and belief, Akin Gump does not represent and does not hold any interest adverse to the Debtors' estates or their creditors in the matters upon which Akin Gump is to be engaged, except to the extent set forth in the declaration of Fred S. Hodara, attached hereto as "Exhibit A." However, Akin Gump is a large firm with a national and international practice and may represent or may have represented certain of the Debtors' creditors, equity holders, related parties or other parties in interest in matters unrelated to these cases.

## NOTICE

15.    This Application has been served on (i) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2313, Lockbox 35, Wilmington, Delaware 19801 Attn.: Thomas Tinker, Esq.; (ii) the Debtors, Nortel Networks Inc., 195 The West Mall, Toronto, ON, M9C 5K1, Attn: Gordon A. Davis; (iii) counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn.: James L. Bromley, Esq.; (iv) counsel to the Debtors, Morris, Nichols, Arsht &Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE, 19899-1347, Attn.: Derek C. Abbott, Esq.; and (v) all parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Committee respectfully submits that no further notice is necessary.

## NO PRIOR REQUEST

16.    No prior application for the relief sought in this Application has been made to this or any other court in connection with these chapter 11 cases.

WHEREFORE, the Committee requests that an order, substantially in the form annexed hereto as Exhibit "B", be entered authorizing the Committee to retain Akin Gump as its co-counsel in these cases, nunc pro tunc to January 22, 2009, and providing the Committee such other and further relief as the Court may deem just, proper and equitable.

Dated: New York, New York
       February 13, 2009

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF NORTEL NETWORKS INC.,
ET AL.

By:   Flextronics Corporation, solely in its
      capacity as Chair of the Committee and not in its
      individual capacity,[6]

      By: _____
      Name: Terry Zale
      Title: Vice President, Corporate Finance

---

[6] Except as otherwise provided in this Application, I have made the statements herein on information and belief and in reliance on statements made to me by the Committee and its professionals.