**Exhibit C**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
---------------------------------------------X
In re:                                        :        Chapter 11
                                              :
NORTEL NETWORKS INC., et al.,[1]              :        Case No. 09-10138 (KG)
                                              :
                                              :        Jointly Administered
        Debtors.                              :
                                              :
                                              :
---------------------------------------------X
```

### ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO RETAIN JEFFERIES & COMPANY, INC. AS INVESTMENT BANKER PURUANT TO 11 U.S.C. §§ 328(a) AND 1103 AND BANKRUPTCY RULE 2014(a) AND GRANTING WAIVER OF COMPLIANCE WITH DEL. BANKR. LR 2016-2(d) IN ACCORDANCE WITH  DEL. BANKR. LR 2016-2(h)

Upon the Application[2] of the Committee for an order authorizing the retention of

Jefferies & Company, Inc. ("Jefferies") as investment banker to the Committee in the chapter 11

cases of the above-captioned debtors (collectively, the "Debtors") pursuant to 11 U.S.C. §§

328(a) and 1103 and Bankruptcy Rule 2014(a), nunc pro tunc to February 1, 2009, and granting

a waiver of compliance with the information requirements relating to compensation requests set

forth in Local Rule 2016-2(d) in accordance with Local Rule 2016-2(h); and upon consideration

of the Application and all pleadings related thereto, including the Henkin Affidavit and the Court

---

[1] The Debtors in these Chapter 11 cases are: Nortel Networks Inc., Nortel Networks Capital Corporation , Alteon WebSystems, Inc., Alteon WebSystems International, Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc. and Nortel Networks Cable Solutions Inc.

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Application.

having heard the statements of counsel regarding the relief requested in the Application at a

hearing before the Court, the Court hereby finds that:

A.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

B.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2);

C.  Notice of the Application was due and proper under the circumstances;

D.  The Application and the Affidavit are in full compliance with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules and the Local Rules;

E.  Jefferies is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and

F.  The relief requested in the Application is in the best interests of the Debtors, their estates and creditors.

After due deliberation, and good and sufficient cause appearing therefore, it is hereby

ORDERED, that the Application is granted; and it is further

ORDERED, that the retention and employment of Jefferies as investment banker

to the Committee pursuant to sections 328(a) and 1103 of the Bankruptcy Code and Bankruptcy

Rule 2014(a), <u>nunc pro tunc</u> to February 1, 2009, on the terms set forth in the Engagement Letter

and this Order is hereby approved and that Jefferies' compensation shall be subject to the

standard of review provided for in Section 328(a) of the Bankruptcy Code, and not subject to any

other standard of review under Section 330 the Bankruptcy Code; and it is further

ORDERED, that the Fee Structure is approved pursuant to Section 328(a) of the

Bankruptcy Code; and it is further

ORDERED, that the terms and provisions of the Engagement Letter are approved

by this Court, including the Indemnity Provision as modified consistent with the language set

forth in the Application; and it is further

ORDERED, that, as set forth in the Application, Jefferies is granted a waiver of the information requirements relating to compensation requests set forth in Local Rule 2016-2(d); and it is further

ORDERED, that Jefferies shall be compensated in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, this Order and other any applicable orders of this Court; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
February _____, 2009

_____
HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE