IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re*                                                                          :          Chapter 11
                                                                                       :          Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1]                                        :          Jointly Administered
                                                                                       :
                                    Debtors                         :          Objection Deadline: February 26, 2009 at 4:00 p.m.
                                                                                       :          Hearing Date: March 5, 2009 at 10:00 a.m.
---------------------------------------------------------X

**APPLICATION FOR AN ORDER PURSUANT TO
11 U.S.C. §§ 105(a), 1102(b)(3) AND 1103(c) AUTHORIZING THE RETENTION OF
KURTZMAN CARSON CONSULTANTS, LLC AS COMMUNICATIONS AGENT FOR
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND APPROVING
RELATED AGREEMENT, NUNC PRO TUNC TO JANUARY 26, 2009**

The Official Committee of Unsecured Creditors (the "Committee") of Nortel Networks Inc., et al. (the "Debtors") respectfully submits this application (the "Application") for an order approving the retention of Kurtzman Carson Consultants, LLC ("KCC"), as communications agent for the Committee pursuant to sections 105(a), 1102(b)(3) and 1103(c) of title 11 of the United States Code (the "Bankruptcy Code"), nunc pro tunc to January 26, 2009. In support of this Application, the Committee respectfully represents as follows:

## BACKGROUND

1.     On January 14, 2009 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Each Debtor

---

[1] The Debtors in these chapter 11 cases include: Nortel Networks Inc.; Nortel Networks Capital Corporation; Alteon Websystems, Inc.; Alteon Websystems International, Inc.; Xros, Inc.; Sonoma Systems; Qtera Corporation; Coretek, Inc.; Nortel Networks Applications Management Solutions, Inc.; Nortel Networks Optical Components, Inc.; Nortel Networks HPOCS Inc.; Architel Systems (U.S.) Corporation; Nortel Networks International Inc.; Northern Telecom International Inc.; and Nortel Networks Cable Solutions Inc.

continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' cases are being jointly administered for procedural purposes only.

2.  On January 22, 2009 (the "Committee Formation Date"), the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors. On January 26, 2009, the U.S. Trustee filed the Amended Notice of Appointment of Committee of Unsecured Creditors [Docket No. 142]. The Committee currently consists of: The Bank of New York Mellon, as indenture trustee; Flextronics Corporation (Chairperson); Airvana, Inc.; and Pension Benefit Guaranty Corporation. On the Committee Formation Date, the Committee selected Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") to serve as its lead counsel in these chapter 11 cases

3.  No trustee or examiner has been appointed in these Chapter 11 Cases.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

**A.     Services to be Provided**

5.  By the Application, the Committee seeks an order appointing KCC to act as its official communications agent to comply with its obligations under section 1102(b)(3) of the Bankruptcy Code, which provides that:

> A Committee appointed under subsection (a) shall –
>
> > (A) provide access to information for creditors who –
> > (i) hold claims of the kind represented by the committee; and
> > (ii) are not appointed to the committee;

(B) solicit and receive comments from the creditors described in subparagraph (A); and

(C) be subject to a court order that compels any additional report or disclosure to be made to the creditors described in subparagraph (A).

11 U.S.C. § 1102(b).

6. The Committee believes that the retention of KCC will assist the Committee in complying with its obligations under section 1102(b)(3) of the Bankruptcy Code, add to the effective administration of these chapter 11 cases and reduce the overall expenses of administering the cases.

7. This Application is made pursuant to sections 105(a), 1102(b)(3) and 1103(c) of the Bankruptcy Code for an order: (a) appointing KCC to act as official communications agent for the Committee; and (b) authorizing the retention and employment of KCC and the payment of KCC's fees by the Debtors' estates without requiring the submission of fee applications, as more fully described below and in that certain Agreement for Services dated as of February 12, 2009 (the "KCC Agreement"), which is attached hereto as Exhibit "B."[2] KCC will undertake, *inter alia*, the following actions and procedures:

    (a) Establish and maintain an Internet-accessible website (the "Committee Website") that provides, without limitation:

        (i) a link or other form of access to the website maintained by the Debtors' claims, noticing and balloting agent at http://chapter11.eqipsystems.com/nortel, which shall include, among other things, the case docket and claims register;

        (ii) highlights of significant events in the Debtors' chapter 11 cases (the "Chapter 11 Cases");

---

[2] KCC's fee structure, which is a schedule to the KCC Agreement, has not been included herein. While KCC is charging its normal and customary rates for the services set forth in the KCC Agreement, in order to maintain its competitive rates, the fee structure has not been included with this Application. The fee structure has been provided to the Debtors, the United States Trustee and a copy will be provided to the Court.

