# EXHIBIT A

EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
:
*In re*                                                        :     Chapter 11
                                                               :     Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1]                               :     Jointly Administered
                                                               :
                    Debtors                                    :
                                                               :
---------------------------------------------------------------X

### ORDER PURSUANT TO 11 U.S.C. 105(a), 1102(b)(3) AND 1103(c) AUTHORIZING RETENTION OF KURTZMAN CARSON CONSULTANTS, LLC AS COMMUNICATIONS AGENT FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND APPROVING RELATED AGREEMENT, NUNC PRO TUNC TO JANUARY 26, 2009

Upon the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of Nortel Networks Inc., et al. (the "Debtors") for the entry of an order pursuant to 11 U.S.C. §§ 105(a), 1102(b)(3) and 1103(c) authorizing the retention of Kurtzman Carson Consultants, LLC ("KCC"), nunc pro tunc to January 26, 2009, as communications agent for the Committee upon the terms set forth in the Application and the KCC Agreement;[2] and upon the Affidavit of Michael J. Frishberg, KCC's Director of Restructuring Services, in support of the Application; and it appearing that the relief requested in the Application is in the best interests of the Committee, the Debtors' estates and their creditors;

---

[1] The Debtors in these chapter 11 cases include: Nortel Networks Inc.; Nortel Networks Capital Corporation; Alteon Websystems, Inc.; Alteon Websystems International, Inc.; Xros, Inc.; Sonoma Systems; Qtera Corporation; Coretek, Inc.; Nortel Networks Applications Management Solutions, Inc.; Nortel Networks Optical Components, Inc.; Nortel Networks HPOCS Inc.; Architel Systems (U.S.) Corporation; Nortel Networks International Inc.; Northern Telecom International Inc.; and Nortel Networks Cable Solutions Inc.

[2] Terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

and the Court being satisfied that KCC has the capability and experience to provide the services for which it is to be retained by the Committee, and that KCC does not hold an interest adverse to the Debtors' estates respecting the matters upon which KCC is to be engaged; and good and sufficient notice of the Application having been given; and no other or further notice being required; and sufficient cause appearing therefor; it is hereby

ORDERED, that the Application is approved in its entirety; and it is further

ORDERED, that the Committee is authorized to retain KCC as its communications agent subject to the terms of the Application and the KCC Agreement; and it is further

ORDERED, that KCC shall perform the services set forth in the Application and KCC Agreement; and it is further

ORDERED, that KCC shall deliver monthly invoices to the Debtors, and the Debtors shall pay KCC's fees and expenses as set forth in the KCC Agreement, without the necessity of KCC filing fee applications with this Court; and it is further

ORDERED, that KCC's fees shall be subject to the limits set forth in the Ordinary Course Professional Order and the procedures set forth therein that apply in the event that KCC's fees exceed the limits set forth therein for Tier One OCPs (as such term is defined in the Ordinary Course Professional Order); and it is further

ORDERED, that payments of KCC's monthly invoices are to be based upon KCC's submission of a billing statement with a detailed listing of services, expenses and supplies to the Committee and the Debtors, within fifteen (15) business days of the end of each calendar month; the Debtors and the Committee shall have ten (10) days to advise KCC of any objections to the monthly invoices; if an objection cannot be resolved, the Committee will schedule a hearing before this Court to consider the disputed invoice; unless advised of an objection, the Debtors

will pay each KCC invoice within thirty (30) days after the tenth (10th) day after the receipt of the invoice, in the ordinary course of business; if an objection is raised to a KCC invoice, the Debtors will remit to KCC only the undisputed portion of the invoice and, if applicable, will pay the remainder to KCC upon the resolution of the dispute, as mandated by this Court; and it is further

ORDERED, that the fees and expenses KCC incurs in the performance of its services shall be treated as an administrative expense of the Debtors' chapter 11 estates and be paid by the Debtors in the ordinary course of business without further application to this Court; provided, however, that to the extent that any of KCC's fees and expenses are disallowed by this Court, KCC shall not be entitled to an administrative expense for such disallowed fees and expenses; and it is further

ORDERED, that the Debtors, the Committee and KCC are authorized and empowered to take all actions necessary to implement the relief granted by this Order; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
       February __, 2009

                                            _____
                                            United States Bankruptcy Judge
                                            Kevin Gross