**EXHIBIT B**


KURTZMAN
CARSON
CONSULTANTS

# KCC AGREEMENT FOR SERVICES

This Agreement is entered into as of the 12ᵗʰ day of February, 2009, between the Official Committee of Unsecured Creditors (hereinafter referred to collectively as the "Committee") in the Chapter 11 cases (the "Cases") of Nortel Networks Inc. ("Nortel"), and Kurtzman Carson Consultants LLC (hereinafter referred to as "KCC").

The services rendered by KCC will commence January 26, 2009, and continue until either party shall exercise its rights of suspension or termination as set forth below.

"KCC" shall mean Kurtzman Carson Consultants LLC, its servants, agents, employees, licensees, and subcontractors, and the term "Committee" shall include all members of the committee and their respective servants, agents, employees, licensees and subcontractors.

**Terms and Conditions**

I.      SERVICES

A.      KCC agrees to provide the Committee with technology and other services in connection with the Committee's involvement in the Cases.

B.      KCC may upon request provide a communications plan including but not limited to preparation of communications materials, dissemination of information and a call center staffed by KCC.

II.     DOCUMENT MANAGEMENT

KCC agrees to provide copy and notice services consistent with the applicable Local Rules of the United States Bankruptcy Court and as requested by the Committee and/or the Court.

III.    PRICES, CHARGES AND PAYMENT

A.      KCC agrees to charge and the Committee agrees to use its best efforts to cause Nortel to pay KCC for its services, expenses and supplies at the rates or prices in effect on the day such services and/or supplies are provided to the Committee, in accordance with the KCC Fee Structure.

B.      KCC's prices are generally adjusted periodically to reflect changes in the business and economic environment.

C.      Committee agrees to use its best efforts to cause Nortel to pay fees set by KCC related to transportation, lodging, meals, publications, postage and other third-party charges, in addition to the hourly consulting fees set forth in the KCC Fee Structure. Where the fee for these items is expected to exceed $10,000 in any single month, KCC may require advance payment.

D.      KCC agrees to submit its invoice to the Committee and Nortel within fifteen (15) business days of the end of each calendar month. Committee agrees that the amount invoiced is due and payable upon its receipt of the invoice. If any amount is unpaid as of thirty (30) days from the receipt of the invoice, Committee further agrees to use its best efforts to cause Nortel to

1


KURTZMAN
CARSON
CONSULTANTS

# KCC AGREEMENT FOR SERVICES

pay a late charge, calculated as one and one-half percent (1-1/2%) of the amount unpaid every thirty (30) days. In the case of a dispute in the invoice amount, notice shall be given to KCC within ten (10) days of receipt of the invoice by the Committee. Late charges shall not accrue on any amounts in dispute. The balance of the invoice amount is due and payable in the normal course.

IV.    RIGHTS OF OWNERSHIP

A.    The parties understand that the software programs and other materials furnished by KCC pursuant to this Agreement and/or developed during the course of this Agreement by KCC are the sole property of KCC. The term "program" shall include, without limitation, data processing programs, specifications, applications, routines, and documentation. Committee agrees not to copy or permit others to copy the source code from the support software or any other programs or materials furnished pursuant to this Agreement.

B.    Committee further agrees that any ideas, concepts, know-how or techniques relating to data processing or KCC's performance of its services developed during the course of its Agreement by KCC shall be the exclusive property of KCC.

C.    Furthermore, upon Committee's request at any time or times while this Agreement is in effect, KCC shall immediately deliver to Committee, at Committee's sole expense, any or all of the non-proprietary data and records held by KCC pursuant to this Agreement, in the form requested by Committee.

V.    CONFIDENTIALITY

KCC, on behalf of itself and its employees, agrees to keep confidential all records and other information with respect to the Committee. Committee, on behalf of itself and its employees, agrees to keep all proprietary, non-public information with respect to KCC's system, procedures and software confidential; provided, however, that if either party is required to produce any such information by order of any governmental agency or other regulatory body it may, upon not less than five (5) business days' written notice to the other party, release the required information.

VI.    SUSPENSION OF SERVICE AND TERMINATION

A.    This Agreement shall remain in force until terminated or suspended by either party upon thirty (30) days' written notice to the other party, or for cause, in which event no notice shall be required. Cause shall mean an act or omission to act by KCC performed with either gross negligence or wanton misconduct that causes, or an act or omission with the intent to cause, harm to the Committee's efforts in the Cases. Cause shall also mean failure of the Committee or Company to pay KCC invoices for more than sixty (60) days from the date of invoice, or the accrual of invoices or unpaid services in excess of the retainer held by KCC where KCC has any reasonable fear of non-payment.

