EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
                                                            :
*In re*                                                     :     Chapter 11
                                                            :     Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1]                            :     Jointly Administered
                                                            :
          Debtors                                :
                                                            :
------------------------------------------------------------X

### ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. §§ 105(a), 1102(b)(3)(A) AND 1103(c) FOR ENTRY OF AN ORDER CLARIFYING ITS REQUIREMENT TO PROVIDE ACCESS TO INFORMATION UNDER 11 U.S.C. § 1102(b)(3)(A)

Upon the Motion, dated February 13, 2009, of the Official Committee of Unsecured Creditors (the "Committee") Pursuant to 11 U.S.C. §§ 105(a), 1102(b)(3)(A) and 1103(c) for Entry of an Order Clarifying Its Requirement to Provide Access to Information Under 11 U.S.C. § 1102(b)(3)(A) (the "Motion")[2] [Docket No. ___]; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and all other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that no other or further notice need be provided;

---

[1] The Debtors in these chapter 11 cases include: Nortel Networks Inc.; Nortel Networks Capital Corporation; Alteon Websystems, Inc.; Alteon Websystems International, Inc.; Xros, Inc.; Sonoma Systems; Qtera Corporation; Coretek, Inc.; Nortel Networks Applications Management Solutions, Inc.; Nortel Networks Optical Components, Inc.; Nortel Networks HPOCS Inc.; Architel Systems (U.S.) Corporation; Nortel Networks International Inc.; Northern Telecom International Inc.; and Nortel Networks Cable Solutions Inc.

[2] Unless otherwise defined, all capitalized terms used herein shall have the same meaning ascribed to such terms in the Motion.

and any objections to the Motion having been resolved or overruled; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED, ADJUDGED and DECREED** as follows:

1. The relief requested in the Motion is granted.

2. <u>Committee Confidential Information</u>. The Committee, its professionals and its members and their respective agents, representatives, advisors and counsel shall not be required, absent entry of an order of the Court, to disseminate information to unsecured creditors developed independently or that is or becomes available to the Committee from a source other than the Debtors, which information is non-public in nature, including, but not limited to, any recommendations or reports to Committee members prepared by Akin Gump Strauss Hauer & Feld LLP, Jefferies & Company, Inc., Capstone Advisory Group, LLC, Fraser Milner Casgrain LLP, or Ashurst LLP (each a "<u>Committee Advisor</u>"), and/or any information deemed by the Committee Advisors to be of a sensitive and confidential nature (the "<u>Committee Confidential Information</u>").

3. <u>Access To Creditor Information</u>. In satisfaction of the Committee's obligations to provide unsecured creditors with access to information (the "<u>Creditor Information Protocol</u>") in accordance with sections 1102(b)(3)(A) and (B) of title 11 of the Bankruptcy Code, the Committee shall, until the earliest to occur of (a) dissolution of the Committee, (b) dismissal or conversion of the Debtors' chapter 11 cases (the "<u>Chapter 11 Cases</u>"), or (c) a further order of the Court:

    (i) Establish and maintain an Internet-accessible website (the "<u>Committee Website</u>"), to be maintained by and through the Committee's proposed information agent, Kurtzman Carson Consultants LLC (the "<u>Information Agent</u>") or such other information agent as is approved by the Court, that provides, without limitation:

(a) a link or other form of access to the website maintained by the Debtors' claims, noticing and balloting agent at http://chapter11.eqipsystems.com/nortel, which shall include, among other things, the case docket and claims register;

(b) highlights of significant events in the Debtors' Chapter 11 Cases;

(c) a calendar with upcoming significant events in the Chapter 11 Cases;

(d) a general overview of the chapter 11 process;

(e) press releases (if any) issued by the Committee or the Debtors;

(f) a registration form for creditors to request "real-time" updates regarding the Chapter 11 Cases via electronic mail;

(g) a form to submit creditor questions, comments and requests for access to information;

(h) responses to creditor questions, comments and requests for access to information; provided, that the Committee may privately provide such responses in the exercise of its reasonable discretion, including in light of the nature of the information request and the creditor's agreement to appropriate confidentiality and trading constraints;

(i) answers to frequently asked questions;

(j) links to other relevant websites;

(k) the names and contact information for the Debtors' counsel and restructuring advisors; and

(l) the names and contact information for the Committee's counsel and financial advisors;

(ii) Distribute updates by and through the Information Agent regarding the Chapter 11 Cases via electronic mail for creditors that have registered for such service on the Committee Website; and

(iii) Establish and maintain a telephone number and electronic mail address by and through the Information Agent for creditors to submit questions and comments.

