IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X
|                                          |   |                                                |
| *In re*                                  | : | Chapter 11                                     |
|                                          | : |                                                |
| Nortel Networks Inc., *et al.*,[1]       | : | Case No. 09-10138 (KG)                         |
|                                          | : |                                                |
|                    Debtors.              | : | Jointly Administered                           |
|                                          | : |                                                |
|                                          | : | Hearing date: March 5, 2009 at 10:00 a.m. (E.T.) |
|                                          | : | Objections due: Feb. 26, 2009 at 4:00 p.m. (E.T.) |
-----------------------------------------------------------X

## APPLICATION OF THE DEBTORS PURSUANT TO 11 U.S.C. § 327(e) TO RETAIN AND EMPLOY JACKSON LEWIS LLP AS COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO JANUARY 14, 2009

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Application") for the entry of an order substantially in the form attached hereto as Exhibit B, pursuant to Sections 327(e) and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) authorizing the employment and retention of Jackson Lewis LLP ("Jackson Lewis") as Counsel of Record for

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[New York #2012597 v1]

the Debtors *nunc pro tunc* to January 14, 2009, (ii) approving the terms and conditions under which Jackson Lewis will be retained and compensated, and (iii) granting related relief. In support of this Application, the Debtors rely upon and incorporate by reference the Declaration of René E. Thorne (the "Thorne Declaration"), attached hereto as Exhibit A. In further support of this Application, the Debtors respectfully represent as follows:

## Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 105, 327, 328, 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2014 and 2016 and Local Bankruptcy Rule 2014-1.

## Background

**A.    Introduction**

3. On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and

[New York #2012597 v1]

certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as foreign representative for the Canadian Debtors, has filed petitions for recognition of the Canadian Proceedings as foreign main proceedings under Chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign main proceeding under section 18.6 of the CCAA. In addition, at 8 p.m. on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates into administration under the control of individuals from Ernst & Young (collectively, the "EMEA Debtors").[3]

6. On January 15, 2009, this Court entered an order of joint administration pursuant to Bankruptcy Rule 1015(b) that provided for the joint administration of these cases and for consolidation for procedural purposes only.

7. On January 26, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant

---

[2] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[3] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.P.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

to Section 1102(a)(1) of the Bankruptcy Code (D.I. 141, 142). No trustee or examiner has been appointed in the Debtors' cases.

**B.     Debtors' Corporate Structure and Business**

8.     A description of the Debtors' corporate structure and businesses and the events leading to the Chapter 11 cases are set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications (the "First Day Declaration").[4]

## Relief Requested

9.     By this Application, the Debtors seek entry of an order pursuant to sections 327(e) and 331 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rules 2014-1 (i) authorizing the employment and retention of the employment law firm of Jackson Lewis as Counsel of Record to the Debtors *nunc pro tunc* to January 14, 2009, (ii) approving the terms and conditions under which Jackson Lewis will be retained and compensated and (iii) granting related relief.

## Basis For Relief

10.     Section 327(e) of the Bankruptcy Code authorizes a debtor-in-possession to employ one or more attorneys to represent the debtor on specified special matters so long as those attorneys do not hold or represent an interest adverse to the estate with respect to the matters on which they are to be retained. See 11 U.S.C. §§ 327(e), 1106 and 1107.

11.     The Debtors seek to retain Jackson Lewis as Counsel of Record because of its intimate knowledge of the Debtors' business and operations, particularly in ERISA litigation

---

[4]     Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

and labor and employment law and related matters, and in connection with Jackson Lewis's representation of the Debtors in the ongoing class action matter entitled *In Re Nortel Networks Corporation ERISA Litigation*, No. 3:03-MDL-1537, pending in the Middle District of Tennessee (the "ERISA Class Action"). In addition, Jackson Lewis also represents NNL, NNC and certain former and current Nortel directors and officers in the ERISA Class Action. As a result of its knowledge and experience in ERISA litigation, it is unquestionable that the employment of Jackson Lewis is in the best interests of the Debtors and the Debtors' estates.

12. Jackson Lewis is not being retained, and has not been asked, to provide advice with respect to conducting the Debtors' bankruptcy cases.

