UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re:                                              :    Chapter 11
                                                    :
NORTEL NETWORKS, INC., et al[1]                     :    Case No. 09-10138 (KG)
                                                    :
            Debtors.                                :
                                                    :
                                                    :    (Jointly Administered)
                                                    :
                                                    :    Hearing Date : 3/20/09 at 11:00 a.m. (ET)
                                                    :    Objection Date: 3/09/09 at 4:00 p.m. (ET)
                                                    :
                                                    :
---------------------------------------------------------------x

## MOTION OF JOHNSON CONTROLS, INC. PURSUANT TO SECTIONS 362 AND 553 OF THE BANKRUPTCY CODE FOR RELIEF FROM THE AUTOMATIC STAY TO EFFECTUATE A SETOFF OF PREPETITION AMOUNTS OWED BY AND BETWEEN JOHNSON CONTROLS, INC. AND DEBTORS

Johnson Controls, Inc. ("JCI"), by and through its counsel, Hahn Loeser & Parks, LLP and Ashby & Geddes, P.A., hereby moves this Court pursuant to sections 362(d) and 553 of title 11 of the United States Code (the "Bankruptcy Code") for relief from the automatic stay in order to effectuate a setoff of prepetition amounts owing and due between JCI and a certain above-captioned Debtor, Nortel Networks, Inc. ("NNI"), pursuant to certain prepetition agreements between the parties (the "Motion"), all as set forth below.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are Nortel Networks, Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc.(9769), Alteon Web Systems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions, Inc. (2846), Nortel Networks Optical Components, Inc. (3545), Nortel Networks HPOCS, Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International, Inc. (0358), Northern Telecom International Inc. (6286), and Nortel Networks Cable Solutions Inc. (0567).

{00274385;v1}CLE - 1117016.1

## PRELIMINARY STATEMENT

Prior to the Debtors entering into these Chapter 11 Cases, JCI and NNI entered into agreements and arrangements whereby each was obligated to the other for certain services to be provided. JCI provided (and still provides) facilities management services to NNI, and NNI provided (and still provides) communications services to JCI. JCI owes NNI amounts equal to $3,397,041.04[2] for pre-petition services rendered, and NNI owes JCI amounts equal to $4,432,148.75[3] for pre-petition services rendered.[4] The provision of services and these amounts are not in dispute.

JCI seeks an order from this Court granting relief from the automatic stay so that JCI may properly assert its rights to setoff the pre-petition amounts due and owing from JCI to NNI against the pre-petition amounts owed from NNI to JCI. After application of its setoff rights, JCI will be left with a pre-petition remainder claim in the amount of $1,035,107.71[5] against NNI.

## JURISDICTION AND STATUTORY PREDICATES

1.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C Sections 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. Section 157(b). Venue is proper before this Court pursuant to 28 U.S.C. Sections 1408 and 1409. The statutory relief sought in

---

[2] JCI states that its accounting of the amounts reported as being owed from JCI to NNI reflect the current accounting JCI has based upon invoices submitted from NNI to JCI, however JCI reserves its rights to amend the amounts reported as necessary to reflect further adjustments that may become necessary or known. JCI has not received any invoices from NNI relating to services provided for the period from January 1, 2009 through the Petition Date, and specifically reserves the rights to make adjustments to this calculation once it obtains this information.

[3] NNI listed JCI as a creditor being owed $2,065,379 on its listing of Top 40 Creditors filed with the Court. JCI does not dispute being a creditor, but asserts that the accounting reported by NNI on the Petition Date is inaccurate and likely does not capture all amounts due from NNI to JCI.

[4] JCI states that its accounting of the amounts reported as being owed from NNI reflect the current accounting JCI has for the NNI account, however JCI reserves its rights to amend the amounts reported as necessary to reflect further adjustments that may become necessary or known.

[5] JCI reserves its rights to adjust and amend this calculation based upon updated and new information.

{00274385;v1}
CLE - 11117016.1

- 2 -

this matter is predicated upon Sections 362 and 553 of the Bankruptcy Code and Section 151 of the New York Debtor and Creditor Law.

