**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- X
                                                                 :
*In re*                                                          : Chapter 11
                                                                 :
Nortel Networks Inc., *et al.*[1]                                : Case No. 09-10138 (KG)
                                                                 :
                          Debtors.                               : Jointly Administered
                                                                 :
---------------------------------------------------------------- X  RE: D.I. ―――194

## ORDER APPROVING DEBTORS' MOTION
## FOR AUTHORIZATION AND
## APPROVAL OF PROCEDURES FOR THE SALE
## OR ABANDONMENT OF DE MINIMIS ASSETS

Upon the motion dated, February ――2, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, approving and authorizing expedited procedures for the sale or abandonment of Debtors' De Minimis Assets; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the

---

[1] The Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized, but not required, pursuant to section 363(b) of the Bankruptcy Code to sell De Minimis Assets in accordance with the following procedures:

> **a.** ~~a.~~ Except as modified by subparagraph (b) below, the Debtors propose to notify (i) any known affected creditor asserting a Lien on any De Minimis Assets subject to sale, and (ii) the Committee (collectively, the "Sale Notice Parties"). Such notice will contain (i) a general description of the De Minimis Assets to be sold, (ii) any commissions to be paid to third parties used to sell or auction the assets; (iii) the proposed purchase price, and (iv) terms of payment.
>
> **b.** ~~b.    No~~**Except as modified by subparagraph (c) below, no** notice need be provided for asset sales with a purchase price that does not exceed $~~2,000,000~~**1,500,000**; provided however, that the Debtors will furnish a ~~quarterly~~**monthly** schedule of all such assets sold to the Committee.
>
> **c.** ~~c.~~ For all ~~asset sales with a purchase price greater than $2,000,000 but less than $10,000,000, notice will be given in accordance with paragraph (a) above. If none of the Sale Notice Parties receiving the notice objects in writing within five (5) business~~**sales of De Minimis Assets consisting wholly or primarily of intellectual property for less than $1.5 million, the Committee will be given notice containing (i) a general description of the De Minimis Assets to be sold, (ii) any commissions to be paid to third parties used to sell or auction the assets; (iii) the proposed purchase price, and (iv) terms of payment. If the Committee does not object in writing within ten (10) calendar** days of receipt of such notice, then the Debtors may immediately consummate the transaction, including making any disclosed payments to third-party brokers or auctioneers.[3] If an objection is received within such period that cannot be resolved, such De Minimis Assets will not be sold except upon further order of the Court after notice and a hearing.

---

[3] ~~Parties~~**With respect to notices required under this Order, all parties** shall be deemed to have received notice the day after such notice has been sent by a properly addressed facsimile, email or overnight delivery to ~~a Sale Notice Party~~**the notice party** or its counsel or designated representative. If such notice is made solely by U.S. mail, the deemed receipt date shall be three (3) days after mailing.

2

**d.** **For all asset sales with a purchase price greater than $1,500,000 but less than or equal to $10,000,000, notice will be given in accordance with paragraph (a) above. If none of the Sale Notice Parties receiving the notice objects in writing within ten (10) calendar days of receipt of such notice, then the Debtors may immediately consummate the transaction, including making any disclosed payments to third-party brokers or auctioneers. If an objection is received within such period that cannot be resolved, such De Minimis Assets will not be sold except upon further order of the Court after notice and a hearing.**

**e.**   d.   Without further order of the Court, sales and abandonment of De Minimis Assets pursuant to these procedures shall not exceed $50,000,000 in the aggregate.

**f.**   e.   Nothing in the foregoing procedures prevents the Debtors, in their sole discretion, from seeking the Court's approval at any time of any proposed transaction upon notice and a hearing.

**3.**   3.   Notwithstanding the notice requirements of Bankruptcy Rule 6007(a), the Debtors are authorized, but not required, pursuant to Section 554(a) of the Bankruptcy Code, to abandon De Minimis Assets in accordance with the following procedures:

**a.**   a.   Except as modified by subparagraph (b) below, the Debtors propose to notify (i) any known affected creditor asserting a Lien on any De Minimis Assets subject to abandonment, and (ii) **(ii) to the extent the De Minimis Assets subject to abandonment are located at premises leased by the Debtors, the landlord for the premises where the De Minimis Assets are located at the time of the abandonment, and (iii)** the Committee (collectively, the "Abandonment Notice Parties" and together with the Sale Notice Parties, the "Notice Parties"). Such notice will contain a general description of the De Minimis Assets to be abandoned.

