IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NORTEL NETWORKS INC., *et al.*,[1] | Case No.: 09-10138 (KG) |
| Debtors. | Jointly Administered |
| | Re: Docket No. 196 |

**LIMITED OBJECTION OF CREDIT SOLUTIONS OF AMERICA, INC. TO DEBTORS' FIRST MOTION FOR THE ENTRY OF AN ORDER UNDER SECTIONS 365(A) AND 554(A) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO (1) REJECT AS OF FEBRUARY 28, 2009, CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND RELATED SUBLEASES, AND (2) ABANDON PERSONAL PROPERTY LOCATED AT SUCH PREMISES**

Credit Solutions of America, Inc. ("CSA"), by its co-counsel, Miller Johnson and Bayard, P.A., for its Limited Objection to Debtors' First Motion (the "Rejection Motion") for the Entry of an Order Under Sections 365(a) and 554(a) of the Bankruptcy Code Authorizing the Debtors to (1) Reject as of February 28, 2009, Certain Unexpired Leases of Nonresidential Real Property and Related Subleases, and (2) Abandon Personal Property Located at Such Premises (the "Limited Objection"), states as follows:

1. On January 14, 2009 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

2.  The Debtors are operating their businesses and managing their affairs as debtors and debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.  No trustee or examiner has been appointed in these chapter 11 cases.

4.  CSA and Debtor Nortel Networks, Inc. are parties to a Sublease Agreement (the "Sublease") pursuant to which CSA subleases from the Debtors a facility leased by the Debtors and located at 2370 Performance Drive, Richardson, Texas 75082 (the "Facility").

5.  On February 2, 2009, the Debtors filed and served the Rejection Motion, which seeks to reject the Sublease and to abandon the personal property, including, but not limited to, the furniture, fixtures and equipment (the "FF&E") located at the Premises.

6.  CSA acknowledges the Debtors' right to reject the Sublease under 11 U.S.C. § 365. However, CSA objects to the Rejection Motion on one limited basis.

7.  At the time the parties entered into the Sublease, CSA paid a security deposit in the amount of $514,650 (the "Security Deposit"). The Rejection Motion is not clear as to the treatment of the Security Deposit.

8.  The Security Deposit constitutes the funds of CSA and is held in trust by the Debtors and is, therefore, not property of the Debtors' bankruptcy estates.

9.  Further, the Texas Property Code, which applies to the Sublease, specifically provides at Section 93.005 that, in commercial leases of real property, "[t]he tenant's claim to the security deposit takes priority over the claim of any creditor of the landlord, including a trustee in bankruptcy."

10. To the extent the Debtors wish to reject the Sublease, they must be required to return to CSA the Security Deposit in the ordinary course. As a result, CSA objects to the approval of the Rejection Motion to the extent that the Order approving such Motion does not make clear that the Debtors are obligated and required to return the Security Deposit to CSA in the ordinary course.

WHEREFORE, CSA respectfully requests that any Order entered by this Court granting, in whole or in part, the relief requested by the Rejection Motion contain language:

A. Requiring the Debtors to repay to CSA the Security Deposit in the ordinary course; and

B. Granting such other relief as this Court may deem just and appropriate.

Dated: February 17, 2009

**BAYARD, P.A.**

*/s/ Daniel O'Brien*

Ashley B. Stitzer (No. 3891)
Daniel A. O'Brien (No. 4897)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
Tel: (302) 655-5000

- and -

**MILLER JOHNSON**
Robert D. Wolford, Esquire
250 Monroe Avenue, N.W., Suite 800
PO Box 306
Grand Rapids, Michigan 49501-0306
Tel: (616) 831-1700

Counsel for Credit Solutions of America, Inc.