**EXHIBIT 2**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X

*In re*                                          :          Chapter 11

                      :

Nortel Networks Inc., *et al.*,[1]                :          Case No. 09-10138 (KG)

                      :

            Debtors.                     :          Jointly Administered

                      :

                      :          **Hearing date: February 19, 2009 at 10:00 a.m. (ET)**
                      :          **Objections due: February 12, 2009 at 4:00 p.m. (ET)**

-------------------------------------------------------X

### DEBTORS' REPLY IN FURTHER SUPPORT OF THEIR MOTION
### FOR AN ORDER ESTABLISHING PROCEDURES FOR
### ADDRESSING RECLAMATION DEMANDS PURSUANT TO
### SECTIONS 105(a), 362 AND 546(c) OF THE BANKRUPTCY CODE
### AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors in possession (collectively, the "Debtors"), hereby respectfully submit this reply in further support of their motion for an order establishing procedures for addressing reclamation demands pursuant to sections 105(a), 362 and 546(c) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure [D.I. 193] (the "Reclamation Procedures Motion"). In further support of the Reclamation Procedures Motion, the Debtors submit a revised proposed form of order attached hereto as Exhibit A. A blackline of the revised proposed order is attached as Exhibit B hereto.

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

1.     Nortel filed the Reclamation Procedures Motion with the goal of establishing uniform procedures for the resolution of reclamation demands on an informal basis where possible and through an orderly process where Court intervention may be required.  The proposed procedures are intended to benefit both the Debtors and reclamation claimants by decreasing administrative burdens associated with the resolution of reclamation demands through simplified procedures for noticing the settlement of claims and the establishment of streamlined procedures for reconciling claims absent agreement.  The procedures further benefit reclamation claimants by eliminating the need to promptly commence an adversary proceeding to prosecute their reclamation claims.  Reclamation claimants must agree the procedures provide these benefits, as of the 29 parties who have asserted reclamation claims, a mere 2 have formally objected to the procedures and only one objection – that of JDS Uniphase Corporation ("JDSU") – remains unresolved at this time.[2]

2.     The Debtors have attempted to resolve JDSU's objection to the procedures consensually, in the same way they have worked over the last month to resolve the merits of JDSU's reclamation demand on an expeditious basis. Contrary to JDSU's assertion in its motion that the "basic facts are not in dispute" with regard to its claim, the Debtors disagree with several of JDSU's characterizations regarding the negotiations that have occurred to date and the merits of JDSU's claims.  That said, even JDSU acknowledges the Debtors' cooperation in that "JDSU has expended considerable time working with employees of the Debtors in an effort to identify the status and recent history of each of the items of JDSU Reclaimed Products," (JDSU Obj. ¶ 5) including through a JDSU visit to the Debtors' warehouses to confirm the identification and segregation of goods in the Debtors' possession that may be subject to JDSU's reclamation

---

[2]     A third reclamation claimant informally provided comments to the procedures which the Debtors have incorporated into their revised proposed order.  The Debtors reserve all rights and defenses with respect to the timeliness, sufficiency and merits of all of the reclamation demands they have received.

demand.  Moreover, JDSU acknowledges that the Debtors already told it that approximately $2.1 million of the purported $5 million in goods subject to its reclamation demand were ordered by and shipped to the Debtors' affiliates, who are subject to their own insolvency proceedings (a fact that JDSU should have known prior to the assertion of its demand from its own records but still does not admit in its objection).  JDSU's suggestion that there is any question as to the Debtors' willingness to cooperate and provide information to resolve reclamation claims is flatly contradicted by the Debtors' actual handling of JDSU's claims to date.  All that said, the Reclamation Procedures Motion is not an appropriate vehicle for resolving any disputes regarding the merits of JDSU's reclamation claim, as it hopes, but rather a motion to establish a process for the reconciliation and resolution of such claims.

        3.      To address JDSU's concerns regarding the process by which disputed claims will be resolved, the Debtors have supplemented the procedures to provide a period for consensual resolution of objections through a meet and confer process, followed by an opportunity for the Debtors and the relevant reclamation claimant to move for relief from the Court to resolve the claim.  More generally, the Debtors have supplemented the procedures to provide that any party whose reclamation claim is allowed based on the filing of a Reclamation Notice is entitled to either the return of their goods or an administrative priority claim for the allowed amount of the reclaimed goods, at the Debtors' election.  The Debtors also have offered to expedite the resolution of JDSU's reclamation claims through the filing of a Reclamation Notice stating the amount of the reclamation claim the Debtors determine to be valid by no later than March 15th, and remain willing to agree to such expedited resolution in connection with the adoption of the proposed procedures provided that JDSU is stayed from seeking further relief outside of the proposed procedures. (The Debtors reserve their rights in the event the procedures are not made

binding on JDSU).  Each of these points is reflected in the revised form of order attached hereto

as Exhibit A.  The procedures also provide a vehicle for payment to JDSU for any properly

reclaimed goods promptly upon the completion of reconciliation of their claims.  The Debtors

can further confirm that they have segregated any goods they have actually identified as being in

their possession based on information provided over time by JDSU, and the Debtors intend to

seek approval to pay JDSU for any properly reclaimed goods based on the reconciliation of such

claims.

       4.      JDSU's suggestion that the Debtors have been somehow dilatory in resolving

their claim is simply baseless.  While JDSU attempts to downplay the administrative burden to

the Debtors in reconciling reclamation claims, the Debtors have received demands from 29

purported reclamation claimants, and in several cases amended or supplemented demands from a

particular claimant.  These demands are based on literally thousands of invoices (JDSU alone

asserted claims based on 393 invoices), covering goods from completed chip sets to individual

personal computers, cables and batteries.  Several reclamation claimants have taken a kitchen

sink approach, asserting demands for goods delivered outside of the reclamation period, goods

delivered to non-debtor Nortel entities or directly to customers and services not susceptible to a

reclamation demand (including JDSU, for example).  Many demands provide insufficient

evidence for the Debtors to identify their goods at all, yet the Debtors have made efforts do so

where possible.  A few reclamation claimants also already have filed separate motions for the

allowance of claims pursuant to section 503(b)(9) of the Bankruptcy Code for goods delivered to

the Debtors in the 20 days prior to their bankruptcy.  See Motion of Avanex Corp. for Allowance

of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(9) [D.I. 242]; Excelight

Communications, Inc.'s Motion for Allowance and Payment of Administrative Claim Under §

503(b)(9) [D.I. 250]; and Motion of Andrew, LLC for Allowance and Payment of Administrative

Expense Claim Pursuant to 11 U.S.C. § 503(b)(9) [D.I. 283].  It is likely that other creditors will

file such motions in the upcoming weeks and months.  The Debtors are working steadily to

resolve these claims as expeditiously as possible, and have exchanged information with several

counterparties (including JDSU) in order to resolve their claims.  JDSU's request for additional

formal disclosure requirements in the procedures will merely slow down the process, rather than

expedite resolution.  Omnibus procedures are required in order to allow the Debtors to resolve all

of these myriad claims in an efficient and uniform manner while the Debtors also continue to

attend to the daily operations of their business, and ongoing supplier relationships.  The Debtors

assert that the proposed procedures strike an appropriate balance between the claimants' interests

in having their claims resolved and the Debtors' need for an orderly process for doing so.

     5.      JDSU's further suggestion that it is entitled to adequate protection based merely

on its submission of a reclamation demand is simply wrong.  Contrary to JDSU's suggestion, it

has not established a *prima facie* case for the return of $5 million of goods merely based on the

delivery of a reclamation demand letter.  It is unsurprising that JDSU does not cite to any

caselaw supporting such a proposition because that simply is not the standard.  In order to prove

a reclamation claim, a claimant must show, among other things, that goods were actually

delivered to a <u>debtor</u>, that the reclamation claimant asserted a valid demand, and that the debtor

was <u>actually in possession</u> of the goods and the goods remained identifiable and not commingled

or otherwise used at the time the demand was received.  <u>See</u> 11 U.S.C. § 546(c).  JDSU

acknowledges in its objection that the Debtors dispute that all of these requirements have been

met for a substantial portion of its claim.

6.      In the Debtors' view, the proposed procedures are not merely adequate but in fact beneficial to both the Debtors and reclamation claimants, and will provide the most expeditious and efficient process for resolving reclamation claims.  The Debtors therefore seek approval of the Reclamation Procedures Motion over the objection of JDSU and entry of the proposed order attached hereto.  Alternatively, to the extent the Court does not overrule JDSU's objections with respect to the resolution of its claims, the Debtors respectfully request that the Reclamation Procedures Motion be granted as to all other reclamation claimants, and paragraph 9 of the order be struck and JDSU be expressly carved out of procedures, so that the Debtors are able to efficiently resolve the other reclamation claims through these omnibus procedures.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court (i) overrule the objection of JDSU and grant the Reclamation Procedures Motion, (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:  February 17, 2009
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Thomas F. Driscoll III (No. 4703)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
Phone:  (302) 658-9200
Facsimile:  (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*

**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------X
                                                      :
                                                      :    Chapter 11
                                                      :
In re                                                 :
                                                      :    Case No. 09-10138 (KG)
Nortel Networks Inc., et al., [1]                     :
                                                      :    Jointly Administered
                    Debtors.                          :
                                                      :
                                                      :    RE: D.I. _____
                                                      :
                                                      :
------------------------------------------------------X
```

### ORDER ESTABLISHING PROCEDURES FOR ADDRESSING RECLAMATION DEMANDS PURSUANT TO SECTIONS 105(a), 362 AND 546(c) AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Upon the motion dated, February 2, 2009 (the "Motion"),[2] of Nortel Networks Inc. and

its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the

"Debtors"), for the entry of an order (the "Order"), pursuant to sections 105(a), 362 and 546(c)

of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) establishing uniform procedures

for addressing reclamation demands; (ii) authorizing the Debtors to conduct settlement

negotiations to reconcile and resolve certain reclamation demands, if necessary; (iii) enjoining

reclamation claimants from pursuing payment of reconciliation demands by alternative means;

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]      Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

and (iv) granting the Debtors such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and whereas objections to the Motion were filed by (i) Andrew LLC ("Andrew") [D.I. 274] and (ii) JDS Uniphase Corporation ("JDSU") [D.I. 278]; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion and the Declaration establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are authorized, pursuant to sections 105(a), 362, and 546(c) of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules, to resolve Reclamation Demands in accordance with the Reclamation Procedures set forth below:

> a.      Any person asserting a Reclamation Demand must satisfy all procedural and timing requirements under applicable law and demonstrate that it has satisfied all legal elements entitling it to a right of reclamation;

> b.      Any person asserting a Reclamation Demand must deliver a copy of its written reclamation demand to: the Debtors, c/o Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb"), One Liberty Plaza, New York, New York 10006 (Attn: James Bromley and Lisa Schweitzer), with a copy to Epiq Bankruptcy Solutions, LLC, Grand Central Station, P.O. Box 4601, New York, New York 10163-4601, provided that any person who served a Reclamation Demand prior to the filing of the Motion may have served such demand on either Cleary Gottlieb or Morris, Nichols, Arsht & Tunnell ("MNAT") as counsel to the Debtors, Epiq Bankruptcy Solutions, LLC, or an authorized representative of the Debtors for such purposes.

2

c.      After receipt of all timely Reclamation Demands and an opportunity to review such demands – including, without limitation, whether the demand is subordinated to the prior rights of a holder of a security interest in the applicable Goods or the proceeds thereof – and to consult with the Committee regarding such demands but, absent further order of the Court, no later than 120 days after the Petition Date (the "Reclamation Notice Deadline"), the Debtors will file one or more Notices (each a "Reclamation Notice"), (i) listing (a) each Reclamation Claimant that submitted a Reclamation Demand according to the Debtors' records, (b) the date each such Reclamation Demand was received by the Debtors or their counsel, (c) to the extent the Debtors believe the Reclamation Demand is valid, the dollar amount of goods subject to each such Reclamation Demand in the Debtors' possession on the date the Reclamation Demand was received by the Debtors, and (d) to the extent the Debtors believe the Reclamation Demand is valid, the dollar amount of such goods in the Debtors' possession as of the date the Reclamation Notice is filed with the Court (or such earlier date within 10 (ten) business days of the date of the Reclamation Notice as may be specified in the Reclamation Notice); (ii) specifying any Reclamation Demands that the Debtors believe satisfy all of the requirements of section 546(c) of the Bankruptcy Code and any other applicable law; (iii) specifying the bases upon which the Debtors believe that any Reclamation Demand does not satisfy all of the requirements of section 546(c) of the Bankruptcy Code and any other applicable law, and (iv) specifying the treatment proposed to be afforded to each Reclamation Demand, if any, under subparagraph (f) below that the Debtors believe satisfies all of the requirements of section 546(c) of the Bankruptcy Code and any other applicable law (each, a "Reclamation Amount").   The Debtors will serve the Reclamation Notice on the following parties: (i) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), 844 King Street, Room 2207, Lockbox #35, Wilmington, Delaware 19899-0035; (ii) Akin Gump Strauss Hauer & Feld ("Akin Gump"), One Bryant Park, New York, NY 10036 (Attn: Fred Hodara), counsel to the Committee; and (iii) each person that is subject to the Reclamation Notice and their counsel, if known ("Reclamation Claimants," and together with the U.S. Trustee and the Committee, the "Notice Parties"), at the address indicated in its reclamation demand;

d.      If the Debtors fail to file the Reclamation Notice within the required period of time, any holder of a Reclamation Demand may bring a motion on its own behalf to seek relief with respect to its Reclamation Demand, but may not bring any such motion until the expiration of the Reclamation Notice Deadline;

e.      All Notice Parties shall have the right and opportunity to file an objection to the proposed allowance or disallowance of and the treatment proposed to be afforded by the Debtors to holders of any asserted

3

Reclamation Demand in the Reclamation Notice as set forth therein, which objection shall be served on Cleary Gottlieb and MNAT as counsel to the Debtors, and Akin Gump as counsel to the Committee at the addresses set forth above;

f.      Any Reclamation Demand that is included in the Reclamation Notice and is not the subject of an objection that is filed and served within 20 days after service of the Reclamation Notice, shall be deemed a valid Reclamation Demand allowed by the Court in the amount identified in the Reclamation Notice, and at the Debtors' election, (i) the Debtors shall return, within 20 days of allowance, to the Reclamation Claimant such goods identified in the Reclamation Notice (ii) the amount so identified in the Reclamation Notice shall constitute an allowed administrative claim, or (iii) some combination of the foregoing;

g.      To the extent an objection to the Reclamation Notice is timely filed, the Debtors, the Reclamation Claimant and any other objecting party shall meet and confer (including through their respective representatives), either in-person or by teleconference, in good faith to attempt to resolve any such objection without Court intervention.  If the Debtors and the Reclamation Claimant determine that the objection cannot be resolved consensually, then the Debtors shall advise the Committee of such, and the Debtors and/or the Reclamation Claimant may seek a determination as to the validity of the Reclamation Demand by the Court upon written application on 20 (twenty) days notice, with any response by any party including the Committee due to such an application 15 (fifteen) days after such application is filed.  The first hearing on any such motion shall not be an evidentiary hearing.

h.      Notwithstanding and without limiting the foregoing, the Debtors are authorized, but not required, to negotiate, in their sole discretion, with any Reclamation Claimant and to seek an agreement with any Reclamation Claimant to resolve its Reclamation Demand.  If the Debtors and a Reclamation Claimant are able to agree on the validity, amount and/or treatment of the Reclamation Claimant's Reclamation Demand, the Debtors shall prepare and file a notice of settlement (the "Settlement Notice") with the Court and serve such Settlement Notice on counsel to the Committee, the U.S. Trustee and the Reclamation Claimant subject to the settlement at the addresses set forth above.  The Committee and the U.S. Trustee shall have ten days from the date of the Settlement Notice to file with the Court an objection thereto (a "Settlement Objection"). Settlement Objections must be served so as to be received by the Debtors, Cleary Gottlieb and MNAT as the Debtors' counsel, the applicable Reclamation Claimant, Akin Gump as counsel to the Committee and the U.S. Trustee at the address set forth herein within the ten-day objection period;

i.       If no Settlement Objection with respect to a Settlement Notice is timely filed and served, the Reclamation Demand at issue shall be allowed and treated in accordance with the Settlement Notice without further order of the Court.  If a Settlement Objection with respect to a Settlement Notice is timely filed and served, the parties may negotiate a consensual resolution of such objection to be incorporated in a stipulation filed with the Court (a "Settlement Stipulation").  Upon the filing of a Settlement Stipulation, the applicable Reclamation Demand shall be allowed and treated in accordance with the terms of the Settlement Stipulation without need for further order of the Court.  If no consensual resolution of a Settlement Objection is reached within 30 days after the date of the Settlement Objection, unless such period is extended by mutual agreement of the Debtors and the party filing the Settlement Objection, the Debtors shall thereafter file a motion for the Court to resolve the Settlement Objection; and

j.       Nothing in the Reclamation Procedures shall modify the automatic stay of section 362(a) of the Bankruptcy Code with respect to any Goods.  As such, the Reclamation Procedures shall not alter in any way the procedures, standards and burden of proof applicable or required pursuant to section 362(a) of the Bankruptcy Code with respect to any attempt by a Reclamation Claimant to obtain possession of any of the Goods or otherwise to collect its Reclamation Demand.  Without limiting the foregoing, no Reclamation Claimant shall be entitled to obtain possession of any Goods without first filing a motion with the Court for relief from the automatic stay or obtaining the prior express written consent of the Debtors.  The Debtors and all other parties in interest reserve all rights to object to any such motion for relief from the automatic stay.  Reclamation Claimants shall be prohibited from seeking relief from the stay with respect to any reclamation demand until the time a Reclamation Notice is filed by the Debtors with respect to such reclamation demand or the Reclamation Notice Deadline otherwise expires.

k.       Each Reclamation Claimant's rights under section 546(c) of the Bankruptcy Code shall not be prejudiced or limited in any way by (i) such Reclamation Claimant's failure from and after the date of the Debtors' receipt of a Reclamation Demand (a) to take any and all possible "self-help" measures with respect to the goods subject to the Reclamation Demand, or (b) to institute an adversary proceeding or contested matter against the Debtors seeking to enjoin them from using, selling, transferring, disposing of or shipping the goods subject to the Reclamation Demand, or (ii) the Debtors' continued use, sale, transfer disposition, or shipment of the goods subject to the Reclamation Demand after the Debtors' receipt of such Reclamation Demand.

3.      Except as explicitly provided herein, the Debtors do not waive, and expressly reserve, their right to assert any and all defenses to a Reclamation Demand.

4.      The foregoing Reclamation Procedures are the sole and exclusive method for resolving Reclamation Demands asserted against the Debtors.

5.      All vendors are prohibited and stayed from seeking any other means for the resolution or treatment of their Reclamation Demands, including without limitation: (i) commencing adversary proceedings against the Debtors in connection with any Reclamation Demand, (ii) seeking to obtain possession of any Goods, except as permitted by the Reclamation Procedures or (iii) interfering with the delivery of any Goods to the Debtors.

6.      All adversary proceedings pursuant to which a Reclamation Demand is asserted or pursuant to which the plaintiff seeks to obtain possession of any Goods or to otherwise interfere with the delivery of Goods to the Debtors, whether currently pending or initiated in the future, except those proceedings initiated by the Debtors in accordance with these Reclamation Procedures, are stayed and the claims asserted therein shall be resolved exclusively pursuant to the Reclamation Procedures set forth herein.

7.      Reclamation Demands that are determined, in accordance with the procedures described in the Motion, to be valid Reclamation Claims shall be allowed by the Court in the amount established in accordance with the procedures described in the Motion.

8.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

6

9.    Notwithstanding the foregoing procedures and any other provisions of this Order, the Debtors agree that (a) the Debtors shall file a Reclamation Notice with respect to the Reclamation Demand asserted by JDSU (the "JDSU Reclamation Notice") identifying the Reclamation Amount with respect to the Reclamation Demand asserted by JDSU on or before March 15, 2009.

10.    The Debtors acknowledge the timely receipt of the reclamation demand letter dated January 29, 2009 from Andrew LLC.  The Debtors reserve all rights with respect to the validity or sufficiency of such demand.

11.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
       Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------- X
                                                       :
*In re*                                                :    Chapter 11
                                                       :
Nortel Networks Inc., *et al.*[1]                      :    Case No. 09-10138 (KG)
                                                       :
----------------------Debtors.                         :    Jointly Administered
                                                       :
----------------------------------------------------- X    RE: D.I. _____

----------------------------------------------------- X
                                                       :
                                                       :
                                                       :    **Chapter 11**
                                                       :
*In re*                                                :    **Case No. 09-10138 (KG)**
                                                       :
**Nortel Networks Inc., *et al.*,** [1]                :
                                                       :    **Jointly Administered**
_____**Debtors.**             :
                                                       :
                                                       :    **RE: D.I. _____**
                                                       :
                                                       :
                                                       :
                                                       :
----------------------------------------------------- X

## ORDER ESTABLISHING PROCEDURES FOR ADDRESSING RECLAMATION DEMANDS PURSUANT TO SECTIONS 105(a), 362 AND 546(c) AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

---

[1]    The Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Upon the motion dated, February ——,**2,** 2009 (the "Motion"),[2] of Nortel Networks Inc.

and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the

"Debtors"), for the entry of an order (the "Order"), pursuant to sections 105(a), 362 and 546(c)

of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) establishing uniform procedures

for addressing reclamation demands; (ii) authorizing the Debtors to conduct settlement

negotiations to reconcile and resolve certain reclamation demands, if necessary; (iii) enjoining

reclamation claimants from pursuing payment of reconciliation demands by alternative means;

and (iv) granting the Debtors such other and further relief as the Court deems just and proper;

and adequate notice of the Motion having been given as set forth in the Motion; and it appearing

that no other or further notice is necessary; and the Court having jurisdiction to consider the

Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334**; and whereas**

**objections to the Motion were filed by (i) Andrew LLC ("Andrew") [D.I. 274] and (ii) JDS**

**Uniphase Corporation ("JDSU") [D.I. 278]**; and the Court having determined that

consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the

Court having determined that the legal and factual bases set forth in the Motion and the

Declaration establish just cause for the relief requested in the Motion, and that such relief is in

the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon

the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED as set forth herein.

---

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

2.      The Debtors are authorized, pursuant to sections 105(a), 362, and 546(c) of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules, to resolve Reclamation Demands in accordance with the Reclamation Procedures set forth below:

    a.      Any person asserting a Reclamation Demand must satisfy all procedural and timing requirements under applicable law and demonstrate that it has satisfied all legal elements entitling it to a right of reclamation;

    b.      Any person asserting a Reclamation Demand must deliver a copy of its written reclamation demand to: the Debtors, c/o Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb"), One Liberty Plaza, New York, New York 10006 (Attn: James Bromley and Lisa Schweitzer), with a copy to Epiq Bankruptcy Solutions, LLC, Grand Central Station, P.O. Box 4601, New York, New York 10163-4601, provided that any person who served a Reclamation Demand prior to the filing of the Motion may have served such demand on either Cleary Gottlieb or Morris, Nichols, Arsht & Tunnell ("MNAT") as counsel to the Debtors, Epiq Bankruptcy Solutions, LLC, or an authorized representative of the Debtors for such purposes.

    c.      After receipt of all timely Reclamation Demands and an opportunity to review such demands – including, without limitation, whether the demand is subordinated to the prior rights of a holder of a security interest in the applicable Goods or the proceeds thereof – and to consult with the Committee regarding such demands but, absent further order of the Court, no later than 120 days after the Petition Date (the "Reclamation Notice Deadline"), the Debtors will file ~~a Notice (the "Reclamation Notice"), listing the Reclamation Demands and amount, if any, that the Debtors determine to be valid for each such Reclamation Demand~~**one or more Notices (each a "Reclamation Notice"), (i) listing (a) each Reclamation Claimant that submitted a Reclamation Demand according to the Debtors' records, (b) the date each such Reclamation Demand was received by the Debtors or their counsel, (c) to the extent the Debtors believe the Reclamation Demand is valid, the dollar amount of goods subject to each such Reclamation Demand in the Debtors' possession on the date the Reclamation Demand was received by the Debtors, and (d) to the extent the Debtors believe the Reclamation Demand is valid, the dollar amount of such goods in the Debtors' possession as of the date the Reclamation Notice is filed with the Court (or such earlier date within 10 (ten) business days of the date of the Reclamation Notice as may be specified in the Reclamation Notice); (ii) specifying any Reclamation Demands that the Debtors believe satisfy all of the requirements of section 546(c) of the Bankruptcy Code and any other applicable law; (iii) specifying the bases upon which the Debtors believe that any Reclamation Demand**

3

**does not satisfy all of the requirements of section 546(c) of the Bankruptcy Code and any other applicable law, and (iv) specifying the treatment proposed to be afforded to each Reclamation Demand, if any, under subparagraph (f) below that the Debtors believe satisfies all of the requirements of section 546(c) of the Bankruptcy Code and any other applicable law (each, a "Reclamation Amount")**.  The Debtors will serve the Reclamation Notice on the following parties: (i) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), 844 King Street, Room 2207, Lockbox #35, Wilmington, Delaware 19899-0035; (ii) Akin Gump Strauss Hauer & Feld ("Akin Gump"), One Bryant Park, New York, NY 10036 (Attn: Fred Hodara), counsel to the Committee; and (iii) each person that is subject to the Reclamation Notice **and their counsel, if known** ("Reclamation Claimants," and together with the U.S. Trustee and the Committee, the "Notice Parties")**,** at the address indicated in its reclamation demand;

d.      If the Debtors fail to file the Reclamation Notice within the required period of time, any holder of a Reclamation Demand may bring a motion on its own behalf to seek relief with respect to its Reclamation Demand, but may not bring any such motion until the expiration of the Reclamation Notice Deadline;

e.      All Notice Parties shall have the right and opportunity to file an objection to the proposed allowance or disallowance of **and the treatment proposed to be afforded by the Debtors to holders of** any asserted Reclamation Demand in the Reclamation Notice as set forth therein, which objection shall be served on Cleary Gottlieb and MNAT as counsel to the Debtors, and Akin Gump as counsel to the Committee at the addresses set forth above;

f.      Any Reclamation Demand that is included in the Reclamation Notice and is not the subject of an objection that is filed and served within 20 days after service of the Reclamation Notice, shall be deemed a valid Reclamation Demand allowed by the Court in the amount identified in the Reclamation Notice; ~~provided that all issues relating to the treatment of any such allowed Reclamation Demand shall be preserved;~~**, and at the Debtors' election, (i) the Debtors shall return, within 20 days of allowance, to the Reclamation Claimant such goods identified in the Reclamation Notice (ii) the amount so identified in the Reclamation Notice shall constitute an allowed administrative claim, or (iii) some combination of the foregoing;**

**g.**      **To the extent an objection to the Reclamation Notice is timely filed, the Debtors, the Reclamation Claimant and any other objecting party shall meet and confer (including through their respective representatives), either in-person or by teleconference, in good faith to attempt to resolve any such objection without Court intervention.  If**

4

**the Debtors and the Reclamation Claimant determine that the objection cannot be resolved consensually, then the Debtors shall advise the Committee of such, and the Debtors and/or the Reclamation Claimant may seek a determination as to the validity of the Reclamation Demand by the Court upon written application on 20 (twenty) days notice, with any response by any party including the Committee due to such an application 15 (fifteen) days after such application is filed. The first hearing on any such motion shall not be an evidentiary hearing.**

**h.**      g. Notwithstanding and without limiting the foregoing, the Debtors are authorized, but not required, to negotiate, in their sole discretion, with any Reclamation Claimant and to seek an agreement with any Reclamation Claimant to resolve its Reclamation Demand. If the Debtors and a Reclamation Claimant are able to agree on the validity, amount and/or treatment of the Reclamation Claimant's Reclamation Demand, the Debtors shall prepare and file a notice of settlement (the "Settlement Notice") with the Court and serve such Settlement Notice on counsel to the Committee, the U.S. Trustee and the Reclamation Claimant subject to the settlement at the addresses set forth above. The Committee and the U.S. Trustee shall have ten days from the date of the Settlement Notice to file with the Court an objection thereto (a "Settlement Objection"). Settlement Objections must be served so as to be received by the Debtors, Cleary Gottlieb and MNAT as the Debtors' counsel, the applicable Reclamation Claimant, Akin Gump as counsel to the Committee and the U.S. Trustee at the address set forth herein within the ten-day objection period;

**i.**      h. If no Settlement Objection with respect to a Settlement Notice is timely filed and served, the Reclamation Demand at issue shall be allowed and treated in accordance with the Settlement Notice without further order of the Court. If a Settlement Objection with respect to a Settlement Notice is timely filed and served, the parties may negotiate a consensual resolution of such objection to be incorporated in a stipulation filed with the Court (a "Settlement Stipulation"). Upon the filing of a Settlement Stipulation, the applicable Reclamation Demand shall be allowed and treated in accordance with the terms of the Settlement Stipulation without need for further order of the Court. If no consensual resolution of a Settlement Objection is reached within 30 days after the date of the Settlement Objection, unless such period is extended by mutual agreement of the Debtors and the party filing the Settlement Objection, the Debtors shall thereafter file a motion for the Court to resolve the Settlement Objection; and

**j.**      i. Nothing in the Reclamation Procedures shall modify the automatic stay of section 362(a) of the Bankruptcy Code with respect to any Goods. As such, the Reclamation Procedures shall not alter in any

5

way the procedures, standards and burden of proof applicable or required pursuant to section 362(a) of the Bankruptcy Code with respect to any attempt by a Reclamation Claimant to obtain possession of any of the Goods or otherwise to collect its Reclamation Demand. Without limiting the foregoing, no Reclamation Claimant shall be entitled to obtain possession of any Goods without first filing a motion with the Court for relief from the automatic stay or obtaining the prior express written consent of the Debtors. The Debtors and all other parties in interest reserve all rights to object to any such motion for relief from the automatic stay. Reclamation Claimants shall be prohibited from seeking relief from the stay with respect to any reclamation demand until the time a Reclamation Notice is filed by the Debtors with respect to such reclamation demand or the Reclamation Notice Deadline otherwise expires.

> **k.     Each Reclamation Claimant's rights under section 546(c) of the Bankruptcy Code shall not be prejudiced or limited in any way by (i) such Reclamation Claimant's failure from and after the date of the Debtors' receipt of a Reclamation Demand (a) to take any and all possible "self-help" measures with respect to the goods subject to the Reclamation Demand, or (b) to institute an adversary proceeding or contested matter against the Debtors seeking to enjoin them from using, selling, transferring, disposing of or shipping the goods subject to the Reclamation Demand, or (ii) the Debtors' continued use, sale, transfer disposition, or shipment of the goods subject to the Reclamation Demand after the Debtors' receipt of such Reclamation Demand.**

3.      Except as explicitly provided herein, the Debtors do not waive, and expressly reserve, their right to assert any and all defenses to a Reclamation Demand.

4.      The foregoing Reclamation Procedures are the sole and exclusive method for resolving Reclamation Demands asserted against the Debtors.

5.      All vendors are prohibited and stayed from seeking any other means for the resolution or treatment of their Reclamation Demands, including without limitation: (i) commencing adversary proceedings against the Debtors in connection with any Reclamation Demand, (ii) seeking to obtain possession of any Goods, except as permitted by the Reclamation Procedures or (iii) interfering with the delivery of any Goods to the Debtors.

6

6.      All adversary proceedings pursuant to which a Reclamation Demand is asserted or pursuant to which the plaintiff seeks to obtain possession of any Goods or to otherwise interfere with the delivery of Goods to the Debtors, whether currently pending or initiated in the future, except those proceedings initiated by the Debtors in accordance with these Reclamation Procedures, are stayed and the claims asserted therein shall be resolved exclusively pursuant to the Reclamation Procedures set forth herein.

7.      Reclamation Demands that are determined, in accordance with the procedures described in the Motion, to be valid Reclamation Claims shall be allowed by the Court in the amount established in accordance with the procedures described in the Motion; provided, that all issues relating to the treatment of any such allowed Reclamation Demand shall be reserved.

8.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

9.      **Notwithstanding the foregoing procedures and any other provisions of this Order, the Debtors agree that (a) the Debtors shall file a Reclamation Notice with respect to the Reclamation Demand asserted by JDSU (the "JDSU Reclamation Notice") identifying the Reclamation Amount with respect to the Reclamation Demand asserted by JDSU on or before March 15, 2009.**

10.     **The Debtors acknowledge the timely receipt of the reclamation demand letter dated January 29, 2009 from Andrew LLC. The Debtors reserve all rights with respect to the validity or sufficiency of such demand.**

7

**11.**     9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
         Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE