# EXHIBIT A

RLF1-3367729-1
RLF1-3368600-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| NORTEL NETWORKS INC., et al.,[1] ) | Case No. 09-10138 (KG) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | Re: Docket Nos. 18 & 54 |

**STIPULATION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF NORTEL NETWORKS INC., ET AL.,
PURSUANT TO LOCAL RULE 9013-1(M), EXTENDING THE TIME TO FILE A
MOTION FOR RECONSIDERATION OF ORDER PURSUANT TO
11 U.S.C. § 105(A) APPROVING CROSS-BORDER COURT-TO-COURT PROTOCOL**

This stipulation (the "Stipulation") is by and between the Official Committee of Unsecured Creditors (the "Committee") of Nortel Networks Inc., and its affiliated debtors and debtors in possession (collectively, the "U.S. Debtors") and the U.S. Debtors. The parties hereby stipulate and agree as follows:

**RECITALS**

1.  On January 14, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief (the "U.S. Proceeding") in the United States Bankruptcy Court for the District of Delaware (the "U.S. Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On January 15, 2009, the Court entered an order jointly administering these chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] The Debtors in these chapter 11 cases include: Nortel Networks, Inc.; Nortel Networks Capital Corporation; Alteon Websystems, Inc.; Alteon Websystems International, Inc.; Xros, Inc.; Sonoma Systems; Qtera Corporation; Coretek, Inc.; Nortel Networks Applications Management Solutions, Inc.; Nortel Networks Optical Components, Inc ; Nortel Networks HPOCS Inc.; Architel Systems (U.S.) Corporation; Nortel Networks International Inc.; Northern Telecom International Inc.; and Nortel Networks Cable Solutions Inc.

8124155 v3

2.      The U.S. Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      Also on the Petition Date, the Debtors' ultimate corporate parent, Nortel Networks Corporation, together with Nortel Networks Limited and certain of their Canadian affiliates (collectively, the "Canadian Debtors", and together with the U.S. Debtors, the "Debtors") commenced a proceeding (the "Canadian Proceeding", and together with the U.S. Proceeding, the "Insolvency Proceedings") before the Ontario Superior Court of Justice (the "Canadian Court") for a plan of compromise or arrangement under the Canadian Companies' Creditors Arrangement Act ("CCAA"). The Canadian Debtors continue to operate their businesses and manage their properties under the supervision of the Canadian Court.

4.      On the Petition Date, the U.S. Debtors filed their Motion for Entry of an Order Pursuant to 11 U.S.C. § 105(a) Approving Cross-Border Court-To-Court Protocol, Docket No. 18 (the "CBP Motion") seeking approval of a cross-border court-to-court protocol (the "Protocol").

5.      On January 15, 2009, the U.S. Court entered the Order Pursuant to 11 U.S.C. § 105(a) Approving Cross-Border Court-To-Court Protocol, Docket No. 54 (the "CBP Order"), approving the Protocol. On January 14, 2009, the Canadian Court approved an identical version of the Protocol in its Amended and Restated Initial Order in the Canadian Proceedings.

6.      On January 22, 2009 (the "Committee Formation Date"), the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee. The Committee currently consists of four members.[2]

---

[2] The Committee is comprised of the following entities: Airvana, Inc.; Flextronics Corporation; Pension Benefit Guaranty Corporation; and The Bank of New York Mellon, as Indenture Trustee.

7. Rule 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") provides that "any party in interest may file a motion to reconsider any First Day Order ... within thirty (30) days of the entry of such order, unless otherwise ordered by the Court."

8. Pursuant to Local Rule 9013-1(m), the Committee may file a motion seeking reconsideration of the CBP Order any time prior to February the 17th, the date that is 30 days after the entry of such order (the "Reconsideration Deadline").

9. Since the Committee Formation Date, the Committee and its professionals have been working diligently to review and analyze the Protocol approved by the CBP Order, and have engaged in discussions with the Debtors regarding the terms of the Protocol and possible improvements thereto.

10. In order to facilitate the continuing discussions between the parties, the Debtors and the Committee have agreed to extend the Reconsideration Deadline by approximately thirty days.

## STIPULATION

NOW, THEREFORE, the Debtors and the Committee hereby stipulate and agree that the Reconsideration Deadline shall be extended to March 17, 2009 (the "Extended Reconsideration Deadline"), such that any motion to reconsider filed by the Committee on or

before the Extended Reconsideration Deadline shall be considered timely, and not barred by operation of Local Rule 9013-1(m). The parties reserve all rights with respect to the merits of such a motion.

Dated: February 18, 2009

By: /s/
James L. Bromley (pro hac vice)
Lisa Schweitzer (pro hac vice)
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Tel.: (212) 225-2000
Counsel to the Debtors

By: /s/
Fred S. Hodara (pro hac vice)
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Tel.: (212) 872-1000
Proposed co-counsel to the Committee

And

Mark D. Collins (No. 2981)
Christopher M. Samis (No. 4909)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Tel.: (302) 651-7700
Proposed co-counsel to the Committee