**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
                                        :      Chapter 11

*In re*                                  :      Case No. 09-10138 (KG)

Nortel Networks Inc., *et al.*,[1]    :      Jointly Administered

                Debtors.           :

                                        :      **RE: D.I. 193**

---------------------------------------------------------X

## ORDER ESTABLISHING PROCEDURES FOR ADDRESSING RECLAMATION DEMANDS PURSUANT TO SECTIONS 105(a), 362 AND 546(c) AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Upon the motion dated, February 2, 2009 (the "Motion"),[2] of Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for the entry of an order (the "Order"), pursuant to sections 105(a), 362 and 546(c) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) establishing uniform procedures for addressing reclamation demands; (ii) authorizing the Debtors to conduct settlement negotiations to reconcile and resolve certain reclamation demands, if necessary; (iii) enjoining reclamation claimants from pursuing payment of reconciliation demands by alternative

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

means; and (iv) granting the Debtors such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and whereas objections to the Motion were filed by (i) Andrew LLC ("Andrew") [D.I. 274] and (ii) JDS Uniphase Corporation ("JDSU") [D.I. 278]; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion and the Declaration establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, pursuant to sections 105(a), 362, and 546(c) of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules, to resolve Reclamation Demands in accordance with the Reclamation Procedures set forth below:

> a. Any person asserting a Reclamation Demand must satisfy all procedural and timing requirements under applicable law and demonstrate that it has satisfied all legal elements entitling it to a right of reclamation;
>
> b. Any person asserting a Reclamation Demand must deliver a copy of its written reclamation demand to: the Debtors, c/o Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb"), One Liberty Plaza, New York, New York 10006 (Attn: James Bromley and Lisa Schweitzer), with a copy to Epiq Bankruptcy Solutions, LLC, Grand Central Station, P.O. Box 4601, New York, New York 10163-4601, provided that any person who served a Reclamation Demand prior to the filing of the Motion may have served such demand on either Cleary Gottlieb or Morris, Nichols, Arsht & Tunnell ("MNAT") as counsel to the Debtors, Epiq Bankruptcy Solutions, LLC, or an authorized representative of the Debtors for such purposes.

2

c.  After receipt of all timely Reclamation Demands and an opportunity to review such demands – including, without limitation, whether the demand is subordinated to the prior rights of a holder of a security interest in the applicable Goods or the proceeds thereof – and to consult with the Committee regarding such demands but, absent further order of the Court, no later than 120 days after the Petition Date (the "Reclamation Notice Deadline"), the Debtors will file one or more Notices (each a "Reclamation Notice"), (i) listing (a) each Reclamation Claimant that submitted a Reclamation Demand according to the Debtors' records, (b) the date each such Reclamation Demand was received by the Debtors or their counsel, (c) to the extent the Debtors believe the Reclamation Demand is valid, the dollar amount of goods subject to each such Reclamation Demand in the Debtors' possession on the date the Reclamation Demand was received by the Debtors, and (d) to the extent the Debtors believe the Reclamation Demand is valid, the dollar amount of such goods in the Debtors' possession as of the date the Reclamation Notice is filed with the Court (or such earlier date within 10 (ten) business days of the date of the Reclamation Notice as may be specified in the Reclamation Notice); (ii) specifying any Reclamation Demands that the Debtors believe satisfy all of the requirements of section 546(c) of the Bankruptcy Code and any other applicable law; (iii) specifying the bases upon which the Debtors believe that any Reclamation Demand does not satisfy all of the requirements of section 546(c) of the Bankruptcy Code and any other applicable law, and (iv) specifying the treatment proposed to be afforded to each Reclamation Demand, if any, under subparagraph (f) below that the Debtors believe satisfies all of the requirements of section 546(c) of the Bankruptcy Code and any other applicable law (each, a "Reclamation Amount").  The Debtors will serve the Reclamation Notice on the following parties: (i) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), 844 King Street, Room 2207, Lockbox #35, Wilmington, Delaware 19899-0035; (ii) Akin Gump Strauss Hauer & Feld ("Akin Gump"), One Bryant Park, New York, NY 10036 (Attn: Fred Hodara), counsel to the Committee; and (iii) each person that is subject to the Reclamation Notice and their counsel, if known ("Reclamation Claimants," and together with the U.S. Trustee and the Committee, the "Notice Parties"), at the address indicated in its reclamation demand;

d.  If the Debtors fail to file the Reclamation Notice within the required period of time, any holder of a Reclamation Demand may bring a motion on its own behalf to seek relief with respect to its Reclamation Demand, but may not bring any such motion until the expiration of the Reclamation Notice Deadline;

e.  All Notice Parties shall have the right and opportunity to file an objection to the proposed allowance or disallowance of and the treatment proposed to be afforded by the Debtors to holders of any asserted

3

Reclamation Demand in the Reclamation Notice as set forth therein, which objection shall be served on Cleary Gottlieb and MNAT as counsel to the Debtors, and Akin Gump as counsel to the Committee at the addresses set forth above;

f.    Any Reclamation Demand that is included in the Reclamation Notice and is not the subject of an objection that is filed and served within 20 days after service of the Reclamation Notice, shall be deemed a valid Reclamation Demand allowed by the Court in the amount identified in the Reclamation Notice, and at the Debtors' election, (i) the Debtors shall return, within 20 days of allowance, to the Reclamation Claimant such goods identified in the Reclamation Notice (ii) the amount so identified in the Reclamation Notice shall constitute an allowed administrative claim, or (iii) some combination of the foregoing;

g.    To the extent an objection to the Reclamation Notice is timely filed, the Debtors, the Reclamation Claimant and any other objecting party shall meet and confer (including through their respective representatives), either in-person or by teleconference, in good faith to attempt to resolve any such objection without Court intervention. If the Debtors and the Reclamation Claimant determine that the objection cannot be resolved consensually, then the Debtors shall advise the Committee of such, and the Debtors and/or the Reclamation Claimant may seek a determination as to the validity of the Reclamation Demand by the Court upon written application on 20 (twenty) days notice, with any response by any party including the Committee due to such an application 15 (fifteen) days after such application is filed. The first hearing on any such motion shall not be an evidentiary hearing.

h.    Notwithstanding and without limiting the foregoing, the Debtors are authorized, but not required, to negotiate, in their sole discretion, with any Reclamation Claimant and to seek an agreement with any Reclamation Claimant to resolve its Reclamation Demand. If the Debtors and a Reclamation Claimant are able to agree on the validity, amount and/or treatment of the Reclamation Claimant's Reclamation Demand, the Debtors shall prepare and file a notice of settlement (the "<u>Settlement Notice</u>") with the Court and serve such Settlement Notice on counsel to the Committee, the U.S. Trustee and the Reclamation Claimant subject to the settlement at the addresses set forth above. The Committee and the U.S. Trustee shall have ten days from the date of the Settlement Notice to file with the Court an objection thereto (a "<u>Settlement Objection</u>"). Settlement Objections must be served so as to be received by the Debtors, Cleary Gottlieb and MNAT as the Debtors' counsel, the applicable Reclamation Claimant, Akin Gump as counsel to the Committee and the U.S. Trustee at the address set forth herein within the ten-day objection period;

i.  If no Settlement Objection with respect to a Settlement Notice is timely filed and served, the Reclamation Demand at issue shall be allowed and treated in accordance with the Settlement Notice without further order of the Court. If a Settlement Objection with respect to a Settlement Notice is timely filed and served, the parties may negotiate a consensual resolution of such objection to be incorporated in a stipulation filed with the Court (a "<u>Settlement Stipulation</u>"). Upon the filing of a Settlement Stipulation, the applicable Reclamation Demand shall be allowed and treated in accordance with the terms of the Settlement Stipulation without need for further order of the Court. If no consensual resolution of a Settlement Objection is reached within 30 days after the date of the Settlement Objection, unless such period is extended by mutual agreement of the Debtors and the party filing the Settlement Objection, the Debtors shall thereafter file a motion for the Court to resolve the Settlement Objection; and

j.  Nothing in the Reclamation Procedures shall modify the automatic stay of section 362(a) of the Bankruptcy Code with respect to any Goods. As such, the Reclamation Procedures shall not alter in any way the procedures, standards and burden of proof applicable or required pursuant to section 362(a) of the Bankruptcy Code with respect to any attempt by a Reclamation Claimant to obtain possession of any of the Goods or otherwise to collect its Reclamation Demand. Without limiting the foregoing, no Reclamation Claimant shall be entitled to obtain possession of any Goods without first filing a motion with the Court for relief from the automatic stay or obtaining the prior express written consent of the Debtors. The Debtors and all other parties in interest reserve all rights to object to any such motion for relief from the automatic stay. Reclamation Claimants shall be prohibited from seeking relief from the stay with respect to any reclamation demand until the time a Reclamation Notice is filed by the Debtors with respect to such reclamation demand or the Reclamation Notice Deadline otherwise expires.

k.  Each Reclamation Claimant's rights under section 546(c) of the Bankruptcy Code shall not be prejudiced or limited in any way by (i) such Reclamation Claimant's failure from and after the date of the Debtors' receipt of a Reclamation Demand (a) to take any and all possible "self-help" measures with respect to the goods subject to the Reclamation Demand, or (b) to institute an adversary proceeding or contested matter against the Debtors seeking to enjoin them from using, selling, transferring, disposing of or shipping the goods subject to the Reclamation Demand, or (ii) the Debtors' continued use, sale, transfer disposition, or shipment of the goods subject to the Reclamation Demand after the Debtors' receipt of such Reclamation Demand.

3. Except as explicitly provided herein, the Debtors do not waive, and expressly reserve, their right to assert any and all defenses to a Reclamation Demand.

4. The foregoing Reclamation Procedures are the sole and exclusive method for resolving Reclamation Demands asserted against the Debtors.

5. All vendors are prohibited and stayed from seeking any other means for the resolution or treatment of their Reclamation Demands, including without limitation: (i) commencing adversary proceedings against the Debtors in connection with any Reclamation Demand, (ii) seeking to obtain possession of any Goods, except as permitted by the Reclamation Procedures or (iii) interfering with the delivery of any Goods to the Debtors.

6. All adversary proceedings pursuant to which a Reclamation Demand is asserted or pursuant to which the plaintiff seeks to obtain possession of any Goods or to otherwise interfere with the delivery of Goods to the Debtors, whether currently pending or initiated in the future, except those proceedings initiated by the Debtors in accordance with these Reclamation Procedures, are stayed and the claims asserted therein shall be resolved exclusively pursuant to the Reclamation Procedures set forth herein.

7. Reclamation Demands that are determined, in accordance with the procedures described in the Motion, to be valid Reclamation Claims shall be allowed by the Court in the amount established in accordance with the procedures described in the Motion.

8. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

9.     Notwithstanding the foregoing procedures and any other provisions of this Order, in full resolution of the objection of JDSU to the Motion, the Debtors agree that (a) JDSU is hereby granted an allowed reclamation claim against NNI in the amount of $2,034,623 (the "JDSU Allowed Claim") in full satisfaction of the portion of the JDSU Reclamation Demand that relates to the goods identified in Exhibit 1 hereto, and NNI shall pay the JDSU Allowed Amount to JDSU on or prior to 10 (ten) days from the date of entry of this Order, (b) the Debtors shall file a Reclamation Notice with respect to the Reclamation Demand asserted by JDSU (the "JDSU Reclamation Notice"), identifying the Reclamation Amount with respect to the remaining portion of the Reclamation Demand asserted by JDSU, on or before March 15, 2009. The Debtors and JDSU reserve all of their rights and defenses with respect to the JDSU Reclamation Demand, other than with respect to the goods subject to the JDSU Allowed Claim.

10.     The Debtors acknowledge the timely receipt of the reclamation demand letter dated January 29, 2009 from Andrew LLC. The Debtors reserve all rights with respect to the validity or sufficiency of such demand.

11.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

| Invoice | Quantity Segregated | Purchase Order Number | Material | Serial Numbers Located |
|---|---|---|---|---|
| 290470485 | 6 | 4503506448 | ST844BBE4AE5 | NNTMH9021151, NNTMH9021152, NNTMH9021153, NNTMH9021154, NNTMH9021155, NNTMH9021160 |
| 290470759 | 6 | 4503085708 | NTT837CAE5 | "NNTMH9021090, NNTMH9021091, NNTMH9021092, NNTMH9021133, NNTMH9021134, NNTMH9021136" |
| 290470760 | 1 | 4503085748 | NTT837CAE5 | NNTMH9021093 |
| 290470761 | 3 | 4503082896 | NTT837CAE5 | "NNTMH9021089, NNTMH9021094, NNTMH9021135" |
| 290471070 | 15 | 4503506450 | ST844BBE4AE5 | NNTMH9021212, NNTMH9021213, NNTMH9021214, NNTMH9021215, NNTMH9021217, NNTMH9021224, NNTMH9021225, NNTMH9021226, NNTMH9021241, NNTMH9021243, NNTMH9021250, NNTMH9021252, NNTMH9021253, NNTMH9021254, NNTMH9021256 |
| 290471251 | 2 | 4503082896 | NTT837CAE5 | "NNTMH9021274, NNTMH9021275" |
| 290471252 | 1 | 4503449172 | NT0H32AGE5 | NNTMH9G31094D |
| 290471253 | 10 | 4503506452 | ST844BBE4AE5 | NNTMH9021216, NNTMH9021218, NNTMH9021222, NNTMH9021223, NNTMH9021237, NNTMH9021238, NNTMH9021239, NNTMH9021244, NNTMH9021246, NNTMH9021248, |
| 290471321 | 2 | 4503082896 | NTT837CAE5 | NNTMH9021293; NNTMH9021294 |
| 290471526 | 13 | 4503082896 | NTT837CAE5 | "NNTMH9018896, NNTMH9021295, NNTMH9021296, NNTMH9021297, NNTMH9021298, NNTMH9021299, NNTMH9021300, NNTMH9021301, NNTMH9021302, NNTMH9021303, NNTMH9021304, NNTMH9021328, NNTMH9021329" |
| 290471530 | 2 | 4503496854 | NT0H32AGE5 | NNTMH9431061J, NNTMH9R31068J |
| 290471531 | 1 | 4503499784 | NTT861BEE5 | NNTMH9021267 |
| 290471532 | 1 | 4503503370 | NTT861BEE5 | NNTMH9021266 |
| 290471533 | 1 | 4503531750 | NT0H32AGE5 | NNTMH9C31076D |
| 290471534 | 3 | 4503531751 | NT0H32AGE5 | NNTMH9131080J, NNTMH9531089E, NNTMH9I31068A |
| 290471628 | 1 | 4503414523 | NTT862DAE5 | NNTMH9011757 |
| 290471761 | 1 | 4503082896 | NTT837CAE5 | NNTMH9021332 |
| 290471762 | 11 | 4503503373 | NTT861BEE5 | NNTMH9021263, NNTMH9021265, NNTMH9021268, NNTMH9021269, NNTMH9021270, NNTMH9021272, NNTMH9021273, NNTMH9021311, NNTMH9021312, NNTMH9021313, NNTMH9021314 |
| 290471926 | 1 | 4503449203 | NTT861BEE5 | NNTMH9021271 |
| 290471928 | 1 | 4503503741 | NT0H32BGE5 | NNTMH9131085I |
| 290471929 | 2 | 4503522144 | NT0H32BGE5 | NNTMH9L31093B, NNTMH9P31086D |
| 290472046 | 2 | 4503449203 | NTT861BEE5 | NNTMH9021415, NNTMH9021416 |
| 290472049 | 3 | 4503463882 | NTT862DAE5 | NNTMH9011754, NNTMH9011755, NNTMH9011756 |
| 290472051 | 1 | 4503520889 | NT0H32BHE5 | NNTMH9731091J |
| 290472052 | 1 | 4503522350 | NT0H32BHE5 | NNTMH9N31087I |
| 290472164 | 1 | 4503341545 | NTUG90ANE5 | NNTMH9R00LI4M |
| 290472171 | 1 | 4503375409 | NTUG90ANE5 | NNTMH9V00LI4Q |
| 290472177 | 1 | 4503414525 | NTUG90ANE5 | NNTMH9Q00LI4L |
| 290472178 | 7 | 4503434129 | NT0H33JAE5 | NNTMH99Y4UKEL, NNTMH9DY4UKEP, NNTMH9FY4UKOP, NNTMH9QY4UKQE, NNTMH9UY4UKQI, NNTMH9VY4UKCT, NNTMH9XY4UKQL |
| 290472180 | 13 | 4503449191 | NT0H33KBE5 | NNTMH9231091E, NNTMH9431078J, NNTMH9431084E, NNTMH9531090A, NNTMH9931071B, NNTMH9G31071I, NNTMH9G31075A, NNTMH9I31082E, NNTMH9J31087E, NNTMH9M31082I, NNTMH9V31079H, NNTMH9W31080E, NNTMH9Y31085F |
| 290472181 | 10 | 4503449189 | NT0H33KBE5 | NNTMH9331061I, NNTMH9A31071C, NNTMH9F31076G, NNTMH9G31069F, NNTMH9G31082C, NNTMH9H31070C, NNTMH9M31063F, NNTMH9M31093C, NNTMH9R31079D, NNTMH9S31079E |
| 290472182 | 3 | 4503449188 | NT0H33KBE5 | NNTMH92Y4UKEE, NNTMH94Y4UKPL, NNTMH9GY4UKES, |
| 290472184 | 2 | 4503449181 | NT0H33CBE5 | NNTMH9GH01004, NNTMH9HH01005 |
| 290472185 | 1 | 4503449175 | NT0H32BGE5 | NNTMH9T31086H |
| 290472186 | 2 | 4503449174 | NT0H32BGE5 | NNTMH9931077H, NNTMH9R31092A |
| 290472187 | 1 | 4503449170 | NT0H31AHE5 | NNTMH95H01010 |
| 290472201 | 1 | 4503463885 | NT0H31AHE5 | NNTMH96H01011 |
| 290472208 | 1 | 4503489776 | NT0H33ABE5 | NNTMH9DH01018 |
| 290472209 | 1 | 4503496768 | NT0H31AHE5 | NNTMH9AH01015 |
| 290472210 | 1 | 4503499657 | NT0H31AJE5 | NNTMH9LH01009 |
| 290472211 | 1 | 4503499792 | NT0H32CGE5 | NNTMH9ZY4UKAJ |
| 290472212 | 5 | 4503498526 | NT0H33KBE5 | NNTMH90Y4UKEC, NNTMH91Y4UKED, NNTMH97Y4UKEJ, NNTMH9CY4UKEO, NNTMH9ZY4UKEB |
| 290472214 | 4 | 4503506250 | NT0H32CGE5 | NNTMH9BY4UK14, NNTMH9D31071F, NNTMH9K31075E, NNTMH9XY4UKAH |

| Invoice | Quantity Segregated | Purchase Order Number | Material | Serial Numbers Located |
|---|---|---|---|---|
| 290472215 | 3 | 4503506449 | ST844BBE4AE5 | NNTMH9021435, NNTMH9021436 ,NNTMH9021437 |
| 290472224 | 6 | 4503545091 | NT0H32CFE5 | NNTMH94Y4UKEG, NNTMH9MY4UKCK, NNTMH9OY4UK6G, NNTMH9TY4UKAD, NNTMH9VY4UKAF, NNTMH9WY4UKE8 |
| 290472226 | 1 | 4503608995 | NTT861AHE5 | NNTMH9021310 |
| 290472227 | 7 | 4503135430 | NT0H32JAE5 | NNTMH9031091C, NNTMH9931084J, NNTMH9E31076F, NNTMH9HY4UKET, NNTMH9L31087G, NNTMH9N31075H, (NNTMH9L31092G, to be verifed) |
| 290472277 | 2 | 4503444539 | NTTP85AA | Not Serial Lot Controlled |
| 290472279 | 3 | 4503499791 | NTTP85AA | Not Serial Lot Controlled |
| 290472282 | 2 | 4503538585 | NTTP85AA | Not Serial Lot Controlled |
| 290472325 | 4 | 4503441352 | NT0H31AHE5 | NNTMH91H01023;NNTMH92H01024; NNTMH93H01025 ; NNTMH99H01014 |
| 290472327 | 5 | 4503449189 | NT0H33KBE5 | NNTMH9231078H, NNTMH9731083A, NNTMH9C31065J, NNTMH9O31079A, NNTMH9U31074H |
| 290472331 | 1 | 4503457148 | NT0H33JAE5 | NNTMH9O31086C |
| 290472334 | 2 | 4503481316 | NT0H31AHE5 | NNTMH94H01026; NNTMH95H01027 |
| 290472337 | 1 | 4503489774 | NT0H31AGE5 | NNTMH9B31090G; |
| 290472338 | 2 | 4503496853 | NT0H32AGE5 | NNTMH9831071A, NNTMH9J31070E |
| 290472339 | 1 | 4503386026 | NTK553KCE5 | NNTMH9011786 |
| 290472340 | 1 | 4503386026 | NTK553KCE5 | NNTMH9011753 |
| 290472341 | 5 | 4503302072 | NTK553FAE5 | NNTMH9011681, NNTMH9011702, NNTMH9011735, NNTMH9011736, NNTMH9011761 |
| 290472342 | 3 | 4503302072 | NTK553FAE5 | NNTMH9011679, NNTMH9011701, NNTMH9011876 |
| 290472343 | 12 | 4503506449 | ST844BBE4AE5 | NNTMH9021431, NNTMH9021432 ,NNTMH9021438, NNTMH9021439, NNTMH9021440, NNTMH9021493, NNTMH9021494, NNTMH9021495, NNTMH9021496, NNTMH9021497, NNTMH9021498, NNTMH9021509 |
| 290472344 | 2 | 4503539037 | NT0H31AGE5 | NNTMH9731065E; NNTMH9N31074A |
| 290472353 | 3 | 4503135430 | NT0H32JBE5 | "NNTMH92Y4UKQQ, NNTMH9L31068D, NNTMH9OY4UKP5" |
| 290472354 | 2 | 4503135430 | NT0H32JAE5 | NNTMH9A31072J, NNTMH9R31093H |
| 290472602 | 4 | 4503449191 | NT0H33KBE5 | NNTMH9C31064C, NNTMH9E31083H, NNTMH9R31086F, NNTMH9U31062G |
| 290472603 | 1 | 4503449203 | NTT861BEE5 | NNTMH9020754 |
| 290472606 | 3 | 4503496852 | NT0H32AGE5 | NNTMH9231077A, NNTMH9B31069A, NNTMH9O31087J |
| 290472607 | 3 | 4503496826 | NT0H32AGE5 | NNTMH9031078F, NNTMH9A31090F, NNTMH9E31090J |
| 290472609 | 2 | 4503496767 | NT0H31AHE5 | NNTMH98H01013; NNTMH9BH01016 |
| 290472611 | 2 | 4503386026 | NTK553KCE5 | NNTMH9011827, NNTMH9011830 |
| 290472612 | 5 | 4503302072 | NTK553FAE5 | NNTMH9011733, NNTMH9011734, NNTMH9011763, NNTMH9011789, NNTMH9011792 |
| 290472615 | 1 | 4503539038 | NT0H31AGE5 | NNTMH9N31094K |
| 290472744 | 1 | 4503341546 | ST844BDE4AE5 | NNTMH9021545 |
| 290472745 | 2 | 4503449191 | NT0H33KBE5 | NNTMH9231073I, NNTMH9A31088C |
| 290472747 | 12 | 4503506451 | ST844BBE4AE5 | NNTMH9021429, NNTMH9021430 ,NNTMH9021433, NNTMH9021434, NNTMH9021500, NNTMH9021501, NNTMH9021503, NNTMH9021504, NNTMH9021506, NNTMH9021507, NNTMH9021508, NNTMH9021510 |
| 290472870 | 2 | 4503544495 | NTT862DAE5 | NNTMH9011843, NNTMH9011848 |
| 290472945 | 4 | 4503449204 | NTT861BEE5 | NNTMH9020759, NNTMH9021417, NNTMH9021420, NNTMH9021537 |
| 290472946 | 3 | 4503499785 | NTT862DAE5 | NNTMH9011841, NNTMH9011842, NNTMH9011849 |
| 290472947 | 8 | 4503386026 | NTK553KCE5 | NNTMH9011787, NNTMH9011823, NNTMH9011828, NNTMH9011829, NNTMH9011831, NNTMH9011832, NNTMH9011834, NNTMH9011836 |
| 290472948 | 5 | 4503302072 | NTK553FAE5 | NNTMH9011680, NNTMH9011762, NNTMH9011764, NNTMH9011765, NNTMH9011790 |
| 290472950 | 7 | 4503503368 | NTT861BGE5 | NNTMH9020711, NNTMH9020713, NNTMH9020757, NNTMH9021318, NNTMH9021319, NNTMH9021413, NNTMH9021414 |
| 290472951 | 1 | 4503506451 | ST844BBE4AE5 | NNTMH9021502 |
| 290472952 | 1 | 4503539041 | NT0H32BGE5 | NNTMH9131072A |
| 290472953 | 1 | 4503538582 | NTT862DAE5 | NNTMH9011845 |
| 290472991 | 3 | 4503085708 | NTT837CAE5 | "NNTMH9021476, NNTMH9021477, NNTMH9021524" |
| 290472995 | 3 | 4503449204 | NTT861BEE5 | NNTMH9016994, NNTMH9020755, NNTMH9021535 |
| 290472996 | 4 | 4503386026 | NTK553KCE5 | NNTMH9011788, NNTMH9011824, NNTMH9011825, NNTMH9011837 |
| 290472997 | 4 | 4503302072 | NTK553FAE5 | NNTMH9011797, NNTMH9011798, NNTMH9011799, NNTMH9011800 |
| 290473000 | 2 | 4503506451 | ST844BBE4AE5 | NNTMH9021499, NNTMH9021505 |
| 290473001 | 2 | 4503539039 | NT0H32BGE5 | NNTMH9B31077J, NNTMH9M31075G |

| Invoice | Quantity Segregated | Purchase Order Number | Material | Serial Numbers Located |
|---|---|---|---|---|
| 290473004 | 6 | 4503544495 | NTT862DAE5 | NNTMH9011839, NNTMH9011840, NNTMH9011844, NNTMH9011846, NNTMH9011847, NNTMH9011850 |
| 290473006 | 6 | 4503630899 | ST844BDE3AE5 | NNTMH9021579, NNTMH9021581 ,NNTMH9021583, NNTMH9021585, NNTMH9021588, NNTMH9021590 |
| 290473029 | 1 | 4503449204 | NTT861BEE5 | NNTMH9021536 |
| 290473030 | 2 | 4503386026 | NTK553KCE5 | NNTMH9011835, NNTMH9011838 |
| 290473031 | 2 | 4503302072 | NTK553FAE5 | NNTMH9011732, NNTMH9011791 |
| 290473032 | 1 | 4503503368 | NTT861BGE5 | NNTMH9020758 |
| 290473033 | 1 | 4503630899 | ST844BDE3AE5 | NNTMH9021589 |
| 290473148 | 4 | 4503630899 | ST844BDE3AE5 | NNTMH9021580, NNTMH9021582 ,NNTMH9021584, NNTMH9021587 |
| 290473185 | 6 | 4503630899 | ST844BDE3AE5 | NNTMH9011125, NNTMH9021574 ,NNTMH9021575, NNTMH9021576, NNTMH9021577, NNTMH9021578 |
| 290473325 | 13 | 4503496809 | NT0H32AFE5 | NNTMH9400005L, NNTMH9500005M, NNTMH9500009E, NNTMH9600005N, NNTMH9600009F, NNTMH9800000Q, NNTMH9A00001Z, NNTMH9C00005T, NNTMH9F000063, NNTMH9J00009S, NNTMH9U00001J, NNTMH9U00006I, b993 (NNTMH9600007U To be verified) |
| 290473541 | 1 | 4503302072 | NTK553FAE5 | NNTMH9011802 |
| 290473733 | 1 | 4503386026 | NTK553KCE5 | NNTMH9011826 |
| 290473734 | 1 | 4503302072 | NTK553FAE5 | NNTMH9011876 |
| 290473735 | 1 | 4503531760 | NTUG90ANE5 | NNTMH9I00LI4D |
| 290473736 | 1 | 4503531759 | NTUG90ANE5 | NNTMH9J00LI4E |
| 290473737 | 3 | 4503531758 | NTUG90ANE5 | NNTMH9G00LI4B, NNTMH9H00LI4C, NNTMH9K00LI4F |
| 290473888 | 3 | 4503168607 | NTK553FAE5 | NNTMH9011878, NNTMH9011879, NNTMH9011891 |
| 290473996 | 4 | 4503386039 | NTK552DAE5 | NNTMH9011782, NNTMH9011863, NNTMH9011871, NNTMH9011872 |
| 290473997 | 2 | 4503538582 | NTT862DAE5 | NNTMH9011851, NNTMH9011852 |
| 290472614 | 1 | 4503531754 | NT0H32CHE5 | NNTMH9R31067C |
| 290471932 | 2 | 4503531755 | NT0H32DHE5 | NNTMH9231096D, NNTMH9331073J |
| 290471933 | 1 | 4503531756 | NT0H32DHE5 | NNTMH9P31074C |
| Total Quantity of Goods: | 364 | | | |
| Total Value of Goods: | $2,034,623 | | | |