# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X

In re

Nortel Networks Inc., et al.,[1]

               Debtors.

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

RE: D.I.s 9, 58, 239

------------------------------------------------------X

## ORDER FURTHER SUPPLEMENTING CASH MANAGEMENT MOTION

Upon the motion dated January 14, 2009 (the "Cash Management Motion") [D.I. 9],[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors") for the entry of an order: (a) approving the continued use of the Cash Management System, Bank Accounts and Business Forms; (b) permitting continued Intercompany Transactions, granting administrative priority status to postpetition Intercompany Claims, and preserving and permitting the exercise of intercompany setoff rights; (c) authorizing banks to honor certain transfers and charge certain fees and other amounts; (d) waiving the requirements of 11 U.S.C. section 345(b) on an interim basis; and the order having been granted on an interim basis January 15, 2009 (the "Cash Management Order") [D.I. 58], to the extent set forth therein; and the Debtors having obtained a supplemental order dated February 5, 2009,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Cash Management Motion.

amending the Cash Management Motion to include certain of the Debtors' bank accounts not initially reflected therein [D.I. 239]; and the Debtors having identified certain additional foreign bank accounts that they seek authorization to continue to use during these chapter 11 cases; and adequate notice of the relief sought herein having been provided under the circumstances; and the Court having jurisdiction to consider the Cash Management Motion and the relief requested therein, as supplemented by this order, pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of this requested relief is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Cash Management Motion establish just cause for the relief requested, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation

IT IS HEREBY ORDERED THAT:

1. The Debtors are authorized to continue using the bank accounts identified in Exhibit A attached hereto subject to the procedures described in the Cash Management Motion as approved in the Cash Management Order, as supplemented.

2. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (a) the terms of this Order shall be immediately effective and enforceable upon its entry; (b) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (c) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

3. The requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure are satisfied by the contents of the Motion or otherwise deemed waived.

4.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: FEBRUARY 19, 2009
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3