IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
:
: Chapter 11
*In re*  :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
:
          Debtors. : Jointly Administered
:
:
:
---------------------------------------------------------------X

## STATEMENT OF MARVIN GITTES PURSUANT TO FED. R. BANKR. P. 2014 AND ORDER AUTHORIZING DEBTORS TO EMPLOY, RETAIN AND COMPENSATE PROFESSIONALS IN THE ORDINARY COURSE

MARVIN GITTES, ESQ., being duly sworn, upon his/her oath, deposes and says:

1. I am a member of the firm of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. located at The Chrysler Center, 666 Third Avenue, New York, New York 10017. ("Mintz Levin" or the "Firm").

2. Mintz Levin has been retained by the above-captioned Debtors (the "Debtors") pursuant to the Order Authorizing the Retention and Payment of Professionals Utilized in the Ordinary Course *nunc pro tunc* to the Petition Date, dated February 5, 2009 (D.I. 236) (the "Order") to provide services to the Debtors.

3. The nature and scope of the services to be provided to the Debtors by Mintz Levin are: Mintz Levin has performed extensive legal work for the Debtor in connection with

---

[1] The Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[New York #2003455 v1]

various intellectual property matters including but not limited to patent prosecution and patent litigation. In connection with its bankruptcy filing, the Debtor seeks to retain Mintz Levin as legal counsel for substantially the same matters this Firm had performed pre-petition.

4. Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, Mintz Levin hereby confirms that, to the best of its knowledge and belief, other than in connection with providing professional services to the Debtors, it does not have any connection with the Debtors, the creditors, the United States Trustee, any person employed by the United States Trustee or any other party with an actual or potential interest in their chapter 11 cases or their respective attorneys or accountants.

5. Pursuant to the Order, Mintz Levin hereby confirms that is does not represent any interest adverse to the Debtors or the Debtors' estates in the matters upon which it is engaged.

6. Mintz Levin may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to conducting these chapter 11 cases, for persons that are parties in interest in these chapter 11 cases. As part of its customary practice, Mintz Levin is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be retained by the Debtors, claimants and parties in interest in these chapter 11 cases. Mintz Levin does not perform services for any such person in connection with conducting these chapter 11 cases or have any relationship with any such person, their attorneys or accountants that would be adverse to the Debtors or their estates.

7. Neither I nor any principal, partner, director or officer of, or professional retained by Mintz Levin has agreed to share or will share any portion of the compensation to be

2

received from the Debtors, other than reimbursing disbursements or costs owed to third parties on account of services provided to the Debtors, with any other person other than the principal and regular employees of Mintz Levin.

8. Neither I nor any principal, partner, director or officer of, or professional retained by Mintz Levin, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Firm is to be retained.

9. The Debtors owe Mintz Levin $89,188.20 for pre-petition services, the payment of which is subject to limitations contained in the Bankruptcy Code, 11 U.S.C. §§ 101 et seq.

10. Mintz Levin is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its retention, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 19, 2009

By: _____
Name: Marvin Gittes

[New York #2003455 v1]