## Exhibit B

## Declaration of Hyacinth DeAlmeida

[New York #2010792 v6]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
                Debtors. : Jointly Administered
:
: RE: D.I. __
:
------------------------------------------------------------X

**DECLARATION OF HYACINTH DEALMEIDA
IN SUPPORT OF DEBTORS' MOTION FOR ORDERS (I) AUTHORIZING
AND APPROVING (A) PURCHASE AGREEMENT, (B) BIDDING
PROCEDURES, (C) BREAK-UP FEE AND EXPENSE REIMBURSEMENT, (D)
NOTICE PROCEDURES, (E) ASSUMPTION AND ASSIGNMENT
PROCEDURES, (F) TIME DATE AND PLACE FOR SALE HEARING,
AND (G) FILING OF CERTAIN SCHEDULES UNDER SEAL AND
(II) AUTHORIZING AND APPROVING (A) SALE OF
CERTAIN NON-CORE ASSETS FREE AND CLEAR
OF ALL LIENS, CLAIMS AND ENCUMBRANCES AND
(B) ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS**

I, Hyacinth DeAlmeida, do hereby declare as follows:

1. I am Hyacinth DeAlmeida, Leader, Corporate Business Development at Nortel Networks, Inc. ("NNI" and, together with the other above-captioned debtors, the "Debtors" or the "U.S. Debtors").

2. I submit this declaration in support of Debtors' Motion for Orders (i) Authorizing and Approving (a) Purchase Agreement, (b) Bidding Procedures, (c) Break-Up

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[New York #2012450 v3]

Fee and Expense Reimbursement, (d) Notice Procedures, (e) Assumption and Assignment Procedures, (f) Filing of Certain Schedules under Seal and (g) a Date for Sale Hearing, and (ii) Authorizing and Approving (a) Sale of the Purchased Assets Free and Clear of All Liens, Claims and Encumbrances (other than as set forth on the purchase agreement) and (b) Assumption and Assignment of the Certain Contracts, filed on February 20, 2009 (the "Sale Motion").[2] Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, information supplied to me by other members of the Debtors' management and professionals or learned from my review of relevant documents or upon my opinion based upon my experience and knowledge of the Debtors' operations and financial condition. If I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this declaration.

        3.      For several months preceding the commencement of these chapter 11 proceedings on January 14, 2009, I participated in or was informed of Debtors' intention and plans to sell the assets and related contracts (the "Assets") that have since become the subject of the Purchase Agreement (the "Purchase Agreement") among NNI, Nortel Networks Limited ("NNL"), the EMEA Sellers (as such term is defined in the Purchase Agreement and, together with NNI and NNL, the "Sellers") and in the case of the EMEA Sellers, the joint administrators of the EMEA Sellers, A. R. Bloom, S. Harris, A. M. Hudson, C. Hill and D. Hughes of Ernst & Young LLP (other than Nortel Networks (Ireland) Limited, for which D. Hughes and A. Bloom serve as joint administrators) (the "Joint Administrators"), and Radware Ltd. (the "Purchaser"), dated as of February 19, 2009.

---

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

2

4. The Debtors, together with their non-debtor affiliates, conduct operations globally, in a number of highly competitive markets. The networking solutions industry is characterized by both industry rationalization and consolidation.

5. During the course of these preparations, Debtors had discussions and negotiations with a variety of entities identified as potential willing purchasers of the Assets.

6. Debtors identified the Purchaser as the most desirable buyer of the Assets, based on the terms of the deal as negotiated, including the expected benefits to Debtors of engaging in a transaction with this particular Purchaser.

7. Since Debtors first entered into discussions with the Purchaser, the price Purchaser is willing to pay for the Assets has declined, particularly following the commencement of these proceedings. Further delay in finalizing the sale of these Assets will likely result in further decline in the amount Debtors will be able to recover through the sale.

8. One of the most valuable Assets involved in the proposed transaction was and continues to be the established relationships Debtors maintain with hundreds of customers with whom it has entered into the contracts at issue in the Sale Motion, in addition to other contracts related to the Assets but not at issue in the Sale Motion. These contracts are valuable not only in terms of current relationships, but also in the potential they represent for future sales, as technology advances and equipment comes due for replacement.

9. If a list of counterparties to Debtors' current contracts were to be made publicly available, I believe that the value of the Assets would decline further, and as a result, the Purchaser may become less likely to consummate the transaction.

10. In addition, publicizing such a list would disclose confidential proprietary information enabling competitors of Debtors to solicit such customers for the sale of competing products and services.

11. Accordingly, I believe the best interests of Debtors and their creditors require that the sale of the Assets and contracts be completed as expeditiously as possible, and that the Court approve procedures by which the sale can be carried out without publicly divulging the names of the counterparties to the contracts.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 20, 2009.

_____
Hyacinth DeAlmeida

5

[New York #2012450 v3]