## Exhibit F

## Form of Assumption and Assignment Notice

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
In re                                                          :    Chapter 11
                                                               :
Nortel Networks Inc., et al.,[1]                               :    Case No. 09-10138 (KG)
                        Debtors.                               :
                                                               :    Jointly Administered
                                                               :
                                                               :
                                                               :
                                                               :
---------------------------------------------------------------X

### NOTICE OF (I) DEBTORS' REQUEST FOR AUTHORITY TO ASSUME, ASSIGN AND SELL CERTAIN CONTRACTS, AND (II) DEBTORS' PROPOSED CURE AMOUNTS

**PLEASE TAKE NOTICE THAT:**

In connection with the Debtors' Motion for Orders (i) Authorizing and Approving (a) Purchase Agreement, (b) Bidding Procedures, (c) Break-Up Fee and Expense Reimbursement, (d) Notice Procedures, (e) Assumption and Assignment Procedures, (f) Filing of Certain Schedules Under Seal, and (g) Date for the Sale Hearing and (ii) Authorizing and Approving (a) Sale of Certain Non-Core Assets Free and Clear of All Liens, Claims and Encumbrances, for a Purchase Price of $17.65 Million, and (b) Assumption and Assignment of the Certain Contracts (the "Sale Motion"), Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby provide notice of their intent to assume, assign and sell, pursuant to sections 363 and 365 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), certain of the Debtors' assets (the "Purchased Assets") and certain contracts to which Debtors are a party, including at least one or more such contracts to which Debtor believes you or your predecessor in interest are a party (singularly or collectively, the "Contracts"). Capitalized terms not otherwise defined in this notice shall have the meaning ascribed to such terms in the Sale Motion.

Conditions to Effectiveness of Assumption and Assignment. By the Sale Motion, the Debtors are seeking authority to assume and assign the Contracts. The assumption and assignment

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

the Contracts shall be effective upon the closing (the "Closing Date") of the sale to the successful bidder for the Debtors' assets (the "Purchaser"), including the Contracts, as determined through a competitive bid and auction process, pursuant to the terms of an Asset Purchase Agreement (the "Purchase Agreement"), but only if the Contracts are ultimately identified as of the Closing Date in the Purchase Agreement as a contract to be assumed and assigned to the Purchaser (an "Assumed Contracts").

Cure. The amount the Debtors believe is required to cure any default under the Contracts ("Cure Amount") is **$0.00**. On the Closing Date, or as soon thereafter as is reasonably practicable, you will be paid the Cure Amount, if any, by the Purchaser if your Contract is an Assumed Contract. Other than the Cure Amount, the Debtors' books and records reflect that there are no defaults or amounts owing under the Contract.

Objections. Pursuant to an Order of the Bankruptcy Court (D.I. [●]) (the "Sale Procedures Order"), entered on [February 27], 2009, objections, if any, to the assumption and assignment of the Contracts, including without limitation any objection to the Debtors' proposed Cure Amount or the provision of adequate assurance of future performance under the Contracts pursuant to section 365(b)(1)(C) of the Bankruptcy Code ("Adequate Assurance"), must be: (a) in writing; (b) signed by counsel or attested to by the objecting party; (c) served on the attorneys for the Debtors: Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Fax: (212) 225-3999 (Attention: James L. Bromley and Lisa M. Schweitzer), and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, DE 19801, Fax: (302) 658-3989 (Attention: Derek C. Abbott); so that such objection is actually received no later than noon on March 18, 2009 (the "Objection Deadline"); and (d) served so as to be received on or before the Objection Deadline by the following (collectively, the "Objection Notice Parties"): (i) counsel to the Purchaser: Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Fax: (212) 715-8000 (Attention: Ernest S. Wechsler), (ii) the U.S. Trustee (iii) counsel to the Monitor: Allen & Overy LLP, 1221 Avenue of the Americas, New York, NY 10020, Fax: 212 610 6399 (Attention: Ken Coleman, Esq.), and (iv) counsel to the Official Creditors' Committee (the "Official Committee"). Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Fax: (212) 872-1002 (Attention: Fred S. Hodara). The foregoing requirements are collectively referred to herein as the "Assigned Contract Objection Procedures." Any such notice must specify the grounds for such objection, including stating the nondebtor party's alleged Cure Amount (including, on a transaction by transaction basis, calculations and detail of specific charges and dates, and any other amounts receivable or payable supporting such alleged Cure Amount) if the nondebtor party disagrees with the Debtors' proposed Cure Amount and any other defaults or termination events the nondebtor party alleges must be cured to effect assignment of the Contract. Pursuant to the Sale Procedures Order, only those objections made in compliance with the Assigned Contract Objection Procedures will be considered by the Court at the Sale Hearing.

Upon receipt of an objection from a nondebtor party, Debtors shall initiate immediately a meeting or teleconference with the objecting nondebtor party. If the Debtors and the nondebtor party are unable to consensually resolve any timely served objection before **5 p.m. on March 20, 2009**, then (i) either party may seek the intervention of the Court to settle the dispute by filing a formal objection no later than March 20, 2009, (ii) if the dispute relates solely to the amount of the

Cure Amount, at the time of the assignment, Debtors may pay to the nondebtor party any undisputed portion of the proposed Cure Amount and place any disputed portion into a segregated interest-bearing account such that, upon any resolution by the Court of the Cure Amount dispute, or agreement between the Debtors and the nondebtor party, the nondebtor party will be entitled to payment from the segregated account of any disputed portion and interest earned thereon to which the Court finds, or the Debtors and nondebtor party agree, it is entitled, and/or (iii) Debtor may elect not to assume the relevant Assumed Contract and instead reject it, subject to the limitations set forth in the Purchase Agreement.

If no objection is timely and properly filed and served in accordance with the Assigned Contract Objection Procedures, (a) the Cure Amount set forth in this Notice shall be controlling notwithstanding anything to the contrary in any contract or other document and the nondebtor party to the Contract shall be forever barred from asserting any other claim arising prior to the assignment against the Debtors or the Purchaser as to such Contract, and (b) the Purchaser's promise to perform under the Contract shall be deemed Adequate Assurance under the Contract.

Sale Hearing. A hearing (the "Sale Hearing") will be held before The Honorable Kevin Gross, United States Bankruptcy Judge, on **March 25, 2009 at 10:30 a.m. (Eastern Time)** in the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801, to consider the relief requested in the Motion, including, without limitation, the assumption and assignment of the Contracts. The Debtors may adjourn the Sale Hearing one or more times without further notice by making an announcement in open Court or by the filing of a hearing agenda pursuant to Bankr. D. Del. L.R. 9029-3 announcing the adjournment.

Modifications. The Debtors reserve the right, in their sole and absolute discretion at any time prior to the Sale Hearing, to amend their decision with respect to the assumption and assignment of the Contract and provide you with a new notice amending the information provided in this notice.

Documents. Copies of the Motion, the Purchase Agreement, and the Sale Procedures Order (including the Bidding Procedures approved by the Bankruptcy Court) may be examined by interested parties between the hours of 8:00 a.m. and 3:00 p.m. (Eastern Time) at the office of the Clerk of the Court, 824 Market Street, Wilmington, Delaware 19801, or by appointment during regular business hours at the offices of the Debtor's attorneys: Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attention: James L. Bromley and Lisa M. Schweitzer. Additionally, copies of the foregoing may be downloaded from the Court's docket at www.deb.uscourts.gov.

Dated: February ___, 2009
      Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

  - and -

MORRIS NICHOLS, ARSHT & TUNNELL LLP

_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Thomas F. Driscoll III (No. 4703)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*