IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X

*In re*

Nortel Networks Inc., *et al.*,[1]

                      Debtors.

: Chapter 11
:
: Case No. 09-10138 (KG)
:
: Jointly Administered
:
: Hearing date: February 27, 2009 at 11:00 a.m. (requested)
: Objections due: February 26, 2009 at 12:00 noon (requested)

------------------------------------------------------------X

**DEBTORS' MOTION FOR AN ORDER UNDER 11 U.S.C. § 102(1)
SHORTENING NOTICE OF CERTAIN ELEMENTS OF DEBTORS' MOTION FOR
ORDERS (I) AUTHORIZING AND APPROVING (A) PURCHASE AGREEMENT,
(B) BIDDING PROCEDURES, (C) BREAK-UP FEE AND EXPENSE
REIMBURSEMENT, (D) NOTICE PROCEDURES, (E) ASSUMPTION AND
ASSIGNMENT PROCEDURES, (F) FILING OF CERTAIN SCHEDULES UNDER
SEAL, AND (G) SETTING TIME, DATE A ND PLACE FOR SALE HEARING**

Nortel Networks Inc. ("NNI") and certain of its affiliates, including Alteon WebSystems, Inc. and Alteon WebSystems International, Inc., as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to section 102(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) to permit consideration on shortened notice of certain elements (the "Sales

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

"Local Rules") (i) to permit consideration on shortened notice of certain elements (the "Sales Procedures") of Debtors' motion (the "Sale Motion") for the entry of an order, pursuant to sections 105, 363 and 365 of the Bankruptcy Code, (i) (a) approving that certain Asset Purchase Agreement ("Purchase Agreement"), among NNI, Nortel Networks Limited ("NNL"), the EMEA Sellers (as such term is defined in the Purchase Agreement) and, together with NNI and NNL, the "Sellers") and in the case of the EMEA Sellers, the joint administrators of the EMEA Sellers, A. R. Bloom, S. Harris, A. M. Hudson and C. Hill of Ernst & Young LLP (other than Nortel Networks (Ireland) Limited, for which D. Hughes and A. Bloom serve as joint administrators) (the "Joint Administrators"), and Radware Ltd. (the "Purchaser"), dated as of February 19, 2009; (b) approving the bidding procedures for the sale of certain of Sellers' enterprise "Layer 4-7" business and certain related contracts pursuant to the Purchase Agreement, or to the Successful Bidder in accordance with the Bidding Procedures; (c) approving the terms and conditions for payment of the Break-Up Fee and Expense Reimbursement, including granting administrative expense status to the Break-Up Fee and Expense Reimbursement; (d) approving the form and manner of sale notices; (e) approving the procedures for the assumption and assignment of the Assumed Contracts (f) authorizing Debtors to file certain schedules under seal; and (g) setting the time, date, and place of a hearing to consider the Sale Motion (ii) setting the deadline to object to the Sale Motion; and (iii) granting them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors rely on the Declaration of Hyacinth DeAlmeida in Support of the Sale Motion (the "DeAlmeida Declaration"). In further support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein is section 102(1) of the Bankruptcy Code.

### Background

**A.  Introduction**

3. On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC" and together with NNL, NNI and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as foreign representative for the Canadian Debtors, has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing

---

[2] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. In addition, on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates into administration under the control of the Joint Administrators (collectively, the "EMEA Debtors").[3]

6. On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Bankruptcy Rules that provided for the joint administration of these cases and for consolidation for procedural purposes only.

7. On January 26, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Official Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code (D.I.s 141, 142). An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

**B.      Debtors' Corporate Structure and Business**

8. A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases are set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications.

### Relief Requested

9. By this Motion, the Debtors seek an order (i) shortening the notice period for the Sales Procedures set forth in the Sale Motion filed contemporaneously with this Motion; (ii)

---

[3] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

setting the deadline to object to the Sales Procedures; and (iii) granting them such other and further relief as the Court deems just and proper.

**Facts Relevant to this Motion**

10. As set forth more fully in the Sale Motion, certain of the Debtors and the Sellers have entered into the Purchase Agreement pursuant to which the Sellers will sell and, in respect of certain contracts, assume and assign certain assets and contracts (collectively, the "Assets"). As set forth more fully in the Sale Motion, the Assets are non-core assets associated with the Sellers' Enterprise Solutions business. The Assets were marketed prior to the petition date and would have been sold but for the commencement of these proceedings as well as those in Canada and Europe. As set forth in the DeAlmeida Declaration, the potential purchase price for the Assets has fallen in the post-petition period and are likely to continue to decline. In light of this background, the Debtors believe it is essential to commence and complete this sale process as quickly as possible.

11. **Basis for Relief**

12. Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). As set forth below, shortening notice is justified here.

13. The Debtors respectfully submit that shortened notice is appropriate in this instance because the expeditious sale of the Assets are critical to the maximization of the value of the Debtors' assets and, in turn, to a recovery for the Debtors' estates. Therefore, the Debtors believe that a hearing on the Sale Motion on shortened notice is in the best interests of the Debtors' estates and creditors.

14. The Debtors have consulted extensively with the Official Committee a about the relief sought in this Motion and in the Sale Motion, and understand that the Official Committee is supportive of the timing of this sale process.

15. For these reasons, the Debtors respectfully submit that allowing the Sale Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

### 16. Notice

17. Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) the U.S. Trustee; (ii) counsel to the Official Committee; (iii) counsel to the Bondholder Group and (iv) the general service list established in these chapter 11 cases pursuant to Bankruptcy Rule 2002. The Debtors submit that under the circumstances no other or further notice is necessary.

### 18. No Prior Request

19. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: February 20, 2009
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Thomas F. Driscoll III (No. 4703)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*