IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
        Debtors. :
: RE: D.I. 354
:
------------------------------------------------------X

### ORDER UNDER 11 U.S.C. § 102(1) SHORTENING NOTICE OF CERTAIN ELEMENTS OF DEBTORS' MOTION FOR AN ORDER AUTHORIZING AND APPROVING (A) ASSET PURCHASE AGREEMENT, (B) BIDDING PROCEDURES, (C) BREAK-UP FEE AND EXPENSE REIMBURSEMENT, (D) NOTICE PROCEDURES, (E) ASSUMPTION AND ASSIGNMENT PROCEDURES, (F) DATE FOR THE SALE HEARING AND (G) AUTHORIZING DEBTORS TO FILE CERTAIN SCHEDULES UNDER SEAL

Upon the motion dated, February 20, 2009 (the "Sale Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to section 102(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) shortening notice to allow the Debtors' motion (the "Sale

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Motion") for the entry of an order, pursuant to sections 105, 363 and 365 of the Bankruptcy Code, (i) (a) approving that certain Purchase Agreement ("Purchase Agreement"), among NNI, Nortel Networks Limited ("NNL"), the EMEA Sellers (as such term is defined in the Purchase Agreement) and, together with NNI and NNL, the "Sellers") and in the case of the EMEA Sellers, the joint administrators of the EMEA Sellers, A. R. Bloom, S. Harris, A. M. Hudson and C. Hill of Ernst & Young LLP (other than Nortel Networks (Ireland) Limited, for which D. Hughes and A. Bloom serve as joint administrators) (the "Joint Administrators"), and Radware Ltd. (the "Purchaser"), dated as of February 19, 2009; (b) approving the Bidding Procedures; (c) approving the Break-Up Fee and Expense Reimbursement, including granting administrative expense status under sections 503(b) and 507(a) of the Bankruptcy Code to the Break-Up Fee and Expense Reimbursement; (d) approving the Notice Procedures; (e) approving the Assignment Procedures; (f) setting the time, date, and place of a hearing to consider the Sale Motion; and (g) authorizing Debtors to file certain schedules under seal; (ii) setting the deadline to object to the Motion; and (iii) granting them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors rely on the Declaration of Hyacinth DeAlmeida in Support of the Sale Motion (the "DeAlmeida Declaration"), and adequate notice of the Sale Motion having been given as set forth therein; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Sale Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Sale Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Sale Motion establish just cause for the relief requested therein, and that such relief is in the best interests of the

Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Those portions of the Sale Motion relating to the Bidding Procedures, the Break-Up Fee and Expense Reimbursement, the Notice Procedures, the Assignment Procedures and the time, date and place of the Auction and Sale Hearing (as such terms are defined in the Sale Motion, and collectively the "Sale Procedures") will be considered at a hearing scheduled on February 27, 2009 at 11:00 a.m. (Eastern Time);

3. Objections, if any, to the Sale Procedures Motion shall be filed and served in accordance with the Local Rules of this Court by no later than February 26, 2009 at 12:00 p.m. (Eastern Time);

4. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order;

5. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: February 23, 2009
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3