IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
:
:    Chapter 11
In re    :
:    Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]    :
:    Jointly Administered
Debtors.    :
:
:    RE: D.I. 196
:
---------------------------------------------------------------X

**ORDER UNDER SECTIONS 365(a) AND 554(a) OF THE
BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO (1) REJECT
AS OF FEBRUARY 28, 2009, CERTAIN UNEXPIRED LEASES OF
NONRESIDENTIAL REAL PROPERTY AND RELATED SUBLEASES, AND
(2) ABANDON ANY PERSONAL PROPERTY LOCATED AT SUCH PREMISES**

Upon the motion dated, February 2, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, authorizing the Debtors to reject certain unexpired leases of nonresidential real property (the "Prime Leases") and related subleases (the "Subleases," and together with the Prime Leases, the "Leases," being more particularly described on Exhibit A hereto), and to abandon any personal property located at such premises; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized to reject certain unexpired leases of nonresidential real property (the "Prime Leases") and related subleases (the "Subleases," and together with the Prime Leases, the "Leases," being more particularly described on Exhibit A hereto), and to abandon any personal property located at such premises.

3. The rejection of Leases and abandonment of personal property governed by this Order shall be effective as of February 28, 2009, and Nortel shall vacate the premises that are the subject of the sublease with Raytheon Company, listed on Exhibit A hereto, by February 28, 2009.

4. With respect to rejection of the Sublease between the Debtor and Credit Solutions of America, Inc. ("CSA"), recognizing that CSA has not yet paid rental amounts due in respect of the month of February, CSA shall pay such rent within one business day of issuance of this Order and the Debtor shall, subject to payment of such rent within one business day of issuance of this Order and reserving any defenses and claims it may have against CSA under the Sublease, administer the security deposit in a timely and reasonable manner in accordance with the terms of the Sublease and applicable law, including, but not limited to, Section 93.005 of the Texas

Property Code. Notwithstanding anything herein to the contrary, the Debtor's agreement to administer the Security Deposit and timely return any excess portion to CSA shall be without prejudice to the claims and defenses, if any, of each party (including, but not limited to, claims and defenses of the landlord under the prime lease and claims and defenses regarding proposed setoff), if any, against the Security Deposit. Upon rejection of the sublease agreement between Nortel Networks Inc. and Credit Solutions of America, the Debtors and CSA agree to use commercially reasonable efforts to expeditiously administer the security deposit with a goal, subject to timely cooperation of landlord under the prime lease, of completing the administration and returning the excess deposit to CSA within 30 days of the effective date of the rejection. The personal property that is covered by the Sublease is abandoned to CSA. CSA shall permit Nortel access to the premises, including portions of the leased premises that are subject to the Sublease, at all times through and including February 28, 2009, including without limitation for the purpose of retrieving personal property that belongs to Nortel and which CSA is not entitled to retain under the Sublease. In the event that the Debtors, CSA and the landlord under the prime lease for the premises that are subject to the CSA Sublease do not reach an agreement respecting proper administration of the Security Deposit, the Security Deposit shall not be administered until approved by this Court or resolved consensually by the parties.

5. The Debtors reserve all rights to contest any rejection claims and/or the characterization of the Leases as unexpired leases, or otherwise.

6. The Debtors do not waive any claims that they may have against any of the counterparties to the Leases, whether or not such claims are related to the Leases.

7. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its

entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: FEBRUARY 23, 2009
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE