IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
       :
In re       :   Chapter 11
       :
Nortel Networks Inc., *et al.*,[1]   :   Case No. 09-10138 (KG)
       :
       Debtors.   :   Jointly Administered
       :   **RE: Doc. No. 282**
       :
---------------------------------------------------------X

**SUPPLEMENTAL DECLARATION OF JAMES J. REGAN IN SUPPORT OF THE APPLICATION OF THE DEBTORS PURSUANT TO 11 U.S.C. § 327(e) TO RETAIN AND EMPLOY CROWELL & MORING LLP AS SPECIAL COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO JANUARY 14, 2009**

I, James J. Regan, hereby declare under penalty of perjury:

1. I am an attorney at law admitted to practice before the courts in the District of Columbia and before the U.S. District Court for the District of Columbia and the U.S. Court of Federal Claims. I am a partner of the firm of Crowell & Moring LLP ("Crowell"), which maintains offices for the practice of law at, among other locations, 1001 Pennsylvania Avenue, NW, Washington, D.C. 20004.

2. I submit this declaration (the "Supplemental Declaration") to supplement the Application of the Debtors Pursuant to 11 U.S.C. § 327(e) to Retain and Employ Crowell &

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Moring LLP as Special Counsel for the Debtors *Nunc Pro Tunc* to January 14, 2009 (Doc. No. 282) (the "Application") filed by Nortel Networks Inc. and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), in the above-captioned chapter 11 cases.[2]

        3.    As set forth in my initial declaration submitted as Exhibit A to the Application (the "Initial Declaration"), Crowell undertook to determine whether it had any conflicts or other relationships that might disqualify it from providing legal services to the Debtors. Specifically, the Debtors' bankruptcy counsel provided Crowell with a list (the "Conflicts Check List"), attached to the Initial Declaration as Exhibit I, of (i) entities affiliated with or related to the Debtors, (ii) professionals retained by the Debtors in these chapter 11 proceedings, (iii) key creditors of the Debtors, and (iv) certain other parties in interest in these chapter 11 cases. Crowell's Conflicts Department ran a computerized check of each of these persons or entities against Crowell's client database (the "Client Database") to determine which persons or entities, if any, Crowell currently represents ("Current Clients") or has represented in the past ("Former Clients"). A list of Current Clients matching those entities on the Conflicts Check List is attached to the Initial Declaration as Exhibit II. A list of Former Clients matching those entities on the Conflicts Check List is attached to the Initial Declaration as Exhibit III.

        4.    As set forth in the Application, Crowell has updated and will continue to update periodically its conflicts review during the pendency of these chapter 11 cases to ensure that no disqualifying circumstances exist or arise. In connection with the first such periodic review, Crowell received from the Debtors' bankruptcy counsel the names of additional entities. I directed Crowell's Conflicts Department to run a computerized check of those additional names.

---

[2]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Application. By the Application, the Initial Declaration, this Supplemental Declaration and their contents, Crowell does not waive, and hereby reserves and preserves, any and all rights, remedies, claims, and privileges.

5. I am submitting this Supplemental Declaration to disclose that in matters wholly unrelated to these chapter 11 proceedings, Crowell currently represents: (a) SprintNextel, which may be an affiliate of SprintCom Inc. and/or Sprint/United Management Company; (b) The Prudential Insurance Company of America; and (c) SAP America Inc. In addition, in matters wholly unrelated to the Debtors, Crowell formerly represented Verizon Wireless, a name by which Cellco Partnership does business.

6. Due to the size and diversity of Crowell's practice, Crowell may have advised, represented, provided services for or otherwise dealt with or may now be advising, representing, providing services for or otherwise dealing with certain entities or persons (and their attorneys or accountants or both) who are or may consider themselves to be creditors, equity security holders, or parties interested in these cases. However, while Crowell may continue to provide advice, representation and services to the Debtors' affiliates during these chapter 11 cases, Crowell is not and will not advise, represent or provide services for any entity other than Nortel in connection with these chapter 11 cases.

7. Crowell has conducted a general inquiry of all lawyers, legal personnel and non-legal personnel to determine whether anyone owns any debt or equity securities of the Debtors or their affiliates other than in connection with investments in mutual funds, blind trusts, or other investments as to which such individual has no discretion as to the selection of the individual underlying assets. Based on responses to this inquiry, I understand that as of the date hereof, no Crowell lawyers, legal personnel or non-legal personnel own any debt or equity securities of the Debtors or their affiliates, other than the following: one partner owns 1,000 shares of common stock; another partner owns 150 shares of common stock; another partner owns 5 shares of common stock; and one counsel owns 40 shares of common stock. Crowell has a long-standing policy

prohibiting all personnel from trading in securities of any company (a) on the basis of any confidential information of the firm or its clients, or (b) while Crowell is in possession of material non-public information concerning the company whose securities are the subject of the transaction.

       8.    All statements made herein are true and correct to the best of our knowledge, information and belief.

       9.    To the extent that Crowell discovers additional information that it determines should be disclosed, Crowell will file further supplemental disclosures with the Court promptly.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on February 23, 2009
Washington, District of Columbia

_____
James J. Regan