**EXHIBIT D**

# NRTEL

MASTER                    SERVICES                    AGREEMENT

19653 *Q.*

This MASTER SERVICES AGREEMENT NO. ~~11997~~, including Exhibits A through C, (Agreement), is dated as of January 1, 2009 (Effective Date). The parties are Nortel Networks Limited a Canadian corporation, with offices at 195 The West Mall, Etobicoke, Ontario M9C 5K1 ( Nortel or NNL) and Mercer (Canada) Limited, a Canadian corporation with offices at 161 Bay Street, Toronto, Ontario M5J 2S5 (Supplier or Mercer).

**REDACTED**

**NORTEL**



13. Indemnities
    a) In this section the following definitions apply:
        i) *Liabilities* means all fines, penalties, losses, costs, injuries, liabilities, settlements and expenses (including reasonable attorneys' fees) claimed by a third party under any claims, proceedings, suits or actions brought by such third person. Liabilities shall be considered direct damages.
        ii) *Indemnitees* means, in respect of a party, the party, its affiliates, and their respective employees, including the employees of the party.
    b) Each party shall defend and indemnify the other party, including its Indemnitees, from any Liabilities to the extent directly and proximately resulting from injury or death of a person or damage or loss of personal property to the extent directly and proximately resulting from the negligence or willful misconduct of the indemnifying party, or any person acting on its behalf; provided, however, the indemnifying party shall have no responsibility for any Liabilities to the extent they are attributable to the acts or omissions of the indemnified party's Indemnitees.
    c) Supplier shall defend and indemnify Nortel and its Indemnitees from any Liabilities to the extent directly resulting from (i) Supplier's breach of law or regulation, or (ii) an allegation that the sale, use or delivery of any Service or Deliverable, or the exercise of any rights granted hereunder, infringes any intellectual property right of any third person (*Infringement Claim*).
    d) A party seeking indemnification hereunder shall provide adequate notice of the Liability, and shall provide, at the indemnifying party's request and expense, reasonably available information, assistance and cooperation. At its expense, the indemnifying party will defend against or settle Liabilities and will have control of the settlement or defense of Liabilities. However, the indemnified party or any Indemnitee may, at its choosing, participate in the defense or settlement at its expense.
    e) In addition to the above, in an Infringement Claim, Supplier may (and in the case of a judgment, order or injunction that restricts the exercise of any rights granted herein, shall) in good faith, at its option and expense, (i) obtain the right for Nortel and its Indemnities to exercise their rights in accordance with this Agreement; or (ii) substitute non-infringing Service or Deliverable with equivalent functional capabilities; or (iii) modify the Service or Deliverable, while retaining equivalent functional capabilities, so that it no longer infringes. If (i), (ii) or (iii) above are not commercially practicable, Supplier shall refund an equitable portion of the fees paid by Nortel for the infringing Service or Deliverable which, notwithstanding anything to the contrary herein, shall be Nortel's sole remedy for an Infringement Claim. The workaround provided under this section will result in no additional charges or fees to Nortel or its Indemnities.

# N⊘RTEL 

f) Supplier will not be responsible for defense and indemnification to the extent the Infringement Claim Liability results from (i) the Service or Deliverable being modified by Nortel (other than as approved or specified by Supplier); (ii) the content of any data provided by Nortel to Supplier under this Agreement, or (iii) the Service or Deliverable being used in combination with equipment or software not (a) contemplated by the documentation, (b) provided by Supplier, or (c) approved or specified by Supplier (other than equipment or software that would reasonably be expected to be used in combination with the Service or Deliverable).

REDACTED

# N❂RTEL 

IN WITNESS WHEREOF, the Parties have signed this Agreement by their duly authorized representatives, to be effective as of the Effective Date, although actually signed by the parties on the dates shown below their respective signatures.

Mercer (Canada) Limited
By: *[signature]*
Print name: Maryann Lowry
Title: Global Client Mgr
Date: 5 January 2009

Nortel Networks Limited
By: *[signature]*
Print name: Alan J. Rice
Title: Director, Indirect Procurement
Date: 02/17/09

Contents of the following attachments:

Exhibit A: Form of Statement of Work
    Annex A Scope of Work
    Annex B Pricing
    Annex C Service Levels
    Annex D Key Performance Indicators
    Annex E Modifications to Terms and Conditions of MSA

Exhibit B: BU WORKER PROVISIONS

Exhibit C: Personnel Data Protection