## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | **Chapter 11** |
| | |
| **Nortel Networks Inc., et al.**[1] | **Case No. 09-10138 (KG)** |
| | |
| Debtors. | **Jointly Administered** |
| | |
| | **Objection Deadline: March 13, 2009 at 4:00 p.m.** |
| | **Hearing Date: March 20, 2009 at 11:00 a.m.** |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION
AND EMPLOYMENT OF RICHARDS, LAYTON & FINGER, P.A. AS
CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
*NUNC PRO TUNC* TO JANUARY 26, 2009, PURSUANT TO SECTIONS 328(a) AND
1103(a) OF THE BANKRUPTCY CODE, RULE 2014(a) OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE, AND RULE 2014-1 OF THE LOCAL RULES OF
BANKRUPTCY PRACTICE AND PROCEDURE OF THE UNITED
STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

The Official Committee of Unsecured Creditors (the "Committee") in the chapter 11

cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors")

hereby submits this application (the "Application") for the entry of an order, substantially in the

form attached hereto as Exhibit A, authorizing the Committee to retain and employ Richards,

Layton & Finger, P.A. ("RL&F") as its bankruptcy co-counsel *nunc pro tunc* to January 26,

2009, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).

of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of this Application, the Debtor respectfully states as follows:

## JURISDICTION

1.     This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue of this proceeding and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief requested herein are sections 328(a) and 1103(a) of title 11 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1.

## BACKGROUND

2.     On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"), thereby initiating the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

3.     On January 26, 2009, pursuant to section 1102(a)(1) of the Bankruptcy Code, the Office of the United States Trustee appointed the following members to the Committee: (i) The Bank of New York Mellon; (ii) Flextronics Corporation; (iii) Airvana, Inc.; and (iv) Pension Benefit Guaranty Corporation. On February 19, 2009 the Office of the United States Trustee, pursuant to section 1102(a)(1), filed the *Second Amended Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 340] which added Law Debenture Trust Company of New York as a member of the Committee.

4.     On January 26, 2009, the Committee selected Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") as its co-counsel.

2

5.      Also on January 26, 2009, the Committee selected RL&F as its co-counsel.

### RETENTION OF RICHARDS, LAYTON & FINGER, P.A.

6.      Subject to approval of this Court, the Committee wishes to employ RL&F as its co-counsel to represent it and perform services for the Committee in connection with carrying out its fiduciary duties and responsibilities under the Bankruptcy Code during the Chapter 11 Cases.

7.      Pursuant to section 1103(a) of the Bankruptcy Code, a committee appointed under section 1102 of the Bankruptcy Code may, with the Court's approval, select one or more attorneys, accountants, or other agents to perform services for such committee.  Pursuant to section 328(a) of the Bankruptcy Code, the Committee requests that the Court approve the employment of RL&F as its co-counsel in these Chapter 11 Cases *nunc pro tunc* to January 26, 2009, because of the need for RL&F to begin work immediately to effectively represent the Committee.

8.      By separate application, the Committee is seeking to employ and retain, pursuant to section 328(a) of the Bankruptcy Code, the law firm of Akin Gump as co-counsel in these Chapter 11 Cases.  However, due to the extensive legal services that will be necessary during these Chapter 11 Cases, the Committee submits that it is also essential for it to employ RL&F as co-counsel.  Akin Gump and RL&F have discussed a division of responsibilities regarding representation of the Committee and will make every effort to avoid and/or minimize duplication of services in these Chapter 11 Cases.

9.      The Committee has selected RL&F as its co-counsel because of the firm's extensive experience and knowledge in the field of debtors' and creditors' rights, business reorganizations and liquidations under chapter 11 of the Bankruptcy Code, its expertise, experience, and knowledge practicing before this Court, its proximity to the Court and its ability

3

to respond quickly to emergency hearings and other emergency matters in this Court. The Committee believes that RL&F is both well qualified and uniquely able to represent it in these Chapter 11 Cases in a most efficient and timely manner.

10.    The Committee believes that the services of RL&F are necessary to enable them to execute faithfully their statutory duties. Subject to further order of this Court, RL&F will render the following professional services:

(a)    to advise the Committee of its rights, powers and duties in these cases;

(b)    to assist and advise the Committee in its consultations with the Debtors relative to the administration of these cases;

(c)    to assist the Committee in analyzing the claims of the Debtors' creditors and in negotiating with such creditors;

(d)    to assist with the Committee's investigation of the acts, conduct, assets liabilities and financial condition of the Debtors and of the operation of the Debtors' business;

(e)    to assist the Committee in its analysis of, and negotiations with, the Debtors or their creditors concerning matters related to, among other things, the terms of a plan or plans of reorganization or liquidation for the Debtors;

(f)    to prepare on behalf of the Committee all necessary motions, applications, answers, orders, reports and papers in furtherance of the Committee's interests and objectives; and

(g)    to perform all other necessary legal services as may be required and are deemed to be in the interests of the Committee in connection with the Chapter 11 Cases.

11.    RL&F has stated its desire and willingness to act in this case and to render the necessary professional services as co-counsel to the Committee. Furthermore, to the best of the Committee's knowledge, the directors and associates of RL&F do not have any connection with or any interest adverse to that of the Committee, its creditors, or any other party in interest, or

RLF1-3363830-4

their respective attorneys, except as set forth herein and in the affidavit of Mark D. Collins, a director of RL&F (the "Collins Affidavit"), a copy of which is attached hereto as Exhibit B.

12.    RL&F intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. The Committee, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, proposes to pay RL&F its customary hourly rates in effect from time to time as set forth in the Collins Affidavit. The Committee submits that these rates are reasonable.

### DISINTERESTEDNESS OF RICHARDS, LAYTON & FINGER, P.A.

13.    To the best of the Committee's knowledge, information and belief, and except as set forth in the Collins Affidavit, RL&F does not hold any interest adverse to the Committee or the Debtors' estates and, while employed by the Committee, will not represent any person having an adverse interest in connection with these cases, and RL&F is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code.

### NOTICE

14.    Notice of this Application has been given to: (i) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2313, Lockbox 35, Wilmington, Delaware 19801; (ii) the Debtors, Nortel Networks Inc., 195 The West Mall, Toronto, ON, M9C 5K1, Attn: Gordon A. Davis; (iii) counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn.: James L. Bromley, Esq; (iv) counsel to the Debtors, Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE, 19899-1347, Attn.: Derek C. Abbott, Esq.; and (v) all parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Committee respectfully submits that no further notice is required.

RLF1-3363830-4

## NO PRIOR REQUEST

15.    No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, (i) granting this Application, (ii) authorizing the Committee to retain and employ RL&F as its co-counsel, *nunc pro tunc* to January 26, 2009, and (iii) granting such other and further relief the Court deems just and proper.

Dated:  February 24, 2009
        Wilmington, Delaware

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF NORTEL NETWORKS
INC., ET AL.

By: Flextronics Corporation, solely in its capacity
as Chair of the Official Committee of Unsecured
Creditors and not in its individual capacity[2]

By:_____
Name:  Terry Zale
Title:   Vice President, Corporate Finance

---

[2]  Except as otherwise provided in this Application, I have made the statements herein on information and belief and in reliance on statements made to me by the Committee of Unsecured Creditors and its professionals.

RLF1-3363830-4