# **EXHIBIT B**

RLF1-3363830-4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| Nortel Networks Inc., et al.[1] ) | Case No. 09-10138 (KG) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | |

### AFFIDAVIT OF MARK D. COLLINS

STATE OF DELAWARE    )
                     ) SS:
COUNTY OF NEW CASTLE )

MARK D. COLLINS, being first duly sworn to oath, deposes and says:

1. I am an attorney admitted to practice in the State of Delaware and before this Court, and am a director of the firm of Richards, Layton & Finger, P.A. ("RL&F"). RL&F is a Delaware law firm with its offices at One Rodney Square, 920 North King Street, Wilmington, Delaware 19801.

2. I submit this affidavit in support of the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for an order approving the employment and retention of RL&F as its co-counsel in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), in compliance with and to provide disclosure

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

pursuant to sections 1102 and 504 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). Unless otherwise stated in this affidavit, I have personal knowledge of the facts hereinafter set forth. To the extent that any information disclosed herein requires amendment or modification upon RL&F's completion of further analysis or as additional creditor information becomes available to it, a supplemental affidavit will be submitted to the Court. Subject to approval of this Court and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, RL&F intends to apply for compensation for professional services rendered in connection with these Chapter 11 Cases, plus reimbursement of actual, necessary expenses and other charges incurred by RL&F during the case. The principal professionals and paraprofessionals designated to represent the Committee and their current standard hourly rates are as follows:

   (a)  Mark D. Collins    $610 per hour

   (b)  Christopher M. Samis  $275 per hour

   (c)  Drew G. Sloan    $255 per hour

   (d)  Barbara J. Witters   $185 per hour

   3.  The hourly rates set forth above are RL&F's standard hourly rates for work of this nature. These rates are set at a level designed to compensate RL&F fairly for the work of their attorneys and paralegals and to cover fixed and routine overhead expenses. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals within RL&F may from time to time serve the Committee in connection with the matters described herein.

4.  It is RL&F's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, regular mail and express mail charges, special or hand delivery charges, document processing, printing/photocopying charges, travel expenses, expenses for "working meals," computerized research, transcription costs as well as non-ordinary overhead expenses such as secretarial and other overtime. RL&F will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to RL&F's other clients or as previously fixed by this Court. RL&F believes that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

5.  Neither I, RL&F, nor any director or associate of RL&F, insofar as I have been able to ascertain, has in the past represented the Debtors' largest creditors, any significant beneficiaries of the Debtors (holding 5% or more of the beneficial interests in the Debtors) or any Potential Party in Interest (as defined below), except as hereinafter set forth.

6.  In preparing this affidavit, we used a set of procedures established by RL&F to ensure compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules regarding retention of professionals by an official committee under the Bankruptcy Code. In that regard, RL&F requested and obtained a list of the names of entities who may be parties in interest in the Chapter 11 Cases, including, <u>inter alia</u>, the Debtors' secured creditors, the Debtors' largest unsecured creditors, present officers and directors and parties holding equity interests in the Debtors (the "Potential Parties in Interest").

7.  RL&F maintains and systematically updates its conflict check system in the regular course of its business, and it is the regular practice of RL&F to make and maintain these

3

records. The conflict system maintained by RL&F is designed to include (i) every matter on which it is now or has been engaged, (ii) the entity by which it is now or has been engaged, (iii) the identity of related parties, (iv) the identity of adverse parties and (v) the attorney at RL&F that is knowledgeable about the matter. It is the policy of RL&F that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter and the related and adverse parties. Accordingly, the database is updated for every new matter undertaken by RL&F. The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

8. RL&F has in the past represented, currently represents and/or may in the future represent, in matters wholly unrelated to the Debtors or the Chapter 11 Cases, certain Potential Parties in Interest (including, without limitation, those entities set forth on Exhibit 1 attached hereto who are current clients or are affiliates thereof, and those entities or affiliates thereof set forth on Exhibit 2 attached hereto who have been represented by RL&F within the last five (5) years). I do not believe that any single matter is a major engagement that would involve either the billing of fees in excess of one half of one percent (.5%) of RL&F's annual fees billed, or that, in the aggregate for any affiliated group of entities, exceeds one percent (1%) of RL&F's annual fees billed. In any event, RL&F will not represent any of the foregoing potential parties in interest in any facet of the Debtors' cases.

9. I note that RL&F is currently adverse to Committee member Flextronics Corporation in a corporate litigation matter unrelated to the Chapter 11 Cases. Additionally, RL&F has in the past issued two "perfection opinions" to the Debtors and their affiliates on

4

RLF1-3363830-4

February 13, 2003 and February 14, 2006, respectively, in connection with certain prepetition financial transactions. These opinions reflect RL&F's conclusion (subject to certain caveats enumerated in the opinions) that JP Morgan Chase Bank, in its capacity as collateral agent, has a perfected security interest under Article 9 of the Uniform Commercial Code as in effect in the State of Delaware in certain property of the Debtors.

10. Additionally, RL&F performed certain prepetition services for the Debtors and certain of their affiliates within the past 5 years all of which are closed. Specifically, in 2002 RL&F provided general litigation advice to Integrated Information Systems, Inc. In 2005, RL&F also assisted in the formation of Sonoma Hospitality LLC. RL&F submits that none of the representations described in paragraphs 9 and 10 hereof result in a conflict and that RL&F can effectively represent the Committee.

11. RL&F will represent no entity other than the Committee in connection with the Chapter 11 Cases. However, RL&F may represent a successor in interest to the Committee pursuant to a confirmed plan in the Chapter 11 Cases.

12. RL&F has not received a retainer.

13. I do not believe there is any connection or interest (as such terms are used in section 101(14) of the Bankruptcy Code and Bankruptcy Rule 2014(a)) between RL&F and (i) the United States Trustee or any person employed by the Office of the United States Trustee or (ii) any counsel, accountants, financial consultants and investment bankers who represent or may represent claimants or other parties in interest in this case. In addition, as part of its practice, RL&F appears in cases, proceedings and transactions involving many different attorneys, counsel, accountants, financial consultants and investment bankers, some of which now or may in the future represent claimants and parties in interest in this case. RL&F has not

and will not represent any such entities in relation to the Chapter 11 Cases nor have any relationship with any such entities that would be adverse to the Committee or its interests in the matters upon which RL&F is to be employed.

14. Except as set forth herein, and based upon the information available to me, neither I, RL&F nor any director or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Committee in the matters upon which RL&F is to be employed. Based upon the information available to me, I believe that RL&F is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

15. No promises have been received by RL&F, or by any director or associate thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. RL&F has no agreement with any other entity to share with such entity any compensation received by RL&F.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 24, 2009

_____
Mark D. Collins

SWORN TO AND SUBSCRIBED before
me this 24th day of February 2009.

_____
Notary Public

LINDA M. ANDERSON
Notary Public - State of Delaware
My Comm. Expires June 30, 2010

6

RLF1-3363830-4

# **Exhibit 1[1] – Current Clients[2]**

*Top 40 Unsecured Creditors*
- OCM/GFI Power Opportunities Fund II, L.P.
- Certain affiliates of Emerson

*Debtors' Vendors*
- Minerva Holdco, Inc.
- WIPRO Inc. and certain affiliates thereof
- Oracle Corporation
- Microsoft Corporation
- ITC Industries Inc. and certain affiliates thereof
- StMicroelectronics, Inc.
- Broadcom Corporation
- Certain affiliates of Micron
- Sun Microsystems, Inc.
- Scansoft Inc and certain affiliates thereof
- Qualcomm Inc. and certain affiliates thereof
- Freescale Semiconductor
- Cigna and certain affiliates thereof
- Texas Instruments, Inc.

*Debtors' Significant Customers*
- AT&T Inc. and certain affiliates thereof

*Debtors' Major Competitors*
- Hewlett Packard and certain affiliates thereof
- IBM and certain affiliates thereof

*Debtors' Litigants*
- Motorola and certain affiliates thereof
- Certain affiliates of Verizon New York, Inc.
- Harris Corporation

---

[1] Parties that are both current clients and former clients of RL&F are only listed on Exhibit 1—Current Clients.

[2] Due to the similarity of names of certain entities, RL&F was not able to determine if all entities listed herein are actually affiliates of current clients. However, out of an abundance of caution, RL&F has listed those entities which it reasonably believes may be affiliates of current clients.

*Debtors' Bondholders and Trustees*

- BNP Paribas and certain affiliates thereof
- Barclays PLC and certain affiliates thereof
- Bank of America Corporation and certain affiliates thereof
- The Bank of New York Mellon Corporation and certain affiliates thereof
- Citigroup Inc. and certain affiliates thereof
- Lehman Brothers Inc. and certain affiliates thereof
- Certain affiliates of Mellon Trust of New England, NA
- Merrill Lynch, Pierce, Fenner and Smith Inc. and certain affiliates thereof
- Goldman Sachs & Co., Inc. and certain affiliates thereof
- Deutsche Bank and certain affiliates thereof
- JPMorgan Chase & Co. and certain affiliates thereof
- Morgan Stanley & Co., Inc. and certain affiliates thereof
- Wachovia Bank, National Association and certain affiliates thereof
- Wells Fargo Bank, National Association and certain affiliates thereof
- Clearview Correspondent Services LLC
- Scott & Strongfellow Inc.
- Charles Schwab & Co., Inc. and certain affiliates thereof
- Citadel Derivative Group, LLC and certain affiliates thereof
- Certain affiliates of Dresdner Kleinwort Securities LLC
- Certain affiliates of Sanford C. Bernstein & Co., LLC
- Brown Brothers Harriman & Co. and certain affiliates thereof
- Ameriprise Financial, Inc.
- Huntington National Bank and certain affiliates thereof
- Keybank National Association and certain affiliates thereof
- Manufacturers & Trust Company and certain affiliates thereof
- PNC Bank National Association and certain affiliates thereof
- Royal Bank of Canada and certain affiliates thereof
- National City Bank and certain affiliates thereof
- Northern Trust Company and certain affiliates thereof
- Pershing, LLC and certain affiliates thereof
- Union Bank of Switzerland and certain affiliates thereof
- US Bank NA and certain affiliates thereof

RLF1-3363830-4

- Certain affiliates of The Fifth Third Bank
- Lazard Freres & Co. LLC and certain affiliates thereof
- Stifel Nicholaus & Company
- SunTrust Bank and certain affiliates thereof
- TD Waterhouse and certain affiliates thereof

## Exhibit 2 – Former Clients[1]

*Top 40 Unsecured Creditors*

- Flextronics Corporation and certain affiliates thereof
- Law Debenture Trust Company of New York
- GFI Energy Ventures, LLC

*Debtors' Affiliate*

- Nortel Networks Inc. and certain affiliates thereof
- Sonoma Hospitality LLC
- Integrated Information Systems, Inc.

*Debtors' Litigants*

- Federal Insurance Company (CHUBB)

*Debtors' Vendors*

- Johnson Controls, Inc.
- Oracle Healthcare Acquisition Corp.
- Altera Corporation
- Andrew Corporation
- Witness Systems Inc.
- Sanmina SCI Corporation and certain affiliates thereof
- Applied Micro Circuits Corporation

*Debtors' Bondholders and Trustees*

- Certain affiliates of Davidson (D.A.) & Co., Inc.
- Janney Montgomery Scott, LLC and certain affiliates thereof
- The Bank of Tokyo - Mitsubishi UFJ, Ltd.
- Certain affiliates of Morgan, Keegan & Company, Inc.
- First Clearing, LLC
- Raymond James Ltd. and certain affiliates thereof
- Certain affiliates of Oppenheimer & Co., Inc.
- Trustmark Corporation
- Union Bank of California

---

[1] Due to the similarity of names of certain entities, RL&F was not able to determine if all entities listed herein are actually affiliates of former clients. However, out of an abundance of caution, RL&F has listed those entities which it reasonably believes may be affiliates of former clients.