IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
                                                :

                                                :     Chapter 11

*In re*                                         :     Case No. 09-10138 (KG)

Nortel Networks Inc., *et al.,* [1]            : 

                                 :     Jointly Administered

                       Debtors.     :     **RE: D.I. 24, 195**

                                 :

-------------------------------------------------------X

**SECOND SUPPLEMENTAL DECLARATION OF JAMES L. BROMLEY IN
SUPPORT OF APPLICATION AUTHORIZING EMPLOYMENT AND
RETENTION OF CLEARY GOTTLIEB STEEN & HAMILTON LLP
AS COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSSION**

I, JAMES L. BROMLEY, do hereby declare as follows:

1.      I am a member of the firm of Cleary Gottlieb Steen & Hamilton LLP ("Cleary

Gottlieb" or the "Firm") which maintains an office for the practice of law, among other places, at

One Liberty Plaza, New York, New York 10006. I am an attorney at law admitted to practice

before the courts of the State of New York, the United States Court of Appeals – Second, Third

and Ninth Circuits, and the United States District Courts for the District of New Jersey and the

Eastern and Southern Districts of New York.

2.      I submit this declaration (the "Second Supplemental Declaration") to supplement

the Application For an Order Authorizing Employment and Retention of Cleary Gottlieb Steen &

Hamilton LLP Nunc Pro Tunc to the Petition Date (D.I. 24) (the "Application"), filed on January

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification
number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc.
(9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera
Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel
Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.)
Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and
Nortel Networks Cable Solutions Inc. (0567).  Addresses for the Debtors can be found in the Debtors' petitions,
which are available at http://chapter11.epiqsystems.com/nortel.

14, 2009, the declaration of James L. Bromley in support of and annexed as Exhibit A to the Application (the "Initial Declaration"), and the Supplemental Declaration of James L. Bromley in support of the Application (D.I. 195) (the "First Supplemental Declaration").

3.        As set forth in the Initial Declaration, in order to ensure compliance with the requirements of chapter 11 of the United States Code (the "Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") regarding the retention of professionals by the Debtors, Cleary Gottlieb undertook to determine whether Cleary Gottlieb had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors.  Specifically, I directed a list (the "Conflicts Check List"), attached to the Initial Declaration as Exhibit I, of (i) entities affiliated with or related to the Debtors, (ii) professionals retained by the Debtors in these chapter 11 proceedings, (iii) key creditors of the Debtors and their respective counsel, and (iv) certain other parties in interest in these chapter 11 cases and their respective counsel be submitted to the Firm's Records Department.  Cleary Gottlieb's Records Department ran a computerized check of each of these persons or entities against the Firm's client database (the "Client Database") to determine which persons or entities, if any, Cleary Gottlieb currently represents ("Current Clients") or has represented in the past three years ("Former Clients").  A list of Current Clients matching those entities on the Conflicts Check List is attached to the Initial Declaration as Exhibit II.  A list of Former Clients matching those entities on the Conflicts Check List is attached to the Initial Declaration as Exhibit III.

4.        As set forth in the Application, Cleary Gottlieb has updated and will continue to update periodically its conflicts review during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  In connection with the first

2

such periodic review I directed the Firm's Records Department to run a computerized check of

entities that have filed Notices of Appearance in these chapter 11 cases as of January 22, 2009

against the Firm's Client Database to determine which persons or entities, if any, are Current

Clients or Former Clients of Cleary Gottlieb, the results of which are detailed in the First

Supplemental Declaration

       5.     In connection with the second such periodic review I directed the Firm's Records

Department to run a computerized check of (i) entities that have filed Notices of Appearance in

these chapter 11 cases as of February 11, 2009, and were not included in the first periodic

review, and (ii) Shearman & Sterling LLP, counsel to the Debtors pursuant to section 327(e) of

the Bankruptcy Code, Crowell & Moring LLP and Jackson Lewis LLP, each proposed counsel to

the Debtors pursuant to section 327(e) of the Bankruptcy Code, against the Firm's Client

Database to determine which persons or entities, if any, are Current Clients or Former Clients of

Cleary Gottlieb.  I note that it has not been Cleary Gottlieb's practice to run a computerized

check of various ordinary course professionals that have been and may be retained pursuant to

the Order Authorizing the Debtors to Retain and Employ Professionals Used in the Ordinary

Course of Business Nunc Pro Tunc to the Petition Date (D.I. 236), entered by this Court on

February 5, 2009, in connection with its periodic conflicts review.

       6.     I am submitting this Second Supplemental Declaration in part to disclose that in

matters wholly unrelated to these chapter 11 proceedings, Cleary Gottlieb currently represents

SAP AG.  SAP America, Inc., an affiliate of SAP AG, has filed a Notice of Appearance in these

chapter 11 proceedings.

       7.     Cleary Gottlieb believes that its representation of SAP AG in matters wholly

unrelated to these chapter 11 proceedings is not adverse to the Firm's representation of the

Debtors in the above-captioned bankruptcy cases.  In the event that any adversary proceeding is required to be commenced as to SAP AG or SAP America, Inc. the Debtors will retain co-counsel or special counsel to handle such matters.

8.      As set forth in the Initial Declaration, in order to ensure compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules regarding the retention of professionals by the Debtors, Cleary Gottlieb conducted a general inquiry of its partners and counsel to determine whether individual partners or counsel own any debt or equity securities of the Debtors or their affiliates other than in connection with investments in mutual funds, blind trusts or other investments as to which such individual has no discretion as to the selection of the individual underlying assets.  Based on responses to that inquiry, and as disclosed in the Initial Declaration, I understand that no Cleary Gottlieb partners or counsel own any debt or equity securities of the Debtors or their affiliates, other than one partner who owns 6 shares of common stock and one partner who owns 641 shares of common stock, neither of whom have worked on this engagement.

9.      Following the filing of these chapter 11 cases, Cleary Gottlieb conducted a general inquiry of its remaining legal personnel and non-legal personnel with respect to their ownership of debt or equity securities of the Debtors or their affiliates other than in connection with investments in mutual funds, blind trusts or other investments as to which such individual has no discretion as to the selection of the individual underlying assets.  Based on responses to this inquiry, I understand that no Cleary Gottlieb legal personnel or non-legal personnel own any debt or equity securities of the Debtors or their affiliates, other than one associate who owns 2.749 shares of common stock, who has not worked on this engagement.

4

10.    The three Cleary Gottlieb attorneys holding common stock have not and will not work on this engagement.  Moreover, in an abundance of caution the Firm has established and continues to maintain an ethical screen between those holders of common stock and Firm personnel working on this engagement.  The ethical screen prohibits the partners and associate holding common stock from having any conversations, making available any documents, or having any other communications concerning these chapter 11 proceedings with Firm personnel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 25, 2009.

JAMES L. BROMLEY