## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NORTEL NETWORKS INC., <u>et al.</u>, | Case No. 09-10138 (KG) |
| Debtors. | (Jointly Administered) |
| | Related Docket Nos. 353, 354 and 355 |

**RESERVATION OF RIGHTS BY ORACLE USA, INC. REGARDING THE DEBTORS' MOTION FOR ORDERS (I) AUTHORIZING AND APPROVING (A) PURCHASE AGREEMENT, (B) BIDDING PROCEDURES, (C) BREAK-UP FEE AND EXPENSE REIMBURSEMENT, (D) NOTICE PROCEDURES, (E) ASSUMPTION AND ASSIGNMENT PROCEDURES, AND (F) DATE FOR THE SALE HEARING, AND (II) AUTHORIZING AND APPROVING (A) SALE OF THE PURCHASED ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES AND (B) ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS ("RESERVATION OF RIGHTS")**

Oracle USA, Inc., successor-in-interest to Oracle Corporation ("Oracle"), by and through its undersigned counsel, submits this Reservation of Rights in connection with Nortel Networks Inc.'s and its affiliates' ("Debtors") Motion For Orders (I) Authorizing and Approving (A) Purchase Agreement, (B) Bidding Procedures, (C) Break-Up Fee and Expense Reimbursement, (D) Notice Procedures, (E) Assumption and Assignment Procedures, and (F) Date for the Sale Hearing, and (II) Authorizing and Approving (A) Sale of the Purchased Assets Free and Clear of All Liens, Claims and Encumbrances and (B) Assumption and Assignment of Certain Contracts ("Sale Procedures Motion") and in support of its Reservation of Rights, Oracle respectfully submits as follows:

## OBJECTION AND RESERVATION OF RIGHTS

1.  Oracle is a contract counterparty of one or more of the Debtors. In connection with the Sale Procedures Motion, Debtors propose what appears to be a blanket early judicial determination that any anti-assignment provision in any contract designated an "Assumed Contract" be held unenforceable.

2.  This request is framed by Debtors as follows:

> "To facilitate the assumption and assignment of the Assumed Contracts, the Debtors further request that the Court find the

anti-assignment provision of the Assumed Contracts, if any, to be unenforceable…" (Sale Procedures Motion ¶30).

3. Oracle objects to this proposed finding, for it purports to modify Oracle's contracts with the Debtors in the absence of Oracle's consent, and before Oracle is even apprised of which contracts Debtors contemplate assigning.

4. Oracle agreements involve the licensing of non-exclusive, patented software and are non-assignable in the absence of Oracle's consent, precluding Debtors' proposed unilateral nullification of the contract language.

5. Oracle therefore objects to the Debtors' proposal as to any and all Oracle contracts with Debtors, and reserves all rights to object to any eventual assignment proposed by Debtor of Oracle's contracts.

6. The Purchase Agreement also provides for the purchaser and the Debtors to enter into certain ancillary agreements, including a Transition Services Agreement ("TSA") and an Intellectual Property Licensing Agreement. Both agreements have yet to be provided, so neither is available for review.

7. However, based on the brief description set forth in the Sale Procedures Motion it appears that Debtors propose simultaneously allowing the ultimate purchaser and the Debtors full use of any intellectual property licenses during the transitional period.

8. This may be meant to include Oracle's licensed software. Should that be the case, Oracle reserves all rights to object to the proposed transitional use as a violation of the Oracle contracts and/or agreements.

9. Through the Sale Procedures Motion, the Debtors outline various assignment procedures, which are designed to provide for additional notice to contract counterparties with contracts identified for assumption and assignment through the sale. Presumably these procedures will allow for a full hearing on any attempt to assume and assign any Oracle contracts via the sale.

10. However, given the inconsistencies presented by the anti-assignment provision requested via the Sale Procedures Motion, and the concerns raised by the TSA, as addressed

above, Oracle files this Reservation of Rights to ensure a future full and fair hearing on these issues.

11. Therefore, Oracle specifically reserves its rights to: (a) file a supplemental pleading setting forth its objection to the assumption and/or assignment of Oracle contracts and/or agreements, should any be identified; (b) object to any provisions in the Asset Purchase Agreement, including the TSA, upon notification of the intended assumptions; (c) object to the accuracy of any associated cure amount; (d) object to the accuracy of the description of the contracts; and (e) seek adequate assurance of future performance from the ultimate purchaser.

12. Furthermore, Oracle objects to the anti-assignment finding proposed by Debtors, and asserts that if assignment is contemplated under any Oracle contracts, these contracts may not be assumed or assigned without Oracle's consent.

13. Finally, it is critical that the Debtors clearly describe which Oracle contracts, if any, are proposed for assumption and/or assignment including the specific license, support contract or ordering document at issue.

Dated: February 26, 2009  
Wilmington, Delaware

Respectfully submitted,  
MARGOLIS EDELSTEIN

　　　　/s/James E. Huggett　　　　  
James E. Huggett (DE3956)  
750 Shipyard Drive, Suite 102  
Wilmington, DE 19801  
Telephone: (302) 888-1112  
Facsimile: (302) 888-1119  
E-mail jhuggett@margolisedelstein.com

DAY PITNEY LLP
Amish Doshi, Esq.
7 Times Square, 20th Floor
New York, New York 10036-7311

BUCHALTER NEMER, PC
Shawn M. Christianson, Esq.
333 Market Street, 25th Floor
San Francisco, California 94105-2126
Telephone:  (415) 227-0900
Facsimile:  (415) 227-0770

ORACLE USA, INC.
Deborah Miller, Esq.
Peggy Bruggman, Esq.
500 Oracle Parkway
Redwood City, California  94065
Telephone:  (650) 506-5200
Facsimile:  (650) 506-7114

Attorneys for Oracle USA, Inc.