**Exhibit A-2**

[New York #2012453 v3]

**Exhibit A-2**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
               Debtors. :
:
: **RE: D.I. _____**
:
---------------------------------------------------------X

**PROPOSED ORDER AUTHORIZING AND APPROVING (A) BIDDING
PROCEDURES, (B) BREAK-UP FEE AND EXPENSE
REIMBURSEMENT, (C) NOTICE PROCEDURES, (D) ASSUMPTION
AND ASSIGNMENT PROCEDURES (E) FILING OF CERTAIN
SCHEDULES UNDER SEAL AND
(F) SETTING TIME, DATE AND PLACE FOR SALE HEARING**

Upon the motion dated, February 20, 2009 (the "Sale Motion"), of Nortel Networks Inc. and its affiliated debtors, including Alteon WebSystems, Inc. and Alteon WebSystems International, Inc., as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of orders, as more fully described in the Sale Motion, approving (a) Purchase Agreement, (b) Bidding Procedures, (c) Break-Up Fee and Expense Reimbursement, including granting administrative expense status to the Break-Up Fee and Expense Reimbursement, (d) Notice Procedures, (e) Assumption and Assignment Procedures, (f) authorizing Debtors to file certain schedules under seal, and (g) setting the time, date, and place

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[New York #2012453 v3]

of the Sale Hearing, and adequate notice of the Sale Motion having been given as set forth therein; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Sale Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Sale Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Sale Motion establish just cause for the relief requested therein, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. Those portions of the Sale Motion seeking approval of the Bidding Procedures, the Break-Up Fee and Expense Reimbursement, the Notice Procedures, the Assumption and Assignment Procedures, setting the time, date and place of the Sale Hearing, and authorizing Debtors to file certain schedules under seal (collectively, the "<u>Sales Procedures</u>") are GRANTED.

2. Except as expressly provided herein, nothing herein shall be construed as a determination of the rights of any party in interest in these Chapter 11 cases.

3. All capitalized terms not otherwise defined in this Order have the meanings ascribed to such terms in the Sale Motion or the Purchase Agreement, as the case may be.

<u>**The Bidding Procedures**</u>

4. The Bidding Procedures, attached ~~as an exhibit to the Purchase Agreement~~**hereto as Exhibit A**, are hereby authorized, approved and made part of this Order as if fully set forth herein. Subject to the approval of the Bidding Procedures by the Ontario Superior Court of Justice in the Canadian Proceedings regarding the Canadian Debtors, the Debtors are authorized

to conduct a sale by auction (the "Auction") of ~~certain of the Debtors' assets~~ **(the Acquired Assets (the "Acquired Assets," together with the Assumed and Assigned Contracts,** the "Assets") pursuant to the Bidding Procedures and the terms of this Order.

### The Assumption and Assignment Procedures

5.  The Assumption and Assignment Procedures, as set forth in the Sale Motion, are hereby authorized, approved and made part of this Order as if fully set forth herein.

6.  The Court recognizes that the list of counterparties to Debtors' contracts constitutes confidential commercial information, and therefore authorizes that any such list should be filed under seal.

7.  Recognizing that the Assumed **and Assigned** Contracts are similar in their terms, and therefore appropriately treated together in one motion, the Court hereby authorizes the Debtors to file an omnibus motion pursuant to Bankruptcy Rule 6006(f)(6).

### ~~The~~ Break-Up Fee and Expense Reimbursement

8.  ~~If (i) the Successful Bidder is a purchaser other than Radware Ltd. ("Radware"), (ii) Sellers exercise their right to terminate the Purchase Agreement in the event that Cure Costs exceed a specified amount and the Purchaser elects not to pay the excess Cure Costs, or (iii) Purchaser terminates the Purchase Agreement due to a material breach by the Sellers,, the Debtors~~**To the extent due under section 10.2 of the Purchase Agreement, the Sellers** shall pay to the Purchaser ~~from the proceeds of such sale~~ in cash or other immediately available funds the amount of $650,000 as the "Break-Up Fee" and up to an additional $400,000 of reasonable and documented out of pocket due diligence fees/expenses (including attorneys' fees and expenses) incurred by Purchaser as the "Expense Reimbursement."

3

**9.    The Break-Up Fee and/or the Expense Reimbursement, if payable, will be the sole and exclusive remedy of the Purchaser, in the event that closing under the Purchase Agreement has not occurred or does not occur for any reason whatsoever, without regard to whether the Purchaser elects to terminate the Purchase Agreement pursuant to section 10.2 thereof; provided that if the closing occurs, the Break-Up Fee and/or the Expense Reimbursement will not be payable and will not be the sole and exclusive remedy of the Purchaser.**

**10.    In no event shall any party to the Purchase Agreement be responsible or liable for any losses or liabilities thereunder that are consequential, in the nature of lost profits, diminution in the value of property, special or punitive, or otherwise not actual damages.**

**11.**    9. The Court finds that the Break-Up Fee and Expense Reimbursement are fair and reasonable, were negotiated by the parties in good faith and at arms length, and are: (a) actual and necessary costs and expenses of preserving the Debtors' estates, within the meaning of 11 U.S.C. § 503(b), 11 U.S.C. § 507(a)(2) and 11 U.S.C. § 507(b); (b) commensurate to the real and substantial benefit that the Purchaser has conferred upon the Debtors' estates; (c) reasonable and appropriate, in light of the size and nature of the proposed sale and comparable transactions, the commitments that have been made, and the efforts that the Purchaser has and will continue to expend; (d) necessary to induce the Purchaser to continue to pursue the sale and to continue to be bound by the Purchase Agreement; and (e) necessary costs of sale and a sound and appropriate exercise of the Debtors' business judgment. The Breakup Fee and Expense Reimbursement have induced the Purchaser to submit a bid that will serve as a minimum bid upon which the Debtors, their creditors, and other bidders can rely. The Purchaser has provided

a material benefit to the Debtors and their creditors by increasing the likelihood that the best possible purchase price for the ~~Purchased~~**Acquired** Assets and Assumed **and Assigned** Contracts will be received. Accordingly, the attached Bidding Procedures and the Break-Up Fee and Expense Reimbursement are reasonable and appropriate and represent the best method for maximizing value for the benefit of the Debtors' estates.

### The Sale Hearing

**12.** ~~10.~~ Recognizing the need for an expedited sale of the Assets, the Court hereby schedules a Sale Hearing to be held at **March 25, 2009 at 10:30 a.m. (Eastern Time)** before the Honorable Kevin Gross, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801, to consider the issuance and entry of an order, inter alia, approving the sale of certain of the Debtors' assets of the Debtors free and clear of all Liens and Claims except as set forth in the Purchase Agreement. In accordance with the terms of the Purchase Agreement, the Debtors may adjourn the Sale Hearing one or more times without further notice by making an announcement in open Court or by the filing of a hearing agenda announcing the adjournment.

**13.** ~~11.~~ The Debtors are authorized and empowered to take such steps, expend such sums of money, and do such other things as may be necessary to implement and effect the terms and requirements established by this Order.

**14.** ~~12.~~ The Debtors are hereby authorized to conduct the Sale without the necessity of complying with any state or local bulk transfer laws or requirements.

### The Notice Procedures

**15.** ~~13.~~ The notices, in substantially the same form as annexed to the Sale Motion as Exhibits E and F **as amended**, are sufficient to provide effective notice to all interested parties of

the Bidding Procedures, the Auction, the Sale and the Assignment and Assumption Procedures, pursuant to Bankruptcy Rules 2002(a)(2), 6004 and 6006, and are hereby approved.

**16.** ~~14.~~ Immediately after entry of this Order, **but in any event no more than three (3) business days after entry of this Order,** the Debtors will send notice of the Bidding Procedures, the time and place of the Auction, the time and place of the Sale Hearing, and the objection deadline for the Sale Hearing by sending a notice, substantially in the form attached to the Sale Motion as Exhibit E, to (i) all taxing authorities or recording offices which have a reasonably known interest in the relief requested, (ii) the U.S. Trustee, (iii) counsel to the Monitor, (iv) counsel to the Official Committee, (v) counsel to the Bondholder Group, (vi) all federal, state, and local regulatory authorities with jurisdiction over the Debtors, (vii) all non-debtor parties to relevant contracts or leases, (viii) each of the entities that had received an invitation from the ~~Sellers~~**Debtors** to acquire or had previously expressed an interest in acquiring the Assets**, or that the Debtors reasonably believe, following consultation with the Official Committee, would have an interest in acquiring the Assets**; and (ix) the general service list established in these chapter 11 cases pursuant to Bankruptcy Rule 2002.

**17.** ~~15.~~ The notice shall specify that objections to the relief requested by the Sale Motion, including objections relating to the assumption or assignment of the Assumed **and Assigned** Contracts and the proposed Cure ~~Amounts~~**Costs**, shall be set forth in writing and specify with particularity the grounds for such objections or other statements of position, and shall be filed and served by the objection deadline set forth in the Sale Procedures Order, on (i) counsel to the Debtors, (ii) counsel to the Purchaser, (iii) the U.S. Trustee, (iv) counsel to the Monitor, (v) counsel to the Official Committee, and (vi) counsel to the Bondholder Group. The failure to file and serve objections by the deadline set forth in the Sale Procedures Order and in

6

[New York #2012453 v3]

accordance with the foregoing procedure shall be deemed a waiver of such objections and the objecting party shall be forever barred from asserting such objections with respect to the consummation and closing of the sale **pursuant to the Purchase Agreement**, including without limitation, any objections to the proposed assumption and assignment of the Assumed **and Assigned** Contracts. Any objections filed and served in accordance with the foregoing procedure shall be heard by the Court at the Sale Hearing.

  **18.** ~~16.~~ The Assumption and Assignment Notice, in substantially the same form as annexed to the Sale Motion as Exhibit F, **as amended,** is sufficient to provide effective notice pursuant to Bankruptcy Rules 2002(a)(2), 6004(a) and 6006(c) to all Counterparties of the Debtors' intent to assume and assign some or all of the Assumed **and Assigned** Contracts, and is hereby approved. **Each Assumption and Assignment Notice shall set forth the following information: (i) the name and address of the Counterparty, (ii) identification of the Assumed and Assigned Contract, (iii) the Cure Cost, and (iv) a description of Purchaser and a statement as to Purchaser's ability to perform Debtors' obligations under the Assumed and Assigned Contracts. All Assumption and Assignment Notices will be accompanied by a copy of this Order.**

  **19.** ~~17. On or before the Mailing Date~~**Immediately after entry of this Order, but in any event no more than three (3) business days after entry of this Order**, the Debtors shall serve the Assumption and Assignment Notice by first class mail upon each Counterparty individually. Additionally, the Debtors will **file under seal with this Court and** forward a full, alphabetized list of Counterparties, along with an affidavit confirming that Assignment Notices have been sent to (i) counsel to the Purchaser, (ii) the U.S. Trustee, (iii) counsel to the Monitor, (iv) counsel to the Bondholder Group, and (v) counsel to the Official Committee.

## Objection Procedures

A.  **Objections to Assumption and Assignment**

20. Any Counterparty that wishes to obtain adequate assurance information regarding other bidders that will or may participate at the Auction (other than the Purchaser) must notify the counsel to the Debtors at the address listed below (the "Request for Adequate Assurance") on or before noon on March 18, 2009 (Eastern Time). The Request for Adequate Assurance must include an email address and/or fax number to which a response to such request will be sent.

21. If a Counterparty timely submits a Request for Adequate Assurance, the Debtors shall supply such Counterparty with any non-confidential information reasonably related to adequate assurance with respect to such other bidders by email or fax delivery on March 20, 2009. If a bidder other than the Purchaser is the Successful Bidder at the end of the Auction, Debtors shall immediately notify all Counterparties that filed a Request for Adequate Assurance of the name of the Successful Bidder.

22. If Radware is not the Successful Bidder at the Auction and if a Counterparty does not timely submit a Request for Adequate Assurance and does not timely object to adequate assurance of future performance by bidders other than Radware on or before March 18, 2009, the Court may enter an order forever barring such Counterparty from objecting to adequate assurance of future performance. Any party that has submitted a Request for Adequate Assurance shall have until March 24, 2009 at 4 p.m. (Eastern Time) to file objections to adequate assurance of future performance by bidders other than Radware.

[New York #2012453 v3]

23. <u>Except as may otherwise be agreed to by the parties to an Assigned Contract, at or prior to the closing under the Purchase Agreement, the Debtors (directly or through the Purchaser), shall cure those defaults under the Assigned Contracts that need to be cured in accordance with section 365(b) of the Bankruptcy Code, by (a) payment of the undisputed Cure Costs, and/or (b) reserving amounts with respect to the disputed Cure Costs.</u>

24. <u>Any Counterparty will be deemed to have received adequate assurance of future performance as required by section 365 of the Bankruptcy Code if the Debtors, after payment of any Cure Costs, would no longer have any payment or delivery obligations under the Assumed and Assigned Contract.</u>

25. <s>18. All objections to the assumption and assignment of any Assigned Contract, including without limitation any objection to the Debtors' proposed Cure Amount or the provision of</s><u>To the extent that any Counterparty wishes to object on the grounds of (i) the proposed Cure Cost; (ii) the need to cure a default or early termination event, including, without limitation, any default or early termination event with respect to the Debtors and each of their respective affiliates, successors and assigns (a "Default") other than a Default relating to the commencement of a case under the Bankruptcy Code by any of the Debtors, or the insolvency or financial condition of any of the Debtors, which Defaults need not be cured prior to assignment; or (iii) the</u> adequate assurance of future performance <s>under any Lease or</s><u>by Purchaser under any Assumed and Assigned</u> Contract pursuant to section 365 of the Bankruptcy Code<u>, then such Counterparty</u> must serve a written notice of objection, so that such objection is actually received no later than **noon on March 18,** <s>2009,</s><u>**2009 (Eastern Time).**</u> <u>Supplemental objections with respect to issues arising from and in connection with the</u>

**Auction, as well as objections pursuant to paragraph 22 of this order, shall be filed by no later than 4:00 p.m. (Eastern Time) on March 24, 2009. All objections must be served** on (a) counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, 1 Liberty Plaza, New York, NY 10006, Fax: (212) 225-3999 (Attention: James L. Bromley and Lisa M. Schweitzer) and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, DE 19801, Fax: (302) 658-3989 (Attention: Derek C. Abbott); (b) counsel to the Purchaser, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Fax: (212) 715-8000 (Attention: Ernest S. Wechsler); (c) counsel to the Official Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Fax: (212) 872-1002 (Attention: Fred S. Hodara**, Stephen Kuhn, and Kenneth Davis**), and (d) counsel to the Bondholder Group, Milbank, Tweed, Hadley & McCloy LLP, One Chase Manhattan Plaza, New York, NY 10005, Fax:(212) 822-5735 (Attention: Roland Hlawaty). Any such notice must specify the grounds for such objection, including stating the Counterparty's alleged Cure ~~Amount~~**Cost** (including, on a transaction by transaction basis, calculations and detail of specific charges and dates, and any other amounts receivable or payable supporting such alleged Cure ~~Amount~~**Cost**) if the Counterparty disagrees with the Debtors' proposed Cure ~~Amount~~**Cost** and any other defaults or termination events the Counterparty alleges must be cured to effect assignment of the Assumed Contract.

**26.    To the extent that any Counterparty does not timely serve an objection as set forth above, such Counterparty will be deemed (i) to have consented to such Cure Costs, if any, and to the assumption and assignment of the Assumed Contract; (ii) to have agreed that the Purchaser has provided adequate assurance of future performance within the meaning of Bankruptcy Code section 365(b)(1)(C); (iii) to have agreed that all defaults**

under the Assumed and Assigned Contracts arising or continuing prior to the assignment have been cured as a result or precondition of the assignment, such that the Purchaser or the Debtors shall have no liability or obligation with respect to any Default occurring or continuing prior to the assignment, and from and after the date of the assignment the Assumed Contract shall remain in full force and effect for the benefit of the Purchaser and the Counterparty in accordance with its terms; (iv) to have waived any right to terminate the Assumed Contract or designate an early termination date under the applicable Assumed Contract as a result of any Default that occurred and/or was continuing prior to the assignment date; and (v) to have agreed that the terms of the order entered by this Court authorizing and approving sale of the Assets and the assumption and assignment of the Assumed and Assigned Contracts (the "Sale Order") shall apply to the assignment.

27. Regardless of whether any objection with respect to adequate assurance has been received from a Counterparty, prior to the entry of the Sale Order, the Purchaser or any bidder other than the Purchaser that is the Successful Bidder at the Auction shall provide such adequate assurance of its future performance under the Assumed and Assigned Contracts for the benefit of the parties thereto (other than the Debtors) as reasonably necessary to satisfy section 365(f)(2)(B) of the Bankruptcy Code. Except as set forth in the Purchase Agreement, Purchaser has not agreed to pay, shall not be required to assume, and shall have no liability or obligation with respect to, any liability or obligation, direct or indirect, absolute or contingent, of Debtors, including any liabilities or obligations associated with the Assumed and Assigned Contracts arising on or before closing under the Purchase Agreement.

11

**28.** ~~19.~~ Upon receipt of an objection from a Counterparty **other than a supplemental objection pursuant to paragraph 22 of this order**, Debtors shall immediately initiate a meeting or teleconference with the objecting Counterparty. If the Debtors and the Counterparty are unable to consensually resolve any timely served objection, then (i) either party may seek the intervention of the Court to settle the dispute by filing a formal objection no later than ~~5~~**4:00 p.m. (Eastern Time**~~,~~**) on March 20, 2009**, (ii) if the dispute relates solely to the amount of the Cure ~~Amount~~**Cost**, at the time of the assignment, Debtors may pay to the Counterparty any undisputed portion of the proposed Cure ~~Amount~~**Cost** and place any disputed portion into a segregated interest-bearing account such that, upon any resolution by the Court of the Cure ~~Amount~~**Cost** dispute, or agreement between the Debtors and the Counterparty, the Counterparty will be entitled to payment from the segregated account of any disputed portion and interest earned thereon to which the Court finds, or the Debtors and Counterparty agree, it is entitled, and/or (iii) Debtor may elect not to assume the relevant Assumed **and Assigned** Contract and instead reject it, subject to the limitations set forth in the Purchase Agreement.

**B.     Objections to Sale**

**29.**     ~~20.~~ All objections to the ~~sale of~~**relief requested in** the ~~Assets~~**Motion** must be: (a) in writing; (b) signed by counsel or attested to by the objecting party; (c) filed with the Clerk of the Bankruptcy Court, 824 Market Street, Wilmington, Delaware 19801 ~~on or before March 20, 2009 at 4:00 p.m. (Eastern)~~**by the relevant objection deadline as described in this order** (the "Objection Deadline"); and (d) served so as to be received on or before the Objection Deadline by the following (collectively, the "Objection Notice Parties") at the addresses noted ~~in paragraph 18 hereof~~**above**: (a) counsel to the Debtors; (b) counsel to the Purchaser; (c) the U.S. Trustee; (d) counsel to the Official Committee; and (e) counsel to the Bondholder Group.

<u>30.</u>     21. The foregoing requirements are collectively referred to herein as the "General Objection Procedures." Only those objections made in compliance with the General Objection Procedures will be considered by the Court at the Sale Hearing. The failure of any objecting person or entity to file its objections by the Objection Deadline and in accordance with the General Objection Procedures will be a bar to the assertion, at the Sale Hearing or thereafter, of any objection (including the sale of ~~Purchased~~ Assets and assumption and assignment of Assumed <u>and Assigned</u> Contracts free and clear of Liens and Claims).

### Other Relief Granted

<u>31.</u>     ~~22.~~ Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

<u>32.</u>     23. All objections to the Sale Motion or the relief requested therein (and all reservations of rights included therein), as it pertains to the entry of this Order, are overruled to the extent they have not been withdrawn, waived or otherwise resolved.

<u>33.</u>     ~~24. The requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure are satisfied by the contents of the Sale Motion or otherwise deemed waived.~~

~~25.~~     The provisions of Bankruptcy Rules 6004(g) and 6006(d) staying the effectiveness of this Order for ten (10) days are hereby waived, and this Order shall be effective immediately upon entry of this Order.

<u>34.</u>     26. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

[New York #2012453 v3]

Dated: _____, 2009
      Wilmington, Delaware

                                                                                                               _____
                                                                                                               THE HONORABLE KEVIN GROSS
                                                                                                               UNITED STATES BANKRUPTCY JUDGE

[New York #2012453 v3]