**Exhibit D-1**

[New York #2012686 v6]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
          Debtors. :
: Jointly Administered
:
:
:
:
------------------------------------------------------------X

### NOTICE OF (I) DEBTORS' REQUEST FOR AUTHORITY TO ASSUME, ASSIGN AND SELL CERTAIN CONTRACTS, AND (II) DEBTORS' PROPOSED CURE AMOUNTS

**PLEASE TAKE NOTICE THAT:**

In connection with the Debtors' Motion for Orders (i) Authorizing and Approving (a) Purchase Agreement, (b) Bidding Procedures, (c) Break-Up Fee and Expense Reimbursement, (d) Notice Procedures, (e) Assumption and Assignment Procedures, (f) Filing of Certain Schedules Under Seal, and (g) Date for the Sale Hearing and (ii) Authorizing and Approving (a) Sale of Certain Non-Core Assets Free and Clear of All Liens, Claims and Encumbrances, for a Purchase Price of $17.65 Million, and (b) Assumption and Assignment of the Certain Contracts (the "Sale Motion"), Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby provide notice of their intent to assume, assign and sell, pursuant to sections 363 and 365 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), certain of the Debtors' assets (the "Purchased Assets") and certain contracts to which Debtors are a party, including at least one or more such contracts to which Debtor believes you or your predecessor in interest are a party, which contracts are identified in Schedule A hereto (singularly or collectively, the "Contracts"). Nothing contained in this notice is to be construed as an admission by the Debtors as to the character of any document denominated as an agreement, as an executory contract, or to the rights of the non-debtor parties thereto. The sale of the Purchased Assets and Contracts will take place pursuant to an Order of the Bankruptcy Court (D.I.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[New York #2012686 v6]

[●]) (the "Sale Procedures Order"), entered on [February 27], 2009. Capitalized terms not otherwise defined in this notice shall have the meaning ascribed to such terms in the Sale Motion.

The Auction and Sale Procedures. As described in the Sale Motion, over the next several weeks, Debtors will be conducting an auction and sale of certain of the Purchased Assets and assignment of the Contracts. The Debtors have been in discussions with seventeen possible buyers, and have selected Radware, Ltd. ("Radware") to be the initial, "stalking horse bidder" in the auction. This means that although the bidding process will be open to other bidders, in compliance with the Federal Rules of Bankruptcy Procedure and the Bankruptcy Code, Nortel has entered into a binding asset purchase agreement with Radware, who has agreed to purchase the business on the terms set forth in that agreement, unless a higher and better offer is received, accepted by the Debtors and approved by the Bankruptcy Court. The goal of this process is to transfer all of Debtors' rights and prospective obligations under the Contracts to a suitable purchaser pursuant to an asset purchase agreement approved by the Bankruptcy Court (the "Purchase Agreement").

About Radware. As a global integrated provider of security and business-critical applications for more than 6,000 enterprise and carriers worldwide, the Debtors consider Radware able to fulfill the requirement under the Bankruptcy Code that the purchaser of contracts yet to be performed must provide adequate assurance that it will be able to satisfactorily perform those obligations ("Adequate Assurance"). Radware currently provides high availability, maximum performance, and complete security of business-critical applications for more than 6,000 enterprise and carrier customers worldwide. With APSolute™, Radware's suite of application delivery and network security products, companies can drive business productivity, improve profitability, and reduce IT operating and infrastructure costs by making their networks "business smart." Radware was organized in May 1996 as a corporation under the laws of the state of Israel and commenced operations in April 1997. Radware went public in 1999 and is traded on the NASDAQ. The company has a worldwide presence with 550 employees. Radware's primary offices are in Tel Aviv and New Jersey. The Debtors believe that these attributes make Radware qualified to perform all outstanding obligations under the Contracts and provide Adequate Assurance. Additional information regarding Radware, including filings with the Securities and Exchange Commission, is available at http://www.radware.com/.

Requests for Adequate Assurance. Any nondebtor party that wishes to obtain Adequate Assurance information regarding other bidders that will or may participate at the Auction (other than Radware) must notify counsel to the Debtors at the address listed below (a "Request for Adequate Assurance") so that such notification is actually received on or before **March 18, 2009 at noon (Eastern Time)**. The Request for Adequate Assurance must include an email and/or fax number and a contact person to whom a response to such information request will be sent. If a nondebtor party timely submits a Request for Adequate Assurance, the Debtors shall provide such nondebtor party with any non-confidential information reasonably related to Adequate Assurance received by the Debtors from such other bidder(s) by email or fax delivery on **March 20, 2009**. If a bidder other than Radware is the Successful Bidder at the end of the Auction, Debtors shall notify all nondebtor parties that filed a Request for Adequate Assurance of the name of the Successful Bidder as soon thereafter as practicable, and those nondebtor parties shall be permitted to file objections to the Adequate Assurance of future performance by such Successful Bidder. Such supplemental objections must be filed by **March 24, 2009 at 4:00 p.m. (Eastern Time)**.

Regardless of whether any objection with respect to Adequate Assurance has been received from a nondebtor party, prior to the entry of the Sale Order, Radware or any bidder other than Radware that is the Successful Bidder at the Auction shall provide such Adequate Assurance of its future performance under the Contracts for the benefit of the parties thereto (other than the Debtors) as reasonably necessary to satisfy section 365(f)(2)(B) of the Bankruptcy Code.

Conditions to Effectiveness of Assumption and Assignment. By the Sale Motion, the Debtors are seeking authority to assume and assign the Contracts. The assumption and assignment of the Contracts shall be effective upon the closing (the "Closing Date") of the sale to the Successful Bidder for the Debtors' assets (the "Purchaser"), including the Contracts, as determined through a competitive bid and auction process, pursuant to the terms of the Purchase Agreement, but only if the Contracts are ultimately identified as of the Closing Date in the Purchase Agreement as a contract to be assumed and assigned to the Purchaser. Except as set forth in the Purchase Agreement, Purchaser has not agreed to pay, shall not be required to assume, and shall have no liability or obligation with respect to, any liability or obligation, direct or indirect, absolute or contingent, of Debtors, including any liabilities or obligations associated with the Contracts arising on or before closing.

Cure. In connection with the assignment of a contract pursuant to the Bankruptcy Code, any outstanding monetary obligations owed by Debtors must be cured. The amount the Debtors believe is required to cure any default under the Contracts ("Cure Amount") is **$0.00**. Notwithstanding anything to the contrary herein, any nondebtor party will be deemed to have received Adequate Assurance of future performance as required by section 365 of the Bankruptcy Code if the Debtors, after payment of any Cure Amounts, would no longer have any payment or delivery obligations under an Assumed Contract. Objections to Cure Amount must be filed by **March 18, 2009 at 4:00 p.m. (Eastern Time)**.

Objections. Pursuant to the Sale Procedures Order, objections, if any, to the assumption and assignment of the Contracts, including without limitation any objection to the Debtors' proposed Cure Amount or the provision of Adequate Assurance of future performance under the Contracts pursuant to section 365(b)(1)(C) of the Bankruptcy Code, must be: (a) in writing; (b) signed by counsel or attested to by the objecting party; (c) served on the attorneys for the Debtors: Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Fax: (212) 225-3999 (Attention: James L. Bromley and Lisa M. Schweitzer), and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, DE 19801, Fax: (302) 658-3989 (Attention: Derek C. Abbott); so that such objection is actually received no later than the applicable deadline as described herein (the "Objection Deadline"); and (d) served so as to be received on or before the Objection Deadline by the following (collectively, the "Objection Notice Parties"): (i) counsel to the Purchaser: Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Fax: (212) 715-8000 (Attention: Ernest S. Wechsler), (ii) the U.S. Trustee (iii) counsel to the Monitor: Allen & Overy LLP, 1221 Avenue of the Americas, New York, NY 10020, Fax: 212 610 6399 (Attention: Ken Coleman, Esq.), and (iv) counsel to the Official Creditors' Committee (the "Official Committee"): Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Fax: (212) 872-1002 (Attention: Fred S. Hodara, Stephen Kuhn and Kenneth Davis). The foregoing requirements are collectively referred to herein as the "Assigned Contract Objection Procedures." Any such notice must specify the grounds for such objection,

including stating the nondebtor party's alleged Cure Amount (including, on a transaction by transaction basis, calculations and detail of specific charges and dates, and any other amounts receivable or payable supporting such alleged Cure Amount) if the nondebtor party disagrees with the Debtors' proposed Cure Amount and any other defaults or termination events the nondebtor party alleges must be cured to effect assignment of the Contract. Pursuant to the Sale Procedures Order, only those objections made in compliance with the Assigned Contract Objection Procedures will be considered by the Court at the Sale Hearing.

Upon receipt of an objection from a nondebtor party to the Debtors' proposed Cure Amount or the provision of Adequate Assurance of future performance by Purchaser under the Contracts, Debtors shall initiate immediately a meeting or teleconference with the objecting nondebtor party. If the Debtors and the nondebtor party are unable to consensually resolve any timely served objection before **4 p.m. on March 20, 2009 (Eastern Time)**, then (i) either party may seek the intervention of the Court to settle the dispute by filing a formal objection no later than **4 p.m. on March 20, 2009 (Eastern Time)**, (ii) if the dispute relates solely to the amount of the Cure Amount, at the time of the assignment, Debtors may pay to the nondebtor party any undisputed portion of the proposed Cure Amount and place any disputed portion into a segregated interest-bearing account such that, upon any resolution by the Court of the Cure Amount dispute, or agreement between the Debtors and the nondebtor party, the nondebtor party will be entitled to payment from the segregated account of any disputed portion and interest earned thereon to which the Court finds, or the Debtors and nondebtor party agree, it is entitled, and/or (iii) Debtor may elect not to assume the relevant Assumed Contract and instead reject it, subject to the limitations set forth in the Purchase Agreement.

If no objection is timely and properly filed and served in accordance with the Assigned Contract Objection Procedures, (i) (a) the Cure Amount set forth in this Notice shall be controlling notwithstanding anything to the contrary in any contract or other document and the nondebtor party to the Contract shall be forever barred from asserting any other claim arising prior to the assignment against the Debtors or the Purchaser as to such Contract, and (b) the Purchaser's promise to perform under the Contract shall be deemed Adequate Assurance under the Contract, and (ii) the nondebtor party will be deemed (a) to have agreed that all defaults under the Contracts arising or continuing prior to the assignment have been cured as a result or precondition of the assignment, such that the Purchaser or the Debtors shall have no liability or obligation with respect to any default occurring or continuing prior to the assignment, and from and after the date of the assignment the Assumed Contract shall remain in full force and effect for the benefit of the Purchaser and the nondebtor party in accordance with its terms, (b) to have waived any right to terminate the Assumed Contract or designate an early termination date under the applicable Assumed Contract as a result of any default that occurred and/or was continuing prior to the assignment date, and (c) to have agreed that the terms of the order entered by this Court authorizing and approving sale of the Assets and the assumption and assignment of the Contracts (the "Sale Order") shall apply to the assignment.

Sale Hearing. A hearing (the "Sale Hearing") will be held before The Honorable Kevin Gross, United States Bankruptcy Judge, on **March 25, 2009 at 10:30 a.m. (Eastern Time)** in the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801, to consider the relief requested in the Motion, including, without limitation, the assumption and assignment of the Contracts. The Debtors may adjourn the Sale Hearing one or

more times without further notice by making an announcement in open Court or by the filing of a hearing agenda pursuant to Bankr. D. Del. L.R. 9029-3 announcing the adjournment.

<u>Modifications</u>. The Debtors reserve the right, in their sole and absolute discretion at any time prior to the Sale Hearing, to amend their decision with respect to the assumption and assignment of the Contract and provide you with a new notice amending the information provided in this notice.

<u>Documents</u>. Copies of the Motion, the Purchase Agreement, and the Sale Procedures Order (including the Bidding Procedures approved by the Bankruptcy Court) may be examined by interested parties between the hours of 8:00 a.m. and 3:00 p.m. (Eastern Time) at the office of the Clerk of the Court, 824 Market Street, Wilmington, Delaware 19801, or by appointment during regular business hours at the offices of the Debtor's attorneys: Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attention: James L. Bromley and Lisa M. Schweitzer. Additionally, copies of the foregoing may be downloaded from the Court's docket at www.deb.uscourts.gov.

Dated: February ___, 2009  
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)  
Lisa M. Schweitzer (No. 1033)  
One Liberty Plaza  
New York, New York 10006  
Telephone: (212) 225-2000  
Facsimile: (212) 225-3999

- and -

MORRIS NICHOLS, ARSHT & TUNNELL LLP

_____  
Derek C. Abbott (No. 3376)  
Eric D. Schwartz (No. 3134)  
Thomas F. Driscoll III (No. 4703)  
Ann C. Cordo (No. 4817)  
1201 North Market Street  
P.O. Box 1347

Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*