**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Nortel Networks Inc., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>Jointly Administered<br><br>RE: D.I. _____ |

**ORDER UNDER 11 U.S.C. §§ 327 AND 328 AUTHORIZING RETENTION AND EMPLOYMENT OF HURON CONSULTING GROUP *NUNC PRO TUNC* TO FEBRUARY 2, 2009 AS ACCOUNTING AND RESTRUCTURING CONSULTANT TO THE DEBTORS AND DEBTORS IN POSESSION**

Upon the application, dated February 27, 2009 (the "Application"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Application, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), (i) authorizing the Debtors to retain and employ Huron Consulting Services (that practices as Huron Consulting Group) ("Huron") as accounting and restructuring consultant to the Debtors, *nunc pro tunc* to February 2, 2009 (ii)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

approving the terms and conditions under which Huron will be retained and compensated at the expense of the Debtors' estates, including certain limited indemnification rights, and (iii) granting related relief; and upon the Declaration of James M. Lukenda in support of the Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Huron Consulting Group *nunc pro tunc* to February 2, 2009 as Accounting and Restructuring Consultant to the Debtors, attached as <u>Exhibit A</u> to the Application (the "<u>Lukenda Declaration</u>"); and adequate notice of the Application having been given as set forth in the Application; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief requested in the Application, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Bankruptcy Rule 2014-1, the Debtors are authorized to retain and employ Huron as accounting and restructuring consultant to the Debtors, *nunc pro tunc* to February 2, 2009, under the terms and conditions set forth in that certain letter dated as of January 29, 2009 (as revised February 11, 2009) (the "<u>Engagement Agreement</u>").

3. The fee structure set forth in the Engagement Agreement, including the indemnification and other provisions provided set forth in the General Business Terms attached thereto, is approved pursuant to section 328(a) of the Bankruptcy Code, subject to the following modifications:

    a. Paragraph 2 of the General Business Terms of the Engagement Agreement is modified as follows: the heading "Independent Contractor" is hereby replaced with the heading "No Agency" and the phrase "an independent contractor and" is hereby deleted from the first sentence of that paragraph;

    b. Subject to the provisions of subparagraph (d) beneath, the Debtors are authorized to indemnify, and to provide reimbursement to, and shall indemnify, and provide reimbursement to, Huron in accordance with the General Business Terms of the Engagement Agreement for any claim arising from, related to, or in connection with the services provided for in the Engagement Agreement, but not for any claim arising from, related to, or in connection with Huron's postpetition performance of any other services unless such postpetition services and indemnification therefore are approved by the Court;

    c. Notwithstanding any indemnification provisions of the General Business Terms of the Engagement Agreement to the contrary, the Debtors shall have no obligation to indemnify Huron or provide reimbursement to Huron (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Huron's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of Huron's contractual obligations unless the Court determines that indemnification or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (d), beneath, to be a claim or expense for which Huron should not receive indemnity or reimbursement under the terms of the Agreement, as modified by this Order;

    d. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become final and no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Huron believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification and/or reimbursement obligations under the Engagement Agreement (as modified

3

by this Order), including without limitation the advancement of defense costs, Huron must file an application therefore in this Court, and the Debtors may not pay any such amounts to Huron before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for compensation and expenses by Huron for indemnification or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify Huron;

e.  In the event that Huron seeks reimbursement for attorneys' fees from the Debtors pursuant to the Engagement Agreement, the invoices and supporting time records from such attorneys shall be included in Huron's own monthly fee statement and shall be subject to the same payment procedures applicable to professionals in these cases;

f.  Paragraph 8 of the Engagement Agreement's General Business Terms shall apply solely to claims of Huron and the Debtors against each other, and shall not apply if the Debtors or a representative of the estates asserts a claim for, and a court determines by final order that such claim arose out of, Huron's own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct. Additionally, the phrase "for the portion of the engagement giving rise to liability" is deleted from this paragraph;

g.  Paragraph 11(e) of the Engagement Agreement's General Business Terms, relating to arbitration in the event a dispute arises between the Debtors and Huron, is hereby revised to provide that the arbitration provision shall apply only to the extent that the United States Bankruptcy Court, or the United States District Court if the reference is withdrawn, does not retain jurisdiction over a controversy or claim. To the extent the order is inconsistent with the Engagement Agreement, this order shall govern.

4.  Huron will file fee applications for interim and final allowance of compensation, including reimbursement of expenses, pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code; provided, however, that Huron shall be compensated pursuant to section 328(a) of the Bankruptcy Code and that Huron's compensation shall not be evaluated under the standard set forth in section 330 of the Bankruptcy Code. The Debtors, moreover, shall be jointly and severally liable for such compensation.

5. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE