# EXHIBIT B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- X
                                                                 :
*In re*                                                          :    Chapter 11
                                                                 :
Nortel Networks Inc., *et al.*[3]                                :    Case No. 09-10138 (KG)
                                                                 :
         Debtors.                                                :    Jointly Administered
                                                                 :
---------------------------------------------------------------- X    RE: D.I. _____

### PROPOSED ORDER AUTHORIZING KEY EXECUTIVE INCENTIVE
### PLAN FOR SLT EXECUTIVES

Upon the Debtors' Motion For An Order Seeking Approval Of Key Employee Retention Plan And Key Executive Incentive Plan, And Certain Other Related Relief, dated February 27, 2009 (the "Motion")[4] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an Order Authorizing Key Executive Incentive Plan For SLT Executives, as more fully described in the Motion, and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the

---

[3] The Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[4] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The KEIP, including without limitation with regards to members of the Senior Leadership Team of the Debtors ("SLT"), is based on the Debtors' sound business judgment and is justified by the facts and circumstances of the Debtors' chapter 11 proceedings.

3. The Debtors are authorized to implement the KEIP with respect to the SLT, including without limitation payment of certain award payments upon satisfaction of the relevant Milestone, as set forth in the Motion.

4. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

5. The requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure are satisfied by the contents of the Motion or otherwise deemed waived.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE