IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
              Debtors. : Jointly Administered
:
: Hearing date: March 5, 2009 at 10:00 a.m. ET (requested)
: Objections due: March 4, 2009 at 12:00 p.m. ET
: (requested)
---------------------------------------------------------------X

### DEBTORS' MOTION FOR AN ORDER UNDER 11 U.S.C. § 102(1) SHORTENING NOTICE OF DEBTORS' MOTION FOR AN ORDER SEEKING APPROVAL OF KEY EMPLOYEE RETENTION PLAN AND KEY EXECUTIVE INCENTIVE PLAN, AND CERTAIN OTHER RELATED RELIEF

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to section 102(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to permit consideration on shortened notice of the Debtors' Motion For An Order Seeking Approval of Key Employee Retention Plan and Key Executive Incentive Plan, and Certain Other Related Relief (the "KEIP Motion"); and granting them such

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

other and further relief as the Court deems just and proper. In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein is section 102(1) of the Bankruptcy Code.

## Background

3. On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC" and together with NNL, NNI and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. On February 27, 2009, this Court granted petitions recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian

---

[2] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

2

Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. In addition, on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates into administration under the control of the Joint Administrators (collectively, the "Joint Administrators").

6. On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Bankruptcy Rules that provided for the joint administration of these cases and for consolidation for procedural purposes only.

7. On January 26, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code (D.I.s 141, 142). An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

8. A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases are set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications.

### Relief Requested

9. By this Motion, the Debtors seek an order (i) shortening the notice period for the consideration of the KEIP Motion, filed contemporaneously with this Motion, with respect to the order attached to Exhibit A of the KEIP Motion ("First Order"); (ii) setting the deadline to object

to the KEIP Motion with respect to matters covered by the First Order;[3] and (iii) granting them such other and further relief as the Court deems just and proper.

### Facts Relevant to this Motion

10. The Debtors wish to implement a retention plan for Nortel's key non-insider employees (the "Key Employee Retention Plan" or "KERP") and an incentive plan for Nortel's key senior executives (the "Key Executive Incentive Plan" or "KEIP," and together with the KERP, the "Plans"). The Plans are designed to increase employee morale, set compensation at market-competitive levels, prevent employee attrition, and encourage Nortel's employees and key executives to maximize the size of the Debtors' estate and guide the Debtors out of bankruptcy as swiftly as possible.

11. Unfortunately, as a result of the global economic crisis and the particular financial pressures facing Nortel, a number of difficult, but necessary, steps have been taken with respect to employees that are necessary to maximize the likelihood of Nortel's long-term survival and to maximize recoveries for all stakeholders. Most recently, on February 25, 2009, Nortel announced plans to implement a workforce reduction plan providing for the termination of employment of an additional 3,200 employees over the course of 2009.[4] Also, a determination was made that payments and benefits previously paid by Nortel upon involuntary termination of employment would no longer be made on a current basis, instead giving rise to claims in the appropriate jurisdiction. Lastly, on February 27, 2009, Nortel obtained an order (the "Equity

---

[3]  The order attached in Exhibit B to the KEIP Motion (the "Second Order") will not be considered on March 5. Instead, the Second Order will be considered on March 20, 2009 at 11:00 a.m. (Eastern Time) with objections due on March 13, 2009 at 4:00 p.m. (Eastern Time).

[4]  This figure does not include restructuring actions previously announced in 2008, namely plans to shift approximately 200 positions from higher-cost to lower-cost locations and approximately 1,800 workforce reductions that have not yet taken place.

Order") in the Canadian Proceedings terminating certain Nortel equity plans.[5] Historically, such awards under such equity plans had comprised a significant portion of the total compensation of employees at Nortel and a key source of long-term incentives for such employees. While Nortel believes that these actions were necessary for its continued economic viability, it also recognizes that these actions have further lowered its employees' flagging morale. In light of the Nortel's financial difficulties, employees are justifiably concerned about involuntary termination of employment where severance pay and other post-employment benefits must be pursued through the claims process. Nortel, the Committee and the Monitor agree that it is imperative that the Plans are implemented as quickly as possible so as to minimize the risk of employee attrition at this critical time.

## Basis for Relief

12.   Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). As set forth below, shortening notice is justified here.

13.   The Debtors respectfully submit that shortened notice is appropriate in this instance because the expeditious implementation of the Plans is critical to the maximization of the value of the Debtors' estates. Therefore, the Debtors believe that a hearing on the KEIP Motion and the First Order on shortened notice is in the best interests of the Debtors' estates and creditors.

14.   The Debtors have consulted extensively with the Committee about the relief sought in this Motion and in the KEIP Motion, and the Official Committee is supportive of the timing of the implementation of the relief sought in the First Order.

---

[5]   The plans terminated as a result of the Equity Order are the NNC 2005 Stock Incentive Plan, the NNC 1986 Stock Option Plan, the NNC 2000 Stock Option Plan and certain equity plans assumed in prior acquisitions.

5

15. For these reasons, the Debtors respectfully submit that allowing the KEIP Motion and the First Order to be considered on shortened notice is reasonable and appropriate under the circumstances.

## Notice

16. Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) the U.S. Trustee; (ii) counsel to the Official Committee; (iii) counsel to the Bondholder Group; and (iv) the general service list established in these chapter 11 cases pursuant to Bankruptcy Rule 2002. The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

17. No prior request for the relief sought herein has been made to this or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: February 27, 2009  
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley  
Lisa M. Schweitzer  
One Liberty Plaza  
New York, New York 10006  
Telephone: (212) 225-2000  
Facsimile: (212) 225-3999

- and -

MORRIS NICHOLS, ARSHT & TUNNELL LLP

_____  
Derek C. Abbott (No. 3376)  
Eric D. Schwartz (No. 3134)  
Thomas F. Driscoll III (No. 4703)  
Ann C. Cordo (No. 4817)  
1201 North Market Street  
P.O. Box 1347  
Wilmington, Delaware 19801  
Telephone: (302) 658-9200  
Facsimile: (302) 658-3989

*Counsel for the Debtors  
and Debtors in Possession*