UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* : | |
| : | Chapter 11 |
| NORTEL NETWORKS, INC., *et al.*, : | |
| : | Case Number 09-10138 (KG) |
| Debtors. : | (Jointly Administered) |
| _____ | |

**OBJECTION OF THE UNITED STATES TRUSTEE
TO DEBTORS' MOTION FOR AN ORDER UNDER
11 U.S.C. § 102(1) SHORTENING NOTICE OF DEBTORS'
MOTION FOR AN ORDER SEEKING APPROVAL OF KEY
EMPLOYEE RETENTION PLAN AND KEY EXECUTIVE INCENTIVE
PLAN, AND CERTAIN OTHER RELATED RELIEF (DOCKET ENTRY 391)**

In support of her objection to the Debtors' motion for entry of an order under 11 U.S.C. § 102(1) shortening notice (the "Motion to Shorten Notice") of the Debtors' motion seeking approval of a key employee retention plan and key executive incentive plan (the "KERP/KEIP Motion"), Roberta A. DeAngelis, Acting United States Trustee for Region 3 ("U.S. Trustee"), through her counsel, states:

**INTRODUCTION**

1. Under (`i) 28 U.S.C. § 1334, (ii) an orders of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine the Motion to Shorten Notice and this objection.

1

2. Under 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with monitoring applications filed under 11 U.S.C. § 327 "and, whenever the United States trustee deems it to be appropriate, filing with the court comments with respect to the approval of such applications." This duty is part of the U.S. Trustee's responsibility to enforce the laws as written by Congress and interpreted by the courts. See <u>United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)</u>, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); <u>Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)</u>, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion to Shorten and the issues raised in this objection.

**GROUNDS/BASIS FOR RELIEF**

4. The Debtors' KERP/KEIP Motion seeks court approval of the following: (i) a key employee retention plan (the "KERP"); (iii) a key employee incentive plan (the "KEIP"); and (iii) certain additional retention payments that are not part of either plan.

5. Three classes of persons are sought to be benefitted by such relief: (i) 5 members of the "senior leadership team;" (ii) approximately 46 members of the "executive leadership team" (plus two other persons being treated as such for purposes of the Motion); and (iii) approximately 446 "key employees."

6. The Debtors' Motion to Shorten Notice requests a hearing on March 5, 2009 at 10:00 a.m. and a deadline fo file objections of March 4, 2009 at 12:00 p.m. At that hearing, the Court is requested to consider and grant each of the three forms of relief (the KERP, the KEIP, and the other retention payments) for all of the key employees and the selected members of the "executive leadership team." The Debtors request a second hearing to be conducted on March 20, 2009 at 11:00 a.m. to address solely the relief being requested for 5 members of the "senior leadership team."

7. If granted, the Motion to Shorten Notice will provide only 2 and ½ business days to file a written objection, and barely 3 business days notice of the hearing itself. Moreover, one of these business days had inclement weather such that the Court was closed.

8. Local Rule 9006-1(e) requires that motions to shorten notice "specify the exigencies justifying shortened notice." The Debtors state: "The Plans are designed to increase employee morale, set compensation at market-competitive levels, prevent employee attrition, and encourage Nortel's employees and key executives to maximize the size of the Debtors' estates and guide the Debtors out of bankruptcy as swiftly as possible." Each of these goals may be laudable, but they are not, alone, sufficient to justify such shortened notice.

9. The Debtors also cite the following recent steps taken by Nortel to maximize the likelihood of Nortel's long-term survival and to maximize recoveries for all stakeholders: (a) Nortel announced plans to implement a further workforce reduction plan with respect to an additional 3,200 employees, to be effectuated during 2009; (b) Nortel has determined that certain payments and benefits previously paid upon involuntary termination of employment

would no longer be made on a current basis; and (c) an order has been entered in the Canadian proceedings terminating certain Nortel equity plans.

10.     The announced workforce reduction is not Nortel's first workforce reduction. As the Debtors stated in the first-day affidavit filed in this case, the Nortel Companies have taken a wide range of steps since 2001 having the effect of reducing the number of worldwide employees from more than 90,000 to about 30,000. Declaration of John Doolittle, at para. 12. More recently, as the Debtors state in the Motion to Shorten Notice, over 1,800 workforce reductions were announced in 2008 and have yet to take place. And the Debtors have been in bankruptcy now for over a month. Without minimizing the seriousness of such matters and the possible effect they may have on employee morale, the United States Trustee submits that the latest circumstances cited by the Debtors do not support the extraordinarily brief notice requested for the March 5, 2009 hearing. The Debtors have not demonstrated that the most recent events (in contrast to prior workforce reductions and the commencement of these bankruptcy cases) are exigent circumstances that require the extraordinarily shortened notice being requested, particularly where the Debtors have already filed the KERP/KEIP Motion and it is now a matter of public record. Numerous parties have a serious stake in these cases, and they should be afforded an adequate opportunity to review and evaluate the Motion and, if appropriate, seek further information from the Debtors regarding both the nature of the plans and the circumstances that may, or may not, support the KEIP, the KERP, and the other forms of retention payments that are being requested as to all but 5 of the requested beneficiaries.

11. The KERP/KEIP Motion does not fully disclose all of the information that is needed to evaluate the requested relief. For example, the Motion sets forth certain "milestones" to be used in both the KERP plan and the KEIP plan. The first milestone is "the achievement of North American objectives of Nortel's cost reduction plan." The Motion does not set forth what those objectives are, or provide sufficient information for such objectives to be evaluated. The second milestone is "the achievement of certain parameters, which have been disclosed to the Monitor, the Committee and the advisors to the Bondholder Group, that will result in a leaner and more focused organization." The Motion that is filed, however, does not disclose what those parameters *are*. The third milestone is confirmation of a plan of reorganization in the U.S. (or confirmation of a plan in Canada). One cannot determine from the Motion how such an event would reflect superior performance by the individuals being compensated. In sum, while the Motion does provide some notice of the relief being sought and the grounds for such relief, the Motion nonetheless does not provide sufficient information for parties to appropriately investigate and then evaluate the Motion on such extraordinarily shortened notice.

12. The KERP/KEIP Motion fails to contain sufficient information in other respects as well. Section 503(c) limits certain forms of relief with respect to insiders, and the Motion to Shorten Notice does not request an expedited hearing with respect to relief requested for the benefit of 5 members of the "senior leadership team." Presumably, the Debtors have "carved out" relief for those 5 persons due to the limitations on benefits to insiders imposed under 11 U.S.C. § 503(c). That leaves open the issue, however, of who may

nonetheless be an "insider" among the members of the "executive leadership team" and the "key employees." Moreover, the carve-out of those 5 persons does not diminish the scope of relief being sought, i.e. the Court is still being requested to consider all three forms of relief at the expedited hearing – the KEIP, the KERP, and the other types of retention payments, including the facts and legal grounds that must be demonstrated as to each such form of relief. The United States Trustee therefore respectfully submits that, even if the Debtors are correct in their identification of persons who might be insiders, there is insufficient time for parties in interest and the Court to address other aspects of the Motion.

## CONCLUSION

WHEREFORE, the U.S. Trustee requests that this Court enter an order denying the Motion to Shorten Notice.

Respectfully submitted,

**ROBERTA A. DeANGELIS**
**ACTING UNITED STATES TRUSTEE**

BY:  /s/ T. Patrick Tinker
T. Patrick Tinker, Esquire (Fl. Bar No.64874 )
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Room 2207, Lockbox 35
Wilmington, DE  19801
(302) 573-6491
(302) 573-6497 (Fax)

Date: March 2, 2009