## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
                        :

*In re*                         :      Chapter 11

Nortel Networks Inc., *et al.*,[1]    :      Case No. 09-10138 (KG)

            Debtors.    :      Jointly Administered

                         :

                         :      **Hearing date: March 20, 2009 at 11:00 a.m. (ET)**
                         :      **Objections due: March 13, 2009 at 4:00 p.m. (ET)**

-------------------------------------------------------X

## DEBTORS' MOTION FOR APPROVAL OF PROCEDURES
## FOR THE REJECTION OF EXECUTORY CONTRACTS
## AND UNEXPIRED LEASES AND THE
## ABANDONMENT OF CERTAIN ASSETS RELATED THERETO

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in

possession (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of

an order substantially in the form attached hereto as Exhibit A, establishing procedures for the

rejection of executory contracts and unexpired leases and abandonment of certain assets related

thereto pursuant to sections 105(a), 365 and 554 of title 11 of the United States Code (the

"Bankruptcy Code"). In support of this Motion, the Debtors respectfully represent as follows:

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a), 365 and 554 of the Bankruptcy Code.

## Background

**A.      Introduction**

3.      On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as foreign representative for the Canadian Debtors, has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

---

[2]      The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA.  In addition, at 8 p.m. on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates into administration under the control of individuals from Ernst & Young LLC (collectively, the "EMEA Debtors").[3]

6.     On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that provided for the joint administration of these cases and for consolidation for procedural purposes only.

7.     On January 26, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code (D.I.s 141, 142).  No trustee or examiner has been appointed in the Debtors' cases.

---

[3]     The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

**B.**     **Debtors' Corporate Structure and Business**

8.     A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases are set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications (the "First Day Declaration").[4]

<u>Relief Requested</u>

9.     By this Motion, the Debtors seek approval of procedures (the "Rejection and Abandonment Procedures") for the rejection of unexpired leases of nonresidential real property ("Leases") and executory contracts, including unexpired leases of personal property ("Agreements"), the abandonment of certain assets, including, but not limited to, personal property, furniture, fixtures and/or equipment (collectively, "Personal Property"), where applicable, and, thereafter, for granting limited relief from the automatic stay to the non-debtor parties to the Leases and Agreements to allow such non-debtor parties to take possession of the real property or to recover the subject matter of the Agreements and to dispose of such property in a commercially reasonable manner.

10.     The Debtors propose the following Rejection and Abandonment Procedures:

A.     The Debtors will file and serve by e-mail or overnight courier a notice of the rejection of Leases or Agreements (the "Rejection Notice") to (i) the U.S. Trustee; (ii) the landlords, the subtenants, counterparties, or third parties under the Leases or Agreements to be rejected; (iii) counsel to the Committee; and (iv) any party having, to the best of the Debtors' knowledge, an interest in real or Personal Property at the premises where the underlying Lease is being rejected pursuant to the Rejection Notice (the "Notice Parties").

---

[4]     Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

B.      The Rejection Notice shall set forth the following information to the extent reasonably available to the Debtors:  (i) the street address of the property subject to the Lease which the Debtors seek to reject or, where applicable, the street address of the location where the personal property, if any, subject to the Agreement is located (to the best of Debtors' knowledge); (ii) the Debtors' monthly obligation, if any, under the subject Lease or Agreement; (iii) the remaining term of the Lease or Agreement, including options; (iv) the name and address of the landlord, subtenant, or non-debtor party to the Lease or Agreement; (v) the date of intended rejection (if different from the date the Rejection Notice is filed and served); (vi) a disclosure describing the procedures for filing objections to the rejection, if any; and (vii) in the case of a Lease, a disclosure regarding the Personal Property, if any, remaining at the subject property. If more than one Lease or Agreement is listed in the Rejection Notice, the Rejection Notice will comply with all requirements of Bankruptcy Rule 6006(f).

C.      The Notice Parties shall have ten (10) calendar days, unless extended by the Debtors (the "Rejection Notice Period"), from the date and time of the Rejection Notice to serve on Debtors' counsel and the other Notice Parties an objection, if any, to the Rejection Notice.

D.      If no objection is received by the Debtors' counsel within the Rejection Notice Period, the rejection of the Leases and/or Agreements shall become effective on the date the Rejection Notice is filed and served (or the date specified in the Rejection Notice, if different) without further notice, hearing, or order of the Court.

E.      If an objection is filed and served on the Debtors' counsel within the applicable Rejection Notice Period, the Debtors will schedule a hearing to consider the Rejection Notice pursuant to this Motion on the next scheduled omnibus hearing date.  Unless otherwise

5

ordered by the Court, if such objection is overruled or withdrawn, the rejection of such Leases or Agreements shall be deemed to have occurred in accordance with subparagraph (D) above.

F.      With respect to Leases, the Debtors shall return the keys to the subject property to the landlord or such other party as may be appropriate with written confirmation of the same (the "Lease Surrender Notice"), thereby unequivocally surrendering possession of the premises to the landlord or such other party on or before the date on which the Rejection Notice is filed and served (or the date specified in the Rejection Notice, if different). Upon the effective date of any such rejection, limited relief from the automatic stay pursuant to section 362 of the Bankruptcy Code shall be granted to the non-debtor party to the Lease to allow such party to obtain possession of the property that is the subject matter of the Lease. A copy of the Lease Surrender Notice shall be served on the Notice Parties.

G.      With respect to any Personal Property of the Debtors located at any of the Lease premises subject to any Rejection Notice, the Debtors shall remove such Personal Property prior to the expiration of the Rejection Notice Period. If the Debtors determine that the value of the Personal Property at a particular location is de minimis or the costs of removing the Personal Property exceed the value of such property, the Debtors shall include a general description of the Personal Property that shall remain at the subject property in the Rejection Notice that is served on the Notice Parties. Absent an objection filed pursuant to subparagraph (C) above, such Personal Property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, where is, effective as of the date of the rejection of the underlying expired lease.

H.      With respect to Agreements, the Debtors will turn over control of the personal property, if any, subject to the consent of the non-debtor party to the Agreement with written confirmation of the same ("Agreement Surrender Notice"), thereby unequivocally

surrendering possession of the subject assets to the non-debtor party to the Agreement at the location set forth in the Rejection Notice on or before the date on which the Rejection Notice is filed and served (the "Agreement Surrender Date").  Upon the effective date of such a rejection, limited relief from the automatic stay pursuant to section 362 of the Bankruptcy Code shall be granted to the non-debtor party to the Agreement to allow such party to repossess the subject matter of the Agreement and dispose of such property in a commercially reasonable manner. Simultaneously with the repossession of the personal property, the non-debtor party to the rejected Agreement shall provide to Debtors' counsel a written acknowledgment (the "Acknowledgment") of surrender of the property, including an itemized description of the property surrendered.  Any party that fails to provide an Acknowledgment as required herein shall forever be barred from asserting a claim against the Debtors arising out of the rejection of the Agreement.  Except as otherwise provided herein, the provisions of section 362 of the Bankruptcy Code shall remain in full force and effect and shall not be deemed modified or waived in any manner.  A copy of the Agreement Surrender Notice shall be served on the Notice Parties.

I.    Any non-debtor party to a rejected Lease or rejected Agreement shall file and serve a proof of claim by the later of (i) thirty-five (35) days after the date of the Rejection Notice or Agreement Surrender Notice, (ii) thirty (30) days after entry of an order on the Rejection Notice, and (iii) the general bar date that will be established by this Court for the filing of prepetition general unsecured claims.

J.    Nothing contained in this Motion is to be construed as an admission by the Debtors as to the character of any document denominated as a Lease or Agreement as executory contracts or unexpired leases, or to the rights of the non-debtor parties thereto.  The Debtors

reserve their rights to challenge any Lease or Agreement on any grounds they deem appropriate, and to assert against counterparties to Leases or Agreements any claims, counter-claims or defenses to a claim(s) by the non-debtor party against the Debtors, including, without limitation, preference actions.

K.   Nothing contained in this Motion is to be construed as an admission by the Debtors regarding any subtenant's possessory rights, claims and defenses (if any), with respect to a Lease premises that is subject to a Rejection Notice.

**Basis for Relief**

11.   Under section 105 of the Bankruptcy Code, the Court has broad discretion to issue orders necessary to "carry out the provisions of this title." 11 U.S.C. § 105(a).  Accordingly, the Court may enter the Order requested by this Motion in order to establish procedures for the rejection of the Leases and Agreements and abandonment of certain personal property pursuant to sections 365 and 554 of the Bankruptcy Code.

**A.      Rejection of the Leases**

12.   The Bankruptcy Code provides that "the trustee, subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); see also Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.), 973 F.2d 1065, 1075 (3d Cir. 1992). The Court may approve a debtor's rejection of an executory contract or unexpired lease if such rejection is made in the exercise of such debtor's sound business judgment, and if such rejection benefits its estate.  See, e.g., Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp., 872 F.2d 36, 39-40 (3d Cir. 1989); see also NLRB v. Bildisco & Bildisco (In re Bildisco), 682 F.2d 72, 79 (3d Cir. 1982), aff'd, 465 U.S. 513 (1984); In re Patterson, 119 B.R. 59, 60-61 (E.D. Pa. 1990); In re Federated Dep't. Stores, Inc., 131 B.R. 808, 811 (S.D. Ohio 1991) ("Courts traditionally have

applied the business judgment standard in determining whether to authorize the rejection of executory contracts and unexpired leases"); Westbury Real Estate Ventures, Inc. v. Bradlees, Inc. (In re Bradlees, Inc.), 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996) ("under the business judgment test, . . . [a court should approve a debtor's proposed rejection] if the debtor can demonstrate that rejection will benefit the estate.").

13.    During the course of these proceedings, the Debtors anticipate rejecting Leases that are burdensome to their estates and/or are unnecessary to the continued operations of their businesses as the Debtors continue to require less space for their operations and seek to reduce their real estate holdings and associated costs to more efficient and appropriate levels. The Debtors also anticipate rejecting Agreements that are burdensome to their estates and not necessary for their continued operations.

14.    The Debtors submit that adoption of procedures that provide for rejection of the Leases and Agreements in the manner described above represents the sound exercise of their business judgment and a fair balancing of the needs of the nondebtor parties to the Leases and Agreements for certainty with the Debtors' need to move quickly to cut off the needless accrual of administrative claims. Establishing the Rejection Procedures proposed herein will minimize the Debtors' obligation for administrative claims if the Debtors determine that the Leases and Agreements are unlikely to yield sufficient value to justify the expense of maintaining such Leases and Agreements. The procedures also afford parties in interest the opportunity to appear and be heard with respect to the rejection of the Leases and Agreements, while, at the same time, affording the Debtors the flexibility they need to reject the Leases and Agreements expeditiously. In addition, the proposed procedures will save substantial legal expense and this Court's time

that would otherwise be incurred if multiple hearings were held on separate motions with respect to every Lease and Agreement that the Debtors determine should be rejected or assumed.

**B.     Abandonment of Personal Property**

15.     Although the Debtors anticipate removing all personal property of more than de minimis value from the non-residential real property subject to a Lease (the "Leased Locations"), to the extent that the Debtors leave any Personal Property, at the Leased Locations, the Debtors request that such Personal Property be deemed abandoned pursuant to Section 554 of the Bankruptcy Code.

16.     Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

17.     The Debtors submit that any Personal Property remaining in the Leased Locations will be of inconsequential value or burdensome to the Debtors' estates to remove.  The Debtors believe that the cost of retrieving, marketing and reselling the abandoned Personal Property far outweighs any recovery the Debtors could hope to attain for the Personal Property.  Accordingly, the Debtors have determined that the abandonment of any such Personal Property is in the best interests of the Debtors, their estates and creditors.

18.     Courts in this district have previously approved rejection procedures in other large chapter 11 cases.  See, e.g., In re Verasun Energy Corporation, Case No. 08-12606 (BLS); In re Hancock Fabrics, Inc., Case No. 07-10353 (BLS); In re New Century TRS Holdings, Inc., Case No. 07-10416 (KJC).

## Notice

19.     Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) Office of the United States Trustee for the District of

Delaware; (ii) the Committee; and (iii) the general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

### **No Prior Request**

20.    No prior request for the relief sought herein has been made to this or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:  March 4, 2009
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley
Lisa M. Schweitzer
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Thomas F. Driscoll III (No. 4703)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*