# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------
In re:                                   )    Chapter 11
                                         )
NORTEL NETWORKS INC., et al.,[1]         )    Case No. 09-10138 (KG)
                                         )
                                         )    Jointly Administered
         Debtors.                        )
                                         )    Re: Docket No. 291
                                         )
--------------------------------------------------

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO RETAIN JEFFERIES & COMPANY, INC. AS
INVESTMENT BANKER PURUANT TO 11 U.S.C. §§ 328(a) AND 1103 AND
BANKRUPTCY RULE 2014(a) AND GRANTING WAIVER OF COMPLIANCE WITH
DEL. BANKR. LR 2016-2(d) IN ACCORDANCE WITH DEL. BANKR. LR 2016-2(h)**

Upon the Application[2] of the Committee for an order authorizing the retention of Jefferies & Company, Inc. ("Jefferies") as investment banker to the Committee in the chapter 11 cases of the above-captioned debtors (collectively, the "Debtors") pursuant to 11 U.S.C. §§ 328(a) and 1103 and Bankruptcy Rule 2014(a), nunc pro tunc to February 1, 2009, and granting a waiver of compliance with the information requirements relating to compensation requests set forth in Local Rule 2016-2(d) in accordance with Local Rule 2016-2(h); and upon consideration of the Application and all pleadings related thereto, including the Henkin Affidavit and the Court

---

[1] The Debtors in these Chapter 11 cases are: Nortel Networks Inc., Nortel Networks Capital Corporation, Alteon WebSystems, Inc., Alteon WebSystems International, Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc. and Nortel Networks Cable Solutions Inc.

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Application.

having heard the statements of counsel regarding the relief requested in the Application at a hearing before the Court, the Court hereby finds that:

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

B. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2);

C. Notice of the Application was due and proper under the circumstances;

D. The Application and the Affidavit are in full compliance with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules and the Local Rules;

E. Jefferies is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and

F. The relief requested in the Application is in the best interests of the Debtors, their estates and creditors.

After due deliberation, and good and sufficient cause appearing therefore, it is hereby

ORDERED, that the Application is granted; and it is further

ORDERED, that the retention and employment of Jefferies as investment banker to the Committee pursuant to sections 328(a) and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014(a), nunc pro tunc to February 1, 2009, on the terms set forth in the Engagement Letter and this Order is hereby approved and that Jefferies' compensation shall be subject to the standard of review provided for in Section 328(a) of the Bankruptcy Code, and not subject to any other standard of review under Section 330 the Bankruptcy Code; and it is further

ORDERED, that the Fee Structure is approved pursuant to Section 328(a) of the Bankruptcy Code; and it is further

ORDERED, that the terms and provisions of the Engagement Letter are approved by this Court, provided, however, that notwithstanding anything in the Engagement Letter, the Indemnity Provision shall be modified as follows:

(a) Jefferies shall not be entitled to indemnification, contribution or reimbursement pursuant to the Agreement for services other than those described in the Agreement, unless such services and indemnification therefore are approved by the Court;

(b) The Debtors shall have no obligation to indemnify Jefferies, or provide contribution or reimbursement to Jefferies, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Jefferies's bad faith, gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of Jefferies's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which Jefferies should not receive indemnity, contribution or reimbursement under the terms of the Agreement as modified by this Order; and

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Jefferies believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Agreement (as modified by this Order), including without limitation the advancement of defense costs, Jefferies must file an application therefore in this Court, and the Debtors may not pay any such amounts to Jefferies before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Jefferies for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Jefferies. All parties in interest shall retain the right to object to any demand by Jefferies for indemnification, contribution or reimbursement;

and it is further

ORDERED, that Jefferies' fee applications shall include time records describing their daily activities, the identity of persons who performed such activities, and the estimated amount of time expended on such activities on a daily basis in one hour increments; and it is further

ORDERED, that, as set forth in the Application, Jefferies is granted a waiver of the information requirements relating to compensation requests set forth in Local Rule 2016-2(d); and it is further

ORDERED, that Jefferies shall be compensated in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, this Order and other any applicable orders of this Court; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
       March _____, 2009

                                        HONORABLE KEVIN GROSS
                                        UNITED STATES BANKRUPTCY JUDGE