## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
                        :

*In re*                        :       Chapter 11

Nortel Networks Inc., *et al.*,[1]   :       Case No. 09-10138 (KG)

          Debtors.     :       Jointly Administered

                        :       **Re: D.I. 282**
                        :
-------------------------------------------------------X

### ORDER PURSUANT TO 11 U.S.C. § 327(e) AUTHORIZING THE RETENTION AND EMPLOYMENT OF CROWELL & MORING LLP AS SPECIAL COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO JANUARY 14, 2009

Upon the application dated **FEB. 13**, 2009 (the "Application")[2] of Nortel Networks Inc.

and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the

"Debtors"), for entry of an order, as more fully described in the Application, (i) authorizing them

to employ and retain, pursuant to sections 327(e) and 331 of title 11 of the United States Code

(the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the

United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

law firm of Crowell & Moring LLP ("Crowell") as their Special Counsel (ii) approving the terms and conditions under which Crowell will be retained and compensated and (iii) granting them such other and further relief as the Court deems just and proper; and upon consideration of the Declaration of James J. Regan, attached to the Application as Exhibit A; and the Court being satisfied that Crowell does not represent an interest adverse to the Debtors in the matters with respect to which it is to be employed; and notice of the Application being sufficient and proper under the circumstances; and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Application is GRANTED.

2.      Pursuant to sections 327(e) and 331 of the Bankruptcy Code, the Debtors are authorized to employ and to retain Crowell, as of January 14, 2009, to serve as their Special Counsel.

3.      Crowell shall be compensated in accordance with the procedures and standards set forth in sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the District of Delaware, and such other procedures as may be fixed by Order of this Court.

4. Crowell is authorized to perform any and all services for the Debtors that are necessary or appropriate in connection with the services described in the Application.

5. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

2

6.  The Court shall retain jurisdiction to hear and determine all matters rising

from the implementation of this Order.

Dated: _**March 4**_ , 2009
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3