IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
: 
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[6] : Case No. 09-10138 (KG)
:
              Debtors. : Jointly Administered
:
: Re: D.I. 296
:
------------------------------------------------------------x

## ORDER PURSUANT TO 11 U.S.C. § 327(e) AUTHORIZING THE RETENTION AND EMPLOYMENT OF JACKSON LEWIS LLP AS COUNSEL OF RECORD FOR THE DEBTORS *NUNC PRO TUNC* TO JANUARY 14, 2009

Upon the application dated February 13, 2009 (the "Application")[7] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Application, (i) authorizing them to employ and retain, pursuant to Sections 327(e) and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware (the "Local

---

[6] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[7] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

Bankruptcy Rules"), the labor and employment law firm of Jackson Lewis LLP ("Jackson Lewis") as their counsel of record, (ii) approving the terms and conditions under which Jackson Lewis will be retained and compensated, and (iii) and granting them such other and further relief as the Court deems just and proper; and upon consideration of the Declaration of René E. Thorne, attached to the Application as Exhibit A; and the Court being satisfied that Jackson Lewis does not represent an interest adverse to the Debtors in the matters with respect to which it is to be employed; and notice of the Application being sufficient and proper under the circumstances; and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED.

2. Pursuant to Sections 327(e) and 331 of the Bankruptcy Code, the Debtors are authorized to employ and to retain Jackson Lewis, as of January 14, 2009, to serve as their counsel of record.

3. Jackson Lewis shall be compensated in accordance with the procedures and standards set forth in sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the District of Delaware, and such other procedures as may be fixed by Order of this Court.

4. Jackson Lewis is authorized to perform any and all services for the Debtors that are necessary or appropriate in connection with the services described in the Application.

5. Insurers, including Chubb Insurance Company of Canada, with policies related to the matters upon which Jackson Lewis is providing services to the Debtors are authorized to compensate Jackson Lewis and reimburse Jackson Lewis's expenses consistent with the terms of any applicable insurance policies or other agreements and/or arrangements with

2

the Debtors and Jackson Lewis without any further order of the Court, and the automatic stay set forth in section 362(a) of the Bankruptcy Code is hereby amended solely to the extent necessary to allow such payments to be made.

6. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7. The Court shall retain jurisdiction to hear and determine all matters rising from the implementation of this Order.

Dated: _____, 2009
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

[New York #2012597 v1]