IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
                                                               :
In re                                                          :    Chapter 11
                                                               :    Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1]                               :    Jointly Administered
                                                               :
                    Debtors                                    :
                                                               :    Re: Docket No. 290
---------------------------------------------------------------X

### ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NORTEL NETWORKS INC., ET AL. TO EMPLOY AND RETAIN OF CAPSTONE ADVISORY GROUP LLC AS FINANCIAL ADVISOR, NUNC PRO TUNC TO JANUARY 26, 2009

Upon (i) the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for the entry of an order authorizing the Committee to retain and employ Capstone Advisory Group, LLC ("Capstone") as its financial advisor in connection with these Chapter 11 Cases, *nunc pro tunc* to January 26, 2009, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended and supplemented, the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), and (ii) the Affidavit of Jay I. Borow, a principal of Capstone, sworn to on

---

[1] The Debtors in these chapter 11 cases include: Nortel Networks Inc.; Nortel Networks Capital Corporation; Alteon Websystems, Inc.; Alteon Websystems International, Inc.; Xros, Inc.; Sonoma Systems; Qtera Corporation; Coretek, Inc.; Nortel Networks Applications Management Solutions, Inc.; Nortel Networks Optical Components, Inc.; Nortel Networks HPOCS Inc.; Architel Systems (U.S.) Corporation; Nortel Networks International Inc.; Northern Telecom International Inc.; and Nortel Networks Cable Solutions Inc.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

February 13, 2009 (the "Borow Affidavit") which is annexed as Exhibit A to the Application; and the Court being satisfied based on the representations made in the Application and the Borow Affidavit, that Capstone represents no interest adverse to the Committee and/or the Debtors' estates with respect to the matters upon which it is to be engaged, that Capstone is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, that Capstone's employment is necessary and in the best interest of the Committee and the Debtors' estates; and finding that proper and adequate notice of the Application has been given; and it appearing that no other notice need be given; and this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334; and this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of these cases and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor:

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED.

2. In accordance with sections 328(a) and 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), the Committee is hereby authorized and empowered to employ and retain Capstone as its financial advisor, *nunc pro tunc* to January 26, 2009, in connection with these Chapter 11 Cases on the terms set forth in the Engagement Letter.

3. Capstone shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of this Court.

4. Notwithstanding anything to the contrary set forth above, the Office of the United States Trustee retains the right to object to any interim or final fee application filed by Capstone (including any request for the reimbursement of expenses) on any grounds provided for under the Bankruptcy Code (including, without limitation, the reasonableness standard provided for in section 330 hereof), the Bankruptcy Rules, or any Local Rules or Orders of this Court.

5. The provision set forth in the Engagement Letter relating to Capstone's indemnification by the Debtors is approved, subject during the pendency of the Chapter 11 Cases to the following:

(a) Subject to the provisions of subparagraph (c), infra, the Debtors are authorized to indemnify, and to provide contribution and reimbursement to, and shall indemnify, and provide contribution and reimbursement to, Capstone, its members and employees, in accordance with the Engagement Letter for any claim arising from, related to, or in connection with the services provided for in the Engagement Letter, but not for any claim arising from, related to, or in connection with Capstone's postpetition performance of any other services unless such postpetition services and indemnification therefore are approved by the Bankruptcy Court;

(b) notwithstanding any provisions of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify Capstone or provide contribution or reimbursement to Capstone (i) for any claim or expense that is judicially determined (the determination having become final) to have resulted from Capstone's gross negligence, willful misconduct, bad faith or self-dealing or (ii) for a contractual dispute in which the Debtors allege the breach of Capstone's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Company, et. al., 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Bankruptcy Court, after notice and a hearing pursuant to subparagraph (c), infra, to be a claim or expense for which Capstone should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter, as modified by this Order;

(c) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, Capstone believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Capstone must file an application before the Bankruptcy Court, and the Debtors shall not pay any such amounts to Capstone before the entry of an order by the Bankruptcy Court approving the payment. This paragraph (c) is intended only to specify the period of time under which the Bankruptcy

3

Court shall have jurisdiction over any request for compensation and expenses by Capstone for indemnification, contribution or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify Capstone.

6. Notwithstanding the possible applicability of Rules 6004, 7062 and 9014 of the Bankruptcy Rules, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. Capstone shall serve a copy of this Order and a notice of entry of this Order on all known creditors and parties of interest within five days of the entry of this Order.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
March 4, 2009

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE