IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: 
           Debtors. : Jointly Administered
:
:
---------------------------------------------------------------X

**STATEMENT OF TERRY W. SIMON PURSUANT TO FED. R. BANKR. P. 2014
AND ORDER AUTHORIZING DEBTORS TO EMPLOY, RETAIN AND
COMPENSATE PROFESSIONALS IN THE ORDINARY COURSE**

Terry W. Simon, being duly sworn, upon his/her oath, deposes and says:

1. I am a Certified Public Accountant and a member of KPMG LLP, located at 300 North Greene Street, Suite 400, Greensboro, North Carolina (the "Company" or "Firm").

2. The Company/Firm has been retained by the above-captioned Debtors (the "Debtors") pursuant to the Order Authorizing the Retention and Payment of Professionals Utilized in the Ordinary Course *nunc pro tunc* to the Petition Date, dated February 5, 2009 (D.I. 236) (the "Order") to provide services to the Debtors.

3. The nature and scope of the services to be provided to the Debtors by the Company/Firm are:

---

[1] The Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[New York #2003455 v1]

**(a) Auditing Services**

  i. Limited scope audit of the financial statements and supplemental schedules of the Nortel Networks Retirement Income Plan as of December 31, 2008 and for the year then ended, all of which are to be included in the Plan's Form 550 filing with the DOL;

  ii. Limited scope audit of the financial statements and supplemental schedules of the Nortel Networks Voluntary Employee Beneficiary Association Plan as of December 31, 2008 and for the year then ended, all of which are to be included in the Plan's Form 550 filing with the DOL;

  iii. Audit of the financial statements and supplemental schedules of the Nortel Networks Long Term Investment Plan as of December 31, 2008 and for the year then ended, all of which are to be included in the Plan's Form 550 filing with the DOL and in the annual report on Form 11-K (registration statement) proposed to be filed by the plan sponsor; and

  iv. Audit procedures related to initial implementation of SAS157 for all three of the plans identified above.

  4. Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, the Company/Firm hereby confirms that, to the best of its knowledge and belief, other than in connection with providing professional services to the Debtors and as otherwise provided herein, it does not have any connection with the Debtors, the creditors, the United States Trustee, any person employed by the United States Trustee or any other party with an actual or potential interest in their chapter 11 cases or their respective attorneys or accountants.

  5. Pursuant to the Order, the Firm hereby confirms that is does not represent any interest adverse to the Debtors or the Debtors' estates in the matters upon which it is engaged.

  6. The Company/Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to conducting these chapter 11 cases, for persons that are parties in interest in these chapter 11 cases. As part of its customary practice, the Company/Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be retained by the Debtors,

claimants and parties in interest in these chapter 11 cases. The Company/Firm does not perform services for any such person in connection with conducting these chapter 11 cases or have any relationship with any such person, their attorneys or accountants that would be adverse to the Debtors or their estates with respect to the subject matter of the services that the Company/Firm has been engaged to perform.

7. Prior to the bankruptcy filing, KPMG had been engaged by a third party to provide tax due diligence services and tax structuring services in connection with the potential acquisition of an aspect of the business of the Debtors and their affiliates. The Debtors and their affiliates were aware of this separate engagement and consented to it. Although the tax consultation has not involved the pension plan, and the audit of the pension plan is not expected to have any connection with the tax consultation, KPMG nonetheless established and continues to maintain an ethical screen between the persons providing tax consultation on this project and the persons who will audit the pension plan. That ethical screen excludes any individual who previously provided professional services to Nortel, or who otherwise possessed any relevant confidential information concerning Nortel, from providing services to the private equity firm, and vice versa.

8. In addition, the Indian member firm of KPMG International provides services to a third party in connection with a software license review of Nortel Networks (India) Private Limited, an affiliate of the Debtors. While these services are being provided by a separate entity that is not being retained in this matter and the services provided are unrelated to the pension plan, KPMG maintains an ethical screen between the persons providing services in connection with the software license review and the persons who will audit the pension plan.

9. KPMG is the United States member firm of KPMG International, a Swiss cooperative of member firms, each a separate legal entity, located worldwide. Only KPMG is being retained in this matter. Both the Canadian member firm of KPMG International and the United Kingdom member firm of KPMG International may provide assistance in connection with the services described above, pursuant to the same ethical screening procedures. Their assistance will be limited to any cross border aspects of the services described above. KPMG also provides assistance to the Canadian member firm of KPMG International in connection with its audit of the consolidated financial statements of the Debtors' parent company in Canada. The Canadian engagement is not expected to be the subject of an application to the Court in the United States.

10. Neither I nor any principal, partner, director or officer of, or professional retained by the Company/Firm has agreed to share or will share any portion of the compensation to be received from the Debtors, other than reimbursing disbursements or costs owed to third parties on account of services provided to the Debtors, with any other person other than the principal and regular employees of the Company/Firm.

11. Neither I nor any principal, partner, director or officer of, or professional retained by the Company/Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Company is to be retained.

12. The Debtors owe the Company $74,545 for prepetition services, the payment of which is subject to limitations contained in the Bankruptcy Code, 11 U.S.C. §§ 101 et seq.

4

13. The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its retention, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 5, 2009

By: *Terry W. Simon*
Name: Terry W. Simon