IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
                                                               :
*In re*                                                        :    Chapter 11
                                                               :
Nortel Networks Inc., *et al.*,[1]                             :    Case No. 09-10138 (KG)
                                                               :
           Debtors.                               :    Jointly Administered
                                                               :
                                                               :    Hearing date: Mar. 26, 2009 at 12:00pm (ET)
                                                               :    Objections due: March 19, 2009 at 4:00pm (ET)
---------------------------------------------------------------X

## DEBTORS' SUPPLEMENTAL MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO REMIT AND PAY CERTAIN TAXES AND FEES

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court (the "Motion") for the entry of an order substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a), 363(b), 507(a)(8) and 541 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") amending the Order Pursuant to Sections 105(a), 363(b), 507(a)(8), and 541 of the Bankruptcy Code Authorizing the Debtors to Remit and Pay Certain Taxes and Fees [D.I. 48] (the "Taxes and Fees Order"). In support of the Motion, the Debtors rely on the Declaration of John Doolittle in Support of First Day Motions and Applications (the "First Day Declaration") [D.I. 3]. In further support of the Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a), 345, 363(b), 363(c)(1), 507(a)(8) and 541 of the Bankruptcy Code and Rule 6004 of the Bankruptcy Rules.

## Background

### A. Introduction

3. On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as foreign representative for the Canadian Debtors, has filed petitions in this Court for recognition of the

---

[2] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February 27, 2009, this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. In addition, at 8 p.m. (London time) on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates into administration under the control of individuals from Ernst & Young LLC (collectively, the "EMEA Debtors").[3]

6. On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Bankruptcy Rules that provided for the joint administration of these cases and for consolidation for procedural purposes only.

7. On January 26, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142]. No trustee or examiner has been appointed in the Debtors' cases.

**B. Debtors' Corporate Structure and Business**

8. A description of the Debtors' corporate structure and businesses and the events leading to the chapter 11 cases are set forth in the First Day Declaration.

---

[3] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

**Facts Relevant to this Motion**

9.  On January 14, 2009, the Debtors filed the Debtors' Motion Pursuant to Sections 105(a), 363(b), 507(a)(8), and 541 of the Bankruptcy Code For an Order Authorizing the Debtors to Remit and Pay Certain Taxes and Fees [D.I. 11] (the "Taxes and Fees Motion").[4] On January 15, 2009, the Court entered the Taxes and Fees Order [D.I. 48]. On February 5, 2009, the Court entered an Order Supplementing Certain of the First Day Orders [D.I. 239] (the "Supplemental Order"), upon the Debtors' motion dated January 30, 2009 [D.I. 180], which in part granted additional relief with respect to the Debtors' authority to pay certain prepetition personal property taxes and business and occupation taxes and business license fees. The Debtors incorporate the Taxes and Fees Motion as supplemented by reference as if set forth in its entirety.

10.  As more fully described in paragraphs 19-20 of the Taxes and Fees Motion, the Debtors are required to pay certain business and occupation taxes and business license fees to the Authorities in certain taxing jurisdictions in order to operate their businesses in those jurisdictions. Payment of the business and occupation taxes and business license fees is also necessary to ensure that the Debtors are able to continue operating their businesses in such states, and these taxes are paid on a quarterly, biannual, or annual basis, depending on the jurisdiction.

11.  Additionally, as described more fully in paragraphs 13-14 of the Taxes and Fees Motion, the Debtors pay income/franchise taxes to the Authorities in many U.S. jurisdictions based on the income tax base, the capital employed in the Debtors' businesses, the Debtors' assets and/or a variety of other factors. Payment of the income/franchise taxes is necessary to ensure that the Debtors are able to continue operating their businesses in such states, and these

---

[4] Capitalized terms used but not defined herein have the meanings ascribed to them in the Taxes and Fees Motion.

4

taxes are typically paid on a quarterly basis. In the Taxes and Fees Motion, as supplemented, the Debtors did not seek authority to pay certain prepetition income/franchise taxes because such amounts were not yet calculable for the 2008 tax year, as the Debtors informed the Court at the February 5, 2009 omnibus hearing. In certain instances, due to different practices among states, taxes owed to various Authorities could be characterized as either income/franchise taxes or business and occupation taxes or business license fees.[5]

12.     Having had the opportunity to process their invoices related to income/franchise taxes and/or business and occupation taxes and business license fees for the 2008 tax year, the Debtors anticipate that the aggregate of outstanding and unpaid prepetition income/franchise taxes and/or business and occupation taxes and business license fees for the 2008 tax year is approximately $1,358,689.

13.     In addition, the Debtors are subject to various income/franchise taxes and/or business and occupation taxes and business license fees for 2009. While such taxes and fees relate to the 2009 tax year, at least some of such may constitute prepetition obligations. Therefore, out of an abundance of caution, the Debtors request authority to pay the entire amounts of those 2009 income/franchise taxes and/or business and occupation taxes and business license fees, without proration. The Debtors believe that the aggregate of such taxes and fees for the 2009 tax year is approximately $1,535,020.

---

[5] Separately, as more fully described in paragraph 22 of the Taxes and Fees Motion, the Debtors are subject to certain audit investigations by the Authorities and may be subject to further audit investigations (the "Audits") during these chapter 11 proceedings that may result in additional amounts owed in prepetition taxes and fees relating to 2008 and other prepetition taxing periods (the "Audit Amounts"). Because such Audit Amounts cannot be calculated with certainty, if and when such Audit Amounts arise, the Debtors will seek the authority of the Court to satisfy such Audit Amounts. However, nothing contained herein or in the order approving this Motion constitutes or should be construed as an admission of liability by the Debtors with respect to any Audit or Audit Amount. The Debtors expressly reserve all rights with respect to any Audit. Furthermore, the Debtors reserve the right to contest the Audit Amounts, if any, claimed to be due as a result of the Audits.

### Relief Requested

14.  By this Motion, the Debtors seek the entry of an order amending Paragraph 2 of the Taxes and Fees Order as follows:

> The Debtors are authorized, but not directed, to remit and pay all undisputed prepetition Taxes and Fees consistent with their customary practices in the ordinary course of business, including: . . .
>
> d.  Income/franchise taxes and/or business and occupation taxes and business license fees and other fees in an amount not to exceed $4 million.

### Basis for Relief Requested

15.  As discussed more thoroughly in the Taxes and Fees Motion, section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue an order, process or judgment that is necessary or appropriate to carryout the provisions of [the Bankruptcy Code]." In addition, section 363(b)(1) of the Bankruptcy Code authorizes a debtor in possession to use property of the estate other than in the ordinary course of business after notice and a hearing. Courts have applied section 105(a) of the Bankruptcy Code in authorizing the debtors to pay prepetition taxes and fees to the extent it is necessary to preserve a debtor's business. Further, as discussed in the Taxes and Fees Motion, this Court may use its power under section 105(a) to authorize payment of prepetition obligations pursuant to the "necessity of payment" rule (also referred to as the "doctrine of necessity").

16.  As described more fully in the Taxes and Fees Motion, the payment of prepetition Taxes and Fees is necessary to ensure that the Authorities to whom such Taxes and Fees are owed do not take actions that could have a wide-ranging and adverse effect on the Debtors' operations as a whole. The Debtors' failure to pay the income/franchise taxes and/or business and occupation taxes and business license fees in a timely manner could have a material adverse

6

impact on the Debtors' business operations in several ways: (i) the Authorities may initiate audits of the Debtors, which would divert unnecessarily their attention away from the reorganization process and (ii) the Authorities may attempt to suspend the Debtor's operations, file liens, seek to lift the automatic stay, or pursue other remedies that will harm the estates. In addition, unpaid taxes may result in penalties, accrual of interest, or both.

17. In all cases, the Debtors' failure to pay the income/taxes and/or business and occupation taxes and business license fees could have a material adverse impact on their ability to operate their businesses in the ordinary course. In the ordinary course, the Debtors provide telecommunications and networking equipment, capacity and capability to both service provider and enterprise customers across multiple taxing jurisdictions, and any disputes that could impact their ability to conduct business in a particular jurisdiction could have a wide-ranging and adverse effect on the Debtors' operations as a whole.

18. The Debtors' ability to timely pay the taxes and fees owed to the Authorities in the ordinary course is in the best interests of the Debtors' estates and creditors. Given the above stated facts, ample cause exists to supplement the Taxes and Fees Order to provide for a prepetition cap on income/franchise tax payments and/or business and occupation taxes and business license fees.

19. Nothing contained herein is intended or should be construed as: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim on any grounds or assert any counterclaims or affirmative defenses; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute a Taxes or Fees Claim; or (v) a request to assume any executory contract or unexpired lease, pursuant to section 365 of the Bankruptcy Code.

### Request for Waiver of Stay

20. The Debtors further seek a waiver of any stay of the effectiveness of the order approving the Motion. Pursuant to Rule 6004(h) of the Bankruptcy Rules, "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 10 days after entry of the order, unless the court orders otherwise." As set forth above, the immediate performance of the obligations related to the Income/Franchise Tax and/or Business and Occupation Taxes and Business License Fees Amendment is essential to prevent potentially irreparable damage to the Debtors' operations, value and ability to reorganize. Accordingly, the Debtors submit that ample cause exists to justify a waiver of the ten-day stay imposed by Bankruptcy Rule 6004(h), to the extent that it applies.

### Notice

21. Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) Office of the United States Trustee for the District of Delaware; (ii) the Committee; and (iii) the general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

### No Prior Request

22. No prior request for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: March 6, 2009
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Thomas F. Driscoll III (No. 4703)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
Phone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*