IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X
                                                          :
                                                          :    Chapter 11
In re                                                     :
                                                          :    Case No. 09- 10138 (KG)
Nortel Networks Inc., et al.,[1]                          :
                                                          :
            Debtors.                                      :
                                                          :
                                                          :
----------------------------------------------------------X

**STATEMENT OF GERALD D. NEENAN PURSUANT TO FED. R. BANKR. P. 2014
AND ORDER AUTHORIZING DEBTORS TO EMPLOY, RETAIN AND
COMPENSATE PROFESSIONALS IN THE ORDINARY COURSE**

Gerald D. Neenan being duly sworn, upon his oath, deposes and says:

1.  I am a member of Neal & Harwell, PLC located at 150 Fourth Avenue North, Suite 2000, Nashville, TN 37219 (the "Firm").

2.  The Firm has been retained by the above-captioned Debtors (the "Debtors") pursuant to the Order Authorizing the Retention and Payment of Professionals Utilized in the Ordinary Course *nunc pro tunc* to the Petition Date, dated February 25, 2009 (D.I. 236) (the "Order") to provide services to the Debtors.

3.  The nature and scope of the services to be provided to the Debtors by the Firm are acting as local counsel of record in two civil litigation matters in the United States District Court for the Middle District of Tennessee: (1) a matter which has been dismissed, with

---

[1] The Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

prejudice (the "Completed Litigation"); and (2) In re Nortel Networks Corp. "ERISA" Litigation, MDL Docket No. 3:03-MD-1537 (the "ERISA Class Action Litigation").

4. Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, the Firm hereby confirms that, to the best of its knowledge and belief, except as provided in paragraph 6 below, and other than in connection with providing professional services to the Debtors, it does not have any connection with the Debtors, the creditors, the United States Trustee, any person employed by the United States Trustee or any other party with an actual or potential interest in their chapter 11 cases or their respective attorneys or accountants.

5. Pursuant to the Order, the Firm hereby confirms that is does not represent any interest adverse to the Debtors or the Debtors' estates in the matters upon which it is engaged.

6. The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to conducting these chapter 11 cases, for persons that are parties in interest in these chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be retained by the Debtors, claimants and parties in interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with conducting these chapter 11 cases or have any relationship with any such person, their attorneys or accountants that would be adverse to the Debtors or their estates.

7. Neither I nor any member of the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors, other than reimbursing disbursements or costs owed to third parties on account of services provided to the Debtors, with any other person other than the members and regular employees of the Firm.

8. Neither I nor any member of the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Firm is to be retained.

9. The Debtors owe the Firm $25,980.45 for prepetition services, the payment of which is subject to limitations contained in the Bankruptcy Code, 11 U.S.C. §§ 101 et seq.

10. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its retention, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 11, 2009

By: _____
GERALD D. NEENAN