IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re*                                             :    Chapter 11
:
:    Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                  :
:
Debtors.                          :    Jointly Administered
:
:
:
---------------------------------------------------------X

**AFFIDAVIT PURSUANT TO FED. R. BANKR. P. 2014 AND ORDER AUTHORIZING DEBTORS TO EMPLOY, RETAIN AND COMPENSATE PROFESSIONALS IN THE ORDINARY COURSE**

James Scott, being duly sworn, deposes and says:

1. I am a partner of Ernst & Young LLP ("E&Y LLP"), with an office at 4130 ParkLake Avenue, Suite 500, Raleigh, NC 27612-2299. I provide this Affidavit on behalf of E&Y LLP in support of the retention of E&Y LLP by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to the Order Authorizing the Retention and Payment of Professionals Utilized in the Ordinary Course *nunc pro tunc* to the Petition Date, dated February 5, 2009 (D.I. 236) (the "Order").

2. The facts set forth in my affidavit are based upon my personal knowledge, information and belief, and upon client matter records kept in the ordinary course of business that were reviewed by me or other employees of E&Y LLP under my supervision and direction.

---

[1] The Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

The procedures pursuant to which E&Y LLP determined whether there were any connections between E&Y LLP and interested parties in these chapter 11 cases is described below. The results of that investigation are set forth herein and in Exhibit 1 appended hereto.

3. The nature and scope of the services to be provided to the Debtors by E&Y LLP pursuant to the order are indirect tax services (including sales and use tax compliance, sales and use tax audit assistance, sales and use tax consulting and refund and credit services).

4. In connection with E&Y LLP's proposed retention by the Debtors, E&Y LLP has searched the names of the entities provided by the Debtors that E&Y LLP has determined fall within the following categories:

    (a)    Debtors;

    (b)    Debtors' Attorneys (general counsel and special bankruptcy counsel);

    (c)    Debtor's Other Professionals retained in connection with these Chapter 11 Cases;

    (d)    Non-Debtor Affiliates;

    (e)    Non-Debtor Affiliates' Attorneys;

    (f)    Non-Debtor Affiliates' Other Professionals retained in connection with these chapter 11 cases;

    (g)    Debtors' Officers;

    (h)    Debtors' Officers' Attorneys retained in connection with these Chapter 11 Cases;

    (i)    Debtors' Officers' Other Business Affiliations;

    (j)    Debtors' Directors;

    (k)    Debtors' Directors' Attorneys retained in connection with these Chapter 11 Cases;

    (l)    Debtors' Directors' Other Business Affiliations;

(m) Debtors' Major Shareholders (5% or more);

(n) Debtors' Major Shareholders' Attorneys retained in connection with these chapter 11 cases;

(o) All Secured Lenders, including DIP lenders;

(p) All Secured Lenders' Attorneys retained in connection with these Chapter 11 Cases;

(q) All Substantial Unsecured Bondholders or Lenders;

(r) All Substantial Unsecured Bondholders or Lenders' Attorneys retained in connection with these chapter 11 cases;

(s) All Indenture Trustees;

(t) All Indenture Trustees' Attorneys retained in connection with these Chapter 11 Cases;

(u) Official Statutory Committees Members (All Committees);

(v) Official Statutory Committees' Attorneys (for each Official Committee);

(w) Official Statutory Committees' Other Professionals retained by each Official Committee;

(x) Official Statutory Committees Members' Attorneys retained in connection with these chapter 11 cases;

(y) Forty Largest Unsecured Creditors (as of the date of filing);

(z) Forty Largest Unsecured Creditors' Attorneys retained in connection with these chapter 11 cases;

(aa) Parties to the Debtors' Significant Executory Contracts and Leases;

(ab) Parties to the Debtors' Significant Executory Contracts and Leases Attorneys retained in connection with these chapter 11 cases;

(ac) Other Significant Parties-in-Interest including parties in material litigation against the Debtors; and/or parties to potential significant transactions with the Debtors; and

(ad) Other Significant Parties-in-Interest Attorneys retained in connection with these chapter 11 cases.

5. E&Y LLP has not received from the Debtors, or does not know of, any persons or entities that would fall into categories (e), (f), (h), (i), (k), (l), (m), (n), (p), (r), (s), (t), (u), (v), (w), (x), (z), (ab) and (ad) set forth above. As to those persons or entities identified in the remaining categories set forth above, E&Y received from the Debtors lists of such parties, as listed on Exhibit 1 attached hereto, and searched or caused to be searched certain databases to determine whether E&Y LLP has provided in the recent past or is currently providing services to the parties-in-interest listed in Exhibit 1. To the extent that E&Y LLP's research of relationships with parties-in-interest in these chapter 11 cases indicated that E&Y LLP has had in the recent past, or currently has, a client relationship with such parties-in-interest in matters unrelated to these chapter 11 cases, E&Y LLP has so indicated in the attached Exhibit 1 to the Affidavit. Should additional significant relationships with parties-in-interest become known to E&Y LLP, a supplemental affidavit will be filed by E&Y LLP with the Court.

6. E&Y LLP, a Delaware limited liability partnership, and Ernst & Young LLP, an Ontario limited liability partnership ("E&Y (Canada)"), are separate legal entities. While they have, through various agreements, a close operational relationship, that, *inter alia*, provides for certain shared costs and services and mutual financial support, the two firms do not share their profits or their fees on professional engagements.

7. The Ernst & Young global network encompasses independent professional services practices conducted by separate legal entities throughout the world. Such legal entities are members of Ernst & Young Global Limited ("EYGL"), a company incorporated under the laws of England and Wales and limited by guarantee, with no shareholders and no capital. The member firms of EYGL have agreed to operate certain of their professional practices in

accordance with agreed standards, but remain separate legal entities. E&Y LLP and E&Y (Canada) are members of EYGL.

8.  E&Y has conducted research with respect to services provided by E&Y (Canada) in the recent past to the parties listed in Exhibit 1 attached hereto. To the extent that E&Y's research of relationships with the interested parties indicated that E&Y (Canada) has provided in the recent past or is currently providing services to any of these entities in matters unrelated to these chapter 11 cases, E&Y has so indicated in the attached Exhibit 1 to this Affidavit. Should additional relationships with parties in interest become known to E&Y, a supplemental affidavit will be filed by E&Y with the Court.

9.  On November 30, 2004, Ernst & Young U.S. LLP (an affiliate of E&Y LLP) transferred all of its equity ownership in Ernst & Young Corporate Finance LLC ("EYCF") to Giuliani Partners LLC (the "Transaction"). As a result, EYCF became a subsidiary of Giuliani Partners LLC ("GP") and changed its name to Giuliani Capital Advisors LLC ("GCA"). As a consequence of the Transaction, Ernst & Young U.S. LLP no longer has any direct or indirect ownership interest in EYCF, nor in GCA. Given the absence of an ownership relationship, E&Y LLP believes that it is not necessary, in performing connections checks for work performed by E&Y LLP on and after December 1, 2004, to review connections that either EYCF or GCA may have or have had, nor to search either of those entities' databases for like information, and E&Y LLP has in fact not undertaken such research.

10. Pursuant to a January 14, 2009 order of the Ontario Superior Court of Justice, Ernst & Young Inc., a Canadian corporation ("EYI"), another EYGL member firm, is the court-appointed "Monitor" of the Debtors' Canadian ultimate corporate parent, Nortel Networks Corporation ("NNC"), Nortel Network Inc's Canadian direct corporate parent, Nortel Networks

Limited ("NNL") and certain other Canadian subsidiaries, under the Companies Creditors' Arrangement Act (the "CCAA") in a concurrent insolvency proceeding in Canada (the "CCAA Proceeding"). The CCAA mandates the appointment of a Monitor, which is an independent court officer, to supervise and assist the entities subject to the CCAA Proceeding. The duties of the Monitor include reporting to the Canadian court on the business and financial affairs of the CCAA petitioners and developing and implementing a CCAA plan. EYI continues to serve as the Monitor in the CCAA Proceeding.

11.  On January 14, 2009, the English High Court of Justice (the "English Court") placed nineteen of Nortel's European affiliates, including Nortel Networks UK Limited, (collectively, the "EMEA Companies") into administration under the control of individuals from Ernst & Young UK, another EYGL member firm. On January 28, 2008, the EMEA Companies each obtained an administration order from the English Court under the Insolvency Act of 1986 ("IA"). Under the terms of the orders, Ernst & Young UK, has been appointed as administrator of each of the EMEA Companies and will continue to manage the EMEA Companies and operate their businesses under the jurisdiction of the English Court and in accordance with the applicable provisions of the IA.

12.  Prior to the Petition Date, NNL and E&Y Canada entered into engagement agreements for E&Y Canada to perform certain services, including expatriate tax services and transfer pricing services. These engagement agreements permitted E&Y Canada to subcontract work under them to other EYGL firms, where work was required to be performed in other countries. To the extent that such services were required to be performed with respect to matters in the United States, E&Y Canada would subcontract such services to E&Y LLP and E&Y

Canada would pay E&Y LLP directly for such services. E&Y LLP understands this subcontracting will continue during the Debtors' bankruptcy cases.

13. As part of its practice, E&Y LLP appears in cases, proceedings and transactions involving many different attorneys, financial advisors and creditors, some of which may represent or be claimants and/or parties in interest in these chapter 11 cases. E&Y LLP will have no relationship with any such entity, attorney or financial advisor that would be materially adverse to the Debtors in respect of the matters for which E&Y LLP is retained under the Order. E&Y LLP believes that the professionals closely associated with the Debtors' chapter 11 cases listed on Exhibit 2 have provided in the past and/or are currently providing services to E&Y LLP. The Debtors' bankruptcy counsel, Cleary Gottlieb, has provided in the past and is presently providing services to E&Y LLP which are unrelated to the Debtors or these cases.

14. E&Y LLP is currently a party or participant in certain litigation matters involving parties-in-interest in these chapter 11 cases, as described on Exhibit 3.

15. E&Y LLP has thousands of professional employees. It is possible that certain employees of E&Y LLP may have business associations with parties in interest in these chapter 11 cases or hold securities of the Debtors or interests in mutual funds or other investment vehicles that may own securities of the Debtors.

16. To the best of my knowledge, information and belief, formed after reasonable inquiry, none of the services rendered by E&Y LLP to the entities set forth in Exhibit 1 hereto have been in connection with the Debtors or these chapter 11 cases. E&Y LLP believes that these relationships will not impair E&Y LLP's ability to objectively perform professional services on behalf of the Debtors. E&Y LLP will not accept any engagement that would require

E&Y LLP to represent an interest materially adverse to the Debtors with respect to the matters for which E&Y LLP is retained under the Order.

17. Certain entities that are parties in interest are lenders to E&Y LLP: Barclays Bank, Citibank, Fifth Third Bank, JP Morgan Chase, PNC, Wachovia Bank and Wells Fargo participate in E&Y LLP's revolving credit program and E&Y LLP has borrowed long-term debt from Prudential and Fidelity & Deposit Company of Maryland.

18. E&Y LLP may perform services for its clients that relate to the Debtors merely because such clients may be creditors or counterparties to transactions with the Debtors and such clients' assets and liabilities may thus be affected by the Debtors' status. The disclosures set forth herein do not include specific indication of such services. If such clients of E&Y LLP are potential parties in interest in these cases, Exhibit 1 hereto indicates that they are also clients of E&Y LLP.

19. Despite the efforts described above to identify and disclose connections with parties-in-interest in these chapter 11 cases, because the Debtors are a large enterprise with numerous creditors and other relationships, E&Y LLP is unable to state with certainty that every client representation or other connection of E&Y LLP with parties-in-interest in these chapter 11 cases has been disclosed herein. In this regard, if E&Y LLP discovers additional information that requires disclosure, E&Y LLP will file supplemental disclosures with the Court.

20. E&Y LLP continues to research connections to the following 7 parties in interest: Amalgamated Bank; Oppenheimer & Co., Inc.; JCP&L; Empire Indemnity; Micron; Zurich Insurance Company and Hitachi Cable. To the extent E&Y LLP's research discloses connections to these parties E&Y LLP will promptly supplement this Affidavit.

21. To the best of my knowledge, information and belief, prior to January 14, 2009 (the "Petition Date"), E&Y LLP performed certain professional services for the Debtors, including indirect tax and account analysis review work. At the Debtors' request, E&Y LLP has provided services for the Debtors since the Petition Date. Thus, E&Y LLP has requested that its retention be authorized effective as of the Petition Date.

22. The Debtors owe E&Y LLP $133,058 for prepetition services, the payment of which is subject to limitations contained in the Bankruptcy Code, 11 U.S.C. §§ 101 et seq.

23. E&Y LLP and the professionals that it employs are qualified to represent the Debtors in the matters for which E&Y LLP is proposed to be employed.

24. Except as otherwise set forth herein, E&Y LLP has not shared or agreed to share any of its compensation in connection with this matter with any other person.

25. If E&Y LLP should discover any facts bearing on the matters described herein, E&Y LLP will supplement the information contained in this Affidavit.

26. To the best of my knowledge, information and belief formed after reasonable inquiry, E&Y LLP does not hold nor represent any interest materially adverse to the Debtors or their estates with respect to the matters for which E&Y LLP is to be retained under the Order.

_____
James Scott

Dated: 3/12/09

Sworn to and subscribed before me this 12 day of March, 2009

_____
Notary Public

My Commission Expires: December 27, 2009

[Notary Seal: GLORIA FRANKS, NOTARY PUBLIC, WAKE COUNTY, NC]