# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re*                                    : Chapter 11
:
Nortel Networks Inc., *et al.*,[1]         : Case No. 09-10138 (KG)
:
           Debtors.              : Jointly Administered
:
: Objections due: April 2, 2009 at 4 p.m.
:
------------------------------------------------------------X

## FIRST INTERIM APPLICATION OF CLEARY GOTTLIEB STEEN & HAMILTON LLP, AS ATTORNEYS FOR DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD JANUARY 14, 2009 THROUGH JANUARY 31, 2009

| | |
|---|---|
| Name of Applicant: | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| Authorized to provide professional services to: | Debtors |
| Date of retention: | February 4, 2009 *nunc pro tunc* to January 14, 2009 |
| Period for which compensation and reimbursement is sought: | January 14, 2009 through January 31, 2009 |
| Amount of compensation sought as actual, reasonable and necessary: | $ 1,332,922.00 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $ 40,486.21 |

This is an __x__ interim ___ final application

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

The total time expended for fee application preparation is approximately 86.20 hours and the corresponding compensation requested is approximately $30,110.[2]

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

---

[2] Allowance for compensation for such time is not requested in this application but will be sought in a subsequent fee application, except for $633.50 for work performed in January, which is being requested in this application.

## COMPENSATION BY PROFESSIONAL

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

January 14, 2009 through January 31, 2009[3]

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| JANE KIM | Associate | $ 605.00 | 192.5 | $ 116,462.50 |
| JAMES BROMLEY | Partner - Bankruptcy, Litigation | 940.00 | 160.9 | 151,246.00 |
| LOUIS LIPNER | Associate | 350.00 | 120.6 | 42,210.00 |
| JAMES DOGGETT | Associate | 350.00 | 118.9 | 41,615.00 |
| LISA M. SCHWEITZER | Partner - Bankruptcy, Litigation | 870.00 | 117 | 101,790.00 |
| NORA SALVATORE | Associate | 495.00 | 107.8 | 53,361.00 |
| MEGAN FLEMING | Associate | 430.00 | 105.5 | 45,365.00 |
| JEREMY LACKS | Associate | 350.00 | 101.1 | 35,385.00 |
| CARSTEN FIEGE | Associate | 580.00 | 85.6 | 49,648.00 |
| CRAIG B. BROD | Partner - Corporate | 980.00 | 76.5 | 74,970.00 |
| MARY E. ALCOCK | Counsel – Employee Benefits | 800.00 | 65.7 | 52,560.00 |
| NEIL WHORISKEY | Partner - M&A, Corporate | 940.00 | 64.6 | 60,724.00 |
| GEROLAMO DA PASSANO | Associate | 605.00 | 64.6 | 39,083.00 |
| SANDRINE A. COUSQUER | Associate | 605.00 | 62.2 | 37,631.00 |
| LAURA WHITE | Paralegal | 210.00 | 61.4 | 12,894.00 |
| SANDRA FLOW | Partner - Corporate | 910.00 | 56 | 50,960.00 |
| ALEX FURSENKO | Associate | 350.00 | 55.1 | 19,285.00 |
| KRISTINE J. KALANGES | Associate | 350.00 | 49.1 | 17,185.00 |
| LEAH LAPORTE | Associate | 350.00 | 48.7 | 17,045.00 |
| ALEXANDER BENARD | Associate | 350.00 | 42.7 | 14,945.00 |
| EMILY LIU | Associate | 350.00 | 39.3 | 13,755.00 |
| JOSHUA KALISH | Associate | 350.00 | 37.9 | 13,265.00 |
| CARISSA L. ALDEN | Associate | 350.00 | 35.4 | 12,390.00 |
| LEONARD C. JACOBY | Partner - Intellectual Property | 545.00 | 33.2 | 18,094.00 |
| CHARLES-ANTOINE WAUTERS | Associate | 910.00 | 33.2 | 30,212.00 |
| CHIN YEOH | Associate | 495.00 | 30.5 | 15,097.50 |
| HUA PAN | Associate | 350.00 | 28.5 | 9,975.00 |
| CHRISTIAN ANNEN | Solicitor Trainee | 290.00 | 26.1 | 7,569.00 |
| KATHERINE WEAVER | Associate | 350.00 | 24.6 | 8,610.00 |
| STEPHANIE CANNULI | Paralegal | 210.00 | 19.3 | 4,053.00 |
| ZACHARY KOLKIN | Associate | 350.00 | 19 | 6,650.00 |

---

[3] Arranged in descending order according to Total Billed Hours.

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| WANDA OLSON | Partner - Corporate | $ 980.00 | 17.6 | $ 17,248.00 |
| ABIGAIL SHELDON | Paralegal | 235.00 | 17.3 | 4,065.50 |
| ROBERT GRUSZECKI | Associate | 545.00 | 17 | 9,265.00 |
| STEVEN G. HOROWITZ | Partner - Real Estate, Corporate | 980.00 | 16.8 | 16,464.00 |
| PETER O'KEEFE | Paralegal | 235.00 | 16.7 | 3,924.50 |
| COREY M. GOODMAN | Associate | 430.00 | 15.9 | 6,837.00 |
| ASIMA AHMAD | Paralegal | 235.00 | 13 | 3,055.00 |
| PAUL S. HAYES | Associate | 605.00 | 11.8 | 7,139.00 |
| KATHRYN SMITH | Paralegal | 275.00 | 10.4 | 2,860.00 |
| STEPHEN VALDES | Associate | 545.00 | 10.1 | 5,504.50 |
| ROBIN BAIK | Associate | 430.00 | 9.6 | 4,128.00 |
| STEPHANIE XETHALIS | Paralegal | 235.00 | 8.9 | 2,091.50 |
| SU CHEUNG | Clerk | 140.00 | 8 | 1,120.00 |
| ADAM BRYAN | Solicitor Trainee | 310.00 | 7.7 | 2,387.00 |
| MICHAEL MCDONALD | Partner - M&A, Corporate | 930.00 | 7.5 | 6,975.00 |
| WILLIAM MCRAE | Partner - Tax | 605.00 | 7 | 4,235.00 |
| JESUS BELTRAN | Associate | 870.00 | 7 | 6,090.00 |
| CHRIS MACBETH | Associate | 605.00 | 6.6 | 3,993.00 |
| MEME PEPONIS | Partner - Corporate | 870.00 | 5.1 | 4,437.00 |
| JONATHAN REINSTEIN | Paralegal | 235.00 | 5 | 1,175.00 |
| KIMBERLY SPOERRI | Associate | 350.00 | 4.7 | 1,645.00 |
| LIZ J. STAFFORD | Clerk | 140.00 | 4.7 | 658.00 |
| FABRICE BAUMGARTNER | Partner - Corporate | 980.00 | 4.5 | 4,410.00 |
| KATHLEEN M. EMBERGER | Counsel – Employee Benefits | 495.00 | 4.5 | 2,227.50 |
| DANIEL FERNANDEZ | Associate | 690.00 | 4.5 | 3,105.00 |
| TIHIR SARKAR | Partner - M&A, Corporate | 805.00 | 4 | 3,220.00 |
| JULIE YIP-WILLIAMS | Associate | 605.00 | 3.6 | 2,178.00 |
| ALYSSA PHILLIPS | Associate | 545.00 | 3 | 1,635.00 |
| RUSSELL JONES | Associate | 605.00 | 2.9 | 1,754.50 |
| MARIO MENDOLARO | Associate | 495.00 | 2.8 | 1,386.00 |
| BUNDY CHUNG | Paralegal | 275.00 | 2.5 | 687.50 |
| CONNIE G. CHU | Associate | 325.00 | 2.4 | 780.00 |
| SHAUN GOODMAN | Partner - Corporate | 870.00 | 2.3 | 2,001.00 |
| SEAN A. O'NEAL | Partner - Bankruptcy, Litigation | 350.00 | 2.3 | 805.00 |
| DANIEL P. RILEY | Associate | 725.00 | 2.3 | 1,667.50 |
| LAURA A. ZUCKERWISE | Associate | 350.00 | 2.2 | 770.00 |
| CARINA BADGER | Associate | 605.00 | 2 | 1,210.00 |
| ANA CRISTINA JARAMILLO | Associate | 235.00 | 2 | 470.00 |
| SHAUN KOONT | Paralegal | 325.00 | 2 | 650.00 |
| RICHARD ALVAREZ | Clerk | 140.00 | 2 | 280.00 |
| JASON FACTOR | Partner - Tax | 870.00 | 1.9 | 1,653.00 |

4

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| ELENA V. ROMANOVA | Associate | $ 605.00 | 1.7 | $ 1,028.50 |
| LAWRENCE B. FRIEDMAN | Partner - Litigation | 980.00 | 1.6 | 1,568.00 |
| MICHAEL ALBANO | Associate | 605.00 | 1.5 | 907.50 |
| BETH NAGALSKI | Associate | 235.00 | 1.5 | 352.50 |
| COLIN GIRGENTI | Paralegal | 350.00 | 1.5 | 525.00 |
| JAMES DYE | Paralegal | 235.00 | 1.5 | 352.50 |
| JENNIFER SCOTT | Paralegal | 210.00 | 1.4 | 294.00 |
| JEAN-YVES GARAUD | Partner - Bankruptcy, Litigation | 960.00 | 1.3 | 1,248.00 |
| MICHAEL R. LAZERWITZ | Partner - Litigation | 980.00 | 1.1 | 1,078.00 |
| NIKHIL MEHTA | Partner - Tax | 980.00 | 1 | 980.00 |
| SIMON OVENDEN | Partner - Corporate | 960.00 | 1 | 960.00 |
| MARIA B. RODRIGUEZ | Paralegal | 285.00 | 1 | 285.00 |
| TIM SWEENEY | Clerk | 140.00 | 1 | 140.00 |
| PAUL HYAMS | Clerk | 140.00 | 0.8 | 112.00 |
| A. RICHARD SUSKO | Partner -- Employee Benefits | 980.00 | 0.7 | 686.00 |
| W. RICHARD BIDSTRUP | Counsel - Environmental, M&A | 800.00 | 0.5 | 400.00 |
| ELISABETH M. POLIZZI | Associate | 250.00 | 0.5 | 125.00 |
| FATIMA BENAMIRA | Paralegal | 235.00 | 0.5 | 117.50 |
| ANDREW SELLNAU | Paralegal | 210.00 | 0.5 | 105.00 |
| GABRIELA LOPEZ | Paralegal | 350.00 | 0.5 | 175.00 |
| RAJ PANASAR | Partner - Corporate | 930.00 | 0.3 | 279.00 |
| MARK W. NELSON | Partner - Corporate, Antitrust | 265.00 | 0.3 | 79.50 |
| JULIET A. DRAKE | Associate | 605.00 | 0.3 | 181.50 |
| ELLEN INGERMAN | Research Specialist | 805.00 | 0.3 | 241.50 |
| VICTOR I. LEWKOW | Partner - M&A, Corporate | 980.00 | 0.2 | 196.00 |
| RICHARD V. CONZA | Managing Attorney | 605.00 | 0.2 | 121.00 |
| JENNIFER ROSENBERG | Associate | 235.00 | 0.2 | 47.00 |
| TEMPORARY PARALEGAL | Paralegal | 350.00 | 0.2 | 70.00 |
| LISA MILANO | IT Specialist | 225.00 | 0.2 | 45.00 |
| **Total Hours** | | | 2,388.9 | |
| GRAND TOTAL | | | | $1,332,922.00 |
| BLENDED RATE | | $557.96 | | |

## COMPENSATION BY PROJECT CATEGORY

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

January 14, 2009 through January 31, 2009

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Asset Dispositions | 14.5 | $ 5,954.50 |
| Business Operations | 3.0 | 1,997.00 |
| Case Administration | 787.7 | 390,549.00 |
| Claims Administration and Objections | 42.2 | 17,130.00 |
| Debtor in Possession Financing | 52.5 | 35,530.00 |
| Creditors Committee Matters | 74.3 | 57,124.00 |
| M&A Advice | 340.0 | 219,032.50 |
| Employee Matters | 196.2 | 110,171.00 |
| Customer Issues | 67.5 | 34,822.00 |
| Supplier Issues | 429.7 | 237,701.00 |
| Tax | 43.2 | 26,477.00 |
| Intellectual Property | 79.2 | 50,688.50 |
| Regulatory | 127.2 | 67,795.00 |
| Chapter 15 | .4 | 342.50 |
| Canadian Coordination | 9.7 | 6,963.00 |
| Non-Canadian International Coordination | 34.7 | 25,791.00 |
| Fee and Employment Applications | 1.5 | 633.50 |
| Litigation | 6.0 | 2,564.00 |
| General Corporate | 5.8 | 4,484.00 |
| Real Estate | 73.6 | 37,172.50 |
| **TOTAL** | **2,388.9** | **$1,332,922.00** |

## EXPENSE SUMMARY

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

January 14, 2009 through January 31, 2009

| Expense Category | | Total Expenses |
|---|---|---|
| Telephone | | $ 2,105.38 |
| Travel – Transportation | | 12,276.60 |
| Travel – Lodging | | 2,535.62 |
| Travel – Meals | | 219.46 |
| Mailing and Shipping Charges | | 1,283.48 |
| Scanning Charges (at 0.10/page) | | 27.70 |
| Duplicating Charges (at 0.10/page) | | 4,098.63 |
| Color Duplicating Charges (at 0.65/page) | | 57.85 |
| Facsimile Charges (at 1.00/page) | | 381.00 |
| Legal Research | Lexis | 7,914.00 |
| | Westlaw | 8,966.88 |
| Other Charges (see Exhibit B for detail) | | 619.61 |
| Grand Total Expenses | | $40,486.21 |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
|                                      :
*In re*                                 :    Chapter 11
                                       :
Nortel Networks Inc., *et al.*,[1]      :    Case No. 09-10138 (KG)
                                       :
                      Debtors.    :    Jointly Administered
                                       :
                                       :    **Objections due: April 2, 2009 at 4 p.m.**
                                       :
------------------------------------------------------------X

**FIRST INTERIM APPLICATION OF CLEARY GOTTLIEB STEEN & HAMILTON LLP, AS ATTORNEYS FOR DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD JANUARY 14, 2009 THROUGH JANUARY 31, 2009**

Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb"), counsel for Nortel Networks Inc. and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), submits this application (the "Application") for interim allowance of compensation for professional services rendered by Cleary Gottlieb to the Debtors for the period January 14, 2009 through January 31, 2009 (the "Application Period") and reimbursement of actual and necessary expenses incurred by Cleary Gottlieb during the Application Period under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the United States

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines"), and the Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (D.I. 293) (the "Interim Compensation Procedures Order"). In support of this Application, Cleary Gottlieb represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

## BACKGROUND

**A.   Introduction**

3. On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates

2

(collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as foreign representative for the Canadian Debtors, has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. In addition, at 8 p.m. on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates into administration under the control of individuals from Ernst & Young LLC (collectively, the "EMEA Debtors").[3]

6.     On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that provided for the joint administration of these cases and for consolidation for procedural purposes only.

7.     On January 26, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code (D.I.s 141, 142). No trustee or examiner has been appointed in the Debtors' cases.

**B.     Debtors' Corporate Structure and Business**

---

[2]     The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[3]     The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S , Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B V , Nortel Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

8.  A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases are set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications.

## CLEARY GOTTLIEB'S RETENTION

9.  Prior to the Petition Date, the Debtors engaged Cleary Gottlieb as counsel in connection with potential bankruptcy filings by the Debtors. On February 4, 2009, this Court entered the Order Authorizing the Retention and Employment of Cleary Gottlieb Steen & Hamilton LLP as Counsel for the Debtors nunc pro tunc to the Petition Date (D.I. 221).

## FEE PROCEDURES ORDER

10.  On February 4, 2009, the Court entered the Interim Compensation Procedures Order (D.I. 222), which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.[4]

11.  In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each calendar month. Provided that there are no objections to such Monthly Fee Application filed within twenty (20) days after the service of a Monthly Fee Application, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application. If a partial objection to the Monthly Fee Application is filed, then the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

12.  During the Application Period, Cleary Gottlieb provided extensive services on an

---

[4] Capitalized terms used but not defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

expedited basis to coordinate the efficient commencement of these chapter 11 cases, such as preparing for the first day hearing on the motions submitted concurrently with the Debtors' respective petitions. With the aid of Cleary Gottlieb and Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols"), the Debtors were successful in obtaining certain relief essential to their orderly transition into these chapter 11 proceedings, including, without limitation, authorization to (a) make certain critical payments to employees; (b) maintain the Debtors' cash management system; (c) pay certain taxes and fees; (d) maintain critical customer programs; (e) make certain insurance payments; (f) protect critical assets of the Debtors by restricting certain trading activity in certain securities; and (g) establish certain administrative relief.

13.     Cleary Gottlieb and Morris Nichols also expended substantial time and efforts assisting the Debtors in coordinating the chapter 11 cases with the foreign insolvency proceedings filed by the Canadian Debtors and EMEA Debtors. For example, the Debtors and their Canadian Debtor affiliates, with the assistance of Cleary Gottlieb and Morris Nichols, established a cross-border protocol that was entered by this Court and the Canadian Court. Cleary Gottlieb also has worked extensively with counsel for the Canadian Debtors, the monitor in the Canadian Proceedings and counsel for the administrator in the EMEA Debtors' proceedings to ensure that the various insolvency proceedings proceed in a coordinated manner, particularly with respect to significant issues that involve Nortel's operations on a global basis.

14.     Cleary Gottlieb and Morris Nichols also assisted the Debtors in effectively addressing many of the emergent issues and other matters which occur at the commencement of a chapter 11 case involving vendors, suppliers, customers, creditors, employees and governmental agencies, which were further complicated because of the international nature of the Debtors' operations. In this regard, Cleary Gottlieb responded to numerous inquiries by vendors, suppliers, creditors and other interested parties. Moreover, Cleary Gottlieb and Morris Nichols also assisted the Debtors in seeking additional relief from

the Court with regards to employees and customers, as well as foreign vendors in the Debtors' foreign branch offices.

15. Cleary Gottlieb and Morris Nichols also assisted the Debtors in seeking authority to retain the professionals utilized by the Debtors during these cases as well as in the ordinary course of their businesses, and coordinating the information flow to and among these professionals, and has endeavored to ensure that such professionals comply with the Local Rules and the U.S. Trustee Guidelines.

### RELIEF REQUESTED

16. Cleary Gottlieb submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered as bankruptcy counsel for the Debtors in these cases for the period from the Petition Date through January 31, 2009, and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Debtors during that same period.

17. During the period covered by this Application, Cleary Gottlieb incurred fees in the amount of $1,332,922.00. For the same period, Cleary Gottlieb incurred actual, reasonable and necessary expenses totaling $40,486.21. With respect to these amounts, as of the date of this Application, Cleary Gottlieb has received no payments.

18. Set forth on the foregoing "Compensation by Project Category" is a summary by subject matter categories of the time expended by timekeepers billing time to these cases.

19. Exhibit A attached hereto contains logs, sorted by case project category, which show the time recorded by professionals, paralegals and other support staff and descriptions of the services provided.

20. Exhibit B attached hereto contains a breakdown of disbursements incurred by Cleary Gottlieb during the Application Period.

6

21. Cleary Gottlieb charges $0.10 per page for photocopying.

22. Cleary Gottlieb charges $1.00 per page for outgoing domestic facsimiles and does not charge for incoming facsimiles.

23. In accordance with Local Rule 2016-2, Cleary Gottlieb has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

24. Cleary Gottlieb has endeavored to represent the Debtors in the most expeditious and economical manner possible. Tasks have been assigned to attorneys, paralegals, and other support staff at Cleary Gottlieb so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter. Moreover, Cleary Gottlieb has endeavored to coordinate with Morris Nichols and the other professionals involved in these cases so as to minimize any duplication of effort and to minimize attorneys' fees and expenses to the Debtors. We believe we have been successful in this regard.

25. No agreement or understanding exists between Cleary Gottlieb and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

26. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his or her information, knowledge and belief that this Application complies with that Rule.

**WHEREFORE**, Cleary Gottlieb respectfully requests that this Court: (a) allow Cleary Gottlieb (i) interim compensation in the amount of $1,332,922.00 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period January 14, 2009 through January 31, 2009, and (ii) interim reimbursement in the amount of 40,486.21 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the Debtors to pay to Cleary Gottlieb the amount of $1,066,337.60 which is equal to the sum of 80% of Cleary Gottlieb's allowed interim compensation and 100% of Cleary Gottlieb's allowed expense reimbursement; and (c) grant such other and further relief as the Court deems just and proper.

Dated:  March 13, 2009
        Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

_____
James L. Bromley
Lisa M. Schweitzer
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

*Counsel for the Debtors and Debtors-in-Possession*

8