**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| Nortel Networks Inc., et al., | : | Case Number 09-10138 (KG) |
| | | (Jointly Administered) |
| Debtors. | : | |

### OBJECTION OF AN UNSECURED CREDITOR (Russell T. Schooley) TO DEBTOR'S MOTION FOR AN ORDER SEEKING APPROVAL OF KEY EMPLOYEE RETENTION PLAN AND KEY EXECUTIVE INCENTIVE PLAN, AND CERTAIN OTHER RELATED RELIEF

In support of his objection to the Debtors' motion seeking approval of a key employee retention plan and key executive incentive plan (the "KERP/KEIP Motion"), Russell T. Schooley states:

### INTRODUCTION

1. As an unsecured creditor of the Debtors (Nortel Networks, Inc., et al.), I understand that I have the right to an objection of the aforementioned "KERP/KEIP Motion". The purpose of this document is simply to exercise that right and state my objection for consideration by the Court.

2. This objection is in regards to the "Proposed Order Authorizing Key Executive Incentive Plan for SLT Executives", which is referred to as "Exhibit B" within the "KERP/KEIP Motion".

### PLEA FOR CONSIDERATION OF TARDY OBJECTION

3. Knowing that this objection will not be received by the Court in time to be compliant with the deadline of "March 13th, 2009 at 4:00pm ET" as specified within the "KERP/KEIP Motion", I ask that the Court respectfully consider excusing the tardiness and proceed with consideration of the objection based upon the following items:

    - Being an individual without a legal education and background,

        i. I was initially unaware that such a motion could be proposed by the Debtors.

        ii. I was initially unaware of my right as an unsecured creditor to such an objection.

        iii. I was not well versed in the need to follow the case closely and object to motions, such as this one to which I disagree, in a timely fashion.

    - Keeping in mind the items mentioned above, the "KERP/KEIP Motion" did not come to my attention until March 6th, 2009. Since then my time has been primarily consumed with learning about my rights to objection as an unsecured creditor, attempting to seek legal counsel for representation on my behalf, to no avail I might add, and finally seeking advice and guidance of a Court representative whom I reached by phone and who was finally able to describe to me the procedure and essential informational items necessary

to submit this objection. That left me with insufficient time to adequately draft this objection and have it submitted by the "March 13th, 2009 at 4:00pm ET" deadline.

## GROUNDS/BASIS FOR RELIEF

4. The Debtors' KERP/KEIP Motion seeks court approval of the following:

   - A key employee retention plan (the "KERP")

   - A key employee incentive plan (the "KEIP")

   - Certain additional retention payments that are not part of either plan.

5. Three classes of persons are sought to be benefitted by such relief:

   - 5 members of the "senior leadership team" (SLT)

   - Approximately 46 members of the "executive leadership team" (ELT) (plus 2 other persons being treated as such for purposes of the Motion)

   - Approximately 446 "key employees"

## CURRENT STATUS

6. As I understand it the relief plans proposed in the "KERP/KEIP Motion" have already been approved as proposed with respect to all Eligible Employees of the Debtors other than the members of the SLT of the Debtors.

   - Refer to order that Motion is GRANTED for Exhibit A – Proposed Order Authorizing Key Employee Retention Plan and Key Executive Incentive Plan for Non-SLT Executives and Certain Other Related Relief of the "KERP/KEIP Motion".

7. What remains and is under consideration by the Court now is the relief plans proposed in the "KERP/KEIP Motion" for the 5 members of the SLT of the Debtors.

## BASIS FOR OBJECTION

8. As members of the SLT of the Debtors this small group of individuals is ultimately entrusted with and duly compensated for the leadership and direction of Nortel Networks, Inc. Under their leadership and direction the company has ultimately arrived in your Court seeking protection from their creditors in the form of Chapter 11 Bankruptcy. Now, in an attempt to reverse their direction and bring the company out of Bankruptcy, these same individuals are proposing a plan entitling themselves to lavish incentives (i.e. 100% to 183% of their base salary). I humbly ask the Court to consider the ethics, integrity and justification for such a proposal.

9. In defense to the aforementioned statement of their leadership and direction ultimately resulting in the current Nortel Networks, Inc. Chapter 11 Bankruptcy case, the Debtors' SLT may cite the current economic downturn as the reasoning behind the current financial predicament of Nortel Networks, Inc. In that case I ask the Court to ponder why other corporate entities in the same market space (e.g. Ericsson, Nokia-Siemens, Cisco, etc.) are not experiencing the same degree of

difficulty in coping with the economy. In other words, why are they seemingly immune to the need for Chapter 11 Bankruptcy protection when competing in the same market space under the same economic conditions? Could it be that their SLT chose different leadership decisions and chose to lead their corporations in different directions than the Debtors' SLT? Once again I humbly ask the Court to consider whether the members of the SLT of the Debtors are justified and deserving of the incentives being proposed.

10. Citing once again the current economic downturn, it has resulted in many folks, involuntarily and through no fault of their own, being displaced from their source of employment. Many of these folks, executives included, are experiencing an increasingly difficult challenge in obtaining alternate employment. Although the "KERP/KEIP Motion" points out that that the KEIP complies with the Bankruptcy code and is consistent with employee incentive plans approved in other Chapter 11 cases, I ask the court to sincerely consider whether such an incentive plan is warranted under the ever worsening current economic climate. Does it really make sense for the members of the Debtors' SLT, all of whom currently occupy prestigious, generously compensated positions within their respective company, to require additional incentive money to continue to perform in their current employed positions in an environment and economic climate when so many folks are simply desperately seeking employment?

11. In response to the question posed in the previous item, a defensive statement may be made that the members of the SLT of the Debtors are considered highly talented and highly qualified professionals who are competitively sought after in any economic climate; therefore, these incentives are warranted. If that is the case, I ask the Court to sincerely question how a company under the direction and leadership of such talented individuals ends up in your Court seeking protection from creditors in the form of Chapter 11 Bankruptcy.

12. As a result of the Debtors' Chapter 11 Bankruptcy declaration all former employees of the Debtors who were contracted to receive severance package benefits stopped receiving compensatory benefits after the January 16th, 2009 Nortel Networks, Inc. payroll. In addition, their associated health benefits were prematurely terminated on February 6th, 2009. The resulting effect is that many states are now having to compensate those individuals out of their already rapidly depleting unemployment insurance budgets. In addition, many former employees of the Debtors who were involuntarily asked to leave Nortel Networks, Inc. are now without health benefits and may not be able to make financial ends meet now that they have been stripped of their contracted severance compensation. In some cases the lost health benefits were in the form of a family plan and the resulting loss impacts the employee's spouse and/or children as well. I humbly ask that the Court bear in mind these costly impacts when evaluating their decision on whether or not to grant the motion for the proposed KEIP incentives for the members of the SLT of the Debtors, as these individuals were most certainly the knowing decision makers behind the decisions which have resulted in these far reaching, costly impacts.

13. Lastly, I ask the Court to consider the equitable fairness for members of the SLT of the Debtors to be eligible to receive generous (100% to 183% of base salary) additional compensation in the form of KEIP incentives when the company cannot currently afford to fulfill its contracted severance agreements to former employees, some of whom dedicated a majority, if not all of their professional careers to Nortel Networks, Inc. Furthermore, employees of the Debtors who have been or are being terminated since the Debtors' Chapter 11 Bankruptcy declaration are not even eligible for any severance or associated benefits.

## CONCLUSION

WHEREFORE, Russell T. Schooley requests that this Court enter an order denying the Proposed Order Authorizing Key Executive Incentive Plan for SLT Executives as a part of the Debtor's Motion for an Order Seeking Approval of Key Employee Retention Plan and Key Executive Incentive Plan, and Certain Other Related Relief.

Respectfully submitted,

RUSSELL T. SCHOOLEY
UNSECURED CREDITOR to the DEBTORS

BY: *Russell T. Schooley*

Russell T. Schooley
1603 Clearmeadow Drive
Allen, Texas 75002
(972)396-9210

Date: March 14, 2009