IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*, :
: Jointly Administered
:
Debtors. :
:
:
:
---------------------------------------------------------X

**INITIAL OBJECTION OF THE AFFILIATES OF VERIZON COMMUNICATIONS INC. TO DEBTORS' MOTION FOR ORDER AUTHORIZING AND APPROVING THE SALE OF CERTAIN NON-CORE ASSETS AND ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS**

The affiliates of Verizon Communications Inc. (collectively, "Verizon")[1] hereby submit this initial Objection to the Debtors' Motion for Order Authorizing and Approving the Sale of Certain Non-Core Assets and Assumption and Assignment of Certain Contracts (the "Sale Motion. In support of this Objection,[2] Verizon respectfully shows the Court as follows:

1. In the Sale Motion, the Debtors seek approval of a transaction by which they propose to sell their "Layer 4-7" business and all related assets to a third-party purchaser. Although a "stalking horse" bidder for the Layer 4-7 business, Radware Ltd. ("Radware"), has been identified, the auction of the Debtors' Layer 4-7 assets will not occur until March 23, 2009,

---

[1] The definition of Verizon includes, without limitation, all wholly-owned subsidiaries of Verizon Communications Inc. (including, without limitation, Verizon Services Corp., Verizon Network Integration Corp., Verizon Business Network Services Inc., Verizon Select Services Inc., MCI Communications, Inc. d/b/a Verizon Business Services and MCI Network Services, Inc., and the operating telephone company subsidiaries of Verizon Communications Inc.) and Cellco Partnership d/b/a Verizon Wireless.

[2] Verizon files this Objection solely with respect to the Sale Motion. Verizon reserves all of its rights with respect to all other matters that the Debtors may bring before this Court, including, without limitation, any other motions that the Debtors may file to sell assets or assume and assign contracts under sections 363 and/or 365 of the Bankruptcy Code.

2573445v5

and thus the identity of the purchaser that ultimately will be proposed by the Debtors is not yet known.

2.      Verizon purchases certain products in the Debtors' Layer 4-7 portfolio -- namely, certain Nortel Application Switches (NAS) that are used for load balancing between application servers in Verizon's data centers -- under a January 1, 2003 Global Business Partner Agreement ("GBPA") between Verizon and the Debtors.  In addition to these products in the Layer 4-7 portfolio, however, Verizon also purchases numerous other products from the Debtors under the GBPA that do not appear to be covered by the Sale Motion.

3.      In connection with the pending Sale Motion, and particularly because the proposed purchaser has not yet been identified definitively, certain information that is critical to Verizon's rights and interests in connection with the proposed sale of the Layer 4-7 business has not yet been provided to Verizon.  Accordingly, Verizon is compelled to file this initial objection to the Sale Motion.  As and when the proposed purchaser is identified and additional, relevant information concerning the proposed transaction is provided to Verizon, Verizon's various questions and concerns may be satisfied, and Verizon may elect to withdraw this initial Objection.  Conversely, however, once the proposed purchaser is identified and the particulars of the transaction are provided to Verizon, Verizon's current concerns may remain unaddressed, and/or further concerns may arise.  Accordingly, Verizon reserves its right to submit a supplemental objection to the Sale Motion in advance of any hearing thereon.[3]  In the interim period prior to the proposed purchaser being identified, and to allow Verizon to commence its

---

[3]     Verizon also points out that the GBPA does not require Verizon to buy any specific volume of Layer 4-7 products, or any such products at all, from the Debtors. Accordingly, Verizon hereby gives notice that it has the right under the GBPA to materially reduce or eliminate the amount of business conducted under that agreement if the Layer 4-7 business is sold to a purchaser that Verizon deems unable to perform its obligations in connection with that portfolio of products.

due diligence, Verizon requests that the Debtors provide to Verizon the identity of each Qualified Bidder (as defined in the Sale Motion) upon such bidder qualifying as a Qualified Bidder.

4. As of the filing of this Objection, and in order to formulate its ultimate position on the Sale Motion, Verizon also needs to know or, as indicated, receive confirmation of, the following:[4]

> ► As of the filing of this Initial Objection, Verizon has not received any Assumption and Assignment Notice with respect to any contract between Verizon and the Debtors and, indeed, has been informed by the Debtors that none of Verizon's contracts with the Debtors, including the GBPA, is being assigned to Radware or any other prospective purchaser. Under the Court's February 27, 2009 Order approving the procedures for the sale of the Layer 4-7 Business (the "Layer 4-7 Procedures Order"), the Debtors were required to serve any such Notice by March 4, 2009. As to this point, Verizon simply needs confirmation, on the record at the hearing on approval of the sale, that the Debtors are not assuming and assigning the GBPA or any other Verizon contract to the purchaser, and are transferring the Layer 4-7 business and related assets to the purchaser without such an assignment.

> ► If the Debtors will retain the GBPA, and because Verizon buys numerous other products from the Debtors under that agreement, what provisions will be made for new contracts between Verizon and the purchaser with respect to the products in the Layer 4-7 portfolio?

> ► If the Debtors will assign the GBPA to the purchaser, and because Verizon buys numerous other products from the Debtors under that agreement, under what contract or set of terms and conditions will such other products still be available to Verizon from the Debtors?

> ► Will the purchaser be both financially and technically able to perform all of the obligations that the Debtors have to Verizon under the GBPA and/or with respect to the Layer 4-7 products, including, but not limited to, warranty, support

---

[4] Verizon has been in discussions with the Debtors and counsel for the Debtors, and to date has obtained some of this information with respect to Radware. Certain other information has not yet been provided as to Radware, however, and if Radware is not the prevailing bidder at the asset auction, then Verizon will require all of this information with respect to the ultimate purchaser to which the Debtors propose to sell the Layer 4-7 business. In this regard, Verizon hereby provides notice under paragraph 20 of the Layer 4-7 Procedures Order and any other communication from Nortel to Verizon that Verizon wishes to receive adequate assurance information regarding any bidders that will or may participate in the auction. Such information should be provided to the undersigned counsel at their e-mail addresses identified in their signature blocks.

2573445v5                                    3

and indemnification obligations?

► What are the proposed purchaser's short-, medium- and long-term plans for the Layer 4-7 product lines that Verizon currently purchases from the Debtors under the GBPA, including, but not limited to, plans for product support, enhancement and development?

► With respect to both product that Verizon has already purchased and product that Verizon may purchase after the proposed sale, both for use in the Verizon network and that Verizon has resold or may resell to other entities, will the Debtors continue to be responsible for, or will the purchaser assume, all of the warranty and other support obligations associated with the Layer 4-7 portfolio that the Debtors have undertaken under the GBPA?

► With respect to obligations of defense and indemnification as set forth in the GBPA for infringement of third party intellectual property by products and services included in the Layer 4-7 portfolio, including for such products sold to Verizon prior to or after the contemplated sale of the Layer 4-7 business, will the proposed purchaser agree to undertake such obligations and is the proposed purchaser financially able to perform such obligations?  If the response to the foregoing is "no," in whole or in part, will the Debtors continue to be responsible for such obligations?

► With respect to rights and licenses under third party intellectual property rights obtained by the Debtors relating to products and services included in the Layer 4-7 business, will such rights and licenses be assumed by or transferred to the proposed purchaser or will they remain with the Debtors?  In either event, will Verizon as a purchaser of products and services continue to enjoy the benefits of such rights and licenses?

WHEREFORE, Verizon respectfully requests that the Court (i) require the Debtors, once the proposed purchaser of the Layer 4-7 business is definitively identified, to provide all of the above-referenced information to Verizon with respect to that purchaser; (ii) in the interim, require the Debtors to provide all of the above-referenced information to Verizon with respect to Qualified Bidders; (ii) grant the Sale Motion only on the condition that Verizon's objections and concerns identified above, and any further objections or concerns that Verizon may raise once

the proposed purchaser is identified, are either satisfied or voluntarily withdrawn; and (iii) grant Verizon such other and further relief as this Court may deem just and proper.

Dated:  March 18, 2009            Respectfully submitted,

    ARNALL GOLDEN GREGORY LLP
    Darryl S. Laddin (DL-5130)
    Frank N. White, Esq.
    171 17th Street, N.W., Suite 2100
    Atlanta, Georgia  30363
    (404) 873-8500
    dladdin@agg.com

    -and-

    SMITH, KATZENSTEIN & FURLOW LLP


    /s/ Kathleen M. Miller
    Kathleen M. Miller, Esq. (No. 2898)
    800 Delaware Avenue, 10th Floor
    P. O. Box 410
    Wilmington, DE  19899
    (302) 652-8405
    kmiller@skfdelaware.com

    ATTORNEYS FOR VERIZON

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing INITIAL OBJECTION OF THE SUBSIDIARIES OF VERIZON COMMUNICATIONS INC. TO DEBTORS' MOTION FOR ORDER AUTHORIZING AND APPROVING THE SALE OF CERTAIN NON-CORE ASSETS AND ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS by First Class Mail, and by fax as and where indicated below, addressed as follows:

Cleary Gottlieb Steen & Hamilton LLP
Attn: James L. Bromley
Lisa M. Schweitzer
1 Liberty Plaza, New York, NY 10006
Fax: (212) 225-3999

Morris, Nichols, Arsht & Tunnell LLP
Attn: Derek C. Abbott
1201 North Market Street
Wilmington, DE 19801
Fax: (302) 658-3989

Kramer Levin Naftalis & Frankel LLP
Attn: Ernest S. Wechsler
1177 Avenue of the Americas
New York, NY 10036
Fax: (212) 715-8000

Akin Gump Strauss Hauer & Feld LLP
Attn: Fred S. Hodara
Stephen Kuhn
Kenneth Davis
One Bryant Park
New York, NY 10036
Fax: (212) 872-1002

Milbank, Tweed, Hadley & McCloy LLP
Attn: Roland Hlawaty
One Chase Manhattan Plaza
New York, NY 10005
Fax: (212) 822-5735

This 18th day of March, 2009.

/s/ Darryl S. Laddin
Darryl S. Laddin

2573445v5