IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
In re                                                    :    Chapter 11
                                                         :
Nortel Networks Inc., et al.,[1]                         :    Case No. 09-10138 (KG)
                                                         :
                                Debtors.                 :    Jointly Administered
                                                         :
                                                         :    RE: D.I. 362
                                                         :
---------------------------------------------------------X

**ORDER UNDER 11 U.S.C. §§ 327 AND 328 AUTHORIZING RETENTION AND EMPLOYMENT OF MERCER (US) INC. AS COMPENSATION SPECIALIST TO THE DEBTORS *NUNC PRO TUNC* TO PETITION DATE**

Upon the application dated, February 23, 2009 (the "Application"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), (i) authorizing the Debtors to retain and employ Mercer (US) Inc. ("Mercer") as compensation specialist to the Debtors, *nunc pro tunc* to the Petition Date, (ii) approving the terms and conditions under which Mercer will be retained

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

and compensated at the expense of the Debtors' estates, including certain limited indemnification rights, and (iii) granting related relief; and upon the Declaration of John Dempsey in Support of Debtors' Application for an Order Under 11 U.S.C. §§ 327 and 328 Authorizing Retention and Employment of Mercer (US) Inc. as compensation specialist to the Debtors *Nunc Pro Tunc* to the Petition Date, attached as Exhibit A to the Application (the "Dempsey Declaration"); and adequate notice of the Application having been given as set forth in the Application; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief requested in the Application, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Bankruptcy Rule 2014-1, the Debtors are authorized to retain and employ Mercer as compensation specialist to the Debtors, *nunc pro tunc* to the Petition Date, under the terms and conditions set forth in the statement of work dated as of February 17, 2009 by and between NNI and NNL on the one hand and Mercer on the other (the "KEIP SOW"), and the Master Services Agreement dated as of January 1, 2009 by and between NNL and Mercer (Canada) Limited, including the indemnification terms contained therein (the "MSA"),

incorporated into the KEIP SOW (the KEIP SOW together with the MSA constitutes the "Agreement").

3. The fee structure and compensation set forth in the KEIP SOW, including, without limitation, the Fee Structure, indemnification and reimbursement obligations pursuant to the indemnification provisions of the Agreement, are approved pursuant to section 328(a) of the Bankruptcy Code.

4. Mercer will file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code; provided, however, that Mercer shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code and that Mercer's fees and expenses shall not be evaluated under the standard set forth in section 330 of the Bankruptcy Code. The Debtors, moreover, shall be jointly and severally liable for such compensation and reimbursement of expenses.

5. Notwithstanding anything in this Order to the contrary, the United States Trustee for the District of Delaware shall retain all rights to object to the Fee Structure based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6. The indemnification provisions set forth in the Agreement are approved, subject to the following:

    a. For the avoidance of doubt, the Debtors shall be jointly and severally liable for all obligations pursuant to the Agreement as they relate to this engagement;

    b. Subject to the provisions of subparagraph (d) beneath, the Debtors are authorized to indemnify, and to provide reimbursement to, and shall indemnify, and provide reimbursement to, the Indemnitee (as defined in the Agreement) in accordance with the Agreement for any claim arising from, related to, or in connection with the services provided for in the Agreement, but not for any claim arising from, related to, or in connection with Mercer's

      postpetition performance of any other services unless such postpetition services and indemnification therefore are approved by the Court;

  c. Notwithstanding any indemnification provisions of the Agreement to the contrary, the Debtors shall have no obligation to indemnify Mercer or provide reimbursement to Mercer (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Mercer's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of Mercer's contractual obligations unless the Court determines that indemnification or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (d), beneath, to be a claim or expense for which Mercer should not receive indemnity or reimbursement under the terms of the Agreement, as modified by this Order;

  d. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become final and no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Mercer believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification and/or reimbursement obligations under the Agreement (as modified by this Order), including without limitation the advancement of defense costs, Mercer must file an application therefor in this Court, and the Debtors may not pay any such amounts to Mercer before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for compensation and expenses by Mercer for indemnification or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify Mercer.

7. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted

4

in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March 10, 2009
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE