IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
:
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[5] :
: Jointly Administered
            Debtors. :
:
: RE: D.I. 421
:
---------------------------------------------------------------X

### ORDER UNDER SECTION 365(a) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO REJECT AS OF MARCH 5, 2009, A CERTAIN CONTRACT WITH CAESARS PALACE DATED AS OF DECEMBER 12, 2008

Upon the motion dated, March 4, 2009 (the "Motion"),[6] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, authorizing the Debtors to reject as of March 5, 2009 (the "Effective Date"), a certain contract with Caesars Palace dated as of December 12, 2008 attached as Exhibit A hereto (the "Contract"); and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that

---

[5] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[6] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized to reject the Contract as of the Effective Date.

3. The Debtors reserve all rights to contest any rejection claims and/or the characterization of the Contract as an executory contract, or otherwise.

4. The Debtors do not waive any claims that they may have against Caesars Palace, whether or not such claims are related to the Contract.

5. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March 19, 2009
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE