IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | **Chapter 11** |
| | ) | |
| **NORTEL NETWORKS, INC.,** *et al.*, | ) | **Case No. 09-10138-KG** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |
| | ) | |
| | ) | **Objections Due: April 2, 2009 at 4:00 p.m. ET** |
| | ) | **Hearing Date: April 9, 2009 at 10:00 a.m. ET** |

**MOTION OF ANIXTER INC. FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)(9)**

Anixter Inc. ("Anixter"), by and through its undersigned counsel, hereby moves this Court for allowance and payment of an administrative expense claim pursuant to 11 U.S.C. § 503(b)(9) as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The claim for relief is founded upon 11 U.S.C. §§ 503(b)(9), 507(a)(2) and 105.

**BACKGROUND**

4. On January 14, 2009 (the "Petition Date"), Nortel Networks, Inc. and its affiliates (the "Debtors") filed a voluntary petition under Chapter 11 of Title 11 of the United States Code §§ 101, et seq. (the "Bankruptcy Code"). The Debtors have continued to operate their businesses as debtors-in-possession.

5. Prior to the Petition Date, the Debtors ordered goods from Anixter pursuant to purchase orders in the ordinary course of business. A summary of the invoices for the purchase of these goods is attached hereto as Exhibit 1.

6. Pursuant to the invoices summarized in <u>Exhibit 1</u>, the Debtors received goods from Anixter having a value of approximately $698,007.81 within twenty (20) days preceding the Petition Date.

7. Since receiving the goods, the Debtors have failed to pay the invoices detailed in <u>Exhibit 1</u>.

## RELIEF REQUESTED

8. Anixter respectfully requests that this Court enter an order allowing a claim for $698,007.81 as an administrative expense pursuant to 11 U.S.C. § 503(b)(9), which claim is entitled to priority pursuant to 11 U.S.C. § 507(a)(2).

## BASIS FOR RELIEF

9. Anixter's claim for $698,007.81 is an administrative expense. Furthermore, § 503(b)(9) of the Bankruptcy Code provides, in pertinent part: "After notice and a hearing, there shall be allowed administrative expenses . . . including . . . (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."

10. Anixter's administrative expense satisfies the statutory requirements of §503(b)(9) because the goods shown on <u>Exhibit 1</u> were shipped by Anixter and received by the Debtors within 20 days of the Petition Date.

11. As reflected on <u>Exhibit 1</u>, the goods received by the Debtors within 20 days of the Petition Date were valued at not less than $698,007.81. Further, the contract rate is presumed to set the reasonable value of an administrative expense claim. <u>See</u> <u>In re Patient Educ. Media, Inc.</u>, 221 B.R. 97, 104 (Bankr. S.D.N.Y. 1998).

12. The goods summarized in <u>Exhibit 1</u> were sold to the Debtors in the ordinary course of business. The Debtors are in the business of developing, manufacturing and servicing

communications capabilities. Anixter is a vendor of the Debtors, supplying installation related materials for use in the Debtors' operations. There is an established history and business relationship between Anixter and the Debtors of supplying these goods on the terms and conditions of the invoices in <u>Exhibit 1</u> that support this Motion.

### **RESERVATION OF RIGHST**

13. This Motion is intended to address the twenty-day administrative claim issue only. Anixter reserves any and all other lien rights, reclamation rights, and administrative claims and all other rights with respect to recovery of amounts owed from the Debtors. Anixter also reserves the right to amend and supplement this Motion.

### **CONCLUSION**

14. For the foregoing reasons, Anixter submits that it is entitled to a claim for $698,007.81 as an administrative expense pursuant to 11 U.S.C. § 503(b)(9), which is a claim entitled to priority pursuant to 11 U.S.C. § 507(a)(2).

WHEREFORE, Anixter requests entry of an order of this Court allowing a claim by Anixter of $698,007.81 as an administrative expense pursuant to 11 U.S.C. § 503(b)(9), which is entitled to a priority under 11 U.S.C. § 507(a)(2), and directing the Debtors to promptly pay the allowed claim on the earlier of, (a) the effective date of a confirmed Chapter 11 plan; or (b) such other date that 11 U.S.C. § 503(b)(9) claimants, as a class, are paid; or (c) such earlier time as agreed to by the parties or ordered by the Court.

-4-

Dated: March 20, 2009            **ANIXTER INC.**

           By:    /s/ Ayesha Chacko

           Marla R. Eskin (#2989)
           Ayesha Chacko (#4994)
           800 N. King St., Suite 300
           Wilmington, DE  19899
           (302) 426-1900 (phone)
           (302) 426-9947 (fax)
           meskin@camlev.com
           achacko@camlev.com

           *-and-*

           Jon C. Vigano (Illinois #6257850)
           Patricia J. Fokuo (Illinois #6277431)
           SCHIFF HARDIN LLP
           6600 Sears Tower
           Chicago, IL  60606-6473
           (312) 258-5500 (phone)
           (312) 258-5700 (fax)
           jvigano@schiffhardin.com
           pfokuo@schiffhardin.com

           ***Counsel for Anixter Inc.***