IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
                                                      :
                                                      :   Chapter 11
                                                      :
In re                                                 :
                                                      :   Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                    :
                                                      :   Jointly Administered
        Debtors.                                      :
                                                      :
                                                      :   RE: D.I. 417
                                                      :
------------------------------------------------------X

### ORDER APPROVING PROCEDURES FOR THE REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND THE ABANDONMENT OF CERTAIN ASSETS RELATED THERETO

Upon the motion dated March 4, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, establishing procedures for the rejection of executory contracts and unexpired leases and abandonment of certain assets related thereto pursuant to sections 105(a), 365 and 554 of title 11 of the United States Code (the "Bankruptcy Code") and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The following procedures are approved in connection with the rejection of Leases and Agreements and abandonment of associated de minimis assets:

    A. The Debtors will file and serve by e-mail or overnight courier a notice of the rejection of Leases or Agreements (the "Rejection Notice") to (i) the U.S. Trustee; (ii) the landlords, the subtenants, counterparties, or third parties under the Leases or Agreements to be rejected; (iii) counsel to the Committee; and (iv) any party having, to the best of the Debtors' knowledge, an interest in real or Personal Property at the premises where the underlying Lease is being rejected pursuant to the Rejection Notice (the "Notice Parties").

    B. The Rejection Notice shall set forth the following information to the extent reasonably available to the Debtors: (i) the street address of the property subject to the Lease which the Debtors seek to reject or, where applicable, the street address of the location where the personal property, if any, subject to the Agreement is located (to the best of Debtors' knowledge); (ii) the Debtors' monthly obligation, if any, under the subject Lease or Agreement; (iii) the remaining term of the Lease or Agreement, including options; (iv) the name and address of the landlord, subtenant, or non-debtor party to the Lease or Agreement; (v) the names and addresses of the Notice Parties; (vi) the date of intended rejection, which shall be, with respect to a Lease, the expiration of the Rejection Notice Period (as defined below) if no later date is

designated; or, with respect to an Agreement, the date the Rejection Notice is filed and served if no other date is designated (in each case, the "Proposed Rejection Date"); (vi) a disclosure describing the procedures for filing objections to the rejection, if any; and (vii) in the case of a Lease, a disclosure regarding the Personal Property, if any, remaining at the subject property. If more than one Lease or Agreement is listed in the Rejection Notice, the Rejection Notice will comply with all requirements of Bankruptcy Rule 6006(f).

    C. The Notice Parties shall have ten (10) calendar days, unless extended by the Debtors (the "Rejection Notice Period"), from the date and time of the Rejection Notice to serve on Debtors' counsel and the other Notice Parties an objection, if any, to the Rejection Notice.

    D. If no objection is received by the Debtors' counsel within the Rejection Notice Period, the rejection of the Leases and/or Agreements shall become effective on the Proposed Rejection Date without further notice, hearing, or order of the Court. Nothing in this paragraph or Order shall modify 11 U.S.C. § 365(d)(4).

    E. If an objection is filed and served on the Debtors' counsel within the applicable Rejection Notice Period, the Debtors will schedule a hearing to consider the Rejection Notice pursuant to this Motion on the next scheduled omnibus hearing date. Unless otherwise ordered by the Court, if such objection is overruled or withdrawn, the rejection of such Leases or Agreements shall be deemed to have occurred in accordance with subparagraph (D) above, provided however, that if a Notice Party other than the landlord files an objection with respect to a Lease, then the rejection of such Lease shall be deemed to have occurred on the later of (i) the Proposed Rejection Date; (ii) a date agreed upon by the parties; or (iii) the date provided by court order. In the case of an objection to the rejection of a Lease filed by a Notice Party other than

the landlord that is later overruled or withdrawn, if the Debtors' next installment of rent becomes due after the expiration of the Rejection Notice Period but before the court enters an order, the Debtors reserve the right to seek that rejection of the Lease should become effective as of a date prior to the entry of a court order. The Debtors also reserve the right to seek a determination of the proper use and occupancy charges accrued during that period, and to argue that the Debtors will not be liable for that installment of rent as a post-petition administrative expense.

    F.  With respect to Leases, on or before the Proposed Rejection Date, the Debtors shall return the keys to the subject property to the landlord or such other party as may be appropriate with written confirmation of the same (the "<u>Lease Surrender Notice</u>"), thereby unequivocally surrendering possession of the premises to the landlord or such other party on or before the Proposed Rejection Date. Upon the effective date of any such rejection, limited relief from the automatic stay pursuant to section 362 of the Bankruptcy Code shall be granted to the non-debtor party to the Lease to allow such party to obtain possession of the property that is the subject matter of the Lease. A copy of the Lease Surrender Notice shall be served on the Notice Parties.

    G.  With respect to any Personal Property of the Debtors located at any of the Lease premises subject to any Rejection Notice, the Debtors shall remove such Personal Property prior to the Proposed Rejection Date. If the Debtors determine that the value of the Personal Property at a particular location is de minimis or the costs of removing the Personal Property exceed the value of such property, the Debtors shall include a general description of the Personal Property that shall remain at the subject property in the Rejection Notice that is served on the Notice Parties. Absent an objection filed pursuant to subparagraph (C) above, such Personal Property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, where

4

is, free and clear of claims, interests and encumbrances, and such abandoned property may be retained or disposed of by the landlord without liability owed to the Debtors or third parties, effective as of the date of the rejection of the underlying expired lease.

      H.      With respect to Agreements, the Debtors will turn over control of the personal property, if any, subject to the consent of the non-debtor party to the Agreement with written confirmation of the same ("<u>Agreement Surrender Notice</u>"), thereby unequivocally surrendering possession of the subject assets to the non-debtor party to the Agreement at the location set forth in the Rejection Notice on or before the Proposed Rejection Date (the "<u>Agreement Surrender Date</u>"). Upon the effective date of such a rejection, limited relief from the automatic stay pursuant to section 362 of the Bankruptcy Code shall be granted to the non-debtor party to the Agreement to allow such party to repossess the subject matter of the Agreement and dispose of such property in a commercially reasonable manner. Simultaneously with the repossession of the personal property, the non-debtor party to the rejected Agreement shall provide to Debtors' counsel a written acknowledgment (the "<u>Acknowledgment</u>") of surrender of the property, including an itemized description of the property surrendered. Any party that fails to provide an Acknowledgment as required herein shall forever be barred from asserting a claim against the Debtors arising out of the rejection of the Agreement. Except as otherwise provided herein, the provisions of section 362 of the Bankruptcy Code shall remain in full force and effect and shall not be deemed modified or waived in any manner. A copy of the Agreement Surrender Notice shall be served on the Notice Parties.

      I.      Any non-debtor party to a rejected Lease or rejected Agreement shall file a proof of claim by the later of (i) thirty-five (35) days after the date of the Rejection Notice or Agreement Surrender Notice, (ii) thirty (30) days after entry of an order on the Rejection Notice,

and (iii) the general bar date that will be established by this Court for the filing of prepetition general unsecured claims.

J.       Nothing contained in this Motion is to be construed as an admission by the Debtors as to the character of any document denominated as a Lease or Agreement as executory contracts or unexpired leases, or to the rights of the non-debtor parties thereto. This Order shall not constitute a finding of fact or other adjudication with respect to claims that a non-debtor party may have on the basis of contractual rights arising from the expiration or termination of a Lease or Agreement. The Debtors reserve their rights to challenge any Lease or Agreement on any grounds they deem appropriate, and to assert against counterparties to Leases or Agreements any claims, counter-claims or defenses to a claim(s) by the non-debtor party against the Debtors, including, without limitation, preference actions. The Debtors also reserve their rights to file a motion, independent of these procedures, seeking a retroactive rejection of any Lease.

3.       Nothing herein, nor any action taken in connection with this Order shall be, nor shall it be deemed to be, a waiver of any of the Debtors' rights with respect to the Leases or Agreements, including the right to contest any asserted cure amount or the characterization of the Leases and/or to assert any claim, counter-claim or defense against any counterparty to a Lease or Agreement, including any avoidance action under Chapter 5 of the Bankruptcy Code, whether or not such claims are related to the Leases.

4.       Nothing contained in this Order is to be construed as an admission by the Debtors regarding any subtenant's possessory rights, claims and defenses (if any), with respect to a Lease premises that is subject to a Rejection Notice.

5.       The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

6.	Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order

7.	The requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure are satisfied by the contents of the Motion or otherwise deemed waived.

8.	The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: *March 20*, 2009
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE