**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

--------------------------------------------------------------X
:
*In re*                                                          :     Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                               :     Case No. 09-10138 (KG)
:
Debtors.                        :     Jointly Administered
:
:     **RE: D.I. 389**
:
--------------------------------------------------------------X

**ORDER AUTHORIZING KEY EXECUTIVE INCENTIVE PLAN FOR
SLT EXECUTIVES**

Upon the Debtors' Motion For An Order Seeking Approval Of Key Employee Retention

Plan And Key Executive Incentive Plan, And Certain Other Related Relief, dated February 27,

2009 (the "Motion")[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in

possession in the above-captioned cases (the "Debtors"), for entry of an Order Authorizing Key

Executive Incentive Plan For SLT Executives, as more fully described in the Motion, and

adequate notice of the Motion having been given as set forth in the Motion; and it appearing that

no other or further notice is necessary; and the Court having jurisdiction to consider the Motion

and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having

determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. §

157(b)(2); and the Court having determined that the legal and factual bases set forth in the

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and the record of the hearing held before this Court on March 5, 2009, including without limitation the evidence provided to and accepted by the Court at the March 5, 2009 hearing and the Court's ruling on the record at such hearing, being incorporated into the record hereof by reference; and upon the record in these proceedings, including without limitation the evidence provided to and accepted by the Court at the hearing held before this Court on March 20, 2009; and the Court having overruled all objections to the relief sought whether made at or in connection with the March 5 or March 20 hearings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The maximum amount payable by the Debtors in connection with the KEIP is increased from $14.6 million to $14.7 million.

3.      The KEIP, including without limitation with regards to members of the Senior Leadership Team of the Debtors ("SLT"), and the KERP are based on the Debtors' sound business judgment, are justified by the facts and circumstances of the Debtors' chapter 11 proceedings and satisfy in all respects the requirements of 11 USC § 503(c).

4.      The Debtors are authorized to implement the KEIP with respect to the SLT, including without limitation payment of certain award payments upon satisfaction of the relevant Milestone, as set forth in the Motion.

5.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or

realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

6.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March 20, 2009
       Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3