IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X
                                                          :
*In re*                                                   :    Chapter 11
                                                          :
Nortel Networks Inc., *et al.*,[1]                        :    Case No. 09-10138 (KG)
                                                          :
             Debtors.                :    Jointly Administered
                                                          :
                                                          :    Hearing date: April 9, 2009 at 9:00 a.m. (E.T.)
                                                          :    Objections due: April 2, 2009 at 4:00 p.m. (E.T.)
----------------------------------------------------------X

**DEBTORS' SECOND MOTION FOR ENTRY OF AN ORDER
GRANTING DEBTORS ADDITIONAL TIME TO FILE
REPORTS OF FINANCIAL INFORMATION PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 2015.3(A) AND CERTAIN
MODIFICATIONS OF SUCH REPORTING REQUIREMENTS PURSUANT TO
<u>FEDERAL RULE OF BANKRUPTCY PROCEDURE 2015.3(D)</u>**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a), 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2015.3 and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), granting the Debtors additional time to file their reports of financial information in respect of entities in which a chapter 11 estate holds

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

a controlling or substantial interest (the "Rule 2015.3 Reports") and certain modifications of such reporting requirements; and granting them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a), 1107 and 1108 of the Bankruptcy Code, Bankruptcy Rules 2015.3 and 9006(b), and Local Rule 9006-2.

## Background

**A.    Introduction**

3. On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] also filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and

---

[2] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

operate their businesses under the supervision of the Canadian Court. On February 27, 2009, this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. Also, on the Petition Date, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. In addition, at 8 p.m. on the Petition Date, the High Court of Justice in England placed nineteen of Nortel's European affiliates into administration under the control of individuals from Ernst & Young LLC (collectively, the "EMEA Debtors").[3]

6. On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Bankruptcy Rules that provided for the joint administration of these cases and for consolidation for procedural purposes only.

7. On January 26, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code (D.I.s 141, 142). No trustee or examiner has been appointed in the Debtors' cases.

**B.  Debtors' Corporate Structure and Business**

8. A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases are set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications.

### Relief Requested

9. By this Motion, the Debtors seek entry of an order, pursuant to Bankruptcy Rule 9006(b) and Local Rule 9006-2, granting the Debtors additional time to file their Rule

---

[3] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

[New York #2027361 v7]

2015.3 Reports granting certain modifications of such reporting requirement for cause, pursuant to Rule 2015.3(d).

10. Bankruptcy Rule 2015.3 has been in effect for only a few months and there is little interpretive guidance regarding the parameters for compliance. By its terms, Rule 2015.3(a) requires that a debtor in possession shall "file periodic financial reports of the value, operations and profitability of each entity that is not a publicly traded corporation or a debtor in a case under chapter 11, and in which the estate holds a substantial or controlling interest." Rule 2015.3(a). The rule sets forth certain rebuttable presumptions regarding whether a "substantial or controlling interest" exists, and the Court may determine whether the estate's interest in a given entity is in fact "substantial or controlling." Rule 2015.3(c). New Official Form 26 may be used for Rule 2015.3 reporting. Rule 2015.3(c). The Court may "vary the reporting requirement established by subdivision (a) of [Rule 2015.3] for cause, including that the . . . debtor in possession is not able, after a good faith effort, to comply with those reporting requirements . . . ." Rule 2015.3(d).

11. The Debtors propose to comply with Rule 2015.3(a) in the following manner. As to all non-Debtors majority owned by a Debtor, the Debtors shall file periodic financial reports consisting of statements of operations, balance sheets and cash flow statements on an entity-by-entity basis. The Debtors propose to file the first financial reports on June 15, 2009 and to file subsequent financial reports every six months thereafter for each such majority-owned entity. While the Debtors currently expect to be able to comply with such reporting to the extent required, the Debtors reserve the right to supplement this motion with additional requests for relief with respect to these entities based on their ongoing review and evaluation of such majority-owned entities.

[New York #2027361 v7]

12. The Debtors also hold minority (50% or less) equity interests in certain other companies. The Debtors typically do not have voting control of such entities, control the boards of such entities, or participate in the day-to-day management of such entities. In addition, given the Debtors' limited ownership of such entities, there could be additional practical, competitive, or confidentiality concerns with requiring such disclosure. For these reasons, the Debtors submit that the presumption of a "substantial or controlling interest" therein is rebutted for such entities. Moreover, the Debtors submit that these facts, when weighed together with the significant countervailing considerations against disclosures, constitute sufficient cause to excuse compliance under Rule 2015.3(a) as to non-majority owned entities. Therefore, the Debtors seek to be excused from the reporting requirements of Rule 2015.3(a) with respect to non-majority owned entities.

13. The Debtors and their financial advisors are continuing to evaluate the extent to which cause would exist for this Court to further vary the reporting requirement established by this new Rule, as contemplated by subdivision 2015.3(d). The factors under consideration by the Debtors include the number of entities and the complexity of their business operations, the time and resources that must be devoted by the Debtors' financial advisors and other professionals to collect, analyze, and present the Rule 2015.3 Reports as prescribed in new Official Form 26, the costs to the Debtors' estates, the availability of such information from the Debtors and from publicly available sources, and the impact of such Reports on third party agreements. Accordingly, the Debtors additionally request that the Court extend, through and including June 15, 2009, the time in which the Debtors must file a motion with this Court seeking an appropriate modification, waiver, or request for protection of the information under section 107 of the Bankruptcy Code.

5

[New York #2027361 v7]

### Facts Relevant to this Motion

14. On February 5, 2009, this Court entered an order (the "First 2015.3 Extension Order") granting the Debtors additional time (until April 14, 2009) to file their initial Rule 2015.3 Reports or to seek a modification of such reporting requirement for cause (the "First 2015.3 Extension Motion"). The facts relevant to this motion are set forth in the First 2015.3 Extension Motion. Since February 5, 2009, the Debtors have continued to review their books and records with respect to the entities for which the Debtors may have to file 2015.3 Reports.

### Basis for Relief

15. Pursuant to Bankruptcy Rule 9006(b)(1), this Court may, "for cause shown" at any time enlarge the period of time within which an act is required to be done. Cause exists to extend the deadline for the filing of the Debtors' Rule 2015.3 reports as requested herein based on (i) the size and complexity of the Debtors' businesses and the number of entities in which the Debtors' chapter 11 estates hold a controlling or substantial interest, and (ii) the substantial burdens imposed by compliance with new Rule 2015.3(a) on the Debtors' reorganization efforts and other concurrent reporting requirements. Assembling and compiling the financial reports of the value, operations, and profitability of these various entities by April 14, 2009 could impair the ability of Nortel to comply with various other concurrent reporting requirements.

16. The relief requested herein will not prejudice any party in interest. The Debtors intend to continue to work cooperatively with the Office of the United States Trustee, the Committee, their professionals and advisors, and other constituents to provide access to the Debtors' books and records, including disclosures relating to the Debtors' non-Debtor affiliates. The Debtors and their professionals are also working diligently to complete their Schedules of Assets and Liabilities and Statements of Financial Affairs, which will provide considerable

information on the Debtors' business operations and financial position to all parties in interest. In addition, subsequent to the First 2015.3 Extension Order, NNC and NNL filed their respective Annual Reports on Form 10-K for the year ended December 31, 2008 (which included certain condensed consolidating financial information with respect to NNI, NNC and NNL) within the time period prescribed by the U.S. Securities Exchange Act of 1934, as amended (the "Exchange Act"), and intend to file under the Exchange Act their respective Quarterly Reports on Form 10-Q for the quarterly period ended March 31, 2009 in May 2009.

17. Subject to their ongoing review and evaluation of the various reporting requirements, the Debtors reserve the right to supplement this Motion.

### Notice

18. Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) Office of the United States Trustee for the District of Delaware; (ii) the Committee; and (iii) the general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

### No Prior Request

19. No prior request for the relief sought herein has been made to this or any other court.

[New York #2027361 v7]

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: March 20, 2009
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS NICHOLS, ARSHT & TUNNELL LLP

_[signature]_

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Thomas F. Driscoll III (No. 4703)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*