## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
                  :

*In re*                      :     Chapter 11

Nortel Networks Inc., *et al.*,[1]    :     Case No. 09-10138 (KG)

            Debtors.    :     Jointly Administered

                  :     **Hearing date: Apr. 9, 2009 at 9:00am (ET)**
                  :     **Objections due: April 2, 2009 at 4:00pm (ET)**
-------------------------------------------------------X

### DEBTORS' MOTION FOR AN ORDER
### AUTHORIZING AND APPROVING OMNIBUS SETTLEMENT
### PROCEDURES TO RESOLVE, MEDIATE, COMPROMISE OR
### OTHERWISE SETTLE CERTAIN CLAIMS AND CONTROVERSIES

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in

possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of

an order substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a) and

363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and approving

omnibus settlement procedures to resolve, mediate, compromise or otherwise settle certain

claims and controversies; and granting them such other and further relief as the Court deems just

and proper. In support of this Motion, the Debtors respectfully represent as follows:

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

**Jurisdiction**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a) and 363(b) of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules.

**Background**

**A.      Introduction**

3.      On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings").  The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.  Ernst & Young Inc., as foreign representative for the Canadian Debtors, has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

---

[2]      The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. In addition, at 8 p.m. on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[3] into administration under the control of individuals from Ernst & Young LLC.

6.    On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Bankruptcy Rules that provided for the joint administration of these cases and for consolidation for procedural purposes only.

7.    On January 26, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142]. An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

**B.    Debtors' Corporate Structure and Business**

8.    A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases are set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications (the "First Day Declaration").[4]

---

[3]    The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.
[4]    Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

## Relief Requested

9.      By this Motion, the Debtors seek an order pursuant to sections 105(a) and 363(b)

of the Bankruptcy Code and Bankruptcy Rule 9019 approving certain proposed procedures, as

described more fully below (the "Settlement Procedures"), under which the Debtors may, in their

sole discretion, compromise and settle various claims or controversies for de minimis amounts to

which one or more of the Debtors is a party and limiting the notice to be served for certain

settlements.

## Facts Relevant to this Motion

10.      From time to time in the ordinary course of operating their businesses, the

Debtors are a party to various judicial, administrative, arbitral or other actions or proceedings,

both as plaintiffs seeking to enforce their rights and as defendants on account of some alleged

liability (the "Ordinary Course Actions").  The Ordinary Course Actions involve a variety of

issues, such as the enforcement of the Debtors' intellectual property rights and the remediation of

alleged environmental harm caused in part by the Debtors' activities.  Additionally, during the

course of these chapter 11 proceedings, there may other Ordinary Course Actions, including

commercial disputes and personal injury disputes, which the Debtors are able to settle on terms

favorable to the Debtors.

11.      While the Debtors believe that they will ultimately prevail in the Ordinary Course

Actions, the Debtors may determine in their business judgment that it is in the Debtors' best

interest to resolve certain Ordinary Course Actions to minimize the risks involved and eliminate

the additional costs associated with continuing the litigation.

12.      The Debtors believe that the implementation of the procedures for entering into

certain settlements for de minimis amounts will streamline the settlement process, thus

minimizing additional cost to the Debtors' estates while still affording the Court oversight over actions of a greater value.

13.    Upon the Court's approval, the Debtors will attempt to consensually resolve such Ordinary Course Actions pursuant to the following Settlement Procedures, which the Debtors believe will facilitate a fair, efficient and reasonable method of settling Ordinary Course Actions by or against the Debtors:

a.    No settlement of an Ordinary Course Action will be agreed to unless it is reasonable in the judgment of the Debtors upon consideration of (i) the probability of success if the claim is litigated, (ii) the complexity, expense and likely duration of any litigation with respect to the claim, (iii) the difficulty in collection of any judgment, (iv) other factors relevant to assessing the wisdom of the settlement, and (v) the fairness of the settlement vis-à-vis the Debtors' estates and their creditors.

b.    Employees responsible for negotiating or settling Ordinary Course Actions by or against the Debtors may attempt to resolve, mediate, compromise or otherwise settle any Ordinary Course Actions without further hearing or notice to this Court or other parties in interest in these proceedings.

c.    No individual Ordinary Course Action that is originally greater than $1 million shall be settled without further court approval, and the aggregate amount of Ordinary Course Actions settled pursuant to these Settlement Procedures shall not be more than $15 million paid by the Debtors or $15 million paid to the Debtors without further court approval. If further court approval is sought, then the Debtors shall notify (i) the United States Trustee for the District of Delaware; and (ii) counsel to the Committee (the "Notice Parties").

d.    The Debtors shall provide notice to the Notice Parties in writing where the claims under the Ordinary Course Action were originally greater than $200,000, or where the Debtors propose to pay a settling counterparty any amount in consideration of a prepetition claim against the Debtors. If no party in interest objects in writing within ten (10) calendar days of receipt of such notice, then the Debtors may immediately proceed with the settlement.[5] If an objection is received within such period that

---

[5]    The Notice Parties shall be deemed to have received notice the day after such notice has been sent by a properly addressed facsimile, email or overnight delivery to the Notice Parties or their counsel or designated

cannot be resolved, such action cannot be settled except upon further order of the Court after notice and a hearing.

e.     The Debtors need not provide notice for the settlement of Ordinary Course Actions where the claims under the Ordinary Course Action were originally less than $200,000.

f.     The entry by the Debtors into settlement, mediation or compromise negotiations does not constitute a waiver of the automatic stay applicable to judicial, administrative or other actions or proceedings against the Debtors pursuant to section 362 of the Bankruptcy Code.

g.     With respect to a proposed settlement reached and approved pursuant to the Settlement Procedures, such settlement shall be binding upon the parties to the settlement and all other parties in interest as if the settlement had been approved by the Court after notice and a hearing.

h.     Nothing in the foregoing procedures prevent the Debtors, in their sole discretion, from seeking the Court's approval at any time of any proposed settlement upon notice and a hearing.

i.     These Settlement Procedures will not apply to any compromise and settlement of an Ordinary Course Action that involves an "insider," as that term is defined in section 101(31) of the Bankruptcy Code.

### Basis for Relief

14.    The Debtors seek an order granting the relief sought in this Motion pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

15.    Section 363(b)(1) of the Bankruptcy Code authorizes a debtor in possession to use, sell, or lease the property of the estate other than in the ordinary course of business after

---

representative.  If such notice is made solely by U.S. mail, the deemed receipt date shall be three (3) days after mailing.

notice and a hearing.  11 U.S.C. § 363.  Section 363(b)(1) applies when a settlement agreement

involves the disposition of the estate's assets in such a way that it ventures beyond an ordinary

course transaction.  Myers v. Martin (In re Martin), 91 F.3d 389, 394 (3d Cir. 1996).

16.    Transfers of property authorized under section 363(b) must be supported by a

sound business purpose.  Travelers Cas. & Sur. Co. v. Future Claimants Representative, No. 07-

2785, 2008 WL 821088 at *4 (D.N.J. Mar. 25, 2008).  A court determining whether a sound

business purpose justifies the transaction "should consider all salient factors pertaining to the

proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and

equity holders, alike."  In re Montgomery Ward Holding Corp., 242 B.R. 147, 153-54, n.1 (D.

Del. 1999) (quoting In re Lionel, 722 F.2d 1063, 1071 (2d Cir. 1983)).  Courts have

distinguished the application of this section to settlements as opposed to property sales, finding

that the settlement of prepetition claims requires less scrutiny than asset sales because

settlements must be approved quickly and are often an important first step in formulating a plan

of reorganization.  Official Unsecured Creditors' Committee of Pennsylvania Truck Lines v.

Pennsylvania Truck Lines, Inc. (In re Pennsylvania Truck Lines), 150 B.R. 595, 599 (E.D. Pa.

1992) (quoting In re Grant Broadcasting of Phila., Inc., 71 B.R. 390, 398 (Bankr. E.D. Pa. 1987)

and In re Neshaminy Office Bldg. Associates, 62 B.R. 798, 805 (E.D. Pa. 1986)).

17.    Bankruptcy Rule 9019 provides, in pertinent part, that, "on motion by the trustee

and after notice and a hearing, the court may approve a compromise or settlement."  Fed. R.

Bankr. P. 9019(a).  Under this authority, the Third Circuit has emphasized that "[c]ompromises

are favored in bankruptcy."  In re Martin, 91 F.3d at 393 (quoting 9 Collier on Bankruptcy ¶

9019.03[1] (15th ed. 1993)).  In addition, the District of Delaware has recognized that the

approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. See In re Coram Healthcare Corp., 315 B.R. 321, 330 (Bankr. D. Del. 2004).

18.  Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interest of the estate." In re Key3Media Group, Inc., 336 B.R. 87, 92 (Bankr. D. Del. 2005); In re Marvel Entm't Group, 222 B.R. 243, 249 (D. Del. 1998) (quoting In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997)); see also In re Nutritional Sourcing Corp., 398 B.R. 816, 833 (Bankr. D. Del. 2008). Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-25 (1968). The court's obligation is to "canvass the issues and see whether the settlement falls below the lowest point in a range of reasonableness." Travelers Cas. & Sur. Co. v. Future Claimants Representative, No. 07-2785, 2008 WL 821088, at *5 (D.N.J. Mar. 25, 2008) (citing In re Jasmine, Ltd., 258 B.R. 119 (D.N.J. 2000)); Coram, 315 B.R. at 330; In re Pennsylvania Truck Lines, 150 B.R. at 598. The court need not be convinced that the settlement is the best possible compromise in order to approve it. Coram, 315 B.R. at 330.

19.  The Third Circuit has set out four criteria that a bankruptcy court should consider in determining whether a settlement proposal is within the range of reasonableness (the "Martin Factors"). The Martin Factors are: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." In re Martin, 91 F.3d at 393; see also Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.), 283

F.3d 159, 165 (3d Cir. 2002); In re eToys, Inc., 331 B.R. 176, 198 (Bankr. D. Del. 2005). The

approval of the Settlement Procedures proposed herein supports the application of these criteria.

20.    Pursuant to Bankruptcy Rule 9019(b), the Court may authorize the Debtors to

settle certain classes of controversies without requiring separate notice and hearing with respect

to each separate controversy. Specifically, Rule 9019(b) provides that "the court may fix a class

or classes of controversies and authorize the Trustee [or debtor in possession] to compromise or

settle controversies within such class or classes without further hearing or notice." Fed. R. Bank.

P. 9019(b). As stated in the 1983 Advisory Committee Notes to Rule 9019, the rule "permits the

court to deal efficiently with a case in which there may be a large number of settlements."

Settlement procedures similar to those requested in this Motion have been established in

comparable chapter 11 cases in this District. See, e.g., In re Mortgage Lenders Network USA,

Inc., Case No. 07-10146 (PJW) (Bankr. D. Del. Jan. 22, 2009); In re River Oaks Holdings, Inc.,

Case No. 08-11264 (BLS) (Bankr. D. Del. Sept. 4, 2008); In re Amp'd Mobile, Inc., Case No.

07-10739 (BLS) (Bankr. D. Del. Feb. 14, 2008); In re American Home Mortgage Holdings, Inc.,

Case No. 07-11047 (CSS) (Bankr. D. Del. Nov. 28, 2007); In re S-Tran Holdings, Inc., Case No.

05-11391 (KJC) (Bankr. D. Del. Mar. 30, 2006); In re Key3Media Group, Inc., Case No. 03-

10323 (LHK) (Bankr. D. Del. Nov. 14, 2004).

21.    The Debtors respectfully submit that the Settlement Procedures proposed in this

Motion are reasonable and in the best interests of the Debtors, their creditors and their estates.

Moreover, the Debtors believe that the implementation of the Settlement Procedures is an

appropriate exercise of the authority granted to the Court in Bankruptcy Rule 9019(b). The

Debtors believe that, in view of the number and repetitive nature of the Ordinary Course Actions,

many of which would ordinarily be resolved consensually, the process of drafting, filing,

surveying and conducting hearings on each individual settlement of an action, as otherwise required by Bankruptcy Rule 9019(a), would be impractical and administratively burdensome for the Debtors and the Court.  The Court should also note that generally, the amounts involved in the Ordinary Course Actions, when compared to the magnitude of these chapter 11 cases, are relatively small.

22.    The Settlement Procedures contemplated herein are an efficient means of resolving the Ordinary Course Actions while preserving notice and due process requirements where necessary.  In addition, implementation of the Settlement Procedures allows the Debtors to avoid incurring the costs, administrative burden and delay associated with preparing separate motions and obtaining separate court approval for each proposed settlement.  For the foregoing reasons, the Debtors seek approval of the proposed Settlement Procedures in order to settle Ordinary Course Actions within the parameters set forth herein in a cost-effective and streamlined manner.

### Notice

23.    Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) Office of the United States Trustee for the District of Delaware; (ii) the Committee; (iii) the Bondholder Group; and (iv) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

### No Prior Request

24.    No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: March 24, 2009
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Thomas F. Driscoll III (No. 4703)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*