UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

In re:                                   ) Chapter 11
                                         )
NORTEL NETWORKS INC., ET AL.,[1]         ) Case No. 09-10138 (KG)
                                         )
                                         ) Jointly Administered
                                         )
                                         ) Ref. Docket Nos. 291 and 425
                                         )
            Debtors.                     )
                                         )

---

### SUPPLEMENTAL AFFIDAVIT OF MICHAEL HENKIN IN SUPPORT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO RETAIN JEFFERIES & COMPANY, INC. AS INVESTMENT BANKER PURSUANT TO 11 U.S.C. §§ 328(a) AND 1103 AND BANKRUPTCY RULE 2014(a) AND GRANTING WAIVER OF COMPLIANCE WITH DEL. BANKR. LR 2016-2(d) IN ACCORDANCE WITH DEL. BANKR. LR 2016-2(h)

Michael Henkin, a Managing Director of Jefferies, being duly sworn, hereby deposes and says:

1.  I am a Managing Director of Jefferies & Company, Inc. ("Jefferies"), an investment banking firm with its principal office located at 520 Madison Avenue, New York, NY 10022 with offices located world-wide. I am duly authorized to make and submit this supplemental affidavit (the "Supplemental Affidavit") on behalf of Jefferies in accordance with section 1103 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2014(a), 2016(b) and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), in connection with the application (the "Application") [Docket No. 291], of the Official Committee

---

[1] The Debtors in these Chapter 11 cases are: Nortel Networks Inc., Nortel Networks Capital Corporation, Alteon WebSystems, Inc., Alteon WebSystems International, Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc. and Nortel Networks Cable Solutions Inc..

of Unsecured Creditors appointed in the above-captioned cases (the "Committee") for an order pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code authorizing the Committee to retain and employ Jefferies as its investment banker, and request for waiver of certain requirements under Local Rules 2016-2(d) and 2016-2(h), which was filed by the Committee on February 13, 2009. The Application was approved by the Court in an order entered on March 5, 2009 [Docket No. 425].

2. Unless otherwise stated in this Affidavit, I have personal knowledge of the facts set forth herein and, if called as a witness, I would testify thereto.[2] Capitalized terms and phrases not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

3. The Committee filed an initial affidavit of Michael Henkin (the "Initial Affidavit") in support of the Application on February 13, 2009. As stated in the Application, Jefferies researched its client database to determine whether it had any relationships with creditors and other parties-in-interest (or potential parties-in-interest) in these chapter 11 cases. The purpose of this Supplemental Affidavit is to update and clarify the representations disclosed in the Affidavit. As demonstrated below, Jefferies remains disinterested within the meaning of 11 U.S.C. § 101(14), and neither holds nor represents any interest adverse to the Committee other than as described herein or in the Initial Affidavit.

4. In preparation for this Supplemental Affidavit, I have reviewed the list of additional potential parties-in-interest that is attached hereto as Schedule 1 (the "Potential Parties-in-Interest"). The Potential Parties-in-Interest were either identified by the Debtors' legal

---

[2] Certain of the disclosures set forth herein relate to matters within the knowledge of other employees at Jefferies and are based on information provided by them.

2

and/or financial advisors; listed in the Second Supplemental Declaration of James L. Bromley in Support of Application Authorizing Employment and Retention of Cleary Gottlieb Steen & Hamilton LLP as Counsel for Debtors and Debtors in Possession [Docket No. 371]; or otherwise came to the attention of Jefferies in the course of its representation of the Committee.[3] Jefferies entered the names of Potential Parties in Interest into a computer database containing the names of all clients and conflict information concerning the clients of Jefferies. This inquiry revealed that certain of the Potential Parties in Interest were current or former Jefferies clients (the list of such clients is referred to herein as the "Client Match List"). Through the information generated from the above-mentioned computer inquiry, and through follow-up inquiries with Jefferies' professionals responsible for certain clients listed on the Client Match List, Jefferies determined that the representation of, or relationship with, the clients on the Client Match List concerned matters unrelated to the Debtors. In particular, to the best of my knowledge, information and belief, Jefferies (a) currently or formerly represented the entities identified on Schedule 2 annexed hereto on matters unrelated to these cases and (b) either made a market in and/or published research on the securities of the entities identified on Schedule 3 annexed hereto.

5. As to the Potential Parties-in-Interest that are not listed on Schedule 2 or Schedule 3, to the best of my knowledge, Jefferies has not been employed by or rendered advisory services to any of them within the past five years.

6. Except as may be otherwise set forth herein or in the Initial Affidavit, to the best of my knowledge, Jefferies, its principals and professionals (i) do not have any

---

[3] For reasons of confidentiality related to the business of the Debtors, Jefferies is not permitted at this time to disclose the identity of certain of the Potential Parties-in-Interest. These parties are referred to as Company A, Company B, etc. in the schedules to this Supplemental Affidavit. If and when Jefferies is permitted to disclose the names of these Potential Parties-in-Interest, Jefferies will file a supplemental affidavit with the Court pursuant to

connection with the Debtors or their affiliates, their creditors or any other party in interests, and (ii) do not represent any other entity having an adverse interest in connection with these cases. Jefferies does not, has not and will not represent any entity, other than the Committee, in matters related to these chapter 11 cases.

7. The Debtors have numerous creditors and relationships with various individuals and entities that may be parties in interest in these cases. Consequently, although every reasonable effort has been made to discover and eliminate the possibility of any conflict, including the efforts outlined above, Jefferies is unable to state with certainty whether one of its clients or an affiliated entity holds a claim or otherwise is a party in interest in these chapter 11 cases. If Jefferies discovers any information that is contrary to or pertinent to the statements made herein, Jefferies will promptly disclose such information to the Court on notice to creditors and the United States Trustee.

8. Jefferies recognizes that there is an ongoing obligation to disclose relevant information with respect to the matters contained herein. Jefferies will file supplemental affidavits regarding this retention if any additional relevant information comes to its attention.

*[Continued on Next Page]*

---

Bankruptcy Rule 2014. Jefferies will disclose the names of these Potential Parties-in-Interest to the Office of the United States Trustee if requested to do so.

I declare that the foregoing is true and correct to the best of my knowledge. Executed this 24th day of March, 2009 in New York.

_____
Michael Henkin
Managing Director

SWORN TO AND SUBSCRIBED before
me this 24th day of March, 2009 in New York.

_____
Notary Public

PATRICK MORROW
Notary Public, State of New York
No. 01MO6150702
Qualified in New York County
Commission Expires Aug. 7, 2010