# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
: 
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
            Debtors. :
:
: **RE: D.I. \_\_\_\_\_**
:
---------------------------------------------------------X

## ORDER ESTABLISHING AND IMPLEMENTING UNIFORM PROCEDURES REGARDING SECTION 503(b)(9) CLAIMS

Upon the motion dated, March 24, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, establishing uniform procedures for the filing and resolution of claims asserted pursuant to section 503(b)(9) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") (the "Section 503(b)(9) Claims"); and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Section 503(b)(9) Claims Procedures and the 503(b)(9) Claim Form, substantially in the form attached as <u>Exhibit B</u> to the Motion are approved.

3. All persons or entities holding a Section 503(b)(9) Claim against the Debtors are required to file a Section 503(b)(9) Claim no later than the bar date, which will be set for prepetition claims in these cases by a separate order of the Court in accordance with Rule 2002 and Rule 3003 of the Bankruptcy Rules, and Rule 2002-1(e) of the Local Rules (the "<u>Bar Date</u>").

4. Any holder of a Section 503(b)(9) Claim, other than those described in the preceding paragraph, that fails to file a Section 503(b)(9) Claim by the Bar Date and in accordance with the procedures set forth in this Order is forever barred, estopped, and permanently enjoined from asserting its Section 503(b)(9) Claim against the Debtors, their estates, or the property of any of them, and such holder shall not be entitled to receive any distribution in these bankruptcy cases on account of such Section 503(b)(9) Claim or receive further notices regarding such Section 503(b)(9) Claim, absent further order of this Court.

5. Allowance and/or payment of the Section 503(b)(9) Claims is conditioned upon a Section 503(b)(9) Claimant's compliance with the Section 503(b)(9) Claims Procedures, which are hereby approved and include:

    a. All Section 503(b)(9) Claims shall be filed by the Bar Date;

b. Section 503(b)(9) Claimants may utilize the section 503(b)(9) administrative expense proof of claim form, attached to the Motion as Exhibit B (the "503(b)(9) Claim Form"),[3] to indicate that a section 503(b)(9) priority is being asserted. As set forth in the 503(b)(9) Claim Form, each claimant asserting a Section 503(b)(9) Claim against the Debtors must include, with specificity: (i) the amount of the Section 503(b)(9) Claim; (ii) the particular Debtor against which the Section 503(b)(9) Claim is asserted; (iii) the date of delivery of the goods the Section 503(b)(9) Claimant contends the Debtor received within twenty (20) days before the Petition Date; (iv) the value of the goods the Section 503(b)(9) Claimant contends the Debtor received within twenty (20) days before the Petition Date; (v) documentation, including invoices, receipts, bills of lading and the like, identifying the particular goods for which the claim is being asserted; (vi) an identification of which goods (if any) were subject to a demand for reclamation asserted under section 546 of the Bankruptcy Code; and (vii) a certification that the goods with respect to which the Section 503(b)(9) Claim is being filed were sold in the ordinary course of the Debtor's business;

c. All of this required information should be sent to Epiq Bankruptcy Solutions, LLC, as follows:

If by first-class mail:

Nortel Networks Inc. Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5075
New York, NY 10150-5075

If by hand delivery or overnight mail:

Nortel Networks Inc. Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY 10017

With a copy to:

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Attn: James Bromley and Lisa Schweitzer

---

[3] A copy of the 503(b)(9) Claim Form will be made available on the website of the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC at http://chapter11.epiqsystems.com/nortel.

3

      d.    Section 503(b)(9) Claimants shall not file a motion to compel allowance or payment of administrative expenses for their Section 503(b)(9) Claims. All timely filed claims asserting a priority under section 503(b)(9) shall be deemed allowed unless objected to by the Debtors or any other party-in-interest in accordance with further procedures for claim allowance to be established by the Court. Should such an objection be filed, such claim shall be adjudicated and allowed in accordance with the further procedures for claim allowance established by the Court. To the extent any Section 503(b)(9) Claims are allowed pursuant to these Section 503(b)(9) Procedures and are entitled to administrative priority pursuant to the Bankruptcy Code, the claim shall be paid pursuant to and set forth in a plan of reorganization of the Debtors as shall be confirmed by the Court;

      e.    Nothing in these Section 503(b)(9) Claims Procedures shall preclude any Section 503(b)(9) Claimant from filing a motion seeking, after notice and a hearing, the earlier payment of claims under section 503(b)(9) than as provided for herein if, and only if, such motion is predicated on events that have taken place in these cases subsequent to the entry of this Order, and the claimant filing such motion asserts that in light of such subsequent events the earlier payment of section 503(b)(9) claims is necessary to ensure fair and equitable treatment of such claimants or is otherwise appropriate under the circumstances; and

      f.    Nothing in these Section 503(b)(9) Claims Procedures shall affect the rights and remedies and/or defenses of the Debtors, the Creditors' Committee, claimants or any other party-in-interest with regard to avoidance of any claim or obligation.

6.    Holders of Section 503(b)(9) Claims must submit their Section 503(b)(9) Claims in person or by courier service, hand delivery, or mail. Facsimile, email or electronic submissions of Section 503(b)(9) Claims will not be accepted, and a Section 503(b)(9) Claim will be deemed filed only when actually delivered to and received by Epiq Bankruptcy Solutions, LLC, with a copy to Cleary Gottlieb Steen & Hamilton LLP, at the addresses listed in the previous paragraph, in accordance with the procedures set forth in this Order.

7.    Nothing in this Order shall be construed to limit, or in any way affect, the Debtors' ability to dispute any Section 503(b)(9) Claim on any ground, or to assert offsets against or defenses to such claim, as to amount, liability or otherwise.

8. Nothing in this Order shall be deemed to constitute an assumption or rejection of any executory contract or prepetition or postpetition agreement, or to require the Debtors to make any payments with respect to any asserted Section 503(b)(9) Claim absent further order of the Court.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

11. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE