**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------X
                                                      :
                                                      :   Chapter 11
                                                      :
In re                                                 :
                                                      :   Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,¹                        :
                                                      :   Jointly Administered
                        Debtors.                      :
                                                      :
                                                      :   RE: D.I. _____
                                                      :
------------------------------------------------------X
```

### ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AUTHORIZING BUT NOT DIRECTING THE PAYMENT OF CERTAIN PREPETITION OBLIGATIONS UNDER THEIR RETIREMENT INCOME PLAN

Upon the motion dated March 24, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, as more fully described in the Motion, authorizing but not directing the Debtors to pay certain prepetition obligations under their retirement income plan; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, in their sole discretion and in accordance with sections 105(a) and 363(b) of the Bankruptcy Code, but not directed, to pay the April Funding Contribution in respect of their Retirement Income Plan in an amount not to exceed $1.2 million.

3. The Debtors are authorized, in their sole discretion and in accordance with sections 105(a) and 363(b) of the Bankruptcy Code, but not directed, to pay the July Funding Contribution in respect of their Retirement Income Plan in an amount not to exceed $3.7 million; provided, however, if the Committee determines that the July Funding Contribution should not be made, then no later than ten business days prior to the last date by which such contribution must be made without penalty, the Committee shall notify the Debtors in writing of such oppositions and the reasons therefor, and the Debtors shall be required to seek a further order of the Court to adjudicate the relief sought in this Motion with respect to such payment and the Committee's objection thereto, which may be sought on an expedited basis, prior to making any such payment.

4. Nothing herein shall be deemed to be an assumption of the Retirement Income Plan or a finding that the Debtors have an obligation to pay the Minimum Funding Contributions.

5. The entry of this Order is without prejudice to the Debtors' or any other party's right to seek contribution claims against any other party that may be jointly and severally liable

on any minimum funding contribution payments or any other obligation with respect to the Retirement Income Plan.

6. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3