IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
*In re*                                              : Chapter 11
                                                     :
Nortel Networks Inc., *et al.*,[1]                   : Case No. 09-10138 (KG)
                                                     :
           Debtors.                                  : Jointly Administered
                                                     :
                                                     : **RE: D.I. 353, 379**
------------------------------------------------------------X

**ORDER AUTHORIZING AND APPROVING (A) SALE OF CERTAIN
NON-CORE ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND
ENCUMBRANCES AND (B) ASSUMPTION AND
ASSIGNMENT OF CERTAIN CONTRACTS**

Upon the motion dated February 20, 2009 (the "Sale Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, including Alteon WebSystems, Inc. and Alteon WebSystems International, Inc., as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Sale Motion, authorizing and approving (a) the sale of the Acquired Assets, free and clear of all Liens and Claims, to the Successful Bidder pursuant to the Purchase Agreement (which, for purposes of this Order, shall include any purchase agreement submitted pursuant to the Bidding Procedures and entered into between the Successful Bidder and the Debtors), and (b) the assumption and assignment of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Sale Motion or the Purchase Agreement, as the case may be.

1

[New York #2013763 v5]

Assumed and Assigned Contracts (the Acquired Assets and the Assumed and Assigned Contracts, collectively, the "Assets") free of all Liens and Claims; and adequate notice of the Sale Motion having been given as set forth therein; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Sale Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and whereas an objection (the "Verizon Objection") to the Motion was filed on March 18, 2009 by affiliates of Verizon Communications Inc. ("Verizon") [D.I. 484]; and the Court having determined that consideration of the Sale Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Sale Motion establish just cause for the relief requested therein, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. That portion of the Sale Motion seeking authorization and approval of the sale of the Acquired Assets and the assumption and assignment of the Assumed and Assigned Contracts is GRANTED.

## Transfer of the Acquired Assets to the Purchaser

2. The sale of the Assets, pursuant to this Order will vest the Successful Bidder with all right, title and interest of the Debtors to the Assets and will be a legal, valid and effective transfer of the Assets free and clear of all Liens and Claims, whether known or unknown, fixed, liquidated, contingent or otherwise, including any claims held by any of the Debtors' or their affiliates' creditors, vendors, suppliers, employees or lessors, and any other person, except as expressly permitted by the Purchase Agreement or Bidding Procedures.

[New York #2013763 v5]

3. Except as expressly provided in the Purchase Agreement, pursuant to sections 105(a), 363(f), and 365 of the Bankruptcy Code, upon the closing the Assets shall be sold, transferred or otherwise conveyed to Successful Bidder free and clear of all Liens and Claims, with all such Liens and Claims to attach to the proceeds of sale of the Assets in the order of their priority, and with the same validity, priority, force and effect which they now have as against the Assets, subject to the rights, claims, defenses, and objections, if any, of the Debtors and all parties in interest with respect to such Liens and Claims.

4. All persons or entities holding Liens and Claims in, to or against the Assets shall be, and they hereby are, forever barred from asserting such Liens and Claims against the Successful Bidder, its successors and assigns or such Assets after closing, except as expressly provided in the Purchase Agreement.

### Break-Up Fee and Expense Reimbursement

5. To the extent required under section 10.2 of the Purchase Agreement, the Sellers are hereby authorized and directed to pay to Radware, as the stalking-horse bidder, the amount of $650,000 as the Break-Up Fee and up to an additional $400,000 of reasonable and documented out of pocket fees and expenses (including attorneys fees and expenses) incurred by Radware in connection with the Purchase Agreement and related sale and auction processes. Such amounts and, to the extent Radware is the Successful Bidder, all other amounts to be borne by the Debtors pursuant to the Purchase Agreement and each of the other Transaction Documents, shall be payable to Radware as an administrative expense under sections 503(b) and 507(a) on an irrevocable and indefeasible basis and shall not be subject to future avoidance or disgorgement for any reason.

[New York #2013763 v5]

**Procedures Governing the Assumption and Assignment of Assigned Contracts**

6. Subject to and conditioned on the closing of the transactions contemplated in the Purchase Agreement and Bidding Procedures and except as otherwise set forth therein, the Debtors are authorized pursuant to section 365(a) of the Bankruptcy Code to assume and assign the Assumed and Assigned Contracts to the Successful Bidder, transferring all of the Debtors' right, title and interest (including common law rights) to all of their intangible property included in the Assets pursuant to the Purchase Agreement.

7. Any undertakings (payment and/or performance) necessary to cure defaults under any Assumed and Assigned Contracts shall (to the extent set forth in the Purchase Agreement) be paid by Debtors to the appropriate counter-party in accordance with the Purchase Agreement. Except as set forth in the Purchase Agreement, Successful Bidder shall not be liable in any way (as assignee, successor entity or otherwise) for any claims that any third party may have against the Debtors, including under any Assumed and Assigned Contract, other than claims and liabilities specifically assumed under the Purchase Agreement.

**Miscellaneous Provisions**

8. The adequate assurance regarding Radware's future performance under the Assumed Contracts as provided in the Assignment and Assumption Notice is sufficient pursuant to section 365(f)(2) of the Bankruptcy Code,

9. The consideration to be paid by the Successful Bidder for the Assets under the Purchase Agreement and the terms and conditions thereunder constitute transfers for reasonably equivalent value and fair consideration under the U.S. Bankruptcy Code, the Laws of the States of New York and Delaware and all other applicable State Laws, including those relating to

fraudulent conveyance and fraudulent transfers and may not be avoided under section 363(n) of the Bankruptcy Code.

10. This Order (a) is and shall be effective as a determination that, upon the closing, except as expressly provided in the Purchase Agreement or Bidding Procedures, all Liens and Claims existing as to the Assets prior to the closing have been unconditionally released, discharged and terminated in each case as to the Assets and (b) shall authorize all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of fees, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities, who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments that reflect that the Successful Bidder is the assignee of the Assets free and clear of all Liens and Claims except as expressly provided in the Purchase Agreement or Bidding Procedures.

11. Nothing in this Order shall be deemed to waive, release, extinguish or estop the Debtors or their estates from asserting or otherwise impair or diminish any right (including without limitation any right of recoupment), claim, cause of action, defense, offset or counterclaim in respect of any asset that is not an Asset.

12. Except with respect to enforcing the terms of the Purchase Agreement, the Bidding Procedures, and/or this Order, absent a stay pending appeal, no person shall take any action to prevent, enjoin or otherwise interfere with consummation of the transactions contemplated in or by the Purchase Agreement, the Bidding Procedures or this Order.

13. The Purchase Agreement, Bidding Procedures and any related agreements, documents or other instruments may be modified, amended, or supplemented through a written

document signed by the parties in accordance with the terms thereof without further order of the Court; provided, however, that any such modification, amendment or supplement is neither material nor materially changes the economic substance of the transactions contemplated hereby, i.e., no more than two percent of the Purchase Price as defined in the Purchase Agreement; and provided further that no such modifications, amendments, or supplements may be made except following two (2) days written notice to, or the prior consent of, the Official Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036 (Attention: Fred S. Hodara, Stephen Kuhn, and Kenneth Davis).

14. In the absence of a stay of the effectiveness of this Order, in the event that the Successful Bidder and the Debtors consummate the transactions contemplated by the Purchase Agreement at any time after entry of this Order, then with respect to the transactions approved and authorized herein, the Successful Bidder, as an arm's-length purchaser in good faith within the meaning of section 363(m) of the Bankruptcy Code, shall be entitled to all of the protections of section 363(m) of the Bankruptcy Code in the event this Order or any authorization contained herein is reversed or modified on appeal.

15. Each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement and Bidding Procedures.

16. Until these cases are closed or dismissed, the Court shall retain exclusive jurisdiction (a) to enforce and implement the terms and provisions of the Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and each of the agreements, documents and instruments executed in connection therewith; (b) to compel transfer of the Assets to the Successful Bidder; (c) to compel the Successful Bidder to perform all of its

[New York #2013763 v5]

obligations under the Purchase Agreement; (d) to resolve any disputes, controversies or claims arising out of or relating to the Purchase Agreement, including without limitation the adjudication of any cure required under the Assumed and Assigned Contracts; and (e) to interpret, implement and enforce the provisions of this Order.

17. The terms of this Order and the Purchase Agreement shall be binding on and inure to the benefit of the Debtors, the Successful Bidder and the Debtors' creditors and all other parties in interest, and any successors of the Debtors, the Successful Bidder and the Debtors' creditors, including any trustee or examiner appointed in these cases or any subsequent or converted cases of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code.

18. The failure to include any particular provision of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of that provision, it being the intent of the Court and the parties that the Purchase Agreement be approved and authorized in its entirety.

19. Any conflict between the terms and provisions of this Order and the Purchase Agreement shall be resolved in favor of this Order.

20. The Debtors are hereby authorized to perform each of their covenants and undertakings as provided in the Purchase Agreement prior to closing without further order of the Court.

21. As provided by Bankruptcy Rule 7062, this Order shall be effective and enforceable immediately. The provisions of Bankruptcy Rules 6004(g) and 6006(d) staying the effectiveness of this Order for ten (10) days are hereby waived, and this Order shall be effective, and the parties may consummate the transactions contemplated by the Purchase Agreement immediately upon entry of this Order. Time is of the essence in closing the transaction and

parties to the Purchase Agreement shall be authorized to close the sale as soon as possible consistent with the terms of this Order.

22. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

23. Notwithstanding the foregoing approvals and authorizations and any other provisions of this Order, the hearing on the Motion is adjourned to April 9, 2009 solely to the extent it relates to the Verizon Objection and the assumption and assignment of the contracts identified by the following Nortel contract numbers: 253701, 257334, 257996, 223355, 131514, 265159, 223407 and 213884. In the interim, the Debtors, the Purchasers and Verizon reserve all of their rights and defenses with respect to the Verizon Objection.

24. The provisions of this Order are nonseverable and mutually dependent.

25. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March 26, 2009
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

[New York #2013763 v5]