# EXHIBIT 1

RLF1-3381881-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| NORTEL NETWORKS INC., et al.,[1] | ) Case No. 09-10138 (KG) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) |
| | ) **Re: Docket No. ____** |

**ORDER APPROVING THIRD STIPULATION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NORTEL NETWORKS INC., ET AL., PURSUANT TO LOCAL RULE 9013-1(M), EXTENDING THE TIME TO FILE A MOTION FOR RECONSIDERATION OF ORDER PURSUANT TO 11 U.S.C. § 105(A) APPROVING CROSS-BORDER COURT-TO-COURT PROTOCOL**

AND NOW, upon consideration of the Stipulation[2] attached hereto as <u>Exhibit A</u>, and good cause appearing for the approval thereof, it is hereby:

ORDERED, that the Stipulation is APPROVED; and it is further

ORDERED, the Court shall retain jurisdiction over the implementation and enforcement of the Stipulation and this Order.

Dated: March ____, 2009
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Alteon Websystems, Inc. (9769); Alteon Websystems International, Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); and Nortel Networks Cable Solutions Inc. (0567).

[2] Terms not defined herein shall have the meanings attributed to them in the Stipulation.

RLF1-3381875-1

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| NORTEL NETWORKS INC., et al.,[1] ) | Case No. 09-10138 (KG) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | |
| ) | Re: Docket Nos. 18 & 54 |

**THIRD STIPULATION OF THE DEBTORS AND THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF NORTEL NETWORKS INC.,
ET AL., PURSUANT TO LOCAL RULE 9013-1(M), EXTENDING THE TIME TO
FILE A MOTION FOR RECONSIDERATION OF ORDER PURSUANT TO
11 U.S.C. § 105(A) APPROVING CROSS-BORDER COURT-TO-COURT PROTOCOL**

This stipulation (the "Stipulation") is by and between the Official Committee of Unsecured Creditors (the "Committee") of Nortel Networks Inc., and its affiliated debtors and debtors in possession (collectively, the "U.S. Debtors") and the U.S. Debtors. The parties hereby stipulate and agree as follows:

## RECITALS

1.      On January 14, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief (the "U.S. Proceeding") in the United States Bankruptcy Court for the District of Delaware (the "U.S. Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On January 15, 2009, the Court entered an order jointly administering

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Alteon Websystems, Inc. (9769); Alteon Websystems International, Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); and Nortel Networks Cable Solutions Inc. (0567).

8142244 v1

these chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2.  The U.S. Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  Also on the Petition Date, the Debtors' ultimate corporate parent, Nortel Networks Corporation, together with Nortel Networks Limited and certain of their Canadian affiliates (collectively, the "Canadian Debtors", and together with the U.S. Debtors, the "Debtors") commenced a proceeding (the "Canadian Proceeding", and together with the U.S. Proceeding, the "Insolvency Proceedings") before the Ontario Superior Court of Justice (the "Canadian Court") for a plan of compromise or arrangement under the Canadian Companies' Creditors Arrangement Act ("CCAA"). The Canadian Debtors continue to operate their businesses and manage their properties under the supervision of the Canadian Court.

4.  On the Petition Date, the U.S. Debtors filed their Motion for Entry of an Order Pursuant to 11 U.S.C. § 105(a) Approving Cross-Border Court-To-Court Protocol, Docket No. 18 (the "CBP Motion") seeking approval of a cross-border court-to-court protocol (the "Protocol").

5.  On January 15, 2009, the U.S. Court entered the Order Pursuant to 11 U.S.C. § 105(a) Approving Cross-Border Court-To-Court Protocol, Docket No. 54 (the "CBP Order"), approving the Protocol. On January 14, 2009, the Canadian Court approved an identical version of the Protocol in its Amended and Restated Initial Order in the Canadian Proceedings.

6. On January 22, 2009 (the "Committee Formation Date"), the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee. The Committee currently consists of five members.[2]

7. Rule 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") provides that "any party in interest may file a motion to reconsider any First Day Order ... within thirty (30) days of the entry of such order, unless otherwise ordered by the Court."

8. Pursuant to Local Rule 9013-1(m), the Committee's original deadline to file a motion for reconsideration of the CBP Order was February 17th, the date that was 30 days after the entry of such order (the "Reconsideration Deadline").

9. Since the Committee Formation Date, the Committee and its professionals have been working diligently to review and analyze the Protocol approved by the CBP Order, and have engaged in discussions with the Debtors regarding the terms of the Protocol and possible improvements thereto.

10. The Debtors and the Committee entered into the Stipulation of the Debtors and the Official Committee of Unsecured Creditors of Nortel Networks Inc., et al., Pursuant to Local Rule 9013-1(m), Extending the Time to File a Motion for Reconsideration of Order (the "First Stipulation"), extending the Reconsideration Deadline by approximately thirty days to March 17, 2009. On February 18, 2009, this Court entered an Order approving the First Stipulation

11. On March 12, 2009, the Debtors and the Committee entered into the Second Stipulation of the Debtors and the Official Committee of Unsecured Creditors of Nortel

---

[2] The Committee is comprised of the following entities: Airvana, Inc.; Flextronics Corporation; Law Debenture Trust Company of New York, as Indenture Trustee; Pension Benefit Guaranty Corporation; and The Bank of New York Mellon, as Indenture Trustee.

Networks Inc., et al., Pursuant to Local Rule 9013-1(m), Extending the Time to File a Motion for Reconsideration of Order (the "Second Stipulation"), extending the Reconsideration Deadline by 14 days to March 31, 2009. On March 13, 2009, this Court entered an Order approving the Second Stipulation.

12. In order to facilitate continuing discussions between the parties, the Debtors and the Committee have agreed to further extend the Reconsideration Deadline by approximately 30 days to April 30, 2009.

## STIPULATION

NOW, THEREFORE, the Debtors and the Committee hereby stipulate and agree that the Reconsideration Deadline shall be extended to April 30, 2009 (the "Extended Reconsideration Deadline"), such that any motion to reconsider filed by the Committee on or before the Extended Reconsideration Deadline shall be considered timely, and not barred by operation of Local Rule 9013-1(m). The parties reserve all rights with respect to the merits of such a motion.

*[The rest of this page intentionally left blank]*

Dated: March 27, 2009

By: /s/ _____
James L. Bromley (*pro hac vice*)
Lisa Schweitzer (*pro hac vice*)
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Tel.: (212) 225-2000
Counsel to the Debtors

By: _____
Fred S. Hodara (*pro hac vice*)
David H. Botter (*pro hac vice*)
Kenneth A. Davis (*pro hac vice*)
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Tel.: (212) 872-1000
Co-counsel to the Committee

And

Mark D. Collins (No. 2981)
Christopher M. Samis (No. 4909)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Tel.: (302) 651-7700
Co-counsel to the Committee