## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*: | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |

## NOTICE OF FILING OF SIXTH REPORT OF THE MONITOR OF THE CANADIAN NORTEL COMPANIES IN THE CANADIAN PROCEEDINGS

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Alteon Websystems, Inc. (9769); Alteon Websystems International, Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc. (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); and Nortel Networks Cable Solutions Inc. (0567).

**PLEASE TAKE NOTICE** that on April 1, 2009, Ernst & Young Inc., the Monitor and foreign representative of Nortel Networks Corporation and certain of its direct and indirect subsidiaries, Nortel Networks Limited, Nortel Networks Technology Corporation, Nortel Networks Global Corporation, and Nortel Networks International Corporation, in proceedings under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, pending before the Ontario Superior Court of Justice (Commercial List), by its undersigned counsel, filed, in the above-captioned cases, a copy of the Sixth Report of the Monitor (the "**Sixth Report**"), dated March 31, 2009. A copy of the Sixth Report is annexed hereto as Exhibit A.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Sixth Report is also available on the Monitor's website, www.ey.com/ca/nortel or upon request to the Monitor's counsel.

Dated: Wilmington, Delaware
         April 1, 2009

ALLEN & OVERY LLP

Ken Coleman
Lisa Kraidin
1221 Avenue of the Americas
New York, New York  10020
Telephone (212) 610-6300
Facsimile (212) 610-6399
ken.coleman@allenovery.com
lisa.kraidin@allenovery.com

-and-

BUCHANAN INGERSOLL & ROONEY

By: /s/ Mary F. Caloway
Mary F. Caloway (No. 3059)
Peter J. Duhig (No. 4124)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, Delaware 19801
Telephone (302) 552-4200
Facsimile (302) 552-4295
mary.caloway@bipc.com

Attorneys for Ernst & Young Inc., as Monitor
and Foreign Representative of the Canadian Nortel
Group

**<u>EXHIBIT A</u>**

Court File No. 09-CL-7950

ONTARIO
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

IN THE MATTER OF THE *COMPANIES' CREDITORS
ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF
COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,
NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS
INTERNATIONAL CORPORATION AND NORTEL NETWORKS
TECHNOLOGY CORPORATION (the "Applicants")

SIXTH REPORT OF THE MONITOR
DATED MARCH 31, 2009

INTRODUCTION

1.    On January 14, 2009, Nortel Networks Corporation ("NNC" and collectively with
all its subsidiaries, "Nortel" or "Company"), Nortel Networks Limited ("NNL"),
Nortel Networks Technology Corporation ("NNTC"), Nortel Networks
International Corporation ("NNIC") and Nortel Networks Global Corporation
("NNGC") (collectively the "Applicants") filed for and obtained protection under
the Companies' Creditors Arrangement Act ("CCAA"). Pursuant to the Order of
this Honourable Court dated January 14, 2009 (the "Initial Order"), Ernst & Young
Inc. ("EYI") was appointed as the Monitor of the Applicants (the "Monitor") in the
CCAA proceeding. The Initial Order was amended as reflected in the Amended and
Restated Initial Order dated February 10, 2009 (the "Amended and Restated Initial
Order").

**PURPOSE**

2.      The purpose of this sixth report of the Monitor (the "Sixth Report") is to provide this Honourable Court with information in connection with the Applicants' motion seeking this Honourable Court's approval of the following:

    a)  An amended and restated loan agreement dated as of March 27, 2009 (the "Amended NNI Loan Agreement") among Nortel Networks Inc. ("NNI"), as lender, NNL as borrower and NNC and the other Applicants as guarantors;

    b)  Certain amendments to the Amended and Restated Initial Order in connection with the Amended NNI Loan Agreement;  and

    c)  Expanding the Inter-company Charge in the Amended and Restated Initial Order to include post filing advances made by NNL to NNTC.

**TERMS OF REFERENCE**

3.      In preparing this Sixth Report, the Monitor has relied upon unaudited financial information, the Company's books and records, the financial information prepared by the Company, and discussions with management of Nortel.  The Monitor has not audited, reviewed, or otherwise attempted to verify the accuracy or completeness of the information and, accordingly, the Monitor expresses no opinion or other form of assurance on the information contained in this Sixth Report.

4.      Unless otherwise stated, all monetary amounts contained herein are expressed in U.S. dollars.

5.      Capitalized terms not defined in this Report are as defined in the affidavit of John Doolittle sworn January 14, 2009, the Report of EYI in its capacity as proposed monitor dated January 14, 2009 (the "Pre-Filing Report") or the previous Reports of the Monitor.

## AMENDMENTS TO NNI LOAN AGREEMENT AND PROPOSED CHANGES TO THE AMENDED AND RESTATED INTIAL ORDER

6.    In the Pre-Filing Report, the Monitor noted that the Applicants sought the approval of a loan agreement between NNI, as lender, NNL, as borrower and NNTC, as guarantor (the "Original NNI Loan Agreement") to provide for post filing advances (the "Advances") up to $200 million.  Any Advances are secured by the Carling Facility Charges (as defined in the Amended and Restated Initial Order and as more fully described in the Monitor's Pre-Filing Report and First Report).

7.    The Carling Facility Charges provides secured charges, ranking second after the Administration Charge, on NNL's leasehold interest in, and NNTC's fee simple interest in, the Carling Facility located in Ottawa.   In addition, any potential deficiency amounts are currently secured by the Inter-company Charge (as defined in the Amended and Restated Initial Order and as more fully described in the Monitor's Pre-Filing Report and First Report). The Inter-company Charge currently ranks fifth, after the Directors' Charge.

8.    In the Chapter 11 Proceedings, NNI, as part of the first day orders that were granted, obtained the authority to advance up to $75 million under the Original NNI Loan Agreement.   The authority for NNI to advance any further amounts under the Original NNI Loan Agreement was adjourned and has not been heard by the U.S. Court as of the date of this Sixth Report.

9.    The Monitor understands the official committee of unsecured creditors (the "UCC") in the Chapter 11 Proceedings has requested a number of amendments to the Original NNI Loan Agreement as well as to the Amended and Restated Initial Order.  As an accommodation to the UCC, the Applicants have now agreed to certain amendments which are reflected in the Amended NNI Loan Agreement.

10.    In addition, the Applicants propose changes under the Amended and Restated Initial Order to reflect the terms of the Amended NNI Loan Agreement.  A copy of

3

the Amended NNI Loan Agreement is attached to the Affidavit of John Doolittle sworn March 27, 2009.

11.    The significant proposed changes are summarized as follows:

a)    Expanding the scope of Canadian entities to encompass all other Applicants (i.e. NNC, NNIC, NNGC and not just NNTC) as guarantors of the obligations under the Amended NNI Loan Agreement. NNC's principal asset is its equity interest in NNL. NNIC and NNGC are subsidiaries of NNL and do not have significant assets. NNL, the principal Canadian operating entity, remains as the borrower under the Amended NNI Loan Agreement;

b)    Creation of a new "NNI Loan Charge", in addition to the Carling Facility Charges, that ranks ahead of the Inter-company Charge but after the Directors' Charge (as defined in the Initial Order) that will secure the Applicants' obligations under the Amended NNI Loan Agreement against all of the Applicants' assets;

c)    The NNI Loan Charge will not be enforceable pending further Order of the Court; and

d)    NNI is not required to exhaust its remedies under the Carling Facility Charges prior to seeking recovery from the NNI Loan Charge.

12.    As of March 30, 2009, NNI has advanced to NNL the full amount of the $75 million authorized in the Chapter 11 Proceedings. Further Advances under the NNI Loan are still subject to NNI obtaining approval of the U.S. Court.

4

## NNTC ADVANCES

13.    NNTC is a research & development ("R&D") company that employs a significant portion of Nortel's R&D employees, but does not generate third party revenue. As a result, NNTC pre-filing has relied on and post filing continues to rely on NNL for all of its funding, including payroll and other R&D expenses.

14.    As outlined in the Pre-Filing Report there is a significant interdependence among the Nortel entities. As such, it is imperative that the Nortel entities continue to account for and settle their inter-company trade balances in order to allow for the continued flow of product and funds among the various Nortel entities.

15.    In order to preserve the *status quo* as it existed at the Filing Date with respect to the various Nortel entities, the Amended and Restated Initial Order provides security, by way of the Inter-company Charge for post filing advances made by NNI to NNL under the NNI Loan or in settlement of pre-filing or post filing trade inter-company amounts. Similarly, the Inter-company Charge also secures NNL post filing obligations under the GPSA with the EMEA Filed Entities.

16.    Therefore, to maintain the *status quo* and provide protection in a manner similar to treatment afforded to inter-company trade as between Canada and the U.S. Chapter 11 Debtors and Canada and EMEA Filed Entities, the Monitor is requesting that the Inter-company Charge be extended to encompass all post filing advances made by NNL to NNTC.

17.    As of March 30, 2009, NNL has made post filing advances to NNTC consisting of $23 million of funding by way of a post filing loan and additionally NNL has made disbursements on behalf of NNTC totaling approximately CDN$81 million related to NNTC payroll obligations.

5

**MONITOR'S RECOMMENDATION**

18.   The Monitor is of the view that the Applicants' proposed revisions to the Original NNI Loan Agreement (along with certain amendments to the Amended and Restated Initial Order in connection with the Amended NNI Loan Agreement) and the broadening of the Inter-company Charge to include post filing advances made by NNL to NNTC, do not materially prejudice the Applicants' creditors and assists in continuing efforts toward development of a comprehensive restructuring plan.

19.   The Monitor believes that the Applicants are acting diligently and in good faith.

20.   The Monitor has reviewed the Amended NNI Loan Agreement and the Monitor recommends this Honourable Court approve the Amended NNI Loan Agreement.

21.   The Monitor also recommends that Amended and Restated Initial Order be revised to give effect to the provisions contemplated under the Amended NNI Loan Agreement, including the creation of the NNI Loan Charge.

22.   Further, the Monitor recommends the protections of the Inter-company Charge be extended to include post filing advances made by NNL to NNTC.

All of which is respectfully submitted this 31st day of March 2009.

**ERNST & YOUNG INC.**
**In its capacity as the Monitor of**
**Nortel Networks Corporation** *et al*

Per:

Murray A. McDonald
President

6

Court File No: 09-CL-7950

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION *et al.*

---

*ONTARIO*
## SUPERIOR COURT OF JUSTICE
### (COMMERCIAL LIST)

Proceeding commenced at Toronto

---

**SIXTH REPORT OF THE MONITOR DATED MARCH 31, 2009**

---

**GOODMANS LLP**
Barristers & Solicitors
250 Yonge Street, Suite 2400
Toronto, Canada  M5B 2M6

Jay A. Carfagnini  (LSUC#: 222936)
Joseph Pasquariello (LSUC# 37389C)
Christopher G. Armstrong (LSUC# 55148B)

Tel: 416.979.2211
Fax: 416.979.1234

Lawyers for the Monitor, Ernst & Young Inc.

\5701288