IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
:
*In re*                                         :      Chapter 11
                                                :
                                                :      Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]              :
                                                :      Jointly Administered
         Debtors.                               :
                                                :      RE: D.I. 524
                                                :
---------------------------------------------------------------X

## ORDER APPROVING OMNIBUS SETTLEMENT PROCEDURES TO RESOLVE, MEDIATE, COMPROMISE OR OTHERWISE SETTLE CERTAIN CLAIMS AND CONTROVERSIES

Upon the motion dated March 24, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules, as more fully described in the Motion, authorizing and approving omnibus settlement procedures to resolve, mediate, compromise or otherwise settle certain claims and controversies; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized in accordance with Bankruptcy Rule 9019 to settle Ordinary Course Actions (as defined in the Motion) in accordance with the following Settlement Procedures:

   a. No settlement of an Ordinary Course Action will be agreed to unless it is reasonable in the judgment of the Debtors upon consideration of (i) the probability of success if the claim is litigated, (ii) the complexity, expense and likely duration of any litigation with respect to the claim, (iii) the difficulty in collection of any judgment, (iv) other factors relevant to assessing the wisdom of the settlement, and (v) the fairness of the settlement vis-à-vis the Debtors' estates and their creditors.

   b. Employees responsible for negotiating or settling Ordinary Course Actions by or against the Debtors may attempt to resolve, mediate, compromise or otherwise settle any Ordinary Course Actions without further hearing or notice to this Court or other parties in interest in these proceedings.

   c. No individual Ordinary Course Action that is originally greater than $1 million shall be settled without further court approval, and the aggregate amount of Ordinary Course Actions settled pursuant to these Settlement Procedures shall not be more than $15 million paid by the Debtors or $15 million paid to the Debtors without further court approval. If further court approval is sought, then the Debtors shall notify (i) the United States Trustee for the District of Delaware; and (ii) counsel to the Committee (the "Notice Parties").

   d. The Debtors shall provide notice to the Notice Parties in writing where the claims under the Ordinary Course Action were originally greater than $200,000, or where the Debtors propose to pay a settling counterparty any amount in consideration of a

2

prepetition claim against the Debtors. If no party in interest objects in writing within ten (10) calendar days of receipt of such notice, then the Debtors may immediately proceed with the settlement.[3] If an objection is received within such period that cannot be resolved, such action cannot be settled except upon further order of the Court after notice and a hearing.

e. The Debtors need not provide notice for the settlement of Ordinary Course Actions where the claims under the Ordinary Course Action were originally less than $200,000.

f. The entry by the Debtors into settlement, mediation or compromise negotiations does not constitute a waiver of the automatic stay applicable to judicial, administrative or other actions or proceedings against the Debtors pursuant to section 362 of the Bankruptcy Code.

g. With respect to a proposed settlement reached and approved pursuant to the Settlement Procedures, such settlement shall be binding upon the parties to the settlement and all other parties in interest as if the settlement had been approved by the Court after notice and a hearing.

h. Nothing in the foregoing procedures prevent the Debtors, in their sole discretion, from seeking the Court's approval at any time of any proposed settlement upon notice and a hearing.

i. These Settlement Procedures will not apply to any compromise and settlement of an Ordinary Course Action that involves an "insider," as that term is defined in section 101(31) of the Bankruptcy Code.

3. The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the Settlement Procedures and the terms of this Order.

4. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or

---

[3] The Notice Parties shall be deemed to have received notice the day after such notice has been sent by a properly addressed facsimile, email or overnight delivery to the Notice Parties or their counsel or designated representative. If such notice is made solely by U.S. mail, the deemed receipt date shall be three (3) days after mailing.

realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

5.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: April 7, 2009
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE