# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re*  :  Chapter 11
:
Nortel Networks Inc., *et al.*,[1]  :  Case No. 09-10138 (KG)
:
              Debtors.  :  Jointly Administered
:
:  **RE: D.I.s 9, 58, 239, 337**
:
------------------------------------------------------------X

## THIRD ORDER FURTHER SUPPLEMENTING CASH MANAGEMENT MOTION

Upon the motion dated January 14, 2009 (the "Cash Management Motion") [D.I. 9],[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors") for the entry of an order: (a) approving the continued use of the Cash Management System, Bank Accounts and Business Forms; (b) permitting continued Intercompany Transactions, granting administrative priority status to postpetition Intercompany Claims, and preserving and permitting the exercise of intercompany setoff rights; (c) authorizing banks to honor certain transfers and charge certain fees and other amounts; (d) waiving the requirements of 11 U.S.C. section 345(b) on an interim basis; and the order having been granted on an interim basis January 15, 2009 (the "Cash Management Order") [D.I. 58] to the extent set forth therein; and the Debtors having obtained a supplemental order dated February 5, 2009,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Cash Management Motion.

amending the Cash Management Order as set forth therein [D.I. 239]; and the Debtors having obtained a second supplemental order dated February 19, 2009, amending the Cash Management Order as set forth therein [D.I. 337]; and the Committee and the Debtors having negotiated further amendments to the NNL Revolver as attached hereto as <u>Exhibit A</u>; and adequate notice of the relief sought herein having been provided under the circumstances; and the Court having jurisdiction to consider the Cash Management Motion and the relief requested therein, as supplemented by this order, pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of this requested relief is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Cash Management Motion establish just cause for the relief requested, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation

IT IS HEREBY ORDERED THAT:

1. The Debtors are authorized to enter into the NNL Revolver Agreement, as amended and attached as <u>Exhibit A</u> hereto (as may be further amended, the "<u>Amended NNL Revolver Agreement</u>") to lend funds thereunder, and to take any and all other actions required to comply with the terms of the Amended NNL Revolver Agreement, provided that, notwithstanding anything in the Amended NNL Revolver Agreement to the contrary, the Maximum Facility Amount thereunder shall be limited to $75 million which may be advanced to NNL for use by NNL or its affiliates that are applicants in the Canadian Proceedings and the Debtors will seek approval for an increase in the Maximum Facility Amount to $200 million in accordance with the terms of the Amended NNL Revolver Agreement at a subsequent hearing.

3

2. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (a) the terms of this Order shall be immediately effective and enforceable upon its entry; (b) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (c) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

3. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: April 9, 2009
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE