IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re*                                                     :    Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                          :    Case No. 09-10138 (KG)
:
            Debtors.                  :    Jointly Administered
:
:    **Hearing date: May 7, 2009 at 11:00 AM (ET)**
:    **Objections due: April 30, 2009 at 4:00 PM (ET)**
------------------------------------------------------------X

### DEBTORS' MOTION PURSUANT TO RULES 9006 AND 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE TO ENLARGE THE TIME WITHIN WHICH THE DEBTORS MAY FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 1452 of title 28 of the United States Code to further enlarge the time within which the Debtors may file notices of removal of related proceedings through confirmation of a plan in these chapter 11 cases. In support of this Motion, the Debtors respectfully represent as follows:

#### Jurisdiction

1.     The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) in that it is a matter concerning the administration of the Debtors' estates. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory bases for the relief sought herein are 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027.

## Background

### A. Introduction

3.  On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.  Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as foreign representative for the Canadian Debtors, has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the

Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. In addition, at 8 p.m. on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[3] into administration under the control of individuals from Ernst & Young LLC (collectively, the "Administrator").

6. On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that provided for the joint administration of these cases and for consolidation for procedural purposes only.

7. On January 26, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142]. An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

8. As of the Petition Date, the Debtors were party to approximately fifty-four civil actions in various state and federal courts located throughout the United States (together with any subsequently identified prepetition civil actions pending in state or federal court, the "Prepetition Actions").

---

[2] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[3] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

9. The Debtors' current deadline to file notices of removal of related proceedings under Bankruptcy Rule 9027 is April 14, 2009.[4]

**B.    Debtors' Corporate Structure and Business**

10. A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases are set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications (the "First Day Declaration").[5]

**Relief Requested**

11. By this Motion, the Debtors seek the entry of an order pursuant to Bankruptcy Rule 9006(b) enlarging the time within which the Debtors may file notices of removal of the Prepetition Actions under Bankruptcy Rule 9027 through confirmation of a plan in these chapter 11 cases.[6]

**Basis for Relief Requested**

12. Section 1452 of title 28 of the United States Code provides for the removal of actions related to bankruptcy cases. Section 1452 provides, in pertinent part:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable

---

[4] Rule 9006-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware provides: "If a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Code, the Fed.R.Bankr.P., these Rules, the District Court Rules, or Court Order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order."

[5] Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

[6] The relief requested in this Motion is without prejudice to the Debtors' right to seek further extensions of time within which to file notices of removal of Prepetition Actions under Bankruptcy Rule 9027.

9. The Debtors' current deadline to file notices of removal of related proceedings under Bankruptcy Rule 9027 is April 14, 2009.[4]

**B.    Debtors' Corporate Structure and Business**

10. A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases are set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications (the "First Day Declaration").[5]

**Relief Requested**

11. By this Motion, the Debtors seek the entry of an order pursuant to Bankruptcy Rule 9006(b) enlarging the time within which the Debtors may file notices of removal of the Prepetition Actions under Bankruptcy Rule 9027 through confirmation of a plan in these chapter 11 cases.[6]

**Basis for Relief Requested**

12. Section 1452 of title 28 of the United States Code provides for the removal of actions related to bankruptcy cases. Section 1452 provides, in pertinent part:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable

---

[4] Rule 9006-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware provides: "If a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Code, the Fed.R.Bankr.P., these Rules, the District Court Rules, or Court Order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order."

[5] Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

[6] The relief requested in this Motion is without prejudice to the Debtors' right to seek further extensions of time within which to file notices of removal of Prepetition Actions under Bankruptcy Rule 9027.

> ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise . . . .

28 U.S.C. § 1452.

13.     Bankruptcy Rule 9027 sets forth the time period for the filing of notices to remove claims or causes of action. Bankruptcy Rule 9027 provides in pertinent part:

> (a)(2) If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

14.     Bankruptcy Rule 9006 permits the Court to enlarge the period to remove actions provided for by Bankruptcy Rule 9027. Bankruptcy Rule 9006(b) provides, in pertinent part:

> (1)     Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1). It is well-settled that this Court is authorized by Bankruptcy Rule 9006 to extend the removal period provided under Bankruptcy Rule 9027. See Pacor, Inc. v. Higgins, 743 F.2d 984, 996 n.17 (3d Cir. 1984); Raff v. Gordon, 58 B.R. 988, 990 (E.D. Pa. 1986); see also In re World Fin. Servs. Center, Inc., 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987).

15.     The Debtors submit that "cause" exists to extend the time to remove the

5

Prepetition Actions within the meaning of Bankruptcy Rule 9006. Due to the short time in which these cases have been pending, the Debtors have not had an adequate opportunity to determine whether to remove any Prepetition Action. The Debtors filed for chapter 11 on January 14, 2009. The Debtors, together with their affiliates, have been engaged in the process of assessing all facets of their businesses and evaluating all available business and reorganization opportunities. Moreover, during the initial stages of these chapter 11 cases, the Debtors have devoted a substantial amount of time and resources to: stabilizing business and cash management operations, negotiating with suppliers and customers to stabilize operations, preparing schedules and other required reporting in these cases, including assisting the Debtors' ultimate parent company to continue to timely file periodic reports, evaluating and coordinating reorganization efforts and court proceedings with several other jurisdictions, and soliciting input and coordinating efforts with the Committee appointed in these cases (as well as other constituents).

16.    For these reasons, and due to the large scale and complexity of the Debtors' reorganization, the Debtors have had insufficient time to make an informed decision regarding the removal of claims, proceedings or civil causes of action, if any, prior to the current deadline.

17.    Until the Debtors are able to make an informed decision respecting the advisability of removing the Prepetition Actions, the Debtors believe that the most prudent and efficient course of action is to extend the removal period through confirmation of a plan in these chapter 11 cases. Accordingly, the Debtors submit that cause exists for the relief requested in the Motion.

**Notice**

18. Notice of the Motion has been given to the (i) Office of the United States Trustee for the District of Delaware; (ii) the Committee; (iii) the Bondholder Group; and (iv) the general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

**No Prior Relief**

17. No prior request for the relief sought in this Motion has been made to this or any other Court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: April 14, 2009
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Ann Cordo
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors and Debtors-in-Possession*