UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

FILED
2009 APR 13 AM 10: 52

CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* ) | Chapter 11 |
| ALERIS INTERNATIONAL, INC. *et.al.*, ) | |
| ) | CASE NO. 009-10478 (BLS) |
| ) | (Jointly Administered) |
| Debtors. ) | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Comes now plaintiff, Richard Giere, in support of his Motion for Relief from Automatic Stay shows the Court the following:

1. On or about December 27, 2007, plaintiff Richard Giere was injured as a result of the negligence of defendant H.T. Aluminum Specialties, Inc.

2. On or about October 9, 2008, plaintiff Richard Giere filed his complaint against H.T. Aluminum Specialties, Inc. d/b/a HT Aluminum for his personal injuries.

    a. The caption of Richard Giere's lawsuit is *Richard Giere v. H.T. Aluminum Specialties, Inc d/b/a HT Aluminum*, Lake Superior Court Room One, Cause No. 45D01-0810-CT-083.

    b. H.T. Aluminum Specialties, Inc. **has insurance** for liability against plaintiff's claim and is represented by Travelers Insurance Staff Counsel Edward Szewczyk

    c. The laws of the State of Indiana will govern the validity and the amount of the claim of the movant herein, Richard Giere.

3. In 2008, after defendant filed its answer to plaintiff's complaint, HT Aluminum was reputedly sold to Aleris International, Inc.

4. On or about February 25, 2009, Aleris International, Inc. filed for Chapter 11 bankruptcy with the U.S. Bankruptcy Court for the District of Delaware.

1

5. As a result of the filing for bankruptcy of Aleris International, Inc. an automatic stay was initiated in order to provide Aleris with the necessary breathing space to settle its debts equitably.

6. Richard Giere requests that the Court order modification to the automatic stay provision of Section 362 of the Bankruptcy code in order to allow him to liquidate his claims and **proceed to recover against any insurance policies maintained by HT Aluminum** to insure against such claims, and said insurance is exclusive to the benefit of creditor Richard Giere and is not subject to claim of another creditor.

7. No action will be maintained by Richard Giere to seek to collect against any other asset of the Bankruptcy estate, except upon further order from this Court.

Wherefore, plaintiff Richard Giere respectfully requests that the Court order modification to the automatic stay provision of Section 362 of the Bankruptcy code in order to allow him to pursue his claims against Debtor, and to the extent available, to collect against any insurance policies held by Debtor to insure against such claims, and for all other relief as this Court deems just and proper.

Respectfully Submitted,

_____
David W. Holub, #8220-64
LAW OFFICES OF DAVID W. HOLUB, P.C.
8913 Broadway
Merrillville, IN 46410
(219) 736-9700