IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------X
                                                            :
                                                            :   Chapter 11
                                                            :
In re                                                       :
                                                            :   Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,¹                              :
                                                            :   Jointly Administered
                  Debtors.                                  :
                                                            :
                                                            :
                                                            :
------------------------------------------------------------X
```

**CORETEK, INC., CASE NO. 09-10145
SCHEDULES OF ASSETS AND LIABILITIES**

**NORTEL NETWORKS INC., ET AL.[1]
GENERAL NOTES TO SCHEDULES OF ASSETS AND LIABILITIES**

The notes contained herein ("General Notes") are global notes to be considered when reviewing the Schedules of Assets and Liabilities ("Schedules") of one or more of the following Debtors:

| Debtor | Case no. |
|---|---|
| Alteon Websystems International, Inc. | 09-10141 |
| Xros, Inc. | 09-10142 |
| Sonoma Systems | 09-10143 |
| Qtera Corporation | 09-10144 |
| Coretek, Inc. | 09-10145 |
| Nortel Networks Applications Management Solutions Inc. | 09-10146 |
| Nortel Networks Optical Components Inc. | 09-10147 |
| Nortel Networks HPOCS Inc. | 09-10148 |
| Architel Systems (U.S.) Corporation | 09-10149 |
| Northern Telecom International Inc. | 09-10151 |
| Nortel Networks Cable Solutions Inc. | 09-10152 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

The Debtors named above represent eleven (11) of the fifteen (15) U.S. entities that filed chapter 11 petitions on January 14, 2009 ("Petition Date").  Pursuant to the Order Extending the Debtors Deadline to File Schedules of Assets and Liabilities and Statements of Financial Affairs[2], the Schedules and accompanying notes of the remaining four U.S. entities[3] will be filed on or before May 29, 2009.

The Debtors listed above were inactive entities as of the Petition Date and continue to be inactive as of the date hereof.  Each is a direct or indirect subsidiary of Nortel Networks Corporation, which, on the Petition Date, filed for creditor protection under the *Companies' Creditors Arrangement Act* ("CCAA") in Canada.  The Debtors' organizational structure is illustrated below.

---

[2] Signed March 5, 2009

[3] Alteon Websystems Inc., Nortel Networks Capital Corporation, Nortel Networks International Inc. and Nortel Networks Inc.

GENERAL NOTES TO SCHEDULES OF ASSETS AND LIABILITIES



[1] Foreign includes entities incorporated outside of the United States.

The following Schedules have been prepared by the Debtors' management and are unaudited. While management of the Debtors has made every reasonable effort to ensure that the Schedules are accurate and complete based upon information that was available at the time of preparation, the subsequent receipt of information may result in material changes in financial data contained in the Schedules and inadvertent errors or omissions may exist. To the extent the Debtors discover additional information that may differ materially from the information set forth in the Schedules, the Debtors may amend the Schedules to reflect such changes. Accordingly, the Debtors reserve all rights to amend, supplement or otherwise modify the Schedules as they deem necessary or appropriate. These General Notes are incorporated by reference in, and comprise an integral part of, the Schedules, and should be referred to and reviewed in connection with any review of the Schedules.

GENERAL NOTES TO SCHEDULES OF ASSETS AND LIABILITIES

1. **Reservation of Rights**.  Nothing contained in the Schedules or these General Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases including, but not limited to, matters involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts, assumption or rejection of contracts under the provisions of chapter 3 of title 11 of the United States Code (the "Bankruptcy Code") and/or causes of action under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable laws to recover assets or avoid transfers.

2. **Basis of Presentation**. The Schedules were not prepared in accordance with United States Generally Accepted Accounting Principles ("U.S. GAAP"), nor are they intended to reconcile to any financial statements otherwise prepared or distributed by the Debtors or any of the Debtors affiliates.

   The Debtors put forth significant efforts to attribute the assets and liabilities to the proper legal entity.  However, because the Debtors' accounting systems, policies and practices were developed with a view to producing consolidated reporting, rather than by legal entity, it is possible that not all assets or liabilities have been recorded at the correct legal entity on the Schedules.  Accordingly, the Debtors reserve all rights to supplement or amend these Schedules.

3. **Current Values**.  Unless otherwise indicated, the basis for all current values included in the Schedules was the net book value from the Debtors' books and records as of the close of business on December 31, 2008.  As each of the eleven (11) Debtors included in this filing was an inactive entity as of December 31, 2008 and as of the Petition Date, the amounts as of December 31, 2008 are generally reflective of amounts as of the Petition Date.

4. **Schedules A and B**.  The Debtors included in this filing do not have operations.  Accordingly, there is no real property owned by these Debtors.  Personal property is limited and primarily includes intercompany receivables due from other Debtors, U.S. non-Debtor entities and affiliated entities in other geographic regions.  The receivables are for amounts due for trade-related transactions and debts due from other entities in the form of notes.  Intercompany receivables may or may not result in allowed or enforceable amounts due to a given Debtor, and by listing these receivables the Debtors are not indicating a conclusion that the intercompany receivables are enforceable or collectible.  The intercompany receivables also may be subject to set-off, recoupment or netting not reflected in the Schedules.

5. **Schedules D and E**.  There are no creditors with security interests in any property of the Debtors included in this filing nor are there any creditors that have priority unsecured claims as defined in § 507 of the Bankruptcy Code.

6. **Schedule F**.  The unsecured claims of the eleven (11) Debtors listed above are intercompany trade payables and notes due to other Debtors, U.S. non-Debtor entities, and affiliated entities in other geographic regions.  The intercompany

payables may or may not result in allowed or enforceable claims by or against a given Debtor, and by listing these payables the Debtors are not indicating a conclusion that the intercompany claims are enforceable. The intercompany payables also may be subject to set-off, recoupment or netting not reflected in the Schedules.

Any failure to designate a claim on the Debtors' Schedules as "contingent" ("C"), "unliquidated" ("U"), or "disputed" ("D") does not constitute an admission by the Debtors that such claim is not "contingent," "unliquidated" or "disputed." The Debtors reserve the right to dispute, or to assert offsets or defenses to any claim reflected on its Schedules as to amount, liability, priority, status or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated" or "disputed."

7. **Schedule G**. The Debtors put forth significant efforts to list its executory contracts and unexpired leases to the proper legal entity. As the Debtors continue to analyze their contracts, it is possible that reclassification among legal entities may be appropriate. While every effort has been made to accumulate, analyze and list each contract, it is possible that certain items may be inadvertently omitted due to the extensiveness of the Debtors' operations. Accordingly, the Debtors reserve all rights to supplement or amend these Schedules.

# UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

In re  **CORETEK, INC.**

Debtor

Case No.  09-10145

Chapter  11

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | | | |
| B - Personal Property | Yes | 4 | | | |
| C - Property Claimed As Exempt | No | | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 3 | | | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | $81,301,974.61 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | | | | |
| J - Current Expenditures of Individual Debtor(s) | No | | | | |
| | TOTAL | 12 | | $81,301,974.61 | |

In re **CORETEK, INC.**                                                              Case No. 09-10145
                     Debtor                                                                            (if known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| NONE | | | | |
| | | Total | | |
| | | | (Report also on Summary of Schedules) | |

Sheet no. 1 of 1 sheet(s) attached to
Schedule of Real Property

In re **CORETEK, INC.**                                                                       Case No. 09-10145
                                                Debtor                                                                          (if known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. CASH ON HAND. | X | | | |
| 2. CHECKING, SAVINGS OR OTHER FINANCIAL ACCOUNTS, CERTIFICATES OF DEPOSIT, OR SHARES IN BANKS, SAVINGS AND LOAN, THRIFT, BUILDING AND LOAN, AND HOMESTEAD ASSOCIATIONS, OR CREDIT UNIONS, BROKERAGE HOUSES, OR COOPERATIVES. | X | | | |
| 3. SECURITY DEPOSITS WITH PUBLIC UTILITIES, TELEPHONE COMPANIES, LANDLORDS, AND OTHERS. | X | | | |
| 4. HOUSEHOLD GOODS AND FURNISHINGS, INCLUDING AUDIO, VIDEO, AND COMPUTER EQUIPMENT. | X | | | |
| 5. BOOKS, PICTURES AND OTHER ART OBJECTS, ANTIQUES, STAMP, COIN, RECORD, TAPE, COMPACT DISC, AND OTHER COLLECTIONS OR COLLECTIBLES. | X | | | |
| 6. WEARING APPAREL. | X | | | |
| 7. FURS AND JEWELRY. | X | | | |
| 8. FIREARMS AND SPORTS, PHOTOGRAPHIC, AND OTHER HOBBY EQUIPMENT. | X | | | |

Sheet no. 1 of 4 sheets attached to
Schedule of Personal Property

In re **CORETEK, INC.**      Case No. 09-10145
        Debtor         (if known)

## SCHEDULE B - PERSONAL PROPERTY

**(Continuation Sheet)**

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 9. INTERESTS IN INSURANCE POLICIES. NAME INSURANCE COMPANY OF EACH POLICY AND ITEMIZE SURRENDER OR REFUND VALUE OF EACH. | X | | | |
| 10. ANNUITIES. ITEMIZE AND NAME EACH INSURER. | X | | | |
| 11. INTERESTS IN AN EDUCATION IRA AS DEFINED IN 26 U.S.C. § 530(b)(1) OR UNDER A QUALIFIED STATE TUITION PLAN AS DEFINED IN 26 U.S.C. § 529(b)(1). GIVE PARTICULARS. (FILE SEPARATELY THE RECORD(S) OF ANY SUCH INTEREST(S). 11 U.S.C. § 521(c) RULE 1007(B)) | X | | | |
| 12. INTERESTS IN IRA, ERISA, KEOGH, OR OTHER PENSION OR PROFIT SHARING PLANS. ITEMIZE. | X | | | |
| 13. STOCK AND INTERESTS IN INCORPORATED BUSINESSES. ITEMIZE. | X | | | |
| 14. INTERESTS IN PARTNERSHIPS OR JOINT VENTURES. ITEMIZE. | X | | | |
| 15. GOVERNMENT AND CORPORATE BONDS AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS. | X | | | |
| 16. ACCOUNTS RECEIVABLE. | X | | | |
| 17. ALIMONY, MAINTENANCE, SUPPORT, AND PROPERTY SETTLEMENTS TO WHICH THE DEBTOR IS OR MAY BE ENTITLED. GIVE PARTICULARS. | X | | | |
| 18. OTHER LIQUIDATED DEBTS OWING DEBTOR INCLUDING TAX REFUNDS. GIVE PARTICULARS. | X | | | |
| 19. EQUITABLE OR FUTURE INTERESTS, LIFE ESTATES, AND RIGHTS OR POWERS EXERCISABLE FOR THE BENEFIT OF THE DEBTOR OTHER THAN THOSE LISTED IN SCHEDULE OF REAL PROPERTY. | X | | | |

Sheet no. 2 of 4 sheets attached to
Schedule of Personal Property

In re **CORETEK, INC.**                                                         Case No. 09-10145
                    Debtor                                                                  (if known)

## SCHEDULE B - PERSONAL PROPERTY

**(Continuation Sheet)**

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 20 CONTINGENT AND NON-CONTINGENT INTERESTS IN ESTATE OF A DECEDENT, DEATH BENEFIT PLAN, LIFE INSURANCE POLICY, OR TRUST. | X | | | |
| 21. OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OF EVERY NATURE, INCLUDING TAX REFUNDS, COUNTERCLAIMS OF THE DEBTOR, AND RIGHTS TO SETOFF CLAIMS.  GIVE ESTIMATED VALUE OF EACH. | X | | | |
| 22. PATENTS, COPYRIGHTS, AND OTHER INTELLECTUAL PROPERTY.  GIVE PARTICULARS. | X | | | |
| 23. LICENSES, FRANCHISES, AND OTHER GENERAL INTANGIBLES. GIVE PARTICULARS. | X | | | |
| 24. CUSTOMER LISTS OR OTHER COMPILATIONS CONTAINING PERSONALLY IDENTIFIABLE INFORMATION PROVIDED TO THE DEBTOR BY INDIVIDUALS IN CONNECTION WITH OBTAINING A PRODUCT OR SERVICE FROM THE DEBTOR PRIMARILY FOR PERSONAL, FAMILY, OR HOUSEHOLD PURPOSES. | X | | | |
| 25. AUTOMOBILES, TRUCKS, TRAILERS, OTHER VEHICLES AND ACCESSORIES. | X | | | |
| 26. BOATS, MOTORS, AND ACCESSORIES. | X | | | |
| 27. AIRCRAFT AND ACCESSORIES. | X | | | |
| 28. OFFICE EQUIPMENT, FURNISHINGS, AND SUPPLIES. | X | | | |
| 29. MACHINERY, FIXTURES, EQUIPMENT AND SUPPLIES USED IN BUSINESS. | X | | | |
| 30. INVENTORY. | X | | | |
| 31. ANIMALS. | X | | | |
| 32. CROPS - GROWING OR HARVESTED. GIVE PARTICULARS. | X | | | |

Sheet no. 3 of 4 sheets attached to
Schedule of Personal Property

In re **CORETEK, INC.**     Case No. 09-10145

Debtor     (if known)

## SCHEDULE B - PERSONAL PROPERTY

**(Continuation Sheet)**

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 33. FARMING EQUIPMENT AND IMPLEMENTS. | X | | | |
| 34. FARM SUPPLIES, CHEMICALS, AND FEED. | X | | | |
| 35. OTHER PERSONAL PROPERTY OF ANY KIND NOT ALREADY LISTED. ITEMIZE. | X | | | |
| | | | Total | $0.00 |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

In re **CORETEK, INC.**                                   Case No. 09-10145
              Debtor                                        (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. NONE | | | VALUE | | | | | |

Sheet no. 1 of 1 sheet(s) attached to Schedule of Creditors Holding Secured Claims

        Subtotal
(Total(s) of this page)

        Total
(Use only on the last page)

(Report also on Summary of Schedules.)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

In re **CORETEK, INC.**          Case No. 09-10145
                              Debtor                                     (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

In re **CORETEK, INC.**           Case No. 09-10145

                                Debtor                                (if known)

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

\* **Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.**

In re **CORETEK, INC.**  Case No. 09-10145
Debtor  (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. NONE | | | | | | | | | |

Sheet no. 3 of 3 sheets attached to Schedule of Creditors Holding Unsecured Priority Claims

| | Subtotal | | | |
|---|---|---|---|---|
| | Total | | | |
| | Totals | | | |

In re **CORETEK, INC.**  
Debtor

Case No. 09-10145 (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. G311000 NORTEL NETWORKS INC. THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER 1209 ORANGE STREET WILMINGTON, DE 19801 | | | INTERCOMPANY - SHORT TERM NOTES PAYABLE | | | X | $81,041,813.19 |
| ACCOUNT NO. G395050 NORTEL NETWORKS INC. THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER 1209 ORANGE STREET WILMINGTON, DE 19801 | | | INTERCOMPANY INTEREST PAYABLE | | | X | $1,823.44 |
| ACCOUNT NO. G324XXX NORTEL NETWORKS INC. THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER 1209 ORANGE STREET WILMINGTON, DE 19801 | | | INTERCOMPANY PAYABLE | | | X | $258,337.98 |

Sheet no. 1 of 1 sheet(s) attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal | $81,301,974.61 |
| Total | $81,301,974.61 |

In re **CORETEK, INC.**　　　　　　　　　　　　　　　　　Case No.　09-10145
　　　　　　　　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　(if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| MICRO.SI.ET<br>MICRO SI. ET. VIA M BERTINI, 170<br>VIAREGGIO, LU  55049<br>ITALY | INTELLECTUAL PROPERTY<br>CONTRACT ID: LG_IP_7065 |
| ORIEL INSTRUMENTS CORPORATION<br>150 LONG BEACH BOULEVARD<br>STRATFORD, CT  06615 | INTELLECTUAL PROPERTY<br>CONTRACT ID: LG_IP_7066 |
| QUANTAIMAGE CORPORATION<br>25B STREET<br>BURLINGTON, MA  01803 | INTELLECTUAL PROPERTY<br>CONTRACT ID: LG_IP_7067 |
| STANFORD UNIVERSITY<br>OFFICE OF TECHNOLOGY LICENSING, STANFORD UNIVERSITY<br>900 WELCH ROAD, SUITE 350<br>PALO ALTO, CA  94304 | INTELLECTUAL PROPERTY<br>CONTRACT ID: LG_IP_7069 |

Sheet no. 1 of 1 sheet(s) attached to Schedule of
Executory Contracts and Unexpired Leases

In re **CORETEK, INC.**                                                                                  Case No. 09-10145
                                    Debtor                                                                              (if known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| NONE | |

Sheet no. 1 of 1 sheet(s) attached to Schedule of Codebtors

In re **CORETEK, INC.**                                         Case No. **09-10145**
                        Debtor                                                    (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION

I, Paul Wesley Karr, the Vice-President, Finance of CoreTek, Inc., declare under penalty of perjury that I have read the foregoing summary and schedules and that they are true and correct to the best of my knowledge, information, and belief.

Date  April 20, 2009              Signature  /s/ Paul W Karr

                                  Paul Wesley Karr
                                  [Print or type name of individual signing on behalf of debtor.]

                                  Vice-President, Finance
                                  [Indicate position or relationship to debtor]

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 and 3571.