**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------X
:
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,<sup>1</sup> :
: Jointly Administered
              Debtors. :
:
:
------------------------------------------------------------X

**CORETEK, INC., CASE NO. 09-10145
STATEMENT OF FINANCIAL AFFAIRS**

**NORTEL NETWORKS INC., ET AL.[1]
GENERAL NOTES TO STATEMENTS OF FINANCIAL AFFAIRS**

The notes contained herein ("General Notes") relate to the Statements of Financial Affairs ("Statements") of one or more of the following Debtors:

| Debtor | Case no. |
|---|---|
| Nortel Networks Inc. | 09-10138 |
| Nortel Networks Capital Corporation | 09-10139 |
| Alteon Websystems, Inc. | 09-10140 |
| Alteon Websystems International, Inc. | 09-10141 |
| Xros, Inc. | 09-10142 |
| Sonoma Systems | 09-10143 |
| Qtera Corporation | 09-10144 |
| Coretek, Inc. | 09-10145 |
| Nortel Networks Applications Management Solutions Inc. | 09-10146 |
| Nortel Networks Optical Components Inc. | 09-10147 |
| Nortel Networks HPOCS Inc. | 09-10148 |
| Architel Systems (U.S.) Corporation | 09-10149 |
| Nortel Networks International Inc. | 09-10150 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Northern Telecom International Inc.                                            09-10151
Nortel Networks Cable Solutions Inc.                                       09-10152

The following Statements have been prepared by the Debtors' management and are unaudited. While management of the Debtors has made every reasonable effort to ensure that the Statements are accurate and complete based upon information that was available at the time of preparation, the subsequent receipt of information may result in material changes in the data contained in the Statements and inadvertent errors or omissions may exist. To the extent the Debtors discover additional information that may differ materially from the information set forth in the Statements, the Debtors may amend, supplement or otherwise modify the Statements to reflect such changes. Accordingly, the Debtors reserve all rights to amend, supplement or otherwise modify the Statements as they deem necessary or appropriate. These General Notes are incorporated by reference in, and comprise an integral part, of the Statements and should be referred to and reviewed in connection with any review of the Statements.

1. **Reservation of Rights**. Nothing contained in the Statements or these General Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases including, but not limited to, matters involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts, assumption or rejection of contracts under the provisions of chapter 3 of title 11 of the United States Code (the "Bankruptcy Code") and/or causes of action under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable laws to recover assets or avoid transfers.

2. **Basis of Presentation**. The Statements were not prepared in accordance with United States Generally Accepted Accounting Principles ("U.S. GAAP"), nor are they intended to reconcile to any financial statements otherwise prepared or distributed by the Debtors or any of the Debtors' affiliates.

    The Debtors put forth significant efforts to attribute the assets and liabilities to the proper legal entity. However, because the Debtors' accounting systems, policies, and practices were developed with a view to producing consolidated reporting, rather than by legal entity, it is possible that not all assets or liabilities have been recorded at the correct legal entity on the Statements. Accordingly, the Debtors reserve all rights to supplement or amend these Statements.

3. **Current values**. Unless otherwise indicated, the basis for all current values included in the Statements was the net book value from the Debtors' books and records as of the close of business on December 31, 2008. The net book value as of December 31, 2008 may not reflect the current value of the respective asset.

**Question 1**. The Debtors have included income for the fiscal years (based on calendar year) 2007 and 2008. Amounts do not include income from January 1 to January 14, 2009 (the "Petition Date").

**Question 3(b)**. Payments made by the Debtors within 90 days prior to the Petition Date have been classified by Debtor based on the owner of the various accounts from which disbursements were made and without regard to which affiliated legal entity was obligated to make payment. The Debtors have listed all payments or other transfers made within 90 days immediately preceding the Petition Date. The information provided shall not constitute a waiver of any of the Debtors' rights or an admission that the recipients of such payments or other transfers were "creditors" or that amounts paid or otherwise transferred were due and owing.

Payments to creditors exclude disbursements from the Citibank U.S. Flex Benefits Trust Account (account number 30614505). This account relates to a flexible spending account (FSA) that allows an employee to set aside a portion of gross earnings to pay for qualified expenses. Cash balances included in this account are employee funded and therefore are excluded from this analysis.

Nortel employees are identified by their Nortel global identification numbers (GID).

Payments made in foreign currency were translated to U.S. Dollars based on the closing foreign exchange rate on the date of payment or, if applicable, the first business day following the date of payment.

Amounts still owed to creditors will appear on the Schedules of Assets and Liabilities for Nortel Networks Inc. (09-10138), Nortel Networks Capital Corporation (09-10139), Alteon Websystems, Inc. (09-10140) and Nortel Networks International Inc. (09-10150) to be filed on or before May 29, 2009.

**Question 3(c)**. Amounts still owed to creditors will appear on the Schedules of Assets and Liabilities for Nortel Networks Inc. (09-10138), Nortel Networks Capital Corporation (09-10139), Alteon Websystems, Inc. (09-10140) and Nortel Networks International Inc. (09-10150) to be filed on or before May 29, 2009.

The information provided shall not constitute a waiver of any of the Debtors' rights or an admission that the recipients of such payments were "creditors" or that amounts paid were due and owing.

Refer to Exhibit 3c included in the Statements for additional notes and information.

**Question 4(a)**. The Debtors have listed the various litigation matters to which the Debtors were a party within the past year. This response does not include administrative or other proceedings concerning *de minimis* amounts.

**Question 5**. In the ordinary course of business, in certain situations, equipment is returned to the sellers due to a variety of reasons, including, but not limited to, product defects or incorrect shipments of product. Other than ordinary course items, the Debtors are not aware of any property that has been returned to the seller.

**Question 9**.  Payments to Cleary Gottlieb Steen & Hamilton LLP, Morris, Nichols, Arsht & Tunnell LLP and Epiq Bankruptcy Solutions, LLC represent retainer amounts made in connection with their respective retentions, as disclosed in retention motions filed with the Court.  Please refer to the retention motions and related orders for additional information regarding the Debtors' retention of these professional service firms.

**Question 13**.  In the ordinary course of business, the Debtors may have been involved in certain transactions that could be considered setoffs pursuant to certain agreements, contracts, intercompany transactions or other ordinary-course transactions.  The Debtors are not aware of any potential setoffs that have occurred outside of the ordinary course of business.

**Question 18(a)**.  Out of an abundance of caution, the Debtors have disclosed legal entities where the equity holding percentage is unknown.

**Question 19(a), (c)**.  In order to provide a practical and consistent response to this question across each Debtor, individual job titles are based on the Debtors' global Organization Structure Manager.  The titles pursuant to the legal organization structure are likely to be different across each Debtor.

**Question 19(d)**.  Nortel Networks Corporation and its consolidated subsidiaries, including the Debtors, provide financial statements in the ordinary course of business to various parties including regulatory agencies, financial institutions, shareholders, investment banks, customers, vendors and attorneys.  In addition, financial statements have been provided for other parties as requested.

Pursuant to the requirements of the Securities Exchange Act of 1934, as amended, at the end of Nortel Networks Corporation's fiscal quarters and fiscal years and upon occurrence of certain significant events, Nortel Networks Corporation prepares and files with the Securities and Exchange Commission ("SEC") Form 8-K Current Reports, Form 10-Q Quarterly Reports and Form 10-K Annual Reports (collectively, the "SEC Filings"). The SEC Filings contain financial information relating to the Debtor.  Because the SEC Filings are of a public record, Nortel Networks Corporation has not maintained complete records of the parties who requested or obtained copies of any SEC Filings from the SEC or Nortel Networks Corporation, Nortel Networks Limited or any of their affiliates.

**Question 20(a)**.  Inventory amounts are based on net book values from year-end audited financial statements.

**Question 22(b)**.  Disclosures relate specifically to terminated job titles or positions and are not indicative of current employment status with the Debtors.

**Question 24**.  The Debtors have provided a response of "None" to the extent the entity files an individual or consolidated tax return under its own federal taxpayer identification number and does not file under another legal entity or a consolidated group for tax

purposes. An appropriate response has been provided to the extent the entity files a tax return under another legal entity or a consolidated group for tax purposes.

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF DELAWARE**

In re: CoreTek, Inc.                                                                                                            Case No. 09-10145

**STATEMENT OF FINANCIAL AFFAIRS**

      This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

      Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

**DEFINITIONS**

      "In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

      "Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None ☑ State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Refer to General Notes to Statements.

<u>AMOUNT</u>     <u>SOURCE</u>

---

**2. Income other than from employment or operation of business**

None ☑ State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

<u>AMOUNT</u>     <u>SOURCE</u>

---

**3. Payments to creditors**

None ☑ a. Individual or joint debtor(s) with primary consumer debts: List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Statement of Financial Affairs - Page 1

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☑    b.    Debtor whose debts are not primary consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,475. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Refer to General Notes to Statements.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ☑    c.    All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Refer to General Notes to Statements.

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☑    a.    List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Refer to General Notes to Statements.

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None ☑    b.    Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None ☑    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Refer to General Notes to Statements.

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORCLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None ☑ a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None ☑ List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None ☑ List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None ☑ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

Refer to General Notes to Statements.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**10. Other transfers**

None ☑ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ☑ b. List all other property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OR TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None ☑ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Refer to General Notes to Statements.

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None ☑ List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

Statement of Financial Affairs - Page 4

**15. Prior address of debtor**

None ☑  If the debtor has moved within the three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS  NAME USED  DATES OF OCCUPANCY

**16. Spouses and Former Spouses**

None ☑  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑  a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

Except for the matters disclosed in 17(c), the Debtor is not aware of any notices received relating to violations of an Environmental Law.

SITE NAME  NAME AND ADDRESS  DATE OF  ENVIRONMENTAL
AND ADDRESS  OF GOVERNMENT UNIT  NOTICE  LAW

None ☑  b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

SITE NAME  NAME AND ADDRESS  DATE OF  ENVIRONMENTAL
AND ADDRESS  OF GOVERNMENT UNIT  NOTICE  LAW

None ☑  c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

NAME AND ADDRESS  STATUS OR
OF GOVERNMENT UNIT  DOCKET NUMBER  DISPOSITION

**18. Nature, location and name of business**

None ☑ a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the two years immediately preceding the commencement of this case. If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case. If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

Refer to General Notes to Statements.

| NAME | LAST FOUR DIGITS OF SOCIAL SECURITY OR INDIVIDUAL TAXPAYER ID NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None ☑ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None ☐ a. List all bookkeepers and accountants who within the two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

Refer to General Notes to Statements.

| NAME AND ADDRESS | DATE SERVICES RENDERED |
|---|---|
| Peter William Currie<br>Chief Financial Officer<br>195 The West Mall<br>Toronto, ON M9C 5K1<br>Canada | 1/2007 - 4/2007 |
| David William Drinkwater<br>Acting Chief Financial Officer<br>195 The West Mall<br>Toronto, ON M9C 5K1<br>Canada | 5/2007 - 10/2007 |
| Paviter Singh Binning<br>Chief Financial Officer<br>195 The West Mall<br>Toronto, ON M9C 5K1<br>Canada | 11/2007 - 12/2008 |

| | |
|---|---|
| Paul Wesley Karr<br>Corporate Controller<br>195 The West Mall<br>Toronto, ON M9C 5K1<br>Canada | 1/2007 - 12/2008 |
| Kimberly P. Poe<br>US Controller<br>2201 Lakeside Blvd.<br>Richardson, TX 75082-4399 | 1/2007 - 8/2007 |
| Mark John Hamilton<br>US Controller<br>2201 Lakeside Blvd.<br>Richardson, TX 75082-4399 | 9/2007 - 8/2008 |
| Kimberly Susan Lechner<br>Americas Finance Operations Leader<br>6465 S. Greenwood Plaza Blvd.<br>Suite 1000<br>Centennial, CO 80111 | 5/2008 - 11/2008 |
| William Roy Ellis<br>Americas Controller<br>1500 Concord Terrace<br>Sunrise, FL 33323 | 9/2008 - 12/2008 |
| Lorrie David Mathers<br>Finance Leader, Carrier Networks and Americas Operations<br>2221 Lakeside Blvd.<br>Richardson, TX 75082-4399 | 11/2008 - Current |

None ☐  b.  List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATE SERVICES RENDERED |
|---|---|---|
| KPMG LLP | Suite 3300, Commerce Court West<br>199 Bay Street<br>Toronto, ON M5L 1B2<br>Canada | 1/1/2007 - Current |

None ☐  c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

Refer to General Notes to Statements.

| NAME | ADDRESS |
|---|---|
| Paviter Singh Binning<br>Chief Financial Officer | 195 The West Mall<br>Toronto, ON M9C 5K1<br>Canada |
| Paul Wesley Karr<br>Corporate Controller | 195 The West Mall<br>Toronto, ON M9C 5K1<br>Canada |
| William Roy Ellis<br>Americas Controller | 1500 Concord Terrace<br>Sunrise, FL 33323 |
| Lorrie David Mathers<br>Finance Leader, Carrier Networks and<br>America Operations Finance | 2221 Lakeside Blvd.<br>Richardson, TX 75082-4399 |

None ☑  d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

Refer to General Notes to Statements.

| NAME AND ADDRESS | | DATE ISSUED |
|---|---|---|

**20. Inventories**

None ☑ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specific cost, market or other basis) |
|---|---|---|

None ☑ b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

Refer to General Notes to Statements.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

**21. Current Partners, Officers, Directors and Shareholders**

None ☑ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ☐ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| John Marshall Doolittle<br>195 The West Mall<br>Toronto, ON M9C 5K1<br>Canada | Vice President | N/A |
| Jeffrey Thomas Wood<br>4001 E. Chapel Hill - Nelson HWY<br>P.O. Box 13010<br>Research Triangle Park, NC 27709-3010 | Vice President, Tax | N/A |
| Dennis James Carey<br>195 The West Mall<br>Toronto, ON M9C 5K1<br>Canada | Director | N/A |
| Gordon Allan Davies<br>195 The West Mall<br>Toronto, ON M9C 5K1<br>Canada | Director | N/A |
| Lynn Cecelia Egan<br>220 Athens Way<br>Suite 300<br>Nashville, TN 37228 | Secretary | N/A |
| Nortel Networks Corporation<br>195 The West Mall<br>Toronto, ON M9C 5K1<br>Canada | Stockholder | Parent Company - 100% |

**22. Former partners, officers, directors and shareholders**

None ☑ a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ☐ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

Refer to General Notes to Statements.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| Clare Allen Barbieri<br>220 Athens Way<br>Suite 300<br>Nashville, TN 37228 | Vice President, Tax | 5/6/2008 |
| Michael W. McCorkle<br>195 The West Mall<br>Toronto, ON M9C 5K1<br>Canada | Director | 1/6/2009 |

**23. Withdrawals from a partnership or distributions by a corporation**

None ☑ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group**

None ☑ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the commencement of the case.

Refer to General Notes to Statements.

| NAME OF PARENT CORPORATION | TAXPAYER INDENTIFICATION NUMBER (EIN) |
|---|---|

**25. Pension Funds**

None ☑ If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER INDENTIFICATION NUMBER (EIN) |
|---|---|

[If completed by an individual or individual and spouse]

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____    Signature _____
                       of Debtor

Date _____    Signature _____
                       of Joint Debtor

* * * * * * * * * * * * * * *

[If completed on behalf of a partnership or corporation]

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information, and belief.

Date  4/20/2009    Signature /s/ *Paul W Karr*

Paul Wesley Karr - Vice-President, Finance
Print Name and Title

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

Statement of Financial Affairs