EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
: Chapter 11
:
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
:
: **RE: D.I. 516**
:
------------------------------------------------------------X

**ORDER GRANTING DEBTORS ADDITIONAL TIME TO FILE
REPORTS OF FINANCIAL INFORMATION PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 2015.3(A) AND CERTAIN
MODIFICATIONS OF SUCH REPORTING REQUIREMENTS PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 2015.3(D)**

Upon the motion dated, March 20, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105(a), 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2015.3 and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), granting the Debtors additional time to file their Rule 2015.3 Reports or to seek a modification of such reporting requirement for cause; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

1

[New York #2027361 v13]

Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.  The Motion is GRANTED.

2.  The Debtors are granted an extension as to all entities that are majority (i.e., greater than 50%) owned by a Debtor, through and including May 4, 2009, to file their Rule 2015.3 Reports. The Debtors may, but are not required to, include in the Rule 2015.3 Reports clarifying notes setting forth assumptions and methodologies contained in the report (e.g., instances where the statements may not conform with U.S. generally accepted accounting principles). This extension is without prejudice to the Debtors' right to seek additional relief for such reporting requirements for cause.

3.  With respect to those entities in which Debtors directly hold non-majority (50% or less) equity interests, the Debtors are granted an extension through and including May 29, 2009, to file their Rule 2015.3 Reports or to file a motion requesting additional available relief with respect to such entities.

4.  The Debtors may comply with the requirements of Exhibit A of Form 26 for each entity by providing book value information reflected in each entity's books and records, subject to further order of the Court.

5.  Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the

[New York #2027361 v13]

3

Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

6.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: April ___, 2009
       Wilmington, Delaware

                                                    _____
                                                    THE HONORABLE KEVIN GROSS
                                                    UNITED STATES BANKRUPTCY JUDGE

3

[New York #2027361 v13]