Court File No. 09-CL-7950

ONTARIO
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF
COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,
NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS
INTERNATIONAL CORPORATION AND NORTEL NETWORKS
TECHNOLOGY CORPORATION (the "Applicants")

SEVENTH REPORT OF THE MONITOR
DATED APRIL 16, 2009

**INTRODUCTION**

1.  On January 14, 2009, Nortel Networks Corporation ("NNC" and collectively with all its subsidiaries, "Nortel" or "Company"), Nortel Networks Limited ("NNL"), Nortel Networks Technology Corporation ("NNTC"), Nortel Networks International Corporation ("NNIC") and Nortel Networks Global Corporation ("NNGC") filed for and obtained protection under the *Companies' Creditors Arrangement Act* ("CCAA"). Pursuant to the Order of this Honourable Court dated January 14, 2009 which was amended as reflected in the Second Amended and Restated Initial Order dated April 7, 2009 (the "Initial Order"), Ernst & Young Inc. ("EYI") was appointed as the Monitor of the Applicants (the "Monitor") in the CCAA proceeding.

**PURPOSE**

2.  The purpose of this Seventh Report of the Monitor ("Seventh Report") is to comment, in the context of the Applicants' CCAA proceeding, on:

- 2 -

a) motions by various representatives for the appointment of several different firms as representative counsel for unionized and non-unionized, active and severed employees and retirees. The proposed representative counsel are:

- Koskie Minsky LLP ("Koskie Minsky") who are seeking to represent all former employees, including pensioners of the Applicants or any person claiming an interest under or on behalf of such former employee or pensioners and surviving spouses in receipt of a pension from the Applicants. We understand approximately 2,000 people have retained Koskie Minsky;

- Nelligan O'Brien Payne LLP and Shibley Righton LLP ("Nelligan Shibley") who are seeking to be co-counsel to represent all former non-unionized employees, terminated either prior to or after the CCAA filing date, to whom the Applicants owe severance and/or pay in lieu of reasonable notice, as well as continuing employees. We understand approximately 460 people have retained Nelligan Shibley and a further 106 have retained McLeod Dixon LLP, who has agreed to work with Nelligan Shibley;

- Juroviesky and Ricci LLP ("J&R") who are seeking to represent terminated employees or any person claiming an interest under or on behalf of former employees. We understand approximately 120 people have retained J&R; and

- Lewis Gottheil, in-house legal counsel for the National Automobile, Aerospace, Transportation and General Workers Union of Canada ("CAW-Canada") who are seeking to represent all retirees of the Applicants who were formerly members of one of the CAW union locals when they were employees. We understand approximately 600 people have retained CAW-Canada.

b) motions by certain of the above representatives with respect to the payment of post-employment benefits. The motions are outlined below:

- The representatives who have put forward Koskie Minsky as proposed representative counsel have filed a motion seeking an Order that the Applicants pay termination, severance, vacation pay and amounts equivalent to the

- 3 -

    continuation of benefit plans during relevant notice periods as well as recommence periodic or lump sum payments owing pursuant to statutory and contractual obligations entered into by the Applicants and affected former employees including the Transitional Retirement Allowance and any pension benefit payments former employees are entitled to receive in excess of the registered pension plans; and

- The representatives who have put forward CAW-Canada as proposed representative counsel have filed a motion seeking an Order that the Applicants recommence certain periodic and lump sum payments that are claimed to be owing under the collective bargaining agreement between CAW-Canada and the Applicants.

**TERMS OF REFERENCE**

3. In preparing this Report, EYI has relied upon unaudited financial information, the Company's books and records, financial information prepared by the Company, and discussions with management of Nortel. EYI has not audited, reviewed, or otherwise attempted to verify the accuracy or completeness of the information and, accordingly, EYI expresses no opinion or other form of assurance on the information contained in this Report.

4. Unless otherwise stated, all monetary amounts contained herein are expressed in U.S. dollars.

5. Capitalized terms not defined in this Report are as defined in the Doolittle Affidavit sworn April 14, 2009, the Pre-filing Report or the previous Reports of the Monitor.

**BACKGROUND**

6. At the filing date, the Applicants employed approximately 6,000 employees and had approximately 11,700 retirees or their survivors receiving pension and/or benefits from retirement plans sponsored by the Applicants.

- 4 -

7. The Applicants have continued to honour substantially all of the obligations to active employees. The Applicants have continued to make both current service and special funding payments to their registered pension plans. All the health and welfare benefits for both active employees and retirees have continued to be paid since the commencement of the CCAA proceedings.

8. At the filing date, payments to former employees for termination and severance as well as the provision of health and dental benefits ceased. In addition, non-registered and unfunded retirement plan payments ceased.

**APPOINTMENT OF REPRESENTATIVE COUNSEL**

9. There are four separate motions before this Honourable Court for the appointment of representative counsel. It is appropriate that there be representative counsel in light of the large number of former employees of the Applicants. Former employee claims may require a combination of legal, financial, actuarial and advisory resources in order to be advanced. Representative counsel can efficiently coordinate such assistance for this large number of individuals.

10. The Company supports the appointment of Koskie Minsky as representative counsel. We understand that the Applicants have had ongoing discussions with Koskie Minsky and have reached an understanding in principle regarding their fee structure for acting as representative counsel.

**MONITOR'S ANALYSIS AND RECOMMENDATIONS**

11. As noted in previous Monitor's Reports, the Applicants' financial position is under pressure. The financial burden of multiple representative counsel and the payments sought in the other two motions would further increase this pressure. The Monitor supports the Applicants' position with respect to these issues.

12. The Monitor believes that the appointment of representative counsel is appropriate in these proceedings. Based on the opportunity for efficiency and an understanding with respect to fee structure, the Monitor supports the Applicants' recommendation that this Honourable Court appoint Koskie Minsky as representative counsel.

- 5 -

All of which is respectfully submitted this 16th day of April 2009.

**ERNST & YOUNG INC.**
In its capacity as Monitor of the Applicants

Per:

Murray A. McDonald
President

| Court File No: 09-CL-7950 | | |
|---|---|---|
| IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED<br><br>AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION *et al.* | *ONTARIO*<br>**SUPERIOR COURT OF JUSTICE**<br>**(COMMERCIAL LIST)**<br><br>Proceeding commenced at Toronto | **SEVENTH REPORT OF THE MONITOR**<br>**DATED APRIL 16, 2009**<br><br>**GOODMANS LLP**<br>Barristers & Solicitors<br>250 Yonge Street, Suite 2400<br>Toronto, Canada  M5B 2M6<br><br>Jay A. Carfagnini  (LSUC#: 222936)<br>Joseph Pasquariello (LSUC# 37389C)<br>Christopher G. Armstrong (LSUC# 55148B)<br><br>Tel: 416.979.2211<br>Fax: 416.979.1234<br><br>Lawyers for the Monitor, Ernst & Young Inc. |

\5708124