# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| Nortel Networks Inc., *et al.*,[1] | : | Case No. 09-10138 (KG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

Hearing date: May 20, 2009 at 10:00 a.m. (ET)
Objections due: May 13, 2009 at 4:00 p.m. (ET)

-----------------------------------------------------------X

## DEBTORS' MOTION PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE TO EXTEND THE DEADLINE BY WHICH THE DEBTORS MUST ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to section 365(d)(4) of title 11 of the United States Code (as amended, the "Bankruptcy Code") extending by ninety (90) days, through and including August 12, 2009, the deadline by which the Debtors must assume or reject unexpired leases of nonresidential real property. In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

## Jurisdiction

1.    The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of these proceedings and the Motion in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

2.    The statutory basis for the relief sought herein is section 365(d)(4) of the Bankruptcy Code.

## Background

### A.    Introduction

3.    On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.    The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.    Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings").  The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.  Ernst &

---

[2]    The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February 27, 2009, this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. In addition, at 8 p.m. on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[3] into administration under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrator").

6.      On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that provided for the joint administration of these cases and for consolidation for procedural purposes only.

7.      On January 26, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142]. An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

---

[3]      The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel

8.     Since the Petition Date, the Debtors have worked diligently on a variety of time-consuming tasks necessary for the administration of their chapter 11 proceedings.  These tasks include stabilizing worldwide business and cash management operations, negotiating with suppliers and customers to stabilize operations, preparing schedules and other required reporting in these cases, including assisting the Debtors' ultimate parent company to continue to timely file periodic reports required of a public company, evaluating and coordinating reorganization efforts and court proceedings with several other jurisdictions, and soliciting input and coordinating efforts with the Committee appointed in these cases (as well as other constituents).

**B.     Debtors' Corporate Structure and Business**

9.     A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases are set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications (the "First Day Declaration").[4]

**C.     Debtors' Unexpired Leases of Non-Residential Real Property**

10.     As of the Petition Date, the Debtors were lessees under approximately seventy-three (73) leases of non-residential real property.  Since the Petition Date, the Debtors have rejected six leases and three leases have expired in the ordinary course of business.  Thus, the Debtors are currently lessees under approximately sixty-four (64) leases (the "Leases") throughout the United States and abroad.[5]

---

Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

[4]     Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

[5]     The Leases include all unexpired leases of nonresidential real property to which the Debtors are lessees and have not been previously assumed or rejected.  To the extent additional leases of nonresidential real property to which the Debtors are parties exist, the Debtors are seeking an extension of time to assume or reject those leases as well.  For purposes of this Motion, the Debtors may have included certain instruments or financing arrangements that are not true leases, but are included as Leases for the purposes of this Motion in an abundance of caution, so that such instruments will not be deemed automatically rejected if they are found to be true leases after the 120 day

11.     The Debtors are seeking an extension of time to assume or reject the

Leases from May 14, 2009 to August 12, 2009.[6]

## Relief Requested

12.     Pursuant to Section 365(d)(4)(A) of the Bankruptcy Code, the current

deadline for the Debtors to assume or reject the Leases is May 14, 2009.  By this Motion, the

Debtors request the entry of an order, pursuant to Section 365(d)(4)(B)(i) of the Bankruptcy

Code, extending the period to assume or reject the Leases by ninety (90) days, through and

including August 12, 2009.[7]

13.     The Debtors seek the relief requested herein for all Leases to which they

are parties and which have not already been assumed or rejected.

## Basis for Relief

14.     Section 365(d)(4)(A) of the Bankruptcy Code provides that prior to the

expiration of the initial 120-day period, upon a showing of "cause," the Court may extend for

ninety days the period during which a debtor in possession may assume or reject unexpired

leases of nonresidential real property.  In enacting Section 365(d)(4), Congress clearly

---

period for assumption or rejection allowed by Section 365(d)(4) of the Bankruptcy Code has elapsed.  Inclusion or omission of any instrument as a lease does not constitute an admission by the Debtors that such instrument is or is not a true lease or otherwise.

[6]     Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware provides: "If a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Code, the Fed.R.Bankr.P., these Rules, the District Court Rules, or Court Order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order."

[7]     In addition to the Leases, prior to the Petition Date the Debtors entered into and were lessors or sublessors under numerous other leases and subleases.  This Motion should not concern the leases or subleases under which the Debtors are lessors or sublessors, because the 120-day limit of Section 365(d)(4) of the Bankruptcy Code applies only to leases under which the debtor is a lessee.  However, in an abundance of caution, because Section 365(d)(2) does not refer to leases or subleases of nonresidential real property in which the Debtor is a lessor or sublessor, the Debtors are also asking the Court, if necessary, to extend their time to assume or reject all leases and subleases in which Debtors are lessors or sublessors to be concurrent with the extended deadline requested herein.  This includes those subleases under which the Debtors, as sublessors, sublease portions and/or the entirety of certain of the premises that are subject to the Leases (the "Subleases"), to third parties.

recognized that, in some cases, the initial 120-day period would be insufficient for debtor-lessees to decide whether to assume or reject unexpired leases.

15.     Courts have substantial discretion in determining if "cause" is present to extend the period to assume or reject. Among other factors, courts have considered (i) whether the leases are an important asset of the estate; (ii) whether the debtor has had sufficient time to assess intelligently its financial situation and the potential value of its assets; (iii) whether the debtor continues to make rental payments to the landlords under the leases; and (iv) whether the landlord would be damaged beyond compensation available under the Bankruptcy Code. In re Wedtech Corp., 72 B.R. 464, 471-472 (Bankr. S.D.N.Y. 1987) (citing Theatre Holding Corp. v. Mauro, 681 F.2d 102, 105-106 (2d Cir. 1982); see also In re Channel Home Centers, Inc., 989 F.2d 682, 689 (3d Cir. 1993) (holding that the Bankruptcy Court has discretion to grant a debtor additional time to analyze leases in light of the plan the debtor is attempting to develop); In re Muir Training Techs. Inc., 120 B.R. 154, 158-159 (Bankr. S.D. Cal. 1990).

16.     Where the initial period to assume or reject expired leases has proven inadequate, bankruptcy courts in this district have routinely extended such periods. See, e.g., In re Buffets Holdings, Inc., et al., Case No. 08-10141 (MFW) (Bankr. D. Del. May 14, 2008); In re Tweeter Home Entm't Group, Inc., et al., Case No. 07-10787 (PJW) (Bankr. D. Del. Oct. 1, 2007).

17.     In the Debtors' cases, ample "cause" exists to extend the period during which the Debtors may assume or reject the Leases.

18.     The Debtors are currently lessees under approximately sixty-four (64) Leases throughout the United States and abroad. The Debtors' real estate portfolio constitutes a valuable part of their estates and their business operations. The Debtors have made

improvements to many of the underlying properties at issue.  As part of their general

reorganization efforts, and particularly since the Petition Date, the Debtors have sought to

analyze their vast portfolio of Leases and related subleases to determine how to maximize the

value of their real estate portfolio and minimize losses; such effort includes an analysis of

whether to seek assumption or rejection of these various Leases.  Although the Debtors have

made significant progress with respect to this analysis, due to the number of Leases, the

multitude of landlords, tenants, and subtenants who are parties to the various Leases and related

subleases, the geographic breadth of the Leases and the logistics of moving various parts of the

Debtors' businesses which use the underlying properties, the Debtors respectfully request an

extension of the period to assume or reject the Leases to maximize value and avoid large-scale

losses to the estate.

19.    Through these bankruptcy cases, the Debtors seek to maximize the value

of their estates for the benefit of their stakeholders.  The Debtors are in the process of

determining the best course of actions with regard to the Leases and the Debtors believe that the

extension of time requested herein will facilitate their efforts to maximize value and allow them

sufficient time to thoroughly analyze their Leases and determine whether those Leases should be

assumed or rejected.

20.    For the foregoing reasons, the Debtors hereby request that the Court

extend the deadline by which the Debtors must assume or reject the Leases.

### Notice

21.    Notice of the Motion has been given to the (i) Office of the United States

Trustee for the District of Delaware; (ii) the Committee; (iii) the Bondholder Group; (iv) the

counterparties to the Leases; and (v) the general service list established in these chapter 11 cases.

7

The Debtors submit that under the circumstances no other or further notice is necessary.

### No Prior Relief

22.    No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:  April 30, 2009
        Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*