## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X

*In re*                                                  :    Chapter 11

Nortel Networks Inc., *et al.*,[1]                       :    Case No. 09-10138 (KG)

                Debtors.   :    Jointly Administered

                              :    **Hearing date: May 20, 2009 at 10:00 AM (ET)**
                                 **Objections due: May 13, 2009 at 4:00 PM (ET)**

-------------------------------------------------------X

## MOTION OF DEBTORS PURSUANT TO SECTION 1121(d)(1) OF THE BANKRUPTCY CODE TO EXTEND THE EXCLUSIVE PERIODS TO (I) FILE A CHAPTER 11 PLAN AND (II) SOLICIT ACCEPTANCES THEREOF

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court (the "Motion") for the entry of an order substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"): (i) extending the period during which the Debtors have the exclusive right to file a plan or plans (the "Exclusive Filing Period") through and including September 11, 2009, and (ii) extending the period during which the Debtors have the exclusive right to solicit acceptances thereof (the "Exclusive Solicitation Period" and, together with the Exclusive Filing Period, the "Exclusive Periods") through and including November 10, 2009. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper

pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory basis for the relief requested herein is section 1121(d) of the

Bankruptcy Code.

## Background

**A.      Introduction**

3.      On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary

petitions for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their

properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.

5.      Also on the Petition Date, the Debtors' ultimate corporate parent Nortel

Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited

("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and

certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application

with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies'

Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors

(collectively, the "Canadian Proceedings").  The Canadian Debtors continue to manage their

properties and operate their businesses under the supervision of the Canadian Court.  Ernst &

Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign

---

[2]      The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology
Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

2

representative for the Canadian Debtors (the "Monitor"), has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February 27, 2009, this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. In addition, at 8 p.m. (London time) on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[3] into administration under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrator").

6.      On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Bankruptcy Rules that provided for the joint administration of these cases and for consolidation for procedural purposes only.

7.      On January 26, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code (D.I.s 141, 142). An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

---

[3]      The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

**B.    Debtors' Corporate Structure and Business**

8.      A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases are set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications (the "First Day Declaration"). [4]

## Facts Relevant to this Motion

9.      The Debtors' current Exclusive Filing Period under Section 1121(b) of the Bankruptcy Code extends through May 14, 2009. [5]

10.     Since the Petition Date, the Debtors have worked diligently on a variety of time-consuming tasks necessary for the administration of their chapter 11 proceedings. These activities have included the creation, in consultation with all interested constituents, of a global key employee retention plan and a global key employee incentive plan, the development and implementation of procedures to resolve reclamation claims against the Debtors, and the rejection of certain executory contracts and nonresidential leases. Further tasks include the negotiation and implementation of a multi-jurisdictional sale of non-core assets to Radware, efforts aimed at stabilizing the business and cash management operations in multiple jurisdictions around the world, engaging suppliers and customers of Nortel's worldwide operations, preparing schedules and other required reporting in these cases, including assisting the Debtors' publicly reporting Canadian affiliates to continue to timely file periodic reports required of a public company, evaluating and coordinating the US restructuring efforts and court

---

[4]      Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.
[5]      Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware provides: "[i]f a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Code, the Fed. R. Bankr. P., these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order."

proceedings in the context of multi-jurisdictional proceedings, soliciting input and coordinating restructuring efforts with the Committee appointed in these cases (as well as other constituents, including the Monitor and the Joint Administrator), and spending substantial time and resources in providing information and due diligence to the Committee and the Bondholder Group.

11.     The Debtors' primary objective in these cases is to maximize the value of their estates for the benefit of creditors and other stakeholders. To this end, as discussed above, since the Petition Date, the Debtors have focused their efforts principally on steps aimed at effectively stabilizing their business so as to achieve the maximum possible value, on continuing to produce quality products and services, on assessing various contracts and leases for assumption or rejection, and on assessing all potential business opportunities or alternatives.

12.     In light of the foregoing and as described below, the Debtors have made and continue to make substantial progress toward the stated objective of value maximization.

13.     Schedules and Statements. Soon after the Petition Date, the Debtors, with the assistance of their professionals, undertook the enormous task of collecting, evaluating, updating and revising data and information for the preparation of schedules of assets and liabilities and a statement of financial affairs for each of the Debtors. On February 13, 2009, the Debtors filed a motion extending the deadline to file the Schedules of Assets and Liabilities and the Statements of Financial Affairs (collectively, the "Schedules and Statements"), which was approved by this Court's order on March 4, 2009 (D.I.s 286, 416). Statements were filed by all Debtors on April 20, 2009, as were Schedules for the Debtors that are dormant entities.[6]

---

[6]     Dormant entities include Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Application Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Northern Telecom International Inc., Nortel Networks Cabel Solutions, Inc., and Alteon WebSystems International, Inc. n/k/a Nortel Altsystems International Inc.

Schedules for Nortel Networks Inc., Nortel Networks Capital Corporation, Alteon WebSystems, Inc., and Nortel Networks International Inc. will be filed by May 29, 2009.

**Relief Requested**

14.    By this Motion, the Debtors seek the entry of an order pursuant to section 1121(d) of the Bankruptcy Code extending (a) the Exclusive Filing Period through and including September 11, 2009, and (b) the Exclusive Solicitation Period through and including November 10, 2009, without prejudice to the Debtors' right to seek further extensions of the Exclusive Periods.

**Basis for Relief Requested**

15.    Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to propose and file a plan. Section 1121(c)(3) of the Bankruptcy Code provides that if the debtor proposes and files a plan within the initial 120-day exclusive period, the debtor then has until 180 days after the commencement of the chapter 11 case to solicit and obtain acceptances of such plan. Pursuant to section 1121(d)(1) of the Bankruptcy Code, "on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d)(1). Such extensions are capped, however, by section 1121(d)(2) of the Bankruptcy Code, which limits any extension of the exclusive filed period to eighteen (18) months after the petition date and any extension of the solicitation period to twenty (20) months after the petition date. 11 U.S.C. § 1121(d)(2)(A)-(B).

16.    Although the term "cause" is not defined by the Bankruptcy Code, the legislative history indicates that it is to be viewed flexibly "in order to allow the debtor to reach

an agreement." H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1977); see also In re McLean

Indus., Inc., 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987); In re Public Serv. Co. of N.H., 88 B.R.

521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent…[is] to promote maximum

flexibility."). To facilitate this legislative intent, a debtor should be given a reasonable

opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and

non-financial information concerning the ramifications of any proposed plan for disclosure to

creditors. See, e.g., McLean, 87 B.R. at 833-34; In re Texaco, Inc., 76 B.R. 322, 327 (Bankr.

S.D.N.Y. 1987).

      17.     The decision to extend a debtor's exclusive periods is committed to the

bankruptcy court's sound discretion, guided by the facts and circumstances of each case. See,

e.g., First Am. Bank of N.Y. v. S.W. Gloves and Safety Equip., Inc., 64 B.R. 963, 965 (D. Del.

1986). Courts consider a variety of factors in determining whether "cause" exists to warrant an

extensions of the exclusive periods, including: (a) the size and complexity of the case, (b) the

debtor's progress in resolving issues facing the estate, and (c) whether an extension of time will

harm the debtor's creditors. See, e.g., In re Gibson & Cushman Dredging Corp., 101 B.R. 405,

409-10 (E.D.N.Y. 1989) (listing above-referenced factors); see also In re Dow Corning Corp.,

208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997) (citing In re Express One International, Inc., 194

B.R. 98, 100 (Bankr. E.D. Tex. 1996)). The existence of good faith progress and the need for

additional time to continue such progress is a also factor in establishing cause for extending the

exclusive periods under section 1121(d) of the Bankruptcy Code. See Jasik v. Conrad (In re

Jasik), 727 F.2d 1379, 1382-3 (5th Cir. 1984); Express One Int'l, Inc., 194 B.R. at 101; McLean,

87 B.R. at 834; In re Pine Run Trust, Inc., 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986).

18.     As demonstrated in this Motion, "cause" exists to further extend the Exclusive Periods in these chapter 11 cases.

**A.      Cause Exists For The Extension Of The Exclusivity Period In These Large and Complex Chapter 11 Cases**

19.     Since the Petition Date, the Debtors have focused substantial effort on coordinating with their counterparts in Canada and Europe to develop a global plan to maximize value, which includes assessing all facets of the business, evaluating all available business opportunities and alternatives.

20.     The Debtors are still working at this early stage to formulate and build consensuses among numerous and diverse constituencies regarding what must necessarily be a global plan during the initial Exclusive Periods as a result of their focus on the above issues and the numerous other matters relating to their chapter 11 cases.

21.     Accordingly, in light of the accomplishments of the Debtors thus far in these chapter 11 cases, as well as the extraordinary complexity and breadth of Nortel's global business model, the Debtors' request for an extension of the Exclusive Periods is justified.

22.     An extension of a debtor's exclusive periods may also be justified by progress in resolving issues facing the creditors and the estate. See, e.g., McLean Indus. Inc., 87 B.R. at 835; Texaco, 76 B.R. at 327; In re Swatara Coal Co., 49 B.R. 898, 899-900 (Bankr. E.D. Pa. 1985).

23.     As detailed above, the Debtors have made substantial progress in these chapter 11 cases to date.  Based on the Debtors' substantial progress during the initial stages of these chapter 11 cases, extension of the Exclusive Periods is warranted.

**B.**     **The Requested Extension Of The Exclusive Periods Is Consistent With The Purpose Of Section 1121 Of The Bankruptcy Code And Will Not Harm Creditors**

24.     The Debtors intend to use the extended Exclusive Periods to:  continue to stabilize and operate their businesses, further review executory contracts and nonresidential leases for assumption or rejection, engage in further coordinated efforts with the Committee, the Bondholder Group, the Monitor, the Joint Administrator and the other Nortel entities to formulate a coordinated global plan to evaluate and maximize value and develop a plan of reorganization.

25.     The Debtors' requested extension of the Exclusive Periods does not exceed the eighteen (18) month limitation for the exclusive period to file a plan or the twenty (20) month limitation for the exclusive period to solicit acceptances of a plan.  Rather, the Debtors' requested extension is substantially less than these limitations.  As a result, the Court is not precluded from granting the relief requested by section 1121(d)(2) of the Bankruptcy Code.

26.     Furthermore, creditors will not be prejudiced by an extension of the Exclusive Periods.  The requested extension will not preclude parties in interest from seeking a reduction or termination of the Exclusive Periods for cause.[7]  Based upon the foregoing, the Debtors submit that cause exists to extend the Exclusive Filing Period through and including September 11, 2009, and the Exclusive Solicitation Period through and including November 10, 2009.

## Notice

27.     Notice of the Motion has been given via hand delivery or first-class mail to the (i) Office of the United States Trustee for the District of Delaware; (ii) the Committee; and

---

[7]     Nothing herein shall prejudice the Debtors' right to oppose such relief.

(iii) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

### No Prior Request

28.    No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court (i) grant this Motion and the relief requested herein, (ii) enter the proposed order attached hereto, extending (a) the Exclusive Filing Period through and including September 11, 2009 and (b) the Exclusive Solicitation Period through and including November 10, 2009 and (iii) grant such further relief as is just and proper.

Dated:  April 30, 2009
         Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*

10