Case 09-10138-MFW   Doc 682   Filed 04/30/09   Page 1 of 3


# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------X
                                                :
                                                :    Chapter 11
In re                                           :
                                                :    Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1]                :
                                                :    Jointly Administered
                    Debtors.                    :
                                                :
                                                :
------------------------------------------------X
```

## AMENDED STATEMENT OF HUDDLESTON BOLEN LLP PURSUANT TO FED. R. BANKR. P. 2014 AND ORDER AUTHORIZING DEBTORS TO EMPLOY, RETAIN AND COMPENSATE PROFESSIONALS IN THE ORDINARY COURSE

Daniel A. Earl being duly sworn, upon his/her oath, deposes and says:

1. I am a Partner of Huddleston Bolen LLP, located at 611 Third Avenue, Huntington, WV 25722-2185 (the "Firm").

2. The Firm has been retained by the above-captioned Debtors (the "Debtors") pursuant to the Order Authorizing the Retention and Payment of Professionals Utilized in the Ordinary Course *nunc pro tunc* to the Petition Date, dated February 5, 2009 (D.I. 236) (the "Order") to provide services to the Debtors.

3. The nature and scope of the services to be provided to the Debtors by the Firm are: defending Nortel Networks, Inc. against allegations of breach of warranty and related claims in a lawsuit pending in the Circuit Court of Raleigh County, West Virginia styled "M.

---

[1] The Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

{H0476338.1 }[New York #2003455 v1]

Scott Johnson, individually, and M. Scott Johnson and Associates d/b/a West Virginia Insurance Agency v. Convertec, Inc., Nortel Networks, Inc. and Telstrat", Civil Action No. 07-C-18-B.

4. Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, the Firm hereby confirms that, to the best of its knowledge and belief, other than in connection with providing professional services to the Debtors, it does not have any connection with the Debtors, the creditors, the United States Trustee, any person employed by the United States Trustee or any other party with an actual or potential interest in their chapter 11 cases or their respective attorneys or accountants.

5. Pursuant to the Order, the Firm hereby confirms that is does not represent any interest adverse to the Debtors or the Debtors' estates in the matters upon which it is engaged.

6. The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to conducting these chapter 11 cases, for persons that are parties in interest in these chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be retained by the Debtors, claimants and parties in interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with conducting these chapter 11 cases or have any relationship with any such person, their attorneys or accountants that would be adverse to the Debtors or their estates.

7. Neither I nor any principal, partner, director or officer of, or professional retained by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors, other than reimbursing disbursements or costs owed to third parties

{H0476338.1 }[New York #2003455 v1]

on account of services provided to the Debtors, with any other person other than the principal and regular employees of the Firm.

8. Neither I nor any principal, partner, director or officer of, or professional retained by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Company is to be retained.

9. The Debtors have paid the Firm the sum of $356.25 for post-petition services.

10. The Debtors owe the Firm $ 1,987.50 for prepetition services, the payment of which is subject to limitations contained in the Bankruptcy Code, 11 U.S.C. §§ 101 et seq.

11. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its retention, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on *April 30*, 2009

By: _____
Name: Daniel A. Earl, Partner

3

{H0476338.1 }[New York #2003455 v1]