## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X

*In re*  :     Chapter 11

       :

Nortel Networks Inc., *et al.*,[1] :     Case No. 09-10138 (KG)

       :

            Debtors. :     Jointly Administered

       :

       :     **Hearing date: May 20, 2009 at 10:00 a.m. (ET)**

       :     **Objections due: May 13, 2009 at 4:00 p.m. (ET)**

-------------------------------------------------------X

## DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 105(a) AMENDING THE DEBTORS' CASE CAPTION

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for entry of an order, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 1005, 2002(m) and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), amending the Debtors' consolidated case caption and the case captions of the Debtors Alteon WebSystems, Inc. and Alteon WebSystems International, Inc.  In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1.       This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M) and

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

(O).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory basis for the relief requested herein is section 105(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rules 1005, 2002(m), and 2002(n).

## Background

### A.    Introduction

3.      On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings").  The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.  Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.  On January 14, 2009, the Canadian Court entered an order recognizing these

---

[2]      The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA.  On February 27, 2009, this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.  In addition, at 8 p.m. (London time) on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[3] into administration under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrator").

6.    On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of Bankruptcy Rules that provided for the joint administration of these cases and for consolidation for procedural purposes only (the "Joint Administration Order"). According to the Joint Administration Order, the Debtors were authorized, *inter alia*, to use a consolidated case caption for their jointly administered cases.

7.    On January 26, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code (D.I.s 141, 142).  An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group").  No trustee or examiner has been appointed in the Debtors' cases.

**B.    Debtors' Corporate Structure and Business**

8.    A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases are set forth in the Declaration of John Doolittle in Support

---

[3]    The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

of First Day Motions and Applications (the "First Day Declaration").[4]

C.    **The Sale of Non-Core Assets**

9.    On February 20, 2009, the Debtors filed the Debtors' Motion for Orders (I) Authorizing and Approving (a) Purchase Agreement, (b) Bidding Procedures, (c) Break-Up Fee and Expense Reimbursement, (d) Notice Procedures, (e) Assumption and Assignment Procedures, (f) Filing of Certain Schedules Under Seal and (g) Date for the Sale Hearing, and (II) Authorizing and Approving (a) Sale of Certain Non-Core Assets Free and Clear of All Liens, Claims and Encumbrances and (b) Assumption and Assignment of Certain Contracts (D.I. 353) (the "Non-Core Asset Sale Motion").

10.    The Non-Core Asset Sale Motion sought entry of orders (i) approving, *inter alia*, that certain Asset Purchase Agreement ("Purchase Agreement") with Radware Ltd. ("Radware"), a copy of which was attached as Exhibit A to the Non-Core Asset Sale Motion, approving the bidding procedures for the sale of the Assets pursuant to the Purchase Agreement; and (ii) approving and authorizing the sale of the Purchased Assets to Radware pursuant to the terms of the Purchase Agreement, or another qualified bidder submitting a higher or otherwise better offer, and the assumption and assignment of the Assumed Contracts.[5]

11.    On February 27, 2009, the Court entered the Order Authorizing and Approving (A) Bidding Procedures, (B) Break-Up Fee and Expense Reimbursement, (C) Notice Procedures, (D) Assumption and Assignment Procedures (E) Filing Certain Schedules Under

---

[4]    Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration, Non-Core Asset Sale Motion, or the Purchase Agreement, as applicable.

[5]    The summaries and descriptions of the terms and conditions of the Purchase Agreement and the Sale Order set forth in the Motion are intended solely for informational purposes to provide the Court and parties in interest with an overview of significant terms thereof and should only be relied upon as such. The summaries and descriptions are qualified in their entirety by the Purchase Agreement and the Sale Order. In the event there is a conflict between the Motion and the Purchase Agreement or the Sale Order, the Purchase Agreement and/or the Sale Order, as applicable, shall control in all respects.

Seal and (F) Setting Time, Date and Place for Sale Hearing (D.I. 386) (the "Sale Procedures Order").

12.     Pursuant to the Sale Procedures Order, (a) the Bid Deadline for qualifying bids was March 19, 2009 (the "Bid Deadline"), and (b) the Auction, if necessary, was scheduled for March 23, 2009, and (c) the Sale Hearing was scheduled for March 25, 2009.

13.     As of the Bid Deadline, the Debtors received no bids for the Debtors' Assets other than the qualified bid of Radware.  Accordingly, on March 20, 2009, the Debtors cancelled the Auction pursuant to the Sale Procedures (D.I. 506).

14.     On March 26, 2009, the Court entered the Order Authorizing and Approving (A) Sale of Certain Non-Core Assets Free and Clear of All Liens, Claims and Encumbrances and (B) Assumption and Assignment of Certain Contracts (D.I. 539) (the "Sale Order"), thereby approving the Non-Core Asset Sale Motion, the Purchase Agreement, and the Sale to Radware.

15.     The Sale closed on March 31, 2009 (the "Closing Date").

**D.     The Purchase Agreement and the Name Change Requirement**

16.     Section 9.3 of the approved Purchase Agreement provides:

**Use of Names.**

\*                          \*                          \*

(b) Each Seller hereby covenants and agrees (i) that (x) if such Seller has a corporate name containing the Mark "alteon", it will, and (y) such Seller will cause any Affiliate of such Seller (other than another Seller) that has a corporate name containing the Mark "alteon" to, in either case remove "alteon" from such corporate name(s), within thirty (30) days of the Closing Date (in the case of U.S.-organized Sellers and Affiliates) and as soon as reasonably practicable following the Closing (in the case of non-U.S. organized Sellers and Affiliates) through the use of commercially reasonable efforts; and (ii) notwithstanding the period set forth in Section 9.3(b)(i), from and after the Closing, Sellers shall not

conduct, and each Seller shall prevent any such Affiliate from conducting, any commercial activity under or in connection with a corporate name containing "alteon." Buyer hereby grants to each Seller and Affiliate thereof described in the preceding sentence a fully paid up, worldwide, personal, non-transferable and non-assignable, indivisible and non-exclusive right to use the Mark "alteon" as part of its corporate name during the period set forth in the preceding sentence.

Purchase Agreement, §9.3 at p. 54.

17.      Accordingly, in order to fully comply with Section 9.3 of the approved Purchase Agreement, the Sellers must, within thirty (30) days of the Closing Date, remove, and cause any Affiliate of the Sellers to remove, the name "alteon" from any corporate name used by the Sellers or their Affiliates.

18.      The Debtors have already taken the appropriate steps to comply with the terms of the approved Purchase Agreement, and remove the name "alteon" from the corporate name of any Affiliate of the Sellers.[6] Two Affiliates of the Sellers, Alteon WebSystems, Inc. and Alteon WebSystems International, Inc. are also Debtors. Accordingly, in order to fully comply with the terms of the Purchase Agreement, the Debtors must amend the consolidated case caption shared by their jointly administered cases and the case captions of the Debtors Alteon WebSystems, Inc. and Alteon WebSystems International, Inc.

## **Relief Requested**

19.      By this Motion, the Debtors seek entry of an order amending the Debtors' consolidated case caption and the case captions of the Debtors Alteon WebSystems, Inc. and Alteon WebSystems International, Inc. The Debtors request that the new consolidated caption read as follows:

---

[6]      Under the Purchase Agreement, the Sellers are NNI and NNL.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
                                              :
*In re*                                       :        Chapter 11
                                              :
Nortel Networks Inc., *et al.*,[1]            :        Case No. 09-10138 (KG)
                                              :
                                Debtors.      :        Jointly Administered
                                              :
-------------------------------------------------------X

      *                  *                  *

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

20.    The Debtors further request that this Court authorize the Clerk of the United States Bankruptcy Court for the District of Delaware and other parties in interest to take whatever actions that are necessary to update the ECF filing system and their respective records to reflect the above name changes, including the insertion of a docket entry in case 09-10138 which states substantially as follows:

> "An order has been entered in these cases directing that the caption of these cases be changed in accordance with the corporate name change of Alteon WebSystems, Inc. to Nortel Altsystems Inc., and the corporate name change of Alteon WebSystems International, Inc. to Nortel Altsystems International Inc."

21.    The Debtors further request that this Court authorize the Clerk of the United States Bankruptcy Court for the District of Delaware and other parties in interest to take whatever actions that are necessary to update the ECF filing system and their respective records to reflect the above name changes, including the insertion of a docket entry in case 09-10140

which states substantially as follows:

> "An order has been entered in these cases directing that the caption
> of this case be changed in accordance with the corporate name
> change of Alteon WebSystems, Inc. to Nortel Altsystems Inc."

22.    The Debtors further request that this Court authorize the Clerk of the

United States Bankruptcy Court for the District of Delaware and other parties in interest to take

whatever actions that are necessary to update the ECF filing system and their respective records

to reflect the above name changes, including the insertion of a docket entry in case 09-10141

which states substantially as follows:

> "An order has been entered in these cases directing that the caption
> of this case be changed in accordance with the corporate name
> change of Alteon WebSystems International, Inc. to Nortel
> Altsystems International Inc."

### Basis for Relief Requested

23.    Section 105(a) of the Bankruptcy Code provides that "[t]he court may

issue any order, process, or judgment that is necessary or appropriate to carry out the provisions

of this title."

24.    The name change is necessary as a result of the approval of the Purchase

Agreement and the closing of the sale to Radware.  Pursuant to Section 9.3(b) of the Purchase

Agreement, the Sellers must, within thirty (30) days of the Closing Date, remove, and cause any

Affiliate of the Sellers to remove, the name "alteon" from any corporate name used by the

Sellers or their Affiliates.

25.    Accordingly, for the foregoing reasons, the Debtors submit that it is

necessary and appropriate and in the best interest of their estates and creditors for the Court to

enter an order amending the Debtors' consolidated case caption and the case captions of the

Debtors Alteon WebSystems, Inc. and Alteon WebSystems International, Inc as set forth in this

Motion.

## Notice

26.     Notice of the Motion has been given to (i) counsel to the Radware; (ii) the

U.S. Trustee, (iii) the Monitor; (iv) counsel to the Official Committee; (v) counsel to the

Bondholders Group; and (vi) the general service list established in these chapter 11 cases

pursuant to Bankruptcy Rule 2002.  The Debtors submit that under the circumstances no other or

further notice is necessary.

## No Prior Request

27.     No prior request for the relief sought herein has been made to this or any

other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully request that this Court (i) grant this

Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and

(iii) grant such other and further relief as it deems just and proper.


Dated:  April 30, 2009
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*

2870165.3