## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X

| | |
|---|---|
| *In re* : | Chapter 11 |
| : | |
| Nortel Networks Inc., *et al.*,[1] : | Case No. 09-10138 (KG) |
| : | |
| Debtors. : | Jointly Administered |
| : | |

**Hearing date: May 7, 2009 at 10:00 a.m. (ET) (requested)**
**Objections due: May 5, 2009 at 12:00 p.m. (ET) (requested)**

-------------------------------------------------------X

**DEBTORS' MOTION FOR AN ORDER UNDER 11 U.S.C. § 102(1) (A) SHORTENING NOTICE OF DEBTORS' MOTION PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE TO EXTEND THE DEADLINE BY WHICH THE DEBTORS MUST ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY; AND (B) MODIFYING THE SERVICE REQUIREMENTS OF LOCAL RULE 9006-1(c)(i)**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to section 102(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (a) shortening notice to allow the Debtors' Motion Pursuant to Section 365(d)(4) of the Bankruptcy Code to Extend the Deadline By Which the Debtors Must

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Assume or Reject Unexpired Leases of Nonresidential Real Property (the "365(d)(4) Motion") [D.I. 680], filed on April 30, 2009, to be considered on an expedited basis; (b) setting the deadline to object to the 365(d)(4) Motion; (c) modifying the service requirements of Local Rule 9006-1(c)(i); and (d) granting them such other and further relief as the Court deems just and proper. The Debtors respectfully represent as follows:

**Jurisdiction**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 102(1) and 105 of the Bankruptcy Code, Rule 9006 of the Bankruptcy Rules and Rule 9006-1(e) of the Local Rules.

**Background**

**A.      Introduction**

3.      On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' cases. The United States Trustee appointed an Official Committee of Unsecured Creditors in these chapter 11 cases on January 22, 2009 (the "Committee").

5.      Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their

2

Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as foreign representative for the Canadian Debtors, has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

6.      In addition, at 8 p.m. on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates into administration under the control of individuals from Ernst & Young (collectively, the "U.K. Debtors").[3]

## B.    Debtors' Corporate Structure and Business

7.      A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases are set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications (the "First Day Declaration").[4]

### Relief Requested

8.      By this Motion, the Debtors seek an order (a) shortening the notice period for the 365(d)(4) Motion; (b) setting the deadline to object to the 365(d)(4) Motion; (c) modifying the service requirements of Local Rule 9006-1(c)(i); and (d) granting them such other and further relief as the Court deems just and proper.

---

[2]      The Canadian Debtors include the following entities:   NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[3]      The U.K. Debtors include the following entities:   Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

[4]      Capitalized terms used but not defined herein have the meanings ascribed to them in the 365(d)(4) Motion.

## Facts Relevant to this Motion

9.      As set forth more fully in the 365(d)(4) Motion, as of the Petition Date, the Debtors were lessees under approximately seventy-three (73) leases of non-residential real property.  Since the Petition Date, the Debtors have rejected six leases and three leases have expired in the ordinary course of business.  Thus, the Debtors are currently lessees under approximately sixty-four (64) leases (the "Leases") throughout the United States and abroad.[5]

10.     Through the 365(d)(4) Motion, the Debtors are seeking an extension of time to assume or reject the Leases from May 14, 2009 to August 12, 2009.

11.     The Debtors filed the 365(d)(4) Motion on April 30, 2009, noticing it for the omnibus hearing date on May 20, 2009, and setting an objection deadline of May 13, 2009, at 4:00 p.m.

## Basis for Relief

### A.      Shortening Notice of the 365(d)(4) Motion is Appropriate

12.     Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).  As set forth below, shortening notice is justified here.

13.     Local Rule 9006-2 provides: "[i]f a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Code, the Fed. R. Bankr. P., these

---

[5]      The Leases include all unexpired leases of nonresidential real property to which the Debtors are lessees and have not been previously assumed or rejected.  To the extent additional leases of nonresidential real property to which the Debtors are parties exist, the Debtors are seeking an extension of time to assume or reject those leases as well.  For purposes of this Motion, the Debtors may have included certain instruments or financing arrangements that are not true leases, but are included as Leases for the purposes of this Motion in an abundance of caution, so that such instruments will not be deemed automatically rejected if they are found to be true leases after the 120 day period for assumption or rejection allowed by Section 365(d)(4) of the Bankruptcy Code has elapsed.  Inclusion or omission of any instrument as a lease does not constitute an admission by the Debtors that such instrument is or is not a true lease or otherwise.

Rules, the District Court Rules, or Court Order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order."

14.     The Debtors believe the plain language of Local Rule 9006-2 provides a temporary bridge order between the May 14, 2009 deadline and the hearing on May 20, 2009; however, on May 1, 2009, the Debtors received informal comments from a counsel who represents several landlords, informing the Debtors that the landlords believed that Local Rule 9006-2 is inapplicable to a motion under section 365(d)(4) and thus to the 365(d)(4) Motion.  In fact, several Courts in this district have allowed Debtors to use Local Rule 9006-2 to create a temporary bridge for section 365(d)(4).  *See In re LV Liquidation Corporation*, Case No. 08-10323 (BLS) (June 25, 2008) (section 365(d)(4) deadline expired on June 19, 2008 and the order extending the deadline was entered on June 25, 2008); *In re Uni-Marts*, Case No. 08-11037 (MFW) (Oct. 20, 2008) (section 365(d)(4) deadline expired on September 26, 2008 and the order extending the deadline was entered on October 20, 2008).

15.     The Debtors fundamentally disagree with the landlords' position and believe the relevant precedents demonstrate that the bridge order applies; however, in an abundance of caution, the Debtors are moving to shorten notice and have the 365(d)(4) Motion heard at the omnibus hearing on May 7, 2009 at 10:00 a.m., prior to May 14, 2009 expiration date.   The next hearing in the Chapter 11 Cases is set for May 20, 2009, by which time, the landlords argue, the Leases would already be deemed rejected.

16.     The Debtors believe that a hearing on the 365(d)(4) Motion on shortened notice is in the best interests of the Debtors' estates and creditors, because a prompt determination of the 365(d)(4) Motion will eliminate any confusion as to whether or not there was a proper extension time by which the Debtors may assume or reject the Leases.

17.     Additionally, the relief sought in the 365(d)(4) Motion is typical of relief sought in similar motions which are routinely granted by this Court.  For this reason, the Debtors submit that any prejudice to other parties in interest is minimal.

18.     For these reasons, the Debtors respectfully submit that allowing the 365(d)(4) Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

**B.     The Debtors Should be Permitted to Modify the Service Requirements of Local Rule 9006-1(c)(i)**

19.     On April 30, 2009, the Debtors served the 365(d)(4) Motion on the parties listed in the 365(d)(4) Motion by first class mail.

20.     Should the Court grant this Motion, in lieu of reserving the 365(d)(4) Motion on the service parties by overnight mail, the Debtors respectfully request that the court permit them to serve only notice of the motion by hand delivery, facsimile, or overnight mail.

21.     The Debtors respectfully submit that modifying the service requirements is appropriate in these circumstances as many of the parties in interest will have already received the 365(d)(4) Motion by first class mail by the time they would receive the 365(d)(4) Motion by overnight mail.  As it is currently a Friday, and many parties in interest do not accept Saturday delivery, many parties would not receive the overnight mail until Monday, by which time they may have already received the 365(d)(4) Motion by first class mail.  For this reason, the Debtors submit that any prejudice to other parties in interest is minimal.

## Notice

22.     Notice of the Motion has been given to the (i) Office of the United States Trustee for the District of Delaware; (ii) the Committee; (iii) the Bondholder Group; (iv) the

counterparties to the Leases; and (v) the general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

**No Prior Request**

23.    No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court order (a) shortening the notice period for the 365(d)(4) Motion; (b) setting the deadline to object to the 365(d)(4) Motion; (c) modifying the service requirements of Local Rule 9006-1(c)(i); and (d) granting them such other and further relief as the Court deems just and proper.

Dated: May 1, 2009
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
Phone:  (302) 658-9200
Facsimile:  (302) 658-3989

*Counsel for the Debtors and Debtors-in-Possession*

2872063.1