```
                    UNITED STATES BANKRUPTCY COURT
                        DISTRICT OF DELAWARE


IN RE:                          )
                                )   Chapter 11
                                )
                                )   Case No. 09-10138(KG)
NORTEL NETWORKS, INC.,          )
                                )
              Debtors.          )   Jointly Administered
                                )
                                )   April 9, 2009
                                )   10:00 a.m.


              TRANSCRIPT OF BANKRUPTCY MOTION HEARING
                 BEFORE THE HONORABLE KEVIN GROSS
                 UNITED STATES DISTRICT COURT JUDGE


APPEARANCES:

For the Creditor:

Counsel for Committee of
Unsecured Creditors         KENNETH A. DAVIS, ESQUIRE
                            Akin Gump Strauss Hauer & Feld, LLP
                            One Bryant Park
                            New York, NY 10036
                            Tel: (212) 872 1212
                            Fax: (212) 872 1002

                            CHRISTOPHER SAMIS, ESQUIRE
                            Richards, Layton & Finger, P.A.
                            920 N. King Street
                            One Rodney Square
                            Wilmington, DE 19801
                            Tel: (302) 651-7845
                            Fax: (302) 651-7705

Verizon                     FRANK N. WHITE, ESQUIRE
(via telephone)             Arnall, Golden & Gregory, LLP
                            171 17 Street, NW, Suite 2100
                            Atlanta, Georgia 30363-1031
                            Tel:  (404) 873-8744
                            Fax:  (404) 873-8745
```

APPEARANCES (Continued):

Counsel for Creditor:

| | |
|---|---|
| Anixter<br>(via telephone) | PATRICIA J. FOKUO, ESQUIRE<br>JON C. VIGANO, ESQUIRE<br>Schiff Hardin, LLP<br>6600 Sears Tower<br>Chicago, Illinois  60606-6473<br>Tel:  (312) 258-5500<br>Fax:  (312) 258-5600 |
| (Live) | AYESHA S. CHACKO, ESQUIRE<br>Campbell & Levine, LLC<br>800 N. King Street, Suite 300<br>Wilmington, DE 19801<br>Tel:  (302) 426-1900<br>Fax:  (302) 426-9947 |
| FlexTronics<br>(via telephone) | JAMES V. DREW, ESQUIRE<br>Curtis, Mallet-Prevost, Colt,<br>Mosle, LLP<br>101 Park Avenue<br>New York, New York 10178-0061<br>Tel:  (212) 696-6000<br>Fax:  (212) 697-1559 |
| Silver Lake Capital<br>(via telephone) | ANNELIESE H. PAK, ESQUIRE<br>Ropes & Gray, LLP<br>One International Place<br>Boston, Massachusetts 02110-2624<br>Tel:  (617) 951-7000<br>Fax:  (617) 951-7050 |
| Export Development Canada<br>(via telephone) | CRAIG E. REIMER, ESQUIRE<br>Mayer Brown, LLP<br>71 South Wacker Drive<br>Chicago, Illinois  60606<br>Tel:  (312) 782-0600<br>Fax:  (312) 701-7711 |

APPEARANCES (Continued):

For the Debtor:  ANN C. CORDO, ESQUIRE
 Morris, Nichols, Arsht & Tunnell LLP
 1201 North Market Street, 18th Flr
 P.O. Box 1347
 Wilmington, DE 19899-1347
 Tel: (302) 658-9200
 Fax: (302) 425-4664

 JANE KIM, ESQUIRE
 Cleary, Gottlieb, Steen & Hamilton, LLP
 One Liberty Plaza
 New York, NY 10006
 Tel: (212)225-2000
 Fax: (212) 225-3999

Monitor Appointed in  KEN COLEMAN, ESQUIRE
Canadian Proceeding/  Allen & Overy, LLP
Counsel for  1221 Avenue of the Americas,
Canadian Monitor  20th Floor
 New York, New York  10020
 Tel:  (212) 610-6300

Interested Party  JAMES C. MARTIN, ESQUIRE
(via telephone)  Morgan Stanley
 1585 Broadway
 New York, New York  10036
 Tel:  (212) 761-4000

Audio Operator:  Leslie Murin, ECR Operator

Transcribed By:  DIANA DOMAN TRANSCRIBING
 P.O. BOX 129
 Gibbsboro, NJ  08026-129
 TEL:  (856) 435-7172
 FAX:  (856) 435-7124
 E-MAIL: dianadoman@comcast.net

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

I N D E X

                                                Page

ARGUMENT BY:

Ms. Anne C. Cordo                               5

Ms. Jane Kim                                    6,12

Mr. Ken Davis                                   9

Mr. Ken Coleman                                 10

THE COURT

Decision                                        11,16

1               THE CLERK:  Please rise.
2               THE COURT:  Good afternoon, everyone.  Please be
3       seated and thank you.  Ms. Cordo, good morning.
4               MS. CORDO:  Good morning.  Annie Cordo, Morris,
5       Nichols, Arsht & Tunnell on behalf of the Debtors.
6               THE COURT:  Yes.
7               MS. CORDO:  We had a little confusion with the
8       witness stuff, but we do not need the video witness this
9       morning.  It was for item number 11, which we have agreed to
10      put off at the request of the United States Trustee.
11              THE COURT:  Okay.
12              MS. CORDO:  We have a pretty short agenda for you
13      today and I will turn the podium over to Ms. Kim, unless you
14      have any questions.
15              THE COURT:  I don't at the moment.  Thank you, --
16              MS. CORDO:  Thank you.
17              THE COURT:  -- Ms. Cordo.  Ms. Kim, good to see you
18      again.
19              MS. KIM:  Good to see you, Mis -- Your Honor.  Good
20      morning.  For the record, Jane Kim, Cleary, Gottlieb, Steen &
21      Hamilton on behalf of the Debtors.
22              THE COURT:  Yes.
23              MS. KIM:  The agenda is going to be hopefully very
24      brief.  All matters have either been continued or resolved.
25              The first item on the agenda is the 503(b)(9) claim

1    of Avanex Corporation which has been adjourned to the May
2    20th hearing.
3            The second item is the 503(b)(9) claim of Excelight
4    Communications, Inc.  And Order has been entered by Your
5    Honor approving a stipulation that resolves that claim.
6            Item number three on the agenda is the 503(b)(9)
7    claim of Andrew, LLC, which has been adjourned to the April
8    22nd hearing.
9            Item number four is the remaining outstanding parts
10   of the Layer 4-7 Sale motion.  Your Honor entered an order
11   after the last hearing, granting the motion, but adjourned it
12   with respect only to Verizon's objection concerning six of
13   its contracts that the motion had sought to assume and
14   assign.
15           Since then, the Debtors have filed the notice of
16   withdrawal -- withdrawal with respect to the assumption and
17   assignment of Verizon's six contracts and, therefore, the
18   motion has now been fully resolved.
19           THE COURT:  Okay.
20           MS. KIM:  Item number five is the setoff motion of
21   American Express and item number six is the 503(b)(9) claim
22   motion of Anixter, and both of those have been adjourned to
23   April 22nd.
24           Item number seven is the settlement procedures
25   motion under Rule 9019.  The Debtors filed a Certificate of

1       No Objection to that motion.
2                THE COURT:  Yes.  And I believe I entered the
3       Order.
4                MS. KIM:  That may be.  I -- I didn't check the
5       docket this morning.  But, yes.
6                THE COURT:  All right.  And if I -- if I haven't, I
7       certainly will.  But, I'm -- I'm almost certain I did enter
8       that.
9                MS. CORDO:  Okay.
10               MS. KIM:  Thank you, Your Honor.  Item number eight
11      is a motion concerning the Debtor's insurance policy with
12      CHUBB and that, also, the Debtors filed a Certificate of No
13      Objection.
14               THE COURT:  And I'll double-check; but I think I
15      entered that Order as well.
16               MS. KIM:  Thank you very much, Your Honor.  And
17      item number nine is the motion concerning the Debtor's
18      retirement income plan and the Debtors also filed a
19      Certificate of No Objection with respect to that motion.
20               THE COURT:  And, likewise, I think I signed that.
21               MS. KIM:  Thank you, Your Honor.
22               THE COURT:  I'll double-check back in chambers.
23               MS. KIM:  All right.  We just didn't have the
24      opportunity to check the docket this morning, --
25               THE COURT:  Of course.

1                MS. KIM: -- so, thank you.
2                Item number ten is the cash management motion of
3    the Debtors.  There are -- Your Honor may remember, that
4    there may -- there are a couple of issues that are still
5    outstanding, one of which is with respect to the remaining
6    $125 million on the loan from Nortel Networks, Inc., which is
7    the U.S. Debtor, to Nortel Networks, Limited, which is --
8                THE COURT:  Yes.
9                MS. KIM:  -- the Canadian Debtor.  The two -- item
10   that's on for today doesn't have anything to do with the
11   remaining $125 million.  The proposed order that we're
12   seeking to have entered today, which we filed a -- a couple
13   of days ago, is just an improvement of NNI's rights under the
14   NNI/NNL loan agreement.  We aren't seeking the approval of
15   the remaining $125 million and I'll just run through some of
16   the main improvements under the amended loan agreement.
17               THE COURT:  Yes.
18               MS. KIM:  There are -- the fir -- it -- it improves
19   the charges that NNI is to receive over the Canadian
20   entities' assets, including -- by having additional
21   guarantors and additional property over which NNI will have a
22   charge.
23               It permits NNI to exercise its rights with respect
24   to those charges without having exhausted all other remedies
25   and it extends the charges to cover, in addition to the

1    amount loaned, it extends the charges to cover NNI's
2    enforcement costs with respect to those charges.
3                THE COURT:  Yes.
4                MS. KIM:  These improvements have come about as a
5    result of discussions with the Creditors Committee and their
6    representatives.  I believe that mem -- that Counsel for the
7    Creditors Committee has a couple of reservations of rights
8    that they would like to state.
9                But, otherwise, there are no objections that we are
10   aware of with respect to these.  And, really, it's just --
11   everything is to the benefit of the Debtor.  So, we don't
12   really see any issue with respect to this proposed order.
13               THE COURT:  Okay.  Mr. Davis, good morning.
14               MR. DAVIS:  Good morning, Your Honor.  Again, for
15   the record, Ken Davis, --
16               THE COURT:  Yes.
17               MR. DAVIS:  -- of Akin Gump on behalf of the
18   Committee.  With respect to the proposed order being
19   presented by the Debtors this morning, we have, to be clear,
20   absolutely no issue with the form of order itself or the
21   amended agreement approved thereby.
22               We note, however, that with respect to the
23   additional charges and all of the Canadian entities assets
24   being granted in favor of NNI in connection with this
25   agreement, that we may in the future revisit certain issues
26   and -- and, thus, reserve our rights.

1              Specifically, with respect to the priority of the
2     charges, to the extent any additional funds were loaned under
3     the agreement, we were reserve our right and do reserve our
4     right to argue that the priority of the charges should rank
5     perry with that of the EDC under the loan agreement.
6              In addition, with respect to, again, any additional
7     funds to be -- to be loaned under the agreement, we reserve
8     our right to argue that additional traditional debt, bells
9     and whistles would be added to the agreement; for instance,
10    reporting requirements or covenants as to the use of
11    proceeds.
12             And then, finally, with respect to the -- the --
13    the cash management order and -- and system, generally, we
14    reserve our rights to argue that to the extent the -- the
15    transfer pricing scheme employed by the debtors at any point
16    in the future turns out to be improper or inaccurate in any
17    way, to then revisit the priority of the charges and grant
18    their -- granted in favor of NNI.  But, subject to those
19    reservation of rights, we have no objection to the form of
20    the order.
21             THE COURT:  All right, Mr. Davis.  Thank you.
22             MR. DAVIS:  Thank you.
23             THE COURT:  Good morning.
24             MR. COLEMAN:  Good morning, Your Honor.  Ken
25    Coleman of Allen and Overy, --
26             THE COURT:  Good to see you.

1          MR. COLEMAN:  -- counsel for the monitor appointed
2    in the Canadian proceeding.  We're on a little later this
3    morning --
4          THE COURT:  Yes.
5          MR. COLEMAN:  -- in connection with the Chapter 15.
6    But in this specific connection, I just wanted to mention to
7    the Court that the amended NNI loan agreement was approved
8    two days ago by the Canadian Court.
9          THE COURT:  Oh, thank you, Mr. Dav -- Coleman.
10         MR. COLEMAN:  And --
11         THE COURT:  I'm sorry.
12         MR. COLEMAN:  -- and the -- that or -- that is
13   part of an amended initial Order of the Canadian Court which
14   we will be filing later today in the Chapter 11 with a --
15   with a blackline against the previous version of the initial
16   order.
17         THE COURT:  Okay.  Thank you, Mr. Coleman.
18         MR. COLEMAN:  The changes that were outlined, Your
19   Honor, with respect to that loan agreement were also
20   highlighted, I believe, in the 6th Monitor's report that we
21   filed with Your Honor on April 1.
22         THE COURT:  Thank you.
23         MR. COLEMAN:  Thank you.
24         THE COURT:  Thank you, very much.  Anyone else?
25   All right.

1           Well, certainly, I understand the Committee's
2  reservations of rights.  Those are not, obviously, before me,
3  those issues.  And the issues that are I am certainly
4  prepared to -- to approve and to enter the order improving
5  the -- the terms.
6           MS. KIM:  Thank you, Your Honor.  We will hand up
7  the order or, actually, --
8           THE COURT:  Now is fine.  And I -- I did hear
9  from -- from chambers that those other orders have been
10 signed and will be docketed promptly.
11          MS. KIM:  Very good.  Thank you, Your Honor.
12          MS. CORDO:  Your Honor, --
13          THE COURT:  Yes, please, Ms. Cordo.  Thank you.
14          MS. CORDO:  Uh-huh.
15     (Pause)
16          THE COURT:  All right.  I've signed the order.
17          MS. KIM:  Thank you, Your Honor.  Item number 11 is
18 the motion to extend the deadline to comply with Rule 2015.3.
19          THE COURT:  Yes.
20          MS. KIM:  The deadline to file the Debtor's Form 26
21 reports is currently April 14th.  The Debtors are seeking to
22 extend that deadline.
23          The Debtors believe that we can provide financial
24 statements of some type by May 4th, which would include
25 balance sheets, profit and loss statements and some form of

1    cash flows.  And we have been working with the U.S. Trustee
2    and having numerous discussions with the -- the U.S.
3    Trustee and Mr. Tinker from the U.S. Trustee's office to
4    address the -- their concerns.
5            We believe that we'll be able to resolve those
6    issues, but the U.S. Trustee has requested that we adjourn
7    this motion to provide more time to go over the -- the
8    issues.  This is a new rule and --
9            THE COURT:  Yes.
10           MS. KIM:  -- but I think there is some concern
11   about making sure that everything is dealt with properly.
12           To the extent that we are able to resolve upon a
13   consensual proposed order, we can either submit it at the
14   next hearing and present it to Your Honor, or, if Your Honor
15   would prefer, we can file it under Certification of Counsel.
16   It is, obviously, up to whatever Your Honor prefers.
17           THE COURT:  I think the certification procedure
18   would be fine.
19           MS. KIM:  Okay.
20           THE COURT:  Now, the -- the deadline at the moment
21   is April --
22           MS. KIM:  14th.
23           THE COURT:  -- 14th.
24           MS. KIM:  Yes, Your Honor.
25           THE COURT:  And I don't know if we have a hearing

1   before April --
2           MS. KIM:  No, --
3           THE COURT:  -- 14th.
4           MS. KIM:  -- we don't.  And, so, the -- the other
5   thing that I would ask Your Honor is to be able to extend
6   that order just to bridge or -- or the extension just to
7   bridge until we are able to consensually resolve issues --
8           THE COURT:  Yes, and I --
9           MS. KIM:  -- with the U.S. Trustee.  And my
10  understanding is the U.S. Trustee has no objection to that.
11          THE COURT:  And that's fine with me.  And, as far
12  as I'm concerned, the filing of the motion -- it -- it is
13  just an adjourned motion and, therefore, the extension is
14  granted through -- through whatever issues may come before
15  the Court.
16          MS. KIM:  Thank you, Your Honor.
17          THE COURT:  I had to go back and do some reading,
18  too, on this because it was -- it's the first time I've --
19  I've addressed such a motion.
20          MS. KIM:  Yes, there are no -- because we are - we
21  are still looking at precedence and there are not a lot
22  because it is a very new --
23          THE COURT:  Yes.
24          MS. KIM:  -- rule and form.
25          The last item on the agenda is the 503(b)(9)

Case 09-10138-MFW    Doc 700    Filed 05/05/09    Page 15 of 17

Kim - Argument                                                    Page 15

1  procedures motion which provides for procedures to be able to
2  resolve 503(b)(9) claims without requiring claimants to have
3  to file motions before this Court to allow such claims.  So,
4  the only circumstance under these procedures in which a
5  claimant would have to file a motion is if events arise
6  subsequent to entry of this order granting this motion, that
7  make it necessary to file a motion.
8           We received informal comments from the Creditors
9  Committee as well as Anixter, Inc., which has filed a motion
10 to resolve its 503(b)(9) claim and that motion, as I
11 mentioned earlier, has been adjourned.  And, as a result,
12 we've made a few changes to the proposed order.
13          The first is a clarification that if documentation
14 supporting the 503(b)(9) claim is voluminous, then the
15 claimant can just provide a summary of the documentation and
16 that documentation doesn't -- does not need to be filed so
17 long as there is written consent of the Debtors to excuse
18 that filing.
19          But, if the Debtor has provided written request for
20 the documentation, then it provides that the documentation
21 needs to be provided to the Debtors.
22          THE COURT:  Okay.
23          MS. KIM:  Secondly, Anixter, Inc. is carved out of
24 those procedures since Anixter has already submitted -- filed
25 a motion.  Its 503(b)(9) claim will be resolved through its

```
 1    pending motion.
 2              THE COURT:  Okay.
 3              MS. KIM:  And, finally, just for the convenience of
 4    this Court, as well as for other -- the -- the 503(b)(9)
 5    claimants, we have appended the claim request form that we
 6    prepared to the order so that the claimants may be able to
 7    find that attached to the order -- to the proposed order.
 8              THE COURT:  All right.  Thank you, Ms. Kim.
 9              MS. KIM:  And we will -- we can hand up that along
10    with the blackline as well.  That's the only other Order that
11    is -- we are requesting the Court to grant today.
12              THE COURT:  Okay.  Any comments from anyone else?
13    Well, certainly, I understand -- thank you, Ms. Cordo -- I
14    understand the necessity of this for the administrative
15    convenience of everyone and I -- I'm prepared to enter the
16    order.
17              MS. KIM:  Thank you very much, Your Honor.  And
18    that concludes the agenda for today's hearing.
19              THE COURT:  All right.  Thank you for another
20    efficient hearing, Ms. Kim.
21              MS. KIM:  Thank you, very much, Your Honor.
22              THE COURT:  And with that, I know we have the
23    Chapter 15.  And let's just take a couple of minutes so we
24    can switch over the recording system and -- and then I'll
25    hear from the Chapter 15 folks.  I'll stay on the bench in
```

1   the meantime.  Thank you.
2           MS. CORDO:  Thank you.
3           MS. KIM:  Thank you.
4           THE COURT:  And good day to you.
5
6                    *   *   *   *   *
7
8
9                    C E R T I F I C A T I O N
10
11      I, Lisa A. Wilson, hereby certify that the foregoing is
12   a correct transcript of the record of proceeding on April 9,
13   2009, in the above-entitled matter.
14
15
16
17                              _____
18                                      LISA A. WILSON
19
20
21
22
23
24
25