# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| Nortel Networks Inc., *et al.*, | : | BANKRUPTCY NO. 09-10138 (KG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | Hearing Date June 11, 2009 at 2:00PM |
| | | Objection Deadline: June 4, 2009 at 4:00 PM |

## MOTION OF COMMUNICATIONS TEST DESIGN, INC. PURSUANT TO SECTION 362 and 553 OF THE BANKRUPTCY CODE FOR RELIEF FROM THE AUTOMATIC STAY TO EFFECTUATE A SET OFF OF PRE-PETITION AMOUNTS OWED BY AND BETWEEN <u>COMMUNICATION TEST DESIGN, INC. AND DEBTORS</u>

Communications Test Design, Inc. ("CTDI"), by and through its counsel, Swartz Campbell LLC hereby moves this Court pursuant to Sections 362(d) and 553 of Title 11 of the United States Code (the "Bankruptcy Code"), for relief from the automatic stay in order to effectuate a set off of pre-petition amounts owing and due between CTDI and the above-captioned debtor, Nortel Networks, Inc. ("NNI), pursuant to certain pre-petition agreements between the parties (the "Motion"), as more fully set forth below.

### Preliminary Statement

Prior to the Debtors filing their Chapter 11 bankruptcy cases, CTDI and NNI entered into certain agreements whereby each was obligated to the other for certain goods and services to be provided. CTDI provided (and still provides) logistics, call center services, repair services, information technology/programming services, other

miscellaneous services and IOM program invoices. Additionally, NNI is a vendor to CTDI for repair services, material purchases, royalties and IOM program invoices. According to the records of CTDI, NNI owes CTDI the sum of $7,845,362.00 for pre-petition goods, services and IOM program invoices, with a disputed amount in the sum of $4,079.00. According to CTDI's books and records, NNI is owed the sum of $7,862,897.00 representing funds owed pre-petition for certain goods, services and IOM program invoices, as provided for in the Agreements, with a disputed amount in the sum of $206,491.00.

CTDI seeks an order from this Honorable Court granting relief from the automatic stay so that CTDI may properly assert its right to set off the pre-petition amounts due and owing from CTDI to NNI against the pre-petition amounts owed from NNI to CTDI. After application of its set off rights, NNI will be left with a claim against CTDI in the sum of $17,535.00.

### Jurisdiction and Statutory Predicates

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. Sections 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. Section 157(b). Venue is proper before this Court pursuant to 28 U.S.C. Sections 1408 and 1409. Statutory relief sought in this matter is predicated upon Sections 362 and 553 of the Bankruptcy Code and the right of set off as recognized in the Laws of the Providence of Ontario.

### Background

2. On January 14, 2009 (the "Petition Date"), the Debtor, including NNI

commenced this case under Chapter 11 of the Bankruptcy Code (the "Chapter 11 cases"). Pursuant to the order of this Court, the Chapter 11 cases are being jointly administered [see docket No. 36].

3. On January 26, 2009, United States Trustee established a committee of unsecured creditors (the "Committee") in the Chapter 11 case.

4. On February 5, 2009, the Court entered an Order clarifying relief granted pursuant to Sections 105 and 363(b) of the Bankruptcy Code authorizing the debtors to honor pre-petition obligations to the customers (the "Customer Obligations Order") [Docket No. 166]. The Court has ordered that "all rights of debtors' customers to assert rights of set off or recoupment are expressly reserved and notwithstanding any payments by such customers to the debtors." [See Customer Obligation Order paragraph 5.]

### NNI OWES $7,845,362.00 In Pre-Petition Amounts to CTDI Pursuant to Master Service Agreement

5. On September 1, 1999, CTDI and Nortel Networks, Ltd. (the Canadian parent of NNI, "NNL") entered into a certain Master Service Agreement No. 010486 (as amended from time to time and as agreed, the "MSA") a copy of the MSA is not attached in order to protect confidentiality of the terms of the MSA.

6. On February 22, 2006, CTDI and Nortel Networks, Ltd. (the Canadian parent of NNI, "NNL") entered into an Alliance Agreement No. 06-1051 and as amended from time to time and as agreed (the "AA"), a copy of the AA is not attached in order to protect confidentiality of the terms of the AA.

7. Pursuant to the MSA and AA (sometimes referred to as the "Agreements") among other instructions and/or invoicing, CTDI provided services to NNL and its

affiliates including NNI. The MSA and AA agreements provides terms and conditions governing the relationship between CTDI and its affiliates operating in the different North American nations and NNI and its affiliates operating in the different areas of the North American nations.

8. Pursuant to section 1.3 of the MSA, as amended, CTDI and its CTDI affiliates were to provide all repair services to NNL and NNL affiliates, including NNI.

9. CTDI is owed $7,845,362.00 from NNI relating to goods, services and IOM program invoices provided prior to the Petition Date for which it has not been paid. Copies of the invoices evidencing pre-petition amounts due and remaining unpaid are summarized in the attachment marked as Exhibit "A". To the best of CTDI's knowledge, the validity of the summary of CTDI invoices to NNI are the amounts owed to CTDI and are not in dispute. Additionally, there are some disputes in the total sum of $4,079.00 as of the date of this motion.

10. NNI is owed the sum of $7,862,897.00 from CTDI for goods, services, IOM program invoices and royalties provided prior to the Petition Date for which it has not been paid (the amounts owed to NNI). To the best of CTDI's knowledge the validity of the amounts owed to NNI is not in dispute with the exception of approximately $206,491.00, as evidenced in the attached summary of invoices, which is marked Exhibit "A".

11. Copies of the invoices are not attached because they total number of invoices are 16,408 but will be supplied upon request of NNI and will be produced at the hearing on this motion.

12.	Pending application of CTDI's rights of set off, CTDI has placed amounts owed to NNI on "Administrative Hold".

### Relief Requested

13.	CTDI seeks relief from the automatic stay of the Bankruptcy Code Section 362(a) to affect set offs of mutual pre-petition obligations owing from NNI to CTDI and from CTDI to NNI. Relief from the automatic stay would allow NNI and CTDI to reconcile their mutual, undisputed pre-petition obligations in a manner contemplated by the Bankruptcy Code and under applicable State Law and the law of the Providence of Ontario, Canada.

### Basis for Relief

### CTDI Is Entitled to Set Off the Amounts Owed to NNI Against the CTDI Invoices to NNI

14.	The Bankruptcy Code leaves intact parties and non-bankruptcy rights of set off. Specifically, Bankruptcy Code Section 553 provides in pertinent part that the Bankruptcy Code "...does not affect any right of the creditor to off set a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title and against the claim of such creditor against the debtor that arose before the commencement of the case ...." See also Citizens Bank of Maryland v. Strumpf, 516 U.S. 16, 18 (1995) holding that Bankruptcy Code Section 553(a) "...provides that, with certain exceptions, whatever right of set off otherwise exists is preserved in Bankruptcy". This right of set off is intended to avoid "...the absurdity of making A pay B when B owes A...". The right of set off allows parties that owe mutual debts to each other to assert the amounts owed, subtract one from another, and pay only

the balance". Darr v. Muratore, 8 F.3d 854, 860 (1st Cir. 1993), citing Cohen v. The Savings and Loan Co., 896 F. 2d. 54 (3d Cir. 1990).

15. In addition, the right to set off claims "is an established part of our Bankruptcy Laws ... [and] should be enforced unless compelling circumstances ... require otherwise". United States v. Offord FIN., Inc., (In re: Medina), 205 B.R. 216, 223 (B.A.P. 9th Cir. 1996); see also Bohack Corp. v. Borden, Inc., 599 F. SD. 1160, 1165 (CD Cir. 1979). Creditor may exercise its non-bankruptcy set off rights pursuant to Bankruptcy Code Section 553 where the creditor shows (1) the debtor owes the creditor pre-petition debt; (2) the creditor owes the debtor a pre-petition debt; (3) the debts are mutual; and (4) the debts owed to both the creditor and the debtor are enforceable and valid. 11 U.S.C. Section 553(a); see, E.G., Ames v. Dehart (In re: Ames), 195 F.3d 177, 182 (3d Cir. 1999); In re: Czyzk, 297 B.R. 406, 409 (3d. Cir. 2003).

WHEREFORE, CTDI requests that this Honorable Court enter an Order permitting CTDI to set off the mutual debts owed by NNI to CTDI and the debts owed by CTDI to NNI and for such other further relief as this Court deems just and proper.

SWARTZ CAMPBELL LLC

Date: 5/11/2009                By:   /s/ Nicholas Skiles
                               Nicholas Skiles, Esquire, DE Bar No. 3777
                               John A. Wetzel, Esquire
                               One S. Church Street, Suite 400
                               West Chester, PA 19382
                               (610) 692-9500
                               (610) 692-4936 - Facsimile