1

UNITED STATES BANKRUPTCY COURT

DELAWARE DISTRICT OF DELAWARE

Case No. 09-10138 (KG)

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:


NORTEL NETWORKS, INC., et. al.


          Debtors.


- - - - - - - - - - - - - - - - - - - -x



          U.S. Bankruptcy Court

          824 North Market Street

          Wilmington, Delaware


          April 22, 2009

          10:03 AM



B E F O R E:

HON. KEVIN GROSS

U.S. BANKRUPTCY JUDGE



ECR OPERATOR:   LESLIE MURIN

2

1    Omnibus Hearing.

2

3    Debtors' Second Motion for Entry of Order Granting Debtors

4    Additional Time to File Reports of Financial Information

5    Pursuant to Federal Rule of Bankruptcy Procedure 2015.3(a) and

6    Certain Modifications of Such Reporting Requirements Pursuant

7    to Federal Rule of Bankruptcy Procedure 2015.3(d).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Dena Page

3

```
 1

 2    A P P E A R A N C E S :

 3    MORRIS, NICHOLS, ARSHT & TUNNELL LLP

 4          Attorneys for Debtor

 5          1201 North Market Street

 6          18th Floor

 7          Wilmington, DE 19899

 8

 9    BY:   DEREK ABBOTT, ESQ.

10

11    CLEARY GOTTLIEB STEEN & HAMILTON, LLP

12          Attorneys for Debtor

13          One Liberty Plaza

14          New York, NY 10006

15

16    BY:   LISA M. SCHWEITZER, ESQ.

17

18

19    U.S. DEPARTMENT OF JUSTICE

20          Office of the United States Trustee

21          844 King Street

22          Suite 2207

23          Wilmington, DE 19801

24

25    BY:   PATRICK TINKER, ESQ.
```

4

```
 1

 2

 3    ARNALL GOLDEN GREGORY LLP

 4         Attorneys for Verizon Communications, Inc.

 5         171 17th Street NW

 6         Suite 2100

 7         Atlanta, GA 30363

 8

 9    BY:   DARRYL S. LADDIN, ESQ.

10         (Telephonically)

11

12

13    ALSO APPEARING:

14         JAMES M. LUKENDA, HURON CONSULTING

15         PAUL CARR, U.S. DEBTOR ENTITIES

16

17

18

19

20

21

22

23

24

25
```

5

1                    P R O C E E D I N G S

2              THE CLERK:  Please rise.

3              THE COURT:  Good morning, everyone.  Thank you so

4     much.  Please be seated.

5              MR. ABBOTT:  Good morning, Your Honor.

6              THE COURT:  Good morning, Mr. Abbott.

7              MR. ABBOTT:  Derek Abbott here on behalf of the

8     debtors.  Your Honor, today, I hope we'll be short and sweet.

9     Did Your Honor get a copy of the amended agenda that we sent

10    over?

11             THE COURT:  Yes, we did.  Thank you very much.

12             MR. ABBOTT:  Your Honor, in short, the only thing

13    going forward is number 5.

14             THE COURT:  Yes.

15             MR. ABBOTT:  Your Honor, we did file yesterday a

16    notice of a revised order that I assume the Court has seen.

17    But Ms. Schweitzer from Cleary is going to present that motion,

18    so I'll just cede the podium to her, unless the Court's got

19    questions or something.

20             THE COURT:  That's perfectly fine.  Thank you very

21    much, Mr. Abbott.

22             MR. ABBOTT:  Thank you, Your Honor.

23             THE COURT:  Ms. Schweitzer, good morning, welcome

24    back.

25             MS. SCHWEITZER:  Good morning, Your Honor.  Nice to be

6

1    back.  So as Derek said, we're here to present the motion for

2    the extension of time and modification of certain reporting

3    requirements under Rule 2015.3(a), our newest addition to our

4    reporting requirements.

5              THE COURT:  Yes.

6              MS. SCHWEITZER:  So as the Court's familiar with it,

7    this is a new rule, so we're all trying to figure out what we

8    need to do to comply and how this -- it matches up with all our

9    individual companies.  And the rule is basically a reporting on

10   value operations and profitability of the nondebtor

11   subsidiaries that are nonpublic entities.

12             THE COURT:  And as we know, there are a lot of them

13   here.

14             MS. SCHWEITZER:  Yes, there are.  And not all of them

15   active, and not all of them what we would all consider to be

16   material to the larger case.  But certainly there are a lot,

17   and we want to do the right thing as far as, you know, some of

18   them are wholly-owned and some of them we have smaller interest

19   in that might be greater than twenty percent but not

20   necessarily large in the larger world of Nortel and its estate.

21             THE COURT:  Yes.

22             MS. SCHWEITZER:  So what we're in front of you today

23   is primarily just to seek an extension of time to do the

24   reporting.  And as set forth in the motion, we've been busy

25   doing all sorts of other reporting as all good little debtors

7

1    do.   We just filed our schedules, our first round on Monday,

2    and we're going to do the remaining schedules on May 29th.   And

3    we've gotten our 10-K out.   The 10-Q is shortly to follow.   Our

4    first month, the operating report was filed in the last couple

5    weeks, and in the next month the operating report chases the

6    filing of the 10-Q by a schedule that we've already agreed on

7    separately.   So we're disclosing, disclosing, disclosing away,

8    and this is our last little piece of it.

9         And as the revised order indicate, based on

10    discussions we've had with the trustee and our proposals for

11    how we intend to comply, that we're proposing to file for

12    entities where we have greater than fifty percent ownership

13    interest by May 4th.   And then, for the remaining entities,

14    we're proposing that by May 29th we'll either file or we'll

15    file a motion -- we'll file the reports or file a motion

16    seeking further relief either with respect to the need to file

17    at all or the type of reporting that we would be filing to the

18    extent that we dig down further and decide further relief is

19    needed.

20         But for right now, what's before you today is just

21    sort of the reservation of rights on anything later, and then

22    for now, this to set these further dates out than May 4th and

23    the May 29th.   And the rest of the order that we have that was

24    filed last night contains, basically, clarifications for the

25    manner in which we're going to attempt to comply so people have

8

1    an understanding out there.  I think everyone thought that

2    clarity was in the interest of everyone but not necessarily

3    that these are for cause so much as interpreting what it means

4    to comply with the statute.

5              THE COURT:  Yes.

6              MS. SCHWEITZER:  As the agenda letter indicates, we've

7    had many discussions with the United States Trustee, and

8    they've informed us they're aware of the relief we're seeking

9    and they have no objection to the relief we're seeking.  And

10   they understand that there are reservations throughout the

11   order and that we can come back to the Court if there is later

12   issue with the way it was complied with.  And then also, the

13   committee has seen the order and has no objection to the relief

14   that we're seeking.

15             THE COURT:  Okay.

16             MS. SCHWEITZER:  So Mr. Lukenda, managing director

17   from Huron Consulting, who's been helping the debtors with the

18   preparation of their schedules, generally, including this

19   reporting, is in the courtroom today.  So I would introduce you

20   to him.

21             THE COURT:  Good morning and welcome.

22             MR. LUKENDA:  Good morning, Your Honor.  Thank you.

23             MS. SCHWEITZER:  And sitting next to him is Paul Carr

24   who is the controller at the parent level and also is a VP of

25   Finance at the U.S. debtor entities.  So I'll introduce you to

9

1    him.

2            MR. CARR:  Good morning, Your Honor.

3            THE COURT:  Good morning, it's good to see you.

4            MS. SCHWEITZER:  So they're available if you have any

5    questions, but if you don't, we would just ask that you --

6    respectfully request that you would grant the relief in the

7    form that is contained in the revised order.

8            THE COURT:  Let me just make sure no one else --

9    Mr. Tinker, I see you wish to be heard on this.  Good morning.

10           MR. TINKER:  Good morning, Your Honor.  No, I do think

11   the proposed order is limited in a sense, but it also reflects

12   discussions between debtors' counsel and our office which are

13   much more extensive than the order would indicate.  And what

14   we're trying to do is become comfortable, really, with the rule

15   and what it may require.  And so we've had ongoing substantive

16   discussions regarding what the rule may require.

17           THE COURT:  Does your office have any experience with

18   this new rule at this point?

19           MR. TINKER:  Well, we do now.

20           THE COURT:  Yes, yes.  This is the model case, I

21   guess.

22           MR. TINKER:  What we have is -- this case is a little

23   bit interesting or unique because there are a number of

24   subsidiaries that are nondebtors but also foreign entities that

25   don't necessarily comply with GAAP procedures --

10

1          THE COURT:  Right.

2          MR. TINKER:  -- or GAAP requirements.  And at the same

3    time that this case is proceeding, we have a case before Judge

4    Carey, the Spansion case, which is similar in that regard.  It

5    also has foreign subsidiaries that are nondebtors.  And so

6    we've really kind of tied the two discussions together in the

7    sense of fleshing everything out.  So I'm hopeful that the end

8    result will be good and that Your Honor will find it

9    appropriate under the rule.

10          THE COURT:  Excellent.

11          MR. TINKER:  Thank you, sir.

12          THE COURT:  Thank you very much, Mr. Tinker.  Well, I

13   am certainly pleased to grant the motion and enter the order.

14   First of all, I recognize it is a new rule.  Secondly, I know

15   that the debtors and its professionals have -- and their

16   professionals have an awful lot to do, and the filing, for

17   example, I think, of the schedules is certainly very, very

18   significant.  Not that this isn't important, but we have -- you

19   do, to some extent, have to prioritize.  And I'm also pleased

20   that in consultation with the United States Trustees office, we

21   will all, hopefully, understand this process a little bit

22   better, hereafter.

23          MS. SCHWEITZER:  Absolutely.

24          THE COURT:  So I'm very pleased to grant the motion

25   and sign the order.

11

1           MR. ABBOTT:  Your Honor, may I approach?

2           THE COURT:  You may, Mr. Abbott.  Thank you.

3           MR. ABBOTT:  On top is a clean and a blackline against

4    the previous file, Your Honor.

5           THE COURT:  Yes, and I did get that blackline as well,

6    and I was grateful for it.  And things are moving along

7    efficiently in the case so far?

8           MS. SCHWEITZER:  They are moving along efficiently.

9    And we have our 341(a) meeting this afternoon.

10          THE COURT:  Okay.  So that's why all the big shots are

11   here today.

12          MS. SCHWEITZER:  All the big shots are here for a

13   341(a), so --

14          THE COURT:  Yes.

15          MS. SCHWEITZER:  And all of our normal 120 day periods

16   are coming up.  So we'll have our motion practice or whatever

17   we have in the next you'll see soon enough coming along the

18   pike --

19          THE COURT:  Absolutely.

20          MS. SCHWEITZER:  -- as we always do.

21          THE COURT:  All right.

22          MS. SCHWEITZER:  So, okay.

23          THE COURT:  Well, thank you, Ms. Schweitzer, thank you

24   for appearing.  I thank all of you, and if there's nothing

25   further, we'll stand in recess.

12

1          MS. SCHWEITZER:  Great.  Thank you, Your Honor.

2          THE COURT:  Good to see you all, and a good day to

3     everyone.

4          MS. SCHWEITZER:  Absolutely.

5        (Proceedings concluded at 10:10 a.m.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

13

1

2                          I N D E X

3

4                          RULINGS

5                      Page      Line

6    Motion for Relief Granted   10       25

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

14

CERTIFICATION

I, Dena Page, court approved transcriber, certify that the

foregoing is a correct transcript from the official electronic

sound recording of the proceedings in the above-entitled

matter.


_____ April 29, 2009_____

Signature of Transcriber            Date


Dena Page _____

typed or printed name