**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
        Debtors. :
:
:
:
---------------------------------------------------------X

## STIPULATION OF SETTLEMENT OF
## RECLAMATION DEMAND OF ANDREW, LLC

WHEREAS, on January 14, 2009, Nortel Networks Inc. (the "Debtor") and certain of its affiliates (together with the Debtor, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware;

WHEREAS, Andrew, LLC (the "Reclamation Claimant," and together with the Debtor, the "Parties") sent a reclamation demand dated January 29, 2009 to the Debtor asserting a reclamation demand in the amount of $544,669.58 (as such demand may have been supplemented from time to time, the "Reclamation Demand");

WHEREAS, the Debtor has reviewed its books and records in an effort to reconcile the Reclamation Demand;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

WHEREAS, the Debtor is prepared to settle the Reclamation Claimant's Reclamation Demand with respect to the goods identified on the invoices listed on <u>Exhibit 1</u> attached hereto (the "<u>Settlement Goods</u>") in connection with the settlement of any and all claims for reclamation the Reclamation Claimant may have against the Debtors;

WHEREAS, the Debtor and the Reclamation Claimant wish to settle the Reclamation Demand in accordance with the terms set forth in this Stipulation by and through their undersigned counsel;

IT IS HEREBY AGREED AND STIPULATED THAT:

1. Subject to the approval of this settlement through compliance with the notice and objection procedures set forth in the Reclamation Procedures Order, the Debtor agrees that the Reclamation Demand shall be allowed as follows: the Reclamation Claimant shall have an allowed reclamation claim against the Debtor in the amount of $15,412.90 and the Debtor shall pay $15,412.90 to the Reclamation Claimant on or prior to twenty (20) days from the date of the Objection Deadline (as identified in the Notice of Proposed Settlement filed with the Bankruptcy Court), if no objection is filed prior to the Objection Deadline.

2. Subject to receipt by the Reclamation Claimant of the payment as set forth in paragraph 1 above, this settlement fully resolves the Reclamation Claimant's Reclamation Demand and any other claims for reclamation the Reclamation Claimant may have against any of the Debtors. The Parties agree that the remainder of the Reclamation Demand is deemed disallowed under section 546(c) of the Bankruptcy Code and any other law applicable to reclamation.

3. The Reclamation Claimant agrees that it has no further claims against the Debtors with respect to the Settlement Goods, whether under section 503(b)(9) of the Bankruptcy Code or otherwise, and hereby waives any such claims to the extent they may exist.

4. Except as set forth in paragraph 1 above, this stipulation and settlement are without prejudice to other claims that the Reclamation Claimant may have against the Debtor or its affiliates with respect to the goods referenced in the Reclamation Demand and not included in the Settlement Goods (except that no claim for reclamation of such goods shall be allowed under section 546 of the Bankruptcy Code or any other applicable law), including without limitation, a claim for any amount set forth in the Reclamation Demand that does not relate to the Settlement Goods, and any and all such claims are expressly preserved to the extent they may exist, and the Debtor and its affiliates preserve all such rights, defenses and counterclaims they may have.

5. In the event this settlement is not approved pursuant to the Reclamation Procedures Order, the Parties reserve all of their rights and defenses with respect to the Reclamation Demand, and this proposed settlement shall not constitute an admission by the Reclamation Claimant with respect to the validity or extent of the Reclamation Demand or by the Debtors that they have any liability thereunder.

Dated: May 18, 2009

| | |
|---|---|
| **CLEARY GOTTLIEB STEEN & HAMILTON LLP** | **ROBINSON BRADSHAW & HINSON, P.A.** |
| /s/ Lisa M. Schweitzer | /s/ David M. Schilli |
| Lisa M. Schweitzer | David M. Schilli |
| One Liberty Plaza | 101 North Tryon Street, Suite 1900 |
| New York, NY 10006 | Charlotte, NC 28246 |
| Tel: 212-225-2000 | Tel: 704-377-8346 |
| Fax: 212-225-3999 | Fax: 704-373-3946 |
| *Counsel for the Debtors and Debtors in Possession* | *Counsel for Andrew, LLC* |

4

**EXHIBIT 1**

| Date | Invoice | Purchase Order | Invoice Total |
|---|---|---|---|
| 12/3/2008 | 700958755 | DEQ00092 | $ 2,397.32 |
| 12/3/2008 | 700958761 | DEQ00089 | $ 4,791.72 |
| 12/5/2008 | 700960690 | DEQ00090 | $ 4,791.72 |
| 12/10/2008 | 700963483 | DEQ00091 | $ 555.94 |
| 12/29/2008 | 700973871 | DEQ00091 | $ 2,876.20 |
| | | | |
| *Total Amount to Pay:* | | | $ 15,412.90 |