**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------X
                                                   :
                                                   :      Chapter 11
                                                   :
In re                                              :
                                                   :      Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,¹                     :
                                                   :      Jointly Administered
                        Debtors.                   :
                                                   :
                                                   :
                                                   :
                                                   :
-----------------------------------------------------------X
```

## STIPULATION OF SETTLEMENT OF
## RECLAMATION DEMAND OF AIRSPAN NETWORKS, INC.

WHEREAS, on January 14, 2009, Nortel Networks Inc. ("NNI") (the "Debtor") and

certain of its affiliates filed voluntary petitions for relief under chapter 11 of title 11 of the

United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the

District of Delaware;

WHEREAS, Airspan Networks, Inc. (the "Reclamation Claimant," and together with the

Debtor, the "Parties") sent a reclamation demand dated January 19, 2009 to the Debtor asserting

a reclamation demand in the amount of $977,086.81 (as such demand may have been

supplemented from time to time, the "Reclamation Demand");

WHEREAS, the Debtor has reviewed its books and records in an effort to reconcile such

claim;

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

WHEREAS, the Debtor is prepared to settle the Reclamation Claimant's Reclamation Demand with respect to the goods identified on Exhibit 1 attached hereto (the "Settlement Goods") in connection with the settlement of any and all claims for reclamation the Reclamation Claimant may have against the Debtors.

WHEREAS, the Debtor and the Reclamation Claimant wish to settle this Reclamation Demand in accordance with the terms set forth in this Stipulation;

IT IS HEREBY AGREED AND STIPULATED THAT:

1.      Subject to the approval of this settlement through compliance with the notice and objection procedures set forth in the Reclamation Procedures Order, the Debtor agrees that the Reclamation Demand shall be allowed solely for the goods identified on Exhibit 1, which shall be satisfied as follows: at the Debtor's expense, the Debtor shall ship the goods identified on Exhibit 1 (with a total value of $31,844.25) to the Reclamation Claimant at Unitronics Building, Harava St., Airport City 70100, adjacent to Ben-Gurion Airport, Israel, or any other address agreed to by the Parties, on or prior to 10 days following the date of receipt of a Return Material Authorization ("RMA") from the Reclamation Claimant, which RMA may be sent by the Reclamation Claimant to the Debtor at any time after the Objection Deadline (as identified in the Notice of Proposed Settlement filed with the Bankruptcy Court), if no objection is filed prior to the Objection Deadline.

2.      This settlement fully resolves the Reclamation Claimant's Reclamation Demand and any other claims for reclamation the Reclamation Claimant may have against any of the Debtors.  The parties agree that the remainder of the Reclamation Demand is invalid and is deemed disallowed.

3.      The Reclamation Claimant agrees that it has no further claims against the Debtor or its affiliates with respect to the Settlement Goods, whether under section 503(b)(9) of the Bankruptcy Code or otherwise, and hereby waives any such claims to the extent they may exist.

4.      Except as set forth in paragraphs 2 and 3 above, this settlement is without prejudice to any other or further claims (including any claims under section 503(b)(9) of the Bankruptcy Code) that the Reclamation Claimant may have against the Debtor or its affiliates with respect to the goods referenced in the Reclamation Demand and not included in the Settlement Goods (except that no claim for reclamation of such goods shall be allowed under section 546 of the Bankruptcy Code or any other applicable law), and any such claims are expressly preserved as to the extent they may exist, and the Debtor and its affiliates preserve all such rights, defenses and counterclaims they may have.

5.      In the event this settlement is not approved pursuant to the Reclamation Procedures Order, the parties reserve all of their rights and defenses with respect to the Reclamation Demand and this proposed settlement shall not constitute an admission by the Debtor or its affiliates regarding the validity of the Reclamation Demand or that the Debtor or its affiliates have any liability thereunder.

Dated: May 14, 2009

Nortel Networks, Inc.

By: GAURAV SAINI
Title: Leader, Semiconductor
Soutary + Engineer

Airspan Networks, Inc.

By: DAVID GRANT
Title: CFO

3

**EXHIBIT 1**

| Date | Invoice | Purchase Order | Invoice Total | Return to Supplier |
|---|---|---|---|---|
| 12/10/2008 | 27703 | 4503462285 | $ 32,481.12 | $ 26,182.98 |
| 12/12/2008 | 27704 | 4503476867 | $ 5,661.27 | $ 5,661.27 |
|  |  |  |  |  |
| Total Amount to Return: |  | $31,844.25 |  |  |