Court File No.: 09-CL-7950

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**COMMERCIAL LIST**

| | | |
|---|---|---|
| THE HONOURABLE MR. | ) | FRIDAY, THE 15th |
| | ) | |
| JUSTICE MORAWETZ | ) | DAY OF MAY, 2009 |

SUPERIOR COURT OF JUSTICE
COUR SUPÉRIEURE DE JUSTICE
JUSTITIA

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**APPROVAL AND VESTING ORDER**
**(Westwinds)**

THIS MOTION, made by Nortel Networks Corporation, Nortel Networks Limited ("NNL"), Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation (collectively, the "Applicants") for the relief set out in the Applicants' Notice of Motion dated May 15, 2009 including, the approval of a transaction (the "Transaction") pursuant to an agreement of purchase and sale dated as of April 27, 2009 (the "Sale Agreement) between NNL and The City of Calgary (the "Purchaser") was heard this day at 330 University Avenue, Toronto, Ontario.

ON READING the affidavit of Allan Lane sworn May 8, 2009, 2009 and the Ninth report of Ernst & Young Inc. in its capacity as monitor (the "Monitor") dated May 13, 2009 (the "Ninth Report") and on hearing the submissions of counsel for the Applicant, the Monitor and those other parties present, no one appearing for any other person on the service list, although properly served as appears from the affidavit of Katie Legree sworn May 11, 2009 filed:

1. THIS COURT ORDERS that the time for the service of the Notice of Motion, the Ninth Report and the Motion Record is hereby abridged so that this Motion is properly returnable today and hereby dispenses with further service thereof

2. THIS COURT ORDERS AND DECLARES that the Transaction is hereby approved. The execution of the Sale Agreement by NNL is hereby authorized and approved, and NNL is hereby authorized and directed to take such additional steps and execute such additional documents as may be necessary or desirable for the completion of the Transaction and for the conveyance of the Lands (as defined in the Sale Agreement) to the Purchaser.

3. THIS COURT ORDERS AND DECLARES that upon the delivery of a Monitor's certificate to the Purchaser substantially in the form attached as Schedule A hereto (the "Monitor's Certificate"), all of NNL's right, title and interest in and to the Lands (including, without limitation, the real property set out on Schedule B hereto (the "Real Property") shall vest absolutely in the Purchaser, free and clear of and from any and all security interests (whether contractual, statutory, or otherwise), hypothecs, mortgages, trusts or deemed trusts (whether contractual, statutory, or otherwise), liens, executions, levies, charges, or other financial or monetary claims, whether or not they have attached or been perfected, registered or filed and whether secured, unsecured or otherwise (collectively, the "Claims") including, without limiting the generality of the foregoing: (i) any encumbrances or charges created by the Order of the Honourable Justice Morawetz dated January 14, 2009 (as amended and restated); and (ii) all charges, security interests or claims evidenced by registrations pursuant to the *Personal Property Security Act* (Ontario, Alberta or otherwise) or any other personal property registry system including the personal property registry in Alberta (all of which are collectively referred to as the "Encumbrances"), but excluding the permitted encumbrances, easements and restrictive covenants listed on Schedule C hereto (collectively, the "Permitted Encumbrances"). For greater certainty,

this Court orders that all of the Encumbrances affecting or relating to the Lands are hereby expunged and discharged as against the Lands.

4. THIS COURT ORDERS that upon the registration in the Land Registry Office for the Alberta Land Titles Office of this Order and the Monitor's Certificate, the Registrar of the Alberta Land Registration District shall, and is hereby directed to, cancel the existing Certificates of Titles for the Real Property and shall issue new Certificates of Titles for the Real Property to The City of Calgary, P.O. Box 2100 Postal Station "M", Calgary, Alberta, T2P 2M5 free and clear of all Encumbrances except for Permitted Encumbrances, but subject to the reservations and conditions contained in the original grant from the Crown. This Order and the Monitor's Certificate shall be registered in the Alberta Land Titles Office notwithstanding the requirements of section 191(1) of the Land Titles Act, R.S.A. 2000 c.L-4.

5. THIS COURT ORDERS that for the purposes of determining the nature and priority of Claims, the net proceeds from the sale of the Lands shall stand in the place and stead of the Lands, and that from and after the delivery of the Monitor's Certificate all Claims and Encumbrances shall attach to the net proceeds from the sale of the ~~Purchased Assets~~ Lands with the same priority as they had with respect to the Lands immediately prior to the sale, as if the Lands had not been sold and remained in the possession or control of the person having that possession or control immediately prior to the sale.

6. THIS COURT ORDERS AND DIRECTS the Monitor to file with the Court a copy of the Monitor's Certificate, forthwith after delivery thereof.

7. THIS COURT ORDERS that, notwithstanding:

(a) the pendency of these proceedings;

(b) any applications for a bankruptcy order now or hereafter issued pursuant to the *Bankruptcy and Insolvency Act* (Canada) in respect of any of the Applicants and any bankruptcy order issued pursuant to any such applications; and

(c) any assignment in bankruptcy made in respect of any of the Applicants;

~~and~~ the vesting of the Lands in the Purchaser pursuant to this Order shall be binding on any trustee in bankruptcy that may be appointed in respect of the Applicants and shall not be void or voidable by creditors of the Applicants, nor shall it constitute nor be deemed to be a settlement, fraudulent preference, assignment, fraudulent conveyance or other reviewable transaction under the *Bankruptcy and Insolvency Act* (Canada) or any other applicable federal or provincial legislation, nor shall it constitute oppressive or unfairly prejudicial conduct pursuant to any applicable federal or provincial legislation.

8. THIS COURT ORDERS that the Confidential Appendix "A" to the Ninth Report be and is hereby sealed pending ~~the earlier of the closing of the Transaction or~~ further Order of this Court.

9. THIS COURT HEREBY REQUESTS the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada, the United States, the United Kingdom or elsewhere, to give effect to this Order and to assist the Applicants, the Monitor and their respective agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicants and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Monitor in any foreign proceeding, or to assist the Applicants and the Monitor and their respective agents in carrying out the terms of this Order.

10. THIS COURT ORDERS that each of the Applicants and the Monitor be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order.

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

MAY 15 2009

PER / PAR:

**Schedule A – Form of Monitor's Certificate**

Court File No.: 09-CL-7950

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**COMMERCIAL LIST**

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**MONITOR'S CERTIFICATE**

**RECITALS**

A. Pursuant to an Order of the Honourable Justice Morawetz of the Ontario Superior Court of Justice (the "Court") dated January 14, 2009 (as amended and restated), Nortel Networks Corporation, Nortel Networks Limited ("NNL"), Nortel Networks Global Corporation, Nortel Networks International Corporation and Nortel Networks Technology Corporation (collectively, the "Applicants") commenced proceedings pursuant to the *Companies' Creditors Arrangements Act* (Canada) and Ernst & Young Inc. was appointed as monitor (the "Monitor") in these proceedings.

B. Pursuant to an Order of the Court dated ●, 2009, the Court approved a transaction (the "Transaction") pursuant to an agreement of purchase and sale dated as of April 27, 2009 (the "Sale Agreement") between NNL and The City of Calgary (the "Purchaser") and provided for the vesting in the Purchaser of NNL's right, title and interest in and to the Lands, which vesting is to be effective with respect to the Lands upon the delivery by the Monitor to the Purchaser of a certificate confirming (i)

the payment by the Purchaser of the Purchase Price for the Lands; (ii) that the conditions to Closing as set out in section ● of the Sale Agreement have been satisfied or waived by NNL or the Purchaser, as applicable; and (iii) NNL has advised the Monitor that the Transaction has been completed to the satisfaction of NNL.

C. Unless otherwise indicated herein, terms with initial capitals have the meanings set out in the Sale Agreement.

THE MONITOR CERTIFIES the following:

1. NNL has advised the Monitor that the Purchaser has paid and NNL has received the Purchase Price for the Lands payable on the Closing Date pursuant to the Sale Agreement;

2. NNL has advised the Monitor that the conditions to Closing as set out in section ● of the Sale Agreement have been satisfied or waived by NNL or the Purchaser, as applicable; and

3. NNL has advised the Monitor that the Transaction has been completed to the satisfaction of NNL.

4. This Certificate was delivered by the Monitor at ________ [TIME] on _______ 2009.

**ERNST & Young Inc. in its capacity as monitor in the CCAA proceedings of Nortel Networks Corporation, et. al. and not in its personal capacity**

Per: ________________________________

Name:

Title:

## Schedule B – Real Property

1. Legal Descriptions

(a) Firstly:

PLAN 0212192
BLOCK 5
LOT 3
EXCEPTING THEREOUT ALL MINES AND MINERALS

("Part 1")

(b) Secondly:

PLAN 0212192
BLOCK 5
LOT 4
EXCEPTING THEREOUT ALL MINES AND MINERALS

("Part 2")

(c) Thirdly:

PLAN 0212192
BLOCK 5
LOT 5
EXCEPTING THEREOUT ALL MINES AND MINERALS

("Part 3")

## Schedule C – Permitted Encumbrances, Easements and Restrictive Covenants related to the Lands

## (unaffected by the Vesting Order)

1. With respect to Part 1 (as defined on Schedule B hereto):

Permitted Encumbrances:

| | |
|---|---|
| 771 147 064 | Zoning Regulations |
| 951 290 491 | Utility Right of Way |
| 951 290 492 | Caveat Re: Restrictive Covenant |
| 951 290 500 | Caveat Re: Restrictive Covenant |
| 951 290 504 | Caveat: Easement |
| 951 290 505 | Caveat: Easement |
| 951 290 507 | Restrictive Covenant |
| 021 222 484 | Easement |
| 021 222 485 | Easement |
| 061 005 746 | Restrictive Covenant |

2. With respect to Part 2 (as defined on Schedule B hereto)

Permitted Encumbrances:

| | |
|---|---|
| 771 147 064 | Zoning Regulations |
| 951 290 500 | Caveat Re: Restrictive Covenant |
| 951 290 501 | Caveat Re: Restrictive Covenant |
| 951 290 507 | Restrictive Covenant |

3. With respect to Part 3 (as defined on Schedule B hereto):

Permitted Encumbrances:

| | |
|---|---|
| 771 147 064 | Zoning Regulations |
| 951 290 491 | Utility Right of Way |

| | |
|---|---|
| 951 290 492 | Caveat Re: Restrictive Covenant |
| 951 290 507 | Restrictive Covenant |
| 961 262 662 | Utility Right of Way |
| 961 262 663 | Utility Right of Way |
| 971 039 974 | Easement |
| 021 222 484 | Easement |

**IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION**

Court File No: 09-CL-7950

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**COMMERCIAL LIST**

Proceeding commenced at Toronto

**APPROVAL AND VESTING ORDER**
**(Westwinds)**

**OGILVY RENAULT LLP**
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street
Toronto, Ontario M5J 2Z4
CANADA

**Derrick Tay LSUC#: 21152A**
Tel: (416) 216-4832
Email: dtay@ogilvyrenault.com

**Mario Forte LSUC#: 27293F**
Tel: (416) 216-4870
Email: mforte@ogilvyrenault.com

**Jennifer Stam LSUC #46735J**
Tel: (416) 216-2327
Email: jstam@ogilvyrenault.com
Fax: (416) 216-3930

Lawyers for the Applicants