Court File No: 09-CL-7950

IN THE MATTER OF THE COMPANIES' CREDITORS ARRANGEMENT ACT, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION et al.

ONTARIO
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

Proceeding commenced at Toronto

NINTH REPORT OF THE MONITOR
DATED MAY 13, 2009

GOODMANS LLP
Barristers & Solicitors
250 Yonge Street, Suite 2400
Toronto, Canada M5B 2M6

Jay A. Carfagnini (LSUC# 222936)
Joseph Pasquariello (LSUC# 37389C)
Christopher G. Armstrong (LSUC# 55148B)

Tel: 416.979.2211
Fax: 416.979.1234

Lawyers for the Monitor, Ernst & Young Inc.

---

Counsel — Lee Rothschild Next.   May 15/09.

The mark was not opposed.

The sale process is approved.

The next is to be using for a 
prospect. The need stated
made of inquiry. The need stated
self review the efforts undertaken
to notice the rights involved

I myng. The parties ask the 
parti ne intended that the

[handwritten marginalia: May 13, 2009]

[Filed stamp: MAY 13 2009, SUPERIOR COURT OF JUSTICE, REGISTRAR, TORONTO]

proposed transaction represents the highest and best offer for the property and that the proposed purchase price is in line with the appraisals that were obtained.

I accept these submissions and I am satisfied that the Transaction should be approved.

The Monitor's 9th Report contains Appendix A which details offers received as well as the appraisals of the property. In view of the sensitive commercial information contained in Appendix A, it is, in my view, appropriate to seal the version of the 9th Report which contains Appendix A, and I so further order. An redacted version of the 9th Report is in the Record.

Mr. Kauffman, on behalf of EDC, raised an issue relating to the proceeds that, pending closing of the Transaction will amount to approximately $895 million

E.D.C. has a charge on the assets of Nortel to the extent of $30 million.

Mr. Kauffman made reference to paragraph 3) of the 9th Report which indicates that the proceeds of sale will be available to NNC and that the anticipated use of the proceeds have been incorporated into the cashflow forecast attached to the 8th Report. Mr. Kauffman also made reference to paragraph 5 of the draft order which ~~however~~ provides that the all Claims and Encumbrances shall attach to the net proceeds from the sale of the Ass'd. While EDC and the Applicants are engaged in discussions as to the position of E.D.C. in respect of the proceeds, it is uncertain as to whether any agreement will be reached by the scheduled closing date

CONFIDENTIAL EXHIBIT "A" TO THE NINTH REPORT OF THE MONITOR

[REDACTED]

o] June 15/09. I accept Mr Kauffman's suggestion that the order should issue in the form presented on the basis that, if there is no agreement as between EDC and the Monitors with respect to the use of proceeds, Nortel should move for specific directions as to the use of the proceeds, if not just in excess of the amount required to protect the position of E.D.C.

An order shall issue in the form presented, as amended.

[signature]