**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re:<br><br>CROSSROADS WIRELESS, INC., A Delaware Corporation, and<br>CROSSROADS WIRELESS HOLDING, L.L.C., A Delaware Limited Liability Company<br><br>Debtors. | Bankr. Case No. 09-10596-WV<br>(Chapter 11 – Jointly Administered) |

## STIPULATION OF
## COMPROMISE OF CONTROVERSY

It is hereby stipulated and agreed, by and among Debtors and Debtors-In-Possession, Crossroads Wireless, Inc. ("Crossroads Inc."), and Crossroads Holding, L.L.C. ("Crossroads LLC"; together with Crossroads Inc., "Crossroads" or Debtors"), and Nortel Networks Inc., a debtor and debtor-in-possession ("Nortel"; together with the Debtors, the "Parties"), through their respective counsel, and subject to the approval of this Stipulation of a Compromise of Controversy (the "Stipulation") by both the United States Bankruptcy Court for the Western District of Oklahoma in Bankr. Case No. 09-10596-WV (Chapter 11 - Jointly Administered) and the United States Bankruptcy Court for the District of Delaware in Chapter 11 Case No. 09-10138 (KG) Jointly Administered (the "Nortel Ch. 11 Case") as follows:

1. The facts as set forth in paragraphs 1 through 18, inclusive, of the Joint Motion for Approval of Compromise of Controversy (the "Joint Motion") filed herewith, and set forth in Nortel's Motion for an Order Approving a Compromise of Controversy (the "Nortel Motion") filed in the Nortel Ch. 11 Case are accurate to the best of the Parties' current knowledge, information and belief;

2. In full satisfaction of all of Nortel's claims against the Debtors/their estates: (i) Crossroads LLC and Crossroads Inc. shall transfer to Nortel, all right, title and interest of the Debtors/their estates in the Equipment (as this term is defined in the Motion); (ii) the Equipment shall be transferred to Nortel free and clear of any interest of any entity other than Nortel; (iii) any entity which has possession or custody of Equipment shall immediately deliver it to Nortel; and (iv) the Debtors/their estates shall release any and all claims they have, or may have, against Nortel and its estates or any of Nortel's affiliates, including without limitation any claims or avoidance actions arising under Chapter 5 of Title 11 of the United States Code;

3. In exchange for the relief provided for in paragraph 2, above: (i) Nortel shall release any and all claims it has, or may have, against the Debtors/their estates, including any claim to a security interest in any spectrum licenses; (ii) any such security interest shall be deemed to be avoided and preserved for the benefit of the Debtors/their estates pursuant to Chapter 5, Subchapter III of Title 11 of the United States Code, 11 U.S.C. §§ 541 - 562; and (iii) Nortel shall accept and acknowledge the transfer described in paragraph 2, above, as full satisfaction of its claims against the Debtors/their estates;

4. Nothing herein is intended to require the Debtors/their estates to initiate litigation to effect delivery of the Equipment to Nortel, but Nortel may, at its expense, pursue such litigation as, and in whatever forum as, it may consider appropriate;

5. Nortel will file a Motion, in a form and substance reasonably acceptable to the Parties, in the Nortel Ch. 11 Case for the entry of an Order approving this Stipulation.