EXHIBIT "A"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------X
: Chapter 11
:
*In re* : Case No. 09-10138 (KG)
:
Nortel Networks Inc., *et al.*,[1] : Jointly Administered
:
Debtors. : **RE: D.I. 137, 192, 224**
:
:
----------------------------------X

**ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY
PROFESSIONALS USED IN THE ORDINARY COURSE OF
BUSINESS *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the motion dated January 23, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for the entry of an order (the "Order"), pursuant to sections 105(a) and 327 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing the Debtors' retention, payment of compensation and reimbursement and payment of expenses for certain professionals used in the ordinary course of the Debtors' businesses *nunc pro tunc* to the Petition Date and (ii) granting them such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as

---

[1] The Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

1

[New York #2008478 v1]

set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion and the Declaration establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized and empowered to retain, pursuant to sections 105 and 327 of the Bankruptcy Code, the OCPs listed on <u>Exhibit 1</u> attached hereto, *nunc pro tunc* to the Petition Date, which list may be supplemented as set forth herein without the need for any further hearing, and without the need to file an individual retention application for each such OCP.

3. The Debtors are authorized and empowered to make payments up to $50,000 per month per OCP (the "<u>Monthly Cap</u>"), $50,000 per project per OCP (the "<u>Project Cap</u>"), in the case of OCPs who customarily bill by project, and payments of $500,000 per calendar year per Tier One OCP, as that term is defined in Exhibit 1, and $350,000 per calendar year per Tier Two OCP, as that term is defined in Exhibit 1, (collectively, the "<u>Annual Cap</u>") during the course of these chapter 11 proceedings for postpetition compensation of postpetition fees, plus payment of costs and disbursements, in the manner customarily made by the Debtors in the full amount billed by any such

2

[New York #2005478 v1]

OCP, upon receipt therefrom of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with such OCP's standard billing practices, including project billing, (without predjudice to the Debtors' normal right to dispute any such invoices), provided, however, that compensation paid to an OCP is authorized as a final matter pursuant to the provisions set forth below.

4. In the event an OCP seeks more than the Monthly Cap in a single month, more than the Project Cap for a single project or more than the Annual Cap in any calendar year during the pendency of these chapter 11 cases, then such OCP shall file a fee application in accordance with the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the Fee Guidelines Promulgated by the Executive Office of the United Trustee and any order entered by the Court governing the payment of compensation and reimbursement of expenses in these chapter 11 cases.

5. In the event an OCP is required to file a fee application by virtue of such OCP's fees exceeding the Monthly Cap, such OCP is required to submit a fee application for the applicable month for which its fees exceeded the Monthly Cap. In the event an OCP is required to file a fee application by virtue of such OCP's fees exceeding the Project Cap, such OCP is required to submit a fee application for the applicable project for which its fees exceeded the Project Cap. In the event an OCP is required to file a fee application by virtue of such OCP's fees exceeding the Annual Cap, such OCP is required to submit a fee application for the applicable year calendar year that they are employed by the Debtors, provided that the Debtors are authorized to pay the OCP its fees and expenses below such Annual Cap in the ordinary course pursuant to this Order.

3

[New York #2008478 v1]

Notwithstanding the requirement in this Order that OCPs may be required to file fee applications, no OCP shall be required to file a retention application.

6. Each OCP shall file a statement pursuant to Bankruptcy Rule 2014 (the "Rule 2014 Statement") in substantially the same form as the sample attached hereto as Exhibit 2. The Rule 2014 Statement shall be filed as promptly as reasonably practicable or necessary after the entry of this Order or the filing of a Supplement (hereinafter defined). Notwithstanding anything to the contrary herein, the Debtors shall not make any payments to an OCP until such OCP has filed a Rule 2014 Statement and, as to any Additional OCP (hereinafter defined), the Objection Deadline (hereinafter defined) has expired and no objections have been filed or the Court enters an order authorizing the Debtors to retain a party as an Additional OCP.

7. The Debtors may seek to retain an OCP not presently listed in Exhibit A (an "Additional Ordinary Course Professional" or an "Additional OCP" and, collectively, the "Additional OCPs") by filing with the Court a supplement to Exhibit 1 (the "Supplement"), listing the name and address of the Additional OCP, along with a brief description of the services to be rendered. Each Notice Party shall have ten (10) days after the filing by an Additional OCP of a Rule 2014 Statement (the "Objection Deadline") to object to the retention of such Additional OCP. Any Notice Party objecting the Debtors' proposed employment and retention of any Additional OCP shall file with the Court and serve any such objection upon the Debtors, the Additional OCP, and the other Notice Parties on or before the Objection Deadline. If no such objection is filed by the Objection Deadline, then the Debtors are authorized, without the need for further Order or hearing, to employ and retain such Additional OCP and the terms of this

4

Order shall otherwise govern the retention and payment of the applicable Additional OCP. If any such objection cannot be resolved within ten (10) days after the objection is filed, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date or other date otherwise agreeable to the OCP, the Debtors and the Notice Party filing the objection. If the Court overrules or otherwise denies such objection then the terms of this Order shall govern the retention and payment of the applicable Additional OCP.

8.    Approximately every 90 days, the Debtors shall file with the Court and serve on the Notice Parties a report detailing the fees and expenses paid to date to OCPs which report shall include: the name of each OCP and the monthly or project and annual amount paid as compensation for services rendered, and as reimbursement or payment of expenses, costs and disbursements, incurred by each OCP during the 90 day period ending on the last day of the prior calendar month (the "Quarterly Statement"). The first Quarterly Statement shall be filed on or about April 30, 2009, and shall cover the period from the Petition Date to March 31, 2009. Each Quarterly Statement shall be served by first-class mail on the Notice Parties.

9.    Nothing in the Motion or this Order, nor the Debtors' payment of OCP fees pursuant to this Order, shall be deemed or construed as: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute an OCP fee; or (v) a request to assume any executory contract or unexpired lease, pursuant to section 365 of the Bankruptcy Code.

5

10. The entry of this Order is necessary to avoid immediate and irreparable harm and to the extent the relief granted herein implicates an application under Bankruptcy Rule 2014, the requirements under Bankruptcy Rule 6003(a) have been satisfied.

11. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) pursuant to Bankruptcy Rule 6004(h) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

12. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: February 2009
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

6

[New York #2008478 v1]

## EXHIBIT 1: OCP LIST[1]

**Tier One:** The Debtors propose to pay each OCP falling under Tier One (each a "Tier One OCP"), without formal application to the Court by an OCP individually, 100% of fees for services rendered to the Debtors on or after the Petition Date, and associated costs and disbursements, provided that each Tier One OCP's fees, excluding costs and disbursements, do not exceed $50,000 per month (the "Monthly Cap"), $50,000 per project (the "Project Cap"), in the case of OCPs who customarily bill by project, or $500,000 per calendar year (the "Annual Cap") while these chapter 11 cases are pending. The Tier One OCPs are:

| Name | Address | Service |
|---|---|---|
| Mercer | 10 South Wacker Drive, Chicago, Illinois, United States, 60606-7500 | Mercer provides the Debtors advice regarding compensation and benefit plan design, governance and implementation based on the Debtors' business strategy, financial requirements, compensation philosophy, market trends and best practices; advice with regard to retirement plan design and pension governance; and monthly updates on pension funded status. The Debtors are not seeking to retain Mercer to provide professional services under section 327(a) of the Bankruptcy Code by this Motion. The Debtors estimate that in 2009, Mercer will generate approximately $420,000 - $560,000 in fees relating to ordinary course consulting services provided to the Debtors. Should Mercer's fees exceed the Annual Cap, payment of such fees would become subject to approval upon application to the Court. |

---

[1] Various professionals have provided services to Nortel entities in the ordinary course, and in some cases a single firm may provide services to multiple Nortel affiliates. Out of an abundance of caution, the Debtors have prepared a comprehensive list of OCPs. As a result, certain of the OCPs included on this list may have rendered services to the Canadian Debtors in addition to the Debtors in these chapter 11 cases. However, the OCPs listed herein provide professional services to the Debtors and the Debtors will pay such OCPs only for services rendered to the Debtors.

1

[New York #2802592 v1]

| Name | Address | Service |
|---|---|---|
| Ogletree Deakins | 600 Peachtree St NW, Atlanta, GA 30308 | Ogletree Deakins secures work papers and travel documents for those of the Debtors' employees working abroad. |

2

[New York #2002592-v1]

## Tier Two:

The Debtors propose to pay each OCP falling under Tier Two (each a "Tier Two OCP"), without formal application to the Court by an OCP individually, 100% of fees for services rendered to the Debtors on or after the Petition Date, and associated costs and disbursements, provided that each Tier One OCP's fees, excluding costs and disbursements, do not exceed $50,000 per month (the "Monthly Cap"), $50,000 per project (the "Project Cap"), in the case of OCPs who customarily bill by project, or $350,000 per calendar year (the "Annual Cap") while these chapter 11 cases are pending. The Tier Two OCPs are:

| Name | Address | Service |
|---|---|---|
| McKinsey & Company | PO Box 7247 7255, Philadelphia, Pennsylvania, United States, 19170-7255 | Various consulting projects for senior executives |
| Impact Group | 415 N. Beverly Drive, Ste 206, Beverly Hills, CA 90210 | HR consulting (IT Group) |
| KPMG LLP | 700 Louisiana Street, Houston, Texas, United States, 77002 | 401k, VEBA and Retirement Income Plan |
| Intax | 501 Darby Creek Road Unit 19, Lexington, Kentucky, United States, 40509 | Property Tax Services |
| Grant Thornton | 1660 Lincoln Street Suite 2600, Denver, Colorado, United States, 80264 | Sales Tax Services |
| Paradigm Tax Group | 3030 North Central Avenue, Phoenix, Arizona, United States, 85012-2716 | Property Tax Disputes |
| The Marshall Firm | 302 N. Market Suite 510, Dallas, Texas, United States, 75202 | Property Tax Disputes |

3

[New York #2002592 v1]

| Name | Address | Service |
| --- | --- | --- |
| Arnold & Porter | 555 Twelfth St NW, Washington, District of Columbia, United States, 20004-1206 | Litigation: SEC |
| Baker Donelson | 6060 Poplar Ave, Memphis, Tennessee, United States, 38119 | Labor and Employment Matters |
| Call, Jensen & Ferrell | 610 Newport Center Dr, Newport Beach, California, United States, 92660 | Litigation (customer related) |
| Compass Lexecon | 332 South Michigan Ave, Chicago, Illinois, United States, 60604-4397 | Litigation: SEC |
| Davis & Gilbert | 1740 Broadway, New York, New York, United States, 10019-4315 | Contract |
| DLA Piper | PO Box 75190, Baltimore, Maryland, United States, 21275 | Bankruptcy, Litigation |
| Faegre & Benson | 2200 Wells Fargo Center, Minneapolis, Minnesota, United States, 55402-3901 | Litigation |
| Finnegan Henderson Farabow Garrett & Dunner | Dept 6059, Washington, District of Columbia, United States, 20042-6059 | Litigation |
| Ford & Harrison | Post Office Box 101423, Atlanta, Georgia, United States, 30392-1423 | Employment, Benefits & Labor |
| Gibson, Dunn & Crutcher | Dept 0723, Los Angeles, California, United States, 90084-0723 | Employment, Benefits & Labor |
| Hartman, Simons, Spielman & Wood | 6400 Powers Ferry Rd NW, Atlanta, Georgia, United States, 30339 | Bankruptcy |

4

[New York #2002592 v1]

| Name | Address | Service |
| --- | --- | --- |
| Haynes & Boone | PO Box 841399, Dallas, Texas, United States, 75284-1399 | Litigation |
| Heenan Blaikie | 200 Bay St South Tower, Toronto, Ontario, Canada, M5J 2J4 | Litigation |
| Helein & Marashlian | 1483 Chain Bridge Rd, McLean, Virginia, United States, 22101-5703 | Telecommunications Regulatory Advisors |
| Hiscock & Barclay | 1100 M&T Center, Buffalo, New York, United States, 14203-1414 | Litigation |
| Huddleston Bolen | PO Box 2185, Huntington, West Virginia, United States, 25722-2185 | Litigation |
| Huron Consulting Group | 4795 Paysphere Circle, Chicago, Illinois, United States, 60674 | Litigation, Securities |
| Kroll Ontrack | 9023 Columbine Rd, Eden Prairie, Minnesota, United States, 55347-4182 | Litigation |
| Latham & Watkins | PO Box 7247-8202, Philadelphia, Pennsylvania, United States, 19170 | Litigation |
| Lovells | 590 Madison Ave, New York, New York, United States, 10022 | Bankruptcy |
| Luthi & Co. | America House, 35 Shaul Hamelech Blvd, P.O. Box 33113, Tel Aviv 64927, Israel | Litigation |
| McDermott Will & Emery | 600 13th Street NW, Washington DC 20005-3096 | Litigation |
| McKenna Long & Aldridge | PO Box 116573, Atlanta, Georgia, United States, 30368-6573 | Bankruptcy |

5

[New York #2002592 v1]

| Name | Address | Service |
|---|---|---|
| Meadows Collier Reed Cousins & Blau | 901 Main Street, Dallas, Texas, United States, 75202-3742 | Litigation |
| Mintz Levin Cohn Ferris Glovsky and Popeo | One Financial Center, Boston, Massachusetts, United States, 02212-4539 | Litigation, IP |
| Native Discovery Solutions | 15700 Mohawk Circle, Overland Park, Kansas, United States, 66224-3881 | Litigation |
| Neal & Harwell | 150 Fourth Ave North, Nashville, Tennessee, United States, 37219-2498 | Litigation |
| O'Bryon & Schnabel | 1515 Poydras St, New Orleans, Louisiana, United States, 70112-4541 | Litigation |
| Patricia C. Yu | 3373 Mallard Court, Hayward, California, United States, 94542 | Litigation |
| Paul Hastings | Paul, Hastings, Janofsky & Walker LLP, 515 South Flower Street, Twenty-fifth Floor, Los Angeles, CA, 90071 | Litigation |
| Perkins Coie LLP | Diane Gorczyca, Esq., Four Embarcadero Center, Suite 2400, San Francisco, California, United States, 94111 | Litigation |
| Poliner & Luks | 1300 19th Street NW, Washington, District of Columbia, United States, 20036-1629 | Litigation |
| Polsinelli Shalton Flanigan Suelthaus | 700 West 47th Street, Kansas City, Missouri, United States, 64112-1802 | Litigation |

| Name | Address | Service |
|---|---|---|
| Reed Smith LLP | 435 Sixth Avenue, Pittsburgh, Pennsylvania, United States, 15219 | Collections |
| Riker, Danzig, Scherer, Hyland & Perretti | Headquarters Plaza, One Speedwell Avenue, Morristown, NJ 07962-1981 | Litigation |
| Stearns Weaver Miller Weissler Alhadeff & Sitterson | 2200 Museum Tower, Miami, Florida, United States, 33130 | Litigation |
| Strasburger & Price | PO Box 849037, Dallas, Texas, United States, 75284-9037 | Litigation |
| Tom Gigliotti | 2520 Pennyshire Lane, Raleigh, North Carolina, United States, 27606 | Litigation |
| Waller Lansden Dortch & Davis | Nashville City Ctr 511 Union, Nashville, Tennessee, United States, 37219-8966 | Employment, Benefits & Labor |
| Welch Consulting | 12100 Wilshire Boulevard, Los Angeles, California, United States, 90025 | Consulting firm - employment analyses and audits |
| Wilmer, Cutler, Pickering, Hale and Dorr | 1875 Pennsylvania, Washington DC, District of Columbia, United States, 20006-3642 | Litigation, Securities |
| Winston & Strawn | 36235 Treasury Center, Chicago, Illinois, United States, 60694-6200 | Litigation |
| Anderson Gorecki & Manaras LLP | 33 Nagog Park, Acton, Massachusetts, United States, 01720-3451 | Intellectual Property Services |
| Barnes & Thornburg | Suite 4400, Chicago, Illinois, United States, 60606-2809 | Intellectual Property Services |
| Bird & Goën | Klein Dalenstraat 42A, Winksele, Belgium, 3020 | Intellectual Property Services |

7

[New York #2002592 v1]

| Name | Address | Service |
| --- | --- | --- |
| Blake Cassels & Graydon LLP | 199 Bay Street, Suite 2800, Commerce Court West, Toronto, Ontario, Canada, M5L 1A9 | Intellectual Property Services |
| Blakely Sokoloff Taylor & Zafman | 12400 Wilshire Blvd, Los Angeles, California, United States, 90025-1040 | Intellectual Property Services |
| Borden Ladner Gervais | World Exchange Plaza Ste 1100, Ottawa, Ontario, Canada, K1P 1J9 | Intellectual Property Services |
| Bredema | 38 avenue de l'Opera, Paris, France, 75002 | Intellectual Property Services |
| Carr Law Firm | 670 Founders Square, Dallas, Texas, United States, 75202 | Intellectual Property Services |
| Christopher & Weisburg PA | 200 East Las Olas Blvd, Ft Lauderdale, Florida, United States, 33301 | Intellectual Property Services |
| Conley Rose | 600 Travis, Houston, Texas, United States, 77002 | Intellectual Property Services |
| David A. Dagg | 44 Chapin Rd, Newton Centre, Massachusetts, United States, 02459 | Intellectual Property Services |
| EIP | FAIRFAX HOUSE, LONDON, United Kingdom, WC1V 6HU | Intellectual Property Services |
| Garlick Harrison & Markison, LLP | PO Box 160727, Austin, Texas, United States 78716-0727 | Intellectual Property Services |
| Gowling Lafleur Henderson LLP | Box 466, Ottawa, Ontario, Canada, K1P 1C3 | Intellectual Property Services |
| Guerin & Rodriguez LLP | 233 West Main St, Westborough, Massachusetts, United States, 01581 | Intellectual Property Services |
| Haynes & Boone | PO Box 841399, Dallas, Texas, United States, 75284-1399 | Intellectual Property Services |

8

[New York #2002592 v1]

| Name | Address | Service |
|---|---|---|
| Hemingway & Hansen LLP | Preston Commons West, Dallas, Texas, United States, 75225 | Intellectual Property Services |
| Hunton & Williams | 1900 K Street Nw, Washington, District of Columbia, United States, 20006-1109 | Intellectual Property Services, Labor & Employment Matters |
| Ipulse | 9-10 Savile Row, London, United Kingdom, W1S 3PF | Intellectual Property Services |
| John C. Gorecki | 180 Hemlock Hill Road, Carlisle, Massachusetts, United States, 01741 | Intellectual Property Services |
| Munck Butrus | 900 Three Galleria Tower, Dallas, Texas, United States, 75240 | Intellectual Property Services |
| Munck Carter | 600 Banner Place, Dallas, Texas, United States, 75251 | Intellectual Property Services |
| Patton Boggs, LLP | 2001 Ross Avenue, Suite 3000, Dallas, TX 75201 | Intellectual Property Services |
| Plasseraud | 65/67 rue de la Victoire, Paris, France, 75440 | Intellectual Property Services |
| Ridout & Maybee LLP | One Queen Street East, Toronto, Ontario, Canada, M5C 3B1 | Intellectual Property Services |
| Schwegman Lundberg Woessner | 1600 TCF Tower, Minneapolis, Minnesota, United States, 55402 | Intellectual Property Services |
| Scott & York | 45 Grosvenor Rd, St Albans, Hertfordshire, United Kingdom, AL1 3AW | Intellectual Property Services |
| Smart & Biggar | 1000 de La Gauchetiere St W, Montreal, Quebec, Canada, H3B 4W5 | Intellectual Property Services |
| Ter Meer Steinmeister & Partner | Artur Ladebeck Str 51, D-33617 Bielefeld, Germany | Intellectual Property Services |

9

[New York #2002592 v1]

| Name | Address | Service |
|---|---|---|
| Trop Pruner & Hu P.C. | 1616 South Voss Rd, Houston, Texas, United 77057-2631 | Intellectual Property Services |
| Wallach Koch Haibach | PO Box 121120, Munchen 12, Germany 80339 | Intellectual Property Services |
| Withrow & Terranova PLLC | 100 Regency Forest Dr, Cary, North Carolina, United States, 27518 | Intellectual Property Services |
| Yee & Associates P.C. | PO Box 802333, Dallas, Texas, United States, 75380 | Intellectual Property Services |
| Scott, Douglas and Mcconnico | 600 Congress Avenue, Austin, Texas 78701-3234 | Tax Consulting Services |
| Sutherland Asbill & Brennan LLP | 1275 Pennsylvania Avenue NW, Washington, District of Columbia, United States, 20004-2415 | Tax Consulting Services |
| Watson Wyatt Investment Consulting | 1079 Solutions Center, Chicago, Illinois, United States, 60677-1000 | Watson Wyatt provides advice to the Debtors regarding the mix of assets in the Debtors' defined benefit plans, as well as general consulting on investment management. |
| Greenberg Turner | Suite 300, 401 Bay Street, Toronto, Ontario M5H 2Y4 | Canadian Immigration Services |

10

[New York #2002592 v1]