IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
: Chapter 11
In re :
: Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1] :
: Jointly Administered
Debtors. :
:
: RE: D.I. 692
:
------------------------------------------------------------X

## ORDER AUTHORIZING CERTAIN DEBTORS TO FILE UNDER SEAL CERTAIN PORTIONS OF THEIR SCHEDULES AND RELATED CERTIFICATES OF SERVICE

Upon the motion dated, May 4, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, authorizing NNI, Nortel Networks Capital Corporation, Alteon WebSystems, Inc. (n/k/a Nortel Altsystems Inc.) and Nortel Networks International Inc. (the "Active Debtors") to file certain portions of their schedules and any related certificates of service under seal; and granting them such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized to redact Customer Information in the Active Debtors' Schedules of Assets and Liabilities and file such redacted schedules and any related certificates of service with the Court (the "Redacted Schedules").

3. The Debtors shall provide the unredacted Schedules of Assets and Liabilities (the "Unredacted Schedules") and the Customer Certificates of Service to the Clerk's Office of the United States Bankruptcy Court for the District of Delaware in a prominently marked envelope with a cover sheet attached containing (i) the caption, (ii) the docket number of the Motion, (iii) the docket number of this Order, (iv) the title of the Unredacted Schedules and/or the Customer Certificates of Service and (v) the legend "DOCUMENTS TO BE KEPT UNDER SEAL" in bold print.

4. The Debtors shall also provide a copy of the Unredacted Schedules and the Customer Certificates of Service to the Committee and the U.S. Trustee.

5. The Unredacted Schedules and the Customer Certificates of Service shall remain under seal and confidential and shall not be made available to anyone, other than the Committee and the U.S. Trustee, without the Debtors' express prior consent following execution of a confidentiality agreement satisfactory to the Debtors.

6.  Notwithstanding paragraph 5 above, upon the request of a customer, the Debtors shall provide the customer a copy of the portion of the Unredacted Schedules listing the information filed under seal concerning the requesting customer, including without limitation, that customer's scheduled claims and executory contracts, if any.

7.  Notwithstanding any provision to the contrary in this Order, the U.S. Trustee shall have twenty (20) days from the date of receipt of the Unredacted Schedules and the Customer Certificates of Service pursuant to paragraph 4 above to review the unredacted information. In the event the U.S. Trustee takes the position that some or all of the unredacted information should not be sealed pursuant to the terms of this Order, the U.S. Trustee will provide written notice to counsel for the Debtors prior to the expiration of the twenty (20) day period of the scope of information it seeks to unseal and the basis for its position. The Debtors and the U.S. Trustee shall confer on the U.S. Trustee's position and, in the event they cannot reach agreement, the Debtors shall file a notice of hearing for the Court to determine whether the information subject to dispute shall continue to be sealed. At that hearing, the Debtors shall bear the burden of demonstrating cause under section 107 of the Bankruptcy Code for the continued sealing of the information subject to dispute as if this Order had not been entered.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: May 20, 2009
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE