## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-10138 (KG) |
| Nortel Networks Inc., et al.,[1] | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | **Objection Deadline:** June 11, 2009 4:00 pm |
| | ) | **Hearing Date:** |
| | ) | |

**MONTHLY APPLICATION OF ASHURST LLP, EUROPEAN COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM APRIL 01, 2009 THROUGH APRIL 30, 2009**

This is a(n):_____ monthly __X__ interim _____ final application.

Name of Applicant:     Ashurst LLP _____

Authorized to Provide
Professional Services to:     The Official Committee of Unsecured Creditors _____

Date of Retention:     March 5, 2009 (nunc pro tunc to January 30, 2009) _____

Period for which Compensation
and Reimbursement is sought:     April 01, 2009 through April 30, 2009 _____

Amount of Compensation sought as
actual, reasonable and necessary     £77,055.75 _____

Amount of Expense Reimbursement sought
as actual, reasonable, and necessary: £132.18 _____

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems, Inc. (9769); Nortel Altsystems International, Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); and Nortel Networks Cable Solutions Inc. (0567).

12904558.01

## SUMMARY OF ATTORNEYS AND LEGAL ASSISTANTS
## RENDERING SERVICES DURING THE PERIOD
## APRIL 01, 2009 THROUGH APRIL 30, 2009

| Name of Professional Person | Position of the Applicant, Number of Years in that Position at Current or Prior Firms, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation Requested (£) |
|---|---|---|---|---|
| Giles Boothman | Partner for 8 years; Admitted in 1993; Restructuring and Special Situations Group | £610 | 38.48 | 23,472.80 |
| Steven Hull | Partner for 12 years; Admitted in 1989; Employment, Incentives and Pensions Group | £610 | 5.40 | 3,294.00 |
| Euan Burrows | Partner for 1 year; Admitted to the bar in 1996; Competition and EU law Group | £580 | 3.33 | 1,931.40 |
| Alexander Cox | Partner for 2 years; Admitted in 1999; Tax department | £625 | 2.20 | 1,375.00 |
| Crowley Woodford | Partner for 1 year; Admitted in 1998; Employment, Incentives and Pensions Group | £580 | 0.50 | 290.00 |
| Ben Tidswell | Partner for 9 years; Admitted in 1994; Litigation department | £610 | 0.33 | 201.30 |
| Charles Hammon | Counsel for 11 years; Admitted in 1998; Competition and EU law Group | £540 | 5.50 | 2,970.00 |
| Tom Cartwright | Associate for 9 years, Admitted in 2000; Tax department | £550 | 1.30 | 715.00 |
| Marcus Fink | Associate for 8 years; Admitted in 2001; Employment, Incentives and Pensions Group | £500 | 18.38 | 9,190.00 |
| Daniel Stephens | Associate for 9 years; Admitted in 2000; Litigation department | £500 | 1.17 | 585.00 |
| Alex Kay | Associate for 3 years; Admitted in 2006; Restructuring and Special Situations Group | £340 | 36.99 | 12,576.60 |
| Ruth Buchanan | Associate for 5 years; Admitted in 2004; Employment, Incentives and Pensions Group | £395 | 0.33 | 130.35 |
| Lauren Moore | Associate for 3 years; Admitted in 2006; Employment, Incentives and Pensions Group | £340 | 3.91 | 1,329.40 |
| Paul Bagon | Associate for 1 year; Admitted in 2008; Restructuring and Special Situations Group | £290 | 52.44 | 15,207.60 |

| Name of Professional Person | Position of the Applicant, Number of Years in that Position at Current or Prior Firms, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation Requested (£) |
|---|---|---|---|---|
| Philip Uribe | Trainee Solicitor for 1 year; Restructuring and Special Situations Group | £185 | 0.58 | 107.30 |
| Simon Owens | Professional Development lawyer; Admitted in 1999; Employment, Incentives and Pensions Group | £395 | 8.00 | 3,160.00 |
| Isabel Vesterdahl | Paralegal; Competition and EU law Group | £160 | 3.25 | 520.00 |
| **TOTAL** | | | 182.09 | 77,055.75 |

## COMPENSATION BY PROJECT CATEGORY
## APRIL 01, 2009 THROUGH APRIL 30, 2009.

| Project Category | Total Hours | Total Fees (£) |
|---|---|---|
| Ashurst Fee Application / Monthly Billing Reports | 6.50 | 1,885.00 |
| Creditors Committee Meetings | 22.25 | 9,738.50 |
| Tax Issues | 14.47 | 5,943.30 |
| Labor Issues/Employee Benefits | 37.47 | 17,720.75 |
| Asset/Stock Transactions/Business Liquidations | 46.51 | 16,782.00 |
| European Proceedings/Matters | 54.89 | 24,986.20 |
| **TOTAL** | **182.09** | **77,055.75** |

## DISBURSEMENT SUMMARY
## APRIL 01, 2009 THROUGH APRIL 30, 2009

| | |
|---|---|
| Travel Expenses – Ground Transportation | £96.08 |
| Meals | £26.10 |
| Company Search Fees | £10.00 |
| **TOTAL** | **£132.18** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) | Case No. 09-10138 (KG) |
| Nortel Networks Inc., et al.,[1] | ) | Jointly Administered |
|  | ) |  |
| Debtors. | ) | Objection Deadline: June 11, 2009 4:00 pm |
|  | ) | Hearing Date: |
|  | ) |  |

### MONTHLY APPLICATION OF ASHURST LLP, EUROPEAN COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM APRIL 01, 2009 THROUGH APRIL 30, 2009

Ashurst LLP ("Ashurst" or the "Applicant"), European counsel to the Official Committee of Unsecured Creditors (the "Committee") of Nortel Networks Inc., et al. (the "Debtors"), hereby submits its monthly application (the "Application") pursuant to (i) sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Procedure for the District of Delaware (the "Local Rules"), and (iv) the Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members entered on February 4, 2009 (the "Administrative Fee Order"), for interim allowance of compensation for services

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems, Inc. (9769); Nortel Altsystems International, Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); and Nortel Networks Cable Solutions Inc. (0567).

rendered in the aggregate amount of £77,055.75 and for reimbursement of actual and necessary expenses incurred by Ashurst in connection therewith in the amount of £132.18 for the period from April 01, 2009 and April 30, 2009. In support if this Application, Ashurst respectfully states as follows:

## I.    JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory bases for the relief requested herein are sections 1103 and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

## II.    BACKGROUND

2.      On January 14, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "U.S. Proceeding") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors have continued to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. On January 15, 2009, the Court entered an order jointly administering these cases pursuant to Bankruptcy Rule 1015(b) for procedural purposes only.

3.      On January 14, 2009, the High Court of Justice in England placed nineteen of the Debtors' European affiliates (collectively, the "EMEA Debtors") into administration (the "European Proceeding" and together with the U.S. Proceeding, the "Insolvency Proceedings") under the control of individuals from Ernst & Young LLC.

4.      On January 22, 2009 (the "Committee Formation Date"), pursuant to section 1102 of the Bankruptcy Code, the United States Trustee for the District of Delaware (the "US

Trustee") appointed the Committee. The Committee currently consists of five members.[2] No trustee or examiner has been appointed in these chapter 11 cases.

5.    On January 30 2009, pursuant to section 328 and 1103(a) of the Bankruptcy Code, the Committee selected Ashurst to serve as European counsel to the Committee. On March 5, 2009, this Court entered an order authorizing the retention of Ashurst as European counsel to the Committee, *nunc pro tunc* to January 30, 2009.

### III.    RELIED REQUESTED

6.    By this Application, Ashurst seeks (i) interim allowance and award of compensation for the professional services rendered by Ashurst as attorneys for the Committee for the period from April 01, 2009 through April 30, 2009 (the "Compensation Period") in the amount of £77,055.75 representing 182.09 hours in professional services; and (ii) reimbursement of actual and necessary expenses incurred by Ashurst during the Compensation Period in connection with the rendition of such professional services and paraprofessional services in the amount of £132.18.

7.    Pursuant to the Administrative Fee Order, Ashurst is seeking payment of £61,644.60 of fees (representing 80% of its fees) and £132.18 for reimbursement of expenses relating to services rendered during the Compensation Period.

8.    Ashurst has received no payment and no promises for payment from any source for services rendered in connection with these chapter 11 cases. There is no agreement or understanding between the Applicant and any other person (other than members of Ashurst) for the sharing of compensation to be received for the services rendered in these cases.

---

[2] The Committee is comprised of the following entities: Airvana, Inc.; Flextronics Corporation (Chairperson); Law Debenture Trust Company of New York as indenture trustee; Pension Benefit Guaranty Corporation; and The Bank of New York Mellon as indenture trustee.

9.      As stated in the Affirmation of Giles Boothman, Esq. (the "Boothman

Affirmation"), annexed hereto as Exhibit A, all of the services for which interim compensation is

sought herein were rendered for or on behalf of the Committee solely in connection with these

cases.

## IV.    SUMMARY OF SERVICES RENDERED

10.     Ashurst has rendered professional services to the Committee as requested and as

necessary and appropriate in furtherance of the interests of the Debtors' unsecured creditors

during the Compensation Period.  The variety and complexity of the issues in these Insolvency

Proceedings and the need to act or respond to issues on an expedited basis in furtherance of the

Committee's needs have required the expenditure of substantial time by Ashurst personnel from

several legal disciplines.

11.     In the ordinary course of its practice, Ashurst maintains written records of the

time expended by attorneys and paraprofessionals in the rendition of their professional services.

In accordance with the provisions of the Administrative Fee Order, a compilation showing the

name of the attorney or paraprofessional, the date on which the services were performed, a

description of the services rendered, and the amount of time spent in performing the services for

the Committee during the Compensation Period is annexed hereto as Exhibit B.

12.     In the ordinary course of its practice, Ashurst also maintains records of all actual

and necessary out-of-pocket expenses incurred in connection with the rendition of its

professional services, all of which are available for inspection. A schedule of the categories of

expenses and amounts for which reimbursement is requested is annexed hereto as Exhibit C. A

detailed summary of the expenses is attached hereto as Exhibit D.

13.    Ashurst respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and appropriate, and have directly contributed to the effective administration of these chapter 11 cases.

14.    The following summary of services rendered during the Compensation Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in Exhibit B. Rather, it is merely an attempt to highlight certain of those areas in which services were rendered to the Committee, as well as to identify some of the problems and issues that Ashurst was required to address.

## Ashurst Fee Application/Monthly Billing Reports

(Fees: £1,885.00; Hours 6.50)

15.    This subject matter relates to time spent reviewing invoices and drafting monthly fee statements as required under the Administrative Fee Order.

## Creditor Committee Meetings

(Fees: £9,738.50; Hours 22.25)

16.    This subject matter relates to Committee matters, meetings and conference calls with the Committee as a whole, with individual Committee members and with the Committee's other legal and financial advisors. Specifically, during the Compensation Period, Ashurst, together with the other Committee professionals held multiple conference calls with the full Committee.

17.    Prior to such meetings, Ashurst reviewed each pending matter requiring the Committee's attention with respect to the European Proceeding and all underlying

documentation in connection therewith. Thereafter, Ashurst discussed each of these matters with the Committee and assisted the Committee in formulating a position with respect to each pending matter. Through the meetings, conference calls and correspondence described above, Ashurst assisted the Committee in fulfilling its statutory duties to make informed decisions regarding the various issues that have arisen in these Insolvency Proceedings, to monitor closely the Debtors' management of these proceedings, and to reach independent conclusions on the merits of specific matters at issue in these Insolvency Proceedings.

## Tax Issues

(Fees £5,943.30; Hours 14.47)

18.    This subject matter relates to legal services rendered by Ashurst relating to tax matters affecting the Debtors. During the Compensation Period, Ashurst commenced an in-depth analysis of various tax issues affecting the Debtors and certain tax attributes belonging to the Debtors and discussed the same with the Committee and the Committee's advisors.

## Labor and Employee Benefits Issues

(Fees: £17,720.75; Hours 37.47)

19.    This subject matter relates to services rendered by Ashurst in connection with the analysis of the Debtors' benefits plans and general labor matters. During the Compensation Period, Ashurst spent considerable time reviewing the Debtors' European pension plan arrangements, including, without, limitation, analyzing the potential consequences for the Debtors should the UK Pension Protection Fund seek to intervene in the administration of the Debtors' UK pension plans.

## Asset/Stock Transactions/Business Liquidations

(Fees: £16,782.00; Hours 46.51)

20.     This subject matter relates to the time spent by Ashurst analyzing documentation relating to the potential sale of certain European assets owned by the Debtors.

## European Proceedings/Matters

(Fees: £24,986.20; Hours 54.89)

21.     This subject matter relates to the legal services rendered by Ashurst relating to the European Proceeding.  During the Compensation Period, Ashurst commenced an in-depth analysis of the EMEA Debtors' insolvency proceedings in various jurisdictions in Europe and discussed the same with the UK administrator and its advisors and the Committee and the Committees' other advisors. Ashurst also reviewed and commented on documents relating to the proposed sale of certain of the Debtors' European assets.

## V.    ALLOWANCE OF COMPENSATION

22.     The professional services rendered by Ashurst required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and determination by the Committee could be addressed with skill and dispatch and have, therefore, required the expenditure of substantial time and effort.  It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically, and the results obtained to date have benefited not only the members of the Committee, but also the unsecured creditor body as a whole and the Debtors' estates.

23.     The allowance of interim compensation for services rendered and reimbursement of expenses in bankruptcy cases is expressly provided for in section 331 of the Bankruptcy Code:

> . . . any professional person . . . may apply to the court not more than once every
> 120 days after an order for relief in a case under this title, or more often if the

court permits, for such compensation for services rendered . . . as is provided under section 330 of this title.

11 U.S.C. § 331. Moreover, this Court has authorized the filing of this Application in the

Administrative Fee Order.

24.    With respect to the level of compensation, 11 U.S.C. § 330(a)(1)(A) provides, in

pertinent part, that the Court may award to a professional person "reasonable compensation for

actual, necessary services rendered . . . ." 11 U.S.C. § 330(a)(1)(A). Section 330(a)(3), in turn,

provides that:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. §330(a)(3). The clear Congressional intent and policy expressed in this statute is to

provide for adequate compensation in order to continue to attract qualified and competent

bankruptcy practitioners to bankruptcy cases.

25.     The total time spent by Ashurst attorneys and paraprofessionals during the Compensation Period was 182.09 hours. The work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.

26.     As shown by this application and supporting documents, Ashurst spent its time economically and without unnecessary duplication of time. Attached hereto as Exhibit E is a schedule of the hours expended by the attorneys and paraprofessionals during the Compensation Period, their normal hourly rates, and the value of their services. In addition, Ashurst incurred actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee in the sum of £132.18 for which Ashurst respectfully requests reimbursement in full.

27.     The disbursements and expenses have been incurred in accordance with Ashurst's normal practice of charging clients for expenses clearly related to and required by particular matters. Ashurst has endeavored to minimize these expenses to the fullest extent possible.

28.     Ashurst's billing rates do not include charges for photocopying, telephone and facsimile charges, computerized research, travel expenses, "working meals," secretarial overtime, postage and certain other office services, since the needs of each client for such services differ. Ashurst believes that it is fairest to charge each client only for the services actually used in performing services for it. In these proceedings, Ashurst charges £0.70 per page for internal duplicating and does not charge for facsimile transmissions.

29.     No agreement or understanding exists between Ashurst and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

30.     No prior application has been made in this or in any other Court for the relief requested herein for the Compensation Period.

**WHEREFORE,** Ashurst respectfully requests that this Court:

(a)     approve the allowance of £77,055.75 for compensation for professional services rendered to the Committee during the period from April 01, 2009 through and including April 30, 2009;

(b)     approve the reimbursement of Ashurst's out-of-pocket expenses incurred in connection with the rendering of such services during the period from April 01, 2009 through and including April 30, 2009 in the amount of £132.18; and

(c)     authorize and direct the Debtors to immediately pay to Ashurst the amount of £61,776.78 which is equal to the sum of 80% of Ashurst's fees and 100% of Ashurst's expenses incurred during the Compensation Period.

Dated:    London, United Kingdom
          May 22, 2009

                                     **ASHURST LLP**

                                     By:

                                         Giles Boothman
                                         A Member of the Firm

                                     Broadwalk House
                                     5 Appold Street, London, EC2A 2HA
                                     United Kingdom
                                     +44 (0)20 638 1111
                                     European counsel to the Official Committee of
                                     Unsecured Creditors