**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
In re                                                    :   Chapter 11
                                                         :
                                                         :   Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1]                         :
                                                         :   Jointly Administered
                    Debtors.                             :
                                                         :   RE: D.I. _____
                                                         :
---------------------------------------------------------X

**DECLARATION OF JOSEPH FLANAGAN IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL CERTAIN PORTIONS OF THE SETTLEMENT DOCUMENTS BY AND AMONG I) NORTEL NETWORKS LIMITED, (II) FLEXTRONICS TELECOM SYSTEMS LTD. AND (III) FLEXTRONICS CORPORATION**

I, Joseph Flanagan, do hereby declare as follows:

1. I am Joseph Flanagan, and I serve as Nortel's Senior Vice President, Global Operations and Nortel Business Services. As part of my duties, I am involved in the operations of Nortel Networks Inc. ("NNI" and, together with the other above captioned debtors, the "Debtors").

2. I submit this declaration in support of the Debtors' Motion for Entry of an Order Authorizing the Debtors to File Under Seal Certain Portions of the Settlement Documents by and Among (i) Nortel Networks Limited, (ii) Flextronics Telecom Systems Ltd. and (iii) Flextronics Corporation, filed on May 22, 2009. Except as otherwise indicated, all facts set forth in this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

declaration are based upon my personal knowledge, information supplied to me by other members of the Debtors' management and professionals or learned from my review of relevant documents or upon my opinion based upon my experience and knowledge of the Debtors' operations. If I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this declaration.

3. Nortel Networks Limited ("NNL"), Flextronics Telecom Systems Ltd. ("FTS") and Flextronics Corporation (together with FTS and their affiliates, "Flextronics") entered into a settlement agreement and a side letter to that agreement (the "Settlement Documents") on May 22, 2009. The Settlement Documents resolve certain differences that came to light after NNL and Flextronics entered into an agreement on January 13, 2009 amending the various agreements between them, including the Master Contract Manufacturing Services Agreements. Although the Debtors believe that any payments by NNI under the Settlement Documents would be in the ordinary course, I am aware that, out of an abundance of caution, the Debtors will file a motion for this Court to approve any payments by NNI under the Settlement Documents on May 22, 2009. I also understand that the Debtors must file a copy of the Settlement Documents in support of this motion.

4. I have reviewed the Settlement Documents and I believe it is essential that the information redacted from the Settlement Documents not become publicly available. The redacted portions of the Settlement Documents contain sensitive commercial information concerning the relationship between the Debtors and their largest supplier Flextronics, which since 2004 has acquired substantially all of Nortel's hardware manufacturing and related operations. I believe that the disclosure of this information would unfairly advantage the

2

Debtors' competitors by revealing certain costs and terms associated with Nortel's supply chain and production process.

5. Furthermore, I believe the disclosure of the redacted information would severely impair the ability of the Debtors to negotiate successful agreements with their other suppliers, disrupting the Debtors' ongoing operations. If the Debtors' suppliers knew the precise terms of the settlement with Flextronics, they could demand similar treatment, further increasing the costs of the Debtors' operations and thereby unfairly advantaging the Debtors' competitors. Additionally, I fear that the disclosure of information redacted from the Settlement Documents would disrupt eventual sale transactions the Debtors may undertake by destabilizing the Debtors' relationships with their suppliers.

6. Accordingly, I believe that the best interests of the Debtors, their estates and their creditors require that the redacted portions of the Settlement Documents be filed under seal without publicly disclosing the commercially sensitive information contained in the Settlement Documents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 22, 2009.

                                                Joseph Flanagan
                                                Senior Vice President,
                                                Global Operations and Nortel
                                                Business Services