**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

--------------------------------------------------------X
                                     :

|  |  |
|---|---|
| | :     Chapter 11 |
| *In re* | : |
| | :     Case No. 09-10138 (KG) |
| Nortel Networks Inc., *et al.*,[1] | : |
| | :     Jointly Administered |
| Debtors. | : |
| | : |
| | : |
| | : |

--------------------------------------------------------X

**NORTEL NETWORKS CAPITAL CORPORATION, CASE NO. 09-10139**
**SCHEDULES OF ASSETS AND LIABILITIES**

**NORTEL NETWORKS INC., ET AL.[1]**
**GENERAL NOTES TO SCHEDULES OF ASSETS AND LIABILITIES**

The notes contained herein (the "General Notes") are global notes to be considered when reviewing the Schedules of Assets and Liabilities (the "Schedules") of one or more of the following Debtors:

| Debtor | Case No. |
|---|---|
| Nortel Networks Inc. | 09-10138 |
| Nortel Networks Capital Corporation | 09-10139 |
| Nortel Altsystems, Inc.[2] | 09-10140 |
| Nortel Networks International Inc. | 09-10150 |

The Debtors named above represent four (4) of the fifteen (15) U.S. entities (collectively the "Debtors") that filed chapter 11 petitions on January 14, 2009 (the "Petition Date"). The Schedules of Assets and Liabilities and accompanying notes for the remaining eleven (11) Debtors were filed on April 20, 2009.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.
[2] Formerly known as Alteon WebSystems, Inc.

GENERAL NOTES TO SCHEDULES OF ASSETS AND LIABILITIES

The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to section 1107(a) and 1108 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases are being jointly administered for procedural purposes only in the above-captioned cases pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

Each of the fifteen Debtors is a direct or indirect subsidiary of Nortel Networks Corporation ("NNC"), which, together with certain other Nortel entities, on the Petition Date, filed for creditor protection under the *Companies' Creditors Arrangement Act* ("CCAA") in Canada. In addition, on the Petition Date, the High Court of Justice in England placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors") into administration under the control of individuals from Ernst & Young LLC. The Debtors' organizational structure is illustrated below.



[1] Foreign includes entities incorporated outside of the United States.

GENERAL NOTES TO SCHEDULES OF ASSETS AND LIABILITIES

The following Schedules have been prepared by the Debtors' management, with the assistance of their advisors, in accordance with section 521 of the Bankruptcy Code and Bankruptcy Rule 1007. These General Notes pertaining to the Schedules are incorporated by reference in, and comprise an integral part of, the Schedules and should be referred to and reviewed in connection with any review of the Schedules. Disclosure of information in one Schedule, exhibit or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, exhibit or continuation sheet.

**The Schedules and General Notes should not be relied upon by any persons for information relating to current or future financial conditions, events or performance of any of the Debtors or their affiliates.**

1.  **<u>Reservation of Rights</u>**.  The Schedules are unaudited and subject to further review and potential adjustment. While management of the Debtors has made every reasonable effort to ensure that the Schedules are accurate and complete based upon information that was available at the time of preparation, the subsequent receipt of information may result in material changes in financial data contained in the Schedules and inadvertent errors or omissions may exist. To the extent the Debtors discover additional information that may differ materially from the information set forth in the Schedules, the Debtors may amend the Schedules to reflect such changes. Accordingly, the Debtors reserve all rights to amend, supplement or otherwise modify the Schedules as they deem necessary or appropriate.

    Nothing contained in the Schedules or these General Notes shall constitute an admission or waiver of any of the Debtors' rights to assert claims or defenses in these chapter 11 cases including, but not limited to, matters involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts, assumption or rejection of contracts under the provisions of chapter 3 of Bankruptcy Code and/or causes of action under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable laws to recover assets or avoid transfers. For the avoidance of doubt, listing a claim on Schedule D as "secured," on Schedule E as "priority," on Schedule F as "unsecured priority," or listing a contract or lease on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' right to recharacterize or reclassify such claim, lease or contract.  Failure to designate a claim on a given Debtors' Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent" or "unliquidated."

2.  **"As of" Information Date**.  Unless otherwise indicated, all amounts listed in the Schedules are as of the close of business on January 13, 2009.

    Pursuant to certain orders of the Bankruptcy Court (collectively, the "<u>Court Orders</u>"), the Debtors were authorized to, and did, conduct sales of certain of their assets, assume and/or assign or reject certain of their unexpired executory contracts or leases, and honor obligations for certain prepetition claims including, but not limited to: (i)

employees' wages, salaries, and benefits and reimbursable expenses, (ii) taxes and fees, (iii) obligations to their customers, (iv) obligations to vendors pursuant to prepetition purchase or service orders to the extent such goods, supplies, materials and/or services were received and accepted by the Debtors postpetition, (v) obligations to foreign vendors, (vi) insurance policies, (vii) common carrier charges and warehouse fees, and (viii) certain prepetition non-insider employee retention payments. Because the prepetition obligations may be or have been satisfied in the ordinary course of business pursuant to the Court Orders, certain of such prepetition obligations have been excluded from the Schedules or marked as "contingent". If applicable, the amounts listed on Schedules E and F generally have been reduced by payments for prepetition obligations made post-filing pursuant to the Court Orders.

3. **Basis of Presentation**.  Although the Schedules may, at times, incorporate information prepared in accordance with United States Generally Accepted Accounting Principles ("U.S. GAAP"), the Schedules were not prepared in accordance with U.S. GAAP nor are they intended to reconcile to any financial statements otherwise prepared or distributed by the Debtors or any of the Debtors' affiliates in accordance with U.S. GAAP or otherwise.

The Debtors put forth significant efforts to attribute the assets and liabilities to the proper legal entity. However, because the Debtors' accounting systems, policies and practices were developed with a view to producing consolidated reporting, rather than by legal entity for the purposes of generating schedules pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, it is possible that not all assets or liabilities have been recorded at the correct legal entity on the Schedules. Accordingly, the Debtors reserve all rights to supplement or amend these Schedules.

Furthermore, for purposes of filing reports with the Securities and Exchange Commission, NNC and Nortel Networks Limited ("NNL"), NNI's direct corporate parent, prepared combined and consolidated financial statements that include NNI. Unlike the combined and consolidated financial statements, the NNI Schedules, except where otherwise indicated, reflect the assets and liabilities of NNI on a non-consolidated basis. Accordingly, the totals listed in the Schedules will likely differ from the combined and consolidated financial reports prepared by NNC and NNL for public reporting purposes or otherwise.

Given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that that Debtor was solvent at the Petition Date or at any time prior to the Petition Date. Likewise, to the extent that a Debtor shows more liabilities than assets, this is not an admission that that Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

4. **Current Values**.  Unless otherwise indicated, the basis for all current values included in the Schedules was the net book value from the Debtors' books and records as of

GENERAL NOTES TO SCHEDULES OF ASSETS AND LIABILITIES

the close of business on January 13, 2009. All amounts, unless otherwise indicated, are reflected in U.S. dollars.

In many instances, current market valuations are neither maintained by nor readily available to the Debtors. It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtors' assets. The net book values of the Debtors' assets may not reflect the net realizable value of the assets. Amounts ultimately realized will vary, at some times materially, from net book value. The Debtors reserve the right to dispute the true and appropriate value of any and all of their assets.

5. **Excluded Accruals/U.S. GAAP Entries**.  The Debtors' balance sheets reflect liabilities recognized in accordance with U.S. GAAP; however, not all such liabilities would result in a claim against the Debtors. Thus, certain liabilities including, but not limited to, certain reserves, deferred revenue, and future contract obligations have not been included in the Debtors' Schedules. (See Note on Schedule F below for additional information on certain excluded liabilities). Other immaterial assets and liabilities also may have been excluded.

6. **Setoffs**.  The Debtors routinely incur certain setoffs from customers, suppliers and affiliates in the ordinary course of business in connection with, among other things, intercompany transactions, pricing discrepancies, returns, warranties, refunds or other activity between the Debtors and their customers, suppliers and affiliates. Setoffs incurred in the ordinary course of business may be reflected in the amounts included in the Schedules and are not independently accounted for or listed in the Debtors' Schedules. The Debtors reserve all rights to pursue all rights to setoff they may have, regardless of whether reflected in the schedules, and to challenge any setoff and/or recoupment rights that may be asserted against them.

7. **Credits and Adjustments**.  The claims of individual creditors for, among other things, goods, products or services are listed as amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights respecting such credits, allowances and other adjustments.

8. **Schedule Amounts and Descriptions**.  The description of an amount as "unknown," "unliquidated," or "undetermined" is not intended to reflect upon the materiality of such amounts. In many cases, it is either impossible or impractical to calculate exact claim amounts. Except where otherwise noted, the Debtors have listed all such claims as "unknown" in amount and have not included them in any calculations of subtotals or totals on any Schedule or summary.

The Debtors reserve all rights to dispute, or to assert any offsets or defenses to, any claim reflected on their respective Schedules on any grounds including, without limitation, amount, liability, validity, priority or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."

Listing a claim does not constitute an admission of liability by the Debtors, and the Debtors reserve the right to amend the Schedules accordingly.

9. **Confidentiality**.  On May 20, 2009, the Bankruptcy Court entered an order authorizing the Debtors to file portions of Schedule G under seal. (D.I. 770). Additionally, current Nortel employees are identified on the Schedules by their Global Identification (GID) number. Addresses of current Nortel employees are generally not included in the Schedules; however, the Debtors intend to mail any required notice or other documents to the address in their books and records for such individuals.

10. **Consolidated Entity Accounts Payable and Disbursement Systems**.  An individual Debtor's Schedules may incorporate payments made by the Debtor on behalf of another Debtor or non-Debtor affiliate. Payments made by another Debtor or non-Debtor affiliate on behalf of the filing Debtor, however, are not necessarily included on the filing Debtors' Schedules. A description of the Debtors' prepetition centralized cash management system is set forth in the Debtors' Motion for authorization to, among other things, continue using its cash management system, dated January 14, 2009 (D.I. 9). The Debtors reserve their rights with respect to the proper accounting and treatment of such payments.

11. **Mechanics Liens**.  The inventories, property and equipment listed in the Schedules are presented without consideration of any mechanics' liens.

12. **Guarantees**.  Contractual guarantees issued by a Debtor have been listed on Schedule F. Some guarantees listed on a Debtor's Schedule F may be redundant to or duplicative of liabilities recorded on the Schedules or financial statements of other Debtors and/or non-Debtor entities, and therefore the claim amounts identified for such guarantees, if any, may overstate the true amount of such claims. The Debtors may identify additional guarantees as they continue their review of their books and records, executory contracts, unexpired leases, debt instruments and other such agreements, and reserve the right to amend their Schedules accordingly.

13. **Schedules**

    a.    **Schedule A – Real Property**. As noted herein, the values listed for the Debtors' various properties are the net book values.

    b.    **Schedule B – Personal Property**. Intercompany receivables due from other Debtors, U.S. non-Debtor entities and affiliated entities in other geographic regions have been included within Schedule B. Intercompany receivables may or may not result in allowed or enforceable amounts due to a given Debtor, and listing these receivables is not an admission on the part of the Debtors that the intercompany receivables are enforceable or collectible. The intercompany receivables also may be subject to set-off, recoupment, netting, or other

GENERAL NOTES TO SCHEDULES OF ASSETS AND LIABILITIES

adjustments made pursuant to intercompany policies and arrangements not reflected in the Schedules.

The Debtors have not included certain assets with a net book value of zero within Schedule B.

Certain of the security deposits listed on Schedule B.3 may also be contained within the book values for the assets listed in Schedule B.35.

Book values for both intercompany receivables and third-party receivables listed on Schedule B.16 are in conformance with the Debtors' financial statements. To the extent such receivables include reserve amounts based on U.S. GAAP accounting requirements, the Debtors in no way waive their right to pursue collection of the entire accounts receivables owed by third parties.

c.   **Schedule D – Creditors Holding Secured Claims**. To the best of the Debtors' knowledge, there are no creditors with security interests in any property of the Debtors included in this filing as defined by section 506(a) of the Bankruptcy Code. Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D. The Debtors have not included on Schedule D parties whose claims may be secured through rights of setoff, deposits or advance payments posted by, or on behalf of, the Debtors, or judgment or statutory lien rights.

d.   **Schedule E – Creditors Holding Unsecured Priority Claims**. Claims owing to various taxing authorities to which the Debtors may potentially be liable are included on the respective Debtors' Schedule E. However, such claims may be subject to on-going audits, or the Debtors are otherwise unable to determine with certainty the amount of the remaining claims owing to taxing authorities listed on Schedule E. Therefore, the Debtors have listed all such claims as "unknown" in amount, pending final resolution of on-going audits or other outstanding issues. These unknown amounts have not been included in any calculations of subtotals or totals on Schedule E or any other Schedule.

Schedule E does not include obligations for any tax, wage or wage-related obligations for which the Debtors have been granted authority to pay pursuant to the Court Orders. The Debtors believe that all such claims have been or will be satisfied in the ordinary course during these chapter 11 cases pursuant to the authority granted in the relevant Court Orders. Schedule E includes certain employee-related claims entitled to priority based on the $10,950 administrative priority allowance under sections 507(a)(4)-(5) of the Bankruptcy Code after taking account certain payments made since the Petition Date pursuant to those sections and the aforementioned Court Orders. The Debtors reserve their right to dispute or challenge whether creditors listed on Schedule E are entitled to priority claims.

GENERAL NOTES TO SCHEDULES OF ASSETS AND LIABILITIES

e.    **Schedule F – Creditors Holding Unsecured Nonpriority Claims**. The unsecured claims of the four (4) Debtors listed include intercompany trade payables and notes due to other Debtors, U.S. non-Debtor entities, and affiliated entities in other geographic regions. The intercompany payables may or may not result in allowed or enforceable claims by or against a given Debtor, and listing these payables is not an admission on the part of the Debtors that the intercompany claims are enforceable or collectible. The intercompany payables also may be subject to set-off, recoupment, netting or other adjustments made pursuant to intercompany policies and arrangements not reflected in the Schedules.

Certain creditors owe amounts to the Debtors and, as such, may have valid setoff and recoupment rights with respect to the balances listed on Schedule F. Although the Debtors may have taken certain ordinary course credits or setoffs into account when scheduling the amounts owed to creditors, the Debtors, in many cases, have not reduced the scheduled claims to reflect any such right of setoff or recoupment. The Debtors reserve all rights to challenge any setoff and/or recoupment rights asserted and the related remaining pre-petition claim amounts. Additionally, certain creditors may assert liens against the Debtors for amounts listed on Schedule F. The Debtors reserve their right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule F of any Debtor.

The Debtors have made their best efforts to include all outstanding trade liability on Schedule F; however, the Debtors believe that there are instances where vendors have yet to provide invoices for prepetition goods or services or provided such invoices after the cutoff to produce this Schedule F. While the Debtors maintain general accruals to account for these liabilities in accordance with U.S. GAAP, these amounts have not been included on Schedule F. In addition, the Debtors are still finalizing certain payments of prepetition obligations under orders approved by the Bankruptcy Court, and those have not been reflected in the amounts listed herein.

The Debtors have made their best efforts to include all current and former employees who hold claims relating to nonqualified deferred compensation or pension benefits on Schedule F. For those participants in the Nortel Networks U.S. Deferred Compensation Plan and the Nortel Networks Long-Term Investment Restoration Plan who were receiving payments under those plans at the time of the filing, or whose request to receive such payments had been processed at such time even if payments had not yet begun, claims are designated as unliquidated, as the specific amounts remain subject to verification (although an estimate as of the time of filing has been included). For those participants who were not yet eligible to receive payments at the time of filing, or whose request to receive such payments had not been

processed at such time, the claims are also designated as contingent. Similarly, for those participants in the Nortel Networks Retirement Income Plan Restoration Plan, the Nortel Networks Special Pension Benefit Plan and the Nortel Networks Special Pension Credit Plan, claims are designated as unliquidated with the amounts currently unknown (subject to actuarial calculation) and, for those participants not yet eligible to receive payments at the time of filing, also as contingent.

f.  **Schedule G – Executory Contracts and Unexpired Leases**. The Debtors put forth significant efforts to classify their executory contracts and unexpired leases according to the proper legal entity. However, the list of contracts is voluminous and, in certain instances the specific Nortel entities that are party to a specific executory contract or unexpired lease may not have been easily identified from the Debtors' books and records. As the Debtors continue to analyze their executory contracts and unexpired leases, it is possible that reclassification among legal entities may be appropriate.

Moreover, while every effort has been made to accumulate, analyze and list each contract, it is possible that certain items may be inadvertently omitted due to the extensiveness of the Debtors' operations. The contracts, leases and other agreements listed on Schedule G may have been modified, amended, supplemented or superseded from time to time by amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and various formal and informal agreements which may not be set forth in Schedule G. In addition, Schedule G does not include certain agreements that, by their terms, prohibit disclosure of the existence of such agreements. Omission of a contract, lease or other agreement from Schedule G does not constitute an admission that such omitted contract, lease or agreement is not an executory contract or unexpired lease of the Debtors, and inclusion of a contract, lease or other agreement on Schedule G does not constitute an admission that such contract, lease or other agreement is an executory contract of the Debtors, was in effect on the Petition Date, or is valid or enforceable.

The inclusion of a lease in Schedule G is not, and shall not be construed to be, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to such issues.

Certain of the agreements listed on Schedule G may have been entered into by or on behalf of more than one of the Debtors, or a Debtor and a non-Debtor affiliate or third party.  In addition, certain agreements may have been entered into on behalf of or for the benefit of one or more of the Debtors by a Debtor or non-Debtor affiliate that may not have been included on Schedule G. Omission of any such agreement is not an admission that such an agreement is not an executory agreement of the Debtors. The Debtors reserve the right to amend the Schedules to later include any such agreements. There may exist

GENERAL NOTES TO SCHEDULES OF ASSETS AND LIABILITIES

certain agreements that were oral in nature and/or were never formally memorialized that are not included on Schedule G.

# UNITED STATES BANKRUPTCY COURT

### DISTRICT OF DELAWARE

In re   NORTEL NETWORKS CAPITAL CORPORATION

Debtor

Case No.   09-10139

Chapter   11

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | | | |
| B - Personal Property | Yes | 4 | $8,533,270.88 | | |
| C - Property Claimed As Exempt | No | | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 4 | | | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | $157,143,611.18 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | | | | |
| J - Current Expenditures of Individual Debtor(s) | No | | | | |
| TOTAL | | 13 | $8,533,270.88 | $157,143,611.18 | |

In re  **NORTEL NETWORKS CAPITAL CORPORATION**                    Case No.    09-10139
_____                    _____
                     Debtor                                                              (if known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G-Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| NONE | | | | |
| | | Total | | |

(Report also on Summary of Schedules)

Sheet no. 1 of 1 sheet(s) attached to
Schedule of Real Property

In re  **NORTEL NETWORKS CAPITAL CORPORATION**                Case No.  09-10139

Debtor                                                    (if known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  CASH ON HAND. | X | | | |
| 2.  CHECKING, SAVINGS OR OTHER FINANCIAL ACCOUNTS, CERTIFICATES OF DEPOSIT, OR SHARES IN BANKS, SAVINGS AND LOAN, THRIFT, BUILDING AND LOAN, AND HOMESTEAD ASSOCIATIONS, OR CREDIT UNIONS, BROKERAGE HOUSES, OR COOPERATIVES. | | BANC OF AMERICA SECURITIES SHORT-TERM INVESTMENT ACCOUNT - 2662 <br><br><br> CITIBANK NA CHECKING ACCOUNT - 8438 | | $1,856,336.44 <br><br><br> $478,386.14 |
| 3.  SECURITY DEPOSITS WITH PUBLIC UTILITIES, TELEPHONE COMPANIES, LANDLORDS, AND OTHERS. | | HYDRO QUEBEC CP 11022 SUCC CENTRE-VILLE MONTREAL, QC  H3C 4V6 | | $6,500.00 |
| 4.  HOUSEHOLD GOODS AND FURNISHINGS, INCLUDING AUDIO, VIDEO, AND COMPUTER EQUIPMENT. | X | | | |
| 5.  BOOKS, PICTURES AND OTHER ART OBJECTS, ANTIQUES, STAMP, COIN, RECORD, TAPE, COMPACT DISC, AND OTHER COLLECTIONS OR COLLECTIBLES. | X | | | |
| 6.  WEARING APPAREL. | X | | | |
| 7.  FURS AND JEWELRY. | X | | | |

In re  **NORTEL NETWORKS CAPITAL CORPORATION**                    Case No.   09-10139

Debtor                                        (if known)

## SCHEDULE B - PERSONAL PROPERTY

### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 8.  FIREARMS AND SPORTS, PHOTOGRAPHIC, AND OTHER HOBBY EQUIPMENT. | X | | | |
| 9.  INTERESTS IN INSURANCE POLICIES.  NAME INSURANCE COMPANY OF EACH POLICY AND ITEMIZE SURRENDER OR REFUND VALUE OF EACH. | X | | | |
| 10. ANNUITIES.  ITEMIZE AND NAME EACH INSURER. | X | | | |
| 11. INTERESTS IN AN EDUCATION IRA AS DEFINED IN 26 U.S.C. § 530(b)(1) OR UNDER A QUALIFIED STATE TUITION PLAN AS DEFINED IN 26 U.S.C. § 529(b)(1). GIVE PARTICULARS.  (FILE SEPARATELY THE RECORD(S) OF ANY SUCH INTEREST(S). 11 U.S.C. § 521(c)  RULE 1007(B)) | X | | | |
| 12. INTERESTS IN IRA, ERISA, KEOGH, OR OTHER PENSION OR PROFIT SHARING PLANS. ITEMIZE. | X | | | |
| 13. STOCK AND INTERESTS IN INCORPORATED BUSINESSES. ITEMIZE. | X | | | |
| 14. INTERESTS IN PARTNERSHIPS OR JOINT VENTURES.  ITEMIZE. | X | | | |
| 15. GOVERNMENT AND CORPORATE BONDS AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS. | X | | | |
| 16. ACCOUNTS RECEIVABLE. | | INTERCOMPANY RECEIVABLE – LOANS - NORTEL NETWORKS INC. | | $6,192,048.30 |
| 17. ALIMONY, MAINTENANCE, SUPPORT, AND PROPERTY SETTLEMENTS TO WHICH THE DEBTOR IS OR MAY BE ENTITLED.  GIVE PARTICULARS. | X | | | |
| 18. OTHER LIQUIDATED DEBTS OWING DEBTOR INCLUDING TAX REFUNDS.  GIVE PARTICULARS. | X | | | |

Sheet no. 2 of 4 sheets attached to
Schedule of Personal Property

In re  **NORTEL NETWORKS CAPITAL CORPORATION**                    Case No.   09-10139

Debtor                                                                    (if known)

### SCHEDULE B - PERSONAL PROPERTY

#### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 19. EQUITABLE OR FUTURE INTERESTS, LIFE ESTATES, AND RIGHTS OR POWERS EXERCISABLE FOR THE BENEFIT OF THE DEBTOR OTHER THAN THOSE LISTED IN SCHEDULE OF REAL PROPERTY. | X | | | |
| 20 CONTINGENT AND NON-CONTINGENT INTERESTS IN ESTATE OF A DECEDENT, DEATH BENEFIT PLAN, LIFE INSURANCE POLICY, OR TRUST. | X | | | |
| 21. OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OF EVERY NATURE, INCLUDING TAX REFUNDS, COUNTERCLAIMS OF THE DEBTOR, AND RIGHTS TO SETOFF CLAIMS.  GIVE ESTIMATED VALUE OF EACH. | X | | | |
| 22. PATENTS, COPYRIGHTS, AND OTHER INTELLECTUAL PROPERTY.  GIVE PARTICULARS. | X | | | |
| 23. LICENSES, FRANCHISES, AND OTHER GENERAL INTANGIBLES. GIVE PARTICULARS. | X | | | |
| 24. CUSTOMER LISTS OR OTHER COMPILATIONS CONTAINING PERSONALLY IDENTIFIABLE INFORMATION PROVIDED TO THE DEBTOR BY INDIVIDUALS IN CONNECTION WITH OBTAINING A PRODUCT OR SERVICE FROM THE DEBTOR PRIMARILY FOR PERSONAL, FAMILY, OR HOUSEHOLD PURPOSES. | X | | | |
| 25. AUTOMOBILES, TRUCKS, TRAILERS, OTHER VEHICLES AND ACCESSORIES. | X | | | |
| 26. BOATS, MOTORS, AND ACCESSORIES. | X | | | |
| 27. AIRCRAFT AND ACCESSORIES. | X | | | |
| 28. OFFICE EQUIPMENT, FURNISHINGS, AND SUPPLIES. | X | | | |

Sheet no. 3 of 4 sheets attached to
Schedule of Personal Property

In re **NORTEL NETWORKS CAPITAL CORPORATION**                    Case No.   09-10139

Debtor                                                                         (if known)

## SCHEDULE B - PERSONAL PROPERTY

### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 29. MACHINERY, FIXTURES, EQUIPMENT AND SUPPLIES USED IN BUSINESS. | X | | | |
| 30. INVENTORY. | X | | | |
| 31. ANIMALS. | X | | | |
| 32. CROPS - GROWING OR HARVESTED. GIVE PARTICULARS. | X | | | |
| 33. FARMING EQUIPMENT AND IMPLEMENTS. | X | | | |
| 34. FARM SUPPLIES, CHEMICALS, AND FEED. | X | | | |
| 35. OTHER PERSONAL PROPERTY OF ANY KIND NOT ALREADY LISTED.  ITEMIZE. | X | | | |
| | | | Total | $8,533,270.88 |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

Sheet no. 4 of 4 sheets attached to
Schedule of Personal Property

In re   **NORTEL NETWORKS CAPITAL CORPORATION**                    Case No.   09-10139
_____                              _____
Debtor                                                                    (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED  CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☑  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |
| NONE | | | | | | | | |
| | | | VALUE | | | | | |

Sheet no. 1 of 1 sheet(s) attached to Schedule of
Creditors Holding Secured Claims

Subtotal
(Total(s) of this page)

Total
(Use only on the last page)

(Report also on Summary of Schedules.)  (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

In re    **NORTEL NETWORKS CAPITAL CORPORATION**                          Case No.    09-10139
_____                    _____
                              Debtor                                                                          (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule.

☐  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐  **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

In re  **NORTEL NETWORKS CAPITAL CORPORATION**          Case No.  09-10139
_____                    _____
                        Debtor                                              (if known)


☐  **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐  **Deposits by individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑  **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐  **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).


  **\* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.**

In re  **NORTEL NETWORKS CAPITAL CORPORATION**                                    Case No.    09-10139

Debtor                                                                      (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. COMPTROLLER OF PUBLIC ACCOUNTS 111 E. 17TH STREET AUSTIN, TX  78774-0100 | | | TAXES | X | X | | UNKNOWN | UNKNOWN | UNKNOWN |
| ACCOUNT NO. DELAWARE DIVISION OF CORPORATIONS PO BOX 11728 NEWARK, NJ  07101-4728 | | | TAXES | X | X | | UNKNOWN | UNKNOWN | UNKNOWN |
| ACCOUNT NO. NH DEPT REVENUE ADMINISTRATION DOCUMENT PROCESSING DIVISION P O BOX 637 CONCORD, NH  03302-0637 | | | TAXES | X | X | | UNKNOWN | UNKNOWN | UNKNOWN |
| ACCOUNT NO. NYC DEPARTMENT OF FINANCE P.O. BOX 5060 KINGSTON, NY  12402-5060 | | | TAXES | X | X | | UNKNOWN | UNKNOWN | UNKNOWN |
| ACCOUNT NO. NYS CORPORATION TAX PROCESSING UNIT PO BOX 22095 ALBANY, NY  12201-2095 | | | TAXES | X | X | | UNKNOWN | UNKNOWN | UNKNOWN |
| ACCOUNT NO. OREGON DEPARTMENT OF REVENUE P.O. BOX 14777 SALEM, OR  97309-0960 | | | TAXES | X | X | | UNKNOWN | UNKNOWN | UNKNOWN |
| ACCOUNT NO. STATE OF NEW MEXICO TAXATION AND REVENUE DEPARTMENT P.O. BOX 25127 SANTA FE, NM  87504-5127 | | | TAXES | X | X | | UNKNOWN | UNKNOWN | UNKNOWN |
| ACCOUNT NO. UTAH STATE TAX COMMISSION 210 NORTH 1950 WEST SALT LAKE CITY, UT  84134-0300 | | | TAXES | X | X | | UNKNOWN | UNKNOWN | UNKNOWN |

Sheet no. 3 of 4 sheets attached to Schedule of                          Subtotal
Creditors Holding Unsecured Priority Claims

In re  **NORTEL NETWORKS CAPITAL CORPORATION**     Case No.   09-10139
<br>Debtor          (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> VERMONT DEPARTMENT OF TAXES <br> 133 STATE STREET <br> MONTPELIER, VT 05666-1401 | | | TAXES | X | X | | UNKNOWN | UNKNOWN | UNKNOWN |

Sheet no. 4 of 4 sheets attached to Schedule of
<br>Creditors Holding Unsecured Priority Claims

| | Subtotal | | | |
|---|---|---|---|---|
| | Total | | | |
| | Totals | | | |

In re    **NORTEL NETWORKS CAPITAL CORPORATION**                     Case No.    09-10139

Debtor                                                          (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | |
| LAW DEBENTURE TRUST COMPANY OF NEW YORK 7.875% NOTES DUE 6/15/26 TRUSTEE, ATTN: VANESSA MACK 101 BARCLAY STREET - 4E NEW YORK, NY 10286 | | | BOND DEBT GUARANTEES | X | | X | $150,951,562.50 |
| ACCOUNT NO. | | | | | | | |
| NORTEL NETWORKS INC. THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER 1209 ORANGE STREET WILMINGTON, DE 19801 | | | INTERCOMPANY PAYABLES | | | X | $6,192,048.68 |

Sheet no. 1 of 1 sheet(s) attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal | $157,143,611.18 |
| Total | $157,143,611.18 |

In re   **NORTEL NETWORKS CAPITAL CORPORATION**                    Case No.   09-10139

Debtor                                                                          (if known)

# SCHEDULE  G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>ATTN: DEREK C. ABBOT PARTNER<br>P.O. BOX 1347, 1201 NORTH MARKET STREET, 18TH FLOOR<br>WILMINGTON, DE  19899-1347 | SERVICE AGREEMENT<br>LG_ELR_7489 |

Sheet no. 1 of 1 sheet(s) attached to Schedule of
Executory Contracts and Unexpired Leases

In re  **NORTEL NETWORKS CAPITAL CORPORATION**                    Case No.   09-10139
_____                           _____
Debtor                                                              (if known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| NORTEL NETWORKS LIMITED<br>195 THE WEST MALL<br>TORONTO, ON M9C 5K1<br>CANADA | LAW DEBENTURE TRUST COMPANY OF NEW YORK<br>7.875% NOTES DUE 6/15/26<br>ATTN: CORPORATE TRUST OFFICE<br>400 MADISON AVENUE, 4TH FLOOR<br>NEW YORK, NY  10017 |

Sheet no. 1 of 1 sheet(s) attached to Schedule of
Codebtors

In re  **NORTEL NETWORKS CAPITAL CORPORATION**                    Case No.  **09-10139**

Debtor                                                                                    (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION

I, Paul Wesley Karr, the Vice-President, Finance of Nortel Networks Capital Corporation, declare under penalty of perjury that I have read the foregoing summary and schedules and that they are true and correct to the best of my knowledge, information, and belief.

Date *May 29, 2009*          Signature /s/ *Paul W Karr*

Paul Wesley Karr
[Print or type name of individual signing on behalf of debtor.]

Vice-President, Finance
[Indicate position or relationship to debtor]

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 and 3571.