# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
                                                            :
                                                            :    Chapter 11
*In re*                                                     :
                                                            :    Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                          :
                                                            :
                    Debtors.                                :    Jointly Administered
                                                            :
                                                            :
                                                            :
------------------------------------------------------------X

## FIRST SUPPLEMENTAL AFFIDAVIT PURSUANT TO FED. R. BANKR. P. 2014 AND ORDER AUTHORIZING DEBTORS TO EMPLOY, RETAIN AND COMPENSATE PROFESSIONALS IN THE ORDINARY COURSE

James Scott, being duly sworn, deposes and says:

1.  I am a partner of Ernst & Young LLP ("E&Y LLP"), with an office at 4130 ParkLake Avenue, Suite 500, Raleigh, NC 27612-2299. I provide this supplemental affidavit (the "Supplemental Affidavit") on behalf of E&Y LLP in further support of the retention of E&Y LLP by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to the Order Authorizing the Retention and Payment of Professionals Utilized in the Ordinary Course *nunc pro tunc* to the Petition Date, dated February 5, 2009 (D.I. 236) (the "Order"). This Supplemental Affidavit supplements my original affidavit filed on March 12, 2009 (the "Original Affidavit").

---

[1] The Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

2. Except as otherwise indicated, all facts set forth in this Supplemental Affidavit are based upon my personal knowledge, information and belief, information supplied to me by other partners and/or employees of E&Y LLP, information learned from client matter records kept in the ordinary course of business that were reviewed by me or other employees of E&Y LLP under my supervision and direction, my experience and knowledge of the Debtors' operations and financial condition, and/or my experience from working on matters similar to this engagement. If called as a witness, I would testify competently to the matters set forth herein.

3. As described in the Original Affidavit, the nature and scope of the services provided to the Debtors by E&Y LLP pursuant to the Order are indirect tax services, including sales and use tax compliance, sales and use tax audit assistance, sales and use tax consulting and refund and credit services ("Indirect Tax Matters and Services").

4. This Supplemental Affidavit is made to disclose that the Transaction Advisory Services group of E&Y LLP ("EY-TAS") is being retained to perform due diligence services (the "Due Diligence Services" as described more fully below) for a potential purchaser (the "Purchaser") of the assets of one of the Debtors' business units. The Debtors have consented to E&Y-TAS' retention by the Purchaser as disclosed herein.

5. The Due Diligence Services consist of fact-gathering and reporting services that do not involve, and will not involve, advocacy or negotiation on behalf of the Purchaser. For example, EY-TAS will engage in financial and accounting due diligence in (i) obtaining and analyzing historical and projected financial information with respect to the business, including capital expenditures, working capital and overhead; and (ii) analyzing financial statement line items, and business trends in the business. The Due Diligence Services also may include (a) tax due diligence in assisting to identify potential tax exposures, (b) human resources due diligence

in obtaining and understanding the mechanics and financial and tax implications of the business' employee benefits and (c) information technology due diligence in assisting in the assessment of the remaining useful life, technical capability and functionality of information systems of the business. E&Y-TAS is not being engaged to provide testimony, and will not testify in connection with the Due Diligence Services (unless required to do so by Court Order).

6. The Due Diligence Services will not include any review or any other services with respect to Indirect Tax Matters and Services, which are the matters that the Debtors have retained E&Y LLP to address for them. These matters are expressly carved out from the Due Diligence Services. Therefore, the Due Diligence Services do not encompass any adversity on the part of E&Y LLP with respect to the matters for which E&Y LLP has been engaged by the Debtors.

7. Moreover, the Due Diligence Services will be provided by different personnel (the "Due Diligence Personnel") than those who have performed, and are performing, Indirect Tax Matters and Services (the "Indirect Tax Personnel") for the Debtors during the pendency of these chapter 11 cases. Moreover, the Due Diligence Personnel do not now, and will not, during the course of the provision of the Due Diligence Services, have access to any of the files, information or documents (including computer servers) of the Indirect Tax Personnel. The materials and information of the Indirect Tax Personnel on the one hand, and the Due Diligence Personnel on the other hand, have been and will continue to be during these chapter 11 cases kept separated by a confidentiality wall and will not be verbally, electronically or physically shared between the Indirect Tax Personnel and the Due Diligence Personnel, except to the extent

that the Debtors authorize a sharing of information, subject to any Court-approved sale and bid procedures as may be adopted under section 363 of the Bankruptcy Code.

8. Nothing herein is intended to exempt the Purchaser from any requirements in any bidding procedures established by the Court for the sale.

9. I believe that the Due Diligence Services do not render E&Y LLP's provision of services adverse to the Debtors with respect to the matters for which the Debtors have engaged E&Y LLP under the Order or cause E&Y LLP to hold or represent an interest adverse to the estate with respect to the matters for which the Debtors have engaged E&Y LLP under the Order.

_____
James Scott

Dated: 5-26-09

Sworn to and subscribed before me this 26 day of May, 2009.

_____
Notary Public

My Commission Expires: 12-27-09