IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------X
:
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
:
                Debtors. : Jointly Administered
:
:
---------------------------------------------------------------------X

SUPPLEMENTAL DISCLOSURE AND DECLARATION
OF TERRY W. SIMON PURSUANT TO FED. R. BANKR. P. 2014
AND ORDER AUTHORIZING DEBTORS TO EMPLOY, RETAIN AND
COMPENSATE PROFESSIONALS IN THE ORDINARY COURSE

      Terry W. Simon, being duly sworn, upon his/her oath, deposes and says:

      1.    I am a Certified Public Accountant and a member of KPMG LLP, located at 300 North Greene Street, Suite 400, Greensboro, North Carolina (the "Company" or "Firm"). I submit this Supplemental Disclosure and Declaration on behalf of KPMG LLP in further support of the retention and employment of KPMG LLP as an ordinary course professional to the Debtors to audit certain of the Debtors' pension plans.

      2.    The facts set forth in this Supplemental Disclosure and Declaration are based upon my personal knowledge, upon information and belief and upon client matter records kept in the ordinary course of business that were received by me or other employees of KPMG LLP under my supervision and direction. Capitalized terms used

---

[1] The Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

herein but not otherwise defined shall have those meanings set forth in the declaration of Terry W. Simon dated March 5, 2009 (the "Original Declaration").

3.  KPMG LLP has been contacted by a party that is interested in purchasing some or all of the Debtors' assets ("Purchaser A").  Purchaser A wishes to retain and employ KPMG LLP to assist in the review, due diligence, and evaluation of the Debtors' assets that may be subject to a possible sale.

4.  At this time, due to the competitive nature of the bidding process and the number of interested parties, Purchaser A has requested that KPMG LLP not disclose its specific identity.  To the extent that the identity of Purchaser A becomes public information, KPMG LLP will file a supplemental disclosure and declaration at that time.  If and when the identity of the Purchaser A is disclosed, and if there are material facts that differ from the representations set forth herein, the Office of the United States Trustee shall retain the right to object to such supplemental disclosure and declaration.

5.  To the best of KPMG LLP's knowledge, Purchaser A is not an "insider" in these bankruptcy cases as defined in 11 U.S.C. § 101(31).

6.  KPMG LLP's policy with respect to conflicts does not prevent it from performing services for both the Debtors' pension plans and Purchaser A, whose consent has been obtained.  KPMG LLP has determined that it can perform both the continued service as auditors of the pension plans and the due diligence services on behalf of Purchaser A without compromising its objectivity in either case, and has so informed the Debtors and Purchaser A.  To the best of my knowledge, the pension plan audits provided to the Debtors shall not be the subject of any due diligence services to be performed for

Purchaser A. Both the Debtors and Purchaser A have consented to such engagements on the terms set forth herein.

7.      In association with its employment by Purchaser A and KPMG LLP's continued employment by the Debtors as an ordinary-course professional, KPMG LLP shall put in place internal procedures to avoid the sharing, inadvertent or otherwise, of confidential information between those KPMG LLP professionals working on behalf of the Debtors with those KPMG LLP professionals working on behalf of Purchaser A. Under these procedures, KPMG LLP will assign different professionals to work on the two different matters, and the KPMG LLP professionals working for Purchaser A will not share any information or discuss any matters related to that engagement with those KPMG LLP professionals working for the Debtors, and vice versa.

8.      Subject to the disclosures herein and to those disclosures set forth in the previous filings in connection with KPMG LLP's retention by the Debtors, KPMG LLP does not hold or represent an interest adverse to the estates that would impair KPMG LLP's ability to objectively perform professional services for the Debtors, notwithstanding its retention and employment by Purchaser A as described herein.

9.      Subject to the disclosures herein and to those disclosures set forth in the previous filings in connection with KPMG LLP's retention by the Committee, KPMG LLP is and continues to be a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code, notwithstanding its retention and employment by Purchaser A as described herein.

10.     This declaration is provided in accordance with Sections 328 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014.

I declare pursuant to 28 U.S.C. § 1746 and under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

*Terry W. Simon*

Terry W. Simon
KPMG LLP

Executed on June 2, 2009

4

\\FIN\224299.7

# CERTIFICATE OF SERVICE

I, Roberta Trowbridge, certify that I am not less than 18 years of age, and that service of the foregoing Supplemental Disclosure and Declaration Of Terry W. Simon Pursuant To Fed R. Bankr. P. 2014 And Order Authorizing Debtors To Employ, Retain And Compensate Professionals In The Ordinary Course was caused to be served on June 2, 2009, in the manner indicated upon the entities identified below.

Dated: June 2, 2009

                KING & SPALDING LLP

                /s/ Roberta Trowbridge
                Roberta Trowbridge
                Legal Assistant
                1185 Avenue of the Americas
                New York, NY 10036
                Tel. No. 212-556-2100
                Fax No. 212-556-2222

**VIA FIRST CLASS U.S. MAIL:**

Derek C. Abbott, Esq.,
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

James L. Bromley, Esq
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza,
New York, New York 10006

Office of the United States Trustee
Attn: Thomas P. Tinker, Esq.
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19801.

Fred I lodara, Esq
Akin Clump LLP
One Bryant Park
New York, NY 10036.