## EXHIBIT B

June 01, 2009

Court File No: 09-CL-79

ONTARIO
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

Proceeding commenced at Toronto

MOTION RECORD
Nortel-LGE Joint Venture Sale Process
(returnable June 1, 2009)

OGILVY RENAULT LLP
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street
P.O. Box 84
Toronto, Ontario M5J 2Z4

Derrick Tay LSUC#: 21152A
Tel: (416) 216-4832
Email: dtay@ogilvyrenault.com

Mario Forte LSUC#: 27293F
Tel: (416) 216-4870
Email: mforte@ogilvyrenault.com

Jennifer Stam LSUC #46735J
Tel: (416) 216-2327
Email: jstam@ogilvyrenault.com

Fax: (416) 216-3930

Lawyers for the Applicants

IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

1) D. Tay + J. Stam for NNC et al Jun 1/09
2) J. Carhart + J. [illegible] for LGE.
3) J. Pasquariello for E+Y Inc.
4) M. Starnino for [illegible]
5) K. M'Elcheran for [illegible]
6) R. Tom Jackson for UCC
7) G. Finlay for [illegible] N Nortel
8) M. Needham for [illegible]

The motion was not opposed - the Monitor has filed a Report and supports the Motion.

The Route has reviewed the

terms of the proposed engagement of Goldman Sachs as financial advisor and is satisfied that the protections being provided to Goldman are reasonable in the circumstances.

The Sale Protocol contemplates that the interest of both parties to the Joint Venture will be considered. The Monitor reports that the Protocol is based on the following principles:

- Value maximization for NNL, LGE and the Joint Venture
- Protection of Joint Venture customer interests
- Protection of Joint Venture employee interests; and
- Recognition that time is of the essence.

The Protocol also provides that the Monitor will supervise, facilitate and oversee the Sales Process subject to the Protocol and that the Sales Process contemplates, that NNL, LGE and the Monitor

will review the bids and select one or more parties with which to negotiate a definitive agreement, such agreement to be conditional upon ~~its~~ ~~Khrouth~~ court approval.

With respect to the payment of Goldman Sachs, I note that Nortel has undertaken that it will not agree to pay, or pay any "additional incentive fee" to Goldman, as contemplated by the Engagement Letter, without further order of this Court, on proper prior notice to the Unsecured Creditors' Committee and the Noteholders who have expressed concerns regarding any such proposed payment to Goldman.

Court File No: 09-CL-7950

IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

Proceeding commenced at Toronto

**ORDER**
(Nortel-LG Joint Venture Sale Process Order)

OGILVY RENAULT LLP
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street
P.O. Box 84
Toronto, Ontario M5J 2Z4, Canada

Derrick Tay LSUC#: 21152A
Tel: (416) 216-4832
Email: dtay@ogilvyrenault.com

Mario Forte LSUC#: 27293F
Tel: (416) 216-4870
Email: mforte@ogilvyrenault.com

Jennifer Stam LSUC #46735J
Tel: (416) 216-2327
Email: jstam@ogilvyrenault.com
Fax: (416) 216-3930
Lawyers for the Applicants

83

---

I am satisfied that the record supports the requested relief and accordingly NNL is authorized to sell its interest in the Joint Venture with LG Electronics Inc. in accordance with the Sales Process and further that Protocol is approved.

The engagement of Gordian Sachs [NNL] is also approved in accordance with the terms of the Engagement Letter. Gordian Sachs is entitled to the benefit of and are granted a charge (the "Gordian Charge") as provided for in paragraph 6 of the Order.

DOCSTOR: 1694440416

I am also satisfied that the appendix to the 12th Report contains sensitive commercial information, the release of which would be harmful to the parties and accordingly this document is to be sealed pending further order.

It is my understanding that the parties intend to seek recognition of this order in both the United States and the Republic of Korea. A cross-border protocol, which includes a communications protocol, has already been approved with respect to this Court and the U.S. Bankruptcy Court. To the extent that it may be of assistance, this Court is certainly open to a similar protocol with the Court in the Republic of ~~Korea~~ Korea, should the parties so desire.

An order shall issue in the form presented. [subject to edits if typed]