**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NORTEL NETWORKS INC.., et al., | Case No. 09-10138 (KG) |
| Debtor. | Jointly Administered |

**OBJECTION OF NEOPHOTONICS CORPORATION TO**
**TREATMENT OF RECLAMATION CLAIM IN**
**DEBTORS' SECOND RECLAMATION NOTICE**

NeoPhotonics Corporation, ("NeoPhotonics"), by and through its undersigned counsel, files this objection and response (the "Objection") to the Debtors' Second Reclamation Notice filed on May 14, 2009 (the "Second Reclamation Notice") (Docket No. 756). In support of its Objection, NeoPhotonics respectfully states as follows:

### I.   BACKGROUND

1. On January 14, 2009 ("Petition Date"), Nortel Networks Inc. ("Nortel") and its affiliated debtors[1] (to be collectively referred to as the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors have continued to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. § 1409(a). This Objection concerns a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2).

---

[1] Nortel Networks Inc., Nortel Networks Capital Corporation, Alteon WebSystems, Inc., Alteon WebSystems International, Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc. and Nortel Networks Cable Solutions Inc.

3.     NeoPhotonics manufactures and sells active and passive optical components (the "Parts") for every network market segment. NeoPhotonics has supplied Parts to Nortel pursuant to a Master Purchase and Sale Agreement, No 07-1222, entered into on or about January 1, 2007 (the "Agreement") and subsequent purchase orders received from Nortel and its subsidiaries and affiliates (the "Purchase Orders").

4.     Immediately following the Petition Date, NeoPhotonics and Nortel were in continuous communication regarding shipments Nortel required from NeoPhotonics, open purchase orders and the like. NeoPhotonics' communications with Nortel were through Nortel's employees, purchase agents Annie Hakim and Morag Cowell, among others.

5.     On February 3, 2009, in accordance with sections 503 and 546(c) of the Bankruptcy Code, 11 U.S.C. §§101 *et. seq.* and section 2-702 of the Uniform Commercial Code, NeoPhotonics filed its Notice of Reclamation Demand for reclamation of Parts delivered to and received by the Debtors in the 45 days prior to the Petition Date, and having a value of not less than $475,540.00 (the "Reclamation Claim") (Docket No. 206). The Parts were identifiable and in Debtors' possession at the time of the filing of the Reclamation Claim, and a listing of the product line, Nortel entity delivered to, shipping date and invoice amount evidencing the Parts and the amounts due as demanded in the Reclamation Claim are attached as Exhibit 1 to the Reclamation Claim.

6.     On February 19, 2009, this Court entered its Order Pursuant to sections 105(a), 362 and 546(c) of the Bankruptcy Code Approving Procedures for Addressing Reclamation Demands (the "Reclamation Procedures Order") (Docket No. 336). On May 8, 2009, NeoPhotonics sent the Debtors a notice in compliance with the Reclamation Procedures Order attaching the required form for filing claims under 11 U.S.C. section 503(b)(9).

7.    On or about May 14, 2009, the Debtor served its Second Reclamation Notice. Exhibit A to that notice contained a chart reflecting the Reclamation Claim of NeoPhotonics as $0. The box next to the $0 value stated: "demand contained insufficient information to proceed."

## II.    OBJECTIONS TO THE RECLAMATION DEMAND NOTICE

8.    NeoPhotonics delivered a valid and sufficient written demand to the Debtor within twenty days after the Petition Date, while the Debtor was insolvent, for identifiable Parts that were in possession of the Debtor at the time of demand. Nothing further is required pursuant to 11 U.S.C. §546(c). *Eagle Indus. Truck Mfg. Inc. v. Cont'l Airlines, Inc.(In re Cont'l Airlines, Inc.)*, 125 B.R. 415, 417 (Bankr. D. Del. 1991) (citing *Conoco, Inc. v. Braniff, Inc. (In re Braniff, Inc.)*, 113 B.R. 745, 751 (Bankr. M.D. Fla. 1990). The statement "demand contained insufficient information to proceed" is wholly inadequate to defeat NeoPhotonics' valid reclamation claim. In good faith, NeoPhotonics contacted Nortel after receiving the Second Reclamation Notice to determine what was meant by the phrase "demand contained insufficient information", and was advised by Nortel's counsel that the Reclamation Claim did not contain sufficient information to locate the Parts. Counsel cited to *In re Braniff* in support of its assertion that a debtor must be capable of identifying the goods immediately to comply with the reclamation demand. However, *Braniff* does not stand for such proposition. Indeed, in *In re Braniff*, the Florida bankruptcy court determined that the claimants demand was legally sufficient and looked at the information that the debtor had at the time of the demand and concluded that, as to certain oil, the demand was sufficient even though the debtor was not able to identify the claimant's specific oil immediately. *Braniff*, 113 B.R. at 753-754. Unlike the oil being delivered in *Braniff*, NeoPhotonics' Parts are not a "fungible, bulk good" delivered into a common tank that becomes easily unidentifiable. *Id.* at 755.

9. Moreover, because NeoPhotonics had been in constant communication with Nortel before, during and after the Reclamation Claim was filed, the assertion that the information provided by NeoPhotonics was insufficient to identify the Parts is entirely disingenuous. *See e.g. Scotts Co. v. Hechinger Co. (In re Hechinger Inv. Co. of Del., Inc)*, 274 B.R. 402, 407 (Bankr. D. Del. 2001) (Identification of the goods is not the sole obligation of the reclaiming Vendor). The *Hechinger* Court noted three situations where a supplier's demand might provide the debtor adequate information, including where a computer based inventory control system made identification of the goods possible. *Id.* In addition to knowing the NeoPhotonics personnel and their Parts, and the ongoing communications between the parties, Nortel had a computerized system capable of identifying the Parts. Under applicable case law and given the factual circumstances, including the identification of the Parts in the demand letter, the dialogue among NeoPhotonics and the Debtor regarding continued delivery of the Parts, and the nature of the goods delivered, it is clear that the Reclamation Claim was sufficient to identify the goods described therein.

### III.   CONCLUSION

10. Based on the foregoing, the full amount of NeoPhotonics' Reclamation Claim should be allowed and granted, and the allegations and basis for rejection of NeoPhotonics' Reclamation Claim overruled.

11. On May 8, 2009 NeoPhotonics requested an allowance and payment of an administrative expense claim pursuant to Section 503(b)(9) of the Bankruptcy Code (or otherwise) with respect to certain of the Parts delivered within twenty days of the Petition Date.

NeoPhotonics specifically reserves its right to supplement its request for allowance and payment of an administrative claim with respect to such Parts, and to the extent the Reclamation Claim is not allowed in full. This Objection constitutes NeoPhotonics' objection to Debtors' proposed denial of portions of NeoPhotonics' Reclamation Claim as set forth in the Second Reclamation Notice, in accordance with Paragraph 2(e) of the Procedures. NeoPhotonics requests that, in the event that NeoPhotonics' and the Debtors cannot resolve their dispute, this Court set a hearing for final determination with respect to the allowance of the Reclamation Claim. NeoPhotonics reserves its right to assert additional objections to the Debtors' proposed treatment of the Reclamation Claim, to submit a detailed statement of points and authorities in support of the Reclamation Claim, and to provide additional evidence of the Reclamation Claim's validity at or prior to a hearing on this Objection.

Dated: June 3, 2009

**POTTER ANDERSON & CORROON LLP**

_____
Theresa V. Brown-Edwards (DE Bar No. 4225)
Hercules Plaza
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000

and

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
Carren B. Shulman, Esq.
30 Rockefeller Plaza, 24th Floor
New York, New York 10112
Tel: (212) 332-3800

*Attorneys for NeoPhotonics Corporation*