IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
:
*In re*                                                         :     Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                              :     Case No. 09-10138 (KG)
:
            Debtors.                :     Jointly Administered
:
---------------------------------------------------------------X     Objections Due: June 23, 2009 at 4:00 p.m. (ET)

**FIRST INTERIM APPLICATION OF SHEARMAN & STERLING
LLP, AS NON-ORDINARY COURSE PROFESSIONAL SPECIAL
LITIGATION COUNSEL TO DEBTORS AND DEBTORS-IN-POSSESSION,
FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM
REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES
<u>INCURRED FOR THE PERIOD JANUARY 14, 2009 THROUGH APRIL 30, 2009</u>**

| | |
|---|---|
| Name of Applicant: | SHEARMAN & STERLING LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | February 18, 2009 <u>nunc pro tunc</u> to January 14, 2009 |
| Period for which Compensation and reimbursement is sought: | January 14, 2009 Through April 30, 2009 |
| Amount of compensation sought as actual, reasonable and necessary: | $237,602.00 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $4,774.38 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

508229.7

This is an _x_ interim    ___ final application

The total time expended for fee application preparation is approximately 10 hours and the corresponding compensation requested is approximately $4,200.00.[2]

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| N/A | | | |

---

[2] Allowance for compensation for such time is not requested in this application but will be sought in a subsequent fee application.

# COMPENSATION BY PROFESSIONAL

All Matters

January 14, 2009 Through April 30, 2009

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Tai H. Park | Partner/Litigation | 950 | 6.5 | 6,175.00 |
| Marc Ashley | Counsel/Litigation | 745 | 48.2 | 35,909.00 |
| Elizabeth R. Weiss (2001) | Associate/Litigation | 630 | 54.6 | 34,398.00 |
| Parthapratim Chanda (2004) | Associate/Litigation | 580 | 40.4 | 23,432.00 |
| Brian Burke (2005) | Associate/Litigation | 525 | 17.7 | 9,292.50 |
| Terence P. Gilroy (2006) | Associate/Litigation | 525 | 132.6 | 69,615.00 |
| Kelly McDonald (2006) | Associate/Bankruptcy | 525 | 0.8 | 420.00 |
| Ira E. Wiener | Managing Attorney | 340 | 1.8 | 612.00 |
| James H. Tucker | Research Specialist | 200 | 0.6 | 120.00 |
| Marianna Orenshteyn | Legal Assistant Coordinator | 235 | 4.2 | 987.00 |
| Mary Glennon | Paralegal | 245 | 155 | 37,975.00 |
| G. William Bartholomew | Paralegal | 185 | 0.8 | 148.00 |
| Nafisa Isa | Paralegal | 185 | 88.5 | 16,372.50 |
| Luis Feliciano | Case Clerk | 185 | 4.0 | 740.00 |
| Alfredo Flores | Case Clerk | 185 | 0.5 | 92.50 |
| Bryan Jankay | Case Clerk | 185 | 1.1 | 203.50 |
| Tyrone McBride | Case Clerk | 185 | 0.5 | 92.50 |
| Maria Molinelli | Case Clerk | 185 | 1.3 | 240.50 |
| Ruth Sheopaul | Case Clerk | 185 | 4.2 | 777.00 |
| **Total** | | | 563.3 | $237,602.00 |
| **Grand Total:** $237,602.00 | | | | |
| **Blended Rate:** $421.80 | | | | |

508229.7

## COMPENSATION BY MATTER

January 14, 2009 Through April 30, 2009

| Matter | Total Hours | Total Fees |
|---|---|---|
| Nortel Networks Limited – Reserves Release (02205-00016) (In re Nortel Networks Corporation Securities Litigation, 01-CV-1855 (RMB) (S.D.N.Y.); In re Nortel Networks Corporation Securities Litigation, 05-MD-1659 (LAP) (S.D.N.Y.)) | 87.7 | $31,293.00 |
| Nortel Networks Limited – March 2004 ERISA Action (02205-00018) (In re Nortel Networks Corp. ERISA Litigation, 3:03-MD-1537 (M.D. Tenn.) | 8.0 | $2,044.50 |
| Nortel Networks Limited – Epicon Litigation (02205-00020) (Domenikos v. Roth, et al., 05-CV-2080 (S.D.N.Y.) | 52.2 | $27,152.50 |
| Nortel Networks Limited - Investigations (02205-00021) (Securities & Exchange Commission investigation and related proceedings) | 415.4 | $177,112.00 |
| **Total** | 563.3 | $237,602.00 |

508229.7

## EXPENSE SUMMARY

All Matters

January 14, 2009 Through April 30, 2009

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Messenger Service | | 20.00 |
| Postage and Courier | | 3.29 |
| Federal Express | | 12.72 |
| Duplicating | In House | 451.30 |
| Duplicating | Off-Site | 48.00 |
| Spec. Duplicating | | 24.00 |
| Electronic Docket Information | Court Alert | 1,086.57 |
| Electronic Docket Information | Pacer | 87.50 |
| Electronic Docket Information | E-Law | 117.09 |
| Electronic Docket Information | Court Link | 25.85 |
| Computer Research | Lexis-Nexis | 56.25 |
| Computer Research | Westlaw | 1,676.77 |
| Telephone | | 7.65 |
| Overtime Expenses | | 22.89 |
| Other Information Services | Incisive Media | 1,134.50 |
| **Total Expenses:** | | **$4,774.38** |

508229.7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
: 
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[3] : Case No. 09-10138 (KG)
:
                        Debtors. : Jointly Administered
:
------------------------------------------------------------X    Objections Due: June 23, 2009 at 4:00 p.m. (ET)

**FIRST INTERIM APPLICATION OF SHEARMAN & STERLING
LLP, AS NON-ORDINARY COURSE PROFESSIONAL SPECIAL
LITIGATION COUNSEL TO DEBTORS AND DEBTORS-IN-POSSESSION,
FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM
REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES
<u>INCURRED FOR THE PERIOD JANUARY 14, 2009 THROUGH APRIL 30, 2009</u>**

Shearman & Sterling LLP ("Shearman & Sterling"), non-ordinary course professional special litigation counsel for Nortel Networks, Inc. and certain of its affiliates (collectively, the "<u>Debtors</u>"), submits this application (the "<u>Application</u>") for interim allowance of compensation for professional services rendered by Shearman & Sterling to the Debtors for the period January 14, 2009 through April 30, 2009 (the "<u>Application Period</u>") and reimbursement of actual and necessary expenses incurred by Shearman & Sterling during the Application Period under sections 330 and 331 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "<u>Local Rules</u>"), the United States

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

508229.7

Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines") and the Order Under 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members (D.I. 222) (the "Interim Compensation Procedures Order")[4]. In support of this Application, Shearman & Sterling represents as follows:

## JURISDICTION

1.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.  On January 14, 2009 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' jointly administered bankruptcy cases.

3.  On January 26, 2009, the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors.

---

[4] Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order. (See D.I. 222.)

508229.7

## SHEARMAN & STERLING'S RETENTION

4.  Prior to the Petition Date, the Debtors engaged Shearman & Sterling as counsel to the Debtors, their Canadian parents, and certain of Debtors' officers and directors in In re Nortel Networks Corporation Securities Litigation, 01-CV-1855 (RMB) (S.D.N.Y.); In re Nortel Networks Corporation Securities Litigation, 05-MD-1659 (LAP) (S.D.N.Y.); In re Nortel Networks Corp. ERISA Litigation, 3:03-MD-1537 (M.D. Tenn.); Domenikos v. Roth, et al., 05-CV-2080 (S.D.N.Y.); and other related proceedings and investigations arising from certain of the Debtors' financial restatements and related events, including representation of the Debtors before the United States Securities and Exchange Commission (collectively, "Pending Litigations"). On February 18, 2009, this Court entered the Order Pursuant to 11 U.S.C. Sections 327(e) Authorizing the Retention and Employment of Shearman & Sterling LLP as Non-ordinary Course Professional Special Litigation Counsel for the Debtors *Nunc Pro Tunc* to January 14, 2009. (D.I. 323.)

## FEE PROCEDURES ORDER

5.  On February 4, 2009, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

6.  In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each calendar month. Provided that there are no objections to such Monthly Fee Application filed within twenty (20) days after the service of a Monthly Fee Application, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such

508229.7

Monthly Fee Application. If a partial objection to the Monthly Fee Application is filed, then the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

### **RELIEF REQUESTED**

7. Shearman & Sterling submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered as Non-ordinary Course Professional Special Litigation Counsel in the Pending Litigations for the period from January 14, 2009 through April 30, 2009, and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Debtors during that same period.

8. During the period covered by this Application, Shearman & Sterling incurred fees in the amount of $237,602.00. For the same period, Shearman & Sterling incurred actual, reasonable and necessary expenses totaling $4,774.38. With respect to these amounts, as of the date of this Application, Shearman & Sterling has received no payments.

9. Set forth on the foregoing "Compensation by Matter" is a summary by matter of the time expended by timekeepers billing time to these cases.

10. During the Application Period, Shearman & Sterling provided extensive services in response to requests for information from the Enforcement Staff of the Securities and Exchange Commission. The requests related to the Enforcement Staff's discovery obligations, and the protection of Debtors' interest in confidential information produced to the Securities and Exchange Commission during its investigation of Debtors, in the Securities and Exchange Commission's civil lawsuit against various former Nortel employees arising from certain of the

Debtors' financial restatements and related events. Per the Enforcement Staff's various requests for information, Shearman & Sterling undertook a review of the majority of productions made to the Securities & Exchange Commission on behalf of Debtors by Shearman & Sterling and other law firms acting on Debtor's behalf dating back to the commencement of the Securities & Exchange Commission's investigation of Debtors. Shearman & Sterling met and conferred with the Enforcement Staff and other counsel to Nortel Networks on many occasions throughout the Application Period.

11. Shearman & Sterling also filed papers in support of the bankruptcy stay and conducted pre-trial practice in Domenikos v. Roth, et al., 05-CV-2080 (S.D.N.Y.), including correspondence with Court and other parties to enforce the stay. Shearman & Sterling also prepared for and attended the pre-trial conference on behalf of Debtors.

12. In In re Nortel Networks Corporation Securities Litigation, 01-CV-1855 (RMB) (S.D.N.Y.), during the Application Period Shearman & Sterling drafted and filed papers in support of a reimbursement motion on behalf of Debtors.

13. Exhibit A attached hereto contains logs, sorted by matter, which show the time recorded by professionals, paraprofessionals and other support staff and descriptions of the services provided.

14. Exhibit B attached hereto contains a breakdown of disbursements, sorted by matter, incurred by Shearman & Sterling during the Application Period.

15. Shearman & Sterling charges $.10 per page for internal photocopying.

16. Shearman & Sterling does not charge for outgoing domestic facsimiles or incoming facsimiles.

508229.7

17. In accordance with Local Rule 2016-2, Shearman & Sterling has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

18. Shearman & Sterling has endeavored to represent the Debtors in the most expeditious and economical manner possible. Tasks have been assigned to attorneys, paralegals, and other support staff at Shearman & Sterling so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter.

19. No agreement or understanding exists between Shearman & Sterling and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

20. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**WHEREFORE**, Shearman & Sterling respectfully requests that this Court: (a) allow Shearman & Sterling (i) interim compensation in the amount of $237,602.00 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period January 14, 2009 through April 30, 2009, and (ii) interim reimbursement in the amount of $4,774.38 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the Debtors to pay to Shearman & Sterling the amount of $194,855.98 which is equal to the sum of 80% of Shearman & Sterling's allowed interim compensation and 100% of Shearman & Sterling's allowed expense reimbursement; and (c) grant such other and further relief as is just.

Dated: June 3, 2009
New York, New York

SHEARMAN & STERLNIG LLP

_____
Stuart J. Baskin
Marc Ashley
Elizabeth Weiss
599 Lexington Avenue
New York, New York
Telephone: 212-848-4000
Facsimile: 646-848-4000

*Counsel for the Debtors in Pending Litigations*

508229.7