**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
                                                    :
                                                    :      Chapter 11
*In re*                                             :
                                                    :      Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.,* [1]                 :
                                                    :      Jointly Administered
                              Debtors.              :
                                                    :
                                                    :      **RE: D.I. _____**
                                                    :
------------------------------------------------------------X


**FINAL ORDER (I) AUTHORIZING THE DEBTORS
TO ENTER INTO ONE OR MORE LETTER OF CREDIT AND
BONDING FACILITIES AND (II) GRANTING RELATED RELIEF
PURSUANT TO SECTIONS 105, 361, 362, 363 AND 364 OF THE BANKRUTPCY CODE**

Upon the motion dated June 4, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its

affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the

"Debtors"), for entry of a final order (this "Final Order"), as more fully described in the Motion

(i) authorizing the Debtors to enter into, perform their reimbursement, indemnity and other

obligations under and provide the required cash collateral under the L/C and Bonding Facilities

to be provided by the Sureties / Financial Institutions and (ii) granting the Sureties / Financial

Institutions, automatically perfected first priority security interests in and liens upon segregated

deposit accounts and cash collateral pledged by the Debtors in support of the L/C and Bonding

Facilities and the Debtors' reimbursement and indemnity obligations in respect of the letters of

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification
number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc.
(9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation
(0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks
Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826),
Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable
Solutions Inc. (0567).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at
http://chapter11.epiqsystems.com/nortel.
[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

credit and surety and performance bonds issued thereunder; and the Court having considered the

Motion, the Affidavit of John Doolittle in support of the Motion, and the evidence and arguments

submitted at the interim hearing held on June 11, 2009 (the "Interim Hearing"), and the evidence

and arguments submitted at the final hearing held on June ___, 2009 (the "Final Hearing"); and

this Court having entered on June ___, 2009 an interim order (the "Interim Order") authorizing

the entry into certain L/C and Bonding Facilities on an interim basis as more fully set forth in the

Interim Order; and adequate notice of the Motion, the Interim Hearing, and the Final Hearing

having been provided in accordance with Bankruptcy Rules 4001(b), (c) and (d) and 9014; and it

appearing that no other or further notice is necessary; and the Court having jurisdiction to

consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and

the Court having determined that consideration of the Motion is a core proceeding pursuant to 28

U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in

the Motion establish just cause for the relief requested in the Motion; and it appearing to the

Court that such relief is in the best interests of the Debtors, their estates, their creditors and the

parties in interest and is essential for the continued operation of Debtors' businesses; and it

further appearing that the Debtors are unable to obtain unsecured credit for money borrowed

allowable as an administrative expense under Bankruptcy Code Section 503(b)(1); and upon the

record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED.

2.    All objections to the relief sought in the Motion to the extent not withdrawn or

resolved are hereby overruled.

2

3.     The Debtors are expressly and immediately authorized and empowered to negotiate and enter the L/C and Bonding Facilities and to incur and perform their obligations in accordance with, and subject to, the terms of this Order and the L/C and Bonding Facilities.  The Debtors are hereby authorized to pay, in accordance with this Order, the principal, interest, fees, expenses and other amounts as determined in accordance with all documents comprising the L/C and Bonding Facilities as such become due and without need to obtain further Court approval, provided, however, that prior to entering into any particular L/C and Bonding Facility or paying L/C and Bonding Fees in excess of $50,000 for a specific proposed facility, the Debtors shall provide the U.S. Trustee and counsel to the Committee at least five (5) days prior written notice of the proposed L/C and Bonding Facility or L/C and Bonding Fees, including the proposed issuer, the material terms of the proposed facility and copies of the agreements. If the U.S. Trustee or Committee provides the Debtors' counsel with a written objection (including by electronic mail) to the proposed L/C and Bonding Facility or L/C and Bonding Fees within that period, then to the extent such objection cannot be resolved, the Debtors will seek Court approval of the proposed L/C and Bonding Facility or L/C and Bonding Fees, as applicable.

4.     To the extent that the Debtors enter into specific L/C and Bonding Facilities, the issuer of each facility shall be granted a fully perfected security interest in and first priority lien upon the funds posted as collateral by the Debtors and in any segregated deposit account in which such funds may be deposited from time to time in support of such facility to the extent and pursuant to the terms of the applicable L/C and Bonding Facility.

5.     The Debtors are authorized to execute and deliver all such agreements, instruments and other documents that are necessary or that counterparties reasonably request to document the L/C and Bonding Facilities and to evidence, confirm, validate or perfect the liens

3

on the cash collateral granted pursuant hereto and pursuant to the terms of the L/C and Bonding Facilities.

6.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
           Wilmington, Delaware

                                        _____
                                        THE HONORABLE KEVIN GROSS
                                        UNITED STATES BANKRUPTCY JUDGE