## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X

In re                                        :    Chapter 11

                                             :

Nortel Networks Inc., et al.,[1]             :    Case No. 09-10138 (KG)

                    Debtors.                 :    Jointly Administered

                                             :

                                             :

-----------------------------------------------------------X

## DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. SECTION 102(1) SHORTENING NOTICE OF DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO ENTER INTO ONE OR MORE LETTER OF CREDIT AND BONDING FACILITIES AND (II) GRANTING RELATED RELIEF PURSUANT TO SECTIONS 105, 361, 362, 363 AND 364 OF THE BANKRUPTCY CODE

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in

possession (collectively, the "Debtors"), hereby move this court (the "Motion") for entry of an

order, substantially in the form attached hereto as Exhibit A, pursuant to section 102(1) of title

11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 4001(c)(2) and 9006

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of

the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for

the District of Delaware (the "Local Rules") shortening notice to allow the relief requested by

the Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Enter

---

[1]       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Into One or More Letter of Credit and Bonding Facilities and (II) Granting Related Relief

Pursuant to Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code (the "L/C Motion") to

be considered on an expedited basis.  In support of this Motion, the Debtors rely on the

Declaration of John Doolittle in Support of Debtors' Motion for Entry of Interim and Final

Orders (I) Authorizing the Debtors to Enter Into One or More Letter of Credit and Bonding

Facilities and (II) Granting Related Relief Pursuant to Sections 105, 361, 362, 363 and 364 of the

Bankruptcy Code respectfully represent as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105, 363 and 364

of the Bankruptcy Code, as supplemented by Bankruptcy Rules 4001(c)(2), 9006 and Local Rule

9006-1(e).

## Background

**A.    Introduction**

3.      On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions

for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks

Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and

together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their

2

Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario

Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement

Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian

Proceedings").  The Canadian Debtors continue to manage their properties and operate their

businesses under the supervision of the Canadian Court.  Ernst & Young Inc., as court-appointed

Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the

"Monitor"), has filed petitions in this Court for recognition of the Canadian Proceedings as

foreign main proceedings under chapter 15 of the Bankruptcy Code.  On January 14, 2009, the

Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign

proceeding under section 18.6 of the CCAA.  On February 27, 2009, this Court entered an order

recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the

Bankruptcy Code.  In addition, at 8 p.m. (London time) on January 14, 2009, the High Court of

Justice in England placed nineteen of Nortel's European affiliates (collectively, the "EMEA

Debtors")[3] into administration under the control of individuals from Ernst & Young LLC

(collectively, the "Joint Administrators").  On May 28, 2009, at the request of the

Administrators, the Commercial Court of Versailles, France (Docket No. 2009P00492) ordered

the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"),

which consist of liquidation proceedings during which NNSA will continue to operate as a going

concern for an initial period of three months.  In accordance with the European Union's Council

---

[2]       The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology
Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[3]       The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A.,
Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel
Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks
B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel
Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks
Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

Regulation (EC) No. 1346/2000 on Insolvency Proceedings, the English law proceedings remain the main proceedings in respect of NNSA.

6.    On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

7.    On January 26, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142].  An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group").  No trustee or examiner has been appointed in the Debtors' cases.

**B.    Debtors' Corporate Structure and Business**

8.    A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases are set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3] (the "First Day Declaration").[4]

**C.    The L/C Facilities Motion**

9.    The Debtors have not sought approval of any post-petition financing to date in these chapter 11 cases.  Instead, as described more fully in the L/C Motion, the Debtors have to date relied upon a support facility provided through Export Development Canada ("EDC," Canada's federal export credit agency, which provides financing support to Canadian exporters) that backstopped certain letters of credit and surety and performance bonds on behalf of various

---

[4]    Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

Nortel entities, including the Debtors.  For reasons outlined in the L/C Motion, the Debtors have

determined that it is necessary and in their business interests to obtain independent sources of

financing for the issuance of surety and performance bonds on their behalf for the benefit of their

U.S. customers and other limited purposes enumerated in the L/C Motion, consistent with their

prior practices.

10.     To this end, the Debtors have had discussions with a number of financial

institutions and sureties regarding their willingness to provide a facility for the issuance of new

letters of credit and performance and surety bonds, and have identified certain issuers and at least

one surety who may be willing to consider issuing bonds on behalf of the Debtors (the "L/C and

Bonding Facilities").  However, the Debtor's discussions with potential lenders have made clear

that as a condition to entering into the L/C and Bonding Facilities and obtaining the needed

surety and performance bonds, the Debtors must obtain authorization, pursuant to section

364(c)(2) of the Bankruptcy Code, to grant the sureties and financial institutions automatically

perfected security interests in and first priority liens upon certain cash collateral.

11.     Immediate and ongoing access to the types of letters of credit and surety and

performance bonds described in the L/C Motion is critical to the Debtors' ability to continue to

do business with their customers in the United States.

### Relief Requested

12.     By this Motion, the Debtors seek the entry of an order (a) shortening the notice

period for the L/C Motion to enable the Debtors to present the L/C Motion for consideration at

the hearing scheduled for June 11, 2009, at 2:00 p.m. (Eastern Time) and (b) setting June 10,

2009 at 12:00 p.m. (Eastern Time) as the objection deadline for the L/C Motion.

## Basis for Relief Requested

13.     Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).  As set forth below, shortening notice is justified here.

14.     Bankruptcy Rule 4001(c)(2) provides that, for motions to obtain credit

> the Court may commence a final hearing on a motion for authority
> to obtain credit no earlier than 15 days after service of the Motion.
> If the motion so requests, the court may conduct a hearing before
> such 15 day period expires, but the court may authorize the
> obtaining of credit only to the extent necessary to avoid immediate
> and irreparable harm to the estate pending a final hearing.

Fed. R. Bankr. P. 4001(c)(2).  Rule 4001(c)(2) applies here because having the L/C Motion heard on shortened notice is necessary to avoid immediate and irreparable harm to the Debtors' estates. If the Debtors are forced to wait until the next omnibus hearing for the L/C Motion to be heard, they risk further delaying negotiations to enter the L/C and Bonding Facilities, hindering their ability to obtain the financing necessary to conduct business with customers in the United States.

15.     As noted above, until the Debtors obtain authorization to enter into the L/C and Bonding Facilities described in the L/C Motion, the potential issuers are unwilling to finalize the proposed agreements memorializing the L/C and Bonding Facilities and provide the letters of credit and surety and performance bonds that the Debtors need to operate their businesses.

16.     For these reasons, the Debtors respectfully submit that allowing the L/C Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

## Notice

17.     Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) Office of the United States Trustee for the District of Delaware; (ii) the Committee; (iii) the Bondholder Group; and (iv) the general service list

established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

### No Prior Request

18.    No prior request for the relief sought herein has been made to this or any other court.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the

relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other

and further relief as it deems just and proper.

Dated:  June 4, 2009             CLEARY GOTTLIEB STEEN & HAMILTON LLP
       Wilmington, Delaware

                                    James L. Bromley (No. 5125)
                                    Lisa M. Schweitzer (No. 1033)
                                    One Liberty Plaza
                                    New York, New York 10006
                                    Telephone:  (212) 225-2000
                                    Facsimile:  (212) 225-3999

                                       - and -

                                  MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                  Derek C. Abbott (No. 3376)
                                  Eric D. Schwartz (No. 3134)
                                  Ann C. Cordo (No. 4817)
                                  Andrew R. Remming (No. 5120)
                                  1201 North Market Street
                                  P.O. Box 1347
                                  Wilmington, Delaware 19801
                                  Telephone:  (302) 658-9200
                                  Facsimile: (302) 658-3989

                                  *Counsel for the Debtors*
                                  *and Debtors in Possession*