UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTEL NETWORKS INC., et al., | ) | Case No. 09-10138-KG |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**EXCELIGHT COMMUNICATIONS, INC.'S OBJECTION TO DEBTORS' SECOND RECLAMATION NOTICE**

Excelight Communications, Inc. ("Excelight") hereby files this Objection to the Debtors' Second Reclamation Notice. In support of Excelight's Objection, it would respectfully show the Court as follows:

Nortel Networks and its affiliated debtors in the above-captioned bankruptcy cases (the "Debtors") commenced their chapter 11 bankruptcy cases on January 14, 2009 (the "Petition Date"). On February 9, 2009 Excelight filed with this Court its *Notice of Reclamation by Excelight Communications, Inc.* (Docket No. 249) (the "Reclamation Demand"), by which Excelight provided formal notice of its previous demands that the Debtors return to Excelight the goods that Excelight had provided to the Debtors during the 45-day period preceding the Petition Date (the "Goods").

On February 19, 2009 the Court entered an *Order Establishing Procedures for Addressing Reclamation Demands Pursuant to Section 105(a), 362 and 546(c) and Rule 9019 of the Federal Rules of Bankruptcy Procedure* (Docket No. 336) (the "Reclamation Procedures Order"). Pursuant to the Reclamation Procedures Order, on May 14, 2009 the Debtors filed *Debtors' Second Reclamation Notice* (Docket No. 756) (the "Reclamation Notice").

75285.000002 EMF_US 27551037v1

The Reclamation Notice objects to Excelights' Reclamation Demand on the basis that the "[d]emand [was] issued more than twenty days after the commencement of the case." Reclamation Notice, Exhibit A, pg. 2.

Although Excelight's Reclamation Demand was not filed with the Court until February 9, 2009, Excelight had previously made several written demands to the Debtors regarding its rights regarding the Goods under applicable law, including the reclamation provisions of the Bankruptcy Code and the Uniform Commercial Code.  Accordingly, Excelight did in fact make written demand for reclamation of the Goods to the Debtors within 20 days of the Petition Date, as required by 11 U.S.C. § 546(c).  This Objection should therefore be sustained.

WHEREFORE, PREMISES CONSIDERED, the Debtors hereby respectfully request that the Court sustain this Objection to the Debtors' Second Reclamation Notice as it relates to Excelight, find that Excelight's Reclamation Demand is valid and proper in all respects, and grant such further relief as to which the Debtors may be entitled.

Dated:  June 5, 2009

**HUNTON & WILLIAMS LLP**

Michael G. Wilson (VSB No. 48927, DE No. 4022)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Telecopy: (804) 788-8218

-and-

*/s/ Lynnette R. Warman*
Lynnette R. Warman
Texas State Bar No. 20867940
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202-2799
Telephone: (214) 468-3393
Telecopy: (214) 740-7181

**ATTORNEYS FOR EXCELIGHT**
**COMMUNICATIONS, INC.**

**CERTIFICATE OF SERVICE**

       This is to certify that on June 5, 2009, a copy of the foregoing Objection was served via the Electronic Case Filing System for the United States Bankruptcy Court for the District of Delaware, and that a written copy of the Objection was served via U.S. first-class mail on June 5, 2009 to the following parties:

| | |
|---|---|
| Nortel Networks, Inc. et al.<br>c/o Cleary Gottlieb Steen & Hamilton, LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Attn:  James Bromley and Lisa Schweitzer | Committee of Unsecured Creditors<br>c/o Akin Gump Strauss Hauer & Feld<br>One Bryant Park<br>New York, New York 10036<br>Attn: Fred Hodara |

Nortel Networks, Inc. et al.
c/o Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, 18th Floor
Wilmington, DE 19899-1347
Attn: Derek C. Abbott

                                                                    */s/ Lynnette R. Warman*
                                                                    Lynnette R. Warman