# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re*                                                  : Chapter 11
:
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                       :
: Jointly Administered
Debtors.                                                 :
:
: RE: D.I. _____
:
---------------------------------------------------------X

**ORDER UNDER 11 U.S.C. §§ 327 AND 328 AUTHORIZING RETENTION AND EMPLOYMENT OF PUNTER SOUTHALL LLC *NUNC PRO TUNC* TO MAY 8, 2009 AS PENSION CO-ADVISOR TO THE DEBTORS AND DEBTORS IN POSESSION**

Upon the application dated, June 5, 2009 (the "Application"),[2] of Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Application, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), (i) authorizing the employment and retention of Punter Southall LLC ("Punter Southall") as pension co-advisor to the Debtors *nunc pro tunc* to May 8, 2009, (ii) approving the terms and conditions under which

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

Punter Southall will be retained and compensated and (iii) granting related relief; and upon the Declaration of Ryan D. McGlothlin in support of the Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Palisades Capital Advisors, LLC *nunc pro tunc* to May 9, 2009 as Pension Advisor to the Debtors, attached as <u>Exhibit B</u> to the Application (the "<u>McGlothlin Declaration</u>"); and adequate notice of the Application having been given as set forth in the Application; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief requested in the Application, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Bankruptcy Rule 2014-1, NNI is authorized to retain and employ Punter Southall as pension co-advisor to the Debtors, *nunc pro tunc* to May 8, 2009, under the terms and conditions set forth in that certain letter dated as of May 8, 2009 (the "<u>Engagement Agreement</u>").

3. The fee structure set forth in the Engagement Agreement, including the indemnification and other provisions provided set forth therein, is approved pursuant to section 328(a) of the Bankruptcy Code, subject to the following modifications:

a. Subject to the provisions of subparagraph (c) beneath, NNI is authorized to indemnify, and to provide reimbursement to, and shall indemnify, and provide reimbursement to, Punter Southall in accordance with the terms of the Engagement Agreement for any claim arising from, related to, or in connection with the services provided for in the Engagement Agreement, but not for any claim arising from, related to, or in connection with Punter Southall's postpetition performance of any other services unless such postpetition services and indemnification therefore are approved by the Court.

b. Notwithstanding any indemnification provisions of the Engagement Agreement to the contrary, NNI shall have no obligation to indemnify Palisades or provide reimbursement to Punter Southall (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Punter Southall's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct, (ii) for a contractual dispute in which NNI alleges the breach of Punter Southall's contractual obligations unless the Court determines that indemnification or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (c), beneath, to be a claim or expense for which Palisades should not receive indemnity or reimbursement under the terms of the Agreement, as modified by this Order.

c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become final and no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Punter Southall believes that it is entitled to the payment of any amounts by NNI on account of NNI's indemnification and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including without limitation the advancement of defense costs, Punter Southall must file an application therefore in this Court, and the NNI may not pay any such amounts to Punter Southall before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for compensation and expenses by Punter Southall for indemnification or reimbursement and is not a provision limiting the duration of NNI's obligation to indemnify Punter Southall.

4. Punter Southall, together with Palisades Capital Advisors, LLC ("Palisades", together with Punter Southall, the "Co-Advisors") will file fee applications for interim and final allowance of compensation, including reimbursement of expenses, pursuant to the procedures set

3

[New York #2058336 v3]

forth in sections 330 and 331 of the Bankruptcy Code; provided, however, that the Co-Advisors shall be compensated pursuant to section 328(a) of the Bankruptcy Code and that the Co-Advisors' compensation shall not be evaluated under the standard set forth in section 330 of the Bankruptcy Code.

5. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, orders of this Court or any guidelines regarding submission and approval of fee applications, in light of the services to be provided Punter Southall and the structure of Punter Southall's compensation pursuant to the Engagement Agreement, Punter Southall and its professionals shall be excused from maintaining time records as set forth in Local Rule 2016 in connection with the services to be rendered pursuant to the Engagement Agreement; provided, however, that Punter Southall shall instead present to the Court daily descriptions of those services provided on behalf of the Debtors, set forth for each individual who provided such services, kept in hour increments with a reasonably detailed description of the services provided.

6. Notwithstanding anything in this Order to the contract, the United States Trustee for the District of Delaware shall retain all rights to object to the Monthly Advisory Fee based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

7. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

5

8.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
       Wilmington, Delaware

                                             THE HONORABLE KEVIN GROSS
                                             UNITED STATES BANKRUPTCY JUDGE