# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
:
:  Chapter 11
*In re*  :
:  Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]  :
:  Jointly Administered
               Debtors.  :
:
:  **RE: D.I.** _____
:
---------------------------------------------------------------X

## ORDER

Upon the motion dated June 5, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 363(b)(1) and 365(d)(4)(B)(ii) of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") extending the deadline by which the Debtors must assume or reject a Lease of non-residential real property upon the Debtors' receipt of a landlord's written consent to such extension; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. An extension of the period for the Debtors to assume or reject a Lease under 11 U.S.C. § 365(d)(4)(B)(ii) shall be effective for such Lease upon the Debtors' receipt of an executed Written Consent Solicitation Letter from the landlord for the Lease (whether executed prior to or after the date of this Order) without need for further court order.

3. The Debtors, after consultation with the Committee regarding any material changes, may agree to modifications to the Written Consent Solicitation Letter to the extent that such modifications do not materially affect the Debtors' estates or increase the amount of notice time the Debtors must provide a landlord prior to any rejection of the related Lease(s) beyond the proposed time periods set forth in the Motion.

4. The extension of time for the Debtors to assume or reject a particular Lease under 11 U.S.C. § 365(d)(4)(B)(ii) shall be for the period through and including the designated date in the executed Written Consent Solicitation Letter for such Lease.

5. On or before August 12, 2009, the Debtors shall file with the Court and serve on each respective landlord a list (the "List") disclosing the names of all landlords that have agreed as of that date, to extensions under 11 U.S.C. § 365(d)(4)(B)(ii) and the duration of each such extension.

6. This Order is without prejudice to the rights of the Debtors, in consultation with the Committee, to seek further extensions of the deadline to assume or reject the Leases or to employ other procedures by which to seek consent to extensions under 11 U.S.C. § 365(d)(4)(B)(ii).

7. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE