## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
                           :

| | |
|---|---|
| *In re* | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |

**Hearing date: June 29, 2009 at a time to be determined.**
**Objections due: June 22, 2009 at 4:00 PM (ET)**

---------------------------------------------------------X

### DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO MAKE CERTAIN TRANSFERS AND PROVIDE FINANCIAL SUPPORT TO THEIR NON-DEBTOR SUBSIDIARIES

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as Exhibit A, authorizing the Debtors to make certain transfers and provide financial support to their non-debtor subsidiaries in accordance with the procedures set forth herein; and granting them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

2.      The statutory bases for the relief requested herein are sections 105(a) and 363 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

## Background

### A.    Introduction

3.      On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February 27, 2009, this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the

---

[2]      The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

Bankruptcy Code. In addition, at 8 p.m. (London time) on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[3] into administration under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators"). On May 28, 2009, at the request of the Administrators, the Commercial Court of Versailles, France (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA will continue to operate as a going concern for an initial period of three months. In accordance with the European Union's Council Regulation (EC) No. 1346/2000 on Insolvency Proceedings, the English law proceedings remain the main proceedings in respect of NNSA.

6.      On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

7.      On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142]. An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

---

[3]      The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

**B.      Debtors' Corporate Structure and Business**

8.      A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3] (the "First Day Declaration").[4]

### Relief Requested

9.      By this Motion, the Debtors seek an order, pursuant to sections 105(a) and 363 of the Bankruptcy Code, authorizing the Debtors to make certain transfers and provide financial support to their non-debtor subsidiaries in accordance with the procedures set forth herein.

### Facts Relevant to this Motion

10.     As discussed in the Debtors' Motion for an Order Pursuant to Sections 345, 363(c)(1), 364(a) and 503(b)(1): (A) Approving the Continued Use of the Cash Management System, Bank Accounts and Business Forms; (B) Permitting Continued Intercompany Transactions, Granting Administrative Priority Status to Postpetition Intercompany Claims and Preserving and Permitting the Exercise of Intercompany Setoff Rights; (C) Authorizing Banks to Honor Certain Transfers and Charge Certain Fees and Other Amounts; and (D) Waiving the Requirements of 11 U.S.C. Section 345(b) on an Interim Basis [D.I. 9] (the "Cash Management Motion"), from time to time prior to the Petition Date certain Nortel affiliates, including NNI and Nortel Networks Capital Corporation, funded intercompany loans and made certain capital contributions to other Nortel Companies on an as-needed basis to fund working capital in the ordinary course of business.  Cash Management Motion at ¶63.

11.     Since the Petition Date, other than through ordinary course cash management practices as described in the Cash Management Motion and approved through the Order Pursuant

---

[4]      Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

to Sections 345, 363(c)(1), 364(a) and 503(b)(1): (A) Approving the Continued Use of the Cash

Management System, Bank Accounts and Business Forms; (B) Permitting Continued

Intercompany Transactions, Granting Administrative Priority Status to Postpetition

Intercompany Claims and Preserving and Permitting the Exercise of Intercompany Setoff Rights;

(C) Authorizing Banks to Honor Certain Transfers and Charge Certain Fees and Other Amounts;

and (D) Waiving the Requirements of 11 U.S.C. Section 345(b) on an Interim Basis [D.I. 58]

(the "Cash Management Order"), as amended in the Order Supplementing Certain of the First

Day Orders [D.I. 239], the Order Further Supplementing Cash Management Motion [D.I. 337]

and in the Third Order Further Supplementing Cash Management Motion [D.I. 589], the Debtors

have not made intercompany loans or capital contributions to their non-debtor affiliates during

these cases.

### Request for Approval of Financial Support

12.     The Debtors have determined that from time to time it may inure to the benefit of

their estates, including through the preservation and realization of their equity interests in their

subsidiaries, to make loans or capital contributions to one or more of their subsidiaries to

maintain or improve the subsidiaries' working capital positions. Specifically, the Debtors seek

authorization to make loans, on a secured or unsecured basis, or equity infusions ("Financial

Support") to their non-debtor subsidiaries from time to time in their business judgment in an

aggregate post-petition amount not to exceed $2 million.

13.     Prior to executing any intercompany loan transaction or making any equity

infusion that would result in outstanding post-petition Financial Support in excess of $100,000

being extended to a specific non-debtor subsidiary, the Debtors propose to provide counsel to the

Committee at least five (5) business days prior written notice of the proposed disbursement of

Financial Support (including by electronic mail), including the amount and terms of the proposed

Financial Support, the business purpose for the transfer along with any relevant documentation

supporting the Financial Support.  If the Committee provides the Debtors' counsel with a written

objection (including by electronic mail) to such Financial Support within that five (5) business

day period, then to the extent such objection cannot be resolved, the Debtors will seek Court

approval, including on an expedited basis if necessary, for the proposed Financial Support.

### Basis for Relief

14.    It is the Debtors' business judgment that the provision of Financial Support to

their subsidiaries on the terms proposed herein constitutes a proper and beneficial use of their

assets under section 363 of the Bankruptcy Code, consistent with their ordinary course business

practices prior to the Petition Date.[5]

15.    Section 363(b) of the Bankruptcy Code permits a debtor to use property of the

estate outside of the ordinary course of business after notice and a hearing.  11 U.S.C. § 363.

The use or transfer of estate property under this provision must be supported by a sound business

purpose.  The Committee of Equity Security Holders v. Lionel Corporation (In re Lionel

Corporation), 722 F.2d 1063, 1070-71 (2d Cir. 1983); Travelers Casualty and Surety Company v.

Future Claimants Representative, No. 07-2785, 2008 WL 821088, at *4 (D.N.J. Mar. 25, 2008);

In re Decora Industries, Inc., No. 00-4459, 2002 WL 32332749, at *2 (D. Del. May 20, 2002);

The Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward

---

[5]    While the Debtors seek authority to make such transfers under section 363(b)(1) of the Bankruptcy Code,
they submit that such transfers would arguably constitute ordinary course payments authorized under section 363(c)
of the Bankruptcy Code.  In re Roth American, Inc., 975 F.2d 949, 952 (3d Cir. 1992) ("The framework of section
363 is designed to allow a trustee (or debtor-in-possession) the flexibility to engage in ordinary transactions without
unnecessary creditor and bankruptcy court oversight, while protecting creditors by giving them an opportunity to be
heard when transactions are not ordinary."); In re Nellson Nutraceutical, Inc., 369 B.R. 787, 797 (Bankr. D. Del.
2007) ("[I]f the Court determines that a transaction is in the ordinary course of a debtor's business, the Court will not
entertain an objection to the transaction, provided that the conduct involves a business judgment made in good faith
upon a reasonable basis and within the scope of authority under the Bankruptcy Code.").

Holding Corp.), 242 B.R. 147, 153 (D. Del. 1999); In re Delaware & Hudson Ry. Co., 124 B.R.

169, 176 (D. Del. 1991). A court determining whether a sound business purpose justifies the

transaction "should consider all salient factors pertaining to the proceeding and, accordingly, act

to further the diverse interests of the debtor, creditors and equity holders, alike." In re

Montgomery Ward, 242 B.R. at 153-54, n.1 (quoting In re Lionel, 722 F.2d at 1071). In

addition, the debtor must show that the transaction has been proposed in good faith, that

adequate and reasonable notice has been provided, and that it is receiving fair value in exchange.

See In re Decora Industries, Inc., 2002 WL 32332749, at *2; In re Delaware & Hudson Ry. Co.,

124 B.R. at 176.

16.     The Debtors respectfully submit that the proposed Financial Support meets each

of the requirements under section 363 of the Bankruptcy Code. The provision of Financial

Support to their subsidiaries from time to time, subject to the review of the Committee for

transfers in excess of $100,000 to a specific subsidiary, is proposed as a good faith means to

preserve and maximize the value of the Debtors' interests, as both a creditor and/or equity

holder, in their various non-debtor subsidiaries. As such, approval of the Financial Support is

not only in the best interests of the Debtors' estates, but is also in the best interests of their

creditors and other stakeholders and should, therefore, be approved by the Court.

### Notice

17.     Notice of the Motion has been given via first class mail to the (i) U.S. Trustee; (ii)

the Committee; (iii) the Bondholder Group; and (iv) the general service list established in these

chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is

necessary.

## No Prior Request

18.     No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:  June 9, 2009
     Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*