**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
                      Debtors. :
:
: **RE: D.I. _____**
:
------------------------------------------------------------X

**ORDER (A) APPROVING THE INTERIM FUNDING AND
SETTLEMENT AGREEMENT, AND (B) GRANTING RELATED RELIEF**

Upon the motion dated, June 9, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "US Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, (a) approving the terms and conditions of the Interim Funding and Settlement Agreement (the "Agreement"), and (b) granting related relief; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the US Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The US Debtors are authorized, but not directed, to enter into the Interim Funding Agreement pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019, and to take any and all actions that may be reasonably necessary or appropriate to perform all obligations contemplated thereunder.

3. NNI is authorized to pay NNL $157 million as set forth in the Interim Funding Agreement as an administrative expense pursuant to sections 503(b) and 363 of the Bankruptcy Code for the Postpetition Services NNL has provided and the Expenses NNL has paid for the benefit of NNI subsequent to the Petition Date.

4. The Total Payment reflects the maximum administrative claim that the Canadian Debtors may assert against the US Debtors for the Postpetition Services and Expenses, as well as the maximum amount that NNI could owe under the Master R&D Agreement.

5. Pursuant to Bankruptcy Rule 9019, the Interim Funding Agreement constitutes a full and final settlement of any and all NNI Interim Obligations, all of the matters set forth in Part A of the Interim Funding Agreement whether arising during, or related to the Canada/US Interim Period, including, without limitation, any relief the Canadian Debtors and the US Debtors intended to seek from this Court and the Canadian Court on June 29 and 30, 2009 or such later date or dates as might be agreed or ordered.

6. Each of NNL and the Canadian Debtors shall indemnify, defend and hold harmless each US Debtor from and against any and all actions, suits, claims, proceedings, costs, damages, losses, liabilities, judgments, amounts, fines, penalties, levies, compensations paid in settlement (provided NNL has agreed in writing to any such settlement), and expenses (including without limitation reasonable attorneys' fees and disbursements) resulting from a claim, demand, lawsuit, action or proceeding relating to, arising from or in connection with Transfer Pricing Payments for the calculation period in the applicable Transfer Pricing Agreements in respect of the Canada/US Interim Period.

7. With respect to any of the matters referred to in Sections 11.c. and 12.a. through 12.f. (inclusive) of the Agreement, as to which the agreement or determination of any of the US Debtors is required, the US Debtors shall include the Creditor Groups in any negotiations on such issues with the Canadian Debtors and/or the EMEA Debtors, or any related proceedings, and any agreement or determination by the US Debtors shall require the prior consent of the Creditor Groups acting in good faith.

8. The failure to specifically describe or include any particular provision of the Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Agreement be approved in its entirety.

9. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the US Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the US Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
      Wilmington, Delaware

                                                                                         THE HONORABLE KEVIN GROSS
                                                                                         UNITED STATES BANKRUPTCY JUDGE