## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
                        :

| | |
|---|---|
| *In re* | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |
| | **RE: D.I. 874** |

-------------------------------------------------------X

### DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. SECTION 102(1) SHORTENING NOTICE OF DEBTORS' MOTION PURSUANT TO 11 U.S.C. § 105(A), § 363, § 503 AND FED. R. BANKR. P. 9019 FOR AN ORDER (A) APPROVING THE INTERIM FUNDING AND  SETTLEMENT AGREEMENT, AND (B) GRANTING RELETED RELIEF

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this court (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to section 102(1) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") shortening notice to allow the relief requested by the Debtors' Motion Pursuant to U.S.C. § 105(a), § 363, §503 and Fed. R. Bankr. P. 9019 for an Order (a) Approving the Interim Funding and Settlement Agreement, and (b) Granting Related Relief (the

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

"Interim Funding Agreement Motion") to be considered on an expedited basis.  In support of this

Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 102(1) of the

Bankruptcy Code, as supplemented by Bankruptcy Rules 9006 and Local Rule 9006-1(e).

## Background

### A.      Introduction

3.      On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions

for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks

Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and

together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their

Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario

Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement

Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian

Proceedings").  The Canadian Debtors continue to manage their properties and operate their

businesses under the supervision of the Canadian Court.  Ernst & Young Inc., as court-appointed

---

[2]      The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology
Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.  On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA.  On February 27, 2009, this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.  In addition, at 8 p.m. (London time) on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[3] into administration (the "EMEA Proceedings") under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators").  On May 28, 2009, at the request of the Administrators, the Commercial Court of Versailles, France (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA will continue to operate as a going concern for an initial period of three months.  In accordance with the European Union's Council Regulation (EC) No. 1346/2000 on Insolvency Proceedings, the English law proceedings remain the main proceedings in respect of NNSA.  On June 8, 2009, the Joint Administrators filed a petition with this Court under chapter 15 of the Bankruptcy Code seeking orders recognizing the EMEA Proceedings as they relate to Nortel Networks UK Limited as foreign main proceedings.

---

[3]     The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks Portugal S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

6.    On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

7.    On January 26, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142]. An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

**B.    Debtors' Corporate Structure and Business**

8.    A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases are set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3] (the "First Day Declaration").[4]

**C.    The Interim Funding Agreement Motion**

9.    The Debtors have entered into the Interim Funding and Settlement Agreement dated as of June 9, 2009 (the "Agreement") with the Canadian Debtors and the EMEA Debtors, excluding Nortel Networks S.A. (the "Parties"). As set forth more fully in the Interim Funding Agreement Motion, the Agreement is proposed as a good faith means to reimburse NNL for actual costs incurred on behalf of NNI during the postpetition period while, at the same time, recognizing that assertions have been made that the transfer pricing regime utilized by the Nortel Group to allocate profits and losses, and certain costs, should no longer apply in light of the

---

[4]    Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

4

current uncertainties relating to Nortel's business. The Agreement further intends to avoid the potential cost and delay of litigation relating to the funding of NNL.

10.     Over the past several weeks, the Parties, in conjunction with the Monitor, the Joint Administrators, the Committee and the Bondholder Group, have worked tirelessly to reach an acceptable compromise regarding the issues settled by the Agreement. These negotiations carried on into the late hours of June 9, 2009.

11.     As the Court is aware, a joint hearing between this Court and the Canadian Court has been scheduled for June 29, 2009 (to be continued on June 30, 2009 if necessary) regarding the funding of NNL by NNI, and other related issues addressed by the Agreement.

### Relief Requested

12.     By this Motion, the Debtors seek the entry of an order (a) shortening the notice period for the Interim Funding Agreement Motion by one day to enable the Debtors to present the Interim Funding Agreement Motion for consideration at the hearing scheduled for June 29, 2009, at 9:00 a.m. (Eastern Time) and (b) setting June 22, 2009 at 4:00 p.m. (Eastern Time) as the objection deadline for the Interim Funding Agreement Motion.

### Basis for Relief Requested

13.     Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). As set forth below, shortening notice is justified here.

14.     As a result of the time at which the Agreement was finalized, the Debtors were able to file, but not serve, the Interim Funding Agreement Motion on June 9, 2009.[5] In

---

[5]     On June 10, 2009, the Debtors served the Interim Funding Agreement Motion by hand delivery and overnight mail to (i) U.S. Trustee; (ii) the Committee; (iii) the Bondholder Committee; (iv) the Joint Administrators, and (v) the general service list established in these chapter 11 cases. *See* Amended Certificate of Service [RE: D.I. 874]. [D.I. 885].

recognition of this Court and the Canadian Court's busy schedules, as well as the accommodation both courts have shown in agreeing to hold a joint hearing on the Interim Funding Agreement Motion (and parallel relief to be requested in the Canadian Proceedings), the Debtors request that the notice period for the Interim Funding Agreement Motion be shortened by one day so that the joint hearing can go forward as planned.  Furthermore, it is imperative that the Interim Funding Agreement Motion be considered as soon as possible given the significant liquidity pressure faced by NNL and the related risk to the Debtors.

15.    The Debtors have consulted with counsel for the Committee and the Bondholders Group, and understand that both are supportive of shortening the notice period for the Interim Funding Agreement Motion as requested herein.

16.    For these reasons, the Debtors respectfully submit that allowing the Interim Funding Agreement Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

## Notice

17.    Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to (i) the Office of the United States Trustee for the District of Delaware; (ii) the Committee; (iii) the Bondholder Group; and (iv) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

18.    No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:  June 10, 2009  
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)  
Lisa M. Schweitzer (No. 1033)  
One Liberty Plaza  
New York, New York 10006  
Telephone:  (212) 225-2000  
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)  
Eric D. Schwartz (No. 3134)  
Ann C. Cordo (No. 4817)  
Andrew R. Remming (No. 5120)  
1201 North Market Street  
P.O. Box 1347  
Wilmington, Delaware 19801  
Telephone:  (302) 658-9200  
Facsimile: (302) 658-3989

*Counsel for the Debtors*  
*and Debtors in Possession*