IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
                                                         :
*In re*                                                  :   Chapter 11
                                                         :
                                                         :   Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                       :
                                                         :   Jointly Administered
            Debtors.                                     :
                                                         :
                                                         :   **RE: D.I. 852**
                                                         :
---------------------------------------------------------X

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS
TO ENTER INTO ONE OR MORE LETTER OF CREDIT AND
BONDING FACILITIES PENDING A FINAL HEARING,
(II) SCHEDULING A FINAL HEARING AND
(III) GRANTING RELATED RELIEF PURSUANT TO
SECTIONS 105, 361, 362, 363 AND 364 OF THE BANKRUTPCY CODE**

Upon the motion dated June 4, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an interim order (this "Interim Order"), as more fully described in the Motion (i) authorizing the Debtors to enter into, perform their reimbursement, indemnity and other obligations under and provide the required cash collateral under the L/C and Bonding Facilities to be provided by the Sureties / Financial Institutions pending a final hearing; (ii) granting the Sureties / Financial Institutions, automatically perfected security interests in and first priority liens upon segregated deposit accounts and cash collateral pledged by the Debtors in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

support of the L/C and Bonding Facilities and the Debtors' reimbursement and indemnity obligations in respect of the letters of credit and surety and performance bonds issued thereunder; and (iii) setting the time, date and place of a final hearing (the "Final Hearing") to consider the relief requested in the Motion; and the Court having considered the Motion, the Affidavit of John Doolittle in support of the Motion, and the evidence and arguments submitted at the interim hearing held on June 11, 2009 (the "Interim Hearing"); and adequate notice of the Interim Hearing having been provided in accordance with Bankruptcy Rules 4001(b), (c) and (d) and 9014; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion; and it appearing to the Court that granting the interim relief requested is necessary to avoid immediate and irreparable harm to the Debtors and their estates pending the Final Hearing and otherwise that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest and is essential for the continued operation of Debtors' businesses; and it further appearing that the Debtors are unable to obtain unsecured credit for money borrowed allowable as an administrative expense under Bankruptcy Code Section 503(b)(1); and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. All objections to the interim relief sought in the Motion to the extent not withdrawn or resolved are hereby overruled.

3.  The Debtors are expressly and immediately authorized and empowered to negotiate and enter the L/C and Bonding Facilities and to incur and perform their obligations in accordance with, and subject to, the terms of this Order and the L/C and Bonding Facilities pending a final hearing. The Debtors are hereby authorized to pay, in accordance with this Order, the principal, interest, fees, expenses and other amounts as determined in accordance with all documents comprising the L/C and Bonding Facilities as such become due and without need to obtain further Court approval.

4.  Prior to entering into any particular L/C and Bonding Facility or paying L/C and Bonding Fees in excess of $50,000 for a specific proposed facility, the Debtors shall provide the U.S. Trustee and counsel to the Committee at least five (5) business days prior written notice of the proposed L/C and Bonding Facility or L/C and Bonding Fees, including the proposed issuer, the material terms of the proposed facility and copies of the agreements. If the U.S. Trustee or Committee provides the Debtors' counsel with a written objection (including by electronic mail) to the proposed L/C and Bonding Facility or L/C and Bonding Fees within that period, than to the extent such objection can not be resolved, the Debtors will seek Court approval of the proposed L/C and Bonding Facility or L/C and Bonding Fees, as applicable.

5.  Based on the findings set forth in this Interim Order and the record made during the Interim Hearing, and in accordance with Section 364(e) of the Bankruptcy Code, in the event any or all of the provisions of this Interim Order are hereafter modified, amended, or vacated by a subsequent order of this Court or any other court, each of the Sureties / Financial Institutions are entitled to the protections provided in Section 364(e) of the Bankruptcy Code. Any such modification, amendment, or vacatur shall not affect the validity and enforceability of any advances previously made or made hereunder, or lien, claim, or priority authorized or created

hereby. Any liens or claims granted to the Sureties / Financial Institutions hereunder arising prior to the effective date of any such modification, amendment, or vacatur of this Interim Order shall be governed in all respects by the original provisions of this Interim Order, including entitlement to all rights, remedies, privileges, and benefits granted herein.

6. Until the Final Hearing, and subject to the terms and conditions set forth in the L/C and Bonding Facilities, and in order to prevent immediate and irreparable harm to the Debtors' estates, the Debtors are hereby authorized to enter into one or more L/C and Bonding Facilities as set forth in the Motion, and to seek the issuance of letters of credit and bonds in an aggregate amount not to exceed $7,500,000; provided, however, that prior to entering into any particular L/C and Bonding Facility or paying L/C and Bonding Fees in excess of $50,000 for a specific proposed facility, the Debtors shall provide the U.S. Trustee and counsel to the Committee at least five (5) days prior written notice of the proposed L/C and Bonding Facility or L/C and Bonding Fees, including the proposed issuer, the material terms of the proposed facility and copies of the agreements. If the U.S. Trustee or Committee provides the Debtors' counsel with a written objection (including by electronic mail) to the proposed L/C and Bonding Facility or L/C and Bonding Fees within that period, then to the extent such objection cannot be resolved, the Debtors will seek Court approval of the proposed L/C and Bonding Facility or L/C and Bonding Fees, as applicable.

7. The automatic stay imposed under section 362 of the Bankruptcy Code is hereby modified as necessary to effectuate all of the terms, rights, benefits, privileges, remedies and provisions of this Interim Order and any L/C and Bonding Facility without further notice, motion or application to, order of, or hearing before the Court.

8. To the extent that the Debtors enter into specific L/C and Bonding Facilities, the issuer of each facility shall be granted a fully perfected security interest in and first priority lien upon the funds posted as collateral by the Debtors and in any segregated deposit account in which such funds may be deposited from time to time in support of such facility to the extent and pursuant to the terms of the applicable L/C and Bonding Facility.

9. The Debtors are authorized to execute and deliver all such agreements, instruments and other documents that are necessary or that counterparties reasonably request to document the L/C and Bonding Facilities and to evidence, confirm, validate or perfect the liens on the cash collateral granted pursuant hereto and pursuant to the terms of the L/C and Bonding Facilities.

10. The Final Hearing to consider entry of the Final Order is scheduled for June 26, 2009 at 3:00 p.m. before the Honorable Kevin Gross, United States Bankruptcy Judge, in Courtroom 3 at the United States Bankruptcy Court for the District of Delaware. On or before June 11, 2009, the Debtors shall serve, by United States mail, first-class postage prepaid, notice of the entry of this Interim Order and of the Final Hearing (the "Final Hearing Notice"), together with copies of this Interim Order and the Motion, on: (a) the parties having been given notice of the Interim Hearing; (b) any party which has filed prior to such date a request for notices with this Court; (c) counsel for the Committee; and (d) the U.S. Trustee. The Final Hearing Notice shall state that any party in interest objecting to the entry of the proposed Final Order shall file written objections with the Clerk of the Court no later than on June 19, 2009 at 4:00 p.m. (Eastern), which objections shall be served so as to be received on or before such date by: (i) counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Fax: (212) 225-3999 (Attention: James L. Bromley and Lisa M. Schweitzer), and

Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, DE 19801, Fax: (302) 658-3989 (Attention: Derek C. Abbott); (ii) counsel to the Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Fax: (212) 872-1002 (Attention: Fred S. Hodara, Stephen Kuhn and Kenneth Davis); and (iii) the U.S. Trustee.

11. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

12. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: June 11, 2009
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

2939706