IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
:
:
---------------------------------------------------------X

SECOND SUPPLEMENTAL DISCLOSURE AND DECLARATION
OF TERRY W. SIMON PURSUANT TO FED. R. BANKR. P. 2014
AND ORDER AUTHORIZING DEBTORS TO EMPLOY, RETAIN AND
COMPENSATE PROFESSIONALS IN THE ORDINARY COURSE

Terry W. Simon, being duly sworn, upon his/her oath, deposes and says:

1. I am a Certified Public Accountant and a member of KPMG LLP, located at 300 North Greene Street, Suite 400, Greensboro, North Carolina (the "Company" or "Firm"). I submit this Supplemental Disclosure and Declaration on behalf of KPMG LLP in further support of the retention and employment of KPMG LLP as an ordinary course professional to the Debtors to audit certain of the Debtors' pension plans.

2. The facts set forth in this Supplemental Disclosure and Declaration are based upon my personal knowledge, upon information and belief and upon client matter records kept in the ordinary course of business that were received by me or other

---

[1] The Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

\\FIN\224299.7

employees of KPMG LLP under my supervision and direction. Capitalized terms used herein but not otherwise defined shall have those meanings set forth in the declaration of Terry W. Simon dated March 5, 2009 (the "Original Declaration") and the supplemental disclosure and declaration of Terry W. Simon dated June 2, 2009 (the "First Supplemental Declaration").

3. KPMG LLP is the United States member firm of KPMG International, a Swiss cooperative of independent member firms, each a separate legal entity, located worldwide. KPMG LLP has learned that the United Kingdom member firm of KPMG International ("KPMG-UK") has been contacted by a third party ("Purchaser B") that is interested in acquiring some or all of the Debtors' assets. Purchaser B wishes to retain and employ KPMG-UK to assist in the review, due diligence, and evaluation of the assets that may be subject to a possible sale.

4. KPMG LLP also has been contacted by a different third party ("Purchaser C") that is interested in acquiring some or all of the Debtors' assets. Purchaser C wishes to retain and employ KPMG LLP to assist in the review, due diligence, and evaluation of the assets that may be subject to a possible sale.

5. At this time, due to the competitive nature of the bidding process and the number of interested parties, both Purchaser B and Purchaser C have requested that KPMG LLP not disclose its specific identity. To the extent that the identity of Purchaser B or Purchaser C becomes public information, KPMG LLP will file a supplemental disclosure and declaration at that time. If and when the identity of the Purchaser B is disclosed, and if there are material facts that differ from the representations set forth

herein, the Office of the United States Trustee shall retain the right to object to such supplemental disclosure and declaration.

6.      To the best of KPMG LLP's knowledge, neither Purchaser B nor Purchaser C is an "insider" in these bankruptcy cases as defined in 11 U.S.C. § 101(31).

7.      With respect to Purchaser B, neither KPMG LLP nor any KPMG LLP professionals will have any involvement in the engagement by KPMG-UK.  Neither KPMG-UK nor any of its professionals has any involvement in the services that KPMG LLP provides to the Debtors.  KPMG LLP's policy with respect to conflicts does not prevent KPMG-UK, a separate member firm, from performing services for Purchaser B, whose consent has been obtained.

8.      KPMG LLP has determined that it can perform the continued service as auditors of the pension plans without compromising KPMG LLP's objectivity, and has so informed the Debtors.  To the best of my knowledge, the pension plan audits provided to the Debtors shall not be the subject of any due diligence services to be performed for Purchaser B or for Purchaser B.  The Debtors, Purchaser B and Purchaser C have consented to the relevant engagements on the terms set forth herein.

9.      KPMG LLP shall put in place internal procedures to avoid the sharing, inadvertent or otherwise, of confidential information between those KPMG LLP professionals working on behalf of the Debtors with those KPMG LLP professionals working on behalf of Purchaser B or Purchaser C.  As noted above, no KPMG LLP professional will provide services to Purchaser B, and no KPMG LLP professional working on the Debtors' pension plan audits will share any information or discuss any

matters related to that engagement with those professionals working for Purchaser B or for Purchaser C.

10. Subject to the disclosures herein and to those disclosures set forth in the previous filings in connection with KPMG LLP's retention by the Debtors, KPMG LLP does not hold or represent an interest adverse to the estates that would impair KPMG LLP's ability to objectively perform professional services for the Debtors.

11. Subject to the disclosures herein and to those disclosures set forth in the previous filings in connection with KPMG LLP's retention by the debtors, KPMG LLP is and continues to be a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code, notwithstanding its retention and employment by Purchasers B and C as described herein.

12. This declaration is provided in accordance with Sections 328 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014.

I declare pursuant to 28 U.S.C. § 1746 and under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

*Terry W. Simon*

_____
Terry W. Simon
KPMG LLP

Executed on
June 15, 2009

\\FIN\224299.7