IN THE UNITED STATES BANKRUPTCY COUT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
                                 :

*In re*                           :         Chapter 11
                                 :

Nortel Networks Inc., *et al.*,[1]     :         Case No. 09-10138 (KG)
                                 :

                 Debtors.     :         Jointly Administered
                                 :

------------------------------------------------------------X  **Objections Due: July 7, 2009 at 4:00 p.m. (ET)**

**FOURTH INTERIM APPLICATION OF HURON CONSULTING GROUP
AS ACCOUNTING AND RESTRUCTURING CONSULTANTS TO DEBTORS AND
DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND
FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES
<u>INCURRED FOR THE PERIOD MAY 1, 2009 THROUGH MAY 31, 2009</u>**

| | |
|---|---|
| Name of Application: | HURON CONSULTING GROUP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | March 19, 2009 <u>nunc</u> <u>pro</u> <u>tunc</u> to February 2, 2009 |
| Period for which Compensation and Reimbursement is sought: | May 1, 2009 Through May 31, 2009 |
| Amount of compensation sought as actual, reasonable and necessary: | $355,641.99 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $38,751.09 |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

This is an  <u>x</u>  interim          ___ final application

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| March 23, 2009 | February 2, 2009 through February 28, 2009 | $293,042.49/$33,988.96 | $234,433.99/$33,988.96 |
| April, 24, 2009 | March 1, 2009 through March 31, 2009 | $449,220.43/$52,443.76 | $359,376.34/$52,443.76 |
| May 22, 2009 | April 1, 2009 through April 30, 2009 | $452,138.01/48,998.03 | Pending |

## COMPENSATION BY PROFESSIONAL

Nortel Networks Inc. *et al.*
(Case No. 09-10138 (KG))

May 1, 2009 through May 31, 2009

| Professional | Title | Hours | | | Rate | | Total |
|---|---|---|---|---|---|---|---|
| James Lukenda | Managing Director | 56.2 | hrs | $ | 710 | / hr | $39,902.00 |
| David Head | Managing Director | 23.6 | hrs | $ | 650 | / hr | $15,340.00 |
| Lee Sweigart | Director | 154.5 | hrs | $ | 540 | / hr | $83,430.00 |
| Matthew J. Fisher | Director | 108.3 | hrs | $ | 540 | / hr | $58,482.00 |
| Theresa Steinkamp | Manager | 178.6 | hrs | $ | 455 | / hr | $81,263.00 |
| Coley P. Brown | Associate | 187.8 | hrs | $ | 335 | / hr | $62,913.00 |
| Bob Jones | Proj Consultant | 99.0 | hrs | $ | 250 | /hr | $24,750.00 |
| Michael Scannella | Analyst | 175.0 | hrs | $ | 245 | / hr | $42,875.00 |
| Clarissa Tuttle | Analyst | 4.5 | hrs | $ | 50 | / hr | $225.00 |
| Total Fees | | 987.5 | | | | | $409,180.00 |

Reduction for Travel Time Charges                         $    (14,022.25)
Agreed Accommodation on Monthly Invoice (10%)            $    (39,515.76)

**Net Fees:**                                            **$355,641.99**

Blended Hourly Rate:      $360.14

# COMPENSATION BY PROJECT CATEGORY

Nortal Networks Inc. *et al.*
(Case No. 09-10138 (KG))

May 1, 2009 through May 31, 2009

| Task Code | Description | Hours | Fees |
|---|---|---|---|
| 1 | Meeting / teleconference with Debtor Management, Board, or Counsel | 146.3 | $70,718.50 |
| 5 | Case Reporting: UST Reports, Statements & Schedules | 703.1 | $284,264.00 |
| 6 | Retention and Fee Applications | 42.9 | $11,867.00 |
| 11 | Asset Sale & Disposition Support | 2.7 | $1,458.00 |
| 19 | Analysis of Accounting and Disclosure Matters / SOP 90-7 Fresh Start | 14.7 | $9,349.00 |
| 25 | Case Administration | 4.9 | $3,479.00 |
| 26 | Travel Time | 72.9 | $28,044.50 |

TOTALS          987.5     $409,180.00

Less Travel Time Discount (50%)     ($14,022.25)
Agreed Accommodation on Monthly Invoice (10%)     ($39,515.76)

**Total Net Fees Due**     **$355,641.99**

**EXPENSE SUMMARY**

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

May 1, 2009 through May 31, 2009

| Cost Type | Amount |
|---|---|
| Airfare | $17,096.68 |
| Ground Transportation | $1,902.76 |
| Hotel/Lodging | $11,046.44 |
| Meals | $3,393.38 |
| Mileage | $429.06 |
| Office Supplies | $154.98 |
| Telecom | $289.38 |
| Parking & Tolls | $1,659.72 |
| Rental Car | $2,778.69 |
| **Total Expenses** | **$38,751.09** |

IN THE UNITED STATES BANKRUPTCY COUT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X
                                   :

*In re*                              :          Chapter 11

Nortel Networks Inc., *et al.*,[1]      :          Case No. 09-10138 (KG)

                     Debtors.      :          Jointly Administered

                                     :
-----------------------------------------------------------X  **Objections Due: July 7, 2009 at 4:00 p.m. (ET)**

**FOURTH INTERIM APPLICATION OF HURON CONSULTING GROUP
AS ACCOUNTING AND RESTRUCTURING CONSULTANT TO DEBTORS AND
DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND
FOR INTERIM REIMBURSENT OF ALL ACTUAL AND NECESSARY EXPENSES
<u>INCURRED FOR THE PERIOD MAY 1, 2009 THROUGH MAY 31, 2009</u>**

        Huron Consulting Services LLC ("Huron Consulting Group" or "Huron"), Accounting

and Restructuring Consultant for Nortel Networks Inc. and its affiliated debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), submits this application

(the "<u>Application</u>") for interim allowance of compensation for professional services rendered

by Huron to the Debtors for the period May 1, 2009 through May 31, 2009 (the "<u>Compensation</u>

<u>Period</u>") and reimbursement of actual and necessary expenses incurred by Huron during the

Application Period under sections 330 and 331 of title 11 of the United States Code (the

"<u>Bankruptcy Code</u>"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"<u>Bankruptcy Rules</u>"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the United

States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement

of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee

Guidelines") and the Order Under 11 U.S.C. § 105 (a) and 331, Fed. R. Bankr. P. 2016 and Del.

Banker. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of

Fees and Expenses for Professionals and Official Committee Members (D.I. 222) (the "Interim

Compensation Procedures Order")[2].   In support of this Application, Huron represents as

follows:

## JURISDICTION

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2).

Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On January 14, 2009 (the "Petition Date"), the Debtors each filed a

voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtors continue

to operate their businesses and manage their properties as debtors-in-possession pursuant to

sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in

the Debtors' jointly administered bankruptcy cases.

3.      On January 26, 2009, the United States Trustee for the District of

Delaware appointed the Official Committee of Unsecured Creditors.

## HURON'S RETENTION

4.      On January 29, 2009 the Debtors engaged Huron as Accounting and

Restructuring Consultant in connection with these bankruptcy cases.  On March 19, 2009, this

---

[2]       Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim
          Compensation Procedures Order.

Court entered the Order Pursuant to 11 U.S.C. Sections 327 (a) and 1107 (b), Fed. R. Bankr. P. 2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1 Authorizing Retention and Employment of Huron Consulting Services LLC *Nunc Pro Tunc to February 2, 2009* as Accounting and Restructuring Consultant to the Debtors and Debtors in Possession  (D.I. 496).

### FEE PROCEDURES ORDER

5.      On February 4, 2009, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

6.      In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each month following the month for which compensation is sought.  Provided that no objections to such Monthly Fee Application are filed within the Objection Deadline, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application.  If an objection to a portion of the Monthly Fee Application is filed and not resolved, the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses that are not subject to the objection.

### RELIEF REQUESTED

7.      Huron submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered as Accounting and Restructuring Consultant for the Debtors in these cases for the period from May 1, 2009 through May 31, 2009, and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Debtors during that same period.

8.      During the period covered by this Application, Huron incurred fees in the amount of $409,180.00 before reductions for an agreed upon 10% accommodation and

reduction in accordance with Local Rules regarding travel time. Net fees for the Compensation

Period after the aforementioned reductions are $355,641.99. For the same period, Huron

incurred actual, reasonable and necessary expenses totaling $38,751.09. With respect to these

amounts, as of the date of this Application, Huron has received no payments.

   9. Set forth on the foregoing "Compensation by Project Category" is a

summary by subject matter categories of the time expended by timekeepers billing time to these

cases.

   10. During the Application Period, Huron professionals billed their time

devoted to matters on behalf of the Debtors' estates to 7 distinct service categories. Below is a

summary of the activities performed by Huron professionals during the Compensation Period,

organized by task code:

**Task Code 1 – Meeting/Teleconference with Debtor Management, Board, or Counsel**

   Huron met with numerous of the Debtors' management, counsel, and advisors in the

performance of its duties and responsibilities; these meetings were essential for determining the

nature, scope, priority and resources required to complete the various tasks that Huron was

requested to perform on behalf of the Debtors. In these meetings, the Huron team shared

information with Company management and advisors to prioritize tasks to most effectively

meet the Debtors needs and provided advice / recommendations, as requested.

   Huron devoted 146.30 hours, which resulted in fees of $70,718.50[3], for a blended rate

of $483 with regards to these services during the Compensation Period.

**Task Code 5 – Case Reporting:  UST Reports, Statements & Schedules**

   Huron has as one of its primary roles in these cases the responsibility for assisting the

Debtors in completing the various filing requirements under the Bankruptcy Code and related

rules. These filings include:  the SoFAs and Schedules, the new Form 26 required by Rule

---

[3] Amounts are reflected before the agreed upon reductions discussed above.

2015.3, and the OUST's MOR requirements.  Huron has been working closely with the

Debtors' Canadian Monitor, Epiq Bankruptcy Solutions, LLC ("Epiq"), and Cleary Gottlieb

Steen & Hamilton LLP ("Cleary") to develop reporting processes, timelines, and an overall

process to complete the SoFAs and Schedules by the agreed deadlines.  Huron professionals

have also worked closely with the Debtors' financial reporting groups to develop a cash basis

reporting process and timeline to facilitate the preparation of the MORs.

Huron devoted 703.10 hours, which resulted in fees of $284,264.00, for a blended rate

of $404 with regards to these services during the Compensation period.

### Task Code 6 – Retention and Fee Applications

As the Debtors' restructuring consultant, Huron is required to adhere to the

requirements of the Bankruptcy Code and related rules, and the OUST guidelines with respect

to retention of professionals in bankruptcy cases.  Additionally, Huron is required to submit

requests for fee allowances and expense reimbursement in the manner prescribed by this court

in the Interim Compensation Order.  These requirements include reviewing and preparing

affidavits and retention applications / motions as well as preparing monthly interim fee

applications for payment of fees and reimbursement of expenses.

Huron devoted 42.9 hours, which resulted in fees of $11,867.00, for a blended rate of

$277 with regards to these requirements during the Compensation Period.

### Task Code 11 – Asset Sale & Disposition Support

Huron devoted time during the Compensation Period reviewing information presented

to potential third party buyers of the Debtors' assets for consistency with information gathered

in conjunction with other reporting requirements and assessing further analyses required to

complete any potential transactions.

Huron devoted 2.70 hours, which resulted in fees of $1,458.00, for a blended rate of

$540 with regards to these requirements during the Compensation Period.

**Task Code 19 – Analysis of Accounting and Disclosure Matters / SOP 90-7 Fresh Start**

Huron devoted time during the Compensation Period in discussions with management regarding the Debtors' accounting systems and the effort necessary to implement the specialized accounting requirements for companies operating under chapter 11 bankruptcy protection contained in AICPA Statement of Position 90-7 ( "SOP 90-7").

Huron devoted 14.70 hours, which resulted in fees of $9,349.00, for a blended rate of $636 with regards to these services during the Compensation Period.

**Task Code 25 – Case Administration**

In managing a large and complex case, a certain amount of administrative time is necessary to assure overall effectiveness and efficiency.  Huron devoted time for general administrative matters related to the Debtors' bankruptcy cases.  Given the size, nature, and number of professionals involved in these cases, Huron professionals devoted time to project documentation, work planning, file management and staffing as requested by the Debtors to ensure efficiency, to avoid redundancy, and to keep the Debtors fully abreast of the progress on Huron's work streams.

Huron devoted 4.90 hours, which resulted in fees of $3,479.00, for a blended rate of $710 with regards to these services during the Compensation Period.

**Task Code 26 – Travel Time**

The travel time policy followed by Huron on this engagement provides that the professional traveling to and from their home location to the Debtors' site incurs up to the first hour in transit as ordinary commute time that is not eligible for compensation.  Devoted time for non-working travel beyond the initial hour to and from the client site is billable to the client.  Whenever possible, Huron encourages its professionals to use travel time productively by reading documents, etc.  However, with the increased use of smaller aircraft servicing cities, it is increasingly difficult to work on confidential material while in transit.  In compliance with

- 6 -

the Local Rules Huron has reduced its request for compensation for non-working travel by 50% of the amount incurred.

Huron devoted 72.90 hours, which resulted in fees of $28,044.50, in regards to matter related travel and this application reflects a reduction of $14,022.25 as required by the Local Rules.

11.    Exhibit A attached hereto contains logs, sorted by case project category, which details the time recorded by Huron's professionals and descriptions of the services provided.

12.    Exhibit B attached hereto contains a breakdown of disbursements incurred by Huron during the Compensation period for which Huron seeks reimbursement in this application.

13.    Exhibit C attached hereto contains the invoice for services rendered for the Compensation Period.

14.    At the time of its engagement, Huron agreed to provide the Debtors with a 10% accommodation in the form of a permanent reduction in the amount of Huron's monthly fee statements. The accompanying invoice and this Application reflect the 10% accommodation adjustment.

15.    Huron has endeavored to represent the Debtors in the most expeditious and economical manner possible.  Huron ensured that all tasks were assigned so that work was performed by those professionals at Huron most familiar with the particular matter or task and by the lowest hourly rate professional appropriate for a particular matter.  Moreover, Huron has coordinated with Cleary, Epiq, and the other professionals involved in these cases so as to minimize any duplication of effort and to minimize fees and expenses to the Debtors.  We believe we have been successful in this regard.

16.     No agreement or understanding exists between Huron and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

17.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

[REMAINDER OF PAGE INTERNATIONALLY LEFT BLANK]

**WHEREFORE**, Huron respectfully requests that this Court: (a) allow Huron (i) interim compensation in the amount of $355,641.99 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period May 1, 2009 through May 31, 2009, and (ii) interim reimbursement in the amount of $38,751.09 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the Debtors to pay to Huron the amount of $284,513.59 which is equal to the sum of 80% of Huron' allowed interim compensation and 100% of Huron' allowed expense reimbursement in the amount of $38,751.09 for a total amount of $323,264.68; and (c) grant such other and further relief as is just.

Dated:  June 16, 2009       HURON CONSULTING GROUP
New York, New York

James M. Lukenda, CIRA
   Huron Consulting Group
   1120 Avenue of the Americas, 8th Floor
   New York, NY 10036-6700

   Telephone: 646-277-2207
   Facsimile:  508-445-0256

*Accounting and Restructuring Consultant for the
Debtors and Debtors in Possession*