## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|                                        |     |                                                     |
| -------------------------------------- | --- | --------------------------------------------------- |
| IN RE:                                 | )   |                                                     |
|                                        | )   |                                                     |
| NORTEL NETWORKS, INC., et al.,         | )   | Case No. 09-10138 (KG)                              |
|                                        | )   | Chapter 11                                          |
|                                        | )   | JOINTLY ADMINISTERED                                |
| Debtors.                               | )   |                                                     |
|                                        | )   | **Objection Deadline: June 30, 2009 at 4:00 p.m.**  |
|                                        | )   | **Hearing Date:  July 7, 2009 at 11:00 a.m.**       |

### MOTION OF XETA TECHNOLOGIES, INC. PURSUANT TO
### SECTIONS 362 AND 553 OF THE BANKRUPTCY CODE FOR
### RELIEF FROM THE AUTOMATIC STAY TO EFFECTUATE A SETOFF

XETA TECHNOLOGIES, INC. ("XETA"), by and through its counsel, hereby moves this Court pursuant to Sections 362(d) and 553 of Title 11 of the United States Code (the "Bankruptcy Code") for relief from the automatic stay in order to effectuate a setoff of prepetition amounts owing and due between XETA and a certain above-captioned Debtor, Nortel Networks, Inc. ("NNI"), pursuant to certain prepetition agreements between the parties (the "Motion"). In support of this Motion, Xeta states as follows:

#### Preliminary Statement

Prior to the Debtors filing for Chapter 11 Bankruptcy, XETA and NNI entered into a Nortel Networks Premium Partner Agreement ("Partner Agreement") whereby each was obligated to the other for certain services and products. Specifically, XETA owes NNI amounts equal to $115,958.45 for prepetition services rendered, and NNI owes XETA amounts equal to $687,574.89 for prepetition services rendered. Upon information and belief, neither the claim amounts nor the provision of services and these amounts are in dispute. XETA seeks an order from the Court granting relief from the automatic stay so that XETA may properly assert its rights to setoff the prepetition amounts due and owing from XETA to NNI against the prepetition amounts owed from NNI to XETA. After

application of its setoff rights, XETA will be left with a remainder prepetition claim against NNI in the amount of $571,616.44.

### Jurisdiction

1.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C.§ 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory relief sought in this matter is predicated upon Sections 362 and 553 of the Bankruptcy Code.

### Background

2.     Effective June 25, 2003, NNI and XETA entered into a Partner Agreement authorizing XETA to purchase hardware from and/or transfer software acquired from NNI or its distributors for resale to XETA's customers within the United States of America.

3.     On January 14, 2009 (the "Petition Date"), the Debtors, including NNI, filed a petition in the United States Bankruptcy Court for the District of Delaware (the "Court") under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  Pursuant to an Order of this Court, the Chapter 11 Cases are being jointly administered.

4.     In connection with the prepetition services and products provided by XETA, XETA received $115,958.45 in products and services from NNI, which amounts remain outstanding as of the Petition Date and are owned to NNI ("Outstanding NNI Amount").  As evidence of the Outstanding NNI Amount, the invoices are attached hereto as Exhibit "A."  To the best of XETA's knowledge, the validity of the Outstanding NNI Amount is not in dispute.

5.     Pursuant to Section 19(i) of the Partner Agreement, the Partner Agreement is to be interpreted under the laws of the State of New York.

6.    On February 5, 2009, this Court entered its Order Clarifying Relief Granted Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code Authorizing Debtors to Honor Prepetition Obligations to the Customers (the "Customer Obligation Order") [Docket No. 166]. Paragraph 5 of the Customer Obligation Order provides, *inter alia*, that "all rights of Debtors' customers to assert rights of setoff or recoupment are expressly reserved notwithstanding any payments by such customers to the Debtors."

## Relief Requested

7.    XETA seeks relief from the automatic stay of Bankruptcy Code § 362(a) to effectuate setoffs of mutual prepetition obligations owing from NNI to XETA and from XETA to NNI. Relief from the automatic stay would allow NNI and XETA to reconcile their mutual, undisputed prepetition obligations in a manner contemplated by the Bankruptcy Code and under applicable state law.

## Basis for Relief

8.    The Bankruptcy Code leaves intact parties' non-bankruptcy rights of setoff. Specifically, Bankruptcy Code § 553 provides in pertinent part that the Bankruptcy Code "does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case ...." 11 U.S.C. § 553; *See also Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 18 (1995 (holding that Bankruptcy Code Section 553(a) "provides that, with certain exceptions, whatever right of setoff otherwise exists is preserved in bankruptcy"). This right of setoff is intended to avoid "the absurdity of making A pay B when B owes A." *Id.* (quoting *Studley v. Boylston Nat. Bank*, 229 U.S. 523, 528 (1913)). "The right of setoff allows parties that owe mutual debts to each other to assert the amounts owed, subtract one from the other, and pay only the balance."

*Darr v. Muratore*, 8 F.3d 854, 860 (1st Cir. 1993) (citing to *Cohen v. The Savings and Loan Co. (In re Bevill, Bresler & Schulman Asset Mgmt Corp.)*, 896 F.2d 54 (3d Cir. 1990)).

9.      In addition, the right to setoff claims "is an established part of our bankruptcy laws ... [and] *should be enforced unless compelling circumstances ... require otherwise." United States v. Offord Fin., Inc. (In re Medina)*, 205 B.R. 216, 223 (B.A.P. 9th Cir. 1996) (emphasis added; internal citations and quotations omitted); *see also Bohack Corp. v. Borden, Inc.*, 599 F.2d 1160, 1165 (2d Cir. 1979).

10.      A creditor may exercise its non-bankruptcy setoff rights pursuant to Bankruptcy Code § 553 where the creditor shows (1) the debtor owes the creditor a prepetition debt; (2) the creditor owes the debtor a prepetition debt; (3) the debts are mutual; and (4) the debts owed to both the creditor and debtor are enforceable and valid. 11 U.S.C. § 553(a); *see, e.g., Ames v. Dehart (In re Ames)*, 195 F.3d 177, 182 (3d Cir. 1999); *In re Koch*, 224 B.R. 572, 576 (Banta:. E.D. Va. 1998); *Eastern Airlines, Inc. v. Chemical Bank, Inc.*, 1997 U.S. Dist. LEXIS 7380, at *5 (Bankr. S.D.N.Y. 1997); *In re Czyzk*, 297 B.R. 406, 409 (3d Cir. 2003).

11.      It is well established that Section 553 of the Bankruptcy Code, while providing guideposts and threshold requirements for the exercise of setoff rights of creditors against a bankrupt debtor, does not create such setoff rights. 11 U.S.C. § 553(a). Section 553 "does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before commencement of the case under [the Bankruptcy Code] against a claim against the debtor that arose before commencement of the case." *See Id.* Accordingly, appropriate state law setoff rights apply to creditors' assertions of setoff.    11 U.S.C. § 553(a); *see also In re Garden Ridge Corp.*, 338 B.R. 627, 632 (Bankr. D. Del. 2006) (holding that setoff rights are determined according to applicable

state law); *Scherling v. Hellman Elec. Corp. (In re Westchester Structures, Inc.)*, 181 B.R. 730, 740

(Bankr. S.D.N.Y. 1995); *US. ex rel I.R.S. v. Norton*, 717 F.2d 767 (3d Cir. 1983).

12.      By the terms of the Partner Agreement, New York law governs the setoff rights of the

parties in the instant case.   New York law allows parties to setoff mutual debts. NEW YORK

DEBTOR & CREDITOR LAW § 151; *See also, In re Westchester Structures, Inc.*, 181 B.R. at 740

(applying New York law on setoffs to recognize not only statutory rights under Section 151 but also a

creditor's equitable rights to setoff).   Under Section 151 of the New York Debtor and Creditor Law,

upon the filing of a petition in bankruptcy, a party to whom such bankruptcy-filing party owes money

shall have the right to

> "[s]et off and apply against any indebtedness, whether matured or unmatured, of such creditor
> to such debtor, any amount owing from such debtor to such creditor, at or at any time after,
> the happening of [the filing of a petition in bankruptcy], and the aforesaid right of set off may
> be exercised by such debtor against such creditor or against any trustee in bankruptcy, debtor
> in possession, assignee for the benefit of creditors, receiver or execution, judgment or
> attachment creditor of such creditor, or against anyone else claiming through or against such
> creditor or against any trustee in bankruptcy, debtor in possession, assignee for the benefit of
> creditors, receiver or execution, judgment or attachment creditor, notwithstanding the fact that
> such right of set off shall not have been exercised by such debtor prior to [the filing of a
> petition in bankruptcy]."

NEW YORK DEBTOR & CREDITOR LAW § 151.

13.      XETA has valid and enforceable state-law bases under the Partner Agreement

pursuant, *inter alia,* to the applicable New York law to effectuate a setoff.  Moreover, nothing in the

Partner Agreement limits or restricts any rights of setoff of any party whatsoever.

14.      Turning to the threshold requirements under Section 553 of the Bankruptcy Code, it is

clear that XETA has the affirmative right to setoff the Outstanding NNI Amount against the XETA

Invoices to NNI.

15.    First, both the Outstanding NNI Amount and the XETA Invoices to NNI are comprised entirely of amounts arising prepetition and due for prepetition claims and debts.

16.    Second, no dispute exists with respect to any of the amounts included in the Outstanding NNI Amount or the XETA Invoices to NNI. Accordingly, these amounts are fully valid and enforceable.

17.    Last, the parties' debts are "mutual," and therefore appropriate to be setoff. Mutuality is not defined by the Bankruptcy Code. *See In re NTG Indus., Inc.,* 103 B.R. 195, 197 (Bankr. N.D. Ill. 1989). Pursuant to current New York law, "debts are mutual when they are due to and from the same persons in the same capacity." *In re Westchester Structures, Inc.,* 181 B.R. at 740 (applying New York law to determine whether mutuality exists); *see also Newbery Corp. v. Fireman's Fund Ins. Co.,* 95 F.3d 1392, 1398-99 (9th Cir. 1996) (citing 4 Collier ON BANKRUPTCY 553.04[2] (15th ed. 1995)). The mutuality requirement is clearly satisfied for the debts and claims in the United States.  In each case, XETA has (i) a debt to NNI with respect to the services rendered pursuant to the Partner Agreement and (ii) a claim against NNI for the services rendered pursuant to the Partner Agreement.

18.    In sum, applicable non-bankruptcy law permits XETA to exercise its statutory and equitable setoff rights against NNI.  NNI and XETA owe each other mutual, countervailing debts that arose before the Debtors filed their petitions in bankruptcy.  Therefore, this Court should lift the automatic stay to permit XETA to exercise its setoff rights.

19.    A party seeking to assert its setoff rights must obtain relief from the automatic stay imposed by Section 362(a)(7) of the Bankruptcy Code prior to actually applying the asserted setoff. *See In re Academy Services, Inc.,* 90 B.R. 294, 295 (Bankr. N.D. Ohio 1988).  By this Motion, XETA seeks to comply with this procedural requirement.

20.    The automatic stay provides important protections for debtors in bankruptcy cases, however, upon compliance with the procedural requirements that notice be given and hearing be held, cause exists under Section 362(d)(1) of the Bankruptcy Code to grant XETA relief from the automatic stay so that XETA, as a creditor, may move forward and apply its rights of setoff. *See In re NTG Indus., Inc.*, 103 B.R. at 197 (relief from stay granted to allow creditor to effectuate setoff); *In re Whitaker*, 173 B.R. 359 (Bankr. S.D. Ohio 1994 (relief from stay granted to allow creditor to effectuate setoff); *In re Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 896 F.2d at 61.

21.    Setoff in the instant case is appropriate and necessary for XETA and NNI to move forward with their independent operations. Section 362(a)(7) of the Bankruptcy Code does not alter a creditor's setoff rights. *See In re Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 896 F.2d at 61; H.R. Rep. No. 595, 95th Cong. 1st Sess., at 342 (1977); S. Rep. No. 989, 95th Cong. 2d Sess., at 51 (1978). More specifically, section 362(a)(7) stays enforcement pending an examination of the respective parties' rights. *Id.* Following a grant of stay relief, a creditor may then exercise its rights of setoff that remain unimpaired by section 362(a) (7). *See In re NTG Indus., Inc.*, 103 B.R. at 197. The automatic stay does not alter a creditor's substantive rights of setoff; it only delays the exercise or application of those setoff rights. *See In re Luz Intl, Ltd.*, 219 B.R. 837, 841 (9th Cir. B.A.P. 1998).

22.    In the instant case, XETA's rights to setoff the Amounts Owed to NNI against the XETA Invoices are undeniable, as the obligations being setoff are prepetition, undisputed and mutual. Such obligations are ripe to be setoff pursuant to each of 11 U.S.C. § 553, New York Creditor and Debtor Law § 151 and XETA' equitable rights. The setoff requires no payment from any of the Debtors, and the result is a netting effect, reducing debt owed by both NNI and XETA.

23.    Granting relief from the automatic stay to allow XETA to enforce its setoff rights does not, and will not, impair Debtors' restructuring and reorganization efforts.  In addition, such stay relief does not prejudice the rights of other creditors and/or customers to apply similar setoff rights.  The Customer Obligation Order preserved these rights for customers, including XETA. Application of these rights is appropriate at this time, and cause exists under 11 U.S.C. § 362(d)(1) to grant relief from the automatic stay to XETA, for the limited purpose of effectuating its valid prepetition setoff rights.

WHEREFORE, XETA respectfully requests that the Court enter an Order granting XETA's relief from the automatic stay to effect a setoff of mutual obligations between NNI and XETA and granting XETA such other and further relief as is just and proper.

Dated: June 17, 2009
     Wilmington, Delaware

BAYARD, P.A.

By: _Daniel O'Brien_____

Charlene D. Davis, (No. 2336)
Daniel A. O'Brien (No. 4897)
222 Delaware Avenue, Suite 900
Wilmington, Delaware  19899
Telephone:      (302) 655-5000
Facsimile:      (302) 658-6395

and

**BARBER & BARTZ, A PROFESSION**
**CORPORATION**
Joe Fears, Esquire
800 Park Centre
525 South Main Street
Tulsa, Oklahoma 74103-4511
Telephone:      (918) 599-7755
Facsimile:      (918) 599-7756

Attorneys for XETA Technologies, Inc.