IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
                                                            :
*In re*                                                     :  Chapter 11
                                                            :
Nortel Networks Inc., *et al.*,[1]                          :  Case No. 09-10138 (KG)
                                                            :
                                    Debtors.                :  Jointly Administered
                                                            :
------------------------------------------------------------X  Objections Due: July 7, 2009 at 4:00 p.m. (ET)

**FIRST INTERIM APPLICATION OF CROWELL & MORING LLP
AS SPECIAL COUNSEL TO DEBTORS AND DEBTORS-IN-POSSESSION
FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR
INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES
INCURRED FOR THE PERIOD JANUARY 14, 2009
THROUGH JANUARY 31, 2009**

| | |
|---|---|
| Name of Applicant: | Crowell & Moring LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | February 13, 2009 <u>nunc pro tunc</u> to January 14, 2008 |
| Period for which Compensation and reimbursement is sought: | January 14, 2009 Through January 31, 2009 |
| Amount of compensation sought as actual, reasonable and necessary: | $52,701.95 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $10.35 |
| This is an  x  interim | ___ final application |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

The total time expended for fee application preparation is approximately 12.7 hours and the corresponding compensation requested is approximately $4,473.40.[2]

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| N/A | | | |

---

[2] Allowance for compensation for such time is not requested in this application but will be sought in a subsequent fee application.

## COMPENSATION BY PROFESSIONAL

Nortel Networks Inc., et al.
(Case No. 09-10138 (KG))

January 14, 2009 Through January 31, 2009

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Michael V. Blumenthal | Partner | $735 | 2.7 | $1,984.50 |
| Matthew Jacobs | Partner | $580 | 3.2 | $1,856.00 |
| Robert Lipstein | Partner | $860 | 3.7 | $3,182.00 |
| Kris D. Meade | Partner | $455.80[3] | 0.8 | $363.60 |
| William M. O'Connor | Partner | $775 | 1 | $775.00 |
| James J. Regan | Partner | $785 | 31.50 | $24,727.50 |
| Andrew M. Riddles | Partner | $710 | 1.5 | $1,065.00 |
| Mark M. Supko | Partner | $680 | 2.4 | $1,632.00 |
| Scott L. Winkelman | Partner | $725 | 1.2 | $870.00 |
| Matthew Cheney | Counsel | $550 | 11.5 | $6,325.00 |
| Karen C. Hermann | Counsel | $520 | 0.5 | $260.00 |
| Heather Hodges | Counsel | $525 | 3 | $1,575.00 |
| Rebecca Springer | Counsel | $382.50[3] | 5.3 | $2,027.25 |
| Rebecca Springer | Counsel | $455 | 1.9 | $864.50 |
| Noah Bloomberg | Associate | $345 | 1.5 | $517.50 |
| Jane Foster | Associate | $297 | 0.3 | $89.10 |
| Natalia Medley | Associate | $490 | 2.2 | $1,078.00 |
| Subash Dalai | Specialist | $270 | 13 | $3,510.00 |
| **TOTAL** | | | **87.2** | **$52,701.95** |

---

[3] One of the Applicant's matters has a special modified fixed fee arrangement of 2009 under which the Applicant bills its "B" rates.

## COMPENSATION BY PROJECT CATEGORY

Nortel Networks, Inc, *et al.*
(Case No. 09-10138 (KG))

January 14, 2009 Through January 31, 2009

| Project Category | Total Hours | Total Fees |
|---|---|---|
| General Counseling-Commercial | 29.2 | $22,433.50 |
| Antitrust Counseling | 3.7 | $3,182.00 |
| Wanland | 20.3 | $7,739.50 |
| Linex v. Nortel et al. | 3.4 | $1,992.00 |
| AAP Preparation | 6.4 | $2,479.95 |
| IT OFCCP Audit | 1.2 | $546.00 |
| Carrier OFCCP Audit | 0.7 | $318.50 |
| Fee/Employment Application - US | 21.8 | $13,750.50 |
| Source Code License and Escrow Agreements | 0.5 | $260.00 |
| **TOTAL** | **87.2** | **$52,701.95** |

**EXPENSE SUMMARY**

Nortel Networks, Inc, *et al.*
(Case No. 09-10138 (KG))

January 14, 2009 Through January 31, 2009

| Expense Category | Service Provider if Applicable | Total Expenses |
|---|---|---|
| Express delivery | Federal Express | $10.35 |
| **Grand Total** | | **$10.35** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
                                                                        :

*In re*                                                              :        Chapter 11

Nortel Networks Inc., *et al.*,[1]                  :        Case No. 09-10138 (KG)

                            Debtors.         :        Jointly Administered
                                                                         :
---------------------------------------------------------------X    Objections Due: July 7, 2009 at 4:00 p.m. (ET)

## FIRST INTERIM APPLICATION OF CROWELL & MORING LLP
## AS SPECIAL COUNSEL TO DEBTORS AND DEBTORS-IN-POSSESSION
## FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR
## INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED
## FOR THE PERIOD JANUARY 14, 2009
## THROUGH JANUARY 31, 2009

Crowell & Moring LLP, Special Counsel for Nortel Networks, Inc and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), submits this application (the "Application") for interim allowance of compensation for professional services rendered by Crowell & Moring LLP to the Debtors for the period January 14, 2009 through January 31, 2009 (the "Application Period") and reimbursement of actual and necessary expenses incurred by Crowell & Moring LLP during the Application Period under §§ 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines") and the Order Under 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members (D.I. 222) (the "Interim Compensation Procedures Order").[2] In support of this Application, Crowell & Moring LLP represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On January 14, 2009 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' jointly administered bankruptcy cases.

3. On January 26, 2009, the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors.

## CROWELL & MORING LLP'S RETENTION

4. Prior to the Petition Date, the Debtors engaged Crowell & Moring LLP as Counsel in connection with a variety of matters unrelated to these bankruptcy cases. On March 4, 2009, this Court

---

[2] Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

entered the Order Pursuant to 11 U.S.C. Section 327(e) Authorizing the Retention and Employment of Crowell & Moring LLP as Special Counsel for the Debtors *Nunc Pro Tunc* to the Petition Date (D.I. 426).

## FEE PROCEDURES ORDER

5. On February 4, 2009, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

6. In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each calendar month. Provided that there are no objections to such Monthly Fee Application filed within twenty (20) days after the service of a Monthly Fee Application, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application. If a partial objection to the Monthly Fee Application is filed, then the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

## RELIEF REQUESTED

7. Crowell & Moring LLP submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered as Special Counsel for the Debtors in these cases for the period from January 14, 2009 through January 31, 2009, and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Debtors during that same period.

8. During the period covered by this Application, Crowell & Moring LLP incurred fees in the amount of $52,701.95. For the same period, Crowell & Moring LLP incurred actual, reasonable and necessary expenses totaling $10.35. With respect to these amounts, as of the date of this Application, Crowell & Moring LLP has received no payments.

9. Set forth on the foregoing "Compensation by Project Category" is a summary by subject matter categories of the time expended by timekeepers billing time to these cases.

10. During the Application Period, Crowell & Moring LLP provided extensive services on a variety of matters at the request of the Debtors. Crowell & Moring LLP's matters are broken down by project category in the accompanying billing statements (see Exhibits A and B), which contained details relating to the various services provided to the Debtors.

11. <u>Exhibit A</u> attached hereto contains logs, sorted by case project category, which show the time recorded by professionals, paraprofessionals and other support staff and descriptions of the services provided.

12. <u>Exhibit B</u> attached hereto contains a breakdown of disbursements incurred by Crowell & Moring LLP during the Application Period.

13. Crowell & Moring LLP charges $.10 per page for photocopying.

14. Crowell & Moring LLP charges $1.00 per page for outgoing domestic facsimiles and does not charge for incoming facsimiles.

15. In accordance with Local Rule 2016-2, Crowell & Moring LLP has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

16. Crowell & Moring LLP has endeavored to represent the Debtors in the most expeditious and economical manner possible. Tasks have been assigned to attorneys, paralegals, and other support staff at Crowell & Moring LLP so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter. Moreover, Crowell & Moring LLP has endeavored to coordinate with Cleary Gottlieb Steen & Hamilton LLP and the other professionals involved in these cases so as to minimize any duplication of effort and to minimize attorneys' fees and expenses to the Debtors. We believe we have been successful in this regard.

17. No agreement or understanding exists between Crowell & Moring LLP and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

18. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

**WHEREFORE**, Crowell & Moring LLP respectfully requests that this Court: (a) allow Crowell & Moring LLP (i) interim compensation in the amount of $52,701.95 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period January 14, 2009 through January 31, 2009, and (ii) interim reimbursement in the amount of $10.35 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the Debtors to pay to Crowell & Moring LLP the amount of $42,171.91 which is equal to the sum of 80% of Crowell & Moring LLP's allowed interim compensation and 100% of Crowell & Moring LLP's allowed expense reimbursement; and (c) grant such other and further relief as is just.

Dated: June 17, 2009
Washington, D.C.

CROWELL & MORING LLP

*/s/ Matthew W. Cheney/*

James J. Regan (D.C. Bar No 967398)
Matthew W. Cheney (MD Fed. Bar No. 25299)
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 508-8749
Facsimile: (202) 628-5116

*Special Counsel for the Debtors
and Debtors-in-Possession*