IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
              Debtors. : Jointly Administered
:
: RE: D.I. 931
:
------------------------------------------------------------X

**DEBTORS' MOTION FOR AN ORDER UNDER 11 U.S.C. § 102(1) SHORTENING NOTICE RELATING TO CERTAIN ELEMENTS OF DEBTORS' MOTION FOR ORDERS (I)(A) AUTHORIZING DEBTORS' ENTRY INTO THE ASSET SALE AGREEMENT, (B) AUTHORIZING AND APPROVING THE BIDDING PROCEDURES, (C) AUTHORIZING AND APPROVING A BREAK-UP FEE AND EXPENSE REIMBURSEMENT, (D) APPROVING THE NOTICE PROCEDURES, (E) APPROVING THE ASSUMPTION AND ASSIGNMENT PROCEDURES, (F) AUTHORIZING THE FILING OF CERTAIN DOCUMENTS UNDER SEAL AND (G) SETTING A DATE FOR THE SALE HEARING, AND (II) AUTHORIZING AND APPROVING (A) THE SALE OF CERTAIN ASSETS OF DEBTORS' CDMA AND LTE BUSINESS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS AND (C) THE ASSUMPTION AND SUBLEASE OF CERTAIN LEASES**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this court (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to section 102(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) to permit consideration on shortened notice of certain elements (the "Bidding Procedures") of Debtors' Motion (the "Sale Motion")[2] for Orders, (I)(A) Authorizing Debtors' Entry into the Asset Sale Agreement (the "Agreement"), (B) Authorizing and Approving the Bidding Procedures, (C) Authorizing and Approving a Break-Up Fee and Expense Reimbursement, (D) Approving the Notice Procedures, (E) Approving the Assumption and Assignment Procedures, (F) Authorizing the Filing of Certain Documents under Seal, and (G) Setting a Date for the Sale Hearing, and (II) Authorizing and Approving (A) the Sale of Certain of Debtors' CDMA and LTE Assets Free and Clear of All Liens, Claims and Encumbrances, (B) the Assumption and Assignment of Certain Contracts, and (C) the Assumption and Sublease of Certain Leases; and (ii) granting them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors rely on the Declaration of George Riedel in Support of the Sale Motion (the "Riedel Declaration"). In further support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 102(1) of the Bankruptcy Code, as supplemented by Bankruptcy Rules 9006 and Local Rule 9006-1(e).

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Sale Motion.

## Background

A. **Introduction**

3. On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. Also on the Petition Date, the Debtors' ultimate corporate parent NNC, NNI's direct corporate parent NNL (together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February 27, 2009, this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. In addition, at 8 p.m. (London time) on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European

---

[3] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

affiliates (collectively, the "EMEA Debtors")[4] into administration (the "EMEA Proceedings") under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators"). On May 28, 2009, at the request of the Administrators, the Commercial Court of Versailles, France (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA will continue to operate as a going concern for an initial period of three months. In accordance with the European Union's Council Regulation (EC) No. 1346/2000 on Insolvency Proceedings, the English law proceedings remain the main proceedings in respect of NNSA. On June 8, 2009, the Joint Administrators filed a petition with this Court under chapter 15 of the Bankruptcy Code seeking orders recognizing the EMEA Proceedings as they relate to Nortel Networks UK Limited as foreign main proceedings.

6. On January 15, 2009, this Court entered an order of joint administration pursuant to Bankruptcy Rule 1015(b) that provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

7. On January 26, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142]. An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

---

[4] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

**B.     Debtors' Corporate Structure and Business**

8.     A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases are set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3] (the "First Day Declaration").

**Relief Requested**

9.     By this Motion, the Debtors seek an order (i) shortening the notice period for the Bidding Procedures set forth in the Sale Motion filed contemporaneously with this Motion, and setting June 29, 2009 as the hearing date; (ii) setting June 26, 2009 as the deadline to object to the Sale Motion; and (iii) granting them such other and further relief as the Court deems just and proper.

**Facts Relevant to this Motion**

10.     As set forth more fully in the Sale Motion, certain of the Debtors and the Sellers have entered into the Agreement pursuant to which the Sellers propose to sell certain assets and assume and assign certain contracts relating to their CDMA and LTE businesses (collectively, the "Assets"). As set forth in the Riedel Declaration, the potential purchase price that could be realized through a sale of the Assets is likely to decline over time if the Assets remain unsold. While it is clear that the Assets have significant value, the full value of these Assets may not be realized if a sale is not consummated quickly.

11.     The Debtors entered into the Agreement after extensive marketing efforts and negotiations with multiple interested parties. As a result, the Debtors believe that the Agreement represents the best deal available for the purchase of the Assets. The Agreement requires an expeditious sale process and provides the Purchaser the right to terminate the Agreement if certain milestones in the sale process are not timely met. For example, if this Court does not approve the Bidding Procedures within twelve days of the date of the Agreement, the Purchaser

## No Prior Request

17. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: June 19, 2009
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*