IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
: Chapter 11
In re :
: Case No. 09-10138 (KG)
NORTEL NETWORKS INC., *et al.*, :
: (Jointly Administered)
                **Debtors.** : Hearing Date: June 29, 2009 at 9:00 a.m. (ET)
: Objection Deadline: June 26, 2009 at 3:00 p.m. (ET) (by agreement)
---------------------------------------------------------x Related to Docket No. 931

### LIMITED OBJECTION AND RESERVATION OF RIGHTS OF FLEXTRONICS CORPORATION AND FLEXTRONICS TELECOM SYSTEMS LTD TO DEBTORS' MOTION FOR ORDERS (I) (A) AUTHORIZING DEBTORS' ENTRY INTO THE ASSET SALE AGREEMENT, (B) AUTHORIZING AND APPROVING THE BIDDING PROCEDURES, (C) AUTHORIZING AND APPROVING A BREAK-UP FEE AND EXPENSE REIMBURSEMENT, (D) APPROVING THE NOTICE PROCEDURES, (E) APPROVING THE ASSUMPTION AND ASSIGNMENT PROCEDURES, (F) AUTHORIZING THE FILING OF CERTAIN DOCUMENTS UNDER SEAL AND (G) SETTING A DATE FOR THE SALE HEARING, AND (II) AUTHORIZING AND APPROVING (A) THE SALE OF CERTAIN ASSETS OF DEBTORS' CDMA AND LTE BUSINESS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS AND (C) THE ASSUMPTION AND SUBLEASE OF CERTAIN LEASES

Flextronics Corporation and Flextronics Telecom Systems Ltd, on behalf of themselves and certain of their affiliates (collectively, "Flextronics"), by and through their undersigned counsel, hereby file this limited objection and reservation of right (the "Objection") with respect to the Debtors' Motion For Orders (i) (A) Authorizing Debtors' Entry Into The Asset Sale Agreement, (B) Authorizing And Approving The Bidding Procedures, (C) Authorizing And Approving A Break-Up Fee And Expense Reimbursement, (D) Approving The Notice Procedures, (E) Approving The Assumption And Assignment Procedures, (F) Authorizing The Filing Of Certain Documents Under Seal And (G) Setting A Date For The Sale Hearing, And (ii) Authorizing And Approving (A) The Sale Of Certain Assets Of Debtors' CDMA and LTE Business Free And Clear Of All Liens, Claims And Encumbrances, (B) The

6115051

Assumption And Assignment Of Certain Contracts And (C) The Assumption And Sublease Of Certain Leases, dated June 19, 2009 [Docket No. 931] (the "Sale Motion"),[1] and respectfully represent as follows:

## Preliminary Statement

Flextronics is an Electronics Manufacturing Services (EMS) provider, helping customers design, build, ship, and service electronics products through a network of facilities in 30 countries on four continents. As Nortel has previously stated to this Court, Flextronics is by far Nortel's largest supplier, and is responsible for approximately 70% of Nortel's hardware products. See Debtors' Motion Pursuant to 11 U.S.C. § 105(a) and § 363 for an Order (A) Approving the Settlement Documents By and Among (I) Nortel Networks Limited, (II) Flextronics Telecom Systems Ltd. and (III) Flextronics Corporation and (B) Granting Related Relief, dated May 22, 2009 [Docket No. 783], ¶ 12.

Flextronics' business relationship with Nortel is complex. The relationship is primarily governed by two separate master contract manufacturing and service agreements (MCMSAs), and certain other subagreements incorporated by reference into an MCMSA, including certain virtual systems house agreements (VSHAs), among other agreements. The business relationship requires an extensive amount of coordination and cooperation between Flextronics and Nortel in several respects in order to allow Nortel's business to operate smoothly and effectively and ensure continuity of Nortel's supply chain. Flextronics has supported Nortel throughout its insolvency proceedings in the US, Canada and other jurisdictions.

Flextronics remains supportive of Nortel's restructuring efforts in general, including, at least in concept, the sale of the CDMA and LTE assets which are the subject of the Sale Motion. However, Flextronics has certain potential issues with the structure of the proposed

---

[1] Capitalized terms used but not defined herein shall have the meaning assigned to them in the Sale Motion.

-2-

6115051

sale and the manner in which Flextronics' contractual rights and claims may be affected by the proposed sale. Many if not all of these issues may be able to be addressed with Nortel once it discloses the full set of terms for the proposed sale (including disclosure of the various ancillary agreements and other exhibits to the proposed Asset Sale Agreement), and Flextronics anticipates working closely with Nortel in the coming weeks in an attempt to resolve any issues. In the meantime, Flextronics is compelled to file this Objection to preserve its rights.

Moreover, Flextronics objects to the procedures set forth in the Sale Motion with respect to notice of assumption and assignment of executory contracts, to the extent that Nortel intends to assume and/or assign any of Flextronics' agreements in these chapter 11 cases or in Nortel's CCAA proceedings in Canada. Nortel has indicated that it does not intend to do so, but Flextronics files this Objection to preserve its rights in an abundance of caution.

### Limited Objection and Reservation of Rights

### I. The Sale Motion Provides Insufficient Information to Allow Approval of the Form of Asset Sale Agreement

1. The form of Asset Sale Agreement attached to the Sale Motion as Exhibit A references but does not attach copies of several exhibits. Flextronics has requested copies of these exhibits, and understands that Nortel is working toward providing copies of the exhibits, subject to appropriate confidentiality restrictions. Reviewing these exhibits is critical to Flextronics' ability to understand whether the transaction proposed by the Sale Motion may have a prejudicial impact on Flextronics' rights.

2. While it is difficult for Flextronics to identify all potential issues in connection with the form of the Asset Sale Agreement and the exhibits thereto, some of the potential issues include: (i) possible prejudice to Flextronics' rights by reason of the proposed "back-to-back" agreement between Nortel and the stalking horse bidder, the terms of which are set forth on

Exhibit F to the Asset Sale Agreement,[2] (ii) possible prejudice to Flextronics' intellectual property rights resulting from the proposed license agreement attached as Exhibit I to the Asset Sale Agreement, and (iii) possible prejudice to Flextronics' rights arising from transfers of assets, rights and obligations of nondebtors pursuant to the agreements attached as Exhibits H and J, among other things.

3. This list of issues is not exclusive and Flextronics reserves all rights with respect to the terms of the Asset Sale Agreement and any related or ancillary agreement thereto. Flextronics should be given a full and fair opportunity to review the terms of all such agreements to determine whether and to what extent its rights are affected. Accordingly, Flextronics hereby objects to approval of the form of Asset Sale Agreement.

## II. Notice Procedures for Assumption and Assignment of Executory Contracts are Insufficient as Applied to Flextronics

4. As set forth in the Sale Motion, Nortel proposes to send individualized Assumption Notices to each Counterparty under each Assumed Agreement and to their counsel by first class mail by July 7, 2009, with objections to the cure amount due to be received by July 17, 2009 at 4:00 p.m. Counterparty objections must specify the grounds for the objection and the Counterparty's proposed cure amount (and include transaction level detail and calculations supporting the amount). See Sale Motion, ¶ 36.

5. This is extraordinarily short notice for Flextronics to respond to an Assumption Notice given the complexity and scope of the Flextronics' relationship with Nortel. Flextronics' business with Nortel as it relates to the CDMA/LTE assets involves at least 5 separate Flextronics site locations, and the individual transactions involved are likely measured in the

---

[2] For example, depending on its terms, such agreement may constitute a de facto assignment of Flextronics' executory contracts requiring cure of defaults and adequate assurance of future performance pursuant to Section 365 of the Bankruptcy Code.

hundreds of thousands. Thus it would be highly impractical, if not impossible, for Flextronics to gather the relevant data required under the Sale Motion in the time allotted following receipt of an Assumption Notice.

6.  Accordingly, Flextronics hereby objects to the proposed procedures for assumption and assignment of executory contracts set forth in the Sale Motion, and requests that to the extent Nortel seeks to assume and/or assign any of Flextronics' agreements, it be required to send an Assumption Notice to Flextronics (with a copy to counsel) no later than July 1, 2009, by e-mail in addition to first class mail. Such Assumption Notice must include proposed cure amounts and transaction level detail supporting the proposed cure amounts.[3] Flextronics further reserves the right to request an extension of the deadline to object to any Assumption Notice.

*[Remainder of page intentionally left blank.]*

---

[3] By letter dated June 24, 2009, Nortel's counsel indicated that Nortel does not intend to assume and/or assign any of Flextronics' agreements related to the CDMA and LTE assets which are the subject of the Sale Motion in these chapter 11 cases or in Nortel's CCAA proceedings in Canada. Flextronics nonetheless files this Objection to the assumption and assignment procedures in an abundance of caution.

-5-
6115051

**WHEREFORE**, Flextronics respectfully request that the Court deny the Sale Motion for the reasons set forth above and grant such other and further relief as the Court deems just and proper.

Dated: June 26, 2009

        Steven J. Reisman, Esq.
        James V. Drew, Esq.
        CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
        101 Park Avenue
        New York, NY 10178-0061
        Telephone: 212-696-6000
        Facsimile: 212-697-1559
        sreisman@curtis.com
        jdrew@curtis.com

*Counsel to Flextronics Corporation and Flextronics Telecom Systems Ltd*

-and-

ASHBY & GEDDES, P.A.

*/s/ Ka B. Skomarucha*
William P. Bowden (I.D. #2553)
Karen B. Skomorucha (I.D. #4759)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: 302-654-1888
Facsimile: 302-654-2067
wbowden@ashby-geddes.com

*Delaware Counsel to Flextronics Corporation and Flextronics Telecom Systems Ltd*

6115051