IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| Nortel Networks Inc., et al.,[1] | ) Case No. 09-10138 (KG) |
| Debtors. | ) Jointly Administered |

**FIRST INTERIM APPLICATION OF ERNST & YOUNG LLP FOR COMPENSATION FOR SERVICES RENDERED AS INDIRECT TAX SERVICE PROVIDER TO THE DEBTORS-IN-POSSESSION FOR THE PERIOD OF JANUARY 14, 2009 THROUGH APRIL 30, 2009**

| | |
|---|---|
| Name of applicant: | Ernst & Young LLP |
| Authorized to provide professional services to: | The above-captioned debtors and debtors-in-possession |
| Date of retention: | February 5, 2009 (*nunc pro tunc* to January 14, 2009) |
| Period for which compensation and reimbursement is sought: | January 14, 2009 through April 30, 2009 |
| Amount of compensation sought as actual, reasonable and necessary: | $285,000.00 |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $0 |

This is a: __X__ Interim Application _____ Final Application.

There is no time expended for fee application preparation included in this application.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

DETR_1216631.4

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| N/A | | | |

E&Y LLP is an ordinary course professional. E&Y LLP requests $285,000 in fees herein for contingent fee work that E&Y LLP performed and attendant $1,500,000 benefit that the Debtors received during the compensation period. Such fees are not based upon hourly billing. Therefore, no schedule of compensation by each professional person (which otherwise lists a hourly billing rate and number of hours) is included.

## COMPENSATION BY PROJECT CATEGORY

Nortel Networks Inc. *et al.*
(Case No. 09-10138 (KG))

January 14, 2009 through April 30, 2009

| Project Category | Total Fees |
|---|---|
| Sales and Use Tax Refund Work | $285,000.00 |
| **TOTAL** | **$285,000.00** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Nortel Networks Inc., et al.,[2] | ) | Case No. 09-10138 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Objection Deadline: July 16, 2009 at 4:00 p.m. (EST) |
| | ) | Hearing Date: July 17, 2009 at 10:00 a.m. (EST) |

**FIRST INTERIM APPLICATION OF ERNST & YOUNG LLP FOR COMPENSATION FOR SERVICES RENDERED AS INDIRECT TAX SERVICE PROVIDER TO THE DEBTORS-IN-POSSESSION FOR THE PERIOD OF
JANUARY 14, 2009 THROUGH APRIL 30, 2009**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Ernst & Young LLP ("E&Y LLP") files this First Interim Application (the "Application") for Allowance of Compensation for Services Rendered as Indirect Tax Service Provider to the Debtors-In-Possession for the Period of January 14, 2009 Through April 30, 2009 (the "Compensation Period"). By this Application, E&Y LLP seeks an allowance with respect to the sum of $285,000 as compensation for indirect tax services performed for the Debtors during the Compensation Period. In support of this Application, E&Y LLP respectfully represents as follows:

**Background**

1. On January 14, 2009 (the "Petition Date"), the above-captioned debtors and

---

[2] The Debtors in these jointly administered chapter 11 cases are: Nortel Networks Inc., Nortel Networks Capital Corporation, Alteon WebSystems, Inc., Alteon Websystems International, Inc., Xros, Inc., Sonoma systems, Qtera Corporation, CoreTeck Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc. and Nortel Networks Cable Solutions Inc.

DETR_1216631.4

debtors-in-possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. E&Y LLP is employed as an ordinary course professional by the Debtors pursuant to this Court's Order Authorizing The Debtors to Retain and Employ Professionals Used in the Ordinary Course of Business *Nunc Pro Tunc* to the Petition Date entered on February 5, 2009 (the "OCP Order"). Copies of the OCP order and the notice of E&Y LLP's ordinary course professional retention are attached as Exhibit A hereto.

3. The OCP Order generally authorizes the Debtors to compensate ordinary course professionals such as E&Y LLP in the ordinary course of business, provided that fee applications are required for any "Tier Two" ordinary course professional with charges greater than $50,000 in a given month or $350,000 in a calendar year.

4. The Debtors have retained E&Y LLP to continue to perform indirect tax services, consisting of sales and use tax compliance, sales and use tax audit assistance, sales and use tax consulting and refund and credit services (the "OCP Engagement") pursuant to E&Y LLP's engagement agreement with the Debtors (the "Engagement Agreement").

5. E&Y LLP's fees for sales and use tax refund and credit services ("Refund Work") are determined and only payable as of the Debtors' receipt of a refund or credit on such taxes. Specifically, under the Engagement Agreement, for Refund Work, the Debtors pay to E&Y LLP a fee in the amount of 20% of any credit or refund the Debtors receive, minus a 5% discount on any such fee (which discount is to be applied to reduce any future invoices of E&Y LLP for sales and use tax and audit work and other services). E&Y LLP's fees for such Refund Work are in

excess of the $50,000 monthly cap, and therefore E&Y LLP has filed this Application to seek approval of such fees.

## Compensation Requested

6.  During the Compensation Period, E&Y LLP performed continuing Refund Work for the Debtors initiated prepetition which resulted in the Debtors obtaining a sales and use tax refund from the State of Texas in the amount of $1,500,000.00 on or around March 25, 2009. E&Y LLP managed and finalized on the Debtors' behalf a refund claim with the State of Texas, in conjunction with a simultaneous sales and use tax audit. E&Y LLP was able to significantly reduce the Debtors' ultimate tax assessment, and generate a cash refund. Such work involved numerous detailed discussions with technical software engineers within Nortel, the compilation of substantial documentation and evidence, as well as negotiations with state auditor and other officials within the state of Texas.

7.  On March 25, 2009, the Assistant General Counsel from the state agreed to such a refund, and this decision was made final on May 11, 2009. The Debtors received a check on June 1, 2009. Pursuant to the Engagement Agreement, E&Y LLP's fee for this work is 20% of the refund, or $300,000.00, *minus* a 5% discount, resulting in a fee of $285,000.00 due and payable to E&Y LLP. A copy of E&Y LLP's billing statement for such services is attached as Exhibit B. A copy of the final ruling evidencing the refund is attached as Exhibit C. Although the ruling states the amount of the refund was $1,300,000, the actual refund (and benefit) to the Debtors was $1,500,000. The difference of $200,000 is the result of the State of Texas agreeing to settle the simultaneous sales and use tax audit of approximately $2,028,531 of the Debtors' relevant taxes which the State of Texas had alleged was owed to the State by accepting that the

Debtors owed only $200,000 to the State of Texas, thus resulting in the net amount of the refund payable to the Debtors at $1,300,000.

8.  E&Y LLP has not yet received payment of any of the fees requested herein.

9.  All of the fees for which compensation and reimbursement are requested by E&Y LLP in this Application were incurred for and on behalf of the Debtors at the request of the Debtors. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, E&Y LLP respectfully submits that the amount requested by E&Y LLP is fair and reasonable given (a) the complexity of the matters involved, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value and benefits of such services, and (e) the costs of comparable services other than in a case under this title. Although some of the Refund Work was performed prepetition, E&Y LLP finalized the resolution of the refund post-petition and the Debtors secured payment postpetition, at which time E&Y LLP earned its fee.

10.  The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule. To the best of E&Y LLP's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Guidelines adopted by the Office of the United States Trustee, and the order regarding interim compensation in these cases.

WHEREFORE, E&Y LLP respectfully requests that the Court: (a) allow E&Y LLP (i) interim compensation in the amount of $285,000 for actual, reasonable and necessary professional services for Refund Work rendered on behalf of the Debtors during the period January 14, 2009 through April 30, 2009; (b) authorize and direct the Debtors to pay to E&Y

LLP the sum of 228,000.00, which is equal to the sum of 80 percent of E&Y LLP's allowed interim compensation for the Refund Work; and (c) grant such other and further relief as this Court may deem just and proper.

Dated: June 26, 2009

Respectfully submitted,

_____
James E. Scott
Ernst & Young LLP
4130 ParkLake Avenue, Suite 500
Raleigh, NC 26612-2299
Tel. 919.981.2886
james.scott@ey.com

6