**EXHIBIT B**

# CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Confidential Settlement Agreement and Mutual Release ("Settlement Agreement"), effective as of and from the 19th day of June, 2009 (the "Effective Date"), is entered into by and between Nortel Networks Inc. ("Nortel"), a corporation established under the laws of the State of Delaware with a place of business located at 2221 Lakeside Blvd. Richardson, TX 75082 U.S.A. and Moline Dispatch Publishing Co., LLC ("Moline"), a limited liability company established under the laws of Delaware, with its principal place of business located at 1720 5th Avenue, Moline, IL 61265 (either of which may be referred to herein as a "Party", or collectively, as the "Parties").

## I. RECITALS

A. The Parties executed a Purchase and License Agreement including Supplement No.1 Wimax Project, effective March 12, 2007 (the "Agreement"). Pursuant to the Agreement, MOLINE issued purchase orders for the WiMAX project, (the "Purchase Orders").

B. The Parties desire to terminate the Agreement and settle all issues arising from such the performance of the Parties under the Agreement, and the Parties and their counsel believe that, in consideration of all the circumstances the proposed settlement embodied in this Settlement Agreement is fair, reasonable, and adequate and in the best interests of the Parties.

## II. AGREEMENT

The Parties mutually agree as follows:

1. **Consideration.** In consideration of the mutual promises and releases set forth herein,
A) The Parties agree that the Agreement and all obligations thereunder are hereby terminated, and the Parties are released from their obligations under the Agreement, except that MOLINE shall be subject to any License Use, License Restrictions and limitations against Patents and Copyrights which shall survive the termination of the Agreement.

B) Nortel further agrees to (i) release MOLINE from any remaining payment liability for products delivered or services rendered under the Agreement, and (ii) allow MOLINE to keep the Products previously delivered to MOLINE listed in Exhibit A, subject to the License Use, License Restrictions and limitations against Patents and Copyrights violations as stated in the Agreement.

C) Nortel shall not provide MOLINE with any warranty, development and/or support for any of the products or services previously delivered to MOLINE under the Agreement.

The Parties acknowledge and affirm that are no other pending disputes or claims related to or arising out of the Agreement.

1

2. **Separate Tax Advice:** Neither Party has made or makes any representations to the other regarding the taxability of any of the transactions described in this Settlement Agreement. Each Party represents that it has had an opportunity to receive independent legal advice regarding the taxability of any sums payable hereunder and has not relied upon any representation of the other on that subject. Each Party understands and expressly agrees that in the event any income or other tax, including any interest or penalties thereon, is ultimately determined to be payable by it from the payment amount set forth in this section, any reporting or payment obligations arising from or attributable to said amounts are the sole responsibility of that Party.

3. **Mutual Release of Claims and Discharge.** Except for the rights and obligations expressly created or reserved by this Settlement Agreement, each Party, on behalf of itself and their predecessors, successors, assigns, parents, subsidiaries and affiliates, does hereby forever release and discharge each other and their predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors and employees from any and all manner of actions, claims and demands of whatever kind or nature, in law or in equity, that either may have ever had, or claim to had, or have, or may claim in the future to have had, against the other arising out of or related to any claim, counterclaim, defense or issue asserted in, or implicated in, the performance of and termination of the Agreement.

4. **Agreement Not an Admission of Liability.** The Parties agree and acknowledge that this Settlement Agreement is for the compromise of disputed claims and nothing contained in this Settlement Agreement nor any of the negotiations in connection herewith constitute or shall be construed as an admission by either Party of any wrongdoing, breach of contract or liability pursuant to the Agreement and the Purchase Orders.

5. **Representation of Authority to Settle.** Each Party covenants that (i) it has the full power and authority to make, execute, deliver and perform this Settlement Agreement and its terms, and has taken such corporate and other action as is necessary or appropriate to enable it to perform its obligations hereunder, (ii) that no additional consent, approval, authorization, or order of any court, governmental agency or other body is required for its execution of this Settlement Agreement or its performance of any obligation hereunder except for the entry of a final order of the U.S. Bankruptcy Court approving Nortel's entry into this Settlement Agreement, (iii) this Settlement Agreement has been duly executed and delivered by it and constitutes its legal and valid binding obligation, enforceable in accordance with its terms, and (iv) that its respective undersigned representatives have full authority to make, execute and deliver this Settlement Agreement on behalf of the Party for which he or she has executed.

6. **Parties to Bear Own Costs and Attorneys' Fees.** Each Party to this Settlement Agreement will bear its own costs, expenses, and claims to interest and attorneys' fees, whether taxable or otherwise, incurred in or arising out of, or in any way connected with the matters which are referenced or covered in the mutual releases referenced above or which were otherwise related to the subject of this Settlement Agreement. In the event any action is necessary to enforce a provision or provisions of this Settlement Agreement, all costs,

expenses and attorneys' fees incurred in taking such action, whether taxable or not, shall be paid by the non-prevailing Party to the prevailing Party.

7. **Entire Agreement.** This Settlement Agreement represents and contains the entire agreement and understanding between the Parties hereto with respect to the subject matter of this Settlement Agreement, and supersedes any and all prior oral and written agreements and understandings. No representation, warranty, condition, understanding or agreement of any kind with respect to the subject matter hereof shall be relied upon by the Parties except those contained herein. This Settlement Agreement may not be amended or modified except by an agreement signed by the Party against whom enforcement of any modification or amendment is sought.

8. **Additional Documents.** All Parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Settlement Agreement.

9. **Notices.** Any and all notices permitted or required pursuant to the terms of this Settlement Agreement shall be in writing and shall be transmitted via overnight courier or prepaid United States mail, sent certified mail, return receipt requested, addressed as follows: As to Nortel, any and all such notices shall be addressed to Nortel Law Department, 1500 Concord Terrace Sunrise, Florida 33323, Attention: Legal Dept. As to MOLINE, any and all such notices shall be addressed to Moline Dispatch Publishing Co., L.L.C. 1720 5th Ave., Moline, IL 61265 Attention: President.

10. **Advice of Counsel.** In entering into this Settlement Agreement, the Parties each acknowledge and represent that they have had the opportunity to seek and obtain the legal advice of their attorneys, who are the attorneys of their own choice. They further represent that they have made a full investigation into the facts surrounding the Disputes. Each Party acknowledges that it has completely read, understands and voluntarily accepts the terms of this Settlement Agreement.

11. **Counterparts.** This Settlement Agreement may be executed by facsimile in any number of counterparts, each of which shall be deemed an original, and all of which together shall be deemed one and the same instrument.

12. **Heirs, Successors and Assigns.** This Settlement Agreement shall be binding upon and inure to the benefit of the Parties' respective executors, administrators, personal representatives, legal heirs, successors and assigns.

13. **Severability.** Should any portion (word, clause, phrase, sentence, paragraph or section) of this Settlement Agreement be declared void or unenforceable, such portion shall be considered independent and severable from the remainder, the validity of which shall remain unaffected; provided, however, if the consideration specified in Section II Consideration should be set aside, the Parties shall be restored to their respective positions as they existed immediately prior to execution of this Settlement Agreement.

14. **Applicable Law.** This Settlement Agreement shall be governed by, construed and interpreted in accordance with the laws of the State of New York, without giving effect to the choice of law provisions thereof.

15. **Construction.** The language of this Settlement Agreement shall be construed as a whole, according to its fair meaning and intent and not strictly for or against any party. In the event an ambiguity or question of intent or interpretation arises, this Settlement Agreement shall be construed as if drafted jointly by the Parties and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any of the provisions of this Settlement Agreement.

16. **Section Headings and References.** Section headings contained herein are for the convenience of reference only and shall not affect any construction or interpretation of this Settlement Agreement.

17. **Recital of Facts.** Each and every recital of fact set forth above is incorporated herein by this reference as though fully set forth. These recitals are an integral part of this Settlement Agreement entered into by each of the Parties hereto. The recitals of facts set forth herein are hereby agreed to be true for the purpose of this Settlement Agreement.

18. **Effectiveness** This Agreement shall become effective on the date that a final order of the U.S. Bankruptcy Court is entered approving Nortel's entry into this Settlement Agreement. Nortel shall provide a copy of the order to Moline.

**THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK**

IN WITNESS WHEREOF, Nortel and MOLINE. have each caused this Settlement Agreement to be signed by their duly authorized representatives.

Nortel Networks Inc.

By: _____
Name: _Craig Skein_____
Title: _VP, US Neg'ins_____
Date: _6/22/09_____

Moline Dispatch Publishing Company LLC

By: _____
Name: _GERKD J. TAYLOR_____
Title: _PUBLISHER_____
Date: _6/22/09_____

EXHIBIT A
PRODUCTS

| Description | Quantity |
|---|---|
| **CPE** | |
| MAX-100 PCMPCIA | 22 |
| MAX-200M1 – Simple Outdoor | 102 |
| | |
| **Antennas** | |
| Andrews DualPol Antenna Superior | 9 |
| | |
| **NMS Hardware** | |
| Wimax NMS Manager | 1 |
| | |
| **AAA Server Hardware and Software** | |
| NTR65233 Netra 240 Kit | 1 |
| NTR651KS Breaker Module | 1 |
| NTR630SA, | 1 |
| NTPX6208 Alarm Harness, Netra 240 Pair | 1 |
| NTPX6201 Power Cable Netra 240 PMSC14 | 1 |
| NTQ990AA Fix WiMAX starter kit 5K subs | 1 |
| VAF00044 Oracle Standard | 1 |
| | |
| **BTS 5025 (2.5Ghz )** | |
| NTL501AA WiMAX OD BTS 5025 2.5GHz | 3 |
| NTQ222AA5715E5 Filter Module | 3 |
| TTLNA for 2.5 Ghz | 9 |
| TTLNA ground cable | 9 |
| Kit (anchors material isolator pad) | 3 |
| Kit (anchors) | 2 |
| GPS Antenna Kit | 3 |
| GPS Antenna Outdoor RF Cable | 3 |
| GPS Mounting Kit | 3 |
| BTS Software | 2 |
| | |
| ASN Gateway small | 1 |
| Eltek Flatpack Power System for BTS | 2 |