IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
: Chapter 11
In re :
: Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1] :
: Jointly Administered
Debtors. :
:
: RE: D.I. 901
:
---------------------------------------------------------X

**ORDER UNDER SECTIONS 365(a) AND 554(a) OF THE
BANKRUPTCY CODE (1) AUTHORIZING THE DEBTORS TO (A) REJECT
AS OF JUNE 30, 2009, A CERTAIN LEASE AGREEMENT WITH DEKA
IMMOBILIEN INVESTMENT GMBH AND (B) ABANDON CERTAIN
PERSONAL PROPERTY LOCATED AT THE LEASED PREMISES AND (2)
RESERVING CERTAIN RIGHTS AND CLAIMS OF THE LANDLORD**

On June 12, 2009, Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), filed their Eighth Notice of Rejection of Executory Contract(s) and/or Nonresidential Real Property Lease(s) By Debtors and Debtors in Possession (D.I. 901)(the "Prime Lease Rejection Notice"), pursuant to an order of the Court[2] (the "Procedures Order"), notifying Deka Immobilien Investment GmbH (the "Landlord") and certain other parties of their intention to reject, effective as of June 30, 2009,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Order Approving Procedures for the Rejection of Executory Contracts and Unexpired Leases and the Abandonment of Certain Assets Related Thereto (D.I. 510)

that certain lease agreement by and between the Landlord and NNI, dated as of October 24, 2000 (the "Prime Lease"); and on June 17, 2009, the Debtors filed their Ninth Notice of Rejection of Executory Contract(s) and/or Nonresidential Real Property Lease(s) By Debtors and Debtors in Possession (D.I. 917) (the "Sublease Rejection Notice"), notifying certain parties of their intention to reject, effective as of June 30, 2009, that certain sublease agreement by and between NNI and LanceSoft Inc. (the "Subtenant"), dated as of October 1, 2007 (the "Sublease" and, together with the Prime Lease, the "Leases"), and their intention to abandon personal property located at such premises and as more particularly described in the Prime Lease Rejection; and the Landlord agreeing not to contest the rejection of the Prime Lease based upon notice to the Landlord of the Prime Lease Rejection Notice; and all other parties having received adequate notice of the Prime Lease Rejection Notice as set forth in the Procedures Order and the Prime Lease Rejection Notice; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Prime Lease Rejection Notice and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Landlord and the Debtors having agreed to the terms of this Order; and the Court having found that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Prime Lease shall be REJECTED, effective as of June 30, 2009, and all objections to the rejection of the Prime Lease are hereby OVERRULED except as set forth in this Order.

2. Upon the rejection of the Prime Lease, the Sublease shall be terminated pursuant to the Sublease Rejection Notice.

3. Upon rejection of the Prime Lease and Sublease, Landlord shall have the right to immediately re-enter the premises that are subject to the Lease, to the extent the Debtors have possession of the premises, for the purpose of re-letting the premises.

4. The Debtors may abandon the personal property described in the Prime Lease Rejection Notice and located at the premises that are subject to the Prime Lease; **provided** that such abandonment shall not constitute a waiver by the Landlord of any claims it may have, including potential administrative claims, for damages resulting from such abandonment **or** for any expenses or liabilities incurred as a result of the Debtors or any third parties claiming an interest in such personal property to be abandoned, subject to the Debtors' defenses, arguments and counterclaims against any such claims, which are expressly reserved.

5. The Debtors shall vacate the premises that are subject to the Prime Lease by June 30, 2009. The Landlord reserves its rights to assert any claims it may have, including potential administrative claims, for damages including, without limitation, damages resulting from the failure of the Debtors to timely and properly vacate, and thereby unequivocally surrendering, the premises that are subject to the Prime Lease by June 30, 2009, including any claims related to the Debtors' failure to properly return any keys, to return any security cards, to provide any combinations of any locks, safes or vaults located in the premises that are subject to the Prime Lease, to promptly and orderly remove any alterations as required by the terms of the Prime Lease or to restore the leased premises to the condition mandated by the terms of the Prime Lease subject to the Debtors' defenses, arguments and counterclaims against any such claims, which are expressly reserved.

6. The Landlord reserves its rights to assert any claims it may have, including potential administrative claims, for damages including, without limitation, damages resulting

from the failure of the Subtenant to timely and properly vacate the premises that are subject to the Sublease by June 30, 2009, and any claims it may have for payments made by the Subtenant to the Debtors, if any, for the Subtenant's continued occupation of the premises subject to the Sublease after June 30, 2009, subject to the Debtors' defenses, arguments and counterclaims against any such claims, which are expressly reserved. In the event that Subtenant advances payment under the terms of the Sublease to the Debtors, the Debtors must immediately advance to Landlord any and all payments from Subtenant received by Debtors on account of the Sublease.

7. All rights of the Debtors to contest any and all claims brought by the Landlord and/or the characterization of any such claims as administrative claims or otherwise and all counterclaims, defenses and arguments of the Debtors in connection therewith are reserved.

8. The Debtors do not waive any and all claims that they may have against the Landlord or the Subtenant, whether or not such claims are related to the Leases.

9. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: June 26, 2009
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

4