## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
                                     :

*In re*                                 :

Nortel Networks Inc., *et al.*,[1]      :

                  Debtors.     :

                                 :

------------------------------------------------------X

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

**RE: D.I. 859**

## ORDER UNDER 11 U.S.C. §§ 327 AND 328 AUTHORIZING RETENTION AND EMPLOYMENT OF PALISADES CAPITAL ADVISORS, LLC *NUNC PRO TUNC* TO MAY 8, 2009 AS PENSION CO-ADVISOR TO THE DEBTORS AND DEBTORS IN POSESSION

Upon the application dated June 5, 2009 (the "Application"),[2] of Nortel Networks Inc.

("NNI") and its affiliated debtors, as debtors and debtors in possession in the above-captioned

cases (the "Debtors"), for entry of an order, as more fully described in the Application, pursuant

to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"),

Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule

2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the District of Delaware (the "Local Bankruptcy Rules"), (i) authorizing the

employment and retention of Palisades Capital Advisors, LLC ("Palisades") as pension co-

advisor to the Debtors *nunc pro tunc* to May 8, 2009, (ii) approving the terms and conditions

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

under which Palisades will be retained and compensated and (iii) granting related relief; and

upon the Declaration of Bradley D. Belt in support of the Debtors' Application for Entry of an

Order Authorizing the Employment and Retention of Palisades Capital Advisors, LLC *nunc pro*

*tunc* to May 9, 2009 as Pension Advisor to the Debtors , attached as Exhibit B to the Application

(the "Belt Declaration"); and adequate notice of the Application having been given as set forth in

the Application; and it appearing that no other or further notice is necessary; and the Court

having jurisdiction to consider the Application and the relief requested therein pursuant to 28

U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Application

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the

legal and factual bases set forth in the Application establish just cause for the relief requested in

the Application, and that such relief is in the best interests of the Debtors, their estates, their

creditors and the parties in interest; and upon the record in these proceedings; and after due

deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules

2014 and 2016 and Local Bankruptcy Rule 2014-1, NNI is authorized to retain and employ

Palisades as pension co-advisor to the Debtors, *nunc pro tunc* to May 8, 2009, under the terms

and conditions set forth in that certain letter dated as of May 8, 2009 (the "Engagement

Agreement").

3.      The fee structure set forth in the Engagement Agreement, including the

indemnification and other provisions provided set forth therein, is approved pursuant to section

328(a) of the Bankruptcy Code, subject to the following modifications:

2

a.    Subject to the provisions of subparagraph (c) beneath, NNI is authorized to indemnify, and to provide reimbursement to, and shall indemnify, and provide reimbursement to, Palisades in accordance with the terms of the Engagement Agreement for any claim arising from, related to, or in connection with the services provided for in the Engagement Agreement, but not for any claim arising from, related to, or in connection with Palisades' postpetition performance of any other services unless such postpetition services and indemnification therefore are approved by the Court.

b.    Notwithstanding any indemnification provisions of the Engagement Agreement to the contrary, NNI shall have no obligation to indemnify Palisades or provide reimbursement to Palisades (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Palisades' bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct, (ii) for a contractual dispute in which NNI alleges the breach of Palisades' contractual obligations unless the Court determines that indemnification or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (c), beneath, to be a claim or expense for which Palisades should not receive indemnity or reimbursement under the terms of the Agreement, as modified by this Order.

c.    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become final and no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Palisades believes that it is entitled to the payment of any amounts by NNI on account of NNI's indemnification and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including without limitation the advancement of defense costs, Palisades must file an application therefore in this Court, and the NNI may not pay any such amounts to Palisades before the entry of an order by this Court approving the payment.  This subparagraph (c) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for compensation and expenses by Palisades for indemnification or reimbursement and is not a provision limiting the duration of NNI's obligation to indemnify Palisades.

4.    Palisades will file fee applications for interim and final allowance of compensation, including reimbursement of expenses, pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code; provided, however, that Palisades shall be compensated pursuant to section 328(a) of the Bankruptcy Code and that Palisades'

3

compensation shall not be evaluated under the standard set forth in section 330 of the Bankruptcy Code.

5.      Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, orders of this Court or any guidelines regarding submission and approval of fee applications, in light of the services to be provided Palisades and the structure of Palisades' compensation pursuant to the Engagement Agreement, Palisades and its professionals shall be excused from maintaining time records as set forth in Local Rule 2016 in connection with the services to be rendered pursuant to the Engagement Agreement; provided, however, that Palisades shall instead present to the Court daily descriptions of those services provided on behalf of the Debtors, set forth for each individual who provided such services, kept in hour increments with a reasonably detailed description of the services provided.

6.      Notwithstanding anything in this Order to the contrary, the United States Trustee for the District of Delaware shall retain all rights to object to the Monthly Advisory Fee based on the reasonableness standard provided for in sections 330 and 331 of the Bankruptcy Code.  The Debtors and Palisades further stipulate and agree that this order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the United States Trustee to challenge the reasonableness of Palisades' compensation under Bankruptcy Code sections 330 and 331.  Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the United States Trustee, on appeal or otherwise, with respect to the reasonableness of Palisades' compensation.

7.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or

4

realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

8.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
       Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

5