## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------X

*In re*

Nortel Networks Inc., *et al.,* [1]

                 Debtors.

-------------------------------------------------------------X

       Chapter 11

       Case No. 09-10138 (KG)

       Jointly Administered

       **RE: D.I. 873**

## ORDER AUTHORIZING THE DEBTORS TO MAKE CERTAIN TRANSFERS AND PROVIDE FINANCIAL SUPPORT TO THEIR NON-DEBTOR SUBSIDIARIES

Upon the motion dated June 9, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its

affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the

"Debtors"), for entry of an order, as more fully described in the Motion, authorizing the Debtors

to make certain transfers and provide Financial Support (as defined in the Motion) to their non-

debtor subsidiaries from time to time; and adequate notice of the Motion having been given as

set forth in the Motion; and it appearing that no other or further notice is necessary; and the

Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28

U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the

legal and factual bases set forth in the Motion establish just cause for the relief requested in the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and

the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as provided herein.

2.      All objections to the relief sought in the Motion to the extent not withdrawn or

otherwise resolved are hereby overruled.

3.      The Debtors are authorized, but not required, to provide Financial Support from

time to time to their non-debtor subsidiaries up to an aggregate post-petition amount of $2

million from and after the date hereof without need to obtain further Court approval, provided

that prior to executing any intercompany loan transaction or making any equity infusion that

would result in outstanding post-petition Financial Support in excess of $100,000 being extended

to a specific non-debtor subsidiary, the Debtors shall (i) file with the Court a notice disclosing

the amount, nature and recipient of the proposed Financial Support and (ii) provide counsel to

the Committee, counsel to the Bondholder Group and the U.S. Trustee at least five (5) business

days prior written notice of the proposed disbursement of Financial Support (including by

electronic mail), including the amount and terms of the proposed Financial Support, the business

purpose for the transfer along with any relevant documentation supporting the Financial Support.

If the Committee, the Bondholder Group or the U.S. Trustee provide the Debtors' counsel with a

written objection (including by electronic mail) to such Financial Support within that five (5)

business day period, then to the extent such objection cannot be resolved, the Debtors shall be

required to seek Court approval, including on an expedited basis if necessary, prior to providing

the proposed Financial Support.

4.      The Debtors are authorized to enter into, execute, deliver, certify, file and/or record, and perform such agreements, instruments, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions as shall be or become necessary, proper, and desirable to effectuate such Financial Support in accordance with the terms of the Motion and this Order.

5.      Consistent with applicable provisions of the Federal Rules of Bankruptcy Procedure, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

6.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _June 29_, 2009
       Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3