IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
: 
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
           Debtors. : Jointly Administered
:
: Hearing date: July 17, 2009 at 11:00 AM (ET)
: Objections due: July 10, 2009 at 4:00 PM (ET)
------------------------------------------------------------X

### DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE ASSUMPTION OF AN EXECUTORY CONTRACT UNDER SECTION 365 OF THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to assume a purchase order (the "Purchase Order"), by and between NNI and Chrysler LLC ("Chrysler"), a copy of which is attached hereto as Exhibit B. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are section 365 of the Bankruptcy Code and Bankruptcy Rule 6006.

## Background

### A. Introduction

3. On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), has filed petitions in this Court for recognition of the Canadian Proceedings as

---

[2] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

2

foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February 27, 2009, this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. In addition, at 8 p.m. (London time) on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[3] into administration under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators"). On May 28, 2009, at the request of the Administrators, the Commercial Court of Versailles, France (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA will continue to operate as a going concern for an initial period of three months. In accordance with the European Union's Council Regulation (EC) No 1346/2000 on Insolvency Proceedings, the English law proceedings (the "English Proceedings") remain the main proceedings in respect of NNSA. On June 8, 2009, Nortel Networks UK Limited ("NNUK") filed petitions in this Court for recognition of the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On June 26, 2009, the Court entered an order recognizing the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

---

[3]     The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

6.   On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Bankruptcy Rules that provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

7.   On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142]. An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

**B.   Debtors' Corporate Structure and Business**

8.   A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3].

### Relief Requested

9.   By this Motion, the Debtors seek an order authorizing the Debtors to assume the Purchase Order. For the reasons discussed below, the Debtors believe that assumption of the Purchase Order is in the best interests of the Debtors, their estates and their creditors.

### Facts Relevant to this Motion

10.   Nortel and Chrysler entered into a two-year Purchase Order on October 3, 2008. The term of the Purchase Order expires on September 30, 2010. The Purchase Order contracts for maintenance work, as necessary, for Chrysler's network. If and when Nortel-supported inventory fails in Chrysler's network, Nortel is required to fix or replace that inventory within a contractual time period. Nortel has reviewed the economics of the Purchase Order and believes it is prudent and appropriate to assume and perform under the Purchase Order.

4

11. As has been widely publicized, Chrysler filed for chapter 11 protection with the United States Bankruptcy Court for the Southern District of New York on April 30, 2009. Chrysler sought and obtained authorization to sell substantially all of its operating assets, pursuant to section 363 of the Bankruptcy Code, to a new company known as Chrysler Group LLC ("New Chrysler"). As part of its sale process, Chrysler also sought authorization to assume certain executory contracts, including the Purchase Order, pursuant to section 365 of the Bankruptcy Code. Chrysler has proposed to pay a cure amount of $1,705,930, as required for assumption under section 365 of the Bankruptcy Code. This cure amount is very close (within approximately $18,000) to the amount Chrysler owes Nortel according to Nortel's books and records. The Debtors believe it is appropriate to accept Chrysler's proposed settlement and cure, which is contingent upon Nortel's assumption of the Purchase Order in these chapter 11 proceedings.

## Basis for Relief

**A.   Assumption of the Purchase Orders is in the Best Interests of the Debtors' Estates.**

12. Section 365(a) of the Bankruptcy Code provides, in relevant part, that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). An executory contract is a "contract under which the obligations of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other." Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp., 872 F.2d 36, 39 (3d Cir. 1989); see also In re Riodizio, Inc., 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997) ("[A] contract is executory if each side must render performance, on account of an existing legal duty or to fulfill a condition, to obtain the benefit of the other party's performance.").

13. When determining whether to approve a debtor's decision to assume or reject an executory contract or unexpired lease, courts apply the "business judgment" rule. See NLRB v. Bildisco & Bildisco (In re Bildisco), 682 F.2d 72, 79 (3rd Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."), aff'd, NLRB v. Bildisco & Bildisco, 465 U.S. 513 (1984). Thus, in order to assume and assign an executory contract under section 365 of the Bankruptcy Code, a debtor must establish that the decision is one made in its sound business judgment. In re ANC Rental Corp., Inc., 278 B.R. 714, 723 (Bankr. D. Del. 2002) (citing In re Montgomery Ward Holding Corp., 242 B.R. 147, 153 (Bankr. D. Del. 1999)).

14. A debtor satisfies the "business judgment" rule "when it determines, in good faith, that assumption of an executory contract will benefit the estate and its unsecured creditors. In re Decora Industries, Inc., No.00-4459 JJF, 2002 WL 32332749, at *8 (D. Del. May 20, 2002) (citing In re FCX, Inc., 60 B.R. 405, 411 (Bankr. E.D.N.C. 1986)). In applying the "business judgment" rule, debtors are usually given significant discretion when requesting to assume or reject an executory contract or unexpired lease. See Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc. (In re Richmond Metal Finishers, Inc.), 756 F.2d 1043, 1047 (4th Cir. 1985) ("[T]he rule as applied to a bankrupt's decision to reject an executory contract because of perceived business advantage requires that the decision be accepted by courts unless it is shown that the bankrupt's decision was one taken in bad faith or in gross abuse of the bankrupt's retained business discretion."), cert. denied, 475 U.S. 1057 (1986); In re Riodizio, Inc., 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997) ("[A] court will ordinarily defer to the business judgment of the debtor's management, . . . ."); In re Chipwich, Inc., 54 B.R. 427, 430-31 (Bankr. S.D.N.Y.

1985) (finding a court should not interfere with a debtor's decision to assume or reject "absent a showing of bad faith or abuse of business discretion").

15. In the present case, the Debtors have determined, in the exercise of their sound business judgment, that assumption of the Purchase Order is in the best interests of the Debtors' estates. The Purchase Order is profitable for Nortel. Additionally, Chrysler has agreed to pay approximately $1.7 million in cure costs to Nortel once the agreement is assumed.

**B.    Cure and Adequate Assurance of Future Performance**

16. Section 365(b)(1) of the Bankruptcy Code requires a debtor to cure, or provide adequate assurance that the debtor will promptly cure, any outstanding defaults under the executory contract to be assumed. 11 U.S.C. § 365(b)(1). See also In re ANC Rental, 278 B.R. 714, at 724.

17. As of the date of this motion, Nortel does not owe a cure amount to Chrysler. Chrysler intends to pay Nortel a cure amount of approximately $1.7 million, as authorization for assumption and assignment of the Purchase Order has been granted in Chrysler's pending chapter 11 case.

### Notice

18. Notice of the Motion has been given via first class mail to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; (iv) counsel to Chrysler; (v) counsel to New Chrysler; and (vi) the general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

### No Prior Request

19. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: June 29, 2009  
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)  
Lisa M. Schweitzer (No. 1033)  
One Liberty Plaza  
New York, New York 10006  
Telephone: (212) 225-2000  
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Ann C. Cordo

Derek C. Abbott (No. 3376)  
Eric D. Schwartz (No. 3134)  
Ann C. Cordo (No. 4817)  
Andrew R. Remming (No. 5120)  
1201 North Market Street  
P.O. Box 1347  
Wilmington, Delaware 19801  
Telephone: (302) 658-9200  
Facsimile: (302) 658-3989

*Counsel for the Debtors  
and Debtors in Possession*