**EXHIBIT B**



# Purchase Order / Release

## Header Information...

| | |
|---|---|
| Purchase Order Number : | JZB8638772-A |
| Order Date : | 10/03/2008 |
| Order Purpose : | Confirmation |
| Order Type : | Stand-alone Order |
| Currency : | U.S. Dollars |
| Shipping Method of Payment : | Information Copy No Payment Due |
| Sale Not to Exceed : | $0.00 |
| Terms: | Net 60 days after invoice31th Prox |

## Allowance/Charge or Services :

| Allowance/Charge : Charge | Service Code : See Notes Below | Clause/Code : 040 |
|---|---|---|
| Dollar Amount : $.00 | Charge Code : Sales Tax (State and Local) | |

Description : CLAUSE REFER TO TEXT - STATE/LOCAL TAX
Additional Description : RELATED COST CD - STATE/LOCAL TAX

| Allowance/Charge : Charge | Service Code : See Notes Below | Clause/Code : 294 |
|---|---|---|
| Dollar Amount : $.00 | | |

Description : CLAUSE REFER TO TEXT - HAZARDOUS MATL TAX
Additional Description : RELATED COST CD - HAZARDOUS MATL TAX

## General Schedule :

| Deliver on Date : 10/01/2008 |
|---|

## General Notes :

SELLER AGREES TO SELL AND DELIVER THE GOODS OR SERVICES
SPECIFIED IN CHRYSLER'S ORDER IN ACCORDANCE WITH THE
TERMS AND CONDITIONS CONTAINED IN THE ORDER, INCLUDING THE
CLAUSES REFERENCED IN THE ORDER, THE CHRYSLER
FACILITIES AND MATERIALS GENERAL TERMS AND CONDITIONS (FORM
84-806-1652A), THE TERMS OF THIS FORM AND ANY SIGNED
DOCUMENTS REFERENCED IN THE ORDER, ALL OF WHICH CONSTITUTE
THE ENTIRE AND FINAL AGREEMENT BETWEEN CHRYSLER AND
SELLER AND CANCEL AND SUPERSEDE ANY PRIOR OR
CONTEMPORANEOUS NEGOTIATIONS OR AGREEMENTS REGARDING THE
ORDER.  THE CHRYSLER GENERAL TERMS AND CONDITIONS
ARE AS CURRENTLY PUBLISHED ON
HTTP://CHRYSLER.COVISINT.COM (REFERENCE TAB).
BY ACCEPTING THE ORDER, SELLER ACKNOWLEDGES HAVING ACTUAL
KNOWLEDGE OF THE TEXT OF THE REFERENCED CLAUSES AND THE
GENERAL TERMS AND CONDITIONS.  CHRYSLER'S ORDER
EXPRESSLY LIMITS ACCEPTANCE TO THE TERMS OF THE ORDER
AND ANY ADDITIONAL OR DIFFERENT TERMS, WHETHER CONTAINED
IN SELLER'S FORMS OR OTHERWISE PRESENTED BY SELLER ARE
REJECTED UNLESS EXPRESSLY AGREED TO BY
CHRYSLER.  SELLER SPECIFICALLY WAIVES ITS SIGNED
ACCEPTANCE OF THE ORDER.  "ORDER" MEANS A PURCHASE ORDER
TRANSMITTED TO SELLER VIA CHRYSLER ELECTRONIC DATA
INTERCHANGE SYSTEM OR DELIVERED TO SELLER IN A PAPER
FORMAT.  CHRYSLER OR CHRYSLER CANADA INC.,
AS THE CASE MAY BE, IS REFERRED TO AS EITHER CHRYSLER
OR CHRYSLER LLC IN THIS PURCHASE ORDER.
END USER NAME: (MICHAEL PIOTROWSKI)
LOC: (1100) DEPT: (1766) PH: (5862745445) CIMS:(4500314
INV APRV NAME: (MICHAEL PIOTROWSKI)
LOC: (1100) DEPT: (1766) PH: (5862745445) CIMS:(4500314
Ship To: MICHAEL PIOTROWSKI (586) 274-5445 MCP2@CHRYSLER.COM
Requester: MICHAEL PIOTROWSKI (586) 274-5445 MCP2@CHRYSLER.C
Order Number:  080804229

## Address Information...

## Buying Party (Purchaser) :

| Name : | CHRYSLER LLC |
|---|---|
| Contact Name: | 256686S.K. PAYNE |
| Phone Number: | 2485121132 |

## Selling Party :

| Name : | NORTEL NETWORKS |
|---|---|
| Code : | 69645 A |

| Address :      | TWO TOWNE SQ SUITE 450 |
|----------------|------------------------|
| City :         | SOUTHFIELD             |
| State :        | MI                     |
| Postal Code :  | 48076                  |

## Ship To :

| Name :            | 1100 NCC/SATELLITE/CTS/VRU      |
|-------------------|---------------------------------|
| Code :            | YGZ                             |
| Additional Name : | STERLING HTS ASSY PLT GATE #1   |
| Additional Name : | M.PIOTROWSKI 450-03-            |
| Address :         | 38111 VAN DYKE DOOR: ADMIN 2    |
| City :            | STERLING HTS                    |
| State :           | MI                              |
| Postal Code :     | 483121174                       |

## Party to be billed(AAR Accounting Rule 11) :

| Name :            | CORPORATE ACCOUNTS PAYABLE |
|-------------------|----------------------------|
| Additional Name : | CHRYSLER COMPANY LLC       |
| Address :         | P O BOX 537933             |
| City :            | LIVONIA                    |
| State :           | MI                         |
| Postal Code :     | 481537933                  |

## Receiving Location :

| Name : | DC HEADQUARTERS US |
|--------|--------------------|
| Code : | ZB                 |

## Line Items...

### Line Item #000001

| Buyer's Item Number : | 60-072-0001      |
|-----------------------|------------------|
| Quantity :            | 8                |
| Unit of Measure :     | Quarter (Time)   |
| Unit Price :          | $1453930.18      |

**Product Description :**

PURCHASE FOR 8 QUARTERS
RENEW NORTEL BASE MAINTENANCE/SERVICES
CONTRACT FOR NEW TERM

Begin: 2008-10-01 End: 2010-09-30

NOTE THE FOLLOWING RELATIVE TO THE SLA

(REFERENCE PAGE 10 OF THE
JULY 21, 2008 PROPOSAL):

IF THE ACTUAL MTR EXCEEDS THE COMMITTED TIME,
NORTEL NETWORKS WILL
PROVIDE A CREDIT TO CHRYSLER LLC EQUAL TO 100%
OF THE MONTHLY
CHARGE FOR THE SPECIFIC UNIT IN QUESTION.

Reference Numbers :

| | |
|---|---|
| Purchase Requisition No. : | DPZB0805719 |
| Description : | REQUISITION NUMBER(S): |

## Clause Section...

```
CLAUSE # 026F
CLAUSE # 132
CLAUSE # 294
CLAUSE # 082J
THIS ORDER APPLIES TO OUR FOLLOWING PLANT REQUIREMENTS ONLY:
CLAUSE # 135
CLAUSE #135: UPON CHRYSLER MAKING A PROGRESS PAYMENT UNDER
THIS PURCHASE ORDER TITLE TO ALL WORK IN PROCESS, PARTS,
MATERIALS, INVENTORIES, DRAWINGS, AND OTHER WORK PRODUCT,
THERETOFORE OR THEREAFTER ACQUIRED OR PRODUCED BY SELLER IN THE
PERFORMANCE OF WORK HEREUNDER, SHALL THEREUPON VEST IN
CHRYSLER, BUT SELLER SHALL BEAR THE RISK OF LOSS THEREOF
AND DAMAGE THERETO. SUCH WORK IN PROCESS, PARTS, MATERIALS,
INVENTORIES, DRAWINGS, AND OTHER WORK PRODUCT SHALL BE PROPERLY
HOUSED AND PROTECTED BY SELLER; SHALL BE DEEMED TO BE PERSONAL
PROPERTY AT ALL TIMES; SHALL BE MARKED BY SELLER "PROPERTY OF
CHRYSLER"; SHALL NOT BE USED EXCEPT FOR PERFORMANCE OF
WORK HEREUNDER; SHALL BE KEPT FREE AND CLEAR OF ALL LIENS AND
ENCUMBRANCES; SHALL NOT BE COMMINGLES WITH PROPERTY OF SELLER
WITH THAT OF ANY THIRD PARTY; SHALL NOT BE MOVED FROM SELLER'S
PREMISES WITHOUT CHRYSLER'S PRIOR WRITTEN APPROVAL; AND
SHALL, UPON REQUEST OF CHRYSLER, BE IMMEDIATELY DELIVERED
TO CHRYSLER, F.O.B. CARS OR TRUCKS AT SELLER'S PLANT,
PROPERLY PACKED AND MARKED IN ACCORDANCE WITH THE REQUIREMENTS
OF THE CARRIER SELECTED BY CHRYSLER TO TRANSPORT SUCH
PROPERTY, OR SHALL, UPON REQUEST OF CHRYSLER, BE
IMMEDIATELY DELIVERED TO CHRYSLER BY SELLER AT ANY
LOCATION DESIGNATED BY CHRYSLER, IN WHICH EVENT
CHRYSLER SHALL PAY TO SELLER THE COST OF DELIVERING SUCH
PROPERTY TO SUCH LOCATION.  CHRYSLER SHALL HAVE THE RIGHT
TO ENTER ONTO SELLER'S PREMISES AT ALL REASONABLE TIMES TO
INSPECT SUCH PROPERTY AND SELLER'S RECORDS WITH RESPECT THERETO.
PAYMENT WILL BE MADE IN PARTIAL AMOUNTS AS SPECIFIED IN THE
FOLLOWING SCHEDULE UPON PRESENTATION OF SELLER'S INVOICES FOR
SCHEDULE:
(                                                              )
QUARTERLY PAYMENTS AUTHORIZED
CLAUSE # 022A
CLAUSE #022A:
DELAY IN PAYMENT AND RETURN OF INVOICE TO THE SELLER CAN RESULT
```

IF THE REQUIREMENTS BELOW ARE NOT FOLLOWED. INVOICES AND PACKING
SLIPS ISSUED AGAINST THIS PURCHASE ORDER MUST BEAR THE FOLLOWING:
  - SUPPLIER VENDOR CODE
  - COMPLETE PURCHASE ORDER NUMBER
  - REQUISITION AND/OR BLANKET ORDER RELEASE NUMBER
  - 'SHIP TO' ADDRESS WITH LOCATION CODE, SEE BULLETINS FOR CODES
  - 'INVOICE TO' ADDRESS (POST OFFICE BOX ADDRESS)
  - NON-PRODUCTION MATERIAL CODE (ITEM #) OR PRODUCTION PART #
  - SHIPMENT MODE
  - INVOICE AND RECEIPT NUMBER
  - INVOICE DATE/SHIP DATE
  - UNIT PRICE AND ISO CURRENCY CODE
  - QUANTITY AND UNIT OF MEASURE
  - PRICING/COST FOR BILLABLE CLAUSES
  - ADDITIONAL LINE ITEM EXPENSES
  - PROPER EXTENSION OF ALL LINE ITEMS
  - INVOICE GRAND TOTAL
FURTHER INFORMATION REGARDING INVOICE AND RECEIPT REQUIREMENTS
CAN BE OBTAINED FROM THE CHRYSLER CORPORATE ACCOUNTS
PAYABLE DEPARTMENT DOCUMENT: 'INFORMATION BULLETIN - FACILITIES
AND MATERIALS INVOICE AND RECEIPT REQUIREMENTS' OR PRODUCTION
INVOICE REQUIREMENTS. ADDITIONAL SHIPPING INSTRUCTIONS:  IN
ADDITION TO PROPER LABELING, THE FOLLOWING MUST BE OBSERVED:
  - TWO (2) PACKING LISTS MUST BE INCLUDED WITH SHIPMENT.  ONE
    ATTACHED TO EXTERIOR OF SHIPPING CONTAINER AND ONE INSIDE
    SHIPPING CONTAINER.
THE WORDS "NON-PRODUCTION MATERIAL" OR "PRODUCTION MATERIAL" MUST
BE CLEARLY MARKED AND VISIBLE ON OUTSIDE OF SHIPPING CONTAINER.
THIS PURCHASE ORDER IS ISSUED FOR THE ITEM(S) AS SPECIFICALLY
IDENTIFIED ON THIS ORDER. ANY SUBSTITUTION OF MATERIAL OTHER THAN
DESCRIBED HEREIN WITHOUT PRIOR PURCHASING APPROVAL, WILL BE
CONSIDERED A VIOLATION OF THE ORDER AND SUBJECT TO A DEBIT OF THE
SELLER'S ACCOUNT AND REMOVAL AS AN APPROVED CHRYSLER
SUPPLIER.
FOR INVOICING PROBLEMS CALL THE APPROPRIATE PAYABLES LOCATION:
CORPORATE ACCOUNTS PAYABLE:   (586) 274-7676
MEXICO ACCOUNTS PAYABLE: 011-52-555-081-7762
CANADIAN ACCOUNTS PAYABLE: (586) 274-6220
CLAUSE # 040
CLAUSE #040: CHRYSLER LLC, FOR THE BELOW LISTED
LOCATIONS ONLY, ASSUMES LIABILITY FOR PAYMENT OF APPLICABLE
STATE AND LOCAL SALES AND USE TAXES AND, THEREFORE, NO TAX
SHALL BE INVOICED BY SELLER. LABOR, TRANSPORTATION, CREATIVE
SERVICES, AND OTHER NON-MATERIAL CHARGES MUST BE SEPARATELY
STATED ON SELLER'S INVOICE. DIRECT PAYMENT PERMIT NUMBERS:
ALABAMA (HUNTSVILLE) RA375; MICHIGAN (CHRYSLER LLC)
38-2673623; MICHIGAN (CHRYSLER TRANSPORT)
38-2143117; INDIANA 0003279910; OHIO (TWINSBURG STAMPING PLANT)
98-000293; OHIO (DAYTON PLANT) 98-002500; OHIO (JEEP TOLEDO
ASSEMBLY) 98-000843; OHIO (JEEP TOLEDO MACHINING) 98-002375;
WISCONSIN WPD 95-01-01003 (EFFECTIVE 1/1/95).
CLAUSE # 054
CLAUSE #054: THIS CLAUSE SHALL APPLY IN LIEU OF CLAUSE 11 OF THE
THE GENERAL TERMS AND CONDITIONS ENTITLED "INSURANCE AND
INDEMNIFICATION".
    CONTRACTOR SHALL ASSUME ALL RISK OF DAMAGE TO PROPERTY OR OF
BODILY INJURY, SICKNESS, OR DISEASE OF PERSONS (INCLUDING DEATH
RESULTING AT ANY TIME THEREFROM) USED OR EMPLOYED ON OR IN
CONNECTION WITH THE WORK, AND OF ALL DAMAGE TO PROPERTY OR OF
BODILY INJURY, SICKNESS, OR DISEASE OF PERSONS (INCLUDING DEATH

RESULTING AT ANY TIME THEREFROM) WHEREVER LOCATED, RESULTING
FROM OR ARISING OUT OF ANY ACTION, OMISSION OR OPERATION UNDER
THE CONTRACT OR IN CONNECTION WITH THE WORK.
     SELLER, AND ALL SUPPLIERS TO WHOM THE PORTIONS OF THE WORK
UNDER THE CONTRACT ARE SUBCONTRACTED (HEREIN AFTER CALLED
"SUBCONTRACTORS"), SHALL PROTECT, DEFEND, HOLD HARMLESS, AND
INDEMNIFY CHRYSLER FROM AND AGAINST ANY AND ALL LOSS,
COST, DAMAGE, EXPENSE, CLAIMS, OR LEGAL ACTIONS, WHETHER
GROUNDLESS OR NOT, ARISING OUT OF THE BODILY INJURY, SICKNESS OR
DISEASE (INCLUDING DEATH RESULTING AT ANY TIME THEREFROM) WHICH
MAY BE SUSTAINED OR CLAIMED BY ANY PERSON OR PERSONS, AND THE
DAMAGE OR DESTRUCTION OF ANY PROPERTY, INCLUDING THE LOSS OF USE
THEREOF, ARISING OUT OF OR RELATED TO THE PERFORMANCE OF ANY
WORK IN CONNECTION WITH THIS CONTRACT, INCLUDING ANY EXTRA WORK
ASSIGNED TO CONTRACTOR IN CONNECTION THEREWITH, BASED UPON ANY
ACT OR OMISSION, NEGLIGENT OR OTHERWISE, OF (A) CONTRACTOR OR ANY
OF ITS EMPLOYEES, AGENTS, OR SERVANTS, (B) ANY SUBCONTRACTOR OF
CONTRACTOR OR ANY EMPLOYEES, AGENTS, OR SERVANTS OF SUCH A
SUBCONTRACTOR, AND/OR (C) ANY OTHER PERSON OR PERSONS, INCLUDING
CHRYSLER, OR ANY EMPLOYEES, AGENTS, OR SERVANTS OF
CHRYSLER.  THIS INDEMNIFICATION SHALL INCLUDE, BUT SHALL
NOT BE LIMITED TO, THE OBLIGATION BY CONTRACTOR TO PROTECT,
DEFEND, HOLD HARMLESS, AND INDEMNIFY CHRYSLER FROM AND
AGAINST ANY AND ALL CLAIMS FOR BODILY INJURY, SICKNESS, OR
DISEASE (INCLUDING DEATH RESULTING AT ANY TIME THEREFROM) AND
DAMAGE TO PROPERTY, BASED UPON OR ALLEGED TO HAVE ARISEN OUT OF
(1) THE SOLE ACTIVE OR PASSIVE NEGLIGENCE OF CHRYSLER
(EXCEPT AS PROHIBITED BY MICHIGAN COMPILED LAWS ANNOTATED SEC.
691.991); (2) THE JOINT AND/OR CONCURRENT ACTIVE OR PASSIVE
NEGLIGENCE OF CHRYSLER AND CONTRACTOR; (3) THE JOINT
AND/OR CONCURRENT ACTIVE OR PASSIVE NEGLIGENCE OF CHRYSLER
AND ANY SUBCONTRACTOR OF CONTRACTOR; (4) THE JOINT AND/OR
CONCURRENT ACTIVE OR PASSIVE NEGLIGENCE OF CHRYSLER AND
ANY OTHER PERSON OR PERSONS; (5) THE JOINT AND/OR CONCURRENT
ACTIVE OR PASSIVE NEGLIGENCE OF CONTRACTOR AND ANY OTHER PERSON
OR PERSONS; (6) THE JOINT AND/OR CONCURRENT ACTIVE OR PASSIVE
NEGLIGENCE OF ANY SUBCONTRACTOR OF CONTRACTOR AND ANY OTHER
PERSON OR PERSONS; (7) CHRYSLER'S FAILURE TO PROVIDE A
SAFE PLACE TO WORK; AND/OR (8) CHRYSLER'S FAILURE TO TAKE
PROPER OR REASONABLE SAFETY PRECAUTIONS OR EXERCISE PROPER
CONTROL WITH RESPECT TO THE CONDUCT OF ANY INHERENTLY DANGEROUS
ACTIVITY ON OR OFF ITS PREMISES; AND CONTRACTOR SHALL, AT ITS OWN
COST AND EXPENSE, DEFEND ANY SUCH CLAIMS AND ANY SUIT, ACTION, OR
PROCEEDING WHICH MAY BE COMMENCED THEREUNDER, AND CONTRACTOR
SHALL PAY ANY AND ALL JUDGEMENTS WHICH MAY BE RECOVERED IN ANY
SUCH SUIT, ACTION, OR PROCEEDING, AND ANY AND ALL EXPENSE,
INCLUDING BUT NOT LIMITED TO, COSTS, ATTORNEYS' FEES, AND
SETTLEMENT EXPENSES WHICH MAY BE INCURRED THEREIN.
IN ALL PURCHASE ORDERS WHERE THE WORK IS PERFORMED IN THE STATE
OF ILLINOIS, THE FOLLOWING TWO (2) INDEMNITY PARAGRAPHS ARE TO BE
SUBSTITUTED FOR THE INDEMNITY PARAGRAPH IMMEDIATELY ABOVE THIS
PARAGRAPH:
     "SELLER AND ALL SUBCONTRACTORS SHALL PROTECT, DEFEND, HOLD
     HARMLESS, AND INDEMNIFY CHRYSLER FROM AND AGAINST ANY
     AND ALL LOSS, COST, DAMAGE, EXPENSE, CLAIMS, OR LEGAL
     ACTIONS, WHETHER GROUNDLESS OR NOT, ARISING OUT OF THE
     BODILY INJURY, SICKNESS, OR DISEASE (INCLUDING DEATH
     RESULTING AT ANY TIME THEREFROM) WHICH MAY BE
     SUSTAINED OR CLAIMED BY ANY PERSON OR PERSONS, AND THE
     DAMAGE OR DESTRUCTION OF ANY PROPERTY, INCLUDING THE

LOSS OF USE THEREOF, ARISING OUT OF OR RELATED TO THE
PERFORMANCE OF ANY WORK IN CONNECTION WITH THIS CONTRACT,
INCLUDING ANY EXTRA WORK ASSIGNED TO SELLER AND ITS
SUBCONTRACTORS IN CONNECTION THEREWITH, BASED UPON ANY
ACT OR OMISSION, NEGLIGENT OR OTHERWISE, OF (A) SELLER
OR ANY OF SELLER'S EMPLOYEES, AGENTS, OR SERVANTS,
(B) ANY SUBCONTRACTOR OF SELLER OR ANY EMPLOYEES,
AGENTS OR SERVANTS OF SUCH SUBCONTRACTOR, AND/OR (C)
ANY OTHER PERSON OR PERSONS EXCLUDING AGENTS, SERVANTS,
AND EMPLOYEES OF CHRYSLER.
SELLER AND ITS SUBCONTRACTORS SHALL, AT ITS OR THEIR
OWN COST AND EXPENSE, DEFEND ANY SUCH CLAIMS AND ANY
SUIT, ACTION, OR PROCEEDING WHICH MAY BE COMMENCED AS
DESCRIBED ABOVE, AND SELLER AND ITS SUBCONTRACTORS
SHALL PAY ANY AND ALL EXPENSE, INCLUDING BUT NOT
LIMITED TO, COSTS, ATTORNEYS' FEES AND SETTLEMENT
EXPENSES WHICH MAY BE INCURRED THEREIN.
CONTRACTOR AND ALL SUBCONTRACTORS SHALL, DURING THE
CONTINUANCE OF WORK THEREUNDER, INCLUDING EXTRA WORK IN
CONNECTION THEREWITH, MAINTAIN THE FOLLOWING INSURANCE COVERAGES:
(1) WORKER'S COMPENSATION, EMPLOYER'S LIABILITY INSURANCE, AND
ANY INSURANCE REQUIRED BY ANY EMPLOYEE BENEFIT ACTS OR OTHER
STATUTES APPLICABLE WHERE THE WORK IS TO BE PERFORMED. ALL SUCH
INSURANCE SHALL BE IN AMOUNTS SUFFICIENT, IN THE OPINION OF
CHRYSLER, TO PROTECT CONTRACTOR AND SUBCONTRACTORS FROM
ANY LIABILITY FOR BODILY INJURY, SICKNESS, OR DISEASE (INCLUDING
DEATH RESULTING AT ANY TIME THEREFROM) OR ANY OF THEIR EMPLOYEES,
INCLUDING ANY LIABILITY OR DAMAGE WHICH MAY ARISE BY VIRTUE OF
ANY STATUTE OR LAW IN FORCE OR WHICH MAY HEREAFTER BE ENACTED.
CLAUSE # 054/
(2). COMPREHENSIVE GENERAL LIABILITY AND PROPERTY DAMAGE
INSURANCE IN ANY AMOUNTS REQUIRED BY CHRYSLER, BUT NOT
LESS THAN, $5,000,000 COMBINED SINGLE LIMIT, BODILY INJURY, AND
PROPERTY DAMAGE AS PROTECTION AGAINST ALL RISKS OF DAMAGE TO OR
DESTRUCTION OF PROPERTY OR BODILY INJURY, SICKNESS, OR DISEASE
(INCLUDING DEATH RESULTING AT ANY TIME THEREFROM) OF PERSONS,
WHEREVER LOCATED, RESULTING, FROM ANY ACTION, OMISSION OR
OPERATION UNDER THE CONTRACT OR IN CONNECTION WITH THE WORK.
(3). COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE, INCLUDING
PROPERTY DAMAGE, COVERING ALL OWNED OR RENTED EQUIPMENT USED IN
CONNECTION WITH THE WORK, IN THE MINIMUM AMOUNTS OF $5,000,000
PER PERSON, $5,000,000 PER OCCURRENCE FOR BODILY INJURY
(INCLUDING DEATH RESULTING AT ANY TIME THEREFROM) AND $5,000,000
PER OCCURENCE FOR PROPERTY DAMAGE.
(4). (SELLERS OF FOOD AND BEVERAGES) PRODUCTS LIABILITY
INSURANCE, IN THE AGGREGATE AMOUNT OF $1,000,000 COMBINED SINGLE
LIMIT, BODILY INJURY AND PROPERTY DAMAGE AS PROTECTION.
ALL INSURANCE POLICIES REQUIRED HEREUNDER SHALL BE ISSUED BY
COMPANIES AUTHORIZED TO DO BUSINESS UNDER THE LAWS OF THE STATE
OR PROVINCE IN WHICH THE WORK WILL BE PERFORMED. SUCH POLICIES
SHALL NAME CHRYSLER AS AN ADDITIONAL INSURED THEREUNDER
AND SHALL CONTAIN ENDORSEMENTS STATING THEY ARE PRIMARY AND NOT
EXCESS OVER OR CONTRIBUTORY WITH ANY OTHER VALID, APPLICABLE,
AND COLLECTIBLE INSURANCE IN FORCE FOR CHRYSLER. SUCH
POLICIES SHALL FURTHER CONTAIN APPROPRIATE ENDORSEMENTS
EXTENDING THE COVERAGE THEREUNDER TO INCLUDE THE LIABILITY
ASSUMED BY CONTRACTOR UNDER THIS CONTRACT. PURCHASER MAY
REQUIRE SELLER TO FURNISH EVIDENCE OF THE FOREGOING INSURANCE
AT PURCHASER'S OPTION, BUT SELLER'S FAILURE TO COMPLY WITH SAID
INSURANCE REQUIREMENTS SHALL NOT RELIEVE SELLER OF ITS

LIABILITIES AND OBLIGATIONS UNDER THIS CLAUSE AND
CHRYSLER'S ACTION OR INACTION SHALL NOT ACT AS A WAIVER
OF ANY OF CHRYSLER'S RIGHTS AS DESCRIBED IN THIS CLAUSE
#054.
CLAUSE # 103K
CLAUSE #103K:   CHRYSLER TO HAVE THE RIGHT ... TO AUDIT ALL
ACCOUNTING RECORDS PERTAINING TO THIS ORDER UP TO TWO (2) YEARS
AFTER ORDER HAS BEEN COMPLETED OR TERMINATED.
CLAUSE # 133
CLAUSE #133: THE AMOUNTS INVOICED UNDER THIS PURCHASE ORDER WILL
BE BASED ON ACTUAL AND DIRECT COSTS INCURRED BY SELLER IN
PERFORMING THE WORK DESCRIBED IN THIS PURCHASE ORDER.
CHRYSLER MAY AUDIT SELLER'S BOOKS, RECORDS AND THE BOOKS
AND RECORDS OF SUBCONTRACTORS EMPLOYED BY THE SELLER, WHICH
PERTAIN TO ALL SUCH AMOUNTS INVOICED. ALL AMOUNTS PAID WHICH
EXCEED THE AMOUNT DUE TO SELLER, AS DETERMINED BY
CHRYSLER'S AUDIT, WILL BE REFUNDED TO CHRYSLER.
CLAUSE # 207
CLAUSE #207:   CHRYSLER WILL PRESCRIBE THE METHODS OF
COMMUNICATION BETWEEN SELLER AND CHRYSLER AND SELLER
AGREES TO FOLLOW CHRYSLER'S PRESCRIPTIONS.
CLAUSE # 240
CLAUSE #240: SELLER IS REQUIRED TO SUBMIT TO CHRYSLER, ON
A MONTHLY BASIS, AN ACCOUNTING OF MINORITY TIER II SUPPLIER
PAYMENTS MADE. SUBMISSION IS TO BE MADE VIA THE DIVERSITY
SUPPLIER DEVELOPMENT WEBSITE
HTTP://SUPPLIERDIVERSITY.DAIMLERCHRYSLER.COM    THE FOLLOWING
ITEMS ARE NEEDED TO SUCCESSFULLY COMPLETE SUBMISSION:
   -   SUPPLIER IDENTIFICATION   (S-ID)
   -   TIER II NAME(S)
   -   TIER II PAYMENTS (DIRECT AND/OR INDIRECT)
   -   MINORITY CERTIFICATION
   -   MINORITY COUNCIL
   -   ETHNIC ORIGIN
   -   REPORTING PERIOD
THE NATIONAL MINORITY SUPPLIER DEVELOPMENT COUNCIL (NMSDC), OR
ANY OF ITS REGIONAL AFFILIATES, IS THE REQUIRED CERTIFYING
ORGANIZATION. ETHNIC ORIGIN OR CLASS CODES REFER TO THE TYPE OF
MINORITY OWNERSHIP AND/OR CONTROL (MINIMUM OF 51%). THE ETHNIC
ORIGIN OR CLASS CODES ARE IDENTIFIED AS:
   -   AFRICAN AMERICAN
   -   HISPANIC AMERICAN
   -   NATIVE AMERICAN
   -   ASIAN-PACIFIC AMERICAN
   -   ASIAN-INDIAN AMERICAN
CONTACT YOUR BUYER OR DIVERSITY SUPPLIER DEVELOPMENT PROGRAM
MANAGER WITH QUESTIONS REGARDING THIS REQUIREMENT.
CLAUSE # 357
CLAUSE #357: CONFIRMING - DO NOT DUPLICATE.
CLAUSE # 429
CLAUSE #429:   CONTROLLING LAWS
THE TERMS AND PROVISIONS OF THIS AGREEMENT SHALL BE INTERPRETED
IN ACCORDANCE WITH AND GOVERNED BY THE LAWS OF THE STATE OF
MICHIGAN, UNITED STATES OF AMERICA.   FURTHER, THE PARTIES AGREE
THAT THE JURISDICTION AND VENUE FOR ANY ACTION BROUGHT BY EITHER
PARTY SHALL BE SOLELY IN ANY STATE OR FEDERAL COURT WITHIN THE
EASTERN DISTRICT OF MICHIGAN.
CLAUSE # 430
CLAUSE #430:   CONSTRUCTION
THIS AGREEMENT HAS BEEN FULLY NEGOTIATED BETWEEN THE PARTIES AND

IN INTERPRETING THIS AGREEMENT, THERE SHALL BE NO PRESUMPTION
THAT EITHER PARTY DRAFTED THE LANGUAGE BUT RATHER THE PARTIES
SHALL BE DEEMED TO HAVE SHARED EQUALLY IN THE DRAFTING OF THE
PROVISIONS OF THIS AGREEMENT.
CLAUSE # 431
CLAUSE #431:   ACCEPTANCE
SELLER ACCEPTS ALL OF THE TERMS AND CONDITIONS OF THIS PURCHASE
ORDER AND SPECIFICALLY WAIVES ITS SIGNED ACCEPTANCE THEREOF.
CLAUSE # 609A
CLAUSE #609A: EXEMPT PROVINCIAL SALES TAX. ONTARIO SALES TAX
PERMIT 57190003-G.
CLAUSE # 700
CLAUSE 700:   CHRYSLER COMPUTER NETWORK, INCLUDING CATIA,
ACCESS CONFIDENTIALITY:
A) IF CHRYSLER GRANTS SELLER ACCESS TO CHRYSLER'S
   COMPUTER NETWORK, SELLER UNDERSTANDS THAT THE ACCESS EXTENDS
   ONLY TO THOSE EMPLOYEES OF SELLER WHO HAVE A NEED FOR THE
   ACCESS TO PERFORM WORK FOR CHRYSLER.   SELLER MUST
   INFORM ITS EMPLOYEES THAT THE DATA FILES THEY REVIEW ARE
   CONFIDENTIAL AND MUST NOT BE COMMUNICATED TO OTHERS NOR USED
   FOR ANY PURPOSE OTHER THAN PERFORMING CHRYSLER'S WORK.
B) CHRYSLER DOES NOT GRANT ANY INTELLECTUAL PROPERTY RIGHT
   INCLUDING, BUT NOT LIMITED TO, TRADE SECRET, PATENT OR
   COPYRIGHT, BY GRANTING SELLER ACCESS TO CHRYSLER'S
   COMPUTER NETWORK.   NO RIGHT TO USE CHRYSLER-OWNED OR
   LEASED HARDWARE, FACILITIES OR SOFTWARE APPLICATION PROGRAMS,
   INCLUDING BY WAY OF EXAMPLE BUT NOT OF LIMITATION,
   COMMUNICATION SOFTWARE OR SOFTWARE DESIGN PROGRAMS, MAY BE
   INFERRED FROM CHRYSLER'S GRANTING ACCESS TO ITS
   COMPUTER NETWORK TO SELLER.
C) CHRYSLER MAY TERMINATE SELLER'S ACCESS TO
   CHRYSLER'S COMPUTER NETWORK IN CHRYSLER'S SOLE
   DISCRETION.   UPON TERMINATION OF SELLER'S ACCESS PRIVILEGES,
   SELLER MUST RETURN ANY COPY OF DATA FILE OBTAINED FROM
   CHRYSLER'S COMPUTER NETWORK OR ANY INFORMATION OBTAINED
   FROM THE DATA FILE THAT SELLER POSSESSES.   SELLER'S
   CONFIDENTIALITY OBLIGATION WITH RESPECT TO EACH DATUM OF
   INFORMATION OBTAINED FROM CHRYSLER SURVIVES TERMINATION
   OF ITS ACCESS PRIVILEGES AND CONTINUES UNTIL THE DATUM BECOMES
   PUBLIC KNOWLEDGE.
D) SELLER MUST INFORM CHRYSLER WHENEVER SELLER SUSPECTS
   THAT DATA OBTAINED FROM CHRYSLER'S COMPUTER NETWORK HAS
   BEEN WRONGFULLY RELEASED TO A THIRD PARTY OR THAT AN
   UNAUTHORIZED THIRD PARTY HAS ACCESSED CHRYSLER'S
   COMPUTER NETWORK.   SELLER MUST DEFEND, INDEMNIFY AND HOLD
   CHRYSLER HARMLESS FROM THE WRONGFUL DISCLOSURE OF ANY
   INFORMATION OBTAINED FROM CHRYSLER'S COMPUTER NETWORK.
E) SELLER ASSUMES ALL RISK OF ACCESSING CHRYSLER'S
   COMPUTER NETWORK. CHRYSLER MAKES NO WARRANTY, EITHER
   EXPRESS OR IMPLIED, REGARDING ITS COMPUTER NETWORK, INCLUDING
   IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A
   PARTICULAR PURPOSE. CHRYSLER'S COMPUTER NETWORK AND
   DATA FILES MAY CONTAIN ERRORS OR VIRUSES. CHRYSLER IS
   NOT LIABLE FOR ANY DAMAGE ARISING FROM SELLER'S USE OF
   CHRYSLER'S COMPUTER NETWORK INCLUDING, BUT NOT LIMITED
   TO, LOSS OF PROFIT, USE, GOODWILL, WORK STOPPAGE, COMPUTER
   FAILURE OR MALFUNCTION, INTERRUPTION OF BUSINESS, OR ANY
   DIRECT, INDIRECT, SPECIAL, EXEMPLARY, INCIDENTAL OR
   CONSEQUENTIAL DAMAGE ARISING OUT OF THE USE OR PERFORMANCE
   OF CHRYSLER'S NETWORK.

Chrysler Purchase Order JZB8638772-A

**Return Invoice To Chrysler LLC**