IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
:
*In re*                                               :    Chapter 11
                                                      :
                                                      :    Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                    :
                                                      :    Jointly Administered
                   Debtors.                           :
                                                      :    RE: D.I. 852, 894
                                                      :
------------------------------------------------------X

**FINAL ORDER (I) AUTHORIZING THE DEBTORS
TO ENTER INTO ONE OR MORE LETTER OF CREDIT AND
BONDING FACILITIES AND (II) GRANTING RELATED RELIEF
PURSUANT TO SECTIONS 105, 361, 362, 363 AND 364 OF THE BANKRUTPCY CODE**

Upon the motion dated June 4, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of a final order (this "Final Order"), as more fully described in the Motion (i) authorizing the Debtors to enter into, perform their reimbursement, indemnity and other obligations under and provide the required cash collateral under the L/C and Bonding Facilities to be provided by the Sureties / Financial Institutions and (ii) granting the Sureties / Financial Institutions, automatically perfected first priority security interests in and liens upon deposit and investment accounts and cash collateral pledged by the Debtors in support of the L/C and Bonding Facilities and the Debtors' reimbursement and indemnity obligations in respect of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

letters of credit and surety and performance bonds issued thereunder; and the Court having considered the Motion, the Affidavit of John Doolittle in support of the Motion, and the evidence and arguments submitted at the interim hearing held on June 11, 2009 (the "Interim Hearing"), and the evidence and arguments submitted at the final hearing held on June 26, 2009 (the "Final Hearing"); and this Court having entered on June 11, 2009 an interim order (the "Interim Order") authorizing the entry into certain L/C and Bonding Facilities on an interim basis as more fully set forth in the Interim Order; and adequate notice of the Motion, the Interim Hearing, and the Final Hearing having been provided in accordance with Bankruptcy Rules 4001(b), (c) and (d) and 9014; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion; and it appearing to the Court that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest and is essential for the continued operation of Debtors' businesses; and it further appearing that the Debtors are unable to obtain unsecured credit for money borrowed allowable as an administrative expense under Bankruptcy Code Section 503(b)(1); and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.  The Motion is GRANTED.

2.  All objections to the relief sought in the Motion to the extent not withdrawn or resolved are hereby overruled.

3. The Debtors are expressly and immediately authorized and empowered to negotiate and enter the L/C and Bonding Facilities and to incur and perform their obligations in accordance with, and subject to, the terms of this Order and the L/C and Bonding Facilities. The Debtors are hereby authorized to pay, in accordance with this Order, the principal, interest, fees, expenses and other amounts as determined in accordance with all documents comprising the L/C and Bonding Facilities as such become due and without need to obtain further Court approval, provided, however, that:

> a. Prior to entering into any particular L/C and Bonding Facility or paying L/C and Bonding Fees in excess of $50,000 for a specific proposed facility, the Debtors shall provide the U.S. Trustee and counsel to the Committee at least five (5) days prior written notice of the proposed L/C and Bonding Facility or L/C and Bonding Fees, including the proposed issuer, the material terms of the proposed facility and copies of the agreements. If the U.S. Trustee or Committee provides the Debtors' counsel with a written objection (including by electronic mail) to the proposed L/C and Bonding Facility or L/C and Bonding Fees within that period, then to the extent such objection cannot be resolved, the Debtors will seek Court approval of the proposed L/C and Bonding Facility or L/C and Bonding Fees, as applicable; and

> b. Prior to requesting the issuance of any particular letter of credit or bond in an amount of at least $500,000, the Debtors shall provide counsel to the Committee at least five (5) days prior written notice of the proposed instrument, including the material terms of the proposed transaction and copies of the agreements (to the extent finalized). Prior to requesting the issuance of any particular letter of credit or bond in an amount of at least $200,000, the Debtors shall provide counsel to the Committee at least two (2) business days prior written notice of the proposed instrument, including the material terms of the proposed transaction and copies of the agreements (to the extent finalized). If the Committee provides the Debtors' counsel with a written objection (including by electronic mail) to the proposed instrument or transaction within that period, then to the extent such objection cannot be resolved, the Debtors will seek Court approval of the proposed instrument or transaction, as applicable.

4. To the extent that the Debtors enter into specific L/C and Bonding Facilities, the issuer of each facility shall (i) pursuant to Section 364(c)(2) of the Bankruptcy Code be granted a fully perfected security interest in and first priority lien upon any and all funds posted at any time

3

and from time to time as collateral by the Debtors, any deposit or investment account in which such funds may be maintained, and the proceeds of all of the foregoing (collectively, the "Collateral"), and (ii) have an administrative expense priority as provided in Section 364(c)(1) of the Bankruptcy Code, in each case to the extent and pursuant to the terms of the applicable L/C and Bonding Facility. The Debtors do not have and shall not allow any other security interests in or liens on the Collateral that are senior or equal to, or in any manner which prime, those of the Sureties / Financial Institutions under the applicable L/C and Bonding Facility and this Order.

5. Based on the findings set forth in this Final Order and the record made during the Interim Hearing and the Final Hearing, and in accordance with Section 364(e) of the Bankruptcy Code, in the event any or all of the provisions of this Final Order are hereafter modified, amended, or vacated by a subsequent order of this Court or any other court, each of the Sureties / Financial Institutions are entitled to the protections provided in Section 364(e) of the Bankruptcy Code. Any such modification, amendment, or vacatur shall not affect the validity and enforceability of any reimbursement obligation or any other obligation under any L/C and Bonding Facility in respect of any letter of credit or bond (whether drawn or undrawn at the time) previously issued under any L/C and Bonding Facility or of any advances previously made or made hereunder, or any lien, claim, or priority authorized or created hereby (including with respect to any such reimbursement or other obligation). Any such reimbursement obligation or other obligation or any liens, claims or priorities granted to the Sureties / Financial Institutions hereunder arising prior to the effective date of any such modification, amendment, or vacatur of this Final Order shall be governed in all respects by the original provisions of this Final Order, including entitlement to all rights, remedies, privileges, and benefits granted herein.

6. The automatic stay imposed under section 362 of the Bankruptcy Code is hereby modified as necessary to effectuate all of the terms, rights, benefits, privileges, remedies and provisions of this Final Order and any L/C and Bonding Facility without further notice, motion or application to, order of, or hearing before the Court.

7. The Debtors are authorized to execute and deliver all such agreements, instruments and other documents that are necessary or that counterparties reasonably request to document the L/C and Bonding Facilities and to evidence, confirm, validate or perfect the liens on the Collateral granted pursuant hereto and pursuant to the terms of the L/C and Bonding Facilities.

8. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: June 29, 2009
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

5