IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
:
: RE: D.I. 931
:
------------------------------------------------------------X

### ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363 AND 365 (A) AUTHORIZING DEBTORS' ENTRY INTO THE ASSET SALE AGREEMENT, (B) AUTHORIZING AND APPROVING THE BIDDING PROCEDURES, (C) AUTHORIZING AND APPROVING A BREAK-UP FEE AND EXPENSE REIMBURSEMENT, (D) APPROVING THE NOTICE PROCEDURES, (E) AUTHORIZING THE FILING OF CERTAIN DOCUMENTS UNDER SEAL AND (G) SETTING A DATE FOR THE SALE HEARING

Upon the motion (the "Motion")[2] of Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors-in-possession in the above-captioned cases (the "Debtors") for entry of orders under Bankruptcy Code sections 105, 107(b)(1), 363 and 365, Bankruptcy Rules 2002, 6004, 6006, 9014 and 9018 and Local Rules 6004-1 and 9018-1 Orders (I)(A) Authorizing Debtors' Entry into the Asset Sale Agreement (the "Agreement"), (B) Authorizing and Approving the Bidding Procedures, (C) Authorizing and Approving a Break-Up Fee and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or, if not defined in the Motion, shall have the meanings ascribed to such terms in the Motion or, if not defined in the Motion, as defined in the Agreement.

Expense Reimbursement, (D) Approving the Notice Procedures, (E) Approving the Assumption and Assignment Procedures, (F) Authorizing the Filing of Certain Documents under Seal, and (G) Setting a Date for the Sale Hearing, and (II) Authorizing and Approving (A) the Sale of Certain of Debtors' CDMA and LTE Assets Free and Clear of All Liens, Claims and Encumbrances, (B) the Assumption and Assignment of Certain Contracts, and (C) the Assumption and Sublease of Certain Leases; and the Court having reviewed the Motion and the objections thereto of the Pension Benefit Guaranty Corporation, MattlinPatterson Global Advisors LLC, the Official Committee of Unsecured Creditors, Flextronics Corporation and Flextronics Telecom Systems Ltd. and the Office of the United States Trustee (together, the "Objections"); and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

FOUND AND DETERMINED THAT:[3]

A.   The court has jurisdiction over the Motion pursuant to 28 U.S.C. § 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

B.   Venue of these cases and the Motion in this district is proper under 28 U.S.C. § 1408 and 1409.

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See. Fed. R. Bankr. P. 7052.

C.   The statutory and legal predicates for the relief requested in the Motion are Bankruptcy Code sections 105, 107(b)(1), 363 and 365, Bankruptcy Rules 6004, 6006, 9014 and 9018, and Local Rules 6004-1 and 9018-1.

D.   Good and sufficient notice of the relief granted by this Order has been given and no further notice is required. A reasonable opportunity to object or be heard regarding the relief granted by this Order (including, without limitation, with respect to the proposed Bidding Procedures and Bid Protections) has been afforded to those parties entitled to notice pursuant to Local Rule 2002-1(b).

E.   The Debtors' proposed sale notice, substantially in the form attached to the Motion as Exhibit E (the "Sale Notice"), as set forth in the Motion, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Bidding Procedures, the Auction (if necessary) and the Sale Hearing, and no other or further notice is required.

F.   The Bidding Procedures, substantially in the form attached hereto as Exhibit 1, are fair, reasonable, and appropriate and are designed to maximize recovery with respect to the sale of the Assets.

G.   The Debtors have demonstrated compelling and sound business justifications for authorizing the sale of the Assets, entry into the Asset Sale Agreement (the "Agreement") as a "stalking horse" sale agreement and the payment of the Bid Protections (as defined herein) under the circumstances, timing, and procedures set forth herein, in the Motion and in the Agreement.

H.   Entry into the Agreement with Nokia Siemens Networks B.V. (the "Purchaser"), a copy of which is attached hereto as Exhibit 2, as a "stalking-horse" sale agreement is in the best interest of the Debtors and the Debtors' estates and creditors. The Agreement will enable the

3

Debtors to secure an adequate floor for the Auction and will provide a clear benefit to the Debtors' estates.

I.  The Break-up Fee and Expense Reimbursement (each as defined herein) are fair and reasonable and provide a benefit to the Debtors' estates and creditors.

J.  The Debtors' payment of the Bid Protections under the conditions set forth in the Agreement, the Motion and this Order is (a) an actual and necessary cost of preserving the Debtors' estates, within the meaning of section 503(b) of the Bankruptcy Code, (b) of substantial benefit to the Debtors' estates and creditors and all parties in interest herein, (c) reasonable and appropriate, and (d) necessary to ensure that the Purchaser will continue to pursue the proposed Agreement to undertake the sale of the Assets. Notwithstanding anything to the contrary in this or any other order of this Court, the Bid Protections shall constitute administrative expenses with priority pursuant to Bankruptcy Code sections 503(b).

K.  The entry of this Order is in the best interests of the Debtors and their estates, creditors, and interest holders and all other parties in interest herein; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT:**

1.  Those portions of the Motion seeking approval of the Bidding Procedures, the Bidding Protections, the Notice Procedures, the Assumption and Assignment Procedures, setting the time, date and place of the Sale Hearing, and authorizing Debtors to file certain documents under seal are GRANTED and the Objections thereto are OVERRULED except as set forth herein.

2.  Except as expressly provided herein, nothing herein shall be construed as a determination of the rights of any party in interest in these chapter 11 cases.

### The Bidding Procedures

4

3.      The Bidding Procedures attached hereto as Exhibit 1 are hereby APPROVED. Subject to the approval of the Bidding Procedures by the Ontario Superior Court of Justice in the Canadian Proceedings regarding the Canadian Debtors, the Debtors are hereby authorized to conduct a sale by auction of the Assets pursuant to the Bidding Procedures and the terms of this Order.

4.      The Purchaser shall be deemed a Qualified Bidder pursuant to the Bidding Procedures for all purposes.

5.      The Bidding Procedures shall apply to the Qualified Bidders and the conduct of the sale of the Assets and the Auction.

### The Assumption and Assignment Procedures

6.      The Assumption and Assignment Procedures as set forth in the Motion, are hereby authorized, approved and made part of this Order as if fully set forth herein.

7.      The Court recognizes that the list of Customer Contracts (as defined in the Motion) and affidavits of service that identify the Debtors' customers constitute confidential commercial information, and therefore authorizes that any such lists and affidavits to be filed in connection with this Motion and the procedures approved herein may be filed under seal.

8.      The Debtors shall provide the unredacted list of Customer Contracts and affidavits of service that identify the Debtors' customers to the Clerk's Office of the United States Bankruptcy Court for the District of Delaware in a prominently marked envelope with a cover sheet attached containing (i) the caption, (ii) the docket number of the Motion, (iii) the docket number of this Order, (iv) the title of the list of Customer Contracts and affidavits of service that identify the Debtors' customers and (v) the legend "DOCUMENTS TO BE KEPT UNDER SEAL" in bold print.

9. Pursuant to Bankruptcy Rule 6006(f)(6), the Court hereby authorizes the Debtors to file an omnibus motion incorporating all the executory contracts and unexpired leases to be assumed and assigned pursuant to section 365 of the Bankruptcy Code.

### The Stalking Horse Agreement

10. Subject to the Bidding Procedures and approval of the sale at the Sale Hearing, the Debtors' entry into the Agreement attached hereto as Exhibit 2 is hereby approved. The Agreement will serve as the "stalking horse" sale agreement.

### The Break-Up Fee and Expense Reimbursement

11. To the extent due under section 9.2 of the Agreement, the Debtors are authorized to pay to the Purchasers: (i) a fee of nineteen million five-hundred thousand dollars and 00/100 ($19,500,000), which is equal to three percent (3%) of the aggregate Purchase Price (prior to any adjustments) set forth in section 2.2.1 of the Agreement (the "Break-Up Fee") and (ii) an amount in cash equal to the total amount of all reasonable and documented fees, costs and expenses incurred by the Purchaser in connection with the preparation, performance and execution of the Agreement and the transactions contemplated thereby,[4] including all filing and notification fees, and all fees and expenses of the Purchaser's Representatives (as defined in the Agreement) in an amount not to exceed three million dollars and 00/100 ($3,000,000) (the "Expense Reimbursement" and, together with the Break-up Fee, the "Bid Protections"), which shall be payable as provided for pursuant to the terms of the Agreement, regardless of whether the Agreement and the Transaction are ultimately approved by this Court or any other court.

12. The Sellers' Obligation to pay the Break-Up Fee and Expense Reimbursement pursuant to section 9.2 of the Agreement shall survive termination of the Agreement, shall

---

[4] For the avoidance of doubt, the standard fee and expense structures of Skadden, Arps, Slate, Meagher & Flom LLP shall be deemed reasonable.

constitute an administrative expense claim under section 503(b) of the Bankruptcy Code, and shall be payable within two (2) business days under the terms and conditions of the Agreement and this Order, notwithstanding section 507(a) of the Bankruptcy Code.

13. The Break-Up Fee and/or the Expense Reimbursement, if payable, will be the sole and exclusive remedy of the Purchaser, in the event that closing under the Purchase Agreement has not occurred or does not occur for any reason whatsoever; provided that if the Closing occurs, the Break-Up Fee and/or the Expense Reimbursement will not be payable and will not be the sole and exclusive remedy of the Purchaser.

14. In no event shall the Sellers be responsible or liable for any losses or liabilities under the Agreement that are consequential, in the nature of lost profits, diminution in the value of property, special or punitive, or otherwise not actual damages.

### Notice Procedures

15. The notices, in substantially the same form as annexed to the Sale Motion as Exhibits E, F and G, are sufficient to provide effective notice to all interested parties of the Bidding Procedures, the Auction, the Sale and the Assignment and Assumption Procedures, pursuant to Bankruptcy Rules 2002(a)(2), 6004 and 6006, and are hereby approved.

16. Immediately after entry of this Bidding Procedures Order (or as soon as reasonably practicable thereafter), the Debtors (or their agent) shall serve the Sale Notice, in substantially the form attached as Exhibit E to the Motion, by first-class mail, postage prepaid, upon (i) all entities reasonably known to have expressed an interest in a transaction with respect to the Assets during the past nine (9) months, (ii) all entities reasonably known to have asserted any interest in the Assets, (iii) the attorneys general for all states in which Purchased Assets are located, all federal and state taxing authorities, including (without limitation) the SEC, the EPA,

state environmental protection agencies, the IRS, and the Department of Labor and similar state labor or employment agencies, (iv) all parties entitled to notice pursuant to Local Rule 2002-1(b), (v) all counterparties to the Assumed and Assigned Contracts and the Assumed and Subleased Real Estate Leases, and (vi) all known or potential creditors of the Debtors. The Debtors also shall publish notice substantially in the form attached as Exhibit G to the Motion in The Wall Street Journal (National Edition) and The Globe and Mail (National Edition) within five (5) business days of entry of this Bidding Procedures Order or as soon as practicable thereafter.

17. The Assumption Notice, in substantially the same form as annexed to the Motion as Exhibit F, is sufficient to provide effective notice pursuant to Bankruptcy Rules 2002(a)(2), 6004(a) and 6006(c) to all Counterparties (as defined in the Motion) of the Debtors' intent to assume and assign some or all of the Assumed Agreements, and is hereby approved. Each Assumption Notice shall set forth the following information: (i) the name and address of the Counterparty, (ii) notice of the proposed effective date of the assignment, (iii) identification of the Assumed Agreement, (iv) the Cure Amount, and (v) a description of the Purchaser and a statement as to the Purchaser's ability to perform the Debtors' obligations under the Assumed Agreements.

18. Promptly after entry of this Bidding Procedures Order (or as soon as reasonably practicable thereafter), the Debtors (or their agent) shall serve the Assumption Notice, in substantially the form attached as Exhibit F to the Motion by first-class mail, postage prepaid, upon each Counterparty individually. Additionally, for Assumed Agreements other than Customer Contracts, the Debtors shall file with the Court a master notice of assignment of contracts that sets forth: (i) the name and address of each Counterparty, (ii) notice of the

proposed effective date of the assignments, (iii) a description of each Assumed Agreement, and (iv) the Cure Amount, if any. For Customer Contracts, the Debtors shall file under seal with the Court and deliver to (i) counsel to the Purchaser, (ii) the U.S. Trustee, (iii) the Monitor, (iv) counsel to the Bondholder Group, and (v) counsel to the Official Committee, a master notice of assignment of contracts that sets forth: (i) the name and address of the Counterparty, (ii) notice of the proposed effective date of the assignment, (iii) description of the leased real property, and (iv) the Cure Amount, if any, as well as an affidavit confirming that Assumption Notices have been sent to each.

### Objection Procedures

19. Any party that seeks to object to the relief requested in the Motion pertaining to approval of the sale of the Assets, including (without limitation) the sale, assumption and assignment of the Assumed and Assigned Contracts or assumption and sublease of the Assumed and Subleased Real Estate Leases, shall file a formal objection that complies with the objection procedures as set forth in the Motion. Each objection shall state the legal and factual basis of such objection and may be orally supplemented at the Sale Hearing. To the extent that any party to an Assumed Agreement does not timely file an objection to the Motion pursuant to the procedures set forth therein, such party shall be bound to the corresponding Cure Amount.

20. Any and all written objections as contemplated by this Order (including, without limitation, any objection to the assumption and assignment of any contract or the Cure Amount under any contract or unexpired lease) must be: (a) in writing; (b) signed by counsel or attested to by the objecting party; (c) in conformity with the Bankruptcy Rules and the Local Rules; (d) filed with the Bankruptcy Court; and (e) be served in accordance with the Local Rules so as to be received on or before the appropriate deadline as set forth in the Motion.

21. Failure to object to the relief requested in the Motion shall be deemed to be "consent" for purposes of Bankruptcy Code section 363(f).

22. All objections to the Motion or the relief requested therein (and all reservations of rights included therein), as it pertains to the entry of this Order, are overruled to the extent they have not been withdrawn, waived or otherwise resolved.

## Other Relief Granted

23. The Auction is scheduled for 9:30 a.m. (ET) on July 24, 2009 at the offices of Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006.

24. A hearing (the "Sale Hearing"), at which the Debtors shall seek approval of the Successful Bid (as defined in the Agreement) shall be held in this Court on July 28, 2009, at 2:00 p.m. (ET). The Sale Hearing may be adjourned or rescheduled without further notice by an announcement of the adjourned date at the Sale Hearing.

25. In the event there is a conflict between this Order and the Motion or the Agreement, this Order shall control and govern.

26. Nothing in this Order, the Agreement or the Motion shall be deemed to or constitute the assumption or assignment of an executory contract or unexpired lease.

27. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation or interpretation of this Order.

28. This Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rules 6004 or 6006 or any other provision of the Bankruptcy Code or Bankruptcy Rules is expressly lifted. The Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and may, in their discretion and without further delay, take any action and perform any act authorized under this

Order. For the avoidance of doubt, the Bid Protections approved by this Order shall be immediately appealable and failure to appeal in accordance with the Bankruptcy Rules or other applicable law shall constitute a waiver of such rights.

Dated: June 30, 2009
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE