**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------X
                                                           :
                                                           :   Chapter 11
                                                           :
In re                                                      :
                                                           :   Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,¹                             :
                                                           :   Jointly Administered
                      Debtors.                             :
                                                           :
                                                           :   RE: D.I. _____
                                                           :
-----------------------------------------------------------X
```

## ORDER AUTHORIZING INSURERS TO PAY
## CERTAIN COSTS AND FEES AND AMENDING
## THE AUTOMATIC STAY AS NECESSARY TO ALLOW SUCH PAYMENTS

Upon the motion dated July 2, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, authorizing Chubb Insurance Company of Canada ("Chubb") (i) to pay defense costs and fees incurred both pre- and post-petition to the extent covered under the Executive Protection Policy (No. 8156-36-67) (the "Chubb Policy") and (ii) amending the automatic stay as necessary to allow such payments, adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Chubb is authorized to reimburse litigation defense costs and fees incurred by certain former Nortel directors and officers who are Insureds under the Chubb Policy, including but not limited to Frank A. Dunn, in connection with the ongoing U. S. Securities and Exchange Commission ("SEC") and Ontario Securities Commission ("OSC") investigations, as well as any other Claims under the Chubb Policy, including amounts incurred both pre- and post-petition, consistent with the terms of the Chubb Policy, without any further order of the Court, and the automatic stay set forth in section 362(a) of the Bankruptcy Code is hereby amended solely to the extent necessary to allow such payments be made. Nothing in this Order shall constitute a determination that the proceeds of the Chubb Policy are property of the Debtors' estates and the rights of all parties in interest to assert that the proceeds of the Chubb Policy are, or are not, property of the Debtors' estates are reserved.

3. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or

2

realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

    4.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE