**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
:
In re                                                          :    Chapter 11
                                                               :
Nortel Networks Inc., et al.,[1]                               :    Case No. 09-10138 (KG)
                                                               :
                          Debtors.                             :    Jointly Administered
                                                               :
                                                               :
---------------------------------------------------------------X

### STIPULATION APPROVING SATISFACTION OF THE ALLOWED ADMINISTRATIVE EXPENSE CLAIM AND GENERAL UNSECURED CLAIM OF TESTING HOUSE DE MEXICO S DE RL DE CV

WHEREAS, on January 14, 2009 (the "Petition Date"), Nortel Networks Inc. ("NNI") and certain of its affiliates (together with the Debtor, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware;

WHEREAS, NNI previously ordered certain assemblies from Testing House de Mexico S de RL de CV ("Testing House," and together with NNI, the "Parties"), with reference job numbers J8M-1171, J8M-1175, J8M-1176, J8M-1177, J8M-1178 and J8M-1172 (collectively, the "Fixtures");

WHEREAS, certain disputes arose postpetition regarding the delivery of and payment for the Fixtures;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

WHEREAS, since the Petition Date, NNI has paid Testing House for those certain assemblies related to job numbers J8M-1171, J8M-1175, J8M-1176, J8M-1177 and J8M-1178 in full and that certain assembly related to job number J8M-1172 in part;

WHEREAS, after the Parties reached an agreement in principle as to the terms set forth herein, Testing House released those fixtures related to job numbers J8M-1171, J8M-1176, J8M-1177 and J8M-1178;

WHEREAS, Testing House remains in possession of those fixtures related to job numbers J8M-1172 and J8M-1175 (the "Remaining Fixtures");

WHEREAS, engineering adjustments are required for the Remaining Fixtures and NNI intends to issue a purchase order to Testing House for such adjustments;

WHEREAS, upon receipt of such purchase order, Testing House agrees to perform the engineering adjustments as set forth in the purchase order, and upon completion of such engineering adjustments, Testing House agrees to release the Remaining Fixtures in accordance with the terms of the purchase order;

WHEREAS, in connection with these negotiations, Testing House has asserted an administrative expense claim in the amount of $66,390 under section 503(b)(9) Bankruptcy Code for certain other goods sold to and received by NNI in the ordinary course of business in the twenty (20) days preceding the Petition Date (the "Administrative Expense Claim"), and Testing House also has asserted a general, unsecured claim in the amount of $171,080 for certain goods and services purchased and received by NNI prior to the Petition Date (the "Prepetition Claim");

WHEREAS, the Parties have engaged in extensive discussions regarding the turnover of the Fixtures and the resolution of the Administrative Expense Claim and the Prepetition Claim and have reached an agreement to resolve such matters as set forth in this stipulation;

NOW, THEREFORE, IT IS HEREBY AGREED AND STIPULATED THAT:

1. The terms of this stipulation are subject to Court approval and shall become effective on the date of the Court's entry of an order approving the stipulation.

2. Upon receipt of the purchase order from NNI as described above, Testing House shall perform certain engineering adjustments as set forth in the purchase order, and upon completion of such engineering adjustments, Testing House shall release the Remaining Fixtures in accordance with the terms of the purchase order.

3. Testing House shall have an allowed administrative claim under 11 U.S.C. §503(b)(9) for the goods identified on invoices 530, 533, 534, 535, 536, which is entitled to a priority under 11 U.S.C. §507(a)(2), in the amount of $66,390 (the "Allowed Administrative Expense Claim") in NNI's chapter 11 case.

4. The Allowed Administrative Expense Claim shall be paid on the earlier of (i) a confirmed and effective plan in accordance with section 1129(a)(9)(A) of the Bankruptcy Code or as otherwise required by section 726 of the Bankruptcy Code, or (ii) such other date that 11 U.S.C. §503(b)(9) claimants, as a class, are paid; or (iii) such earlier time as agreed to by the parties or ordered by the Court.

5. Testing House shall have a general, unsecured claim in the amount of $171,080 (the "Allowed Unsecured Claim," and together with the Allowed Administrative Expense Claim, the "Allowed Claims") for the goods and services identified on invoices 498, 499, 502, 503, 504, 506, 507, 509, 520 and 524, and the services identified on invoices 530, 533, 534, 535, 536.

6. Testing House acknowledges and agrees that all payments of money, prepayments, deposits or other consideration received by Testing House on or after the Petition
---

Date shall be used or applied by Testing House solely to satisfy amounts owing for the products and/or services supplied by Testing House after the Petition Date.

7. NNI reserves all of its rights, claims and defenses with respect to any claims other than the Allowed Claims asserted by Testing House and its affiliates and nothing herein is intended to waive such rights, claims or defenses. For the avoidance of doubt, nothing herein shall limit or affect the Parties' rights in this case except as expressly set forth herein.

8. The terms of this stipulation are binding on Testing House, the Debtors and the Debtors' estates, and all successors and assigns, including, without limitation, any chapter 11 or chapter 7 trustees that may be appointed.

Dated: July 2, 2009

Nortel Networks Inc.

By: Nancy Scott
Title: Leader Design Services

Testing House de Mexico S de RL de CV

Francisco Javier Vazquez Villaseñor
By:
Title: Managing Director

4