**EXHIBIT D**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------- X
                                                                    :
*In re*                                                             :   Chapter 11
                                                                    :
Nortel Networks (CALA) Inc.,                                        :   Case No. 09- 12515 (KG)
                                                                    :
           Debtor.                                         :   Jointly Administered under
                                                                    :   Case No. 09-10138 (KG)
                                                                    
                                                          **RE D.I.** _____

------------------------------------------------------------------- X

## ORDER ENFORCING SECTION 362 OF THE BANKRUPTCY CODE

Upon the motion dated, July 15, 2009 (the "Motion"),[1] of Nortel Networks (CALA) Inc., as a debtor in possession in the above-captioned case (the "Debtor"), for entry of an order enforcing the Bankruptcy Code's automatic stay provision, and upon consideration of the Declaration of John Doolittle in Support of First Day Motions and Applications (the "First Day Declaration"), filed on January 14, 2009, in the chapter 11 cases of Nortel Networks Inc., and its affiliates, jointly administered under case number 09-10138 (KG), as well as the Declaration of John Doolittle in Support of the Motion (the "Supplemental Declaration"), filed concurrently with the Motion; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion, the First Day Declaration and the Supplemental Declaration establish just cause for

---

[1]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

the relief requested in the Motion, and that such relief is in the best interests of the Debtor, its estate, its creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. That the Debtor is authorized, by virtue of the filing of its petition for relief under chapter 11 of the Bankruptcy Code, to be afforded the protections of, *inter alia*, section 362 of the Bankruptcy Code, a copy of which is annexed hereto as Exhibit 1, and section 541 of the Bankruptcy Code, a copy of which is annexed hereto as Exhibit 2.

3. That this Order is intended to be declarative of and coterminous with, and shall neither abridge, enlarge nor modify, the rights and obligations of any party under section 362 of the Bankruptcy Code.

4. That notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtor is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtor may, in its discretion and without further delay, take any action and perform any act authorized under this Order;

5. That the requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure are satisfied by the contents of the Motion or otherwise deemed waived;

6. That the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
   Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS

UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

**11 U.S.C. § 362(a)**

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of —

> **(1)** the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

> **(2)** the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

> **(3)** any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

> **(4)** any act to create, perfect, or enforce any lien against property of the estate;

> **(5)** any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

> **(6)** any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

> **(7)** the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

> **(8)** the commencement or continuation of a proceeding before the United States Tax Court concerning a corporate debtor's tax liability for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title

# EXHIBIT 2

## 11 U.S.C. § 541

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
>
> (2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is —
>
>> (A) under the sole, equal, or joint management and control of the debtor; or
>>
>> (B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.
>
> (3) Any interest in property that the trustee recovers under section 329 (b), 363 (n), 543, 550, 553, or 723 of this title.
>
> (4) Any interest in property preserved for the benefit of or ordered transferred to the estate under section 510 (c) or 551 of this title.
>
> (5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date —
>
>> (A) by bequest, devise, or inheritance;
>>
>> (B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; or
>>
>> (C) as a beneficiary of a life insurance policy or of a death benefit plan.
>
> (6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.
>
> (7) Any interest in property that the estate acquires after the commencement of the case.

**(b)** Property of the estate does not include —

> **(1)** any power that the debtor may exercise solely for the benefit of an entity other than the debtor;
>
> **(2)** any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease before the commencement of the case under this title, and ceases to include any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease during the case;
>
> **(3)** any eligibility of the debtor to participate in programs authorized under the Higher Education Act of 1965 (20 U.S.C. 1001 et seq.; 42 U.S.C. 2751 et seq.), or any accreditation status or State licensure of the debtor as an educational institution;
>
> **(4)** any interest of the debtor in liquid or gaseous hydrocarbons to the extent that—
>
>> **(A) (i)** the debtor has transferred or has agreed to transfer such interest pursuant to a farmout agreement or any written agreement directly related to a farmout agreement; and
>>
>> **(ii)** but for the operation of this paragraph, the estate could include the interest referred to in clause (i) only by virtue of section 365 or 544 (a)(3) of this title; or
>>
>> **(B) (i)** the debtor has transferred such interest pursuant to a written conveyance of a production payment to an entity that does not participate in the operation of the property from which such production payment is transferred; and
>>
>> **(ii)** but for the operation of this paragraph, the estate could include the interest referred to in clause (i) only by virtue of section 365 or 542 of this title;
>
> **(5)** funds placed in an education individual retirement account (as defined in section 530(b)(1) of the Internal Revenue Code of 1986) not later than 365 days before the date of the filing of the petition in a case under this title, but —
>
>> **(A)** only if the designated beneficiary of such account was a child, stepchild, grandchild, or stepgrandchild of the debtor for the taxable year for which funds were placed in such account;
>>
>> **(B)** only to the extent that such funds —

> (i) are not pledged or promised to any entity in connection with any extension of credit; and
>
> (ii) are not excess contributions (as described in section 4973(e) of the Internal Revenue Code of 1986); and
>
> (C) in the case of funds placed in all such accounts having the same designated beneficiary not earlier than 720 days nor later than 365 days before such date, only so much of such funds as does not exceed $5,000;

(6) funds used to purchase a tuition credit or certificate or contributed to an account in accordance with section 529(b)(1)(A) of the Internal Revenue Code of 1986 under a qualified State tuition program (as defined in section 529(b)(1) of such Code) not later than 365 days before the date of the filing of the petition in a case under this title, but —

> (A) only if the designated beneficiary of the amounts paid or contributed to such tuition program was a child, stepchild, grandchild, or stepgrandchild of the debtor for the taxable year for which funds were paid or contributed;
>
> (B) with respect to the aggregate amount paid or contributed to such program having the same designated beneficiary, only so much of such amount as does not exceed the total contributions permitted under section 529(b)(7) of such Code with respect to such beneficiary, as adjusted beginning on the date of the filing of the petition in a case under this title by the annual increase or decrease (rounded to the nearest tenth of 1 percent) in the education expenditure category of the Consumer Price Index prepared by the Department of Labor; and
>
> (C) in the case of funds paid or contributed to such program having the same designated beneficiary not earlier than 720 days nor later than 365 days before such date, only so much of such funds as does not exceed $5,000;

(7) any amount —

> (A) withheld by an employer from the wages of employees for payment as contributions —
>
> (i) to —
>
> > (I) an employee benefit plan that is subject to title I of the Employee Retirement Income Security Act of 1974 or under an employee benefit plan which is a governmental plan under section 414(d) of the Internal Revenue Code of 1986;

7

> **(II)** a deferred compensation plan under section 457 of the Internal Revenue Code of 1986; or
>
> **(III)** a tax-deferred annuity under section 403(b) of the Internal Revenue Code of 1986;
> except that such amount under this subparagraph shall not constitute disposable income as defined in section 1325 (b)(2); or

> **(ii)** to a health insurance plan regulated by State law whether or not subject to such title; or

> **(B)** received by an employer from employees for payment as contributions—

> **(i)** to —

>> **(I)** an employee benefit plan that is subject to title I of the Employee Retirement Income Security Act of 1974 or under an employee benefit plan which is a governmental plan under section 414(d) of the Internal Revenue Code of 1986;
>>
>> **(II)** a deferred compensation plan under section 457 of the Internal Revenue Code of 1986; or
>>
>> **(III)** a tax-deferred annuity under section 403(b) of the Internal Revenue Code of 1986;
>> except that such amount under this subparagraph shall not constitute disposable income, as defined in section 1325 (b)(2); or

> **(ii)** to a health insurance plan regulated by State law whether or not subject to such title;

**(8)** subject to subchapter III of chapter 5, any interest of the debtor in property where the debtor pledged or sold tangible personal property (other than securities or written or printed evidences of indebtedness or title) as collateral for a loan or advance of money given by a person licensed under law to make such loans or advances, where —

> **(A)** the tangible personal property is in the possession of the pledgee or transferee;
>
> **(B)** the debtor has no obligation to repay the money, redeem the collateral, or buy back the property at a stipulated price; and

**(C)** neither the debtor nor the trustee have exercised any right to redeem provided under the contract or State law, in a timely manner as provided under State law and section 108 (b); or

**(9)** any interest in cash or cash equivalents that constitute proceeds of a sale by the debtor of a money order that is made —

**(A)** on or after the date that is 14 days prior to the date on which the petition is filed; and

**(B)** under an agreement with a money order issuer that prohibits the commingling of such proceeds with property of the debtor (notwithstanding that, contrary to the agreement, the proceeds may have been commingled with property of the debtor),
unless the money order issuer had not taken action, prior to the filing of the petition, to require compliance with the prohibition.

Paragraph (4) shall not be construed to exclude from the estate any consideration the debtor retains, receives, or is entitled to receive for transferring an interest in liquid or gaseous hydrocarbons pursuant to a farmout agreement.

**(c)(1)** Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law —

**(A)** that restricts or conditions transfer of such interest by the debtor; or

**(B)** that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

**(2)** A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

**(d)** Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's

9

legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

**(e)** In determining whether any of the relationships specified in paragraph (5)(A) or (6)(A) of subsection (b) exists, a legally adopted child of an individual (and a child who is a member of an individual's household, if placed with such individual by an authorized placement agency for legal adoption by such individual), or a foster child of an individual (if such child has as the child's principal place of abode the home of the debtor and is a member of the debtor's household) shall be treated as a child of such individual by blood.

**(f)** Notwithstanding any other provision of this title, property that is held by a debtor that is a corporation described in section 501(c)(3) of the Internal Revenue Code of 1986 and exempt from tax under section 501(a) of such Code may be transferred to an entity that is not such a corporation, but only under the same conditions as would apply if the debtor had not filed a case under this title.