**EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------X
                             :

*In re*                           :

Nortel Networks Inc., *et al.*, [1]    :

              Debtors.     :

                             :
---------------------------------------------------------X

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

**RE: D.I. _____**

**ORDER ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM AND
APPROVING FORM AND MANNER OF NOTICE THEREOF**

Upon the motion dated, July 15, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, fixing deadlines (the "Bar Dates") and establishing procedures for filing proofs of claim against the Debtors and approving the form and manner of service thereof; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

1

Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED.

2.    Except as otherwise provided herein, all Entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against the Debtors which arose prior to the filing of the chapter 11 petitions on January 14, 2009 (the "Petition Date"), shall file a proof of such claim in writing so that it is received on or before September 30, 2009, at 4:00 p.m. (prevailing Eastern Time) (the "General Bar Date").

3.    Subject to paragraph 21 of this Order, all claims against the Debtors shall be filed in, and only in, these chapter 11 cases with the Claims Agent (as defined herein) in accordance with the procedures set forth in this Order.

4.    Subject to paragraph 21 of this Order, all claims against the Canadian Debtors shall be filed in, and only in, the Canadian Proceedings with the court-appointed Monitor pursuant to the procedures approved by the Canadian Court.

5.    The following procedures for the filing of proofs of claim shall apply:

(a)    Proofs of claim must conform substantially to the Proof of Claim Form;

(b)    However, claims asserted under Section 503(b)(9) of the Bankruptcy Code must conform to the Section 503(b)(9) Claim Form approved in this Court's *Order Establishing and Implementing Uniform Procedures*

2

*Regarding Section 503(b)(9) Claims* [D.I. 590] (the "503(b)(9) Procedures Order");

(c)   Proof of claim forms must be filed by delivery of the original either by first class U.S. mail, postage prepaid to Epiq Bankruptcy Solutions, LLC (the "Claims Agent") at the following address:

> Nortel Networks Inc. Claims Processing Center
> c/o Epiq Bankruptcy Solutions, LLC
> FDR Station, P.O. Box 5075
> New York, NY 10150-5075

or, if sent by hand delivery or overnight courier, to:

> Nortel Networks Inc. Claims Processing Center
> c/o Epiq Bankruptcy Solutions, LLC
> 757 Third Avenue, 3rd Floor
> New York, NY 10017

(d)   Proofs of claim sent by facsimile, telecopy or electronic mail shall not be accepted;

(e)   Proof of claim forms will be deemed filed only if actually received by the Claims Agent on or before 4:00 p.m. (prevailing Eastern Time) on the applicable Bar Date;

(f)   Proof of claim forms must (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in lawful United States currency; provided, however, that the Debtors shall have the right to convert a claim denominated in non-U.S. currency into U.S. currency using the Reuters closing rate as of the Petition Date, unless the Debtors deem another date more appropriate; and

(g)   Proof of claim forms must specify by name and case number the Debtor against which the claim is filed; if the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor.

6.    The following Entities need not file a proof of claim on or prior to the General

Bar Date:

(a)    Any Entity that has already filed a proof of claim against the correct Debtors with the Clerk of the Bankruptcy Court for the District of Delaware or the Claims Agent in a form substantially similar to Official Form No. 10 and/or the 503(b)(9) Claim Form;

(b)    Any person or entity whose claim is listed on the Schedules filed by the Debtors, provided that (i) the claim is <u>not</u> scheduled as "disputed," "contingent" or "unliquidated"; <u>and</u> (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules; <u>and</u> (iii) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(c)    Any holder of a claim against the Debtors that heretofore has been allowed by order of this Court;

(d)    Any person or entity whose claim against the Debtors has been paid in full by any of the Debtors pursuant to an order of this Court;

(e)    Any holder of a claim against the Debtors for which specific deadlines have previously been fixed by this Court;

(f)    Any Debtor, nondebtor affiliate of the Debtors or Canadian Debtor, or any of their direct or indirect subsidiaries holding a claim against any of the Debtors;

(g)    Any Entity having a claim against any of the nondebtor affiliates or subsidiaries of the Debtors;

(h)    Any holder of a claim against the Debtors allowable under section 503(b) and section 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under Section 503(b)(9) of the Bankruptcy Code, which claim holders shall be required to file a proof of claim pursuant to the 503(b)(9) Procedures Order);

(i)    Any claims of officers and/or directors, who are officers and/or directors as of August 1, 2009, for indemnification and/or contribution arising from such officer's and/or director's service to the Debtors or any of the Debtors' non-debtor affiliates; <u>provided, however,</u> that such officers and/or directors must file proofs of claims so as to be actually received by the applicable Bar Date for all other claims arising before the Petition Date against the Debtors;

4

(j)    Any Entity (a "Noteholder") whose claim is limited exclusively to the repayment of principal, interest and other fees and expenses (the "Note Claims") in connection with such Noteholders holding or ownership of such notes under the note indentures[3] ("Note Indentures"); provided, however, that (i) the foregoing exclusion in this subparagraph shall not apply to the indenture trustees under the Note Indentures[4] (the "Indenture Trustees"), (ii) the Indenture Trustees shall each be authorized and required to file a single proof of claim pursuant to section 501(a) of the Bankruptcy Code, on or before the General Bar Date, on account of the Note Claims against the Debtors under their respective Note Indentures and (iii) any Noteholder wishing to assert a claim, other than a Notes Claim, arising out of or relating to the Notes Indentures, shall be required to file a proof of claim with respect to such claim on or before the General Bar Date, unless another exception identified herein applies; and

(k)    Holders of equity security interests in the Debtors need not file proofs of interest with respect to the ownership of such equity interests, provided, however, that if any such holder asserts a claim against the Debtors that arises out of or relates to the ownership (including a claim relating to the purchase or sale) of such equity interest, a proof of such claim must be filed on or prior to the General Bar Date.

7.    Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease by the Debtors, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the General Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease by the Debtors, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof

---

[3] The Note Indentures are: (i) the 7.875% fixed rate senior notes issued by Nortel Networks Capital Corporation, due in 2026 (the "2026 Notes"), (ii) the 10.75% fixed rate senior notes issued by NNL and guaranteed by NNI, due in 2016 (the "2016 Notes"), (iii) the convertible 2.125% fixed rate senior notes issued by NNC and guaranteed by NNI, due in 2014 (the "2014 Notes"), (iv) the 10.125% fixed rate senior notes issued by NNL and guaranteed by NNI, due in 2013 (the "2013 Notes"), (v) the convertible 1.75% fixed rate senior notes issued by NNC and guaranteed by NNI, due in 2012 (the "2012 Notes"), and (vi) the floating rate senior notes issued by NNL and guaranteed by NNI, due in 2011 (the "2011 Notes").

[4] The Indenture Trustee for the 2016 Notes, the 2014 Notes, the 2013 Notes, the 2012 Notes and the 2011 Notes is The Bank of New York Mellon. The Indenture Trustee for the 2026 Notes is the Law Debenture Trust Company of New York.

of claim by the date (the "Rejection Bar Date") that is 30 days after the Debtors send, via first class U.S. mail, a notice or a copy of the applicable order authorizing such rejection.

8. If the Debtors amend or supplement the Schedules subsequent to the date hereof, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded 20 days from the date of such notice to file proofs of claim in respect of their claims or be barred from doing so, and shall be given notice of such deadline (the "Amended Schedule Bar Date").

9. Nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules.

10. Pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims against the Debtors that fail to comply with this Order by filing a proof of claim by the applicable Bar Date in appropriate form (i) shall be forever barred and estopped from asserting such claim (or filing a proof of claim with respect thereto) against the Debtors and their estates, (ii) shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution under a plan of reorganization or liquidation in these cases, (iii) the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and (iv) such creditor shall not be entitled to any further notices in these chapter 11 cases with respect to such claim.

11. A copy of the notice substantially in the form attached to the Motion as Exhibit C (the "Bar Date Notice") along with a Proof of Claim Form and a 503(b)(9) Claim Form (collectively, the "Bar Date Package") is approved and shall be deemed adequate and sufficient if served by first-class mail at least 50 days prior to the General Bar Date on:

(a) the United States trustee;

6

(b)      counsel to the Committee;

(c)      all Entities that have requested notice of the proceedings in the chapter 11 cases as of the date of this Order;

(d)      counsel to the Bondholder Group;

(e)      counsel to any other official committee that may be appointed in these chapter 11 cases;

(f)      the Indenture Trustee for each of the Note Indentures;

(g)      all Entities that have filed claims against the Debtors as of the date of this Order;

(h)      all known creditors of the Debtors and other known holders of claims against the Debtors as of the date of this Order, including all Entities listed in the Schedules as holding claims;

(i)      all parties to executory contracts and unexpired leases with any Debtor, using the last known address;

(j)      all parties to litigation with the Debtors using the last known address;

(k)      the Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units; and

(l)      such additional Entities as deemed appropriate by the Debtors.

12.      With regard to those holders of claims listed on the Schedules, the Debtors shall mail one or more proof of claim forms (as appropriate) substantially similar to the Proof of Claim form annexed to the Motion as Exhibit B, indicating on the form how the Debtors have scheduled such creditor's claim in the Schedules (including the identity of the Debtor, the

Notice is hereby approved and shall be deemed good, adequate and sufficient publication notice of the General Bar Date.

16.     Any Entity that desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules.

17.     The Debtors and their Claims Agent are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

18.     Notice provided by this Order to foreign creditors is sufficient under Bankruptcy Rule 2002(p).

19.     Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the General Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

20.     Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

21.     This Order is without prejudice to the Debtors' right to seek further orders of this Court to implement specific procedures for the reconciliation and/or resolution of claims against the Debtors including, without limitation, pursuant to the Cross-Border Claims Protocol.

22.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
       Wilmington, Delaware

                                                 _____
                                                 THE HONORABLE KEVIN GROSS
                                                 UNITED STATES BANKRUPTCY JUDGE