IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Case No. 09-10138(KG) |
| | : | |
| Nortel Networks, et al., | : | Jointly Administered |
| | : | |
| Debtors. | : | Chapter 11 |
| | : | |
| | : | Related to: Docket No. 1035 |
| | : | |

## OBJECTION OF ISTAR CTL NORTH GLENVILLE – RICHARDSON LLC TO NOTICE OF DEBTORS' REQUEST FOR AUTHORITY TO ASSUME AND ASSIGN CERTAIN CONTRACTS AND TO ASSUME AND SUBLEASE CERTAIN UNEXPIRED LEASES AND DEMAND FOR ADEQUATE ASSURANCE INFORMATION IN CONNECTION WITH OTHER POTENTIAL PURCHASERS

iStar CTL North Glenville – Richardson LLC (the "Landlord"), by and through its undersigned counsel, hereby objects to the *Notice of Debtors' Request for Authority to Assume and Assign Certain Contracts and to Assume and Sublease Certain Unexpired Leases* [D.I. 1035] (the "Notice") and respectfully states as follows:

1. Debtor Nortel Networks, Inc. ("Debtor") and Landlord are party to a Commercial Lease Agreement dated as of December 22, 1995 pursuant to which Debtor leases certain non-residential real property located at 1460 North Glenville Drive, Richardson, Texas (as modified and amended from time to time, the "Lease"). On June 6, the Landlord received the Notice, wherein the Debtor asserts a cure amount of "$0.00" in connection with the assumption of the Lease.

### Objection

2. The Debtor is liable for the payment of attorneys fees in connection with the Landlord enforcing its rights under the Lease in these bankruptcy cases. See Lease at § 19. Landlord has incurred attorneys fees which are payable under the Lease and which are currently

84387247v2

estimated to be approximately $5,000. See <u>Travelers Casualty & Surety Co. of Am. V. Pacific Gas & Elec. Co.</u>, 549 U.S. 443, 453 (2007).[1] Accordingly, assumption of the Lease should be denied until the aforementioned attorneys fees are paid in full or otherwise escrowed pending a final resolution of the matter.

3. Additionally, Debtor notes that, pursuant to the Notice and the pending sale agreement, the Debtor's potential sublease of the premises covered by the Lease "shall be conditioned upon receipt of any necessary consents . . . ." See Notice at p. 2. The Lease does indeed require such consent. Accordingly, Landlord reserves all of its rights under the Lease in connection with any attempt by Debtor to sublease the Lease to Nokia Siemens or another successful purchaser.

### Demand for Adequate Assurance Information
### Regarding Other Potential Purchasers

4. Pursuant to the Notice and paragraph 7 of the Notice of (I) Solicitations of Initial Bids; (II) Public Auction and Sale Hearing; and (III) Related Relief and Dates dated June 30, 2009, Landlord requests adequate assurance information regarding bidders other than Nokia Siemens that will participate in the auction. Such information should be delivered to Merritt A. Pardini: Fax: (212) 940-8776 and merritt.pardini@kattenlaw.com.

Dated: July 17, 2009

*Attorneys for iStar CTL North Glenville – Richardson LLC*

CONNOLLY BOVE LODGE & HUTZ LLP

By: _____
Jeffrey C. Wisler (#2795)
Christina Thompson (#3976)
The Nemours Building, 9th Floor

---

[1] Landlord will provide Debtor with a detailed description of the fees and expenses incurred and payable under the Lease and the <u>Travelers</u> case if necessary.

1007 North Orange Street
Wilmington, Delaware 19801
(302) 658-9141

-and-

KATTEN MUCHIN ROSENMAN LLP
Merritt A. Pardini (pro hac vice motion pending)
575 Madison Avenue
New York, New York 10022
(212) 940-8800

702558v 1