IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re*                                                    : Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                         : Case No. 09-10138 (KG)
:
        Debtors.    : Jointly Administered
:
: **RE: D.I. 1073**
:
------------------------------------------------------------X
:
*In re*                                                    : Chapter 11
:
Nortel Networks (CALA) Inc.                                : Case No. 09-12515 (KG)
:
        Debtor.     : Joint Administration Pending
:
: **Re: D.I. 3**
:
------------------------------------------------------------X

**ORDER TO HAVE PREVIOUSLY-ENTERED
ORDERS AS SUPPLEMENTED GOVERN
NORTEL NETWORKS (CALA) INC. PROSPECTIVELY**

Upon the motion dated, July 15, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, to have orders previously entered in the main proceeding with respect the first day debtors, as supplemented,

---

[1] The Original Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Original Debtors can be found in the Original Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

govern Nortel Networks (CALA) Inc. ("NN CALA") prospectively; and granting such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The following orders entered in the Original Debtors' chapter 11 cases (the "Original Debtors' Orders") are applicable to the chapter 11 case of NN CALA to the extent the relief granted in each of the Original Debtors' Orders is relevant to NN CALA's case:

(i) Order Authorizing, but not Directing, Debtors to Pay Certain Prepetition (I) Wages, Salaries and Other Compensation, (II) Reimbursable Expenses, and (III) Medical, Retirement and Similar Benefits, dated January 15, 2009 [D.I. 59] (the "Employee Wage Order").

(ii) Order Pursuant to Sections 345, 363(c)(1), 364(a) and 503(b)(1): (a) Approving the Continued Use of the Cash Management System, Bank Accounts and Business Forms; (b) Permitting Continued Intercompany Transactions, Granting Administrative Priority Status to Postpetition Intercompany Claims and Preserving and Permitting the Exercise of Intercompany Setoff Rights; (c) Authorizing Banks to Honor Certain Transfers and Charge Certain Fees and Other Amounts; and (d) Waiving the Requirements of 11 U.S.C. Section 345(b) on an Interim Basis, dated January 15, 2009 [D.I. 58] (the "Cash Management Order").

(iii) Order Under 11 U.S.C. §§ 105(a) and 363(b) of the Bankruptcy Code Authorizing Payment Of Prepetition Obligations To Foreign

Vendors [D.I. 71], dated January 16, 2009 (the "Foreign Vendors Order").

(iv) Orders listed in Exhibit C to the Motion.

3. The Original Debtors' Orders shall be made applicable to NN CALA's chapter 11 case (to the extent the relief granted in the Original Debtors' Orders is relevant to NN CALA), *nunc pro tunc* to the NN CALA Petition Date, subject to the following amendments:

4. With respect to all Original Debtors' Orders, the terms "Petition Date," "prepetition," and "postpetition" shall refer to July 14, 2009.

5. With respect to all Original Debtors' Orders, the terms "Debtor" and "Debtors" shall mean NN CALA.

6. With respect to the Foreign Vendors Order, (i) the term "Foreign Vendor Claims" shall refer to NN CALA's obligations to foreign third-party vendors and (ii) under paragraph 2 of the Foreign Vendors Order, the Debtors (including NN CALA) are authorized to honor and pay, in their sole discretion, prepetition Foreign Vendor Claims in an amount not to exceed $9 million.

7. With respect to the Order Pursuant to 11 U.S.C. § 521 Extending the Debtors' Deadline to File Schedules of Assets and Liabilities and Statements of Financial Affairs [D.I. 6], such order is hereby modified so as to allow NN CALA to file its Schedules and Statements with the Court no later than sixty days from the NN CALA Petition Date (subject to NN CALA's right to seek further extensions for cause).

8. With respect to the Order Granting Debtors Additional Time to File Reports of Financial Information Pursuant to Federal Rule of Bankruptcy Procedure 2015.3(a) and Certain Modifications of Such Reporting Requirements Pursuant to Federal Rule of Bankruptcy Procedure 2015.3(d) [D.I. 657], such order is hereby modified so as to allow NN CALA to file

3

its Rule 2015.3 Reports with the Court no later than September 30, 2009 (subject to NN CALA's right to seek further extensions for cause).

9. The Debtors are authorized but not directed to file a notice with an amended Exhibit C attached to the Motion identifying any additional prior orders that they desire to be made applicable to NN CALA. Such notice shall be provided to (i) the U.S. Trustee, (ii) the Committee, (iii) the Bondholder Group, and (iv) the general service list established in the Debtors' chapter 11 cases. Absent an objection within ten (10) calendar days of any such notice, any newly identified orders shall be deemed applicable to NN CALA effective *nunc pro tunc* to the NN CALA Petition Date.

10. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) NN CALA is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) NN CALA may, in its discretion and without further delay, take any action and perform any act authorized under this Order.

11. The requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure are satisfied by the contents of the Motion or otherwise deemed waived.

12. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: July 17, 2009
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE