IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
                                                            :
In re                                                       :   Chapter 11
                                                            :
                                                            :   Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1]                            :
                                                            :   Jointly Administered
                    Debtors.                                :
                                                            :
                                                            :   RE: D.I. 982
                                                            :
------------------------------------------------------------X

**ORDER APPROVING THE COMPROMISE OF CONTROVERSY
BY AND AMONG (I) THE NORTEL NETWORKS INC. AND
(II) MOLINE DISPATCH PUBLISHING CO., LLC**

Upon the motion dated June 26, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, granting the Debtors authority, pursuant to section 105(a) of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules to enter into a settlement with Moline Dispatch Publishing Co., LLC ("Moline") (Moline, together with NNI, the "Parties") pursuant to the Settlement Agreement attached to the Motion as Exhibit B; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. NNI is authorized to enter into the settlement with Moline pursuant to the terms set forth in the Settlement Agreement, which the Court finds are in the best interests of NNI, its estate, its creditors and the other parties in interest.

3. The Settlement Agreement between the Parties is approved.

4. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

5. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: July 17, 2009
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE