**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | : | Case No. 09-10138 (KG) |
| Debtors. | : | Joint Administration Pending |
| | : | **Hearing date: July 20, 2009 at 2:00 p.m. E.T. (proposed)** |
| | : | **Objections due: July 20, 2009 at 2:00 p.m. E.T. (proposed)** |

**DEBTORS' MOTION TO APPLY THE PREVIOUSLY-ENTERED BIDDING PROCEDURES ORDER AND SALE MOTION, AS SUPPLEMENTED, TO NORTEL NETWORKS (CALA) INC. PROSPECTIVELY**

Nortel Networks (CALA) Inc. ("NN CALA"), Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively with NN CALA, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as Exhibit A (the "Supplemental Order"), pursuant to sections 105, 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004, 6006, 9014 and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to have the Debtors' Motion for Orders (I)(A) Authorizing Debtors' Entry into the Asset Sale Agreement, (B) Authorizing and Approving the Bidding Procedures, (C) Authorizing and Approving a Break-Up Fee and

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Expense Reimbursement, (D) Approving the Notice Procedures, (F) Authorizing the Filing of Certain Documents Under Seal and (G) Setting a Date for the Sale Hearing, and (II) Authorizing and Approving (A) the Sale of Certain Assets of Debtors' CDMA and LTE Business Free and Clear of All Liens, Claims and Encumbrances, (B) the Assumption and Assignment if Certain Contracts and (C) the Assumption and Sublease of Certain Leases (the "Sale Motion") [D.I. 931] and the Order Pursuant to Bankruptcy Code Sections 105, 363 and 365(A) Authorizing Debtors' Entry into the Asset Sale Agreement, (B) Authorizing and Approving the Bidding Procedures, (C) Authorizing and Approving a Break-Up Fee and Expense Reimbursement, (D) Approving the Notice Procedures, (E) Authorizing the Filing of Certain Documents Under Seal and (G) Setting a Date for the Sale Hearing (the "Bidding Procedures Order") [D.I. 1012] previously entered in the main proceeding with respect to the Debtors, govern NN CALA as modified herein; and granting such other and further relief as the Court deems just and proper. In support of the Motion, the Debtors rely on the Declaration of John Doolittle in Support of First Day Motions and Applications (the "First Day Declaration") [D.I. 3] as well as the Declaration of John Doolittle in Support of the Debtors' Motion to Have Previously–Entered Orders as Supplemented Govern Nortel Networks (CALA) Inc. Prospectively (the "Supplemental Doolittle Declaration"). In further support of the Motion, the Debtors respectfully represent as follows:

**Jurisdiction**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105, 107(b)(1), 363 and 365 of the Bankruptcy Code, Rules 2002, 6004, 6006, 9014 and 9018 of the Bankruptcy Rules, and Rules 6004-1 and 9018-1 of the Local Rules.

## Background

### A. Introduction

3. On January 14, 2009 (the "Original Petition Date"), Nortel Networks Inc. and certain of its affiliates (collectively, the "Original Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. Also on the Original Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors and NN CALA, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as court appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these

[2] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February 27, 2009, this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. In addition, at 8 p.m. (London time) on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[3] into administration under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators"). On May 28, 2009, at the request of the Administrators, the Commercial Court of Versailles, France (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA will continue to operate as a going concern for an initial period of three months. In accordance with the European Union's Council Regulation (EC) No 1346/2000 on Insolvency Proceedings, the English law proceedings (the "English Proceedings") remain the main proceedings in respect of NNSA. On June 8, 2009, Nortel Networks UK Limited ("NNUK") filed petitions in this Court for recognition of the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On June 26, 2009, the Court entered an order recognizing the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

6. On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Bankruptcy Rules that provided for the joint administration of the cases of the Original Debtors and for consolidation for procedural purposes only [D.I. 36].[4]

---

[3] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

[4] All references to "D.I." refer to the docket for the chapter 11 cases of Nortel Networks, Inc., and its affiliates, jointly administered under case number 09-10138 (KG).

7. On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142, 340]. An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

8. On July 14, 2009 (the "CALA Petition Date"), NN CALA, an affiliate of NNI, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On July 15, NN CALA and the Original Debtors filed motions seeking (i) joint administration and consolidation of NN CALA's chapter 11 case with the Original Debtors' chapter 11 cases for procedural proposes, and (ii) the application to NN CALA of certain previously entered orders in the Debtors' chapter 11 cases.

**B. Debtors' Corporate Structure and Business**

9. A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the First Day Declaration.

10. On June 19, 2009, the Original Debtors filed the Sale Motion seeking approval of the sale of assets associated with their Carrier Network business to Nokia Siemens Networks B.V., subject to the receipt of higher and better offers [D.I. 931]. This Court approved the bidding procedures on June 30, 2009 [D.I. 1012]. In addition to announcing the proposed Asset Sale Agreement with Nokia Siemens Networks B.V. (the "Agreement"), the Debtors have announced that they are advancing in discussions with external parties to sell other businesses.

11. NN CALA is one of the Nortel entities that operates in the Caribbean and Latin America ("CALA") region. NN CALA's businesses consist of the same Carrier (including

CDMA, GSM and CVAS), Enterprise and MEN businesses conducted by the other Nortel entities, as described in the First Day Declaration. A substantial majority of NN CALA's customers are foreign companies and governmental entities in the CALA region.

12. NN CALA is a direct subsidiary of NNI, with headquarters in Sunrise, Florida. All of Nortel's business activities in the CALA region were originally conducted by NN CALA. Beginning in the 1980s, Nortel formed direct subsidiaries of NNL to operate locally in the various countries in which they are incorporated. NNL currently has thirteen direct subsidiaries operating in various countries, including Argentina, Brazil, Bolivia, Chile, Colombia, Ecuador, México, Paraguay, Peru, Venezuela, and Uruguay. NN CALA has two direct subsidiaries, Nortel Networks de Guatemala, Ltda., and Nortel Trinidad and Tobago Limited, as well as a minority ownership interest in Nortel Networks de Colombia, S.A.

13. In the past six months, since the commencement of the Original Debtors' chapter 11 cases, Nortel has undergone restructuring efforts, including (as discussed above) advancing in discussions with third parties to divest its businesses. During this time, the Debtors and their affiliates (including NN CALA) have reviewed their business needs to determine the appropriate means of preserving value for their stakeholders. Accordingly, on the CALA Petition Date, NN CALA filed for chapter 11 protection to preserve assets and administer its assets and business in a manner consistent with the Debtors' larger restructuring efforts.

**Facts Relevant to this Motion**

**A. Bidding Procedures Order**

14. As described above, this Court entered the Bidding Procedures Order after a hearing to consider the bidding procedures and other related relief sought under the Sale Motion on June 29, 2009 [D.I. 1012]. The Bidding Procedures Order sets forth certain deadlines and

establishes certain dates in connection with the proposed sale of certain of the Debtors' Assets[5] as set forth in the Sale Motion. In particular, an auction is scheduled to be held on July 24, 2009 at 9:30 a.m. (ET), and a hearing to approve the sale is scheduled to be held on July 28, 2009 at 1:00 p.m. (ET).

15. Certain of NN CALA's customer and supplier contracts may be designated under the Agreement as 365 Contracts (as defined in the Agreement).[6] In addition, NN CALA may transfer certain de minimis fixed assets to the Purchaser (primarily consisting of IT equipment associated with NN CALA employees hired by the Purchaser in connection with the proposed sale).

16. The Agreement reflects the extensive arm's length, good faith negotiations among the Sellers and the Purchaser and their respective advisors which the Debtors have determined represents the best opportunity for the Debtors to maximize the value of their assets and serve as a basis for conducting an auction to seek higher and/or better offers. Consistent with NN CALA's efforts to streamline its chapter 11 proceeding to avoid duplicative proceedings, the Debtors believe joining NN CALA to Sale Motion and the Bidding Procedures Order, modified as set forth herein, would ensure that the Sellers receive the maximum value for the Assets.

**Relief Requested**

17. By this Motion the Debtors seek an order authorizing (i) NN CALA to join in the Sale Motion and (ii) the Bidding Procedures Order to be applied to NN CALA *nunc pro tunc*, as amended herein as they relate to NN CALA:

[5] Capitalized terms not defined herein shall have the meaning ascribed to them in the Sale Motion.

[6] NN CALA's customer and supplier contracts included in the Agreement were designated as Non-365 Contracts because NN CALA was not a debtor at the time the Agreement was signed. However, now that NN CALA has filed for protection under chapter 11 NN CALA seeks to assume and assign certain contracts pursuant to section 365 of the Bankruptcy Code.

***Notices***

a. The Debtors propose to give notice, immediately after the entry of the Supplemental Order (or as soon thereafter as reasonably practicable), of the Bidding Procedures, the time and place of the Auction, the time and place of the Sale Hearing, and the objection deadline for the Sale Hearing by sending a notice (the "Sale Notice"), substantially in the form attached as Exhibit B to this Motion to (i) all entities reasonably known to have expressed an interest in a transaction with respect to the Assets during the past nine (9) months, (ii) the attorneys general for all states in which Purchased Assets are located, all federal and state taxing authorities, including (without limitation) the SEC, the EPA, state environmental protection agencies, the IRS, and the Department of Labor and similar state labor or employment agencies, (iii) all parties entitled to notice pursuant to Local Rule 2002-1(b), (iv) counterparties under all Assumed Agreements with NN CALA (the "Counterparties"), and (v) all known or potential creditors of NN CALA.

b. The Debtors shall, no later than **July 21, 2009**, serve an individual notice substantially in the form attached hereto as Exhibit C (the "Assumption Notice") by overnight mail and/or via facsimile or electronic transmission on each Counterparty under each Assumed Agreement with NN CALA (and its attorney, if known) at the last known address available to the Debtors. Each Assumption Notice shall set forth the following information: (i) the name and address of the Counterparty, (ii) notice of the proposed effective date of the assumption and assignment, (iii) identification of the Assumed Agreement, (iv) the amount, if any, determined by the Debtors to be necessary to be paid to cure any existing default in accordance with sections 365(b) and 365(f)(2) of the Bankruptcy Code (the "Cure Amount"), and (v) a description of the Purchaser and a statement as to the Purchaser's ability to perform NN CALA's obligations under the Assumed Agreements.

c. For Assumed Agreements with NN CALA other than Customer Contracts, the Debtors shall file with the Court a master notice of assignment of contracts that sets forth: (i) the name and address of each Counterparty, (ii) notice of the proposed effective date of the assumptions and assignments, (iii) a description of each Assumed Agreement with NN CALA, and (iv) the Cure Amount, if any. For Customer Contracts with NN CALA, the Debtors shall file under seal with the Court and deliver to (i) counsel to the Purchaser, (ii) the U.S. Trustee, (iii) counsel to the Monitor, (iv) counsel to the Committee, and (v) counsel to the Bondholder Group, a master notice of assignment of contracts that sets forth: (i) the name and address of each Counterparty, (ii) notice of the proposed effective date of the assumptions and assignments, (iii) a description of each Assumed Agreement with NN CALA, and (iv) the Cure Amount, if any, as well as an affidavit confirming that Assumption Notices have been sent to each counterparty to a Customer Contract with NN CALA.

***Deadlines***

d. To the extent that any Counterparty wishes to object to any matter pertaining to the proposed assumption and assignment of the Assumed and Assigned Contracts by NN CALA, or the proposed assumption and sublease of the Assumed and Subleased Real Estate Leases by NN CALA, including without limitation to the proposed Cure Amount and the adequate assurance of future performance by the Purchaser under the applicable Assumed Agreement with NN CALA, then such Counterparty must file a written objection with the Court in accordance with the General Objection Procedures so that such objection is received by no later than **July 27, 2009 at 4:00 p.m. (ET)**.

e. All objections to the relief requested in the Sale Motion as it relates to NN CALA must be: (a) in writing; (b) signed by counsel or attested to by the objecting party; (c) in conformity with the Bankruptcy Rules and the Local Rules, (d) filed with the Clerk of the Bankruptcy Court, 824 Market Street, Wilmington, Delaware 19801 by no later than **July 27, 2009 at 4:00 p.m. (ET)**.

***Requests for Adequate Assurance***

f. Any Counterparty that wishes to obtain adequate assurance information regarding bidders other than the Purchaser that will or may participate at the Auction, and to which the Debtors may ultimately elect, at the conclusion of the Auction, to assume and assign or assume and sublease the Assumed Agreements, must provide written notice (a "Request for Adequate Assurance") so that such notification is actually received on or before **July 22, 2009 at 4:00 p.m. (ET)**. The Request for Adequate Assurance must include an email and/or fax number and a contact person to whom a response to such information request will be sent. If a Counterparty timely submits a Request for Adequate Assurance, the Debtors shall provide such Counterparty with any non-confidential information reasonably related to adequate assurance received by the Debtors from such other bidder(s) by email or fax delivery on **July 23, 2009**. If a bidder other than the Purchaser is the Successful Bidder at the end of the Auction, the Debtors shall notify all Counterparties that filed a Request for Adequate Assurance of the name of the Successful Bidder as soon thereafter as practicable, and those Counterparties shall be permitted to file objections to the adequate assurance of future performance by such Successful Bidder. Such supplemental objections must be filed by **July 27, 2009 at 4:00 p.m. (ET)**.

***The Debtors propose that all other relief, including without limitation, all deadlines, all reservations of rights and the General Objection Procedures for serving objections set forth in***

***the Sale Motion and Bidding Procedures Order will remain the same with respect to NN CALA***. Copies of the Sale Motion, the Agreement, the Bidding Procedures Order and the proposed Sale Order may be examined by interested parties between the hours of 8:00 a.m. and 4:00 p.m. (ET) at the office of the Clerk of the Court, 824 Market Street, Wilmington, Delaware 19801, or by appointment during regular business hours at the offices of the Debtor's attorneys: Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attention: James L. Bromley and Lisa M. Schweitzer. Additionally, copies of these documents may be downloaded from the Court's docket at www.deb.uscourts.gov and from the website of the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC, at http://chapter11.epiqsystems.com/nortel.

**Basis for Relief Requested**

18. Section 105(a) of the Bankruptcy Code provides this Court with the power to grant the relief requested herein by the Debtors. Section 105(a) of the Bankruptcy Code states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Under Section 105(a) of the Bankruptcy Code, the Court has broad equitable powers. *See* In re Combustion Engineering, Inc., 391 F.3d 190, 236 (3d Cir. 2004) (noting that section 105(a) of the Bankruptcy Code "has been construed to give a bankruptcy court 'broad authority' to provide equitable relief appropriate to assure the orderly conduct of reorganization proceedings."); In re VII Holdings Co., 362 B.R. 663, 668 (Bankr. D. Del. 2007) (BLS) (noting that "[s]ection 105(a) bestows broad equitable powers on the Court.") (*citing* In re Combustion Engineering, Inc., 391 F.3d 190, 236 (3d Cir. 2004)). Joinder of NN CALA in the Sale Motion will further a seamless process for the approval of the sale of the Debtors' Assets, including NN CALA's assets.

19. NN CALA requires the protections and authorizations that this Court granted the Original Debtors through the Bidding Procedure Order and that the Original Debtors have requested through the Sale Motion in order to proceed with its chapter 11 case in an orderly manner and to maintain its ability to reorganize successfully. If the Motion is not granted, NN CALA will separately seek essentially the same substantive relief granted in the Bidding Procedure Order and the Sale Motion. Therefore, entry of an order directing that the Bidding Procedure Order and the Sale Motion be made applicable to NN CALA will eliminate the need for duplicative notices, motions, applications and orders to be filed in NN CALA's chapter 11 case. Furthermore, had NN CALA filed its chapter 11 petition at the same time as the Original Debtors, NN CALA would have been a movant with respect to the Bidding Procedure Order and the Sale Motion.

20. With the changes to the Sale Motion and Bidding Procedures Order proposed above, the Debtors submit that, under the circumstances of this case, the notice period proposed satisfies the requirements of the Bankruptcy Rules, see Bankruptcy Rule 2002, and provides sufficient time and notice for parties in interest to submit objections to the proposed sale, particularly in light of the publication of the Publication Notice in the The Wall Street Journal (National Edition) on July 6, 2009 [D.I. 1051] and The Globe & Mail (National Edition) on July 6, 2009 [D.I. 1052], the relative size of NN CALA's assets subject to the sale and auction process, and the overlap between creditors and parties in interest of NN CALA and the Original Debtors. Furthermore, the Debtors believe that the modifications to the Sale Motion and Bidding Procedures Order will provide Counterparties with sufficient notice and time to object to the assumption and assignment or sublease of their contracts with NN CALA, and the related Cure Amount, if any.

21. For the reasons set forth in the Bidding Procedure Order and the Sale Motion, the Debtors believe that the relief requested herein is appropriate to carry out the provisions of the Bankruptcy Code. Furthermore, courts have authorized similar procedures in other complex chapter 11 cases like this one in this and other districts. *See e.g.,* In re DBSI, Inc., Case No. 08-12687 (PJW) (Bankr. D. Del. Jan. 7, 2009); In re SemCrude, L.P., Case No. 08-11525 (BLS) (Bankr. D. Del. Nov. 6, 2008); In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Sept. 17, 2008); In re WorldCom, Inc., Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. Nov. 26, 2002). Accordingly, the Debtors submit that the relief requested is in the best interests of the Debtors, their estates, their creditors and all other parties in interest.

22. Bankruptcy Rule 6003(b) provides that "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 20 days after the filing of the petition, grant relief regarding . . . a motion to use, lease or otherwise incur an obligations regarding property of the estate, including a motion to pay all or part of a claim that arose before filing of the petition . . . ." As set forth above, the Debtors submit that because the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors for the reasons set forth herein, Bankruptcy Rule 6003(b) has been satisfied.

23. To successfully implement the foregoing, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the ten-day stay under Bankruptcy Rule 6004(h).

**Notice**

24. Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) U.S. Trustee; (ii) the Committee; and (iii) the Bondholder Group; (iv) the Counterparties; and (v) the general service list established in the Debtors' chapter

11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

**No Prior Request**

25. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: July 17, 2009
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*