**EXHIBIT C**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
              Debtors. : Jointly Administered
:
:
:
------------------------------------------------------------- X

## NOTICE OF DEBTORS' REQUEST FOR AUTHORITY TO ASSUME AND ASSIGN CERTAIN CONTRACTS AND TO ASSUME AND SUBLEASE CERTAIN UNEXPIRED LEASES

**PLEASE TAKE NOTICE THAT:**

      On July 14, 2009, Nortel Networks (CALA) Inc. ("NN CALA") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On July 17, 2009, the Bankruptcy Court entered an Order to Have Previously-Entered Orders as Supplemented Govern Nortel Networks (CALA) Inc. Prospectively [D.I. 1099]. In connection with the Debtors' Motion for Orders (I)(A) Authorizing Debtors' Entry into the Asset Sale Agreement (the "Agreement"), (B) Authorizing and Approving the Bidding Procedures, (C) Authorizing and Approving a Break-Up Fee and Expense Reimbursement, (D) Approving the Notice Procedures, (E) Approving the Assumption and Assignment Procedures, (F) Authorizing the Filing of Certain Schedules under Seal, and (G) Setting a Date for the Sale Hearing, and (II) Authorizing and Approving (A) the Sale of Certain of Debtors' CDMA and LTE Assets Free and Clear of All Liens, Claims and Encumbrances, (B) the Assumption and Assignment of Certain Contracts, and (C) the Assumption and Sublease of Certain Leases [D.I. 931] (the "Initial Sale Motion") and Debtors' Motion to Apply the Previously-Entered Bidding Procedures Order and Sale Motion, as Supplemented, to Nortel Networks (CALA) Inc. Prospectively (the "CALA Sale Motion," together with the Initial Sale Motion, the "Sale Motion"), Nortel Networks Inc. ("NNI"), NN CALA and certain of their affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby provide notice of their intent to assume and assign or assume and sublease, pursuant to sections 363 and 365 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), certain agreements to which the Debtors are a party, including at least one

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

or more such agreements to which the Debtors believe you or your predecessor in interest are a party, which agreements are identified in Schedule A hereto (singularly or collectively, the "Scheduled Agreements"). Nothing contained in this notice is to be construed as an admission by the Debtors as to the character of any document denominated as an agreement, as an executory contract or unexpired lease, or to the rights of any parties thereto. The sale of the CDMA and LTE assets (together, the "Assets") and assumption and assignment or assumption and sublease of the Scheduled Agreements will take place pursuant to an order of the Bankruptcy Court (the "Bidding Procedures Order"), entered on June 30, 2009 [D.I. 1012], as extended by a further order of the Bankruptcy Court entered on July [20], 2009 [D.I. ___ ] (the "CALA Order") to apply to the Scheduled Agreements to which NN CALA is a party. Capitalized terms not otherwise defined in this notice shall have the meaning ascribed to such terms in the Sale Motion.

The Auction and Sale Procedures. As described in the Sale Motion, the Debtors and certain of their affiliates (the "Sellers") are conducting an auction and sale of the Assets and assumption and assignment of the Scheduled Agreements. The Sellers have been in discussions with possible buyers, and have selected Nokia Siemens Networks B.V. ("Nokia Siemens Networks" or the "Stalking Horse Bidder") to be the initial bidder in the auction. This means that although the bidding process will be open to other bidders, in compliance with the Federal Rules of Bankruptcy Procedure and the Bankruptcy Code, the Sellers have entered into a binding purchase agreement with the Stalking Horse Bidder, who has agreed to purchase the Assets on the terms set forth in the Agreement, unless a higher and better offer is received, accepted by the Sellers and approved by the Bankruptcy Court, the Canadian Court and any other applicable court(s) whose approval is required.

Conditions to Effectiveness of Assumption and Assignment or Sublease. By the Sale Motion, the Debtors are seeking authority to assume the Scheduled Agreements, to assign to the Successful Bidder for the Debtors' assets (the "Purchaser") those Scheduled Agreements that are executory contracts, and to sublease to the Purchaser those Scheduled Agreements that are unexpired leases. The assumption and assignment or sublease of the Scheduled Agreements shall be effective upon the closing (the "Closing Date") of the sale to the Purchaser as determined through a competitive bid and auction process, pursuant to the terms of the Agreement, including that any assumption of an unexpired lease that is a Scheduled Agreement shall be conditioned upon receipt of any necessary consents to a sublease of such Scheduled Agreement. Only the Scheduled Agreements ultimately identified as of the Closing Date under the relevant purchase agreement will be assumed and assigned or subleased. Except as set forth in the Agreement, the Purchaser has not agreed to pay, shall not be required to assume, and shall have no liability or obligation with respect to, any liability or obligation, direct or indirect, absolute or contingent, of the Debtors, including any liabilities or obligations associated with the Scheduled Agreements arising on or before closing.

About Nokia Siemens Networks. Nokia Siemens Networks is a joint venture between Nokia Corporation and Siemens AG, consolidated by Nokia Corporation, which combines Nokia Corporation's former Networks business with Siemens AG's former carrier-related operations for fixed and mobile networks. Nokia Siemens Networks provides wireless and fixed network infrastructure, communications and networks service platforms, as well as professional services to operators and service providers. As of December 31, 2008, Nokia Siemens Networks had approximately 60,000 employees, more than 600 operator customers in over 150 countries, and

networks serving more than 1.5 billion people. It is positioned second in the market for wireless networks and operator services, and third in the market for wireline networks. Furthermore, Nokia Siemens Networks has experience in the field of 3G technology, having secured 3G radio access deals globally. Additional information regarding Nokia Siemens Networks is available Annual Report of Nokia Corporation for the fiscal year ended December 31, 2008 as filed with the Securities and Exchange Commission on Form 20-F, and on the Nokia Siemens Networks website at http://www.nokiasiemensnetworks.com.

Requests for Adequate Assurance. Any party to an agreement with NN CALA that is scheduled to be assumed and assigned or subleased (each a "Counterparty") that wishes to obtain adequate assurance information regarding other bidders that will or may participate at the Auction (other than Nokia Siemens Networks) must notify counsel to the Debtors at the address listed below (a "Request for Adequate Assurance") so that such notification is actually received on or before **July 22, 2009 at 4:00 p.m. (ET)**. The Request for Adequate Assurance must include an email and/or fax number and a contact person to whom a response to such information request will be sent. If a Counterparty timely submits a Request for Adequate Assurance, the Debtors shall provide such Counterparty with any non-confidential information reasonably related to adequate assurance received by the Debtors from such other bidder(s) by email or fax delivery on **July 23, 2009**. If a bidder other than Nokia Siemens Networks is the Successful Bidder at the end of the Auction, the Debtors shall notify all Counterparties that filed a Request for Adequate Assurance of the name of the Successful Bidder as soon thereafter as practicable, and those Counterparties shall be permitted to file objections to the adequate assurance of future performance by such Successful Bidder. Such objections must be filed by **July 27, 2009 at 4:00 p.m. (ET)**.

Cure. In connection with the assignment of a contract pursuant to the Bankruptcy Code, any outstanding monetary obligations owed by the Debtors must be cured. The amount the Debtors believe is required to cure any default under the Scheduled Agreements ("Cure Amount") is listed on Schedule A attached hereto. Notwithstanding anything to the contrary herein, any nondebtor party will be deemed to have received Adequate Assurance of future performance as required by section 365 of the Bankruptcy Code if the Debtors, after payment of any Cure Amounts, would no longer have any payment or delivery obligations under an Assumed Contract. Objections by any Counterparty to the Cure Amount must be filed by **July 27, 2009 at 4:00 p.m. (ET)**.

Objections. Pursuant to the CALA Order, objections, if any, to the assumption and assignment of the Scheduled Agreements **(including to the Cure Amounts)**, including without limitation any objection to the adequate assurance of future performance by the Purchaser under the applicable Scheduled Agreement, must be filed with the Court no later than **July 27, 2009 at 4:00 p.m. (ET)**, and notice of such objection must be: (a) in writing; (b) signed by counsel or attested to by the objecting party; (c) served on counsel to the Debtors: Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Fax: (212) 225-3999 (Attention: James L. Bromley and Lisa M. Schweitzer), and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, DE 19801, Fax: (302) 658-3989 (Attention: Derek C. Abbott), so that such objection is <u>actually received</u> no later than **July 27, 2009 at 4:00 p.m. (ET)** (the "Objection Deadline"); and (d) served so as to be received contemporaneously by the following: (i) counsel to the Purchaser: Skadden, Arps, Slate, Meagher & Flom LLP & Affiliates, Four Times Square, New York, New York 10036, Fax: (212) 735-2000 (Attention: N. Lynn Hiestand) and Skadden, Arps, Slate, Meagher & Flom LLP & Affiliates, One Rodney Square, P.O. Box 636, Wilmington, Delaware 19899, Fax: (302) 651-3000 (Attention: Sarah E.

3

Pierce and Gregg M. Galardi), (ii) counsel to the Committee: Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Fax: (212) 872-1002 (Attention: Fred S. Hodara, Stephen Kuhn and Kenneth Davis) and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attention: Christopher M. Samis), and (iii) counsel to the Bondholder Group: Milbank, Tweed, Hadley & McCloy, One Chase Manhattan Plaza, New York, New York 10006, Fax: (212) 822-5735 (Attention: Roland Hlawaty). Any such notice must specify the grounds for such objection. Pursuant to the Bidding Procedures Order, only those objections made in compliance with the foregoing requirements will be considered by the Court at the Sale Hearing.

*To the extent that any Counterparty does not timely serve an objection as set forth above, such Counterparty will be (i) deemed to have consented to such Cure Amounts, if any, and to the assumption and assignment or assumption and sublease of the applicable Assumed Contract; (ii) bound by such Cure Amounts, if any; (iii) deemed to have agreed that the Purchaser or any Successful Bidder has provided adequate assurance of future performance within the meaning of Bankruptcy Code section 365(b)(1)(C); (iv) deemed to have agreed that all defaults under the Assumed and Assigned Contracts arising or continuing prior to the effective date of the assignment have been cured as a result or precondition of the assignment, such that the Purchaser or any Successful Bidder or the Debtors shall have no liability or obligation with respect to any default occurring or continuing prior to the assignment, and from and after the date of the assignment the Assumed Contract shall remain in full force and effect for the benefit of the Purchaser or any Successful Bidder and the Counterparty in accordance with its terms; (v) deemed to have waived any right to terminate the Assumed Contract or designate an early termination date under the applicable Assumed Contract as a result of any default that occurred and/or was continuing prior to the assignment date; and (vi) deemed to have agreed that the terms of the Sale Order shall apply to the assumption and assignment or assumption and sublease of the applicable Assumed Contract.*

Reservation of Rights. To the extent that an objection by a Counterparty is not resolved prior to the Closing Date, the Debtors, in consultation with the Purchaser, may elect to (i) not assume and assign such Assumed and Assigned Contract or assume and sublease such Assumed and Subleased Real Estate Lease or (ii) postpone the assumption and assignment of such Assumed and Assigned Contract or the assumption and sublease of such Assumed and Subleased Real Estate Lease until the resolution of such objection.

Documents. Copies of the Sale Motion, the CALA Sale Motion, the Agreement, the Bidding Procedures Order and the CALA Order (including the Bidding Procedures approved by the Bankruptcy Court) may be examined by interested parties between the hours of 8:00 a.m. and 4:00 p.m. (ET) at the office of the Clerk of the Court, 824 Market Street, Wilmington, Delaware 19801, or by appointment during regular business hours at the offices of the Debtors' attorneys: Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attention: James L. Bromley and Lisa M. Schweitzer. Additionally, copies of the foregoing may be downloaded from the Court's docket at www.deb.uscourts.gov and from the website of the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC, at http://chapter11.epiqsystems.com/nortel.

Dates set forth in this notice are subject to change and further notice of such changes may not be provided except through announcements in open court and/or the filing of notices and/or amended agendas. Parties in interest are encouraged to monitor the electronic court docket and/or the noticing agent website for further updates.

Dated: July [20], 2009　　　　CLEARY GOTTLIEB STEEN & HAMILTON LLP
Wilmington, Delaware

James L. Bromley
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*

## SCHEDULE A

| Name and Address of Counterparty | Effective Date of Assumption and Assignment | Description of Assumed Agreement | Cure Amount |
|---|---|---|---|
| | | | |

NOTE: For the purposes of filing, this schedule has been intentionally left blank. Pursuant to the Assumption and Assignment Procedures as set forth in the Sale Motion, those parties whom the Debtors believe to be a party in interest to a Scheduled Agreement will receive an individualized Schedule A.