## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------X
                                :

*In re*                               :

Nortel Networks Inc., *et al.*,[1]     :

                  Debtors.    :

                                :

                                :

------------------------------------------------X

Chapter 11

Case No. 09-10138 (KG)

Joint Administration Pending

**RE: D.I. 1106**

## DEBTORS' MOTION UNDER 11 U.S.C. § 102(1) SHORTENING NOTICE RELATING TO DEBTORS' MOTION TO APPLY THE PREVIOUSLY-ENTERED BIDDING PROCEDURES ORDER AND SALE MOTION, AS SUPPLEMENTED, TO NORTEL NETWORKS (CALA) INC. PROSPECTIVELY

Nortel Networks (CALA) Inc. ("NN CALA"), Nortel Networks Inc. ("NNI") and certain

of their affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby

move this Court (the "Motion"), for the entry of an order substantially in the form attached

hereto as Exhibit A (the "Order"), pursuant to section 102(1) of title 11 of the United States Code

(the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules") (i) to permit consideration on shortened notice of Debtors' Motion (the "CALA

Motion") to apply the Debtors' Motion for Orders (I)(A) Authorizing Debtors' Entry into the

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Asset Sale Agreement, (B) Authorizing and Approving the Bidding Procedures, (C) Authorizing and Approving a Break-Up Fee and Expense Reimbursement, (D) Approving the Notice Procedures, (F) Authorizing the Filing of Certain Documents Under Seal and (G) Setting a Date for the Sale Hearing, and (II) Authorizing and Approving (A) the Sale of Certain Assets of Debtors' CDMA and LTE Business Free and Clear of All Liens, Claims and Encumbrances, (B) the Assumption and Assignment if Certain Contracts and (C) the Assumption and Sublease of Certain Leases (the "Sale Motion") [D.I. 931] and the Order Pursuant to Bankruptcy Code Sections 105, 363 and 365(A) Authorizing Debtors' Entry into the Asset Sale Agreement, (B) Authorizing and Approving the Bidding Procedures, (C) Authorizing and Approving a Break-Up Fee and Expense Reimbursement, (D) Approving the Notice Procedures, (E) Authorizing the Filing of Certain Documents Under Seal and (G) Setting a Date for the Sale Hearing (the "Bidding Procedures Order") [D.I. 1012] previously entered in the main proceeding with respect to the Original Debtors, to NN CALA as modified herein; and granting such other and further relief as the Court deems just and proper.  In support of the Motion, the Debtors rely on the Declaration of John Doolittle in Support of First Day Motions and Applications (the "First Day Declaration") [D.I. 3] as well as the Declaration of John Doolittle in Support of the Debtors' Motion to Have Previously–Entered Orders as Supplemented Govern Nortel Networks (CALA) Inc. Prospectively (the "Supplemental Doolittle Declaration") [D.I. 1074].  In further support of the Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 102(1) of the Bankruptcy Code, as supplemented by Bankruptcy Rules 9006 and Local Rule 9006-1(e).

## Background

**A.      Introduction**

3.      On January 14, 2009 (the "Original Petition Date"), Nortel Networks Inc. and certain of its affiliates (collectively, the "Original Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      Also on the Original Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors and NN CALA, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as court appointed Monitor in the Canadian Proceedings and as foreign

---

[2]      The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

representative for the Canadian Debtors (the "Monitor"), has filed petitions in this Court for

recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the

Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these

chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February

27, 2009, this Court entered an order recognizing the Canadian Proceedings as foreign main

proceedings under chapter 15 of the Bankruptcy Code. In addition, at 8 p.m. (London time) on

January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European

affiliates (collectively, the "EMEA Debtors")[3] into administration under the control of

individuals from Ernst & Young LLC (collectively, the "Joint Administrators"). On May 28,

2009, at the request of the Administrators, the Commercial Court of Versailles, France (Docket

No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel

Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA will

continue to operate as a going concern for an initial period of three months. In accordance with

the European Union's Council Regulation (EC) No 1346/2000 on Insolvency Proceedings, the

English law proceedings (the "English Proceedings") remain the main proceedings in respect of

NNSA. On June 8, 2009, Nortel Networks UK Limited ("NNUK") filed petitions in this Court

for recognition of the English Proceedings as foreign main proceedings under chapter 15 of the

Bankruptcy Code. On June 26, 2009, the Court entered an order recognizing the English

Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

---

[3]     The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A.,
Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel
Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks
B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel
Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks
Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

6.      On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Bankruptcy Rules that provided for the joint administration of the cases of the Original Debtors and for consolidation for procedural purposes only [D.I. 36].[4]

7.      On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142, 340]. An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

8.      On July 14, 2009 (the "CALA Petition Date"), NN CALA, an affiliate of NNI, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On July 15, NN CALA and the Debtors filed motions seeking (i) joint administration and consolidation of NN CALA's chapter 11 case with the Debtors' chapter 11 cases for procedural proposes [D.I. 1073], and (ii) the application to NN CALA of certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1074].

**B.      Debtors' Corporate Structure and Business**

9.      A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the First Day Declaration.

<u>Facts Relevant to this Motion</u>

10.      On June 19, 2009, the Original Debtors filed a motion seeking approval of the sale of certain assets and the assumption and assignment of certain contracts relating to their CDMA and LTE businesses (the "Assets") to Nokia Siemens Networks B.V., subject to the

---

[4]      All references to "D.I." refer to the docket for the chapter 11 cases of Nortel Networks, Inc., and its affiliates, jointly administered under case number 09-10138 (KG).

5

receipt of higher and better offers [D.I. 931]. This Court approved the Bidding Procedures Order on June 30, 2009 [D.I. 1012]. In addition to announcing the proposed Asset Sale Agreement with Nokia Siemens Networks B.V. (the "Agreement"), the Debtors have announced that they are advancing in discussions with external parties to sell other businesses. The Bidding Procedures Order sets forth certain deadlines and establishes certain dates in connection with the proposed sale of certain of the Debtors' Assets[5] as set forth in the Sale Motion.

11.    As described above, NN CALA filed for bankruptcy on July 14, 2009, after the Original Debtors had filed the Sale Motion and the Bidding Procedures Order had been entered. As part of the Bidding Procedures Order, this Court approved a timeline for the auction of Assets. In particular, an auction is scheduled to be held on July 24, 2009 at 9:30 a.m. (ET), and a hearing to approve the sale is scheduled to be held on July 28, 2009 at 1:00 p.m. (ET).

12.    Furthermore, as set forth in the Declaration of George Riedel in Support of the Sale Motion, the potential purchase price that could be realized through a sale of the Assets is likely to decline over time if the Assets remain unsold. While it is clear that the Assets have significant value, the full value of these Assets may not be realized if a sale is not consummated quickly. The Agreement requires an expeditious sale process and provides the Purchaser the right to terminate the Agreement if certain milestones in the sale process are not timely met. Given the exigencies of the sale, this Court heard the Sale Motion, and entered the Bidding Procedures Order, on an expedited basis. In light of this background, and the fact that NN CALA is a seller of certain Assets under the Agreement, the Debtors believe it is essential to ensure that this sale process can be completed as quickly as possible by applying the Bidding Procedures Order to NN CALA on an expedited basis.

---

[5] Capitalized terms not defined herein shall have the meaning ascribed to them in the Sale Motion.

**Relief Requested**

13.      By this Motion, the Debtors seek an order (i) shortening the notice period for

consideration of the CALA Motion filed contemporaneously with this Motion, and setting July

20, 2009 at 2:00 p.m. (ET) as the hearing date; (ii) setting July 20, 2009 at 2:00 p.m. (ET) as the

deadline to object to the CALA Motion; and (iii) granting them such other relief as the Court

deems just and proper.

**Basis for Relief Requested**

14.      Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on

written motion (served on all interested parties) specifying the exigencies justifying shortened

notice." Del. Bankr. L.R. 9006-1(e).  As set forth below, shortening notice is justified here.

15.      The Debtors respectfully submit that shortened notice is appropriate in this

instance because, as this Court has recognized in shortening notice to hear the Sale Motion,

approving a relatively short timeframe for the sale process and entering the Bidding Procedures

Order on an expedited basis, the expeditious sale of the Assets is critical to the maximization of

the value of the Debtors' assets and, in turn, to a recovery for the Debtors' estates.  NN CALA

requires the protections and authorizations that this Court granted the Original Debtors through

the Bidding Procedures Order and that the Original Debtors have requested through the Sale

Motion in order to proceed with its chapter 11 case in an orderly manner and to maintain its

ability to reorganize successfully.  If the Motion is not granted, NN CALA will separately seek

essentially the same substantive relief granted in the Bidding Procedure Order and the Sale

Motion. Therefore, entry of an order directing that the Bidding Procedure Order and the Sale

Motion be made applicable will eliminate the need for duplicative notices, motions, applications

and orders to be filed in NN CALA's chapter 11 case as well as save valuable time.

Furthermore, had NN CALA filed its chapter 11 petition at the same time as the Original Debtors, NN CALA would have been a movant with respect to the Bidding Procedure Order and the Sale Motion.

16.     For these reasons, the Debtors respectfully submit that allowing the motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

### Notice

17.     Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) U.S. Trustee; (ii) the Committee; and (iii) the Bondholder Group; and (iv) the general service list established in the Debtors' chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

### No Prior Request

18.     No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: July 17, 2009
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*

9