IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re*                                                    :   Chapter 11
                                                           :
                                                           :   Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                         :
                                                           :   Joint Administration Pending
                  Debtors.                                 :
                                                           :   **RE: D.I. 1106**
                                                           :
------------------------------------------------------------X

ORDER APPLYING THE PREVIOUSLY-ENTERED BIDDING
PROCEDURES ORDER AND SALE MOTION, AS SUPPLEMENTED, TO
NORTEL NETWORKS (CALA) INC. PROSPECTIVELY

Upon the motion dated, July 17, 2009 (the "Motion"),[2] of Nortel Networks (CALA) Inc. ("NN CALA"), Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (collectively with NN CALA, the "Debtors"), for entry of an order, as more fully described in the Motion, to have the Bidding Procedures Order and Sale Motion previously entered in the main proceeding govern NN CALA prospectively, as amended; and granting such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and the Court having determined that parties in interest will have sufficient notice and opportunity to object to the transaction proposed by the Sale Motion and the assumption and assignment or sublease of the Assumed Agreements; and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. That the Bidding Procedure Order and Sale Motion shall be made applicable to NN CALA's chapter 11 case (to the extent the relief granted in the Bidding Procedure Order and the relief sought in the Sale Motion are relevant to NN CALA) subject to the following amendments as they relate to NN CALA:

> *Notices*
> 
> a. The Debtors shall give notice, immediately after the entry of this Order (or as soon thereafter as reasonably practicable), of the Bidding Procedures, the time and place of the Auction, the time and place of the Sale Hearing, and the objection deadline for the Sale Hearing by sending a notice (the "Sale Notice"), substantially in the form attached as <u>Exhibit B</u> to the Motion to (i) all entities reasonably known to have expressed an interest in a transaction with respect to the Assets during the past nine (9) months, (ii) the attorneys general for all states in which Purchased Assets are located, all federal and state taxing authorities, including (without limitation) the SEC, the EPA, state environmental protection agencies, the IRS, and the Department of Labor and similar state labor or employment agencies, (iii) all parties entitled to notice pursuant to Local Rule 2002-1(b), (iv) counterparties under all Assumed Agreements with NN CALA (the "Counterparties"), and (v) all known or potential creditors of NN CALA.

b.  The Debtors shall, no later than **July 21, 2009**, serve an individual notice substantially in the form attached as <u>Exhibit C</u> to the Motion (the "Assumption Notice") by overnight mail and/or via facsimile or electronic transmission on each Counterparty under each Assumed Agreement with NN CALA (and its attorney, if known) at the last known address available to the Debtors. Each Assumption Notice shall set forth the following information: (i) the name and address of the Counterparty, (ii) notice of the proposed effective date of the assumption and assignment, (iii) identification of the Assumed Agreement, (iv) the amount, if any, determined by the Debtors to be necessary to be paid to cure any existing default in accordance with sections 365(b) and 365(f)(2) of the Bankruptcy Code (the "Cure Amount"), and (v) a description of the Purchaser and a statement as to the Purchaser's ability to perform NN CALA's obligations under the Assumed Agreements.

c.  For Assumed Agreements with NN CALA other than Customer Contracts, the Debtors shall file with the Court a master notice of assignment of contracts that sets forth: (i) the name and address of each Counterparty, (ii) notice of the proposed effective date of the assumptions and assignments, (iii) a description of each Assumed Agreement with NN CALA, and (iv) the Cure Amount, if any. For Customer Contracts with NN CALA, the Debtors shall file under seal with the Court and deliver to (i) counsel to the Purchaser, (ii) the U.S. Trustee, (iii) counsel to the Monitor, (iv) counsel to the Committee, and (v) counsel to the Bondholder Group, a master notice of assignment of contracts that sets forth: (i) the name and address of each Counterparty, (ii) notice of the proposed effective date of the assumptions and assignments, (iii) a description of each Assumed Agreement with NN CALA, and (iv) the Cure Amount, if any, as well as an affidavit confirming that Assumption Notices have been sent to each counterparty to a customer contract with NN CALA.

*Deadlines*

d.  To the extent that any Counterparty wishes to object to any matter pertaining to the proposed assumption and assignment of the Assumed and Assigned Contracts by NN CALA, or the proposed assumption and sublease of the Assumed and Subleased Real Estate Leases by NN CALA, including without limitation to the proposed Cure Amount and the adequate assurance of future performance by the Purchaser under the applicable Assumed Agreement with NN CALA, then such Counterparty must file a written objection with the Court in accordance with the General Objection Procedures so that such objection is received by no later than **July 27, 2009 at 4:00 p.m. (ET)**.

e.  All objections to the relief requested in the Sale Motion as it relates to NN CALA must be: (a) in writing; (b) signed by counsel or attested to by the objecting party; (c) in conformity with the Bankruptcy Rules and

the Local Rules, (d) filed with the Clerk of the Bankruptcy Court, 824 Market Street, Wilmington, Delaware 19801 by no later than **July 27, 2009 at 4:00 p.m. (ET)**.

*Requests for Adequate Assurance*

f. Any Counterparty that wishes to obtain adequate assurance information regarding bidders other than the Purchaser that will or may participate at the Auction, and to which the Debtors may ultimately elect, at the conclusion of the Auction, to assume and assign or assume and sublease the Assumed Agreements, must provide written notice (a "Request for Adequate Assurance") so that such notification is actually received on or before **July 22, 2009 at 4:00 p.m. (ET)**. The Request for Adequate Assurance must include an email and/or fax number and a contact person to whom a response to such information request will be sent. If a Counterparty timely submits a Request for Adequate Assurance, the Debtors shall provide such Counterparty with any non-confidential information reasonably related to adequate assurance received by the Debtors from such other bidder(s) by email or fax delivery on **July 23, 2009**. If a bidder other than the Purchaser is the Successful Bidder at the end of the Auction, the Debtors shall notify all Counterparties that filed a Request for Adequate Assurance of the name of the Successful Bidder as soon thereafter as practicable, and those Counterparties shall be permitted to file objections to the adequate assurance of future performance by such Successful Bidder. Such supplemental objections must be filed by **July 27, 2009 at 4:00 p.m. (ET)**.

3. All other relief, including without limitation, all deadlines, all reservations of rights and the General Objection Procedures for serving objections set forth in the Sale Motion and Bidding Procedures Order will remain the same with respect to NN CALA.

4. With respect to the Bidding Procedure Order and the Sale Motion, as they relate to NN CALA, the terms "Petition Date," "prepetition," and "postpetition" shall refer to July 14, 2009.

5. With respect to the Bidding Procedure Order and the Sale Motion, as they relate to NN CALA, the terms "Debtor" and "Debtors" shall mean NN CALA.

6. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its

entry, (ii) NN CALA is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) NN CALA may, in its discretion and without further delay, take any action and perform any act authorized under this Order.

7. The requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure are satisfied by the contents of the Motion or otherwise deemed waived.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: July 20, 2009
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE