## Exhibit K

**Form of Final Omnibus Notice**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
: 
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
              Debtors. : Jointly Administered
:
:
---------------------------------------------------------------X

**FINAL OMNIBUS NOTICE OF DEBTORS' REQUEST FOR AUTHORITY
TO ASSUME AND ASSIGN CERTAIN NON-CUSTOMER AGREEMENTS**

**PLEASE TAKE NOTICE THAT:**

    In connection with the Debtors' Motion for Orders (I)(A) Authorizing Debtors' Entry into the Asset and Share Sale Agreement, (B) Authorizing and Approving the Bidding Procedures, (C) Authorizing and Approving a Break-Up Fee and Expense Reimbursement, (D) Approving the Notice Procedures, (E) Approving the Assumption and Assignment Procedures, (F) Authorizing the Filing of Certain Documents Under Seal, and (G) Setting a Date for the Sale Hearing, and (II) Authorizing and Approving (A) the Sale of Certain Assets of, and Equity Interests in, Debtors' Enterprise Solutions Business, (B) the Assumption and Assignment of Certain Contracts and Leases and (C) the Assumption and Sublease of Certain Leases [D.I. [●]] (the "Sale Motion"), Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby provide notice of their intent to assume and assign, pursuant to sections 363 and 365 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), certain agreements to which the Debtors are a party, including at least one or more such agreements to which the Debtors believe you or your predecessor in interest are a party, which agreements are identified in Schedule A hereto (singularly or collectively, the "Scheduled Agreements"). Nothing contained in this notice is to be construed as an admission by the Debtors as to the character of any document denominated as an agreement, as an executory contract, or to the rights of any parties thereto. The sale of the Assets and assumption and assignment of the Designated Agreements will take place pursuant to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

an order of the Bankruptcy Court [D.I. ●] (the "Bidding Procedures Order"), entered on [●], 2009. Capitalized terms not otherwise defined in this notice shall have the meanings ascribed to such terms in the Sale Motion.

**PLEASE LOCATE YOUR NAME AND AGREEMENT(S) ON SCHEDULE A. IN COMPLIANCE WITH BANKRUPTCY RULE 6006(f)(2) THE SCHEDULE IS ORGANIZED ALPHABETICALLY EACH CORRESPONDING AGREEMENT ALONG WITH EACH COUNTERPARTY'S NAME.**

The Auction and Sale Procedures. As described in the Sale Motion, the Sellers (including the Debtors) have conducted an auction for the sale of the Assets and assignment of Designated Agreements. Upon the completion of the Auction, [●] ("[●]" or "Successful Bidder") was selected by the Sellers (including the Debtors) and the Sellers (including the Debtors) have entered into binding purchase agreements with the Successful Bidder, who has agreed to purchase the Enterprise Solutions Business on the terms set forth in those agreements, and such agreements have been approved by the Bankruptcy Court, the Canadian Court and any other applicable court(s) whose approval is required.

About [●]. [●]

Conditions to Effectiveness of Assumption and Assignment. By the Sale Motion, the Debtors have sought authority to assume and assign the Designated Agreements, including the Scheduled Agreements. The assumption and assignment of the Designated Agreements (including the Scheduled Agreements) shall be effective upon the closing (the "Closing Date") of the sale to the Purchaser as determined through a competitive bid and auction process, pursuant to the terms of the Agreement. Only the Scheduled Agreements ultimately identified as of the Closing Date under the Agreement will be assumed and assigned. Any Cure Amount still outstanding at the time of closing shall be paid to the appropriate Counterparty as a condition subsequent to assumption and assignment. Except as set forth in the Agreement, Purchaser has not agreed to pay, shall not be required to assume, and shall have no liability or obligation with respect to, any liability or obligation, direct or indirect, absolute or contingent, of the Debtors, including any liabilities or obligations associated with the Designated Agreements arising on or before closing.

Prior Notice; Cure Amounts. You have already received notice of the Debtors' intention to assume and assign the Scheduled Agreements ("Initial Notice"). In connection with the assumption of an executory contract or unexpired lease pursuant to the Bankruptcy Code, any outstanding monetary obligations owed by the Debtors must be cured. The Initial Notice specified the amount that the Debtors believe is required to cure any default under the Scheduled Agreements that resulted from defaults, if any, occurring prior to or on the date that is thirty (30) days prior to the service of the Initial Notice (the "Interim Cure Amount"). The primary purpose of this notice is to specify the amount that the Debtors believe is required to cure any default under the Scheduled Agreements that results from defaults, if any, that occurred after the date set forth in the Initial Notice (the "Tail Cure Amount").

To the extent that any Counterparty has not timely served an objection as set forth in the Initial Notice, such Counterparty has already been deemed to have (i) consented to the

assumption and assignment of the applicable Designated Agreement; (ii) agreed that the Purchaser has provided adequate assurance of future performance within the meaning of Bankruptcy Code section 365(b)(1)(C); (iii) consented to the Interim Cure Amount, if any; and (iv) agreed that the terms of the Bidding Procedures Order and the Sale Order shall apply to the assignment, subject only to the resolution of the Tail Cure Amount, if any.

Objections. Pursuant to the Bidding Procedures Order, objections, if any, to the Tail Cure Amount must be filed with the Court no later than **ten (10) days following service of this Notice**, and notice of such objection must be: (a) in writing; (b) signed by counsel or attested to by the objecting party; (c) served on counsel to the Debtors: Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Fax: (212) 225-3999 (Attention: James L. Bromley and Lisa M. Schweitzer) and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, DE 19801, Fax: (302) 658-3989 (Attention: Derek C. Abbott); so that such objection is actually received no later than **[●], 2009** (the "Objection Deadline"); and (d) served so as to be received contemporaneously by the following: (i) counsel to the Purchaser: Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Fax: (646) 728-1662 (Attention: Mark I. Bane and Anne H. Pak), (ii) counsel to the Committee: Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Fax: (212) 872-1002 (Attention: Fred S. Hodara, Stephen Kuhn and Kenneth Davis) and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attention: Christopher M. Samis), and (iii) counsel to the Bondholder Group: Milbank, Tweed, Hadley & McCloy, One Chase Manhattan Plaza, New York, New York 10006, Fax: (212) 822-5735 (Attention: Roland Hlawaty). Any such notice must specify the grounds for such objection. Pursuant to the Bidding Procedures Order, only those objections made in compliance with the foregoing requirements will be considered by the Court.

***To the extent that any Counterparty does not timely serve an objection as set forth above, such Counterparty will be deemed to consent to the Tail Cure Amount.***

Upon filing of an objection by a Counterparty, the Debtors will initiate a meeting or teleconference with the objecting Counterparty and the Purchaser to consensually resolve any timely served objection. If the Debtors, the Purchaser and the Counterparty are unable to consensually resolve any timely served objection within fifteen (15) days ("Consensual Resolution Deadline"), the Debtors shall be required to respond to such objection within thirty (30) days after the Consensual Resolution Deadline.

Reservation of Rights. To the extent that an objection by a Counterparty is not resolved prior to the Closing Date, the Debtors, in consultation with the Purchaser or the Successful Bidder, may elect to (i) not assume and assign such Designated Agreement or (ii) postpone the assumption and assignment of such Designated Agreement until the resolution or adjudication of such objection.

Documents. Copies of the Sale Motion, the Agreement, and the Bidding Procedures Order (including the Bidding Procedures approved by the Bankruptcy Court) may be examined by interested parties between the hours of 8:00 a.m. and 3:00 p.m. (ET) at the office of the Clerk of the Court, 824 Market Street, Wilmington, Delaware 19801, or by appointment during regular business hours at the offices of the Debtors' attorneys: Cleary Gottlieb Steen & Hamilton LLP,

3

One Liberty Plaza, New York, NY 10006, Attention: James L. Bromley and Lisa M. Schweitzer. Additionally, copies of the foregoing may be downloaded from the Court's docket at www.deb.uscourts.gov and from the website of the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC, at http://chapter11.epiqsystems.com/nortel.

    Dates set forth in this notice are subject to change and further notice of such changes may not be provided except through announcements in open court and/or the filing of notices and/or amended agendas. Parties in interest are encouraged to monitor the electronic court docket and/or the noticing agent website for further updates.

Dated: _____, 2009
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*

4