IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
               Debtors. : Jointly Administered
:
:
------------------------------------------------------------X

**DEBTORS' MOTION FOR AN ORDER UNDER 11 U.S.C. § 102(1) SHORTENING NOTICE RELATING TO CERTAIN ELEMENTS OF DEBTORS' MOTION FOR ORDERS (I)(A) AUTHORIZING DEBTORS' ENTRY INTO THE ASSET AND SHARE SALE AGREEMENT, (B) AUTHORIZING AND APPROVING THE BIDDING PROCEDURES, (C) AUTHORIZING AND APPROVING A BREAK-UP FEE AND EXPENSE REIMBURSEMENT, (D) APPROVING THE NOTICE PROCEDURES, (E) APPROVING THE ASSUMPTION AND ASSIGNMENT PROCEDURES, (F) AUTHORIZING THE FILING OF CERTAIN DOCUMENTS UNDER SEAL, AND (G) SETTING A DATE FOR THE SALE HEARING, AND (II) AUTHORIZING AND APPROVING (A) THE SALE OF CERTAIN ASSETS OF, AND EQUITY INTERESTS IN, DEBTORS' ENTERPRISE SOLUTIONS BUSINESS, (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS AND LEASES AND (C) THE ASSUMPTION AND SUBLEASE OF CERTAIN LEASES**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this court (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to section 102(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) to permit consideration on shortened notice of certain elements (the "Bidding Procedures") of Debtors' Motion (the "Sale Motion")[2] for Orders (i)(a) authorizing the Debtors' entry into that certain Asset and Share Sale Agreement dated as of July 20, 2009 among Nortel Networks Corporation ("NNC"), Nortel Networks Limited ("NNL"), NNI and certain other entities identified therein as Sellers (the "North American Sellers"), certain other entities defined therein as EMEA Sellers (the "EMEA Sellers" and, together with the North American Sellers, the "Sellers") and Avaya Inc. as purchaser (together with its designees, "Avaya" or the "Purchaser") for the sale of inter alia certain assets (including the stock of certain subsidiaries of the Debtors) of the Debtors' Enterprise Solutions Business as described therein as a "stalking-horse" purchase agreement (as appended to the Sale Motion as Exhibit A, the "Agreement"), (b) authorizing and approving the bidding procedures (as appended to the Bidding Procedures Order, the "Bidding Procedures") for the sale of substantially all of the assets (including the stock of certain subsidiaries of the Debtors) of the Enterprise Solutions Business of Nortel (collectively, the "Assets"), (c) authorizing and approving the terms and conditions of the Break-Up Fee and Expense Reimbursement (each as defined in the Sale Motion), (d) approving the form and manner of sale notices (the "Notice Procedures"), (e) approving the procedures as set forth in the Sale Motion for the assumption and assignment of certain contracts and leases and the assumption and sublease of certain leases (the "Assignment Procedures"), (f) authorizing the Debtors to file certain documents under seal, and (g) setting the time, date and place of a hearing (the "Sale Hearing") to consider the sale of certain assets and equity interests relating to the Debtors' Enterprise Solutions Business (the "Sale Transaction")

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Sale Motion.

and the assumption and assignment, or assumption and sublease, as the case may be, of certain pre-petition executory contracts and unexpired leases of the Debtors; (ii) authorizing and approving (a) the sale of certain assets (including the stock of certain subsidiaries of the Debtors) of the Debtors' Enterprise Solutions Business, (b) the assumption and assignment of certain contracts and leases pursuant to section 365 of the Bankruptcy Code, and (c) the assumption of certain real estate leases pursuant to section 365 of the Bankruptcy Code, where a portion of the leased property shall be subleased to the Purchaser in accordance with the terms and conditions of such lease; and (iii) granting them such other relief as the Court deems just and proper. In support of this Motion, the Debtors rely on the Declaration of George Riedel in Support of the Sale Motion (the "Declaration"). In further support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory bases for the relief requested herein are sections 102(1) of the Bankruptcy Code, as supplemented by Bankruptcy Rules 9006 and Local Rule 9006-1(e).

### Background

**A.    Introduction**

3.    On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, except for Nortel Networks (CALA) Inc. ("NN CALA"), which filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009.

3

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. Also on the Petition Date, the Debtors' ultimate corporate parent NNC, NNI's direct corporate parent NNL (together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February 27, 2009, this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. In addition, at 8 p.m. (London time) on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration (the "EMEA Proceedings") under the control of individuals from Ernst & Young LLC (collectively, the "Joint

---

[3] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

4

Administrators"). On May 28, 2009, at the request of the Administrators, the Commercial Court of Versailles, France (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA will continue to operate as a going concern for an initial period of three months. In accordance with the European Union's Council Regulation (EC) No 1346/2000 on Insolvency Proceedings, the English law proceedings remain the main proceedings in respect of NNSA. On June 8, 2009, Nortel Networks UK Limited ("NNUK") filed petitions in this Court for recognition of the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On June 26, 2009, the Court entered an order recognizing the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

6. On January 15, 2009, this Court entered an order of joint administration pursuant to Bankruptcy Rule 1015(b) that provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36]. On July 17, 2009, this Court entered a further order of joint administration that provided for the joint administration of NN CALA's case with the pre-existing cases of its Debtor-affiliates [D.I. 1098].

7. On January 26, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142]. An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

**B.    Debtors' Corporate Structure and Business**

8.    A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases are set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3] (the "First Day Declaration").

<b><u>Relief Requested</u></b>

9.    By this Motion, the Debtors seek an order (i) shortening the notice period required for approval of the Bidding Procedures described in the Sale Motion filed contemporaneously with this Motion, and setting August 4, 2009 as the hearing date to consider approval of such Bidding Procedures (the "Bidding Procedures Hearing"); (ii) setting July 28, 2009 at 4 p.m. as the deadline to object to the Sale Motion; and (iii) granting them such other relief as the Court deems just and proper.

<b><u>Facts Relevant to this Motion</u></b>

10.    As set forth more fully in the Sale Motion, certain of the Debtors and the Sellers have entered into the Agreement pursuant to which the Sellers propose to sell certain assets, assume and assign certain contracts and assume and sublease certain unexpired leases relating to their Enterprise Solutions Business unit. Nortel's Enterprise Solutions business unit provides solutions for addressing the communication needs of large and small businesses globally across a wide variety of industries and governmental agencies by building new networks and transforming existing networks into more cost-effective, packet-based networks supporting data, voice and multimedia communications (the "Enterprise Solutions Business"). As set forth in the Riedel Declaration, Nortel is experiencing significant pressure on its businesses and facing customer demands on its cash resources, globally as well as on a regional basis. As a result, Nortel has to make difficult decisions in respect of product development across many product lines and businesses.

11. Increasingly, Nortel has discovered that the potential purchase price that could be realized through a sale of the Assets is likely to decline over time if the Assets remain unsold. While it is clear that the Assets have significant value, the full value of these Assets may not be realized if a sale is not consummated quickly.

12. The Debtors entered into the Agreement after robust marketing efforts and negotiations with multiple interested parties. As a result, the Debtors believe that the Agreement, along with the EMEA Agreement (collectively, the "Purchase Agreements"), represent the best deal available for the purchase of the Assets. The Purchase Agreements require an expeditious sale process and provide the Purchaser the right to terminate the Agreement if certain milestones in the sale process are not timely met.

13. In light of this background and the various Antitrust Approvals that will be required prior to the consummation of the Transaction, the Debtors believe it is essential to commence this sale process as quickly as possible. In addition, section 9.1(b)(i) of the Agreement requires that the Court enter the Bidding Procedures Order no later than thirty (30) days from the date of the Agreement. As a result, given the Court's schedule, the already established omnibus hearing dates and the requirements of the Agreement, the Debtors respectfully request that the Court set August 4, 2009 as the date for the Bidding Procedures Hearing.

## Basis for Relief Requested

14. Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). As set forth below, shortening notice is justified here.

15. The Debtors respectfully submit that shortened notice is appropriate in this instance because the expeditious sale of the Assets is critical to the maximization of the value of the Debtors' Assets and, in turn, to a recovery for the Debtors' estates. Therefore, the Debtors believe that a hearing on the Sale Motion on shortened notice is in the best interests of the Debtors' estates and creditors.

16. The Debtors have consulted with the Committee about the relief sought in this Motion and in the Sale Motion, and understand that the Committee has no objection to the relief being sought in this Motion. The Debtors have also consulted with the Monitor, who is seeking a similar timeline for the sale process in the Canadian Proceedings.

17. For these reasons, the Debtors respectfully submit that allowing the Sale Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

## Notice

18. Notice of the Motion is being given via facsimile, electronic transmission, hand delivery or overnight mail to (i) counsel to the Purchaser; (ii) the U.S. Trustee; (iii) the Monitor; (iv) counsel to the Committee; (v) counsel to the Bondholder Group; (vi) the Department of Justice; and (vii) the general service list established in these chapter 11 cases pursuant to Bankruptcy Rule 2002. The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

19. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: July 20, 2009
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_/s/ Ann Cordo_
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*