IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
:
:
---------------------------------------------------------X

## STATEMENT OF HUNTON & WILLIAMS LLP PURSUANT TO FED. R. BANKR. P. 2014 AND ORDER AUTHORIZING DEBTORS TO EMPLOY, RETAIN AND COMPENSATE PROFESSIONALS IN THE ORDINARY COURSE

Barbara P. Alonso being duly sworn, upon her oath, deposes and says:

1. I am Counsel of Hunton & Williams LLP, located at 1111 Brickell Avenue, Suite 2500, Miami, Florida 33131 (the "Firm").

2. The Firm has been retained by the above-captioned Debtors (the "Debtors") pursuant to the Order Authorizing the Retention and Payment of Professionals Utilized in the Ordinary Course *nunc pro tunc* to the Petition Date, dated February 5, 2009 (D.I. 236) (the "Order") to provide services to the Debtors.

3. The nature and scope of the services to be provided to the Debtors by the Firm are: advice regarding general corporate issues. The Firm also provides legal services to Nortel Networks Limited ("NNL"), a Canadian affiliate of the Debtors, in connection with

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[New York #2003455 v1]

intellectual property owned by NNL. The Firm has been instructed to direct all of its bills for these intellectual property related matters to NNL, and NNL has been paying those bills. As NNL is not a Debtor in these proceedings, the Firm is not seeking the Court's approval as an ordinary course professional with respect to these services, but is disclosing this relationship out of an abundance of caution.

4. Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, the Firm hereby confirms that, to the best of its knowledge and belief based upon a search of its conflicts database for matters identifying any of the Debtors as a client, adverse party or non-adverse party, other than in connection with providing professional services to the Debtors and as otherwise disclosed herein, it does not have any current connection with the Debtors, the creditors, the United States Trustee, any person employed by the United States Trustee or any other party with an actual or potential interest in their chapter 11 cases or their respective attorneys or accountants.

5. Pursuant to the Order, the Firm hereby confirms that it does not represent any interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which the Firm is engaged.

6. The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to conducting these chapter 11 cases, for persons that are parties in interest in these chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be retained by the Debtors, claimants and parties in interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with conducting these chapter 11 cases or have any relationship with any

such person, their attorneys or accountants that would be adverse to the Debtors or their estates, except as follows:

      (a) With Nortel's consent, the Firm is representing Clarence Chandran, Sumitomo Corporation, and Hines Riverfront Plaza, L.P. in connection with their respective claims in the various Nortel bankruptcy proceedings.

      (b) With Nortel's consent, the Firm represents Nokia Siemens Networks in connection with a real estate transaction involving an asset purchase from Nortel Networks Corporation, a Canadian affiliate of the Debtors. While this is not directly adverse to the Debtors, the Firm is disclosing this relationship out of an abundance of caution.

None of these representations is adverse to the Debtors with respect to the matters on which the Firm has been engaged by the Debtors.

7. Neither I nor any principal, partner, director or officer of, or professional retained by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors, other than reimbursing disbursements or costs owed to third parties on account of services provided to the Debtors, with any other person other than the principal and regular employees of the Firm.

8. Neither I nor any principal, partner, director or officer of, or professional retained by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Firm is to be retained.

9. The Debtors do not owe the Firm any amounts for prepetition services. The Firm does, however, have a claim in the amount of approximately $66,000.00 against NNL for

[New York #2003455 v1]

intellectual property-related services the Firm performed on behalf of NNL prior to NNL's having filed for bankruptcy protection in Canada. The Firm intends to assert this claim in NNL's bankruptcy proceedings.

      10. At any time during the period of its retention, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 17, 2009

By: /s/ Barbara Alonso
BARBARA P. ALONSO

4