IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
                                                               :
                                                               :   Chapter 11
*In re*                                                        :
                                                               :   Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                             :
                                                               :
                    Debtors.                                   :   Jointly Administered
                                                               :
                                                               :   **RE: D.I. 236, 395**
                                                               :
---------------------------------------------------------------X

## SUPPLEMENTAL STATEMENT OF DAVID DEPPE PURSUANT TO FED. R. BANKR. P. 2014 AND ORDER AUTHORIZING DEBTORS TO EMPLOY, RETAIN AND COMPENSATE PROFESSIONALS IN THE ORDINARY COURSE

I, DAVID DEPPE, do hereby declare as follows:

1. I am an employee of Native Discovery Solutions, located at 15700 Mohawk Circle, Overland Park, Kansas, 66224 (the "Company").

2. On February 5, 2009, the Court entered the Order Authorizing the Retention and Payment of Professionals Utilized in the Ordinary Course *nunc pro tunc* to the Petition Date, dated February 5, 2009 [D.I. 236] (the "OCP Order")[2] to provide services to the above-captioned Debtors (the "Debtors").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc., (9769), Nortel AltSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the OCP Order.

[New York #2083614 v1]

3. Based on discussions with the Debtors at the commencement of these chapter 11 cases, the Company understood it was a provider of professional services that needed to comply with the procedures established in the OCP Order for the retention of Ordinary Course Professionals. In order to comply with the procedures established in the OCP Order, on March 2, 2009 the Company filed the Statement of David Deppe Pursuant to Federal Rule of Bankruptcy Procedure 2014 and Order Authorizing Debtors to Employ, Retain and Compensate Professionals in the Ordinary Course [D.I. 395] (the "Deppe 2014 Statement").

4. I submit this statement (the "Supplemental Deppe 2014 Statement") because since the commencement of these chapter 11 cases it has become clear to the Company that it is not the type of service provider whose retention is governed by the procedures established in the OCP Order. As set forth in the Deppe 2014 Statement, the Company provides the Debtors with project management, document hosting, eDiscovery services, production services, data storage, and litigation consulting services. The Company's litigation consulting services are limited to onsite data collection, computer forensic services, application of search terms, and data discovery strategy. The litigation consulting services to not include providing legal advice or strategy.

5. I understand that the Debtors also believe that the Company is not the type of service provider whose retention is governed by the procedures established in the OCP Order. I further understand that the Debtors will file a notice of the removal of Native Discovery Solutions from the list of Ordinary Course Professionals attached as Exhibit 1 to the OCP Order concurrently with the filing of this statement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 15, 2009

_____
DAVID DEPPE