**COPY**



STATE OF CALIFORNIA

## STATE BOARD OF EQUALIZATION

450 N STREET MIC: 55, SACRAMENTO, CALIFORNIA
(P. O. BOX 942879, SACRAMENTO, CA 94279-0055)
TELEPHONE (916) 322-8090
FAX (916) 327-0615
www.boe.ca.gov

July 14, 2009

BETTY T. YEE
First District, San Francisco

BILL LEONARD
Second District, Ontario/Sacramento

MICHELLE STEEL
Third District, Rolling Hills Estates

JUDY CHU, Ph.D.
Fourth District, Los Angeles

JOHN CHIANG
State Controller

RAMON J. HIRSIG
Executive Director

Attorney for Debtor:
Mr. Andrew R. Remming
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

*Account No. SR OHB 026-669388*

*United States Bankruptcy Court
District of Delaware
Chapter 11 Bankruptcy
Case No. 09-10138*  KG

Dear Mr. Remming:

The State Board of Equalization (Board) received a copy of the Motion for orders authorizing Debtors' entry into the Asset Sale Agreement.

The State Board of Equalization makes every reasonable effort to avoid unnecessary litigation in these matters. While the Board does not object the sale of business assets in general it is concerned with the proper reporting of sales tax due on the sale of fixtures and equipment in Bankruptcy proceedings and the common misapplication of sections 363(f) and 1146(a) of the Bankruptcy code.

Sales tax is due on fixtures and equipment sold in California subject to any allowed exclusions or exemptions. Bankruptcy Code Section 1146(a) is not an allowed exemption under the terms of the asset purchase agreement. The seller is responsible for reporting and paying the sales tax. The sales tax is incurred at the time of the sale. Please ensure your client files and pays the sales tax as required. Failure to report and pay the sales tax as required may result in the Board initiating an audit and issuing a notice of tax deficiency.

**In re: BOE v. Sierra Summit, Inc. (1989) 490 US 844, 104 L. Ed.2d 910** - the U.S. Supreme Court held that a nondiscriminatory tax on a bankruptcy liquidation sale was not barred by the now-discredited intergovernmental tax immunity doctrine, and that there was no longer any constitutional impediment to the imposition of a sales tax or a use tax on a Bankruptcy liquidation sale.

**In re: GST Telecom, Inc. (2002) US Dist. P78, 621 39 Bankr. Ct. Dec 75** - the Court found that Sales and Use Taxes are not Stamp or Similar Taxes and therefore are not exempted under section 1146 (c) now 1146(a).

Please confirm in writing that you have received this notice and whether or not your client intends to pay the sales tax as required.

If you have any questions I can be reached at (916) 322-8090. Thank for your cooperation.

Sincerely,

Julie M. Fong
Tax Compliance Specialist
Special Operations Branch

jmf:llc:Nortelnetworksinc.doc

cc:  United States Bankruptcy Court
     District of Delaware
     824 N. Market Street
     Wilmington, DE

     Nortel Networks Inc., et al
     2221 Lakeside Boulevard
     Richardson, TX 75082