**EXHIBIT B**

IN THE UNTIED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| Nortel Networks Inc. *et al.*,[1] ) | Case No. 09-10138 (KG) |
| ) | |
| ) | Jointly Administered |
| ) | |
| Debtors. ) | |

### SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This settlement agreement and mutual release (the "Settlement Agreement"), is entered into by and between SYNNEX Corporation, a Delaware corporation ("SYNNEX"), on the one hand, and Nortel Networks Inc. ("NNI"), a Delaware corporation, with offices at 2221 Lakeside Boulevard, Richardson, Texas, 75082, and its affiliates identified in Note 1 below (collectively, the "Debtors"), on the other (SYNNEX, together with the Debtors, the "Parties").

WHEREAS, on January 14, 2009, Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

WHEREAS, the Parties have engaged in informal discovery and have reviewed their respective books and records in an effort to reconcile any and all accounts receivable claims between the Parties arising out of or relating to the Stocking Distributor Agreement between the Parties effective on January 28, 2003 (hereinafter the "Stocking Distributor Agreement"),

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification numbers, are: Nortel Networks, Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

inclusive of any outstanding accounts receivable owed to the Debtors or NNI's parent, Nortel Networks Limited, by SYNNEX (such accounts receivable referred to hereinafter as "Outstanding A/R") pursuant to orders placed and accepted and/or other transactions occurring during the term of the Stocking Distributor Agreement; and

WHEREAS, the Parties have determined from such review and reconciliation that any and all Outstanding A/R arose out of transactions occurring in the territory of the United States, inclusive of the District of Columbia, and not with respect to any transactions that may have occurred in the territory of Canada; and

WHEREAS, the Parties desire to settle and resolve any and all claims arising out of or relating to the Outstanding A/R with respect to the Stocking Distributor Agreement (the "Claims") without the costs and risks associated with litigation.

IT IS HEREBY AGREED AND STIPULATED THAT:

1. Subject to the approval of this settlement by the Bankruptcy Court,[2] upon execution of this Settlement Agreement, in full and final settlement of all Claims that the Debtors have or may have against SYNNEX, SYNNEX agrees to pay NNI the aggregate sum of one million three hundred forty thousand five hundred nineteen and 77/100 US dollars ($1,340,519.77) (the "Settlement Amount"). NNI acknowledges the receipt of all the items of inventory from SYNNEX. The Settlement Amount shall be paid by check payable to "Nortel Networks Inc." and shall be delivered by overnight delivery to Bank of America, 3985 Collection Center Drive, Chicago, IL 60693, Phone: 800-376-8313, within five (5) business days after SYNNEX receives a filed, endorsed copy of the Bankruptcy Court order approving this settlement. SYNNEX hereby represents and warrants the good and marketable title to the

---

[2] The date of the approval of the Bankruptcy Court is hereinafter referred to as the "Effective Date."

2

inventory it returned to NNI and that the inventory is free and clear of all liens and encumbrances.

2.  On the Effective Date, SYNNEX waives, releases and withdraws any and all causes of action that it has or may have against the Debtors or their affiliates, subsidiaries and/or parent, or the present and former officers, agents and employees of each of the foregoing, arising out of or relating to the Claims. Upon satisfaction in full of SYNNEX's obligations set forth in paragraph 1 above, the Debtors waive, release and withdraw any and all causes of action that they have or may have against SYNNEX or its affiliates, subsidiaries and/or parents, or the present and former officers, agents and employees of each of the foregoing, arising out of or relating to the Claims. Notwithstanding the foregoing, nothing contained herein shall constitute or be deemed to constitute a waiver, release or withdrawal of the obligations of any Party under this Settlement Agreement or any claims related thereto or in any way affect Debtors' rights and remedies in the event of a breach of this Settlement Agreement by a Party.

3.  SYNNEX and the Debtors shall pay their own expenses, including attorneys' fees and litigation costs, incurred in connection with this matter or any matter within the scope of this Settlement Agreement; provided that in the event of a breach of this Settlement Agreement by a Party, the nonbreaching Party shall be entitled to seek recovery of its attorneys' fees, litigation costs and other costs incurred in connection with enforcement of this Settlement Agreement.

4.  This Settlement Agreement does not constitute an express or implied admission as to liability on any issue of fact or law.

5.  This Settlement Agreement records the complete understanding of the Parties regarding any and all Claims that the Parties have or may have against the other Parties, and supersedes any and all prior or contemporaneous statements or communications with respect to

the subject matter hereof, whether written or oral, all of which are merged into and survived solely by this Settlement Agreement.

6. This Settlement Agreement is and shall be governed by the laws of the state of Delaware. If any term or terms of this Settlement Agreement is held to be inoperative, invalid or void, the remainder shall be effective as if such term had not been contained herein and this Settlement Agreement shall be interpreted so as to best reasonably effectuate the intent of the Parties hereto.

7. Following execution of this Settlement Agreement, the Debtors shall seek Bankruptcy Court approval of this Settlement Agreement. The Bankruptcy Court shall retain jurisdiction over actions or proceedings based upon, including the enforcement of, this Settlement Agreement or any of its terms. The Parties shall be subject to the jurisdiction of the Bankruptcy Court for all purposes related to this Settlement Agreement.

8. This Settlement Agreement may be executed in counterparts, which shall be considered together as a single document. Faxed signatures or signatures emailed in portable document format (.pdf) shall be acceptable and deemed binding as if originals.

9. In the event this settlement is not approved by the Bankruptcy Court, the Parties reserve all of their rights and defenses and this proposed settlement shall not constitute an admission by any of the Parties.

WITNESS WHEREOF, SYNNEX and the Debtors, by their duly authorized representatives, having read, understood and voluntarily agreed to the Settlement Agreement execute it on the dates indicated.

Date: July 8, 2009	NORTEL NETWORKS INC.

By: _____
Claudio Morfe
Assistant Secretary
600 Technology Park Drive
m/s E6560403
Billerica, MA 01821
Tel: 978-288-8428
Fax: 978-288-5463

Date: July 7, 2009	SYNNEX CORPORATION

By: _____
~~Simon Y. Leung, Esq.~~ Steven L. Ritchie
~~General Counsel and Corporate Secretary~~ Corporate Counsel
44201 Nobel Drive
Fremont, California 94538
Tel: (510) 668-3668
Fax: (510) 668-3707

5