**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------------X

|                                              |     |                          |
|----------------------------------------------|-----|--------------------------|
| *In re*                                      |  :  | Chapter 11               |
|                                              |  :  |                          |
| Nortel Networks Inc., *et al.,*[1]           |  :  | Case No. 09-10138 (KG)   |
|                                              |  :  |                          |
|                      Debtors.                |  :  | Jointly Administered     |
|                                              |  :  |                          |
|                                              |  :  |                          |

-----------------------------------------------------------X

**STIPULATION OF SETTLEMENT OF
RECLAMATION DEMAND OF JDS UNIPHASE CORP.**

WHEREAS, on January 14, 2009, Nortel Networks Inc. (the "Debtor") and certain of its

affiliates filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code

(the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware;

WHEREAS, JDS Uniphase Corp. (the "Reclamation Claimant," and together with the

Debtor, the "Parties") sent a reclamation demand dated January 16, 2009 to the Debtor asserting

a reclamation demand in the amount of $5,208,860 (as such demand may have been

supplemented from time to time, the "Reclamation Demand");

WHEREAS, consistent with paragraph 9 of the Order Establishing Procedures for

Addressing Reclamation Demands Pursuant to Sections 105(a), 362, and 546(c) and Rule 9019

of the Federal Rules of Bankruptcy Procedure [D.I. 336] (the "Reclamation Procedures Order"),

the Debtor paid $2,034,623 to the Reclamation Claimant for the portion of the Reclamation

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Claimant's demand that relates to the goods identified on Exhibit 1 to the Reclamation

Procedures Order;

WHEREAS, pursuant to the Debtors' Reclamation Notice for JDS Uniphase Corp. [D.I.

473] (the "Reclamation Notice"), the Debtors asserted that the remainder of the Reclamation

Demand was invalid;

WHEREAS, the Reclamation Claimant filed the Objection of JDS Uniphase Corporation

to Debtors' Reclamation Notice for JDS Uniphase Corp. [D.I. 576] (the "Objection"), asserting

that $417,164 of goods remained validly subject to reclamation;

WHEREAS, pursuant to paragraph 2.g. of the Reclamation Procedures Order, the Parties

have met and conferred in good faith in an effort to resolve the Objection;

WHEREAS, given that overlap exists between the goods subject to the Reclamation

Demand that are in dispute and those goods for which the Reclamation Claimant intends to assert

a claim under § 503(b)(9) of the Bankruptcy Code, the Parties desire to resolve all such claims

simultaneously;

WHEREAS, the Debtor is prepared to settle the Reclamation Claimant's Reclamation

Demand with respect to the goods identified on the invoices listed on Exhibit 1 attached hereto

(the "Settlement Goods") in connection with the settlement of any and all remaining claims for

reclamation the Reclamation Claimant may have against the Debtors and in full resolution of the

Objection;

WHEREAS, the Debtor and the Reclamation Claimant wish to settle the Reclamation

Demand and all claims arising under § 503(b)(9) of the Bankruptcy Code in accordance with the

terms set forth in this Stipulation;

IT IS HEREBY AGREED AND STIPULATED THAT:

1.    Subject to the approval of this settlement through compliance with the notice and objection procedures set forth in the Reclamation Procedures Order, the Debtor agrees that the Reclamation Demand shall be allowed as follows:  (i) $2,034,623 already has been paid by NNI pursuant to the Reclamation Procedures Order; (ii) the Reclamation Claimant shall have an additional allowed reclamation claim against the Debtor in the amount of $208,787 and the Debtor shall pay $208,787 to the Reclamation Claimant (a) on or prior to twenty (20) days from the date of the Objection Deadline (as identified in the Notice of Proposed Settlement filed with the Bankruptcy Court), if no objection is filed prior to the Objection Deadline or (b) twenty (20) days following the date of entry by the Court of an order approving this settlement, if any objection is filed prior to the Objection Deadline and overruled.

2.    The Reclamation Claimant shall have an allowed administrative claim under 11 U.S.C. §503(b)(9) for the goods identified on the invoices listed on Exhibit 2 attached hereto (the "503(b)(9) Goods"), which is entitled to a priority under 11 U.S.C. §507(a)(2), in the amount of $9,330 (the "Allowed 503(b)(9) Claim") in NNI's chapter 11 case.

3.    The Allowed 503(b)(9) Claim shall be paid on the earlier of (i) a confirmed and effective plan in accordance with section 1129(a)(9)(A) of the Bankruptcy Code or as otherwise required by section 726 of the Bankruptcy Code, or (ii) such other date that 11 U.S.C. §503(b)(9) claimants, as a class, are paid; or (iii) such earlier time as agreed to by the parties or ordered by the Court.

4.      This settlement fully resolves the Reclamation Claimant's Reclamation Demand and any other claims for reclamation the Reclamation Claimant may have against any of the Debtors. The Parties agree that the remainder of the Reclamation Demand is invalid and is deemed disallowed.

5.      This settlement fully resolves any and all claims arising under 11 U.S.C. §503(b)(9) that the Reclamation Claimant may have against any of the Debtors.

6.      The Reclamation Claimant agrees that it has no further claims against the Debtor or its affiliates with respect to the goods identified on the invoices listed on Exhibits 1 and 2 attached hereto, whether under section 503(b)(9) of the Bankruptcy Code or otherwise, and hereby waives any such claims to the extent they may exist.

7.      Except as set forth in paragraphs 4 and 5 above, this settlement is without prejudice to any other claims that the Reclamation Claimant may have against the Debtor or its affiliates with respect to the goods referenced in the Reclamation Demand and not included in the Settlement Goods or the 503(b)(9) Goods (except that no claim for reclamation of such goods shall be allowed under section 546 of the Bankruptcy Code or any other applicable law, and no claim for such goods shall be allowed against the Debtors under section 503(b)(9) of the Bankruptcy Code), and any such claims are expressly preserved to the extent they may exist, and the Debtor and its affiliates preserve all such rights, defenses and counterclaims they may have.

8.      In the event this settlement is not approved pursuant to the Reclamation Procedures Order, the Parties reserve all of their rights and defenses with respect to the Reclamation Demand and all claims arising under §503(b)(9) of the Bankruptcy Code, and this proposed settlement shall not constitute an admission by the Debtor or its affiliates regarding the

validity of the Reclamation Demand or any claims arising under §503(b)(9) of the Bankruptcy Code or that the Debtor or its affiliates have any liability thereunder.

Dated: 27 July , 2009

Nortel Networks Inc.

By: GAURAV SAIN

Title: Leader, Semi Conductor Sourcing + Engineering .

JDS Uniphase Corp.

By: ALAN S. LOWE

Title: President, CCOP, JDSU

**EXHIBIT 1**

| Invoice | Date | Purchase Order |
|---|---|---|
| 290473889 | 1/12/2009 | 4503589458 |
| 290473889 | 1/12/2009 | 4503589458 |
| 290473889 | 1/12/2009 | 4503589458 |
| 290473889 | 1/12/2009 | 4503589458 |
| 290473889 | 1/12/2009 | 4503589458 |
| 290472949 | 12/25/2008 | 4503168637 |
| 290472949 | 12/25/2008 | 4503168637 |
| 290472998 | 12/26/2008 | 4503168637 |
| 290472998 | 12/26/2008 | 4503168637 |
| 290473328 | 1/5/2009 | 4503386036 |
| 290473329 | 1/5/2009 | 4503168637 |
| 290473329 | 1/5/2009 | 4503168637 |
| 290473939 | 1/13/2009 | 4503386036 |
| 290473939 | 1/13/2009 | 4503386036 |
| 290473939 | 1/13/2009 | 4503386036 |
| 290473939 | 1/13/2009 | 4503386036 |
| 290473939 | 1/13/2009 | 4503386036 |
| 290473939 | 1/13/2009 | 4503386036 |
| 290473939 | 1/13/2009 | 4503386036 |
| 290473939 | 1/13/2009 | 4503386036 |
| 290473939 | 1/13/2009 | 4503386036 |
| 290472943 | 12/25/2008 | 4503262038 |
| 290472943 | 12/25/2008 | 4503262038 |
| 290472943 | 12/25/2008 | 4503262038 |
| 290472943 | 12/25/2008 | 4503262038 |
| 290472999 | 12/26/2008 | 4503503368 |
| 290473033 | 12/26/2008 | 4503630899 |
| 290472608 | 12/23/2008 | 4503496770 |
| 290472050 | 12/19/2008 | 4503481314 |
| 290471930 | 12/18/2008 | 4503531752 |
| 290472227 | 12/21/2008 | 4503135430 |
| 290472227 | 12/21/2008 | 4503135430 |
| 290472227 | 12/21/2008 | 4503135430 |
| 290472227 | 12/21/2008 | 4503135430 |
| 290472227 | 12/21/2008 | 4503135430 |
| 290472227 | 12/21/2008 | 4503135430 |
| 290472227 | 12/21/2008 | 4503135430 |
| 290472227 | 12/21/2008 | 4503135430 |
| 290472355 | 12/22/2008 | 4503135430 |
| 290472355 | 12/22/2008 | 4503135430 |
| 290471323 | 12/17/2008 | 4503449187 |
| 290471323 | 12/17/2008 | 4503449187 |
| 290471323 | 12/17/2008 | 4503449187 |
| 290471323 | 12/17/2008 | 4503449187 |
| 290471323 | 12/17/2008 | 4503449187 |
| 290471323 | 12/17/2008 | 4503449187 |
| 290471527 | 12/15/2008 | 4503449187 |
| 290472213 | 12/21/2008 | 4503498513 |
| 290472182 | 12/21/2008 | 4503449188 |
| 290472182 | 12/21/2008 | 4503449188 |

| | | |
|---|---|---|
| 290472182 | 12/21/2008 | 4503449188 |
| 290472198 | 12/21/2008 | 4503463880 |
| 290472198 | 12/21/2008 | 4503463880 |
| 290472198 | 12/21/2008 | 4503463880 |
| 290472198 | 12/21/2008 | 4503463880 |
| 290472198 | 12/21/2008 | 4503463880 |
| 290472198 | 12/21/2008 | 4503463880 |
| 290472198 | 12/21/2008 | 4503463880 |
| 290472198 | 12/21/2008 | 4503463880 |
| 290472198 | 12/21/2008 | 4503463880 |
| 290472198 | 12/21/2008 | 4503463880 |
| 290472198 | 12/21/2008 | 4503463880 |
| 290471928 | 12/18/2008 | 4503503741 |
| 290471928 | 12/18/2008 | 4503503741 |
| 290471928 | 12/18/2008 | 4503503741 |
| 290471928 | 12/18/2008 | 4503503741 |
| 290470417 | 12/2/2008 | 4503498485 |
| 290471927 | 12/18/2008 | 4503498465 |
| 290471927 | 12/18/2008 | 4503498465 |
| 290470775 | 12/4/2008 | 4503486977 |
| 290471253 | 12/11/2008 | 4503506452 |
| 290471253 | 12/11/2008 | 4503506452 |
| 290471253 | 12/11/2008 | 4503506452 |
| 290471253 | 12/11/2008 | 4503506452 |
| 290471253 | 12/11/2008 | 4503506452 |
| 290471253 | 12/11/2008 | 4503506452 |
| 290471253 | 12/11/2008 | 4503506452 |
| 290471253 | 12/11/2008 | 4503506452 |
| *Total Amount to Pay:* | $ | 208,787 |

**EXHIBIT 2**

| Invoice | Date | Purchase Order |
|---|---|---|
| 290473149 | 12/29/2008 | 4503647580 |
| 290473327 | 1/5/2009 | 4503386039 |
| 290473418 | 1/6/2009 | 4503168639 |
| Allowed 503(b)(9) Claim | $ | 9,330.00 |