```
               UNITED STATES BANKRUPTCY COURT
                    DISTRICT OF DELAWARE

                                  .
IN RE:                            .    Chapter 11
                                  .
Nortel Networks, Inc.             .
et al.,                           .
                                  .
        Debtor(s).                .    Bankruptcy #09-10138 (KG)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

                         Wilmington, DE
                         June 26, 2009
                           3:00 p.m.


                  TRANSCRIPT OF OMNIBUS HEARING
               BEFORE THE HONORABLE KEVIN GROSS
                  UNITED STATES BANKRUPTCY JUDGE
```

**APPEARANCES:**

| | |
|---|---|
| For The Debtor(s): | Derek Abbott, Esq.<br>Morris Nichols Arsht<br>& Tunnell, LLP<br>1201 N. Market St.-18th Fl.<br>Wilmington, DE 19899 |
| | Ann C. Cordo, Esq.<br>Morris Nichols Arsht<br>& Tunnell, LLP<br>1201 N. Market St.-18th Fl.<br>Wilmington, DE 19899 |
| | Katherine Weaver, Esq.<br>Cleary Gottlieb Steen<br>& Hamilton, LLP<br>One Liberty Plaza<br>New York, NY 10006 |

| | |
|---|---|
| **For The Debtor(s), Joint:**<br>**Administrators and Foreign**<br>**Representatives for the**<br>**Foreign Debtor** | **Jaime Luton, Esq.**<br>**Young Conaway Stargatt & Taylor**<br>**The Brandywine Bldg.**<br>**1000 West Street-17th Fl.**<br>**Wilmington, DE 19801** |
| **For The Official Committee:**<br>**Of Unsecured Creditors** | **Chris Samis, Esq.**<br>**Richards Layton & Finger, PA**<br>**One Rodney Square**<br>**Wilmington, DE 19801** |
| **For DEKA Immobilien:**<br>**Investment GMBH** | **Stephen M. Miller, Esq.**<br>**Morris James, LLP**<br>**500 Delaware Ave.-Ste. 1500**<br>**Wilmington, DE 19801** |
| **For The U.S. Trustee:** | **Joseph J. McMahon, Jr., Esq.**<br>**U.S. Trustee's Office**<br>**844 King Street-Ste. 2313**<br>**Lock Box 35**<br>**Wilmington, DE 19801** |

**(Via telephone)**

| | |
|---|---|
| **For The Debtor(s), Joint:**<br>**Administrators and Foreign**<br>**Representatives for the**<br>**Foreign Debtor** | **David Albalah, Esq.**<br>**Bracewell & Giuliani**<br>**19th Fl.**<br>**1177 Ave, of the Americas**<br>**New York, NY 10036** |
| | **Dan Connolly, Esq.**<br>**Bracewell & Giuliani**<br>**19th Fl.**<br>**1177 Ave, of the Americas**<br>**New York, NY 10036** |
| **For Verizon Communications:** | **Sean Culka, Esq.**<br>**Arnall Golden & Gregory, LLP**<br>**171  17th St., NW**<br>**Atlanta, GA 30363** |
| **For E&Y, as Monitor:** | **Lisa Kraidin, Esq.**<br>**Allen & Overy, LLP**<br>**1221 Ave. Of the Americas**<br>**New York, NY 10020** |

3

|  |  |
|---|---|
| For Silver Lake Capital: | Anneliese H. Pak, Esq.<br>Ropes & Gray, LLP<br>One International Plaza<br>Boston, MA 02110 |
| Audio Operator: | Jennifer Pasierb |
| Transcribing Firm: | Writer's Cramp, Inc.<br>6 Norton Rd.<br>Monmouth Jct., NJ 08852<br>732-329-0191 |

**Proceedings recorded by electronic sound recording, transcript produced by transcription service.**

                                                                    4

1            THE CLERK:  Please rise.
2            THE COURT:  Good afternoon, everyone.  Please be
3   seated, and thank you.  Mr. Abbott --
4            MR. ABBOTT:  Good afternoon, Your Honor.
5            THE COURT:  -- it's good to see you, sir.
6            MR. ABBOTT:  Likewise, Your Honor.  Derek Abbott here
7   for the Nortel Debtors.  Your Honor, today should be quick and,
8   I think, without any controversy, I hope.  So --
9            THE COURT:  Okay.
10           MR. ABBOTT:  -- I'm gonna do one of the matters on
11  the agenda --
12           THE COURT:  I'm going to hold you to it, Mr. Abbott.
13           MR. ABBOTT:  What's that, Your Honor?
14           THE COURT:  You shouldn't promise things you can't
15  keep.
16           MR. ABBOTT:  I said I think.
17           THE COURT:  Okay, okay.
18           MR. ABBOTT:  I'm a lawyer; I always put weasel words
19  in everything I say, Judge.
20           THE COURT:  All right.
21           MR. ABBOTT:  But, Your Honor, Ms. Weaver, from Cleary
22  Gottlieb, is gonna run through the bulk of the agenda, and I'll
23  pick up the last item on the Punter Southall and Palisades
24  retentions, Your Honor.
25           THE COURT:  Excellent, thank you.

```
 1            MR. ABBOTT:  Thank you, Your Honor.
 2            THE COURT:  Thank you, Mr. Abbott.  Ms. Weaver, good
 3  to have you back.
 4            MS. WEAVER:  Thank you, Your Honor.  It's good to be
 5  back.  Kate Weaver from Cleary Gottlieb for the Nortel Debtors.
 6  As Mr. Abbott mentioned, we do have a very short agenda for you
 7  this morning.  We are looking forward to our joint hearing with
 8  Judge Morowitz on Monday.
 9            THE COURT:  He and I spoke about it a little bit this
10  morning, just the logistics.
11            MS. WEAVER:  Anxious anticipation, I hope.
12            THE COURT:  Yes.
13            MS. WEAVER:  We --
14            THE COURT:  And I know there's some -- there's a
15  little bit of a time delay, so I -- we just kind of talked to
16  one another about not, you know, falling into that little delay
17  problem.
18            MS. WEAVER:  Not crossing over each other too, too
19  much.
20            THE COURT:  Yes, yes.
21            MS. WEAVER:  So they wear neat costumes in Canada,
22  so --
23            THE COURT:  I'll look forward to it.
24            MS. WEAVER:  It's -- it should be fun for all of us.
25  As you know, we've announced the start of a sale process, and -
```

1  - for a portion of the business, and we have some other big
2  ticket items, like the Interim Funding Agreement, up, so -- but
3  we do have a few items to take care of this afternoon.
4            THE COURT:  Yes.
5            MS. WEAVER:  Several matters on today's agenda have
6  been continued to Monday, or to a future hearing.  The American
7  Express Setoff Motion has been adjourned to July 28th.  The
8  Communications Test Design Setoff Motion has been continued to
9  July 28th.  The Motion to Approve a Compromise of Controversy
10 Under 9019 between Crossroads, Incorporated, and NNI, has been
11 continued to Monday.  We have been working to resolve the
12 objection that was filed.  We have been told by the objecting
13 party that that objection will be withdrawn today.  If so, we
14 will plan on handing up a consensual revised order for your
15 approval on Monday.
16           THE COURT:  Okay.
17           MS. WEAVER:  The Request for the Allowance and
18 Payment of an Administrative Expense, filed by Safe Records
19 Center, has been adjourned to July 17th, and we do have one
20 change that was noted on the amended agenda, one additional
21 item that has been continued.  The Debtors' Motion for the
22 Entry of a Final Order Authorizing Entry into One or More
23 Letters of Credit or Bonding Facilities, we have received
24 informal comments from various parties, and we are in the
25 process of discussing those with the Committee, with the U.S.

1   Trustee, and with the various parties, and we anticipate being
2   able to hand up a consensual revised order for your approval on
3   Monday.
4           THE COURT:  Okay, good work.
5           MS. WEAVER:  Thank you.  We have one uncontested
6   matter that we filed a Certificate of No Objection.  It was the
7   Lease Extension Motion with -- requiring getting landlord
8   consent, and I believe you signed that order this morning.  We
9   appreciate that.
10          THE COURT:  I -- yes, yes, I did.
11          MS. WEAVER:  We've had positive feedback from our
12  landlords that the real estate process is going well, so we
13  appreciate you helping us facilitate that process.
14          THE COURT:  Terrific.
15          MS. WEAVER:  We do have two matters that are listed
16  as contested going forward.  As Mr. Abbott said, he is going to
17  discuss the Palisades Capital Advisors and Punter Southall
18  applications in just a moment.  But to finish off this
19  afternoon, we did have a limited objection that was filed to
20  our Eighth Notice of Rejection of Executory Contracts and
21  Nonresidential Property Leases.  We have been working with
22  DEKA, the landlord who filed the objection.  I believe their
23  counsel is here today.  We have reached a consensual order,
24  which I have for you.  May I approach?
25          THE COURT:  Please, please, Ms. Weaver.  Mr. Miller,

```
 1   good afternoon.  Representing DEKA, I think, right?
 2        (Ms. Weaver approaches bench)
 3             MR. MILLER:  That's correct, Your Honor.
 4             THE COURT:  Thank you.
 5             MS. WEAVER:  And, Your Honor, as you know, we have
 6   certain procedures in place for the rejection of leases, which
 7   you put into place on March 20th.
 8             THE COURT:  Right.
 9             MS. WEAVER:  I believe the landlord required -- or
10   requested some clarification.  The consensual order, in
11   essence, just reserves the landlord's rights to bring certain
12   claims and argue that those claims are administrative expenses.
13   It also reserves the Debtors' rights to bring any claims and
14   any defenses that it sees necessary, and rejects the prime
15   lease, and also clarifies that the sublease is terminated upon
16   the rejection of the prime lease.  So, I don't --
17             THE COURT:  Oh, okay.
18             MS. WEAVER:  Thank you.
19             THE COURT:  Mr. Miller, good to see you, sir.
20             MR. MILLER:  Good afternoon, Your Honor, good to see
21   you.  That is correct, and we have agreed with the Form of
22   Order, and also would join in the request to have Your Honor
23   enter that.  I did want to apprise Your Honor of one issue, and
24   it's assumed within the order, and that has to do with certain
25   property which my client contends is its property, and which
```

1    the Debtors have sold or are in the process of selling, and --
2             THE COURT:  Not the satellite dish and that sort of
3    thing?
4             MR. MILLER:  There are certain issues, but there's --
5    the one issue that's out there is something that we've reserved
6    our rights to bring any causes of action or any claims with
7    respect to that -- I think it's actually some sort of
8    equipment, modular equipment, that we contend could be an -- is
9    an alteration, and therefore is our property.  I'm not sure of
10   the Debtors' position on that, but everybody's rights are
11   preserved, and I just wanted to apprise Your Honor of that.
12   We're not asking for anything.  The order does take care of it.
13   It allows us to assert any claims that we may have.  It also
14   provides to the Debtors any defenses -- they have the right to
15   raise any defenses they may have.
16            THE COURT:  All right.
17            MR. MILLER:  I just wanted to alert you to that.
18            THE COURT:  I appreciate it, Mr. Miller.  I see that
19   provision in here, and it's -- your concern certainly would be
20   encompassed within that reservation, I think.
21            MR. MILLER:  Thank you, Your Honor.
22            THE COURT:  Sure.  Ms. Weaver?
23            MS. WEAVER:  I will just turn it over to Mr. Abbott.
24            THE COURT:  All right.
25            MS. WEAVER:  Thank you, Your Honor.

1               THE COURT:  I'm going to sign this order, then.

2               MS. WEAVER:  Wonderful.

3               THE COURT:  I'm pleased to sign the order, thank you.

4               MS. WEAVER:  Thank you very much.

5               MR. MILLER:  Thank you, Your Honor.

6               THE COURT:  All right, Mr. Abbott.

7               MR. ABBOTT:  Thank you, Your Honor.  Derek Abbott,

8    again, for the Debtors.  Your Honor, I rise to address the

9    Debtors' retention applications for Palisades Capital Advisors

10   and Punter Southall, Your Honor.  It's a little unique in that

11   it's essentially a joint representation.  We've got two

12   separate applications.  We've been in discourse with the United

13   States Trustee's Office on this matter for some time, and have

14   revised the order to accommodate their concerns, and frankly,

15   prior to filing them, we revised the application process to

16   meet some of their concerns.  We think we've got them all

17   resolved, Your Honor, but in short, Palisades typically would

18   use Punter as its representative for UK matters, and Palisades

19   provides a global solution.  So the flat fee covers all of

20   that, Your Honor, but it was important to the U.S. Trustee to

21   make sure that the parties didn't lose the distinction between

22   these advisors.  So we filed separate retention applications.

23   I've confirmed with Mr. McMahon that we will make sure that

24   they file separate fee applications.  We've revised the

25   language in the order, Your Honor, to make clear that, in

1  probably more words than we needed, that the U.S. Trustee's
2  right to reasonableness review is not, in any way, impacted by
3  this order.  And one other point that they asked us to make,
4  Your Honor, the Punter Southall Retention Affidavit indicates
5  that a subsidiary or affiliate of theirs trades in equity
6  securities and perhaps debt securities of the Debtors.  It's
7  our understanding -- well, it's not our understanding, I'm
8  making a representation to the Court that we have been told
9  that that affiliate will not trade in securities of the Debtor
10 for their own account, and that was something the U.S. Trustee
11 felt was important, and we're happy to oblige, Your Honor.
12 With that, Your Honor, I think I can hand up clean and black
13 lines of those two orders, and try to answer the Court's other
14 questions.  I've got one or two other administrative matters;
15 I'm ready to deal with them, but --
16           THE COURT:  Understood, you certainly may, and Mr.
17 McMahon, you may certainly be heard from.
18           MR. MCMAHON:  Thank you, Your Honor.  Good afternoon,
19 Joseph McMahon for the acting United States Trustee.  At the
20 lack of -- well, given that pronouns may be -- appear unclear
21 on the transcript, I just want to be clear as to what Mr.
22 Abbott just said.  P Sigma is the trading affiliate.
23           THE COURT:  Yes.
24           MR. MCMAHON:  It's -- it will not be trading on the
25 account of a professional in Debtor equity securities of the

1  Debtors, so that's the point I wanted to make clear.  That's
2  our concern, that the -- you know, there's an informational
3  wall here.
4           THE COURT:  Exactly.
5           MR. MCMAHON:  And, clearly, the -- we're not, in any
6  way, consenting to the professional being a Creditor of these
7  estates, and therefore not be a disinterested person by virtue
8  of this arrangement.  So that's the concern.
9           THE COURT:  Is that right, Mr. Abbott?  That's --
10          MR. ABBOTT:  That clarification is fine, Your Honor.
11          THE COURT:  Okay, good.
12          MR. ABBOTT:  Your Honor, one other issue that I just
13 wanted to raise for the Court, housekeeping wise.  As Your
14 Honor probably is aware, Monday we've got the big sale
15 procedures hearing.
16          THE COURT:  Yes.
17          MR. ABBOTT:  We have been -- and a couple of issues
18 have arisen with the United States Trustee for matters on that
19 hearing, and Mr. McMahon's got the unfortunate circumstance of
20 being both a very busy guy and covering for his colleague who,
21 apparently, is out for this week.  So --
22          THE COURT:  Oh.
23          MR. ABBOTT:  -- we have agreed from time to time to
24 extend some of the objection deadlines, and we have further
25 agreed today, subject to Your Honor approving it, that we're

1  gonna reserve their right to object to the Sale Procedures
2  Hearing orally at Monday's hearing, without them needing to
3  file and serve a writing.  But they have agreed that they will
4  identify for us all their issues by e-mail before midnight
5  tonight, so that at least we've got an idea of where they're
6  headed.  We're gonna continue as usual to try to work them and
7  make sure that we don't present the Court any needless
8  controversy on Monday, but if the Court is okay with that, then
9  that's how we'd like to proceed.
10            THE COURT:  I certainly am.  I can understand Mr.
11 McMahon wanting to protect his colleague's standing to object,
12 and that will be fine.  I would like to know just maybe even a
13 little bit before the hearing, if there is an objection that's
14 going to be raised, just so I'll be able to prepare for it, but
15 --
16            MR. ABBOTT:  Your Honor, we will endeavor -- the
17 hearing starts, obviously, early, but perhaps we'll certainly
18 alert the Court staff --
19            THE COURT:  That would be -- that's what I -- that's
20 --
21            MR. ABBOTT:  -- as we arrive in the morning if there
22 -- if we expect any meaningful controversy from the U.S.
23 Trustee, Your Honor.
24            THE COURT:  Okay, all right, Mr. McMahon, that's
25 fine.  That's perfectly fine.

```
 1              MR. MCMAHON:  Thank you, Your Honor.  I appreciate
 2   the accommodation.
 3              THE COURT:  Of course.  I recognize how hard you're
 4   working and this is just some more on your shoulders.
 5              MR. ABBOTT:  Your Honor, I think that concludes
 6   matters for today.
 7              THE COURT:  All right, I'm going to --
 8              MR. ABBOTT:  So we thank you --
 9              THE COURT:  I'm going to sign --
10              MR. ABBOTT:  -- for your time, Your Honor.
11              THE COURT:  I'm going to sign the two applications,
12   and we'll see how it goes.  You know, it's interesting, Judge
13   Walrath has another matter on Monday involving Justice Morowitz
14   as well, so they're going to come up and use this Courtroom,
15   since things will already be set up for the teleconference, or
16   video conference.  I've talked to him a number of times, never
17   seen him or met him, but --
18              MR. ABBOTT:  Your Honor --
19              THE COURT:  -- it will be -- I think it'll be
20   interesting.
21              MR. ABBOTT:  Judge Carey has another matter that he's
22   opposite as well.
23              THE COURT:  Yes.
24              MR. ABBOTT:  It was filed last week also, so --
25              THE COURT:  We ought to just move him down here, I
```

```
 1  think.  That's what I told him.
 2            MR. ABBOTT:  We'll try to find him an office, Your
 3  Honor.
 4            THE COURT:  There you go.  We'll find room.  Nothing
 5  further?
 6            MR. ABBOTT:  No, Your Honor.
 7            THE COURT:  All right, counsel.  Thank you all --
 8            MR. ABBOTT:  Thanks very much.
 9            THE COURT:  -- very much.  I wish you a good weekend.
10  I look forward to Monday morning.
11            MR. ABBOTT:  Thank you.
12            THE COURT:  Good day.
13       (Court adjourned)
14
15                         CERTIFICATION
16  I certify that the foregoing is a correct transcript from the
17  electronic sound recording of the proceedings in the above-
18  entitled matter.
19
20  Lewis Parham                                  7/22/09
21  _____            _____
22  Signature of Transcriber                      Date
```