UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

```
                               .
IN RE:                         .         Chapter 11
                               .
Nortel Networks, Inc.          .
et al.,                        .
                               .
         Debtor(s).            .    Bankruptcy #09-10138 (KG)
.........................................................
```

Wilmington, DE
June 11, 2009
2:00 p.m.


TRANSCRIPT OF OMNIBUS HEARING
BEFORE THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

For The Debtor(s):          Ann C. Cordo, Esq.
                            Morris Nichols Arsht
                            & Tunnell, LLP
                            1201 N. Market St.-18th Fl.
                            Wilmington, DE 19899

                            James L. Bromley, Esq.
                            Cleary Gottlieb Steen
                            & Hamilton, LLP
                            One Liberty Plaza
                            New York, NY 10006

For The Official Committee: David Botter, Esq.
Of Unsecured Creditors      Akin Gump Srauss Hauer
                            & Feld, LLP
                            One Bryant Park
                            New York, NY 10036

|                              | Ryan Jacobs, Esq.<br>Akin Gump Srauss Hauer<br>& Feld, LLP<br>One Bryant Park<br>New York, NY 10036 |
|------------------------------|------|
|                              | Chris Samis, Esq<br>Richards Layton & Finger, PA<br>One Rodney Square<br>Wilmington, DE 19801 |
| For Phoenix Telecom:<br>Solutions, Inc. | Ronald Gellert, Esq.<br>Eckert Seamans Cherin<br>& Mellott, LLC<br>300 Delaware Ave.-Ste. 1210<br>Wilmington, DE 19801 |
| For E&Y, as Monitor:         | Lisa Kraidin, Esq.<br>Allen & Overy, LLP<br>1221 Ave. Of the Americas<br>New York, NY 10020 |
|                              | Mary F. Caloway, Esq.<br>Buchanan Ingersoll & Rooney<br>The Brandywine Bldg.<br>1000 West St.-Ste. 1410<br>Wilmington, DE 19801 |
| For Flextronics:             | James V. Drew, Esq.<br>Curtis Mallet-Prevost Colt<br>& Mosle, LLP<br>101 Park Ave.<br>New York, NY 10178 |
| (Via telephone)              | |
| For The Debtor(s):           | Jennifer Stam, Esq.<br>Ogilvy Renault, LLP<br>South Tower-Ste. 3800<br>Royal Bank Plaza<br>200 Bay St.<br>Toronto, Ontario M5J 2Z4 |
| For Nortel, UK:              | Katherine Lindsay, Esq.<br>Bracewell & Giuliani<br>225 Asylum Street-Ste. 2600<br>Hartford, CT 06103 |

3

```
                               John Whiteoak, Esq.
                               Bracewell & Giuliani
                               225 Asylum Street-Ste. 2600
                               Hartford, CT 06103

For Silver Lake Capital:       Anneliese H. Pak, Esq.
                               Ropes & Gray, LLP
                               One International Plaza
                               Boston, MA 02110

Audio Operator:                Jennifer Pasierb

Transcribing Firm:             Writer's Cramp, Inc.
                               6 Norton Rd.
                               Monmouth Jct., NJ 08852
                               732-329-0191
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

1                    THE CLERK:   Please rise.

2                    THE COURT:   Good afternoon, everyone.   Please be

3      seated.   Thank you very much.

4                    MS. CORDO:   Good morning, Your Honor.

5                    THE COURT:   Good morning -- good afternoon, Ms.

6      Cordo.

7                    MS. CORDO:   Annie Cordo, Morris, Nichols, Arsht, &

8      Tunnell, on behalf of the Debtors.

9                    THE COURT:   Yes.

10                    MS. CORDO:   I can just run through the agenda for

11     you.   Item 1, the Motion of Andrew, LLC, an order has been

12     entered on that and that has been resolved.   With Item 2, the

13     Motion to Effectuate a Setoff Filed by American Express, we

14     have adjourned that to the hearing on the 26th.   Item 3, the

15     Motion for Payment of Administrative Expense Filed by Anixter,

16     that has been resolved.   Item No. 4 has been adjourned until

17     the hearing on July 21st.   That is for another setoff.   Item No.

18     5, we have also adjourned until the hearing on June 26th.

19                    THE COURT:   Yes.

20                    MS. CORDO:   With regards to Items No. 6 and Items No.

21     7, the Motion for the Settlement Agreement for the Flextronics,

22     and the Motion to File Under Seal Portions of That Settlement,

23     we submitted Certificates of No Objection.   I have not seen

24     those hit the docket yet.

25                    THE COURT:   I signed them, but there seems to be some

5

1   delay getting things docketed, so that must be the reason.

2          MS. CORDO:  Okay, thank you, Your Honor.  And then,

3   for Item No. 8, I will turn the podium over to Mr. Bromley from

4   Cleary Gottlieb.

5          THE COURT:  Thank you.  Mr. Bromley, welcome back,

6   sir.

7          MR. BROMLEY:  Thank you very much, Your Honor.  Good

8   afternoon, James Bromley, Cleary Gottlieb, on behalf of the

9   Debtors.  There are two matters that we have remaining on the

10  calendar, and then there's a couple of things I wanted to

11  mention after we get through those.

12         THE COURT:  One of which, I suspect, is -- has to do

13  with some papers that crossed my desk this morning.

14         MR. BROMLEY:  That is correct, Your Honor.

15         THE COURT:  Very well.

16         MR. BROMLEY:  The -- let's see, starting on number --

17  for Item No. 8, that is a Motion of Phoenix Telecom Solutions

18  for Authority to Effectuate a Setoff.  I don't know if counsel

19  for Phoenix is in the Courtroom.

20         THE COURT:  Let's see, or on the telephone, perhaps?

21         MR. GELLERT:  Your Honor, Ronald Gellert, from

22  Eckert.

23         THE COURT:  I'm sorry, Mr. Gellert.  Good afternoon.

24         MR. GELLERT:  No problem, how are you?

25         THE COURT:  Very well, sir.

1        MR. BROMLEY:  We have agreed with Phoenix with

2   respect to the setoff, and we do have an amended order, which

3   has a couple of numbers added in, in terms of dollars and

4   dollar amounts, in a paragraph that reserves the rights of both

5   Nortel and Phoenix with respect to a Master Services Agreement.

6   But otherwise, Your Honor, the relief that is sought is not

7   contested.

8        THE COURT:  Okay, thank you, and I assume the

9   Committee is accepting of this?

10       MR. BOTTER:  Good afternoon, Your Honor.

11       THE COURT:  Mr. Botter.

12       MR. BOTTER:  David Botter, Akin Gump.  Yes, we have

13  no objection, Your Honor.

14       THE COURT:  All right, thank you.  Mr. Gellert, if

15  you need some more time to look at it, I'm happy to give you

16  that opportunity and take it at the end.

17       MR. GELLERT:  No, thank you, Your Honor.  We -- there

18  was only a few changes, and I just wanted to make sure they had

19  the right version.  A couple of 'em going back and forth.

20       THE COURT:  Okay.

21       MR. BOTTER:  And that is the correct one.

22       THE COURT:  Very well.  Then I'm pleased to grant the

23  relief, the agreement.

24       MS. CONDO:  May I approach?

25       THE COURT:  Yes.  Thank you.

1          MR. BROMLEY:  The next item, Your Honor, is Item No.

2  9 on the agenda letter.  This is a Debtors' Motion for Entry of

3  Interim and Final Orders Authorizing the Debtors to Enter Into

4  One or More Letters of Credit and Bonding Facilities.

5          THE COURT:  Yes.

6          MR. BROMLEY:  And granting related relief under 105,

7  361, 362, 363, 364 of the Bankruptcy Code.  We do have, on

8  video link, John Doolittle, the treasurer of Nortel, who you

9  may remember was in Court on the first day.

10          THE COURT:  I certainly do.

11          MR. BROMLEY:  And if -- we have received no

12  objections to the relief sought.  Your Honor did enter an order

13  shortening notice to allow us to go forward.  Mr. Doolittle is

14  available for any questions you may have.  But in very brief

15  terms, Your Honor, the Debtors do enter into contracts with

16  respect to new business, and those contracts, at certain times,

17  require the posting of surety bonds --

18          THE COURT:  Yes.

19          MR. BROMLEY:  -- or letters of credit, in order to

20  make sure that the performance of the work is bonded.

21  Sometimes those requirements are able to be negotiated away,

22  and other times they're not.  We had entered into, at the very

23  beginning of the case, a facility with Export Development

24  Canada, and as the case has progressed, we thought it -- and in

25  consultation with the committees, to make more sense to have

1    any collateral, relating to such letters of credit or bonds,

2    posted by the actual Debtor that is providing the -- you know,

3    entering into the contract.  So this relates to contracts that

4    Nortel Networks Incorporated would enter into, and the only

5    authority we're looking for are for letters of credit and bonds

6    that would benefit Nortel Networks Incorporated.

7              THE COURT:  Exactly.  All right, anyone else?

8              MR. BOTTER:  Again, Your Honor, the Committee has no

9    objection.

10             THE COURT:  Thank you, Mr. Botter.

11             MR. BOTTER:  You're welcome.

12             THE COURT:  I have no concerns, no questions, and I

13   certainly understand the necessity of the relief, and I'm

14   pleased to grant it.

15             MR. BROMLEY:  Thank you very much, and I -- if I

16   could ask Mr. Doolittle, if he could be excused?

17             THE COURT:  Mr. Doolittle, you may be excused, sir.

18             MR. DOOLITTLE:  Thank you, Your Honor.

19             THE COURT:  Good day to you.  Yes, Ms. Cordo.  Thank

20   you.  All right, I'm signing the order.  All right, done.

21             MR. BROMLEY:  Your Honor, if I may just move off of

22   the agenda letter for a moment.

23             THE COURT:  Yes.

24             MR. BROMLEY:  There are two other agenda letters that

25   relate to -- we now have two Chapter 15s that have been filed,

1    one for Canada and another for Nortel Networks UK.

2              THE COURT:  Yes.

3              MR. BROMLEY:  So we are now in the process of uniting

4    all of the English speaking world here in front of you.

5              THE COURT:  Absolutely.

6              MR. BROMLEY:  Well, all that matters.  And the -- in

7    connection with the Chapter 15 request by NNUK administrators,

8    there had been a request, as well, for a Chambers conference.

9    I think that it would still be useful, Your Honor, if you do

10   have the time for maybe five minutes, that we could just talk,

11   generally, off the record, to give the Court an update as to

12   where a couple of material issues sit in terms of your

13   calendar, in particular relating to the hearings that we had

14   scheduled for the 29th and 30th.

15             THE COURT:  I always have time, absolutely.

16             MR. BROMLEY:  And I should note, Your Honor, you did

17   get papers this morning that asked for permission to shorten

18   notice with respect to a hearing for the 29th.  We have filed

19   the motion; we filed it very late, and -- on Tuesday night, and

20   we didn't get it in in time to get postmarked, so we have one

21   day short in terms of notice, so we had filed that motion to

22   shorten yesterday.

23             THE COURT:  And I did sign that, and again, it

24   probably just has not made the docket yet.

25             MR. BROMLEY:  Okay, great.  Thank you very much, Your

1    Honor.  And that does relate to an agreement that we have

2    reached with respect to the various jurisdictions, which we

3    believe will obviate the need for any contested hearing on the

4    29th, though we still would go forward on a joint hearing basis.

5            THE COURT:  Absolutely, okay, and -- but it will be a

6    9019 or a settlement type of hearing?

7            MR. BROMLEY:  That type of thing, yes, Your Honor.

8            THE COURT:  Good.

9            MR. BROMLEY:  And I'll turn over the podium to both

10   counsel for the monitor and counsel for the administrator, but

11   if we could reserve a few minutes in Chambers to just bring you

12   up to speed on a couple things --

13           THE COURT:  You certainly may.

14           MR. BROMLEY:  -- we would appreciate it.

15           THE COURT:  Now, are we still on the Chapter 11 case,

16   or are we switching --

17           MR. BROMLEY:  I'm moving from Chapter 11, at this

18   point, to Chapter 15.

19           THE COURT:  All right, if we could just have 30

20   seconds just to change our notes, and then we'll begin with --

21   I guess it will be the Canadian Chapter 15.

22           MR. BROMLEY:  Oh, I'm sorry, Your Honor.  If we can -

23   - before we change tapes.

24           THE COURT:  Yes.

25           MR. BROMLEY:  I've just been informed that in the

1   order relating to the letters of credit --

2            THE COURT:  Yes.

3            MR. BROMLEY:  -- there is a blank in paragraph 10.

4            THE COURT:  Oh, because it's an interim order.

5            MR. BROMLEY:  Yes.

6            THE COURT:  Shall we set that for the 29th, or do you

7   need something sooner?

8            MR. BROMLEY:  Well, this is the date for service, so

9   I think --

10            THE COURT:  Oh, just for service, I'm sorry.

11            MR. BROMLEY:  So if we could have today's date, the

12   final hearing is scheduled for the 26th.

13            THE COURT:  Excellent.

14            MR. BROMLEY:  And we'll serve by the end of the day

15   today.

16            THE COURT:  Okay, that's fine.

17            MR. BROMLEY:  Great.

18            THE COURT:  I'll add that date.

19            MR. BROMLEY:  Thank you very much, Your Honor.  Now

20   on to Chapter 15.

21            THE COURT:  All right.

22         (Court adjourned)

23

24

25

```
1                    CERTIFICATION
2    I certify that the foregoing is a correct transcript from the
3    electronic sound recording of the proceedings in the above-
4    entitled matter.
5
6    Lewis Parham                          7/22/09
7    _____           _____
8    Signature of Transcriber                  Date
```