IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
                                              :  Chapter 11
*In re*                                       :
                                              :  Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,               :
                                              :  Jointly Administered
                                              :
                Debtors.                      :  Hearing Date: August 4, 2009 @ 9:00 A.M.
                                              :
                                              :  Related to D.I. No. 1131
                                              :
------------------------------------------------------X

## OBJECTION OF THE AFFILIATES OF VERIZON COMMUNICATIONS INC. TO DEBTORS' MOTION FOR ORDER AUTHORIZING AND APPROVING THE BIDDING PROCEDURES APPLICABLE TO THE PROPOSED SALE OF THE DEBTORS' ENTERPRISE SOLUTIONS BUSINESS

The affiliates of Verizon Communications Inc. (collectively, "Verizon")[1] hereby submit this Objection to the Debtors' Motion for Order Authorizing and Approving the Bidding Procedures Applicable to the Proposed Sale of the Debtors' Enterprise Solutions Business (the "Procedures Motion"). In support of this Objection,[2] Verizon respectfully states as follows:

1. In the Procedures Motion, the Debtors seek approval of the bid procedures that they propose to apply to an auction and sale of their Enterprise Solutions Business, which Verizon believes may include, among other things, certain products and services in the Debtors' Customer Premises Equipment ("CPE") portfolio. The Debtors' CPE products and services are purchased by one or more Verizon affiliates and resold to their end-user customers, which

---

[1]   The definition of Verizon includes, without limitation, all wholly-owned subsidiaries of Verizon Communications Inc. (including, without limitation, Verizon Corporate Services Group Inc., Verizon Services Corp., Verizon Network Integration Corp., Verizon Business Network Services Inc., Verizon Select Services Inc., MCI Communications Services, Inc. d/b/a Verizon Business Services and the local operating telephone company subsidiaries of Verizon Communications Inc.) and Cellco Partnership d/b/a Verizon Wireless.

[2]   Verizon files this Objection solely with respect to the Procedures Motion. Verizon reserves all of its rights with respect to all other matters that the Debtors may bring before this Court, including, without limitation, any

include large businesses and governmental agencies. Although a "stalking horse" bidder for the Enterprise business, Avaya, Inc., has been identified, the auction of the Debtors' Enterprise assets is not scheduled to occur until September, 2009, and thus the identity of the purchaser that ultimately will be proposed by the Debtors and the particulars of the contemplated transaction are not yet known.

2. Verizon affiliates comprise a major purchaser and reseller of products and services in the Debtors' CPE portfolio -- namely, certain routers, switches and other networking components, associated software, and maintenance and support services -- under various executory contracts between Verizon and the Debtors.[3] Verizon installs or has installed the Debtors' CPE products and software in the communications networks of its own end-user, large business and governmental customers, and relies upon the Debtors to provide ongoing repair, maintenance and support services, as well as spare parts, software upgrades, patches and fixes, warranty repairs and other services in connection with these products.

3. The Verizon customer base in which products and services in the Debtors' CPE portfolio are currently embedded includes departments and agencies of the federal government (including agencies with significant national law enforcement, anti-terrorism and national defense responsibilities, as well as military bases and installations in and outside the continental United States), departments and agencies of numerous local and state governments (including 911 call centers), as well as banks, manufacturers, hospitals (including veterans hospitals), other private sector customers, universities, schools and libraries. The CPE products and services that Verizon obtains from the Debtors are critical to the communications needs of these government

---

other motions that the Debtors have filed or may file to sell assets or assume and assign contracts under sections 363 and/or 365 of the Bankruptcy Code.

[3] In 2008, Verizon purchased approximately $140 Million in CPE products and services from the Debtors in the United States alone.

agencies, businesses and institutions.

4. Verizon objects to the provisions of the proposed bid procedures that would permit the Debtors to serve notices of assumption and assignment of executory contracts on their customer counterparties, including Verizon, *after* the hearing on approval of the proposed sale (currently proposed to be scheduled for September 15, 2009) (the "Sale Hearing") and as late as only fifteen (15) days prior to the closing of the sale. (*See* Procedures Motion at ¶¶ 31, 33.)

5. Verizon objects to this provision on the ground that it fails to provide any reasonable measure of notice to Verizon, or any reasonable opportunity for Verizon to assess all of the material ramifications of the proposed transaction and assert any appropriate objections, under sections 363 and/or 365 of the Bankruptcy Code. In addition, the procedures proposed by the Debtors could well leave continued communications capabilities of the government and business customers that are served by Verizon through the re-sale of the Debtor's CPE products and services at significant risk, if the purchaser determines and gives notice of its intention not to take an assignment of Verizon's contracts at such a late date.

6. As an initial matter, it is not entirely clear to Verizon which lines of the Debtors' Enterprise products and services are proposed to be sold to the purchaser in this instance. Consequently, Verizon is unable to ascertain the extent to which its CPE contracts with the Debtors are proposed to be included in the transaction, the extent to which its rights may be directly affected (including rights of setoff that relate to both its CPE contracts and other contracts with the Debtors that are not involved in the current sale, and that Verizon has repeatedly reserved in the proceedings in this case to date), or the grounds on which it might have significant objections to the sale as a whole, as opposed to objections relating only to the assumption, assignment and cure of the CPE contracts in particular.

7. For these reasons alone, the Debtors must be required to provide any notices of contract assumption and assignment to Verizon sufficiently *in advance* of the Sale Hearing to permit Verizon to evaluate the implications of the proposed transaction on its various rights and interests, and to file any objections that it may deem necessary.

8. Moreover, as outlined above, Verizon has contractual obligations to its own end-user customers that rely directly upon the CPE products and services obtained from the Debtors. In the event that the purchaser will no longer provide the equipment, software, maintenance and support that the Debtors provide to Verizon, Verizon must have significant lead-time in order to timely make alternate arrangements to obtain these products and services elsewhere, and to access and re-work embedded installations to ensure compatibility with existing network technology.[4]

9. Without sufficient notice, Verizon would have substantial difficulty supporting the basic communications needs of its CPE customer base, including governmental departments and agencies that perform national law enforcement, anti-terrorism, national defense and emergency response functions, as well as hospitals, universities, schools, banks, manufacturers and other customers in the private sector. In such an event, the communications of these customers would be severely compromised, and tangible risk to the public would result.[5] Fifteen days is not even remotely sufficient time to provide Verizon with the notice necessary to avoid

---

[4] Verizon must also obtain these products and services from an entity that can provide them directly, and that will provide the required maintenance, service and support for as long as it may be necessary. Where the embedded installations are in particularly sensitive locations, such as military bases and national security agencies, re-working the installation to ensure network compatibility and continuity is vital, access is restricted, and the work is complicated. In no event is fifteen days sufficient lead-time to ensure compatibility and continuity of service for these end-users.

[5] The Procedures Motion has prompted such concern at Verizon about the resources that will be available to supply and support the CPE products and services that are currently obtained from the Debtors, and about where those obligations will lie at the conclusion of the proposed transaction, that it will, in all likelihood, adversely affect the volume of Verizon's CPE purchases for so long as any uncertainty persists.

such consequences.[6]

10. Accordingly, Verizon objects to the Procedures Motion and respectfully requests that the Debtors be required to provide notices of the proposed assumption and assignment of any of their CPE contracts with Verizon sufficiently *in advance* of the Sale Hearing to permit Verizon to assess the potential impact of the proposed transaction on its various rights and interests, and to file any objections, including objections to the sale as a whole, that it may deem necessary. In order to provide minimally sufficient notice in this regard, Verizon submits that the Debtor must be required to serve any notices of the proposed assumption and assignment of any of the CPE contracts on Verizon either (a) at least ten (10) days prior to the deadline for objections to the Debtors' motion for approval of the proposed sale, or (b) at least ten (10) days prior to the Sale Hearing, provided that Verizon can file any objection to the proposed sale on the day before the Sale Hearing.

WHEREFORE, Verizon respectfully requests that the Court

(a) sustain this Objection;

(b) grant the Procedures Motion only on the express condition that the Debtors be required to serve any notices of the proposed assumption and assignment of any of their CPE contracts with Verizon either (i) at least ten (10) days prior to the deadline for objections to the Debtors' motion for approval of the proposed sale, or (ii) at least ten (10) days prior to the Sale Hearing, provided that Verizon can file any objection to the proposed sale on the day before the Sale Hearing; and

---

[6] In addition, the Procedures Motion already provides that the Debtors may begin providing assumption notices to contract counterparties as soon as the proposed bid procedures are otherwise approved. Verizon seeks only to require the Debtors to provide such notices to Verizon within the earliest portion of the notice period that the Debtors already contemplate, rather than after the Sale Hearing or as late as 15 days before the closing.

(c) afford Verizon such other and further relief as this Court may deem just and proper.

Dated: July 31, 2009

Respectfully submitted,

SMITH, KATZENSTEIN & FURLOW LLP

/s/ Kathleen M. Miller
Kathleen M. Miller, Esq. (No. 2898)
800 Delaware Avenue, 10th Floor
P. O. Box 410
Wilmington, DE 19899
(302) 652-8405
kmiller@skfdelaware.com

-and-

ARNALL GOLDEN GREGORY LLP
Darryl S. Laddin
Frank N. White
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363
(404) 873-8500
dladdin@agg.com

ATTORNEYS FOR VERIZON