## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | **Chapter 11** |
| | ) | |
| **NORTEL NETWORKS, INC.**, *et al.*, | ) | **Case No. 09-10138-KG** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |
| | ) | |
| | ) | Hearing Date: August 4, 2009 @ 9:00 a.m. |
| | ) | Related to D.I. No. 1131 |

## PRELIMINARY OBJECTION OF ANIXTER INC. TO DEBTORS' MOTION FOR ORDER AUTHORIZING AND APPROVING THE BIDDING PROCEDURES APPLICABLE TO THE PROPOSED SALE OF THE DEBTORS' ENTERPRISE SOLUTIONS BUSINESS

Anixter Inc. ("Anixter") hereby submits this Preliminary Objection to the Debtors' Motion for Order Authorizing and Approving the Bidding Procedures Applicable to the Proposed Sale of the Debtors' Enterprise Solutions Business (the "Procedures Motion"). In support of this Objection,[1] Anixter respectfully states as follows:

1.      The Debtors seek approval of the bid procedures that they propose to apply to an auction and sale of their Enterprise Solutions Business (the "Enterprise Portfolio"), which Anixter believes may include, among other things, products and services purchased by Anixter and resold to its end-user customers.

2.      Anixter constitutes a major purchaser and reseller of products and services in the Debtors' Enterprise Portfolio in South America. Specifically, Anixter purchases certain routers, switches and other networking components, associated software, and maintenance and support services through at least one executory contract between Anixter and Nortel Networks (CALA), Inc. Anixter installs or has installed the Debtors' Enterprise Portfolio products and software in

---

[1]  This Objection is intended solely to address the Procedures Motion. Anixter expressly reserves any and all rights with respect to all other matters with respect to the Debtors' sale and or transfer of their assets pursuant to Sections 363 and 365 of the Bankruptcy Code.

the communications networks of its own end-user customers, and relies upon the Debtors to provide ongoing repair, maintenance and support services, as well as spare parts, software upgrades, patches and fixes, warranty repairs and other services in connection with these products.

3.      Anixter's customers that purchase the Enterprise Portfolio products include large businesses and small businesses throughout the Caribbean and Latin America.  The Enterprise Portfolio products are essential to the business needs of these businesses.

4.      Anixter currently has a valued relationship with Avaya, Inc. ("Avaya"), the Debtors' stalking horse purchaser.  Anixter is in no way seeking to interrupt the sale process with respect to Avaya or the ultimate purchaser of the Enterprise Portfolio assets.  However, Anixter objects to the provisions of the bid procedures that would allow the Debtors to serve notices of assumption and assignment of executory contracts on their customer counterparties, including Anixter, **after** the Sale Hearing currently set for September 15, 2009 and as late as only fifteen (15) days prior to the closing of the sale.  (*See* Procedures Motion at ¶¶ 31, 33.)

5.      Anixter objects to this provision because it fails to provide any reasonable measure of notice to Anixter or any reasonable opportunity for Anixter to assess all of the material ramifications of the proposed transaction and assert any appropriate objections under sections 363 and/or 365 of the Bankruptcy Code.  In addition, the procedures proposed by the Debtors could well leave continued communications capabilities of the business customers that are served by Anixter through the Enterprise Portfolio products and services at significant risk if the purchaser determines and gives notice of its intention not to take an assignment of Anixter's contract(s).

6.     As an initial matter, it is not entirely clear to Anixter which lines of the Debtors' Enterprise Portfolio business and services are proposed to be sold to the purchaser in this instance.  Consequently, Anixter is unable to ascertain the extent to which its Enterprise Portfolio contract(s) with the Debtors are proposed to be included in the transaction, the extent to which its rights may be directly affected (including rights of setoff and recoupment that relate to both its Enterprise Portfolio contracts, or the grounds on which it might have significant objections to the sale as a whole), as opposed to objections relating only to the assumption, assignment and cure of the Enterprise Portfolio contract(s) in particular.

7.     For these reasons alone, the Debtors must be required to provide any notices of contract assumption and assignment to Anixter sufficiently *in advance* of the Sale Hearing to evaluate the implications of the proposed transaction on its various rights and interests, and to file any objections that it may deem necessary.

8.     Moreover, as outlined above, Anixter has contractual obligations to its own end-user customers that rely directly upon the Enterprise Portfolio products and services obtained from the Debtors.  In the event that the purchaser will no longer provide the equipment, software, maintenance and support that the Debtors provide to Anixter, Anixter must have significant lead-time in order to timely make alternate arrangements to obtain these products and services elsewhere, and to ensure compatibility with existing network technology.

9.     Without sufficient notice, Anixter would have substantial difficulty supporting the basic communications needs of its Enterprise Portfolio customer base.  In such an event, the communications of these customers would be severely compromised.  Fifteen days before the closing of the sale is not remotely sufficient time to provide Anixter with the notice necessary to avoid such consequences.

10.     Accordingly, Anixter objects to the Procedures Motion and respectfully requests that the Debtors be required to provide notices of the proposed assumption and assignment of any Enterprise Portfolio contracts with Anixter sufficiently *in advance* of the Sale Hearing to permit Anixter to assess the potential impact of the proposed transaction on its various rights and interests, and to file any objections, including objections to the sale as a whole, that it may deem necessary.  In order to provide minimally sufficient notice in this regard, Anixter submits that the Debtor must be required to serve any notices of the proposed assumption and assignment of any of the Enterprise Portfolio contracts on Anixter either (a) at least ten (10) days prior to the deadline for objections to the Debtors' motion for approval of the proposed sale, or (b) at least ten (10) days prior to the Sale Hearing, provided that Anixter can file any objection to the proposed sale on the day before the Sale Hearing.

WHEREFORE, Anixter respectfully requests that the Court

(a) sustain this Objection;

(b) grant the Procedures Motion only on the express condition that the Debtors be required to serve any notices of the proposed assumption and assignment of any of their Enterprise Portfolio contracts with Anixter either (i) at least ten (10) days prior to the deadline for objections to the Debtors' motion for approval of the proposed sale, or (ii) at least ten (10) days prior to the Sale Hearing, provided that Anixter can file any objection to the proposed sale on the day before the Sale Hearing; and

(c) afford Anixter such other and further relief as this Court may deem just and proper.

Dated: July 31, 2009

**ANIXTER INC.**

By:    /s/Ayesha Chacko
       Marla R. Eskin (#2989)
       Ayesha Chacko (#4994)
       800 N. King St., Suite 300
       Wilmington, DE  19899
       (302) 426-1900 (phone)
       (302) 426-9947 (fax)
       meskin@camlev.com
       achacko@camlev.com

       *-and-*

       Jon C. Vigano (Illinois #6257850)
       Patricia J. Fokuo (Illinois #6277431)
       SCHIFF HARDIN LLP
       6600 Sears Tower
       Chicago, IL  60606-6473
       (312) 258-5500 (phone)
       (312) 258-5700 (fax)
       jvigano@schiffhardin.com
       pfokuo@schiffhardin.com

       ***Counsel for Anixter Inc.***

LF\6073807.2