# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re*                                              : Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                   : Case No. 09-10138 (KG)
:
          Debtors.            : Jointly Administered
:
: RE: D.I.s 852, 894, 1010, and __1085__
:
---------------------------------------------------------X

## ORDER CLARIFYING RELIEF GRANTED IN THE FINAL ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO ONE OR MORE LETTER OF CREDIT AND BONDING FACILITIES AND (II) GRANTING RELATED RELIEF PURSUANT TO SECTIONS 105, 361, 362, 363 AND 364 OF THE BANKRUPTCY CODE [D.I. 1010]

Upon the motion dated July 15, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases, including NN CALA (the "Debtors"), for entry of a supplemental order, as more fully described in the Motion, clarifying the Final Order (I) Authorizing the Debtors to Enter into One or More Letter of Credit and Bonding Facilities and (II) Granting Related Relief Pursuant to Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code [D.I. 1010] with respect to the aggregate commitments that may be entered into under the Final Order; and the Court having considered the L/C and Bonding Motion, the Doolittle Declaration, and the evidence and arguments submitted at the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

interim hearing held on June 11, 2009 (the "Interim Hearing"), and the evidence and arguments submitted at the final hearing held on June 26, 2009 (the "Final Hearing"); and this Court having entered on June 11, 2009 an interim order (the "Interim Order") authorizing the entry into certain L/C and Bonding Facilities on an interim basis as more fully set forth in the Interim Order; and this Court having entered on June 30, 2009, the Final Order authorizing the entry into certain L/C and Bonding Facilities on a final basis as more fully set forth in the Final Order; and adequate notice of the L/C and Bonding Motion, the Interim Hearing, the Final Hearing and the Motion having been provided in accordance with Bankruptcy Rules 4001(b), (c) and (d) and 9014; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest and is essential for the continued operation of Debtors' businesses; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Final Order is hereby incorporated by reference as if set forth herein in its entirety.

3. Subject to the terms of the Final Order, including compliance with the procedures set forth in the Final Order, the Debtors are authorized, but not directed, to (i) enter into L/C and Bonding Facilities that collectively permit the issuance of a face amount of performance bonds

and/or letters of credit greater than $30,000,000 so long as the Debtors do not request the issuance of performance bonds and/or letters of credit from the Sureties / Financial Institutions in an amount greater than $30,000,000 and (ii) post any cash collateral necessary to secure such performance bonds and/or letters of credit, even if the amount of such collateral exceeds $30,000,000.

4.  Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

5.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August 3, 2009
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE