**Attachment 2**

## SUPPLEMENTAL LIST OF THE DEBTORS' UTILITY COMPANIES
## (ACCOUNTS OF NORTEL NETWORKS (CALA) INC.)

| UTILITY | UTILITY ADDRESS | TYPE OF UTILITY | ACCOUNT NO. |
|---|---|---|---|
| Florida Power & Light | 9250 West Flagler Street<br>Miami, FL 33174 | Electric | 90497-11436 |
| City of Sunrise | C/o Utilities<br>777 Sawgrass Corporate Parkway<br>Sunrise, FL 33325 | Water and Sewer | 126029-115296 |

1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------x
:
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
: RE: D.I. 8
:
------------------------------------------------------x

## FINAL ORDER (I) RESTRAINING UTILITY COMPANIES FROM DISCONTINUING, ALTERING OR REFUSING SERVICE, (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT

Upon the motion dated January 14, 2009 (the "Motion")[2] of Nortel Networks Inc. and certain of its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (collectively the "Debtors"), for entry of an interim and final order pursuant to section 366 of the Bankruptcy Code (i) prohibiting Utility Companies from altering, refusing or discontinuing services to the Debtors on the basis of the commencement of these cases or on account of any unpaid invoice for service provided prior to the Petition Date; (ii) deeming Utility Companies adequately assured of future performance upon receipt of the Adequate Assurance Deposit; and (iii) establishing procedures for determining requests for additional adequate

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

assurance, each as more fully described in the Motion; and upon consideration of the Declaration of John Doolittle in Support of First Day Motions and Applications, filed concurrently with the Motion; and the Court having entered an order (the "Interim Order") approving the relief requested in the Motion on an interim basis on January 15, 2009; and it appearing that the objections to the Motion raised by (i) Public Service Company of North Carolina, Incorporated (Docket No. 176) and (ii) Duke Energy Carolinas LLC, Long Island Lighting Company d/b/a LIPA, KeySpan Gas East Corporation d/b/a National Grid, Colonial Gas Company d/b/a National Grid, Massachusetts Electric Company d/b/a National Grid and the Commonwealth Edison Company (Docket No. 185) have been consensually resolved and withdrawn; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion and Declaration establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in this proceeding; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is hereby GRANTED on a final basis, as set forth herein.

2. The Debtors shall pay on a timely basis in accordance with their prepetition practices all undisputed invoices in respect of postpetition utility services rendered by the Utility Companies to the Debtors.

3. Any undisputed charge for utility services furnished by any Utility Company to the Debtors postpetition shall constitute an administrative expense of the Debtors' chapter 11 cases in accordance with sections 503(b) and 507(a)(1) of the Bankruptcy Code.

4. Nothing in this Order or the Motion shall be deemed to constitute postpetition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code.

5. Each of the Utility Companies is forbidden to (i) alter, refuse or discontinue service to the Debtors, solely on the basis of the commencement of these cases or on account of any unpaid invoice for service provided prior to the Petition Date, and (ii) require the payment of a deposit or other security in connection with the Utility Company's continued provision of utility services, including, but not limited to, the furnishing of gas, heat, electricity, water, telephone, telecommunication or any other utility of like kind, to the Debtors.

6. Johnson Controls Inc. and National Information Solutions Cooperative shall continue to manage the pass-through payment of the Debtors' electric, gas, water and sewage utility invoices, and are directed to make such payments to the respective Utility Companies, and are prohibited from holding, using or setting off such payments for their own benefit or the benefit of the Utility Companies. Similarly, JCI and NISC are directed to continue to manage the pass-through payment of the Debtors' rent payments and are directed to make such payments to the respective landlords and are prohibited from holding, using or setting off such payments for their own benefit or the benefit of the Debtors' landlords.

7. Notwithstanding paragraph 6 hereof, the Debtors are authorized, in their sole discretion and in accordance with the terms of this Order, to make payments directly to Utility Companies and their landlords, should they choose to do so.

3

8.  The Debtors shall, within 20 business days of the Petition Date, place a deposit (the "Adequate Assurance Deposit") equal to the aggregate approximate cost of two weeks of utility services, calculated as a historical average over the past 12 months, into an interest-bearing, newly created segregated account ("Utility Deposit Account"), except to the extent that (i) a Utility Company agrees to a lesser amount, (ii) a Utility Company does not already hold a deposit equal to or greater than two weeks of utility services, and (iii) a Utility Company is not currently paid in advance for its services.

9.  The Debtors may adjust the Adequate Assurance Deposit to account for the termination of utility services by the Debtors or other arrangements with respect to adequate assurance of payment reached with a Utility Company (including as enumerated above); provided, however, that the Debtors shall notify the official committee of unsecured creditors (the "Committee") before making such adjustment. Upon receipt of such notice, the Committee shall have two business days to notify the Debtors of any objection to the proposed adjustment. If the Committee informs the Debtors that it has no objection or fails to notify the Debtors that it objects within two business days, the Debtors may make such proposed adjustment. If the Committee does object, and if the dispute remains unresolved after three business days, the Committee may file an objection with the Court and the dispute shall be resolved at the next scheduled Omnibus Hearing. Pending resolution of a dispute over adjustments to the Adequate Assurance Deposit, Utility Companies shall be prohibited from terminating service to the Debtors.

10. To the extent the Debtors become delinquent with respect to a Utility Company's account, such Utility Company may file a notice of delinquency (the "Delinquency Notice") with the Court and serve such notice on (i) Nortel Networks Inc., 220 Athens Way,

4

Suite 300, Nashville, TN 37228, Attn: Lynn C. Egan, Esq.; (ii) Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: James L. Bromley, Esq.; (iii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899-1347, Attn: Derek C. Abbott, Esq.; (iv) counsel to the Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Fred S. Hodara, Esq. & Ryan C. Jacobs, Esq.; and (v) the United States Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801. Such Delinquency Notice should (i) be made in writing; (ii) set forth the amount the delinquency; (iii) set forth the location for which utility services are provided; and (iv) provide the Debtors' account number with the Utility Company.

11. If the Debtors have not cured an alleged delinquency and no Party in Interest has objected to the Delinquency Notice within 10 days of the receipt of the Delinquency Notice, then the Debtors shall remit (in the form of a check or wire transfer) to such Utility Company from the Adequate Assurance Deposit the lesser of (i) the amount allocated to the Adequate Assurance Deposit for such Utility Company's account and (ii) the amount of postpetition charges claimed as delinquent in the Delinquency Notice.

12. If a Party in Interest has objected to the Delinquency Notice, then the Court shall resolve the dispute at the next scheduled Omnibus Hearing and determine whether a payment should be remitted from the Adequate Assurance Deposit and, if such payment is warranted, how much shall be remitted.

13. All Utility Companies that have been served with notice and a copy of the Interim Order and that have not timely filed a request for an Additional Assurance Request on or before 10 business days after the Petition Date are deemed to have waived such Additional Assurance Request and are deemed to be adequately assured of future payment under the terms

of the Proposed Adequate Assurance, as required by section 366 of the Bankruptcy Code; provided, however, that in the event of a post-petition default or extraordinary change in utility usage from a particular utility company the applicable Utility Company may seek relief under section 366(c)(3)(A).

14. Any Additional Assurance Request must be (i) made in writing; (ii) set forth the amount and form of additional assurance of payment requested; (iii) set forth the location for which utility services are provided; (iv) include a summary of the Debtors' payment history relevant to such Utility Company, including any security deposits and whether the Debtors are paying for utility service in advance; and (v) set forth why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

15. Upon the Debtors' receipt of any Additional Assurance Request from a Utility Company, the Debtors shall have the longer of (i) 10 business days from the receipt of such Additional Assurance Request or (ii) 25 days from the Petition Date to reach a consensual agreement with such Utility Company to resolve a Utility Company's request for additional assurance of future payment, subject to the Committee's right to notice and opportunity to object enumerated below.

16. The Debtors may resolve any Additional Assurance Request by mutual agreement with a Utility Company without further order of the Court and may, in connection with any such agreement, in their discretion, provide a Utility Company with additional adequate assurance of future payment, including but not limited to cash deposits, prepayments and/or other forms of security, without further order of this Court, if the Debtors believe such additional assurance is reasonable. Upon reaching a consensual resolution with a Utility Company, the

Debtors shall notify the Committee of the proposed resolution of the Adequate Assurance Request. Upon receipt of such notice, the Committee shall have two business days to notify the Debtors and the Utility Company at issue of any objection to the proposed resolution. If the Committee informs the Debtors that it has no objection or fails to notify the Debtors that it objects within two business days, the Debtors may proceed with the proposed resolution without further order of the Court. If the Committee does object, the Debtors shall have three business days from receipt of the Committee's objection to reach a consensual agreement with the Committee and the Utility Company at issue.

17. At the conclusion of the periods prescribed above, if the Debtors have been unable to reach a consensual resolution with the Committee and/or the Utility Company, the Debtors will request that this Court resolve the disputed Additional Assurance Request pursuant to section 366(c)(3) of the Bankruptcy Code at the next scheduled Omnibus Hearing.

18. Pending resolution of the Additional Assurance Request under each of the procedures described above, the Utility Company at issue shall be prohibited from discontinuing, altering or refusing service to the Debtors, including on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

19. Service of this Final Order shall be made on the Utility Companies listed on Exhibit A to the Motion by first-class mail no later than three business days after the entry of this Order.

20. The Debtors may file with the Court a supplement to Exhibit A to the Motion adding the name of any Utility Company not listed on Exhibit A but subsequently identified; provided, however, that the Debtors shall notify the Committee before taking such action. Upon receipt of such notice, the Committee shall have two business days to notify the

Debtors of their objection to the proposed supplement. If the Committee informs the Debtors that it has no objection or fails to notify the Debtors that it objects within two business days, the Debtors may file the proposed supplement to Exhibit A. If the Committee does object, the Debtors shall have three business days from receipt of the Committee's notice to resolve the dispute with the Committee. If the dispute remains unresolved after three business days, the Committee shall file its objection with the Court and the dispute shall be resolved at the next scheduled Omnibus Hearing. Pending resolution of a dispute over a proposed supplement to Exhibit A, the Utility Companies that the Debtors propose to include in Exhibit A shall be prohibited from terminating service to the Debtors. If the Committee has failed to object to the Debtors' proposed supplement or the Court has resolved any dispute over the proposed supplement, the Debtors shall serve a notice and a copy of this Order by first-class mail upon the Utility Companies it proposes to add to Exhibit A to the Motion.

21.  Within 20 business days of serving this Order upon such subsequently identified Utility Company, the Debtors shall place an Adequate Assurance Deposit for such Utility into the Utility Deposit Account, except to the extent that (i) such Utility Company agrees to a lesser amount, (ii) such Utility Company does not already hold a deposit equal to or greater than two weeks of utility services, and (iii) such Utility Company is not currently paid in advance for its services; provided, however, that the Debtors shall first consult with the Committee and give it opportunity to object under the conditions described above in paragraph 9.

22.  The procedures described above in paragraphs 10-12 for the filing and resolution of a Delinquency Notice shall also apply to any Utility Company not listed on Exhibit A to the Motion but subsequently identified in accordance with the procedures set forth herein.

8

23. Any subsequently identified Utility Company desiring additional assurance of future payment in the form of deposits, prepayments or otherwise must serve an Additional Assurance Request upon the Debtors, so that it is received on or before 10 business days from the date of service of this Order, at the following addresses: (i) Nortel Networks Inc., Attn: Lynn C. Egan, Esq., 220 Athens Way, Suite 300, Nashville, TN 37228; (ii) Cleary Gottlieb Steen & Hamilton LLP, Attn.: James L. Bromley, Esq., One Liberty Plaza, New York, New York 10006; and (iii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899-1347, Attn: Derek C. Abbott, Esq.

24. Subsequently identified Utility Companies that do not timely file a request for an Additional Assurance Request shall be deemed to have waived such Additional Assurance Request and shall be deemed to be adequately assured of future payment under the terms of the Proposed Adequate Assurance, as required by section 366 of the Bankruptcy Code; provided, however, that in the event of a post-petition default or extraordinary change in utility usage from a particular utility company the applicable Noticed Utility may seek relief under section 366(c)(3)(A).

25. The Additional Assurance Request procedures described above in paragraphs 14-18 shall also apply to any Utility Company not listed on Exhibit A to the Motion but subsequently identified in accordance with the procedures set forth herein.

26. With respect to any entity, its inclusion or exclusion from Exhibit A to the Motion or any subsequently filed supplement to such Exhibit A to the Motion shall be without prejudice to the right of the Debtors to assert that such entity is or is not a utility company or a provider of utility services for purposes of section 366 of the Bankruptcy Code and this Order.

27. With respect to Verizon Communications Inc. and Cellco Partnership d/b/a Verizon Wireless and their affiliates ("Verizon"), the relief sought in the Motion shall be addressed at the February 19, 2009 Omnibus Hearing and prior to this hearing the Debtors are authorized to resolve any Adequate Assurance Request with Verizon in accordance with the procedures set forth herein.

28. Public Service Company of North Carolina, Incorporated, Duke Energy Carolinas LLC, Long Island Lighting Company d/b/a LIPA, KeySpan Gas East Corporation d/b/a National Grid, Colonial Gas Company d/b/a National Grid, Massachusetts Electric Company d/b/a National Grid and the Commonwealth Edison Company are excepted from the terms of the Interim Order and this Final Order.

29. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry; (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

30. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: February 15, 2009
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE