IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re*                                                      : Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                           : Case No. 09-10138 (KG)
:
          Debtors.   : Jointly Administered
:
:
------------------------------------------------------------X

## DEBTORS' MOTION FOR AN ORDER SHORTENING NOTICE OF DEBTORS' MOTION FOR AN ORDER (I) APPROVING AND AUTHORIZING THE DEBTORS TO ENTER INTO AND DELIVER A NEW LEASE AND RELATED DOCUMENTS BY AND BETWEEN NORTEL NETWORKS INC. AND THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, (II) APPROVING THE ABANDONMENT OF PERSONAL PROPERTY, AND (III) WAIVING THE LANDLORD'S REJECTION DAMAGES

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to section 102(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (a) shortening notice to allow the Debtors' Motion for the entry of an order authorizing (i) the Debtors to enter into and deliver a lease agreement (the "New

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Lease") by and between The Prudential Insurance Company of America (the "Landlord" and, together with NNI, the "Parties"), as landlord, and NNI, as tenant, for premises located at 4555 Great American Parkway, Santa Clara, California (the "Premises"); (ii) the Debtors to abandon any personal property located at the Former Locations in accordance with the Abandonment Procedures Order; and (iii) the Landlord's waiver of any and all lease rejection or termination damages pursuant to Bankruptcy Code section 365 or 502(b)(6) with respect to the Existing Lease (the "Prudential Lease Motion"), to be considered on an expedited basis; and (b) granting such other and further relief as is just and proper. In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 102(1) and 105 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## **Background**

A. **Introduction**

3. On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February 27, 2009, this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. In addition, at 8 p.m. (London time) on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates (collectively, the "EMEA

---

[2] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

3

Debtors")[3] into administration under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators"). On May 28, 2009, at the request of the Administrators, the Commercial Court of Versailles, France (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA will continue to operate as a going concern for an initial period of three months. In accordance with the European Union's Council Regulation (EC) No 1346/2000 on Insolvency Proceedings, the English law proceedings (the "English Proceedings") remain the main proceedings in respect of NNSA. On June 8, 2009, Nortel Networks UK Limited ("NNUK") filed petitions in this Court for recognition of the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On June 26, 2009, the Court entered an order recognizing the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

6. On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

7. On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142]. An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the

---

[3] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

4

Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

8. On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc. ("NN CALA" and a Debtor with NNI and its affiliates), an affiliate of NNI, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On July 17, the Court entered orders approving the joint administration and consolidation of NN CALA's chapter 11 case with the other Debtors' chapter 11 cases for procedural proposes [D.I. 1098], and applying to NN CALA of certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1099].

**B.    Debtors' Corporate Structure and Business**

9. A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3] (the "First Day Declaration").[4]

**Relief Requested**

10. By this Motion, the Debtors seek an order (a) shortening the notice period for the Prudential Lease Motion; and (b) granting them such other and further relief as the Court deems just and proper.

**Facts Relevant to this Motion**

11. As set forth more fully in the Prudential Lease Motion, as of the Petition Date, the Debtors were lessees under approximately seventy-five (75) leases of non-residential real property. Since the Petition Date, the Debtors have rejected forty-six (46) leases and three (3) leases have expired by their terms in the ordinary course of business. Thus, the Debtors are

---

[4] Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

5

currently lessees under approximately twenty-six (26) unexpired leases of non-residential real property, including the Existing Lease.[5]

12.    On May 7, 2009, this Court entered an Order Pursuant to Section 365(d)(4) of the Bankruptcy Code Extending The Deadline By Which The Debtors Must Assume Or Reject Unexpired Leases Of Nonresidential Real Property, extending the Debtors' time to assume or reject unexpired leases of nonresidential real property through and including August 12, 2009 [D.I. 717] (the "First Extension Order").

13.    On June 26, 2009, this Court entered an Order Under 11 U.S.C. 363(b)(1) And 365(d)(4) Granting Extension Of The Deadline By Which The Debtors Must Assume Or Reject Unexpired Leases Of Non-Residential Real Property Upon Receipt Of Written Consent From Lessors, extending the deadline by which the Debtors must assume or reject an unexpired lease of nonresidential real property upon the Debtors' receipt of a landlord's written consent to such extension [D.I. 965] (the "Second Extension Order").

14.    The Debtors understand that there is no time available on the Court's schedule on or before August 12, 2009 to schedule a hearing to consider the Motion. The next omnibus hearing scheduled in this matter is set for August 18, 2009. The Debtors asked the Landlord to consent to extending the deadline by which the Debtors must assume or reject the Existing Lease pursuant to the Second Extension Order to August 18, 2009. The Landlord has refused to grant the Debtors such an extension. As a result, the Existing Lease will be deemed rejected as of

---

[5] The Leases include all unexpired leases of nonresidential real property to which the Debtors are lessees and have not been previously assumed or rejected. To the extent additional leases of nonresidential real property to which the Debtors are parties exist, the Debtors are seeking an extension of time to assume or reject those leases as well. For purposes of this Motion, the Debtors may have included certain instruments or financing arrangements that are not true leases, but are included as Leases for the purposes of this Motion in an abundance of caution, so that such instruments will not be deemed automatically rejected if they are found to be true leases after the 120 day period for assumption or rejection allowed by Section 365(d)(4) of the Bankruptcy Code has elapsed. Inclusion or omission of any instrument as a lease does not constitute an admission by the Debtors that such instrument is or is not a true lease or otherwise.

August 12, 2009. Through this Motion, the Debtors seek to enter into the New Lease as of August 18, 2009. The Landlord has offered the Debtors no comfort that they will agree to a hearing to consider the Motion beyond August 18, 2009. However, the Landlord has agreed that it will refrain from exercising any remedies or lease enforcement actions available to Prudential under federal and/or state law against the Debtors during the period from August 12, 2009 through and including August 24, 2009. Pursuant to the Prudential Lease Motion, the Debtors have reserved all of their rights and defenses should the Landlord take any action, including without limitation making any demands to vacate the Premises, whether under bankruptcy law or pursuant to state eviction proceedings.

15.  Over the past several weeks, the Parties have worked tirelessly to negotiate the terms of the New Lease. These negotiations are nearly complete. The Parties have agreed upon the material terms of the New Lease and anticipate that it will be executed shortly, but in any event prior to the requested hearing on August 18, 2009. Court approval is a condition to the effectiveness of the New Lease.

## Basis for Relief

16.  Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). As set forth below, shortening notice is justified here.

17.  The negotiation of the New Lease is still ongoing. The Landlord has denied the Debtors' request to extend the deadline by which the Debtors must assume or reject the Existing Lease pursuant to the Second Extension Order, and as a result the Existing Lease will be deemed rejected on August 12, 2009. The Debtors seek approval of the New Lease on the next hearing

date scheduled in these cases in order to ensure that there is a lease in place to govern the Debtors' tenancy at the Premises as quickly as possible.

18.     For these reasons, the Debtors respectfully submit that allowing the Prudential Lease Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

## Notice

19.     Notice of the Motion has been given via overnight mail to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; (iv) counsel to the Landlord; and (v) the general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

20.     No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: August 7, 2009
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*