IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
                                                         :
                                                         :   Chapter 11
*In re*                                                  :
                                                         :   Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                       :
                                                         :   Jointly Administered
                        Debtors.                         :
                                                         :   **RE: D.I. 1295**
---------------------------------------------------------X

### ORDER (I) APPROVING AND AUTHORIZING THE DEBTORS TO ENTER INTO AND DELIVER A NEW LEASE AND RELATED DOCUMENTS BY AND BETWEEN NORTEL NETWORKS INC. AND THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, (II) APPROVING THE ABANDONMENT OF PERSONAL PROPERTY LOCATED AT SUCH PREMISES, AND (III) WAIVING THE LANDLORD'S REJECTION DAMAGES

Upon the motion dated August 6, 2009 (the "Motion"),[2] of Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases, including NN CALA (the "Debtors"), for entry of an order, as more fully described in the Motion, authorizing (i) the Debtors to enter into and deliver a lease agreement (the "New Lease"), by and between The Prudential Insurance Company of America (the "Landlord" and, together with NNI, the "Parties"), as landlord, and NNI, as tenant, for premises located at 4655 Great American Parkway, Santa Clara, California (the "Premises"); (ii) the Debtors to abandon

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

any personal property located at the Former Locations in accordance with the Abandonment Procedures Order; (iii) the Landlord's waiver of any and all lease rejection or termination damages pursuant to Bankruptcy Code section 365 or 502(b)(6) with respect to the Existing Lease; and (iv) granting such other and further relief as is just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized, but not directed, to enter into the New Lease and to deliver it to the Landlord.

3. The Debtors are authorized to enter into such additional instruments and documents and to take such additional actions as are necessary or appropriate to implement the New Lease.

4. The Debtors are authorized to abandon Personal Property at the Former Locations in accordance with the procedures set forth in the Abandonment Procedures Order. Nortel shall vacate the Former Locations within sixty days of the execution of the New Lease, as per the terms of the New Lease.

5. The Landlord has waived, and may not seek from the Debtors, any and all claims for termination or rejection damages or any other damages to which Landlord may have been entitled under 11 U.S.C. Sections 365 or 502(b)(6) with respect to the termination or rejection of the Existing Lease.

6. Upon and effective as of the date of the execution of the New Lease by the Parties, any and all claims, actions, causes of action, losses, damages, rights, suits and demands whatsoever (the "Claims"), that the Parties have or may have against each other relating to or arising out of the Existing Lease shall be released and waived without need for further court order, whether such Claims are known or unknown, fixed or contingent, liquidated or unliquidated, asserted or unasserted, or arise in law or equity; provided, however, that this Order shall not affect the distribution to the Debtors of their share of any realty tax rebate received by the Landlord in connection with taxes paid under the Existing Lease.

7. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August 18, 2009
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE