IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| Nortel Networks Inc., *et al.*, ) | Case No. 09-10138(KG) |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | **Re: Dkt Nos. 1070 & 1220** |

### ORDER DENYING THE MOTION OF ROBERT J. CABRAL FOR DEFERRED COMPENSATION, SEVERANCE AND DEFAULT JUDGMENT

The Court has considered the Motion of Robert J. Cabral for Deferred Compensation, Severance and Default Judgment (D.I. 1070), Debtors Objection to the Motion (D.I. 1220), and the arguments of the parties at the hearing on August 4, 2009. For the reasons stated below,

IT IS ORDERED that the Motion for Deferred Compensation, Severance and Default Judgment is DENIED.

The Court is very sensitive to the circumstances of this and similarly situated former employees. The movant, Mr. Cabral, seeks $190,280 in severance pay and stock losses from Nortel Networks (the "Debtors"). The Bankruptcy Code, however, has established specific rules and procedures with respect to the administration of claims which do not allow this Court to mandate that the Debtors resolve Mr. Cabral's claim at this time.

One of the primary objectives of the bankruptcy process is equality of distribution of the bankruptcy estate to deserving creditors. The Code achieves this goal through various provisions, among them, (1) the priority scheme under 11 U.S.C. §507, (2) the automatic stay

which provides a debtor breathing space during the course of its bankruptcy case under §362, (3) the fraudulent conveyance and preference payment provisions which allow a debtor in possession or trustee to recover certain pre-petition payments that were made out of step with the Code's equality in distribution scheme under §§547 and 549, and (4) the sections at issue, those dealing with the claims process. Section 501 allows and often mandates that creditors file proofs of claim against the debtor. The debtor sets a court-approved bar date by which creditors must file their claims, after which the debtors are better able to determine the proper distribution of the estate to the various classes of claims through the plan process, ensuring equality among all creditors as well as equal distribution to each member of a particular class. If a debtor were to make payments to claimants prior to the effective date of the plan, let alone prior to the bar date, it could create a situation where similarly situated creditors receive a greater distribution than their class members or even higher priority creditors. The Bankruptcy Code mandates otherwise.

In this case, the Court and the parties recognize the unfortunate situation of the movant and other former employees of the Debtors, but must respect and comply with the provisions of the Code to ensure fairness to *all* claimants in these proceedings. The Court can only determine whether and to what extent Mr. Cabral's claims are unique in the context of other claimants which the Court cannot do at this time because the claims process is at its earliest stages. Granting Mr. Cabral the relief he requests may lead to an unequal and inequitable distribution.

Accordingly, IT IS ORDERED this 18th day of August, 2009, that the Motion is DENIED without prejudice.

_____
KEVIN GROSS, U.S.B.J.