IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTEL NETWORKS Inc, et al.[1], | ) | Case No. 09-10138 (KG) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Objection Deadline: September 9, 2009 @ 4:00 p.m. |

**SECOND MONTHLY APPLICATION OF LAZARD FRERES & CO. LLC, FINANCIAL ADVISOR AND INVESTMENT BANKER TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MAY 1, 2009 THROUGH MAY 31, 2009**

| | |
|---|---|
| Name of Applicant: | **Lazard Frères & Co. LLC** |
| Authorized to Provide Professional Services to: | **Debtors and Debtors-in-Possession** |
| Date of Retention: | **March 20, 2009** *nunc pro tunc* **January 14, 2009** |
| Period for which compensation and/or reimbursement is sought: | **May 1, 2009 through May 31, 2009** |
| Amount of Compensation sought as actual, reasonable, and necessary: | **$250,000.00**[2] |
| Amount of Expenses sought as actual, reasonable, and necessary | **$60,669.79** |
| Total Compensation and Expense Reimbursement Requested: | $310,669.79 |
| Less: Amounts Paid to Date: | ($31,228.77)[3] |
| Net Amount of Compensation Requested: | $279,441.02 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation ("NNCC") (9620), Nortel Allsystems Inc. (9769), Nortel Allsystems Inernational Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CorTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions which are available at http://chapter11.epiqsystems.com/nortel.

[2] Lazard's retention was approved at a rate of $250,000.00 per month pursuant to the terms of the Amended Engagement Letter dated March 16, 2009 (the 'Engagement Letter').

[3] Prior to the petition date the Debtors paid Lazard a $150,000.00 expense retainer. Lazard has applied $31,228.77 of the pre-petition retainer towards certain post-petition costs incurred. After applying $31,228.77, the unapplied balance of the expense retainer is $0.00.

This is a:  _X_ monthly     ___ interim     ___ final application

The total time expended for fee application preparation was approximately 7.5 hours.

Summary of Monthly Fee and Expense Invoices for the Compensation Period:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Paid Fees | Paid Expenses |
|---|---|---|---|---|---|
| 06/25/09 | 01/14/09-04/30/09 | $895,161.29 | $75,312.95 | $645,161.29 | $75,312.95 |
| Current | 05/01/09-05/31/09 | 250,000.00 | 60,669.79 | 0.00 | 31,228.77 |

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTEL NETWORKS Inc, et al.[1], | ) | Case No. 09-10138 (KG) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Objection Deadline: September 9, 2009 @ 4:00 p.m. |
| | | Hearing Date TBD |

**SECOND MONTHLY APPLICATION OF LAZARD FRERES & CO. LLC, FINANCIAL ADVISOR AND INVESTMENT BANKER TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MAY 1, 2009 THROUGH MAY 31, 2009**

Lazard Frères & Co. LLC, ("Lazard"), Investment Banker and Financial Advisor to Nortel Networks, Inc.("Nortel"), and certain of its subsidiaries and affiliates (collectively, the 'Debtors") hereby submits its Second Monthly Fee Application (the "Application") pursuant to sections 331 of title 11 of the United States Code (the "Bankruptcy Code) and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for an allowance of compensation for professional services rendered and for reimbursement of actual and necessary expenses incurred in connection with such services from May 1, 2009 through and including May 31, 2009 (the "Compensation

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation ("NNCC") (9620), Nortel Allsystems Inc. (9769), Nortel Allsystems Inernational Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CorTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions which are available at http://chapter11.epiqsystems.com/nortel.

Period") as set forth in their engagement letter (the "Engagement Letter"), attached hereto as **Exhibit A**. Pursuant to the Administrative Order of this Court dated February 4, 2009 [Docket No. 128] approving procedures for interim compensation and reimbursement of professionals, Lazard seeks interim allowance in aggregate amount of **$310,669.79** for financial advisory services provided to the debtors. Of this amount, $31,228.77 has already been paid, resulting in a net amount requested of $279,441.02. In support of this Application, Lazard respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157 (b) (2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On January 14, 2009 (the "Petition Date"), the debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code. Pursuant to sections 1107 and 1108 the Bankruptcy Code, the debtors have continued to operate their businesses and manage their properties as debtors in possession since the Petition Date

3. This Application is submitted pursuant to the terms of the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses dated February 4, 2009 (the "Administrative Order").

4. On March 20, 2009, this Court entered certain Order Pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules") authorizing the retention and employment of Lazard Freres & Co. LLC as financial advisor and investment banker to the Debtors nunc pro tunc to the petition date.(the "Retention Order"), attached hereto as **Exhibit B.**

## COMPENSATION REQUEST

Lazard seeks allowance of compensation for professional services rendered to the Debtor during the Compensation Period in the aggregate amount of $250,000.00 and for reimbursement of expenses incurred in connection with the rendition of such services in the aggregate amount of $60,669.79, for a total award $310,669.79 (the "Total Compensation Amount").

5. For the convenience of the Court and all parties in interest, attached hereto as **Exhibit C** is a summary setting forth the name of each professional for whose work on these reorganization cases compensation is sought.

## SUMMARY OF SERVICES

6. The Managing Directors, Vice Presidents, Associates and Analysts of Lazard who have rendered professional services during the Compensation Period in these cases are as follows: Terry Savage (Managing Director); Larry Grafstein (Managing Director); Michael Murray (Managing Director); David Descoteaux (Managing Director); Cyrus Kapadia (Managing Director); Sumeet Mehra (Vice President); Matthew Hart (Vice President); Aldo Polak (Vice President); Ian Mombru (Vice President); Colin Keenan (Associate); Kshitij Bahtia (Associate); Greg Healey (Associate); Todd Breeden (Analyst); Nicholas Page (Analyst); Paz Eshel (Analyst); Edouard Gueyffier (Analyst) and Matthew Carey (Analyst).

7. During the Compensation Period, the Debtors relied heavily on the experience and expertise of the above-named persons in dealing with matters described in Paragraph 8. As a result, Lazard's highly skilled restructuring professionals devoted significant time and effort to perform properly and expeditiously the required professional services.

8. A summary of some of the services rendered by Lazard during the Compensation Period are as follows:

a) <u>Assistance with General Bankruptcy</u>: Lazard professionals have participated in weekly planning sessions and other periodic meetings with the Debtor and its legal counsel concerning process and strategy issues related to the bankruptcy. In addition, Lazard has participated in numerous meetings of the Debtor's Board of Directors.

b) <u>Meetings/Calls with Company Management</u> - Lazard professionals have participated in calls and meetings with Company management to discuss the Chapter 11 process and strategy. Lazard also participated in calls and meetings with the management team to assist in the preparation and review the Company's presentations prior to distribution to the various Creditor financial and legal advisors.

c) <u>M&A Processes</u>: Lazard professionals conducted full-scale M&A processes for various Debtor assets and entities that included the preparation of informational memoranda, multiple rounds of bidding, detailed due diligence and site visits as well as negotiations with potential buyers. This process required Lazard professionals to respond to a host of calls and inquiries from various potential buyers and creditors.

d) <u>Preparation and Participation in Meetings with Creditors</u>: Lazard prepared, reviewed, advised and assisted in the preparation of various presentation materials for each of the Debtor's creditor constituents. In addition, Lazard has engaged in nearly daily conversations with the various creditor advisors.

## CONCLUSION

9. It is respectfully submitted that the amount requested by Lazard is fair and reasonable given (a) the complexity of the issues presented, (b) the time and labor required, (c) the skill necessary to perform the financial advisory services, (d) the preclusion of other

employment, and (e) the customary fees charged to clients in bankruptcy and non-bankruptcy situations.

10. No agreement or understanding exists between Lazard and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

11. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

WHEREFORE Lazard respectfully requests (i) an interim allowance of compensation for professional services rendered during the Compensation Period in the amount of $310,669.79.

| | |
|---|---|
| Total Amount of Compensation Requested: | **$310,669.79** |
| Less: Amounts Paid to Date: | ($31,228.77) |
| Net Amount of Compensation Requested: | **$279,441.02** |

Dated:  August 20, 2009
        New York, New York

LAZARD FRÈRES & CO. LLC

_____
Matthew Hart
Vice President
Lazard Frères & Co. LLC
30 Rockefeller Plaza, 61st Floor
New York, NY 10020
(212/632-6000)
Investment Banker and Financial Advisor
to the Debtors

## VERIFICATION

MATTHEW HART, being duly sworn, deposes and says:

1. I am a Vice President of Lazard Frères & Co. LLC ("Lazard"), which maintains offices for providing investment banking services at 30 Rockefeller Plaza, New York, New York 10020. Lazard has acted as an investment banker and financial advisor to and rendered professional services on behalf of Nortel Networks, Inc., et al. (the "Debtors").

2. This affidavit is submitted pursuant to Bankruptcy Code Rule 2016 in connection with Lazard's application (the "Application") for Allowance of Compensation and Reimbursement of Expenses for the time period of May 1, 2009 through and including May 31, 2009 in the amount of **$310,669.79.**

3. All of the services for which compensation is sought by Lazard were performed for and on behalf of the Debtors and not on behalf of any other person.

4. No agreement or understanding exists between Lazard and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

Matthew Hart
Vice President

Sworn to before this 19 day of August 2009

Notary Public, State of New York

HANNA MURNANE
Notary Public, State of New York
No. 41-4729327
Qualified in Queens County
Commission Expires March 30, 20 10