IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
: 
In re                                                                              : Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                                   : Case No. 09-10138 (KG)
:
                     Debtors.              : Jointly Administered
:
:
---------------------------------------------------------------X


## DECLARATION OF JOHN L. SPENCER IN SUPPORT OF THE DEBTORS' RETENTION OF PALISADES CAPITAL ADVISORS, LLC AS PENSION CO-ADVISOR TO THE DEBTORS AND DEBTORS IN POSSESSION

I, JOHN L. SPENCER, do hereby declare as follows:

1.    I am Managing Director of Perella Weinberg Partners L.P. ("Perella Weinberg"), which maintains an office, among other places, at 767 Fifth Avenue, New York, NY 10153. Additionally, in my individual capacity I am a consultant to Palisades Capital Advisors, LLC ("Palisades"), which has its principal office at 1050 K Street, NW, Washington, DC 20001.

2.    I submit this declaration (the "Spencer Declaration") to supplement the Debtors Application For an Order Authorizing Employment and Retention of Palisades Capital Advisors LLC, *Nunc Pro Tunc* to May 8, 2009 as Pension Co-Advisor to the Debtors and Debtors in

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Possession [D.I. 859] (the "Application"), filed on June 5, 2009, and the declaration of Bradley D. Belt in support of and attached as Exhibit B to the Application (the "Belt Declaration").[2]

3. As set forth in the Application, on May 8, 2009 Nortel Networks Inc. ("NNI"), Palisades and Punter Southall LLC ("Punter Southall," together with Palisades, the "Co-Advisors") entered into a letter agreement (the "Engagement Agreement"). Pursuant to the Engagement Agreement, the Co-Advisors provide pension, financial and related advisory services to the Debtors and their counsel, advisors, and consultants relating to the pension-related liabilities and obligations of the Debtors. On June 26, 2009, this Court authorized the Debtors' retention of the Co-Advisors *nunc pro tunc* to May 8, 2009 [D.I. 988].

4. From June 2007 through July 1, 2009 I served as the Managing Director of Palisades. Palisades is a boutique financial advisory firm that specializes in the provision of pension risk management and restructuring advisory services to various stakeholders. As Managing Director, I worked directly with plan sponsors, investment banking and restructuring firms, credit groups, hedge funds, and private equity firms to benefit the firm's clients.

5. On July 1, 2009, I joined Perella Weinberg as a managing director and left my position as Managing Director of Palisades. In order to minimize the potential adverse impact my departure from Palisades could have had on clients of Palisades with whom I had been working closely, on July 1, 2009 I entered into a general consulting agreement with Palisades whereby I agreed to provide certain consulting services to Palisades with regard to a number of client engagements, including that of NNI, in exchange for a flat monthly fee subject to discretionary upward adjustment. As per the terms of my consulting agreement with Palisades, I

---

[2] Capitalized terms used, but not defined, herein shall have the same meanings as in the Application.

will not share client fees with Palisades, nor will Palisades pass through my consulting fee as an expense to any of Palisades's clients, including NNI.

### Disclosure of Relationship with Parties in Interest

6.  As set forth in the Belt Declaration, in connection with its proposed retention by the Debtors in these cases, I understand Palisades undertook to determine whether it had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest materially adverse to the Debtors. Similarly, I obtained from the Debtors and/or their representatives the names of individuals and entities that may be parties-in-interest in these chapter 11 cases (the "Potential Parties-in-Interest"). I reviewed the list of Potential Parties-in-Interest, attached hereto as Exhibit I, to determine whether I have any connections with the Potential Parties-in-Interest. Upon reviewing my records, I am not currently engaged in my individual capacity by any Potential Party-in-Interest, nor have been so engaged within the last three years.

7.  I may have represented certain Potential Parties-in-Interest (or their related entities) in the past and may have worked with, continue to work with, and/or have mutual clients with, certain accounting and law firms who appear on the Potential Parties-in-Interest list.

8.  The Debtors have numerous customers, creditors and other parties with whom they maintain business relationships and some may not be included as Potential Parties-in-Interest. To the extent that I discover any, or enter into any new, material relationship with Potential Parties-in-Interest, it will use reasonable efforts to supplement this disclosure to the Court.

9.  To the best of my knowledge, (a) nothing within the terms of my general contracting agreement with Palisades would authorize me to seek compensation or payment in

3

connection with these chapter 11 cases, and (b) nothing within the terms of the general contracting agreement permits my sharing in any compensation Palisades receives from the Debtors in these chapter 11 cases. Moreover, Palisades will not pass my general consulting fee on to the Debtors, or any other client of Palisades, as an expense.

10. The Debtors made no payments to me during the 90-day period prior to the Petition Date.

11. Based upon the foregoing, I believe I am a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and do not hold or represent an interest materially adverse to the Debtors or their estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 21, 2009

By: _____
Name: JOHN L. SPENCER