IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
In re                                                    :   Chapter 11
:
Nortel Networks Inc., et al.,[1]                         :   Case No. 09-10138 (KG)
:
            Debtors.           :   Jointly Administered
:
:   **RE: D.I. 24, 195, 371, 686, 1046**
:
---------------------------------------------------------X

### FIFTH SUPPLEMENTAL DECLARATION OF JAMES L. BROMLEY IN SUPPORT OF APPLICATION AUTHORIZING EMPLOYMENT AND RETENTION OF CLEARY GOTTLIEB STEEN & HAMILTON LLP AS COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION

I, JAMES L. BROMLEY, do hereby declare as follows:

1. I am a member of the firm of Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb" or the "Firm") which maintains an office for the practice of law, among other places, at One Liberty Plaza, New York, New York 10006. I am an attorney at law admitted to practice before the courts of the State of New York, the United States Court of Appeals – Second, Third and Ninth Circuits, and the United States District Courts for the District of New Jersey and the Eastern and Southern Districts of New York.

2. I submit this declaration (the "Fifth Supplemental Declaration") to supplement the Application For an Order Authorizing Employment and Retention of Cleary Gottlieb Steen & Hamilton LLP Nunc Pro Tunc to the Petition Date [D.I. 24] (the "Application"), filed on January

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

14, 2009, the declaration of James L. Bromley in support of and annexed as Exhibit A to the Application (the "Initial Declaration"), the Supplemental Declaration of James L. Bromley in support of the Application [D.I. 195] (the "First Supplemental Declaration"), filed on February 2, 2009, the Second Supplemental Declaration of James L. Bromley in support of the Application [D.I. 371] (the "Second Supplemental Declaration"), filed on February 25, 2009, the Third Supplemental Declaration of James L. Bromley in support of the Application [D.I. 686] (the "Third Supplemental Declaration") filed on May 1, 2009, and the Fourth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 1046] (the "Fourth Supplemental Declaration") filed on July 8, 2009.

3. As set forth in the Initial Declaration, in order to ensure compliance with the requirements of chapter 11 of the United States Code (the "Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") regarding the retention of professionals by the Debtors, Cleary Gottlieb undertook to determine whether Cleary Gottlieb had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors. Specifically, I directed a list (the "Conflicts Check List"), attached to the Initial Declaration as Exhibit I, of (i) entities affiliated with or related to the Debtors, (ii) professionals retained by the Debtors in these chapter 11 proceedings, (iii) key creditors of the Debtors and their respective counsel, and (iv) certain other parties in interest in these chapter 11 cases and their respective counsel be submitted to the Firm's Records Department. Cleary Gottlieb's Records Department ran a computerized check of each of these persons or entities against the Firm's client database (the "Client Database") to determine which persons or entities, if any, Cleary Gottlieb currently represents ("Current Clients") or has represented in the past three years ("Former Clients"). A list of Current Clients matching those

entities on the Conflicts Check List is attached to the Initial Declaration as <u>Exhibit II</u>. A list of Former Clients matching those entities on the Conflicts Check List is attached to the Initial Declaration as <u>Exhibit III</u>.

4. As set forth in the Application, Cleary Gottlieb has updated and will continue to update periodically its conflicts review during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.

5. In connection with the fifth such periodic review, I directed the Firm's Records Department to run a computerized check of (i) entities that have filed Notices of Appearance in these chapter 11 cases as of August 17, 2009 but were not included in prior periodic reviews, (ii) Enterprise Networks Holdings B.V., a party who filed an objection in these chapter 11 cases, (iii) Amphenol Corporation, Amphenol Fiber Optics, Andrew, LLC, Avanex, Dell Marketing, LP, Graybar Electric Company, Inc., Staples National Advantage, Starent Networks Corporation, Tyco Electronics, Volex, Inc. and Zyxel Communications, Inc., each parties in interest asserting reclamation claims against the Debtors, and (iv) certain other parties in interest against the Firm's Client Database to determine which person or entities, if any, are Current Clients or Former Clients of Cleary Gottlieb.[2]

6. I am submitting this Fifth Supplemental Declaration in part to disclose that in matters wholly unrelated to these chapter 11 proceedings, Cleary Gottlieb currently represents Parties G, H, I, and J, all parties in interest, in matters wholly unrelated to these chapter 11 proceedings. As detailed above, for confidentiality reasons related to the Debtors' business Cleary Gottlieb is not permitted to disclose the identities of Parties G, H, I, and J.

---

[2] Cleary Gottlieb is not permitted to disclose the identities of the certain other parties in interest for confidentiality reasons related to the Debtors' business. If and when Cleary Gottlieb is permitted to disclose such information, Cleary Gottlieb will do so by filing a supplemental declaration with the court pursuant to Bankruptcy Rule 2014. Cleary Gottlieb will disclose such information in confidence to the Office of the United States Trustee for the District of Delaware if requested to do so.

7. As was disclosed in the Initial Declaration, Cleary Gottlieb represents Silver Lake and TPG, a major firm client, which hold ownership interests in Avaya Inc. ("Avaya"), in matters wholly unrelated to the Debtors' chapter 11 proceedings. On July 20, Nortel Networks Corporation ("NNC"), the Debtors' Canadian non-debtor parent, announced that it, its principal operating subsidiary Nortel Networks Limited ("NNL") and certain of NNL's subsidiaries, including debtor Nortel Networks Inc. ("NNI"), entered into (i) an asset and share sale agreement with Avaya for the sale of its North American, Caribbean and Latin America ("CALA") and Asia Enterprise Solutions business and (ii) an asset sale agreement with Avaya for the Europe, Middle East and Africa ("EMEA") portion of its Enterprise Solutions business for $475 million.

8. Cleary Gottlieb believes that its representations of Party G, Party H, Party I, Party J, Silver Lake, and TPG in matters wholly unrelated to these chapter 11 proceedings are not adverse to the Firm's representation of the Debtors in the above-captioned bankruptcy cases. In the event that any adversary proceeding is required to be commenced as to Party G, Party H, Party I, Party J, Silver Lake, and TPG and any of the entities identified in Exhibit II, or any other then active client of the Firm, the Debtors will retain co-counsel or special counsel to handle such matters.

9. In the Fourth Supplemental Declaration, it was disclosed that Cleary Gottlieb had in the past represented Nokia Siemens Networks B.V. ("NSN") in matters wholly unrelated to the Debtors' chapter 11 proceedings, but had no current attorney-client relationship. A further review of the Firm's records was conducted, the results of which show that while Cleary Gottlieb represented both Nokia Corporation ("Nokia") and Siemens AG ("Siemens") on European Union competition filings in connection with the formation of NSN, the Firm does not and never has represented NSN directly. As was disclosed in the Initial Declaration and the Fourth

-5-

Supplemental Declaration, Cleary Gottlieb represents Nokia and Siemens and affiliates in matters wholly unrelated to the Debtors' chapter 11 proceedings.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 24, 2009.

_____
JAMES L. BROMLEY (No. 5125)