**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------X

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| Nortel Networks Inc., *et al.*,[1] | : | Case No. 09-10138 (KG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | **Hearing date: September 15, 2009 at 9:00 AM (ET)** |
| | : | **Objections due: September 8, 2009 at 4:00 PM (ET)** |

-------------------------------------------------------X

**DEBTORS' MOTION FOR AUTHORIZATION AND APPROVAL**
**OF A STIPULATION BY AND BETWEEN**
**COMPUTER SCIENCE CORPORATION AND NORTEL NETWORKS INC.**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in

possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of

an order substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a) and 553

of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), approving the Stipulation

Regarding the Prepetition Amounts Owed By and Between Computer Science Corporation ("CSC")

and Nortel Networks Inc. (the "Stipulation"), attached hereto as Exhibit B; granting limited relief from

the automatic stay to effectuate the setoff; and granting them such other and further relief as the

Court deems just and proper. In support of this Motion, the Debtors respectfully represent as

follows:

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

## Jurisdiction

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory bases for the relief requested herein are sections 105(a) and 553 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

## Background

### A.     Introduction

3.     On January 14, 2009 (the "Petition Date"), the Debtors, other than NN CALA (defined below), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.     The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.     Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), has filed petitions in this Court for recognition of the Canadian Proceedings as

---

[2]     The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the

Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign

proceeding under section 18.6 of the CCAA. On February 27, 2009, this Court entered an order

recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the

Bankruptcy Code. In addition, at 8 p.m. (London time) on January 14, 2009, the High Court of

Justice in England placed nineteen of Nortel's European affiliates (collectively, the "EMEA

Debtors")[3] into administration under the control of individuals from Ernst & Young LLC

(collectively, the "Joint Administrators"). On May 28, 2009, at the request of the

Administrators, the Commercial Court of Versailles, France (Docket No. 2009P00492) ordered

the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"),

which consist of liquidation proceedings during which NNSA will continue to operate as a going

concern for an initial period of three months. In accordance with the European Union's Council

Regulation (EC) No 1346/2000 on Insolvency Proceedings, the English law proceedings (the

"English Proceedings") remain the main proceedings in respect of NNSA. On June 8, 2009,

Nortel Networks UK Limited ("NNUK") filed petitions in this Court for recognition of the

English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On

June 26, 2009, the Court entered an order recognizing the English Proceedings as foreign main

proceedings under chapter 15 of the Bankruptcy Code.

6.      On January 15, 2009, this Court entered an order of joint administration pursuant

to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that

---

[3]      The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

7.      On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142].  An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group").  No trustee or examiner has been appointed in the Debtors' cases.

8.      On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc. ("NN CALA" and a Debtor with NNI and its affiliates), an affiliate of NNI, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On July 17, the Court entered orders approving the joint administration and consolidation of NN CALA's chapter 11 case with the other Debtors' chapter 11 cases for procedural proposes [D.I. 1098], and applying to NN CALA of certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1099].

**B.      Debtors' Corporate Structure and Business**

9.      A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3] (the "First Day Declaration").[4]

---

[4]      Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

**Relief Requested**

10.     By this Motion, the Debtors seek an order approving the Stipulation, granting

limited relief from the automatic stay to effectuate the setoff, and granting any further relief as

the Court deems just and proper.

**Facts Relevant to this Motion**

11.     NNI and CSC are parties to the Amended and Restated Master Information

Technology Service Agreement, the Master Reseller Agreement and the related contractual

documents, and the Master Services Agreement for Provision of Services to Delphi Corporation

(collectively, the "Agreements"). NNI and CSC have engaged in the review of their books and

records, and have exchanged information in order to reconcile the various prepetition accounts

receivable owed by and to NNI and CSC for the period prior to the Petition Date.  The Parties

have reconciled the invoices listed on Exhibit A of the Stipulation and have agreed that CSC may

setoff $3,549,446.54, which is the prepetition amount owed by CSC to NNI, against

$5,118,105.53, which is the prepetition amount owed to CSC by NNI (in each case as reflected

on Exhibit A to the Stipulation), subject to any defenses the Debtors may have to any remaining

claim which CSC may seek to assert following the setoff.

**Basis for Relief**

12.     Section 105(a) of the Bankruptcy Code, which codifies the inherent equitable

powers of the bankruptcy court, empowers the court to  "issue any order, process, or judgment

that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  This

is consistent with the broad equitable authority of the bankruptcy courts.  See, e.g., United States

v. Energy Res. Co., 495 U.S. 545, 549 (1990).

13.    In order to establish a right to setoff under 11 U.S.C. § 553, the party asserting the right must show: (1) a debt exists from the creditor to the debtor and that the debt arose prior to the commencement of the bankruptcy case; (2) the creditor has a claim against the debtor which arose prior to the commencement of the bankruptcy case; and (3) the debt must be owed by and to the same parties. Pardo v. Nylcare Health Plans (In re APF Co.), 274 B.R. 408, 421 (Bankr. D. Del. 2001).

14.    As set forth above, the Debtors have determined that CSC holds a prepetition claim against and owes a prepetition debt to the Debtors. Further, CSC has agreed with the Debtors as to the amount of the setoff to which it claims it is entitled.[5] Accordingly, the setoff satisfies the requirements of section 553 of the Bankruptcy Code.[6]

15.    Notwithstanding that a right of setoff exists pursuant to section 553 of the Bankruptcy Code, the Court must grant relief from the automatic stay in order for the parties to exercise their right of setoff as the setoff is stayed pursuant to section 362(a)(7) of the Bankruptcy Code. The Debtors submit that "cause" for limited relief from the automatic stay exists in the present case to permit CSC and the Debtors to effectuate the Setoff, as relief from the stay in the best interests of the Debtors' estates.

16.    Authorizing relief from the automatic stay to permit the setoff will benefit these estates as it will allow the Debtors to reduce the amount of prepetition claims asserted against

---

[5]    The Stipulation is without prejudice to the rights of the parties to assert additional setoffs and/or defenses to setoffs in which each of the parties may be entitled, based on, among other things, defenses to payment of any claim, the European and Canadian Insolvency proceedings and/or the Master Services Agreement for Provision of Services to Delphi Corporation.

[6]    The Debtors reserve the right to object to any claim filed by CSC, including any claim to the extent not reduced by the setoff, on any grounds that applicable bankruptcy or nonbankruptcy law permits. Additionally, the Debtors reserve any and all claims, rights or remedies they have or may have against CSC in respect of any amounts owed to the Debtors by CSC or powers that may be afforded the Debtors under Chapter 5 of the Bankruptcy Code, a subsequently confirmed Plan or otherwise.

their estates at a minimum of expense and with as little delay as possible. Accordingly, the

Debtors believe that limited relief from the automatic stay will aid in the Debtors' efforts to reduce

expenses and maximize value for the benefit of their stakeholders.

### Notice

17.    Notice of the Motion has been given via first class mail to the (i) U.S. Trustee; (ii)

the Committee; (iii) the Bondholder Group; (iv) counsel to CSC, and (v) the general service list

established in these chapter 11 cases. The Debtors submit that under the circumstances no other

or further notice is necessary.

### No Prior Request

18.    No prior request for the relief sought herein has been made to this or any other

court.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: August 26, 2009  
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)  
Lisa M. Schweitzer (No. 1033)  
One Liberty Plaza  
New York, New York 10006  
Telephone: (212) 225-2000  
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s Ann C. Cordo_____  
Derek C. Abbott (No. 3376)  
Eric D. Schwartz (No. 3134)  
Ann C. Cordo (No. 4817)  
Andrew R. Remming (No. 5120)  
1201 North Market Street  
P.O. Box 1347  
Wilmington, Delaware 19801  
Telephone: (302) 658-9200  
Facsimile: (302) 658-3989

*Counsel for the Debtors*  
*and Debtors in Possession*

3094724.1