## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------X
                                                           :
                                                           :    Chapter 11
                                                           :
In re                                                      :
                                                           :    Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1]                           :
                                                           :    Jointly Administered
                          Debtors.                         :
                                                           :
                                                           :
                                                           :
-----------------------------------------------------------X
```

### DECLARATION OF CHARLES S. LAUBACH IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING PAYMENT OF PREPETITION TERMINATION BENEFITS TO CERTAIN FOREIGN EMPLOYEES

I, Charles S. Laubach, do hereby declare as follows:

1. I am a partner at the law firm Afridi & Angell, which maintains an office for the practice of law at, among other places, Emirates Tower, Level 35, Sheikh Zayed Road, Dubai, United Arab Emirates. I am a member of the Bars of the Commonwealth of Pennsylvania and the District of Columbia.

2. I have been advising on the laws of the United Arab Emirates ("U.A.E.") since 1986 and am knowledgeable in the areas of the U.A.E. employment law.

3. I submit this declaration in support of the Debtors' Motion for Entry of an Order Authorizing Payment of Prepetition Termination Benefits to Certain Foreign Employees (the "Motion"). Except as otherwise indicated, all facts set forth in this declaration are based upon

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

my personal knowledge, upon my opinion based on my experience and knowledge, upon information supplied to me by the above-captioned Debtors' management and professionals or upon information learned from my review of relevant documents. If I were called upon to testify, I could and would testify competently to the facts set forth herein.

4. I understand that the Debtors are planning to terminate the employment of eight (8) employees based in their Dubai Office, which is located at the Dubai Silicon Oasis, Dubai, by the end of September 2009. All eight employees serve under unspecified term employment contracts. Additionally, I understand that the Debtors anticipate additional terminations of employment in the Dubai Office in the coming months. In connection with these terminations, I have been asked to advise the Debtors of their payment obligations under U.A.E. law if they were to proceed with these terminations.

5. Payment of end-of-service gratuity in the U.A.E. is governed by U.A.E. Federal Law No. 8 of 1980, as amended (the "Labor Law") and the Ministerial Resolutions issued thereunder. In the U.A.E., there are several types of payments that could be received upon termination of a contract which are (a) gratuity payments, (b) pension payments for U.A.E. nationals mandated by U.A.E. law, (c) saving schemes payments and (d) other payments.

6. With regard to gratuity payments, these would be payable if an employee has completed one or more years of continuous employment as of the date of termination. An employee who has been previously employed by his employer or a related corporate entity outside the U.A.E. in a jurisdiction in which gratuity is payable but was not paid, is generally allowed to claim gratuity for such previous period(s) of employment. Gratuity is calculated on the basis of the basic salary of the employee at the time of termination in accordance with the following formula:

2

a. 21 days' basic salary for each of the first five years of employment; and

b. 30 days' basic salary for each additional year.

Employment periods of less than a year are prorated. The maximum amount payable as gratuity is two years of the employee's total salary at the time of termination. Days of absence for which no salary is payable are not included in the calculation of gratuity. The basic salary of the employee is the gross wage of the employee less all allowances, bonuses, and benefits. The employer may deduct from the gratuity any amounts payable to it by the employee.

7.  With regard to pension payments, these are payable only to employees who are U.A.E. nationals. I understand that the employees to be terminated imminently are not U.A.E. nationals, and hence these payments are not applicable to the Near-Term Terminations.[2] I understand that it is possible that the Long-Term Terminations will include U.A.E. nationals entitled to pension payments.

8.  With regard to savings fund schemes, an employer can establish a savings fund scheme and make contributions to the savings fund in lieu of its obligation to pay gratuity, provided that such payment is higher than the gratuity benefits. Where the employer fails to expressly state that the contributions of the employer are in lieu of its obligation to pay gratuity, then upon termination, the employee will be entitled to claim both the savings fund proceeds and the end-of-service gratuity benefits.

9.  With regard to other payments, upon termination, the employer will be required to bear the repatriation expenses of the employee to the place of recruitment unless he obtains employment with another employer in the U.A.E. In addition, an employee will also be eligible to receive notice pay (inasmuch as an unspecified term employment contract may be terminated

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

3

for a "legitimate reason" with one month's notice), unutilized vacation pay and any contractual termination benefits as agreed with the employer.

10. With regard to the recognition of a judgment of the United States Bankruptcy Court for the District of Delaware enforcing the automatic stay under section 362 of the United States Bankruptcy Code on payments to be made by the Debtors, a judgment of a foreign court will not be recognized and enforced by the courts in the U.A.E. Such foreign court orders may be enforced in the U.A.E. only if (i) reciprocal arrangements for the recognition and enforcement of judgments exist between the country in which the judgment is rendered and the U.A.E.; (ii) no court in the U.A.E. has jurisdiction in the dispute and the foreign court did have jurisdiction; (iii) the parties in relation to which the judgment was issued had been given due notice of the proceedings and were represented; (iv) the foreign judgment is final; and (v) the foreign judgment does not conflict with any judgment issued by a court in the U.A.E. and contains nothing that would be in breach of public policy, order or morals.

11. Since there is no reciprocal arrangement for the enforcement of judgments in place between the U.A.E. and the United States of America, it is unlikely that the courts and other authorities in the U.A.E. would recognize such a judgment.

12. If the Debtors refused to provide their terminated employees the payments required under the Labor Law and the Ministerial Resolutions issued thereunder, their former employees would likely file labor grievances. In such an event, the Debtors would likely remain liable for the payments described above, while incurring additional attorney's fees and court costs.

13. Consequently, the Debtors will not be able to proceed with their planned terminations save in compliance with the provisions of the Labor Law.

4

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 27, 2009.

_____
Charles S. Laubach
Partner, Afridi & Angell

5