**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NORTEL NETWORKS INC., <u>et. al.</u>,<br><br>　　　　Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>(Jointly Administered)<br><br>**Hearing Date: September 15, 2009 at 9:00 a.m.**<br>**Objection Date: September 8, 2009 at Noon**<br>**　　　　　(extended by consent from Debtors)**<br>**Docket No. 1131 and 1278** |

**RESERVATION OF RIGHTS BY ORACLE USA, INC. REGARDING THE DEBTORS' MOTION FOR ORDERS (I)(A) AUTHORIZING DEBTORS ENTRY INTO THE ASSET AND SHARE SHALE AGREEMENT, (B) AUTHORIZING AND APPROVING THE BIDDING PROCEDURES, (C) AUTHORIZING AND APPROVING A BREAK-UP FEE AND EXPENSE REIMBURSEMENT, (D) APPROVING THE NOTICE PROCEDURES, (E) APPROVING THE ASSUMPTION AND ASSIGNMENT PROCEDURES, (F) AUTHORIZING THE FILING OF CERTAIN DOCUMENTS UNDER SEAL, AND (G) SETTING A DATE FOR THE SALE HEARING, AND (II) AUTHORIZING AND APPROVING (A) THE SALE OF CERTAIN ASSETS OF, AND EQUITY INTERESTS IN, DEBTORS' ENTERPRISE SOLUTIONS BUSINESS, (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS AND LEASES AND (C) THE ASSUMPTION AND SUBLEASE OF CERTAIN LEASES ("RESERVATION OF RIGHTS")**

　　　　Oracle USA, Inc., successor-in-interest to Oracle Corporation ("Oracle"), by and through its undersigned counsel, submits this Reservation of Rights in connection with Nortel Networks Inc.'s and its affiliates' ("Debtors") Motion For Orders (I)(A) Authorizing Debtors' Entry Into The Asset and Share Sale Agreement, (B) Authorizing and Approving the Bidding Procedures, (C) Authorizing and Approving a Break-Up Fee and Expense Reimbursement, (D) Approving the Notice Procedures, (E) Approving the Assumption and Assignment Procedures, (F) Authorizing the Filing of Certain Documents Under Seal, and (G) Setting a Date For the Sale Hearing, and (II) Authorizing and Approving (A) the Sale of Certain Assets of, and Equity Interests in, Debtors' Enterprise Solutions Business, (B) the Assumption and Assignment of Certain Contracts and Leases and (C) the Assumption and Sublease of Certain Leases ("Sale Procedures Motion") and in support of its Reservation of Rights, Oracle respectfully submits as follows:

**I.    INTRODUCTION**

1. Oracle is a contract counterparty of one or more of the Debtors. Oracle has contracts with both Canadian and American Debtor entities.

2. In connection with the Sale Procedures Motion, Debtors propose what appears to be a blanket early judicial determination that any anti-assignment provision in any contract designated an "Assumed Contract" be held unenforceable. This request is framed by Debtors as follows:

> "To facilitate the assumption and assignment of the Designated Agreements, the Debtors further request that the Court find the anti-assignment provision of the Designated Agreements, if any, to be unenforceable…" (Sale Procedures Motion ¶34).

3. Oracle objects to this proposed finding, for it purports to modify Oracle's contracts with the Debtors in the absence of Oracle's consent, and before Oracle even is apprised of which contracts Debtors contemplate assigning.

4. Oracle agreements involve the licensing of non-exclusive, patented software and are non-assignable in the absence of Oracle's consent, precluding Debtors' proposed unilateral nullification of the contract language.

5. Oracle therefore objects to the Debtors' proposal as to any and all Oracle contracts with Debtors, and reserves all rights to object to any eventual assignment proposed by Debtors of Oracle's contracts.

6. The Asset and Share Sale Agreement ("ASSA") also provides for the purchaser and the Debtors to enter into certain ancillary agreements, including a Transition Services Agreement ("TSA"). Oracle requested a copy of the TSA from Debtors' counsel, as it is identified as an exhibit to the ASSA.

7. However, Debtors' counsel indicated that the TSA is not "publicly" available implicitly precluding Oracle's requested review.

2

8. Based on the information set forth in the ASSA, however, it appears that Debtors may propose simultaneously allowing the ultimate purchaser and the Debtors simultaneous use of certain services, including intellectual property licenses during the transitional period, which may be as long as twelve (12) months after the closing.

9. If the TSA is meant to include Oracle's licensed software, Oracle does not consent to such use and reserves all rights to object to the proposed transitional use as a violation of the Oracle agreements.

10. Through the Sale Procedures Motion, the Debtors outline various assignment procedures, which are designed to provide for additional notice to contract counterparties with contracts identified for assumption and assignment through the ASSA and its proposed related sale. Presumably, these procedures will allow for a full hearing on any attempt to assume and assign any Oracle contracts via the sale.

11. Given the inconsistencies presented by the anti-assignment unenforceability provision requested via the Sale Procedures Motion, and the concerns raised by the TSA, as addressed above, Oracle files this Reservation of Rights to ensure the opportunity for a future full and fair hearing on these issues.

12. Therefore, Oracle specifically reserves its rights to: (a) file a supplemental pleading setting forth its objection to the assumption and/or assignment of Oracle contracts, should any be identified; (b) object to any provisions in the ASSA, including the TSA, upon notification of the intended assumptions; (c) object to the accuracy of any associated cure amount; (d) object to the accuracy of the description of the contracts; and (e) seek adequate assurance of future performance from the ultimate purchaser.

13. Furthermore, Oracle objects to the anti-assignment finding proposed by Debtors, and asserts that if assignment is contemplated under any Oracle contracts, these contracts may not be assumed or assigned without Oracle's consent.

14. Finally, it is critical that the Debtors clearly describe which Oracle contracts, if any, are proposed for assumption and/or assignment including the specific license, support contract, reseller agreement or ordering document at issue.

Dated: September 8, 2009  
Wilmington, Delaware

Respectfully submitted,  
**MARGOLIS EDELSTEIN**

/s/James E. Huggett  
James E. Huggett (#3956)  
750 Shipyard Drive, Suite 102  
Wilmington, DE  19801  
Telephone: (302) 888-1112  
Facsimile: (302)  888-1119  
E-mail jhuggett@margolisedelstein.com

**DAY PITNEY LLP**  
Amish R. Doshi (NY - AD5996)  
7 Times Square  
New York, New York 10036-7311  
Telephone: (212) 297-5800  
Facsimile: (212) 916-2940

**BUCHALTER NEMER, PC**  
Shawn M. Christianson (CSB #114707)   333 Market Street, 25th Floor  
San Francisco, California 94105-2126  
Telephone:  (415) 227-0900  
Facsimile:  (415) 227-0770

**ORACLE USA, INC.**  
Deborah Miller (CSB #95527)  
Lesley Kothe (CSB #209512)  
500 Oracle Parkway  
Redwood City, California  94065  
Telephone:  (650) 506-5200  
Facsimile:  (650) 506-7114

Attorneys for Oracle USA, Inc.