# EXHIBIT A

**White, Frank N.**

| | |
|---|---|
| From: | Laddin, Darryl S |
| Sent: | Wednesday, September 02, 2009 3:07 PM |
| To: | Pak, Anne H.; 'Jakobe, Neill P.' |
| Cc: | 'James L BROMLEY'; Sanjeet Malik; 'Hartmann, Steven H'; 'Vermette, William M'; White, Frank N. |
| Subject: | Nortel / Deposition Notice |
| Attachments: | ATLANTA-#2663944-v1-VERIZON___NORTEL___NOTICE_OF_30_b__6__DEPOSITION_TO_AVAYA.pdf |

Anne and Neill:

Pursuant to our conversation this morning, attached is a 30(b)(6) Notice of Deposition of Avaya, Inc. for Saturday, September 12. As we discussed on our call, the arrangement of this deposition is simply precautionary as we had a good call this morning and hope to document an agreement by Wednesday, September 9 that will alleviate the need for any deposition. (Of course, if Avaya is not the winning bidder at the auction, that would also eliminate the need for any deposition of Avaya.) As you'll see, we set up the deposition for Cleary Gottlieb's offices, as we believed that would be most convenient for Avaya and Nortel. If you have any questions or would like to discuss, please let me know.

Darryl S. Laddin
Arnall Golden Gregory LLP
404.873.8120 (direct dial)
404.873.8121 (fax)
dladdin@agg.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------X
                                                   : Chapter 11

*In re*                                     :

                                        : Case No. 09-10138 (KG)

Nortel Networks Inc., *et al.*,     :

                                        : Jointly Administered

                    Debtors.         :

---------------------------------------------------X

## NOTICE OF DEPOSITION OF AVAYA, INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)

TO:      Avaya, Inc.,
           By and through its legal counsel,
           Neill P. Jakobe, Esq.
           Anne H. Pak. Esq.
           Ropes & Gray LLP
           111 South Wacker Drive, 46th Floor
           Chicago, IL 60606
           Email address:    Neill.Jakobe@ropesgray.com
                                       Anne.Pak@ropesgray.com

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6) and Bankruptcy Rule 7030, counsel for the affiliates of Verizon Communications Inc. (collectively, "Verizon")[1] will take the deposition of Avaya, Inc. ("Avaya") at 2:30 p.m. on Saturday, September 12, 2009 at the offices of Cleary Gottlieb Steen & Hamilton LLP, 1 Liberty Plaza, New York, NY 10006, or at such other time and/or location as may be previously and expressly agreed upon by and between counsel for Verizon and counsel for Avaya. The deposition will be taken for all purposes permitted

---

[1] The definition of Verizon includes, without limitation, all wholly-owned subsidiaries of Verizon Communications Inc. (including, without limitation, Verizon Corporate Services Group Inc., Verizon Services Corp., Verizon Network Integration Corp., Verizon Business Network Services Inc., Verizon Select Services Inc.,

2663944v1

by the Federal Rules of Civil Procedure, the Federal Bankruptcy Rules and the Federal Rules of Evidence -- including, without limitation, to address issues relating to the proposed sale of the Debtors' Enterprise Solutions Business and related assets to Avaya, scheduled to be heard by the Court on September 15, 2009 -- and will be held before an officer duly authorized by law to administer oaths.

*NOTE: If Avaya is not the winning bidder at the auction of the Debtors' Enterprise Solutions Business and related assets that is scheduled to occur on September 11, 2009, then Avaya will be excused from appearing at the deposition noticed herein.*

For purposes of the deposition, Avaya is directed to designate a representative or representatives capable, knowledgeable and competent to testify regarding the following subjects:

(a) The executory contracts, including open purchase orders, pursuant to which Verizon has purchased and/or purchased and resold, and continues to purchase and/or purchase and resell, products and services in the Debtors' Customer Premises Equipment ("CPE") portfolio, including CPE products and software, as well as spare parts, ongoing repair, maintenance and support services, software upgrades, patches and fixes, warranty repairs and other services in connection with these products (collectively, the "Verizon CPE Contracts").

(b) The reasons or justifications underlying Avaya's decision not to have the Debtors assume and assign the Verizon CPE Contracts to Avaya in connection with Avaya's proposed acquisition of the Debtors' Enterprise Solutions Business and related assets.

(c) Avaya's expectations regarding the likelihood that its proposed purchase of the Debtors' Enterprise Solutions Business and related assets will close, and the anticipated timing of such closing.

---

MCI Communications Services, Inc. d/b/a Verizon Business Services and the local operating telephone company subsidiaries of Verizon Communications Inc.) and Cellco Partnership d/b/a Verizon Wireless.

(d) The compatibility of the equipment and software that the Debtors have provided or currently provide to Verizon with network equipment and software that may or will be offered by Avaya after its acquires the Debtors' Enterprise Solutions Business and related assets, and Avaya's ability to perform ongoing repair, maintenance and support services, software upgrades, patches and fixes, warranty repairs and other services in connection with equipment and software that Verizon has previously obtained from the Debtors.

(d) The contractual terms and conditions, if any, under which Avaya may or will propose to sell comparable CPE products and software, as well as related repair, maintenance and support services, software upgrades, patches and fixes, warranty repairs and other services to Verizon if and after the Debtors reject the Verizon CPE Contracts.

Date: September 2, 2009.

          Respectfully submitted,

          ARNALL GOLDEN GREGORY LLP

          BY: /s/ Darryl S. Laddin
          Darryl S. Laddin (DL-5130)
          Frank N. White
          171 17th Street NW, Suite 2100
          Atlanta, Georgia 30363-1031
          (404) 873-8500 (phone)
          (404) 873-8121 (fax)
          darryl.laddin@agg.com

          Attorneys for Verizon

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of September, 2009, I caused a copy of the foregoing NOTICE OF DEPOSITION OF AVAYA, INC. PURSUANT TO FED. R. CIV. P. 30(b)(6) to be served by e-mail, as indicated below, and by depositing a true copy thereof, with sufficient postage affixed thereto, in an official depository under the exclusive care and custody of the U.S. Postal Service within this State, addressed to the following:

Neill P. Jakobe, Esq.
Anne H. Pak. Esq.
Ropes & Gray LLP
111 South Wacker Drive, 46th Floor
Chicago, IL 60606
Email addresses:   Neill.Jakobe@ropesgray.com
                   Anne.Pak@ropesgray.com


Cleary Gottlieb Steen & Hamilton LLP
James L. Bromley, Esq.
Sanjeet Malik, Esq.
1 Liberty Plaza
New York, NY 10006
Email addresses:   jbromley@cgsh.com
                   smalik@cgsh.com


/s/ Darryl S. Laddin
Darryl S. Laddin
ARNALL GOLDEN GREGORY LLP
171 17th Street, NW
Suite 2100
Atlanta, Georgia 30363
(404) 873-8500

Attorneys for the affiliates of
Verizon Communications Inc.

<u>EXHIBIT B</u>



ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

September 8, 2009

David S. Elkind
212-841-0608
646-728-1504 fax
david.elkind@ropesgray.com

**BY E-MAIL**

Darryl S. Laddin, Esq.
Arnall Golden Gregory LLP
171 17th Street, NW, Suite 2100
Atlanta, GA 30363

Re:  *In re* Nortel Networks Inc., *et al.*,
     Case No. 09-10138 (KG)

Dear Mr. Laddin:

As you know, Ropes & Gray LLP represents Avaya Inc. ("Avaya"), the stalking horse bidder in connection with the proposed sale of Nortel Network Inc.'s enterprise solutions business (the "Business"). As we have previously advised you, Avaya is considering whether it can assume certain contracts of your client, Verizon Communications Inc. ("Verizon") that relate to the Business, subject to the parties' resolution of pending indemnification issues. This has been the subject of discussion between your client and Avaya during meetings at which you have been present. Notwithstanding this fact, on September 2, 2009, we received a *Notice of Deposition of Avaya Inc. Pursuant to Fed. R. Civ. P. 30(b)(6)* (the "Deposition Notice") from you on behalf of Verizon, purporting to call for a Rule 30(b)(6) deposition of our client on September 12, 2009. We believe that there is no basis for your client's request for a deposition of Verizon, and that the deposition request is improper. Accordingly, Avaya does not intend to appear at the requested deposition. In the event Verizon seeks a court order compelling Avaya to attend the requested deposition, we will oppose any such request. In addition to the forgoing, we believe the Deposition Notice has not been timely noticed and was not properly served on Avaya. Avaya reserves all rights with respect thereto.

Regards,

David S. Elkind

DSE:jl
Enclosure

12163940_2.DOC