IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re*                                               :   Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                    :   Case No. 09-10138 (KG)
:
              Debtors.     :   Jointly Administered
:
:   **Hearing date: September 30, 2009 at 10:00 AM (ET)**
:   **Objections due: September 23, 2009 at 4:00 PM (ET)**
------------------------------------------------------------X

## DEBTORS' MOTION FOR AUTHORIZATION AND APPROVAL OF A STIPULATION BY AND BETWEEN NORTEL NETWORKS INC. AND GLOBAL KNOWLEDGE NETWORK INC.

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a) and 553 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), approving the Stipulation Regarding the Prepetition Amounts Owed By and Between Global Knowledge Network Inc. ("Global Knowledge") and Nortel Networks Inc. (the "Stipulation"), attached hereto as Exhibit B; granting limited relief from the automatic stay to effectuate the setoff; and granting them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a) and 553 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

## Background

**A.   Introduction**

3. On January 14, 2009 (the "Petition Date"), the Debtors, other than NN CALA (defined below), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), has filed petitions in this Court for recognition of the Canadian Proceedings as

---

[2]   The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February 27, 2009, this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. In addition, at 8 p.m. (London time) on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[3] into administration under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators"). On May 28, 2009, at the request of the Administrators, the Commercial Court of Versailles, France (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA will continue to operate as a going concern for an initial period of three months. In accordance with the European Union's Council Regulation (EC) No 1346/2000 on Insolvency Proceedings, the English law proceedings (the "English Proceedings") remain the main proceedings in respect of NNSA. On June 8, 2009, Nortel Networks UK Limited ("NNUK") filed petitions in this Court for recognition of the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On June 26, 2009, the Court entered an order recognizing the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

6. On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that

---

[3] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

7. On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142]. An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

8. On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc. ("NN CALA" and a Debtor with NNI and its affiliates), an affiliate of NNI, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On July 17, the Court entered orders approving the joint administration and consolidation of NN CALA's chapter 11 case with the other Debtors' chapter 11 cases for procedural proposes [D.I. 1098], and applying to NN CALA of certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1099].

**B. Debtors' Corporate Structure and Business**

9. A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3] (the "First Day Declaration").[4]

---

[4] Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

### Relief Requested

10. By this Motion, the Debtors seek an order approving the Stipulation, granting limited relief from the automatic stay to effectuate the setoff, and granting any further relief as the Court deems just and proper.

### Facts Relevant to this Motion

11. NNI and Global Knowledge are parties to certain contracts and agreements (collectively, the "Agreements"). NNI and Global Knowledge have engaged in the review of their books and records, and have exchanged information in order to reconcile the various prepetition accounts receivable owed by and to NNI and Global Knowledge for the period prior to the Petition Date. Based on this review, NNI has concluded that grounds exist to permit a setoff of mutual prepetition obligations and that the standards for such setoff under 11 USC § 553 have been met. The Parties have reconciled the invoices listed on Exhibit A of the Stipulation and have agreed that Global Knowledge may setoff $374,368.67 of $486,930.87, which is the prepetition amount owed by Global Knowledge to NNI, against $374,368.67, which is the prepetition amount owed to Global Knowledge by NNI (in each case as reflected on Exhibit A to the Stipulation), subject to any defenses the Debtors may have to any remaining claim which Global Knowledge may seek to assert following the setoff.

### Basis for Relief

12. Section 105(a) of the Bankruptcy Code, which codifies the inherent equitable powers of the bankruptcy court, empowers the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). This

is consistent with the broad equitable authority of the bankruptcy courts. See, e.g., United States v. Energy Res. Co., 495 U.S. 545, 549 (1990).

13. In order to establish a right to setoff under 11 U.S.C. § 553, the party asserting the right must show: (1) a debt exists from the creditor to the debtor and that the debt arose prior to the commencement of the bankruptcy case; (2) the creditor has a claim against the debtor which arose prior to the commencement of the bankruptcy case; and (3) the debt must be owed by and to the same parties. Pardo v. Nylcare Health Plans (In re APF Co.), 274 B.R. 408, 421 (Bankr. D. Del. 2001).

14. As set forth above, the Debtors have determined that Global Knowledge holds a prepetition claim against and owes a prepetition debt to the Debtors. Further, Global Knowledge has agreed with the Debtors as to the amount of the setoff to which it claims it is entitled.[5] Accordingly, the setoff satisfies the requirements of section 553 of the Bankruptcy Code.[6]

15. Notwithstanding that a right of setoff exists pursuant to section 553 of the Bankruptcy Code, the Court must grant relief from the automatic stay in order for the parties to exercise their right of setoff as the setoff is stayed pursuant to section 362(a)(7) of the Bankruptcy Code. The Debtors submit that "cause" for limited relief from the automatic stay exists in the present case to permit Global Knowledge and the Debtors to effectuate the Setoff, as relief from the stay in the best interests of the Debtors' estates.

---

[5] The Stipulation is without prejudice to the rights of the parties to assert additional setoffs and/or defenses to setoffs in which each of the parties may be entitled, based on, among other things, defenses to payment of any claim, the European and Canadian Insolvency proceedings and/or the Agreements.

[6] The Debtors reserve the right to object to any claim filed by Global Knowledge, including any claim to the extent not reduced by the setoff, on any grounds that applicable bankruptcy or nonbankruptcy law permits. Additionally, the Debtors reserve any and all claims, rights or remedies they have or may have against Global Knowledge in respect of any amounts owed to the Debtors by Global Knowledge or powers that may be afforded the Debtors under Chapter 5 of the Bankruptcy Code, a subsequently confirmed Plan or otherwise.

16. Authorizing relief from the automatic stay to permit the setoff will benefit these estates as it will allow the Debtors to reduce the amount of prepetition claims asserted against their estates at a minimum of expense and with as little delay as possible. Accordingly, the Debtors believe that limited relief from the automatic stay will aid in the Debtors' efforts to reduce expenses and maximize value for the benefit of their stakeholders.

## Notice

17. Notice of the Motion has been given via first class mail to the (i) U.S. Trustee; (ii) the Committee; (iii) the Bondholder Group; (iv) counsel to Global Knowledge, and (v) the general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

18. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:  September 10, 2009
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*