IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re*                                                   :   Chapter 11
:
:   Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                        :
:   Jointly Administered
Debtors.                                 :
:   Hearing Date: September 11, 2009, at 3:30 p.m. (ET)
:
:
------------------------------------------------------------X

### DEBTORS' OBJECTION TO THE MOTION OF AFFILIATES OF VERIZON COMMUNICATIONS INC. TO COMPEL ATTENDANCE AT DEPOSITION AND REQUEST FOR RELATED EMERGENCY RELIEF

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors" and together with other members of the Nortel Group, "Nortel"), hereby object (the "Objection") to the Emergency Motion of the Affiliates of Verizon Communications Inc. to Compel Attendance at Deposition [D.I. 1443] (the "Verizon Motion") filed by Verizon Communications Inc. and its affiliates (collectively, "Verizon").

### RELIEF REQUESTED

1.     Verizon has filed a premature emergency motion for discovery from Avaya Inc. ("Avaya") in a clear attempt to disrupt the cross-border auction of Nortel's Enterprise Solutions Business. This motion is filled with hyperbolic and unsupported allegations

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

concerning national security and public health and safety that have been picked up by the international press creating a completely unnecessary sideshow distracting Nortel and its constituents from the very important tasks of maximizing the value of its Enterprise Solutions Buinsess. Verizon has no basis for its argument, faces no prejudice from this process and quite clearly has no support for its national security and public health and safety allegations. As such, its motion sould be denied. At a minimum, however, the Debtors must be permitted to depose the witnesses Verizon intends to offer at Tuesday's sale hearing – a fact only disclosed yesterday.

2. Therefore, as set forth herein, the Debtors respectfully request that the Court enter an order (1) denying the Verizon Motion, (2) compelling Verizon to file its objection, if any, to the Sale (as defined below) by no later than **September 13, 2009 at 12:00 p.m. (ET)**, (3) compelling Verizon to produce its witnesses for depositions on Monday, September 14, 2009, and (4) granting a change in the Court's calendar such that the joint hearing currently scheduled to commence on **September 15, 2009 at 9:00 a.m. (ET)** will commence instead at 3:00 p.m. (ET), and that a separate hearing on Verizon's objection (if any) to the Sale commence at 9:00 a.m. (ET).

## ARGUMENT

### Verizon's Request For Depositions Is Premature

3. Verizon's request for depositions is premature. Under the procedures for the assumption and assignment of the Debtors' executory contracts approved by this Court[2] in connection with the sale of the Debtors' Enterprise Solutions Business (the "Sale"),

---

[2] The relevant procedures are attached as Exhibit 2 to this Court's Order Pursuant to Bankruptcy Code sections 105, 363 and 365 (A) Authorizing Debtors' Entry Into the Asset and Share Sale Agreement, (B) Authorizing and Approving the Bidding Procedures, (C) Authorizing and Approving a Break-Up Fee and Expense Reimbursement, (D) Approving the Notice Procedures, (E) Approving the Assumption and Assignment Procedures, (F) Authorizing the Filing of Certain Documents Under Seal, and (G) Setting a Date for the Sale Hearing, dated August 4, 2009 [D.I. 1278].

2

[New York #2107925 v4]

counterparties to executory contracts with the Debtors are permitted to object only upon receipt of an assumption notice pursuant to procedures approved by this Court and the Canadian Court on August 4, 2009 (the "Assignment Procedures"). The Debtors have provided no notice to Verizon under the Assignment Procedures. The Debtors also have not filed any motion to reject the contracts of Verizon. In the absence of the service of a notice of assumption and assignment on Verizon or the filing of a motion to reject any executory contracts to which Verizon is a counterparty, any discovery requests or objections raised by Verizon are not yet ripe. The Assignment Procedures provide all parties with a full and complete opportunity to contest any decision by the Debtors with respect to executory contracts governed by section 365 of the Bankruptcy Code. To the extent that Verizon has any objections with regards to the Assignment Procedures, Verizon's objections are untimely.

### Verizon Has No Basis To Oppose The Sale

4.      On a substantive level, Verizon has no leg on which to stand. The Debtors' have broad, virtually unfettered, rights to exercise their business judgment to assume and reject contracts. Indeed, if the Debtors decide to reject Verizon's contracts, it is black letter law that the debtors have an unfettered right to reject executory contracts pursuant to section 365 of the Bankruptcy Code. In NLRB v. Bildisco & Bildisco, 465 U.S. 513, 528 (1984), the Supreme Court of the United States set forth the following rationale for this bedrock principle of bankruptcy law:

> [T]he authority to reject an executory contract is vital to the basic purpose to a Chapter 11 reorganization, because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization.

Id.

5.      The right of debtors to reject an executory contract under section 365 of the Bankruptcy Code is in no way compromised by the fact that such rejection is in connection

[New York #2107925 v4]

with the sale of certain assets of debtors. Accordingly, Verizon has no basis whatsoever to oppose the Sale, regardless of whether the eventual buyer designates Verizon's contracts for assumption or rejection in connection with the Sale.

6. In evaluating a rejection decision made under section 365, a bankruptcy court should "presume that the [debtors] acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate." In re Pomona Valley Med. Group, Inc., 476 F.3d 665, 670 (9th Cir. 2007). Accordingly, "[i]t should approve the rejection of an executory contract under section 365(a) unless it finds that the [debtors'] conclusion that rejection would be advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice." Id. (citing Lubrizol Enter. v. Richmond Metal Finishers, 756 F.2d 1043, 1047 (4th Cir. 1985)).[3]

**Verizon's Opposition and Deposition Request Is Nothing More Than A Negotiating Tactic**

7. Although they have no obligation to do so, the Debtors have offered to provide Verizon with at least 90 days' written notice prior to the rejection of any contracts of Verizon with the Enterprise Solutions Business of the Debtors. Ninety (90) days' prior written notice provides Verizon with more than sufficient opportunity to make alternative arrangements for its customers. To claim, without basis, that Nortel's right to reject must be impaired to benefit Verizon is simply wrong. Needless to say, Verizon is one of the largest providers of telecommunications services in the world with assets and resources commensurate with its

---

[3] In rare circumstances where the rejection of a contract would result in violation of public health and safety laws, the courts have imposed narrowly tailored limitations on the ability of the debtors' ability to reject an executory contract. To the extent that Verizon seeks to rely on this narrow exception, Verizon must demonstrate that the rejection of its contracts by the Debtors will result in violation by the Debtors of at least one statute that is "reasonably designed to protect the public health or safety from imminent and identifiable harm." Midlantic Nat'l Bank v. New Jersey Dep't of Env't Prot., 474 U.S. 494, 507 (1986). Verizon has not identified any such statutes that apply to its relationships with Nortel's Enterprise Solutions Business.

status. To argue that Verizon cannot promptly secure replacement service and product for its customers, if necessary, with that 90-day period is incredulous.

8. Moreover, Verizon has so far refused even to discuss any measures that would allow Verizon to mitigate any potential inconvenience that would be caused to its customers in the event of rejection of Verizon's contracts by the Debtors. There is only one conclusion to be drawn from this seemingly illogical behavior – Verizon's allegations are driven entirely by its goal of extracting better commercial terms from the eventual buyer of the Debtors' Enterprise Solutions Business. Negotiating should be left to the conference room and stay out of the court room.

## NO PRIOR REQUEST

9. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court (a) deny the Verizon Motion, (b) compel Verizon to file its objection, if any, to the Sale by no later than **September 13, 2009 at 12:00 p.m. (ET)**, (c) compel Verizon to produce its witnesses for depositions on Monday, September 14, 2009, (d) grant a change in the Court's calendar such that the joint hearing currently scheduled to commence on **September 15, 2009 at 9:00 a.m. (ET)** will commence instead at 3:00 p.m. (ET), and that a separate hearing on Verizon's objection (if any) to the Sale commence at 9:00 a.m. (ET) and (e) grant such other and further relief as it deems just and proper.

Dated: September 11, 2009
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*

6

[New York #2107925 v4]