**Exhibit B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
: 
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
                  Debtors. :
: Jointly Administered
:
:
------------------------------------------------------------X

**DEBTOR NNI'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED
TO THE INTERNAL REVENUE SERVICE**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of the United States Bankruptcy Court for the District of Delaware, Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors") hereby requests that the Internal Revenue Service produce for inspection and copying the following documents at the offices of Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, which production shall be made 30 days from the date hereof or on such earlier date as is fixed by the Court.

DEFINITIONS

1.    "All" shall be construed to include "all," "every," and "each" as necessary to make the request inclusive rather than exclusive.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

2. "And" and "or" shall mean and include both the conjunctive and the disjunctive.

3. "Any" means "all" and vice versa, as necessary to bring within the scope of each request all information that might otherwise be construed to be outside of its scope.

4. "Chapter 11 Cases" shall mean the above-captioned, jointly administered chapter 11 cases commenced by the Debtors in the United States Bankruptcy Court for the District of Delaware and pending as case nos. 09-10138 – 09-10152 and 09-12515.

5. "Debtor" or "Debtors" shall mean Nortel Networks Inc., Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc., collectively.

6. "Documents" is used in the broadest sense permissible under rule 34 of the Federal Rules of Civil Procedure and rule 7034 of the Federal Rules of Bankruptcy Procedure and shall mean all written or graphic matter, computer memory, tapes or other tangible things by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including but not limited to: written and electronic communications, emails, letters, correspondence, memoranda or notes of telephone conversations or personal conversations, diaries, desk calendars, interoffice or intraoffice communications, records, studies, analyses,

statistical and financial statements, charts, graphs, reports, working papers, records, notes, manuals, books, instructions, telegrams, receipts, contracts, agreements, computer printouts, computer disks, computer programs, or material similar to any of the foregoing, however denominated, by whomever prepared, and to whomever addressed, which are in your possession, custody or control or to which you have, have had, or can obtain access.

7. "IRS" shall mean the United States Internal Revenue Service, the United States Competent Authority and, to the extent relevant, the United States Department of the Treasury, including, but not limited to, their agents, representatives, and attorneys.

8. "IRS Proof of Claim" shall mean the proof of claim filed by the IRS, currently listed on Debtor's claim log as claim number 1935, in the amount of $3,016,650,830.82.

9. "Relate" or "Relating" shall mean directly or indirectly reflecting, referring to, containing, pertaining, indicating, showing, constituting, evidencing, describing, discussing, mentioning, considering, comprising, analyzing, studying, reporting on, commenting on, setting forth, consisting of, including, conveying, communicating, reporting, or disclosing, in whole or in part.

## INSTRUCTIONS

1. These requests are intended to be inclusive. Where a request is made in the singular it is to include the plural; where the information is requested in the plural, it is to included the singular. Similarly, the conjunctive is to include the disjunctive and the disjunctive is to include the conjunctive.

2. This request seeks documents in the possession, custody or control of the IRS. The term "possession, custody or control" shall refer to documents actually within the

3

possession, custody or control of the IRS or any of its employees, agents or representatives (including without limitation, documents within the possession, custody or control of the IRS's attorneys, accountants or other agents); documents that the IRS has the legal right to obtain; documents that the IRS has the right to copy or have access to; and documents that the IRS has placed in the temporary possession, custody or control of any third party.

3. If any document responsive to these requests is withheld under a claim of privilege, furnish a list specifying each such document and setting forth the following information:

    (a) the reason for withholding the document;

    (b) a statement of the basis for the claim of privilege, work product or other ground of nondisclosure;

    (c) a brief description of the document including:

        i. the date of the document;
        ii. the number of pages, attachments, and appendices;
        iii. the names of the author, authors or preparers and an identification by employment and title of each such person;
        iv. the name of each person who was sent, shown, or blind copied or carbon copied on the document, who sent the document, who had access to, or custody of, the document, together with an identification of each such person;
        v. the present custodian;
        vi. the subject matter of the document, and in case of any document relating to or referring to a meeting or conversation, identification of such meeting or conversation.

4. If any document or part of a document requested herein was formerly in the IRS's possession, custody or control and has been lost, destroyed or otherwise disposed of, the IRS is requested to submit in lieu of any such document a list setting forth for each such document or part of a document the information specified as follows:

    (a) the type of document;

(b) the date of the document;

(c) the person(s) who prepared or authored of the document, and, if applicable, the person(s) to whom the document was sent or shown;

(d) the present location and custodian;

(e) the number of pages of the document;

(f) a description of the document(s) or a description of the contents of the documents (subject to appropriate privilege);

(g) specify, if possible, the date on which the document was lost or destroyed and, if destroyed, the conditions of and reason(s) for such destruction and the persons(s) requesting and performing the destruction.

5. All documents should be produced in the manner in which they are maintained in the usual course of the IRS's business and/or the IRS shall organize and label the documents to correspond with the categories in this request. A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

6. Documents attached to each other should not be separated.

7. Unless otherwise noted, or the context requires otherwise, these requests seek documents created from January 1, 1998, to the present.

## DOCUMENT REQUESTS

1. All Documents in the possession, custody or control of the IRS that the IRS relied on in preparing the IRS Proof of Claim, but only to the extent such documents are relevant to the amounts shown as owing on the IRS Proof of Claim in respect of taxable years 2005 through 2007, including, but not limited to:

(a)     All IRS internal memoranda, reports, records of meetings and discussions, communications, and other Documents discussing the legal basis or bases supporting the amounts shown as owing in the IRS Proof of Claim for the taxable years 2005 through 2007.

(b)     All spreadsheets, work papers, and other Documents underlying the IRS's computation of the amounts shown as owing in the IRS Proof of Claim for the taxable years 2005 through 2007, or that otherwise Relate to such computation.

2.      All Documents in the possession, custody or control of the IRS that Relate to the IRS Proof of Claim, other than those documents already described in Document Request 1 above, including, but not limited to:

All IRS internal memoranda, reports, records of discussions and other communications, spreadsheets, work papers, background information and other Documents that Relate to the taxable years 1998 through 2008.

*[Remainder of Page Intentionally Left Blank]*

Dated: September 15, 2009
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*

7