IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
:
*In re*                                                          :    Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                               :    Case No. 09-10138 (KG)
:
                                        Debtors.                 :    Jointly Administered
:
:
---------------------------------------------------------------X

### DEBTOR NNI'S MOTION FOR AN ORDER SHORTENING NOTICE OF DEBTOR'S MOTION FOR AN ORDER SHORTENING THE TIME BY WHICH THE IRS MUST RESPOND TO DISCOVERY REQUESTS

Nortel Networks Inc. ("NNI" or "Debtor") hereby moves this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to section 102(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to permit consideration on shortened notice of the Debtor's Motion for an Order Shortening the Time by which the IRS Must Respond to Discovery Requests (the "Expedited Discovery Request Motion").[2] In support of this Motion, the Debtor respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined in this Motion have the meanings ascribed to them in Expedited Discovery Request Motion.

1

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 102(1) and 105 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Background

### A. Introduction

3. On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, except for Nortel Networks (CALA) Inc. ("NN CALA"), which filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")³ filed an application with the Ontario

---

³ The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February 27, 2009, this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. In addition, at 8 p.m. (London time) on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators"). On May 28, 2009, at the request of the Administrators, the Commercial Court of Versailles, France (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA will continue to operate as a going concern for an initial period of three months. In accordance with the European Union's Council Regulation (EC) No 1346/2000 on Insolvency Proceedings, the English law proceedings (the "English Proceedings") remain the main proceedings in respect of NNSA. On June 8, 2009,

---

[4] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

3

Nortel Networks UK Limited ("NNUK") filed petitions in this Court for recognition of the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On June 26, 2009, the Court entered an order recognizing the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

6. On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

7. On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142]. An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

8. On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc. ("NN CALA" and a Debtor with NNI and its affiliates), an affiliate of NNI, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On July 17, the Court entered orders approving the joint administration and consolidation of NN CALA's chapter 11 case with the other Debtors' chapter 11 cases for procedural proposes [D.I. 1098], and applying to NN CALA of certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1099].

**B.     Debtors' Corporate Structure and Business**

9. A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3] (the "First Day Declaration").

### Relief Requested

10. By this Motion, the Debtors seek an order (a) shortening the notice period for the Expedited Discovery Motion; and (b) granting them such other and further relief as the Court deems just and proper.

### Facts Relevant to this Motion

11. As set forth more fully in the Expedited Discovery Motion, on or about August 20, 2009, the Department of the Treasury – Internal Revenue Service filed several claims, most notably the claim currently listed on the Debtor's claim log as claim number 1935 (the "IRS Claim"). The IRS Claim asserts an unsecured priority claim in the amount of $2,967,386,218.82, and an unsecured non-priority claim in the amount of $49,264,612.00 against Nortel Networks Inc. and its subsidiaries. The IRS Claim also asserts an unassessed, unliquidated and contingent U.S. federal FICA withholding tax claim.

12. As this Court is well aware, the Debtors are involved in a number of well-publicized sales of major business units, where the sales procedures are being coordinated in multiple jurisdictions around the world. The recent filing of the IRS Claim, without support or explanation, has created a great deal of uncertainty among bidders and other interested parties, particularly with respect to the sale of Nortel's Enterprise Solutions Business (the "Enterprise Business").

13. The Debtors completed an auction for the Enterprise Business on September 14, 2009. This Court is to hear the Debtors' Motion for Orders (I) Authorizing Debtors' Entry into

5

the Asset and Share Sale Agreement and (II) Authorizing and Approving (a) the Sale of Certain Assets of, and Equity Interest In, Debtors' Enterprise Solutions Business, (b) the Assumption and Assignment of Certain Contracts and Leases and (c) the Assumption and Sublease of Certain Leases on September 16, 2009 at 1:30 p.m. [D.I. 1131].

14.  As a result of the IRS Claim, the Debtors were forced were forced to concede to modifications to the Asset and Share Sale Agreement (the "ASSA"). The most significant of these modifications is the addition of a condition precedent to closing the acquisition, requiring the Debtors to resolve the IRS Claim and related claims in a manner reasonably acceptable to the purchasers (the "Closing Condition"). If the Debtors are unable to resolve the IRS Claim in a manner reasonably acceptable to the purchasers, the Debtors reserved the election to file the Non-Debtor Subsidiaries for bankruptcy under Chapter 11, and structure the acquisition as a sale of the assets from the Non-Debtor Subsidiaries (the "Asset Sale Election"), the effect of the election could be to entitle the buyer to a purchase price reduction. NNI must give notice of its decision to exercise its rights under the Asset Sale Election, which election would require that the Non Debtor Subsidiaries file for Chapter 11 on or before October 15, 2009. These modifications to the ASSA may result in a significant loss of economic value to the Debtors if the claim is not resolved and the sale is not approved as scheduled.

### Basis for Relief

15.  Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). As set forth below, shortening notice is justified here.

16.  As a result of the IRS Claim, the Debtors were forced to agree to the Closing Condition in the ASSA. The Closing Condition could significantly delay the closing date of the

Enterprise Business sale while the IRS Claim is resolved or, if the Debtors make the Asset Sale Election, the sale would be impeded by the substantial delay and difficulty involved with assigning contracts, including government contracts subject to regulatory approval requirements. To preserve the value of estates, the Debtor must resolve the IRS Claim expeditiously.

17. For these reasons, the NNI respectfully submits that allowing the Expedited Discovery Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

## Notice

18. Notice of the Motion has been given via hand delivery or overnight mail to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; (iv) counsel to the IRS; (v) the United States Attorney General; (vi) the United States Attorney for the District of Delaware; and (vii) the general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

19. No prior request for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the NNI respectfully requests that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: September 15, 2009
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*