IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| Nortel Networks Inc., *et al.*,[1] | : | Case No. 09-10138 (KG) |
| Debtors. | : | |
| | : | Jointly Administered |
| | : | |
| | : | **Hearing Date: September 16, 2009 at 10:00 a.m. (ET)** |
| | : | |
| | | **Re: D.I.'s 1131, 1141, 1483** |

**DEBTORS' MOTION FOR LEAVE TO FILE REPLIES TO (I) THE OBJECTION OF THE AFFILIATES OF VERIZON COMMUNICATIONS INC. TO DEBTORS' MOTION FOR AN ORDER AUTHORIZING AND APPROVING THE SALE OF CERTAIN ASSETS OF, AND EQUITY INTERESTS IN, DEBTORS' ENTERPRISE SOLUTIONS BUSINESS AND (II) THE LIMITED OBJECTION BY CERTAIN PARTIES TO THE SALE OF DEBTORS' EQUITY INTEREST IN DIAMONDWARE, LTD.**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), move this Court (the "Motion") for entry of an order granting the Debtors leave to file replies to the Limited Objection to Debtors' Sale of Its Equity Interest in DiamondWare, Ltd. [D.I. 1141] (the "DiamondWare Objection") and to the Objection of the Affiliates of Verizon Communications Inc. To Debtors' Motion For An Order Authorizing And Approving The Sale Of Certain Assets Of, And Equity Interests In, Debtors' Enterprise Solutions Business [D.I. 1483] (the "Verizon Objection," and together with the Diamondware

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Objection, the "Objections"). In support of this Motion, the Debtors respectfully represent and state as follows:

## Background

### A. Introduction

1. On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, except for Nortel Networks (CALA) Inc. ("NN CALA"), which filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009.

2. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. Also on the Petition Date, the Debtors' ultimate corporate parent NNC, NNI's direct corporate parent NNL (together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the

---

[2] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February 27, 2009, this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. In addition, at 8 p.m. (London time) on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[3] into administration (the "EMEA Proceedings") under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators"). On May 28, 2009, at the request of the Administrators, the Commercial Court of Versailles, France (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA will continue to operate as a going concern for an initial period of three months. In accordance with the European Union's Council Regulation (EC) No 1346/2000 on Insolvency Proceedings, the English law proceedings remain the main proceedings in respect of NNSA. On June 8, 2009, Nortel Networks UK Limited ("NNUK") filed petitions in this Court for recognition of the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On June 26, 2009, the Court entered an order recognizing the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

---

3 The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

4. On January 15, 2009, this Court entered an order of joint administration pursuant to Bankruptcy Rule 1015(b) that provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36]. On July 17, 2009, this Court entered a further order of joint administration that provided for the joint administration of NN CALA's case with the pre-existing cases of its Debtor-affiliates [D.I. 1098].

5. On January 26, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142]. An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

**B. Debtors' Corporate Structure and Business**

6. A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases are set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3] (the "First Day Declaration").

**Facts Relevant to this Motion**

7. On July 20, 2009, the Debtors filed the Motion For Orders (I)(A) Authorizing Debtors Entry Into The Asset And Share Sale Agreement, (B) Authorizing And Approving The Bidding Procedures, (C) Authorizing And Approving A Break-Up Fee And Expense Reimbursement, (D) Approving The Notice Procedures, (E) Approving The Assumption And Assignment Procedures, (F) Authorizing The Filing Of Certain Documents Under Seal, And (G) Setting A Date For The Sale Hearing, And (II) Authorizing And Approving (A) The Sale Of Certain Assets Of, And Equity Interests In, Debtors Enterprise Solutions Business, (B) The

Assumption And Assignment Of Certain Contracts And Leases And (C) The Assumption And Sublease Of Certain Leases [D.I. 1131] (the "Sale Motion").

8. Following an initial hearing on certain relief requested by the Sale Motion on August 4, 2009, the Bankruptcy Court entered an Order Pursuant to Bankruptcy Code sections 105, 363 and 365 (A) Authorizing Debtors' Entry Into the Asset and Share Sale Agreement, (B) Authorizing and Approving the Bidding Procedures, (C) Authorizing and Approving a Break-Up Fee and Expense Reimbursement, (D) Approving the Notice Procedures, (E) Approving the Assumption and Assignment Procedures, (F) Authorizing the Filing of Certain Documents Under Seal, and (G) Setting a Date for the Sale Hearing [D.I. 1278] (the "Bidding Procedures Order").

9. A hearing on the remainder of the relief sought in the Sale Motion is scheduled to commence on September 16, 2009 at 10:00 a.m. (the "Sale Hearing"). The Verizon Objection will be heard at this time, and the DiamondWare Objection will be heard at a continuation of the Sale Hearing to be held jointly with the Canadian Court, beginning at 1:30 p.m. (ET).

10. The general objection deadline for objections to the Sale Motion was September 4, 2009. This deadline was extended for Oracle USA, Inc. until September 8, 2009 at 12:00 p.m. (ET), and for Verizon Communications Inc., Anixter, Inc. and the Pension Benefit Guaranty Corporation until September 14, 2009 at 12:00 p.m.

11. On September 4, 2009, by their counsel, Keith Weiner, Rudy Mathieu, Wendell Allen Neff, Charles Rowe, Neal Shact, Fred Scott, Jac Goudsmit, Dwayne Roberts, William Weidner, and Price Paschall filed an objection to the proposed sale of NNI's equity interests in DiamondWare, Ltd. ("DiamondWare"). On September 14, 2009, the affiliates of Verizon Communications Inc. ("Verizon," and together with DiamondWare, the "Objecting Parties") filed the Verizon Objection.

12. In total, the Debtors have received twelve (12) objections to the Sale Motion. As of the filing of this Motion, the Debtors expect to resolve the remainder of the objections on a consensual basis by the time of Sale Hearing.

**Relief Requested**

13. The Debtors respectfully request that the Court permit the Debtors to file replies to the Verizon Objection and the DiamondWare Objection (the "Replies"). The Debtors do not believe that Court permission is required for the Debtors to file a reply to the Verizon Objection because the Debtors extended Verizon's time to object as a courtesy until Noon on September 14, 2009, and Verizon only filed the Verizon Objection just before the expiration of that deadline. However, the Debtors submit this request in an abundance of caution with respect to the Verizon Objection.

14. The Debtors and Avaya Inc. (the "Purchaser") are working to resolve the Diamondware Objection on a consensual basis prior to the Sale Hearing, but request that the Court consider this request, given the short amount of time remaining prior to the Sale Hearing. The Replies are attached hereto as Exhibits B and C.

**Basis for Relief Requested**

15. Rule 9006-1(d) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") states that "Reply papers may be filed, and if filed, shall be served so as to be received by 4:00 p.m. Eastern Time the day prior to the deadline for filing the agenda." Local Rule 9029-3(a) requires that agendas be filed by 12:00 p.m. (ET) two business days prior to the hearing.

16. The hearing on the Sale Motion and the objections to the Sale Motion was originally scheduled for September 15, 2009 at 9:00 a.m. On September 14, 2009, the Debtors

filed a Notice of Amended Agenda [D.I. 1487] containing notification of a change in the hearing date and time to September 15, 2009 at 10:00 a.m. (ET) for certain matters and 1:30 p.m. (ET) for certain other matters. Under the Local Rules, the deadline to file the agenda for the hearing was September 14, 2009 at 12:00 p.m., and the deadline to file the Reply was September 14, 2009 at 4:00 p.m. However, given the length of the auction that commenced on September 11, 2009 and continued through the early morning hours of September 14, 2009, the number of objections filed in response to the Sale Motion, and the extension of objection deadlines that were granted to several parties, the Debtors were not in a position to file the Replies by the response deadline on the September 14, 2009.

17. Under these circumstances, the Debtors believe that ample cause exists to grant the Debtors leave to file a reply today, one day prior to the Sale Hearing.

**Notice**

18. Notice of the Motion is being given via facsimile, electronic transmission, hand delivery or overnight mail to (i) the U.S. Trustee; (ii) the Monitor; (iii) counsel to the Committee; (iv) counsel to the Bondholder Group; (v) counsel to the Purchaser; (vi) counsel to the Objecting Parties; and (vii) the general service list established in these chapter 11 cases pursuant to Bankruptcy Rule 2002. The Debtors submit that under the circumstances no other or further notice is necessary.

**No Prior Request**

19. No prior request for the relief sought herein has been made to this or any other United States Court.

WHEREFORE, the Debtors respectfully request entry of an order in the form attached hereto as Exhibit A (a) granting the Debtors leave to file replies to the Objections; and (b) granting the Debtors such other and further relief as may be just and proper.

Dated: September 15, 2009
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors-in-Possession*