**EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
: 
*In re* : Chapter 11
 :
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
 :
                Debtors. : Jointly Administered
 :
 :
---------------------------------------------------------X

| DEBTOR | CASE NO. | E.I.N. |
|---|---|---|
| Nortel Networks Inc. (f/k/a Northern Telecom Inc.) | 09-10138 | 04-2486332 |
| Nortel Networks Capital Corporation (f/k/a Northern Telecom Capital Corporation) | 09-10139 | 62-1629620 |
| Nortel Altsystems Inc. (f/k/a Alteon WebSystems, Inc.) | 09-10140 | 77-0429769 |
| Nortel Altsystems International Inc. (f/k/a Alteon WebSystems International, Inc.) | 09-10141 | 77-0465596 |
| Xros, Inc. | 09-10142 | 77-0444181 |
| Sonoma Systems | 09-10143 | 95-4582073 |
| Qtera Corporation | 09-10144 | 23-2970251 |
| CoreTek, Inc. | 09-10145 | 04-3225722 |
| Nortel Networks Applications Management Solutions (f/k/a EPiCON, Inc.) | 09-10146 | 04-3222846 |
| Nortel Networks Optical Components Inc. (f/k/a Nortel Networks HPOCS Inc.) | 09-10147 | 62-1843545 |
| Nortel Networks HPOCS Inc. (f/k/a Nortel Networks Optical Components Inc.) | 09-10148 | 62-1843546 |
| Architel Systems (U.S.) Corporation (f/k/a Architel Systems Corporation) | 09-10149 | 91-1573826 |
| Nortel Networks International Inc. (f/k/a Bay Networks International, Inc.) | 09-10150 | 77-0330358 |
| Northern Telecom International Inc. | 09-10151 | 51-0266286 |
| Nortel Networks Cable Solutions Inc. | 09-10152 | 62-1850567 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

**NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF
CLAIM ON OR BEFORE SEPTEMBER 30, 2009**

**PLEASE TAKE NOTICE THAT:**

The United States Bankruptcy Court for the District of Delaware (the "Court") has entered an Order (the "Bar Date Order") establishing **4:00 p.m. (prevailing Eastern Time) on September 30, 2009** (the "General Bar Date") as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units) to file a proof of claim against Nortel Networks Inc., Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Application Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc. and Nortel Networks Cable Solutions Inc. (the "Debtors").

These procedures apply ONLY to the Debtors. Several of the Debtors' affiliates are subject to creditor protection proceedings in other jurisdictions, including Canada. Separate proceedings and deadlines have been or will be established in those cases for the filing of claims. With respect to the Canadian proceedings, a general bar date of September 30, 2009 at 4:00 p.m. (prevailing Eastern Time) has been established by the Canadian Court. If you believe you have claims against Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Global Corporation, Nortel Networks International Corporation or Nortel Networks Technology Corporation (the "Canadian Debtors"), any such claims shall be filed in, and only in, the Canadian proceedings with the court-appointed Monitor. Procedures for filing such claims can be found by going to the following internet link: www.ey.com/ca/nortel.

The General Bar Date and the procedures set forth below for filing proofs of claim apply only to all claims against the Debtors that arose prior to January 14, 2009 (the "Filing Date"), the date on which the Debtors commenced cases under chapter 11 of the United States Bankruptcy Code, except for those holders of the claims listed in Section 4 below that are specifically excluded from the General Bar Date filing requirement.

**1.    WHO MUST FILE A PROOF OF CLAIM**

You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim (as defined in section 101(5) of the Bankruptcy Code) that arose prior to the Filing Date, and it is not one of the types of claim described in Section 4 below. Claims based on acts or omissions of the Debtors that occurred before the Filing Date must be filed so as to be actually received on or prior to the General Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Filing Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy

is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**2.    WHAT TO FILE**

The Debtors are enclosing a proof of claim form for use in the Debtors' cases (Attachment A); if your claim is scheduled by the Debtors, the form also sets forth the amount of your claim as scheduled by the Debtors, the specific Debtor against which the claim is scheduled and whether the claim is scheduled as disputed, contingent or unliquidated.  You will receive a different proof of claim form for each claim scheduled in your name by the Debtors.  You may utilize the proof of claim form(s) provided by the Debtors to file your claim.  Additional proof of claim forms may be obtained at www.uscourts.gov/bkforms.

Section 503(b)(9) of the Bankruptcy Code provides administrative claim priority for "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."  Any holder of a claim pursuant to section 503(b)(9) must complete the proof of claim form enclosed as Attachment B (the "Section 503(b)(9) Claim Form") to indicate that a section 503(b)(9) priority is being asserted.

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.  It must be written in English and be denominated in United States currency.  You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which the claim is asserted and the case number of that Debtor's bankruptcy case.

**3.    WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim against the Debtors must be filed <u>so as to be actually received</u> at the following address **on or before 4:00 p.m. (prevailing Eastern Time) on September 30, 2009**:

| **IF DELIVERED BY MAIL:** | **IF DELIVERED BY HAND DELIVERY OR OVERNIGHT COURIER:** |
|---|---|
| Nortel Networks Inc. Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC FDR Station, P.O. Box 5075 New York, NY 10150-5075 | Nortel Networks Inc. Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC 757 Third Avenue, 3rd Floor New York, NY 10017 |

Proofs of claim will be deemed filed only when <u>received</u> by Epiq Bankruptcy Solutions, LLC (the "Claims Agent") at the addresses listed herein on or before 4:00 p.m. (prevailing Eastern

Time) on the General Bar Date. Proofs of claim may not be delivered by facsimile, telecopy or electronic mail transmission.

**4.     WHO NEED NOT FILE A PROOF OF CLAIM**

You do **not** need to file a proof of claim on or prior to the General Bar Date if you are:

(a)   Any Entity that has already filed a proof of claim against the correct Debtors with the Clerk of the Bankruptcy Court for the District of Delaware or the Claims Agent in a form substantially similar to Official Form No. 10 and/or the Section 503(b)(9) Claim Form;

(b)   Any person or entity whose claim is listed on the Schedules filed by the Debtors, provided that (i) the claim is not scheduled as "disputed," "contingent" or "unliquidated"; and (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules; and (iii) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(c)   Any holder of a claim against the Debtors that heretofore has been allowed by order of this Court;

(d)   Any person or entity whose claim against the Debtors has been paid in full by any of the Debtors pursuant to an order of this Court;

(e)   Any holder of a claim against the Debtors for which specific deadlines have previously been fixed by this Court;

(f)   Any Debtor, nondebtor affiliate of the Debtors or Canadian Debtor, or any of their direct or indirect subsidiaries holding a claim, whether liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, unsecured, present, future, known or unknown, against any of the Debtors, other than claims by any joint venture;

(g)   Any Entity having a claim against any of the nondebtor affiliates or subsidiaries of the Debtors;

(h)   Any holder of a claim against the Debtors allowable under section 503(b) and section 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code, holders of which shall be required to file a Section 503(b)(9) Claim Form pursuant to the 503(b)(9) Procedures Order);

(i)   Any claims of officers and/or directors, who are officers and/or directors as of August 1, 2009, for indemnification and/or contribution arising from such officer's and/or director's service to the Debtors or any of the Debtors' non-debtor affiliates; provided, however, that such officers and/or directors must file proofs of claims so as to be actually received by the applicable Bar Date for all other claims arising before the Petition Date against the Debtors;

(j)   Any Entity (a "Noteholder") whose claim is limited exclusively to the repayment of principal, interest and other fees and expenses (the "Note Claims") in

    connection with such Noteholders holding or ownership of such notes under the note indentures ("Note Indentures"); provided, however, that (i) the foregoing exclusion in this subparagraph shall not apply to the indenture trustees under the Note Indentures (the "Indenture Trustees"), (ii) the Indenture Trustees shall each be authorized and required to file a single proof of claim pursuant to section 501(a) of the Bankruptcy Code, on or before the General Bar Date, on account of the Note Claims against the Debtors under their respective Note Indentures and (iii) any Noteholder wishing to assert a claim, other than a Notes Claim, arising out of or relating to the Notes Indentures, shall be required to file a proof of claim with respect to such claim on or before the General Bar Date, unless another exception identified herein applies; and

(k) Holders of equity security interests in the Debtors need not file proofs of interest with respect to the ownership of such equity interests, provided, however, that if any such holder asserts a claim against the Debtors that arises out of or relates to the ownership (including a claim relating to the purchase or sale) of such equity interest, a proof of such claim must be filed on or prior to the General Bar Date.

  This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this Notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors.

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

  If you have a claim arising out of the rejection of an executory contract or unexpired lease by the Debtors, you must file a proof of claim by the date that is the later of (i) the General Bar Date, (ii) 30 days after entry of an order authorizing such rejection, and (iii) 35 days after the Debtors file and serve by e-mail or overnight courier a notice of the rejection of such executory contract or unexpired lease.

**6. CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE GENERAL BAR DATE**

  **ANY PERSON OR ENTITY (EXCEPT A PERSON OR ENTITY WHO IS EXCUSED AS SET FORTH IN SECTION 4 ABOVE) WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE THE BAR DATE SHALL BE FOREVER BARRED AND ESTOPPED FROM (1) ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES AND (2) VOTING UPON, OR RECEIVING DISTRIBUTIONS UNDER, ANY PLAN OR PLANS OF REORGANIZATION OR LIQUIDATION IN THESE CHAPTER 11 CASES IN RESPECT OF SUCH CLAIM.**

**7. THE DEBTORS' SCHEDULES AND ACCESS THERETO**

  You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "<u>Schedules</u>").

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the General Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Schedules may also be examined between the hours of 8:00 a.m. and 4:00 p.m., Monday through Friday at the Clerk's Office, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801. Copies of the Schedules may also be obtained by written request to the Claims Agent at the following address and telephone number: Nortel Networks Inc. Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017, (646) 282-2500. Copies of the Schedules also are available for inspection on the independent restructuring website maintained by the Claims Agent at http://chapter11.epiqsystems.com/nortel.

Copies of the Bar Date Order and proof of claim forms may be obtained from the independent restructuring website maintained by the Claims Agent at http://chapter11.epiqsystems.com/nortel, or by contacting the Claims Agent at the following address and telephone number: Nortel Networks Inc. Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017, (646) 282-2500.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

BY ORDER OF THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

Dated: Wilmington, Delaware
August 4, 2009

CLEARY GOTTLIEB STEEN & HAMILTON LLP
James L. Bromley
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
1201 North Market Street, P.O. Box 1347
Wilmington, Delaware 19801

*Counsel for the Debtors and Debtors in Possession*