**Exhibit B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------X
                                                      :
                                                      :   Chapter 11
                                                      :
In re                                                 :
                                                      :   Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,¹                        :
                                                      :   Jointly Administered
                        Debtors.                      :
                                                      :
                                                      :   RE: D.I. _____
                                                      :
------------------------------------------------------X
```

### ORDER AUTHORIZING AND APPROVING
### SALE OF DEBTORS' NEXT GENERATION
### PACKET CORE NETWORK COMPONENTS
### FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES

Upon the motion dated September 21, 2009 (the "Motion"),² of Nortel Networks Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an order, as more fully described in the Motion, authorizing and approving sale of the Debtors' right, title and interest in the Next Generation Packet Core network components (the "Assets") to the Successful Bidder, free and clear of all liens, claims, and interests, pursuant to section 363 of the Bankruptcy Code, and the Debtors having filed a Notice of Successful Bidder designating _____ (the "Purchaser") as the purchaser of the Assets pursuant to the Transaction Agreement executed with the Purchaser on [**date**] (the "Transaction Agreement"); and the Court

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

² Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Sale Motion or the Sale Agreement, as the case may be.

having reviewed and considered the Motion, and the arguments of counsel made, and the evidence adduced, at the Sale Procedures Hearing and the Sale Hearing; and upon the record of the Sale Procedures Hearing and the Sale Hearing and these chapter 11 cases, and after due deliberation thereon, and good cause appearing therefore it is hereby

FOUND AND DETERMINED THAT:[3]

A.  The Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. § 157(b)(1) and 1334(b);

B.  Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2);

C.  Adequate notice of the Motion has been given as set forth therein and no other or further notice is necessary;

D.  The legal and factual bases set forth in the Motion and the record in these proceedings establish just cause for the relief requested therein, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest;

E.  Based upon the affidavits of service and publication filed with the Court: (a) notice of the Motion and the Sale Hearing was adequate and sufficient under the circumstances of these chapter 11 cases and these proceedings and complied with the various applicable requirements of the Bankruptcy Code, the Bankruptcy Rules and the Sale Procedures Order; and (b) a reasonable opportunity to object and be heard with respect to the Motion and the relief requested therein was afforded to all interested persons and entities;

---

[3]  Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

3

    F. The Debtors and their professionals marketed the Assets and conducted the marketing and sale process as set forth in and in accordance with the Motion.  Based upon the record of these proceedings, all creditors and other parties in interest and all prospective purchasers have been afforded a reasonable and fair opportunity to bid for the Assets.

    G. The Sale Procedures were substantively and procedurally fair to all parties.  The Debtors conducted the Sale process in accordance with the Sale Procedures;

    H. The Transaction Agreement and the Sale were negotiated and have been and are undertaken by the Debtors and the Purchaser at arms' length without collusion or fraud, and in good faith within the meaning of Bankruptcy Code section 363(m).  As a result of the foregoing, the Debtors and the Purchaser are entitled to the protections of section 363(m) of the Bankruptcy Code;

    I. The total consideration provided by the Purchaser for the assets being conveyed pursuant to the Transaction Agreement (the "<u>Purchased Assets</u>") is the highest and best offer received by the Debtors, and the purchase price constitutes fair consideration and fair value for the Purchased Assets;

    J. A sale of the Purchased Assets other than one free and clear of all Interests (as defined herein) would yield substantially less value for the Debtors' estates than the Transaction.  Therefore, the Sale contemplated by the Transaction Agreement is in the best interests of the Debtors, their estates and creditors, and all other parties in interest;

    K. The Debtors may sell the Purchased Assets free and clear of all interests to the extent provided in the Transaction Agreement because, with respect to each creditor asserting an interest, one or more of the standards set forth in Bankruptcy Code § 363(f)(1)-(5) has been satisfied.  Those holders of interests who did not object or who withdrew their objections to the

Sale or the Motion are deemed to have consented to the Motion and Sale pursuant to Bankruptcy Code § 363(f)(2). Any holders of interests who did object fall within one or more of the other subsections of Bankruptcy Code section 363(f);

   L. Neither the Debtors nor the Purchaser engaged in any conduct that would cause or permit the Agreement or the consummation of the Transactions to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code;

   M. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Sale. No brokers were involved in consummation of the Sale, and no brokers' commissions are due to any Person in connection with the Sale;

   N. The Sale contemplated by the Agreement is in the best interests of the Debtors and their estates, creditors, interest holders and all other parties in interest; and therefore:

 IT IS HEREBY ORDERED THAT:

   1. The relief requested in the Motion is GRANTED.

   2. All objections with regard to the relief sought in the Motion that have not been withdrawn, waived, or settled, are hereby overruled on the merits.

   3. Pursuant to sections 105 and 363 of the Bankruptcy Code and subject to the approval of the Sale by the Ontario Superior Court of Justice in the Canadian Proceedings regarding the Canadian Debtors, the Debtors and the Purchaser are each hereby authorized to take any and all actions necessary or appropriate to: (i) consummate the Sale of the Purchased Assets to the Purchaser and the Closing of the Sale in accordance with the Motion, the Transaction Agreement and this Order; and (ii) perform, consummate, implement and close fully the Transaction Agreement together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Transaction Agreement.

4.	The sale of the Purchased Assets pursuant to this Order will vest the Purchaser with all rights, title and interest of the Debtors to the Purchased Assets and will be a legal, valid and effective transfer of the Purchased Assets free and clear of all liens and claims, whether known or unknown, fixed, liquidated, contingent or otherwise, including any claims held by any of the Debtors' or their affiliates' creditors, vendors, suppliers, employees or lessors, and any other person, except as expressly provided by the Transaction Agreement or Sale Procedures.

5.	Except as expressly provided in the Transaction Agreement, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, upon the closing the Purchased Assets shall be sold, transferred or otherwise conveyed to Purchaser free and clear of all liens and claims, with all such liens and claims to attach to the proceeds of sale of the Purchased Assets in the order of their priority, and with the same validity, priority, force and effect which they now have as against the Purchased Assets, subject to the rights, claims, defenses, and objections, if any, of the Debtors and all parties in interest with respect to such liens and claims.  All persons or entities holding liens and claims in, to or against the Purchased Assets shall be, and they hereby are, forever barred from asserting such liens and claims against the Purchaser, its successors and assigns or such Purchased Assets after closing, except as expressly provided in the Transaction Agreement.

6.	Except as otherwise provided in the Transaction Agreement, any and all Purchased Assets in the possession or control of any person or entity, including, without limitation, any vendor, supplier or employee of the Debtors shall be transferred to the Purchaser free and clear of all liens, claims and interests and shall be delivered at the time of Closing to the Purchaser.

7.      The consideration to be paid by the Purchaser for the Purchased Assets under the Transaction Agreement and the terms and conditions thereunder constitute transfers for reasonably equivalent value and fair consideration and may not be avoided under section 363(n) of the Bankruptcy Code.

8.      This Order (a) is and shall be effective as a determination that, upon the closing, except as expressly provided in the Transaction Agreement or Sale Procedures, all liens and claims existing as to the Purchased Assets prior to the closing have been unconditionally released, discharged and terminated in each case as to the Purchased Assets and (b) shall authorize all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of fees, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities, who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments that reflect that the Purchaser is the assignee of the Purchased Assets free and clear of all liens and claims except as expressly provided in the Transaction Agreement or Sale Procedures.

9.      Nothing in this Order shall be deemed to waive, release, extinguish or estop the Debtors or their estates from asserting or otherwise impair or diminish any right (including without limitation any right of recoupment), claim, cause of action, defense, offset or counterclaim in respect of any asset that is not an Purchased Asset.

10.     Except with respect to enforcing the terms of the Transaction Agreement, the Sale Procedures, the Sale Procedures Order and/or this Order, absent a stay pending appeal, no person shall take any action to prevent, enjoin or otherwise interfere with consummation of the transactions contemplated in or by the Transaction Agreement, the Sale Procedures or this

Order.

11. The Transaction Agreement, Sale Procedures and any related agreements, documents or other instruments may be modified, amended, or supplemented through a written document signed by the parties in accordance with the terms thereof without further order of the Court; provided, however, that any such modification, amendment or supplement is neither material nor materially changes the economic substance of the transactions contemplated hereby (it being understood, for the sake of clarity, that no such modification, amendment or supplement shall be deemed to be material or shall be deemed to materially change the economic substance of the transactions to the extent that the impact does not exceed two percent of the Purchase Price as defined in the Transaction Agreement); and provided further that no such modifications, amendments, or supplements may be made except following two (2) days written notice to, or the prior consent of, the Official Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036 (Attention: Fred S. Hodara, Stephen Kuhn, and Kenneth Davis).

12. In the absence of a stay of the effectiveness of this Order, in the event that the Purchaser and the Debtors consummate the transactions contemplated by the Transaction Agreement at any time after entry of this Order, then with respect to the transactions approved and authorized herein, the Purchaser, as an arm's-length purchaser in good faith within the meaning of section 363(m) of the Bankruptcy Code, shall be entitled to all of the protections of section 363(m) of the Bankruptcy Code in the event this Order or any authorization contained herein is reversed or modified on appeal.

13. Each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Transaction Agreement and

Sale Procedures.

14. Until these cases are closed or dismissed, the Court shall retain exclusive jurisdiction: (a) to enforce and implement the terms and provisions of the Transaction Agreement, all amendments thereto, any waivers and consents thereunder, and each of the agreements, documents and instruments executed in connection therewith; (b) to compel transfer of the Purchased Assets to the Purchaser; (c) to compel the Purchaser to perform all of its obligations under the Transaction Agreement; (d) to resolve any disputes, controversies or claims arising out of or relating to the Transaction Agreement; and (e) to interpret, implement and enforce the provisions of this Order.

15. The terms of this Order and the Transaction Agreement shall be binding on and inure to the benefit of the Debtors, the Purchaser and the Debtors' creditors and all other parties in interest, and any successors of the Debtors, the Purchaser and the Debtors' creditors, including any trustee or examiner appointed in these cases or any subsequent or converted cases of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code.

16. The failure to include any particular provision of the Transaction Agreement in this Order shall not diminish or impair the effectiveness of that provision, it being the intent of the Court and the parties that the Transaction Agreement be approved and authorized in its entirety.

17. Any conflict between the terms and provisions of this Order and the Transaction Agreement shall be resolved in favor of this Order.

18. The Debtors are hereby authorized to perform each of their covenants and undertakings as provided in the Transaction Agreement prior to closing without further order of the Court.

19. As provided by Bankruptcy Rule 7062, this Order shall be effective and enforceable immediately. The provisions of Bankruptcy Rules 6004(g) and 6006(d) staying the effectiveness of this Order for ten (10) days are hereby waived, and this Order shall be effective, and the parties may consummate the transactions contemplated by the Transaction Agreement immediately upon entry of this Order. Time is of the essence in closing the transaction and parties to the Transaction Agreement shall be authorized to close the sale as soon as possible consistent with the terms of this Order.

20. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary: (i) the terms of this Order shall be immediately effective and enforceable upon its entry; (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

21. The provisions of this Order are nonseverable and mutually dependent.

22. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
       Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3128522.1