**Exhibit G**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------X
:
*In re*                                                   :   Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                         :   Case No. 09-10138 (KG)
:
              Debtors.                                 :   Jointly Administered
:
:   **RE: D.I. \_\_\_\_**
:
---------------------------------------------------------------X

**DECLARATION OF HYACINTH DEALMEIDA IN SUPPORT
OF DEBTORS' MOTION FOR ORDERS (I)(A) AUTHORIZING AND
APPROVING SALE PROCEDURES, (B) AUTHORIZING AND
APPROVING NOTICE PROCEDURES, AND (C) SETTING A DATE
FOR SALE HEARING, AND (II) AUTHORIZING AND
APPROVING SALE OF DEBTORS NEXT GENERATION
PACKET CORE NETWORK COMPONENTS
<u>FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES</u>**

I, Hyacinth DeAlmeida, declare under penalty of perjury as follows:

1. I am the Leader of Corporate Business Development of Nortel Networks, Inc. ("<u>NNI</u>" and, together with the other above-captioned debtors, the "<u>Debtors</u>" or the "<u>U.S. Debtors</u>").

2. I submit this declaration in support of the Debtors' motion (the "<u>Sale Motion</u>")[2] for orders (i)(a) authorizing and approving Sale Procedures, (b) authorizing and approving Notice Procedures, and (c) Setting a Date for Sale Hearing; and (ii) authorizing and approving

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Sale Motion.

Sale of Debtors' Next Generation Packet Core Network Components Free and Clear of All Liens, Claims and Encumbrances; and (iii) granting them such other and further relief as the Court deems just and proper. Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, information supplied to me by other members of the Debtors' management and professionals or learned from my review of relevant documents or upon my opinion based on my experience and knowledge of the Debtors' operations and financial condition. If I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this declaration.

3. I have participated in or was informed of Nortel's exploration of opportunities to sell the Assets that have since resulted in the Sale Procedures and ongoing negotiations with various counterparties.

4. Nortel's Carrier Network's wireless business ("Wireless") offers wireless network solutions to service providers that supply mobile voice, data and multimedia communications services to individuals and enterprises using cellular telephones, personal digital assistants, laptops, soft-clients, and other wireless computing and communications devices. As part of the Wireless business, Nortel has been developing technologies focused in the areas of 2G, 3G and 4G broadband wireless. In this regard, Nortel has been conducting research and development on network components designed to provide data network connectivity for, 2G GPRS, 3G UMTS and 4G LTE wireless networks and increase network bandwidth for multimedia content and applications over wireless networks (such components, the "Next Generation Packet Core network components").

5. In particular, the Assets consist principally of certain non-patent intellectual property, and related tangible assets, associated with the design, development,

commercialization, customization and support of the Next Generation Packet Core network components, which consist of the following network components: (a) a Next Generation Serving GPRS Support Node on Advance TeleComputing Architecture ("ATCA"); (b) a Next Generation Gateway GPRS Support Node on ATCA; (c) a Mobility Manager Element on ATCA; (d) an AGW Serving Gateway on ATCA; (e) an AGW Packet Data Gateway on ATCA; and (f) a Network Element Manager associated with each of the aforementioned components.

6. The business environment in which the Sellers operate is highly competitive, the competition for market share is fierce, and the cost of rapid technological development is steep. The Next Generation Packet Core network components are being developed from technology based on Nortel's legacy packet core solutions with the goal of readiness for commercial deployment by mid-2010. The activity currently has no customer contracts associated with it, but does have continuing cash requirements, primarily in the United States, associated with the ongoing research and development efforts and their related infrastructure requirements. In addition, it is necessary to note that, since the commencement of the U.S. and Canadian Proceedings, Nortel has not been able to successfully pursue Requests for Proposals from prospective customers for its Next Generation Packet Core network components despite the fact that several significant potential customers have issued such requests that have been successfully pursued by competing vendors.

7. Nortel has over the last several months explored the interest of third parties in acquiring the Assets. The Debtors have been unable to market these Assets with any other major transaction. Discussions with potential purchasers and expressions of interest from this exploratory process have provided Nortel's management with a view of the potential market for the Assets, as well as the Assets' value to the major market participants.

8. Since the Petition Date, Nortel has engaged in discussions with various counterparties regarding the sale of the Assets. The Debtors and their investment banker, Lazard Frères & Co., also began seeking prospective purchasers both within the Debtors' industry and among potential strategic investment entities. In its exploratory efforts to market the Assets, Nortel approached eight parties that it had identified, in consultation with its financial advisors, as likely to be interested and able to acquire the Assets, including two financial investors and six strategic buyers. An information memorandum was provided to those parties who executed confidentiality agreements. Nortel also conducted management presentations with those parties who requested one, and required an expression of interest before providing access to due diligence materials through an electronic data room.

9. I believe, based on the Debtors' long-term consideration of potential transactions involving the Assets and after canvassing the marketplace, as described above, that the proposed sale procedures will garner the highest or otherwise best offer for the Assets.

10. The potential purchase price that could be realized through a sale of the Assets is likely to decline over time if the Assets remain unsold. The full value of the Assets may not be realized if a sale is not consummated quickly.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: September 21, 2009
Richardson, TX

_____
Mr. Hyacinth DeAlmeida