## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------X
                                                       :    Chapter 11
In re                                                  :
                                                       :    Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,¹                         :
                                                       :    Jointly Administered
                         Debtors.                      :
                                                       :    Hearing date: September 30, 2009 at 10:00 a.m.
                                                       :    (ET) (proposed)
                                                       :    Objections due: September 25, 2009 at noon (ET)
                                                            (proposed)
-------------------------------------------------------X
```

### DEBTORS' MOTION FOR AN ORDER UNDER 11 U.S.C. § 102(1) SHORTENING NOTICE RELATING TO CERTAIN ELEMENTS OF DEBTORS' MOTION FOR ORDERS (I)(A) AUTHORIZING AND APPROVING SALE PROCEDURES, (B) AUTHORIZING AND APPROVING NOTICE PROCEDURES, AND (C) SETTING A DATE FOR SALE HEARING, AND (II) AUTHORIZING AND APPROVING SALE OF DEBTORS' NEXT GENERATION PACKET CORE NETWORK COMPONENTS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this court (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to section 102(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) to permit consideration on shortened notice of certain elements

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

of Debtors' Motion (the "Sale Motion")[2] for Orders (I)(a) authorizing and approving sale procedures (the "Sale Procedures") in connection with the proposed sale of the Assets (as defined below) by the Debtors (the "Transaction" or "Sale"), (b) authorizing and approving the forms of Sale Procedure Notice and Publication Notice, and approving the manner of solicitation of bids and notice of the sale (collectively, the "Notice Procedures"), (c) setting the time, date and place of a hearing to consider the sale (the "Sale Hearing"), and (II) authorizing and approving sale of the Debtors' Next Generation Packet Core network components (the "Assets") free and clear of all liens, claims and encumbrances; and (ii) granting them such other and further relief as the Court deems just and proper.  In support of the Motion, the Debtors rely on the declaration of Hyacinth DeAlmeida (the "DeAlmeida Declaration").  In further support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 102(1) of the Bankruptcy Code, as supplemented by Bankruptcy Rules 9006 and Local Rule 9006-1(e).

### Background

**B.      Introduction**

3.      On January 14, 2009 (the "Petition Date"), the Debtors other than NN CALA (as defined below) filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2]      Capitalized terms used but not defined herein have the meanings ascribed to them in the Sale Motion.

5.      Also on the Petition Date, the Debtors' ultimate corporate parent NNC, NNI's direct corporate parent NNL (together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings").  The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.  Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.  On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA.  On February 27, 2009, this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.  In addition, at 8 p.m. (London time) on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators"). On May 28, 2009, at the request of the Joint Administrators, the Commercial Court of Versailles, France (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of

---

[3]     The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4]     The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA will continue to operate as a going concern for an initial period of three months, which period has since been further extended.  In accordance with the European Union's Council Regulation (EC) No. 1346/2000 on Insolvency Proceedings, the English law proceedings remain the main proceedings in respect of NNSA.  On June 8, 2009, Nortel Networks UK Limited ("NNUK") filed petitions in this Court for recognition of the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.  On June 26, 2009, the Court entered an order recognizing the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

6.      On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

7.      On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142].  An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group").  No trustee or examiner has been appointed in the Debtors' cases.

8.      On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc. ("NN CALA" and a Debtor together with NNI and certain of its affiliates), an affiliate of NNI, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On July 17, the Court entered orders approving the joint administration and consolidation of NN CALA's

chapter 11 case with the other Debtors' chapter 11 cases for procedural proposes [D.I. 1098], and applying to NN CALA of certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1099].

**C.    Debtors' Corporate Structure and Business**

9.      A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases are set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3] (the "First Day Declaration").

<u>Relief Requested</u>

10.     By this Motion, the Debtors seek an order (i) shortening the notice period for the Sale Procedures and Notice Procedures as set forth in the Sale Motion filed contemporaneously with this Motion; (ii) setting September 30, 2009 as the hearing date; (iii) setting September 25, 2009 as the deadline to object to the Sale Motion (collectively, the "Sale Procedures Relief"); and (iv) granting them such other and further relief as the Court deems just and proper.

<u>Facts Relevant to this Motion</u>

11.     As set forth more fully in the Sale Motion, the Debtors seek to launch a sale process to sell the Assets.  As set forth in the DeAlmeida Declaration, given that the Assets relate to a technology still under development with no current customers or revenue stream, the Debtors have determined that it is in the estates' interest to launch a sale process for the Assets at this time.  The potential purchase price that could be realized through a sale of the Assets is likely to decline over time if the Assets remain unsold.  The full value of the Assets may not be realized if a sale is not consummated quickly.

**Basis for Relief**

12.     Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).  As set forth below, shortening notice is justified here.

13.     The Debtors respectfully submit that shortened notice is appropriate in this instance because the expeditious sale of the Assets is critical to the maximization of the value of the Assets and, in turn, to a recovery for the Debtors' estates.  As explained in more detail in the Sale Motion the potential purchase price that could be realized through a sale of the Assets is likely to decline over time if the Assets remain unsold.  For these reasons, the Debtors respectfully submit that allowing the Sale Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

**Notice**

14.     Notice of the Motion has been given via first-class mail, facsimile, electronic transmission, hand delivery or overnight mail to (i) the U.S. Trustee; (ii) the Monitor; (iii) counsel to the Committee; (iv) counsel to the Bondholder Group; and (v) the general service list established in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  The Debtors submit that under the circumstances no other or further notice is necessary.

**No Prior Request**

15.     No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:  September 21, 2009
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS NICHOLS, ARSHT & TUNNELL LLP

/s Ann C. Cordo
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*