

**H**

Rev. Proc. 2006-54, 2006-49 I.R.B. 1035, 2006-2 C.B. 1035, 2006 WL 3334167 (IRS RPR)

Internal Revenue Service (I.R.S.)
IRS RPR

Revenue Procedure
PROCEDURES FOR REQUESTING COMPETENT AUTHORITY ASSISTANCE UNDER TAX TREATIES

Released: November 17, 2006
Published: December 4, 2006

*26 CFR 601.201: Rulings and determination letters.*

This document updates the procedures for requesting assistance from the U.S. competent authority under the provisions of an income, estate, or gift tax treaty to which the United States is a party. Rev. Procs. 2002-52 and 2006-26 modified and superseded. Rev. Proc. 2006-9 amplified. Rev. Rul. 92-75 clarified.

**TABLE OF CONTENTS**

**SECTION 1. PURPOSE AND BACKGROUND**
    .01 Purpose.
    .02 Background.
    .03 Changes.

**SECTION 2. SCOPE**
    .01 In General.
    .02 Requests for Assistance.
    .03 General Process.
    .04 Failure to Request Assistance.

**SECTION 3. GENERAL CONDITIONS UNDER WHICH THIS PROCEDURE APPLIES**
    .01 General.
    .02 Requirements of a Treaty.
    .03 Applicable Standards in Allocation Cases.
    .04 Who Can File Requests for Assistance.
    .05 Closed Cases.
    .06 Foreign Initiated Competent Authority Request.
    .07 Requests Relating to Residence Issues.
    .08 Determinations Regarding Limitation on Benefits.

**SECTION 4. PROCEDURES FOR REQUESTING COMPETENT AUTHORITY ASSISTANCE**
    .01 Time for Filing.
    .02 Place of Filing.

GOVERNMENT
EXHIBIT

102

Rev. Proc. 2006-54, 2006-49 I.R.B. 1035, 2006-2 C.B. 1035, 2006 WL 3334167
(IRS RPR)

Page 2

.03 Additional Filing.

.04 Form of Request.

.05 Information Required.

.06 Other Dispute Resolution Programs.

.07 Other Documentation.

.08 Updates.

.09 Conferences.

## SECTION 5. SMALL CASE PROCEDURE FOR REQUESTING COMPETENT AUTHORITY ASSISTANCE

.01 General.

.02 Small Case Standards.

.03 Small Case Filing Procedure.

## SECTION 6. RELIEF REQUESTED FOR FOREIGN INITIATED ADJUSTMENT WITHOUT COMPETENT AUTHORITY INVOLVEMENT

## SECTION 7. COORDINATION WITH OTHER ADMINISTRATIVE OR JUDICIAL PROCEEDINGS

.01 Suspension of Administrative Action with Respect to U.S. Adjustments.

.02 Coordination with IRS Appeals.

.03 Coordination with Litigation.

.04 Coordination with Other Alternative Dispute Resolution and Pre-Filing Procedures.

.05 Effect of Agreements or Judicial Determinations on Competent Authority Proceedings.

.06 Accelerated Competent Authority Procedure.

## SECTION 8. SIMULTANEOUS APPEALS PROCEDURE

.01 General.

.02 Time for Requesting the Simultaneous Appeals Procedure.

   (1) When Filing for Competent Authority Assistance.

   (2) After Filing for Competent Authority Assistance.

.03 Cases Pending in Court.

.04 Request for Simultaneous Appeals Procedure.

.05 Role of IRS Appeals in the Simultaneous Appeals Procedure.

   (1) IRS Appeals Process.

   (2) Assistance to U.S. Competent Authority.

.06 Denial or Termination of Simultaneous Appeals Procedure.

   (1) Taxpayer's Termination.

   (2) IRS's Denial or Termination.

.07 Returning to IRS Appeals.

.08 IRS Appeals' Consideration of Non-Competent Authority Issues.

## SECTION 9. PROTECTIVE MEASURES

.01 General.

.02 Filing Protective Claim for Credit or Refund with a Competent Authority Request.

   (1) In General.

   (2) Treatment of Competent Authority Request as Protective Claim.

.03 Protective Filing Before Competent Authority Request.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

(1) In general.
(2) Letter to Competent Authority Treated as Protective Claim.
(3) Notification Requirement.
(4) No Consultation between Competent Authorities until Formal Request is Filed.
.04 Effect of a Protective Claim.
.05 Treaty Provisions Waiving Procedural Barriers.

**SECTION 10. APPLICATION OF REV. PROC. 99-32**

**SECTION 11. DETERMINATION OF CREDITABLE FOREIGN TAXES**

**SECTION 12. ACTION BY U.S. COMPETENT AUTHORITY**
.01 Notification of Taxpayer.
.02 Denial of Assistance.
.03 Extending Period of Limitations for Assessment.
.04 No Review of Denial of Request for Assistance.
.05 Notification.
.06 Closing Agreement.
.07 Unilateral Withdrawal or Reduction of U.S. Initiated Adjustments.

**SECTION 13. REQUESTS FOR RULINGS**
.01 General.
.02 Foreign Tax Rulings.

**SECTION 14. FEES**
.01 Requests to Which a User Fee Does Not Apply.
.02 Requests to Which a User Fee Applies.
.03 Acceptance of Requests.
.04 Address to Send Payment.
.05 Refunds of User Fee.

**SECTION 15. EFFECT ON OTHER DOCUMENTS**

**SECTION 16. EFFECTIVE DATE**

**SECTION 17. PAPERWORK REDUCTION ACT**

**SECTION 18. DRAFTING INFORMATION**

SECTION 1. PURPOSE AND BACKGROUND
.01 *Purpose.* This revenue procedure explains the procedures by which taxpayers may obtain assistance from the U.S. competent authority under the provisions of a tax treaty to which the United States is a party. This revenue procedure updates and supersedes Rev. Proc. 2002-52, 2002-2 C.B. 242.

.02 *Background.* The U.S. competent authority assists taxpayers with respect to matters covered in the mutual agreement procedure provisions of tax treaties. A tax treaty generally permits taxpayers to request competent authority assistance when they consider that the actions of the United States, the treaty country, or both, result or will result in taxation that is contrary to the provisions of the treaty. For example, tax treaties generally permit taxpayers to request assistance in order

to relieve economic double taxation arising from an allocation under section 482 of the Internal Revenue Code (the "Code") or an equivalent provision under the laws of a treaty country. Competent authority assistance may also be available with respect to issues specifically dealt with in other provisions of a treaty. For example, many tax treaties contain provisions permitting competent authorities to resolve issues of fiscal residence or allowing a competent authority to make a discretionary determination that a taxpayer is entitled to the benefits of a treaty under specific limitation on benefits provisions. *See* sections 3.07 and 3.08 of this revenue procedure. The Deputy Commissioner (International), Large and Mid-Size Business Division, acts as the U.S. competent authority in administering the operating provisions of tax treaties, including reaching mutual agreements in specific cases, and in interpreting and applying tax treaties. In interpreting and applying tax treaties, the Deputy Commissioner (International), Large and Mid-Size Business Division, acts only with the concurrence of the Associate Chief Counsel (International). *See* Delegation Order 4-12 (formerly DO-114, Rev. 13), Internal Revenue Manual ("IRM"), Part 1 Organization, Finance and Management, Chapter 2 Servicewide Policies and Authorities, Section 43 Delegation of Authorities for the Examining Process (IRM 1.2.43), *http://www.irs.gov/irm/part1/ch02s10.html#d0e33677.*

.03 *Changes.* Although most of the changes made by this revenue procedure to Rev. Proc. 2002-52 are minor edits for organization, accuracy, readability, or updating of citations to cross-referenced guidance, substantive changes have also been made and may be summarized as follows:

(1) Sections 3.04, 3.08 and 7.06 have been revised to clarify standards for acceptance of requests for competent authority assistance.

(2) Sections 3.08, 4.04 and 5.03 have been revised to clarify signature requirements for requests for determinations regarding limitation on treaty benefits.

(3) Section 4.04 has been revised to provide for filing copies of submissions on electronic media.

(4) Sections 4.05 and 5.03 have been revised to provide additional detail regarding information to be submitted with requests for competent authority assistance.

(5) Sections 7.02 and 7.05 have been revised to clarify current practices regarding coordination with IRS Appeals.

(6) Section 7.06 has been revised to clarify the coordination of the accelerated competent authority procedure with requests for Advance Pricing Agreements.

(7) Section 8.04 has been revised to clarify current practices regarding the processing of requests for the Simultaneous Appeal procedure.

(8) Section 9.03(3) has been revised to reduce the frequency with which taxpayers filing protective claims are required to notify the U.S. competent authority as to their intent to file a request for assistance.

(9) Section 10 has been revised to clarify the role of the U.S. competent authority in considering requests regarding conforming a taxpayer's accounts and allowing repatriation of certain amounts following an allocation of income between related U.S. and foreign corporations under section 482 of the Code.

(10) Section 12.02(8) has been revised to provide for denial of competent authority assistance where the underlying transaction is listed for purposes of the applicable Treasury regulations as a tax avoidance transaction.

(11) Section 14 has been revised to implement user fees for requests for determinations regarding limitation on treaty be-

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

nefits.

SECTION 2. SCOPE

.01 *In General.* This revenue procedure addresses procedures for obtaining assistance from the U.S. competent authority under the provisions of an income, estate or gift tax treaty entered into between the United States and another country. The U.S. competent authority assists taxpayers with respect to matters covered in tax treaties in the manner specified in the mutual agreement procedure provisions or other provisions of the relevant tax treaty. Taxpayers are urged to examine the specific provisions of the treaty under which they seek relief, in order to determine whether relief may be available in their particular case. If, after examining the applicable treaty, a taxpayer is unsure whether relief is available, the taxpayer should contact competent authority. This revenue procedure is not intended to limit any specific treaty provisions relating to competent authority matters.

.02 *Requests for Assistance.* In general, requests by taxpayers for competent authority assistance must be submitted in accordance with this revenue procedure. However, where a treaty or other published administrative guidance provides specific procedures for requests for competent authority assistance, those procedures will apply, and the provisions of this revenue procedure will not apply to the extent inconsistent with such procedures. Taxpayers may consult the "Tax Information for International Businesses" and "Competent Authority Agreements" pages at *www.irs.gov* for links to a variety of agreements and other documents that may modify the procedures set forth in this revenue procedure.

.03 *General Process.* If a taxpayer's request for competent authority assistance is accepted, the U.S. competent authority generally will consult with the appropriate foreign competent authority and attempt to reach a mutual agreement that is acceptable to all parties. The U.S. competent authority also may initiate competent authority negotiations in any situation deemed necessary to protect U.S. interests. Such a situation may arise, for example, when a taxpayer fails to request competent authority assistance after agreeing to a U.S. or foreign tax assessment that is contrary to the provisions of an applicable tax treaty or for which correlative relief may be available.

.04 *Failure to Request Assistance.* Failure to request competent authority assistance or to take appropriate steps as necessary to maintain the availability of the remedy may cause a denial of part or all of any foreign tax credits claimed. *See* Treas. Reg. §1.901-2(e)(5)(i). *See also* section 9 of this revenue procedure concerning protective measures and section 11 of this revenue procedure concerning the determination of creditable foreign taxes.

SECTION 3. GENERAL CONDITIONS UNDER WHICH THIS PROCEDURE APPLIES

.01 *General.* The exclusions, exemptions, deductions, credits, reductions in rate, and other benefits and safeguards provided by treaties are subject to conditions and restrictions that may vary in different treaties. Taxpayers should examine carefully the specific treaty provisions applicable in their cases to determine the nature and extent of treaty benefits or safeguards they are entitled to and the conditions under which such benefits or safeguards are available. *See* section 9 of this revenue procedure, which prescribes protective measures to be taken by the taxpayer and any concerned related person with respect to U.S. and foreign tax authorities. *See also* section 12.02 of this revenue procedure for circumstances in which competent authority assistance may be denied.

.02 *Requirements of a Treaty.* There is no authority for the U.S. competent authority to provide relief from U.S. tax or to provide other assistance due to taxation arising under the tax laws of a foreign country or the United States, unless such authority is granted by a treaty. *See also* Rev. Proc. 2006-23, 2006-20 I.R.B. 900, for procedures for requesting the assistance of the IRS when a taxpayer is or may be subject to inconsistent tax treatment by the IRS and a U.S. possession tax agency.

.03 *Applicable Standards in Allocation Cases.* With respect to requests for competent authority assistance involving the

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

allocation of income and deductions between a U.S. taxpayer and a related person, the U.S. competent authority and its counterpart in the treaty country will be bound by the arm's length standard provided by the applicable provisions of the relevant treaty. The U.S. competent authority will also be guided by the arm's length standard consistent with the regulations under section 482 of the Code and the Transfer Pricing Guidelines for Multinational Enterprises and Tax Administrations as published from time to time by the Organisation for Economic Co-operation and Development. When negotiating mutual agreements on the allocation of income and deductions, the U.S. competent authority will take into account all of the facts and circumstances of the particular case and the purpose of the treaty, which is to avoid double taxation.

.04 *Who Can File Requests for Assistance.* The U.S. competent authority will consider requests for assistance from U.S. persons, as defined in section 7701(a)(30) of the Code, and from non-U.S. persons as permitted under an applicable tax treaty. As noted in section 12.02 of this revenue procedure, there are circumstances in which the U.S. competent authority will not pursue assistance. For purposes of this revenue procedure, except where the context otherwise requires, the term "taxpayer" refers to the person requesting competent authority assistance.

.05 *Closed Cases.* A case previously closed after examination will not be reopened in order to make an adjustment unfavorable to the taxpayer except in the presence of an exceptional circumstance described in Rev. Proc. 2005-32, 2005-23 I.R.B. 1206 (providing procedures for reopening cases if fraud, substantial error, or certain other circumstances are present). The U.S. competent authority may, but is not required to, accept a taxpayer's request for competent authority consideration that will require the reopening of a case closed after examination.

.06 *Foreign Initiated Competent Authority Request.* When a foreign competent authority refers a request from a foreign person to the U.S. competent authority for consultation under the mutual agreement procedure, the U.S. competent authority generally will require the U.S. related person (in the case of an allocation of income or deductions between related persons) or may require the foreign person (in other cases) to file a request for competent authority assistance under this revenue procedure.

.07 *Requests Relating to Residence Issues.* U.S. competent authority assistance may be available to taxpayers seeking to clarify their residency status in the United States. Examples include cases in which taxpayers believe that they are erroneously treated as non-U.S. residents by treaty countries or cases where taxpayers are treated as dual residents despite the objective tie-breaker provisions contained in the applicable treaties. Generally, competent authority assistance is limited to situations where resolution of a residency issue is necessary in order to avoid double taxation or to determine the applicability of a benefit under the treaty. Further, a request for assistance regarding a residency issue will be accepted only if it is established that the issue requires consultation with the foreign competent authority in order to ensure consistent treatment by the United States and the applicable treaty country. The U.S. competent authority does not issue unilateral determinations with respect to whether an individual is a resident of the United States or of a treaty country.

.08 *Determinations Regarding Limitation on Benefits.* Many treaties contain a limitation on benefits article that enumerates prescribed requirements that must be met to be eligible for benefits under the treaty. The U.S. competent authority will not issue determinations regarding a taxpayer's status under one of the prescribed requirements in a limitation on benefits provision. However, certain treaties provide that the competent authority may, as a matter of discretion, determine the availability of treaty benefits where the prescribed requirements are not met. Requests for assistance in such cases should comply with this revenue procedure and any other specific procedures that may be issued from time to time. A request may be with respect to an initial discretionary determination, a renewal or a redetermination. The request should take the form of a letter as described in section 4.04 of this revenue procedure, except that if the requester does not file federal tax returns and cannot identify a person authorized to sign such returns, the letter may be dated and signed by any authorized representative or officer of the requester. Taxpayers who are requesting a discretionary determination under a

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

(IRS RPR)

limitation on benefits provision should include the user fee as described in Section 14 of this revenue procedure as well as the information described in Exhibit 4.60.3-3 of the Internal Revenue Manual ("IRM"), Part 4 Examining Process, Chapter 60 International Procedure, Section 3 Tax Treaty Related Matters (IRM 4.60.3), *http://www.irs.gov/irm/part4/ch45s03.html*.

## SECTION 4. PROCEDURES FOR REQUESTING COMPETENT AUTHORITY ASSISTANCE

.01 *Time for Filing.* A request for competent authority assistance generally may be filed at any time after an action results in taxation not in accordance with the provisions of the applicable treaty. In a case involving a U.S. initiated adjustment of tax or income resulting from a tax examination, a request for competent authority assistance may be submitted as soon as practicable after the amount of the proposed adjustment is communicated in writing to the taxpayer (*e.g.*, a Notice of Proposed Adjustment). Where a U.S. initiated adjustment has not yet been communicated in writing to the taxpayer, the U.S. competent authority generally will deny the request as premature. In the case of a foreign examination, a request may be submitted as soon as the taxpayer believes such filing is warranted based on the actions of the country proposing the adjustment. In a case involving the re-allocation of income or deductions between related persons, the request should not be filed until such time that the taxpayer can establish that there is a probability of double taxation. In cases not involving an examination, a request can be made when the taxpayer believes that an action or potential action warrants the assistance of the U.S. competent authority. Examples of such action include: (a) a ruling or promulgation by a foreign tax authority concerning a taxation matter; and (b) the withholding of tax by a withholding agent. Except where otherwise provided in an applicable treaty, taxpayers have discretion over the time for filing a request; however, delays in filing may preclude effective relief. *See* section 9 of this revenue procedure, which explains protective measures to be taken by the taxpayer and any concerned related person with respect to U.S. and foreign tax authorities. *See also* section 7.06 of this revenue procedure for rules relating to accelerated issue resolution and competent authority assistance.

.02 *Place of Filing.* The taxpayer must send all written requests for, or any inquiries regarding, U.S. competent authority assistance to the Deputy Commissioner (International), Large and Mid-Size Business Division, Attn: Office of Tax Treaty, Internal Revenue Service, 1111 Constitution Avenue, NW, Routing: MA3-322A, Washington, D.C. 20224.

.03 *Additional Filing.* In the case of U.S. initiated adjustments, the taxpayer also must file a copy of the request with the office of the IRS where the taxpayer's case is pending. If the request is filed after the matter has been designated for litigation or while a suit contesting the relevant tax liability of the taxpayer is pending in a United States court, a copy of the request also must be filed with the Office of Associate Chief Counsel (International), Internal Revenue Service, 1111 Constitution Avenue, N.W., Washington, D.C. 20224, with a separate statement attached identifying the court where the suit is pending and the docket number of the action.

.04 *Form of Request.* A request for U.S. competent authority assistance must be in the form of a letter addressed to the Deputy Commissioner (International), Large and Mid-Size Business Division. It must be dated and signed by a person having the authority to sign the taxpayer's federal tax returns. The request must contain a statement that competent authority assistance is being requested and must include the information described in section 4.05 of this revenue procedure. In addition to the original signed submission, a copy of the text of the request and any materials contemporaneously prepared in support of the request must also be submitted, in Adobe PDF or Microsoft Word format, in the form of a CD, DVD, or 3.5-inch diskette. *See* section 5 of this revenue procedure for requests involving small cases.

.05 *Information Required.* The following information must be included in the request for competent authority assistance:

(1) a reference to the specific treaty and the provisions therein pursuant to which the request is made;

(2) the names, addresses, U.S. taxpayer identification number and foreign taxpayer identification number (if any) of the

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

taxpayer and, if applicable, all related persons involved in the matter;

(3) a brief description of the issues for which competent authority assistance is requested, including a description of the relevant transactions, activities or other circumstances involved in the issues raised and the basis for the adjustment, if any;

(4) if applicable, a description of the control and business relationships between the taxpayer and any relevant related person for the years in issue, including any changes in such relationship to the date of filing the request;

(5) the years and amounts involved with respect to the issues in both U.S. dollars and foreign currency;

(6) the IRS office that has made or is proposing to make the adjustment or, if known, the IRS office with examination jurisdiction over the taxpayer;

(7) an explanation of the nature of the relief sought or the action requested in the United States or in the treaty country with respect to the issues raised, including a statement as to whether the taxpayer wishes to apply for treatment similar to that provided under Rev. Proc. 99-32, 1999-2 C.B. 296 (referred to in this revenue procedure as "Rev. Proc. 99-32 treatment" and explained in further detail in section 10 of this revenue procedure);

(8) a statement whether the period of limitations for the years for which relief is sought has expired in the United States or in the treaty country;

(9) a statement of relevant domestic and foreign judicial or administrative proceedings that involve the taxpayer and related persons, including all information related to notification of the treaty country;

(10) to the extent known by the taxpayer, a statement of relevant foreign judicial or public administrative proceedings that do not involve the taxpayer or related persons but involve the same issue for which competent authority assistance is requested;

(11) a statement whether the request for competent authority assistance involves issues that are currently, or were previously, considered part of an Advance Pricing Agreement ("APA") proceeding or other proceeding relevant to the issue under consideration in the United States or part of a similar proceeding in the foreign country;

(12) if applicable, powers of attorney with respect to the taxpayer, and the request should identify the individual to serve as the taxpayer's initial point of contact for the competent authority;

(13) if the jurisdiction of an issue is with an IRS Appeals office, a summary of prior discussions of the issue with that office and contact information regarding the IRS Appeals officer handling the issue; also, if appropriate, a statement whether the taxpayer is requesting the Simultaneous Appeals procedure as provided in section 8 of this revenue procedure;

(14) in a separate section, the statement and information required by section 9.02 of this revenue procedure if the request is to serve as a protective claim;

(15) on a separate document, a statement that the taxpayer consents to the disclosure to the competent authority of the treaty country (with the name of the treaty country specifically stated) and that competent authority's staff, of any or all of the items of information set forth or enclosed in the request for U.S. competent authority assistance within the limits contained in the tax treaty under which the taxpayer is seeking relief. The taxpayer may request, as part of this statement,

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

that its trade secrets not be disclosed to a foreign competent authority. This statement must be dated and signed by a person having authority to sign the taxpayer's federal tax returns and is required to facilitate the administrative handling of the request by the U.S. competent authority for purposes of the recordkeeping requirements of section 6103(p) of the Code. Failure to provide such a statement will not prevent the U.S. competent authority from disclosing information under the terms of a treaty. *See* section 6103(k)(4) of the Code. Taxpayers are encouraged to provide duplicates to the U.S. and foreign competent authorities of all information otherwise disclosable under the treaty;

(16) a penalties of perjury statement in the following form:

> Under penalties of perjury, I declare that I have examined this request, including accompanying documents, and, to the best of my knowledge and belief, the facts presented in support of the request for competent authority assistance are true, correct and complete.

The declaration must be dated and signed by the person or persons on whose behalf the request is being made and not by the taxpayer's representative. The person signing for a corporate taxpayer must be an authorized officer of the taxpayer who has personal knowledge of the facts. The person signing for a trust, an estate or a partnership must be respectively, a trustee, an executor or a partner who has personal knowledge of the facts; and

(17) any other information required or requested under this revenue procedure, as applicable. *See, e.g.,* section 7.06 of this revenue procedure, which requires the provision of certain information in the case of a request for the accelerated competent authority procedure, and section 10 of this revenue procedure, which requires the provision of certain information in the case of a request for Rev. Proc. 99-32 treatment. Requests for supplemental information may include items such as detailed financial information, comparability analysis, or other material relevant to a transfer pricing analysis.

.06 *Other Dispute Resolution Programs.* Requests for competent authority assistance that involve an APA or Pre-Filing Agreement request must include the information required under Rev. Proc. 2006-9, 2006-2 I.R.B. 278 (concerning APAs), and Rev. Proc. 2005-12, 2005-2 I.R.B. 311 (concerning Pre-Filing Agreements).

.07 *Other Documentation.* In addition, on request, the taxpayer must submit any other information or documentation deemed necessary by the U.S. or foreign competent authority for purposes of reaching an agreement. This includes English translations of any documentation required in connection with the competent authority request.

.08 *Updates.* The taxpayer must keep the U.S. competent authority informed of all material changes in the information or documentation previously submitted as part of, or in connection with, the request for competent authority assistance. The taxpayer also must provide any updated information or new documentation that becomes known or is created after the request is filed and which is relevant to the resolution of the issues under consideration.

.09 *Conferences.* To the extent possible, the U.S. competent authority will consult with the taxpayer regarding the status and progress of the mutual agreement proceedings. The taxpayer may request a pre-filing conference with the U.S. competent authority to discuss the mutual agreement process with respect to matters covered under a treaty, including discussion of the proper time for filing, the practical aspects of obtaining relief and actions necessary to facilitate the proceedings. Similarly, after a matter is resolved by the competent authorities, a taxpayer may also request a conference with the U.S. competent authority to discuss the resolution.

SECTION 5. SMALL CASE PROCEDURE FOR REQUESTING COMPETENT AUTHORITY ASSISTANCE

.01 *General.* To facilitate requests for assistance involving small cases, this section provides a special procedure simplifying the form of a request for assistance and, in particular, the amount of information that initially must be submitted. All other requirements of this revenue procedure continue to apply to requests for assistance made pursuant to this section.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 09-10138-MFW    Doc 1543-6    Filed 09/24/09    Page 10 of 21

.02 *Small Case Standards.* A taxpayer may file an abbreviated request for competent authority assistance in accordance with this section if the total proposed adjustment involved in the matter is not greater than the following:

| Taxpayer | Proposed Adjustment |
|---|---|
| Individual | $200,000 |
| Corporation/Partnership | $1,000,000 |
| Other | $200,000 |

.03 *Small Case Filing Procedure.* The abbreviated request for competent authority assistance under the small case procedure must be dated and signed by a person having the authority to sign the taxpayer's federal tax returns. Although other information and documentation may be requested at a later date, the initial request for assistance should include the following information and materials:

(1) a statement indicating that this is a matter subject to the small case procedure;

(2) the name, address, U.S. taxpayer identification number and foreign taxpayer identification number (if any) of the taxpayer and, if applicable, all related persons involved in the matter;

(3) a description of the issue and the nature of the relief sought;

(4) the taxable years and amounts involved with respect to the issues in both U.S. and foreign currency;

(5) the name of the treaty country;

(6) if applicable, powers of attorney with respect to the taxpayer;

(7) on a separate document, a statement that the taxpayer consents to the disclosure to the competent authority of the treaty country (with the name of the treaty country specifically stated) and that competent authority's staff, of any or all of the items of information set forth or enclosed in the request for U.S. competent authority assistance within the limits contained in the tax treaty under which the taxpayer is seeking relief. The taxpayer may request, as part of this statement, that its trade secrets not be disclosed to a foreign competent authority. This statement must be dated and signed by a person having authority to sign the taxpayer's federal tax returns and is required to facilitate the administrative handling of the request by the U.S. competent authority for purposes of the recordkeeping requirements of section 6103(p) of the Code. Failure to provide such a statement will not prevent the U.S. competent authority from disclosing information under the terms of a treaty. *See* section 6103(k)(4) of the Code; and

(8) a penalties of perjury statement in the following form:
> Under penalties of perjury, I declare that I have examined this request, including accompanying documents, and, to the best of my knowledge and belief, the facts presented in support of the request for competent authority assistance are true, correct and complete.

The declaration must be dated and signed by the person or persons on whose behalf the request is being made and not by the taxpayer's representative. The person signing for a corporate taxpayer must be an authorized officer of the taxpayer who has personal knowledge of the facts. The person signing for a trust, an estate or a partnership must be respectively, a trustee, an executor or a partner who has personal knowledge of the facts.

## SECTION 6. RELIEF REQUESTED FOR FOREIGN INITIATED ADJUSTMENT WITHOUT COMPETENT AUTHORITY INVOLVEMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Taxpayers seeking correlative relief with respect to a foreign initiated adjustment involving a treaty matter should present their request to the U.S. competent authority. However, when the adjustment involves years under the jurisdiction of the Industry or Area Director or IRS Appeals, taxpayers sometimes try to obtain relief from these offices. This may occur, for example, if the adjustment involves a re-allocation of income or deductions involving a related person in a country with which the United States has an income tax treaty. In these cases, taxpayers will be advised to contact the U.S. competent authority office. In appropriate cases, the U.S. competent authority will advise the Industry or Area Director or IRS Appeals office on appropriate action. The U.S. competent authority may request the taxpayer to provide the information described under sections 4.05 and 4.07 of this revenue procedure. Failure to request competent authority assistance may result in denial of correlative relief with respect to the issue, including applicable foreign tax credits.

SECTION 7. COORDINATION WITH OTHER ADMINISTRATIVE OR JUDICIAL PROCEEDINGS

.01 *Suspension of Administrative Action with Respect to U.S. Adjustments.* When a request for competent authority assistance is accepted with respect to a U.S. initiated adjustment, the IRS will postpone further administrative action with respect to the issues under competent authority consideration (such as assessment or collection procedures), except: (a) in situations in which the IRS may be requested otherwise by the U.S. competent authority; or (b) in situations involving cases pending in court and in other instances in which action must be taken to avoid prejudicing the U.S. Government's interest. The normal administrative procedures continue to apply, however, to all other issues not under U.S. competent authority consideration. For example, if there are other issues raised during the examination and the taxpayer is not in agreement with these issues, the usual procedures for completing the examination with respect to these issues apply. If the taxpayer is issued a Notice of Proposed Adjustment with respect to these issues and prepares a protest of the unagreed issues, the taxpayer need not include any unagreed issue under consideration by the competent authority. Following the receipt of a taxpayer's protest, normal IRS Appeals procedures will be initiated with respect to those issues not subject to competent authority consideration.

.02 *Coordination with IRS Appeals.* Taxpayers who disagree with a proposed U.S. adjustment have the option of pursuing their right of administrative review with IRS Appeals before requesting competent authority assistance; making a request pursuant to the Simultaneous Appeals procedure in section 8 of this revenue procedure; or requesting competent authority assistance immediately for bilateral consideration. Taxpayers requesting unilateral withdrawal of a U.S. adjustment without consultation with the treaty country must direct such a request to IRS Appeals rather than to the U.S. competent authority. Taxpayers who are pursuing their rights with IRS Appeals may contact the U.S. competent authority if they believe they have a potential competent authority issue. If a taxpayer does not go through the Simultaneous Appeals procedure and instead enters into settlement discussions with IRS Appeals before making a competent authority request, the U.S. competent authority may rely upon, but will not necessarily be bound by, such previous consideration by IRS Appeals when considering the case (*see also* section 7.05 of this revenue procedure regarding settlements with IRS Appeals and section 8.05 of this revenue procedure regarding the role of IRS Appeals in the Simultaneous Appeals procedure). If a taxpayer enters into the Appeals arbitration program (*see* Rev. Proc. 2006-44, 2006-44 I.R.B. 800), the taxpayer generally may not request competent authority assistance until the arbitration process is completed. However, if the taxpayer demonstrates that a request for competent authority assistance is necessary to keep open a statute of limitations in the treaty country, then competent authority assistance may be requested while arbitration is pending, and the U.S. competent authority will suspend action on the case until arbitration is completed. If a taxpayer makes a competent authority request, the taxpayer is deemed to consent to communications between the U.S. competent authority and IRS Appeals regarding the matter. *See* Rev. Proc. 2000-43, 2000-2 C.B. 404.

.03 *Coordination with Litigation.* The U.S. competent authority will not, without the consent of the Associate Chief Counsel (International), accept (or continue to consider) a taxpayer's request for assistance if the request involves a taxable period pending in a United States court or involves a matter pending in a United States court or designated for litiga-

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

tion for any taxable period. If the case is pending in the United States Tax Court, the taxpayer may, in appropriate cases, be asked to join the IRS in a motion to sever issues or delay trial pending completion of the competent authority proceedings. If the case is pending in any other court, the Associate Chief Counsel (International) will consult with the Department of Justice about appropriate action, and the taxpayer may, in appropriate cases, be asked to join the U.S. Government in a motion to sever issues or delay trial pending completion of the competent authority proceedings. Final decision on severing issues or delaying trial rests with the court. The filing of a competent authority request does not, however, relieve the taxpayer from taking any action that may be necessary or required with respect to litigation.

.04 *Coordination with Other Alternative Dispute Resolution and Pre-Filing Procedures.* Competent authority assistance is available to taxpayers in conjunction with other alternative dispute resolution and pre-filing procedures in order to ensure taxation in accordance with tax treaty provisions. Other revenue procedures and IRS publications should be consulted as necessary with regard to specific matters. *See, e.g.,* Rev. Proc. 2006-9, 2006-2 I.R.B. 278 (concerning APAs); Rev. Proc. 2005-12, 2005-2 I.R.B. 311 (concerning Pre-Filing Agreements); or Rev. Proc. 98-21, 1998-1 C.B. 585 (concerning Article XIII(8) of the U.S.-Canada treaty). Taxpayers with applications under any other dispute resolution procedures should seek competent authority assistance as early as possible if they believe they have potential competent authority issues.

.05 *Effect of Agreements or Judicial Determinations on Competent Authority Proceedings.* If a taxpayer either executes a closing agreement with the IRS (whether or not contingent upon competent authority relief) with respect to a potential competent authority issue or reaches a settlement on the issue with IRS Appeals (including an Appeals settlement through the arbitration process) or with Chief Counsel pursuant to an executed closing agreement or other written agreement such as Form 870-AD, the U.S. competent authority will endeavor only to obtain a correlative adjustment from the treaty country and will not undertake any actions that would otherwise change such agreements. However, the U.S. competent authority will, in appropriate cases, consider actions necessary for the purpose of providing treatment similar to that provided in Rev. Proc. 99-32. Once a taxpayer's tax liability for the taxable periods in issue has been determined by a U.S. court (including settlement of the proceedings before or during trial), the U.S. competent authority similarly will endeavor only to obtain correlative relief from the treaty country and will not undertake any action that would otherwise reduce the taxpayer's federal tax liability for the taxable periods in issue as determined by a U.S. court. Taxpayers therefore should be aware that in these situations, as well as in situations where a treaty country takes a similar position with respect to issues resolved under its domestic laws, relief from double taxation may be jeopardized.

.06 *Accelerated Competent Authority Procedure.* A taxpayer requesting competent authority assistance with respect to an issue raised by the IRS also may request that the competent authorities attempt to resolve the issue for subsequent taxable periods for which returns have been filed, if the same issue continues in those periods. *See also* Rev. Proc. 94-67, 1994-2 C.B. 800, concerning the Accelerated Issue Resolution ("AIR") process. The U.S. competent authority will consider the request and will contact the appropriate IRS field office to consult on whether the issue should be resolved for subsequent taxable periods. If the IRS field office consents to this procedure, the U.S. competent authority will address with the foreign competent authority the request for such taxable periods. For purposes of resolving the issue, the taxpayer must furnish all relevant information and statements that may be requested by the U.S. competent authority pursuant to this revenue procedure. In addition, if the case involves a Coordinated Industry Case ("CIC") taxpayer, the taxpayer must furnish all relevant information and statements requested by the IRS, as described in Rev. Proc. 94-67, 1994-2 C.B. 800. If the case involves a non-CIC taxpayer, the taxpayer must furnish all relevant information and statements that may be requested by the IRS field office. A request for the accelerated competent authority procedure may be made at the time of filing a request for competent authority assistance or at any time thereafter, but generally before conclusion of the mutual agreement in the case; however, taxpayers are encouraged to request the procedure as early as practicable. The application of the accelerated procedure may require the prior consent of the Associate Chief Counsel (International). *See* sec-

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

tion 7.03 of this revenue procedure. A request for the accelerated competent authority procedure must contain a statement that the taxpayer agrees that: (a) the inspection of books of account or records under the accelerated competent authority procedure will not preclude or impede (under section 7605(b) or any administrative provision adopted by the IRS) a later examination of a return or inspection of books of account or records for any taxable period covered in the accelerated competent authority assistance request; and (b) the IRS need not comply with any applicable procedural restrictions (for example, providing notice under section 7605(b)) before beginning such examination or inspection. The accelerated competent authority procedure is not subject to the AIR process limitations. The accelerated competent authority procedure is implicitly invoked when a taxpayer requests a rollback of its requested bilateral APA to already filed years. Thus, the provisions of section 7.06 of this revenue procedure also apply when a rollback is requested pursuant to Rev. Proc. 2006-9, which governs requests for APAs filed with the Office of Associate Chief Counsel (International), Advance Pricing Agreement Program.

SECTION 8. SIMULTANEOUS APPEALS PROCEDURE

.01 *General.* A taxpayer filing a request for competent authority assistance under this revenue procedure may, at the same time or at a later date, request IRS Appeals' consideration of the competent authority issue under the procedures and conditions provided in this section. The U.S. competent authority also may request IRS Appeals' involvement if it is determined that such involvement would facilitate the negotiation of a mutual agreement in the case or otherwise would serve the interest of the IRS. The taxpayer may, at any time, request a prefiling conference with the offices of the Chief of IRS Appeals and the U.S. competent authority to discuss the Simultaneous Appeals procedure. *See also* section 7.02 of this revenue procedure for coordination with the competent authority of cases already in IRS Appeals. However, arbitration or mediation procedures that otherwise would be available through the IRS Appeals process are not available for cases in the Simultaneous Appeals procedure. *See* Rev. Proc. 2006-44, 2006-44 I.R.B. 800, and Rev. Proc. 2002-44, 2002-2 C.B. 10.

.02 *Time for Requesting the Simultaneous Appeals Procedure.*

(1) *When Filing for Competent Authority Assistance.* The Simultaneous Appeals procedure may be invoked at any of the following times:

(a) When the taxpayer applies for competent authority assistance with respect to an issue for which the examining IRS office has proposed an adjustment and before the protest is filed;

(b) When the taxpayer files a protest and decides to sever the competent authority issue and seek competent authority assistance while other issues are referred to IRS Appeals; and

(c) When the case is in IRS Appeals and the taxpayer later decides to request competent authority assistance with respect to the competent authority issue. The taxpayer may sever the competent authority issue for referral to the U.S. competent authority and invoke the Simultaneous Appeals procedure at any time when the case is in IRS Appeals but before settlement of the issue. Taxpayers, however, are encouraged to invoke the Simultaneous Appeals procedure as soon as possible, preferably as soon as practicable after the first IRS Appeals conference.

(2) *After Filing for Competent Authority Assistance.* The taxpayer may request the Simultaneous Appeals procedure at any time after requesting competent authority assistance. However, a taxpayer's request for the Simultaneous Appeals procedure generally will be denied if made after the date the U.S. position paper is communicated to the foreign competent authority, unless the U.S. competent authority determines that the procedure would facilitate an early resolution of the competent authority issue or otherwise is in the best interest of the IRS.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

.03 *Cases Pending in Court.* If the matter is pending before a U.S. court or has been designated for litigation and jurisdiction has been released to the U.S. competent authority, a request for the Simultaneous Appeals procedure may be granted only with the consent of the U.S. competent authority and the Office of Associate Chief Counsel (International).

.04 *Request for Simultaneous Appeals Procedure.* The taxpayer's request for the Simultaneous Appeals procedure should be addressed to the U.S. competent authority either as part of the initial competent authority assistance request or, if made later, as a separate letter to the U.S. competent authority. The request should state whether the issue was previously protested to IRS Appeals for the periods in competent authority or for prior periods (in which case a copy of the relevant portions of the protest and an explanation of the outcome, if any, should be provided). The U.S. competent authority will send a copy of the request to the Chief of IRS Appeals, who, in turn, will forward a copy to the appropriate Area Director. The U.S. competent authority will consult with IRS Appeals to determine whether the Simultaneous Appeals procedure should be invoked. When the U.S. competent authority invokes the Simultaneous Appeals procedure, the taxpayer will be notified. The U.S. competent authority has jurisdiction of the issue when the Simultaneous Appeals procedure is invoked.

.05 *Role of IRS Appeals in the Simultaneous Appeals Procedure.*

(1) *IRS Appeals Process.* The IRS Appeals representative assigned to the case will consult with the taxpayer and the U.S. competent authority for the purpose of reaching a resolution of the unagreed issue under competent authority jurisdiction before the issue is presented to the foreign competent authority. For this purpose, established IRS Appeals procedures generally apply. The IRS Appeals representative will consult with the U.S. competent authority during this process to ensure appropriate coordination of the IRS Appeals process with the competent authority procedure, so that the terms of a tentative resolution and the principles and facts upon which it is based are compatible with the position that the U.S. competent authority intends to present to the foreign competent authority with respect to the issue. Any resolution reached with the IRS under this procedure is subject to the competent authority process and, therefore, is tentative and not binding on the IRS or the taxpayer. The IRS will not request the taxpayer to conclude the IRS Appeals process with a written agreement. The conclusions of the tentative resolution, however, generally will be reflected in the U.S. position paper used for negotiating a mutual agreement with the foreign competent authority. The procedures under this section do not give taxpayers the right to receive reconsideration of the issue by IRS Appeals where the taxpayer applied for competent authority assistance after having received substantial IRS Appeals consideration. Rather, the IRS may rely upon, but will not necessarily be bound by, such previous consideration by IRS Appeals when considering the case under the Simultaneous Appeals procedure.

(2) *Assistance to U.S. Competent Authority.* The U.S. competent authority is responsible for developing a U.S. position paper with respect to the issue and for conducting the mutual agreement procedure. Generally, requesting IRS Appeals' consideration of an issue under competent authority jurisdiction will not affect the manner in which taxpayers normally are involved in the competent authority process.

.06 *Denial or Termination of Simultaneous Appeals Procedure.*

(1) *Taxpayer's Termination.* The taxpayer may, at any time, withdraw its request for the Simultaneous Appeals procedure.

(2) *IRS's Denial or Termination.* The U.S. competent authority, the Chief of IRS Appeals or the appropriate Industry or Area Director may decide to deny or terminate the Simultaneous Appeals procedure if the procedure is determined to be prejudicial to the mutual agreement procedure or to the administrative appeals process. For example, a taxpayer that received IRS Appeals consideration before requesting competent authority assistance, but was unable to reach a settlement

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

in IRS Appeals, may be denied the Simultaneous Appeals procedure. A taxpayer may request a conference with the of-fices of the U.S. competent authority and the Chief of IRS Appeals to discuss the denial or termination of the procedure.

.07 *Returning to IRS Appeals.* If the competent authorities fail to agree or if the taxpayer does not accept the mutual agreement reached by the competent authorities, the taxpayer will be permitted to refer the issue to IRS Appeals for fur-ther consideration.

.08 *IRS Appeals' Consideration of Non-Competent Authority Issues.* The Simultaneous Appeals procedure does not affect the taxpayer's rights to IRS Appeals' consideration of other unresolved issues. The taxpayer may pursue settlement dis-cussions with respect to the other issues without waiting for resolution of the issues under competent authority jurisdic-tion.

SECTION 9. PROTECTIVE MEASURES

.01 *General.* In negotiating treaties, the United States seeks to secure an agreement with the treaty country that any com-petent authority agreement reached with the treaty country will be implemented notwithstanding any time limits or other procedural limitations in the domestic law of either country. However, treaty provisions that provide a competent author-ity with the ability to waive such limitations do not affect the application of statutes of limitation in the event that a re-quest for competent authority assistance is declined or the competent authorities are unable to reach an agreement. In ad-dition, the particular treaty or the posture of the particular case may indicate that the taxpayer or a related person must take protective measures with the U.S. and foreign tax authorities so that the implementation of any agreement reached by the competent authorities or alternative remedies outside of the competent authority process are not barred by admin-istrative, legal or procedural barriers. Such barriers may arise either before or after a competent authority request is filed. Protective measures include, but are not limited to: (a) filing protective claims for refund or credit; (b) extending any period of limitations on assessment or refund; (c) avoiding the lapse or termination of the taxpayer's right to appeal any tax determination; (d) complying with all applicable procedures for invoking competent authority consideration, includ-ing applicable treaty provisions dealing with time limits within which to invoke such remedy; and (e) contesting an ad-justment or seeking an appropriate correlative adjustment with respect to the U.S. or treaty country tax. A taxpayer should take protective measures in a timely manner, that is, in a manner that allows sufficient time for appropriate pro-cedures to be completed and effective before barriers arise. Generally, a taxpayer should consider, at the time an adjust-ment is first proposed, which protective measures may be necessary and when such measures should be taken. However, earlier consideration of appropriate actions may be desirable, for example, in the case of a recurring adjustment or where the taxpayer otherwise is on notice that an adjustment is likely to be proposed. Taxpayers may consult with the U.S. com-petent authority to determine the need for and timing of protective measures in their particular case.

.02 *Filing Protective Claim for Credit or Refund with a Competent Authority Request.*

(1) *In General.* A valid protective claim for credit or refund must meet the requirements of section 6402 of the Code and the regulations thereunder. Accordingly, a protective claim must: (a) fully advise the IRS of the grounds on which credit or refund is claimed; (b) contain sufficient facts to apprise the IRS of the exact basis of the claim; (c) state the year for which the claim is being made; (d) be on the proper form; and (e) be verified by a written declaration made under penal-ties of perjury.

(2) *Treatment of Competent Authority Request as Protective Claim.* The IRS will treat a request for competent authority assistance itself as one or more protective claims for credit or refund with respect to issues raised in the request and with-in the jurisdiction of the U.S. competent authority and will not require a taxpayer to file the form described in Treas. Reg. §301.6402-3 with respect to those issues, provided that the request meets the other requirements of section 6402 of the

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Code and the regulations thereunder, as described in section 9.02(1) of this revenue procedure. The information constituting the protective claim should be set forth in a separate section of the request for assistance and captioned "Protective claim pursuant to section 9.02 of Rev. Proc. 2006-54." The penalties of perjury statement described in section 4.05(16) of this revenue procedure satisfies the requirement for the written declaration and a separate declaration is not required.

.03 *Protective Filing Before Competent Authority Request.*

(1) *In general.* There may be situations in which a taxpayer will be unable to file a formal competent authority assistance request before the period of limitations expires with respect to the affected U.S. return. In these situations, before the period of limitations expires, the taxpayer should file a protective claim for credit or refund of the taxes attributable to the potential competent authority issue to ensure that alternative remedies outside of the competent authority process will not be barred. A protective filing may be appropriate where: (a) the treaty country is considering but has not yet proposed an adjustment; (b) the treaty country has proposed an adjustment but the related taxpayer in the treaty country decides to pursue administrative or judicial remedies in the foreign country; or (c) the terms of the applicable treaty require notification to be made to the competent authority within a certain time period. In considering whether to accept a taxpayer's request for competent authority assistance, the U.S. competent authority will consider whether the proper treaty notification has been made in accordance with this subsection.

(2) *Letter to Competent Authority Treated as Protective Claim.* In situations in which a protective claim is filed prior to submitting a request for competent authority assistance, the taxpayer may make a protective claim in the form of a letter to the competent authority. The letter must indicate that the taxpayer is filing a protective claim and set forth, to the extent available, the information required under section 4.05(1) through (17) or under section 5.03(1) through (8) of this revenue procedure, as applicable. The letter must include a penalties of perjury statement as described in sections 4.05(16) and 5.03(8) of this revenue procedure. The letter must be filed in the same place and manner as a request for competent authority assistance. The IRS will treat the letter as a protective claim(s) with respect to issues raised in the letter and within the jurisdiction of the U.S. competent authority and will not require a taxpayer to file the form described in Treas. Reg. §301.6402-3 with respect to those issues, provided that the request meets the other requirements described in section 9.02(1) of this revenue procedure. The letter must include the caption "Protective claim pursuant to section 9.03 of Rev. Proc. 2006-54."

(3) *Notification Requirement.* After filing a protective claim, the taxpayer periodically must notify the U.S. competent authority whether the taxpayer still is considering filing for competent authority assistance. The notification must be filed every twelve months until the formal request for competent authority assistance is filed. The U.S. competent authority may deny competent authority assistance if the taxpayer fails to file this annual notification.

(4) *No Consultation between Competent Authorities until Formal Request is Filed.* The U.S. competent authority generally will not undertake any consultation with the foreign competent authority with respect to a protective claim filed under section 9.03 of this revenue procedure. The U.S. competent authority will place the protective claim in suspense until either a formal request for competent authority assistance is filed or the taxpayer notifies the U.S. competent authority that competent authority consideration is no longer needed. In appropriate cases, the U.S. competent authority will send the taxpayer a formal notice of claim disallowance.

.04 *Effect of a Protective Claim.*

Protective claims filed under section 9.02 or 9.03 of this revenue procedure will only allow a credit or refund to the extent of the grounds set forth in the protective claim and only to the extent agreed to by the U.S. and foreign competent authorities or to the extent unilaterally allowed by the U.S. competent authority. This revenue procedure does not grant a

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

taxpayer the right to invoke section 482 of the Code in its favor or compel the IRS to allocate income or deductions or grant a tax credit or refund.

.05 *Treaty Provisions Waiving Procedural Barriers.*

In those cases where the mutual agreement article authorizes a competent authority to waive or remove procedural barriers to the credit or refund of tax, taxpayers may be allowed a credit or refund of tax even though the otherwise applicable period of limitations has expired, prior closing agreements have been entered into, or other actions have been taken or omitted that ordinarily would foreclose relief in the form of a credit or refund of tax. However, under these provisions there may still be situations in which taxpayers should take appropriate protective measures as described under this revenue procedure or under applicable foreign procedures. For example, procedural limitations cannot be waived if a request for competent authority assistance is declined or the competent authorities are unable to reach agreement. In addition, some countries may take the position that domestic statutes of limitation on refunds cannot be waived under the relevant treaty. Because there are circumstances that are not under the control of taxpayers or the U.S. competent authority it is advisable that taxpayers take protective measures to increase the possibility that appropriate relief is available to them in all circumstances.

SECTION 10. APPLICATION OF REV. PROC. 99-32

Rev. Proc. 99-32, 1999-2 C.B. 296, generally provides a means to conform a taxpayer's accounts and allow repatriation of certain amounts following an allocation of income between related U.S. and foreign corporations under section 482 of the Code without the federal income tax consequences of the adjustments that would otherwise have been necessary to conform the taxpayer's accounts in light of the allocation of income. In situations where a section 482 allocation is the subject of a request for competent authority assistance, the competent authority may provide relief consistent with the principles of Rev. Proc. 99-32 with respect to any new or pending requests for Rev. Proc. 99-32 treatment relating to such allocation. Accordingly, if a taxpayer intends to seek Rev. Proc. 99-32 treatment in connection with competent authority assistance relating to a section 482 allocation, the taxpayer must request Rev. Proc. 99-32 treatment in conjunction with its request for competent authority assistance. If a taxpayer has already requested Rev. Proc. 99-32 treatment at the time it submits a request for competent authority assistance relating to a section 482 allocation, consideration of Rev. Proc. 99-32 treatment must be trans-ferred to the U.S. competent authority and a copy of the pending Rev. Proc. 99-32 request forwarded along with the request for competent authority assistance.

SECTION 11. DETERMINATION OF CREDITABLE FOREIGN TAXES

For purposes of determining the amount of foreign taxes creditable under sections 901 and 902 of the Code, any amounts paid to foreign tax authorities that would not have been due if the treaty country had made a correlative adjustment may not constitute a creditable foreign tax. *See* Treas. Reg. §1.901-2(e)(5)(i) and Rev. Rul. 92-75, 1992-2 C.B. 197. Acts or omissions by the taxpayer that preclude effective competent authority assistance, including failure to take protective measures as described in section 9 of this revenue procedure or failure to seek competent authority assistance, may constitute a failure to exhaust all effective and practical remedies as may be required to claim a credit. *See* Treas. Reg. §1.901-2(e)(5)(i). Further, the fact that the taxpayer has sought competent authority assistance but obtained no relief, either because the competent authorities failed to reach an agreement or because the taxpayer rejected an agreement reached by the competent authorities, generally will not, in and of itself, demonstrate that the taxpayer has exhausted all effective and practical remedies to reduce the taxpayer's liability for foreign tax (including liability pursuant to a foreign tax audit adjustment). Any determination within the IRS of whether a taxpayer has exhausted the competent authority remedy must be made in consultation with the U.S. competent authority.

SECTION 12. ACTION BY U.S. COMPETENT AUTHORITY

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

.01 *Notification of Taxpayer.* Upon receiving a request for assistance pursuant to this revenue procedure, the U.S. competent authority will notify the taxpayer whether the facts provide a basis for assistance.

.02 *Denial of Assistance.* The U.S. competent authority generally will not accept a request for competent authority assistance or will cease providing assistance to the taxpayer if:

(1) competent authority determines that the taxpayer is not entitled to the treaty benefit or safeguard in question or to the assistance requested;

(2) the taxpayer is willing only to accept a competent authority agreement under conditions that are unreasonable or prejudicial to the interests of the U.S. Government;

(3) the taxpayer rejected the competent authority resolution of the same or similar issue in a prior case;

(4) the taxpayer does not agree that competent authority negotiations are a government-to-government activity that does not include the taxpayer's participation in the negotiation proceedings;

(5) the taxpayer does not furnish upon request sufficient information to determine whether the treaty applies to the taxpayer's facts and circumstances;

(6) the taxpayer was found to have acquiesced in a foreign initiated adjustment that involved significant legal or factual issues that otherwise would be properly handled through the competent authority process and then unilaterally made a corresponding correlative adjustment or claimed an increased foreign tax credit, without initially seeking U.S. competent authority assistance;

(7) the taxpayer: (a) fails to comply with this revenue procedure; (b) failed to cooperate with the IRS during the examination of the periods in issue and such failure significantly impedes the ability of the U.S. competent authority to negotiate and conclude an agreement (*e.g.,* significant factual development is required that cannot effectively be completed outside the examination process); or (c) fails to cooperate with the U.S. competent authority (including failing to provide sufficient facts and documentation to support its claim of double taxation or taxation contrary to the treaty) or otherwise significantly impedes the ability of the U.S. competent authority to negotiate and conclude an agreement; or

(8) the transaction giving rise to the request for competent authority assistance: (a) is more properly within the jurisdiction of IRS Appeals; (b) includes an issue pending in a U.S. Court, or designated for litigation, unless competent authority consideration is concurred in by the U.S. competent authority and the Associate Chief Counsel (International); (c) is a listed transaction for purposes of Treas. Reg. §1.6011-4(b)(2) and §301.6111-2(b)(2); or (d) involves fraudulent activity by the taxpayer.

.03 *Extending Period of Limitations for Assessment.* If the U.S. competent authority accepts a request for assistance, the taxpayer may be requested to execute a consent to extend the period of limitations for assessment of tax for the taxable periods in issue. Failure to comply with the provisions of this subsection can result in denial of assistance by the U.S. competent authority with respect to the request.

.04 *No Review of Denial of Request for Assistance.* The U.S. competent authority's denial of a taxpayer's request for assistance or dismissal of a matter previously accepted for consideration pursuant to this revenue procedure is final and not subject to administrative review.

.05 *Notification.* The U.S. competent authority will notify a taxpayer requesting assistance under this revenue procedure

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

of any agreement that the U.S. and the foreign competent authorities reach with respect to the request. If the taxpayer accepts the resolution reached by the competent authorities, the agreement will provide that it is final and is not subject to further administrative or judicial review. If the competent authorities fail to agree, or if the agreement reached is not acceptable to the taxpayer, the taxpayer may withdraw the request for competent authority assistance and may then pursue all rights otherwise available under the laws of the United States and the treaty country. Where the competent authorities fail to agree, no further competent authority remedies generally are available, except with respect to treaties that provide for arbitration of the dispute. *See, e.g.,* Article 25(5) of the U.S.-German income tax treaty. A request for arbitration must be made in accordance with the procedures prescribed under the applicable treaty and related documents, including procedures that the IRS may promulgate from time to time.

.06 *Closing Agreement.* When appropriate, the taxpayer may be requested to enter into a closing agreement that reflects the terms of the mutual agreement and of the competent authority assistance provided and that is executed in conformity with sections 6.07 and 6.17 of Rev. Proc. 68-16, 1968-1 C.B. 770 (as modified by Rev. Proc. 94-67, 1994-2 C.B. 800).

.07 *Unilateral Withdrawal or Reduction of U.S. Initiated Adjustments.* With respect to U.S. initiated adjustments under section 482 of the Code, the primary goal of the mutual agreement procedure is to obtain a correlative adjustment from the treaty country. For other types of U.S. initiated adjustments, the primary goal of the U.S. competent authority is the avoidance of taxation not in accordance with an applicable treaty. Unilateral withdrawal or reduction of U.S. initiated adjustments, therefore, generally will not be considered. For example, the U.S. competent authority will not withdraw or reduce an adjustment to income, deductions, credits or other items solely because the period of limitations has expired in the foreign country and the foreign competent authority has declined to grant any relief. If the period provided by the foreign statute of limitations has expired, the U.S. competent authority may take into account other relevant facts to determine whether such withdrawal or reduction is appropriate and may, in extraordinary circumstances and as a matter of discretion, provide such relief with respect to the adjustment to avoid actual or economic double taxation. In no event, however, will relief be granted where there is fraud or negligence with respect to the relevant transactions. In keeping with the U.S. Government's view that tax treaties should be applied in a balanced and reciprocal manner, the United States normally will not withdraw or reduce an adjustment where the treaty country does not grant similar relief in equivalent cases.

## SECTION 13. REQUESTS FOR RULINGS

.01 *General.* Requests for advance rulings regarding the interpretation or application of a tax treaty, as distinguished from requests for assistance from the U.S. competent authority pursuant to this revenue procedure, must be submitted to the Associate Chief Counsel (International). *See* Rev. Proc. 2006-1, 2006-1 I.R.B. 1, and Rev. Proc. 2006-7, 2006-1 I.R.B. 242.

.02 *Foreign Tax Rulings.* The IRS does not issue advance rulings on the effect of a tax treaty on the tax laws of a treaty country for purposes of determining the tax of the treaty country.

## SECTION 14. FEES

.01 *Requests to Which a User Fee Does Not Apply.* Except as provided in section 14.02 of this revenue procedure, no user fees are required with respect to a request for U.S. competent authority assistance pursuant to this revenue procedure.

.02 *Requests to Which a User Fee Applies.* In general, a $15,000 user fee applies to all requests for determinations on limitation on benefits, as described in section 3.08 of this revenue procedure. The fee will apply regardless of whether the request is for: (a) an initial determination; (b) a renewal of a previously issued determination; or (c) a supplemental

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

determination required, for example, if there is a material change in fact or if the taxpayer seeks benefits with respect to a different type of income or requests a lower rate of with-holding tax on dividends. If a request is submitted that requires the U.S. competent authority to make a discretionary determination for more than one entity, a separate user fee will be charged for each entity.

.03 *Acceptance of Requests.* A user fee will not be charged until the U.S. competent authority has formally accepted the request for consideration. Within 30 days of receipt of a complete submission, the U.S. competent authority will provide written notice to the taxpayer as to whether the request will be accepted or rejected for consideration. If a request is accepted, the taxpayer will be required to mail a check or money order in the appropriate amount, along with a copy of the written notice of acceptance to the IRS office identified below. The check or money order should be payable to the United States Treasury. The fee may be refunded as provided in section 14.05 of this revenue procedure.

.04 *Address to Send Payment.* The user fee should be sent along with a copy of the written notice of acceptance to the mailing address listed below:
> IRS/BFC
> P.O. Box 9002
> Beckley, WV 25802

.05 *Refunds of User Fee.* In general, a user fee will not be refunded once the U.S. competent authority accepts a request for consideration and the user fee is paid. For example, the IRS will not refund the user fee if the request for a discretionary determination is withdrawn by the taxpayer or if the taxpayer fails to submit additional information as requested by the U.S. competent authority. A user fee may be refunded, however, if: (a) a higher user fee is paid than is required; or (b) taking into account all the facts and circumstances, including the IRS's resources devoted to the request, the Competent Authority declines to rule and, in his or her sole discretion, decides a refund is appropriate.

SECTION 15. EFFECT ON OTHER DOCUMENTS
Rev. Proc. 2006-26, 2006-21 I.R.B. 936, and Rev. Proc. 2002-52, 2002-2 C.B. 242, are modified and superseded by this revenue procedure. Rev. Proc. 2006-9, 2006-9 I.R.B. 278 is amplified. Rev. Rul. 92-75, 1992-2 C.B. 197, is clarified. References in this revenue procedure to Rev. Proc. 99-32 will be treated as references to Rev. Proc. 65-17, 1965-1 C.B. 833, as modified, amplified and clarified from time to time, for taxable years beginning before August 24, 1999.

SECTION 16. EFFECTIVE DATE
This revenue procedure is effective for requests for U.S. competent authority assistance and Rev. Proc. 99-32 treatment filed after December 4, 2006.

SECTION 17. PAPERWORK REDUCTION ACT
The collection of information contained in this revenue procedure has been reviewed and approved by the Office of Management and Budget in accordance with the Paperwork Reduction Act (44 U.S.C. § 3507) under control number 1545-2044.

An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless the collection of information displays a valid control number.

The collection of information in this revenue procedure is in sections 4.04, 4.05, 5.03, 7.06, 8.04, and 9.03. This information is required, and will be used, to evaluate and process the request for competent authority assistance. The collection of information is required to obtain competent authority assistance. The likely respondents are individuals or business or other for-profit institutions.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Rev. Proc. 2006-54, 2006-49 I.R.B. 1035, 2006-2 C.B. 1035, 2006 WL 3334167
(IRS RPR)

The estimated total annual reporting and/or recordkeeping burden is 9,000 hours.

The estimated annual burden per respondent/recordkeeper is 30 hours. The estimated number of respondents and/or re-cordkeepers is 300.

The estimated annual frequency of responses is on occasion.

Books or records relating to a collection of information must be retained as long as their contents may become material in the administration of any internal revenue law. Generally, tax returns and tax return information are confidential, as re-quired by section 6103 of the Code.

SECTION 18. DRAFTING INFORMATION

The principal authors of this revenue procedure are Aziz Benbrahim and Vincent Salvo of the Office of the Deputy Com-missioner (International), Large and Mid-Size Business Division, and Mae J. Lew and Denen A. Norfleet of the Office of Associate Chief Counsel (International). For further information regarding this revenue procedure, contact either Mr. Benbrahim or Mr. Salvo at (202) 435-5000 or Ms. Norfleet at (202) 435-5262 (not toll-free calls).

Rev. Proc. 2006-54, 2006-49 I.R.B. 1035, 2006-2 C.B. 1035, 2006 WL 3334167 (IRS RPR)
END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.