| Form **5701** | Department of the Treasury - Internal Revenue Service<br>**Notice of Proposed Adjustment** ||
|---|---|---|
| Name of Taxpayer<br><br>Nortel Networks Inc. & Subsidiaries<br>TIN:04-2486332 | Issue No.<br><br>526-060 ||
| Name and Title of person to whom delivered<br><br>Connie Mersch, Manager, Tax Examinations | Date Issued:<br><br>10/04/2004 ||
| Entity for this proposed adjustment<br><br>Nortel Networks, Inc. and Subsidiaries | Response Due:<br><br>10/08/2004 ||
|  | Based on the information we now have available and our discussions with you, we believe the proposed adjustment listed below should be included in the revenue agent's report. However, if you have additional information that would alter or reverse this proposal, please furnish this information as soon as possible. |
| Years | Amount | SAIN | Account or Return Line |
| 2000 | $47,000,000 | 526-060 | R&D Cost Share Agreement Allocations – Decrease |

**Issue**

See attached Form 886-A

**Reasons for Proposed Adjustment**

Taxpayer Representative's Action    Initial here :_____

Please check the appropriate box for both factual accuracy and legal conclusion

**Factual Information**
[ ] Agree
[ ] Agree In Part
[ ] Disagreed
[ ] Have additional information; will
     submit by: Date

**Law Conclusions**:
[ ] Agree
[ ] Disagree In Part
[ ] Disagreed
[ ] Have additional information; will
     submit by: Date

| Prepared By:<br>*Tammy Withers*, International Examiner | Date:<br>09/24/04 |
|---|---|
| International Group Manager:<br>/s/*Cassandra D. Weissend* | Date:<br>10/1/04 |
| Case Manager: | Date: |

Iss 526-060 - RD CSA Alloc - 2000 - 57012.doc                                    Form **5701**

**GOVERNMENT EXHIBIT 106**

| Form **5701** | Department of the Treasury - Internal Revenue Service **Notice of Proposed Adjustment** | |
|---|---|---|
| Name of Taxpayer<br><br>Nortel Networks Inc. & Subsidiaries        TIN:04-2486332 | | Issue No.<br>526-850<br>(Revised 11/15/04) |
| Name and Title of person to whom delivered<br><br>Connie Mersch, Manager, Tax Examinations | | Date Issued:<br><br>09-29-2004 |
| Entity for this proposed adjustment<br><br>Nortel Networks, Inc. and Subsidiaries | | Response Due: |

Based on the information we now have available and our discussions with you, we believe the proposed adjustment listed below should be included in the revenue agent's report. However, if you have additional information that would alter or reverse this proposal, please furnish this information as soon as possible.

| Years | Amount | SAIN | Account or Return Line |
|---|---|---|---|
| 1998 | ($ 8,808,894) | 526-850 | SG&A Expense – Increase to Expense |
| 1999 | ($ 1,780,082) | 526-850 | SG&A Expense – Increase to Expense |
|  |  |  |  |
|  |  |  |  |

**Issue**

See attached Form 886-A

**Reasons for Proposed Adjustment**

See attached Form 886-A

Taxpayer Representative's Action     Initial here : _____

Please check the appropriate box for both factual accuracy and legal conclusion

**Factual Information**
[ ] Agree
[ ] Agree In Part
[ ] Disagreed
[ ] Have additional information; will submit by: Date

**Law Conclusions**:
[ ] Agree
[ ] Disagree In Part
[ ] Disagreed
[ ] Have additional information; will submit by: Date

| Prepared By:<br>*Tammy Withers*, International Examiner | Date:<br>09/28/04<br>Modified on 11/15/04 |
|---|---|
| International Group Manager: | Date: |
| Case Manager: | Date: |

Iss 526-850 - Add'l IRC 162 SGA Exp - 5701 - 1998 & 1999.doc     Form **5701**

| Form 886-A | EXPLANATION OF ADJUSTMENTS | Schedule No. or Exhibit |
|---|---|---|
| Name of Taxpayer<br>Nortel Networks, Inc. and Subs. | | Year or Period Ended<br>1998 & 1999 |

**SG&A Expense**

SAIN NUMBER: 526-850
(Revised 11/15/04 & 03/01/05)

| | 1998 | 1999 |
|---|---|---|
| Proposed Adjustment – Increase to Expense | ($ 8,808,894) | ($ 1,780,082) |

## ISSUE:

1) Determine whether certain U.S. expenses that have been determined to be non-qualifying R&D global pool expenses qualify for reclassification as an SG&A expense under IRC § 162 and the related Treasury Regulations.

2) Determine if adequate documentation exists to verify that the expense is a deductible expense under the Internal Revenue Code.

## FACTS:

This issue arose as a result of the disallowance of certain R&D expenses previously included in the R&D global pool[1] by Nortel Networks, Inc. & Subs. (hereafter referred to as NNI). The expenses that were determined to be non-qualifying for inclusion in the R&D global pool were attributable primarily to two factors: (1) Nortel was unable to establish a relationship between the incurred expense and the development of intangibles or (2) Nortel was unable to provide documentation to substantiate the expense. Therefore, the government was unable to determine the nature of the expense. Accordingly, deductibility under any Internal Revenue Code section could not be established. Subsequent to the completion of the R&D global pool examination, Nortel has provided additional information for consideration as an SG&A expense. The analysis and reclassification of disallowed expenses from R&D to SG&A is limited to only the U.S. expenses. In those cases where a reclassification of expense from the R&D global pool to SG&A is made, Nortel provided documentation and/or journal entries to establish the business expense. See the workpapers following this issue write-up for additional details. Where Nortel provided documentation to allow an expense as SG&A, the results of the documented transactions have been projected or extrapolated over the total population of costs for that expense (TOE) category for that year. This examination technique is consistent with the examination technique employed in the audit of the R&D global pool expenses for purposes of the R&D Cost Share Agreement (CSA) allocation.

---

[1] The "R&D global pool" is comprised of the R&D expenses incurred by the Nortel cost share participants under Nortel's R&D Cost Share Agreement APA. An examination of the R&D Cost Share Agreement was conducted. Adjustments were proposed pursuant to Treasury Regulations § 1.482-7.

Department of the Treasury -- Internal Revenue Service                              Form 886-A

Iss 526-850 - Add'l IRC 162 SG&A Exp - 886-A - 1998 & 1999.doc
Page 1

| Form 886-A | EXPLANATION OF ADJUSTMENTS | Schedule No. or Exhibit |
|---|---|---|
| Name of Taxpayer<br>Nortel Networks, Inc. and Subs. | | Year or Period Ended<br>1998 & 1999 |

## LAW & ARGUMENT:

This adjustment is governed by IRC § 162 and the underlying Treasury Regulations. In Treasury Regulations §1.162-1 it states, "Business expenses. (a) In general. Business expenses deductible from gross income include the ordinary and necessary expenditures directly connected with or pertaining to the taxpayer's trade or business, except items which are used as the basis for a deduction or a credit under provisions of law other than section 162. The cost of goods purchased for resale, with proper adjustment for opening and closing inventories, is deducted from gross sales in computing gross income. See paragraph (a) of § 1.161-3. Among the items included in business expenses are management expenses, commissions (but see section 263 and the regulations thereunder), labor, supplies, incidental repairs, operating expenses of automobiles used in the trade or business, traveling expenses while away from home solely in the pursuit of a trade or business (see § 1.162-2), advertising and other selling expenses, together with insurance premiums against fire, storm, theft, accident, or other similar losses in the case of a business, and rental for the use of business property. ..."

## TAXPAYER'S POSITION:

The taxpayer is in agreement with this position. On 10/04/04, IRS issued Letter 1853, notifying Nortel of their rights to request competent authority relief. On 12/15/04, Nortel filed a request for relief with the US Competent Authority for tax years 2000 and 2001. On 12/21/04, pursuant to Section 9.02 of Rev. Proc. 2002-52, Nortel filed a joint notification with the US, UK, and Canadian Competent Authorities advising of their desire to obtain competent authority relief related to the transfer pricing adjustments. However, Nortel recently completed a restatement of their financials. Pursuant to their written request, Nortel desires competent authority relief once the tax impacts of the restated financials can be determined.

## CONCLUSION:

An adjustment is proposed to reclassify certain non-qualifying R&D global pool expenses to SG&A expenses in the amounts of $8,808,894 and $1,780,082 for tax years 1998 and 1999, respectively. This adjustment is proposed under the authority of IRC § 162 and the underlying Treasury Regulations.

| Form **5701** | Department of the Treasury - Internal Revenue Service **Notice of Proposed Adjustment** | |
|---|---|---|
| Name of Taxpayer Nortel Networks Inc. & Subsidiaries    TIN:04-2486332 | | Issue No. 526-851 |
| Name and Title of person to whom delivered Connie Mersch, Manager, Tax Examinations | | Date Issued: 12/17/04 |
| Entity for this proposed adjustment Nortel Networks, Inc. and Subsidiaries | | Response Due: |

Based on the information we now have available and our discussions with you, we believe the proposed adjustment listed below should be included in the revenue agent's report. However, if you have additional information that would alter or reverse this proposal, please furnish this information as soon as possible.

| Years | Amount | SAIN | Account or Return Line |
|---|---|---|---|
| 2000 | ($6,554,372) | 526-851 | SG&A Expense – Increase to Expense |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Issue**

See attached Form 886-A

**Reasons for Proposed Adjustment**

See attached Form 886-A


Taxpayer Representative's Action    Initial here :_____

Please check the appropriate box for both factual accuracy and legal conclusion

**Factual Information**
[ ] Agree
[ ] Agree In Part
[ ] Disagreed
[ ] Have additional information; will submit by: Date

**Law Conclusions:**
[ ] Agree
[ ] Disagree In Part
[ ] Disagreed
[ ] Have additional information; will submit by: Date

| Prepared By: *Tammy Withers,* International Examiner | Date: 12/17/04 |
|---|---|
| International Group Manager: | Date: |
| Case Manager: | Date: |

Iss 526-851 - Add'l IRC 162 SGA Exp - 5701 - 2000.doc                    Form **5701**

| Form 886-A | EXPLANATION OF ADJUSTMENTS | Schedule No. or Exhibit |
|---|---|---|
| Name of Taxpayer<br>Nortel Networks, Inc. and Subs. | | Year or Period Ended<br>2000 |

## SG&A Expense

**SAIN NUMBER: 526-851**
(Revised 03/01/05)

| | 2000 |
|---|---|
| Proposed Adjustment – Increase to Expense | ($ 6,554,372) |

### ISSUE:

1) Determine whether certain U.S. expenses that have been determined to be non-qualifying R&D global pool expenses qualify for reclassification as an SG&A expense under IRC § 162 and the related Treasury Regulations.

2) Determine the percentage[1] to be applied to the 2000 disallowed R&D costs to arrive at the allowable SG&A expenses for that year.

### FACTS:

This issue arose as a result of the disallowance of certain R&D expenses previously included in the R&D global pool[2] by Nortel Networks, Inc. & Subs. (hereafter referred to as NNI). The expenses that were determined to be non-qualifying for inclusion in the R&D global pool were attributable primarily to two factors: (1) Nortel was unable to establish a relationship between the incurred expense and the development of intangibles or (2) Nortel was unable to provide documentation to substantiate the expense. Therefore, the government was unable to determine the nature of the expense. Accordingly, deductibility under any Internal Revenue Code section could not be established. Subsequent to the completion of the R&D global pool examination, Nortel provided additional 1998 and 1999 information and requested that it be given consideration to determine if those expenses could be allowed as SG&A expenses. The analysis and reclassification of disallowed expenses from R&D to SG&A was limited to only the U.S. expenses. In those cases where a reclassification of expense from the R&D global pool to SG&A was made, Nortel provided documentation and/or journal entries to establish the business expense. Where Nortel provided documentation to allow an expense

---

[1] The 2000 percentage of allowable SG&A costs is based upon a two-year weighted average (as illustrated in the spreadsheets accompanying this write-up) of expenses that were disallowed as R&D costs and subsequently allowed as SG&A expenses. The two-year weighted average was determined by calculating the amount (as a percentage) of R&D costs disallowed in 1998 and 1999 that were subsequently allowed as SG&A expenses. That percentage was applied to the extrapolated disallowed R&D expenses for 2000. That amount represents the allowable SG&A for 2000.

[2] The "R&D global pool" is comprised of the R&D expenses incurred by the Nortel cost share participants under Nortel's R&D Cost Share Agreement APA. An examination of the R&D Cost Share Agreement was conducted. Adjustments were proposed pursuant to Treasury Regulations § 1.482-7.

Department of the Treasury -- Internal Revenue Service                                    Form 886-A

Iss 526-851- Add'l IRC 162 SGA Exp - 886-A - 2000.doc                                     **Page 1**

| Form 886-A | EXPLANATION OF ADJUSTMENTS | Schedule No. or Exhibit |
|---|---|---|
| Name of Taxpayer<br>Nortel Networks, Inc. and Subs. | | Year or Period Ended<br>2000 |

as SG&A, the results of the documented transactions were projected or extrapolated over the total population of costs for that expense (TOE) category for that year. This examination technique is consistent with the examination technique employed in the audit of the R&D global pool expenses for purposes of the R&D Cost Share Agreement (CSA) allocation.

As stated above, this proposed adjustment is the result of the disallowance of certain expenses that Nortel had originally claimed as expenses qualifying for inclusion in the R&D global pool of expense pursuant to an R&D Cost Sharing Agreement of which NNI was a participant. The R&D CSA APA covered tax years 1992 through 1999. Although the R&D CSA APA expired in 1999, it was determined that an R&D cost share agreement continued to exist throughout tax year 2000. Nortel terminated the R&D cost share agreement as of 01/01/01. Nortel properly applied the R&D Cost Share Agreement methodology in the preparation of the 2000 income tax return. However, in March, 2002, Nortel filed a formal APA Submission with the IRS requesting the approval of the Residual Profit Split methodology for tax years 2000 through 2004, indicating that an amended return would be filed to convert the 2000 tax return from the R&D CSA methodology to the RPS methodology. Accordingly, for purposes of the 1998-2001 exam, R&D global pool expenses were examined for tax years 1998 and 1999 only, in anticipation of the resolution of the APA negotiations and the conversion of the 2000 return from the cost share methodology to the RPS methodology. In tax year 2001, Nortel filed its income tax return applying the Residual Profit Split methodology.

As stated above, it was anticipated that the APA negotiations would be resolved prior to the conclusion of the examination. However, those negotiations are still pending. Based upon the results of the 1998 and 1999 examination of R&D global pool costs and the reclassification of R&D costs to SG&A in the 1998 and 1999 years, it is reasonable to believe that adjustments are warranted to the 2000 SG&A expenses as well. Due to the late stage of the examination and to reduce the burden on IRS and taxpayer resources, a decision has been made to project or extrapolate the 1998 and 1999 exam results (on a percentage basis, as explained in the footnotes of this issue write-up) to the 2000 disallowed R&D costs in order to determine the amount of SG&A costs that should be allowable for tax year 2000.

**LAW & ARGUMENT:**

This adjustment is governed by IRC § 162 and the underlying Treasury Regulations. In Treasury Regulations §1.162-1 it states, "Business expenses. (a) In general. Business expenses deductible from gross income include the ordinary and necessary expenditures directly connected with or pertaining to the taxpayer's trade or business, except items which are used as the basis for a deduction or a credit under provisions of law other than section 162. The cost of goods purchased for resale, with proper adjustment for opening and closing inventories, is deducted from gross sales in computing gross income. See paragraph (a) of § 1.161-3. Among the items included in business expenses are management expenses, commissions (but see section 263 and the regulations thereunder), labor, supplies, incidental repairs, operating expenses of automobiles used in the trade or business, traveling expenses while away from home solely in the pursuit of a trade or business (see § 1.162-2), advertising

| Form 886-A | EXPLANATION OF ADJUSTMENTS | Schedule No. or Exhibit |
|---|---|---|
| Name of Taxpayer<br>Nortel Networks, Inc. and Subs. | | Year or Period Ended<br>2000 |

and other selling expenses, together with insurance premiums against fire, storm, theft, accident, or other similar losses in the case of a business, and rental for the use of business property. ..."

### TAXPAYER'S POSITION:

The taxpayer is in agreement with this position. On 10/04/04, IRS issued Letter 1853, notifying Nortel of their rights to request competent authority relief. On 12/15/04, Nortel filed a request for relief with the US Competent Authority for tax years 2000 and 2001. On 12/21/04, pursuant to Section 9.02 of Rev. Proc. 2002-52, Nortel filed a joint notification with the US, UK, and Canadian Competent Authorities advising of their desire to obtain competent authority relief related to the transfer pricing adjustments. However, Nortel recently completed a restatement of their financials. Pursuant to their written request, Nortel desires competent authority relief once the tax impacts of the restated financials can be determined.

### CONCLUSION:

An adjustment is proposed to reclassify certain non-qualifying R&D global pool expenses to SG&A expenses in the amount of $ 6,554,372 for tax year 2000. This adjustment is proposed under the authority of IRC § 162 and the underlying Treasury Regulations.