# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
:
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
: RE: D.I. 1525
:
---------------------------------------------------------------X

## ORDER AUTHORIZING AND APPROVING (I) SALE PROCEDURES, (II) NOTICE PROCEDURES, AND (III) SETTING A DATE FOR SALE HEARING

Upon the motion (the "Motion")[2] of Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors-in-possession in the above-captioned cases (the "Debtors") for entry of orders under Bankruptcy Code sections 105 and 363, Bankruptcy Rules 2002, 6004 and 9014 and Local Rule 6004-1 (i)(a) authorizing and approving sale procedures (the "Sale Procedures") attached to the Motion as Exhibit C in connection with the proposed sale (the "Transaction" or "Sale") by the Debtors of the Assets, (b) authorizing and approving the forms of the Publication Notice, attached to the Motion as Exhibit D and Exhibit E respectively, and approving the manner of solicitation of bids and notice of the sale (collectively, the "Notice Procedures"), (c) setting the time, date and place of a hearing to consider the sale (the "Sale

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Hearing") and (ii) authorizing and approving sale of the Debtors' right, title and interest in the Next Generation Packet Core network components (the "Assets") to the successful bidder, free and clear of all liens, claims, and interests, pursuant to section 363 of the Bankruptcy Code, except as set forth in the form Transaction Agreement (the "Agreement") attached to the Motion as Exhibit F or as otherwise stated in the Transaction Agreement to be executed with the successful bidder, and (iii) granting them such other and further relief as the Court deems just and proper; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

FOUND AND DETERMINED THAT:[3]

A. The court has jurisdiction over the Motion pursuant to 28 U.S.C. § 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

B. Venue of these cases and the Motion in this district is proper under 28 U.S.C. § 1408 and 1409.

C. Good and sufficient notice of the relief granted by this Order has been given and no further notice is required. A reasonable opportunity to object or be heard regarding the relief granted by this Order (including, without limitation, with respect to the proposed Sale

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or, if not defined in the Motion, shall have the meanings ascribed to such terms in the Motion or, if not defined in the Motion, as defined in the Agreement.

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See. Fed. R. Bankr. P. 7052.

Procedures) has been afforded to those parties entitled to notice pursuant to Local Rule 2002-1(b).

D. The Debtors' proposed Notice Procedures, as set forth in the Motion, are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the proposed sale and Sale Procedures, and no other or further notice is required.

E. The Sale Procedures, substantially in the form attached hereto as Exhibit 1, are fair, reasonable, and appropriate and are designed to maximize recovery with respect to the sale of the Assets.

F. The entry of this Order is in the best interests of the Debtors and their estates, creditors, and interest holders and all other parties in interest herein; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT:**

1. Those portions of the Motion seeking approval of the Sale Procedures, the Notice Procedures and setting a date for the sale hearing are GRANTED.

2. Except as expressly provided herein, nothing herein shall be construed as a determination of the rights of any party in interest in these chapter 11 cases.

### The Sale Procedures

3. The Sale Procedures attached hereto as Exhibit 1 are hereby APPROVED. Subject to the approval of the Sale Procedures by the Ontario Superior Court of Justice in the Canadian Proceedings regarding the Canadian Debtors, the Debtors are hereby authorized to conduct a sale of the Assets pursuant to the Sale Procedures and the terms of this Order.

4. The Sale Procedures shall apply to the Qualified Bidders and the conduct of the sale of the Assets.

## Notice Procedures

5.  The notices, in substantially the same form as annexed to the Motion as Exhibits E and F, are sufficient to provide effective notice to all interested parties of the proposed sale and Sale Procedures, pursuant to Bankruptcy Rules 2002(a)(2) and 6004, and are hereby approved.

6.  As soon as reasonably practicable after entry of this Order, the Debtors (or their agent) shall serve the Sale Procedures Notice, in substantially the form attached as Exhibit D to the Motion, by first-class mail, postage prepaid, and/or via facsimile or electronic transmission upon (i) all taxing authorities or recording offices which have a reasonably known interest in the relief requested, (ii) the U.S. Trustee, (iii) the Monitor, (iv) counsel to the Official Committee, (v) counsel to the Bondholder Group, (vi) all federal, state, and local regulatory authorities with jurisdiction over the Debtors, (vii) all non-debtor parties to relevant contracts or leases, (viii) each of the entities that had received an invitation from the Sellers to acquire or had previously expressed an interest in acquiring the Assets; and (ix) the general service list established in these chapter 11 cases pursuant to Bankruptcy Rule 2002. The Debtors also shall publish notice substantially in the form attached as Exhibit E to the Motion in The Wall Street Journal (National Edition) and The Globe & Mail (National Edition) within five (5) business days of entry of this Sale Procedures Order or as soon as practicable thereafter.

## Objection Procedures

7.  Any party that seeks to object to the relief requested in the Motion pertaining to approval of the Sale shall file a formal objection that complies with the General Objection Procedures as set forth in the Motion. Each objection shall state the legal and factual basis of such objection and may be orally supplemented at the hearing on the Motion.

8. Any and all objections as contemplated by this Order must be: (a) in writing; (b) signed by counsel or attested to by the objecting party; (c) in conformity with the Bankruptcy Rules and the Local Rules; (d) filed with the Bankruptcy Court; and (e) be served in accordance with the Local Rules so as to be received on or before the appropriate deadline as set forth below.

9. All objections to the Motion or the relief requested therein (and all reservations of rights included therein), as it pertains to the entry of this Order, are overruled to the extent they have not been withdrawn, waived or otherwise resolved.

### Additional Relief

10. The Court hereby schedules a Sale Hearing to be held at **October 28, 2009 at 2:00 p.m. (ET)** before the Honorable Kevin Gross, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801, to consider the issuance and entry of an order, inter alia, approving the sale of the Debtors' rights, title and interests in and to the Assets free and clear of all Liens and Claims. **October 21, 2009 at 4:00 p.m. (ET)** is hereby set as the objection deadline for objections to the Sale Motion (other than the Sale Procedures and Notice Procedures which are hereby approved). To the extent that the Debtors file a motion pursuant to section 365 seeking to assume and assign any contracts in conjunction with the Sale, such motion will be heard at the Sale Hearing.

11. The Debtors shall file a Notice of Successful Bidder and the form of Transaction Agreement, no later than **October 26, 2009 at noon (ET)**. The Notice shall be served on (i) the U.S. Trustee, (ii) the counsel to the Monitor, (iii) the counsel to the Committee, (iv) the counsel to the Bondholder Group, and (v) the general service list established in these chapter 11 cases pursuant to Bankruptcy Rule 2002.

5

12. In the event there is a conflict between this Order and the Motion or the Agreement, this Order shall control and govern.

13. Nothing in this Order or the Motion shall be deemed to or constitute the assumption or assignment of an executory contract or unexpired lease.

14. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation or interpretation of this Order.

15. This Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rules 6004 or 6006 or any other provision of the Bankruptcy Code or Bankruptcy Rules is expressly lifted. The Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

Dated: Sept. 30, 2009
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE