IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X
                                                           :
*In re*                                                    :    Chapter 11
                                                           :
Nortel Networks Inc., *et al.*,[1]                         :    Case No. 09-10138 (KG)
                                                           :
              Debtors.          :    Jointly Administered
                                                           :
                                                           :
-----------------------------------------------------------X

**DEBTORS' MOTION FOR (1) AN ORDER SHORTENING NOTICE RELATING TO CERTAIN ELEMENTS OF DEBTORS' MOTION FOR ORDERS (I)(A) AUTHORIZING AND APPROVING THE BIDDING PROCEDURES, (B) APPROVING THE NOTICE PROCEDURES, AND (C) SETTING A DATE FOR THE SALE HEARING, AND (II) AUTHORIZING AND APPROVING THE SALE OF CERTAIN ASSETS OF DEBTORS' GSM/GSM-R BUSINESS AND (2) PROVIDING LIMITED RELIEF FROM LOCAL RULE 6004-1(b)(i)**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court (the "Motion") for the entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 6004-1(b) and 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) to permit consideration on shortened notice of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

certain elements of Debtors' Motion (the "<u>Sale Motion</u>")[2] for Orders (I)(a) authorizing and approving the bidding procedures (the "<u>Bidding Procedures</u>") for the sale of substantially all of the assets of the GSM/GSM-R Business of Nortel (collectively, the "<u>Assets</u>"), (b) approving the form and manner of sale notices (the "<u>Notice Procedures</u>"), and (c) setting the time, date and place of a hearing (the "<u>Sale Hearing</u>") to consider the sale of certain assets relating to the Debtors' GSM/GSM-R Business (the "<u>Sale Transaction</u>"); (II) authorizing and approving the sale of certain assets of the Debtors' GSM/GSM-R Business; (ii) to provide limited relief from Local Rule 6004-1(b)(i); and (iii) to grant them such other and further relief as the Court deems just and proper. In support of the Motion, the Debtors rely on the declaration of George Riedel (the "<u>Declaration</u>") attached to the Sale Motion as Exhibit A. In further support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 102(1) and 105(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rules 6004-1(b) and  9006-1(e).

## Background

**B.      Introduction**

3.      On January 14, 2009 (the "<u>Petition Date</u>"), the Debtors, other than NN CALA (defined below), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as

---

[2]      Capitalized terms used but not defined herein have the meanings ascribed to them in the Sale Motion.

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL, and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February 27, 2009, this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. In addition, at 8 p.m. (London time) on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators"). On May 28, 2009, at the request of the UK

---

[3] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

Administrator of NNSA and in accordance with Council Regulation (EC) No 1346/2000 of 29 May 2000 on insolvency proceedings (the "EC Regulation"), the Commercial Court of Versailles, France, (the "French Court") ordered the commencement of secondary proceedings (the "Secondary Proceedings") in respect of NNSA.  In accordance with the EC Regulation and applicable French laws, the Secondary Proceedings consist of liquidation proceedings during which NNSA continued to operate as a going concern for an initial three-month period and, in accordance with a judgment of the French Court of August 20, 2009, will continue to operate as a going concern for another three-month period, provided that this second three-month period has been further extended as a result of the suspension of the liquidation process under the Secondary Proceedings in accordance with a judgment of the French Court of October 1, 2009 rendered at the request of the U.K. Administrator.  In accordance with the EC Regulation, the U.K. administration proceedings remain the main proceedings in respect of NNSA.  However, a French administrator (the "French Administrator") has been appointed and is in charge of the day-to-day affairs and continuing business of NNSA and a French liquidator (the "French Liquidator") has also been appointed and is in charge of the sale process of the business of NNSA.  The French Administrator and the French Liquidator will remain in place during the suspension of the Secondary Proceedings.

6. On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

7. On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the

"Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142]. An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

8. On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc. ("NN CALA" and a Debtor together with NNI and its affiliates), an affiliate of NNI, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On July 17, this Court entered orders approving the joint administration and consolidation of NN CALA's chapter 11 case with the other Debtors' chapter 11 cases for procedural proposes [D.I. 1098], and applying to NN CALA certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1099].

**C.    Debtors' Corporate Structure and Business**

9. A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3] (the "First Day Declaration").

**Relief Requested**

10. By this Motion, the Debtors seek an order (i) shortening the notice period for the Bidding Procedures and Notice Procedures as set forth in the Sale Motion filed contemporaneously with this Motion; (ii) setting October 15, 2009 at 2:00 p.m. (ET) as the hearing date; (iii) setting October 12, 2009 at 4:00 p.m. (ET) as the deadline to object to those provisions of the Sale Motion seeking approval of the Bidding Procedures, the Notice Procedures and setting the date, time and place of the Sale Hearing (collectively, the "Sale Procedures Relief"); (iv) providing limited relief from Local Rule 6004-1(b)(i); and (v) granting them such other and further relief as the Court deems just and proper.

**Facts Relevant to this Motion**

11. As set forth more fully in the Sale Motion, the Debtors along with certain of their affiliates are proposing to sell their rights, title and interests to the GSM/GSM-R Business (as defined in the Sale Motion). Global System for Mobile communications ("GSM") is a widely deployed wireless technology standard for mobile phone networks. Nortel is a supplier of GSM networks to operators globally. In addition, Nortel is a leading supplier of GSM for Railways, which is a variant of GSM that provides a secure communications system for railways operators.

12. As set forth in the Declaration, Nortel is experiencing significant pressure on its businesses, including GSM/GSM-R Business, and facing competing demands on its cash resources, globally as well as on a regional basis. Increasingly, Nortel has discovered that the potential purchase price that could be realized through a sale of the Assets is likely to decline over time if the Assets remain unsold. The full value of the Assets may not be realized if a sale is not consummated quickly.

13. Since the commencement of the creditor protection proceedings in the U.S. and Canada, Nortel has experienced significant hurdles in pursuing new customers for its GSM/GSM-R Business. In addition, the GSM/GSM-R Business is experiencing significant pressure from its existing customers to provide a definitive timeline for the transfer of the GSM/GSM-R Business to a third party. Without a definitive timeline, sales to customers will diminish more quickly resulting in a lower valuation of the GSM/GSM-R Business. Therefore, for the reasons set forth above, the Debtors believe that the Assets present a compelling case for moving forward expeditiously without a stalking horse bidder.

14. Nortel's GSM/GSM-R Business spans three different continents and tens of different jurisdictions. Nortel has not fully completed the process of finalizing a suitable multi-

jurisdictional purchase agreement and related ancillary agreements for the proposed sale of the Assets (collectively, the "Proposed Purchase Agreements"). Although the Proposed Purchase Agreements are substantially complete, the Debtors will not be in a position to file the Proposed Purchase Agreements along with the Sale Motion. The Debtors, however, plan to provide potential bidders with a final Proposed Purchase Agreements by no later than October 10, 2009, which will be five (5) days prior to the proposed hearing date for the Sale Motion.

**Basis for Relief**

15. Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). As set forth below, shortening notice is justified here.

16. The Debtors respectfully submit that shortened notice is appropriate in this instance because the expeditious sale of the Assets is critical to the maximization of the value of the Assets and, in turn, to a recovery for the Debtors' estates. As explained in more detail in the Sale Motion, the potential purchase price that could be realized through a sale of the Assets is likely to decline over time if the Assets remain unsold. For these reasons, the Debtors respectfully submit that allowing the Sale Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

17. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.SC. 105(a). Local Rule 6004-1(b) provides that "[e]xcept as otherwise provided in these Local Rules, the Code, the Bankruptcy Rules, or an other of the Court, all Sale Motions shall attach or include the following: (i) [a] copy of the proposed purchase agreement, or a form of such agreement substantially similar to the one the debtor reasonably believes it will execute

in connection with the proposed sale." Del. Bankr. L.R. 6004-1(b) and (b)(i). As set forth below, granting the Debtors limited relief from Local Rule 6004-1(b)(i) is justified here.

18. The Debtors respectfully submit that limited relief from Local Rule 6004-1(b)(i) is appropriate in this instance. Unlike a "stalking horse" auction, the Debtors are not seeking authority or approval of a purchase agreement with the stalking horse bidder – rather the Sale Motion simply seeks approval of the Bidding Procedures to sell the Assets in a public auction and the approval of any agreements with a Successful Bidder shall be the subject of a separate Sale Hearing, which is proposed to be scheduled for November 19, 2009.

19. Additionally, the Debtors intend to provide the Proposed Purchase Agreements well in advance of the hearing to approve the Bidding Procedures and other Sale Procedures Relief. Given the complexity of the multi-jurisdictional Proposed Purchase Agreements and the urgency to commence the sale process with a definitive timeline for the Assets, requiring the Debtors to delay the filing of the Sale Motion for an additional period could have significant adverse impact upon the recovery of the Debtors from the proposed Transaction. For these reasons, the Debtors respectfully submit that allowing the Proposed Purchase Agreements to be filed on October 10, 2009 is reasonable and appropriate under the circumstances.

## Notice

20. Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to (i) the U.S. Trustee; (ii) the Monitor; (iii) counsel to the Committee; (iv) counsel to the Bondholder Group; and (v) the general service list established in these chapter 11 cases pursuant to Bankruptcy Rule 2002. The Debtors submit that under the circumstances no other or further notice is necessary.

**No Prior Request**

21. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

| | |
|---|---|
| Dated:  September 30, 2009<br>Wilmington, Delaware | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>James L. Bromley (No. 5125)<br>Lisa M. Schweitzer (No. 1033)<br>Cleary Gottlieb Steen & Hamilton LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone:  (212) 225-2000<br>Facsimile:  (212) 225-3999<br><br>- and -<br><br>MORRIS NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s Ann C. Cordo*<br>Derek C. Abbott (No. 3376)<br>Eric D. Schwartz (No. 3134)<br>Ann C. Cordo (No. 4817)<br>Andrew R. Remming (No. 5120)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone:  (302) 658-9200<br>Facsimile:  (302) 658-3989<br><br>*Counsel for the Debtors*<br>*and Debtors in Possession* |

3148658.1