IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
In re:                                          :   Chapter 11
                                                :
Nortel Networks Inc., et al.,                   :   Case No. 09-10138 (KG)
                                                :
                                                :   Jointly Administered
                  Debtors.                      :   Hearing Date: 11/19/2009 at 1:00 p.m.
------------------------------------------------------------x   Objection Deadline: 11/5/2009 at 4:00 p.m.

## MOTION OF HEWLETT-PACKARD COMPANY
## FOR RELIEF FROM THE AUTOMATIC STAY TO EFFECT A SETOFF

Hewlett-Packard Company ("HP"), by its undersigned counsel, files this Motion for Relief From the Automatic Stay to Effect a Setoff (the "Motion"), and in support hereof, respectfully requests as follows:

### BACKGROUND

1.  On January 14, 2009 (the "Petition Date"), the Debtors, including Nortel Networks Inc. ("NNI"), filed their voluntary petitions for relief (the "Cases") under Chapter 11 of Title 11 of United States Code (the "Bankruptcy Code"). The Cases are being jointly administered.

2.  HP receives products, services and software licenses from debtor NNI pursuant to The Global Solutions Partner Master Reseller Agreement, HPQ9103, dated May 20, 1999, as amended from time to time (the "GPS Agreement"). *See* Higman Affidavit.

3.  As set forth in the Affidavit of Ken Higman (the "Higman Affidavit") attached hereto as Exhibit A, HP owes NNI $281,494.33 under the GPS Agreement prior to the Petition Date for services provided by NNI.

4.  Pursuant to various agreements, HP sold products, including but not limited to computer and related peripheral equipment and supplies, and provided services to NNI. NNI

NYC:198685.2

owes HP $1,284,946.31 for goods delivered and services provided by HP prior to the Petition Date. *See* Higman Affidavit; Amended Proof of Claim.

### RELIEF REQUESTED AND BASIS THEREFORE

5. By this Motion, HP seeks relief from the automatic stay imposed under section 362(a)(7) of the Bankruptcy Code, prohibiting the setoff of any debt owing to the debtor that arose pre-petition. Pursuant to section 362(d), this Court has the authority to modify the stay for cause and allow HP to effect a setoff of the $1,284,946.31 owed by NNI to HP against the $281,494.33 owed by HP to NNI.

6. Subject to the lifting of the automatic stay, and with certain exceptions, section 553(a) of the Bankruptcy Code preserves "any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case. . . ." 11 U.S.C. § 553(a). "The right of setoff allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding the absurdity of making A pay B when B owes A." *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 18 (1995). A creditor's claim that is subject to setoff under section 553 is given secured status to the extent of the amount subject to setoff. 11 U.S.C. § 506(a)(1); *see also CDI Trust v. U.S. Elec., Inc. (In re Commun. Dynamics, Inc.)*, 382 B.R. 219, 228 (Bankr. D. Del. 2008) (noting that in the bankruptcy context, setoff claims are elevated to secured status).

7. Section 553(a) preserves any setoff rights that arose before the commencement of the bankruptcy proceeding. 11 U.S.C. § 553; *CDI Trust*, 382 B.R. at 228. The GPS Agreement is governed by California law, which recognizes equitable rights to setoff. *FDIC. v. Bank of Am.*

*Nat'l Trust & Sav. Ass'n.*, 701 F.2d 831, 836-37 (9th Cir. Cal. 1983) (noting that California courts recognize setoff as an equitable remedy)

8. Under Section 553(a) and applicable law, the claim and debt to be setoff must be mutual, which means that the claim and debt must be between the same parties, in the same capacity or right. 11 U.S.C. § 553(a); *CDI Trust*, 382 B.R. at 230-235. Additionally, the Bankruptcy Code requires that the claim and debt both arise prior to the petition date. 11 U.S.C. § 553.

9. The prepetition amounts owing between HP and NNI are the types of debts entitled to be setoff. The debts are mutual, due to and from NNI and HP. Further, the debts arose prior to the Petition Date. *See* Higman Affidavit. As such, under the laws of California and section 553 of the Bankruptcy Code, HP has a right to setoff the $281,494.33 owed to NNI against the $1,284,946.31 owed by NNI to HP.

10. The exceptions set forth in section 553(a) of the Bankruptcy Code are not applicable to HP's right of setoff. HP's claims against NNI have not been disallowed, were not transferred to HP by another entity, and were incurred in the ordinary course of business and not for the purpose of obtaining a right of setoff. *See* Higman Affidavit.

11. The "automatic stay" provision of the Bankruptcy Code prohibits a counterparty from exercising its right of setoff after a debtor's petition is filed. 11 U.S.C. § 362(a)(7). Therefore, in order to effect a setoff, HP must first obtain relief from the stay.

12. A creditor is entitled to relief from the stay if the provisions of section 553(a) of the Bankruptcy Code are met and a right of setoff exists. Section 363(d) provides that on request of a party in interest, the court shall grant relief from the automatic stay by terminating, annulling, modifying, or conditioning the stay for cause. 11 U.S.C. § 362(d)(1). Other courts

have held that the establishment of a right to setoff constitutes sufficient cause for the Court to grant relief from the automatic stay. *See e.g. In re Nuclear Imaging Sys.*, 260 B.R. 724, 730 (Bankr. E.D. Pa. 2000) ("Courts have generally concluded that the existence of mutual obligations subject to setoff constitutes sufficient 'cause' to meet the creditors initial evidentiary burden in seeking relief from the stay.").

13. Here, HP has established its right to setoff the $281,494.33 owed to NNI against the $1,284,946.31 owed by NNI to HP. Absent compelling circumstances this Court should honor sanctioned rights of setoff. *CDI Trust*, 382 B.R. at 227. No compelling circumstance exist here. HP has a right to setoff the amounts it owes to NNI against the amounts owed by NNI to HP.

WHEREFORE, HP requests that the Court enter an order granting HP relief from the automatic stay to set off the $1,284,946.31 owed by NNI to HP against the $281,494.33 it owes to NNI, and grant HP all further other relief to which HP is justly entitled.

Respectfully submitted this 5th day of October, 2009.

**ANDREWS KURTH LLP**

By: /s/ Jonathan Levine
Jonathan Levine, Esq. (NYS Bar Number JL-9674)
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 850-2800
Facsimile: (212) 850-2929

Counsel to Hewlett-Packard Company

NYC:198685.2