## **Exhibit F**

**Form of Assumption and Assignment Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------- X
                                                         :
In re                                                    :    Chapter 11
                                                         :
Nortel Networks Inc., et al.,¹                           :    Case No. 09-10138 (KG)
                                                         :
                                    Debtors.             :    Jointly Administered
                                                         :
                                                         :
                                                         :
-------------------------------------------------------- X
```

**NOTICE OF DEBTORS' REQUEST FOR**
**AUTHORITY TO ASSUME AND ASSIGN CERTAIN CONTRACTS**

**PLEASE TAKE NOTICE THAT:**

In connection with the Debtors' motion for orders (I)(A) authorizing Debtors' entry into a stalking horse asset sale agreement with Ciena Corporation ("Ciena"), (B) authorizing and approving the Bidding Procedures and Bid Protections, (C) approving the Notice Procedures and the Assumption and Assignment Procedures (as each is defined in the Sale Motion), (D) authorizing the filing of certain documents under seal and (E) setting a date for the Sale Hearing (as defined in the Sale Motion), and (II) authorizing and approving (A) the sale of certain assets of Debtors' Metro Ethernet Networks business (the "MEN Business") free and clear of all liens, claims and encumbrances and (B) the assumption and assignment of certain executory contracts (the "Sale Motion") (D.I. [●])², Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby provide notice of their intent to assume and assign, pursuant to sections 363 and 365 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), certain agreements to which the Debtors are a party, including one or more such agreements to which the Debtors believe you or your predecessor in interest are a party, which agreements are identified in Schedule A hereto (singularly or collectively, the "Scheduled Agreements"), in connection with the proposed sale.  Nothing contained in this notice is to be construed as an admission by the Debtors as to the character of any document denominated as an agreement, as an executory contract or unexpired lease, or to the rights of any parties thereto. The sale of the MEN Business and assumption and assignment

---

¹    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

²    Capitalized terms used but not defined herein have the meanings ascribed to them in the Sale Motion.  To the extent that there are inconsistencies between this notice and the Sale Motion, the Sale Motion controls.

of the Scheduled Agreements will take place pursuant to an order of the Bankruptcy Court (the "Bidding Procedures Order"), entered on [●], 2009 [D.I. [●]].

The Auction and Sale Procedures.  As described in the Sale Motion, over the next several weeks, the Debtors and certain of their affiliates (the "Sellers") will be conducting an auction (the "Auction") and sale of the MEN Business and assignment of the Scheduled Agreements. The Sellers have been in discussions with possible buyers, and have selected Ciena to be the initial bidder in the auction.  This means that although the bidding process will be open to other bidders, in compliance with the Federal Rules of Bankruptcy Procedure and the Bankruptcy Code, the Sellers have entered into a binding purchase agreement (the "Stalking Horse Agreement") with Ciena, who has agreed to purchase the MEN Business on the terms set forth in the Stalking Horse Agreement unless a higher or otherwise better offer is received, accepted by the Sellers and approved by the Bankruptcy Court, the Canadian Court and any other applicable court(s) whose approval is required.

Conditions to Effectiveness of Assumption and Assignment.  By the Sale Motion, the Debtors are seeking authority to assume the Scheduled Agreements, to assign to Ciena or another entity whose bid is determined to be the highest or otherwise best offer (the "Purchaser") those Scheduled Agreements that are executory contracts.  The assumption and assignment of the Scheduled Agreements shall be effective upon the closing (the "Closing Date") of the sale to the Purchaser as determined through a competitive bid and auction process, pursuant to the terms of the Bidding Procedures Order.  Under the Stalking Horse Agreement, Ciena has the right, until January 15, 2009, to remove vendor contracts from the list of contracts to be assumed and assigned at Closing. Only the Scheduled Agreements ultimately identified as of the Closing Date under the relevant purchase agreement will be assumed and assigned or subleased.  Except as set forth in the Agreement, the Purchaser has not agreed to pay, shall not be required to assume, and shall have no liability or obligation with respect to, any liability or obligation, direct or indirect, absolute or contingent, of the Debtors, including any liabilities or obligations associated with the Scheduled Agreements arising on or before the Closing Date.

About Ciena Corporation.  Ciena Corporation is a provider of communications networking equipment, software and services that support the transport, switching, aggregation and management of voice, video, and data traffic. Ciena's optical service delivery and carrier ethernet service delivery products are used individually, or as part of an integrated solution, in communications networks operated by service providers, cable operators, governments and enterprises around the globe. It is a network specialist targeting the transition of disparate, legacy communications networks to converged, next-generation architectures, able to handle traffic and deliver a mix of high-bandwidth communications services.  Additional information regarding Ciena is available in its Annual Report for the fiscal year ended December 31, 2008 on Form 10-K and its Quarterly reports for the quarters ending March 31, 2009 and June 30, 2009, as filed with the Securities and Exchange Commission, and on the Ciena Corporation website at http://www.ciena.com.

Requests for Adequate Assurance.  Any party to an agreement that is scheduled to be assumed and assigned (each a "Counterparty") that wishes to obtain information regarding other bidders that will or may participate at the auction (other than Ciena) must notify counsel to the Debtors at the address listed below (a "Request for Adequate Assurance") so that such notification

is actually received on or before **November 6, 2009 at 4:00 p.m. (ET)**.  The Request for Adequate Assurance must include an email and/or fax number and a contact person to whom a response to such information request will be sent.  If a Counterparty timely submits a Request for Adequate Assurance, the Debtors shall provide such Counterparty with any non-confidential information reasonably related to adequate assurance received by the Debtors from such other bidder(s) by email or fax delivery on **November 12, 2009**.  If a bidder other than Ciena is the Purchaser at the end of the Auction, the Debtors shall notify all Counterparties that filed a Request for Adequate Assurance of the name of the Purchaser as soon thereafter as practicable, and those Counterparties shall be permitted to file objections to the adequate assurance of future performance by such Purchaser. Such supplemental objections must be filed by **November 17, 2009 at 4:00 p.m. (ET)**.

Cure.  In connection with the assignment of a contract pursuant to the Bankruptcy Code, any outstanding monetary obligations owed by the Debtors must be cured.  The amount the Debtors believe is required to cure any default under the Scheduled Agreement(s) to which the Debtors believe you or your predecessor in interest are a party (the "Cure Amount") is listed on Schedule A attached hereto.  Notwithstanding anything to the contrary herein, any nondebtor party will be deemed to have received Adequate Assurance of future performance as required by section 365 of the Bankruptcy Code if the Debtors, after payment of any Cure Amounts, would no longer have any payment or delivery obligations under a Scheduled Agreement.  Objections to the Cure Amount must be filed by **November 6, 2009 at 4:00 p.m. (ET)**.

Objections.  Pursuant to the Bidding Procedures Order, objections, if any, to the assumption and assignment of the Scheduled Agreements, including without limitation any objection to the Cure Amount or the adequate assurance of future performance by Ciena under the applicable Scheduled Agreement, must be filed with the Court no later than **November 6, 2009 at 4:00 p.m. (ET)**.  Notice of all objections must be:  (a) in writing; (b) signed by counsel or attested to by the objecting party; (c) served on counsel to the Debtors:  Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Fax:  (212) 225-3999 (Attention: James L. Bromley and Lisa M. Schweitzer), and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, DE 19801, Fax:  (302) 658-3989 (Attention:  Derek C. Abbott), so that such objection is actually received by the relevant objection deadline; and (d) served so as to be received contemporaneously by the following: (i) counsel to Ciena: Latham & Watkins LLP, 233 South Wacker Drive, Suite 5800, Chicago, Illinois 60606, Fax: (312) 993-9767 (Attention: Douglas Bacon, Joseph Simei and Alice Burke), (ii) counsel to the Committee: Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Fax:  (212) 872-1002 (Attention:  Fred Hodara, Stephen Kuhn and Kenneth Davis) and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attention:  Christopher M. Samis), (iii) counsel to the Bondholder Group:  Milbank, Tweed, Hadley & McCloy, One Chase Manhattan Plaza, New York, New York 10006, Fax: (212) 822-5735 (Attention:  Roland Hlawaty) and (iv) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Fax: (302) 573-6497 (Attention: Patrick Tinker).  Any such notice must specify the grounds for such objection.  Pursuant to the Bidding Procedures Order, only those objections made in compliance with the foregoing requirements will be considered by the Court at the Sale Hearing.

**To the extent that any Counterparty does not timely serve an objection as set forth above, such Counterparty will be (i) deemed to have consented to such Cure Amounts, if any, and to the assumption and assignment of the applicable Scheduled Agreement(s); (ii) bound**

*by such Cure Amounts, if any; (iii) deemed to have agreed that the Purchaser has provided adequate assurance of future performance within the meaning of Bankruptcy Code section 365(b)(1)(C); (iv) deemed to have agreed that all defaults under the applicable Scheduled Agreement(s) arising or continuing prior to, or upon the occurrence of, the effective date of the assignment have been cured as a result or precondition of the assignment, such that the Purchaser or the Debtors shall have no liability or obligation with respect to any default occurring or continuing prior to the assignment, and from and after the date of the assignment the Scheduled Agreement(s) shall remain in full force and effect for the benefit of the Purchaser and the Counterparty in accordance with its terms; (v) deemed to have waived any right to terminate the Scheduled Agreement(s) or designate an early termination date under the applicable Scheduled Agreement(s) as a result of any default that occurred and/or was continuing prior to, or upon the occurrence of, the assignment date; and (vi) deemed to have agreed that the terms of the Sale Order shall apply to the assumption and assignment of the applicable Scheduled Agreement.*

Reservation of Rights.  To the extent that an objection by a Counterparty is not resolved prior to the Closing Date, the Debtors, in consultation with the Purchaser, may elect to (i) not assume and assign such Scheduled Agreement or (ii) postpone the assumption and assignment of such Scheduled Agreement until the resolution of such objection.

Documents.  Copies of the Sale Motion, the Stalking Horse Agreement and the Bidding Procedures Order (including the Bidding Procedures approved by the Bankruptcy Court) may be examined by interested parties between the hours of 8:00 a.m. and 3:00 p.m. (ET) at the office of the Clerk of the Court, 824 Market Street, Wilmington, Delaware 19801, or by appointment during regular business hours at the offices of the Debtors' attorneys: Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attention: James L. Bromley and Lisa M. Schweitzer.  Additionally, copies of the foregoing may be downloaded from the Court's docket at www.deb.uscourts.gov and from the website of the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC, at http://chapter11.epiqsystems.com/nortel.

Dates set forth in this notice are subject to change, and further notice of such changes may be provided through announcements in open court and/or the filing of notices and/or amended agendas.  Parties in interest are encouraged to monitor the electronic court docket and/or the noticing agent website for further updates.

Dated:  [●], 2009
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*

**SCHEDULE A**

| Name and Address of Counterparty | Effective Date of Assignment | Description of Assumed Agreement | Cure Amount |
|---|---|---|---|
|  |  |  |  |

NOTE: For the purposes of filing, this schedule has been intentionally left blank. Pursuant to the Assumption and Assignment Procedures as set forth in the Sale Motion, those parties whom the Debtors believe to be a party in interest to a Scheduled Agreement will receive an individualized Schedule A.