**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-----------------------------------------------------------X
                                                           :
                                                           :   Chapter 11
                                                           :
In re                                                      :
                                                           :   Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1]                           :
                                                           :   Jointly Administered
                        Debtors.                           :
                                                           :   RE: D.I. _____
                                                           :
-----------------------------------------------------------X
```

**ORDER UNDER 11 U.S.C. § 102(1) SHORTENING NOTICE RELATING TO
CERTAIN ELEMENTS OF DEBTORS' MOTION FOR ORDERS
(I)(A) AUTHORIZING DEBTORS' ENTRY INTO THE STALKING HORSE
ASSET SALE AGREEMENT, (B) AUTHORIZING AND APPROVING THE
BIDDING PROCEDURES AND BID PROTECTIONS, (C) APPROVING THE
NOTICE PROCEDURES AND THE ASSUMPTION AND ASSIGNMENT
PROCEDURES, (D) AUTHORIZING THE FILING OF CERTAIN DOCUMENTS
UNDER SEAL AND (E) SETTING A DATE FOR THE SALE HEARING, AND
(II) AUTHORIZING AND APPROVING (A) THE SALE OF CERTAIN ASSETS
OF DEBTORS' METRO ETHERNET NETWORKS BUSINESS FREE AND CLEAR
OF ALL LIENS, CLAIMS AND ENCUMBRANCES AND (B) THE
ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS**

Upon the motion dated October 7, 2009 (the "Motion")[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to section 102(1) of the Bankruptcy Code, Bankruptcy Rule 9006 and Local Rule 9006-1(e), shortening the notice period related to the Debtors' Motion for Orders, (I)(A) Authorizing Debtors' Entry into

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

the Stalking Horse Asset Sale Agreement (the "Stalking Horse Agreement"), (B) Authorizing and Approving the Bidding Procedures and Bid Protections, (C) Approving the Notice Procedures and the Assumption and Assignment Procedures, (D) Authorizing the Filing of Certain Documents Under Seal, and (E) Setting a Date for the Sale Hearing, and (II) Authorizing and Approving (A) the Sale of Certain Assets of Debtors' Metro Ethernet Networks Business (the "MEN Business") Free and Clear of All Liens, Claims and Encumbrances and (B) the Assumption and Assignment of Certain Executory Contracts (the "Sale Motion"); and (ii) granting them such other and further relief as the Court deems just and proper; and adequate notice of this Motion and the Sale Motion having been given; and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C.§§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C.§ 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having determined that "cause" exists to shorten the notice period related to the Sale Motion; and after due deliberation and sufficient cause appearing therefore;

    IT IS HEREBY ORDERED THAT:

    1.    Certain relief related to those portions of the Sale Motion, (i)(a) authorizing the Debtors to enter into the Stalking Horse Agreement and take such other steps as are necessary to consummate the Sale, (b) authorizing and approving the Bidding Procedures and Bid Protections, (c) approving the Notice Procedures and the Assumption and Assignment Procedures, (d) authorizing the Debtors to file certain documents under seal and (e) setting the time, date, and

place of the Sale Hearing to be a joint hearing with the Canadian Court scheduled for **October 15, 2009 at 2:00 p.m**. (Eastern Time).

2. Objections, if any, to the relief to be sought at the Bidding Procedures Hearing shall be filed and served upon the Objection Notice Parties (as defined in the Sale Motion) in accordance with the General Objection Procedures (as defined in the Sale Motion) and the Local Rules of this Court by no later than **October 14, 2009 at 4:00 p.m.** (Eastern Time).

3. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
       Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE