**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
: **RE: D.I. _____**
:
---------------------------------------------------------------X

**ORDER AUTHORIZING PAYMENT OF PREPETITION
TERMINATION BENEFITS TO CERTAIN ADDITIONAL FOREIGN EMPLOYEES**

Upon the motion dated October 8, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors, in their sole discretion, to pay prepetition termination benefits to certain additional foreign employees; and granting them such other and further relief as the Court deems just and proper; and upon consideration of the Declarations of Sally El Shalakany and Mehdi Ben Slama in support of the Motion, filed concurrently with the Motion; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.
[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized to honor and pay, in their sole discretion, the prepetition Foreign Termination Expenses related to the planned terminations in the Cairo and Tunis Offices, both Near-Term and Long-Term, described in the Motion up to a total of $1.2 million.

3. Nothing contained herein is intended or should be construed as: (i) an admission as to the validity of any claim against the Debtors; (ii) an admission that any claims that might arise upon the termination of the employment of an employee, including without limitation claims relating to severance, notice pay and repatriation expenses, are entitled to payment as an administrative expense; (iii) a waiver of the Debtors' rights to dispute any claim on any grounds or assert any counterclaims or affirmative defenses; (iv) a promise to pay any claim; (v) an implication or admission that any particular claim would constitute Foreign Termination Expenses; or (vi) a request to assume any executory contract or unexpired lease, pursuant to section 365 of the Bankruptcy Code.

4. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

5. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
       Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE