IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| **NORTEL NETWORKS, INC.**, *et al.*, | ) | Case No. 09-10138-KG |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Hearing Date: October 15, 2009 at 2:00 p.m. |
| | ) | Objection Deadline: October 12, 2009 at 4:00 p.m. |
| | ) | Related to D.I. No. 1587 |

**PRELIMINARY OBJECTION OF ANIXTER INC. TO DEBTORS' MOTION FOR ORDER AUTHORIZING AND APPROVING THE BIDDING PROCEDURES APPLICABLE TO THE PROPOSED SALE OF THE DEBTORS' GSM/GSM-R BUSINESS**

Anixter Inc. ("Anixter") hereby submits this Preliminary Objection to the Debtors' Motion for Order Authorizing and Approving the Bidding Procedures Applicable to the Proposed Sale of the Debtors' GSM/GSM-R Business (the "Procedures Motion"). In support of this Objection,[1] Anixter respectfully states as follows:

1. Anixter is a leading global supplier of communications and security products, electrical and electronic wire and cable, fasteners, and other small components. Anixter is a major supplier to the Debtors. Anixter manages a large component of the Debtors' supply chain requirements pursuant to at least one executory contract entered into in 2007 and amended thereafter from time to time. This supply-chain relationship involves more than just Nortel's GSM/GSM-R Business ("GSM/GSM-R Portfolio"). Indeed, under this supply-chain relationship, Anixter sells to other Nortel divisions and business groups, including but not

---

[1] This Objection is intended solely to address the Procedures Motion. Anixter expressly reserves any and all rights with respect to all other matters with respect to the Debtors' sale and or transfer of their assets pursuant to Sections 363 and 365 of the Bankruptcy Code.

{D0164182.1 }

limited to: Optical, Passport, Next Generation Serving Packet Core Network Components Wireline, and Enterprise Solutions business.

2. Anixter's business relationship with Nortel is complex. The business relationship requires an extensive amount of coordination and cooperation between Anixter and Nortel in several respects in order to allow Nortel's business to operate smoothly and effectively and ensure continuity of Nortel's supply chain. Anixter has continued to actively support Nortel throughout its insolvency proceedings in the United States, Canada and other jurisdictions.

3. Anixter remains supportive of Nortel's restructuring efforts in general. Anixter, however, has several issues with the structure of the proposed sale and the manner in which Anixter's contractual rights and claims may be affected by the proposed sale.

**The Sale Motion Provides Insufficient Information Regarding the Sale of the Assets**

4. As an initial matter, the Procedures Motion does not provide a clear picture of which assets with respect to the Debtors' GSM/GSM-R Portfolio business and services are proposed to be sold to a purchaser. For example, the Procedures Motion requires that the "Qualified Bidder will assume the Seller's obligations under the executory contracts and unexpired leases proposed to be assigned pursuant to the Purchase Agreements" (Procedures Motion, 18(c)(vii)) yet the Procedures Motion does not provide for any broader explanation or identification of such executoy contracts.

5. Consequently, Anixter is unable to ascertain the extent to which the Debtors intend to include any Anixter contract in the proposed transaction, the extent to which its rights may be directly affected (including rights of setoff and recoupment that relate to any GSM/GSM-R Portfolio contracts, or the grounds on which it might have significant objections to the sale as a whole), as opposed to objections relating only to the assumption, assignment and cure of the GSM/GSM-R Portfolio contract(s) in particular.

6.     Furthermore, it is difficult for Anixter to identify all potential issues in connection with the proposed sale of the GSM/GSM-R Portfolio due to the fact that the Debtors have not provided a template transaction agreement and exhibits relating to same.  Anixter's issue relates primarily to the treatment of its executory contracts with Nortel and the failure to cure existing defaults and provide adequate assurance of future performance pursuant to Section 365 of the Bankruptcy Code and applicable Canadian law in connection with any proposed assignment of Nortel's rights under such contracts to the Purchaser.

7.     Anixter therefore reserves all rights to object to the terms of the Sale and any related or ancillary agreement thereto.

**Notice Procedures for Assumption and Assignment of Executory Contracts are Insufficient as Applied to Anixter**

8.     As set forth in the Procedures Motion, Nortel proposes to file a separate motion (without stating when they will file such a motion) seeking approval for assumptions and assignments to be heard at the Sale Hearing.  Procedures Motion, ¶ 21.

9.     Without providing a date in which Nortel will file a motion for approval of assumption and assignment of executory contracts, Nortel appears to be providing an extraordinarily short notice period for Anixter to properly and meaningfully respond, given the complexity and scope of Anixter's relationship with Nortel.  Anixter's business with Nortel as it relates to the GSM/GSM-R Portfolio is complex and the individual transactions involved are likely numerous, resulting in a multiple of that in terms of pieces of paper to produce.  Thus, it would be highly impractical, if not impossible, for Anixter to object in a timely fashion under the Procedures Motion.

10.    For these reasons alone, the Debtors must be required to provide any notices of contract assumption and assignment to Anixter sufficiently *in advance* of the Sale Hearing to

evaluate the implications of the proposed transaction on its various rights and interests, and to file any objections that it may deem necessary. Such motion must also, as to Anixter, include proposed interim cure amounts and transaction level detail supporting the proposed amounts.

11. Accordingly, Anixter objects to the Procedures Motion and respectfully requests that the Debtors be required to provide notices of the proposed assumption and assignment of any GSM/GSM-R Portfolio contracts with Anixter sufficiently *in advance* of the Sale Hearing to permit Anixter to assess the potential impact of the proposed transaction on its various rights and interests, and to file any objections, including objections to the sale as a whole, that it may deem necessary. In order to provide minimally sufficient notice in this regard, Anixter submits that the Debtor must be required to serve any notices of the proposed assumption and assignment of any of the GSM/GSM-R Portfolio contracts on Anixter either (a) at least ten (10) days prior to the deadline for objections to the Debtors' motion for approval of the proposed sale, or (b) at least ten (10) days prior to the Sale Hearing, provided that Anixter can file any objection to the proposed sale on the day before the Sale Hearing.

WHEREFORE, Anixter respectfully requests that the Court

(a) sustain this Objection;

(b) grant the Procedures Motion only on the express condition that the Debtors be required to serve any notices of the proposed assumption and assignment of any of their GSM/GSM-R Portfolio contracts with Anixter either (i) at least ten (10) days prior to the deadline for objections to the Debtors' motion for approval of the proposed sale, or (ii) at least ten (10) days prior to the Sale Hearing, provided that Anixter can file any objection to the proposed sale on the day before the Sale Hearing;

-5-

(c) require such notice of the proposed assumption and assignment to Anixter include proposed interim cure amounts and transaction level detail supporting the proposed amounts; and

(d) afford Anixter such other and further relief as this Court may deem just and proper.

Dated: October 12, 2009    **ANIXTER INC.**

By:   /s/ Ayesha S. Chacko

Marla R. Eskin (#2989)
Ayesha Chacko (#4994)
800 N. King St., Suite 300
Wilmington, DE  19899
(302) 426-1900 (phone)
(302) 426-9947 (fax)
meskin@camlev.com
achacko@camlev.com

-*and*-

Jon C. Vigano (Illinois #6257850)
Patricia J. Fokuo (Illinois #6277431)
SCHIFF HARDIN LLP
233 S. Wacker Dr.
Chicago, IL  60606-6473
(312) 258-5500 (phone)
(312) 258-5700 (fax)
jvigano@schiffhardin.com
pfokuo@schiffhardin.com

***Counsel for Anixter Inc.***

CH2\7971979.1