**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------X
: 
*In re*  : Chapter 11
: 
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
: 
                     Debtors. : Jointly Administered
: 
: Objections due: November 2, 2009 at 4 p.m.
: 
------------------------------------------------------------X

**EIGHTH INTERIM APPLICATION OF CLEARY GOTTLIEB STEEN & HAMILTON
LLP, AS ATTORNEYS FOR DEBTORS AND DEBTORS-IN-POSSESSION,
FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM
REIMBURSEMENT OF ALL ACTUAL AND NECESSARY
<u>EXPENSES INCURRED FOR THE PERIOD AUGUST 1, 2009 THROUGH AUGUST 31, 2009</u>**

| | |
|---|---|
| Name of Applicant: | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| Authorized to provide professional services to: | Debtors |
| Date of retention: | February 4, 2009 <u>nunc pro tunc</u> to January 14, 2009 |
| Period for which compensation and reimbursement is sought: | August 1, 2009 through August 31, 2009 |
| Amount of compensation sought as actual, reasonable and necessary: | $ 3,500,255.50 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $ 144,692.17 |

This is an  <u> x </u> interim <u>    </u> final application

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

1

The total time expended for fee application preparation is approximately 95.3 hours and the corresponding compensation requested is approximately $37,600.[2]

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
| --- | --- | --- | --- |
| 3/13/2009 | 1/14/2009 through 1/31/2009 | $1,332,922.00 / $40,486.21 | $1,332,922.00 / $40,486.21 |
| 4/24/2009 | 2/1/2009 through 2/28/2009 | $2,401,013.00 / $85,992.41 | $2,401,013.00 / $85,992.41 |
| 6/8/2009 | 3/1/2009 through 3/31/2009 | $2,576,907.00 / $72,828.04 | $2,576,907.00 / $72,828.04 |
| 6/26/2009 | 4/1/2009 through 4/30/2009 | $3,623,969.00 / $120,840.61 | $3,623,969.00 / $120,840.61 |
| 8/12/2009 | 5/1/2009 through 5/31/2009 | $4,189,301.00 / $149,375.78 | $4,189,301.00 / $149,375.78 |
| 8/28/2009 | 6/1/2009 through 6/30/2009 | $6,719,870.00 / $260,256.78 | $6,719,870.00 / $260,256.78 |
| 9/2/2009 | 7/1/2009 through 7/31/2009 | $6,401,447.00 / $105,860.59 | $6,401,447.00 / $105,860.59 |

---

[2] Allowance for compensation for such time is not requested in this application but will be sought in a subsequent fee application.

**COMPENSATION BY PROFESSIONAL**

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

August 1, 2009 through August 31, 2009[3]

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| SANJEET MALIK | Associate | $605 | 206.50 | $124,932.50 |
| ELISABETH M. POLIZZI | Associate | 430 | 197.30 | 84,839.00 |
| VIOLETTA BOURT | Associate | 400 | 194.10 | 77,640.00 |
| DANIEL ILAN | Associate | 605 | 188.70 | 114,163.50 |
| JAMES L. BROMLEY | Partner – Bankruptcy, Litigation | 940 | 170.90 | 160,646.00 |
| JEREMY LACKS | Associate | 430 | 157.30 | 67,639.00 |
| JANE KIM | Associate | 605 | 154.10 | 93,230.50 |
| EBUNOLUWA TAIWO | Associate | 430 | 143.10 | 61,533.00 |
| SANDRINE A. COUSQUER | Associate | 605 | 140.30 | 84,881.50 |
| ALEXANDER BENARD | Associate | 430 | 139.20 | 59,856.00 |
| ITALIA ALMEIDA | Paralegal | 235 | 135.10 | 31,748.50 |
| MEGAN FLEMING-DELACRUZ | Associate | 495 | 127.40 | 63,063.00 |
| SALVATORE F. BIANCA | Associate | 605 | 121.80 | 73,689.00 |
| PAUL S. HAYES | Associate | 605 | 120.40 | 72,842.00 |
| LOUIS LIPNER | Associate | 430 | 115.90 | 49,837.00 |
| MARGARET E. SHEER | Associate | 495 | 113.90 | 56,380.50 |
| LISA M. SCHWEITZER | Partner – Bankruptcy, Litigation | 870 | 109.90 | 95,613.00 |
| CRAIG B. BROD | Partner – Corporate | 980 | 107.90 | 105,742.00 |
| NORA SALVATORE | Associate | 545 | 107.30 | 58,478.50 |
| LEAH LAPORTE | Associate | 430 | 98.80 | 42,484.00 |
| NESLIHAN GAUCHIER | Associate | 430 | 94.50 | 40,635.00 |
| MARK W. NELSON | Partner – Antitrust, M&A | 930 | 93.20 | 86,676.00 |
| HEATHER M. JOHNSON | Associate | 580 | 83.30 | 48,314.00 |
| DANIEL S. STERNBERG | Partner - M&A, Corporate | 980 | 83.00 | 81,340.00 |
| CARISSA L. ALDEN | Associate | 430 | 81.40 | 35,002.00 |
| KEVIN C. JONES | Associate | 545 | 79.60 | 43,382.00 |
| CARSTEN FIEGE | Associate | 605 | 79.20 | 47,916.00 |
| SCOTT LARSON | Associate | 580 | 75.90 | 44,022.00 |
| PETER O'KEEFE | Paralegal | 235 | 75.80 | 17,813.00 |
| FABRICE BAUMGARTNER | Partner – Corporate | 980 | 68.40 | 67,032.00 |
| KATHERINE WEAVER | Associate | 430 | 66.80 | 28,724.00 |
| DAVID LEINWAND | Partner – M&A, Corporate | 940 | 65.80 | 61,852.00 |
| ALEXANDRA KALITA | Paralegal | 210 | 61.10 | 12,831.00 |

---

[3] Arranged in descending order according to Total Billed Hours.

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| IAN QUA | Paralegal | 210 | 61.10 | 12,831.00 |
| JOSHUA KALISH | Associate | 430 | 57.50 | 24,725.00 |
| JOHN OLSON | Associate | 495 | 57.30 | 28,363.50 |
| JAMES R. MODRALL | Partner – M&A, International Competition | 980 | 55.90 | 54,782.00 |
| MARIO MENDOLARO | Associate | 545 | 55.60 | 30,302.00 |
| PRIYA H. PATEL | Associate | 545 | 55.60 | 30,302.00 |
| EMILY LIU | Associate | 430 | 53.40 | 22,962.00 |
| MATTHEW I. BACHRACK | Senior Attorney – Antitrust | 665 | 53.20 | 35,378.00 |
| JOHN MCGILL | Senior Attorney – M&A, Corporate | 690 | 53.10 | 36,639.00 |
| SANG JIN HAN | Partner – M&A, Corporate | 870 | 52.40 | 45,588.00 |
| PATRICK MARETTE | Associate | 605 | 52.40 | 31,702.00 |
| ERIC LAUT | Associate | 570 | 51.10 | 29,127.00 |
| PATRICIA PAK | Paralegal | 235 | 49.00 | 11,515.00 |
| AMY MIKOLAJCZYK | Associate | 495 | 47.60 | 23,562.00 |
| NEIL WHORISKEY | Partner – M&A, Corporate | 940 | 45.70 | 42,958.00 |
| DANIEL P. RILEY | Associate | 430 | 45.30 | 19,479.00 |
| AARON J. MEYERS | Associate | 430 | 43.60 | 18,748.00 |
| RICARDO BERNARD | Associate | 495 | 42.40 | 20,988.00 |
| ANTHONY RANDAZZO | Associate | 430 | 41.90 | 18,017.00 |
| COREY M. GOODMAN | Associate | 495 | 40.40 | 19,998.00 |
| SANDRA FLOW | Partner – Corporate | 910 | 39.70 | 36,127.00 |
| JOHN W. KONSTANT | Associate | 605 | 39.50 | 23,897.50 |
| DONALD A. STERN | Partner – M&A, Corporate | 980 | 39.00 | 38,220.00 |
| GABRIELA LOPEZ | Paralegal | 235 | 38.80 | 9,118.00 |
| ROBIN BAIK | Associate | 495 | 38.70 | 19,156.50 |
| EVAN SCHWARTZ | Associate | 605 | 37.10 | 22,445.50 |
| STEPHANIE CANNULI | Paralegal | 235 | 35.00 | 8,225.00 |
| ALEXANDRA CAMBOURIS | Associate | 430 | 34.70 | 14,921.00 |
| SHANNON DELAHAYE | Associate | 430 | 34.70 | 14,921.00 |
| ALETHEA GROSS | Paralegal | 210 | 33.90 | 7,119.00 |
| MAN LI | Associate | 495 | 32.30 | 15,988.50 |
| DAVID I. GOTTLIEB | Partner – M&A, Corporate | 910 | 32.20 | 29,302.00 |
| MARY E. ALCOCK | Counsel – Employee Benefits | 800 | 32.20 | 25,760.00 |
| LINDA THONG | Associate | 430 | 29.90 | 12,857.00 |
| CASEY DAVISON | Associate | 430 | 26.80 | 11,524.00 |
| DEANNA DENNIS | Associate | 580 | 26.20 | 15,196.00 |
| SOPHIE VAN BESIEN | Associate | 325 | 26.00 | 8,450.00 |
| FLORA FABY | Associate | 580 | 25.90 | 15,022.00 |
| ROBERT J. RAYMOND | Partner – Employee Benefits | 910 | 25.60 | 23,296.00 |
| DENISE NICHOLSON | Paralegal | 275 | 25.30 | 6,957.50 |
| ZACHARY KOLKIN | Associate | 430 | 24.60 | 10,578.00 |
| TIMOTHY J. MONACO | Paralegal | 275 | 24.50 | 6,737.50 |
| W. RICHARD BIDSTRUP | Counsel – Environmental, M&A | 800 | 24.30 | 19,440.00 |

4

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| ALEXANDRA DEEGE | Associate | 560 | 23.60 | 13,216.00 |
| GEOFFROY RENARD | Associate | 590 | 23.40 | 13,806.00 |
| COLIN D. LLOYD | Associate | 495 | 22.60 | 11,187.00 |
| CATHARINE SLACK | Associate | 495 | 22.40 | 11,088.00 |
| JAIME PHILLIP | Associate | 605 | 22.00 | 13,310.00 |
| MEGAN GRANDINETTI | Associate | 430 | 21.60 | 9,288.00 |
| NATHALIE SCHWARTZ | Associate | 430 | 21.20 | 9,116.00 |
| KATHLEEN M. EMBERGER | Counsel – Employee Benefits | 690 | 20.40 | 14,076.00 |
| JORDAN SOLOMON | Associate | 545 | 19.10 | 10,409.50 |
| GEROLAMO DA PASSANO | Associate | 605 | 18.50 | 11,192.50 |
| LEI WANG | Associate | 495 | 17.90 | 8,860.50 |
| PAUL D. MARQUARDT | Partner – Corporate, Regulatory | 910 | 17.80 | 16,198.00 |
| LEONARD C. JACOBY | Partner – Intellectual Property | 910 | 17.20 | 15,652.00 |
| JOSHUA PANAS | Associate | 605 | 17.20 | 10,406.00 |
| EMMANUEL RONCO | Associate | 600 | 16.80 | 10,080.00 |
| LAURENT ALPERT | Partner – M&A, Corporate | 980 | 16.70 | 16,366.00 |
| SOO-YEUN LIM | Associate | 430 | 16.20 | 6,966.00 |
| SU CHEUNG | Assistant Managing Clerk | 140 | 15.60 | 2,184.00 |
| ESTHER FARKAS | Associate | 580 | 12.50 | 7,250.00 |
| KIMBERLY BROWN BLACKLOW | Partner – Real Estate | 910 | 12.40 | 11,284.00 |
| ELIZABETH MANDELL | Associate | 605 | 12.30 | 7,441.50 |
| AMY M. SHEPARD | Paralegal | 235 | 12.30 | 2,890.50 |
| WILLIAM MCRAE | Partner – Tax | 870 | 11.30 | 9,831.00 |
| MAURITS STEINEBACH | Summer Law Clerk | 290 | 10.50 | 3,045.00 |
| ANDREW SELLNAU | Paralegal | 235 | 10.30 | 2,420.50 |
| LAURANNE FAVRE | Paralegal | 260 | 9.80 | 2,548.00 |
| KATHERINE F. SCHULTE | Associate | 495 | 9.70 | 4,801.50 |
| AARON GINGRANDE | Paralegal | 235 | 8.00 | 1,880.00 |
| JONATHAN REINSTEIN | Paralegal | 235 | 8.00 | 1,880.00 |
| LUIZ E. KRIEGER | Associate | 580 | 7.60 | 4,408.00 |
| JEAN-MARIE AMBROSI | Partner – M&A, Corporate | 980 | 7.20 | 7,056.00 |
| VICTOR I. LEWKOW | Partner – M&A, Corporate | 980 | 7.20 | 7,056.00 |
| ANDREW W. WEAVER | Associate | 605 | 7.10 | 4,295.50 |
| AUDE DUPUIS | Associate | 590 | 6.90 | 4,071.00 |
| JEAN-CHARLES BENOIS | Associate | 590 | 6.50 | 3,835.00 |
| AMELIE CHAMPSAUR | Associate | 620 | 6.30 | 3,906.00 |
| LILLIAN RABEN | Associate | 605 | 6.30 | 3,811.50 |
| WANDA OLSON | Partner – Corporate | 980 | 6.00 | 5,880.00 |
| DAVID RUSH | Associate | 605 | 6.00 | 3,630.00 |
| JESUS BELTRAN | Associate | 605 | 5.90 | 3,569.50 |
| GINA REBOLLAR | Associate | 545 | 5.90 | 3,215.50 |
| EDWARD B. NEWTON | Summer Law Clerk | 290 | 5.00 | 1,450.00 |
| GILLES ENTRAYGUES | Partner -– Tax | 980 | 4.40 | 4,312.00 |

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| STEVEN WILNER | Partner – Real Estate | 960 | 4.40 | 4,224.00 |
| RUSSELL JONES | Associate | 605 | 3.60 | 2,178.00 |
| THOMAS L. HALL | Associate | 495 | 3.10 | 1,534.50 |
| KIMBERLY A. LYNCH | Assistant Managing Clerk | 175 | 3.00 | 525.00 |
| JULIET A. DRAKE | Associate | 605 | 2.80 | 1,694.00 |
| VICTOR CHIU | Associate | 605 | 2.70 | 1,633.50 |
| KENNETH N. EBIE | Associate | 545 | 2.60 | 1,417.00 |
| DANA G. FLEISCHMAN | Partner – Corporate | 870 | 2.30 | 2,001.00 |
| ROBERT J. RYAN | Summer Law Clerk | 290 | 2.30 | 667.00 |
| JASON FACTOR | Partner – Tax | 870 | 2.10 | 1,827.00 |
| JESSICA SCHRECKENGOST | Summer Law Clerk | 290 | 2.10 | 609.00 |
| JEAN-MICHEL TRON | Partner –– Tax | 980 | 2.00 | 1,960.00 |
| CATHERINE SKULAN | Associate | 545 | 2.00 | 1,090.00 |
| ALEXANDER WU | Summer Law Clerk | 290 | 2.00 | 580.00 |
| JAIME EL KOURY | Partner – Corporate | 980 | 1.80 | 1,764.00 |
| ROBERT MANZANARES | Associate | 430 | 1.60 | 688.00 |
| CAROL WHATLEY | Assistant Managing Clerk | 140 | 1.50 | 210.00 |
| CHRISTOPHER THOMPSON | Assistant Managing Clerk | 140 | 1.50 | 210.00 |
| ARTHUR KOHN | Partner – Employee Benefits | 980 | 1.40 | 1,372.00 |
| ELLEN M. CREEDE | Counsel – Corporate | 800 | 1.30 | 1,040.00 |
| ADAM SHAJNFELD | Associate | 495 | 1.30 | 643.50 |
| XUEMEI LU | Associate | 545 | 1.20 | 654.00 |
| CUNZHEN HUANG | Associate | 470 | 1.20 | 564.00 |
| AMBER J. THIEL | Summer Law Clerk | 290 | 1.10 | 319.00 |
| GERALD MCCARTHY | Paralegal | 275 | 1.00 | 275.00 |
| YANGYANG LI | Paralegal | 250 | 1.00 | 250.00 |
| CHRISTINE SIEW | Paralegal | 215 | 1.00 | 215.00 |
| ANA CRISTINA JARAMILLO | International Lawyer | 325 | 0.90 | 292.50 |
| STEPHANIE SUN HINDERKS | Associate | 605 | 0.70 | 423.50 |
| CHARLES GAZZOLA | Assistant Managing Clerk | 140 | 0.70 | 98.00 |
| SHARMIN TAKIN | Associate | 570 | 0.60 | 342.00 |
| JAMES A. DUNCAN | Partner – Tax | 980 | 0.50 | 490.00 |
| OLIVIER ATTIAS | Associate | 510 | 0.50 | 255.00 |
| NATALIE JONES | Paralegal | 235 | 0.50 | 117.50 |
| PETER PSIACHOS | Associate | 580 | 0.40 | 232.00 |
| PENELOPE L. CHRISTOPHOROU | Counsel – Corporate, Secured Transactions | 800 | 0.30 | 240.00 |
| MIRNA ZWITTER-TEHOVNIK | Associate | 605 | 0.30 | 181.50 |
| ALYSON CLABAUGH | Paralegal | 235 | 0.30 | 70.50 |
| A. RICHARD SUSKO | Partner – Employee Benefits | 980 | 0.20 | 196.00 |
| **Total Hours** | | | **6,214.70** | |
| **GRAND TOTAL:** | | | | **$3,500,255.50** |
| **BLENDED RATE:** | | **$563** | | |

# COMPENSATION BY PROJECT CATEGORY[4]

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

August 1, 2009 through August 31, 2009

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| Asset Dispositions | 620.10 | $ 368,487.00 |
| Case Administration | 928.40 | 509,823.00 |
| Claims Administration and Objections | 119.90 | 67,949.50 |
| Debtor in Possession Financing | 7.30 | 6,726.00 |
| Creditors Committee Matters | 10.90 | 5,689.00 |
| M&A Advice | 2,448.70 | 1,484,265.00 |
| Employee Matters | 251.00 | 144,175.50 |
| Customer Issues | 196.80 | 68,964.00 |
| Supplier Issues | 119.70 | 64,821.50 |
| Tax | 89.70 | 51,444.50 |
| Intellectual Property | 371.70 | 205,891.00 |
| Regulatory | 186.30 | 129,244.00 |
| Chapter 15 | 0.70 | 301.00 |
| Canadian Coordination | 12.00 | 5,424.00 |
| Fee and Employment Applications | 429.60 | 161,470.50 |
| Litigation | 38.30 | 20,724.00 |
| Real Estate | 383.60 | 204,856.00 |
| **TOTAL** | **6,214.70** | **$ 3,500,255.50** |

---

[4] Note: This Application includes certain fees incurred during a period related to a previously submitted fee application but not entered into the Cleary Gottlieb accounting system until the period covered by this Application.

# EXPENSE SUMMARY[5]

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

August 1, 2009 through August 31, 2009

| Expense Category | | Total Expenses |
|---|---|---:|
| Telephone | | $ 10,307.15 |
| Travel – Transportation | | 28,414.28 |
| Travel – Lodging | | 4,609.77 |
| Travel – Meals | | 847.90 |
| Mailing and Shipping Charges | | 1,287.37 |
| Scanning Charges (at $0.10/page) | | 60.60 |
| Duplicating Charges (at $0.10/page) | | 4,704.60 |
| Color Duplicating Charges (at $0.65/page) | | 4,063.15 |
| Facsimile Charges (at $1.00/page) | | 129.00 |
| Legal Research | Lexis | 10,347.70 |
| | Westlaw | 6,350.32 |
| Filing Fees | | 600.00 |
| Late Work – Meals | | 6,119.40 |
| Late Work – Transportation | | 18,553.62 |
| Conference Meals | | 44,093.10 |
| Other (see Exhibit B for detail) | | 4,204.21 |
| **Grand Total Expenses** | | **$ 144,692.17** |

---

[5] Note: This Application includes certain expenses incurred during a period related to a previously submitted fee application but not entered into the Cleary Gottlieb accounting system until the period covered by this Application.

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------X
:
*In re*                                                     :    Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                          :    Case No. 09-10138 (KG)
:
               Debtors.   :    Jointly Administered
:
:    **Objections due:  November 2, 2009 at 4 p.m.**
:
------------------------------------------------------------X

**EIGHTH INTERIM APPLICATION OF CLEARY GOTTLIEB STEEN & HAMILTON LLP, AS ATTORNEYS FOR DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD AUGUST 1, 2009 THROUGH AUGUST 31, 2009**

      Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb"), counsel for Nortel Networks Inc. and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), submits this application (the "Application") for interim allowance of compensation for professional services rendered by Cleary Gottlieb to the Debtors for the period August 1, 2009 through August 31, 2009 (the "Application Period") and reimbursement of actual and necessary expenses incurred by Cleary Gottlieb during the Application Period under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the United States

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines"), and the Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members [D.I. 293] (the "Interim Compensation Procedures Order").  In support of this Application, Cleary Gottlieb represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

## BACKGROUND

**A.    Introduction**

3. On January 14, 2009 (the "Petition Date"), the Debtors other than NN CALA (as defined below) filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates

(collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings").  The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.  Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.  On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA.  On February 27, 2009, this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.  In addition, at 8 p.m. (London time) on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[3] into administration under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators").  On May 28, 2009, at the request of the Administrators, the Commercial Court of Versailles, France (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA will continue to operate as a going concern until November 28, 2009.  In accordance with the European Union's Council Regulation (EC) No 1346/2000 on Insolvency Proceedings, the English law proceedings (the "English Proceedings") remain the main proceedings in respect of NNSA.  On June 8, 2009, Nortel Networks UK

---

[2]   The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[3]   The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

3

Limited ("NNUK") filed petitions in this Court for recognition of the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On June 26, 2009, the Court entered an order recognizing the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

6. On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

7. On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142]. An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

8. On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc. ("NN CALA" and a Debtor with NNI and its affiliates), an affiliate of NNI, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On July 17, the Court entered orders approving the joint administration and consolidation of NN CALA's chapter 11 case with the other Debtors' chapter 11 cases for procedural proposes [D.I. 1098], and applying to NN CALA certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1099].

**B.    Debtors' Corporate Structure and Business**

9. A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3] (the "First Day Declaration").

## CLEARY GOTTLIEB'S RETENTION

10. Prior to the Petition Date, the Debtors engaged Cleary Gottlieb as counsel in connection with potential bankruptcy filings by the Debtors. On February 4, 2009, this Court entered the Order Authorizing the Retention and Employment of Cleary Gottlieb Steen & Hamilton LLP as Counsel for the Debtors <u>nunc</u> <u>pro</u> <u>tunc</u> to the Petition Date [D.I. 221].

## FEE PROCEDURES ORDER

11. On February 4, 2009, the Court entered the Interim Compensation Procedures Order [D.I. 222], which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.[4]

12. In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each calendar month. Provided that there are no objections to such Monthly Fee Application filed within twenty (20) days after the service of a Monthly Fee Application, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application. If a partial objection to the Monthly Fee Application is filed, then the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

13. On June 26, 2009, Cleary Gottlieb filed its First Interim Fee Application Request of Cleary Gottlieb Steen & Hamilton LLP, As Attorneys For Debtors And Debtors-In-Possession, For The Period January 14, 2009 Through April 30, 2009 [D.I. 978] (the "<u>First Quarterly Application</u>"). On July 17, 2009, this Court entered an Omnibus Order Allowing Certain Professionals Interim Compensation

---

[4] Capitalized terms used but not defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

for Services Rendered and Reimbursement of Expenses [D.I. 1103], approving the First Quarterly Application.  On September 2, 2009, Cleary Gottlieb filed its Second Quarterly Fee Application Request of Cleary Gottlieb Steen & Hamilton LLP, As Attorneys For Debtors And Debtors-In-Possession, For the Period May 1, 2009 Through July 31, 2009 [D.I. 1421] (the "Second Quarterly Application").  On September 30, 2009, this Court entered an Omnibus Order Allowing Certain Professionals Interim Compensation for Services Rendered and Reimbursement of Expenses [D.I. 1582], approving the Second Quarterly Application.

  14. During the Application Period, Cleary Gottlieb provided extensive services to the Debtors.  During such period, with the aid of Cleary Gottlieb and Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols"), the Debtors were successful in obtaining certain relief including, without limitation: (a) approval of procedures for filing proofs of claim against the Debtors and establishing a general bar date; (b) authorization to enter into a stalking-horse asset and share sale agreement with respect to the Debtors' Enterprise Solutions Business (the "Enterprise Sale"); (c) authorization and approval of bidding procedures with respect to the Enterprise Sale; (d) authorization to enter into a new lease with respect to the premises occupied by the Debtors in Santa Clara, California; (c) authorization to take actions necessary to effectuate a trusteeship agreement with the Pension Benefit Guarantee Corporation concerning the termination of NNI's defined benefit pension plan; (d) approval of Rule 9019 settlements between the Debtors and certain parties; and (e) approval of the assumption of certain executory contracts.  Cleary Gottlieb and Morris Nichols also began work during the Application Period that led to the Debtors successfully obtaining additional relief in early September, including, without limitation: (a) approval of the sale of the Debtors' Enterprise Solutions Business to Avaya Inc. as the successful bidder at auction; (b) an extension of the period during which the Debtors have the exclusive right to file a plan or plans of reorganization and the period during which the Debtors have the exclusive right to solicit acceptances of a plan or plans of reorganization; and (c) authorization to pay termination

6

expenses to certain employees in foreign offices. Additionally, during the Application Period the Debtors prepared the Schedules of Assets and Liabilities and Statement of Financial Affairs for NN CALA that were filed in September.

15. Cleary Gottlieb also continued to assist the Debtors in effectively addressing many of the matters which arise during the early stages of a chapter 11 case involving vendors, suppliers, customers, employees and governmental agencies. Many of these issues were more complex due to the international nature of the Debtors' operations. Cleary Gottlieb also responded to numerous inquiries by vendors, suppliers, creditors and other interested parties. In addition, Cleary Gottlieb engaged in numerous discussions with representatives of the Committee and the Bondholder Group, and assisted the Debtors in preparing for and engaging in discussions with the same. Cleary Gottlieb also assisted the Debtors with numerous other matters, including regulatory and other work relating to the Debtors' reporting obligations, including those established by the Code.

16. Cleary Gottlieb and Morris Nichols also assisted the Debtors in seeking authority to retain the professionals utilized by the Debtors during these cases as well as in the ordinary course of their businesses, and coordinating the information flow to and among these professionals, and has endeavored to ensure that such professionals comply with the Local Rules and the U.S. Trustee Guidelines.

17. Included in this Application are certain fees and expenses incurred during a period related to an application previously submitted, but which were not entered into the Cleary Gottlieb accounting system until the period covered by this Application.

## RELIEF REQUESTED

18. Cleary Gottlieb submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered as bankruptcy counsel for the Debtors in these cases for the period from August 1, 2009 through August 31, 2009 (and previous

periods, as discussed above), and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Debtors during that same period (and previous periods, as discussed above).

19. During the period covered by this Application (and previous periods, as discussed above), Cleary Gottlieb accrued fees in the amount of $3,500,255.50. For the same period (and previous periods, as discussed above), Cleary Gottlieb incurred actual, reasonable and necessary expenses totaling $144,692.17. With respect to these amounts, as of the date of this Application, Cleary Gottlieb has received no payments.

20. Set forth on the foregoing "Compensation by Project Category" is a summary by subject matter categories of the time expended by timekeepers billing time to these cases.

21. Exhibit A attached hereto contains logs, sorted by case project category, which show the time recorded by professionals, paralegals and other support staff and descriptions of the services provided.

22. Exhibit B attached hereto contains a breakdown of disbursements incurred by Cleary Gottlieb during the Application Period.

23. Cleary Gottlieb charges $0.10 per page for photocopying.

24. Cleary Gottlieb charges $1.00 per page for outgoing domestic facsimiles and does not charge for incoming facsimiles.

25. In accordance with Local Rule 2016-2, Cleary Gottlieb has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

26. Cleary Gottlieb has endeavored to represent the Debtors in the most expeditious and economical manner possible. Tasks have been assigned to attorneys, paralegals, and other support staff at Cleary Gottlieb so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter. Moreover, Cleary Gottlieb has endeavored to coordinate with Morris

Nichols and the other professionals involved in these cases so as to minimize any duplication of effort and to minimize attorneys' fees and expenses to the Debtors.  We believe we have been successful in this regard.

27. No agreement or understanding exists between Cleary Gottlieb and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

28. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his or her information, knowledge and belief that this Application complies with that Rule.

**WHEREFORE**, Cleary Gottlieb respectfully requests that this Court:  (a) allow Cleary Gottlieb (i) interim compensation in the amount of $3,500,255.50 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period August 1, 2009 through August 31, 2009 (and previous periods, as discussed above), and (ii) interim reimbursement in the amount of $144,692.17 for actual, reasonable and necessary expenses incurred during the same period (and previous periods, as discussed above); (b) authorize and direct the Debtors to pay to Cleary Gottlieb the amount of $2,944,896.57, which is equal to the sum of 80% of Cleary Gottlieb's allowed interim compensation and 100% of Cleary Gottlieb's allowed expense reimbursement; and (c) grant such other and further relief as the Court deems just and proper.

Dated: October 12, 2009
      Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

_____
James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel for the Debtors and Debtors in Possession*