IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
                                              :    **Chapter 11**
In re                                         :
                                              :    **Case No. 09-10138 (KG)**
NORTEL NETWORKS INC., *et al.*,               :
                                              :    **(Jointly Administered)**
                    Debtors.                  :    Hearing Date: October 15, 2009 at 2:00 p.m. (ET)
                                              :    Objection Deadline: October 14, 2009 at 4:00 p.m. (ET)
---------------------------------------------------------x    Related to Docket No. 1627

### LIMITED OBJECTION AND RESERVATION OF RIGHTS OF FLEXTRONICS CORPORATION AND FLEXTRONICS TELECOM SYSTEMS LTD TO DEBTORS' MOTION FOR ORDERS (I)(A) AUTHORIZING DEBTORS' ENTRY INTO THE STALKING HORSE ASSET SALE AGREEMENT, (B) AUTHORIZING AND APPROVING THE BIDDING PROCEDURES AND BID PROTECTIONS, (C) APPROVING THE NOTICE PROCEDURES AND THE ASSUMPTION AND ASSIGNMENT PROCEDURES, (D) AUTHORIZING THE FILING OF CERTAIN DOCUMENTS UNDER SEAL AND (E) SETTING A DATE FOR THE SALE HEARING, AND (II) AUTHORIZING AND APPROVING (A) THE SALE OF CERTAIN ASSETS OF DEBTORS' METRO ETHERNET NETWORKS BUSINESS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES AND (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS

Flextronics Corporation and Flextronics Telecom Systems Ltd, on behalf of themselves and certain of their affiliates (collectively, "Flextronics"), by and through their undersigned counsel, hereby file this limited objection and reservation of rights (the "Objection") with respect to the Debtors' Motion for Orders (I)(A) Authorizing Debtors' Entry Into the Stalking Horse Asset Sale Agreement, (B) Authorizing and Approving the Bidding Procedures and Bid Protections, (C) Approving the Notice Procedures and the Assumption and Assignment Procedures, (D) Authorizing the Filing of Certain Documents Under Seal and (E) Setting a Date for the Sale Hearing, and (II) Authorizing and Approving (A) the Sale of Certain Assets of Debtors' Metro Ethernet Networks Business Free and Clear of All Liens, Claims and Encumbrances and (B) the Assumption and Assignment of Certain Executory Contracts, dated October 7, 2009 [Docket No. 1627] (the "Sale Motion"), and respectfully represent as follows:

6560924v1

**Limited Objection and Reservation of Rights**

Flextronics is an Electronics Manufacturing Services (EMS) provider, helping customers design, build, ship, and service electronics products through a network of facilities in 30 countries on four continents. As Nortel has previously stated to this Court, Flextronics is by far Nortel's largest supplier, and is responsible for approximately 70% of Nortel's hardware products. See Debtors' Motion Pursuant to 11 U.S.C. § 105(a) and § 363 for an Order (A) Approving the Settlement Documents By and Among (I) Nortel Networks Limited, (II) Flextronics Telecom Systems Ltd. and (III) Flextronics Corporation and (B) Granting Related Relief, dated May 22, 2009 [Docket No. 783], ¶ 12.

Flextronics' business relationship with Nortel is complex. The relationship is primarily governed by two separate master contract manufacturing and service agreements (MCMSAs), and certain other subagreements incorporated by reference into an MCMSA, including certain virtual systems house agreements (VSHAs), among other agreements. The business relationship requires an extensive amount of coordination and cooperation between Flextronics and Nortel in several respects in order to allow Nortel's business to operate smoothly and effectively and ensure continuity of Nortel's supply chain. Flextronics has supported Nortel throughout its insolvency proceedings in the US, Canada and other jurisdictions.

As has been the case throughout these proceedings, Flextronics remains supportive of Nortel's ongoing restructuring efforts. Again, however, as was the case with Nortel's sale of its CDMA/LTE and Enterprise assets, Flextronics has identified certain potential issues with respect to the proposed treatment of its executory contracts.

As this Court may remember, in the previous sale of Nortel's CDMA/LTE assets, Flextronics' agreements were explicitly proposed to be subject to a "back-to-back" arrangement,

whereby Nortel would pass through its rights and remedies under Flextronics' agreements with Nortel to the proposed purchaser purportedly without an assignment of Flextronics' agreements. (In other words, Nortel would stand as a middleman between Flextronics and the ultimate purchaser, without assigning, modifying or terminating the Flextronics agreements.) Flextronics objected to this arrangement, which objection was resolved upon the Purchaser's agreement to partially cure defaults under Flextronics' agreement in exchange for Flextronics' consent to the "back to back" arrangement for an interim period pending negotiation of a direct agreement between Flextronics and the Purchaser.

Here, Nortel again proposes a presumably similar "back to back" arrangement in accordance with a certain Flextronics Back-to-Back Supply Agreement Term Sheet (a copy of which is to be attached to the proposed Asset Sale Agreement as Exhibit Z but which has not been filed with the Bankruptcy Court or shared with Flextronics to date), but only "if required". See Sale Motion at 17.

The Sale Motion also fails to describe how the proposed procedures are designed to address, if at all, Flextronics' adequate protection concerns raised in its prior objections with respect to transfer of Nortel-owned equipment in Flextronics' possession.

Flextronics anticipates working closely with Nortel in the coming weeks in an attempt to resolve its issues with respect to the Sale Motion, but in the meantime, Flextronics files this Objection to preserve its rights.

**WHEREFORE**, Flextronics respectfully requests that the Court include in the proposed Bidding Procedures Order provisions stating as follows:

> (i) The Debtors shall provide to Flextronics copies of any documents reasonably requested by Flextronics in connection with Flextronics' potential objections to the Motion, including any relevant exhibits or schedules to the Stalking Horse Agreement, and shall reasonably

cooperate with Flextronics to resolve any such potential objections consensually.

(ii) The Debtors shall provide to Flextronics no later than October 23, 2009 a list of all equipment owned by Nortel in Flextronics' possession which is contemplated to be sold pursuant to the Sale, and shall thereafter reasonably cooperate with Flextronics in identifying any errors or omissions in such list and to compile an agreed list (the "Agreed Equipment List") no later than October 30, 2009. In any event, notwithstanding the General Objection Deadline, Flextronics' deadline to file any requests for adequate protection or similar demands in connection with the transfer of such equipment to the Purchaser shall be not less than five (5) business days following completion of the Agreed Equipment List.

and grant such other and further relief as the Court deems just and proper.

Dated: October 14, 2009

Steven J. Reisman, Esq.
Turner P. Smith, Esq.
James V. Drew, Esq.
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178-0061
Telephone: 212-696-6000
Facsimile: 212-697-1559

*Counsel to Flextronics Corporation and Flextronics Telecom Systems Ltd*

-and-

ASHBY & GEDDES, P.A.

_____
William P. Bowden (I.D. #2553)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: 302-654-1888
Facsimile: 302-654-2067

*Delaware Counsel to Flextronics Corporation and Flextronics Telecom Systems Ltd*