**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| **NORTEL NETWORKS, INC.,** *et al.*, | ) | Case No. 09-10138-KG |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Hearing Date: October 15, 2009 @ 2:00 p.m. |
| | ) | Related to D.I. No. 1627 |

**OBJECTION AND RESERVATION OF RIGHTS OF ANIXTER INC. TO DEBTORS' MOTION FOR ORDERS (I) (A) AUTHORIZING DEBTORS' ENTRY INTO THE STALKING HORSE ASSET SALE AGREEMENT, (B) AUTHORIZING AND APPROVING THE BIDDING PROCEDURES AND BID PROTECTIONS, (C) APPROVING THE NOTICE PROCEDURES AND THE ASSUMPTION AND ASSIGNMENT PROCEDURES, (D) AUTHORIZING THE FILING OF CERTAIN DOCUMENTS UNDER SEAL AND (E) SETTING A DATE FOR THE SALE HEARING, AND (II) AUTHORIZING AND APPROVING (A) THE SALE OF CERTAIN ASSETS OF DEBTORS' METRO ETHERNET NETWORKS BUSINESS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES AND (B) THE ASSUMPTION AND <u>ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS</u>**

Anixter Inc. ("Anixter") hereby submits this Preliminary Objection to the Debtors' Motion For Orders (I) (A) Authorizing Debtors' Entry Into The Stalking Horse Asset Sale Agreement, (B) Authorizing And Approving The Bidding Procedures And Bid Protections, (C) Approving The Notice Procedures And The Assumption And Assignment Procedures, (D) Authorizing The Filing Of Certain Documents Under Seal And (E) Setting A Date For The Sale Hearing, And (Ii) Authorizing And Approving (A) The Sale Of Certain Assets Of Debtors' Metro Ethernet Networks Business Free And Clear Of All Liens, Claims And Encumbrances And (B) The Assumption And Assignment Of Certain Executory Contracts (the "Procedures Motion"). In support of this Objection,[1] Anixter respectfully states as follows:

---

[1] This Objection is intended solely to address the Procedures Motion. Anixter expressly reserves any and all rights with respect to all other matters with respect to the Debtors' sale and or transfer of their assets pursuant to Sections 363 and 365 of the Bankruptcy Code.

{D0164422.1 }

1.      Anixter is a leading global supplier of communications and security products, electrical and electronic wire and cable, fasteners, and other small components.  Anixter is a major supplier to the Debtors.  Anixter manages a large component of the Debtors' supply chain requirements pursuant to at least one executory contract entered into in 2007 and amended thereafter from time to time.  This supply-chain relationship involves more than just Nortel's Metro Ethernet Networks Business ("Metro Ethernet Portfolio").  Indeed, under this supply-chain relationship, Anixter sells to other Nortel divisions and business groups, including but not limited to: Optical, Passport, Next Generation Serving Packet Core Network Components, Wireline, and Enterprise Solutions business.

2.      Anixter's business relationship with Nortel is complex.  The business relationship requires an extensive amount of coordination and cooperation between Anixter and Nortel in several respects in order to allow Nortel's business to operate smoothly and effectively and ensure continuity of Nortel's supply chain.  Anixter has continued to actively support Nortel throughout its insolvency proceedings in the United States, Canada and other jurisdictions.

3.      Anixter remains supportive of Nortel's restructuring efforts in general.  Anixter, however, has several issues with the structure of the proposed sale and the manner in which Anixter's contractual rights and claims may be affected by the proposed sale.

**The Procedures Motion Provides Insufficient Information Regarding the Sale of the Assets**

4.      As an initial matter, the Procedures Motion does not provide a clear picture of which assets with respect to the Debtors' Metro Ethernet Portfolio business and services are proposed to be sold to a purchaser.  For example, the Procedures Motion requires that "[t]he Sellers agree to assign certain Seller Contracts, including supplier and customer contracts to the Stalking Horse Purchaser" (Procedures Motion, ¶ 24) yet the Procedures Motion does not provide for any broader explanation or identification of such executoy contracts other than to

state that the Designated Contracts will be provided "[o]n or before the date that is three days before the Auction...." (Procedures Motion, ¶ 39).

5.      Consequently, Anixter is unable to ascertain the extent to which the Debtors intend to include any Anixter contract in the proposed transaction, the extent to which its rights may be directly affected (including rights of setoff and recoupment that relate to any Metro Ethernet Portfolio contracts, or the grounds on which it might have significant objections to the sale as a whole), as opposed to objections relating only to the assumption, assignment and cure of the Metro Ethernet Portfolio contract(s) in particular.

6.      Furthermore, it is difficult for Anixter to identify all potential issues in connection with the proposed sale of the Metro Ethernet Portfolio due to the fact that the Debtors have not provided a list of the contracts it intends to assume and assign. Anixter's issue relates primarily to the treatment of its executory contracts with Nortel and the failure to cure existing defaults and provide adequate assurance of future performance pursuant to Section 365 of the Bankruptcy Code and applicable Canadian law in connection with any proposed assignment of Nortel's rights under such contracts to the Purchaser.

7.      Anixter therefore reserves all rights to object to the terms of the Sale and any related or ancillary agreement thereto.

**Notice Procedures for Assumption and Assignment of Executory Contracts are Insufficient as Applied to Anixter**

8.      As set forth in the Procedures Motion, Nortel proposes to provide the list of those Designated Contracts that it elects to have assumed and assigned 3 days before the Auction. (Procedures Motion, ¶ 39).

9.      This is an extraordinarily short notice period for Anixter to properly and meaningfully respond, given the complexity and scope of Anixter's relationship with Nortel.

Anixter's business with Nortel as it relates to the Metro Ethernet Portfolio is complex and the individual transactions involved are likely numerous, resulting in a multiple of that in terms of pieces of paper to produce. Thus, it would be highly impractical, if not impossible, for Anixter to object in a timely fashion under the Procedures Motion.

10.    For these reasons alone, the Debtors must be required to provide any notices of contract assumption and assignment to Anixter sufficiently *in advance* of the Auction to evaluate the implications of the proposed transaction on its various rights and interests, and to file any objections that it may deem necessary. Such motion must also, as to Anixter, include proposed interim cure amounts and transaction level detail supporting the proposed amounts.

11.    Accordingly, Anixter objects to the Procedures Motion and respectfully requests that the Debtors be required to provide notices of the proposed assumption and assignment of any Metro Ethernet Portfolio contracts with Anixter sufficiently *in advance* of the Auction to permit Anixter to assess the potential impact of the proposed transaction on its various rights and interests, and to file any objections, including objections to the sale as a whole, that it may deem necessary. In order to provide minimally sufficient notice in this regard, Anixter submits that the Debtor must be required to serve any notices of the proposed assumption and assignment of any of the Metro Ethernet Portfolio contracts on Anixter at least ten (10) days prior to the Auction.

**The Procedures Motion Impermissibly Allows the Stalking Horse to Remove Any Contract from the List of Assumed and Assigned Contracts At Any Time Prior to January 15, 2010**

12.    Not only does the Procedures Motion not provide enough notice for Anixter regarding assumption and assignment of contracts, but it also impermissibly allows the Stalking Horse, once it already decide to assume a contract, to then *remove* such contract anytime prior to January 15, 2009 (Procedures Motion, ¶39). Once a contract is on the List of Assumed and

Assigned Contract, and the entity has received notice of such assumption and assignment, the Stalking Horse should not be allowed to remove that contract.

### **The Procedures Motion Requires Anixter to Waive Its Right to Object to Adequate Assurance of Future Performance**

13. Paragraph 46 of the Procedures Motion states that any party "will be deemed to have received adequate assurance of future performance as required by section 365 of the Bankruptcy Code if the Debtors, after payment of any Cure Amounts, would no longer have any payment or delivery obligations under the relevant Assumed and Assigned Contract. (Procedures Motion, ¶ 46). In other words, the Procedures Motion does not allow Anixter the right to object to adequate assurance of future performance if the cure amount is paid in full. This automatic waiver is in contradiction to § 365 of the Bankruptcy Code. Section 365 specifically requires, upon assumption and assignment of a contract that the trustee 1) cure the default *and* 2) provide adequate assurance of future performance. 11 U.S.C. § 365 (b)(1)(A), (C). Accordingly, the payment of the full cure amount does not waive the parties right to object to adequate assurance of future performance. Anixter, therefore, respectfully requests that it be allowed to reserve the right to object to adequate assurance of future performance.

WHEREFORE, Anixter respectfully requests that the Court

(a) sustain this Objection;

(b) grant the Procedures Motion only on the express condition that the Debtors be required to serve any notices of the proposed assumption and assignment of any of their Metro Ethernet Portfolio contracts with Anixter at least ten (10) days prior to the Auction;

(c) require such notice of the proposed assumption and assignment to Anixter be individualized and include proposed interim cure amounts and transaction level detail supporting the proposed amounts;

(d) prohibit the Stalking Horse from removing any contract from the List of Assumed and Assigned Contract;

(e) allow Anixter the right to object to adequate assurance of future performance even if Anixter's cure amount is paid in full; and

(f) afford Anixter such other and further relief as this Court may deem just and proper.

Dated: October 14, 2009                              **ANIXTER INC.**

                                          By:    /s/ Ayesha S. Chacko

                                                 Marla R. Eskin (#2989)
                                                 Ayesha Chacko (#4994)
                                                 800 N. King St., Suite 300
                                                 Wilmington, DE  19899
                                                 (302) 426-1900 (phone)
                                                 (302) 426-9947 (fax)
                                                 meskin@camlev.com
                                                 achacko@camlev.com

                                                 *-and-*

                                                 Jon C. Vigano (Illinois #6257850)
                                                 Patricia J. Fokuo (Illinois #6277431)
                                                 SCHIFF HARDIN LLP
                                                 233 S. Wacker Dr., Suite 6600
                                                 Chicago, IL  60606-6473
                                                 (312) 258-5500 (phone)
                                                 (312) 258-5700 (fax)
                                                 jvigano@schiffhardin.com
                                                 pfokuo@schiffhardin.com

                                                 ***Counsel for Anixter Inc.***

CH2\7980142.1