IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
: RE: D.I. 1587
:
------------------------------------------------------------X

## ORDER AUTHORIZING AND APPROVING (I) BIDDING PROCEDURES, (II) NOTICE PROCEDURES, AND (III) SETTING A DATE FOR SALE HEARING, FOR THE SALE OF CERTAIN ASSETS OF DEBTORS' GSM/GSM-R BUSINESS

Upon the motion (the "Motion")[2] of Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors-in-possession in the above-captioned cases (the "Debtors") for entry of orders under Bankruptcy Code sections 105 and 363, Bankruptcy Rules 2002, 6004 and 9014 and Local Rule 6004-1 (i)(a) authorizing and approving the bidding procedures (as appended to the Bidding Procedures Order (as defined below), the "Bidding Procedures") for the sale of all or substantially all of the assets of the GSM/GSM-R Business of Nortel (collectively, the "Purchased Assets"), (b) approving the form and manner of sale notices (the "Notice Procedures"), and (c) setting the time, date and place of a hearing (the "Sale Hearing") to consider the sale of certain assets of the Debtors' GSM/GSM-R Business (respectively, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

"Assets" and the "Sale Transaction"), (ii) authorizing and approving the sale of certain assets of the Debtors' GSM/GSM-R Business, and (iii) granting them such other relief as the Court deems just and proper; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

FOUND AND DETERMINED THAT:[3]

1. The court has jurisdiction over the Motion pursuant to 28 U.S.C. § 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of these cases and the Motion in this district is proper under 28 U.S.C. § 1408 and 1409.

3. Good and sufficient notice of the relief granted by this Order has been given and no further notice is required. A reasonable opportunity to object or be heard regarding the relief granted by this Order (including, without limitation, with respect to the proposed Bidding Procedures) has been afforded to those parties entitled to notice pursuant to Local Rule 2002-1(b).

4. The Debtors' proposed Notice Procedures, as set forth in the Motion, are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the proposed Bidding Procedures, the Auction and the Sale Hearing, and no other or further notice is required.

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See. Fed. R. Bankr. P. 7052.

5. The Bidding Procedures, substantially in the form attached hereto as <u>Exhibit 1</u>, are fair, reasonable, and appropriate and are designed to maximize recovery with respect to the sale of the Purchased Assets.

6. The entry of this Order is in the best interests of the Debtors and their estates, creditors, and interest holders and all other parties in interest herein; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT:**

1. Those portions of the Motion seeking approval of the Bidding Procedures, the Notice Procedures and setting the time, date and place for the Sale Hearing are GRANTED.

2. Except as expressly provided herein, nothing herein shall be construed as a determination of the rights of any party in interest in these chapter 11 cases.

### The Bidding Procedures

3. The Bidding Procedures attached hereto as <u>Exhibit 1</u> are hereby APPROVED. Subject to the approval of the Bidding Procedures by the Ontario Superior Court of Justice in the Canadian Proceedings regarding the Canadian Debtors, the Debtors are hereby authorized to conduct a sale of their rights, title and interests to the Purchased Assets pursuant to the Bidding Procedures and the terms of this Order.

4. The Bidding Procedures shall apply to the Qualified Bidders and the conduct of the sale of the Purchased Assets.

### Notice Procedures

5. The notices, in substantially the same form as annexed to the Motion as <u>Exhibits D</u> and <u>E</u>, are sufficient to provide effective notice to all interested parties of the Bidding Procedures, the Auction and the Sale Hearing, pursuant to Bankruptcy Rules 2002(a)(2) and 6004, and are hereby approved.

6. The Debtors propose to give notice, immediately after the entry of the Bidding Procedures Order (or as soon thereafter as reasonably practicable), of the Bidding Procedures, the time and place of the Auction, the time and place of the Sale Hearing, and the objection deadline for the Sale Hearing by sending a notice (the "Sale Notice"), substantially in the form attached to the Motion as Exhibit D, to (i) the U.S. Trustee, (ii) counsel to the Committee, (iii) counsel to the Bondholder Group, (iv) all entities known to have a claim, lien, interest or encumbrance against the Assets, (v) the Monitor, (vi) the Administrators, (vii) the Internal Revenue Service and applicable federal and state taxing authorities, (viii) the Department of Justice, (ix) the Pension Benefit Guaranty Corporation and all regulatory authorities of the North American Debtors' pension plans in Canada and the United Kingdom, (x) each of the entities that had received an invitation from the North American Debtors to acquire or had expressed an interest in acquiring the Assets, and (xi) the general service list established in these chapter 11 cases pursuant to Bankruptcy Rule 2002. The Debtors also shall publish notice substantially in the form attached as Exhibit E to the Motion in The Wall Street Journal (National Edition), The Globe & Mail (National Edition), and The Financial Times (International Edition) within five (5) days of entry of this Bidding Procedures Order and the Canadian Bidding Procedures Order.

## Objection Procedures

7. Any party that seeks to object to the relief requested in the Motion pertaining to approval of the Sale shall file a formal objection, which shall state the legal and factual basis of such objection and may be orally supplemented at the hearing on the Motion.

8. Any and all objections as contemplated by this Order must be: (a) in writing; (b) signed by counsel or attested to by the objecting party; (c) in conformity with the Bankruptcy Rules and the Local Rules; (d) filed with the Bankruptcy Court; and (e) be served in accordance

with the Local Rules so as to be received on or before the appropriate deadline as set forth below.

9.      All objections to the Motion or the relief requested therein (and all reservations of rights included therein), as it pertains to the entry of this Order, are overruled to the extent they have not been withdrawn, waived or otherwise resolved.

### Additional Relief

10.     The Court hereby schedules a Sale Hearing to be held on **November 19, 2009 at 1:00 p.m. (ET)** before the Honorable Kevin Gross, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801, to consider the issuance and entry of an order, *inter alia*, approving the sale of the Debtors' rights, title and interests in and to the Purchased Assets free and clear of all interests, liens and claims to the extent permitted by applicable law, including without limitation section 105(a) and 363 of the Bankruptcy Code. **November 12, 2009 at 4:00 p.m. (ET)** is hereby set as the objection deadline for objections to the Motion (other than the Bidding Procedures and Notice Procedures which are hereby approved). The Debtors shall file a separate motion to assume and assign any contracts pursuant to section 365 of the Bankruptcy Code or to approve procedures to assume and assign any contracts pursuant to section 365 of the Bankruptcy Code. To the extent that such motion is filed 20 days prior to the date of the Sale Hearing, such motion shall be heard at the Sale Hearing. In all other cases, such motion shall be heard separately and after the date of the Sale Hearing.

11.     The Debtors shall file a Notice of Successful Bidder and any purchase agreement among the Debtors and the Successful Bidder within one (1) day of the conclusion of the Auction. The Notice shall be served on (i) the U.S. Trustee, (ii) the counsel to the Monitor, (iii)

the counsel to the Committee, (iv) the counsel to the Bondholder Group, and (v) the general service list established in these chapter 11 cases pursuant to Bankruptcy Rule 2002.

12. In the event there is a conflict between this Order and the Motion or the Agreement, this Order shall control and govern.

13. Nothing in this Order or the Motion shall be deemed to or constitute the assumption or assignment of an executory contract or unexpired lease.

14. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation or interpretation of this Order.

15. This Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rules 6004 or 6006 or any other provision of the Bankruptcy Code or Bankruptcy Rules is expressly lifted. The Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

Dated: October 15, 2009
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE