**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | Chapter 11 |
| In re: | ) | Case No. 09-10138 (KG) |
| | ) | |
| Nortel Networks, Inc., et al.,[1] | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | **Objections Due: November 5, 2009 at 4:00 p.m. (ET)** |

**THIRD CONSOLIDATED INTERIM APPLICATION OF ERNST & YOUNG LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AS INDIRECT TAX SERVICE ADVISOR TO THE DEBTORS AND DEBTORS-IN-POSSESSION FOR PERIOD OF AUGUST 1, 2009 THROUGH SEPTEMBER 30, 2009**

| | |
|---|---|
| Name of Applicant: | Ernst & Young LLP |
| Authorized to Provide Professional Services to: | The above-captioned debtors and debtors-in-possession |
| Date of Retention: | February 5, 2009, *nunc pro tunc* to January 14, 2009 |
| Period for which compensation and reimbursement are sought: | August 1, 2009 through September 30, 2009 |
| Amount of Compensation sought as actual, reasonable, and necessary: | $26,301.00 |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $0.00 |

This is a(n): _X_ monthly __ interim ____ final application

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Prior Applications Filed:

| Fee Application Filing Date | Period Covered By Application | Total Fees Requested | Total Expenses Requested | Total Approved |
|---|---|---|---|---|
| 6/26/09 | 1/14/09 – 4/30/09 | $285,000.00 | $0 | $285,000.00 |
| 9/3/09 | 5/1/09 – 7/31/09 | $39,739.00 | $0 | $39,739.00 |
| **TOTAL** | | **$324,739.00** | **$0** | **$324,739.00** |

**COMPENSATION BY PROJECT CATEGORY**
**AUGUST 1, 2009 THROUGH SEPTEMBER 30, 2009**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Compliance Outsourcing | Fixed Fee | $26,301.00 |
| **TOTAL** | | **$26,301.00** |

Dated: October 16, 2009.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-10138 (KG) |
| | ) | |
| Nortel Networks, Inc., et al.,[1] | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | **Objections Due: November 5, 2009 at 4:00 p.m. (ET)** |

**THIRD CONSOLIDATED INTERIM APPLICATION OF ERNST & YOUNG, LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AS INDIRECT TAX SERVICE ADVISOR TO THE DEBTORS AND DEBTORS-IN-POSSESSION FOR THE PERIOD FROM AUGUST 1, 2009 THROUGH SEPTEMBER 30, 2009**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Order Authorizing The Debtors to Retain and Employ Professionals Used In the Ordinary Course of Business *Nunc Pro Tunc* to the Petition Date dated February 5, 2009 [Docket No. 236] (the "OCP Order"), and the Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and Fed. R. Bankr. P. 2016-2 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members [Docket No. 222] (the "Compensation Order"), Ernst & Young, LLP ("E&Y LLP") hereby files this Third Consolidated Interim Application for Allowance of Compensation for Services Rendered as Indirect Tax Service Advisor to the Debtors and

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Debtors-in-Possession for the Period from August 1, 2009 through September 30, 2009 (the "Application"). By this Application, E&Y LLP seeks allowance pursuant to the Compensation Order of payments from the above-captioned debtors and debtors-in-possession (the "Debtors") of $26,301.00 in compensation for the period August 1, 2009 through and including September 30, 2009 (the "Compensation Period"). In support of this Application, E&Y LLP respectfully represents as follows:

**Background**

1. On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. E&Y LLP is employed as an ordinary course professional by the Debtors pursuant to the OCP Order. The OCP Order authorized the Debtors to compensate ordinary course professionals in the ordinary course of business, but stated that fee applications would be required for any "Tier Two" ordinary course professional, like E&Y LLP, charging more than $50,000 in a given month or $350,000 in a calendar year.

3. The Debtors have retained E&Y LLP to perform indirect tax services, consisting of sales and use tax compliance, sales and use tax audit assistance, sales and use tax consulting, and refund and credit services (the "OCP Engagement") pursuant to E&Y LLP's engagement agreement with the Debtors (the "Engagement Agreement").

4. E&Y LLP's fees to date have exceeded the annual cap, and therefore, in accordance with the OCP Order, E&Y LLP hereby seeks approval of its fees in compliance with the Compensation Order.

**Compensation Paid and Its Source**

5. All services for which compensation is requested by E&Y LLP were

performed for or on behalf of the Debtors.

6. E&Y LLP has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between E&Y LLP and any other person other than the directors of E&Y LLP for the sharing of compensation to be received for services rendered in these cases.

**Fee Statements**

7. Because E&Y is an ordinary course professional, and its request for the payment of fees is based largely upon a fixed fee arrangement of $13,333 per month, E&Y's fees are not based upon hourly billing. Therefore, no schedule of compensation by each professional person (which otherwise lists an hourly billing rate and number of hours) is included.

8. To the best of E&Y LLP's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Compensation Order.

**Summary of Services Rendered**

9. The directors and associates of E&Y LLP who have rendered professional services in these cases are as follows:

DETR_1314580.1

| NAME | TITLE |
|---|---|
| John Carpenter | Senior Manager |
| Lillian Tonnu | Senior Accountant |
| Amy Ly | Staff Accountant |
| Prakash Sangeetha | Assistant, Client Service |

10. E&Y LLP, by and through the above-named persons, has advised the Debtors on a regular basis with respect to various matters in connection with these cases, and has performed all necessary professional services which are described below.

**Summary of Services By Project**

11. The services rendered by E&Y LLP during the Compensation Period can be grouped into the categories set forth below. These categories are generally described below.

Compliance Outsourcing

Fees: $26,301.00; Total Hours: Fixed Fee

This category includes the preparation and filing of all state and local sales and use tax returns and the preparation of reports and reconciliations to assist the Debtors with the proper accounting of payments and tax credits. E&Y LLP billed the Debtors a flat monthly fee for this work pursuant to the terms of the Engagement Agreement.

**Valuation of Services**

12. The professionals and staff members of E&Y LLP have expended a total of approximately 300 hours in connection with this matter during the Compensation Period, as follows:

| PROFESSIONALS | HOURLY RATE | HOURS |
|---|---|---|
| Compliance Outsourcing | Flat monthly fee | Approx. 300.0 |

The hourly and flat rates identified above are E&Y LLP's normal rates for work of this character. The reasonable value of the services rendered by E&Y LLP during the Compensation Period is $26,301.00.

13. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by E&Y LLP is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, E&Y LLP has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, E&Y LLP respectfully requests that the Court authorize that for the period August 1, 2009 through September 30, 2009, an allowance be made to E&Y LLP pursuant to the terms of the Compensation Order, with respect to the sum of $21,040.80 as compensation for necessary professional services rendered (80% of $26,301.00) and that such sum be authorized for payment and for such other and further relief as this Court may deem just and proper.

Dated: October 15, 2009
Raleigh, North Carolina

Respectfully submitted,

James E. Scott
*Partner, Ernst &Young LLP*

DETR_1314580 1

**VERIFICATION**

STATE OF NORTH CAROLINA )
) SS:
COUNTY OF WAKE )

James E. Scott, after being duly sworn according to law, deposes and says:

a) I am a Partner with the applicant firm, Ernst & Young LLP.

b) I am familiar with the work performed on behalf of the Debtors by the professionals and staff members at Ernst & Young LLP.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. L.R. 2016-2, and submit that the Application substantially complies with such order.

James E. Scott
Partner, Ernst & Young LLP

SWORN AND SUBSCRIBED before me
this 15 day of October, 2009.

Notary Public
My Commission Expires: 12-27-09

GLORIA FRANKS
NOTARY PUBLIC
WAKE COUNTY, NC