## IN THE UNITED STATES BANKRUPTCY COUT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X
                      :

*In re*                          :         Chapter 11

                      :

Nortel Networks Inc., *et al.,*[1]       :         Case No. 09-10138 (KG)

                      :

                Debtors.    :         Jointly Administered

                      :

-----------------------------------------------------------X  **Objections Due: November 9, 2009 at 4:00 p.m. (ET)**

## EIGHTH INTERIM APPLICATION OF HURON CONSULTING GROUP AS ACCOUNTING AND RESTRUCTURING CONSULTANTS TO DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD SEPTEMBER 1, 2009 THROUGH SEPTEMBER 30, 2009

| | |
|---|---|
| Name of Application: | HURON CONSULTING GROUP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | March 19, 2009 <u>nunc</u> <u>pro</u> <u>tunc</u> to February 2, 2009 |
| Period for which Compensation and Reimbursement is sought: | September 1, 2009 through September 30, 2009 |
| Amount of compensation sought as actual, reasonable and necessary: | $248,730.31 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $19,407.71 |

---

1    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (NNCI) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

This is an _x_ interim            ___ final application

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| March 23, 2009 | February 2, 2009 through February 28, 2009 | $293,042.49/$33,988.96 | $293,042.49/$33,988.96 |
| April 24, 2009 | March 1, 2009 through March 31, 2009 | $449,220.43/$52,443.76 | $449,220.43/$52,443.76 |
| May 22, 2009 | April 1, 2009 through April 30, 2009 | $452,138.01/48,998.03 | $452,138.01/48,998.03 |
| June 16, 2009 | May 1, 2009 through May 31, 2009 | $355,641.99/38,751.09 | $355,641.99/38,751.09 |
| July 22, 2009 | June 1, 2009 through June 30, 2009 | $112,613.17/$20,836.02 | $112,613.17/$20,836.02 |
| August 19, 2009 | July 1, 2009 through July 31, 2009 | $124,599.82/$16,025.43 | $124,599.82/$16,025.43 |
| September 22, 2009 | August 1, 2009 through August 31, 2009 | $180,254.49/$31,996.44 | $144,203.59/$31,996.44 |

## COMPENSATION BY PROFESSIONAL

Nortel Networks Inc. *et al.*
(Case No. 09-10138 (KG))

September 1, 2009 through September 30, 2009

| Professional | Title | Hours | | Rate | | | Total |
|---|---|---|---|---|---|---|---|
| James Lukenda | Managing Director | 55.35 | hrs | $ | 710 | / hr | $39,298.50 |
| Lee Sweigart | Director | 125.00 | hrs | $ | 540 | / hr | $67,500.00 |
| Matthew J. Fisher | Director | 88.60 | hrs | $ | 540 | / hr | $47,844.00 |
| Theresa Steinkamp | Manager | 3.10 | hrs | $ | 455 | / hr | $1,410.50 |
| Matthew Lawrence | Associate | 2.00 | hrs | $ | 335 | / hr | $670.00 |
| Coley P. Brown | Associate | 161.50 | hrs | $ | 335 | / hr | $54,102.50 |
| Philip Grodin | Associate | 1.00 | hrs | $ | 335 | / hr | $335.00 |
| Joseph McKenna | Analyst | 153.30 | hrs | $ | 245 | / hr | $37,558.50 |
| Michael Scannella | Analyst | 132.90 | hrs | $ | 245 | / hr | $32,560.50 |
| Clarissa Tuttle | Analyst | 2.50 | hrs | $ | 50 | / hr | $125.00 |
| **Total** | | **725.25** | | | | | **$281,404.50** |

Reduction for Travel Time Charges (50%)                                    ($5,037.50)
Agreed Accommodation on Monthly Invoice (10%)                              ($27,636.69)

**Net Fees:**                                                              **$248,730.31**

Blended Hourly Rate:        $            342.96

## COMPENSATION BY PROJECT CATEGORY

Nortel Networks Inc. *et al.*
(Case No. 09-10138 (KG))

September 1, 2009 through September 30, 2009

| Task Code | Description | Hours | Fees |
|:---:|:---|:---:|---:|
| 1 | Meeting / teleconference with Debtor Management, Board, or Counsel | 90.50 | $47,699.00 |
| 4 | Court Hearings / Preparation | 13.70 | $7,517.00 |
| 5 | Case Reporting: UST Reports, Statements & Schedules | 229.95 | $88,598.00 |
| 6 | Retention and Fee Applications | 35.40 | $11,706.50 |
| 15 | Avoidance Actions / Reclamation Analysis | 230.80 | $88,145.50 |
| 16 | Unsecured Claim Analysis | 90.70 | $27,166.50 |
| 25 | Case Administration | 0.70 | $497.00 |
| 26 | Travel Time | 33.50 | $10,075.00 |
| | **Totals** | **725.25** | **$281,404.50** |

| | | |
|:---|---:|---:|
| Reduction for Travel Time Charges (50%) | | ($5,037.50) |
| Agreed Accommodation on Monthly Invoice (10%) | | ($27,636.69) |
| **Total Net Fees Due** | | **$248,730.31** |

**EXPENSE SUMMARY**

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

September 1, 2009 through September 30, 2009

| Cost Type | Amount |
|---|---|
| Airfare | $6,996.04 |
| Ground Transportation | $915.50 |
| Hotel/Lodging | $4,907.26 |
| Meals | $1,579.93 |
| Mileage | $371.25 |
| Parking & Tolls | $616.70 |
| Postage and Freight | $18.64 |
| Rental Car | $653.45 |
| GST (5%) | $3,348.94 |
| **Total Expenses** | **$19,407.71** |

**IN THE UNITED STATES BANKRUPTCY COUT**
**FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------------X
                                                           :
*In re*                                                    :        Chapter 11
                                                           :
Nortel Networks Inc., *et al.*,[1]                         :        Case No. 09-10138 (KG)
                                                           :
                                  Debtors.                 :        Jointly Administered
                                                           :
-----------------------------------------------------------X  Objections Due: November 9, 2009 at 4:00 p.m. (ET)

**EIGHTH INTERIM APPLICATION OF HURON CONSULTING GROUP**
**AS ACCOUNTING AND RESTRUCTURING CONSULTANT TO DEBTORS AND**
**DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND**
**FOR INTERIM REIMBURSENT OF ALL ACTUAL AND NECESSARY EXPENSES**
**INCURRED FOR THE PERIOD SEPTEMBER 1, 2009 THROUGH SEPTEMBER 30, 2009**

Huron Consulting Services LLC ("Huron Consulting Group" or "Huron"), Accounting

and Restructuring Consultant for Nortel Networks Inc. and its affiliated debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), submits this application

(the "Application") for interim allowance of compensation for professional services rendered

by Huron to the Debtors for the period September 1, 2009 through September 30, 2009 (the

"Compensation Period") and reimbursement of actual and necessary expenses incurred by

Huron during the Application Period under sections 330 and 331 of title 11 of the United States

Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

---

[1]        The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification
number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769),
Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251),
CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical
Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel
Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc.
(0567) and Nortel Networks (NNI) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions,
which are available at http://chapter11.epiqsystems.com/nortel.

- 1 -

"Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines") and the Order Under 11 U.S.C. § 105 (a) and 331, Fed. R. Bankr. P. 2016 and Del. Banker. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members (D.I. 222) (the "Interim Compensation Procedures Order")[2]. In support of this Application, Huron represents as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On January 14, 2009 (the "Petition Date"), the Debtors, with the exception of Nortel Networks (NNCI) Inc. ("NNCI"), each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On July 14, 2009 (the "NNCI Petition Date"), NNCI filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' jointly administered bankruptcy cases.

3.      On January 26, 2009, the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors.

---

[2]      Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

**HURON'S RETENTION**

4.      On January 29, 2009 the Debtors engaged Huron as Accounting and Restructuring Consultant in connection with these bankruptcy cases.  On March 19, 2009, this Court entered the Order Pursuant to 11 U.S.C. Sections 327 (a) and 1107 (b), Fed. R. Bankr. P. 2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1 Authorizing Retention and Employment of Huron Consulting Services LLC *Nunc Pro Tunc to February 2, 2009* as Accounting and Restructuring Consultant to the Debtors and Debtors in Possession  (D.I. 496).

**FEE PROCEDURES ORDER**

5.      On February 4, 2009, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

6.      In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each month following the month for which compensation is sought.  Provided that no objections to such Monthly Fee Application are filed within the Objection Deadline, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application.  If an objection to a portion of the Monthly Fee Application is filed and not resolved, the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses that are not subject to the objection.

**RELIEF REQUESTED**

7.      Huron submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered

as Accounting and Restructuring Consultant for the Debtors in these cases for the period from

September 1, 2009 through September 30, 2009, and (b) for reimbursement of actual,

reasonable and necessary expenses incurred in representing the Debtors during that same period.

8.      During the period covered by this Application, Huron incurred fees in

the amount of $281,404.50 before reductions for an agreed upon 10% accommodation and

reduction in accordance with Local Rules regarding travel time.  Net fees for the Compensation

Period after the aforementioned reductions are $248,730.31.  For the same period, Huron

incurred actual, reasonable and necessary expenses totaling $19,407.71.  With respect to these

amounts, as of the date of this Application, Huron has received no payments.

9.      Set forth on the foregoing "Compensation by Project Category" is a

summary by subject matter categories of the time expended by timekeepers billing time to these

cases.

10.     During the Application Period, Huron professionals billed their time

devoted to matters on behalf of the Debtors' estates to 8 distinct service categories.  Below is a

summary of the activities performed by Huron professionals during the Compensation Period,

organized by task code:

**Task Code 1 – Meeting/Teleconference with Debtor Management, Board, or Counsel**

Huron met with numerous of the Debtors' management, counsel, and advisors

in the performance of its duties and responsibilities; these meetings were essential for

determining the nature, scope, priority and resources required to complete the various tasks that

Huron was requested to perform on behalf of the Debtors.  In these meetings, the Huron team

shared information with Company management and advisors to prioritize tasks to most

effectively meet the Debtors needs and provided advice / recommendations, as requested.

Huron devoted 90.50 hours, which resulted in fees of $47,699.00[3], for a blended rate of $527 with regards to these services during the Compensation Period.

**Task Code 4 – Court Hearings / Preparation**

At the request of the Debtors, Huron assisted with the potential bankruptcy filing of another U.S. Debtor. Huron contributed to the preparation of that U.S. Debtor's Chapter 11 bankruptcy petition, creditor matrix, top unsecured creditors, and various other documentation and analyses in support of first day motions for potential filing with the bankruptcy court.

Huron devoted 13.70 hours, which resulted in fees of $7,517.00, for a blended rate of $549 with regards to these services during the Compensation Period.

**Task Code 5 – Case Reporting:  UST Reports, Statements & Schedules**

Huron has as one of its primary roles in these cases the responsibility for assisting the Debtors in completing the various filing requirements under the Bankruptcy Code and related rules.  These filings include:  the SoFAs and Schedules, the new Form 26 required by Rule 2015.3, and the OUST's MOR requirements.  Huron worked closely with the Debtors' Canadian Monitor, Epiq Bankruptcy Solutions, LLC ("Epiq"), and Cleary Gottlieb Steen & Hamilton LLP ("Cleary") to complete and file the NNCI SoFAs and Schedules by the appropriate deadline. Huron was able to leverage information and experience from the Debtors' previously filed SoFAs and Schedules in order to complete the NNCI reporting requirements in an efficient and timely manner.

At the request of the Debtors' management, Huron began analyzing the claims bar date notification status of various potential creditors including directors and officers, employees, vendors, customers, and other parties included in the SoFAs and Schedules. Working with Epiq, Huron reconciled all potential creditors against the affidavit of service and claims filed to date to ensure proper notification and identify those parties needing to receive notice. Huron has

---

[3] Amounts are reflected before the agreed upon reductions discussed above.

also continued to create various databases, reconciliations and analyses in order to assist the Debtors with other noticing, claims management, and creditor inquiries.

Huron devoted 229.95 hours, which resulted in fees of $88,598.00, for a blended rate of $385 with regards to these services during the Compensation period.

**Task Code 6 – Retention and Fee Applications**

As the Debtors' restructuring consultant, Huron is required to adhere to the requirements of the Bankruptcy Code and related rules, and the OUST guidelines with respect to retention of professionals in bankruptcy cases. Additionally, Huron is required to submit requests for fee allowances and expense reimbursement in the manner prescribed by this court in the Interim Compensation Order. These requirements include maintaining disclosures as well as preparing monthly and quarterly interim fee applications for payment of fees and reimbursement of expenses.

Huron devoted 35.40 hours, which resulted in fees of $11,706.50, for a blended rate of $331 with regards to these requirements during the Compensation Period.

**Task Code 15 – Avoidance Action / Reclamation Analysis**

Huron devoted time during the Compensation Period creating an initial preference analysis for Flextronics and Solectron (collectively "Flextronics"). Huron compiled the payments and deliveries related to Flextronics during the preference period in order to create a new value analysis that calculated the creditor's potential preference exposure. Huron also compiled additional payment detail in order to analyze payment trends over time, perform statistical calculations and identify normal course payment activity. Throughout the course of the preference analysis, Huron documented all assumptions, information considered, explanations of calculations and summaries of results for purposes of circulation to the Debtors, Cleary and other constituents as necessary.

Huron devoted 230.80 hours, which resulted in fees of $88,145.50, for a blended rate of $382 with regards to these requirements during the Compensation Period.

**Task Code 16 – Unsecured Claims Analysis**

During the Compensation Period, Huron prepared additional claims estimates based on various analyses of the SoFAs and Schedules and the Debtors' books and records. With the establishment of the September 30, 2009 Claims Bar Date, Huron continued the development of the claims management process including the formulation of a central claims resolution team, development of a claims reconciliation process, and assignment of departmental resources necessary to execute claims resolution. Huron also continued preparing multiple analyses and reports analyzing the claims filed to date in order to provide the Debtors' management with a sense of the unsecured claim exposure.  One of these analyses included the identification of all potential amended and duplicate claims that creditors may have filed against the various Debtors.

Huron devoted 90.70 hours, which resulted in fees of $27,166.50, for a blended rate of $300 with regards to these requirements during the Compensation Period.

**Task Code 25 – Case Administration**

In managing a large and complex case, a certain amount of administrative time is necessary to assure overall effectiveness and efficiency.  Huron devoted a minimal amount of time for general administrative matters related to the Debtors' bankruptcy cases.  Given the size, nature, and number of professionals involved in these cases, Huron professionals devoted time to project documentation, work planning, file management and staffing as requested by the Debtors to ensure efficiency, to avoid redundancy, and to keep the Debtors fully abreast of the progress on Huron's work streams.

Huron devoted 0.70 hours, which resulted in fees of $497.00, for a blended rate of $710 with regards to these services during the Compensation Period.

**Task Code 26 – Travel Time**

The travel time policy followed by Huron on this engagement provides that the professional traveling to and from their home location to the Debtors' site incurs up to the first hour in transit as ordinary commute time that is not eligible for compensation.  Devoted time for non-working travel beyond the initial hour to and from the client site is billable to the client. Whenever possible, Huron encourages its professionals to use travel time productively by reading documents, etc.  However, with the increased use of smaller aircraft servicing cities, it is increasingly difficult to work on confidential material while in transit.  In compliance with the Local Rules Huron has reduced its request for compensation for non-working travel by 50% of the amount incurred.

Huron devoted 33.50 hours, which resulted in fees of $10,075.00, in regards to matter related travel and this application reflects a reduction of $5,037.50 as required by the Local Rules.

11.     Exhibit A attached hereto contains logs, sorted by case project category, which details the time recorded by Huron's professionals and descriptions of the services provided.

12.     Exhibit B attached hereto contains a breakdown of disbursements incurred by Huron during the Compensation period for which Huron seeks reimbursement in this application.

13.     Exhibit C attached hereto contains the invoice for services rendered for the Compensation Period.

14.     At the time of its engagement, Huron agreed to provide the Debtors with a 10% accommodation in the form of a permanent reduction in the amount of Huron's monthly fee statements. The accompanying invoice and this Application reflect the 10% accommodation adjustment.

15.     Huron has endeavored to represent the Debtors in the most expeditious and economical manner possible.  Huron ensured that all tasks were assigned so that work was performed by those professionals at Huron most familiar with the particular matter or task and by the lowest hourly rate professional appropriate for a particular matter.  Moreover, Huron has coordinated with Cleary, Epiq, and the other professionals involved in these cases so as to minimize any duplication of effort and to minimize fees and expenses to the Debtors.  We believe we have been successful in this regard.

16.     No agreement or understanding exists between Huron and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

17.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

[REMAINDER OF PAGE INTERNATIONALLY LEFT BLANK]

    **WHEREFORE**, Huron respectfully requests that this Court: (a) allow Huron (i) interim compensation in the amount of $248,730.31 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period September 1, 2009 through September 30, 2009, and (ii) interim reimbursement in the amount of $19,407.71 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the Debtors to pay to Huron the amount of $198,984.25 which is equal to the sum of 80% of Huron' allowed interim compensation and 100% of Huron' allowed expense reimbursement in the amount of $19,407.71 for a total amount of $218,391.96; and (c) grant such other and further relief as is just.

Dated:  October 20, 2009           HURON CONSULTING GROUP
New York, New York

                _____
                James M. Lukenda, CIRA
                Huron Consulting Group
                1120 Avenue of the Americas, 8th Floor
                New York, NY 10036-6700

                Telephone: 646-277-2207
                Facsimile:  508-445-0256

                *Accounting and Restructuring Consultant for the*
                *Debtors and Debtors in Possession*