**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NORTEL NETWORKS INC., *et. al.*, | Case No. 09-10138 (KG) |
| Debtors. | (Jointly Administered) |
| | Hearing Date:   October 28, 2009 at 2:00 PM<br>Objection Date: October 21, 2009 at 4:00 PM<br>Docket Nos. 1525 and 1584 |

**RESERVATION OF RIGHTS BY ORACLE USA, INC. REGARDING THE DEBTORS' MOTION FOR ORDERS (I)(A) AUTHORIZING AND APPROVING SALE PROCEDURES, (B) AUTHORIZING AND APPROVING NOTICE PROCEDURES, AND (C) SETTING A DATE FOR SALE HEARING, AND (II) AUTHORIZING AND APPROVING SALE OF DEBTORS' NEXT GENERATION SERVING PACKET CORE NETWORK COMPONENTS FREE AND CLEAR OF ALL LIENS, <u>CLAIMS AND ENCUMBRANCES ("RESERVATION OF RIGHTS")</u>**

Oracle USA, Inc., successor-in-interest to Oracle Corporation ("Oracle"), by and through its undersigned counsel, submits this Reservation of Rights in connection with Nortel Networks Inc.'s and its affiliates' ("Debtors") Motion For Orders (I)(A) Authorizing and Approving Sale Procedures, (B) Authorizing and Approving Notice Procedures, and (C) Setting a Date for Sale Hearing, and (II) Authorizing and Approving Sale of Debtors' Next Generation Serving Packet Core Network Components Free and Clear of Liens, Claims and Encumbrances("Sale Procedures Motion") and in support of its Reservation of Rights, Oracle respectfully submits as follows:

**I.     INTRODUCTION**

1.     Oracle is a contract counterparty of one or more of the Debtors. Oracle has contracts with both Canadian and American Debtor entities.

2. Pursuant to the Sale Procedures Motion, the Debtors have yet to identify those contracts to be assumed and assigned. The Debtors indicate that a separate motion seeking approval of any assumption and assignments will be filed and heard at the sale hearing. As of the date of filing this Reservation of Rights, the docket indicates that no assumption and assignment motion has been filed.

3. However, out of an abundance of caution, since Oracle agreements involve the licensing of non-exclusive, patented software and are non-assignable in the absence of Oracle's consent, Oracle reserves all rights to object to any eventual assignment proposed by Debtors of Oracle's contracts.

4. Oracle reserves its rights with respect to the Transaction Agreement ("TA") which provides for the purchaser and the Debtors to enter into certain ancillary agreements, including a Transition Services Agreement ("TSA") and an Intellectual Property Licensing Agreement ("IPLA"). Both agreements have yet to be provided, so neither is available for Oracle's review.

5. However, based on the brief description set forth in the Sale Procedures Motion and the TA, it appears that Debtors propose simultaneously allowing the ultimate purchaser, who has yet to be identified, and the Debtors, full use of any intellectual property licenses during the transitional period, which are described in the TA as "Overhead and Shared Services". These services may be meant to include Oracle's licensed software.

6. Should that be the case, Oracle reserves all rights to object to the proposed transitional use as a violation of the Oracle agreements with the Debtors.

7.      Similarly, if either the IPLA or the TSA is meant to include Oracle's licensed software, Oracle does not consent to such use and reserves all rights to object to any contemplated shared transitional use as violative of Oracle's agreements.

8.      As previously indicated, through the Sale Procedures Motion, the Debtors outline assignment procedures, which are designed to provide for additional notice to contract counterparties with contracts identified for assumption and assignment through the TA and its proposed related sale.

9.      Presumably, these procedures will allow for a full hearing on any attempt to assume and assign any Oracle contracts *via* the sale. Given the concerns raised by certain ancillary agreements, including the IPLA and the TSA as addressed above, Oracle files this Reservation of Rights to ensure the opportunity for a future full and fair hearing of its concerns and rights' preservation on these issues.

10.     Therefore, Oracle specifically reserves its rights to: (a) file a supplemental pleading setting forth its objection to the assumption and/or assignment of Oracle contracts, should any be identified; (b) object to any provisions in the TA, including the TSA and the IPLA, upon notification of any intended assumptions or shared transitional use; (c) object to the accuracy of any associated cure amount; (d) object to the accuracy of the description of the contracts; and (e) seek adequate assurance of future performance from the ultimate purchaser.

11.     Furthermore, it is critical that the Debtors clearly describe which Oracle contracts, if any, are proposed for shared transitional use, assumption and/or assignment, specifying the license, support contract, reseller agreement or ordering document at issue.

Dated: October 21, 2009    Respectfully submitted,
      Wilmington, Delaware    **MARGOLIS EDELSTEIN**

      /s/James E. Huggett
James E. Huggett (#3956)
750 Shipyard Drive, Suite 102
Wilmington, DE 19801
Telephone:   (302) 888-1112
Facsimile:   (302) 888-1119
E-mail:   jhuggett@margolisedelstein.com

**DAY PITNEY LLP**
Amish R. Doshi (NY - AD5996)
7 Times Square
New York, New York 10036-7311
Telephone:   (212) 297-5800
Facsimile:   (212) 916-2940

**BUCHALTER NEMER, PC**
Shawn M. Christianson (CSB #114707)
333 Market Street – 25th Floor
San Francisco, California 94105-2126
Telephone:   (415) 227-0900
Facsimile:   (415) 227-0770

**ORACLE USA, INC.**
Deborah Miller (CSB #95527)
Lesley Kothe (CSB #209512)
500 Oracle Parkway
Redwood City, California 94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114

Attorneys for Oracle USA, Inc., Creditor