**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------ X
: 
*In re* : Chapter 11
: 
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
: 
           Debtors. : Jointly Administered
: 
: **Hearing date: October 28, 2009 at 2:00 p.m. (ET) (proposed)**
: **Objections due: October 28, 2009 at 12:00 p.m.(ET) (proposed)**
:
------------------------------------------------------------ X

**DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE DEBTORS TO
FILE UNDER SEAL THE SELLERS DISCLOSURE SCHEDULES AND ALL
EXHIBITS AND SCHEDULES TO THE TRANSACTION AGREEMENT RELATED
TO THE ASSETS BEING SOLD AT D.I. 1525**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move (the "Motion") for entry of an order pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the Debtors to file under seal the Sellers Disclosure Schedule and all Exhibits and Schedules (as defined in the TA) (the "Schedules") attached to the Transaction Agreement (the "TA"), dated as of October 25,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

2009 with Hitachi, Ltd. as Purchaser. In support of the Motion, the Debtors respectfully represent as follows:

**JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9018 and Local Rule 9018-1.

**BACKGROUND**

**A.     Introduction**

3. On January 14, 2009 (the "Petition Date"), the Debtors other than NN CALA (as defined below) filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. Also on the Petition Date, the Debtors' ultimate corporate parent NNC, NNI's direct corporate parent NNL (together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign

---

[2] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

2

representative for the Canadian Debtors (the "Monitor"), has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February 27, 2009, this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. In addition, at 8 p.m. (London time) on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[3] into administration under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators"). On May 28, 2009, at the request of the Joint Administrators, the Commercial Court of Versailles, France (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA will continue to operate as a going concern for an initial period of three months, which period has since been further extended. In accordance with the European Union's Council Regulation (EC) No. 1346/2000 on Insolvency Proceedings, the English law proceedings remain the main proceedings in respect of NNSA. On June 8, 2009, Nortel Networks UK Limited ("NNUK") filed petitions in this Court for recognition of the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On June 26, 2009, the Court entered an order recognizing the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

---

[3] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

6. On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Bankruptcy Rules that provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

7. On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142]. An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

8. On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc. ("NN CALA" and a Debtor together with NNI and certain of its affiliates), an affiliate of NNI, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On July 17, the Court entered orders approving the joint administration and consolidation of NN CALA's chapter 11 case with the other Debtors' chapter 11 cases for procedural proposes [D.I. 1098], and applying to NN CALA of certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1099].

**B.   Debtors' Corporate Structure and Business**

9. A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3].

**C.   The Next Generation Packet Core Network Components Sale Motion and Bid Procedures Order**

10. On September 21, 2009, the Debtors filed a Motion for Orders (I)(A) Authorizing and Approving Sale Procedures, (B) Authorizing and Approving Notice Procedures, and (C)

4

Setting a Date for the Sale Hearing, and (II) Authorizing and Approving the Sale of Debtors' Next Generation Service Packet Core Network Components Free and Clear of All Liens, Claims and Encumbrances [D.I. 1525] (the "Sale Motion")[4] seeking approval of the sale of certain of the Debtors' assets relating to the Debtors' Next Generation Packet Core Network Components (the "Assets"), and the approval of certain Sale Procedures in connection with the proposed sale.

11. By the Sale Procedures Order, dated September 30, 2009 [D.I. 1584], the United States Bankruptcy Court for the District of Delaware approved sale procedures (the "Sale Procedures") to govern the sale by Nortel Networks Inc. and certain of its affiliates (collectively, the "Sellers") of the Assets.

12. In accordance with the Sale Procedures, the Sellers solicited bids for the Assets with a Bid Deadline of October 16, 2009.

13. On October 26, 2009, the Debtors filed the Notice of Filing of Successful Bid [D.I. 1723] (the "Notice of Successful Bid"). The Successful Bid (as defined in the Sale Procedures) resulting from the sale process is the Transaction Agreement, dated as of October 25, 2009 with Hitachi, Ltd. as Purchaser (the "Successful Bid"). A hearing to consider approval of the sale of the Assets pursuant to the Successful Bid is scheduled for **October 28, 2009 at 2:00 p.m. (ET)**. Attached as Exhibit A to the Notice of Successful Bid is a copy of the TA. Due to their confidential nature, the Debtors did not attach a copy of the Schedules to the filed version of the TA.

14. On October 27, 2009, in preparation for the hearing on the Sale Motion the Debtors propose to file a copy of the Schedules, albeit under seal, due to the substantial sensitive commercial information contained in the Schedules.

---

[4] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Sale Motion.

**RELIEF REQUESTED**

15.    By this Motion, the Debtors seek an order pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1 authorizing the Debtors to file the Schedules under seal.

**BASIS FOR RELIEF**

16.    Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.  See 11 U.S.C. § 107(b).

17.    Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under Bankruptcy Code section 107(b), and provides, in relevant part, that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . . or (3) to protect governmental matters that are made confidential by statue or regulation . . ."  Fed. R. Bankr. P. 9018.  Local Rule 9018-1 requires any party who seeks to file documents under seal to file a motion to that effect.  Del. Bankr. L.R. 9018-1(b).

18.    The Debtors respectfully submit that it is appropriate to allow the Schedules to be filed under seal.  The Schedules contain substantial sensitive commercial information concerning the Debtors' business, software, intellectual property and related documentation.  Disclosure of this confidential commercial information would be damaging to the Debtors and the Successful Bidder if it was disclosed to their competitors.

19.     Therefore, the Debtors respectfully submit that the Court should authorize and direct the Schedules to be filed under seal.

## NOTICE

20.     Notice of the Motion has been given via first-class mail, facsimile, electronic transmission, hand delivery or overnight mail to (i) the U.S. Trustee; (ii) the Monitor; (iii) counsel to the Committee; (iv) counsel to the Bondholder Group; and (v) the general service list established in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  The Debtors submit that under the circumstances no other or further notice is necessary.

## NO PRIOR REQUEST

21.     No prior request for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:  October 27, 2009　　　　　　CLEARY GOTTLIEB STEEN & HAMILTON LLP
Wilmington, Delaware

　　　　　　　　　　　　　　　　　　James L. Bromley (No. 5125)
　　　　　　　　　　　　　　　　　　Lisa M. Schweitzer (No. 1033)
　　　　　　　　　　　　　　　　　　One Liberty Plaza
　　　　　　　　　　　　　　　　　　New York, New York 10006
　　　　　　　　　　　　　　　　　　Telephone:  (212) 225-2000
　　　　　　　　　　　　　　　　　　Facsimile:  (212) 225-3999

　　　　　　　　　　　　　　　　　　- and -

　　　　　　　　　　　　　　　　　　MORRIS, NICHOLS, ARSHT & TUNNELL LLP

　　　　　　　　　　　　　　　　　　 /s Ann C. Cordo_____
　　　　　　　　　　　　　　　　　　Derek C. Abbott (No. 3376)
　　　　　　　　　　　　　　　　　　Eric D. Schwartz (No. 3134)
　　　　　　　　　　　　　　　　　　Ann C. Cordo (No. 4817)
　　　　　　　　　　　　　　　　　　Andrew R. Remming (No. 5120)
　　　　　　　　　　　　　　　　　　1201 North Market Street
　　　　　　　　　　　　　　　　　　P.O. Box 1347
　　　　　　　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　　　　　　　Telephone:  (302) 658-9200
　　　　　　　　　　　　　　　　　　Facsimile: (302) 658-3989

　　　　　　　　　　　　　　　　　　*Counsel for the Debtors and Debtors in Possession*

3204169