IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*: | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |

**NOTICE OF FILING OF AMENDMENT TO APPROVAL AND VESTING ORDER OF
THE ONTARIO COURT IN THE CANADIAN PROCEEDINGS RELATING
TO THE CDMA & LTE BUSINESS SALE TRANSACTION**

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc. (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

**PLEASE TAKE NOTICE** that on October 30, 2009, Ernst & Young Inc., the Monitor and foreign representative of Nortel Networks Corporation and certain of its direct and indirect subsidiaries, Nortel Networks Limited, Nortel Networks Technology Corporation, Nortel Networks Global Corporation, and Nortel Networks International Corporation, in proceedings under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, pending before the Ontario Superior Court of Justice (Commercial List) (the "**Ontario Court**"), by its undersigned counsel, filed, in the above-captioned cases, a copy of the Amendment to Approval and Vesting Order of the Ontario Court, dated October 28, 2009, amending the Approval and Vesting Order of the Ontario Court, dated July 28, 2009, relating to the CDMA & LTE Business Sale Transaction with Telefonakteibolaget L M Ericsson (publ) (the "**Amendment Order**"). A copy of the Amendment Order is annexed hereto as Exhibit A.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Amendment Order is also available on the Monitor's website, www.ey.com/ca/nortel or upon request to the Monitor's counsel.

Dated: Wilmington, Delaware
October 30, 2009

ALLEN & OVERY LLP

Ken Coleman
Lisa Kraidin
1221 Avenue of the Americas
New York, New York 10020
Telephone (212) 610-6300
Facsimile (212) 610-6399
ken.coleman@allenovery.com
lisa.kraidin@allenovery.com

-and-

BUCHANAN INGERSOLL & ROONEY

By: /s/ Mary F. Caloway
Mary F. Caloway (No. 3059)
Peter J. Duhig (No. 4024)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, Delaware 19801
Telephone (302) 552-4200
Facsimile (302) 552-4295
mary.caloway@bipc.com

Attorneys for Ernst & Young Inc., as Monitor and Foreign Representative of the Canadian Nortel Group

## EXHIBIT A

EXHIBIT A

Court File No.: 09-CL-7950



**ONTARIO
SUPERIOR COURT OF JUSTICE
COMMERCIAL LIST**

| | | |
|---|---|---|
| THE HONOURABLE MR. | ) | WEDNESDAY, THE 28th |
| | ) | |
| JUSTICE MORAWETZ | ) | DAY OF OCTOBER, 2009 |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,
NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS
INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY
CORPORATION

APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED

**AMENDMENT TO APPROVAL AND VESTING ORDER**
(CDMA & LTE Business Sale Transaction)

**THIS MOTION**, made by Nortel Networks Corporation ("NNC"), Nortel Networks Limited ("NNL"), Nortel Networks Technology Corporation, Nortel Networks International Corporation and Nortel Networks Global Corporation (collectively, the "Applicants") for an order amending the Court's order dated July 28, 2009 (the "Approval and Vesting Order") as it relates to the vesting of assets under the sale transaction (the "Transaction") contemplated by an asset sale agreement dated as of July 24, 2009 (the "Sale Agreement") among NNC, NNL and Nortel Networks Inc. ("NNI") and certain of their affiliates, as vendors (the "Sellers"), and Telefonaktiebolaget L M Ericsson (publ), as purchaser (the "Purchaser"), in respect of the sale of certain assets relating to Nortel's CDMA business and LTE business, was heard this day at 330 University Avenue, Toronto, Ontario.

12327602.5

- 2 -

**ON CONSENT** of the Applicants, the Monitor and the Purchaser and no other party opposing;

1. **THIS COURT ORDERS** that the time for the service of the Notice of Motion and the Motion Record is hereby abridged so that this Motion is properly returnable today and hereby dispenses with further service thereof.

2. **THIS COURT ORDERS** that capitalized terms used herein and not otherwise defined shall have the meaning given to them in the Sale Agreement.

3. **THIS COURT ORDERS** that paragraph 8 of the Approval and Vesting Order shall be amended to read as follows:

> 8. **THIS COURT ORDERS AND DECLARES** that upon the delivery of a Monitor's certificate to the Purchaser substantially in the form attached as Schedule "A" hereto (the "Monitor's Certificate"), all of the Applicants' right, title and interest in and to the Assets shall vest absolutely in the Purchaser or any Designated Purchaser (as defined below), as more particularly set out in the conveyance documents delivered by the Purchaser or any Designated Purchaser at Closing pursuant to the Sale Agreement, free and clear of and from any and all security interests (whether contractual, statutory, or otherwise), hypothecs, mortgages, trusts or deemed trusts (whether contractual, statutory, or otherwise), liens, executions, levies, charges, or other financial or monetary claims, whether or not they have attached or been perfected, registered or filed and whether secured, unsecured or otherwise (collectively, the "Claims"), including, without limiting the generality of the foregoing: (i) any encumbrances or charges created by the Order of the Honourable Mr. Justice Morawetz dated January 14, 2009 (as amended and restated); and (ii) all charges, security interests or claims evidenced by registrations pursuant to the *Personal Property Security Act* (Ontario) or any other personal property registry system, excluding only Permitted Encumbrances and those Claims expressly assumed in writing by the Purchaser under the Sale Agreement. For greater certainty, this Court orders that all of the Claims affecting or relating to the Assets are hereby expunged and discharged as against the Assets.

12327602.5

- 3 -

4.  **THIS COURT ORDERS** that the Approval and Vesting Order shall be amended to include the following paragraph 10A:

> 10A. **THIS COURT ORDERS** that, the Purchaser is hereby authorized in connection with the consummation of the Transaction to allocate the Assets among its affiliates, designees, assignees, and/or successors, including any Designated Purchaser (each, for the purposes of this Order, a "Designated Purchaser"), in a manner as it in its sole discretion deems appropriate and to assign, lease, sublease, license, sublicense, transfer or otherwise dispose of any of the Assets to any Designated Purchaser, in each case with all of the rights and protections accorded to the Purchaser under this Order and the Sale Agreement as if it were the named Purchaser under the Sale Agreement, and the Applicants shall cooperate with and take all actions reasonably requested by the Purchaser or any Designated Purchaser to effectuate any of the foregoing; <u>provided, however</u>, the Applicants shall be reimbursed by the Purchaser for any reasonable expenses in connection therewith.

5.  **THIS COURT ORDERS** that paragraph 14 of the Approval and Vesting Order shall be amended to read as follows:

> 14. **THIS COURT ORDERS** that, notwithstanding:
>
> (a) the pendency of these proceedings;
>
> (b) any applications for a bankruptcy order now or hereafter issued pursuant to the *Bankruptcy and Insolvency Act* (Canada) (the "BIA") in respect of the Applicants and any bankruptcy order issued pursuant to any such applications; and
>
> (c) any assignment in bankruptcy made in respect of the Applicants;
>
> each of (i) the vesting of the Applicants' right, title and interest in and to the Assets in the Purchaser or any Designated Purchaser, as applicable, pursuant to this Order, and (ii) IP Licenses shall be binding on any trustee-in-bankruptcy that may be appointed in respect of any of the Applicants and shall not be void or voidable by creditors of the Applicants,

- 4 -

nor shall they constitute nor be deemed to be a settlement, fraudulent preference, assignment, fraudulent conveyance or other reviewable transaction under the BIA or any other applicable federal or provincial legislation, nor shall they constitute oppressive or unfairly prejudicial conduct pursuant to any applicable federal or provincial legislation.

6. **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada, the United States, the United Kingdom or elsewhere, to give effect to this Order and to assist the Applicants, the Monitor and their respective agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicants and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representatives status to the Monitor in any foreign proceeding, or to assist the Applicants and the Monitor and their respective agents in carrying out the terms of this Order.

7. **THIS COURT ORDERS** that each of the Applicants and the Monitor be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order.

_[signature]_

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

OCT 2 8 2009

PER / PAR: JV

12327602.5

| IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION | Court File No: 09-CL-7950 |
|---|---|
| | **ONTARIO**<br>**SUPERIOR COURT OF JUSTICE**<br>**(COMMERCIAL LIST)**<br><br>Proceeding commenced at Toronto<br><br>**AMENDMENT TO APPROVAL AND VESTING ORDER**<br>(CDMA & LTE Business Sale Transaction)<br><br>**OGILVY RENAULT LLP**<br>Suite 3800<br>Royal Bank Plaza, South Tower<br>200 Bay Street<br>P.O. Box 84<br>Toronto, Ontario  M5J 2Z4, Canada<br><br>**Derrick Tay LSUC#: 21152A**<br>Tel: (416) 216-4832<br>Email: dtay@ogilvyrenault.com<br><br>**Jennifer Stam LSUC #46735J**<br>Tel: (416) 216-2327<br>Email: jstam@ogilvyrenault.com<br>Fax: (416) 216-3930<br>Lawyers for the Applicants |

DOCSTOR: 1794753\1