## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- X
                               :

| | |
|---|---|
| *In re* | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |

                      :

**Hearing date: November 19, 2009 at 1:00 p.m. (ET)**
**Objections due: November 12, 2009 at 4:00 p.m. (ET)**

-------------------------------------------------------- X

### DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL THE SELLERS DISCLOSURE SCHEDULE AND EXHIBITS AND OTHER SCHEDULES RELATED TO THE SALE OF CERTAIN ASSETS OF THE METRO ETHERNET NETWORKS BUSINESS

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move (the "Motion") for entry of an order pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the Debtors to file under seal (i) the Sellers Disclosure Schedule and all Exhibits and Schedules (as defined in the Stalking Horse Agreement) (the "Schedules") attached to the stalking horse asset sale agreement (the "Stalking Horse Agreement") relating to the sale of certain assets of Debtors' Metro

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Ethernet Networks Business (the "Assets"), dated as of October 7, 2009 with Ciena Corporation as Stalking Horse Purchaser, and (ii) any and all revised disclosure schedules, exhibits, and/or other schedules that may be attached to a final sale agreement relating to the sale of the Assets, which are expected to be similar to the Schedules (collectively, the "Final Schedules").   In support of the Motion, the Debtors respectfully represent as follows:

**JURISDICTION**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9018 and Local Rule 9018-1.

**BACKGROUND**

**A.      Introduction**

3.      On January 14, 2009 (the "Petition Date"), the Debtors other than NN CALA (as defined below) filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Bankruptcy Rules that provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

6.      Also on the Petition Date, the Debtors' ultimate corporate parent NNC, NNI's direct corporate parent NNL (together with NNC and their affiliates, including the Debtors,

2

"Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February 27, 2009, this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. In addition, at 8 p.m. (London time) on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[3] into administration under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators"). On May 28, 2009, at the request of the Joint Administrators, the Commercial Court of Versailles, France (the "French Court") (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA continued to operate as a going concern for an initial period of

---

[2]    The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[3]    The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

three months, which period was subsequently extended.  On October 1, 2009, pursuant to a motion filed by the Joint Administrators, the French Court approved an order to: (i) suspend the liquidation operations relating to the sale of the assets and/or businesses of NNSA for a renewable period of two months; (ii) authorize the continuation of the business of NNSA so long as the liquidation operations are suspended; and (iii) maintain the powers of the French Administrator and Liquidator during the suspension period, except with respect to the sale of assets and/or businesses of NNSA.  In accordance with the European Union's Council Regulation (EC) No. 1346/2000 on Insolvency Proceedings, the English law proceedings (the "English Proceedings") remain the main proceedings in respect of NNSA.  On June 8, 2009, Nortel Networks UK Limited filed petitions in this Court for recognition of the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.  On June 26, 2009, the Court entered an order recognizing the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

7.    On January 18, 2009, certain Nortel affiliates, including Nortel Networks Israel (Sales and Marketing) Limited, filed an application with the Tel-Aviv-Jaffa District Court, pursuant to the Israeli Companies Law, 1999, and the regulations relating thereto for a stay of proceedings.  On January 19, 2009, the Israeli Court appointed Yaron Har-Zvi and Avi D. Pelossof as joint administrators of the Israeli Company under the Israeli Companies Law (the "Joint Israeli Administrators").

8.    On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142].  An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the

Canadian Debtors has also been organized (the "<u>Bondholder Group</u>").  No trustee or examiner has been appointed in the Debtors' cases.

9.      On July 14, 2009 (the "<u>CALA Petition Date</u>"), Nortel Networks (CALA) Inc. ("<u>NN CALA</u>" and a Debtor together with NNI and certain of its affiliates), an affiliate of NNI, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On July 17, the Court entered orders approving the joint administration and consolidation of NN CALA's chapter 11 case with the other Debtors' chapter 11 cases for procedural proposes [D.I. 1098], and applying to NN CALA of certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1099].

**B.      Debtors' Corporate Structure and Business**

10.      A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3].

**C.      The Metro Ethernet Networks Business Sale Motion and Bidding Procedures Order**

11.      On October 7, 2009, the Debtors filed a Motion for Orders (I)(A) authorizing Debtors' entry into a stalking horse asset sale agreement with Ciena Corporation, (B) authorizing and approving the Bidding Procedures and Bid Protections, (C) approving the Notice Procedures and the Assumption and Assignment Procedures, (D) authorizing the filing of certain documents under seal and (E) setting a date for the Sale Hearing, and (II) authorizing and approving (A) the sale of certain assets of Debtors' Metro Ethernet Networks business free and clear of all liens, claims and encumbrances and (B) the assumption and assignment of certain executory contracts [D.I. 1627] (the "<u>Sale Motion</u>")[4] seeking approval of the sale of the Assets, and the approval of

---

[4]      Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Sale Motion.

certain bidding procedures in connection with the proposed sale.  Attached as Exhibit A to the

Sale Motion was a copy of the Stalking Horse Agreement.  Due to the confidential nature of the

Schedules, the Debtors did not attach a copy of the Schedules to the filed version of the Stalking

Horse Agreement.

      12.     On October 15, 2009, the Canadian Court authorized the Schedules to be filed

under seal due to their confidential nature as part of the Canadian Bidding Procedures Order.

      13.     By the Bidding Procedures Order, dated October 16, 2009 [D.I. 1685], the United

States Bankruptcy Court for the District of Delaware approved bidding procedures (the "Bidding

Procedures") to govern the sale by Nortel Networks Inc. and certain of its affiliates (collectively,

the "Sellers") of the Assets.

      14.     In accordance with the Bidding Procedures, the Sellers are soliciting bids for the

Assets with a Bid Deadline (as defined in the Bidding Procedures) of November 9, 2009.

      15.     Pursuant to the Bidding Procedures Order, an auction of the Assets (the

"Auction") is scheduled to take place on November 13, 2009.

      16.     Upon conclusion of the Auction, a Successful Bid (as defined in the Bidding

Procedures) will be selected.  A hearing to consider approval of the sale of the Assets pursuant to

the Successful Bid (the "Sale Hearing") is scheduled for **November 19, 2009 at 1:00 p.m. (ET)**.

At the Sale Hearing, the final sale agreement reflecting the Successful Bid will be filed as

Exhibit A to the order approving the sale of the Assets.  Due to the expected confidential nature

of the Final Schedules, the Debtors propose not to attach a copy of the Final Schedules to the

filed version of the final sale agreement.

      17.     On November 17, 2009, in preparation for the hearing to approve the sale of the

Assets, the Debtors propose to file a copy of the Schedules and the Final Schedules, albeit under

seal, due to the substantial sensitive commercial information contained in the Schedules and expected to be contained in the Final Schedules.

## RELIEF REQUESTED

18.     By this Motion, the Debtors seek an order pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1 authorizing the Debtors to file the Schedules and the Final Schedules under seal.

## BASIS FOR RELIEF

19.     Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.  See 11 U.S.C. § 107(b).

20.     Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under Bankruptcy Code section 107(b), and provides, in relevant part, that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . . or (3) to protect governmental matters that are made confidential by statue or regulation . . ." Fed. R. Bankr. P. 9018.  Local Rule 9018-1 requires any party who seeks to file documents under seal to file a motion to that effect.  Del. Bankr. L.R. 9018-1(b).

21.     The Debtors respectfully submit that it is appropriate to allow the Schedules and the Final Schedules to be filed under seal.  The Schedules contain, and the Final Schedules are expected to contain, substantial sensitive commercial information concerning the Debtors' business, software, intellectual property and related documentation.  Disclosure of this

confidential commercial information would be damaging to the Debtors, the Stalking Horse Purchaser and the Successful Bidder if it was disclosed to their competitors.

22.    Therefore, the Debtors respectfully submit that the Court should authorize and direct the Schedules and the Final Schedules to be filed under seal.

## NOTICE

23.    Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to (i) counsel to the Stalking Horse Purchaser; (ii) the Office of the U.S. Trustee; (iii) the Monitor; (iv) counsel to the Committee; (v) counsel to the Bondholder Group; and (vi) the general service list established in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  The Debtors submit that under the circumstances no other or further notice is necessary.

## NO PRIOR REQUEST

24.    No prior request for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:  November 3, 2009
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors and Debtors in Possession*

3214460.1