IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X
                                                          :
                                                          :    Chapter 11
*In re*                                                   :
                                                          :    Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                        :
                                                          :
                            Debtors.                      :    Jointly Administered
                                                          :
                                                          :
----------------------------------------------------------X

### FOURTH SUPPLEMENTAL DISCLOSURE AND DECLARATION OF TERRY W. SIMON PURSUANT TO FED. R. BANKR. P. 2014 AND ORDER AUTHORIZING DEBTORS TO EMPLOY, RETAIN AND COMPENSATE PROFESSIONALS IN THE ORDINARY COURSE

Terry W. Simon, being duly sworn, upon his/her oath, deposes and says:

1. I am a Certified Public Accountant and a member of KPMG LLP, located at 300 North Greene Street, Suite 400, Greensboro, North Carolina ("KPMG LLP"). I submit this Fourth Supplemental Disclosure and Declaration on behalf of KPMG LLP in further support of the retention and employment of KPMG LLP as an ordinary course professional to the Debtors to audit certain of the Debtors' pension plans.

2. The facts set forth in this Fourth Supplemental Disclosure and Declaration are based upon my personal knowledge, upon information and belief and upon client matter records kept in the ordinary course of business that were received by me or other

---

[1] The Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), and Nortel Networks (CALA) Inc. Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

\\FIN\224299.7

employees of KPMG LLP under my supervision and direction. Capitalized terms used herein but not otherwise defined shall have those meanings set forth in the declaration of Terry W. Simon dated March 5, 2009 (the "Original Declaration") and the three supplemental disclosures and declarations of Terry W. Simon dated June 2, 2009 (the "First Supplemental Declaration"), June 15, 2009 (the "Second Supplemental Declaration") and June 24, 2009 (the "Third Supplemental Declaration").

3. KPMG LLP is the United States member firm of KPMG International, a Swiss cooperative of independent member firms, each a separate legal entity, located worldwide. KPMG LLP has learned that a foreign member firm of KPMG International, KPMG Tax Corporation ("KPMG Japan Tax"), has been contacted by Hitachi, Ltd. ("Hitachi") that is interested in acquiring some or all of the Debtors' assets in Japan, in a transaction previously announced by the Debtors. Hitachi wishes to retain and employ KPMG Japan Tax to assist in the review, due diligence, and evaluation of the assets that may be subject to a possible sale.

4. To the best of KPMG LLP's knowledge, Hitcahi is not an "insider" in these bankruptcy cases as defined in 11 U.S.C. § 101(31).

5. Neither KPMG LLP nor any KPMG LLP professionals will have any involvement in the engagement by KPMG Japan Tax. Neither KPMG Japan Tax nor any of its professionals has any involvement in the services that KPMG LLP provides to the Debtors. KPMG LLP's policy with respect to conflicts does not prevent KPMG Japan Tax, a separate member firm, from performing services for Hitachi, whose consent has been obtained. KPMG LLP has determined that it can perform the continued service as auditors of the pension plans (while KPMG Japan Tax provides due diligence services on

behalf of Hitachi) without compromising KPMG LLP's objectivity, and has so informed the Debtors. To the best of my knowledge, the pension plan audits provided to the Debtors shall not be the subject of any due diligence services to be performed for Hitachi. Both the Debtors and Hitachi have consented to such engagements on the terms set forth herein.

6. KPMG LLP shall put in place internal procedures to avoid the sharing, inadvertent or otherwise, of confidential information between those KPMG LLP professionals working on behalf of the Debtors with those KPMG LLP professionals working on behalf of Hitachi. As noted above, no KPMG LLP professional will provide services to Hitachi and will not share any information or discuss any matters related to that engagement with those KPMG Japan Tax professionals working for Hitachi.

7. Subject to the disclosures herein and to those disclosures set forth in the previous filings in connection with KPMG LLP's retention by the Debtors, KPMG LLP does not hold or represent an interest adverse to the estates that would impair KPMG LLP's ability to objectively perform professional services for the Debtors.

8. Subject to the disclosures herein and to those disclosures set forth in the previous filings in connection with KPMG LLP's retention by the debtors, KPMG LLP is and continues to be a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code, notwithstanding its retention and employment by Hitachi as described herein.

9. This declaration is provided in accordance with Section 327 of the Bankruptcy Code and Bankruptcy Rule 2014.

\\FIN\224299.7

I declare pursuant to 28 U.S.C. § 1746 and under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

*Terry W. Simon*

---

Terry W. Simon
KPMG LLP

Executed on
4 November 2009

# CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2009, I electronically filed the Fourth Supplemental Disclosure and Declaration of Terry W. Simon Pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants, and via first-class mail, postage prepaid, upon the persons and entities listed below.

Dated:  November 4, 2009

                    KING & SPALDING LLP

                    /s/ Roberta Trowbridge
                    Roberta Trowbridge
                    Legal Assistant
                    1185 Avenue of the Americas
                    New York, NY 10036
                    Tel. No. 212-556-2100
                    Fax No. 212-556-2222

**VIA FIRST CLASS U.S.MAIL**:

Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
Attn: Derek C. Abbott, Esq.

Office of the United States Trustee
844 King Street, Suite 2206
Lockbox 35
Wilmington, DE  19801
Attn: Thomas P. Tinker, Esq..

Clearly Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Attn: James L. Bromley, Esq.

Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY  10036
Attn: Fred S. Hodara, Esq.