**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X
:
*In re*                                                    :    Chapter 11
:
:    Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                         :
:    Jointly Administered
Debtors.                                                   :
:    **RE: D.I. 1641**
:
-----------------------------------------------------------X

### ORDER UNDER 11 U.S.C. §§ 327 AND 328 AUTHORIZING RETENTION AND EMPLOYMENT OF SPECIAL COUNSEL INC. *NUNC PRO TUNC* TO SEPTEMBER 15, 2009 AS A PROVIDER OF LEGAL STAFFING SERVICES TO THE DEBTORS AND DEBTORS IN ~~POSESSION~~ POSSESSION

Upon the application dated October 8, 2009 (the "Application"),[2] of Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Application, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), (i) authorizing the employment and retention of Special Counsel Inc. ("Special Counsel") as a provider of legal

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

~~staffing~~<span style="color:blue;text-decoration:underline">support</span> services to the Debtors *nunc pro tunc* to September 15, 2009, (ii) approving the terms and conditions under which Special Counsel will be retained and compensated at the expense of NNI's estate, including certain limited indemnification rights, and (iii) granting them such other and further relief as the Court deems just and proper; and upon the Declaration of Julia Sweeney in support of the Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Special Counsel, Inc. *nunc pro tunc* to September 15, 2009 as a provider of legal staffing services to the Debtors, attached as <u>Exhibit B</u> to the Application (the "<u>Sweeney Declaration</u>"); and adequate notice of the Application having been given as set forth in the Application; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief requested in the Application, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

    IT IS HEREBY ORDERED THAT:

    1.    The Application is GRANTED.

    2.    Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Bankruptcy Rule 2014-1, NNI is authorized to retain and employ Special Counsel as a provider of legal staffing services to the Debtors, *nunc pro tunc* to September 15, 2009, under the terms and conditions set forth in the Services Agreement dated as of September 15, 2009 by and between NNI and Special Counsel, including the indemnification

terms contained therein (the "SA"), and the Statement of Work dated as of September 15, 2009 by and between NNI on the one hand and Special Counsel on the other (the "SOW" and together with the SA, the "Agreement").

3. The terms and conditions set forth in the Agreement (except for the arbitration clause discussed herein) including, without limitation, the Fee Structure and indemnification obligations pursuant to the indemnification provisions of the Agreement, are approved pursuant to section 328(a) of the Bankruptcy Code. Notwithstanding the arbitration clause included in the Agreement, this Court shall retain jurisdiction over all issues or disputes arising out of the Agreement.

4. Special Counsel shall be compensated in accordance with the procedures and standards set forth in sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the District of Delaware, and such other procedures as may be fixed by Order of this Court.

5. The indemnification provisions set forth in the Agreement are approved, subject to the following:

    a. Subject to the provisions of subparagraph (b) and (c) below, the Debtors are authorized to indemnify, and to provide reimbursement to, and shall indemnify, and provide reimbursement to, the Indemnified Party (as defined in the Agreement) in accordance with the Agreement for any claim arising from, related to, or in connection with the services provided for in the Agreement, but not for any claim arising from, related to, or in connection with Special Counsel's postpetition performance of any other services unless such postpetition services and indemnification therefore are approved by the Court;

    b. Notwithstanding any indemnification provisions of the Agreement to the contrary, the Debtors shall have no obligation to indemnify Special Counsel or provide reimbursement to Special Counsel (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Special Counsel's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of Special

3

Counsel's contractual obligations unless the Court determines that indemnification or reimbursement would be permissible pursuant to <u>In re United Artists Theatre Co.</u>, 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (c), beneath, to be a claim or expense for which Special Counsel should not receive indemnity or reimbursement under the terms of the Agreement, as modified by this Order;

c.     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become final and no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Special Counsel believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification and/or reimbursement obligations under the Agreement (as modified by this Order), including without limitation the advancement of defense costs, Special Counsel must file an application therefor in this Court, and the Debtors may not pay any such amounts to Special Counsel before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for compensation and expenses by Special Counsel for indemnification or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify Special Counsel.

<u>6.     Special Counsel will make reasonable efforts to get all temporary attorney personnel (the "Contract Attorneys") utilized by Special Counsel in connection with any projects governed by the SOW to disclose (the "Disclosure") any conflicts the Contract Attorney may have with the Debtors. The Disclosure will be made in the form substantially attached hereto as Exhibit A and a copy of each Disclosure will be filed with the Court.</u>

<u>7.</u>     ~~4.~~ Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

4

8.  ~~5.~~ The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
       Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

**~~EXHIBIT B~~Exhibit A**

**~~EXHIBIT C~~IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- X
                                                           :
*In re*                                                    :   Chapter 11
                                                           :
Nortel Networks Inc., *et al.*,[1]                         :   Case No. 09-10138 (KG)
                                                           :
                         Debtors.                          :   Jointly Administered
                                                           :
                                                           :
---------------------------------------------------------- X

**STATEMENT OF                              
PURSUANT TO FED. R. BANKR. P. 2014 AND ORDER UNDER 11 U.S.C. §§ 327 AND 328 AUTHORIZING RETENTION AND EMPLOYMENT OF SPECIAL COUNSEL INC. *NUNC PRO TUNC* TO SEPTEMBER 15, 2009 AS A PROVIDER OF LEGAL STAFFING SERVICES TO THE DEBTORS AND DEBTORS IN POSSESSION**

I, _____, (the "Contract Attorney") have agreed to perform non-legal services on behalf of Nortel Networks Inc., and its affiliated debtors and debtors-in-possession in the above captioned cases (the "Debtors") arranged through Special Counsel, Inc ("Special Counsel").

1.      I submit this Statement in connection with the *Order Under 11 U.S.C. §§ 327 And 328 Authorizing Retention And Employment Of Special Counsel Inc. Nunc Pro Tunc To September 15, 2009 As A Provider Of Legal Staffing Services To The Debtors And Debtors In Possession* (D.I. ___) (the "Order"), entered on _____, 2009, by the United States Bankruptcy Court for the District of Delaware, which authorizes the Debtors to retain, employ, compensate and reimburse Special Counsel.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

<u>2.     The Contract Attorney hereby confirms that, to the best of his/her knowledge, information and belief, formed after due inquiry: (a) except for the proposed employment of the Contract Attorney in these chapter 11 cases, the Contract Attorney does not currently provide services to any party in any matter related to these chapter 11 cases and (b) the Contract Attorney does not represent or hold an interest adverse to the Debtors or the Debtors' estates.</u>

<u>3.     The Contract Attorney may have performed services in the past and may perform services in the future in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. The Contract Attorney does not perform services for any such person in connection with these chapter 11 cases, nor does it have a relationship with any such person or its attorneys or accountants that would be adverse to the Debtors or the Debtors' estates.</u>

<u>4.     If during the period of his/her employment, the Contract Attorney should discover any facts bearing on the matters described herein, the Contract Attorney will supplement the information contained in this Statement.</u>

<u>Dated: _____, 2009</u>

By: _____

Document comparison by Workshare Professional on Thursday, November 05, 2009 6:41:22 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://WIL-IDMS/WILM/3205629/1 |
| Description | #3205629v1<WILM> - Nortel - Special Counsel Order |
| Document 2 ID | interwovenSite://WIL-IDMS/WILM/3205629/2 |
| Description | #3205629v2<WILM> - Nortel - Special Counsel Order |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 36 |
| Deletions | 6 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 42 |