UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

```
------------------------------------------------------------x
                                      :
In re                                 :   Chapter 11
                                      :
Nortel Networks Inc., et al.,         :   Case No. 09-10138 (KG)
                                      :
           Debtors.                   :   (Jointly Administered)
                                      :
                                      :   Re: Docket Nos. 1627, 1685, 1693
                                      :   Hearing Date: November 19, 2009 at 1:00
                                      :   p.m. (ET)
                                      :
------------------------------------------------------------x
```

## LIMITED OBJECTION OF INTERNATIONAL BUSINESS MACHINES CORPORATION TO PROPOSED CURE AMOUNT

International Business Machines Corporation, on behalf of itself and certain of its affiliates (collectively, "IBM"), by and through its undersigned counsel, hereby submits this limited objection (the "Limited Objection") to the proposed cure amount set forth in the Notice of Debtors' Request for Authority to Assume and Assign Certain Contracts (the "Assumption and Assignment Notice"), [Docket No. 1693], in accordance with this Court's Order Pursuant to Bankruptcy Code Sections 105, 363 and 365 (A) Authorizing Debtors' Entry Into the Stalking Horse Asset Sale Agreement, (B) Authorizing and Approving the Bidding Procedures and Bid Protections, (C) Approving the Notice Procedures and the Assumption and Assignment Procedures, (D) Authorizing the Filing of Certain Documents Under Seal and (E) Setting a Date for the Sale Hearing (the "Bidding Procedures Order"), [Docket No. 1685].[1]

IBM files this Limited Objection to reserve its rights with respect to the correct cure amount owed to IBM in respect of the IBM contract listed on Schedule A ("Schedule A") to

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Bidding Procedures Order.

the Assumption and Assignment Notice (attached hereto as **Exhibit A**).   In support of the

Limited Objection, IBM respectfully states as follows:

## BACKGROUND

1.      IBM provides a wide array of goods and services to the Debtors,

including, without limitation, those related to machine maintenance.

2.      On January 14, 2009, the Debtors other than Nortel Networks (CALA)

Inc. commenced their voluntary bankruptcy cases pursuant to chapter 11 of title 11 of the United

States Code (the "Bankruptcy Code").[2]

3.      On October 16, 2009, the Court entered the Bidding Procedures Order,

approving the Debtors' Motion for Orders (I)(A) Authorizing Debtors' Entry Into the Stalking

Horse Asset Sale Agreement, (B) Authorizing and Approving the Bidding Procedures and Bid

Protections, (C) Approving the Notice Procedures and the Assumption and Assignment

Procedures, (D) Authorizing the Filing of Certain Documents Under Seal and (E) Setting a Date

for the Sale Hearing, and (II) Authorizing and Approving (A) the Sale of Certain Assets of

Debtors' Metro Ethernet Networks Business Free and Clear of All Liens, Claims and

Encumbrances and (B) the Assumption and Assignment of Certain Executory Contracts (the

"Sale Motion").

4.      The Debtors served the Assumption and Assignment Notice on IBM on

October 21, 2009.  On Schedule A, the IBM contract that the Debtors intend to assume and

assign is described as the "Maintenance Agreement," and the corresponding proposed cure

---

[2]      Nortel Networks (CALA) Inc. filed its voluntary petition for relief under chapter 11 of the Bankruptcy
Code on July 14, 2009.

amount is listed as $0.00. The Sale Motion requires the Assumption and Assignment Notice to, among other things, identify the contract to be assumed and assigned.

## LIMITED OBJECTION

5.      The information provided in the Assumption and Assignment Notice is insufficient for IBM to determine definitively which contract the Debtors intend to assume and assign and, accordingly, IBM has certain limited objections to the relief sought in the Assumption and Assignment Notice.

6.      As discussed, Schedule A simply describes the IBM contract that the Debtors intend to assume and assign as the "Maintenance Agreement." No further information as to the precise identity of the contract that the Debtors intend to assume and assign is provided. In the absence of more information regarding the listed contract, IBM is unable to determine definitively which contract the Debtors intend to assume and assign and the corresponding cure amount under such contract. It is the Debtors' burden to provide IBM with the information necessary to allow IBM to ascertain which contracts the Debtors actually intend to assume and to calculate the correct corresponding cure amounts.

7.      Based on the limited information available on Schedule A. IBM has made a good faith effort to identify the contract that the Debtors intend to assume and assign as that certain Technical Support Agreement between IBM and Nortel Networks Inc. effective as of January 6, 2003 (as tentatively identified and amended from time to time, the "Identified Agreement"), and disagrees with the Debtors' proposed cure amount under such agreement. The actual cure amount owed to IBM under the Identified Agreement for unpaid amounts (exclusive of additional amounts such as attorneys' fees incurred, which are as of yet unknown) is an

amount no less than $114,114.92 (the "Estimated Cure Amount").[3] A detailed breakdown of the Estimated Cure Amount is attached hereto as **Exhibit B**.

        8.     IBM generally has no objection to the assumption and assignment of the Identified Agreement in accordance with the plans set forth in the Sale Motion, provided that the correct cure amount is paid.

        9.     IBM expressly reserves its right to amend or supplement this Limited Objection, to introduce evidence supporting this Limited Objection, to be heard at a hearing with respect to this Limited Objection, and to file additional and/or supplemental objections. IBM further expressly reserves its right to payment in full of all additional unpaid amounts ("Post-Petition Amounts") owed or that will in the future be owed by the Debtors to IBM for post-petition goods and services through the proposed effective date of assignment.

## CONCLUSION

      10.     WHEREFORE, for the foregoing reasons, IBM respectfully requests that the Court (i) establish that the Estimated Cure Amount owed to IBM under the Identified Agreement as the amount of $114,114.92, (ii) authorize the Debtors to pay IBM Post-Petition Amounts without further order of the Court, (iii) authorize the Debtors to pay IBM without further order of the Court all additional cure amounts as they become known, and (iv) grant such other and further relief as this Court may deem just or proper.

---

[3]    IBM has made its best efforts to identify the correct cure amount under the Identified Agreement with the Debtors that would be subject to assumption and assignment; however given the lack of information on Schedule A, IBM reserves its right to assert additional or different cure amounts if such additional cure amounts and/or additional payments made in respect thereof become known to them.

Dated:  November 6, 2009
        Wilmington, Delaware

Respectfully submitted,

/s/Kathleen M. Miller
Kathleen M. Miller (DE 2898)
SMITH, KATZENSTEIN & FURLOW LLP
800 Delaware Avenue, 10th Floor
P.O. Box 410
Wilmington, DE 19899
Telephone:  (302) 652-8400
Facsimile:  (302) 652-8405
Email:  kmiller@skfdelaware.com

-and-

Richard A. Chesley (IL 6240877)
Hilla Uribe Jimenez (IL 6293064)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
191 North Wacker Drive, 30th Floor
Chicago, Illinois  60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100
Email:  richardchesley@paulhastings.com
        hillauribe@paulhastings.com

*Counsel for International Business Machines
Corporation and certain of its affiliates*