IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
| | |
|---|---|
| In re: | Chapter 11 |
| Nortel Networks Inc., <u>et al.</u>, | Case No. 09-10138 (KG) |
| | Jointly Administered |
| Debtors. | Hearing Date:   November 19, 2009 at 1:00 p.m. |
| | Objection Deadline:  November 6, 2009 |
---------------------------------------------------------------x

**OBJECTION OF HEWLETT-PACKARD COMPANY TO THE DEBTORS
<u>SALE OF ASSETS TO CIENA CORPORATION</u>**

Hewlett-Packard Company ("HP"), for its Objection to the Debtors' Motion for Orders (I) (A) Authorizing Debtors' Entry into the Stalking Horse Asset Sale Agreement, (B) Authorizing and Approving the Bidding Procedures and Bid Protections, (C) Approving the Notice Procedures and the Assumption and Assignment Procedures, (D) Authorizing the Filing of Certain Documents Under Seal and (E) Setting a Date for the Sale Hearing, and (II) Authorizing and Approving (A) the Sale of Certain Assets of Debtors' Metro Ethernet Networks Business Free and Clear of all Liens, Claims, and Encumbrances and (B) the Assumption and Assignment of Certain Executory Contracts (the "Bidding Procedures Motion") [Docket No. 1627], respectfully represents:

**BACKGROUND**

1.    On January 14, 2009 (the "Petition Date"), the Debtors, including Nortel Networks Inc. ("NNI"), filed their voluntary petitions for relief (the "Cases") under Chapter 11 of Title 11 of United States Code (the "Bankruptcy Code").  The Cases are being jointly administered.

-2-

2.     Pursuant to various agreements, HP sold products, including but not limited to computer and related peripheral equipment and supplies, and provided services to NNI.  NNI owes HP $1,284,946.31 for goods delivered and services provided by HP prior to the Petition Date.  While not entirely clear, it appears certain of these HP Agreements[1] relate to the business being purchased by Ciena Corporation ("Ciena").

3.     On October 7, 2009, the Debtors filed their Bidding Procedures Motion.  Pursuant to the Bidding Procedures Motion, Ciena is the Stalking Horse Purchaser for certain of the Debtors' assets.  On October 16, 2009, the Court entered an Order Approving the Bidding Procedures Motion (the "Bidding Procedures Order") [Docket No. 1685].

4.     Pursuant to the Bidding Procedures Motion and Bidding Procedures Order, on or before October 21, 2009, the Debtors were authorized to send individualized notice to counterparties of executory contracts which Ciena designates as those which might be assumed and assigned.  Further, Ciena has until three days before the November 13, 2009 auction to provide the Debtors a list of additional contracts to be assumed and assigned.

5.     The Bidding Procedures Order set November 6, 2009 (the "Objection Deadline") as the deadline to file (i) general objections to the sale of the assets to Ciena; (ii) objections to the proposed cure amount to be paid to contract counterparties; (iii) objections by contract counterparties to the adequate assurance of future performance by Ciena; and (iv) requests by contract counterparties for adequate assurance information regarding bidders other than Ciena that may participate at the auction.

---

[1] HP believe that the following contracts may impacted by sale to Ciena: (i) Master Purchase Agreement, HP #AE281, Nortel # 720710; (ii)  Master Services Agreement, HP # SVCOO308, Nortel # 05-689; and (iii) HP # SVC00041, Nortel # 910130.

HOU:2969912.4

**OBJECTION**

6. HP files this objection requesting clarity as to the Debtors' proposed treatment of the HP agreements relevant to the proposed Ciena sale and adequate assurance information regarding Ciena and any other bidders other than Ciena that may participate at the auction.

7. The Bankruptcy Court previously approved sales of the Debtors' assets to other third parties – which included substantially similar procedures as those approved in the Bidding Procedures Order for notifying contract counterparties of assumption and assignment. In these previous sales, the treatment of the HP agreements has been less than clear. The Debtors' position is that HP agreements essential to the purchasers were not assumed and assigned, no cure amount is owed and the purchaser would be negotiating a new agreement directly with HP. The Debtors, however, have requested that HP execute certain accession agreements and continue to perform under the contracts with the two entities purchasing the assets as new counterparties to the contracts for an interim period until those purchasers finalize a new agreement directly with HP. For a number of reasons, including confusion over which party is obligated to pay HP under the accession agreement, which services each party wants to receive, the pricing for such services, and language relieving Nortel from certain liability, HP has not signed the accession agreements.

8. HP has no objection in principle to the HP agreements being assumed and assigned to Ciena pursuant to Section 365(f) of the Bankruptcy Code with the Debtors paying the appropriate cure amount and providing adequate assurance of performance. The proper mechanism for ensuring that HP is paid under the agreements is for the Debtors to assume the HP agreements and perform all obligations until HP and Ciena reach a new agreement, not shifting the burden to HP to determine which contracts are in force and with which counterparties HP is doing business. For example, if these HP agreements follow the same

accession agreement process, HP could end up with three parties (four, if you include Nortel) to these agreements.

9. At the time of filing this Objection, HP has not received a notice of assumption and assignment of the HP agreements to Ciena. Ciena has until three days prior to the auction to provide the Debtors with a final list of assumed and assigned contracts. This date is after the Objection Deadline. Accordingly, HP (i) states its position that it will not enter into any accession agreements with the Debtors and Ciena regarding the HP agreements; (ii) reserves its right to object to any proposed cure amount associated with the assumption and assignment of the HP agreement; and (iii) requests adequate assurance information regarding Ciena and any bidders other than Ciena that may participate at the auction.

WHEREFORE, HP requests that the Court enter an order in accordance with this objection and grant to HP such other and further relief as is just and proper.

Respectfully submitted this 6th day of November, 2009.

**ANDREWS KURTH LLP**

By: /s/ Jonathan Levine
Jonathan Levine, Esq. (NYS Bar Number JL-9674)
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 850-2800
Facsimile: (212) 850-2929

Counsel to Hewlett-Packard Company