IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NORTEL NETWORKS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>(Jointly Administered)<br><br>Hearing Date: November 19, 2009 at 1:00 p.m.<br>Objection Deadline: November 6, 2009 at 4:00 p.m.<br>(Extended to November 10, 2009 for Linex)<br><br>Ref. Nos. 1627, 1685 & 1687 |

## LINEX TECHNOLOGIES, INC.'S LIMITED OBJECTION TO DEBTORS' PROPOSED SALE OF THE "MEN BUSINESS" TO CIENA OR HIGHEST AND BEST BIDDER

Linex Technologies, Inc. ("Linex") files this limited objection to the Debtors' proposed sale of the Metro Ethernet Business (the "MEN Business") to the Ciena Corporation ("Ciena") or to any other highest and best bidder, and states as follows:

### Preliminary Statement

1. On October 16, 2009, the Court entered the Order Pursuant to Bankruptcy Code Sections 105, 363 and 365 (A) Authorizing Debtors' Entry Into The Stalking Horse Asset Sale Agreement, (B) Authorizing And Approving The Bidding Procedures And Bid Protections, (C) Approving The Notice Procedures And The Assumption And Assignment Procedures, (D) Authorizing The Filing Of Certain Documents Under Seal And (E) Setting A Date For The Sale Hearing [Docket No. 1685] (the "Bid Procedures Order").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

{200.000-W0003954.}

2. Prior to filing this limited objection, Linex contacted Debtors' counsel to discuss its limited concerns with respect to the proposed sale and, more specifically, the proposed sale order. While the parties were discussing Linex's concerns, the Debtors' counsel provided Linex an extension through November 10, 2009 at 4:00 p.m. to file its limited objection, if necessary. Despite good faith discussions, Linex still feels it necessary to file this timely limited objection to request certain language be included in the sale order and to preserve its rights as discussed herein.

### Linex's Claims for Patent Infringement

3. Linex filed a proof of claim (Claim No. 5517) relative to its pending patent infringement litigation against Nortel et. al. in the United States District Court for the Southern District of Florida, which has been stayed with respect to Nortel ("Patent Litigation"). A copy of Claim No. 5517 is attached hereto as Exhibit A. The patents at issue in the Patent Litigation are: U.S. Patent No. 6,493,377 entitled "Distributed Network, Spread-Spectrum System" and U.S. Patent No. 7,167,503 entitled "Distributed Spread-Spectrum Network" (collectively, "Linex Patents").

4. Linex's claims against Nortel for infringing the Linex Patents are currently based on Nortel manufacturing and selling mesh networks and mesh network components, including but not limited to: the Wireless Access Point 7215, Wireless Access Point 7220, Wireless Gateway 7250, and the Optivity Network Management System ("Infringing Nortel Materials"). There may be other products, networks, or components Nortel manufactures or sells ("Other Nortel Materials") that purportedly infringe Linex Patents, but more discovery is needed with respect to the various Nortel Materials and their usage. With respect to any patent infringement

damages Linex possesses against Nortel, Linex only will look to any bankruptcy distribution it will receive on account of its above-referenced proof of claim.

### LIMITED OBJECTION

5. However, Linex recently learned of Nortel's pending auction sale of certain **unspecified** assets of Debtors' MEN Business to Ciena (or to the highest and best bidder) that were not otherwise identified in the Bid Procedures Order. Due to the lack of specificity in the Bid Procedures Order and other relevant pleadings filed in these cases regarding the assets to be sold and the technology it involves, Linex is understandably uncertain whether the sale of the MEN Business and/or its subsequent manufacturing and sales by the successful bidder will impact or infringe its patents.

6. Linex objects to the potential effect of the sale order being free and clear of any patent infringement claims it may have going forward against the successful bidder. The sale order should not give the successful bidder carte blanche to infringe the Linex Patents in perpetuity without Linex retaining any rights to seek redress or otherwise enjoin such patent infringement.

7. As referenced above, Linex contacted the Debtors to discuss this matter prior to filing its limited objection. Due to the lack of specificity in the Bid Procedures Order and sale documents that were docketed, Linex asked the Debtors to provide it on a confidential basis with a list of all Nortel Materials subject to the proposed auction sale of the MEN Business for Linex to review to determine if the sale affected any of the Linex Patents, or, in the alternative, for the sale order to include language stating that the Section 363 sale of the MEN Business would not bar any action by Linex against the successful bidder for any alleged violations of the Linex Patents.

8.  The Debtors considered Linex's request in good faith, but they declined to provide Linex on a confidential basis with a list of all Nortel Materials subject to the proposed auction sale of the MEN Business. They also declined to provide any language in the sale order to preserve Linex's rights described above. Ultimately, the Debtors proffered to Linex that the sale of the MEN Business does not include or relate to the Infringing Nortel Materials. However, they specifically clarified that they could only proffer as to whether the proposed sale involves or affects the Infringing Nortel Materials; they could not, and would not, proffer as to whether the proposed sale otherwise involves, affects or infringes upon the Linex Patents.

9.  Based on the foregoing, Linex filed this limited objection to the Debtors' proposed sale of the MEN Business to Ciena or the highest and best bidder and requests the sale order include the following language: "The Debtors' Section 363 Sale of the MEN Business to the successful bidder is not free and clear of any patent infringement claims Linex Technologies, Inc. ("Linex") may possess against the successful bidder for any use and/or sale of any product, network, component, or material that infringes any of the patents owned by Linex."

[REMAINDER OF PAGE INTENTIONALLY BLANK]

WHEREFORE, Linex respectfully requests that its limited objection be sustained and that the Court requires the sale order to include the quoted language set forth above in paragraph 9.

Dated: November 10, 2009
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____
Richard S. Cobb (No. 3157)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
P.O. Box 2087
Wilmington, DE 19899
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: cobb@lrclaw.com
       mcguire@lrclaw.com

-and-

David A. Samole (Florida Bar No. 582761)
**KOZYAK TROPIN & THROCKMORTON, P.A.**
2525 Ponce de Leon, 9th Floor
Miami, FL 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508
Email: das@kttlaw.com

*Counsel to Linex Technologies, Inc.*

{200.000-W0003954.}