IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re*                                                  : Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                       : Case No. 09-10138 (KG)
:
         Debtors. : Jointly Administered
:
: Hearing date: December 2, 2009 at 11:00 a.m. (ET)
: Objections due: November 25, 2009 at 4:00 p.m. (ET)
:
---------------------------------------------------------X

**DEBTORS' MOTION PURSUANT TO SECTIONS 501, 502 AND 1111(a)
OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2002 AND 3003(c)(3)
AND LOCAL RULE 2002-1(e) FOR AN ORDER ESTABLISHING DEADLINES
FOR FILING PROOFS OF CLAIM AGAINST NORTEL NETWORKS (CALA)
INC. AND APPROVING FORM AND MANNER OF NOTICE THEREOF**

      Nortel Networks (CALA) Inc. ("NN CALA"), Nortel Networks Inc. ("NNI") and certain of their affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion") pursuant to sections 501, 502, and 1111(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2002-1(e) and 3003-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for the entry of an order substantially in the form attached hereto as Exhibit A, (i) establishing January 25, 2010 as the deadline for certain

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

1

creditors (including, without limitation, general unsecured creditors and creditors holding claims under section 503(b)(9) of the Bankruptcy Code) and all governmental units to file proofs of claim against NN CALA (the "General NN CALA Bar Date"); (ii) providing that for any claim related to the rejection of an executory contract or unexpired lease by NN CALA, the applicable bar date by which a proof of claim in connection with such rejection of shall be the later of (a) the General NN CALA Bar Date, (b) 30 days after entry of an order authorizing such rejection, and (c) 35 Days after the Debtors file and serve by e-mail or overnight courier a notice of the rejection of such executory contract or unexpired lease (the "Rejection Bar Date"); (iii) establishing the last day for filing a proof of claim against NN CALA in respect of any amended, scheduled claim as 20 days after the Debtors send via first class U.S. mail notice of NN CALA's amended schedules identifying such claimant as the holder of a disputed, contingent or unliquidated claim (the "Amended Schedule Bar Date" and, collectively with the General NN CALA Bar Date and the Rejection Bar Date, the "NN CALA Bar Dates"); (iv) approving the form, timing and manner of notice of the NN CALA Bar Dates and (vi and granting such other and further relief as the Court deems just and proper. In support of this Motion, NN CALA respectfully represents as follows:

**Jurisdiction**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 501, 502, and 1111(a) of the Bankruptcy Code.

**Background**

**A.     Introduction**

3.      On January 14, 2009 (the "Petition Date"), Nortel Networks Inc. and its affiliated debtors other than NN CALA, as debtors and debtors in possession, (collectively, the "Original Debtors"),[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February 27, 2009, this Court entered an order

---

[2] The Original Debtors in the Nortel Networks Inc. chapter 11 cases are: Nortel Networks Inc., Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc. and Nortel Networks Cable Solutions Inc.

[3] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.  In addition, at 8 p.m. (London time) on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators").  On May 28, 2009, at the request of the Joint Administrators, the Commercial Court of Versailles, France (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA will continue to operate as a going concern for an initial period of three months.  In accordance with the European Union's Council Regulation (EC) No 1346/2000 on Insolvency Proceedings, the English law proceedings remain the main proceedings in respect of NNSA. On June 8, 2009, Nortel Networks UK Limited ("NNUK") filed petitions in this Court for recognition of the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.  On June 26, 2009, the Court entered an order recognizing the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

6. On January 15, 2009, this Court entered an order of joint administration pursuant to Bankruptcy Rule 1015(b) that provided for the joint administration of these cases and for consolidation for procedural purposes only.

7. On January 26, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section

---

[4] The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

1102(a)(1) of the Bankruptcy Code [D.I. 141-142]. An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

8. On July 14, 2009 (the "NN CALA Petition Date"), NN CALA, an affiliate of NNI, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On July 15, NN CALA and the Original Debtors filed motions seeking (i) joint administration and consolidation of NN CALA's chapter 11 case with the Debtors' chapter 11 cases for procedural proposes, and (ii) the application to NN CALA of certain previously entered orders in the Debtors' chapter 11 cases.

9. On July 15, 2009, the Original Debtors filed a motion fixing deadlines and establishing procedures for filing proofs of claim against the Original Debtors and approving the form and manner of service thereof. The motion did not seek to establish a bar date for claims against NN CALA. On August, 4, 2009, the Court entered an order granting the motion [D.I. 1280]. Through this Motion, the Debtors now seek to establish a bar date for claims against NN CALA.

**B.    Original Debtors' Corporate Structure and Business**

10. A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases are set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications (the "First Day Declaration").

**C.    NN CALA Corporate Structure and Business**

11. NN CALA is one of the Nortel entities that operates in the Caribbean and Latin America ("CALA") region. NN CALA's businesses consist of the same Carrier (including CDMA, GSM and CVAS), Enterprise and MEN businesses conducted by the other Nortel

entities, as described in the First Day Declaration. A substantial majority of NN CALA's customers are foreign companies and governmental entities in the CALA region.

12. NN CALA is a direct subsidiary of NNI, with headquarters in Sunrise, Florida. All of Nortel's business activities in the CALA region were originally conducted by NN CALA. Beginning in the 1980s, Nortel formed direct subsidiaries of NNL to operate locally in the various countries in which they are incorporated. NNL currently has thirteen direct subsidiaries in various countries in the CALA region, including Argentina, Brazil, Bolivia, Chile, Colombia, Ecuador, Mexico, Paraguay, Peru, Venezuela, and Uruguay. NN CALA has two direct subsidiaries, Nortel Networks de Guatemala, Ltda., and Nortel Trinidad and Tobago Limited, as well as a minority ownership interest in Nortel Networks de Colombia, S.A.

**D. Approval of Uniform Procedures for Section 503(b)(9) Claims**

13. On, April 9, 2009, the Court entered an *Order Establishing and Implementing Uniform Procedures Regarding Section 503(b)(9) Claims* [D.I. 590] (the "Section 503(b)(9) Claims Order") which (i) established procedures for the filing and resolution of claims asserted pursuant to section 503(b)(9) of the Bankruptcy Code and (ii) approved a specific claim form for asserting Section 503(b)(9) claims (the "Section 503(b)(9) Claim Form," attached as Exhibit A to the Section 503(b)(9) Order).

**Relief Requested and Basis for Relief**

14. By this Motion, the Debtors request an order establishing a claims bar date for NN CALA in furtherance of its reorganization case. The Debtors have made substantial progress to date, including that on April 20, 2009 and May 29, 2009, the Debtors filed their Schedules of Assets and Liabilities (the "Schedules") [D.I. 616-627, 801-810] and on September 11, 2009, NN CALA filed its Schedules of Assets and Liabilities (the "NN CALA Schedules") [D.I. 1477, 1478]. On November 4, 2009 and November 6, 2009, the Debtors amended their Schedules and

Statements of Financial Affairs (the "Amended Schedules") [D.I. 1811-1825, 1837]. To proceed with the development of a plan of reorganization, the Debtors will need complete and accurate information describing the nature, validity, amount and status of all claims that will be asserted against NN CALA in addition to those listed on NN CALA's Schedules. Therefore, the Debtors request that the Court establish the Bar Dates set forth below.

15. Bankruptcy Rule 3003(c)(3) authorizes the Court to fix a deadline before which proofs of claim must be filed and Local Rule 2002-1(e) provides that "[i]n all cases under chapter 11, the debtor may request a bar date for the filing of proofs of claim or interest." If creditors whose claims have been scheduled as disputed, contingent or unliquidated or whose claims have not been scheduled wish to be treated as creditors for such claims for purposes of voting and distribution, Bankruptcy Rule 3003(c)(2) requires such creditors to file a proof of claim before the deadline established by the Court.

16. When setting a bar date, Bankruptcy Rule 2002(a)(7) requires that all parties in interest must generally receive at least 20 days notice of any bar dates established under Bankruptcy Rule 3003(c)(3). Also, pursuant to section 502(b)(9) of the Bankruptcy Code, governmental units must be given a minimum of 180 days after the Petition Date.

17. Consequently, the Debtors request that the Court establish the proposed NN CALA Bar Dates described beneath and set January 25, 2010, as the General NN CALA Bar Date for all parties in interest and all governmental units. As NN CALA filed its Schedules on September 11, 2009, the NN CALA Bar Dates will provide all creditors ample time to review the Schedules and prepare any proofs of claim. Furthermore, since the Debtors will provide notice of the NN CALA Bar Dates on or before December 10, 2009, creditors will have received notice of the NN CALA Bar Dates well in excess of 20 days prior to the NN CALA Bar Dates, as

required by Bankruptcy Rule 2002(a)(7). Finally, the NN CALA Bar Dates also will comply with the notice requirements for governmental units established by Section 502(b)(9) of the Bankruptcy Code because the General NN CALA Bar Date is more than 180 days after the NN CALA Petition Date.

**A.  Creditors Who Must File Proofs of Claim**

18.  <u>General NN CALA Bar Date</u>:  The Debtors request that the Court establish January 25, 2010 as the General NN CALA Bar Date by which any Entity[5] holding prepetition claims against NN CALA must file its proofs of claim, if any.  Except as provided below, the General NN CALA Bar Date would apply to all Entities holding claims (whether secured, priority, unsecured or general unsecured) that arose on or prior to the NN CALA Petition Date. The General NN CALA Bar Date would also apply to all governmental units holding claims against NN CALA that arose on or prior to the NN CALA Petition Date, including governmental units with claims against NN CALA for unpaid taxes, whether such claims arise from prepetition tax years or prepetition transactions to which NN CALA was a party.

19.  The General NN CALA Bar Date would apply to all prepetition claims asserted by such Entities, except that the following Entities would not need to file proofs of claim:

(a)  Any Entity that has already filed a proof of claim against NN CALA with the Clerk of the Bankruptcy Court for the District of Delaware or the Claims Agent (as defined below) in a form substantially similar to Official Form No. 10 and/or the 503(b)(9) Claim Form;

(b)  Any Entity whose claim is listed on the Schedules filed by NN CALA, provided that (i) the claim is <u>not</u> scheduled as "disputed," "contingent" or "unliquidated"; <u>and</u> (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules; <u>and</u> (iii) the claimant does not dispute that the claim is an obligation of NN CALA against which the claim is listed in the Schedules;

---

[5] The term "Entity" as used herein has the meaning ascribed to it in Section 101(15) of the Bankruptcy Code.  11 U.S.C. § 101(15) ("'entity' includes person, estate, trust, governmental unit, and United States trustee").

8

(c) Any holder of a claim against NN CALA that heretofore has been allowed by order of this Court;

(d) Any Entity whose claim against NN CALA has been paid in full by NN CALA pursuant to an order of this Court;

(e) Any holder of a claim against the NN CALA for which specific deadlines have previously been fixed by this Court;

(f) Any debtor, nondebtor affiliate of the Debtors or Canadian Debtors, or any of their direct or indirect subsidiaries holding a claim against NN CALA;

(g) Any Entity having a claim against any of the nondebtor affiliates or subsidiaries of the Debtors;

(h) Any holder of a claim against NN CALA allowable under section 503(b) and section 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under Section 503(b)(9) of the Bankruptcy Code, which claims holders shall be required to file a proof of claim pursuant to paragraph 22 hereof);

(i) Any claims of officers and/or directors, who are officers and/or directors as of August 1, 2009, for indemnification and/or contribution arising from such officer's and/or director's service to NN CALA or any of NN CALA's non-debtor affiliates; provided, however, that such officers and/or directors must file proofs of claims so as to be actually received by the applicable Bar Date for all other claims arising before the NN CALA Petition Date against NN CALA;

(j) Holders of equity security interests in NN CALA need not file proofs of interest with respect to the ownership of such equity interests, provided, however, that if any such holder asserts a claim against NN CALA that arises out of or relates to the ownership (including a claim relating to the purchase or sale) of such equity interest, a proof of such claim must be filed on or prior to the General Bar Date.

20. Pursuant to the Section 503(b)(9) Order, the Debtors further request that the Court establish January 25, 2010 (the General NN CALA Bar Date) as the deadline for filing claims under Section 503(b)(9) of the Bankruptcy Code. The Section 503(b)(9) Order requires claimants to use the Section 503(b)(9) Claim Form to file such claims.

21. Rejection Bar Date: The Debtors anticipate that certain creditors may assert claims in connection with NN CALA's rejection of executory contracts or unexpired leases

9

pursuant to Section 365 of the Bankruptcy Code. The Debtors propose that for any claim related to a rejection (collectively, the "Rejection Damage Claims") that is approved by an order of the Court or the service of a notice in accordance with rejection procedures that have been or may be established by the Court, in either case entered after entry of the Bar Date Order but before confirmation of the Plan, the Rejection Bar Date shall be the latter of i) the General NN CALA Bar Date, ii) 30 days after entry of an order authorizing such rejection, or iii) 35 days after NN CALA files or serves by email or overnight courier a notice of the rejection or such executory contract or unexpired lease pursuant to the *Order Approving Procedures for the Rejection of Executory Contracts and Unexpired Leases and the Abandonment of Certain Assets Related Thereto* [D.I. 510].

22. <u>Amended Schedule Bar Date</u>: The Debtors propose that the Amended Schedule Bar Date for the filing of proofs of claims against NN CALA in respect of any disputed, contingent or unliquidated claims listed on any amended schedule (the "Amended Schedule") shall be 20 days after the Debtors send via first class U.S. mail a notice of the relevant Amended Schedule identifying such claim.

23. Any Entity whose prepetition claim is not listed or is improperly classified in the Schedules, is listed in an amount disputed by such Entity, or is listed as disputed, contingent or unliquidated and that desires to participate in the chapter 11 case of NN CALA or share in any distribution in the chapter 11 case of NN CALA must file a proof of claim on or before the applicable Bar Date. Any Entity that relies on the Schedules will bear responsibility for determining that its claim is accurately listed therein.

24. The Debtors shall retain the right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected on the NN CALA Schedules as to

amount, liability, classification or otherwise; or (b) subsequently designate any claim as disputed, contingent or unliquidated; <u>provided</u>, <u>however</u>, that if the Debtors amend the NN CALA Schedules to designate a claim as disputed, contingent or unliquidated or to change the amount, nature or classification of a claim reflected therein, then the affected claimant shall have until the Amended Schedule Bar Date to file a proof of claim against NN CALA or to amend any previously filed proof of claim against NN CALA in respect of such amended claim. Nothing set forth herein shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

**B.      Effect of Failure to File Proof of Claim**

25.     Pursuant to Bankruptcy Rule 3003(c)(2), any Entity that is required to file a proof of claim against NN CALA in its chapter 11 case (pursuant to the Bankruptcy Code, the Bankruptcy Rules or the Bar Date Order) with respect to a particular claim against NN CALA, but that fails to do so by the applicable NN CALA Bar Date, should be forever barred, estopped and enjoined from asserting any claim (or filing a proof of claim with respect thereto) against NN CALA or NN CALA's estate that such Entity has that, if scheduled, (a) is in excess of the amount set forth in the Schedules as liquidated, undisputed and not contingent or (b) is for a different amount, nature or classification; NN CALA and its estate shall be forever discharged from any and all indebtedness or liability with respect to such claim; and such Entity shall neither be permitted to vote on any plan or plans of NN CALA nor participate in any distribution in its chapter 11 case on account of such claim. In addition, such Entity shall not be entitled to any further notice in NN CALA's chapter 11 case with respect to such claim.

C. **Procedures for Providing Notice of Bar Dates and Filing Proofs of Claim**

26. The Third Circuit has explained that, "For notice purposes, bankruptcy law divides claimants into two types, 'known' and 'unknown.' Known creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date. For unknown claimants, notification by publication will generally suffice." Chemetron Corp. v. Jones, 72 F.3d 341, 346 (3d Cir. 1995) (internal citations removed).

27. Accordingly, the Debtors propose to serve on all known Entities holding potential prepetition claims against NN CALA, as appropriate, (a) a notice of the NN CALA Bar Dates substantially in the form of the notice attached hereto as Exhibit C (the "Bar Date Notice"), (b) a proof of claim form attached hereto as Exhibit B (the "Proof of Claim Form"), which substantially conforms to Official Form No. 10, and (c) a Section 503(b)(9) Claim Form (together with the Bar Date Notice and the Proof of Claim Form, the "Bar Date Package"). The mailing of the Bar Date Package prior to December 10, 2009 will ensure that creditors of NN CALA receive no less than 40 days notice of the Bar Dates, which notice exceeds the minimum 20-day notice period provided by Bankruptcy Rule 2002(a)(7).

28. The Debtors intend to mail the Bar Date Package by first class U.S. mail to:

    (a)    the United States trustee;

    (b)    counsel to the Committee;

    (c)    all Entities that have requested notice of the proceedings in the chapter 11 cases as of the date of the Bar Date Order;

    (d)    counsel to the Bondholder Group;

    (e)    counsel to any other official committee that may be appointed in these chapter 11 cases;

    (f)    all Entities that have filed claims against NN CALA as of the date of the Bar Date Order;

(g) all known creditors of NN CALA and other known holders of claims against NN CALA as of the date of the Bar Date Order, including all Entities listed in the Schedules as holding claims;

(h) all parties to executory contracts and unexpired leases with NN CALA, using the last known address;

(i) all parties to litigation with NN CALA using the last known address;

(j) the Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units; and

(k) such additional Entities as deemed appropriate by the Debtors.

29. The Proof of Claim Form shall indicate whether the Entity's claim is listed on the Schedules, and whether the claim is listed as disputed, contingent or unliquidated. If a claim is listed on the Schedules in a liquidated amount that is not disputed or contingent, then the dollar amount of such claim (as listed on the Schedules) also shall be set forth on the Proof of Claim Form.

30. The Debtors also propose to provide notice of the NN CALA Bar Dates to Entities whose names and addresses are unknown to the Debtors. Accordingly, pursuant to Bankruptcy Rule 2002(l),[6] the Debtors request authority to publish notice of the NN CALA Bar Dates substantially in the form of notice attached hereto as Exhibit D (the "Publication Notice") no later than 30 days before the General NN CALA Bar Date in The Globe and Mail and The Wall Street Journal (national and global editions). This Court has frequently approved publication in The Wall Street Journal and other major newspapers as a means of providing adequate notice to unknown creditors. See, e.g., In re Nortel Networks Inc., Case No. 09-10138 (KG) (Bankr. D. Del. August 4, 2009); In re Tribune Co., Case No. 08-13141 (KJC) (Bankr. D. Del. March 26, 2009); In re Netversant Solutions, Inc., Case No. 08-12973 (PJW) (Bankr D. Del.

---

[6] Bankruptcy Rule 2002(l) provides that "[t]he court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(l).

Feb. 20, 2009). Additionally, NN CALA will post a copy of the Publication Notice and Proof Claim Form on http://chapter11.epiqsystems.com/nortel, the independent website maintained by the Claims Agent. The Debtors respectfully request that the Court approve the Publication Notice and find that the Debtor's proposed procedures regarding the Publication Notice shall be deemed good, adequate and sufficient notice of the NN CALA Bar Date.

**E.  Supplemental Bar Dates, If Necessary**

31. After the initial mailing of the Bar Date Package, the Debtors anticipate it may be appropriate to make supplemental mailing of notices in a number of situations, including, without limitation, where: (a) Bar Date Packages are returned by the post office with forwarding addresses (unless notices are returned as "return to sender" without a forwarding address, in which cases the Debtors will not be required to mail additional notices to such creditors); (b) certain parties acting on behalf of parties in interest decline to pass along the Bar Date Packages to such parties in interest, and instead return their names and addresses to the Debtors for direct mailing; and (c) additional potential claimants become known as a result of the Bar Date notice process. In this regard, the Debtors request that the Court permit supplemental mailings of the Bar Date Packages by the Debtors at any time up to 20 days in advance of the applicable Bar Date, with such mailing of the Bar Date Package being deemed timely and the Bar Date being applicable to the recipient creditors. The Debtors believe that these proposed supplemental mailings will help to facilitate the claims resolution process and ease the administrative burden on the Debtors.

32. Further, the Debtors anticipate that it may be appropriate to establish supplemental bar dates in these Chapter 11 Cases on a very limited basis where it is necessary to ensure all known and unknown creditors receive notice of the bar date. To minimize any time

and expense associated with having to seek subsequent bar date orders from the Court, the Debtors request that they be permitted to establish supplemental bar dates, upon written consent of the Committee, with respect to, among others (a) creditors who were initially mailed notice of the applicable Bar Date, but as to which a re-mailing of the kind described in paragraph 33 above is appropriate, but cannot be accomplished in time to provide at least 20 days notice of the applicable Bar Date, and (b) other creditors that become known to the Debtors after the applicable Bar Date.

33. The Debtors propose to advise the Court of any supplemental bar date by filing a supplemental bar date notice, which identifies the supplemental bar date and the claimants that are subject thereto.

34. The Debtors further request that they be permitted to provide 20 days' notice of any supplemental bar date because that date may be established later in the case at a time when delay resulting from an extended notice period could hinder the progress of these Chapter 11 Cases.

F. **Procedure for Filing Proofs of Claim**

35. Each Entity holding a claim against NN CALA that is required to file proof of such claim will be required to deliver the Proof of Claim Form (or a proof of claim form substantially similar to Official Form No. 10) or a Section 503(b)(9) Claim Form for claims asserted under Section 503(b)(9) of the Bankruptcy Code, together with supporting documents, if any, by first class U.S. mail, postage prepaid to:

> Nortel Networks Inc. Claims Processing Center
> c/o Epiq Bankruptcy Solutions, LLC
> FDR Station, P.O. Box 5075
> New York, NY 10150-5075

or, if sent by hand delivery or overnight courier, to:

> Nortel Networks Inc. Claims Processing Center
> c/o Epiq Bankruptcy Solutions, LLC
> 757 Third Avenue, 3rd Floor
> New York, NY 10017

The claim forms must be appropriately completed and signed, so as to be received on or before the General NN CALA Bar Date, or other applicable date as set forth herein. Proof of claim forms sent by facsimile or telecopy will not be accepted. The Debtors request that the Court order that all proofs of claim be deemed timely filed only if <u>actually</u> <u>received</u> by the Claims Agent on or before 4:00 p.m. (prevailing Eastern Time) on the applicable Bar Date.

36. Proofs of claim must (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in lawful United States currency; provided, however, that the Debtors shall have the right to convert a claim denominated in non-U.S. currency into U.S. currency using the Reuters closing rate as of the Petition Date, unless the Debtors deem another date more appropriate.

37. All proofs of claim must be in substantial conformity with the Proof of Claim Form (or a proof of claim form substantially similar to Official Form No. 10) or the Section 503(b)(9) Claim Form for claims asserted pursuant to section 503(b)(9) of the Bankruptcy Code.

38. Failure to satisfy these conditions will result in such claim being deemed improperly filed pursuant to Bankruptcy Rule 3003(c).

**Claims Agent**

39. Pursuant to an order of the Court entered on January 15, 2009 [D.I. 38], Epiq Bankruptcy Solutions, LLC ("Epiq") is the claims agent ("Claims Agent") for the Court with respect to the Debtors' chapter 11 cases. In such capacity, Epiq is responsible for, among other things, maintaining the database containing the Schedules and maintaining and docketing proofs of claim that are filed in these chapter 11 cases.

40. To facilitate and coordinate the claims reconciliation and notice functions, Epiq will mail the Proof of Claim Forms together with the Bar Date Notice. Epiq has advised the Debtors that it expects to be able to complete the mailing of the Proof of Claim Forms and Bar Date Notices by December 10, 2009. By establishing January 25, 2010 as the General NN CALA Bar Date, potential claimants will have at least 40 days from the mailing of notices to file proofs of claim. Such period complies with Bankruptcy Rule 2002(a)(7) and is an adequate period of time within which to file proofs of claim.

**Reservation of Rights**

41. The Debtors reserve any rights the Debtors, or of any other party in interest, to dispute or assert offsets or defenses to any claim reflected in the Schedules.

**Cross-Border Claims Protocol**

42. In an effort to supplement the procedures for filing claims in these chapter 11 cases and in the Canadian Proceedings, the Debtors will seek this Court's and the Canadian Court's approval of a cross-border claims protocol (the "Cross-Border Claims Protocol") on the filing and determination of claims, which protocol shall be acceptable to the Debtors, the Canadian Debtors, the Monitor, the Committee and the Bondholder Group. The purpose of the

Cross-Border Claims Protocol will be to establish efficient and consistent procedures for the reconciliation of claims in these chapter 11 cases and the Canadian Proceedings.

## Notice

43. Notice of the Motion has been given to the (i) Office of the United States Trustee for the District of Delaware; (ii) the Committee; and (iii) the general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

44. No prior request for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: November 12, 2009
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors and Debtors in Possession*