## Exhibit 1

**Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re                                             :    Chapter 11
                                                  :
Nortel Networks Inc., *et al.*,[1]                :    Case No. 09-10138 (KG)
                                                  :
                                                  :    Jointly Administered
                                                  :
                            Debtors.              :    **Re: D.I. 1611**
---------------------------------------------------------------x


## STIPULATION MODIFYING THE STAY AND ALLOWING
## HEWLETT-PACKARD COMPANY TO SETOFF PREPETITION OBLIGATIONS

This stipulation (the "Stipulation") is made by and among Nortel Networks Inc. ("Nortel"), and Hewlett-Packard Company ("HP", and together with Nortel, the "Parties").

**WHEREAS**, on January 14, 2009 (the "Petition Date"), Nortel and certain of its affiliates (collectively, the "Debtors", and each, a "Debtor") filed their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which are jointly administered under case number 09-10138 (the "Bankruptcy Cases");

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

**WHEREAS**, HP receives products, services and software licenses from Nortel pursuant to The Global Solutions Partner Master Reseller Agreement, HPQ9103, dated May 20, 1999, as amended from time to time (the "GPS Agreement");

**WHEREAS**, HP owes Nortel $292,020.33 under the GPS Agreement for services provided by Nortel (the "HP Debt") prior to the Petition Date as indicated on Exhibit A – List of NNI Prefiling Invoices, which is attached hereto and incorporated by this reference;

**WHEREAS**, HP may owe Nortel additional amounts of $25,832.26 as indicated on Exhibit A under the GPS Agreement, but is currently unable to locate proper documentation for these amounts which Nortel has indicated to HP should be offset;

**WHEREAS**, pursuant to various agreements ("HP Agreements"), HP sold products, including but not limited to computer and related peripheral equipment and supplies, and provided services to Nortel. Nortel owes HP $1,284,946.31 for goods delivered and services provided by HP prior to the Petition Date (the "Nortel Debt");

**WHEREAS**, on account of the Bankruptcy Cases, pursuant to the automatic stay (the "Bankruptcy Stay"), HP is stayed from setting off the HP Debt against the Nortel Debt;

**WHEREAS**, HP has filed its Motion of Hewlett-Packard Company for Relief from Stay to Effect a Setoff on October 8, 2009;

**WHEREAS**, mutuality of obligation for setoff exist, and Nortel has agreed to the following relief and modification of the Bankruptcy Stay in order to allow HP to setoff the HP Debt against the Nortel Debt, and;

**WHEREAS**, subject to the Bankruptcy Court's approval, the Parties desire to consensually resolve this request on the terms set forth herein.

**NOW, THEREFORE**, in consideration of the foregoing recitals, which are incorporated into this Stipulation, and the covenants and conditions contained herein, the Parties hereby stipulate and agree as follows:

1. Upon Bankruptcy Court approval of this Stipulation, pursuant to sections 362(d) and 553(a) of the Bankruptcy Code, the Bankruptcy Stay is lifted and HP is granted relief from the Bankruptcy Stay to:

    a. setoff the $292,020.33 it owes to Nortel against the $1,284,946.31 owed by Nortel to HP;

    b. file an Amended Proof of Claim in the amount of $925,992.98 in the Nortel Bankruptcy Case; and

    c. should HP determine that the additional amount referenced in Exhibit "A" was validly invoiced to HP, HP may offset the additional amount of $25,832.26, provided HP gives notice of such action to Nortel and amends it proof of claim appropriately.

2. Nothing contained in this Stipulation shall operate as a waiver or modification of the Bankruptcy Stay for any purpose other than as expressly provided for herein.

3. The Parties hereby agree and acknowledge that neither this Stipulation nor anything contained herein shall constitute or be construed as; (i) an assumption or rejection of

GPS Agreement or the HP Agreements under section 365(a) of the Bankruptcy Code (to the extent such section is applicable); or (ii) a consent, either implied or expressed, by Nortel to any attempted assumption, assignment or rejection of the GPS Agreement or the HP Agreements. The rights of the Debtors or their estates to seek to assume, assign or reject the GPS Agreement or the HP Agreements, and any rights of HP to object to such attempted assumption, assignment or rejection, are hereby preserved.

4. All rights, claims, and defenses of Nortel and the Debtors against HP are reserved, including with respect to any potential avoidance actions against HP pursuant to chapter 5 of the Bankruptcy Code. All rights, claims, and defenses of HP against Nortel and the Debtors are reserved.

5. Nothing contained in this Stipulation authorizes HP or any affiliate of HP to setoff any amounts owing by or to any affiliate of Nortel.

6. Nothing in this Stipulation shall otherwise limit or affect the Debtors' rights under the Chapter 11 proceedings.

7. Nothing contained in this Stipulation shall operate as an amendment, modification, or cancellation of any part of the GPS Contract or the HP Agreements.

8. This Stipulation contains the entire agreement by and between the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

9. This Stipulation shall be construed and interpreted in accordance with the laws of the State of Delaware, without regard to the choice of law principles of the State of

Delaware. For purposes of construing this Stipulation, none of the Parties shall be deemed to have been the drafter of the Stipulation.

10. The Bankruptcy Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

11. Facsimile or other electronic copies of signatures on this Stipulation are acceptable, and a facsimile or other electronic copy of a signature on this Stipulation is deemed an original.

12. This Stipulation may be executed in counterparts, each of which is deemed an original, but when taken together constitute one and the same document.

13. This Stipulation will be effective upon approval by the Bankruptcy Court.

*[Remainder of Page Intentionally Left Blank]*

**IN WITNESS WHEREOF** and in agreement herewith, by and through their counsel, the Parties have executed and delivered this Stipulation as of the date first set forth below.

| ANDREWS KURTH LLP | NORTEL NETWORKS, INC |
|---|---|
| *[signature]* <br><br> Jonathan I. Levine (No. 9674) <br> 450 Lexington Avenue <br> New York, New York 10017 <br> Telephone: (212) 850-2800 <br> Facsimile: (212) 850-2929 <br><br> *Counsel for Hewlett-Packard Company* | By: Randal S. Izzard <br> Title: Leader, Corporate Business Indirect Procurement |

**IN WITNESS WHEREOF** and in agreement herewith, by and through their counsel, the Parties have executed and delivered this Stipulation as of the date first set forth below.

| ANDREWS KURTH LLP | NORTEL NETWORKS, INC |
|---|---|
| _____<br>Jonathan I. Levine (No. 9674)<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 850-2800<br>Facsimile: (212) 850-2929<br><br>*Counsel for Hewlett-Packard Company* | _[signature]_____<br>By: Randal S. Izzarg<br>Title: Leader, Corporate Business Indirect Procurement |