IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------X
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*, :
: Jointly Administered
:
Debtors. : Related Dkt. Nos. 1627, 1868
: Hearing Date: 11/19/09 @ 1:00 p.m.
:
:
---------------------------------------------------X

## AMENDMENT TO THE LIMITED OBJECTION OF THE AFFILIATES OF VERIZON COMMUNICATIONS INC. TO DEBTORS' REQUEST FOR AUTHORITY TO ASSUME AND ASSIGN CERTAIN CONTRACTS IN CONNECTION WITH THE SALE OF THEIR METRO ETHERNET NETWORKS BUSINESS

The affiliates of Verizon Communications Inc. (collectively, "Verizon")[1] hereby amend their Limited Objection to the Debtors' Requests For Authority To Assume And Assign Certain Contracts with Verizon (the "Assumption Requests") so as to correct the record, as stated below, with respect to one of the contracts identified in the Assumption Requests that were served on Verizon:

1. In paragraph 20 of section II(B) of its original Limited Objection, Verizon objected to the Debtors' request to assume and assign a so-called MERS System Deployment Agreement (the "MERS Agreement") between the parties based on Verizon's understanding at the time that the MERS Agreement had been terminated and was no longer in force or eligible for assumption and assignment under section 365 of the Bankruptcy Code.

---

[1] The definition of Verizon includes, without limitation, all wholly-owned subsidiaries of Verizon Communications Inc. (including, without limitation, Verizon Corporate Services Group Inc., Verizon Services Corp., Verizon Network Integration Corp., Verizon Business Network Services Inc., Verizon Select Services Inc.,

2. Since filing its original Limited Objection, Verizon has investigated further and determined that the MERS Agreement was not actually terminated and technically remains in effect. Accordingly, Verizon hereby withdraws section II(B) of its original Limited Objection. Verizon also notes, however, that the MERS Agreement is an as-ordered contract only; that is, it does not require Verizon to purchase any stipulated volume of products or services from the Debtors, or in fact, any products or services at all. In addition, Verizon notified the Debtors in writing, on or about January 16, 2009, that it had selected an alternate supplier of the products and services previously purchased under the MERS Agreement, and therefore would not purchase any such products or services from the Debtors.

3. Except as expressly amended herein, Verizon's position with respect to the Assumption Requests remains as stated in its original Limited Objection.

WHEREFORE, Verizon respectfully requests that the Court

(a) sustain its Limited Objection, as expressly amended herein;

(b) condition approval of any of the Assumption Requests on the satisfaction of all of Verizon's objections and concerns identified in its Limited Objection, as expressly amended herein, and specifically by requiring the NGADM Agreement or any other Assigned Contract with Verizon to be assumed and assigned in its entirety, by requiring the Purchaser to fully and unconditionally assume the Indemnification Provisions and any other provisions contained in such Assigned Contracts; and

(c) afford Verizon such other and further relief as this Court may deem just and proper.

MCI Communications Services, Inc. d/b/a Verizon Business Services and the local operating telephone company subsidiaries of Verizon Communications Inc.) and Cellco Partnership d/b/a Verizon Wireless.

Dated: November 17, 2009

Respectfully submitted,

ARNALL GOLDEN GREGORY LLP
Darryl S. Laddin
Frank N. White
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363
(404) 873-8500
dladdin@agg.com

-and-

SMITH, KATZENSTEIN & FURLOW LLP

/s/ Kathleen M. Miller
Kathleen M. Miller, Esq. (No. 2898)
800 Delaware Avenue, 10th Floor
P. O. Box 410
Wilmington, DE 19899
(302) 652-8400
kmiller@skfdelaware.com

ATTORNEYS FOR VERIZON