**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------X
                                                           :
                                                           :    Chapter 11
In re                                                      :
                                                           :    Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,¹                             :
                                                           :    Jointly Administered
                          Debtors.                         :
                                                           :
                                                           :    RE: D.I. _____
                                                           :
-----------------------------------------------------------X
```

### ORDER UNDER 11 U.S.C. §§ 327 AND 328 AUTHORIZING EMPLOYMENT AND RETENTION OF GLOBAL IP LAW GROUP, LLC *NUNC PRO TUNC* TO OCTOBER 13, 2009 AS INTELLECTUAL PROPERTY CONSULTANT TO THE DEBTORS AND DEBTORS IN POSSESSION

Upon the application dated October 30, 2009 (the "Application"),² of Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Application, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), (i) authorizing the Debtors to employ and retain Global IP Law Group, LLC. ("Global IP") as intellectual property consultant to the Debtors, *nunc pro tunc* to October 13, 2009, (ii) approving the terms

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
                                                            :
                                                            :   Chapter 11
*In re*                                                     :
                                                            :   Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                          :
                                                            :   Jointly Administered
                              Debtors.                      :
                                                            :
                                                            :   RE: D.I. 1796
                                                            :
------------------------------------------------------------X

### ORDER UNDER 11 U.S.C. §§ 327 AND 328 AUTHORIZING EMPLOYMENT AND RETENTION OF GLOBAL IP LAW GROUP, LLC *NUNC PRO TUNC* TO OCTOBER 13, 2009 AS INTELLECTUAL PROPERTY CONSULTANT TO THE DEBTORS AND DEBTORS IN POSSESSION

Upon the application dated October 30, 2009 (the "Application"),[2] of Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Application, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), (i) authorizing the Debtors to employ and retain Global IP Law Group, LLC. ("Global IP") as intellectual property consultant to the Debtors, *nunc pro tunc* to October 13, 2009, (ii) approving the terms

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

and conditions under which Global IP will be retained and compensated at the expense of the Debtors' estates, including certain limited indemnification rights, and (iii) granting them such other and further relief as the Court deems just and proper; and upon the Declaration of Steven G. Steger in Support of Debtors' Application for An Order Authorizing Employment and Retention of Global IP Law Group, LLC *nunc pro tunc* to October 13, 2009 as Intellectual Property Consultant to the Debtors and Debtors in Possession, attached as Exhibit B to the Application (the "Steger Declaration")**; and upon the Supplemental Declaration of Steven G. Steger in Support Of Debtors' Application For An Order Authorizing Employment And Retention Of Global IP Law Group, LLC *nunc pro tunc* to October 13, 2009 as Intellectual Property Consultant to the Debtors and Debtors in Possession [D.I. 1895]**; and adequate notice of the Application having been given as set forth in the Application; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief requested in the Application, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Bankruptcy Rule 2014-1, the Debtors are authorized to retain and employ Global IP as intellectual property consultant to the Debtors, *nunc pro tunc* to October

2

13, 2009, under the terms and conditions set forth in that certain Revised Response to Request For Proposal (the "RFP") and the Master Consulting Agreement (the "MCA" and, together with the RFP, the "Agreement") by and between NNI, NNL, NNUK, and NN Ireland on the one hand and Global IP on the other, dated as of October 15, 2009.

3. The terms and conditions set forth in the Agreement, including, without limitation, the Fee Structure, and the indemnification and reimbursement obligations pursuant to the indemnification provisions of the Agreement, are approved pursuant to section 328(a) of the Bankruptcy Code. The Debtors shall be jointly and severally liable for such compensation and reimbursement of expenses.

4. Prior to making any payment to NNL for NNI's share of the professional services rendered and expenses incurred by Global IP in connection with these chapter 11 cases, NNI will file a motion with the Court for approval of such costs, in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any other applicable procedures and orders of the Court and consistent with the proposed compensation set forth in the Agreement (the "Fee Structure"), **provided that such motion will be subject to the same noticing and objection periods prescribed by the Administrative Order Pursuant To 11 U.S.C. §§ 105(a) And 331, Fed. R. Bankr. P. 2016 And Del. Bankr. L.R. 2016-2 Establishing Procedures For Interim Compensation And Reimbursement Of Fees And Expenses For Professionals And Official Committee Members [D.I. 222]**. Such motion will provide the Court with the same level of detail as is customarily contained in a fee application filed pursuant to sections 330 and 331 of the Bankruptcy Code.

5. Notwithstanding anything in this Order to the contrary, the United States Trustee for the District of Delaware shall retain all rights to object to the Fee Structure based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6. The indemnification provisions set forth in the Agreement are approved, subject to the following:

   a. For the avoidance of doubt, the Debtors shall be jointly and severally liable with their affiliates who are parties to the Agreement for all obligations pursuant to the Agreement as they relate to this engagement;

   b. Subject to the provisions of subparagraph (c) and (d) below, the Debtors are authorized to indemnify, and to provide reimbursement to, and shall indemnify, and provide reimbursement to, the Indemnified Party (as defined in the Agreement) in accordance with the Agreement for any claim arising from, related to, or in connection with the services provided for in the Agreement, but not for any claim arising from, related to, or in connection with Global IP's postpetition performance of any other services unless such postpetition services and indemnification therefor are approved by the Court;

   c. Notwithstanding any indemnification provisions of the Agreement to the contrary, the Debtors shall have no obligation to indemnify Global IP or provide reimbursement to Global IP (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Global IP's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of Global IP's contractual obligations unless the Court determines that indemnification or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (d), beneath, to be a claim or expense for which Global IP should not receive indemnity or reimbursement under the terms of the Agreement, as modified by this Order;

<u>5</u>

    d.  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become final and no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Global IP believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification and/or reimbursement obligations under the Agreement (as modified by this Order), including without limitation the advancement of defense costs, Global IP must file an application therefor in this Court, and the Debtors may not pay any such amounts to Global IP before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for compensation and expenses by Global IP for indemnification or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify Global IP.

7.  Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

8.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
   Wilmington, Delaware

                                                     
                               THE HONORABLE KEVIN GROSS
                               UNITED STATES BANKRUPTCY JUDGE