IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § § | |
| NORTEL NETWORKS, INC. ET AL., | § § | CASE NO. 09-10138 (KG) CHAPTER 11 |
| DEBTORS | § | *Jointly Administered* |

### RENEWAL OF LIMITED, INITIAL OBJECTION OF FREESCALE SEMICONDUCTOR, INC. TO DEBTORS' MOTION FOR ORDERS AUTHORIZING AND APPROVING (A) THE SALE OF CERTAIN ASSETS OF, AND EQUITY INTERESTS IN, DEBTORS ENTERPRISE SOLUTIONS BUSINESS, (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS AND LEASES

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Freescale Semiconductor, Inc. ("Freescale") and files this its Renewal of its Limited, Initial Objection (the "Objection") to Debtors' Motion for Orders Authorizing and Approving (A) the Sale of Certain Assets of, and Equity Interests in, Debtors' Enterprise Solutions Business, (B) the Assumption and Assignment of Certain Contracts and Leases and (the "Sale Motion"). In support thereof Freescale will respectfully show the Court:

1. On September 3, 2009, Freescale filed its Limited, Initial Objection to Debtors' Motion for Orders Authorizing and Approving (A) the Sale of Certain Assets of, and Equity Interests in, Debtors' Enterprise Solutions Business, (B) the Assumption and Assignment of Certain Contracts and Leases [Docket No. 1427] (the "Initial Objection").

2. On September 16, 2009, the Court entered an Order Authorizing and Approving (A) the Sale of Certain Assets of, and Equity Interests in, Debtors' Enterprise Solutions Business, (B) the Assumption and Assignment of Certain Contracts and Leases and (C) the Assumption and Sublease of Certain Leases (the "Sale Order"). Paragraph 27 of the Sale Order preserved the rights of the Objecting Parties:

4360267.1
50961.75

>   to seek, oppose or support (a) any assumption, assignment or rejection of any Objecting Party Agreement on any legal or factual basis, (b) adequate assurance of future performance, (c) the estimation or assertion of any proposed cure amount, (d) the assumption by the Purchaser of all obligations and liabilities under any Objection Party Agreement under Section 365 and other applicable law, including contingent, unmatured, or unliquidated claims and whether such claims arise or arose pre- or post-closing, and (e) adequate assurance for payment of such contingent, unmatured, or unliquidated claims.

3. On November 13, 2009, the Debtors filed their Form of Initial Notice of Debtors' Request for Authority to Assume and Assign Certain Customer Agreements ("the Notice"). Pursuant to Schedule A of the Notice, the parties that the Debtors' intend to be parties in interest to a Scheduled Agreement will receive an individualized Schedule A. At this time, based on the information available, Freescale has been unable to determine whether the Freescale Agreements are among the agreements to be assumed and assigned. Therefore, pursuant to the preservation of rights in the Sale Order, Freescale renews all objections asserted in its Initial Objection [Docket No. 1427] and those preserved in the Sale Order.

4. More specifically, Freescale renews (1) its objection to the assumption and assignment of the Freescale Agreements (defined in the Initial Objection as certain rebate agreements by and between Freescale and certain of the Debtors) and withholds consent to any such assignment to Avaya, Inc. until Freescale has had an opportunity to conduct due diligence, ensure that Freescale's confidential and proprietary information is protected, and to document the go-forward arrangements accordingly; (2) its objection to any cure proposed with respect to any of the Freescale Agreements, until such time as Freescale has had an opportunity to investigate the cure amount proposed; (3) its demand for adequate assurance of adequate assurance of go-forward performance; and (4) its objection and preservations of rights regarding full performance of indemnity obligations.

WHEREFORE, for the foregoing reasons, Freescale Semiconductor, Inc. respectfully requests the Court order:

(a) that Freescale shall not be obligated to perform under the Freescale Agreements following the closing of the sale to Avaya, Inc. unless and until (1) the Debtors assign the entirety of the Freescale Agreements to Avaya, Inc. in accordance with applicable law, including any and all indemnity obligations, and (2) the Debtors or Avaya, Inc. cure any defaults under the Freescale Agreements;

(b) reserving Freescale's right to challenge any proposed cure under the Freescale Agreements, or to request further adequate assurance of future performance thereunder (including the development of procedures to protect any of Freescale's confidential and proprietary information that is shared or disclosed pursuant to the Freescale Agreements); and

(c) granting such other and further relief as may be just and fitting under the circumstances.

Respectfully submitted,

BROWN MCCARROLL, L.L.P.
111 Congress Avenue, Suite 1400
Austin, TX 78701
(512) 472-5456
Kell C. Mercer
State Bar No. 24007668
Afton Sands-Puryear
State Bar No. 24060555

-and

4360267.1
50961.75

SULLIVAN · HAZELTINE · ALLINSON LLC

*/s/ William A. Hazeltine*

William A. Hazeltine (#3294)
4 East 8th Street, Suite 400
Wilmington, DE 19801
Tel.: 302-428-8191

ATTORNEYS FOR
FREESCALE SEMICONDUCTOR, INC.

# CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of November, 2009, a true and correct copy of the foregoing pleading was served, via in the manner indicated on the parties listed below.

**FIRST CLASS MAIL**
Nortel Networks Inc., ET AL.
2221 Lakeside Boulevard
Richardson, TX 75082

**HAND DELIVERY**
Andrew R. Remming
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

**HAND DELIVERY**
Ann C. Cordo
MORRIS NICHOLS ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

**HAND DELIVERY**
Derek C. Abbott
MORRIS NICHOLS ARSHT & TUNNELL
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

**HAND DELIVERY**
Eric D. Schwartz
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801

**HAND DELIVERY**
Thomas F. Driscoll, III
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19801

**FIRST CLASS MAIL & FACSIMILE**
Nancy G. Everett
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
(312) 558-5700

**FIRST CLASS MAIL & FACSIMILE**
James L. Bromley
CLEARY GOTTLIEB STEEN & HAMILTON
One Liberty Plaza
New York, NY 10006
(212) 225-3999

**HAND DELIVERY**
Peter James Duhig
BUCHANAN INGERSOLL & ROONEY PC
The Brandywine Building
1000 West Street, Suite 1410
P.O. Box 1397
Wilmington, DE 19899

**HAND DELIVERY**
Mary Caloway
BUCHANAN INGERSOLL & ROONEY PC
1000 West Street, Suite 1410
Wilmington, DE 19801

**HAND DELIVERY**
Thomas Patrick Tinker
Office of the U.S. Trustee
844 King Street, Suite 2207
Wilmington, DE 19801

**HAND DELIVERY**
Christopher M. Samis
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
One Rodney Square
Wilmington, DE 19801

_November 23, 2009_
Date

_/s/ William A. Hazeltine_
William A. Hazeltine

4360543.1
50961.75