## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X

|  |  |  |
|---|---|---|
| *In re* | : | Chapter 11 |
|  | : |  |
| Nortel Networks Inc., *et al.*, [1] | : | Case No. 09-10138 (KG) |
|  | : |  |
| Debtors. | : | Jointly Administered |
|  | : |  |

-----------------------------------------------------------X    **Objections Due:  December 14, 2009 at 4:00 p.m. (ET)**

**SECOND INTERIM APPLICATION OF SPECIAL COUNSEL, INC. AS A SERVICE PROVIDER TO DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD OCTOBER 1, 2009 THROUGH OCTOBER 31, 2009**

| | |
|---|---|
| Name of Applicant: | SPECIAL COUNSEL, INC. |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | November 6, 2009 nunc pro tunc to September 15, 2009 |
| Period for which Compensation and reimbursement is sought: | October 1, 2009 through October 31, 2009 |
| Amount of compensation sought as actual, reasonable and necessary: | $353,758.07 |
| Amount of reimbursement | |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

sought as actual, reasonable
and necessary:                        $0.00

This is an _x_ interim            _____ final application


If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 11/20/2009 | 9/15/2009 thru 9/30/2009 | $148,190.22 | |

## COMPENSATION BY PROFESSIONAL

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

October 01, 2009-October 31, 2009

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Alexander I. Anurca | Contract Attorney / Document Review | 49.50 / 71.78 | 130.40 / 70.70 | $11,529.65 |
| Yolette S. Atkinson | Contract Attorney / Document Review | 49.50 / 71.78 | 128.10 / 50.20 | $9,944.31 |
| Brian Baines | Contract Attorney / Document Review | 49.50 / 71.78 | 97.20 / 50.60 | $8,443.47 |
| Patricia Beaubrun-Reese | Contract Attorney / Document Review | 49.50 / 71.78 | 129.70 / 49.40 | $9,966.09 |
| Chris A. Blauwkamp | Contract Attorney / Document Review | 49.50 / 71.78 | 130.70 / 41.80 | $9,470.06 |
| Tammis Bortnick | Contract Attorney / Document Review | 49.50 / 71.78 | 134.00 / 35.00 | $9,145.30 |
| Adrienne R. Corley | Contract Attorney / Document Review | 49.50 / 71.78 | 138.30 / 12.20 | $7,721.57 |
| Lillian Y. Crawford-Abbensetts | Contract Attorney / Document Review | 49.50 / 71.78 | 130.90 / 31.50 | $8,740.62 |
| Dustin J. Dean | Contract Attorney / Document Review | 49.50 / 71.78 | 126.30 / 35.30 | $8,785.68 |
| Lisa Marie El | Contract Attorney / Document Review | 49.50 / 71.78 | 128.00 / 64.50 | $10,965.81 |
| Mark P. Entel | Contract Attorney / Document Review | 49.50 / 71.78 | 125.70 / 18.40 | $7,542.91 |
| Christopher Erickson | Contract Attorney / Document Review | 49.50 / 71.78 | 125.80 / 30.80 | $8,437.92 |
| Mariah Erickson | Contract Attorney / Document Review | 49.50 / 71.78 | 131.00 / 35.40 | $9,025.51 |

| Camille B. Gaffney | Contract Attorney / Document Review | 49.50 / 71.78 | 89.50 / 6.00 | $4,860.93 |
|---|---|---|---|---|
| Edward F. Gain | Contract Attorney / Document Review | 49.50 / 71.78 | 94.80 / 35.70 | $7,255.15 |
| Carisa A. Henze | Contract Attorney / Document Review | 49.50 / 71.78 | 100.20 / 56.50 | $9,015.47 |
| David Hess | Contract Attorney / Document Review | 49.50 / 71.78 | 131.50 / 22.70 | $8,138.66 |
| Andrew L. Johnston | Contract Attorney / Document Review | 49.50 / 71.78 | 113.20 / 4.10 | $5,897.70 |
| James C. Lee | Contract Attorney / Document Review | 49.50 / 71.78 | 125.40 / 21.80 | $7,772.10 |
| Lisette A. Lema | Contract Attorney / Document Review | 49.50 / 71.78 | 91.30 / 35.30 | $7,053.18 |
| Tracy A.Martin | Contract Attorney / Document Review | 49.50 / 71.78 | 127.00 / 33.00 | $8,655.24 |
| James D. Mayers | Contract Attorney / Document Review | 49.50 / 71.78 | 87.70 / 5.70 | $4,750.30 |
| Jennifer C. Moore | Contract Attorney / Document Review | 49.50 / 71.78 | 125.50 / 69.00 | $11,165.07 |
| Theresa A. Owusu | Contract Attorney / Document Review | 49.50 / 71.78 | 128.70 / 42.30 | $9,406.94 |
| M.A. Pecsek | Contract Attorney / Document Review | 49.50 / 71.78 | 86.80 / 49.80 | $7,871.25 |
| Curtis F. Randall | Contract Attorney / Document Review | 49.50 / 71.78 | 128.50 / 52.00 | $10,093.31 |
| Filip Reich | Contract Attorney / Document Review | 49.50 / 71.78 | 165.50 / 68.20 | $13,087.65 |
| Christopher A. Reidhead | Contract Attorney / Document Review | 49.50 / 71.78 | 126.00 / 63.00 | $10,759.14 |
| Amy Roth | Contract Attorney / Document Review | 49.50 / 71.78 | 166.00 / 70.00 | $13,241.60 |
| Tobi Rubin | Contract Attorney / Document Review | 49.50 / 71.78 | 89.00 / 50.80 | $8,051.92 |
| Jeremy A. Schneider | Contract Attorney / Document Review | 49.50 / 71.78 | 131.00 / 73.00 | $11,724.44 |

| Tara Sidney | Contract Attorney / Document Review | 49.50 / 71.78 | 124.60 / 9.20 | $6,828.08 |
|---|---|---|---|---|
| Brian Snyder | Contract Attorney / Document Review | 49.50 / 71.78 | 119.20 / 24.10 | $7,630.30 |
| Curtis J. Steuber | Contract Attorney / Document Review | 49.50 / 71.78 | 144.70 / 70.40 | $12,215.96 |
| Jason B. Stramel | Contract Attorney / Document Review | 49.50 / 71.78 | 146.00 / 71.90 | $12,387.99 |
| Sheree D. Tinder | Contract Attorney / Document Review | 49.50 / 71.78 | 50.80 / 12.80 | $3,433.38 |
| Ivan H. Torres | Contract Attorney / Document Review | 49.50 / 71.78 | 148.10 / 56.70 | $11,400.87 |
| Aprill S. Williams | Contract Attorney / Document Review | 49.50 / 71.78 | 132.00 / 18.90 | $7,890.64 |
| Renee E. Wolforth | Contract Attorney / Document Review | 49.50 / 71.78 | 99.50 / 24.50 | $6,683.86 |
| Joseph K. Wright | Contract Attorney / Document Review | 49.50 / 71.78 | 92.50 / 30.50 | $6,768.04 |
| **Total** | | | **6,424.80** | **$353,758.07** |
| **GRAND TOTAL:** | $353,758.07 | | | |
| **BLENDED RATE:** | $55.06 | | | |

## COMPENSATION BY PROJECT CATEGORY

Nortel Networks, Inc, *et al.*
(Case No. 09-10138 (KG))

October 01,2009-October 31, 2009

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Document Review | 6,424.80 | $353,758.07 |
| **TOTAL** | 6,424.80 | $353,758.07 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------X
                                                :
In re                                           :      Chapter 11
                                                :
Nortel Networks Inc., et al.,[1]                :      Case No. 09-10138 (KG)
                                                :
                            Debtors.            :      Jointly Administered
                                                :
-------------------------------------------------------X      Objections Due: December 14, 2009 at 4:00 p.m.
                                                       (ET)
```

### SECOND INTERIM APPLICATION OF SPECIAL COUNSEL, INC. AS SERVICE PROVIDER TO DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD OCTOBER 1, 2009 THROUGH OCTOBER 31, 2009.

Special Counsel, Inc. ("Special Counsel"), Service Provider for Nortel Networks, Inc and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), submits this application (the "Application") for interim allowance of compensation for professional services rendered by Special Counsel to the Debtors for the period October 1, 2009 through October 31, 2009 (the "Application Period") and reimbursement of actual and necessary expenses incurred by Special Counsel during the Application Period under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

1

Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing Applications

for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January

30, 1996 (the "U.S. Trustee Guidelines") and the Order Under 11 U.S.C. §§ 105(a) and 331, Fed.

R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation

and Reimbursement of Fees and Expenses for Professionals and Official Committee Members

(D.I. 222) (the "Interim Compensation Procedures Order")[2].   In support of this Application,

Special Counsel represents as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§

157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue in

this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On January 14, 2009 (the "Petition Date"), the Debtors each filed a

voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtors continue to

operate their businesses and manage their properties as debtors-in-possession pursuant to

sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the

Debtors' jointly administered bankruptcy cases.

3.      On January 26, 2009, the United States Trustee for the District of Delaware

appointed the Official Committee of Unsecured Creditors.

---

[2]     Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim
Compensation Procedures Order.

2

### SPECIAL COUNSEL'S RETENTION

4.       The Debtors engaged Special Counsel as a provider of legal staffing services in connection with these bankruptcy cases.  On November 6, 2009, this Court entered the Order Authorizing Retention And Employment Of Special Counsel Inc. *nunc pro tunc* To September 15, 2009 As A Provider of Legal Staffing Services To The Debtors And Debtors In Possession (D.I. 1840).

### FEE PROCEDURES ORDER

5.       On February 4, 2009, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

6.       In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each calendar month.  Provided that there are no objections to such Monthly Fee Application filed within twenty (20) days after the service of a Monthly Fee Application, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application.  If a partial objection to the Monthly Fee Application is filed, then the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

### RELIEF REQUESTED

7.       Special Counsel submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered as Service Provider for the Debtors in these cases for the period from October 1, 2009 through

3

October 31, 2009, and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Debtors during that same period.

8.    During the period covered by this Application, Special Counsel incurred fees in the amount of $353,758.07.  For the same period, no expenses were incurred by Special Counsel.  With respect to these amounts, as of the date of this Application, Special Counsel has received no payments.

9.    Set forth on the foregoing "Compensation by Project Category" is a summary by subject matter categories of the time expended by timekeepers billing time to these cases.

10.    During the Application Period, Special Counsel provided extensive services conducting the initial review of electronic documents for responsiveness, issue and privilege coding.  In addition, Special Counsel provided off site project space for its contract attorneys in our TurnKey Legal Centers.  The TurnKey Center included workstations with appropriate bandwidth for the team to properly conduct electronic document review.

11.    Special Counsel has endeavored to provide services to the Debtors in the most expeditious and economical manner possible.  Tasks have been assigned to attorneys, paralegals, and other support staff at Special Counsel so that work has been performed by those most familiar with the particular matter or task.

12.    The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

4

**WHEREFORE**, Special Counsel respectfully requests that this Court: (a) allow Special Counsel (i) interim compensation in the amount of $353,758.07 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period October 1, 2009 through October 31, 2009, and (ii) authorize and direct the Debtors to pay to Special Counsel the amount of $283,006.46 which is equal to the sum of 80% of Special Counsel's allowed interim compensation and; (iii) grant such other and further relief as is just.

Dated: November 24, 2009
Washington, DC

SPECIAL COUNSEL, INC.

*Julia Sweeney* signed with permission
by *Annette Anderson*

Julia Sweeney
1920 L Street NW, Ste. 550
Washington, DC 20006
Telephone: 202-737-3436
Facsimile: 202-776-0084

*Service Provider for the Debtors and Debtors in Possession*

5