**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------X
: 
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*, [1] :
: Jointly Administered
Debtors. :
: **RE: D.I.** _____
:
------------------------------------------------------------X

**ORDER (I) AUTHORIZING AND APPROVING
THE FLEXTRONICS SETTLEMENT AND RELEASE
AGREEMENT, (II) AUTHORIZING AND APPROVING THE
RELATED SIDE AGREEMENT AND (III) GRANTING RELATED RELIEF**

Upon the motion dated November 24, 2009 (the "Motion"),[2] of Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) authorizing and approving a settlement and release agreement (the "Settlement and Release Agreement"), attached thereto as Exhibit B, by and among (a) Flextronics Corporation ("FC"), Flextronics Telecom Systems Ltd. ("FTS") and certain affiliates of FC and FTS that are signatories thereto, on behalf of themselves and their respective affiliates (collectively, "Flextronics"), (b) the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Canadian Debtors, (c) the Debtors, (d) Nortel Networks B.V., Nortel Networks (Ireland) Limited, Nortel Networks Hispania, S.A., and Nortel Networks UK Ltd. (collectively, the "EMEA Entities"), and (e) the joint administrators acting on behalf of the EMEA Entities (the "EMEA Entities' Joint Administrators"); (ii) authorizing and approving the related side agreement (the "Side Agreement"), attached thereto as Exhibit C, by and among (a) the Canadian Debtors, (b) the Debtors, (c) the EMEA Entities, and (d) the EMEA Entities' Joint Administrators; and (iii) granting them such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Settlement and Release Agreement and Side Agreement are approved in their entirety.

3. The Debtors are authorized, but not directed, pursuant to sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019, to take any and all action that may be reasonably necessary or appropriate to perform their obligations arising under the Settlement and Release Agreement and Side Agreement.

4.  NNI is authorized to pay to Flextronics the Payment Obligation (as defined in Schedule B to Settlement and Release Agreement) as an administrative expense pursuant to sections 503(b) and 363 of the Bankruptcy Code, in accordance with the terms and conditions of the Settlement and Release Agreement.

5.  NNI is authorized to establish a segregated account solely for the purpose of funding the payments due to Flextronics under the Settlement and Release Agreement

6.  Pursuant to Bankruptcy Rule 9019, the Settlement and Release Agreement constitutes a full and final settlement of the Nortel Released Claims (as defined in the Settlement and Release Agreement) and the Flextronics Released Claims (as defined in the Settlement and Release Agreement).

7.  The failure to specifically describe or include any particular provision of the Settlement and Release Agreement or Side Agreement in this Order shall not diminish or impair the effectiveness of such a provisions, it being the intent of this Court that the Settlement and Release Agreement and Side Agreement be approved in their entirety.

8.  Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

9.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE