IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
: Chapter 11
:
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
:
---------------------------------------------------------X

**DEBTORS' MOTION FOR ENTRY OF AN ORDER SHORTENING
NOTICE RELATING TO DEBTORS' MOTION PURSUANT TO 11 U.S.C.
§§ 105 AND 363 AND FED. R. BANKR. P. 9019 FOR AN ORDER (I)
AUTHORIZING AND APPROVING THE FLEXTRONICS SETTLEMENT
AND RELEASE AGREEMENT, (II) AUTHORIZING AND APPROVING
THE RELATED SIDE AGREEMENT AND (III) GRANTING RELATED RELIEF**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to section 102(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) shortening notice to allow the *Debtors' Motion Pursuant to 11 U.S.C. §§ 105 and 363 and Fed. R. Bankr. P. 9019 for Entry of an Order (I) Authorizing and*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

*Approving the Flextronics Settlement and Release Agreement, (II) Authorizing and Approving the Related Side Agreement and (III) Granting Related Relief* (the "Settlement Motion"), filed contemporaneously herewith, to be considered on an expedited basis; (ii) setting December 1, 2009 at 12:00 p.m. (Eastern Time) as the deadline to file objections to the Settlement Motion (the "Objection Deadline"); and (iii) scheduling the hearing on the Settlement Motion for the omnibus hearing currently scheduled for December 2, 2009 at 11:00 a.m. (Eastern Time) (the "Hearing").[2] In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein is section 102(1) of the Bankruptcy Code, as supplemented by Bankruptcy Rules 9006 and Local Rule 9006-1(e).

## Background

**A.   Introduction**

3. On January 14, 2009 (the "Petition Date"), the Debtors, other than NN CALA (defined below), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that

---

[2] Capitalized terms used but not defined in this Motion have the meanings ascribed to them in the Settlement Motion.

provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

6.      Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings").  The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.

7.      Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.  On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA.  On February 27, 2009, this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

8.      On January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration under the

---

[3]     The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4]     The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators"). On May 28, 2009, at the request of the Joint Administrators, the Commercial Court of Versailles, France (the "French Court") (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA continued to operate as a going concern for an initial period of three months, which period was subsequently extended. On October 1, 2009, pursuant to a motion filed by the Joint Administrators, the French Court approved an order to: (i) suspend the liquidation operations relating to the sale of the assets and/or businesses of NNSA for a renewable period of two months; (ii) authorize the continuation of the business of NNSA so long as the liquidation operations are suspended; and (iii) maintain the powers of the French Administrator and Liquidator during the suspension period, except with respect to the sale of assets and/or businesses of NNSA. In accordance with the European Union's Council Regulation (EC) No. 1346/2000 on Insolvency Proceedings, the English law proceedings (the "English Proceedings") remain the main proceedings in respect of NNSA. On June 8, 2009, Nortel Networks UK Limited ("NNUK") filed petitions in this Court for recognition of the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On June 26, 2009, the Court entered an order recognizing the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

9. On January 18, 2009, certain Nortel affiliates, including Nortel Networks Israel (Sales and Marketing) Limited, filed an application with the Tel-Aviv-Jaffa District Court, pursuant to the Israeli Companies Law, 1999, and the regulations relating thereto for a stay of proceedings. On January 19, 2009, the Israeli Court appointed Yaron Har-Zvi and Avi D.

Pelossof as joint administrators of the Israeli Company under the Israeli Companies Law (the "Joint Israeli Administrators").

10. On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142]. An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

11. On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc. ("NN CALA" and a Debtor with NNI and its affiliates), an affiliate of NNI, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On July 17, this Court entered orders approving the joint administration and consolidation of NN CALA's chapter 11 case with the other Debtors' chapter 11 cases for procedural proposes [D.I. 1098], and applying to NN CALA certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1099].

**B.    Debtors' Corporate Structure and Business**

12. A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3] (the "First Day Declaration").

**Relief Requested**

13. By this Motion, the Debtors seek an order (i) shortening the notice period for the Settlement Motion to allow it to be considered on an expedited basis; (ii) setting December 1, 2009, 2009 at 12:00 p.m. (Eastern Time) as the Objection Deadline to the Settlement Motion; and (iii) scheduling the hearing on the Settlement Motion for the hearing on December 2, 2009, at 11:00 a.m. (Eastern Time).

5

**Facts Relevant to this Motion**

14.     Since 2004, Nortel and Flextronics (defined below) have engaged in a complex, wide-ranging contract manufacturing relationship whereby Flextronics, pursuant to specifications supplied by Nortel, purchases materials and components, assembles those materials and components into higher-level components and finished goods, and stores and delivers such finished components and goods to Nortel based on Nortel's forecasts and demands. Flextronics is by far Nortel's largest supplier.

15.     Throughout these chapter 11 proceedings, Nortel has recognized the extreme importance of Flextronics' continued performance and has engaged Flextronics in discussions in order to maintain the relationship and resolve certain disputes.

16.     Nortel is currently in the process of divesting its assets through various pending and future sales of businesses or product lines or any other assets or shares of Nortel (each, a "Business") to one or more third parties (a "Purchaser") (any such sale, whether by asset sale, merger, operation of law or otherwise, a "Divestiture"). Flextronics is a supplier to several of the Businesses, including without limitation [the Enterprise Solutions, MEN (Optical), CVAS, Passport, and GSM businesses.] Due to the size of the Debtors' supply relationship with Flextronics, the Debtors expect it is likely that potential Purchasers will want to continue a supply relationship with Flextronics in connection with a Divestiture.

17.     As further described in the Settlement Motion, Flextronics filed claims against certain Debtors, asserting that such Debtors owe Flextronics no less than $24,795,601 on account of §503(b)(9) claims and no less than $608,200,466, plus certain contingent and/or unliquidated amounts, on account of prepetition claims. Flextronics also filed a number of proofs of claim

6

against the Canadian Debtors asserting prepetition amounts owed by the Canadian Debtors to Flextronics.

18. Following lengthy and vigorous negotiations, including extensive discussions with the Committee, the Bondholder Group and the Monitor, on or about November 20, 2009, the Debtors, along with (a) the Canadian Debtors, (b) Nortel Networks B.V., Nortel Networks (Ireland) Limited, Nortel Networks Hispania, S.A., and Nortel Networks UK Ltd. ("NN UK") (each an EMEA Debtor, and collectively, the "EMEA Entities") and (c) the joint administrators acting on behalf of the EMEA Entities (the "EMEA Entities' Joint Administrators") entered into (i) a settlement and release agreement with Flextronics Corporation ("FC"), Flextronics Telecom Systems Ltd. ("FTS") and certain affiliates of FC and FTS that are signatories thereto, on behalf of themselves and their respective affiliates (collectively, "Flextronics") (the "Settlement and Release Agreement") and (ii) a related side agreement (the "Side Agreement," and together with the Settlement and Release Agreement, the "Agreements").

19. As set forth more fully in the Settlement Motion, the Settlement and Release Agreement is proposed as a good faith means to (i) ensure Flextronics' cooperation with regard to pending and future Divestitures, including that of the MEN Business, (ii) ensure the provision by Flextronics of a supply contract with the Purchaser in connection with any future Divestiture on the terms described in the Settlement and Release Agreement, (iii) satisfy the resolution of Flextronics' objection to the sale of the Enterprise Solutions business, (iv) fully and finally resolve all of the Parties' respective claims arising prior to the Petition Date, except as otherwise expressly stated in the Settlement and Release Agreement, and (v) provide for the Parties' performance of their postpetition obligations under the MCMSAs in accordance with the Settlement and Release Agreement. The related Side Agreement between the Nortel entities who

are party to the Settlement and Release Agreement governs the initial funding of the payments under the Settlement and Release Agreement and the ultimate allocation of the aggregate settlement cost.

20.     In light of the concerns expressed by Flextronics with regard to the pending sale of the MEN Business, the parties to the Agreements, in conjunction with the Monitor, the Committee and the Bondholder Group, have worked tirelessly over the past several weeks to reach an acceptable compromise regarding the issues settled by the Agreements. The issues addressed in the Agreements relate directly to pending and future Divestitures including the sale of the MEN Business and thus should be resolved concurrently. As the Court is aware, a hearing has been scheduled for December 2, 2009 regarding the sale of the MEN Business.

## Basis for Relief

21.     Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). As set forth below, shortening notice is justified here.

22.     The Debtors respectfully submit that shortened notice is appropriate in this instance because court approval of the Settlement Motion is a complementary and necessary step to facilitate pending and future Divestitures including the sale of the MEN Business scheduled to be heard on December 2, 2009. The resolution of the disputes between Nortel and Flextronics is critical to an efficient sale process, which will be most favorable to the Debtors' estates and creditors.

23.     The Debtors have consulted with the Committee and the Bondholder Group, and understand that neither objects to the relief being sought in this Motion.

24. For these reasons, the Debtors respectfully submit that allowing the Settlement Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

## Notice

25. Notice of the Motion has been given via hand delivery or overnight mail to the (i) U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; (iv) counsel to Flextronics; and (v) the general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

26. No prior request for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

| | |
|---|---|
| Dated:  November 24, 2009<br>Wilmington, Delaware | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>James L. Bromley (No. 5125)<br>Lisa M. Schweitzer (No. 1033)<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone:  (212) 225-2000<br>Facsimile:  (212) 225-3999<br><br>- and -<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s Ann C. Cordo*<br>Derek C. Abbott (No. 3376)<br>Eric D. Schwartz (No. 3134)<br>Ann C. Cordo (No. 4817)<br>Andrew R. Remming (No. 5120)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone:  (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Counsel for the Debtors*<br>*and Debtors in Possession* |