IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
                                                            :
In re                                                       :    Chapter 11
                                                            :
Nortel Networks Inc., et al.,[1]                            :    Case No. 09-10138 (KG)
                                                            :
                    Debtors.                                :    Jointly Administered
                                                            :
                                                            :    Hearing date: December 15, 2009 2:00 PM (ET)
                                                            :    Objections due: December 8, 2009 4:00 PM (ET)
------------------------------------------------------------X

**DEBTORS' MOTION FOR AN ORDER MODIFYING
THE APPLICATION OF BANKRUPTCY RULE 3007(e)(6) AND LOCAL
RULE 3007-1(f) PERTAINING TO OMNIBUS CLAIMS OBJECTIONS**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), seeking relief from the requirements of Rule 3007(e)(6) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3007-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to allow the Debtors to exceed the number of claims objections otherwise permitted. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

## Jurisdiction

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory basis for the relief requested herein is section 105(a) of the Bankruptcy Code.

## Background

**A.     Introduction**

3.     On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.     The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.     On January 15, 2009, this Court entered an order of joint administration pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

6.     Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian

---

[2]     The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

2

Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.

7.  Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February 27, 2009, this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

8.  On January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[3] into administration under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators"). On May 28, 2009, at the request of the Joint Administrators, the Commercial Court of Versailles, France (the "French Court") (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA continued to operate as a going concern for an initial period of three months, which period was subsequently extended. On October 1, 2009, pursuant to a motion filed by the Joint Administrators, the French Court approved an order to: (i) suspend the liquidation operations relating to the sale of the assets and/or businesses of NNSA for a renewable period of two months; (ii) authorize the continuation of the business of NNSA so long

---

[3] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

as the liquidation operations are suspended; and (iii) maintain the powers of the French Administrator and Liquidator during the suspension period, except with respect to the sale of assets and/or businesses of NNSA. In accordance with the European Union's Council Regulation (EC) No. 1346/2000 on Insolvency Proceedings, the English law proceedings (the "English Proceedings") remain the main proceedings in respect of NNSA. On June 8, 2009, Nortel Networks UK Limited ("NNUK") filed petitions in this Court for recognition of the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On June 26, 2009, the Court entered an order recognizing the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

9.    On January 18, 2009, certain Nortel affiliates, including Nortel Networks Israel (Sales and Marketing) Limited, filed an application with the Tel-Aviv-Jaffa District Court, pursuant to the Israeli Companies Law, 1999, and the regulations relating thereto for a stay of proceedings. On January 19, 2009, the Israeli Court appointed Yaron Har-Zvi and Avi D. Pelossof as joint administrators of the Israeli Company under the Israeli Companies Law.

10.    On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142]. An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

11.    On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc. ("NN CALA" and a Debtor together with NNI and certain of its affiliates), an affiliate of NNI, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On July 17, the

Court entered orders approving the joint administration and consolidation of NN CALA's chapter 11 case with the other Debtors' chapter 11 cases for procedural proposes [D.I. 1098], and applying to NN CALA of certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1099].

**B.     Debtors' Corporate Structure and Business**

12.    A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in Support of First day Motions and Applications [D.I. 3].

## Relief Requested

13.    By this Motion, the Debtors seek relief from the requirements of Bankruptcy Rule 3007(e)(6) and Local Rule 3007-1(f)(i) and (ii). Specifically, the Debtors request that they be permitted to file substantive omnibus and non-substantive omnibus objections that contain objections to up to 200 claims and that the cap that prohibits the Debtors from filing more than two substantive omnibus objections per calendar month contained in Rule 3007-1(f)(ii) be waived to allow the Debtors to file up to five (5) substantive omnibus objections per calendar month.

## Facts Relevant to the Motion

14.    On August 4, 2009, the Court entered an Order establishing September 30, 2009 as the general claims bar date (the "Bar Date") for claims against the Debtors except NN CALA. [D.I. 1280]. On November 18, 2009, the Debtors notified creditors that a supplemental bar date of December 15, 2009 has been established for certain claimants of all of the Debtors except NN CALA [D.I. 1919]. On November 12, 2009, the Debtors filed a motion to establish January 25, 2010 as the general claims bar date for claims against NN CALA [D.I. 1893], which motion shall be heard on December 2, 2009.

15. The Debtors have received over 6,000 proofs of claims in connection with their chapter 11 cases. Since the Bar Date, the Debtors and their advisors have been taking all necessary and appropriate actions to administer the claims reconciliation process. Considerable progress has been made and the Debtors expect to begin filing omnibus objections to claims in the near future.

### Basis for Relief

16. Pursuant to Bankruptcy Rule 3007(e)(6), an omnibus objection shall "contain objections to no more than 100 claims." Fed. Bankr. R. 3007(e)(6).

17. Pursuant to Local Rule 3007-1(f)(i) pertaining to substantive claim objections, "an Objection that is based on substantive grounds may contain more than one but no more than 150 claims, *unless the Court orders otherwise*."[4] Del. Bankr. L.R. 3007-1(f)(i) (emphasis added). Local Rule 3007-1(f)(ii) further provides that "[n]o more than two substantive Objections may be filed each calendar month, *unless the Court orders otherwise*." Del. Bankr. L.R. 3007-1(f)(ii) (emphasis added).

18. Taken together, Local Rules 3007-1(f)(i) and (ii) restrict the Debtors from filing substantive omnibus objections to more than 300 claims per month unless the Court orders otherwise. Moreover, Bankruptcy Rule 3007(e)(6) restricts the Debtors from filing omnibus objections to more than 100 non-substantive claims in a given objection. The Debtors believe that such limitations will unnecessarily delay the claims reconciliation process in these cases. Given the volume of claims that the Debtors anticipate objecting to, the Debtors believe it is

---

[4] Pursuant to Local Rule 3007(e), all omnibus claim objections are substantive in nature unless the claim is objected to on the basis that it is: (i) a duplicate claim; (ii) a claim filed in the wrong case; (iii) an amended or superseded claim; (iv) a late filed claim; (v) a shareholder's claim based on stock ownership; (vi) a claim without any supporting documentation attached; (vii) a claim that is objectionable under section 502(e)(1) of the Bankruptcy Code; or (viii) a claim that is incorrectly classified.

necessary to expedite the process of objecting to claims on both a substantive and non-substantive basis in order to facilitate the reconciling of creditors' claims in a timely manner.

19. Relief from the requirements of Bankruptcy Rule 3007(e)(6) and Local Rule 3007-1(f)(i)-(ii) will permit the efficient assertion of the Debtors' substantive and non-substantive omnibus objections where a common basis for objection is shared, even if the objection applies to more than 100 or 150 claims. Additionally, as the Debtors complete each stage of review as part of their claims reconciliation process, relief from Local Rule 3007-1(f)(ii) will permit the Debtors to file substantive omnibus objections on a rolling basis rather than being required to wait until the two-objection quota renews itself each month.

20. The Debtors further submit that the manner in which the relief sought herein is requested will pose no burden to this Court or the Bankruptcy Clerk's Office. Specifically, if the relief sought herein is granted, the Debtors will be able to finish the process of objecting to claims more quickly, thus requiring fewer hearings and less demand on the Court's time. Moreover, the Court should not be overburdened by the Debtors' omnibus claims objections because the Debtors will limit such objections to 200 claims.

21. Relief similar to that requested in this Motion has been previously been granted in chapter 11 cases in this District and other districts. See, e.g., In re Old Carco LLC (f/k/a Chrysler LLC), Case No. 09-50002 (AJG) (Bankr. S.D.N.Y. Nov. 19, 2009) (granting relief from requirements of Bankruptcy Rule 3007(e)(6)); In re Tronox Inc., Case No. 09-10156 (ALG) (Bankr. S.D.N.Y Oct. 26, 2009) (same); In re Buffet Holdings, Inc., Case No. 08-10141 (MFW) (Bankr. D. Del. Oct. 14, 2008) (granting relief from requirements of Local Rule 3007-1(f)); In re WCI Communities, Inc., Case No. 08-11643 (KJC) (Bankr. D. Del. Mar. 23, 2009) (same); In re American Home Mortgage Holdings, Inc., Case No. 07-11047 (CSS) (Bankr. D. Del. May 27,

2008) (same); <u>In re Global Power Equipment Group, Inc.</u>, Case No. 06-11045 (BLS) (Bankr. D. Del. July 30, 2007) (same); <u>In re Communication Dynamics, Inc.</u>, Case No. 02-12753 (MFW) (Bankr. D. Del. Oct. 28, 2004) (same).

22. The claims reconciliation process is critical to maximizing the value of the Debtors' estates. The Debtors believe that strict application of Bankruptcy Rule 3007(e) with respect to non-substantive objections and Local Rule 3007-1(f) with respect to substantive objections will adversely affect and unnecessarily delay the claims reconciliation process in these cases. Accordingly, the Debtors believe that the relief requested in this Motion is in the best interests of the Debtors, their estates and their creditors.

## Notice

23. Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or first class mail to the (i) Office of the United States Trustee for the District of Delaware; (ii) counsel to the Committee; and (iii) counsel to the Bondholder Group; and (iv) the general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

24. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto as Exhibit A; and (iii) grant such other and further relief as it deems just and proper.

Dated:  November 24, 2009
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*