**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

_____

| | |
|---|---|
| **In re** | ) |
| | ) Chapter 11 |
| **Nortel Networks Inc., <u>et</u> <u>al.</u>,** | ) |
| | ) Case No. 09-10138 (KG) |
| | ) |
| **Debtors.** | ) Jointly Administered |
| | ) |
| | ) |
| | ) |

_____

**SUPPLEMENTAL LIMITED OBJECTION TO SALE MOTION AND REQUEST FOR ADEQUATE ASSURANCE OF FUTURE PERFORMANCE IN CONNECTION WITH LEASES BETWEEN ZSF/RESEARCH NETWORK TRUST, ZSF/RESEARCH GATEWAY TRUST AND/OR THEIR AFFILIATES AND NORTEL NETWORKS, INC. PERTAINING TO THE PREMISES AT 4001, 4004, 4006, 4008 and 4010 EAST CHAPEL HILL–NELSON HIGHWAY, RESEARCH TRIANGLE PARK, NORTH CAROLINA**

In accordance with the *Notice of Rescheduled Auction, Supplemental Objection Deadline and Hearing* dated November 18, 2009 [Docket No. 1922] (the "<u>Notice</u>"), ZSF/Research Network Trust, ZSF/Research Gateway Trust and/or their affiliates ("<u>ZSF</u>" or the "<u>Counterparty</u>") hereby submits this Supplemental Limited Objection To Sale Motion and Request for Adequate Assurance of Future Performance (the "<u>Supplemental Limited Objection</u>") in connection with any potential assumption and assignment or assumption and sublease of the real estate leases between the Counterparty and Nortel Networks, Inc. pertaining to the premises located at 4001, 4004, 4006, 4008 and 4010 East Chapel Hill-Nelson Hwy, Research Triangle Park, North Carolina (the "<u>Leases</u>"). In support of its Supplemental Limited Objection, the Counterparty respectfully represents as follows:

**BACKGROUND**

1. On October 7, 2009, the Debtors filed a motion seeking, among other things, the Court's authorization and approval for the sale of certain assets of their Metro

Ethernet Networks Business free and clear of all liens and encumbrances [Docket No. 1626] (the "<u>Sale Motion</u>."). In connection therewith, on November 6, 2009 the Counterparty filed a Limited Objection to the Sale Motion and Request for Adequate Assurance of Future Performance [Docket No. 1843] (the "<u>Limited Objection</u>"). In its Limited Objection, the Counterparty requested that the Debtors submit to its counsel any non-confidential information related to adequate assurance of future performance of the Leases for (i) the Debtors, in the event that the Leases (or a portion thereof) were to be assumed and subleased by the Debtors to Ciena Corporation ("<u>Ciena</u>") or any other third-party, (ii) Ciena, in the event that the Leases (or a portion thereof) were to be assumed and assigned to Ciena or subleased to Ciena, or (iii) bidders other than Ciena, in the event that the Leases (or a portion thereof) are to be assumed and assigned to such third-party or subleased to such third-party.

2. On November 18, 2009, the Debtors filed its Notice of Rescheduled Auction, Supplemental Objection Deadline and Hearing [Docket No. 1922], rescheduling the auction of assets from the Debtors' Metro Ethernet Networks Business to November 20, 2009 and setting November 25, 2009 as the deadline for supplemental objections with respect to objections regarding adequate assurance of future performance by qualified bidders other than Ciena.

**SUPPLEMENTAL LIMITED OBJECTION**

3. By this Supplemental Limited Objection, the Counterparty reiterates the request made in its Limited Objection that the above-captioned Debtors submit to ZSF's counsel any non-confidential information related to adequate assurance of future performance of the Leases for <u>the Debtors</u>, in the event that the Leases (or a portion thereof) are to be assumed and subleased by the Debtors to Ciena or any other third-party.

2

Case 09-10138-MFW    Doc 2002    Filed 11/25/09    Page 3 of 4

3

## BASIS FOR RELIEF

4. Section 365(b)(1) of the Bankruptcy Code provides that a debtor may not assume an unexpired lease unless, at the time of assumption of such contract or lease, the trustee provides adequate assurance of future performance under such contract or lease. In the event that the Counterparty's Leases are assumed by the Debtors and subleased to Ciena (or any other third-party), the Debtors, <u>not the assignee</u>, will remain ultimately responsible for the Leases. As such, the Counterparty requests that the Debtors provide adequate assurance of their own future performance to the Counterparty in the event the Debtors assume and sublease the Leases to Ciena or a third-party.

[Remainder of page intentionally left blank.]

KL2 2629381.1

Notwithstanding the above, the Counterparty (i) continues to seek the adequate assurances sought in its Limited Objection; and (ii) reserves its right to object to the adequate assurance of future performance offered by the Debtors.

Dated:  November 25, 2009

        KRAMER LEVIN NAFTALIS & FRANKEL LLP

        */s/ Gregory G. Plotko*
        Thomas Moers Mayer
        Neil R. Tucker
        Gregory G. Plotko
        1177 Avenue of the Americas
        New York, NY 10036
        Telephone: (212) 715-9259
        Facsimile: (212) 715-8000
        E-mail:tmayer@kramerlevin.com
               ntucker@kramerlevin.com
               gplotko@kramerlevin.com

        *Counsel for ZSF/Research Network Trust and*
        *ZSF/Research Gateway Trust*