# EXHIBIT A

## Form of Assignment Agreement

Nortel Networks Inc.

AND

Avaya Inc.

---

ASSIGNMENT AND ASSUMPTION OF LEASE AND SUBLEASE AGREEMENTS

---

Premises: 600 Technology Park Dr., Billerica, MA

Date: [●], 2009

---

## ASSIGNMENT AND ASSUMPTION OF LEASE AND SUBLEASE AGREEMENTS

THIS ASSIGNMENT AND ASSUMPTION OF LEASE AND SUBLEASE AGREEMENTS (this "Assignment"), dated as of [●], 2009, by and between NORTEL NETWORKS INC., a Delaware corporation ("Assignor"), having an address at 2221 Lakeside Boulevard, MS 991-01-A10, Richardson, TX 75082, and AVAYA INC., a Delaware corporation ("Assignee"), having an address at 211 Mount Airy Road, Basking Ridge, NJ 07920.

WHEREAS Assignee has purchased all of the assets of the "Enterprise Solutions" business segment of Assignor and certain of its affiliates identified in an Amended and Restated Asset and Share Sale Agreement (the "ASSA") dated as of September 14, 2009, and closing as of the date hereof (the "Closing Date");

WHEREAS, Assignor is a party to that certain lease, dated as of March 7, 1997 (as amended, supplemented or otherwise modified from time to time, the "Lease"), by and between Technology Park X Limited Partnership, as landlord ("Landlord"), and Assignor, as tenant, of certain premises located at 10 Technology Park, 600 Technology Park Drive, Billerica, MA and more particularly described in the Lease (the "Premises"). The Lease is attached hereto as Exhibit A;

WHEREAS, Assignor is a party to that certain sublease, dated as of August 1, 2005 (as amended, supplemented or otherwise modified from time to time, the "Sublease"), by and between Raytheon Company, as subtenant ("Subtenant"), and Assignor, as sublandlord, of certain portions of the Premises more particularly described in the Sublease (the "Subleased Premises"). The Sublease is attached hereto as Exhibit B;

WHEREAS, Assignor and certain other affiliates are debtors-in-possession under title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), and filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on January 14, 2009 in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") in the matter of *In re Nortel Networks Inc.* (Case No. 09-10138 (KG)) (the "Bankruptcy Case");

WHEREAS, pursuant to (i) that certain Order Authorizing and Approving (A) the Sale of Certain Assets of, and Equity Interests in, Debtors' Enterprise Solutions Business, (B) the Assumption and Assignment of Certain Contracts and Leases and (C) the Assumption and Sublease of Certain Leases entered on September 16, 2009 by the Bankruptcy Court in the Bankruptcy Case, and (ii) that certain Order [Authorizing the Assumption and Assignment of an Unexpired Lease of Nonresidential Real Property and a Related Sublease Pursuant to Sections 105 and 365 of the Bankruptcy Code] entered on December [●], 2009 by the Bankruptcy Court in the Bankruptcy Case (collectively the "Orders"), the Bankruptcy Court approved the sale and transfer of assets of Assignor and certain affiliates, including an assumption and assignment of the Lease and the Sublease;

WHEREAS, subject to the entering of the Orders by the Bankruptcy Court, Assignor proposes to assign the Lease and Sublease to Assignee and Assignee proposes to assume the Lease and Sublease from Assignor upon the terms and conditions hereinafter set forth.

NOW THEREFORE, in consideration of Ten Dollars ($10.00), the mutual covenants and agreements set forth herein and in the ASSA, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereby agree as follows:

1. Assignor hereby transfers, assigns and sets over to Assignee, all right, title and interest of Assignor in, to and under the Lease and the Sublease.

2. There was no security deposit or letter of credit given by Assignor to Landlord under the Lease and no security deposit or letter of credit given by Subtenant to Assignor under the Sublease;

3. Assignor hereby agrees for the benefit of Assignee and Landlord to pay and perform all obligations of the tenant under the Lease arising through the Closing Date. Assignor hereby agrees for the benefit of Assignee to perform all obligations of the Assignor under the Sublease arising through the Closing Date. Assignee agrees that Assignor shall have no further liability whatsoever with respect to claims or obligations arising under the Lease or the Sublease from and after the Closing Date.

4. Assignee hereby expressly assumes responsibility for performance of all obligations of the Assignor as the "tenant" under the Lease arising from and after the Closing Date for the benefit of Assignor and Landlord. Assignee shall indemnify Assignor from any liability, cost and/or expense incurred by Assignor due to Assignee's failure to perform any of the tenant's obligations under the Lease after the Closing Date. Should Assignee fail to yield up space in compliance with its obligations under the Lease at the expiration of the term, Assignor may, but is not obligated to, carry out works on behalf of Assignee and recover any costs incurred in doing so. Assignee hereby expressly assumes responsibility for performance of all obligations of Assignor as the "sublandlord" under the Sublease arising from and after the Closing Date for the benefit of Assignor. Assignee shall indemnify Assignor from any liability, cost and/or expense incurred by Assignor due to Assignee's failure to perform any of the sublandlord's obligations under the Sublease after the Closing Date.

5. Assignor and Assignee hereby agree that this Assignment is being made as of the Closing Date and that there shall be no further adjustments or payments made hereunder in respect of any prepaid rent or additional rent or prepaid rents paid by Subtenant under the Sublease, on the one hand, and refunds/additional obligations in respect of such rent or additional rent or refunds/additional obligations due to or from the Subtenant in respect of the Sublease. For the avoidance of doubt, Assignor shall not be entitled to any reimbursement or adjustment and shall have no claim against Assignee for any (i) prepaid rent or additional rent paid by Assignor prior to the Closing Date (including credits or refunds in respect thereof) regardless of whether it relates to a period of time after the Closing Date and (ii) rents or other income received by Assignee under the Sublease after the Closing Date regardless of whether such rents or other income relate to a period of time prior to the Closing Date. Likewise, Assignee shall not be entitled to any reimbursement or adjustment and shall have no claim against Assignor for any (i) rent or additional rent (including additional amounts payable in respect of estimates thereof) required to be paid by Assignee under the Lease after the Closing Date and (ii) refunds or credits

of rent or additional rent paid due under the Sublease after the Closing Date regardless of whether such refunds or reimbursements relate to a period of time prior to the Closing Date.

6. This Assignment is made by Assignor without recourse and without any express or implied representation or warranty whatsoever, except as expressly provided in the ASSA.

7. Assignor and Assignee hereby agree to take any and all action as may be reasonably necessary and appropriate to more fully effectuate the assignment of the Lease and the assumption of the obligations thereunder including, without limitation, the execution of such assignments, or other instruments as may be reasonably required.

8. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed thereto in the ASSA.

9. This Assignment inures to the benefit of the parties hereto and their respective successors and assigns.

10. This Assignment shall be governed by, and construed in accordance with, (i) insofar as the legal efficacy of the within assignment and assumption is concerned, the laws of the state/province in which the Premises are located, and (ii) as to all other questions between Assignor and Assignee arising hereunder, the internal laws of the State of New York applicable to agreements made and to be performed entirely within such State.

11. This Assignment may be executed in one or more counterparts, each of which when so executed and delivered shall be deemed an original, but all of which taken together shall constitute but one and the same instrument.

12. The recitals to this Assignment are hereby incorporated herein by this reference and form a part of this Assignment.

13. This Assignment is in accordance with and is subject to all of the terms and conditions set forth in the ASSA and the Orders. In the event of any conflict or inconsistency between the terms of (i) the ASSA, the Orders, and/or any document delivered pursuant to the terms of the ASSA (collectively, the "ASSA Documents") and (ii) the terms of this Assignment, the terms of the ASSA Documents shall govern; provided, that with respect to Landlord (under and as defined in the Lease) and its affiliates, on the one hand, and Assignor and Assignee, on the other hand, this Assignment (without giving effect to the foregoing sentence) and the Lease shall govern without regard to the provisions of the ASSA Documents.

[No further text on this page; Signature page follows]

IN WITNESS WHEREOF, Assignor and Assignee have caused this Assignment and Assumption of Lease and Sublease Agreements to be executed as of the day and year first above written.

ASSIGNOR:

NORTEL NETWORKS INC.

By: _____
    Name:
    Title:

ASSIGNEE:

AVAYA INC.

By: _____
    Name:

    Title: