UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Nortel Networks Inc., *et al.*, | Case No. 09-10138 (KG) |
| Debtors. | (Jointly Administered) |
| | **Related to Docket No. 1627** |

### LIMITED OBJECTION OF MATLINPATTERSON GLOBAL ADVISERS LLC TO DEBTORS' MOTION FOR ORDERS (I)(A) AUTHORIZING DEBTORS' ENTRY INTO THE STALKING HORSE ASSET SALE AGREEMENT, (B) AUTHORIZING AND APPROVING THE BIDDING PROCEDURES AND BID PROTECTIONS, (C) APPROVING THE NOTICE PROCEDURES AND THE ASSUMPTION AND ASSIGNMENT PROCEDURES, (D) AUTHORIZING THE FILING OF CERTAIN DOCUMENTS UNDER SEAL AND (E) SETTING A DATE FOR THE SALE HEARING, AND (II) AUTHORIZING AND APPROVING (A) THE SALE OF CERTAIN ASSETS OF THE DEBTORS' METRO ETHERNET NETWORKS BUSINESS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES AND (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS

MatlinPatterson Global Advisers LLC, as investment adviser for MatlinPatterson Global Opportunities Partners III L.P. and MatlinPatterson Global Opportunities Partners (Cayman) III L.P. (collectively, "MP"), by and through its undersigned counsel, hereby submits this limited objection (the "Limited Objection") to the Debtors' Motion for Orders (I)(A) Authorizing Debtors' Entry Into the Stalking Horse Asset Sale Agreement (the "Sale Agreement"), (B) Authorizing and Approving the Bidding Procedures and Bid Protections, (C) Approving the Notice Procedures and the Assumption and Assignment Procedures, (D) Authorizing the Filing of Certain Documents Under Seal and (E) Setting a Date for the Sale Hearing and (II) Authorizing and Approving (A) the Sale of Certain Assets of the Debtors' Metro Ethernet Networks Business Free and Clear of All Liens, Claims and Encumbrances and (B) the Assumption and Assignment of Certain Executory Contracts (the "MEN Sale Motion"), and respectfully states as follows:

47627/0001-6142957v1

## BACKGROUND

1. On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtors have utilized these chapter 11 cases as an opportunity to sell substantially all of their assets in numerous distinct asset sales. As part of that sales process, on October 7, 2009, the Debtors filed the MEN Sale Motion seeking, among other things, authorization to enter into a stalking-horse asset purchase agreement with Ciena Corporation ("Ciena") and approval for bidding procedures in connection with the sale of Nortel's Metro Ethernet Networks Business ("MEN Business"). By an order dated October 16, 2009, this Court approved the Debtors' proposed bidding procedures (the "Bidding Procedures").

3. Beginning on November 20, 2009, the Debtors conducted an auction for the sale of the MEN Business (the "Auction"). Ultimately, the Debtors selected as the winning bid, Ciena's bid of $530 million in cash and $239 million of convertible notes (the "Ciena Notes") at the Auction. In doing so, it is MP's belief that the Debtors rejected an all-cash offer from another bidder which exceeded the cash component of the Ciena Bid by more than $200 million.

## LIMITED OBJECTION

4. As this Court is aware, MP is a significant bondholder and creditor of the Debtors. As such, its interest in the MEN sale is simply to confirm that the Auction did what it was supposed to do – namely, that it yielded the highest and best bid for the MEN Business.

5. In the instant case, the Debtors turned down an all-cash offer in favor of a bid comprised of a combination of cash and buyer notes from Ciena. In order for MP to determine if that decision is supportable, MP requires, and has requested from the Debtors, the terms of the

Ciena Notes and an explanation as to, among other things, how they were valued at the Auction. Because the Debtors have yet to provide this critical information, MP cannot presently confirm if, in its view, the Debtors properly exercised their business judgment in selecting the Ciena Bid as the winning bid and whether the Sale Agreement should be approved. Having failed to reach agreement with the Debtors on an extension of the objection deadline, MP, out of an abundance of caution, was forced to file this objection simply on a protective basis.

6. By this objection, MP is not ruling out the possibility that, after getting full and fair disclosure from the Debtors on the Auction and the terms of the Ciena Bid, it will agree that the Ciena Bid is the highest and best offered and available. Rather, MP submits that given the fact that almost one-third of the consideration to be paid by Ciena is in notes, rather than cash, it is imperative that the Debtors make the terms of such notes public, so that every creditor can determine if the notes are "worth the paper they are printed on." Until the Debtors do so and provide full and fair disclosure on the Auction, MP must reserve its rights in connection with this sale.

7. As indicated above, MP has already contacted the Debtors regarding its concerns and has requested a telephone conference to discuss the outcome of the Auction. MP has also requested that the Debtors provide it with a copy of the transcript of the Auction and the terms of the Ciena Notes. After reviewing and considering this critical information, MP may in fact be in a position to support the Debtors in their efforts to secure approval for the Ciena Bid. Until that time, however, MP respectfully submits that the Sale Agreement should not be approved.

8. MP also reserves the right to amend, supplement or otherwise modify this Limited Objection.

## CONCLUSION

WHEREFORE, for the reasons stated above, MP respectfully request that this Court decline to approve any sale of the MEN Business until such time as the Debtors provide all parties with the terms of the Ciena Notes and disclosure on the Auction and grant such other and further relief as may be just and fitting under the circumstances.

Date:  November 25, 2009
       Wilmington, Delaware

                    **COLE, SCHOTZ, MEISEL,**
                    **FORMAN & LEONARD, P.A.**

By: /s/ Sanjay Bhatnagar
    Norman L. Pernick (No. 2290)
    Sanjay Bhatnagar (No. 4829)
    500 Delaware Avenue, Suite 1410
    Wilmington, DE 19801
    Telephone: (302) 652-3131
    Facsimile: (302) 652-3117

    -and-

**BRACEWELL & GIULIANI LLP**
Jennifer Feldsher
1177 Avenue of the Americas
New York, NY 10036-2714
Telephone: (212) 508-6137
Facsimile: (212) 938-3837

Attorneys for MatlinPatterson Global Advisers LLC

-4-

47627/0001-6142957v1