**TAB 3**

Court File No.: 09-CL-7950

## *ONTARIO*
## SUPERIOR COURT OF JUSTICE
## COMMERCIAL LIST

| | | |
|---|---|---|
| THE HONOURABLE | ) | WEDNESDAY, THE 2nd |
| | ) | |
| JUSTICE MORAWETZ | ) | DAY OF DECEMBER, 2009 |

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

### ORDER
### (APAC Agreement)

THIS MOTION, made by Nortel Networks Corporation ("NNC"), Nortel Networks Limited ("NNL"), Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation (collectively, the "Applicants") for the relief set out in the Applicants' Notice of Motion dated November 25, 2009 was heard this day at 393 University Avenue, Toronto, Ontario.

ON READING the affidavit of John Doolittle sworn November 25, 2009 ("Doolittle Affidavit") , the ● report of Ernst & Young Inc. in its capacity as monitor (the "Monitor") dated November ●, 2009 (the "● Report") and on hearing the submissions of counsel for the Applicant, the Monitor and those other parties present, no one appearing for any other person on



- 2 -

the service list, although properly served as appears from the affidavit of Katie Legree sworn November ●, 2009, filed:

1.      THIS COURT ORDERS that the time for the service of the Notice of Motion, the Motion Record and the ● Report is hereby abridged so that this Motion is properly returnable today and hereby dispenses with further service thereof

2.      THIS COURT ORDERS that capitalized terms used herein and not otherwise defined shall have the meaning given to them in the Doolittle Affidavit.

3.      THIS COURT ORDERS AND DECLARES that the Asia Restructuring Agreement dated as of November 5, 2009 among, *inter alia*, the Applicants, the Chapter 11 Debtors, the EMEA Debtors, the APAC Entities and for purposes of Section 16 of the APAC Agreement only, the Joint Administrators, (the "APAC Agreement"), substantially in the form attached as Exhibit "A" to the Doolittle Affidavit, is hereby approved and that the execution of the APAC Agreement by the Applicants is hereby authorized and approved.

4.      THIS COURT HEREBY REQUESTS the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada, the United States, the United Kingdom or elsewhere, to give effect to this Order and to assist the Applicants, the Monitor and their respective agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicants and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Monitor in any foreign proceeding, or to assist the Applicants and the Monitor and their respective agents in carrying out the terms of this Order.

5.      THIS COURT ORDERS that each of the Applicants and the Monitor be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order.

Court File No: 09-CL-7950

IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

*ONTARIO*
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

Proceeding commenced at Toronto

ORDER
(APAC Agreement)

**OGILVY RENAULT LLP**
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street
P.O. Box 84
Toronto, Ontario M5J 2Z4

**Derrick Tay LSUC#: 21152A**
Tel:  (416) 216-4832
Email: dtay@ogilvyrenault.com

**Mario Forte  LSUC#: 27293F**
Tel: (416) 216-4870
Email: mforte@ogilvyrenault.com

**Jennifer Stam LSUC #46735J**
Tel: (416) 216-2327
Email: jstam@ogilvyrenault.com
Fax: (416) 216-3930

Lawyers for the Applicants

DOCSTOR: 18159482

# TAB 4

Court File No.: 09-CL-7950

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE
### COMMERCIAL LIST

| | | |
|---|---|---|
| THE HONOURABLE MR. | ) | WEDNESDAY, THE 2ND |
| | ) | |
| JUSTICE MORAWETZ | ) | DAY OF DECEMBER, 2009 |

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

### ORDER
**(Approval of Next Generation Packet Core Business Escrow Agreement)**

THIS MOTION, made by Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation (collectively, the "Applicants") for the relief set out in the Applicants' Notice of Motion dated November 25, 2009 was heard this day at 393 University Avenue, Toronto, Ontario.

ON READING the affidavit of John Doolittle sworn November 25, 2009 ("Doolittle Affidavit"), the Twenty-● Report, and on hearing the submissions of counsel for the Applicant, the Monitor and those other parties present, no one appearing for any other person on the service

- 2 -



list, although properly served as appears from the affidavit of Katie Legree sworn November ●, 2009, filed:

1.      THIS COURT ORDERS that the time for the service of the Notice of Motion and the Motion Record is hereby abridged so that this Motion is properly returnable today and hereby dispenses with further service thereof.

2.      THIS COURT ORDERS AND DECLARES that the escrow agreement (the "Escrow Agreement") among, *inter alia*, Nortel Networks Inc., the Applicants, the EMEA Filed Entities, the U.S. Filed Entities, and the Estate Fiduciaries (as each is defined in the Escrow Agreement), and JPMorgan Chase Bank, N.A., as escrow agent, substantially in the form attached as Exhibit "B" to the Doolittle Affidavit is hereby approved and that the execution of the Escrow Agreement by the Applicants is hereby authorized and approved.

3.      THIS COURT ORDERS that the Monitor be and is hereby authorized and directed to execute the Escrow Agreement.

4.      THIS COURT HEREBY REQUESTS the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada, the United States, the United Kingdom or elsewhere, to give effect to this Order and to assist the Applicants, the Monitor and their respective agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicants and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Monitor in any foreign proceeding, or to assist the Applicants and the Monitor and their respective agents in carrying out the terms of this Order.

5.      THIS COURT ORDERS that each of the Applicants and the Monitor be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order.

Court File No: 09-CL-7950

127

IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

Proceeding commenced at Toronto

**ORDER**
**(Approval of Next Generation Packet Core Business Escrow Agreement)**

**OGILVY RENAULT LLP**
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street
P.O. Box 84
Toronto, Ontario M5J 2Z4

**Derrick Tay LSUC#: 21152A**
Tel: (416) 216-4832
Email: dtay@ogilvyrenault.com

**Mario Forte LSUC#: 27293F**
Tel: (416) 216-4870
Email: mforte@ogilvyrenault.com

**Jennifer Stam LSUC #46735J**
Tel: (416) 216-2327
Email: jstam@ogilvyrenault.com
Fax: (416) 216-3930

Lawyers for the Applicants

DOCSTOR: 18108573

**TAB 5**

Court File No.: 09-CL-7950

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**COMMERCIAL LIST**

| | | |
|---|---|---|
| THE HONOURABLE MR. | ) | WEDNESDAY, THE 28TH |
| | ) | |
| JUSTICE MORAWETZ | ) | DAY OF OCTOBER, 2009 |

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,
NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS
INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY
CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED**

**AMENDED APPROVAL AND VESTING ORDER**
**(Next Generation Packet Core Business)**

THIS MOTION, made by Nortel Networks Corporation ("NNC"), Nortel Networks
Limited ("NNL"), Nortel Networks Technology Corporation ("NNTC" and with NNL, the
"Canadian Sellers") Nortel Networks Global Corporation and Nortel Networks International
Corporation (collectively, the "Applicants") for the relief set out in the Applicants' Notices of
Motion dated October 26, 2009 and November ●, 2009 including, the approval of a transaction
(the "Transaction") to sell certain assets pursuant to a transaction agreement dated October 25,
2009 as amended by amendment no. 1 to the transaction agreement dated November ●, 2009
(the "Sale Agreement") among the Sellers, as sellers and Hitachi, Ltd., as purchaser (the



- 2 -

"Purchaser") was heard on October 28, 2009 at 330 University Avenue, Toronto, Ontario and, solely for the purpose of amendments, on December 2, 2009.

ON READING the affidavit of George Riedel sworn October 26, 2009, the affidavit of John Doolittle sworn November ●, 2009, the twenty-sixth report of Ernst & Young Inc. in its capacity as monitor (the "Monitor") dated October 26, 2009 (the "Twenty-Sixth Report"), and the ● report of the Monitor dated ●, 2009, and on hearing the submissions of counsel for the Applicants, the Monitor and those other parties present, no one appearing for any other person on the service list, although properly served as appears from the affidavit of Katie Legree sworn October 27, 2009, filed:

1.     THIS COURT ORDERS that the time for the service of the Notice of Motion, the Twenty-Sixth Report and the Motion Record is hereby abridged so that this Motion is properly returnable today and hereby dispenses with further service thereof.

2.     THIS COURT ORDERS that capitalized terms used herein and not otherwise defined will have the meaning given to them in the Sale Agreement.

3.     THIS COURT ORDERS AND DECLARES that, subject to the approval of the Transaction and Sale Agreement by the United States Bankruptcy Court for the District of Delaware in the Chapter 11 Cases of the U.S. Debtors, the Transaction is hereby approved. The execution, delivery and performance of the Sale Agreement by the Canadian Sellers and the Intellectual Property License Agreement by NNL is hereby authorized and approved (with such alterations and amendments as the parties thereto may agree, subject to obtaining Monitor consent prior to making any material alterations or amendments to the Sale Agreement or Intellectual Property License Agreement), and the Canadian Sellers are hereby authorized and directed to take such additional steps and execute such additional documents, including without limitation the Ancillary Agreements, as may be necessary or desirable for the completion of the Transaction and for the conveyance of the Assets to the Purchaser or its Designated Purchaser, if applicable.

4.     THIS COURT ORDERS AND DECLARES that upon the delivery of a Monitor's certificate to the Purchaser substantially in the form attached as Schedule "A" hereto (the "Monitor's Certificate"), all of the Canadian Sellers' right, title and interest in and to the Assets



- 3 -

shall vest absolutely in the Purchaser or, to the extent designated by the Purchaser in accordance with the Sale Agreement, its Designated Purchaser, free and clear of and from any and all security interests (whether contractual, statutory, or otherwise), hypothecs, mortgages, trusts or deemed trusts (whether contractual, statutory, or otherwise), liens, executions, levies, charges, or other financial or monetary claims, whether or not they have attached or been perfected, registered or filed and whether secured, unsecured or otherwise (collectively, the "Claims") including, without limiting the generality of the foregoing: (i) any encumbrances or charges created by the Orders made in these proceedings, including the Initial Order of the Honourable Justice Morawetz dated January 14, 2009 (as amended and restated); and (ii) all charges, security interests or claims evidenced by registrations pursuant to the *Personal Property Security Act* (Ontario) or any other personal property registry system; excluding only those Seller Encumbrances, Assumed Liabilities and licenses expressly permitted or assumed under the Sale Agreement. For greater certainty, this Court orders that all Liens, other than Seller Encumbrances and licenses expressly permitted under the Sale Agreement, affecting or relating to the Assets, are hereby expunged and discharged as against the Assets.

5.     THIS COURT ORDERS that, except as otherwise expressly permitted by and in accordance with the terms of the Ancillary Agreements, the Canadian Sellers shall not revoke, disclaim, terminate or resiliate the Ancillary Agreements and notwithstanding any such action by the Canadian Sellers, the Purchaser or its Designated Purchaser, as the case may be, shall be entitled to use the Licensed Intellectual Property in accordance with the Intellectual Property License Agreement as though such action had not occurred. For greater certainty, nothing in this paragraph 5 shall prohibit the Canadian Sellers from exercising any and all rights and remedies (including any termination rights) available to them pursuant to and in accordance with the express terms of the Ancillary Agreements, or applicable law outside any insolvency or bankruptcy proceeding.

6.     THIS COURT ORDERS that for the purposes of determining the nature and priority of Claims, the net proceeds from the sale of the Assets shall stand in the place and stead of the Assets, and that from and after the delivery of the Monitor's Certificate all Claims and Encumbrances shall attach to the net proceeds from the sale of the Assets with the same priority as they had with respect to the Assets immediately prior to the sale, as if the Assets had not been

- 4 -



sold and remained in the possession or control of the person having that possession or control immediately prior to the sale.

7.    THIS COURT ORDERS that all proceeds of the Transaction, subject to the Purchaser's rights under the Sale Agreement and less applicable transfer or value added taxes incurred by the Sellers, and, to the extent agreed by the Sellers, any transaction costs, shall be deposited by the Sellers upon receipt from the Purchaser into an Escrow Account (as such term is defined in the Interim Funding and Settlement Agreement entered into on June 9, 2009 (the "IFA")), and such proceeds shall not be distributed in advance of either (i) agreement by all of the Selling Debtors (as defined in the IFA) as to the distribution of such proceeds (in accordance with Section 12.g. of the IFA) or (ii) in the case where the Selling Debtors fail to reach such agreement, determination by the relevant dispute resolver(s) in accordance with the terms of the Interim Sales Protocol (as such term is defined in the IFA
and subject to the requirements of Section 12.g of the IFA), which Interim Sales Protocol shall be approved by this Court.

8.    THIS COURT ORDERS AND DIRECTS the Monitor to file with the Court a copy of the Monitor's Certificate, forthwith after delivery thereof.

9.    THIS COURT ORDERS that, notwithstanding:

    (a)    the pendency of these proceedings;

    (b)    any applications for a bankruptcy order now or hereafter issued pursuant to the *Bankruptcy and Insolvency Act* (Canada) in respect of any of the Applicants and any bankruptcy order issued pursuant to any such applications; and

    (c)    any assignment in bankruptcy made in respect of any of the Applicants;

the vesting of the Assets in the Purchaser or its Designated Purchaser, as the case may be, pursuant to this Order and all the terms of the Sale Agreement and the Ancillary Agreements shall be binding on any trustee in bankruptcy that may be appointed in respect of any of the Applicants and shall not be void or voidable by creditors of any of the Applicants, nor shall they



- 5 -

constitute nor be deemed to be a settlement, fraudulent preference, assignment, fraudulent conveyance, transfer at under value or other reviewable transaction under the *Bankruptcy and Insolvency Act* (Canada) or any other applicable federal or provincial legislation, nor shall they constitute oppressive or unfairly prejudicial conduct pursuant to any applicable federal or provincial legislation.

10.     THIS COURT ORDERS that any sale or transfer of the Licensed Intellectual Property by NNL or a bankruptcy trustee or receiver appointed in respect of NNL, whether by vesting order or otherwise, shall be made subject to the Intellectual Property License Agreement, and the Purchaser and Designated Purchaser, as the case may be, shall be permitted to continue to use the Licensed Intellectual Property in accordance with the Intellectual Property License Agreement following and notwithstanding any such sale or transfer of the Licensed Intellectual Property. For greater certainty, nothing in this paragraph 10 shall prohibit a purchaser of NNL's interest in the Licensed Intellectual Property or an assignee of the Intellectual Property License Agreement (if assigned in accordance with the Intellectual Property License Agreement) from exercising any and all rights and remedies (including any termination rights) available to such party pursuant to and in accordance with express terms of the Intellectual Property License Agreement, or applicable law outside any insolvency or bankruptcy proceeding.

11.     THIS COURT ORDERS AND DECLARES that the Transaction is exempt from the application of the *Bulk Sales Act* (Ontario).

12.     THIS COURT HEREBY REQUESTS the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada, the United States, the United Kingdom or elsewhere, to give effect to this Order and to assist the Applicants, the Monitor and their respective agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicants and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Monitor in any foreign proceeding, or to assist the Applicants and the Monitor and their respective agents in carrying out the terms of this Order.

13.     THIS COURT ORDERS that each of the Applicants and the Monitor be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative



- 6 -

body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order.

14.    THIS COURT ORDERS that the Confidential Appendix "B" to the Twenty-Sixth Report be and is hereby sealed pending further Order of this Court.

_____



<div align="center">

**Schedule A – Form of Monitor's Certificate**

</div>

Court File No.:  09-CL-7950

<div align="center">

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**COMMERCIAL LIST**

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,
NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS
INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY
CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED**

**MONITOR'S CERTIFICATE**
**(Next Generation Packet Core Business)**

</div>

**RECITALS**

A.      Pursuant to an Order of the Honourable Justice Morawetz of the Ontario Superior Court of Justice (the "Court") dated ●, 2009 (as amended and restated), Nortel Networks Corporation ("NNC"), Nortel Networks Limited ("NNL"), Nortel Networks Global Corporation, Nortel Networks International Corporation and Nortel Networks Technology Corporation ("NNTC" and, with NNL, the "Canadian Sellers") (collectively, the "Applicants") commenced proceedings pursuant to the *Companies' Creditors Arrangement Act* (Canada) and Ernst & Young Inc. was appointed as monitor (the "Monitor") in these proceedings.

B.      Pursuant to an Order of the Court dated ●, 2009, the Court approved a transaction  (the "Transaction") to sell certain assets pursuant to a transaction agreement dated October 25, 2009, as amended by amendment no 1 to the transaction agreement dated November ●, 2009 (the "Sale

- 2 -

Agreement") among the Sellers and Hitachi, Ltd., as purchaser (the "Purchaser") and provided for the vesting in the Purchaser or Designated Purchaser of the Canadian Sellers' right, title and interest in and to the Assets, which vesting is to be effective with respect to the Assets upon the delivery by the Monitor to the Purchaser of a certificate confirming receipt of confirmation from the Canadian Sellers (i) the Purchaser has paid the Purchase Price; (ii) the conditions to Closing as set out in Article 8 of the Sale Agreement have been satisfied or waived by the Sellers and the Purchaser, as applicable; and (iii) the Transaction has been completed to the satisfaction of the Canadian Sellers.

C.     Unless otherwise indicated herein, terms with initial capitals have the meanings set out in the Sale Agreement.

THE MONITOR CERTIFIES the following:

1.     The Canadian Sellers have advised the Monitor that the Purchaser has paid and JPMorgan Chase Bank, N.A., as escrow agent, has received the Purchase Price payable on the Closing Date pursuant to the terms of the Sale Agreement;

2.     The Canadian Sellers have advised the Monitor that the conditions to Closing as set out in Article 8 of the Sale Agreement have been satisfied or waived by the Sellers and/or the Purchaser, as applicable; and

3.     The Canadian Sellers have advised the Monitor that the Transaction has been completed to the satisfaction of the Sellers.

This Certificate was delivered by the Monitor at _____ [TIME] on _____ 2009.


**Ernst & Young Inc. in its capacity as monitor in the CCAA proceedings of Nortel Networks Corporation, et. al. and not in its personal capacity**

Per:     _____

Name:

Title:



Court File No: 09-CL-7950

IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL
NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS
GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND
NORTEL NETWORKS TECHNOLOGY CORPORATION

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
(COMMERCIAL LIST)

Proceeding commenced at Toronto

**AMENDED APPROVAL AND VESTING ORDER**
**(Next Generation Packet Core Business)**

**OGILVY RENAULT LLP**
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street, P.O. Box 84
Toronto, Ontario M5J 2Z4

**Derrick Tay LSUC#: 21152A**
Tel: (416) 216-4832
Email: dtay@ogilvyrenault.com

**Mario Forte LSUC#: 27293F**
Tel: (416) 216-4870
Email: mforte@ogilvyrenault.com

**Jennifer Stam LSUC #46735J**
Tel: (416) 216-2327
Email: jstam@ogilvyrenault.com
Fax: (416) 216-3930

Lawyers for the Applicants

DOCSTOR: 1815185\3

**TAB 6**

DOCSTOR: 1815185\4\3



Court File No.: 09-CL-7950

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**COMMERCIAL LIST**

| THE HONOURABLE MR. | ) | WEDNESDAY, THE 28TH |
|---|---|---|
| | ) | |
| JUSTICE MORAWETZ | ) | DAY OF OCTOBER, 2009 |

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,**
**R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF**
**NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,**
**NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS**
**INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY**
**CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,**
**R.S.C. 1985, c. C-36, AS AMENDED**

<u>**AMENDED**</u> **APPROVAL AND VESTING ORDER**
**(Next Generation Packet Core Business)**

THIS MOTION, made by Nortel Networks Corporation ("NNC"), Nortel Networks
Limited ("NNL" ~~and together with Nortel Networks Inc., the "Sellers"~~), Nortel Networks
Technology Corporation<u>, ("NNTC" and with NNL, the "Canadian Sellers")</u> Nortel Networks
Global Corporation and Nortel Networks International Corporation (collectively, the
"Applicants") for the relief set out in the Applicants' Notices of Motion dated October 26<u>, 2009</u>
<u>and November ●</u>, 2009 including, the approval of a transaction (the "Transaction") to sell certain
assets pursuant to a transaction agreement dated October 25, <u>2009 as amended by amendment no.</u>
<u>1 to the transaction agreement dated November ●,</u> 2009 (the "Sale Agreement") among the

2

Sellers, as sellers and Hitachi, Ltd., as purchaser (the "Purchaser") was heard ~~this day~~ on October 28, 2009 at 330 University Avenue, Toronto, Ontario and, solely for the purpose of amendments, on December 2, 2009.

ON READING the affidavit of George Riedel sworn October 26, 2009 ~~and~~, the affidavit of John Doolittle sworn November ●, 2009, the twenty-sixth report of Ernst & Young Inc. in its capacity as monitor (the "Monitor") dated October 26, 2009 (the "Twenty-Sixth Report"), and the ● report of the Monitor dated ●, 2009, and on hearing the submissions of counsel for the Applicants, the Monitor and those other parties present, no one appearing for any other person on the service list, although properly served as appears from the affidavit of Katie Legree sworn October 27, 2009, filed:

1.    THIS COURT ORDERS that the time for the service of the Notice of Motion, the Twenty-Sixth Report and the Motion Record is hereby abridged so that this Motion is properly returnable today and hereby dispenses with further service thereof.

2.    THIS COURT ORDERS that capitalized terms used herein and not otherwise defined will have the meaning given to them in the Sale Agreement.

3.    THIS COURT ORDERS AND DECLARES that, subject to the approval of the Transaction and Sale Agreement by the United States Bankruptcy Court for the District of Delaware in the Chapter 11 Cases of the U.S. Debtors, the Transaction is hereby approved. The execution, delivery and performance of the Sale Agreement by the Canadian Sellers and the Intellectual Property License Agreement by NNL is hereby authorized and approved (with such alterations and amendments as the parties thereto may agree, subject to obtaining Monitor consent prior to making any material alterations or amendments to the Sale Agreement or Intellectual Property License Agreement), and ~~NNL is~~ the Canadian Sellers are hereby authorized and directed to take such additional steps and execute such additional documents, including without limitation the Ancillary Agreements, as may be necessary or desirable for the completion of the Transaction and for the conveyance of the Assets to the Purchaser or its Designated Purchaser, if applicable.

4.    THIS COURT ORDERS AND DECLARES that upon the delivery of a Monitor's certificate to the Purchaser substantially in the form attached as Schedule "A" hereto (the

DOCSTOR: 1815185\1\2



3

"Monitor's Certificate"), all of NNL the Canadian Sellers's right, title and interest in and to the Assets shall vest absolutely in the Purchaser or, to the extent designated by the Purchaser in accordance with the Sale Agreement, its Designated Purchaser, free and clear of and from any and all security interests (whether contractual, statutory, or otherwise), hypothecs, mortgages, trusts or deemed trusts (whether contractual, statutory, or otherwise), liens, executions, levies, charges, or other financial or monetary claims, whether or not they have attached or been perfected, registered or filed and whether secured, unsecured or otherwise (collectively, the "Claims") including, without limiting the generality of the foregoing: (i) any encumbrances or charges created by the Orders made in these proceedings, including the Initial Order of the Honourable Justice Morawetz dated January 14, 2009 (as amended and restated); and (ii) all charges, security interests or claims evidenced by registrations pursuant to the *Personal Property Security Act* (Ontario) or any other personal property registry system; excluding only those Seller Encumbrances, Assumed Liabilities and licenses expressly permitted or assumed under the Sale Agreement.   For greater certainty, this Court orders that all Liens, other than Seller Encumbrances and licenses expressly permitted under the Sale Agreement, affecting or relating to the Assets, are hereby expunged and discharged as against the Assets.

5.     THIS COURT ORDERS that, except as otherwise expressly permitted by and in accordance with the terms of the Ancillary Agreements, NNL the Canadian Sellers shall not revoke, disclaim, terminate or resiliate the Ancillary Agreements and notwithstanding any such action by the Canadian Sellers, the Purchaser or its Designated Purchaser, as the case may be, shall be entitled to use the Licensed Intellectual Property in accordance with the Intellectual Property License Agreement as though such action had not occurred. For greater certainty, nothing in this paragraph 5 shall prohibit NNL the Canadian Sellers from exercising any and all rights and remedies (including any termination rights) available to it them pursuant to and in accordance with the express terms of the Ancillary Agreements, or applicable law outside any insolvency or bankruptcy proceeding.

6.     THIS COURT ORDERS that for the purposes of determining the nature and priority of Claims, the net proceeds from the sale of the Assets shall stand in the place and stead of the Assets, and that from and after the delivery of the Monitor's Certificate all Claims and Encumbrances shall attach to the net proceeds from the sale of the Assets with the same priority

4

as they had with respect to the Assets immediately prior to the sale, as if the Assets had not been sold and remained in the possession or control of the person having that possession or control immediately prior to the sale.

7.    THIS COURT ORDERS that all proceeds of the Transaction, subject to the Purchaser's rights under the Sale Agreement and less applicable transfer or value added taxes incurred by the Sellers, and, to the extent agreed by the Sellers, any transaction costs, shall be deposited by the Sellers upon receipt from the Purchaser into an Escrow Account (as such term is defined in the Interim Funding and Settlement Agreement entered into on June 9, 2009 (the "IFA")), and such proceeds shall not be distributed in advance of either (i) agreement by all of the Selling Debtors (as defined in the IFA) as to the distribution of such proceeds (in accordance with Section 12.g. of the IFA) or (ii) in the case where the Selling Debtors fail to reach such agreement, determination by the relevant dispute resolver(s) in accordance with the terms of the Interim Sales Protocol (as such term is defined in the IFA and subject to the requirements of Section 12.g of the IFA), which Interim Sales Protocol shall be approved by this Court.

8.    THIS COURT ORDERS AND DIRECTS the Monitor to file with the Court a copy of the Monitor's Certificate, forthwith after delivery thereof.

9.    THIS COURT ORDERS that, notwithstanding:

(a)    the pendency of these proceedings;

(b)    any applications for a bankruptcy order now or hereafter issued pursuant to the *Bankruptcy and Insolvency Act* (Canada) in respect of any of the Applicants and any bankruptcy order issued pursuant to any such applications; and

(c)    any assignment in bankruptcy made in respect of any of the Applicants;

the vesting of the Assets in the Purchaser or its Designated Purchaser, as the case may be, pursuant to this Order and all the terms of the Sale Agreement and the Ancillary Agreements shall be binding on any trustee in bankruptcy that may be appointed in respect of any of the Applicants and shall not be void or voidable by creditors of any of the Applicants, nor shall they

DOCSTOR: 1815185\43



5

constitute nor be deemed to be a settlement, fraudulent preference, assignment, fraudulent conveyance, transfer at under value or other reviewable transaction under the *Bankruptcy and Insolvency Act* (Canada) or any other applicable federal or provincial legislation, nor shall they constitute oppressive or unfairly prejudicial conduct pursuant to any applicable federal or provincial legislation.

10.    THIS COURT ORDERS that any sale or transfer of the Licensed Intellectual Property by NNL or a bankruptcy trustee or receiver appointed in respect of NNL, whether by vesting order or otherwise, shall be made subject to the Intellectual Property License Agreement, and the Purchaser and Designated Purchaser, as the case may be, shall be permitted to continue to use the Licensed Intellectual Property in accordance with the Intellectual Property License Agreement following and notwithstanding any such sale or transfer of the Licensed Intellectual Property. For greater certainty, nothing in this paragraph 10 shall prohibit a purchaser of NNL's interest in the Licensed Intellectual Property or an assignee of the Intellectual Property License Agreement (if assigned in accordance with the Intellectual Property License Agreement) from exercising any and all rights and remedies (including any termination rights) available to such party pursuant to and in accordance with express terms of the Intellectual Property License Agreement, or applicable law outside any insolvency or bankruptcy proceeding.

11.    THIS COURT ORDERS AND DECLARES that the Transaction is exempt from the application of the *Bulk Sales Act* (Ontario).

12.    THIS COURT HEREBY REQUESTS the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada, the United States, the United Kingdom or elsewhere, to give effect to this Order and to assist the Applicants, the Monitor and their respective agents in carrying out the terms of this Order.  All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicants and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Monitor in any foreign proceeding, or to assist the Applicants and the Monitor and their respective agents in carrying out the terms of this Order.

DOCSTOR: 1815185\1

6

13.     THIS COURT ORDERS that each of the Applicants and the Monitor be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order.

DOCSTOR: 1815185\3

7

14.     THIS COURT ORDERS that the Confidential Appendix "B" to the Twenty-Sixth Report be and is hereby sealed pending further Order of this Court.

_____

DOCSTOR: 1815185\1\3



**Schedule A – Form of Monitor's Certificate**

Court File No.: 09-CL-7950

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE
### COMMERCIAL LIST

### IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

### AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

### APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

### MONITOR'S CERTIFICATE
### (Next Generation Packet Core Business)

## RECITALS

A.    Pursuant to an Order of the Honourable Justice Morawetz of the Ontario Superior Court of Justice (the "Court") dated ●, 2009 (as amended and restated), Nortel Networks Corporation ("NNC"), Nortel Networks Limited ("NNL" and together with NNC, the "Sellers"), Nortel Networks Global Corporation, Nortel Networks International Corporation and Nortel Networks Technology Corporation ("NNTC" and, with NNL, the "Canadian Sellers") (collectively, the "Applicants") commenced proceedings pursuant to the *Companies' Creditors Arrangement Act* (Canada) and Ernst & Young Inc. was appointed as monitor (the "Monitor") in these proceedings.

B.    Pursuant to an Order of the Court dated ●, 2009, the Court approved a transaction (the "Transaction") to sell certain assets pursuant to a transaction agreement dated October 25, 2009, as amended by amendment no. 1 to the transaction agreement dated November ●, 2009 (the "Sale

DOCSTOR: 1815185\12

- 2 -

Agreement") among the Sellers and Hitachi, Ltd., as purchaser (the "Purchaser") and provided for the vesting in the Purchaser or Designated Purchaser of ~~NNL's~~the Canadian Sellers' right, title and interest in and to the Assets, which vesting is to be effective with respect to the Assets upon the delivery by the Monitor to the Purchaser of a certificate confirming receipt of confirmation from ~~NNL that~~ the Canadian Sellers (i) the Purchaser has paid the Purchase Price; (ii) the conditions to Closing as set out in Article 8 of the Sale Agreement have been satisfied or waived by the Sellers and the Purchaser, as applicable; and (iii) the Transaction has been completed to the satisfaction of ~~NNL~~the Canadian Sellers.

C.    Unless otherwise indicated herein, terms with initial capitals have the meanings set out in the Sale Agreement.

THE MONITOR CERTIFIES the following:

1.    ~~NNL has~~The Canadian Sellers have advised the Monitor that the Purchaser has paid and [●]JPMorgan Chase Bank, N.A., as escrow agent, has received the Purchase Price payable on the Closing Date pursuant to the terms of the Sale Agreement;

2.    ~~NNL has~~The Canadian Sellers have advised the Monitor that the conditions to Closing as set out in Article 8 of the Sale Agreement have been satisfied or waived by the Sellers and/or the Purchaser, as applicable; and

3.    ~~NNL has~~The Canadian Sellers have advised the Monitor that the Transaction has been completed to the satisfaction of the Sellers.

This Certificate was delivered by the Monitor at _____ [TIME] on _____ 2009.

**Ernst & Young Inc. in its capacity as monitor in the CCAA proceedings of Nortel Networks Corporation, et. al. and not in its personal capacity**

Per:    _____

        Name:

        Title:

Court File No: 09-CL-7950

IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

*ONTARIO*
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

Proceeding commenced at Toronto

AMENDED APPROVAL AND VESTING ORDER
(Next Generation Packet Core Business)

OGILVY                  RENAULT                       LLP
Suite                                                3800
Royal        Bank      Plaza,     South            Tower
200          Bay       Street,    P.O.    Box         84
Toronto,     Ontario              M5J              2Z4

Derrick      Tay        LSUC#:              21152A
Tel:            (416)                      216-4832
Email:       dtay@ogilvyrenault.com

Mario        Forte      LSUC#:              27293F
Tel:            (416)                      216-4870
Email:                  mforte@ogilvyrenault.com

Jennifer     Stam       LSUC              #46735J
Tel:            (416)                      216-2327
Email:       jstam@ogilvyrenault.com
Fax:            (416)                      216-3930

Lawyers for the Applicants

DOCSTOR: 1815185\1

# TAB 7

Court File No.: 09-CL-7950

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**COMMERCIAL LIST**

| | | |
|---|---|---|
| THE HONOURABLE | ) | WEDNESDAY, THE 2nd |
| | ) | |
| JUSTICE MORAWETZ | ) | DAY OF DECEMBER, 2009 |

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,**
**R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF**
**NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,**
**NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS**
**INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY**
**CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,**
**R.S.C. 1985, c. C-36, AS AMENDED**

**ORDER**
**(Extension of Employee Hardship Application Process)**

THIS MOTION, made by Nortel Networks Corporation ("NNC"), Nortel Networks Limited ("NNL"), Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation (collectively, the "Applicants") for the relief set out in the Applicants' Notice of Motion dated November 25, 2009 was heard this day at 393 University Avenue, Toronto, Ontario.

ON READING the affidavit of John Doolittle sworn November 25, 2009 ("Doolittle Affidavit"), the ● report of Ernst & Young Inc. in its capacity as monitor (the "Monitor") dated November ●, 2009 (the "● Report") and on hearing the submissions of counsel for the



- 2 -

Applicant, the Monitor and those other parties present, no one appearing for any other person on the service list, although properly served as appears from the affidavit of Katie Legree sworn November ●, 2009, filed:

1.     THIS COURT ORDERS AND DECLARES that the application period for receipt of employee hardship applications pursuant to the Employee Hardship Process (as defined in the Doolittle Affidavit) be and is hereby extended to January 31, 2010 (the "Extension Date").

2.     THIS COURT ORDERS that the eligibility requirements in respect of the Employee Hardship Process as set out in the form attached as Exhibit "C" of the Doolittle Affidavit be amended to reflect the Extension Date.

3.     THIS COURT HEREBY REQUESTS the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada, the United States, the United Kingdom or elsewhere, to give effect to this Order and to assist the Applicants, the Monitor and their respective agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicants and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Monitor in any foreign proceeding, or to assist the Applicants and the Monitor and their respective agents in carrying out the terms of this Order.

4.     THIS COURT ORDERS that each of the Applicants and the Monitor be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order.

_____

Court File No: 09-CL-7950

IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL
NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS
GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND
NORTEL NETWORKS TECHNOLOGY CORPORATION

*ONTARIO*
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

Proceeding commenced at Toronto

ORDER
(Extension of Employee Hardship Application Process)

**OGILVY RENAULT LLP**
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street
P.O. Box 84
Toronto, Ontario M5J 2Z4

**Derrick Tay LSUC#: 21152A**
Tel: (416) 216-4832
Email: dtay@ogilvyrenault.com

**Mario Forte LSUC#: 27293F**
Tel: (416) 216-4870
Email: mforte@ogilvyrenault.com

**Jennifer Stam LSUC #46735J**
Tel: (416) 216-2327
Email: jstam@ogilvyrenault.com
Fax: (416) 216-3930

Lawyers for the Applicants

**IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION**

Court File No: 09-CL-7950

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

Proceeding commenced at Toronto

**MOTION RECORD**
**Approval of Various Relief**
**(returnable December 2, 2009)**

**OGILVY RENAULT LLP**
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street
P.O. Box 84
Toronto, Ontario M5J 2Z4

**Derrick Tay LSUC#: 21152A**
Tel: (416) 216-4832
Email: dtay@ogilvyrenault.com

**Mario Forte LSUC#: 27293F**
Tel: (416) 216-4870
Email: mforte@ogilvyrenault.com

**Jennifer Stam LSUC #46735J**
Tel: (416) 216-2327
Email: jstam@ogilvyrenault.com
Fax: (416) 216-3930

Lawyers for the Applicants

