**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------X
                                                       :
                                                       :        Chapter 11
                                                       :
*In re*                                                :
                                                       :        Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                     :
                                                       :        Jointly Administered
                              Debtors.                 :
                                                       :        RE: D.I. _____
                                                       :
-------------------------------------------------------X

**ORDER (A) AUTHORIZING AND APPROVING THE GSM TERMINATION**
**FEE AGREEMENT AND (B) GRANTING RELATED RELIEF**

Upon the motion dated November 27, 2009 (the "Motion"),[2] of Nortel Networks Inc. and

its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the

"Debtors"), for entry of an order, as more fully described in the Motion, authorizing and

approving that certain agreement attached to the Motion as Exhibit B (the "GSM Termination

Fee Agreement"), entered into by and among Nortel Networks Corporation ("NNC"), Nortel

Networks Limited ("NNL") and Nortel Networks Inc. ("NNI") (together, the " Main Sellers")

and Telefonaktiebolaget LM Ericsson (publ) (together with its designees, the "Purchaser"), dated

November 24, 2009; and granting them such other and further relief as the Court deems just and

proper; and adequate notice of the Motion having been given as set forth in the Motion; and it

appearing that no other or further notice is necessary; and the Court having jurisdiction to

consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and

---

[1]       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.
[2]       Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

the Court having determined that consideration of the Motion is a core proceeding pursuant to 28

U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in

the Motion establish just cause for the relief requested in the Motion, and that such relief is in the

best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the

record in these proceedings; and after due deliberation;

   IT IS HEREBY ORDERED THAT:

   1.  The Motion is GRANTED.

   2.  NNI is authorized to enter into the GSM Termination Fee Agreement pursuant to

sections 105(a) and 363 of the Bankruptcy Code, and to take any and all actions that may be

reasonably necessary or appropriate to perform all obligations contemplated thereunder.

   3.  The failure to specifically describe or include any particular provision of the GSM

Termination Fee Agreement in this Order shall not diminish or impair the effectiveness of such

provision, it being the intent of this Court that the GSM Termination Fee Agreement be approved

in its entirety.

   4.  Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to

the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its

entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or

realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and

without further delay, take any action and perform any act authorized under this Order.

   5.  The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

Dated: _____, 2009
   Wilmington, Delaware

            _____
            THE HONORABLE KEVIN GROSS
            UNITED STATES BANKRUPTCY JUDGE