## **EXHIBIT A**

**Order Authorizing Assignment Procedures**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re*                                                  :   Chapter 11
                                                         :
Nortel Networks Inc., *et al.*,[1]                       :   Case No. 09-10138 (KG)
                                                         :
                    Debtors.  :   Jointly Administered
                                                         :
                                                         :   **Re: D.I.** _____
                                                         :
---------------------------------------------------------X

### ORDER (A) APPROVING THE ASSUMPTION AND ASSIGNMENT PROCEDURES IN CONNECTION WITH THE SALE OF NORTEL'S GSM/GSM-R BUSINESS (B) AUTHORIZING THE FILING OF CERTAIN DOCUMENTS UNDER SEAL AND (C) GRANTING ANY OTHER RELIEF

Upon the motion dated November 27, 2009 (the "Motion"),[2] of Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), moved this Court for the entry of an order, pursuant to sections 105, 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9014 and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (a) approving the procedures for the assumption

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion, or if not defined in the Motion, shall have the meanings ascribed to such terms in the Sale Motion.

and assignment of certain executory contracts (the "Assignment Procedures") in connection with the sale of substantially all of the North American GSM assets of the Debtors (collectively, the "Assets") to Telefonaktiebolaget L M Ericsson (publ) (the "Purchaser") in accordance with the terms and conditions of the Asset Sale Agreement entered into by the Debtors and Telefonaktiebolaget L M Ericsson (publ), as may be subsequently amended (the "North American Purchase Agreement"); (b) authorizing the Debtors to file certain documents under seal; and (c) granting them such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation it is hereby

        FOUND AND DETERMINED THAT:[3]

        A.     The Assignment Procedures represent an appropriate process for assumption and assignment of executory contracts that conforms to section 365 of the Bankruptcy Code.

        ORDERED, ADJUDGED AND DECREED THAT:

        37.     The relief requested in the Motion is GRANTED.

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

**The Assignment Procedures**

38. The Assignment Procedures attached hereto as <u>Exhibit 1</u> are hereby authorized, approved and made part of this Order as if fully set forth herein.

39. The Court recognizes that the identities of the Customer Contract Counterparties and any affidavits of service that identify such parties constitute confidential commercial information, and therefore authorizes that any lists disclosing the identities of the Customer Contract Counterparties and affidavits to be filed in connection with the Motion and the procedures approved herein may be filed under seal.

40. The Debtors shall provide unredacted lists of Designated Customer Contracts and affidavits of service that identify the Debtors' customers to the Clerk's Office of the United States Bankruptcy Court for the District of Delaware in a prominently marked envelope with a cover sheet attached containing (i) the caption, (ii) the docket number of the Motion, (iii) the docket number of this Order, (iv) the title of the list of Designated Customer Contracts and affidavits of service that identify the Debtors' customers, and (v) the legend "DOCUMENTS TO BE KEPT UNDER SEAL" in bold print.

41. Recognizing that providing individual notice to each Customer Contract Counterparty will ensure that such parties will receive adequate notice, the Court hereby waives the requirements of Bankruptcy Rule 6006(f)(6).

42. To facilitate the assumption and assignment of the Designated Contracts, the anti-assignment provisions of the Designated Contracts, if any, are hereby deemed unenforceable pursuant to section 365(f) of the Bankruptcy Code.

43. Pursuant to Bankruptcy Rule 6006(f)(6), the Court hereby authorizes the Debtors to file one or more omnibus notices, pursuant to the Assignment Procedures, incorporating all the executory contracts to be assumed and assigned.

44.     As the Purchaser designates the Designated Customer Contracts to be assumed by the relevant Debtor and assigned to the Purchaser as of the Closing Date, the Debtors will, from time to time, serve a Customer Notice on each Customer Contract Counterparty by first class mail.  The Debtors will file under seal with the Court and deliver a full, alphabetized list of Customer Contract Counterparties, along with an affidavit or declaration confirming that the Customer Notice has been sent to each Customer Contract Counterparty, to (i) counsel to the Purchaser, (ii) the U.S. Trustee, (iii) the Monitor, (iv) counsel to the Committee, and (v) counsel to the Bondholder Group.

45.     As the Purchaser designates Non-Customer Designated Contracts, the Debtors will, from time to time file with the Court one or more Omnibus Notices, and serve each omnibus notice by first class mail on each Non-Customer Contract Counterparty whose Non-Customer Designated Contract appears on such omnibus notice.

46.     The Notices, in substantially the same forms as annexed to the Assignment Procedures as Exhibits A (Form of Customer Notice) and B (Form of Omnibus Notice), are sufficient to provide effective notice pursuant to Bankruptcy Rules 2002(a)(2), 6004(a) and 6006(c) to all Counterparties of the Debtors' intent to assume and assign the Designated Contracts, and are hereby approved.

**Objection Procedures**

47.     Any Counterparty that wishes to object to any matter set forth in the Notices with regards to the proposed assumption and assignment of a Designated Contract, including without limitation the adequate assurance of future performance by the Purchaser under the applicable Designated Contract or the Cure Amount, if any, must file a written objection with the Court no later than ten (10) days following service of the Notice, and serve notice of such objection on (a)

counsel to the Debtors, (b) counsel to the Purchaser, (c) counsel to the Committee and (d) counsel to the Bondholder Group, each at the addresses set forth in the Assignment Procedures.

48.     To the extent that any Counterparty does not timely serve an objection as set forth directly above, such Counterparty will be deemed to have (i) consented to the assumption and assignment of the applicable Designated Contract; (ii) agreed that the Purchaser has provided adequate assurance of future performance within the meaning of Bankruptcy Code section 365(b)(1)(C); (iii) consented to such Cure Amount, if any; (iv) agreed that all defaults under the Designated Contract arising or continuing prior to the effective date of the assignment have been cured such that the Purchaser or the Debtors shall have no liability or obligation with respect to any default occurring or continuing prior to the effective date of the assignment, and from and after the effective date of the assignment, the Designated Contract shall remain in full force and effect for the benefit of the Purchaser and the Counterparty in accordance with its terms; (v) waived any right to terminate the Designated Contract or designate an early termination date under the applicable Designated Contract as a result of any default that occurred or was continuing prior to the effective date of the assignment; and (vi) agreed that the terms of this Order and the order authorizing and approving sale of Debtors' GSM/GSM-R business free and clear of all liens shall apply to the assignment

49.     Upon filing of an objection by a Counterparty, the Debtors shall be required to respond to such objection within ten (10) days after receiving such objection.

50.     To the extent that an objection by a Counterparty is not resolved prior to the Closing Date, the Debtors, in consultation with the Purchaser, but subject in all respects to the terms and conditions of the North American Purchase Agreement, may elect to (i) not assume and assign such Designated Contract; (ii) postpone the assumption and assignment of such

Designated Contract until the resolution or adjudication of such objection; or (iii) in the case of a Cure Objection, the relevant party responsible for payment of the Cure Amount under the North American Purchase Agreement shall segregate any disputed Cure Amount pending the resolution or adjudication of any such objection, in which case the Debtors shall be permitted to assume and assign such Designated Contract as of the Closing Date.

51. Pursuant to Bankruptcy Code section 365(k), the Debtors shall be relieved from any further liability with respect to the Designated Contract following assignment to the Purchaser.

## Other Relief Granted

52. This Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rules 6004 or 6006 or any other provision of the Bankruptcy Code or the Bankruptcy Rules is expressly lifted.

53. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry; (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

54. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
      Wilmington, Delaware

                                        _____
                                        THE HONORABLE KEVIN GROSS
                                        UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

**ASSIGNMENT PROCEDURES**

**I.     NOTICES**

*Customer Contracts – Notice*

The Debtors shall, no later than thirty (30) days prior to the Closing Date,[1] serve an individual notice substantially in the form attached hereto as Exhibit A (the "Customer Notice") by first class mail on each counterparty to a customer contract (respectively, a "Customer Contract Counterparty" and "Designated Customer Contract") (and its attorney, if such attorney has filed a notice of appearance in these chapter 11 proceedings) at the last known address available to the Debtors.  Each Customer Notice shall set forth the following information:  (i) the name and address of the Customer Contract Counterparty, (ii) identification of the Designated Customer Contracts, (iii) notice of the proposed effective date of the assignment, (iv) a description of the Purchaser and a statement as to the Purchaser's ability to perform the Debtors' obligations under the Designated Customer Contracts and (v) any Cure Amount (as defined below) under each relevant Designated Customer Contract, where "Cure Amount" means, with respect to an agreement, any amount required by section 365(b)(1) of the Bankruptcy Code and Rule 6006(f) of the Bankruptcy Rules to pay for any actual pecuniary losses that have resulted from any defaults by the relevant Debtor under such agreement.

The Debtors shall file under seal with the Court and deliver a full, alphabetized list of Customer Contract Counterparties, along with an affidavit or declaration confirming that a Customer Notice (as defined below) has been sent to each Customer Contract Counterparty, to (i) counsel to the Purchaser (as defined below), (ii) the U.S. Trustee (iii) the Monitor, (iv) counsel to the Committee and (v) counsel to the Bondholder Group.

*Non-Customer Contracts – Omnibus Notices*

The Debtors shall, no later than thirty (30) days prior to the Closing Date, also file with the Court one or more omnibus notices, each covering no greater than 100 non-customer contracts (the "Designated Non-Customer Contracts," and together with Designated Customer Contracts "Designated Contracts"), substantially in the form attached hereto as Exhibit B ("Omnibus Notice" and together with the Customer Notice, the "Notice"), and serve each omnibus notice on each counterparty to a Designated Non-Customer Contract (a "Non-Customer Contract Counterparty," and, together with a Customer Contract Counterparty, a "Counterparty") whose Designated Non-Customer Contract appears on such omnibus notice.  The Omnibus Notices will provide inter alia Cure Amounts.

**II.    OBJECTION PROCEDURES**

To the extent that any Counterparty wishes to object to any matter pertaining to the proposed assumption and assignment of a Designated Contract, including, without limitation, the adequate

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Assignment Procedures Motion.

assurance of future performance by the Purchaser under the applicable Designated Contract or the Cure Amount, if any (any objection regarding the Cure Amount, a "Cure Objection"), then such Counterparty must file a written objection with the Court no later than ten (10) days following service of the Notice, and serve notice of such objection on counsel to the Debtors: Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Fax: (212) 225-3999 (Attention:  James L. Bromley and Lisa M. Schweitzer) and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, Delaware 19801, Fax:  (302) 658-3989 (Attention:  Derek C. Abbott).  Copies also must be served contemporaneously on (a) counsel to the Purchaser:  Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019, Fax: (212) 373-3990 (Attention: Stephen J. Shimshak and Marilyn Sobel); (b) counsel to the Committee:  Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Fax:  (212) 872-1002 (Attention:  Fred S. Hodara, Stephen Kuhn and Kenneth Davis) and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attention:  Christopher M. Samis), and (c) counsel to the Bondholder Group:  Milbank, Tweed, Hadley & McCloy, One Chase Manhattan Plaza, New York, New York 10006, Fax:  (212) 822-5735 (Attention:  Roland Hlawaty).

To the extent that any Counterparty does not timely serve an objection as set forth above, such Counterparty will be deemed to have (i) consented to the assumption and assignment of the applicable Designated Contract; (ii) agreed that the Purchaser has provided adequate assurance of future performance within the meaning of Bankruptcy Code section 365(b)(1)(C); (iii) consented to such Cure Amount, if any; (iv) agreed that all defaults under the Designated Contract arising or continuing prior to the effective date of the assignment have been cured as a result or precondition of the assignment, such that the Purchaser or the Debtors shall have no liability or obligation with respect to any default occurring or continuing prior to the assignment, and from and after the effective date of the assignment, the Designated Contract shall remain in full force and effect for the benefit of the Purchaser and the Counterparty in accordance with its terms; (v) waived any right to terminate the Designated Contract or designate an early termination date under the applicable Designated Contract as a result of any default that occurred or was continuing prior to the effective date of the assignment; and (vi) agreed that the terms of the orders to (I) (a) Approve the Assignment Procedures Pursuant to Section 365 of the Bankruptcy Code; (b) Authorize the Debtors to File Certain Documents Under Seal; (c) Granting Such Other Relief as the Court Deems Just and Proper (the "Assignment Procedures Order") and (II) Authorizing and Approving Sale of Debtors' GSM/GSM-R Business Free and Clear of All Liens (the "Final Sale Order") shall apply to the assumption and assignment.  Pursuant to Bankruptcy Code section 365(k), the Debtors shall be relieved from any further liability with respect to the Designated Contract following assignment to the Purchaser.

### III.     RESOLUTION OF OBJECTIONS

Upon filing of an objection by a Counterparty, the Debtors shall be required to respond to such objection within ten (10) days after receiving such objection.

To the extent that an objection by a Counterparty is not resolved prior to the Closing Date, the Debtors, in consultation with the Purchaser, subject in all respects to the Sale Agreement, may elect to (i) not assume and assign such Designated Contract, (ii) postpone the assumption and assignment of such Designated Contract until the resolution or adjudication of such objection, or

(iii) in the case of a Cure Objection, the relevant party responsible for payment of the Cure Amount under the Sale Agreement shall segregate any disputed Cure Amount pending the resolution or adjudication of any such objection, in which case the Debtors shall be permitted to assume and assign such Designated Contract as of the Closing Date.

## IV.     RESERVATION OF RIGHTS

The Debtors' decision to assume and assign the Designated Contracts is subject to Bankruptcy Court approval and consummation of the sale of the GSM/GSM-R Assets to the Purchaser. Accordingly, the Debtors shall be deemed to have assumed and assigned those Designated Contracts ultimately identified under the Sale Agreement as of and effective only upon the Closing Date.  Absent a closing that includes such Designated Contracts, each of the Designated Contracts shall be deemed neither assumed nor assigned and shall in all respects be subject to subsequent assumption or rejection by the Debtors under the Bankruptcy Code.

The Purchaser shall have no rights in and to a particular Designated Contract until such time as the particular Designated Contract is assumed and assigned in accordance with the procedures set forth herein.

To the extent required by applicable law, the Debtors reserve the right to file one or more motions to assume and assign any unexpired contracts of the Debtors.

## Exhibit A

**Form of Customer Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-----------------------------------------------------------X
                                                           :
In re                                                      :     Chapter 11
                                                           :
Nortel Networks Inc., et al.,¹                             :     Case No. 09-10138 (KG)
                                                           :
                    Debtors.                               :     Jointly Administered
                                                           :
                                                           :
-----------------------------------------------------------X
```

**NOTICE OF DEBTORS' REQUEST FOR AUTHORITY
TO ASSUME AND ASSIGN CERTAIN CUSTOMER CONTRACTS**

**PLEASE TAKE NOTICE THAT:**

In connection with the Debtors' Motion for Orders (A) Approving the Assumption and Assignment Procedures, and (B) Authorizing the Filing of Certain Documents Under Seal [D.I. **[●]**] (the "Assignment Procedures Motion"), Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby provide notice of their intent to assume and assign, pursuant to sections 363 and 365 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), certain contracts to which the Debtors are a party, including at least one or more such contracts to which the Debtors believe you or your predecessor in interest are a party, which contracts are identified in Schedule A hereto (singularly or collectively, the "Scheduled Contracts"). Nothing contained in this notice is to be construed as an admission by the Debtors as to the character of any document denominated as a contract, as an executory contract, or to the rights of any parties thereto. The assumption and assignment of the contracts (the "Designated Contracts") will take place pursuant to orders of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") to (I) (a) Approve the Assignment Procedures Pursuant to Section 365 of the Bankruptcy Code; (b) Authorize the Debtors to File Certain Documents Under Seal; (c) Granting Such Other Relief as the Court Deems Just and Proper (the "Assignment Procedures Order") [D.I. **[●]**] and (II) Authorizing and Approving Sale of Debtors' GSM/GSM-R Business Free and Clear of All Liens (the "Final Sale Order") [D.I. **[●]**], entered on **[●]**, 2009. Capitalized terms not otherwise

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

defined in this notice shall have the meanings ascribed to such terms in the Assignment Procedures Motion.

The Auction and Sale Procedures. As described in the Debtors' Motion For Orders (I)(A) Authorizing And Approving The Bidding Procedures, (B) Approving The Notice Procedures, And (C) Setting A Date For The Sale Hearing, And (II) Authorizing And Approving Sale Of Certain Assets Of Debtors' GSM/GSM-R Business [D.I. 1587] (the "Sale Motion"), Nortel Networks Inc. and certain of its affiliates (including the Debtors, collectively, the "Sellers") have conducted an auction for the sale of substantially all of the GSM/GSM-R assets of the Sellers. Upon the completion of the Auction, the joint bid of Telefonaktieolaget L M Ericsson (publ) ("Ericsson") and Kapsch Carriercom AG ("Kapsch") was selected by the Sellers (including the Debtors) as the successful bid. Accordingly, the Debtors and certain of their affiliates, including without limitation, certain of the Canadian Debtors, have entered into a binding purchase agreement with Ericsson, who has agreed to purchase the North American GSM assets of the Sellers on the terms set forth in those contracts, and certain of the Debtors' European affiliates and the Joint Administrators have entered into an interdependent Asset Sale Agreement, dated November 24, 2009, with Kapsch, and the Sale has been approved by the Bankruptcy Court, the Ontario Superior Court of Justice (the "Canadian Court") and any other applicable court(s) whose approval is required.

About Telefonaktieolaget L M Ericsson (publ). **[●]**

Conditions to Effectiveness of Assumption and Assignment. By the Assignment Procedures Motion, the Debtors have sought authority to assume and assign the Designated Contracts, including the Scheduled Contracts. The assumption and assignment of the Designated Contracts (including the Scheduled Contracts) shall be effective upon the closing (the "Closing Date") of the sale to the Purchaser as determined through a competitive bid and auction process, pursuant to the terms and conditions of the Asset Sale Agreement entered into by the Debtors and Ericsson dated November 24, 2009 as may be subsequently amended (the "Sale Agreement"). Only the Scheduled Contracts ultimately identified as of the Closing Date under the Sale Contract will be assumed and assigned. Any Cure Amount (as defined below) still outstanding at the time of closing shall be paid to the appropriate Counterparty as a condition subsequent to assumption and assignment. Except as set forth in the Sale Agreement, Purchaser has not agreed to pay, shall not be required to assume, and shall have no liability or obligation with respect to, any liability or obligation, direct or indirect, absolute or contingent, of the Debtors, including any liabilities or obligations associated with the Designated Contracts arising on or before closing.

Cure Amounts. In connection with the assumption of an executory contract pursuant to the Bankruptcy Code, any outstanding monetary obligations owed by the Debtors must be cured. This notice specifies the amount that the Debtors believe is required by section 365(b)(1) of the Bankruptcy Code and Rule 6006(f) of the Bankruptcy Rules to pay for any actual pecuniary losses that have resulted from any defaults under the Scheduled Contracts (the "Cure Amount").

Objections. Pursuant to the Assignment Procedures Order, objections, if any, to the Cure Amount must be filed with the Court no later than **ten (10) days following service of this Notice**, and notice of such objection must be: (a) in writing; (b) signed by counsel or attested to

3

by the objecting party; (c) served on counsel to the Debtors:  Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Fax:  (212) 225-3999 (Attention:  James L. Bromley and Lisa M. Schweitzer) and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, DE 19801, Fax:  (302) 658-3989 (Attention:  Derek C. Abbott); so that such objection is <u>actually received</u> no later than **[●], 2009** (the "<u>Objection Deadline</u>"); and (d) served so as to be received contemporaneously by the following:  (i) counsel to the Purchaser: Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019, Fax: (212) 373-3990 (Attention:  Stephen J. Shimshak and Marilyn Sobel), (ii) counsel to the Committee:  Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Fax:  (212) 872-1002 (Attention:  Fred S. Hodara, Stephen Kuhn and Kenneth Davis) and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attention:  Christopher M. Samis), and (iii) counsel to the Bondholder Group:  Milbank, Tweed, Hadley & McCloy, One Chase Manhattan Plaza, New York, New York 10006, Fax:  (212) 822-5735 (Attention:  Roland Hlawaty).  Any such notice must specify the grounds for such objection.  Pursuant to the Assignment Procedures Order, only those objections made in compliance with the foregoing requirements will be considered by the Bankruptcy Court.

***To the extent that any Counterparty does not timely serve an objection as set forth above, such Counterparty will be deemed to consent to the assumption and assignment of the Scheduled Contracts.***

Upon filing of an objection by a Counterparty, the Debtors shall be required to respond to such objection within ten (10) days after the receipt of such objection.

<u>Reservation of Rights</u>.  To the extent that an objection by a counterparty is not resolved prior to the Closing Date, the Debtors, in consultation with the Purchaser, subject in all respects with the Sale Agreement, may elect to (i) not assume and assign such Designated Contract or (ii) postpone the assumption and assignment of such Designated Contract until the resolution or adjudication of such objection.

<u>Documents</u>.  Copies of the Final Assignment Procedures Order (including the Assignment Procedures approved by the Bankruptcy Court) may be examined by interested parties between the hours of 8:00 a.m. and 3:00 p.m. (ET) at the office of the Clerk of the Court, 824 Market Street, Wilmington, Delaware 19801, or by appointment during regular business hours at the offices of the Debtors' attorneys:  Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attention:  James L. Bromley and Lisa M. Schweitzer.  Additionally, copies of the foregoing may be downloaded from the Court's docket at www.deb.uscourts.gov and from the website of the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC, at http://chapter11.epiqsystems.com/nortel.

Dates set forth in this notice are subject to change and further notice of such changes may not be provided except through announcements in open court and/or the filing of notices and/or amended agendas.  Parties in interest are encouraged to monitor the electronic court docket and/or the noticing agent website for further updates.

## Exhibit B

**Form of Omnibus Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

```
-----------------------------------------------------------X
                                                           :
In re                                                      :   Chapter 11
                                                           :
Nortel Networks Inc., et al.,¹                             :   Case No. 09-10138 (KG)
                                                           :
                    Debtors.                               :   Jointly Administered
                                                           :
                                                           :
                                                           :
-----------------------------------------------------------X
```

**OMNIBUS NOTICE OF DEBTORS' REQUEST FOR AUTHORITY
TO ASSUME AND ASSIGN CERTAIN NON-CUSTOMER CONTRACTS**

**PLEASE TAKE NOTICE THAT:**

In connection with the Debtors' Motion for Orders (A) Approving the Assumption and Assignment Procedures, and (B) Authorizing the Filing of Certain Documents Under Seal [D.I. **[●]**] (the "Assignment Procedures Motion"), Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby provide notice of their intent to assume and assign, pursuant to sections 363 and 365 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), certain contracts to which the Debtors are a party, including at least one or more such contracts to which the Debtors believe you or your predecessor in interest are a party, which contracts are identified in Schedule A hereto (singularly or collectively, the "Scheduled Contracts"). Nothing contained in this notice is to be construed as an admission by the Debtors as to the character of any document denominated as a contract, as an executory contract, or to the rights of any parties thereto. The assumption and assignment of the contracts (the "Designated Contracts") will take place pursuant to orders of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") to (I) (a) Approve the Assignment Procedures Pursuant to Section 365 of the Bankruptcy Code; (b) Authorize the Debtors to File Certain Documents Under Seal; (c) Granting Such Other Relief as the Court Deems Just and Proper (the "Assignment Procedures Order") [D.I. **[●]**] and (II) Authorizing and Approving Sale of Debtors' GSM/GSM-R Business Free and Clear of All Liens (the "Final Sale Order") [D.I. **[●]**], entered on **[●]**, 2009. Capitalized terms not otherwise

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

defined in this notice shall have the meanings ascribed to such terms in the Assignment Procedures Motion.

The Auction and Sale Procedures.  As described in the Debtors' Motion For Orders (I)(A) Authorizing And Approving The Bidding Procedures, (B) Approving The Notice Procedures, And (C) Setting A Date For The Sale Hearing, And (II) Authorizing And Approving Sale Of Certain Assets Of Debtors' GSM/GSM-R Business [D.I. 1587] (the "Sale Motion"), Nortel Networks Inc. and certain of its affiliates (including the Debtors, collectively, the "Sellers") have conducted an auction for the sale of substantially all of the GSM/GSM-R assets of the Sellers.  Upon the completion of the Auction, the joint bid of Telefonaktieolaget L M Ericsson (publ) ("Ericsson") and Kapsch Carriercom AG ("Kapsch") was selected by the Sellers (including the Debtors) as the successful bid.  Accordingly, the Debtors and certain of their affiliates, including without limitation, certain of the Canadian Debtors, have entered into a binding purchase agreement with Ericsson, who has agreed to purchase the North American GSM assets of the Sellers on the terms set forth in those contracts, and certain of the Debtors' European affiliates and the Joint Administrators have entered into an interdependent Asset Sale Agreement, dated November 24, 2009, with Kapsch, and the Sale has been approved by the Bankruptcy Court, the Ontario Superior Court of Justice (the "Canadian Court") and any other applicable court(s) whose approval is required.

About Telefonaktieolaget L M Ericsson (publ).   [●]

Conditions to Effectiveness of Assumption and Assignment.  By the Assignment Procedures Motion, the Debtors have sought authority to assume and assign the Designated Contracts, including the Scheduled Contracts.  The assumption and assignment of the Designated Contracts (including the Scheduled Contracts) shall be effective upon the closing (the "Closing Date") of the sale to the Purchaser as determined through a competitive bid and auction process, pursuant to the terms and conditions of the Asset Sale Agreement entered into by the Debtors and Ericsson dated November 24, 2009 as may be subsequently amended (the "North American Purchase Agreement").  Only the Scheduled Contracts ultimately identified as of the Closing Date under the North American Purchase Agreement will be assumed and assigned.  Any Cure Amount (as defined below) still outstanding at the time of closing shall be paid to the appropriate Counterparty as a condition subsequent to assumption and assignment.  Except as set forth in the North American Purchase Agreement, Purchaser has not agreed to pay, shall not be required to assume, and shall have no liability or obligation with respect to, any liability or obligation, direct or indirect, absolute or contingent, of the Debtors, including any liabilities or obligations associated with the Designated Contracts arising on or before closing.

Cure Amounts.  In connection with the assumption of an executory contract pursuant to the Bankruptcy Code, any outstanding monetary obligations owed by the Debtors must be cured.  This notice specifies the amount that the Debtors believe is required by section 365(b)(1) of the Bankruptcy Code and Rule 6006(f) of the Bankruptcy Rules to pay for any actual pecuniary losses that have resulted from any defaults under the Scheduled Contracts (the "Cure Amount").

Objections.  Pursuant to the Assignment Procedures Order, objections, if any, to the Cure Amount must be filed with the Court no later than **ten (10) days following service of this Notice**, and notice of such objection must be:  (a) in writing; (b) signed by counsel or attested to

by the objecting party; (c) served on counsel to the Debtors:  Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Fax:  (212) 225-3999 (Attention:  James L. Bromley and Lisa M. Schweitzer) and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, DE 19801, Fax:  (302) 658-3989 (Attention:  Derek C. Abbott); so that such objection is <u>actually received</u> no later than **[●], 2009** (the "<u>Objection Deadline</u>"); and (d) served so as to be received contemporaneously by the following:  (i) counsel to the Purchaser: Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019, Fax: (212) 373-3990 (Attention:  Stephen J. Shimshak and Marilyn Sobel), (ii) counsel to the Committee:  Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Fax:  (212) 872-1002 (Attention:  Fred S. Hodara, Stephen Kuhn and Kenneth Davis) and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attention:  Christopher M. Samis), and (iii) counsel to the Bondholder Group:  Milbank, Tweed, Hadley & McCloy, One Chase Manhattan Plaza, New York, New York 10006, Fax:  (212) 822-5735 (Attention:  Roland Hlawaty).  Any such notice must specify the grounds for such objection.  Pursuant to the Assignment Procedures Order, only those objections made in compliance with the foregoing requirements will be considered by the Bankruptcy Court.

***To the extent that any Counterparty does not timely serve an objection as set forth above, such Counterparty will be deemed to consent to the assumption and assignment of the Scheduled Contracts.***

Upon filing of an objection by a Counterparty, the Debtors shall be required to respond to such objection within ten (10) days after the receipt of such objection.

<u>Reservation of Rights</u>.  To the extent that an objection by a counterparty is not resolved prior to the Closing Date, the Debtors, in consultation with the Purchaser, subject in all respects with the Sale Agreement, may elect to (i) not assume and assign such Designated Contract or (ii) postpone the assumption and assignment of such Designated Contract until the resolution or adjudication of such objection.

<u>Documents</u>.  Copies of the Final Assignment Procedures Order (including the Assignment Procedures approved by the Bankruptcy Court) may be examined by interested parties between the hours of 8:00 a.m. and 3:00 p.m. (ET) at the office of the Clerk of the Court, 824 Market Street, Wilmington, Delaware 19801, or by appointment during regular business hours at the offices of the Debtors' attorneys:  Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attention:  James L. Bromley and Lisa M. Schweitzer. Additionally, copies of the foregoing may be downloaded from the Court's docket at www.deb.uscourts.gov and from the website of the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC, at http://chapter11.epiqsystems.com/nortel.

Dates set forth in this notice are subject to change and further notice of such changes may not be provided except through announcements in open court and/or the filing of notices and/or amended agendas.  Parties in interest are encouraged to monitor the electronic court docket and/or the noticing agent website for further updates.