IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
: 
*In re* : Chapter 11
: 
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
: 
Debtors. : Jointly Administered
: 
: **RE: D.I. 2022**
: 
------------------------------------------------------------X

**DEBTORS' MOTION FOR AN ORDER UNDER 11 U.S.C. § 102(1)
SHORTENING NOTICE RELATING TO DEBTORS' MOTION
PURSUANT TO 11 U.S.C. § 105(A), 363 AND 365 FOR AN ORDER
(A) APPROVAL OF THE ASSUMPTION AND
ASSIGNMENT PROCEDURES IN CONNECTION
WITH THE SALE OF NORTEL'S GSM/GSM-R BUSINESS AND
(B) AUTHORIZING THE FILING OF CERTAIN DOCUMENTS UNDER SEAL**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this court (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to section 102(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to permit consideration on shortened notice of Debtors' Motion pursuant to 11 U.S.C. § 105(a), § 363 and § 365 for an Order (a) Approving The Assumption and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

1

Assignment Procedures In Connection With The Sale of Nortel's GSM/GSM-R Business (the "Assignment Procedures"); (b) Authorizing The Filing Of Certain Documents Under Seal; and (c) granting related relief (the "Assignment Procedures Motion"). In support of this Motion to Shorten, the Debtors respectfully represent as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 102(1) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e).

## Background

**A.    Introduction**

3. On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc. ("NN CALA"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. NN CALA filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On January 15, 2009, this Court entered an order of joint administration pursuant to Bankruptcy Rule 1015(b) that provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

6. Also on the Petition Date, the Debtors' ultimate corporate parent NNC, NNI's direct corporate parent NNL, and together with NNC and their affiliates, including the Debtors,

"Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings").  The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.

7.      Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.  On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA.  On February 27, 2009, this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

8.      On January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[3] into administration under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators").  On May 28, 2009, at the request of the Joint Administrators, the Commercial Court of Versailles, France (the "French Court") (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA continued to operate as a going concern for an initial period of

---

[2]     The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[3]     The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

three months, which period was subsequently extended. On October 1, 2009, pursuant to a motion filed by the Joint Administrators, the French Court approved an order to: (i) suspend the liquidation operations relating to the sale of the assets and/or businesses of NNSA for a renewable period of two months; (ii) authorize the continuation of the business of NNSA so long as the liquidation operations are suspended; and (iii) maintain the powers of the French Administrator and Liquidator during the suspension period, except with respect to the sale of assets and/or businesses of NNSA. In accordance with the European Union's Council Regulation (EC) No. 1346/2000 on Insolvency Proceedings, the English law proceedings (the "English Proceedings") remain the main proceedings in respect of NNSA. On June 8, 2009, NNUK filed petitions in this Court for recognition of the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On June 26, 2009, the Court entered an order recognizing the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

9.      On January 18, 2009, certain Nortel affiliates, including Nortel Networks Israel (Sales and Marketing) Limited, filed an application with the Tel-Aviv-Jaffa District Court, pursuant to the Israeli Companies Law, 1999, and the regulations relating thereto for a stay of proceedings. On January 19, 2009, the Israeli Court appointed Yaron Har-Zvi and Avi D. Pelossof as joint administrators of the Israeli Company under the Israeli Companies Law (the "Joint Israeli Administrators").

10.     On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142]. An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the

Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

11. On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc. (NN CALA and a Debtor with NNI and its affiliates), an affiliate of NNI, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On July 17, 2009, this Court entered orders approving the joint administration and consolidation of NN CALA's chapter 11 case with the other Debtors' chapter 11 cases for procedural proposes [D.I. 1098], and applying to NN CALA certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1099].

**B.  Debtors' Corporate Structure and Business**

12. A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases are set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3].

**Relief Requested**

13. By this Motion to Shorten, the Debtors seek an order: (i) shortening the notice period for the Assignment Procedures Motion and (ii) granting related relief.

**Facts Relevant to this Motion**

**A.  Sale of Nortel's GSM/GSM-R Business**

14. Global System for Mobile communications ("GSM") is a widely deployed wireless technology standard for mobile phone networks. Nortel is a supplier of GSM networks to operators globally and works with such operators to implement various GSM products. In this regard, Nortel develops, manufactures, tests, sells and supplies GSM access and core infrastructure, services and solutions (the "GSM Business"). Also based on GSM technology is a variant of GSM for Railways, which provides a secure communications system for railways operators (together with the GSM Business, the "GSM/GSM-R Business").

15. On September 30, 2009, the Debtors filed a Motion for Orders (I)(A) Authorizing and Approving the Bidding Procedures, (B) Approving the Notice Procedures, and (C) Setting a Date for the Sale Hearing, and (II) Authorizing and Approving the Sale of Certain Assets of Debtors' GSM/GSM-R Business [D.I. 1587] (the "Sale Motion")[4] seeking approval of, among other things, the sale of the Assets, and the approval of certain bidding procedures related thereto (the "Bidding Procedures"). Following a hearing on the Bidding Procedures, this Court and the Canadian Court, by an order dated October 15, 2009 [D.I. 1676] approved the Bidding Procedures to govern the sale by Nortel Networks Inc. and certain of its affiliates (collectively, the "Sellers") of the Assets.

16. In accordance with the Bidding Procedures, the Sellers conducted an auction on November 24, 2009 (the "Auction"). The Successful Bid (as defined in the Bidding Procedures) for the sale of the Assets resulting from the Auction was the bid submitted by Telefonaktiebolaget L M Ericsson ("Ericsson") and Kapsch Carriercom AG ("Kapsch"), dated as of November 24, 2009 (the "Successful Bid").

17. In connection with the sale of the Assets, the Debtors and certain of their affiliates, including without limitation, certain of the Canadian Debtors, have entered into that certain Asset Sale Agreement dated November 24, 2009, with Ericsson, as may be subsequently amended (the "North American Purchase Agreement"). Additionally, certain of the Debtors' European affiliates and the Joint Administrators have entered into an interdependent Sale Agreement, dated November 24, 2009, with Kapsch (the "EMEA Purchase Agreement").

---

[4] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Sale Motion.

18.     Pursuant to the North American Purchase Agreement, the Debtors have entered into a binding obligation to assume and assign certain pre-petition executory contracts and unexpired leases (if any) of the Debtors to Ericsson.

**B.     The Assignment Procedures**

19.     The Debtors propose the Assignment Procedures for the assumption of contracts by the Debtors and assignment to Ericsson in the form annexed to the Assignment Procedures Motion.

## Basis for Relief Requested

20.     Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). As set forth below, shortening notice is justified here.

21.     The Debtors respectfully submit that shortened notice is appropriate in this instance because court approval and authorization for the Assignment Procedures is a necessary step in the larger sale process of the GSM business and related assets to Ericsson. The Debtors have covenanted to seek approval of the Assignment Procedures by this Court. The satisfaction of this covenant, along with other covenants in the North American Purchase Agreement, in all material respects is a condition to the completion of the sale of the Assets. The Debtors, therefore, believe that a hearing on the Assignment Procedures Motion on shortened notice is in the best interests of the Debtors' estates and creditors.

22.     For the reason stated above, the Debtors respectfully submit that allowing the motion to authorize the Assignment Procedures be considered on shortened notice is reasonable and appropriate under the circumstances.

**Notice**

23. Notice of the Motion to Shorten is being given via facsimile, electronic transmission, hand delivery or overnight mail to (i) counsel to Ericsson; (ii) the U.S. Trustee; (iii) the Monitor; (iv) counsel to the Committee; (v) counsel to the Bondholder Group; (vi) Counsel to the Joint Administrators; and (vii) the general service list established in these chapter 11 cases pursuant to Bankruptcy Rule 2002. The Debtors submit that under the circumstances no other or further notice is necessary.

**No Prior Request**

24. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion to Shorten and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

| | |
|---|---|
| Dated November 27, 2009<br>Wilmington, Delaware | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>James L. Bromley (No. 5125)<br>Lisa M. Schweitzer (No. 1033)<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>- and -<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>/s/ Andrew R. Remming<br>Derek C. Abbott (No. 3376)<br>Eric D. Schwartz (No. 3134)<br>Ann C. Cordo (No. 4817)<br>Andrew R. Remming (No. 5120)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Counsel for the Debtors*<br>*and Debtors in Possession* |