IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
: 
*In re*                                                                                   :    Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                                  :    Case No. 09-10138 (KG)
:
               Debtors.                                :    Jointly Administered
:
:    **Hearing date: December 2, 2009 at 11:00 a.m. (ET)**
:    **(proposed)**
:    **Objections due: December 1, 2009 at 4:00 p.m. (ET)**
:    **(proposed)**
---------------------------------------------------------- x

**DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE DEBTORS
TO FILE UNDER SEAL THE SELLERS DISCLOSURE SCHEDULES
AND ALL EXHIBITS AND SCHEDULES TO THE GSM ASSET SALE AGREEMENT**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move (the "Motion") for entry of an order pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the Debtors to file under seal the disclosure schedule and all exhibits and schedules (the "Schedules") attached to that certain Asset Sale Agreement (the "North American Purchase Agreement"), dated as of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

November 24, 2009 with Telefonaktiebolaget L M Ericsson (the "Purchaser").  In support of the Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.   The statutory bases for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9018 and Local Rule 9018-1.

### Background

**A.   Introduction**

3.   On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc. ("NN CALA"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  NN CALA filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009.

4.   The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.   On January 15, 2009, this Court entered an order of joint administration pursuant to Bankruptcy Rule 1015(b) that provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

6.   Also on the Petition Date, the Debtors' ultimate corporate parent NNC, NNI's direct corporate parent NNL, and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors") filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their

creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.

7. Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February 27, 2009, this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

8. On January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors") into administration under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators"). On May 28, 2009, at the request of the Joint Administrators, the Commercial Court of Versailles, France (the "French Court") (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA continued to operate as a going concern for an initial period of three months, which period was subsequently extended. On October 1, 2009, pursuant to a motion filed by the Joint Administrators, the French Court approved an order to: (i) suspend the liquidation operations relating to the sale of the assets and/or businesses of NNSA for a renewable period of two months; (ii) authorize the continuation of the business of NNSA so long as the liquidation operations are suspended; and (iii) maintain the powers of the French Administrator and Liquidator during the suspension period, except with respect to the sale of assets and/or businesses of NNSA. In accordance with the European Union's Council

Regulation (EC) No. 1346/2000 on Insolvency Proceedings, the English law proceedings (the "English Proceedings") remain the main proceedings in respect of NNSA. On June 8, 2009, NNUK filed petitions in this Court for recognition of the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On June 26, 2009, the Court entered an order recognizing the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

9. On January 18, 2009, certain Nortel affiliates, including Nortel Networks Israel (Sales and Marketing) Limited, filed an application with the Tel-Aviv-Jaffa District Court, pursuant to the Israeli Companies Law, 1999, and the regulations relating thereto for a stay of proceedings. On January 19, 2009, the Israeli Court appointed Yaron Har-Zvi and Avi D. Pelossof as joint administrators of the Israeli Company under the Israeli Companies Law (the "Joint Israeli Administrators").

10. On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142]. An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

11. On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc. (NN CALA and a Debtor with NNI and its affiliates), an affiliate of NNI, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On July 17, 2009, this Court entered orders approving the joint administration and consolidation of NN CALA's chapter 11 case with

the other Debtors' chapter 11 cases for procedural proposes [D.I. 1098], and applying to NN CALA certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1099].

**B.      Debtors' Corporate Structure and Business**

12.     A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3].

**C.      The GSM/GSM-R Sale Motion and Bid Procedures Order**

13.     On September 30, 2009, the Debtors filed a Motion for Orders (I)(A) Authorizing and Approving the Bidding Procedures, (B) Approving the Notice Procedures, and (C) Setting a Date for the Sale Hearing, and (II) Authorizing and Approving the Sale of Certain Assets of Debtors' GSM/GSM-R Business [D.I. 1587] (the "Sale Motion") seeking approval of the sale of the Assets, including the approval of certain bidding procedures (the "Bidding Procedures") in connection with the proposed sale. Following a hearing on the Bidding Procedures, this Court and the Canadian Court, by an order dated October 15, 2009 [D.I. 1676] approved the Bidding Procedures to govern the sale by Nortel Networks Inc. and certain of its affiliates (collectively, the "Sellers") of the Assets.

14.     In accordance with the Bidding Procedures, the Sellers conducted an auction on November 24, 2009 (the "Auction"). The Successful Bid (as defined in the Bidding Procedures) for the sale of the Assets resulting from the Auction was the bid submitted by Telefonaktiebolaget L M Ericsson ("Ericsson") and Kapsch Carriercom AG ("Kapsch"), dated as of November 24, 2009 with the Purchaser (the "Successful Bid").

15.     In connection with the sale of the Assets by the Debtors and certain of their affiliates to Ericsson (including any designated purchaser as defined in the Sale Agreement, as defined below, the "Purchaser") the parties entered into the North American Purchase

5

Agreement. Certain of the Debtors' European affiliates and the Joint Administrators have entered into an interdependent Asset Sale Agreement, dated November 24, 2009, with Kapsch (the "EMEA Purchase Agreement").

16. In conjunction with this Motion, on November 27, 2009, the Debtors filed the Notice of Filing of Successful Bid (the "Notice of Successful Bid"). A hearing to consider approval of the sale of the Assets pursuant to the Successful Bid is scheduled for **December 2, 2009 at 11:00 a.m. (ET)**. Attached as Exhibit A to the Notice of Successful Bid is a copy of the Sale Agreement. Due to their confidential nature, the Debtors did not attach a copy of the Schedules to the filed version of the North American Purchase Agreement.

17. On November 30, 2009, in preparation for the hearing on the Sale Motion the Debtors propose to file a copy of the Schedules, albeit under seal, due to the substantial sensitive commercial information contained in the Schedules.

**Relief Requested**

18. By this Motion, the Debtors seek an order pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1 authorizing the Debtors to file the Schedules under seal.

**Basis for Relief**

19. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. See 11 U.S.C. § 107(b).

20. Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under Bankruptcy Code section 107(b), and provides, in relevant part, that "[o]n motion or

on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . . or (3) to protect governmental matters that are made confidential by statue or regulation . . ." Fed. R. Bankr. P. 9018.  Local Rule 9018-1 requires any party who seeks to file documents under seal to file a motion to that effect. Del. Bankr. L.R. 9018-1(b).

21.    The Debtors respectfully submit that it is appropriate to allow the Schedules to be filed under seal.  The Schedules contain substantial sensitive commercial information concerning the Debtors' business, software, intellectual property and related documentation.  Disclosure of this confidential commercial information would be damaging to the Debtors and the Successful Bidder if it was disclosed to their competitors.

22.    Therefore, the Debtors respectfully submit that the Court should authorize and direct the Schedules to be filed under seal.

## NOTICE

23.    Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to (i) the U.S. Trustee; (ii) the Monitor; (iii) counsel to the Committee; (iv) counsel to the Bondholder Group; and (v) the general service list established in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  The Debtors submit that under the circumstances no other or further notice is necessary.

## NO PRIOR REQUEST

24.    No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

| | |
|---|---|
| Dated: November 27, 2009<br>Wilmington, Delaware | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>James L. Bromley (No. 5125)<br>Lisa M. Schweitzer (No. 1033)<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>- and -<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>_/s Andrew R. Remming_____<br>Derek C. Abbott (No. 3376)<br>Eric D. Schwartz (No. 3134)<br>Ann C. Cordo (No. 4817)<br>Andrew R. Remming (No. 5120)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Counsel for the Debtors and Debtors in Possession* |

3204169