IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X
: 
*In re* : Chapter 11
: 
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
: 
              Debtors. : Jointly Administered
: 
: **RE: D.I. 2024**
: 
-----------------------------------------------------------X

**DEBTORS' MOTION FOR AN ORDER SHORTENING
NOTICE RELATING TO THE DEBTORS' MOTION FOR
AN ORDER AUTHORIZING THE DEBTORS TO FILE
UNDER SEAL THE SELLERS DISCLOSURE SCHEDULES
AND ALL EXHIBITS AND SCHEDULES TO THE GSM ASSET SALE AGREEMENT**

      Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move (the "Motion") for entry of an order, pursuant to section 102(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (a) shortening notice to allow the Debtors' Motion For An Order Authorizing The Debtors To File Under Seal The Sellers Disclosure Schedules And All Exhibits And Schedules To The GSM Asset Sale Agreement (the "Motion to

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

Seal"),[2] filed contemporaneously herewith, to be considered on an expedited basis; (b) setting December 1, 2009 at 4:00 p.m. (ET) as the deadline to file objections to the Motion to Seal (the "Objection Deadline"); and (c) scheduling the hearing on the Motion to Seal for the omnibus hearing currently scheduled for December 2, 2009 at 11:00 a.m. (ET) (the "Hearing").  In further support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 102(1) of the Bankruptcy Code, as supplemented by Bankruptcy Rules 9006 and Local Rule 9006-1(e).

## Background

**A.    Introduction**

3. On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc. ("NN CALA"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  NN CALA filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On January 15, 2009, this Court entered an order of joint administration pursuant to Bankruptcy Rule 1015(b) that provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

6. Also on the Petition Date, the Debtors' ultimate corporate parent NNC, NNI's

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion to Seal.

direct corporate parent NNL, and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors") filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.

7. Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February 27, 2009, this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

8. On January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors") into administration under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators"). On May 28, 2009, at the request of the Joint Administrators, the Commercial Court of Versailles, France (the "French Court") (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA continued to operate as a going concern for an initial period of three months, which period was subsequently extended. On October 1, 2009, pursuant to a motion filed by the Joint Administrators, the French Court approved an order to: (i) suspend the liquidation operations relating to the sale of the assets and/or businesses of NNSA for a

renewable period of two months; (ii) authorize the continuation of the business of NNSA so long as the liquidation operations are suspended; and (iii) maintain the powers of the French Administrator and Liquidator during the suspension period, except with respect to the sale of assets and/or businesses of NNSA.  In accordance with the European Union's Council Regulation (EC) No. 1346/2000 on Insolvency Proceedings, the English law proceedings (the "English Proceedings") remain the main proceedings in respect of NNSA.  On June 8, 2009, NNUK filed petitions in this Court for recognition of the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.  On June 26, 2009, the Court entered an order recognizing the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

9. On January 18, 2009, certain Nortel affiliates, including Nortel Networks Israel (Sales and Marketing) Limited, filed an application with the Tel-Aviv-Jaffa District Court, pursuant to the Israeli Companies Law, 1999, and the regulations relating thereto for a stay of proceedings.  On January 19, 2009, the Israeli Court appointed Yaron Har-Zvi and Avi D. Pelossof as joint administrators of the Israeli Company under the Israeli Companies Law (the "Joint Israeli Administrators").

10. On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142].  An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group").  No trustee or examiner has been appointed in the Debtors' cases.

11. On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc. (NN CALA and a Debtor with NNI and its affiliates), an affiliate of NNI, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On July 17, 2009, this Court entered orders approving the joint administration and consolidation of NN CALA's chapter 11 case with the other Debtors' chapter 11 cases for procedural proposes [D.I. 1098], and applying to NN CALA certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1099].

**B.    Debtors' Corporate Structure and Business**

12. A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3].

**C.    The GSM/GSM-R Sale Motion and Bid Procedures Order**

13. Global System for Mobile communications ("GSM") is a widely deployed wireless technology standard for mobile phone networks. Nortel is a supplier of GSM networks to operators globally and works with such operators to implement various GSM products. In this regard, Nortel develops, manufactures, tests, sells and supplies GSM access and core infrastructure, services and solutions (the "GSM Business"). Also based on GSM technology is a variant of GSM for Railways, which provides a secure communications system for railways operators (together with the GSM Business, the "GSM/GSM-R Business").

14. On September 30, 2009, the Debtors filed a Motion for Orders (I)(A) Authorizing and Approving the Bidding Procedures, (B) Approving the Notice Procedures, and (C) Setting a Date for the Sale Hearing, and (II) Authorizing and Approving the Sale of Certain Assets of Debtors' GSM/GSM-R Business [D.I. 1587] (the "Sale Motion") [3] seeking approval of, among

---

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Sale Motion.

other things, the sale of the Assets, and the approval of certain bidding procedures related thereto (the "Bidding Procedures"). Following a hearing on the Bidding Procedures, this Court and the Canadian Court, by an order dated October 15, 2009 [D.I. 1676] approved the Bidding Procedures to govern the sale by Nortel Networks Inc. and certain of its affiliates (collectively, the "Sellers") of the Assets.

15. In accordance with the Bidding Procedures, the Sellers conducted an auction on November 24, 2009 (the "Auction"). The Successful Bid (as defined in the Bidding Procedures) for the sale of the Assets resulting from the Auction was the bid submitted by Telefonaktiebolaget L M Ericsson ("Ericsson") and Kapsch Carriercom AG ("Kapsch"), dated as of November 24, 2009 with the Purchaser (the "Successful Bid").

16. In connection with the sale of the Assets by the Debtors and certain of their affiliates to Ericsson (including any designated purchaser as defined in the Sale Agreement, as defined below, the "Purchaser") the parties entered into that certain Asset Sale Agreement dated November 24, 2009, as may be subsequently amended (the "North American Purchase Agreement") and certain of the Debtors' European affiliates, the Joint Administrators have entered into an interdependent Asset Sale Agreement, dated November 24, 2009, with Kapsch (the "EMEA Purchase Agreement").

17. In conjunction with this Motion, on November 27, 2009, the Debtors filed the Notice of Filing of Successful Bid (the "Notice of Successful Bid"). A joint hearing with the Ontario Superior Court of Justice to consider approval of the Successful Bid and the sale of the Assets pursuant to the North American Purchase Agreement is scheduled for December 2, 2009 at 11:00 a.m. (ET). Attached as Exhibit A to the Notice of Successful Bid is a copy of the Sale Agreement. Due to their confidential nature, the Debtors did not attach a copy of the Schedules

to the filed version of the North American Purchase Agreement.

18. On November 30, 2009, in preparation for the hearing on the Sale Motion the Debtors propose to file a copy of the Schedules, albeit under seal, due to the substantial sensitive commercial information contained in the Schedules.

## Relief Requested

19. By this Motion, the Debtors seek entry of an order (a) shortening notice to allow the Motion to Seal to be considered on an expedited basis; (b) setting December 1, 2009 at 4:00 p.m. (ET) as the Objection Deadline to the Motion to Seal; and (c) scheduling the hearing on the Motion to Seal for the hearing on December 2, 2009 at 11:00 a.m. (ET).

## Basis for Relief

20. Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

21. Local Rule 9018-1 provides that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. R. 9018-1. Local Rule 9018-1 further provides that a copy of the sealed documents must be delivered directly to the Judge's chambers by 12:00 pm. (ET) two (2) days prior to the hearing on the motion to file under seal. The hearing on the Sale Motion is currently set for Wednesday, December 2, 2009 at 11:00 a.m., accordingly, the Debtors are seeking shortened notice of the Motion to Seal. As set forth below, shortening notice is justified.

22. To allow the Court to rule on the merits of the Sale Motion at the scheduled Sale Hearing, the Motion to Seal must be considered at the hearing currently scheduled for December 2, 2009, at 11:00 a.m.

23.     Accordingly, the Debtors believe that shortening notice is justified in these circumstances.

## Notice

24.     Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to (i) the U.S. Trustee; (ii) the Monitor; (iii) counsel to the Committee; (iv) counsel to the Bondholder Group; and (v) the general service list established in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

25.     No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

| | |
|---|---|
| Dated: November 27, 2009<br>Wilmington, Delaware | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>James L. Bromley (No. 5125)<br>Lisa M. Schweitzer (No. 1033)<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>- and -<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>_/s Andrew R. Remming_____<br>Derek C. Abbott (No. 3376)<br>Eric D. Schwartz (No. 3134)<br>Ann C. Cordo (No. 4817)<br>Andrew R. Remming (No. 5120)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Counsel for the Debtors and Debtors in Possession* |