## EXHIBIT A

Court File No. 09-CL-7950

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

**IN THE MATTER OF THE** *COMPANIES' CREDITORS ARRANGEMENT ACT*,
**R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,
NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS
INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY
CORPORATION**
**APPLICATION UNDER THE** *COMPANIES' CREDITORS ARRANGEMENT ACT*,
**R.S.C. 1985, c. C-36, AS AMENDED**

**MOTION RECORD**
**Approval and Vesting Order**
**GSM/GSM-R Business**
**(returnable December 2, 2009)**

November 27, 2009

**OGILVY RENAULT LLP**
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street
P.O. Box 84
Toronto Ontario  M5J 2Z4

Derrick Tay LSUC#: 21152A
Tel:  (416) 216-4832
Email: dtay@ogilvyrenault.com

Mario Forte  LSUC#: 27293F
Tel: (416) 216-4870
Email: mforte@ogilvyrenault.com

Jennifer Stam LSUC #46735J
Tel: (416) 216-2327
Email: jstam@ogilvyrenault.com
Fax: (416) 216-3930

Lawyers for the Applicants

# INDEX

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,
NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS
INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY
CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED**

**INDEX**

| TAB | DOCUMENT | PAGE |
|---|---|---|
| 1. | Notice of Motion returnable December 2, 2009 | 001 |
| 2. | Affidavit of George Riedel, sworn November 27, 2009 | 039 |
| 3. | Draft Order for Approval of Termination Fee Agreement (GSM/GSM-R Business) | 052 |
| 4. | Draft Approval and Vesting Order (GSM/GSM-R Business) | 055 |
| 5. | Blackline of Approval and Vesting Order (GSM/GSM-R Business) to Model Approval and Vesting Order | 064 |

# TAB 1

Court File No. 09-CL-7950

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,**
**R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF**
**NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,**
**NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS**
**INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY**
**CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,**
**R.S.C. 1985, c. C-36, AS AMENDED**

**NOTICE OF MOTION**
**(returnable December 2, 2009)**

Nortel Networks Corporation ("NNC"), Nortel Networks Limited ("NNL"), Nortel Networks Technology Corporation, Nortel Networks International Corporation and Nortel Networks Global Corporation (collectively, the "Applicants") will make a motion to Justice Morawetz of the Commercial List court on **Wednesday, December 2, 2009 at 11:00 a.m.** or as soon after that time as the motion can be heard, at **393 University Avenue**, Toronto, Ontario.

**PROPOSED METHOD OF HEARING:** The motion is to be heard orally.

**THE MOTION IS FOR AN ORDER :**

(a)     Abridging the time for service of the Notice of Motion and Motion Record in respect of this motion and dispensing with further service thereof;

(b)     Approving and authorizing the terms of a termination fee agreement dated as of November 24, 2009 by and among NNC, NNL, Nortel Networks Inc. ("NNI", and

DOCSTOR: 1818543\2

$\mathcal{2}$

together with NNC and NNL, the "Main Sellers") and Telefonaktiebolaget L M Ericsson (Publ) ("Ericsson" or the "Purchaser") (the "Fee Agreement");

Or, in the alternative:

(c)     authorizing and approving the transaction contemplated by an asset sale agreement dated as of November 24, 2009 (the "Sale Agreement") by and among the Main Sellers, the Affiliates of the Main Sellers listed in Exhibit "A" to the Sale Agreement (together with the Main Sellers, the "Sellers"), and the Purchaser, in respect of certain assets (the "Assets") relating to Nortel's GSM infrastructure business (the "Assets");

(d)     Vesting the Applicants' right, title and interest in the Assets upon delivery by the Monitor (defined below) of a Monitor's certificate to the Purchaser;

(e)     Declaring that all proceeds of the sale, subject to the price adjustments and the Purchaser's rights under the Sale Agreement and less applicable or value added taxes incurred by the Sellers, shall be deposited into an escrow account pursuant to an escrow agreement to be negotiated and agreed to by all of the Sellers and in accordance with Section 12.g of the interim funding and settlement agreement entered into on June 9, 2009;

(f)     Sealing the confidential appendices to Twenty-Ninth Report (as defined below) pending further Order of this Court; and

(g)     Such further and other relief as counsel may request and this court deems just.

**THE GROUNDS FOR THE MOTION ARE:**

(a)     Pursuant to an Order of this Court made on January 14, 2009 (as subsequently amended and restated, the "Initial Order"), the Applicants obtained protection pursuant to the *Companies' Creditors Arrangement Act* ("CCAA");

(b)     Under the Initial Order, Ernst & Young Inc., was appointed as monitor (the "Monitor") in the CCAA proceedings;

- 3 -

*3*

## THE SALE PROCESS

(c)     On October 15, 2009, this Honourable Court made an order approving certain bidding procedures (the "Bidding Procedures") in connection with a bidding process for the GSM/GSM-R business (the "Business") and related assets (the "Bidding Procedure Order");

(d)     On the same date, the United States Bankruptcy Court for the District of Delaware (the "U.S. Court") also made an order approving the Bidding Procedures;

(e)     The Bidding Procedures contemplated a bid deadline of 12:00 p.m. (ET) on November 5, 2009 ("Bid Deadline") and the original time for the Auction (as defined in the Bidding Procedures) was scheduled for 9:30 a.m. on November 9, 2009;

(f)     Due to the status of Nortel's various divestiture activities and asset sales, Nortel determined that it was preferable to postpone the Auction. As such, the Bid Deadline was postponed to 12:00 p.m. on November 16, 2009 and the Auction to begin at 9:30 a.m. on November 20, 2009;

(g)     By the Bid Deadline, Nortel received four bids for the Business and related assets including a joint bid from Ericsson and Kapsch CarrierCom AG ("Kapsch");

(h)     In accordance with the Bidding Procedures, an auction was held at the offices of Cleary Gottlieb Steen & Hamilton LLP on November 24, 2009, commencing at approximately 8:00 a.m.;

(i)     After the one round of bidding, Ericsson and Kapsch made a revised joint bid (the "Final Bid") in which they increased their aggregate purchase price to US$103 million and the Final Bid was ultimately declared the winning bid subject to finalizing documentation, including the Sale Agreement;

- 4 -

**THE SALE AGREEMENT**

(j)     The Sale Agreement is the culmination of Nortel's efforts pursuant to the bidding process contemplated by the Bidding Procedures, and represents the best offer available for the assets;

(k)     The Sale Agreement is conditional on its approval by this Honourable Court;

(l)     The bidding process conducted was in accordance with the Court-approved Bidding Procedures and the maximum value for the Assets has been achieved;

**THE FEE AGREEMENT**

(m)     As a condition to entering into the Sale Agreement, the Purchaser required that the Main Sellers enter into a Fee Agreement to ensure that the Main Sellers take all necessary and reasonable steps to ensure that the Sale Agreement is approved by this Honourable Court and the U.S. Court in a timely manner;

(n)     The Fee Agreement is reasonable in the circumstances and was necessary to secure a sale transaction with the Purchaser;

(o)     To the extent that this Honourable Court and the U.S. Court approve the Sale Agreement on December 2, 2009, approval of the Fee Agreement will not be necessary;

**OTHER**

(p)     The motion for the approval of the Fee Agreement, or in the alternative, the Sale Agreement in the U.S. Court is scheduled as part of a joint hearing with this Court on the return date of this motion;

(q)     The confidential appendices to the Twenty-Ninth Report contain sensitive, competitive and, in some instances, personal information which is appropriate to be sealed in the circumstances;

- 5 -

**MISCELLANEOUS**

(r)     The provisions of the CCAA; and

(s)     Further and other grounds as counsel may advise and this Honourable Court permit.

**THE FOLLOWING DOCUMENTARY EVIDENCE** will be used at the hearing of the motion:

(a)     The affidavit of George Riedel, sworn November 27, 2009;

(b)     The Twenty-Ninth Report of the Monitor (the "Twenty-Ninth Report"), to be filed; and

(c)     Such further and other evidence as counsel may request and this Honourable Court deem just.

November 27, 2009                   **Ogilvy Renault LLP**
                                    Suite 3800
                                    Royal Bank Plaza, South Tower
                                    200 Bay Street, P.O. Box 84
                                    Toronto, Ontario  M5J 2Z4

                                    **Derrick Tay LSUC#: 21152A**
                                    Tel: (416) 216-4832
                                    Email: dtay@ogilvyrenault.com

                                    **Mario Forte  LSUC#: 27293F**
                                    Tel: (416) 216-4870
                                    Email: mforte@ogilvyrenault.com

                                    **Jennifer Stam LSUC #46735J**
                                    Tel: (416) 216-2327
                                    Email: jstam@ogilvyrenault.com

                                    Fax: (416) 216-3930
                                    Lawyers for the Applicants

TO:     Attached Service List

Court File No. 09-CL-7950

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. c-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL
NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL
CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED

**SERVICE LIST**

TO:     **OGILVY RENAULT LLP**
        Royal Bank Plaza, South Tower
        200 Bay Street, Suite 3800
        Toronto, Ontario M5J 2Z4

        Derrick Tay
        Mario Forte
        Jennifer Stam

        Email:   dtay@ogilvyrenault.com
                 mforte@ogilvyrenault.com
                 jstam@ogilvyrenault.com

        Tel:     416.216.4000
        Fax:     416.216.3930

        Lawyers for the Applicants

- 2 -

TO:   **ERNST & YOUNG INC.**
Ernst & Young Tower
222 Bay Street, P.O. Box 251
Toronto, ON  M5K 1J7

Murray McDonald
Brent Beekenkamp

Email:   nortel.monitor@ca.ey.com

Tel:   416.943.3016
Fax:   416.943.3300

AND
TO:   **GOODMANS LLP**
250 Yonge Street
Suite 2400
Toronto, ON  M5B 2M6

Jay Carfagnini
Joseph Pasquariello
Gail Rubenstein
Chris Armstrong

Email:   jcarfagnini@goodmans.ca
jpasquariello@goodmans.ca
grubenstein@goodmans.ca
carmstrong@goodmans.ca

Tel:   416.597.4107
Fax:   416.979.1234

Lawyers for the Monitor, Ernst & Young Inc.

AND
TO:   **OSLER HOSKIN AND HARCOURT LLP**
100 King Street West
1 First Canadian Place
Suite 6100
P.O. Box 50
Toronto, ON  M5X 1B8

Lyndon Barnes
Rupert Chartrand
Edward Sellers
Adam Hirsh

Email:   lbarnes@osler.com
rchartrand@osler.com
esellers@osler.com
ahirsh@osler.com

Tel:   416.362.2111
Fax:   416.862.6666

Lawyers for the Boards of Directors of
Nortel Networks Corporation and Nortel
Networks Limited

AND
TO:   **FASKEN MARTINEAU DUMOULIN LLP**
66 Wellington Street West
Toronto Dominion Bank Tower
P.O. Box 20, Suite 4200
Toronto, ON  M5K 1N6

Donald E. Milner
Aubrey Kauffman
Edmond Lamek
Jon Levin

Email:   dmilner@fasken.com
akauffman@fasken.com
elamek@fasken.com
jlevin@fasken.com

Tel:   416.868.3538
Fax:   416.364.7813

Lawyers for Export Development Canada

- 3 -

AND TO: **EXPORT DEVELOPMENT CANADA**
151 O'Connor Street
Ottawa, ON K1A 1K3

Jennifer Sullivan

Email:    jsullivan@edc.ca

Tel:    613.597.8651
Fax:    613.598.3113


AND TO: **McINNES COOPER**
Purdy's Wharf Tower II
1300 – 1969 Upper Water Street
Halifax, NS B3J 2V1

John Stringer, Q.C.
Stephen Kingston

Email:    john.stringer@mcinnescooper.com
          stephen.kingston@mcinnescooper.com

Tel:    902.425.6500
Fax:    902.425.6350

Lawyers for Convergys EMEA Limited


AND TO: **CAW-CANADA**
Legal Department
205 Placer Court
Toronto, ON M2H 3H9

Barry E. Wadsworth
Lewis Gottheil

Email:    barry.wadsworth@caw.ca
          lewis.gottheil@caw.ca

Tel.:    416.495.3776
Fax:    416.495.3786

Lawyers for all active and retired Nortel
employees represented by the CAW-Canada


AND TO: **THORNTON GROUT FINNIGAN LLP**
3200-100 Wellington Street West
Toronto-Dominion Centre, Canadian Pacific
Tower
Toronto, ON M5K 1K7

Robert I. Thornton
Michael Barrack
Rachelle Moncur
Leanne M. Williams

Email:    rthornton@tgf.ca
          mbarrack@tgf.ca
          rmoncur@tgf.ca
          lwilliams@tgf.ca

Tel:    416.304.1616
Fax:    416.304.1313

Lawyers for Flextronics Telecom Systems Ltd.


AND TO: **MILLER THOMSON LLP**
Scotia Plaza
40 King Street West, Suite 5800
P.O. Box 1011
Toronto, ON M5H 3S1

Jeffrey Carhart
Margaret Sims

Email:    jcarhart@millerthomson.com
          msims@millerthomson.com

Tel:    416.595.8615/8577
Fax:    416.595.8695

Lawyers for Toronto-Dominion Bank


AND TO: **BOUGHTON LAW CORPORATION**
Suite 700
595 Burrard Street
Vancouver, BC V7X 1S8

R. Hoops Harrison

Email:    hharrison@boughton.ca

Tel:    604.687.6789
Fax:    604.683.5317

Lawyers for Tonko Realty Advisors (BC) Ltd.

*q*

- 4 -

AND
TO:
**BORDEN LADNER GERVAIS LLP**
Scotia Plaza, 40 King Street West
Toronto, ON  M5H 3Y4

Michael J. MacNaughton
Roger Jaipargas
Sam P. Rappos

Email:   mmacnaughton@blgcanada.com
Tel:      416. 367.6646
Fax:     416. 682.2837

Email:   rjaipargas@blgcanada.com
Tel:      416.367.6266
Fax:     416.361.7067

Email:   srappos@blgcanada.com
Tel:      416.367.6033
Fax:     416.361.7306

Lawyers for Bell Canada

AND
TO:
**LANG MICHNER LLP**
Brookfield Place, Suite 2500
181 Bay Street
Toronto, ON  M5J 2T7

Leslie A. Wittlin
John Contini
Aaron Rousseau

Email:   lwittlin@langmichener.ca
Tel:      416.307.4087
Fax:     416.304.3855

Email    jcontini@langmichener.ca
Tel:      416.307.4148
Fax:     416.304.3767

Email    arousseau@langmichener.ca
Tel:      416.307.4081
Fax:     416.365.1719

Lawyers for ABN AMRO Bank N.V.

AND
TO:
**SISKINDS LLP**
680 Waterloo Street
London, ON  N6A 3V8

Raymond F. Leach
A. Dimitri Lascaris
Monique L. Radlein

Email:   ray.leach@siskinds.com
             dimitri.lascaris@siskinds.com
             monique.radlein@siskinds.com

Tel:      519.672.2121
Fax:     519.672.6065

Lawyers for Indiana Electrical Workers Pension
Trust Fund IBEW, Laborers Local 100 and 397
Pension Fund, and Bruce William Lapare

AND
TO:
**BENNETT JONES LLP**
1 First Canadian Place
Suite 3400
Toronto, ON  M5X 1A4

Kevin Zych
S. Richard Orzy
Gavin Finlayson

Email:   zychk@bennettjones.com
Tel:      416.777.5738
Fax:     416.863.1716

Email:   orzyr@bennettjones.com
Tel:      416.777.5737
Fax:     416.863.1716

Email:   finlaysong@bennettjones.com
Tel:      416.777.5762
Fax:     416.863.1716

Canadian Lawyers for The Informal Nortel
Noteholder Group

*10*

AND
TO:

**KOSKIE MINSKY**
20 Queen Street West
Suite 900
Toronto, ON  M5H 3R3

Mark Zigler
Susan Philpott
Demetrios Yiokaris
Andrea McKinnon

Email:  mzigler@kmlaw.ca
Tel:    416.595.2090
Fax:    416.204.2877

Email:  sphilpott@kmlaw.ca
Tel:    416.595.2104
Fax:    416.204.2882

Email:  dyiokaris@kmlaw.ca
Tel:    416.595.2130
Fax:    416.204.2810

Email:  amckinnon@kmlaw.ca
Tel:    416.595.2150
Fax:    416.204.2874

Lawyers for the Former Employees of Nortel

AND
TO:

**MILLER THOMSON LLP**
Scotia Plaza
40 King Street West, Suite 5800
P.O. Box 1011
Toronto, ON  M5H 3S1

Jeffrey Carhart
Margaret Sims

Email:  jcarhart@millerthomson.com
Tel:    416.595.8615
Fax:    416.595.8695

Email  msims@millerthomson.com
Tel:    416.595.8577
Fax:    416.595.8695

Canadian Lawyers for Telmar Network
Technology, Inc. and Precision Communication
Services, Inc.

AND
TO:

**MILLER THOMSON LLP**
Scotia Plaza
40 King Street West, Suite 5800
P.O. Box 1011
Toronto, ON  M5H 3S1

Jeffrey Carhart
Margaret Sims
James Klotz

Email:  jcarhart@millerthomson.com
Tel:    416.595.8615
Fax:    416.595.8695

Email:  msims@millerthomson.com
Tel:    416.595.8577
Fax:    416.595.8695

Email:  jmklotz@millerthomson.com
Tel:    416.595.4373
Fax:    416.595.8695

Lawyers for LG Electronics Inc.

AND
TO:

**LG ELECTRONICS INC.**
11/F, LG Twin Towers (West)
20 Yeouido-dong, Yeongduengpo-gu
Seoul 150-721, Korea

Joseph Kim

Email:  joseph.kim@lge.com

Tel:    +82.2.3777.3171
Fax:    +82.2.3777.5345

- 6 -

| | |
|---|---|
| AND TO: | **CHAITONS LLP**<br>185 Sheppard Avenue West<br>Toronto, ON M2N 1M9<br><br>Harvey G. Chaiton<br><br>Email: harvey@chaitons.com<br><br>Tel: 416.218.1129<br>Fax: 416.218.1849<br><br>Lawyers for IBM Canada Limited | AND TO: | **FRASER MILNER CASGRAIN LLP**<br>1 First Canadian Place<br>100 King Street West<br>Toronto, ON M5X 1B2<br><br>R. Shayne Kukulowicz<br>Alex MacFarlane<br>Michael J. Wunder<br><br>Email: Shayne.kukulowicz@fmc-law.com<br>Alex.macfarlane@fmc-law.com<br>Michael.wunder@fmc-law.com<br><br>Tel: 416.863.4511<br>Fax: 416.863.4592<br><br>Canadian Lawyers for the Official Committee of Unsecured Creditors |

**AND TO:** **CHAITONS LLP**
185 Sheppard Avenue West
Toronto, ON M2N 1M9

Harvey G. Chaiton

Email: harvey@chaitons.com

Tel: 416.218.1129
Fax: 416.218.1849

Lawyers for IBM Canada Limited

**AND TO:** **FRASER MILNER CASGRAIN LLP**
1 First Canadian Place
100 King Street West
Toronto, ON M5X 1B2

R. Shayne Kukulowicz
Alex MacFarlane
Michael J. Wunder

Email: Shayne.kukulowicz@fmc-law.com
Alex.macfarlane@fmc-law.com
Michael.wunder@fmc-law.com

Tel: 416.863.4511
Fax: 416.863.4592

Canadian Lawyers for the Official Committee of Unsecured Creditors

**AND TO:** **PALIARE ROLAND ROSENBERG ROTHSTEIN LLP**
Suite 501
250 University Avenue
Toronto, ON M5H 3E5

Kenneth T. Rosenberg
Massimo (Max) Starnino
Lily Harmer
Tina Lie

Email: ken.rosenberg@paliareroland.com
Tel: 416.646.4304
Fax: 416.646.4301

Email: max.starnino@paliareroland.com
Tel: 416.646.7431
Fax: 416.646.4301

Email: lily.harmer@paliareroland.com
Tel: 416.646.4326
Fax: 416.646.4301

Email: tina.lie@paliareroland.com
Tel: 416.646.4332
Fax: 416.646.4301

Lawyers for the Superintendent of Financial Services as Administrator of the Pension Benefits Guarantee Fund

**AND TO:** **GOWLING LAFLEUR HENDERSON LLP**
Suite 1600, First Canadian Place
100 King Street West
Toronto, ON M5X 1G5

E. Patrick Shea

Email: patrick.shea@gowlings.com

Tel: 416.369.7399
Fax: 416.862.7661

Lawyers for Westcon Group

| | |
|---|---|
| AND TO: | **MINDEN GROSS LLP** |

**MINDEN GROSS LLP**
145 King Street West, Suite 2200
Toronto, ON  M5H 4G2

Raymond M. Slattery
David T. Ullmann

Email:  rslattery@mindengross.com
        dullmann@mindengross.com
Tel:    416.369.4149
Fax:    416.864.9223

Lawyers for Verizon Communications Inc.

AND TO:
**GARDINER ROBERTS LLP**
Suite 3100, Scotia Plaza
40 King Street West
Toronto, ON  M5H 3Y2

Jonathan Wigley
Vern W. DaRe

Email:  jwigley@gardiner-roberts.com
Tel:    416.865.6655
Fax:    416.865.6636

Email:  vdare@gardiner-roberts.com
Tel:    416.865.6641
Fax:    416.865.6636

Lawyers for Andrew, LLC

AND TO:
**AIRD & BERLIS LLP**
Barristers & Solicitors
Brookfield Place, P.O. Box 754
181 Bay Street, Suite 1800
Toronto, ON  M5J 2T9

Steven L. Graff
Ian E. Aversa

Email:  sgraff@airdberlis.com
Tel:    416.865.7726
Fax:    416.863.1515

Email:  iaversa@airdberlis.com
Tel:    416.865.3082
Fax:    416.863.1515

Canadian Lawyers for Tellabs, Inc.

AND TO:
**AIRD & BERLIS**
Brookfield Place
181 Bay Street, Suite 1800
Toronto, ON  M5J 2T9

Harry Fogul
Peter K. Czegledy

Email:  hfogul@airdberlis.com
Tel:    416.865.7773
Fax:    416.863.1515

Email:  pczegledy@airdberlis.com
Tel:    416.865.7749
Fax:    416.863.1515

Lawyers for Microsoft Corporation

AND TO:
**AIRD & BERLIS LLP**
Barristers & Solicitors
Brookfield Place, P.O. Box 754
181 Bay Street, Suite 1800
Toronto, ON  M5J 2T9

D. Robb English
Sanjeev P. R. Mitra

Email:  renglish@airdberlis.com
        smitra@airdberlis.com

Tel:    416.863.1500
Fax:    416.863.1515

Lawyers for Tata Consultancy Services Limited
and Tata America International Corporation

AND TO:
**ALEXANDER HOLBURN BEAUDIN & LANG LLP**
Barristers and Solicitors
700 West Georgia Street
Suite 2700
Vancouver, British Columbia  V7Y 1B8

Sharon M. Urquhart

Email:  surquhart@ahbl.ca
Tel:    604.484.1757
Fax:    604.484.1957

Lawyers for Algo Communication Products Ltd.

- 8 -

AND
TO:

**MILLER THOMSON LLP**
Scotia Plaza
40 King Street, West, Suite 5800
P.O. Box 1011
Toronto, ON  M5H 3S1

Maurice Fleming

Email:  mfleming@millerthomson.com
Tel:    416.595.8686
Fax:    416.595.8695

Lawyers for Verint Americas Inc. and Verint
Systems, Inc.

AND
TO:

**DAVIS LLP**
1 First Canadian Place
Suite 5600
100 King Street West
Toronto, ON  M5X 1E2

Bruce Darlington
Jonathan Davis-Sydor

Email:  bdarlington@davis.ca
Tel:    416.365.3529
Fax:    416.369.5210

Email:  jdavissydor@davis.ca
Tel:    416.941.5397
Fax:    416.365.7886

Lawyers for Brookfield LePage Johnson Controls
Facility Management Services

AND
TO:

**McMILLAN LLP**
Brookfield Place, Suite 4400
181 Bay Street
Toronto, Ontario  M5J 2T3

Andrew F. Kent
Tushara Weerasooriya
Hilary E. Clarke

Email:  andrew.kent@mcmillan.ca
Tel:    416.865.7160
Fax:    416.865.7048

Email:  hilary.clarke@mcmillan.ca
Tel:    416.865.7286
Fax:    416.865.7048

Email:  tushara.weerasooriya@mcmillan.ca
Tel:    416.865.7262
Fax:    416.865.7048

Lawyers for Royal Bank of Canada

AND
TO:

**AIRD & BERLIS LLP**
Barristers & Solicitors
Brookfield Place, P.O. Box 754
181 Bay Street, Suite 1800
Toronto, ON  M5J 2T9

Steven L. Graff
Ian E. Aversa

Email:  sgraff@airdberlis.com
Tel:    416.865.7726
Fax:    416.863.1515

Email:  iaversa@airdberlis.com
Tel:    416.865.3082
Fax:    416.863.1515

Lawyers for Perot Systems Corporation

AND
TO:
**McMILLAN LLP**
Brookfield Place, Suite 4400
181 Bay Street
Toronto, Ontario  M5J 2T3

Lawrence J. Crozier
Adam C. Maerov

Email:   lawrence.crozier@mcmillan.ca
Tel:     416.865.7178
Fax:     416.865.7048

Email:   adam.maerov@mcmillan.ca
Tel:     416.865.7285
Fax:     416.865.7048

Lawyers for Citibank

AND
TO:
**CASSELS BROCK & BLACKWELL LLP**
40 King Street West,
Suite 2100
Toronto, Ontario  M5H 3C2

Deborah S. Grieve

Email:   dgrieve@casselsbrock.com
Tel:     416.860.5219
Fax:     416.350.6923

Lawyers for Alvarion Ltd.

AND
TO:
**BLANEY McMURTRY LLP**
Barristers and Solicitors
1500 – 2 Queen Street East
Toronto, Ontario  M5C 3G5

Domenico Magisano

Email:   dmagisano@blaney.com
Tel:     416.593.2996
Fax:     416.593.5437

Lawyers for Expertech Network Installation Inc.

AND
TO:
**GARDINER ROBERTS LLP**
Suite 3100, Scotia Plaza
40 King Street West
Toronto, ON  M5H 3Y2

Jonathan Wigley
Vern W. DaRe

Email:   jwigley@gardiner-roberts.com
Tel:     416.865.6655
Fax:     416.865.6636

Email:   vdare@gardiner-roberts.com
Tel:     416.865.6641
Fax:     416.865.6636

Lawyers for Amphenol Corporation

AND
TO:
**LANG MICHENER LLP**
Brookfield Place
Suite 2500, 181 Bay Street
P.O. Box 747
Toronto, Ontario  M5J 2T7

Leslie Wittlin
Aaron Rousseau

Email:   lwittlin@langmichener.ca
Tel:     416.307.4087
Fax:     416.365.1719

Email:   arousseau@langmichener.ca
Tel:     416.307.4081
Fax:     416.365.1719

Lawyers for Right Management Inc.

AND
TO:
**AIRD & BERLIS LLP**
Barristers & Solicitors
Brookfield Place, P.O. Box 754
181 Bay Street, Suite 1800
Toronto, Ontario  M5J 2T9

Sanjeev P.R. Mitra
Sandra A. Vitorovich

Email:   smitra@airdberlis.com
         svitorovich@airdberlis.com

Tel:     416.863.1500
Fax:     416.863.1515

Lawyers for Enbridge Gas Distribution Inc.

- 10 -

AND TO:
**NELLIGAN O'BRIEN PAYNE LLP**
Barristers and Solicitors
50 O'Connor Street
Suite 1500
Ottawa, Ontario K1P 6L2

Janice B. Payne
Ainslie Benedict
Steven Levitt
Christopher Rootham

Email: janice.payne@nelligan.ca
ainslie.benedict@nelligan.ca
steven.levitt@nelligan.ca
christopher.rootham@nelligan.ca

Tel: 613.231.8245
Fax: 613.788.3655

Lawyers for the Steering Committee of Recently
Severed Canadian Nortel Employees

AND TO:
**CASSELS BROCK & BLACKWELL LLP**
2100 Scotia Plaza
40 King Street West
Toronto, Ontario M5H 3C2

E. Bruce Leonard
Harvey Garman
Michael Casey

Email: bleonard@casselsbrock.com
hgarman@casselsbrock.com
mcasey@casselsbrock.com

Tel: 416.860.6455
Fax: 416.640.3054

Lawyers for the UK Pension Protection Fund and
Nortel Networks UK Pension Trust Limited

AND TO:
**CALEYWRAY**
Labour/Employment Lawyers
1600-65 Queen Street West
Toronto, Ontario M5H 2M5

Gail E. Misra

Email: misrag@caleywray.com

Tel: 416.775.4680
Fax: 416.366.3293

Lawyers for the Communication, Energy and
Paperworkers Union of Canada

AND TO:
**MCFARLANE LEPSOE**
Barristers & Solicitors
70 Gloucester Street, Third Floor
Ottawa, Ontario K2P 0A2

Paul K. Lepsoe

Email: pklepsoe@mcfarlanelaw.com

Tel: 613.233.2679
Fax: 613.233.3774

Lawyers for Iron Mountain Canada Corporation
and Iron Mountain Information Management, Inc.

AND TO:
**COLBY, MONET DEMERS, DELAGE & CREVIER LLP**
Tour McGill College
1501 McGill College Avenue
Suite 2900
Montreal, Quebec H3A 3M8

David J. Dropsy

Email: ddropsy@colby-monet.com
Tel: 514.284.3663
Fax: 514.284.1961

Lawyers for GFI INC., a division of Thomas &
Betts Manufacturing Inc.

AND TO:
**SCHNEIDER & GAGGINO**
375 Lakeshore Drive
Dorval, Quebec H9S 2A5

Dan Goldstein
Marco Gaggino

Email: dgoldstein@schneidergaggino.com
mgaggino@schneidergaggino.com

Tel: 514.631.8787
Fax: 514.631.0220

Lawyers for the Teamsters Quebec Local 1,999

- 11 -

AND TO:
**NELLIGAN O'BRIEN PAYNE LLP**
Barristers and Solicitors
50 O'Connor Street
Suite 1500
Ottawa, Ontario  K1P 6L2

Janice B. Payne
Steven Levitt
Christopher Rootham

Email:   janice.payne@nelligan.ca
         steven.levitt@nelligan.ca
         christopher.rootham@nelligan.ca

Tel:     613.231.8245
Fax:     613.788.3655

Lawyers for the Steering Committee of Nortel
Canadian Continuing Employees – Post CCAA
as at January 14, 2009

AND TO:
**BENNETT JONES LLP**
1 First Canadian Place
Suite 3400
Toronto, Ontario  M5X 1A4

Robyn M. Ryan Bell
Mark Laugesen

Email:   ryanbellr@bennettjones.com
         laugesenm@bennettjones.com

Tel:     416.863.1200
Fax:     416.863.1716

Lawyers for Tel-e Connect Systems Ltd. and
Tel-e Connect Systems (Toronto) Ltd.

AND TO:
**MINDEN GROSS LLP**
145 King Street West, Suite 2200
Toronto, Ontario  M5H 4G2

Timothy R. Dunn

Email:   tdunn@mindengross.com
Tel:     416.369.4335
Fax:     416.864.9223

Lawyers for 2748355 Canada Inc.

AND TO:
**BAKER & McKENZIE LLP**
Brookfield Place, P.O. Box 874
181 Bay Street, Suite 2100
Toronto, Ontario  M5J 2T3

Chris Besant
Lydia Salvi

Email:   chris.besant@bakernet.com

Tel:     416.865.2318
Fax:     416.863.6275

Email:   lydia.salvi@bakernet.com

Tel:     416.865.6944
Fax:     416.863.6275

Lawyers for Jabil Circuit Inc.

AND TO:
**McCARTHY TETRAULT LLP**
Suite 5300, Toronto Dominion Bank Tower
Toronto, Ontario  M5K 1E6

Thomas G. Heintzman
Junior Sirivar

Email:   theintzm@mccarthy.ca
Tel:     416.601.7627
Fax:     416.868.0673

Email:   jsirivar@mccarthy.ca
Tel:     416.601.7750
Fax:     416.868.0673

Lawyers for Frank Andrew Dunn

AND TO:
**EURODATA**
2574 Sheffield Road
Ottawa, Ontario  K1B 3V7

Nanci Shore

Email:   nanci@eurodata.ca
Tel:     613.745.0921
Fax:     613.745.1172

- 12 -

AND
TO:

**BALDWIN LAW PROFESSIONAL
CORPORATION**
54 Victoria Avenue
Belleville, Ontario K8N 5J2

Ian W. Brady

Email:   lbrady@baldwinlaw.ca
Tel:      613.771.9991
Fax:     613.771.9998

Lawyers for Sydney Street Properties Corp.

AND
TO:

**AIRD & BERLIS LLP**
Barristers & Solicitors
Brookfield Place, P.O. Box 754
181 Bay Street, Suite 1800
Toronto, ON  M5J 2T9

Steven L. Graff
Ian E. Aversa

Email:   sgraff@airdberlis.com
Tel:      416.865.7726
Fax:     416.863.1515

Email:   iaversa@airdberlis.com
Tel:      416.865.3082
Fax:     416.863.1515

Lawyers for Huawei Technologies Co. Ltd.

AND
TO:

**SHIBLEY RIGHTON LLP**
Barristers and Solicitors
250 University Avenue, Suite 700
Toronto, Ontario M5H 3E5

Arthur O. Jacques
Thomas McRae

Email: arthur.jacques@shibleyrighton.com
Tel:      416.214.5213
Fax:     416.214.5413

Email: thomas.mcrae@shibleyrighton.com
Tel :     416.214.5206
Fax :    416.214.5400

Co-Counsel for the Steering Committee of
Nortel Canadian Continuing Employees – Post
CCAA as at January 14, 2009

AND
TO:

**AETL TESTING, INC.**
130 Chaparral Court, Suite 250
Anaheim, California 92808

Cynthia R. Maher

Email:   cynthia.maher@ntscorp.com
Tel:      714.998.4351
Fax:     714.998.7142

Lawyers for AETL Testing, Inc.

AND
TO:

**SHIBLEY RIGHTON LLP**
Barristers and Solicitors
250 University Avenue, Suite 700
Toronto, Ontario M5H 3E5

Arthur O. Jacques
Thomas McRae

Email: arthur.jacques@shibleyrighton.com
Tel:      416.214.5213
Fax:     416.214.5413

Email : thomas.mcrae@shibleyrighton.com
Tel :     416.214.5206
Fax :    416.214.5400

Lawyers for The Recently Severed Canadian
Nortel Employees Committee

AND
TO:

**LAVERY, DE BILLY, LLP**
Barristers & Solicitors
Suite 2400, 600 de la Gauchetière West
Montreal, Quebec H3B 4L8

Jean-Yves Simard

Email :   jysimard@lavery.ca
Tel :      514.871.1522
Fax :     514.871.8977

Lawyers for Texas Landlords to Nortel Networks
Inc.

18

- 13 -

AND TO:
**NATIONAL TECHNICAL SYSTEMS**
130 Chaparral Ct., Suite 250
Anaheim, California, U.S.A.
92808

Cynthia Maher

Email:   cynthia.maher@ntscorp.com
Tel:      714.998.4351

AND TO:
**GOWLING LAFLEUR HENDERSON LLP**
Suite 1600, First Canadian Place
100 King Street West
Toronto, ON  M5X 1G5

David F.W. Cohen

Email:   david.cohen@gowlings.com

Tel:      416.369.6667
Fax:     416.862.7661

Lawyers for General Electric Canada Equipment
Finance G.P. and GE Capital Canada Leasing
Services Inc.

AND TO:
**DAVIS LLP**
1 First Canadian Place
Suite 5600
100 King Street West
Toronto, ON  M5X 1E2

Bruce Darlington
Jonathan Davis-Sydor

Email:   bdarlington@davis.ca
Tel:      416.365.3529
Fax:     416.369.5210

Email:   jdavissydor@davis.ca
Tel:      416.941.5397
Fax:     416.365.7886

Lawyers for Computershare Trust Company of
Canada

AND TO:
**DAVIES WARD PHILLIPS & VINEBERG LLP**
44th Floor
1 First Canadian Place
Toronto, ON  M5X 1B1

Robin B. Schwill
Matthew P. Gottlieb

Email:   rschwill@dwpv.com
Tel:      416.863.0900
Fax:     416.863.0871

Email:   mgottlieb@dwpv.com
Tel:      416.863.0900
Fax:     416.863.0871

Lawyers for Nortel Networks UK Limited (In
Administration)

AND TO:
**LAX O'SULLIVAN SCOTT LLP**
Counsel
Suite 1920, 145 King Street West
Toronto, Ontario  M5H 1J8

Terrence O'Sullivan
Shaun F. Laubman

E-mail:  tosullivan@counsel-toronto.com
Tel:      416.598.1744
Fax:     416.598.3730

Email:   slaubman@counsel-toronto.com
Tel:      416.598.1744
Fax:     416.598.3730

Lawyers for William A. Owens

AND TO:
**BAKER & McKENZIE LLP**
Brookfield Place, P.O. Box 874
181 Bay Street, Suite 2100
Toronto, Ontario  M5J 2T3

Lydia Salvi

Email:   lydia.salvi@bakernet.com

Tel:      416.865.6944
Fax:     416.863.6275

Lawyers for Wipro Limited

DOCSTOR: 1600901\2A

- 14 -

AND
TO:

**AIRD & BERLIS LLP**
Barristers & Solicitors
Brookfield Place, P.O. Box 754
181 Bay Street, Suite 1800
Toronto, ON  M5J 2T9

Steven L. Graff
Ian E. Aversa

Email:    sgraff@airdberlis.com
Tel:       416.865.7726
Fax:      416.863.1515

Email:    iaversa@airdberlis.com
Tel:       416.865.3082
Fax:      416.863.1515

Lawyers for the Current and Former Employees of
Nortel Networks Inc. who are or were Participants
in the Long-Term Investment Plan Sponsored by
Nortel Networks Inc.

AND
TO:

**McCARTHY TETRAULT LLP**
Suite 5300, TD Bank Tower
Toronto Dominion Centre
Toronto, Ontario  M5K 1E6

Heather Meredith

Email:    hmeredith@mccarthy.ca
Tel:       416.601.8342
Fax:      416.868.0673

Lawyers for Hitachi Communications
Technologies, Ltd.

AND
TO:

**TORYS LLP**
79 Wellington Street West, Suite 3000
Box 270, TD Centre
Toronto, Ontario  M5K 1N2

Scott Bomhof

Email:    sbomhof@torys.com
Tel:       416.865.7370
Fax:      416.865.7380

Lawyers for Nokia Siemens Networks B.V.

AND
TO:

**DEPARTMENT OF JUSTICE**
Ontario Regional Office
The Exchange Tower, Box 36
130 King Street W., Suite 3400
Toronto, Ontario  M5X 1K6

Diane Winters

Email:    dwinters@justice.gc.ca
Tel:       416.973.3172
Fax:      416.973.0810

20

- 15 -

AND
TO:

**BLAKE, CASSELS & GRAYDON LLP**
199 Bay Street, Suite 2800
Commerce Court West
Toronto, Ontario  M5L 1A9

Pamela Huff
Milly Chow
Hugh DesBrisay
Craig Thorburn

Email:  pamela.huff@blakes.com
Tel:      416.863.2958
Fax:     416.863.2653

Email:  milly.chow@blakes.com
Tel:      416.863.2594
Fax:     416.863.2653

Email:  hugh.desbrisay@blakes.com
Tel:      416.863.2426
Fax:     416.863.2653

Email:  craig.thorburn@blakes.com
Tel:      416.863.2965
Fax:     416.863.2653

Lawyers for MatlinPatterson Global Advisers LLC,
MatlinPatterson Global Opportunities Partners III
L.P. and MatlinPatterson Opportunities Partners
(Cayman) III L.P.

AND
TO:

**BLAKE, CASSELS & GRAYDON LLP**
199 Bay Street, Suite 2800
Commerce Court West
Toronto, Ontario  M5L 1A9

Susan M. Grundy
Marc Flynn

Email:  susan.grundy@blakes.com
Tel:      416.863.2572
Fax:     416.863.2653

Email:  marc.flynn@blakes.com
Tel:      416.863.2685
Fax:     416.863.2653

Lawyers for Telefonaktiebolaget L M Ericsson
(publ)

AND
TO:

**LANG MICHENER LLP**
Brookfield Place
181 Bay Street, Suite 2500
Toronto, Ontario, M5J 2T7

Sheryl E. Seigel

Email:  sseigel@langmichener.ca
Tel:      416.307.4063
Fax:     416.365.1719

Lawyers for The Bank of New York Mellon

AND
TO:

**McCARTHY TETRAULT LLP**
Suite 5300, Toronto Dominion Bank Tower
Toronto, Ontario  M5K 1E6

Kevin P. McElcheran
Ryan Stabile

Email:  kmcelcheran@mccarthy.ca
Tel:      416.601.7730
Fax:     416.868.0673

Email:  rstabile@mccarthy.ca
Tel:      416.601.8335
Fax:     416.868.0673

Lawyers for Avaya Inc.

21

- 16 -

AND
TO:     **SACK GOLDBLATT MITCHELL LLP**
        20 Dundas Street West
        Suite 1100
        Toronto, Ontario  M5G 2G8

        James McDonald
        Darrell Brown

        Email:   jmcdonald@sgmlaw.com
        Tel:     416.979.6425
        Fax:     416.591.7333

        Email:   dbrown@sgmlaw.com
        Tel:     416.979.4050
        Fax:     416.591.7333

        Lawyers for Edmund Fitzgerald

AND
TO:     **STIKEMAN ELLIOTT LLP**
        5300 Commerce Court West
        199 Bay Street
        Toronto, ON  M5L 1B9

        Ashley John Taylor

        Email:   ataylor@stikeman.com
        Tel:     416.869.5236
        Fax:     416.947.0866

        Lawyers for Ciena Corporation

AND
TO:     **FOGLER, RUBINOFF LLP**
        Barristers and Solicitors
        Suite 1200
        Toronto-Dominion Centre
        95 Wellington Street West
        Toronto, Ontario  M5J 2Z9

        Jeffrey K. Spiegelman

        Email:   jspiegelman@foglers.com
        Tel:     416.864.9700
        Fax:     416.941.8852

        Lawyers for Belden (Canada) Inc.

22

- 17 -

## COURTESY COPIES:

AND
TO:

**LEWIS AND ROCA**
40 North Central Avenue
Phoenix, Arizona
USA  85004-4429

Scott K. Brown

Email:    sbrown@lrlaw.com

Tel:     602.262.5321
Fax:     602.734.3866

Lawyers for The Prudential Insurance
Company of America

AND
TO:

**AKIN GUMP STRAUSS HAUER &
FELD LLP**
One Bryant Park
New York, NY  10036

Fred S. Hodara
Ryan C. Jacobs

Email:    fhodara@akingump.com
          rjacobs@akingump.com

Tel:     212.872.1000
Fax:     212.872.1002

U.S. Lawyers for the Official Committee of
Unsecured Creditors

AND
TO:

**CURTIS, MALLET-PREVOST, COLT &
MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061

Steven J. Reisman
James V. Drew

E-mail:   sreisman@curtis.com
          jdrew@curtis.com

Tel:     212.696.6000
Fax:     212-697-1559

Lawyers for Flextronics International

AND
TO:

**MILBANK, TWEED, HADLEY
McCLOY LLP**
1 Chase Manhattan Plaza
New York, NY  10005

Dennis F. Dunne
Andrew M. Leblanc
Albert A. Pisa

Email:    DDunne@milbank.com
Tel:     212.530.5770
Fax:     212.530.5219

Email:    ALeblanc@milbank.com
Tel:     212.835.7574
Fax:     212.530.5219

Email:    APisa@milbank.com
Tel:     212.530.5319
Fax:     212.530.5219

U.S. Lawyers for The Informal Nortel
Noteholder Group

- 18 -

23

AND
TO:

**VEDDER PRICE P.C.**
1633 Broadway, 47th Floor
New York, New York 10019

Michael L. Schein

Email:   mschein@vedderprice.com

Tel:      212.407.6920
Fax:     212.407.7799

U.S. Lawyers for Telmar Network Technology,
Inc. and Precision Communication Services, Inc.

AND
TO:

**MACLEOD DIXON LLP**
3700 Canterra Tower
400, 3rd Avenue N.W.
Calgary, Alberta  T2P 4H2

Andrew Robertson
Caylee M. Rieger

Email :   andrew.robertson@macleoddixon.com
             caylee.rieger@macleoddixon.com

Tel :     403.267.8222
Fax :    403.264.5973

Agent for Nelligan O'Brien Payne LLP, lawyers
for the Steering Committee of Recently Severed
Canadian Nortel Employees and lawyers for the
Steering Committee of Nortel Canadian
Continuing Employees – Post CCAA as at
January 14, 2009

AND
TO:

**BRYAN CAVE LLP**
161 North Clark Street, Suite 4300
Chicago, Illinois 60601

Eric S. Prezant

Email:   eric.prezant@bryancave.com
Tel:      312.602.5033
Fax:     312.602.5050

U.S. Lawyers for Tellabs, Inc.

24

*25*

Court File No. 09-CL-7950

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE
### (COMMERCIAL LIST)

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. c-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL
NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL
CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED

#### SUPPLEMENTARY SERVICE LIST OF
#### PROVINCIAL TAX AUTHORITIES

TO:    **OGILVY RENAULT LLP**
Royal Bank Plaza, South Tower
200 Bay Street, Suite 3800
Toronto, Ontario M5J 2Z4

Derrick Tay
Mario Forte
Jennifer Stam

Email:    dtay@ogilvyrenault.com
mforte@ogilvyrenault.com
jstam@ogilvyrenault.com

Tel:    416.216.4000
Fax:    416.216.3930

Lawyers for the Applicants

26

**BY EMAIL:**

**ALBERTA**

AND
TO:
**ALBERTA MINISTRY OF FINANCE**
The Tax and Revenue Administration
9811-109 Street
Edmonton, Alberta  T5K 2L5

Sue Jamieson, Assistant Deputy Minister

Email: sue.jamieson@gov.ab.ca
Tel:    780.427.9403
Fax:    780.427.0348

**MANITOBA**

AND
TO:
**HER MAJESTY THE QUEEN IN RIGHT OF
THE PROVINCE OF MANITOBA AS
REPRESENTED BY THE MINISTER OF
FINANCE**

450 Broadway
Winnipeg, Manitoba  R3C 0V8

Barry Draward

E-mail: barry.draward@gov.mb.ca
Tel:    204.945.3758
Fax:    204.948.2360

*27*

**NEW BRUNSWICK**

AND TO:
**HER MAJESTY THE QUEEN IN RIGHT OF THE PROVINCE OF NEW BRUNSWICK AS REPRESENTED BY THE MINISTER OF FINANCE**

Centennial Building
Room: 371, Floor: 3
P. O. Box 6000
Fredericton, New Brunswick
E3B 5H1

Lynn Noel

Email:   lynn.noel@gnb.ca
Tel:     506.457.3550
Fax:     506.444.4920

**NEWFOUNDLAND**

AND TO:
**HER MAJESTY THE QUEEN IN RIGHT OF THE PROVINCE OF NEWFOUNDLAND AS REPRESENTED BY THE MINISTER OF FINANCE**

Department of Finance
3rd Floor, East Block, Confederation Complex
P.O. Box 8700, St. John's, Newfoundland
A1B 4J6

Keith Rees

Email:   krees@gov.nl.ca
Tel:     709.729.6297
Fax:     709.729.2856



## NOVA SCOTIA

AND
TO:

**HER MAJESTY THE QUEEN IN RIGHT OF
THE PROVINCE OF NOVA SCOTIA AS
REPRESENTED BY THE MINISTER OF
FINANCE**

P.O. Box 187
1723 Hollis St.
Halifax, Nova Scotia  B3J 2N3

Doug Moodie

Email:   moodiedj@gov.ns.ca
Tel:      902.424.5720
Fax:     902.424.6635

## ONTARIO

AND
TO:

**ONTARIO MINISTRY OF FINANCE**
Legal Services Branch
6th Floor
33 King Street West
Oshawa, Ontario
L1H 8H5

Kevin O'Hara

Email:   kevin.ohara@ontario.ca
Tel:      905.433.6934
Fax:     905.436.4510

29

**PRINCE EDWARD ISLAND**

AND
TO:

**HER MAJESTY THE QUEEN IN RIGHT OF
THE PROVINCE OF PRINCE EDWARD
ISLAND AS REPRESENTED BY THE
PROVINCIAL TREASURY**

Shaw Building, 1st Floor
95 Rochford Street
PO Box 2000
Charlottetown, PE  C1A 7N8

Mary Hennessey

Email:  mihennessey@gov.pe.ca
Tel:     902.368.4070
Fax:     902.368.6164

**SASKATCHEWAN**

AND
TO:

**HER MAJESTY THE QUEEN IN RIGHT OF
THE PROVINCE OF SASKATCHEWAN AS
REPRESENTED BY THE MINISTER OF
FINANCE**

2350 Albert Street
Regina, Saskatchewan  S4P 4A6

Margaret Johannsson, Assistant Deputy Minister

Email:  Margaret.johannsson@gov.sk.ca
Tel:     306.787.6685
Fax:     306.787.0241



**FEDERAL**

**AND TO:**

**CANADA REVENUE AGENCY**
c/o Department of Justice
Ontario Regional Office
The Exchange Tower, Box 36
130 King Street W., Suite 3400
Toronto, Ontario  M5X 1K6

Diane Winters

Email: diane.winters@justice.gc.ca
Tel:    416.973.3172
Fax:    416.973.0810

31

**BY FAX:**

**BRITISH COLUMBIA**

AND
TO:

**HER MAJESTY THE QUEEN IN RIGHT OF
THE PROVINCE OF BRITISH COLUMBIA,
AS REPRESENTED BY THE MINISTER OF
FINANCE, REVENUE DIVISION**

3rd Floor, 1802 Douglas Street
Victoria, British Columbia  V8T 4K6

Michael Ford

Fax:    250.356.0065

**QUEBEC**

AND
TO:

**HER MAJESTY THE QUEEN IN RIGHT OF
THE PROVINCE OF QUEBEC AS
REPRESENTED BY THE MINISTER OF
FINANCE**

**Ministère des Finances**
12, rue Saint-Louis
Québec (Québec) G1R 5L3

Tel:    418.528.9323
Fax:    418.646.1631

32

35

Court File No.  09-CL-7950

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. c-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL
NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL
CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED**

**SUPPLEMENTARY SERVICE LIST OF PPSA REGISTRANTS**

TO:      **OGILVY RENAULT LLP**
         Royal Bank Plaza, South Tower
         200 Bay Street, Suite 3800
         Toronto, Ontario M5J 2Z4

         Derrick Tay
         Mario Forte
         Jennifer Stam

         Email:    dtay@ogilvyrenault.com
                   mforte@ogilvyrenault.com
                   jstam@ogilvyrenault.com

         Tel:      416.216.4000
         Fax:      416.216.3930

         Lawyers for the Applicants

34

**BY EMAIL:**

AND TO: **ARI FINANCIAL SERVICES INC.**
600-1270 Central Parkway West
Mississauga, ON L5C 4P4

Tel:  905-803-8000
Fax:  905-803-8644

Email:  ldearborn@arifleet.ca
jmcmullin@arifleet.ca

AND TO: **EXPORT DEVELOPMENT CANADA**
151 O'Connor Street
Ottawa, ON K1A 1K3

Jennifer Sullivan

Email:  jsullivan@edc.ca

Tel:  613.597.8651
Fax:  613.598.3113

AND TO: **GENERAL ELECTRIC CAPITAL EQUIPMENT FINANCE INC.**
5420 North Service Road
Burlington, ON L7L 6C7

Alexandre LeBlanc

Tel:  1.866.317.4323
Fax:  514.397.5300

Email :  alexandre.leblanc@ge.com

AND TO: **GE CAPITAL CANADA LEASING SERVICES INC.**
5420 North Service Road
4th Floor
Burlington, ON L7L 6C7

Alexandre LeBlanc

Tel:  1.866.317.4323
Fax:  514.397.5300

Email :  alexandre.leblanc@ge.com

AND TO: **GE CAPITAL CANADA LEASING SERVICES INC.**
1 Place Ville Marie
Suite 1401
Montreal, QC H3B 2B2

Alexandre LeBlanc

Tel:  1.866.317.4323
Fax:  514.397.5300

Email:  alexandre.leblanc@ge.com

AND TO: **GENERAL ELECTRIC CANADA EQUIPMENT FINANCE G.P.**
500 North Service Road
8th Floor
Burlington, ON L7L 6W6

Alexandre LeBlanc

Tel:  1.866.317.4323
Fax:  514.397.5300

Email:  alexandre.leblanc@ge.com

AND
TO:  **NEXCAP FINANCE
     CORPORATION**
     3027 Harvester Road
     Suite 212
     Burlington, ON L7N 3G7


     Scott Lowes


     Tel:    905.637.4467 ext. 117
     Fax:    905-637-1882


     Email:  slowes@nexcap.com


AND
TO:  **THE BANK OF NOVA SCOTIA**
     44 King Street West,
     Toronto, ON M5H 1H1


     Attn:   CSRS Queue


     Tel:    1.888.855.1234


     Email:  bsc@scotiabank.com


AND
TO:  **STEELCASE FINANCIAL SERVICES
     LTD.**
     1 Steelcase Rd. W.
     Markham, ON L3R 0T3


     Janeen Treur


     Tel:    616.246.4389


     Email:  jtreur@steelcase.com

$3_0$

## BY FAX:

AND
TO: **ABN AMRO BANK N.V.**
Canada Branch
79 Wellington Street West
Suite 1500
Toronto, ON M5K 1G8

Tel: 416-367-0850
Fax: 416-367-1485

AND
TO: **ABN AMRO BANK N.V.**
600 De Maissonneuve Blvd. W.
Suite 1500
Montreal, QC H3A 3J2

Tel: 514.284.1133
Fax: 514.284.2357

AND
TO: **DELL FINANCIAL SERVICES CANADA LIMITED**
155 Gordon Baker Road
Suite 501
North York, ON M2H 3N5

Tel: 1.877.814.4142
Fax: 1.888.438..1117

AND
TO: **GENERAL ELECTRIC CAPITAL CANADA INC.**
2300 Meadowvale Boulevard
Suite 200
Mississauga, ON L5N 5P9

Bethany St. Pierre

Tel: 1.866.329.4323
Fax: 1.866.993.1902

AND
TO: **ST MICROELECTRONICS (CANADA), INC.**
1310 Electronics Drive
Carrollton, Texas 75006

Tel: 905.273.4300
Fax: 905.273.7578

AND
TO: **HEWLETT-PACKARD FINANCIAL SERVICES CANADA COMPANY**
5150 Spectrum Way
Mississauga, ON L4W 5G1

Attn: Legal Department

Tel: 905.206.4725
Fax: 905.206.4191

AND
TO: **PRODAIR CANADA LTEE**
291 Rue Quinlan
Ville Lasalle, QC H8R 3W4

Alain Cote

Tel: 1.800.363.3572
Fax: 418.878.3235

37

**BY COURIER:**

AND   **CIT TECHNOLOGIES INC.**
TO:   181 Bay Street
      Suite 3500
      Toronto, ON M5J 2T3

AND   **HOLMAN CANADA LIMITED**
TO:   **PARTNERSHIP**

      9000 Midlantice Drive
      Mt. Laurel, New Jersey
      USA  08054

38

Court File No: 09-CL-7950

IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

*ONTARIO*
SUPERIOR COURT OF JUSTICE
COMMERCIAL LIST

Proceeding commenced at Toronto

NOTICE OF MOTION
(returnable December 2, 2009)

Ogilvy Renault LLP
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street, P.O. Box 84
Toronto, Ontario M5J 2Z4

**Derrick Tay LSUC#: 21152A**
Tel: (416) 216-4832
Email: dtay@ogilvyrenault.com

**Mario Forte LSUC#: 27293F**
Tel: (416) 216-4870
Email: mforte@ogilvyrenault.com

**Jennifer Stam LSUC #46735J**
Tel: (416) 216-2327
Email: jstam@ogilvyrenault.com
Fax: (416) 216-3930

Lawyers for the Applicants

DOCSTOR: 18185432

**TAB 2**

Court File No: 09-CL-7950

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL
NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL
CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED**

**AFFIDAVIT OF GEORGE RIEDEL**
**(sworn November 27, 2009)**

I, **George Riedel**, of the City of Boston in the State of Massachusetts, **MAKE OATH
AND SAY:**

1.      I am the Chief Strategy Officer of Nortel Networks Corporation ("NNC") and Nortel
Networks Limited ("NNL" and, together with NNC, Nortel Networks Technology Corporation,
Nortel Networks International Corporation and Nortel Networks Global Corporation, the
"Applicants") and have held those positions since February 2006. As such, I have personal
knowledge of the matters to which I hereinafter depose in this Affidavit. Where I do not possess
personal knowledge, I have stated the source of my information and, in all such cases, believe it
to be true. References to "Nortel" herein shall refer to the global enterprise as a whole.

2.      I swear this Affidavit in support of the Applicants' motion for an order, *inter alia*,
authorizing and approving the terms of a termination fee agreement dated as of November 24,
2009 by and among NNC, NNL, Nortel Networks Inc. ("NNI", and together with NNC and
NNL, the "Main Sellers") and Telefonaktiebolaget L M Ericsson (publ), as purchaser
("Ericsson" or the "Purchaser") (the "Fee Agreement") or, in the alternative, authorizing and

40

- 2 -

approving the transaction contemplated by an asset sale agreement dated as of November 24, 2009 (the "Sale Agreement[1]") by and among the Main Sellers, the Affiliates of the Main Sellers listed in Exhibit "A" to the Sale Agreement (together with the Main Sellers, the "Sellers"), and the Purchaser, in respect of certain North American Assets[2] relating to Nortel's GSM (as defined below) infrastructure business. Defined terms used herein that are not otherwise defined shall have the meanings ascribed to such terms in the Sale Agreement. Underlined terms between quotes shall have the meaning ascribed to them in the Bidding Procedures (as defined below). A copy of each of the Fee Agreement and Sale Agreement will be attached as appendices to the report that will be filed by Ernst & Young Inc. (the "Monitor") in connection with this motion.

3.      On January 14, 2009, this Honourable Court made an Initial Order granting a stay in the *Companies' Creditors Arrangement Act* ("CCAA") proceedings of the Applicants and appointing the Monitor in the CCAA proceedings.

4.      Also on January 14, 2009, NNI and certain of its U.S. subsidiaries (collectively, the "Chapter 11 Debtors"), made voluntary filings under Chapter 11 of the United States Bankruptcy Code (the "Code") (the "U.S. Proceedings").

5.      On the same date, this Honourable Court granted an Order pursuant to Section 18.6(4) of the CCAA recognizing the U.S. Proceedings as "foreign proceedings" in Canada and giving effect to the automatic stay under the Code in Canada.

6.      Additionally, at 8 p.m. (London time) on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates into administration under the control of individuals from Ernst & Young LLC.

7.      On May 28, 2009, the Commercial Court of Versailles, France (the "French Court"), ordered the commencement of secondary proceedings in respect of Nortel Network S.A. ("NNSA"),

---

[1] The Sale Agreement is one of two sale agreements that form the basis of a joint bid by Ericsson and Kapsch CarrierCom AG ("Kapsch") for substantially all of the assets relating to the GSM/GSM-R business of Nortel. The other sale agreement (the "EMEA Sale Agreement") was entered into amongst the EMEA Sellers, the Joint Administrators and Kapsch. The consummation of the transaction contemplated by the Sale Agreement is conditional on the completion of the transaction contemplated by the EMEA Sale Agreement and *vice versa*.
[2] The Assets also include certain laboratory equipment and other R&D assets and personal computers of Transferred Employees held or located in China.

41

- 3 -

8.      Further details regarding the background to these CCAA proceedings are set out in the affidavit of John Doolittle sworn January 14, 2009 previously filed in these proceedings, and further details regarding the bidding procedures relating to Nortel's GSM/GSM-R (as defined below) business (the "Business") are contained in my affidavit sworn on October 6, 2009, and, in each case, are not repeated herein.

**BACKGROUND**

9.      Global System for Mobile communications ("GSM") is a widely deployed wireless technology standard for mobile phone networks.  Nortel is a supplier of GSM networks to operators globally and works with such operators to implement various GSM products.  In this regard, Nortel develops, manufactures, tests, sells and supplies GSM access and core infrastructure, services and solutions. Also based on GSM technology is a variant of GSM for Railways ("GSM-R"), which provides a secure communications system for railways operators.

10.      Nortel has worked with more than 100 operators in over 65 countries to implement cost-effective, high-performance GSM/GPRS/EDGE networks. Nortel recently introduced Nortel Smart Power Management software, which, combined with other enhancements made to Nortel's GSM technology, makes today's Nortel GSM portfolio up to 50% more energy efficient than it was five years ago.   Nortel has more than 15 years experience with GSM-R mobile communications technology and currently provides GSM-R solutions on three continents. With several thousands of kilometres of rail tracks installed using Nortel's GSM-R products, Nortel is the leading GSM-R provider globally.

11.      As with Nortel's other assets and businesses, a review was undertaken with respect to the Business, which led to the conclusion that a sale of the assets relating to the Business was the best opportunity to maximize the value of those assets and reduce the continuing cost relating to their support and development.

12.      The bulk of the tangible assets related to the GSM/GSM-R business is located outside Canada, with the related intellectual property rights being held by NNL.

42

- 4 -

13.      On October 15, 2009, this Honourable Court made an order approving certain bidding procedures (the "Bidding Procedures") in connection with a bidding process for the GSM/GSM-R Business and related assets (the "Bidding Procedure Order").

14.      On the same date, the United States Bankruptcy Court for the District of Delaware (the "U.S. Court") also made an order approving the Bidding Procedures.

15.      On October 22, 2009, the French Court ordered that offers to purchase all or part of NNSA's business be submitted to it no later than November 18, 2009.

16.      The process contemplated by the Court-approved Bidding Procedures was one that is commonly referred to as an "open auction" process. These types of processes are designed to provide fair and equitable rules for the participants while at the same time allowing for flexibility.

17.      Pursuant to the process contemplated by the Bidding Procedures, Nortel indicated its preference to receive bids to convey all or substantially all of the GSM/GSM-R assets to a single buyer though it was prepared to entertain joint bids for all or substantially all of the assets from a team of two or more bidders bidding together.    The Bidding Procedures specifically contemplated the possibility of joint bids, provided they were not conditioned on the resolution of any interdependencies among the various assets or entry of a cooperation agreement or similar agreement among the various participants.

18.      The Bidding Procedures also indicated that Nortel did not intend to entertain bids that sought to exclude a material portion of the GSM/GSM-R assets in any significant jurisdiction.

## THE BIDDING PROCESS

19.      Following the granting of the Bidding Procedure Order by this Honourable Court and the corresponding Order by the U.S. Court, Nortel and its financial advisors proceeded to implement the bidding process contemplated by the Bidding Procedures.  A brief summary of the events that took place during the bidding process is provided below.  I am aware that the report of the Monitor filed in connection with this motion will contain further details on such events.

43

- 5 -

20.    Pursuant to the Bidding Procedures, the original "Bid Deadline" was set for 12:00 pm (Eastern) on November 5, 2009, and the original time for the "Auction" was scheduled for 9:30 am on November 9, 2009.

21.    Six (6) "Potential Bidders" satisfied the requirements of the Bidding Procedures in order to become "Qualified Bidders" and advance to the next stage of the bidding process.

22.    In accordance with the "Joint Bids" section of the Bidding Procedures (which provides that bidders interested in formulating a joint bid with one or more other bidders may not contact such other bidder(s) prior to obtaining consent from, *inter alia*, NNL and NNI), Ericsson and Kapsch sought permission to contact each other with a view to formulating a "Joint Bid".

23.    "Qualified Bidders" were afforded access to due diligence materials and information relating to the Business and related assets, including access to management personnel and on-site inspections.

24.    Nortel, directly and via its legal and financial advisors, was in continued contact with all "Qualified Bidders" and their respective advisors during the bidding process.

25.    In light of the status of Nortel's various divestiture activities and asset sales, Nortel determined on or about October 28, 2009, after discussions with interested parties including the "Qualified Bidders", that it was preferable to postpone the "Auction" to a later date than as originally planned.  As such, the "Bid Deadline" was postponed to 12:00 pm on November 16, 2009, and the "Auction" to 9:30 am on November 20, 2009.

26.    By the "Bid Deadline", Nortel received four (4) bids for the Business and related assets (collectively, the "Bids").  The Bids included a joint bid from Ericsson and Kapsch for substantially all of the GSM/GSM-R business and assets, single bids from two other bidders for substantially all of the GSM/GSM-R business and assets, and a bid from one bidder for the acquisition of the GSM-R assets, the GSM assets in Europe and certain of the GSM assets in North America.

27.    Following their receipt of the Bids, Nortel and its North American and European financial and legal advisors, proceeded with a thorough review and consideration of the form and substance of all Bids received by the "Bid Deadline".  Following this exercise, Nortel determined

44

- 6 -

that conversations with all bidders were required in order to clarify certain terms of their respective bids.

28.    Nortel then communicated with all bidders and commenced discussions to clarify and, if possible, improve the substantive terms of all Bids received.

29.    On or about November 22, 2009, all "Qualified Bidders" (except one bidder who informed Nortel in writing on November 21, 2009 that it was withdrawing from the process) were advised that their bid (either in its original form or as revised as a result of the discussions that had taken place) were deemed to be "Qualified Bids" and that further details regarding the "Auction" would follow shortly.

30.    On November 23, 2009, all "Qualified Bidders" were notified that the "Qualified Bid" submitted by Ericsson and Kapsch with an aggregate purchase price of US$81.5 million (the "E/K Bid") would be the starting bid at the "Auction", and that the "Auction" would start at 8:00 am on November 24, 2009. Copies of the E/K Bid were provided to the two other bidders.

31.    The E/K Bid was selected as the starting bid as it represented the best value for the Assets having regards to its terms and all factors enumerated in the Bidding Procedures, including, the purchase price, the number of employees proposed to be retained, the conditionality and the likelihood and timing of consummating a transaction.

32.    The Monitor was involved at all material times throughout the bidding process and Nortel has kept the official committee of unsecured creditors of NNI and the *ad hoc* bondholders committee apprised of all significant development in the process.

## THE AUCTION

33.    As contemplated by the Bidding Procedures, the "Auction" was held at the offices of Cleary Gottlieb Steen & Hamilton LLP. A brief summary of such auction is as follows:

   (a)    the auction commenced at approximately 8:00 am on November 24, 2009 at which time it was reiterated that the E/K Bid was the starting bid;

   (b)    the auction was then adjourned to allow bidders to work on the terms of revised bids; there was only one (1) round of bidding after which Ericsson and Kapsch

- 7 -

submitted a revised joint bid (the "Final Bid") in which they increased their aggregate purchase price from US$81.5 million to US$103 million[3], of which approximately US$70 million was ultimately attributed by Ericsson to the Assets;

(c)     No other bidder submitted a revised bid; and

(d)     The Final Bid was selected as the winning bid and the auction was adjourned pending signing of final documents, including the Sale Agreement.

## THE SALE AGREEMENT

34.     In addition to the terms set out in the Final Bid, there were a number of changes from the original E/K Bid to the final Sale Agreement, which served to both improve the terms and reduce the risk to the estate(s). I am aware that the report of the Monitor that will be filed in connection with this motion will contain a more comprehensive summary of the terms of the Sale Agreement. Some of the more significant terms of the Sale Agreement and certain related Ancillary Agreements are as follows:

### The Sale Agreement

35.     The Sale Agreement contemplates the sale of the Assets, on the following material terms:

(a)     *Purchase Price*. At the Closing, the Purchaser will pay to the Sellers, through its Distribution Agent, an estimated purchase price of US$70 million in cash, less the US$5 million good faith deposit paid by the Purchaser in accordance with the Bidding Procedures, and subject to certain net working capital adjustments (among other adjustments), plus the assumption of certain liabilities. The allocation of the aggregate purchase price between the Sale Agreement and the EMEA Sale Agreement was determined by Ericsson and Kapsch, and the Sellers and EMEA Sellers have agreed that it is not reflective of any agreed allocation amongst the Sellers and the EMEA Sellers.

(b)     *Assets*. The Assets to be acquired by the Purchaser include, among other things, certain (i) inventory and supplies, (ii) equipment, (iii) contracts, (iv) business

---

[3] Total consideration under both the Sale Agreement and the EMEA Sale Agreement.

46

- 8 -

information, (v) intellectual property (including claims against third parties for past, present or future infringement), (vi) rights under warranties, representations and guarantees by suppliers, manufacturers and contractors related to the Business or the Assets, (vii) governmental consents (to the extent assignable), and (viii) account receivables related to contracts in progress. The Assets to be acquired by the Purchaser exclude, among other things, certain cash and cash equivalents, accounts receivable (excluding account receivables related to contracts in progress), bank account balances and petty cash, certain assets and rights and refunds (including Tax refunds) relating to the pre-Closing period, security deposits provided by the Sellers to their contractual counterparties, any rights under any contracts (other than the Assigned Contracts), shares of any Person, and any assets owned by certain joint ventures of the Sellers.

(c)     *Assigned Contracts.*   The Purchaser will assume certain customer contracts associated with the Business. The Purchaser may also assume selected supplier contracts and certain other contracts identified by the Purchaser within certain prescribed time periods. The Sellers shall pay or provide for payment of all Cure Costs that have been expressly designated for assignment to the Purchaser in a schedule to the Sale Agreement, provided that the Purchaser shall pay for ½ of the first US$5 million and (ii) with respect to Cure Costs relating to contracts (which shall not be supplier contracts) the assignment of which is requested by the Purchaser after the signing of the Sale Agreement, the Purchaser shall pay for ½ of the first US$5 million and any excess over the first US $5 million.

(d)     *Sale Free and Clear.*   The Assets to be transferred by the Sellers will be transferred free and clear of all liens, claims and encumbrances, other than those expressly assumed by the Purchaser or otherwise expressly permitted under the Sale Agreement.

(e)     *Closing:*   Closing is to occur simultaneously with the completion of the transaction contemplated by the EMEA Sale Agreement, on the date which is five (5) business days after the satisfaction of all closing conditions, including (i) U.S. and Canadian bankruptcy court approvals, (ii) approval of the Committee on

47

- 9 -

Foreign Investment in the United States (CFIUS); and (iii) clearance by the Anti-monopoly Bureau of the Ministry of Commerce of the People's Republic of China.

(f) *Employees.* The Purchaser has agreed to make offers to at least 350 Nortel employees associated with the Business. The Sale Agreement provides that the Purchaser shall be entitled to make offers of employment to such employees after the later of the U.S. Sale Order and the Canadian Approval and Vesting Order. There are 9 employees of the Business located in Canada and 417 employees located in the United States.

36. As stated above, the Sale Agreement is conditional upon the approval of both the U.S. Court and this Court.

## The Intellectual Property License Agreement

37. The Intellectual Property License Agreement contemplates the license of certain of NNL's intellectual property (excluding trademarks) relating to GSM/GSM-R including: (i) intellectual property used in Nortel's GSM infrastructure business (including intellectual property used in the development of certain products and their natural evolutions) and controlled or exclusively owned by Nortel or any of its affiliates and (ii) that covers products or services under development by Nortel's GSM infrastructure business.

## The Transition Services Agreement

38. At the Closing, the Main Sellers and certain of their affiliates and the Purchaser will enter into a transition services agreement under which the Main Sellers and certain of their affiliates will agree to provide to the Purchaser certain information technology, business transition and related services, commencing at the Closing and continuing for a period not to exceed eighteen (18) months.

## The Interdependencies Letter

39. In light of the interdependencies between businesses, including the assets to be acquired by Ericsson and Kapsch pursuant to the Sale Agreement and the EMEA Sale Agreement, each of

U8

- 10 -

Ericsson and Kapsch agreed in favour of the Main Sellers and the UK Administrators, respectively, to be solely responsible for, and bear all risks (economic or otherwise) related to, such dependencies.

## THE FEE AGREEMENT

40.    As a condition to entering into the Sale Agreement, and in order to facilitate the transaction contemplated by the Sale Agreement, the Purchaser required that the Main Sellers enter into the Fee Agreement. The purpose of the Fee Agreement is to ensure that the Main Sellers take all necessary and reasonable steps to ensure that the Sale Agreement is approved by this Honourable Court and the U.S. Court in a timely manner.

41.    The Fee Agreement requires the Main Sellers to file motions with this Honourable Court and the U.S. Court for the approval of the Sale Agreement and related matters, within two (2) Business Days of the date of the Sale Agreement. The agreement also requires that the Main Sellers use reasonable best efforts to seek approval of the sale and related matters by this Honourable Court and the U.S. Court by December 2, 2009.

42.    Pursuant to the Fee Agreement, should the Main Sellers fail to perform their obligations and cure the resulting breach, the Main Sellers shall pay the Purchaser, as the sole and exclusive remedy of the Purchaser, a cash fee of US$3.09 million (the "Termination Fee").

43.    Alternatively, the Fee Agreement provides that to the extent that approval of the sale and related matters by this Honourable Court and the U.S. Court is granted prior to the approval of the Fee Agreement, then the Main Sellers are authorized to withdraw the motions seeking the approval of the Termination Fee. As such, to the extent that this Honourable Court and the U.S. Court approve the Sale Agreement on December 2, 2009, approval of the Fee Agreement will not be necessary.

44.    The Purchaser and its advisors have expended considerable time, energy and resources pursuing the purchase of the Assets, and have engaged in extended good faith negotiations. The entering into by the Sellers and the Purchaser of the Sale Agreement is the culmination of these efforts.

49

- 11 -

45.    I am of the view that the Fee Agreement, including the quantum of the Termination Fee, is reasonable in the circumstances and was necessary to incentivize the Purchaser to enter into the Sale Agreement.

## SEALING

46.    I am aware that the report of the Monitor that will be filed in connection with this motion will include one or more confidential appendices including, among other things, the disclosure schedules and exhibits to the Sale Agreement. These disclosure schedules and exhibits contain sensitive, competitive and, in some instances, personal information. I believe sealing these confidential appendices is appropriate in the circumstances.

## CONCLUSION

47.    I believe that the process undertaken by the Applicants, the Chapter 11 Debtors and their advisors, including with input from the official committee of unsecured creditors of NNI and the *ad hoc* bondholders committee, was in compliance with the Bidding Procedures and that maximum value for the Assets has been achieved. The open auction process created the flexibility required in order to maximize options and ultimate recovery.

48.    The bidding process was conducted by Nortel in consultation from its financial and legal advisors, the Monitor and several of its significant stakeholders and in accordance with the Bidding Procedures. The Auction resulted in a significantly increased purchase price as well as favourable changes reflected in the Sale Agreement as compared to the original bid submitted by Ericsson and Kapsch. I believe that the proposed transaction as set out in the Sale Agreement is the best offer available for the Assets. I also believe that the Fee Agreement is appropriate in the circumstances and was necessary in order to secure a transaction with Ericsson and Kapsch.

49.    I am aware that the report of the Monitor filed in connection with this motion will provide further details regarding the bidding process and the Sale Agreement.



- 12 -

**SWORN BEFORE ME** at the City of Boston in the State of Massachusetts on this 27th day of November, 2009.

_____
Commissioner for Taking Affidavits or
Notary Public

_____
George Riedel



MARK LOZIER
Notary Public
Commonwealth of Massachusetts
My Commission Expires
March 7, 2014

Court File No: 09-CL-7950

IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL
NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS
GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND
NORTEL NETWORKS TECHNOLOGY CORPORATION

*ONTARIO*
SUPERIOR COURT OF JUSTIC
(COMMERCIAL LIST)

Proceeding commenced at Toronto

AFFIDAVIT OF GEORGE RIED
(sworn November 27, 2009)

OGILVY RENAULT LLP
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street
P.O. Box 84
Toronto, Ontario  M5J 2Z4, Canada

Derrick Tay LSUC#: 21152A
Tel: (416) 216-4832
Email: dtay@ogilvyrenault.com

Mario Forte  LSUC#: 27293F
Tel: (416) 216-4870
Email: mforte@ogilvyrenault.com

Jennifer Stam LSUC #467335J
Tel: (416) 216-2327
Email: jstam@ogilvyrenault.com
Fax: (416) 216-3930
Lawyers for the Applicants

51

**TAB 3**

52

Court File No.: 09-CL-7950

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**COMMERCIAL LIST**

| | | |
|---|---|---|
| THE HONOURABLE MR. | ) | WEDNESDAY, THE 2ND |
| | ) | |
| JUSTICE MORAWETZ | ) | DAY OF DECEMBER, 2009 |

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,**
**R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF**
**NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,**
**NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS**
**INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY**
**CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,**
**R.S.C. 1985, c. C-36, AS AMENDED**

**APPROVAL OF TERMINATION FEE AGREEMENT**
**(GSM/GSM-R Business)**

THIS MOTION, made by Nortel Networks Corporation ("NNC"), Nortel Networks Limited ("NNL"), Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation (collectively, the "Applicants") for the relief set out in the Applicants' Notice of Motion dated November 26, 2009 including, the approval of the termination fee agreement (the "Fee Agreement") dated as of November 24, 2009 amongst NNC, NNL, Nortel Networks Inc. and Telefonaktiebolaget L M Ericsson (publ), and as appended to the ● report of Ernst & Young Inc., in its capacity as court-appointed monitor (the "Monitor") dated November ●, 2009 (the "● Report"), was heard this day at 393 University Avenue, Toronto, Ontario.

53

ON READING the affidavit of George Riedel sworn November 26, 2009 and the ● Report and on hearing the submissions of counsel for the Applicants, the Monitor and those other parties present, no one appearing for any other person on the service list, although properly served as appears from the affidavit of ● sworn November ●, 2009, filed:

1.     THIS COURT ORDERS that the time for the service of the Notice of Motion, the ● Report and the Motion Record is hereby abridged so that this Motion is properly returnable today and hereby dispenses with further service thereof.

2.     THIS COURT ORDERS AND DECLARES that the Fee Agreement is hereby approved.  The execution, delivery and performance of the Fee Agreement by NNC and NNL is hereby authorized and approved, and NNC and NNL are authorized and directed to perform their obligations under the Fee Agreement.

3.     THIS COURT ORDERS AND DECLARES that the Fee Agreement shall be binding on NNC and NNL, and shall not be repudiated, disclaimed or otherwise compromised in these proceedings.

4.     THIS COURT HEREBY REQUESTS the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada, the United States, the United Kingdom or elsewhere, to give effect to this Order and to assist the Applicants, the Monitor and their respective agents in carrying out the terms of this Order.  All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicants and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Monitor in any foreign proceeding, or to assist the Applicants and the Monitor and their respective agents in carrying out the terms of this Order.

5.     THIS COURT ORDERS that each of the Applicants and the Monitor be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order.

6.     THIS COURT ORDERS that the Confidential Appendices "●" and "●" to the ● Report be and are hereby sealed pending further Order of this Court.

_____

Court File No: 09-CL-7950

IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL
NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS
GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND
NORTEL NETWORKS TECHNOLOGY CORPORATION

*ONTARIO*
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

Proceeding commenced at Toronto

## APPROVAL OF TERMINATION FEE AGREEMENT
(GSM/GSM-R Business)

**OGILVY RENAULT LLP**
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street
P.O. Box 84
Toronto, Ontario M5J 2Z4

**Derrick Tay LSUC#: 21152A**
Tel: (416) 216-4832
Email: dtay@ogilvyrenault.com

**Mario Forte LSUC#: 27293F**
Tel: (416) 216-4870
Email: mforte@ogilvyrenault.com

**Jennifer Stam LSUC #46735J**
Tel: (416) 216-2327
Email: jstam@ogilvyrenault.com
Fax: (416) 216-3930

Lawyers for the Applicants

# TAB 4

*55*

Court File No.: 09-CL-7950

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE
### COMMERCIAL LIST

THE HONOURABLE MR.        )       WEDNESDAY, THE 2ND

                               )

JUSTICE MORAWETZ           )       DAY OF DECEMBER, 2009

### IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

### AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

### APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

### APPROVAL AND VESTING ORDER
### (GSM/GSM-R Business)

THIS MOTION, made by Nortel Networks Corporation ("NNC"), Nortel Networks Limited ("NNL"), Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation (collectively, the "Applicants") for the relief set out in the Applicants' Notice of Motion dated November ●, 2009 including, the approval of the sale transaction (the "Transaction") contemplated by an asset sale agreement dated as of November ●, 2009 (the "Sale Agreement") amongst NNC, NNL and Nortel Networks Inc. (collectively, the "Main Sellers") and the affiliates of the Main Sellers identified in the Sale Agreement as "Other Sellers" (and together with the Main Sellers (as defined in the

)

- 2 -

Sale Agreement), the "Sellers"), as vendors, and Telefonaktiebolaget L M Ericsson (publ), as purchaser (the "Purchaser"), in respect of the sale of certain assets relating to the Sellers' GSM and GSM-R business, and as appended to the ▪ Report of Ernst & Young Inc., in its capacity as court-appointed monitor (the "Monitor") dated ▪, 2009 (the "● Report"), and vesting in the Purchaser or any Designated Purchaser (as defined below), as applicable, all of the Applicants' right, title and interest in and to the Assets (as defined in the Sale Agreement) was heard this day at 393 University Avenue, Toronto, Ontario.

ON READING the affidavit of George Riedel sworn November ●, 2009 and the ● Report and on hearing the submissions of counsel for the Applicants, the Monitor and those other parties present, no one appearing for any other person on the service list, although properly served as appears from the affidavit of ● sworn November ●, 2009, filed:

1. THIS COURT ORDERS that the time for the service of the Notice of Motion, the ● Report and the Motion Record is hereby abridged so that this Motion is properly returnable today and hereby dispenses with further service thereof.

2. THIS COURT ORDERS that capitalized terms used herein and not otherwise defined shall have the meaning given to them in the Sale Agreement.

3. THIS COURT ORDERS AND DECLARES that subject to the approval of the Transaction and the Sale Agreement by the US Bankruptcy Court, the Transaction is hereby approved. The execution, delivery and performance of the Sale Agreement and the Ancillary Agreements by the Applicants party thereto is hereby authorized and approved, and the Applicants and the Monitor are hereby authorized and directed to take such additional steps and execute such additional documents as may be necessary or desirable for the completion of the Transaction and for the conveyance of the Applicants' right, title and interest in and to the Assets to the Purchaser or any Designated Purchaser (as defined below), as applicable.

4. THIS COURT ORDERS AND DECLARES that the Applicants are authorized and directed to perform their obligations under the Sale Agreement and each of the Ancillary Agreements.

- 3 -

5.     THIS COURT ORDERS AND DECLARES that the Sale Agreement and the Ancillary Agreements shall be binding on the Applicants that are party thereto, and shall not be repudiated, disclaimed or otherwise compromised in these proceedings.

6.     THIS COURT ORDERS AND DECLARES that upon the delivery of a Monitor's certificate to the Purchaser substantially in the form attached as Schedule "A" hereto (the "Monitor's Certificate"), all of the Applicants' right, title and interest in and to the Assets shall vest absolutely in the Purchaser or any Designated Purchaser, as more particularly set out in the conveyance documents delivered by the Purchaser or any Designated Purchaser at Closing pursuant to the Sale Agreement, free and clear of and from any and all security interests (whether contractual, statutory, or otherwise), hypothecs, mortgages, trusts or deemed trusts (whether contractual, statutory, or otherwise), liens, executions, levies, charges, or other financial or monetary claims, whether or not they have attached or been perfected, registered or filed and whether secured, unsecured or otherwise (collectively, the "Claims") including, without limiting the generality of the foregoing: (i) any encumbrances or charges created by the Orders made in these proceedings including the Order of the Honourable Justice Morawetz dated January 14, 2009 (as amended and restated); (ii) all charges, security interests or claims evidenced by registrations pursuant to the *Personal Property Security Act* (Ontario) or any other personal property registry system; excluding only Permitted Encumbrances and those Claims expressly assumed in writing by the Purchaser under the Sale Agreement.

7.     THIS COURT ORDERS that for the purposes of determining the nature and priority of Claims, the net proceeds from the sale of the Applicants' right, title and interest in and to the Assets shall stand in the place and stead of the Assets, and that from and after the delivery of the Monitor's Certificate all Claims shall attach to the net proceeds from the sale of the Applicants' right, title and interest in and to the Assets with the same priority as they had with respect to the Assets immediately prior to the sale, as if the Assets had not been sold and remained in the possession or control of the person having that possession or control immediately prior to the sale.

8.     THIS COURT ORDERS that all proceeds of the Transaction, subject to the price adjustments and the Purchaser's rights under the Sale Agreement and less applicable transfer or value added taxes incurred by the Sellers, and, to the extent agreed by the Sellers, any transaction

- 4 -

costs, shall be deposited into an Escrow Account (as such term is defined in the Interim Funding and Settlement Agreement entered into on June 9, 2009 (the "IFA")), and such proceeds shall not be distributed in advance of either (i) agreement by all of the Sellers as to the distribution of such proceeds (in accordance with Section 12.g. of the IFA) or (ii) in the case where the Sellers fail to reach such agreement, determination by the relevant dispute resolver(s) in accordance with the terms of the Interim Sales Protocol (as such term is defined in the IFA and subject to the requirements of Section 12.g of the IFA), which Interim Sales Protocol shall be approved by this Court.

9.      THIS COURT ORDERS AND DIRECTS the Monitor to file with the Court a copy of the Monitor's Certificate, forthwith after delivery thereof.

10.     THIS COURT ORDERS that the Purchaser is hereby authorized in connection with the consummation of the Transaction to allocate the Assets among its affiliates, designees, assignees, and/or successors, including any Designated Purchaser as defined in the Sale Agreement (each, for the purposes of this Order, a "Designated Purchaser"), in a manner as it in its sole discretion deems appropriate and to assign, lease, sublease, license, sublicense, transfer or otherwise dispose of any of the Assets to any Designated Purchaser, in each case with all of the rights and protections accorded to the Purchaser under this Order and the Sale Agreement as if it were the named Purchaser under the Sale Agreement, and the Applicants shall cooperate with and take all actions reasonably requested by the Purchaser or any Designated Purchaser to effectuate any of the foregoing; provided, however, the Applicants shall be reimbursed by the Purchaser for any reasonable expenses in connection therewith.

11.     THIS COURT ORDERS that, to the extent permitted by law, neither the Purchaser nor any Designated Purchaser shall be a successor to any of the Applicants, and neither the Purchaser nor any Designated Purchaser shall assume any liability of the Applicants, other than as expressly provided for in the Sale Agreement.

12.     THIS COURT ORDERS that, notwithstanding:

        (a)     the pendency of these proceedings;

- 5 -

(b)     any applications for a bankruptcy order now or hereafter issued pursuant to the *Bankruptcy and Insolvency Act* (Canada) in respect of any of the Applicants and any bankruptcy order issued pursuant to any such applications; and

(c)     any assignment in bankruptcy made in respect of any of the Applicants;

the vesting of the Assets in the Purchaser or any Designated Purchaser, as applicable, pursuant to this Order shall be binding on any trustee in bankruptcy that may be appointed in respect of the Applicants and shall not be void or voidable by creditors of the Applicants, nor shall it constitute nor be deemed to be a settlement, fraudulent preference, preference, assignment, fraudulent conveyance, transfer at undervalue or other reviewable transaction under the *Bankruptcy and Insolvency Act* (Canada) or any other applicable federal or provincial legislation, nor shall it constitute oppressive or unfairly prejudicial conduct pursuant to any applicable federal or provincial legislation.

13.     THIS COURT ORDERS AND DECLARES that the Transaction is exempt from the application of the *Bulk Sales Act* (Ontario).

14.     THIS COURT HEREBY REQUESTS the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada, the United States, the United Kingdom or elsewhere, to give effect to this Order and to assist the Applicants, the Monitor and their respective agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicants and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Monitor in any foreign proceeding, or to assist the Applicants and the Monitor and their respective agents in carrying out the terms of this Order.

15.     THIS COURT ORDERS that each of the Applicants and the Monitor be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order.

- 6 -

16.     THIS COURT ORDERS that the Confidential Appendices "●" and "●" to the ● Report be and are hereby sealed pending further Order of this Court.

.

_____

*61*

**Schedule A – Form of Monitor's Certificate**

Court File No.: 09-CL-7950

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**COMMERCIAL LIST**

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,**
**R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF**
**NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,**
**NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS**
**INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY**
**CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,**
**R.S.C. 1985, c. C-36, AS AMENDED**

**MONITOR'S CERTIFICATE**
**(GSM/GSM-R Business)**

**RECITALS**

A. Pursuant to an Order of the Honourable Justice Morawetz of the Ontario Superior Court of Justice (the "Court") dated January 14, 2009 (as amended and restated), Nortel Networks Corporation ("NNC"), Nortel Networks Limited ("NNL" ), Nortel Networks Global Corporation, Nortel Networks International Corporation and Nortel Networks Technology Corporation (collectively, the "Applicants") commenced proceedings pursuant to the *Companies' Creditors Arrangements Act* (Canada) and Ernst & Young Inc. was appointed as monitor (the "Monitor") in these proceedings.

B. Pursuant to an Order of the Court dated December 2, 2009, the Court approved an asset sale agreement dated as of November ●, 2009 (the "Sale Agreement") amongst NNC, NNL and Nortel Networks Inc. (collectively, the "Main Sellers") and the affiliates of the Main Sellers identified in the Sale Agreement as "Other Sellers" (and together with the Main Sellers (as defined in the Sale

62

Agreement), the "Sellers"), and Telefonaktiebolaget L M Ericsson (publ), as purchaser (the "Purchaser"), and provided for the vesting in the Purchaser or any Designated Purchaser (as defined in the Sale Agreement), as applicable, of all of the Applicants' right, title and interest in and to the Assets, which vesting is to be effective with respect to the Applicants' Assets upon the delivery by the Monitor to the Purchaser of a certificate confirming (i) the payment by the Purchaser of the Purchase Price as set out in the Sale Agreement; (ii) that the conditions to Closing as set out in Article VIII of the Sale Agreement have been satisfied or waived by the Applicants and the Purchaser; and (iii) the Applicants have advised the Monitor that the Transaction has been completed to the satisfaction of the Applicants.

C.     Unless otherwise indicated herein, terms with initial capitals have the meanings set out in the Sale Agreement.

THE MONITOR CERTIFIES the following:

1.     NNC and NNL have advised the Monitor that the Purchaser has paid and [the Escrow Agent] has received the Purchase Price payable on the Closing Date pursuant to the terms of the Sale Agreement;

2.     NNC and NNL have advised the Monitor that the conditions to Closing as set out in Article VIII of the Sale Agreement have been satisfied or waived by the Applicants and the Purchaser; and

3.     NNC and NNL have advised the Monitor that the Transaction has been completed to the satisfaction of the Applicants.

This Certificate was delivered by the Monitor at _____ [TIME] on _____ 20••.

> **Ernst & Young Inc. in its capacity as monitor in the CCAA proceedings of Nortel Networks Corporation, et. al. and not in its personal capacity**
>
> Per:    _____
>
>          Name:
>          Title:

Court File No: 09-CL-7950

IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL
NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS
GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND
NORTEL NETWORKS TECHNOLOGY CORPORATION

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

Proceeding commenced at Toronto

**APPROVAL AND VESTING ORDER**
**GSM/GSM-R Business**

**OGILVY RENAULT LLP**
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street
P.O. Box 84
Toronto, Ontario  M5J 2Z4

**Derrick Tay LSUC#: 21152A**
Tel: (416) 216-4832
Email: dtay@ogilvyrenault.com

**Mario Forte  LSUC#: 27293F**
Tel: (416) 216-4870
Email: mforte@ogilvyrenault.com

**Jennifer Stam LSUC #46735J**
Tel: (416) 216-2327
Email: jstam@ogilvyrenault.com
Fax: (416) 216-3930

Lawyers for the Applicants

DOCSTOR: 1816226\3

# TAB 5

DOCSTOR: 1208196272611 3

θ⁴

Court File No. ————; 09-CL-7950

## *ONTARIO*
## SUPERIOR COURT OF JUSTICE
## COMMERCIAL LIST

| | | |
|---|---|---|
| THE HONOURABLE MR. | ) | WEDNESDAY, THE 2ND |
| | ) | |
| JUSTICE MORAWETZ | ) | DAY OF DECEMBER, 2009 |

| | | |
|---|---|---|
| ~~THE HONOURABLE~~ ——— | ) | ——— ~~DAY, THE~~ —— ~~DAY~~ |
| | ) | |
| ~~JUSTICE~~ ————— | ) | ~~OF~~ ————— ~~, 2007~~ |

~~B E T W E E N:~~

~~PLAINTIFF~~

~~Plaintiff~~

~~– and –~~

~~DEFENDANT~~

~~Defendant~~

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,
NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS
INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY
CORPORATION

APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED

DOCSTOR: 1208196272611-2

2

## APPROVAL AND VESTING ORDER
## (GSM/GSM-R Business)

THIS MOTION, made by [RECEIVER'S NAME] in its capacity as the Court-appointed interim receiver and receiver (the "Receiver") of the undertaking, property and assets of [DEBTOR] (the "Debtor") for an order approvingNortel Networks Corporation ("NNC"), Nortel Networks Limited ("NNL"), Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation (collectively, the "Applicants") for the relief set out in the Applicants' Notice of Motion dated November ●, 2009 including, the approval of the sale transaction (the ""Transaction"") contemplated by an asset sale agreement of purchase and sale (the "Sale Agreement") between the Receiver and [NAME OF PURCHASER] (the "Purchaser") made as of [DATE] anddated as of November ●, 2009 (the "Sale Agreement") amongst NNC, NNL and Nortel Networks Inc. (collectively, the "Main Sellers") and the affiliates of the Main Sellers identified in the Sale Agreement as "Other Sellers" (and together with the Main Sellers (as defined in the Sale Agreement), the "Sellers"), as vendors, and Telefonaktiebolaget L M Ericsson (publ), as purchaser (the "Purchaser"), in respect of the sale of certain assets relating to the Sellers' GSM and GSM-R business, and as appended to the ● Report of the Receiver dated [DATE] (the "Ernst & Young Inc., in its capacity as court-appointed monitor (the "Monitor") dated ●, 2009 (the "● Report"), and vesting in the Purchaser the Debtor'sor any Designated Purchaser (as defined below), as applicable, all of the Applicants' right, title and interest in and to the assets describedAssets (as defined in the Sale Agreement (the "Purchased Assets");) was heard this day at 3230 University Avenue, Toronto, Ontario.

ON READING the affidavit of George Riedel sworn November ●, 2009 and the ● Report and on hearing the submissions of counsel for the Receiver, [NAMES OF OTHER PARTIES APPEARING]Applicants, the Monitor and those other parties present, no one appearing for any other person on the service list, although properly served as appears from the affidavit of [NAME]● sworn [DATE]November ●, 2009, filed[1]:

---

[1] This model order assumes that the time for service does not need to be abridged. The motion seeking a vesting order should be served on all persons having an economic interest in the Purchased Assets, unless circumstances warrant a different approach.

DOCSTOR: 12081962726\1\3

UU

3

1.    THIS COURT ORDERS that the time for the service of the Notice of Motion, the ● Report and the Motion Record is hereby abridged so that this Motion is properly returnable today and hereby dispenses with further service thereof.

2.    THIS COURT ORDERS that capitalized terms used herein and not otherwise defined shall have the meaning given to them in the Sale Agreement.

3.    THIS COURT ORDERS AND DECLARES that subject to the approval of the Transaction and the Sale Agreement by the US Bankruptcy Court, the Transaction is hereby approved, and that the Sale Agreement is commercially reasonable and in the best interests of the Debtor and its stakeholders. The execution, delivery and performance of the Sale Agreement and the Ancillary Agreements by the Receiver[2]Applicants party thereto is hereby authorized and approved, and the Receiver isApplicants and the Monitor are hereby authorized and directed to take such additional steps and execute such additional documents as may be necessary or desirable for the completion of the Transaction and for the conveyance of the PurchasedApplicants' right, title and interest in and to the Assets to the Purchaser or any Designated Purchaser (as defined below), as applicable.

4.    THIS COURT ORDERS AND DECLARES that the Applicants are authorized and directed to perform their obligations under the Sale Agreement and each of the Ancillary Agreements.

5.    THIS COURT ORDERS AND DECLARES that the Sale Agreement and the Ancillary Agreements shall be binding on the Applicants that are party thereto, and shall not be repudiated, disclaimed or otherwise compromised in these proceedings.

6.    2. THIS COURT ORDERS AND DECLARES that upon the delivery of a ReceiverMonitor's certificate to the Purchaser substantially in the form attached as Schedule "A" hereto (the "ReceiverMonitor's Certificate"), all of the Debtor'sApplicants' right, title and interest in and to the Purchased Assets described in the Sale Agreement [and listed on Schedule B hereto][3]Assets shall vest absolutely in the Purchaser or any Designated Purchaser, as more

[2] In some cases, the Debtor will be the vendor under the Sale Agreement, or otherwise actively involved in the Transaction. In those cases, care should be taken to ensure that this Order authorizes either or both of the Debtor and the Receiver to execute and deliver documents, and take other steps.

[3] To allow this Order to be free-standing (and not require reference to the Court record and/or the Sale Agreement), it may be preferable that the Purchased Assets be specifically described in a Schedule.

DOCSTOR: 1208195272\1+3

6 7

4

particularly set out in the conveyance documents delivered by the Purchaser or any Designated Purchaser at Closing pursuant to the Sale Agreement, free and clear of and from any and all security interests (whether contractual, statutory, or otherwise), hypothecs, mortgages, trusts or deemed trusts (whether contractual, statutory, or otherwise), liens, executions, levies, charges, or other financial or monetary claims, whether or not they have attached or been perfected, registered or filed and whether secured, unsecured or otherwise (collectively, the "Claims"[4]) including, without limiting the generality of the foregoing:  (i) any encumbrances or charges created by the Orders made in these proceedings including the Order of the Honourable Justice [NAME]Morawetz dated [DATE]January 14, 2009 (as amended and restated); (ii) all charges, security interests or claims evidenced by registrations pursuant to the *Personal Property Security Act* (Ontario) or any other personal property registry system; excluding only Permitted Encumbrances and (iii) those Claims listed on Schedule C hereto (all of which are collectively referred to as the "Encumbrances", which term shall not include the permitted encumbrances, easements and restrictive covenants listed on Schedule D) and, for greater certainty, this Court orders that all of the Encumbrances affecting or relating to the Purchased Assets are hereby expunged and discharged as against the Purchased Assets.

3.    THIS COURT ORDERS that upon the registration in the Land Registry Office for the [Registry Division of {LOCATION} of a Transfer/Deed of Land in the form prescribed by the *Land Registration Reform Act* duly executed by the Receiver][Land Titles Division of {LOCATION} of an Application for Vesting Order in the form prescribed by the *Land Titles Act* and/or the *Land Registration Reform Act*][5], the Land Registrar is hereby directed to enter the Purchaser as the owner of the subject real property identified in Schedule B hereto (the "Real Property") in fee simple, and is hereby directed to delete and expunge from title to the Real Property all of the Claims listed in Schedule C hereto.those Claims expressly assumed in writing by the Purchaser under the Sale Agreement.

---

[4] The "Claims" being vested out may, in some cases, include ownership claims, where ownership is disputed and the dispute is brought to the attention of the Court. Such ownership claims would, in that case, still continue as against the net proceeds from the sale of the claimed asset. Similarly, other rights, titles or interests could also be vested out, if the Court is advised what rights are being affected, and the appropriate persons are served. It is the Subcommittee's view that a non-specific vesting out of "rights, titles and interests" is vague and therefore undesirable.

[5] Elect the language appropriate to the land registry system (Registry vs. Land Titles).

DOCSTOR: 1208196272G\13

68

5

7.    4. THIS COURT ORDERS that for the purposes of determining the nature and priority of Claims, the net proceeds[6] from the sale of the ~~Purchased~~Applicants' right, title and interest in and to the Assets shall stand in the place and stead of the ~~Purchased~~ Assets, and that from and after the delivery of the ~~Receiver~~Monitor's Certificate all Claims ~~and Encumbrances~~ shall attach to the net proceeds from the sale of the ~~Purchased~~Applicants' right, title and interest in and to the Assets with the same priority as they had with respect to the ~~Purchased~~ Assets immediately prior to the sale[7], as if the ~~Purchased~~ Assets had not been sold and remained in the possession or control of the person having that possession or control immediately prior to the sale.

8.    5. THIS COURT ORDERS that all proceeds of the Transaction, subject to the price adjustments and the Purchaser's rights under the Sale Agreement and less applicable transfer or value added taxes incurred by the Sellers, and, to the extent agreed by the Sellers, any transaction costs, shall be deposited into an Escrow Account (as such term is defined in the Interim Funding and Settlement Agreement entered into on June 9, 2009 (the "IFA")), and such proceeds shall not be distributed in advance of either (i) agreement by all of the Sellers as to the distribution of such proceeds (in accordance with Section 12.g. of the IFA) or (ii) in the case where the Sellers fail to reach such agreement, determination by the relevant dispute resolver(s) in accordance with the terms of the Interim Sales Protocol (as such term is defined in the IFA and subject to the requirements of Section 12.g of the IFA), which Interim Sales Protocol shall be approved by this Court.

9.    THIS COURT ORDERS AND DIRECTS the ~~Receiver~~Monitor to file with the Court a copy of the ~~Receiver~~Monitor's Certificate, forthwith after delivery thereof.

~~6.    THIS COURT ORDERS that, pursuant to clause 7(3)(e) of the Canada *Personal Information Protection and Electronic Documents Act*, the Receiver is authorized and permitted to disclose and transfer to the Purchaser all human resources and payroll information in the Company's records pertaining to the Debtor's past and current employees, including personal information of those employees listed on Schedule "●" to the Sale Agreement.  The Purchaser~~

---

[6] ~~The Report should identify the disposition costs and any other costs which should be paid from the gross sale proceeds, to arrive at "net proceeds".~~

[7] ~~This provision crystallizes the date as of which the Claims will be determined.  If a sale occurs early in the insolvency process, or potentially secured claimants may not have had the time or the ability to register or perfect proper claims prior to the sale, this provision may not be appropriate, and should be amended to remove this crystallization concept.~~

DOCSTOR: 12081962726\4\3

6

~~shall maintain and protect the privacy of such information and shall be entitled to use the personal information provided to it in a manner which is in all material respects identical to the prior use of such information by the Debtor.~~

10. THIS COURT ORDERS that the Purchaser is hereby authorized in connection with the consummation of the Transaction to allocate the Assets among its affiliates, designees, assignees, and/or successors, including any Designated Purchaser as defined in the Sale Agreement (each, for the purposes of this Order, a "Designated Purchaser"), in a manner as it in its sole discretion deems appropriate and to assign, lease, sublease, license, sublicense, transfer or otherwise dispose of any of the Assets to any Designated Purchaser, in each case with all of the rights and protections accorded to the Purchaser under this Order and the Sale Agreement as if it were the named Purchaser under the Sale Agreement, and the Applicants shall cooperate with and take all actions reasonably requested by the Purchaser or any Designated Purchaser to effectuate any of the foregoing; provided, however, the Applicants shall be reimbursed by the Purchaser for any reasonable expenses in connection therewith.

11. THIS COURT ORDERS that, to the extent permitted by law, neither the Purchaser nor any Designated Purchaser shall be a successor to any of the Applicants, and neither the Purchaser nor any Designated Purchaser shall assume any liability of the Applicants, other than as expressly provided for in the Sale Agreement.

12. ~~7.~~ THIS COURT ORDERS that, notwithstanding:

   (a)    the pendency of these proceedings;

   (b)    any applications for a bankruptcy order now or hereafter issued pursuant to the *Bankruptcy and Insolvency Act* (Canada) in respect of any of the ~~Debtor~~Applicants and any bankruptcy order issued pursuant to any such applications; and

   (c)    any assignment in bankruptcy made in respect of any of the ~~Debtor~~Applicants;

DOCSTOR: ~~1208196272~~6\1~~1~~3

7

the vesting of the ~~Purchased~~ Assets in the Purchaser <u>or any Designated Purchaser, as applicable,</u> pursuant to this Order shall be binding on any trustee in bankruptcy that may be appointed in respect of the ~~Debtor~~<u>Applicants</u> and shall not be void or voidable by creditors of the ~~Debtor~~<u>Applicants</u>, nor shall it constitute nor be deemed to be a settlement, fraudulent preference, <u>preference,</u> assignment, fraudulent conveyance, <u>transfer at undervalue</u> or other reviewable transaction under the *Bankruptcy and Insolvency Act* (Canada) or any other applicable federal or provincial legislation, nor shall it constitute oppressive or unfairly prejudicial conduct pursuant to any applicable federal or provincial legislation.[8]

<u>13.</u>    ~~8.~~ THIS COURT ORDERS AND DECLARES that the Transaction is exempt from the application of the *Bulk Sales Act* (Ontario).

<u>14.</u>    ~~9.~~ THIS COURT HEREBY REQUESTS the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada ~~or in~~<u>,</u> the United States, <u>the United Kingdom or elsewhere,</u> to give effect to this Order and to assist the ~~Receiver and its~~<u>Applicants, the Monitor and their respective</u> agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the ~~Receiver~~<u>Applicants and to the Monitor</u>, as an officer of this Court, as may be necessary or desirable to give effect to this Order, <u>to grant representative status to the Monitor in any foreign proceeding,</u> or to assist the ~~Receiver and its~~<u>Applicants and the Monitor and their respective</u> agents in carrying out the terms of this Order.

<u>15.    THIS COURT ORDERS that each of the Applicants and the Monitor be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order.</u>

<u>16.    THIS COURT ORDERS that the Confidential Appendices "●" and "●" to the ● Report be and are hereby sealed pending further Order of this Court.</u>

---

[8] ~~Please note that an appeal is pending before the Ontario Court of Appeal (Impact Tool & Mould Inc. (Re), Court of Appeal file no. C47464), in which the appellant has challenged whether the Court can make the type of declaratory relief set out in this paragraph.~~

DOCSTOR: ~~12081962726~~\1\3

71

**Schedule A – Form of ~~Receiver~~Monitor's Certificate**

Court File No.~~—————~~: 09-CL-7950

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE
### COMMERCIAL LIST

~~B E T W E E N:~~

**~~PLAINTIFF~~**

~~Plaintiff~~

~~–and–~~

**~~DEFENDANT~~**

~~Defendant~~

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,
NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS
INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY
CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED**

**~~RECEIVER~~MONITOR'S CERTIFICATE
(GSM/GSM-R Business)**

**RECITALS**

A.      Pursuant to an Order of the Honourable ~~[NAME OF JUDGE]~~Justice Morawetz of the Ontario Superior Court of Justice (the "Court") dated ~~[DATE OF ORDER], [NAME OF RECEIVER] was~~

DOCSTOR: 1208196272611-1

-2-

~~appointed as the interim receiver and receiver (the "Receiver") of the undertaking, property and assets of [DEBTOR] (the "Debtor")~~January 14, 2009 (as amended and restated), Nortel Networks Corporation ("NNC"), Nortel Networks Limited ("NNL"), Nortel Networks Global Corporation, Nortel Networks International Corporation and Nortel Networks Technology Corporation (collectively, the "Applicants") commenced proceedings pursuant to the *Companies' Creditors Arrangements Act* (Canada) and Ernst & Young Inc. was appointed as monitor (the "Monitor") in these proceedings.

B.    Pursuant to an Order of the Court dated ~~[DATE]~~December 2, 2009, the Court approved the~~an~~ asset sale agreement ~~of purchase and sale made as of [DATE OF AGREEMENT] (the "Sale Agreement") between the Receiver [Debtor] and [NAME OF PURCHASER] (the "Purchaser")~~dated as of November ●, 2009 (the "Sale Agreement") amongst NNC, NNL and Nortel Networks Inc. (collectively, the "Main Sellers") and the affiliates of the Main Sellers identified in the Sale Agreement as "Other Sellers" (and together with the Main Sellers (as defined in the Sale Agreement), the "Sellers"), and Telefonaktiebolaget L M Ericsson (publ), as purchaser (the "Purchaser"), and provided for the vesting in the Purchaser ~~of the Debtor's~~or any Designated Purchaser (as defined in the Sale Agreement), as applicable, of all of the Applicants' right, title and interest in and to the ~~Purchased~~ Assets, which vesting is to be effective with respect to the ~~Purchased~~Applicants' Assets upon the delivery by the ~~Receiver~~Monitor to the Purchaser of a certificate confirming (i) the payment by the Purchaser of the Purchase Price ~~for~~as set out in the ~~Purchased Assets~~Sale Agreement; (ii) that the conditions to Closing as set out in ~~section ●~~Article VIII of the Sale Agreement have been satisfied or waived by the ~~Receiver~~Applicants and the Purchaser; and (iii) the Applicants have advised the Monitor that the Transaction has been completed to the satisfaction of the ~~Receiver~~Applicants.

C.    Unless otherwise indicated herein, terms with initial capitals have the meanings set out in the Sale Agreement.

THE ~~RECEIVER~~MONITOR CERTIFIES the following:

1.    ~~The~~NNC and NNL have advised the Monitor that the Purchaser has paid and [the ~~Receiver~~Escrow Agent] has received the Purchase Price ~~for the Purchased Assets~~payable on the Closing Date pursuant to the terms of the Sale Agreement;

DOCSTOR: 1208196~2726\1~3

- 2 -

2.    ~~The~~NNC and NNL have advised the Monitor that the conditions to Closing as set out in ~~section~~ ~~●~~Article VIII of the Sale Agreement have been satisfied or waived by the ~~Receiver~~Applicants and the Purchaser; and

3.    ~~The~~NNC and NNL have advised the Monitor that the Transaction has been completed to the satisfaction of the ~~Receiver~~Applicants.

4.    This Certificate was delivered by the ~~Receiver~~Monitor at _____ [TIME] on _____ ~~[DATE]~~20••.


                                    **~~[NAME OF RECEIVER],~~Ernst & Young Inc.**
                                    **in its capacity as ~~Receiver of the undertaking,~~**
                                    **~~property and assets of [DEBTOR],~~monitor in**
                                    **the CCAA proceedings of Nortel Networks**
                                    **Corporation, et. al. and not in its personal**
                                    **capacity**

                                    Per:    _____

                                            Name:

                                            Title:

DOCSTOR: 1268196272\1\1\3

Court File No. 09-CL-7950

IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

Proceeding commenced at Toronto

**APPROVAL AND VESTING ORDER**
**GSM/GSM-R Business**

OGILVY RENAULT LLP
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street
P.O. Box 84
Toronto, Ontario M5J 2Z4

Derrick Tay          LSUC#: 21152A
Tel: (416) 216-4832
Email: dtay@ogilvyrenault.com

Mario Forte          LSUC#: 27293F
Tel: (416) 216-4870
Email: mforte@ogilvyrenault.com

Jennifer Stam        LSUC #46735J
Tel: (416) 216-2327
Email: jstam@ogilvyrenault.com
Fax: (416) 216-3930

Lawyers for the Applicants

Schedule B – Purchased Assets

~~Schedule C – Claims to be deleted and expunged from title to Real Property~~

76

Schedule D — Permitted Encumbrances, Easements and Restrictive Covenants
related to the Real Property

(unaffected by the Vesting Order)

DOCSTOR: 1781962726#1

Court File No: 09-CL-7950

IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

*ONTARIO*
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

Proceeding commenced at Toronto

MOTION RECORD
Approval and Vesting Order
GSM/GSM-R Business
(returnable December 2, 2009)

OGILVY RENAULT LLP
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street
P.O. Box 84
Toronto, Ontario M5J 2Z4

Derrick Tay LSUC#: 21152A
Tel: (416) 216-4832
Email: dtay@ogilvyrenault.com

Mario Forte LSUC#: 27293F
Tel: (416) 216-4870
Email: mforte@ogilvyrenault.com

Jennifer Stam LSUC #46735J
Tel: (416) 216-2327
Email: jstam@ogilvyrenault.com
Fax: (416) 216-3930

Lawyers for the Applicants