**Exhibit A**

**EXECUTION VERSION**

## AMENDMENT NO. 1

## TO THE TRANSACTION AGREEMENT

AMENDMENT NO. 1, dated as of November 27, 2009 (this "Amendment No. 1"), to the Transaction Agreement, dated as of October 25, 2009 (as amended, supplemented or otherwise modified from time to time, the "Agreement") by and among Nortel Networks Limited ("NNL"), Nortel Networks Inc. ("NNI" and, together with NNL, the "Sellers") and Hitachi, Ltd. (the "Purchaser" and, together with the Sellers, the "Parties").

WHEREAS, the Parties wish to amend the Agreement (i) to make Nortel Networks Technology Corporation ("NNTC") a party thereto and Seller thereunder to reflect the fact that NNTC is the owner of and desires to sell to the Purchaser or Designated Purchaser, as applicable, certain of the Transferred Tangible Assets and (ii) to revise the Transferred Tangible Assets to include certain omitted tangible assets, remove certain duplicated tangible assets, and remove certain tangible assets for other reasons;

WHEREAS, NNTC has received a copy of the Agreement and desires to become a party to the Agreement and Seller thereunder and to sell to the Purchaser or Designated Purchaser, as applicable, the Transferred Tangible Assets owned by it;

WHEREAS, NNTC is one of the Canadian Debtors that filed for and was granted protection in the CCAA Cases; and

WHEREAS, pursuant to Section 10.4 of the Agreement, the Agreement may be amended pursuant to a written agreement among the Parties;

NOW, THEREFORE, in consideration of the premises herein, and for other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties hereby agree as follows:

1. Definitions. Unless otherwise defined herein or amended hereby, capitalized terms used herein which are defined in the Agreement, as amended at any time and from time to time hereafter, shall have the meanings ascribed to them in the Agreement.

2. Nortel Networks Technology Corporation.

    (a) Each of the Parties and NNTC hereby agrees that:

        (i) NNTC shall be a Seller under the Agreement, with all of the rights, benefits, obligations and liabilities of a Seller thereunder, and shall observe and be bound by the terms and conditions thereof, as if a party thereto, and all of the provisions of the Agreement shall be binding upon NNTC and shall enure to the benefit of and be binding upon NNTC's successors and permitted assigns; and

1

    (ii)    any notice or document to have been delivered to or obtained by the Sellers prior to the date hereof shall be deemed to have been delivered to or obtained by NNTC if delivered to or obtained by the other Sellers prior to the date hereof in accordance with the terms of the Agreement.

(b)     The preamble is hereby amended and restated to read in its entirety as follows:

"This Transaction Agreement is dated as of October 25, 2009, among Nortel Networks Limited, a corporation organized under the laws of Canada ("**NNL**"), Nortel Networks Inc., a corporation organized under the laws of Delaware ("**NNI**"), Nortel Networks Technology Corporation, a corporation organized under the laws of Canada ("**NNTC**" and, together with NNL and NNI, the "**Sellers**"), and Hitachi, Ltd., a corporation organized under the laws of Japan (the "**Purchaser**")."

(c)     The second recital is hereby amended and restated to read in its entirety as follows:

"WHEREAS, on the Petition Date (as defined herein), NNL, NNTC and certain Affiliates of the Sellers (together, the "**Canadian Debtors**") filed with the Canadian Court (as defined below) an application for protection under the Companies' Creditors Arrangement Act (the "**CCAA**") (the proceedings commenced by such application, the "**CCAA Cases**") and were granted certain initial creditor protection pursuant to an order issued by the Canadian Court on the same date, which also appointed Ernst & Young Inc. as "Monitor" in connection with the CCAA Cases and was extended by further order of the Canadian Court on February 10, 2009, April 28, 2009 and July 30, 2009, as the same may be amended and restated from time to time by the Canadian Court;"

(d)     The definition of "**NNTC**" is hereby amended and restated to read in its entirety as follows:

""**NNTC**" has the meaning set forth in the preamble to this Agreement."

3.     <u>Transferred Tangible Assets</u>.

(a)     Section 1.1(b) of the Sellers Disclosure Schedule is hereby amended and restated to read in its entirety as follows:

"The Transferred Tangible Assets are set forth in Appendices A and B to this Section 1.1(b) of the Sellers Disclosure Schedule."

(b)     Appendix A to Section 1.1(b) of the Sellers Disclosure Schedule is hereby amended and restated in its entirety as attached hereto.

(c) Appendix B to Section 1.1(b) of the Sellers Disclosure Schedule, attached hereto, is hereby appended to Section 1.1(b) of the Sellers Disclosure Schedule.

4. Effectiveness. This Amendment No. 1 shall become effective as of the date first written above (the "**First Amendment Effective Date**").

5. Reference to and Effect on the Agreement.

(a) On or after the First Amendment Effective Date, each reference in the Agreement to "this Agreement," "hereunder," "hereof," "herein," or words of like import referring to the Agreement shall mean and be a reference to the Agreement as amended by this Amendment No. 1 and all subsequent amendments thereto made in accordance with Section 10.4 of the Agreement.

(b) Except as amended hereby, the provisions of the Agreement are and shall remain in full force and effect.

6. Counterparts. This Amendment No. 1 may be executed in any number of counterparts, each of which will be an original and all of which together will constitute one and the same instrument. Delivery of an executed counterpart of a signature page to this Amendment No. 1 by facsimile or other electronic means shall be effective as delivery of a manually executed counterpart of this Amendment No. 1.

7. Governing Law. The interpretation of this Amendment No. 1, and any questions, claims, disputes, remedies or Actions arising from or related to this Amendment No. 1, and any relief or remedies sought by any party hereunder, shall be governed exclusively by the Laws of the State of New York applicable to Contracts made and to be performed in that State and without regard to the rules of conflict of laws of any other jurisdiction. Any claim, Action or proceeding by any Party seeking any relief whatsoever, arising out of or in connection with this Amendment No. 1 shall be brought only in accordance with Section 10.6 of the Agreement and Section 10.6 of the Agreement shall apply to this Amendment No. 1 for all purposes as if incorporated herein.

**[Remainder of this page intentionally left blank. Signature page follows.]**

IN WITNESS WHEREOF, the Parties have duly entered into this Amendment No. 1 as of the date first written above.

> NORTEL NETWORKS INC.
>
> By: _____
> Name: John Doolittle
> Title:  Vice President

Signature Page – Amendment No. 1 to the Transaction Agreement

NORTEL NETWORKS LIMITED

By: _____
    Name: John Doolittle
    Title: Senior Vice-President, Finance
          and Corporate Services

By: _____
    Name: Clarke Glaspell
    Title: Controller

Signature Page – Amendment No. 1 to the Transaction Agreement

NORTEL NETWORKS TECHNOLOGY CORPORATION

By: ______________________________
Name: Clarke Glaspell
Title: President and Controller

HITACHI, LTD.

By: *Masahiro Kitano*
Name: Masahiro Kitano
Title: Vice President and Executive Officer

Signature Page – Amendment No. 1 to the Transaction Agreement