**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------X
                                            :
                                            :    Chapter 11
                                            :
*In re*                                     :
                                            :    Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.,* [1]         :
                                            :    Jointly Administered
                    Debtors.                :
                                            :
                                            :    RE: D.I. 1896
                                            :
------------------------------------------------------X
```

**ORDER (A) APPROVING THE ASIA RESTRUCTURING
AGREEMENT, AND (B) GRANTING RELATED RELIEF**

Upon the motion dated, November 12, 2009 (the "Motion"),[2] of Nortel Networks Inc. and

its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the

"Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections

105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, (a) approving the terms

and conditions of that certain Asia Restructuring Agreement, which is attached to the Motion as

Exhibit B (the "Agreement"), and (b) granting related relief; and adequate notice of the Motion

having been given as set forth in the Motion; and it appearing that no other or further notice is

necessary; and the Court having jurisdiction to consider the Motion and the relief requested

therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the

Court having determined that the legal and factual bases set forth in the Motion establish just

cause for the relief requested in the Motion, and that such relief is in the best interests of the

Debtors, their estates, their creditors and the parties in interest; and upon the record in these

proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The Debtors are authorized to enter into the Agreement pursuant to sections

105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 9019, and to take any and all

actions that may be reasonably necessary or appropriate to perform all obligations contemplated

thereunder.

3.      The failure to specifically describe or include any particular provision of the

Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being

the intent of this Court that the Agreement be approved in its entirety.

4.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure,

including, without limitation, Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, to the

contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its

entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or

realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and

without further delay, take any action and perform any act authorized under this Order.

5.     The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

Dated:  December **2**, 2009
          Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE