## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X

|  |  |  |
|---|---|---|
| *In re* | : | Chapter 11 |
|  | : |  |
| Nortel Networks Inc., *et al.*,[1] | : | Case No. 09-10138 (KG) |
|  | : |  |
| Debtors. | : | Jointly Administered |
|  | : |  |
|  | : | **Re: D.I. 2022** |
|  | : |  |

----------------------------------------------------------X

### ORDER (A) APPROVING THE ASSUMPTION AND ASSIGNMENT PROCEDURES IN CONNECTION WITH THE SALE OF NORTEL'S GSM/GSM-R BUSINESS (B) AUTHORIZING THE FILING OF CERTAIN DOCUMENTS UNDER SEAL AND (C) GRANTING ANY OTHER RELIEF

Upon the motion dated November 27, 2009 (the "Motion"),[2] of Nortel Networks

Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the

"Debtors"), moved this Court for the entry of an order, pursuant to sections 105, 363, and 365 of

title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9014 and

9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1

of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court

for the District of Delaware (the "Local Rules") (a) approving the procedures for the assumption

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion, or if not defined in the Motion, shall have the meanings ascribed to such terms in the Sale Motion.

and assignment of certain executory contracts (the "Assignment Procedures") in connection with

the sale of substantially all of the North American GSM assets of the Debtors (collectively, the

"Assets") to Telefonaktiebolaget L M Ericsson (publ) (the "Purchaser") in accordance with the

terms and conditions of the Asset Sale Agreement entered into by the Debtors and

Telefonaktiebolaget L M Ericsson (publ), as may be subsequently amended (the "North

American Purchase Agreement"); (b) authorizing the Debtors to file certain documents under

seal; and (c) granting them such other and further relief as the Court deems just and proper; and

adequate notice of the Motion having been given as set forth in the Motion; and it appearing that

no other or further notice is necessary; and the Court having jurisdiction to consider the Motion

and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having

determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. §

157(b)(2); and the Court having determined that the legal and factual bases set forth in the

Motion establish just cause for the relief requested in the Motion, and that such relief is in the

best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the

record in these proceedings; and after due deliberation it is hereby

FOUND AND DETERMINED THAT:[3]

A.      The Assignment Procedures represent an appropriate process for

assumption and assignment of executory contracts that conforms to section 365 of the

Bankruptcy Code.

ORDERED, ADJUDGED AND DECREED THAT:

1.      The relief requested in the Motion is GRANTED.

---

[3]      Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

**The Assignment Procedures**

2.      The Assignment Procedures attached hereto as <u>Exhibit 1</u> are hereby authorized,

approved and made part of this Order as if fully set forth herein.

3.      The Court recognizes that the identities of the Customer Contract Counterparties

and any affidavits of service that identify such parties constitute confidential commercial

information, and therefore authorizes that any lists disclosing the identities of the Customer

Contract Counterparties and affidavits to be filed in connection with the Motion and the

procedures approved herein may be filed under seal.

4.      The Debtors shall provide unredacted lists of Designated Customer Contracts and

affidavits of service that identify the Debtors' customers to the Clerk's Office of the United

States Bankruptcy Court for the District of Delaware in a prominently marked envelope with a

cover sheet attached containing (i) the caption, (ii) the docket number of the Motion, (iii) the

docket number of this Order, (iv) the title of the list of Designated Customer Contracts and

affidavits of service that identify the Debtors' customers, and (v) the legend "DOCUMENTS TO

BE KEPT UNDER SEAL" in bold print.

5.      Recognizing that providing individual notice to each Customer Contract

Counterparty will ensure that such parties will receive adequate notice, the Court hereby waives

the requirements of Bankruptcy Rule 6006(f)(6).

6.      To facilitate the assumption and assignment of the Designated Contracts, the anti-

assignment provisions of the Designated Contracts, if any, are hereby deemed unenforceable

pursuant to section 365(f) of the Bankruptcy Code.

7.      Pursuant to Bankruptcy Rule 6006(f)(6), the Court hereby authorizes the Debtors

to file one or more omnibus notices, pursuant to the Assignment Procedures, incorporating all the

executory contracts to be assumed and assigned.

8.      As the Purchaser designates the Designated Customer Contracts to be assumed by the relevant Debtor and assigned to the Purchaser as of the Closing Date, the Debtors will, from time to time, serve a Customer Notice on each Customer Contract Counterparty by first class mail.  The Debtors will file under seal with the Court and deliver a full, alphabetized list of Customer Contract Counterparties, along with an affidavit or declaration confirming that the Customer Notice has been sent to each Customer Contract Counterparty, to (i) counsel to the Purchaser, (ii) the U.S. Trustee, (iii) the Monitor, (iv) counsel to the Committee, and (v) counsel to the Bondholder Group.

9.      As the Purchaser designates Non-Customer Designated Contracts, the Debtors will, from time to time file with the Court one or more Omnibus Notices, and serve each omnibus notice by first class mail on each Non-Customer Contract Counterparty whose Non-Customer Designated Contract appears on such omnibus notice.

10.      The Notices, in substantially the same forms as annexed to the Assignment Procedures as Exhibits A (Form of Customer Notice) and B (Form of Omnibus Notice), are sufficient to provide effective notice pursuant to Bankruptcy Rules 2002(a)(2), 6004(a) and 6006(c) to all Counterparties of the Debtors' intent to assume and assign the Designated Contracts, and are hereby approved.

### Objection Procedures

11.      Any Counterparty that wishes to object to any matter set forth in the Notices with regards to the proposed assumption and assignment of a Designated Contract, including without limitation the adequate assurance of future performance by the Purchaser under the applicable Designated Contract or the Cure Amount, if any, must file a written objection with the Court no later than ten (10) days following service of the Notice, and serve notice of such objection on (a)

counsel to the Debtors, (b) counsel to the Purchaser, (c) counsel to the Committee and (d)

counsel to the Bondholder Group, each at the addresses set forth in the Assignment Procedures.

12.     To the extent that any Counterparty does not timely serve an objection as set forth

directly above, such Counterparty will be deemed to have (i) consented to the assumption and

assignment of the applicable Designated Contract; (ii) agreed that the Purchaser has provided

adequate assurance of future performance within the meaning of Bankruptcy Code section

365(b)(1)(C); (iii) consented to such Cure Amount, if any; (iv) agreed that all defaults under the

Designated Contract arising or continuing prior to the effective date of the assignment have been

cured such that the Purchaser or the Debtors shall have no liability or obligation with respect to

any default occurring or continuing prior to the effective date of the assignment, and from and

after the effective date of the assignment, the Designated Contract shall remain in full force and

effect for the benefit of the Purchaser and the Counterparty in accordance with its terms; (v)

waived any right to terminate the Designated Contract or designate an early termination date

under the applicable Designated Contract as a result of any default that occurred or was

continuing prior to the effective date of the assignment; and (vi) agreed that the terms of this

Order and the order authorizing and approving sale of Debtors' GSM/GSM-R business free and

clear of all liens shall apply to the assignment

13.     Upon filing of an objection by a Counterparty, the Debtors shall be required to

respond to such objection within ten (10) days after receiving such objection.

14.     To the extent that an objection by a Counterparty is not resolved prior to the

Closing Date, the Debtors, in consultation with the Purchaser, but subject in all respects to the

terms and conditions of the North American Purchase Agreement, may elect to (i) not assume

and assign such Designated Contract; (ii) postpone the assumption and assignment of such

Designated Contract until the resolution or adjudication of such objection; or (iii) in the case of a

Cure Objection, the relevant party responsible for payment of the Cure Amount under the North

American Purchase Agreement shall segregate any disputed Cure Amount pending the resolution

or adjudication of any such objection, in which case the Debtors shall be permitted to assume

and assign such Designated Contract as of the Closing Date.

15.     Pursuant to Bankruptcy Code section 365(k), the Debtors shall be relieved from

any further liability with respect to the Designated Contract following assignment to the

Purchaser.

### Other Relief Granted

16.     This Order shall be effective immediately upon entry, and any stay of orders

provided for in Bankruptcy Rules 6004 or 6006 or any other provision of the Bankruptcy Code

or the Bankruptcy Rules is expressly lifted.

17.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the

terms of this Order shall be immediately effective and enforceable upon its entry; (ii) the Debtors

are not subject to any stay in the implementation, enforcement or realization of the relief granted

in this Order; and (iii) the Debtors may, in their discretion and without further delay, take any

action and perform any act authorized under this Order.

18.     The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

Dated: _____, 2009
      Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE