Exhibit 1

## ASSIGNMENT PROCEDURES

### I. NOTICES

*Customer Contracts – Notice*

The Debtors shall, no later than thirty (30) days prior to the Closing Date,[1] serve an individual notice substantially in the form attached hereto as Exhibit A (the "Customer Notice") by first class mail on each counterparty to a customer contract (respectively, a "Customer Contract Counterparty" and "Designated Customer Contract") (and its attorney, if such attorney has filed a notice of appearance in these chapter 11 proceedings) at the last known address available to the Debtors. Each Customer Notice shall set forth the following information: (i) the name and address of the Customer Contract Counterparty, (ii) identification of the Designated Customer Contracts, (iii) notice of the proposed effective date of the assignment, (iv) a description of the Purchaser and a statement as to the Purchaser's ability to perform the Debtors' obligations under the Designated Customer Contracts and (v) any Cure Amount (as defined below) under each relevant Designated Customer Contract, where "Cure Amount" means, with respect to an agreement, any amount required by section 365(b)(1) of the Bankruptcy Code and Rule 6006(f) of the Bankruptcy Rules to pay for any actual pecuniary losses that have resulted from any defaults by the relevant Debtor under such agreement.

The Debtors shall file under seal with the Court and deliver a full, alphabetized list of Customer Contract Counterparties, along with an affidavit or declaration confirming that a Customer Notice (as defined below) has been sent to each Customer Contract Counterparty, to (i) counsel to the Purchaser (as defined below), (ii) the U.S. Trustee (iii) the Monitor, (iv) counsel to the Committee and (v) counsel to the Bondholder Group.

*Non-Customer Contracts – Omnibus Notices*

The Debtors shall, no later than thirty (30) days prior to the Closing Date, also file with the Court one or more omnibus notices, each covering no greater than 100 non-customer contracts (the "Designated Non-Customer Contracts," and together with Designated Customer Contracts "Designated Contracts"), substantially in the form attached hereto as Exhibit B ("Omnibus Notice" and together with the Customer Notice, the "Notice"), and serve each omnibus notice on each counterparty to a Designated Non-Customer Contract (a "Non-Customer Contract Counterparty," and, together with a Customer Contract Counterparty, a "Counterparty") whose Designated Non-Customer Contract appears on such omnibus notice. The Omnibus Notices will provide inter alia Cure Amounts.

### II. OBJECTION PROCEDURES

To the extent that any Counterparty wishes to object to any matter pertaining to the proposed assumption and assignment of a Designated Contract, including, without limitation, the adequate

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Assignment Procedures Motion.

assurance of future performance by the Purchaser under the applicable Designated Contract or the Cure Amount, if any (any objection regarding the Cure Amount, a "Cure Objection"), then such Counterparty must file a written objection with the Court no later than ten (10) days following service of the Notice, and serve notice of such objection on counsel to the Debtors: Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Fax: (212) 225-3999 (Attention: James L. Bromley and Lisa M. Schweitzer) and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, Delaware 19801, Fax: (302) 658-3989 (Attention: Derek C. Abbott). Copies also must be served contemporaneously on (a) counsel to the Purchaser: Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019, Fax: (212) 373-3990 (Attention: Stephen J. Shimshak and Marilyn Sobel); (b) counsel to the Committee: Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Fax: (212) 872-1002 (Attention: Fred S. Hodara, Stephen Kuhn and Kenneth Davis) and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attention: Christopher M. Samis), and (c) counsel to the Bondholder Group: Milbank, Tweed, Hadley & McCloy, One Chase Manhattan Plaza, New York, New York 10006, Fax: (212) 822-5735 (Attention: Roland Hlawaty).

To the extent that any Counterparty does not timely serve an objection as set forth above, such Counterparty will be deemed to have (i) consented to the assumption and assignment of the applicable Designated Contract; (ii) agreed that the Purchaser has provided adequate assurance of future performance within the meaning of Bankruptcy Code section 365(b)(1)(C); (iii) consented to such Cure Amount, if any; (iv) agreed that all defaults under the Designated Contract arising or continuing prior to the effective date of the assignment have been cured as a result or precondition of the assignment, such that the Purchaser or the Debtors shall have no liability or obligation with respect to any default occurring or continuing prior to the assignment, and from and after the effective date of the assignment, the Designated Contract shall remain in full force and effect for the benefit of the Purchaser and the Counterparty in accordance with its terms; (v) waived any right to terminate the Designated Contract or designate an early termination date under the applicable Designated Contract as a result of any default that occurred or was continuing prior to the effective date of the assignment; and (vi) agreed that the terms of the orders to (I) (a) Approve the Assignment Procedures Pursuant to Section 365 of the Bankruptcy Code; (b) Authorize the Debtors to File Certain Documents Under Seal; (c) Granting Such Other Relief as the Court Deems Just and Proper (the "Assignment Procedures Order") and (II) Authorizing and Approving Sale of Debtors' GSM/GSM-R Business Free and Clear of All Liens (the "Final Sale Order") shall apply to the assumption and assignment. Pursuant to Bankruptcy Code section 365(k), the Debtors shall be relieved from any further liability with respect to the Designated Contract following assignment to the Purchaser.

### III.    RESOLUTION OF OBJECTIONS

Upon filing of an objection by a Counterparty, the Debtors shall be required to respond to such objection within ten (10) days after receiving such objection.

To the extent that an objection by a Counterparty is not resolved prior to the Closing Date, the Debtors, in consultation with the Purchaser, subject in all respects to the Sale Agreement, may elect to (i) not assume and assign such Designated Contract, (ii) postpone the assumption and assignment of such Designated Contract until the resolution or adjudication of such objection, or

(iii) in the case of a Cure Objection, the relevant party responsible for payment of the Cure Amount under the Sale Agreement shall segregate any disputed Cure Amount pending the resolution or adjudication of any such objection, in which case the Debtors shall be permitted to assume and assign such Designated Contract as of the Closing Date.

## IV.    RESERVATION OF RIGHTS

The Debtors' decision to assume and assign the Designated Contracts is subject to Bankruptcy Court approval and consummation of the sale of the GSM/GSM-R Assets to the Purchaser. Accordingly, the Debtors shall be deemed to have assumed and assigned those Designated Contracts ultimately identified under the Sale Agreement as of and effective only upon the Closing Date. Absent a closing that includes such Designated Contracts, each of the Designated Contracts shall be deemed neither assumed nor assigned and shall in all respects be subject to subsequent assumption or rejection by the Debtors under the Bankruptcy Code.

The Purchaser shall have no rights in and to a particular Designated Contract until such time as the particular Designated Contract is assumed and assigned in accordance with the procedures set forth herein.

To the extent required by applicable law, the Debtors reserve the right to file one or more motions to assume and assign any unexpired contracts of the Debtors.