IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Nortel Networks Inc., *et al.*, | ) | Case No. 09-10138(KG) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Re: Dkt Nos. 2048** |

## ORDER

On December 3, 2009, following a lengthy evidentiary hearing on December 2, 2009 (the "Hearing"), the Court entered its Order Authorizing and Approving (A) Sale of Certain Assets of the Debtors' Metro Ethernet Networks Business Free and Clear of All Liens, Claims and Encumbrances and (B) Assumption and Assignment of Certain Executory Contracts ("the Sale Order") (D.I. 2070). The Sale Order authorized Debtors to sell their Metro Ethernet Networks Business to Ciena Corporation ("Ciena"). The Sale Order approves, *inter alia*, the conduct of the auction held from November 20-22, 2009 (the "Auction") which all interested parties stated at the Hearing and the Court found based on the evidence presented, was conducted fairly, in good faith, in accordance with the bidding procedures and with integrity. At the conclusion of the Auction, Debtors declared that Ciena's bid was the highest or best offer. MEN Acquisition LLC ("Acquisition") was the backup bidder.

Acquisition filed an untimely objection (D.I. 2048) to the Sale Motion.[1] The Court ruled orally at the Hearing that Acquisition did not have standing to object in its lone capacity as an unsuccessful bidder at the Auction and hereby confirms its ruling.

A leading case addressing the standing of a losing bidder to object to a sale is *Kabro Assoc. of West Islip, LLC v. Colony Hill Associates (In re Colony Hill Assoc.)*, 111 F.3d 269 (2d Cir. 1997). There, the court ruled that in the absence of fraud, collusion or bad faith, an objector does not have standing to contest the results of an auction. The courts addressing the standing issue are uniform in the *Colony Hill* statement of the law. *See, e.g., In re Karpe*, 84 B.R. 926, 929 (Bankr. M.D. Pa. 1988); and *In re Planned Sys., Inc.*, 82 B.R. 919, 922 (Bankr. S.D. Ohio 1988). Indeed, the failure of a court to confirm a sale in the absence of unfairness, fraud, unstable or gross inadequacy of price constitutes an abuse of discretion. *In re Stanley Engineering Corp.*, 164 F.2d 316 (3d Cir. 1948).

The Court entered the Sale Order on the basis that the Auction was conducted in good faith. Accordingly, Acquisition lacked standing to object to the Sale Motion.

SO ORDERED.

December 4, 2009

_____
KEVIN GROSS, U.S.B.J.

---

[1] *See* Debtors' Motion for Orders... Approving (A) the Sale of Certain Assets of Debtors' Metro Ethernet Networks Business Free and Clear of all Liens, Claims and Encumbrances.... (D.I. 1627).