## EXHIBIT A

[Proposed Order]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------X   Chapter 11
                                                     :
In re                                                :   Case No. 09-10138 (KG)
                                                     :
Nortel Networks Inc., et al.,¹                       :   Jointly Administered
                    Debtors.                         :
                                                     :   RE: D.I. _____
                                                     :
                                                     :
                                                     :
-----------------------------------------------------X
```

## ORDER APPROVING SETTLEMENT AGREEMENT WITH THE INTERNATIONAL BUSINESS MACHINES CORPORATION

Upon the motion dated December 7, 2009 (the "Motion"),[2] of Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors-in-possession in the above-captioned jointly administered cases (the "Debtors"), for entry of an order, as more fully described in the Motion, approving a settlement agreement (the "Settlement Agreement") between NNI and the International Business Machines Corporation ("IBM") in the form attached as Exhibit B to the Motion, pursuant to section 105(a) of Title 11 of the United States Code, 11 U.S.C. et seq. 101 (as amended, the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and adequate notice of the Motion having been given as set forth therein; and it appearing that no other or further notice is necessary; and the Court having

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. f/k/a Alteon WebSystems, Inc. (9769), Nortel Altsystems International, Inc. f/k/a Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having further determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, and their creditors; and upon the record in these proceedings, including a hearing on the Motion held on December 15, 2009; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Court approves the Settlement Agreement, as it finds the Settlement Agreement to be in the best interests of NNI, its estate, and its creditors.

3. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

4. The requirements set forth in Rule 6003(b) of the Bankruptcy Rules are satisfied by the contents of the Motion or otherwise deemed waived.

5. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: December____, 2009
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE