IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Nortel Networks, Inc., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br>Jointly Administered<br><br>Re: Docket Nos. 1514 and 1898 |

**OBJECTION OF QWEST SERVICES CORPORATION TO INITIAL NOTICE OF DEBTORS' REQUEST FOR AUTHORITY TO ASSUME AND ASSIGN CERTAIN <u>CUSTOMER AGREEMENTS</u>**

Qwest Services Corporation ("<u>Qwest</u>"), through its undersigned counsel, files this Objection (the "<u>Objection</u>") to the Initial Notice of Debtors' Request for Authority to Assume and Assign Certain Customer Agreements (the "<u>Notice</u>") in connection with the sale of the Debtors' Enterprise Solutions Business under the Order Authorizing and Approving (A) The Sale Of Certain Assets Of, And Equity Interests In, Debtors' Enterprise Solutions Business, (B) The Assumption And Assignment of Certain Contracts And Leases, And (C) The Assumption And Sublease Of Certain Leases (the "<u>Sale Order</u>") (D.I. 1514). In support of the Objection, Qwest states as follows:

**FACTUAL BACKGROUND**

1. On January 14, 2009 (the "<u>Petition Date</u>"), Nortel Networks Corporation and its affiliates (collectively, the "<u>Debtors</u>"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.Prior to the Petition Date, Qwest and certain of its affiliates entered into certain executory contracts with the Debtors (the "Contracts"). As a result of the Contracts, Qwest is a customer of the Debtors.

4.On or about November 16, 2009, the Debtors served a personalized copy of the Notice, seeking to assume and assign the GSA Schedule Partner Agreement with Qwest.

## OBJECTION

5.The broad injunction language set forth in paragraph 7 of the Sale Order enjoins creditors with respect to the assertion of their contractual rights under assumed contracts. See Sale Order at ¶ 7. The broad wording of the injunction (coupled with the broad definition of "Interests") may be interpreted as prohibiting non-debtor contract parties from asserting monetary or nonmonetary defaults under assumed contracts. Also, given the broad definition of "Interests" to include, *inter alia*, unmatured, contingent claims, language contained in other provisions of the Sale Order may also be construed to limit the Purchaser's liability post-Closing. See Sale Order at ¶ 8 (sale shall not result in "any Purchaser Releasee . . . having any liability for any Interest").

6.The Bankruptcy Code generally authorizes a debtor, with bankruptcy court approval, to assume or assign an executory contract without the consent of the other party to the contract and without regard to contractual provisions prohibiting such assignment. Specifically, Section 365(a) provides, in relevant part, that "the trustee, subject to the court's approval, may assume or reject any executory contract." 11 U.S.C. § 365(a).

7.Section 365(b)(1)(A) and (B) of the Bankruptcy Code requires a debtor to "cure" defaults and "compensate" the non-debtor party to an executory contract as a condition to the debtor in possession's assumption of an executory contract. See 11 U.S.C. § 365(b)(1)(A)-(B).

8.  When a debtor assumes an executory contract or an unexpired lease it becomes a binding obligation of the debtor's bankruptcy estate. The debtor must cure defaults and provide adequate assurance of future performance in order to assume an executory contract or unexpired lease. See 11 U.S.C. § 365(b)(1)(A)-(C). If a debtor assumes a contract, it must do so *cum onere*, with all the burdens as well as the benefits. See Cinicola v. Scharffenberger, 248 F.3d 110, 119-120 (3d Cir. 2001); American Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 78 (3d Cir. 1999); see also In re Italian Cook Oil Corp., 190 F.2d 994, 996-97 (3d Cir. 1951). A debtor may not "cherry pick" the benefits and shirk the obligations under the contract. See Pieco, Inc. v. Atlantic Computer Sys., Inc. (In re Atlantic Computer Sys., Inc.), 173 B.R. 844, 849 (S.D.N.Y. 1994); In re Leslie Fay Cos., Inc., 166 B.R. 802, 808 (S.D.N.Y. 1994) ("An executory contract cannot be assumed in part and rejected in part").

9.  Due to the breadth of the injunction language and other language contained in the Sale Order, Qwest is not assured of payment of obligations that have *accrued* prior to the closing, but are *not yet due* as of the closing (and, therefore, not defaults that need to be "cured").

10. The Debtors and the Purchaser cannot leave non-debtor parties with a liability "gap" in the obligations under an assumed contract.

11. Section 365 authorizes a debtor to assign a "contract," not part of a "contract." See 11 U.S.C. § 365(f)(2); see also American Flint Glass, 197 F.3d at 80 (noting that Section 365(k) provides for the assignment "*of a contract*") (emphasis in original). An "assignment" of a "contract" involves "a commitment by the assignee to perform *all obligations* under the contract, as well as to acquire all rights created by the contract." Id. at 81 (emphasis added); see also In re AHERF, 383 F.3d 169, 175, 176-77 (3d Cir. 2004) (discussing American Flint Glass).

12.     Thus, the Purchaser must be liable for all obligations under assumed contracts that are not defaults already cured as part of the debtor's assumption of the contract. Otherwise, the Debtor is not "assigning" the contract.[1]

13.     In addition, the Debtor must remain liable for any defaults that may fall due prior to closing and Qwest reserves its right to assert such amounts.

WHEREFORE Qwest respectfully requests that this Court enter an Order (i) sustaining the Objection, and (ii) granting such further relief as is appropriate.

Dated: December 8, 2009
Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By: /s/ J. Cory Falgowski
Kurt F. Gwynne (No. 3951)
J. Cory Falgowski (No. 4546)
1201 N. Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
Email: kgwynne@reedsmith.com
           jfalgowski@reedsmith.com

Counsel to Qwest Services Corporation

---

[1]  Of course, the Debtor would not be entitled to the release provided by Section 365(k) absent an "assignment" of a contract. See American Flint Glass, 197 F.3d at 80-81; AHERF, 383 F.3d at 175, 176-77.