**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
----------------------------------------------------------X
                                          :
                                          :        Chapter 11
                                          :
In re                                     :
                                          :        Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1]          :
                                          :        Jointly Administered
                        Debtors.          :
                                          :        RE: D.I. _____
                                          :
----------------------------------------------------------X
```

**ORDER PURSUANT TO 11 U.S.C. § 363 AUTHORIZING AND
APPROVING THE EMPLOYMENT AND RETENTION OF
JOHN RAY AS THE DEBTORS'
PRINCIPAL OFFICER, *NUNC PRO TUNC* TO DECEMBER 7, 2009**

Upon the motion dated December 8, 2009 (the "Motion"),[2] of Nortel Networks Inc. and

its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the

"Debtors"), for entry of an order pursuant to section 363 of title 11 of the United States Code

(the "Bankruptcy Code"), authorizing and approving the employment and retention of John Ray

as the Debtors' Principal Officer ("Principal Officer"), *nunc pro tunc* to December 7, 2009; and

upon the Declaration of John Ray in support of the Motion; and adequate notice of the Motion

having been given as set forth in the Motion; and it appearing that no other or further notice is

necessary; and the Court having jurisdiction to consider the Motion and the relief requested

---

[1]       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]       Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that

consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the

Court having determined that the legal and factual bases set forth in the Motion establish just

cause for the relief requested in the Motion, and that such relief is in the best interests of the

Debtors, their estates, their creditors and the parties in interest; and upon the record in these

proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED.

2.     Pursuant to section 363 of the Bankruptcy Code, the Debtors are authorized to

employ and retain John Ray as the Debtors' Principal Officer, *nunc pro tunc* to December 7,

2009 under the terms and conditions set forth in the Engagement Letter.

3.     Mr. Ray shall be entitled to compensation and reimbursement of expenses in

accordance with the terms of the Engagement Letter.  Mr. Ray will file fee applications for

interim and final allowance of compensation, including reimbursement of expenses, pursuant to

the procedures set forth in the ICP Order.

4.     Notwithstanding anything to the contrary in the Engagement Letter, the Debtors

are permitted to indemnify Mr. Ray on the same terms as provided to the Debtors' other officers

under the certificate of incorporation, corporate bylaws and applicable state law, along with

insurance coverage under the Debtors' insurance policies.

5.     The indemnification provisions set forth in the Engagement Letter are approved,

subject to the following:

      a.     Subject to the provisions of subparagraph (b) and (c) below, the
Debtors are authorized to indemnify, and to provide reimbursement to, and
shall indemnify, and provide reimbursement to, the Indemnified Party (as

2

defined in the Engagement Letter) in accordance with the Engagement
Letter for any claim arising from, related to, or in connection with the
services provided for in the Engagement Letter;

b.    Notwithstanding any indemnification provisions of the Agreement
to the contrary, the Debtors shall have no obligation to indemnify Mr. Ray
or provide reimbursement to Mr. Ray (i) for any claim or expense that is
judicially determined (the determination having become final) to have
arisen from Mr. Ray's bad faith, self-dealing, breach of fiduciary duty (if
any), or willful misconduct.

6.    The Debtors are authorized and empowered to take such actions as may be
necessary and appropriate to implement the terms of this Order.

7.    Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to
the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its
entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or
realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and
without further delay, take any action and perform any act authorized under this Order.

8.    The Court retains jurisdiction with respect to all matters arising from or related to
the implementation of this Order.

Dated:  _____, 2009
         Wilmington, Delaware

         _____
         THE HONORABLE KEVIN GROSS
         UNITED STATES BANKRUPTCY JUDGE