**EXHIBIT C**



FILED IN OPEN COURT

DEC 8 2009

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA
CLERK

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

*In re*

NETtel COMMUNICATIONS, INC., and
NETtel CORPORATION,

Debtors.

Case No. 00-1771 (Chapter 7)

Jointly Administered

**STIPULATION OF CHAPTER 7 TRUSTEE, AGENT, AND THE HARTFORD FIRE INSURANCE COMPANY PURSUANT TO, *INTER ALIA*, SECTIONS 105, 350, 363, 704, 725 AND 726 OF THE BANKRUPTCY CODE, AND BANKRUPTCY RULES 2002 (a)(2), (3), (6), 3012 AND 9019(b), REGARDING COMPROMISE OF CONTROVERSIES WITH RESPECT TO (I) TRUSTEE'S RECOVERY, UNDER SECTION 506(c) OF THE BANKRUPTCY CODE, FROM CERTAIN PROPERTY IN WHICH AGENT HAS AN INTEREST, (II) TRUSTEE'S DISPOSITION, UNDER SECTION 725 OF THE BANKRUPTCY CODE, OF PROPERTY IN WHICH AGENT HAS AN INTEREST, BEFORE, AND IN AID, OF TRUSTEE'S FINAL DISTRIBUTION, AND (III) TRUSTEE'S DISTRIBUTIONS IN PAYMENT OF CERTAIN CHAPTER 7 ADMINISTRATIVE EXPENSES UNDER SECTION 726(a) AND (b) OF THE BANKRUPTCY CODE; AND ORDER AUTHORIZING AND APPROVING STIPULATION**

It is hereby stipulated and agreed, by and among (i) Wendell W. Webster, Trustee ("Trustee") in the case under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") of the Debtor, NETtel Corporation, Inc. ("Debtor" or "NETtel") (as well as the Trustee in

DC:50664466.2

the case under Chapter 7 of the Bankruptcy Code of the Debtor, NETtel Communications, Inc. ("the NETtel Parent")) and (ii) Nortel Networks Inc. ("Nortel"), in its capacity as administrative agent ("Agent" or "Plaintiff") for Nortel, Allied Capital Corporation ("Allied") and Williams Communications, Inc. ("Williams"), secured lenders of the Debtor (collectively, the "Lenders"), and (iii) Hartford Fire Insurance Company ("Hartford"), pursuant to, among other things, the Joint Motion[1] filed herewith by the Trustee and the Agent (together, the "Parties") (the "Joint Motion"), and Sections 105(a), 350, 363(b), 704, 725 and 726 of the Bankruptcy Code and Rules 2002(a)(2), (3), (6), 3012 and 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), subject to the approval of both the United States Bankruptcy Court for the District of Columbia in the above-captioned Ch. 7 Cases, (the "Court"), and the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court") in the Nortel Debtors' Ch. 11 Cases, as follows:

1.  Concurrently, the Trustee and the Agent have filed the Joint Motion for an Order authorizing the Trustee to compromise certain controversies which have arisen between the Trustee and the Agent, as reflected in Adversary Proceeding No. 05-10077 (the "Adversary Proceeding") and the contested matter initiated by Agent's Notice of, and Application for, Allowance of Administrative Expenses and Request for Payment (DE 1121) (the "Application"), each of which is currently pending before the Court, as more fully described in the Joint Motion, and granting the Trustee and the Agent such other and further relief as the Court deems just and proper, to enable the Trustee to make distributions in payment of certain Ch. 7 administrative expenses (under Sections 726(a) and (b) of the Bankruptcy Code), to recover from certain

---

[1] Unless defined otherwise herein, capitalized terms shall have the meanings ascribed in the Joint Motion or in Agent's Renewed Motion for Summary Judgment (Adversary Proceeding No. 05-10077 DKT. 66) (the "Renewed Motion").

property in which Agent has an interest (i.e., a lien) (under Section 506(c) of the Bankruptcy Code), to dispose of a portion of the remainder of such property before a final distribution by the Trustee (under Section 725 of the Bankruptcy Code) by paying Agent a compromised amount from such property, and to thereby facilitate and expedite such a final distribution from the remaining portion of such property and the filing of final reports (under Section 704(a)(9) of the Bankruptcy Code) in these long standing Ch. 7 Cases.

2. Hartford filed an objection to the proposed compromise and on December 5, 2009, also filed an Adversary Proceeding against the Trustee, *The Hartford Fire Insurance Company v. Webster*, Adversary No. 09-10049, seeking declaratory and injunctive relief, requiring the Trustee to surcharge the Secured Lenders' collateral, pursuant to 11 U.S.C. § 506(c), to pay the Hartford's administrative claims in full. Hartford also requested injunctive relief to enjoin the Trustee from entering into any settlement with Nortel in which the Trustee would fail to surcharge Agent's alleged collateral to pay Hartford's administrative claims in full.

3. The matters set forth in paragraphs 1 through 37 of the Joint Motion are true and correct to the best of the current knowledge, information and belief of Trustee and Agent.

4. In full satisfaction of all of Agent's claims against the Debtor and the NETtel Parent, the Trustee, for purposes of settlement: (i) recognizes a valid, perfected, first priority lien on all current balances in the Preference Escrow and the Proceeds, free and clear of any interest of any entity other than Agent; (ii) shall distribute to Agent the aggregate amount of $2,775,000 ($2,375,000 from the Preference Escrow and $400,000.00 from the remaining Proceeds); and (iii) releases any and all claims the Trustee or the Ch. 7 Estates have, or may have, against Agent (as well as its bankruptcy estate, any of Agent's affiliates or their bankruptcy estates) and/or the

Lenders, including, without limitation, any claim to surcharge the Lenders' collateral, except as provided in paragraph (5), below, and any claims or avoidance actions arising under Chapter 5 of the Bankruptcy Code.

5. In exchange for the relief provided for in paragraph 4, above, Agent, for purposes of settlement: (i) releases to the Trustee its lien on the current balance in the Preference Escrow in excess of $2,375,000 (the "Released Preference Balance"); (ii) releases to the Trustee any lien or other interest it may have in the current balance in Proceeds held by the Trustee in excess of $400,000; (iii) releases to the Trustee any lien or other interest it may have in the Remaining Adversary Proceeding and/or any proceeds thereof; (iv) waives the Administrative Expense, as well its Ch. 11 administrative expenses, if any, and general unsecured claims against the Ch. 7 Estates and all claims, if any, against the Trustee; (v) recognizes, and supports the Trustee's judgments and conclusions (A) that each of the Ch. 7 Expenses[2] is a reasonable, necessary cost and expense of preserving or disposing of the Lenders' Collateral which benefited the Lenders' Collateral; (B) that the Trustee is entitled to recover all of such Ch. 7 Expenses from the Released Preference Balance; (C) that the Trustee is entitled to disburse such Ch. 7 Expense payments from the Released Preference Balance; and (D) that the remainder of the Released Preference Balance, the proceeds, if any, of the Remaining Adversary Proceeding and any remaining Proceeds may be utilized by the Trustee, subject to approval of this Court, in the Trustee's sole discretion to make a final distribution and file a final report in each of the above-captioned Ch. 7 Cases.

6. The Trustee and the Agent will file a joint motion in the Nortel Debtors Ch. 11

---

[2] For avoidance of doubt, the Hartford Expense is not among these Ch. 7 Expenses.

Cases, in form and substance substantially identical to the Joint Motion.

7. The Trustee, for purposes of settlement, agrees to provide to Hartford from the Released Preference Balance a ~~$225,000.00~~ $250,000.00 interim payment[3] in partial satisfaction of its allowed Chapter 7 administrative expense claim, subject to *pro rata* distribution at the close of the case.

8. In exchange for the interim payment provided for in paragraph 7 above, Hartford, for purposes of settlement, (i) withdraws its objection to the proposed compromise between the Trustee and Agent; (ii) waives any rights to assert a claim pursuant to 11 U.S.C. § 506(c) against Agent; (iii) dismisses with prejudice its Adversary Proceeding filed against the Trustee, No. 09-10049; and (iv) with the exception of its previously authorized Chapter 7 and Chapter 11 Administrative Expense Claims against the Estate *and the rights arising therefrom*, releases any and all claims Hartford may have against the Trustee, the Ch. 7 Estates, or Agent *through the date of entry of the Order Approving the Compromise of Controversy By and Among Trustee, Agent, and Hartford*.

_____
Linda M. Correia (D.C. Bar No. 435027)
Webster, Fredrickson, Correia
 & Puth, PLLC
1775 K Street, NW
Suite 600
Washington, DC 20006
(202) 659-8510 phone
(202) 659-4082 fax

Counsel for Wendell W. Webster, in his
Capacities as Chapter 7 Trustee of the
NETtel Corporation, Inc. and NETtel
Communications, Inc. Bankruptcy Estates

_____
John G. McJunkin (D.C. Bar No. 420223)
Daniel J. Carrigan (D.C. Bar No. 299401)
Megan Hoffman (D.C. Bar No. 982153)
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500 phone
(202) 496-7756 fax

Counsel for Debtor/Debtor-In-Possession,
Nortel Networks Inc., as Agent for the Lenders

---

[3] The $225,000.00 interim payment was funded by (i) a reduction of $125,000.00 from Agent's previously agreed upon distribution from the Preference Escrow and (ii) ~~$100,000.00~~ $125,000.00 from the Released Preference Balance.

DC:50664466.2

Vivian Katsantonis (D.C. Bar No. 30448
WATT, TIEDER, HOFFAR & FITZGERALD, LLP
8405 Greensboro Drive, Suite 100
McLean, VA 22102
(703) 749-1000
(703) 893-8029 fax

Counsel for Creditor
The Hartford Fire Insurance Company