**EXHIBIT D**

**FILED AND ENTERED**

DEC _ 8 2009

**Clerk**
**U.S. Bankruptcy Court for D.C.**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

*In re*

NETtel COMMUNICATIONS, INC., and
NETtel CORPORATION,

Case No. 00-1771 (Chapter 7)

Jointly Administered

Debtors.

## ORDER APPROVING THE COMPROMISE OF CONTROVERSY
## BY AND AMONG TRUSTEE, AGENT, AND HARTFORD

Upon the Joint Motion[1] of the Trustee and the Agent for entry of an Order, as more fully

described in the Joint Motion, granting the Trustee authority, pursuant to *inter alia*, Sections 105,

350, 363, 704, 725 and 726 of the Bankruptcy Code, and Bankruptcy Rules 2002(a)(2), (3), (6),

3012 and 9019(b), to enter into a settlement with Agent (the Trustee and the Agent), and the

Objection thereto filed by The Hartford Fire Insurance Company ("Hartford"), and together, the

"Parties") pursuant to the terms set forth in the foregoing Stipulation; and adequate notice of the

Motion having been given as set forth in the Joint Motion; and it appearing that no other or

further notice is necessary; and the Court having jurisdiction to consider the Joint Motion and the

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Joint Motion.

DC:50664469.2

relief requested therein pursuant to 28 U.S.C. § § 157 and 1334; and the Court having

determined that consideration of the Joint Motion is a core proceeding pursuant to 28 U.S.C. §

157(b)(2); and the Court having determined that the legal and factual bases set forth in the Joint

Motion establish just cause for the relief requested in the Joint Motion, and that such relief is in

the best interests of the Trustee, the Debtors' estates, their creditors and the parties in interest;

and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.    The Joint Motion is GRANTED.    Hartford's objection is withdrawn.    All

objections to relief sought in the Joint Motion, to the extent not withdrawn or resolved, are

hereby overruled.

2.    The Trustee is authorized to enter into the settlement with the Agent pursuant to

the terms set forth in the Stipulation, which Stipulation the Court finds is in the best interests

of the Trustee, the Debtors' estates, their creditors and the other parties in interest.

3.    The settlement as set forth in the Stipulation between the Parties is approved,

subject to approval by the United States Bankruptcy Court for the District of Delaware in the

Nortel Debtors' Ch. 11 Cases.

4.    The Trustee is authorized to pay and disburse to Agent the aggregate amount of

$2,775,000 ($2,375,000 from the Preference Escrow and $400,000 from the Remaining

Proceeds).

5.    The Trustee also is authorized to pay and disburse the following amounts for Ch.

7 administrative expenses, in the aggregate amount of $511,608.06, as reasonable, necessary

costs and expenses of preserving or disposing of the Lenders' Collateral which benefited the

Lenders' Collateral under 11 U.S.C. § 506(c):    (a) Williams: $338,352.00; (b) Vartec:

DC:50664469.2

$10,858.00; (c) Microtech: $22,744.00; (d) Tauber & Associates/135 West 50 LLC: $26,618.06; (e) Cyberrep.com: $7,512.00; and (f) Webster, Fredrickson, Correia & Puth: $105,524.00.

6.    As reflected in the Stipulation, the Trustee is also authorized to disburse the interim payment of ~~$225,000.00~~ *$250,000.00* to Hartford in partial satisfaction of its allowed Chapter 7 administrative expense claim, subject to *pro rata* distribution at the close of the case.

7.    Hartford shall dismiss its adversary proceeding against the Trustee, with prejudice, *The Hartford Fire Insurance Company v. Webster*, Adversary No. 09-10049.

8.    To the extent allowed by separate order, the Trustee's payments to Webster, Fredrickson, Correia & Puth on its Eighth Application for Compensation and Reimbursement of Expenses in the amount of $158,314.50 and to the Trustee for his Application for Trustee Compensation in the amount of $288,447.74 are authorized as reasonable, necessary costs and expenses of preserving or disposing of the Lender's Collateral which benefited the Lenders' Collateral under 11 U.S.C. § 506(c).

9.    Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Parties are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Trustee and the Agent may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

10.    The requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure are satisfied by the contents of the Joint Motion or otherwise deemed waived.

11.   The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.


Dated: _Decum   8_ , 2009
      Washington, DC

_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge