## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| Nortel Networks Inc., *et al.*,[1] | : | Case No. 09-10138 (KG) |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | **RE: D.I. 2099** |
| | : | |

-----------------------------------------------------------X

### DEBTORS' MOTION FOR AN ORDER SHORTENING NOTICE OF DEBTORS' MOTION FOR AN ORDER APPROVING THE COMPROMISE OF A CONTROVERSY BY AND AMONG (I) THE DEBTORS AND (II) THE CHAPTER 7 TRUSTEE OF NETTEL CORPORATION, INC

Nortel Networks Inc. ("NNI")[2], and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), hereby move this Court (the "Motion to Shorten") for entry of an Order pursuant to sections 102(1) and 105 of Title 11 of the United States Code, 11 U.S.C. et seq. 101 (as amended, the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) shortening notice with respect to the *Debtors' Motion For An Order Approving The Compromise Of A Controversy By And Among (I) The Debtors And (II) The Chapter 7 Trustee Of NETtel Corporation, Inc* (the "Motion") [D.I. 2099]; (ii) permitting parties

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

to file objections, if any, to the relief requested in the Motion on or before December 14, 2009 at 12:00 p.m. (prevailing Eastern Time); and (iii) allowing the Motion to be heard at the omnibus hearing scheduled for December 15, 2009 at 10:00 a.m. (prevailing Eastern Time) (the "December 15th Hearing").  For the reasons set forth herein, the Debtors believe that prompt consideration of the Motion on shortened notice is necessary and appropriate and respectfully request that the Court enter an order shortening notice with respect to the Motion and permitting the Motion to be heard at the December 15th Hearing.  In support of this Motion to Shorten, the Debtors respectfully state as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 102(1) and 105 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e).

## BACKGROUND

**A.      Introduction**

3.      Nortel is a technology company that designs, develops and deploys communication products, systems and solutions to its customers around the globe.  Its principal assets include its employees, the intellectual property derived and maintained from its research and development activities, its customers and other significant contracts and agreements.

4.      On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc., filed voluntary petitions for relief under chapter 11 of the Bankruptcy

Code. NN CALA filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009.

5.    The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.    On January 15, 2009, this Court entered an order of joint administration pursuant to Bankruptcy Rule 1015(b) that provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

7.    Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL"), and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.

8.    Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February 27, 2009, this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

---

[3]    The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

9.     On January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators").  On May 28, 2009, at the request of the Joint Administrators, the Commercial Court of Versailles, France (the "French Court") (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA continued to operate as a going concern for an initial period of three months, which period was subsequently extended.  On October 1, 2009, pursuant to a motion filed by the Joint Administrators, the French Court approved an order to: (i) suspend the liquidation operations relating to the sale of the assets and/or businesses of NNSA for a renewable period of two months; (ii) authorize the continuation of the business of NNSA so long as the liquidation operations are suspended; and (iii) maintain the powers of the French Administrator and Liquidator during the suspension period, except with respect to the sale of assets and/or businesses of NNSA.   In accordance with the European Union's Council Regulation (EC) No. 1346/2000 on Insolvency Proceedings, the English law proceedings (the "English Proceedings") remain the main proceedings in respect of NNSA.  On June 8, 2009, NNUK filed petitions in this Court for recognition of the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.  On June 26, 2009, the Court entered an order recognizing the English Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

---

[4]     The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

10.     On January 18, 2009, certain Nortel affiliates, including Nortel Networks Israel (Sales and Marketing) Limited, filed an application with the Tel-Aviv-Jaffa District Court, pursuant to the Israeli Companies Law, 1999, and the regulations relating thereto for a stay of proceedings.  On January 19, 2009, the Israeli Court appointed Yaron Har-Zvi and Avi D. Pelossof as joint administrators of the Israeli Company under the Israeli Companies Law (the "Joint Israeli Administrators").

11.     On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142].  An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group").  No trustee or examiner has been appointed in the Debtors' cases.

12.     On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc. ("NN CALA" and a Debtor with NNI and its affiliates), an affiliate of NNI, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On July 17, 2009, this Court entered orders approving the joint administration and consolidation of NN CALA's chapter 11 case with the other Debtors' chapter 11 cases for procedural proposes [D.I. 1098], and applying to NN CALA certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1099].

**B.     Debtors' Corporate Structure and Business**

13.     A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3].

## RELIEF REQUESTED

14.     By this Motion to Shorten, the Debtors respectfully request that the Court enter an order (i) shortening notice pursuant to sections 102(1) and 105 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e), with respect to the Motion; (ii) permitting parties to file objections, if any, to the relief requested in the Motion on or before December 14, 2009 at 12:00 p.m. (prevailing Eastern Time); (iii) allowing the Motion to be heard at the December 15th Hearing; and (iv) granting such other and further relief to the Debtors as the Court deems just and proper.

## BASIS FOR RELIEF

15.     Local Rule 9006-1(c) provides in pertinent part that "[u]nless the Fed. R. Bankr. P. or these Local Rules state otherwise, all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days (and an additional three (3) days if service is by mail) prior to the hearing date." Additionally, Bankruptcy Rule 2002(a)(3) requires ". . . at least 21 days' notice by mail of . . . the hearing on approval of the compromise or settlement of a controversy . . . ." According to Local Rule 9006-1(e), however, the notice period may be shortened by order of the Court upon written motion "specifying the exigencies justifying shortened notice." The Debtors respectfully submit that allowing the Motion to be considered on an expedited basis at the December 15th Hearing is reasonable and appropriate under the circumstances.

16.     The Motion seeks entry of an order, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, approving the Stipulation of Compromise of Controversy (the "Stipulation"), attached to the Motion as Exhibit B, between NNI, in its capacity as administrative agent ("Agent") for NNI, Allied Capital Corporation ("Allied") and Williams

Communications, Inc. ("Williams"), secured lenders (collectively, the "Lenders" or the "Secured Lenders") of NETtel Corporation, Inc. and its corporate parent, NETtel Communications, Inc. and (ii) the Chapter 7 Trustee of the estates of NETtel Corporation Inc. ("NETtel") and its corporate parent, NETtel Communications, Inc. (the "NETtel Parent") (together with NNI as Agent, the "Parties").

17.     The Parties' negotiations have been driven, in part, by a desire to have the Stipulation approved by this Court before the end of the current calendar year.  As the December 15th Hearing is the final omnibus hearing date the Court has granted the Debtors this calendar year, the Parties may lose the benefits of the negotiations that have occurred over the last several months if the Motion is not considered at the December 15th Hearing.  Accordingly, the Debtors respectfully submit that it is in the best interests of the Debtors, their estates and their creditors for the Court to consider the Motion, on shortened notice, at the December 15th Hearing.

## NOTICE

18.     Notice of the Motion to Shorten has been given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) Office of the United States Trustee for the District of Delaware; (ii) the Committee; (iii) the Bondholders; (iv) NETtel Trustee; (v) the general service list established in these Chapter 11 cases; (vi) counsel for the Lenders; and (vii) counsel for The Hartford Insurance Company.  The Debtors submit that under the circumstances no other or further notice is necessary.

## NO PRIOR REQUEST

19.     No prior request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully requests that this Court enter an order (i) shortening notice pursuant to sections 102(1) and 105 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e); (ii) permitting parties to file objections, if any, to the relief requested in the Motion on or before December 14, 2009 at 12:00 p.m. (prevailing Eastern Time); (iii) allowing the Motion to be heard at the December 15th Hearing; and (iv) granting such other and further relief to the Debtors as the Court deems just and proper.

Dated:  December 8, 2009
        Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*

3272723