IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
             Debtors. :
: RE: D.I. 1934
------------------------------------------------------------X

## ORDER (A) AUTHORIZING THE ASSUMPTION OF AN UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY UNDER SECTION 365 OF THE BANKRUPTCY CODE, (B) APPROVING A LEASE MODIFICATION AGREEMENT AND (C) AUTHORIZING DEBTORS TO ENTER INTO A LEASE MODIFICATION AGREEMENT

Upon the motion dated November 20, 2009 (the "Motion"),[2] of Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105(a) and 365 of the Bankruptcy Code and Rule 6004 of the Bankruptcy Rules, (a) authorizing the Debtors to assume that certain unexpired lease of nonresidential real property dated as of February 26, 2003 between USAA Real Estate Company, predecessor-in-interest to IPC Metrocenter, LLC, as landlord (the "Landlord"), and Nortel Networks Inc., as tenant, for

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

premises located at 220 Athens Way, Nashville, Tennessee (together with all amendments, supplements and modifications, the "Lease"), (b) approving that certain Fifth Amendment to Lease attached to the Motion as Exhibit B (the "Lease Modification Agreement"), and (c) authorizing the Debtors' entry into the Lease Modification Agreement; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized, but not directed, to assume the Lease, effective as of the entry of this Order.

3. The Lease Modification Agreement is APPROVED, effective as of the entry of this Order.

4. The Debtors are authorized, but not directed, to enter into and perform their obligations under the Lease Modification Agreement without further approval of the Court, effective as of the entry of this Order.

5. The Debtors are authorized, but not required, to enter into such additional instruments and documents and to take such additional actions as are necessary or appropriate to implement the Lease Modification Agreement.

6. There is no monetary or nonmonetary cure owed by the Debtors pursuant to section 365 of the Bankruptcy Code or otherwise as a condition to or in connection with the assumption of the Lease.

7. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, or specifically with regard to 6004(h) of the Bankruptcy Rules, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: December 14, 2009
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3