IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTEL NETWORKS INC., et al.,[1] | ) | Case No. 09-10138 (KG) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**SUPPLEMENTAL DECLARATION AND DISCLOSURE STATEMENT
OF DANIEL C. MCELHINNEY IN SUPPORT OF APPLICATION FOR
AN ORDER APPOINTING EPIQ BANKRUPTCY SOLUTIONS, LLC AS
CLAIMS, NOTICING, AND BALLOTING AGENT PURSUANT TO
28 U.S.C. § 156(c) AS OF THE PETITION DATE**

Daniel C. McElhinney, being duly sworn, deposes and says, under penalty of perjury:

1. I am Executive Director of Epiq Bankruptcy Solutions, LLC ("Epiq"). Pursuant to the Order Appointing Epiq Bankruptcy Solutions, LLC as Claims, Noticing and Balloting Agent of the Bankruptcy Court Pursuant to 28 U.S.C. §156(c) as of the Petition Date [Docket No. 38], dated as of January 15, 2009, Epiq was appointed claims, noticing, and balloting agent to the debtors in the above-captioned cases (collectively, the "Debtors" or "Nortel").

2. I submit this declaration to supplement the Declaration and Disclosure Statement of Daniel C. McElhinney in Support of Application for an Order Appointing Epiq Bankruptcy Solutions, LLC as Claims, Noticing and Balloting Agent of the Bankruptcy Court Pursuant to 28 U.S.C. §156(c) as of the Petition Date, filed as of January 15, 2009.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596) Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

1

3. At the request of Avaya Inc. ("Avaya"), the purchaser of the Debtors' Enterprise Solutions Business ("Enterprise"), Epiq will provide certain noticing and tracking services to Avaya in connection with certain customer contracts to be conveyed to Avaya as part of the sale. Specifically, Epiq will address and mail letters to Nortel's current Enterprise customers with sales agreements that are to be assigned to Avaya notifying these customers of amendments to the legal entities to which certain purchase orders are to be provided under the sales agreements and providing certain other information relating to the Avaya order management process. The changes to the sales agreements will be effective after the close of the proposed sale. Nortel will be providing the names and addresses of its Enterprise customers directly to Epiq, and Avaya will not see the names and addresses until after close of the sale.

4. Epiq and Avaya will enter into a services agreement, and Avaya will be solely responsible for compensating Epiq for the services provided thereunder. I have confirmed that the Debtors do not object to Epiq's engagement by Avaya.

5. Given Epiq's status as an independent third party in these chapter 11 cases, as well as the administrative nature of the services Epiq provides to the Debtors and will provide to Avaya, we do not view our engagement by Avaya as presenting a conflict that would affect Epiq's status as a disinterested person. Unlike a "professional person" retained under §327(a) of the Bankruptcy Code, Epiq is not being called upon to exercise independent judgment but rather to provide non-discretionary assistance with the administrative functions of a chapter 11 case. Moreover, Epiq will not represent nor be asked to assist Avaya in connection with any disputes or claims that have been or may be asserted against any of the Debtors.

3

I certify under penalty of perjury that, based upon my knowledge, information and belief as set forth in this Supplemental Declaration, the foregoing is true and correct.

Dated:  December 14, 2009

_____
Daniel C. McElhinney