IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
: 
: Chapter 11
:
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
: **RE: D.I. 2011**
:
------------------------------------------------------------X

### ORDER AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF AN UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY AND A RELATED SUBLEASE PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE

Upon the motion dated November 25, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105(a) and 365 of the Bankruptcy Code and Rules 6004 and 6006 of the Bankruptcy Rules, approving the assumption by NNI and assignment by NNI to Avaya Inc. ("Avaya") of the Lease and the Sublease; and upon the record herein after due deliberation thereon, and sufficient cause appearing therefore,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:[3]

A.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.    The relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors.

C.    Proper and adequate notice of the hearing on the Motion has been given and no other or further notice is necessary.

D.    A reasonable opportunity to object or be heard regarding the relief in this Order has been afforded to all interested persons and entities, including the Landlord and Raytheon.

E.    Pursuant to the Assignment Agreement, attached as Exhibit A to the Motion, Avaya is the assignee of the Lease and the Sublease.

F.    The Debtors have demonstrated good, sufficient and sound business purpose and justification for the assumption and assignment of the Lease and the Sublease.

G.    The assumption and assignment of the Lease and the Sublease under sections 105 and 365 of the Bankruptcy Code is in the best interests of the Debtors, their estates and their creditors.

H.    Pursuant to sections 365(b)(1)(C) and 365(f)(2)(B), the Debtors and Avaya have provided adequate assurance of future performance by Avaya under the Lease and the Sublease.

I.    The consummation of the Sale may take place within ten (10) days of the entry of this Order.

---

[3]    Pursuant to Bankruptcy Rule 7052, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law.

J.  The Cure Amounts are deemed to be the entire cure obligations due and owing under section 365 of the Bankruptcy Code to each of the Landlord and Raytheon, and, upon payment of such amounts, if any, no other amounts will be owed by the Debtors and their estates with respect to the Lease and the Sublease, and any and all persons, entities, or the like shall be forever barred and estopped from asserting a claim against Avaya or the Debtors or their estates that any additional amounts are due or defaults exist under the Lease and the Sublease.

K.  Pursuant to section 365(f) of the Bankruptcy Code, notwithstanding any provision to the contrary in the Lease or the Sublease, or in applicable nonbankruptcy law, that prohibits, restricts, or conditions the assignment of the Lease or the Sublease, the Debtors may assign the Lease and the Sublease to Avaya.

L.  Upon the payment of the Cure Amounts, if any, there are no outstanding defaults or obligations of Avaya or the Debtors and their estates under the Lease and the Sublease.

M.  Upon the assignment to Avaya, the Lease and the Sublease shall be deemed valid and binding, in full force and effect in accordance with their terms, subject to the provisions of this Order and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors and their estates shall be relieved from any further liability under the Lease and the Sublease, including for any breach of the Lease or the Sublease.

N.  The Lease and the Sublease remain in full force and effect.

NOW, THEREFORE, IT IS ORDERED THAT:

1.  The Motion is GRANTED.

2.  Any objections to the entry of this Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled, or not otherwise resolved

pursuant to the terms hereof, if any, hereby are denied and overruled on the merits, with prejudice.

3. Under section 365 of the Bankruptcy Code, the Debtors are authorized to assume the Lease and the Sublease.

4. Under section 365 of the Bankruptcy Code, the Debtors are authorized to assign the Lease and the Sublease to Avaya, which assignments shall be conditioned upon and shall only become effective upon the closing of the Sale of the Enterprise Solutions Business to Avaya.

5. The Debtors are authorized to execute such documents and agreements as are necessary to consummate the assumption and assignment of the Lease and the Sublease to Avaya, including, specifically, the Assignment Agreement.

6. Upon consummation of the Sale (which includes assignment of the Lease and Sublease to Avaya), Avaya shall succeed to the entirety of the Debtors' rights and obligations under the Lease and the Sublease, arising or attributable to the time period occurring on or after the Closing Date and shall have the entirety of the rights and obligations of NNI under the Lease and the Sublease.

7. Upon entry of this Order, subject to Avaya's payment of the Cure Amounts of $127,688.51 under the Lease and $0.00 under the Sublease, all defaults under the Lease and the Sublease shall be deemed cured, and the Debtors and their estates shall have no further liability under the Lease and the Sublease whatsoever.

8. Upon consummation of the Sale (which includes assignment of the Lease and Sublease to Avaya), subject to the provisions of this Order, Avaya shall assume all obligations

under the Lease and the Sublease due, arising or attributable to the time period occurring on or after the Closing Date.

9. Upon the occurrence of the Closing Date, Avaya shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

10. Upon the assignments of the Lease and the Sublease to Avaya, the Lease and the Sublease shall be deemed valid and binding, in full force and effect in accordance with their terms. Pursuant to section 365(k) of the Bankruptcy Code, upon consummation of the Sale (which includes assignment of the Lease and the Sublease), the Debtors and their estates shall be relieved from any further liability thereunder, including for any breach of the Lease or the Sublease.

11. The assumption and assignment of the Lease and the Sublease authorized hereunder shall be free and clear of all liens, claims and encumbrances, other than Permitted Encumbrances, as defined in the Sale Order.

12. Any mechanic's lien filed against the Debtors or the Premises with respect to the premises associated with the Lease and the Sublease is hereby released, discharged and terminated, and Avaya is hereby authorized to file, register or otherwise record a certified copy of this Order and each and every federal, state and local governmental agency or department is hereby directed to accept a certified copy of this Order as conclusive evidence of the release, discharge, and termination of any mechanic's lien filed against the Debtors or the Premises with respect to the premises associated with the Lease and the Sublease and shall remove such mechanic's lien from record.

13. Except for the rights granted to the Debtors and other parties under the Assignment Agreement and this Order, all parties to the Lease and the Sublease, and to any other

agreements relating to the Lease and the Sublease (other than the Assignment Agreement), are forever barred from raising or asserting against Avaya any default or breach under, or any claim or pecuniary loss, arising under or related to the Lease, the Sublease or any other related agreement, accruing or incurred prior to the Closing Date.

14. Upon consummation of the Sale (which includes assignment of the Lease and Sublease to Avaya), all parties to the Lease and the Sublease, and to any other agreements relating to the Lease and the Sublease, other than the Assignment Agreement, are forever barred from raising or asserting against the Debtors or their estates any default or breach under, or any claim or pecuniary loss, arising under or related to, the Lease, the Sublease or any other related agreement whether accruing or incurred before or after the Closing Date.

15. Any obligations or liabilities arising under the Lease or the Sublease which accrued, were incurred or related to periods prior to the Closing Date, including but not limited to any tax, utility, common area charges or insurance payments, shall have been the obligations of the Debtors and their estates, provided, however, upon the later of the entry of this Order and the Closing Date, the Debtors and their estates shall have no further such obligations.

16. Any obligations arising under the Lease and the Sublease which accrue, are incurred or relate to periods on or subsequent to the Closing Date, including but not limited to any tax, utility, common area charges or insurance payments, shall be the obligation of the Avaya, and no party (including Avaya) shall have a claim against the Debtors or their estates for such obligations.

17. No amounts other than the Cure Amounts, if any, are or shall be due to Landlord or Raytheon, or any other non-Debtor parties to the Lease or the Sublease in connection with the assumption by the Debtors and assignment to Avaya of the Lease and the Sublease.

18. Landlord, Raytheon, and any governmental agency shall accept and honor the assignment of the Lease and the Sublease to Avaya in accordance with the Assignment Agreement and this Order.

19. Landlord and Raytheon shall each cooperate and expeditiously execute and deliver, upon the reasonable requests of the Debtors or Avaya, and shall not charge the Debtors or Avaya for, any instruments, applications, consents, or other documents which may be required by any public or quasi-public authority or other party or entity, for the purpose of obtaining any permits, approvals or other necessary documents required for the alteration, installation of signage, opening and operating of the premises associated with the Lease and the Sublease.

20. To the extent that any provisions in the Assignment Agreement conflict with this Order, this Order shall govern.

21. The assumption and assignment of the Lease and the Sublease are subject to the consummation of the Sale of the Enterprise Solutions Business to Avaya. The Debtors shall be deemed to have assumed and assigned the Lease and the Sublease as of and effective only upon the Closing Date. Absent a closing that includes the Lease and the Sublease, each of the Lease and the Sublease shall be deemed neither assumed nor assigned and shall in all respects be subject to subsequent assumption or rejection by the Debtors under the Bankruptcy Code and the Second Extension Order.

22. This Court shall retain jurisdiction to enforce the provisions of this Order and the assumption and assignment of the Lease and the Sublease.

23. This Order shall be effective and enforceable immediately upon entry and shall not be stayed pursuant to Rules 6004(h) or 6006(d).

24. The Debtors and their estates are authorized to take all actions and execute all documents necessary or appropriate to effectuate the assumption and assignment of the Lease and the Sublease consistent with this Order.

Dated: December 15 2009
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE