IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
                                   :     Chapter 11

*In re*                                 :

Nortel Networks Inc., *et al.*,[6]       :     Case No. 09-10138 (KG)

                                 :     Jointly Administered

                   Debtors.        :

                                 :     **RE: D.I. 2099**

---------------------------------------------------------------X

**ORDER APPROVING THE COMPROMISE OF A CONTROVERSY
BY AND AMONG (I) THE DEBTORS AND (II) THE
CHAPTER 11 TRUSTEE OF NETTEL CORPORATION, INC**

Upon the motion dated December 8, 2009 (the "Motion"),[7] of Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), and as Agent, for entry of an order, as more fully described in the Motion, granting the Debtors authority, pursuant to section 105(a) of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules to enter into a settlement with the Chapter 11 Trustee of NETtel Corporations, Inc.("NETtel") and its corporate parent, NETtel Communications, Inc. ("NETtel Parent") (together with NNI, the "Parties") as pursuant to the terms set forth in the Stipulation attached to the Motion as Exhibit B; and adequate notice of the Motion having been given as set

---

[6] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546 Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[7] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. NNI is authorized to enter into the settlement with the NETtel Ch. 7 Trustee pursuant to the terms set forth in the Stipulation, which the Court finds is in the best interests of NNI, its estate, its creditors and the other parties in interest.

3. The settlement as set forth in the Stipulation between the Parties is approved, subject to the approval by the United States Bankruptcy Court for the District of Columbia in NETtel's Chapter 7 cases.

4. NNI, as Agent, is authorized, but not directed, to disburse to the Secured Lenders their proportionate share of the Gross Settlement Amount without need for further court order and to take such other necessary or appropriate actions to effectuate the settlement.

5. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their

discretion and without further delay, take any action and perform any act authorized under this Order.

6.  The requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure are satisfied by the contents of the Motion or otherwise deemed waived.

7.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: December 15, 2009
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE