IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
: RE: D.I. 2137
:
------------------------------------------------------------X

## ORDER APPROVING (A) THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS PURSUANT TO THE SALE OF THE DEBTORS' ENTERPRISE SOLUTIONS BUSINESS AND (B) APPROVING A COMPROMISE OF CONTROVERSY BETWEEN THE DEBTORS, AVAYA INC. AND AT&T SERVICES, INC.

Upon the motion dated December 14, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105, 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (a) approving the assumption and assignment of the AT&T Customer Contracts (as defined in the Stipulation) as part of the sale of certain of the Debtors' Enterprise Business Solutions assets

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion, or if not defined in the Motion, shall have the meanings ascribed to such terms in the Sale Motion.

to Avaya Inc. as purchaser (together with its designees, the "Purchaser") in accordance with the terms and conditions of the Amended and Restated Asset and Share Sale Agreement entered into by the Debtors and the Purchaser dated September 14, 2009, as may be subsequently amended (the "Sale Agreement"); (b) authorizing the Debtors to compromise a controversy between (i) NNI, (ii) AT&T Services, Inc., on its own behalf and as agent on behalf of AT&T Corp. and its subsidiaries and affiliates (collectively, "AT&T"), and (iii) Avaya Inc. ("Avaya," and together with NNI and AT&T, the "Parties") as more fully described below and as set forth in the agreed terms of the Stipulation; and (c) granting them such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation it is hereby

FOUND AND DETERMINED THAT:[3]

A. The Debtors have demonstrated that it is an exercise of their sound business judgment to assume and assign the Additional Contracts to the Purchaser in connection with the consummation of the Sale, and the assumption, assignment, and sale of the Additional Contracts is in the best interests of the Debtors, their estates, their creditors, and all parties in interest. The Additional Contracts being assigned to the Purchaser are an integral part of the

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

Assets being purchased by the Purchaser, and accordingly, the assumption, assignment and sale of the Additional Contracts is reasonable and enhances the value of the Debtors' estates. The cure amounts, if any, required to be paid pursuant to section 365(b) that are mutually agreed to be paid by the Debtors and the counterparty to the applicable Additional Contract or ordered to be paid by this Court (the "Cure Amounts") are deemed the entire cure obligation due and owing under the Additional Contracts under Bankruptcy Code section 365.

       B.      By agreement of the Parties as set forth in the Stipulation, there are no outstanding defaults of the Debtors and their estates under the Additional Contracts.

       C.      Each and every provision of the Additional Contracts or applicable non-bankruptcy law that purports to prohibit, restrict, or condition, or could be construed as prohibiting, restricting, or conditioning assignment of any Additional Contract have been satisfied or are otherwise unenforceable under Bankruptcy Code section 365.

       D.      The Purchaser has demonstrated adequate assurance of future performance of all Additional Contracts within the meaning of Bankruptcy Code section 365.

       E.      Upon the assignment and sale to the Purchaser, the Additional Contracts shall be deemed valid and binding, in full force and effect in accordance with their terms, subject to the provisions of this Order and the Stipulation.

ORDERED, ADJUDGED AND DECREED THAT:

       1.      The relief requested in the Motion is GRANTED.

       2.      The terms of the Stipulation are hereby APPROVED.

       3.      Pursuant to Bankruptcy Code sections 105(a), 363 and 365, and subject to, conditioned on, and effective as of the Closing Date, the Debtors' assumption and assignment to the Purchaser of the Additional Contracts, and the Purchaser's acceptance of such assignments on the terms set forth in the Sale Agreement and the Stipulation, are hereby approved. On the

Closing Date and upon the terms and conditions of the Stipulation, the Additional Contracts, whether entered into or amended before or after the Petition Date, shall be assumed and assigned to the Purchaser, free and clear of all Interests of any kind or nature whatsoever other than the Assumed Liabilities on the terms set forth in the Sale Agreement, and shall remain in full force and effect for the benefit of the Purchaser in accordance with their respective terms, notwithstanding any provision in any such Additional Contracts (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, limits or conditions such assignment. Pursuant to Bankruptcy Code section 365(k), the Debtors shall be relieved from any further liability with respect to the Additional Contracts following assignment to the Purchaser, except as set forth in the Stipulation. The Debtors are hereby authorized, at Closing or such later date as contemplated by the Sale Agreement, to execute and perform under any other agreement executed in connection with the transfer of the Transferred Property to the Purchaser, and to execute and deliver to the Purchaser such documents or other instruments as may be necessary to assign to Purchaser the Additional Contracts.

4. As of the Closing Date, subject to the provisions of this Order and the Stipulation, the Purchaser shall succeed to the entirety of the Debtors' rights and obligations in the Additional Contracts first arising and attributable to the time period occurring on or after the Closing Date and shall have all rights thereunder.

5. Upon the entry of this Order, (i) all existing and outstanding defaults (monetary and non-monetary) under the Additional Contracts through the Closing Date shall be deemed cured through the payment of the Cure Amounts, if any, (ii) no other amounts will be owed by the Debtors, their estates or the Purchaser with respect to amounts first arising or accruing during, or attributable or related to, the period prior to the Closing Date, (iii) any and all persons or entities shall be forever barred and estopped from asserting a claim against the

Debtors, their estates, or the Purchaser that any additional amounts are due or defaults exist under the Additional Contracts that arose or accrued, or relate to or are attributable to the period prior to the Closing Date, or against the Purchaser any counterclaim, defense, setoff or any other Interest asserted or assertable against the Debtors, or imposing or charging against the Purchaser Releasees any accelerations, assignment fees, increases or any other fees as a result of the Debtors' assumption and assignments to Purchaser of the Additional Contracts except with respect to subparts (ii) and (iii) as set forth in the Stipulation.

6. To the extent that any counterparty failed to object to the Cure Amount with respect to the Additional Contracts, such counterparty shall be deemed to have consented to the applicable Cure Amount, and the assignments to Purchaser of such Additional Contract.

7. Pursuant to sections 365(b)(1)(A) and 365(f)(2)(A) of the Bankruptcy Code, the Debtors have provided adequate assurance to the Counterparties of the Purchaser's future performance under the Additional Contracts.

8. Pursuant to section 365(f) of the Bankruptcy Code, notwithstanding any provision to the contrary in the Additional Contracts, or in applicable non-bankruptcy law, that prohibits, restricts, or conditions the assignment of the Additional Contracts, the Debtors may assign the Additional Contracts to the Purchaser.

9. Upon assumption of the Additional Contracts by the Debtors and assignment to the Purchaser, the Additional Contracts shall be deemed valid and binding, in full force and effect in accordance with their terms, subject to the provisions of this Order and the Stipulation.

10. AT&T shall cooperate and expeditiously execute and deliver, upon the reasonable requests of the Purchaser, and shall not charge the Purchaser for, any instruments, applications, consents, or other documents which may be required or requested by any public or

quasi-public authority or other party or entity to effectuate the applicable transfers in connection with the Transactions.

11. If there is any inconsistency between this Order and the Stipulation, the Stipulation shall control.

12. This Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rules 6004 or 6006 or any other provision of the Bankruptcy Code or the Bankruptcy Rules is expressly lifted.

13. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

14. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: December 15, 2009
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE