# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------X

| | |
|---|---|
| *In re* | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |

-------------------------------------------------------------X

## DEBTORS' MOTION FOR AN ORDER UNDER 11 U.S.C. § 102(1) SHORTENING NOTICE RELATING TO DEBTORS' MOTION FOR AN ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN ADDITIONAL EXECUTORY CONTRACTS PURSUANT TO THE SALE OF THE DEBTORS' ENTERPRISE SOLUTIONS BUSINESS

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this court (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to section 102(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to permit consideration on shortened notice of Debtors' Motion (the "Motion") for an Order  (a) approving the assumption and assignment of the Verizon

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Contracts (as defined in the Motion)[2] in connection with the sale of the Debtors' Enterprise

Solutions business to Avaya Inc. ("Avaya") as purchaser (together with its designees, the

"Purchaser") in accordance with the terms and conditions of the Amended and Restated Asset

and Share Sale Agreement entered into by the Debtors, certain of their affiliates and the

Purchaser dated September 14, 2009, as may be subsequently amended, and (b) granting them

such other and further relief as the Court deems just and proper.  In support of this Motion to

Shorten, the Debtors respectfully represent as follows:

**Jurisdiction**

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory bases for the relief requested herein are sections 102(1) of the

Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e).

**Background**

**A.    Introduction**

3.    On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel

Networks (CALA) Inc. ("NN CALA"), filed voluntary petitions for relief under chapter 11 of the

Bankruptcy Code.  NN CALA filed its voluntary petition for relief under chapter 11 of the

Bankruptcy Code on July 14, 2009.

4.    The Debtors continue to operate their businesses and manage their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

5.    On January 15, 2009, this Court entered an order of joint administration pursuant to Bankruptcy Rule 1015(b) that provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

6.    Also on the Petition Date, the Debtors' ultimate corporate parent NNC, NNI's direct corporate parent NNL, and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.

7.    Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February 27, 2009, this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

8.    On January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration under the

---

[3]    The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4]    The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators").  On

May 28, 2009, at the request of the Joint Administrators, the Commercial Court of Versailles,

France (the "French Court") (Docket No. 2009P00492) ordered the commencement of secondary

proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation

proceedings during which NNSA continued to operate as a going concern for an initial period of

three months, which period was subsequently extended.  On October 1, 2009, pursuant to a

motion filed by the Joint Administrators, the French Court approved an order to: (i) suspend the

liquidation operations relating to the sale of the assets and/or businesses of NNSA for a

renewable period of two months; (ii) authorize the continuation of the business of NNSA so long

as the liquidation operations are suspended; and (iii) maintain the powers of the French

Administrator and Liquidator during the suspension period, except with respect to the sale of

assets and/or businesses of NNSA.  In accordance with the European Union's Council

Regulation (EC) No. 1346/2000 on Insolvency Proceedings, the English law proceedings (the

"English Proceedings") remain the main proceedings in respect of NNSA.  On June 8, 2009,

NNUK filed petitions in this Court for recognition of the English Proceedings as foreign main

proceedings under chapter 15 of the Bankruptcy Code.  On June 26, 2009, the Court entered an

order recognizing the English Proceedings as foreign main proceedings under chapter 15 of the

Bankruptcy Code.

9.      On January 18, 2009, certain Nortel affiliates, including Nortel Networks Israel

(Sales and Marketing) Limited, filed an application with the Tel-Aviv-Jaffa District Court,

pursuant to the Israeli Companies Law, 1999, and the regulations relating thereto for a stay of

proceedings.  On January 19, 2009, the Israeli Court appointed Yaron Har-Zvi and Avi D.

4

Pelossof as joint administrators of the Israeli Company under the Israeli Companies Law (the "Joint Israeli Administrators").

10.    On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142].  An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group").  No trustee or examiner has been appointed in the Debtors' cases.

11.    On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc. (NN CALA and a Debtor with NNI and its affiliates), an affiliate of NNI, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On July 17, 2009, this Court entered orders approving the joint administration and consolidation of NN CALA's chapter 11 case with the other Debtors' chapter 11 cases for procedural proposes [D.I. 1098], and applying to NN CALA certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1099].

**B.    Debtors' Corporate Structure and Business**

12.    A description of the Debtors' corporate structure and business and the events leading to the chapter 11 cases are set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3].

**Relief Requested**

13.    By this Motion to Shorten, the Debtors seek an order:  (i) shortening the notice period for the Motion and (ii) granting related relief.

## Facts Relevant to this Motion

**A.      The Enterprise Business Solutions Sale**

14.      Nortel's Enterprise Solutions business unit provides solutions for addressing the communication needs of large and small businesses globally across a wide variety of industries by building new networks and transforming existing networks into more cost-effective, packet-based networks supporting data, voice and multimedia communications (the "Enterprise Solutions Business").  In particular, the Enterprise Solutions Business specializes in providing solutions that allow its customers to integrate and remove barriers between voice, email, conferencing, video and instant messaging technologies.  Nortel's Enterprise Solutions Business has a global presence with operations and customers in the United States, Canada, Central and Latin America, Europe, the Middle East, Africa, and Asia.

15.      On July 20, 2009, the Debtors filed a Motion for Orders (I)(A) Authorizing Debtors' Entry into the Asset and Share Sale Agreement, (B) Authorizing and Approving the Bidding Procedures, (C) Authorizing and Approving a Break-Up Fee and Expense Reimbursement, (D) Approving the Notice Procedures, (E) Approving the Assumption and Assignment Procedures, (F) Authorizing the Filing of Certain Documents under Seal and (G) Setting a Date for the Sale Hearing, and (II) Authorizing and Approving (A) the Sale of Certain Assets of, and Equity Interests In, Debtors' Enterprise Solutions Business, (B) the Assumption and Assignment of Certain Contracts and Leases and (C) the Assumption and Sublease of Certain Leases [D.I. 1131] (the "Sale Motion").  The Sale Motion sought approval of the sale of certain of the Debtors' assets relating to the Debtors' Enterprise Solutions Business (the "Assets"), including the assumption and assignment of certain executory contracts to the Successful Bidder at an auction, and the approval of certain bidding procedures (the "Bidding Procedures") in connection with the proposed sale.  Following a hearing on the Bidding

6

Procedures, this Court entered an order on August 4, 2009 [D.I. 1278] (the "Sale Procedures

Order"), approving the Bidding Procedures to govern the sale by NNI and certain of its affiliates

(collectively, the "Sellers") of the Assets.

16.     In accordance with the Bidding Procedures, the Sellers conducted an auction that

commenced on September 11, 2009 (the "Auction").  The Successful Bid (as defined in the

Bidding Procedures) resulting from the Auction was the Sale Agreement, dated as of September

14, 2009 with Avaya as Purchaser (the "Successful Bid").

17.     On September 16, 2009, this Court entered an order approving the sale of the

Assets to the Purchaser pursuant to the Successful Bid [D.I. 1514] (the "Sale Order").  The

Canadian Court entered a corresponding order approving the sale in the Canadian Proceedings

on the same day.

18.     As part of the Sale Order, the Court authorized the Debtors under Bankruptcy

Code section 365 to assume and assign the Assumed and Assigned Contracts to the Purchaser,

which assignment shall take place on and be effective as of the Closing or such later date as

contemplated by the Sale Agreement.  The Assumed and Assigned Contracts were defined in the

Sale Agreement to include certain executory contracts (including supplier and customer

contracts) to which the Debtors were a party prior to the sale.

19.     Verizon filed objections to the Sale Motion concerning its contracts with the

Debtors and the potential assumption and assignment or rejection of such contracts [D.I. 1251

and D.I. 1483] (the "Verizon Objections").  As a result, the Sale Order reserved the rights of all

parties with respect to the Verizon Contracts and the Verizon Objections.

20.     Since the entry of the Sale Order, the Debtors, Avaya and Verizon have engaged

in arms-length and extended negotiations to resolve the Verizon Objections and any disputes

relating to the assumption and assignment of the Verizon Contracts. The Debtors now wish to

obtain authorization to assume and assign the Verizon Contracts to the Purchaser in connection

with the sale of the Assets in conjunction with the closing of the sale.

21.     The sale of the Assets is presently anticipated to occur as early as December 18,

2009.

## Basis for Relief Requested

22.     Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on

written motion (served on all interested parties) specifying the exigencies justifying shortened

notice." Del. Bankr. L.R. 9006-1(e). As set forth below, shortening notice is justified here.

23.     The Debtors respectfully submit that shortened notice is appropriate in this

instance because court approval and authorization to assume and assign the Verizon Contracts is

a complementary and necessary step to finalize the larger sale process of the Enterprise Solutions

Business and related assets to the Purchaser. The Debtors, Avaya and Verizon have engaged,

and continue to engage, in ongoing negotiations, and have agreed in principle to assume and

assign the Verizon Contracts. Until very recently, it had not become clear that agreement could

be reached. The sale of the Enterprise Solutions Business is currently scheduled to close on

December 18, 2009 and court approval of the assumption and assignment of the Verizon

Contracts prior to the closing would be beneficial for the Debtors. The Debtors submit that an

expeditious closing of the sale of the Enterprise Solutions Business is in the best interests of the

Debtors' estates and creditors.

24.     For these reasons, the Debtors respectfully submit that allowing the Motion to be

considered on shortened notice is reasonable and appropriate under the circumstances.

## Notice

25.     Notice of the Motion to Shorten is being given via first-class mail, facsimile,

electronic transmission, hand delivery or overnight mail to (i) counsel to the Purchaser; (ii)

Verizon; (iii) the U.S. Trustee; (iv) the Monitor; (v) counsel to the Committee; (vi) counsel to the

Bondholder Group; and (vii) the general service list established in these chapter 11 cases

pursuant to Bankruptcy Rule 2002.  The Debtors submit that under the circumstances no other or

further notice is necessary.

## No Prior Request

26.     No prior request for the relief sought herein has been made to this or any other

court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion to Shorten and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: December 17, 2009
      Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*