**EXHIBIT 2**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
:
: RE: D.I. _____2117
:
------------------------------------------------------------X

## ORDER PURSUANT TO 11 U.S.C. § 105(A) AND § 363(B) (A) APPROVING DEBTORS' ENTRY INTO THE ENTERPRISE SOLUTIONS BUSINESS ESCROW AGREEMENT AND (B) GRANTING RELATED RELIEF

Upon the motion dated December 11, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, (a) approving the Escrow Agreement and (b) granting related relief; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized to enter into the Escrow Agreement, **substantially** in the form attached hereto as <u>Exhibit A</u>, with JP Morgan Chase Bank, N.A. serving as Distribution Agent, pursuant to sections 105(a) and 363 of the Bankruptcy Code, and to take all actions that may be reasonably necessary or appropriate to perform all obligations contemplated thereunder. **<u>The Escrow Agreement may be modified or supplemented by the parties without further order of the Court; provided that any material modifications shall not be made except with the consent of the Debtors, the Canadian Debtors, the Monitor, the Creditors' Committee, the Bondholder Group and the Joint Administrators.</u>**

3. The failure to specifically describe or include any particular provision of the Escrow Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Escrow Agreement be approved in its entirety.

4. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

5. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
      Wilmington, Delaware

                                                                _____
                                                                 THE HONORABLE KEVIN GROSS
                                                                 UNITED STATES BANKRUPTCY JUDGE