**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
:
*In re* : Chapter 11
:
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
:
: RE: D.I. _____2158
:
------------------------------------------------------X

**ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN
ADDITIONAL EXECUTORY CONTRACTS PURSUANT
TO THE SALE OF THE DEBTORS' ENTERPRISE SOLUTIONS BUSINESS**

Upon the motion dated December 16, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105, 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (a) approving the assumption and assignment of the Verizon Contracts (as defined in the Motion) in connection with the sale of the Debtors' Enterprise Solutions Business to Avaya Inc. as purchaser (together with its designees, the "Purchaser") in accordance with the terms and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion, or if not defined in the Motion, shall have the meanings ascribed to such terms in the Sale Motion.

conditions of the Amended and Restated Asset and Share Sale Agreement entered into by the Debtors and the Purchaser dated September 14, 2009, as may be subsequently amended (the "Sale Agreement"), and (b) granting them such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation it is hereby

FOUND AND DETERMINED THAT:[3]

A.    The Debtors have demonstrated that it is an exercise of their sound business judgment to assume and assign the Verizon Contracts to the Purchaser in connection with the consummation of the Sale, and the assumption, assignment, and sale of the Verizon Contracts is in the best interests of the Debtors, their estates, their creditors, and all parties in interest. The Verizon Contracts being assigned to the Purchaser are an integral part of the Assets being purchased by the Purchaser, and accordingly, the assumption, assignment and sale of the Verizon Contracts is reasonable and enhances the value of the Debtors' estates. The cure amounts, if any, required to be paid pursuant to section 365(b) that are mutually agreed to be paid by the Debtors and Verizon or ordered to be paid by this Court (the "Cure Amounts") are

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

deemed the entire cure obligation due and owing under the Verizon Contracts under Bankruptcy Code section 365.

B. Each and every provision of the Verizon Contracts or applicable non-bankruptcy law that purport to prohibit, restrict, or condition, or could be construed as prohibiting, restricting, or conditioning assignment of any Verizon Contract have been satisfied or are otherwise unenforceable under Bankruptcy Code section 365.

C. Upon the payment of the Cure Amount, if any, there are no outstanding defaults of the Debtors and their estates under the Verizon Contracts.

D. The Purchaser has demonstrated adequate assurance of future performance of all Verizon Contracts within the meaning of Bankruptcy Code section 365.

E. Upon the assignment and sale to the Purchaser, the Verizon Contracts shall be deemed valid and binding, in full force and effect in accordance with their terms, subject to the provisions of this Order, and any agreement between the parties authorized by this Order.

ORDERED, ADJUDGED AND DECREED THAT:

1. The relief requested in the Motion is GRANTED.

2. Pursuant to Bankruptcy Code sections 105(a), 363 and 365, and subject to, conditioned on, and effective upon the Effective Assumption and Assignment Date, the Debtors' are authorized but not directed to assume and assign to the Purchaser the Verizon Contracts, and the Purchaser's acceptance of such assignments on the terms set forth in the Sale Agreement, is hereby approved. On the Effective Assumption and Assignment Date, those Verizon Contracts identified to Verizon in written notice to Verizon, whether entered into or amended before or after the Petition Date, shall be assumed and assigned to the Purchaser, free and clear of all

Interests of any kind or nature whatsoever other than the Assumed Liabilities on the terms set forth in the Sale Agreement, and shall remain in full force and effect for the benefit of the Purchaser in accordance with their respective terms, notwithstanding any provision in any such Verizon Contracts (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, limits or conditions such assignment. ~~Pursuant~~**Except to the extent set forth in a written agreement entered into among the Debtors, Avaya and Verizon, pursuant** to Bankruptcy Code section 365(k), the Debtors shall be relieved from any further liability with respect to the Verizon Contracts following assignment to the Purchaser. Debtors are hereby authorized, but not directed, to execute and perform under any other agreement executed in connection with the transfer of the Transferred Property to the Purchaser, and to execute and deliver to the Purchaser such documents or other instruments as may be necessary to assign to Purchaser the Verizon Contracts.

   3. As of the Effective Assumption and Assignment Date, subject to the provisions of this Order, the Purchaser shall succeed to the entirety of the Debtors' rights and obligations in the Verizon Contracts first arising and attributable to the time period occurring on or after the Effective Assumption and Assignment Date and shall have all rights thereunder.

   4. Upon the entry of this Order and delivery of written notice to Verizon identifying the Verizon Contracts to be assumed and assigned, **except to the extent set forth in a written agreement entered into among the Debtors, Avaya and Verizon,** (i) all defaults (monetary and non-monetary) under the Verizon Contracts through the Effective Assumption and Assignment Date shall be deemed cured through the payment of the Cure Amounts, if any, (ii) no other amounts will be owed by the Debtors, their estates or the Purchaser with respect to amounts first arising or accruing during, or attributable or related to, the period prior to the

Effective Assumption and Assignment Date, (iii) any and all persons or entities shall be forever barred and estopped from asserting a claim against the Debtors, their estates, or the Purchaser that any additional amounts are due or defaults exist under the Verizon Contracts that arose or accrued, or relate to or are attributable to the period prior to the Effective Assumption and Assignment Date, or against the Purchaser any counterclaim, defense, setoff or any other Interest asserted or assertable against the Debtors, or imposing or charging against the Purchaser Releasees any accelerations, assignment fees, increases or any other fees as a result of the Debtors' assumption and assignments to Purchaser of the Verizon Contracts.

5. To the extent that Verizon failed to object to the proposed Cure Amount with respect to the Verizon Contracts**, except to the extent set forth in a written agreement entered into among the Debtors, Avaya and Verizon**, Verizon shall be deemed to have consented to the applicable Cure Amount, and the assignments to Purchaser of such Verizon Contract.

6. Pursuant to sections 365(b)(1)(A) and 365(f)(2)(A) of the Bankruptcy Code, the Debtors and Avaya have provided adequate assurance to Verizon of the Purchaser's future performance under the Verizon Contracts.

7. Pursuant to section 365(f) of the Bankruptcy Code, notwithstanding any provision to the contrary in the Verizon Contracts, or in applicable non-bankruptcy law, that prohibits, restricts, or conditions the assignment of the Verizon Contracts, the Debtors may assign the Verizon Contracts to the Purchaser.

8. Verizon shall **reasonably** cooperate and expeditiously execute and deliver, upon the reasonable requests of the Purchaser, ~~and shall not charge the Purchaser for~~, any instruments, applications, consents, or other documents which may be required or requested

by any public or quasi-public authority or other party or entity to effectuate the applicable transfers in connection with the Transactions.

9. The Debtors are authorized, but not directed, to take any actions, including the entry into any additional agreements, in order to effect the assumption and assignment of the Verizon Contracts; provided that any such agreements shall not be in contradiction with any provision of this Order.

10. Upon assumption of the Verizon Contracts by the Debtors and assignment to the Purchaser, the Verizon Contracts shall be deemed valid and binding, in full force and effect in accordance with their terms, subject to the provisions of this Order and any subsequent agreement between the Debtors, Verizon, and Avaya.

**<u>11.</u>** **<u>Notwithstanding anything else contained in this Order, only those Verizon Contracts that are the subject of such subsequent separate agreement shall be assumed by the Debtors and assigned to Avaya. In the event such agreement is not executed by the Debtors, Avaya and Verizon on or before the Closing or such later date as the Debtors, Avaya and Verizon mutually agree, this Order shall have no further force and effect.</u>**

**12.** ~~11.~~ This Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rules 6004 or 6006 or any other provision of the Bankruptcy Code or the Bankruptcy Rules is expressly lifted.

**13.** ~~12.~~ Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or

realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

**14.**    ~~13.~~ The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE