# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re: **Nortel Networks, Inc.**               Ch. 11 Case No.: **09-10138**

                                                Court ID     (Court use only) _____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001 (e)(2), Fed. R. Bankr. P. of the absolute assignment and transfer, other than for security, of the claim referenced in this notice. A copy of the executed assignment is attached (with the purchase price redacted).

| | |
|---|---|
| Name of Transferee<br>**Bell Aliant Regional Communications, Limited Partnership** | Name of Transferor<br>**Innovatia Inc.** |
| Name and Address where notices to transferee should be sent<br>**Bell Aliant Regional Communications, Limited Partnership**<br>**6 South, Maritime Centre**<br>**1505 Barrington Street**<br>**Halifax, NS, Canada**<br>**B3J 2W3**<br><br>Attn: **Evan J. Kipnes**<br>Phone: **709-739-3184**<br>Facsimile: **709-738-4266** | |
| Last Four Digits of Acct #: _____ | Last Four Digits of Acct #: _____ |
| Name and Address where transferee payments should be sent (if different from above) | Name and Current Address of Transferor<br>**Innovatia Inc.**<br>**One Germain Street**<br>**Saint John, NB  Canada**<br>**E2L 4R5** |

Court Claim # (if known):  4288
Claim Amount:       $506,235.56
Date Claim Filed:    September 28, 2009

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Evan J. Kipnis    Date: November 20, 2009
Transferee/Transferee's Agent
*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## DEADLINE TO OBJECT TO TRANSFER

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court and with the Nortel Networks Claims agent as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

ASSIGNMENT OF CLAIM

THIS ASSIGNMENT OF CLAIM (the "Assignment") is dated as of October 30, 2009 between INNOVATIA INC. (the "Assignor") and BELL ALIANT REGIONAL COMMUNICATIONS, LIMITED PARTNERSHIP (the "Assignee").

RECITALS:

A.   The Assignor is a wholly-owned subsidiary of the Assignee and the Assignor will be sold to a third party purchaser on our about November 1, 2009, pursuant to the Share Purchase Agreement dated September 30, 2009. The Assignor has substantial intercompany debts owing to the Assignee that, as part of the sale of the Assignor, are required to be paid or otherwise settled.

B.   The Assignor has claims against a number of subsidiaries of Nortel Networks Corporation, as set out more particularly below, which claims it intends to assign to the Assignee in partial satisfaction of the intercompany debt it owes to the Assignee.

C.   On January 14, 2009, Nortel Networks Limited and certain of its affiliates and subsidiaries listed in Schedule "A" hereto (collectively "Nortel Canada") filed for protection under the *Companies' Creditors Arrangement Act* (Canada) (the "CCAA Proceedings") before the Ontario Superior Court of Justice [commercial list] (the "Canadian Court"). Also on January 14, 2009, Nortel Networks Inc. and certain of its affiliates and subsidiaries listed in Schedule "B" hereto (collectively, "Nortel US") filed petitions under Chapter 11 of the U.S. Bankruptcy Code before the United States Bankruptcy Court for the District of Delaware (the "U.S. Court") (the "Chapter 11 Proceedings"). Nortel Networks UK Limited ("Nortel UK", together with Nortel Canada and Nortel US, the "Debtor") and certain of its affiliates were granted Administration orders by the English High Court on January 14, 2009 (the "UK Proceedings", together with the CCAA Proceedings and the Chapter 11 Proceedings, the "Insolvency Proceedings").

D.   The Assignor's claim in the CCAA Proceedings in the amount of US$584,098.39 and CDN$2,066,360.99 against debtor Nortel Networks Limited and US$2,160.00 against debtor Nortel Networks Technology Corporation (collectively, the "Canadian Claim") has been submitted to the Monitor, Ernst & Young Inc. (the "Monitor") in accordance with an Order of the Canadian Court dated July 30, 2009, establishing claims procedure (the "Claims Procedure Order"). The Assignor's claim in the Chapter 11 Proceedings in the amount of US$506,235.56 against debtor Nortel Networks Inc. (the "US Claim") has been submitted to the claims agent, Epiq Bankruptcy Solutions, LLC (the "Claims Agent") in accordance with the Chapter 11 Proceedings.

E.   The Assignor is also owed US$13,618.05 by Nortel UK (the "UK Claim", together with the Canadian Claim and the US Claim, the "Claim"), however no formal claims process has been commenced in the UK Proceedings and accordingly no formal claim has been filed by the Assignor with respect to the UK Claim.

21930048.7~25529/0446/1105817v1

- 2 -

F.    The Assignor has agreed to assign to the Assignee and the Assignee has agreed to purchase all of the Assignor's rights, title and interest in, to and under the Claim, and to the extent related thereto, the following:

(a)    all voting rights and other rights, remedies and benefits arising under, relating to or in respect of the Claim;

(b)    the right to receive any and all cash, securities, property and other payments and distributions (and the proceeds thereof) relating to the Claim in the Insolvency Proceedings or any other bankruptcy, insolvency, receivership, restructuring, arrangement or other proceeding affecting the Debtor or otherwise, and any proceeds thereof (collectively, the "Distributions");

(c)    all rights to collect and enforce the Claim or any part thereof;

(d)    all other claims, defences or causes of action against the Debtor in the Insolvency Proceedings, their affiliates, and any guarantor or other third party relating to or arising from the Claim or any part thereof including, without limitation, rights of set-off against the Debtor or its affiliates arising from the Claim;

(e)    the Assignor's proofs of claim filed with the Monitor in the CCAA Proceedings as supplemented by letters dated September 28, 2009 (collectively, the "Canadian Proofs of Claim");

(f)    the Assignor's proof of claim filed with the Claims Agent in the Chapter 11 Proceedings as supplemented by a letter dated September 25, 2009 (collectively, the "US Proof of Claim", together with the Canadian Proofs of Claim, the "Proofs of Claim");

(g)    any and all claims, causes of action or defences against the Debtor or any third person arising under or relating to any of the foregoing;

(h)    all other rights with respect to the Claim; and

(i)    any and all cash, securities and other property distributed, paid, or collected after the date of this Assignment in respect of any of the foregoing, and the proceeds thereof.

(all such rights, title and interest of the Assignor described above, being collectively referred to herein as the "Assigned Claim".)

NOW THEREFORE the parties agree as follows:

1.    <u>Assignment</u>. In consideration of ▓▓▓▓▓▓▓▓▓ as set out in Schedule "C" (the "Purchase Price"), now paid by the Assignee to the Assignor, by way of set-off of such amounts against amounts owing by the Assignor to the Assignee, the Assignor hereby absolutely and unconditionally sells, transfers, assigns, grants and conveys to the Assignee the Assigned Claim.

- 3 -

2. **Acknowledgements.** The Assignor and the Assignee acknowledge to each other as follows:

    (a) that the other party may have, and may later come into possession of, information with respect to the Assigned Claim, the Debtor, its business and/or the Debtor's financial condition or affairs, that is not known to the other party and may be material to a decision to acquire or assign, as the case may be, the Assigned Claim ("**Excluded Information**"). Each party hereto has agreed to assign or buy, as the case may be, the Assigned Claim, notwithstanding the lack of its knowledge of the Excluded Information and each party shall have no liability to the other party and each party hereby waives and releases any claim that it might have against the other party, with respect to the non-disclosure of Excluded Information;

    (b) the consideration being paid by the Assignee hereunder may differ both in kind and amount from what is ultimately distributed on account of the Assigned Claim; and

    (c) the Assignee acknowledges that the ultimate distributions on account of the Assigned Claim is subject to various conditions that have yet to be satisfied at the time of this Assignment or that are unknown by the parties at the time of this Assignment.

3. **Notice of Assignment of Claim.** The Assignor agrees (a) to execute and deliver to the Assignee and the Monitor, the Notice of Assignment of Claim (the "**Canadian Notice**") in substantially the form attached as Schedule "D" hereto, and (b) to execute and deliver to the Assignee, the Claims Agent and file with US Court the Notice of Transfer of Claim other than for Security (the "**U.S. Notice**") in substantially for the form attached as Schedule "E" hereto as evidence of the assignment by the Assignor to the Assignee of the Assigned Claim. The Assignor agrees to make any amendments to such Canadian Notice and/or US Notice as may be reasonably requested by the Assignee to effect the assignment of the Assigned Claim to the Assignee. The Assignor hereby (i) consents to the substitution of the Assignor by Assignee for all purposes in the Insolvency Proceedings relating to the Assigned Claim, including, without limitation, for voting and distribution purposes and (ii) stipulates that an order may be entered recognizing the Assignee (or its successors and assigns) as the sole owner and holder of the Assigned Claim.

4. **Distributions.** In the event that the Assignor or any party on behalf of the Assignor receives any of the Distributions or other amounts or any notices in respect of the Assigned Claim in the Insolvency Proceedings or in any other bankruptcy, insolvency, receivership, restructuring, arrangement or other proceeding of or involving the Debtor, then the recipient thereof, (a) agrees to accept such distribution or other amounts as agent on behalf of and in trust for the other party and to pay, deliver or transfer the same to such other party, within three business days in the case of cash and within seven business days in the case of securities, (free of any withholding, set-off or deduction of any kind) in the same form received, with the endorsement of the receiving party as necessary or appropriate, without recourse; (b) agrees to deliver all such notices forthwith to such

- 4 -

other party; and (c) shall have no legal, equitable or beneficial interest in such distributions or other amounts.

5. **Indemnities.**

   (a) The Assignor agrees to indemnify, defend and hold the Assignee and its officers, directors, employees, agents and controlling persons and their successors and assigns (collectively or individually, the "Assignee Indemnitees") harmless from and against any and all expenses, losses, claims, judgments, damages, liabilities or obligations (collectively or individually, the "Liabilities") which are incurred by the Assignee Indemnitees or any of them, including, without limitation, reasonable legal fees and expenses, caused by, or in any way resulting from or relating to (i) the Assignor's breach of any of the representations, warranties, covenants or agreements of the Assignor set forth in this Assignment, and (ii) any failure, not due to the Assignee's acts or omissions, to transfer the Assigned Claim to the Assignee in the Insolvency Proceedings.

   (b) The Assignee agrees to indemnify, defend and hold the Assignor and its officers, directors, employees, agents and controlling persons and their successors and assigns (collectively or individually, the "Assignor Indemnitees") harmless from and against any and all Liabilities which are incurred by the Assignor Indemnitees, including, without limitation, reasonable legal fees and expenses, caused by, or in any way resulting from or relating to the Assignee's breach of any of the representations, warranties, covenants or agreements of the Assignee set forth in this Assignment.

6. **Competition Act/Anti-trust Regulatory Filings.** The Assignor and the Assignee agree to co-operate in any filings that may be required or are appropriate under the *Competition Act* in respect of the assignment hereunder.

7. **Further Assurances.** In addition to any other covenants herein, each party agrees to execute and deliver, or to cause to be executed and delivered, all such instruments (including all necessary endorsements) and to take all such actions (including the execution, delivery and filing of the Canadian Notice and the U.S. Notice) and other reasonable steps as the other party may reasonably request, at such party's expense, in order to (i) evidence or effect the assignment of the Assigned Claim to the Assignee and the terms of this Assignment or (ii) to enforce the Assigned Claim; provided, however, that the Assignee expressly acknowledges and agrees that the Assignor shall not be required to disclose to the Assignee or any other person (other than the Court, the Monitor or the Claims Officer, as necessary) any confidential or commercially sensitive information or documents evidencing, creating or relating to the Claim or any part thereof, including, without limitation, any expert reports, notes or memoranda, which may have been prepared in connection with the Assignor's Claim, provided however that the Assignor shall disclose any such information to any party when instructed to do so by the Assignee to defend a claim by the Debtor for payment of any obligations by the Assignee.

- 5 -

8.  **Notices**. Any notice or other communication under this Assignment shall be in writing and be sent by facsimile, courier or e-mail, including by the way of PDF format, and shall be addressed as follows:

    (a)  if to the Assignor, to:

    Innovatia Inc.
    One Germain Street
    P.O. Box 6081
    Saint John, NB E2L 4R5

    Attention:    ⊚
    Facsimile:    (506) 640-4422

    With a copy to:

    [⊚]
    Attention:    [⊚]
    Telephone:    [⊚]
    Facsimile:    [⊚]
    E-mail:       [⊚]

    (b)  If to the Assignee, to:

    Bell Aliant Regional Communications, Limited Partnership
    6 South, Maritime Centre
    1505 Barrington Street
    Halifax, NS  B3J 2W3

    Attention:    Evan Kipnis
    Telephone:    709-739-3184
    Facsimile:    709-738-4266
    E-mail:       evan.kipnis@bellaliant.ca

    With a copy to:

    Blake, Cassels & Graydon LLP
    Commerce Court West, 28th Floor
    199 Bay Street
    Toronto, ON M5L 1A9

    Attention:    Mr. Chris Burr
    Facsimile:    416.863.3301
    E-mail:       chris.burr@blakes.com

- 6 -

9. **Costs and Expenses.** The parties agree to bear their own respective legal and other costs and expenses for preparing, negotiating, executing, and implementing the assignment of the Assigned Claim and the transactions contemplated hereunder.

10. **Confidentiality.** Each party hereby agrees that, without the prior written consent of the other party, it will not disclose the Purchase Price or any of the other terms and conditions of this Assignment or the documents evidencing the Claim (the "**Confidential Terms**") to any person or entity, except (and only to the extent) as may be required by the Monitor, Claims Officer, and/or the Debtor to evidence the assignment herein or to enforce the Assigned Claim, or as may be required under a plan of arrangement or compromise filed in the CCAA Proceedings or the Chapter 11 Proceedings or order of the court of competent jurisdiction or by applicable law or legal obligations or to any body or agency having regulatory rights of review over the Assignor's or the Assignee's business or to such party's professional advisors; provided, however, that the Assignee may disclose the existence of the Confidential Terms (but not the Purchase Price) to any prospective or actual transferees (and their advisors) of the Assigned Claim, or any portion thereof, in each case who agrees to maintain the confidentiality of the Confidential Terms as provided herein.

    Notwithstanding any of the foregoing, the Assignee may disclose any Confidential Terms to any party where necessary, in the sole discretion of the Assignee, to defend a claim by the Debtor for payment of any obligations by the Assignee.

11. **Successors and Assigns.** This Assignment shall be binding upon and enure to the benefit of the parties hereto and their respective successors and permitted assigns. This Assignment may not be assigned in whole or in part by any party without the prior written consent of the other party.

12. **Entire Agreement.** This Assignment constitutes the complete agreement of the parties hereto with respect to the subject matters referred to herein and supersedes all prior or contemporaneous negotiations, promises, covenants, agreements or representations of every nature whatsoever with respect thereto, all of which have become merged and finally integrated into this Assignment. This Assignment cannot be amended, modified or supplemented except by an instrument in writing executed by both parties hereto.

13. **Counterparts.** This Assignment may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which shall together constitute one and the same document.

14. **Governing Law, etc.** This Assignment will be governed by and interpreted in accordance with the laws of the Province of Ontario applicable therein (without regard to any conflict of law provisions thereof that results in the application of the laws of any other jurisdictions). Each party to this Assignment hereby irrevocably consents to the courts of competent jurisdiction of the Province of Ontario and Canada in any action to enforce, interpret or construe any provision of this Assignment or of any other agreement or document delivered in connection with this Assignment, and also hereby irrevocably

- 7 -

waives any defence of improper venue, forum non conveniens or lack of personal jurisdiction to any such action brought in these courts.

- 11 -

IN WITNESS WHEREOF the parties have executed this Assignment as of the date first written above.

INNOVATIA INC.

By: *Cathy Rignanesi*
Name: Cathy Rignanesi
Title: Assistant Treasurer


BELL ALIANT REGIONAL COMMUNICATIONS, LIMITED PARTNERSHIP, by its General Partner, BELL ALIANT REGIONAL COMMUNICATIONS INC.

By: _____
Name: Rod MacGregor
Title: VP Corporate Development and Strategy

[Receivables Transfer Agreement]

- 11 -

IN WITNESS WHEREOF the parties have executed this Assignment as of the date first written above.

                        INNOVATIA INC.

                        By: _____
                        Name:
                        Title:

BELL ALIANT REGIONAL COMMUNICATIONS, LIMITED PARTNERSHIP, by its General Partner, BELL ALIANT REGIONAL COMMUNICATIONS INC.

By: *[signature]*
Name: Rod MacGregor
Title: VP Corp Development & Strategy

By: _____
Name:
Title:

21930048.5

## SCHEDULE "A"

### NORTEL NETWORKS LIMITED – AFFILIATES & SUBSIDIARIES

Nortel Networks Technology Corporation

Nortel Networks International Corporation

Nortel Networks Global Corporation

## SCHEDULE "B"

### NORTEL NETWORKS INC. – AFFILIATES & SUBSIDIARIES

Nortel Networks Capital Corporation

Nortel Altsystems Inc.

Nortel Altsystems International Inc.

Xros, Inc.

Sonoma Systems

Qtera Corporation

CoreTek, Inc.

Nortel Networks Applications Management Solutions Inc.

Nortel Networks Optical Components Inc.

Nortel Networks HPOCS Inc.

Architel Systems (US) Corporation

Nortel Networks International Inc.

Northern Telecom International Inc.

Nortel Networks Cable Solutions Inc.

Nortel Networks (CACA), Inc.

## SCHEDULE "C"

|  | Original Currency Claim | CDN$ Equivalent[1] |
|---|---|---|
| **Canadian Claim** | | |
| - Nortel Networks Limited: | US$584,098.39 | $712,746.06 |
|  | CDN$2,066,360.00 | $2,066,360.99 |
| - Nortel Networks Technology Corporation: | CDN$2,160.00 | $2,160.00 |
| **US Claim** | | |
| - Nortel Networks Inc.: | US$506,235.56 | $617,733.94 |
| **UK Claim** | | |
| - Nortel Networks UK Limited | US$13,618.05 | $16,617.43 |
| **TOTAL CLAIM:** |  | **$3,415,618.42** |

Consideration: ▮▮▮▮▮▮

---

[1] Conversion uses CDN$ exchange rate of 1.22025

SCHEDULE "D"

FORM OF NOTICE OF ASSIGNMENT OF CLAIM

NOTICE OF ASSIGNMENT OF CLAIM

TO:        ERNST & YOUNG INC.
           222 Bay Street, P.O. Box 251
           Toronto-Dominion Centre
           Toronto, ON   M5K 1J7

           Attention:   the Monitor
           Facsimile:   416-943-2808
           E-mail:      Nortel.monitor@ca.ey.com

Re:   Nortel Networks Corporation et al. ("Nortel")
Re:   Assignment of Claim by Innovatia Inc.

We refer to the claim of Innovatia Inc. (the "Assignor") against Nortel Networks Limited of US$584,098.39 and CDN$2,066,360.99 and the Assignor's claim against Nortel Networks Technology Corporation of US$2,160.00 (collectively, the "Claims").

We hereby give notice to you of the absolute assignment by the Assignor to BELL ALIANT REGIONAL COMMUNICATIONS, LIMITED PARTNERSHIP (the "Assignee") of all of the Assignor's right, title and interest in and to the Claims (the "Assigned Claim"). A copy of the confidential Assignment of Claim dated as of October 30, 2009 between the Assignor and the Assignee evidencing the assignment of the Assigned Claim by the Assignor to the Assignee (with the purchase price redacted) is attached hereto.

Effective immediately, you are hereby authorized and directed to deliver all notices and distributions in respect of the Assigned Claim to the Assignee at the following address:

Bell Aliant Regional Communications, Limited Partnership
6 South, Maritime Centre
1505 Barrington Street
Halifax, NS  B3J 2W3

Attn: Evan Kipnis
Telephone: 709-739-3184
Facsimile: 709-738-4266

Please acknowledge this notice of assignment by signing the enclosed copy and returning it to the Assignee at the foregoing address.

Dated this ____ day of _____, 2009.

INNOVATIA INC.

By: /s/ Cathy Rignanesi
Name: Cathy Rignanesi
Title: Assistant Treasurer

Acknowledged, _____, 2009
**ERNST & YOUNG INC.** in its capacity as
court appointed Monitor of Nortel Networks
Corporation, et. al.

_____
By:
Title:

[Notice of Assignment of Claim]

21930048.5

## SCHEDULE "E"

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

In re: Nortel Networks, Inc.          Ch. 11 Case No.: 09-10138

                                      Court ID   (Court use only) _____

### NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001 (e)(2), Fed. R. Bankr. P. of the absolute assignment and transfer, other than for security, of the claim referenced in this notice. A copy of the executed assignment is attached (with the purchase price redacted).

| Name of Transferee | Name of Transferor |
|---|---|
| Bell Aliant Regional Communications, Limited Partnership | Innovatia Inc. |

Name and Address where notices to transferee should be sent
Bell Aliant Regional Communications, Limited Partnership
6 South, Maritime Centre
1505 Barrington Street
Halifax, NS, Canada
B3J 2W3

Attn: Evan J. Kipnes
Phone: 709-739-3184
Facsimile: 709-738-4266

Last Four Digits of Acct #: _____          Last Four Digits of Acct #: _____

Name and Address where transferee payments should be sent (if different from above)

Name and Current Address of Transferor
Innovatia Inc.
One Germain Street
Saint John, NB  Canada
E2L 4R5

Court Claim # (if known): 4288
Claim Amount:    $506,235.56
Date Claim Filed:    September 28, 2009

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Evan J. Kipnis                                Date: _____, 2009
    Transferee/Transferee's Agent
*Penalty for making a false statement: Fines of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

| DEADLINE TO OBJECT TO TRANSFER |
|---|

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court and with the Nortel Networks Claims agent as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

## FORM OF NOTICE OF ASSIGNMENT OF CLAIM

**NOTICE OF ASSIGNMENT OF CLAIM**

TO:     **ERNST & YOUNG INC.**
        222 Bay Street, P.O. Box 251
        Toronto-Dominion Centre
        Toronto, ON   M5K 1J7

        Attention:   the Monitor
        Facsimile:   416-943-2808
        E-mail:      Nortel.monitor@ca.ey.com

Re:     Nortel Networks Corporation et al. ("Nortel")
Re:     Assignment of Claim by Innovatia Inc.

We refer to the claim of Innovatia Inc. (the "Assignor") against Nortel Networks Limited of US$584,098.39 and CDN$2,066,360.99 and the Assignor's claim against Nortel Networks Technology Corporation of US$2,160.00 (collectively, the "Claims").

We hereby give notice to you of the absolute assignment by the Assignor to BELL ALIANT REGIONAL COMMUNICATIONS, LIMITED PARTNERSHIP (the "Assignee") of all of the Assignor's right, title and interest in and to the Claims (the "Assigned Claim"). A copy of the confidential Assignment of Claim dated as of October 30, 2009 between the Assignor and the Assignee evidencing the assignment of the Assigned Claim by the Assignor to the Assignee (with the purchase price redacted) is attached hereto.

Effective immediately, you are hereby authorized and directed to deliver all notices and distributions in respect of the Assigned Claim to the Assignee at the following address:

Bell Aliant Regional Communications, Limited Partnership
6 South, Maritime Centre
1505 Barrington Street
Halifax, NS  B3J 2W3

Attn: Evan Kipnis
Telephone: 709-739-3184
Facsimile: 709-738-4266

Please acknowledge this notice of assignment by signing the enclosed copy and returning it to the Assignee at the foregoing address.

Dated this 30th day of October, 2009

INNOVATIA INC.

By: /s/ Cathy Rignanesi
Name: Cathy Rignanesi
Title: Assistant Treasurer

Acknowledged, _____, 2009
ERNST & YOUNG INC. in its capacity as
court appointed Monitor of Nortel Networks
Corporation, et. al.

_____
By:
Title:

[Notice of Assignment of Claim]

21930048.5