### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X

*In re*

Nortel Networks Inc., *et al.*,[1]

            Debtors.

------------------------------------------------------------X

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

RE: D.I. 2193, 2194

### ORDER UNDER 11 U.S.C. § 102(1) SHORTENING NOTICE RELATING TO DEBTORS' MOTION FOR ORDERS AUTHORIZING DEBTORS' ENTRY INTO THE STALKING HORSE AGREEMENT AND RELATED RELIEF

Upon the motion (the "Motion to Shorten"),[2] of Nortel Networks Inc. ("NNI"), and its affiliated debtors and debtors in possession (collectively, the "Debtors") for entry of an order, as more fully described in the Motion to Shorten, shortening notice pursuant to sections 102(1) and 105 of the Bankruptcy Code, Bankruptcy Rules 2002 and 9006, and Local Rule 9006-1(e) with respect to certain elements of the Debtors' Motion (the "Sale Motion") for orders (I)(A) authorizing the Debtors' entry into the Stalking Horse Agreement (the "Stalking Horse Agreement") among NNI, Nortel Networks Limited ("NNL"), Nortel Networks Corporation ("NNC") and certain other entities identified therein as sellers (together, the "Sellers") and GENBAND Inc., as purchaser ("GENBAND" or the "Stalking Horse Purchaser") for the sale of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

certain assets of the Sellers' Carrier Voice Over IP and Application Solutions business (the "CVAS Business") (the "Purchased Assets" and together with the Assumed and Assigned Contracts, the "Assets"), (B) authorizing and approving the Bidding Procedures and Bid Protections, (C) approving payment of an Incentive Fee (as defined in the Motion), (D) approving the Notice Procedures (as defined in the Motion) and the Assumption and Assignment Procedures (as defined in the Motion), (E) authorizing the Debtors to file certain documents under seal and (F) setting the date for a hearing (the "Sale Hearing") to consider the sale of the Assets and the assumption and assignment of the Assumed and Assigned Contracts (the "Sale"), (II) authorizing and approving (A) the sale of the Purchased Assets, free and clear of all liens, claims and encumbrances, and (B) the assumption and assignment of certain executory contracts (the "Motion") ; and it appearing that adequate notice of the Motion having been given as set forth in the Motion to Shorten; and it appearing that no other or further notice is necessary; and it appearing that the relief requested is in the best interests of the Debtors' estates and creditors, and other parties-in-interest; and it appearing that the Court has jurisdiction to consider the Motion to Shorten and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion to Shorten is GRANTED.

2. The Motion will be considered at a hearing scheduled on **January 6, 2010 at 10:00 a.m.** (prevailing Eastern Time).

3. Objections, if any, to the Motion shall be filed and served no later than **January 4, 2010 at 4:00 p.m.** (prevailing Eastern Time).

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

4.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: December 23, 2009
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE