**EXHIBIT A**

**PROPOSED ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------X
                                                       :
                                                       :    Chapter 11
                                                       :
In re                                                  :    Case No. 09-10138 (KG)
                                                       :
Nortel Networks Inc., et al.,[1]                       :    Jointly Administered
                                                       :
                         Debtors.                      :
                                                       :    RE: D.I. _____
                                                       :
-------------------------------------------------------X
```

## ORDER (A) APPROVING THE FINAL CANADIAN FUNDING AND SETTLEMENT AGREEMENT, AND (B) GRANTING RELATED RELIEF

Upon the motion dated December 23, 2009 (the "Motion"),[2] of Nortel Networks Inc. and

its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the

"Debtors")[3], for entry of an order, as more fully described in the Motion, pursuant to sections

105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, (a) approving the terms

and conditions of the Final Canadian Funding and Settlement Agreement (the "Canadian

Funding Agreement"), and (b) granting related relief; and adequate notice of the Motion having

been given as set forth in the Motion; and it appearing that no other or further notice is

necessary; and the Court having jurisdiction to consider the Motion and the relief requested

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

[3]    The Debtors for purposes of this Order include all of the entities listed above except Nortel Networks (CALA) Inc.

therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that

consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the

Court having determined that the legal and factual bases set forth in the Motion establish just

cause for the relief requested in the Motion, and that such relief is in the best interests of the

Debtors, their estates, their creditors and the parties in interest; and upon the record in these

proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The Debtors are authorized, but not directed, to enter into the Canadian Funding

Agreement pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019, and to

take any and all actions that may be reasonably necessary or appropriate to perform all

obligations contemplated thereunder.

3.      Upon the satisfaction of each of the conditions set forth in Section 17 of the

Canadian Funding Motion, NNI is authorized to pay NNL a Settlement Payment in the amount

of US$190.8 million in accordance with and subject to the adjustments described in the Canadian

Funding Agreement.

4.      Pursuant to Bankruptcy Rule 9019, the Canadian Funding Agreement constitutes

a full and final settlement of any and all Covered Obligations whether arising during, or related

to, the Settlement Period.  The Settlement Payment represents the maximum payment that the

Debtors may or could owe in respect of the Covered Obligations for the Settlement Period, and

the maximum post-petition or administrative claim that any of the Canadian Debtors may have or could assert against one or more the Debtors.

5.     The Debtors are authorized, but not directed, to enter into the NNI Loan Amendment.

6.     Each of the Canadian Debtors shall indemnify, defend and hold harmless each Debtor from and against any and all actions, suits, claims, proceedings, costs, damages, losses, liabilities, judgments, amounts, fines, penalties, levies, compensations paid in settlement (provided NNL has agreed in writing to any such settlement), and expenses (including without limitation reasonable attorneys' fees and disbursements) resulting from a claim, demand, lawsuit, action or proceeding relating to, arising from or in connection with the matters set forth in Section 1 of the Canadian Funding Agreement, Transfer Pricing Payments for the calculation period in the applicable Transfer Pricing Agreements in respect of the Settlement Period, or the Covered Obligations.

7.     Unless the Debtors assert an Additional NNI Claim (as defined in the Canadian Funding Agreement), the Canadian Debtors and the Monitor waive any and all rights that may exist at law, in equity, or otherwise to assert any Claims against the Debtors relating to the period prior to the Petition Date, where the term "Claim" shall have the meaning as ascribed to it under Section 101(5) of the Bankruptcy Code.

8.     The failure to specifically describe or include any particular provision of the Canadian Funding Agreement in this Order shall not diminish or impair the effectiveness of such

3

provision, it being the intent of this Court that the Canadian Funding Agreement be approved in its entirety.

9.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

10.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2010
        Wilmington, Delaware

                                        _____
                                        THE HONORABLE KEVIN GROSS
                                        UNITED STATES BANKRUPTCY JUDGE

4