## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
                              :       Chapter 11

*In re*                      :

Nortel Networks Inc., *et al.*,[1]   :      Case No. 09-10138 (KG)

             Debtors.   :      Jointly Administered

                      :      **Hearing date: January 21, 2010 at 11:00 a.m. (ET)**
                      :      **Objections due: January 14, 2010 at 4:00 p.m. (ET)**
                      :
-------------------------------------------------------X

## DEBTORS' MOTION FOR ENTRY OF AN ORDER
## (I) AUTHORIZING THE DEBTORS TO REDACT OR FILE UNDER
## SEAL CERTAIN PORTIONS OF THE CANADIAN FUNDING
## AGREEMENT, AND (II) GRANTING RELATED RELIEF

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in

possession, (collectively, the "Debtors"[2]), hereby move this Court (the "Motion") for the entry

of an order substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a) and

107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules

of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules") authorizing the Debtors to redact certain portions and to file under

seal one of the annexes of the Final Canadian Funding and Settlement Agreement, dated as of

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]     The Debtors for purposes of this Motion include all of the entities listed above except Nortel Networks (CALA) Inc.

December 23, 2009 (the "Canadian Funding Agreement") by and among the Debtors (other than

Nortel Networks (CALA) Inc. ("NN CALA")), the Canadian Debtors (as defined below)

including Nortel Networks Limited ("NNL") and Ernst & Young Inc., as court-appointed

Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the

"Monitor"), (collectively, the "Parties"), and granting them such other and further relief as the

Court deems just and proper.  In support of this Motion, the Debtors respectfully represent as

follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a) and 107(b)

of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9018 and Local Rule 9018-1.

## Background

**A.      Procedural History**

3.      On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions

for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On January 15, 2009, this Court entered an order of joint administration pursuant

to Bankruptcy Rule 1015(b) that provided for the joint administration of these cases and for

consolidation for procedural purposes only [D.I. 36].

6.      Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks

Corporation ("NNC"), NNI's direct corporate parent NNL (NNL, and together with NNC and

2

their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.

7.      On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February 27, 2009, based on a petition filed by Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors, this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

8.      On January 14, 2009, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators"). On May 28, 2009, at the request of the Joint Administrators, the Commercial Court of Versailles, France (the "French Court") (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA was originally authorized to continue to operate as a going

---

[3]      The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4]      The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

concern for an initial period of three months, which period was subsequently extended to November 28, 2009. In accordance with the European Union's Council Regulation (EC) No 1346/2000 on Insolvency Proceedings, the English law proceedings (the "English Proceedings") remain the main proceedings in respect of NNSA although a French administrator and a French liquidator have been appointed and are in charge of the day-to-day affairs and continuing business of NNSA in France. On October 1, 2009, pursuant to a motion filed by the Joint Administrators, the French Court approved an order to: (i) suspend the liquidation operations relating to the sale of the assets and/or businesses of NNSA for a renewable period of two months; (ii) authorize the continuation of the business of NNSA so long as the liquidation operations are suspended; and (iii) maintain the powers of the French Administrator and Liquidator during the suspension period, except with respect to the sale of assets and/or businesses of NNSA. On November 30, 2009, the French Court extended the suspension of liquidation for a further period of three months. On June 26, 2009, this Court entered an order recognizing the English Proceedings of Nortel Networks UK Limited ("NNUK") as foreign main proceedings under chapter 15 of the Bankruptcy Code.[5]

9.    On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142]. An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

---

[5]    Additionally, on January 18, 2009, certain Nortel affiliates, including Nortel Networks Israel (Sales and Marketing) Limited, filed an application with the Tel-Aviv-Jaffa District Court, pursuant to the Israeli Companies Law, 1999, and the regulations relating thereto for a stay of proceedings. On January 19, 2009, the Israeli Court appointed Yaron Har-Zvi and Avi D. Pelossof as joint administrators of the Israeli Company under the Israeli Companies Law (the "Joint Israeli Administrators").

10.     On July 14, 2009 (the "CALA Petition Date"), NN CALA (which is not a party to the Canadian Funding Agreement), an affiliate of NNI, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On July 17, 2009, this Court entered orders approving the joint administration and consolidation of NN CALA's chapter 11 case with the other Debtors' chapter 11 cases for procedural proposes [D.I. 1098], and applying to NN CALA certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1099].

**B.     Debtors' Corporate Structure and Business**

11.     Nortel is a technology company that designs, develops and deploys communication products, systems and solutions to its customers around the globe.  Its principal assets include its employees, the intellectual property derived and maintained from its research and development activities, its customers and other significant contracts and agreements.

12.     Additional information regarding the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3] (the "First Day Declaration").[6]

**C.     Case Milestones**

13.     On June 19, 2009, Nortel announced that it was advancing in discussions with external parties to sell its businesses and it would assess other restructuring alternatives for its businesses in the event it is unable to maximize value through sales.  To date, Nortel has closed (i) the sale of certain portions of its Layer 4-7 data portfolio to Radware Ltd. [D.I. 539]; (ii) the sale of substantially all of its CDMA business and LTE Access assets business to Telefonaktiebolaget LM Ericsson (publ) [D.I. 1205]; (iii) the sale of the assets of its Wireless

---

[6]     Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

Networks business associated with the development of Next Generation Packet Core network components to Hitachi Ltd. [D.I. 1760]; and (iv) the sale of substantially all of the assets of the Enterprise Solutions business globally, including the shares of Nortel Government Solutions Incorporated and DiamondWare Ltd. to Avaya Inc. [D.I. 1514].  In addition, Nortel has completed auction processes and obtained Court approval for the planned sale of substantially all the assets of its Optical Networking and Carrier Ethernet businesses associated with its Metro Ethernet Networks business unit [D.I. 2070]; as well as for the planned sale of substantially all of its GSM/GSM-R business [D.I. 2065].

14.    On August 4, 2009, this Court entered an order fixing September 30, 2009 at 4:00 PM (Eastern Time) as the general bar date for filing proofs of claim or interests [D.I. 1280].  On December 3, 2009 this Court entered an order fixing January 25, 2010 at 4:00 PM (Eastern Time) as the bar date for filing proofs of claim or interests against NN CALA [D.I. 2059].

### Relief Requested

15.    By this Motion, the Debtors seek an order pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1 authorizing the Debtors to redact certain portions of the Canadian Funding Agreement and to file one of the annexes to the Canadian Funding Agreement under seal.

### Facts Relevant to this Motion

16.    As of the date hereof, the Debtors have filed a motion seeking the Court's approval of the Canadian Funding Agreement (the "Funding Motion").[7]  Along with the Funding Motion, the Debtors are required to file a copy of the Canadian Funding Agreement with the Court, unless ordered otherwise by the Court.  Since the public disclosure of certain "commercial

---

[7]    The background facts, relief requested and description of the Canadian Funding Agreement are detailed in the Funding Motion.

information" in the Canadian Funding Agreement would severely harm the Debtors and their

estates, the Debtors have filed this Motion respectfully requesting this Court's permission to

redact certain portions of the Canadian Funding Agreement in the public filing and to file one of

the annexes to the Canadian Funding Agreement under seal.  Specifically, the Debtors request to

redact certain portions of Annex C to the Canadian Funding Agreement, which details the

settlement payment schedule and methodology for calculating the settlement payment ("Annex

C"); and file Annex D to the Canadian Funding Agreement, which contains sensitive financial

information regarding the Debtors' operations, under seal ("Annex D").

### Basis for Relief

17.     The relief requested by the Debtors is squarely authorized under the Bankruptcy

Code.  Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order,

process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11

U.S.C. § 105(a).  Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the

power to issue orders to protect a party's confidential, commercial or proprietary information:

> On request of a party in interest, the bankruptcy court shall . . .
> protect an entity with respect to a trade secret or confidential
> research, development, or commercial information . . . .

11 U.S.C. § 107(b).

18.     Furthermore, Bankruptcy Rule 9018 defines the procedure by which a party may

move for relief under section 107(b) of the Bankruptcy Code:

> On motion or on its own initiative, with or without notice, the court
> may make any order which justice requires . . . to protect the estate
> or any entity in respect of a trade secret or other confidential
> research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.  Local Rule 9018-1 requires any party who seeks to file documents under

seal to file a motion to that effect.  Del. Bankr. L.R. 9018-1(b).

19.    This Court has previously described "commercial information" as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" In re Alterra Healthcare Corp., 353 B.R. 66, 75 (Bankr. D. Del. 2006) (citing In re Orion Pictures Corp., 21 F.3d 24, 27-28 (2d Cir. 1994). Furthermore, courts have recognized that filing commercial information under seal is appropriate when its disclosure would reduce the value of the estate by having a "serious and detrimental impact on the prices for which . . . assets could be sold." In re Farmland Industries, 290 B.R. 364, 369 (Bankr. W.D. Mo. 2003); see also In re Global Crossing Ltd., 295 B.R. at 725.

20.    A movant is not required to demonstrate "good cause" to file under seal. Rather, if the material sought to be filed under seal falls within one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." Orion, 21 F.3d at 27.

21.    Since the redacted portions of the Canadian Funding Agreement are "commercial information" within the ambit of section 107(b), the Debtors submit that the Court should enter an order permitting the Debtors to redact certain portions of Annex C and to file Annex D under seal. As described above, Annex C and Annex D of the Canadian Funding Agreement contain sensitive commercial information concerning the Debtors' on-going operations and certain other strategic information regarding the Debtors' proposed divestitures. The disclosure of this information would unfairly advantage the Debtors' competitors by revealing sensitive details of the Debtors' operations and the proposed closing dates of certain asset divestitures by the Debtors and their affiliates. Such disclosure could reduce the value of any future divestitures by prematurely revealing sensitive financial details to potential third-party purchasers. The publication of these details could negatively impact the offers the Debtors receive if and when

8

they decide to sell certain assets. Furthermore, the competitors of the Debtors may attempt to use such information to better position themselves in a competitive market by sharing this sensitive information with the Debtors' customers. As one bankruptcy court has explained, "the commercial information that is entitled to protection under Code section 107(b) and Bankruptcy Rule 9018 must be viewed from the practical perspective of damage to the estate or its creditors." In re Global Crossing Ltd., 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).

22.     Consequently, this Court should enter an order authorizing the Debtors to redact certain portions of Annex C to the Canadian Funding Agreement and to file Annex D to the Canadian Funding Agreement under seal.

### Notice

23.     Notice of the Motion has been given via first class mail to the (i) U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; (iv) the Joint Administrators, and (v) the general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

### No Prior Request

24.     No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:  December 23, 2009
        Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (*admitted pro hac vice*)
Lisa M. Schweitzer (*admitted pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*