## EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------X
                              :
                              :       Chapter 11

*In re*                          :
                              :       Case No. 09-10138 (KG)

Nortel Networks Inc., *et al.,*[1]    :
                              :       Jointly Administered

               Debtors.     :
                              :       **RE: D.I. _____**
                              :
-------------------------------------------------------X

**ORDER AUTHORIZING THE DEBTORS TO REDACT OR FILE UNDER**
**SEAL CERTAIN PORTIONS OF (I) THE CANADIAN FUNDING**
**AGREEMENT AND (II) GRANTING RELATED RELIEF**

Upon the motion dated December 23, 2009 (the "Motion"),[2] of Nortel Networks Inc. and

its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the

"Debtors"[3]), for entry of an order, as more fully described in the Motion, pursuant to sections

105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules") authorizing the to Debtors to redact certain portions and

to file under seal one of the annexes of that certain Final Canadian Funding and Settlement

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

[3]    The Debtors for purposes of this Order include all of the entities listed above except Nortel Networks (CALA) Inc.

Agreement, dated as of December 23, 2009 (the "Canadian Funding Agreement" or the "Agreement") by and among the Debtors (other than Nortel Networks (CALA) Inc. ("NN CALA")), the Canadian Debtors (as defined below) including Nortel Networks Limited ("NNL") and Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), (collectively, the "Parties"); and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED.

2.     The unredacted Canadian Funding Agreement delivered to the Court by the Debtors shall be kept segregated and under seal by the Clerk of Court and shall not be made publicly available pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(b).

3.     Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or

realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

4.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2010
           Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3