IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NORTEL NETWORKS INC., et al.,[1] | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |
| | **Related Docket Nos. 2198, 2199** |

## AFFIDAVIT OF MAILING

STATE OF NEW YORK     )
                            ) ss.:
COUNTY OF NEW YORK    )

ELENI MANNERS, being duly sworn, deposes and says:

1.  I am employed as Noticing Manager by Epiq Bankruptcy Solutions, LLC, located at 757 Third Avenue, New York, New York 10017.  I am over the age of eighteen years and am not a party to the above-captioned action.

2.  On December 24, 2009, I caused to be served:

    a.  a Customized version of the "Debtors' Omnibus Motion for an Order (A) Approving the Assumption and Assignment of Certain Additional Executory Contracts in Connection with the Sale of the Debtors' Enterprise Solutions Business and (B) Authorizing the Debtors to File Information Under Seal," dated December 23, 2009 [Docket No. 2198] a sample of which is annexed hereto as <u>Exhibit A</u>, consisting of the following:

        i.  the "Notice of Debtors' Omnibus Motion for an Order (A) Approving the Assumption and Assignment of Certain Additional Executory Contracts in Connection with the Sale of the Debtors' Enterprise Solutions Business and (B) Authorizing the Debtors to File Information Under Seal," dated December 23, 2009,

        ii. "Debtors' Omnibus Motion for an Order (A) Approving the Assumption and Assignment of Certain Additional Executory Contracts in Connection with the Sale of the Debtors' Enterprise Solutions Business and (B) Authorizing the Debtors to File Information Under Seal," dated December 23, 2009,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596) Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

     iii.    the "Exhibit A" related to Docket No. 2198,

     iv.    a Personalized Exhibit "B", and

     v.    the "Certificate of Service" related to Docket No. 2198,

b.  the "Debtors' Motion for an Order Under 11 U.S.C. § 102(1) Shortening Notice Relating to Debtors' Omnibus Motion for an Order (A) Approving the Assumption and Assignment of Certain Additional Executory Contracts in Connection with the Sale of the Debtors' Enterprise Solutions Business and (B) Authorizing the Debtors to File Information Under Seal," dated December 23, 2009 [Docket No. 2199]

by causing true and correct copies to be enclosed securely in separate postage pre-paid envelopes and delivered via overnight mail to parties filed under seal, available upon request.

3.  All envelopes utilized in the service of the foregoing contained the following legend: "LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

                                        Eleni Manners

Sworn to before me this
29th day of December, 2009

_____
Notary Public

        MAGALI L. LEE
     Notary Public, State of New York
       No. 01LE6069014
     Qualified in New York County
    Commission Expires Jan. 22, 2010

- 2 -

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------------X

|  |  |  |
|---|---|---|
| | : | Chapter 11 |
| *In re* | : | |
| | : | Case No. 09-10138 (KG) |
| Nortel Networks Inc., *et al.*,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | **Hearing date:** January 6, 2010 at 10:00 AM (ET) (PROPOSED) |
| | : | **Objections due:** December 30, 2009 at 4:00 PM (ET) (PROPOSED) |
| | : | |

----------------------------------------------------------- X

**NOTICE OF DEBTORS' OMNIBUS MOTION FOR AN ORDER (A) APPROVING THE
ASSUMPTION AND ASSIGNMENT OF CERTAIN ADDITIONAL EXECUTORY
CONTRACTS IN CONNECTION WITH THE SALE OF THE DEBTORS'
ENTERPRISE SOLUTIONS BUSINESS AND (B) AUTHORIZING THE
DEBTORS TO FILE INFORMATION UNDER SEAL**

PLEASE TAKE NOTICE that the debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned cases, have today filed the attached **Debtors' Omnibus Motion For An Order (A) Approving The Assumption And Assignment Of Certain Additional Executory Contracts In Connection With The Sale Of The Debtors' Enterprise Solutions Business And (B) Authorizing The Debtors To File Information Under Seal** ("Motion").

PLEASE TAKE FURTHER NOTICE that any party wishing to oppose the entry of an order approving the Motion must file a response or objection ("Objection") if any, to the Motion with the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 on or before **December 30, 2009 at 4:00 p.m. (ET) (Proposed)** (the "Proposed Objection Deadline").

At the same time, you must serve such Objection on counsel for the Debtors so as

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

to be received by the Proposed Objection Deadline.

      PLEASE TAKE FURTHER NOTICE THAT A HEARING ON THE MOTION WILL BE HELD ON **JANUARY 6, 2010 AT 10:00 A.M. (ET) (PROPOSED)** BEFORE THE HONORABLE KEVIN GROSS AT THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 6TH FLOOR, COURTROOM #3, WILMINGTON, DELAWARE 19801.  ONLY PARTIES WHO HAVE FILED A TIMELY OBJECTION WILL BE HEARD AT THE HEARING.

      IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated:  December 23, 2009
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (*admitted pro hac vice*)
Lisa M. Schweitzer (*admitted pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*

3297916.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------X
           :

*In re*                    :

Nortel Networks Inc., *et al.*,[1]    :

          Debtors.       :

           :

           :

-------------------------------------------------------X

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

**Hearing date:** January 6, 2010 at 10:00 AM (ET) (PROPOSED)
**Objections due:** December 30, 2009 at 4:00 PM (ET) (PROPOSED)

**DEBTORS' OMNIBUS MOTION FOR AN ORDER (A) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN ADDITIONAL EXECUTORY CONTRACTS IN CONNECTION WITH THE SALE OF THE DEBTORS' ENTERPRISE SOLUTIONS BUSINESS AND (B) AUTHORIZING THE DEBTORS TO FILE INFORMATION UNDER SEAL**

*PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND CONTRACTS ON EXHIBIT B.*

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court (the "Motion") for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to sections 105, 107, 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006 and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Bankruptcy Court for the District of Delaware (the "Local Rules") (a) approving the assumption

and assignment of certain additional executory contracts in connection with the sale of certain

assets of, and equity interests in, the Debtors' Enterprise Solutions Business to Avaya Inc.

("Avaya") as purchaser (together with its designees, the "Purchaser") in accordance with the

terms and conditions of the Amended and Restated Asset and Share Sale Agreement entered into

by the Debtors, certain of their affiliates, and the Purchaser dated September 14, 2009, as may be

subsequently amended (the "Sale Agreement"); (b) authorizing the Debtors to file certain

information under seal; and (c) granting them such other and further relief as the Court deems

just and proper.  In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory bases for the relief requested herein are sections 105, 107, 363 and

365 of the Bankruptcy Code, Rules 2002, 6004, 6006 and 9018 of the Bankruptcy Rules, and

Rule 9018-1 of the Local Rules.

### Background

**A.     Procedural History**

3.     On January 14, 2009 (the "Petition Date"), the Debtors, other than NN CALA

(defined below), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.     The Debtors continue to operate their businesses and manage their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.     On January 15, 2009, this Court entered an order of joint administration pursuant

to Bankruptcy Rule 1015(b) that provided for the joint administration of these cases and for

consolidation for procedural purposes only [D.I. 36].

6.      Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.

7.      On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February 27, 2009, based on a petition filed by Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

8.      On January 14, 2009, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[3] into administration under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators"). On May 28, 2009, at the request of the Joint Administrators, the Commercial Court of Versailles,

---

[2]      The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[3]      The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

France (the "French Court") (Docket No. 2009P00492) ordered the commencement of secondary

proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation

proceedings during which NNSA was originally authorized to continue to operate as a going

concern for an initial period of three months, which period was subsequently extended to

November 28, 2009.  In accordance with the European Union's Council Regulation (EC) No

1346/2000 on Insolvency Proceedings, the English law proceedings (the "English Proceedings")

remain the main proceedings in respect of NNSA although a French administrator and a French

liquidator have been appointed and are in charge of the day-to-day affairs and continuing

business of NNSA.  On October 1, 2009, pursuant to a motion filed by the Joint

Administrators, the French Court approved an order to: (i) suspend the liquidation operations

relating to the sale of the assets and/or businesses of NNSA for a renewable period of two

months; (ii) authorize the continuation of the business of NNSA so long as the liquidation

operations are suspended; and (iii) maintain the powers of the French Administrator and

Liquidator during the suspension period, except with respect to the sale of assets and/or

businesses of NNSA.  On November 30, 2009, the French Court extended the suspension of

liquidation for a further period of three months.  On June 26, 2009, this Court entered an order

recognizing the English Proceedings of Nortel Networks UK Limited ("NNUK") as foreign main

proceedings under chapter 15 of the Bankruptcy Code.[4]

    9.       On January 26, 2009, the Office of the United States Trustee for the District of

Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the

---

[4]       Additionally, on January 18, 2009, certain Nortel affiliates, including Nortel Networks Israel (Sales and Marketing) Limited, filed an application with the Tel-Aviv-Jaffa District Court, pursuant to the Israeli Companies Law, 1999, and the regulations relating thereto for a stay of proceedings.  On January 19, 2009, the Israeli Court appointed Yaron Har-Zvi and Avi D. Pelossof as joint administrators of the Israeli Company under the Israeli Companies Law (the "Joint Israeli Administrators").

"Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142]. An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

10.    On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc. ("NN CALA" and a Debtor with NNI and its affiliates), an affiliate of NNI, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On July 17, this Court entered orders approving the joint administration and consolidation of NN CALA's chapter 11 case with the other Debtors' chapter 11 cases for procedural proposes [D.I. 1098], and applying to NN CALA certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1099].

**B.    Debtors' Corporate Structure and Business**

11.    Nortel is a technology company that designs, develops and deploys communication products, systems and solutions to its customers around the globe. Its principal assets include its employees, the intellectual property derived and maintained from its research and development activities, its customers and other significant contracts and agreements.

12.    Additional information regarding the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3] (the "First Day Declaration").

**C.    Case Milestones**

13.    On June 19, 2009, Nortel announced that it was advancing in discussions with external parties to sell its businesses and it would assess other restructuring alternatives for its businesses in the event it is unable to maximize value through sales. To date, Nortel has closed (i) the sale of certain portions of its Layer 4-7 data portfolio to Radware Ltd. [D.I. 539]; (ii) the sale of substantially all of its CDMA business and LTE Access assets business to

5

Telefonaktiebolaget LM Ericsson (publ) [D.I. 1205]; (iii) the sale of the assets of its Wireless

Networks business associated with the development of Next Generation Packet Core network

components to Hitachi Ltd. [D.I. 1760]; and (iv) the sale of substantially all of the assets of the

Enterprise Solutions business globally, including the shares of Nortel Government Solutions

Incorporated and DiamondWare Ltd. to Avaya [D.I. 1514]. In addition, Nortel has completed

auction processes and obtained Court approval for the planned sale of substantially all the assets

of its Optical Networking and Carrier Ethernet businesses associated with its Metro Ethernet

Networks business unit [D.I. 2070]; as well as for the planned sale of substantially all of its

GSM/GSM-R business [D.I. 2065] (the foregoing, collectively, the "Sale Transactions").

14.     On August 4, 2009, this Court entered an order fixing September 30, 2009 at 4:00

PM (Eastern Time) as the general bar date for filing proofs of claim or interests [D.I. 1280]. On

December 3, 2009 this Court entered an order fixing January 25, 2010 at 4:00 PM (Eastern

Time) as the bar date for filing proofs of claim or interests against NN CALA [D.I. 2059].

**D.     The Enterprise Business Solutions Sale**

15.     Nortel's Enterprise Solutions business unit provided solutions for addressing the

communication needs of large and small businesses globally across a wide variety of industries

by building new networks and transforming existing networks into more cost-effective, packet-

based networks supporting data, voice and multimedia communications (the "Enterprise

Solutions Business"). In particular, the Enterprise Solutions Business specialized in providing

solutions that allow its customers to integrate and remove barriers between voice, email,

conferencing, video and instant messaging technologies. Nortel's Enterprise Solutions Business

had a global presence with operations and customers in the United States, Canada, Central and

Latin America, Europe, the Middle East, Africa, and Asia.

16.     On July 20, 2009, the Debtors filed a Motion for Orders (I)(A) Authorizing

Debtors' Entry into the Asset and Share Sale Agreement, (B) Authorizing and Approving the

Bidding Procedures, (C) Authorizing and Approving a Break-Up Fee and Expense

Reimbursement, (D) Approving the Notice Procedures, (E) Approving the Assumption and

Assignment Procedures, (F) Authorizing the Filing of Certain Documents under Seal and (G)

Setting a Date for the Sale Hearing, and (II) Authorizing and Approving (A) the Sale of Certain

Assets of, and Equity Interests In, Debtors' Enterprise Solutions Business, (B) the Assumption

and Assignment of Certain Contracts and Leases and (C) the Assumption and Sublease of

Certain Leases [D.I. 1131] (the "Sale Motion").[5]  The Sale Motion sought approval of the sale of

certain of the Debtors' assets and equity interests relating to the Debtors' Enterprise Solutions

Business (the "Assets"), including the assumption and assignment of certain executory contracts

to the Successful Bidder at auction, and the approval of certain bidding procedures (the "Bidding

Procedures") in connection with the proposed sale.  Following a hearing on the Bidding

Procedures, this Court entered an order on August 4, 2009 [D.I. 1278] (the "Sale Procedures

Order"), approving the Bidding Procedures to govern the sale by NNI and certain of its affiliates

(collectively, the "Sellers") of the Assets.

      17.     In accordance with the Bidding Procedures, the Sellers conducted an auction that

commenced on September 11, 2009 (the "Auction").  The Successful Bid (as defined in the

Bidding Procedures) resulting from the Auction was the Sale Agreement, dated as of September

14, 2009 with Avaya as Purchaser (the "Successful Bid").

      18.     On September 16, 2009, this Court entered an order approving the sale of the

Assets to the Purchaser pursuant to the Successful Bid [D.I. 1514] (the "Sale Order").  The

Canadian Court entered a corresponding order approving the sale in the Canadian Proceedings

---

[5]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Sale Motion.

on the same day.  The sale of the Enterprise Solutions Business was consummated on December 18, 2009 (the "Closing Date").

<b>Relief Requested</b>

19.    By this Motion, the Debtors seek an order (a) approving the assumption and assignment of certain additional executory contracts to the Purchaser pursuant to section 365 of the Bankruptcy Code; (b) authorizing the Debtors to file certain information under seal; and (c) granting such other relief as the Court deems just and proper.

<b>Facts Relevant to this Motion</b>

20.    As part of the Sale Order, the Court authorized the Debtors under Bankruptcy Code section 365 to assume and assign the Assumed and Assigned Contracts to the Purchaser which assignment and sublease shall take place on and be effective as of the Closing or such later date as contemplated by the Sale Agreement.  The Assumed and Assigned Contracts were defined in the Sale Agreement to include certain executory contracts (including supplier and customer contracts) to which the Debtors were a party prior to the sale.

21.    The Debtors and the Purchaser have identified a number of additional prepetition executory contracts that are related to the Assets (the "Additional Contracts"), the counterparties to which (the "Counterparties") have not been notified of the assumption and assignment of such contracts pursuant to the Assignment Procedures approved by the Court in the Sale Procedures Order.  By this Motion the Debtors seek permission to assume and assign the Additional Contracts effective as of the Closing Date.

22.    The Additional Contracts designated for assumption and assignment to the Purchaser consist of approximately sixty-four (64) customer contracts related to the Assets to which the Debtors are a party, including reseller agreements and sales agreements.  As with other customer contracts that were assumed and assigned in connection with the sale, the identity of

8

the Counterparties constitutes an integral component of the Additional Contracts' value. Access to the list of Counterparties absent appropriate confidentiality restrictions would entail releasing valuable confidential information of critical value not only to the Purchaser of the Assets but also to the Debtors' other businesses, which share overlapping customer lists. Thus, publicly releasing the names of the Counterparties would have an immediate detrimental impact on the value of the Assets as well as other aspects of the Debtors' business. The Debtors will serve notice of this Motion on each of the Counterparties to the Additional Contracts, including a personalized schedule containing those contracts designated for assumption and assignment to which they are a Counterparty. The Debtors also are prepared to file a complete list under seal, and will provide a complete list of the Additional Contracts to the Office of the U.S. Trustee and counsel to the Committee and the Bondholder Group.

23.     As the sale of the Enterprise Solutions Business is global in scope and involved the Debtors' affiliates all around the world, in addition to the Assignment Procedures approved by the Court in the Sale Procedures Order, the Debtors' affiliates pursued other means to transfer contracts of non-debtor affiliates. Notices of assignment were sent to counterparties of so-called non-365 contracts – contracts that were not prepetition executory contracts of the Debtors subject to assumption and assignment under section 365 of the Bankruptcy Code. Sixty (60) of the sixty-four (64) Counterparties to the Additional Contracts inadvertently received this form of notice rather than the traditional section 365 notice. As of the date of this Motion, the Debtors are not aware that any of the sixty (60) Counterparties that received this form of notice have any objection to the assignment of their contracts to Avaya.

### *Cure Amounts*

24.     To the extent necessary to consummate a sale of the Assets as contemplated by

the Sale Motion, the Debtors shall pay the amount, if any, determined by the Debtors to be necessary to be paid to cure any existing default in accordance with section 365(b) and 365(f)(2) of the Bankruptcy Code (the "Cure Amount") promptly. To the best of the Debtors' knowledge, there are no Cure Amounts to be paid in association with the Additional Contracts.

### Adequate Assurance of Future Performance

25.    The Debtors submit that the Purchaser is able to comply with section 365 of the Bankruptcy Code and to perform the obligations under the Additional Contracts. Avaya is a leader in enterprise communications systems, providing unified communications and contact center solutions to leading businesses and organizations worldwide. Avaya's combination of communications applications, software and services serves to help companies by integrating multiple forms of communications, including telephony, e-mail, instant messaging and video into their business practices. Avaya employs approximately 16,000 people worldwide, including 2,300 research and development professionals, and has more than 4,000 channel partners worldwide, including system integrators, service providers, value-added resellers and business partners that provide sales and service support. Avaya has achieved leadership positions in unified communications, including telephony systems, enterprise messaging, audio conferencing, hardware maintenance and software support services as well as contact center solutions. Additional information regarding Avaya is available on the Avaya website at www.avaya.com. A copy of the Sale Agreement is available at http://chapter11.epiqsystems.com/nortel. Given the Purchaser's industry experience and financial wherewithal, the Debtors submit that a showing of adequate assurance has been met.

### Counterparty Objections

26.    To the extent that any Counterparty wishes to object to any matter pertaining to

the proposed assumption and assignment of the Additional Contracts, including without limitation the proposed Cure Amount and the adequate assurance of future performance by the Purchaser under the applicable Additional Contract, the Debtors propose that such Counterparty must file with this Court and serve a written objection on or before **4:00 p.m. (ET) on December 30, 2009**.

27.     All Counterparty objections must specify the grounds for such objection, including stating the Counterparty's alleged Cure Amount (including, on a transaction by transaction basis, calculations and detail of specific charges and dates, and any other amounts receivable or payable supporting such alleged Cure Amount) if the Counterparty disagrees with the Debtors' proposed Cure Amount and any other defaults or termination events the Counterparty alleges must be cured to effect assignment of the Additional Contract.

28.     To the extent that any Counterparty does not timely serve an objection as set forth above, such Counterparty will be (i) deemed to have consented to such Cure Amount, if any, and to the assumption and assignment of the applicable Additional Contract; (ii) bound to such corresponding Cure Amount, if any; (iii) deemed to have agreed that the Purchaser has provided adequate assurance of future performance within the meaning of Bankruptcy Code section 365(b)(1)(C); (iv) deemed to have agreed that all defaults under the Additional Contract arising or continuing prior to the effective date of the assignment have been cured as a result or precondition of the assignment, such that the Purchaser or the Debtors shall have no liability or obligation with respect to any default occurring or continuing prior to the assignment, and from and after the date of the assignment the Additional Contract shall remain in full force and effect for the benefit of the Purchaser and the Counterparty in accordance with its terms; (v) deemed to have waived any right to terminate the Additional Contract or designate an early termination date

11

under the applicable Additional Contract as a result of any default that occurred and/or was continuing prior to the assignment date; and (vi) deemed to have agreed that the terms of the Sale Order shall apply to the assumption and assignment of the applicable Additional Contract.

### *Reservation of Rights*

29.     The Debtors' assumption and assignment of the Additional Contracts remains subject to Court approval.  The Debtors reserve the right, in consultation with the Purchaser and subject to the Sale Agreement, to withdraw the designation of an Additional Contract for assumption and assignment prior to entry of an order approving the assumption and assignment of any Additional Contract.

30.     The Purchaser shall have no rights in and to a particular Additional Contract until such time as the particular Additional Contract is assumed and assigned.

31.     To the extent an objection to the assumption and assignment of an Additional Contract is not resolved prior to the date of a hearing on the relief sought in this Motion, including any objections related to cure, the Debtors, in consultation with the Purchaser, may elect to (i) not assume and assign such Additional Contract or (ii) postpone the assumption and assignment of such Additional Contract until the resolution of such objection.

32.     Bankruptcy Rule 6006(e) allows for the sale of multiple contracts in one motion upon authorization of the Court.  The Debtors therefore request that the Court grant authorization to file an omnibus motion pursuant to Bankruptcy Rule 6006(f)(6).

33.     Pursuant to Section 365(f) of the Bankruptcy Code, the Debtors seek authorization and approval to assume and assign the Additional Contracts to the Purchaser notwithstanding any provision to the contrary in the Additional Contracts, or in applicable non-bankruptcy law, that prohibits, restricts, or conditions the assignment.

12

34.    Upon assumption of the Additional Contracts by the Debtors and assignment to

the Purchaser, the Additional Contracts shall be deemed valid and binding, in full force and

effect in accordance with their terms, subject to the provisions of the Order.

**Basis for Relief**

**A.    The Assumption and Assignment of the Additional Assumed And Assigned Contracts Should Be Authorized**

35.    Under Bankruptcy Code section 365(a), a debtor, "subject to the court's approval,

may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C.

§ 365(a).  Bankruptcy Code section 365(b)(1), in turn, codifies the requirements for assuming an

executory contract of a debtor.  This subsection provides:

> (b) (1)    If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee -
>
>> (A)    cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ;
>>
>> (B)    compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>>
>> (C)    provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).  Section 365(f)(2) of the Bankruptcy Code provides, in pertinent part,

that:

> The trustee may assign an executory contract or unexpired lease of the debtor only if --
>
>> (A)    the trustee assumes such contract or lease in accordance with the provisions of this section; and
>>
>> (B)    adequate assurance of future performance by the assignee of such contract or lease is provided, whether

13

or not there has been a default in such contract or lease.

11 U.S.C. § 365(f)(2).

36.     The meaning of "adequate assurance of future performance" depends on the facts

and circumstances of each case, but should be given "practical, pragmatic construction." <u>EBG

Midtown S. Corp. v. McLaren/Hart Envtl. Eng'g Corp. (In re Sanshoe Worldwide Corp.)</u>, 139

B.R. 585, 593 (S.D.N.Y. 1992); <u>In re Prime Motor Inns Inc.</u>, 166 B.R. 993, 997 (Bankr. S.D. Fla.

1994); <u>Carlisle Homes, Inc. v. Azzari (In re Carlisle Homes, Inc.)</u>, 103 B.R. 524, 538 (Bankr.

D.N.J. 1988).

37.     Among other things, adequate assurance may be provided by demonstrating the

assignee's financial health and experience in managing the type of enterprise or property

assigned.  <u>See, e.g.</u>, <u>In re Bygaph, Inc.</u>, 56 B.R. 596, 605-06 (Bankr. S.D.N.Y. 1986) (finding

adequate assurance of future performance present when prospective assignee of lease from

debtor has financial resources and has expressed willingness to devote sufficient funding to

business in order to give it strong likelihood of succeeding).

38.     To the extent any defaults exist under any Additional Contract, any such default

will be promptly cured or adequate assurance that such default will be cured will be provided

prior to the assumption and assignment.  If necessary, the Debtors will submit additional facts

prior to or at the hearing on this Motion to show the financial credibility of the Purchaser and

willingness and ability to perform under the Additional Contracts.  The hearing will therefore

provide the Court and other interested parties the opportunity to evaluate and, if necessary,

challenge the ability of the Purchaser to provide adequate assurance of future performance under

the Additional Contracts, as required under section 365(b)(1)(C) of the Bankruptcy Code.

39.     In addition, the Debtors submit that it is an exercise of their sound business

judgment to assume and assign the Additional Contracts to the Purchaser, and the assumption,

assignment, and sale of the Additional Contracts to the Purchaser are in the best interests of the

Debtors, their estates, their creditors, and all parties in interest.  The Additional Contracts being

assigned to the Purchaser are an integral part of the Assets purchased by the Purchaser, and

accordingly, such assumption, assignment, and sale of the Additional Contracts are reasonable

and enhance the value of the Debtors' estates.  The Court should therefore authorize the Debtors

to assume and assign the Additional Contracts as set forth herein.

**B.      Information Regarding the Debtors' Customers Is Confidential Commercial
Information and Should Be Filed Under Seal**

40.      The Debtors propose to file the list of Additional Contracts to be assumed and

assigned under seal.

41.      The relief requested by the Debtors is squarely authorized under the Bankruptcy

Code.  Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to

issue orders to protect a party's confidential, commercial or proprietary information:

> On request of a party in interest, the bankruptcy court shall . . .
> protect an entity with respect to a trade secret or confidential
> research, development, or commercial information. . . .

11 U.S.C. § 107(b).

42.      Furthermore, Bankruptcy Rule 9018 defines the procedure by which a party may

move for relief under section 107(b) of the Bankruptcy Code:

> On motion or on its own initiative, with or without notice, the court
> may make any order which justice requires . . . to protect the estate
> or any entity in respect of a trade secret or other confidential
> research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

43.      This Court has defined "commercial information" in the context of section 107(b)

as follows:

> Commercial information is information which would result in 'an

15

6006(d), unless the Court orders otherwise, all orders authorizing the assignment of contracts are automatically stayed for fourteen days after entry of the order. The purpose of Bankruptcy Rules 6004(h) and 6006(d) is to provide sufficient time for an objecting party to request a stay pending appeal before the order can be implemented. See Advisory Committee Notes to Fed. R. Bankr. P. 6004(h); Advisory Committee Notes to Fed. R. Bankr. P. 6006(d).

48.    Although Bankruptcy Rules 6004(h) and 6006(d) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the stay period, commentators agree that the stay period should be eliminated to allow a sale or other transaction to close immediately where there has been no objection to the procedure. See generally 10 Collier on Bankruptcy ¶ 6004.09 (15th ed. 1999). Furthermore, if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time necessary to file such appeal. Id.

49.    As described above, the sale of the Enterprise Solutions Business was consummated on December 18, 2009. Due to operational challenges and the complexity inherent in integrating two businesses of this size and geographic scope, it is in the Debtors' interest for the assumption and assignment of the Additional Contracts to be effective as of the Closing Date. Moreover, the vast majority of the Counterparties received contructive notice of this relief by means of the non-365 assignment notices described above. Thus, waiver of any applicable stays is appropriate in this circumstance.

### Notice

50.    Notice of the Motion has been given via first-class mail, facsimile, electronic transmission, hand delivery or overnight mail to (i) counsel to the Purchaser; (ii) the Counterparties; (iii) the U.S. Trustee; (iv) the Monitor; (v) counsel to the Committee; (vi) counsel to the Bondholder Group; and (vii) the general service list established in these chapter 11

17

cases pursuant to Bankruptcy Rule 2002. The Debtors submit that under the circumstances no

other or further notice is necessary.

**No Prior Request**

51.    No prior request for the relief sought herein has been made to this or any other

court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and

the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other

and further relief as it deems just and proper.

Dated:  December 23, 2009          CLEARY GOTTLIEB STEEN & HAMILTON LLP
            Wilmington, Delaware

James L. Bromley
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*

**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------X
                                          :
                                          :        Chapter 11
In re                                     :
                                          :        Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,¹            :
                                          :        Jointly Administered
              Debtors.                    :
                                          :        RE: D.I. _____
                                          :
------------------------------------------------------ X
```

**ORDER (A) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN
ADDITIONAL EXECUTORY CONTRACTS IN CONNECTION WITH THE SALE OF THE
DEBTORS' ENTERPRISE SOLUTIONS BUSINESS AND (B) AUTHORIZING
THE DEBTORS TO FILE INFORMATION UNDER SEAL**

Upon the motion dated December 23, 2009 (the "Motion"),[2] of Nortel Networks Inc. and

its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the

"Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105,

107, 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002,

6004, 6006 and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "Local Rules") (a) approving the assumption

and assignment of certain additional executory contracts in connection with the sale of certain

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification
number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc.
(9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation
(0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks
Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826),
Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable
Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the
Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]      Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion, or if
not defined in the Motion, shall have the meanings ascribed to such terms in the Sale Motion.

1

assets of, and equity interests in, the Debtors' Enterprise Solutions Business to Avaya Inc., as

purchaser (together with its designees, the "Purchaser"), in accordance with the terms and

conditions of the Amended and Restated Asset and Share Sale Agreement entered into by the

Debtors and the Purchaser dated September 14, 2009, (as may be subsequently amended, the

"Sale Agreement"); (b) authorizing the Debtors to file certain documents under seal; and (c) and

granting them such other and further relief as the Court deems just and proper; and adequate

notice of the Motion having been given as set forth in the Motion; and it appearing that no other

or further notice is necessary; and the Court having jurisdiction to consider the Motion and the

relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined

that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the

Court having determined that the legal and factual bases set forth in the Motion establish just

cause for the relief requested in the Motion, and that such relief is in the best interests of the

Debtors, their estates, their creditors and the parties in interest; and upon the record in these

proceedings; and after due deliberation it is hereby

FOUND AND DETERMINED THAT:[3]

A.    The Debtors have demonstrated that it is an exercise of their sound

business judgment to assume and assign the Additional Contracts to the Purchaser in connection

with the consummation of the Sale, and the assumption, assignment, and sale of the Additional

Contracts is in the best interests of the Debtors, their estates, their creditors, and all parties in

interest. The Additional Contracts being assigned to the Purchaser are an integral part of the

Assets being purchased by the Purchaser, and accordingly, the assumption, assignment and sale

---

[3]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

of the Additional Contracts is reasonable and enhances the value of the Debtors' estates. The

cure amounts, if any, required to be paid pursuant to section 365(b) that are mutually agreed to

be paid by the Debtors and the counterparty to the applicable Additional Contract or ordered to

be paid by this Court (the "Cure Amounts") are deemed the entire cure obligation due and owing

under the Additional Contracts under Bankruptcy Code section 365.

        B.      Each and every provision of the Additional Contracts or applicable non-

bankruptcy law that purport to prohibit, restrict, or condition, or could be construed as

prohibiting, restricting, or conditioning assignment of any Additional Contract have been

satisfied or are otherwise unenforceable under Bankruptcy Code section 365.

        C.      Upon the payment of the Cure Amount, there are no outstanding defaults

of the Debtors and their estates under the Additional Contracts.

        D.      The Purchaser has demonstrated adequate assurance of future performance

of all Additional Contracts within the meaning of Bankruptcy Code section 365.

        E.      Upon the assignment and sale to the Purchaser, the Additional Contracts

shall be deemed valid and binding, in full force and effect in accordance with their terms, subject

to the provisions of this Order.

        ORDERED, ADJUDGED AND DECREED THAT:

        1.      The relief requested in the Motion is GRANTED.

        2.      Pursuant to Bankruptcy Code sections 105(a), 363 and 365, the Debtors'

assumption and assignment to the Purchaser of the Additional Contracts, and the Purchaser's

acceptance of such assignments on the terms set forth in the Sale Agreement, are hereby

approved. The Additional Contracts, whether entered into or amended before or after the

Petition Date, shall be deemed to have been assumed and assigned to the Purchaser as of the

Closing Date, free and clear of all Interests of any kind or nature whatsoever other than the

Assumed Liabilities on the terms set forth in the Sale Agreement, and shall remain in full force

and effect for the benefit of the Purchaser in accordance with their respective terms,

notwithstanding any provision in any such Additional Contracts (including those of the type

described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, limits or

conditions such assignment.  Pursuant to Bankruptcy Code section 365(k), the Debtors shall be

relieved from any further liability with respect to the Additional Contracts following assignment

to the Purchaser.  Debtors are hereby authorized to execute and perform under any other

agreement executed in connection with the transfer of the Transferred Property to the Purchaser,

and to execute and deliver to the Purchaser such documents or other instruments as may be

necessary to assign to Purchaser the Additional Contracts.

      3.     As of the Closing Date, subject to the provisions of this Order, the

Purchaser shall be deemed to have succeeded to the entirety of the Debtors' rights and

obligations in the Additional Contracts first arising and attributable to the time period occurring

on or after the Closing Date and shall have all rights thereunder.

      4.     The Cure Amounts with respect to each Additional Contract shall

constitute findings of the Court and shall be final and binding on parties to such Additional

Contracts (and their successors and designees), and shall not be subject to further dispute or audit

based on performance prior to the time of assumption and assignment, irrespective of the terms

and conditions of such Additional Contract.  Upon the assumption and assignment of the

Additional Contract, each counterparty to an Additional Contract shall be forever barred,

estopped and permanently enjoined from (i) asserting against the Debtors or the Purchaser, or the

property of either of them, any default existing as of the Closing Date; or, against the Purchaser,

any counterclaim, defense, setoff or any other Interest asserted or assertable against the Debtors; and (ii) imposing or charging against the Purchaser Releasees any accelerations, assignment fees, increases or any other fees as a result of the Debtors' assumption and assignments to Purchaser of the Additional Contracts.

5.      To the extent that any counterparty failed to object to the Cure Amount with respect to an Additional Contract, such counterparty shall be deemed to have consented to the applicable Cure Amount, and the assignment to Purchaser of such Additional Contract.

6.      Pursuant to sections 365(b)(1)(A) and 365(f)(2)(A) of the Bankruptcy Code, the Debtors have provided adequate assurance to the Counterparties of the Purchaser's future performance under the Additional Contracts.

7.      Pursuant to section 365(f) of the Bankruptcy Code, notwithstanding any provision to the contrary in the Additional Contracts, or in applicable non-bankruptcy law, that prohibits, restricts, or conditions the assignment of the Additional Contracts, the Debtors may assign the Additional Contracts to the Purchaser.

8.      Upon assumption of the Additional Contracts by the Debtors and assignment to the Purchaser, the Additional Contracts shall be deemed valid and binding, in full force and effect in accordance with their terms, subject to the provisions of this Order.

9.      All Counterparties to the Additional Contracts shall cooperate and expeditiously execute and deliver, upon the reasonable requests of the Purchaser, and shall not charge the Purchaser for, any instruments, applications, consents, or other documents which may be required or requested by any public or quasi-public authority or other party or entity to effectuate the applicable transfers in connection with the Transactions.

10.     The Court recognizes that the list of Additional Contracts and affidavits of service that identify the Debtors' customers constitute confidential commercial information, and therefore authorizes that any such lists and affidavits to be filed in connection with this Motion may be filed under seal.

11.     The Debtors shall provide the unredacted list of Additional Contracts and affidavits of service that identify the Debtors' customers to the Clerk's Office of the United States Bankruptcy Court for the District of Delaware in a prominently marked envelope with a cover sheet attached containing (i) the caption, (ii) the docket number of the Motion, (iii) the docket number of this Order, (iv) the title of the list of Additional Contracts and affidavits of service that identify the Debtors' customers, and (v) the legend "DOCUMENTS TO BE KEPT UNDER SEAL" in bold print.

12.     Pursuant to Bankruptcy Rule 6006(f)(6), the Court hereby authorizes the Debtors to file an omnibus motion incorporating all the executory contracts to be assumed and assigned pursuant to section 365 of the Bankruptcy Code.

13.     This Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rules 6004 or 6006 or any other provision of the Bankruptcy Code or the Bankruptcy Rules is expressly lifted.

14.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

15.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated: _____, 2010
        Wilmington, Delaware

                                            _____
                                            THE HONORABLE KEVIN GROSS
                                            UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**

**<u>SCHEDULE OF ADDITIONAL CONTRACTS</u>**

| Name and Address of Counterparty | Proposed Effective Date of Assignment | Description of Additional Contract to be Assumed and Assigned | Cure Amount |
|---|---|---|---|
| NAME<br>ADDRESS1<br>ADDRESS2<br>CITY, STATE ZIP<br>COUNTRY | DATE | Nortel Networks Agreement<br><br>Effective Date:<br>DD/MM/YYYY | $ |

Notice ID: 2

## CERTIFICATE OF SERVICE

I, Andrew R. Remming, certify that I am not less than 18 years of age, and that service of the foregoing **Debtors' Omnibus Motion For An Order (A) Approving The Assumption And Assignment Of Certain Additional Executory Contracts In Connection With The Sale Of The Debtors' Enterprise Solutions Business And (B) Authorizing The Debtors To File Information Under Seal** was caused to be made on December 23, 2009, in the manner indicated upon the parties on the attached service list.

Dated:  December 23, 2009

Andrew R. Remming (No. 5120)

3297919.1

# SERVICE LIST

<u>**VIA HAND DELIVERY**</u>

Tobey M. Daluz Esq.
Leslie Heilman Esq.
Ballard Spahr
919 Market St
12th Fl
Wilmington, DE  19801

Christopher A. Ward Esq.
Justin K. Edelson Esq.
Polsinelli Shughart PC
222 Delaware Avenue
Ste 1101
Wilmington, DE  19801

David B. Stratton Esq.
Leigh-Anne M. Raport Esq.
Pepper Hamilton LLP
1313 Market St
Ste 5100
Wilmington, DE  19801

Henry Jaffe Esq.
Pepper Hamilton LLP
1313 Market St
Ste 5100
Wilmington, DE  19801

Joanne B. Wills Esq.
Klehr Harrison
919 Market St
Ste 1000
Wilmington, DE  19801

Marla R. Eskin Esq.
Ayesha S. Chacko Esq.
Campbell & Levine LLC
800 N King St
Ste 300
Wilmington, DE  19801

William D. Sullivan Esq.
Sullivan Hazeltine Allinson LLC
4 E 8th St
Ste 400
Wilmington, DE  19801

Mary F. Caloway Esq.
P.J. Duhig Esq.
Buchanan Ingersoll & Rooney
1000 West Street
Suite 1410
Wilmington, DE  19801

Brett D. Fallon Esq.
Morris James LLP
500 Delaware Ave
Ste 1500
Wilmington, DE  19801

Carl N. Kunz Esq.
Michael J. Custer Esq.
Morris James LLP
500 Delaware Ave
Ste 1500
Wilmington, DE  19801

US Attorney's Office
District of Delaware
1007 N. Orange Street
Wilmington, DE  19801

Patrick Tinker Esq.
Office of the U.S. Trustee
844 King Street
Suite 2207 Lockbox 35
Wilmington, DE  19801-3519

Mark D. Collins Esq.
Christopher M. Samis Esq.
Richards Layton & Finger
One Rodney Square
920 N King St
Wilmington, DE  19801

Duane D. Werb Esq.
Werb & Sullivan
300 Delaware Ave
13th Fl
Wilmington, DE  19801

Kathleen M. Miller Esq.
Smith Katzenstein & Furlow
800 Delaware Ave.
7th Fl
Wilmington, DE  19801

William P. Bowden Esq.
Amanda M. Winfree Esq.
Ashby & Geddes P.A.
500 Delaware Ave
8th Fl
Wilmington, DE  19801

Ricardo Palacio Esq.
Ashby & Geddes P.A.
500 Delaware Ave
Wilmington, DE  19801

Gregory A. Taylor Esq.
Benjamin W. Keenan Esq.
Ashby & Geddes P.A.
500 Delaware Ave
8th Fl
Wilmington, DE  19801

Rachel B. Mersky Esq.
Monzack Mersky McLaughlin
    and Browder P.A.
1201 N Orange St
Ste 400
Wilmington, DE  19801

Jeffrey S. Wisler Esq.
Marc J. Phillips Esq.
Connolly Bove
The Nemours Building
1007 N Orange St
Wilmington, DE  19801

Charlene D. Davis Esq.
Daniel A. O'Brien Esq.
Justin R. Alberto
Bayard P.A.
222 Delaware Ave
Ste 900
Wilmington, DE  19801

John V. Fiorella Esq.
Archer & Greiner PC
300 Delaware Ave
Ste 1370
Wilmington, DE  19801

Charles J. Brown III Esq.
Archer & Greiner PC
300 Delaware Ave
Ste 1370
Wilmington, DE  19801

Kurt F. Gwynne Esq.
J. Cory Falgowski Esq.
Reed Smith LLP
1201 N Market St
Ste 1500
Wilmington, DE  19801

James E. Huggett Esq.
Margolis Edelstein
750 Shipyard Dr
Ste 102
Wilmington, DE  19801

Joseph H. Huston Jr. Esq.
Maria Aprile Sawczuk Esq.
Stevens & Lee P.C.
1105 N Market St
7th Fl
Wilmington, DE  19801

Laura Davis Jones
Timothy P. Cairns
Pachulski Stang
919 N. Market St. 17th Fl.
Wilmington, DE  19899-8705

James L. Patton
Edwin J. Harron
Young Conaway
The Brandywine Bldg 17th Fl.
1000 West Street
Wilmington, DE  19801

Ian Connor Bifferato
Kevin G. Collins
Bifferato LLC
800 N. King Street
First Floor
Wilmington, DE  19801

Gregg M. Galardi
Sarah E. Pierce
Skadden Arps Slate
    Meagher & Flom LLP
One Rodney Square
PO Box 636
Wilmington, DE  19899-0636

Norman L. Pernick
Sanjay Bhatnagar
Cole Schotz Meisel Forman & Leonard
500 Delaware Ave
Suite 1410
Wilmington, DE  19801

Christopher P. Simon
Cross & Simon LLC
913 N. Market Street
11th Floor
Wilmington, DE  19801

Stuart M. Brown
Edwards Angell Palmer & dodge
919 N. Market St. Suite 1500
Wilmington, DE  19801

**VIA FEDERAL EXPRESS INTERNATIONAL**

Jennifer Stam
Ogilvy Renault LLP
200 Bay Street Suite 3800
Royal Bank Plaza South Tower
Toronto, Ontario   M5J 2Z4
CANADA

Michael J. Wunder
R. Snayne Kukulowicz
Alex L. MacFarlane
Fraser Milner Casgrain LLP
1 First Canadian Place -Floor 42
100 King St West
Toronoto, Ontario   M5X 1B2
CANADA

Derek Austin
Export Development Canada
151 O'Connor Street
Ottowa, Ontario   K1A 1K3
CANADA

Stephen Gale
Herbert Smith
Exchange House
Primrose Streeet
London, UK   EC2A 2HS
ENGLAND

**VIA EXPRESS MAIL**

Secretary of Treasury
P.O. Box 7040
Dover, DE   19903

Secretary of State
Division of Corporations
Franchise Tax
P.O. Box 7040
Dover, DE   19903

Sheryl L. Moreau Esq.
Missouri Dept of Revenue
P.O. Box 475
Bankruptcy Division
Jefferson City, MO   65105-0475

John P. Dillman Esq.
Linebarger Goggan Blair & Sampson LLP
P.O. Box 3064
Houston, TX   77253-3064

Rod Andrerson Esq.
Noel R. Boeke Esq.
Holland & Knight LLP
P.O. Box 1288
Tampa, FL   33601-1288

Amos U. Priester IV Esq.
Anna B. Osterhout Esq.
Smith Anderson Blount Dorsett
   Mitchell & Jernigan LLP
P.O. Box 2611
Raleigh, NC   27602-2611

Centralized Insolvency Operation
Internal Revenue Service
PO Box 21126
Philadelphia, PA   19114-0326

L.A. County Treasurer & Tax Collector
P.O. Box 54110
Los Angeles, CA   90054-0110

Laura L. McCloud Esq.
Assistant Attorney General
P.O. Box 20207
Nashville, TN   37202

Seth B. Shapiro Esq.
U.S. Dept of Justice Civil Div
P.O. Box 875
Ben Franklin Station
Washington, DC   20044

Jan M. Geht, Esquire
U.S. Dept of Justice Tax Div
P.O. Box 227
Washington, DC   20044

Janet Fitzpatrick
Unisys Corporation
P.O. Box 500
M/S E8-108
Blue Bell, PA   19424

**VIA FEDERAL EXPRESS**

Dana S. Plon Esq.
Sirlin Gallogly & Lesser
1529 Walnut Street
Ste 600
Philadelphia, PA  19102

Vicente Matias Murrell Esq.
Stephen D. Schreiber Esq.
Pension Benefit Guaranty Corp
1200 K Street NW
Washington, DC  20005-4026

Edward C. Wetmore VP & Gen Counsel
Amphenol Corporation
358 Hall Avenue
Wallingford, CT  06492

Joseph E. Shickich Jr. Esq.
Riddell Williams P.S.
1001 4th Ave
Ste 4500
Seattle, WA  98154-1192

Christopher M. Alston Esq.
Foster Pepper PLLC
1111 3rd Ave
Ste 3400
Seattle, WA  98101-3299

Ramona Neal Esq.
HP  Company
11307 Chinden Blvd
MS 314
Boise, ID  83714

David G. Aelvoet Esq.
Linebarger Goggan Blair & Sampson LLP
Travis Bldg Suite 300
711 Navarro
San Antonio, TX  78205

David A. Rosenzweig Esq.
Fulbright & Jaworski LLP
666 5th Ave
New York, NY  10103-3198

Carren B. Shulman Esq.
Kimberly K. Smith Esq.
Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza
24th Fl
New York, NY  10112

Alistar Bambach
SEC NY Regional Office
Bankruptcy Div_Ste 400
3 World Financial Center
New York, NY  10281-1022

Michael L. Schein Esq.
Vedder Price P.C.
1633 Broadway
47th Fl
New York, NY  10019

Raniero D'Aversa Jr. Esq.
Laura D. Metzger Esq.
Weston T. Eguchi Esq.
Orrick Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY  10103-0001

Dennis Dunne Esq.
Milbank Tweed Hadley & McCloy LLP
One Chase Manhattan Plaza
New York, NY  10005-1413

Michelle McMahon Esq.
Bryan Cave LLP
1290 Avenue of the Americas
New York, NY  10104

N. Thodore Zink Jr. Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112

Alan Kolod
Christopher J. Caruso
Kent C. Kolbig
Moses & Singer LLP
The Chrysler Building
405 Lexington Avenue
New York, NY  10174

Ken Coleman Esq
Lisa J.P. Kraidin. Esq.
Allen & Overy LLP
1221 Avenue of the Americas
20th Floor
New York, NY  10020

Val Mandel Esq.
Val Mandel P.C.
80 Wall St
Ste 1115
New York, NY  10005

Edmond P. O'Brien Esq.
Stempel Bennett Claman
    & Hochberg P.C.
675 Third Ave
31st Fl
New York, NY  10017

Steven J. Reisman Esq.
James V. Drew Esq.
Curtis Mallet-Prevost Colt
    & Mosle LLP
101 Park Avenue
New York, NY  10178-0061

Nicholas Vianna
The Interpublic Group of Companies
1114 Avenue of the Americas
19th Floor
New York, NY  10036

Alan J. Lipkin Esq.
Jeremy E. Crystal Esq.
Willkie Farr & Gallagher LLP
787 7th Ave
New York, NY  10019

Marc Abrams
Brian E. O'Connor
Sameer Advani
Willkie Farr & Gallagher LLP
787 7th Ave
New York, NY  10019-6099

Robert J. Rosenberg Esq.
Latham & Watkins LLP
885 Third Avenue
Ste 1000
New York, NY  10022-4068

Michael J. Riela Esq.
Latham & Watkins LLP
885 Third Avenue
Ste 1000
New York, NY  10022-4068

Zachary N. Goldstein Esq.
Latham & Watkins LLP
885 Third Avenue
Ste 1000
New York, NY  10022-4068

Howard S. Steel Esq.
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY  10178

Fred S. Hodara Esq.
Ryan C. Jacobs Esq.
David H. Botter Esq.
Akin Gump
One Bryant Park
New York, NY  10036

Kenneth E. Noble Esq.
Katten Muchin Rosenman LLP
575 Madison Ave
New York, NY  10022-2585

Stephen C. Stapleton
Dykema Gossett PLLC
1717 Main St
Ste 2400
Dallas, TX  75201

Lynnette R. Warman
Hunton & Williams
1445 Ross Ave
Rountain Place Ste 3700
Dallas, TX  75202-2799

Joseph J. Wielebinski Esq.
Munsch Hardt Kopf & Harr P.C.
3800 Lincoln Plaza
500 N Akard St
Dallas, TX  75201-6659

Robert T. Vance Jr.
Law Offices of Robert T. Vance Jr.
100 South Broad Street
Suite 1530
Philadelphia, PA  19110

Carol E. Momjian Esq.
PA Senior Deputy Atty Gen
21 S 12th St
3rd Fl
Philadelphia, PA  19107-3603

David L. Pollack Esq.
Jeffrey Meyers Esq.
Ballard Spahr Andrews & Ingersoll LLP
51st Fl Mellon Bank Ctr
1735 Market St
Philadelphia, PA  19103

Alan S. Kopit Esq.
Christopher W. Peer Esq.
Hahn Loeser & Parks LLP
200 Public Square
Ste 2800
Cleveland, OH  44114

Linda Boyle
tw telecom inc.
10475 Park Meadows Dr
Ste 400
Littleton, CO  80124

Terry Zale
Flextronics International
305 Interlocken Pkwy
Broomfield, CO  80021

Edward T. Attanasio Esq.
Klee Tuchin Bogdanoff & Stern LLP
1999 Avenue of the Stars
39th Fl
Los Angeles, CA  90067-6049

Joon M. Khang Esq.
Khang & Khang LLP
1901 Avenue of the Stars
2nd Fl
Los Angeles, CA  90067

Thomas J. Leanse Esq.
Dustin P. Branch Esq.
Katten Muchin Rosenman LLP
2029 Century Park East
Ste 2600
Los Angeles, CA  90067-3012

John C. Vigano Esq.
Patricia J. Fokuo Esq.
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL  60606-6473

Eric S. Prezant Esq.
Bryan Cave LLP
161 N Clark St
Ste 4300
Chicago, IL  60601

Melissa A. Mickey
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL  60604-1404

Jill L. Murch Esq.
Lars A. Peterson Esq.
Foley & Lardner LLP
321 North Clark St
Ste 2800
Chicago, IL  60654-5313

Cullen K. Kuhn Esq.
Bryan Cave LLP
211 N Broadway
Ste 3600
St. Louis, MO  63102

David L. Uranga
Bell Microproducts Inc
201 Monroe Street
Suite 300
Montgomery, AL  36104

Jeffrey B. Ellman Esq.
Robbin S. Rahman Esq.
Jones Day
1420 Peachtree St NE
Ste 800
Atlanta, GA  30309

Darryl S. Laddin Esq.
Frank N. White Esq.
Arnall Golden Gregory LLP
171 17th St NW
Ste 2100
Atlanta, GA  30363-1031

Doug Goin CFO
APC Workforce Solutions LLC
420 South Orange Avenue
6th Fl
Orlando, FL  32801

Joyce A. Kuhns
Saul Ewing LLP
500 E. Pratt Street
8th Floor
Baltimore, MD  21202

Richard M. Kremen Esq.
Dale K. Cathell Esq.
DLA Piper LLP (US)
6225 Smith Avenue
Baltimore, MD  21209

Randall D. Crocker Esq.
VonBriesen & Roper S.C.
411 E Wisconsin Ave
Ste 700
Milwaukee, WI  53202

Shawn M. Christianson Esq.
Buchalter Nemer
333 Market St
25th Fl
San Francisco, CA  94105-2126

Merle C. Meyers Esq.
Michele Thompson Esq.
Meyers Law Group P.C.
44 Montgomery Street
Ste 1010
San Francisco, CA  94104

Elizabeth Weller Esq.
Linebarger Goggan Blair
    & Sampson LLP
2323 Bryan Street
Ste 1600
Dallas, TX  75201

James C. Waggoner Esq.
Davis Wright Tremaine LLP
1300 SW 5th Ave
Ste 2300
Portland, OR  97201-5630

Rachel S. Budke Esq.
FPL Law Department
700 Universe Blvd
Juno Beach, FL  33408

Scott K. Brown Esq.
Lewis and Roca LLP
40 North Central Ave
Ste 1900
Phoenix, AZ  85004

Nicholas Skiles Esq.
John A. Wetzel Esq.
Swartz Campbell LLC
One S. Church St
Ste 400
West Chester, PA  19382

Jennifer V. Doran Esq.
Hinckley Allen & Snyder LLP
28 State St
Boston, MA  02109

Frank F. McGinn Esq.
Bartlett Hackett Feinberg P.C.
155 Federal St
9th Fl
Boston, MA  02110

Lawrence M. Schwab Esq.
Thomas M. Gaa Esq.
Patrick M. Costello Esq.
Bialson Bergen & Schwab
2600 El Camino Real
Ste 300
Palo Alto, CA  94306

David M. Schilli Esq.
Ty E. Shaffer Esq.
Robinson Bradshaw & Hinson P.A.
101 North Tryon St
Ste 1900
Charlotte, NC  28246

David I. Swan Esq.
Kenneth M. Misken Esq.
McGuireWoods LLP
1750 Tysons Blvd
Ste 1800
McLean, VA  22102-4215

J. Scott Douglass Esq.
909 Fannin
Ste 1800
Houston, TX  77010

Brian W. Bisignani Esq.
Post & Schell P.C.
17 N 2nd St
12th Fl
Harrisburg, PA  17101-1601

Stephen K. Dexter Esq.
Lathrop & Gage LLP
370 17th St
Ste 4650
Denver, CO  80202

Elizabeth Banda Esq.
Perdue Brandon Fielder Collins
    & Mott LLP
4025 Woodland Park Blvd
Ste 300
Arlington, TX  76013

Beverly H. Shideler BS8399
IBM Corporation
Two Lincoln Centre
Oakbrook Terrace, IL  60181

Donald K. Ludman Esq.
Brown & Connery LLP
6 North Broad St
Ste 1000
Woodbury, NJ  08096

Attn:  Chantel Pinnock
Travelers
1 Tower Square
5MN
Hartford, CT  06183-4044

Andrew Herenstein
Monarch Alternative Capital LP
535 Madison Ave.
New York, NY  10022

Mark G. Ledwin Esq.
Wilson Elser Moskowitz
    Edelman & Dicker LLP
3 Gannett Dr
White Plains, NY  10604

Robert S. McWhorter Esq.
Nossaman LLP
915 L St
Ste 1000
Sacramento, CA  95814

Chris Finch Credit Manager
Sumitomo Electric
78 Alexander Drive
PO Box 13445
Triangle Park, NC  27709

Ann Groninger Esq.
Patterson Harkavy
521 East Boulevard
Charlotte, NC  28203

Hubert H. Kuo Esq.
Buus Kim Kuo & Tran LLP
4675 MacArthur Ct
Ste 590
Newport Beach, CA  92660

R. S. Stahel
IBM Corp. Legal Dept
1503 LBJ Freeway
3rd Fl
Dallas, TX  75234

Vincent A. D'Agostino Esq.
Lowenstein Sandler PC
65 Livingston Ave
Roseland, NJ  07068

Michael S. Etkin
Ira M. Levee
Lowenstein Sandler PC
65 Livingston Ave
Roseland, NJ  07068

Samuel H. Rudman
David A. Rosenfeld
Coughlin Stoia Geller Rudman & Robbins
58 S. Service Road
Suite 200
Melville, NY  11747

David N. Crapo Esq.
Gibbons P.C.
One Gateway Center
Newark, NJ  07102-5310

Securities & Exchange Commission
100 F Street NE
Washington, DC  20549

Attn:  Nathan Fuchs
SEC NY Regional Office
233 Broadway
New York, NY  10279

Deborah B. Waldmeir Esq.
State of MI Dept of Treasury
3030 W Grand Blvd. Ste. 10-200
Cadillac Place
Detroit, MI  48202

Ernie Holling President
The InTech Group Inc.
305 Exton Commons
Exton, PA  19341

Dennis F. Dunne Esq.
Thomas R. Kreller Esq.
Albert A. Pisa Esq.
Andrew M. Leblanc Esq.
Milbank Tweed Hadley & McCloy LLP
One Chase Manhattan Plaza
New York, NY  10005

Aaron L. Hammer Esq.
Devon J. Eggert Esq.
Freeborn & Peters LLP
311 South Wacker Dr
Ste 3000
Chicago, IL  60606

Soren E. Gisleson
Herman Herman Katz & Cotlar
820 O'Keefe Avenue
New Orelans, LA  70113

Shannon E. Hoff
Poyner Spruill LLP
301 S. College Street
Suite 2300
Charlotte, NC  28202

Michael Luskin
Derek J.T. Adler
Hughes Hubbard
One Battery Park Plaza
New York, NY  10004

- 8 -

Christopher J. Horvay Esq.
Gould & Ratner LLP
222 N Lasalle St
Ste 800
Chicago, IL  60601

Robert N. Brier
Brier Irish Hubbard & Erhard PLC
2400 E. Arizona Biltmore Circle
Suite 1300
Phoenix, AZ  85016-2115

Stephen C. Tingey, Esq.
Ray Quinney & Nebeker P.C.
36 South State Street
Suite 1400
Salt Lake City, UT  84145-0385

Devin Lawton Palmer
Boylan Brown
2400 Chase Square
Rochester, NY  14604

Robert E. Nies Esq.
Wolff & Samson PC
The Offices at Crystal Lake
One Boland Drive
West Orange, NJ  07052

Max Taylor Asst. City Atty.
Municipal Operations
201 W. Colfax Avenue
Dept. 1207
Denver, CO  80202-5332

Jennifer Feldsher
Bracewell & Guiliani LLP
1177 Avenue of the Americas
New York, NY  10036-2714

Mark I. Bane
Anne H. Pak
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY  10036-8704

David Capozzi
Acting General Counsel
Universal Service Administrative Co
2000 L Street NW
Suite 200
Washington, DC  20036

Kell C. Mercer
Afton Sands-Puryear
Brown McCarroll LLP
111 Congress Avenue
Suite 1400
Austin, TX  78701

Denise A. Mertz
UC Tax Agent/Bankruptcy Rep
PA Department of Labor & Industry
Reading Bankrutpcy & Complaince Unit
625 Cherry Street Room 203
Reading, PA  19602-1184

Susan R. Fuertes Esquire
Aldine Independent School District
14910 Aldine-Westfield Road
Houston, TX  77032

Lee W. Stremba
Troutman Sanders LLP
The Chrysler Building
405 Lexington Avenue
New York, NY  10174

James E. Van Horn
McGuireWoods LLP
7 Saint Paul Street
Suite 1000
Baltimore, MD  21202-1671

Office of Unemplmt Insurance
Contributions Div.
MD Department of Labor Licensing & Reg.
1100 N. Eutaw Street, Room 401
Litigation Prosecution Unit
Baltimore, MD  21201

Jeffrey B. Rose
Tishler & Walk, Ltd.
200 S. Wacker Drive
Suite 3000
Chicago, IL  60606

Mohsin N. Khambati
Dewey & LeBoeuf LLP
Two Prudential Plaza
180 N. Stetson Avenue
Suite 3700
Chicago, IL  60601-6710

Lawrence E. Miller Esq.
Dewey & LeBoeuf LLP
125 W. 55th Street
New York, NY  10019

James H. Lister
Birch Horton Bittner & Cherot
1155 Connecticut Avenue NW
Suite 1200
Washington, DC  20036

Tiffany Strelow Cobb
Vorys Sater Seymour and Pease
55 East Gay Street
Columbus, OH  43215

Mark I. Bane and Anne Pak
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY  10036-8704

3297917.1