UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | |
| | | Chapter 11 |
| NORTEL NETWORKS, INC., *et al.*, | : | |
| | | Case Number 09-10138 (KG) |
| Debtors. | : | (Jointly Administered) |
| | | |
| | : | (Hearing date: Jan. 6, 2009 at 10:00 a.m. |
| | | Objections due: Jan. 4, 2009 at 4:00 p.m.) |
| _____ | : | |

**LIMITED OBJECTION OF THE UNITED STATES TRUSTEE
TO DEBTORS' MOTION FOR ORDERS (I)(A) AUTHORIZING
DEBTORS' ENTRY INTO THE STALKING HORSE AGREEMENT ,
(B) AUTHORIZING AND APPROVING THE BIDDING PROCEDURES
AND BID PROTECTIONS, (C) APPROVING PAYMENT OF AN
INCENTIVE FEE, (D) APPROVING THE NOTICE PROCEDURES
AND THE ASSUMPTION AND ASSIGNMENT PROCEDURES,
(E) AUTHORIZING THE FILING OF CERTAIN DOCUMENTS
UNDER SEAL AND (F) SETTING A DATE FOR THE SALE
HEARING, AND (II) AUTHORIZING AND APPROVING (A) THE
SALE OF CERTAIN ASSETS OF DEBTORS' CARRIER VOICE
OVER IP AND APPLICATION SOLUTIONS BUSINESS FREE AND CLEAR
OF ALL LIENS, CLAIMS AND ENCUMBRANCES AND (B) THE ASSUMPTION
AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS (DKT. NO. 2193)**

In support of her objection to the Debtors' motion seeking authority to sell certain VoIP assets (dkt. no. 2193) (the "Motion"), Roberta DeAngelis, the Acting United States Trustee for Region, through her undersigned counsel, states as follows:

1. This Court has jurisdiction to hear the above-referenced Objection.

2. Pursuant to 28 U.S.C. § 586, the United States Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the United States Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294,

Case 09-10138-MFW    Doc 2229    Filed 01/04/10    Page 2 of 4

295-96 (3d Cir. 1994) (noting that United States Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

3. Pursuant to 11 U.S.C. § 307, the United States Trustee has standing to be heard with regard to the above-referenced Objection.

**BACKGROUND**

4. On January 4, 2009, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

5. On December 23, 2009, the Debtors filed the Motion, which contemplates a sale of the Debtors CVAS Business to GENBAND, Inc. (the "stalking horse") for an initial base purchase price of $282 million, subject to certain price reductions that could be substantial. The Motion also preliminarily seeks court approval of a stalking horse arrangement and certain bid procedures. The stalking horse arrangement includes a $5 million breakup fee and the reimbursement of certain expenses (capped at $5 million) in the event that the stalking horse is not ultimately the successful purchaser of the CVAS Business. *See* Motion, paras. 28-32. The Motion also asks that the Court approve an "incentive fee" of $3.6 million, to be paid to One Equity Partners III, L.P. ("OEP") as "an equity sponsor for the transaction." *Id.* at p.2. The incentive fee is to be paid regardless of whether the stalking horse (with OEP's backing) is ultimately successful in purchasing the assets that are being sold. *Id.*, paras. 33-36.

**THE LIMITED OBJECTION**

6.     The United States Trustee opposes the Motion insofar as it contemplates the payment of an "incentive fee" of $3.6 million *in addition to* the requested $5 million breakup fee and $5 million expense reimbursement allowance.  The incentive fee apparently represents expenses incurred by OEP in connection with sales of *other* assets of the Debtors, where OEP (or one of its affiliates or a joint venture including one of its affiliates) may have bid for assets, or considered bidding for assets, but was unsuccessful in such purchase efforts.  The Motion cites the recent MEN sale as an example where OEP incurred such expenses.  The Motion does not provide a breakdown of such expenses (though some preliminary backup information has been provided to the United States Trustee).

7.     The United States Trustee objects to the Motion because the proposed break up fee and expense reimbursement are already quite high, each constituting an estimated 2.8% of the base purchase price.  The breakup fee and expense reimbursement are themselves designed to encourage a stalking horse arrangement, and thus they provide an incentive that the "Incentive Fee" merely duplicates.  In other words, while the parties to the stalking horse agreement may have calculated the Incentive Fee based on sale-related expenses incurred in connection with *other* asset sales, the purpose of the Incentive Fee is the same as that of the break up fee and expense reimbursement, and should be considered in conjunction with those items.   There does not appear to be any other legal basis for the payment of the Incentive Fee.  The incentive thus amounts to $13.6 million, with $3.6 million being better than a breakup fee, insofar as it is paid regardless of what transpires with the sale.  The fees, viewed in combination, are excessive, and do not appear necessary to preserve the value of the preserve the value of the Debtors' estates

under 11 U.S.C. § 503(b). *See Calpine Corp. v. O'Brien Environmental Energy, Inc. (In re O'Brien Environmental Energy, Inc.)*, 181 F.3d 527, 533 (3d Cir. 1999) (the claimant bears ". . . the heavy burden of demonstrating that the costs and fees for which it seeks payment provided an actual benefit to the estate and that such costs and expenses were necessary to preserve the value of the estate assets.").

WHEREFORE the United States Trustee requests that this Court issue an order denying the Motion as written and/or granting such other relief as this Court deems appropriate, fair and just.

        Respectfully submitted,

        **ROBERTA A. DeANGELIS**
        **ACTING UNITED STATES TRUSTEE**

        **By:**   /s/ T. Patrick Tinker
             T. Patrick Tinker
             Trial Attorney
             J. Caleb Boggs Federal Building
             844 King Street, Suite 2207, Lockbox 35
             Wilmington, DE 19801
             (302) 573-6491
             (302) 573-6497 (Fax)

Dated: January 4, 2010