IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NORTEL NETWORKS INC., et al.,[1] | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |
| | **Related Docket No. 2216** |

### AFFIDAVIT OF MAILING

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK    )

BRITTANY WHALEN, being duly sworn, deposes and says:

1.  I am employed as Noticing Coordinator by Epiq Bankruptcy Solutions, LLC, located at 757 Third Avenue, New York, New York 10017.  I am over the age of eighteen years and am not a party to the above-captioned action.

2.  On December 30, 2009, I caused to be served:

    a.  a Customized Version of the "Debtors' First Omnibus Motion for Entry of an Order (A) Approving the Assumption and Assignment of Certain Additional Executory Contracts Pursuant to the Sale of the Debtors' Metro Ethernet Networks Business and (B) Authorizing the Debtors to File Information Under Seal," dated December 29, 2009 [Docket No. 2216], a sample of which is annexed hereto as Exhibit A, consisting of the following:

        i.  the "Notice of Debtors' First Omnibus Motion for Entry of an Order (A) Approving the Assumption and Assignment of Certain Additional Executory Contracts Pursuant to the Sale of the Debtors' Metro Ethernet Networks Business and (B) Authorizing the Debtors to File Information Under Seal," dated December 29, 2009,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596) Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

    ii.  the "Debtors' First Omnibus Motion for Entry of an Order (A) Approving the Assumption and Assignment of Certain Additional Executory Contracts Pursuant to the Sale of the Debtors' Metro Ethernet Networks Business and (B) Authorizing the Debtors to File Information Under Seal," dated December 29, 2009,

    iii.  a Personalized "Exhibit A", related to Docket No. 2216,

    iv.  the "Exhibit B", related to Docket No. 2216, and

    v.  the "Certificate of Service" related to Docket No. 2216,

by causing true and correct copies to be enclosed securely in separate postage pre-paid envelopes and delivered via overnight mail to parties filed under seal, available upon request.

3.  All envelopes utilized in the service of the foregoing contained the following legend: "LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

Brittany Whalen

Sworn to before me this
5th day of January, 2010

Notary Public

MAGALI L. LEE
Notary Public, State of New York
No. 01LE6069014
Qualified in New York County
Commission Expires Jan. 22, 2010

**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X

|  |  |  |
|---|---|---|
| *In re* | : | Chapter 11 |
|  | : |  |
| NORTEL NETWORKS INC., *et al.,*[1] | : | Case No. 09-10138 (KG) |
|  | : |  |
| Debtors. | : | Jointly Administered |
|  | : |  |
|  | : | **Hearing date: January 21, 2010 at 11:00 a.m. (ET)** |
|  | : | **Objections due: January 14, 2010 at 4:00 p.m.  (ET)** |
|  | : |  |

-------------------------------------------------------X

### NOTICE OF DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN ADDITIONAL EXECUTORY CONTRACTS PURSUANT TO THE SALE OF THE DEBTORS' METRO ETHERNET NETWORKS BUSINESS AND (B) AUTHORIZING THE DEBTORS TO FILE INFORMATION UNDER SEAL

PLEASE TAKE NOTICE that the debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned cases, have today filed the attached **Debtors' First Omnibus Motion For Entry Of An Order (A) Approving The Assumption And Assignment Of Certain Additional Executory Contracts Pursuant To The Sale Of The Debtors' Metro Ethernet Networks Business And (B) Authorizing The Debtors To File Information Under Seal** ("Motion").

PLEASE TAKE FURTHER NOTICE that any party wishing to oppose the entry of an order approving the Motion must file a response or objection ("Objection") if any, to the Motion with the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 on or before **January 14, 2010 at 4:00 p.m. (ET** (the "Objection Deadline").

At the same time, you must serve such Objection on counsel for the Debtors so as to be received by the Objection Deadline.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

DATE FILED  12-29-09

DOCKET NO.  2216

PLEASE TAKE FURTHER NOTICE THAT A HEARING ON THE MOTION WILL BE HELD ON **JANUARY 21, 2010 AT 11:00 A.M. (ET)** BEFORE THE HONORABLE KEVIN GROSS AT THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 6TH FLOOR, COURTROOM #3, WILMINGTON, DELAWARE 19801. ONLY PARTIES WHO HAVE FILED A TIMELY OBJECTION WILL BE HEARD AT THE HEARING.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: December 29, 2009
      Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (*admitted pro hac vice*)
Lisa M. Schweitzer (*admitted pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Andrew R. Remming*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*

3302197.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------X
                                 :

*In re*                                 :

Nortel Networks Inc., *et al.*,[1]        :

                   Debtors.    :

                                 :
-----------------------------------------------------X

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

**Hearing date:** January 21, 2010 at 11:00 AM (ET)
**Objections due:** January 14, 2010 at 4:00 PM (ET)

**DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER (A)
APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN
ADDITIONAL EXECUTORY CONTRACTS PURSUANT TO THE SALE
OF THE DEBTORS' METRO ETHERNET NETWORKS BUSINESS AND
(B) AUTHORIZING THE DEBTORS TO FILE INFORMATION UNDER SEAL**

*PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR
NAMES AND CONTRACTS ON EXHIBIT A.*

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in

possession (collectively, the "Debtors"), hereby move this Court (the "Motion") for the entry of

an order substantially in the form attached hereto as Exhibit B, pursuant to sections 105, 107,

363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004,

6006 and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule

9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the District of Delaware (the "Local Rules") (a) approving the assumption and

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

assignment of certain additional executory contracts in connection with the sale of certain assets of the Debtors' Metro Ethernet Networks business (the "MEN Business") to Ciena Corporation ("Ciena" and together with, and including, any Designated Purchaser (as defined in the Ciena Sale Agreement), the "Purchaser") in accordance with the terms and conditions of that certain Amended and Restated Asset Sale Agreement entered into by the Debtors and Ciena and dated as of November 24, 2009, as approved by the Court by an order dated December 3, 2009 and amended from time to time (the "Ciena Sale Agreement"); (b) authorizing the Debtors to file certain information under seal; and (c) granting them such other and further relief as the Court deems just and proper.  In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105, 107, 363 and 365 of the Bankruptcy Code, Rules 2002, 6004, 6006 and 9018 of the Bankruptcy Rules, and Rule 9018-1 of the Local Rules.

### Background

**A.      Procedural History**

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than NN CALA (defined below), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.    On January 15, 2009, this Court entered an order of joint administration pursuant to Bankruptcy Rule 1015(b) that provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

6.    Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.

7.    On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February 27, 2009, based on a petition filed by Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

8.    On January 14, 2009, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[3] into administration under the

---

[2]    The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[3]    The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators"). On May 28, 2009, at the request of the Joint Administrators, the Commercial Court of Versailles, France (the "French Court") (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA was originally authorized to continue to operate as a going concern for an initial period of three months, which period was subsequently extended to November 28, 2009. In accordance with the European Union's Council Regulation (EC) No. 1346/2000 on Insolvency Proceedings, the English law proceedings (the "English Proceedings") remain the main proceedings in respect of NNSA although a French administrator and a French liquidator have been appointed and are in charge of the day-to-day affairs and continuing business of NNSA in France. On October 1, 2009, pursuant to a motion filed by the Joint Administrators, the French Court approved an order to: (i) suspend the liquidation operations relating to the sale of the assets and/or businesses of NNSA for a renewable period of two months; (ii) authorize the continuation of the business of NNSA so long as the liquidation operations are suspended; and (iii) maintain the powers of the French Administrator and Liquidator during the suspension period, except with respect to the sale of assets and/or businesses of NNSA. On November 30, 2009, the French Court extended the suspension of liquidation for a further period of three months. On June 26, 2009, this Court entered an order recognizing the English Proceedings of Nortel Networks UK Limited ("NNUK") as foreign main proceedings under chapter 15 of the Bankruptcy Code.[4]

---

[4]        Additionally, on January 18, 2009, certain Nortel affiliates, including Nortel Networks Israel (Sales and Marketing) Limited, filed an application with the Tel-Aviv-Jaffa District Court, pursuant to the Israeli Companies Law, 1999, and the regulations relating thereto for a stay of proceedings. On January 19, 2009, the Israeli Court appointed Yaron Har-Zvi and Avi D. Pelossof as joint administrators of the Israeli Company under the Israeli Companies Law (the "Joint Israeli Administrators").

9.      On January 26, 2009, the Office of the United States Trustee for the District of

Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the

"Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142]. An ad

hoc group of bondholders holding claims against certain of the Debtors and certain of the

Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner

has been appointed in the Debtors' cases.

10.     On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc.

("NN CALA" and a Debtor with NNI and its affiliates), an affiliate of NNI, filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code. On July 17, this Court entered

orders approving the joint administration and consolidation of NN CALA's chapter 11 case with

the other Debtors' chapter 11 cases for procedural proposes [D.I. 1098], and applying to NN

CALA certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1099].

**B.      Debtors' Corporate Structure and Business**

11.     Nortel  is  a  technology  company  that  designs,  develops  and  deploys

communication products, systems and solutions to its customers around the globe. Its principal

assets include its employees, the intellectual property derived and maintained from its research

and development activities, its customers and other significant contracts and agreements.

12.     Additional information regarding the Debtors' corporate structure and business

and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in

Support of First Day Motions and Applications [D.I. 3].

**C.      Case Milestones**

13.     On June 19, 2009, Nortel announced that it was advancing in discussions with

external parties to sell its businesses and it would assess other restructuring alternatives for its

businesses in the event it is unable to maximize value through sales. To date, Nortel has closed

(i) the sale of certain portions of its Layer 4-7 data portfolio to Radware Ltd. [D.I. 539]; (ii) the

sale of substantially all of its CDMA business and LTE Access assets business to

Telefonaktiebolaget LM Ericsson (publ) [D.I. 1205]; (iii) the sale of the assets of its Wireless

Networks business associated with the development of Next Generation Packet Core network

components to Hitachi Ltd. [D.I. 1760]; and (iv) the sale of substantially all of the assets of the

Enterprise Solutions business globally, including the shares of Nortel Government Solutions

Incorporated and DiamondWare Ltd. to Avaya Inc. [D.I. 1514].  In addition, Nortel has

completed auction processes and obtained Court approval for the planned sale of substantially all

the assets of its Optical Networking and Carrier Ethernet businesses associated with its MEN

Business [D.I. 2070]; as well as for the planned sale of substantially all of its GSM/GSM-R

business [D.I. 2065].

   14. On August 4, 2009, this Court entered an order fixing September 30, 2009 at 4:00

PM (Eastern Time) as the general bar date for filing proofs of claim or interests [D.I. 1280].  On

December 3, 2009 this Court entered an order fixing January 25, 2010 at 4:00 PM (Eastern

Time) as the bar date for filing proofs of claim or interests against NN CALA [D.I. 2059].

**D.** **The Metro Ethernet Networks Business Sale**

   15. Nortel's MEN Business includes optical networking, carrier Ethernet switching

and multiservice switching products, delivering carrier-grade Ethernet transport capabilities for

higher performance and lower cost for emerging video-intensive applications.  The MEN

Business's optical networking portfolio includes the 40G Adaptive Optical Engine technology,

which can quadruple network capacity while being deployable over any fiber, allowing service

providers to reduce engineering and equipment expense and upgrade quickly and cost-effectively

from 10G to 40G.  The MEN Business also is in the process of developing the industry's first

6

optical technology that can deliver both 40G and 100G network capacity, enabling four times the network throughput immediately, while providing the foundation to simply and affordably increase capacity tenfold as required.

16.    On October 7, 2009, the Debtors filed a Motion for Orders (I)(A) Authorizing Debtors' Entry into the Stalking Horse Asset Sale Agreement, (B) Authorizing and Approving the Bidding Procedures and Bid Protections, (C) Approving the Notice Procedures and the Assumption and Assignment Procedures, (D) Authorizing the Filing of Certain Documents under Seal and (E) Setting a Date for the Sale Hearing, and (II) Authorizing and Approving (A) the Sale of Certain Assets of Debtors' Metro Ethernet Networks Business Free and Clear of All Liens, Claims and Encumbrances and (B) the Assumption and Assignment of Certain Executory Contracts [D.I. 1627] (the "Sale Motion")[5] seeking approval of the sale of certain of the Debtors' assets relating to the Debtors' MEN Business (the "Assets"), including the assumption and assignment of certain executory contracts to the Successful Bidder at an auction, and the approval of certain bidding procedures (the "Bidding Procedures") in connection with the proposed sale.  Following a hearing on the Bidding Procedures, this Court entered an order dated October 16, 2009 approving the Bidding Procedures to govern the sale by NNI and certain of its affiliates (collectively, the "Sellers") of the Assets [D.I. 1685] (the "Bidding Procedures Order"). The Canadian Court entered a corresponding order approving the Bidding Procedures in the Canadian Proceedings on the same day.

17.    In accordance with the Bidding Procedures, the Sellers conducted an auction that commenced on November 20, 2009 (the "Auction").  The Successful Bid (as defined in the

---

[5]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Sale Motion.

Bidding Procedures) resulting from the Auction was the Ciena Sale Agreement, dated as of November 24, 2009 with Ciena as Purchaser (the "Successful Bid").

18.     On December 3, 2009, this Court entered an order approving the sale of the Assets to the Purchaser pursuant to the Successful Bid [D.I. 2070] (the "Sale Order"). The Canadian Court entered a corresponding order approving the sale in the Canadian Proceedings on December 2, 2009.

## Relief Requested

19.     By this Motion, the Debtors seek an order (a) approving the assumption and assignment of certain additional executory contracts to the Purchaser pursuant to section 365 of the Bankruptcy Code; (b) authorizing the Debtors to file certain information under seal; and (c) granting such other relief as the Court deems just and proper.

## Facts Relevant to this Motion

20.     As part of the Sale Order, the Court authorized the Debtors under Bankruptcy Code section 365 to "assume the Assumed and Assigned Contracts and to assign the Assumed and Assigned Contracts to the Purchaser, which assignment shall take place on and be effective as of the Closing or as otherwise provided by order of this Court." Sale Order at ¶ 5. The Assumed and Assigned Contracts were defined in the Ciena Sale Agreement to include certain executory contracts (including supplier and customer contracts) to which the Debtors were a party prior to the sale.

21.     Since the entry of the Sale Order, the Debtors and the Purchaser have identified a small number of additional prepetition executory contracts that are related to the Assets (the "Additional Contracts") that were inadvertently excluded from the schedules of Assumed and Assigned Contracts in the Ciena Sale Agreement but that the Debtors wish to assume and assign to the Purchaser in connection with the sale of the Assets. By this Motion the Debtors seek

8

permission to assume and assign the Additional Contracts effective as of the later of (i) the

closing date of the Ciena Sale Agreement or (ii) the date of the entry of the Order on this Motion

(the "Effective Assumption and Assignment Date").

22.     The Additional Contracts designated for assumption and assignment to the

Purchaser consist of approximately twenty (20) customer contracts related to the Assets to which

the Debtors are a party.  As with other customer contracts that were assumed and assigned in

connection with the sale, the identity of the counterparties to the Additional Contracts (the

"Counterparties") constitutes an integral component of the Additional Contracts' value.  Access

to the list of Counterparties absent appropriate confidentiality restrictions would entail releasing

valuable confidential information of critical value not only to the Purchaser of the Assets but also

to the Debtors' other businesses, many of which share overlapping customer lists.  Thus, publicly

releasing the names of the Counterparties would have an immediate detrimental impact on the

value of the Assets as well as other aspects of the Debtors' business.  The Debtors will serve

notice of this Motion on each of the Counterparties to the Additional Contracts, including a

personalized schedule containing those contracts designated for assumption and assignment to

which they are a Counterparty.  The Debtors are prepared to file a complete list under seal, and

will provide a complete list of the Additional Contracts to the Office of the U.S. Trustee, counsel

to the Committee and the Bondholder Group.

### *Cure Amounts*

23.     To the extent necessary to consummate a sale of the Assets as contemplated by

the Sale Motion, the Debtors shall pay the amount, if any, determined by the Debtors to be

necessary to be paid to cure any existing default in accordance with section 365(b) and 365(f)(2)

of the Bankruptcy Code (the "Cure Amount") promptly.  To the best of the Debtors' knowledge,

9

there are no Cure Amounts to be paid in association with the Additional Contracts.

### Adequate Assurance of Future Performance

24.     The Debtors submit that the Purchaser is able to comply with section 365 of the Bankruptcy Code and to perform the obligations under the Additional Contracts.  Ciena is a provider of communications networking equipment, software and services that support the transport, switching, aggregation and management of voice, video, and data traffic. Ciena's optical service delivery and carrier Ethernet service delivery products are used individually, or as part of an integrated solution, in communications networks operated by service providers, cable operators, governments and enterprises around the globe. It is a network specialist targeting the transition of disparate, legacy communications networks to converged, next-generation architectures, able to handle traffic and deliver a mix of high-bandwidth communications services.  Additional information regarding Ciena is available in its Annual Report for the fiscal year ended October 31, 2008 on Form 10-K and its Quarterly Reports for the quarters ending January 31, 2009, April 30, 2009 and July 31, 2009, as filed with the Securities and Exchange Commission, and on the Ciena website at http://www.ciena.com.  Given the Purchaser's industry experience and financial wherewithal, the Debtors submit that a showing of adequate assurance has been met.

25.     The Debtors further propose that any Counterparty will be deemed to have received adequate assurance of future performance as required by section 365 of the Bankruptcy Code if the Debtors, after payment of any Cure Amounts, would no longer have any payment or delivery obligations under the Additional Contract.

### Counterparty Objections

26.     To the extent that any Counterparty wishes to object to any matter pertaining to

10

Case 09-10138-MFW    Doc 2244    Filed 01/06/10    Page 16 of 41

the proposed assumption and assignment of the Additional Contracts, including without limitation the proposed Cure Amount and the adequate assurance of future performance by the Purchaser under the applicable Additional Contract, then such Counterparty must file with this Court and serve a written objection on or before **4:00 p.m. (ET) on January 14, 2010**.

27.     All Counterparty objections must specify the grounds for such objection, including stating the Counterparty's alleged Cure Amount (including, on a transaction by transaction basis, calculations and detail of specific charges and dates, and any other amounts receivable or payable supporting such alleged Cure Amount) if the Counterparty disagrees with the Debtors' proposed Cure Amount and any other defaults or termination events the Counterparty alleges must be cured to effect assignment of the Additional Contract.

28.     To the extent that any Counterparty does not timely serve an objection as set forth above, such Counterparty will be (i) deemed to have consented to such Cure Amounts, if any, and to the assumption and assignment of the applicable Additional Contract; (ii) bound to such corresponding Cure Amount, if any; (iii) deemed to have agreed that the Purchaser has provided adequate assurance of future performance within the meaning of Bankruptcy Code section 365(b)(1)(C); (iv) deemed to have agreed that all defaults under the Additional Contracts arising or continuing prior to the effective date of the assignment have been cured as a result or precondition of the assignment, such that the Purchaser or the Debtors shall have no liability or obligation with respect to any default occurring or continuing prior to the assignment, and from and after the date of the assignment the Additional Contract shall remain in full force and effect for the benefit of the Purchaser and the Counterparty in accordance with its terms; (v) deemed to have waived any right to terminate the Additional Contract or designate an early termination date under the applicable Additional Contract as a result of any default that occurred and/or was

11

continuing prior to the assignment date; and (vi) deemed to have agreed that the terms of the Sale

Order shall apply to the assumption and assignment of the applicable Additional Contract.

### *Reservation of Rights*

29.     The Debtors' assumption and assignment of the Additional Contracts is subject to

Court approval and consummation of the sale of the Assets to the Purchaser.  Accordingly, the

Debtors shall be deemed to have assumed each of the Additional Contracts as of the Effective

Assumption and Assignment Date, and, absent the closing of the sale, the Additional Contracts

shall be deemed neither assumed nor assigned and shall in all respects be subject to subsequent

assumption or rejection by the Debtors under the Bankruptcy Code.  The Debtors also reserve the

right, in consultation with the Purchaser, to withdraw the designation of an Additional Contract

for assumption and assignment prior to the closing date of the sale.

30.     The Purchaser shall have no rights in and to a particular Additional Contract until

such time as the particular Additional Contract is assumed and assigned upon the Effective

Assumption and Assignment Date.

31.     To the extent an objection to the assumption and assignment of an Additional

Contract is not resolved prior to the closing date of the sale of the Assets, including any

objections related to cure, the Debtors, in consultation with the Purchaser, may elect to (i) not

assume and assign such Additional Contract or (ii) postpone the assumption and assignment of

such Additional Contract until the resolution of such objection.

32.     Pursuant to Section 365(f) of the Bankruptcy Code, the Debtors seek

authorization and approval to assume and assign the Additional Contracts to the Purchaser

notwithstanding any provision to the contrary in the Additional Contracts, or in applicable non-

bankruptcy law, that prohibits, restricts, or conditions the assignment.

33.     Upon assumption of the Additional Contracts by the Debtors and assignment to

the Purchaser, the Additional Contracts shall be deemed valid and binding, in full force and

effect in accordance with their terms, subject to the provisions of this Order.

### Basis for Relief

A.     **The Assumption and Assignment of the Additional Assumed And Assigned
Contracts Should Be Authorized**

34.     Under Bankruptcy Code section 365(a), a debtor, "subject to the court's approval,

may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C.

§ 365(a). Bankruptcy Code section 365(b)(1), in turn, codifies the requirements for assuming an

executory contract of a debtor. This subsection provides:

> (b) (1)     If there has been a default in an executory
> contract or unexpired lease of the debtor, the trustee may not
> assume such contract or lease unless, at the time of assumption of
> such contract or lease, the trustee -
>
> > (A)     cures, or provides adequate assurance that
> > the trustee will promptly cure, such default . . . ;
> >
> > (B)     compensates, or provides adequate
> > assurance that the trustee will promptly compensate, a party
> > other than the debtor to such contract or lease, for any
> > actual pecuniary loss to such party resulting from such
> > default; and
> >
> > (C)     provides adequate assurance of future
> > performance under such contract or lease.

11 U.S.C. § 365(b)(1). Section 365(f)(2) of the Bankruptcy Code provides, in pertinent part,

that:

> The trustee may assign an executory contract or unexpired lease of
> the debtor only if --
>
> > (A)     the trustee assumes such contract or lease in
> > accordance with the provisions of this section; and
> >
> > (B)     adequate assurance of future performance by

13

> the assignee of such contract or lease is provided, whether
> or not there has been a default in such contract or lease.

11 U.S.C. § 365(f)(2).

35.     The meaning of "adequate assurance of future performance" depends on the facts

and circumstances of each case, but should be given "practical, pragmatic construction." EBG

Midtown S. Corp. v. McLaren/Hart Envtl. Eng'g Corp. (In re Sanshoe Worldwide Corp.), 139

B.R. 585, 593 (S.D.N.Y. 1992); In re Prime Motor Inns Inc., 166 B.R. 993, 997 (Bankr. S.D. Fla.

1994); Carlisle Homes, Inc. v. Azzari (In re Carlisle Homes, Inc.), 103 B.R. 524, 538 (Bankr.

D.N.J. 1988).

36.     Among other things, adequate assurance may be provided by demonstrating the

assignee's financial health and experience in managing the type of enterprise or property

assigned. See, e.g., In re Bygaph, Inc., 56 B.R. 596, 605-06 (Bankr. S.D.N.Y. 1986) (finding

adequate assurance of future performance present when prospective assignee of lease from

debtor has financial resources and has expressed willingness to devote sufficient funding to

business in order to give it strong likelihood of succeeding).

37.     To the extent any defaults exist under any Additional Contract, any such default

will be promptly cured or adequate assurance that such default will be cured will be provided

prior to the assumption and assignment.  If necessary, the Debtors will submit additional facts

prior to or at the hearing on this Motion to show the financial credibility of the Purchaser and

willingness and ability to perform under the Additional Contracts.  The hearing will therefore

provide the Court and other interested parties the opportunity to evaluate and, if necessary,

challenge the ability of the Purchaser to provide adequate assurance of future performance under

the Additional Contracts, as required under section 365(b)(1)(C) of the Bankruptcy Code.

38.     In addition, the Debtors submit that it is an exercise of their sound business

judgment to assume and assign the Additional Contracts to the Purchaser, and the assumption, assignment, and sale of the Additional Contracts to the Purchaser are in the best interests of the Debtors, their estates, their creditors, and all parties in interest. The Additional Contracts being assigned to the Purchaser are an integral part of the Assets being purchased by the Purchaser, and accordingly, such assumption, assignment, and sale of the Additional Contracts are reasonable and enhance the value of the Debtors' estates. The Court should therefore authorize the Debtors to assume and assign the Additional Contracts as set forth herein.

**B.      Information Regarding the Debtors' Customers Is Confidential Commercial Information and Should Be Filed Under Seal**

39.      The Debtors propose to file the list of Additional Contracts to be assumed and assigned under seal.

40.      The relief requested by the Debtors is squarely authorized under the Bankruptcy Code. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders to protect a party's confidential, commercial or proprietary information:

> On request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information. . . .

11 U.S.C. § 107(b).

41.      Furthermore, Bankruptcy Rule 9018 defines the procedure by which a party may move for relief under section 107(b) of the Bankruptcy Code:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

42.      This Court has defined "commercial information" in the context of section 107(b) as follows:

15

> Commercial information is information which would result in 'an
> unfair advantage to competitors by providing them information as
> to the commercial operations of the debtor.'

In re Alterra Healthcare Corp., 353 B.R. 66, 75-76 (Bankr. D. Del. 2006) (citing In re Orion

Pictures Corp., 21 F.3d 24, 27-28 (2d Cir. 1994)). This Court has also explained that section

107(b)'s exception to usual public disclosure mandated by section 107(a) is "intended to avoid

'affording an unfair advantage to competitors by providing them information as to the

commercial operations of the debtor.'" In re MUMA Services Inc., 279 B.R. 478, 484 (Bankr.

D. Del. 2002) (citing In re Itel Corp., 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982)).

43.     Since information related to the Additional Contracts is "commercial

information" within the ambit of section 107, the Court should enter an order permitting the

Debtors to file under seal all confidential information related to the Additional Contracts.

44.     The identities of the Counterparties constitute confidential commercial

information because they represent a significant aspect of the value of the MEN Business and the

Assets. Access to the list of the Counterparties absent appropriate confidentiality restrictions

would entail releasing confidential information of critical value not only to any prospective

purchaser of the Additional Contracts but also to the Debtors' other businesses. Therefore, it is

critical to the preservation of the value of the Debtors' estates that the Court allow for this

confidential information to be filed under seal.

45.     As such, the Debtors respectfully submit that the Court should permit the Debtors

to file their certificate of service listing the names and addresses of such parties under seal.

**C.     Waiver of Automatic Fourteen-Day Stay Under Bankruptcy Rules 6004(h) and
        6006(d)**

46.     Pursuant to Bankruptcy Rule 6004(h), unless the Court orders otherwise, all

orders authorizing the sale of property pursuant to section 363 of the Bankruptcy Code are

automatically stayed for fourteen days after entry of the order. Similarly, under Bankruptcy Rule 6006(d), unless the Court orders otherwise, all orders authorizing the assignment of contracts are automatically stayed for fourteen days after entry of the order. The purpose of Bankruptcy Rules 6004(h) and 6006(d) is to provide sufficient time for an objecting party to request a stay pending appeal before the order can be implemented. See Advisory Committee Notes to Fed. R. Bankr. P. 6004(h); Advisory Committee Notes to Fed. R. Bankr. P. 6006(d).

47.    Although Bankruptcy Rules 6004(h) and 6006(d) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the stay period, commentators agree that the stay period should be eliminated to allow a sale or other transaction to close immediately where there has been no objection to the procedure. See generally 10 Collier on Bankruptcy ¶ 6004.09 (15th ed. 1999). Furthermore, if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time necessary to file such appeal. Id.

48.    Pursuant to the Ciena Sale Agreement, and because of the potentially diminishing value of the Assets, the Debtors must close this sale promptly after all closing conditions have been met or waived. It is in the Debtors' interest to complete the assumption and assignment of the Additional Contracts either at closing or as soon thereafter as practicable. Thus, waiver of any applicable stays is appropriate in this circumstance.

## Notice

49.    Notice of the Motion has been given via first class mail, facsimile, electronic transmission, hand delivery or overnight mail to the (i) counsel to the Purchaser; (ii) Counterparties; (iii) U.S. Trustee; (iv) Monitor; (v) counsel to the Committee; (vi) counsel to the Bondholder Group and (vii) general service list established in these chapter 11 cases pursuant to

17

Bankruptcy Rule 2002. The Debtors submit that under the circumstances no other or further notice is necessary.

### No Prior Request

50.     No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

<table>
<tr>
<td>Dated:  December 29, 2009<br>Wilmington, Delaware</td>
<td>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>James L. Bromley<br>Lisa M. Schweitzer<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone:  (212) 225-2000<br>Facsimile:  (212) 225-3999<br><br>- and -<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br><br>*/s/ Andrew R. Remming*<br>Derek C. Abbott (No. 3376)<br>Eric D. Schwartz (No. 3134)<br>Ann C. Cordo (No. 4817)<br>Andrew R. Remming (No. 5120)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone:  (302) 658-9200<br>Facsimile:  (302) 658-3989<br><br>*Counsel for the Debtors*<br>*and Debtors in Possession*</td>
</tr>
</table>

18

**EXHIBIT A**

**SCHEDULE OF ADDITIONAL CONTRACTS**

| Name and Address of Counterparty | Proposed Effective Date of Assignment | Description of Additional Contract to be Assumed and Assigned | Cure Amount |
|---|---|---|---|
| | | | |

NOTE: For the purposes of filing, this schedule has been intentionally left blank.  Pursuant to the Assumption and Assignment Procedures proposed in the Motion, those parties whom the Debtors believe to be a party in interest to an Additional Contract will receive an individualized Schedule.

**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------X
                                         :
                                         :     Chapter 11
                                         :
In re                                    :     Case No. 09-10138 (KG)
                                         :
Nortel Networks Inc., et al.,[1]         :     Jointly Administered
                                         :
                    Debtors.             :
                                         :     RE: D.I. _____
                                         :
-----------------------------------------------------X
```

**ORDER (A) APPROVING THE ASSUMPTION AND ASSIGNMENT OF
CERTAIN ADDITIONAL EXECUTORY CONTRACTS PURSUANT TO THE
SALE OF THE DEBTORS' METRO ETHERNET NETWORKS BUSINESS
AND (B) AUTHORIZING THE DEBTORS TO FILE INFORMATION UNDER SEAL**

Upon the motion dated December 29, 2009 (the "Motion"),[2] of Nortel Networks Inc. and

its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the

"Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105,

107, 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002,

6004, 6006 and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "Local Rules") (a) approving the assumption

and assignment of certain additional executory contracts in connection with the sale of certain

assets of the Debtors' Metro Ethernet Networks Business (the "Sale") to Ciena Corporation

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification
number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc.
(9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation
(0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks
Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826),
Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable
Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the
Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.
[2]      Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

2

(together with, and including, any Designated Purchaser (as defined in the Ciena Sale Agreement), the "Purchaser"); (b) authorizing the Debtors to file certain documents under seal; and (c) granting them such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation it is hereby

FOUND AND DETERMINED THAT:[3]

A.      The Debtors have demonstrated that it is an exercise of their sound business judgment to assume and assign the Additional Contracts to the Purchaser in connection with the consummation of the Sale, and the assumption, assignment, and sale of the Additional Contracts is in the best interests of the Debtors, their estates, their creditors, and all parties in interest. The Additional Contracts being assigned to the Purchaser are an integral part of the Assets being purchased by the Purchaser, and accordingly, the assumption, assignment and sale of the Additional Contracts is reasonable and enhances the value of the Debtors' estates. The cure amounts, if any, required to be paid pursuant to section 365(b), whether agreed or judicially

---

[3]      Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

3

resolved (the "Cure Amounts"), are deemed the entire cure obligation due and owing under the
Additional Contracts under Bankruptcy Code section 365.

      B.      Each and every provision of the Additional Contracts or applicable non-
bankruptcy law that purport to prohibit, restrict, or condition, or could be construed as
prohibiting, restricting, or conditioning assignment of any Additional Contract have been
satisfied or are otherwise unenforceable under Bankruptcy Code section 365.

      C.      Upon the payment of the Cure Amount, there are no outstanding defaults of the
Debtors and their estates under the Additional Contracts.

      D.      The Purchaser has demonstrated adequate assurance of future performance of all
Additional Contracts within the meaning of Bankruptcy Code section 365.

      E.      Upon the assignment and sale to the Purchaser, the Additional Contracts shall be
deemed valid and binding, in full force and effect in accordance with their terms, subject to the
provisions of this Order.

      ORDERED THAT:

      1.      The Motion is GRANTED.

      2.      Pursuant to section 365(f) of the Bankruptcy Code, notwithstanding any provision
of any Additional Contract or applicable non-bankruptcy law that prohibits, restricts, or
conditions the assignment of the Additional Contracts, the Debtors are authorized to assume the
Additional Contracts and to assign the Additional Contracts to the Purchaser, which assignment
shall take place on and be effective as of the Effective Assumption and Assignment Date or as
otherwise provided by order of this Court. The Debtors' assumption of the Additional Contracts
is subject to the consummation of the sale of the Assets to the Purchaser.

3.     Upon assumption of the Additional Contracts by the Debtors and assignment to the Purchaser, the Additional Contracts shall be deemed valid and binding, in full force and effect in accordance with their terms, subject to the provisions of this Order.  As of the Effective Assumption and Assignment Date, subject to the provisions of this Order, the Purchaser shall succeed to the entirety of the Debtors' rights and obligations in the Additional Contracts first arising and attributable to the time period occurring on or after the Effective Assumption and Assignment Date and shall have all rights thereunder.

4.     Upon the Effective Assumption and Assignment Date, (i) all defaults (monetary and non-monetary) under the Additional Contracts through the Effective Assumption and Assignment Date shall be deemed cured through the payment of the Cure Amounts, (ii) no other amounts will be owed by the Debtors, their estates or the Purchaser with respect to amounts first arising or accruing during, or attributable or related to, the period before the Effective Assumption and Assignment Date with respect to the Additional Contracts, and (iii) any and all persons or entities shall be forever barred and estopped from asserting a claim against the Debtors, their estates, or the Purchaser that any additional amounts are due or defaults exist under the Additional Contracts that arose or accrued, or relate to or are attributable to the period before the Effective Assumption and Assignment Date.

5.     Pursuant to sections 365(b)(1)(A) and 365(f)(2)(A) of the Bankruptcy Code, the Debtors have provided adequate assurance to the Counterparties of the Purchaser's future performance under the Additional Contracts.

6.     All Counterparties to the Additional Contracts shall cooperate and expeditiously execute and deliver, upon the reasonable requests of the Purchaser, and shall not charge the Debtors or the Purchaser for, any instruments, applications, consents, or other documents which

5

may be required or requested by any public or quasi-public authority or other party or entity to effectuate the applicable transfers in connection with the Sale.

7.    Paragraphs 25-31 of the Sale Order, which relate to the resolution of objections and concerns raised by certain counterparties to customer contracts, are hereby incorporated by reference into this Order.

8.    The Court recognizes that the list of Additional Contracts and affidavits of service that identify the Debtors' customers constitute confidential commercial information, and therefore authorizes that any such lists and affidavits to be filed in connection with this Motion may be filed under seal.

9.    The Debtors shall provide the unredacted list of Additional Contracts and affidavits of service that identify the Debtors' customers to the Clerk's Office of the United States Bankruptcy Court for the District of Delaware in a prominently marked envelope with a cover sheet attached containing (i) the caption, (ii) the docket number of the Motion, (iii) the docket number of this Order, (iv) the title of the list of Additional Contracts and affidavits of service that identify the Debtors' customers, and (v) the legend "DOCUMENTS TO BE KEPT UNDER SEAL" in bold print.

10.    Notwithstanding any provision in the Federal Rules of Bankruptcy Procedures to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

6

11.     The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

Dated: _____, 2010
            Wilmington, Delaware

                                                    _____
                                                    THE HONORABLE KEVIN GROSS
                                                    UNITED STATES BANKRUPTCY JUDGE

7

## CERTIFICATE OF SERVICE

I, Andrew R. Remming, certify that I am not less than 18 years of age, and that service of the foregoing **Debtors' First Omnibus Motion For Entry Of An Order (A) Approving The Assumption And Assignment Of Certain Additional Executory Contracts Pursuant To The Sale Of The Debtors' Metro Ethernet Networks Business And (B) Authorizing The Debtors To File Information Under Seal** was caused to be made on December 29, 2009, in the manner indicated upon the parties identified below and on the attached service list.

Dated:  December 29, 2009

/s/ Andrew R. Remming
Andrew R. Remming (No. 5120)

**VIA FIRST CLASS U.S. MAIL:**
Douglas Bacon, Esq.
Joseph Simei, Esq.
Alice Burke, Esq.
Latham & Watkins LLP
233 South Wacker Drive, Suite 5800
Chicago, Illinois 60606

3302204.1

# SERVICE LIST

<u>**VIA HAND DELIVERY**</u>

Tobey M. Daluz Esq.
Leslie Heilman Esq.
Ballard Spahr
919 Market St
12th Fl
Wilmington, DE  19801

Christopher A. Ward Esq.
Justin K. Edelson Esq.
Polsinelli Shughart PC
222 Delaware Avenue
Ste 1101
Wilmington, DE  19801

David B. Stratton Esq.
Leigh-Anne M. Raport Esq.
Pepper Hamilton LLP
1313 Market St
Ste 5100
Wilmington, DE  19801

Henry Jaffe Esq.
Pepper Hamilton LLP
1313 Market St
Ste 5100
Wilmington, DE  19801

Joanne B. Wills Esq.
Klehr Harrison
919 Market St
Ste 1000
Wilmington, DE  19801

Marla R. Eskin Esq.
Ayesha S. Chacko Esq.
Campbell & Levine LLC
800 N King St
Ste 300
Wilmington, DE  19801

William D. Sullivan Esq.
Sullivan Hazeltine Allinson LLC
4 E 8th St
Ste 400
Wilmington, DE  19801

Mary F. Caloway Esq.
P.J. Duhig Esq.
Buchanan Ingersoll & Rooney
1000 West Street
Suite 1410
Wilmington, DE  19801

Brett D. Fallon Esq.
Morris James LLP
500 Delaware Ave
Ste 1500
Wilmington, DE  19801

Carl N. Kunz Esq.
Michael J. Custer Esq.
Morris James LLP
500 Delaware Ave
Ste 1500
Wilmington, DE  19801

US Attorney's Office
District of Delaware
1007 N. Orange Street
Wilmington, DE  19801

Patrick Tinker Esq.
Office of the U.S. Trustee
844 King Street
Suite 2207 Lockbox 35
Wilmington, DE  19801-3519

Mark D. Collins Esq.
Christopher M. Samis Esq.
Richards Layton & Finger
One Rodney Square
920 N King St
Wilmington, DE  19801

Duane D. Werb Esq.
Werb & Sullivan
300 Delaware Ave
13th Fl
Wilmington, DE  19801

Kathleen M. Miller Esq.
Smith Katzenstein & Furlow
800 Delaware Ave.
7th Fl
Wilmington, DE  19801

William P. Bowden Esq.
Amanda M. Winfree Esq.
Ashby & Geddes P.A.
500 Delaware Ave
8th Fl
Wilmington, DE  19801

Ricardo Palacio Esq.
Ashby & Geddes P.A.
500 Delaware Ave
Wilmington, DE  19801

Gregory A. Taylor Esq.
Benjamin W. Keenan Esq.
Ashby & Geddes P.A.
500 Delaware Ave
8th Fl
Wilmington, DE  19801

Rachel B. Mersky Esq.
Monzack Mersky McLaughlin
    and Browder P.A.
1201 N Orange St
Ste 400
Wilmington, DE  19801

Jeffrey S. Wisler Esq.
Marc J. Phillips Esq.
Connolly Bove
The Nemours Building
1007 N Orange St
Wilmington, DE  19801

Charlene D. Davis Esq.
Daniel A. O'Brien Esq.
Justin R. Alberto
Bayard P.A.
222 Delaware Ave
Ste 900
Wilmington, DE  19801

John V. Fiorella Esq.
Archer & Greiner PC
300 Delaware Ave
Ste 1370
Wilmington, DE  19801

Charles J. Brown III Esq.
Archer & Greiner PC
300 Delaware Ave
Ste 1370
Wilmington, DE  19801

Kurt F. Gwynne Esq.
J. Cory Falgowski Esq.
Reed Smith LLP
1201 N Market St
Ste 1500
Wilmington, DE  19801

James E. Huggett Esq.
Margolis Edelstein
750 Shipyard Dr
Ste 102
Wilmington, DE  19801

Joseph H. Huston Jr. Esq.
Maria Aprile Sawczuk Esq.
Stevens & Lee P.C.
1105 N Market St
7th Fl
Wilmington, DE  19801

Laura Davis Jones
Timothy P. Cairns
Pachulski Stang
919 N. Market St. 17th Fl.
Wilmington, DE  19899-8705

James L. Patton
Edwin J. Harron
Young Conaway
The Brandywine Bldg 17th Fl.
1000 West Street
Wilmington, DE  19801

Ian Connor Bifferato
Kevin G. Collins
Bifferato LLC
800 N. King Street
First Floor
Wilmington, DE  19801

Gregg M. Galardi
Sarah E. Pierce
Skadden Arps Slate
    Meagher & Flom LLP
One Rodney Square
PO Box 636
Wilmington, DE  19899-0636

Norman L. Pernick
Sanjay Bhatnagar
Cole Schotz Meisel Forman & Leonard
500 Delaware Ave
Suite 1410
Wilmington, DE  19801

Christopher P. Simon
Cross & Simon LLC
913 N. Market Street
11th Floor
Wilmington, DE  19801

Stuart M. Brown
Edwards Angell Palmer & dodge
919 N. Market St. Suite 1500
Wilmington, DE  19801

<u>**VIA INTERNATIONAL AIRMAIL**</u>

Jennifer Stam
Ogilvy Renault LLP
200 Bay Street Suite 3800
Royal Bank Plaza South Tower
Toronto, Ontario  M5J 2Z4
CANADA

Michael J. Wunder
R. Snayne Kukulowicz
Alex L. MacFarlane
Fraser Milner Casgrain LLP
1 First Canadian Place -Floor 42
100 King St West
Toronto, Ontario  M5X 1B2
CANADA

Stephen Gale
Herbert Smith
Exchange House
Primrose Streeet
London, UK  EC2A 2HS
ENGLAND

Derek Austin
Export Development Canada
151 O'Connor Street
Ottowa, Ontario  K1A 1K3
CANADA

<u>**VIA FIRST CLASS U.S. MAIL**</u>

Secretary of Treasury
P.O. Box 7040
Dover, DE  19903

Secretary of State
Division of Corporations
Franchise Tax
P.O. Box 7040
Dover, DE  19903

Sheryl L. Moreau Esq.
Missouri Dept of Revenue
P.O. Box 475
Bankruptcy Division
Jefferson City, MO  65105-0475

John P. Dillman Esq.
Linebarger Goggan Blair & Sampson LLP
P.O. Box 3064
Houston, TX  77253-3064

Rod Andrerson Esq.
Noel R. Boeke Esq.
Holland & Knight LLP
P.O. Box 1288
Tampa, FL  33601-1288

Amos U. Priester IV Esq.
Anna B. Osterhout Esq.
Smith Anderson Blount Dorsett
   Mitchell & Jernigan LLP
P.O. Box 2611
Raleigh, NC  27602-2611

Centralized Insolvency Operation
Internal Revenue Service
PO Box 21126
Philadelphia, PA  19114-0326

L.A. County Treasurer & Tax Collector
P.O. Box 54110
Los Angeles, CA  90054-0110

Laura L. McCloud Esq.
Assistant Attorney General
P.O. Box 20207
Nashville, TN  37202

Seth B. Shapiro Esq.
U.S. Dept of Justice Civil Div
P.O. Box 875
Ben Franklin Station
Washington, DC  20044

Jan M. Geht, Esquire
U.S. Dept of Justice Tax Div
P.O. Box 227
Washington, DC  20044

Janet Fitzpatrick
Unisys Corporation
P.O. Box 500
M/S E8-108
Blue Bell, PA  19424

Dana S. Plon Esq.
Sirlin Gallogly & Lesser
1529 Walnut Street
Ste 600
Philadelphia, PA  19102

Vicente Matias Murrell Esq.
Stephen D. Schreiber Esq.
Pension Benefit Guaranty Corp
1200 K Street NW
Washington, DC  20005-4026

Edward C. Wetmore VP & Gen Counsel
Amphenol Corporation
358 Hall Avenue
Wallingford, CT  06492

Joseph E. Shickich Jr. Esq.
Riddell Williams P.S.
1001 4th Ave
Ste 4500
Seattle, WA  98154-1192

Christopher M. Alston Esq.
Foster Pepper PLLC
1111 3rd Ave
Ste 3400
Seattle, WA  98101-3299

Ramona Neal Esq.
HP  Company
11307 Chinden Blvd
MS 314
Boise, ID  83714

David G. Aelvoet Esq.
Linebarger Goggan Blair & Sampson LLP
Travis Bldg Suite 300
711 Navarro
San Antonio, TX  78205

David A. Rosenzweig Esq.
Fulbright & Jaworski LLP
666 5th Ave
New York, NY  10103-3198

Carren B. Shulman Esq.
Kimberly K. Smith Esq.
Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza
24th Fl
New York, NY  10112

Alistar Bambach
SEC NY Regional Office
Bankruptcy Div_Ste 400
3 World Financial Center
New York, NY  10281-1022

Michael L. Schein Esq.
Vedder Price P.C.
1633 Broadway
47th Fl
New York, NY  10019

Raniero D'Aversa Jr. Esq.
Laura D. Metzger Esq.
Weston T. Eguchi Esq.
Orrick Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY  10103-0001

Dennis Dunne Esq.
Milbank Tweed Hadley & McCloy LLP
One Chase Manhattan Plaza
New York, NY  10005-1413

Michelle McMahon Esq.
Bryan Cave LLP
1290 Avenue of the Americas
New York, NY  10104

N. Thodore Zink Jr. Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112

Alan Kolod
Christopher J. Caruso
Kent C. Kolbig
Moses & Singer LLP
The Chrysler Building
405 Lexington Avenue
New York, NY  10174

Ken Coleman Esq
Lisa J.P. Kraidin. Esq.
Allen & Overy LLP
1221 Avenue of the Americas
20th Floor
New York, NY  10020

Val Mandel Esq.
Val Mandel P.C.
80 Wall St
Ste 1115
New York, NY  10005

Edmond P. O'Brien Esq.
Stempel Bennett Claman
    & Hochberg P.C.
675 Third Ave
31st Fl
New York, NY  10017

Steven J. Reisman Esq.
James V. Drew Esq.
Curtis Mallet-Prevost Colt
    & Mosle LLP
101 Park Avenue
New York, NY  10178-0061

Nicholas Vianna
The Interpublic Group of Companies
1114 Avenue of the Americas
19th Floor
New York, NY  10036

Alan J. Lipkin Esq.
Jeremy E. Crystal Esq.
Willkie Farr & Gallagher LLP
787 7th Ave
New York, NY  10019

Marc Abrams
Brian E. O'Connor
Sameer Advani
Willkie Farr & Gallagher LLP
787 7th Ave
New York, NY  10019-6099

Robert J. Rosenberg Esq.
Latham & Watkins LLP
885 Third Avenue
Ste 1000
New York, NY  10022-4068

Michael J. Riela Esq.
Latham & Watkins LLP
885 Third Avenue
Ste 1000
New York, NY  10022-4068

Zachary N. Goldstein Esq.
Latham & Watkins LLP
885 Third Avenue
Ste 1000
New York, NY  10022-4068

Howard S. Steel Esq.
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY  10178

Fred S. Hodara Esq.
Ryan C. Jacobs Esq.
David H. Botter Esq.
Akin Gump
One Bryant Park
New York, NY  10036

Kenneth E. Noble Esq.
Katten Muchin Rosenman LLP
575 Madison Ave
New York, NY  10022-2585

Stephen C. Stapleton
Dykema Gossett PLLC
1717 Main St
Ste 2400
Dallas, TX  75201

Lynnette R. Warman
Hunton & Williams
1445 Ross Ave
Rountain Place Ste 3700
Dallas, TX  75202-2799

Joseph J. Wielebinski Esq.
Munsch Hardt Kopf & Harr P.C.
3800 Lincoln Plaza
500 N Akard St
Dallas, TX  75201-6659

Robert T. Vance Jr.
Law Offices of Robert T. Vance Jr.
100 South Broad Street
Suite 1530
Philadelphia, PA  19110

Carol E. Momjian Esq.
PA Senior Deputy Atty Gen
21 S 12th St
3rd Fl
Philadelphia, PA  19107-3603

David L. Pollack Esq.
Jeffrey Meyers Esq.
Ballard Spahr Andrews & Ingersoll LLP
51st Fl Mellon Bank Ctr
1735 Market St
Philadelphia, PA  19103

Alan S. Kopit Esq.
Christopher W. Peer Esq.
Hahn Loeser & Parks LLP
200 Public Square
Ste 2800
Cleveland, OH  44114

Linda Boyle
tw telecom inc.
10475 Park Meadows Dr
Ste 400
Littleton, CO  80124

Terry Zale
Flextronics International
305 Interlocken Pkwy
Broomfield, CO  80021

Edward T. Attanasio Esq.
Klee Tuchin Bogdanoff & Stern LLP
1999 Avenue of the Stars
39th Fl
Los Angeles, CA  90067-6049

Joon M. Khang Esq.
Khang & Khang LLP
1901 Avenue of the Stars
2nd Fl
Los Angeles, CA  90067

Thomas J. Leanse Esq.
Dustin P. Branch Esq.
Katten Muchin Rosenman LLP
2029 Century Park East
Ste 2600
Los Angeles, CA  90067-3012

John C. Vigano Esq.
Patricia J. Fokuo Esq.
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL  60606-6473

Eric S. Prezant Esq.
Bryan Cave LLP
161 N Clark St
Ste 4300
Chicago, IL  60601

Melissa A. Mickey
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL  60604-1404

Jill L. Murch Esq.
Lars A. Peterson Esq.
Foley & Lardner LLP
321 North Clark St
Ste 2800
Chicago, IL  60654-5313

Cullen K. Kuhn Esq.
Bryan Cave LLP
211 N Broadway
Ste 3600
St. Louis, MO  63102

David L. Uranga
Bell Microproducts Inc
201 Monroe Street
Suite 300
Montgomery, AL  36104

Jeffrey B. Ellman Esq.
Robbin S. Rahman Esq.
Jones Day
1420 Peachtree St NE
Ste 800
Atlanta, GA  30309

Darryl S. Laddin Esq.
Frank N. White Esq.
Arnall Golden Gregory LLP
171 17th St NW
Ste 2100
Atlanta, GA  30363-1031

Doug Goin CFO
APC Workforce Solutions LLC
420 South Orange Avenue
6th Fl
Orlando, FL  32801

Joyce A. Kuhns
Saul Ewing LLP
500 E. Pratt Street
8th Floor
Baltimore, MD  21202

Richard M. Kremen Esq.
Dale K. Cathell Esq.
DLA Piper LLP (US)
6225 Smith Avenue
Baltimore, MD  21209

Randall D. Crocker Esq.
VonBriesen & Roper S.C.
411 E Wisconsin Ave
Ste 700
Milwaukee, WI  53202

Shawn M. Christianson Esq.
Buchalter Nemer
333 Market St
25th Fl
San Francisco, CA  94105-2126

Merle C. Meyers Esq.
Michele Thompson Esq.
Meyers Law Group P.C.
44 Montgomery Street
Ste 1010
San Francisco, CA  94104

Elizabeth Weller Esq.
Linebarger Goggan Blair
    & Sampson LLP
2323 Bryan Street
Ste 1600
Dallas, TX  75201

James C. Waggoner Esq.
Davis Wright Tremaine LLP
1300 SW 5th Ave
Ste 2300
Portland, OR  97201-5630

Rachel S. Budke Esq.
FPL Law Department
700 Universe Blvd
Juno Beach, FL  33408

Scott K. Brown Esq.
Lewis and Roca LLP
40 North Central Ave
Ste 1900
Phoenix, AZ  85004

Nicholas Skiles Esq.
John A. Wetzel Esq.
Swartz Campbell LLC
One S. Church St
Ste 400
West Chester, PA  19382

Jennifer V. Doran Esq.
Hinckley Allen & Snyder LLP
28 State St
Boston, MA  02109

Frank F. McGinn Esq.
Bartlett Hackett Feinberg P.C.
155 Federal St
9th Fl
Boston, MA  02110

Lawrence M. Schwab Esq.
Thomas M. Gaa Esq.
Patrick M. Costello Esq.
Bialson Bergen & Schwab
2600 El Camino Real
Ste 300
Palo Alto, CA  94306

David M. Schilli Esq.
Ty E. Shaffer Esq.
Robinson Bradshaw & Hinson P.A.
101 North Tryon St
Ste 1900
Charlotte, NC  28246

David I. Swan Esq.
Kenneth M. Misken Esq.
McGuireWoods LLP
1750 Tysons Blvd
Ste 1800
McLean, VA  22102-4215

J. Scott Douglass Esq.
909 Fannin
Ste 1800
Houston, TX  77010

Brian W. Bisignani Esq.
Post & Schell P.C.
17 N 2nd St
12th Fl
Harrisburg, PA  17101-1601

Stephen K. Dexter Esq.
Lathrop & Gage LLP
370 17th St
Ste 4650
Denver, CO  80202

Elizabeth Banda Esq.
Perdue Brandon Fielder Collins
   & Mott LLP
4025 Woodland Park Blvd
Ste 300
Arlington, TX  76013

Beverly H. Shideler BS8399
IBM Corporation
Two Lincoln Centre
Oakbrook Terrace, IL  60181

Donald K. Ludman Esq.
Brown & Connery LLP
6 North Broad St
Ste 1000
Woodbury, NJ  08096

Attn:  Chantel Pinnock
Travelers
1 Tower Square
5MN
Hartford, CT  06183-4044

Andrew Herenstein
Monarch Alternative Capital LP
535 Madison Ave.
New York, NY  10022

Mark G. Ledwin Esq.
Wilson Elser Moskowitz
   Edelman & Dicker LLP
3 Gannett Dr
White Plains, NY  10604

Robert S. McWhorter Esq.
Nossaman LLP
915 L St
Ste 1000
Sacramento, CA  95814

Chris Finch Credit Manager
Sumitomo Electric
78 Alexander Drive
PO Box 13445
Triangle Park, NC  27709

Ann Groninger Esq.
Patterson Harkavy
521 East Boulevard
Charlotte, NC  28203

Hubert H. Kuo Esq.
Buus Kim Kuo & Tran LLP
4675 MacArthur Ct
Ste 590
Newport Beach, CA  92660

R. S. Stahel
IBM Corp. Legal Dept
1503 LBJ Freeway
3rd Fl
Dallas, TX  75234

Vincent A. D'Agostino Esq.
Lowenstein Sandler PC
65 Livingston Ave
Roseland, NJ  07068

Michael S. Etkin
Ira M. Levee
Lowenstein Sandler PC
65 Livingston Ave
Roseland, NJ  07068

Samuel H. Rudman
David A. Rosenfeld
Coughlin Stoia Geller Rudman & Robbins
58 S. Service Road
Suite 200
Melville, NY  11747

David N. Crapo Esq.
Gibbons P.C.
One Gateway Center
Newark, NJ  07102-5310

Securities & Exchange Commission
100 F Street NE
Washington, DC  20549

Attn:  Nathan Fuchs
SEC NY Regional Office
233 Broadway
New York, NY  10279

Deborah B. Waldmeir Esq.
State of MI Dept of Treasury
3030 W Grand Blvd. Ste. 10-200
Cadillac Place
Detroit, MI  48202

Ernie Holling President
The InTech Group Inc.
305 Exton Commons
Exton, PA  19341

Dennis F. Dunne Esq.
Thomas R. Kreller Esq.
Albert A. Pisa Esq.
Andrew M. Leblanc Esq.
Milbank Tweed Hadley & McCloy LLP
One Chase Manhattan Plaza
New York, NY  10005

Aaron L. Hammer Esq.
Devon J. Eggert Esq.
Freeborn & Peters LLP
311 South Wacker Dr
Ste 3000
Chicago, IL  60606

Soren E. Gisleson
Herman Herman Katz & Cotlar
820 O'Keefe Avenue
New Orelans, LA  70113

Shannon E. Hoff
Poyner Spruill LLP
301 S. College Street
Suite 2300
Charlotte, NC  28202

Michael Luskin
Derek J.T. Adler
Hughes Hubbard
One Battery Park Plaza
New York, NY  10004

Christopher J. Horvay Esq.
Gould & Ratner LLP
222 N Lasalle St
Ste 800
Chicago, IL  60601

Robert N. Brier
Brier Irish Hubbard & Erhard PLC
2400 E. Arizona Biltmore Circle
Suite 1300
Phoenix, AZ  85016-2115

Stephen C. Tingey, Esq.
Ray Quinney & Nebeker P.C.
36 South State Street
Suite 1400
Salt Lake City, UT  84145-0385

Devin Lawton Palmer
Boylan Brown
2400 Chase Square
Rochester, NY  14604

Robert E. Nies Esq.
Wolff & Samson PC
The Offices at Crystal Lake
One Boland Drive
West Orange, NJ  07052

Max Taylor Asst. City Atty.
Municipal Operations
201 W. Colfax Avenue
Dept. 1207
Denver, CO  80202-5332

Jennifer Feldsher
Bracewell & Guiliani LLP
1177 Avenue of the Americas
New York, NY  10036-2714

Mark I. Bane
Anne H. Pak
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY  10036-8704

David Capozzi
Acting General Counsel
Universal Service Administrative Co
2000 L Street NW
Suite 200
Washington, DC  20036

Kell C. Mercer
Afton Sands-Puryear
Brown McCarroll LLP
111 Congress Avenue
Suite 1400
Austin, TX  78701

Denise A. Mertz
UC Tax Agent/Bankruptcy Rep
PA Department of Labor & Industry
Reading Bankrutpcy & Complaince Unit
625 Cherry Street Room 203
Reading, PA  19602-1184

Susan R. Fuertes Esquire
Aldine Independent School District
14910 Aldine-Westfield Road
Houston, TX  77032

Lee W. Stremba
Troutman Sanders LLP
The Chrysler Building
405 Lexington Avenue
New York, NY  10174

James E. Van Horn
McGuireWoods LLP
7 Saint Paul Street
Suite 1000
Baltimore, MD  21202-1671

Office of Unemplmt Insurance
Contributions Div.
MD Department of Labor Licensing & Reg.
1100 N. Eutaw Street, Room 401
Litigation Prosecution Unit
Baltimore, MD  21201

Jeffrey B. Rose
Tishler & Walk, Ltd.
200 S. Wacker Drive
Suite 3000
Chicago, IL  60606

Mohsin N. Khambati
Dewey & LeBoeuf LLP
Two Prudential Plaza
180 N. Stetson Avenue
Suite 3700
Chicago, IL  60601-6710

Lawrence E. Miller Esq.
Dewey & LeBoeuf LLP
125 W. 55th Street
New York, NY  10019

James H. Lister
Birch Horton Bittner & Cherot
1155 Connecticut Avenue NW
Suite 1200
Washington, DC  20036

Tiffany Strelow Cobb
Vorys Sater Seymour and Pease
55 East Gay Street
Columbus, OH  43215

2662446.55