# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------X
:
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
          Debtors. :
:
: **RE: D.I. 2095**
:
--------------------------------------------------------X

## ORDER PURSUANT TO 11 U.S.C. § 363 AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF JOHN RAY AS THE DEBTORS' PRINCIPAL OFFICER, *NUNC PRO TUNC* TO DECEMBER 7, 2009

Upon the motion dated December 8, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing and approving the employment and retention of John Ray as the Debtors' Principal Officer ("Principal Officer"), *nunc pro tunc* to December 7, 2009; and upon the Declaration of John Ray in support of the Motion; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein. Pursuant to section 363 of the Bankruptcy Code, the Debtors are authorized to employ and retain John Ray as the Debtors' Principal Officer, *nunc pro tunc* to December 7, 2009, under the terms and conditions set forth in the Engagement Letter and Motion, subject to the following terms, which apply notwithstanding anything in the Motion or any exhibit(s) related thereto to the contrary:

    (a) Mr. Ray, or any affiliates, shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned cases prior to the effective date of any plan or plans confirmed in these cases without further order of the Court after notice to the US Trustee and a hearing, as appropriate.

(b) In the event the Debtor(s) seek(s) to have Mr. Ray assume executive officer positions that are different than that disclosed in the Motion, or to materially change the terms of the engagement, the Debtors shall file a motion to modify the retention.

(c) Mr. Ray shall not serve as a director of any of the above-captioned Debtors prior to the effective date of any plan or plans confirmed in these cases.

(d) Mr. Ray shall file with the Court, and provide notice to the UST and all official committees, reports of compensation earned and expenses incurred on a monthly basis. Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Time records shall (i) be appended to the reports, (ii) contain reasonably detailed time entries describing the task(s) performed, and (iii) be organized by project category. The time entries shall identify the time spent completing each task in 1/10/hour increments and the corresponding charge (time multiplied by hourly rate) for each task; where personnel are providing services at a "flat" rate, the time entries shall be kept in hourly increments. All compensation shall be subject to review by the Court in the event an objection is filed.

(e) The Debtors are hereby authorized to indemnify Mr. Ray on the same terms as provided to the Debtors' other officers under the corporate

bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policy.

(f) For a period of three years after the conclusion of the engagement, Mr. Ray shall not make any investments in the Debtors or the Reorganized Debtors.

2. Mr. Ray shall be entitled to compensation and reimbursement of expenses in accordance with the terms of the Engagement Letter. Mr. Ray will file fee applications for interim and final allowance of compensation, including reimbursement of expenses, pursuant to the procedures set forth in the ICP Order.

3. The indemnification provisions set forth in the Engagement Letter are approved, subject to the following:

a. Subject to the provisions of subparagraph (b) and (c) below, the Debtors are authorized to indemnify, and to provide reimbursement to, and shall indemnify, and provide reimbursement to, the Indemnified Party (as defined in the Engagement Letter) in accordance with the Engagement Letter for any claim arising from, related to, or in connection with the services provided for in the Engagement Letter;

b. Notwithstanding any indemnification provisions of the Agreement to the contrary, the Debtors shall have no obligation to indemnify Mr. Ray or provide reimbursement to Mr. Ray (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Mr. Ray's bad faith, self-dealing, breach of fiduciary duty (if any), or willful misconduct.

4. Mr. Ray shall disclose any and all facts that may have a bearing on whether he holds or represents any interest adverse to the Debtors, their creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

5. The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

4

5

6. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: January 6, 2010
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE