**EXHIBIT B**

DATED
[ ] JANUARY 2010

---

NORTEL NETWORKS INC.
(as Assignor)

**- and -**

VELENIO HOLDINGS LTD.
(as Assignee)

ASSIGNMENT AGREEMENT

In relation to the
Loan and Security Agreement
dated 19 November 2004

**THIS ASSIGNMENT AGREEMENT** (the "**Agreement**") is executed on [   ] January 2010

**BETWEEN:**

(1)     **NORTEL NETWORKS INC.,** a corporation, organized and existing under the laws of the State of Delaware, having its registered address at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware USA 19801 (the "**Assignor**"); and

(2)     **VELENIO HOLDINGS LTD.,** a limited liability company, organized and existing under the laws of the Republic of Cyprus, having its registered address at Arch. Makariou III, 155 PROTEAS HOUSE, 5th floor P.C.3026, Limassol, Cyprus (the "**Assignee**"),

(the Assignor and the Assignee are hereinafter collectively referred to as the "**Parties**" and individually to as the "**Party**").

**WHEREAS:**

(A)     Pursuant to a Loan and Security Agreement between the Assignor and **RUSSIAN TELECOMMUNICATIONS DEVELOPMENT CORPORATION**, a corporation, organized and existing under the laws of the State of Delaware, USA, having its registered address at 2711 Centerville Road, Suite 400, Wilmington, DE 19808, USA (the "**Borrower**"), dated November 19, 2004, as amended by Deeds of Amendment 1 to 10 (together the "**Loan and Security Agreement**"), the Assignor has made available the Advances to the Borrower to be on-lent to Uralwestcom, a Closed Joint Stock Company, organized and existing under the laws of the Russian Federation, having its registered address at 4th Floor, 20 Dekabristov St., Ekaterinburg, 620026, Russia ("**Uralwestcom**") subject to certain terms and conditions.

(B)     The total outstanding balance due from the Borrower under the Loan and Security Agreement is US$2,901,227.40 (Two million nine hundred one thousand two hundred twenty-seven dollars and forty cents) as of the December 31, 2009 and consists of the principal amount of the Advances in the amount of US$ 2,700,000.00 (Two million seven hundred dollars) and the Interest accrued on the daily outstanding principal balance of the Advances in the amount of US$ 201,227.40 (Two hundred one thousand two hundred twenty-seven dollars and forty cents).

(C)     Following receipt of an offer from the Assignee, the Assignor has agreed to sell and assign to the Assignee its rights under the Loan and Security Agreement, subject to the terms and conditions set out in this Agreement.

**IT IS AGREED AS FOLLOWS:**

1.     **DEFINITIONS AND INTERPRETATION**

1.1     Capitalised terms used but not defined in this Agreement shall have the meaning given to them in the Loan and Security Agreement, save to the extent supplemented or modified herein:

2

| | |
|---|---|
| "**Assigned Interests**" | Means all of the right, title and interest of Assignor in and to the Advances, together with the rights and obligations relating thereto as provided in the Loan and Security Agreement, including the rights of the Assignor under any and all pledges, collateral and other security, including but not limited to any mortgages, provided to the Assignor under the Loan Documents as security for the obligations of the Borrower under the Loan and Security Agreement, if any |
| "**Closing Date**" | means the date the date the Assignor determines that all Conditions Precedent listed in Section 3 hereof have been fulfilled |
| "**Loan and Security Agreement**" | means the Loan and Security Agreement described in Section (A) of the Recitals and in Schedule 1 hereto |
| "**Purchase Price**" | means the consideration in the amount of US$192,210.00 (One hundred ninety-two thousand two hundred and ten dollars) payable by the Assignee for the Assigned Interests |

1.2    Unless otherwise indicated in this Agreement, any reference to a person shall be also interpreted as a reference to his/her successors and assignees, and any reference to a document shall be interpreted as a reference to such document as amended.

1.3    Words in the singular include the plural and vice versa and words in one gender include any other gender.

1.3    Any reference to a statute, statutory provision or sub-ordinate legislation includes such legislation as amended and in force from time to time and any legislation which modifies, consolidates (with or without modification), re-enacts or supersedes it.

1.4    References to clauses and Schedules are to clauses and Schedules of this Agreement and references to sub-clauses and paragraphs are references to sub-clauses and paragraphs of the clause or Schedule in which they appear.

1.5    Headings are for convenience only and shall not affect the interpretation of this Agreement.

2.    **ASSIGNMENT**

2.1    Effective as of December 31, 2009 and subject to the terms and conditions set forth herein, the Assignor hereby sells and assigns to the Assignee, and the Assignee hereby purchases and assumes from the Assignor, without recourse, representation or warranty of any kind, except as specifically provided herein, (a) all right, title and interests of the Assignor to the Assigned Interests under the Loan and Security Agreement and (b) all obligations of the Assignor under the Loan and Security Agreement with respect to the Assigned Interests.  As full consideration for the sale of

the Assigned Interests, the Assignee shall pay the Purchase Price to the Assignor on or before the Closing Date.

2.2     Upon the Closing, as set forth in Clause 9 hereof, the Assignee shall succeed to the rights and obligations of the Assignor under the Loan and Security Agreement and the other Loan Documents and shall enjoy all of the benefits and be bound by all of the obligations of the Assignor thereunder.

2.3     The assignment of the Assigned Interests in favor of the Assignee shall occur and become effective as of December 31, 2009.

2.4     The Assignee acknowledges that it is purchasing the Assigned Interests from the Assignor totally without recourse and, except as provided in Section 7 hereof, without representation or warranty.  The Assignee further acknowledges that it has made its own independent investigation and loan evaluation of the Borrower in connection with its purchase of the Assigned Interests and such legal and other investigations and evaluations as it has deemed appropriate.  Except for the representations and warranties set forth in Section 7, the Assignee acknowledges that it is not relying on any representation or warranty of the Assignor, express or implied, including without limitation, any representation or warranty relating to the legality, validity, genuineness, enforceability, collectability, interest rate, repayment schedule or accrual status of the Assigned Interests, the legality, validity, genuineness or enforceability of the Loan and Security Agreement, the Note, or any other Loan Document referred to in or delivered pursuant to the Loan and Security Agreement, the perfection or priority of any lien, the existence or value of any Collateral, or financial condition or creditworthiness of the Borrower or any other Person.  The Assignor has not and will not be acting as the representative, agent or trustee of the Assignee with respect to matters arising out of or relating to the Loan and Security Agreement or this Agreement.  From and after December 31, 2009, the Assignor shall have no rights or obligations with respect to the Assigned Interests.

3.     **CONDITION PRECEDENT**

The transaction contemplated herein are subject to the following conditions precedent:

(i)     the Assignor's obtaining approval from the United States Bankruptcy Court for the District of Delaware, in the Assignor's Chapter 11 proceeding, Case No. 09-10138 (KG), in form and substance reasonably satisfactory to the Assignor and the Assignee (the "**Bankruptcy Court Approval**");

(ii)    receipt by the Assignee of the Purchase Price as provided for in Section 4 of this Agreement; and

(iii)   the Borrower has received notice as contemplated in Section 11.7 of the Loan and Security Agreement and the Borrower has not objected as provided in Section 11.7 of the Loan and Security Agreement.

4.     **PURCHASE PRICE AND PAYMENT PROCEDURE**

4.1     The Assignee shall pay the Purchase Price by transfer of immediately available cash to the Assignors' bank account on the Closing Date.

4

4.2     The Assignee shall pay the Purchase Price in US dollars not later than 10 (Ten) Business Days upon the receipt of Bankruptcy Court Approval as set forth in Article 3 hereof.

**5.      DELIVERIES**

5.1     The Assignor shall:

(i)      furnish Assignee with an original copy of this Agreement and any related certificates certifying the Assigned Interests on the Closing Date;

(ii)     provide the Assignee with a copy of the Bankruptcy Court Approval.

5.2     The Assignee shall:

(i)      On the Closing Date give the notice to the Borrower in the form and substance as specified in Schedule 2 hereto.

**6.      EXCEPTED RIGHTS**

In the event the Assignor shall receive any amount in connection with the Assigned Interests after the Closing Date, (1) the Assignor shall transfer such amount to the Assignee; or (2) the Assignee shall offset such amount against the Purchase Price, provided that such amount shall have been received before the Closing Date.

**7.      Representations and Warranties**

7.1     Representations of the Parties

Each Party represents and warrants the following:

(a)     **Rights and Powers:**  Such party has full power and legal right to execute and deliver this Agreement and to perform its obligations hereunder;

(b)     **Authorization:**   The execution, delivery and performance of this Agreement by such Party have been authorized by all necessary corporate or other action and do not violate any provisions of its charter or by-laws or any contractual obligations or requirement of law binding on it.

7.2     Additional representations of the Assignor

In addition to the provisions stated in Clause 6.1 hereof the Assignor represents and warrants the following:

(a)     **Obligations:** The Assignor has received no notice of any default by the Borrower under the Loan and Security Agreement;

(b)     **Relevant Documents:** As of the date hereof, the Assignor has made no changes in, or supplements to, the Loan and Security Agreement except for the amendments referenced in this Agreement.

5

**8.    FURTHER ASSURANCE**

Upon the written request of the Assignee, the Assignor shall execute such documents and perform such actions in its power which may be reasonably necessary after the date hereof to give effect to the terms of this Agreement.

**9.    CLOSING**

9.1.    The Closing of the transaction contemplated in this Agreement shall take place upon Assignor's receipt of the Purchase Price in immediately available funds by wire transfer to a bank account designated by the Assignor.

9.2.    Pursuant to the provisions of Article 11 hereof the Assignor shall undertake to deliver to the Assignee the notice confirming the receipt of the Purchase Price no later than next day following the Closing Date.

**10.    FURTHER ASSIGNMENT OF RIGHTS**

10.1    The Assignor shall not be entitled to assign, transfer, replace, encumber or alienate the Assigned Interests without prior written consent of the Assignee. After the Closing Date the Assignee may, exclusively at its own discretion, assign, encumber or pledge the Assigned Interests, in full or partially, to any third party.

10.2    If the Closing Date has not occurred by February 28, 2010, the Assignor shall have the right to give notice of termination and if so any obligation of the Assignor to sell the Assigned Interests shall terminate.

**11.    NOTICES**

11.1    Any notice, demand or other communication relating to this Agreement or in connection herewith shall be made in writing and shall be delivered or sent by mail or facsimile transmission, and shall be deemed duly given when sent to the following addresses, or to such other address or number as each Party shall have last specified by notice to the other Parties:

**To the Assignor:**

Nortel Networks Inc.
5945 Airport Road
Suite 360
Mississauga, Ontario
Canada
L4V 1R9
Attention:  Anna Ventresca, General Counsel

**To the Assignee:**

> Velenio Holdings Ltd.,
> Arch. Makariou III, 155 PROTEAS HOUSE,
> 5th floor P.C.3026, Limassol, Cyprus
>
>
> Attn: Anna Korelidou, Director

**To the Borrower:**

> Russian Telecommunications Development Finance Corporation
> 2711 Centerville Road, Suite 400
> Wilmington, DE 19808, USA
>
>
> Attn: Stanley Cramton, President and CEO

11.2    Any communication to a Party to this Agreement shall be deemed to have been received by that Party:

> (i)      if personally delivered by hand, at the time of actual delivery;
>
> (ii)     if sent by receipted overnight delivery service or courier, two Business Days after the deposit thereof with an overnight delivery service;
>
> (iii)    if sent by prepaid registered mail, five Business Days after the posting thereof; or
>
> (iv)    if served by facsimile or other means of telecommunication in permanent written form, two hours after the despatch on the Business Day prior to 3.00 p.m., or in any other case at 9.00 a.m. on the next following Business Day.

11.3    In proving such service it shall be sufficient to prove that personal delivery was made, that the envelope containing the communication was correctly addressed and posted or left with a receipted overnight delivery service.

11.4    Any notice or document to be furnished or communications to be given by one Party to the other hereunder related to this Agreement must be in the English language, or, if in another language, shall be accompanied by a translation into English. In any case the English language version shall prevail.

**12.     GOVERNING LAW AND JURISDICTION**

12.1    **THIS AGREEMENT AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES UNDER THIS AGREEMENT SHALL BE CONSTRUED IN ACCORDANCE WITH AND GOVERNED BY THE LAWS OF THE STATE OF NEW YORK (INCLUDING, WITHOUT LIMITATION, SECTION 5-1401 OF THE GENERAL OBLIGATIONS LAW OF SAID STATE).**

12.2    The Assignee hereby irrevocably and unconditionally submits, for itself and its property, to the nonexclusive jurisdiction of the Supreme Court of the State of New York sitting in New York County and of the United States District Court of the Southern District of New York, and any appellate court from any thereof, in any action or proceeding arising out of or relating to this Agreement, or for recognition or enforcement of any judgment, and the Assignee hereby irrevocably and unconditionally agrees that all claims in respect of any such action or proceeding may be heard and determined in such New York State or, to the extent permitted by law, such Federal court.  The Assignee agrees that a final judgment in any such action or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law.

## 13.    COUNTERPARTS

13.1    This Agreement shall be executed in three (2) counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document.

13.2    Except as otherwise expressly provided in this Agreement, the provisions of this Agreement may be amended or modified only by an instrument in writing signed by duly authorized representatives of each Party.

## 14.    LANGUAGE OF THE AGREEMENT

This Agreement shall be executed in the English language. Any translation hereof into any other language shall be for convenience only, and the English language version shall control and govern in all respects.

[remainder of page intentionally left blank; signature page follows]

**IN WITNESS** whereof this Agreement has been duly executed by the Parties as a Agreement the day and year first above written.


Signed on behalf of the Assignor:    **Nortel Networks Inc.**


By:            _____
Name:
Title:

acting under the authority of that company


Signed on behalf of the Assignee:    **Velenio Holdings Ltd**


By:            _____
Name:          Anna Korelidou
Title:          Director

acting under the authority of that company

9

## SCHEDULE 1

The **Loan and Security Agreement** includes:

1) The Loan and Security Agreement between the Assignor and the Borrower dated 19 November 2004 (as amended and varied from time to time, including but not limited to the following deeds of amendment);

2) First Deed of Amendment to the Loan and Security Agreement dated 25 November 2005;

3) Second Deed of Amendment to the Loan and Security Agreement dated 28 February 2006;

4) Third Deed of Amendment to the Loan and Security Agreement dated 25 May 2006;

5) Fourth Deed of Amendment to the Loan and Security Agreement dated 9 October 2006;

6) Fifth Deed of Amendment to the Loan and Security Agreement dated 12 February 2007;

7) Sixth Deed of Amendment to the Loan and Security Agreement dated 28 September 2007;

8) Seventh Deed of Amendment to the Loan and Security Agreement dated 5 May 2008;

9) Eighth Deed of Amendment to the Loan and Security Agreement dated 15 December 2008;

10) Ninth Deed of Amendment to the Loan and Security Agreement dated 5 May 2009, and

11) Tenth Deed of Amendment to the Loan and Security Agreement dated 22 July 2009

**SCHEDULE 2**

**FORM OF NOTICE OF ASSIGNMENT**

[On the letterhead of Velenio Holdings Ltd.]

[TO BE SUBMITTED UPON CLOSING ONLY]

Russian Telecommunications Development Corporation
2711 Centerville Road, Suite 400
Wilmington, DE 19808, USA

Attn: Mr. Stanley Cramton
       President and CEO

Reference is made to the Loan and Security Agreement between Nortel Networks Inc. and Russian Telecommunications Development Corporation ("RTDC") dated 19th November 2004, as mended by Deeds of Amendment 1 to 10 inclusive (together the "Loan and Security Agreement").

Velenio Holdings Ltd., a limited liability company, organized and existing under the laws of the Republic of Cyprus, having its registered address at Arch. Makariou III, 155 PROTEAS HOUSE, 5th floor P.C.3026, Limassol, Cyprus ("Velenio") hereby gives you notice that Nortel Networks Inc., corporation, organized and existing under the laws of the State of Delaware, having its registered address at _____ ("Nortel") has assigned all its right, title, interest and benefit in and to the Loan and Security Agreement with effect from December 31, 2009 (the "Assignment Date").

The Assigned Interests under the Loan and Security Agreement have been sold and assigned by Nortel with effect from December 31, 2009 based on and in accordance with the provisions of the Assignment Agreement made by and between Nortel and Velenio on January___, 2010.  By countersigning this notice, you hereby waive any right to notice under Section 11.7 of the Loan and Security Agreement.

From effect as from December 31, 2009 you should deal solely with Velenio in respect of the Loan and Security Agreement; all correspondence relating to the Loan and Security Agreement should be sent to Velenio at the address set out above. The Loan and Security Agreement will in all other respects continue on their existing terms.

As at the Assignment Date the total outstanding balance due from RTDC under the Loan and Security Agreements is US$2,901,227.40 (Two million nine hundred one thousand two hundred twenty-seven dollars and forty cents) and consists of the principal amount of the Advances in the amount of US$ 2,700,000.00 (Two million seven hundred dollars) and the Interest accrued on the daily outstanding principal balance of the Advances in the amount of US$201,227.40 (Two hundred one thousand two hundred twenty-seven dollars and forty cents).

We would kindly request you to acknowledge the receipt of this document by countersigning one copy of this document and affixing with a seal of RTDC, and return it at the address, as indicated in the letterhead.

Sincerely yours,

_____
Anna Korelidou
Director

RECEIVED AND ACKNOWLEDGED:

For and behalf of RTDC

_____
Stanley Cramton
President and CEO