# Exhibit A

# Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X

*In re*

Nortel Networks Inc., *et al.*,[1]

        Debtors.

---------------------------------------------------------X

Chapter 11

Case No. 09-10138 (KG)

Joint Administration Pending

RE: D.I. 9

## ORDER PURSUANT TO SECTIONS 345, 363(c)(1), 364(a) AND 503(b)(1): (A) APPROVING THE CONTINUED USE OF THE CASH MANAGEMENT SYSTEM, BANK ACCOUNTS AND BUSINESS FORMS; (B) PERMITTING CONTINUED INTERCOMPANY TRANSACTIONS, GRANTING ADMINISTRATIVE PRIORITY STATUS TO POSTPETITION INTERCOMPANY CLAIMS AND PRESERVING AND PERMITTING THE EXERCISE OF INTERCOMPANY SETOFF RIGHTS; (C) AUTHORIZING BANKS TO HONOR CERTAIN TRANSFERS AND CHARGE CERTAIN FEES AND OTHER AMOUNTS; AND (D) WAIVING THE REQUIREMENTS OF 11 U.S.C. SECTION 345(b) ON AN INTERIM BASIS

Upon the motion dated, January 14, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, (a) approving the continued use of the Cash Management System, Bank Accounts and Business Forms; (b) permitting continued Intercompany Transactions, granting administrative priority status to postpetition Intercompany Claims, and preserving and permitting the exercise of intercompany

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

setoff rights; (c) authorizing banks to honor certain transfers and charge certain fees and other amounts; (d) waiving the requirements of 11 U.S.C. section 345(b) on an interim basis; and upon consideration of the Declaration of John Doolittle in Support of First Day Motions and Applications (the "First Day Declaration"), filed concurrently with the Motion; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized to: (a) maintain the Cash Management System, in substantially the same form as the Cash Management System described in the Motion; (b) implement ordinary course changes to the Cash Management System; and (c) open and close bank accounts.

3. The Debtors are authorized to continue to use the Business Forms substantially in the forms existing immediately prior to the Petition Date. The Debtors are authorized to utilize the current business forms without reference to their status as debtors in possession, provided, however, that once the Debtors' existing check stock has been used, any future checks ordered by the Debtors shall include the legend "Debtor-in-Possession."

4.  The Debtors are authorized on an interim basis to deposit and invest funds in accordance with their current investment practices under the Investment Guidelines, notwithstanding that certain current investment practices may not strictly comply in all respects with the investment guidelines expressly set forth in section 345 of the Bankruptcy Code. The Debtors' banks (collectively, the "Banks") are authorized to accept and hold or invest funds, at the Debtors' direction, consistent with their current investment practices in accordance with the Investment Guidelines. A final hearing on the authorization contained in this paragraph and the additional relief described in paragraph eight (8) hereof shall be held on February 5, 2009 at 10:00 a.m. (EST) with objections to the authorization in this paragraph and the additional relief described in paragraph eight (8) hereof due by January 30, 2009 at 4:00 p.m. (EST). If no objection to the authorization in this paragraph is filed by the deadline set forth above, this Court may grant such relief on a final basis without further notice and a hearing.

5.  The Banks are authorized to accept and honor all representations from the Debtors as to which checks, drafts, wires or Automated Clearing House ("ACH") transfers should be honored or dishonored consistent with any order(s) of this Court and governing law, whether such checks, drafts, wires or ACH transfers are dated prior to, on or subsequent to the Petition Date.

6.  The Banks shall not be liable to any party on account of (a) following the Debtors' instructions or representations as to any order of this Court, (b) the honoring of any prepetition check or item in a good faith belief that the Court has authorized such prepetition check or item to be honored or (c) an innocent mistake made despite implementation of reasonable item handling procedures.

7. The Banks are authorized to charge, and the Debtors are authorized to pay or honor, in their sole discretion, the Bank Fees. The Banks also are authorized to charge back returned items to the Bank Accounts in the normal course of business.

8. The Debtors are authorized to enter into the NNL Revolver and to lend funds thereunder pursuant to the terms of the NNL Revolver Agreement, substantially in the form attached to the Motion as Exhibit D, provided that, notwithstanding anything in the NNL Revolver Agreement to the contrary, the Maximum Facility Amount thereunder shall be limited to $75 million which may be advanced to NNL for use by NNL or its affiliates that are applicants in the Canadian Proceedings and the Debtors will seek approval for an increase in the Maximum Facility Amount to $200 million in accordance with the terms of the NNL Revolver at the final hearing set forth in paragraph four (4) hereof.

9. The Debtors are authorized, in their sole discretion, from and after the Petition Date, to continue to engage in Intercompany Transactions.

10. Intercompany Claims held by one Debtor against another Debtor or by a non-Debtor affiliate against another Debtor arising from postpetition Intercompany Transactions shall be entitled to administrative expense status pursuant to section 503(b)(1) of the Bankruptcy Code. In connection therewith, the Debtors shall continue to maintain current records with respect to all transfers of cash so that all transactions, including Intercompany Transactions, may be readily ascertained, traced and recorded properly on applicable intercompany accounts.

11. The Debtors are authorized to effectuate Intercompany Transactions, including the exercise of setoffs, as described in the Motion. In connection therewith, the Debtors shall continue to maintain current records with respect to all transfers of cash so that all transactions,

including Intercompany Transactions, may be readily ascertained, traced and recorded properly on applicable intercompany accounts.

12. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

13. The requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure are satisfied by the contents of the Motion or otherwise deemed waived.

14. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: January 15, 2009
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

2665148.3

4