IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> NORTEL NETWORKS INC., et al., <br><br> Debtors. | : Chapter 11 <br> : <br> : Case No. 09-10138 (KG) <br> : <br> : (Jointly Administered) <br> : <br> : |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER APPROVING AN EXPANSION OF SCOPE OF SERVICES AND AMENDMENT TO TERMS OF RETENTION OF JEFFERIES & COMPANY, INC. AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby files this application (the "Application") for an order, pursuant to sections 328(a) and 1103 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing an expansion of the scope of services and amendment to the terms of retention of Jefferies & Company, Inc. ("Jefferies") as investment banker to the Committee. In support of its Application, the Committee states as follows:

**Background**

1.   On February 13, 2009, the Committee filed an application for an order authorizing it to retain Jefferies as its investment banker in connection with the above-captioned chapter 11 cases, effective as of February 1, 2009 [Docket No. 291] (the "Original Application").

2.       On March 5, 2009, the Court entered that certain Order Authorizing the Official Committee of Unsecured Creditors to Retain Jefferies & Company, Inc. as Investment Banker Pursuant to 11 U.S.C. §§ 328(a) and 1103 and Bankruptcy Rule 2014(a) and Granting Waiver of Compliance with Del. Bankr. LR 2016-2(d) in Accordance with Del. Bankr. LR 2016-2(h) [Docket No. 425] (the "Original Retention Order"), which approved the retention of Jefferies as investment banker to the Committee, effective as of February 1, 2009, pursuant to the terms of the Jefferies engagement as set forth in that certain letter agreement dated February 1, 2009 (the "Engagement Letter"). A copy of the Engagement Letter is attached hereto as Exhibit A.

### Jurisdiction and Venue

3.       The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and this matter is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

4.       By this Application, the Committee requests that the Court enter an order pursuant to Bankruptcy Code sections 328 and 1103 approving an expansion to the scope of Jefferies' retention in these cases and certain corresponding modifications to the compensation approved in the Original Retention Order relating thereto.

### Expanded Role of Jefferies

5.       Jefferies' role in these cases has significantly expanded from what was originally anticipated by the Committee and Jefferies. As in most committee engagements, the Committee and Jefferies originally anticipated that Jefferies would advise the Committee in examining and analyzing proposed restructuring efforts, including limited sales or other M&A transactions. It

was not anticipated, however, that the Debtors would undertake a wholesale effort to divest substantially all of their assets and business units, which would require a significantly greater dedication of time and resources. Additionally, as the Committee is working closely with the Debtors on the various divestiture efforts, Jefferies is working closely with the Debtors' investment banker to carefully manage these processes. In fact, in many instances, Jefferies has taken a leading role on several aspects of these processes given its in-house capital markets expertise and industry expertise and contacts. This additional work greatly expands Jefferies' role in these cases beyond that which was anticipated by the Committee or Jefferies at the commencement of Jefferies' engagement in these cases.

6. Jefferies' role in these cases, and, specifically in connection with the sale processes, has been expanded to include the following additional responsibilities that were not contemplated in the Original Application:

(a) Extensive interfacing with various bidders;

(b) Serving as a primary point of contact for various bidders;

(c) Directly negotiating with bidders on the structure of bids and process issues;

(d) Providing extensive feedback on proposals, deal terms and negotiation dynamics to both the Debtors and certain bidders;

(e) Providing considerable securities valuation analysis; and

(f) Extensive bidder, transaction structure and pro-forma business plan due diligence

((a) through (f) above shall collectively be referred to as the "Expanded Services").

7. As investment banker to the Committee, Jefferies has dedicated significant time and resources in an ongoing effort to maximize the recoveries for the Debtors' unsecured creditors. Because of the strength of Jefferies' industry relationships and its capital markets

expertise, the Committee believes that Jefferies has been, and will continue to be, instrumental in driving value maximization of assets sold in these cases. As an example, the Committee believes that several senior Jefferies professionals played instrumental roles in the success of the auctions of the Debtors' Enterprise and CDMA business units. In the Enterprise auction, Jefferies' advocacy for the valuation of the proposed Gores/Siemens seller note was a primary factor that compelled Avaya to submit a higher all-cash bid for over $900 million, resulting in increased value to the Debtors' estates. Similarly, with regard to the CDMA auction, Jefferies' strategic advice helped orchestrate the auction dynamics and significantly contributed to delivering a high value result. Jefferies' past success in these cases demonstrates the type of value-added services that Jefferies will continue to provide directly to the Committee, and indirectly to the estates and their creditors.

8. Jefferies' role in these cases has been expanded largely as a result of its extensive experience in the reorganization and restructuring of troubled companies, its valuation expertise, as well as its influential contacts. The Debtors and the Committee have made extensive use of and benefited from Jefferies' strong industry relationships as the only financial advisor retained in these cases with a complete communications technologies industry team with significant experience and contacts.

### Adjusted Compensation

9. Because the performance of the Expanded Services has and will continue to require Jefferies to provide broader services than previously anticipated, the Committee and Jefferies have agreed, subject to Court approval, to make certain modifications to the terms of Jefferies' compensation structure (the "Amended Fee Structure"). Indeed, Jefferies' existing

compensation arrangement was negotiated in late January 2009 based on an expected case profile and workload that is no longer consistent with current and anticipated case dynamics and the expanded role of Jefferies in these cases.

    10.    The proposed Amended Fee Structure is as follows:

(a) <u>Monthly Fee Amount</u>: Pursuant to the Original Application, Jefferies' monthly fee was to be reduced from $250,000 to $200,000 on and after June 1, 2009. As modified, the monthly fee will remain at $250,000 until February 1, 2010, at which time the monthly fee will be reduced to $200,000; provided, however, that the Committee shall have the right to extend the date on which the monthly fee is reduced to $200,000 to a date that occurs after February 1, 2010, pursuant to a unanimous vote of the Committee.

(b) <u>Crediting Mechanism</u>: Pursuant to the Original Application, 50% of the monthly fees actually paid to Jefferies in excess of $2.60 million were to be credited against the transaction fee payable to Jefferies under the Engagement Letter. As modified, 50% of the monthly fees paid to Jefferies for services rendered on and after August 1, 2010 will be credited against the transaction fee payable to Jefferies under the Engagement Letter; provided, however, that the Committee shall have the right to extend the period during which monthly fees are not creditable against the transaction fee payable to Jefferies under the Engagement Letter to a date that occurs after August 1, 2010, pursuant to a unanimous vote of the Committee.

(c) <u>Expert Fees</u>: Should Jefferies be asked to produce an expert report or otherwise provide expert testimony in the form of deposition or live testimony in connection with these cases (the "<u>Expert Work</u>"), Jefferies and the Committee will determine a mutually agreeable fee based on the scope of services for the requested Expert Work. In no instance will expert fees exceed (i) $150,000 for any discrete matter in which testimony is not provided, (ii) $500,000 for any discrete matter under any circumstances and (iii) $2,000,000 in aggregate fees for Expert Work performed in these cases.

Other than those modifications specifically identified above, the Committee is seeking no further changes to the existing compensation structure in the Engagement Letter, as approved by the Original Retention Order.

    11.    The Debtors shall have the same indemnification and contribution obligations to

Jefferies and other Indemnified Parties as those provided under the Engagement Letter and approved by the Original Retention Order, except that such obligations shall also extend to liabilities and expenses incurred, related to or arising out of or in connection with any of the Expanded Services.

12. Except as set forth in this Application, all other terms and conditions set forth in the Engagement Letter and approved by the Original Retention Order shall remain the same pursuant to this Application.

### Reservation of Rights

13. Should this Court determine not to approve this Application for any reason, then the Engagement Letter, as approved by the Original Retention Order, shall remain in full force and effect, without interruption. The Committee and Jefferies hereby reserve any and all of their rights to further amend, restate or terminate the Engagement Letter pursuant to such agreement's terms, and subject to any necessary Court approval.

### Notice

14. Notice of this Application has been provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Debtors; and (iii) those parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). Notice of this Application and any order entered hereon will be served in accordance with Local Rule 9013. In light of the nature of the relief requested herein, the Committee submits that no other further notice is necessary.

## Request for Waiver of Local Rule 2016-2(d)

15.     As set forth in the Original Retention Application, the Committee requests that Jefferies continues to utilize and comply with the compensation procedures previously approved in these cases. The Committee has been advised by Jefferies that it is not the general practice of investment banking firms to keep detailed time records similar to those customarily kept by attorneys. Jefferies' restructuring professionals, however, do keep time records detailing and describing their daily activities, the identity of persons who performed such tasks and the amount of time expended on each activity on a daily basis. Jefferies will also supplement this information with a list of the non-restructuring professionals who assist the restructuring group on this matter, but who do not keep their records in the same manner.

16.     Additionally, Jefferies' restructuring personnel do not maintain their time records on a "project category" basis. The Committee has been advised that to have Jefferies recreate the time entries for its restructuring personnel in such a manner would be unduly burdensome and time-consuming. The Committee submits that the time descriptions that Jefferies' restructuring personnel will provide should be sufficient for any review of the time entries in connection with a subsequent application for compensation. Accordingly, the Committee requests that Jefferies be authorized to continue to file fee applications, which set forth the foregoing categories of information, and that the information requirements imposed by Delaware Bankruptcy Local Rule 2016-2(d) continue to be waived accordingly.

WHEREFORE, the Committee respectfully requests that the Court enter an order authorizing (i) the Committee's continued retention of Jefferies as its investment banker pursuant to the terms of the Engagement Letter as modified by this Application, (ii) the continued payment and reimbursement of Jefferies' fees and disbursements, subject to interim and final allowance pursuant to Sections 328(a), 331 and 1103 of the Bankruptcy Code or as otherwise ordered by the Court subject to the terms of the Engagement Letter as modified by this Application, (iii) the continued waiver of Local Rule 2016-2(d) as to Jefferies' fee applications to the extent requested herein and (iv) granting such other relief as may be just and proper.

Dated: January 14, 2010

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NORTEL NETWORKS INC., ET AL.**

By: Flextronics Corporation, solely in its capacity as Chair of the Committee and not in its individual capacity

By: _Timothy J. Burn_
Name:
Title: VP Finance
Flextronics

- 8 -

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> NORTEL NETWORKS INC., et al., <br><br> Debtors. | : Chapter 11 <br> : <br> : Case No. 09-10138 (KG) <br> : <br> : (Jointly Administered) <br> : <br> : |

### ORDER APPROVING AN EXPANSION OF SCOPE OF SERVICES AND AMENDMENT TO TERMS OF RETENTION OF JEFFERIES & COMPANY, INC. AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Upon the application (the "Application")[1] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the Chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (the "Order"), pursuant to Sections 328(a) and 1103 of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 2014 and 2016, authorizing an expansion of the scope of services and amendment to the terms of retention previously approved for Jefferies & Company, Inc. ("Jefferies") as investment banker to the Committee; this Court having reviewed (i) all prior retention applications filed by the Committee to date with respect to Jefferies and (ii) the Application; and it appearing that proper notice of the Application has been given, and that no other or further notice is necessary; and after due deliberation and sufficient cause appearing, it is hereby:

---

[1] All capitalized terms used but not otherwise defined herein shall have those meaning ascribed to them in the Application.

ORDERED that the Application has been granted in its entirety and in all respects; and it is further

ORDERED that Jefferies' compensation structure will be modified pursuant to the Application as follows:

    (a)    Monthly Fee Amount: the monthly fee will remain at $250,000 until February 1, 2010, at which time the monthly fee will be reduced to $200,000; provided, however, that the Committee shall have the right to extend the date on which the monthly fee is reduced to $200,000 to a date that occurs after February 1, 2010, pursuant to a unanimous vote of the Committee.

    (b)    Crediting Mechanism: 50% of the monthly fees paid to Jefferies for services rendered on and after August 1, 2010 will be credited against the transaction fee payable to Jefferies under the Engagement Letter; provided, however, that the Committee shall have the right to extend the period during which monthly fees are not creditable against the transaction fee payable to Jefferies under the Engagement Letter to a date that occurs after August 1, 2010, pursuant to a unanimous vote of the Committee..

    (c)    Expert Fees. Should Jefferies be asked to produce an expert report or otherwise provide expert testimony in the form of deposition or live testimony in connection with these cases (the "Expert Work"), Jefferies and the Committee will determine a mutually agreeable fee based on the scope of services for the requested Expert Work. In no instance will expert fees exceed (i) $150,000 for any discrete matter in which testimony is not provided, (ii) $500,000 for any discrete matter under any circumstances and (iii) $2,000,000 in aggregate fees for Expert Work performed in these cases.

ORDERED that effective as of the date of this Order, the retention and employment of Jefferies as financial advisor to the Committee shall continue, without interruption, pursuant to the terms of the Engagement Letter as modified by the Application; and it is further

ORDERED that Jefferies shall continue to be compensated in accordance with the terms set forth in the Engagement Letter as modified by the Application, and pursuant to Sections 328(a), 331 and 1103 of the Bankruptcy Code and such Bankruptcy Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court; and it is further

ORDERED that Jefferies is granted a continued waiver of the information requirements relating to compensation requests set forth in Local Rule 2016-2(d); and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: February __, 2010

                                              HONORABLE KEVIN GROSS
                                              UNITED STATES BANKRUPTCY JUDGE