IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be duly executed and delivered as of this **23** day of December, 2009.

ERNST & YOUNG INC.
SOLELY IN ITS CAPACITY AS
MONITOR

By _____
   Name:
   Title:

NORTEL NETWORKS CORPORATION

By _____
   Name:  Clarke Glaspell
   Title:  Controller

By _____
   Name:  Grace McDonald
   Title:  Assistant Secretary

NORTEL NETWORKS LIMITED

By _____
   Name:  Clarke Glaspell
   Title:  Controller

By _____
   Name:  Grace McDonald
   Title:  Assistant Secretary

Signature page to Final Canadian Funding and Settlement Agreement

NORTEL NETWORKS GLOBAL
CORPORATION

By _____
Name: John Doolittle
Title: President

By _____
Name: Anna Ventresca
Title: Secretary

NORTEL NETWORKS INTERNATIONAL
CORPORATION

By _____
Name: John Doolittle
Title: President

By _____
Name: Anna Ventresca
Title: Secretary

NORTEL NETWORKS TECHNOLOGY
CORPORATION

By _____
Name: Anna Ventresca
Title: Secretary

By _____
Name:
Title:

Signature page to Final Canadian Funding and Settlement Agreement

NORTEL NETWORKS INC.

By _____
    Name:  Anna Ventresca
    Title:  Chief Legal Officer


ARCHITEL SYSTEMS (U.S.)
CORPORATION

By _____
    Name:  John Doolittle
    Title:  President

CORETEK, INC.

By _____
    Name:  John Doolittle
    Title:  President

NORTEL ALTSYSTEMS, INC.

By _____
    Name:  John Doolittle
    Title:  President

NORTEL ALTSYSTEMS
INTERNATIONAL INC.

By _____
    Name:  John Doolittle
    Title:  President


Signature page to Final Canadian Funding and Settlement Agreement

NORTEL NETWORKS APPLICATIONS
MANAGEMENT SOLUTIONS INC.

By _____
    Name: John Doolittle
    Title: President

NORTEL NETWORKS CABLE
SOLUTIONS INC.

By _____
    Name: John Doolittle
    Title: Vice-President

NORTEL NETWORKS CAPITAL
CORPORATION

By _____
    Name: John Doolittle
    Title: President

NORTEL NETWORKS HPOCS INC.

By _____
    Name: John Doolittle
    Title: President

NORTEL NETWORKS INTERNATIONAL
INC.

By _____
    Name: John Doolittle
    Title: President

NORTEL NETWORKS OPTICAL
COMPONENTS INC.

By _____
    Name: John Doolittle
    Title: President

Signature page to Final Canadian Funding and Settlement Agreement

NORTHERN TELECOM
INTERNATIONAL INC.

By _____
    Name: John Doolittle
    Title: President

QTERA CORPORATION

By _____
    Name: John Doolittle
    Title: President

SONOMA SYSTEMS

By _____
    Name: John Doolittle
    Title: President and Treasurer

XROS, INC.

By _____
    Name: John Doolittle
    Title: President

Signature page to Final Canadian Funding and Settlement Agreement

**Schedule 1**

**Canadian Debtors**

Nortel Networks Corporation

Nortel Networks Limited

Nortel Networks Global Corporation

Nortel Networks International Corporation

Nortel Networks Technology Corporation

**Schedule 2**

**US Debtors**

Nortel Networks Inc.

Architel Systems (U.S.) Corporation

CoreTek, Inc.

Nortel Altsystems, Inc. (previously "Alteon WebSystems, Inc.")

Nortel Altsystems International Inc. (previously "Alteon WebSystems International, Inc.")

Nortel Networks Applications Management Solutions Inc.

Nortel Networks Cable Solutions Inc.

Nortel Networks Capital Corporation

Nortel Networks HPOCS Inc.

Nortel Networks International Inc.

Nortel Networks Optical Components Inc.

Northern Telecom International Inc.

Qtera Corporation

Sonoma Systems

Xros, Inc.

**Annex A**

**Amendments to and Related Understandings Regarding
Master Research and Development Agreement
dated as of December 22, 2004 ("Master R&D Agreement")**

1.  Undated Addendum to Master R&D Agreement executed between October 2005 and June 2006.

2.  Agreement with Respect to Certain NN Technology effective as of December 30, 2006 (being the day before the closing date of the Share and Asset Sale Agreement between NNL and Alcatel-Lucent).

3.  Addendum to Master R&D Agreement dated December 14, 2007 with an effective date of January 1, 2006.

4.  Third Addendum to Master R&D Agreement with an effective date of January 1, 2006.

5.  Fourth Addendum to Master R&D Agreement with an effective date of December 31, 2008.

6.  Letter of acknowledgment dated January 14, 2009 from NNL to the Directors of NNUK, NNSA and NNIR and the UK Administrator.

7.  Release in Connection with Master R&D Agreement dated 1 January 2009.

8.  Memorandum of Understanding in Connection with Master R&D Agreement, undated with an effective date of 1 January 2006.

**Annex B**

**Distribution Agreements**

| Party | Date |
|-------|------|
| Nortel Networks Limited ("NNL") and Nortel Networks N.V. | undated, effective as of 1 January 2001 |
| NNL and Nortel Networks S.p.A. | undated, effective as of 1 January 2002 (plus undated and unsigned Addendum, effective as of 1 January 2003) |
| NNL and Nortel Networks B.V. | dated 22 December 2003, effective as of 1 January 2001 |
| NNL and Nortel Networks Polska Sp. z. o. o. | undated, effective as of 1 January 2001 (letter of amendment executed in November 2003, effective as of 1 January 2001 plus Addendum executed in August 2005, effective as of 1 January 2003) |
| NNL and Nortel Networks Hispania, S.A. | undated, effective as of 1 January 2001 |
| NNL and Nortel Networks (Austria) GmbH | undated, effective as of 1 January 2001 |
| NNL and Nortel Networks, s.r.o. | dated 15 April 2003, effective as of 1 January 2001 |
| NNL and Nortel Networks Engineering Services Kft | undated, effective as of 1 January 2001 |
| NNL and Nortel Networks Portugal S.A. | undated, effective as of 1 January 2001 |
| NNL and Nortel Networks Slovensko, s.r.o. | undated, effective as of 1 January 2001 |
| NNL and Nortel Networks Romania SRL | executed 22 January 2004, effective 1 January 2003 |
| NNL and Nortel Networks AG | undated, effective 1 January 2001 |

**Annex C***

**Settlement Payment Schedule**

(All amounts in millions of US dollars)

| Payment Schedule | | X[1] | 2010 Feb 1[2] | Mar 1[2] | Mar 31[2] | Dec 31[2] | TOTAL | Adjustments in Aggregate Amount |
|---|---|---|---|---|---|---|---|---|
| **Settlement Payment** | | | | | | | | |
| (i) | Leadership Category ("LC") Cash Burn[3] | {Amount redacted} | {Amount redacted} | {Amount redacted} | {Amount redacted} | - | {Amount redacted} | Subject to adjustment in aggregate amount to reflect changes in scheduled closing dates of the Sale Transactions |
| (ii) | Allocated Corporate Costs[4] | $9.0 | - | - | $4.4 | $6.3 | $19.7 | Subject to adjustment in aggregate amount for actual insurance and changes in public company compliance costs |
| (iii) | Certain Fixed Payments | $63.4 | - | - | ($2.3) | ($7.3) | $53.8 | Subject to no adjustment in aggregate amount |
| Total | | {Amount redacted} | {Amount redacted} | {Amount redacted} | {Amount redacted} | {Amount redacted} | {Amount redacted} | |

1.  Date shall be three (3) Business Days following satisfaction of all of the Conditions and the effectiveness of this Agreement.

2.  Date shall be the later of (a) the specified date and (b) the date that is three (3) Business Days following satisfaction of all of the Conditions and the effectiveness of this Agreement.

3.  {Definition of "LC Cash Burn" redacted}

    {Assumed Transaction Closing Dates redacted}

4.  As defined in Section 6 of the Agreement.

*   The amounts set forth in this annex exclude M&A Costs (as defined in Section 8) and costs incurred or relating to or in connection with IP Transactions (as defined in Section 4).

C-1

**Annex D**

**Funding Model Summary**

{Chart reflecting summary of funding model filed under seal}

**APPENDIX "D"**

**[CONFIDENTIAL]**

APPENDIX "E"

[ATTACHED]

EXECUTION VERSION

## AMENDMENT AGREEMENT

**AMENDMENT AGREEMENT** (this "Amendment"), dated December 23, 2009, to that certain AMENDED AND RESTATED REVOLVING LOAN AGREEMENT (as may be amended, restated or supplemented from time to time, the "Loan Agreement"), dated March 27, 2009, by and among Nortel Networks Inc. (the "Lender"), a company incorporated in Delaware with its registered office at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801, USA; Nortel Networks Limited (the "Borrower"), a company incorporated in Canada, with executive offices at 5945 Airport Road, Suite 360, Mississauga, Ontario L4V 1R9, Canada; Nortel Networks Technology Corporation ("NNTC"), a Nova Scotia Unlimited Liability Company, with executives offices at 5945 Airport Road, Suite 360, Mississauga, Ontario L4V 1R9, Canada; Nortel Networks Corporation ("NNC"), a company incorporated in Canada, with executives offices at 5945 Airport Road, Suite 360, Mississauga, Ontario L4V 1R9, Canada; Nortel Networks Global Corporation ("NNGC"), a company incorporated in Canada, with executives offices at 5945 Airport Road, Suite 360, Mississauga, Ontario L4V 1R9, Canada; and Nortel Networks International Corporation ("NNIC"), a company incorporated in Canada, with executives offices at 5945 Airport Road, Suite 360, Mississauga, Ontario L4V 1R9, Canada (NNTC, NNC, NNGC and NNIC collectively, the "Guarantors", and individually, a "Guarantor"). Capitalized terms used herein but not defined herein shall have the same meaning as set forth in the Loan Agreement.

WHEREAS, the Borrower hereby requests that the Term of the Loan Agreement be extended to December 31, 2010, with an option to further extend the Term until June 30, 2011 upon prior written consent of the Lender, the Monitor (as defined in that certain Final Canadian Funding and Settlement Agreement dated December 23, 2009 (the "CFA")), the Creditors' Committee (as defined in the CFA) and the Bondholders' Committee (as defined in the CFA);

WHEREAS, pursuant to Sections 2.5(a) (Term) and 9.2 (Amendments to this Agreement) of the Loan Agreement, the consent of the Lender and of each Guarantor is required to effect the amendments set forth herein; and

WHEREAS, pursuant to the CFA, the Lender, the Monitor and the Borrower agreed to amend the Loan Agreement to extend the Term as set forth herein;

NOW THEREFORE, in consideration of the foregoing, the Lender, the Borrower and the Guarantors agree that:

SECTION 1.    Amendments.    The Loan Agreement is hereby amended as follows:

(a) Section 1.1 of the Loan Agreement is hereby amended by inserting the following definitions in the appropriate place to preserve the alphabetical order of the definitions in such Section 1.1:

"**"CFA"** means that certain Final Canadian Funding and Settlement Agreement, dated as of December 23, 2009, entered into by and among the Borrower and the Canadian applicants party thereto, Ernst & Young Inc., solely in its capacity as the monitor in the Canadian Proceedings, and the Lender and the US Debtors party thereto."

1

""**U.S. Bankruptcy Court**" means the United States Bankruptcy Court for the District of Delaware."

(b) Section 2.5(a) of the Loan Agreement is hereby replaced in its entirety with "(a) March 31, 2010, subject to further extension until December 31, 2010 at the request of the Borrower and with (i) prior written consent of the Lender, the Monitor (as defined in the CFA), the Creditors' Committee (as defined in the CFA) and the Bondholders' Committee (as defined in the CFA) and (ii) approval of this Amendment and the CFA pursuant to a Final Order (as defined in the CFA) of the Canadian Bankruptcy Court and the U.S. Bankruptcy Court in connection with the Canadian Proceeding and the U.S. Proceeding, respectively;"

(c) immediately upon receipt of approval pursuant to a Final Order (as defined in the CFA) of the Canadian Bankruptcy Court and the US Bankruptcy Court in connection with the Canadian Proceeding and the US Proceeding, respectively, of this Amendment and the CFA, Section 2.5(a) of the Loan Agreement, as amended by Section 1(a) of this Amendment, shall be replaced in its entirety with "(a) December 31, 2010, subject to further extension until June 30, 2011 at the request of the Borrower and with prior written consent of the Lender, the Monitor (as defined in the CFA), the Creditors' Committee (as defined in the CFA) and the Bondholders' Committee (as defined in the CFA);" and

(c) The addresses for notices to the Borrower, any Guarantor or the Lender pursuant to Section 9.4 of the Loan Agreement shall be amended to the following addresses:

if to the Borrower:  Nortel Networks Limited
5945 Airport Road, Suite 360
Mississauga, Ontario, L4V 1R9
Canada
Attention:   Anna Ventresca, Esq.,
Chief Legal Officer

With a copy to:
Ogilvy Renault LLP
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street, P.O. Box 84
Toronto, Ontario M5J 2Z4
Canada
Attention:   Derrick Tay, Esq.; Michael J. Lang, Esq.

if to any Guarantor:  C/o Nortel Networks Technology Corporation
5945 Airport Road, Suite 360
Mississauga, Ontario, L4V 1R9
Canada
Attention:   Anna Ventresca, Esq.,
Secretary

2

With a copy to:
Ogilvy Renault LLP
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street, P.O. Box 84
Toronto, Ontario M5J 2Z4
Canada
Attention:    Derrick Tay, Esq.; Michael J. Lang, Esq.

if to the Lender:    Nortel Networks Inc.
2221 Lakeside Boulevard
Richardson, Texas 75082
U.S.A.
Attention:    John Ray
    Principal Officer

With a copy to:
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
U.S.A.
Attention:    James L. Bromley, Esq.

SECTION 2.  Reference to and Effect on the Loan Agreement.  On and after the date hereof, each reference in the Loan Agreement to "the Loan Agreement" or words of like import, shall mean and be a reference to the Loan Agreement as amended by this Amendment. The Loan Agreement, as specifically amended by this Amendment shall continue to be in full force and effect.

SECTION 3.  Execution in Counterparts.  This Amendment may be executed in counterparts (and by different parties hereto on different counterparts), each of which shall constitute an original, but all of which when taken together shall constitute a single contract. Delivery of an executed counterpart of a signature page to this Amendment by telecopy shall be effective as delivery of a manually executed counterpart of this Amendment.

SECTION 4.  Governing Law.  This Amendment will be construed in accordance with and governed by the internal laws of the State of New York.

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be executed by their respective officers thereunto duly authorized, as of the date first above written.

NORTEL NETWORKS LIMITED

By_____
Name: Clarke Glaspell
Title: Controller

By_____
Name: Grace McDonald
Title: Assistant Secretary


NORTEL NETWORKS INC.

By_____
Name: Anna Ventresca
Title: Chief Legal Officer


NORTEL NETWORKS TECHNOLOGY
CORPORATION

By_____
Name: Clarke Glaspell
Title: President and Controller

By_____
Name:
Title:


NORTEL NETWORKS CORPORATION

By_____
Name: Clarke Glaspell
Title: Controller

By_____
Name: Grace McDonald
Title: Assistant Secretary


Signature page to Amendment Agreement

NORTEL NETWORKS GLOBAL
CORPORATION

By
Name: Anna Ventresca
Title: Secretary

By
Name: Clarke Glaspell
Title: Controller

NORTEL NETWORKS INTERNATIONAL
CORPORATION

By
Name: Anna Ventresca
Title: Secretary

By
Name: Clarke Glaspell
Title: Treasurer

Signature page to Amendment Agreement

**APPENDIX "F"**

[ATTACHED]

### THIRTEENTH EXTENSION DEED

### INTERIM NORTEL GROUP SUPPLIER PROTOCOL AGREEMENT

This Deed is dated  **14** January 2010 and made between:

(1)    The Canadian Nortel Group companies listed in part one of Schedule 1 (the **"Canadian Companies"**);

(2)    the EMEA Nortel Group companies listed in part two of Schedule 1 (the **"EMEA Companies in Administration"**);

(3)    Alan Robert Bloom, Christopher John Wilkinson Hill, Stephen John Harris, and Alan Michael Hudson as joint administrators of the EMEA Companies in Administration other than Nortel Networks (Ireland) Limited and in the case of Nortel Networks (Ireland) Limited Alan Robert Bloom and David Martin Hughes as joint administrators of that company, each of Ernst & Young LLP (**"Administrators"**); and

(4)    Nortel Networks SA (**"NNSA"**), represented by Maître Franck Michel, as administrator, and Maître Cosme Rogeau, as liquidator.

### 1.    BACKGROUND

1.1    The Parties are party to the interim Nortel Group Supplier Protocol Agreement dated 14 January 2009, as extended by the Extension Deed dated 10 February 2009, the Second Extension Deed dated 12 March 2009, the Third Extension Deed dated 14 April 2009, the Fourth Extension Deed dated 21 April 2009, the Fifth Extension Deed dated 5 May 2009, the Sixth Extension Deed dated 5 June 2009, the Seventh Extension Deed dated 11 June 2009, the Eighth Extension Deed dated 9 July 2009, the Ninth Extension Deed dated 9 September 2009, the Tenth Extension Deed dated 9 October 2009, the Eleventh Extension Deed dated 9 November 2009 and the Twelfth Extension Deed dated 9 December 2009 (**"Agreement"**).

1.2    The Parties entered into the Agreement in recognition of the global nature of the Nortel Group business and in order to ensure that, for the period immediately following the Filing Date, Canadian Companies could continue to trade with the EMEA Companies in Administration and be paid in full for goods and services provided during the period of the Agreement.

1.3    Pursuant to clause 3 of the Twelfth Extension Deed dated 9 December 2009, the Agreement shall terminate, unless otherwise extended by the Parties with the consent of the Monitor in writing before such date, at 11.59pm (Toronto time) on Friday 15 January 2010.

1.4    The Parties have now agreed to further extend the term of the Agreement in accordance with the terms of this thirteenth extension deed (**"Thirteenth Extension Deed"**).

1.5    On 28 May 2009 secondary liquidation proceedings were opened in France in relation to NNSA (**"Secondary Proceedings"**) and the administration proceedings in respect of NNSA under the United Kingdom Insolvency Act 1986 are continuing. On commencement of the Secondary Proceedings, NNSA was permitted to continue to trade for an initial period of three months by order of the French Court. On 20 August 2009, the French Court ordered that NNSA may continue to trade for a further three month period, effective from 28 August 2009. On October 1, 2009, the French Court approved an order to (i) suspend the liquidation operations relating to the sale of the assets and/or businesses of NNSA for a renewable period

of two months; (ii) authorize the continuation of the business of NNSA so long as the liquidation operations are suspended; and (iii) maintain the powers of the French Administrator and French Liquidator during the suspension period, except with respect to the sale of assets and/or businesses of NNSA. On November 30, 2009, the French Court renewed the aforementioned suspension of the liquidation operations for a further period of three months. NNSA acceded to and became a party to the Sixth and Seventh Extension Deeds pursuant to a deed of accession dated 17 June 2009.

## 2. DEFINITIONS AND CONSTRUCTION

2.1    The provisions of clause 2 (*Definitions and Construction*) of the interim Nortel Group Supplier Protocol Agreement dated 14 January 2009 shall also apply to this Thirteenth Extension Deed but references to parties, clauses and schedules are to parties, clauses and schedules of this Thirteenth Extension Deed unless otherwise specified.

## 3. EXTENSION OF AGREEMENT

In consideration of the arrangements under the Agreement continuing, the Parties agree that with effect on and from the date of this Thirteenth Extension Deed the Agreement shall be extended such that the Agreement shall terminate, unless otherwise extended by the Parties in writing before such date, at 11.59pm (Toronto time) on Wednesday 31 March 2010.

## 4. NNSA

4.1    In relation to NNSA, any Post Filing Goods and Services Payments in respect of an order for Goods and Services delivered or made on or after the date of opening of Secondary Proceedings will not be payable as an expense of the administration of NNSA under the UK Insolvency Act 1986, but shall in accordance with and subject to French law, be payable only from the assets of NNSA which are subject to the Secondary Proceedings.

4.2    The Parties acknowledge that NNSA reserves its right to terminate its participation in this Thirteenth Extension Deed and the Agreement upon five (5) business days prior written notice to the other parties to this Thirteenth Extension Deed.

4.3    The Parties agree that the Agreement and this Thirteenth Extension Deed shall be interpreted *vis a vis* NNSA only by reference to the plain reading of such documents and shall under no circumstances be interpreted as an implied acceptance by NNSA of any matter that is not expressly set forth in such documents.

## 5. MONITOR CONSENT

By executing the consent attached to this Thirteenth Extension Deed, the Monitor consents to the extension of the Agreement in accordance with clause 3 of this Deed.

## 6. CONTINUATION

6.1    This Thirteenth Extension Deed is supplemental to, and shall be construed as one with, the Agreement.

6.2    Except as extended by the terms of this Thirteenth Extension Deed, the Agreement will remain in full force and effect and any reference in the Agreement to the Agreement or to any

provision of the Agreement will be construed as a reference to the Agreement, or that provision, as extended by this Thirteenth Extension Deed.

## 7.    NO PERSONAL LIABILITY OF THE ADMINISTRATORS

7.1     The Parties agree that the Administrators have negotiated and are entering into this Thirteenth Extension Deed as agents for the companies to which they are appointed and that none of the Administrators, their firm, partners, employees, advisers, representatives or agents shall incur any personal liability whatsoever, whether on their own part or in respect of any failure on the part of any Nortel Group company to observe, perform or comply with any of its obligations under this Thirteenth Extension Deed or under or in relation to any associated arrangements or negotiations.

7.2     The Administrators are a party to this Thirteenth Extension Deed:

7.2.1     as agents of each of the respective EMEA Companies in Administration of which they are administrators; and

7.2.2     in their own capacities solely for taking the benefit of the statutory charges under Paragraph 99(3) of Schedule B1 of the Insolvency Act 1986 and enforcing the obligations of the Canadian Companies under this Thirteenth Extension Deed.

7.3     In exercising their rights under, or giving effect to the arrangements contemplated in, the Thirteenth Extension Deed and the Agreement, it is acknowledged that the Administrators are required to act in the best interests of the creditors of the EMEA Company in Administration to which they have been appointed. Therefore nothing in this Thirteenth Extension Deed or the Agreement shall operate so as to derogate from, restrict or prevent the Administrators from complying with their statutory duties or legal obligations in relation to the exercise of their powers, duties or functions as administrators of the EMEA Companies in Administration under the UK Insolvency Act 1986 or any other applicable legislation or statutory instrument as they see fit, acting in good faith.

## 8.    COUNTERPARTS

This Thirteenth Extension Deed may be executed in any number of counterparts, and this has the same effect as if the signatures on the counterparts were on a single copy of this Thirteenth Extension Deed.

## 9.    GOVERNING LAW

This Thirteenth Extension Deed shall be governed by and construed in accordance with English law.

This Thirteenth Extension Deed has been entered into on the date stated at the beginning of this Thirteenth Extension Deed.

**IN WITNESS** whereof this **DEED** has been executed by the parties hereto.

## Schedule 1

### Part One: The Canadian Companies

1.  **Nortel Networks Limited**

2.  **Nortel Networks Corporation**

3.  **Nortel Networks Technology Corporation**

4.  **Nortel Networks Global Corporation**

5.  **Nortel Networks International Corporation**

Schedule 1

**Part Two: The EMEA Companies in Administration**

1.   Nortel Networks UK Limited

2.   Nortel GmbH (Germany)

3.   Nortel Networks (Ireland) Limited (Ireland)

4.   Nortel Networks N.V. (Belgium)

5.   Nortel Networks S.p.A. (Italy)

6.   Nortel Networks B.V. (Netherlands)

7.   Nortel Networks Polska Sp. z o.o. (Poland)

8.   Nortel Networks Hispania, S.A. (Spain)

9.   Nortel Networks International Finance & Holding B.V. (Netherlands)

10.  Nortel Networks (Austria) GmbH (Austria)

11.  Nortel Networks, s.r.o. (Czech Republic)

12.  Nortel Networks Engineering Service Kft. (Hungary)

13.  Nortel Networks Portugal S.A. (Portugal)

14.  Nortel Networks Slovensko, s.r.o. (Slovakia)

15.  Nortel Networks France S.A.S (France)

16.  Nortel Networks Oy (Finland)

17.  Nortel Networks Romania SRL (Romania)

18.  Nortel Networks AB (Sweden)

**EXECUTED AS A DEED BY EACH OF THE CANADIAN COMPANIES**

**NORTEL NETWORKS CORPORATION**

...................................................
Signature

Anna Ventresca...............................
Name of signatory

General Counsel-Corporate and ...........
Corporate Secretary..............................
Title

...................................................
Signature

John Doolittle..................................
Name of signatory

S.V.P. Finance and Corporate Services ..
Title


**NORTEL NETWORKS LIMITED**

...................................................
Signature

Anna Ventresca...............................
Name of signatory

General Counsel-Corporate and ...........
Corporate Secretary..............................
Title

...................................................
Signature

John Doolittle..................................
Name of signatory

S.V.P. Finance and Corporate Services ..
Title


**NORTEL NETWORKS TECHNOLOGY CORPORATION**

...................................................
Signature

Anna Ventresca...............................
Name of signatory

Secretary..........................................
Title

...................................................
Signature

...................................................
Name of signatory

...................................................
Title


**NORTEL NETWORKS INTERNATIONAL CORPORATION**

...................................................
Signature

Anna Ventresca...............................
Name of signatory

Secretary..........................................
Title

...................................................
Signature

John Doolittle..................................
Name of signatory

President..........................................
Title

**NORTEL NETWORKS GLOBAL CORPORATION**

.........................................
Signature

Anna Ventresca
Name of signatory

Secretary
Title

.........................................
Signature

John Doolittle
Name of signatory

President
Title

**EMEA Companies in Administration**

UK

**EXECUTED AS A DEED**               )
**for and on behalf of**             )
**Nortel Networks UK Limited**       )
**(in administration)**              )
**By** C. J. Hru                     )
**as joint administrator**           )
**(acting as agent and without personal**   )
**liability) in the presence of:**   )
                                     )
**Signature of witness**             )      Signature of administrator
                                     )
W. Graham                            )      .......................................
..........................................  )
                                     )
**Name of witness**                  )
**(in BLOCK CAPITALS)**              )
                                     )
.........WICMA   GRAHAM........       )
                                     )
**Address of witness**               )
**≡JJ ERNST & YOUNG LLP**            )
...........1 More London Place....   )
**London**                           )
...........SE1 2AF.................   )

## GERMANY

EXECUTED AS A DEED )
for and on behalf of )
Nortel GmbH   (in administration) )
By  C. J. Hill )
as joint administrator )
(acting as agent and without personal )
liability) in the presence of: )
)
)
Signature of witness ) Signature of administrator
)
.............. W. Graham ............. )  ......................
)
Name of witness )
(in BLOCK CAPITALS) )
)
.......... WILMA  GRAHAM. )
)
Address of witness )
)
  ᴁ ERNST & YOUNG LLP )
.............. 1 More London Place
  London )
.............. SE1 2AF ............ )

## BELGIUM

EXECUTED AS A DEED )
for and on behalf of )
Nortel Networks N.V.   (in administration) )
By  C. J. Hill )
as joint administrator )
(acting as agent and without personal )
liability) in the presence of: )
)
)
Signature of witness ) Signature of administrator
)
.............. W. Graham ............. )  ......................
)
Name of witness )
(in BLOCK CAPITALS) )
)
.......... WILMA  GRAHAM. )
)
Address of witness )
)
  ᴁ ERNST & YOUNG LLP )
.............. 1 More London Place
  London )
.............. SE1 2AF ............ )
)
.................................... )

**ITALY**

| | |
|---|---|
| EXECUTED AS A DEED | ) |
| for and on behalf of | ) |
| Nortel Networks S.p.A. (in administration) | ) |
| by  C. T. Hill | ) |
| as joint administrator | ) |
| (acting as agent and without personal | ) |
| liability) in the presence of: | ) |
| | ) |
| | ) |
| Signature of witness | )   Signature of administrator |
| | ) |
| ....... W. Graham ........ | ) ............................ |
| | ) |
| Name of witness | ) |
| (in BLOCK CAPITALS) | ) |
| | |
| ....... WILMA   GRAHAM | ) |
| | |
| Address of witness | ) |
| | |
| ....... ⊞ ERNST & YOUNG LLP | ) |
| 1 More London Place | |
| ....... London ................. | ) |
| SE1 2AF | |

**NETHERLANDS**

| | |
|---|---|
| EXECUTED AS A DEED | ) |
| for and on behalf of | ) |
| Nortel Networks B.V.    (in administration) | ) |
| by  C. T. Hill | ) |
| as joint administrator | ) |
| (acting as agent and without personal | ) |
| liability) in the presence of: | ) |
| | ) |
| | ) |
| Signature of witness | )   Signature of administrator |
| | ) |
| ....... W. Graham ........... | ) ............................ |
| | ) |
| Name of witness | ) |
| (in BLOCK CAPITALS) | ) |
| | |
| ....... WILMA   GRAHAM ... | ) |
| | |
| Address of witness | ) |
| | |
| ....... ⊞ ERNST & YOUNG LLP | ) |
| 1 More London Place | |
| ....... London ................. | ) |
| SE1 2AF | |

POLAND

**EXECUTED AS A DEED**                    )
for and on behalf of                      )
**Nortel Networks Polska Sp. Z o.o.**     )
**(in administration)**                   )
by  *C . J. Hill*                         )
as joint administrator                    )
(acting as agent and without personal     )
liability) in the presence of:            )
                                          )
                                          )
Signature of witness                      )    Signature of administrator
                                          )
...........*W. Graham*...........         )    ....................................
                                          )
**Name of witness**                       )
**(in BLOCK CAPITALS)**                   )
                                          )
.............*WILMA  GRAHAM*............   )

**Address of witness**                    )

...........*ERNST & YOUNG LLP*            )
1 More London Place                       )
London                                    )
SE1 2AF                                    )


SPAIN

**EXECUTED AS A DEED**                    )
for and on behalf of                      )
**Nortel Networks Hispania, S.A.**        )
**(in administration)**                   )
By  *C.J. Hill*                           )
as joint administrator                    )
(acting as agent and without personal     )
liability) in the presence of:            )
                                          )
                                          )
Signature of witness                      )    Signature of administrator
*W. Graham*                               )
....................................      )    ....................................
                                          )
**Name of witness**                       )
**(in BLOCK CAPITALS)**                   )
                                          )
.......*WILMA  GRAHAM*......               )

**Address of witness**                    )

...........*ERNST & YOUNG LLP*            )
1 More London Place                       )
London                                    )
SE1 2AF                                    )

**NETHERLANDS**

| | |
|---|---|
| **EXECUTED AS A DEED** | ) |
| for and on behalf of | ) |
| **Nortel Networks International Finance** | ) |
| **& Holding B.V. (in administration)** | ) |
| by   C. J. Hill | ) |
| as joint administrator | ) |
| (acting as agent and without personal | ) |
| liability) in the presence of: | ) |
| | ) |
| | ) |
| **Signature of witness** | )   **Signature of administrator** |
| | ) |
| .......... W. Graham .................. | ) |
| | ) |
| **Name of witness** | ) |
| **(in BLOCK CAPITALS)** | ) |
| | |
| .......... WILMA GRAHAM ........... | ) |
| | |
| **Address of witness** | ) |
| 〓 ERNST & YOUNG LLP | |
| .............1 More London Place | ) |
| London | |
| .............SE1 2AF............... | ) |

**AUSTRIA**

| | |
|---|---|
| **EXECUTED AS A DEED** | ) |
| for and on behalf of | ) |
| **Nortel Networks (Austria) GmbH** | ) |
| **(in administration)** | ) |
| By   C. J. Hill | ) |
| as joint administrator | ) |
| (acting as agent and without personal | ) |
| liability) in the presence of: | ) |
| | ) |
| | ) |
| **Signature of witness** | )   **Signature of administrator** |
| | ) |
| .......... W. Graham .................. | ) |
| | ) |
| **Name of witness** | ) |
| **(in BLOCK CAPITALS)** | ) |
| | |
| .......... Wilma Graham ... | ) |
| | |
| **Address of witness** | ) |
| | |
| 〓 ERNST & YOUNG LLP | |
| ..............1 More London Place | ) |
| London | |
| ..............SE1 2AF............... | ) |

## CZECH REPUBLIC

EXECUTED AS A DEED )
for and on behalf of )
Nortel Networks, s.r.o.  (in administration) )
By  C. J. Hill )
as joint administrator )
(acting as agent and without personal )
liability) in the presence of: )
)
)
Signature of witness ) Signature of administrator
)
.............*W. Graham*............... )  ......................................
)
Name of witness )
(in BLOCK CAPITALS) )
)
.........*WILMA  GRAHAM*............ )

Address of witness )
       ~~ERNST & YOUNG LLP~~ )
............~~1 More London Place~~ )
       ~~London~~ )
............~~SE1 2AF~~.................. )

## HUNGARY

EXECUTED AS A DEED )
for and on behalf of )
Nortel Networks Engineering Service Kft. )
(in administration) )
By  C. J. Hill )
as joint administrator )
(acting as agent and without personal )
liability) in the presence of: )
)
)
Signature of witness ) Signature of administrator
)
............*W. Graham*............... )  ......................................
)
Name of witness )
(in BLOCK CAPITALS) )
)
.........*WILMA  GRAHAM*..... )

Address of witness )
       ~~ERNST & YOUNG LLP~~ )
.................~~1 More London Place~~ )
.................~~London~~................. )
       ~~SE1 2AF~~ )

## PORTUGAL

| | |
|---|---|
| **EXECUTED AS A DEED** | ) |
| for and on behalf of | ) |
| **Nortel Networks Portugal S.A.** | ) |
| (in administration) | ) |
| By  C. J. Hill | ) |
| as joint administrator | ) |
| (acting as agent and without personal | ) |
| liability) in the presence of: | ) |
| | ) |
| | ) |
| **Signature of witness** | )    Signature of administrator |
| | ) |
| ..............*W. Graham*.............. | ) |
| | ) |
| **Name of witness** | ) |
| **(in BLOCK CAPITALS)** | ) |
| | |
| ................*WILMA  GRAHAM*.... | ) |
| | |
| **Address of witness** | ) |
| | |
| ＥＩ ERNST & YOUNG LLP | ) |
| ............1 More London Place | |
| London | |
| ............SE1 2AF............... | ) |

## SLOVAKIA

| | |
|---|---|
| **EXECUTED AS A DEED** | ) |
| for and on behalf of | ) |
| **Nortel Networks Slovensko, s.r.o.** | ) |
| (in administration) | ) |
| By  C. J. Hill | ) |
| as joint administrator | ) |
| (acting as agent and without personal | ) |
| liability) in the presence of: | ) |
| | ) |
| | ) |
| **Signature of witness** | )    Signature of administrator |
| | ) |
| ................*W. Graham*............ | ) |
| | ) |
| **Name of witness** | ) |
| **(in BLOCK CAPITALS)** | ) |
| | |
| ........*WILMA  GRAHAM*.... | ) |
| | |
| **Address of witness** | ) |
| | |
| ＥＩ ERNST & YOUNG LLP | ) |
| ............1 More London Place | |
| London | |
| ............SE1 2AF............... | ) |

FRANCE

| | |
|---|---|
| **EXECUTED AS A DEED** | ) |
| for and on behalf of | ) |
| **Nortel Networks France S.A.S** | ) |
| **(in administration)** | ) |
| By  C.T. Hill | ) |
| as joint administrator | ) |
| (acting as agent and without personal | ) |
| liability) in the presence of: | ) |
| | ) |
| | ) |
| Signature of witness | ) |
| | ) |
| ..........W. Graham.............. | ) |
| | ) |
| Name of witness | ) |
| (in BLOCK CAPITALS) | ) |
| | |
| ..........WILLAM GRAHAM.. | ) |
| | |
| Address of witness | ) |
| | |
| ..........ERNST & YOUNG LLP | ) |
| 1 More London Place | |
| London | ) |
| SE1 2AF | ) |

Signature of administrator

FINLAND

| | |
|---|---|
| **EXECUTED AS A DEED** | ) |
| for and on behalf of | ) |
| **Nortel Networks Oy**    **(in administration)** | ) |
| By  C.T. Hill | ) |
| as joint administrator | ) |
| (acting as agent and without personal | ) |
| liability) in the presence of: | ) |
| | ) |
| | ) |
| Signature of witness | ) |
| | ) |
| ..........W. Graham.......... | ) |
| | ) |
| Name of witness | ) |
| (in BLOCK CAPITALS) | ) |
| | |
| ..........WILMA GRAHAM...... | ) |
| | |
| Address of witness | ) |
| | |
| ..........ERNST & YOUNG LLP | ) |
| 1 More London Place | |
| London | ) |
| SE1 2AF | |

Signature of administrator

ROMANIA

| | |
|---|---|
| **EXECUTED AS A DEED** | ) |
| **for and on behalf of** | ) |
| **Nortel Networks Romania SRL** | ) |
| **(in administration)** | ) |
| **By**  *C. J. Hill* | ) |
| **as joint administrator** | ) |
| **(acting as agent and without personal** | ) |
| **liability) in the presence of:** | ) |
| | ) |
| | ) |
| **Signature of witness** | ) |
| | ) |
| *W. Graham* | ) |
| ............................ | ) |
| | ) |
| **Name of witness** | ) |
| **(in BLOCK CAPITALS)** | ) |
| | |
| *WILMA  GRAHAM* | ) |
| ............................ | |
| | |
| **Address of witness** | ) |
| ▦ ERNST & YOUNG LLP | |
| 1 More London Place | ) |
| London | |
| SE1 2AF | ) |

**Signature of administrator**

SWEDEN

| | |
|---|---|
| **EXECUTED AS A DEED** | ) |
| **for and on behalf of** | ) |
| **Nortel Networks AB      (in administration)** | ) |
| **By**  *C. J. Hill* | ) |
| **as joint administrator** | ) |
| **(acting as agent and without personal** | ) |
| **liability) in the presence of:** | ) |
| | ) |
| | ) |
| **Signature of witness** | ) |
| | ) |
| *W. Graham* | ) |
| ............................ | ) |
| | ) |
| **Name of witness** | ) |
| **(in BLOCK CAPITALS)** | ) |
| | |
| *WILM  GRAHAM* | ) |
| ............................ | |
| | |
| **Address of witness** | ) |
| ▦ ERNST & YOUNG LLP | |
| 1 More London Place | ) |
| London | |
| SE1 2AF | ) |

**Signature of administrator**

IRELAND

EXECUTED AS A DEED                          )
for and on behalf of                        )
Nortel Networks (Ireland) Limited           )
(in administration)                         )
by  ALAN BLOOM                              )
as joint administrator                      )
(acting as agent and without personal       )
liability) in the presence of:              )
                                            )
                                            )
Signature of witness                        )        Signature of administrator
                                            )
............*W. Graham*............          )        ............[signature]............
                                            )
Name of witness                             )
(in BLOCK CAPITALS)                         )

............*WILMA  GRAHAM*...........       )

Address of witness                          )

............*ERNST & YOUNG LLP*             )
............1 More London Place
............London                          )
............SE1 2AF............

.......................................     )

**Executed as a DEED by ALAN ROBERT**
**BLOOM in his own capacity without**
**personal liability and solely for the**
**purpose of obtaining the benefit of the**
**provisions of this deed expressed**
**to be conferred on the Administrators**

.............................
Signature

Title:  JOINT ADMINISTRATOR

in the presence of:

Signature of witness

...........*W.Graham*...........

Name of witness

**(in BLOCK CAPITALS)**

...........*WILMA GRAHAM*

Address of witness

...............~~EY ERNST & YOUNG~~ LLP
              1 More London Place
...............~~London~~................
              SE1 2AF
..........................................
..........................................

Executed as a DEED on behalf of CHRISTOPHER
JOHN WILKINSON HILL in his own capacity
without personal liability and solely
for the purpose of obtaining the
benefit of the provisions of this
deed expressed to be conferred
on the Administrators by his attorney

.................................................................
Signature

Title:  JOINT ADMINISTRATOR

in the presence of:

Signature of witness
.............................................

Name of witness

(in BLOCK CAPITALS)

..........WILMA....GRAHAM.

Address of witness

..................................................
..............ERNST & YOUNG LLP
..............1 More.London.Place
..............London
..............SE1 2AF..............
..............................................

**Executed as a DEED on behalf of STEPHEN JOHN**
**HARRIS in his own capacity**
**without personal liability and solely**
**for the purpose of obtaining the**
**benefit of the provisions of this**
**deed expressed to be conferred**
**on the Administrators by his attorney**

..............................................
Signature

Title: JOINT ADMINISTRATOR

in the presence of:

Signature of witness

.............................................

Name of witness

**(in BLOCK CAPITALS)**

.............WILMA.....GRAHAM

Address of witness

.............ERNST & YOUNG LLP
.............1 More London Place
.............London
.............SE1 2AF
.......................................
.......................................

**Executed as a DEED on behalf of ALAN MICHAEL
HUDSON in his own capacity without
personal liability and solely for the
purpose of obtaining the benefit of
the provisions of this deed
expressed to be conferred on the
Administrators by his attorney**

............................................
Signature

Title: JOINT ADMINISTRATOR

in the presence of:

Signature of witness

.......... W. Graham ..............

Name of witness

**(in BLOCK CAPITALS)**

.......... WILMA GRAHAM ..

Address of witness
         ERNST & YOUNG LLP
.......... 1 More London Place ...
         London
.......... SE1 2AF ....................

..........................................

..........................................

**Executed as a DEED on behalf of DAVID
MARTIN HUGHES in his own capacity
without personal liability and
solely for the purpose of
obtaining the benefit of the
provisions of this deed
expressed to be conferred on the
Administrators by his attorney**

.........................................
Signature

Title:  JOINT ADMINISTRATOR

in the presence of:

Signature of witness
..........W. Graham..............

Name of witness

**(in BLOCK CAPITALS)**

..........WILMA.....GRAHAM.

Address of witness

...............ERNST & YOUNG LLP
1 More London Place
..............London................
SE1 2AF
.......................................

.......................................

Nortel Networks S.A.

EXECUTED AS A DEED )
for and on behalf of )
Nortel Networks S.A. )
(in administration) )
by MAITRE FRANCK MICHEL )
as administrator )
(acting as agent and without personal )   Signature of administrator
liability) )
)

and MAITRE COSME ROGEAU, as )
liquidator, )   ......................................
)
)

in the presence of:

Signature of witness )
)                            Signature of liquidator
)
)
)
)
Name of witness )
(in BLOCK CAPITALS) )

Address of witness )

)
)

## CONSENT OF MONITOR

Ernst & Young Inc., as Monitor under the Companies' Creditors Arrangement Act to the Canadian Companies, consents to the extension of the Agreement in accordance with this Thirteenth Extension Deed.

Ernst & Young Inc., in its capacity as Monitor in the CCAA proceedings and not in its personal capacity

Name: Brent Beekenkamp

Title: Vice - President

Appendix G

**Eligibility Requirements and Procedure with Respect to Hardship Payment Applications**

1. **Eligibility** – A former employee would be eligible for hardship payments if he or she is resident in Canada and has no available source of income, being all monies receivable by the former employee including, without limitation, employment income such as wages, salary or bonuses, consulting income, or pension or disability payments or income replacement payments ("Income"), or Income of a spouse, as of the date of the application and has no reasonable expectation of being in receipt of Income during the Application Period (referred to below) and:

   a. The former employee is unable to work due to illness or is incurring costs in excess of 25% of his or her EI payments as a result of treatment for illness or healthcare costs, or as a result of the illness of a family member who is dependent on the former employee for support; or

   b. During the Application Period the former employee is not receiving a Nortel pension or employment insurance (EI) as a result of ineligibility for EI or exhaustion of EI benefits, and demonstrates some other significant hardship in dealing with financial obligations.

2. **Application Process** – Notice of the application process will be posted on the Monitor's website and the website of the Nortel Retiree Protection Committee (NRPC) in a form approved by the Court. An applicant would be required to complete an application form (to be approved by the Court) to be submitted to a person designated by the Monitor. The person so designated would be expected to deal with completed applications within 14 to 21 days and to make an initial determination to approve or reject the application. The first payment will proceed within seven business days subject to the payment parameters set out below. If not approved, the application is to be reviewed by an informal committee and the applicant will be given the right to be heard by the committee. The committee will be composed of one company appointee, one appointee of the Monitor and one appointee chosen by the NRPC, who will be compensated for his time on an hourly basis. A further appeal may be brought to the Court or an officer of the Court designated by the presiding judge, costs to be determined by the Court on the application.

3. **Payment Parameters** – Any successful applicant may be approved for a maximum payment of up to 8 weeks salary based on a maximum weekly salary of up to $1,200 per week payable in monthly instalments. The hardship committee will also have discretion to approve additional amounts in cases of medical and other emergencies in an amount up to $2,500.

4. **Application Period** – From the date of court approval to April 23, 2010.

5. **Miscellaneous**

   a. Hardship Payments are advances against distributions on claims, and will be deducted from any payments on claims that may be allowed in the ultimate claims process in these proceedings.

   b. The Monitor shall report to the Court on or before November 30, 2009 with respect to the processing and administration of hardship payment applications.

   c. The aggregate maximum amount available for hardship payments on applications approved during the Application Period is $750,000.

Court File No: 09-CL-7950

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION *et al.*

---

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

Proceeding commenced at Toronto

---

**THIRTY-FIFTH REPORT**
**OF THE MONITOR**
**DATED JANUARY 18, 2010**

---

**GOODMANS LLP**
Barristers & Solicitors
Bay Adelaide Centre
333 Bay Street, Suite 3400
Toronto, ON  M5H 2S7

Jay A. Carfagnini  (LSUC#: 222936)
Joseph Pasquariello (LSUC# 37389C)
Christopher G. Armstrong (LSUC# 55148B)

Tel: 416.979.2211
Fax: 416.979.1234

Lawyers for the Monitor, Ernst & Young Inc.

\5805233