IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
|  | Case No. 09-10138 (KG) |
|  | (Jointly Administered) |
| Nortel Networks Inc., *et al.*, |  |
|  | Related to D. I. Nos. 2204 and 2290 |
| Debtors. | Hearing Date: To be determined |

**MOTION OF CYPRESS COMMUNICATIONS INC. FOR AN ORDER AUTHORIZING IT TO FILE UNDER SEAL (I) AN UNREDACTED VERSION OF THE OBJECTION OF CYPRESS COMMUNICATIONS INC. TO THE TWENTY-SIXTH NOTICE OF REJECTION OF EXECUTORY CONTRACT(S) AND/OR NONRESIDENTIAL REAL PROPERTY LEASE(S) BY DEBTORS AND DEBTORS IN POSSESSION AND (II) CERTAIN EXHIBITS TO SUCH OBJECTION**

Cypress Communications Inc. ("Cypress"), by and through its counsel, Kelley Drye & Warren LLP, hereby moves this Court (the "Motion to Seal") for entry of an order pursuant to 11 U.S.C. §§ 107(b)(1), Fed. R. Bankr. P. 9018 and Local Bankruptcy Rule 9018-1, authorizing Cypress to file under seal (i) an unredacted version of the Objection of Cypress Communications Inc. to the Twenty-Sixth Notice of Rejection of Executory Contracts and/or Nonresidential Real Property Leases (the "Objection") [D.I. No. 2290] and (ii) certain exhibits to the Objection. In support of the Motion to Seal, Cypress respectfully represents as follows:

## BACKGROUND

1.  On January 14, 2009 (the "Petition Date") each of the above-captioned debtors (the "Debtors") filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have continued to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.      On or about January 30, 2006, Nortel Networks Inc. ("NNI"), one of the Debtors, and Cypress entered into a Purchase and License Agreement (the "PLA") for the sale of goods and services by NNI to Cypress. The PLA was amended on or about December 1, 2006 ("Amendment No. 1") and July 20, 2009 ("Amendment No. 2" and, together with the PLA and Amendment No. 1, the "PLA Documents").

3.      On or about December 23, 2009, the Debtors served on Cypress the Twenty-Sixth Omnibus Notice of Rejection of Executory Contracts and/or Nonresidential Real Property Leases (the "Rejection Notice") [D.I. No. 2204], which seeks authority for the Debtors to reject the PLA and Amendment No. 1 pursuant to section 365(a) of the Bankruptcy Code, but does not seek any authority to reject Amendment No. 2. The PLA, Amendment No. 1 and Amendment No. 2 are attached as Exhibit 1, Exhibit 2, and Exhibit 3, respectively, to the Objection as provided to the Court.

4.      For the reasons more fully set forth in the Objection, Cypress objects to the relief requested by the Debtors in the Rejection Notice. To fully apprise the Court of the issues, facts and circumstances giving rise to its Objection, Cypress is required to make specific reference to and discuss various provisions of the PLA and its amendments; however, the PLA Documents bear restrictive legends and contain confidentiality provisions that specifically prohibit the disclosure of their terms.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the Motion to Seal pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

7.     The statutory bases for the relief requested herein are section 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1 of this Court's Local Rules.

## RELIEF REQUESTED

8.     Contemporaneously herewith, a redacted version of the Objection that does not attach the PLA Documents as exhibits has been publicly filed and has been served on the notice parties set forth in the Rejection Notice. By this Motion to Seal, Cypress seeks the entry of an Order, substantially in the form attached hereto as Exhibit A, authorizing Cypress to file under seal an unredacted version of the Objection with the PLA Documents as exhibits, in accordance with section 107(b) of the Bankruptcy Code.

## BASIS FOR RELIEF

9.     Section 107(b) of the Bankruptcy Code, which governs requests to file pleadings and documents under seal, permitting bankruptcy courts to restrict access to nonpublic information to protect entities from the consequences of disclosure, states:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may —
>
> (1) protect an entity with respect to a trade secret or confidential research, development or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

10.     Additionally, Bankruptcy Rule 9018 provides, in pertinent part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other

> confidential research, development, or commercial information….

Fed. R. Bankr. P. 9018.

11. On its face, section 107(b) of the Bankruptcy Code does not require the party seeking relief to show cause to be entitled to the protections of the statute. *See Video Software Dealers Ass'n. v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) ("[C]ongress … imposed no requirement to show 'good cause' as a condition to sealing confidential commercial information. This omission is particularly significant because FRCP 26(c), from which the language of § 107(b) appears to have been drawn, expressly required 'good cause' to be established before a discovery protective order could be granted…"). Rather, so long as a party-in-interest is seeking protection of "information [that] fits any of the specified categories" listed in section 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *See id.* at 27 (emphasis in original).

12. Commercial information has been defined as information that would cause "an unfair advantage to competitors by providing them information as to the commercial operations of the party seeking protection." *Id.* (quoting *Ad Hoc Protective Comm. For 10½% Debenture Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942, 944 (9th Cir. BAP 1982)). Here, Cypress seeks to file under seal the unredacted version of its Objection, together with the PLA documents that are attached as <u>Exhibits 1</u> through <u>3</u> to the Objection, to preserve confidential commercial information deserving of the protections afforded by section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 including, but not limited to, the structure of the agreement and sensitive pricing information that should not be exposed to the public domain.

13. Moreover, Cypress is required, under penalty of breach, to maintain confidentiality with respect to the terms of the PLA Documents, such that even while acting to protect its interests by filing the Objection, Cypress does not wish to simultaneously jeopardize its interests – or violate the legitimate interests of the Debtors – by disclosing the terms of the PLA Documents in contravention of the express prohibition against doing so. Accordingly, even if good cause were required under section 107(b) for the Court to issue the requested sealing order, such cause certainly would exist under these circumstances.

14. The Debtors themselves are already in possession of the PLA Documents. Cypress is willing to serve the unredacted Objection and the PLA Documents on the other Notice Parties set forth in the Rejection Notice – *i.e.*, counsel to the Debtors, counsel to the Committee, and the United States Trustee – upon: (a) the prior written consent of NNI, as required under the PLA; and (b) the written agreement by the receiving parties that the unredacted Objection and the PLA Documents will be treated on a "professional eyes only" basis and will be used only in connection with the Rejection Notice and the Objection.

15. For the foregoing reasons, Cypress respectfully requests that the Court enter an order authorizing it to file the unredacted version of the Objection and the PLA Documents under seal.

## NOTICE

16. Pursuant to Bankruptcy Rule 9018, Cypress respectfully submits that no notice of this Motion to Seal is required.

## CONCLUSION

WHEREFORE, Cypress respectfully requests that the Court grant the Motion to Seal and grant such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
January 19, 2010

                                      MESSANA ROSNER & STERN, LLP

                                      /s/ Frederick B. Rosner
                                      Frederick B. Rosner (DE #3995)
                                      1000 N. West Street
                                      Suite 1200
                                      Wilmington, DE  19801
                                      Telephone:  (302) 295-4877
                                      Email: frosner@mrs-law.com

                                            - and -

                                      James S. Carr
                                      Kristin S. Elliott
                                      Kelley Drye & Warren LLP
                                      101 Park Avenue
                                      New York, NY  10178
                                      Telephone:  (212) 808-7800
                                      Facsimile:  (212) 808-7897

                                      *Counsel for Cypress Communications, Inc.*