IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
                Debtors. : Jointly Administered
:
: **Hearing date: January 21, 2010 at 11:00 AM (ET)**
:
---------------------------------------------------------X

**DEBTORS' MOTION FOR LEAVE TO FILE A REPLY TO THE
OBJECTION OF NORTEL NETWORKS UK LTD AND THE EMEA
DEBTORS TO NNI'S MOTION PURSUANT TO §105(a), §363, §503
AND FED. R. BANKR. P. 9019 FOR AN ORDER (A) APPROVING THE
CANADIAN FUNDING AGREEMENT AND (B) GRANTING RELATED RELIEF**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as Exhibit A, granting the Debtors leave to file a reply to the Objection of Nortel Networks UK Ltd. and the EMEA Debtors To NNI's Motion Pursuant to 11 USC §105(a), §363, §503 and Fed. R. Bankr. P. 9019 for an Order (A) Approving the Canadian Funding and Settlement Agreement, and (B) Granting Related Relief (the "Objection") [D.I. 2299]; and granting them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

**Background**

**A. Procedural History**

1. On January 14, 2009 (the "Petition Date"), the Debtors, other than NN CALA (defined below), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On January 15, 2009, this Court entered an order of joint administration pursuant to Bankruptcy Rule 1015(b) that provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

4. Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.

5. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February 27, 2009, based on a petition filed by Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"),

---

[2] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

6. On January 14, 2009, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[3] into administration under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators"). On May 28, 2009, at the request of the Joint Administrators, the Commercial Court of Versailles, France (the "French Court") (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA was originally authorized to continue to operate as a going concern for an initial period of three months, which period was subsequently extended to November 28, 2009. In accordance with the European Union's Council Regulation (EC) No. 1346/2000 on Insolvency Proceedings, the English law proceedings (the "English Proceedings") remain the main proceedings in respect of NNSA although a French administrator and a French liquidator have been appointed and are in charge of the day-to-day affairs and continuing business of NNSA in France. On October 1, 2009, pursuant to a motion filed by the Joint Administrators, the French Court approved an order to: (i) suspend the liquidation operations relating to the sale of the assets and/or businesses of NNSA for a renewable period of two months; (ii) authorize the continuation of the business of NNSA so long as the liquidation operations are suspended; and (iii) maintain the powers of the French Administrator and Liquidator during the suspension period, except with respect to the sale of assets and/or

---

[3] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

businesses of NNSA. On November 30, 2009, the French Court extended the suspension of liquidation for a further period of three months. On June 26, 2009, this Court entered an order recognizing the English Proceedings of Nortel Networks UK Limited ("NNUK") as foreign main proceedings under chapter 15 of the Bankruptcy Code.[4]

7.  On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142]. An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

8.  On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc. ("NN CALA" and a Debtor with NNI and its affiliates), an affiliate of NNI, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On July 17, this Court entered orders approving the joint administration and consolidation of NN CALA's chapter 11 case with the other Debtors' chapter 11 cases for procedural proposes [D.I. 1098], and applying to NN CALA certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1099].

B.  **Debtors' Corporate Structure and Business**

9.  Nortel is a technology company that designs, develops and deploys communication products, systems and solutions to its customers around the globe. Its principal assets include its employees, the intellectual property derived and maintained from its research and development activities, its customers and other significant contracts and agreements.

---

[4] Additionally, on January 18, 2009, certain Nortel affiliates, including Nortel Networks Israel (Sales and Marketing) Limited, filed an application with the Tel-Aviv-Jaffa District Court, pursuant to the Israeli Companies Law, 1999, and the regulations relating thereto for a stay of proceedings. On January 19, 2009, the Israeli Court appointed Yaron Har-Zvi and Avi D. Pelossof as joint administrators of the Israeli Company under the Israeli Companies Law (the "Joint Israeli Administrators").

10. Additional information regarding the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3] (the "<u>First Day Declaration</u>").[5]

**C. Case Milestones**

11. On June 19, 2009, Nortel announced that it was advancing in discussions with external parties to sell its businesses and it would assess other restructuring alternatives for its businesses in the event it is unable to maximize value through sales. To date, Nortel has closed (i) the sale of certain portions of its Layer 4-7 data portfolio to Radware Ltd. [D.I. 539]; (ii) the sale of substantially all of its CDMA business and LTE Access assets business to Telefonaktiebolaget LM Ericsson (publ) [D.I. 1205]; (iii) the sale of the assets of its Wireless Networks business associated with the development of Next Generation Packet Core network components to Hitachi Ltd. [D.I. 1760]; and (iv) the sale of substantially all of the assets of the Enterprise Solutions business globally, including the shares of Nortel Government Solutions Incorporated and DiamondWare Ltd. to Avaya Inc. [D.I. 1514]. In addition, Nortel has completed auction processes and obtained Court approval for the planned sale of substantially all the assets of its Optical Networking and Carrier Ethernet businesses associated with its Metro Ethernet Networks business unit [D.I. 2070]; as well as for the planned sale of substantially all of its GSM/GSM-R business [D.I. 2065].

12. On August 4, 2009, this Court entered an order fixing September 30, 2009 at 4:00 PM (Eastern Time) as the general bar date for filing proofs of claim or interests [D.I. 1280]. On December 3, 2009 this Court entered an order fixing January 25, 2010 at 4:00 PM (Eastern Time) as the bar date for filing proofs of claim or interests against NN CALA [D.I. 2059].

---

[5] Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

**Facts Relevant to this Motion**

13. On December 23, 2009, the Debtors filed the Debtors' Motion Pursuant to 11 USC §105(a), §363, §503 and Fed. R. Bankr. P. 9019 for an Order (A) Approving the Canadian Funding and Settlement Agreement, and (B) Granting Related Relief [D.I. 2205] (the "Canadian Funding Motion").

14. A hearing on the relief sought in the Canadian Funding Motion is scheduled to commence on January 21, 2010 at 11:00 a.m. (the "Hearing"). The objection deadline for objections to the Canadian Funding Motion was January 14, 2010 at 4:00 p.m. The Debtors extended this deadline for the Joint Administrators until January 20, 2010 at 12:00 p.m. in the hopes of reaching a consensual resolution to their objection.

15. On January 20, 2010 the Joint Administrators filed the Objection, which was the only objection filed in response to the relief sought in the Canadian Funding Motion being heard on January 21, 2010.

**Relief Requested**

16. By this Motion, the Debtors respectfully request that the Court permit the Debtors to file a reply to the Objection (the "Reply"). The Reply is attached hereto as Exhibit B.

**Basis for Relief**

17. Rule 9006-1(d) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") states that "[r]eply papers may be filed, and if filed, shall be served so as to be received by 4:00 p.m. Eastern Time the day prior to the deadline for filing the agenda." Local Rule 9029-3(a) requires that agendas be filed by 12:00 p.m. (ET) two business days prior to the hearing.

18.     The hearing on the Canadian Funding Motion and the Objection is scheduled for January 21, 2010 at 11:00 a.m.  Under the Local Rules, the deadline to file the agenda for the hearing was January 19, 2010 at 12:00 p.m., and the deadline to file the Reply was January 15, 2010 at 4:00 p.m.  However, given the fact that the Objection itself was not filed until January 20, 2010, the Debtors were not, and could not have been, in a position to file the Reply by the response deadline on the January 15, 2010.

19.     Under these circumstances, the Debtors believe that ample cause exists to grant the Debtors leave to file a reply today, one day prior to the Bidding Procedures Hearing.

## Notice

20.     Notice of the Motion is being given via facsimile, electronic transmission, hand delivery or overnight mail to (i) the U.S. Trustee; (ii) the Monitor; (iii) counsel to the Committee; (iv) counsel to the Bondholder Group; (v) counsel to the Joint Administrators; and (vi) the general service list established in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

21.     No prior request for the relief sought herein has been made to this or any other United States Court.

WHEREFORE, the Debtors respectfully request entry of an order in the form attached hereto as <u>Exhibit A</u> (a) granting the Debtors leave to file the Reply to the Objection; and (b) granting the Debtors such other and further relief as may be just and proper.

Dated:  January 21, 2010
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (*admitted pro hac vice*)
Lisa M. Schweitzer (*admitted pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

    /s/ Ann C. Cordo
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors-in-Possession*

**Exhibit A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------X
*In re*                                                              : Chapter 11
                                                                          :
Nortel Networks Inc., *et al.*,[1]                          : Case No. 09-10138 (KG)
        Debtors.                                  :
                                                                          : Jointly Administered
                                                                          :
                                                                          : **RE: D.I.s 2205, 2299**
                                                                          :
---------------------------------------------------------X

**ORDER GRANTING DEBTORS' MOTION FOR LEAVE TO FILE A REPLY
TO THE OBJECTION OF NORTEL NETWORKS UK LTD. AND THE EMEA
DEBTORS TO NNI'S MOTION PURSUANT TO §105(a), §363, §503
AND FED. R. BANKR. P. 9019 FOR AN ORDER (A) APPROVING THE
CANADIAN FUNDING AGREEMENT AND (B) GRANTING RELATED RELIEF**

Upon the Motion (the "Motion") of Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), to file a reply to the Objection of Nortel Networks UK Ltd. and the EMEA Debtors To NNI's Motion Pursuant to 11 USC §105(a), §363, §503 and Fed. R. Bankr. P. 9019 for an Order (A) Approving the Canadian Funding and Settlement Agreement, and (B) Granting Related Relief (the "Objection") [D.I. 2299]; and in further support of the Sale Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § 1410; and the Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion;

        IT IS HEREBY ORDERED THAT:

1. The Debtors are hereby granted leave to file a reply to the Objection.

2. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: _____, 2010
       Wilmington, Delaware

 

                            THE HONORABLE KEVIN GROSS
                            UNITED STATES BANKRUPTCY JUDGE

3