**Exhibit B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
: Chapter 11
:
*In re* :
: Case No. 09-10138 (KG)
:
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
:
           Debtors. : **Hearing Date: January 21, 2010, at 11:00 a.m. (ET)**
:
:
:
---------------------------------------------------------X

**DEBTORS' REPLY TO THE OBJECTION OF NORTEL NETWORKS UK LTD. AND THE EMEA DEBTORS TO NNI'S MOTION PURSUANT TO 11 U.S.C. § 105(a), § 363, § 503 AND FED. R. BANKR. P. 9019 FOR AN ORDER (A) APPROVING THE CANADIAN FUNDING And SETTLEMENT AGREEMENT, AND (B) GRANTING RELATED RELIEF**

Nortel Networks Inc. and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby respond to the Objection Of Nortel Networks UK Ltd. And The EMEA Debtors To NNI's Motion Pursuant To 11 U.S.C. § 105(a), § 363, § 503 And Fed. R. Bankr. P. 9019 For An Order (A) Approving The Canadian Funding And Settlement Agreement, And (B) Granting Related Relief [D.I. 2299] (the "Objection") filed by the Joint Administrators.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

2

**Reply**

It is unfortunate that the EMEA Debtors have elected to object to the approval of the Canadian Funding Agreement.[2]  In the year since the multi-jurisdictional commencement of creditor protection proceedings by many Nortel entities around the world, the collective focus of the Nortel entities has been on cooperation and consensus – a strategy that has yielded substantial benefits for Nortel and its creditors.  Seven major asset sales in just over 12 months that will generate over $3 billion in proceeds is clear proof that the cooperative path has been the correct path.

One issue, however, has provided substantial challenges to this set of multi-jurisdictional insolvency proceedings.  The liquidity position of Nortel Networks Limited ("NNL"), which is the Canadian parent of NNI and many other Nortel entities including NNUK, has been at risk since day one.  While the continued survival of NNL is important to all Nortel entities, only one Nortel entity – NNI – has stepped up to provide financing to NNL.  If this motion is approved and the Canadian Funding Agreement becomes effective, NNI will provide NNL with over $350 million in cash since the Petition Date.  The EMEA Debtors, on the other hand, have provided, and will provide, NNL with zero cash.

It is true that NNI's funding of NNL has been and will be provided only if certain settlements and agreements between the Debtors and the Canadian Debtors are implemented.  However, NNI's constituents have consistently been willing to engage in the difficult and hard fought negotiations that yielded the IFSA and now the Canadian Funding Agreement.

---

[2]   Capitalized terms used in this response that have not been defined herein will have the same meaning as ascribed to them in the Debtors' Motion Pursuant To 11 U.S.C. § 105(a), § 363, § 503 And Fed. R. Bankr. P. 9019 For an Order (A) Approving The Canadian Funding And Settlement Agreement, And (B) Granting Related Relief [D.I. 2205] (the "Motion").

Now, with the Canadian Funding Agreement and the inter-related settlement with the Internal Revenue Service up for approval, the EMEA Debtors seek to derail this delicate process and put all of the Nortel entities at risk. The Objection purports to seek certain limited reservations of rights, but actually seeks to expand the rights and remedies of the EMEA Debtors to the detriment of NNI, which is set to pay an additional $190.8 million to NNL.

Notwithstanding the overreaching objection of the EMEA Debtors, NNI and its constituents have reviewed the proposed reservations and have consulted with NNL, the Monitor, the Committee and the Bondholder Group. As a result of these consultations, the Debtors and the Canadian Debtors have determined to offer to include the following three reservations in the order approving the relief sought by the Motion and the order by the Canadian Court authorizing the Canadian Debtors to enter into the Canadian Funding Agreement:

### Reservations

- Nothing in this Order or the Canadian Funding Agreement shall be construed or operate to amend, modify, vary or change any of the rights or obligations of any entity or person that is not a party to the Canadian Funding Agreement, including without limitation any of the EMEA Debtors (each, a "Non-Party"), under any contract that a Non-Party has entered into with any party to the Canadian Funding Agreement, including without limitation any of the Transfer Pricing Agreements, the IFSA and that certain Interim Group Supplier Protocol Agreement, dated January 14, 2009, among the Debtors and the EMEA Debtors (as extended from time to time, the "US GSPA").

- For greater certainty and without limitation to the paragraph above, the Canadian Funding Agreement, including without limitation Section 3 of the Canadian Funding Agreement, shall not be construed or operate to amend, modify, vary or change any of the rights or obligations of the EMEA Debtors to assert or prove any claim that any one or more of the EMEA Debtors may have against any one or more of the US Debtors pursuant to the Transfer Pricing Agreements, the IFSA and the US GSPA.

- Nothing in the Canadian Funding Agreement, this Order or in this Order's approval of the Canadian Funding Agreement or the NNI Claim shall be construed or operate to take away or preclude or in any way limit the right of any

4

EMEA Debtor to dispute or defend against any claim that may be asserted against such EMEA Debtor arising out of or resulting from the NNI Claim.

NNI and its constituents believe that the foregoing reservations address all the legitimate concerns of the EMEA Debtors and respectfully request that this Court enter an order incorporating these reservations – and no others – and grant the relief sought in the Motion.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully submit to overrule the objection (other than to allow the reservations set forth above) and request that the Court approve the Debtors' motion for an order (A) approving the Canadian Funding Agreement, and (B) granting related relief.

Dated:  January 21, 2010
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

__/s/ Ann C. Cordo_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*