IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X
:
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
           Debtors. :
:
: **RE: D.I. 2207**
:
----------------------------------------------------------X

**ORDER APPROVING THE
SETTLEMENT STIPULATION BETWEEN NORTEL NETWORKS INC.
AND THE INTERNAL REVENUE SERVICE, ENTRY INTO
THE ADVANCE PRICING AGREEMENT, AND RELATED RELIEF**

Upon the motion dated November 13, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105(a), 363(b) and 505(a) of the Bankruptcy Code and Bankruptcy Rule 9019, (a) approving the terms and conditions of the Settlement Stipulation, (b) approving the terms and conditions of the IRS APA and authorizing the Debtors to enter into the IRS APA on the Effective Date, and (c) granting related relief; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized, but not directed, to enter into the IRS APA on the Effective Date pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019, and to take any and all actions that may be reasonably necessary or appropriate to perform all obligations contemplated thereunder.

3. The Debtors are authorized, but not directed, to enter into the Settlement Stipulation pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019, and to take any and all actions that may be reasonably necessary or appropriate to perform all obligations contemplated thereunder.

4. Pursuant to Bankruptcy Rule 9019, the IRS APA and Settlement Stipulation constitute a full and final settlement of any U.S. federal taxes, including interest and penalties, if any, arising before December 31, 2008.

5. The failure to specifically describe or include any particular provision of the IRS APA or Settlement Stipulation in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that each of the IRS APA and Settlement Stipulation be approved in its entirety.

6.  Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: January 21, 2010
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE