# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
: 
In re : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
Debtors. : Jointly Administered
:
: **RE: D.I. 2205**
---------------------------------------------------------------X

## ORDER (A) APPROVING THE FINAL CANADIAN FUNDING AND SETTLEMENT AGREEMENT, AND (B) GRANTING RELATED RELIEF

Upon the motion, dated December 23, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors")[3], for entry of an order, as more fully described in the Motion, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, (a) approving the terms and conditions of the Final Canadian Funding and Settlement Agreement (the "Canadian Funding Agreement"), and (b) granting related relief; and the Court finding and determining that adequate notice of the Motion has been given as set forth in the Motion; and that no other or further notice is necessary; the Court has jurisdiction to consider the Motion and the relief

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

[3] The Debtors for purposes of this Order include all of the entities listed above except Nortel Networks (CALA) Inc.

requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court has determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that the Committee and the Bondholder Group have been consulted and support the Debtors' entry into the Canadian Funding Agreement; and the Court has determined that the legal and factual bases set forth in the Motion and presented on the record establish just cause for the relief requested in the Motion (including without limitation the amount of $2 billion represents a reasonable and fair estimate of certain overpayments by NNI to NNL relating to the Nortel Transfer Pricing Regime during the period from 2001 to 2005); and taking into account the complexity of the claims being settled by the Canadian Funding Agreement, the costs and delay of resolving such claims by litigation, the interdependency of the relief granted herein with the approval of a material settlement with the Internal Revenue Service considered simultaneously herewith and all other relevant facts and circumstances, the Canadian Funding Agreement and the related relief requested in the Motion is fair, reasonable and in the best interests of the Debtors, their estates, their creditors and the parties in interest;[4] and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Any objections to the entry of this Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, hereby are denied and overruled on the merits, with prejudice.

---

[4] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law. See. Fed. R. Bankr. P. 7052.

3. The Debtors are authorized, but not directed, to enter into the Canadian Funding Agreement pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019, and, upon the satisfaction of each of the conditions set forth in Section 17 of the Canadian Funding Agreement, to take any and all actions that may be reasonably necessary or appropriate to perform all obligations contemplated thereunder, including without limitation payment to NNL of the Settlement Payment in the amount of US$190.8 million in accordance with the terms of and subject to the adjustments described in the Canadian Funding Agreement.

4. Pursuant to Bankruptcy Rule 9019, the Canadian Funding Agreement constitutes a full and final settlement of any and all Covered Obligations whether arising during, or related to, the Settlement Period. The Settlement Payment represents the maximum payment that the Debtors may or could owe in respect of the Covered Obligations for the Settlement Period, and the maximum post-petition or administrative claim that any of the Canadian Debtors may have or could assert against one or more of the Debtors.

5. The Debtors are authorized, but not directed, to enter into the NNI Loan Amendment.

6. The failure to specifically describe or include any particular provision of the Canadian Funding Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Canadian Funding Agreement be approved in its entirety.

7. Nothing in this Order or the Canadian Funding Agreement shall be construed or operate to amend, modify, vary or change any of the rights or obligations of any entity or person

that is not a party to the Canadian Funding Agreement, including without limitation any of the EMEA Debtors (each, a "Non-Party"), under any contract that a Non-Party has entered into with any party to the Canadian Funding Agreement, including without limitation any of the Transfer Pricing Agreements, the IFSA and that certain Interim Group Supplier Protocol Agreement, dated January 14, 2009, among the Debtors and the EMEA Debtors (as extended from time to time, the "US GSPA").

8. For greater certainty and without limitation to paragraph (7) above, the Canadian Funding Agreement, including without limitation Section 3 of the Canadian Funding Agreement, shall not be construed or operate to amend, modify, vary or change any of the rights or obligations of the EMEA Debtors to assert or prove any claim that any one or more of the EMEA Debtors may have against any one or more of the US Debtors or the obligations of the US Debtors, if any (which the US Debtors would dispute), pursuant to the Transfer Pricing Agreements, the IFSA and the US GSPA.

9. Nothing in the Canadian Funding Agreement, this Order or in this Order's approval of the Canadian Funding Agreement or the NNI Claim shall be construed or operate to take away or preclude or in any way limit the right of any EMEA Debtor to dispute or defend against any claim that may be asserted against such EMEA Debtor arising out of or resulting from the NNI Claim.

10. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or

realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

11. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: January 21, 2010
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE