UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | |
| | | Chapter 11 |
| NORTEL NETWORKS, INC., *et al.*, | : | |
| | | Case Number 09-10138 (KG) |
| Debtors. | : | (Jointly Administered) |
| | | |
| | : | (Hearing date: Febr. 3, 2010 at 10:00 a.m. |
| | | Objections due: Jan. 27, 2010 at 4:00 p.m.) |
| _____ | : | |

### ACTING UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' REQUEST FOR FINAL WAIVER OF THE REQUIREMENTS OF 11 U.S.C. § 345(b)

In support of her Objection to the Debtors' Request for Final Waiver of the Requirements of 11 U.S.C. § 345(b) (the "Request"), Roberta A. DeAngelis, Acting United States Trustee for Region 3, by the undersigned counsel, states:

1. This Court has jurisdiction to hear this objection.

2. Pursuant to 28 U.S.C. § 586, the United States Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the United States Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting in an appeal under Section 345 that United States Trustee has "public interest standing" under 11 U.S.C. § 307),: *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

3.   The Debtors seek a waiver of the provisions of 11 U.S.C. § 345(b)[1] governing the deposit and investment of estate funds.  The Debtors have extensive funds on deposit or in investments that do not appear to comply with Section 345(b) absent this Court granting a waiver "for cause" under Section 345(b)

4.   By way of background, Section 345 allows debtors to make deposits or investments guaranteed by the United States or by an instrumentality of the United States or backed by the full faith and credit of the United States.   Alternatively, the United States Trustee has entered into uniform depository agreements with numerous financial institutions to ensure that chapter 11 debtors' funds are protected either by FDIC insurance or by collateralization posted by the financial institutions.  These financial institutions provide period reports to the United States Trustee regarding the funds held in such debtor-in-possession bank accounts and the levels of

---

[1] Section 345(b) provides that:

(b) Except with respect to a deposit or investment that is insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States, the trustee shall require from an entity with which such money is deposited or invested--
 (1) a bond--

    (A) in favor of the United States;

    (B) secured by the undertaking of a corporate surety approved by the United States trustee for the district in which the case is pending; and

    (C) conditioned on--

        (i) a proper accounting for all money so deposited or invested and for any return on such money;

        (ii) prompt repayment of such money and return; and

        (iii) faithful performance of duties as a depository; or

 (2) the deposit of securities of the kind specified in section 9303 of title 31;

unless the court for cause orders otherwise.

collateralization of such funds. Such accounts provide a relatively easy mechanism for most debtors to comply with Section 345(b).

5. Further, Local Rule 4001-3 provides that there is "cause" for a waiver under Section 345(b) where estate monies are invested in money market funds that satisfy certain enumerated requirements. The United States Trustee believes that the funds for which Nortel seeks a waiver fail to completely satisfy the local rule.

6. The Nortel cases are somewhat unique insofar as the estates are accumulating extremely large sums of cash over a long period of time, and that process will likely continue as sale escrows close. The result is that the Debtors have extensive funds for investment that do not comply with Section 345(b) absent a waiver from this court, which the Debtors now seek on a "final" basis. The United States Trustee believes that such investments currently exceed approximately $930 million. The funds are currently invested through a Banc of America Securities brokerage account, with investments in: Dreyfus Government Cash Management 289; Dreyfus Government Prime Cash Management 227; Federated Treasury Obligations 68; Fidelity Treasure 695; and JPMorgan U.S. Government Market 3164. One of the deficiencies of such funds is that they permit investments outside of Government securities.

7. Section 345's "for cause" ground for waiver of the statute's investment requirements has been the subject of little published case law. In *In re Service Merchandise Company*, 240 B.R. 894 (Bankr. M.D. Tenn. 1999), the bankruptcy court listed the following ten factors to be considered in a "totality of the circumstances" inquiry:

    1. The sophistication of the debtor's business;

    2. The size of the debtor's business operations;

    3. The amount of investments involved;

    4. The bank ratings (Moody's and Standard and Poor's) of the financial institutions where debtor-in-possession funds are held;

    5. The complexity of the case;

    6. The safeguards in place within the debtor's own business of insuring the safety of the funds;

    7. The debtor's ability to reorganize in the face of a failure of one or more of the financial institutions;

    8. The benefit to the debtor;

    9. The harm, if any, to the estate; and

    10. The reasonableness of the debtor's request for relief from § 345(b) requirements in light of the overall circumstances of the case.

240 B.R. at 896.

    8. While the United States Trustee does not urge the Court to adopt the *Service Merchandise* analysis wholesale, several circumstances presented in these cases weigh against a finding of cause. First and most important, these are now largely liquidation cases, and the Nortel debtors are accumulating extremely large sums that will, at the end of these cases, constitute the primary source for distributions to creditors. A substantial loss in any of these large accounts would constitute a significant setback for the Nortel estates and their creditors. Second, the Debtors have not demonstrated the extent of benefit to be derived from the non-compliant investments, or the costs associated with compliance. Third, to the extent that the Court finds that investments such as these would provide benefit to the estates that are "worth the risk", the United States Trustee respectfully suggests that such investments should comply as closely as possible with the local rule.

Given the amount of monies accumulating in these estates, the Debtors may have more leverage with financial institutions to achieve such a result than the "average" debtor.

    WHEREFORE the United States Trustee requests that this Court issue an order denying the Request and/or granting such other relief as this Court deems appropriate.

Dated: January 27, 2010                    Respectfully submitted,

**ROBERTA A. DeANGELIS**
**ACTING UNITED STATES TRUSTEE**

**By:**   /s/ T. Patrick Tinker
     T. Patrick Tinker
     Trial Attorney
     J. Caleb Boggs Federal Building
     844 King Street, Suite 2207, Lockbox 35
     Wilmington, DE 19801
     (302) 573-6491
     (302) 573-6497 (Fax)