IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
            Debtors. : Jointly Administered
:
:
---------------------------------------------------------X

**FORM OF NOTICE OF DEBTORS' REQUEST FOR AUTHORITY
TO ASSUME AND ASSIGN CERTAIN CUSTOMER CONTRACTS**

**PLEASE TAKE NOTICE THAT:**

      In connection with the Debtors' Motion for an Order (A) Approving the Assumption and Assignment Procedures In Connection With The Sale of Nortel's GSM/GSM-R Business, and (B) Authorizing the Filing of Certain Documents Under Seal [D.I. 2022] (the "Assignment Procedures Motion"), Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby provide notice of their intent to assume and assign, pursuant to sections 363 and 365 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), certain contracts to which the Debtors are a party, including at least one or more such contracts to which the Debtors believe you or your predecessor in interest are a party, which contracts are identified in Schedule A hereto (singularly or collectively, the "Scheduled Contracts"). Nothing contained in this notice is to be construed as an admission by the Debtors as to the character of any document denominated as a contract, as an executory contract, or to the rights of any parties thereto. The assumption and assignment of the Designated Contracts will take place pursuant to two orders of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), the Order (A) Approving the Assumption and Assignment Procedures In Connection With The Sale Of Nortel's GSM/GSM-R Business; (B) Authorizing the Filing Of Certain Documents Under Seal; and (C) Granting Any Other Relief [D.I. 2066] (the "Assignment Procedures Order"), and the Order Authorizing and Approving Sale of Debtors' GSM/GSM-R Business Free and Clear of All Liens, Claims And Encumbrances [D.I. 2065] (the "Sale Order"). Capitalized terms not otherwise defined in this notice shall have the meanings ascribed to such terms in the Assignment Procedures Motion.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

The Auction and Sale Procedures. As described in the Debtors' Motion For Orders (I)(A) Authorizing And Approving The Bidding Procedures, (B) Approving The Notice Procedures, And (C) Setting A Date For The Sale Hearing, And (II) Authorizing And Approving The Sale Of Certain Assets Of Debtors' GSM/GSM-R Business [D.I. 1587] (the "Sale Motion"), NNI and certain of its affiliates (collectively, the "Sellers") have conducted an auction for the sale of substantially all of the GSM/GSM-R assets of the Sellers. Upon the completion of the Auction, the joint bid of Telefonaktiebolaget L M Ericsson (publ) ("Ericsson") and Kapsch CarrierCom AG ("Kapsch") was selected by the Sellers (including the Debtors) as the successful bid. Accordingly, the Debtors and certain of their affiliates, including, without limitation, certain of the Canadian Debtors, have entered into a binding purchase agreement, dated November 24, 2009, with Ericsson, as may be subsequently amended, (the "Sale Agreement"), who has agreed to purchase the North American GSM assets of the Sellers on the terms set forth in the Sale Agreement, and certain of the Debtors' European affiliates and the Joint Administrators have entered into an interdependent purchase agreement, dated November 24, 2009, with Kapsch, and the Sale has been approved by the Bankruptcy Court, the Ontario Superior Court of Justice (the "Canadian Court") and any other applicable court(s) whose approval is required.

About Telefonaktiebolaget L M Ericsson (publ). Ericsson is a Swedish company founded in 1876, with its headquarters in Stockholm, Sweden and its stock listed on OMX NASDAQ, Stockholm and NASDAQ New York. Ericsson is the world's leading provider of technology and services to telecom operators. Ericsson is the leader in 2G, 3G and 4G mobile technologies, provides support for networks with over 1 billion subscribers and has a leading position in managed services. Ericsson's portfolio comprises of mobile and fixed network infrastructure, telecom services, software, broadband and multimedia solutions for operators, enterprises and the media industry. Ericsson is advancing its vision "to be the prime driver in an all-communicating world" through innovation, technology, and sustainable business solutions. In 2008, Ericsson had approximately 75,000 employees working in 175 countries and generated revenue of SEK 209 billion (USD 32.2 billion). Additional information regarding Ericsson is available from the Annual Report of Ericsson for the fiscal year ended December 31, 2008 as filed with the Securities and Exchange Commission on Form 20-F, and on the Ericsson website at http://www.ericsson.com.

Conditions to Effectiveness of Assumption and Assignment. By the Assignment Procedures Motion, the Debtors have sought authority to assume and assign the Designated Contracts, including the Scheduled Contracts. The assumption and assignment of the Designated Contracts (including the Scheduled Contracts) shall be effective upon the closing (the "Closing Date") of the sale to Ericsson, pursuant to the terms and conditions of the Sale Agreement. Only the Scheduled Contracts ultimately identified as of the Closing Date under the Sale Agreement will be assumed and assigned. Any Cure Amount (as defined below) still outstanding at the time of closing shall be paid to the appropriate Counterparty as a condition subsequent to assumption and assignment. Except as set forth in the Sale Agreement, Ericsson has not agreed to pay, shall not be required to assume, and shall have no liability or obligation with respect to, any liability or obligation, direct or indirect, absolute or contingent, of the Debtors, including any liabilities or obligations associated with the Designated Contracts arising on or before closing.

Cure Amounts. In connection with the assumption of an executory contract pursuant to the Bankruptcy Code, any outstanding monetary obligations owed by the Debtors must be cured.

Schedule A to this Notice specifies the amount that the Debtors believe is required by section 365(b)(1) of the Bankruptcy Code and Rule 6006(f) of the Bankruptcy Rules to pay for any actual pecuniary losses that have resulted from any defaults under the Scheduled Contracts (the "Cure Amount").

Objections. Pursuant to the Assignment Procedures Order, objections, if any, to the assumption and assignment of the Scheduled Contracts, including, without limitation, any objection to the adequate assurance of future performance by Ericsson under the applicable Scheduled Contract or the Cure Amount, if any, must be filed with the Bankruptcy Court no later than **ten (10) days following service of this Notice**, and notice of such objection must be: (a) in writing; (b) signed by counsel or attested to by the objecting party; (c) served on counsel to the Debtors: Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Fax: (212) 225-3999 (Attention: James L. Bromley and Lisa M. Schweitzer) and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, DE 19801, Fax: (302) 658-3989 (Attention: Derek C. Abbott); so that such objection is actually received no later than [●], 2010 (the "Objection Deadline"); and (d) served so as to be received contemporaneously by the following: (i) counsel to Ericsson: Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019, Fax: (212) 757-3990 (Attention: Stephen J. Shimshak and Marilyn Sobel), (ii) counsel to the Committee: Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Fax: (212) 872-1002 (Attention: Fred S. Hodara, Stephen Kuhn and Kenneth Davis) and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attention: Christopher M. Samis), and (iii) counsel to the Bondholder Group: Milbank, Tweed, Hadley & McCloy, One Chase Manhattan Plaza, New York, New York 10006, Fax: (212) 822-5735 (Attention: Roland Hlawaty). Any such notice must specify the grounds for such objection. Pursuant to the Assignment Procedures Order, only those objections made in compliance with the foregoing requirements will be considered by the Bankruptcy Court.

*To the extent that any Counterparty does not timely serve an objection as set forth above, such Counterparty will be deemed to have (i) consented to the assumption and assignment of the applicable Designated Contract; (ii) agreed that Ericsson has provided adequate assurance of future performance within the meaning of Bankruptcy Code section 365(b)(1)(C); (iii) consented to such Cure Amount, if any; (iv) agreed that all defaults under the Designated Contract arising or continuing prior to the effective date of the assignment have been cured as a result or precondition of the assignment, such that Ericsson or the Debtors shall have no liability or obligation with respect to any default occurring or continuing prior to the assignment and from and after the effective date of the assignment, the Designated Contract shall remain in full force and effect for the benefit of Ericsson and the Counterparty in accordance with its terms; (v) waived any right to terminate the Designated Contract or designate an early termination date under the applicable Designated Contract as a result of any default that occurred or was continuing prior to the effective date of the assignment; and (vi) agreed that the terms of the Assignment Procedures Order and the Sale Order shall apply to the assumption and assignment.*

Upon filing of an objection by a Counterparty, the Debtors shall be required to respond to such objection within ten (10) days after the receipt of such objection.

3

Reservation of Rights. To the extent that an objection by a Counterparty is not resolved prior to the Closing Date, the Debtors, in consultation with Ericsson, subject in all respects to the Sale Agreement, may elect to (i) not assume and assign such Scheduled Contract or (ii) postpone the assumption and assignment of such Scheduled Contract until the resolution or adjudication of such objection.

Documents. Copies of the Final Assignment Procedures Order (including the Assignment Procedures approved by the Bankruptcy Court) may be examined by interested parties between the hours of 8:00 a.m. and 3:00 p.m. (ET) at the office of the Clerk of the Court, 824 Market Street, Wilmington, Delaware 19801, or by appointment during regular business hours at the offices of the Debtors' attorneys: Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attention: James L. Bromley and Lisa M. Schweitzer. Additionally, copies of the foregoing may be downloaded from the Court's docket at www.deb.uscourts.gov and from the website of the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC, at http://chapter11.epiqsystems.com/nortel.

Dates set forth in this notice are subject to change and further notice of such changes may not be provided except through announcements in open court and/or the filing of notices and/or amended agendas. Parties in interest are encouraged to monitor the electronic court docket and/or the noticing agent website for further updates.

Dated: January 28, 2010
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors and Debtors in Possession*

## SCHEDULE A

| Name and Address of Counterparty | Effective Date of Assignment | Description of Designated Contract | Cure Amount |
|---|---|---|---|
|  |  |  |  |

NOTE: For purposes of filing, this schedule has been intentionally left blank. Pursuant to the Assignment Procedures Order, those parties whom the Debtors believe to be a party in interest to a Scheduled Contract will receive an individualized Schedule A.