**Exhibit A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-10138 (KG) |
| Nortel Networks Inc., et al.,[1] | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Objection Deadline: February 19, 2010 4:00 pm |
| | ) | Hearing Date: |
| | ) | |

### AFFIRMATION

**GILES BOOTHMAN** respectfully states and affirms:

1.      I am a member of the firm of Ashurst LLP ("Ashurst"), which firm maintains

offices for the practice of law at Broadwalk House, 5 Appold Street, London, EC2A 2HA.

Ashurst has acted as acted as European counsel to and has rendered professional services

on behalf of the Official Committee of Unsecured Creditors (the "Committee") of Nortel

Networks Inc., et al. (the "Debtors").

2.      This affirmation is submitted pursuant to Bankruptcy Rule 2016(a) in support of

Ashurst's application for an interim allowance of £39,771.25 of fees and £157.33 for

reimbursement of expenses for services rendered during the period from December 01,

2009 through and including December 31, 2009.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems, Inc. (9769); Nortel Altsystems International, Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

17

3.      I have reviewed the requirements of Rule 2016-2 of the Local Rules of

Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the

District of Delaware and submit that the Application substantially complies with such

rule.

4.      All services for which compensation is requested by Ashurst were professional

services performed for and on behalf of the Committee and not on behalf of any other

person.

5.      I have reviewed the foregoing Application and the facts set forth therein are true

and correct to the best of my knowledge, information and belief.

6.      In accordance with Title 18 U.S.C. § 155, neither I nor any member or associate

of my firm has entered into any agreement, express or implied, with any other party in

interest for the purpose of fixing the amount of any of the fees or other compensation to

be allowed out of or paid from the Debtors' estates.

7.      In accordance with section 504 of chapter 11 of title 11 of the United States
Code (the "Bankruptcy Code"), no agreement or understanding exists between me, my
firm, or any member or associated thereof, on the one hand, and any other person, on the
other hand, for division of such compensation as my firm may receive for services
rendered in connection with these cases, nor will any division of fees prohibited by
section 504 of the Bankruptcy Code be made by me or any partner or associate of my
firm.

GILES BOOTHMAN

Dated: London, United Kingdom
       January 29, 2010