IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
: 
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
                     Debtors. : Jointly Administered
:
: Hearing date: Feb. 3, 2010 at 10:00a.m. (ET)
:
: RE: D.I. 291 and 2276
:
---------------------------------------------------------------x

## LIMITED OBJECTION OF THE DEBTORS' TO THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER APPROVING AN EXPANSION OF SCOPE OF SERVICES AND AMENDMENT TO TERMS OF RETENTION OF JEFFERIES & COMPANY, INC. AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors" and together with other non-U.S. debtor affiliates "Nortel"), hereby file this limited objection (the "Limited Objection") to the Application of the Official Committee of Unsecured Creditors for an Order Approving an Expansion of Scope of Services and Amendment to Terms of Retention of Jefferies & Company, Inc. as Investment Banker to the Official Committee of Unsecured Creditors (the "Jefferies Application"), dated January 14, 2010 [D.I. 2276], and respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

**Preliminary Statement**

The Debtors' investment banker and financial advisors Lazard Frères & Co. LLC ("Lazard") and the Committee of Unsecured Creditors' (the "Committee") investment banker and financial advisors Jefferies & Company, Inc. ("Jefferies") were both retained at the commencement of these chapter 11 proceedings, early in 2009.  At that time, none of the Debtors, Lazard, the Committee or Jefferies anticipated that Nortel would undertake an effort to divest substantially all of its business units.  Now, nearly a year later, the Debtors find themselves at the conclusion of a remarkable period of M&A activity, with four transactions closed, the closing of two others pending and another auction scheduled to take place in just a few weeks.  Lazard has led the M&A process from the beginning, working with the Debtors to market, secure stalking horse bids, auction and successfully sell Nortel's business units.

Against this backdrop of reduced M&A activity, the Debtors find themselves transitioning to a new stage in these proceedings.  As a part of this transition, the Debtors are examining Lazard's ongoing role and fee structure.  While the Debtors do not at this point oppose the Committee's request for relief as set forth in the Jefferies Application, in light of their ongoing discussions with Lazard, the Debtors think it prudent for this Court to hear and consider the Jefferies Application at the same hearing at which their own forthcoming application to amend Lazard's retention agreement will be heard.  Therefore, the Debtors request that the Court grant a short adjournment of the Jefferies Application to the omnibus hearing scheduled for February 26, 2010.  The Debtors intend to file their application to amend Lazard's retention agreement in order for it to be heard on February 26.

The Debtors also request that the Court extend the Debtors' deadline to object to the Jefferies Application to February 19, 2010, in order to allow the Debtors to consider the Committee's request for relief hand-in-hand with the Lazard amendments.

## Background

1. On February 13, 2009, the same day the Committee filed its Application for an Order Approving the Retention of Jefferies & Company, Inc. as Investment Banker Pursuant to 11 U.S.C. §§ 328(a) and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014(a) and Request for Waiver of Certain Requirements Under Del. Bankr. LR 2016-2(d) and 2016-2(h) (the "Original Jefferies Application"), effective as of February 1, 2009 [D.I. 291], the Debtors filed their own Application for an Order Authorizing the Employment and Retention of Lazard Frères & Co. LLC *Nunc Pro Tunc* to the Petition Date as Financial Advisors and Investment Banker for the Debtors and Debtors in Possession (the "Original Lazard Application" and together with the Original Jefferies Application, the "Original Applications") [D.I. 294]. On March 5, 2009 this Court entered an Order Authorizing the Committee of Unsecured Creditors to Retain Jefferies & Company, Inc. as Investment Banker Pursuant to 11 U.S.C. §§ 328(a) and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014(a) and Granting Waiver of Compliance with Del. Bankr. LR 2016-2(d) in Accordance with Del. Bankr. LR 2016-2(h) (the "Original Jefferies Retention Order") [D.I. 425]. A few weeks later, on March 21, 2009, this Court entered an Order Under U.S.C. §§ 327 and 328 Authorizing Retention and Employment of Lazard Frères & Co. LLC *Nunc Pro Tunc* to the Petition Date as Financial Advisors and Investment Banker for the Debtors (the "Original Lazard Retention Order") [D.I. 507].

2. Following the commencement of these chapter 11 proceedings and retention of Lazard and Jefferies, the Debtors continued to operate their businesses as debtors-in-possession. However, on June 19, 2009, Nortel announced that it was advancing in discussions with external

3

parties to sell its businesses and it would assess other restructuring alternatives for its businesses in the event it was unable to maximize value through sales. To date, Nortel has closed (i) the sale of certain portions of its Layer 4-7 data portfolio to Radware Ltd. [D.I. 539]; (ii) the sale of substantially all of its CDMA business and LTE Access assets business to Telefonaktiebolaget LM Ericsson (publ) [D.I. 1205]; (iii) the sale of the assets of its Wireless Networks business associated with the development of Next Generation Packet Core network components to Hitachi Ltd. [D.I. 1760]; and (iv) the sale of substantially all of the assets of the Enterprise Solutions business globally, including the shares of Nortel Government Solutions Incorporated and DiamondWare Ltd. to Avaya Inc. [D.I. 1514].

3. In addition, Nortel has completed auction processes and obtained this Court's approval for the planned sale of substantially all the assets of its Optical Networking and Carrier Ethernet businesses associated with its Metro Ethernet Networks business unit, as well as for the planned sale of substantially all of its GSM/GSM-R business. [D.I. 2070]. Lastly, on January 8, 2010, Nortel obtained court approval of a stalking horse agreement for Nortel's Carrier Voice Over IP and Application Solutions business [D.I. 2259].

4. At the time the Original Retention Applications were negotiated and ultimately submitted to this Court for approval, a mere month into these chapter 11 proceedings, neither the Debtors and Lazard nor the Committee and Jefferies anticipated that Nortel would undertake an effort to divest substantially all of its business units. Nearly a year later, the Debtors find themselves at the conclusion of a remarkable period of M&A activity, with four transactions closed, the closing of two others pending and a single auction scheduled to take place in just a few weeks.

5.      Against this backdrop of reduced M&A activity and the beginning of a new stage in Nortel's insolvency proceedings worldwide, the Debtors have entered a transition period.  As a part of this transition, the Debtors are examining Lazard's ongoing role, and the fee structure under which it will be compensated, as these chapter 11 proceedings move forward.  To that end, the Debtors have entered into discussions with Lazard and are working quickly to amend Lazard's retention agreement.

**A.      The Applications to Amend the Retention Agreements of Lazard and Jefferies Should Be Considered Together**

6.      The Debtors are sympathetic to Jefferies' position, and at this point do not oppose the Committee's request for relief as set forth in the Jefferies Application.  However, in light of their ongoing discussions with Lazard, the Debtors think it prudent for this Court to hear and consider the Jefferies Application together with their own forthcoming application to amend Lazard's retention agreement at the same hearing.  As these proceedings unfolded in 2009, the increased emphasis and time spent on M&A activity resulted in Lazard and Jefferies taking on roles as investment bankers and financial advisors larger than those originally contemplated when the Original Retention Applications were filed.  This was even more so the case for Lazard who, as investment banker and financial advisor to the Debtors, has led the M&A process from the beginning, working with the Debtors to market, secure stalking horse bids, auction and sell six businesses over the course of 2009, with one more scheduled for upcoming auction.  The Debtors recognize Jefferies' role also increased, but given Lazard's leadership of the M&A process, the Debtors believe that Lazard's proposed amended retention should be considered at the same time as the Jefferies Application.  Therefore, the Debtors ask this Court to adjourn the hearing on the Jefferies Application to the omnibus hearing scheduled for February 26, 2010 in order to consider the amended retentions of Lazard and Jefferies together.

7.      The Debtors continue to work with Lazard and intend to file their application to amend Lazard's retention agreement in order for it to be heard at the February 26 omnibus hearing.

**B.      The Deadline for the Debtors to Object to the Jefferies Application Should be Extended to February 19, 2010**

8.      While the Debtors do not at this point oppose the Jefferies Application, the Debtors wish to further consider the Committees' request for relief after finalizing their amended agreement with Lazard.  The Debtors should have the opportunity to assess the Committee's proposed changes to its financial advisor and investment banker's retention, including changes to Jefferies' existing compensation structure, hand-in-hand with its own amendments to the retention of its financial advisor and investment banker.  Therefore, the Debtors request that their deadline to object to the Jefferies Application be extended to February 19, 2010.

9.      Extending the Debtors' objection deadline and adjourning the hearing on the Jefferies Application to February 26, 2010 will allow the Debtors and the Committee the opportunity to fully consider each other's proposals.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request that this Court (i) adjourn the hearing on the Jefferies Application from February 3, 2010 to February 26, 2010, (ii) extend the deadline for the Debtors to object to the Jefferies Application to February 19, 2010 and (iii) grant such other and further relief as the Court deems just and proper.

Dated:  February 2, 2010
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley *(admitted pro hac vice)*
Lisa M. Schweitzer *(admitted pro hac vice)*
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*