## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

----------------------------------------------------------X
                                                          :
*In re*                                                   :    Chapter 11
                                                          :
Nortel Networks Inc., *et al.*,[1]                        :    Case No. 09-10138 (KG)
                                                          :
                            Debtors.                      :    Jointly Administered
                                                          :
                                                          :    **Re:  D.I. _____**
                                                          :
----------------------------------------------------------X

**ORDER APPROVING AN AMENDMENT TO THE TERMS OF COMPENSATION OF
LAZARD FRÈRES & CO. LLC AS FINANCIAL ADVISOR AND INVESTMENT
BANKER FOR THE DEBTORS AND DEBTORS IN POSSESSION**

Upon the Application dated February 9, 2010 (the "Application")[2] of Nortel Networks

Inc. and its affiliated debtors, as debtors and debtors-in-possession in the above-captioned cases

(the "Debtors"), for entry of an order, as more fully described in the Application, pursuant to

sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and

Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

authorizing an amendment to the terms of compensation previously approved with respect to the

retention of Lazard Frères & Co. LLC ("Lazard") as financial advisor and investment banker to

the Debtors; and adequate notice of the Application having been given as set forth in the

Application; and it appearing that no other or further notice is necessary; and the Court having

jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§

---

[1]       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification
number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc.
(9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation
(0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks
Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826),
Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable
Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the
Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.
[2]       Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the
Application.

157 and 1334; and the Court having determined that consideration of the Application is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and

factual bases set forth in the Application establish just cause for the relief requested in the

Application, and that such relief is in the best interests of the Debtors, their estates, their

creditors and the parties in interest; and upon the record in these proceedings; and after due

deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Application is GRANTED.

2.      The Amended Fee Structure is approved and the Fee Cap is hereby removed.

3.      Lazard may not charge, and the Debtors are not authorized to pay, the

Restructuring/Breakup Fee if Lazard charges, and the Debtors pay, with this Court's approval

upon hearing, the Sale Transaction Fee.

4.      Lazard may not charge, and the Debtors are not authorized to pay, the Sale

Transaction Fee if Lazard charges, and the Debtors pay, with this Court's approval upon hearing,

the Restructuring/Breakup Fee.

5.      For the avoidance of doubt, multiple Minority Sale Transaction Fees may be

payable pursuant to Section 3(d)(B) of the Engagement Agreement (regardless of whether the

applicable Minority Sale Transactions involve, in the aggregate, all or a majority of the assets of

the Debtors) and, notwithstanding anything to the contrary in Section 3 of the Engagement

Agreement, the aggregate amount of all Minority Sale Transaction Fees payable may exceed

US$15 million, provided, however, that the maximum amount of Minority Sale Transaction Fees

that may be paid to Lazard in respect of the transactions that have received final Bankruptcy

Court approval prior to February 1, 2010, is US$15 million.

2

6.      Effective as of the date of this Order, the retention and employment of Lazard as financial advisor and investment banker to the Debtors shall continue, without interruption, pursuant to the terms of the Engagement Agreement as modified by this Order.

7.      Lazard shall continue to be compensated in accordance with the terms set forth in the Engagement Agreement as modified by the Amended Fee Structure, and as set forth in paragraph 4 of the Original Retention Order.

8.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

9.      The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: February ____, 2010

_____
HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE