**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------------X
                    :
                    :      Chapter 11

*In re*                    :

Nortel Networks Inc., *et al.*,[1]   :      Case No. 09-10138 (KG)
                    :
           Debtors.    :      Jointly Administered
                    :
                    :      **RE: D.I. _____**
                    :
-----------------------------------------------------------X

## ORDER APPROVING CERTAIN AGREEMENTS AND SETTLEMENTS

Upon the motion dated February 10, 2010 (the "Motion"),[2] of Nortel Networks Inc.

("NNI") and its affiliated debtors, as debtors and debtors in possession in the above-captioned

cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to

sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and rule

9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing NNI

to enter into an Inventory Security Deposit Agreement, Escrow Agreement and Side Agreement

(collectively, the "Agreements") with certain of its affiliates and Jabil Circuit, Inc. ("Jabil") and

granting them such other and further relief as the Court deems just and proper; and adequate

notice of the Motion having been given as set forth in the Motion; and it appearing that no other

or further notice is necessary; and the Court having jurisdiction to consider the Motion and the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined

that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the

Court having determined that the legal and factual bases set forth in the Motion establish just

cause for the relief requested in the Motion, and that such relief is in the best interests of the

Debtors, their estates, their creditors and the parties in interest; and upon the record in these

proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Agreements are approved in their entirety.

3. The Debtors are authorized, but not directed, pursuant to sections 105 and 363 of

the Bankruptcy Code and Bankruptcy Rule 9019, to take any and all action that may be

reasonably necessary or appropriate to perform their obligations arising under the Agreements.

4. The failure to specifically describe or include any particular provision of the

Agreements in this Order shall not diminish or impair the effectiveness of such a provision, it

being the intent of this Court that the Agreements be approved in their entirety.

5. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to

the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its

entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or

realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and

without further delay, take any action and perform any act authorized under this Order.

6.      The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.


Dated: _____, 2010
          Wilmington, Delaware

                                              _____
                                              THE HONORABLE KEVIN GROSS
                                              UNITED STATES BANKRUPTCY JUDGE