## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------X
                                                       :
                                                       :     Chapter 11
                                                       :
In re                                                  :
                                                       :     Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,¹                         :
                                                       :     Jointly Administered
                                Debtors.               :
                                                       :
                                                       :
                                                       :
-------------------------------------------------------X
```

### DEBTORS' MOTION FOR AN ORDER SHORTENING NOTICE
### RELATING TO DEBTORS' MOTION FOR ENTRY OF AN ORDER
### (A) APPROVING THE NORTEL SPECIAL INCENTIVE PLAN; (B) AUTHORIZING
### CERTAIN PAYMENTS UNDER THE KEY EMPLOYEE RETENTION PLAN AND
### KEY EXECUTIVE INCENTIVE PLAN; AND (C) APPROVING CERTAIN
### EMPLOYMENT AGREEMENTS

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors

in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry

of an order substantially in the form attached hereto as Exhibit A, pursuant to section 102(1) of

title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules") (a) shortening notice to allow the *Debtors' Motion for Entry of an*

*Order (A) Approving the Nortel Special Incentive Plan; (B) Authorizing Certain Payments*

*Under the Key Employee Retention Plan and Key Executive Incentive Plan; and (C) Approving*

---

¹       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable

*Certain Employment Agreements* (the "Underlying Motion"),[2] filed contemporaneously herewith, to be considered on an expedited basis; (b) setting February 24, 2010 at 4:00 p.m. (Eastern Time) as the deadline to file objections to the Underlying Motion (the "Objection Deadline"); and (c) scheduling the hearing on the Underlying Motion for the omnibus hearing currently scheduled for March 3, 2010 at 2:00 p.m. (Eastern Time) (the "Hearing").  In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory basis for the relief requested herein is section 102(1) of the Bankruptcy Code, as supplemented by Bankruptcy Rules 9006 and Local Rule 9006-1(e).

## Background

**A.      Procedural History**

3.      On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]      Capitalized terms used but not defined in this Motion have the meanings ascribed to them in the Underlying Motion.

5.      On January 15, 2009, this Court entered an order of joint administration pursuant to Bankruptcy Rule 1015(b) that provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

6.      Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent NNL (NNL, and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings").  The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.

7.      On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA.  On February 27, 2009, based on a petition filed by Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors, this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

8.      On January 14, 2009, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration

---

[3]      The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4]      The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

under the control of individuals from Ernst & Young LLC (collectively, the "Joint
Administrators").  On May 28, 2009, at the request of the Joint Administrators, the Commercial
Court of Versailles, France (the "French Court") (Docket No. 2009P00492) ordered the
commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"), which
consist of liquidation proceedings during which NNSA was originally authorized to continue to
operate as a going concern for an initial period of three months, which period was subsequently
extended to November 28, 2009.  In accordance with the European Union's Council Regulation
(EC) No 1346/2000 on Insolvency Proceedings, the English law proceedings (the "English
Proceedings") remain the main proceedings in respect of NNSA although a French administrator
and a French liquidator have been appointed and are in charge of the day-to-day affairs and
continuing business of NNSA in France.  On October 1, 2009, pursuant to a motion filed by the
Joint Administrators, the French Court approved an order to:  (i) suspend the liquidation
operations relating to the sale of the assets and/or businesses of NNSA for a renewable period of
two months; (ii) authorize the continuation of the business of NNSA so long as the liquidation
operations are suspended; and (iii) maintain the powers of the French Administrator and
Liquidator during the suspension period, except with respect to the sale of assets and/or
businesses of NNSA.  On November 30, 2009, the French Court extended the suspension of
liquidation for a further period of three months.  On June 26, 2009, this Court entered an order
recognizing the English Proceedings of Nortel Networks UK Limited ("NNUK") as foreign main
proceedings under chapter 15 of the Bankruptcy Code.[5]

---

[5]     Additionally, on January 18, 2009, certain Nortel affiliates, including Nortel Networks Israel (Sales and
Marketing) Limited, filed an application with the Tel-Aviv-Jaffa District Court, pursuant to the Israeli Companies
Law, 1999, and the regulations relating thereto for a stay of proceedings.  On January 19, 2009, the Israeli Court
appointed Yaron Har-Zvi and Avi D. Pelossof as joint administrators of the Israeli Company under the Israeli
Companies Law (the "Joint Israeli Administrators").

9.    On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142]. An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

10.    On July 14, 2009 (the "CALA Petition Date"), NN CALA (which is not a party to the Canadian Funding Agreement), an affiliate of NNI, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On July 17, 2009, this Court entered orders approving the joint administration and consolidation of NN CALA's chapter 11 case with the other Debtors' chapter 11 cases for procedural proposes [D.I. 1098], and applying to NN CALA certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1099].

**B.    Debtors' Corporate Structure and Business**

11.    Nortel is a technology company that designs, develops and deploys communication products, systems and solutions to its customers around the globe. Its principal assets include its employees, the intellectual property derived and maintained from its research and development activities, its customers and other significant contracts and agreements.

12.    Additional information regarding the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3] (the "First Day Declaration").[6]

---

[6]    Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

C.    **Case Milestones**

13.    On June 19, 2009, Nortel announced that it was advancing in discussions with external parties to sell its businesses and it would assess other restructuring alternatives for its businesses in the event it is unable to maximize value through sales.  To date, Nortel has closed (i) the sale of certain portions of its Layer 4-7 data portfolio to Radware Ltd. [D.I. 539]; (ii) the sale of substantially all of its CDMA business and LTE Access assets business to Telefonaktiebolaget LM Ericsson (publ) [D.I. 1205]; (iii) the sale of the assets of its Wireless Networks business associated with the development of Next Generation Packet Core network components to Hitachi Ltd. [D.I. 1760]; and (iv) the sale of substantially all of the assets of the Enterprise Solutions business globally, including the shares of Nortel Government Solutions Incorporated and DiamondWare Ltd. to Avaya Inc. [D.I. 1514].  In addition, Nortel has completed auction processes and obtained Court approval for the planned sale of substantially all the assets of its Optical Networking and Carrier Ethernet businesses associated with its Metro Ethernet Networks business unit [D.I. 2070]; as well as for the planned sale of substantially all of its GSM/GSM-R business [D.I. 2065].

14.    On August 4, 2009, this Court entered an order fixing September 30, 2009 at 4:00 PM (Eastern Time) as the general bar date for filing proofs of claim or interests [D.I. 1280].  On December 3, 2009 this Court entered an order fixing January 25, 2010 at 4:00 PM (Eastern Time) as the bar date for filing proofs of claim or interests against NN CALA [D.I. 2059].

<u>**Relief Requested**</u>

15.    By this Motion, the Debtors seek an order (i) shortening the notice period for the Underlying Motion by one day; (ii) setting February 24, 2010 at 4:00 p.m. (Eastern Time)

as the Objection Deadline to the Underlying Motion; and (iii) scheduling the hearing on the Underlying Motion for March 3, 2010, at 2:00 p.m. (Eastern Time).

### Basis for Relief

16.     Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice."  Del. Bankr. L.R. 9006-1(e).  Shortening notice is justified here.

17.     The Debtors respectfully submit that shortened notice is appropriate in this instance because this excusable delay in filing was the result of inclement weather conditions, causing office closings and power outages throughout Delaware.  The Debtors are filing this motion to shorten notice by only one day.

18.     For these reasons, the Debtors respectfully submit that allowing the Underlying Motion to be considered on one day shortened notice is reasonable and appropriate under the circumstances.

### Notice

19.     Notice of the Motion has been given via hand delivery or first class mail to the (i) U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; (iv) the Joint Administrators, and (v) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

### No Prior Request

20.     No prior request for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:  February 11, 2010
      Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (*admitted pro hac vice*)
Lisa M. Schweitzer (*admitted pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


   */s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
Alissa T. Gazze (No. 5338)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*