**IN THE UNITED STATES BANKRUPTCY COUT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------X
                                                                          :
*In re*                                                                   :        Chapter 11
                                                                          :
Nortel Networks Inc., *et al.,*[1]                                        :        Case No. 09-10138 (KG)
                                                                          :
                        Debtors.                                          :        Jointly Administered
                                                                          :
---------------------------------------------------------X    **Objections Due: March 8, 2010 at 4:00 p.m. (ET)**

**TWELFTH INTERIM APPLICATION OF HURON CONSULTING GROUP
AS ACCOUNTING AND RESTRUCTURING CONSULTANT TO DEBTORS AND
DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND
FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES
INCURRED FOR THE PERIOD JANUARY 1, 2010 THROUGH JANUARY 31, 2010**

| | |
|---|---|
| Name of Application: | HURON CONSULTING GROUP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | March 19, 2009 <u>nunc</u> <u>pro</u> <u>tunc</u> to February 2, 2009 |
| Period for which Compensation and Reimbursement is sought: | January 1, 2010 through January 31, 2010 |
| Amount of compensation sought as actual, reasonable and necessary: | $200,308.05 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $19,476.10 |

---

1   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (NNCI) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

- 1 -

This is an  _x_  interim            ___ final application

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| March 23, 2009 | February 2, 2009 through February 28, 2009 | $293,042.49/$33,988.96 | $293,042.49/$33,988.96 |
| April, 24, 2009 | March 1, 2009 through March 31, 2009 | $449,220.43/$52,443.76 | $449,220.43/$52,443.76 |
| May 22, 2009 | April 1, 2009 through April 30, 2009 | $452,138.01/48,998.03 | $452,138.01/48,998.03 |
| June 16, 2009 | May 1, 2009 through May 31, 2009 | $355,641.99/38,751.09 | $355,641.99/38,751.09 |
| July 22, 2009 | June 1, 2009 through June 30, 2009 | $112,613.17/$20,836.02 | $112,613.17/$20,836.02 |
| August 19, 2009 | July 1, 2009 through July 31, 2009 | $124,599.82/$16,025.43 | $124,599.82 /$16,025.43 |
| September 22, 2009 | August 1, 2009 through August 31, 2009 | $180,254.49/$31,996.44 | $180,254.49/$31,996.44 |
| October 20, 2009 | September 1, 2009 through September 31, 2009 | $248,730.31/$19,407.71 | $248,730.31/$19,407.71 |
| November 18, 2009 | October 1, 2009 through October 31, 2009 | $267,689.03/$27,939.56 | $267,689.03/$27,939.56 |
| December 21, 2009 | November 1, 2009 through November 30, 2009 | $146,617.20/$11,360.40 | $117,293.76/$11,360.40 |
| January 22, 2010 | December 1, 2009 through December 31, 2009 | $191,579.40/$12,548.97 | $153,263.52/$12,548.97 |

- 3 -

## COMPENSATION BY PROFESSIONAL

Nortel Networks Inc. *et al.*
(Case No. 09-10138 (KG))

January 1, 2010 through January 31, 2010

| Professional | Title | Hours | | Rate | | Total |
|---|---|---|---|---|---|---|
| James Lukenda | Managing Director | 43.20 | hrs | $ 710 / hr | $ | 30,672.00 |
| Lee Sweigart | Director | 13.50 | hrs | $ 540 / hr | $ | 7,290.00 |
| Matthew J. Fisher | Director | 64.50 | hrs | $ 540 / hr | $ | 34,830.00 |
| Brian Heinimann | Manager | 89.50 | hrs | $ 415 / hr | $ | 37,142.50 |
| Coley P. Brown | Manager | 116.50 | hrs | $ 415 / hr | $ | 48,347.50 |
| Michael Scannella | Associate | 104.50 | hrs | $ 335 / hr | $ | 35,007.50 |
| Joseph McKenna | Associate | 120.00 | hrs | $ 335 / hr | $ | 40,200.00 |
| Total Fees | | 551.70 | | | $ | 233,489.50 |

Travel Time Discount (50%)                                                           ($10,925.00)
Agreed Accommodation on Monthly Invoice (10%)                                        ($22,256.45)

**Net Fees:**                                                                        **$200,308.05**

Blended Hourly Rate:        $            363.07

## COMPENSATION BY PROJECT CATEGORY

Nortel Networks Inc. *et al.*
(Case No. 09-10138 (KG))

January 1, 2010 through January 31, 2010

| Task Code | Description | Hours | Fees |
|---|---|---|---|
| 1 | Meeting / teleconference with Debtor Management, Board, or Counsel | 41.10 | $20,603.50 |
| 4 | Court Hearings / Preparation | 23.40 | $8,693.50 |
| 5 | Case Reporting: UST Reports, Statements & Schedules | 10.30 | $5,248.00 |
| 6 | Retention and Fee Applications | 24.60 | $9,433.50 |
| 7 | Disclosure Statement / Plan of Reorganization | 61.40 | $31,107.50 |
| 11 | Asset Sale & Disposition Support | 105.00 | $47,733.00 |
| 11.1 | Asset Sale & Disposition Support (Equinox) | 0.50 | $207.50 |
| 15 | Avoidance Actions / Reclamation Analysis | 27.30 | $11,436.50 |
| 16 | Unsecured Claim Analysis | 199.70 | $75,738.00 |
| 17 | Intercompany Claims | 1.50 | $1,065.00 |
| 25 | Case Administration | 0.90 | $373.50 |
| 26 | Travel Time | 56.00 | $21,850.00 |

Totals   551.70   $233,489.50

Travel Time Discount (50%)   ($10,925.00)
Agreed Accommodation on Monthly Invoice (10%)   ($22,256.45)

**Total Net Fees Due**   **$200,308.05**

- 4 -

## EXPENSE SUMMARY

Nortel Networks Inc. *et al.*
(Case No. 09-10138 (KG))

January 1, 2010 through January 31, 2010

| Cost Type | Amount |
|---|---:|
| Airfare | $7,776.32 |
| Ground Transportation | $1,748.03 |
| Hotel/Lodging | $6,241.02 |
| Meals | $1,935.53 |
| Mileage | $11.00 |
| Parking & Tolls | $196.00 |
| Rental Car | $820.65 |
| Telecom | $27.93 |
| GST (5%) | $719.62 |
| **Total Expenses** | **$19,476.10** |

**IN THE UNITED STATES BANKRUPTCY COUT**
**FOR THE DISTRICT OF DELAWARE**

----------------------------------------------------------X
                                                          :
*In re*                                                   :     Chapter 11
                                                          :
Nortel Networks Inc., *et al.*[1],                        :     Case No. 09-10138 (KG)
                                                          :
                    Debtors.                              :     Jointly Administered
                                                          :
----------------------------------------------------------X     Objections Due: March 8, 2010 at 4:00 p.m. (ET)

**TWELFTH INTERIM APPLICATION OF HURON CONSULTING GROUP
AS ACCOUNTING AND RESTRUCTURING CONSULTANT TO DEBTORS AND
DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND
FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES
INCURRED FOR THE PERIOD JANUARY 1, 2010 THROUGH JANUARY 31, 2010**

Huron Consulting Services LLC ("Huron Consulting Group" or "Huron"), Accounting and Restructuring Consultant for Nortel Networks Inc. and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), submits this application (the "Application") for interim allowance of compensation for professional services rendered by Huron to the Debtors for the period January 1, 2010 through January 31, 2010 (the "Compensation Period") and reimbursement of actual and necessary expenses incurred by Huron during the Application Period under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the United

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (NNCI) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

- 1 -

States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines") and the Order Under 11 U.S.C. § 105 (a) and 331, Fed. R. Bankr. P. 2016 and Del. Banker. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members (D.I. 222) (the "Interim Compensation Procedures Order")[2]. In support of this Application, Huron represents as follows:

## JURISDICTION

1.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.  On January 14, 2009 (the "Petition Date"), the Debtors, with the exception of Nortel Networks (NNCI) Inc. ("NNCI"), each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On July 14, 2009 (the "NNCI Petition Date"), NNCI filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' jointly administered bankruptcy cases.

3.  On January 26, 2009, the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors ("UCC").

---

[2] Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

**HURON'S RETENTION**

4. On January 29, 2009 the Debtors engaged Huron as Accounting and Restructuring Consultant in connection with these bankruptcy cases. On March 19, 2009, this Court entered the Order Pursuant to 11 U.S.C. Sections 327 (a) and 1107 (b), Fed. R. Bankr. P. 2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1 Authorizing Retention and Employment of Huron Consulting Services LLC *Nunc Pro Tunc to February 2, 2009* as Accounting and Restructuring Consultant to the Debtors and Debtors in Possession (D.I. 496).

**FEE PROCEDURES ORDER**

5. On February 4, 2009, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

6. In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each month following the month for which compensation is sought. Provided that no objections to such Monthly Fee Application are filed within the Objection Deadline, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application. If an objection to a portion of the Monthly Fee Application is filed and not resolved, the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses that are not subject to the objection.

**RELIEF REQUESTED**

7. Huron submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered as Accounting and Restructuring Consultant for the Debtors in these cases for the period from

January 1, 2010 through January 31, 2010, and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Debtors during that same period.

8. During the period covered by this Application, Huron incurred fees in the amount of $233,489.50 before reductions for an agreed upon 10% accommodation and reduction in accordance with Local Rules regarding travel time. Net fees for the Compensation Period after the aforementioned reductions are $200,308.05. As provided for in Huron's engagement letter, fees for the period reflect adjustments to the billing rates of Huron professionals resulting from annual adjustments and personnel promotions effective for calendar year 2010. For the same period, Huron incurred actual, reasonable and necessary expenses totaling $19,476.10. With respect to these amounts, as of the date of this Application, Huron has received no payments.

9. Set forth on the foregoing "Compensation by Project Category" is a summary by subject matter categories of the time expended by timekeepers billing time to these cases.

10. During the Application Period, Huron professionals billed their time devoted to matters on behalf of the Debtors' estates to 11 distinct service categories. Below is a summary of the activities performed by Huron professionals during the Compensation Period, organized by task code:

**Task Code 1 – Meeting/Teleconference with Debtor Management, Board, or Counsel**

Huron met with numerous of the Debtors' management, counsel, and advisors in the performance of its duties and responsibilities; these meetings were essential for determining the nature, scope, priority and resources required to complete the various tasks that Huron was requested to perform on behalf of the Debtors. In these meetings, the Huron team shared information with Company management and advisors to prioritize tasks to most effectively meet the Debtors needs and provided advice / recommendations, as requested.

Huron devoted 41.10 hours, which resulted in fees of $20,603.50[3], for a blended rate of $501 with regards to these services during the Compensation Period.

**Task Code 4 – Court Hearings / Preparation**

At the request of the Debtors, Huron assisted outside counsel organizing a claim objection process in preparation for upcoming omnibus hearings. Huron devoted time during the Compensation Period preparing claims for potential objection and conducting a final review of the claim images, supporting documentation and objection exhibits to ensure each claim objection satisfied the proper cause(s) of action. A significant portion of the work performed to create the objection exhibits may be solely reflected in Task Code 16 as part of the Unsecured Claims Analysis.

Huron devoted 23.40 hours, which resulted in fees of $8,693.50, for a blended rate of $372 with regards to these services during the Compensation Period.

**Task Code 5 – Case Reporting:  UST Reports, Statements & Schedules**

Huron has as one of its primary roles in these cases the responsibility for assisting the Debtors in completing the various filing requirements under the Bankruptcy Code and related rules. These filings include: the SoFAs and Schedules, the new Form 26 required by Rule 2015.3, and the OUST's MOR requirements. Huron worked closely with the Debtors' Canadian Monitor, Epiq Bankruptcy Solutions, LLC ("Epiq"), and Cleary Gottlieb Steen & Hamilton LLP ("Cleary") to complete and file incremental reporting requirements on a timely basis. Huron has also continued to create various reconciliations and analyses in order to assist the Debtors with other noticing and creditor inquiries.

Huron devoted 10.30 hours, which resulted in fees of $5,248.00, for a blended rate of $510 with regards to these services during the Compensation period.

---

[3] Amounts are reflected before the agreed upon reductions discussed above.

**Task Code 6 – Retention and Fee Applications**

As the Debtors' restructuring consultant, Huron is required to adhere to the requirements of the Bankruptcy Code and related rules, and the OUST guidelines with respect to retention of professionals in bankruptcy cases. Additionally, Huron is required to submit requests for fee allowances and expense reimbursement in the manner prescribed by this court in the Interim Compensation Order. These requirements include maintaining disclosures as well as preparing monthly and quarterly interim fee applications for payment of fees and reimbursement of expenses.

Huron devoted 24.60 hours, which resulted in fees of $9,433.50, for a blended rate of $383 with regards to these requirements during the Compensation Period.

**Task Code 7 – Disclosure Statement / Plan of Reorganization**

At the request of the Debtors, Huron initiated the creation of a U.S. entity liquidation analysis outlining potential creditor recoveries under various scenarios to be disclosed in a Disclosure Statement and Plan of Reorganization. This work stream includes the review of balance sheets for all U.S. entities and meeting with the Debtors' management to investigate certain asset and liability categories. Huron is in the process of reconciling additional information including executory contracts to determine the remaining assets after the close of certain transactions. Huron has initiated the creation and revision of a preliminary liquidation analysis model as requested by the Debtors.

Huron devoted 61.40 hours, which resulted in fees of $31,107.50, for a blended rate of $507 with regards to these requirements during the Compensation Period.

**Task Code 11 – Asset Sale & Disposition Support (Includes 11.1)**

At the request of the Debtors, Huron devoted time during the Compensation Period assisting with the Enterprise Solutions business contract assignment process. Huron worked with the Debtors, Cleary and Epiq to execute a project workplan complete with communication

- 6 -

requirements, required resources and transition period. Huron also continued creating a database of Enterprise Solutions contracts, accumulating lists of parties and counterparties requiring notice, and drafting notification documents containing information on the transaction. Huron worked closely with Epiq to ensure notification of the appropriate parties and counterparties affected by the Enterprise Solutions transaction.

Huron devoted 105.50 hours, which resulted in fees of $47,940.50, for a blended rate of $454 with regards to this effort.

**Task Code 15 – Avoidance Actions / Reclamation Analysis**

Huron devoted time during the Compensation Period creating an initial preference analysis for all vendors receiving payments within the 90 days preceding the Petition Date. At the request of the Debtors, Huron analyzed the payment detail and created a vendor stratification analysis for purposes of isolating the top vendors receiving the most payments in aggregate. Huron also reviewed the Debtors' historical financial statements in order to identify potential transactions that might indicate fraudulent conveyance.

Huron devoted 27.30 hours, which resulted in fees of $11,436.50, for a blended rate of $419 with regards to these requirements during the Compensation Period.

**Task Code 16 – Unsecured Claim Analysis**

During the Compensation Period, Huron continued working with the Debtors' Claims Management Team ("CMT") and Cleary in order to assign tasks and eliminate duplication of efforts throughout the claims reconciliation process. Huron updated the analysis of the claims population with withdrawn, transferred and newly filed claims up through the January 25, 2010 NNCI Claims Bar Date. At the request of Cleary, Huron updated the claims management methodology in order to group claims by creditor, identify claims for potential objection, and match schedules to claims. Huron reconciled the schedule and claims populations to identify the deemed filed schedules as well as claims supported by the Debtors' books and records.

Huron also utilized the schedule to claim matching analyses in order to provide updated claim estimates for reporting purposes. Huron continued reconciling the claims population to determine which claims could be objected to under various causes of action including, but not limited to, amended and superseded, duplicative, no supporting documentation, unliquidated, invalid employee 5039(b)(9), equity, etc. Huron also worked with Cleary and Epiq to create claim objection exhibits compliant with Local Rule 3007-1 of the United States Bankruptcy Court for the District of Delaware. A significant portion of the work performed to create the objection exhibits may be solely reflected in Task Code 4 as part of the Court Hearings / Preparation.

Huron devoted 199.70 hours, which resulted in fees of $75,738.00, for a blended rate of $379 with regards to these requirements during the Compensation Period.

**Task Code 17 – Intercompany Claims**

Huron devoted a minimal amount of time during the Compensation Period to matters involving the intercompany prepetition balances. This effort was related to monitoring the updates on the reconciliation process for their impact on the legal entity liquidation analysis being undertaken by Huron.

Huron devoted 1.50 hours, which resulted in fees of $1,065.00, for a blended rate of $710 with regards to these requirements during the Compensation Period.

**Task Code 25 – Case Administration**

In managing a large and complex case, a certain amount of administrative time is necessary to assure overall effectiveness and efficiency. Huron devoted time for general administrative matters related to the Debtors' bankruptcy cases. Given the size, nature, and number of professionals involved in these cases, Huron professionals devoted time to project documentation, work planning, file management and staffing as requested by the Debtors to

ensure efficiency, to avoid redundancy, and to keep the Debtors fully abreast of the progress on Huron's work streams.

Huron devoted 0.90 hours, which resulted in fees of $373.50, for a blended rate of $415 with regards to these services during the Compensation Period.

**Task Code 26 – Travel Time**

The travel time policy followed by Huron on this engagement provides that the professional traveling to and from their home location to the Debtors' site incurs up to the first hour in transit as ordinary commute time that is not eligible for compensation. Devoted time for non-working travel beyond the initial hour to and from the client site is billable to the client. Whenever possible, Huron encourages its professionals to use travel time productively by reading documents, etc. However, with the increased use of smaller aircraft servicing cities, it is increasingly difficult to work on confidential material while in transit. In compliance with the Local Rules Huron has reduced its request for compensation for non-working travel by 50% of the amount incurred.

Huron devoted 56.00 hours, which resulted in fees of $21,850.00 in regards to matter related travel and this application reflects a reduction of $10,925.00 as required by the Local Rules.

11. Exhibit A attached hereto contains logs, sorted by case project category, which details the time recorded by Huron's professionals and descriptions of the services provided.

12. Exhibit B attached hereto contains a breakdown of disbursements incurred by Huron during the Compensation period for which Huron seeks reimbursement in this application.

13. Exhibit C attached hereto contains the invoice(s) for services rendered for the Compensation Period.

14. At the time of its engagement, Huron agreed to provide the Debtors with a 10% accommodation in the form of a permanent reduction in the amount of Huron's monthly fee statements. The accompanying invoice(s) and this Application reflect the 10% accommodation adjustment.

15. Huron has endeavored to represent the Debtors in the most expeditious and economical manner possible. Huron ensured that all tasks were assigned so that work was performed by those professionals at Huron most familiar with the particular matter or task and by the lowest hourly rate professional appropriate for a particular matter. Moreover, Huron has coordinated with Cleary, Epiq, and the other professionals involved in these cases so as to minimize any duplication of effort and to minimize fees and expenses to the Debtors. We believe we have been successful in this regard.

16. No agreement or understanding exists between Huron and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

17. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**WHEREFORE**, Huron respectfully requests that this Court: (a) allow Huron (i) interim compensation in the amount of $200,308.05 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period January 1, 2010 through January 30, 2010, and (ii) interim reimbursement in the amount of $19,476.10 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the Debtors to pay to Huron the amount of $160,246.44 which is equal to the sum of 80% of Huron' allowed interim compensation and 100% of Huron' allowed expense reimbursement in the amount of $19,476.10 for a total amount of $179,722.54; and (c) grant such other and further relief as is just.

Dated:  February 16, 2010             HURON CONSULTING GROUP
New York, New York

*[signature: James M. Lukenda]*

_____
James M. Lukenda, CIRA
Huron Consulting Group
1120 Avenue of the Americas, 8th Floor
New York, NY 10036-6700

Telephone: 646-277-2207
Facsimile:  508-445-0256

*Accounting and Restructuring Consultant for the Debtors and Debtors in Possession*