IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
: 
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,<sup>1</sup> :
: Jointly Administered
                      Debtors. :
: **RE: D.I. 1685**
: 
---------------------------------------------------------X

### NOTICE OF WITHDRAWAL OF DEBTORS' ASSUMPTION AND ASSIGNMENT NOTICES WITH RESPECT TO CERTAIN CONTRACTS

**PLEASE TAKE NOTICE THAT:**

      In connection with the Debtors' Motion for Orders (I)(A) Authorizing Debtors' Entry into the Stalking Horse Asset Sale Agreement, (B) Authorizing and Approving the Bidding Procedures and Bid Protections, (C) Approving the Notice Procedures and the Assumption and Assignment Procedures, (D) Authorizing the Filing of Certain Documents under Seal and (E) Setting a Date for the Sale Hearing, and (II) Authorizing and Approving (A) the Sale of Certain Assets of Debtors' Metro Ethernet Networks Business Free and Clear of All Liens, Claims and Encumbrances and (B) the Assumption and Assignment of Certain Executory Contracts [D.I. 1627] (the "Sale Motion"), Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), sought authority to assume and assign certain executory contracts (the "Assumed and Assigned Contracts") to Ciena Corporation as purchaser (the "Purchaser") of certain assets of the Metro Ethernet Network business (the "Assets") subject to and effective upon the closing of the sale (the "Closing").

      On October 16, 2009, the Court entered an order that, among other things, approved the procedures (the "Assumption and Assignment Procedures") by which the Assumed and Assigned Contracts would be assumed and assigned [D.I. 1685] (the "Bidding Procedures Order"). The Assumption and Assignment Procedures authorized the Debtors to effect the assumption and assignment of contracts by serving individualized notices (the "Assumption and Assignment Notices") on each counterparty to an Assumed and Assigned Contract.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

On December 3, 2009, the Court entered an order approving the sale of the Assets to the Purchaser [D.I. 2070] (the "Sale Order").  As part of the Sale Order, the Court authorized the Debtors to assume and assign the Assumed and Assigned Contracts to the Purchaser, subject to and effective as of the Closing.

The Debtors hereby provide notice that the contracts identified in Schedule A and Schedule B hereto (singularly or collectively, the "Scheduled Agreements")[2], will not be assumed and assigned under section 365 of title 11 of the United States Code in connection with the sale of the Assets to the Purchaser, and any Assumption and Assignment Notices you may have received with respect to the Scheduled Agreements are hereby withdrawn by the Debtors without prejudice.

Schedule A lists Scheduled Agreements other than Customer Contracts (as defined in the Sale Motion), and Schedule B lists Scheduled Agreements that are Customer Contracts.  As authorized by the Bidding Procedures Order, the Debtors are filing Schedule B with the Court under seal due to its confidential nature, and this notice is being served individually on each counterparty to the Scheduled Agreements.

The Debtors reserve all of their rights with respect to the Scheduled Agreements, including without limitation the right to assume, assume and assign or reject the Scheduled Agreements at a later date.

[*Remainder of Page Intentionally Left Blank*]

---

[2] Nothing contained in this notice is to be construed as an admission by the Debtors as to the character of any document denominated as an agreement, as an executory contract or unexpired lease, or to the rights of any parties thereto.

| | |
|---|---|
| Dated: February 16, 2010<br>Wilmington, Delaware | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>James L. Bromley (*admitted pro hac vice*)<br>Lisa M. Schweitzer (*admitted pro hac vice*)<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>- and -<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Ann C. Cordo*<br>Derek C. Abbott (No. 3376)<br>Eric D. Schwartz (No. 3134)<br>Ann C. Cordo (No. 4817)<br>Andrew R. Remming (No. 5120)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Counsel for the Debtors*<br>*and Debtors in Possession* |