## THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------X
                                                 :    Chapter 11
                                                 :
In re                                            :    Case No. 09-10138 (KG)
                                                 :
NORTEL NETWORKS INC., et al.,                    :    Jointly Administered
                                                 :
              Debtors                            :
                                                 :    Hearing Date: February 26, 2010 at 10:00 a.m.
                                                 :    Response Due: February 12, 2010 at 4:00 p.m.
-------------------------------------------------X
```

**ANSWER OF CLAIMANT MARTIN APPELL TO DEBTORS' FOURTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502 FED. R. BANKR. 3007 AND DEL. L.R. 3007-I (AMENDED; DUPLICATE; INSUFFICIENT DOCUMENTATION)**

1. The Debtor petitions to expunge my claim, labeled Amended Claim 2762 in Exhibit A and to let Superseding Claim 5930 in Exhibit A survive.

2. The Proof of Claim filed as Court Claim number 5930 indicates it is not a new claim. Rather, this Proof of Claim is merely an amendment to Court Claim Number 2762, filed timely on September 8, 2009. If allowed to stand on its own with Court Claim Number 2762 expunged, this solitary Proof of Claim will indicate a file date beyond the Bar Date of September 30, 2009.

3. In paragraph 21 of their objection, Debtors state that there is some danger of a double claim if my first claim, Number 2762, is not expunged. I am not attempting to seek double recovery for the same liability. I seek to have the court allow a single claim, modified per the Proof of Claim, classified as Claim 5930, and treated as timely, since it is an amendment of the timely filed claim Number 2762.

4. It is not clear to me that the Debtors' Order Granting Debtors' Fourth Omnibus Objection is consistent with my goals as stated in paragraph 3 above. To the extent it is not, I ask the Court to deny the Objection.

WHEREFORE, Claimant Martin Appell, a former employee of Debtors, asks that this Court grant the Debtors' objection only to the extent it is consistent with maintaining my claim as timely and complete.

Dated February 8, 2010
      Dallas, Texas

Martin Appell, Claimant
12002 Browning Lane
Dallas, TX 75230
Telephone (214) 405-3472
FAX (972) 392-9966

On this same date, I mailed copies of this Answer to the following parties:

James L. Bromley and Lisa M. Schweitzer
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006

Derek C. Abbot
Morris Nichols, Arsht & Tunnel LLP
1202 North Market Street, P.O. Box 1347
Wilmington, Delaware 19899-1347

_____    Feb 8, 2010
Martin Appell, Claimant                    Date