### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NORTEL NETWORKS INC., *et. al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>(Jointly Administered)<br><br>**Hearing Date:** March 3, 2010 at 2:00 p.m.<br>**Objection Date:** February 17, 2010 at 4:00 p.m.<br>**Docket Entry No.** 2193 and 2259 |

**RESERVATION OF RIGHTS BY ORACLE AMERICA, INC. REGARDING THE DEBTORS' MOTION FOR ORDERS (I)(A) AUTHORIZING DEBTORS' ENTRY INTO STALKING HORSE AGREEMENT, (B) AUTHORIZING AND APPROVING THE BIDDING PROCEDURES AND BID PROTECTIONS, (C) APPROVING PAYMENT OF AN INCENTIVE FEE, (D) APPROVING THE NOTICE PROCEDURES AND THE ASSUMPTION AND ASSIGNMENT PROCEDURES, (E) AUTHORIZING THE FILING OF CERTAIN DOCUMENTS UNDER SEAL AND (F) SETTING A DATE FOR THE SALE HEARING, AND (II) AUTHORIZING AND APPROVING (A) THE SALE OF CERTAIN ASSETS OF DEBTORS' CARRIER VOICE OVER IP AND APPLICATION SOLUTIONS BUSINESS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES AND (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS ("RESERVATION OF RIGHTS")**

Oracle America, Inc., successor-in-interest to Oracle, USA, Inc., Oracle Corporation, PeopleSoft, Metasolv and all related affiliates ("Oracle"), by and through its undersigned counsel, submits this Reservation of Rights in connection with Nortel Networks Inc.'s and its affiliates' ("Debtors"), *Motion For Orders (I)(A) Authorizing Debtors' Entry Into Stalking Horse Agreement, (B) Authorizing and Approving the Bidding Procedures and Bid Protections, (C) Approving Payment of an Incentive Fee, (D) Approving the Notice Procedures and the Assumption and Assignment Procedures, (E) Authorizing the Filing of Certain Documents Under Seal and (F) Setting a Date for the Sale Hearing, and (II) Authorizing and Approving (A) the Sale of Certain Assets of Debtors' Carrier Voice Over IP and Application Solutions Business Free and Clear of all Liens, Claims and Encumbrances and (B) the Assumption and Assignment of Certain Executory Contracts* ("Sale Procedures Motion") and in support of its Reservation of Rights, Oracle submits as follows:

## **RESERVATION OF RIGHTS**

1. Oracle is a contract counterparty of one or more of the Debtors, and has contracts with both the Canadian and American Debtor entities.

2. In connection with the Sale Procedures Motion, the Debtors filed a Notice of Debtors' Request for Authority to Assume and Assign Certain Contracts ("Assumption Notice"). The list of contracts addressed by the Assumption Notice, along with the service list, has been filed under seal.

3. As of the date of filing this Reservation of Rights, Oracle has not received an individualized Schedule A as contemplated by the Assumption Notice.

4. However, out of an abundance of caution, since Oracle agreements involve the licensing of non-exclusive, patented software and are non-assignable in the absence of Oracle's consent, Oracle reserves all rights to object to any eventual assumption and/or assignment proposed by Debtors of Oracle's contracts.

5. In addition, Oracle reserves its rights with respect to the proposed Asset Purchase Agreement ("APA"), which provides for the eventual purchaser and the Debtors to enter into certain ancillary agreements, including a Transition Services Agreement ("TSA") and an Intellectual Property Licensing Agreement ("IPLA")[1].

6. In this instance, although identified as exhibits to the APA, neither the TSA nor the IPLA has been provided. Therefore, neither is available for Oracle's review.

7. However, based on the brief description set forth in the Sale Procedures Motion, it appears that Debtors propose the simultaneous use of, among other things, certain information technology, for a period of up to eighteen (18) months. (*See*, Sale Procedures Motion, pg. 12).

---

[1] In connection with the MEN Sale, the Debtors confirmed that no Oracle software would be assumed or assigned or affected by the TSA. Based on that representation no objection to the MEN sale was filed. After the sale order was entered, Oracle received an Accession Agreement from the purchaser requesting transitional use of their software. Therefore, Oracle is compelled to file this Reservation of Rights in order to ensure its interests are protected.

8. The information technology services may include Oracle's licensed software. At the time the proposed APA was filed, the schedules to the TSA reportedly were being finalized.

9. Therefore, it is unclear whether the services to be included in the TSA are meant to include Oracle's licensed software.

10. Should that be the case, Oracle reserves all rights to object to the proposed transitional use as a violation of Oracle's agreements with the Debtors.

11. Similarly, if either the IPLA or the TSA is meant to include Oracle's licensed software, Oracle does not consent to such use and reserves all rights to object to any contemplated shared transitional use as violative of Oracle's agreements.

12. Given the concerns raised by the ancillary agreements, including the IPLA and the TSA, as addressed above, Oracle files this Reservation of Rights to ensure the opportunity for a future full & fair hearing of its concerns and rights' preservation on these issues.

13. Therefore, Oracle specifically reserves its rights to: (a) file a supplemental pleading setting forth its response and/or objection to the assumption and/or assignment of Oracle contracts, should any be identified; (b) object to any provisions in the APA, including the TSA and the IPLA, upon notification of any intended assumptions or shared transitional use involving Oracle software, licenses or support; (c) object to the accuracy of the descriptions of the contracts and any associated cure amount; and (d) seek adequate assurance of future performance from the ultimate purchaser.

14. Furthermore, it is critical that the Debtors clearly describe which Oracle contracts, if any, are proposed for shared transitional use, assumption and/or assignment, specifying the license, support contract, reseller agreement or ordering document at issue.

Dated: February 17, 2010  
      Wilmington, Delaware

Respectfully submitted,  
**MARGOLIS EDELSTEIN**

    /s/James E. Huggett
James E. Huggett, Esquire (#3956)
750 Shipyard Drive, Suite 102
Wilmington, Delaware 19801
Telephone:   (302) 888-1112
Facsimile:   (302) 888-1119
E-mail:   jhuggett@margolisedelstein.com

DAY PITNEY LLP
Amish R. Doshi (NY-AD5996)
7 Times Square
New York, New York 10036-7311
Telephone:   (212) 297-5800
Facsimile:   (212) 916-2940
Email:   adoshi@daypitney.com

BUCHALTER NEMER, PC
Shawn M. Christianson (CSB #114707)   333 Market Street, 25th Floor
San Francisco, California 94105-2126
Telephone:   (415) 227-0900
Facsimile:   (415) 227-0770

ORACLE USA, INC.
Deborah Miller (CSB #95527)
Lesley Kothe (CSB #209512)
500 Oracle Parkway
Redwood City, California 94065
Telephone:   (650) 506-5200
Facsimile:   (650) 506-7114

Attorneys for Oracle America, Inc.