## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
       :
       :      Chapter 11
       :
*In re*       :
       :      Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]  :
       :      Jointly Administered
      Debtors.    :
       :
       :
       :
-------------------------------------------------------X

## DEBTORS' MOTION FOR AN ORDER SHORTENING NOTICE FOR HEARING ON DEBTORS' MOTION FOR ENTRY OF AN ORDER ENFORCING THE AUTOMATIC STAY AGAINST CERTAIN CLAIMANTS WITH RESPECT TO THE U.K. PENSION PROCEEDINGS

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to section 102(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (a) shortening notice to allow the *Debtors' Motion for Entry of an Order Enforcing the Automatic Stay Against Certain Claimants With Respect to the U.K.*

---

[1]     The debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226), (collectively the "U.S. Nortel Entities" or the "Debtors"). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

*Pension Proceedings* (the "Automatic Stay Motion"),[2] filed contemporaneously herewith, to be considered on an expedited basis; (b) setting February 24, 2010 at 12:00 p.m. (Eastern Time) as the deadline to file objections to the Automatic Stay Motion (the "Objection Deadline"); and (c) scheduling the hearing on the Automatic Stay Motion for the omnibus hearing currently scheduled for February 26, 2010 at 10:00 a.m. (Eastern Time) (the "Hearing").  In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory basis for the relief requested herein is section 102(1) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e).

## Background

**A.      Procedural History**

3.      On January 14, 2009 (the "Petition Date"), the Debtors (except for Nortel Networks (CALA) Inc.("NN CALA")) filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2]      Capitalized terms used but not defined in this Motion have the meanings ascribed to them in the Automatic Stay Motion.

5.      On January 15, 2009, this Court entered an order of joint administration pursuant to Bankruptcy Rule 1015(b) that provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

6.      Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL", and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings").  The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.

7.      On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA.  On February 27, 2009, based on a petition filed by Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors, this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

8.      On January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration under

---

[3]      The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4]      The EMEA Debtors include the following entities:  Nortel Networks U.K. Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators").

On June 8, 2009, Nortel Networks U.K. Limited ("NNUK") filed petitions in this Court for

recognition of the English Proceedings as foreign main proceedings under chapter 15 of the

Bankruptcy Code.  In light of the need for coordination in the proceedings, on June 26, 2009, the

Court entered an order recognizing the English Proceedings as foreign main proceedings under

chapter 15 of the Bankruptcy Code.

9.      On January 15, 2009, this Court entered an order of joint administration

pursuant to Bankruptcy Rule 1015(b) that provided for the joint administration of these cases and

for consolidation for procedural purposes only [D.I. 36].

10.      On January 26, 2009, the Office of the United States Trustee for the

District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured

Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141,

142].  An ad hoc group of bondholders holding claims against certain of the Debtors and certain

of the Canadian Debtors has also been organized (the "Bondholder Group").  No trustee or

examiner has been appointed in the Debtors' cases.

11.      On July 14, 2009 (the "CALA Petition Date"), NN CALA, an affiliate of

NNI, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On July 17,

2009, this Court entered orders approving the joint administration and consolidation of NN

CALA's chapter 11 case with the other Debtors' chapter 11 cases for procedural proposes [D.I.

1098], and applying to NN CALA certain previously entered orders in the other Debtors' chapter

11 cases [D.I. 1099].

B.    **Case Milestones**

12.    On June 19, 2009, Nortel announced that it was advancing in discussions with external parties to sell its businesses and it would assess other restructuring alternatives for its businesses in the event it is unable to maximize value through sales.  To date, Nortel has closed (i) the sale of certain portions of its Layer 4-7 data portfolio to Radware Ltd. [D.I. 539]; (ii) the sale of substantially all of its CDMA business and LTE Access assets business to Telefonaktiebolaget LM Ericsson (publ) [D.I. 1205]; (iii) the sale of the assets of its Wireless Networks business associated with the development of Next Generation Packet Core network components to Hitachi Ltd. [D.I. 1760]; and (iv) the sale of substantially all of the assets of the Enterprise Solutions business globally, including the shares of Nortel Government Solutions Incorporated and DiamondWare Ltd. to Avaya Inc. [D.I. 1514].  In addition, Nortel has completed auction processes and obtained Court approval for the planned sale of substantially all the assets of its Optical Networking and Carrier Ethernet businesses associated with its Metro Ethernet Networks business unit [D.I. 2070]; as well as for the planned sale of substantially all of its GSM/GSM-R business [D.I. 2065].  Per the Interim Funding and Settlement Agreement (the "Agreement"), dated June 9, 2009, the proceeds of those sales that have been consummated thus far have been deposited into escrow accounts in the U.S.  The Joint Administrators signed the Agreement.

13.    On August 4, 2009, this Court entered an order fixing September 30, 2009 at 4:00 PM (Eastern Time) as the general bar date for filing proofs of claim or interests [D.I. 1280].  On December 3, 2009 this Court entered an order fixing January 25, 2010 at 4:00 PM (Eastern Time) as the bar date for filing proofs of claim or interests against NN CALA [D.I. 2059].

## Relief Requested

14.     By this Motion, the Debtors seek an order (i) shortening the notice period for the Automatic Stay Motion to allow it to be considered on an expedited basis; (ii) setting February 24, 2010 at 12:00 p.m. (Eastern Time) as the Objection Deadline to the Automatic Stay Motion; and (iii) scheduling the hearing on the Automatic Stay Motion for the omnibus hearing on February 26, 2010, at 10:00 a.m. (Eastern Time).

## Facts Relevant to this Motion

15.     On September 30, 2009 NNUK, on behalf of itself, the Joint Administrators, and the EMEA Debtors filed proofs of claim against each of the Debtors (except NN CALA), bearing claim identification numbers 5122 through 5136.

16.     On September 30, 2009 the Nortel Networks U.K. Pension Trust Limited (as Trustee of the Nortel Networks U.K. Pension Plan) (the "U.K. Pension Trustee") and the Board of the Pension Protection Fund (the "PPF") jointly filed proofs of claim against each of the Debtors, bearing claim identification numbers 5573 through 5587 (except for NN CALA, against which the U.K. Pension Trustee and PPF filed a proof of claim on January 25, 2010, bearing claim identification number 6979) (collectively, the "U.K. Pension Claim").

17.     The U.K. Pension Claim is based on the allegation that the Nortel Networks U.K. Pension Plan (the "NNUK Pension Plan") is under-funded by an estimated amount alternatively stated to be £2.1 billion or $3.1 billion.

18.     According to the U.K. Pension Claim, the U.S. Nortel Entities have a contingent liability and indebtedness arising from the alleged deficit in the NNUK Pension Plan. The Claim is based on the anticipated exercise by the U.K. Pensions Regulator ("TPR") of powers under the U.K. pension laws to issue, through TPR's Determinations Panel (the "Determinations Panel"), a "financial support direction" ("FSD") against relevant U.S. Nortel

6

Entities and, if they fail to put or keep in place financial support approved by TPR, to issue a contribution notice ("CN").

19.     The U.K. Pension Claim asserts that TPR concluded that, by the time the Claim was filed, grounds existed to issue certain warning notices ("Warning Notices") and to seek a FSD against certain members of Nortel Group affiliates worldwide, including the U.S. Nortel Entities, as companies allegedly "connected with or associates of" NNUK, based on the allegation that NNUK was "insufficiently resourced" on June 30, 2008, a date selected by TPR.

20.     The U.K. Pension Claim also asserts that if a FSD is issued against any of the U.S. Nortel Entities, such entity could then be directed under the U.K. pension laws to procure financial support for the NNUK Pension Plan, either alone or with other members of the Nortel Group.  The U.K. Pension Claim further asserts that if a U.S. Nortel Entity receives a FSD, but fails to put or keep in place financial support for the NNUK Pension Plan approved by TPR, then TPR could also exercise its power to issue a CN, imposing on that U.S. Nortel Entity a liability to pay a specific amount, which could be all or some portion of the deficit in the NNUK Pension Plan, which liability, it is alleged, would be enforceable as a debt under U.K. law.

21.     By letters dated January 13, 2010 and addressed to NNI and NN CALA (along with certain non-U.S. Nortel entities), TPR purported to issue a Warning Notice initiating an administrative proceeding regarding the alleged deficit in the funding of the NNUK Pension Plan. The Warning Notice provides, in summary, that TPR believes it is reasonable to issue a FSD against the addressees (the "Targets") and references certain documents and witness statements as support for this determination, some of which, on information and belief, were provided by NNUK, and others of which are publicly available information.

7

22.     TPR has indicated that the Targets may respond in writing to the Warning Notice by midday on March 1, 2010, and may request a hearing on TPR's requested issuance of a FSD against them.

**Basis for Relief**

23.     Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).  As set forth below, shortened notice is justified here.

24.     The Debtors respectfully submit that shortened notice is appropriate in this instance because TPR has directed that they respond to the Warning Notice by no later than March 1, 2010.  As March 1, 2010, is the Monday following the February 26, 2010 hearing, Debtors respectfully request shortened notice so that the Automatic Stay Motion may be heard before the Warning Notice's deadline to respond has passed.  The Debtors have been expeditiously proceeding to retain U.K. counsel and obtain the advice necessary to develop its position as set forth in the Automatic Stay Motion.

25.     The Debtors have consulted with the Committee and the Bondholder Group, and understand that neither objects to the relief being sought in this Motion.

26.     For these reasons, the Debtors respectfully submit that allowing the Automatic Stay Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

**Notice**

27.     Notice of the Motion has been given via hand delivery or overnight mail to the (i) U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; (iv) the Joint Administrators; (v) counsel to the U.K. Pension Trustee/PPF; (vi) counsel to NNUK;

and (v) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

## **No Prior Request**

28.    No prior request for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:  February 18, 2010
        Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Deborah M. Buell (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
Neil P. Forrest
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*