# John Ray Declaration

# - Exhibit B -

Due to the voluminous nature of the attachments to the Proof of Claim, the filing and service copies of this Declaration will include only the Proof of Claim and the relevant materials cited in the Declaration, not the full attachments to the Proof of Claim.

The Appendices to the Proof of Claim are available for download from the website of the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC, at http://chapter11.epiqsystems.com/nortel, or upon written request to counsel for the Debtors.

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

**PROOF OF CLAIM**

Name of Debtor: Nortel Networks (CALA) Inc.

Case Number: 09-12515 (KG)

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Nortel Networks UK Pension Trust Limited (as trustee of the Nortel Networks UK Pension Plan) and The Board of the Pension Protection Fund

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:

Nortel Networks UK Pension Trust Limited
(as trustee of the Nortel Networks UK Pension Plan)
Westacott Way
Maidenhead, Berkshire
SL6 3QH
Attn: David Davies, Chairman
Telephone number: 44 78 0829 6794

With notice to:
Brian E. O'Connor, Esq.
Willkie Farr & Gallagher LLP
787 7th Avenue
New York, NY 10019
Telephone number: (212) 728-8000

and

The Board of the Pension Protection Fund
Knollys House
17 Addiscombe Road
Croydon
Surrey
CR0 6SR
Attn: Richard Favier, Senior Insolvency Advisor
Telephone number: 44 208 633 4940

Court Claim Number:__________
*(If known)*

Filed on:______________

Filed: USBC - District of Delaware
Nortel Networks Inc., Et Al.
09-10138 (KG) 0000006979

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** See attached Schedule A

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** See attached Schedule A
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** __________

**3a. Debtor may have schedules account as:** __________
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.) See attached Schedule A
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☒ Other
**Describe:** __________

**Value of Property: $**______ **Annual Interest Rate**__**%**

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**if any: $**______ **Basis for perfection:** ________

**Amount of Secured Claim:** ________ **Amount Unsecured: $**________

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

(continued on next page)

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**See attached Schedule A**

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain: **See attached Schedule A**

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**See attached Schedule A**

**Amount entitled to priority:**

$__________________

**Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any

DAVID DAVIES

BRUCE McNESS
BESTRUSTEES PLC

RICHARD FARIER
SENIOR INSOLVENCY ADVISER

Date: JANUARY 25, 2010

**FOR COURT USE ONLY**

FILED / RECEIVED
JAN 25 2010
EPIQ BANKRUPTCY SOLUTIONS, LLC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## Schedule A

**"The Claimants"** : (i) Nortel Networks UK Pension Trust Limited (the "**Trustee**") and/or (ii) The Board of the Pension Protection Fund ("**PPF**"), in accordance with their respective interests.

**"The Debtor"**: Nortel Networks (CALA) Inc.

The Debtor has a contingent liability and indebtedness to the Trustee and the PPF in accordance with their respective interests arising pursuant to the Pensions Act 2004 and the Pensions Act 1995 (Acts of the UK Parliament) and all applicable UK Regulations (collectively, "**UK Legislation**", as a result of the matters set out below. See Appendix B (Schedule of Applicable Laws).

**Item 1 and Item 2:** Amount of Claim as of Date Case Filed and Basis For Claim.

1. THE CLAIMANTS AND THE NORTEL NETWORKS UK PENSION PLAN.

1.1 Nortel Networks UK Limited ("**NNUK**") has carried on business in the United Kingdom by itself and through its predecessors for over 18 years as part of the Nortel group of companies (the "**Nortel Group**") and for many years before that outside the Nortel Group. NNUK's predecessors established, and NNUK participated in, the occupational pension scheme known as the Nortel Networks UK Pension Plan (the "**Plan**"), in order to provide pensions and other benefits for their employees. The Trustee is the trustee of the Plan.

1.2 The Plan is a defined benefit arrangement pursuant to which employees of participating employers become entitled to pension benefits based on final salary and the employers agree to meet the balance of the cost of providing such benefits after taking into account the employees' own contributions. A copy of the current governing documentation for the Plan is appended hereto in Appendix A as Exhibits 1 and 2. The Plan now has over 40,000 present and potential (deferred) pensioners.

1.3 Messrs A Bloom, A Hudson, S Harris and C Hill of Ernst & Young LLP (hereinafter referred to as the "**Administrators**") were appointed as joint administrators of NNUK under schedule B1 of the UK Insolvency Act 1986 on January 14, 2009 (hereinafter referred to as the "**Administration**").

1.4 Notice was given by the PPF (a statutory body established under the Pensions Act 2004) on March 30, 2009 to the Administrators confirming that the Plan was in an assessment period for the purposes of the Pensions Act 2004. See Appendix A at Exhibit 3. An assessment period is a period in which the PPF will work with the Trustee of the Plan so that a valuation of the Plan can be completed to determine the Plan's admittance into the PPF. This notice has been accepted by the Administrators in the Administration.

5389024.3

1.5 Under section 137 of the Pensions Act 2004, during an assessment period, the rights and powers of a trustee of a pension scheme in relation to any debt (including any contingent debt) due to them by the employer, whether by virtue of section 75 of the Pensions Act 1995 (an Act of the UK Parliament) or otherwise, are exercisable by the PPF. In addition, under section 49(5) of the Pensions Act 2004, the rights and powers of a trustee in relation to any debt due to it by virtue of a contribution notice issued pursuant to the process described below are exercisable by the PPF. A trustee retains the right to enforce claims and rights in respect of which the PPF does not have creditor rights. The whole of any amount paid in respect of such debts are ultimately payable to the Plan, whether it is the PPF or the Trustee who exercises the right or power to enforce the obligations.

## 2. LIABILITIES UNDER FINANCIAL SUPPORT DIRECTION PROCEEDINGS UNDER THE UK PENSIONS ACT 2004.

2.1 The Pensions Regulator in the United Kingdom ("the **Regulator**") has power under the Pensions Act 2004 to issue a financial support direction ("**Financial Support Direction**") to any company connected with or an associate of a company which is an employer in relation to a UK occupational pension scheme. A Financial Support Direction requires the company or companies to whom it is issued to secure that financial support for the pension scheme is put in place within the period specified by the Regulator and as approved by the Regulator, and that such support remains in place whilst the pension scheme is in existence.

2.2 The procedure for issuing a Financial Support Direction is that the Regulator investigates the background and circumstances relating to the pension plan. The Regulator, if it concludes that there are grounds to do so, then sets out the case for the issuance of a Financial Support Direction in a warning notice, which is sent to the named company or companies. The company or companies to whom the warning notice is addressed have the opportunity to make written representations as to the matters set out in the warning notice to the Regulator, and then all parties have the opportunity to make submissions at a hearing in front of the Determinations Panel of the Regulator, which must then decide whether it is appropriate under the Pensions Act 2004 and related laws and regulations to issue a Financial Support Direction.

2.3 The Plan is a UK occupational pension scheme. NNUK is the current employer in relation to the Plan. The Debtor, being part of the Nortel Group, is an associate of or connected with NNUK for the purposes of the Pensions Act 2004 and the Insolvency Act 1986.

2.4 The Plan has a funding deficit (as described more fully below). On the basis of its investigations into the circumstances relating to the Plan, the Regulator has issued a warning notice dated January 11, 2010 (the "**Warning Notice**") particularising the case for a Financial Support Direction against a number of the members of the Nortel

5389024.3

Group, including the Debtor. A copy of the Warning Notice along with all supporting documentation was sent to the Debtor (in addition to all other members of the Nortel Group to whom the Warning Notice is addressed and all other interested parties) on January 13, 2010. The letter from the Regulator to the Trustee and the PPF dated January 25, 2010 summarizes some of the key information contained in the Warning Notice. See Letter in Appendix A at Exhibit 4.

2.5 A Financial Support Direction may be issued by the Regulator when the employer in relation to the Plan is insufficiently resourced within the meaning of Part 1 of the Pensions Act 2004 (and associated Regulations) at a time determined by the Regulator, which in this case was June 30, 2008, and the other statutory and regulatory requirements are satisfied. See Sections 43-44 of the Pensions Act 2004.

2.6 The Regulator considers that NNUK was insufficiently resourced within the meaning of the UK Legislation, because:

2.6.1 the Regulator has determined the value of NNUK's resources (as defined in the UK Legislation) to be less than 50% of the "estimated section 75 debt" (see Section 2.7 below) of NNUK as at the date specified by the Regulator, namely June 30, 2008 - such estimated section 75 debt being (UK) £1.777 billion (see Appendix A at Exhibits 5 & 6); and

2.6.2 Nortel Networks Corporation ("**NNC**"), which is and was the ultimate parent company of both NNUK and the Debtor, is an associate of NNUK for the purposes of the UK Legislation. The Regulator has determined the value of the resources of NNC to be not less than (and, indeed, more than) the difference between the value of the resources of NNUK and 50% of NNUK's estimated section 75 debt (see Appendix A at Exhibits 7 & 8).

2.7 The section 75 debt under the Pensions Act 1995 is the amount which the Regulator estimates would become due from NNUK to the Trustee if the liability had been triggered on June 30, 2008. The liability under section 75 is broadly equal to the deficiency in the funding of a pension scheme on a "buy-out" basis together with certain costs. For the purpose of calculating the "buy-out" amount, the assets of the Plan are compared to the amount required or estimated by the actuary for the Plan (the "**Plan Actuary**") to be required to "buy out" its liabilities by purchasing equivalent annuities from an authorised insurance company.

2.8 The Plan Actuary has estimated the section 75 debt of NNUK as of January 13, 2009 to be (UK) £2.1 billion. See Appendix A at Exhibit 9. The Administrators of NNUK have stated that an informal estimate of the section 75 debt of NNUK is (US) $3.1 billion. See Appendix A at Exhibit 10.

2.9 The issuance of a Financial Support Direction against the Debtor will require the Debtor either alone or together with other members of the Nortel Group to procure financial support for the Plan satisfactory to the Regulator.

2.10 Under the Pensions Act 2004, if the Debtor fails to put or keep in place financial support approved by the Regulator, the Regulator has power to issue a contribution notice ("**Contribution Notice**") imposing on the Debtor a liability to pay the sum specified in the notice, which may be in an amount equal to the whole of the debt that is or would be due by NNUK in relation to the Plan under section 75 of the Pensions Act 1995.

2.11 By virtue of section 49 of the Pensions Act 2004, the sum specified in such a Contribution Notice is to be treated as a debt due from the Debtor to the Trustee of the Plan. As set out above, by virtue of section 49(5), during an assessment period the rights and powers of the Trustee in relation to the debt to the Trustee pursuant to said Contribution Notice are exercisable by the PPF.

2.12 The indebtedness or liability of the Debtor to the Claimants under the applicable laws and the Plan arose at the latest on the date on which NNUK was first insufficiently resourced within the meaning of Part 1 of the Pensions Act 2004. The liability had therefore been incurred no later than June 30, 2008.

2.13 As summarized above, the process under the Pensions Act 2004 relating to the determination of any potential Financial Support Direction obligations of the Debtor and other members of the Nortel Group is underway, and the Warning Notice has been sent by the Regulator to all members of the Nortel Group to whom it is addressed, including the Debtor. Any submissions that may be made by the Debtor or the other affected members of the Nortel Group in response to the Warning Notice will be considered by the Regulator's Determination Panel in reaching a determination of the Debtor's and the other members of the Nortel Groups' Financial Support Direction and other obligations.

**Items 4 and 5.** <u>**Secured or Priority Claim**</u>.

Claimants' claims are secured to the extent that Claimants have a right of setoff, recoupment, or are otherwise entitled to secured status.

To the extent that any portion of Claimants' claims are entitled to administrative priority status under 11 U.S.C. § 507, Claimants claim such priority status in the maximum amount allowed by law. The filing of this proof of claim shall in no way be deemed a waiver of either Claimant's right to assert that any or all of the their claims are entitled to administrative priority status.

5389024.3

**Item 6.** **Credits.**

Undetermined at this time.

**Item 7.** **Documents.**

Attached hereto as Appendix A is a list of the relevant documents and materials supporting this proof of claim and copies of such documents and materials. Any other documents and materials will be made available upon reasonable request.

**RESERVATION OF RIGHTS.**

1. Each Claimant reserves the right to: (a) amend, clarify, modify, update or supplement this proof of claim at any time and in any respect, including without limitation to assert additional claims or additional grounds for its claim and/or to specify the amount of any contingent, unmatured or unliquidated claim as they become non-contingent, matured and/or liquidated; (b) file additional proofs of claim at any time and in any respect; and (c) file a request for payment of administrative priority expenses in accordance with 11 U.S.C. §§ 503(b) and 507(a).

2. Each Claimant reserves the right to attach or bring forth additional documents supporting their claims and additional documents that may become available after further investigation and discovery.

3. To the extent that either Claimant has or may have a right to subrogation under 11 U.S.C. § 509 or any other equitable claim under common law against the Debtor, such Claimant expressly preserves such rights.

4. By filing this proof of claim, each Claimant does not waive, and specifically preserves, its respective procedural and substantive defenses to any claim that may be asserted against such Claimant by the Debtor, by any trustee of its estate, by the Debtor's Official Committee of Unsecured Creditors, by any other official committee appointed in these cases or by any other party or group.

5. Claimants are continuing to investigate the elements of their claims and this proof of claim is filed under the compulsion of an order, dated August 4, 2009, authorizing the Debtor to set a final date for filing proofs of claim. Accordingly, this proof of claim is filed to protect Claimants from potential forfeiture of any and all rights against the Debtor. The filing of this proof of claim shall not constitute: (a) a waiver or release of the rights of either Claimant against the Debtor or any other person or property; (b) a waiver of either Claimant of its right to contest the jurisdiction of the United States Bankruptcy Court for the District of Delaware with respect to the subject matter of each Claimant's claims, any objection or other

5389024.3

proceeding commenced with respect thereto or any other proceeding commenced in these cases against or otherwise involving Claimants; or (c) an election of remedies or choice of law.

6. This proof of claim shall not be deemed to be a waiver of either Claimant's rights to: (a) have final orders in noncore matters entered only after *de novo* review by a District Court Judge; (b) trial by jury in any proceeding so triable in these cases or any case, controversy or proceeding related to these cases; (c) have a District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal; (d) arbitrate existing or future claims or disputes; or (e) any other rights, claims, actions, set-offs or recoupments to which either Claimant is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses, set-offs and recoupments such Claimant expressly reserves.