# Schedule 2 – Legislation and Procedures

**Pensions Act 2004**

**(select provisions, as amended)**

**Pensions Act 2004 c. 35**

**Part 1 THE PENSIONS REGULATOR**

**General provisions about functions**

This version in force from: **December 17, 2004** to **present**

(version 1 of 1)

## 4 Regulator's functions

(1) The Regulator has–

(a) the functions transferred to it from the Occupational Pensions Regulatory Authority by virtue of this Act or any provisions in force in Northern Ireland corresponding to this Act, and

(b) any other functions conferred by, or by virtue of, this or any other enactment.

(2) As regards the exercise of the Regulator's functions–

(a) the non-executive functions listed in subsection (4) of section 8 must, by virtue of subsection (2) of that section, be discharged by the committee established under that section,

(b) the functions mentioned in the following provisions are exercisable only by the Determinations Panel–

(i) section 10(1) (the power in certain circumstances to determine whether to exercise the functions listed in Schedule 2 and to exercise them), and

(ii) section 99(10) (the functions concerning the compulsory review of certain determinations), and

(c) the exercise of other functions of the Regulator may be delegated by the Regulator under paragraph 20 of Schedule 1.

(3) Subsection (2) is subject to any regulations made by the Secretary of State under paragraph 21 of Schedule 1 (power to limit or permit delegation of functions).

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Pensions Regulator; Statutory powers

**Pensions Act 2004 c. 35**

**Part 1 THE PENSIONS REGULATOR**

**General provisions about functions**

This version in force from: **December 17, 2004** to **present**

(version 1 of 2)

## 5 Regulator's objectives

(1) The main objectives of the Regulator in exercising its functions are–

(a) to protect the benefits under occupational pension schemes of, or in respect of, members of such schemes,

(b) to protect the benefits under personal pension schemes of, or in respect of, members of such schemes within subsection (2),

(c) to reduce the risk of situations arising which may lead to compensation being payable from the Pension Protection Fund (see Part 2), and

(d) to promote, and to improve understanding of, the good administration of work-based pension schemes.

(2) For the purposes of subsection (1)(b) the members of personal pension schemes within this subsection are–

(a) the members who are employees in respect of whom direct payment arrangements exist, and

(b) where the scheme is a stakeholder pension scheme, any other members.

(3) In this section–

"stakeholder pension scheme" means a personal pension scheme which is or has been registered under section 2 of the Welfare Reform and Pensions Act 1999 (c. 30) (register of stakeholder schemes);

"work-based pension scheme" means–

(a) an occupational pension scheme,

(b) a personal pension scheme where direct payment arrangements exist in respect of one or more members of the scheme who are employees, or

(c) a stakeholder pension scheme.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Occupational pensions; Pensions Regulator; Personal pensions; Stakeholder pensions; Statutory duties; Work-based pension schemes

**Pensions Act 2004 c. 35**

**Part 1 THE PENSIONS REGULATOR**

**The Determinations Panel**

This version in force from: **December 17, 2004** to **present**

(version 1 of 1)

## 9 The Determinations Panel

(1) The Regulator must establish and maintain a committee consisting of–

(a) a chairman, and

(b) at least six other persons,

(in this Part referred to as "the Determinations Panel").

(2) The Regulator must appoint as the chairman of the Panel the person nominated in accordance with paragraph 11 of Schedule 1 (nomination by a committee established by the chairman of the Regulator).

(3) The chairman of the Panel must–

(a) decide the number of persons to be appointed as the other members of the Panel, and

(b) nominate a person suitable for each of those appointments.

(4) The Regulator must then appoint as the other members of the Panel the persons nominated by the chairman of the Panel.

(5) The following are ineligible for appointment as members of the Panel–

(a) any member of the Regulator;

(b) any member of the staff of the Regulator;

(c) any member of the Board of the Pension Protection Fund;

(d) any member of the staff of that Board.

(6) The Panel may establish sub-committees consisting of members of the Panel.

(7) Further provision about the Panel is made in Schedule 1, including provision as to the terms of appointment, tenure and remuneration of members and as to its procedure.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Appointments; Chairman; Committees; Members; Pensions Regulator

## Pensions Act 2004 c. 35

## Part 1 THE PENSIONS REGULATOR

### The Determinations Panel

This version in force from: **August 19, 2005** to **present**

(version 2 of 2)

## 10 Functions exercisable by the Determinations Panel

(1) The Determinations Panel is to exercise on behalf of the Regulator–

(a) the power to determine, in the circumstances described in subsection (2), whether to exercise a reserved regulatory function, and

(b) where it so determines to exercise a reserved regulatory function, the power to exercise the function in question.

(2) Those circumstances are–

(a) where the Regulator considers that the exercise of the reserved regulatory function may be appropriate, or

(b) where an application is made under, or by virtue of, any of the provisions listed in subsection (6) for the Regulator to exercise the reserved regulatory function.

(3) Where subsection (1) applies, the powers mentioned in that subsection are not otherwise exercisable by or on behalf of the Regulator.

(4) For the purposes of this Part, a function of the Regulator is a "reserved regulatory function" if it is a function listed in Schedule 2.

(5) Regulations may amend Schedule 2 by–

(a) adding any function of the Regulator conferred by, or by virtue of, this or any other enactment,

(b) omitting any such function, or

(c) altering the description of any such function contained in that Schedule.

(6) The provisions referred to in subsection (2)(b) are–

(a) section 20(10) (application to permit payments out of an account that is subject to a restraining order);

(b) section 26(2) (application for order validating action taken in contravention of freezing order);

(c) section 41(7) (application for the issue of a revised contribution notice under section 41(9));

(d) section 50(7) (application for the issue of a revised contribution notice under section 50(9));

(e) section 3(3) of the Pensions Act 1995 (c. 26) (application for revocation of prohibition order);

(f) section 4(5) of that Act (application for revocation of a suspension order);

(g) section 7(5A) of that Act (application for appointment of a trustee under section 7(3)(a) or (c) of that Act);

(h) section 29(5) of that Act (application for waiver of disqualification);

[

(ha) section 58(7) of that Act (power of the Regulator in prescribed circumstances to extend or further extend the period referred to in section 58(6) of that Act in relation to a schedule of contributions);

(hb) section 60(7) of that Act (power of the Regulator in prescribed circumstances to extend or further extend the period applicable under section 60(3) of that Act in relation to securing an increase in value);

][1]

(i) section 69(1) of that Act (application for order authorising modification or modifying a scheme);

(j) section 71A(2) of that Act (application for modifying a scheme to secure winding up);

(k) section 99(4A) of the Pension Schemes Act 1993 (c. 48) (application for extension under section 99(4) of that Act of a period for compliance);

(l) section 101J(6)(a) of that Act (application for extension under section 101J(2) of that Act of a period for compliance).

(7) Regulations may amend subsection (6) by–

(a) adding any provision of this or any other enactment to the list in that subsection, or

(b) omitting or altering the description of any provision mentioned in that list.

(8) The Panel may be authorised under paragraph 20(4) or (6) of Schedule 1 to exercise further functions of the Regulator on behalf of the Regulator.

(9) The Panel may authorise any of its members or any of its sub-committees to exercise on its behalf–

(a) any of the functions of the Regulator which are exercisable by the Panel on behalf of the Regulator, or

(b) any of the functions of the Panel under section 93(3), section 99(11) and paragraph 18(2) of Schedule 1 (procedure).

(10) This section is subject to any regulations made by the Secretary of State under paragraph 21 of Schedule 1 (power to limit or permit delegation of functions).

---

1.    Added by Occupational Pension Schemes (Miscellaneous Amendments) Regulations 2005/2113 reg.2(1) (August 19, 2005)

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Committees; Pensions Regulator; Statutory powers

## Pensions Act 2004 c. 35

## Part 1 THE PENSIONS REGULATOR

### Financial support directions

This version partially in force from: **February 10, 2005**

(version 1 of 1)

## 43 Financial support directions

(1) This section applies in relation to an occupational pension scheme other than–

(a) a money purchase scheme, or

(b) a prescribed scheme or a scheme of a prescribed description.

(2) The Regulator may issue a financial support direction under this section in relation to such a scheme if the Regulator is of the opinion that the employer in relation to the scheme–

(a) is a service company, or

(b) is insufficiently resourced,

at a time determined by the Regulator which falls within subsection (9) ("the relevant time").

(3) A financial support direction in relation to a scheme is a direction which requires the person or persons to whom it is issued to secure–

(a) that financial support for the scheme is put in place within the period specified in the direction,

(b) that thereafter that financial support or other financial support remains in place while the scheme is in existence, and

(c) that the Regulator is notified in writing of prescribed events in respect of the financial support as soon as reasonably practicable after the event occurs.

(4) A financial support direction in relation to a scheme may be issued to one or more persons.

(5) But the Regulator may issue such a direction to a person only if–

(a) the person is at the relevant time a person falling within subsection (6), and

(b) the Regulator is of the opinion that it is reasonable to impose the requirements of the direction on that person.

(6) A person falls within this subsection if the person is–

(a) the employer in relation to the scheme,

(b) an individual who–

(i) is an associate of an individual who is the employer, but

(ii) is not an associate of that individual by reason only of being employed by him, or

(c) a person, other than an individual, who is connected with or an associate of the employer.

(7) The Regulator, when deciding for the purposes of subsection (5)(b) whether it is reasonable to impose the requirements of a financial support direction on a particular person, must have regard to such matters as the Regulator considers relevant including, where relevant, the following matters–

(a) the relationship which the person has or has had with the employer (including, where the employer is a company within the meaning of subsection (11) of section 435 of the Insolvency Act 1986 (c. 45), whether the person has or has had control of the employer within the meaning of subsection (10) of that section),

(b) in the case of a person falling within subsection (6)(b) or (c), the value of any benefits received directly or indirectly by that person from the employer,

(c) any connection or involvement which the person has or has had with the scheme,

(d) the financial circumstances of the person, and

(e) such other matters as may be prescribed.

(8) A financial support direction must identify all the persons to whom the direction is issued.

(9) A time falls within this subsection if it is a time which falls within a prescribed period which ends with the determination by the Regulator to exercise the power to issue the financial support direction in question.

(10) For the purposes of subsection (3), a scheme is in existence until it is wound up.

(11) No duty to which a person is subject is to be regarded as contravened merely because of any information or opinion contained in a notice given by virtue of subsection (3)(c).

This is subject to section 311 (protected items).

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Financial support directions; Occupational pensions; Pensions Regulator

**Pensions Act 2004 c. 35**

**Part 1 THE PENSIONS REGULATOR**

**Financial support directions**

This version in force from: **October 1, 2009** to **present**

(version 3 of 3)

## 44 Meaning of "service company" and "insufficiently resourced"

(1) This section applies for the purposes of section 43 (financial support directions).

(2) An employer ("E") is a "service company" at the relevant time if–

(a) E is a company [as defined in section 1(1) of the Companies Act 2006][1],

(b) E is a member of a group of companies, and

(c) E's turnover, as shown in the latest available [individual accounts][2] for E prepared in accordance with [Part 15 of that Act][3] , is solely or principally derived from amounts charged for the provision of the services of employees of E to other members of that group.

(3) The employer in relation to a scheme is insufficiently resourced at the relevant time if–

(a) at that time the value of the resources of the employer is less than the amount which is a prescribed percentage of the estimated section 75 debt in relation to the scheme, and

[

(b) condition A or B is met.

][4]

[

(3A) Condition A is met if—

(a) there is at that time a person who falls within section 43(6)(b) or (c), and

(b) the value at that time of that person's resources is not less than the relevant deficit, that is to say the amount which is the difference between—

(i) the value of the resources of the employer, and

(ii) the amount which is the prescribed percentage of the estimated section 75 debt.

(3B) Condition B is met if—

(a) there are at that time two or more persons who—

(i) fall within section 43(6)(b) or (c), and

(ii) are connected with, or associates of, each other, and

(b) the aggregate value at that time of the resources of the persons who fall within paragraph (a) (or any of them) is not less than the relevant deficit.

][5]

(4) For the purposes of [subsections (3) to (3B)][6] –

(a) what constitutes the resources of a person is to be determined in accordance with regulations, and

(b) the value of a person's resources is to be determined, calculated and verified in a prescribed manner.

(5) In this section the "estimated section 75 debt", in relation to a scheme, means the amount which the Regulator estimates to be the amount of the debt which would become due from the employer to the trustees or managers of the scheme under section 75 of the Pensions Act 1995 (c. 26) (deficiencies in the scheme assets) if–

(a) subsection (2) of that section applied, and

(b) the time designated by the trustees or managers of the scheme for the purposes of that subsection were the relevant time.

(6) When calculating the estimated section 75 debt in relation to a scheme under subsection (5), the amount of any debt due at the relevant time from the employer under section 75 of the Pensions Act 1995 (c. 26) is to be disregarded.

(7) In this section "the relevant time" has the same meaning as in section 43.

---

1.    Words substituted by Companies Act 2006 (Consequential Amendments, Transitional Provisions and Savings) Order 2009/1941 Sch.1 para.243(2)(a) (October 1, 2009)

2.    Word substituted by Companies Act 2006 (Consequential Amendments, Transitional Provisions and Savings) Order 2009/1941 Sch.1 para.243(2)(b)(i) (October 1, 2009)

3.    Words substituted by Companies Act 2006 (Consequential Amendments, Transitional Provisions and Savings) Order 2009/1941 Sch.1 para.243(2)(b)(ii) (October 1, 2009)

4.    Substituted by Pensions Act 2008 c. 30 Sch.9 para.14(1) (November 26, 2008: substitution has effect so as to enable the Pensions Regulator to issue a financial support direction under 2004 c.35 s.43 by reference to any time falling on or after April 14, 2008)

5.    Added by Pensions Act 2008 c. 30 Sch.9 para.14(2) (November 26, 2008: insertion has effect so as to enable the Pensions Regulator to issue a financial support direction under 2004 c.35 s.43 by reference to any time falling on or after April 14, 2008)

6.    Words substituted by Pensions Act 2008 c. 30 Sch.9 para.14(3) (November 26, 2008: substitution has effect so as to enable the Pensions Regulator to issue a financial support direction under 2004 c.35 s.43 by reference to any time falling on or after April 14, 2008)

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland



## Pensions Act 2004 c. 35

## Part 1 THE PENSIONS REGULATOR

## Financial support directions

This version partially in force from: **October 1, 2009**

(version 2 of 2)

# 45 Meaning of "financial support"

(1) For the purposes of section 43 (financial support directions), "financial support" for a scheme means one or more of the arrangements falling within subsection (2) the details of which are approved in a notice issued by the Regulator.

(2) The arrangements falling within this subsection are–

(a) an arrangement whereby, at any time when the employer is a member of a group of companies, all the members of the group are jointly and severally liable for the whole or part of the employer's pension liabilities in relation to the scheme;

(b) an arrangement whereby, at any time when the employer is a member of a group of companies, a company ( [within the meaning of section 1159 of the Companies Act 2006 (c. 6)][1]) which meets prescribed requirements and is the holding company of the group is liable for the whole or part of the employer's pension liabilities in relation to the scheme;

(c) an arrangement which meets prescribed requirements and whereby additional financial resources are provided to the scheme;

(d) such other arrangements as may be prescribed.

(3) The Regulator may not issue a notice under subsection (1) approving the details of one or more arrangements falling within subsection (2) unless it is satisfied that the arrangement is, or the arrangements are, reasonable in the circumstances.

(4) In subsection (2), "the employer's pension liabilities" in relation to a scheme means–

(a) the liabilities for any amounts payable by or on behalf of the employer towards the scheme (whether on his own account or otherwise) in accordance with a schedule of contributions under section 227, and

(b) the liabilities for any debt which is or may become due to the trustees or managers of the scheme from the employer whether by virtue of section 75 of the Pensions Act 1995 (deficiencies in the scheme assets) or otherwise.

---

1.    Words substituted by Companies Act 2006 (Consequential Amendments, Transitional Provisions and Savings) Order 2009/1941 Sch.1 para.243(3) (October 1, 2009)

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Pensions Act 2004 c. 35**

**Part 1 THE PENSIONS REGULATOR**

**Financial support directions**

This version partially in force from: **April 6, 2005**

(version 1 of 1)

## 47 Contribution notices where non-compliance with financial support direction

(1) This section applies where there is non-compliance with a financial support direction issued in relation to a scheme under section 43.

(2) The Regulator may issue a notice to any one or more of the persons to whom the direction was issued stating that the person is under a liability to pay to the trustees or managers of the scheme the sum specified in the notice (a "contribution notice").

(3) The Regulator may issue a contribution notice to a person only if the Regulator is of the opinion that it is reasonable to impose liability on the person to pay the sum specified in the notice.

(4) The Regulator, when deciding for the purposes of subsection (3) whether it is reasonable to impose liability on a particular person to pay the sum specified in the notice, must have regard to such matters as the Regulator considers relevant including, where relevant, the following matters–

(a) whether the person has taken reasonable steps to secure compliance with the financial support direction,

(b) the relationship which the person has or has had with the employer (including, where the employer is a company within the meaning of subsection (11) of section 435 of the Insolvency Act 1986 (c. 45), whether the person has or has had control of the employer within the meaning of subsection (10) of that section),

(c) in the case of a person to whom the financial support direction was issued as a person falling within section 43(6)(b) or (c), the value of any benefits received directly or indirectly by that person from the employer,

(d) the relationship which the person has or has had with the parties to any arrangements put in place in accordance with the direction (including, where any of those parties is a company within the meaning of subsection (11) of section 435 of the Insolvency Act 1986, whether the person has or has had control of that company within the meaning of subsection (10) of that section),

(e) any connection or involvement which the person has or has had with the scheme,

(f) the financial circumstances of the person, and

(g) such other matters as may be prescribed.

(5) A contribution notice may not be issued under this section in respect of non-compliance with a financial support direction in relation to a scheme where the Board of the Pension Protection Fund has assumed responsibility for the scheme in accordance with Chapter 3 of

Part 2 (pension protection).

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Contribution notices; Financial support directions; Non-compliance; Occupational pensions; Pensions Regulator

## Pensions Act 2004 c. 35

## Part 1 THE PENSIONS REGULATOR

### Financial support directions

This version in force from: **April 6, 2005** to **present**

(version 1 of 1)

## 48 The sum specified in a section 47 contribution notice

(1) The sum specified by the Regulator in a contribution notice under section 47 may be either the whole or a specified part of the shortfall sum in relation to the scheme.

(2) The shortfall sum in relation to a scheme is–

(a) in a case where, at the time of non-compliance, a debt was due from the employer to the trustees or managers of the scheme under section 75 of the Pensions Act 1995 (c. 26) ("the 1995 Act") (deficiencies in the scheme assets), the amount which the Regulator estimates to be the amount of that debt at that time, and

(b) in a case where, at the time of non-compliance, no such debt was due, the amount which the Regulator estimates to be the amount of the debt under section 75 of the 1995 Act which would become due if–

(i) subsection (2) of that section applied, and

(ii) the time designated by the trustees or managers of the scheme for the purposes of that subsection were the time of non-compliance.

(3) For the purposes of this section "the time of non-compliance" means–

(a) in the case of non-compliance with paragraph (a) of subsection (3) of section 43 (financial support directions), the time immediately after the expiry of the period specified in the financial support direction for putting in place the financial support,

(b) in the case of non-compliance with paragraph (b) of that subsection, the time when financial support for the scheme ceased to be in place,

(c) in the case of non-compliance with paragraph (c) of that subsection, the time when the prescribed event occurred in relation to which there was the failure to notify the Regulator, or

(d) where more than one of paragraphs (a) to (c) above apply, whichever of the times specified in the applicable paragraphs the Regulator determines.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Contribution notices; Financial support directions; Non-compliance; Occupational pensions; Pensions Regulator



**Pensions Act 2004 c. 35**

**Part 1 THE PENSIONS REGULATOR**

**Financial support directions**

This version in force from: **April 6, 2005** to **present**

(version 1 of 1)

## 49 Content and effect of a section 47 contribution notice

(1) This section applies where a contribution notice is issued to a person under section 47.

(2) The contribution notice must–

(a) contain a statement of the matters which it is asserted constitute the non-compliance with the financial support direction in respect of which the notice is issued, and

(b) specify the sum which the person is stated to be under a liability to pay.

(3) The sum specified in the notice is to be treated as a debt due from the person to the trustees or managers of the scheme.

(4) The Regulator may, on behalf of the trustees or managers of the scheme, exercise such powers as the trustees or managers have to recover the debt.

(5) But during any assessment period (within the meaning of section 132) in relation to the scheme, the rights and powers of the trustees or managers of the scheme in relation to any debt due to them by virtue of a contribution notice, are exercisable by the Board of the Pension Protection Fund to the exclusion of the trustees or managers and the Regulator.

(6) Where, by virtue of subsection (5), any amount is paid to the Board in respect of a debt due by virtue of a contribution notice, the Board must pay the amount to the trustees or managers of the scheme.

(7) The contribution notice must identify any other persons to whom contribution notices have been or are issued in respect of the non-compliance in question and the sums specified in each of those notices.

(8) Where the contribution notice so specifies, the person to whom the notice is issued ("P") is to be treated as jointly and severally liable for the debt with any persons specified in the notice who are persons to whom corresponding contribution notices are issued.

(9) For the purposes of subsection (8), a corresponding contribution notice is a notice which–

(a) is issued in respect of the same non-compliance with the financial support direction as the non-compliance in respect of which P's contribution notice is issued,

(b) specifies the same sum as is specified in P's contribution notice, and

(c) specifies that the person to whom the contribution notice is issued is jointly and severally liable with P, or with P and other persons, for the debt in respect of that sum.

(10) A debt due by virtue of a contribution notice is not to be taken into account for the purposes of section 75(2) and (4) of the Pensions Act 1995 (c. 26) (deficiencies in the scheme assets) when ascertaining the amount or value of the assets or liabilities of a scheme.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Contribution notices; Financial support directions; Non-compliance; Pensions Regulator

**Pensions Act 2004 c. 35**

**Part 1 THE PENSIONS REGULATOR**

**Financial support directions**

This version partially in force from: **April 6, 2005**

(version 1 of 1)

## 50 Section 47 contribution notice: relationship with employer debt

(1) This section applies where a contribution notice is issued to a person ("P") under section 47 and condition A or B is met.

(2) Condition A is met if, at the time at which the contribution notice is issued, there is a debt due from the employer to the trustees or managers of the scheme under section 75 of the Pensions Act 1995 ("the 1995 Act") (deficiencies in the scheme assets).

(3) Condition B is met if, after the contribution notice is issued but before the whole of the debt due by virtue of the notice is recovered, a debt becomes due from the employer to the trustees or managers of the scheme under section 75 of the 1995 Act.

(4) The Regulator may issue a direction to the trustees or managers of the scheme not to take any or any further steps to recover the debt due to them under section 75 of the 1995 Act pending the recovery of all or a specified part of the debt due to them by virtue of the contribution notice.

(5) If the trustees or managers fail to comply with a direction issued to them under subsection (4), section 10 of the 1995 Act (civil penalties) applies to any trustee or manager who has failed to take all reasonable steps to secure compliance.

(6) Any sums paid–

   (a) to the trustees or managers of the scheme in respect of any debt due to them by virtue of the contribution notice, or

   (b) to the Board of the Pension Protection Fund in respect of any debt due to it by virtue of the contribution notice (where it has assumed responsibility for the scheme in accordance with Chapter 3 of Part 2 (pension protection)),

are to be treated as reducing the amount of the debt due to the trustees or managers or, as the case may be, to the Board under section 75 of the 1995 Act.

(7) Where a sum is paid to the trustees or managers of the scheme or, as the case may be, to the Board in respect of the debt due under section 75 of the 1995 Act, P may make an application under this subsection to the Regulator for a reduction in the amount of the sum specified in P's contribution notice.

(8) An application under subsection (7) must be made as soon as reasonably practicable after the sum is paid to the trustees or managers or, as the case may be, to the Board in respect of the debt due under section 75 of the 1995 Act.

(9) Where such an application is made to the Regulator, the Regulator may, if it is of the opinion that it is appropriate to do so–

(a) reduce the amount of the sum specified in P's contribution notice by an amount which it considers reasonable, and

(b) issue a revised contribution notice specifying the revised sum.

(10) For the purposes of subsection (9), the Regulator must have regard to such matters as the Regulator considers relevant including, where relevant, the following matters–

(a) the amount paid in respect of the debt due under section 75 of the 1995 Act since the contribution notice was issued,

(b) any amounts paid in respect of the debt due by virtue of that contribution notice,

(c) whether contribution notices have been issued to other persons in respect of the same non-compliance with the financial support direction in question as the non-compliance in respect of which P's contribution notice was issued,

(d) where such contribution notices have been issued, the sums specified in each of those notices and any amounts paid in respect of the debt due by virtue of those notices,

(e) whether P's contribution notice specifies that P is jointly and severally liable for the debt with other persons, and

(f) such other matters as may be prescribed.

(11) Where–

(a) P's contribution notice specifies that P is jointly and severally liable for the debt with other persons, and

(b) a revised contribution notice is issued to P under subsection (9) specifying a revised sum,

the Regulator must also issue revised contribution notices to those other persons specifying the revised sum and their joint and several liability with P for the debt in respect of that sum.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Contribution notices; Debts; Employers; Financial support directions; Non-compliance; Occupational pensions; Pensions Regulator

**Pensions Act 2004 c. 35**

**Part 1 THE PENSIONS REGULATOR**

**Disclosure of information**

This version in force from: **January 26, 2009** to **present**

(version 2 of 2)

## 82 Restricted information

(1) Restricted information must not be disclosed–

　(a) by the Regulator, or

　(b) by any person who receives the information directly or indirectly from the Regulator.

(2) Subsection (1) is subject to–

　(a) subsection (3), and

　(b) sections 71(9), 83 to 88 and 235.

(3) Subject to [section 88(5)][1], restricted information may be disclosed with the consent of the person to whom it relates and (if different) the person from whom the Regulator obtained it.

(4) For the purposes of this section and sections 83 to 87, "restricted information" means any information obtained by the Regulator in the exercise of its functions which relates to the business or other affairs of any person, except for information–

　(a) which at the time of the disclosure is or has already been made available to the public from other sources, or

　(b) which is in the form of a summary or collection of information so framed as not to enable information relating to any particular person to be ascertained from it.

(5) Any person who discloses information in contravention of this section is guilty of an offence and liable–

　(a) on summary conviction, to a fine not exceeding the statutory maximum [, or imprisonment for a term not exceeding 12 months, or both][2] ;

　(b) on conviction on indictment, to a fine or imprisonment for a term not exceeding two years, or both.

[

(6) In relation to an offence under subsection (5) committed before the commencement of section 282 of the Criminal Justice Act 2003 (short sentences) the reference in subsection (5)(a) to 12 months has effect as if it were a reference to six months.

(7) Subsection (6) does not extend to Scotland.

]³

---

1.    Word substituted by Pensions Act 2008 c. 30 Pt 1 c.4 s.62(2) (January 26, 2009)

2.    Words inserted by Pensions Act 2008 c. 30 Pt 1 c.4 s.64(1) (January 26, 2009)

3.    Added by Pensions Act 2008 c. 30 Pt 1 c.4 s.64(2) (January 26, 2009)

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Pensions Act 2004 c. 35**

**Part 1 THE PENSIONS REGULATOR**

**Disclosure of information**

This version in force from: **April 6, 2005** to **present**

(version 1 of 1)

## 83 Information supplied to the Regulator by corresponding overseas authorities

(1) Subject to subsection (2), for the purposes of section 82, "restricted information" includes information which has been supplied to the Regulator, for the purposes of its functions, by an authority which exercises functions corresponding to the functions of the Regulator in a country or territory outside the United Kingdom.

(2) Sections 84 to 87 do not apply to such information as is mentioned in subsection (1), and such information must not be disclosed except–

(a) as provided in section 82(3),

(b) for the purpose of enabling or assisting the Regulator to discharge its functions, or

(c) by or on behalf of–

(i) the Regulator, or

(ii) any public authority (within the meaning of section 6 of the Human Rights Act 1998 (c. 42)) which receives the information directly or indirectly from the Regulator,

for any of the purposes specified in section 17(2)(a) to (d) of the Anti-terrorism, Crime and Security Act 2001 (c. 24) (criminal proceedings and investigations).

(3) Section 18 of the Anti-terrorism, Crime and Security Act 2001 (restriction on disclosure of information for overseas purposes) has effect in relation to a disclosure authorised by subsection (2) as it has effect in relation to a disclosure authorised by any of the provisions to which section 17 of that Act applies.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Criminal law **Other related subjects:** Pensions

**Keywords:** Confidential information; Disclosure; Foreign jurisdictions; Offences; Pensions Regulator

**Pensions Act 2004 c. 35**

**Part 1 THE PENSIONS REGULATOR**

**Disclosure of information**

This version in force from: **November 26, 2008** to **present**

(version 2 of 2)

## 84 Disclosure for facilitating exercise of functions by the Regulator

(1) Section 82 does not preclude the disclosure of restricted information in any case in which disclosure is for the purpose of enabling or assisting the Regulator to exercise its functions.

(2) Subsection (3) applies where, in order to enable or assist the Regulator properly to exercise any of its functions, the Regulator considers it necessary to seek advice from any qualified person on any matter of law, accountancy, valuation or other matter requiring the exercise of professional skill.

(3) Section 82 does not preclude the disclosure by the Regulator to a person qualified to provide that advice of such information as appears to the Regulator to be necessary to ensure that he is properly informed with respect to the matters on which his advice is sought.

[

(4) Section 82 does not preclude the disclosure by the Regulator to the Personal Accounts Delivery Authority of such information as appears to the Regulator to be necessary to enable the Authority to provide assistance or advice to the Regulator under section 79(2) of the Pensions Act 2008.

][1]

---

1.    Added by Pensions Act 2008 c. 30 Pt 1 c.6 s.83 (November 26, 2008)

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Pensions Act 2004 c. 35**

**Part 1 THE PENSIONS REGULATOR**

**Disclosure of information**

This version in force from: **April 6, 2005** to **present**

(version 1 of 1)

## 85 Disclosure for facilitating exercise of functions by the Board

Section 82 does not preclude the disclosure of restricted information in any case in which disclosure is for the purpose of enabling or assisting the Board of the Pension Protection Fund to exercise its functions.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Confidential information; Disclosure; Pension Protection Fund; Pensions Regulator

# Pensions Act 2004 c. 35

# Part 1 THE PENSIONS REGULATOR

## Disclosure of information

This version in force from: **April 6, 2005** to **present**

(version 1 of 1)

## 86 Disclosure for facilitating exercise of functions by other supervisory authorities

(1) Section 82 does not preclude the disclosure by the Regulator of restricted information to any person specified in the first column of Schedule 3 if the Regulator considers that the disclosure would enable or assist that person to exercise the functions specified in relation to him in the second column of that Schedule.

(2) The Secretary of State may after consultation with the Regulator–

(a) by order amend Schedule 3 by–

(i) adding any person exercising regulatory functions and specifying functions in relation to that person,

(ii) removing any person for the time being specified in the Schedule, or

(iii) altering the functions for the time being specified in the Schedule in relation to any person, or

(b) by order restrict the circumstances in which, or impose conditions subject to which, disclosure may be made to any person for the time being specified in the Schedule.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Confidential information; Disclosure; Pensions Regulator; Public authorities

## Pensions Act 2004 c. 35

## Part 1 THE PENSIONS REGULATOR

### Disclosure of information

This version in force from: **October 1, 2009** to **present**

(version 2 of 2)

## 87 Other permitted disclosures

(1) Section 82 does not preclude the disclosure by the Regulator of restricted information to–

(a) the Secretary of State,

(b) the Commissioners of Inland Revenue or their officers, or

(c) the Department for Social Development in Northern Ireland,

if the disclosure appears to the Regulator to be desirable or expedient in the interests of members of occupational pension schemes or personal pension schemes or in the public interest.

(2) Section 82 does not preclude the disclosure of restricted information–

(a) by or on behalf of–

(i) the Regulator, or

(ii) any public authority (within the meaning of section 6 of the Human Rights Act 1998 (c. 42)) which receives the information directly or indirectly from the Regulator,

for any of the purposes specified in section 17(2)(a) to (d) of the Anti-terrorism, Crime and Security Act 2001 (c. 24) (criminal proceedings and investigations),

(b) in connection with any proceedings arising out of–

(i) this Act,

(ii) the Welfare Reform and Pensions Act 1999 (c. 30),

(iii) the Pensions Act 1995 (c. 26), or

(iv) the Pension Schemes Act 1993 (c. 48),

or any corresponding enactment in force in Northern Ireland, or any proceedings for breach of trust in relation to an occupational pension scheme,

(c) with a view to the institution of, or otherwise for the purposes of, proceedings under–

(i) section 7 or 8 of the Company Directors Disqualification Act 1986 (c. 46), or

(ii) [Article 10 or 11][1] of the Company Directors Disqualification (Northern Ireland) Order 2002 (S.I. 2002/3150 (N.I. 4)),

(d) in connection with any proceedings under–

   (i) the Insolvency Act 1986 (c. 45), or

   (ii) the Insolvency (Northern Ireland) Order 1989 (S.I. 1989/2405 (N.I. 19)),

which the Regulator has instituted or in which it has a right to be heard,

(e) with a view to the institution of, or otherwise for the purposes of, any disciplinary proceedings relating to the exercise of his professional duties by a solicitor, an actuary, an accountant or an insolvency practitioner,

(f) with a view to the institution of, or otherwise for the purposes of, any disciplinary proceedings relating to the exercise by a public servant of his functions,

(g) for the purpose of enabling or assisting an authority in a country outside the United Kingdom to exercise functions corresponding to those of the Regulator under this Act, the Welfare Reform and Pensions Act 1999 (c. 30), the Pensions Act 1995 (c. 26) or the Pension Schemes Act 1993 (c. 48), or

(h) in pursuance of a Community obligation.

(3) In subsection (2)(f), "public servant" means an officer or servant of the Crown or of any prescribed authority.

(4) Section 82 does not preclude the disclosure by the Regulator of restricted information to–

   (a) the Director of Public Prosecutions,

   (b) the Director of Public Prosecutions for Northern Ireland,

   (c) the Lord Advocate,

   (d) a procurator fiscal, or

   (e) a constable.

(5) Section 82 does not preclude the disclosure of restricted information in any case where the disclosure is required by or by virtue of an enactment.

(6) Section 82 does not preclude the disclosure of restricted information in any case where the disclosure is to a Regulator-appointed trustee of an occupational pension scheme for the purpose of enabling or assisting him to exercise his functions in relation to the scheme.

(7) In subsection (6), "Regulator-appointed trustee" means a trustee appointed by the Regulator under section 7 or 23(1) of the Pensions Act 1995 or any corresponding provision in force in Northern Ireland.

(8) Section 82 does not preclude the disclosure by any person mentioned in subsection (1) or (4) of restricted information obtained by the person by virtue of that subsection, if the disclosure is made with the consent of the Regulator.

(9) Section 82 does not preclude the disclosure by any person specified in the first column of

Schedule 3 of restricted information obtained by the person by virtue of section 86(1), if the disclosure is made–

    (a) with the consent of the Regulator, and

    (b) for the purpose of enabling or assisting the person to exercise any functions specified in relation to him in the second column of the Schedule.

(10) Before deciding whether to give its consent to such a disclosure as is mentioned in subsection (8) or (9), the Regulator must take account of any representations made to it, by the person seeking to make the disclosure, as to the desirability of the disclosure or the necessity for it.

(11) Section 18 of the Anti-terrorism, Crime and Security Act 2001 (c. 24) (restriction on disclosure of information for overseas purposes) has effect in relation to a disclosure authorised by subsection (2) as it has effect in relation to a disclosure authorised by any of the provisions to which section 17 of that Act applies.

---

1.    Words repealed by Companies Act 2006 (Consequential Amendments, Transitional Provisions and Savings) Order 2009/1941 Sch.1 para.243(6) (October 1, 2009)

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland



**Pensions Act 2004 c. 35**

**Part 1 THE PENSIONS REGULATOR**

**Exercise of regulatory functions**

This version in force from: **February 10, 2005** to **present**

(version 1 of 1)

## 93 The Regulator's procedure in relation to its regulatory functions

(1) The Regulator must determine the procedure that it proposes to follow in relation to the exercise of its regulatory functions.

(2) For the purposes of this Part the "regulatory functions" of the Regulator are–

(a) the power to issue an improvement notice under section 13,

(b) the power to issue a third party notice under section 14,

(c) the reserved regulatory functions (see Schedule 2),

(d) the power to issue a clearance statement under section 42,

(e) the power to issue a notice under section 45(1) approving the details of arrangements,

(f) the power to issue a clearance statement under section 46,

(g) the power to vary or revoke under section 101 (to the extent that it does not fall within paragraph (c)),

(h) the power to make an order under section 154(8),

(i) the power to make an order under section 219(4),

(j) the power to grant or revoke authorisation under section 288,

(k) the power to grant or revoke approval under section 289,

(l) the power to issue a notice under section 293(5),

(m) the power by direction under section 2(3)(a) of the Welfare Reform and Pensions Act 1999 (c. 30) to refuse to register a scheme under section 2 of that Act,

(n) the power to make an order under section 7 of the Pensions Act 1995 (c. 26) appointing a trustee (to the extent that it does not fall within paragraph (c)),

(o) the power to make an order under section 23 of that Act appointing an independent trustee,

(p) the power to give directions under section 72B of that Act (directions facilitating

winding up), and

(q) such other functions of the Regulator as may be prescribed.

(3) The Determinations Panel must determine the procedure to be followed by it in relation to any exercise by it on behalf of the Regulator of–

(a) the power to determine whether to exercise a regulatory function, and

(b) where the Panel so determines to exercise a regulatory function, the power to exercise the function in question.

(4) The procedure determined under this section–

(a) must provide for the procedure required under–

(i) section 96 (standard procedure), and

(ii) section 98 (special procedure), and

(b) may include such other procedural requirements as the Regulator or, as the case may be, the Panel considers appropriate.

(5) This section is subject to–

(a) sections 99 to 104 (the remaining provisions concerning the procedure in relation to the regulatory functions), and

(b) any regulations made by the Secretary of State under paragraph 19 of Schedule 1.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Pensions Regulator; Statutory duties; Statutory powers

## Pensions Act 2004 c. 35

## Part 1 THE PENSIONS REGULATOR

### Exercise of regulatory functions

This version partially in force from: **June 29, 2009**

(version 2 of 3)

## 96 Standard procedure

(1) The procedure determined under section 93 must make provision for the standard procedure.

[

(1A) In any case where—

(a) a warning notice is given to any person in respect of a contribution notice under section 38, and

(b) the contribution notice under consideration would be issued wholly or partly by reference to the Regulator's opinion that the material detriment test is met in relation to an act or failure,

the standard procedure must provide for the following matters.

(1B) The matters are—

(a) a requirement for the warning notice to explain the general effect of section 38B, and

(b) a requirement for the person to be given an opportunity before the contribution notice is issued to show the matters mentioned in subsection (2) of that section.

]¹

(2) The "standard procedure" is a procedure which provides for–

(a) the giving of notice to such persons as it appears to the Regulator would be directly affected by the regulatory action under consideration (a "warning notice"),

(b) those persons to have an opportunity to make representations,

(c) the consideration of any such representations and the determination whether to take the regulatory action under consideration,

(d) the giving of notice of the determination to such persons as appear to the Regulator to be directly affected by it (a "determination notice"),

(e) the determination notice to contain details of the right of referral to the Tribunal under subsection (3),

(f) the form and further content of warning notices and determination notices and the manner in which they are to be given, and

(g) the time limits to be applied at any stage of the procedure.

(3) Where the standard procedure applies, the determination which is the subject-matter of the determination notice may be referred to the Tribunal (see section 102) by–

(a) any person to whom the determination notice is given as required under subsection (2)(d), and

(b) any other person who appears to the Tribunal to be directly affected by the determination.

(4) Subsection (3) does not apply where the determination which is the subject-matter of the determination notice is a determination to issue a clearance statement under section 42 or 46.

(5) Where the determination which is the subject-matter of the determination notice is a determination to exercise a regulatory function and subsection (3) applies, the Regulator must not exercise the function–

(a) during the period within which the determination may be referred to the Tribunal (see section 103(1)), and

(b) if the determination is so referred, until the reference, and any appeal against the Tribunal's determination, has been finally disposed of.

(6) Subsection (5) does not apply where the determination is a determination to exercise any of the following functions–

(a) the power to make a direction under section 76(8) extending the retention period for documents taken into possession under section 75;

(b) the power to make a direction under section 78(10) extending the retention period for documents taken into possession under that section;

(c) the power to make an order under section 154(8);

(d) the power to make an order under section 219(4);

(e) the power to grant or revoke authorisation under section 288;

(f) the power to grant or revoke approval under section 289;

(g) the power to issue a notice under section 293(5);

(h) the power to make an order under section 3(1) of the Pensions Act 1995 (c. 26) prohibiting a person from being a trustee;

(i) the power to make an order under section 3(3) of that Act revoking such an order;

(j) the power to make an order under section 4(1) of that Act suspending a trustee;

(k) the power to make an order under section 4(2) of that Act extending the period for which an order under section 4(1) of that Act has effect;

(l) the power to make an order under section 4(5) of that Act revoking an order under section 4(1) of that Act suspending a trustee;

(m) the power to make an order under section 7 of that Act appointing a trustee;

(n) the power under section 9 of that Act to exercise by order the same jurisdiction and powers as the High Court or the Court of Session for vesting property in, or transferring property to, trustees in consequence of the appointment or removal of a trustee;

(o) the power to make an order under section 23 of that Act appointing an independent trustee;

(p) the power under section 29(5) of that Act to give a notice waiving a disqualification under section 29 of that Act;

(q) the power under section 30(2) of that Act to exercise by order the same jurisdiction and powers as the High Court or the Court of Session for vesting property in, or transferring property to, the trustees where a trustee becomes disqualified under section 29 of that Act;

(r) the power to give directions under section 72B of that Act facilitating a winding up;

(s) the power by direction under section 99(4) of the Pension Schemes Act 1993 (c. 48) to grant an extension of the period within which the trustees or managers of a scheme are to carry out certain duties;

(t) the power by direction under section 101J(2) of that Act to extend the period for compliance with a transfer notice;

(u) such other regulatory functions as may be prescribed;

(v) the power under section 101(1)(b) to vary or revoke in relation to the exercise of any of the regulatory functions mentioned in paragraphs (a) to (u) other than those mentioned in paragraph (i) or (l).

---

1.    Added by Pensions Act 2008 c. 30 Sch.9 para.4 (June 29, 2009)

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Pensions Act 2004 c. 35**

**Part 1 THE PENSIONS REGULATOR**

**Exercise of regulatory functions**

This version in force from: **April 6, 2009** to **present**

(version 2 of 2)

## 97 Special procedure: applicable cases

(1) The special procedure in section 98 (and not the standard procedure) applies to–

(a) a case falling within subsection (2),

(b) a case falling within subsection (3), and

(c) a case falling within subsection (4).

(2) A case falls within this subsection if–

(a) the Regulator considers that it may be necessary to exercise a regulatory function listed in subsection (5) immediately because there is, or the Regulator considers it likely that if a warning notice were to be given there would be, an immediate risk to–

(i) the interests of members under an occupational or personal pension scheme, or

(ii) the assets of such a scheme,

(b) the Regulator accordingly dispenses with the giving of a warning notice and an opportunity to make representations as described in section 96(2)(a) and (b), and

(c) the Regulator determines to exercise the function immediately on the basis that it is necessary to do so because there is, or the Regulator considers it likely that if the function were not exercised immediately there would be, an immediate risk to–

(i) the interests of members under an occupational or personal pension scheme, or

(ii) the assets of such a scheme.

(3) A case falls within this subsection if–

(a) the Regulator gives a warning notice as described in section 96(2)(a) in relation to a determination whether to exercise a regulatory function listed in subsection (5), and

(b) before it has considered the representations of those persons to whom the warning notice is given, the Regulator determines to exercise the function immediately on the basis that it is necessary to do so because there is, or the Regulator considers it likely that if the function were not exercised immediately there would be, an immediate risk to–

(i) the interests of members under an occupational or personal pension scheme, or

(ii) the assets of such a scheme.

(4) A case falls within this subsection if the Regulator–

(a) gives a warning notice as described in section 96(2)(a) in relation to a determination whether to exercise a regulatory function which–

(i) is listed in subsection (5), and

(ii) is not a function listed in section 96(6) (functions which may be exercised immediately under the standard procedure),

(b) considers the representations of those persons to whom the warning notice is given, and

(c) determines to exercise the function immediately on the basis that it is necessary to do so because there is, or the Regulator considers it likely that if the function were not exercised immediately there would be, an immediate risk to–

(i) the interests of members under an occupational or personal pension scheme, or

(ii) the assets of such a scheme.

(5) The regulatory functions referred to in subsections (2), (3) and (4) are–

(a) the power to make or extend a restraining order under section 20;

(b) the power to make a freezing order under section 23;

(c) the power to make an order under section 25(3) extending the period for which a freezing order has effect;

(d) the power to make an order under section 26 validating action taken in contravention of a freezing order;

(e) the power to make an order under section 28 directing that specified steps are taken;

(f) the power to make an order under section 30 giving a direction where a freezing order ceases to have effect;

(g) the power to make an order under section 31(3) directing the notification of members;

(h) the power to make an order under section 231 modifying a scheme, giving directions or imposing a schedule of contributions;

(i) the power to make an order under section 3(1) of the Pensions Act 1995 (c. 26) prohibiting a person from being a trustee;

(j) the power to make an order under section 3(3) of that Act revoking such an order;

(k) the power to make an order under section 4(1) of that Act suspending a trustee;

(l) the power to make an order under section 4(5) of that Act revoking such an order;

(m) the power to make an order under section 7 of that Act appointing a trustee;

(n) the power under section 9 of that Act to exercise by order the same jurisdiction and powers as the High Court or the Court of Session for vesting property in, or transferring property to, trustees in consequence of the appointment or removal of a trustee;

(o) the power to make an order under section 11 of that Act directing or authorising an occupational pension scheme to be wound up;

(p) the power to make an order under section 23 of that Act appointing an independent trustee;

(q) the power under section 29(5) of that Act to give a notice waiving a disqualification under section 29 of that Act;

(r) the power under section 30(2) of that Act to exercise by order the same jurisdiction and powers as the High Court or the Court of Session for vesting property in, or transferring property to, the trustees where a trustee becomes disqualified under section 29 of that Act;

(s) the power to make an order under section 67G(2) of that Act by virtue of which any modification of, or grant of rights under, an occupational pension scheme is void to any extent;

(t) the power to make an order under section 67H(2) of that Act prohibiting, or specifying steps to be taken in relation to, the exercise of a power to modify an occupational pension scheme;

[

(ta) a power under section 24H of the Pension Schemes Act 1993;

][1]

(u) such other regulatory functions as may be prescribed;

(v) the power under section 101(1)(b) to vary or revoke in relation to the exercise of any of the regulatory functions mentioned in paragraphs (a) to (u) other than those mentioned in paragraph (j) or (l).

---

1.    Added by Pensions Act 2007 c. 22 Pt 2 s.14(6) (April 6, 2009: March 1, 2009 for the purpose of conferring power to make regulations; April 6, 2009 otherwise)

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Pensions Act 2004 c. 35**

**Part 1 THE PENSIONS REGULATOR**

**Exercise of regulatory functions**

This version in force from: **April 6, 2005** to **present**

(version 1 of 1)

## 100 Duty to have regard to the interests of members etc

(1) The Regulator must have regard to the matters mentioned in subsection (2)–

  (a) when determining whether to exercise a regulatory function–

   (i) in a case where the requirements of the standard or special procedure apply, or

   (ii) on a review under section 99, and

  (b) when exercising the regulatory function in question.

(2) Those matters are–

  (a) the interests of the generality of the members of the scheme to which the exercise of the function relates, and

  (b) the interests of such persons as appear to the Regulator to be directly affected by the exercise.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Pensions Regulator; Statutory duties

## Pensions Act 2004 c. 35

## Part 1 THE PENSIONS REGULATOR

## The Pensions Regulator Tribunal

This version in force from: **November 26, 2008** to **present**

(version 2 of 3)

## 103 References to the Tribunal

(1) A reference to the Tribunal under this Act must be made–

(a) in the case of a reference under section 96(3) (referral following determination under standard procedure), during the period of 28 days beginning with the day on which the determination notice in question is given,

(b) in the case of a reference under section 99(7) (referral following determination under special procedure), during the period of 28 days beginning with the day on which the final notice in question is given, or

(c) in either case, during such other period as may be specified in rules made under section 102.

[

(1A) A reference to the Tribunal under section 44 of the Pensions Act 2008 must be made during such period as may be specified in rules made under section 102.

][1]

(2) Subject to rules made under section 102 , the Tribunal may allow a reference to be made after the end of the relevant period specified in or under subsection (1) [ or (1A)][2] .

(3) On a reference, the Tribunal may consider any evidence relating to the subject-matter of the reference, whether or not it was available to the Regulator at the material time.

(4) On a reference, the Tribunal must determine what (if any) is the appropriate action for the Regulator to take in relation to the matter referred to the Tribunal.

(5) On determining a reference, the Tribunal must remit the matter to the Regulator with such directions (if any) as the Tribunal considers appropriate for giving effect to its determination.

(6) Those directions may include directions to the Regulator–

(a) confirming the Regulator's determination and any order, notice or direction made, issued or given as a result of it;

(b) to vary or revoke the Regulator's determination, and any order, notice or direction made, issued or given as a result of it;

(c) to substitute a different determination, order, notice or direction;

(d) to make such savings and transitional provision as the Tribunal considers appropriate.

(7) The Regulator must act in accordance with the determination of, and any direction given by, the Tribunal (and accordingly sections 96 to 99 (standard and special procedure) do not apply).

(8) The Tribunal may, on determining a reference, make recommendations as to the procedure followed by the Regulator or the Determinations Panel.

(9) An order of the Tribunal may be enforced–

   (a) as if it were an order of a county court, or

   (b) in Scotland, as if it were an order of the Court of Session.

---

1.   Added by Pensions Act 2008 c. 30 Pt 1 c.2 s.44(6) (November 26, 2008 in relation to the power to make regulations, rules, an Order in Council or an order; not yet in force otherwise)

2.   Words inserted by Pensions Act 2008 c. 30 Pt 1 c.2 s.44(7) (November 26, 2008 in relation to the power to make regulations, rules, an Order in Council or an order; not yet in force otherwise)

   Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

# Pensions Act 2004 c. 35

## Part 1 THE PENSIONS REGULATOR

### The Pensions Regulator Tribunal

This version in force from: **February 10, 2005** to **present**

(version 1 of 2)

## 104 Appeal on a point of law

(1) A party to a reference to the Tribunal may with permission appeal–

(a) to the Court of Appeal, or

(b) in Scotland, to the Court of Session,

on a point of law arising from a decision of the Tribunal disposing of the reference.

(2) "Permission" means permission given by–

(a) the Tribunal, or

(b) if it is refused by the Tribunal, by the Court of Appeal or, in Scotland, the Court of Session.

(3) If, on an appeal under subsection (1), the court considers that the decision of the Tribunal was wrong in law, it may–

(a) remit the matter to the Tribunal for rehearing and determination by it under section 103, or

(b) itself make a determination.

(4) An appeal may not be brought from a decision of the Court of Appeal under subsection (3) except with the leave of–

(a) the Court of Appeal, or

(b) the House of Lords.

(5) An appeal lies, with the leave of the Court of Session or the House of Lords, from any decision of the Court of Session under this section, and such leave may be given on such terms as to costs, expenses or otherwise as the Court of Session or the House of Lords may determine.

(6) Rules made under section 102 may make provision for regulating or prescribing any matters incidental to or consequential on an appeal under this section.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Civil procedure **Other related subjects:** Pensions

**Keywords:** Appeals; Jurisdiction; Pensions Regulator Tribunal; References

**Pensions Act 2004 c. 35**

**Part 2 THE BOARD OF THE PENSION PROTECTION FUND**

**Chapter 2 INFORMATION RELATING TO EMPLOYER'S INSOLVENCY ETC**

**Insolvency events**

This version partially in force from: **October 1, 2009**

(version 3 of 3)

## 121 Insolvency event, insolvency date and insolvency practitioner

(1) In this Part each of the following expressions has the meaning given to it by this section–

"insolvency event"

"insolvency date"

"insolvency practitioner".

(2) An insolvency event occurs in relation to an individual where–

(a) he is adjudged bankrupt or sequestration of his estate has been awarded;

(b) the nominee in relation to a proposal for a voluntary arrangement under Part 8 of the Insolvency Act 1986 (c. 45) submits a report to the court under section 256(1) or 256A(3) of that Act which states that in his opinion a meeting of the individual's creditors should be summoned to consider the debtor's proposal;

(c) a deed of arrangement made by or in respect of the affairs of the individual is registered in accordance with the Deeds of Arrangement Act 1914 (c. 47);

(d) he executes a trust deed for his creditors or enters into a composition contract;

(e) he has died and–

(i) an insolvency administration order is made in respect of his estate in accordance with an order under section 421 of the Insolvency Act 1986, or

(ii) a judicial factor appointed under section 11A of the Judicial Factors (Scotland) Act 1889 (c. 39) is required by that section to divide the individual's estate among his creditors.

(3) An insolvency event occurs in relation to a company where–

(a) the nominee in relation to a proposal for a voluntary arrangement under Part 1 of the Insolvency Act 1986 submits a report to the court under section 2 of that Act (procedure where nominee is not the liquidator or administrator) which states that in his opinion meetings of the company and its creditors should be summoned to consider the proposal;

(b) the directors of the company file (or in Scotland lodge) with the court documents and statements in accordance with paragraph 7(1) of Schedule A1 to that Act (moratorium where directors propose voluntary arrangement);

(c) an administrative receiver within the meaning of section 251 of that Act is appointed in relation to the company;

(d) the company enters administration within the meaning of paragraph 1(2)(b) of Schedule B1 to that Act;

(e) a resolution is passed for a voluntary winding up of the company without a declaration of solvency under section 89 of that Act;

(f) a meeting of creditors is held in relation to the company under section 95 of that Act (creditors' meeting which has the effect of converting a members' voluntary winding up into a creditors' voluntary winding up);

(g) an order for the winding up of the company is made by the court under Part 4 or 5 of that Act.

(4) An insolvency event occurs in relation to a partnership where–

(a) an order for the winding up of the partnership is made by the court under any provision of the Insolvency Act 1986 (c. 45) (as applied by an order under section 420 of that Act (insolvent partnerships));

(b) sequestration is awarded on the estate of the partnership under section 12 of the Bankruptcy (Scotland) Act 1985 (c. 66) or the partnership grants a trust deed for its creditors;

(c) the nominee in relation to a proposal for a voluntary arrangement under Part 1 of the Insolvency Act 1986 (as applied by an order under section 420 of that Act) submits a report to the court under section 2 of that Act (procedure where nominee is not the liquidator or administrator) which states that in his opinion meetings of the members of the partnership and the partnership's creditors should be summoned to consider the proposal;

(d) the members of the partnership file with the court documents and statements in accordance with paragraph 7(1) of Schedule A1 to that Act (moratorium where directors propose voluntary arrangement) (as applied by an order under section 420 of that Act);

[

(e) the partnership enters administration within the meaning of paragraph 1(2)(b) of Schedule B1 to that Act[2] (as applied by an order under section 420 of that Act [3]).

][1]

(5) An insolvency event also occurs in relation to a person where an event occurs which is a prescribed event in relation to such a person.

(6) Except as provided by subsections (2) to (5), for the purposes of this Part an event is not to be regarded as an insolvency event in relation to a person.

(7) The Secretary of State may by order amend subsection (4)(e) to make provision consequential upon any order under section 420 of the Insolvency Act 1986 (insolvent partnerships) applying the provisions of Part 2 of that Act (administration) as amended by the Enterprise Act 2002 (c. 40).

(8) "Insolvency date", in relation to an insolvency event, means the date on which the event

occurs.

(9) "Insolvency practitioner", in relation to a person, means–

    (a) a person acting as an insolvency practitioner, in relation to that person, in accordance with section 388 of the Insolvency Act 1986;

    (b) in such circumstances as may be prescribed, a person of a prescribed description.

(10) In this section–

    "company" means a company [as defined in section 1(1) of the Companies Act 2006][4] or a company which may be wound up under Part 5 of the Insolvency Act 1986 (c. 45) (unregistered companies);

    "person acting as an insolvency practitioner", in relation to a person, includes the official receiver acting as receiver or manager of any property of that person.

(11) In applying section 388 of the Insolvency Act 1986 under subsection (9) above–

    (a) the reference in section 388(2)(a) to a permanent or interim trustee in sequestration must be taken to include a reference to a trustee in sequestration, and

    (b) section 388(5) (which includes provision that nothing in the section applies to anything done by the official receiver or the Accountant in Bankruptcy) must be ignored.

---

1.    Substituted by Pension Protection Fund (Insolvent Partnerships) (Amendment of Insolvency Events) Order 2005/2893 art.2 (November 10, 2005)

2.    Schedule B1 to the Insolvency Act 1986 (c.45) was inserted by section 248(2) of, and Schedule 16 to, the Enterprise Act 2002 (c.40).

3.    The order made under section 420 of the Insolvency Act 1986 is S.I. 2005/1516. Section 420 was amended by regulation 3(5) of S.I. 2002/1037.

4.    Words substituted by Companies Act 2006 (Consequential Amendments, Transitional Provisions and Savings) Order 2009/1941 Sch.1 para.243(7) (October 1, 2009)

    Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Pensions Act 2004 c. 35**

**Part 2 THE BOARD OF THE PENSION PROTECTION FUND**

**Chapter 3 PENSION PROTECTION**

**Restrictions on schemes during the assessment period**

This version in force from: **April 6, 2005** to **present**

(version 1 of 1)

## 132 Assessment periods

(1) In this Part references to an assessment period are to be construed in accordance with this section.

(2) Where, in relation to an eligible scheme, a qualifying insolvency event occurs in relation to the employer, an assessment period–

(a) begins with the occurrence of that event, and

(b) ends when–

(i) the Board ceases to be involved with the scheme (see section 149),

(ii) the trustees or managers of the scheme receive a transfer notice under section 160, or

(iii) the conditions in section 154(2) (no scheme rescue but sufficient assets to meet protected liabilities etc) are satisfied in relation to the scheme,

whichever first occurs.

(3) In subsection (2) "qualifying insolvency event" has the meaning given by section 127(3).

(4) Where, in relation to an eligible scheme, an application is made under section 129(1) or a notification is received under section 129(5)(a), an assessment period–

(a) begins when the application is made or the notification is received, and

(b) ends when–

(i) the Board ceases to be involved with the scheme (see section 149),

(ii) the trustees or managers of the scheme receive a transfer notice under section 160, or

(iii) the conditions in section 154(2) (no scheme rescue but sufficient assets to meet protected liabilities etc) are satisfied in relation to the scheme,

whichever first occurs.

(5) For the purposes of subsection (4) an application under section 129(1) or notification

under section 129(5)(a) is to be disregarded if it is made or given during an assessment period in relation to the scheme which began before the application was made or notification was given.

(6) This section is subject to section 159 (which provides for further assessment periods to begin in certain circumstances where schemes are required to wind up or continue winding up under section 154).

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Assessment; Duration; Employers; Insolvency; Occupational pensions; Pension protection

**Pensions Act 2004 c. 35**

**Part 2 THE BOARD OF THE PENSION PROTECTION FUND**

**Chapter 3 PENSION PROTECTION**

**Restrictions on schemes during the assessment period**

This version in force from: **February 10, 2005** to **present**

(version 1 of 1)

## 134 Directions

(1) This section applies where there is an assessment period in relation to an eligible scheme.

(2) With a view to ensuring that the scheme's protected liabilities do not exceed its assets or, if they do exceed its assets, that the excess is kept to a minimum, the Board may give a relevant person in relation to the scheme directions regarding the exercise during that period of his powers in respect of–

(a) the investment of the scheme's assets,

(b) the incurring of expenditure,

(c) the instigation or conduct of legal proceedings, and

(d) such other matters as may be prescribed.

(3) In subsection (2)–

(a) "relevant person" in relation to a scheme means–

(i) the trustees or managers of the scheme,

(ii) the employer in relation to the scheme, or

(iii) such other persons as may be prescribed, and

(b) the reference to the assets of the scheme is a reference to those assets excluding any assets representing the value of any rights in respect of money purchase benefits under the scheme rules.

(4) The Board may revoke or vary any direction under this section.

(5) Where a direction under this section given to the trustees or managers of a scheme is not complied with, section 10 of the Pensions Act 1995 (c. 26) (civil penalties) applies to any such trustee or manager who has failed to take all reasonable steps to secure compliance with the direction.

(6) That section also applies to any other person who, without reasonable excuse, fails to comply with a direction given to him under this section.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Assessment; Board of the Pension Protection Fund; Directions; Employers; Insolvency; Occupational pensions; Pension protection; Pension scheme trustees

**Pensions Act 2004 c. 35**

**Part 2 THE BOARD OF THE PENSION PROTECTION FUND**

**Chapter 3 PENSION PROTECTION**

**Restrictions on schemes during the assessment period**

This version in force from: **February 10, 2005** to **present**

(version 1 of 1)

## 135 Restrictions on winding up, discharge of liabilities etc

(1) This section applies where there is an assessment period in relation to an eligible scheme.

(2) Subject to subsection (3), the winding up of the scheme must not begin during the assessment period.

(3) Subsection (2) does not apply to the winding up of the scheme in pursuance of an order by the Regulator under section 11(3A) of the Pensions Act 1995 (Regulator's powers to wind up occupational pension schemes to protect Pension Protection Fund) directing the scheme to be wound up (and section 219 makes provision for the backdating of the winding up).

(4) During the assessment period, except in prescribed circumstances and subject to prescribed conditions–

(a) no transfers of, or transfer payments in respect of, any member's rights under the scheme rules are to be made from the scheme, and

(b) no other steps may be taken to discharge any liability of the scheme to or in respect of a member of the scheme in respect of–

(i) pensions or other benefits, or

(ii) such other liabilities as may be prescribed.

(5) Subsection (4)–

(a) is subject to section 138, and

(b) applies whether or not the scheme was being wound up immediately before the assessment period or began winding up by virtue of subsection (3).

(6) Subsection (7) applies where, on the commencement of the assessment period–

(a) a member's pensionable service terminates, and

(b) he becomes a person to whom Chapter 5 of Part 4 of the Pension Schemes Act 1993 (c. 48) (early leavers: cash transfer sums and contribution refunds) applies.

Section 150(5) (retrospective accrual of benefits in certain circumstances) is to be disregarded for the purposes of determining whether a member falls within paragraph (a) or

(b).

(7) Where this subsection applies, during the assessment period–

   (a) no right or power conferred by that Chapter may be exercised, and

   (b) no duty imposed by that Chapter may be discharged.

(8) Where a person is entitled to a pension credit derived from another person's shareable rights (within the meaning of Chapter 1 of Part 4 under of the Welfare Reform and Pensions Act 1999 (c. 30) (sharing of rights under pension arrangements)) under the scheme, nothing in subsection (4) prevents the trustees or managers of the scheme discharging their liability in respect of the credit in accordance with that Chapter.

(9) Any action taken in contravention of this section is void, except to the extent that the Board validates the action (see section 136).

(10) Disregarding subsection (9), where there is a contravention of this section, section 10 of the Pensions Act 1995 (c. 26) (civil penalties) applies to any trustee or manager who has failed to take all reasonable steps to secure compliance with this section.

(11) The Regulator may not make a freezing order (see section 23) in relation to the scheme during the assessment period.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Assessment; Insolvency; Occupational pensions; Pension protection; Statutory powers; Winding-up

**Pensions Act 2004 c. 35**

**Part 2 THE BOARD OF THE PENSION PROTECTION FUND**

**Chapter 3 PENSION PROTECTION**

**Restrictions on schemes during the assessment period**

This version in force from: **April 6, 2005** to **present**

(version 1 of 1)

## 137 Board to act as creditor of the employer

(1) Subsection (2) applies where there is an assessment period in relation to an eligible scheme.

(2) During the assessment period, the rights and powers of the trustees or managers of the scheme in relation to any debt (including any contingent debt) due to them by the employer, whether by virtue of section 75 of the Pensions Act 1995 (c. 26) (deficiencies in the scheme assets) or otherwise, are exercisable by the Board to the exclusion of the trustees or managers.

(3) Where, by virtue of subsection (2), any amount is paid to the Board in respect of such a debt, the Board must pay that amount to the trustees or managers of the scheme.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Assessment; Board of the Pension Protection Fund; Creditors; Employers; Insolvency; Occupational pensions; Pension protection; Statutory powers; Winding-up

## Pensions Act 2004 c. 35

## Part 2 THE BOARD OF THE PENSION PROTECTION FUND

## Chapter 3 PENSION PROTECTION

### Restrictions on schemes during the assessment period

This version partially in force from: **February 10, 2005**

(version 1 of 1)

## 138 Payment of scheme benefits

(1) Subsections (2) and (3) apply where there is an assessment period in relation to an eligible scheme.

(2) The benefits payable to or in respect of any member under the scheme rules during the assessment period must be reduced to the extent necessary to ensure that they do not exceed the compensation which would be payable to or in respect of the member in accordance with this Chapter if–

(a) the Board assumed responsibility for the scheme in accordance with this Chapter, and

(b) the assessment date referred to in Schedule 7 were the date on which the assessment period began.

(3) But where, on the commencement of the assessment period–

(a) a member's pensionable service terminates, and

(b) he becomes a person to whom Chapter 5 of Part 4 of the Pension Schemes Act 1993 (c. 48) (early leavers: cash transfer sums and contribution refunds) applies,

no benefits are payable to or in respect of him under the scheme during the assessment period.

(4) Section 150(5) (retrospective accrual of benefits in certain circumstances) is to be disregarded for the purposes of determining whether a member falls within paragraph (a) or (b) of subsection (3).

(5) Nothing in subsection (3) prevents the payment of benefits attributable (directly or indirectly) to a pension credit, during the assessment period, in accordance with subsection (2).

(6) Where at any time during the assessment period the scheme is being wound up, subject to any reduction required under subsection (2) and to subsection (3), the benefits payable to or in respect of any member under the scheme rules during that period are the benefits that would have been so payable in the absence of the winding up of the scheme.

(7) Subsections (2), (3) and (6) are subject to sections 150(1) to (3) and 154(13) (which provide for the adjustment of amounts paid during an assessment period when that period ends other than as a result of the Board assuming responsibility for the scheme).

(8) For the purposes of subsections (2) and (3) the trustees or managers of the scheme may take such steps as they consider appropriate (including steps adjusting future payments under the scheme rules) to recover any overpayment or pay any shortfall.

(9) Section 10 of the Pensions Act 1995 (c. 26) (civil penalties) applies to a trustee or manager of a scheme who fails to take all reasonable steps to secure compliance with subsections (2) and (3).

(10) Regulations may provide that, where there is an assessment period in relation to an eligible scheme–

(a) in such circumstances as may be prescribed subsection (2) does not operate to require the reduction of benefits payable to or in respect of any member;

(b) the commencement of a member's pension or payment of a member's lump sum or other benefits is, in such circumstances and on such terms and conditions as may be prescribed, to be postponed for the whole or any part of the assessment period for which he continues in employment after attaining normal pension age.

(11) For the purposes of subsection (10)–

(a) "normal pension age", in relation to an eligible scheme and any pension or other benefit under it, means the age specified in the scheme rules as the earliest age at which the pension or other benefit becomes payable without actuarial adjustment (disregarding any scheme rule making special provision as to early payment on the grounds of ill health), and

(b) where different ages are so specified in relation to different parts of a pension or other benefit–

(i) subsection (10) has effect as if those parts were separate pensions or, as the case may be, benefits, and

(ii) in relation to a part of a pension or other benefit, the reference in that subsection to normal pension age is to be read as a reference to the age specified in the scheme rules as the earliest age at which that part becomes so payable.

(12) Regulations may provide that, in prescribed circumstances, where–

(a) a member of the scheme died before the commencement of the assessment period, and

(b) during the assessment period, a person becomes entitled under the scheme rules to a benefit of a prescribed description in respect of the member,

the benefit, or any part of it, is, for the purposes of subsection (2), to be treated as having become payable before the commencement of the assessment period.

(13) Nothing in subsection (2) or (3) applies to money purchase benefits.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Assessment; Insolvency; Occupational pensions; Pension benefits; Pension protection

## Pensions Act 2004 c. 35

## Part 2 THE BOARD OF THE PENSION PROTECTION FUND

## Chapter 3 PENSION PROTECTION

### Valuation of assets and liabilities

This version in force from: **April 6, 2005** to **present**

(version 2 of 2)

## 143 Board's obligation to obtain valuation of assets and protected liabilities

(1) This section applies in a case within subsection (1) of section 127 or 128.

(2) For the purposes of determining whether the condition in subsection (2)(a) of the section in question is satisfied, the Board must, as soon as reasonably practicable, obtain an actuarial valuation of the scheme as at the relevant time.

(3) For those purposes, regulations may provide that any of the following are to be regarded as assets or protected liabilities of the scheme at the relevant time if prescribed requirements are met–

(a) a debt due to the trustees or managers of the scheme by virtue of a contribution notice issued under section 38, 47 or 55 during the pre-approval period;

(b) an obligation arising under financial support for the scheme (within the meaning of section 45) put in place during the pre-approval period in accordance with a financial support direction issued under section 43;

(c) an obligation imposed by a restoration order made under section 52 during the pre-approval period in respect of a transaction involving assets of the scheme.

(4) For the purposes of this section, regulations may prescribe how–

(a) the assets and the protected liabilities of eligible schemes, and

(b) their amount or value,

are to be determined, calculated and verified.

(5) Regulations under subsection (4) may provide, in particular, that when calculating the amount or value of assets or protected liabilities of an eligible scheme at the relevant time which consist of any of the following–

(a) a debt (including any contingent debt) due to the trustees or managers of the scheme from the employer under section 75 of the Pensions Act 1995 (c. 26) (deficiencies in the scheme assets),

(b) a debt due to the trustees or managers of the scheme by virtue of a contribution notice issued under section 38, 47 or 55,

(c) an obligation arising under financial support for the scheme (within the meaning of section 45) put in place in accordance with a financial support direction issued under

section 43, or

(d) an obligation imposed by a restoration order made under section 52 in respect of a transaction involving assets of the scheme,

account must be taken in the prescribed manner of prescribed events which occur during the pre-approval period.

[

(5A) Subsection (5B) applies if–

(a) during the pre-approval period any liability to provide pensions or other benefits to or in respect of any member or members under the scheme is discharged by virtue of regulations under section 135(4) or the Board validating any action mentioned in section 135(9), and

(b) at the relevant time the protected liabilities of the scheme include any cost within section 131(1)(a) relating to compensation in respect of those pensions or other benefits.

(5B) If this subsection applies, for the purposes mentioned in subsection (2)–

(a) in determining that cost the effect of the discharge on the compensation payable in respect of those pensions or other benefits under paragraph 23A of Schedule 7 must be taken into account,

(b) in a case where assets of the scheme at the relevant time were transferred from the scheme during the pre-approval period in consideration for the discharge, those assets are not to be regarded as assets of the scheme at the relevant time, and

(c) in a case where assets that were not assets of the scheme at that time ("later-acquired assets") were so transferred, the value of the assets of the scheme at that time is to be reduced by the value of the later-acquired assets at the time of the discharge.

][1]

(6) Subject to any provision made under subsection (4), the matters mentioned in paragraphs (a) and (b) of that subsection are to be determined, calculated and verified in accordance with guidance issued by the Board.

(7) In calculating the amount of any liabilities for the purposes of this section, a provision of the scheme rules which limits the amount of the scheme's liabilities by reference to the value of its assets is to be disregarded.

(8) The duty imposed by subsection (2) ceases to apply if and when the Board ceases to be involved with the scheme.

(9) Nothing in subsection (2) requires the actuarial valuation to be obtained during any period when the Board considers that an event may occur which, by virtue of regulations under subsection (3) or (4) [ or by virtue of subsection (5B)][2] , may affect the value of the assets or the amount of the protected liabilities of the scheme for the purposes of the valuation.

(10) In a case where there are one or more reviewable ill health pensions (within the

meaning of section 140), nothing in subsection (2) requires the actuarial valuation to be obtained during the period mentioned in section 141(5)(b) (period during which Board may exercise its power to make a decision following a review) relating to any such pension.

(11) For the purposes of this section–

(a) "actuarial valuation", in relation to the scheme, means a written valuation of the assets and protected liabilities of the scheme which–

(i) is in the prescribed form and contains the prescribed information, and

(ii) is prepared and signed by–

(a) a person with prescribed qualifications or experience, or

(b) a person approved by the Secretary of State,

(b) "the pre-approval period", in relation to the scheme, means the period which–

(i) begins immediately after the relevant time, and

(ii) ends immediately before the time the Board first approves a valuation of the scheme under section 144 after the relevant time,

(c) "the relevant time"–

(i) in a case within subsection (1) of section 127, has the meaning given in subsection (4)(b) of that section, and

(ii) in a case within subsection (1) of section 128, has the meaning given in subsection (3)(b) of that section, and

(d) references to "assets" do not include assets representing the value of any rights in respect of money purchase benefits under the scheme rules.

---

1.    Added by Occupational Pension Schemes (Modification of Pension Protection Provisions) Regulations 2005/705 reg.2(2) (April 6, 2005)

2.    Words inserted by Occupational Pension Schemes (Modification of Pension Protection Provisions) Regulations 2005/705 reg.2(3) (April 6, 2005)

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Assets; Assumption of responsibility; Board of the Pension Protection Fund; Liabilities; Occupational pensions; Statutory duties; Valuation

**Pensions Act 2004 c. 35**

**Part 2 THE BOARD OF THE PENSION PROTECTION FUND**

**Chapter 3 PENSION PROTECTION**

**Assumption of responsibility for a scheme**

This version partially in force from: **April 6, 2005**

(version 1 of 1)

## 161 Effect of Board assuming responsibility for a scheme

(1) Where a transfer notice is given to the trustees or managers of an eligible scheme, the Board assumes responsibility for the scheme in accordance with this Chapter.

(2) The effect of the Board assuming responsibility for a scheme is that–

(a) the property, rights and liabilities of the scheme are transferred to the Board, without further assurance, with effect from the time the trustees or managers receive the transfer notice,

(b) the trustees or managers of the scheme are discharged from their pension obligations from that time, and

(c) from that time the Board is responsible for securing that compensation is (and has been) paid in accordance with the pension compensation provisions,

and, accordingly, the scheme is to be treated as having been wound up immediately after that time.

(3) In subsection (2)(a) the reference to liabilities of the scheme does not include any liability to, or in respect of, any member of the scheme, other than–

(a) liabilities in respect of money purchase benefits, and

(b) such other liabilities as may be prescribed.

(4) In subsection (2)(b) "pension obligations" in relation to the trustees or managers of the scheme means–

(a) their obligations to provide pensions or other benefits to or in respect of persons (including any obligation to provide guaranteed minimum pensions within the meaning of the Pension Schemes Act 1993 (c. 48)), and

(b) their obligations to administer the scheme in accordance with the scheme rules and this or any other enactment.

(5) Schedule 6 makes provision in respect of the transfer of the property, rights and liabilities of a scheme under subsection (2)(a).

(6) Regulations may make further provision regarding such transfers.

(7) Without prejudice to the generality of subsection (6), regulations may authorise the Board to modify a term of a relevant contract of insurance if–

   (a) any rights or liabilities under the contract are transferred to the Board by virtue of subsection (2)(a), and

   (b) as a result of the transfer, the Board is required, by reason of that term, to pay a specified amount or specified amounts to a specified person who, immediately before the time mentioned in subsection (2)(a), was a member of the scheme or a person entitled to benefits in respect of such a member.

(8) In subsection (7)–

   "relevant contract of insurance" means a contract of insurance which–

   (a) is entered with a view to securing the whole or part of the scheme's liability for–

      (i) any pension or other benefit payable to or in respect of one particular person whose entitlement to payment of a pension or other benefit has arisen, and

      (ii) any benefit which will be payable in respect of that person on his death, and

   (b) is a contract–

      (i) which may not be surrendered, or

      (ii) in respect of which the amount payable on surrender does not exceed the liability secured;

   "specified" means specified in, or determined in accordance with, the contract of insurance.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Assumption of responsibility; Board of the Pension Protection Fund; Occupational pensions; Transfer of functions; Winding-up

# Pensions Act 2004 c. 35

## Schedule 1 THE PENSIONS REGULATOR

## Part 1 MEMBERS OF THE REGULATOR

### Terms of appointment and tenure of members

This version in force from: **December 17, 2004** to **present**

(version 1 of 1)

**1**

(1) The members of the Regulator appointed by the Secretary of State under section 2(1)(a) or (c) are to be appointed on such terms and conditions as are determined by the Secretary of State.

(2) Subject to sub-paragraph (3), such a member–

(a) is to hold and vacate office in accordance with the terms and conditions of his appointment, and

(b) may resign or be removed from office in accordance with those terms and conditions.

(3) A person must cease to be a member of the Regulator where–

(a) in the case of the chairman, he ceases to hold that office or becomes a member of the staff of the Regulator;

(b) in the case of any other non-executive member, he becomes a member of the staff of the Regulator;

(c) in the case of an executive member appointed under section 2(1)(c), he ceases to be a member of the staff of the Regulator.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Appointments; Duration; Members; Pensions Regulator

**Pensions Act 2004 c. 35**

**Schedule 1 THE PENSIONS REGULATOR**

**Part 1 MEMBERS OF THE REGULATOR**

**Terms of appointment and tenure of members**

This version in force from: **December 17, 2004** to **present**

(version 1 of 1)

**2**

Where a person ceases to be employed as Chief Executive, he ceases to be a member of the Regulator.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Managers; Members; Pensions Regulator; Termination

# Pensions Act 2004 c. 35

## Schedule 1 THE PENSIONS REGULATOR

## Part 1 MEMBERS OF THE REGULATOR

## Terms of appointment and tenure of members

This version in force from: **December 17, 2004** to **present**

(version 1 of 1)

## 3

No person is to be prevented from being a member of the Regulator (whether as chairman or otherwise) merely because he has previously been such a member.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Appointments; Members; Pensions Regulator

**Pensions Act 2004 c. 35**

**Schedule 1 THE PENSIONS REGULATOR**

**Part 1 MEMBERS OF THE REGULATOR**

**Remuneration etc of members**

This version in force from: **December 17, 2004** to **present**

(version 1 of 1)

**4**

The Regulator may pay, or make provision for paying, its non-executive members such remuneration as the Secretary of State may determine.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Members; Pensions Regulator; Remuneration

# Pensions Act 2004 c. 35

## Schedule 1 THE PENSIONS REGULATOR

## Part 1 MEMBERS OF THE REGULATOR

### Remuneration etc of members

This version in force from: **December 17, 2004** to **present**

(version 1 of 1)

**5**

The Regulator may–

    (a) pay to or in respect of any person who is or has been a non-executive member such pension, allowances or gratuities as the Secretary of State may determine, or

    (b) make such payments as the Secretary of State may determine towards provision for the payment of a pension, allowance or gratuity to or in respect of such a person.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Gratuities; Members; Pensions; Pensions Regulator

**Pensions Act 2004 c. 35**

**Schedule 1 THE PENSIONS REGULATOR**

**Part 1 MEMBERS OF THE REGULATOR**

**Remuneration etc of members**

This version in force from: **December 17, 2004** to **present**

(version 1 of 1)

**6**

Where–

(a) a non-executive member ceases to be a member otherwise than on the expiry of his term of office, and

(b) it appears to the Secretary of State that there are circumstances which make it right for that person to receive compensation,

the Regulator may make a payment to that person of such amount as the Secretary of State may determine.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Compensation; Members; Pensions Regulator

**Pensions Act 2004 c. 35**

**Schedule 1 THE PENSIONS REGULATOR**

**Part 2 STAFF OF THE REGULATOR**

This version in force from: **December 17, 2004** to **present**

(version 1 of 1)

## 7 The staff

(1) The staff of the Regulator consists of–

(a) the Chief Executive of the Regulator appointed under paragraph 8,

(b) the other employees of the Regulator appointed under paragraph 9, and

(c) any additional staff made available by the Secretary of State under paragraph 10.

(2) No member of the Board of the Pension Protection Fund is eligible for appointment as a member of the staff of the Regulator.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Employees; Pensions Regulator

## Pensions Act 2004 c. 35

## Schedule 1 THE PENSIONS REGULATOR

## Part 2 STAFF OF THE REGULATOR

This version in force from: **December 17, 2004** to **present**

(version 1 of 1)

# 8 The Chief Executive

(1) The Regulator is to employ a person as its Chief Executive.

(2) The Chief Executive's main function is to be responsible for securing that the functions of the Regulator are exercised efficiently and effectively.

(3) The first appointment of a Chief Executive–

(a) is to be made by the Secretary of State, and

(b) is to be on such terms and conditions as to remuneration and other matters as are determined by the Secretary of State.

(4) Subsequent appointments of a Chief Executive–

(a) are to be made by the Regulator with the approval of the Secretary of State, and

(b) are to be on such terms and conditions as to remuneration and other matters as are determined by the Regulator with the approval of the Secretary of State.

(5) By virtue of subsection (2) of section 8 (non-executive functions), the function conferred on the Regulator by sub-paragraph (4)(b), so far as it relates to the terms and conditions as to remuneration, is exercisable on its behalf by the committee established under that section.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Appointments; Chief officers; Pensions Regulator; Powers rights and duties

**Pensions Act 2004 c. 35**

**Schedule 1 THE PENSIONS REGULATOR**

**Part 2 STAFF OF THE REGULATOR**

This version in force from: **December 17, 2004** to **present**

(version 1 of 1)

## 9 Other employees

(1) Other employees of the Regulator may be appointed by the Regulator with the approval of the Secretary of State as to numbers.

(2) Any such appointments are to be on such terms and conditions as to remuneration and other matters as are determined by the Regulator with the approval of the Secretary of State.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Appointments; Employees; Pensions Regulator

**Pensions Act 2004 c. 35**

**Schedule 1 THE PENSIONS REGULATOR**

**Part 2 STAFF OF THE REGULATOR**

This version in force from: **December 17, 2004** to **present**

(version 1 of 1)

## 10 Additional staff etc

(1) The Secretary of State may make available to the Regulator such additional staff and such other facilities as he considers appropriate.

(2) The availability of such staff and facilities may be on such terms as to payment by the Regulator as the Secretary of State may determine.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Employees; Pensions Regulator

# Pensions Act 2004 c. 35

## Schedule 1 THE PENSIONS REGULATOR

## Part 3 MEMBERS OF THE DETERMINATIONS PANEL

### Nomination of the chairman of the Panel

This version in force from: **December 17, 2004** to **present**

(version 1 of 1)

**11**

(1) On each occasion when the Regulator is required to appoint a person as chairman of the Determinations Panel, the chairman of the Regulator must establish a committee (in this Schedule referred to as "the appointments committee").

(2) The appointments committee must consist of–

(a) a chairman appointed by the chairman of the Regulator from the non-executive members of the Regulator, and

(b) one or more persons appointed by the chairman of the Regulator.

(3) At least one of the persons appointed under sub-paragraph (2)(b) must be a person who is not a member of the Regulator.

(4) But a person appointed under sub-paragraph (2)(b) must not be a person who is a member of the staff of the Regulator.

(5) The committee must nominate a person suitable for appointment as chairman of the Panel.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Appointments; Chairman; Committees; Pensions Regulator

**Pensions Act 2004 c. 35**

**Schedule 1 THE PENSIONS REGULATOR**

**Part 3 MEMBERS OF THE DETERMINATIONS PANEL**

**Terms of appointment and tenure of members of the Panel**

This version in force from: **December 17, 2004** to **present**

(version 1 of 1)

**12**

(1) The members of the Determinations Panel are to be appointed on such terms and conditions as are determined by the Regulator with the approval of the Secretary of State.

(2) Subject to sub-paragraph (3) such a member–

(a) is to hold and vacate office in accordance with the terms and conditions of his appointment, and

(b) may resign or be removed from office in accordance with those terms and conditions.

(3) A person must cease to be a member of the Panel where–

(a) in the case of the chairman, he ceases to hold that office, or

(b) in the case of any member, he becomes a member of the Regulator or a member of the staff of the Regulator.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Appointments; Committees; Duration; Members; Pensions Regulator

# Pensions Act 2004 c. 35

## Schedule 1 THE PENSIONS REGULATOR

## Part 3 MEMBERS OF THE DETERMINATIONS PANEL

### Terms of appointment and tenure of members of the Panel

This version in force from: **December 17, 2004** to **present**

(version 1 of 1)

## 13

No person is to be prevented from being a member of the Panel (whether as chairman or otherwise) merely because he has previously been a member of the Panel.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Committees; Members; Pensions Regulator

**Pensions Act 2004 c. 35**

**Schedule 1 THE PENSIONS REGULATOR**

**Part 3 MEMBERS OF THE DETERMINATIONS PANEL**

**Remuneration etc of members of the Panel**

This version in force from: **December 17, 2004** to **present**

(version 1 of 1)

**14**

The Regulator may pay, or make provision for paying, the members of the Determinations Panel such remuneration as the Secretary of State may determine.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Committees; Members; Pensions Regulator; Remuneration

**Pensions Act 2004 c. 35**

**Schedule 1 THE PENSIONS REGULATOR**

**Part 3 MEMBERS OF THE DETERMINATIONS PANEL**

**Remuneration etc of members of the Panel**

This version in force from: **December 17, 2004** to **present**

(version 1 of 1)

**15**

The Regulator may–

(a) pay to or in respect of any person who is or has been a member of the Panel such pension, allowances or gratuities as the Secretary of State may determine, or

(b) make such payments as the Secretary of State may determine towards provision for the payment of a pension, allowance or gratuity to or in respect of such a person.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Committees; Gratuities; Members; Pensions; Pensions Regulator

**Pensions Act 2004 c. 35**

**Schedule 1 THE PENSIONS REGULATOR**

**Part 3 MEMBERS OF THE DETERMINATIONS PANEL**

**Remuneration etc of members of the Panel**

This version in force from: **December 17, 2004** to **present**

(version 1 of 1)

**16**

Where–

(a) a member of the Panel ceases to be a member otherwise than on the expiry of his term of office, and

(b) it appears to the Secretary of State that there are circumstances which make it right for that person to receive compensation,

the Regulator may make a payment to that person of such amount as the Secretary of State may determine.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Committees; Compensation; Members; Pensions Regulator

# Pensions Act 2004 c. 35

## Schedule 1 THE PENSIONS REGULATOR

## Part 4 PROCEEDINGS AND DELEGATION ETC

### Committees

This version in force from: **December 17, 2004** to **present**

(version 1 of 1)

**17**

(1) The Regulator may establish committees for any purpose.

(2) Any committee so established may establish sub-committees.

(3) The members of such committees or sub-committees may include persons who are not members of the Regulator.

(4) The members of such sub-committees may include persons who are not members of the committee.

(5) But the majority of the members of a committee or a sub-committee must consist of persons who are members of the Regulator or members of the staff of the Regulator.

(6) Sub-paragraphs (2) to (5) do not apply to–

(a) the committee established under section 8 or any of its subcommittees, or

(b) the Determinations Panel or any of its sub-committees (see section 9).

(7) Subject to that, references in this Schedule to the committees of the Regulator are to–

(a) the committee established under section 8 and any of its subcommittees,

(b) the Determinations Panel and any of its sub-committees,

(c) the appointments committee, and

(d) any committees or sub-committees established under this paragraph.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Committees; Members; Pensions Regulator

**Pensions Act 2004 c. 35**

**Schedule 1 THE PENSIONS REGULATOR**

**Part 4 PROCEEDINGS AND DELEGATION ETC**

**Procedure**

This version in force from: **December 17, 2004** to **present**

(version 1 of 1)

**18**

(1) The Regulator may determine–

(a) its own procedure (including quorum), and

(b) the procedure (including quorum) of any of its committees (other than the Determinations Panel and any of that Panel's subcommittees).

(2) The Determinations Panel may determine–

(a) its own procedure (including quorum), and

(b) the procedure (including quorum) of any of its sub-committees.

(3) This paragraph is subject to–

(a) sections 93 to 104 (procedure in relation to the regulatory functions) and any corresponding provisions in force in Northern Ireland, and

(b) any regulations made by the Secretary of State under paragraph 19.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Committees; Pensions Regulator; Procedure

# Pensions Act 2004 c. 35

## Schedule 1 THE PENSIONS REGULATOR

## Part 4 PROCEEDINGS AND DELEGATION ETC

## Procedure

This version in force from: **date to be appointed**

(version 1 of 1)

## 19

(1) The Secretary of State may make regulations–

(a) as to the procedure (including quorum) to be followed by the Regulator or any of its committees;

(b) as to the manner in which the functions of the Regulator are to be exercised.

(2) Such regulations may in particular–

(a) make provision as to the hearing of parties, the taking of evidence and the circumstances (if any) in which a document of any prescribed description is to be treated for the purposes of any proceedings before the Regulator, as evidence, or conclusive evidence, of any prescribed matter;

(b) make provision as to the manner in which parties to any proceedings before the Regulator may or are to be represented for the purposes of the proceedings;

(c) provide for enabling the Regulator to summon persons–

(i) to attend proceedings before the Regulator and give evidence (including evidence on oath) for any purposes of proceedings in connection with a determination whether to exercise, or the exercise of, a regulatory function (or any corresponding function under any provisions in force in Northern Ireland corresponding to this Act), or

(ii) to produce any documents required by the Regulator for those purposes.

(3) In this paragraph references to proceedings before the Regulator include references to proceedings before the Determinations Panel and any of the Panel's sub-committees.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Committees; Pensions Regulator; Powers rights and duties; Procedure; Regulations

# Pensions Act 2004 c. 35

## Schedule 1 THE PENSIONS REGULATOR

## Part 4 PROCEEDINGS AND DELEGATION ETC

### Delegation

This version in force from: **December 17, 2004** to **present**

(version 1 of 1)

**20**

(1) The Regulator may authorise–

(a) any executive member of the Regulator,

(b) any other member of the staff of the Regulator, or

(c) any of its committees (other than the appointments committee, the Determinations Panel and any of that Panel's sub-committees),

to exercise, on behalf of the Regulator, such of its functions, in such circumstances, as the Regulator may determine.

(2) But sub-paragraph (1) does not apply to–

(a) the non-executive functions of the Regulator listed in subsection (4) of section 8 (which, by virtue of subsection (2) of that section, must be discharged by the committee established under that section),

(b) the duty of the Regulator to appoint the chairman and other members of the Determinations Panel under section 9,

(c) the duty of the Regulator to determine the terms and conditions of their appointments under paragraph 12(1), and

(d) the functions of the Regulator which are exercisable only by the Panel by virtue of–

(i) section 10(1) (the power in certain circumstances to determine whether to exercise the functions listed in Schedule 2 and to exercise them) or any corresponding provision in force in Northern Ireland, or

(ii) section 99(10) (the functions concerning the compulsory review of certain determinations) or any corresponding provision in force in Northern Ireland.

(3) The Regulator may authorise the appointments committee to exercise the power under paragraph 18 to determine the committee's own procedure (including quorum).

(4) The Regulator may authorise the Determinations Panel, in such circumstances as the Regulator may determine, to exercise on behalf of the Regulator–

(a) the power to determine whether to exercise one or more of the regulatory functions listed in sub-paragraph (5), and

(b) where the Panel so determines to exercise the regulatory function in question, the power to exercise it.

(5) The regulatory functions mentioned in sub-paragraph (4) are–

(a) the power to issue an improvement notice under section 13;

(b) the power to issue a third party notice under section 14;

(c) the power to issue a clearance statement under section 42;

(d) the power to issue a notice under section 45(1) approving the details of arrangements;

(e) the power to issue a clearance statement under section 46;

(f) the power to make an order under section 154(8);

(g) the power to make an order under section 219(4);

(h) the power to grant or revoke authorisation under section 288;

(i) the power to grant or revoke approval under section 289;

(j) the power to issue a notice under section 293(5);

(k) the power by direction under section 2(3)(a) of the Welfare Reform and Pensions Act 1999 (c. 30) to refuse to register a scheme under section 2 of that Act;

(l) the power to appoint a trustee under any of the following provisions of section 7 of the Pensions Act 1995 (c. 26)–

(i) subsection (1) where a trustee is removed by reason of his disqualification;

(ii) subsection (3)(b);

(m) the power to appoint an independent trustee under section 23 of that Act;

(n) the power to give directions under section 72B of that Act facilitating a winding up.

(6) The Regulator may also authorise the Determinations Panel, in such circumstances as the Regulator may determine, to exercise on behalf of the Regulator such functions (other than those mentioned in sub-paragraph (2)(a) to (c)) as the Regulator considers necessary for the effective exercise by the Panel of–

(a) a function of the Regulator which it is authorised to exercise by virtue of sub-paragraph (4),

(b) a function of the Regulator mentioned in sub-paragraph (2)(d) (functions exercisable only by the Panel), or

(c) a function of the Panel under section 93(3), section 99(11) or paragraph 18(2) of this

Schedule (procedure).

(7) This paragraph is subject to any regulations made by the Secretary of State under paragraph 21.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Delegation; Pensions Regulator; Powers rights and duties

**Pensions Act 2004 c. 35**

**Schedule 1 THE PENSIONS REGULATOR**

**Part 4 PROCEEDINGS AND DELEGATION ETC**

**Delegation**

This version in force from: **November 26, 2008** to **present**

(version 2 of 2)

[

**21**

(1) The Secretary of State may make regulations–

(a) limiting the extent to which any of the functions mentioned in subsection (8) of section 8 may be delegated by the committee established under that section to any of its members or any of its subcommittees under that subsection;

(b) limiting the extent to which any of the functions mentioned in subsection (9) of section 10 may be delegated by the Determinations Panel to any of its members or any of its sub-committees under that subsection;

(c) limiting the extent to which functions of the Regulator may be delegated under paragraph 20;

(d) limiting the delegation under paragraph 20 of any power to delegate contained in that paragraph;

[

(e) permitting the Regulator to authorise such persons, in such circumstances and under such arrangements, as the Regulator may determine, to exercise on behalf of the Regulator—

(i) the power to determine whether to exercise any of the functions listed in sub-paragraph (2);

(ii) the power to exercise any of the functions listed in sub-paragraph (2) or such other functions as may be prescribed.

]²

(2) The functions mentioned in sub-paragraph (1)(e) are—

(a) the power to issue an improvement notice under section 13;

(b) the power to issue a third party notice under section 14;

(c) the power to recover unpaid contributions under section 17;

(d) the power to require information under section 72;

(e) the power to vary or revoke a determination, order, notice or direction under section 101;

(f) the power to require payment of a penalty under section 10 of the Pensions Act 1995;

(g) the power to issue a compliance notice under section 35 of the Pensions Act 2008;

(h) the power to issue a third party compliance notice under section 36 of that Act;

(i) the power to issue an unpaid contributions notice under section 37 of that Act;

(j) the power to issue a fixed penalty notice under section 40 of that Act;

(k) the power to issue an escalating penalty notice under section 41 of that Act;

(l) the power to recover penalties under section 42 of that Act;

(m) the power to review a notice under section 43 of that Act;

(n) the power to issue a compliance notice in respect of prohibited recruitment conduct under section 51 of that Act;

(o) the power to issue a penalty notice in respect of prohibited recruitment conduct under section 52 of that Act.

][1]

---

1.   Existing Sch.1 para.21 renumbered as Sch.1 para.21(1) and Sch.1 para.21(2) inserted by Pensions Act 2008 c. 30 Pt 5 s.133 (November 26, 2008: substitution has effect subject to savings provision specified in 2008 c.30 s.133(6))

2.   Substituted by Pensions Act 2008 c. 30 Pt 5 s.133(3) (November 26, 2008: substitution has effect subject to savings provision specified 2008 c.30 s.133(6))

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Pensions Act 2004 c. 35**

**Schedule 1 THE PENSIONS REGULATOR**

**Part 4 PROCEEDINGS AND DELEGATION ETC**

**Application of seal and proof of instruments**

This version in force from: **December 17, 2004** to **present**

(version 1 of 1)

**22**

(1) The fixing of the common seal of the Regulator must be authenticated by the signature of a person authorised for that purpose by the Regulator (whether generally or specifically).

(2) Sub-paragraph (1) does not apply in relation to any document which is or is to be signed in accordance with the law of Scotland.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Authentication; Pensions Regulator; Seals

# Pensions Act 2004 c. 35

## Schedule 1 THE PENSIONS REGULATOR

## Part 4 PROCEEDINGS AND DELEGATION ETC

### Application of seal and proof of instruments

This version in force from: **December 17, 2004** to **present**

(version 1 of 1)

**23**

A document purporting to be duly executed under the seal of the Regulator or purporting to be signed on its behalf–

(a) is to be received in evidence, and

(b) is to be taken to be so executed or signed unless the contrary is proved.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Authentication; Documentary evidence; Pensions Regulator; Seals

**Pensions Act 2004 c. 35**

**Schedule 1 THE PENSIONS REGULATOR**

**Part 5 FUNDING AND ACCOUNTS**

**Funding**

This version in force from: **December 17, 2004** to **present**

(version 1 of 1)

**24**

The Secretary of State may pay the Regulator out of money provided by Parliament such sums as he may determine towards its expenses.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Pensions Regulator; Public expenditure

**Pensions Act 2004 c. 35**

**Schedule 1 THE PENSIONS REGULATOR**

**Part 5 FUNDING AND ACCOUNTS**

**Funding**

This version in force from: **April 6, 2005** to **present**

(version 1 of 1)

**25**

(1) The Secretary of State may make regulations authorising the Regulator to charge fees to meet the costs incurred by the Regulator in connection with applications made for–

(a) the modification of an occupational pension scheme under section 69 of the Pensions Act 1995 (c. 26) or under any corresponding provision in force in Northern Ireland, or

(b) the issuing of a clearance statement under section 42 or 46 or under any corresponding provision in force in Northern Ireland.

(2) Regulations under sub-paragraph (1) may prescribe, or authorise the Regulator to determine, the time at which any fee is due.

(3) Any fee which is owed to the Regulator by virtue of regulations under this paragraph may be recovered as a debt due to the Regulator.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Clearance statements; Fees; Occupational pensions; Pensions Regulator; Variation

**Pensions Act 2004 c. 35**

**Schedule 1 THE PENSIONS REGULATOR**

**Part 5 FUNDING AND ACCOUNTS**

**Funding**

This version in force from: **February 10, 2005** to **present**

(version 1 of 1)

**26**

(1) Section 175 of the Pension Schemes Act 1993 (c. 48) (levies towards certain expenditure) is amended as follows.

(2) In subsection (1) omit ""or"" at the end of paragraph (b) and for paragraph (c) substitute–

"(c) of the Regulatory Authority (including the establishment of the Authority under the Pensions Act 2004), or

(d) of the Lord Chancellor in meeting the costs of the legal assistance scheme established by virtue of section 106 of the Pensions Act 2004 (legal assistance in connection with proceedings before the Pensions Regulator Tribunal),".

(3) In subsection (3), in paragraph (a), for the words from ""any amounts paid"" to the end of the paragraph substitute

"–

(i) any amounts paid to the Secretary of State under section 168(4) of this Act or section 10 of the Pensions Act 1995 (civil penalties), and

(ii) any fees paid to the Authority under paragraph 25 of Schedule 1 to the Pensions Act 2004 (fees for certain applications), and".

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

# Pensions Act 2004 c. 35

## Schedule 1 THE PENSIONS REGULATOR

## Part 5 FUNDING AND ACCOUNTS

### Accounts

This version in force from: **February 10, 2005** to **present**

(version 1 of 1)

**27**

(1) The Regulator must–

(a) keep proper accounts and proper records in relation to the accounts, and

(b) prepare in respect of each financial year a statement of accounts.

(2) Each statement of accounts must comply with any directions given by the Secretary of State with the approval of the Treasury as to–

(a) the information to be contained in it and the manner in which it is to be presented;

(b) the methods and principles according to which the statement is to be prepared;

(c) the additional information (if any) which is to be provided for the information of Parliament.

(3) The Regulator must send a copy of each statement of accounts–

(a) to the Secretary of State, and

(b) to the Comptroller and Auditor General,

before the end of the month of August next following the financial year to which the statement relates.

(4) The Comptroller and Auditor General must–

(a) examine, certify and report on each statement of accounts which he receives under sub-paragraph (3), and

(b) lay a copy of each statement and of his report before each House of Parliament.

(5) In this paragraph "financial year" means–

(a) the period beginning with the date on which the Regulator is established and ending with the next following 31st March, and

(b) each successive period of 12 months.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Accounts; Pensions Regulator; Powers rights and duties

# Pensions Act 2004 c. 35

## Schedule 1 THE PENSIONS REGULATOR

## Part 5 FUNDING AND ACCOUNTS

### Other expenses

Repealed on: **November 26, 2008**

(version 2 of 2)

[...][1]

---

1.    Repealed by Pensions Act 2008 c. 30 Pt 5 s.133(5) (November 26, 2008: repeal has effect subject to savings provision specified 2008 c.30 s.133(6))

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Pensions Act 2004 c. 35**

**Schedule 1 THE PENSIONS REGULATOR**

**Part 6 STATUS AND LIABILITY ETC**

**Status**

This version in force from: **December 17, 2004** to **present**

(version 1 of 1)

**29**

(1) The Regulator is not to be regarded–

(a) as the servant or agent of the Crown, or

(b) as enjoying any status, privilege or immunity of the Crown.

(2) Accordingly, the Regulator's property is not to be regarded as property of, or held on behalf of, the Crown.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Pensions Regulator; Powers rights and duties

# Pensions Act 2004 c. 35

## Schedule 1 THE PENSIONS REGULATOR

## Part 6 STATUS AND LIABILITY ETC

### Validity

This version in force from: **December 17, 2004** to **present**

(version 1 of 1)

**30**

The validity of any proceedings of the Regulator (including any proceedings of any of its committees) is not to be affected by–

>    (a) any vacancy among the members of the Regulator or of any of its committees,

>    (b) any defect in the appointment of any member of the Regulator or of any of its committees, or

>    (c) any defect in the appointment of the Chief Executive.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Pensions Regulator; Proceedings; Validity

**Pensions Act 2004 c. 35**

**Schedule 1 THE PENSIONS REGULATOR**

**Part 6 STATUS AND LIABILITY ETC**

**Disqualification**

This version in force from: **December 17, 2004** to **present**

(version 1 of 1)

**31**

Schedule 1 to the House of Commons Disqualification Act 1975 (c. 24) is amended as follows–

      (a) in Part 2 (bodies whose members are disqualified) at the appropriate place insert–

"The Pensions Regulator."

  , and

      (b) in Part 3 (other disqualifying offices) at the appropriate place insert–

"Member of the Determinations Panel established by the Pensions Regulator under section 9 of the Pensions Act 2004."

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

# Pensions Act 2004 c. 35

## Schedule 1 THE PENSIONS REGULATOR

## Part 6 STATUS AND LIABILITY ETC

## Disqualification

This version in force from: **December 17, 2004** to **present**

(version 1 of 1)

## 32

Schedule 1 to the Northern Ireland Assembly Disqualification Act 1975 (c. 25) is amended as follows–

(a) in Part 2 (bodies whose members are disqualified) at the appropriate place insert–

"The Pensions Regulator."

, and

(b) in Part 3 (other disqualifying offices) at the appropriate place insert–

"Member of the Determinations Panel established by the Pensions Regulator under section 9 of the Pensions Act 2004."

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Pensions Act 2004 c. 35**

**Schedule 1 THE PENSIONS REGULATOR**

**Part 6 STATUS AND LIABILITY ETC**

**The Parliamentary Commissioner for Administration**

This version in force from: **April 6, 2005** to **present**

(version 1 of 1)

**33**

In Schedule 2 to the Parliamentary Commissioner Act 1967 (c. 13)(departments and authorities subject to investigation), at the appropriate place insert–

"The Pensions Regulator."

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

# Pensions Act 2004 c. 35

## Schedule 1 THE PENSIONS REGULATOR

## Part 6 STATUS AND LIABILITY ETC

## The Superannuation Act 1972

This version in force from: **December 17, 2004** to **present**

(version 1 of 1)

**34**

(1) The persons to whom section 1 of the Superannuation Act 1972 (c. 11) (persons to or in respect of whom benefits may be provided by schemes under that section) applies are to include–

the chairman of the Regulator

the employees of the Regulator.

(2) The Regulator must pay to the Minister for the Civil Service, at such times as he may direct, such sums as he may determine in respect of the increase attributable to sub-paragraph (1) in the sums payable out of money provided by Parliament under that Act.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Chairman; Employees; Pensions Regulator; Superannuation

**Pensions Act 2004 c. 35**

**Schedule 1 THE PENSIONS REGULATOR**

**Part 6 STATUS AND LIABILITY ETC**

**Exemption from liability in damages**

This version partially in force from: **December 17, 2004**

(version 1 of 1)

**35**

(1) Neither the Regulator nor any person who is a member of the Regulator, a member of any of its committees, or a member of its staff is to be liable in damages for anything done or omitted in the exercise or purported exercise of the functions of the Regulator conferred by, or by virtue of, this or any other enactment.

(2) Any person who is–

   (a) the chairman of the Regulator,

   (b) the Chief Executive of the Regulator, or

   (c) the chairman of the Determinations Panel,

is not to be liable in damages for anything done or omitted in the exercise or purported exercise of any function conferred on the office in question by, or by virtue of, this Act or any provisions in force in Northern Ireland corresponding to this Act.

(3) Any person who is a member of the committee established under section 8 or of any of its sub-committees is not to be liable in damages for anything done or omitted in the discharge or purported discharge of the duty to prepare a report under subsection (5) of that section on the discharge of the non-executive functions.

(4) Any person who is a member of the Determinations Panel is not to be liable in damages for anything done or omitted in the exercise or purported exercise of the functions of the Panel under–

   (a) section 93(3) (procedure in relation to regulatory functions) or any corresponding provision in force in Northern Ireland,

   (b) section 99(11) (procedure in relation to exercise of functions on a compulsory review) or any corresponding provision in force in Northern Ireland, or

   (c) paragraph 18(2) of this Schedule (general procedure).

(5) But sub-paragraphs (1) to (4) do not apply–

   (a) if it is shown that the act or omission was in bad faith, or

   (b) so as to prevent an award of damages made in respect of an act or omission on the ground that the act or omission was unlawful as a result of section 6(1) of the Human Rights Act 1998 (c. 42).

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Damages; Exemptions; Liabilities; Pensions Regulator

**Pensions Act 2004 c. 35**

**Schedule 2 THE RESERVED REGULATORY FUNCTIONS**

**Part 4 FUNCTIONS UNDER THIS ACT**

This version in force from: **April 6, 2005** to **present**

(version 1 of 1)

## 33

The power to issue a financial support direction under section 43.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Committees; Financial support directions; Occupational pensions; Pensions Regulator; Statutory powers

# Pensions Act 2004 c. 35

## Schedule 2 THE RESERVED REGULATORY FUNCTIONS

## Part 4 FUNCTIONS UNDER THIS ACT

This version in force from: **April 6, 2005** to **present**

(version 1 of 1)

### 34

The power to issue a contribution notice under section 47.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Committees; Contribution notices; Financial support directions; Non-compliance; Occupational pensions; Pensions Regulator; Statutory powers



## Pensions Act 2004 c. 35

## Schedule 4 THE PENSIONS REGULATOR TRIBUNAL

## Part 3 TRIBUNAL PROCEDURE

### General

This version in force from: **April 3, 2006** to **present**

(version 2 of 3)

**8**

[

(1) For the purpose of dealing with references, or any matter preliminary or incidental to a reference, the Tribunal must sit at such times and in such place or places as the Lord Chancellor may direct.

(2) Before giving a direction under sub-paragraph (1) in relation to sittings in England and Wales the Lord Chancellor must consult the Lord Chief Justice of England and Wales.

(3) Before giving a direction under sub-paragraph (1) in relation to sittings in Scotland the Lord Chancellor must consult the Lord President of the Court of Session.

(4) Before giving a direction under sub-paragraph (1) in relation to sittings in Northern Ireland the Lord Chancellor must consult the Lord Chief Justice of Northern Ireland.

]¹

---

1.    Existing text renumbered as para.8(1) and para.8(2)-(4) inserted by Lord Chancellor (Transfer of Functions and Supplementary Provisions) (No.2) Order 2006/1016 Sch.1 para.27 (April 3, 2006)

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Consultation; Hearings; Lord Chancellor; Pensions Regulator Tribunal; Powers rights and duties



**Pensions Act 1995**

**(select provisions, as amended)**

## Pensions Act 1995 c. 26

## Part I OCCUPATIONAL PENSIONS

## Winding up

This version in force from: **February 10, 2005** to **present**

(version 4 of 4)

## 74.— Discharge of liabilities by insurance, etc.

[

(1) This section applies where an occupational pension scheme to which section 73 applies is being wound up.

][1]

(2) A liability to or in respect of a member of the scheme in respect of pensions or other benefits [...][2] is to be treated as discharged (to the extent that it would not be so treated apart from this section) if the trustees or managers of the scheme have, in accordance with prescribed arrangements, provided for the discharge of the liability in one or more of the ways mentioned in subsection (3).

(3) The ways referred to in subsection (2) are—

(a) by acquiring transfer credits allowed under the rules of another occupational pension scheme which satisfies prescribed requirements and the trustees or managers of which are able and willing to accept payment in respect of the member,

(b) by acquiring rights allowed under the rules of a personal pension scheme which satisfies prescribed requirements and the trustees or managers of which are able and willing to accept payment in respect of the member's accrued rights [ or pension credit rights][3] ,

(c) by purchasing one or more annuities which satisfy prescribed requirements from one on more [insurers][4] , being companies willing to accept payment in respect of the member from the trustees or managers,

(d) by subscribing to other pension arrangements which satisfy prescribed requirements [,][5]

[

(e) by the payment of a cash sum in circumstances where prescribed requirements are met.

][5]

(4) If the assets of the scheme are insufficient to satisfy in full the liabilities, as calculated in accordance with the [scheme rules][6] , in respect of pensions and other benefits [...][7] , the reference in subsection (2) to providing for the discharge of any liability in one or more of the ways mentioned in subsection (3) is to applying any amount available, in accordance with section 73, in one or more of those ways.

(5) Regulations may provide for this section—

(a) to have effect in relation to so much of any liability as may be determined in

accordance with the regulations [.][8]

[...][8]

[

(6) For the purposes of this section–

(a) references to assets of the scheme do not include any assets representing the value of any rights in respect of money purchase benefits under the scheme rules, and

(b) references to liabilities of the scheme do not include any liabilities in respect of money purchase benefits under the scheme rules;

and "scheme rules" has the same meaning as in the Pensions Act 2004 (see section 318 of that Act).

][9]

---

1.    Substituted subject to transitional provisions specified in SI 2005/275, art.2(8) by Pensions Act 2004 c. 35 Pt 5 s.270(2)(a) (February 10, 2005: substitution has effect from February 10, 2005 subject to transitional provisions specified in SI 2005/275, art.2(3), art.2(8) and Sch.1 Part 3; April 6, 2005 otherwise)

2.    Words repealed subject to transitional provisions specified in SI 2005/275, art.2(8) by Pensions Act 2004 c. 35 Pt 5 s.270(2)(b) (February 10, 2005: repeal has effect from February 10, 2005 subject to transitional provisions specified in SI 2005/275, art.2(3), art.2(8) and Sch.1 Part 3; April 6, 2005 otherwise)

3.    Words added by Welfare Reform and Pensions Act 1999 c. 30 Sch.12(I) para.56 (December 1, 2000)

4.    Words substituted by Financial Services and Markets Act 2000 (Consequential Amendments and Repeals) Order 2001/3649 Pt 3 art.144 (December 1, 2001)

5.    Inserted subject to transitional provisions specified in SI 2005/275, art.2(8) by Pensions Act 2004 c. 35 Pt 5 s.270(2)(c) (February 10, 2005: insertion has effect from February 10, 2005 subject to transitional provisions specified in SI 2005/275, art.2(3), art.2(8) and Sch.1 Part 3; April 6, 2005 otherwise)

6.    Words substituted subject to transitional provisions specified in SI 2005/275, art.2(8) by Pensions Act 2004 c. 35 Pt 5 s.270(2)(d)(i) (February 10, 2005: substitution has effect from February 10, 2005 subject to transitional provisions specified in SI 2005/275, art.2(3), art.2(8) and Sch.1 Part 3; April 6, 2005 otherwise)

7.    Words repealed subject to transitional provisions specified in SI 2005/275, art.2(8) by Pensions Act 2004 c. 35 Pt 5 s.270(2)(d)(ii) (February 10, 2005: repeal has effect from February 10, 2005 subject to transitional provisions specified in SI 2005/275, art.2(3), art.2(8) and Sch.1 Part 3; April 6, 2005 otherwise)

8.    Repealed subject to transitional provisions specified in SI 2005/275, aart.2(8) by Pensions Act 2004 c. 35 Pt 5 s.270(2)(e) (February 10, 2005: repeal has effect from February 10, 2005 subject to transitional provisions specified in SI 2005/275, art.2(3), art.2(8) and Sch.1 Part 3; April 6, 2005 otherwise)

9.    Inserted subject to transitional provisions specified in SI 2005/275, art.2(3), art.2(8) by Pensions Act 2004 c. 35 Pt 5 s.270(2)(f) (February 10, 2005: insertion has effect from February 10, 2005 subject to transitional provisions specified in SI 2005/275, art.2(3), art.2(8) and Sch.1 Part 3; April 6, 2005 otherwise)

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Assets; Insurance; Liabilities; Money purchase schemes; Occupational pensions; Payments; Winding-up

**Pensions Act 1995 c. 26**

**Part I OCCUPATIONAL PENSIONS**

**Winding up**

This version in force from: **February 10, 2005** to **present**

(version 2 of 2)

## 75.— Deficiencies in the assets.

[

(1) This section applies in relation to an occupational pension scheme other than a scheme which is–

(a) a money purchase scheme, or

(b) a prescribed scheme or a scheme of a prescribed description.

(2) If–

(a) at any time which falls–

(i) when a scheme is being wound up, but

(ii) before any relevant event in relation to the employer which occurs while the scheme is being wound up,

the value of the assets of the scheme is less than the amount at that time of the liabilities of the scheme, and

(b) the trustees or managers of the scheme designate that time for the purposes of this subsection (before the occurrence of an event within paragraph (a)(ii)),

an amount equal to the difference shall be treated as a debt due from the employer to the trustees or managers of the scheme. This is subject to subsection (3).

(3) Subsection (2) applies only if–

(a) either–

(i) no relevant event within subsection (6A)(a) or (b) occurred in relation to the employer during the period beginning with the appointed day and ending with the commencement of the winding up of the scheme, or

(ii) during the period–

(a) beginning with the occurrence of the last such relevant event which occurred during the period mentioned in sub-paragraph (i), and

(b) ending with the commencement of the winding up of the scheme,

a cessation notice was issued in relation to the scheme and became binding, and

(b) no relevant event within subsection (6A)(c) has occurred in relation to the employer during the period mentioned in paragraph (a)(i).

(4) Where–

(a) immediately before a relevant event ("the current event") occurs in relation to the employer the value of the assets of the scheme is less than the amount at that time of the liabilities of the scheme,

(b) the current event–

(i) occurred on or after the appointed day, and

(ii) did not occur in prescribed circumstances,

(c) if the scheme was being wound up immediately before that event, subsection (2) has not applied in relation to the scheme to treat an amount as a debt due from the employer to the trustees or managers of the scheme,

(d) if the current event is within subsection (6A)(a) or (b), either–

(i) no relevant event within subsection (6A)(a) or (b) occurred in relation to the employer during the period beginning with the appointed day and ending immediately before the current event, or

(ii) a cessation event has occurred in relation to the scheme in respect of a cessation notice issued during the period–

(a) beginning with the occurrence of the last such relevant event which occurred during the period mentioned in sub-paragraph (i), and

(b) ending immediately before the current event, and

(e) no relevant event within subsection (6A)(c) has occurred in relation to the employer during the period mentioned in paragraph (d)(i),

an amount equal to the difference shall be treated as a debt due from the employer to the trustees or managers of the scheme.

(4A) Where the current event is within subsection (6A)(a) or (b), the debt under subsection (4) is to be taken, for the purposes of the law relating to insolvency as it applies to the employer, to arise immediately before the occurrence of the current event.

(4B) Subsection (4C) applies if, in a case within subsection (4)–

(a) the current event is within subsection (6A)(a) or (b), and

(b) the scheme was not being wound up immediately before that event.

(4C) Where this subsection applies, the debt due from the employer under subsection (4) is contingent upon–

(a) a scheme failure notice being issued in relation to the scheme after the current event

and the following conditions being satisfied–

(i) the scheme failure notice is binding,

(ii) no relevant event within subsection (6A)(c) has occurred in relation to the employer before the scheme failure notice became binding, and

(iii) a cessation event has not occurred in relation to the scheme in respect of a cessation notice issued during the period–

(a) beginning with the occurrence of the current event, and

(b) ending immediately before the issuing of the scheme failure notice,

and the occurrence of such a cessation event in respect of a cessation notice issued during that period is not a possibility, or

(b) the commencement of the winding up of the scheme before–

(i) any scheme failure notice or cessation notice issued in relation to the scheme becomes binding, or

(ii) any relevant event within subsection (6A)(c) occurs in relation to the employer.

]¹

(5) For the purposes of [subsections (2) and (4)]² , the liabilities and assets to be taken into account, and their amount or value, must be determined, calculated and verified by a prescribed person and in the prescribed manner.

(6) In calculating the value of any liabilities for those purposes, a provision of the scheme [ rules]³ which limits the amount of its liabilities by reference to the amount of its assets is to be disregarded. [ In this subsection "scheme rules" has the same meaning as in the Pensions Act 2004 ("the 2004 Act") (see section 318 of that Act).]⁴

[

(6A) For the purposes of this section, a relevant event occurs in relation to the employer in relation to an occupational pension scheme if and when–

(a) an insolvency event occurs in relation to the employer,

(b) the trustees or managers of the scheme make an application under subsection (1) of section 129 of the 2004 Act or receive a notice from the Board of the Pension Protection Fund under subsection (5)(a) of that section, or

(c) a resolution is passed for a voluntary winding up of the employer in a case where a declaration of solvency has been made under section 89 of the Insolvency Act 1986 (members' voluntary winding up).

(6B) For the purposes of this section–

(a) a "cessation notice", in the case of a relevant event within subsection (6A)(a), means–

(i) a withdrawal notice issued under section 122(2)(b) of the 2004 Act (scheme

rescue has occurred),

(ii) a withdrawal notice issued under section 148 of that Act (no insolvency event has occurred or is likely to occur),

(iii) a notice issued under section 122(4) of that Act (inability to confirm status of scheme) in a case where the notice has become binding and section 148 of that Act does not apply,

(b) a "cessation notice" in the case of a relevant event within subsection (6A)(b), means a withdrawal notice issued under section 130(3) of the 2004 Act (scheme rescue has occurred),

(c) a cessation event occurs in relation to a scheme when a cessation notice in relation to the scheme becomes binding,

(d) the occurrence of a cessation event in relation to a scheme in respect of a cessation notice issued during a particular period ("the specified period") is a possibility until each of the following are no longer reviewable–

(i) any cessation notice which has been issued in relation to the scheme during the specified period,

(ii) any failure to issue such a cessation notice during the specified period,

(iii) any notice which has been issued by the Board under Chapter 2 or 3 of Part 2 of the 2004 Act which is relevant to the issue of a cessation notice in relation to the scheme during the specified period or to such a cessation notice which has been issued during that period becoming binding,

(iv) any failure to issue such a notice as is mentioned in subparagraph (iii),

(e) the issue or failure to issue a notice is to be regarded as reviewable–

(i) during the period within which it may be reviewed by virtue of Chapter 6 of Part 2 of the 2004 Act, and

(ii) if the matter is so reviewed, until–

(a) the review and any reconsideration,

(b) any reference to the Ombudsman for the Board of the Pension Protection Fund in respect of the matter, and

(c) any appeal against his determination or directions,

has been finally disposed of, and

(f) a "scheme failure notice" means a scheme failure notice issued under section 122(2)(a) or 130(2) of the 2004 Act (scheme rescue not possible).

(6C) For the purposes of this section–

(a) section 121 of the 2004 Act applies for the purposes of determining if and when an insolvency event has occurred in relation to the employer,

(b) "appointed day" means the day appointed under section 126(2) of the 2004 Act (no pension protection under Chapter 3 of Part 2 of that Act if the scheme begins winding up before the day appointed by the Secretary of State),

(c) references to a relevant event in relation to an employer do not include a relevant event which occurred in relation to him before he became the employer in relation to the scheme,

(d) references to a cessation notice becoming binding are to the notice in question mentioned in subsection (6B)(a) or (b) and issued under Part 2 of the 2004 Act becoming binding within the meaning given by that Part of that Act, and

(e) references to a scheme failure notice becoming binding are to the notice in question mentioned in subsection (6B)(f) and issued under Part 2 of the 2004 Act becoming binding within the meaning given by that Part of that Act.

(6D) Where–

(a) a resolution is passed for a voluntary winding up of the employer in a case where a declaration of solvency has been made under section 89 of the Insolvency Act 1986 (members' voluntary winding up), and

(b) either–

(i) the voluntary winding up of the employer is stayed other than in prescribed circumstances, or

(ii) a meeting of creditors is held in relation to the employer under section 95 of that Act (creditors' meeting which has the effect of converting a members' voluntary winding up into a creditors' voluntary winding up),

this section has effect as if that resolution had never been passed and any debt which arose under this section by virtue of the passing of that resolution shall be treated as if it had never arisen.

]⁵

(7) This section does not prejudice any other right or remedy which the trustees or managers may have in respect of a deficiency in the scheme's assets.

(8) A debt due by virtue only of this section shall not be regarded—

(a) as a preferential debt for the purposes of the Insolvency Act 1986, or

(b) as a preferred debt for the purposes of the Bankruptcy (Scotland) Act 1985.

[...]⁶

(10) Regulations may modify this section as it applies in prescribed circumstances.

---

1.      S.75(1)-(4C) substituted for s.75(1)-(4) subject to transitional provisions specified in SI 2005/275, art.2(10) by Pensions Act 2004 c. 35 Pt

5 s.271(2) (February 10, 2005: substitution has effect from February 10, 2005 subject to transitional provisions specified in SI 2005/275, art.2(3), art.2(10) and Sch.1 Part 3; April 6, 2005 otherwise)

2.  Words substituted subject to transitional provisions specified in SI 2005/275, art.2(10) by Pensions Act 2004 c. 35 Pt 5 s.271(3) (February 10, 2005: substitution has effect from February 10, 2005 subject to transitional provisions specified in SI 2005/275, art.2(3), art.2(10) and Sch.1 Part 3; April 6, 2005 otherwise)

3.  Word inserted subject to transitional provisions specified in SI 2005/275, art.2(10) by Pensions Act 2004 c. 35 Pt 5 s.271(4)(a) (February 10, 2005: insertion has effect from February 10, 2005 subject to transitional provisions specified in SI 2005/275, art.2(3), art.2(10) and Sch.1 Part 3; April 6, 2005 otherwise)

4.  Words inserted subject to transitional provisions specified in SI 2005/275, art.2(10) by Pensions Act 2004 c. 35 Pt 5 s.271(4)(b) (February 10, 2005: insertion has effect from February 10, 2005 subject to transitional provisions specified in SI 2005/275, art.2(3), art.2(10) and Sch.1 Part 3; April 6, 2005 otherwise)

5.  Inserted subject to transitional provisions specified in SI 2005/275, art.2(10) by Pensions Act 2004 c. 35 Pt 5 s.271(5) (February 10, 2005: insertion has effect from February 10, 2005 subject to transitional provisions specified in SI 2005/275, art.2(3), art.2(10) and Sch.1 Part 3; April 6, 2005 otherwise)

6.  Repealed subject to transitional provisions specified in SI 2005/275, art.2(10) by Pensions Act 2004 c. 35 Pt 5 s.271(6) (February 10, 2005: repeal has effect from February 10, 2005 subject to transitional provisions specified in SI 2005/275, art.2(3), art.2(10) and Sch.1 Part 3; April 6, 2005 otherwise)

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland

**Subject:** Pensions

**Keywords:** Assets; Deficit budgets; Liabilities; Money purchase schemes; Notices; Occupational pensions; Payments; Winding-up



# Occupational Pension Schemes (Employer Debt) Regulations 2005

## (select provisions, as amended)

# Occupational Pension Schemes (Employer Debt) Regulations 2005/678

## Valuations

This version in force from: **April 6, 2008** to **present**

(version 3 of 3)

[

## 5.— Calculation of the amount of scheme liabilities and value of scheme assets

(1) The value of the assets which are to be taken into account for the purposes of section 75(2) and (4) of the 1995 Act shall be determined, calculated and verified by the trustees or managers.

(2) The liabilities which are to be taken into account for the purposes of section 75(2) and (4) of the 1995 Act shall be determined by the trustees or managers and the amount of those liabilities shall be calculated and verified by the actuary.

(3) The assets of the scheme shall be valued and the amount of the liabilities shall be determined and calculated by reference to the same date.

(4) Subject to paragraph (15), the assets of a scheme to be taken into account by the trustees or managers are the assets attributable to the scheme in the relevant accounts, excluding—

(a) any resources invested (or treated as invested by or under section 40 of the 1995 Act) in contravention of section 40(1) of the 1995 Act (employer-related investments);

(b) any amounts treated as a debt due to the trustees or managers under section 75(2) or (4) of the 1995 Act (deficiencies in assets) or section 228(3) of the 2004 Act (amounts due in accordance with a schedule of contributions) which are unlikely to be recovered without disproportionate cost or within a reasonable time;

(c) where it appears to the actuary that the circumstances are such that it is appropriate to exclude them, any rights under an insurance policy; and

(d) assets representing the value of any rights to money purchase benefits under the scheme; and

where arrangements are being made by the scheme for the transfer to or from it of any accrued rights and any pension credit rights, until such time as the trustees or managers of the scheme to which the transfer is being made ("the receiving scheme") have received the assets of the full amount agreed by them as consideration for the transfer, it shall be assumed that any assets transferred in respect of the transfer of those rights are assets of the scheme making the transfer and not assets of the receiving scheme.

(5) An updated asset assessment may be used for the purposes of paragraph (4) if—

(a) the trustees or managers, after consulting the cessation employer and other scheme employers, so decide; and

(b) section 75(4) of the 1995 Act applies by virtue of an employment-cessation event.

(6) The value to be given to the assets of a scheme by the trustees or managers is—

(a) the value given to those assets in the relevant accounts or in the updated asset assessment less, in either case, the amount of the external liabilities;

(b) in the case of any rights under an insurance policy taken into account notwithstanding paragraph (4)(c), the value the actuary considers appropriate in the circumstances of the case.

(7) For the purposes of paragraph (6), "external liabilities" means—

(a) such liabilities of the scheme as are shown in the net assets statement in the relevant accounts and their amount shall be taken to be the amount shown in that statement in respect of them (and the liabilities in paragraph (8) are not to be included as external liabilities); or

(b) an estimate used for the purposes of an updated asset statement.

(8) Subject to paragraphs (9), (13) and (15), the liabilities of a scheme to be taken into account by the trustees or managers are any liabilities—

(a) in relation to a member of the scheme by virtue of—

(i) any right that has accrued to or in respect of him to future benefits under the scheme rules,

(ii) any entitlement to the present payment of a pension or other benefit which he has under the scheme rules, and

(b) in relation to the survivor of a member of the scheme, by virtue of any entitlement to benefits, or right to future benefits which he has under the scheme rules in respect of the member.

(9) The liabilities of a scheme to be excluded from paragraph (8) are—

(a) liabilities secured by an insurance policy the rights under which are excluded under paragraph (4)(a)(iii); and

(b) liabilities representing the value of any rights to money purchase benefits under the scheme.

(10) For the purposes of paragraph (8)—

(a) where arrangements are being made by the scheme for the transfer to or from it of accrued rights and any pension credit rights, until such time as the trustees or managers of the scheme to which the transfer is being made ("the receiving scheme") have received the assets of the full amount agreed by them as consideration for the transfer, it shall be assumed that the rights have not been transferred;

(b) it shall be assumed that all pensionable service under the scheme ceased before the applicable time; and

(c) the following definitions shall apply—

"right" includes a pension credit right; and

"the survivor" of a member is a person who has survived the member and has any entitlement to benefit, or right to future benefits, under the scheme on account of the member.

(11) The amount of the liabilities in respect of pensions and other benefits are to be calculated and verified by the actuary on the assumption that they will be discharged by the purchase of annuities of the kind described in section 74(3)(c) of the 1995 Act (discharge of liabilities; annuity purchase) and for this purpose the actuary must estimate the cost of purchasing annuities.

(12) The actuary must estimate the cost of purchasing the annuities—

(a) on terms the actuary considers consistent with those in the available market and which he considers would be sufficient to satisfy the scheme's liabilities in respect of pensions and other benefits, or

(b) where the actuary considers that it is not practicable to make an estimate in accordance with sub-paragraph (a), in such manner as the actuary considers appropriate in the circumstances of the case.

(13) The liabilities shall include all expenses (except the cost of the annuities) which, in the opinion of the trustees or managers of the scheme, are likely to be incurred in connection with the winding-up of the scheme.

(14) An updated actuarial assessment may be prepared by the actuary for the purposes of paragraph (8) if—

(a) the trustees or managers, after consulting the actuary and the cessation employer, so decide; and

(b) section 75(4) of the 1995 Act applies by virtue of an employment-cessation event.

(15) If at the applicable time the scheme has not commenced winding-up and a withdrawal arrangement or an approved withdrawal arrangement is in force before the applicable time, the amount B treated as a debt due under the arrangement shall be included as an asset of the scheme, provided that the trustees or managers are reasonably satisfied that, as at the applicable time, the guarantors have sufficient financial resources to be likely to pay amount B.

(16) For the purposes of paragraph (15), amount B shall be determined by the trustees or managers and calculated by the actuary as if it had become due at the applicable time.

(17) Where in these Regulations there is a reference to—

(a) the amount of any liability being calculated or verified in accordance with the opinion of the actuary or as he thinks appropriate, or

(b) the actuary preparing an updated actuarial assessment,

he must apply any relevant BAS standards in making that calculation or verification, or preparing that update.

(18) The amount of the liabilities of a scheme which are to be taken into account for the

purposes of section 75(2) and (4) of the 1995 Act must be certified by the actuary in the form set out in Schedule 1 to these Regulations.

(19) This regulation is subject to regulation 6 (multi-employer schemes: general), regulation 6C (withdrawal arrangements) and regulation 7 (approved withdrawal arrangements).

][1]

---

1.    Substituted subject to transitional provisions specified in SI 2008/731 reg.2 by Occupational Pension Schemes (Employer Debt and Miscellaneous Amendments) Regulations 2008/731 reg.5 (April 6, 2008: substitution has effect subject to transitional provisions specified in SI 2008/731 reg.2)

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen's Printer for Scotland



# Pensions Regulator (Financial Support Directions etc.) Directions 2005

## (select provisions, as amended)

# Pensions Regulator (Financial Support Directions etc.) Regulations 2005/2188

This version in force from: **September 1, 2005** to **present**

(version 1 of 1)

## 6. Prescribed percentage

The percentage of the estimated section 75 debt in relation to a scheme, prescribed for the purposes of section 44(3)(a) (meaning of " insufficiently resourced" — percentage of section 75 debt), is 50 per cent.

## 12.— Verification — Regulator's power to deem value of resources

(1) If any relevant person fails to provide to the Regulator any of the required information or documentation within a reasonable time, specified in writing by the Regulator, it (the Regulator) may deem the value of that person's resources to be an amount determined by the Regulator.

(2) When making the determination referred to in paragraph (1), the Regulator must take into account all relevant information in its possession, and having done so, no further verification of the amount so determined is required.

(3) In this regulation—

" relevant person" means a person the value of whose resources the Regulator is seeking to have verified in accordance with regulation 10 or 11 (as the case may be); and

" required information or documentation" means any information or documentation required by regulation 10 or 11 (as the case may be).

## 13. Prescribed requirements

The requirements prescribed for the purposes of section 45(2)(b) and (c) are that—

(a) the party or parties to the arrangement consent to the jurisdiction of the courts of England and Wales, and

(b) where there is more than one party to the arrangement, those parties enter into a legally enforceable agreement.

## 14. Prescribed arrangements

An arrangement is prescribed for the purposes of section 45(2)(d) if—

(a) the party or parties to the arrangement consent to the jurisdiction of the courts of England and Wales, and

(b) where there is more than one party to the arrangement, those parties enter into a legally enforceable agreement.

Crown Copyright material is reproduced with the permission of the Controller of HMSO and the Queen' s Printer for Scotland



# The Pensions Regulator Tribunal Rules

# (as amended)

## 2005 No. 690

## PENSIONS

# The Pensions Regulator Tribunal Rules 2005

Thomson Reuters (Legal) Limited.

UK Statutory Instruments Crown Copyright. Reproduced by permission of the Controller of Her Majesty's Stationery Office.

| | |
|---|---|
| *Made* | *10th March 2005* |
| *Laid before Parliament* | *15th March 2005* |
| *Coming into force* | *6th April 2005* |

The Lord Chancellor, in exercise of the powers conferred upon him by sections 102(3) and 104(6) of, and paragraph 9 of Schedule 4 to, the Pensions Act 2004, and Article 98(5) of the Pensions (Northern Ireland) Order 2005, and after consultation with the Council on Tribunals in accordance with section 8 of the Tribunals and Inquiries Act 1992, makes the following Rules:

**Amendments Pending**

Preamble:   repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

## PART 1

## Introduction

### 1.  Citation and commencement

These Rules may be cited as the Pensions Regulator Tribunal Rules 2005 and shall come into force on 6th April 2005.

**Commencement**

Pt 1 rule 1:  April 6, 2005

**Amendments Pending**

Pt 1 rule 1:   repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

### 2.—  Interpretation

(1)  A reference in these Rules–

      (a)   to a rule by number alone means the rule so numbered in these Rules;

(b)  to a section or Schedule by number alone means the section or Schedule so numbered in the Pensions Act 2004; and

(c)  to an Article by number alone means the Article so numbered in the Pensions (Northern Ireland) Order 2005.

(2)  In these Rules, unless the context requires otherwise–

"the 2004 Act" means the Pensions Act 2004;

"the 2005 Order" means the Pensions (Northern Ireland) Order 2005;

"appeal" means appeal (or an appeal) under–

(i)  section 104(1) to the Court of Appeal or the Court of Session; or

(ii)  Article 98(1) to the Court of Appeal in Northern Ireland,

from a decision of the Tribunal disposing of a reference, and "appellant" means a party applying for permission to appeal;

"applicant" means a person who makes a referral to the Tribunal and, if there is more than one such person, "applicant" means each such person;

"Chairman" means the person from time to time acting as chairman of the Tribunal in respect of a reference;

"determination notice" means the determination notice given by the Regulator under the standard procedure by virtue of section 96(2)(d) or Article 91(2)(d);

"direction" includes any direction, summons or order given or made by the Tribunal;

"document" includes information recorded in any form and, in relation to information recorded otherwise than in legible form, references to its production include references to producing a copy of the information–

(i)  in legible form; or

(ii)  in a form from which it can readily be produced in a legible form;

"file" means send to the Tribunal;

"final notice" means the final notice given by the Regulator under the special procedure by virtue of section 98(2)(e) or Article 93(2)(e);

"further material" means documents which–

(i)  were considered by the Regulator in reaching or maintaining the Regulator's determination; or

(ii)  were obtained by the Regulator in connection with the matter to which a determination notice (standard procedure) or final notice (special procedure) relates (whether they were obtained before or after giving that notice) but which were not considered by it in reaching or maintaining that decision,

but does not include documents which were relied on in support of the Regulator's determination;

"party" means the applicant or the Regulator (or, if there is more than one applicant, any of the applicants or the Regulator) and "other party" shall be construed accordingly;

"pension scheme" means any pension scheme as defined under section 1 of the Pension Schemes Act 1993 and which is relevant to the Regulator's determination;

"President" means the President of the Pensions Regulator Tribunal appointed under paragraph 2 of Schedule 4;

"protected item" has the meaning provided by section 311(2) or Article 283(2);

"Regulator's determination" means the determination of the Regulator which is the subject matter of–

(i)  a determination notice (standard procedure) and which has been referred to the Tribunal by virtue of section 96(3) or Article 91(3); or

(ii)   a final notice (special procedure) and which has been referred to the Tribunal by virtue of section 99(7) or Article 94(7);

"reference" means a reference to the Tribunal under section 96(3) or Article 91(3) (standard procedure) or section 99(7) or Article 94(7) (special procedure);

"reference notice" means a notice filed under rule 4(1);

"the register" means the register maintained in accordance with rule 31;

"the Regulator" means the Pensions Regulator established under section 1;

"reply" means a reply filed by the applicant under rule 6(1);

"representations" means written representations or (with the consent of the Tribunal, or at its request) oral representations;

"response document" means–

(i)   in relation to the Regulator, its statement of case; and

(ii)   in relation to the applicant, his reply;

"the Secretary" means the person from time to time appointed as secretary to the Tribunal, being a member of staff appointed under paragraph 5(1) of Schedule 4;

"special procedure" means that part of the Regulator's procedure which is provided for under section 98 or Article 93;

"standard procedure" means that part of the Regulator's procedure which is provided for under section 96 or Article 91;

"statement of case" means a statement filed by the Regulator under rule 5(1);

"supplementary statement" means a statement that is supplementary to a response document and filed in accordance with a direction given under rule 12(f); and

"the Tribunal" means the Pensions Regulator Tribunal established under section 102.

(3)  Unless the context requires otherwise, anything permitted or required by these Rules to be done by a party may be done by any representative of that party.

---

**Commencement**

Pt 1 rule 2(1)-(3):  April 6, 2005

**Amendments Pending**

Pt 1 rule 2:   repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

---

## 3.  Application of these Rules

These Rules apply to all references to the Tribunal.

---

**Commencement**

Pt 1 rule 3:  April 6, 2005

**Amendments Pending**

Pt 1 rule 3:  repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

_____

## PART 2

## Preliminary matters

### 4.—  Reference notice

(1)  A reference shall be made by way of a written notice ("the reference notice") signed and filed by or on behalf of the applicant.

(2)  The reference notice shall state–

    (a)   the name and address of the applicant;

    (b)   the name and address of the applicant's representative (if any);

    (c)   the name and address of the pension scheme;

    (d)   if no representative is named under sub-paragraph (b), the applicant's address for service in the United Kingdom (if different from the address notified under sub-paragraph (a));

    (e)   that the notice is a reference notice; and

    (f)   the issues concerning the determination notice (standard procedure) or final notice (special procedure) that the applicant wishes the Tribunal to consider.

(3)  In paragraph (2)(a) and (c), "address" in respect of a corporation means the address of the registered or principal office.

(4)  Where the applicant was given a determination notice (standard procedure) or final notice (special procedure) by the Regulator, a copy shall be filed with the reference notice.

(5)  The applicant may include an application for directions with the reference notice.

(6)  Where the time limit for making a reference under section 103(1) or Article 97(1) has expired, the applicant shall include with the reference notice an application for a direction to extend the time limit for making a reference, which shall include a statement of the reasons for the delay.

(7)  At the same time as he files the reference notice, the applicant shall send a copy of that notice (and of any application in accordance with paragraphs (5) and (6)) to the Regulator.

(8)  Where an application is made under paragraph (5) or (6), the Secretary shall refer the application to the Tribunal for determination and he shall take no further action in relation to the reference notice until the application has been determined.

(9)  Subject to paragraph (8) and to any directions given by the Tribunal, upon receiving a reference notice the Secretary shall–

    (a)   enter particulars of the reference in the register; and

    (b)   inform the parties in writing of–

        (i)   the fact that the reference has been received;

        (ii)   the date when the Tribunal received the notice; and

        (iii)   the Tribunal's decision on any application made for directions (and include a copy of any direction given),

and the Secretary when sending the parties this information shall specify the date on which he is sending it.

------

**Commencement**

Pt 2 rule 4(1)-(9)(b)(iii):  April 6, 2005

**Amendments Pending**

Pt 2 rule 4:  repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

------

## 5.—  Regulator's statement of case

(1)  The Regulator shall file a written statement ("a statement of case") in support of the Regulator's determination so that it is received by the Tribunal no later than 28 days after the day on which the Regulator received the information sent by the Secretary in accordance with rule 4(9)(b).

(2)  The statement of case shall—
    (a)   specify the statutory provisions providing for the Regulator's determination;
    (b)   specify the reasons for the Regulator's determination;
    (c)   set out all the matters and facts relied upon to support the Regulator's determination; and
    (d)   specify the date on which the statement of case is filed.

(3)  The statement of case shall be accompanied by—
    (a)   a list of—
        (i)   the documents relied upon in support of the Regulator's determination; and
        (ii)  the further material which in the opinion of the Regulator might undermine the decision to take that action; and
    (b)   a copy of the determination notice (standard procedure) or final notice (special procedure) if not filed by the applicant under rule 4(4).

(4)  At the same time as it files the statement of case, the Regulator shall send to the applicant a copy of the statement of case and a copy of the list referred to in paragraph (3)(a).

(5)  If at any time the Regulator amends the statement of case, it shall file the amendments and at the same time send a copy to the applicant.

(6)  The Regulator may include an application for directions with the statement of case.

------

**Commencement**

Pt 2 rule 5(1)-(6):  April 6, 2005

**Amendments Pending**

Pt 2 rule 5:   repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

---

## 6.—  Applicant's reply

(1)  The applicant shall file a written reply so that it is received by the Tribunal no later than 28 days after–

    (a)   the date on which the applicant received a copy of the statement of case; or

    (b)   if the Regulator amends its statement of case, the date on which the applicant received a copy of the amended statement of case.

(2)  The reply shall–

    (a)   state the grounds on which the applicant relies in the reference;

    (b)    identify all matters contained in the statement of case which are disputed by the applicant;

    (c)   state the applicant's reasons for disputing them; and

    (d)   specify the date on which it is filed.

(3)  The reply shall be accompanied by a list of all the documents on which the applicant relies in support of his case.

(4)  At the same time as he files the reply, the applicant shall send to the Regulator a copy of the reply and of the list referred to in paragraph (3).

**Commencement**

Pt 2 rule 6(1)-(4):  April 6, 2005

**Amendments Pending**

Pt 2 rule 6:   repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

---

## 7.—  Secondary disclosure by the Regulator

(1)  Following the filing of the applicant's reply, if there is any further material which might be reasonably expected to assist the applicant's case as disclosed by the applicant's reply and which is not mentioned in the list provided in accordance with rule 5(3)(a), the Regulator shall file a list of such further material.

(2)  Any list required to be filed by paragraph (1) shall be filed so that it is received no later than 14 days after the day on which the Regulator received the applicant's reply.

(3)  At the same time as it files any list required by paragraph (1) the Regulator shall send a copy of that list to the applicant.

**Commencement**

Pt 2 rule 7(1)-(3):  April 6, 2005

**Amendments Pending**

Pt 2 rule 7:   repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

---

## 8.— Exceptions to disclosure

(1)  A list provided in accordance with rule 5(3)(a), 6(3) or 7(1) need not include any document in respect of which an application has been or is being made under paragraph (2).

(2)  A party may apply to the Tribunal (without giving notice to the other party) for a direction authorising that party not to include a document in the list required by rule 5(3)(a), 6(3) or 7(1) on the ground that disclosure of the document–

    (a)   would not be in the public interest; or

    (b)   would not be fair, having regard to–

        (i)   the likely significance of the document to the applicant in relation to the matter referred to the tribunal; and

        (ii)   the potential prejudice to the commercial interests of a person other than the applicant which would be caused by disclosure of the document.

(3)  For the purpose of deciding an application by a party under paragraph (2), the Tribunal may–

    (a)   require that the document be produced to the Tribunal together with a statement of the reasons why it should not be included in the list; and

    (b)   invite the other party to make representations.

(4)  If the Tribunal refuses an application under paragraph (2) for a direction authorising a party not to include a document in a list, it shall direct that party–

    (a)   to revise the list so as to include the document; and

    (b)   to file a copy of that list as revised and send a copy to the other party.

**Commencement**

Pt 2 rule 8(1)-(4)(b):  April 6, 2005

**Amendments Pending**

Pt 2 rule 8:   repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

---

## 9.— Provision of copy documents

(1)  A party who has filed a list under rule 5(3)(a), 6(3) or 7(1) shall, upon the request of the other party, provide that other party with a copy of any document specified in the list or make any such document available to that party for inspection or copying.

(2)  Paragraph (1) does not apply to any document that is a protected item.

**Commencement**

Pt 2 rule 9(1)-(2):  April 6, 2005

**Amendments Pending**

Pt 2 rule 9:   repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

---

## 10.— Directions

(1)  The Tribunal may at any time give directions to enable the parties to prepare for the hearing of the reference, to assist the Tribunal to determine the issues and generally to ensure the just, expeditious and economical determination of the reference.

(2)  The Tribunal may give directions on the application of any party or of all the parties or of its own initiative and, where it gives a direction of its own initiative, it may (but need not) give prior notice to the parties of its intention to do so.

(3)  Any application for directions shall include the reasons for making that application.

(4)  Except where it is made during the pre-hearing review or during the hearing of the reference, an application for directions shall be filed and, unless the application is accompanied by the written consent of all the parties or an application without notice is permitted by these Rules, the party making the application shall at the same time send a copy to the other party.

(5)  Where the application for directions was filed and a copy sent to the other party in accordance with paragraph (4)–
> (a)  any objection to the directions applied for, together with the reasons for the objection, shall be sent to the Tribunal within 14 days of the date on which the copy application was sent; and
> (b)  at the same time, a copy of the objection and reasons shall be sent to the party who applied for the directions.

(6)  Directions may be given orally or in writing and, unless the Tribunal decides otherwise in any particular case, notice of any written direction (or refusal to give a direction) shall be given to the parties.

(7)  Directions containing a requirement may specify a time limit for complying with the requirement and shall include a statement of the possible consequences of a party's failure to comply with the requirement.

(8)  A person to whom a direction is given under these Rules may apply to the Tribunal showing good cause why it should be varied or set aside, but the Tribunal shall not grant such an application without first notifying any person who applied for the direction and giving that party an opportunity to make representations.

---

**Commencement**

Pt 2 rule 10(1)-(8):  April 6, 2005

**Amendments Pending**

Pt 2 rule 10:   repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

-------------------------------------------------

## 11.—   Pre-hearing review

(1)  The following paragraphs of this rule shall apply if the Chairman directs that it is appropriate to hold a pre-hearing review.

(2)  The Secretary shall give the parties not less than 14 days' notice of the time and place of the pre-hearing review.

(3)  At the pre-hearing review, which shall be held before the Chairman–

    (a)   the Chairman shall give all directions appearing necessary or desirable for securing the just, expeditious and economical conduct of the reference; and

    (b)   the Chairman shall endeavour to secure that the parties make all admissions and agreements as they ought reasonably to have made in relation to the proceedings.

(4)  In this rule, "pre-hearing review" means a review of the reference that may be held at any time before the hearing of the reference.

-------------------------------------------------

**Commencement**

Pt 2 rule 11(1)-(4):  April 6, 2005

**Amendments Pending**

Pt 2 rule 11:   repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

-------------------------------------------------

## 12.   Particular types of direction

Directions given by the Tribunal may in particular–

    (a)   permit the applicant to make a reference after the expiry of the time limit under section 103(1) or Article 97(1);

    (b)   fix the time and place of any hearing and alter any time and place so fixed;

    (c)   provide for an oral hearing, upon such notice as the Tribunal may determine, in connection with any matter arising under the reference;

    (d)   adjourn any oral hearing;

    (e)   vary (whether by extending or shortening) any time limit for anything to be done under these Rules;

    (f)   permit or require any party to provide further information or supplementary statements or to amend a response document or a supplementary statement;

    (g)   require any party to file any document–

        (i)   that is in the custody or under the control of that party;

        (ii)   that the Tribunal considers is or may be relevant to the determination of the reference; and

        (iii)   that has neither been exempted from disclosure by direction given pursuant to rule 8(2) nor been made available pursuant to rule 9(1),

*SI 2005/690*

and may also require that any such document directed for filing as above shall be copied to the other party or else be made available to that other party for inspection and copying;

(h)   require any party to provide a statement of relevant issues and facts, identifying those which are, and are not, agreed by the other party;

(i)   require any party to file documents for any hearing under these Rules or to agree with the other party the documents to be filed;

(j)   require any party to file–

> (i)   a list of the witnesses whom the party wishes to call to give evidence at the hearing of the reference; and
>
> (ii)   statements of the evidence which those witnesses intend to give, if called;

(k)   make provision as to any expert witnesses to be called including the number of such witnesses and the evidence to be given by them;

(l)   provide for the appointment of any expert under paragraph 7(4) of Schedule 4 and for that expert to send the parties copies of any report that he produces;

(m)   provide for the manner in which any evidence may be given;

(n)   provide for the use of languages in addition to English, including provision–

> (i)   as to the venue of any hearing under these Rules so as to ensure the availability of simultaneous interpretation facilities; and
>
> (ii)   for the translation of any document;

(o)   require that the register shall include no particulars about the reference; and

(p)   where two or more reference notices have been filed–

> (i)   in respect of the same matter;
>
> (ii)   in respect of separate interests in the same subject in dispute; or
>
> (iii)   which involve the same issues,

provide that the references or any particular issue or matter raised in the references be consolidated or heard together.

---

**Commencement**

Pt 2 rule 12(a)-(p)(iii):  April 6, 2005

**Amendments Pending**

Pt 2 rule 12:   repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

---

## 13.   Application for permission to make a late reference

Where the applicant has made an application under rule 4(6) to the Tribunal for a direction under rule 12(a) to allow a reference to be made after the time limit for doing so has expired, the Tribunal shall consider whether–

> (a)   the determination notice (standard procedure) or final notice (special procedure) was such as to notify the applicant properly and effectively of the Regulator's determination; and
>
> (b)   the existence of the right to make the reference and the time limit had been notified to the applicant, whether in the determination notice (standard procedure) or final notice (special procedure) or otherwise,

and in any case shall not allow the reference to proceed unless it considers that it is in the interests of justice to do so.

---

**Commencement**

Pt 2 rule 13(a)-(b):  April 6, 2005

**Amendments Pending**

Pt 2 rule 13:  repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

---

## 14.   Directions fixing the time and place of a hearing

Before making a direction under rule 12(b) to fix the time and place of a hearing, the Tribunal shall consider–

    (a)    whether the reference should be dealt with as a matter of urgency, in particular considering whether the Regulator has already exercised a regulatory function under the 2004 Act or the 2005 Order, or whether that function may not be exercised until the reference has been finally disposed of; and

    (b)   the convenience of the applicant to the reference in attending or being able to attend a hearing which is to be heard as a matter of urgency at short notice.

**Commencement**

Pt 2 rule 14(a)-(b):  April 6, 2005

**Amendments Pending**

Pt 2 rule 14:  repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

---

## 15.—  Directions varying time limits

(1)  The Tribunal shall not make a direction under rule 12(e) to vary any time limit imposed by virtue of these Rules or by virtue of a previous direction of the Tribunal, whether on the application of any party or of all the parties or of its own initiative, unless it is satisfied that it is in the interests of justice to do so.

(2)  Before making a direction to vary any time limit, the Tribunal shall consider whether the reference should be dealt with as a matter of urgency, in particular considering whether the Regulator has already exercised a regulatory function under the 2004 Act or the 2005 Order, or whether that function may not be exercised until the reference has been finally disposed of.

(3)  The Tribunal may direct that a time limit be extended by 14 days or less without first considering whether any party objects to the direction, but any such objection shall be taken into account on any subsequent application to extend a time limit.

(4)  The Tribunal may direct that a time limit be extended whether or not that time limit has already expired.

(5)  A time limit which has previously been extended may from time to time be further extended by directions of the Tribunal, whether or not that or any subsequent such time limit has already expired.

(6)  Where a party files a response document or list later than any time limit imposed by or extended under these Rules but without applying for a direction under rule 12(e) extending the time limit, that party shall be treated as applying for such a direction.

(7)  If a response document or list is not filed in accordance with the time limit imposed by or extended under these Rules, the Tribunal may of its own initiative direct that the document or list be filed by a specified date.

**Commencement**

Pt 2 rule 15(1)-(7):  April 6, 2005

**Amendments Pending**

Pt 2 rule 15:  repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

## 16.—  Further matters regarding specific directions

(1)  If the Tribunal gives a direction under rule 12(f) to permit or require a party to provide a supplementary statement or to amend a response document or supplementary statement, the direction may require that party to file any such statement or amendment and send a copy to the other party.

(2)  The Tribunal shall not give a direction under rule 12(g) or 12(i) in relation to the disclosure of any document to the extent that the Tribunal is satisfied that–

    (a)  it is a protected item; or

    (b)  should not otherwise be disclosed,

and, for the purpose of determining whether such a direction should be given in respect of any such document, the Tribunal may–

    (i)  require that the document be produced to the Tribunal;

    (ii)  hear the application in the absence of any party; and

    (iii)  invite any party to make representations.

(3)  In the case of an application for a direction under rule 12(o) that the register should include no particulars about the reference, the Tribunal may give such a direction if it is satisfied that this is necessary, having regard to–

    (a)  the interests of morals, public order, national security or the protection of the private lives of the parties; or

    (b)  any unfairness to the applicant or prejudice to the interests of consumers that might result from the register including particulars about the reference.

**Commencement**

Pt 2 rule 16(1)-(3)(b):  April 6, 2005

**Amendments Pending**

Pt 2 rule 16:   repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

_____

### 17.   Filing of subsequent notices in relation to the Regulator's determination

Where, after the filing of a reference notice, the Regulator gives the applicant any notice under the 2004 Act or the 2005 Order in relation to the Regulator's determination, the Regulator shall without delay file a copy of that notice.

**Commencement**

Pt 2 rule 17:  April 6, 2005

**Amendments Pending**

Pt 2 rule 17:   repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

_____

### 18.—   Summoning of witnesses

(1)  Any party may apply to the Tribunal for a summons to require any person to–

    (a)   attend, at such time and place as is specified in the summons, to give evidence as a witness;

    (b)   file, within the time specified in the summons, any document in his custody or under his control which the Tribunal considers it necessary to examine; or

    (c)   both attend and file in accordance with sub-paragraphs (a) and (b) above.

(2)  Any summons issued under paragraph (1) above shall–

    (a)   state the name and address of, or otherwise describe, the person to be served; and

    (b)   be signed by the Chairman of the Tribunal issuing it,

and it shall be the responsibility of the party who made the application under paragraph (1) to serve the summons.

(3)  No person may be required under this rule to file a document to the extent that the Tribunal is satisfied that–

    (a)   it is a protected item; or

    (b)   it should not otherwise be disclosed,

and, for the purpose of satisfying itself in respect of any such document, the Tribunal may–

    (i)   require that the document be produced to the Tribunal;

    (ii)   conduct any hearing in the absence of any party; and

    (iii)   invite any party to make representations.

(4)  A witness summons shall be sent so as to be received by the person to whom it is addressed not less than seven days before the time specified in the summons.

(5)  Every summons under paragraph (1) shall contain a statement warning of the effect of paragraph 11(3) to (6) of Schedule 4 (offences connected to summonses).

(6)  No person shall be required, in obedience to a summons under paragraph (1), to travel more than 16 kilometres from his place of residence unless the necessary expenses of his attendance are

paid or tendered to him in advance, and when the summons is issued at the request of a party, those expenses shall be paid by that party.

(7)  The Tribunal may, upon the application of the person to whom the witness summons is addressed, direct that the witness summons be set aside or varied.

**Commencement**

Pt 2 rule 18(1)-(7):  April 6, 2005

**Amendments Pending**

Pt 2 rule 18:  repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

## 19.—  Preliminary hearing

(1)  The Tribunal may direct that any question of fact or law which appears to be in issue in relation to the reference be determined at a preliminary hearing.

(2)  If, in the opinion of the Tribunal, the determination of that question substantially disposes of the reference, the Tribunal may treat the preliminary hearing as the hearing of the reference and may make such order by way of disposing of the reference as it thinks fit.

(3)  If the parties so agree in writing, the Tribunal may determine the question without an oral hearing, but, in any such case, the Tribunal may not at the same time dispose of the reference unless the parties have agreed in writing that it may do so.

**Commencement**

Pt 2 rule 19(1)-(3):  April 6, 2005

**Amendments Pending**

Pt 2 rule 19:  repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

## 20.—  Withdrawal of reference and unopposed references

(1)  The applicant may withdraw the reference–
    (a)  at any time before the hearing of the reference, without permission, by filing a notice in writing to that effect; or
    (b)  at the hearing of the reference, with the Tribunal's permission,
and the Tribunal may determine any reference that is so withdrawn.

(2)  The Regulator may state that it does not oppose the reference or that it is withdrawing its opposition to it–
    (a)  at any time before the hearing of the reference, without permission, by filing a notice to that effect; or
    (b)  at the hearing of the reference, with the Tribunal's permission.

(3)  In any case where–

(a)   the Regulator files a notice in accordance with paragraph (2)(a);

(b)   the Regulator does not file a statement of case within the time limit imposed by rule 5(1) (or any such time limit as varied under rule 12(e)); or

(c)   the applicant does not file a reply within any time limit imposed by rule 6(1) (or any such time limit as varied under rule 12(e)),

the Tribunal may (subject to its power to give a direction pursuant to rule 15(7)) determine the reference without an oral hearing in accordance with rule 21, but it shall not dismiss a reference without notifying the applicant that it is minded to do so and giving him an opportunity to make representations.

(4)   When determining proceedings pursuant to paragraph (1) or (3), the Tribunal may make a costs order under rule 26.

**Commencement**

Pt 2 rule 20(1)-(4):  April 6, 2005

**Amendments Pending**

Pt 2 rule 20:   repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)


# PART 3

## Hearings


## 21.—  Determination without oral hearing

(1)   The Tribunal may determine a reference, or any particular issue, without an oral hearing if–

    (a)   the parties agree in writing;

    (b)   the issue concerns an application for directions; or

    (c)   rule 20(3) applies.

(2)   Where a reference or an issue is determined in accordance with this rule, the Tribunal shall consider whether there are circumstances making it undesirable to make a public pronouncement of the whole or part of its decision.

(3)   If the Tribunal decides that a restriction on public pronouncement is desirable–

    (a)   the Tribunal may take any steps, including any one or more of the steps specified in paragraph (4);

    (b)   any step taken under this paragraph shall be taken with a view to ensuring the minimum restriction on public pronouncement that is consistent with the need for the restriction.

(4)   The steps referred to in paragraph (3) are–

    (a)   anonymising the decision;

    (b)   editing the text of the decision;

    (c)   declining to publish the whole or part of the decision.

(5)   Before reaching a decision under paragraph (2), the Tribunal shall invite the parties to make representations on the matter.

---

**Commencement**

Pt 3 rule 21(1)-(5):  April 6, 2005

**Amendments Pending**

Pt 3 rule 21:  repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

---

## 22.— Public hearings and directions for private hearings

(1)  In this rule, "hearing" means any hearing under these Rules but does not include–
    (a)  any determination under rule 21(1); or
    (b)  the hearing of any application made to the Tribunal without notice to the other party.

(2)  Subject to the following paragraphs of this rule, all hearings shall be in public.

(3)  The Tribunal may direct that all or part of a hearing shall be in private–
    (a)  upon the application of all the parties; or
    (b)  upon the application of any party, if the Tribunal is satisfied that a hearing in private is necessary, having regard to–
        (i)  the interests of morals, public order, national security or the protection of the private lives of the parties; or
        (ii)  any unfairness to the applicant that might result from a hearing in public,
if the Tribunal is satisfied that a hearing in private would not prejudice the interests of justice.

(4)  Before determining an application under paragraph (3)(b), the Tribunal shall give the other party an opportunity to make representations.

(5)  Before giving a direction under paragraph (3) that all of a hearing should be in private, the Tribunal shall consider whether only part of the hearing should be in private.

(6)  The following persons shall be entitled to attend any hearing of the Tribunal whether or not it is in private–
    (a)  the parties and their representatives;
    (b)  the President or any member of the panel of chairmen or of the lay panel, notwithstanding that they are not members of the Tribunal for the purpose of the reference to which the hearing relates;
    (c)  the Secretary and any member of the Tribunal's staff appointed under paragraph 5 of Schedule 4; and
    (d)  a member of the Council on Tribunals or the Scottish Committee of that Council.

(7)  The Tribunal may permit any other person to attend a hearing which is held in private.

(8)  The persons mentioned in paragraph (6)(b) and (d) shall be entitled to attend the deliberations of the Tribunal but shall take no part in those deliberations.

(9)  The Tribunal may exclude from the whole or part of a hearing any person whose conduct, in the opinion of the Tribunal, has disrupted or is likely to disrupt the hearing.

(10)  Subject to any direction under paragraph (11), the Secretary shall provide for the public inspection at the Tribunal's offices of a daily list of all hearings which are to be held, together with information about the time and place fixed for the hearings.

(11)  Where all or part of a hearing is held or is to be held in private, the Tribunal may direct that information about the whole or part of the proceedings before the Tribunal (including information that might help to identify any person) shall not be made public, and such a direction may provide for the information (if any) that is to be entered in the register or removed from it.

**Commencement**

Pt 3 rule 22(1)-(11):  April 6, 2005

**Amendments Pending**

Pt 3 rule 22:  repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

## 23.— Representation at hearings

(1)  Subject to paragraph (2), the parties may appear at the hearing (with assistance from any person if desired), and may be represented by any person, whether or not that person is legally qualified.

(2)  If in any particular case the Tribunal is satisfied that there are good and sufficient reasons for doing so, it may refuse to permit a person to assist or represent a party at the hearing.

(3)  In this rule, "hearing" means any hearing under these Rules.

**Commencement**

Pt 3 rule 23(1)-(3):  April 6, 2005

**Amendments Pending**

Pt 3 rule 23:  repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

## 24.— Procedure at hearings

(1)  Subject to the 2004 Act, the 2005 Order and these Rules, the Tribunal shall conduct all hearings under these Rules in such manner as it considers most suitable to the clarification of the issues before it and generally to the just, expeditious and economical determination of the proceedings.

(2)  Subject to any directions by the Tribunal, the parties shall be entitled–

    (a)  to give evidence (and, with the consent of the Tribunal, to bring expert evidence);

    (b)  to call witnesses;

    (c)  to question any witnesses; and

    (d)  to address the Tribunal on the evidence, and generally on the subject matter of the reference.

(3)  Evidence may be admitted by the Tribunal whether or not it would be admissible in a court of law and whether or not it was available to the Regulator when the Regulator's determination was made.

(4)  If a party fails to attend or be represented at any hearing of which that party has been duly notified, the Tribunal may, if it is satisfied that there is no good and sufficient reason for the absence–

      (a)  hear and determine the application or reference in the party's absence; or

      (b)  adjourn the hearing,

and may give any directions it thinks fit (including orders regarding the payment of costs under rule 26).

**Commencement**

Pt 3 rule 24(1)-(4)(b):  April 6, 2005

**Amendments Pending**

Pt 3 rule 24:  repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

## 25.— Decisions of Tribunal

(1)  Subject to paragraph (2) and to rule 21(3), the Tribunal shall make arrangements for the public pronouncement of its decisions, whether by giving its decisions orally in open court or by publishing its decisions in writing.

(2)  Where the whole or any part of any hearing under these Rules was in private, the Tribunal shall consider whether, having regard to–

      (a)  the reason for the hearing or any part of it being in private; and

      (b)  the outcome of the hearing,

it would be undesirable to make a public pronouncement of the whole or part of its decision.

(3)  If the Tribunal decides that a restriction on public pronouncement is desirable–

      (a)  the Tribunal may take any steps, including any one or more of the steps specified in paragraph (4);

      (b)  any step taken under this paragraph shall be taken with a view to ensuring the minimum restriction on public pronouncement that is consistent with the need for the restriction.

(4)  The steps referred to in paragraph (3) are–

      (a)  anonymising the decision;

      (b)  editing the text of the decision;

      (c)  declining to publish the whole or part of the decision.

(5)  Before reaching a decision under paragraph (2), the Tribunal shall invite the parties to make representations on the matter.

(6)  The Secretary shall as soon as may be practicable–

      (a)  whether there has been an oral hearing or not, send a notification of the decision to each of the parties to the reference; and

      (b)  subject to any steps taken under paragraph (2), under rule 21(3) or any direction given under rule 22(11), enter the decision in the register.

(7)  Every notification of a decision determining a reference which is sent to the parties shall be accompanied by a notification of–

      (a)  any provision of the 2004 Act or 2005 Order (as appropriate) relating to appeals from the Tribunal; and

      (b)  the time within which and the place at which an application for permission to appeal may be made.

---

**Commencement**

Pt 3 rule 25(1)-(7)(b):  April 6, 2005

**Amendments Pending**

Pt 3 rule 25:  repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

---

## 26.—  Costs

(1)  In this rule, "costs order" means an order under paragraph 13 of Schedule 4 that a party pay the whole or part of the costs or expenses incurred by another party.

(2)  In this rule, "paying party" and "receiving party" mean, respectively, the parties against whom and in whose favour the Tribunal makes or considers making a costs order.

(3)  The Tribunal shall not make a costs order without first giving the paying party an opportunity to make representations against the making of the order.

(4)  Where the Tribunal makes a costs order it may order–
     (a)   that an amount fixed by the Tribunal shall be paid to the receiving party by way of costs or expenses; or
     (b)   that the costs shall be assessed or expenses shall be taxed–
          (i)   in England and Wales, by a costs officer;
          (ii)   in Scotland, by the Auditor of the Court of Session;
          (iii)   in Northern Ireland, by the Taxing Master of the Supreme Court of Northern Ireland,
on such basis as the Tribunal shall specify.

**Commencement**

Pt 3 rule 26(1)-(4)(b)(iii):  April 6, 2005

**Amendments Pending**

Pt 3 rule 26:  repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

---

## 27.—  Review of Tribunal's decision

(1)  If, on the application of a party or of its own initiative, the Tribunal is satisfied that–
     (a)   its decision determining a reference was wrongly made as a result of an error on the part of the Tribunal staff; or
     (b)   new evidence has become available since the conclusion of the hearing to which that decision relates, the existence of which could not have been reasonably known or foreseen,
the Tribunal may review and set aside the relevant decision.

(2)  An application for the purposes of paragraph (1) shall be made–
     (a)   orally at the hearing immediately following the announcement of the decision by the Tribunal; or

(b)   by way of written application filed not later than 14 days after the notification of the decision is sent to the party making the application,

stating the grounds on which the application is based.

(3)   Where the Tribunal proposes to review its decision of its own initiative, it shall notify the parties of that proposal not later than 14 days after the date on which the decision was sent to the parties.

(4)   The parties shall have an opportunity to make representations on any application or proposal for review under this rule and the review shall be determined either by the same members of the Tribunal who decided the case or by a differently constituted Tribunal appointed by the President.

(5)   The decision of the Tribunal whether or not to set aside the decision shall be recorded in a certificate signed by the Chairman.

(6)   If, having reviewed the decision, the decision is set aside–
    (a)   the Tribunal shall–
        (i)    substitute such decision as it thinks fit; or
        (ii)   order a re-hearing before either the same or a differently constituted Tribunal; and
    (b)   the certificate of the Chairman recording the decision in accordance with paragraph (5) shall be sent to the Secretary who shall immediately–
        (i)    make such correction as may be necessary in the register; and
        (ii)   shall send a copy of the entry so corrected to each party.

(7)   If, having reviewed the decision, the decision is not set aside, the Secretary shall notify each of the parties in writing to this effect.

**Commencement**

Pt 3 rule 27(1)-(7):  April 6, 2005

**Amendments Pending**

Pt 3 rule 27:   repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)


# PART 4

## Appeals from the Tribunal


## 28.—   Application for permission to appeal

(1)   An application to the Tribunal for permission to appeal may be made–
    (a)   orally at the hearing immediately following the announcement of the decision by the Tribunal; or
    (b)   by way of written application filed not later than 14 days after the notification of the decision is sent to the party making the application; or
    (c)   by way of written application filed not later than 14 days after the notification under rule 27(7) that a decision is not to be set aside.

(2)  When an application is made under paragraph (1)(b) or (c), it shall be signed by the appellant and shall–

    (a)   state the name and address of the appellant and any representative of the appellant;

    (b)   identify the decision of the Tribunal to which the application relates; and

    (c)   state the grounds on which the appellant intends to rely in the appeal.

**Commencement**

Pt 4 rule 28(1)-(2)(c):  April 6, 2005

**Amendments Pending**

Pt 4 rule 28:   repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

## 29.—   Decision as to permission to appeal

(1)  The application for permission to appeal shall be decided without an oral hearing unless–

    (a)   the decision is made immediately following an oral application; or

    (b)   the Chairman considers that special circumstances render a hearing desirable.

(2)  The decision of the Tribunal on an application for permission to appeal, together with the reasons for its decision, shall be recorded in writing.

(3)  Unless the decision is given immediately following an oral application, the Secretary shall notify the appellant and each of the other parties of the decision and the reasons for the decision in writing.

(4)  Where the Tribunal refuses the application, the notification to the appellant under paragraph (3) shall include notification of the time within which an application for permission to appeal to the Court of Appeal, the Court of Appeal in Northern Ireland or Court of Session may be made.

**Commencement**

Pt 4 rule 29(1)-(4):  April 6, 2005

**Amendments Pending**

Pt 4 rule 29:   repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

## 30.—   Reference remitted for rehearing

(1)  The following paragraphs of this rule apply where–

    (a)   the Court of Appeal or the Court of Session under section 104(3)(a); and

    (b)   the Court of Appeal in Northern Ireland under Article 98(3)(a),

remits a reference to the Tribunal for rehearing and determination ("rehearing").

(2)  These Rules, so far as relevant, shall apply to the rehearing as they did to the original hearing of the reference.

(3)  The Tribunal shall, within 28 days of the remittal, give directions in relation to the rehearing.

**Commencement**

Pt 4 rule 30(1)-(3):  April 6, 2005

**Amendments Pending**

Pt 4 rule 30:   repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

# PART 5

# General

## 31.—    The Register

(1)  The Secretary shall maintain a register of references to and decisions of the Tribunal.

(2)  The register shall be open to the inspection of any person without charge and at all reasonable hours.

**Commencement**

Pt 5 rule 31(1)-(2):  April 6, 2005

**Amendments Pending**

Pt 5 rule 31:   repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

## 32.—    Miscellaneous powers of Tribunal

(1)  Any functions of the Secretary may be performed by an Assistant Secretary to the Tribunal or by any other member of the Tribunal staff authorised for the purpose by the Secretary.

(2)  Subject to the provisions of the 2004 Act, the 2005 Order and these Rules, the Tribunal may regulate its own procedure.

(3)  Without limiting any other powers conferred on it by the 2004 Act, the 2005 Order or these Rules, the Tribunal may, if it thinks fit–
> (a)   order any response document, supplementary statement or written representation to be struck out at any stage of the proceedings on the ground that it is scandalous, frivolous or vexatious; or
> (b)   order any reference to be struck out for want of prosecution.

(4)  Before making any order under paragraph (3), the Tribunal shall give notice to the party against whom it is proposed that the order should be made, giving that party an opportunity to make representations against the making of the order.

**Commencement**

Pt 5 rule 32(1)-(4):  April 6, 2005

**Amendments Pending**

Pt 5 rule 32:   repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

---

## 33.— Failure to comply

(1)  Where a party has, without reasonable excuse, failed to comply–

    (a)   with a direction given under these Rules; or

    (b)   with a provision of these Rules,

the Tribunal may take any one or more of the following steps in respect of that party–

    (i)   make a costs order under rule 26 against that party;

    (ii)   where that party is the applicant, dismiss the whole or part of the reference (or, if there is more than one applicant, that applicant's reference);

    (iii)   where that party is the Regulator, strike out the whole or part of the statement of case and, where appropriate, direct that the Regulator be debarred from contesting the reference altogether.

(2)  The Tribunal shall not take any of these steps in respect of a party unless it has given that party an opportunity to make representations against the taking of any such steps.

**Commencement**

Pt 5 rule 33(1)-(2):  April 6, 2005

**Amendments Pending**

Pt 5 rule 33:   repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

---

## 34.— Irregularities

(1)  Any irregularity resulting from failure to comply with any provision of these Rules or of any direction of the Tribunal before the Tribunal has reached its decision shall not of itself render the proceedings void.

(2)  Where any such irregularity comes to the attention of the Tribunal, the Tribunal may, and shall if it considers that any person may have been prejudiced by the irregularity, give such directions as it thinks just to cure or waive the irregularity.

(3)  Clerical mistakes in any document recording a direction or decision of the Chairman or the Tribunal, or errors arising in such a document from an accidental slip or omission, may be corrected by a certificate signed by the Chairman.

**Commencement**

Pt 5 rule 34(1)-(3):  April 6, 2005

**Amendments Pending**

Pt 5 rule 34:   repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

---

### 35.  Power of Chairman to exercise powers of Tribunal

Any matter (other than the determination of a reference or the setting aside of a decision on a reference) required or authorised by these Rules to be done by the Tribunal may be done by the Chairman.

**Commencement**

Pt 5 rule 35:  April 6, 2005

**Amendments Pending**

Pt 5 rule 35:   repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

---

### 36.—  Proof of documents

(1)  Any document purporting to be a document duly executed or issued by the Chairman or the Secretary on behalf of the Tribunal shall, unless proved to the contrary, be deemed to be a document so executed or issued.

(2)  A document purporting to be certified by the Secretary to be a true copy of any entry of a decision in the register shall, unless proved to the contrary, be sufficient evidence of the entry and of the matters referred to in it.

**Commencement**

Pt 5 rule 36(1)-(2):  April 6, 2005

**Amendments Pending**

Pt 5 rule 36:   repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

---

### 37.—  Sending notices

(1)  This rule applies to any notice sent under these Rules, and in this rule–
  "send" to a person includes deliver or give to, or serve on, that person;
  "notice" includes any notice or other thing required or authorised by these Rules to be sent or delivered to, or served on, any person; and
  "recipient" means a person to or on whom any notice is required or authorised to be sent for the purposes of these Rules.

(2)  A notice may be sent–
  (a)  by a postal service which seeks to deliver documents or other things by post no later than the next working day in all or in the majority of cases;

    (b)  by fax or other means of electronic communication; or

    (c)  by personal delivery.

(3)  A notice shall be sent–

    (a)  in the case of a notice directed to the Tribunal, to the Tribunal's office;

    (b)  in the case of a notice directed to the applicant–

        (i)   to his representative; or

        (ii)   where there is no representative, to the applicant,

at the appropriate address notified to the Tribunal in accordance with rule 4(2);

    (c)  in the case of a notice directed to the Regulator, to the Regulator's head office; or

    (d)  otherwise, to the recipient's registered office or last known address.

(4)  Subject to paragraphs (5) and (6), a notice that is sent shall be deemed, unless the contrary is proved, to have been received–

    (a)  where it was sent by post, on the second day after it was sent; and

    (b)  in any other case, on the day it was sent.

(5)  Where a notice is sent by post to the Tribunal, it shall be deemed to have been received on the day it was actually received by the Tribunal.

(6)  No notice shall be deemed to have been received if it is not received–

    (a)  in legible form; or

    (b)  in a form from which it can readily be produced in a legible form.

(7)  Where the time prescribed by these Rules for doing any act expires on a Saturday, Sunday, Christmas Day, Good Friday or bank holiday, the act shall be in time if done on the next following working day.

(8)  Paragraph (9) applies where–

    (a)  a recipient cannot be found;

    (b)  a recipient has died and has no known personal representative;

    (c)  a recipient has no address for service in the United Kingdom; or

    (d)  for any other reason service on a recipient cannot be readily effected.

(9)  Where this paragraph applies the Chairman may dispense with service on the recipient or may make an order for alternative service on such other person or in such other form (whether by advertisement in a newspaper or otherwise) as the Chairman may think fit.

(10)  In this rule, "bank holiday" means a day that is specified in, or appointed under, the Banking and Financial Dealings Act 1971.

**Commencement**

Pt 5 rule 37(1)-(10):  April 6, 2005

**Amendments Pending**

Pt 5 rule 37:  repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

*Signed by authority of the Lord Chancellor*

*Cathy Ashton*
Parliamentary Under Secretary of State Department for Constitutional Affairs

10th March 2005

_____

**Amendments Pending**

Signatures:   repealed by Transfer of Tribunal Functions Order 2010/22 Sch. 4(2) para. 1  (April 6, 2010)

_____

---

## EXPLANATORY NOTE

*(This note is not part of the Rules)*

These Rules regulate the procedure for references to the Pensions Regulator Tribunal ("the Tribunal"), established under section 102 of the Pensions Act 2004.

These Rules in particular provide for–

    (i)   the making of a reference by the applicant filing a reference notice with the Tribunal (rule 4);

    (ii)  the filing, by the Pensions Regulator, of a statement of case (rule 5);

    (iii)   the filing, by the applicant, of a reply (rule 6);

    (iv)   direction-making powers for the Tribunal (rules 10 to 16);

    (v)   power to summon witnesses (rule 18);

    (vi)   hearings by the Tribunal (rules 21 to 24);

    (vii)   the publication of the Tribunal's decision (rule 25);

    (viii)   the awarding of costs (rule 26); and

    (ix)   appeals from the Tribunal's decision (rules 28 to 30).

**The Pensions Regulator**

**Determinations Panel Procedure**



_____

# Determinations Panel procedure

**The Pensions Regulator**

Revised June 2008

Effective from 28 July 2008

# Determinations Panel procedure

This is the procedure of the Determinations Panel, determined in accordance with section 93(3) of the Pensions Act 2004. In settling this policy the panel has attempted to make it short and succinct and in particular, where there are relevant matters which are covered by the Pensions Act 2004, such as the content of warning or determination notices, statutory provisions have not been repeated unless this seems appropriate.

## Definitions and interpretation

1.    Unless the context otherwise requires, the following expressions used in this document shall have the following meanings:

    a.    The Act – the Pensions Act 2004. Any reference to a section unless otherwise stated is to the relevant section of the Act.

    b.    The regulator – the Pensions Regulator as established under section 1 of the Act.

    c.    Determinations Panel – the Determinations Panel established under section 9 of the Act.

    d.    The chairman – the chairman of the Determinations Panel appointed under section 9(2) of the Act.

    e.    Meeting chairman or 'chair'– the member of Determinations Panel appointed to act as chairman of a particular meeting or for a specific matter.

    f.    Determinations Support – The team of the regulator which provides advice and administrative support to the Determinations Panel.

    g.    Directly affected party – A person appearing to the regulator, or to the Determinations Panel, to be directly affected by the regulatory action under consideration.

2.    Any term used in this document which is defined for the purposes of any provision of Part 1 of the Act shall, unless the context otherwise requires, have the meaning used in the Act.

**The statutory framework**

3.      The Determinations Panel is established under section 9 of the Act. Its role, as set out in section 10 of the Act, is to determine whether to exercise certain regulatory functions of the regulator and if so determined, to exercise them.

4.      The regulator must determine, under section 93 of the Act, the procedures it will use for exercising its regulatory functions. Under section 93(3) of the Act, the Determinations Panel has determined its procedures to be followed, as set out below.

5.      Under section 94 of the Act, the Determinations Panel must publish a statement of any procedures established under section 93. This procedure will therefore be published on the Pensions Regulator website.

**Meetings of the Determinations Panel**

6.      Every meeting of the Determinations Panel will normally be constituted with at least three members. Two members will be a quorum.

7.      In cases where the special procedure applies, and in exceptional circumstances agreed to by the  meeting chairman, the members may participate in a meeting by way of a telephone conference.

8.      Any decision may be taken by a majority.

9.      Meetings of the Determinations Panel, where the hearing is on the paper evidence, will normally be attended only by panel members, their clerk and determinations support staff.

10.     At the stage of any meeting where the Determinations Panel considers and makes its decision, only the panel members, their clerk and determinations support staff will be present.

**Special and standard procedure**

11.     The procedure set out below is the standard procedure provided for in section 96 of the Act. The special procedure, which will be used where section 97 applies, will follow the standard procedure so far as appropriate, save that  directly affected parties will not be given a warning notice or have the  opportunity to make specific representations before the Determinations Panel first considers the matter. The compulsory review that must, under section 99, follow a determination made under the special procedure will follow the procedure for a decision of the Determinations Panel under the standard procedure. This review shall be carried out by the Determinations Panel,  normally constituted in the same way as during the original determination, as  soon as reasonably practicable.

**Determination on the papers**

12.  Except when an oral hearing is held, the Determinations Panel will make their determinations by considering the facts and submissions set out in the papers presented to them.

13.  The papers seen by the Determinations Panel will be the warning notice and any representations made in respect of it. The Determinations Panel will only consider additional papers if they have been served on all directly affected parties.

14.  The warning notice will contain:

     a.  the circumstances of the case, the action or decision the application  invites the Determinations Panel to consider and the grounds on which the application is based, including where appropriate the details of any  alleged breach of law;

     b.  evidence to support the allegation or application – this should include all information  that  is appropriate to support the need for a power to be used, and other  papers considered to be relevant to the application  including any relevant correspondence between the regulator and  directly affected parties or between the directly affected parties;

     c.  details of the specific powers that the  Determinations Panel is being asked to consider using; and

     d.  in relation to any application to the Determinations Panel originating  from an application by a person other than the regulator,  the regulator shall include any additional relevant evidence and a statement on the merits of the case.

15.  When conducting a compulsory review of a decision made under the special procedure, the Determinations Panel will reconsider all the papers that it had at the original hearing and any representations received from directly affected parties in response to the determination notice, and any new information relevant to the application provided there is confirmation that this has been sent to the directly affected parties.

**Oral hearings**

16.  The Determinations Panel may decide to hold an oral hearing. This may follow a request from a directly affected party or the regulator or be where the Determinations Panel thinks it is the appropriate way to proceed.

17.  A directly affected party or the regulator may request the Determinations Panel to hold an oral hearing before making its determination. If an oral hearing is not requested within the time required for making representations on the warning notice, the Determinations Panel is not obliged to consider the request.

18.  When considering whether there shall be an oral hearing the Determinations  Panel will have regard to all the circumstances, including but not limited to  cases where:

    a.  the honesty, integrity, fitness or competence of a party is being  questioned;

    b.  there are disputed facts or judgements which, in the opinion of the Determinations Panel, could not fairly be determined on documentation alone; or

    c.  the Determinations Panel considers it appropriate to assist them in making a proper determination.

19.  Where the Determinations Panel considers it appropriate for an oral hearing the Determinations Panel shall give written notice  of the time and place of the hearing to each of the directly affected parties, which will unless the circumstances require, be not less than 21 days.

20.  The Determinations Panel may conduct an oral hearing in such manner as it considers appropriate having regard to the issues before the panel members and shall settle the details of the procedure to be followed. This will deal with the extent to which the regulator and the directly affected parties may call and question witnesses and the making of representations. The directly affected parties and the regulator may be legally represented at any oral hearing. The decision reached by the Determinations Panel at an oral hearing will take account of everything that was in the papers before it and all evidence and representations made at the hearing.

**Public hearings**

21.  The Determinations Panel may decide to hold a public hearing. This may follow a request from a directly affected party or the regulator or where the Determinations Panel thinks it is the best way to proceed. A directly affected party or the regulator may request the Determinations Panel to hold a public hearing before making its determination. The person making the request must state their reasons in their reply to the warning notice. Those reasons should make clear on what grounds it is said to be in the interests of the members of the scheme, or in the public interest, for a public hearing to be held. If a public hearing is not requested within the time required for making representations on the warning notice the Determinations Panel is not obliged to consider the request.

22.  It is for the Determinations Panel to decide whether it is an appropriate case on which to hold a public hearing. However, before it grants a request for a public hearing the Determinations Panel shall enquire of directly affected parties whether they agree to the proposition. The Determinations Panel shall not hold a public hearing unless it is reasonably satisfied that the public interest outweighs any detriment to any pension scheme, its members or the directly affected parties that may be caused by the disclosure of any information which relates to personal or financial circumstances, is commercially sensitive, consists of information communicated or was obtained in confidence.

23.  Where the Determinations Panel considers it appropriate for a public hearing the Determinations Panel will give not less than 21 days written notice of the time and place for the hearing to each of the directly affected parties.

**Decision making**

24.    The standard of proof required will be on a balance of probabilities except where the normal principles of law require a higher standard and the onus of proving any fact will be on the person who is seeking to rely on it.

25.    When the Determinations Panel has made a decision they will cause a determination notice to be issued to directly affected parties.  Reasons for the decision will be given in writing and, save in exceptional circumstances, included in the determination notice, but if not, they will be issued separately. The determination notice will contain information about the right of a directly affected party to appeal to the Pensions Regulator Tribunal and the other details required by the Act.

**Irregularities**

26.    Where any procedural irregularity comes to the attention of the Determinations Panel, the Determinations Panel may, and must, if it considers any person may have been materially prejudiced by the irregularity, before reaching its decision give such directions as it thinks appropriate to cure or waive the irregularity.

27.    Clerical mistakes in any written statement of a decision or errors arising in such a document from an accidental slip or omission may be corrected by the chair of the meeting of the Determinations Panel certifying the correction in writing on the document.

**Changes to procedures**

28.    The Determinations Panel will review its procedure  from time to time as needed. It may make changes in its procedures from time to time. Reasonable notice shall be given of such changes.


Note:  It is the policy of the regulator to publish every Determinations Panel determination notice in full.  In certain cases some information may be redacted.  This policy may be found at:

http://www.thepensionsregulator.gov.uk/regulatoryActivity/determinations/determinations-10.aspx.