**EXHIBIT C**

# The Cross-Border Insolvency Regulations 2006

| | |
|---|---|
| *Made* | *3rd April 2006* |
| *Coming into force* | *4th April 2006* |

These Regulations are made in exercise of the powers conferred by section 14 of the Insolvency Act 2000[1].

In accordance with section 14(6) of that Act, the Lord Chancellor and the Scottish Ministers have agreed to the making of these Regulations.

A draft of these Regulations has been laid before Parliament in accordance with se 14(5) of that Act and approved by a resolution of each House of Parliament.

Accordingly, the Secretary of State makes the following Regulations:

**Citation, commencement and interpretation**
   1.—(1) These Regulations may be cited as the Cross-Border Insolvency Regulatic 2006 and shall come into force on the day after the day on which they are made.

   (2) In these Regulations "the UNCITRAL Model Law" means the Model Law on c border insolvency as adopted by the United Nations Commission on International Tra Law on 30th May 1997.

**UNCITRAL Model Law to have force of law**
   2.—(1) The UNCITRAL Model Law shall have the force of law in Great Britain i form set out in Schedule 1 to these Regulations (which contains the UNCITRAL Mod Law with certain modifications to adapt it for application in Great Britain).

   (2) Without prejudice to any practice of the courts as to the matters which may be considered apart from this paragraph, the following documents may be considered in ascertaining the meaning or effect of any provision of the UNCITRAL Model Law as out in Schedule 1 to these Regulations—

   (a) the UNCITRAL Model Law;

   (b) any documents of the United Nations Commission on International Trade L: and its working group relating to the preparation of the UNCITRAL Model Lav and

   (c) the Guide to Enactment of the UNCITRAL Model Law (UNCITRAL docun A/CN.9/442)[2] prepared at the request of the United Nations Commission on International Trade Law made in May 1997.

**Modification of British insolvency law**
   3.—(1) British insolvency law (as defined in article 2 of the UNCITRAL Model L as set out in Schedule 1 to these Regulations) and Part 3 of the Insolvency Act 1986[3 shall apply with such modifications as the context requires for the purpose of giving e

debtor's assets located in Great Britain to the foreign representative or another person designated by the court, in order to protect and preserve the value of assets that, by their nature or because of other circumstances, are perishable, susceptible to devaluation or otherwise in jeopardy; and

(c) any relief mentioned in paragraph 1 (c), (d) or (g) of article 21.

2. Unless extended under paragraph 1(f) of article 21, the relief granted under this article terminates when the application for recognition is decided upon.

3. The court may refuse to grant relief under this article if such relief would interfere with the administration of a foreign main proceeding.

*Article 20. Effects of recognition of a foreign main proceeding*

1. Upon recognition of a foreign proceeding that is a foreign main proceeding, subject to paragraph 2 of this article—

(a) commencement or continuation of individual actions or individual proceedings concerning the debtor's assets, rights, obligations or liabilities is stayed;

(b) execution against the debtor's assets is stayed; and

(c) the right to transfer, encumber or otherwise dispose of any assets of the debtor is suspended.

2. The stay and suspension referred to in paragraph 1 of this article shall be—

(a) the same in scope and effect as if the debtor, in the case of an individual, had been adjudged bankrupt under the Insolvency Act 1986 [30] or had his estate sequestrated under the Bankruptcy (Scotland) Act 1985[31], or, in the case of a debtor other than an individual, had been made the subject of a winding-up order under the Insolvency Act 1986; and

(b) subject to the same powers of the court and the same prohibitions, limitations, exceptions and conditions as would apply under the law of Great Britain in such a case,

and the provisions of paragraph 1 of this article shall be interpreted accordingly.

3. Without prejudice to paragraph 2 of this article, the stay and suspension referred to in paragraph 1 of this article, in particular, does not affect any right—

    (a) to take any steps to enforce security over the debtor's property;

    (b) to take any steps to repossess goods in the debtor's possession under a hire-purchase agreement;

    (c) exercisable under or by virtue of or in connection with the provisions referred to in article 1(4); or

    (d) of a creditor to set off its claim against a claim of the debtor,

being a right which would have been exercisable if the debtor, in the case of an individual, had been adjudged bankrupt under the Insolvency Act 1986 or had his estate sequestrated under the Bankruptcy (Scotland) Act 1985, or, in the case of a debtor other than an individual, had been made the subject of a winding-up order under the Insolvency Act 1986.

**4.** Paragraph 1(a) of this article does not affect the right to—

    (a) commence individual actions or proceedings to the extent necessary to preserve a claim against the debtor; or

    (b) commence or continue any criminal proceedings or any action or proceedings by a person or body having regulatory, supervisory or investigative functions of a public nature, being an action or proceedings brought in the exercise of those functions.

**5.** Paragraph 1 of this article does not affect the right to request or otherwise initiate the commencement of a proceeding under British insolvency law or the right to file claims in such a proceeding.

**6.** In addition to and without prejudice to any powers of the court under or by virtue of paragraph 2 of this article, the court may, on the application of the foreign representative or a person affected by the stay and suspension referred to in paragraph 1 of this article, or of its own motion, modify or terminate such stay and suspension or any part of it, either altogether or for a limited time, on such terms and conditions as the court thinks fit.

*Article 21. Relief that may be granted upon recognition of a foreign proceeding*

**1.** Upon recognition of a foreign proceeding, whether main or non-main, where necessary to protect the assets of the debtor or the interests of the creditors, the court may, at the request of the foreign representative, grant any appropriate relief, including—

    (a) staying the commencement or continuation of individual actions or individual proceedings concerning the debtor's assets, rights, obligations or liabilities, to the extent they have not been stayed under paragraph 1(a) of article 20;