# EXHIBIT E

24 February 2010

The Pensions Regulator

Linklaters LLP
One Silk Street
London
EC2Y 8HQ

*Direct Line* 01273 648450
*Fax* 01273 627241
*Our Ref*: TM6409
*Your Ref*: Mark Blyth/Parham Kouchikali

Dear Sirs

**Re: Nortel Networks Inc ("NNI") and Nortel Networks Cala Incorporated ("NNCALA"), ("the Debtors")**

1. We write in relation to your letter dated 18 February 2010 on behalf of the above two companies which gave notice of a proposed Motion in the US Bankruptcy Court for the District of Delaware to be heard on 26 February 2010. We have since received a copy of two Motions, with certain of the evidence in support of the same. These Motions seek Orders as follows: (i) "enforcing the automatic stay against certain claimants with respect to the UK Pension Proceedings, and (ii) shortening notice for the hearing of the Motion referred to in (i).

2. The Motions do not seek relief against the UK Pensions Regulator ("the Regulator"), but are obviously of relevance to it and its actions. We would have welcomed the opportunity to correspond with the Debtors or their attorneys on these matters before their application to court. We have however received no response to our letters of 13 January 2010 or 25 January 2010 to the Debtors, whether to raise the concerns now raised in their Motions or at all.

3. We make the following points:

    a. the Regulator is not engaged in any process of enforcement against assets of the Debtors, nor seeking any form of priority for the claims already lodged by the Trustees of the NNUK pension scheme and the Pension Protection Fund in the Chapter 11 proceedings.
    b. The Regulator, acting in accordance with its statutory duties and functions under UK law, is engaged in an internal process of determining whether to require financial support from members of the Nortel Group, including the Debtors, for the pension scheme of Nortel Networks UK Limited ("NNUK").
    c. The procedure now commenced will also result in quantification of the amount of financial support that will be required. We note that the Trustees of the NNUK pension scheme have lodged a claim in the Chapter 11 proceedings of the Debtors for this financial support. That

Napier House
Trafalgar Place
Brighton
BN1 4DW

Customer support: 0870 6063636
Textphone: 0870 2433123
Fax: 0870 2411144
Email: customersupport@thepensionsregulator.gov.uk
General office: 01273 811800
Website: www.thepensionsregulator.gov.uk
E-learning: www.trusteetoolkit.com

Page 2

The Pensions Regulator

claim will require quantification under English law in the Chapter 11 proceedings if the Order sought in the first Motion is made. The Debtors suggest no alternative route by which the claims lodged by those Trustees can be quantified.

## The Regulator's Functions

4. The Regulator is the United Kingdom's Regulator for work based pensions schemes, including occupational pension schemes. The Pensions Act 2004 gave the Regulator certain statutory functions, including the issuing of directions to parties requiring them to ensure that financial support is put in place for an occupational pension scheme (an "FSD") (section 43 of the Pensions Act 2004 ("the Act")). It is this function that the Regulator is currently considering exercising against members of the Nortel Group.

5. As is set out in section 5 of the Act, the main objectives of the Regulator in exercising its functions are:-

   (a) to protect the benefits under occupational pension schemes of, or in respect of, members of such schemes;
   (b) to protect the benefits under personal pension schemes of, or in respect of, members of such schemes within subsection (2),
   (c ) to reduce the risk of situations arising which may lead to compensation being payable from the Pension Protection Fund; and
   (d) to promote, and to improve understanding of, the good administration of work-based pension schemes.

6. Accordingly, the Act requires the Regulator to consider the exercise of its statutory functions, including the issuing of a FSD, where this may be appropriate to discharge its objectives. The actions currently taken by the Regulator are pursuant to and in discharge of those objectives.

## The FSD

7. The Regulator's decision whether to issue a financial support direction against members of the Nortel Group will be taken in accordance with the tests set out in sections 43 and 44 of the Act, and in accordance with the rules of procedure of the Regulator's Determinations Panel. That body ("the DP") is an arm of the Regulator tasked with determining whether FSDs should be issued.

Napier House
Trafalgar Place
Brighton
BN1 4DW

Customer support: 0870 6063636
Textphone: 0870 2433123
Fax: 0870 2411144
Email: customersupport@thepensionsregulator.gov.uk
General office: 01273 811800
Website: www.thepensionsregulator.gov.uk
E-learning: www.trusteetoolkit.com

The Pensions Regulator

8. Under section 43 of the Act, an FSD may be issued if (a) the employer in relation to the pension scheme in question is "insufficiently resourced" or a "service company", in either case at a time determined by the Regulator, and (b) it is reasonable to do so. The Regulator must also be satisfied that the party against whom the FSD is issued is "connected with" or an "associate" of the employer (section 43(5) of the Act). These latter terms are defined in section 435 of the Insolvency Act 1986.

9. In conducting this entire process the Regulator has acted and will act in accordance with its statutory functions under UK law. Its decision to issue the Warning Notice has not been taken lightly.

10. It should be noted that the process underway involves members of the Nortel Group situated in Canada, the USA, France, Germany, Russia, Spain, Israel, South Africa and several other countries, in accordance with the global spread of the Nortel Group. The DP will determine at the same time whether to issue FSDs against some, all or none of these companies, and the action now under way will also lead to a quantification of the amount of financial support required of each of those entities.

11. It is crucial to note that an FSD is not a claim against assets of a party, and the Regulator is not engaged in a process of enforcement or of seeking priority for claims lodged in the Chapter 11 proceedings. An FSD may result in the agreement of a party to offer financial support, or the issue by the DP of a contribution notice under section 47 of the Act, which is treated as a debt due from that person to the Trustees or managers of the pension scheme in question (section 49(3) of the Act).

**The FSD Process**

12. The exercise of the Regulator's regulatory powers must follow different types of procedure depending upon the type of power to be exercised. In so far as the Regulator seeks to exercise what is defined as reserved regulatory functions, such a function must be exercised by the DP (section 10(1) of the Act). The issue of an FSD is a reserved regulatory function (Schedule 2 of the Act).

13. The DP is not an independent tribunal falling within the Tribunals, Courts and Enforcement Act 2007 but is an internal panel set up pursuant to sections 9 and 10 of the Act. The DP has established its own procedure and how it deals with matters referred to it in the exercise of a reserved regulatory function. The DP will determine whether or not to exercise the power under section 43 of the Act based upon the contents of the Warning Notice and its exhibits, as well as any representations made by a Directly Affected Party which has been served with a Warning Notice.

Napier House
Trafalgar Place
Brighton
BN1 4DW

Customer support: 0870 6063636
Textphone: 0870 2433123
Fax: 0870 2411144
Email: customersupport@thepensionsregulator.gov.uk
General office: 01273 811800
Website: www.thepensionsregulator.gov.uk
E-learning: www.trusteetoolkit.com

Page 4

The Pensions Regulator

Provisions are made for hearings at which oral evidence may be given and tested, although such hearings are at the discretion of the members of the DP. The process is not one over which the trustees of a scheme or the PPF have any control. It does not constitute the bringing of a claim by them against the Debtors or any party.

14. The DP procedure follows due process. The DP is a specialist body which will decide whether to issue an FSD after conducting a process in which all potential targets of an FSD have the right to make representations. This process will be completed by 30 June 2010.

15. We note with some concern that the Debtors have interpreted the date of 1 March 2010, set by the Regulator for the receipt of representations on the Warning Notice, as a deadline for all responses to the Warning Notice and a date that cannot be moved. Neither of these are correct, as would have been explained to the Debtor had they communicated their concerns on this point.

16. The date for representations can be extended. Indeed the Regulator has already extended this date in this case, since directly affected parties are only entitled to 28 days.

17. No request has been made by the Debtors for an extension of this date or for clarification of it. By contrast Ernst & Young LLP, in their capacity as Administrators of the Targets of the Warning Notice in Administration in the UK, have made a request for an extension, to 14 May 2010, and have been told that the DP will have to consider this. If the Regulator receives a representation by 1 March 2010 from the Debtors seeking more time, it will of course consider that request on its merits.

18. The date of 1 March 2010 is not the final date for all representations in response to the Warning Notice. The DP will set directions and a timetable governing the future conduct of the case, and is able to give directions for further representations and response documents. The DP Rules of Procedure allow it to consider additional papers filed up to the final hearing, as long as they are served on the other directly affected parties (paragraph 13 of its Rules of Procedure). What the Regulator stated in the Warning Notice as regards this date is that if no representations (i.e. of any kind, including requests for extensions of time) are received by 1 March 2010, then the DP will make its decision based on the material in the Warning Notice.

## Conclusion

19. In summary, the process that the Regulator is currently engaged in is a regulatory one involving the application of UK statutory provisions and regulatory principles to the situation regarding NNUK, its pension scheme and worldwide members of the

Napier House
Trafalgar Place
Brighton
BN1 4DW

Customer support: 0870 6063636
Textphone: 0870 2433123
Fax: 0870 2411144
Email: customersupport@thepensionsregulator.gov.uk
General office: 01273 811800
Website: www.thepensionsregulator.gov.uk
E-learning: www.trusteetoolkit.com

Nortel Group. It is not a process that targets assets but will allow the debt due to the Trustees of the NNUK pension scheme from parties such as the Debtors to be ascertained and quantified.

20. If you require any further information as to the process that the Regulator is currently engaged in you should feel free to telephone me, the solicitor with conduct of this matter, on 01273 648450. Should I be unavailable, please contact Paul Williams, Case Manager, on 01273 627779. We are concerned that prior to receipt of Linklaters' letter of 18 February 2010 containing the hearing date of the proposed Motions, no communication had been received from the Debtors or their representatives seeking clarification of the functions or actions of the Regulator.

Yours faithfully,

**Marcus Laughton**
Case Lawyer
Risk and Funding Team

CC: Pinsent Masons (solicitors to the Trustees of NNUK Pensions Plan)
CC: Pension Protection Fund

Napier House
Trafalgar Place
Brighton
BN1 4DW

Customer support: 0870 6063636
Textphone: 0870 2433123
Fax: 0870 2411144
Email: customersupport@thepensionsregulator.gov.uk
General office: 01273 811800
Website: www.thepensionsregulator.gov.uk
E-learning: www.trusteetoolkit.com

The Pensions Regulator

**Insolvency Act 1986, Section 435**

***435 - Meaning of "associate"***

**(1)** For the purposes of this Act any question whether a person is an associate of another person is to be determined in accordance with the following provisions of this section (any provision that a person is an associate of another person being taken to mean that they are associates of each other).

**(2)** A person is an associate of an individual if that person is-
(a) the individual's husband or wife or civil partner,
(b) a relative of-
(i) the individual, or
(ii) the individual's husband or wife or civil partner, or

(c) the husband or wife or civil partner of a relative of-
(i) the individual, or
(ii) the individual's husband or wife or civil partner.

**(3)** A person is an associate of any person with whom he is in partnership, and of the husband or wife or civil partner or a relative of any individual with whom he is in partnership; and a Scottish firm is an associate of any person who is a member of the firm.

**(4)** A person is an associate of any person whom he employs or by whom he is employed.

**(5)** A person in his capacity as trustee of a trust other than-
(a) a trust arising under any of the second Group of Parts or the Bankruptcy (Scotland) Act 1985, or
(b) a pension scheme or an employees' share scheme (within the meaning of the Companies Act),
is an associate of another person if the beneficiaries of the trust include, or the terms of the trust confer a power that may be exercised for the benefit of, that other person or an associate of that other person.

**(6)** A company is an associate of another company-
(a) if the same person has control of both, or a person has control of one and persons who are his associates, or he and persons who are his associates, have control of the other, or
(b) if a group of two or more persons has control of each company, and the groups either consist of the same persons or could be regarded as consisting of the same persons by treating (in one or more cases) a member of either group as replaced by a person of whom he is an associate.

**(7)** A company is an associate of another person if that person has control of it or if that person and persons who are his associates together have control of it.

Napier House
Trafalgar Place
Brighton
BN1 4DW

Customer support: 0870 6063636
Textphone: 0870 2433123
Fax: 0870 2411144
Email: customersupport@thepensionsregulator.gov.uk
General office: 01273 811800
Website: www.thepensionsregulator.gov.uk
E-learning: www.trusteetoolkit.com

Page 7

The Pensions Regulator

**(8)** For the purposes of this section a person is a relative of an individual if he is that individual's brother, sister, uncle, aunt, nephew, niece, lineal ancestor or lineal descendant, treating-

(a) any relationship of the half blood as a relationship of the whole blood and the stepchild or adopted child of any person as his child, and

(b) an illegitimate child as the legitimate child of his mother and reputed father;

and references in this section to a husband or wife include a former husband or wife and a reputed husband or wife and references to a civil partner include a former civil partner and a reputed civil partner.

**(9)** For the purposes of this section any director or other officer of a company is to be treated as employed by that company.

**(10)** For the purposes of this section a person is to be taken as having control of a company if-

(a) the directors of the company or of another company which has control of it (or any of them) are accustomed to act in accordance with his directions or instructions, or

(b) he is entitled to exercise, or control the exercise of, one third or more of the voting power at any general meeting of the company or of another company which has control of it;

and where two or more persons together satisfy either of the above conditions, they are to be taken as having control of the company.

**(11)** In this section "company" includes any body corporate (whether incorporated in Great Britain or elsewhere); and references to directors and other officers of a company and to voting power at any general meeting of a company have effect with any necessary modifications.

Napier House
Trafalgar Place
Brighton
BN1 4DW

Customer support: 0870 6063636
Textphone: 0870 2433123
Fax: 0870 2411144
Email: customersupport@thepensionsregulator.gov.uk
General office: 01273 811800
Website: www.thepensionsregulator.gov.uk
E-learning: www.trusteetoolkit.com