**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------X
                       :

*In re*                         :        Chapter 11

                         :

Nortel Networks Inc., *et al.*,[1]   :        Case No. 09-10138 (KG)

                         :

                Debtors.    :        Jointly Administered

                         :        **Objections due:  March 16, 2010 at 4 p.m.**

                         :
---------------------------------------------------------X


**THIRTEENTH INTERIM APPLICATION OF CLEARY GOTTLIEB STEEN & HAMILTON
LLP, AS ATTORNEYS FOR DEBTORS AND DEBTORS-IN-POSSESSION,
FOR ALLOWANCE OF INTERIM COMPENSATION AND
FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND
NECESSARY EXPENSES INCURRED FOR THE PERIOD
JANUARY 1, 2010 THROUGH JANUARY 31, 2010**

| | |
|---|---|
| Name of Applicant: | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| Authorized to provide professional services to: | Debtors |
| Date of retention: | February 4, 2009 <u>nunc</u> <u>pro</u> <u>tunc</u> to January 14, 2009 |
| Period for which compensation and reimbursement is sought: | January 1, 2010 through January 31, 2010 |
| Amount of compensation sought as actual, reasonable and necessary: | $ 4,140,091.00 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $ 219,515.26 |

This is an  <u>x</u>  interim ___  final application

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

The total time expended for fee application preparation is approximately 90 hours and the corresponding compensation requested is approximately $35,200.50.[2]

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 3/13/2009 | 1/14/2009 through 1/31/2009 | $1,332,922.00 / $40,486.21 | $1,332,922.00 / $40,486.21 |
| 4/24/2009 | 2/1/2009 through 2/28/2009 | $2,401,013.00 / $85,992.41 | $2,401,013.00 / $85,992.41 |
| 6/8/2009 | 3/1/2009 through 3/31/2009 | $2,576,907.00 / $72,828.04 | $2,576,907.00 / $72,828.04 |
| 6/26/2009 | 4/1/2009 through 4/30/2009 | $3,623,969.00 / $120,840.61 | $3,623,969.00 / $120,840.61 |
| 8/12/2009 | 5/1/2009 through 5/31/2009 | $4,189,301.00 / $149,375.78 | $4,189,301.00 / $149,375.78 |
| 8/28/2009 | 6/1/2009 through 6/30/2009 | $6,719,870.00 / $260,256.78 | $6,719,870.00 / $260,256.78 |
| 9/2/2009 | 7/1/2009 through 7/31/2009 | $6,401,447.00 / $105,860.59 | $6,401,447.00 / $105,860.59 |
| 10/12/09 | 8/1/09 through 8/31/09 | $3,500,255.50 / $144,692.17 | $3,500,255.50 / $144,692.17 |
| 11/4/09 | 9/1/09 through 9/30/09 | $6,121,796.50 / $211,814.25 | $6,121,796.50 / $211,814.25 |
| 11/20/09 | 10/1/09 through 10/31/09 | $5,809,684.00 / $113,043.44 | $5,809,684.00 / $113,043.44 |
| 1/27/10 | 11/1/09 through 11/30/09 | $6,749,148.00 / $331,025.87 | $4,371,761.60 / $181,160.07 |
| 2/17/10 | 12/1/09 through 12/31/09 | $5,464,702.00 / $181,160.07 | Pending |

---

[2]    Allowance for compensation for such time is not requested in this application but will be sought in a subsequent fee application.

## COMPENSATION BY PROFESSIONAL
Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

January 1, 2010 through January 31, 2010[3]

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| KRUTONOGAYA, ANNA | Associate | $375 | 219.70 | $82,387.50 |
| MALIK, SANJEET | Associate | 630 | 207.20 | 130,536.00 |
| BROMLEY, JAMES L. | Partner - Bankruptcy, Litigation | 995 | 206.40 | 205,368.00 |
| PARALEGAL, TEMPORARY | Paralegal | 240 | 195.30 | 46,872.00 |
| BIANCA, SALVATORE F. | Associate | 630 | 194.50 | 122,535.00 |
| WEINSTEIN, REBECCA D. | Associate | 375 | 182.80 | 68,550.00 |
| TAIWO, EBUNOLUWA | Associate | 450 | 172.40 | 77,580.00 |
| GALVIS, SANDRA J. | Senior Attorney - Corporate | 770 | 171.90 | 132,363.00 |
| LANZKRON, JOSEPH | Associate | 375 | 171.50 | 64,312.50 |
| BRITT, TAMARA J. | Associate | 375 | 163.80 | 61,425.00 |
| SCHWEITZER, LISA M. | Partner - Bankruptcy, Litigation | 905 | 162.60 | 147,153.00 |
| SALVATORE, NORA | Associate | 570 | 152.50 | 86,925.00 |
| BUSSIGEL, EMILY A. | Associate | 375 | 152.00 | 57,000.00 |
| LO, SHIRLEY | Associate | 375 | 143.10 | 53,662.50 |
| CROFT, JAMES | Associate | 515 | 139.80 | 71,997.00 |
| BAIK, ROBIN | Associate | 515 | 125.50 | 64,632.50 |
| FLEMING-DELACRUZ, MEGAN | Associate | 515 | 109.20 | 56,238.00 |
| LACKS, JEREMY | Associate | 450 | 108.00 | 48,600.00 |
| PICKNALLY, NANCY | Associate | 515 | 105.00 | 54,075.00 |
| WEAVER, KATHERINE | Associate | 450 | 104.90 | 47,205.00 |
| KLEIN, KERRIN T. | Associate | 375 | 104.80 | 39,300.00 |
| LIPNER, LOUIS | Associate | 450 | 104.70 | 47,115.00 |
| RANDAZZO, ANTHONY | Associate | 450 | 102.20 | 45,990.00 |
| PANAS, JOSHUA | Associate | 630 | 99.70 | 62,811.00 |
| HERNANDEZ, IVY | Associate | 570 | 96.10 | 54,777.00 |
| LAPORTE, LEAH | Associate | 450 | 91.90 | 41,355.00 |
| BUELL, DEBORAH M. | Partner - Litigation | 995 | 89.20 | 88,754.00 |
| ALDEN, CARISSA L. | Associate | 450 | 86.30 | 38,835.00 |
| BERNARD, RICARDO | Associate | 515 | 85.70 | 44,135.50 |
| CAREW-WATTS, ANTONIA | Associate | 375 | 85.60 | 32,100.00 |
| BROD, CRAIG B. | Partner - Corporate | 995 | 83.00 | 82,585.00 |
| QUA, IAN | Paralegal | 215 | 80.80 | 17,372.00 |
| WESTERFIELD, JENNIFER | Associate | 570 | 80.60 | 45,942.00 |
| FORREST, NEIL | Senior Attorney - Litigation | 770 | 77.30 | 59,521.00 |

---

[3]    Arranged in descending order according to Total Billed Hours.

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| GOODMAN, COREY M. | Associate | 515 | 76.40 | 39,346.00 |
| CONDLIN, CHRISTOPHER S. | Associate | 375 | 76.00 | 28,500.00 |
| RYCKAERT, NATHALIE | Associate | 375 | 75.00 | 28,125.00 |
| GINGRANDE, AARON | Paralegal | 240 | 73.50 | 17,640.00 |
| HUR, JOON | Associate | 570 | 72.00 | 41,040.00 |
| CAREY, ROBERT REED | Associate | 570 | 71.30 | 40,641.00 |
| LIU, EMILY | Associate | 450 | 65.90 | 29,655.00 |
| ILAN, DANIEL | Counsel - Intellectual Property | 675 | 65.40 | 44,145.00 |
| MALECH, DANIEL | Associate | 375 | 65.30 | 24,487.50 |
| MCGILL, JOHN | Senior Attorney - M&A, Corporate | 770 | 64.30 | 49,511.00 |
| RONCO, EMMANUEL | Associate | 650 | 64.00 | 41,600.00 |
| CHANDLER, JENNIE | Paralegal | 285 | 62.50 | 17,812.50 |
| SHEER, MARGARET E. | Associate | 515 | 61.60 | 31,724.00 |
| CAMBOURIS, ALEXANDRA | Associate | 450 | 60.30 | 27,135.00 |
| RENARD, GEOFFROY | Associate | 640 | 60.30 | 38,592.00 |
| BURLESON, COURTNI | Contract Attorney | 180 | 56.70 | 10,206.00 |
| DELAHAYE, SHANNON | Associate | 450 | 54.90 | 24,705.00 |
| MEYERS, AARON J. | Associate | 450 | 54.70 | 24,615.00 |
| O'KEEFE, PETER | Paralegal | 240 | 54.40 | 13,056.00 |
| GIBBON, BRENDAN H. | Associate | 605 | 52.60 | 31,823.00 |
| SUGERMAN, DAVID L. | Partner - Corporate | 995 | 51.30 | 51,043.50 |
| RAYMOND, ROBERT J. | Partner - Employee Benefits | 970 | 49.60 | 48,112.00 |
| GIFFORD, JONATHAN | Associate | 605 | 48.60 | 29,403.00 |
| JONES, KEVIN C. | Associate | 570 | 47.40 | 27,018.00 |
| SERCOMBE, MEGHAN M. | Associate | 570 | 47.10 | 26,847.00 |
| KOLKIN, ZACHARY | Associate | 450 | 46.00 | 20,700.00 |
| ALCOCK, MARY E. | Counsel - Employee Benefits | 835 | 42.80 | 35,738.00 |
| KALISH, JOSHUA | Associate | 450 | 42.50 | 19,125.00 |
| CERCEO, ANTHONY R. | Associate | 375 | 42.40 | 15,900.00 |
| OLIWENSTEIN, DAVID | Associate | 450 | 42.40 | 19,080.00 |
| HAILEY, KARA | Senior Attorney - Corporate | 695 | 39.40 | 27,383.00 |
| LEE, JEAN | Associate | 570 | 38.80 | 22,116.00 |
| PATEL, PRIYA H. | Associate | 570 | 38.80 | 22,116.00 |
| SHNITSER, NATALYA | Associate | 375 | 38.70 | 14,512.50 |
| GRANDINETTI, MEGAN | Associate | 450 | 38.20 | 17,190.00 |
| SPIERING, KIMBERLY | Associate | 630 | 35.80 | 22,554.00 |
| THONG, LINDA | Associate | 450 | 35.10 | 15,795.00 |
| KALITA, ALEXANDRA | Paralegal | 215 | 34.60 | 7,439.00 |
| LIM, SOO-YEUN | Associate | 450 | 34.20 | 15,390.00 |
| MENDOLARO, MARIO | Associate | 570 | 34.10 | 19,437.00 |
| FLOW, SANDRA | Partner - Corporate | 950 | 33.60 | 31,920.00 |
| WAUTERS, CHARLES-ANTOINE | Associate | 605 | 32.90 | 19,904.50 |
| PHILLIP, JAIME | Associate | 630 | 31.50 | 19,845.00 |

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| JOHNSON, HEATHER M. | Associate | 605 | 29.20 | 17,666.00 |
| BOURT, VIOLETTA | Associate | 440 | 29.00 | 12,760.00 |
| DEEGE, ALEXANDRA | Associate | 610 | 28.50 | 17,385.00 |
| LEITCH, EVAN J. | Associate | 375 | 27.80 | 10,425.00 |
| COUSQUER, SANDRINE A. | Associate | 630 | 27.50 | 17,325.00 |
| OLSON, JOHN | Associate | 515 | 26.70 | 13,750.50 |
| ALPERT, LAURENT | Partner - M&A, Corporate | 995 | 26.60 | 26,467.00 |
| CORNELIUS, JOHN | Associate | 375 | 25.70 | 9,637.50 |
| VANEK, MATTHEW J. | Associate | 515 | 25.50 | 13,132.50 |
| RODINA, ANASTASIYA S. | Associate | 375 | 24.70 | 9,262.50 |
| COOMBS, ANDREW G. | Associate | 375 | 24.50 | 9,187.50 |
| KHENTOV, BORIS | Associate | 375 | 24.00 | 9,000.00 |
| RILEY, DANIEL P. | Associate | 450 | 23.30 | 10,485.00 |
| WANG, LEI | Associate | 555 | 22.90 | 12,709.50 |
| DAVISON, CASEY | Associate | 450 | 22.70 | 10,215.00 |
| SEGOVIA, NATALI | Paralegal | 215 | 22.50 | 4,837.50 |
| FELD, ALAN | Associate | 515 | 22.30 | 11,484.50 |
| MONACO, TIMOTHY J. | Paralegal | 285 | 21.60 | 6,156.00 |
| ROZENBERG, INNA | Senior Attorney - Litigation | 695 | 21.60 | 15,012.00 |
| SCHWARTZ, EVAN | Associate | 630 | 21.60 | 13,608.00 |
| BAUMGARTNER, FABRICE | Partner - Corporate | 980 | 21.30 | 20,874.00 |
| BENARD, ALEXANDER | Associate | 450 | 21.30 | 9,585.00 |
| YUILLE, LUA | Associate | 570 | 20.90 | 11,913.00 |
| WEAVER, ANDREW W. | Associate | 630 | 20.80 | 13,104.00 |
| FRANKEL, JOSHUA | Associate | 525 | 19.70 | 10,342.50 |
| MANDELL, ELIZABETH | Associate | 630 | 18.10 | 11,403.00 |
| MORRIS, BRIAN J. | Associate | 375 | 17.30 | 6,487.50 |
| BIDSTRUP, W. RICHARD | Counsel - Environmental, M&A | 835 | 17.20 | 14,362.00 |
| GEIGER, THEODORE | Associate | 570 | 17.20 | 9,804.00 |
| CHEUNG, SU | Assistant Managing Clerk | 140 | 16.90 | 2,366.00 |
| PHILLIPS, TIM | Associate | 375 | 16.90 | 6,337.50 |
| ANDERSON, MARCEL | Associate | 515 | 15.90 | 8,188.50 |
| MARQUARDT, PAUL D. | Partner - Corporate, Regulatory | 950 | 15.70 | 14,915.00 |
| MCRAE, WILLIAM | Partner - Tax | 950 | 14.20 | 13,490.00 |
| KONSTANT, JOHN W. | Associate | 630 | 13.00 | 8,190.00 |
| REINSTEIN, JONATHAN | Paralegal | 240 | 12.50 | 3,000.00 |
| STERNBERG, DANIEL S. | Partner - M&A, Corporate | 995 | 12.40 | 12,338.00 |
| MARETTE, PATRICK | Associate | 630 | 12.30 | 7,749.00 |
| COOPER, KATHERINE B. | Associate | 570 | 11.30 | 6,441.00 |
| NELSON, MARK W. | Partner - Antitrust, M&A | 970 | 11.30 | 10,961.00 |
| GAUCHIER, NESLIHAN | Associate | 450 | 11.10 | 4,995.00 |
| BERNACET, AMARILYS | Paralegal | 240 | 10.90 | 2,616.00 |
| HAYES, PAUL S. | Associate | 630 | 10.90 | 6,867.00 |
| GROSS, ALETHEA | Paralegal | 215 | 10.50 | 2,257.50 |
| LAUT, ERIC | Associate | 620 | 10.30 | 6,386.00 |

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| LEINWAND, DAVID | Partner - M&A, Corporate | 980 | 10.30 | 10,094.00 |
| DECKER, SUZANNE DEVRIES | Associate | 570 | 10.20 | 5,814.00 |
| FORMAN, LAURA | Associate | 630 | 9.30 | 5,859.00 |
| RENFERT, PATRICK | Associate | 650 | 8.90 | 5,785.00 |
| FITZGERALD, WILLIAM | Paralegal | 215 | 8.70 | 1,870.50 |
| PODOLSKY, ANDREA G. | Partner - Corporate | 995 | 8.10 | 8,059.50 |
| EMBERGER, KATHLEEN M. | Counsel - Employee Benefits | 760 | 7.60 | 5,776.00 |
| DUPUIS, AUDE | Associate | 640 | 7.30 | 4,672.00 |
| JAUREGUI, KELLY | Paralegal | 215 | 5.80 | 1,247.00 |
| KIM, PAUL K. | Associate | 630 | 5.80 | 3,654.00 |
| FLEMING, GEORGINA | Paralegal | 215 | 5.50 | 1,182.50 |
| GONZALEZ, VANESSA | Associate | 570 | 5.50 | 3,135.00 |
| BLACKLOW, KIMBERLY BROWN | Partner - Real Estate | 970 | 5.30 | 5,141.00 |
| FRANCOIS, DAPHNEY | Associate | 375 | 5.10 | 1,912.50 |
| LI, YANGYANG | Paralegal | 280 | 5.00 | 1,400.00 |
| JACOBY, LEONARD C. | Partner - Intellectual Property | 970 | 4.90 | 4,753.00 |
| LACHGUAR, NAWAL | Associate | 470 | 4.70 | 2,209.00 |
| LARSON, SCOTT | Associate | 605 | 4.40 | 2,662.00 |
| WHATLEY, CAROL | Assistant Managing Clerk | 140 | 4.30 | 602.00 |
| DRAKE, JULIET A. | Associate | 630 | 4.10 | 2,583.00 |
| MODRALL, JAMES R. | Partner - M&A, International Competition | 995 | 4.10 | 4,079.50 |
| SIEW, CHRISTINE | Paralegal | 225 | 4.00 | 900.00 |
| ZELBO, HOWARD S. | Partner - Litigation | 995 | 4.00 | 3,980.00 |
| BALLARD, FRANK | Paralegal | 215 | 3.50 | 752.50 |
| WEINBERGER, MICHAEL | Partner - Real Estate, Corporate | 980 | 3.50 | 3,430.00 |
| HOPPE, JESSICA | Associate | 630 | 3.40 | 2,142.00 |
| TAYLOR, BRITTANY | Paralegal | 240 | 3.30 | 792.00 |
| ABREU, MICHELLE | Associate | 375 | 3.20 | 1,200.00 |
| STERN, DONALD A. | Partner - M&A, Corporate | 995 | 3.20 | 3,184.00 |
| TEELUCK, BENAZIR | Paralegal | 240 | 3.00 | 720.00 |
| WILLIAMS, ROBERT K. | Counsel - Corporate | 770 | 2.90 | 2,233.00 |
| DUNN, LINDSAY | Associate | 570 | 2.70 | 1,539.00 |
| FACTOR, JASON | Partner - Tax | 950 | 2.70 | 2,565.00 |
| SCOTT, CYNTHIA | Managing Clerk | 210 | 2.60 | 546.00 |
| OLSHEVER, ERIN R. | Associate | 375 | 2.30 | 862.50 |
| WHORISKEY, NEIL | Partner - M&A, Corporate | 980 | 2.30 | 2,254.00 |
| MILANO, LISA | Practice Support Specialist | 225 | 2.20 | 495.00 |
| INGERMAN, ELLEN | Research Specialist | 265 | 2.00 | 530.00 |
| ZOUBOK, LYNN | Research Specialist | 265 | 2.00 | 530.00 |
| LLOYD, COLIN D. | Associate | 515 | 1.90 | 978.50 |
| RODRIGUEZ, MARIA B. | Paralegal | 295 | 1.80 | 531.00 |
| AMBROSI, JEAN-MARIE | Partner - M&A, Corporate | 995 | 1.70 | 1,691.50 |
| MARRE, VICTORIA | Paralegal | 215 | 1.70 | 365.50 |

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| PEARSON, COLIN | Consultant | 995 | 1.70 | 1,691.50 |
| WILNER, STEVEN | Partner - Real Estate | 995 | 1.70 | 1,691.50 |
| BAREFOOT, LUKE | Associate | 630 | 1.50 | 945.00 |
| HOROWITZ, STEVEN G. | Partner - Real Estate | 995 | 1.50 | 1,492.50 |
| SHIM, PAUL J. | Partner - M&A, Corporate | 995 | 1.50 | 1,492.50 |
| BALDUCCI, TOMMAS | Assistant Managing Clerk | 140 | 1.40 | 196.00 |
| KASSEL, JUDITH | Counsel - Tax | 835 | 1.30 | 1,085.50 |
| GAZZOLA, CHARLES | Assistant Managing Clerk | 140 | 1.20 | 168.00 |
| GRANFIELD, LINDSEE | Partner - Bankruptcy, Litigation | 995 | 1.20 | 1,194.00 |
| VANELLA, NICOLE | Assistant Managing Clerk | 140 | 1.20 | 168.00 |
| BROWN, JUSTIN | Assistant Managing Clerk | 140 | 1.10 | 154.00 |
| JANG, MEE-JUNG | Associate | 375 | 1.10 | 412.50 |
| LIPSTEIN, JACE | Assistant Managing Clerk | 140 | 1.10 | 154.00 |
| BOUHY, MARINE | Associate | 375 | 1.00 | 375.00 |
| KANG, LILIANE | Paralegal | 240 | 1.00 | 240.00 |
| SWEENEY, TIM | Assistant Managing Clerk | 140 | 0.90 | 126.00 |
| THOMPSON, CHRISTOPHER | Assistant Managing Clerk | 140 | 0.90 | 126.00 |
| ADAMS, KELLY | Paralegal | 215 | 0.80 | 172.00 |
| MOSS, JOEL | Associate | 630 | 0.70 | 441.00 |
| COATES, GREGORY | Assistant Managing Clerk | 140 | 0.60 | 84.00 |
| COLITTI, KATIA S. | Associate | 605 | 0.60 | 363.00 |
| GOTTLIEB, DAVID | Partner - M&A, Corporate | 995 | 0.50 | 497.50 |
| LEBOURGEOIS, ASHTON H. | Paralegal | 285 | 0.50 | 142.50 |
| MASTRETTA, BRUNO | International Lawyer | 340 | 0.50 | 170.00 |
| SELLNAU, ANDREW | Paralegal | 240 | 0.50 | 120.00 |
| SILVA, MANUEL | International Lawyer | 340 | 0.50 | 170.00 |
| STAFFORD, LIZ J. | Assistant Managing Clerk | 140 | 0.50 | 70.00 |
| EL KOURY, JAIME | Partner - Corporate | 995 | 0.40 | 398.00 |
| ROCKS, SANDRA M. | Counsel - Corporate, Secured Transactions | 900 | 0.40 | 360.00 |
| BLACKMAN, JONATHAN | Partner - Litigation | 995 | 0.30 | 298.50 |
| BYAM, JOHN | Partner - M&A, Corporate | 995 | 0.30 | 298.50 |
| CLABAUGH, ALYSON | Paralegal | 240 | 0.30 | 72.00 |
| DENNIS, DEANNA | Associate | 605 | 0.30 | 181.50 |
| KEISER, NAURA | Associate | 375 | 0.30 | 112.50 |
| KHALID, HUMAYUN | Associate | 515 | 0.30 | 154.50 |
| PLAVE, RUTH | Associate | 630 | 0.30 | 189.00 |
| TARJAMO, JUSSI | Paralegal | 285 | 0.30 | 85.50 |
| FRIEDMAN, LAWRENCE B. | Partner - Litigation | 995 | 0.20 | 199.00 |
| HAN, SANG JIN | Partner - M&A, Corporate | 970 | 0.20 | 194.00 |
| KLIMEK, MARTINE | Paralegal | 270 | 0.20 | 54.00 |
| KOHN, ARTHUR | Partner - Employee Benefits | 995 | 0.20 | 199.00 |
| LYERLY, BRYNN | Associate | 375 | 0.20 | 75.00 |
| CORSIGLIA, JAMES | Senior Attorney - Corporate, Secured Transactions | 770 | 0.10 | 77.00 |

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| O'CONNORS, MELISSA | Paralegal | 285 | 0.10 | 28.50 |
| SPOERRI, KIMBERLY | Associate | 450 | 0.10 | 45.00 |
| **TOTAL HOURS:** | | | **7,773.30** | |
| **GRAND TOTAL:** | | | | **$4,140,091.00** |
| **BLENDED RATE:** | | **$533** | | |

# COMPENSATION BY PROJECT CATEGORY[4]

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))


January 1, 2010 through January 31, 2010

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| Asset Dispositions | 1,180.50 | $ 518,433.50 |
| Case Administration | 1,415.10 | 775,269.00 |
| Claims Administration and Objections | 1,216.40 | 690,639.50 |
| M&A Advice | 1,189.80 | 690,836.50 |
| Employee Matters | 880.70 | 493,347.00 |
| Customer Issues | 182.30 | 85,445.00 |
| Supplier Issues | 163.40 | 80,037.00 |
| Plan of Reorganization & Disclosure Statement | 97.40 | 57,059.50 |
| Tax | 222.90 | 127,951.00 |
| Intellectual Property | 317.90 | 169,497.50 |
| Regulatory | 168.40 | 105,588.50 |
| Fee and Employment Applications | 162.50 | 56,083.50 |
| Litigation | 119.30 | 58,408.50 |
| Real Estate | 456.70 | 231,495.00 |
| **TOTAL** | **7,773.30** | **$    4,140,091.00** |

---

[4]    Note:  This Application includes certain fees incurred during a period related to a previously submitted fee application but not entered into the Cleary Gottlieb accounting system until the period covered by this Application.

9

**EXPENSE SUMMARY**[5]

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

January 1, 2010 through January 31, 2010

| Expense Category | | Total Expenses |
|---|---|---|
| Telephone | | $        9,349.60 |
| Travel – Transportation | | 14,360.13 |
| Travel – Lodging | | 27,632.06 |
| Travel – Meals | | 306.44 |
| Mailing and Shipping Charges | | 610.51 |
| Scanning Charges (at $0.10/page) | | 177.70 |
| Duplicating Charges (at $0.10/page) | | 6,480.50 |
| Color Duplicating Charges (at $0.65/page) | | 807.30 |
| Legal Research | Lexis | 49,837.80 |
| | Westlaw | 34,024.54 |
| | PACER | 5,087.60 |
| Filing Fees | | 769.50 |
| Late Work – Meals | | 3,795.48 |
| Late Work – Transportation | | 16,849.57 |
| Conference Meals | | 43,645.54 |
| Other (see Exhibit B for detail) | | 5,780.99 |
| **Grand Total Expenses** | | **$      219,515.26** |

---

[5]        Note:  This Application includes certain expenses incurred during a period related to a previously submitted fee application but not entered into the Cleary Gottlieb accounting system until the period covered by this Application.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X
:

*In re*                                  :       Chapter 11

                                        :

Nortel Networks Inc., *et al.*,[1]             :       Case No. 09-10138 (KG)

                                        :

                       Debtors.           :       Jointly Administered

                                        :       **Objections due:  March 16, 2010 at 4 p.m.**

                                        :
-----------------------------------------------------------X

## THIRTEENTH INTERIM APPLICATION OF CLEARY GOTTLIEB STEEN & HAMILTON LLP, AS ATTORNEYS FOR DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD <u>JANUARY 1, 2010 THROUGH JANUARY 31, 2010</u>

Cleary Gottlieb Steen & Hamilton LLP ("<u>Cleary Gottlieb</u>"), counsel for Nortel Networks Inc.

and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the

"<u>Debtors</u>"), submits this application (the "<u>Application</u>") for interim allowance of compensation for

professional services rendered by Cleary Gottlieb to the Debtors for the period January 1, 2010 through

January 31, 2010 (the "<u>Application Period</u>") and reimbursement of actual and necessary expenses

incurred by Cleary Gottlieb during the Application Period under sections 330 and 331 of title 11 of the

United States Code (the "<u>Bankruptcy Code</u>"), Rule 2016 of the Federal Rules of Bankruptcy Procedure

(the "<u>Bankruptcy Rules</u>"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the

---

[1]       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the United States

Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses

filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines"), and the

Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim

Compensation and Reimbursement of Expenses for Professionals and Official Committee Members

[D.I. 293] (the "Interim Compensation Procedures Order").    In support of this Application, Cleary

Gottlieb represents as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This

matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to

28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 330 and 331 of the

Bankruptcy Code.

## BACKGROUND

**A.      Procedural History**

3.      On January 14, 2009 (the "Petition Date"), the Debtors other than NN CALA (as defined

below) filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as debtors

in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On January 15, 2009, this Court entered an order of joint administration pursuant to

Bankruptcy Rule 1015(b) that provided for the joint administration of these cases and for consolidation

for procedural purposes only [D.I. 36].

2

6.      Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings").  The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.

7.      On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA.  On February 27, 2009, based on a petition filed by Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

8.      On January 14, 2009, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[3] into administration under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators").  On May 28, 2009, at the request of the Joint Administrators, the Commercial Court of Versailles, France (the "French Court") (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA was originally

---

[2]      The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[3]      The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

authorized to continue to operate as a going concern for an initial period of three months, which period

was subsequently extended to November 28, 2009.  In accordance with the European Union's Council

Regulation (EC) No. 1346/2000 on Insolvency Proceedings, the English law proceedings (the "English

Proceedings") remain the main proceedings in respect of NNSA although a French administrator and a

French liquidator have been appointed and are in charge of the day-to-day affairs and continuing

business of NNSA in France.  On October 1, 2009, pursuant to a motion filed by the Joint

Administrators, the French Court approved an order to: (i) suspend the liquidation operations relating to

the sale of the assets and/or businesses of NNSA for a renewable period of two months; (ii) authorize the

continuation of the business of NNSA so long as the liquidation operations are suspended; and (iii)

maintain the powers of the French Administrator and Liquidator during the suspension period, except

with respect to the sale of assets and/or businesses of NNSA.  On November 30, 2009, the French Court

extended the suspension of liquidation for a further period of three months.  On June 26, 2009, this

Court entered an order recognizing the English Proceedings of Nortel Networks UK Limited ("NNUK")

as foreign main proceedings under chapter 15 of the Bankruptcy Code.[4]

        9.      On January 26, 2009, the Office of the United States Trustee for the District of Delaware

(the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee")

pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142].  An ad hoc group of

bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also

been organized (the "Bondholder Group").  No trustee or examiner has been appointed in the Debtors'

cases.

---

[4]      Additionally, on January 18, 2009, certain Nortel affiliates, including Nortel Networks Israel (Sales and Marketing) Limited, filed an application with the Tel-Aviv-Jaffa District Court, pursuant to the Israeli Companies Law, 1999, and the regulations relating thereto for a stay of proceedings.  On January 19, 2009, the Israeli Court appointed Yaron Har-Zvi and Avi D. Pelossof as joint administrators of the Israeli Company under the Israeli Companies Law (the "Joint Israeli Administrators").

10.     On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc. ("NN

CALA" and a Debtor with NNI and its affiliates), an affiliate of NNI, filed a voluntary petition for relief

under chapter 11 of the Bankruptcy Code.  On July 17, the Court entered orders approving the joint

administration and consolidation of NN CALA's chapter 11 case with the other Debtors' chapter 11

cases for procedural proposes [D.I. 1098], and applying to NN CALA certain previously entered orders

in the Debtors' chapter 11 cases [D.I. 1099].

**B.     Debtors' Corporate Structure and Business**

11.     Nortel is a technology company that historically designs, develops and deploys

communication products, systems and solutions to its customers around the globe.  Its principal assets

include its employees, the intellectual property derived and maintained from its research and

development activities, its customers and other significant contracts and agreements.

12.     Additional information regarding the Debtors' corporate structure and business and the

events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in Support of First

Day Motions and Applications [D.I. 3] (the "First Day Declaration").

**C.     Case Milestones**

13.     On June 19, 2009, Nortel announced that it was advancing in discussions with external

parties to sell its businesses and it would assess other restructuring alternatives for its businesses in the

event it is unable to maximize value through sales.  To date, Nortel has closed (i) the sale of certain

portions of its Layer 4-7 data portfolio to Radware Ltd. [D.I. 539]; (ii) the sale of substantially all of its

CDMA business and LTE Access assets business to Telefonaktiebolaget LM Ericsson (publ) [D.I.

1205]; (iii) the sale of the assets of its Wireless Networks business associated with the development of

Next Generation Packet Core network components to Hitachi Ltd. [D.I. 1760]; and (iv) the sale of

substantially all of the assets of the Enterprise Solutions business globally, including the shares of Nortel

Government Solutions Incorporated and DiamondWare Ltd. to Avaya Inc. [D.I. 1514].  In addition,

Nortel has completed auction processes and obtained Court approval for the planned sale of
(i) substantially all the assets of its Optical Networking and Carrier Ethernet businesses associated with
its Metro Ethernet Networks business unit [D.I. 2070]; and (ii) substantially all of its GSM/GSM-R
business [D.I. 2065].

14.     On August 4, 2009, this Court entered an order fixing September 30, 2009 at 4:00 PM
(Eastern Time) as the general bar date for filing proofs of claim or interests [D.I. 1280].  On December
3, 2009 this Court entered an order fixing January 25, 2010 at 4:00 PM (Eastern Time) as the bar date
for filing proofs of claim or interests against NN CALA [D.I. 2059].

## CLEARY GOTTLIEB'S RETENTION

15.     Prior to the Petition Date, the Debtors engaged Cleary Gottlieb as counsel in connection
with potential bankruptcy filings by the Debtors.  On February 4, 2009, this Court entered the Order
Authorizing the Retention and Employment of Cleary Gottlieb Steen & Hamilton LLP as Counsel for
the Debtors nunc pro tunc to the Petition Date [D.I. 221].

## FEE PROCEDURES ORDER

16.     On February 4, 2009, the Court entered the Interim Compensation Procedures Order [D.I.
222], which sets forth the procedures for interim compensation and reimbursement of expenses for all
professionals in these cases.[5]

17.     In particular, the Interim Compensation Procedures Order provides that a Professional
may file and serve a Monthly Fee Application with the Court after the first day of each calendar month.
Provided that there are no objections to such Monthly Fee Application filed within twenty (20) days
after the service of a Monthly Fee Application, the Professional may file a certificate of no objection

---

[5]     Capitalized terms used but not defined herein have the meanings ascribed to them in the Interim Compensation
Procedures Order.

with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application.  If a partial objection to the Monthly Fee Application is filed, then the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

18.     On June 26, 2009, Cleary Gottlieb filed its First Interim Fee Application Request of Cleary Gottlieb Steen & Hamilton LLP, As Attorneys For Debtors And Debtors-In-Possession, For The Period January 14, 2009 Through April 30, 2009 [D.I. 978] (the "First Quarterly Application").  On July 17, 2009, this Court entered an Omnibus Order Allowing Certain Professionals Interim Compensation for Services Rendered and Reimbursement of Expenses [D.I. 1103], approving the First Quarterly Application.  On September 2, 2009, Cleary Gottlieb filed its Second Quarterly Fee Application Request of Cleary Gottlieb Steen & Hamilton LLP, As Attorneys For Debtors And Debtors-In-Possession, For The Period May 1, 2009 Through July 31, 2009 [D.I. 1421] (the "Second Quarterly Application").  On September 30, 2009, this Court entered the Second Omnibus Order Allowing Certain Professionals Interim Compensation for Services Rendered and Reimbursement of Expenses [D.I. 1582], approving the Second Quarterly Application.  On November 20, 2009, Cleary Gottlieb filed its Third Quarterly Fee Application Request of Cleary Gottlieb Steen & Hamilton LLP, As Attorneys For Debtors And Debtors-In-Possession, For The Period August 1, 2009 Through October 31, 2009 [D.I. 1943] (the "Third Quarterly Application").  On December 15, 2009, this Court entered the Third Omnibus Order Allowing Certain Professionals Interim Compensation For Services Rendered and Reimbursement of Expenses [D.I. 2143], approving the Third Quarterly Application.

19.     During the Application Period, Cleary Gottlieb provided extensive services to the Debtors.  During such period, with the aid of Cleary Gottlieb and Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols"), the Debtors were successful in obtaining certain relief including, without limitation: (a) approval of the employment and retention of John Ray as the Principal Officer of the Debtors; (b)

7

authorization to enter into a stalking-horse asset sale agreement with respect to the Debtors' Carrier

VoIP and Application Solutions ("<u>CVAS</u>") business (the "<u>CVAS Sale</u>"); (c) authorization and approval

of the bidding procedures with respect to the CVAS Sale; (d) approval of a settlement stipulation and

advance pricing agreement between the Debtors and the Internal Revenue Service; (e) an extension of

the exclusive periods during which the Debtors may file a plan or plans or reorganization and solicit

acceptances thereof; (f) granting the Debtors' First, Second and Third Omnibus Claims Objections; and

(g) approval of an agreement to provide funding to NNI's direct parent, NNL.  Cleary Gottlieb and

Morris Nichols also began work during the Application Period that led to the Debtors successfully

obtaining additional relief in February, including, without limitation, authorization of an agreement to

assign debt owed to NNI by the Russian Telecommunications Development Corporation to the assignee,

Velenio Holdings Limited.  Additionally, during the Application Period the Debtors continued to work

towards the completion of asset sale transactions previously approved by the Bankruptcy Court and

continued the process of reviewing and reconciling claims filed by creditors prior to the general claims

bar dates established in the chapter 11 proceedings.

       20.     Cleary Gottlieb also continued to assist the Debtors in effectively addressing many of the

matters which arise during a chapter 11 case involving vendors, suppliers, customers, employees and

governmental agencies.  Many of these issues were more complex due to the international nature of the

Debtors' operations.  Cleary Gottlieb also responded to numerous inquiries by vendors, suppliers,

creditors and other interested parties.  In addition, Cleary Gottlieb engaged in numerous discussions with

representatives of the Committee and the Bondholder Group and assisted the Debtors in preparing for

and engaging in discussions with the same.  Cleary Gottlieb also assisted the Debtors with numerous

other matters, including regulatory and other work relating to the Debtors' reporting obligations,

including those established by the Code.

       21.     Cleary Gottlieb and Morris Nichols also assisted the Debtors in seeking authority to

retain the professionals utilized by the Debtors during these cases as well as in the ordinary course of their businesses, and coordinating the information flow to and among these professionals and have endeavored to ensure that such professionals comply with the Local Rules and the U.S. Trustee Guidelines.

22.     Included in this Application are certain fees and expenses incurred during a period related to an application previously submitted, but which were not entered into the Cleary Gottlieb accounting system until the period covered by this Application.

### RELIEF REQUESTED

23.     Cleary Gottlieb submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered as bankruptcy counsel for the Debtors in these cases for the period from January 1, 2010 through January 31, 2010 (and previous periods, as discussed above), and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Debtors during that same period (and previous periods, as discussed above).

24.     During the period covered by this Application (and previous periods, as discussed above), Cleary Gottlieb accrued fees in the amount of $4,140,091.00.  For the same period (and previous periods, as discussed above), Cleary Gottlieb incurred actual, reasonable and necessary expenses totaling $219,515.26.  With respect to these amounts, as of the date of this Application, Cleary Gottlieb has received no payments.

25.     Set forth on the foregoing "Compensation by Project Category" is a summary by subject matter categories of the time expended by timekeepers billing time to these cases.

26.     Exhibit A attached hereto contains logs, sorted by case project category, which show the time recorded by professionals, paralegals and other support staff and descriptions of the services provided.

27.     <u>Exhibit B</u> attached hereto contains a breakdown of disbursements incurred by Cleary Gottlieb during the Application Period.

28.     Cleary Gottlieb charges $0.10 per page for photocopying.

29.     Cleary Gottlieb charges $0.65 per page for color photocopying and printing.

30.     Cleary Gottlieb charges $1.00 per page for outgoing domestic facsimiles and does not charge for incoming facsimiles.

31.     In accordance with Local Rule 2016-2, Cleary Gottlieb has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

32.     Cleary Gottlieb has endeavored to represent the Debtors in the most expeditious and economical manner possible.  Tasks have been assigned to attorneys, paralegals, and other support staff at Cleary Gottlieb so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter.  Moreover, Cleary Gottlieb has endeavored to coordinate with Morris Nichols and the other professionals involved in these cases so as to minimize any duplication of effort and to minimize attorneys' fees and expenses to the Debtors.  We believe we have been successful in this regard.

33.     No agreement or understanding exists between Cleary Gottlieb and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

34.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his or her information, knowledge and belief that this Application complies with that Rule.

        **WHEREFORE**, Cleary Gottlieb respectfully requests that this Court:  (a) allow Cleary Gottlieb (i) interim compensation in the amount of $4,140,091.00 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period January 1, 2010 through

January 31, 2010 (and previous periods, as discussed above), and (ii) interim reimbursement in the amount of $219,515.26 for actual, reasonable and necessary expenses incurred during the same period (and previous periods, as discussed above); (b) authorize and direct the Debtors to pay to Cleary Gottlieb the amount of $3,531,588.06, which is equal to the sum of 80% of Cleary Gottlieb's allowed interim compensation and 100% of Cleary Gottlieb's allowed expense reimbursement; and (c) grant such other and further relief as the Court deems just and proper.

Dated:  February 24, 2010  
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley  
Lisa M. Schweitzer  
One Liberty Plaza  
New York, New York 10006  
Telephone:  (212) 225-2000  
Facsimile:  (212) 225-3999

*Counsel for the Debtors and Debtors in Possession*

12