IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
: 
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
                Debtors. :
: RE: D.I. 2387
:
---------------------------------------------------------X

## ORDER TO ADD CERTAIN ADDITIONAL DEBTORS AS SELLERS IN THE SALE OF THE DEBTORS' METRO ETHERNET NETWORKS BUSINESS TO CIENA CORPORATION

Upon the motion dated February 5, 2010 (the "Motion"),[2] of Xros, Inc., CoreTek, Inc., Qtera Corporation (the "Additional Sellers") and Nortel Networks Inc. and their affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), to approve a certain amendment to the Sale Agreement with Ciena (the "Amendment"), and confirm the applicability of the Order Authorizing and Approving the (A) Sale of Certain Assets of the Debtors' Metro Ethernet Networks Business Free and Clear of all Liens, Claims and Encumbrances and (B) Assumption and Assignment of Certain Executory Contracts [D.I. 2070] (the "Sale Order") previously

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

entered to the Additional Sellers as Sellers; and granting such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Additional Sellers are authorized, but not directed to enter into the Amendment to the Sale Agreement, and are authorized to take all steps necessary or appropriate to implement the Amendment.

3. The Sale Order shall be applicable to the Additional Sellers as Sellers under the Sale Agreement (to the extent the relief granted in the Sale Order is relevant to the Additional Sellers).

4. For the avoidance of doubt, in accordance with Section 2.1.1(e) of the Sale Agreement, the sale of U.S. Patent No. 6,229,139 is subject to the license agreement dated February 2, 1998 between Xros, Inc. ("Xros") as licensor and Microvision, Inc. ("Microvision") as licensee (the "Microvision License Agreement") or, to the extent applicable, to Microvision's rights under Section 365(n) of the Bankruptcy Code. In addition, all royalty payments owed

under the Microvision License Agreement or Section 365(n) of the Bankruptcy Code, if applicable, are owing to Xros and not to the Purchaser in accordance with applicable law.

5. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: February 26, 2010
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE