**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------X
                                                       :
                                                       :     Chapter 11
                                                       :
In re                                                  :
                                                       :     Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1]                       :
                                                       :     Jointly Administered
                              Debtors.                 :
                                                       :
                                                       :     RE: D.I. _____
                                                       :
-------------------------------------------------------X
```

## ORDER APPROVING THE METRO ETHERNET
## NETWORKS SIDE AGREEMENT AND GRANTING RELATED RELIEF

Upon the motion dated February ___, 2010 (the "Motion"),[2] of Nortel Networks Inc. and

its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the

"Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections

105(a) and 363(b) of the Bankruptcy Code, approving the terms and conditions of the Side

Agreement and granting related relief; and adequate notice of the Motion having been given as

set forth in the Motion; and it appearing that no other or further notice is necessary; and the

Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28

U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the

legal and factual bases set forth in the Motion establish just cause for the relief requested in the

---

[1]       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]       Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The Debtors are authorized to enter into the Side Agreement substantially in the form attached as <u>Exhibit B</u> to the Motion pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, and to take any and all actions that may be reasonably necessary or appropriate to perform all obligations contemplated thereunder.

3.      The failure to specifically describe or include any particular provision of the Side Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Side Agreement be approved in its entirety.

4.      Notwithstanding anything in the Sale Order to the contrary regarding the Committee's and Bondholder Group's consent rights with respect to the sale, replacement, or redemption of the Convertible Notes, all decisions to sell or otherwise dispose of the Convertible Notes shall be made by the Investment Committee (after consultation with NNI, NNL, NNUK, the Committee, the Bondholder Group and the Monitor), and the terms of Article III of the Side Agreement shall govern the Debtors' rights with respect to the disposition of the Convertible Notes.

5.      The Debtors are hereby authorized but not directed to negotiate and enter into a Distribution Escrow Agreement, on terms and conditions reasonably satisfactory to the Committee and the Monitor acting in good faith, with a Distribution Escrow Agent to establish a Distribution Escrow Account without further order of this Court.

6.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2010
            Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE