## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X
                                            :
*In re*                                     :    Chapter 11
                                            :
Nortel Networks Inc., *et al.*,[1]          :    Case No. 09-10138 (KG)
                                            :
                          Debtors.          :    Jointly Administered
                                            :
                                            :    **Hearing date: March 31, 2010 at 10:00 a.m. (E.T.)**
                                            :    **Objections due: March  24, 2010 at 4:00 p.m. (E.T.)**
-----------------------------------------------------------X

## DEBTORS' MOTION FOR ENTRY OF AN ORDER GRANTING DEBTORS ADDITIONAL TIME TO FILE REPORTS OF FINANCIAL INFORMATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2015.3(A) FOR THE PERIOD ENDING APRIL 1, 2010

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors

in possession (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry

of an order substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a),

1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2015.3 and

9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-

2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy

Court for the District of Delaware (the "Local Rules"), extending the time to file their reports of

financial information in respect of entities in which a chapter 11 estate holds a controlling or

substantial interest (the "Rule 2015.3 Reports") from April 1, 2010 to June 15, 2010, and

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

granting them such other and further relief as the Court deems just and proper.  In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a), 1107 and 1108 of the Bankruptcy Code, Bankruptcy Rules 2015.3 and 9006(b), and Local Rule 9006-2.

### Background

**A.      Procedural History**

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than NN CALA (defined below), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On January 15, 2009, this Court entered an order of joint administration pursuant to Bankruptcy Rule 1015(b) that provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

6.      Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited

("NNL") and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.

7.      On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February 27, 2009, based on a petition filed by Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

8.      On January 14, 2009, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[3] into administration under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators"). On May 28, 2009, at the request of the Joint Administrators, the Commercial Court of Versailles, France (the "French Court") (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA was originally authorized to continue to operate as a going concern for an initial period of three months, which period was subsequently

---

[2]      The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[3]      The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

extended to November 28, 2009.  In accordance with the European Union's Council Regulation (EC) No. 1346/2000 on Insolvency Proceedings, the English law proceedings (the "English Proceedings") remain the main proceedings in respect of NNSA although a French administrator and a French liquidator have been appointed and are in charge of the day-to-day affairs and continuing business of NNSA in France.  On October 1, 2009, pursuant to a motion filed by the Joint Administrators, the French Court approved an order to: (i) suspend the liquidation operations relating to the sale of the assets and/or businesses of NNSA for a renewable period of two months; (ii) authorize the continuation of the business of NNSA so long as the liquidation operations are suspended; and (iii) maintain the powers of the French Administrator and Liquidator during the suspension period, except with respect to the sale of assets and/or businesses of NNSA.  On November 30, 2009, the French Court extended the suspension of liquidation for a further period of three months.  On June 26, 2009, this Court entered an order recognizing the English Proceedings of NNUK as foreign main proceedings under chapter 15 of the Bankruptcy Code.[4]

9.      On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142].  An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group").  No trustee or examiner has been appointed in the Debtors' cases.

---

[4]      Additionally, on January 18, 2009, certain Nortel affiliates, including Nortel Networks Israel (Sales and Marketing) Limited, filed an application with the Tel-Aviv-Jaffa District Court, pursuant to the Israeli Companies Law, 1999, and the regulations relating thereto for a stay of proceedings.  On January 19, 2009, the Israeli Court appointed Yaron Har-Zvi and Avi D. Pelossof as joint administrators of the Israeli Company under the Israeli Companies Law (the "Joint Israeli Administrators").

10.    On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc. ("NN CALA" and a Debtor with NNI and its affiliates), an affiliate of NNI, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On July 17, this Court entered orders approving the joint administration and consolidation of NN CALA's chapter 11 case with the other Debtors' chapter 11 cases for procedural proposes [D.I. 1098], and applying to NN CALA certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1099].

**B.    Debtors' Corporate Structure and Business**

11.    Nortel is a technology company that designs, develops and deploys communication products, systems and solutions to its customers around the globe.  Its principal assets include its employees, the intellectual property derived and maintained from its research and development activities, its customers and other significant contracts and agreements.

12.    Additional information regarding the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3] (the "First Day Declaration").

**C.    Case Milestones**

13.    On June 19, 2009, Nortel announced that it was advancing in discussions with external parties to sell its businesses and it would assess other restructuring alternatives for its businesses in the event it is unable to maximize value through sales.  To date, Nortel has closed (i) the sale of certain portions of its Layer 4-7 data portfolio to Radware Ltd. [D.I. 539]; (ii) the sale of substantially all of its CDMA business and LTE Access assets business to Telefonaktiebolaget LM Ericsson (publ) ("Ericsson") [D.I. 1205]; (iii) the sale of the assets of its Wireless Networks business associated with the development of Next Generation Packet Core network components to Hitachi Ltd. [D.I. 1760]; and (iv) the sale of substantially all of the assets

5

of the Enterprise Solutions business globally, including the shares of Nortel Government Solutions Incorporated and DiamondWare Ltd. to Avaya Inc. [D.I. 1514]. In addition, Nortel has completed auction processes and obtained Court approval for the planned sale of substantially all the assets of its Optical Networking and Carrier Ethernet businesses associated with its Metro Ethernet Networks business unit [D.I. 2070]; as well as for the planned sale of substantially all of its GSM/GSM-R business [D.I. 2065].

14.     On August 4, 2009, this Court entered an order fixing September 30, 2009 at 4:00 PM (Eastern Time) as the general bar date for filing proofs of claim or interests [D.I. 1280]. On December 3, 2009 this Court entered an order fixing January 25, 2010 at 4:00 PM (Eastern Time) as the bar date for filing proofs of claim or interests against NN CALA [D.I. 2059].

## Relief Requested

15.     By this Motion, the Debtors seek entry of an order, pursuant to Bankruptcy Rule 9006(b) and Local Rule 9006-2, extending the Debtors' time to file their next Rule 2015.3 Report from April 1, 2010, to June 15, 2010.

## Facts Relevant to this Motion

16.     On February 5, 2009, this Court entered an order (the "First 2015.3 Extension Order") granting the Debtors additional time (until April 14, 2009) to file their initial Rule 2015.3 Reports or to seek a modification of such reporting requirement for cause (the "First 2015.3 Extension Motion") [D.I. 238].

17.     On March 20, 2009, the Debtors filed the *Second Motion For Entry Of An Order Granting Debtors Additional Time To File Reports Of Financial Information Pursuant To Federal Rule Of Bankruptcy Procedure 2015.3(a) And Certain Modifications Of Such Reporting*

*Requirements Pursuant To Federal Rule Of Bankruptcy Procedure 2015.3(d)* [D.I. 516], seeking

an additional extension of the time to file the initial Rule 2015.3 Reports.

18.     On April 22, 2009, this Court entered an order (the "<u>Second 2015.3</u>

<u>Extension Order</u>") granting the extension [D.I. 657].   The Second 2015.3 Extension Order

granted Debtors an extension until May 4, 2009 as to all entities that are majority owned by

Debtors, and until May 29, 2009 for all entities in which Debtors hold direct non-majority equity

interests.

19.     On May 11, 2009, the Debtors filed the *Rule 2015.3 - Periodic Report*

*Regarding Value, Operations And Profitability Of Entities In Which The Estates Of Nortel*

*Networks Inc., Nortel AltSystems Inc., And Sonoma Systems Hold A Substantial Or Controlling*

*Interest* [D.I. 729].  Debtors have subsequently filed Rule 2015.3 Reports on May 29, 2009 and

on October 1, 2009 [D.I. 813, 1587].

20.     The next periodic Rule 2015.3 Report pursuant to the terms of Rule

2015.3(b) is due on or before April 1, 2010.

### Basis for Relief

21.     Rule 2015.3(a) requires that a debtor in possession shall "file periodic

financial reports of the value, operations and profitability of each entity that is not a publicly

traded corporation or a debtor in a case under chapter 11, and in which the estate holds a

substantial or controlling interest."  Rule 2015.3(a).  The rule requires the filing of a Rule 2015.3

Report at least every six months after the initial Rule 2015.3 Report is filed.  Rule 2015.3(b).

New Official Form 26 may be used for Rule 2015.3 reporting.  Rule 2015.3(c).  The Court may

"vary the reporting requirement established by subdivision (a) of [Rule 2015.3] for cause,

including that the . . . debtor in possession is not able, after a good faith effort, to comply with

those reporting requirements . . . ."  Rule 2015.3(d).

22.    Pursuant to Bankruptcy Rule 9006(b)(1), this Court may, "for cause

shown" at any time enlarge the period of time within which an act is required to be done.  Cause

exists to extend the deadline for the filing of the Debtors' Rule 2015.3 reports as requested

herein based on (i) the size and complexity of the Debtors' businesses and the number of entities

in which the Debtors' chapter 11 estates hold a controlling or substantial interest, and (ii) the

substantial burdens imposed by compliance with Rule 2015.3(a) on the Debtors' reorganization

efforts and other concurrent reporting requirements.  The Debtors have been and continue to

focus their efforts on the sale of assets, and compliance with the burdens of the 2015.3 report

will take both time and resources away from this focus.  Given the sales that have occurred the

Debtors have lost many employees, putting further strain on their limited resources.

Additionally, Debtors intent to file filed their respective Annual Reports on Form 10-K for the

year ended December 31, 2009 by the end of March, 2010, within the time period prescribed by

the U.S. Securities Exchange Act of 1934, as amended.  Given these factors, assembling and

compiling the financial reports of the value, operations, and profitability of these various entities

by April 1, 2010 will impose a hardship on the Debtors and impair their ability to focus their

efforts on other important aspects of the restructuring process, and, accordingly, Debtors

respectfully submit that an extension of the time to file the 1025.3 Report is warranted.

23.    The relief requested herein will not prejudice any party in interest.  The

Debtors have discussed the relief requested herein with the Office of the United States Trustee

("OUST"), who has no objection to the entry of this order.  The Debtors intend to continue to

work cooperatively with the OUST, the Committee, their professionals and advisors, and other

8

constituents to provide access to the Debtors' books and records, including disclosures relating to the Debtors' non-Debtor affiliates.

24.     Subject to their ongoing review and evaluation of the various reporting requirements, the Debtors reserve the right to supplement this Motion.

### Notice

25.     Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to the of the Motion has been given via hand delivery or overnight mail to the (i) U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; and (iv) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

### No Prior Request

26.     No prior request for the relief sought herein has been made to this or any other court.


*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:  March 4, 2010          CLEARY GOTTLIEB STEEN & HAMILTON LLP
      Wilmington, Delaware

                                James L. Bromley
                                Lisa M. Schweitzer
                                One Liberty Plaza
                                New York, New York 10006
                                Telephone:  (212) 225-2000
                                Facsimile:  (212) 225-3999

                                  - and -

                                MORRIS NICHOLS, ARSHT & TUNNELL LLP

                                */s/ Alissa T. Gazze*
                                Derek C. Abbott (No. 3376)
                                Eric D. Schwartz (No. 3134)
                                Ann C. Cordo (No. 4817)
                                Alissa T. Gazze (No. 5338)
                                1201 North Market Street
                                P.O. Box 1347
                                Wilmington, Delaware 19801
                                Telephone:  (302) 658-9200
                                Facsimile: (302) 658-3989

                                *Counsel for the Debtors*
                                *and Debtors in Possession*