IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
:
: **RE: D.I. 2400**
:
---------------------------------------------------------X

## ORDER (A) APPROVING THE NORTEL SPECIAL INCENTIVE PLAN; (B) AUTHORIZING CERTAIN PAYMENTS UNDER THE KEY EMPLOYEE RETENTION PLAN AND KEY EXECUTIVE INCENTIVE PLAN; AND (C) APPROVING CERTAIN EMPLOYMENT AGREEMENTS

Upon the motion dated February 11, 2010 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors to (a) implement the Nortel Special Incentive Plan, as described more fully in the Motion; (b) enter into individual employment agreements with certain key executives; and (c) make immediate payment to certain NBS Employees and Corporate Group Employees of awards related to the Third Milestone under the Initial Plans; and upon consideration of the Declaration

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

of John Dempsey in support of the Motion, filed concurrently with the Motion; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED and all objections thereto are overruled.

2. The Debtors are authorized to implement the Nortel Special Incentive Plan as set forth in the Motion, including without limitation payment of certain award payments upon completion of the each Plan Period and/or satisfaction of the relevant Performance Metrics or other relevant criteria as set forth in the Motion, as supplemented by statements on the record.

3. The Debtors are authorized to enter into the Employment Agreements.

4. The Debtors are authorized to make the immediate payment of awards relating to the Third Milestone of the Initial Plans to NBS Employees and the Corporate Group Employees.

5. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

6.       The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March 4, 2010
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE