IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------- x
In re:                                         : Chapter 11
                                               :
                                               : Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]             :
                                               : Jointly Administered
                    Debtors.                   :
                                               : **Proposed Objection Deadline: March 11, 2010 at 12:00 p.m.**
                                               :
---------------------------------------------- x

# MOTION OF THE TRUSTEE OF NORTEL NETWORKS UK PENSION PLAN AND THE BOARD OF THE PENSION PROTECTION FUND FOR AN ORDER CERTIFYING THE AUTOMATIC STAY ORDER FOR IMMEDIATE APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT PURSUANT TO 28 U.S.C. § 158(d)(2)

The Trustee (the "Trustee") of Nortel Networks UK Pension Plan and the Board of the Pension Protection Fund (the "PPF") hereby respectfully request that the Court enter an order certifying the Order on Debtors' Motion for Entry of an Order Enforcing the Automatic Stay Against Certain Claimants with Respect to the U.K. Pension Proceedings [D.I. 2576] (the "Automatic Stay Order") for immediate appeal to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 158(d)(2) (the "Motion"). In support of the Motion, the Trustee and the PPF, by and through their undersigned counsel, respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

## BACKGROUND

1. The Court is familiar with the factual background of this matter as presented in Debtors' Motion for Entry of an Order Enforcing the Automatic Stay Against Certain Claimants with Respect to the UK Pension Proceedings [D.I. 2441] (the "Automatic Stay Motion") and in the Trustee and the PPF's Objection thereto [D.I. 2503]. To avoid unnecessary repetition, the Trustee and the PPF limit their discussion herein to certain material facts.

2. In compliance with this Court's Bar Date Orders, the Trustee and the PPF duly filed proofs of claim against each of the Debtors, asserting contingent claims arising under U.K. law in respect of the approximately $3 billion funding deficit that existed (as of the Petition Date) in the Nortel Networks UK Limited ("NNUK") pension plan (the "Plan"). The Trustee and the PPF's contingent claims against affiliates of NNUK, including certain of the Debtors, arise in the context of a statutorily-mandated procedure (the "U.K. Regulatory Procedure") initiated in the U.K. by the Pensions Regulator (the "Pensions Regulator").

3. As part of the U.K. Regulatory Procedure, an independent panel of the Pensions Regulator (the "Determinations Panel") is charged with deciding whether to exercise its statutory powers and issue a direction (a "Financial Support Direction") to one or more of NNUK's affiliates, including two of the Debtors, requiring them to submit a proposal to the Pensions Regulator to eliminate the Plan's funding deficit. Under the relevant U.K. pensions statute, that decision must be made by June 30, 2010, and there is no procedure provided in the statute for extending that deadline.

4. On February 18, 2010, the Debtors filed the Automatic Stay Motion, seeking an order from this Court enjoining the Trustee and the PPF from participating in the U.K. Regulatory Procedure on the grounds that their participation constitutes a violation of the automatic stay contained in section 362(a) of the Bankruptcy Code. The Trustee and the PPF

objected to the relief sought in the Automatic Stay Motion. Following a hearing on February 26, 2010, this Court granted the Automatic Stay Motion and issued the Automatic Stay Order, which provides, *inter alia*, that:

> The automatic stay imposed by Section 362 of the Bankruptcy Code is hereby enforced as to the U.K. Pension Trustee and the PPF and is fully applicable to the U.K. Pension Proceedings with respect to the Debtors as referenced in the proofs of claim filed by the U.K. Pension Trustee and the PPF, and with respect to the Debtors such Proceedings are deemed void and of no force or effect; to the extent that either of the U.K. Pension Trustee or the PPF participate in the U.K. Pension Proceedings as to any Debtors, such participation will be in violation of the automatic stay and subject the participating persons or entities to sanctions under Section 362.

5. On March 5, 2010, the Trustee and the PPF filed a timely notice of appeal from the Automatic Stay Order.

## JURISDICTION AND VENUE

6. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

7. Pursuant to Rule 8001(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and 28 U.S.C. § 158(d)(2), the Trustee and the PPF hereby request that this Court certify the Automatic Stay Order for immediate appeal to the United States Court of Appeals for the Third Circuit.[2] A proposed form of Certification Order is attached hereto as Exhibit A.

---

[2] A certification motion under 28 U.S.C. § 158(d)(2) must be filed in the court where the matter is pending. Until an appeal is docketed in the district court, the matter remains pending in the bankruptcy court. Fed. R. Bankr. P. 8001(f)(2)-(3). A certification motion must be made not later than 60 days after entry of the order from which the appeal is taken. 28 U.S.C. § 158(d)(2)(E).

# GROUNDS EXIST TO CERTIFY THE
# AUTOMATIC STAY ORDER FOR IMMEDIATE APPEAL

8. Under 28 U.S.C. § 158(d)(2), a Bankruptcy Court may certify a final order for immediate appeal to a federal court of appeals.[3] Pursuant to section 158(d)(2)(A), certification of an order for immediate appeal is required if the Court, "acting on its own motion or on the request of a party," determines that:

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
>
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

Accordingly, if any of these circumstances are shown to exist, the Court "shall make the certification." 28 U.S.C. § 158(d)(2)(B) (emphasis added); see also Reorganized Debtors ex rel Goody's Family Clothing, Inc. v. Blue Dog Props. Trust (In re Goody's Family Clothing, Inc.), No. 09-409, 2009 WL 2355705, at *2 (D. Del. July 31, 2009). The Trustee and the PPF respectfully submit that at least three separate grounds exist for certification of the Automatic Stay Order.

9. First, the Automatic Stay Order involves a question of law as to which there is no controlling authority in either the Third Circuit or the United States Supreme Court. The principal legal issues raised by the Debtors' Automatic Stay Motion were (i) whether the

---

[3] The Automatic Stay Order is a final order. See Penn Terra Ltd. v. Pa. Dep't of Envtl. Res., 733 F.2d 267, 270-71 (3d Cir. 1984) (bankruptcy court's order enforcing automatic stay is a final order for purposes of appeal); N.J. Dep't of Envtl. Prot. v. W.R. Grace & Co. (In re W.R. Grace & Co.), 412 B.R. 657, 660 (D. Del. 2009) (same).

automatic stay applies to enjoin a proceeding commenced by an agency of a foreign sovereign in which claims arising exclusively under a statute of the foreign sovereign are fixed and liquidated by a committee of the agency, or (ii) whether that proceeding is excepted from the automatic stay by the regulatory/police power exception contained in section 362(b)(4) of the Bankruptcy Code.

10. The Trustee and the PPF are not aware of any decision by the Third Circuit or the United States Supreme Court addressing the applicability of the automatic stay (or the regulatory/police power exception) in that context.[4] Nor do any of the cases cited by the Debtors address those issues. Indeed, the Debtors' counsel readily conceded at the hearing that the Debtors were unaware of any case law, much less controlling case law, which squarely addressed the issues raised by their Automatic Stay Motion. (See February 26, 2010 Hearing Tr. at 157:23-25 ("It is true, as Mr. O'Connor pointed out, that we do not have a case to cite to this Court which is exactly on point.")[5] The absence of such governing authority on this important legal issue warrants certification of the Automatic Stay Order for immediate appeal to the Third Circuit. See Mull Drilling Co. v. SemCrude, L.P. (In re SemCrude, L.P.), 407 B.R. 82, 111

---

[4] To the Trustee and the PPF's knowledge, the only decision in any court addressing the applicability of the automatic stay and the regulatory/police power exception in the circumstances presented here is Chief Judge Carey's decision in In re Sea Containers Ltd., No. 06-11156 (KJC), 2008 WL 4296562 (Bankr. D. Del. Sept. 19, 2008).

[5] Although the Third Circuit has addressed the application of the regulatory/police power exception contained in section 362(b)(4), see, e.g., In re Mystic Tank Lines Corp., 544 F.3d 524 (3d Cir. 2008); Penn Terra Ltd., 733 F.2d 267; U.S. v. Nicolet, Inc., 857 F.2d 202 (3d Cir. 1988), and the Trustee and the PPF believe that those cases support the applicability of the regulatory/police power exception in this case, the Trustee and the PPF acknowledge that those decisions are not controlling given that they arose in the context of a state or state agency commencing an action in a state or federal court to obtain equitable or monetary damages in connection with environmental remediation. In contrast, the U.K. Regulatory Procedure was commenced by the Pensions Regulator to obtain a financial support direction issued by the Determinations Panel, not a U.K. court. Similarly, Brock v. Morysville Body Works, Inc., 829 F.2d 383 (3d Cir. 1987) is not controlling because in that case the Secretary of Labor was seeking to enforce a penalty that the Occupational Safety and Health Review Commission assessed against the debtor. Here, the Pensions Regulator is seeking only to fix and liquidate any claim arising under the U.K. pensions statute – not enforce that claim.

(Bankr. D. Del. 2009) (certifying order for direct appeal to the Third Circuit on the grounds that, *inter alia*, "there [was] no governing law on the issue before the Court").

11. Second, certification should also be granted because the Automatic Stay Order involves a matter of public importance. The Third Circuit has cautioned that the regulatory/police power exception contained in section 362(b)(4) of the Bankruptcy Code should be "construed broadly" and "no unnatural efforts be made to limit its scope," because the abrogation of a governmental unit's police powers is a "serious matter" and should not be inferred lightly. Penn Terra, 733 F.2d at 273. Those cautionary statements, which were made in the context of proceedings commenced by a domestic state agency in a state court, take on an even greater importance here given the effects of the Automatic Stay Order on the U.K. Regulatory Procedure, namely prohibiting the Trustee and the PPF – the latter, a foreign statutory body – from participating in a regulatory procedure commenced by the Pensions Regulator, and substituting this Court for the Determinations Panel as the forum for fixing and liquidating a statutory claim that under U.K. law may only be determined by the Determinations Panel. The extraordinary nature of the relief granted in the Automatic Stay Order implicates significant jurisprudential considerations, including important principles of comity. See, e.g., Stonington Partners, Inc. v. Lernout & Hauspie Speech Prods. N.V., 310 F.3d 118, 126 (3d Cir. 2002) (vacating anti-suit injunction directed at participation in a foreign proceeding based on "a serious concern for comity") (quotations and citation omitted); Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am., 651 F.2d 877, 887 (3d Cir. 1981) ("[T]here is no difference between addressing an injunction to the parties and addressing it to the foreign court itself . . . [e]njoining the parties necessarily affects the court and compromises the comity which the federal courts owe to courts of other jurisdictions") (quotations omitted).

12. Further, the Automatic Stay Order is likely to have far-reaching consequences in U.S. bankruptcy cases that involve debtors with international operations and foreign creditors.[6] Faced with the risk of sanctions for violating the automatic stay in the bankruptcy court, foreign creditors in a position similar to the Trustee and the PPF may forego submitting to the bankruptcy court's jurisdiction, and instead attempt to seize debtors' assets outside of the United States. This potential impact on the sound and orderly administration of bankruptcy matters, one of the bedrock principles of the Bankruptcy Code, is another compelling reason why certification of the Automatic Stay Order is appropriate. See Ransom v. MBNA Am. Bank, N.A. (In re Ransom), 380 B.R. 809, 812 (9th Cir. B.A.P. 2007) (certifying appeal where resolution of the issue on appeal would affect numerous prospective debtors and was thus a matter of public importance).

13. Third, the Automatic Stay Order should be certified because an immediate appeal may materially advance the progress of this case. SemCrude, 407 B.R. at 111 (certifying order where prompt consideration of the appeal may serve to advance the bankruptcy proceedings). The Debtors did not seek any relief against the Pensions Regulator in the Automatic Stay Motion and, therefore, the U.K. Regulatory Procedure will continue – even without the Trustee or the PPF's participation. As noted above, under the relevant U.K. pensions statute, a decision by the Determinations Panel as to whether to issue a Financial Support Direction must be made on or before June 30, 2010. In light of this statutory deadline, all of the parties – the Debtors, the

---

[6] The increasing frequency of chapter 11 filings by entities that are part of multinational corporate groups makes the issues raised on this appeal of particular public importance. Nortel's chapter 11 case is at least the sixth chapter 11 case in the last two years in which trustees of U.K. pension plans and the PPF have filed proofs of claim for substantial pension plan funding deficits. Besides Nortel and Sea Containers, proofs of claim were filed by a plan trustee and/or the PPF in the following chapter 11 cases: In re Visteon Corp., Case No. 09-11786 (CSS) (Bankr. D. Del.); In re The Reader's Digest Ass'n, Inc., Case No. 09-23529 (RDD) (Bankr. S.D.N.Y.); In re Lyondell Chemical Co., Case No. 09-10023 (REG) (Bankr. S.D.N.Y.); and In re Lehman Bros. Holdings Inc., Case No. 08-13555 (JMP) (Bankr. S.D.N.Y.).

Trustee and the PPF – face the prospect of losing substantive rights of participation in the U.K. Regulatory Procedure in the event the Trustee and the PPF's appeal is not heard until after that procedure has concluded. On the other hand, if the Third Circuit hears the appeal on an expedited basis and concludes that the U.K. Regulatory Procedure falls within the regulatory/police power exception contained in section 362(b)(4), the parties would be permitted to participate in the U.K. Regulatory Procedure, and the results of those proceedings would both aid and streamline the claims allowance process this Court will ultimately undertake with respect to the Trustee and the PPF's claims.

14. For these reasons, it is in the best interests of all of the parties to have the important issues raised by the Trustee and the PPF's appeal resolved by the Third Circuit as expeditiously as possible.

## **NOTICE**

15. Notice of the Motion has been given via hand delivery or overnight mail to the (i) U.S. Trustee; (ii) counsel to the Debtors; (iii) counsel to the Committee; (iv) counsel to the Bondholder Group; (v) counsel to the Joint Administrators; (vi) counsel to NNUK; and (vii) the general service list established in these chapter 11 cases. The Trustee and PPF submit that under the circumstances no other or further notice is necessary.

## **NO PRIOR REQUEST**

16. No prior request for the relief sought herein has been made to this or any other court.

# CONCLUSION

17. WHEREFORE, the Trustee and PPF respectfully request that the Court grant the relief requested herein and such other and further relief as it deems appropriate.

Dated: Wilmington, Delaware
March 5, 2010

        BAYARD, P.A.

        */s/ Justin R. Alberto*
        Charlene D. Davis (No. 2336)
        Justin R. Alberto (No. 5126)
        222 Delaware Avenue, Suite 900
        Wilmington, Delaware 19899
        Tel: (302) 655-5000
        Fax: (302) 658-6395

        -and-

        WILLKIE FARR & GALLAGHER LLP
        Marc Abrams
        Brian E. O'Connor
        Sameer Advani
        787 Seventh Avenue
        New York, New York 10019
        Tel: (212) 728-8000
        Fax: (212) 728-8111

        *Counsel for the Trustee of Nortel Networks UK*
        *Pension Plan and the Board of the Pension*
        *Protection Fund*

*5465374*