## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
:     Chapter 11
:
*In re*                             :
:     Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*, [1]        :
:     Jointly Administered
Debtors.     :
:
:     **Hearing Date: March 31, 2010 at 10:00 a.m. (ET)**
:     **Objection Deadline: March 24, 2010 at 4:00 p.m. (ET)**
------------------------------------------------------------X

### DEBTORS' MOTION FOR AN ORDER (I) AUTHORIZING
### THE DEBTORS TO REDACT CERTAIN PORTIONS OF THE CASCADING
### TRUST INDENTURE, (II) AUTHORIZING THE DEBTORS
### TO FILE UNDER SEAL AN EXHIBIT OF THE CASCADING
### DIRECTORS' TRUST  INDENTURE AND  (III) GRANTING RELATED RELIEF

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in

possession (collectively, the "Debtors"), hereby move this Court (the "Motion") for the entry of

an order substantially in the form attached hereto as Exhibit 1, pursuant to sections 105(a) and

107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules

of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules") (i) authorizing the Debtors to redact certain portions of that certain

trust indenture (the "Indenture"), which is attached as Exhibit 2 to the Debtors' Motion Pursuant

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification
number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc.
(9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation
(0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks
Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826),
Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable
Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the
Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

To 11 U.S.C. §§ 105(a) and 363 For Entry Of An Order (I) Authorizing And Approving The Debtors' Entry Into the Cascading Directors' Trust Indenture, (II) Authorizing And Approving The Related Side Agreement And (III) Granting Related Relief (the "Trust Indenture Motion"); (ii) authorizing the Debtors to file under seal an exhibit attached to the Indenture; and (iii) granting them such other and further relief as the Court deems just and proper.  In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9018 and Local Rule 9018-1.

## Background

**A.      Procedural History**

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than NN CALA (defined below), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On January 15, 2009, this Court entered an order of joint administration pursuant to Bankruptcy Rule 1015(b) that provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

6.      Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and

together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings").  The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.

7.       On the Petition Date, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA.  On February 27, 2009, based on a petition filed by Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

8.       On January 14, 2009, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[3] into administration under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators").  On May 28, 2009, at the request of the Joint Administrators, the Commercial Court of Versailles, France (the "French Court") (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA was originally authorized to continue to operate as a going

---

[2]       The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[3]       The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

concern for an initial period of three months, which period was subsequently extended to November 28, 2009.  In accordance with the European Union's Council Regulation (EC) No 1346/2000 on Insolvency Proceedings, the English law proceedings (the "English Proceedings") remain the main proceedings in respect of NNSA although a French administrator and a French liquidator have been appointed and are in charge of the day-to-day affairs and continuing business of NNSA in France.  On October 1, 2009, pursuant to a motion filed by the Joint Administrators, the French Court approved an order to: (i) suspend the liquidation operations relating to the sale of the assets and/or businesses of NNSA for a renewable period of two months; (ii) authorize the continuation of the business of NNSA so long as the liquidation operations are suspended; and (iii) maintain the powers of the French Administrator and Liquidator during the suspension period, except with respect to the sale of assets and/or businesses of NNSA.  On February 26, 2010, the French Court extended the suspension of liquidation until the earlier of (i) May 31, 2010 or (ii) the filing with the French Court of a letter from Kapsch CarrierCom AG stating that its bid for the GSM/GSM-R assets of NNSA has become unconditional.  On June 26, 2009, this Court entered an order recognizing the English Proceedings of Nortel Networks UK Limited ("NNUK") as foreign main proceedings under chapter 15 of the Bankruptcy Code.[4]

9.      On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142].  An ad

---

[4]      Additionally, on January 18, 2009, certain Nortel affiliates, including Nortel Networks Israel (Sales and Marketing) Limited, filed an application with the Tel-Aviv-Jaffa District Court, pursuant to the Israeli Companies Law, 1999, and the regulations relating thereto for a stay of proceedings.  On January 19, 2009, the Israeli Court appointed Yaron Har-Zvi and Avi D. Pelossof as joint administrators of the Israeli Company under the Israeli Companies Law (the "Joint Israeli Administrators").

hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

10.    On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc. ("NN CALA" and a Debtor with NNI and its affiliates), an affiliate of NNI, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On July 17, 2009, this Court entered orders approving the joint administration and consolidation of NN CALA's chapter 11 case with the other Debtors' chapter 11 cases for procedural proposes [D.I. 1098], and applying to NN CALA certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1099].

**B.    Debtors' Corporate Structure and Business**

11.    Nortel is a technology company that historically designed, developed and deployed communication products, systems and solutions to its customers around the globe. Its principal assets include its employees, the intellectual property derived and maintained from its research and development activities, its customers and other significant contracts and agreements.

12.    Additional information regarding the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3] (the "First Day Declaration").[5]

**C.    Case Milestones**

13.    On June 19, 2009, Nortel announced that it was advancing in discussions with external parties to sell its businesses and it would assess other restructuring alternatives for its

---

[5]    Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

businesses in the event it is unable to maximize value through sales.  To date, Nortel has closed (i) the sale of certain portions of its Layer 4-7 data portfolio to Radware Ltd. [D.I. 539]; (ii) the sale of substantially all of its CDMA business and LTE Access assets business to Telefonaktiebolaget LM Ericsson (publ) [D.I. 1205]; (iii) the sale of the assets of its Wireless Networks business associated with the development of Next Generation Packet Core network components to Hitachi Ltd. [D.I. 1760]; and (iv) the sale of substantially all of the assets of the Enterprise Solutions business globally, including the shares of Nortel Government Solutions Incorporated and DiamondWare Ltd. to Avaya Inc. [D.I. 1514].  In addition, Nortel has obtained Court approval for the planned sale of substantially all the assets of its Optical Networking and Carrier Ethernet businesses associated with its Metro Ethernet Networks business unit [D.I. 2070]; the planned sale of substantially all of its GSM/GSM-R business [D.I. 2065]; as well as the planned sale of certain assets of its Carrier Voice Over IP and Application Solutions business [D.I. 2632].

14.     On August 4, 2009, this Court entered an order fixing September 30, 2009 at 4:00 PM (Eastern Time) as the general bar date for filing proofs of claim or interests [D.I. 1280].  On December 3, 2009 this Court entered an order fixing January 25, 2010 at 4:00 PM (Eastern Time) as the bar date for filing proofs of claim or interests against NN CALA [D.I. 2059].

## Relief Requested

15.     By this Motion, the Debtors seek an order pursuant to sections 105(a) and 107(b) of the Bankruptcy Code (as supplemented by Bankruptcy Rule 9018 and Local Rule 9018-1) authorizing the Debtors to file Exhibit C of the Indenture under seal and authorizing the redaction of certain portions of the Indenture.

## Facts Relevant To This Motion

16.     As discussed above, Nortel, in consultation with its various creditor constituencies, has determined to divest its various businesses to third party buyers (each such sale, a "Global Sale").

17.     In order to sell Nortel's businesses on a going concern basis and to maximize the recoveries of Nortel's creditors, it is important that all relevant Nortel entities, including those entities that have not filed for any creditor protection proceedings, participate in the Global Sales.

18.     Under the laws of various jurisdictions in which Nortel operates, the directors, officers and agents of the relevant Nortel entity may become exposed to potential claims for personal liability relating to their service as a director, an officer or an agent of such Nortel entity.

19.     In order to enable certain individuals designated by NNI or NNL, as applicable, to serve as directors, officers or agents of certain non-filed Nortel entities (each such entity, a "Cascade Subsidiary") and to facilitate the participation of such Cascade Subsidiaries in the Global Sales (as permitted by applicable law) and the orderly wind-down of such Cascade Subsidiaries upon completion of the relevant Global Sales (or in some cases where such entity is dormant to facilitate an orderly wind-down of such entity), NNI and NNL (together, the "Settlors") have agreed to provide financial assurances, subject to the limitations set forth in and in accordance with the terms of the Indenture, in the event certain claims are asserted against the directors, officers or agents of the Cascade Subsidiaries relating to, arising from or based on their service as directors, officers or agents of the Cascade Subsidiaries.

20.    By establishing a trust to indemnify the Beneficiaries (as defined in the Trust Indenture Motion) against certain claims, the Settlors seek to create conditions that will allow the Beneficiaries to focus without distraction on their responsibilities in their designated positions – namely, consummation of the Global Sales, the provision of transition services required pursuant to the transaction documents of the Global Sales and an orderly wind-down of Nortel's affairs (including, without limitation, the wind-down of Cascade Subsidiaries), each in accordance with the exercise of their relevant fiduciary responsibilities.[6]

21.    Exhibit C to the Indenture, which lists the names of the current Beneficiaries of the Trust, has been shared by the Debtors with the Committee, the Bondholder Group, the Monitor and the U.S. Trustee.  By this Motion, the Debtors respectfully request that Exhibit C of the Indenture be filed under seal.  Additionally, the Debtors request to redact in the public filing portions of the Indenture that, if not redacted, would allow for the determination of the individual Beneficiaries, including the notice provision at section 9.11(c) and the signature blocks located on page 31 of the Indenture.

### Basis For Relief Requested

22.    Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.  See 11 U.S.C. § 107(b).

23.    Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under Bankruptcy Code section 107(b), and provides, in relevant part, that "[o]n motion or

---

[6]    See the Indenture Trust Motion for a brief summary of the terms and the conditions of the Indenture.

on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . . or (3) to protect governmental matters that are made confidential by statue or regulation . . ." Fed. R. Bankr. P. 9018.  Local Rule 9018-1 requires any party who seeks to file documents under seal to file a motion to that effect.  Del. Bankr. L.R. 9018-1(b).

24.    The Debtors respectfully submit that it is appropriate to allow Exhibit C of the Indenture, which discloses the identity of the current Beneficiaries of the Trust, to be filed under seal, where this information has been shared with the Court, the Committee, the Bondholder Group, the Monitor, and the U.S. Trustee.  Disclosure of this confidential information may unnecessarily incentivize certain creditors of the Cascade Subsidiaries to pursue claims against the Beneficiaries, thereby depleting the assets of the Trust, reducing the recoveries of the creditors of the Settlors, and distracting the Beneficiaries from their responsibilities in their designated positions as directors, the officers and the agents of the Cascade Subsidiaries.  It is critical to the preservation of the value of the Debtors' estates that the Court allow for this confidential information to be filed under seal. For these reasons, the Debtors also request that the portions of the Indenture naming the individual Beneficiaries of the Trust also be redacted in the public filing of the Motion.

## Notice

25.    Notice of the Motion has been given via first class mail, facsimile, electronic transmission, hand delivery or overnight mail to the (i) U.S. Trustee; (ii) the Committee; (iii) the Bondholder Group; and (iv) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

**No Prior Request**

26.    No prior request for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:  March 10, 2010
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*