IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
|                                          :
*In re*                                    :   Chapter 11
                                           :
Nortel Networks Inc., *et al.*,[1]         :   Case No. 09-10138 (KG)
                                           :
           Debtors.                        :   Jointly Administered
                                           :
                                           :   RE: D.I. __2446__
-------------------------------------------------------X

### ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF LINKLATERS LLP *NUNC PRO TUNC* TO JANUARY 26, 2010 AS U.K. COUNSEL FOR THE DEBTORS AND DEBTORS IN POSESSION

Upon the motion dated February 18, 2010 (the "Motion"), of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"),[2] for entry of an order, as more fully described in the Motion, "Application for an Order Authorizing Employment and Retention Of Linklaters LLP *Nunc Pro Tunc* to January 26, 2010 as U.K. Counsel for the Debtors and Debtors in Possession," and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized to employ and retain Linklaters LLP as counsel for the purpose of U.K. law advice, and in particular regarding asserted potential pension obligations under U.K. law nunc *pro tunc* to January 26, 2010.

3. The terms and conditions under which Linklaters will be retained and compensated at the expense of the Debtors' estates, as set forth in the Debtors' motion, are approved.

4. Linklaters is authorized to instruct barristers as described in paragraph 31 of the Motion. Linklaters may submit fees and expense reimbursements paid by Linklaters to such barristers for reimbursement by the Debtors as an expense pursuant to the terms of the Interim Compensation Order [D.I. 222].

5. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March 15, 2010
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE