**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

----------------------------------------------------------X
:
:   Chapter 11
:
*In re*             :
:   Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*, [1]   :
:   Jointly Administered
        Debtors. :
:
:   **RE: D.I. _____**
:
----------------------------------------------------------X

**SUPPLEMENTAL ORDER UNDER 11 U.S.C. §§
327 AND 328 AUTHORIZING EMPLOYMENT AND
RETENTION OF GLOBAL IP LAW GROUP, LLC *NUNC PRO
TUNC* TO JANUARY 15, 2010 AS INTELLECTUAL PROPERTY CONSULTANT
AND LEGAL ADVISORS TO THE DEBTORS AND DEBTORS IN POSSESSION**

Upon the application dated March 16, 2010 (the "Supplemental Application"),[2] of

Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors in possession in

the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the

Application, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United

States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), (i)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Supplemental Application.

supplementing this Court's order of November 19, 2009 authorizing the employment and

retention of Global IP Law Group, LLC ("Global IP") as intellectual property consultant and

legal advisors to the Debtors *nunc pro tunc* to October 13, 2009 (the "Retention Order") [D.I.

1928], (ii) approving the terms and conditions under which Global IP will be retained to provide

additional legal and intellectual property consulting services and compensated at the expense of

the Debtors' estates, and (iii) granting them such other and further relief as the Court deems just

and proper; and upon the Second Supplemental Declaration of Steven G. Steger in Support of

Debtors' Supplemental Application for An Order Authorizing Employment and Retention of

Global IP Law Group, LLC *nunc pro tunc* to January 15, 2010 as Intellectual Property

Consultant to the Debtors and Debtors in Possession, attached as Exhibit B to the Application

(the "Second Supplemental Steger Declaration"); and adequate notice of the Supplemental

Application having been given as set forth in the Supplemental Application; and it appearing that

no other or further notice is necessary; and the Court having jurisdiction to consider the

Supplemental Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and

1334; and the Court having determined that consideration of the Supplemental Application is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the

legal and factual bases set forth in the Supplemental Application establish just cause for the relief

requested in the Supplemental Application, and that such relief is in the best interests of the

Debtors, their estates, their creditors and the parties in interest; and upon the record in these

proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Supplemental Application is GRANTED.

2.      Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Bankruptcy Rule 2014-1, the Debtors are authorized to retain and employ Global IP as intellectual property consultant and legal advisors to the Debtors, *nunc pro tunc* to January 15, 2010, under the terms and conditions set forth in that certain Proposal for Nortel Representation on a Time and Materials Basis dated as of January 15, 2010 (the "Interim Services Agreement") and the Statement of Work for Nortel Patent Analysis and Monetization dated as of March 12, 2010, (the "SOW" and, together with the Interim Services Agreement and the MCA,[3] the "Supplemental Agreement").

3.      The terms and conditions set forth in the Supplemental Agreement, including, without limitation, the proposed compensation (the "Supplemental Fee Structure"), and the indemnification and reimbursement obligations pursuant to the indemnification provisions of the MCA, are approved pursuant to section 328(a) of the Bankruptcy Code.  The Debtors shall be jointly and severally liable for such compensation and reimbursement of expenses.

4.      The Debtors shall consult with the Official Committee of Unsecured Creditors before reaching any agreement with the parties to the MSA as to NNI's share of the costs for professional services rendered and expenses incurred by Global IP in connection with these chapter 11 cases (the "NNI Share").

5.      Prior to making any payment to NNL for the NNI Share, the Debtors will file a motion (a "Global IP Fee Motion") with the Court for approval of such costs, in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy

---

[3]      Except as provided herein, all terms of the original retention, as outlined in the Initial Application the Retention Order, will apply to the retention approved by this Supplemental Order.  Specifically, all provisions of the Master Consulting Agreement by and between NNI, NNL, NNUK and NN Ireland on the one hand and Global IP on the other, dated as of October 15, 2009 (the "MCA"), including the limited indemnification provisions contained therein, remain in full force and effect.

Rules and any other applicable procedures and orders of the Court and consistent with the Supplemental Fee Structure,

6.      Any Global IP Fee Motion will provide the Court with the same level of detail as is customarily contained in a fee application filed pursuant to sections 330 and 331 of the Bankruptcy Code, and will disclose the allocation of Global IP's fees and expenses among the parties to the MCA.  However, in light of the services provided by Global IP and the structure of Global IP's compensation pursuant to the SOW, Global IP and its professionals shall be excused from maintaining time records as set forth in Local Rule 2016 in connection with the services to be rendered pursuant to the SOW; provided, however, that in any Global IP Fee Application NNI will present to the Court reasonably detailed descriptions of those services provided on behalf of the Debtors, the approximate time expended in providing those services and the individuals who provided professional services on behalf of the Debtors.

7.      Notwithstanding anything in this Order to the contrary, the United States Trustee for the District of Delaware shall retain all rights to object to the Supplemental Fee Structure based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

8.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

9.      The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

Dated: _____, 2010
            Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE