**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
           Debtors. :
:
: **RE: D.I. _____**
:
---------------------------------------------------------X

### ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL (I) THE STATEMENT OF WORK AND (II) THE INTERIM AGREEMENT, ATTACHED AS EXHIBITS TO THE DEBTORS' SUPPLEMENTAL APPLICATION FOR AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF GLOBAL IP LAW GROUP, LLC NUNC PRO TUNC TO JANUARY 15, 2009 AS INTELLECTUAL PROPERTY CONSULTANT AND LEGAL ADVISORS TO THE DEBTORS AND DEBTORS IN POSSESSION

Upon the motion dated March 16, 2010 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the to Debtors to file under seal (i) the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Proposal for Nortel Representation on a Time and Materials Basis Dated as of January 15, 2010 (the "Interim Agreement); and (ii) the Statement of Work for Nortel Patent Analysis and Monetization dated as of March 12, 2010 (the "SOW"); both agreements as referenced in the *Debtors' Supplemental Application for an Order Authorizing Employment and Retention of Global IP Law Group, LLC Nunc Pro Tunc to January 15, 2010 as Intellectual Property Consultant and Legal Advisors to the Debtors and Debtors in Possession* (the "Supplemental Application"); and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The unredacted Interim Agreement and SOW delivered to the Court by the Debtors shall be kept segregated and under seal by the Clerk of Court and shall not be made publicly available pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(b).

3. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or

3

realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

4. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2010
    Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE