**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Nortel Networks Corporation, *et al.*, | ) | Case No. 09-10138(KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| _____ | ) | **Re: Dkt Nos.  2644** |

**ORDER DENYING CERTIFICATION FOR
IMMEDIATE APPEAL TO THE UNITED STATES COURT OF
APPEALS FOR THE THIRD CIRCUIT PURSUANT TO 29 U.S.C. § 158(d)(2)**

The Trustee (the "Trustee") of Nortel Networks UK Pension Plan and the Board of the Pension Protection Fund (the "PPF") have requested the Court to certify the Order on Debtors' Motion for Entry of an Order Enforcing the Automatic Stay Against Certain Claimants with Respect to the U.K. Proceedings [D.I. 2576] (the "Stay Order") for immediate appeal to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 158(d)(2) [D.I. 2644] (the "Motion").  The Court granted Debtors' motion to enforce the automatic stay by oral ruling on February 26, 2010, and thereafter issued a Memorandum Opinion on March 9, 2010 (D.I. 2664).

On March 5, 2010, the Trustee and the PPF filed a timely notice of appeal to the District Court from the Stay Order (the "Appeal") and thereafter filed the Motion.

## JURISDICTION AND VENUE

The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334 to the extent the Appeal did not divest it of jurisdiction.[1]  A certification motion under U.S.C. § 158(d)(2) must be filed in the court where the matter is pending.  Until an appeal is docketed in the district court, the matter remains pending in the bankruptcy court.  Fed. R. Bankr. P. 8001(f)(2)-(3).  A certification motion must be made not later than 60 days after entry of the order from which the appeal is taken.  28 U.S.C. § 158(2)(2)(E).

28 U.S.C. § 158(d)(2), provides that a bankruptcy court may certify a final order for immediate appeal to a federal court of appeals.  In accordance with section 158(d)(2)(A) and (B), certification is mandatory if the Court determines that any of the following exist:

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
>
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

---

[1]  The language of the statute makes it clear to the Court that the Appeal did not divest it of jurisdiction to consider the Motion.  For instance, the motion for certification can be filed as late as 60 days after the entry of the order, clearly after an appeal would have been filed.

### First Test: *Controlling Precedent*

Courts have interpreted the "controlling precedent" prong of 28 U.S.C. § 158(d)(2)(A)(i) to require that there be "no governing law on the issue before the court." *Mull Drilling Co. v. SemCrude, L.P.* (*In re SemCrude, L.P.*), 407 B.R. 82, 111 (Bankr. D. Del. 2009). The Appeal disputes the application of existing controlling law to specific facts and therefore does not first satisfy this certification criterion. *SemCrude*, 407 B.R. at 111; *In re Gen. Motors Corp.*, 409 B.R. 24, 28 (Bankr. S.D.N.Y. 2009). There is an abundance of controlling law on the controlling legal issue, i.e., the application of the "police-regulatory" exception pursuant to 11 U.S.C. § 362(b)(4). There is ample controlling law in the Third Circuit, which the Trustee and PPF themselves cite, on whether the police power exception applies and the tests courts employ – "public policy" and "pecuniary interest." The Court applied such controlling authority at length in reaching its decision.

### Second Test: *Public Importance*

Courts have also interpreted the "public importance" prong of 28 U.S.C. § 158(d)(2)(A)(i) narrowly. To constitute a matter of "public importance," the issue on appeal must transcend the litigants and involve a legal question, the resolution of which will advance the cause of jurisprudence to a degree that is usually not the case." *Am. Home Mortgage Inv. Corp. v. Lehman Bros. and Lehman Commercial Paper Inc. (In re Am. Home Mortgage Inv. Corp.*), 408 B.R. 42, 44 (D. Del. 2009). An appeal that impacts only the parties, and not the public at large, is not "a matter of public importance." *See Reorganized*

3

*Debtors ex rel Goody's Family Clothing, Inc. v. Blue Dog Props. Trust (In re Goody's Family Clothing, Inc.)*, No. 09-409 (RMB), 2009 WL 2355705, at *2 (D. Del. July 31, 2009) (denying certification) (quoting 28 U.S.C. § 158(d)(2)(A)(i)). Here, the "public importance" analysis weighs heavily against certification. The multiple debtors in these complicated cross border cases have worked diligently and in good faith with their foreign counterparts to resolve critical issues in an efficient manner. Given the complexities and risks if the many cross border debtors do not continue to work cooperatively, the "public importance" mandates that the Court not permit creditors seeking to achieve their own agenda to by-pass the automatic stay. In these Chapter 11 cases which are remarkable for the cooperation of competing interests, the Trustee's and PPF's efforts stand out like the proverbial "sore thumb." The Trustee's and PPF's concern with the risk of foreign creditors seeking to seize debtors' assets abroad – which is what the Trustee and PPF are attempting – is what the automatic stay protects against when debtors are vigilant and bankruptcy courts are prepared to enforce the fundamental protection of the automatic stay.

### **Third Test:** *Advancing the Case*

Finally, it strains reason to accept the Trustee's and PPF's argument that permitting the Appeal to proceed will advance this bankruptcy case. As the Court found, the logical and certain way to advance the bankruptcy case is to permit the allocation process to proceed, which will narrow and identify the parameters of issues, including the amounts at issue. The Court can then resolve the claims which the Trustee and PPF submitted to the Court to determine.

Accordingly, the Court denies the Motion for certification.

Dated: March 18, 2010

KEVIN GROSS, U.S.B.J.

.

5