**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

--------------------------------------------------------X
            :
            :      Chapter 11
*In re*            :
            :      Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]   :
            :      Jointly Administered
          Debtors.  :
            :      **RE: D.I. _____**
            :
--------------------------------------------------------X

**ORDER APPROVING THE ENGAGEMENT OF GRANT
THORNTON LLP *NUNC PRO TUNC* TO FEBRUARY 26, 2010 AS
NEUTRAL TSA ARBITRATOR IN CONNECTION WITH THE SALE OF
CERTAIN METRO ETHERNET NETWORKS BUSINESS ASSETS**

Upon the motion dated March 18, 2010 (the "Motion"),[2] of Nortel Networks Inc.

and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the

"Debtors"), for entry an order, as more fully described in the Motion, pursuant to sections 105(a)

and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), approving NNI's

engagement (along with the other Parties) of Grant Thornton LLP ("Grant Thornton") *nunc pro*

*tunc* to February 26, 2010 as the Neutral TSA Arbitrator pursuant to the Engagement Agreement

attached hereto as Exhibit 1; and granting such other and further relief as the Court deems just

and proper; and adequate notice of the Motion having been given as set forth in the Motion; and

it appearing that no other or further notice is necessary; and the Court having jurisdiction to

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]      Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and

the Court having determined that consideration of the Motion is a core proceeding pursuant to 28

U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in

the Motion establish just cause for the relief requested in the Motion, and that such relief is in the

best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the

record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      NNI is authorized pursuant to sections 105(a) and 363(b) of the Bankruptcy Code

to engage Grant Thornton as Neutral TSA Arbitrator pursuant to the terms of the Engagement

Agreement between the Nortel Parties, the Joint Administrators, Ciena and Grant Thornton dated

as of March 3, 2010.

3.      The Fee Structure set forth in the Engagement Agreement is approved and NNI is

authorized to pay its portion of the Nortel Parties' share of the compensation due to Grant

Thornton pursuant to the terms of the Engagement Agreement.

4.      The indemnification provisions set forth in the Engagement Agreement are

approved, subject during the pendency of these cases to the following:

    a.    Subject to the provisions of subparagraph (c) beneath, the Debtors are authorized to indemnify, and to provide reimbursement to, and shall indemnify, and provide reimbursement to, Grant Thornton and its present and former partners, principals and employees in accordance with the Engagement Agreement for any claim arising from, related to, or in connection with the services provided for in the Engagement Agreement, but not for any claim arising from, related to, or in connection with Grant Thornton's postpetition performance of any other services unless such postpetition services and indemnification therefore are approved by the Court;

    b.    Notwithstanding any indemnification provisions of the Engagement Agreement to the contrary, the Debtors shall have no obligation to

2

indemnify Grant Thornton or provide reimbursement to Grant Thornton (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Grant Thornton's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of Grant Thornton's contractual obligations unless the Court determines that indemnification or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (c) beneath, to be a claim or expense for which Grant Thornton should not receive indemnity or reimbursement under the terms of the Engagement Agreement, as modified by this Order.

c.    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become final and no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Grant Thornton believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including without limitation the advancement of defense costs, Grant Thornton must file an application therefor in this Court, and the Debtors may not pay any such amounts to Grant Thornton before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for compensation and expenses by Grant Thornton for indemnification or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify Grant Thornton.

5.    NNI's exculpation of Grant Thornton from actions or omissions taken or to be taken pursuant to the engagement as Neutral TSA Arbitrator, other than with respect to actions arising from Grant Thornton's gross negligence, willful misconduct or fraud, as set forth in the Engagement Agreement, is approved.

6.    This Court shall have jurisdiction over any controversy or claim arising out of or relating to NNI's compensation of Grant Thornton for the services provided under the terms of the Engagement Agreement, and any such controversies or claims shall be heard and determined by this Court.

3

7.    Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

8.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2010
         Wilmington, Delaware
                                                            _____
                                                            THE HONORABLE KEVIN GROSS
                                                            UNITED STATES BANKRUPTCY JUDGE