**EXHIBIT C**

March 4, 2010

Mr. John Ray
Principal Officer
Nortel Networks Inc.
c/o Avidity Partners LLC
18 W140 Butterfield Road
15th Floor
Oakbrook Terrace
Illinois 60181

Dear Mr. Ray:

This letter confirms the understanding and agreement (this "Agreement") between Chilmark Partners, LLC ("Chilmark") and Nortel Networks Inc. ("NNI") regarding the scope of consulting services to be provided by Chilmark to NNI and its U.S. debtor affiliates (together with NNI, the "Debtors"), in connection with the rendering of legal services by Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb") to the Debtors.  This retention is effective as of March 4, 2010 (the "Effective Date"), subject to the approval of the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") having jurisdiction over the Debtors' chapter 11 cases.

Chilmark acknowledges and agrees that it is being engaged to provide its independent professional judgment and expertise.  Chilmark will receive exactly the same compensation no matter what opinions it forms or advice it provides.

For purposes of this engagement, and as regards the scope of its retention, Chilmark will take direction from and report its views and conclusions only to Cleary Gottlieb attorneys and others designated by Cleary Gottlieb.  Work done pursuant to this engagement must be held in the strictest confidence and not discussed with or disclosed to third parties, other than Cleary Gottlieb as counsel to the Debtors, without our prior consent.

Under this Agreement, Chilmark will act as a consulting expert to the Debtors and in that role will provide such customary and appropriate consulting services as Cleary Gottlieb reasonably requests in connection with Cleary Gottlieb's rendering of legal services to the Debtors in their chapter 11 cases, including, without limitation, the Allocation Process (as defined below) and any other contested matters.

For purposes of this Agreement, the "Allocation Process" shall mean all processes and proceedings regarding the potential allocation of value of the proceeds from the sale of certain

1

assets of Nortel Networks Company and its debtor and non-debtor affiliates (collectively, the "Nortel Group") between NNI and other Nortel Group entities.

All services, advice and information and reports provided by Chilmark to Cleary Gottlieb in connection with this Agreement shall be for the sole benefit of the Debtors through the legal advice provided by Cleary Gottlieb as counsel to the Debtors, and shall not be disclosed to or relied upon by any other person without the express authorization of the Debtors and Chilmark, except as required by law.  Chilmark shall act as an independent contractor, and not in any other capacity, including as a fiduciary.  NNI consents to the provision with regard to Chilmark's indemnity and other matters set forth in Annex A, which is incorporated by reference into this Agreement.

Chilmark is prepared to act as a consulting expert for the Debtors in connection with Cleary Gottlieb's rendering of legal services to the Debtors in their chapter 11 cases during this assignment on an exclusive basis.  Therefore, during the term of this Agreement, Chilmark will not propose or undertake for any third party any project which is associated with the chapter 11 cases of the Debtors.  This exclusivity shall remain in effect until canceled with written notice by NNI or until the termination of this Agreement.  During the exclusivity period, Chilmark shall be entitled to the remuneration set forth herein.

NNI shall pay the following fees to Chilmark for its consulting services:

   (1)    a monthly advisory fee in the amount of $250,000 per month (the "Monthly Fee"), such Monthly Fee to be payable upon signing and on each monthly anniversary of the Effective Date of this Agreement;

   (2)    upon the earlier to occur of (i) confirmation of a plan of reorganization for NNI or (ii) settlement or resolution of the Allocation Process, an additional fee of $2,000,000 (the "Completion Fee").  Seventy-Five percent of the Monthly Fees paid to Chilmark pursuant to (1) above shall be credited against the Completion Fee, provided that such credits shall not reduce the Completion Fee below zero;

   (3)    reimbursement of all reasonable expenses incurred during this engagement, including but not limited to photocopying charges, national and international telephone calls, facsimile transmissions, messenger and delivery services, courier mail, online and external research services, word processing, secretarial and temporary employees, overtime meals, overtime and light night transportation, travel, lodging, food charges for business meetings, postage, printing, and legal counsel for the preparation of fee applications and other related matters.

On or before the commencement of the twelfth month of this assignment, NNI and Chilmark shall reassess and if appropriate, after consultation with the advisors to the Official Committee of Unsecured Creditors appointed in the Debtors' chapter 11 cases, reset the Monthly Fee at a reasonably acceptable amount.

Chilmark will submit to the Bankruptcy Court monthly fee applications for interim and final allowance of compensation, including reimbursement of expenses, pursuant to section 330 and 331 of the United States Bankruptcy Code ("Bankruptcy Code").  Notwithstanding anything to the contrary in this Agreement, all payments to Chilmark, whether for the Monthly Fees, Completion Fee, or reimbursement of expenses shall be paid by NNI, which shall be exclusively responsible for all financial obligations related to this Agreement, subject to the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice and Procedure of the Bankruptcy Court (the "Local Rules") or applicable orders of the Bankruptcy Court.

The Debtors shall promptly apply to the Bankruptcy Court for, and use commercially reasonable efforts to obtain, an order approving NNI's retention of Chilmark pursuant to the terms of this Agreement under sections 327 and 328 of the Bankruptcy Code, *nunc pro tunc* to March 4, 2010.  Chilmark shall make commercially reasonable efforts to provide the Debtors and Cleary Gottlieb as counsel to the Debtors with all information needed to prepare any motions necessary to procure such an order from the Bankruptcy Court.  Cleary Gottlieb shall supply Chilmark with a draft of such application and any proposed order authorizing Chilmark's retention sufficiently in advance of the filing of such application and proposed order to enable Chilmark to review and comment thereon.  Chilmark acknowledges that in the event that the Bankruptcy Court approves its retention by NNI, Chilmark's fees and expenses shall be subject to the jurisdiction and approval of the Bankruptcy Court and any applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules or applicable orders of the Bankruptcy Court.

NNI acknowledges and agrees that the fees payable pursuant to the preceding paragraphs are reasonable and are a customary and market-based compensation structure for services of this nature.  NNI and Chilmark acknowledge and agree that Chilmark does not work on an hourly basis, the value of Chilmark's services are not measured on an hourly basis and the hours worked, the results achieved and the ultimate benefit to NNI of the work performed, in each case, in connection with this engagement, may be highly variable, and that NNI and Chilmark have taken this into account in setting the fees hereunder.

Cleary Gottlieb as counsel to the Debtors will furnish or cause to be furnished to Chilmark such information as appropriate to its assignment (all such information so furnished being the "Information").  NNI recognizes and confirm that Chilmark (a) will use and rely on the Information and on information available from generally recognized public sources in performing the services contemplated by this Agreement without having independently verified the same, (b) does not assume responsibility for the accuracy or completeness of the Information and such other information, and (c) is entitled to rely upon the Information without independent verification.

Except as required by applicable law or legal process, Chilmark shall keep confidential all material non-public information provided to it by or at the request of Cleary Gottlieb (whether prepared by the Debtors or their affiliates or advisors or otherwise, including but not limited to Cleary Gottlieb, and whether written or oral or computerized), and shall not disclose such information to any third party or to any of its employees or advisors except to those persons who

3

have a need to know such information in connection with Chilmark's performance of its responsibilities hereunder and who are advised of the confidential nature of the Information and who agree to keep the Information confidential.  Chilmark agrees that the Information will not be used for any purpose other than Chilmark's engagement under this Agreement.  For the avoidance of doubt, all communications between Chilmark and Cleary Gottlieb and between Chilmark and the Debtors shall be regarded as confidential and made solely for the purpose of assisting Cleary Gottlieb as counsel in giving legal advice to the Debtors.  If Chilmark is potentially required to disclose Information as a result of a legal or administrative process, Chilmark shall, to the extent reasonably practicable, give NNI and Cleary Gottlieb as counsel to the Debtors written notice of such circumstance and a reasonable opportunity to object before any such disclosure is made.

In connection with this engagement, Cleary Gottlieb may provide or cause to be provided to Chilmark documents that are the subject of specific protective orders or confidentiality agreements limiting the use of or access to such documents.  In any such instance, Cleary Gottlieb will provide Chilmark with a copy of the relevant confidentiality order or agreement for execution, if necessary.  Chilmark agrees that to provide services to the Debtors under this agreement it will be bound by the obligations set forth herein, as well as by the terms of any such protective order or confidentiality agreement, and will execute an undertaking setting forth its agreement to such terms.

It may be necessary for the Debtors or Cleary Gottlieb as counsel to the Debtors from time to time to disclose to Chilmark legal theories and/or other privileged or confidential information.  An essential term of this agreement, therefore, is that Chilmark not disclose at any time to any third party any theories, opinions, facts, or other information obtained by or through the Debtors or Cleary Gottlieb, except such disclosures as the Debtors or Cleary Gottlieb may authorize.

To protect Cleary Gottlieb's ability, as counsel to the Debtors, to make appropriate objections to disclosure, all written materials prepared by Chilmark in the course of this engagement shall be labeled:  "Privileged & Confidential/Attorney Work Product."  All written reports or other documents reflecting your findings, conclusions or views on any matter encompassed by this engagement shall be sent only to Cleary Gottlieb as counsel to the Debtors and such other persons as Cleary Gottlieb may direct.

In the event that any Information is stored electronically on Chilmark's computer systems, Chilmark shall not be liable for any damages resulting from unauthorized access, misuse or alteration of such information by persons not acting on its behalf, provided that Chilmark exercises the same degree of care in protecting the confidentiality of, and in preventing unauthorized access to, the Information that it exercises with regard to its own most sensitive proprietary information.  All Information, including Information stored electronically on Chilmark's computer systems, shall be the sole and exclusive property of NNI.  Upon termination of this Agreement, and upon request, Chilmark shall return all copies of Information, including Information stored electronically on Chilmark's computer systems, to Cleary Gottlieb as counsel to the Debtors and destroy all work product, provided, however, that Chilmark shall be entitled to retain (a) one copy of all Information and work product to be retained in its records management or legal department for record or archive purposes only; and (b) Information and

work product Chilmark is required to retain in order to satisfy the requirements of any law, regulation or securities exchange rule governing its conduct, in each case subject to the confidentiality provisions contained in this Agreement.

Chilmark's engagement hereunder will be for a minimum of three months and, thereafter, may be terminated upon 30 days' written notice by either NNI or Chilmark.  Notwithstanding the foregoing, (a) the provisions relating to the payment of fees and expenses accrued through the date of termination (including the portion of any Monthly Fee payable with respect to the part of the month ending on the date of termination), the status of Chilmark as an independent contractor, the limitation on to whom Chilmark shall owe any duties, the confidentiality provisions of this Agreement, the indemnification provisions of Annex A, and Chilmark's obligations upon termination of the Agreement will survive any such termination; and (b) Chilmark shall be entitled to the Completion Fee if the events that would trigger payment of the Completion Fee occur at any time prior to the expiration of 12 months following the termination of this Agreement.

Chilmark has performed an internal search for potential conflicts which has not revealed any such conflicts with its retention hereunder.  Should any potential conflict pertaining to Chilmark come to the attention of any party hereto, such party shall advise the other party as promptly as possible.

This Agreement embodies the entire agreement and understanding between the parties hereto and supersedes all prior agreements and understandings relating to the subject matter hereof.  If any provision of this Agreement is determined to be invalid or unenforceable in any respect, such determination will not affect such provision in any other respect, which will remain in full force and effect.  No waiver, amendment or other modification of this Agreement shall be effective unless in writing and signed by each party to be bound thereby.  This Agreement shall be governed by, and construed in accordance with, the Bankruptcy Code and the laws of the State of Delaware applicable to contracts executed in and to be performed in that state.

NNI and Chilmark hereby agree that any action or proceedings brought by NNI or Cleary Gottlieb as counsel to the Debtors, on the one hand, or Chilmark, on the other hand, against one another based hereon or arising out of Chilmark's engagement hereunder, shall be subject to the jurisdiction of the Bankruptcy Court.

*[Signature Page Immediately Follows]*

If the foregoing correctly sets forth the understanding between us, please so indicate on the enclosed signed copy of this Agreement in the space provided therefore and return it to us, whereupon this Agreement shall constitute a binding agreement between us.

Very truly yours,

CHILMARK PARTNERS, LLC

By: *[signature]*
Name: Matt Rosenberg
Title: Member

Having valid authority to enter into this Agreement on behalf of Nortel Networks Inc., it is Accepted and Agreed to as of the date first written above:

NORTEL NETWORKS INC.

By:_____
    Name:
    Title:

If the foregoing correctly sets forth the understanding between us, please so indicate on the enclosed signed copy of this Agreement in the space provided therefore and return it to us, whereupon this Agreement shall constitute a binding agreement between us.

                Very truly yours,

                CHILMARK PARTNERS, LLC

                By:_____
                   Name:
                   Title:

Having valid authority to enter into this Agreement on behalf of Nortel Networks Inc., it is Accepted and Agreed to as of the date first written above:

NORTEL NETWORKS INC.

By:_____
Name: John Ray
Title: Principal Officer

6

*Annex A*

*Company: Nortel Networks Inc.*
*Date:  As of March 4, 2010*

*In the event that any judicial or non-judicial action or proceeding is commenced against Chilmark by any person or entity with respect to the advice given or services provided by Chilmark in the course of this engagement or Chilmark is made a party, in any capacity, to any such proceeding in connection with any matter referred to in this Agreement, Chilmark will promptly notify NNI in writing of the commencement of such action or proceeding.  If so requested by Chilmark, NNI will periodically reimburse Chilmark for its reasonable legal and other expenses (including the cost of any investigation and preparation) incurred in connection therewith.  NNI also will indemnify and hold Chilmark harmless against any losses, claims, damages or liabilities to any such person in connection with any matter referred to in this letter, except to the extent that any such loss, claim, damage or liability is finally determined to have resulted from the willful misconduct, gross negligence, bad faith or breach of fiduciary duty (to the extent that Chilmark owes any fiduciary duties to NNI under applicable law) of Chilmark or any of the Chilmark Related Parties (as defined below) in performing the services that are the subject of this letter, in which case the foregoing legal and other expenses will be promptly refunded to NNI.  If for any reason the foregoing indemnification is unavailable to Chilmark or insufficient to hold it harmless, then NNI shall contribute to the amount paid or payable by Chilmark as a result of such loss, claim, damage or liability in such proportion as is appropriate to reflect the relative benefits received or expected to be received by NNI on the one hand and Chilmark on the other hand in the matters contemplated by this letter as well as the relative fault of NNI and Chilmark with respect to such loss, claim, damage or liability and any other relevant equitable considerations.*

*The reimbursement, indemnity and contribution obligations of NNI under this Agreement shall be in addition to any liability which NNI may otherwise have, shall extend upon the same terms and conditions to any affiliate of Chilmark and the partners, directors, members, agents, employees and controlling persons (if any), as the case may be, of Chilmark and any such affiliate (collectively, the "Chilmark Related Parties"), and shall be binding upon and inure to the benefit of any successors and assigns of NNI, Chilmark, any such affiliate and any such person and, in the case of any such affiliate of Chilmark and any such person, to any heirs and personal representatives thereof.  NNI also agrees that neither Chilmark nor any of such affiliate, partners, directors, members, agents, employees or controlling persons shall have any liability to NNI or any person asserting claims on behalf of or in right of NNI for or in connection with any matter referred to in this letter except to the extent that such loss, claim, damage, liability or expense incurred by NNI is finally judicially determined to have resulted from the willful misconduct, gross negligence or bad faith of Chilmark or any Chilmark Related Party in performing the services that are the subject of this Agreement.*

*If any action, proceeding or investigation is commenced to which Chilmark or any Chilmark Related Party proposes to demand indemnification hereunder, Chilmark shall promptly provide written notification of such commencement to NNI; provided, however, that any failure by Chilmark to notify NNI shall not relieve NNI from its obligations hereunder except*

7

*to the extent that NNI suffers actual prejudice as a result of such failure. In any such action, proceeding or investigation in which NNI is also a party, NNI may, in lieu of advancing the expenses of separate counsel for Chilmark, provide Chilmark with legal representation by the same counsel who represents NNI at no cost to Chilmark; provided, however, that if such counsel or Chilmark determines that due to the existence of actual or potential conflicts of interest between Chilmark and NNI such counsel is unable to represent both, then Chilmark shall be entitled to use separate counsel of its own choosing and be reimbursed for its reasonable legal and other expenses hereunder. Nothing herein shall prevent Chilmark from using separate counsel of its own choosing at its own expense.*

*Chilmark and the Chilmark Related Parties shall not settle, compromise or consent to entry of any judgment in any pending or threatened claim, action, proceeding or investigation in respect of which indemnification or contribution may be sought hereunder without the prior written consent of NNI, which consent shall not be unreasonably withheld. The provisions of this Annex A shall survive any termination or completion of the engagement provided by this Agreement and this Agreement shall be governed by and construed in accordance with the laws of the State of Delaware without regard to principles of conflicts of laws.*