**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
: 
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Joint ly Administered
Debtors. :
: **RE: D.I. _____**
:
---------------------------------------------------------X

**ORDER PURSUANT TO
11 U.S.C. §§ 505 AND 105 DETERMINING CERTAIN TAX LIABILITIES**

Upon the motion dated March 26, 2010 (the "<u>Motion</u>"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "<u>Debtors</u>"), for entry of an order, as more fully described in the Motion, pursuant to sections 505(a) and 105(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), determining certain tax liabilities of the U.S. Debtors; and granting them such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The U.S. Debtors are not required to recognize any gain or loss from the 2009 Transactions or any Subsequent Transactions, or any interest earned on the sale proceeds generated from the 2009 Transactions or any Subsequent Transactions while such proceeds are held in escrow, in calculating, for the purposes of the United States or any political subdivision thereof, the taxable income of the U.S. Debtors, including NNI and its consolidated group for the 2009 taxable year (or any future taxable year so long as such sale proceeds have not been allocated on a final basis), and that the U.S. Debtors may file their income tax returns for 2009 (and thereafter) accordingly, including, without limitation, NNI's consolidated U.S. federal income tax return and income tax returns filed in any political subdivision of the United States.

3. In any estimation or filing required by a taxing authority of the United States or any political subdivision thereof, the U.S. Debtors are not required to include taxable gains or losses from any divestiture that will occur or has occurred after December 31, 2009, or any interest earned on sale proceeds related to such divestitures while such proceeds are held in escrow, prior to the final allocation of the Sale Proceeds.

4. With respect to any tax return for transfer taxes filed in the United States or any political subdivision thereof relating to the 2009 Transactions or any Subsequent Transactions, the U.S. Debtors will not be subject to interest or penalties as a result of any amendments to such

tax returns that may be required once the U.S. Debtors' share of proceeds from such transaction is known.[3]

5.  Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

6.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2010
       Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

---

[3] The U.S. Debtors also are not subject to penalties and interest to the extent they arise as a result of the U.S. Debtors' treatment of gain or loss with respect to the Sale Proceeds outside the context of transfer taxes, in any federal, state or local jurisdiction.