IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X
:
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
:
: **RE: D.I. 2764**
:
-----------------------------------------------------------X

## ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF CHILMARK PARTNERS, LLC *NUNC PRO TUNC* TO MARCH 4, 2010 AS CONSULTING EXPERT TO THE DEBTORS AND DEBTORS IN POSSESSION

Upon the amended application dated March 26, 2010 (the "Amended Application"), of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"),[2] for entry of an order, as more fully described in the Amended Application of the Debtors for an Order Authorizing Employment and Retention Of Chilmark Partners, LLC *Nunc Pro Tunc* to March 4, 2010 as Consulting Expert to the Debtors and Debtors in Possession, and adequate notice of the Amended Application having been given as set forth in the Amended Application; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Amended Application and the relief requested therein

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Amended Application.

pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Amended Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Amended Application establish just cause for the relief requested in the Amended Application, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Amended Application is GRANTED.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1, the Debtors are authorized to employ and retain Chilmark Partners, LLC as consulting expert in connection with the rendering of legal services by Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb") to the Debtors including, without limitation, with respect to the Allocation Process and any other contested matters, *nunc pro tunc* to March 4, 2010, under the terms and conditions set forth in that certain letter dated March 4, 2010, by and between NNI and Chilmark, attached hereto as Exhibit I to this Order (the "Engagement Agreement").

3. The fee structure and other compensation set forth in the Engagement Agreement, including without limitation, the Monthly Fee, the Completion Fee (as each is defined in the Engagement Agreement) and the reimbursement of expenses are approved pursuant to section 328(a) of the Bankruptcy Code, subject to the modifications provided below.

4. One hundred percent of the Monthly Fees paid to Chilmark shall be credited against the Completion Fee, provided that such credits shall not reduce the Completion Fee below zero.

5. On or before the commencement of the ninth month of the assignment, NNI and Chilmark shall reassess and if appropriate, after consultation with the Committee and the Bondholder Group, reset the Monthly Fee at a reasonably acceptable amount.

6. Chilmark will file monthly fee applications for interim and final allowance of compensation, including reimbursement of expenses, pursuant to section 330 and 331 of the Bankruptcy Code; provided, however, that Chilmark shall be compensated pursuant to section 328(a) of the Bankruptcy Code and that Chilmark's compensation shall not be evaluated under the standard set forth in section 330 of the Bankruptcy Code.

7. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court or any guidelines regarding submission and approval of fee applications, in light of services to be provided by Chilmark and the structure of Chilmark's compensation pursuant to the Engagement Agreement, Chilmark and its professionals shall be excused from maintaining time records as set forth in Local Rule 2016 in connection with the services to be rendered pursuant to the Engagement Agreement; provided, however, that Chilmark shall instead present to the Court daily descriptions of those services provided to Cleary Gottlieb, set forth for each individual who provided such services, kept in hour increments with a reasonably detailed description of the services provided.

8. Notwithstanding anything in this Order to the contrary, the United States Trustee for the District of Delaware shall retain all rights to object to the Monthly Fee and the Completion Fee based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

9. The indemnification provisions set forth in the Engagement Agreement are approved, subject during the pendency of these cases to the following:

a. Subject to the provisions of subparagraph (c) beneath, the Debtors are authorized to indemnify, and to provide reimbursement to, and shall indemnify, and provide reimbursement to, Chilmark and its present and former partners, principals and employees in accordance with the terms of the Engagement Agreement for any claim arising from, related to, or in connection with the services provided for in the Engagement Agreement, but not for any claim arising from, related to, or in connection with Chilmark's postpetition performance of any other services unless such postpetition services and indemnification therefore are approved by the Court.

b. Notwithstanding any indemnification provisions of the Engagement Agreement to the contrary, the Debtors shall have no obligation to indemnify Chilmark or provide reimbursement to Chilmark (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Chilmark's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of Chilmark's contractual obligations unless the Court determines that indemnification or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (c), beneath, to be a claim or expense for which Chilmark should not receive indemnity or reimbursement under the terms of the Engagement Agreement, as modified by this Order.

c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become final and no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Chilmark believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including without limitation the advancement of defense costs, Chilmark must file an application therefore in this Court, and the Debtors may not pay any such amounts to Chilmark before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for compensation and expenses by Chilmark for indemnification or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify Chilmark.

10. The terms of this Order are not intended to expand, limit or otherwise affect any available privileges that may exist with regard to the Debtors' retention of Chilmark in connection with these proceedings.

11. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

12. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: MARCH 31, 2010
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE