## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

```
IN RE:                          )  Case No. 09-10138(KG)
                                )  (JOINTLY ADMINISTERED)
                                )  Chapter 11
NORTEL NETWORKS, INC.,          )
et al.,                         )  Courtroom 3
                                )  824 Market Street
                   Debtors.     )  Wilmington, Delaware 19801
                                )
                                )  March 4, 2010
                                )  4:02 P.M.
```

TRANSCRIPT OF RULING OF THE COURT ON MOTION TO SHORTEN RELATING
    TO DEBTORS MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE
NORTEL SPECIAL INCENTIVE PLAN; (B) AUTHORIZING CERTAIN PAYMENTS
     UNDER THE KEY EMPLOYEE RETENTION PLAN AND KEY EXECUTIVE
INCENTIVE PLAN; AND (C) APPROVING CERTAIN EMPLOYMENT AGREEMENTS
  (RELATED DOC{S}[2400])FILED BY NORTEL NETWORKS INC., ET AL.
                 BEFORE HONORABLE KEVIN GROSS
                UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Debtors:          Morris Nichols Arsht & Tunnell, LLP
                          By:  DEREK ABBOTT, ESQ.
                               ANN C. CORDO, ESQ.
                               ALISSA T. GAZZE, ESQ.
                          1201 North Market Street
                          P.O. Box 1347
                          Wilmington, Delaware 19899-1347

                          Cleary Gottlieb Steen & Hamilton LLP
                          By:  JIM BROMLEY, ESQ.
                          One Liberty Plaza
                          New York, New York 10006

ECRO:                     JENNIFER PASIERB

TRANSCRIPTION SERVICE:    TRANSCRIPTS PLUS, INC.
                          435 Riverview Circle
                          New Hope, Pennsylvania 18938
                          Telephone:  215-862-1115
                          Facsimile: 215-862-6639
                          e-mail CourtTranscripts@aol.com


 Proceedings recorded by electronic sound recording, transcript
               produced by transcription service.

APPEARANCES:
(Continued)


For Creditors'              Akin Gump Strauss Hauer & Feld
Committee:                  By:  BRAD KAHN, ESQ.
                                 SARAH SCHULTZ, ESQ
                            590 Madison Avenue
                            New York, New York 10022

For the Committee:          Richards Layton & Finger, PA
                            By:  CHRIS SAMIS, ESQ.
                            One Rodney Square, P.O. Box 551
                            Wilmington, Delaware 19899

For Ernst & Young:          Allen & Overy, LLP
                            By:  LISA KRAIDIN, ESQ.
                            1221 Avenue of the Americas
                            New York, NY 10020

For Bondholders:            Milbank Tweed Hadley & McCloy, LLP
                            By:  THOMAS KRELLER, ESQ.
                            601 South Figueroa Street, 30th Floor
                            Los Angeles, California 90017-5735

For Hondo Sen:              Cetus Capital
                            By:  HONDO SEN

For The U.S. Trustee:       United States Department of Justice
                            Office of the U.S. Trustee
                            By:  PATRICK TINKER, ESQ.
                            844 King Street
                            Wilmington, Delaware 19899

 1         THE COURT:  Good afternoon, everyone.  I have a list

 2 of all of you who are on the telephone.  And this, of course,

 3 was the time I set aside for my ruling on the -- I guess what

 4 I'll call the special incentive plan, et al., motion.

 5         I will alert you that the proceedings in Canada are

 6 still taking place, and probably will into tomorrow.  But I

 7 asked Justice Morowitz if he would like me to withhold my

 8 ruling until he has completed the hearing, and he told me that

 9 that would not be necessary.

10         So, I am going to rule.  And I am going to approve

11 the motion, I will say right up-front.  And let me just

12 basically state a brief ruling, and it's this:

13         The debtors have moved for the Court's authorization

14 of Nortel's special incentive plan, milestone payments under

15 the key employee retention plan and key executive incentive

16 plan, and individual employment agreements with certain

17 executives.

18         The Court conducted an evidentiary hearing yesterday,

19 March 3rd, 2010, at which the declaration of John Dempsey and

20 an offer of proof of John Dempsey's testimony were admitted

21 into evidence without objection.

22         Mr. Dempsey is a partner in the firm of Mercer

23 U.S.A., Inc., a firm which is a recognized expert in the area

24 of human resources, including compensation issues.

25         Mercer has concluded that the special incentive plan

4

1 is necessary to ensure the maximization of the value of the

2 debtors' estate.  And the debtors are able to meet their

3 obligations under the transition services agreements with

4 purchasers of Nortel's business.

5            The transition services agreements are integral to

6 the successful sales of the businesses.

7            The official committee of unsecured creditors and the

8 ad hoc committee of bondholders fully support the motion.  The

9 only objection to the motion comes from the Office of the

10 United States Trustee whose, frankly, thoughtful objection the

11 Court has very carefully considered, and whose objection also

12 led to the debtors expanding the scope of their evidence in

13 support of the motion.

14           The U.S. Trustee's objection to the motion and the

15 dispositions are as follows:

16           First, that the payments under the previously

17 approved KERP and, I'll call it KEIP, are improper because they

18 were subject to a third milestone being the confirmation of a

19 plan of reorganization.  And the debtors are now in a Chapter

20 11 trustee -- I'm sorry -- in a Chapter 11 liquidation.

21           The Office of the United States Trustee thus argues

22 that the payments would not be incentive but, in effect,

23 payments for a fait accompli.

24           However, the Court notes that numerous employees

25 covered by the plans have already received payments under the

5

1  plan, that the change in course of the cases is beyond the

2  control of the employees, and that these employees who will

3  receive the third milestone payments remain critical to the

4  continued success of sales of the businesses.

5        Accordingly, the Court will approve the milestone

6  payments.

7        The Office of the United States Trustee has objected

8  to the special incentive plan on several grounds:

9        The total amount of the payments;

10       That only 88 percent of the cost is being borne by

11 purchasers rather than the entire cost;

12       That some of the payment criteria, the metrics, are

13 retention based and that other performance criteria cannot be

14 sufficiently measured.

15       The Court is satisfied based upon the evidence that

16 the plan is primarily an incentive plan, although, of course,

17 all plans have some retention aspects.  The cost is reasonable,

18 given the relative benefits to the estate.  And the Court is

19 also satisfied that the metrics are sufficiently specific to

20 enable the debtors to make the appropriate determination of

21 amount.

22       The Office of the United States Trustee's concerns

23 with the employment agreements are also premised on the lack

24 of detail with the metrics and that they may be retention

25 based.

6

 1          For the reasons stated in connection with the special

 2 incentive plan, the Court is satisfied that the employment

 3 agreements, and in particular the incentives, are appropriate.

 4          Thus, the Court concludes that on the basis of the

 5 expanded evidentiary record, the relief debtors seek in the

 6 motion is based on a sound business purpose and evidences the

 7 proper exercise of debtors' business judgment, and the debtors

 8 have met the requirements of Section 503(c) of the Bankruptcy

 9 Code.

10          The evidence fully supports the Court's conclusions,

11 and accordingly, the motion is granted.  And that concludes the

12 ruling.

13          Now, do I have a final version of the form of order?

14          MR. BROMLEY:  Your Honor, this is Jim Bromley from

15 Cleary Gottlieb.

16          Thank you very much, both for the ruling and for

17 allowing us to participate by phone.

18          THE COURT:  Oh, certainly.

19          MR. BROMLEY:  And I am informed that you do have a

20 final version of the order that reflects the comments that we

21 had discussed with Mr. Tinker.

22          THE COURT:  All right.  If people don't mind, just in

23 an abundance of caution because versions kind of get copied and

24 recopied, if I might impose upon -- I don't know who's on the

25 phone from the Morris Nichols firm, it looks like Ms. Cordo.

 1  If Ms. Cordo could --

 2          MR. ABBOTT:  Derek Abbott, Your Honor.  I'll be happy

 3  to e-mail another copy to you, and copy Ms. Scaruzzi.

 4          THE COURT:  That would be helpful.  And that way, we

 5  know we've got the right version.

 6          MR. ABBOTT:  Thank you.

 7          THE COURT:  Does anyone else have anything further?

 8          MR. TINKER:  Nothing from the U.S. Trustee, Your

 9  Honor.

10          THE COURT:  All right, Mr. Tinker.  Thank you, sir.

11          And then we will stand in recess.  And we will get

12  the order on the docket today.

13          MALE SPEAKER:  Thank you very much, Your Honor.

14          THE COURT:  All right.  Good evening, everyone.

15     (Whereupon, at 4:09 P.M., the hearing was adjourned.)

16                          CERTIFICATE

17

18     I certify that the foregoing is a correct transcript from

19  the electronic sound recording of the proceedings in the

20  above-entitled matter.

21

22   /s/ *Karen Hartmann*    AAERT CET**D0475 Date:  March 9, 2010

23  TRANSCRIPTS PLUS, INC.

24

25

**/**
/S/- 7:22

**1**
11- 4:20

**2**
2010- 3:19 7:22

**3**
3RD- 3:19

**4**
4:09- 7:15

**5**
503C- 6:8

**8**
88- 5:10

**9**
9- 7:22

**A**
ABBOTT- 7:2,6
ABLE- 4:2
ABUNDANCE- 6:23
ACCOMPLI- 4:23
ACCORDINGLY- 5:5 6:11
AD- 4:8
ADJOURNED- 7:15
ADMITTED- 3:20
AFTERNOON- 3:1
AGREEMENTS- 3:16 4:3,5 5:23 6:3
AL- 3:4
ALERT- 3:5
ALLOWING- 6:17
AMOUNT- 5:9,21
APPROPRIATE- 5:20 6:3
APPROVE- 3:10 5:5
APPROVED- 4:17
AREA- 3:23
ARGUES- 4:21
ASPECTS- 5:17
AUTHORIZATION- 3:13

**B**
BANKRUPTCY- 6:8
BASED- 5:13,15, 25 6:6
BASIS- 6:4
BENEFITS- 5:18
BONDHOLDERS- 4:8
BORNE- 5:10
BOTH- 6:16
BRIEF- 3:12
BROMLEY- 6:14,19
BUSINESS- 4:4 6:6,7
BUSINESSES- 4:6 5:4

**C**
CALL- 3:4 4:17
CANADA- 3:5
CANNOT- 5:13
CAREFULLY- 4:11
CASES- 5:1
CAUTION- 6:23
CERTAIN- 3:16
CERTAINLY- 6:18
CERTIFICATE- 7:16
CERTIFY- 7:18
CHANGE- 5:1
CHAPTER- 4:19,20
CLEARY- 6:15
CODE- 6:9
COMES- 4:9
COMMENTS- 6:20
COMMITTEE- 4:7,8
COMPENSATION- 3:24
COMPLETED- 3:8
CONCERNS- 5:22
CONCLUDED- 3:25
CONCLUDES- 6:4,11
CONCLUSIONS- 6:10
CONDUCTED- 3:18
CONFIRMATION- 4:18
CONNECTION- 6:1
CONSIDERED- 4:11
CONTINUED- 5:4
CONTROL- 5:2
COPIED- 6:23
COPY- 7:3
CORDO- 6:25 7:1
CORRECT- 7:18
COST- 5:10,11,17
COURSE- 3:2 5:1, 16
COURT'S- 3:13 6:10
COVERED- 4:25
CREDITORS- 4:7
CRITERIA- 5:12,13
CRITICAL- 5:3

**D**
DATE- 7:22
DEBTORS- 3:13 4:2,12,19 5:20 6:5,7
DEBTORS'- 4:2 6:7
DECLARATION- 3:19
DEMPSEY- 3:19,22
DEMPSEY'S- 3:20
DEREK- 7:2
DETAIL- 5:24
DETERMINATION- 5:20
DISCUSSED- 6:21
DISPOSITIONS- 4:15
DOCKET- 7:12

**E**
EFFECT- 4:22
ELECTRONIC- 7:19
EMAIL- 7:3

EMPLOYEE- 3:15
EMPLOYEES- 4:24 5:2
EMPLOYMENT- 3:16 5:23 6:2
ENABLE- 5:20
ENSURE- 4:1
ENTIRE- 5:11
ESTATE- 4:2 5:18
ET- 3:4
EVENING- 7:14
EVERYONE- 3:1 7:14
EVIDENCE- 3:21 4:12 5:15 6:10
EVIDENCES- 6:6
EVIDENTIARY- 3:18 6:5
EXECUTIVE- 3:15
EXECUTIVES- 3:17
EXERCISE- 6:7
EXPANDED- 6:5
EXPANDING- 4:12
EXPERT- 3:23

**F**
FAIT- 4:23
FINAL- 6:13,20
FIRM- 3:22,23 6:25
FIRST- 4:16
FOLLOWS- 4:15
FOREGOING- 7:18
FORM- 6:13
FRANKLY- 4:10
FULLY- 4:8 6:10
FURTHER- 7:7

**G**
GET- 6:23 7:11
GIVEN- 5:18
GOING- 3:10
GOOD- 3:1 7:14
GOT- 7:5
GOTTLIEB- 6:15
GRANTED- 6:11
GROUNDS- 5:8
GUESS- 3:3

**H**
HAPPY- 7:2
HEARING- 3:8,18 7:15
HELPFUL- 7:4
HOC- 4:8
HUMAN- 3:24

**I**
IMPOSE- 6:24
IMPROPER- 4:17
INC- 3:23 7:23
INCENTIVE- 3:4, 14,15,25 4:22 5:8,16 6:2
INCENTIVES- 6:3
INDIVIDUAL- 3:16
INFORMED- 6:19
INTEGRAL- 4:5
ISSUES- 3:24

IT'S- 3:12

**J**
JIM- 6:14
JOHN- 3:19,20
JUDGMENT- 6:7
JUSTICE- 3:7

**K**
KEIP- 4:17
KERP- 4:17
KEY- 3:15

**L**
LACK- 5:23
LED- 4:12
LIQUIDATION- 4:20
LIST- 3:1

**M**
MALE- 7:13
MARCH- 3:19 7:22
MATTER- 7:20
MAXIMIZATION- 4:1
MEASURED- 5:14
MEET- 4:2
MERCER- 3:22,25
MET- 6:8
METRICS- 5:12,19, 24
MILESTONE- 3:14 4:18 5:3,5
MOROWITZ- 3:7
MORRIS- 6:25
MOTION- 3:4,11 4:8,9,13,14 6:6, 11
MOVED- 3:13
MUCH- 6:16 7:13

**N**
NECESSARY- 3:9 4:1
NICHOLS- 6:25
NORTEL'S- 3:14 4:4
NOTES- 4:24
NUMEROUS- 4:24

**O**
OBJECTED- 5:7
OBJECTION- 3:21 4:9,10,11,14
OBLIGATIONS- 4:3
OFFER- 3:20
OFFICE- 4:9,21 5:7,22
OFFICIAL- 4:7
ORDER- 6:13,20 7:12

**P**
PARTICIPATE- 6:17
PARTICULAR- 6:3
PARTNER- 3:22
PAYMENT- 5:12
PAYMENTS- 3:14 4:16,22,23,25 5:3,6,9

PEOPLE- 6:22
PERCENT- 5:10
PERFORMANCE- 5:13
PHONE- 6:17,25
PLACE- 3:6
PLAN- 3:4,14,15, 16,25 4:19 5:1,8, 16 6:2
PLANS- 4:25 5:17
PM- 7:15
PREMISED- 5:23
PREVIOUSLY- 4:16
PRIMARILY- 5:16
PROBABLY- 3:6
PROCEEDINGS- 3:5 7:19
PROOF- 3:20
PROPER- 6:7
PURCHASERS- 4:4 5:11
PURPOSE- 6:6

**R**
RATHER- 5:11
REASONABLE- 5:17
REASONS- 6:1
RECEIVE- 5:3
RECEIVED- 4:25
RECOGNIZED- 3:23
RECOPIED- 6:24
RECORDING- 7:19
REFLECTS- 6:20
RELATIVE- 5:18
RELIEF- 6:5
REMAIN- 5:3
REORGANIZATION- 4:19
REQUIREMENTS- 6:8
RESOURCES- 3:24
RETENTION- 3:15 5:13,17,24
RULE- 3:10
RULING- 3:3,8,12 6:12,16

**S**
SALES- 4:6 5:4
SATISFIED- 5:15, 19 6:2
SCARUZZI- 7:3
SCOPE- 4:12
SEEK- 6:5
SERVICES- 4:3,5
SET- 3:3
SEVERAL- 5:8
SOUND- 6:6 7:19
SPEAKER- 7:13
SPECIAL- 3:4,14, 25 5:8 6:1
SPECIFIC- 5:19
STAND- 7:11
STATE- 3:12
SUCCESS- 5:4
SUCCESSFUL- 4:6
SUFFICIENTLY- 5:14,19
SUPPORT- 4:8,13
SUPPORTS- 6:10

| | | | | |
|---|---|---|---|---|
| **T**<br>**TAKING-** 3:6<br>**TELEPHONE-** 3:2<br>**TESTIMONY-** 3:20<br>**THIRD-** 4:18 5:3<br>**THOUGHTFUL-** 4:10<br>**THUS-** 4:21 6:4<br>**TIME-** 3:3<br>**TINKER-** 6:21 7:8, 10<br>**TODAY-** 7:12<br>**TOMORROW-** 3:6<br>**TOTAL-** 5:9<br>**TRANSCRIPT-** 7:18<br>**TRANSCRIPTS-** 7:23<br>**TRANSITION-** 4:3,5<br>**TRUSTEE-** 4:10,20, 21 5:7 7:8<br>**TRUSTEE'S-** 4:14 5:22<br><br>**U**<br>**UNITED-** 4:10,21 5:7,22<br>**UNSECURED-** 4:7<br>**UP-FRONT-** 3:11<br>**USA-** 3:23<br><br>**V**<br>**VALUE-** 4:1<br>**VERSION-** 6:13,20 7:5<br>**VERSIONS-** 6:23<br><br>**W**<br>**WHEREUPON-** 7:15<br>**WHO'S-** 6:24<br>**WILL-** 3:5,6,11 5:2,5 7:11<br>**WITHHOLD-** 3:7 | | | | |