## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
              :

*In re*                        :        Chapter 11

                              :

Nortel Networks Inc., *et al.*,[1]     :        Case No. 09-10138 (KG)

                              :

                Debtors.       :        Jointly Administered

                              :

                              :

------------------------------------------------------X

## DEBTORS' MOTION FOR AN ORDER SHORTENING NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING (A) THE DEBTORS' ENTRY INTO AN EMPLOYMENT AGREEMENT AND (B) PAYMENT OF AN AWARD UNDER NORTEL'S KEY EXECUTIVE INCENTIVE PLAN

Nortel Networks Inc. ("NNI")[2] and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), hereby move this Court (the "Motion to Shorten") for entry of an Order pursuant to sections 102(1) and 105 of Title 11 of the United States Code, 11 U.S.C. et seq. 101 (as amended, the "Bankruptcy Code"), Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) shortening notice with respect to the Debtors' *Motion for Entry of an Order Authorizing (A) Debtors' Entry Into An Employment Agreement And (B) Payment of*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

*An Award Under Nortel's Key Executive Incentive Plan* (the "Motion"), filed contemporaneously herewith; (ii) permitting parties to file objections, if any, to the relief requested in the Motion on or before April 28, 2010 at 4:00 p.m. (prevailing Eastern Time); and (iii) allowing the Motion to be heard at the omnibus hearing scheduled for May 5, 2010 at 10:00 a.m. (prevailing Eastern Time) (the "Hearing"). For the reasons set forth herein, the Debtors believe that prompt consideration of the Motion on shortened notice is necessary and appropriate and respectfully request that the Court enter an order shortening notice with respect to the Motion and permitting the Motion to be heard at the Hearing. In support of this Motion to Shorten, the Debtors respectfully state as follows:

### Jurisdiction

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory bases for the relief requested herein are sections 102(1) and 105 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002 and 9006 and Local Rule 9006-1(e).

### Background

**A.    Procedural History**

3.    On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc. ("NN CALA"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.    The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On January 15, 2009, this Court entered an order of joint administration pursuant to Bankruptcy Rule 1015(b) that provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

6.      Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings").  The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.

7.      On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA.  On February 27, 2009, based on a petition filed by Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

8.      On January 14, 2009, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration under the

---

[3]      The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4]      The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators").  On

May 28, 2009, at the request of the Joint Administrators, the Commercial Court of Versailles,

France (the "French Court") (Docket No. 2009P00492) ordered the commencement of secondary

proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation

proceedings during which NNSA was originally authorized to continue to operate as a going

concern for an initial period of three months, which period was subsequently extended to

November 28, 2009.  In accordance with the European Union's Council Regulation (EC) No.

1346/2000 on Insolvency Proceedings, the English law proceedings (the "English Proceedings")

remain the main proceedings in respect of NNSA although a French administrator and a French

liquidator have been appointed and are in charge of the day-to-day affairs and continuing

business of NNSA in France.  On October 1, 2009, pursuant to a motion filed by the Joint

Administrators, the French Court approved an order to: (i) suspend the liquidation operations

relating to the sale of the assets and/or businesses of NNSA for a renewable period of two

months; (ii) authorize the continuation of the business of NNSA so long as the liquidation

operations are suspended; and (iii) maintain the powers of the French Administrator and

Liquidator during the suspension period, except with respect to the sale of assets and/or

businesses of NNSA.  On February 26, 2010, the French Court extended the suspension of

liquidation until the earlier of (i) May 31, 2010 or (ii) the filing with the French Court of a letter

from Kapsch CarrierCom AG stating that its bid for the GSM//GSM-R assets of NNSA has

become unconditional.  On June 26, 2009, this Court entered an order recognizing the English

Proceedings of Nortel Networks UK Limited ("NNUK") as foreign main proceedings under

chapter 15 of the Bankruptcy Code.[5]

---

[5]         Additionally, on January 18, 2009, certain Nortel affiliates, including Nortel Networks Israel (Sales and
Marketing) Limited, filed an application with the Tel-Aviv-Jaffa District Court, pursuant to the Israeli Companies

9.      On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142].  An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group").  No trustee or examiner has been appointed in the Debtors' cases.

10.     On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc. ("NN CALA" and a Debtor with NNI and its affiliates), an affiliate of NNI, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On July 17, this Court entered orders approving the joint administration and consolidation of NN CALA's chapter 11 case with the other Debtors' chapter 11 cases for procedural proposes [D.I. 1098], and applying to NN CALA certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1099].

**B.      Debtors' Corporate Structure and Business**

11.     Nortel is a technology company that designs, develops and deploys communication products, systems and solutions to its customers around the globe.  Its principal assets include its employees, the intellectual property derived and maintained from its research and development activities, its customers and other significant contracts and agreements.

12.     Additional information regarding the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3].

---

Law, 1999, and the regulations relating thereto for a stay of proceedings.  On January 19, 2009, the Israeli Court appointed Yaron Har-Zvi and Avi D. Pelossof as joint administrators of the Israeli Company under the Israeli Companies Law (the "Joint Israeli Administrators").

C.      **Case Milestones**

13.     On June 19, 2009, Nortel announced that it was advancing in discussions with external parties to sell its businesses and it would assess other restructuring alternatives for its businesses in the event it is unable to maximize value through sales.  To date, Nortel has closed (i) the sale of certain portions of its Layer 4-7 data portfolio to Radware Ltd. [D.I. 539]; (ii) the sale of substantially all of its CDMA business and LTE Access assets to Telefonaktiebolaget LM Ericsson (publ) ("Ericsson") [D.I. 1205]; (iii) the sale of the assets of its Wireless Networks business associated with the development of Next Generation Packet Core network components to Hitachi Ltd. [D.I. 1760]; (iv) the sale of substantially all of the assets of the Enterprise Solutions business globally, including the shares of Nortel Government Solutions Incorporated and DiamondWare Ltd. to Avaya Inc. [D.I. 1514]; (v) the sale of substantially all the assets of its Optical Networking and Carrier Ethernet businesses associated with its Metro Ethernet Networks business unit to Ciena Corporation [D.I. 2070]; and (vi) the sale of substantially all of its GSM/GSM-R business to Ericsson and Kapsch CarrierCom AG [D.I. 2065].  In addition, Nortel has obtained Court approval for the planned sale of certain assets of its Carrier Voice Over IP and Application Solutions business to GENBAND Inc. [D.I. 2632].  Efforts continue to be made with respect to the monetization of Nortel's remaining assets.

14.     On August 4, 2009, this Court entered an order fixing September 30, 2009 at 4:00 PM (Eastern Time) as the general bar date for filing proofs of claim or interests [D.I. 1280].  On December 3, 2009 this Court entered an order fixing January 25, 2010 at 4:00 PM (Eastern Time) as the bar date for filing proofs of claim or interests against NN CALA [D.I. 2059].

<u>**Relief Requested**</u>

15.     By this Motion to Shorten, the Debtors respectfully request that the Court enter an order (i) shortening notice pursuant to sections 102(1) and 105 of the Bankruptcy Code, as

supplemented by Bankruptcy Rules 2002 and 9006 and Local Rule 9006-1(e), with respect to the Motion; (ii) permitting parties to file objections, if any, to the relief requested in the Motion on or before April 28, 2010 at 4:00 p.m. (prevailing Eastern Time); (iii) allowing the Motion to be heard at the Hearing; and (iv) granting such other and further relief to the Debtors as the Court deems just and proper.

### Basis for Relief

16.     Local Rule 9006-1(c) provides in pertinent part that "[u]nless the Fed. R. Bankr. P. or these Local Rules state otherwise, all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days (and an additional three (3) days if service is by mail) prior to the hearing date."  Bankruptcy Rule 2002(a)(2) requires ". . . at least 21 days' notice by mail of . . . a proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving notice. . . ."  Furthermore, according to Local Rule 9006-1(e), the notice period may be shortened by order of the Court upon written motion "specifying the exigencies justifying shortened notice."  The Debtors respectfully submit that allowing the Motion to be considered on an expedited basis at the Hearing is reasonable and appropriate under the circumstances and that "cause" exists under Bankruptcy Rule 2002(a)(2).

17.     The Motion seeks entry of an order, pursuant to section 363(b) of the Bankruptcy Code, authorizing the Debtors (a) to enter into the Employment Agreement; and (b) to make payment of the remaining award under Nortel's Key Executive Incentive Plan to Mr. Riedel.

18.     The Debtors are seeking approval of the Motion on an expedited basis (along with this request for a very limited shortening of notice) because of the importance to the Debtors of the continued engagement of Mr. Riedel.  As noted in the Motion, Mr. Riedel intended to leave

the active Nortel workforce on March 31, 2010.  He has remained, however, at the request of the Debtors, the Canadian Debtors and the Monitor, while the terms of his new engagement have been negotiated and finalized.  At the same time, Pavi Binning, the former CFO and Chief Restructuring Officer of NNL, left his positions following the closing of the sale of the Debtors' Metro Ethernet Networks business, increasing the importance of reaching agreement on new terms for Mr. Riedel's employment.  For these reasons, timely approval of the Employment Agreement is critical in order to maintain continuity and stability within Nortel's strategic leadership and to sustain momentum in respect of the monetization of the Debtors' remaining assets.  Accordingly, the Debtors respectfully submit that it is in the best interests of the Debtors, their estates and their creditors for the Court to consider the Motion, on shortened notice, at the Hearing.

## Notice

19.    Notice of this Motion to Shorten has been given via hand delivery or overnight mail to (i) the U.S. Trustee; (ii) counsel for the Committee; (iii) counsel for the Bondholders; and (iv) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

20.    No prior request for the relief sought herein has been made to this or any other Court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully requests that this Court enter an order (i) shortening notice pursuant to sections 102(1) and 105 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002 and 9006 and Local Rule 9006-1(e); (ii) permitting parties to file objections, if any, to the relief requested in the Motion on or before April 28, 2010 at 4:00 p.m. (prevailing Eastern Time); (iii) allowing the Motion to be heard at the Hearing; and (iv) granting such other and further relief to the Debtors as the Court deems just and proper.

Dated:  April 16, 2010
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*