IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Chapter 11 |
| NORTEL NETWORKS INC.,, et al., | : | |
| | : | |
| Debtors. | : | Case No. 09-10138-KG |
| | : | |
| TRUSTEE OF NORTEL NETWORKS U.K. PENSION PLAN AND BOARD OF THE PENSION PROTECTION FUND, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civil Action No. 010-230-JJF |
| | : | |
| NORTEL NETWORKS INC., et al., and the COMMITTEE OF UNSECURED CREDITORS, | : | |
| | : | |
| Appellees. | : | |

**MEMORANDUM ORDER**

Pending before the Court is Appellants' Emergency Motion (1) For A Stay Pending Appeal From The Bankruptcy Court's Order Enforcing The Automatic Stay Against Certain Claimants With Respect To The U.K. Pension Proceedings, (2) To Expedite Briefing And Hearing Of The Appeal And (3) To Grant Relief From This Court's Standing Order On Mediation (D.I. 5). For the reasons discussed, the Court will deny the request for a stay pending appeal, grant relief from the Court's Standing Order on Mediation, and refer this matter to the Magistrate Judge for the setting of a briefing schedule and for an advisory Report and Recommendation on the merits of the underlying appeal pursuant to 28 U.S.C. § 636(b).

I.  **The Parties' Contentions**

Appellants contend that the Bankruptcy Court erred in enjoining the Trustee (the "Trustee") of Nortel Networks UK Pension Plan (the "Plan") and the Board of the Pension Protection Fund (the "PPF"), a U.K. statutory body created to provide a safety net for members of distressed pension plans, from participating in regulatory proceedings in the U.K. with respect to the Debtors. The U.K. regulatory proceedings are to be held before the Pensions Regulator("TPR"), a governmental agency of the United Kingdom charged with regulating the operations and administration of occupational pension schemes in the U.K. Under U.K. law these proceedings must be concluded by June 30, 2010, and a schedule has just been issued setting April 30, 2010, as the deadline for all parties' representations.

Appellants contends that the Bankruptcy Court's Order enforcing the automatic stay is necessary to prevent irreparable harm to the Appellants who will lose their substantive rights to participate in the U.K. regulatory proceedings. Appellants contend that they have a substantial likelihood of success on the merits of this appeal, and further that a stay is in the public interest in light of comity concerns.

In response, Appellees contend that no public interest is implicated in the U.K. proceedings, because those proceedings have a pecuniary purpose in addressing private rights, rather

2

than public rights. Appellees contend that the TPR is not exercising a police power, and therefore, Appellants are not excepted from the automatic stay with respect to the U.K. Administrative Proceedings. Appellants further contend that Appellants have not demonstrated irreparable harm for several reasons, including (1) that Appellants sat on the rights for over 20 days before seeking a stay here, (2) the parties could agree to extend the June 30th deadline, (3) even Appellants' own expert testified that Appellants have a right to appeal in the U.K., and (4) in any event, the Bankruptcy Court can consider the claims and arguments that would have been raised in the U.K. proceedings in the context of the claims allowance process here. In contrast, Appellants contend that they would suffer substantial harm, because they would be forced to expend limited resources on litigation with two creditors, rather than on the allocation process that impacts all creditors. Appellees further contend that Appellant has little likelihood of success on the merits.

## II. DISCUSSION

To demonstrate that a stay pending appeal is justified, the moving party must establish: (1) a strong showing of likelihood of success on the merits, (2) irreparable harm absent a stay, (3) that issuance of the stay will not substantially injure the other parties to the proceeding, and (4) that a stay is in the public interest. See e.g., Republic of Philippines v. Westinghouse

Elec. Corp., 949 F.2d 653, 658 (3d Cir. 1991). These factors are the same as those required for the issuance of a preliminary injunction. In re Delaware & Hudson Railway Co., 90 B.R. 90, 91 (Bankr. D. Del. 1988).

In this case, the Court concludes that Appellants have not demonstrated the criteria required to justify a stay pending appeal. In particular, the Court finds that Appellants have not demonstrated irreparable harm required for a stay. Appellants' own expert stated in a declaration he submitted to the Bankruptcy Court that Appellants are parties "directly affected" by the U.K. proceedings, who would have rights to appeal the decision to the Pensions Tribunal. Appellants' expert further opined that the Pensions Tribunal would likely consider new evidence and new arguments and would likely allow a party who did not have time to put forth a full case in the prior proceeding, the opportunity "to advance its case and adduce new evidence de novo as if the whole matter were starting again." (D.I. 14; Exh. 1 at ¶¶ 44, 46-47. Further, Appellants filed a proof of claim in the Bankruptcy Court, and as the Bankruptcy Court noted, they will have the opportunity to litigate their claims in the Bankruptcy Court, as part of the claims allowance process, regardless of the outcome of the U.K. proceedings. Accordingly, the Court will deny Appellants' request for a stay pending appeal of the Bankruptcy Court's Order.

4

In light of the parties' positions, however, the Court will allow the parties to by-pass mediation and proceed to the briefing of this appeal. The Court will refer this matter to the Magistrate Judge for the setting of a briefing schedule and for issuance of an advisory Report and Recommendation on the merits of the underlying appeal once fully briefed.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Appellants' Emergency Motion (1) For A Stay Pending Appeal From The Bankruptcy Court's Order Enforcing The Automatic Stay Against Certain Claimants With Respect To The U.K. Pension Proceedings, (2) To Expedite Briefing And Hearing Of The Appeal And (3) To Grant Relief From This Court's Standing Order On Mediation (D.I. 5) is **DENIED** to the extent a stay is sought and **GRANTED** to the extent a by-pass of mediation is sought.

2. This matter is **REFERRED** to Magistrate Judge Thynge for issuance of a briefing schedule and an advisory Report and Recommendation on the merits of the underlying appeal once briefing is completed pursuant to 28 U.S.C. § 636(b).

April /5 , 2010
DATE

UNITED STATES DISTRICT JUDGE

5