## IN THE UNITED STATES BANKRUPTCY COUT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X
                         :

*In re*                            :          Chapter 11
                         :

Nortel Networks Inc., *et al.,*[1]        :          Case No. 09-10138 (KG)
                         :

                Debtors.     :          Jointly Administered
                         :

-----------------------------------------------------------X **Objections Due: May 11, 2010 at 4:00 p.m. (ET)**

## FOURTEENTH INTERIM APPLICATION OF HURON CONSULTING GROUP AS ACCOUNTING AND RESTRUCTURING CONSULTANT TO DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD MARCH 1, 2010 THROUGH MARCH 31, 2010

| | |
|---|---|
| Name of Application: | HURON CONSULTING GROUP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | March 19, 2009 <u>nunc</u> <u>pro</u> <u>tunc</u> to February 2, 2009 |
| Period for which Compensation and Reimbursement is sought: | March 1, 2010 through March 31, 2010 |
| Amount of compensation sought as actual, reasonable and necessary: | $314,030.93 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $26,738.68 |

---

1    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (NNCI) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

This is an __x__ interim            ___ final application

If this is not the first application filed, disclose the following for each prior application:

| Application Period | Filing Date | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|---|
| | | | **Fees** | **Expenses** | **Fees** | **Expenses** |
| 1st Quarterly | 6/3/2009 | February 2, 2009 through April 30, 2009 | $ 1,194,400.93 | $ 135,430.75 | $ 1,194,400.93 | $ 135,430.75 |
| 2nd Quarterly | 8/25/2009 | May 1, 2009 through July 31, 2009 | $ 592,854.97 | $ 75,612.54 | $ 592,854.97 | $ 75,612.54 |
| 3rd Quarterly | 11/20/2009 | August 1, 2009 through October 31, 2009 | $ 696,673.78 | $ 79,343.71 | $ 696,673.78 | $ 79,343.71 |
| 4th Quarterly | 2/18/2010 | November 1, 2009 through January 31, 2010 | $ 538,504.65 | $ 43,385.47 | $ 538,504.65 | $ 43,385.47 |
| 13th Monthly | 3/22/2010 | February 1, 2010 through February 28, 2010 | $ 243,099.00 | $ 25,626.14 | $ 194,479.20 | $ 25,626.14 |

# COMPENSATION BY PROFESSIONAL

Nortel Networks Inc. *et al.*
(Case No. 09-10138 (KG))

March 1, 2010 through March 31, 2010

| Professional | Title | Hours | | Rate | Total |
|---|---|---|---|---|---|
| James Lukenda | Managing Director | 34.80 | hrs | $ 725 / hr | $25,230.00 |
| Lee Sweigart | Director | 35.50 | hrs | $ 555 / hr | $19,702.50 |
| Matthew J. Fisher | Director | 146.60 | hrs | $ 555 / hr | $81,363.00 |
| Brian Heinimann | Manager | 164.10 | hrs | $ 410 / hr | $67,281.00 |
| Coley P. Brown | Manager | 178.00 | hrs | $ 410 / hr | $72,980.00 |
| Michael Scannella | Associate | 142.00 | hrs | $ 335 / hr | $47,570.00 |
| Joseph McKenna | Associate | 137.10 | hrs | $ 335 / hr | $45,928.50 |
| Dhara Manek | Analyst | 20.00 | hrs | $ 235 / hr | $4,700.00 |
| Total Fees | | 858.10 | | | $364,755.00 |

Travel Time Discount (50%) ($15,831.75)
Agreed Accommodation on Monthly Invoice (10%) ($34,892.32)

**Net Fees:** **$314,030.93**

Blended Hourly Rate: $ 365.96

# COMPENSATION BY PROJECT CATEGORY

Nortel Networks Inc. *et al.*
(Case No. 09-10138 (KG))

March 1, 2010 through March 31, 2010

| Task Code | Description | Hours | Fees |
|:---:|:---|---:|---:|
| 1 | Meeting / teleconference with Debtor Management, Board, or Counsel | 35.80 | $17,469.00 |
| 4 | Court Hearings / Preparation | 5.90 | $2,334.00 |
| 5 | Case Reporting: UST Reports, Statements & Schedules | 13.30 | $8,592.00 |
| 6 | Retention and Fee Applications | 32.10 | $12,617.00 |
| 7 | Disclosure Statement / Plan of Reorganization | 280.60 | $120,305.50 |
| 11 | Asset Sale & Disposition Support | 152.50 | $60,959.50 |
| 15 | Avoidance Actions / Reclamation Analysis | 7.60 | $3,116.00 |
| 16 | Unsecured Claim Analysis | 177.90 | $74,308.50 |
| 17 | Intercompany Claims | 60.40 | $26,760.50 |
| 25 | Case Administration | 14.30 | $6,629.50 |
| 26 | Travel Time | 77.70 | $31,663.50 |

Totals      858.10      $364,755.00

Travel Time Discount (50%)      ($15,831.75)
Agreed Accommodation on Monthly Invoice (10%)      ($34,892.32)

**Total Net Fees Due**      **$314,030.93**

**EXPENSE SUMMARY**

Nortel Networks Inc. *et al.*
(Case No. 09-10138 (KG))

March 1, 2010 through March 31, 2010

| Cost Type | Amount |
|---|---:|
| Airfare | $9,731.10 |
| Ground Transportation | $2,158.10 |
| Hotel/Lodging | $10,324.96 |
| Meals | $2,865.38 |
| Mileage | $56.50 |
| Parking & Tolls | $172.50 |
| Rental Car | $1,430.14 |
| **Total Expenses** | **$26,738.68** |

## IN THE UNITED STATES BANKRUPTCY COUT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X
|  |  |  |
|---|---|---|
| *In re* | : | Chapter 11 |
|  | : |  |
| Nortel Networks Inc., *et al.*,[1] | : | Case No. 09-10138 (KG) |
|  | : |  |
| Debtors. | : | Jointly Administered |
|  | : |  |

-----------------------------------------------------------X  **Objections Due: May 11, 2010 at 4:00 p.m. (ET)**

### FOURTEENTH INTERIM APPLICATION OF HURON CONSULTING GROUP AS ACCOUNTING AND RESTRUCTURING CONSULTANT TO DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD MARCH 1, 2010 THROUGH MARCH 31, 2010

Huron Consulting Services LLC ("Huron Consulting Group" or "Huron"), Accounting and Restructuring Consultant for Nortel Networks Inc. and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), submits this application (the "Application") for interim allowance of compensation for professional services rendered by Huron to the Debtors for the period March 1, 2010 through March 31, 2010 (the "Compensation Period") and reimbursement of actual and necessary expenses incurred by Huron during the Application Period under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the United

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (NNI) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines") and the Order Under 11 U.S.C. § 105 (a) and 331, Fed. R. Bankr. P. 2016 and Del. Banker. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members (D.I. 222) (the "Interim Compensation Procedures Order")[2].   In support of this Application, Huron represents as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On January 14, 2009 (the "Petition Date"), the Debtors, with the exception of Nortel Networks (NNCI) Inc. ("NNCI"), each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  On July 14, 2009 (the "NNCI Petition Date"), NNCI filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' jointly administered bankruptcy cases.

3.      On January 26, 2009, the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors ("UCC").

---

[2]      Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

**HURON'S RETENTION**

4.        On January 29, 2009 the Debtors engaged Huron as Accounting and Restructuring Consultant in connection with these bankruptcy cases.  On March 19, 2009, this Court entered the Order Pursuant to 11 U.S.C. Sections 327 (a) and 1107 (b), Fed. R. Bankr. P. 2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1 Authorizing Retention and Employment of Huron Consulting Services LLC *Nunc Pro Tunc to February 2, 2009* as Accounting and Restructuring Consultant to the Debtors and Debtors in Possession  (D.I. 496).

**FEE PROCEDURES ORDER**

5.        On February 4, 2009, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

6.        In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each month following the month for which compensation is sought.  Provided that no objections to such Monthly Fee Application are filed within the Objection Deadline, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application.  If an objection to a portion of the Monthly Fee Application is filed and not resolved, the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses that are not subject to the objection.

**RELIEF REQUESTED**

7.        Huron submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered as Accounting and Restructuring Consultant for the Debtors in these cases for the period from

March 1, 2010 through March 31, 2010, and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Debtors during that same period.

8.      During the period covered by this Application, Huron incurred fees in the amount of $364,755.00 before reductions for an agreed upon 10% accommodation and reduction in accordance with Local Rules regarding travel time.  Net fees for the Compensation Period after the aforementioned reductions are $314,030.93.  For the same period, Huron incurred actual, reasonable and necessary expenses totaling $26,738.68.  With respect to these amounts, as of the date of this Application, Huron has received no payments.

9.      Set forth on the foregoing "Compensation by Project Category" is a summary by subject matter categories of the time expended by timekeepers billing time to these cases.

10.     During the Application Period, Huron professionals billed their time devoted to matters on behalf of the Debtors' estates to 11 distinct service categories.  Below is a summary of the activities performed by Huron professionals during the Compensation Period, organized by task code:

**Task Code 1 – Meeting/Teleconference with Debtor Management, Board, or Counsel**

Huron met with numerous of the Debtors' management, counsel, and advisors in the performance of its duties and responsibilities; these meetings were essential for determining the nature, scope, priority and resources required to complete the various tasks that Huron was requested to perform on behalf of the Debtors.  In these meetings, the Huron team shared information with Company management and advisors to prioritize tasks to most effectively meet the Debtors needs and provided advice / recommendations, as requested.

Huron devoted 35.80 hours, which resulted in fees of $17,469.00[3], for a blended rate of $488 with regards to these services during the Compensation Period.

**Task Code 4 – Court Hearings / Preparation**

At the request of the Debtors, Huron continued to assist Cleary Gottlieb Steen & Hamilton LLP ("Cleary") with the claim objection process in preparation for upcoming omnibus hearings. Huron devoted time during the Compensation Period preparing claims for potential objection and conducting a final review of the claim images, supporting documentation and omnibus objection exhibits to ensure each claim objection satisfied the proper cause(s) of action.  Huron also worked with Epiq Bankruptcy Solutions, LLC ("Epiq") to monitor the status of claims included in prior objections in order to update the claims and objection motion databases accordingly. A significant portion of the work performed to create the objection exhibits and databases may be solely reflected in Task Code 16 as part of the Unsecured Claims Analysis.

Huron devoted 5.90 hours, which resulted in fees of $2,334.00, for a blended rate of $396 with regards to these services during the Compensation Period.

**Task Code 5 – Case Reporting:  UST Reports, Statements & Schedules**

Huron has as one of its primary roles in these cases the responsibility for assisting the Debtors in completing the various filing requirements under the Bankruptcy Code and related rules.  These filings include: the SoFAs and Schedules, the new Form 26 required by Rule 2015.3, and the OUST's MOR requirements.

Huron devoted 13.30 hours, which resulted in fees of $8,592.00, for a blended rate of $646 with regards to assistance on report timing and other requirements during the Compensation period.

---

[3] Amounts are reflected before the agreed upon reductions discussed above.

**Task Code 6 – Retention and Fee Applications**

As the Debtors' restructuring consultant, Huron is required to adhere to the requirements of the Bankruptcy Code and related rules, and the OUST guidelines with respect to retention of professionals in bankruptcy cases. Additionally, Huron is required to submit requests for fee allowances and expense reimbursement in the manner prescribed by this court in the Interim Compensation Order. These requirements include maintaining disclosures as well as preparing monthly and quarterly interim fee applications for payment of fees and reimbursement of expenses.

Huron devoted 32.10 hours, which resulted in fees of $12,617.00, for a blended rate of $393 with regards to these requirements during the Compensation Period.

**Task Code 7 – Disclosure Statement / Plan of Reorganization**

At the request of the Debtors, Huron continued its work accumulating the necessary information and analyses for a U.S. entity liquidation analysis outlining potential creditor recoveries under various scenarios to be disclosed in a Disclosure Statement and Plan of Liquidation. Working with Debtors' management, Huron continued reviewing asset and liability accounts within the financial statements in order to compile information by legal entity. Huron is also in the process of reconciling additional asset information including, but not limited to, executory contracts, intangible assets and employee information to determine the remaining assets after the close of certain transactions. After compiling the necessary information, Huron devoted time preparing individual U.S. entity analyses detailing the asset, intercompany and contractual information for review by the Debtors' counsel. Huron has also continued the development of a preliminary liquidation analysis model as requested by the Debtors.

Huron devoted 280.60 hours, which resulted in fees of $120,305.50, for a blended rate of $429 with regards to these requirements during the Compensation Period.

**Task Code 11 – Asset Sale & Disposition Support**

At the request of the Debtors, Huron devoted time during the Compensation Period assisting with the Enterprise Solutions, MEN and CVAS business contract assignment process. Huron worked with the Debtors, Cleary and Epiq to execute a project workplan complete with communication requirements, required resources and transition period. Huron also continued creating a database of Enterprise Solutions, MEN and CVAS contracts, accumulating lists of parties and counterparties requiring notice, and drafting notification documents containing information on the transactions. Huron worked closely with Epiq to ensure notification of the appropriate parties and counterparties affected by the various transactions.

Huron devoted 152.50 hours, which resulted in fees of $60,959.50, for a blended rate of $400 with regards to this effort.

**Task Code 15 – Avoidance Actions / Reclamation Analysis**

Huron devoted a minimal amount of time during the Compensation Period investigating payments made in the 90 days preceding the Petition Dates to determine their potential preferential status.

Huron devoted 7.60 hours, which resulted in fees of $3,116.00, for a blended rate of $410 with regards to these requirements during the Compensation Period.

**Task Code 16 – Unsecured Claim Analysis**

During the Compensation Period, Huron continued working with the Debtors' Claims Management Team ("CMT") and Cleary in order to assign tasks and eliminate duplication of efforts throughout the claims reconciliation process. Huron updated the various claims analyses with newly filed claims up through the January 25, 2010 NNCI Claims Bar Date. At the request of Cleary, Huron updated the claims management methodology in order to group claims by creditor, identify claims for potential objection, and match schedules to claims. Huron reconciled the schedule and claims populations to identify the deemed filed schedules as well

as claims supported by the Debtors' books and records. Huron also utilized the schedule to claim matching analyses in order to provide updated claim estimates for reporting purposes. Huron continued reconciling the claims population to determine which claims could be objected to under various causes of action including, but not limited to, amended and superseded, duplicative, no supporting documentation, unliquidated, invalid employee 5039(b)(9), equity, etc. Huron also worked with Cleary and Epiq to create claim objection exhibits compliant with Local Rule 3007-1 of the United States Bankruptcy Court for the District of Delaware. A significant portion of the work performed to create the objection exhibits may be solely reflected in Task Code 4 as part of the Court Hearings / Preparation.

At the request of the Debtors, Huron assisted with the formation of various sub groups to review, reconcile and resolve certain categories of claims including, but not limited to, employee, real estate, public debt/bonds, litigation, equity, trade payable, tax and governmental, etc. Huron manages the Debtors' employee, real estate and cross border claim teams which involves conducting a review of thousands of claim images in order to document claim assertions, supporting documentation and areas requiring investigation. Huron worked closely with the Debtors and Cleary in order to utilize Debtor resources in order to complete the analyses in a timely and efficient manner.

Huron devoted 177.90 hours, which resulted in fees of $74,308.50, for a blended rate of $418 with regards to these requirements during the Compensation Period.

**Task Code 17 – Intercompany Claims**

As the Debtors' Restructuring Consultant, Huron maintains a detailed financial model designed to (i) track inter-company receivables and payables activity, by legal entity, and (ii) convert such activity into claims for purposes of the liquidation analysis model. Huron worked closely with the Debtors' Accounting Department to verify the accuracy of both the transaction

data and the resulting prepetition balances.  Huron also regularly updated the inter-company

transaction tracking model to reflect subsequent data.

Huron devoted 60.40 hours, which resulted in fees of $26,760.50, for a blended rate of

$443 with regards to these requirements during the Compensation Period.

**Task Code 25 – Case Administration**

In managing a large and complex case, a certain amount of administrative time is

necessary to assure overall effectiveness and efficiency.  Huron devoted time for general

administrative matters related to the Debtors' bankruptcy cases.  Given the size, nature, and

number of professionals involved in these cases, Huron professionals devoted time to project

documentation, work planning, file management and staffing as requested by the Debtors to

ensure efficiency, to avoid redundancy, and to keep the Debtors fully abreast of the progress on

Huron's work streams.

Huron devoted 14.30 hours, which resulted in fees of $6,629.50, for a blended rate of

$464 with regards to these services during the Compensation Period.

**Task Code 26 – Travel Time**

The travel time policy followed by Huron on this engagement provides that the

professional traveling to and from their home location to the Debtors' site incurs up to the first

hour in transit as ordinary commute time that is not eligible for compensation.  Devoted time

for non-working travel beyond the initial hour to and from the client site is billable to the client.

Whenever possible, Huron encourages its professionals to use travel time productively by

reading documents, etc.  However, with the increased use of smaller aircraft servicing cities, it

is increasingly difficult to work on confidential material while in transit.  In compliance with

the Local Rules Huron has reduced its request for compensation for non-working travel by 50%

of the amount incurred.

Huron devoted 77.70 hours, which resulted in fees of $31,663.50 in regards to matter related travel and this application reflects a reduction of $15,831.75 as required by the Local Rules.

11.     Exhibit A attached hereto contains logs, sorted by case project category, which details the time recorded by Huron's professionals and descriptions of the services provided.

12.     Exhibit B attached hereto contains a breakdown of disbursements incurred by Huron during the Compensation period for which Huron seeks reimbursement in this application.

13.     Exhibit C attached hereto contains the invoice(s) for services rendered for the Compensation Period.

14.     At the time of its engagement, Huron agreed to provide the Debtors with a 10% accommodation in the form of a permanent reduction in the amount of Huron's monthly fee statements. The accompanying invoice(s) and this Application reflect the 10% accommodation adjustment.

15.     Huron has endeavored to represent the Debtors in the most expeditious and economical manner possible.  Huron ensured that all tasks were assigned so that work was performed by those professionals at Huron most familiar with the particular matter or task and by the lowest hourly rate professional appropriate for a particular matter.  Moreover, Huron has coordinated with Cleary, Epiq, and the other professionals involved in these cases so as to minimize any duplication of effort and to minimize fees and expenses to the Debtors.  We believe we have been successful in this regard.

16.     No agreement or understanding exists between Huron and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

17.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

**WHEREFORE**, Huron respectfully requests that this Court: (a) allow Huron (i) interim compensation in the amount of $314,030.93 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period March 1, 2010 through March 31, 2010, and (ii) interim reimbursement in the amount of $26,738.68 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the Debtors to pay to Huron the amount of $251,224.74 which is equal to the sum of 80% of Huron' allowed interim compensation and 100% of Huron' allowed expense reimbursement in the amount of $26,738.68 for a total amount of $277,963.42; and (c) grant such other and further relief as is just.

Dated:  April 21, 2010          HURON CONSULTING GROUP
New York, New York

_____
                                James M. Lukenda, CIRA
                                Huron Consulting Group
                                1120 Avenue of the Americas, 8th Floor
                                New York, NY 10036-6700

                                Telephone: 646-277-2207
                                Facsimile:  508-445-0256
                                *Accounting and Restructuring Consultant for the*
                                *Debtors and Debtors in Possession*