IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
: 
: Chapter 11
:
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
:
      Debtors. : Jointly Administered
:
:
:
---------------------------------------------------------------X

**STATEMENT OF THOMAS A GIGLIOTTI PURSUANT TO FED. R. BANKR. P. 2014
AND ORDER AUTHORIZING DEBTORS TO EMPLOY, RETAIN AND
COMPENSATE PROFESSIONALS IN THE ORDINARY COURSE**

  I, Thomas A Gigliotti, do hereby declare as follows:

  1. I am the principal of Thomas A Gigliotti Attorney-at-Law, PLLC, located at 2520 Pennyshire Lane, Raleigh, NC 27606 (the "Firm").

  2. The Firm has been retained by the above-captioned Debtors (the "Debtors") pursuant to the Order Authorizing the Retention and Payment of Professionals Utilized in the Ordinary Course *nunc pro tunc* to the Petition Date, dated February 5, 2009 (D.I. 236) (the "Order") to provide services to the Debtors.

  3. The nature and scope of the services to be provided to the Debtors by the Firm are: legal counsel on contractual and intellectual property matters.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

4. Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, the Firm hereby confirms that, to the best of its knowledge and belief, other than in connection with providing professional services to the Debtors and as otherwise provided herein, it does not have any connection with the Debtors, the creditors, the United States Trustee, any person employed by the United States Trustee or any other party with an actual or potential interest in their chapter 11 cases or their respective attorneys or accountants.

5. I was an employee of Nortel Networks, Inc. from 1996 until June 30, 2007 and was on severance thereafter until June 30 2008. During my employment at Nortel Networks Inc., I served as a director of Nortel Networks, Inc. for several years until my employment ended. I held the following positions at Nortel Networks, Inc.: Patent Strategist (1996 – 1998); Senior IP Counsel (1998 – 2000); Senior Counsel (2000 – 2001); and General Counsel (2002 – 2007). Notwithstanding the confirmation in this section 4, as a former Nortel employee I have filed a claim related to deferred compensation and the unqualified portion of my Nortel pension, see at the Epiq Systems website claim no. 7188, filed April 15, 2010 in the amount of $63,060.21 replacing previously filed claim 1471 filed July 6, 2009 in the amount of $44,127.53.

6. Pursuant to the Order, the Firm hereby confirms that is does not represent any interest adverse to the Debtors or the Debtors' estates in the matters upon which it is engaged.

7. The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to conducting these chapter 11 cases, for persons that are parties in interest in these chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be retained by the Debtors, claimants and

parties in interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with conducting these chapter 11 cases or have any relationship with any such person, their attorneys or accountants that would be adverse to the Debtors or their estates.

8. Neither I nor any principal, partner, director or officer of, or professional retained by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors, other than reimbursing disbursements or costs owed to third parties on account of services provided to the Debtors, with any other person other than the principal and regular employees of the Firm.

9. Neither I nor any principal, partner, director or officer of, or professional retained by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Firm is to be retained.

10. The Debtors owe the Firm $0 for prepetition services, the payment of which is subject to limitations contained in the Bankruptcy Code, 11 U.S.C. §§ 101 et seq. The amounts in the claims specified in paragraph 5 relate to my prior employment by Nortel Networks, Inc. and not the engagement of the Firm by the Debtors.

11. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its retention, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 3, 2010

_____
Name: Thomas A Gigliotti