## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X

                     :

*In re*                  :

Nortel Networks Inc., *et al.*,[1]    :

            Debtors.    :

                     :

---------------------------------------------------------X

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

**RE: D.I. 2893**

## ORDER AUTHORIZING (A) THE DEBTORS' ENTRY INTO AN EMPLOYMENT AGREEMENT AND (B) PAYMENT OF AN AWARD UNDER NORTEL'S KEY EXECUTIVE INCENTIVE PLAN

Upon the motion dated April 16, 2010 (the "<u>Motion</u>"),[2] of Nortel Networks Inc. and its

affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the

"<u>Debtors</u>"), for entry of an order, as more fully described in the Motion, pursuant to section

363(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), authorizing the Debtors

(a) to enter into an individual employment agreement with George Riedel as Chief Strategy

Officer and President-Business; and (b) to make payment of the remaining award under Nortel's

Key Executive Incentive Plan to Mr. Riedel; and adequate notice of the Motion having been

given as set forth in the Motion; and it appearing that no other or further notice is necessary; and

the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, including specifically that the payments to be made to Mr. Riedel are justified by the facts and circumstances of this case under the standards for allowance of administrative expenses set forth in Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy, Inc.), 181 F.3d 527, 532-533 (3d Cir. 1999), as such payments are necessary to preserve the value of the Debtors' estates; and the court having further determined that such relief is therefore in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The Debtors are authorized to enter into the Employment Agreement and to take any and all actions that may be reasonably necessary or appropriate to perform all obligations contemplated thereunder.

3.      The Debtors are authorized to make payment of the remaining award under Nortel's Key Executive Incentive Plan to Mr. Riedel.

4.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

2

5.     The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

Dated: ____May 3____, 2010
       Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3