**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------X
               :

*In re*                         :      Chapter 11

               :

Nortel Networks Inc., *et al.*,1     :      Case No. 09-10138 (KG)

               :

             Debtors.     :      Jointly Administered

               :

               :

---------------------------------------------------------X

**DEBTORS' MOTION FOR AN ORDER UNDER 11 U.S.C. § 102(1)**
**SHORTENING NOTICE OF DEBTORS' MOTION**
**PURSUANT TO 11 U.S.C. § 363 AND § 105(A) AND BANKRUPTCY**
**RULE 6004(h) FOR AN ORDER (A) TO AMEND THE INTELLECTUAL**
**PROPERTY LICENSE AGREEMENT AND**
**TRANSITION SERVICES AGREEMENT IN THE SALE**
**OF THE DEBTORS' NEXT GENERATION PACKET CORE**
<u>**NETWORK COMPONENTS TO HITACHI AND (B) GRANTING RELATED RELIEF**</u>

Nortel Networks Inc. ("<u>NNI</u>") and certain of its affiliates, as debtors and debtors in

possession (collectively, the "<u>Debtors</u>"), hereby move this court (the "<u>Motion to Shorten</u>") for

entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, pursuant to section

102(1) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 9006 of the Federal

Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 9006-1(e) of the Local Rules

of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "<u>Local Rules</u>") to permit consideration on shortened notice of Debtors' Motion

(the "<u>Motion</u>") pursuant to sections 363 and 105(a) of the Bankruptcy Code and Bankruptcy

---

1      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Rule 6004(h) for an Order (A) to Amend the Intellectual Property License Agreement and the

Transition Services Agreement in the Sale of the Debtors' Next Generation Packet Core Network

Components and (b) granting related relief to be considered on an expedited basis.  In support of

this Motion to Shorten, the Debtors respectfully represent as follows:

### Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 102(1) of the

Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e).

### Background

**B.      Procedural History**

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than NN CALA

(defined below), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On January 15, 2009, this Court entered an order of joint administration pursuant

to Bankruptcy Rule 1015(b) that provided for the joint administration of these cases and for

consolidation for procedural purposes only [D.I. 36].

6.      Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks

Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and

together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their

Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario

Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement

Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian

Proceedings").  The Canadian Debtors continue to manage their properties and operate their

businesses under the supervision of the Canadian Court.

7.    On January 14, 2009, the Canadian Court entered an order recognizing these

chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA.  On February

27, 2009, based on a petition filed by Ernst & Young Inc., as court-appointed Monitor in the

Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"),

this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings

under chapter 15 of the Bankruptcy Code.

8.    On January 14, 2009, the High Court of England and Wales placed nineteen of

Nortel's European affiliates (collectively, the "EMEA Debtors")[3] into administration under the

control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators").  On

May 28, 2009, at the request of the Joint Administrators, the Commercial Court of Versailles,

France (the "French Court") (Docket No. 2009P00492) ordered the commencement of secondary

proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation

proceedings during which NNSA was originally authorized to continue to operate as a going

concern for an initial period of three months, which period was subsequently extended to

November 28, 2009.  In accordance with the European Union's Council Regulation (EC) No.

---

[2]    The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology
Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[3]    The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A.,
Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel
Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks
B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel
Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks
Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

1346/2000 on Insolvency Proceedings, the English law proceedings (the "English Proceedings") remain the main proceedings in respect of NNSA although a French administrator and a French liquidator have been appointed and are in charge of the day-to-day affairs and continuing business of NNSA in France.  On October 1, 2009, pursuant to a motion filed by the Joint Administrators, the French Court approved an order to: (i) suspend the liquidation operations relating to the sale of the assets and/or businesses of NNSA for a renewable period of two months; (ii) authorize the continuation of the business of NNSA so long as the liquidation operations are suspended; and (iii) maintain the powers of the French Administrator and Liquidator during the suspension period, except with respect to the sale of assets and/or businesses of NNSA.  On March 25, 2010, the French Court ended the suspension of the liquidation operations.  On June 26, 2009, this Court entered an order recognizing the English Proceedings of Nortel Networks UK Limited ("NNUK") as foreign main proceedings under chapter 15 of the Bankruptcy Code.[4]

9.      On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142].  An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group").  No trustee or examiner has been appointed in the Debtors' cases.

10.     On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc. ("NN CALA" and a Debtor with NNI and its affiliates), an affiliate of NNI, filed a voluntary

---

[4]      Additionally, on January 18, 2009, certain Nortel affiliates, including Nortel Networks Israel (Sales and Marketing) Limited, filed an application with the Tel-Aviv-Jaffa District Court, pursuant to the Israeli Companies Law, 1999, and the regulations relating thereto for a stay of proceedings.  On January 19, 2009, the Israeli Court appointed Yaron Har-Zvi and Avi D. Pelossof as joint administrators of the Israeli Company under the Israeli Companies Law (the "Joint Israeli Administrators").

petition for relief under chapter 11 of the Bankruptcy Code.  On July 17, this Court entered

orders approving the joint administration and consolidation of NN CALA's chapter 11 case with

the other Debtors' chapter 11 cases for procedural proposes [D.I. 1098], and applying to NN

CALA certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1099].  On March

10, 2010, Nortel Networks Telecomunicacoes do Brasil Ltda. ("NN Brazil") filed for bankruptcy

protection in Brazil, and was placed under the control of a Brazilian bankruptcy trustee.  NN

Brazil will no longer be participating in the Nortel global restructuring efforts.

**C.      Debtors' Corporate Structure and Business**

11.      Nortel is a technology company that designs, develops and deploys

communication products, systems and solutions to its customers around the globe.  Its principal

assets include its employees, the intellectual property derived and maintained from its research

and development activities, its customers and other significant contracts and agreements.

12.      Additional information regarding the Debtors' corporate structure and business

and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in

Support of First Day Motions and Applications [D.I. 3] (the "First Day Declaration").

**D.      Case Milestones**

13.      On June 19, 2009, Nortel announced that it was advancing in discussions with

external parties to sell its businesses and it would assess other restructuring alternatives for its

businesses in the event it is unable to maximize value through sales.  To date, Nortel has closed

(i) the sale of certain portions of its Layer 4-7 data portfolio to Radware Ltd. [D.I. 539]; (ii) the

sale of substantially all of its CDMA business and LTE Access assets to Telefonaktiebolaget LM

Ericsson (publ) ("Ericsson") [D.I. 1205]; (iii) the sale of the assets of its Wireless Networks

business associated with the development of Next Generation Packet Core network components

to Hitachi Ltd. [D.I. 1760]; (iv) the sale of substantially all of the assets of the Enterprise

Solutions business globally, including the shares of Nortel Government Solutions Incorporated

and DiamondWare Ltd. to Avaya Inc. [D.I. 1514]; (v) the sale of substantially all the assets of its

Optical Networking and Carrier Ethernet businesses associated with its Metro Ethernet Networks

business unit to Ciena Corporation [D.I. 2070]; and (vi) the sale of substantially all of its

GSM/GSM-R business to Ericsson and Kapsch CarrierCom AG [D.I. 2065].  In addition, Nortel

has obtained Court approval for the planned sale of certain assets of its Carrier Voice Over IP

and Application Solutions business to GENBAND Inc. [D.I. 2632].  Efforts continue to be made

with respect to the realization of value from Nortel's remaining assets.

14.     On August 4, 2009, this Court entered an order fixing September 30, 2009 at 4:00

PM (Eastern Time) as the general bar date for filing proofs of claim or interests [D.I. 1280].  On

December 3, 2009 this Court entered an order fixing January 25, 2010 at 4:00 PM (Eastern

Time) as the bar date for filing proofs of claim or interests against NN CALA [D.I. 2059].

## Relief Requested

15.     By this Motion to Shorten, the Debtors seek an order (a) shortening the notice

period for the Motion by six days to enable the Debtors to present the Motion for consideration

at the hearing scheduled for May 19, 2009, at 2:00 p.m. (Eastern Time) and (b) setting May 14,

2009 at 4:00 p.m. (Eastern Time) as the objection deadline for the Motion.

## Facts Relevant to this Motion

**E.      Sale of Nortel's Next Generation Packet Core Network Components**

16.     Nortel's Carrier Network's wireless business ("Wireless") offered wireless

network solutions to service providers that supply mobile voice, data and multimedia

communications services to individuals and enterprises using cellular telephones, personal digital

assistants, laptops, soft-clients, and other wireless computing and communications devices.  As

part of the Wireless business, Nortel developed technologies focused in the areas of 2G, 3G and

4G broadband wireless.  In this regard, Nortel conducted research and development on network

components designed to provide data network connectivity for 2G GPRS, 3G UMTS and 4G

LTE wireless networks and increase network bandwidth for multimedia content and applications

over wireless networks (such components, the "Next Generation Packet Core Network

Components").

17.    The Debtors conducted a sale process in accordance with the procedures approved

by this Court to sell the Next Generation Packet Core Network Components.  After the

conclusion of the sale process, the Debtors determined that the highest and best bid was that of

Hitachi, Ltd. ("Hitachi").  As a result, NNI and certain of its affiliates (the "Sellers") entered into

that certain Transaction Agreement, dated as of October 25, 2009 (the "Transaction Agreement")

with respect to the Next Generation Packet Core Network Components by and among the Sellers

and Hitachi as the purchaser (the "Purchaser"), which this Court subsequently authorized and

approved by order entered October 28, 2009 (the "Sale Order") [D.I. 1760].  On October 28,

2009 this Court also entered an Order Authorizing the Debtors to File Under Seal the Sellers

Disclosure Schedules and all Exhibits and Schedules to the Transaction Agreement Related to

the Assets Being Sold at D.I. 1525, authorizing the Debtors to file under seal the Schedules to the

Transaction Agreement pursuant to section 107(b) of the Bankruptcy Code [D.I. 1761].  In

connection with the closing under the Transaction Agreement, the Sellers and the Purchaser

entered into that certain Intellectual Property License Agreement, dated as of December 8, 2009

(the "IPLA") and that certain Transition Services Agreement, dated as of December 7, 2009 (the

"TSA").

F.    The Amendment

18.    The Purchaser has requested to expand its rights under the IPLA and TSA to

sublicense certain of the Sellers' intellectual property licensed to the Purchaser to an unaffiliated

third party.  To that end, the Sellers have entered into that certain amendment to the TSA and

IPLA with the Purchaser, dated as of May 3, 2010 (the "Amendment"), attached to the Motion as

Exhibit B.  Under the Amendment, in exchange for the additional intellectual property rights

given to the Purchaser, the Purchaser will pay the Sellers a licensing fee of $500,000 (the

"Additional Licensing Fee").  Pursuant to the Sale Order approved by this Court, the Debtors are

required to seek Court approval for any modification, amendment or supplement to the

Transaction Agreement or related agreements that impacts the economic substance of the

transaction in excess of two percent (2%) of the Purchase Price (as defined in the Transaction

Agreement).  Because the Additional Licensing Fee is in excess of two percent (2%) of the

Purchase Price, the Debtors have submitted the Motion for approval of their entry into the

Amendment.  The Additional Licensing Fee will be deposited into the Escrow Account (as

defined in the Sale Order) already established and holding the remainder of the proceeds from

the original sale to Purchaser, pursuant to the Sale Order.  In accordance with this Court's order

approving and authorizing the transactions contemplated by the IFSA (as defined in the Sale

Order), the proceeds in the Escrow Account shall not be distributed in advance of the time

specified in paragraph 23 of the Sale Order, but will be held subject to allocation among the

various Nortel entities that might have a claim to a portion of those proceeds.

### Basis for Relief Requested

19.    Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on

written motion (served on all interested parties) specifying the exigencies justifying shortened

notice."  Del. Bankr. L.R. 9006-1(e).  As set forth below, shortening notice is justified here.

20.    As a result of the time at which the Amendment was finalized, the Debtors were

not able to file and serve the Motion on April 28, 2010, driven by the timing of certain internal

corporate approval processes requested by Purchaser.  Under the terms of the Amendment, the

Purchaser has the right to terminate the Amendment if it has not been approved by the Court before June 1, 2010.  The Debtors' next omnibus hearing after May 19, 2010 is not scheduled to take place until after the June 1, 2010 deadline has passed.  Because the Amendment will provide value to the Debtors' estates and the relief is substantially similar to relief already granted by this Court, the Debtors believe that a hearing on the Motion on shortened notice is both in the best interests of the Debtors' estates and creditors and does not prejudice any interested party.

21.     For these reasons, the Debtors respectfully submit that allowing the Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

### Notice

22.     Notice of the Motion to Shorten is being given via facsimile, electronic transmission, hand delivery or overnight mail to (i) counsel to the Purchaser; (ii) the U.S. Trustee; (iii) the Monitor; (iv) counsel to the Committee; (v) counsel to the Bondholder Group; and (vi) the general service list established in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  The Debtors submit that under the circumstances no other or further notice is necessary.

### No Prior Request

23.     No prior request for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion to Shorten

and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such

other and further relief as it deems just and proper.

Dated May 4, 2010                           CLEARY GOTTLIEB STEEN & HAMILTON LLP
      Wilmington, Delaware

                                          James L. Bromley (*admitted pro hac vice*)
                                          Lisa M. Schweitzer (*admitted pro hac vice*)
                                          One Liberty Plaza
                                          New York, New York 10006
                                          Telephone:  (212) 225-2000
                                          Facsimile:  (212) 225-3999

                                            - and -

                                          MORRIS, NICHOLS, ARSHT & TUNNELL LLP


                                          */s/ Ann C .Cordo*
                                          Derek C. Abbott (No. 3376)
                                          Eric D. Schwartz (No. 3134)
                                          Ann C. Cordo (No. 4817)
                                          Andrew R. Remming (No. 5120)
                                          1201 North Market Street
                                          P.O. Box 1347
                                          Wilmington, Delaware 19801
                                          Telephone:  (302) 658-9200
                                          Facsimile: (302) 658-3989

                                          *Counsel for the Debtors*
                                          *and Debtors in Possession*