## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
               :

*In re*
               :

Nortel Networks Inc., *et al.*, [1]
               :

         Debtors.
               :

               :
-------------------------------------------------------X

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

## DEBTORS' MOTION FOR AN ORDER SHORTENING NOTICE OF DEBTORS' MOTION FOR AN ORDER (I) AUTHORIZING THE SALE OF CERTAIN ASSETS OF DEBTORS' GSM/GSM-R BUSINESS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES; (II) AUTHORIZING AND APPROVING THE ASSET SALE AGREEMENT; (III) AUTHORIZING AND APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS; AND (IV) AUTHORIZING THE FILING OF CERTAIN DOCUMENTS UNDER SEAL

Nortel Networks Inc. ("NNI")[2] and certain of its affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), hereby move this Court (the "Motion to Shorten") for entry of an order pursuant to sections 102(1) and 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) shortening notice with respect to the *Debtors' Motion for An Order (I) Authorizing*

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

*The Sale Of Certain Assets Of Debtors' GSM/GSM-R Business Free And Clear Of All Liens,*

*Claims And Encumbrances; (II) Authorizing And Approving The Asset Sale Agreement; (III)*

*Authorizing And Approving The Assumption And Assignment Of Certain Executory Contracts;*

*And (IV) Authorizing the Filing of Certain Documents Under Seal* (the "Motion"), filed

contemporaneously herewith; (ii) permitting parties to file objections, if any, to the relief

requested in the Motion on or before May 17, 2010 at 12:00 p.m (prevailing Eastern Time); and

(iii) allowing the Motion to be heard at the omnibus hearing scheduled for May 19, 2010 at 2:00

p.m. (prevailing Eastern Time) (the "Hearing").  For the reasons set forth herein, the Debtors

believe that prompt consideration of the Motion on shortened notice is necessary and appropriate

and respectfully request that the Court enter an order shortening notice with respect to the

Motion and permitting the Motion to be heard at the Hearing.  In support of this Motion to

Shorten, the Debtors respectfully represent as follows:

### Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 102(1) and 105 of

the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002 and 9006 and Local Rule

9006-1(e).

---

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

## Background

**A.    Procedural History**

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel

Networks (CALA) Inc. ("NN CALA"), filed voluntary petitions for relief under chapter 11 of the

Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On January 15, 2009, this Court entered an order of joint administration pursuant

to Bankruptcy Rule 1015(b) that provided for the joint administration of these cases and for

consolidation for procedural purposes only [D.I. 36].

6.      Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks

Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and

together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their

Canadian affiliates (collectively, the "Canadian Debtors")[3] filed an application with the Ontario

Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement

Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian

Proceedings"). The Canadian Debtors continue to manage their properties and operate their

businesses under the supervision of the Canadian Court.

7.      On January 14, 2009, the Canadian Court entered an order recognizing these

chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February

---

[3]      The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology
Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

27, 2009, based on a petition filed by Ernst & Young Inc., as court-appointed Monitor in the

Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"),

this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings

under chapter 15 of the Bankruptcy Code.

       8.     On January 14, 2009, the High Court of England and Wales placed nineteen of

Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration under the

control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators").  On

May 28, 2009, at the request of the Joint Administrators, the Commercial Court of Versailles,

France (the "French Court") (Docket No. 2009P00492) ordered the commencement of secondary

proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation

proceedings during which NNSA was originally authorized to continue to operate as a going

concern for an initial period of three months, which period was subsequently extended to

November 28, 2009.  In accordance with the European Union's Council Regulation (EC) No.

1346/2000 on Insolvency Proceedings, the English law proceedings (the "English Proceedings")

remain the main proceedings in respect of NNSA although a French administrator and a French

liquidator have been appointed and are in charge of the day-to-day affairs and continuing

business of NNSA in France.  On October 1, 2009, pursuant to a motion filed by the Joint

Administrators, the French Court approved an order to: (i) suspend the liquidation operations

relating to the sale of the assets and/or businesses of NNSA for a renewable period of two

---

[4]     The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A.,
Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel
Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks
B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel
Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks
Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

months; (ii) authorize the continuation of the business of NNSA so long as the liquidation

operations are suspended; and (iii) maintain the powers of the French Administrator and

Liquidator during the suspension period, except with respect to the sale of assets and/or

businesses of NNSA.  On March 25, 2010, the French Court ended the suspension of the

liquidation operations.  On June 26, 2009, this Court entered an order recognizing the English

Proceedings of Nortel Networks UK Limited ("NNUK") as foreign main proceedings under

chapter 15 of the Bankruptcy Code.[5]

9.      On January 26, 2009, the Office of the United States Trustee for the District of

Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the

"Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142].  An ad

hoc group of bondholders holding claims against certain of the Debtors and certain of the

Canadian Debtors has also been organized (the "Bondholder Group").  No trustee or examiner

has been appointed in the Debtors' cases.

10.     On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc.

("NN CALA" and a Debtor with NNI and its affiliates), an affiliate of NNI, filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code.  On July 17, this Court entered

orders approving the joint administration and consolidation of NN CALA's chapter 11 case with

the other Debtors' chapter 11 cases for procedural proposes [D.I. 1098], and applying to NN

CALA certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1099].  From time

---

[5]      Additionally, on January 18, 2009, certain Nortel affiliates, including Nortel Networks Israel (Sales and
Marketing) Limited, filed an application with the Tel-Aviv-Jaffa District Court, pursuant to the Israeli Companies
Law, 1999, and the regulations relating thereto for a stay of proceedings.  On January 19, 2009, the Israeli Court
appointed Yaron Har-Zvi and Avi D. Pelossof as joint administrators of the Israeli Company under the Israeli
Companies Law (the "Joint Israeli Administrators").

to time, other Nortel affiliates have sought and may seek relief through the commencement of creditor protection or other insolvency or dissolution proceedings around the world.

**B.    Debtors' Corporate Structure and Business**

11.    Nortel is a technology company that historically designed, developed and deployed communication products, systems and solutions to its customers around the globe.  Its principal assets include its employees, the intellectual property derived and maintained from its research and development activities, its customers and other significant contracts and agreements.

12.    Additional information regarding the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3].

**C.    Case Milestones**

13.    On June 19, 2009, Nortel announced that it was advancing in discussions with external parties to sell its businesses and it would assess other restructuring alternatives for its businesses in the event it is unable to maximize value through sales.  To date, Nortel has closed (i) the sale of certain portions of its Layer 4-7 data portfolio to Radware Ltd. [D.I. 539]; (ii) the sale of substantially all of its CDMA business and LTE Access assets to Telefonaktiebolaget LM Ericsson (publ) ("Ericsson") [D.I. 1205]; (iii) the sale of the assets of its Wireless Networks business associated with the development of Next Generation Packet Core network components to Hitachi Ltd. [D.I. 1760]; (iv) the sale of substantially all of the assets of the Enterprise Solutions business globally, including the shares of Nortel Government Solutions Incorporated and DiamondWare Ltd. to Avaya Inc. [D.I. 1514]; (v) the sale of substantially all the assets of its Optical Networking and Carrier Ethernet businesses associated with its Metro Ethernet Networks

business unit to Ciena Corporation [D.I. 2070]; and (vi) the sale of substantially all of its

GSM/GSM-R business to Ericsson and Kapsch CarrierCom AG [D.I. 2065]. In addition, Nortel

has obtained Court approval for the planned sale of certain assets of its Carrier Voice Over IP

and Application Solutions business to GENBAND Inc. [D.I. 2632]. Efforts continue to be made

with respect to the monetization of Nortel's remaining assets.

14.     On February 18, 2009, the Court entered an order authorizing and establishing

procedures for the sale or abandonment of assets with a de minimis value to the Debtors' estates

[D.I. 322] (the "De Minimis Assets Order"). The De Minimis Assets Order authorizes the

Debtors to sell De Minimis Assets, as defined therein, pursuant to section 363(b) of the

Bankruptcy Code and the procedures set forth therein.

15.     On August 4, 2009, this Court entered an order fixing September 30, 2009 at 4:00

PM (Eastern Time) as the general bar date for filing proofs of claim or interests [D.I. 1280]. On

December 3, 2009 this Court entered an order fixing January 25, 2010 at 4:00 PM (Eastern

Time) as the bar date for filing proofs of claim or interests against NN CALA [D.I. 2059].

## Facts Relevant to this Motion

16.     When the GSM/GSM-R March 31st Sale closed, certain assets associated with the

GSM/GSM-R Business including customer contracts, and certain personnel were left behind

with Nortel. The Motion seeks permission to sell certain of these residual assets consisting

primarily of customer contracts of the GSM/GSM-R Business in the Caribbean and Latin

America. As described in the Motion, the Assets were marketed and the Agreement was

negotiated in good faith and at arm's-length. The Debtors believe that the price they will receive

from the Purchaser for the Assets is the highest and best offer available for the Assets, and that

the Debtors' ability to realize that value is dependent upon the Motion being heard at the

Hearing. In light of the closing of the GSM/GSM-R Sale, the value of the Assets has

deteriorated during the marketing process and will continue to deteriorate if not promptly

transferred to a buyer.

### Relief Requested

17.    By this Motion to Shorten, the Debtors respectfully request that the Court enter an

order (i) shortening notice pursuant to sections 102(1) and 105 of the Bankruptcy Code, as

supplemented by Bankruptcy Rules 2002 and 9006 and Local Rule 9006-1(e), with respect to the

Motion; (ii) permitting parties to file objections, if any, to the relief requested in the Motion on

or before May 17, 2010 at 12:00 p.m. (prevailing Eastern Time); (iii) allowing the Motion to be

heard at the Hearing; and (iv) granting such other and further relief as the Court deems just and

proper.

### Basis for Relief

18.    Local Rule 9006-1(c) provides in pertinent part that "[u]nless the Fed. R. Bankr.

P. or these Local Rules state otherwise, all motion papers shall be filed and served in accordance

with Local Rule 2002-1(b) at least fourteen (14) days (and an additional three (3) days if service

is by mail) prior to the hearing date." Bankruptcy Rule 2002(a)(2) requires ". . . at least 21 days'

notice by mail of . . . a proposed use, sale, or lease of property of the estate other than in the

ordinary course of business, unless the court for cause shown shortens the time or directs another

method of giving notice. . . ." Furthermore, according to Local Rule 9006-1(e), the notice period

may be shortened by order of the Court upon written motion "specifying the exigencies

justifying shortened notice." The Debtors respectfully submit that allowing the Motion to be

considered on an expedited basis at the Hearing is reasonable and appropriate under the

circumstances and that "cause" exists under Bankruptcy Rule 2002(a)(2).

19.     The Motion seeks entry of an order, pursuant to sections 105, 107(b)(1), 363 and

365 of the Bankruptcy Code, (i) authorizing the sale of certain residual assets of the Debtors'

GSM/GSM-R Business (the "Purchased Assets") free and clear of all liens, claims and

encumbrances pursuant to section 363 of the Bankruptcy Code, (ii) authorizing and approving

that certain asset sale agreement dated as of May 11, 2010 among Nortel Networks Limited

("NNL"), NNI, Nortel Networks (CALA) Inc. ("NN CALA", together with NNL, NNI and

certain other entities identified therein as sellers, the "Sellers") and Telefonaktiebolaget L M

Ericsson (publ) (together with any Designated Purchaser, "Ericsson" or the "Purchaser") for the

sale of the Assets as described therein (the "Agreement"), (iii) authorizing and approving the

assumption and assignment of the Assumed and Assigned Contracts, and (iv) authorizing the

Debtors to file certain documents under seal.  The Debtors are seeking approval of the Motion on

an expedited basis as delaying a hearing on the Motion will have a severe deleterious effect on

the price of the Assets and the Debtors' ability to consummate a deal.  The value of the Assets

deteriorated during the marketing process of the Assets and continues to deteriorate.

Additionally, the Purchaser has requested that the Motion be considered on shortened notice.[6]

For the foregoing reasons, timely approval of the Agreement and the transactions contemplated

thereby is critical in order to sell the Assets at the highest possible value and mitigate exposure

of the Debtors and their affiliates under the customer contracts proposed to be conveyed through

the Sale.  Accordingly, the Debtors respectfully submit that it is in the best interests of the

---

[6]     Given the purchase price of the Assets, the Debtors also believe that they would be authorized to sell the
Assets (other than the Assumed and Assigned Contracts) under the De Minimis Assets Order.  The Debtors are
seeking this Court's approval of the Sale to facilitate the assumption and assignment of the Assumed and Assigned
Contracts under section 365 of the Bankruptcy Code.

Debtors, their estates and their creditors for the Court to consider the Motion on shortened notice at the Hearing.

<strong><u>Notice</u></strong>

20.    Notice of the Motion and Motion to Shorten has be given via first-class mail, facsimile, electronic transmission, hand delivery or overnight mail to (i) counsel to the Purchaser; (ii) the Office of the U.S. Trustee; (iii) the Monitor; (iv) counsel to the Committee; (v) counsel to the Bondholder Group; (vi) the non-debtor parties to the Assumed and Assigned Contracts; (vii) all taxing authorities or recording offices which have a reasonably known interest in the relief requested, (viii) all United States federal, state, and local regulatory authorities with jurisdiction over the Debtors, (ix) each of the entities that had received an invitation from the Sellers to acquire the Assets, (x) all entities reasonably known by the Debtors to have asserted a lien against the Assets, and (xi) the general service list established in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  The Debtors submit that under the circumstances no other or further notice is necessary.

<strong><u>No Prior Request</u></strong>

21.    No prior request for the relief sought herein has been made to this or any other Court.

10

WHEREFORE, the Debtors respectfully request that this Court enter an order (i) shortening notice pursuant to sections 102(1) and 105 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002 and 9006 and Local Rule 9006-1(e); (ii) permitting parties to file objections, if any, to the relief requested in the Motion on or before May 17, 2010 at 12:00 p.m. (prevailing Eastern Time); (iii) allowing the Motion to be heard at the Hearing; and (iv) granting such other and further relief as the Court deems just and proper.

Dated:  May 11, 2010
        Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

                - and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors and Debtors in Possession*