IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
: **Hearing date: May 19, 2010 at 2:00 PM (ET)**
: **(proposed)**
: **Objections due: May 17, 2010 at 12:00 PM (ET)**
: **(proposed)**
:
------------------------------------------------------------X

**DEBTORS' MOTION FOR ENTRY OF AN ORDER SHORTENING
NOTICE RELATING TO DEBTORS' MOTION PURSUANT TO 11 U.S.C.
§ 105(a) AND § 363(b) FOR ENTRY OF AN ORDER APPROVING THE
GSM/GSM-R SIDE AGREEMENT AND GRANTING RELATED RELIEF**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors") hereby move this Court (the "Motion") for the entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to section 102(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) shortening notice to allow the *Debtors' Motion Pursuant To 11 U.S.C. § 105(a) And § 363(b) For Entry Of An Order Approving The GSM/GSM-R Side*

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

*Agreement And Granting Related Relief* (the "Approval Motion"),[2] filed contemporaneously herewith, to be considered on an expedited basis; (ii) setting May 17, 2010 at 12:00 PM (Eastern Time) as the deadline to file objections to the Approval Motion (the "Objection Deadline"); and (iii) scheduling the hearing on the Approval Motion for the omnibus hearing currently scheduled for May 19, 2010 at 2:00 PM (Eastern Time) (the "Hearing"). In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are section 102(1) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e).

## Background

**A.     Procedural History**

3. On January 14, 2009 (the "Petition Date"), the Debtors, other than NN CALA (defined below), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On January 15, 2009, this Court entered an order of joint administration pursuant to Federal Rule of Bankruptcy Procedures 1015(b) that provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

6. Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and

---

[2]     Capitalized terms used but not defined herein have the meanings ascribed to them in the Approval Motion.

2

together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.

7.      On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February 27, 2009, based on a petition filed by Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

8.      On January 14, 2009, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators"). On May 28, 2009, at the request of the Joint Administrators, the Commercial Court of Versailles, France (the "French Court") (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA was originally authorized to continue to operate as a going

---

[3]     The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4]     The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

concern for an initial period of three months, which period was subsequently extended to November 28, 2009. In accordance with the European Union's Council Regulation (EC) No. 1346/2000 on Insolvency Proceedings, the English law proceedings (the "English Proceedings") remain the main proceedings in respect of NNSA although a French administrator and a French liquidator have been appointed and are in charge of the day-to-day affairs and continuing business of NNSA in France. On October 1, 2009, pursuant to a motion filed by the Joint Administrators, the French Court approved an order to: (i) suspend the liquidation operations relating to the sale of the assets and/or businesses of NNSA for a renewable period of two months; (ii) authorize the continuation of the business of NNSA so long as the liquidation operations are suspended; and (iii) maintain the powers of the French Administrator and Liquidator during the suspension period, except with respect to the sale of assets and/or businesses of NNSA. On March 25, 2010, the French Court ended the suspension of the liquidation operations. On June 26, 2009, this Court entered an order recognizing the English Proceedings of Nortel Networks UK Limited ("NNUK") as foreign main proceedings under chapter 15 of the Bankruptcy Code.[5]

9.      On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142]. An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

---

[5] Additionally, on January 18, 2009, certain Nortel affiliates, including Nortel Networks Israel (Sales and Marketing) Limited, filed an application with the Tel-Aviv-Jaffa District Court, pursuant to the Israeli Companies Law, 1999, and the regulations relating thereto for a stay of proceedings. On January 19, 2009, the Israeli Court appointed Yaron Har-Zvi and Avi D. Pelossof as joint administrators of the Israeli Company under the Israeli Companies Law (the "Joint Israeli Administrators").

10. On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc. ("NN CALA" and a Debtor with NNI and its affiliates), an affiliate of NNI, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On July 17, this Court entered orders approving the joint administration and consolidation of NN CALA's chapter 11 case with the other Debtors' chapter 11 cases for procedural proposes [D.I. 1098], and applying to NN CALA certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1099]. From time to time, other Nortel affiliates have sought and may seek relief through the commencement of creditor protection or other insolvency or dissolution proceedings around the world.

**B.     Debtors' Corporate Structure and Business**

11. Nortel is a technology company that historically designed, developed and deployed communication products, systems and solutions to its customers around the globe. Its principal assets include its employees, the intellectual property derived and maintained from its research and development activities, its customers and other significant contracts and agreements.

12. Additional information regarding the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3] (the "First Day Declaration").

**C.     Case Milestones**

13. On June 19, 2009, Nortel announced that it was advancing in discussions with external parties to sell its businesses and it would assess other restructuring alternatives for its businesses in the event it is unable to maximize value through sales. To date, Nortel has closed (i) the sale of certain portions of its Layer 4-7 data portfolio to Radware Ltd. [D.I. 539]; (ii) the sale of substantially all of its CDMA business and LTE Access assets to Telefonaktiebolaget LM Ericsson (publ) ("Ericsson") [D.I. 1205]; (iii) the sale of the assets of its Wireless Networks

business associated with the development of Next Generation Packet Core network components to Hitachi Ltd. [D.I. 1760]; (iv) the sale of substantially all of the assets of the Enterprise Solutions business globally, including the shares of Nortel Government Solutions Incorporated and DiamondWare Ltd. to Avaya Inc. [D.I. 1514]; (v) the sale of substantially all the assets of its Optical Networking and Carrier Ethernet businesses associated with its Metro Ethernet Networks business unit to Ciena Corporation [D.I. 2070]; and (vi) the sale of substantially all of its GSM/GSM-R business to Ericsson and Kapsch CarrierCom AG [D.I. 2065]. In addition, Nortel has obtained Court approval for the planned sale of certain assets of its Carrier Voice Over IP and Application Solutions business to GENBAND Inc. [D.I. 2632]. Efforts continue to be made with respect to the realization of value from Nortel's remaining assets.

14. On August 4, 2009, this Court entered an order fixing September 30, 2009 at 4:00 PM (Eastern Time) as the general bar date for filing proofs of claim or interests [D.I. 1280]. On December 3, 2009 this Court entered an order fixing January 25, 2010 at 4:00 PM (Eastern Time) as the bar date for filing proofs of claim or interests against NN CALA [D.I. 2059].

### Relief Requested

15. By this Motion, the Debtors seek an order (i) shortening the notice period for the Approval Motion to allow it to be considered on an expedited basis; (ii) setting May 17, 2010 at 12:00 PM (Eastern Time) as the Objection Deadline; and (iii) scheduling the hearing on the Approval Motion for the Hearing on May 19, 2010 at 2:00 PM. (Eastern Time).

## Facts Relevant to this Motion

A. **The Interim Funding and Settlement Agreement**

16. On June 9, 2009, the Debtors, the Canadian Debtors, the EMEA Debtors and the Joint Administrators entered into an Interim Funding and Settlement Agreement (the "IFSA")[6] governing certain intercompany matters, including the obligations of the parties to the IFSA to (a) negotiate in good faith and attempt to reach agreement on a timely basis on a protocol (the "Interim Sales Protocol") for resolving disputes concerning the allocation of Sale Proceeds (as defined in the IFSA) from Sale Transactions (as defined in the IFSA), which Interim Sales Protocol shall provide binding procedures for the allocation of Sale Proceeds where the relevant parties in any such Sale Transaction have been unable to reach agreement regarding such allocation, and (b) following entry into any Sale Transaction, negotiate in good faith and on a timely basis to attempt to reach agreement regarding the allocation of the Sale Proceeds from such Sale Transaction within a reasonable period of time or as may be otherwise provided in the Interim Sales Protocol (failing which the Interim Sales Protocol shall apply to determine the allocation of the relevant Sale Proceeds). On June 29, 2009, this Court entered an Order (A) Approving the Interim Funding and Settlement Agreement, and (B) Granting Related Relief [D.I. 993].

B. **Sale of Nortel's GSM/GSM-R Business**

17. Global System for Mobile Communications ("GSM") is a widely deployed wireless technology standard for mobile phone networks. Historically, Nortel was a supplier of GSM networks to operators globally and worked with such operators to implement various GSM

---

[6] The summaries and descriptions of the terms and conditions of the IFSA set forth in the Motion are intended solely for informational purposes to provide the Court and parties in interest with an overview of significant terms thereof and should only be relied upon as such. The summaries and descriptions are qualified in their entirety by the IFSA. In the event there is a conflict between the Motion and the IFSA, the IFSA shall control in all respects.

products. In this regard, Nortel historically developed, manufactured, tested, sold and supplied GSM access and core infrastructure, services and solutions (the "GSM Business"). Also, Nortel supplied a variant of GSM technology for railways, which provides a secure communications system for railways operators (together with the GSM Business, the "GSM/GSM-R Business").

18. On September 30, 2009, the Debtors filed a Motion for Orders (I) (A) Authorizing and Approving the Bidding Procedures, (B) Approving the Notice Procedures, and (C) Setting a Date for the Sale Hearing, and (II) Authorizing and Approving the Sale of Certain Assets of Debtor's GSM/GSM-R Business [D.I. 1587] (the "Sale Motion") seeking approval of, among other things, the sale of the Assets (as such term is defined in the Sale Motion), and the approval of certain bidding procedures related thereto (the "Bidding Procedures"). Following a hearing on the Bidding Procedures, this Court and the Canadian Court, by an order dated October 15, 2009 [D.I. 1676], approved the Bidding Procedures to govern the sale by Nortel Networks Inc. and certain of its affiliates of the Assets.

19. In accordance with the Bidding Procedures, the Sellers conducted an auction on November 24, 2009 (the "Auction"). The Successful Bid (as such term is defined in the Bidding Procedures) for the sale of the Assets resulting from the Auction was the bid submitted by Ericsson and Kapsch Carriercom AG ("Kapsch"), dated as of November 24, 2009.

20. Accordingly, the Debtors and certain of their affiliates, including without limitation, certain of the Canadian Debtors, have entered into that certain Asset Sale Agreement, dated November 24, 2009, with Ericsson (the "North American Purchase Agreement"), and certain of the Debtors' European affiliates and the Joint Administrators have entered into an interdependent Asset Sale Agreement, dated November 24, 2009, with Kapsch (the "EMEA

Purchase Agreement" and, together with the North American Purchase Agreement, the "Sale Agreements").

21. On December 3, 2009, this Court entered an Order Authorizing And Approving Sale of Debtors' GSM/GSM-R Free And Clear Of All Liens, Claims And Encumbrances [D.I. 2065].

22. On March 31, 2010, the transfer of Nortel's GSM/GSM-R Business to Ericsson and Kapsch was consummated in accordance with the terms of the Sale Agreements.

**C. The Side Agreement**

23. In connection with the entry into the Sale Agreements, the Debtors and certain other Nortel entities (collectively, the "Parties") negotiated the Side Agreement attached to the Approval Motion as Exhibit B, to address certain issues among the Parties raised by their entry into the Sale Agreement.

**Basis for Relief**

24. Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). As set forth below, shortening notice is justified here.

25. Although the sale of the Debtors' GSM Business closed on March 31, 2010, the finalization of all documents relating to such sale has taken some time. The Side Agreement is a significant agreement among the Sellers (as defined in the Approval Motion). Therefore, the approval of the Side Agreement by this Court and the Canadian Court is necessary to finalize all documents relating to the sale of Nortel's GSM/GSM-R Business. The Canadian Debtors intend to seek approval of the Side Agreement on May 20, 2010. The Debtors, therefore, ask permission to seek approval of the Side Agreement by May 20, 2010 so that all documents pertaining to the sale of Nortel's GSM/GSM-R Business may be finalized by May 20, 2010. In

addition, the Debtors are contemporaneously seeking relief from this Court for an order approving the terms and conditions of that certain CVAS Side Agreement (the "<u>CVAS Side Agreement</u>"). The Debtors are seeking approval of the CVAS Side Agreement before the closing of the sale of Nortel's CVAS business, which the parties are actively working towards at this time. The terms of the CVAS Side Agreement and the Side Agreement are substantially similar. Accordingly, in the interest of conserving judicial resources where the relief being sought in two motions is substantially similar, the Debtors respectfully submit that the Approval Motion and the Debtors' motion for entry of an order approving the CVAS Side Agreement should be heard by the Court at the same hearing on May 19, 2010.

26.     For these reasons, the Debtors respectfully submit that allowing the Approval Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

## Notice

27.     Notice of the Motion is being given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) counsel to the Purchaser; (ii) counsel to the EMEA Purchaser; (iii) U.S. Trustee; (iii) Monitor; (iv) counsel to the Committee; (v) counsel to the Bondholder Group; (vi) Department of Justice; (vii) counsel to the Joint Administrators; and (viii) general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

28.     No prior request for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: May 12, 2010
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (*admitted pro hac vice*)
Lisa M. Schweitzer (*admitted pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Andrew R. Remming
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*