## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X

*In re*

Nortel Networks Inc., *et al.*, [1]

                Debtors.

---------------------------------------------------------X

:
:
:
:
:
:
:
:
:
:
:

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

**Hearing date: May 19, 2010 at 2:00 PM (ET)
(proposed)
Objections due: May 17, 2010 at 12:00 PM (ET)
(proposed)**

### DEBTORS' MOTION FOR ENTRY OF AN ORDER SHORTENING NOTICE RELATING TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. § 105(a) AND § 363(b) FOR ENTRY OF AN ORDER APPROVING THE CVAS SIDE AGREEMENT AND GRANTING RELATED RELIEF

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in

possession, (collectively, the "Debtors") hereby move this Court (the "Motion") for the entry of

an order, substantially in the form attached hereto as Exhibit A, pursuant to sections 102(1) and

105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules

of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules") (i) shortening notice to allow the *Debtors' Motion Pursuant To 11*

*U.S.C. § 105(a) And § 363(b) For Entry Of An Order Approving The CVAS Side Agreement And*

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

*Granting Related Relief* (the "<u>Approval Motion</u>"),[2] filed contemporaneously herewith, to be

considered on an expedited basis; (ii) setting May 17, 2010 at 12:00 PM (Eastern Time) as the

deadline to file objections to the Approval Motion (the "<u>Objection Deadline</u>"); and (iii)

scheduling the hearing on the Approval Motion for the omnibus hearing currently scheduled for

May 19, 2010 at 2:00 PM (Eastern Time) (the "<u>Hearing</u>").  In support of this Motion, the Debtors

respectfully represent as follows:

### Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 102(1) and 105(a)

of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e).

### Background

**A.      Procedural History**

3.      On January 14, 2009 (the "<u>Petition Date</u>"), the Debtors, other than NN CALA

(defined below), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On January 15, 2009, this Court entered an order of joint administration pursuant

to Federal Rule of Bankruptcy Procedures 1015(b) that provided for the joint administration of

these cases and for consolidation for procedural purposes only [D.I. 36].

6.      Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks

Corporation ("<u>NNC</u>"), NNI's direct corporate parent Nortel Networks Limited ("<u>NNL</u>," and

---

[2]      Capitalized terms used but not defined herein have the meanings ascribed to them in the Approval Motion.

together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.

7.      On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February 27, 2009, based on a petition filed by Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

8.      On January 14, 2009, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators"). On May 28, 2009, at the request of the Joint Administrators, the Commercial Court of Versailles, France (the "French Court") (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA was originally authorized to continue to operate as a going

---

[3]      The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4]      The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

concern for an initial period of three months, which period was subsequently extended to November 28, 2009. In accordance with the European Union's Council Regulation (EC) No. 1346/2000 on Insolvency Proceedings, the English law proceedings (the "English Proceedings") remain the main proceedings in respect of NNSA although a French administrator and a French liquidator have been appointed and are in charge of the day-to-day affairs and continuing business of NNSA in France. On October 1, 2009, pursuant to a motion filed by the Joint Administrators, the French Court approved an order to: (i) suspend the liquidation operations relating to the sale of the assets and/or businesses of NNSA for a renewable period of two months; (ii) authorize the continuation of the business of NNSA so long as the liquidation operations are suspended; and (iii) maintain the powers of the French Administrator and Liquidator during the suspension period, except with respect to the sale of assets and/or businesses of NNSA. On March 25, 2010, the French Court ended the suspension of the liquidation operations. On June 26, 2009, this Court entered an order recognizing the English Proceedings of Nortel Networks UK Limited ("NNUK") as foreign main proceedings under chapter 15 of the Bankruptcy Code.[5]

9.      On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142]. An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

---

[5]      Additionally, on January 18, 2009, certain Nortel affiliates, including Nortel Networks Israel (Sales and Marketing) Limited, filed an application with the Tel-Aviv-Jaffa District Court, pursuant to the Israeli Companies Law, 1999, and the regulations relating thereto for a stay of proceedings. On January 19, 2009, the Israeli Court appointed Yaron Har-Zvi and Avi D. Pelossof as joint administrators of the Israeli Company under the Israeli Companies Law (the "Joint Israeli Administrators").

10.     On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc.

("NN CALA" and a Debtor with NNI and its affiliates), an affiliate of NNI, filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code.  On July 17, this Court entered

orders approving the joint administration and consolidation of NN CALA's chapter 11 case with

the other Debtors' chapter 11 cases for procedural proposes [D.I. 1098], and applying to NN

CALA certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1099].  From time

to time, other Nortel affiliates have sought and may seek relief through the commencement of

creditor protection or other insolvency or dissolution proceedings around the world.

**B.     Debtors' Corporate Structure and Business**

11.     Nortel is a technology company that historically designed, developed and

deployed communication products, systems and solutions to its customers around the globe.  Its

principal assets include its employees, the intellectual property derived and maintained from its

research and development activities, its customers and other significant contracts and

agreements.

12.     Additional information regarding the Debtors' corporate structure and business

and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in

Support of First Day Motions and Applications [D.I. 3] (the "First Day Declaration").

**C.     Case Milestones**

13.     On June 19, 2009, Nortel announced that it was advancing in discussions with

external parties to sell its businesses and it would assess other restructuring alternatives for its

businesses in the event it is unable to maximize value through sales.  To date, Nortel has closed

(i) the sale of certain portions of its Layer 4-7 data portfolio to Radware Ltd. [D.I. 539]; (ii) the

sale of substantially all of its CDMA business and LTE Access assets to Telefonaktiebolaget LM

Ericsson (publ) ("Ericsson") [D.I. 1205]; (iii) the sale of the assets of its Wireless Networks

business associated with the development of Next Generation Packet Core network components to Hitachi Ltd. [D.I. 1760]; (iv) the sale of substantially all of the assets of the Enterprise Solutions business globally, including the shares of Nortel Government Solutions Incorporated and DiamondWare Ltd. to Avaya Inc. [D.I. 1514]; (v) the sale of substantially all the assets of its Optical Networking and Carrier Ethernet businesses associated with its Metro Ethernet Networks business unit to Ciena Corporation [D.I. 2070]; and (vi) the sale of substantially all of its GSM/GSM-R business to Ericsson and Kapsch CarrierCom AG [D.I. 2065]. In addition, Nortel has obtained Court approval for the planned sale of certain assets of its Carrier Voice Over IP and Application Solutions business to GENBAND Inc. [D.I. 2632]. Efforts continue to be made with respect to the realization of value from Nortel's remaining assets.

14.    On August 4, 2009, this Court entered an order fixing September 30, 2009 at 4:00 PM (Eastern Time) as the general bar date for filing proofs of claim or interests [D.I. 1280]. On December 3, 2009 this Court entered an order fixing January 25, 2010 at 4:00 PM (Eastern Time) as the bar date for filing proofs of claim or interests against NN CALA [D.I. 2059].

## Relief Requested

15.    By this Motion, the Debtors seek an order (i) shortening the notice period for the Approval Motion to allow it to be considered on an expedited basis; (ii) setting May 17, 2010 at 12:00 PM (Eastern Time) as the Objection Deadline; and (iii) scheduling the hearing on the Approval Motion for the Hearing on May 19, 2010 at 2:00 PM. (Eastern Time).

## Facts Relevant to this Motion

### A.    The Interim Funding and Settlement Agreement

16.    On June 9, 2009, the Debtors, the Canadian Debtors, the EMEA Debtors and the Joint Administrators entered into an Interim Funding and Settlement Agreement (the "IFSA")[6] governing certain intercompany matters, including the obligations of the parties to the IFSA to (a) negotiate in good faith and attempt to reach agreement on a timely basis on a protocol (the "Interim Sales Protocol") for resolving disputes concerning the allocation of Sale Proceeds (as defined in the IFSA) from Sale Transactions (as defined in the IFSA), which Interim Sales Protocol shall provide binding procedures for the allocation of Sale Proceeds where the relevant parties in any such Sale Transaction have been unable to reach agreement regarding such allocation, and (b) following entry into any Sale Transaction, negotiate in good faith and on a timely basis to attempt to reach agreement regarding the allocation of the Sale Proceeds from such Sale Transaction within a reasonable period of time or as may be otherwise provided in the Interim Sales Protocol (failing which the Interim Sales Protocol shall apply to determine the allocation of the relevant Sale Proceeds).  On June 29, 2009, this Court entered an Order (A) Approving the Interim Funding and Settlement Agreement, and (B) Granting Related Relief [D.I. 993].

### B.    Sale of Nortel's CVAS Business

17.    Nortel's Carrier Voice Over IP and Application Solutions Business (the "CVAS Business") provides telecom service providers with network solutions that help them improve operational efficiency, reduce costs, and generate new revenue through the deployment of

---

[6]    The summaries and descriptions of the terms and conditions of the IFSA set forth in the Motion are intended solely for informational purposes to provide the Court and parties in interest with an overview of significant terms thereof and should only be relied upon as such.  The summaries and descriptions are qualified in their entirety by the IFSA.  In the event there is a conflict between the Motion and the IFSA, the IFSA shall control in all respects.

multimedia applications and voice over internet protocol ("VoIP") solutions that enhance the communications experience for businesses and consumers. The CVAS Business specializes in deploying new VoIP networks for operators, in helping carriers transition their older voice infrastructure to state-of-the-art VoIP networks, and in delivering advanced multimedia offerings that unify and simplify communications for users.

18.    On December 22, 2009, the Sellers and certain of their affiliates entered into an Asset Sale Agreement (the "North American Sale Agreement") for the sale of certain assets relating to the CVAS Business by and among the Sellers, certain of their affiliates and GENBAND Inc. ("GENBAND", and together with, and including, any Designated Purchaser (as defined in the Sale Agreement), the "Purchaser"). On December 23, 2009, the EMEA Sellers, the Joint Administrators and the Joint Israeli Administrators entered into a parallel asset sale agreement with the Purchaser relating to certain assets of the CVAS Business owned by the EMEA Sellers and NNSA (the "EMEA Sale Agreement" and, together with the North American Sale Agreement, the "Sale Agreements"). On March 3, 2010, this Court and the Canadian Court approved the sale of assets related to the CVAS Business pursuant to the North American Sale Agreement to the Purchaser (this Court's order approving such sale, [D.I. 2632]).

C.    **The Side Agreement**

19.    In connection with the entry into the Sale Agreements, the Debtors and certain other Nortel entities (collectively, the "Parties") negotiated the Side Agreement substantially in the form attached to the Approval Motion as Exhibit B, to address certain issues among the Selling Parties raised by their entry into the Sale Agreements.

**Basis for Relief**

20.     Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).  As set forth below, shortening notice is justified here.

21.     The Debtors respectfully submit that shortened notice is appropriate in this instance because court approval and authorization to enter into the Side Agreement is a complementary and necessary step to finalize the larger sale process of certain assets relating to the CVAS Business to the Purchaser.  The Side Agreement is a significant agreement among the Sellers (as defined in the Approval Motion).  Therefore, the Side Agreement must be in place prior to the Closing, which the parties are actively working towards at this time.  The Canadian Debtors intend to seek approval of the Side Agreement separately in the Canadian Court.  In addition, the Debtors are contemporaneously seeking relief from this Court for an order approving the terms and conditions of that certain GSM/GSM-R Side Agreement, dated March 31, 2010 (the "GSM/GSM-R Side Agreement").  The terms of the Side Agreement and the GSM/GSM-R Side Agreement are substantially similar.  Accordingly, in the interest of conserving judicial resources where the relief being sought in two motions is substantially similar, the Debtors respectfully submit that the Approval Motion and the Debtors' motion for entry of an order approving the GSM/GSM-R Side Agreement should be heard at the same hearing on May 19, 2010.  For these reasons, the Debtors believe that a hearing on the Approval Motion on shortened notice is in the best interests of the Debtors' estates and creditors.

22.     The parties to the Side Agreement, those entities most likely to object to the relief sought in this Motion and the Approval Motion have been extensively involved in the negotiation of the Side Agreement and accordingly will have ample time to object to the Approval Motion on the timeline proposed herein.

9

23.     For these reasons, the Debtors respectfully submit that allowing the Approval Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

**<u>Notice</u>**

24.     Notice of the Motion is being given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) counsel to the Purchaser; (ii) U.S. Trustee; (ii) Monitor; (iii) counsel to the Committee; (iv) counsel to the Bondholder Group; (v) Department of Justice; (vi) counsel to the Joint Administrators; (vii) counsel to the Joint Israeli Administrators; and (viii) general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

**<u>No Prior Request</u>**

25.     No prior request for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:  May 12, 2010
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (*admitted pro hac vice*)
Lisa M. Schweitzer (*admitted pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Alissa T. Gazze (No. 5338)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*