```
                   IN THE UNITED STATES BANKRUPTCY COURT
                     FOR THE DISTRICT OF DELAWARE

IN RE:                        )      Case No. 09-10138
                              )      (Jointly Administered)
                              )
NORTEL NETWORKS, INC.         )      Chapter 11
     et al.                   )
                              )      Courtroom 3
                              )      824 Market Street
          Debtors.           )      Wilmington, Delaware
                              )
                              )      March 31, 2010
                              )      10:00 a.m.
```

                      TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE KEVIN GROSS
                  UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtor:                   Morris, Nichols, Arsht & Tunnell
                              LLP
                              BY:  DEREK ABBOTT, ESQ.
                              1201 North Market Street
                              P.O. Box 1347
                              Wilmington, DE  19899-1347
                              (302)658-9200

                              Cleary, Gottlieb, Steen & Hamilton
                              LLP
                              BY:  LISA SCHWEITZER, ESQ.
                              One Liberty Plaza
                              New York, NY  10006
                              (212)225-2000

ECRO:                         JENNIFER PASIERB

Transcription Service:        DIAZ DATA SERVICES
                              331 Schuylkill Street
                              Harrisburg, Pennsylvania 17110
                              (717) 233-6664

Proceedings recorded by electronic sound recording;
transcript produced by transcription service

```
 1   APPEARANCES:
     (Continued)
 2
     For the Creditors'
 3   Committee:                      Akin, Gump, Strauss, Hauer &
                                     Feld LLP
 4                                   BY:  DAVID H. BOTTER, ESQ.
                                     One Bryant Park
 5                                   New York, NY  10036
                                     (212)872-1000
 6
                                     Richards, Layton & Finger,
 7                                   P.A.
                                     BY:  CHRIS SAMIS, ESQ.
 8                                   One Rodney Square
                                     920 North King Street
 9                                   Wilmington, DE  19801

10   For United States Trustee:     Office of the U.S. Trustee
                                     BY:  PATRICK TINKER, ESQ.
11                                   844 King Street, Suite 2207
                                     Wilmington, DE  19801
12                                   (302)573-6491

13   For United States
        Joint Administrator         Young, Conaway, Stargatt &
14                                   Taylor, LLP
                                     BY:  MARIS FINNEGAN, ESQ.
15                                   The Brandywine Building
                                     1000 West Street, 17th Floor
16                                   P.O. Box 391
                                     Wilmington, DE  19801
17                                   (302)571-6600

18   For Creditor, Bondholders      Milbank, Tweed, Hadley &
                                     McCloy, LLP
19                                   BY:  THOMAS KELLER, ESQ.
                                     One Chase Manhattan Plaza
20                                   New York, NY  10005
                                     (212)530-5000
21
     TELEPHONIC APPEARANCES:
22
     For Ernst and Young:           Goodmans LLP
23                                   BY:  JAY CARFAGNINI, ESQ.
                                     250 Yonge Street
24                                   Suite 2400
                                     Toronto, ON  M5B 2M6
25                                   (416)979-2211
```

```
 1   TELEPHONIC APPEARANCES:
     (Continued)
 2
     Canadian Counsel
 3   For Joint Administrators:       Davies Ward Phillips &
                                     Vineberg
 4                                   BY:  ROBIN B. SCHWILL, ESQ.
                                     416-863-5502
 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

WILMINGTON, DELAWARE, WEDNESDAY, MARCH 31, 2010, 10:33 A.M.

THE CLERK:  Please rise.

THE COURT:  Good morning, everyone.  Thank you and please be seated.  And I apologize at this end for the technical problems.  Good morning, Mr. Abbott.

MR. ABBOTT:  Good morning, Your Honor and Mr. Justice Morowetz.  We're here today for the joint hearing in the Nortel matters, Your Honor.  And I'm at the Court's pleasure on how we proceed.  We've got our agenda ready to do.  I don't know if you've coordinated that with Mr. Justice Morowetz or not, Your Honor, but --

THE COURT:  Let me defer to Mr. Justice Morowetz. Good morning.

JUSTICE MOROWETZ:  Good morning, Judge Gross and good morning, counsel in Delaware.

The information I have is that this matter is unopposed in accordance with the provision of the cross board of protocol, Judge Gross and I have discussed some procedural issues and we thought it would be appropriate if the evidentiary portion proceeded first in Delaware, then confirming that there's nothing here and then proceed forward from that point.  So we will by agreement start with the proceedings in the Delaware Court.

THE COURT:  Thank you, Justice Morowetz.

MR. ABBOTT:  Your Honor, on our agenda, Items 1 through 5 have been resolved.

1          THE COURT:  Yes.

2          MR. ABBOTT:  I'm going to cede the podium to Ms.

3  Schweitzer to carry out the balance of the hearing, if I

4  may, Your Honor.

5          THE COURT:  You certainly may, Mr. Abbott.

6          MR. ABBOTT:  Thank you, Your Honor.

7          THE COURT:  Thank you very much.  Ms. Schweitzer,

8  good morning.

9          MS. SCHWEITZER:  Good morning, Your Honor.  I was

10  hoping to stand up and say that we all think this is going

11  to be a quick hearing this morning, but I guess we can hope

12  for the -- we'll take less time talking than we did wiring

13  together so --

14          THE COURT:  Okay.

15          MS. SCHWEITZER:  -- we have a new goal in mind.

16  Before we go through the cascade motion, there are two

17  updates I wanted to give to the Court and the Court in

18  Canada as well.

19          First, that the MEN sale which was scheduled to

20  close did, in fact, close on March 19.

21          THE COURT:  Wonderful.

22          MS. SCHWEITZER:  So that was a receipt again of

23  over north of $700 million in purchase price consideration

24  across the different sellers.  And that was a very smooth

25  closing.  And as you'll see in a retention application, it's

1  not up today, that there was an issue in that sale of

2  whether the debtors and sellers would be first day ready.

3  And there's a possible purchase price adjustment if we were

4  not first day ready in terms of technical capacity to

5  transfer the business over.  And the buyer had certified

6  that we were first day ready.  So that was a significant

7  accomplishment on behalf of the Nortel employees.

8              THE COURT:  Wonderful.

9              MS. SCHWEITZER:  For the benefit of the estate,

10  so we're proud of them for that.

11              THE COURT:  Yes.

12              MS. SCHWEITZER:  The second sale that's set to

13  close this month and the change of seasons, change of

14  business hands is the closing of the GSM and GSM-R sale and

15  that sale is actually expected to close today.

16              And I just wanted to -- there was a -- the

17  original sale order had provided that the proceeds like all

18  other proceeds would go into escrow.  This sale is a little

19  different than the other sales in that there were two

20  buyers.  There was the buyer Erickson for the North America

21  and sort of rest of the world business.  And there was Capsh

22  [ph] who is the buyer for the EMEA, E-M-E-A business.

23              THE COURT:  Yes.

24              MS. SCHWEITZER:  And that there were as a result

25  two different purchase prices put into the sale agreement.

1    And I just wanted to adjourn for a minute because there is -

2    - the parties have -- the estates have reached an agreement

3    with respect to the escrow that we wanted to inform your

4    Court -- put certain representations on the record and also

5    get your blessing to the extent necessary to proceed in this

6    fashion.  So if you'll allow me to take you through it for a

7    minute.

8            So that as I said that there was -- the sale was

9    contemplated that there were two buyers and they have

10   separate purchases prices in their purchase agreements, but

11   that the debtors eventually would or the sellers would

12   escrow the money all into one escrow.  And that would be

13   subject to further allocation.  As I said, the sale is

14   closing today and the gross sale price would be $103 million

15   coming in subject to the usual adjustments.

16           And the reason the sale is different also than

17   some other sales is because you have two different buyers.

18   You have transition services provided like all other sales,

19   but the North American entities and particularly, NNI not

20   only has a transition services agreement with its own

21   Erickson counterparty, it's transition services agreement

22   actually is with Capsh, the European buyer.  And so there's

23   a crossing over of the transition services.

24           The other notable fact from the U.S. perspective

25   on the sale is that while obviously any allocation, any

1   purchase price allocations were down the road, that EMEA

2   believes that they have a substantial claim to the purchase

3   price allocation, whereas, NNI, you know, obviously have our

4   views on that.  But certainly do have a strong view as to

5   the fact that we bear a substantial portion of the

6   transition services cost for the benefit of whoever the

7   ultimate buyer, the ultimate recipient of the proceeds is

8   whether or not that's EMEA or us or, you know, in any

9   portion.  And certainly the U.S. estates were concerned with

10  incurring that cost and downside risk for the benefit of

11  other people without covering their own cost.

12          To that end, that at the time the sale was done

13  and this was all explained before, but there were so many

14  sales, let's just go through it again.  That at the time of

15  the sale was done, the estates had negotiated a separate

16  term sheet to cover the allocation of transition services

17  costs between representatives of NNI, the UCC, the Canadian

18  debtors and the EMEA debtors.

19          And the term sheet is alluded to in a reference

20  actually in Paragraph 44 of the Sale Order where it provides

21  for a single escrow contingent on the execution of this

22  transition services agreement, sharing agreement.  So the

23  idea being that we all agree it goes -- the money goes

24  together.  We all agree that we're going to have an

25  allocation agreement with respect to transition costs as

1  well.  So the U.S. debtors feel comforted.

2        And then since that time, the Nortel entities

3  obviously have been busy with a million things including

4  working in good faith to negotiate and reach a final

5  agreement on the TSA cost sharing for this deal.  However,

6  we're in this times out period where we don't have a final

7  agreement today and we're set to close today.  And we'd

8  rather not hold up the closing.  While we would have that

9  ability, we've decided it's not in the estate's interest

10  right now on this deal to hold up the closing.  And NNI and

11  the UCC are willing to waive compliance with the completion

12  of the TSA agreement as a condition to the joint escrow as

13  long as the Canadian debtors, the monitor, and the joint

14  administrators for the EMEA debtors agree that they're going

15  to continue to work in good faith to negotiate and finish

16  the negotiations on this TSA cost sharing.

17        Obviously, NNI and the U.S. debtors also reserve

18  our rights to recover the cost related to the TSA services

19  which we call NBS cost for Nortel business purposes from any

20  other Nortel entities or as part of the allocation

21  proceedings themselves.  But as after the parties have been

22  working through this not only in substantively trying to

23  negotiate the TSA agreement, but also trying to get to

24  closing, that everyone reached an agreement that we would

25  all -- we would jointly escrow the money from the two

1  purchase prices into one escrow and that we would continue

2  to work in good faith to finish the TSA cost sharing

3  agreement.  And then on that basis, we were willing to waive

4  compliance with this contingency that the TSA agreement is

5  fully signed.

6        I believe that there is a representative from the

7  U.K. administrators or counsel is here to today.  And

8  obviously counsel for the Canadian debtor and the monitor

9  are on the phone who can made the representations on their

10  behalf and I'll cede the podium to them right now that they

11  can confirm everything I've said is the way we're willing to

12  proceed.

13        THE COURT:  All right.  Good morning.

14        MS. FINNEGAN:  Good morning, Your Honor.  For the

15  record, Maris Finnegan, Young, Conaway, Stargatt & Taylor on

16  behalf of the U.K. Joint Administrators.

17        We would like to make a statement on the record

18  with respect to this matter that Nortel Networks U.K. and

19  Nortel Networks Ireland have been negotiating the TSA term

20  sheet in good faith.  There are still some substantive

21  issues to resolve and they will continue to negotiate in

22  good faith in an effort to resolve those issues.

23        THE COURT:  All right.  Thank you, Ms. Finnegan.

24  And I guess it's Canada's turn.

25        JUSTICE MOROWETZ:  Mr. Tey [ph]?

1          MR. TEY:  Good morning, Your Honor.  Derek Tey on

2    behalf of the Canadian debtors.  And we can confirm that the

3    Canadian estate are happy to continue to work in good faith

4    to resolve these issues and we also reserve our rights to

5    seek the appropriate reimbursements from the other Nortel

6    estates as may be necessary.

7          JUSTICE MOROWETZ:  Thank you.

8          THE COURT:  Thank you.

9          JUSTICE MOROWETZ:  Mr. Carfagnini from your end?

10         MR. CARFAGNINI:  The Monitor concurs with that.

11   Nothing further, thank you.

12         JUSTICE MOROWETZ:  Thank you.  Okay.  Anybody

13   else wishing to make -- Mr. Schwill?

14         MR. SCHWILL:  Just for the record, Your Honor, in

15   Canada, I can adopt the statements put into evidence from my

16   counterpart in the U.S.

17         JUSTICE MOROWETZ:  You may want -- if you want

18   somebody to hear that in Delaware, you may want to step up

19   to the mike.

20         MR. SCHWILL:  Yes, Robin Schwill, counsel,

21   Canadian counsel to the joint administrators.  And just the

22   evidentiary record here in Canada, I can adopt these

23   statements made on the record for my counterpart in the U.S.

24         JUSTICE MOROWETZ:  Okay.  Thank you.  Back to

25   you, Judge Gross.

1          THE COURT:  Well, thank you.

2          MR. BOTTER:  Good morning, Judge Gross.  This is

3  David Botter from Aiken Gump on behalf of the Creditors

4  Committee on the line.

5          THE COURT:  Good morning.

6          MR. BOTTER:  Good morning.  Might I be heard

7  briefly?

8          THE COURT:  Yes.

9          MR. BOTTER:  Thank you, Your Honor.  And thank

10 you very much for allowing me to appear telephonically this

11 morning during the holiday season.

12         THE COURT:  Yes.

13         MR. BOTTER:  And good morning, Mr. Justice

14 Morowetz, as well.  Good morning.

15         The Creditors' Committee has raised this issue

16 more than one time in connection with the transactions that

17 have been successfully approved by both Courts in these

18 cases.  The transition services that have been negotiated

19 with all these major transactions and the creation of the

20 NBS organization to provide those services to the buyers has

21 clearly provided and will provide a benefit to all the

22 estates.  Frankly, as a condition to get these deals done

23 and have these transition services in place and have this

24 organization in place is a tremendous benefit.

25         And we have raised certainly with Judge Gross in

1   the Delaware courtroom the U.S. Creditors' Committee's

2   concern that most of those services and the cost and

3   potential exposure and liability relating to those services

4   have fallen squarely on the U.S. estate's shoulders.  It is

5   obviously critically important for us to create a mechanism

6   to share all of those costs amongst all of these estates who

7   are getting the benefits.

8           We are quite heartened to hear that the parties

9   will deal or attempt to continue to deal in good faith, but

10  the resolution of these issues whether it be in these

11  courtrooms or at some other forum is -- will be critically

12  important to the ultimate resolution of the appropriate

13  modification and whether or not there are appropriate eDocs

14  and whether or not there are appropriate reserves created to

15  protect the party here at the U.S. estate which is being

16  required to provide most of the services.

17          So we -- based upon the parties agreement to

18  proceed in good faith and based upon our raising this issue

19  and sensitizing the courts to this very critical issue, we

20  are prepared to waive the requirement of the actual

21  execution of this TSA sharing agreement for the creation of

22  the one escrow agreement.  Clearly, everyone reserves their

23  rights with respect to how the proceeds will be allocated

24  out of this one escrow agreement and obviously we believe

25  that the U.S. will have a substantial distribution out of

1  that escrow agreement, but that is for a later date.  Thank

2  you, Your Honor.  And thank you, Justice Morowetz.

3              THE COURT:  All right, Mr. Botter, thank you.

4  And --

5              JUSTICE MOROWETZ:  Thank you.

6              THE COURT:  Anyone else?

7                  (No audible response heard.)

8              THE COURT:  All right.  Well I certainly am

9  prepared based upon the statements and the agreements of all

10 interested parties to give my blessing to the closing today,

11 despite the absence of a final transition services

12 agreement.  And particularly with the understanding that the

13 parties will continue to work in good faith towards that

14 end.

15             MS. SCHWEITZER:  We appreciate that, Your Honor.

16 We apologize for the last minute nature of it, but it's the

17 nature of these deals at this point.

18             THE COURT:  Of course.

19             JUSTICE MOROWETZ:  We also have the similar

20 endorsement coming from this Court.

21             MS. SCHWEITZER:  Thank you, Your Honor, we

22 appreciate that.

23             So now we can turn to the cascade motion which

24 was the only matter scheduled for joint hearing today.  It's

25 formally the motion for the order authorizing the entry into

1   the cascading director of trust indenture in the related

2   side agreement.

3           As everyone's well aware, Nortel globally is in

4   the process of both the sales and restructurings of its

5   affiliates worldwide.  And many of the affiliates right now

6   are not in creditor protection proceedings, others are most

7   predominately in North America and Europe.  And we are at

8   the point where in light of the various divestitures that

9   have occurred natural attrition  and the like and the

10  horizon for the business at this point, to ensure that we'll

11  have the appropriate individuals willing to serve as the

12  directors, officers, and the agents of these various non-

13  filed subsidiaries all over the world, and also to ensure

14  that we'll have the continuity that they'll continuing

15  working in these positions during the restructuring and wind

16  down periods.

17          So the proposal as set forth in the motion, I

18  don't intend to go through it in any detail, is that NNI and

19  NNL will both fund, will each fund $17.5 million into this

20  trust, which will govern the ability to protect these

21  cascading directors and officers and agents so that they'll

22  serve for the benefit of their services in these various

23  cascaded roles, and the terms of indemnity are set forth in

24  the indenture itself.

25          THE COURT:  Yes.

1         MS. SCHWEITZER:  NNI and NNL also entered into a

2    side letter that deals with the ultimate responsibility for

3    payment of these costs.  There's the initial 50/50 funding,

4    but there's a contemplation of again, a pro-rata true up

5    depending on the benefit that NNI and NNL each receive for

6    -- as a result of enumerated sale processes.  So it's

7    similar in kind to what we've seen before in another true

8    ups.

9         In on balance -- first of all, there's obviously

10   no objection that's been filed in either the U.S. or Canada

11   to this motion.  And as set forth in the motion, we believe

12   that on balance the amount that's being asked to spend is

13   nominal compared to the benefits that we'll get from an

14   orderly sale closing process and a restructuring worldwide.

15   And, therefore, we have what appears unanimous support for

16   the proposal.

17        In light of that, I wasn't intending to call

18   witnesses today, but I defer to Canada, unless anyone in the

19   U.S. has further questions or comments.

20        THE COURT:  All right, Ms. Schweitzer, thank you.

21        JUSTICE MOROWETZ:  Mr. Tey?

22        MR. TEY:  Good morning again, Your Honor.  I

23   think we've got a real shot at making this the shortest

24   joint hearing in history and so I'm aiming for that.

25        The only thing I would add to what Ms. Schweitzer

1   has said is that it should be recognized that these

2   individuals who have been asked to step into these positions

3   have, in fact, done so once they received the assurance from

4   the various stakeholders that they would support this

5   motion.  And they did so relying in good faith that the

6   Courts today will approve this.  And without them stepping

7   forward a few weeks ago, we could not have a closing today.

8   And so these people have stepped up and done their duties

9   and will continue to do their duties, but they're relying

10  upon the Courts granting the protections that are sought

11  today.

12          We've also asked for a sealing of the identities

13  of these people so as not to aim the target on them for

14  people who just want to initiate lawsuits as an indirect way

15  of attacking the estate.  So that's all I have to say unless

16  some has any questions.

17          JUSTICE MOROWETZ:  Okay.  So that's the sealing

18  with respect to confidential Appendix C?

19          MR. TEY:  That's right.

20          JUSTICE MOROWETZ:  Thank you.  There's nothing

21  further by way of evidence or argument at this end, Judge

22  Gross.

23          THE COURT:  I don't know if anyone else in Canada

24  wished to be heard?  All right.

25          JUSTICE MOROWETZ:  No.

1          THE COURT:  No one, all right.

2          JUSTICE MOROWETZ:  All silent.

3          THE COURT:  Well I am fully satisfied on the

4   basis of the motion and the supporting documentation that

5   the agreement in the side letter agreement and the trust

6   indenture are, in fact, necessary for the continued

7   operations of the debtors' businesses and are indeed in the

8   best interest of the debtors estates.  There being no

9   objection, I am prepared to enter the order.

10         MS. SCHWEITZER:  Thank you, Your Honor.  And also

11  just for the record, we do have the accompanying sealing

12  order in the U.S. also --

13         THE COURT:  Yes.

14         MS. SCHWEITZER:  -- we're sealing the names of

15  the directors and officers who are cascading.  I have copies

16  of those orders.  They are unchanged.

17         THE COURT:  All right.

18         MS. SCHWEITZER:  But may I approach --

19         THE COURT:  You certainly may.  And pending Mr.

20  Justice Morowetz's ruling, I will certainly enter those

21  orders.

22         JUSTICE MOROWETZ:  Ms. Stam, do you have a Form

23  of Order for me?

24         MS. STAM:  I do have a Form of Order, Your Honor.

25  It contains relief related to other motions that are not

1  part of the joint hearing, so I'm not sure if you want me to

2  hand it up now or to hand it up later.

3          JUSTICE MOROWETZ:  I'll take a look now.

4          MS. STAM:  The order as it relates to this motion

5  remains unchanged from the form that was included in the

6  motion record.

7          JUSTICE MOROWETZ:  Okay.  I'm just a little

8  confused in what part of this applies to something else.

9          MS. SAM:  Yes, we brought another motion with

10  respect to the director's charge.

11          JUSTICE MOROWETZ:  Right.

12          MS. STAM:  That is not part of the joint hearing

13  for today.  And so that part of the motion is the subject of

14  the post motion.  Paragraphs 3 and 4 of the order relate to

15  the motion to be part of the joint hearing.

16          JUSTICE MOROWETZ:  All right.  So Paragraphs 3

17  and 4 in the draft are printed out?

18          MS. STAM:  Yes.

19          JUSTICE MOROWETZ:  All right, thank you.

20          MS. STAM:  And then, I suppose Paragraph 7 also

21  as it relates to the sealing.

22          JUSTICE MOROWETZ:  All right.  The following

23  endorsement please.  Madam reporter are you ready?  Okay.

24  This joint hearing is being conducted in accordance with the

25  provisions of the cross board of protocol previously

1   approved by both the U.S. Bankruptcy Court of Delaware and

2   by this Court.  His Honor Judge Gross is presiding over the

3   proceedings in the U.S. Bankruptcy Court.  This motion was

4   not opposed.  I'm satisfied having reviewed the record that

5   the request for relief is appropriate in the circumstances.

6   I'm also satisfied that confidential Appendix C to the

7   monitor's 41st report and sensitive information, the

8   dissemination of which could be harmful to stakeholders.

9   I've considered the Sierra Club test and I'm satisfied that

10  a sealing order should be granted in respect to confidential

11  Appendix C.  The motion is granted in order to show issue in

12  the form presented with respect to Paragraphs 3, 4, and 7

13  and the formal entry will be done at the conclusion of the

14  hearings today.

15          MS. STAM:  Thank you, Your Honor.

16          JUSTICE MOROWETZ:  Thank you.  Judge Gross, I

17  believe that that concludes the joint hearing from this end,

18  subject to anything further in Delaware.

19          THE COURT:  And likewise, Justice Morowetz.  I

20  wish you a smooth remainder of your hearing and we will miss

21  you.  And with that, I think we will --

22                      (Laughter)

23          THE COURT:  -- part company.

24          JUSTICE MOROWETZ:  I'm sure you will.  Thank you

25  very much.

1                      (Laughter)

2           THE COURT:  Good day, sir, and good week.

3           JUSTICE MOROWETZ:  Thank you.

4           THE COURT:  Ahh.

5                      (Laughter)

6           MS. SCHWEITZER:  It's amazing how easy it is to

7    turn it off --

8           THE COURT:  It is.

9           MS. SCHWEITZER:  -- as turning it on --

10          THE COURT:  Yes.

11          MS. SCHWEITZER:  -- that's the trick.  Right.

12          THE COURT:  And I think that the issues generally

13   are at the Canadian end on the technology problems, but I do

14   apologize again for the delay.

15          MS. SCHWEITZER:  After the enterprise sale, we

16   can say it's not on Nortel's end so --

17          THE COURT:  That's right.  Exactly.

18          MS. SCHWEITZER:  So and just so Your Honor

19   understands is that they had made reference in Canada to

20   there being an order that has other provisions in it.

21          THE COURT:  Yes.

22          MS. SCHWEITZER:  There's a motion that was -- the

23   U.S. had asked be brought on at the same time in Canada, but

24   not as a joint hearing that relates to director charge

25   placed in Canada.  In Canada, you don't have administrative

1    claims.   You have charges that are placed.

2              THE COURT:  Okay.

3              MS. SCHWEITZER:  And one of the charges is a

4    director and officer charged that is -- that protects him

5    against underpayment of taxes and other statutory

6    obligations.  And so given the state of where the case is,

7    they can now calculate that the charge can be lowered

8    because the company has paid up what it's paid up and

9    ongoing is doing less business so there's less taxes and the

10   like being generated going forward.

11             THE COURT:  All right.

12             MS. SCHWEITZER:  So they have a combined order up

13   there which was what they're talking about.  We haven't

14   heard of any objection to that second half of the relief,

15   but that will be entered subject to that later hearing so --

16             THE COURT:  All right, thank you, Ms. Schweitzer

17   --

18             MS. SCHWEITZER:  Sure.

19             THE COURT:  -- that was very helpful, thank you.

20             MS. SCHWEITZER:  So just so there's no mysteries

21   on what happens after the switch goes off so.

22             THE COURT:  Right.

23             MS. SCHWEITZER:  So and then I think we are now

24   up to Agenda No. 8.  Everything else has been entered either

25   before this hearing or at this hearing.  And we've two quick

1  things on.  The first is the application to employ and

2  retain Chilmark Partners as a Chilmark Partners --

3            THE COURT:  Yes.

4            MS. SCHWEITZER:  -- as a consulting expert.  And

5  again, it's all set forth at length in the application, but

6  the debtors seek to retain Chilmark as a consulting expert

7  to deal with all the multi-jurisdictional matters coming up,

8  the first and most prominent is obviously the allocation

9  protocol issues in the allocation process.  That the estates

10  are working through now.  Chilmark's very well qualified as

11  set forth at length in the declaration itself.  And the

12  application itself most notably recently working on Chrysler

13  and the like so they're well experienced in the distressed

14  world.  And the U.S. thinks that there's value in having

15  obviously our own witnesses and independent experts at this

16  point.

17            There is an amended application that was filed

18  which is the one before your Court, Your Honor today which

19  addresses certain comments by the United States Trustee.

20  And there were no objections filed to that amended

21  application.  Following the filing of it, there were two

22  informal comments received that were resolved.  And I can

23  hand up a revised order to walk you through those.

24            THE COURT:  Thank you, Ms. Schweitzer, yes.

25  Thank you.  All right.

1          MS. SCHWEITZER:  So the first amendment was at

2   the request of the bondholder group, goes into Paragraph 4

3   of the amended order.

4          THE COURT:  So you've increased that from 75

5   percent to 100 percent.

6          MS. SCHWEITZER:  Right.  And the increase is

7   basically the crediting.  There's a monthly fee and then

8   there's a success fee and it gets a bigger credit.  And then

9   also there is a contemplation of a re-assessment of the

10  monthly fee reset depending -- it was originally after one

11  year depending on the further needs.  And we agreed to do a

12  consideration at the ninth month or after eight months of

13  work.

14         THE COURT:  Okay.

15         MS. SCHWEITZER:  And then there's also in the

16  last paragraph, in Paragraph 10, just a clarification

17  sentence that the you today are not intending to expand,

18  limit, or otherwise affect available privileges that exist

19  with respect to the debtors' retention of Chilmark.

20         THE COURT:  Okay.

21         MS. SCHWEITZER:  Where you're approving their

22  retention today.

23         THE COURT:  Right.

24         MS. SCHWEITZER:  And we understand that's

25  resolved all of the formal comments received and, therefore,

1   have full support from the creditor constituencies and the

2   U.S. Trustee for the application.

3            THE COURT:  All right.  Does anyone else wish to

4   be heard here in the courtroom or on the telephone? Well

5   hearing --

6            MR. KELLER: Your Honor, Tom Keller of Milbank on

7   behalf of the bondholder group.  Is this an appropriate

8   time?

9            THE COURT:  Yes, good morning.

10           MR. KELLER:  Thank you, Your Honor.  Your Honor,

11  I'll be brief.

12           Ms. Schweitzer has accurately reflected the

13  comments and the discussions with the bondholder group on

14  this application.  We've reviewed the form of the order and

15  that accurately reflects our discussions and our agreement

16  on this with them.  We are in support of the implication.

17           THE COURT:  Thank you.  And hearing no one else,

18  I am certain -- I certainly understand the necessity of the

19  retention and I am fully satisfied with the skill and

20  expertise that Chilmark will bring to the matter and I am

21  prepared to grant the motion.

22           MS. SCHWEITZER:  Thank you, Your Honor.

23           THE COURT:  Or the application I should say.  And

24  I have the order before me and I will sign it.

25           MS. SCHWEITZER:  Thank you, Your Honor.

1              THE COURT:  All right.

2              MS. SCHWEITZER:  Thank you, Your Honor.  Almost

3    at the end here.  Agenda Item No. 9 was just an AT&T

4    objection with respect to the assignment of these contracts

5    and the CVAS sale.  That's been adjourned for another day.

6    The parties are hopeful that we can reach agreement on the

7    form of that assignment over and have just adjourned it for

8    another hearing.

9              THE COURT:  Okay.

10             MS. SCHWEITZER:  And No. 10 is our last one which

11   is just the -- it's retention and compensation day today.

12   That it's the application for Lazar for their transactions

13   fees.

14             THE COURT:  Yes.

15             MS. SCHWEITZER:  For the CDMA and Enterprise

16   deal.  And Your Honor, I don't believe there was originally

17   an order, but whether or not there was we have an order that

18   we'd like to walk you through if I could approach?

19             THE COURT:  Yes, certainly Ms. Schweitzer,

20   please.  Thank you.

21             MS. SCHWEITZER:  So this is Agenda Item No. 10.

22   And it deals with the eighth and ninth applications of

23   Lazard for compensation.  Lazard similarly is compensated on

24   a monthly fee basis.

25             THE COURT:  Yes.

1        MS. SCHWEITZER:  And then has certain transaction
2  fees linked to the achievement of the sales.  There are
3  certain credits that happen for the monthly fees against
4  these larger transaction fees.  Lazard was retained in the
5  U.S., but also is subject to an engagement letter signed by
6  our Canadian parents.  And there's agreements along the way
7  with respect to the sharing of those fees and more
8  particularly, the fact that in at least in some of the deals
9  that have been signed to date, there is in the side letters
10 to those deals, a discussion of the use of the escrows for
11 the Lazar fees or the ability to direct the escrow agents in
12 order to get the fees paid.

13        So there's no changes in this order with respect
14 to the amounts being sought.  There is an eighth
15 application.  It's $5,541,000 for the CDMA deal.  And then
16 in the ninth application it's $4,927,000 for the Enterprise
17 sale.  And then there's certainly month amounts that are
18 also in there.  And everyone agrees with that.  The only
19 negotiation that's been going on on the order with respect
20 to the estates is how those would be paid.  And Lazard's
21 been looped in.

22        So what it provides right now is that these
23 transaction fees are approved, but the debtors are
24 responsible for satisfying those fees by directing the
25 escrow agents to withdraw out the money so that there's no

1  suggestion that we have to bear the full burden of these

2  fees out of our estates themselves rather than out of the

3  sale proceeds.  And so that's set forth in the order itself

4  and then there's an Exhibit B to the order that reflects --

5  I apologize in Exhibit A to the order that reflects a

6  calculation and algorithms and all to figure out how the

7  fees would be apportioned per deal taking the monthly fees

8  and crediting them back we have, you know, obviously the

9  fees are incurred and paid along the way and then the

10 transaction fees pop up later.

11          So this chart sets forth -- it goes to other

12 deals because the estates have negotiated a larger deal, but

13 it goes to the fact that in the first two columns also that

14 the estates now have a number to direct the escrow agents to

15 pull out of the CDMA and Enterprise escrows.  And so the

16 exact terms are set forth in the order.  It's really only

17 three paragraphs of the substantive requitals.

18          THE COURT:  Yes.

19          MS. SCHWEITZER:  And I would obviously point you

20 to the order for the exact terms.  But that is where we're

21 at with Lazard and we respectfully request that you approve

22 it subject to the clarifications made in the order with

23 respect to the source of funds being used to pay the fees.

24          THE COURT:  All right.  Does anyone else wish to

25 be heard?

1                  (No audible response heard.)

2             THE COURT:  All right.  Well the Court is

3   certainly well aware of the substantial contributions that

4   Lazard has made in this case.  And I don't think it's

5   necessary for me to say more other than the fees are

6   obviously agreed upon.  There are no objections.  And I am

7   prepared to grant the motion and enter the order.

8             MS. SCHWEITZER:  Thank you, Your Honor.  We

9   decided not to bring Mike Murray down as much as he missed

10  it down here.  He'll be here soon enough, right?

11            THE COURT:  I'm sure he'll be here plenty.

12            MS. SCHWEITZER:  Exactly.

13            THE COURT:  And you didn't bring Mr. Bromley with

14  you this time either, I noticed.

15            MS. SCHWEITZER:  No, he's holding down the fort

16  in New York so.

17            THE COURT:  All right.

18            MS. SCHWEITZER:  It looks like you almost could

19  say that we made it under an hour in New York time, but --

20            THE COURT:  It's remarkable.  And we made it in

21  the sun so that's nice too after all the rain we've had.

22            MS. SCHWEITZER:  Even better.

23            THE COURT:  Anything further anyone?

24            MS. SCHWEITZER:  Not from us, Your Honor, thank

25  you.

1          THE COURT:  All right.  Thank you all and we'll

2    stand in recess.  And I wish everyone a good holiday.

3          MS. SCHWEITZER:  Thank you, you, too.

4          THE COURT:  Thank you.

5     [Whereupon at 11:05 a.m., the hearing was adjourned.]

6

7                     CERTIFICATION

8          I certify that the foregoing is a correct

9    transcript from the electronic sound recording of the

10   proceedings in the above-entitled matter.

11

12

13   _____          31 March 2010

14   Traci L. Calaman                          Date

15   Transcriber

16

17

18

19

20

21

22

23

24

25

| Word | Page:Line |
|------|-----------|

**a.m(3)** 1:14 4:1 30:5
**abbott(7)** 1:24 4:5 4:6 4:25 5:2 5:5 5:6
**ability(3)** 9:9 15:20 27:11
**about(1)** 22:13
**aboveentitled  (1)** 30:10
**absence(1)** 14:11
**accompanying(1)** 18:11
**accomplishmen(1)** 6:7
**accordance(2)** 4:17 19:24
**accurately(2)** 25:12 25:15
**achievement(1)** 27:2
**across(1)** 5:24
**actual(1)** 13:20
**actually(3)** 6:15 7:22 8:20
**add(1)** 16:25
**addresses(1)** 23:19
**adjourn(1)** 7:1
**adjourned(3)** 26:5 26:7 30:5
**adjustment(1)** 6:3
**adjustments(1)** 7:15
**administered(1)** 1:5
**administrativ(1)** 21:25
**administrator(1)** 2:26
**administrators(5)** 3:5 9:14 10:7 10:16
**adopt(2)** 11:15 11:22
**affect(1)** 24:18
**affiliates(2)** 15:5 15:5
**after(6)** 9:21 21:15 22:21 24:10 24:12
**again(6)** 5:22 8:14 16:4 16:22 21:14 23:5
**against(2)** 22:5 27:3
**agenda(5)** 4:9 4:25 22:24 26:3 26:21
**agents(5)** 15:12 15:21 27:11 27:25 28:14
**ago(1)** 17:7
**agree(3)** 8:23 8:24 9:14
**agreed(2)** 24:11 29:6
**agreement(26)** 4:22 6:25 7:2 7:20 7:21
8:22 8:22 8:25 9:5 9:7 9:12 9:23 9:24
10:3 10:4 13:17 13:21 13:22 13:24 14:1
14:12 15:2 18:5 18:5 25:15 26:6
**agreements(3)** 7:10 14:9 27:6
**agrees(1)** 27:18
**ahh(1)** 21:4
**aiken(1)** 12:3
**aim(1)** 17:13
**aiming(1)** 16:24
**akin(1)** 2:5
**algorithms(1)** 28:6
**all(43)** 5:10 6:17 7:12 7:18 8:13 8:23 8:23
9:25 10:13 10:22 12:9 12:19 12:21 13:6 13:6
14:3 14:8 14:9 15:13 16:9 16:20 17:15
17:24 18:1 18:2 18:17 19:16 19:19 19:22
22:11 22:16 23:5 23:7 23:25 24:25 25:3
26:1 28:6 28:24 29:2 29:17 29:21 30:1
30:1
**allocated(1)** 13:23
**allocation(8)** 7:13 7:25 8:3 8:16 8:25 9:20
23:8 23:9
**allocations(1)** 8:1
**allow(1)** 7:6
**allowing(1)** 12:10
**alluded(1)** 8:19
**almost(2)** 26:2 29:18
**along(2)** 27:6 28:9
**also(18)** 7:4 7:16 9:17 9:23 11:4 14:19
15:13 16:1 17:12 18:10 18:12 19:20 20:6
24:9 24:15 27:5 27:18 28:13
**amazing(1)** 21:6
**amended(3)** 23:17 23:20 24:3
**amendment(1)** 24:1
**america(2)** 6:20 15:7
**american(1)** 7:19
**amongst(1)** 13:6
**amount(1)** 16:12
**amounts(2)** 27:14 27:17

**and(188)** 2:44 4:4 4:4 4:6 4:8 4:14 4:18
4:19 4:21 5:10 5:17 5:24 5:25 6:2 6:3 6:5
6:13 6:14 6:14 6:16 6:21 6:21 6:24 7:1
7:4 7:9 7:12 7:14 7:16 7:19 7:22 8:9 8:10
8:13 8:18 8:19 9:2 9:4 9:7 9:7 9:10 9:10
9:13 9:15 9:17 10:1 10:3 10:7 10:8 10:10
10:18 10:21 10:24 11:2 11:4 11:21 12:9
12:13 12:19 12:21 12:23 12:23 13:1 13:2
13:2 13:3 13:13 13:14 13:18 13:19 13:24
14:2 14:4 14:9 14:12 15:4 15:5 15:7 15:7
15:9 15:9 15:12 15:13 15:15 15:18 15:21
15:21 15:23 16:1 16:5 16:11 16:14 16:15
16:24 17:5 17:6 17:8 17:8 17:9 18:4 18:5
18:7 18:10 18:15 18:19 19:13 19:14 19:17
19:20 20:1 20:7 20:9 20:12 20:13 20:19
20:20 20:21 21:2 21:12 21:18 22:3 22:3
22:5 22:6 22:8 22:9 22:23 22:25 23:1
23:4 23:8 23:11 23:13 23:14 23:15 23:20
23:22 24:6 24:7 24:8 24:8 24:11 24:15
24:24 24:25 25:1 25:13 25:14 25:15 25:17
25:19 25:19 25:20 25:23 25:24 26:5 26:7
26:10 26:11 26:15 26:16 26:22 26:22 27:7
27:6 27:7 27:15 27:17 27:18 27:20 28:3
28:4 28:6 28:6 28:8 28:9 28:9 28:15
28:15 28:19 28:21 29:4 29:6 29:7 29:13
29:20 30:1 30:2
**another(4)** 16:7 19:9 26:5 26:8
**any(7)** 7:25 7:25 8:9 9:19 15:18 17:16
22:14
**anybody(1)** 11:12
**anyone(6)** 14:6 16:18 17:23 25:3 28:24
29:23
**anything(2)** 20:18 29:23
**apologize(4)** 4:4 14:16 21:14 28:5
**appear(1)** 12:10
**appearances(2)** 2:42 3:1
**appears(1)** 16:15
**appendix(3)** 17:18 20:6 20:11
**application(12)** 5:25 23:1 23:5 23:12
23:17 23:21 25:2 25:14 25:23 26:12 27:15
27:16
**applications(1)** 26:22
**applies(1)** 19:8
**apportioned(1)** 28:7
**appreciate(2)** 14:15 14:22
**approach(2)** 18:18 26:18
**appropriate(8)** 4:19 11:5 13:12 13:13
13:14 15:11 20:5 25:7
**approve(2)** 17:6 28:21
**approved(3)** 12:17 20:1 27:23
**approving(1)** 24:21
**are(37)** 5:16 9:11 10:9 10:20 11:3 13:7
13:8 13:13 13:14 13:20 15:6 15:7 15:10
15:23 17:10 18:6 18:7 18:15 18:16 18:25
19:17 19:23 21:13 22:1 22:23 23:10 24:1
25:16 26:6 27:2 27:17 27:23 27:23 28:9
28:16 29:5 29:6
**argument(1)** 17:21
**arsht(1)** 1:22
**asked(6)** 16:12 17:2 17:12 17:23 21:23
**assignment(2)** 26:4 26:7
**assurance(1)** 17:3
**att  (1)** 26:3
**attacking(1)** 17:15
**attempt(1)** 13:9
**attrition(1)** 15:9
**audible(1)** 14:7 29:1
**authorizing(1)** 14:25
**available(1)** 24:18
**aware(2)** 15:3 29:3
**back(2)** 11:24 28:8
**balance(3)** 5:3 16:9 16:12
**bankruptcy(4)** 1:1 1:18 20:1 20:3
**based(3)** 13:17 13:18 14:9
**basically(1)** 24:7

**basis(3)** 10:3 18:4 26:24
**bear(2)** 8:5 28:1
**because(3)** 7:1 7:17 22:8 28:12
**been(13)** 4:26 9:3 9:21 10:19 12:17 12:18
16:10 17:2 22:24 26:5 27:9 27:19 27:21
**before(7)** 1:17 5:16 8:13 16:7 22:25 23:18
25:24
**behalf(6)** 6:7 10:10 10:16 11:2 12:3 25:7
**being(9)** 8:23 13:15 16:12 18:8 19:24
21:20 22:10 27:14 28:23
**believe(5)** 10:6 13:24 16:11 20:17 26:16
**believes(1)** 8:2
**benefit(7)** 6:9 8:6 8:10 12:21 12:24 15:22
16:5
**benefits(2)** 13:7 16:13
**best(1)** 18:8
**better(1)** 29:22
**between(1)** 8:17
**bigger(1)** 24:8
**blessing(2)** 7:5 14:10
**board(2)** 4:18 19:25
**bondholder(3)** 24:2 25:7 25:13
**bondholders(1)** 2:35
**both(4)** 12:17 15:4 15:19 20:1
**botter(7)** 2:7 12:2 12:3 12:6 12:9 12:13
14:3
**box(2)** 1:26 2:31
**brandywine(1)** 2:29
**brief(1)** 25:11
**briefly(1)** 12:7
**bring(3)** 25:20 29:9 29:13
**bromley(1)** 29:13
**brought(2)** 19:9 21:23
**bryant(1)** 2:8
**building(1)** 2:29
**burden(1)** 28:1
**business(7)** 6:5 6:14 6:21 6:22 9:19 15:10
22:9
**businesses(1)** 18:7
**busy(1)** 9:3
**but(25)** 4:11 5:11 7:10 7:19 8:4 8:13 9:23
9:23 13:9 14:1 14:16 16:4 16:18 17:9
18:18 21:13 21:23 22:15 23:5 26:17 27:5
27:23 28:12 28:20 29:19
**buyer(5)** 6:5 6:20 6:22 7:22 8:7
**buyers(4)** 6:20 7:9 7:17 12:20
**calaman(1)** 30:14
**calculate(1)** 22:7
**calculation(1)** 28:6
**call(2)** 9:19 16:17
**can(12)** 5:11 10:9 10:11 11:2 11:15 11:22
14:23 21:16 22:7 22:7 23:22 26:6
**canada(10)** 5:18 11:15 11:22 16:10 16:18
17:23 21:19 21:23 21:25 21:25
**canada's(1)** 10:24
**canadian(9)** 3:4 8:17 9:13 10:8 11:2 11:3
11:21 21:13 27:6
**capacity(1)** 6:4
**capsh(2)** 6:21 7:22
**carfagnini(3)** 2:45 11:9 11:10
**carry(1)** 5:3
**cascade(2)** 5:16 14:23
**cascaded(1)** 15:23
**cascading(3)** 15:1 15:21 18:15
**case(3)** 1:4 22:6 29:4
**cases(1)** 11:12
**cdma(3)** 26:15 27:15 28:15
**cede(2)** 5:2 10:10
**certain(5)** 7:4 23:19 25:18 27:1 27:3

**certainly(11)** 5:5 8:4 8:9 12:25 14:8 18:19
18:20 25:18 26:19 27:17 29:3
**certification(1)** 30:7
**certified(1)** 6:5
**certify(1)** 30:8
**change(2)** 6:13 6:13
**changes(1)** 27:13
**chapter(1)** 1:7
**charge(3)** 19:10 21:24 22:7
**charged(1)** 22:4
**charges(2)** 22:1 22:3
**chart(1)** 28:11
**chase(1)** 2:38
**chilmark(5)** 23:2 23:2 23:6 24:19 25:20
**chilmark's(1)** 23:10
**chris(1)** 2:14
**chrysler(1)** 23:12
**circumstances(1)** 20:5
**claim(1)** 8:2
**claims(1)** 22:1
**clarification(1)** 24:16
**clarifications(1)** 28:22
**clearly(2)** 12:21 13:22
**cleary(1)** 1:30
**clerk(1)** 4:2
**close(5)** 5:20 5:20 6:13 6:15 9:7
**closing(9)** 5:25 6:14 7:14 9:8 9:10 9:24
14:10 16:14 17:7
**club(1)** 20:9
**columns(1)** 28:13
**combined(1)** 22:12
**comforted(1)** 9:1
**coming(3)** 7:15 14:20 23:7
**comments(5)** 16:19 23:19 23:22 24:25
**committee(3)** 2:5 12:4 12:15
**committee's(1)** 13:1
**company(2)** 20:23 22:8
**compared(1)** 16:13
**compensated(1)** 26:23
**compensation(2)** 26:11 26:23
**completion(1)** 9:11
**compliance(2)** 9:11 10:4
**conaway(2)** 2:26 10:15
**concern(1)** 13:2
**concerned(1)** 8:9
**concludes(1)** 20:17
**conclusion(1)** 20:13
**concurs(1)** 11:10
**condition(2)** 9:12 12:22
**conducted(1)** 19:24
**confidential(3)** 17:18 20:6 20:10
**confirm(2)** 10:11 11:2
**confirming(1)** 4:21
**confused(1)** 19:8
**connection(1)** 12:16
**consideration(2)** 5:23 24:12
**considered(1)** 20:9
**constituencies(1)** 25:1
**consulting(2)** 23:4 23:6
**contains(1)** 18:25
**contemplated(1)** 7:9
**contemplation(2)** 16:4 24:9
**contingency(1)** 10:4
**contingent(1)** 8:21
**continue(7)** 9:15 10:1 10:21 11:3 13:9
14:13 17:9
**continued(3)** 2:2 3:2 18:6
**continuing(1)** 15:14
**continuity(1)** 15:14
**contracts(1)** 26:4
**contributions(1)** 29:3
**coordinated(1)** 4:10
**copies(1)** 18:15
**correct(1)** 30:8

| Word | Page:Line |
|---|---|
| cost(9) | 8:6 8:10 8:11 9:5 9:16 9:18 9:19 10:2 13:2 |
| costs(4) | 8:17 8:25 13:6 16:3 |
| could(4) | 17:7 20:8 26:18 29:18 |
| counsel(6) | 3:4 4:15 10:7 10:8 11:20 11:21 |
| counterpart(2) | 11:16 11:23 |
| counterparty(1) | 7:21 |
| course(1) | 14:18 |
| court(80) | 1:1 4:3 4:12 4:23 4:24 5:1 5:5 5:7 5:14 5:17 5:17 5:21 6:8 6:11 6:23 7:3 10:13 10:23 11:8 12:1 12:5 12:8 12:12 14:3 14:6 14:8 14:18 14:20 15:25 16:20 17:23 18:1 18:3 18:13 18:17 18:19 20:1 20:2 20:3 20:19 20:23 21:2 21:4 21:8 21:10 21:12 21:17 21:21 22:2 22:11 22:16 22:19 22:22 23:3 23:18 23:24 24:4 24:14 24:20 24:23 25:3 25:9 25:17 25:23 26:1 26:9 26:14 26:19 26:25 28:18 28:24 29:2 29:2 29:11 29:13 29:17 29:20 29:23 30:1 30:4 |
| court's(1) | 4:8 |
| courtroom(3) | 1:9 13:1 25:4 |
| courtrooms(1) | 13:11 |
| courts(4) | 12:17 13:19 17:6 17:10 |
| cover(1) | 8:16 |
| covering(1) | 8:11 |
| create(1) | 13:5 |
| created(1) | 13:14 |
| creation(2) | 12:19 13:21 |
| credit(1) | 24:8 |
| crediting(3) | 24:7 28:8 |
| creditor(2) | 2:35 15:6 25:1 |
| creditors(4) | 2:4 12:3 12:15 13:1 |
| credits(1) | 27:3 |
| critical(1) | 13:19 |
| critically(2) | 13:5 13:11 |
| cross(2) | 4:17 19:25 |
| crossing(1) | 7:23 |
| cvas(1) | 26:5 |
| data(1) | 1:39 |
| date(3) | 14:1 27:9 30:14 |
| david(2) | 2:7 12:3 |
| davies(1) | 3:5 |
| day(6) | 6:2 6:4 6:6 21:2 26:5 26:11 |
| deal(9) | 9:5 9:10 13:9 13:9 23:7 26:16 27:15 28:7 28:12 |
| deals(7) | 12:22 14:17 16:2 26:22 27:8 27:10 28:12 |
| debtor(2) | 1:22 10:8 |
| debtors(15) | 1:11 6:2 7:11 8:18 8:18 9:1 9:13 9:14 9:17 11:2 18:7 18:8 23:6 24:19 27:23 |
| decided(2) | 9:9 29:9 |
| declaration(1) | 23:11 |
| defer(2) | 4:12 16:18 |
| delaware(10) | 1:2 1:11 4:1 4:15 4:20 4:23 11:18 13:1 20:1 20:18 |
| delay(1) | 21:14 |
| depending(3) | 16:5 24:10 24:11 |
| derek(1) | 1:24 11:1 |
| despite(1) | 14:11 |
| detail(1) | 15:18 |
| diaz(1) | 1:39 |
| did(3) | 5:12 5:20 17:5 |
| didn't(1) | 29:13 |
| different(5) | 5:24 6:19 6:25 7:16 7:17 |
| direct(2) | 27:11 28:14 |
| directing(1) | 27:24 |
| director(3) | 15:1 21:24 22:4 |
| director's(1) | 19:10 |
| directors(3) | 15:12 15:21 18:15 |
| discussed(1) | 4:18 |
| discussion(1) | 27:10 |
| discussions(2) | 25:13 25:15 |

| Word | Page:Line |
|---|---|
| dissemination(1) | 20:8 |
| distressed(1) | 23:13 |
| distribution(1) | 13:25 |
| district(1) | 1:2 |
| divestitures(1) | 15:8 |
| documentation(1) | 18:4 |
| does(2) | 25:3 28:24 |
| doing(1) | 22:9 |
| don't(7) | 4:10 9:6 15:18 17:23 21:25 26:16 29:4 |
| done(6) | 8:12 8:15 12:22 17:3 17:8 20:13 |
| down(5) | 8:1 15:16 29:9 29:10 29:15 |
| downside(1) | 8:10 |
| draft(1) | 19:17 |
| during(2) | 12:11 15:15 |
| duties(2) | 17:8 17:9 |
| e-m-e-a(1) | 6:22 |
| each(2) | 15:19 16:5 |
| easy(1) | 21:6 |
| ecro(1) | 1:37 |
| edocs(1) | 13:13 |
| effort(1) | 10:22 |
| eight(1) | 24:12 |
| eighth(2) | 26:22 27:14 |
| either(3) | 16:10 22:24 29:14 |
| electronic(2) | 1:44 30:9 |
| else(8) | 11:13 14:6 17:23 19:8 22:24 25:3 25:17 28:24 |
| emea(5) | 6:22 8:1 8:8 8:18 9:14 |
| employ(1) | 23:1 |
| employees(1) | 6:7 |
| end(9) | 4:4 8:12 11:9 14:14 17:21 20:17 21:13 21:16 26:3 |
| endorsement(2) | 14:20 19:23 |
| engagement(1) | 27:5 |
| enough(1) | 29:10 |
| ensure(2) | 15:10 15:13 |
| enter(3) | 18:9 18:20 29:7 |
| entered(3) | 16:1 22:15 22:24 |
| enterprise(4) | 21:15 26:15 27:16 28:15 |
| entities(3) | 7:19 9:2 9:20 |
| entry(1) | 14:25 20:13 |
| enumerated(1) | 16:6 |
| erickson(2) | 6:20 7:21 |
| ernst(1) | 2:44 |
| escrow(14) | 6:18 7:3 7:12 7:12 8:21 9:12 9:25 10:1 13:22 13:24 14:1 27:11 27:25 28:14 |
| escrows(2) | 27:10 28:15 |
| esq(9) | 1:24 1:32 2:7 2:14 2:20 2:28 2:37 2:45 3:7 |
| estate(4) | 6:9 11:3 13:15 17:15 |
| estate's(2) | 9:9 13:4 |
| estates(12) | 7:2 8:9 8:15 11:6 12:22 13:6 18:8 23:9 27:20 28:2 28:12 28:14 |
| europe(1) | 15:7 |
| european(1) | 7:22 |
| even(1) | 29:22 |
| eventually(1) | 7:11 |
| everyone(5) | 4:3 9:24 13:22 27:18 30:2 |
| everyone's(1) | 15:3 |
| everything(2) | 10:11 22:24 |
| evidence(2) | 11:15 17:21 |
| evidentiary(2) | 4:20 11:22 |
| exact(2) | 28:16 28:20 |
| exactly(2) | 21:17 29:12 |
| execution(2) | 8:21 13:21 |
| exhibit(2) | 28:4 28:5 |
| exist(1) | 24:18 |
| expand(1) | 24:17 |
| expected(1) | 6:15 |
| experienced(1) | 23:13 |
| expert(2) | 23:4 23:6 |
| expertise(1) | 25:20 |

| Word | Page:Line |
|---|---|
| experts(1) | 23:15 |
| explained(1) | 7:13 |
| exposure(1) | 13:3 |
| extent(1) | 7:5 |
| fact(7) | 5:20 7:24 8:5 17:3 18:6 27:8 28:13 |
| faith(10) | 9:4 9:15 10:2 10:20 10:22 11:3 13:9 13:18 14:13 17:5 |
| fallen(1) | 13:4 |
| fashion(1) | 7:6 |
| fee(4) | 24:7 24:8 24:10 26:24 |
| feel(1) | 9:1 |
| fees(16) | 26:13 27:2 27:3 27:4 27:7 27:11 27:12 27:23 27:24 28:2 28:7 28:7 28:9 28:10 28:23 29:5 |
| feld(1) | 2:6 |
| few(1) | 17:7 |
| figure(1) | 28:6 |
| filed(4) | 15:13 16:10 23:17 23:20 |
| filing(1) | 23:21 |
| final(3) | 9:4 9:6 14:11 |
| finger(1) | 5:23 |
| finish(2) | 9:15 10:2 |
| finnegan(4) | 2:28 10:14 10:15 10:23 |
| first(10) | 4:20 5:19 6:2 6:4 6:6 16:9 23:1 23:8 24:1 28:13 |
| floor(1) | 2:30 |
| following(3) | 19:22 23:21 |
| for(62) | 1:2 1:22 2:4 2:19 2:25 2:35 2:44 3:5 4:4 4:7 5:12 6:9 6:10 6:20 6:22 7:1 7:6 8:6 8:10 8:21 9:5 9:14 9:19 10:8 10:14 11:14 11:23 12:10 13:5 13:21 14:1 14:16 14:24 14:25 15:10 15:22 16:2 16:5 16:15 16:24 17:12 17:13 18:6 18:11 18:23 19:13 20:5 21:14 25:2 26:5 26:7 26:12 26:12 26:15 26:23 27:10 27:15 27:16 27:24 28:20 29:16 |
| foregoing(1) | 30:8 |
| form(6) | 18:22 18:24 19:5 20:12 25:14 26:16 |
| formal(2) | 20:13 24:25 |
| formally(1) | 14:25 |
| fort(1) | 29:15 |
| forth(5) | 8:15 15:23 16:11 23:5 23:11 |
| forum(1) | 13:11 |
| forward(3) | 4:22 17:7 22:10 |
| frankly(1) | 12:22 |
| from(18) | 4:22 7:24 9:19 9:25 10:6 11:5 11:9 11:15 12:3 14:20 16:13 17:3 19:5 20:17 24:4 25:1 29:24 30:9 |
| full(2) | 25:1 28:1 |
| fully(3) | 10:5 18:3 25:19 |
| fund(2) | 15:19 15:19 |
| funding(1) | 16:3 |
| funds(1) | 28:23 |
| further(7) | 7:13 11:11 16:19 17:21 20:18 24:11 29:23 |
| generally(1) | 21:12 |
| generated(1) | 22:10 |
| get(5) | 7:5 9:23 12:22 16:13 27:12 |
| gets(1) | 24:8 |
| getting(1) | 13:7 |
| give(2) | 5:17 14:10 |
| given(1) | 22:6 |
| globally(1) | 15:3 |
| goal(1) | 5:15 |
| goes(6) | 8:23 8:23 22:21 24:2 28:11 28:13 |
| going(6) | 5:2 5:10 8:24 9:14 22:10 27:19 |

| Word | Page:Line |
|---|---|
| good(31) | 4:3 4:5 4:6 4:13 4:14 4:15 5:8 5:9 9:4 9:15 10:2 10:13 10:14 10:20 10:22 11:1 11:3 12:2 12:5 12:6 12:13 12:14 13:9 13:18 14:13 16:22 17:5 21:2 21:2 25:9 30:2 |
| goodmans(1) | 2:44 |
| got(2) | 4:9 16:23 |
| gottlieb(1) | 1:30 |
| govern(1) | 15:20 |
| grant(2) | 25:21 29:7 |
| granted(2) | 20:10 20:11 |
| granting(1) | 17:10 |
| gross(10) | 1:17 4:14 4:18 7:14 11:25 12:2 12:25 17:22 20:2 20:16 |
| group(3) | 24:2 25:7 25:13 |
| gsm(1) | 6:14 |
| gsm-r(1) | 6:14 |
| guess(5) | 5:11 10:24 |
| gump(2) | 2:5 12:3 |
| had(6) | 6:5 6:17 8:15 21:19 21:23 29:21 |
| hadley(1) | 2:35 |
| half(1) | 22:14 |
| hamilton(1) | 1:30 |
| hand(3) | 19:2 19:2 23:23 |
| hands(1) | 6:14 |
| happen(1) | 27:3 |
| happens(1) | 22:21 |
| happy(1) | 11:3 |
| harmful(1) | 20:8 |
| harrisburg(1) | 1:41 |
| has(12) | 7:20 12:15 12:20 16:19 17:1 17:16 21:20 28:22 28:24 25:12 27:1 29:4 |
| hauer(1) | 2:5 |
| have(5) | 4:16 4:18 4:26 5:15 7:2 7:2 7:9 7:17 7:18 8:2 8:3 8:4 8:24 9:3 9:6 9:8 9:21 10:19 12:17 12:18 12:23 12:23 12:25 13:4 13:25 14:19 15:9 15:11 15:14 16:15 17:2 17:3 17:7 17:15 18:11 18:15 18:22 18:24 21:25 22:1 22:12 25:1 25:24 26:7 26:17 27:9 28:1 28:8 28:12 28:14 |
| haven't(1) | 22:13 |
| having(2) | 20:4 23:14 |
| he'll(2) | 29:10 29:11 |
| he's(1) | 29:15 |
| hear(2) | 11:18 13:8 |
| heard(7) | 12:6 14:7 17:24 22:14 25:4 28:25 29:1 |
| hearing(19) | 4:7 5:3 5:11 14:24 16:24 19:1 19:12 19:15 19:20 20:17 20:20 21:24 22:15 22:25 22:25 25:5 25:17 26:8 30:5 |
| hearings(1) | 20:14 |
| heartened(1) | 13:8 |
| helpful(1) | 22:19 |
| here(10) | 4:7 4:21 10:7 11:22 13:15 25:4 26:3 29:10 29:10 29:11 |
| him(1) | 22:4 |
| his(1) | 20:2 |
| history(1) | 16:24 |
| hold(2) | 9:8 9:10 |
| holding(1) | 19:15 |
| holiday(2) | 12:11 30:2 |
| honor(30) | 4:6 4:8 4:11 4:25 5:4 5:6 5:9 10:14 11:1 11:14 12:4 14:2 14:15 14:21 16:22 18:10 18:24 20:2 20:15 21:18 23:18 25:6 25:10 25:10 25:22 25:25 26:2 26:16 29:8 29:24 |
| honorable(1) | 1:17 |
| hope(1) | 5:11 |
| hopeful(1) | 26:6 |
| hoping(1) | 5:10 |
| horizon(1) | 15:10 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **hour**(1) 29:19 | | **layton**(1) 2:12 | | **motion**(19) 5:16 14:23 14:25 15:17 16:11 16:11 17:5 18:4 19:4 19:6 19:9 19:13 19:14 19:15 20:3 20:11 21:22 25:11 29:7 | | **organization**(2) 12:20 12:24 | |
| **how**(5) 4:9 13:23 21:6 27:20 28:6 | | **lazar**(2) 26:12 27:11 | | | | **original**(1) 6:17 | |
| **however**(1) 9:5 | | **lazard**(5) 26:23 26:23 27:4 28:21 29:4 | | | | **originally**(2) 24:10 26:16 | |
| **i'll**(3) 10:10 19:3 25:11 | | **lazard's**(1) 27:20 | | **motions**(1) 18:25 | | **other**(14) 6:18 6:19 7:17 7:18 7:24 8:11 9:20 11:5 13:11 18:25 21:20 22:5 28:11 29:5 | |
| **i'm**(10) 4:8 5:2 16:24 19:1 19:7 20:4 20:9 20:24 29:11 | | **least**(1) 27:8 | | **much**(4) 5:7 12:10 20:25 29:9 | | | |
| | | **length**(2) 23:5 23:11 | | **multi-jurisdictional**(1) 23:7 | | **others**(1) 15:6 | |
| **i've**(2) 10:11 20:9 | | **less**(3) 5:12 22:9 22:9 | | **murray**(1) 29:9 | | **otherwise**(1) 24:18 | |
| **idea**(1) 8:23 | | **let**(1) 4:12 | | **mysteries**(1) 22:20 | | **our**(12) 4:9 4:25 8:3 9:18 11:4 13:18 23:15 25:15 25:15 26:10 27:6 28:2 | |
| **identities**(1) 17:12 | | **let's**(1) 8:14 | | **names**(1) 18:14 | | | |
| **implication**(1) 25:16 | | **letter**(3) 16:2 18:5 27:5 | | **natural**(1) 15:9 | | **out**(10) 5:3 9:6 13:24 13:25 19:17 27:25 28:2 28:2 28:6 28:15 | |
| **important**(2) 13:5 13:12 | | **letters**(1) 27:9 | | **nature**(2) 14:16 14:17 | | | |
| **inc**(1) 1:7 | | **liability**(1) 13:3 | | **nbs**(1) 19:9 12:20 | | **over**(6) 5:23 6:5 7:23 15:13 20:2 26:7 | |
| **included**(1) 19:5 | | **liberty**(1) 1:33 | | **necessary**(4) 7:5 11:6 18:6 29:5 | | **own**(3) 7:20 8:11 23:15 | |
| **including**(1) 9:3 | | **light**(2) 15:8 16:17 | | **necessity**(1) 25:18 | | | |
| **increase**(1) 24:6 | | **like**(8) 6:17 7:18 10:17 15:9 22:10 23:13 26:18 29:18 | | **needs**(1) 24:11 | | **p.a**(1) 2:13 | |
| **increased**(1) 24:4 | | | | **negotiate**(4) 9:4 9:15 9:23 10:21 | | **p.o**(2) 1:26 2:31 | |
| **incurred**(1) 28:9 | | | | **negotiated**(3) 8:15 12:18 28:12 | | **paid**(5) 22:8 22:8 27:12 27:20 28:9 | |
| **incurring**(1) 8:10 | | **likewise**(1) 20:19 | | **negotiating**(1) 10:19 | | **paragraph**(5) 8:20 19:20 24:2 24:16 24:16 | |
| **indeed**(1) 18:7 | | **limit**(1) 24:18 | | **negotiation**(1) 27:19 | | | |
| **indemnity**(1) 15:23 | | **line**(1) 12:4 | | **negotiations**(1) 9:16 | | **paragraphs**(4) 19:14 19:16 20:12 28:17 | |
| **indenture**(3) 15:1 15:24 18:6 | | **linked**(1) 27:2 | | **networks**(3) 1:7 10:18 10:19 | | **parents**(1) 27:6 | |
| **independent**(1) 23:15 | | **lisa**(1) 1:32 | | **new**(6) 1:34 2:9 2:39 5:15 29:16 29:19 | | **park**(1) 2:8 | |
| **indirect**(1) 17:14 | | **little**(2) 6:18 19:7 | | **nice**(1) 29:21 | | **part**(7) 9:20 19:1 19:8 19:12 19:13 19:15 20:23 | |
| **individuals**(2) 15:11 17:2 | | **llp**(6) 1:23 1:31 2:6 2:27 2:36 2:44 | | **nichols**(1) 1:22 | | | |
| **inform**(1) 7:3 | | **long**(1) 9:13 | | **ninth**(3) 24:12 26:22 27:16 | | **particularly**(3) 7:19 14:12 27:8 | |
| **informal**(1) 23:22 | | **look**(1) 19:3 | | **nni**(8) 7:19 8:3 8:17 9:10 9:17 15:18 16:1 16:5 | | **parties**(7) 7:2 9:21 13:8 13:17 14:10 14:13 26:6 | |
| **information**(2) 4:16 20:7 | | **looks**(1) 29:18 | | | | | |
| **initial**(1) 16:3 | | **looped**(1) 27:21 | | | | **partners**(3) 23:2 23:2 | |
| **initiate**(1) 17:14 | | **lowered**(1) 22:7 | | **nml**(3) 15:19 16:1 16:5 | | **party**(1) 13:15 | |
| **intend**(1) 15:18 | | **m5b**(1) 2:48 | | **nominal**(1) 16:13 | | **pasierb**(1) 1:37 | |
| **intending**(2) 16:17 24:17 | | **madam**(1) 19:23 | | **non**(1) 15:12 | | **patrick**(1) 2:20 | |
| **interest**(2) 9:9 18:8 | | **made**(7) 10:9 11:23 21:19 28:22 29:4 29:19 29:20 | | **nortel**(10) 1:7 4:8 6:7 9:2 9:19 9:20 10:18 10:19 11:5 15:3 | | **pay**(1) 28:23 | |
| **interested**(1) 14:10 | | | | | | **payment**(1) 16:3 | |
| **into**(10) 6:18 6:25 7:12 10:1 11:15 14:25 15:19 16:1 17:2 24:2 | | **major**(1) 12:19 | | **nortel's**(1) 21:16 | | **pending**(1) 18:19 | |
| | | **make**(2) 10:17 11:13 | | **north**(6) 1:25 2:16 5:23 6:20 7:19 15:7 | | **pennsylvania**(1) 1:41 | |
| **ireland**(1) 10:19 | | **making**(1) 16:23 | | **not**(23) 4:11 6:1 6:4 7:19 8:8 9:8 9:9 9:22 13:13 13:14 15:6 17:7 17:13 18:25 19:1 19:12 20:4 21:16 21:24 24:17 26:17 29:9 29:24 | | **people**(4) 8:11 17:8 17:13 17:14 | |
| **issue**(5) 6:1 12:15 13:18 13:19 20:11 | | **manhattan**(1) 2:38 | | | | **per**(1) 28:7 | |
| **issues**(7) 4:19 10:21 10:22 11:4 13:10 21:12 23:9 | | **many**(2) 8:13 15:5 | | | | **percent**(2) 24:5 24:5 | |
| | | **march**(4) 1:13 4:1 5:20 30:13 | | | | **period**(1) 9:6 | |
| **it's**(18) 5:25 7:21 9:9 10:24 14:16 14:24 16:6 21:6 21:16 22:8 23:5 26:11 26:12 27:15 27:16 28:16 28:24 29:4 29:20 | | **maris**(2) 2:28 10:15 | | **notable**(1) 7:24 | | **periods**(1) 15:16 | |
| | | **market**(2) 1:10 1:25 | | **notably**(1) 23:12 | | **perspective**(1) 7:24 | |
| | | **matter**(5) 4:16 10:18 14:24 25:20 30:10 | | **nothing**(3) 4:21 11:11 17:20 | | **phillips**(1) 3:5 | |
| | | **matters**(2) 4:8 23:7 | | **noticed**(1) 29:14 | | **phone**(1) 10:9 | |
| **item**(2) 26:3 26:21 | | **may**(7) 5:4 5:5 11:6 11:17 11:18 18:18 18:19 | | **now**(11) 9:10 10:10 14:23 15:5 19:2 19:3 22:7 22:23 23:10 27:22 28:14 | | **place**(2) 12:23 12:24 | |
| **items**(1) 4:25 | | | | | | **placed**(2) 21:25 22:1 | |
| **its**(2) 7:20 15:4 | | | | | | **plaza**(2) 1:33 2:38 | |
| **itself**(4) 15:24 23:11 23:12 28:3 | | **mccloy**(1) 2:36 | | **number**(1) 28:14 | | **please**(4) 4:2 4:4 19:23 26:20 | |
| **jay**(1) 2:45 | | **mechanism**(1) 13:5 | | **objection**(4) 16:10 18:9 22:14 26:4 | | **pleasure**(1) 4:9 | |
| **jennifer**(1) 1:37 | | **men**(1) 15:19 | | **objections**(2) 23:20 29:6 | | **plenty**(1) 29:11 | |
| **joint**(15) 2:26 3:5 4:7 9:12 9:13 10:16 11:21 14:24 16:24 19:1 19:12 19:15 19:24 20:17 21:24 | | **might**(1) 12:6 | | **obligations**(1) 12:2 | | **podium**(1) 5:2 10:10 | |
| | | **mike**(2) 11:19 29:9 | | **obviously**(13) 7:25 8:3 9:3 9:17 10:8 13:5 13:24 16:9 23:8 23:15 28:8 28:19 29:6 | | **point**(6) 4:22 14:17 15:8 15:10 23:16 | |
| | | **milbank**(3) 2:35 25:6 | | | | **pop**(1) 28:10 | |
| | | **million**(4) 5:23 7:14 9:3 15:19 | | | | **portion**(3) 4:20 8:5 8:9 | |
| | | **mind**(1) 5:15 | | **occurred**(1) 15:9 | | **positions**(2) 15:15 17:2 | |
| **jointly**(2) 1:5 9:25 | | **minute**(3) 7:1 7:7 14:16 | | **off**(2) 21:7 22:21 | | **possible**(1) 6:3 | |
| **judge**(9) 1:18 4:14 4:18 11:25 12:22 12:25 17:21 20:2 20:16 | | **miss**(1) 20:20 | | **office**(1) 2:19 | | **post**(1) 19:14 | |
| | | **missed**(1) 29:9 | | **officer**(1) 22:4 | | **potential**(1) 13:3 | |
| | | **modification**(1) 13:13 | | **officers**(3) 15:12 15:21 18:15 | | **ppearances**(2) 1:20 2:1 | |
| **just**(14) 6:16 7:1 8:14 11:14 11:21 17:14 18:11 19:7 21:18 22:20 24:16 26:3 26:7 26:11 | | **money**(4) 7:12 8:23 9:25 27:25 | | **okay**(10) 5:14 11:12 11:24 17:17 19:7 19:23 22:2 24:14 24:20 26:9 | | **predominately**(1) 15:7 | |
| | | **monitor**(3) 9:13 10:8 11:10 | | | | **prepared**(5) 13:20 14:9 18:9 25:21 29:7 | |
| | | **monitor's**(1) 20:7 | | | | **presented**(1) 20:12 | |
| | | **month**(3) 6:13 24:12 27:17 | | **once**(1) 17:3 | | **presiding**(1) 20:2 | |
| **justice**(32) 4:7 4:11 4:12 4:14 4:24 10:25 11:7 11:9 11:12 11:17 11:24 12:13 14:2 14:5 14:19 16:21 17:17 17:20 17:25 18:2 18:20 18:22 19:3 19:7 19:11 19:16 19:19 19:22 20:16 20:19 20:24 21:3 | | **monthly**(5) 24:7 24:10 26:24 26:24 27:3 28:7 | | **one**(15) 1:33 2:8 2:15 2:38 7:12 10:1 12:16 13:22 13:24 18:1 22:3 23:18 24:10 25:17 26:10 | | **previously**(1) 19:25 | |
| | | **months**(1) 24:12 | | | | **price**(5) 5:23 6:3 7:14 8:1 8:3 | |
| | | **more**(3) 12:16 27:7 29:5 | | **ongoing**(1) 22:9 | | **prices**(3) 6:25 7:10 10:1 | |
| | | **morning**(20) 4:3 4:5 4:6 4:13 4:14 4:15 5:8 5:9 5:11 10:13 10:14 11:1 12:2 12:5 12:6 12:11 12:13 19:7 19:11 19:16 19:19 19:22 20:16 20:19 20:24 21:3 | | **only**(6) 5:20 9:22 14:24 16:25 27:18 28:16 | | **printed**(1) 19:17 | |
| **keller**(4) 2:37 25:6 25:6 25:10 | | | | **operations**(1) 18:7 | | **privileges**(1) 24:18 | |
| **kevin**(1) 1:17 | | | | **opposed**(1) 20:4 | | **pro-rata**(1) 16:4 | |
| **kind**(1) 16:7 | | | | **order**(29) 6:17 8:20 14:25 18:9 18:12 18:24 19:4 19:14 20:10 20:11 21:20 22:12 23:23 24:3 25:14 25:24 26:17 26:17 27:12 27:13 27:19 28:3 28:4 28:5 28:16 28:20 28:22 29:7 | | **problems**(2) 4:5 21:13 | |
| **king**(2) 2:16 2:21 | | **morowetz**(31) 4:7 4:11 4:12 4:14 4:24 10:25 11:7 11:9 11:12 11:17 11:24 12:14 14:2 14:5 14:19 16:21 17:17 17:25 18:2 18:22 19:3 19:7 19:11 19:16 19:19 19:22 20:16 20:19 20:24 21:3 | | | | **procedural**(1) 15:15 | |
| **know**(5) 4:10 8:3 8:8 8:8 17:23 28:8 | | | | | | **proceed**(5) 4:9 4:21 7:5 10:12 13:18 | |
| **larger**(2) 27:4 28:12 | | | | | | **proceeded**(1) 4:20 | |
| **last**(3) 14:16 24:16 26:10 | | | | | | **proceeding**(1) 1:16 1:44 4:23 9:21 15:6 20:3 30:10 | |
| **later**(4) 14:1 19:2 25:2 28:10 | | | | **orderly**(1) 16:14 | | | |
| **laughter**(3) 20:22 21:1 21:5 | | **morowetz's**(1) 18:20 | | **orders**(2) 18:16 18:21 | | **proceeds**(5) 6:17 6:18 8:7 13:23 28:1 | |
| **lawsuits**(1) 17:14 | | **morris**(1) 1:22 | | | | | |
| | | **most**(5) 13:2 13:16 15:6 23:8 23:12 | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **process**(3) 15:4 16:14 23:9 | | **resolved**(3) 4:26 23:22 24:25 | | **set**(9) 6:12 9:7 15:17 15:23 16:11 23:5 23:11 28:3 28:16 | | **taxes**(2) 22:5 22:9 | |
| **processes**(1) 16:6 | | **respect**(14) 7:3 8:25 10:18 13:23 17:18 19:10 20:10 20:12 24:19 26:4 27:7 27:13 27:19 28:23 | | | | **taylor**(2) 2:27 10:15 | |
| **produced**(1) 1:45 | | | | | | **technical**(2) 4:5 6:4 | |
| **prominent**(1) 23:8 | | | | **sets**(1) 28:11 | | **technology**(1) 21:13 | |
| **proposal**(2) 15:17 16:16 | | | | **share**(1) 13:6 | | **telephone**(1) 25:4 | |
| **protect**(2) 13:15 15:20 | | **respectfully**(1) 28:21 | | **sharing**(6) 8:22 9:5 9:16 10:2 13:21 27:7 | | **telephonic**(2) 2:42 3:1 | |
| **protection**(1) 15:6 | | **response**(2) 14:7 29:1 | | **sheet**(3) 8:16 8:19 10:20 | | **telephonically**(1) 12:10 | |
| **protections**(1) 17:10 | | **responsibility**(1) 16:2 | | **shortest**(1) 16:23 | | **term**(3) 8:16 8:19 10:19 | |
| **protects**(1) 22:4 | | **responsible**(1) 27:24 | | **shot**(1) 16:23 | | **terms**(6) 4:6 15:23 28:16 28:20 | |
| **protocol**(3) 4:18 19:25 23:9 | | **rest**(1) 6:21 | | **should**(3) 17:1 20:10 25:23 | | **test**(1) 20:9 | |
| **proud**(1) 6:10 | | **restructuring**(2) 15:15 16:14 | | **shoulders**(1) 13:4 | | **tey**(6) 10:25 11:1 11:1 16:21 16:22 17:19 17:8 11:11 11:12 11:24 12:1 12:9 12:9 14:1 14:2 14:3 14:5 14:21 16:20 17:20 18:10 19:19 20:15 20:16 20:24 21:3 22:16 22:19 23:24 23:25 25:10 25:17 25:22 25:25 26:2 26:20 29:8 29:24 30:1 30:3 30:4 | |
| **provide**(3) 12:20 12:21 13:16 | | **restructurings**(1) 15:4 | | **show**(1) 20:11 | | |
| **provided**(3) 6:17 7:18 12:21 | | **result**(2) 6:24 16:6 | | **side**(5) 3:52 16:2 18:5 27:9 | | |
| **provides**(2) 8:20 27:22 | | **retain**(2) 23:2 23:6 | | **sierra**(1) 20:9 | | |
| **provision**(1) 4:17 | | **retained**(1) 27:4 | | **sign**(1) 25:24 | | |
| **provisions**(1) 19:25 21:20 | | **retention**(5) 5:25 24:19 24:22 25:19 26:11 | | **signed**(3) 10:5 27:5 27:9 | | |
| **pull**(1) 28:15 | | | | **significant**(1) 6:6 | | |
| **purchase**(7) 5:23 6:3 6:25 7:10 8:1 8:2 10:1 | | **reviewed**(2) 20:4 25:14 | | **silent**(1) 18:2 | | |
| | | **revised**(1) 23:23 | | **similar**(2) 14:19 16:7 | | **than**(6) 5:12 6:19 7:16 12:16 28:2 29:5 | |
| | | **richards**(1) 2:12 | | **similarly**(1) 26:23 | | **thank**(41) 4:3 4:24 5:6 5:7 10:23 11:7 11:8 11:11 11:12 11:24 12:1 12:9 12:9 14:1 14:2 14:3 14:5 14:21 16:20 17:20 18:10 19:19 20:15 20:16 20:24 21:3 22:16 22:19 23:24 23:25 25:10 25:17 25:22 25:25 26:2 26:20 29:8 29:24 30:1 30:3 30:4 | |
| **purchases**(1) 7:10 | | **right**(32) 9:10 10:10 10:13 10:23 14:3 14:8 15:5 16:20 17:19 17:24 18:8 18:17 19:11 19:16 19:19 19:22 21:11 21:17 22:11 22:16 22:22 23:25 24:6 24:23 25:3 26:1 27:22 28:24 29:2 29:10 29:17 30:1 | | **since**(1) 9:2 | | |
| **purposes**(1) 9:19 | | | | **single**(1) 8:21 | | |
| **put**(3) 6:25 7:4 11:15 | | | | **sir**(1) 21:2 | | |
| **qualified**(1) 23:10 | | | | **skill**(1) 25:19 | | |
| **questions**(2) 17:16 17:16 | | | | **smooth**(2) 5:24 20:20 | | |
| **quick**(2) 5:11 22:25 | | | | **some**(6) 4:18 7:17 10:20 13:11 17:16 27:8 | | |
| **quite**(1) 13:8 | | **rights**(3) 9:18 11:4 13:23 | | **somebody**(1) 11:18 | | |
| **rain**(1) 29:21 | | **rise**(1) 4:2 | | **something**(1) 19:8 | | **that**(131) 4:10 4:16 4:21 4:22 5:10 5:19 5:22 5:24 6:1 6:5 6:6 6:9 6:10 6:15 6:17 6:19 6:24 7:3 7:8 7:8 7:9 7:11 7:12 7:25 8:1 8:2 8:4 8:5 8:10 8:12 8:12 8:14 8:23 8:24 9:2 9:8 9:14 9:24 9:24 10:1 10:3 10:4 10:6 10:10 10:18 11:2 11:10 11:18 12:16 12:18 13:2 13:8 13:25 14:1 14:1 14:12 14:13 14:15 14:18 15:8 15:10 15:14 15:14 15:18 15:21 16:2 16:5 16:12 16:13 16:17 16:24 17:1 17:4 17:5 17:10 18:4 18:24 19:5 19:12 19:13 20:4 20:6 20:9 20:17 20:17 20:21 21:12 21:19 21:20 21:22 21:22 22:1 22:4 22:2 22:7 22:14 22:15 22:15 22:19 23:9 23:14 23:17 23:22 23:22 24:4 24:17 24:18 25:15 25:20 26:6 26:7 26:12 26:17 27:3 27:8 27:9 27:17 27:18 27:22 27:25 28:1 28:4 28:5 28:13 28:13 28:20 28:21 29:3 29:19 30:8 | |
| **raised**(2) 12:15 12:25 | | **risk**(1) 8:10 | | **soon**(1) 29:9 | | |
| **raising**(1) 13:18 | | **road**(1) 8:1 | | **sort**(1) 6:21 | | |
| **rather**(2) 9:8 28:2 | | **robin**(2) 3:7 11:20 | | **sought**(2) 17:10 27:14 | | |
| **reach**(2) 9:4 26:6 | | **rodney**(1) 12:3 | | **sound**(2) 1:44 30:9 | | |
| **reached**(2) 7:2 9:24 | | **roles**(1) 15:23 | | **source**(1) 28:23 | | |
| **ready**(5) 4:9 6:2 6:4 6:6 19:23 | | **ruling**(1) 18:20 | | **spend**(1) 16:12 | | |
| **real**(1) 16:23 | | | | **square**(1) 2:15 | | |
| **really**(1) 28:16 | | **said**(4) 7:8 7:13 10:11 17:1 | | **squarely**(1) 13:4 | | |
| **reason**(1) 7:16 | | **sale**(22) 5:19 6:1 6:12 6:14 6:15 6:17 6:18 6:25 7:8 7:13 7:14 7:16 7:25 8:12 8:15 8:20 16:6 16:14 21:15 26:5 27:17 28:3 | | **stakeholders**(2) 17:4 20:8 | | |
| **receipt**(1) 5:22 | | | | **stam**(7) 3:22 18:24 19:4 19:12 19:18 19:20 20:15 | | |
| **receive**(1) 16:5 | | | | | | |
| **received**(3) 17:3 23:22 24:25 | | | | **stand**(2) 5:10 30:2 | | **that's**(13) 6:12 8:8 16:10 16:12 17:15 17:17 17:19 21:17 24:24 26:5 27:19 28:3 29:21 | |
| **recently**(1) 23:12 | | **sales**(6) 6:19 7:17 7:18 8:14 15:4 27:2 | | **stargatt**(2) 2:26 10:15 | | |
| **recess**(1) 30:2 | | **sam**(1) 19:9 | | **start**(1) 4:22 | | **that's**(1) 21:11 | |
| **recipient**(1) 8:7 | | **same**(1) 21:23 | | **state**(1) 22:6 | | |
| **recognized**(1) 17:1 | | **samis**(1) 2:14 | | **statement**(1) 10:17 | | |
| **record**(9) 7:4 10:15 10:17 11:14 11:22 11:23 18:11 19:6 20:4 | | **satisfied**(5) 18:3 20:4 20:6 20:9 25:19 | | **statements**(3) 11:15 11:23 14:9 | | |
| | | **satisfying**(1) 27:24 | | **states**(5) 1:1 1:18 2:19 2:25 23:19 | | |
| **recorded**(1) 1:44 | | **say**(6) 5:10 17:15 21:16 25:23 29:5 29:19 | | **statutory**(1) 22:5 | | |
| **recording**(2) 1:44 30:9 | | **scheduled**(2) 5:19 14:24 | | **steen**(1) 1:30 | | |
| **recover**(1) 9:18 | | **schuylkill**(1) 1:40 | | **step**(2) 11:18 17:2 | | |
| **reference**(2) 8:19 21:19 | | **schweitzer**(53) 1:32 5:3 5:7 5:9 5:15 5:22 6:9 6:12 6:24 14:15 14:21 16:1 16:20 16:25 18:10 18:14 18:18 21:6 21:9 21:11 21:15 21:18 21:22 22:3 22:12 22:16 22:18 22:20 22:23 23:4 23:24 24:1 24:6 24:15 24:21 24:24 25:12 25:22 25:25 26:2 26:10 26:15 26:19 26:21 27:1 28:19 29:8 29:12 29:15 29:18 29:22 29:24 30:3 | | **stepped**(1) 17:8 | | |
| **reflected**(1) 25:12 | | | | **stepping**(1) 17:6 | | |
| **reflects**(3) 25:15 28:4 28:5 | | | | **still**(1) 10:20 | | |
| **reimbursements**(1) 11:5 | | | | **strauss**(1) 2:5 | | |
| **relate**(1) 19:14 | | | | **street**(7) 1:10 1:25 1:40 2:16 2:21 2:30 2:46 | | |
| **related**(3) 9:18 15:1 18:25 | | | | | | |
| **relates**(3) 19:4 19:21 21:24 | | **schwill**(5) 3:7 11:13 11:14 11:20 11:20 | | **strong**(1) 8:4 | | |
| **relating**(1) 13:3 | | **sealing**(6) 17:12 17:17 18:11 18:14 19:21 20:10 | | **subject**(7) 7:13 7:15 19:13 20:18 22:15 27:5 28:22 | | |
| **relief**(3) 18:25 20:5 22:14 | | | | | | |
| **relying**(2) 17:5 17:9 | | **season**(1) 12:11 | | **subsidiaries**(1) 15:13 | | |
| **remainder**(1) 20:20 | | **seasons**(1) 6:13 | | **substantial**(4) 8:2 8:5 13:25 29:3 | | |
| **remains**(1) 19:5 | | **seated**(1) 4:4 | | **substantive**(2) 10:20 28:17 | | |
| **remarkable**(1) 29:20 | | **second**(2) 6:12 22:14 | | **substantively**(1) 9:22 | | |
| **report**(1) 20:7 | | **see**(1) 5:25 | | **success**(1) 24:8 | | |
| **reporter**(1) 19:23 | | **seek**(2) 11:5 23:6 | | **successfully**(1) 12:17 | | |
| **representation**(2) 7:4 10:9 | | **seen**(1) 16:7 | | **suggestion**(1) 28:1 | | |
| **representativ**(1) 10:6 | | **sellers**(3) 5:24 6:2 7:11 | | **suite**(2) 2:21 2:47 | | |
| **representatives**(1) 8:17 | | **sensitive**(1) 20:7 | | **sun**(1) 29:21 | | |
| **request**(3) 20:5 24:2 28:21 | | **sensitizing**(1) 13:19 | | **support**(4) 16:15 17:4 25:1 25:16 | | |
| **required**(1) 13:16 | | **sentence**(1) 24:17 | | **supporting**(1) 18:4 | | |
| **requirement**(1) 13:20 | | **separate**(2) 7:10 8:15 | | **suppose**(1) 19:20 | | |
| **requitals**(1) 28:17 | | **serve**(2) 15:11 15:22 | | **sure**(4) 19:1 20:24 22:18 29:11 | | |
| **reserve**(2) 9:17 11:4 | | **service**(2) 1:39 1:45 | | **switch**(1) 22:21 | | |
| **reserves**(2) 13:14 13:22 | | **services**(17) 1:39 7:18 7:20 7:21 7:23 8:6 8:16 8:22 9:18 12:18 12:20 12:23 13:2 13:3 13:16 14:11 15:22 | | **take**(3) 5:12 7:6 19:3 | | |
| **reset**(1) 24:10 | | | | **taking**(1) 28:7 | | |
| **resolution**(2) 13:10 13:12 | | | | **talking**(2) 5:12 22:13 | | |
| **resolve**(3) 10:21 10:22 11:4 | | | | **target**(1) 17:13 | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **the**(301) | 1:1 1:2 1:17 2:4 2:19 2:29 4:2 4:3 4:4 4:7 4:8 4:8 4:12 4:16 4:17 4:17 4:20 4:23 4:23 4:24 5:1 5:2 5:3 5:3 5:5 5:7 5:12 5:14 5:16 5:17 5:17 5:19 5:21 5:24 6:2 6:5 6:5 6:7 6:8 6:9 6:9 6:11 6:12 6:13 6:14 6:14 6:16 6:17 6:19 6:20 6:20 6:21 6:22 6:22 6:23 6:25 7:2 7:2 7:4 7:5 7:8 7:11 7:11 7:12 7:13 7:14 7:15 7:16 7:16 7:19 7:22 7:24 7:24 7:25 8:1 8:2 8:5 8:5 8:6 8:6 8:7 8:7 8:9 8:10 8:12 8:12 8:14 8:15 8:15 8:16 8:17 8:17 8:18 8:19 8:20 8:21 8:22 8:23 9:1 9:2 9:5 9:8 9:9 9:9 9:10 9:11 9:12 9:12 9:13 9:13 9:13 9:14 9:16 9:17 9:18 9:18 9:20 9:21 9:23 9:25 9:25 10:2 10:4 10:6 10:8 10:8 10:9 10:9 10:10 10:11 10:13 10:14 10:16 10:16 10:17 10:19 10:23 11:2 11:2 11:5 11:15 11:8 11:10 11:14 11:15 11:16 11:19 11:21 11:21 11:23 11:23 12:1 12:3 12:4 12:5 12:8 12:11 12:12 12:15 12:16 12:18 12:19 12:19 12:20 12:21 13:1 13:1 13:2 13:4 13:7 13:8 13:10 13:12 13:12 13:15 13:15 13:16 13:17 13:19 13:20 13:20 13:20 13:20 13:20 13:20 13:20 13:25 14:3 14:6 14:8 14:9 14:9 14:10 14:11 14:12 14:12 14:16 14:16 14:18 14:19 14:23 14:24 14:25 14:25 14:25 15:1 15:1 15:4 15:4 15:5 15:8 15:8 15:9 15:9 15:10 15:11 15:11 15:12 15:13 15:14 15:15 15:17 15:17 15:20 15:22 15:23 15:24 15:25 16:2 16:3 16:5 16:10 16:11 16:12 16:13 16:16 16:18 16:20 16:23 16:25 17:3 17:4 17:7 17:10 17:10 17:12 17:13 17:15 17:17 17:23 18:1 18:3 18:3 18:4 18:4 18:5 18:5 18:6 18:7 18:7 18:8 18:9 18:11 18:11 18:12 18:13 18:14 18:15 18:17 18:19 19:1 19:4 19:5 19:5 19:10 19:12 19:13 19:13 19:14 19:14 19:15 19:15 19:17 19:21 19:22 19:24 19:25 20:1 20:2 20:3 20:4 20:5 20:5 20:6 20:7 20:9 20:11 20:12 20:13 20:13 20:13 | **there**(29) | 5:16 6:1 6:16 6:19 6:20 6:21 6:24 7:1 7:8 7:9 8:13 10:6 10:20 13:13 13:14 18:8 21:20 22:13 23:17 23:20 23:21 24:9 26:16 26:17 27:2 27:9 27:14 27:18 29:6 | **two**(9) | 5:16 6:19 6:25 7:9 7:17 9:25 22:25 23:21 28:13 | **will**(21) | 4:22 10:21 12:21 13:9 13:11 13:23 13:25 14:13 15:19 15:19 15:20 17:6 17:9 18:20 20:13 20:20 20:21 20:24 22:15 25:20 25:24 |
| | | **there's**(19) | 4:21 6:3 7:22 16:3 16:4 16:9 17:20 21:22 22:9 22:20 23:14 24:7 24:8 24:15 27:6 27:13 27:17 27:25 28:4 | **u.k**(3) | 10:7 10:16 10:18 | **willing**(4) | 9:11 10:3 10:11 15:11 |
| | | | | **u.s**(20) | 2:19 7:24 8:9 9:1 9:17 11:16 11:23 13:1 13:4 13:13 13:25 16:10 16:19 18:12 20:1 20:3 21:23 23:14 25:2 27:5 | **wilmington**(6) | 1:11 1:27 2:17 2:22 2:32 |
| | | | | | | **wind**(1) | 15:15 |
| | | | | **ucc**(2) | 8:17 9:11 | **wiring**(1) | 5:12 |
| | | | | **ultimate**(4) | 8:7 8:7 13:12 16:2 | **wish**(4) | 20:20 25:3 28:24 30:2 |
| | | | | **unanimous**(1) | 16:15 | **wished**(1) | 17:24 |
| | | | | **unchanged**(2) | 18:16 19:5 | **wishing**(1) | 11:13 |
| | | | | **under**(1) | 29:19 | **with**(38) | 4:10 4:17 4:22 7:3 7:20 7:22 8:9 8:25 9:3 9:11 10:4 10:18 11:10 12:16 12:19 12:25 13:23 14:12 16:2 17:18 19:9 19:24 20:12 20:21 23:7 24:19 25:13 25:16 25:19 26:4 26:22 27:7 27:13 27:18 27:19 28:21 28:22 29:13 |
| | | **therefore**(2) | 16:15 24:25 | **underpayment**(1) | 22:5 | | |
| | | **these**(23) | 11:4 11:22 12:17 12:19 12:22 12:23 13:6 13:10 13:10 14:17 15:12 15:15 15:20 15:22 16:3 17:1 17:2 17:8 17:13 26:4 27:4 27:22 28:1 | **understand**(2) | 24:24 25:18 | | |
| | | | | **understanding**(1) | 14:12 | **withdraw**(1) | 27:25 |
| | | | | **understands**(1) | 21:19 | **without**(2) | 8:11 17:6 |
| | | **they**(11) | 7:9 8:2 10:10 10:21 17:3 17:4 17:5 18:16 21:19 22:7 22:12 | **united**(5) | 1:1 1:18 2:19 2:25 23:19 | **witnesses**(2) | 16:18 23:15 |
| | | | | **unless**(2) | 16:18 17:15 | **wonderful**(2) | 5:21 6:8 |
| | | **they'll**(2) | 15:14 15:21 | **unopposed**(1) | 4:17 | **work**(5) | 9:15 10:2 11:3 14:13 24:13 |
| | | **they're**(4) | 9:14 17:9 22:13 23:13 | **updates**(1) | 5:17 | **working**(5) | 9:4 9:22 11:5 23:10 23:12 |
| | | **thing**(1) | 16:25 | **upon**(5) | 13:17 13:18 14:9 17:10 29:6 | **world**(3) | 6:21 15:13 23:14 |
| | | **things**(2) | 9:3 23:1 | **ups**(1) | 16:8 | **worldwide**(2) | 15:5 16:14 |
| | | **think**(6) | 5:10 16:23 20:21 21:12 22:23 | **use**(1) | 27:10 | **would**(17) | 4:19 6:2 6:18 7:11 7:11 7:12 7:14 9:8 9:24 9:25 10:1 10:17 16:25 17:4 27:20 28:7 28:19 |
| | | **thinks**(1) | 23:14 | **used**(1) | 28:23 | | |
| **the**(177) | 20:17 20:19 20:23 21:2 21:4 21:8 21:10 21:11 21:12 21:12 21:13 21:13 21:14 21:15 21:17 21:21 21:22 21:23 22:2 22:3 22:6 22:6 22:7 22:8 22:9 22:11 22:14 22:16 22:19 22:21 22:22 23:1 23:1 23:3 23:5 23:6 23:7 23:8 23:8 23:9 23:9 23:11 23:11 23:13 23:13 23:14 23:18 23:19 23:21 23:24 24:1 24:2 24:2 24:3 24:4 24:6 24:7 24:9 24:11 24:12 24:14 24:15 24:17 24:19 24:20 24:23 24:25 25:1 25:2 25:3 25:4 25:4 25:7 25:9 25:12 25:13 25:13 25:14 25:14 25:16 25:17 25:18 25:18 25:19 25:20 25:21 25:23 25:23 25:24 26:1 26:3 26:4 26:5 26:6 26:6 26:9 26:11 26:12 26:14 26:15 26:19 26:22 26:25 27:2 27:2 27:3 27:3 27:4 27:7 27:8 27:8 27:10 27:10 27:11 27:11 27:11 27:12 27:14 27:15 27:16 27:18 27:19 27:20 27:23 27:24 27:25 28:1 28:2 28:8 28:9 28:9 28:12 28:13 28:13 28:14 28:15 28:16 28:17 28:18 28:20 28:20 28:22 28:22 28:23 28:24 29:2 29:2 29:3 29:5 29:7 29:9 29:11 29:13 29:16 29:17 29:20 29:21 29:21 29:23 30:1 30:4 30:5 30:8 30:9 30:10 | **this**(50) | 4:4 4:16 5:10 5:11 6:13 6:18 7:5 8:13 8:21 9:5 9:6 9:10 9:16 9:22 10:4 10:18 12:2 12:10 12:15 12:23 13:18 13:19 13:21 13:24 14:17 14:20 15:10 15:19 16:11 16:23 17:4 17:6 17:21 19:4 19:8 19:24 20:2 20:3 20:17 22:25 22:25 23:15 25:7 25:14 25:16 26:21 27:13 28:11 29:4 29:14 | **usual**(1) | 7:15 | **year**(1) | 24:11 |
| | | **thomas**(1) | 2:37 | **value**(1) | 23:14 | **yes**(19) | 5:1 6:11 6:23 11:20 12:8 12:12 15:25 18:13 19:9 19:18 21:10 21:21 23:3 23:24 25:9 26:14 26:19 26:25 28:18 |
| | | **those**(12) | 10:22 12:20 13:2 13:3 13:6 18:16 18:20 23:23 27:7 27:10 27:20 27:21 | **various**(4) | 15:8 15:12 15:22 17:4 | **yonge**(1) | 2:46 |
| | | | | **very**(7) | 5:7 5:24 12:10 13:19 20:25 22:19 23:10 | **york**(5) | 1:34 2:9 2:39 29:16 29:19 |
| | | | | | | **you**(70) | 4:3 4:24 5:5 5:6 5:7 7:6 7:17 7:18 8:3 8:8 10:23 11:5 11:10 11:11 11:12 11:17 11:17 11:18 11:24 12:9 12:10 14:2 14:2 14:3 14:5 14:21 16:20 17:20 18:10 18:19 18:22 19:1 19:19 19:23 20:15 20:16 20:20 20:20 20:24 20:24 21:3 21:25 22:1 22:16 22:19 23:23 23:24 23:25 24:17 25:10 25:17 25:22 25:25 25:25 26:2 26:18 26:20 26:25 28:1 28:21 29:8 29:13 29:14 29:18 29:25 30:1 30:3 30:3 30:4 |
| | | **thought**(1) | 4:19 | **view**(1) | 8:4 | | |
| | | **three**(1) | 28:17 | **views**(1) | 8:4 | | |
| | | **through**(9) | 4:26 5:16 7:6 8:14 9:22 15:18 23:10 23:23 26:18 | **vineberg**(1) | 3:6 | | |
| | | | | **waive**(3) | 9:11 10:3 13:20 | | |
| | | **time**(9) | 5:12 8:12 8:14 9:2 12:16 21:23 25:8 29:14 29:19 | **walk**(2) | 23:23 26:18 | **you'll**(2) | 5:25 7:6 |
| | | | | **want**(5) | 11:17 11:17 11:18 17:14 19:1 | **you're**(1) | 24:21 |
| | | **times**(1) | 9:6 | **wanted**(4) | 5:17 6:16 7:1 7:3 | **you've**(2) | 4:10 24:4 |
| | | **tinker**(1) | 2:20 | **ward**(1) | 3:5 | **your**(34) | 4:6 4:8 4:11 4:25 5:4 5:6 5:9 7:3 7:5 10:14 11:1 11:9 11:14 12:9 14:2 14:15 14:21 16:22 18:10 18:24 20:15 20:20 21:18 23:18 23:18 25:6 25:10 25:10 25:22 25:25 26:2 26:16 29:8 29:24 |
| **their**(9) | 7:10 8:11 10:9 13:22 15:22 17:8 17:9 24:21 26:12 | **today**(19) | 4:7 6:1 6:15 7:14 9:7 9:7 10:7 14:10 14:24 16:18 17:6 17:7 17:11 19:13 20:14 23:18 24:17 24:22 26:11 | **was**(28) | 5:9 5:19 5:22 5:24 6:1 6:6 6:16 6:20 6:21 7:8 7:8 8:12 8:13 8:15 14:24 19:5 20:3 21:22 22:13 22:19 23:17 24:1 24:10 26:3 26:16 26:17 27:4 30:5 | | |
| **them**(6) | 6:10 10:10 17:6 17:13 25:16 28:8 | **together**(2) | 5:13 8:24 | | | | |
| **themselves**(2) | 9:21 28:1 | **tom**(1) | 25:6 | **wasn't**(1) | 16:17 | | |
| **then**(14) | 4:20 4:21 9:2 10:3 19:20 22:23 24:7 24:8 24:15 27:1 27:15 27:17 28:4 28:9 | **too**(2) | 29:21 30:3 | **way**(5) | 10:11 17:14 17:21 27:6 28:9 | | |
| | | **toronto**(1) | 2:48 | **we'd**(2) | 9:7 26:18 | | |
| | | **towards**(1) | 14:13 | **we'll**(5) | 5:12 15:10 15:14 16:13 30:1 | | |
| | | **traci**(1) | 30:14 | **we're**(8) | 4:7 6:10 8:24 9:6 9:7 10:11 18:14 28:20 | | |
| | | **transaction**(4) | 27:1 27:4 27:23 28:10 | | | | |
| | | **transactions**(3) | 12:16 12:19 26:12 | **we've**(8) | 4:9 9:9 16:7 16:23 17:12 22:25 25:14 29:21 | | |
| | | **transcriber**(1) | 30:15 | | | | |
| | | **transcript**(1) | 1:16 1:45 30:9 | **wednesday**(1) | 4:1 | | |
| | | **transcription**(2) | 1:39 1:45 | **week**(1) | 21:2 | | |
| | | **transfer**(1) | 6:5 | **weeks**(1) | 17:7 | | |
| | | **transition**(11) | 7:18 7:20 7:21 7:23 8:6 8:16 8:22 8:25 12:18 12:23 14:11 | **well**(12) | 5:18 9:1 12:1 12:14 14:8 15:3 18:3 23:10 23:13 25:4 29:2 29:3 | | |
| | | **tremendous**(1) | 12:24 | **were**(12) | 6:3 6:6 6:19 6:24 7:9 8:1 8:9 8:13 10:3 23:20 23:21 23:22 | | |
| | | **trick**(1) | 21:11 | | | | |
| | | **true**(2) | 16:4 16:7 | **west**(1) | 2:30 | | |
| | | **trust**(3) | 15:1 15:20 18:5 | **what**(8) | 16:7 16:15 16:25 19:8 22:8 22:13 22:21 27:22 | | |
| | | **trustee**(4) | 2:19 2:19 23:19 25:2 | | | | |
| | | **trying**(1) | 9:22 9:23 | **where**(6) | 8:20 9:6 15:8 22:6 24:21 28:20 | | |
| | | **tsa**(9) | 9:5 9:12 9:16 9:18 9:23 10:2 10:4 10:19 13:21 | **whereas**(1) | 8:3 | | |
| | | | | **whereupon**(1) | 30:5 | | |
| | | | | **whether**(6) | 6:2 8:8 13:10 13:13 13:14 | | |
| | | | | **which**(10) | 5:19 9:19 13:15 14:23 15:20 20:8 22:13 23:18 23:18 26:10 | | |
| | | **tunnell**(1) | 1:22 | | | | |
| | | **turn**(3) | 10:24 14:23 21:7 | **while**(2) | 7:25 9:8 | | |
| | | **turning**(1) | 21:9 | **who**(6) | 6:22 10:9 13:6 17:2 17:14 18:15 | | |
| | | **tweed**(1) | 2:35 | **whoever**(1) | 8:6 | | |