IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- X
                                                         :
                                                         :   Chapter 11
                                                         :
*In re*                                                  :
                                                         :   Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                       :
                                                         :   Jointly Administered
                  Debtors.                               :
                                                         :   RE: D.I. 2899
                                                         :
-------------------------------------------------------- X

**ORDER AUTHORIZING (I) THE TERMINATION OF CERTAIN LEASES WITH HEWLETT PACKARD FINANCIAL SERVICES *NUNC PRO TUNC* TO FEBRUARY 17, 2010, AND (II) THE ASSIGNMENT TO AVAYA INC. OF CERTAIN RIGHTS THERETO**

Upon the motion (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a)(i) authorizing the termination of certain equipment lease schedules (the "HPFS Lease Schedules") held by Hewlett Packard Financial Services ("HPFS") as to certain computer and related office equipment (the "Buyout

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion, or if not defined in the Motion, shall have the meanings ascribed to such terms in the Sale Motion.

Equipment") *nunc pro tunc* to February 17, 2010, (ii) assigning to Avaya Inc. ("Avaya" or the "Purchaser") the rights to purchase the Buyout Equipment; and (b) granting them such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The relief requested in the Motion is GRANTED.

2. Pursuant to Bankruptcy Code sections 105(a) and 363(b), the Debtors' termination of the HPFS Lease Schedules with HPFS as to the Buyout Equipment and the assignment of the Buyout Equipment to Avaya is hereby approved *nunc pro tunc* to February 17, 2010. Debtors are hereby authorized to execute and perform under the HPFS Assignment Agreement for all of the Buyout Equipment and any other agreement executed in connection with the termination of the HPFS Lease Schedules and assignment of the right to sell the Buyout Equipment, and to execute and deliver to the Purchaser such documents or other instruments as may be necessary to effect such transactions.

3. This Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rules 6004 or any other provision of the Bankruptcy Code or the Bankruptcy Rules is expressly lifted.

4. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

5. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: May 19, 2010
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE