# **Exhibit D**



# NONDISCLOSURE AGREEMENT

THIS NONDISCLOSURE AGREEMENT ("NDA") is entered into by and between Verizon Corporate Services Group Inc., and Nortel Networks Inc. ("NNI"), with respect to the Proof of Claim filed by "The Affiliates of Verizon Communications Inc." ("Verizon") against NNI on September 30, 2009 (the "Proof of Claim") in the Chapter 11 Case entitled In re Nortel Networks Inc., et al., Case No. 09-10138 (KG) (Bankr. D. Del.) (the "Chapter 11 Case");

WHEREAS, NNI has requested that Verizon provide certain information concerning the basis for the Proof of Claim, so that NNI can assess the validity of the Proof of Claim in connection with the claims allowance process in the Chapter 11 Case, determine whether to allow, in whole or part, object, in whole or part, move to disallow, in whole or part, or how to otherwise respond to the Proof of Claim; andWHEREAS, Verizon believes that the information NNI has requested may include "Confidential Information" as defined herein, and wishes to limit the use and disclosure by NNI of such Information.

NOW, THEREFORE, in consideration of such disclosure and in further consideration of the promises and obligations set forth below, the Parties agree as follows:

1. <u>Confidential Information Defined</u>.  As used in this NDA, the term "Confidential Information" shall mean any and all data, devices, information, or materials in written, graphic, electronic, visual, oral or other tangible or intangible form, including but not limited to technical, customer, personnel, financial and/or business information, provided or made available by Discloser to Recipient and (i) identified in good faith as confidential by the Discloser, or (ii) is of such a nature that it would be reasonably understood to constitute confidential information of Discloser. Confidential Information shall also include any tangible work product created by Recipient, which work product incorporates the Confidential Information provided or made available by Discloser to Recipient.

2. <u>Excluded Information.</u>  Notwithstanding Section 1 above, Confidential Information shall not include, and this NDA shall impose no obligation on Recipient to protect or otherwise hold in confidence, that portion of any information that: (a) prior to its disclosure by Discloser, is lawfully and rightfully known by or available to the Recipient, without restriction on use or disclosure, as evidenced by prior written records or other evidence in the possession of or available to either the Discloser of the Recipient; (b) through no breach of this NDA or fault on the part of the Recipient, is or hereafter becomes publicly known or available; (c) is developed by the Recipient independently from and without access to Confidential Information, as evidenced by prior written records or other evidence in the possession of or available to the Recipient; (d) is lawfully received by the Recipient from a third party without restriction on use or disclosure and without breach of this NDA or any other agreement, or breach of any fiduciary obligation or obligation of confidentiality to Discloser; or (e) is approved in writing and in advance by Discloser for public release or use without restriction.

3. <u>Use of Confidential Information.</u> Recipient agrees that it shall use Confidential Information of the Discloser provided pursuant to this Agreement solely for the purposes described above. To the extent that Recipient wishes to file such Information publicly in the Bankruptcy Court in connection with an objection, motion or any other pleading concerning the Proof of Claim or any other dispute with Verizon, it shall be permitted to do so only if it provides counsel for Verizon with no less than seven (7) days notice of its intention to do so, to provide Verizon with an opportunity to seek relief from the Bankruptcy Court, if it so desires, to prevent such public filing of Confidential Information. In the event that Verizon either consents to such public filing or fails to seek relief from the Bankruptcy Court during such seven day period, Recipient shall be free to make such public filing.  In the event that during such seven day period, Verizon files an application with the Bankruptcy Court to prevent Recipient from making such public filing, then Recipient shall not make such public filing unless and until Verizon consents or the Bankruptcy Court authorizes it to do so. Nothing in this paragraph or in this NDA is intended or shall be construed to prevent Recipient from filing Confidential Information with the Bankruptcy Court under seal.  If either of the parties hereto wishes to use Confidential Information in connection with any discussions regarding the settlement or resolution of all or any part of the Proof of Claim, it may do so, and in that event, except to the extent that (i) such Confidential Information would otherwise be discoverable under any applicable Federal Rule of Bankruptcy Procedure or other applicable law or rule, or (ii) the Discloser consents, or (iii) the Bankruptcy Court orders otherwise, the subsequent use of such Confidential Information shall be subject to Rule 408 of the Federal Rules of Evidence.  Any use of Confidential Information permitted under the terms of this paragraph shall be hereinafter referred to as a "Permitted Use."

4. <u>Protection of Confidential Information</u>.  Recipient agrees to protect and treat Confidential Information of Discloser as confidential and as set forth in this NDA. Recipient shall limit disclosure of Confidential Information of Discloser to those employees, contractors, attorneys, accountants,  other advisors to Recipient (collectively, the "Permitted Personnel"), and any other person, including, without limitation, the Bankruptcy Court and Bankruptcy Court personnel, in accordance with paragraph 3 hereof, who has a demonstrable need to know such Confidential Information in connection with their activities directly relating to any Permitted Use of such Information, and, except for the Bankruptcy Court or Bankruptcy Court personnel, have agreed in writing with Recipient  to maintain the confidentiality of any Confidential Information provided to Recipient under terms no less restrictive than the terms set forth herein. Except to the extent set forth above, Recipient (and its Permitted Personnel) shall not, without the prior written consent of Discloser: (a) disclose any of the Confidential Information, to any person other than Permitted Personnel; (b) use the Confidential Information in any manner other than for a Permitted Use; (c) remove any copyright notice, trademark notice or any confidentiality or proprietary rights legend set forth on or contained within the Confidential Information; or (d) copy, or otherwise duplicate any Confidential Information of Discloser, in whole or in part, except in pursuit of a Permitted Use.  Any copy, or partial copy, of the Confidential Information authorized to be made by Recipient pursuant to this NDA shall conspicuously display markings or statements of Discloser appearing on the originals of such Confidential Information, and  Recipient shall exercise a reasonable degree of care in attempting to comply with the terms of this paragraph.



# NONDISCLOSURE AGREEMENT

5. <u>Nondisclosure by Permitted Personnel</u>.  Recipient shall inform Permitted Personnel of the obligations applicable to Confidential Information and shall take reasonable steps to ensure that, except to the extent permitted above, any Permitted Personnel to whom Confidential Information is or has been disclosed do not disclose the Confidential Information to any third parties or use the Confidential Information except for a Permitted Use during, and subsequent to the termination of, the employment or other relationship between Recipient and such Permitted Personnel.

6. <u>Term and Termination</u>.  This NDA shall be effective starting on the date it has been fully executed, and continuing for a period of one year thereafter, unless earlier terminated by either Party upon ten (10) days written notice thereof to the other Party.  All terms of this NDA shall survive and continue after any termination, cancellation or expiration of this NDA with respect to any Confidential Information disclosed under this NDA during the term.

7. <u>Rights to Confidential Information</u>.  All Confidential Information shall remain the sole and exclusive property of Discloser.  Upon the written request of Discloser, Recipient shall return to Discloser, or shall destroy or redact in a manner satisfactory to Discloser, all tangible forms of Confidential Information, including any and all copies thereof, and certify that such destruction or redaction has taken place.  With respect to Confidential Information disclosed or transmitted to Recipient electronically, or in the form of electronic, magnetic, optical, or other storage medium, Recipient shalluse reasonable efforts to  completely erase or otherwise permanently delete such Confidential Information from any storage medium onto which such Confidential Information may have been written, and to return to Discloser or destroy any tangible embodiments of such electronically transmitted Confidential Information..  Notwithstanding the foregoing return/destruction requirements, Recipient may retain one copy of Confidential Information of Discloser to the extent required for (and solely for the purpose of) compliance with applicable laws, regulations or orders or in connection with a Permitted Use.

8. <u>Restrictions; No Commitment; No License</u>.  Nothing contained in this NDA, or any disclosure or receipt of Confidential Information hereunder, shall be construed as  (a) requiring the disclosure or acceptance of any information; (b) requiring the purchase or use of any products, goods or services; (c) requiring any further agreement or negotiation; or (d) granting any rights, by license or otherwise, either express or implied, under any patent, copyright, trademark, trade secret or other intellectual property right now or hereafter owned, obtained or licensable by any of the Parties or their Affiliates, including the right to use or distribute software or other electronic information.

9. <u>Compliance with Governmental, Judicial Requirements</u>.  Recipient shall be authorized to disclose Confidential Information of the Discloser in response to a lawful subpoena or other legal process, or pursuant to the request of a governmental agency or court of competent jurisdiction, but only to the extent that: (a) such disclosure is required by a valid and applicable law, regulation or court order; (b) notice is given by Recipient to Discloser of such request, which notice is adequate to enable Discloser to seek an appropriate protective order or exemption from such request; and (c) Recipient has waited to disclose the Confidential Information until the earlier of (i) the deadline for response to the request, or (ii) a final decision on any protective order or exemption sought by Discloser, and Recipient shall comply with the terms of any such protective order or exemption.

10. <u>Governing Law</u>.  This NDA shall be governed by and construed in accordance with the laws of the State of New York, without regard to its conflict of laws provisions.  The Parties consent to personal jurisdiction in the Bankruptcy Court governing the Chapter 11 Case for any disputes arising from this NDA.

11. <u>Affiliates</u>.  "Affiliate" as used in this NDA shall mean, with respect to a particular Party, any other corporation, partnership, trust or other legal entity that directly or indirectly through one or more intermediaries, controls, is controlled by, or is under common control with such Party.  By disclosing Confidential Information under this NDA, an Affiliate agrees to be bound by the terms of this NDA with respect to such Confidential Information

12.

13. <u>Entire Agreement; Amendments; Headings</u>.  This NDA constitutes the entire agreement and understanding between the Parties with respect to the disclosure of, and obligations and rights pertaining to, Confidential Information, and supersedes and replaces any prior or contemporaneous undertakings, commitments or agreements, oral or written, as to the same. This NDA may be modified or amended only by an instrument in writing signed by authorized representatives of the Parties on or after the date hereof.  The headings in this NDA are included for convenience only and are in no way intended to define or limit the scope, extent or intent of any of the provisions herein.

14.

15. <u>Separate Enforcement of Provisions</u>.  If any provision of this NDA shall be determined to be invalid, void or unenforceable by a court or regulatory body of competent jurisdiction, the remaining provisions of this NDA shall remain in full force and effect and shall in no way be affected, impaired or invalidated unless removal of the provision in question results in a material change to this NDA.

16. <u>No Waiver</u>.  Except as set forth in paragraphs 3 and 9 hereof, no failure or delay by a Party hereto in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or future exercise of any right, power or privilege.

17. <u>Notices</u>.  All notices required to be made or given hereunder by one Party to another shall be in writing and shall be deemed to have been given when mailed, faxed, emailed, couriered, or hand delivered to counsel for the other Party.,

18. <u>Authority; Counterparts</u>.   The individuals executing this NDA for and on behalf of the Parties hereto represent that they are fully authorized and empowered to do so .  This NDA may be executed in any number of counterparts, each of which shall be deemed an original, and all of which together shall constitute but one and the same instrument.



**NONDISCLOSURE AGREEMENT**



**NONDISCLOSURE AGREEMENT**

**IN WITNESS WHEREOF, the authorized representatives of the Parties hereto have executed this NDA.**

| | |
|---|---|
| **VERIZON CORPORATE SERVICES GROUP INC. ("VERIZON")** | **NORTEL NETWORKS INC. , BY ITS COUNSEL,** |
| One Verizon Way<br>Room VC54S205<br>Basking Ridge, NJ 07920 | **CLEARY GOTTLIEB STEEN & HAMILTON LLP**<br>One Liberty Plaza<br>New York, NY 10006 |

**By:** _____      **By:** _____

**Title:**  VP & Assoc. General Counsel, Intellectual Property**Title;  A Member of the Firm**
**Date:** _____      **Date:** _____