# **Exhibit I**

**Schedule of Documents Requested from Verizon**

In connection with its motion under Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an order directing Verizon Communications Inc. and its affiliates ("Verizon") to produce certain documents to the Debtors and to produce a witness with knowledge for examination, Nortel Networks Inc. ("NNI") seeks the production by Verizon of the following documents. NNI reserves its right to request further documents and information from Verizon as and when necessary.

Definitions

In order to identify as clearly as possible the documents NNI is requesting, NNI incorporates by reference the definition set forth in Federal Rule of Civil Procedure 34(a)(1)(A), as made applicable to these proceedings by Bankruptcy Rule 7034, supplemented by the following definitions, which apply to the requests set forth in this Schedule of Documents Requested.

1. "Communicate" or "communication" means all verbal and written means of transmission or exchange of information, including but not limited to statements, admissions, denials, inquiries, discussions, conversations, negotiations, agreements, contracts, understandings and meetings.

2. "Concern," "refer," "relate to," "concerning," "referring," or "relating to" any given subject means all documents which assess, concern, constitute, contain, describe, discuss, embody, evidence, identify, record, reflect, regard, show, state, or refer or relate, directly or indirectly, in any way, to the subject matter identified.

3. "Document(s)" means any records of any kind, including, but not limited to, all writings in any form, calendars, correspondence, diaries, manuals, memoranda, notes, reports, drawings, graphs, charts, photographs, sound recordings, images, video recordings, telephone records, Bloombergs, electronic mail messages, instant messages, spreadsheets, databases, all other forms of electronic communication, and for purposes of this Schedule, shall be deemed to include "electronically stored information" ("ESI").

4. "Proof of Claim" means the proof of claim submitted on September 30, 2009 by "The Affiliates of Verizon Communications Inc." against NNI, which is listed on Debtors' claim log as claim number 5521, together with its attachment (the "Proof of Claim Attachment") and an exhibit to that attachment ("Attachment Exhibit A").

Requested Documents

1. All documents supporting, setting forth the basis for, or otherwise concerning, the allegations in Paragraph 2 of the Proof of Claim Attachment. These documents shall include, but are not limited to,

    (a) invoices issued by Verizon that correspond to the balances listed on Attachment Exhibit A to the Proof of Claim.

2. All documents supporting, setting forth the basis for, or otherwise concerning, the allegations in Paragraph 4 of the Proof of Claim Attachment. These documents shall include, but are not limited to,

    (a) documents reflecting or containing the account numbers associated with Verizon entities that owed debts to NNI as of the date of NNI's bankruptcy petition;

    (b) invoices received by Verizon concerning all such amounts owed to NNI; and

    (c) documents, including, but not limited to, invoices reflecting or concerning the amounts owed to NNI by Verizon entities as of the date of NNI's bankruptcy petition.

3. All documents supporting, setting forth the basis for, or otherwise concerning, the allegations in Paragraph 5 of the Proof of Claim Attachment. These documents shall include, but are not limited to,

    (a) documents concerning the calculation of the $10,691,085.93 sum allegedly owed by NNI to VSSI;

    (b) the Global Business Partner Agreement referred to in Paragraph 5;

    (c) documents concerning and/or describing the project VSSI performed for the customer referred to in Paragraph 5 (the "Customer"), including any and all statements of work, purchase orders or other contracts relating to the project, together with any amendments or supplements thereto;

    (d) documents concerning or describing any and all engineering notes related to the project VSSI performed for the Customer;

    (e) documents concerning or describing the Nortel products and services incorporated into the project VSSI performed for the Customer;

    (f) documents concerning or describing non-Nortel products or services incorporated into the project VSSI performed for the Customer;

    (g) documents concerning, describing, or otherwise recording the alleged failure of the Nortel switch to function properly, including, but not limited to, documents identifying the cause of the alleged failure and/or any allegedly defective

2

        components of the switch, and/or any allegedly defective products or services related to the switch;

(h)    documents concerning any tests conducted by any party, including, without limitation, Verizon and the Customer, to determine the reason for the alleged failure of the Nortel switch;

(i)    documents concerning any pre-litigation communications between Verizon and the Customer regarding the alleged failure of the Nortel switch;

(j)    documents reflecting or concerning communications between Verizon and any Nortel entity concerning the alleged failure of the Nortel switch;

(k)    documents reflecting or concerning the warranty Verizon obtained from NNI with regard to the Nortel switch and any related Nortel products or services, including documents reflecting or concerning any extended warranty Verizon obtained from NNI, as well as documents reflecting or concerning the start and end date(s) of any warranty Verizon obtained from NNI with regard to the Nortel switch;

(l)    documents concerning the Customer's complaints and demands to Verizon with respect to the alleged failure of the Nortel switch, including, but not limited to, any and all versions of any "action register" or "punch list" and any compilations of Customer complaint data; and

(m)    documents concerning the settlement between Verizon and its Customer regarding the project VSSI performed for the Customer, including, without limitation, any settlement agreement between Verizon and its Customer, as well as documents reflecting or concerning the portion of the settlement amount, if any, allocated to losses incurred as a result of the alleged failure of Nortel equipment or software.

4.    All documents supporting, setting forth the basis for, or otherwise concerning, the allegations in Paragraph 6 of the Proof of Claim Attachment. These documents shall include, but are not limited to,

(a)    the pleadings and briefing submitted in the Voxpath Litigation, as defined in Paragraph 6 of the Proof of Claim Attachment;

(b)    documents concerning the mapping of patent claims asserted in the Voxpath Litigation to allegedly infringing products and services, including any and all Nortel products and services, such as all versions of infringement contentions or "claim charts";

(c)    agreements between Verizon, on the one hand, and NNI or any other entity, on the other hand, concerning the Nortel products and services allegedly implicated in the Voxpath Litigation, including, but not limited to, the executory contracts referred to in Paragraph 6 of the Proof of Claim Attachment;

    (d)    communications between Verizon and NNI or any affiliate of NNI concerning the Voxpath Litigation;

    (e)    documents reflecting notice from Verizon to NNI or any other Nortel entity requesting that Nortel comply with its "defense and indemnity obligations under the applicable Nortel executory contracts" referred to in Paragraph 6 of the Proof of Claim Attachment;

    (f)    if available, the Voxpath court's Markman Ruling referred to in Paragraph 6 of the Proof of Claim Attachment;

    (g)    if available, Voxpath's expert report on damages referred to in Paragraph 6 of the Proof of Claim Attachment; and

    (h)    documents concerning the calculation of costs and expenses associated with Verizon's defense of the Voxpath Litigation that allegedly relate to Nortel products and services.

5. All documents concerning any warranty and/or indemnification obligations Nortel purportedly owes to Verizon, as alleged in Paragraph 7 of the Proof of Claim Attachment.

6. All documents concerning any "rejection damage claims," as described in Paragraph 7 of the Proof of Claim Attachment, including all documents reflecting or concerning the calculation of such rejection damages.