**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------------X
:
: Chapter 11
:
*In re* :
: Case No. 09-10138 (KG)
:
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
:
: **RE: D.I. _____**
:
-----------------------------------------------------------X

**ORDER ENFORCING THE AUTOMATIC STAY
AGAINST CERTAIN AFFILIATES OF VERIZON COMMUNICATIONS INC.**

Upon the motion dated May 21, 2010 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for the entry of an order, as more fully described in the Motion, enforcing the automatic stay imposed by section 362 of title 11 of the United States Code (the "Bankruptcy Code") against Verizon Business Purchasing LLC ("VBP"), Verizon Select Services Inc. ("VSSI"), Verizon Network Integration Corp. ("VNI"), and Verizon Service Corp. ("VSC" and collectively with the other Verizon entities identified herein, the "Verizon Entities"), and granting them such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED in all respects, and the automatic stay is hereby enforced with respect to any and all acts by the Verizon Entities to collect, assess, or recover on all or any part of the prepetition claims described in the Motion and asserted on behalf of the affiliates of Verizon Communications Inc. against the Debtors, including, but not limited to, withholding payments on the postpetition obligations they owe to the Debtors that are otherwise due and owing. Any such acts shall be considered a violation of the automatic stay and this Order, and subject the Verizon Entities to appropriate sanctions on further motion.

2. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

3

      3.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2010
      Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3557681.1