# **Exhibit F**

**From:** Cummings, William G [mailto:william.g.cummings@verizon.com]
**Sent:** Thursday, May 20, 2010 7:03 PM
**To:** Paczynski, Chris (APORT:0035)
**Subject:** Re: Verizon Receivables and Recovery of Contested Matter

Chris

I regularly tell Verizon attorneys that I write better than they. Now it appears I may have to rescind my claim to that position.

Seriously, I'm appreciative that you sent along the attachments for my review and follow-up. I will go after them right away.

Regarding, any Verizon equipment testing reports, I thought (incorrectly ?) that you indicated you had such reports. I asked for a copy only to help bring the issue to a fair closure--- not to put you in an uncomfortable position.

Again thanks for taking next steps to resolve these issues. I will be back to you as soon as possible.

Bill


**From:** Chris Paczynski
**To:** Cummings, William G
**Sent:** Wed May 19 17:55:30 2010
**Subject:** RE: Verizon Receivables and Recovery of Contested Matter

Hi Bill,

Thanks for the email. However, after what I perceived to be a productive business conversation with you the other day, the last thing I expected to receive was an email that reads like a lawyer wrote it to another lawyer. I can only attempt to address business issues, not legal issues, so I cannot comment on the contents of the email, except to say that Verizon's withholding payment on invoices that are undisputed and absolutely owing is not an appropriate way to do business. Nevertheless, I would like to continue our discussions, and to that end I attach the following:

(1) Please find the ATB summary attached which contains a list of invoices on which Nortel has not received payment. I can only assume that Verizon is withholding payment for the reasons you've indicated. If I've misunderstand the basis on which Verizon is not paying some or all of these invoices, please let me know.

(2) Also attached, is a spreadsheet that sets forth Nortel's position on Verizon's trade claims. As you'll see, Nortel has concluded that $280,349.71 of the total amount claimed for telecom products and services is valid. Please note that line 137 in the "AP Trade Recon" tab reflects a $10.7 million "indemnification obligation" that, for some reason, was included among the trade claims listed on the spreadsheet attached to Verizon's proof of claim. This "indemnification obligation" appears to relate to the Hewitt project, but we included it in the reconciliation because it was also listed as a trade claim in Verizon's spreadsheet.

Finally, with regard to the testing done for the Hewitt project, my understanding is that Verizon performed tests on its own network that uncovered the problem causing Hewitt's main complaint. The testing revealed that two underprovisioned routers in Verizon's network were at the root of the problem. The Verizon business people who worked on the Hewitt project would have all of those testing records, and I suggest you obtain the test information from them.

I look forward to your response


Regards,
Chris Paczynski
Nortel - Global Credit Management
Phone: (905) 863-6414 (ESN: 333)
Fax: (905) 863-2275 (ESN: 333)
Email: Chrispa@Nortel.com




**From:** Cummings, William G [mailto:william.g.cummings@verizon.com]
**Sent:** Tuesday, May 18, 2010 3:41 PM
**To:** Paczynski, Chris (APORT:0035)
**Subject:** RE: Verizon Receivables and Recovery of Contested Matter

Chris,

We continue to work toward a resolution of the two issues central to our current impasse:
(a) the Verizon POC and

(b) obligations of the two parties under a problem-filled service offering to Hewitt Associates.

In our discussion last evening, you indicated a concern that I was holding on $8M in invoices. I have a report which enumerates those invoices processed thru our A/P system and held pending resolution of our setoff rights as ordered by the court last year and also a resolution of the problems involved in a Hewitt Associates' joint project, between our companies.

(1) I will share our A/P report with you **if you will agree to accept it under settlement discussion privilege,** with an intended single purpose which is to demonstrate clearly to Nortel that Verizon is not arbitrarily holding cash, otherwise due to your firm.
(2) I'd also ask that you share with me the details of the $8M that you asserted Verizon was withholding. (Note that payments due to Avaya are not being withheld).
(3) You referenced having a Verizon testing report on the equipment which was a central part of the Hewitt project. That report (per your representation) indicated that the equipment was satisfactory and met all identified performance standards. Such a report could bring a conclusion to this matter and it would be terrific if you could share with me.
(4) Finally, with respect to our proof of claim for telecom services rendered in the period prior to your filing, we can bring a swift conclusion to this matter, if you conclude your review and allow setoff as was approved by the court in Q1 of last year.

Please advise,

Bill
212 982-3160


**From:** Chris Paczynski [mailto:chrispa@nortel.com]
**Sent:** Monday, April 26, 2010 4:30 PM
**To:** Cummings, William G
**Subject:** RE: Verizon Receivables and Recovery of Contested Matter

Hi Bill,

We are currently reviewing internally and will be in touch some time later this week.


Regards,
Chris Paczynski
Nortel - Global Credit Management
Phone: (905) 863-6414 (ESN: 333)
Fax: (905) 863-2275 (ESN: 333)
Email: Chrispa@Nortel.com



**From:** Cummings, William G [mailto:william.g.cummings@verizon.com]
**Sent:** Thursday, April 22, 2010 11:17 PM
**To:** Paczynski, Chris (APORT:0035)
**Subject:** Verizon Receivables and Recovery of Contested Matter

Settlement Discussion Privilege

All Rights Reserved

**REDACTED**

Bill Cummings
212 982-3160