# **Exhibit C**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 0 8 JAN 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ERNEST DEMEL,
                      Plaintiff,

        -against-

GROUP BENEFITS PLAN FOR EMPLOYEES OF
NORTHERN TELECOM, INC., dated as of January
1, 1982, TRUSTEES AND ADMINISTRATORS OF
THE GROUP BENEFITS PLAN FOR EMPLOYEES
OF NORTHERN TELECOM, INC., EMPLOYEE
BENEFITS COMMITTEE OF NORTHERN
TELECOM INC., NORTHERN TELECOM INC.
RETIREMENT PLAN FOR EMPLOYEES,
TRUSTEES AND ADMINISTRATORS OF
NORTHERN TELECOM, INC. RETIREMENT
PLAN FOR EMPLOYEES, and THE PRUDENTIAL
INSURANCE COMPANY OF AMERICA,

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER
07 CV 00189 (GBD)

GEORGE B. DANIELS, District Judge:

Plaintiff Ernest Demel ("Plaintiff") brought this action pursuant to Section 502(a) of the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a), ("ERISA"). On January 14, 2009, Nortel Networks Inc. ("Nortel") and its affiliated entities filed for bankruptcy in the United States Bankruptcy Court for the District of Delaware. On February 17, 2009, the Court transferred this case to the suspense docket in response to Nortel's filing of a Suggestion of Bankruptcy under 11 U.S.C. § 362 of the Bankruptcy Code. Plaintiff now moves to remove this action from the suspense docket claiming that the named Defendants are not entitled to an automatic stay. Plaintiff's motion is granted.

ERISA provides that a "participant or beneficiary" may bring suit "to recover benefits due … under the terms of [a] plan." 29 U.S.C. § 1132(a)(1)(B) (1994). Under that sub-chapter, "[a]n employee benefit plan may sue or be sued … as an entity." The action in this case is brought

against the Group Benefits Plan for Employees of Northern Telecom, Inc and the Retirement Plan (the "Plans") as well as the Trustees and Administrators for the Plans. Plaintiff did not, however, specifically name the debtor in the bankruptcy case, Nortel, as a Defendant.

The Bankruptcy Code further provides for a "stay, applicable to all entities, of ... a judicial ... proceeding against the *debtor* that was ... commenced before the commencement of the case under this title" or "any act to obtain possession of *property of the estate* or of property from the estate." (emphasis added). 11 U.S.C. § 362 (a)(1) & (3). Courts normally do not extend an automatic stay under 11 U.S.C. § 362 (a)(1) to non-debtor co-defendants. Teachers Ins. and Annuity Ass'n of America v. Butler, 803 F.2d 61, 65 (2d Cir. 1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."). However, a court may extend an automatic stay in "unusual situations" where removing the stay would pose "a serious threat to the debtor's reorganization efforts." DeSouza v. PlusFunds Group, Inc., No. 05 Civ. 5990, 2006 WL 2168478, at *2 (S.D.N.Y. Aug. 1, 2006). Unless a defendant can demonstrate that "there is such identity between the debtor and the third-party" that a judgment against the defendant will essentially be a judgment against the debtor, an automatic stay does not preclude a plaintiff's claims against third-party claims administrators. Stanford v. Foamex, No. 07-CV-4225, 2009 WL 1033607, at *1 (E.D.Pa. April 15, 2009).

In this case, Defendants claim that Nortel is in fact a defendant because Nortel qualifies as an "Administrator of the Plans," as identified and sued as a defendant in the caption. Plaintiff, however, did not specifically name Nortel, the debtor in the bankruptcy case, as a defendant. Nor is there any evidence that Nortel was intended to be a defendant.[1] Neither the complaint nor answer list Nortel as a defendant. The answer states in part, "Defendants are employee benefit

---

[1] There is no evidence that Plaintiff ever served Nortel, or service was ever accepted on Nortel's behalf.

plans and the administrator and trustees of those plans." Compl. ¶ 8. The answer goes on to state: "the Employees Benefits Committee of Northern Telecom Inc. is the plan Administrator for the Benefits Plan." Compl. ¶ 10. Notably, no attorney appeared in this action on behalf of Nortel. Furthermore, Plaintiff has conceded that they would not be allowed to pursue this action if Nortel were in fact sued as the Administrator.[2] Since Nortel has not been named nor has appeared as a named defendant, a stay in this action is not automatic.

Furthermore, 11 U.S.C. § 541(a)(3) defines the "property of the estate" as "all legal or equitable interests of the debtor in property as of the commencement of the case." As found by the Supreme Court, "the debtor does not own an equitable interest in property he holds in trust for another" because "that interest is not 'property of the estate.'" Begier v. IRS, 496 U.S. 53, 59 (1990). Thus, 11 U.S.C. § 541(a)(3) does not stay the action against the Retirement Plan because the Plaintiff is seeking recovery for funds in the trust, is not seeking the debtor's property. Unless there is "a showing that the pending action will inevitably have an adverse impact on the debtor's estate," this action should not be stayed. See Bennett v. Manufacturers & Traders Trust Co., No. 99-CV-827, 2000 WL 1611065, at *2 (N.D.N.Y. Oct. 18, 2000).

The purpose of Section 362 is "to benefit a debtor by preventing harassment and frustration of rehabilitation efforts through pursuit by creditors in individual actions." Matthews v. Rosene, 739 F.2d 249, 251 (7th Cir. 1984). Defendants argue that the action should be stayed because Section 362(a)(6) prohibits "any act to collect, assess, or recover a claim against the debtor that existed before the commencement of the bankruptcy." 11 U.S.C. 362(a)(6). However, Plaintiff's lawsuit does not pursue a bankrupt debtor to collect a pre-petition debt. In this case, Plaintiff seeks recovery and equitable relief from the non-bankrupt plans.

---

[2] In its complaint, Plaintiff states that "The Prudential Insurance Company of America . . . provides claims Administration services to Northern Telecom Inc." Compl. § 8-9.

Defendants also argue that the action should be stayed because a judgment against Defendants would essentially constitute a judgment against Nortel. Nortel claims that it would be required to make contributions pursuant to the agreements, and indemnify the Plans for any determined liability. There is no evidence that Nortel is, in fact, required to indemnify the Plans, or that such independent liability could be legally established outside of the Bankruptcy proceeding. Plaintiff has also failed to establish that this action would materially disrupt Nortel's reorganization. Indeed, there is no scenario under which Plaintiff, or any named Defendant here, can collect money from Nortel in this action without going to the Bankruptcy Court. If Plaintiff prevails in this action, the Plans will be liable. The issue of whether Nortel will be required to indemnify the Plans is a separate matter not presently before this Court. Moreover, there has been no indication by the Bankruptcy Court that this action in any way interferes with the reorganization of Nortel.[3]

Plaintiff's motion to remove the action from the suspense docket is granted.

Dated: New York, New York
January 8, 2010

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[3] If the bankruptcy court indicates that this lawsuit might interfere with those proceedings, this Court will reconsider this motion.