# **Exhibit B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
:
ERNEST DEMEL,                          :   Index No. 07-CV-0189
                                       :
                                       :   Hon. George B. Daniels
            Plaintiff,                 :
                                       :
      v.                               :
                                       :
GROUP BENEFITS PLAN FOR EMPLOYEES OF   :
NORTHERN TELECOM, INC., dated as of January 1, :
1982, TRUSTEES AND ADMINISTRATOR OF THE :
GROUP BENEFITS PLAN FOR EMPLOYEES OF   :
NORTHERN TELECOM, INC., EMPLOYEE       :
BENEFITS COMMITTEE OF                  :
NORTHERN TELECOM, INC., NORTHERN       :
TELECOM INC. RETIREMENT PLAN FOR       :
EMPLOYEES, TRUSTEES AND                :
ADMINISTRATOR OF NORTHERN TELECOM,     :
INC. RETIREMENT PLAN FOR EMPLOYEES, and :
THE PRUDENTIAL INSURANCE COMPANY       :
OF AMERICA                             :
                                       :
            Defendants.                :
_____x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMOVE ACTION FROM SUSPENSE DOCKET

## INTRODUCTION

By Order dated February 17, 2009, this Court transferred the above-referenced action to the suspense docket based upon the bankruptcy filing of Nortel Networks Inc. and affiliated entities in the United States Bankruptcy Court for the District of Delaware. The entities named as Defendants in this action are not debtors in the Delaware bankruptcy proceeding, and the continuation of this action against such Defendants is not stayed by operation of the Bankruptcy Code's automatic stay (11 U.S.C. § 362). . Therefore, this action should be returned to the active trial docket and a schedule should be set so that the parties can proceed with discovery, motion practice and preparation for trial.

## BACKGROUND

A.  The Current Litigation

This action was brought pursuant to section 502(a) of the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a), by Complaint filed on January 10, 2007. Declaration of Gary S. Stone ("Stone Decl."), ¶ 2. The Complaint sought relief against the following defendants: the Group Benefits Plan for Employees of Northern Telecom, Inc. ("Disability Plan"), the Trustees and Administrator of the Group Benefits Plan for Employees of Northern Telecom, Inc. ("Disability Trustees"), the Northern Telecom Inc. Retirement Plan for Employees ("Retirement Plan"), the Trustees and Administrator of Northern Telecom, Inc. Retirement Plan for Employees ("Retirement Trustees"), the Employee Benefits Committee of Northern Telecom, Inc. ("Benefits Committee") (collectively, the "Defendants") and the Prudential Insurance Company of America.[1] By Order of the Court, dated April 18, 2007, this action was referred to

---

[1] The Suggestion of Bankruptcy filed with this Court was not filed by the Prudential Insurance Company of America, and this motion does not concern the Prudential Insurance Company of America. Upon information and belief, the Prudential Insurance Company of America also is not a debtor in any bankruptcy case currently pending before any United States Bankruptcy Court.

2

Magistrate Deborah C. Freeman for mediation. The parties participated in mediation in good faith, but were unable to reach a settlement of this matter.

On February 5, 2009, the Defendants filed a Suggestion Of Bankruptcy And Applicability Of The Automatic Stay Under U.S.C. § 362 ("Suggestion of Bankruptcy"). Stone Decl. Ex. A. The Court then entered an Order, dated February 17, 2009, transferring this action to the suspense docket and ordering counsel for the Defendants to "contact the Court within thirty days of a disposition of its bankruptcy petition." Stone Decl. Ex. B. No further action has been taken on this matter.

### B. Nortel's Bankruptcy

As set forth in Defendants' Suggestion of Bankruptcy, Nortel Networks Inc. and certain affiliated entities[2] filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Case") on January 14, 2009. Stone Decl. Ex. C. The Bankruptcy Proceeding is pending as case number 09-10138 before the Honorable Kevin Gross in the United States Bankruptcy Court for the District of Delaware. On February 5, 2009, relying on 11 U.S.C. § 362, the Defendants filed their Suggestion of Bankruptcy seeking the application of an automatic stay of this action based upon the Bankruptcy Case. Stone Decl. Ex. B. That provision of the Bankruptcy Code provides, in relevant part:

> [A] petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of--
>
> (1) the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to

---

[2] Additional debtors filing simultaneously were: Nortel Networks Capital Corporation; Alteon Websystems, Inc.; Alteon Websystems International, Inc.; Xros, Inc.; Sonoma Systems; Qtera Corporation; Coretek, Inc.; Nortel Networks Applications Management Solutions Inc.; Nortel Networks Optical Components Inc.; Nortel Networks HPOCS Inc.; Architel Systems (U.S.) Corporation; Nortel Networks International Inc.; Northern Telecom International Inc.; and Nortel Networks Cable Solutions, Inc.

3

recover a claim against the debtor that arose before the commencement of the case under this title;

* * *

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate…

11 U.S.C § 362(a)(1) & (3). For reasons set forth below, this action is not stayed against the Defendants and their reliance on Section 362 is misplaced.

## ARGUMENT

### II.    The Defendants Are Not Entitled To An Automatic Stay Under 11 U.S.C. § 362

In relevant part, Section 362 provides for an automatic stay of "the commencement or continuation" of an action "*against the debtor*" or "any act to obtain possession of property of the estate." 11 U.S.C. § 362 (a)(1) & (3) (*emphasis added*). This action is not an action against, or an action to obtain possession of any property of the bankruptcy estates of, Nortel Networks, Inc. or any of its affiliated debtor entities. Therefore, this action is not stayed by operation of the automatic stay in the Bankruptcy Case. Moreover, Section 362 does not impose a stay against actions against ERISA-regulated employee benefit plans, which are distinct legal entities that are the subject to suit. 29 USCA §1132(d). The provisions of ERISA "make plain that a plan can be held liable in its own name for a money judgment." *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 509 (2d Cir. 2002). Section 362 does not stay an action that is not against the debtor and that does not seek the property of the debtor. The Defendants are not entitled to a stay of this action because the debtors in the Bankruptcy Case are not the same entities as the Defendants in this action.

### A.    The Action Against The Benefits Plan And The Retirement Plan Should Not Be Stayed

This action was commenced against the Benefits Plan and Retirement Plan, legal entities distinct from Nortel Networks, Inc., the debtor in the Bankruptcy Case. Upon

4

information and belief, the Benefits Plan is an ERISA qualified plan that is funded by Nortel Networks, Inc. for the benefit of the plan beneficiaries. Stone Decl. ¶ 2. Upon information and belief, the Retirement Plan is an ERISA qualified plan that holds funds in trust for the benefit of the plan beneficiaries. Stone Decl. ¶ 2. Further, a copy of the Internal Revenue Service Form 5500 filed by the Nortel Network Retirement Income Plan indicates that the plan funding arrangement is by trust, and Nortel Networks Inc. is merely the Retirement Plan sponsor and administrator. Stone Decl. Ex. D. To the extent this lawsuit is against the Benefits Plan and the Retirement Plan, it is not against any of the debtors in the Bankruptcy Case, and the automatic stay should not apply.

This action is also not an action to obtain possession of any property of the bankruptcy estate in the Bankruptcy Case. It is well-established that a trust administered by a debtor is not "property of the estate" under §541(a)(1) of the Bankruptcy Code. *Begier v. IRS*, 496 US 53, 59 (1990). "Because the debtor does not own an equitable interest in property he holds in trust for another, that interest is not 'property of the estate.'" *Id.* The debtors in the Bankruptcy Case have no interest in the Retirement Plan funds; therefore, the automatic stay provisions of the Bankruptcy Code do not operate to stay this action against the Retirement Plan.

This court has held previously that the automatic stay does not apply to preclude actions against ERISA plans. *See In re Chateaugay Corp.*, 76 B.R. 945 (S.D.N.Y. 1987) ("*Chateaugay*"). In *Chateaugay*, certain pension plan participants appealed to this court from an order entered by the bankruptcy court enjoining the participants from "commencing or continuing any action" against an ERISA qualified pension plan. *Id.* at 946. The district court reversed the bankruptcy court's broad injunction. According to the court, the operative question was whether the lawsuit "involve[d] [the debtor] or its assets in light of the debtor's obligations and liabilities." *Id.* at 949. The district court found that it was improper to stay the ERISA

5

action absent an evidentiary showing that resolution of the ERISA action would involve the debtor's estate or would interfere in the administration of the bankruptcy proceeding. Such a showing would have to be more than a mere conclusory assertion that there is the possibility of interference. Evidence of actual intereference is required. *Id.* at 950.

In *Chateaugay*, the court found the Bankruptcy Court's injunction improper in part because: "It would appear that the Bankruptcy Court's Order subordinates the substantial governmental interest in the enforcement of ERISA and the protections it provides for Pension Plan participants to the debtor's purely subjective perceptions." *Id.* at 952. Similarly, Mr. Demel's action should not be stayed with respect to the Benefits Plan and the Retirement Plan because they are distinct from the debtor in the Bankruptcy Case and there has been no showing that this action targets recovery from the debtor's estate.

  B. <u>The Action Against the Disability Trustees, the Retirement Trustees and Benefits Committee Should Not Be Stayed</u>

Mr. Demel's action also seeks a remedy against the Disability Trustees, the Retirement Trustees, and the Benefits Committee. As there has only been limited discovery in this action, the precise identity of the individuals filling these roles is not known fully. This action should not be stayed against these entities unless it is established that they are debtors in the Bankruptcy Proceeding. A stay is not proper until circumstances "overwhelming or threatening to the debtor or its assets" have been established. Chateaugay, 76 B.R. at 952-53. No such circumstances have been established in this instance. This action should be taken off the suspense docket and allowed to continue.

## CONCLUSION

Based on the foregoing, Plaintiff Ernest Demel respectfully requests that the Plaintiff's Motion To Remove Action From Suspense Docket be granted and that this Court

order a scheduling conference so that this matter may proceed expediently to trial. Plaintiff further requests such additional relief as the Court may deem just and proper.

Respectfully submitted,

New York, New York
Dated: April 22, 2009

By: /s/ Gary Stone
Gary Stone (GSS5563)
South Brooklyn Legal Services
105 Court Street 3rd floor
Brooklyn, New York 11201
Direct tel. (646) 442-3316
Facsimile (718) 855-0733

**Attorney for Plaintiff**

Jeremy M. King
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, New York 10036