IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NORTEL NETWORKS INC., et al.,[1] | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |
| | Ref to Docket No. 3084 |

### AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                                             ) ss.:
COUNTY OF NEW YORK  )

JULIA BEALLER, being duly sworn, deposes and says:

1. I am employed as a Senior Case Manager by Epiq Bankruptcy Solutions, LLC, located at 757 Third Avenue, New York, New York 10017. I am over the age of eighteen years and am not a party to the above-captioned action

2. On May 27, 2010, I caused to be served a Personalized version of the "Notice of Debtors' Request for Authority to Assume and Assign Certain Contracts," dated May 27, 2010 [Docket No. 3084], a sample of which is annexed hereto as Exhibit A, consisting of the following:

    i.   the "Notice of Debtors' Request for Authority to Assume and Assign Certain Contracts," dated May 27, 2010, and

    ii.  a Personalized "Schedule A",

by causing true and correct copies to be enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to those parties listed on the annexed Exhibit B.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596) Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

T:\Clients\NORTEL\Affidavits\Custom Contract Assumption Ntc_DI_3083_Under Seal_Aff_5-27-10.doc

3. All envelopes utilized in the service of the foregoing contained the following legend: "LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

*Julia Bealler*
Julia Bealler

Sworn to before me this 28th day of May, 2010.

_____
Notary Public

**TIME DARDEN**
**Notary Public, State Of New York**
**No. 01DA6198919**
**Qualified In Kings County**
**Commission Expires January 5, 2013**

**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
Debtors. : Jointly Administered
:
:
------------------------------------------------------------ X

## NOTICE OF DEBTORS' REQUEST FOR
## AUTHORITY TO ASSUME AND ASSIGN CERTAIN CONTRACTS

**PLEASE TAKE NOTICE THAT:**

In connection with the Debtors' Motion for Orders (I)(A) Authorizing Debtors' Entry into the Stalking Horse Agreement, (B) Authorizing and Approving the Bidding Procedures and Bid Protections,[2] (C) Approving Payment of an Incentive Fee, (D) Approving the Notice Procedures and the Assumption and Assignment Procedures, (E) Authorizing the Filing of Certain Documents Under Seal and (F) Setting a Date for the Sale Hearing, and (II) Authorizing and Approving (A) the Sale of Certain Assets of Debtors' Carrier Voice Over IP and Application Solutions Business (the "CVAS Business") Free and Clear of All Liens, Claims and Encumbrances and (B) the Assumption and Assignment of Certain Executory Contracts (the "Sale Motion") [D.I. 2193], Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby provide notice of their intent to assume and assign, pursuant to sections 363 and 365 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), certain agreements to which the Debtors are a party, including one or more such agreements to which the Debtors believe you or your predecessor in interest are a party, which agreements are identified in Schedule A hereto (singularly or collectively, the "Scheduled Agreements"), in connection with the sale. Nothing contained in this notice is to be construed as an admission by the Debtors as to the character of any document

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Bidding Procedures (as defined in the Bidding Procedures Order). To the extent that there are inconsistencies between this notice and the Bidding Procedures, the Bidding Procedures control.

denominated as an agreement, as an executory contract or unexpired lease, or to the rights of any parties thereto.

On January 8, 2010, the Court entered an order that, among other things, approved the procedures (the "Assumption and Assignment Procedures") by which the Scheduled Agreements would be assumed and assigned (the "Bidding Procedures Order") [D.I. 2259].

The Debtors and certain of their affiliates (the "Sellers") have entered into a binding purchase agreement (the "Sale Agreement") with GENBAND Inc. (collectively with its designated affiliates, "GENBAND" or the "Purchaser"), who has agreed to purchase the assets on the terms set forth in the Sale Agreement. On March 4, 2010 the Court entered an order approving the sale of assets related to the CVAS Business pursuant to the Sale Agreement (the "Sale Order") [D.I. 2632].

Conditions to Effectiveness of Assumption and Assignment. The Debtors are seeking authority to assume the Scheduled Agreements and to assign to the Purchaser, or its designated affiliates, those Scheduled Agreements that are executory contracts. The assumption and assignment of the Scheduled Agreements shall be effective upon the closing of the sale to the Purchaser (the "Closing Date"). Only the Scheduled Agreements ultimately identified as of the Closing Date (or such later date as may be designated) under the Sale Agreement will be assumed and assigned. Except as set forth in the Sale Agreement, the Purchaser has not agreed to pay, shall not be required to assume, and shall have no liability or obligation with respect to, any liability or obligation, direct or indirect, absolute or contingent, of the Debtors, including any liabilities or obligations associated with the Scheduled Agreements arising on or before the Closing Date.

About GENBAND. GENBAND is a provider of next-generation IP gateways, session border controllers and FMC security solutions. GENBAND serves fixed and mobile service providers in some 80 countries across the Americas, Europe, the Middle East and Africa, and throughout the Asia Pacific region. GENBAND's solutions are currently deployed by over half of the top 100 service providers around the world, and are used to expand bandwidth capabilities, deliver Voice over IP and multimedia services, and to migrate wireline, wireless and cable networks to unified, converged architectures. Additional information regarding GENBAND is available on the GENBAND website at http://www.genband.com.

Cure. In connection with the assignment of a contract pursuant to the Bankruptcy Code, any outstanding monetary obligations owed by the Debtors must be cured. The amount the Debtors believe is required to cure any default under the Scheduled Agreement(s) to which the Debtors believe you or your predecessor in interest are a party (the "Cure Amount") is listed on Schedule A attached hereto. Notwithstanding anything to the contrary herein, any nondebtor party will be deemed to have received adequate assurance of future performance as required by section 365 of the Bankruptcy Code if the Debtors, after payment of any Cure Amounts, would no longer have any payment or delivery obligations under a Scheduled Agreement. Objections to the Cure Amount must be filed by **June 8, 2010 at 4:00 p.m. (ET)**.

Objections. Pursuant to the Bidding Procedures Order, objections, if any, to the assumption and assignment of the Scheduled Agreements, including without limitation any objection to the Cure Amount or the adequate assurance of future performance by GENBAND under the applicable Scheduled Agreement, must be filed with the Court no later than **June 8, 2010**

**at 4:00 p.m. (ET)**.  Notice of all objections must be:  (a) in writing; (b) signed by counsel or attested to by the objecting party; (c) served on counsel to the Debtors:  Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Fax:  (212) 225-3999 (Attention: James L. Bromley and Lisa M. Schweitzer), and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, Delaware 19801, Fax:  (302) 658-3989 (Attention:  Derek C. Abbott), so that such objection is <u>actually received</u> by the relevant objection deadline; and (d) served so as to be received contemporaneously by the following: (i) counsel to GENBAND: Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022, Fax: (212) 751-4864 (Attention:  David S. Allinson and David Heller), (ii) counsel to the Committee:  Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Fax:  (212) 872-1002 (Attention:  Fred Hodara, Stephen Kuhn and Kenneth Davis) and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attention:  Christopher M. Samis), (iii) counsel to the Bondholder Group:  Milbank, Tweed, Hadley & McCloy, One Chase Manhattan Plaza, New York, New York 10006, Fax:  (212) 822-5735 (Attention:  Roland Hlawaty) and (iv) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Fax: (302) 573-6497 (Attention: Patrick Tinker).  Any such notice must specify the grounds for such objection.  Pursuant to the Bidding Procedures Order, only those objections made in compliance with the foregoing requirements will be considered by the Court.

*To the extent that any Counterparty does not timely serve an objection as set forth above, such Counterparty will be (i) deemed to have consented to such Cure Amounts, if any, and to the assumption and assignment of the applicable Scheduled Agreement(s); (ii) bound by such Cure Amounts, if any; (iii) deemed to have agreed that the Purchaser has provided adequate assurance of future performance within the meaning of Bankruptcy Code section 365(b)(1)(C); (iv) deemed to have agreed that all defaults under the applicable Scheduled Agreement(s) arising or continuing prior to, or upon the occurrence of, the effective date of the assignment have been cured as a result or precondition of the assignment, such that the Purchaser or the Debtors shall have no liability or obligation with respect to any default occurring or continuing prior to the assignment, and from and after the date of the assignment the Scheduled Agreement(s) shall remain in full force and effect for the benefit of the Purchaser and the Counterparty in accordance with its terms; (v) deemed to have waived any right to terminate the Scheduled Agreement(s) or designate an early termination date under the applicable Scheduled Agreement(s) as a result of any default that occurred and/or was continuing prior to, or upon the occurrence of, the assignment date; and (vi) deemed to have agreed that the terms of the Sale Order shall apply to the assumption and assignment of the applicable Scheduled Agreement.*

<u>Reservation of Rights</u>.  To the extent that an objection by a Counterparty is not resolved prior to the Closing Date, the Debtors, in consultation with the Purchaser, may elect to (i) not assume and assign such Scheduled Agreement or (ii) postpone the assumption and assignment of such Scheduled Agreement until the resolution of such objection.

<u>Documents</u>.  Copies of the Sale Motion, the Sale Agreement, the Bidding Procedures Order (including the Bidding Procedures approved by the Court) and the Sale Order may be examined by interested parties between the hours of 8:00 a.m. and 4:00 p.m. (ET) at the office of the Clerk of the Court, 824 Market Street, Wilmington, Delaware 19801, or by appointment during regular business hours at the offices of the Debtors' attorneys: Cleary

Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attention: James L. Bromley and Lisa M. Schweitzer.  Additionally, copies of the foregoing may be downloaded from the Court's docket at www.deb.uscourts.gov and from the website of the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC, at http://chapter11.epiqsystems.com/nortel.

The Scheduled Agreements are Customer Contracts (as defined in the Sale Motion).  As permitted by the Bidding Procedures Order, the Debtors are filing Schedule A with the Court under seal due to its confidential nature, and this notice is being served individually on the counterparty to each Scheduled Agreement.

Dates set forth in this notice are subject to change, and further notice of such changes may be provided through announcements in open court and/or the filing of notices and/or amended agendas.  Parties in interest are encouraged to monitor the electronic court docket and/or the noticing agent website for further updates.

| | |
|---|---|
| Dated: May 27, 2010<br>Wilmington, Delaware | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>James L. Bromley (admitted *pro hac vice*)<br>Lisa M. Schweitzer (admitted *pro hac vice*)<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone:  (212) 225-2000<br>Facsimile:  (212) 225-3999<br><br>- and -<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>_____/s/ Alissa T. Gazze_____<br>Derek C. Abbott (No. 3376)<br>Eric D. Schwartz (No. 3134)<br>Ann C. Cordo (No. 4817)<br>Alissa T. Gazze (No. 5338)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone:  (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Counsel for the Debtors*<br>*and Debtors in Possession* |

**EXHIBIT B**

PERSONALIZED NOTICE PARTIES

FILED UNDER SEAL