# SCHEDULE A
## FIFTEENTH INTERIM FEE APPLICATION

**NORTEL NETWORKS-ERISA Litigation (CHUBB)**
   **ERISA Litigation - Post Bankruptcy**

DATE   ATTY   HRS   DESCRIPTION OF SERVICES RENDERED

L120 Analysis/Strategy

| | | | |
|---|---|---|---|
| 3/17/10 | RET | 1.0 | Teleconference with Cleary to discuss their preliminary questions and issues regarding memorandum of understanding for the settlement |
| 3/17/10 | RET | .3 | E-mail to Cleary with information they requested in connection with their preliminary questions and issues regarding memorandum of understanding for the settlement |

        **SUB TOTAL        650.00**


DATE   ATTY   HRS   DESCRIPTION OF SERVICES RENDERED

L160 Settlement/Non-Binding ADR

| | | | |
|---|---|---|---|
| 3/01/10 | RET | .3 | Receive and analyze edits to memorandum of understanding regarding settlement from Peter Bisio |
| 3/01/10 | RET | .3 | E-mail from plaintiff's counsel regarding edits to memorandum of understanding regarding settlement from Peter Bisio |
| 3/01/10 | RET | .4 | Receive and analyze latest round of edits to memorandum of understanding regarding settlement from plaintiffs' counsel |
| 3/03/10 | RET | .2 | Communication with Nick DeRoma regarding status of settlement |
| 3/03/10 | RET | .2 | Communication with Peter Bisio regarding difference between Settling and Dismissed Defendants in memorandum of understanding regarding settlement |
| 3/03/10 | RET | .3 | Communications with plaintiff's counsel and Peter Bisio regarding timing of requesting approval by Department of Labor of settlement |
| 3/03/10 | RET | .4 | Telephone call from plaintiffs' counsel to discuss proposed language from Peter Bisio over "approval" by the Department of Labor of the settlement |
| 3/04/10 | RET | .3 | Teleconference with Peter Bisio regarding language associated with seeking assurances from Department of Labor regarding settlement |

| Date | Initials | Hours | Description |
|---|---|---|---|
| 3/05/10 | RET | .2 | Communication with plaintiffs' counsel regarding my teleconference with Peter Bisio regarding language associated with seeking assurances from Department of Labor regarding settlement |
| 3/05/10 | RET | .3 | E-mail to plaintiffs' counsel regarding my discussion with Peter Bisio about language in the term sheet related to receiving assurances from the Department of Labor regarding the settlement |
| 3/05/10 | RET | .3 | Communication with Don Powers regarding settlement term sheet |
| 3/08/10 | RET | .3 | Communications with Don Powers regarding term sheet for settlement |
| 3/08/10 | RET | .3 | Additional communications with Don Powers regarding term sheet for settlement |
| 3/12/10 | RET | .5 | Receive and analyze revisions to memorandum of understanding regarding settlement from Kate Weaver and Communication with Kate Weaver regarding same |
| 3/12/10 | RET | .3 | Communications with plaintiffs' counsel regarding anticipated timing of execution of memorandum of understanding regarding settlement |
| 3/12/10 | RET | .4 | Communication with Don Powers and Kate Weaver regarding questions related to memorandum of understanding regarding settlement |
| 3/12/10 | RET | .2 | Communication with plaintiffs' counsel regarding memorandum of understanding regarding settlement |
| 3/12/10 | JMS7 | .5 | Review LTIP versions for plan sponsor information for settlement |
| 3/15/10 | RET | .1 | Communication with Ken Hashimoto regarding settlement term sheet |
| 3/15/10 | JMS7 | .3 | Correspondence with Kate Weaver regarding LTIP and settlement |
| 3/16/10 | RET | .2 | Communication with Kate Weaver regarding memorandum of understanding regarding settlement |
| 3/16/10 | RET | .3 | Additional communication with plaintiffs' counsel regarding status of approval by the monitor, Cleary, and Ogilvy regarding the settlement term sheet |
| 3/17/10 | RET | .4 | Prepare for call with Kate Weaver regarding memorandum of understanding regarding settlement |
| 3/17/10 | JMS7 | .3 | Communicate with Clearly regarding settlement (approved by Sandi Illmer) |
| 3/17/10 | JMS7 | .3 | Discuss with Rene' Thorne settlement and bankruptcy issues (approved by Sandy Illmer) |
| 3/17/10 | JMS7 | .1 | Review notice from court regarding withdrawal of defense counsel |
| 3/17/10 | JMS7 | .7 | Correspond with Robert Varnell regarding DOL's position on settling with DOL approval and follow up review of discussions regarding the same |
| 3/18/10 | RET | .5 | Work on issues related to sign off of the settlement by the Department of Labor |

| Date | Initials | Hours | Description |
|---|---|---|---|
| 3/18/10 | RET | .3 | Communications with Cleary related to sign off of the settlement by the Department of Labor |
| 3/18/10 | RET | .2 | Communication with Jacqueline Shipchandler regarding her conversations with Department of Labor |
| 3/18/10 | RET | .3 | Teleconference with Jacqueline Shipchandler regarding issues related to Department of Labor investigation and provisions in settlement term sheet regarding same |
| 3/18/10 | JMS7 | 1.4 | Analyze the need to inform all fifty states of class action settlement as required by the class action fairness act (approved by Sandy Illmer) |
| 3/19/10 | RET | .8 | Work on issues related to signoff by the department of labor regarding the settlement |
| 3/19/10 | RET | .8 | Receive and analyze from Cleary changes to the settlement term sheet |
| 3/19/10 | RET | .4 | Prepare for call with Cleary to discuss their proposed changes to the settlement term sheet |
| 3/19/10 | RET | .3 | E-mail from and to plaintiffs' counsel regarding status of approval by the monitor, Cleary, and Ogilvy regarding the settlement term sheet |
| 3/19/10 | RET | .7 | Call with Cleary to discuss their proposed changes to the settlement term sheet |
| 3/19/10 | RET | .8 | Revisions to term sheet based on call with Cleary to discuss their proposed changes to the settlement term sheet |
| 3/22/10 | RET | .4 | Communications with Cleary regarding damages analysis for our litigation |
| 3/22/10 | RET | .2 | Additional communications with Cleary regarding damages analysis for our litigation |
| 3/22/10 | RET | .3 | Communication with Ruth Jenkins regarding whether NNI has reversionary or any other interest in plan assets |
| 3/22/10 | RET | .2 | Communication with Ruth Jenkins regarding latest plan documents, at the request of Cleary |
| 3/22/10 | RET | .1 | E-mail from Don Powers regarding status of memorandum of understanding regarding settlement |
| 3/23/10 | RET | .1 | Communication from Kate Weaver regarding plan information needed from Ruth Jenkins |
| 3/25/10 | RET | .5 | Communications with Jacqueline Shipchandler regarding status of communications with the department of labor regarding settlement |
| 3/25/10 | RET | .3 | Teleconference with Don Powers regarding memorandum of understanding regarding settlement |
| 3/25/10 | RET | .2 | Additional communication with Jennifer Westerfeld regarding memorandum of understanding regarding settlement |
| 3/25/10 | RET | .3 | E-mail from and to Jennifer Westerfeld regarding call with Ogilvy to discuss memorandum of understanding regarding settlement |

| Date | Atty | Hrs | Description |
|---|---|---|---|
| 3/25/10 | RET | .2 | Communication with Don Powers regarding memorandum of understanding regarding settlement |
| 3/25/10 | RET | .2 | Communication with plaintiffs' counsel regarding memorandum of understanding regarding settlement |
| 3/25/10 | RET | .3 | Call with Jennifer Westerfeld regarding memorandum of understanding regarding settlement |
| 3/25/10 | RET | .2 | Communication from Kate Weaver regarding status of memorandum of understanding regarding settlement |
| 3/26/10 | RET | .5 | Receive and analyze latest draft of memorandum of understanding regarding settlement from Cleary |
| 3/26/10 | RET | .2 | Communication with Kate Weaver regarding Cleary's latest draft of the memorandum of understanding regarding settlement |
| 3/26/10 | RET | .2 | Communication with Natalie Kossak regarding status of memorandum of understanding regarding settlement |
| 3/30/10 | RET | .2 | Communication with Kate Weaver regarding Cleary's latest changes to memorandum of understanding regarding settlement |
| 3/31/10 | RET | .2 | Communication from Ken Hashimoto to Peter Bisio regarding requesting that Chubb advise in writing whether Mary Cross has consent from CICC to enter into the memorandum of understanding regarding settlement |
| 3/31/10 | RET | .2 | Communication from Peter Bisio to Ken Hashimoto regarding indicating that Mary Cross has consent from CICC to enter into the memorandum of understanding regarding settlement |
| 3/31/10 | RET | .2 | Communication with Don Powers confirming that the $21.5 million settlement will be paid entirely by Chubb from the remaining insurance coverage |
| 3/31/10 | RET | .3 | Telephone call from Ken Hashimoto regarding questions about the memorandum of understanding regarding settlement |
| 3/31/10 | RET | .5 | Receive and analyze Cleary's latest changes to memorandum of understanding regarding settlement |

**SUB TOTAL     10,180.00**

DATE ATTY   HRS   DESCRIPTION OF SERVICES RENDERED

<u>L190 Other Case Assessment, Devel. & Adm</u>

| 3/22/10 | JMS7 | .3 | Correspondence with Kate Weaver and Ruth Hillis Jenkins regarding obtaining current plan documents |

**SUB TOTAL     127.50**

4

DATE ATTY   HRS   DESCRIPTION OF SERVICES RENDERED

<u>L210 Pleadings</u>

| | | | |
|---|---|---|---|
| 3/09/10 | JMS7 | .2 | Review order denying motion for limited modification of stay (approved by Sandy Illmer) |
| 3/10/10 | RET | .2 | Receive and analyze Order Denying Motion for Limited Modification of Stay in the bankruptcy case |
| 3/17/10 | RET | .1 | Receive and analyze notice by Plaintiffs of Withdrawal of Laurence J. Hasson |

**SUB TOTAL       235.00**

**ATTORNEY SERVICES                              $11,192.50**

**TOTAL HOURS:  23.00**

**FEE GRAND TOTAL:     $11,192.50**

**NORTEL'S 50% TOTAL: $5,596.25**

**NORTEL NETWORKS-ERISA Litigation**
**ERISA Litigation - Post Bankruptcy – Non-Insurance**

DATE ATTY   HRS         DESCRIPTION OF SERVICES RENDERED

L210 Pleadings

3/01/10 DSH   .10    Receive and review by ECF from the US Bankruptcy Court for the District of Delaware a Notice of Filing of Thirty-Eighth Report of the Monitor of the Canadian Nortel Companies in the Canadian Proceedings; communicate same to defense team

3/01/10 DSH   .10    Receive and review by ECF from the US Bankruptcy Court for the District of Delaware a Notice of Filing of Thirty-Ninth Report of the Monitor of the Canadian Nortel Companies in the Canadian Proceedings; communicate same to defense team

3/05/10 DSH   .50    Begin drafting Exhibit B of the thirteenth interim fee application of Jackson Lewis for the time period January 1, 2010 to January 31, 2010

3/05/10 DSH   .50    Finalize Exhibit A of the thirteenth interim fee application of Jackson Lewis for the time period January 1, 2010 to January 31, 2010

3/05/10 DSH   .40    Continue drafting of thirteenth interim fee application of Jackson Lewis for the time period January 1, 2010 to January 31, 2010

3/08/10 DSH   .10    Receive and review by ECF from the US Bankruptcy Court for the District of Delaware a Notice of Supplement to the Thirty-Seventh Report of the Monitor of the Canadian Nortel Companies in the Canadian Proceedings; communicate same to defense team

3/08/10 DSH   .10    Receive and review by ECF from the US Bankruptcy Court for the District of Delaware an Order Enforcing the Order of the Ontario Court Approving the Sale of Men Assets; communicate same to defense team

3/08/10 DSH   .10    Receive and review by ECF from the US Bankruptcy Court for the District of Delaware an Order Enforcing the Order of the Ontario Court Approving the Sale of Certain GSM/GSM-R Assets; communicate same to defense team

3/08/10 DSH   .10    Receive and review by ECF from the US Bankruptcy Court for the District of Delaware a Notice of Filing of the Fortieth Report of the Monitor of the Canadian Nortel Companies in the Canadian Proceedings; communicate same to defense team

3/09/10 DSH   .10    Receive and review from the US Bankruptcy Court for the District of Delaware an Order denying Lead Plaintiff's Motion for Limited Modification to Stay; communicate same to defense team

3/11/10 DSH   .20    Draft e-mail to Annie Cordo in connection with our Thirteenth Interim Fee Application, Exhibit A and Exhibit B to be filed with the US Bankruptcy Court in Delaware

3/11/10 DSH   .40    Draft form invoice to Don Powers of Nortel Network in connection with Jackson Lewis' thirteenth interim fee application

| | | | |
|---|---|---|---|
| 3/11/10 | DSH | .30 | Draft letter to Don Powers of Nortel Network in connection with Jackson Lewis' thirteenth interim fee application |
| 3/11/10 | DSH | .40 | Finalize thirteenth interim fee application of Jackson Lewis for the time period January 1, 2010 to January 31, 2010 and prepare all for filing with the Bankruptcy Delaware Court |
| 3/30/10 | DSH | 1.10 | Begin drafting of fourteenth interim fee application of Jackson Lewis for the time period February 1, 2010 to February 28, 2010 |
| 3/30/10 | DSH | 1.00 | Begin drafting Exhibit A of the fourteenth interim fee application of Jackson Lewis for the time period February 1, 2010 to February 28, 2010 |
| 3/31/10 | DSH | 1.20 | Continue drafting of fourteenth interim fee application of Jackson Lewis for the time period February 1, 2010 to February 28, 2010 |

**SUB TOTAL     1,005.00**

DATE   ATTY   HRS            DESCRIPTION OF SERVICES RENDERED

L230 Court Mandated Conferences

| | | | |
|---|---|---|---|
| 3/11/10 | RET | .30 | Receive and analyze information from Annie Cordo regarding fourth quarterly fee hearing |
| 3/12/10 | DSH | .10 | Draft electronic calendar entries for the Fourth Quarterly Fee Hearing being held in the Delaware Bankruptcy Court for defense team |
| 3/12/10 | DSH | .20 | Receive and review e-mail from Annie Cordo with specifics regarding the Fourth Quarterly Fee Hearing |
| 3/12/10 | DSH | .20 | Telephone communication with CourtCall Court Conference Group setting up live line for Rene' Thorne to attend the Fourth Quarterly Fee Hearing being held in the Delaware Bankruptcy Court |
| 3/12/10 | DSH | .30 | Review draft of Fourth Omnibus Order Allowing Certain Professionals Interim Compensation for Services Rendered and Reimbursement of Expenses to be submitted at the Fourth Quarterly Fee Hearing for any corrections that need to be made |
| 3/15/10 | RET | .10 | E-mail from Annie Cordo indicating that we do not have to appear telephonically for fourth quarterly fee hearing |
| 3/15/10 | DSH | .10 | Receive and review e-mail from Annie Cordo of Morris, Nichols, Arsht & Tunnel regarding Judge Gross' decision that it is not necessary for all attorneys to be present for the hearing on March 17 |
| 3/15/10 | DSH | .20 | Telephone conference with CourtCall Conferencing to cancel appearance for Rene' Thorne for the bankruptcy hearing on March 17 |

**SUB TOTAL     365.00**

DATE ATTY   HRS           DESCRIPTION OF SERVICES RENDERED

L250 Other Written Motions & Submissions

    3/17/10 RET   .30          Receive and analyze Fourth Quarterly Order and communication with Annie Cordo regarding Fifth Quarterly application

    3/31/10 JMS7  .40          Edit bill for submission to bankruptcy court

                                  **SUB TOTAL       320.00**

**TOTAL HOURS:  8.90**

**FEE GRAND TOTAL:      $ 1,690.00**

4827-1618-1766, v.  2