IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| Nortel Networks, Inc., *et al.*, | Case No.: 09-10138 (KG) |
| Debtors. | Jointly Administered<br>Hearing Date: June 9, 2010 at 10:00 am<br>Objections due: June 2, 2010 at 4:00 pm |
| | Related to D.I. 3034 |

**NONPARTY ACME PACKET, INC.'S OBJECTIONS TO DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING AN EXAMINATION OF AND PRODUCTION OF CERTAIN DOCUMENTS BY VERIZON COMMUNICATIONS INC. AND ITS AFFILIATES PURSUANT TO FED. R. BANKR. P. 2004 [D.I. 3034]**

Pursuant to Fed. R. Bankr. P. 2004, Acme Packet, Inc. ("Acme"), a nonparty to this bankruptcy case, files its Objections to Debtors' Motion for Entry of an Order Directing an Examination of and Production of Certain Documents by Verizon Communications Inc. and Its Affiliates ("Verizon") ("Debtors' Motion") and states the following:

**INTRODUCTION**

1.  Verizon filed a Proof of Claim against the Debtor in this bankruptcy case on September 30, 2009. *See* Debtors' Motion, ¶ 15.

2.  Verizon is a named defendant in a pending patent infringement lawsuit in the Eastern District of Texas, *Voxpath Networks, Inc. v. Verizon Commc'ns, Inc., et al.*, No. 08-cv-127 ("*Voxpath* Litigation").

3.  The Proof of Claim submitted by Verizon relates to an indemnity claim arising out of the *Voxpath* Litigation. *See* Debtors' Motion, ¶ 19.

4. In response to a Third Party Subpoena for documents and pursuant to an Agreed Protective Order entered in the *Voxpath* Litigation (attached hereto as Exhibit A), Acme produced certain confidential and highly sensitive technical documents and information, including source code, which is currently in the possession of Verizon and Voxpath.

5. A large portion of this information was designated as CONFIDENTIAL-ATTORNEYS' EYES ONLY pursuant to the Agreed Protective Order. Pursuant to paragraph 27 of the Agreed Protective Order, on May 24, 2010, Verizon notified Acme of the present Debtors' Motion and advised that it may provide Acme's confidential information to Nortel.

6. On May 25, 2010, Acme timely advised Verizon that it objected to the production of its highly confidential business information.

## ARGUMENT

7. According to the Debtors' Motion, Debtor is seeking documents that support an indemnity claim made by Verizon against Debtor arising out of the *Voxpath* Litigation.

8. Consequently, Debtor has requested, in relevant part, "copies of the infringement contentions provided to the Voxpath court; a claim chart mapping the patent claims asserted in the litigation to the allegedly infringing products...." *See* Debtors' Motion, ¶ 23.

9. The infringement contentions and related documentation and exhibits in the *Voxpath* Litigation include Acme's highly confidential and sensitive technical documents and information, and would become subject to production in this proceeding should Debtors' Motion be granted.

10. Acme objects to the production of its highly confidential and sensitive documentation and information, which includes, but is not limited to, its source code and other technical documents.

11. Acme objects to the production of its highly confidential information because it does not want such information in the possession of a direct competitor.

12. Debtor has obtained Court approval for the planned sale of certain assets to GENBAND, Inc. *See* Debtors' Motion, ¶ 13.

13. GENBAND, Inc. is a direct competitor of Acme and, accordingly, Acme does not want its confidential technical information and documents, including source code, in the possession of GENBAND, Inc.

14. Additionally, Acme's confidential information is not relevant to the subject matter of Debtor's document request. That is, the information sought by Debtor can easily be provided absent the inclusion of Acme's confidential information and/or with any such information redacted therefrom.

15. Further, Acme software provides security for telephone companies and governments. It has over 650 phone companies relying on its software to secure their networks. Any disclosure of any kind of software could have damages that exceed the entire value of the company.

16. Finally, Acme's software may be used by various government agencies, and in particular, defense related agencies in the United States and other countries. Access to the source code may harm these relationships in a way that may have severe economic consequences to Acme.

17. Accordingly, Acme objects to the production of its highly confidential and sensitive technical information.

## CONCLUSION

18. For the foregoing reasons, nonparty Acme Packet, Inc. objects to Debtors' Motion to the extent it would require the production of Acme's highly confidential business information.

Respectfully submitted, this 2nd day of June, 2010.

WEIR & PARTNERS, LLP


/s/ Jeffrey S. Cianciulli, Esquire
Jeffrey Cianciulii, Esquire
Weir & Partners LLP
824 Market Street, Suite 1001
P.O. Box 708
Wilmington, DE 19899
(302) 652-8181


/s/ Melissa Rhoden
N. Andrew Crain (*admission pro hac vice pending*)
Georgia State Bar No. 193081
Melissa Rhoden (*admission pro hac vice pending*)
Georgia State Bar No. 143160
Thomas, Kayden, Horstemeyer & Risley, LLP
600 Galleria Parkway, SE
Suite 1500
Atlanta, Georgia 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933

Attorneys for Acme Packet, Inc.