# EXHIBIT "A"

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

|  |  |
|---|---|
| VOXPATH NETWORKS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>VERIZON BUSINESS NETWORK SERVICES INC., *et al.*<br><br>Defendants. | Case No.:  4:08-cv-00127-RAS |

### AGREED PROTECTIVE ORDER

The Court issues this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained herein, this Protective Order shall remain in effect through the conclusion of this litigation.

In support of this Protective Order, the Court finds that:

Documents or information containing confidential, proprietary business information and/or trade secrets ("Protected Information") are likely to be disclosed or produced during the course of discovery in this litigation;

The parties to this litigation may assert that public dissemination and disclosure of Protected Information could severely injure or damage the party disclosing or producing the Protected Information and could place that party at a competitive disadvantage;

Counsel for the party or parties receiving Protected Information are presently without sufficient information to accept the representation(s) made by the party or parties producing

Protected Information as to the confidential, proprietary, and/or trade secret nature of such Protected Information; and

To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Protective Order should issue.

IT IS THEREFORE ORDERED THAT:

1.    Material to be treated under this Protective Order as Protected Information shall include:

a.    information set forth in response to mandatory disclosures under the Federal Rules, the Local Rules, the Patent Local Rules, or this Court's Discovery Order; in response to discovery requests made under Fed. R. Civ. P. 31, 33, 34, or 36; or voluntarily furnished, provided that, prior to disclosure to the receiving party, the information or responses are plainly marked or otherwise identified by the producing party on at least the caption page with a legend bearing the word

i.    "CONFIDENTIAL"; or

ii.    "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY"; or

iii.    "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY";

iv.    "HIGHLY CONFIDENTIAL — SOURCE CODE"; or

v.    "HIGHLY CONFIDENTIAL – API SOURCE CODE."

b.    information set forth in documents made available for inspection by the producing party in response to mandatory disclosures under the Federal Rules, the Local Rules, the Patent Local Rules, or this Court's Discovery Order; under Fed. R. Civ. P. 33(d), 34, or 45; or voluntarily furnished, and which are identified at the time of inspection as comprising Protected Information;

c.    information set forth in any copies of documents produced to the discovering party in response to mandatory disclosures under the Federal Rules, the Local Rules, the Patent Local Rules, or this Court's Discovery Order; under Fed. R. Civ. P. 33(d), 34, or 45; or voluntarily furnished, provided that, prior to delivery of the copies to the receiving party, the copies are marked by the producing party with a legend bearing the word "CONFIDENTIAL"; or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY"; or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY; "HIGHLY CONFIDENTIAL — SOURCE CODE" or "HIGHLY CONFIDENTIAL – API SOURCE CODE."

d.    information revealed by inspection of things or premises, in response to mandatory disclosures under the Federal Rules, the Local Rules, the Patent Local Rules, or this Court's Discovery Order; under Fed. R. Civ. P. 34; or voluntarily furnished, provided that, prior to the inspection, the party permitting inspection states in writing that its Protected Information will be disclosed by the inspection and specifies in writing those parts of the things or those areas of the premises in which its Protected Information will be revealed;

e.    information revealed during depositions upon oral examination under Fed. R. Civ. P. 30 or pursuant to subpoena under Fed. R. Civ. P. 45, except that the information revealed during any particular deposition shall cease to be Protected Information fourteen (14) calendar days after the deposition transcript becomes available, unless the witness, his employer, his counsel, or counsel for any of the parties designates either on the record during the deposition or in writing before the fourteen (14) calendar day period has expired that Protected Information is set

3

forth in the transcript and identifies in writing the portions of the transcript that set forth that Protected Information;

f.      any summary, digest, analysis, or comment on any information identified in categories (1)(a) - (e) above.

2.      Protected Information shall not include (a) advertising materials, (b) materials that have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for confidential treatment. In determining the scope of information which a party may designate as its Protected Information, each party acknowledges the importance of client access to all information material to client decision-making in the prosecution or defense of litigation, and therefore agrees that designations of information as Protected Information and responses to requests to permit further disclosure of Protected Information shall be made in good faith and (1) not to impose burden or delay on an opposing party, (2) not for tactical or other advantage in litigation, and (3) not in order to avoid embarrassment.

3.      Confidential Treatment. Protected Information shall only be used in connection with this litigation and not for any other business, litigation, or other purpose and shall not be shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

4.      Protected Information that is plainly marked or otherwise identified by the producing party on at least the caption page with a legend bearing the word "CONFIDENTIAL" shall be disclosed only to the following persons ("Qualified Persons"):

a.      The Court under seal.

b.  Outside counsel of record in this action (including support staff as reasonably necessary to assist such counsel in the preparation and trial of this action);

c.  Outside stenographic court reporters, videographic court reporters, and language translators (including support staff as reasonably necessary);

d.  The additional individuals listed in items (4)(d)(i) - (viii) below, provided that such additional individuals (except for those in category (vi)), have read this Protective Order and signed an Undertaking in the form attached as Exhibit A, which shall be retained in the files of outside counsel, except where otherwise indicated:

    i.  Five (5) internal counsel associated with a party who act in a legal capacity for the party and who are responsible for and/or working directly in the prosecution or defense of this action (including support staff as reasonably necessary to assist such counsel in the preparation and trial of this action). Before access is given, the internal counsel must complete the Undertaking attached as Exhibit A hereto.

    ii.  Up to four (4) officers, directors or employees of a party who either have responsibility for making decisions dealing directly with the litigation of this action or who are assisting outside counsel in preparation for proceedings in this action, *except* that the above-identified employees shall not receive access to or disclosure of Protected Information of another Defendant, absent the written consent of the producing party (for purposes of this provision, "Defendant" refers to a party sued by plaintiff herein, and not a counterclaim

defendant).  Before access is given, the employee must complete the Undertaking attached as Exhibit A hereto and counsel must provide the Undertaking to the Producing Party.

iii.    outside experts or outside consultants retained in this action, provided that:  (1) such consultants or experts are not presently employed by a party hereto; (2) before access is given, the expert or consultant has completed the Undertaking attached as Exhibit A hereto and the same is served upon the parties more than five (5) business days before access to the Protected Information is to be given to that expert or consultant; (3) before access is given, the party who has retained the expert shall provide to all other parties a copy of the expert's resume or CV and a list of previous engagements as a consulting expert (to the extent the expert is able to); and (4) the parties have five (5) business days after receipt of the expert's resume and/or CV and Undertaking to object to and notify the disclosing party in writing that they object to disclosure of Protected Information to the expert or consultant so identified. The parties agree to promptly confer and use good faith to resolve any such dispute. If the parties cannot resolve the dispute, the party seeking to prevent disclosure of the Protected Information may apply for relief from the Court pursuant to the Local Rules concerning discovery disputes and bears the burden of proving why such disclosure should not occur. If a motion is so filed with the Court within ten (10) business days after receipt of the Undertaking, no

6

disclosure shall be made to the expert or consultant unless and until the Court so orders.  If the motion is not filed within ten (10) business days after receipt of the Undertaking, the objecting party's objection is deemed waived.

iv.    Any person or party, including any third party, who is reasonably believed to have authored, received, or seen a document or thing marked "CONFIDENTIAL" or who is reasonably believed to otherwise be familiar with the Protected Information referenced in such document or thing, but only to the extent of the person's familiarity with the Protected Information. This provision excludes any individuals shown Protected Information at a deposition, which is governed by paragraph 10 herein. Notwithstanding the foregoing, Protected Information may be shown to present employees of the party that produced the Protected Information;

v.    Representatives of the parties' respective insurers who have agreed to provide coverage with respect to the defense of claims in this action;

vi.    Paralegals, translators, stenographic, videographic, and clerical employees associated with the individuals enumerated in (4)(d)(i) - (v) above, but only as part of a disclosure to said individuals in accordance with this stipulation and Order, and

vii.    Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services and photocopy, document imaging and database

services retained to assist outside counsel with preparation of presentation at trial or other court proceedings in this action; and

viii.    such other individuals as the parties may stipulate to by written agreement.

5.    Protected Information that is plainly marked or otherwise identified by the producing party on at least the caption page with a legend bearing the word "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" shall be disclosed only to the following Qualified Persons:

a.    Qualified Persons listed in Paragraphs (4)(a) - (4)(c) above;

b.    The additional individuals listed below, provided that such additional individuals (except for those in category (4)(d)(vi)), have read this Protective Order and signed an Undertaking in the form attached as Exhibit A, which shall be retained in the files of outside counsel, except where otherwise indicated:

i.    Internal counsel listed in Paragraph (4)(d)(i);

ii.    Outside experts or consultants listed in Paragraph (4)(d)(iii);

iii.    Any person who is reasonably believed to have authored, received, or seen a document or thing as listed in Paragraph (4)(d)(iv) with respect to information marked "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY";

iv.    Qualified persons listed in Paragraphs (4)(d)(v) - (4)(d)(vii);

v.    such other individuals as the parties may stipulate to by written agreement.

6.  The designation of Protected Information as "HIGHLY CONFIDENTIAL – OUTSIDE
    COUNSEL EYES ONLY" shall be reserved for highly sensitive information, such as
    information relating to network security issues, such as actual IP addresses.
    Alternatively, at the option of the producing party, such information may also be
    redacted.  Protected Information designated as "HIGHLY CONFIDENTIAL – OUTSIDE
    COUNSEL EYES ONLY" shall only be available to those persons identified in
    Paragraph 4 (a), (b) and (c).

7.  Protected Information designated as "HIGHLY CONFIDENTIAL — SOURCE CODE"
    that is in the form of computer source code (hereinafter referred to as "HIGHLY
    CONFIDENTIAL — SOURCE CODE") shall be subject to additional protections given
    the particularly sensitive nature of the information.

    a.  In the case of production of source code portions in electronic form, counsel shall
        comply with the following:

        i.  A single electronic copy of non-executable source code shall be
            produced for inspection to the receiving parties on a stand-alone laptop
            or similar grade computer provided by counsel for use in the above-
            captioned lawsuit only.  Receiving party may not load any other files
            or programs onto the stand alone computer.  Subject to reasonableness
            standards, will install the necessary review software provided by the
            receiving party on the stand alone computer, such as UltraEdit Text
            Editor (not Studio).  The source code will be produced in native
            format, which will allow the receiving party's designated counsel and
            experts described in paragraph (7)(a)(iii) below to view search, and

analyze the source code. The source code shall include all make files, build scripts and the like, but the receiving party may not compile or execute the source code and/or generate executable programs or file(s) from the source code. The files produced on the stand-alone computer are deemed to be source code for purposes of this Order. A stand-alone computer is a computer that is not connected to any internal or external computer network, including the Internet or World Wide Web. The stand-alone computer produced by Defendants shall be located at the law offices of Clyde Moody Siebman, Esq. in Plano, Texas. The stand-alone computer produced by VoxPath shall be located at a location in the Dallas or Plano area. The receiving party shall provide notice to the producing party of its intention to inspect the source code computer at least two (2) business days before the intended inspection. The source code will be available for inspection between 9 a.m. and 6 p.m. on weekdays. If the receiving party desires to review source code at other times, the receiving party will bear the cost of the producing party providing supervision at a rate of $90/hour.

ii.    The native source code shall be made available as it is kept in the normal course of business. If the producing party believes that the receiving party's requests pursuant to this paragraph are overbroad or unduly burdensome, the parties shall meet and confer promptly. If a resolution cannot be reached, the receiving party shall file a motion to compel within ten (10) business days.

iii.  Only four (4) attorneys for the receiving party's outside counsel, and three (3) experts retained by the receiving party who have been approved under Paragraph 4(d)(iii) of this Order shall have access to, view, and use the stand alone computer.  The producing party agrees to consider a reasonable request by the receiving party to substitute attorneys or experts authorized to access the source code.

iv.  Printed or imaged source code that has been marked "HIGHLY CONFIDENTIAL — SOURCE CODE" shall be disclosed only to the following Qualified Persons:

    a.  Outside experts or consultants listed in Paragraph (4)(a)(iii) above;

    b.  Any person who is reasonably believed to have authored, received, or seen a document or thing as listed in Paragraph (4)(d)(iv) with respect to information marked "HIGHLY CONFIDENTIAL — SOURCE CODE";

    c.  Qualified persons listed in Paragraphs 4(a), 4(b), 4(c) and 4(d)(vi) - 4(d)(viii);

v.  The stand-alone computer shall be password protected.  The appointed custodians shall receive the password.

vi.  No electronic copy of the source code, or any portion of the source code, may be made by the receiving party except pursuant to a further order of the Court.  Nothing in this provision prevents relevant

11

portions of the source code from being printed (subject to Paragraph 7(a)(viii) below), or included in the text of, or attached in image form (*e.g.*, as a PDF or TIF document) as exhibits to, discovery responses, expert reports, summary judgment briefing, trial exhibits and demonstratives, or other submissions or filings, or exhibits to such submissions or filings. Any such submission, filing or exhibit shall be marked "HIGHLY CONFIDENTIAL – SOURCE CODE" on its face and on each subsequent page that contains, reflects or refers to source code information. If any such submission, filing or exhibit containing, reflecting or referring to "HIGHLY CONFIDENTIAL – SOURCE CODE" information is filed with the court, it shall be filed under seal.

vii.    Pertinent portions of source code may be used as deposition exhibits, subject to the conditions of Paragraph 10 below. The receiving party shall use source code as deposition exhibits reasonably. Any notes pertaining to the source code prepared either by the receiving party's counsel or experts shall be marked "HIGHLY CONFIDENTIAL — SOURCE CODE" and stored in a secure location.

viii.   The stand-alone computer will be equipped with a laser printer of commercially reasonable speed. The receiving party has the right to print hard copies of source code it believes is needed to litigate the case. The receiving party will make good faith efforts to ensure that it only prints a reasonable amount of source code. The custodian appointed by the producing party will collect, Bates stamp and return

the print-outs to the receiving party within 3 days of the print-outs being made.

ix.    Counsel for the producing party shall maintain a log (or logs) indicating the dates on which the stand-alone computer was accessed, and the portions of the source code that were printed.    The maintenance of the log will not modify or alter the parties' stipulation(s) on expert disclosures.

x.    Each source code provider shall provide a manifest of the source code files loaded onto the stand-alone computer.  This manifest, which will be supplied in native electronic form, will list the name and location of every source code file that is installed on the computer to the extent reasonably feasible.

b.    Source code is to be used only for purposes of the above-captioned litigation.  The receiving party's counsel and experts are prohibited from viewing, using or relying on the source code for other litigation pending or subsequently brought against the producing party. Upon final termination of this action by dismissal, judgment, or settlement (including all appeals), the receiving party's counsel shall return all Protected Information designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" in its possession, and any and all copies of portions of the source code, to counsel for the producing party that provided the source code, within ninety (90) days of the final termination of this lawsuit.  The receiving party shall be entitled to keep a single file copy of all expert reports, summary judgment briefing, trial exhibits and demonstratives, or other submissions or

13

filings, or exhibits to such submissions or filings. Counsel for the receiving party shall file a certification of compliance with the Court certifying that the material was returned to the producing party. The custodian appointed by the producing party will return the stand alone laptop and/or the respective files thereon to counsel for the producing party at the conclusion of the litigation.

8.   A producing party must produce discovery materials in this case either in the native form in which they are kept in the usual course of business, or must provide imaged electronic files (TIFF or .tif format) with a delimited load-file that identifies page-document relationships. A producing party must also provide a delimited load file that identifies the Bates numbers, original Filename, original file path, Document ID, attachment relationships, and confidentiality designation regardless of production format. If a party has generated extracted full text, the extracted full text shall also be produced in the delimited load file. Excel and other spreadsheet files shall be produced in native format, unless redacted; in the case of redaction, such files shall be produced in image format. If the image is illegible or otherwise unacceptable to the receiving party, the parties agree to meet and confer on the best way to produce the information. If the Producing Party believes that the Receiving Party's requests are overbroad or unduly burdensome, the parties shall meet and confer promptly. If a resolution cannot be reached, the Receiving Party shall file a motion to compel within ten (10) business days.

9.   In the event a party produces Protected Information in native electronic file format, as kept in the ordinary course of business, the producing party shall affix the confidentiality designation of the discovery materials in a delimited text load-file field named "CONFIDENTIALITY" and name the electronic file with an abbreviated form of the

appropriate confidentiality designation (e.g., C for "CONFIDENTIAL"; AEO for

"HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY"; OCEO for "HIGHLY

CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY"; or HCSC for "HIGHLY

CONFIDENTIAL - SOURCE CODE"). The producing party shall also stamp produced

information with a unique identifier, and, to the extent practical, the legend shall be

placed near or along the same margin as the unique identifier. In the event a party

produces discovery materials in electronic format, the producing party shall affix the

unique identifier in a delimited text load-file field named "DOCID" and name that file

with both the appropriate confidentially designation and unique identifier (e.g. AEO-001-

00000001.ppt).

10.    Before Protected Information is disclosed or used in a deposition, the witness must be

authorized under Paragraphs 4, 5, 6, 7, or 32 of this Protective Order to see such

Protected Information. The party making such disclosure shall inform the witness, on the

record, that the use of such Protected Information is subject to the terms of this Protective

Order. Except for individuals who are present employees of the party that produced the

Protected Information, the witness must sign the Undertaking in the form attached hereto

as Exhibit A, which statement shall be included as an Exhibit to such deposition, or the

witness shall agree on the record to be bound by the terms of this Protective Order and

the Undertaking attached hereto as Exhibit A. If a witness refuses both options, the

deposition may cease and the parties should file any necessary motions with the Court, or

the parties may agree to continue the deposition on terms agreeable to all parties. If any

person present at the deposition is not a Qualified Person as defined in paragraph 4, 5, 6,

7, or 32 of this Protective Order, that person shall leave the deposition while any Protected Information is being disclosed during the deposition.

11. The term "copy" as used herein means any photographic, mechanical, or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

12. Any party may at any time file a motion, pursuant to the Local Rules of this Court pertaining to discovery motions, for an order that material designated as Protected Information is not, in fact, confidential, provided that the procedures set forth herein are followed prior to making such a motion. On such a motion, the party asserting confidentiality shall have the burden of proving that the Protected Information in question is protectable under Fed. R. Civ. P. 26(c) or on some other basis, or, as the case may be, that designation under this Protective Order is necessary under the circumstances. A party shall not be obligated to challenge the propriety of a designation of Protected Information at the time made, and failure to do so shall not preclude subsequent challenge. A party may challenge the other party's designation of information or materials produced under this Protective Order by serving a written objection upon the producing party. The producing party shall notify the challenging party in writing of the bases for the asserted designation within ten (10) business days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within five (5) business days after the challenging party has received the notice of the bases for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to this Court within fifteen (15) business days after conferring with the

producing party. All Protected Information designated under this Protective Order is entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary or a contrary determination is made by the Court as to whether all or a portion of any designated material is entitled to confidential treatment.

13.  Inadvertent or unintentional production of documents or information containing Protected Information that are not designated under this Protective Order shall not be deemed a waiver in whole or in part of a claim for protected treatment. With respect to documents, the producing party shall notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend. The recipient(s) shall gather and return all copies of the undesignated documents to the producing party.

14.  In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order, counsel for the party responsible for the unauthorized disclosure shall immediately notify counsel for the party having originally produced the Protected Information of the unauthorized disclosure and shall make every effort to further prevent unauthorized disclosure, including retrieving all copies of the Protected Information from the unauthorized recipient(s) thereof and securing the agreement of the recipient(s) not to further disseminate the Protected Information in any form. Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.

15.  The recipient of any Protected Information shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the Protected Information as is exercised by the recipient with respect to its own confidential

information of a similar nature, but in no event less than reasonable care. Each recipient of any Protected Information produced in this action hereby agrees to be subject to the jurisdiction of this Court solely for the purposes of the implementation and enforcement of this Protective Order.

16.    This Protective Order is without prejudice to the right of any party to move this Court for an order further restricting disclosure or use of any Protected Information.

17.    Nothing in this Protective Order shall preclude a party from disclosing or using, in any manner or for any purpose, any information that either was lawfully in its possession prior to being designated Protected Information in this litigation or was obtained from a third party having the right to disclose such information publicly.

18.    Pursuant to Rule 502 of the Federal Rules of Evidence, the disclosure of protected communications or information shall not constitute a waiver of any privilege or other protection (including work product) if the Producing Party took reasonable steps to prevent disclosure and also took reasonable steps to rectify the error in the event of an inadvertent disclosure. The Producing Party will be deemed to have taken reasonable steps to prevent communications or information from inadvertent disclosure if that party utilized either attorney screening, keyword search term screening, advanced analytical software applications and/or linguistic tools in screening for privilege, work product or other protection. In the event of the inadvertent disclosure of protected materials, the Producing Party shall be deemed to have taken reasonable steps to rectify the error of the disclosure if, within fifteen (15) business days from the date that the inadvertent disclosure has been realized, the Producing Party notifies the Receiving Party of the inadvertent disclosure and instructs the Receiving Party to promptly return all copies of

the inadvertently produced communications or information (including any and all work product containing such communications or information). Upon receiving such a request from the Producing Party, the Receiving Party shall promptly return all copies of such inadvertently produced communications or information (including any and all work product containing such communications or information), and shall make no further use of such communications or information (or work product containing such communications or information). Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client, work product or other designation of protection.

19.    Within 30 days of the production of documents, the parties will provide privilege logs for protected materials withheld for attorney-client privilege or pursuant to the work product doctrine (or other privileges or doctrines). Redacted materials shall also be logged, either in the privilege log or a separate redaction log. The logs shall contain:

a.    Sufficient information regarding the withheld material to allow the Receiving Party and the Court to make a cogent evaluation of the appropriateness of the assertion of a privilege or other protection. Such information will include the date of the document, its author(s), its recipient(s) and the subject matter of the document.

b.    For redacted material, in addition to the information above, the log entry for the withheld material should also include the Bates number of the document where the redaction can be found. Each redaction should be logged separately.

c.    For e-mail chains and strings, the Producing Party shall log all protected content by logging the topmost e-mail of the e-mail chain or string. The Producing Party

shall create a single log entry for each e-mail chain or string.  A Producing Party's logging of the topmost e-mail shall be deemed to assert protection for all of the protected material in an e-mail string or chain.

d.      When feasible, email chains or strings should be redacted instead of withheld in their entirety.

e.      Privileged documents generated after April 11, 2008 (the filing date of the lawsuit) need not be included on the privilege log.   Redacted portions of documents created after April 11, 2008, however, must be logged.

f.      Nothing herein shall prevent the Receiving Party from challenging the propriety of the designation of attorney-client privilege, work product or other designation of protection.

20.    A testifying expert's draft reports, notes, outlines, and any other writings leading up to his final report(s) in this case are exempt from discovery. In addition, all communications to and from a testifying expert, and all materials generated by a testifying expert with respect to his work on this case, are exempt from discovery unless relied upon by the expert in forming his opinions. The expert must produce his final report and all materials on which he relied.

21.    The party or parties receiving Protected Information shall not under any circumstances sell, offer for sale, advertise, or publicize such Protected Information.

22.    After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties

and recipients of the Protected Information for enforcement of the provisions of this Order following termination of this litigation.

23.    Upon final termination of this action by dismissal, judgment, or settlement (including all appeals), the recipients of Protected Information (other than recipients affiliated with the disclosing party or parties) shall destroy or return the Protected Information to the counsel for the party or parties disclosing or producing the Protected Information within ninety (90) days of the final termination. Outside counsel for the party or parties receiving the Protected Information may keep one archival copy of pleadings, correspondence, work product, discovery responses, expert reports, Court exhibits, and documents included in submissions to the Court, even if Protected Information is included therein. The provisions of Paragraph 6(b) shall govern the return of Protected Information marked "HIGHLY CONFIDENTIAL – SOURCE CODE" and the destruction of any and all attorney work product containing such "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Information.

24.    The terms of this Protective Order may be applied to the documents, information, and things received by a party from any person who is not a party to this litigation at the election of such non-party.

25.    Nothing herein shall bar or otherwise restrict an attorney who is a qualified recipient of Protected Information under the terms of this Protective Order from rendering advice to his or her client with respect to this action and, in the course thereof, from generally relying upon his or her examination of Protected Information. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose the specific

content of any Protected Information of any other person or party where such disclosure would not otherwise be permitted under the terms of this Protective Order.

26.     Any attorney for or representing the parties, whether in-house or outside counsel, and any person associated with the parties and permitted to receive Protected Information pursuant to this Order, who reviews and/or learns, in whole or in part, Protected Information under this Order shall not prepare, prosecute or assist in the preparation or prosecution of any patent application or pertaining to the subject matter of the patents-in-suit or the disclosed Protected Information during the pendency of this case and for two years after the conclusion of this litigation, including any appeals.  To ensure compliance with the purpose of this provision, the parties shall create an ethical wall between those persons with access to Protected Information and those individuals who prepare, prosecute or assist in the preparation or prosecution of any patent application or pertaining to the subject matter of the patents-in-suit or the disclosed Protected Information.

27.     In the event that any party or any other individual described herein is served with a subpoena or other judicial process demanding the production or disclosure of any Protected Information, such party or individual shall (a) provide lead counsel for all parties with a copy of such subpoena or other judicial process within five (5) days following receipt thereof, and (b) use all reasonable efforts to ensure treatment of the Protected Information at issue consistent with this Protective Order.

28.     The parties reserve their rights to agree on procedures for handling and introducing into evidence at the time of trial or other hearing materials and/or information deemed

Protected Information. In the absence of such an agreement, any party may petition the Court to order such procedures.

29.    This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

30.    This Protective Order shall not he deemed a waiver of: a) any party's right to object to any discovery request on any ground; b) any party's right to seek an order compelling discovery with respect to any discovery request; c) any party's right in any proceeding in this lawsuit to object to the admission of any evidence on any ground; or d) any party's right to use its own documents and its own Protected Information in its sole and complete discretion.

31.    The Court anticipates that the parties may file a motion to modify the terms hereof with respect to shifting the cost burden of production equitably and other terms that may be reasonably required to protect a party as provided in Rule 26(b) or (c) of the Federal Rules of Civil Procedure.

32.    In addition to, or in place of the provisions of this Order, the following provisions shall apply to Acme Packet and Protected Information produced by third party Acme Packet.

    a.    The parties shall disclose to Acme Packet the outside experts and/or outside consultants to which the parties intend to show Acme Packet's Protected Information prior to any such disclosure.  Outside experts or outside consultants eligible to receive and review Acme Packet's Protected Information include consultants or experts not presently employed by a party hereto.  Before access to

Acme Packet's Protected Information may be given by Acme Packet to the requesting party for its outside consultant or outside expert, the expert or consultant must have completed the Undertaking attached as Exhibit A hereto, which shall be provided to Acme Packet along with a copy of the expert's/consultant's resume or CV and a list of previous engagements as a consulting expert (to the extent the expert is able to) at least five (5) business days before access to the Protected Information is to be given to that expert or consultant. Acme Packet shall have five (5) business days after receipt of the expert's resume and/or CV and Undertaking to object and to notify the requesting party in writing of the objection to disclosure of Protected Information to the expert or consultant so identified. Any objections made by Acme Packet must be made in good faith. If Acme Packet and the requesting party cannot resolve Acme Packet's objection regarding disclosure of Protective Information to the expert or consultant so identified, the requesting party may apply for relief from the Court pursuant to the Local Rules concerning discovery disputes. The requesting party bears the burden of proving why Acme Packet's good faith objection should be overruled. The motion must be filed with the Court within fifteen (15) business days after the completion of the meet and confer regarding Acme Packet's objection or the objection is otherwise deemed sustained. If a motion is filed, no disclosure of Acme Packet Protected Information shall be made to the expert or consultant unless and until the Court so orders.

b.    As described above, printouts of selected portions of the native source code may be made using a printer attached to a source code computer made available by

Acme Packet at a location designated by Acme Packet.  Two identical and uniquely Bates marked copies of the printouts will be provided to the party making the printouts within 5 business days, or a more reasonable time should circumstances warrant.  Two identical and uniquely Bates marked copy of the printouts will also be provided to the other parties in the litigation within 5 business days, or a more reasonable time should circumstances warrant.  The copies will be made at the expense of the party receiving the hard copies (*i.e.*, VoxPath will pay for copies it receives and Defendants will pay for copies it receives).  The copies will also be clearly marked as "HIGHLY CONFIDENTIAL – API SOURCE CODE" and shall only be available to the Qualified Persons defined in Paragraphs 4(a), 4(b), 4(c), 4(d)(vii), 4(d)(viii), and outside experts or outside consultants, as defined above in Paragraph 32(a). The documents marked "HIGHLY CONFIDENTIAL – API SOURCE CODE" may also be shown to Acme Packet and its employees.  The hard copies of source code shall be kept in a secure location, such as a locked cabinet, at the office of outside counsel for the Receiving Party.   The hard copies may only be removed from the secured area when actively in use.

c.     Acme Packet's source code may be used in pleadings, discovery responses, expert reports and other similar documents.   Any documents containing any part of Acme Packet's source code shall be designated "HIGHLY CONFIDENTIAL – API SOURCE CODE," as defined above, and, if filed with the Court, shall be filed under seal.  If one or more of the hard (paper) copies of Acme Packet's source code is included in the pleadings, discovery responses, expert reports, or

other similar documents, the party including the hard copy may make an additional hard copy to replace the hard copy included in the pleading, discovery response, expert report, or other similar document but must notify Acme Packet prior to making such additional hard copy. Aside from file copies of the pleadings discovery responses, expert reports, or other similar documents, at no time may a party possess more than two sets of hard copies of Acme Packet's source code.

d.   If any excerpt, portion, part, or hard copy of Acme Packet source code is used in a pleading, discovery response, expert report or similar document, within three (3) business days after the filing or service of the document, the party serving or filing the document must notify Acme Packet of the type of document and the source code pages cited. This information is for inventory purposes and may not be used for any other purpose.

e.   The provisions of paragraph 27 apply with equal force to Protected Information produced by Acme Packet.

f.   After the termination of this litigation (including all appeals), all copies of Acme Packet's source code shall be returned to Acme Packet within thirty (30) days. The hard copies may not be destroyed. All portions of exhibits marked "HIGHLY CONFIDENTIAL – API SOURCE CODE" included in a pleading, discovery response, expert report, or other similar document shall be destroyed by the possessing party within thirty (30) days after termination of this litigation (including all appeals). Acme Packet shall maintain a file copy of the hard copy

26

source code produced by Acme Packet.  If necessary, the Receiving Party may request a copy of the hard copy source code destroyed.

g.    Nothing in this paragraph is meant to alter the provisions of this Protective Order for any party or third party other than Acme Packet.

The Joint Motion for Entry of a Protective Order [de #283] is GRANTED.

**SIGNED this the 31st day of July, 2009.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

VOXPATH NETWORKS, INC.,

                    Plaintiff,

vs.                                             Case No.:  4:08-cv-00127-RAS

VERIZON BUSINESS NETWORK SERVICES
INC., *et al.*

                    Defendants.

## EXHIBIT A

I, _____, under penalty of perjury, state that:

My residence address is _____.

My current employer is _____.

My business address is _____.

My business telephone is _____.

My current occupation is _____.

I have received a copy of the Protective Order in this action, a copy of which is attached hereto.

I carefully have read and understand the provisions of the Protective Order.  I will comply with

all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone

not qualified under the Protective Order, and will use only for purposes set forth in the Protective

Order any Protected Information which is disclosed to me.

Promptly upon termination of this action, I will return all Protected Information which

came into my possession, and all documents or things which I have prepared relating thereto, to

counsel for the party by whom I am employed or retained.

_____
(Signature)