```
                   IN THE UNITED STATES BANKRUPTCY COURT
                     FOR THE DISTRICT OF DELAWARE


IN RE:                          )      Case No. 09-10138 (KG)
                                )
                                )
NORTEL NETWORKS, INC., et al.   )
                                )      Chapter 11
                                )
                                )      Courtroom 3
                                )      824 Market Street
              Debtors.          )      Wilmington, Delaware
                                )
                                )      May 24, 2010
                                )      2:35 p.m.


                    TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE KEVIN GROSS
                 UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

For the Debtors:                Morris, Nichols, Arsht &
                                Tunnell
                                BY: DEREK ABBOTT, ESQ.
                                1201 North Market Street
                                18th Floor
                                Wilmington, DE 19899-1347
                                (302) 351-9459
                                     -AND-
                                Cleary, Gottlieb, Steen &
                                Hamilton
                                BY: JAMES BROMLEY, ESQ.
                                BY: JAMES CROFT, ESQ.
                                One Liberty Plaza
                                New York, NY 10006
                                (212) 225-2629
                                     -AND-
                                Nortel Networks, Inc.
                                BY: HYACINTH DEALMEIDA
                                (972) 685-2374

(Appearances continued.)

ECRO:                           Jennifer Pasierb

Transcription Service:          DIAZ DATA SERVICES
                                331 Schuylkill Street
                                Harrisburg, Pennsylvania 17110
                                (717) 233-6664


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

APPEARANCES:
(Continued)

For the UK Plan
Administrators:                   Young, Conaway, Stargatt &
                                  Taylor, LLP
                                  BY: MARIS J. FINNEGAN, ESQ.
                                  The Brandywine Building
                                  1000 West Street, 17th Floor
                                  Wilmington, DE 19801
                                  (302) 571-6600

For the Committee:                Richards, Layton & Finger, PA
                                  BY: DREW SLOAN, ESQ.
                                  One Rodney Square
                                  920 North King Street
                                  Wilmington, DE 1901
                                  (302) 651-7845
                                        -AND-
                                  Akin Gump
                                  BY: DAVID BOTTER, ESQ.
                                  BY: FRED S. HODARA, ESQ.
                                  BY: BRAD KAHN, ESQ.
                                  BY: SARAH SCHULTZ, ESQ.
                                  One Bryant Park
                                  New York, NY 10036
                                  (212) 872-1000

For Ericsson:                     Paul, Weiss, Rifkind, Wharton
                                  & Garrison, LLP
                                  BY: DIANE MEYERS, ESQ.
                                  1285 Avenue of the Americas
                                  New York, NY 10019
                                  (212) 373-3000

For SNMP Research
International, Inc.:               Ciardi, Ciardi & Astin
                                  BY: CARL NEFF, ESQ.
                                  919 Market Street
                                  Suite 700
                                  Wilmington, DE 19801
                                  (302) 658-1100
                                        -AND-
                                  Ciardi, Ciardi & Astin
                                  BY: MARK RALSTON, ESQ.
                                  2603 Oak Lawn Avenue
                                  Suite 200
                                  Dallas, TX 75219
                                  (214) 295-6416

Appearances:
(Continued)


For Bondholders Group:          Milbank, Tweed, Hadley &
                                McCloy, LLP
                                BY: THOMAS KRELLER, ESQ.
                                601 South Figueroa Street
                                30th Floor
                                Los Angeles, CA 90017
                                (213) 892-4463


For Ernst & Young:              Allen & Overy, LLP
                                BY: CHRISTINE STEENMAN
                                1221 Avenue of the Americas
                                New York, NY 10020
                                (212) 610-7300


For Hondo Sen:                  Cetus Capital
                                BY: HONDO SEN
                                8 Sound Shore Drive, Suite 303
                                Greenwich, CT 06830
                                (203) 552-3542

1    WILMINGTON, DELAWARE, MONDAY, MAY 24, 2010, 2:35 P.M.

2              THE CLERK:  Please rise.

3              THE COURT:  Good afternoon, everyone.  Thank you

4    and please be seated.

5              Mr. Abbott, good afternoon, sir.

6              MR. ABBOTT:  Good afternoon, Your Honor.

7    Hopefully, Your Honor is in better shape than the last time

8    we tried this.

9              THE COURT:  Oh, was I sick.  One of those, you

10   know, twenty-four, thirty-six-hour things.

11             MR. ABBOTT:  Well, as long as the thirty-six

12   hours are behind you, Your Honor, we're --

13             THE COURT:  There you go.  Yes.

14             MR. ABBOTT:  -- we're happy.

15             THE COURT:  Thank you.  Thank you.

16             MR. ABBOTT:  Your Honor, the first couple of

17   items have been adjourned.  Your Honor, the third item, an

18   order has already been entered and we would like to take

19   Item Number 5 first, if we could --

20             THE COURT:  Okay.

21             MR. ABBOTT:  -- for the convenience of one of the

22   parties who need to travels, Your Honor, if --

23             THE COURT:  Certainly.

24             MR. ABBOTT:  -- that's possible.

25             THE COURT:  Certainly.  That's fine.

1    MR. ABBOTT:  I'll cede the podium to Mr. Bromley,

2  then.

3    THE COURT:  All right.  Thank you.  Thank you,

4  Mr. Abbott.

5    Mr. Bromley, it's good to see you.  Your pressed

6  cufflinks don't do you justice, sir.

7    (Laughter)

8    MR. BROMLEY:  Well, thank you very much, Your

9  Honor.  It's good to see you.

10    THE COURT:  Yes.

11    MR. BROMLEY:  And thank you for having us today.

12    THE COURT:  Of course.  Thank you.

13    MR. BROMLEY:  We have a couple of matters before

14  us today.  We think it should be relatively smooth and

15  quick, though, as you can see by the --

16    THE COURT:  The sparse crowd.

17    MR. BROMLEY:  -- the sparse crowd.

18    THE COURT:  Yes.

19    MR. BROMLEY:  And that's always good for us every

20  once in a while.

21    THE COURT:  You bet.

22    MR. BROMLEY:  So Item Number 5, Your Honor, is a

23  matter relating to our previous transaction.  You may recall

24  the GSM business.

25    THE COURT:  Yes.

1          MR. BROMLEY:  And this -- where we sold,

2   basically, the business in North America to the Ericsson and

3   the business in Europe to Capsh.  This is a particular

4   spectrum of wireless technology that is predominant in

5   Europe, and there were certain contracts that were not sold

6   with respect to that transaction.

7          And this is an amendment, if you will, an

8   addition to that transaction for an order authorizing the

9   sale of additional contracts, essentially, pursuant to the

10  same terms and conditions as with respect to the original

11  transaction.

12         The purchaser here is Ericsson.  Because most of

13  these contracts relate to the business in -- I would say the

14  Americas rather than simply North America, in addition and

15  in particular with respect to contracts in the CALA area,

16  which is the Caribbean and Latin America in the lexicon of

17  Nortel.

18         The debtors did market these contracts and indeed

19  had a separate offer with respect to those contracts.  And

20  there have been a couple of objections that have been filed

21  and objections which we believe have been resolved.

22         The -- if you can excuse me, Your Honor?

23         THE COURT:  Of course.

24      (Pause)

25         MR. BROMLEY:  So, Your Honor, with respect to the

1   remainder of the motion, I would like to introduce one of my

2   colleagues, Mr. James Croft.  He has not appeared before you

3   as of yet.  This will be his first time and he has a

4   presentation, and he was recently admitted in the Southern

5   District and you've so kindly admitted him pro hac vice here

6   as well.

7               THE COURT:  Absolutely.  Thank you.  Thank you,

8   Mr. Bromley.

9               Welcome, Mr. Croft.  It's good to have you.

10              MR. CROFT:  Thank you, Your Honor.

11              James Croft from Clearly Gottlieb, Steen &

12  Hamilton on behalf of the debtors to speak about Item 5 on

13  the agenda, the motion to sell the GSM CALA business as Mr.

14  Bromley just said.

15              THE COURT:  Yes.

16              MR. CROFT:  As Mr. Bromley just said, Ericsson

17  purchased the U.S. and Canadian portions of the GSM business

18  and the sale was approved by this Court on December 2nd,

19  2009.  The sale of that business as well as the sale of the

20  European portions of that business to Capsh closed on March

21  31st, 2010.

22              The proposed sale is essentially a follow-on sale

23  to the GSM sales you previously approved with Ericsson

24  purchasing the Caribbean and Latin American portions of that

25  business.  The principle assets being sold are customer

1  contracts relating to the GSM business with counterparties

2  in the Caribbean and Latin American.  The primary Nortel

3  counterparties to these contracts is NN CALA, a debtor in

4  these cases, although there are also some contracts with NNL

5  as well, some non-debtor affiliates of NNI and NNO as well.

6           There are certain other assets being sold here,

7  including desktops and laptops used exclusively by

8  transferring employees as well as some inventory that's

9  being sold by NN CALA and NNI.

10          Ericsson has also agreed to employee a number of

11  Nortel employees pursuant to this transaction.

12          Certain ancillary agreements that were entered

13  into in connection with the GSM transaction will need to be

14  amended here.  The main purpose is to conform those

15  agreements to the fact that Ericsson will not be the owner

16  of the GSM CALA business and will not have to support

17  Nortel's operation of that business anymore.

18          The debtors believe that the proposed transaction

19  represents the best opportunity for Nortel to realize value

20  for these assets.  It believes that Ericsson is in a unique

21  position to honor the customer obligations that it is taking

22  over because of Ericsson's recent acquisition of the U.S.

23  and Canadian portions of the GSM business.

24          Notice of this motion was given in accordance

25  with the Bankruptcy Code, the bankruptcy rules, the local

1    rules and your order shortening notice.

2         It came to our attention that two of the 365

3    counterparties did not receive notice at the proper

4    addresses last week.  We sent addresses to the proper

5    addresses last week, and certificates of service noting such

6    service are on the docket at Number 3005 and 3031.

7         Two objections were received with respect to the

8    sale motion:  One from Motorola, Inc. and one from SNMP.

9    Both have been resolved prior to the sale hearing, though I

10   understand SNMP would like to speak briefly after this is

11   done.

12        Both essentially argued that the debtors could

13   not assume and assign their contracts without consent under

14   Section 365 and both were resolved with reservations of

15   rights in the proposed sale order that states that we're not

16   going to assume such contracts at this time; that if we do

17   so at a later date, it will be in accordance with the

18   supplemental assumption and assignment procedures in the

19   motion; and that any assumptions and assignments outside of

20   Section 365 will be done in accordance with the terms of the

21   applicable agreements or licenses.

22             THE COURT:  Okay.

23             MR. CROFT:  The Canadian Court heard a motion to

24   approve this sale last Thursday, May 20th, and I understand

25   that the Canadian Court approved such sale.

1        Your Honor, Mr. Hyacinth DeAlmeida, the leader of

2   corporate business development of Nortel Networks, Inc. is

3   on the phone and available to testify with respect to this

4   sale.

5        If called to testify, Mr. DeAlmeida would testify

6   that Nortel believes that the proposed transaction with

7   Ericsson is the highest or otherwise best transaction

8   available to the debtors with respect to the assets.

9        He would testify that the assets were marketed as

10  part of the original GSM transaction beginning April 2009

11  and have been marketed separately since March 2010.

12       He would testify that Nortel solicited offers for

13  the assets from approximately ten counterparties, six of

14  which were granted access to an electronic data room to

15  diligence a transaction with the debtors, and three of which

16  provided expressions of interest to the debtors.

17       Mr. DeAlmeida would testify that Nortel

18  negotiated with two counterparties through the signing and

19  that all negotiations were at arm's length and carried on

20  with good faith.  He would further testify that Ericsson is

21  not an insider of Nortel.

22       Mr. DeAlmeida would testify that one bidder

23  offered a slightly higher purchase price for these assets,

24  but that Nortel believes that Ericsson's offer is superior

25  to such offer because of the likelihood that the sale with

1    Ericsson will actually close given the fact that Ericsson

2    recently acquired the U.S. and Canadian portions of this

3    business.

4            He would testify that it's important for this

5    transaction to close quickly because the assets have

6    deteriorated and are continuing to deteriorate.  And he

7    would further testify that for the reasons mentioned in the

8    motion, it's important to keep the lists of customers and

9    the schedules and exhibits to the ASA confidential.

10            If called to testify, Mr. DeAlmeida would testify

11    to the above facts and we respectfully request that such

12    statements be treated as his proffer.

13            THE COURT:  Thank you, Mr. Croft.

14            Does anyone have any objection to my accepting

15    the proffer into evidence or does anyone wish to cross-

16    examine Mr. DeAlmeida?

17        (No verbal response)

18            THE COURT:  Hearing no one, that proffer is

19    accepted.  Mr. Croft, admitted into evidence.

20            MR. CROFT:  Thank you.

21            Your Honor, For all the reasons stated above, the

22    debtors respectfully request that the Court grant the relief

23    sought in the motion, including approving a sale of the

24    assets and the assumption and assignment of 365 contracts

25    and the keeping of the customers lists and schedules and

1  exhibits to the ASA confidential.

2            THE COURT:  All right.  Thank you.

3            MR. CROFT:  Do you have any questions, Your

4  Honor?

5            THE COURT:  I don't have any questions.  I did

6  read the papers.  I appreciate your pointing out to me not

7  only the additional certificate of services, but as well

8  that, in effect, this was not necessarily the highest, but

9  it doesn't necessarily have to be the highest.  It can be

10 the highest or best, and in this case it does appear to be

11 the best.

12            But before I make a final ruling, does anyone

13 wish to be heard with respect to the motion?  I think that

14 Mr. Neff is here for SNMP?

15            MR. NEFF:  Yes, Your Honor.

16            THE COURT:  Good afternoon, Mr. Neff.

17            MR. NEFF:  Good afternoon, Your Honor.  Carl Neff

18 of Ciardi, Ciardi & Astin on behalf of SNMP Research

19 International, Inc.

20            Your Honor, SNMP filed a preliminary objection to

21 the sale motion, the purpose of which was to reserve any and

22 all rights SNMP may have to object to the assumption or

23 assignment of any of its contracts or intellectual property

24 rights.

25            As way of background, SNMP and Nortel Networks

1   Corporation entered into a license agreement prior to the

2   petition dated -- governing Nortel's use of certain

3   intellectual property described as source code and binary

4   license code license by SNMP to Nortel.

5           Briefly, Your Honor, it's the understanding of

6   SNMP that all substantive objections to the assumptions or

7   assignment of any of its contracts or intellectual property

8   rights are being preserved in connection with this sale

9   motion, and SNMP reserve -- reserves all of its rights in

10  connection with the assumption or assignment of its contract

11  or intellectual property rights.

12          THE COURT:  All right.  Thank you, Mr. Neff.  And

13  I understand that the debtor is in agreement with that

14  position as well as on behalf of Motorola.  So -- is that

15  correct, Mr. Croft?

16          MR. CROFT:  Yes.  That's correct, Your Honor.

17          THE COURT:  Just to confirm.

18          MR. CROFT:  We did not notice the assumption and

19  assignment of any SNMP or Motorola agreements and if we

20  choose to do so in the future, under the supplemental

21  procedures in the motion it provides for a future objection

22  at that time.

23          THE COURT:  All right.  Thank you, Mr. Croft.

24          Well, under the circumstances I am satisfied

25  based upon the evidence that this is the best offer.  It is

1    certainly an arm's length transaction.  It reflects the

2    exercise of the debtors' reasonable business judgment.

3    There is a sound business reason for the transaction and for

4    the transaction to proceed as quickly as possible.  And

5    there is -- there are good grounds for the sale to be free

6    and clear of any and all liens and the like.

7             I do accept the filing of the customer list under

8    seal.  Obviously, that is a matter of important proprietary

9    information particularly now to the purchaser, and there is

10   also a waiver of the stay, which I am approving.  And with

11   that I'll be happy to sign your order.

12            MR. CROFT:  Thank you, Your Honor.  We have a

13   revised order which --

14            MR. ABBOTT:  May I approach, Your Honor?

15            THE COURT:  Yes.  Certainly, Mr. Abbott.  Thank

16   you.

17            MR. ABBOTT:  Thank you, Your Honor.

18            THE COURT:  Thank you.

19            MR. CROFT:  Thank you, Your Honor.

20            THE COURT:  Thank you, Mr. Croft.  It's a

21   pleasure to have you here.

22            MR. CROFT:  Thank you.

23            THE COURT:  Okay.

24            MR. NEFF:  Your Honor, Carl Neff again, if I may

25   be excused?

1            THE COURT:  You certainly may, Mr. Neff.

2            MR. NEFF:  Thank you, Your Honor.

3            THE COURT:  It's good to have you here, sir.

4            MR. NEFF:  Thank you.

5            MR. BROMLEY:  Your Honor, if we can also excuse

6    counsel for Ericsson.

7            THE COURT:  Yes.

8            MS. MEYER:  Thank you, Your Honor.

9            THE COURT:  Nice to see you.

10           MS. MEYER:  Nice to see you, too.

11           THE COURT:  And Mr. Almeida (sic), I don't know,

12   is he on -- he's on for the next one as well.

13           MR. BROMLEY:  He's on for the next one as well,

14   Your Honor.

15           THE COURT:  I'm sorry.  I did sign, by the way,

16   Mr. Bromley, the order on Number 6.

17           MR. BROMLEY:  You did?

18           THE COURT:  Yes.

19           MR. BROMLEY:  Thank you very much.

20           THE COURT:  And that, of course, relates to the

21   side agreement.  Is that --

22           MR. BROMLEY:  The side agreement.  Yes.

23           THE COURT:  Yes.

24           MR. BROMLEY:  Well, Your Honor, to go back onto

25   the agenda, there's a couple of other things the -- as you

1   gather from the content of the agenda letter, there's a bit

2   of clean-up that we're doing with respect to some of our

3   transactions and the matter that you just mentioned, Number

4   6, the side agreement for the GSM transaction.  With the

5   motion that Mr. Croft just presented I think we should be

6   done with the GSM transaction, but --

7             THE COURT:  Okay.

8             MR. BROMLEY:  -- if we need to come back for

9   anything else, we'll certainly let you know.

10            THE COURT:  I bet you will.

11            MR. BROMLEY:  Number 7 on the agenda, Your Honor,

12  is the debtors' motion to pursuant to Sections 105 and 363

13  for entry of an order approving a side agreement relating to

14  the CVAS transaction.

15            THE COURT:  Yes.

16            MR. BROMLEY:  And it is in anticipation of the

17  closing of the CVAS transaction we have that side agreement.

18  It's in the form substantially in -- substantially in the

19  form annex to the motion and we are very close to having it

20  fully signed up, but I think we're -- we have one sentence

21  left open.  But we are seeking approval of entry into that

22  agreement when it is finalized.  There have been no

23  objections to that either, Your Honor.

24            THE COURT:  And I am prepared to grant that --

25  that relief and sign the order.

1      MR. BROMLEY:  Thank you very much, Your Honor.

2      THE COURT:  You have the order there --

3      MR. ABBOTT:  May I approach?

4      THE COURT:  -- for it?  Oh, yes, Mr. Abbott.  You

5  sure may.  Thank you.

6      (Pause)

7      THE COURT:  Okay.

8      MR. BROMLEY:  Thank you very much, Your Honor.

9      To jump around a little bit more, we're to Number

10  4 on the agenda, and I would at this point in time also like

11  to introduce one of my other colleagues who is recently

12  admitted, Joseph Lanscron (phonetic) is now on the right

13  side of the bar --

14      THE COURT:  Yes.

15      MR. BROMLEY:  -- for the first time.

16      THE COURT:  It depends from where you're sitting,

17  I suppose.

18      MR. BROMLEY:  That is true, Your Honor.

19      The -- but we're very happy to have him and he's

20  recently admitted both in the Southern District and here.

21      THE COURT:  Welcome.

22      MR. BROMLEY:  You've entered an order admitting

23  him pro hac vice.

24      THE COURT:  Yes.

25      MR. BROMLEY:  And he has been helping out quite a

1   bit on all of our transactions.

2          Number 4 on the agenda, Your Honor, is another

3   bit of clean-up.  It relates to a transaction that we

4   referred to as the Seville transaction.  You may --

5          THE COURT:  Yes.

6          MR. BROMLEY:  -- recall it was one of the smaller

7   transactions.  The total consideration that was paid to the

8   Nortel entities was $10 million and this was from the

9   Hitachi Corporation for a business that was known as the

10  next Generation Packet Core Network business.

11         Now the transaction that we are looking at right

12  now is a somewhat subtle, but important amendment.  The

13  dollars involved are a sum total of 500,000, but they do

14  relate to certain intellectual property rights that require

15  us to come back for approval.

16         The debtors, by this motion, are seeking an order

17  approving certain amendments to the intellectual property

18  licensing agreement and the transition services agreement

19  that were entered into in connection with the Seville

20  transaction.  This expands, to a limited extent, the

21  intellectual property rights that had already been licensed

22  to Hitachi.

23         In October of 2009, on the 28th, the Court

24  entered an order approving the sale of the Seville assets to

25  Hitachi.  The -- on the 28th of October the Court also

1   entered an order allowing us to file under seal certain

2   disclosure schedules, exhibits and the like.

3           There is a certain element of the motion that

4   we're seeking here as an amendment of those confidential

5   schedules so, therefore, we ask that the confidential nature

6   of the amendment be treated in -- as such.  We also, for

7   purposes of this transaction and the motion papers that we

8   filed, filed the document that amends the existing documents

9   and we redacted a couple of paragraphs, indeed I think only

10  a couple of sentences.

11          And so by seeking approval of this motion, we're

12  also seeking approval of the redaction of those components

13  which, again, relate to certain confidential customer issues

14  and the debtors believe are important for competitive

15  purposes.

16          THE COURT:  Of course.

17          MR. BROMLEY:  The -- in connection with the

18  closing of the transaction, which took place in early

19  December, the parties entered into an intellectual property

20  licensing agreement dated as of December 8th, 2009, and a

21  transition services agreement dated as of December 7th.

22          Since the entry of the sale order, Hitachi has

23  approached the debtors and asked for the expansion of

24  certain rights to sublicense certain intellectual property

25  to an unaffiliated third party.  So this is intellectual

1    property that's already been licensed to Hitachi.  The

2    original agreement did not contemplate that they, in turn,

3    would be able to sublicense it onto someone else.

4         So on -- after negotiations on May 3rd of 2010,

5    the sellers, which are more than just the debtors, also the

6    Canadian debtors entered into an amendment under which

7    Hitachi will pay a licensing fee of $500,000 for the

8    additional intellectual property rights.

9         As we have done with our other transactions, the

10   proceeds,  the so-called additional licensing fee will be

11   paid into the same escrow account as the original purchase

12   price and will be subject to allocation as the other sale

13   proceeds are subject to allocation.

14        The transaction was not subject to overbid given

15   that what we are simply doing here is taking the rights that

16   were granted to the winning bidder in the original

17   transaction and expanding them slightly.

18        THE COURT:  Exactly.

19        MR. BROMLEY:  And we do appreciate that Hitachi

20   has approached us and asked us for permission to do this and

21   is willing to pay us for it.

22        Your Honor, Mr. DeAlmeida is on the phone and he

23   has been here in court on numerous occasions and he would be

24   available to testify.  There's been no objections filed to

25   this.  We have, as in the past and is our practice,

1  consulted extensively with the creditors' committee and the

2  bondholder group in advance of the hearing and they are in

3  support of it.

4         Mr. DeAlmeida is the leader of corporate business

5  development at Nortel in the United States and he's held

6  this position for approximately ten years.

7         If called to testify, he would testify that he

8  oversaw the sale process for the Seville business to

9  Hitachi, as well as the subsequent negotiations for the

10  amendment -- amendments to the intellectual property

11  licensing agreement and the transition services agreement;

12  that the original transaction was conducted as he testified

13  through proffer at the original transaction hearing and that

14  that transaction represented the highest and best value

15  available for that business.

16         He would testify as well that Hitachi approached

17  Nortel and in particular him for an expansion of the rights

18  under the two agreements mentioned to sublicense certain

19  additional -- certain of the sellers' intellectual property,

20  and that he led the negotiations of the document, the

21  amendment to those agreements under which Hitachi will pay

22  an additional $500,000.

23         He would testify that those funds would be

24  deposited into the escrow agreement that has already been

25  established and holds the remainder of the proceeds paid by

1   Hitachi;

2          That the amendment is supported by the sound

3   business judgment of the debtors.  It involves an additional

4   payment with respect to certain intellectual property

5   already licensed, and is not available for other purchase or

6   license at this point in time;

7          That the transaction, in his view, is in the best

8   interest of the debtors' and their creditors, and as he

9   previously testified, that Hitachi is not an insider of the

10  debtors or otherwise affiliated with the debtors.

11          THE COURT:  Thank you, Mr. Bromley.

12          Does anyone wish to cross-examine Mr. DeAlmeida

13  or object to the proffer being admitted into evidence?

14       (No verbal response)

15          THE COURT:  All right.  I am pleased to admit

16  that proffer into evidence in support of the motion and I am

17  also pleased to grant the motion.  Clearly it is -- this

18  falls within the debtors' sound business judgment and there

19  is a sound business purpose.  The price is, again, something

20  that was negotiated at arm's length and I think that says

21  about all that needs to be said in support of granting the

22  order --

23          MR. BROMLEY:  Thank --

24          THE COURT:  -- or entering the order I should

25  say.

1          MR. BROMLEY:  Great.  Thank you very much, Your

2    Honor.

3          May we approach?

4          THE COURT:  Yes.  You bet.  Thank you.

5          Okay.  All right.  You've added the language

6    relating to the escrow in particular and I am pleased to

7    sign the order.

8          MR. BROMLEY:  Thank you very much, Your Honor.

9          THE COURT:  All right.

10          MR. BROMLEY:  Your Honor, there was only other

11    matter listed on the agenda which is a carry-over objection

12    by AT&T to the sale of the debtors' CVAS business.

13          THE COURT:  Yes.

14          MR. BROMLEY:  This has continued to be adjourned.

15    We are continuing to work with AT&T.  So we have adjourned

16    it through to June 9th at 10 a.m.

17          THE COURT:  Okay.  That's fine.

18          MR. BROMLEY:  And that, Your Honor, is all that

19    we had for the record today.  We had requested through

20    chambers a very short meeting, if we could, and the --

21    counsel for the committee and the bondholders would like to

22    dial in for that if we could.

23          THE COURT:  That would be fine.

24          MR. BROMLEY:  And I think that will be very

25    brief, but we just wanted to give you a little bit of an

1   update on a couple of things.

2            THE COURT:  All right.  I would appreciate that,

3   and always welcome the opportunity to hear from you.

4            Do you have a phone number to call?

5            MR. BROMLEY:  I have provided my dial-in.

6            THE COURT:  Oh, okay.

7            MR. BROMLEY:  If that's okay?

8            THE COURT:  That's perfectly fine.

9            MR. BROMLEY:  Okay.

10           THE COURT:  All right.  With that, if there's

11  nothing further, we'll stand in recess and I will see you in

12  chambers.

13           MR. BROMLEY:  Thank you very much, Your Honor.

14           THE COURT:  Thank you, everyone.  Good day.

15       (Whereupon at 2:59 p.m., the hearing was adjourned)

16

17                          CERTIFICATION

18           I   certify   that   the   foregoing   is   a   correct

19  transcript   from   the   electronic   sound   recording   of   the

20  proceedings in the above-entitled matter.

21

22

23  Sherri Breach                         May 27, 2010

24  AAERT Cert. No. 397

25  Certified Court Transcriptionist

| Word | Page:Line |
|---|---|
| **a.m**(1) 23:16 | |
| **abbott**(15) 1:27 4:5 4:6 4:11 4:14 4:16 4:21 4:24 5:1 5:4 14:14 14:15 14:17 17:3 17:4 | |
| **able**(1) 20:3 | |
| **about**(2) 7:12 22:21 | |
| **above**(1) 11:11 11:21 | |
| **above-entitled**(1) 24:20 | |
| **absolutely**(1) 7:7 | |
| **accept**(1) 14:7 | |
| **accepted**(1) 11:19 | |
| **accepting**(1) 11:14 | |
| **access**(1) 10:14 | |
| **accordance**(3) 8:24 9:17 9:20 | |
| **account**(1) 20:11 | |
| **acquired**(1) 11:2 | |
| **acquisition**(1) 8:22 | |
| **actually**(1) 11:1 | |
| **added**(1) 23:5 | |
| **addition**(2) 6:8 6:14 | |
| **additional**(7) 6:9 12:7 20:8 20:10 21:19 21:22 22:3 | |
| **addresses**(3) 9:4 9:4 9:5 | |
| **adjourned**(4) 4:17 23:14 23:15 24:15 | |
| **administrators**(1) 2:5 | |
| **admit**(1) 22:15 | |
| **admitted**(6) 7:4 7:5 11:19 17:12 17:20 22:13 | |
| **admitting**(1) 17:22 | |
| **advance**(1) 21:2 | |
| **aert**(1) 24:24 | |
| **affiliated**(1) 22:10 | |
| **affiliates**(1) 8:5 | |
| **after**(2) 9:10 20:4 | |
| **afternoon**(5) 4:3 4:5 4:6 12:16 12:17 | |
| **again**(1) 14:24 19:13 22:19 | |
| **agenda**(7) 7:13 15:25 16:1 16:11 17:10 18:2 23:11 | |
| **agreed**(1) 8:10 | |
| **agreement**(16) 13:1 13:3 13:13 15:21 15:22 16:4 16:13 16:17 16:22 18:18 18:18 19:20 19:21 20:2 21:11 21:11 21:24 | |
| **agreements**(8) 8:12 8:15 9:21 13:19 21:18 21:21 | |
| **akin**(1) 2:20 | |
| **all**(18) 5:3 10:19 11:21 12:2 12:22 13:6 13:9 13:12 13:23 14:8 14:11 18:1 22:15 22:21 23:5 23:9 23:18 24:2 24:10 | |
| **allen**(1) 3:13 | |
| **allocation**(2) 20:12 20:13 | |
| **allowing**(1) 19:1 | |
| **almeida**(1) 15:11 | |
| **already**(5) 4:18 18:21 20:1 21:24 22:5 | |
| **also**(10) 8:4 8:10 14:10 14:15 17:10 18:25 19:6 19:12 20:5 22:17 | |
| **although**(1) 8:4 | |
| **always**(2) 5:19 24:3 | |
| **amended**(1) 8:14 | |
| **amendment**(8) 6:7 18:12 19:4 19:6 20:6 21:10 21:21 22:2 | |
| **amendment**(2) 18:17 21:10 | |
| **amends**(1) 19:8 | |
| **america**(3) 6:2 6:14 6:16 | |
| **american**(2) 7:24 8:2 | |
| **americas**(3) 2:32 3:15 6:14 | |
| **ancillary**(1) 8:12 | |
| **and**(123) 1:32 1:40 2:19 2:43 4:4 4:18 5:11 5:14 5:19 6:1 6:2 6:5 6:7 6:10 6:14 6:16 6:18 6:19 6:21 7:3 7:4 7:5 7:17 7:18 7:24 8:2 8:5 8:7 8:9 8:16 8:23 9:1 9:5 9:6 9:8 9:13 9:14 9:18 9:19 9:19 9:24 10:3 10:11 10:15 10:18 10:19 11:2 11:6 11:6 11:8 11:9 11:11 11:14 11:24 11:25 11:25 11:25 12:10 12:21 12:25 13:3 13:9 13:12 13:18 13:19 14:3 14:4 14:6 14:6 14:6 14:9 14:10 15:11 15:20 16:3 16:12 16:16 16:19 16:24 16:25 17:10 17:19 17:20 17:25 18:8 18:18 18:24 17:9 19:11 19:14 19:20 19:23 20:12 20:17 20:19 20:20 20:20 20:22 20:23 20:25 21:2 21:2 21:5 21:11 21:13 21:14 21:17 21:20 21:25 22:5 22:8 22:8 22:16 22:18 22:20 23:6 23:18 23:20 23:21 23:24 24:3 24:11 | |
| **angeles**(1) 3:10 | |
| **annex**(1) 16:19 | |
| **another**(1) 18:2 | |
| **anticipation**(1) 16:16 | |
| **any**(9) 9:19 11:14 12:3 12:5 12:21 12:23 13:7 13:19 14:6 | |
| **anymore**(1) 8:17 | |
| **anyone**(4) 11:14 11:15 12:12 12:12 | |
| **anything**(1) 16:9 | |
| **appear**(1) 12:10 | |
| **appearances**(2) 1:45 3:1 | |
| **appeared**(1) 7:2 | |
| **applicable**(1) 9:21 | |
| **appreciate**(3) 12:6 20:19 24:2 | |
| **approach**(3) 14:14 17:3 23:3 | |
| **approached**(3) 19:23 20:20 21:16 | |
| **approval**(4) 16:21 18:15 19:11 19:12 | |
| **approve**(1) 9:24 | |
| **approved**(5) 7:18 7:23 9:25 | |
| **approving**(5) 11:23 14:10 16:13 18:17 18:24 | |
| **approximately**(2) 10:13 21:6 | |
| **april**(1) 10:10 | |
| **are**(19) 4:12 7:25 8:4 8:6 9:6 11:6 13:5 11:16 16:21 18:11 18:13 18:16 19:14 20:5 20:13 20:15 21:2 23:15 | |
| **area**(1) 6:15 | |
| **argued**(1) 9:12 | |
| **arm's**(3) 10:19 14:1 22:20 | |
| **around**(1) 17:9 | |
| **arsht**(1) 1:25 | |
| **asa**(2) 11:9 12:1 | |
| **ask**(1) 19:5 | |
| **asked**(2) 19:3 20:20 | |
| **assets**(10) 7:25 8:6 8:20 10:8 10:9 10:13 10:23 11:5 11:24 18:24 | |
| **assign**(1) 9:13 | |
| **assignment**(6) 9:18 11:24 12:23 13:7 13:10 13:19 | |
| **assignments**(1) 9:19 | |
| **assume**(2) 9:13 9:16 | |
| **assumption**(5) 9:18 11:24 12:22 13:10 | |
| **assumptions**(2) 9:19 13:6 | |
| **astin**(3) 2:37 2:44 12:18 | |
| **att**  (2) 23:12 23:15 | |
| **attention**(1) 9:2 | |
| **authorizing**(1) 6:8 | |
| **available**(5) 10:3 10:8 20:24 21:15 22:5 | |
| **avenue**(3) 2:32 2:46 3:15 | |
| **back**(3) 15:24 16:8 18:15 | |
| **background**(1) 12:25 | |
| **bankruptcy**(4) 1:1 1:20 8:25 8:25 | |
| **bar**(1) 17:13 | |
| **based**(1) 13:25 | |
| **basically**(1) 6:2 | |
| **because**(4) 6:12 8:22 10:25 11:5 | |
| **been**(14) 4:17 4:18 6:20 6:20 6:21 9:9 10:11 16:22 17:25 18:21 20:1 20:23 20:24 | |
| **before**(4) 1:19 5:13 7:2 12:12 | |
| **beginning**(1) 10:10 | |
| **behalf**(3) 7:12 12:18 13:14 | |
| **behind**(1) 4:12 | |
| **being**(5) 7:25 8:6 8:9 13:8 22:13 | |
| **believe**(3) 6:21 8:18 19:14 | |
| **believes**(3) 8:20 10:6 10:24 | |
| **best**(5) 8:19 10:7 12:10 12:11 13:25 21:14 22:7 | |
| **bet**(3) 5:21 16:10 23:4 | |
| **better**(1) 4:7 | |
| **bidder**(2) 10:22 20:16 | |
| **binary**(1) 13:3 | |
| **bit**(5) 16:1 17:9 18:1 18:3 23:25 | |
| **bondholder**(1) 21:2 | |
| **bondholders**(2) 3:5 23:21 | |
| **both**(4) 9:9 9:12 9:14 17:20 | |
| **botter**(1) 2:21 | |
| **brad**(1) 2:23 | |
| **brandywine**(1) 2:8 | |
| **breach**(1) 24:23 | |
| **brief**(1) 23:25 | |
| **briefly**(2) 9:10 13:5 | |
| **bromley**(45) 1:35 5:1 5:5 5:8 5:11 5:13 5:17 5:19 5:22 6:1 6:25 7:8 7:14 7:16 15:5 15:13 15:16 15:17 15:19 15:22 15:24 16:8 16:11 16:16 17:1 17:8 17:15 17:18 17:22 17:25 18:6 19:17 20:19 22:11 22:23 23:1 23:8 23:10 23:14 23:18 23:24 24:5 24:7 24:9 24:13 | |
| **bryant**(1) 2:25 | |
| **building**(1) 2:8 | |
| **business**(26) 5:24 6:2 6:3 6:13 7:13 7:17 7:19 7:20 7:25 8:1 8:16 8:17 8:23 10:2 11:3 14:2 14:3 14:9 18:9 18:10 21:4 21:8 21:15 22:3 22:18 22:19 23:12 | |
| **but**(11) 10:24 12:7 12:8 12:12 16:6 16:20 16:21 17:19 18:12 18:13 23:25 | |
| **cala**(5) 6:15 7:13 8:3 8:9 8:16 | |
| **call**(1) 24:4 | |
| **called**(3) 10:5 11:10 21:7 | |
| **came**(1) 9:2 | |
| **can**(4) 5:15 6:22 12:9 15:5 | |
| **canadian**(6) 7:17 8:23 9:23 9:25 11:2 20:6 | |
| **capital**(1) 3:19 | |
| **capsh**(2) 6:3 7:20 | |
| **caribbean**(3) 6:16 7:24 8:2 | |
| **carl**(3) 2:38 12:17 14:24 | |
| **carried**(1) 10:19 | |
| **carry-over**(1) 23:11 | |
| **case**(2) 1:5 12:10 | |
| **cases**(1) 8:4 | |
| **cede**(1) 5:1 | |
| **cert**(1) 24:24 | |
| **certain**(14) 6:5 8:6 8:12 13:2 18:14 18:17 19:1 19:3 19:13 19:24 19:24 21:18 21:19 22:4 | |
| **certainly**(6) 4:23 4:25 14:1 14:15 15:1 | |
| **certificate**(1) 12:7 | |
| **certificates**(1) 9:5 | |
| **certification**(1) 24:17 | |
| **certify**(1) 24:18 | |
| **cetus**(1) 3:19 | |
| **chambers**(2) 23:20 24:12 | |
| **chapter**(1) 1:9 | |
| **choose**(1) 13:20 | |
| **christine**(1) 3:14 | |
| **ciardi**(6) 2:37 2:37 2:44 2:44 12:18 12:18 | |
| **circumstances**(1) 13:24 | |
| **clean-up**(2) 16:2 18:3 | |
| **clear**(1) 14:6 | |
| **clearly**(2) 7:11 22:17 | |
| **cleary**(1) 1:33 | |
| **clerk**(1) 4:2 | |
| **close**(3) 11:1 11:5 16:19 | |
| **closed**(1) 7:20 | |
| **closing**(2) 16:17 19:18 | |
| **code**(3) 8:25 13:3 13:4 | |
| **colleagues**(2) 7:2 17:11 | |
| **come**(2) 16:8 18:15 | |
| **committe**(2) 2:13 21:1 23:21 | |
| **competitive**(1) 19:14 | |
| **components**(1) 19:12 | |
| **conaway**(1) 2:5 | |
| **conditions**(1) 6:10 | |
| **conducted**(1) 21:12 | |
| **confidential**(5) 11:9 12:1 19:4 19:5 19:13 | |
| **confirm**(1) 13:17 | |
| **conform**(1) 8:14 | |
| **connection**(5) 8:13 13:8 13:10 18:19 19:17 | |
| **consent**(1) 9:13 | |
| **consideration**(1) 18:7 | |
| **consulted**(1) 21:1 | |
| **contemplate**(1) 20:2 | |
| **content**(1) 16:1 | |
| **continued**(4) 1:45 2:2 3:2 23:14 | |
| **continuing**(2) 1:16 23:15 | |
| **contract**(1) 13:10 | |
| **contracts**(14) 6:5 6:9 6:13 6:15 6:18 6:19 8:1 8:3 8:4 9:13 9:16 11:24 12:23 13:7 | |
| **convenience**(1) 4:21 | |
| **core**(1) 18:10 | |
| **corporate**(2) 10:2 21:4 | |
| **corporation**(2) 13:1 18:9 | |
| **correct**(3) 13:15 15:18 24:18 | |
| **could**(4) 4:19 9:12 23:20 23:22 | |
| **counsel**(2) 15:6 23:21 | |
| **counterparties**(5) 8:1 8:3 9:3 10:13 10:18 | |
| **couple**(4) 4:16 5:13 6:20 15:25 19:9 19:10 24:1 | |
| **course**(4) 5:12 6:23 15:20 19:16 | |
| **court**(74) 1:1 1:43 4:9 4:13 4:15 4:20 4:23 4:25 5:3 5:12 5:16 5:18 5:21 5:25 6:23 7:7 7:15 7:18 9:22 9:23 9:25 11:13 11:18 11:22 12:2 12:5 12:16 13:12 13:17 13:23 14:15 14:18 14:20 14:23 15:1 15:3 15:7 15:9 15:11 15:15 15:18 15:20 15:23 16:7 16:10 16:15 16:24 17:2 17:4 17:7 17:14 17:16 17:21 17:24 18:5 18:23 18:25 19:16 20:18 20:23 22:11 22:15 22:24 23:4 23:9 23:13 23:17 23:23 24:2 24:6 24:8 24:10 24:14 | |
| **courtroom**(1) 1:11 | |
| **creditors**(2) 21:1 22:8 | |
| **croft**(20) 1:36 7:2 7:9 7:10 7:11 7:16 9:23 11:13 11:19 11:20 12:3 13:15 13:16 13:18 13:23 14:12 14:19 14:20 14:22 16:5 | |
| **cross**(1) 11:15 | |
| **cross-examin**(1) 22:12 | |
| **crowd**(2) 5:16 5:17 | |
| **cufflinks**(1) 5:6 | |
| **customer**(4) 7:25 8:21 14:7 19:13 | |
| **customers**(1) 11:8 11:25 | |
| **cvas**(1) 16:14 16:17 23:12 | |
| **dallas**(1) 2:48 | |
| **data**(2) 1:49 10:14 | |
| **date**(1) 9:17 | |
| **dated**(3) 13:2 19:20 19:21 | |
| **david**(1) 2:21 | |
| **day**(1) 24:14 | |
| **dealmeida**(10) 1:42 10:1 10:5 10:17 10:22 11:10 11:16 20:22 21:4 22:12 | |
| **debtor**(2) 8:3 13:13 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|
| **debtors**(23) 1:13 1:25 6:18 7:12 8:18 9:12 10:8 10:15 10:16 11:22 14:2 16:12 18:16 19:14 19:23 20:5 20:6 22:3 22:8 22:10 22:10 22:18 23:12 | | **expressions**(1) 10:16 **extensively**(1) 21:1 **extent**(1) 18:20 **fact**(2) 8:15 11:1 **facts**(1) 11:11 **faith**(1) 10:20 **falls**(1) 22:18 | | **heard**(2) 9:23 12:13 **hearing**(5) 9:9 11:18 21:2 21:13 24:15 **held**(1) 21:5 **helping**(1) 17:25 **here**(11) 6:12 7:5 8:6 8:14 12:14 14:21 15:3 17:20 19:4 20:15 20:23 | | **last**(4) 4:7 9:4 9:5 9:24 **later**(1) 9:17 **latin**(3) 6:16 7:24 8:2 **laughter**(1) 5:7 **lawn**(1) 2:46 **layton**(1) 2:13 **leader**(2) 10:1 21:4 | |
| **december**(4) 7:18 19:19 19:20 19:21 **delaware**(3) 1:2 1:13 4:1 **depends**(1) 17:16 **deposited**(1) 21:24 **derek**(1) 1:27 **described**(1) 13:3 **desktops**(1) 8:7 **deteriorate**(1) 11:6 **deteriorated**(1) 11:6 **development**(2) 10:2 21:5 **dial**(1) 23:22 **dial-in**(1) 24:5 **diane**(1) 2:31 **diaz**(1) 1:49 **did**(7) 6:18 9:3 12:5 13:18 15:15 15:17 20:2 | | **fee**(2) 20:7 20:10 **figueroa**(1) 3:8 **file**(1) 19:1 **filed**(5) 6:20 12:20 19:8 19:8 20:24 **filing**(1) 14:7 **final**(1) 12:12 **finalized**(1) 16:22 **fine**(4) 4:25 23:17 23:23 24:8 **finger**(1) 2:13 **finnegan**(1) 2:7 **first**(4) 4:16 4:19 7:3 17:15 **floor**(1) 1:29 2:9 3:9 **follow-on**(1) 7:22 | | **higher**(1) 10:23 **highest**(5) 10:7 12:8 12:9 12:10 21:14 **him**(4) 7:5 17:19 17:23 21:17 **his**(3) 7:3 11:12 22:7 **hitachi**(12) 18:9 18:22 18:25 19:22 20:1 20:7 20:19 21:9 21:16 21:21 22:1 22:9 | | **led**(1) 21:20 **left**(1) 16:21 **length**(3) 10:19 14:1 22:20 **let**(1) 16:9 **letter**(1) 16:1 **lexicon**(1) 6:16 **liberty**(1) 1:37 **license**(4) 13:1 13:4 13:4 22:6 **licensed**(3) 18:21 20:1 22:5 **licenses**(1) 9:21 | |
| | | **for**(50) 1:12 1:25 2:4 2:13 2:29 2:36 3:5 3:13 3:19 4:21 5:11 5:19 6:8 8:19 8:20 10:12 10:23 11:4 11:7 11:21 12:14 13:1 14:3 14:3 14:5 15:6 15:12 15:13 16:4 16:8 16:13 17:4 17:15 18:9 18:15 19:6 19:14 19:20 20:7 20:20 20:21 21:6 21:8 21:9 21:15 21:17 22:5 23:19 23:21 23:22 | | **hodara**(1) 2:22 **holds**(1) 21:25 **hondo**(2) 3:19 3:20 **honor**(42) 4:6 4:7 4:12 4:16 4:17 4:22 5:9 5:22 6:22 6:25 7:10 8:21 10:1 11:21 12:4 12:15 12:17 12:21 13:0 13:5 13:16 14:12 14:1 14:17 14:19 14:24 15:2 15:5 15:8 15:14 15:24 16:1 16:23 17:1 17:8 17:18 18:2 20:22 23:2 23:8 23:10 23:18 24:13 | | **licensing**(5) 18:18 19:20 20:7 20:10 21:11 **liens**(1) 14:6 **like**(4) 4:18 7:1 9:10 14:6 17:10 19:2 **likelihood**(1) 10:25 **limited**(1) 18:20 **list**(1) 14:7 **listed**(1) 23:11 | |
| **diligence**(1) 10:15 **disclosure**(1) 19:2 **district**(3) 1:2 7:5 17:20 **docket**(1) 9:6 **document**(2) 19:8 21:20 **documents**(1) 19:8 **does**(5) 11:14 11:15 12:10 12:12 22:12 **doesn't**(1) 12:9 **doing**(1) 16:2 20:15 **dollars**(1) 18:13 **don't**(2) 5:6 12:5 **done**(4) 9:11 9:20 16:6 20:9 **don't**(1) 15:11 | | **foregoing**(1) 24:18 **form**(2) 16:18 16:19 **fred**(1) 2:22 **free**(1) 14:5 **from**(9) 7:11 9:8 9:8 10:13 16:1 17:16 18:8 24:3 24:19 **fully**(1) 16:20 **funds**(1) 21:23 **further**(3) 10:20 11:7 24:11 **future**(2) 13:20 13:21 | | **honorable**(1) 1:19 **hopefully**(1) 4:7 **hours**(1) 4:12 **hyacinth**(2) 1:42 10:1 **i'll**(2) 5:1 14:11 **i'm**(1) 15:15 **important**(5) 11:4 11:8 14:8 18:12 19:14 **inc**(6) 1:8 1:41 2:37 9:8 10:2 12:19 **including**(2) 8:7 11:23 | | **lists**(2) 11:8 11:25 **little**(2) 17:9 23:25 **llp**(4) 2:6 2:30 3:6 3:13 **local**(1) 8:25 **long**(1) 4:11 **looking**(1) 18:11 **los**(1) 3:10 **main**(1) 8:14 **make**(1) 12:12 **march**(2) 7:20 10:11 **maris**(1) 2:7 | |
| **drew**(1) 2:14 **drive**(1) 3:21 **early**(1) 19:18 **ecro**(1) 1:47 **effect**(1) 12:8 **either**(1) 16:23 **electronic**(1) 1:54 10:14 24:19 **element**(1) 19:3 **else**(2) 16:9 20:3 **employee**(1) 8:10 **employees**(2) 8:8 8:11 **entered**(9) 4:18 8:12 13:1 17:22 18:19 18:24 19:1 19:19 20:6 | | **garrison**(1) 2:30 **gather**(1) 16:1 **generation**(1) 18:10 **give**(1) 23:25 **given**(3) 8:24 11:1 20:14 **going**(1) 9:16 **good**(13) 4:3 4:5 4:6 4:5 5:9 5:19 7:9 10:20 12:16 12:17 14:5 15:3 24:14 **gottlieb**(2) 1:33 7:11 | | **indeed**(2) 6:18 19:9 **information**(1) 14:9 **insider**(2) 10:21 22:9 **intellectual**(14) 12:23 13:3 13:7 13:11 18:14 18:17 18:21 19:19 19:24 19:25 20:8 21:10 21:19 22:4 **interest**(2) 10:16 22:8 **international**(2) 2:37 12:19 **into**(12) 8:13 11:15 11:19 13:1 16:21 18:19 19:19 20:6 20:11 21:24 22:13 22:16 | | **mark**(1) 2:45 **market**(4) 1:12 1:28 2:39 6:18 **marketed**(2) 10:9 10:11 **matter**(5) 5:23 14:8 16:3 23:11 24:20 **matters**(1) 5:13 **may**(14) 1:15 4:1 5:23 9:24 12:22 14:14 14:24 15:1 17:3 17:5 18:4 20:4 23:3 24:23 **mccloy**(1) 3:6 **meeting**(1) 23:20 | |
| **entering**(1) 22:24 **entities**(1) 18:8 **entry**(1) 16:13 16:21 19:22 **ericsson**(13) 2:29 6:2 6:12 7:16 7:23 8:10 8:15 8:20 10:7 10:20 11:1 11:1 15:6 **ericsson's**(1) 8:22 10:24 **ernst**(1) 3:13 **escrow**(3) 20:11 21:24 23:6 **esq**(13) 1:27 1:35 1:36 2:7 2:14 2:21 2:22 2:23 2:24 2:31 2:38 2:45 3:7 | | **governing**(1) 13:2 **grant**(3) 11:22 16:24 22:17 **granted**(2) 10:14 20:16 **granting**(1) 22:21 **great**(1) 23:1 **greenwich**(1) 3:22 **gross**(1) 1:19 **grounds**(1) 14:5 **group**(2) 3:5 21:2 **gsm**(15) 5:24 7:13 7:17 7:23 8:1 8:13 8:16 8:23 10:10 16:4 16:6 | | **introduce**(2) 7:1 17:11 **inventory**(1) 8:8 **involved**(1) 18:13 **involves**(1) 22:3 **issues**(1) 19:13 **it's**(9) 5:5 5:9 7:9 11:4 11:8 13:5 14:20 15:3 16:18 **item**(4) 4:17 4:19 5:22 7:12 **items**(1) 4:17 | | **mentioned**(3) 11:7 16:3 21:18 **meyer**(2) 15:8 15:10 **meyers**(1) 2:31 **milbank**(1) 3:5 **million**(1) 18:8 **monday**(1) 4:1 **more**(2) 17:9 20:5 **morris**(1) 1:25 **most**(1) 6:1 16:2 **motion**(21) 7:1 7:13 8:24 9:8 9:19 9:23 11:8 11:23 12:21 13:9 13:21 16:5 16:12 16:19 18:16 19:3 19:7 19:11 22:16 22:17 **motorola**(3) 9:8 13:14 13:19 | |
| **essentially**(3) 6:9 7:22 9:12 **established**(1) 21:25 **europe**(2) 6:3 6:5 **european**(1) 7:20 **every**(1) 5:19 **everyone**(4) 4:3 24:14 **evidence**(5) 11:15 11:19 13:25 22:13 22:16 **exactly**(1) 20:18 **examine**(1) 11:16 **exclusively**(1) 8:7 **excuse**(2) 6:22 15:5 **excused**(1) 14:25 **exercise**(1) 14:2 **exhibits**(3) 11:9 12:1 19:2 **existing**(1) 19:8 **expanding**(1) 20:17 **expands**(1) 18:20 **expansion**(2) 19:23 21:17 | | **gump**(1) 2:20 **hac**(2) 7:5 17:23 **had**(4) 6:19 18:21 23:19 23:19 **hadley**(1) 3:5 **hamilton**(1) 1:34 7:12 **happy**(3) 4:14 14:11 17:19 **harrisburg**(1) 1:51 **has**(10) 4:18 7:2 7:3 8:10 17:25 19:22 20:20 20:23 21:24 23:14 **have**(28) 4:17 5:13 6:20 6:20 6:21 7:9 8:16 9:9 10:11 11:5 11:14 12:3 12:5 12:9 12:22 14:12 14:21 15:3 16:17 16:20 16:2 17:2 17:19 20:9 20:25 23:15 24:4 24:5 **having**(2) 5:11 16:19 **he's**(4) 15:12 15:13 17:19 21:5 **hear**(1) 24:3 | | **its**(4) 12:23 13:7 13:9 13:10 **james**(4) 1:35 1:36 7:2 7:11 **jennifer**(1) 1:47 **joseph**(1) 17:12 **judge**(1) 1:20 **judgment**(4) 14:2 22:3 22:18 **jump**(1) 17:9 **june**(1) 23:16 **just**(7) 7:14 7:16 13:17 16:3 16:5 20:5 23:25 **justice**(1) 5:6 **kahn**(1) 2:23 **keep**(1) 11:8 **keeping**(1) 11:25 **kevin**(1) 1:19 **kindly**(1) 7:5 **king**(1) 2:16 **know**(3) 4:10 15:11 16:9 **known**(1) 18:9 **kr-eller**(1) 3:7 **language**(1) 23:5 **lanscron**(1) 17:12 **laptops**(1) 8:7 | | **much**(7) 5:8 15:19 17:1 17:8 23:1 23:8 24:13 **nature**(1) 19:5 **necessarily**(2) 12:8 12:9 **need**(3) 4:22 8:13 16:8 **needs**(1) 22:21 **nefl**(12) 2:38 12:14 12:15 12:16 12:17 12:17 13:12 14:24 14:24 15:1 15:2 15:4 **negotiated**(2) 10:18 22:20 **negotiations**(2) 10:19 20:4 21:9 21:20 **network**(1) 18:10 **networks**(4) 1:8 1:41 10:2 12:25 **new**(4) 1:38 2:26 2:33 3:16 **next**(3) 15:12 15:13 18:10 **nice**(2) 15:9 15:10 **nichols**(1) 1:25 **nni**(2) 8:5 8:9 **nnl**(1) 8:4 | |

| Word | Page:Line |
| --- | --- |
| nno(1) 8:5 | |
| non-debtor(1) 8:5 | |
| nortel(17) 1:8 1:41 6:17 8:2 8:11 8:19 10:2 10:6 10:12 10:17 10:21 10:24 12:25 13:4 18:8 21:5 21:17 | |
| nortel's(2) 8:17 13:2 | |
| north(1) 1:28 2:16 6:2 6:14 | |
| not(15) 6:5 7:2 8:15 8:16 9:3 9:13 9:15 10:21 12:6 12:8 13:18 20:2 20:14 22:5 22:9 | |
| nothing(1) 24:11 | |
| notice(4) 8:24 9:1 9:3 13:18 | |
| noting(1) 9:5 | |
| now(4) 14:9 17:12 18:11 18:12 | |
| number(10) 4:19 5:22 8:10 9:6 15:16 16:3 16:11 17:9 18:2 24:4 | |
| numerous(1) 20:23 | |
| oak(1) 2:46 | |
| object(2) 12:22 22:13 | |
| objection(4) 11:14 12:20 13:21 23:11 | |
| objections(6) 6:20 6:21 9:7 13:6 16:23 20:24 | |
| obligations(1) 8:21 | |
| obviously(1) 14:8 | |
| occasions(1) 20:23 | |
| october(2) 18:23 18:25 | |
| offer(4) 6:19 10:24 10:25 13:25 | |
| offered(1) 10:23 | |
| offers(1) 10:12 | |
| okay(10) 4:20 9:22 14:23 16:7 17:7 23:5 23:17 24:6 24:7 24:9 | |
| once(1) 5:20 | |
| one(15) 1:37 2:15 2:25 4:9 4:21 7:1 9:8 9:8 10:22 11:18 15:12 15:13 16:20 17:11 18:6 | |
| only(1) 12:7 19:9 23:10 | |
| onto(2) 15:24 20:3 | |
| open(1) 16:21 | |
| operation(1) 8:17 | |
| opportunity(1) 8:19 24:3 | |
| order(18) 4:18 6:8 9:1 9:15 14:11 14:13 15:16 16:13 16:25 17:2 17:22 18:16 18:24 19:1 19:22 22:22 22:24 23:7 | |
| original(7) 6:10 10:10 20:2 20:11 20:16 21:12 21:13 | |
| other(7) 8:6 15:25 17:11 20:9 20:12 22:5 23:10 | |
| otherwise(2) 10:7 22:10 | |
| our(6) 5:23 9:2 16:2 18:1 20:9 20:25 | |
| out(2) 12:6 17:25 | |
| outside(1) 9:19 | |
| over(1) 8:22 | |
| overbid(1) 20:14 | |
| oversaw(1) 21:8 | |
| overy(1) 3:13 | |
| owner(1) 8:15 | |
| p.m(3) 1:16 4:1 24:15 | |
| packet(1) 18:10 | |
| paid(3) 18:7 20:11 21:25 | |
| papers(2) 12:6 19:7 | |
| paragraphs(1) 19:9 | |
| park(1) 2:25 | |
| part(1) 10:10 | |
| particular(4) 6:3 6:15 21:17 23:6 | |
| particularly(1) 14:8 | |
| parties(4) 4:22 19:19 | |
| party(1) 19:25 | |
| pasierb(1) 1:47 | |
| past(1) 20:25 | |
| paul(1) 2:29 | |
| pause(1) 6:24 17:6 | |
| pay(3) 20:7 20:21 21:21 | |

| Word | Page:Line |
| --- | --- |
| payment(1) 22:4 | |
| pennsylvania(1) 1:51 | |
| perfectly(1) 24:8 | |
| permission(1) 20:20 | |
| petition(1) 13:2 | |
| phone(1) 10:3 20:22 24:4 | |
| phonetic(1) 17:12 | |
| place(1) 19:18 | |
| plan(1) 2:4 | |
| plaza(1) 1:37 | |
| please(2) 4:2 4:4 | |
| pleased(3) 22:15 22:17 23:6 | |
| pleasure(1) 14:21 | |
| podium(1) 5:1 | |
| pointing(1) 12:6 | |
| portions(5) 7:17 7:20 7:24 8:23 11:2 | |
| position(3) 8:21 13:14 21:6 | |
| possible(2) 4:24 14:4 | |
| ppearances(2) 1:23 2:1 | |
| practice(1) 20:25 | |
| predominant(1) 6:4 | |
| preliminary(1) 12:20 | |
| prepared(1) 16:24 | |
| presentation(1) 7:4 | |
| presented(1) 16:5 | |
| preserved(1) 13:8 | |
| pressed(1) 5:5 | |
| previous(1) 5:23 | |
| previously(2) 7:23 22:9 | |
| price(1) 10:23 20:12 22:19 | |
| primary(1) 8:2 | |
| principle(1) 7:25 | |
| prior(2) 9:9 13:1 | |
| procedures(2) 9:18 13:21 | |
| proceed(1) 14:4 | |
| proceedings(3) 1:18 1:54 24:20 | |
| proceeds(3) 20:10 20:13 21:25 | |
| process(1) 21:8 | |
| produced(1) 1:55 | |
| proffer(6) 11:12 11:15 11:18 21:13 22:13 22:16 | |
| proper(2) 9:3 9:4 | |
| property(14) 12:23 13:3 13:7 13:11 18:14 18:17 18:21 19:19 19:24 20:1 20:8 21:10 21:19 22:4 | |
| proposed(4) 7:22 8:18 9:15 10:6 | |
| proprietary(1) 14:8 | |
| provided(2) 10:16 24:5 | |
| provides(1) 13:21 | |
| purchase(3) 10:23 20:11 22:5 | |
| purchased(1) 7:17 | |
| purchaser(2) 6:12 14:9 | |
| purchasing(1) 7:24 | |
| purpose(3) 8:14 12:21 22:19 | |
| purposes(2) 19:7 19:15 | |
| pursuant(3) 6:9 8:11 16:12 | |
| questions(2) 12:3 12:5 | |
| quick(1) 5:15 | |
| quickly(2) 11:5 14:4 | |
| quite(1) 17:25 | |
| ralston(1) 2:45 | |
| rather(1) 6:14 | |
| read(1) 12:6 | |
| realize(1) 8:19 | |
| reason(1) 14:3 | |
| reasonable(1) 14:2 | |
| reasons(2) 11:7 11:21 | |
| recall(2) 5:23 18:6 | |
| receive(1) 9:3 | |
| received(1) 9:7 | |
| recent(1) 8:22 | |
| recently(4) 7:4 11:2 17:11 17:20 | |
| recess(1) 24:11 | |
| record(1) 23:19 | |

| Word | Page:Line |
| --- | --- |
| recorded(1) 1:54 | |
| recording(2) 1:54 24:19 | |
| redacted(1) 19:9 | |
| redaction(1) 19:12 | |
| referred(1) 18:4 | |
| reflects(1) 14:1 | |
| relate(3) 6:13 18:14 19:13 | |
| relates(2) 15:20 18:3 | |
| relating(4) 5:23 8:1 16:13 23:6 | |
| relatively(1) 5:14 | |
| relief(2) 11:22 16:25 | |
| remainder(2) 7:1 21:25 | |
| represented(1) 21:14 | |
| represents(1) 8:19 | |
| request(2) 11:11 11:22 | |
| requested(1) 23:19 | |
| require(1) 18:14 | |
| research(2) 2:36 12:18 | |
| reservations(1) 9:14 | |
| reserve(2) 12:21 13:9 | |
| reserves(1) 13:9 | |
| resolved(3) 6:21 9:9 9:14 | |
| respect(11) 6:6 6:10 6:15 6:19 6:25 9:7 10:3 10:8 12:13 16:2 22:4 | |
| respectfully(2) 11:11 11:22 | |
| response(2) 17:22 22:14 | |
| revised(1) 14:13 | |
| richards(1) 2:13 | |
| rifkind(1) 2:29 | |
| right(11) 5:3 12:2 13:12 13:23 17:12 18:11 21:15 23:5 23:9 24:2 24:10 | |
| rights(12) 9:15 12:22 12:24 13:8 13:9 13:11 18:14 18:21 19:24 20:8 20:15 21:1 | |
| rise(1) 4:2 | |
| rodney(1) 2:15 | |
| room(1) 10:14 | |
| rules(1) 8:25 9:1 | |
| ruling(1) 12:12 | |
| said(3) 7:14 7:16 22:21 | |
| sale(22) 6:9 7:18 7:19 7:19 7:22 7:22 9:8 9:9 9:15 9:24 9:25 10:4 10:25 11:23 12:21 13:8 14:5 18:24 19:22 20:12 21:8 23:12 | |
| sales(1) 7:23 | |
| same(2) 6:10 20:11 | |
| sarah(1) 2:24 | |
| satisfied(1) 13:24 | |
| say(2) 6:13 22:25 | |
| says(1) 22:20 | |
| schedules(4) 11:9 11:25 19:2 19:5 | |
| schultz(1) 2:24 | |
| schuylkill(1) 1:50 | |
| seal(2) 14:8 19:1 | |
| seated(1) 4:4 | |
| section(2) 9:14 9:20 | |
| sections(1) 16:12 | |
| see(5) 5:5 5:9 5:15 15:9 15:10 24:11 | |
| seekers(2) 20:5 21:19 | |
| seeking(5) 16:21 18:16 19:4 19:11 19:12 | |
| sell(1) 7:13 | |
| sellers(2) 20:5 21:19 | |
| sen(2) 3:19 3:20 | |
| sent(1) 9:4 | |
| sentence(1) 16:20 | |
| sentences(1) 19:10 | |
| separate(1) 6:19 | |
| separately(1) 10:11 | |
| service(4) 1:49 1:55 9:5 9:6 | |
| services(5) 1:49 12:7 18:18 19:21 21:11 | |
| seville(4) 18:4 18:19 18:24 21:8 | |
| shape(1) 4:7 | |
| sherri(1) 24:23 | |
| shore(1) 3:21 | |
| short(1) 23:20 | |
| shortening(1) 9:1 | |
| should(3) 5:14 16:5 22:24 | |
| sic(1) 15:11 | |

| Word | Page:Line |
| --- | --- |
| sick(1) 4:9 | |
| side(6) 15:21 15:22 16:4 16:13 16:17 | |
| sign(3) 14:11 15:15 16:25 23:7 | |
| signed(1) 16:20 | |
| signing(1) 10:18 | |
| simply(2) 6:14 20:15 | |
| since(2) 10:11 19:22 | |
| sir(3) 4:5 5:6 15:3 | |
| sitting(1) 17:16 | |
| six(1) 10:13 | |
| slightly(1) 10:23 20:17 | |
| sloan(1) 2:14 | |
| smaller(1) 18:6 | |
| smooth(1) 5:14 | |
| snmp(3) 2:36 9:8 9:10 12:14 12:18 12:20 12:22 12:25 13:4 13:6 13:9 13:19 | |
| so-called(1) 20:10 | |
| sold(5) 6:1 6:5 7:25 8:6 8:9 | |
| solicited(1) 10:12 | |
| some(4) 8:4 8:5 8:8 16:2 | |
| someone(1) 20:3 | |
| something(1) 22:19 | |
| somewhat(1) 18:12 | |
| sorry(1) 15:15 | |
| sought(1) 11:23 | |
| sound(1) 1:54 3:21 14:3 22:2 22:18 22:19 24:19 | |
| source(1) 13:3 | |
| south(1) 3:8 | |
| southern(2) 7:4 17:20 | |
| sparse(2) 5:16 5:17 | |
| speak(2) 7:12 9:10 | |
| spectrum(1) 6:4 | |
| square(1) 2:15 | |
| stand(1) 24:11 | |
| stargatt(1) 2:5 | |
| stated(1) 11:21 | |
| statements(1) 11:12 | |
| states(4) 1:1 1:20 9:15 21:5 | |
| stay(1) 14:10 | |
| steen(1) 1:33 7:11 | |
| steenman(1) 3:14 | |
| street(7) 1:12 1:28 1:50 2:9 2:16 2:39 3:8 | |
| subject(3) 20:12 20:13 20:14 | |
| sublicense(3) 19:24 20:3 21:18 | |
| subsequent(1) 21:9 | |
| substantially(2) 16:18 16:18 | |
| substantive(1) 13:6 | |
| subtle(1) 18:12 | |
| such(6) 9:5 9:16 9:25 10:25 11:11 19:6 | |
| suite(3) 2:40 2:47 3:11 | |
| sum(1) 18:13 | |
| superior(1) 10:24 | |
| supplemental(2) 9:18 13:20 | |
| support(4) 8:16 21:3 22:16 22:21 | |
| supported(1) 22:2 | |
| suppose(1) 17:17 | |
| sure(1) 17:5 | |
| take(1) 4:18 | |
| taking(2) 8:21 20:15 | |
| taylor(1) 2:6 | |
| technology(1) 6:4 | |
| ten(1) 13:21 3:6 | |
| terms(2) 6:10 9:20 | |
| testified(2) 21:12 22:9 | |
| testify(17) 10:3 10:5 10:5 10:9 10:12 10:17 10:20 10:22 11:4 11:7 11:10 11:10 20:24 21:7 21:7 21:16 21:23 | |
| than(3) 4:7 6:14 20:5 | |
| thank(37) 4:3 4:15 4:15 4:15 5:3 5:3 5:8 5:11 5:12 5:7 7:7 7:10 11:13 11:20 12:2 13:12 13:23 14:12 14:15 14:17 14:18 14:19 14:20 14:22 15:2 15:4 15:8 15:19 17:1 17:5 17:8 22:11 22:23 23:1 23:4 23:8 24:13 24:14 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|
| **that**(98) 6:4  6:5  6:6  6:8  6:20  7:19  7:20  7:24  8:12  8:15  8:17  8:18  8:20  8:21  9:2  9:12  9:15  9:15  9:16  9:19  9:25  10:6  10:6  10:9  10:12  10:17  10:19  10:20  10:22  10:24  10:24  10:25  11:1  11:4  11:7  11:11  11:18  11:22  12:8  12:13  13:6  13:13  13:13  13:14  13:22  13:25  14:8  14:11  15:20  15:21  16:2  16:3  16:5  16:17  16:21  16:21  16:24  16:25  17:18  18:3  18:7  18:9  18:11  18:14  18:19  18:21  19:3  19:5  19:7  19:8  20:2  20:15  20:15  20:19  21:7  21:12  21:13  21:14  21:15  21:16  21:20  21:23  21:24  22:2  22:7  22:9  22:16  22:20  22:20  22:21  23:18  23:18  23:22  23:23  23:24  24:2  24:10  24:18 | | **think**(7) 5:14  12:13  16:5  16:20  19:9  22:20  23:24 | | **welcome**(3) 7:9  17:21  24:3 | |
| | | **third**(2) 4:17  19:25 | | **well**(15) 4:11  5:8  7:6  7:19  8:5  8:5  8:8  12:7  13:14  13:24  15:12  15:13  15:24  21:9  21:16 | |
| | | **thirty-six**(1) 4:11 | | **were**(10) 6:5  6:5  8:12  9:7  9:14  10:9  10:14  10:19  18:19  20:16 | |
| | | **thirty-six-hour**(1) 4:10 | | **west**(1) 2:9 | |
| **that's**(9) 4:24  4:25  5:19  8:8  13:16  20:1  23:17  24:7  24:8 | | **this**(31) 4:8  6:1  6:3  6:7  7:3  7:18  8:11  8:24  9:10  9:16  9:24  10:3  11:2  11:4  12:8  12:10  13:8  13:25  17:10  18:8  18:16  18:20  19:7  19:11  19:25  20:20  20:25  21:6  22:6  22:17  23:14 | | **wharton**(1) 2:29 | |
| | | | | **what**(1) 20:15 | |
| | | **thomas**(1) 3:7 | | **when**(1) 16:22 | |
| | | **those**(7) 4:9  6:19  8:14  19:4  19:12  21:21  21:23 | | **where**(2) 6:1  17:16 | |
| **the**(301) 1:1  1:2  1:19  1:25  2:4  2:8  2:13  2:32  3:15  4:2  4:3  4:7  4:9  4:11  4:13  4:15  4:16  4:17  4:20  4:21  4:21  4:23  4:25  5:1  5:3  5:10  5:12  5:15  5:16  5:16  5:17  5:18  5:21  5:24  5:25  6:2  6:2  6:3  6:8  6:9  6:10  6:12  6:13  6:13  6:15  6:16  6:16  6:18  6:22  6:23  6:25  7:1  7:4  7:7  7:12  7:13  7:13  7:17  7:15  7:17  7:17  7:18  7:19  7:19  7:19  7:22  7:23  7:24  7:25  8:1  8:2  8:2  8:13  8:14  8:15  8:15  8:16  8:18  8:18  8:19  8:21  8:22  8:23  8:25  8:25  8:25  9:2  9:3  9:4  9:6  9:7  9:9  9:12  9:15  9:17  9:18  9:20  9:20  9:22  9:23  9:25  10:1  10:3  10:6  10:7  10:8  10:8  10:9  10:10  10:13  10:15  10:16  10:18  10:25  10:25  11:1  11:2  11:5  11:7  11:7  11:8  11:9  11:9  11:11  11:13  11:15  11:18  11:21  11:22  11:22  11:23  11:23  11:24  11:25  11:25  12:1  12:2  12:5  12:6  12:7  12:8  12:9  12:10  12:11  12:13  12:16  12:21  12:21  12:22  13:1  13:5  13:6  13:10  13:12  13:13  13:17  13:18  13:20  13:20  13:21  13:23  13:24  13:25  13:25  14:1  14:2  14:3  14:4  14:5  14:6  14:7  14:7  14:9  14:10  14:15  14:18  14:20  14:23  15:1  15:3  15:7  15:11  15:12  15:13  15:15  15:15  15:16  15:18  15:20  15:22  15:23  15:25  15:25  16:1  16:1  16:3  16:4  16:4  16:4  16:6  16:7  16:16  16:16  16:12  16:14  16:15  16:16  16:17  16:18  16:18  16:19  16:24  16:25  17:2  17:2  17:4  17:7  17:10  17:12  17:13  17:14  17:15  17:16  17:19  17:20  17:21  17:24  18:2  18:4  18:5  18:6  18:7  18:7  18:8  18:9  18:11  18:12  18:16  18:17  18:18  18:19  18:20  18:23  18:23  18:24  18:24  18:25  18:25  18:25  19:2  19:3  19:5  19:6  19:7  19:8  19:8  19:12  19:14  19:16  19:17  19:17  19:18  19:19  19:22  19:22  19:23  19:23  20:1  20:5  20:5  20:7  20:9  20:10  20:11  20:11  20:12  20:14  20:15  20:16  20:16  20:18  20:22  20:25  21:1  21:1  21:2  21:4  21:5  21:8  21:8  21:9  21:9  21:10  21:11  21:12  21:13  21:14 | | **though**(2) 5:15  9:9 | | **whereupon**(1) 24:15 | |
| | | **three**(1) 10:15 | | **which**(13) 6:16  6:21  10:14  10:15  12:21  14:10  14:13  19:13  19:18  20:5  20:6  21:21  23:11 | |
| | | **through**(4) 10:18  21:13  23:16  23:19 | | | |
| | | **thursday**(1) 9:24 | | **while**(1) 5:20 | |
| | | **time**(7) 4:7  7:3  9:16  13:22  17:10  17:15  22:6 | | **who**(2) 4:22  17:11 | |
| | | | | **will**(15) 6:7  7:3  8:13  8:15  8:16  9:17  9:20  11:1  16:10  20:7  20:10  20:12  21:21  23:24  24:11 | |
| | | **today**(3) 5:11  5:14  23:19 | | **willing**(1) 20:21 | |
| | | **too**(1) 15:10 | | **wilmington**(6) 1:13  1:30  2:10  2:17  2:41 | |
| | | **took**(1) 19:18 | | **winning**(1) 20:16 | |
| | | **total**(2) 18:7  18:13 | | **wireless**(1) 6:4 | |
| | | **transaction**(15) 5:23  6:6  6:8  6:11  8:11  8:13  8:18  10:6  10:7  10:10  10:15  11:5  14:1  14:3  14:4  16:4  16:6  16:14  16:17  18:3  18:4  18:11  18:20  19:7  19:18  20:14  20:17  21:12  21:13  21:14  22:7 | | **wish**(3) 11:15  12:13  22:12 | |
| | | | | **with**(37) 6:6  6:10  6:15  6:19  6:25  7:23  8:1  8:4  8:13  8:25  9:7  9:14  9:17  9:20  10:3  10:6  10:8  10:15  10:18  10:20  10:25  12:13  13:8  13:10  13:13  14:10  16:2  16:4  16:6  18:19  19:17  20:9  21:1  22:4  22:10  23:15  24:10 | |
| | | **transactions**(4) 16:3  18:1  18:7  20:9 | | **within**(1) 22:18 | |
| | | **transcript**(3) 1:18  1:55  24:19 | | **without**(1) 9:13 | |
| | | **transcription**(2) 1:49  1:55 | | **work**(1) 23:15 | |
| | | **transferring**(1) 8:8 | | **would**(23) 4:18  6:13  7:1  9:10  10:5  10:9  10:12  10:17  10:20  10:22  11:4  11:7  11:10  17:10  20:3  20:23  21:7  21:16  21:23  21:23  23:21  23:23  24:2 | |
| | | **transition**(3) 18:18  19:21  21:11 | | | |
| | | **travels**(1) 4:22 | | | |
| | | **treated**(2) 11:12  19:6 | | | |
| | | **tried**(1) 4:8 | | | |
| | | **true**(1) 17:18 | | **years**(1) 21:6 | |
| | | **tunnell**(1) 1:26 | | **yes**(19) 4:13  5:10  5:18  5:25  7:15  12:15  13:16  14:15  15:7  15:18  15:22  15:23  16:15  17:4  17:14  17:24  18:5  23:4  23:13 | |
| | | **turn**(1) 20:2 | | | |
| | | **tweed**(1) 3:5 | | | |
| **the**(53) 21:17  21:18  21:19  21:20  21:20  21:20  21:24  21:25  21:25  22:2  22:2  22:3  22:7  22:7  22:8  22:9  22:10  22:10  22:11  22:13  22:15  22:16  22:17  22:18  22:19  22:21  22:24  22:24  23:4  23:5  23:6  23:7  23:9  23:11  23:12  23:12  23:13  23:17  23:19  23:20  23:21  23:21  23:23  23:24  24:2  24:3  24:6  24:8  24:10  24:14  24:15  24:18  24:19  24:20 | | **twenty-four**(1) 4:10 | | **yet**(1) 7:3 | |
| | | **two**(4) 9:2  9:7  10:18  21:18 | | **york**(4) 1:38  2:26  2:33  3:16 | |
| | | **u.s**(3) 7:17  8:22  11:2 | | **you**(69) 4:3  4:9  4:12  4:13  4:15  4:15  5:3  5:3  5:5  5:6  5:8  5:9  5:11  5:12  5:15  5:21  5:23  6:7  6:22  7:2  7:7  7:7  7:9  7:10  7:23  11:13  11:20  12:2  13:3  13:12  13:23  14:12  14:16  14:17  14:18  14:19  14:20  14:21  14:22  15:1  15:2  15:3  15:4  15:8  15:9  15:10  15:17  15:19  15:25  16:3  16:9  16:10  17:1  17:2  17:4  17:5  17:8  18:4  22:11  23:1  23:4  23:4  23:8  23:25  24:3  24:4  24:11  24:13  24:14 | |
| | | **unaffiliated**(1) 19:25 | | | |
| | | **under**(8) 9:13  13:20  13:24  14:7  19:1  20:6  21:18  21:21 | | | |
| | | **understand**(3) 9:10  9:24  13:13 | | | |
| | | **understanding**(1) 13:5 | | **you're**(1) 17:16 | |
| | | **unique**(1) 8:20 | | **you've**(3) 7:5  17:22  23:5 | |
| | | **united**(3) 1:1  1:20  21:5 | | **young**(2) 2:5  3:13 | |
| | | **update**(1) 24:1 | | **your**(45) 4:6  4:7  4:12  4:16  4:17  4:22  5:5  5:8  5:22  6:22  6:25  7:10  9:1  10:1  11:21  12:3  12:6  12:15  12:17  12:20  13:5  13:16  14:11  14:12  14:14  14:17  14:19  14:24  15:2  15:5  15:8  15:14  15:24  16:11  16:23  17:1  17:8  17:18  18:2  20:22  23:1  23:8  23:10  23:18  24:13 | |
| | | **upon**(1) 13:25 | | | |
| | | **use**(1) 13:2 | | | |
| | | **used**(1) 8:7 | | | |
| | | **value**(2) 8:19  21:14 | | | |
| | | **verbal**(2) 11:17  22:14 | | | |
| **their**(2) 9:13  22:8 | | **very**(11) 5:8  15:19  16:19  17:1  17:8  17:19  23:1  23:8  23:20  23:24  24:13 | | | |
| **them**(1) 20:17 | | | | | |
| **then**(1) 5:2 | | **vice**(2) 7:5  17:23 | | | |
| **there**(14) 4:13  6:5  6:20  8:4  8:6  14:3  14:5  14:5  14:9  16:22  17:2  19:3  22:18  23:10 | | **view**(1) 22:7 | | | |
| | | **waiver**(1) 14:10 | | | |
| | | **wanted**(1) 23:25 | | | |
| | | **was**(16) 4:9  7:4  7:18  8:24  12:8  12:21  18:6  18:7  18:8  18:8  18:9  20:14  21:12  22:20  23:10  24:15 | | | |
| **there's**(4) 15:25  16:1  20:24  24:10 | | | | | |
| **therefore**(1) 19:5 | | **way**(2) 12:25  15:15 | | | |
| **these**(6) 6:13  6:18  8:3  8:4  8:20  10:23 | | **we'll**(2) 16:9  24:11 | | | |
| **they**(3) 18:13  20:2  21:2 | | **we're**(9) 4:12  4:14  9:15  16:2  16:20  17:9  17:19  19:4  19:11 | | | |
| **things**(3) 4:10  15:25  24:1 | | | | | |
| | | **week**(2) 9:4  9:5 | | | |
| | | **weiss**(1) 2:29 | | | |