# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTEL NETWORKS Inc, et al[1], | ) | Case No. 09-10138 (KG) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Objection Deadline: June 24, 2010 at 4:00 p.m. |

## TWELFTH MONTHLY APPLICATION OF LAZARD FRERES & CO. LLC, FINANCIAL ADVISOR AND INVESTMENT BANKER TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MARCH 1, 2010 THROUGH MARCH 31, 2010

| | |
|---|---|
| Name of Applicant: | **Lazard Frères & Co. LLC** |
| Authorized to Provide Professional Services to: | **Debtors and Debtors-in-Possession** |
| Date of Retention: | **March 20, 2009 *nunc pro tunc* January 14, 2009** |
| Period for which compensation and/or reimbursement is sought: | **March 1, 2010 through March 31, 2010** |
| Amount of Compensation sought as actual, reasonable, and necessary: | **$3,657,000.00** |
| Amount of Expenses sought as actual, reasonable, and necessary | **$6,875.81** |
| Total Compensation and Expense Reimbursement Requested: | **$3,663,875.81** |
| Less: Amounts Paid to Date: | **($0.00)** |
| Net Amount of Compensation Requested: | **$3,663,875.81** |

This is a:  _X_ monthly      ___ interim      ___ final application

The total time expended for fee application preparation was approximately 8.5 hours.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation ("NNCC") (9620), Nortel Allsystems Inc. (9769), Nortel Allsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CorTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions which are available at http://chapter11.epiqsystems.com/nortel.

Summary of Monthly Fee and Expense Invoices:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 06/25/09 | 01/14/09-04/30/09 | $895,161.29 | $75,312.95 | $895,161.29 | $75,312.95 |
| 08/20/09 | 05/01/09-05/31/09 | 250,000.00 | 60,669.79 | 250,000.00 | 60,669.79 |
| 09/10/09 | 06/01/09-06/30/09 | 250,000.00 | 31,046.62 | 250,000.00 | 31,046.62 |
| 09/10/09 | 07/01/09-07/31/09 | 250,000.00 | 36,161.19 | 250,000.00 | 36,161.19 |
| 10/16/09 | 08/01/09-08/31/09 | 250,000.00 | 27,706.80 | 250,000.00 | 27,706.80 |
| 11/24/09 | 09/01/09-09/30/09 | 250,000.00 | 48,753.05 | 250,000.00 | 48,753.05 |
| 11/24/09 | 10/01/09-10/31/09 | 250,000.00 | 29,864.77 | 250,000.00 | 29,864.77 |
| 02/24/10 | 11/01/09-11/30/09 | 5,791,000.00 | 27,490.70 | 5,791,000.00 | 27,490.70 |
| 02/24/10 | 12/01/09-12/31/09 | 5,177,000.00 | 28,366.03 | 5,177,000.00 | 28,366.03 |
| 02/25/10 | 01/01/10-01/31/10 | 250,000.00 | 32,342.00 | 0.00 | 0.00 |
| TBD | 02/01/10-02/28/10 | 250,000.00 | 3,754.76 | 0.00 | 0.00 |
| Current | 03/01/10-03/31/10 | 3,657,000.00 | 6,875.81 | 0.00 | 0.00 |

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTEL NETWORKS Inc, et al.[1], | ) | Case No. 09-10138 (KG) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Objection Deadline: June 24, 2010 @ 4:00 p.m. |

**TWELFTH MONTHLY APPLICATION OF LAZARD FRERES & CO. LLC,
FINANCIAL ADVISOR AND INVESTMENT BANKER TO THE DEBTORS FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
THE PERIOD MARCH 1, 2010 THROUGH MARCH 31, 2010**

Lazard Frères & Co. LLC, ("Lazard"), Investment Banker and Financial Advisor to Nortel Networks, Inc. ("NNI" and together with other debtors and non-debtor affiliates, "Nortel"), and certain of its subsidiaries and affiliates (collectively, the "Debtors") hereby submits its Twelfth Monthly Fee Application (the "Application") pursuant to sections 331 of title 11 of the United States Code (the "Bankruptcy Code) and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for an allowance of compensation for professional services rendered and for reimbursement of actual and necessary expenses incurred in connection with such services from March 1, 2010 through and including March 31, 2010 (the "Compensation Period") as set forth in their engagement letter (the "Engagement Letter"), attached hereto as

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation ("NNCC") (9620), Nortel Allsystems Inc. (9769), Nortel Allsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CorTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions which are available at http://dm.epiq11.com/nortel).

**Exhibit A**, as amended by a February 26, 2010 Order Approving an Amendment to the Terms of Compensation of Lazard Freres & Co. LLC. as Financial Advisor and Investment Banker for the Debtors and Debtors-in-Possession [Docket No. 2561] (the "Amendment Order") attached hereto as **Exhibit B**. Pursuant to the Administrative Order of this Court dated February 4, 2009 [Docket No. 128] approving procedures for interim compensation and reimbursement of professionals, Lazard seeks interim allowance in aggregate amount of $3,663,875.81 for financial advisory services provided to the debtors. In support of this Application, Lazard respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157 (b) (2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On January 14, 2009 (the "Petition Date"), the debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code. Pursuant to sections 1107 and 1108 the Bankruptcy Code, the debtors have continued to operate their businesses and manage their properties as debtors in possession since the Petition Date.

3. This Application is submitted pursuant to the terms of the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses dated February 4, 2009 (the "Administrative Order").

4.  On March 20, 2009, this Court entered certain Order Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014 and Local Rule 2014-1 authorizing the retention and employment of Lazard Freres & Co. LLC as financial advisor and investment banker to the Debtors nunc pro tunc to the petition date.(the "Retention Order"), attached hereto as **Exhibit C.**

5.  On or around November 23, 2009, a formal auction of certain assets related to Nortel's Nortel's North American, Caribbean and Latin American and Asian Optical Networking and Carrier Ethernet businesses ("Optical and Carrier Ethernet Businesses"), was held. The Debtors, with Lazard's assistance, reached the Final Auction Offer with Ciena for a purchase price of approximately $774,000,000 in cash.  On or about December 2, 2009, the Court approved the Final Auction Offer received from Ciena for the purchase of the Optical and Carrier Ethernet Businesses.

6.  On or around November 24, 2009, a formal auction of certain assets related to Nortel's North American, EMEA and Taiwan GSM businesses and the GSM-R business (the "GSM/GSM-R business," collectively), was held. The Debtors, with Lazard's assistance, reached the Final Auction Offer with Ericsson and Kapsch for a purchase price of approximately $103,000,000 in cash.  On or about December 2, 2009, the Court approved the Final Auction Offer received from Ericsson and Kapsch for the purchase of the Optical and Carrier Ethernet Businesses.

## COMPENSATION REQUEST

7. Lazard seeks allowance of compensation for professional services rendered to the Debtors during the Compensation Period in the amount of $250,000.00 as a Monthly Fee.

8. In addition, accordance with Schedule I of the Engagement Letter as amended by the Amendment Order, Lazard is seeking a Minority Sale Transaction Fee of $4,066,000 for the sale of the Optical and Carrier Ethernet Businesses and a Minority Sale Transaction Fee of $986,000 for the sale of the GSM/GSM-R business.  Both transaction fees are calculated below and based on an aggregate consideration of $713,122,000 and $95,616,000 for the Optical and Carrier Ethernet Businesses and of the GSM/GSM-R business, respectively.

| OPTICAL NETWORKING AND CARRIER ETHERNET BUSINESSES | | | Aggregate Consideration | | $713 |
|---|---|---|---|---|---|
| **TRANSACTION FEES** | | | | | |
| AGGREGATE | SCHEDULE | INCREMENT | FEE (%) | | FEE ($) |
| $25 | $25 | $25 | 2.50% | | $0.625 |
| 50 | 25 | 25 | 2.20% | | 0.550 |
| 100 | 50 | 50 | 1.75% | | 0.875 |
| 200 | 100 | 100 | 1.30% | | 1.300 |
| 300 | 100 | 100 | 1.10% | | 1.100 |
| 400 | 100 | 100 | 1.00% | | 1.000 |
| 500 | 100 | 100 | 0.90% | | 0.900 |
| 600 | 100 | 100 | 0.86% | | 0.860 |
| 700 | 100 | 100 | 0.82% | | 0.820 |
| 713 | 100 | 13 | 0.78% | | 0.102 |
| 713 | 100 | - | 0.74% | | - |
| 713 | remainder | - | 0.70% | | - |
| **TOTAL FEE** | | $713 | | | $8.132 |
| | | | | 50% | Discount |
| **LAZARD TRANSACTION FEE** | | | | | $4.0662 |

| GSM/GSM-R BUSINESS | | | Aggregate Consideration | | $96 |
|---|---|---|---|---|---|
| **TRANSACTION FEES** | | | | | |
| ($ in millions) | | | | | |
| AGGREGATE | SCHEDULE | INCREMENT | FEE (%) | | FEE ($) |
| $25 | $25 | $25 | 2.50% | | $0.625 |
| 50 | 25 | 25 | 2.20% | | 0.550 |
| 96 | 50 | 46 | 1.75% | | 0.798 |
| 96 | 100 | - | 1.30% | | - |
| 96 | 100 | - | 1.10% | | - |
| 96 | 100 | - | 1.00% | | - |
| 96 | 100 | - | 0.90% | | - |
| 96 | 100 | - | 0.86% | | - |
| 96 | 100 | - | 0.82% | | - |
| 96 | 100 | - | 0.78% | | - |
| 96 | 100 | - | 0.74% | | - |
| 96 | remainder | - | 0.70% | | - |
| **TOTAL FEE** | | $96 | | | $1.973 |
| | | | | 50% | Discount |
| **LAZARD TRANSACTION FEE** | | | | | $0.9866 |

9. The Minority Sale Transaction Fee is calculated by breaking down the Aggregate Consideration into smaller increments as stipulated in the table and multiplying each increment by the corresponding incremental fee. For example, for a transaction in which the Aggregate Consideration paid is $260 million, the fee would be 2.50% of the first $25 million, 2.20% of the next $25 million, 1.75% of the next $50 million, 1.30% of the next $100 million, and then 1.10% of the final $60 million (for a total fee of $4.01 million). In accordance with section 3(d)(A) of the Engagement Letter, the Lazard Minority Sale Transaction Fee equals 50% of the total fee calculated in Schedule I.

10. In accordance with paragraph 6 of the Amendment Order, the maximum amount of all Minority Sale Transaction Fees that may be paid to Lazard in respect of the transactions that have received final Bankruptcy Court approval prior to February 1, 2010, is $15,000,000. Thus, the maximum amount billable for the sale of Optical and Carrier Ethernet Businesses and the sale of GSM/GSM-R Business is an aggregate $4,532,000 (after taking into account the $5,541,000 paid on account of the CDMA/LTE assets [Docket No. 2548] and the $4,927,000 paid on account of the Enterprise Assets [Docket No. 2549]).

11. Finally, in accordance with paragraph 8 of the Amendment Order, one half of each Monthly Fee that becomes payable on or after July 1, 2009, but before January 1, 2011, and is paid thereafter, shall be credited against any Restructuring/Breakup Fee, Sale Transaction Fee, Minority Sale Transaction Fee or IP Transaction Fee that becomes due and payable under the Engagement Letter. Thus, $1,125,000, representing one half of the Monthly Fees for the period covering July 1, 2009 to March 31, 2010, is hereby credited against the maximum amount billable for the Optical and Carrier Ethernet Businesses and the GSM/GSM-R Business of $4,532,000, reducing the applied compensation to $3,407,000.00.

12. In sum, Lazard seeks allowance of compensation for professional services rendered to the Debtor during the Compensation Period in the aggregate amount $3,657,000.00, comprised of a Monthly Fee of $250,000.00 for the Compensation Period and the Minority Sale Transaction Fees of $3,407,000.00 (after taking into account of the cap pursuant to the Amendment Order and the credit of certain Monthly Fees as described above), and for reimbursement of expenses incurred in connection with the rendition of such services in the aggregate amount of $6,875.81, for a total award $3,663,875.81 (the "Total Compensation Amount").[2]

13. For the convenience of the Court and all parties in interest, attached hereto as **Exhibit D** is a summary setting forth the name of each professional for whose work on these reorganization cases compensation is sought and the details of hours expended by those professionals. In addition, attached hereto as Exhibit E is a summary of fee calculation and the details of expenses incurred during the Compensation Period.

## SUMMARY OF SERVICES

14. The Managing Directors, Director, Associates and Analysts of Lazard who have rendered professional services during the Compensation Period in these cases are as follows: Terry Savage (Managing Director); Michael Murray (Managing Director); David Descoteaux (Managing Director); Matthew Hart (Director); Colin Keenan (Associate); Kshitij

---

[2] The Debtors have agreed with each of Nortel Networks Limited ("NNL") and Nortel Networks UK Limited ("NNUK") that the fees and expenses owed to Lazard by NNI, NNL and NNUK shall be allocated among such entities in accordance with the chart attached to the Supplemental Fourth Omnibus Order Allowing Certain Professionals Interim Compensation for Services Rendered and Reimbursement of Expenses [Docket No. 2812] (the "Supplemental Fee Order") as Exhibit A, which chart shall be incorporated in an additional writing to be executed by NNI, NNL and NNUK, and that the Minority Sale Transaction Fees shall be released from the related sale escrows and paid to Lazard as described in the Supplemental Fee Order.

Bahtia (Associate); Greg Healey (Associate); Nicholas Page (Analyst); Edouard Gueyffier (Analyst); Matthew Carey (Analyst) and Justin Lux (Analyst).

15. During the Compensation Period, the Debtors relied heavily on the experience and expertise of the above-named persons in dealing with matters described in Paragraph 16. As a result, Lazard's highly skilled restructuring professionals devoted significant time and effort to perform properly and expeditiously the required professional services.

16. A summary of some of the services rendered by Lazard during the Compensation Period are as follows:

   a) <u>Assistance with General Bankruptcy</u>:  Lazard professionals have participated in weekly planning sessions and other periodic meetings with the Debtor and its legal counsel concerning process and strategy issues related to the bankruptcy.

   b) <u>Meetings/Calls with Company Management</u>:  Lazard professionals have participated in calls and meetings with Company management to discuss the Chapter 11 process and strategy.  Lazard also participated in calls and meetings with the management team to assist in the preparation and review the Company's presentations prior to distribution to the various Creditor financial and legal advisors.

   c) <u>Various M&A Processes</u>:  Lazard professionals conducted full-scale M&A processes for various Debtor assets and entities that included the preparation of informational memoranda, multiple rounds of bidding, detailed due diligence and site visits as well as negotiations with potential buyers.  This process required Lazard professionals to respond to a host of calls and inquiries from various potential buyers and creditors.

   d) <u>Preparation and Participation in Meetings with Creditors</u>:  Lazard prepared, reviewed, advised and assisted in the preparation of various presentation materials for each of the Debtor's creditor constituents.  In addition, Lazard has engaged in nearly daily conversations with the various creditor advisors.

   e) <u>Sale of Optical Networking and Carrier Ethernet Businesses and GSM/GSM-R Business</u>: The sale of the Debtor's assets produced significantly greater value than initially expected for the Debtor and its creditors, due in part to Lazard's efforts to spur buyer interest throughout the sale process.  In particular, Lazard created a bidding dynamic that resulted in a final sale prices for the Optical Networking and Carrier

Ethernet Businesses and GSM/GSM-R Business that were significantly higher than expected and thereby contributed substantial value to the Debtor's estate.

i) Preparation of the Buyer's Contact List - Lazard compiled a comprehensive contact list of potential buyers consisting of both strategic and financial parties. Lazard contacted potential financial and strategic buyers and signed confidentiality agreements.

ii) Management of Sales Process - Lazard assisted the Debtors in conducting comprehensive M&A sale processes for the Optical Networking and Carrier Ethernet Businesses and GSM/GSM-R Business which included the following: (1) contacted and solicited interest from potential buyers, (2) distributed confidentiality agreements and process letters to interested parties, (3) provided answers to due diligence related questions and participated in conference calls with management as required, (4) requested indications of interest to be submitted by a certain date, (5) received and analyzed indications of interest submitted by interested buyers, (6) contacted interested parties which were selected to proceed to the next phase of the sale process, (7) assisted management with the preparation and presentation of the formal management presentation to interested parties, (8) assisted buyers in completing their due diligence, (9) notified interested parties of the requirement for submission of final offers and (10) received and analyzed offers received from interested parties, and (11) assisted in the negotiation of terms.

iii) Valuation of Offers - Lazard prepared certain valuation analyses related to offers for the Optical Networking and Carrier Ethernet Businesses and GSM/GSM-R Business and presented these findings to various parties including the Debtors' management, the Board of Directors, the Unsecured Creditors' Committee and the Court.

iv) Court Testimony - Lazard provided testimony before this Court on several occasions with respect to (i) the bidding procedures, (ii) the value of the transaction, and (iii) the auction process with respect to the Optical Networking and Carrier Ethernet businesses.

## **CONCLUSION**

17. It is respectfully submitted that the amount requested by Lazard is fair and reasonable given (a) the complexity of the issues presented, (b) the time and labor required, (c) the skill necessary to perform the financial advisory services, (d) the preclusion of other employment, and (e) the customary fees charged to clients in bankruptcy and non-bankruptcy situations.

18.     No agreement or understanding exists between Lazard and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

19.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

WHEREFORE Lazard respectfully requests (i) an interim allowance of compensation for professional services rendered during the Compensation Period in the amount of $3,663,875.81.

| | |
|---|---|
| Total Amount of Compensation Requested: | **$3,663,875.81** |
| Less: Amounts Paid to Date: | ($0.00) |
| Net Amount of Compensation Requested: | **$3,663,875.81** |

Dated: June __, 2010
New York, New York

LAZARD FRÈRES & CO. LLC

*/s/ David Descoteaux*

David Descoteaux
Managing Director
Lazard Frères & Co. LLC
30 Rockefeller Plaza, 61st Floor
New York, NY 10020
(212/632-6000)
Investment Banker and Financial Advisor
to the Debtors

## VERIFICATION

DAVID DESCOTEAUX, being duly sworn, deposes and says:

1. I am a Managing Director of Lazard Frères & Co. LLC ("Lazard"), which maintains offices for providing investment banking services at 30 Rockefeller Plaza, New York, New York 10020. Lazard has acted as an investment banker and financial advisor to and rendered professional services on behalf of Nortel Networks, Inc., et al. (the "Debtors").

2. This affidavit is submitted pursuant to Bankruptcy Code Rule 2016 in connection with Lazard's application (the "Application") for Allowance of Compensation and Reimbursement of Expenses for the time period of March 1, 2010 through and including March 31, 2010 in the amount of **$3,663,875.81.**

3. All of the services for which compensation is sought by Lazard were performed for and on behalf of the Debtors and not on behalf of any other person.

4. No agreement or understanding exists between Lazard and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

David Descoteaux
Managing Director

Sworn to before this 3rd day of June 2010

Notary Public, State of New York

JUDITH ORLANDO
Notary Public, State of New York
No. 01OR5066917
Qualified in New York County
Commission Expires Jan. 18, 20 11