# EXHIBIT B

# Retention Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X

*In re*

Nortel Networks Inc., *et al.*,[1]

               Debtors.

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

**Re: D.I. 294, 507, 2397**

---------------------------------------------------------------X

## ORDER APPROVING AN AMENDMENT TO THE TERMS OF COMPENSATION OF LAZARD FRÈRES & CO. LLC AS FINANCIAL ADVISOR AND INVESTMENT BANKER FOR THE DEBTORS AND DEBTORS IN POSSESSION

Upon the Application dated February 9, 2010 (the "Application")[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Application, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), authorizing an amendment to the terms of compensation previously approved with respect to the retention of Lazard Frères & Co. LLC ("Lazard") as financial advisor and investment banker to the Debtors; and adequate notice of the Application having been given as set forth in the Application; and it appearing that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Application.

no other or further notice is necessary; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief requested in the Application, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED.

2. The Amended Fee Structure is approved, subject to further amendments and clarifications provided below, and the Fee Cap is hereby removed.

3. Lazard may not charge, and the Debtors are not authorized to pay, the Restructuring/Breakup Fee if Lazard charges, and the Debtors pay, with this Court's approval upon hearing, the Sale Transaction Fee.

4. Lazard may not charge, and the Debtors are not authorized to pay, the Sale Transaction Fee if Lazard charges, and the Debtors pay, with this Court's approval upon hearing, the Restructuring/Breakup Fee.

5. The Engagement Agreement shall be amended to include a new Section 3(d)(C), as follows:

> If the Company consummates a restructuring and reorganization around all or substantially all of the Company's intellectual property assets, Lazard shall be paid a fee (the "IP Transaction Fee") equal to 50% of the fee calculated based on the Aggregate Consideration as set forth in Schedule I hereto; provided, however, that, for purposes of determining the IP Transaction Fee payable under this Section 3(d)(C), the Aggregate Consideration shall be the value of the reorganized entity as provided for, utilized or relied upon by the confirmed plan of reorganization in

determining distributions on behalf of creditors' claims; and provided further that the IP Transaction Fee shall not exceed US$5,125,000. For the avoidance of doubt, (i) the preceding sentence shall not apply in determining any Minority Sale Transaction Fee payable with respect to any sale of the Company's interest in any intellectual property assets, which shall be covered by Section 3(d)(B) and (ii) no previously paid Restructuring/Breakup Fee, Sale Transaction Fee, Minority Sale Transaction Fee, Financing Fee or Other Transaction Fee shall be creditable against the IP Transaction Fee.

6. For the avoidance of doubt, multiple Minority Sale Transaction Fees may be payable pursuant to Section 3(d)(B) of the Engagement Agreement (regardless of whether the applicable Minority Sale Transactions involve, in the aggregate, all or a majority of the assets of the Debtors) and, notwithstanding anything to the contrary in Section 3 of the Engagement Agreement, the aggregate amount of all Minority Sale Transaction Fees payable may exceed US$15 million, provided, however, that the maximum amount of Minority Sale Transaction Fees that may be paid to Lazard in respect of the transactions that have received final Bankruptcy Court approval prior to February 1, 2010, is US$15 million.

7. In addition, with respect to any fees chargeable by Lazard to Nortel under Section 3(d) of the Engagement Agreement for any transaction that has not been approved by this Court prior to February 1, 2010, any such fees shall become due and payable on the date that the Debtors make a distribution or distributions equal to or exceeding 35% of the amount estimated in an approved disclosure statement for distribution to general unsecured creditors under a Bankruptcy Court approved plan. For the avoidance of doubt, the preceding sentence shall not apply to (a) any Monthly Fee, (b) reimbursement of any expenses pursuant to Section 3(h) of the Engagement Agreement, or (c) any payment that may become payable pursuant to the indemnification, contribution and related provisions of that certain Indemnification Agreement dated March 29, 2005, as approved by the Original Retention Order.

8. One-half of each Monthly Fee that becomes payable on or after July 1, 2009, but before January 1, 2011, and is paid thereafter, shall be credited against any Restructuring/Breakup Fee, Sale Transaction Fee, Minority Sale Transaction Fee or IP Transaction Fee that becomes due and payable under the Engagement Agreement.

9. One-hundred percent of each Monthly Fee that becomes payable on or after January 1, 2011 and is paid thereafter shall be credited against any Restructuring/Breakup Fee, Sale Transaction Fee, Minority Sale Transaction Fee or IP Transaction Fee that becomes due and payable under the Engagement Agreement.

10. For the avoidance of doubt, except to the extent that Lazard has provided significant services with respect thereto, Lazard may not charge, and the Debtors are not authorized to pay, any fees with respect to: (a) any sale solely involving Nortel's interest in real properties, wherever located, including, without limitation, properties located in Ottawa, Ontario and Richardson, Texas; (b) any sale of Nortel's interest in LG-NT joint venture, GDNT, or any other Nortel joint venture; or (c) any dividend paid to Nortel from the LG-NT joint venture, GDNT, or any other Nortel joint venture.

11. Effective as of the date of this Order, the retention and employment of Lazard as financial advisor and investment banker to the Debtors shall continue, without interruption, pursuant to the terms of the Engagement Agreement as modified by this Order.

12. Lazard shall continue to be compensated in accordance with the terms set forth in the Engagement Agreement as modified by the Amended Fee Structure and this Order, and as set forth in paragraph 4 of the Original Retention Order.

13. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its

entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

14. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: February 26, 2010

_____
HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
:
*In re*                                              : Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                   : Case No. 09-10138 (KG)
:
　　　　　　　　Debtors.                              : Jointly Administered
:
:                                                    : RE: D.I. 294
:
------------------------------------------------------X

### ORDER UNDER 11 U.S.C. §§ 327 AND 328 AUTHORIZING RETENTION AND EMPLOYMENT OF LAZARD FRÈRES & CO. LLC AS FINANCIAL ADVISOR AND INVESTMENT BANKER TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application, dated February 13, 2009 (the "Application"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Application, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), (i) authorizing the Debtors to retain and employ Lazard Frères & Co. LLC ("Lazard") as financial advisor and investment banker to the Debtors, *nunc pro tunc* to the Petition Date, (ii) approving the terms and conditions of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

Agreement and (iii) granting related relief; and upon the Declaration of Frank A. Savage in Support of Debtors' Application for Entry of an Order Under 11 U.S.C. §§ 327 and 328 Authorizing Retention and Employment of Lazard Frères & Co. LLC as Financial Advisor and Investment Banker to the Debtors *Nunc Pro Tunc* to the Petition Date, attached as Exhibit A to the Application (the "Savage Declaration"); and adequate notice of the Application having been given as set forth in the Application; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief requested in the Application, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Bankruptcy Rule 2014-1, the Debtors are authorized to retain and employ Lazard as financial advisor and investment banker to the Debtors, *nunc pro tunc* to the Petition Date, under the terms and conditions set forth in that certain letter dated March 16, 2009, by and between the Company and Lazard, attached hereto as Exhibit A to this Order (the "Engagement Agreement") and the related indemnification letter attached hereto as Exhibit B to this Order (the "Indemnification Agreement", and together with the Engagement Agreement, the "Agreement").

3. The fee structure and other compensation set forth in the Engagement Agreement, including, without limitation, the Monthly Fee, the Restructuring/Breakup Fee, the Sale Transaction Fee, the Minority Sale Transaction Fee, the Financing Fee and the Other Transaction Fee (as all are defined in the Engagement Agreement), the reimbursement of expenses, and the indemnity, reimbursement and contribution obligations pursuant to the Indemnification Agreement, are approved pursuant to section 328(a) of the Bankruptcy Code. The Debtors shall be jointly and severally liable for such compensation.

4. Lazard will file fee applications for interim and final allowance of compensation, including reimbursement of expenses, pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code; provided, however, that Lazard shall be compensated pursuant to section 328(a) of the Bankruptcy Code and that Lazard's compensation shall not be evaluated under the standard set forth in section 330 of the Bankruptcy Code.

5. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, orders of this Court or any guidelines regarding submission and approval of fee applications, in light of services to be provided by Lazard and the structure of Lazard's compensation pursuant to the Engagement Agreement, Lazard and its professionals shall be excused from maintaining time records as set forth in Local Rule 2016 in connection with the services to be rendered pursuant to the Engagement Agreement; provided, however, that Lazard shall instead present to the Court daily descriptions of those services provided on behalf of the Debtors, set forth for each individual who provided such services, kept in hour increments with a reasonably detailed description of the services provided.

6. Notwithstanding anything in this Order to the contrary, the United States Trustee for the District of Delaware shall retain all rights to object to the Monthly Fee, the

3

Restructuring/Breakup Fee, the Sale Transaction Fee, the Minority Sale Transaction Fee, the Financing Fee, and the Other Transaction Fee based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

7.  The provisions set forth in the Indemnification Agreement are approved, subject during the pendency of these cases to the following:

>   a.  Subject to the provisions of subparagraph (d) beneath, the Debtors are authorized to indemnify, and to provide contribution and reimbursement to, and shall indemnify, and provide contribution and reimbursement to, the Indemnified Persons (as defined in the Indemnification Agreement) in accordance with the Indemnification Agreement for any claim arising from, related to, or in connection with the services provided for in the Engagement Agreement, but not for any claim arising from, related to, or in connection with Lazard's postpetition performance of any other services unless such postpetition services and indemnification therefore are approved by the Court;
>
>   b.  notwithstanding any provisions of the Indemnification Agreement to the contrary, the Debtors shall have no obligation to indemnify Lazard or provide contribution or reimbursement to Lazard (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Lazard's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of Lazard's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (d) beneath, to be a claim or expense for which Lazard should not receive indemnity, contribution or reimbursement under the terms of the Indemnification Agreement, as modified by this Order;
>
>   c.  if during the pendency of the Debtors' cases the indemnification is held unenforceable by reason of the exclusions set forth in subparagraph (b) above and Lazard makes a claim for the payment of any amounts by the Debtors on account of the Debtors' contribution obligations, then the provisio set forth in the second

4

    sentence of the contribution provisions in the Indemnification Agreement shall not apply; and

  d. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become final and no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Lazard believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Indemnification Agreement (as modified by this Order), including without limitation the advancement of defense costs, Lazard must file an application therefor in this Court, and the Debtors may not pay any such amounts to Lazard before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for compensation and expenses by Lazard for indemnification, contribution or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify Lazard.

8. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March 20, 2009
   Wilmington, Delaware

                    /s/ Kevin Gross
                    UNITED STATES BANKRUPTCY JUDGE

5