IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
                Debtors. : Jointly Administered
: RE: D.I. 2737, 2873
:
---------------------------------------------------------X

**FIRST SUPPLEMENTAL AFFIDAVIT OF ERIK C. LIOY IN SUPPORT OF DEBTORS'
MOTION FOR AN ORDER APPROVING THE ENGAGEMENT OF GRANT
THORNTON LLP AS NEUTRAL TSA ARBITRATOR IN CONNECTION WITH
THE SALE OF CERTAIN METRO ETHERNET NETWORKS BUSINESS ASSETS**

I, Erik C. Lioy, do hereby declare as follows:

1. I am a partner in the Forensic, Investigative & Litigation Services group of the Advisory Services practice of the firm Grant Thornton LLP ("Grant Thornton" or the "Firm"), which maintains an office at 201 S. College St., Suite 2500, Charlotte, NC 28244. Grant Thornton is the United States member firm of Grant Thornton International Ltd., one of the six global audit, tax and advisory organizations. Each member firm is a separate and distinct legal entity and Grant Thornton International Ltd. and its member firms are not a worldwide partnership. I am authorized to execute this supplemental declaration (the "Supplemental Declaration") on behalf of Grant Thornton and I have personal knowledge of the facts set forth herein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

1

2. I submit this Supplemental Declaration in connection with the *Motion for an Order Approving the Engagement of Grant Thornton LLP as Neutral TSA Arbitrator in Connection with the Sale of Certain Metro Ethernet Networks Business Assets* [Docket No. 2737] (the "Motion") of the above-captioned debtors (collectively, the "Debtors") and the *Declaration of Erik C. Lioy in Support of the Debtors' Motion for an Order Approving the Engagement of Grant Thornton LLP as Neutral TSA Arbitrator in Connection with the Sale of Certain Metro Ethernet Networks Business Assets* (the "Declaration") submitted therewith supporting the terms of the Engagement Agreement[2] between Nortel Networks Inc. ("NNI"), Nortel Networks Limited, Nortel Networks UK Limited ("NNUK"), Nortel Networks (Ireland) Limited, the Joint Administrators, Ciena Corporation and affiliates and Grant Thornton dated as of March 3, 2010.

3. On March 19, 2010, the Debtors filed the Motion to approve Grant Thornton's retention. The Motion received no objections and on April 13, 2010, the Bankruptcy Court entered the *Order Approving The Engagement Of Grant Thornton LLP Nunc Pro Tunc To February 26, 2010 As Neutral TSA Arbitrator In Connection With The Sale Of Certain Metro Ethernet Networks Business Assets* [Docket No. 2873].

4. Subsequently, Wendy Nichols, a partner in Grant Thornton UK LLP, the separate United Kingdom member firm of Grant Thornton International Ltd., was engaged as an expert witness in the United Kingdom in a matter concerning the pension scheme of NNUK, which could impact on claims between NNUK and NNI, but which are wholly unrelated to the scope of the Engagement Agreement.

---

[2] Capitalized terms used, but not defined, herein shall have the same meanings ascribed to them in the Motion.

5. Grant Thornton submits this Supplemental Declaration in the interests of transparency and full disclosure. Other than as disclosed herein and in the Declaration, Grant Thornton has no relationship with the Debtors of which I am aware after due inquiry.

6. Based upon the foregoing, I believe Grant Thornton is disinterested as defined in section 101(14) of the Bankruptcy Code, does not hold or represent an interest adverse to the Debtors or their estates, and is impartial and independent pursuant to the terms of the Engagement Agreement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 8, 2010

_____
Erik C. Lioy