IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
: 
In re                                                       : Chapter 11
                                                            :
Nortel Networks Inc., et al.,[1]                            : Case No. 09-10138 (KG)
                                                            :
            Debtors.                                        : Jointly Administered
                                                            :
                                                            : **Re: D.I. 3034, 3114**
                                                            :
------------------------------------------------------------X

### AGREED PROTECTIVE ORDER BETWEEN THE DEBTORS AND THE AFFILIATES OF VERIZON COMMUNICATIONS INC.

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), having filed with this Court Motions to Enforce the Automatic Stay, and for Entry of an Order Directing an Examination and Production of Certain Documents by Verizon Communications Inc. and its Affiliates Pursuant to Fed. R. Bankr. P. 2004 (collectively, the "Motions"); and the affiliates of Verizon Communications Inc. (collectively, "Verizon")[2] having filed a proof of claim against NNI on September 30, 2009 marked in the Debtors' claims register as claim number 5521 (the "Proof of Claim"); and the Debtors and Verizon (collectively, the "Parties," individually a "Party") having agreed to the entry of this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] The definition of Verizon includes, without limitation, all wholly-owned subsidiaries of Verizon Communications Inc. (including, without limitation, Verizon Business Purchasing LLC, Verizon Services Corp., Verizon Network Integration Corp., Verizon Information Technologies LLC, Verizon Business Network Services Inc., Verizon Corporate Services Group Inc., Verizon Select Services Inc., MCI Communications, Inc. d/b/a Verizon Business Services and MCI Network Services, Inc., and the operating telephone company subsidiaries of Verizon Communications Inc.) and Cellco Partnership and its affiliates, collectively d/b/a Verizon Wireless.

Protective Order to facilitate the disclosure of information and the production of documents, pursuant to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), in connection with the Motions, the Proof of Claim, and all rights and defenses claimed or asserted by either Party in connection therewith, including, without limitation, Verizon's claimed setoff rights (collectively, the "Disputes", individually a "Dispute"), the Court hereby issues this Protective Order. Unless modified pursuant to the terms contained herein, this Protective Order shall remain in effect through the final resolution, either by settlement or adjudication (including all appeals), of the Disputes.

In support of this Protective Order, the Court finds that:

1. Documents or information containing confidential, proprietary business information and/or trade secrets may be disclosed or produced in connection with the Disputes;

2. A Party (the "Producing Party") disclosing or producing Protected Information (as defined below), to anyone other than Qualified Persons (as defined below) may assert that public dissemination or disclosure of such Protected Information could severely injure or damage such Party and could place that Party at a competitive disadvantage; and

3. To protect the respective interests of the Parties and to facilitate the exchange of documents and information between the Parties in connection with the Disputes, the following Protective Order should issue.

**IT IS HEREBY ORDERED THAT:**

1. Materials to be treated under this Protective Order as "Protected Information" shall include:

    a. Documents, books, records and information, in any form, including, without limitation, paper, electronic, and computer-related, that a Party in good faith

believes (a) constitutes or relates to the confidential and/or proprietary business practices, plans, strategies, analyses, reports, evaluations, records, summaries, appraisals, compilations, abstracts, studies, agreements, term sheets, underwriting documents, or projections of such Party or any affiliate thereof; (b) was provided to a Party, or any representative thereof, on a confidential basis; and/or (c) is kept confidential by a Party pursuant to law or regulation; <u>provided that</u>, prior to disclosure by a Producing Party to the other Party (the "<u>Receiving Party</u>,"), the documents, books, records, or other information are plainly marked or otherwise identified by the Producing Party on at least the caption page with a legend bearing the word or words, as the case may be,

    (i)    "CONFIDENTIAL"; or

    (ii)    "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY."

b.    Information revealed during depositions upon oral examination, that is designated in good faith on the record at the deposition, or within twenty-one (21) calendar days after the deposition transcript becomes available, <u>provided, that</u> the information revealed during any particular deposition shall cease to be Protected Information twenty-one (21) calendar days after receipt by the Parties of the final deposition transcript, unless the witness, his employer, his counsel, or counsel for any of the Parties designates either on the record during the deposition or in writing before the twenty-one (21) calendar day period has expired that Protected Information is set forth in the transcript and identifies in writing the portions of the transcript that set forth that Protected Information; and

c.    Any extract, summary, digest, analysis, comment or any other document containing or referring to any information identified in categories 1.a. or 1.b. above.

2.    Protected Information shall not include any material (a) that is publicly published advertising material, (b) that is or hereafter becomes publicly known or available through no fault of the Receiving Party; (c) that is developed or acquired by the Receiving Party independently by legal means from an independent source without restrictions to access or use; (d) that has been submitted to any governmental entity without request for confidential treatment; or (e) that is approved in writing and in advance by the Producing Party for public release or use, without restriction. In determining the scope of information that a Party may designate as its Protected Information, each Party acknowledges the importance of client access to all information material

to clients' decision-making in connection with the Disputes, and therefore agrees that designations of information as Protected Information and responses to requests to permit further disclosure of Protected Information shall be made in good faith and (1) not to impose undue burden or delay on the opposing Party, (2) not for tactical or other advantage in connection with the Disputes, and (3) not in order to avoid embarrassment.

3. Protected Information shall only be used in connection with a Dispute and not for any other business, litigation, or other purpose and shall not be shown, disseminated, copied, or in any way communicated or disclosed to anyone for any purpose whatsoever, other than Qualified Persons, as defined below, except as otherwise provided below.

4. Except as otherwise expressly set forth herein, Protected Information shall be disclosed only to the following persons (the "Qualified Persons"):

   a. This Court, (i) under seal; (ii) in any manner agreed to in writing by the Parties; or (iii) in such manner as provided in an Order of this Court;

   b. Outside counsel of record for the Receiving Party in these cases, both national and local, and their partners, associates, counsel, of counsel, senior attorneys, and staff attorneys (including legal assistants, secretaries, and support staff as reasonably necessary to assist such counsel in connection with a Dispute);

   c. Outside stenographic court reporters, videographic court reporters, and language translators (including support staff as reasonably necessary) who are employed in connection with a Dispute;

   d. Internal counsel associated with the Receiving Party who act in a legal capacity for the Party and who are responsible for and/or working directly in connection with the Disputes (including support staff as reasonably necessary to assist such counsel in connection with the Disputes);

   e. Current officers, directors or employees of the Receiving Party who either have responsibility for making decisions dealing with a Dispute or are assisting the Party's outside counsel in connection with a Dispute;

   f. The additional individuals or entities listed in sub-paragraphs 4.f.(i) through (vi) below; provided that (except for those in categories (iv) and (v)) such additional individuals, or in the case of sub-paragraph (vi), such

professional advisory firm(s), have read this Protective Order and signed an Undertaking in the form attached hereto as **Exhibit A** before any access to Protected Information is given, which shall be retained in the files of outside counsel for the Receiving Party, except where otherwise indicated:

(i) Former officers, directors or employees of the Receiving Party who are assisting the Party's outside counsel in connection with a Dispute, provided that, except as otherwise ordered by the Court, such former officers, directors or employees are not employed by the Customer, as that term is defined in the Proof of Claim.

(ii) Outside experts or outside consultants retained by the Receiving Party in connection with a Dispute, provided that: (1) before access is given, the expert or consultant has completed the Undertaking attached hereto as **Exhibit A** and a copy of such Undertaking and a list of such expert or consultant's previous engagements as a consulting expert (to the extent such information is available) are served upon the Producing Party at least ten (10) business days before access to the Protected Information is to be given to that expert or consultant; provided, further, that if the identity of such outside expert or consultant would not be subject to discovery under the Bankruptcy Rules or the Local Rules, the Receiving Party may redact the identity of such individual from any copies of the Undertaking and the list that are served upon the Producing Party; and (2) the Producing Party shall have at least five (5) business days after receipt of the information in (1) of this subparagraph and before disclosure to such expert or consultant to notify the Receiving Party in writing that it objects to disclosure of Protected Information to the expert or consultant. The Parties agree to promptly confer and act in good faith in an effort to resolve any such issue. If the Parties cannot resolve the dispute, the Producing Party may apply for relief from the Court pursuant to the Local Rules concerning discovery disputes, and bears the burden of proving why such disclosure should not occur. If a motion is so filed with the Court within ten (10) business days after receipt of the Undertaking by the Producing Party, no disclosure shall be made to the expert or consultant unless and until the Court so orders or the Producing Party otherwise withdraws its motion. If the motion is not filed within ten (10) business days after receipt of the Undertaking, the Producing Party's objection shall be deemed waived.

(iii) Any person or party, including any third party, who is reasonably believed to have authored or received in the ordinary course of business any document or thing containing Protected Information, or who is reasonably believed to otherwise be familiar with the Protected Information referenced in such document or thing, but only to the extent of the person's authorship, receipt, or familiarity

5

  with the particular Protected Information. This provision excludes any individuals shown Protected Information at a deposition, which is governed by paragraph 7 below;

(iv) Paralegals, translators, stenographic, videographic, and clerical employees associated with the individuals enumerated in 4.d.(i) through (iii) above, but only as part of a disclosure to said individuals in accordance with this Protective Order;

(v) Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services and photocopy, document imaging and database services retained to assist outside counsel in connection with a Dispute; and

(vi) such other individuals as the Parties may stipulate to by letter or written agreement, including, without limitation, professional advisor(s) to the Official Committee of Unsecured Creditors (the "Committee") who are representing the Committee in connection with a Dispute, and who are approved by the Producing Party, which approval shall not be unreasonably withheld.

5. Protected Information that is plainly marked or otherwise identified by the Producing Party on at least the caption page with a legend bearing the word "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" shall be disclosed only to the following Qualified Persons:

 a. Qualified Persons listed in sub-paragraphs 4.a. through 4.d.

 b. Qualified Persons listed in sub-paragraphs 4.f.(ii)-(vi), provided that such additional individuals (except for those in sub-paragraphs 4.f.(iv) and (v)) have read this Protective Order and signed an Undertaking in the form attached hereto as **Exhibit A**, which shall be retained in the files of outside counsel for the Receiving Party, except where otherwise indicated.

6. If it is necessary for the Parties to produce or exchange source code or confidential and sensitive information associated therewith, they shall negotiate in good faith provisions regarding the designation, disclosure, dissemination and additional protections regarding such code and/or information.

7. Before Protected Information is disclosed to a witness in a deposition, the witness must be otherwise authorized under this Protective Order to see such Protected Information or the Producing Party must agree to such disclosure. The Party making the disclosure shall inform the witness, on the record, that the use of such Protected Information is subject to the terms of this Protective Order. Except for individuals who are present directors, officers, or employees of the Producing Party, the witness must sign the Undertaking in the form attached hereto as **Exhibit A**, which Undertaking shall be included as an exhibit to such deposition, or the witness shall agree on the record to be bound by the terms of this Protective Order and the Undertaking attached hereto as **Exhibit A**. If a witness refuses both options, the deposition may cease, the Parties may agree to continue the deposition only on terms agreeable to all Parties, or may file any motions with the Court with respect to the deposition as they see fit. If any person present at the deposition is not a Qualified Person, that person shall leave the deposition while any Protected Information is being disclosed in such deposition.

8. The term "copy" as used herein means any photographic, mechanical, electronic, or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

9. Any Party may at any time file a motion, pursuant to the Local Rules pertaining to discovery motions, for an order removing any confidentiality designation and any limitation on the disclosure of material designated as Protected Information, <u>provided</u> <u>that</u> the procedures set forth herein are followed prior to making such a motion. Prior to filing any such motion, or at any other time, the Receiving Party may challenge the Producing Party's designation of information or materials produced under this Protective Order by serving a written objection upon the Producing Party. The Producing Party shall notify the Receiving Party in writing of the bases for the asserted

designation within ten (10) business days after receiving any written objection. The Parties shall confer in good faith as to the validity of the designation within five (5) business days after the Receiving Party has received the notice of the bases for the asserted designation. To the extent the Parties are unable to reach an agreement as to the designation, the Receiving Party may make an appropriate motion to this Court within fifteen (15) business days after conferring with the Producing Party. On such a motion, the non-moving Party shall have the burden of proving that the information in question qualifies as Protected Information as defined in paragraph 1 hereof, or, as the case may be, that the confidentiality designation under this Protective Order is necessary under the circumstances. All Protected Information designated under this Protective Order is entitled to confidential treatment pursuant to the terms of this Protective Order unless and until the Parties agree in writing to the contrary or a contrary determination is made by the Court as to whether all or a portion of any designated material is entitled to confidential treatment. A Party shall not be obligated to challenge the propriety of a designation of Protected Information at the time of designation, and failure to do so shall not preclude subsequent challenge.

10. Inadvertent or unintentional production of documents or information containing Protected Information that is not designated under this Protective Order shall not be deemed a waiver in whole or in part of a claim for protected treatment. With respect to documents, the Producing Party shall notify the Receiving Party as soon as practicable of the error in writing and provide replacement pages bearing the appropriate confidentiality legend. The recipient(s) shall gather and return to the Producing Party, or otherwise destroy to the reasonable satisfaction of the Producing Party, as the case may be, all copies of the undesignated documents.

11. In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order, counsel for the Party responsible for the unauthorized

disclosure shall promptly notify counsel for the Producing Party of the unauthorized disclosure and shall promptly make reasonable best efforts to take the steps necessary to further prevent unauthorized disclosure, including retrieving all copies of the Protected Information from the unauthorized recipient(s) thereof and securing the agreement of the recipient(s) not to further disseminate the Protected Information in any form.

12.     The recipient of any Protected Information shall maintain such Information in a secure and safe place, and shall exercise at least the same degree of care in handling the Protected Information as is exercised by the recipient with respect to its own confidential information of a similar nature, but in no event less than reasonable care. The Parties agree to be subject to the jurisdiction of this Court for the purposes of the implementation and enforcement of this Protective Order.

13.     This Protective Order is without prejudice to the right of any Party to move this Court for an order further restricting disclosure or use of any Protected Information.

14.     To the extent that any Protected Information is subject to the attorney-client privilege or work-product protection, as defined in Rule 502 of the Federal Rules of Evidence (the "Privileged Information"), the provisions of that Rule shall govern the disclosure of such Privileged Information, including, without limitation, inadvertent disclosure, if such disclosure is addressed in the Rule. In the event of an inadvertent disclosure of Privileged Information addressed therein, Rule 502(b) shall govern, and if the Producing Party "promptly [takes] reasonable steps to rectify the error," as provided in Rule 502(b)(3), the inadvertent disclosure shall not constitute a waiver of the attorney-client privilege or work-product protection with respect to the Privileged Information. In the event that the Producing Party provides notice of such inadvertent disclosure to the Receiving Party promptly after it discovers such inadvertent

disclosure, the Receiving Party shall promptly return to the Producing Party, or, at the Receiving Party's option and to the Producing Party's reasonable satisfaction, destroy, all copies of such inadvertently produced Privileged Information (including, any and all work product to the extent it contains such Privileged Information). Upon receiving such a request from the Producing Party, the Receiving Party shall promptly return all copies of such inadvertently produced Privileged Information (including any and all work product to the extent it contains such Privileged Information), and shall make no further use of such Privileged Information (or work product, if any, to the extent it contains such Privileged Information). Nothing herein shall prevent the Receiving Party from challenging the applicability of the attorney-client privilege, work-product protection, or any other privilege or protection to any Protected Information, by appropriate motion in this Court on notice to the Producing Party, and in accordance with this Order and applicable Rules.

     15.    The Receiving Party shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Information.

     16.    After final termination, resolution or settlement of the Disputes (including all appeals), the provisions of this Protective Order shall continue to be binding, except with respect to Protected Information that becomes a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Information for enforcement of the provisions of this Protective Order following termination of the Disputes.

     17.    Upon final termination, resolution or settlement of the Disputes (including all appeals), the recipients of Protected Information (other than recipients affiliated with the Producing Party) shall:

         a.    With respect to any tangible forms of Protected Information, return to the Producing Party, or destroy or redact in a manner reasonably satisfactory to

        the Producing Party, all such tangible forms, including any and all copies thereof, within ninety (90) days of the final termination, resolution or settlement of the Disputes, and certify in writing during such ninety (90) day time frame that such destruction or redaction has taken place; and

   b.   With respect to Protected Information disclosed or transmitted to the Receiving Party electronically, or in the form of electronic, magnetic, optical, or other storage medium, use reasonable efforts to completely erase or otherwise permanently delete such Protected Information from any storage medium onto which such Protected Information may have been written, and to return to the Producing Party, or destroy to the reasonable satisfaction of the Producing Party, any tangible embodiments of such electronically transmitted Protected Information, within ninety (90) days of the final termination, resolution or settlement of the Disputes, and certify in writing that such deletion and destruction have taken place within such ninety (90) day time frame.

Notwithstanding the return/destruction requirement under this paragraph 17, the Receiving Party's in-house counsel and its outside counsel of record in these cases may retain a copy or copies of pleadings, correspondence, work product, discovery responses, expert reports, Court exhibits, and documents included in submissions to the Court, even if Protected Information is included therein, in all events subject to the provisions of this Protective Order.

   18.   To the extent that a non-party to the Disputes intends to produce to a Party documents, information and/or things that it seeks to be covered by the terms of this Protective Order, it may elect to do so by agreeing in writing with such Party, upon reasonable written notice to all other Parties, that the terms of this Protective Order shall apply to such documents, information and/or things.

   19.   Nothing herein shall bar or otherwise restrict an attorney who is a Qualified Person from rendering advice to his or her client with respect to a Dispute. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose the specific content of any Protected Information to any other person or party except as permitted under the terms of this Protective Order. Nothing contained in the foregoing sentence shall prohibit attorneys for the

Committee from filing a motion with the Court seeking authority to disclose the specific content of any Protected Information to their clients to the extent permissible under applicable law or from objecting to any proposed resolution of the Disputes reached between the Debtors and Verizon on any grounds, including, but not limited to that their clients do not have sufficient information to evaluate the proposed resolution, or prohibit the Debtors or Verizon from objecting to such relief.

20. In the event that any Party or Qualified Person is served with a subpoena or other judicial process demanding or requiring the production or disclosure of any Protected Information, such Party or Qualified Person shall (a) provide counsel of record in these cases for all Parties hereto with a copy of such subpoena or other judicial process within five (5) business days following receipt thereof, so that such Parties shall have an opportunity to file a motion for a protective order to prevent such production or disclosure; and (b) use all reasonable efforts to ensure treatment of the Protected Information at issue consistent with this Protective Order. In the event the Producing Party files such a motion for a protective order, and such filing is made and notice given to the Receiving Party or the Qualified Person, as the case may be, prior to or on the return date of the subpoena or other judicial process, the Receiving Party or Qualified Person served with the subpoena or judicial process shall not make such production or disclosure in the absence of an order of this Court requiring such production or disclosure, or written consent or agreement of the Producing Party allowing such production or disclosure.

21. The Parties reserve their rights to agree on procedures for handling and introducing into evidence Protected Information in any hearing or trial concerning a Dispute. In the absence of such an agreement, any Party may file a motion with this Court for an order establishing such procedures.

22. To the extent permitted by applicable law, this Protective Order shall be binding upon each of the Parties and their respective subsidiaries and affiliates, and all persons or entities over which they have control or that have control over them, and all Qualified Persons to whom Protected Information is disclosed.

23. This Protective Order shall not be deemed a waiver of: (a) any Party's right to object to any discovery request on any ground; (b) any Party's right to seek an order compelling discovery with respect to any discovery request; (c) any Party's right to object to the admission of any evidence on any ground; (d) any Party's right to alter or waive any provision or protection provided for herein for such party's benefit; (e) any Party's rights, claims, and defenses concerning any or all of the Disputes; and (f) any Party's right to use its own Protected Information in its sole and complete discretion as it sees fit, or from disclosing its own Protected Information to its present directors, officers, employees, inside counsel, and outside counsel of record in these cases.

24. Any Party may file a motion to modify the terms hereof as provided in Rule 26(b) or (c) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7026, or any other applicable rule. The Parties reserve all of their rights and defenses with respect to any such motion.

25. Verizon is hereby authorized to produce to the Debtors that certain Confidential Settlement Agreement that Verizon entered into with the Customer identified in paragraph 5 of the attachment to its Proof of Claim, and such Settlement Agreement shall be treated as Protected Information under this Protective Order.

26. On June 2, 2010, non-party Acme Packet, Inc. ("Acme") filed an objection [D.I. 3114] to the Debtors' Motion for Entry of an Order Directing an Examination and Production of

Certain Documents by Verizon Communications Inc. and its Affiliates Pursuant to Fed. R. Bankr. P. 2004 (the "2004 Motion"), on the ground that it believed its proprietary information was included in the information the Debtors sought to obtain in the 2004 Motion. To resolve Acme's objection, Verizon shall not produce any Acme confidential information in response to the 2004 Motion, or, in connection with any 2004 Order the Court may issue in connection with the 2004 Motion. On that basis, Acme's objection is resolved. This paragraph is without prejudice to the Debtors' right in the future to seek the production of Acme confidential information, through a subpoena, a 2004 motion, or any other application to the Court, provided, that in the event the Debtors seek such production, they shall provide counsel for Verizon and for Acme respectively no less than ten (10) days notice of any such motion or application, and if the information is sought through the issuance of a subpoena, service of the subpoena shall be at least twenty (20) days before the return date.

Dated: _____, 2010
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE