## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
                                                   :
*In re*                                            :       Chapter 11
                                                   :
Nortel Networks Inc., *et al.*,[1]                 :       Case No. 09-10138 (KG)
                                                   :
                          Debtors.                 :       Jointly Administered
                                                   :
                                                   :       **Hearing date: July 7, 2010 at 10:00 a.m. (ET)**
                                                   :       **Objections due: June 30, 2010 at 4:00 p.m. (ET)**
-------------------------------------------------------X

## DEBTORS' MOTION FOR ENTRY OF AN ORDER
## EXTENDING THE TIME TO FILE A DISCLOSURE
## STATEMENT IN CONNECTION WITH THEIR JOINT CHAPTER 11 PLAN

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to Rule 3016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the time in which to file a disclosure statement (the "Disclosure Statement") in connection with their joint chapter 11 plan (the "Plan") through September 3, 2010; and granting them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors respectfully represent as follows:

---

[1]        The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

**Jurisdiction**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

**A.      Procedural History**

2.      On January 14, 2009 (the "Petition Date"), the Debtors, other than NN CALA (defined below), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On January 15, 2009, this Court entered an order of joint administration pursuant to Bankruptcy Rule 1015(b) that provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

5.      Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings").  The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.

---

[2]      The Canadian Debtors include the following entities:   NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

6.      On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA.  On February 27, 2009, based on a petition filed by Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

7.      On January 14, 2009, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[3] into administration under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators").  On May 28, 2009, at the request of the Joint Administrators, the Commercial Court of Versailles, France (the "French Court") (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA was originally authorized to continue to operate as a going concern for an initial period of three months, which period was subsequently extended to November 28, 2009.  In accordance with the European Union's Council Regulation (EC) No. 1346/2000 on Insolvency Proceedings, the English law proceedings (the "English Proceedings") remain the main proceedings in respect of NNSA, although a French administrator and a French liquidator have been appointed and are in charge of the day-to-day affairs and continuing business of NNSA in France.  On October 1, 2009, pursuant to a motion filed by the Joint Administrators, the French Court approved an order to: (i) suspend the liquidation operations

---

[3]      The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

relating to the sale of the assets and/or businesses of NNSA for a renewable period of two months; (ii) authorize the continuation of the business of NNSA so long as the liquidation operations are suspended; and (iii) maintain the powers of the French Administrator and Liquidator during the suspension period, except with respect to the sale of assets and/or businesses of NNSA.   On March 25, 2010, the French Court ended the suspension of the liquidation operations.   On June 26, 2009, this Court entered an order recognizing the English Proceedings of Nortel Networks UK Limited ("NNUK") as foreign main proceedings under chapter 15 of the Bankruptcy Code.[4]

8.      On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142].   An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group").   No trustee or examiner has been appointed in the Debtors' cases.

9.      On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc. ("NN CALA" and a Debtor with NNI and its affiliates), an affiliate of NNI, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.   On July 17, 2009, this Court entered orders approving the joint administration and consolidation of NN CALA's chapter 11 case with the other Debtors' chapter 11 cases for procedural proposes [D.I. 1098], and applying to NN CALA certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1099].   From time

---

[4]      Additionally, on January 18, 2009, certain Nortel affiliates, including Nortel Networks Israel (Sales and Marketing) Limited, filed an application with the Tel-Aviv-Jaffa District Court, pursuant to the Israeli Companies Law, 1999, and the regulations relating thereto for a stay of proceedings.   On January 19, 2009, the Israeli Court appointed Yaron Har-Zvi and Avi D. Pelossof as joint administrators of the Israeli Company under the Israeli Companies Law (the "Joint Israeli Administrators").

to time, other Nortel affiliates have sought and may seek relief through the commencement of creditor protection or other insolvency or dissolution proceedings around the world.

**B.    Debtors' Corporate Structure and Business**

10.    Nortel is a technology company that historically designed, developed and deployed communication products, systems and solutions to its customers around the globe.  Its principal assets include its employees, the intellectual property derived and maintained from its research and development activities, its customers and other significant contracts and agreements.

11.    Additional information regarding the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3] (the "First Day Declaration").[5]

**C.    Case Milestones**

12.    On June 19, 2009, Nortel announced that it was advancing in discussions with external parties to sell its businesses and it would assess other restructuring alternatives for its businesses in the event it is unable to maximize value through sales.  To date, Nortel has closed (i) the sale of certain portions of its Layer 4-7 data portfolio to Radware Ltd. [D.I. 539]; (ii) the sale of substantially all of its CDMA business and LTE Access assets to Telefonaktiebolaget LM Ericsson (publ) ("Ericsson") [D.I. 1205]; (iii) the sale of the assets of its Wireless Networks business associated with the development of Next Generation Packet Core network components to Hitachi Ltd. [D.I. 1760]; (iv) the sale of substantially all of the assets of the Enterprise Solutions business globally, including the shares of Nortel Government Solutions Incorporated and DiamondWare Ltd. to Avaya Inc. [D.I. 1514]; (v) the sale of substantially all the assets of its

---

[5]         Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

Optical Networking and Carrier Ethernet businesses associated with its Metro Ethernet Networks business unit to Ciena Corporation [D.I. 2070]; (vi) the sale of substantially all of its GSM/GSM-R business to Ericsson and Kapsch CarrierCom AG [D.I. 2065]; and (vii) the sale of certain assets of its Carrier Voice Over IP and Application Solutions business to GENBAND Inc. [D.I. 2632] (collectively, the "<u>Sale Transactions</u>").  Efforts continue to be made with respect to the realization of value from Nortel's remaining assets.

13.    On August 4, 2009, this Court entered an order fixing September 30, 2009 at 4:00 PM (Eastern Time) as the general bar date for filing proofs of claim or interests [D.I. 1280].  On December 2, 2009 this Court entered an order fixing January 25, 2010 at 4:00 PM (Eastern Time) as the bar date for filing proofs of claim or interests against NN CALA [D.I. 2059].

<b><u>Relief Requested</u></b>

14.    By this Motion, the Debtors seek an order pursuant to Bankruptcy Rule 3016(b) extending the time to file the Disclosure Statement pursuant to section 1125 of the Bankruptcy Code through and including September 3, 2010.

<b><u>Facts Relevant to this Motion</u></b>

15.    The Debtors' exclusive period to file a plan of reorganization under section 1121(b) of the Bankruptcy Code expires on July 14, 2010.  The Debtors currently intend to file a joint chapter 11 plan on or before that date.

16.    Since the Petition Date, the Debtors have worked diligently on a variety of fronts to administer their estates, to maximize value for their stakeholders through a series of sales of their various business lines, and to further their restructuring efforts.  As outlined above, the Debtors have undertaken significant steps with respect to the ultimate disposition of their assets and the transfer of substantial numbers of employees and contracts to purchasers in connection with such.  At the same time, the Debtors have made substantial efforts to manage and preserve

their remaining assets and to reduce secondary costs, including through the rejection of real property leases and other contracts not necessary for their continued business operations. The Debtors also have taken other steps to preserve and maximize value, including through the resolution of significant inter-company funding and coordination issues, the prompt resolution of reclamation claims asserted by suppliers against the Debtors, and the development of a key employee incentive and retention plan.

17.    Additionally, the Debtors have actively coordinated the U.S. restructuring efforts and court proceedings with the insolvency proceedings of their foreign affiliates as well as with their non-debtor affiliates. The Debtors have engaged in ongoing and rigorous discussions with the representatives of the Canadian and EMEA Debtors, the Monitor, the Joint Administrators, the Committee and the Bondholder Group regarding a number of inter-company issues, including transfer pricing, inter-company funding and tax issues in furtherance of their restructuring efforts, and have periodically sought relief from the Court related to agreements reached with other estates with respect to such matters. The Debtors also have been engaged in discussions with the other estates regarding issues related to the allocation of proceeds generated from the Sale Transactions.

18.    Pursuant to the Debtors' request, the Court established a September 30, 2009 general bar date (the "Bar Date") for the filing of claims (other than those against NN CALA) [D.I. 1280], and a January 25, 2010 general bar date for claims against NN CALA [D.I. 2059]. Over 7,200 proofs of claim have been filed against the Debtors in connection with their chapter 11 cases. Since the Bar Date, the Debtors and their advisors have been taking all necessary and appropriate actions to administer the claims reconciliation process, including filing nine omnibus objections to claims.

19.      In light of the foregoing, the Debtors have made and continue to make substantial progress toward the stated objective of maximizing value for their creditors.  At this point, with the Sale Transactions largely completed, the focus of the Debtors is on allocation of the proceeds from the Sale Transactions and realization of value from the Debtors' and the Canadian Debtors' remaining intellectual property portfolio and other residual assets.  While the Debtors have worked diligently to develop a chapter 11 plan and draft an accompanying disclosure statement, due to the size and complexity of these chapter 11 cases and the significant restructuring activities which the Debtors have undertaken to date, the Debtors expect to need additional time to prepare a disclosure statement.

20.      During the requested extension period and prior to filing their Disclosure Statement, the Debtors intend continue discussions with their creditor constituencies in furtherance of the chapter 11 plan process and in connection with the drafting of the Disclosure Statement in furtherance of the goal that Disclosure Statement ultimately submitted will facilitate confirmation of the Plan.

## Analysis

21.      Bankruptcy Rule 3016(b) provides that: "In a chapter 9 or 11 case, a disclosure statement under § 1125 of the Code or evidence showing compliance with § 1126(b) shall be filed with the plan or within a time fixed by the court."  The rule expressly contemplates that a debtor may either file its plan and disclosure statement simultaneously, or it may seek a later deadline for filing its disclosure statement.

22.      The relief requested is appropriate in these circumstances, where the Debtors have taken significant steps towards developing a chapter 11 plan, but are still gathering and compiling the relevant information to file a disclosure statement to accompany the Plan. Permitting the Debtors with additional time to file the Disclosure Statement will facilitate the

preparation of a draft and the ongoing discussions with the Debtors' creditor constituents with respect to the various issues that must be resolved in connection with the confirmation of the Plan.

23.     Further, granting the relief requested will not prejudice creditors.  Given the complexity of the Debtors' cases, the Debtors do not expect that during this period any other party would be able to construct a comprehensive disclosure statement or to propose, much less confirm, a competing plan.  While no party in interest has indicated a desire or intent to propose a competing plan of reorganization or liquidation, the additional time requested by this Motion will enable the Debtors to work toward meaningful discussions in furtherance of the Plan without distraction, and to ensure that the Disclosure Statement ultimately filed furthers the Plan confirmation process.

24.     The Debtors further believe that it is not in the best interests of their estates, creditor constituencies or other interested parties to delay the filing of a Plan merely until the Disclosure Statement is completed.

25.     Based upon the foregoing, the Debtors submit that cause exists to extend the time to file a Disclosure Statement through and including September 3, 2010.

### Notice

26.     Notice of the Motion has been given via first class mail to (i) the U.S. Trustee; (ii) the counsel to the Committee; (iii) the counsel to the Bondholder Group; and (iv) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

### No Prior Request

27.     No prior request for the relief sought herein has been made to this or any other court.

9

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto as Exhibit A; and (iii) grant such other and further relief as it deems just and proper.

Dated:  June 18, 2010
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


__/s/ Alissa T. Gazze_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Alissa T. Gazze (No. 5338)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*