# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re*                                                     :   Chapter 11
                                                            :
                                                            :   Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                          :
                                                            :   Jointly Administered
         Debtors.                                           :
                                                            :
                                                            :   **RE: D.I. _____**
                                                            :
                                                            :
------------------------------------------------------------X

ORDER PURSUANT TO 11 U.S.C. § 1121(d)
TO EXTEND THE EXCLUSIVE PERIODS FOR NORTEL NETWORKS (CALA) INC.
TO (I) FILE A CHAPTER 11 PLAN AND (II) SOLICIT ACCEPTANCES THEREOF

Upon the motion dated June 18, 2010 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors") for the entry of an order (the "Order"), as more fully described in the Motion, pursuant to section 1121(d) of the Bankruptcy Code: (i) extending the period during which Nortel Networks (CALA) Inc. ("NN CALA") has the exclusive right to file a plan through and including January 13, 2011 and (ii) extending the period during which NN CALA has the exclusive right to solicit acceptances thereof through and including March 13, 2011; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of NN CALA, its estate, its creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Pursuant to section 1121(d) of the Bankruptcy Code, the time within which only NN CALA may file a plan under section 1121(b) of the Bankruptcy Code is extended through and including January 13, 2011.

3. Pursuant to section 1121(d) of the Bankruptcy Code, the time within which only NN CALA may solicit acceptances to any proposed plan under section 1121(c)(3) of the Bankruptcy Code is extended through and including March 13, 2011.

4. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

5. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2010
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

2