      (iii)    a calendar with upcoming significant events in the Chapter 11 Cases;

      (iv)    a general overview of the chapter 11 process;

      (v)    press releases (if any) issued by the Committee or the Debtors;

      (vi)    a registration form for creditors to request "real-time" updates regarding the Chapter 11 Cases via electronic mail;

      (vii)    a form to submit creditor questions, comments and requests for access to information;

      (viii)    responses to creditor questions, comments, and requests for access to information; *provided*, that the Committee may privately provide such responses in the exercise of its reasonable discretion, including in light of the nature of the information request and the creditor's agreement to appropriate confidentiality and trading constraints;

      (ix)    answers to frequently asked questions;

      (x)    links to other relevant websites;

      (xi)    the names and contact information for the Debtors' counsel and restructuring advisors; and

      (xii)    the names and contact information for the Committee's counsel and financial advisors;

(b)    Distribute updates regarding the Chapter 11 Cases via electronic mail for creditors that have registered for such service on the Committee website; and

(c)    Establish and maintain a telephone number and electronic mail address for creditors to submit questions and comments.

### B.    KCC's Qualifications

8.    KCC is particularly well suited to perform the foregoing tasks. KCC is one of the country's leading chapter 11 administrators, and specializes in noticing, claims processing, balloting and other administrative tasks necessary to operate chapter 11 cases effectively. Recent large chapter 11 cases in this and other Districts in which KCC has been retained as noticing and claims agent and created websites to provide access to information include: In re VeraSun

Energy Corporation, et al., Case No. 08-12606 (Bankr. D. Del. 2008); In re Mervyn's Holdings, LLC, et al., Case No. 08-11586 (Bankr. D. Del. 2008); In re Washington Mutual, Inc., et al., Case No. 08-12229 (Bankr. D. Del. 2008); In re Archway Cookies LLC, et al., Case No. 08-12323 (Bankr. D. Del. 2008); In re Sharper Image Corporation, Case No. 08-10322 (Bankr. D. Del. 2008); In re Paper International, Inc., et al., Case No. 08-13917 (Bankr. S.D.N.Y. 2008); In re Interep National Radio Sales, Inc., et al., Case No. 08-11079 (Bankr. S.D.N.Y. 2008); In re Tricom S.A., Case No. 08-10720 (Bankr. S.D.N.Y. 2008); In re Wellman, Inc., et al., Case No. 08-10595 (Bankr. S.D.N.Y. 2008); In re Woodside Group, LLC, et al., Case No. 08-20682 (Bankr. C.D. Cal. 2008); In re CHA Hawaii, LLC, Case No. 08-12027 (Bankr. D. Hawaii 2008); In re Kimball Hill, Inc., et al., Case No. 08-10095 (Bankr. N.D. Ill. 2008); In re BHM Technologies Holdings, Inc., et al., Case No. 08-04413 (Bankr. W.D. Mich. 2008); In re The Wornick Company, et al., Case No. 08-10654 (Bankr. S.D. Ohio 2008); In re TOUSA, Inc. et al., Case No. 08-10928 (Bankr. S.D. Fla. 2008); In re Levitt and Sons, LLC, et al., Case No. 07-19845, (Bankr. S.D. Fla., 2007). As such, KCC is well qualified to prepare the Committee Website and to assist the Committee in providing the Debtors' unsecured creditors with access to information in connection with these cases.

C.      **Terms of Retention**

9.      KCC shall be compensated by the Debtors' estates for professional services rendered to the Committee in connection with the Debtors' cases as more fully described below. In addition, the Committee seeks to have the fees and expenses incurred by KCC in providing its services as set forth in the KCC Agreement subject to the limits set forth in the Order Authorizing the Debtors to Retain and Employ Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to the Petition Date, dated February 5, 2009 [Docket No. 236] (the "Ordinary Course Professional Order") and the procedures set forth therein that apply in the

5

event that KCC's fees and expenses exceed the limits set for Tier One OCPs (as such term is defined in the Ordinary Course Professional Order).

10. KCC will deliver monthly invoices to the Debtors for payment without the necessity of KCC filing fee applications with the Bankruptcy Court. Payments to KCC are to be based upon KCC's submission of a billing statement with a detailed listing of services, expenses and supplies, to the Committee and the Debtors within fifteen (15) days of the end of each calendar month. The Committee and the Debtors shall have ten (10) days to object to the monthly invoices. If an objection cannot be resolved, the Committee will schedule a hearing before this Court to consider the disputed invoice. Unless advised of an objection, the Debtors will pay each KCC invoice within thirty (30) days after the tenth (10th) day after the receipt of the invoice, in the ordinary course of business. If an objection is raised to a KCC invoice, the Debtors will remit to KCC only the undisputed portion of the invoice and, if applicable, will pay the remainder to KCC upon the resolution of the dispute, as mandated by the Bankruptcy Court.

11. The Committee requests that the fees and expenses KCC incurs in the performance of its services be treated as an administrative expense of the Debtors' chapter 11 estates and paid by the Debtors in the ordinary course of business without further application to the Bankruptcy Court; provided, however, that to the extent that KCC's fees and expenses are disallowed by this Court, KCC shall not be entitled to an administrative claim for such disallowed fees and expenses.

**D.    KCC's Disinterestedness**

12. Based upon the affidavit of Michael J. Frishberg, (the "Frishberg Affidavit"), KCC's Director of Restructuring Services, sworn to on February 12, 2009, and annexed hereto as Exhibit "C", to the best of KCC's knowledge, except as set forth in the Frishberg Affidavit, KCC has and represents no interest materially adverse to the interests of the Committee or the

6

Debtors' estates with respect to the matters upon which KCC would be employed and the Committee believes that its employment will be in the best interest of the creditors which the Committee represents, as well as the Debtors' estates.

13. As set forth in the Frishberg Affidavit, KCC is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code. KCC and its professional personnel are not creditors, equity security holders or insiders of the Debtors, are not and were not, within two years before the date of the filing of the Debtors' petitions, directors, officers or employees of the Debtors. KCC does not have an interest materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

## NOTICE

14. Notice of this Motion has been given to: (i) the U.S. Trustee; (ii) counsel to the Debtors; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002. Based on the foregoing, the Committee respectfully submits that no further notice is needed.

## NO PRIOR REQUEST

15. No prior application for the relief sought in this Application has been made to this or any other court in connection with these chapter 11 cases.

WHEREFORE, the Committee requests entry of an order in the form annexed hereto as Exhibit "A" authorizing the Committee to retain KCC as communications agent as set forth in this Application and the KCC Agreement, *nunc pro tunc* to January 26, 2009, pursuant to sections 105(a), 1102(b)(3) and 1103(c) of title 11 of the United States Bankruptcy Code, and granting the Committee such other and further relief as is just and equitable.

Dated: New York, New York
　　　　February __, 2009

　　　　　　　　　　　　　　　THE OFFICIAL COMMITTEE OF UNSECURED
　　　　　　　　　　　　　　　CREDITORS OF NORTEL NETWORKS INC.,
　　　　　　　　　　　　　　　*ET AL.*

　　　　　　　　　　　　　　　By:  Flextronics Corporation, solely in its
　　　　　　　　　　　　　　　　　　capacity as Chair of the Committee and not in its
　　　　　　　　　　　　　　　　　　individual capacity,

　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　Name: Terry Zale
　　　　　　　　　　　　　　　Title: VP Corp. Finance