B.    In the event that this contract is terminated, regardless of the reason for such termination; KCC shall cooperate with Committee to maintain an orderly transfer of record keeping functions

2



# KCC AGREEMENT FOR SERVICES

and shall provide all necessary staff, services and assistance required for an orderly transfer. Committee agrees to use its best efforts to cause Nortel to pay for such services in accordance with KCC's then existing prices for such services.

VII.    SYSTEM IMPROVEMENTS

KCC will provide continuous improvements in the quality of service to the Committee. KCC, therefore, reserves the right to make changes in operating procedure, operating systems, programming languages, general purpose library programs, application programs, time period of accessibility, types of terminal and other equipment and the KCC data center serving the Committee, so long as any such changes do not materially interfere with ongoing services provided to the Committee.

VIII.    OTHER MATTERS

A.    Committee is responsible for the accuracy of the programs and data it submits for processing to KCC and for the output. Committee agrees to initiate and maintain backup files that would allow Committee to regenerate or duplicate all programs and data submitted by Committee to KCC.

B.    Committee agrees that except as set forth herein, KCC makes no representations or warranties, express or implied, including, but not limited to, any implied or express warranty of merchantability, fitness or adequacy for a particular purpose or use, quality, productiveness or capacity.

IX.    INDEPENDENT CONTRACTORS

Committee and KCC are and shall be independent contractors of each other and no agency, partnership, joint venture or employment relationship shall arise, directly or indirectly, as a result of this agreement.

X.    FORCE MAJEURE

Whenever performance by KCC of any of its obligations hereunder is substantially prevented by reason of any act of God, strike, lock-out or other industrial or transportation disturbance, fire, lack of materials, law, regulation or ordinance, war or war conditions or by reason of any other matter beyond KCC's reasonable control, then such performance shall be excused and this Agreement shall be deemed suspended during the continuation of such prevention and for a reasonable time thereafter.

XI.    NOTICES

All notices and requests in connection with this Agreement shall be given or made upon the respective parties in writing and shall be deemed as given as of the third day following the day it is deposited in the U.S. Mail, postage pre-paid or on the day it is given if sent by facsimile or on the day after the day it is sent if sent by overnight courier to the appropriate address set forth below:


KURTZMAN
CARSON
CONSULTANTS

## KCC AGREEMENT FOR SERVICES

Kurtzman Carson Consultants LLC
2335 Alaska Ave.
El Segundo, CA 90245
Attn: Sheryl Betance
Tel: (310) 823-9000
Fax: (310) 823-9133

Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Attn: Fred Hodara, Esq.
Tel: (212) 872-1000
Fax: (212) 872-1002

Or to such other address as the party to receive the notice or request so designates by written notice to the other.

XII.    APPLICABLE LAW

The validity, enforceability, and performance of this Agreement shall be governed by and construed in accordance with the laws of the State of New York.

XIII.    ENTIRE AGREEMENT/ MODIFICATIONS

Each party acknowledges that it has read this Agreement, understands it, and agrees to be bound by its terms and further agrees that it is the complete and exclusive statement of the agreement between the parties, which supersedes and merges all prior proposals, understandings and other agreements, oral and written between the parties relating to the subject matter of this Agreement. The Committee represents that it has the authority to enter into this Agreement, and the Agreement is non-dischargeable under any applicable statute or law. If any provision of this Agreement shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall in no way be affected or impaired thereby. This Agreement may be modified only by a written instrument duly executed by an authorized representative of Committee and an officer of KCC.

XIV.    ASSIGNMENT

This Agreement and the rights and duties hereunder shall not be assignable by the parties hereto except upon written consent of the other, with the exception that this Agreement can be assigned by KCC to a wholly owned subsidiary of KCC.

XV.    ARBITRATION.

Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) shall be entered in any court having jurisdiction thereof. For that purpose, the parties hereto consent to the jurisdiction and venue of an appropriate court located in the Los Angeles County, State of California.

 KURTZMAN
CARSON
CONSULTANTS

## KCC AGREEMENT FOR SERVICES

IN WITNESS WHEREOF, the parties hereto have executed this Agreement effective as of the first date mentioned above.

Kurtzman Carson Consultants LLC

BY: Michael J. Frishberg
TITLE: Director of Restructuring Services


Committee

_____

BY:
TITLE:

5


**KURTZMAN
CARSON
CONSULTANTS**

## KCC AGREEMENT FOR SERVICES

IN WITNESS WHEREOF, the parties hereto have executed this Agreement effective as of the first date mentioned above.

Kurtzman Carson Consultants LLC

_____

BY:
TITLE:

Committee

_____

BY:
TITLE: *UP Corp. Finance*

*Fleishenus*