3

4. <u>Privileged and Confidential Information</u>. Absent entry of an order of this Court to the contrary, the Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in Bankruptcy Code section 101(15), "<u>Entity</u>"): (a) Confidential Information;[3] (b) Advisor Confidential Information;[4] (c) Committee Confidential Information; or (d) Privileged Information.[5]

5. Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") or in connection with any formal or informal discovery in any contested matter, adversary proceeding or other litigation shall not be governed by the terms of this Order, but, rather, by any order governing such discovery; <u>provided, however</u>, that any information received (formally or informally) by the Committee shall be

---

[3] "Confidential Information" shall mean, any information relating to the Debtors and certain of their affiliates and/or subsidiaries that is non-public, confidential, or proprietary in nature, including, without limitation, all matters discussed at Committee meetings (whether or not memorialized in any minutes thereof), any information or material (whether written, electronic or oral) distributed to a Committee member or its representatives, and any information or material received from the Debtors or their affiliates, Ernst & Young Inc., as the Court-appointed Monitor in connection with the proceedings under the Companies' Creditors Arrangement Act (the "<u>Monitor</u>") or any of Alan Bloom, Stephen Harris, Chris Hill and Alan Hudson of Ernst & Young LLP, as the Court-appointed joint administrators of certain Nortel companies incorporated in the Europe, Middle East and Africa region in connection with the proceedings under the U.K. Insolvency Act 1986 (such individuals collectively, the "<u>Administrator</u>") or each of their respective representatives, by or through the Committee, in each instance that is not generally available to the public.

[4] "Advisor Confidential Information" shall mean any information relating to the Debtors that is non-public, confidential, or proprietary in nature, including the content of all discussions, communications, negotiations, and evaluations in writing, orally, or otherwise, in each case received by a Committee Advisor or any of its affiliates, members, partners, counsel, associates, employees, agents, advisors or representatives (each of the foregoing, other than the Committee Advisor, a "<u>Representative</u>") from the Debtors, the Monitor, the Administrator or any of their respective representatives, agents, advisors or counsel, or to which a Committee Advisor or any of its Representatives was a party and all notes, reports, analyses, compilations, studies, files or other documents or material, whether prepared by the Committee Advisor or others, which are based on, contain or otherwise reflect such information.

[5] "Privileged Information" shall mean any information subject to the attorney-client or some other state, federal, or other jurisdictional privilege law.

governed by the terms of this Order and any confidentiality agreement between the Committee and the Debtors concerning the Chapter 11 Cases.

6. The Debtors shall assist the Committee in identifying any Confidential Information or Advisor Confidential Information concerning the Debtors that is provided by (a) the Debtors or their agents or professionals or (b) by any third party, to the Committee, its agents or professionals.

7. <u>Creditor Information Requests</u>. If a creditor (a "<u>Requesting Creditor</u>") submits a written request, including on the Committee Website or by electronic mail (the "<u>Information Request</u>"), for the Committee to disclose information, the Committee shall (i) as soon as practicable, but no more than twenty (20) business days after receipt of the Information Request, provide (including on the Committee Website) the creditor with a response to the Information Request (the "<u>Response</u>"), as well as provide access to the information requested or the reasons the Information Request cannot be complied with and (ii) provide the Debtors with (x) notice of the Information Request within five (5) business days of the Committee's receipt of the Information Request and (y) a copy of the Response. If the Response is to deny the Information Request because the Committee believes the Information Request implicates Confidential Information, Advisor Confidential Information, Committee Confidential Information or Privileged Information that need not be disclosed pursuant to the terms of this Order or otherwise under Bankruptcy Code section 1102(b)(3)(A), or that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion brought before this Court. Such motion shall be served and the hearing on such motion shall be noticed and scheduled pursuant

to the Bankruptcy Rules or any case management order entered in the Chapter 11 Cases. The Committee shall not object to any Requesting Creditor's request to participate in any such hearing by telephone conference. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Debtors or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information, Advisor Confidential Information, Committee Confidential Information or Privileged Information. Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that this Court conduct an in camera review of any information specifically responsive to the Requesting Creditor's request that the Committee claims is Confidential Information, Advisor Confidential Information, Committee Confidential Information or Privileged Information, provided, however, that if the Committee elects to provide access to Confidential Information, Advisor Confidential Information and Committee Confidential Information, the Committee shall have no responsibility for the Requesting Creditor's compliance with, or liability for violation of, applicable securities or other laws. Any disputes with respect to this paragraph shall be resolved as provided in the next paragraph.

    8.  <u>Release of Confidential Information or Privileged Information of the Debtors to Third Parties</u>. If the Information Request implicates Confidential Information, Advisor Confidential Information or Privileged Information of the Debtors (or any other Entity other than the Committee) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information, Advisor Confidential Information or Privileged Information to unsecured creditors, the Committee may make a demand (the "<u>Demand</u>") for the benefit of the Debtors' unsecured creditors in accordance with

the following procedures: (a) if the Confidential Information, Advisor Confidential Information or Privileged Information is information of the Debtors, by submitting a written request, each captioned as a "Committee Information Demand," to Cleary Gottlieb Steen & Hamilton LLP, counsel for the Debtors, One Liberty Plaza, New York, NY 10006, attention: James L. Bromley at jbromley@cgsh.com ("Debtors' Counsel"), stating that such information will be disclosed in the manner described in the Demand unless the Debtors object to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor or the Debtors may schedule a hearing with this Court pursuant to the Bankruptcy Rules or any case management order entered in the Chapter 11 Cases seeking a ruling with respect to the Demand; and (b) if the Confidential Information or Advisor Confidential Information is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to Debtors' Counsel, stating that such information will be disclosed in the manner described in the Demand unless such Entity objects to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, such Entity and the Debtors may schedule a hearing with the Court pursuant to the Bankruptcy Rules or any case management order entered in the Chapter 11 Cases seeking a ruling with respect to the Demand. In the event there is an objection to the disclosure of Confidential Information pursuant to this paragraph, such information shall only be disclosed to the extent provided in an order by the Court that has become final and non-appealable.

9. Nothing in this Order requires the Committee to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee,

in its sole discretion, or to the Court, that it holds claims of the kind described in Bankruptcy Code section 1102(b)(3).

10. <u>Exculpation</u>. None of the Debtors, the Committee, nor any of their respective directors, officers, employees, members, attorneys, consultants, advisors, or agents (each acting in such capacity) (collectively, the "<u>Exculpated Parties</u>") shall have or incur any liability to any Entity (including the Debtors and their affiliates) for any act taken or omitted to be taken in connection with the preparation, dissemination, or implementation of the Creditor Information Protocol, the Committee Website and any other information to be provided pursuant to Bankruptcy Code section 1102(b)(3); <u>provided</u>, <u>however</u>, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph 10 that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final non-appealable order to have constituted a breach of fiduciary duty, gross negligence, or willful misconduct, including, without limitation, fraud and criminal misconduct, or the breach of any confidentiality agreement or order. Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

11. This Order shall be effective as of February ___, 2009 (the "<u>Effective Date</u>"); the terms of this Order, however, shall apply to all information governed by this Order, including information in the Committee's possession prior to the Effective Date.

12. This Order shall be binding in all respects upon the Debtors, the Committee and any successors thereto and all creditors and parties in interest.

13. This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respects and further to hear and determine all matters arising from the construction and implementation of this Order.

Dated: _____, 2009

_____<br>
Honorable Kevin Gross<br>
United States Bankruptcy Court Judge