13. Subject to this Court's approval and in accordance with Sections 327(e) and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Orders of this Court, the Debtors propose to compensate Jackson Lewis for professional services rendered at its normal and customary hourly rates in effect from time to time as set forth in the Thorne Declaration, plus reimbursement of actual, necessary expenses incurred by Jackson Lewis on the Debtors' behalf.

## Nunc Pro Tunc Retention

14. The Debtors request approval of the employment of Jackson Lewis LLP *nunc pro tunc* to January 14, 2009. The Third Circuit has identified "time pressure to begin service without court approval" and absence of prejudice as factors favoring *nunc pro tunc* retention. *See In re Indian River Homes, Inc.*, 108 B.R. 46, 52 (D. Del. 1989), *app. dismissed*, 909 F.2d 1406 (3d Cir. 1990). These factors justify *nunc pro tunc* relief in these cases.

15. It is undisputable that there was significant time pressure for Jackson Lewis to continue representation of Debtors in the ongoing ERISA Class Action.

[New York #2012597 v1]

16. Additionally, *nunc pro tunc* retention will not prejudice the Debtors' creditors. To the contrary, as set forth above, approval of this Application will benefit the Debtors' creditors by increasing the prospects of recovery for these estates.

17. Accordingly, the Court should approve Jackson Lewis's retention *nunc pro tunc* to January 14, 2009.

## Absence of Adverse Interest

18. To the best of the Debtors' knowledge and except as set forth in the Thorne Declaration, Jackson Lewis has no interest in or connection with any creditor or other party-in-interest in the Debtors' pending chapter 11 proceedings, nor to the best of the Debtors' knowledge does Jackson Lewis hold any interest adverse to the interests of the Debtors or the Debtors' estates.

## Compensation

19. Jackson Lewis rendered pre-petition services to the Debtors for which it has yet to be paid. The value of such pre-petition services is approximately $510,977.00. Pursuant to section 329(a) of the Bankruptcy Code, an attorney representing a debtor in connection with a pending bankruptcy case shall file a statement with the Court disclosing payments made to the attorney within one year prior to the petition date. Although Jackson Lewis does not believe that the services rendered to the Debtors were in connection with these bankruptcy cases, in the interest of full disclosure to the Court, in the one year prior to the Petition Date, Jackson Lewis received payments from the Debtors for services rendered in the approximate amount of $816,213.43.

20. Jackson Lewis understands that any compensation and expenses paid to it must be approved by this Court upon application.

21. Jackson Lewis's rate structure is for this type of work is:

Partners:            $485-$525
Associates:          $375-$425
Paraprofessionals:   $150

These hourly rates are subject to periodic adjustments to reflect economic and other conditions.

22. Jackson Lewis will also seek reimbursement for necessary expenses incurred, which shall include travel, photocopying, delivery service, postage, vendor charges and other out of pocket expenses incurred in providing professional services.

23. Additionally, in the ordinary course of Jackson Lewis's representation of the Debtors, Jackson Lewis is compensated and reimbursed for a portion of its services and expenses by certain insurers ("Insurers"), including Chubb Insurance Company of Canada, with whom the Debtors have policies. The Debtors seek to continue having such Insurers continue compensating Jackson Lewis and reimbursing Jackson Lewis consistent with the terms if any applicable insurance policies or other agreements and/or arrangements with the Debtors and Jackson Lewis without any further order of the Court. The Debtors further seek that the automatic stay be modified if and as necessary to allow for such payments to Jackson Lewis. Jackson Lewis would submit invoices to applicable Insurers as it has done in the past consistent with such practices, including a previously agreed upon billing rates between the Insurers and Jackson Lewis. Jackson Lewis intends to seek compensation and reimbursement from the Insurers with respect to those amounts that were outstanding as of the Petition Date.

### Notice

24. Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) Office of the United States Trustee for the District of

[New York #2012597 v1]

Delaware; (ii) counsel to the Committee; and (iii) the general service list established in these cases. The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

25. No prior application for the relief sought herein has been made to this Court or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Application and the relief requested herein authorizing the Debtors to retain and employ the firm of Jackson Lewis as Debtors' counsel in the ongoing ERISA Class Action, effective as of January 14, 2009; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: February 13, 2009
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Thomas F. Driscoll III (No. 4703)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
Phone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*

[New York #2012597 v1]