## BACKGROUND

### Chapter 11 Filing for NNI

2. On January 14, 2009 (the "Petition Date"), the Debtors, including NNI, commenced these cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). Pursuant to Order of this Court, the Chapter 11 Cases are being jointly administered [Docket No. 36].

3. On January 26, 2009 the United States Trustee established the Committee of Unsecured Creditors (the "Committee") in the Chapter 11 Cases [Docket Nos. 141 & 142].

4. On February 5, 2009, the Court entered its *Order Clarifying Relief Granted Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code Authorizing Debtors to Honor Prepetition Obligations to the Customers* (the "Customer Obligation Order") [Docket No. 166]. The Court has ordered that "all rights of Debtors' customers to assert rights of setoff or recoupment are expressly reserved notwithstanding any payments by such customers to the Debtors." (Customer Obligation Order, ¶ 5.)

### NNI Owes $ 4,432,148.75 in Pre-petition Amounts to JCI Pursuant to the MSA

5. On August 14, 2006, JCI and Nortel Networks, Ltd (the Canadian parent of NNI, "NNL") entered into a certain Master Services Agreement No. 06-170 (as amended from time to time and as agreed, the "MSA").[6]

6. Pursuant to the MSA, among other instructions, JCI (and its affiliates) provides facilities management services to NNL (and its affiliates, including NNI). The MSA provides

---

[6] Provisions of the MSA protect the general confidentiality of the MSA. Accordingly it is not attached. Concurrent with the filing of this Motion, JCI is endeavoring to work with NNI to make the MSA available to the Court, and other appropriate interested parties.

{00274385;v1}  
CLE - 1117016.1

- 3 -

the general terms and conditions governing the relationships between (i) JCI and its affiliates operating in different North American nations and (ii) NNL and its affiliates operating in different North American nations. (MSA.)

7.  Pursuant to Section 1.3.1 of the MSA, obligations for (i) JCI and JCI affiliates to provide services and (ii) NNL and NNL affiliates to make payments are established on the local (geographic) level, under numerous, geographically based, Local Country Participation Agreements (collectively, the "LCPAs"). (MSA, § 1.3.1.) Each LCPA incorporates the terms and conditions of the MSA. (MSA, § 1.)

8.  No LCPA, as such, exists relating to the obligations of NNI and JCI for services provided in the United States because the definition of LCPA under the MSA states that "upon issuance of a P.O. from Nortel Networks, Inc. this Agreement shall be the LCPA for the United States." (MSA, Definition of Local Country Participation Agreement.) NNI is the party responsible to make payments to JCI for services provided in the United States pursuant to the purchase orders, which are the LCPA in the United States. A schedule of the applicable purchase orders (the "Purchase Orders") along with copies of the Purchase Orders are attached hereto as Exhibit A.

9.  The LCPA structure exists for the purpose of localizing services and payment obligations, and accordingly, the issuance of a purchase order from NNI to JCI for services created the obligation for JCI to perform services and for NNI to make payment for such services.

10. The MSA is to be interpreted under the laws of the State of New York. (MSA, § 24.3.)

11. JCI is owed $4,432,148.75 from NNI relating to services provided prior to the Petition Date for which it has not been paid. Copies of the invoices evidencing pre-petition amounts due that remain unpaid are attached hereto as <u>Exhibit B</u> (the "JCI Invoices to NNI"). To the best of JCI's knowledge, the validity of the JCI Invoices to NNI and the amounts owed to JCI are not in dispute.

### JCI Owes $3,397,041.04 in Pre-petition Amounts to NNI Pursuant to the ESSA

12. On May 5, 2000, JCI and NNI entered into the Enterprise Solutions Services Agreement (the "ESSA").[7]

13. The ESSA provides the general terms and conditions upon which JCI purchases telecommunications goods and services from NNI. (ESSA.)

14. The ESSA is to be interpreted under the laws of the State of New York. (ESSA § 27.3.)

15. NNI is owed $3,397,041.04 from JCI relating to services provided prior to the Petition Date for which it has not been paid (the "Amounts Owed to NNI"). To the best of JCI's knowledge the validity of the Amounts Owed to NNI is not in dispute. Copies of the invoices evidencing Amounts Owed to NNI that remain unpaid are attached hereto as <u>Exhibit C</u>.[8]

16. Pending application of JCI's rights of setoff, JCI has placed the Amounts Owed to NNI on "administrative hold."

### RELIEF REQUESTED

17. JCI seeks relief from the automatic stay of Bankruptcy Code § 362(a) to affect setoffs of mutual prepetition obligations owing (a) from NNI to JCI and (b) from JCI to NNI.

---

[7] Provisions of the ESSA protect the general confidentiality of the ESSA. Accordingly, it is not attached. Concurrent with the filing of this Motion, JCI endeavors to work with NNI to make the ESSA available to the Court, and other appropriate interested parties.

[8] Through the date of the filing of this Motion, NNI has not yet provided JCI with an accounting of the prepetition amounts NNI alleges that JCI owes to NNI. JCI reserves the right to add to, and modify the Amounts Owed to NNI as appropriate and necessary.

Relief from the automatic stay would allow NNI and JCI to reconcile their mutual, undisputed prepetition obligations in a manner contemplated by the Bankruptcy Code and under applicable state law.

## BASIS FOR RELIEF

### JCI Is Entitled to Setoff the Amounts Owed to NNI Against the JCI Invoice to NNI.

18. The Bankruptcy Code leaves intact parties' non-bankruptcy rights of setoff. Specifically, Bankruptcy Code § 553 provides in pertinent part that the Bankruptcy Code

> does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case . . . .

*See also Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 18 (1995) (holding that Bankruptcy Code Section 553(a) "provides that, with certain exceptions, whatever right of setoff otherwise exists is preserved in bankruptcy"). This right of setoff is intended to avoid "the absurdity of making A pay B when B owes A." *Id.* (quoting *Studley v. Boylston Nat. Bank*, 229 U.S. 523, 528 (1913)). "The right of setoff allows parties that owe mutual debts to each other to assert the amounts owed, subtract one from the other, and pay only the balance." *Darr v. Muratore*, 8 F.3d 854, 860 (1st Cir. 1993) *(citing to Cohen v. The Savings and Loan Co. (In re Bevill, Bresler & Schulman Asset Mgmt. Corp.)*, 896 F. 2d 54 (3d Cir. 1990)).

19. In addition, the right to setoff claims "is an established part of our bankruptcy laws . . . [and] ***should be enforced unless compelling circumstances . . . require otherwise.***" *United States v. Offord Fin., Inc.* (*In re Medina*), 205 B.R. 216, 223 (B.A.P. 9th Cir. 1996) (emphasis added; internal citations and quotations omitted); *see also Bohack Corp. v. Borden, Inc.*, 599 F. 2d 1160, 1165 (2d Cir. 1979).

20. A creditor may exercise its non-bankruptcy setoff rights pursuant to Bankruptcy Code Section 553 where the creditor shows (1) the debtor owes the creditor a prepetition debt; (2) the creditor owes the debtor a prepetition debt; (3) the debts are mutual; and (4) the debts owed to both the creditor and debtor are enforceable and valid. 11 U.S.C. § 553(a); *see, e.g., Ames v. Dehart (In re Ames)*, 195 F. 3d 177, 182 (3d Cir. 1999); *In re Koch*, 224 B.R. 572, 576 (Bankr. E.D. Va. 1998); *Eastern Airlines, Inc. v. Chemical Bank, Inc.*, 1997 U.S. Dist. LEXIS 7380, at *5 (Bankr. S.D.N.Y. 1997); *In re Czyzk*, 297 B.R. 406, 409 (3d Cir. 2003).

21. It is well established that Section 553 of the Bankruptcy Code, while providing guideposts and threshold requirements for the exercise of setoff rights of creditors against a bankrupt debtor, does not create such setoff rights. 11 U.S.C. § 553(a). Section 553 "does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before commencement of the case under [the Bankruptcy Code] against a claim against the debtor that arose before commencement of the case." *See id.* Accordingly, appropriate state law setoff rights apply to creditors' assertions of setoff. 11 U.S.C. § 553(a); *see also In re Garden Ridge Corp.*, 338 B.R. 627, 632 (Bankr. D. Del. 2006) (holding that set-off rights are determined according to applicable state law); *Scherling v. Hellman Elec. Corp (In re Westchester Structures, Inc.)*, 181 B.R. 730, 740 (Bankr. S.D.N.Y. 1995); *U.S. ex rel I.R.S. v. Norton*, 717 F 2d 767 (3d Cir. 1983).

22. By the terms of both the MSA and the ESSA, New York law governs the setoff rights of the parties in the instant case. (MSA, § 24.1; ESSA, § 27.1.). New York law allows parties to setoff mutual debts. NEW YORK DEBTOR & CREDITOR LAW § 151; *See, also, In re Westchester Structures, Inc.*, 181 B.R. at 740 (applying New York law on setoffs to recognize not only statutory rights under Section 151 but also a creditor's equitable rights to setoff). Under

Section 151 of the New York Debtor and Creditor law, upon the filing of a petition in bankruptcy, a party to whom such bankruptcy-filing party owes money shall have the right to

> Set off and apply against any indebtedness, whether matured or unmatured, of such creditor [NNI] to such debtor [JCI], any amount owing from such debtor to such creditor, at or at any time after, the happening of [the creditor's filing of a petition in Bankruptcy], and the aforesaid right of set off may be exercised by such debtor against such creditor or against any trustee in bankruptcy, debtor in possession, assignee for the benefit of creditors, receiver or execution, judgment or attachment creditor of such creditor, or against anyone else claiming through or against such creditor or against any trustee in bankruptcy, debtor in possession, assignee for the benefit of creditors, receiver or execution, judgment or attachment creditor, notwithstanding the fact that such right of set off shall not have been exercised by such debtor prior to [the creditor's filing of a petition in Bankruptcy].

NEW YORK DEBTOR & CREDITOR LAW § 151.

23. JCI has valid and enforceable state-law bases under the ESSA and MSA, pursuant, *inter alia*, to the applicable New York law to effect setoff. Moreover, nothing in either the MSA or ESSA limits or restricts any rights of setoff of any party whatsoever. (MSA; ESSA.)

24. Turning to the threshold requirements under Section 553 of the Bankruptcy Code, it is clear that JCI has the affirmative right to setoff the Amounts Due to NNI against the JCI Invoices to NNI.

25. First, both the Amounts Due to NNI and the JCI Invoices to NNI are comprised entirely of amounts arising prepetition and due for prepetition claims and debts.[9]

26. Second, no dispute exists with respect to any of the amounts included in the Amounts Due to NNI or the JCI Invoices to NNI. Accordingly, these amounts are fully valid and enforceable.

27. Last, the parties' debts here are "mutual," and therefore appropriate to be setoff. Mutuality is not defined by the Bankruptcy Code. *In re NTG Indus., Inc.*, 103 B.R. 195, 197 (Bankr.

---

[9] Notably, JCI and NNI continue to perform under the MSA, LCPAs, Purchase Orders and ESSA, and each continue to accrue postpetition amounts due to one another. Such postpetition amounts are not the subject of this Motion.

N.D. Ill. 1989). Pursuant to current New York law, "debts are mutual when they are due to and from the same persons in the same capacity." *In re Westchester Structures, Inc.*, 181 B.R. at 740 (applying New York law to determine whether mutuality exists); *see also Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1398-99 (9th Cir. 1996) (citing 4 COLLIER ON BANKRUPTCY ¶ 553.04[2] (15th ed. 1995)).

28. Following New York law relating to setoff rights, JCI seeks only to setoff debts that are mutual, and between the same persons that are acting in the same capacity. Here, mutual debts arose on a prepetition basis and, therefore, those respective debts are in the same right. *See In re Westchester Structures, Inc.*, 181 B.R. at 739 (explaining that debts between the same parties can arise from any number of obligations). JCI and NNI are also the identical parties on each side of the transactions under the ESSA and the Purchase Orders, meeting the mutuality requirement as both parties are acting in the same capacity.

29. In sum, applicable non-bankruptcy law permits JCI to exercise its statutory and equitable setoff rights against NNI. NNI and JCI owe each other mutual, countervailing debts that arose before the Debtors filed their petitions in bankruptcy. Thus, this Court should lift the automatic stay to permit JCI to exercise its setoff rights.

**Relief from the Automatic Stay is Appropriate to Allow JCI to Effectuate a Setoff.**

30. A party seeking to assert its setoff rights must obtain relief from the automatic stay imposed by Section 362(a)(7) of the Bankruptcy Code prior to actually applying the asserted setoff. *See In re Academy Services, Inc.*, 90 B.R. 294, 295 (Bankr. N.D. Ohio 1988). By this Motion, JCI seeks to comply with this procedural requirement.

31. The automatic stay provides important protections for debtors in bankruptcy cases, however, upon compliance with the procedural requirements that notice be given and a hearing be held, cause exists under Section 362(d)(1) of the Bankruptcy Code to grant JCI relief from the automatic stay

so that JCI, as a creditor, may move forward and apply its rights of setoff. *In re NTG Indus., Inc.*, 103 B.R. at 197 (relief from stay granted to allow creditor to effectuate setoff); *In re Whitaker*, 173 B.R. 359 (Bankr. S.D. Ohio 1994) (same); *In re Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 896 F. 2d at 61.

32. Setoff in the instant case is appropriate and needed for JCI and NNI to move forward with their independent operations. Section 362(a)(7) does not alter a creditor's setoff rights. *In re Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 896 F. 2d at 61; H.R. Rep. No. 595, 95th Cong. 1st Sess., at 342 (1977); S. Rep. No. 989, 95th Cong. 2d Sess., at 51 (1978). More specifically, section 362(a)(7) stays enforcement pending an examination of the respective parties' rights. *Id.* Following a grant of stay relief, a creditor may then exercise its rights of setoff, that remain unimpaired by Section 362(a)(7). *In re NTG Indus., Inc.*, 103 B.R. at 197. The automatic stay under Section 362(a)(7) does not alter a creditor's substantive rights of setoff, it only delays the exercise or application of those setoff rights. *See In re Luz Int'l, Ltd.*, 219 B.R. 837, 841 (9th Cir. B.A.P. 1998).

33. In the instant case, JCI's rights to setoff the Amounts Owed to NNI against the JCI Invoices to NNI are undeniable, as the obligations being setoff are prepetition, undisputed and mutual. Such obligations are ripe to be setoff pursuant to each of Section 553 of the Bankruptcy Code, Section 151 New York Creditor and Debtor Law, and JCI's equitable rights. The setoff requires no payment from any of the Debtors. The result is a netting effect, reducing debt owed by both NNI and JCI.

34. Granting relief from stay to allow JCI to enforce its setoff rights does not, and will not, impair the Debtors' restructuring and reorganization efforts. Such stay relief also does not prejudice the rights of other creditors/customers to apply similar setoff rights. The Customer Obligation Order preserved these rights for customers, including JCI. Application of these rights is appropriate at this

time. Cause exists under Section 362(d)(1) to grant relief from the automatic stay to JCI, for the limited purpose of effectuating its valid prepetition setoff rights.

### RESERVATION OF RIGHTS

35. JCI reserves all rights (1) to defend against challenges from other parties to the JCI Invoices to NNI and (2) to seek recovery on other alternative grounds. JCI further reserves all rights it (or its affiliates) may have against any Debtors (or their affiliates) in the related Canadian insolvency proceeding. Nothing herein shall be construed to constitute an admission, assumption, or acknowledgment of liability for the debts of any other entity.

WHEREFORE, JCI respectfully requests that the Court enter an Order (a) granting JCI relief from the automatic stay to effect a setoff of mutual obligations between NNI and JCI, and (b) granting JCI such other and further just and proper relief.

**-Rest of Page Left Intentionally Blank-**

February 16, 2009

Respectfully submitted,

*[signature: Ben Keenan]*
Ricardo Palacio (I.D. 3765)
Benjamin W. Keenan (I.D. 4724)
ASHBY & GEDDES, P.A.
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899-1150
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
rpalacio@ashby-geddes.com
bkeenan@ashby-geddes.com

and

Alan S. Kopit (OH 0031965)
Christopher W. Peer (OH 0076257)
HAHN LOESER & PARKS LLP
200 Public Square
Suite 2800
Cleveland, OH 44114
(216) 621-0150 - Telephone
(216) 241-2824 - Facsimile

*Counsel for Johnson Controls, Inc.*