**b.**   b.   No**Except as modified by subparagraphs (c) and (d) below, no** notice need be provided for the abandonment of De Minimis Assets if the estimated gross proceeds from the sale of such De Minimis Assets does not exceed $2,000,000**1,500,000**; provided however, that the Debtors will furnish a quarterly**monthly** schedule of all such assets abandoned to the Committee.

**c.** **For the abandonment of De Minimis Assets that consist wholly or primarily of intellectual property, if the estimated gross proceeds from the sale of such De Minimis Assets is less than $1.5 million, the Committee will be given notice containing a general description of the De Minimis Assets to be abandoned. If the Committee does not object in writing within ten (10) calendar days of receipt of such notice, then the Debtors may immediately abandon the assets. If an objection is received within such period that**

3

**cannot be resolved, such De Minimis Assets will not be abandoned except upon further order of the Court after notice and a hearing.**

**d.    For the abandonment of De Minimis Assets that are located on premises leased by the Debtors, if the estimated gross proceeds from the sale of such De Minimis Assets is less than $1.5 million, the relevant landlord and any known affected creditor asserting a Lien on any De Minimis Assets subject to abandonment will be given notice containing a general description of the De Minimis Assets to be abandoned. If the relevant landlord or lienholder does not object in writing within ten (10) calendar days of receipt of such notice, then the Debtors may immediately abandon the assets. If an objection is received within such period that cannot be resolved, such De Minimis Assets will not be abandoned except upon further order of the Court after notice and a hearing.**

**e.**    ~~c.~~ If the estimated gross proceeds from the sale of De Minimis Assets are greater than $~~2,000,000~~**1,500,000** but less than **or equal to** $10,000,000, notice will be given in accordance with paragraph (a) above. If none of the Abandonment Notice Parties receiving the notice objects within ~~five~~**ten** (~~5~~**10**) ~~business~~**calendar** days of receipt of such notice, then the Debtors may immediately abandon the assets.[4] If an objection is received in writing within such period that cannot be resolved, such De Minimis Assets will not be abandoned except upon further order of the Court after notice and a hearing.

**f.**    ~~d.~~ Without further order of the Court, the sale and abandonment of De Minimis Assets pursuant to these procedures shall not exceed $50,000,000 in the aggregate.

**g.**    ~~e.~~ Nothing in the foregoing procedures prevents the Debtors, in their sole discretion, from seeking the Court's approval at any time of any proposed transaction upon notice and a hearing.

**4.**    ~~4.~~ Nothing herein authorizes the Debtors to sell **or abandon** (i) personally identifiable information and/or assets containing personally identifiable information except as authorized under section 363(b)(1) of the Bankruptcy Code; (ii) property which the Debtors do not own and/or property which the Debtors have leased from third parties; (iii) any property a Debtor owns and has leased to third parties.

---

[4] ~~Parties shall be deemed to have received notice the day after such notice has been sent by a properly addressed facsimile, email or overnight delivery to a Sale Notice Party or its counsel or designated representative. If such notice is made solely by U.S. mail, the deemed receipt date shall be three (3) days after mailing.~~

**5.    Notwithstanding anything to the contrary in this Order, the Debtors are not authorized to assume and assign, reject or sell, or otherwise transfer their leasehold interests under any lease pursuant to the procedures for the sale of De Minimis Assets set forth in this Order.**

6.    5. The Debtors are not permitted to sell De Minimis Assets to any director, officer or affiliate of the Debtors except pursuant to a separate motion under section 363 of the Bankruptcy Code.

7.    6. Pursuant to section 363(f) of the Bankruptcy Code, all sales of property pursuant to this Order shall be free and clear of all Liens, if any, with any and all such valid and perfected Liens to attach to proceeds of the sales with the same validity, priority, force and effect such Liens had on the property immediately prior or the sale, and subject to the rights, claims, defenses, and obligations, if any, of the Debtors and all interested parties with respect to any such asserted Liens.

8.    7. Purchasers of property sold by the Debtors pursuant to this Order shall be entitled to the protections afforded by section 363(m) of the Bankruptcy Code in the event of a reversal or modification on appeal of this Order.

9.    8. The sale transactions consummated pursuant to this Order shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold

pursuant to this Order; and each and every federal, state, and local governmental agency or department is directed to accept this Order as sole and sufficient evidence of the transfer of title to any particular purchaser, and such agency or department shall rely upon this Order in consummating the transactions contemplated hereby.

**10.** 9. Nothing in this Order shall be construed to prevent the Debtors, in their sole discretion, from seeking Court approval at any time of any proposed sale transaction.

**11.** 10. The Debtors are authorized to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement and effectuate the transactions contemplated by this Order.

**12.** 11. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

**13.** 12. The requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure are satisfied by the contents of the Motion or otherwise deemed waived.

**14.** 13. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE