IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NORTEL NETWORKS INC., et al.,[1] | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |
| | Ref Docket No. 3194-3196 & 3198 |

## **AFFIDAVIT OF SERVICE**

STATE OF NEW YORK      )
                                          ) ss.:
COUNTY OF NEW YORK   )

PETE CARIS, being duly sworn, deposes and says:

1.  I am employed as a Noticing Coordinator by Epiq Bankruptcy Solutions, LLC, located at 757 Third Avenue, New York, New York 10017.  I am over the age of eighteen years and am not a party to the above-captioned action.

2.  On June 18, 2010, I caused to be served the:

   a.  "Notice of Hearing Regarding a Final Waiver of the Requirements of 11 U.S.C. Section 345(B)," dated June 18, 2010 [Docket No. 3194], (the "Final Waiver Notice"),

   b.  "Notice of Debtors' Motion for Entry of an Order Extending the Time to File a Disclosure Statement in Connection with Their Joint Chapter 11 Plan," dated June 18, 2010 [Docket No. 3195], (the "Extension Motion"),

   c.  "Notice of Debtors' Sixth Omnibus Motion for an Order (A) Approving the Assumption and Assignment of Certain Additional Executory Contracts in Connection with the Sale of the Debtors' Enterprise Solutions Business and (B) Authorizing the Debtors to File Information Under Seal," dated June 18, 2010, to which was attached the "Debtors' Sixth Omnibus Motion for an Order (A) Approving the Assumption and Assignment of Certain Additional Executory Contracts in Connection with the Sale of the Debtors' Enterprise Solutions Business

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596) Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

and (B) Authorizing the Debtors to File Information Under Seal," dated June 18, 2010 [Docket No. 3196], (the "Under Seal Motion"),

d. "Notice of Debtors' Sixth Omnibus Motion for an Order (A) Approving the Assumption and Assignment of Certain Additional Executory Contracts in Connection with the Sale of the Debtors' Enterprise Solutions Business and (B) Authorizing the Debtors to File Information Under Seal," dated June 18, 2010, to which was attached the "Debtors' Sixth Omnibus Motion for an Order (A) Approving the Assumption and Assignment of Certain Additional Executory Contracts in Connection with the Sale of the Debtors' Enterprise Solutions Business and (B) Authorizing the Debtors to File Information Under Seal," dated June 18, 2010 [Docket No. 3196], (the "Redacted Motion"), a sample of which is annexed hereto as Exhibit A, and

e. "Notice of Debtors' Motion Pursuant to 11 U.S.C. § 1121(D) to Extend the Exclusive Periods for Nortel Networks (Cala) Inc. to (I) File a Chapter 11 Plan and (II) Solicit Acceptances Thereof," dated June 18, 2010, to which was attached the "Debtors' Motion Pursuant to 11 U.S.C. § 1121(D) to Extend the Exclusive Periods for Nortel Networks (Cala) Inc. to (I) File a Chapter 11 Plan and (II) Solicit Acceptances Thereof," dated June 18, 2010 [Docket No. 3198], (the "Exclusivity Motion"),

by causing true and correct copies of the:

i. Final Waiver Notice, Extension Motion, Under Seal Motion and Exclusivity Motion, to be enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to those parties listed on the annexed Exhibit B, and

ii. Redacted Motion, to be enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to those parties listed on the annexed Exhibit C.

3. All envelopes utilized in the service of the foregoing contained the following legend: "LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

Pete Caris

Sworn to before me this
21st day of June 2010

Notary Public

PANAGIOTA MANATAKIS
NOTARY PUBLIC STATE OF NEW YORK
QUEENS COUNTY
LIC. #01MA6221096
COMM. EXP. APRIL 26, 2014

**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
                                            :
*In re*                                     :      Chapter 11
                                            :
NORTEL NETWORKS INC., *et al.*,[1]          :      Case No. 09-10138 (KG)
                                            :
             Debtors.                       :      Jointly Administered
                                            :
                                            :      **Hearing date: July 7, 2010 at 10:00 AM (ET)**
                                            :      **Objections due: June 30, 2010 at 4:00 PM (ET)**
                                            :
-------------------------------------------------------X

### NOTICE OF DEBTORS' SIXTH OMNIBUS MOTION FOR AN ORDER (A) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN ADDITIONAL EXECUTORY CONTRACTS IN CONNECTION WITH THE SALE OF THE DEBTORS' ENTERPRISE SOLUTIONS BUSINESS AND (B) AUTHORIZING THE DEBTORS TO FILE INFORMATION UNDER SEAL

        PLEASE TAKE NOTICE that the debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned cases, have today filed the attached **Debtors' Sixth Omnibus Motion For An Order (A) Approving The Assumption And Assignment Of Certain Additional Executory Contracts In Connection With The Sale Of The Debtors' Enterprise Solutions Business And (B) Authorizing The Debtors To File Information Under Seal** ("Motion").

        PLEASE TAKE FURTHER NOTICE that any party wishing to oppose the entry of an order approving the Motion must file a response or objection ("Objection") if any, to the Motion with the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 on or before **June 30, 2010 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline").

        At the same time, you must serve such Objection on counsel for the Debtors so as to be received by the Objection Deadline.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

DATE FILED  6-18-10

DOCKET NO.  3196

PLEASE TAKE FURTHER NOTICE THAT A HEARING ON THE MOTION WILL BE HELD ON **JULY 7, 2010 AT 10:00 A.M. (EASTERN TIME)** BEFORE THE HONORABLE KEVIN GROSS AT THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 6TH FLOOR, COURTROOM #3, WILMINGTON, DELAWARE 19801.  ONLY PARTIES WHO HAVE FILED A TIMELY OBJECTION WILL BE HEARD AT THE HEARING.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated:  June 18, 2010
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (*admitted pro hac vice*)
Lisa M. Schweitzer (*admitted pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Derek C. Abbott (No. 3876)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Alissa T. Gazze (No. 5338)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*

3620031.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------X
                                              :
                                              :    Chapter 11
                                              :
In re                                         :
                                              :    Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,¹                :
                                              :    Jointly Administered
                    Debtors.                  :
                                              :    Hearing date: July 7, 2010 at 10:00 AM (ET)
                                              :    Objections due: June 30, 2010 at 4:00 PM (ET)
                                              :
                                              :
-----------------------------------------------------X
```

**DEBTORS' SIXTH OMNIBUS MOTION FOR AN ORDER (A) APPROVING THE
ASSUMPTION AND ASSIGNMENT OF CERTAIN ADDITIONAL
EXECUTORY CONTRACTS IN CONNECTION WITH THE SALE
OF THE DEBTORS' ENTERPRISE SOLUTIONS BUSINESS AND
(B) AUTHORIZING THE DEBTORS TO FILE INFORMATION UNDER SEAL**

*PARTIES RECEIVING THIS MOTION SHOULD LOCATE
THEIR NAMES AND CONTRACTS ON EXHIBIT B.*

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court (the "Motion") for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to sections 105, 107, 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006 and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

Bankruptcy Court for the District of Delaware (the "Local Rules") (a) approving the assumption

and/or assignment of certain additional executory contracts in connection with the sale of certain

assets of, and equity interests in, the Debtors' Enterprise Solutions Business to Avaya Inc.

("Avaya") as purchaser (together with its designees, the "Purchaser") in accordance with the

terms and conditions of the Amended and Restated Asset and Share Sale Agreement entered into

by the Debtors, certain of their affiliates, and the Purchaser dated September 14, 2009, as may be

subsequently amended (the "Sale Agreement"); (b) authorizing the Debtors to file certain

information under seal; and (c) granting them such other and further relief as the Court deems

just and proper.  In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105, 107, 363 and

365 of the Bankruptcy Code, Rules 2002, 6004, 6006 and 9018 of the Bankruptcy Rules, and

Rule 9018-1 of the Local Rules.

### Background

**A.      Procedural History**

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than NN CALA

(defined below), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On January 15, 2009, this Court entered an order of joint administration pursuant

to Bankruptcy Rule 1015(b) that provided for the joint administration of these cases and for

consolidation for procedural purposes only [D.I. 36].

6.      Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.

7.      On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February 27, 2009, based on a petition filed by Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

8.      On January 14, 2009, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[3] into administration under the control of individuals from Ernst & Young LLC (collectively, the "Joint Administrators"). On May 28, 2009, at the request of the Joint Administrators, the Commercial Court of Versailles,

---

[2]      The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[3]      The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

France (the "French Court") (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA was originally authorized to continue to operate as a going concern for an initial period of three months, which period was subsequently extended to November 28, 2009.  In accordance with the European Union's Council Regulation (EC) No 1346/2000 on Insolvency Proceedings, the English law proceedings (the "English Proceedings") remain the main proceedings in respect of NNSA although a French administrator and a French liquidator have been appointed and are in charge of the day-to-day affairs and continuing business of NNSA in France.  On October 1, 2009, pursuant to a motion filed by the Joint Administrators, the French Court approved an order to: (i) suspend the liquidation operations relating to the sale of the assets and/or businesses of NNSA for a renewable period of two months; (ii) authorize the continuation of the business of NNSA so long as the liquidation operations are suspended; and (iii) maintain the powers of the French Administrator and Liquidator during the suspension period, except with respect to the sale of assets and/or businesses of NNSA.  On March 25, 2010, the French Court ended the suspension of the liquidation operations.  On June 26, 2009, this Court entered an order recognizing the English Proceedings of Nortel Networks UK Limited ("NNUK") as foreign main proceedings under chapter 15 of the Bankruptcy Code.[4]

9.    On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the

---

[4]    Additionally, on January 18, 2009, certain Nortel affiliates, including Nortel Networks Israel (Sales and Marketing) Limited, filed an application with the Tel-Aviv-Jaffa District Court, pursuant to the Israeli Companies Law, 1999, and the regulations relating thereto for a stay of proceedings.  On January 19, 2009, the Israeli Court appointed Yaron Har-Zvi and Avi D. Pelossof as joint administrators of the Israeli Company under the Israeli Companies Law (the "Joint Israeli Administrators").

"Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142]. An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

10.    On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc. ("NN CALA" and a Debtor with NNI and its affiliates), an affiliate of NNI, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On July 17, 2009, this Court entered orders approving the joint administration and consolidation of NN CALA's chapter 11 case with the other Debtors' chapter 11 cases for procedural proposes [D.I. 1098], and applying to NN CALA certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1099]. From time to time, other Nortel affiliates have sought and may seek relief through the commencement of creditor protection or other insolvency or dissolution proceedings around the world.

**B.    Debtors' Corporate Structure and Business**

11.    Nortel is a technology company that historically designed, developed and deployed communication products, systems and solutions to its customers around the globe. Its principal assets include its employees, the intellectual property derived and maintained from its research and development activities, its customers and other significant contracts and agreements.

12.    Additional information regarding the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3] (the "First Day Declaration").

**C.    Case Milestones**

13.    On June 19, 2009, Nortel announced that it was advancing in discussions with external parties to sell its businesses and it would assess other restructuring alternatives for its

businesses in the event it is unable to maximize value through sales. To date, Nortel has closed (i) the sale of certain portions of its Layer 4-7 data portfolio to Radware Ltd. [D.I. 539]; (ii) the sale of substantially all of its CDMA business and LTE Access assets to Telefonaktiebolaget LM Ericsson (publ) [D.I. 1205]; (iii) the sale of the assets of its Wireless Networks business associated with the development of Next Generation Packet Core network components to Hitachi Ltd. [D.I. 1760]; (iv) the sale of substantially all of the assets of the Enterprise Solutions business globally, including the shares of Nortel Government Solutions Incorporated and DiamondWare Ltd. to Avaya [D.I. 1514]; (v) the sale of substantially all the assets of its Optical Networking and Carrier Ethernet businesses associated with its Metro Ethernet Networks business unit to Ciena Corporation [D.I. 2070]; (vi) the sale of substantially all of its GSM/GSM-R business to Ericsson and Kapsch CarrierCom AG [D.I. 2065]; and (vii) the sale of certain assets of its Carrier Voice Over IP and Application Solutions business to GENBAND Inc. [D.I. 2632]. Efforts continue to be made with respect to the realization of value from Nortel's remaining assets.

14.     On August 4, 2009, this Court entered an order fixing September 30, 2009 at 4:00 PM (Eastern Time) as the general bar date for filing proofs of claim or interests [D.I. 1280]. On December 3, 2009 this Court entered an order fixing January 25, 2010 at 4:00 PM (Eastern Time) as the bar date for filing proofs of claim or interests against NN CALA [D.I. 2059].

**D.     The Enterprise Business Solutions Sale**

15.     Nortel's Enterprise Solutions business unit provided solutions for addressing the communication needs of large and small businesses globally across a wide variety of industries by building new networks and transforming existing networks into more cost-effective, packet-based networks supporting data, voice and multimedia communications (the "Enterprise Solutions Business"). In particular, the Enterprise Solutions Business specialized in providing

6

solutions that allow its customers to integrate and remove barriers between voice, email, conferencing, video and instant messaging technologies. Nortel's Enterprise Solutions Business had a global presence with operations and customers in the United States, Canada, Central and Latin America, Europe, the Middle East, Africa, and Asia.

16.     On July 20, 2009, the Debtors filed a Motion for Orders (I)(A) Authorizing Debtors' Entry into the Asset and Share Sale Agreement, (B) Authorizing and Approving the Bidding Procedures, (C) Authorizing and Approving a Break-Up Fee and Expense Reimbursement, (D) Approving the Notice Procedures, (E) Approving the Assumption and Assignment Procedures, (F) Authorizing the Filing of Certain Documents under Seal and (G) Setting a Date for the Sale Hearing, and (II) Authorizing and Approving (A) the Sale of Certain Assets of, and Equity Interests In, Debtors' Enterprise Solutions Business, (B) the Assumption and Assignment of Certain Contracts and Leases and (C) the Assumption and Sublease of Certain Leases [D.I. 1131] (the "Sale Motion").[5]  The Sale Motion sought approval of the sale of certain of the Debtors' assets and equity interests relating to the Debtors' Enterprise Solutions Business (the "Assets"), including the assumption and assignment of certain executory contracts to the Successful Bidder at auction, and the approval of certain bidding procedures (the "Bidding Procedures") in connection with the proposed sale.  Following a hearing on the Bidding Procedures, this Court entered an order on August 4, 2009 [D.I. 1278] (the "Sale Procedures Order"), approving the Bidding Procedures to govern the sale by NNI and certain of its affiliates (collectively, the "Sellers") of the Assets.

17.     In accordance with the Bidding Procedures, the Sellers conducted an auction that commenced on September 11, 2009 (the "Auction").  The Successful Bid (as defined in the

---

[5]      Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Sale Motion.

Bidding Procedures) resulting from the Auction was the Sale Agreement, dated as of September 14, 2009 with Avaya as Purchaser (the "Successful Bid").

18.    On September 16, 2009, this Court entered an order approving the sale of the Assets to the Purchaser pursuant to the Successful Bid [D.I. 1514] (the "Sale Order").    The Canadian Court entered a corresponding order approving the sale in the Canadian Proceedings on the same day.    The sale of the Enterprise Solutions Business was consummated on December 18, 2009 (the "Closing Date").

## Relief Requested

19.    By this Motion, the Debtors seek an order (a) approving the assumption and/or assignment of certain additional executory contracts to the Purchaser pursuant to section 365 of the Bankruptcy Code; (b) authorizing the Debtors to file certain information under seal; and (c) granting such other relief as the Court deems just and proper.

## Facts Relevant to this Motion

20.    As part of the Sale Order, the Court authorized the Debtors under Bankruptcy Code section 365 to assume and assign the Assumed and Assigned Contracts to the Purchaser which assignment shall take place on and be effective as of the Closing or such later date as contemplated by the Sale Agreement.    The Assumed and Assigned Contracts were defined in the Sale Agreement to include certain executory contracts to which the Debtors were a party prior to the sale.

21.    On December 23, 2009, the Debtors filed the Debtors' Omnibus Motion For An Order (A) Approving the Assumption and Assignment of Certain Additional Executory Contracts in Connection with the Sale of the Debtors' Enterprise Solutions Business and (B) Authorizing the Debtors to File Information Under Seal [D.I. 2198].    On January 6, 2010, this Court entered an order granting that motion [D.I. 2248].

22.     On February 5, 2010, the Debtors filed the Debtors' Fourth Omnibus Motion For An Order (A) Approving the Assumption and Assignment of Certain Additional Executory Contracts in Connection with the Sale of the Debtors' Enterprise Solutions Business and (B) Authorizing the Debtors to File Information Under Seal [D.I. 2388].  On February 26, 2010, this Court entered an order granting that motion [D.I. 2569].

23.     On March 16, 2010, the Debtors filed the Debtors' Fifth Omnibus Motion For An Order (A) Approving the Assumption and Assignment of Certain Additional Executory Contracts in Connection with the Sale of the Debtors' Enterprise Solutions Business and (B) Authorizing the Debtors to File Information Under Seal [D.I. 2722].  On March 29, 2010, this Court entered an order granting that motion [D.I. 2788].

24.     On July 10, 2009, the Debtors filed the Debtors' Amended Motion for an Order Authorizing the Assumption of Executory Contracts Under Section 365 of the Bankruptcy Code and Granting Related Relief [D.I. 1064] (the "Chrysler Assumption Motion") pursuant to which the Debtors sought authority to assume certain purchase orders, including that certain Purchase Order JYG8638648-A (the "Chrysler PO"), to which Chrysler LLC ("Chrysler") is a party. Chrysler did not object to the Chrysler Assumption Motion, which provided that there was no cure amount required to be paid to Chrysler pursuant to Section 365(b)(1) of the Bankruptcy Code in connection with the assumption of such purchase orders.  Chrysler Assumption Motion at ¶18.  On July 28, 2009, this Court entered the Order Authorizing the Assumption of Executory Contracts Under Section 365 of the Bankruptcy Code and Granting Related Relief [D.I. 1198] (the "Chrysler Assumption Order").

25.     In recent weeks, the Debtors and the Purchaser became aware of a number of additional prepetition executory contracts, including the Chrysler PO, that are related to the

Assets (the "Additional Contracts"), the counterparties to which (the "Counterparties") have not been notified of the assumption and assignment of such contracts pursuant to the Assignment Procedures approved by the Court in the Sale Procedures Order or the motions to assume and assign additional executory contracts referenced above.  By this Motion, the Debtors seek permission to assume and/or assign, as applicable, the Additional Contracts effective as of the Closing Date.

26.     The Additional Contracts designated for assumption and/or assignment to the Purchaser consist of customer contracts related to the Assets to which the Debtors are a party. As with other customer contracts that were assumed and assigned in connection with the sale, the identity of the Counterparties (other than that of Chrysler, which has already been made public) constitutes an integral component of the Additional Contracts' value.  Access to the list of Counterparties absent appropriate confidentiality restrictions would entail releasing valuable confidential information of critical value not only to the Purchaser of the Assets but also to the Debtors' remaining business, which shares overlapping customer lists.  Thus, publicly releasing the names of the Counterparties would have an immediate detrimental impact on the value of the Assets as well as other aspects of the Debtors' business.  The Debtors will serve notice of this Motion on each of the Counterparties to the Additional Contracts, including a personalized schedule containing those contracts designated for assumption and assignment to which they are a Counterparty.  The Debtors also are prepared to file a complete list under seal, and will provide a complete list of the Additional Contracts to the Office of the U.S. Trustee and counsel to the Committee and the Bondholder Group.

### *Cure Amounts*

27.     To the extent necessary to consummate a sale of the Assets as contemplated by

the Sale Motion, the Debtors shall pay the amount, if any, determined by the Debtors to be necessary to be paid to cure any existing default in accordance with section 365(b) and 365(f)(2) of the Bankruptcy Code (the "Cure Amount") promptly.  To the best of the Debtors' knowledge, there are no Cure Amounts to be paid in association with the Additional Contracts.[6]

### *Adequate Assurance of Future Performance*

28.     The Debtors submit that the Purchaser is able to comply with section 365 of the Bankruptcy Code and to perform the obligations under the Additional Contracts.  Avaya is a leader in enterprise communications systems, providing unified communications and contact center solutions to leading businesses and organizations worldwide.  Avaya's combination of communications applications, software and services serves to help companies by integrating multiple forms of communications, including telephony, e-mail, instant messaging and video into their business practices.  Avaya employs approximately 16,000 people worldwide, including 2,300 research and development professionals, and has more than 4,000 channel partners worldwide, including system integrators, service providers, value-added resellers and business partners that provide sales and service support.  Avaya has achieved leadership positions in unified communications, including telephony systems, enterprise messaging, audio conferencing, hardware maintenance and software support services as well as contact center solutions. Additional information regarding Avaya is available on the Avaya website at www.avaya.com. A copy of the Sale Agreement is available at http://chapter11.epiqsystems.com/nortel.  Given the Purchaser's industry experience and financial wherewithal, the Debtors submit that a showing of adequate assurance has been met.

---

[6]     Given that the Chrysler PO has already been assumed pursuant to the Chrysler Assumption Order, the issue of a Cure Amount with respect to the Chrysler PO is not relevant.  The only open issue with respect to the Chrysler PO is that of the adequate assurance of future performance of the Purchaser.

### *Counterparty Objections*

29.     To the extent that any Counterparty wishes to object to any matter pertaining to the proposed assumption and/or assignment of the Additional Contracts, including without limitation the proposed Cure Amount and the adequate assurance of future performance by the Purchaser under the applicable Additional Contract, the Debtors propose that such Counterparty must file with this Court and serve a written objection on or before **4:00 p.m. (ET) on June 30, 2010**.

30.     All Counterparty objections must specify the grounds for such objection, including stating the Counterparty's alleged Cure Amount (including, on a transaction by transaction basis, calculations and detail of specific charges and dates, and any other amounts receivable or payable supporting such alleged Cure Amount) if the Counterparty disagrees with the Debtors' proposed Cure Amount and any other defaults or termination events the Counterparty alleges must be cured to effect assignment of the Additional Contract.

31.     To the extent that any Counterparty does not timely serve an objection as set forth above, such Counterparty will be (i) deemed to have consented to such Cure Amount, if any, and to the assumption and assignment of the applicable Additional Contract; (ii) bound to such corresponding Cure Amount, if any; (iii) deemed to have agreed that the Purchaser has provided adequate assurance of future performance within the meaning of Bankruptcy Code section 365(b)(1)(C); (iv) deemed to have agreed that all defaults under the Additional Contract arising or continuing prior to the effective date of the assignment have been cured as a result or precondition of the assignment, such that the Purchaser or the Debtors shall have no liability or obligation with respect to any default occurring or continuing prior to the assignment, and from and after the date of the assignment the Additional Contract shall remain in full force and effect

12

for the benefit of the Purchaser and the Counterparty in accordance with its terms; (v) deemed to have waived any right to terminate the Additional Contract or designate an early termination date under the applicable Additional Contract as a result of any default that occurred and/or was continuing prior to the assignment date; and (vi) deemed to have agreed that the terms of the Sale Order shall apply to the assumption and assignment of the applicable Additional Contract.

### *Reservation of Rights*

32.     The Debtors' assumption and assignment of the Additional Contracts remains subject to Court approval.  The Debtors reserve the right, in consultation with the Purchaser and subject to the Sale Agreement, to withdraw the designation of an Additional Contract for assumption and/or assignment prior to entry of an order approving the assumption and/or assignment of any Additional Contract.

33.     The Purchaser shall have no rights in and to a particular Additional Contract until such time as the particular Additional Contract is assumed and/or assigned.

34.     To the extent an objection to the assumption and/or assignment of an Additional Contract is not resolved prior to the date of a hearing on the relief sought in this Motion, including any objections related to cure, the Debtors, in consultation with the Purchaser, may elect to (i) not assume and/or assign such Additional Contract, or (ii) postpone the assumption and/or assignment of such Additional Contract until the resolution of such objection.

35.     Bankruptcy Rule 6006(e) allows for the sale of multiple contracts in one motion upon authorization of the Court.  The Debtors therefore request that the Court grant authorization to file an omnibus motion pursuant to Bankruptcy Rule 6006(f)(6).

36.     Pursuant to Section 365(f) of the Bankruptcy Code, the Debtors seek authorization and approval to assume and/or assign the Additional Contracts to the Purchaser

notwithstanding any provision to the contrary in the Additional Contracts, or in applicable non-bankruptcy law, that prohibits, restricts, or conditions the assignment.

37.     Upon assumption of the Additional Contracts by the Debtors and/or assignment to the Purchaser, the Additional Contracts shall be deemed valid and binding, in full force and effect in accordance with their terms, subject to the provisions of the Order.

<u>Basis for Relief</u>

**A.     The Assumption and Assignment of the Additional Assumed And Assigned Contracts Should Be Authorized**

38.     Under Bankruptcy Code section 365(a), a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Bankruptcy Code section 365(b)(1), in turn, codifies the requirements for assuming an executory contract of a debtor. This subsection provides:

> (b) (1)     If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee -
>
> (A)     cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ;
>
> (B)     compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C)     provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).  Section 365(f)(2) of the Bankruptcy Code provides, in pertinent part, that:

> The trustee may assign an executory contract or unexpired lease of the debtor only if --

14

       (A)     the trustee assumes such contract or lease in accordance with the provisions of this section; and

       (B)     adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. § 365(f)(2).

39.    The meaning of "adequate assurance of future performance" depends on the facts and circumstances of each case, but should be given "practical, pragmatic construction." EBG Midtown S. Corp. v. McLaren/Hart Envtl. Eng'g Corp. (In re Sanshoe Worldwide Corp.), 139 B.R. 585, 593 (S.D.N.Y. 1992); In re Prime Motor Inns Inc., 166 B.R. 993, 997 (Bankr. S.D. Fla. 1994); Carlisle Homes, Inc. v. Azzari (In re Carlisle Homes, Inc.), 103 B.R. 524, 538 (Bankr. D.N.J. 1988).

40.    Among other things, adequate assurance may be provided by demonstrating the assignee's financial health and experience in managing the type of enterprise or property assigned. See, e.g., In re Bygaph, Inc., 56 B.R. 596, 605-06 (Bankr. S.D.N.Y. 1986) (finding adequate assurance of future performance present when prospective assignee of lease from debtor has financial resources and has expressed willingness to devote sufficient funding to business in order to give it strong likelihood of succeeding).

41.    To the extent any defaults exist under any Additional Contract, any such default will be promptly cured or adequate assurance that such default will be cured will be provided prior to the assumption and assignment. If necessary, the Purchaser will submit additional facts prior to or at the hearing on this Motion to show the financial credibility of the Purchaser and willingness and ability to perform under the Additional Contracts. The hearing will therefore provide the Court and other interested parties the opportunity to evaluate and, if necessary, challenge the ability of the Purchaser to provide adequate assurance of future performance under

the Additional Contracts, as required under section 365(b)(1)(C) of the Bankruptcy Code.

42.    In addition, the Debtors submit that it is an exercise of their sound business judgment to assume and/or assign the Additional Contracts to the Purchaser, and the assumption, assignment, and sale of the Additional Contracts to the Purchaser are in the best interests of the Debtors, their estates, their creditors, and all parties in interest.  The Additional Contracts being assigned to the Purchaser are an integral part of the Assets purchased by the Purchaser, and accordingly, such assumption, assignment, and sale of the Additional Contracts are reasonable and enhance the value of the Debtors' estates.  The Court should therefore authorize the Debtors to assume and/or assign the Additional Contracts as set forth herein.

**B.    Information Regarding the Debtors' Customers Is Confidential Commercial Information and Should Be Filed Under Seal**

43.    The Debtors propose to file the list of Additional Contracts to be assumed and assigned under seal.

44.    The relief requested by the Debtors is squarely authorized under the Bankruptcy Code.  Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders to protect a party's confidential, commercial or proprietary information:

> On request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information. . . .

11 U.S.C. § 107(b).

45.    Furthermore, Bankruptcy Rule 9018 defines the procedure by which a party may move for relief under section 107(b) of the Bankruptcy Code:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

46.     This Court has defined "commercial information" in the context of section 107(b)

as follows:

> Commercial information is information which would result in 'an
> unfair advantage to competitors by providing them information as
> to the commercial operations of the debtor.'

In re Alterra Healthcare Corp., 353 B.R. 66, 75-76 (Bankr. D. Del. 2006) (citing In re Orion

Pictures Corp., 21 F.3d 24, 27-28 (2d Cir. 1994)).  This Court has also explained that section

107(b)'s exception to usual public disclosure mandated by section 107(a) is "intended to avoid

'affording an unfair advantage to competitors by providing them information as to the

commercial operations of the debtor.'"  In re MUMA Services Inc., 279 B.R. 478, 484 (Bankr.

D. Del. 2002) (citing In re Itel Corp., 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982)).

47.     Since information related to the Additional Contracts is "commercial

information" within the ambit of section 107, the Court should enter an order permitting the

Debtors to file under seal all confidential information related to the Additional Contracts.

48.     The identities of the Counterparties (other than that of Chrysler, which has

already been made public) constitute confidential commercial information because they represent

a significant aspect of the value of the Enterprise Solutions Business and the Assets.  Access to

the list of the Counterparties absent appropriate confidentiality restrictions would entail releasing

confidential information of critical value not only to any prospective purchaser of the Additional

Contracts but also to the Debtors' other businesses.  Therefore, it is critical to the preservation of

the value of the Debtors' estates that the Court allow for this confidential information to be filed

under seal.

49.     As such, the Debtors respectfully submit that the Court should permit the Debtors

to file their certificate of service listing the names and addresses of such parties under seal.

**C.    Waiver of Automatic Fourteen-Day Stay Under Bankruptcy Rules 6004(h) and 6006(d)**

50.    Pursuant to Bankruptcy Rule 6004(h), unless the Court orders otherwise, all orders authorizing the sale of property pursuant to section 363 of the Bankruptcy Code are automatically stayed for fourteen days after entry of the order.  Similarly, under Bankruptcy Rule 6006(d), unless the Court orders otherwise, all orders authorizing the assignment of contracts are automatically stayed for fourteen days after entry of the order.  The purpose of Bankruptcy Rules 6004(h) and 6006(d) is to provide sufficient time for an objecting party to request a stay pending appeal before the order can be implemented.  See Advisory Committee Notes to Fed. R. Bankr. P. 6004(h); Advisory Committee Notes to Fed. R. Bankr. P. 6006(d).

51.    Although Bankruptcy Rules 6004(h) and 6006(d) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the stay period, commentators agree that the stay period should be eliminated to allow a sale or other transaction to close immediately where there has been no objection to the procedure.  See generally 10 Collier on Bankruptcy ¶ 6004.09 (15th ed. 1999).  Furthermore, if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time necessary to file such appeal.  Id.

52.    As described above, the sale of the Enterprise Solutions Business was consummated on December 18, 2009.  Due to operational challenges and the complexity inherent in integrating two businesses of this size and geographic scope, it is in the Debtors' interest for the assumption and assignment of the Additional Contracts to be effective as of the Closing Date.  Thus, waiver of any applicable stays is appropriate in this circumstance.

**Notice**

53.    Notice of the Motion has been given via first class mail, facsimile, electronic

transmission, hand delivery or overnight mail to (i) counsel to the Purchaser; (ii) the Counterparties; (iii) the U.S. Trustee; (iv) the Monitor; (v) counsel to the Committee; (vi) counsel to the Bondholder Group; and (vii) the general service list established in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  The Debtors submit that under the circumstances no other or further notice is necessary.

### No Prior Request

54.    No prior request for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:  June 18, 2010
   Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Alissa T. Gazze (No. 5338)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*

**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
                                                       :
                                                       :    Chapter 11
                                                       :
*In re*                                                :    Case No. 09-10138 (KG)
                                                       :
Nortel Networks Inc., *et al.*,[1]                     :    Jointly Administered
                                                       :
                           Debtors.                    :    **RE: D.I. _____**
                                                       :
-------------------------------------------------------X

**ORDER (A) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN
ADDITIONAL EXECUTORY CONTRACTS IN CONNECTION WITH THE SALE OF THE
DEBTORS' ENTERPRISE SOLUTIONS BUSINESS AND (B) AUTHORIZING
THE DEBTORS TO FILE INFORMATION UNDER SEAL**

Upon the motion dated June 18, 2010 (the "Motion"),[2] of Nortel Networks Inc. and its

affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the

"Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105,

107, 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002,

6004, 6006 and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "Local Rules") (a) approving the assumption

and/or assignment of certain additional executory contracts in connection with the sale of certain

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion, or if not defined in the Motion, shall have the meanings ascribed to such terms in the Sale Motion.

assets of, and equity interests in, the Debtors' Enterprise Solutions Business to Avaya Inc., as purchaser (together with its designees, the "Purchaser"), in accordance with the terms and conditions of the Amended and Restated Asset and Share Sale Agreement entered into by the Debtors and the Purchaser dated September 14, 2009, (as may be subsequently amended, the "Sale Agreement"); (b) authorizing the Debtors to file certain documents under seal; and (c) and granting them such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation it is hereby

A.    FOUND AND DETERMINED THAT:[3]

B.    The Debtors have demonstrated that it is an exercise of their sound business judgment to assume and/or assign the Additional Contracts to the Purchaser in connection with the consummation of the Sale, and the assumption, assignment, and sale of the Additional Contracts is in the best interests of the Debtors, their estates, their creditors, and all parties in interest. The Additional Contracts being assigned to the Purchaser are an integral part of the Assets being purchased by the Purchaser, and accordingly, the assumption, assignment and

---

[3]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

sale of the Additional Contracts is reasonable and enhances the value of the Debtors' estates. The cure amounts, if any, required to be paid pursuant to section 365(b) that are mutually agreed to be paid by the Debtors and the counterparty to the applicable Additional Contract or ordered to be paid by this Court (the "Cure Amounts") are deemed the entire cure obligation due and owing under the Additional Contracts under Bankruptcy Code section 365.  Pursuant to the Chrysler Assumption Motion and the Chrysler Assumption Order, the Cure Amount with respect to the Chrysler PO is $0.

C.      Each and every provision of the Additional Contracts or applicable non-bankruptcy law that purports to prohibit, restrict, or condition, or could be construed as prohibiting, restricting, or conditioning assignment of any Additional Contract have been satisfied or are otherwise unenforceable under Bankruptcy Code section 365.

D.      Upon the payment of the Cure Amounts, if any, there are no outstanding defaults of the Debtors and their estates under the Additional Contracts.

E.      The Purchaser has demonstrated adequate assurance of future performance of all Additional Contracts within the meaning of Bankruptcy Code section 365.

F.      Upon the assignment and sale to the Purchaser, the Additional Contracts shall be deemed valid and binding, in full force and effect in accordance with their terms, subject to the provisions of this Order.

ORDERED, ADJUDGED AND DECREED THAT:

1.      The relief requested in the Motion is GRANTED.

2.      Pursuant to Bankruptcy Code sections 105(a), 363 and 365, the Debtors' assumption and/or assignment to the Purchaser of the Additional Contracts, and the Purchaser's acceptance of such assignments on the terms set forth in the Sale Agreement, are hereby

approved.   The Additional Contracts, whether entered into or amended before or after the Petition Date, shall be deemed to have been assumed and/or assigned to the Purchaser as of the Closing Date, free and clear of all Interests of any kind or nature whatsoever other than the Assumed Liabilities on the terms set forth in the Sale Agreement, and shall remain in full force and effect for the benefit of the Purchaser in accordance with their respective terms, notwithstanding any provision in any such Additional Contracts (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, limits or conditions such assignment.   Pursuant to Bankruptcy Code section 365(k), the Debtors shall be relieved from any further liability with respect to the Additional Contracts following assignment to the Purchaser.   Debtors are hereby authorized to execute and perform under any other agreement executed in connection with the transfer of the Transferred Property to the Purchaser, and to execute and deliver to the Purchaser such documents or other instruments as may be necessary to assign to Purchaser the Additional Contracts.

3.      As of the Closing Date, subject to the provisions of this Order, the Purchaser shall be deemed to have succeeded to the entirety of the Debtors' rights and obligations in the Additional Contracts first arising and attributable to the time period occurring on or after the Closing Date and shall have all rights thereunder.

4.      The Cure Amounts with respect to each Additional Contract shall constitute findings of the Court and shall be final and binding on parties to such Additional Contracts (and their successors and designees), and shall not be subject to further dispute or audit based on performance prior to the time of assumption and assignment, irrespective of the terms and conditions of such Additional Contract.   Upon the assumption and/or assignment of the Additional Contract, each counterparty to an Additional Contract shall be forever barred,

estopped and permanently enjoined from (i) asserting against the Debtors or the Purchaser, or the property of either of them, any default existing as of the Closing Date; or, against the Purchaser, any counterclaim, defense, setoff or any other Interest asserted or assertable against the Debtors; and (ii) imposing or charging against the Purchaser Releasees any accelerations, assignment fees, increases or any other fees as a result of the Debtors' assumption and assignments to Purchaser of the Additional Contracts.

5.      To the extent that any counterparty failed to object to the Cure Amount with respect to an Additional Contract, such counterparty shall be deemed to have consented to the applicable Cure Amount, and the assignment to Purchaser of such Additional Contract.

6.      Pursuant to sections 365(b)(1)(A) and 365(f)(2)(A) of the Bankruptcy Code, the Debtors have provided adequate assurance to the Counterparties of the Purchaser's future performance under the Additional Contracts.

7.      Pursuant to section 365(f) of the Bankruptcy Code, notwithstanding any provision to the contrary in the Additional Contracts, or in applicable non-bankruptcy law, that prohibits, restricts, or conditions the assignment of the Additional Contracts, the Debtors may assign the Additional Contracts to the Purchaser.

8.      Upon assumption of the Additional Contracts by the Debtors and/or assignment to the Purchaser, the Additional Contracts shall be deemed valid and binding, in full force and effect in accordance with their terms, subject to the provisions of this Order.

9.      All Counterparties to the Additional Contracts shall cooperate and expeditiously execute and deliver, upon the reasonable requests of the Purchaser, and shall not charge the Purchaser for, any instruments, applications, consents, or other documents which may

be required or requested by any public or quasi-public authority or other party or entity to effectuate the applicable transfers in connection with the Transactions.

10.     The Court recognizes that the list of Additional Contracts and affidavits of service that identify the Debtors' customers constitute confidential commercial information, and therefore authorizes that any such lists and affidavits to be filed in connection with this Motion may be filed under seal.

11.     The Debtors shall provide the unredacted list of Additional Contracts and affidavits of service that identify the Debtors' customers to the Clerk's Office of the United States Bankruptcy Court for the District of Delaware in a prominently marked envelope with a cover sheet attached containing (i) the caption, (ii) the docket number of the Motion, (iii) the docket number of this Order, (iv) the title of the list of Additional Contracts and affidavits of service that identify the Debtors' customers, and (v) the legend "DOCUMENTS TO BE KEPT UNDER SEAL" in bold print.

12.     Pursuant to Bankruptcy Rule 6006(f)(6), the Court hereby authorizes the Debtors to file an omnibus motion incorporating all the executory contracts to be assumed and assigned pursuant to section 365 of the Bankruptcy Code.

13.     This Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rules 6004 or 6006 or any other provision of the Bankruptcy Code or the Bankruptcy Rules is expressly lifted.

14.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief

granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

15.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated: _____, 2010
       Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

7

# FILED UNDER SEAL

**EXHIBIT B**

## SCHEDULE OF ADDITIONAL CONTRACTS

| Name and Address of Counterparty | Proposed Effective Date of Assignment | Description of Additional Contract to be Assumed and Assigned | Cure Amount |
|---|---|---|---|
|  |  |  |  |

NOTE:  For purposes of filing, this schedule has been intentionally left blank.  Pursuant to the Motion, those parties whom the Debtors believe to be a party in interest to an Additional Contract will receive an individualized schedule.

## File a Motion:

09-10138-KG Nortel Networks Inc., et al.

Type: bk                     Chapter: 11 v              Office: 1 (Delaware)
Assets: y                    Judge: KG
Case Flag: CLMSAGNT, PlnDue, DsclsDue, LEAD, MEGA, Sealed Doc(s), APPEAL

### U.S. Bankruptcy Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Alissa T. Gazze entered on 6/18/2010 at 5:15 PM EDT and filed on 6/18/2010

**Case Name:**          Nortel Networks Inc., et al.
**Case Number:**        09-10138-KG
**Document Number:** 3196

**Docket Text:**
Motion to Assume Lease or Executory Contract *Debtors Sixth Omnibus Motion For An Order (A) Approving The Assumption And Assignment Of Certain Additional Executory Contracts In Connection With The Sale Of The Debtors Enterprise Solutions Business And (B) Authorizing The Debtors To File Information Under Seal [Exhibit B - Filed Under Seal]* Filed by Nortel Networks Inc., et al.. Hearing scheduled for 7/7/2010 at 10:00 AM at US Bankruptcy Court, 824 Market St., 6th Fl., Courtroom #3, Wilmington, Delaware. Objections due by 6/30/2010. (Attachments: # (1) Notice # (2) Exhibit A# (3) Exhibit B) (Gazze, Alissa)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** X:\63989 Nortel\061810 Enterprise - Sixth Omnibus Motion to Assume_Assign Additional.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=6/18/2010] [FileNumber=8558078-0]
[879620902b591da505e55fe42b3c9db1dc980f0b3b36c5dea37fa14e70a963554de5
c28d95e2793d007f14d75b00928f779159e4353df3989506b17e2987bf9a]]
**Document description:** Notice
**Original filename:** X:\63989 Nortel\061810 Enterprise - Sixth Omnibus Motion to Assume_Assign Additional NOTICE.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=6/18/2010] [FileNumber=8558078-1]
[99af2b485b08af5b498cb5fcde7f0c398d8adac371e4d482c97c8f6b8ec7950436f3
5b6607a85fa289fd41bcd15c7c4564d1680cbd87ac3707625a92a7d6f7d9]]
**Document description:** Exhibit A
**Original filename:** X:\63989 Nortel\061810 Enterprise - Sixth Omnibus Motion to Assume_Assign Additional EXH A.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=6/18/2010] [FileNumber=8558078-2]

**EXHIBIT B**

| Claim Name | Address Information |
|---|---|
| ACUSHNET COMPANY | ATTN: CREDIT DEPT TITLEIST & FOOTJOY, PO BOX 965 FAIRHAVEN MA 02719 |
| AKIN GUMP | ATTN: FRED S. HODARA ESQ.,RYAN C. JACOBS ESQ. ONE BRYANT PARK NEW YORK NY 10036 |
| ALDINE INDEPENDENT SCHOOL DISTRICT | ATTN: SUSAN R. FUERTES, ESQ. 14910 ALDINE-WESTFIELD ROAD HOUSTON TX 77032 |
| ALLEN & OVERY LLP | ATTN: KEN COLEMAN ESQ.,LISA J.P. KRAIDIN. ESQ. 1221 AVENUE OF THE AMERICAS, 20TH FLOOR NEW YORK NY 10020 |
| AMPHENOL CORPORATION | ATTN: EDWARD C. WETMORE VP & GEN COUNSEL 358 HALL AVENUE WALLINGFORD CT 06492 |
| APC WORKFORCE SOLUTIONS LLC | ATTN: DOUG GOIN CFO 420 SOUTH ORANGE AVENUE, 6TH FL ORLANDO FL 32801 |
| ARCHER & GREINER PC | ATTN: JOHN V. FIORELLA ESQ. 300 DELAWARE AVE, STE 1370 WILMINGTON DE 19801 |
| ARCHER & GREINER PC | ATTN: CHARLES J. BROWN III ESQ. 300 DELAWARE AVE, STE 1370 WILMINGTON DE 19801 |
| ARNALL GOLDEN GREGORY LLP | ATTN: DARRYL S. LADDIN ESQ.,FRANK N. WHITE ESQ. 171 17TH ST NW, STE 2100 ATLANTA GA 30363-1031 |
| ASHBY & GEDDES P.A. | ATTN: WILLIAM P BOWDEN ESQ,AMANDA M WINFREE ESQ 500 DELAWARE AVE, 8TH FL WILMINGTON DE 19801 |
| ASHBY & GEDDES P.A. | ATTN: RICARDO PALACIO ESQ. 500 DELAWARE AVE WILMINGTON DE 19801 |
| ASHBY & GEDDES, P.A. | GREGORY A. TAYLOR, ESQ.; BENJAMIN W. KEENAN 500 DELAWARE AVENUE, 8TH FLOOR P.O. BOX 1150 WILMINGTON DE 19899 |
| ASSISTANT ATTORNEY GENERAL | ATTN: LAURA L. MCCLOUD ESQ. P.O. BOX 20207 NASHVILLE TN 37202 |
| BAKER BOTTS L.L.P. | JUDITH W. ROSS, ESQ. COUNSEL TO GENBAND, INC. 2001 ROSS AVENUE DALLAS TX 75201 |
| BALLARD SPAHR | ATTN: TOBEY M. DALUZ ESQ.,LESLIE HEILMAN ESQ. 919 MARKET ST, 12TH FL WILMINGTON DE 19801 |
| BALLARD SPAHR ANDREWS & INGERSOLL LLP | ATTN: DAVID L. POLLACK ESQ.,JEFFREY MEYERS ESQ. 51ST FL MELLON BANK CTR, 1735 MARKET ST PHILADELPHIA PA 19103 |
| BALLARD SPAHR LLP | ROBERT MCL. BOOTE, ESQ. COUNSEL TO WESTCHESTER FIRE INSURANCE CO. 1735 MARKET STREET, 51ST FLOOR PHILADELPHIA PA 19103-7599 |
| BALLARD SPAHR, LLP | TOBEY M. DALUZ, ESQ.; DAVID T. MAY, ESQ. COUNSEL TO WESTCHESTER FIRE INSURANCE CO. 919 N. MARKET STREET, 12TH FLOOR WILMINGTON DE 19801 |
| BARTLETT HACKETT FEINBERG P.C. | ATTN: FRANK F. MCGINN ESQ. 155 FEDERAL ST, 9TH FL BOSTON MA 02110 |
| BAYARD P.A. | ATTN: CHARLENE D DAVIS ESQ,DANIEL A O'BRIEN ESQ 222 DELAWARE AVE, STE 900 WILMINGTON DE 19801 |
| BAYARD, P.A. | CHARLENE D. DAVIS, ESQ.; JUSTIN R. ALBERTO, ESQ. 222 DELAWARE AVENUE, SUITE 900 WILMINGTON DE 19899 |
| BELL MICROPRODUCTS INC | ATTN: DAVID L. URANGA 201 MONROE STREET, SUITE 300 MONTGOMERY AL 36104 |
| BIALSON BERGEN & SCHWAB | ATTN: LAWRENCE M. SCHWAB ESQ.,THOMAS M. GAA ESQ. PATRICK M. COSTELLO ESQ. 2600 EL CAMINO REAL, STE 300 PALO ALTO CA 94306 |
| BIFFERATO LLC | ATTN: IAN CONNOR BIFFERATO,KEVIN G. COLLINS 800 N. KING STREET, FIRST FLOOR WILMINGTON DE 19801 |
| BIRCH HORTON BITTNER & CHEROT | ATTN: JAMES H. LISTER 1155 CONNECTICUT AVENUE NW SUITE 1200 WASHINGTON DC 20036 |
| BOYLAN BROWN | ATTN: DEVIN LAWTON PALMER 2400 CHASE SQUARE ROCHESTER NY 14604 |
| BRACEWELL & GUILIANI LLP | ATTN: JENNIFER FELDSHER 1177 AVENUE OF THE AMERICAS NEW YORK NY 10036-2714 |
| BRACEWELL & GUILIANI LLP | ATTN: EVAN D. FLASCHEN,KATHERINE L. LINDSAY 225 ASYLUM STREET, SUITE 2600 HARTFORD CT 06103 |
| BRIER IRISH HUBBARD & ERHARD PLC | ATTN: ROBERT N. BRIER 2400 E. ARIZONA BILTMORE CIRCLE SUITE 1300 PHOENIX AZ 85016-2115 |
| BROWN & CONNERY LLP | ATTN: DONALD K. LUDMAN ESQ. 6 NORTH BROAD ST, STE 1000 WOODBURY NJ 08096 |
| BROWN MCCAROLL LLP | ATTN: AFTON SANDS-PURYEAR 111 CONGRESS AVENUE, SUITE 1400 AUSTIN TX 78701 |
| BROWN MCCARROLL LLP | KELL C. MERCER; AFTON SANDS-PURYEAR 111 CONGRESS AVENUE, SUITE 1400 AUSTIN TX 78701 |
| BRYAN CAVE LLP | ATTN: MICHELLE MCMAHON ESQ. 1290 AVENUE OF THE AMERICAS NEW YORK NY 10104 |
| BRYAN CAVE LLP | ATTN: ERIC S. PREZANT ESQ. 161 N CLARK ST, STE 4300 CHICAGO IL 60601 |
| BRYAN CAVE LLP | ATTN: CULLEN K. KUHN ESQ. 211 N BROADWAY, STE 3600 ST. LOUIS MO 63102 |

| Claim Name | Address Information |
|---|---|
| BUCHALTER NEMER | ATTN: SHAWN M. CHRISTIANSON ESQ. 333 MARKET ST, 25TH FL SAN FRANCISCO CA 94105-2126 |
| BUCHANAN INGERSOLL & ROONEY | ATTN: MARY F. CALOWAY ESQ.,P.J. DUHIG ESQ. 1000 WEST STREET, SUITE 1410 WILMINGTON DE 19801 |
| BUUS KIM KUO & TRAN LLP | ATTN: HUBERT H. KUO ESQ. 4675 MACARTHUR CT, STE 590 NEWPORT BEACH CA 92660 |
| CAMPBELL & LEVINE LLC | ATTN: MARLA R. ESKIN ESQ.,AYESHA S. CHACKO ESQ. 800 N KING ST, STE 300 WILMINGTON DE 19801 |
| CHADBOURNE & PARKE LLP | ATTN: N. THODORE ZINK JR. ESQ. 30 ROCKEFELLER PLAZA NEW YORK NY 10112 |
| COLE SCHOTZ MEISEL FORMAN & LEONARD | ATTN: NORMAN L. PERNICK,SANJAY BHATNAGAR 500 DELAWARE AVE, SUITE 1410 WILMINGTON DE 19801 |
| COMMONWEALTH OF PENNSLYVANIA | CAROL E. MOMJIAN OFFICE OF THE ATTORNEY GENERAL 21 S. 12TH STREET, 3RD FLOOR PHILADELPHIA PA 19107-3603 |
| CONNOLLY BOVE | ATTN: JEFFREY S. WISLER ESQ.,MARC J. PHILLIPS ESQ. THE NEMOURS BUILDING, 1007 N ORANGE ST WILMINGTON DE 19801 |
| COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP | SAMUEL H. RUDMAN, ESQ.; DAVID A. ROSENFELD, ESQ. 58 SOUTH SERVICE ROAD, SUITE 200 MELVILLE NY 11747 |
| CROSS & SIMON, LLC | CHRISTOPHER P. SIMON, ESQ. 913 NORTH MARKET STREET, 11TH FLOOR P.O. BOX 1380 WILMINGTON DE 19899-1380 |
| CURTIS MALLET-PREVOST COLT & MOSLE LLP | ATTN: STEVEN J. REISMAN ESQ.,JAMES V. DREW ESQ. 101 PARK AVENUE NEW YORK NY 10178-0061 |
| DEWEY & LEBOEUF | LAWRENECE E. MILLER 125 WEST 55TH STREET NEW YORK NY 10019 |
| DEWEY & LEBOEUF, LLP | MOSHIN N. KHAMBATI, ESQ. TWO PRUDENTIAL PLAZA 180 NORTH STETSON AVENUE, SUITE 3700 CHICAGO IL 60601-6710 |
| DLA PIPER LLP (US) | ATTN: RICHARD M. KREMEN ESQ.,DALE K. CATHELL ESQ. 6225 SMITH AVENUE BALTIMORE MD 21209 |
| DUANE MORRIS LLP | MICHAEL R. LASTOWSKI, ESQ. COUNSEL TO GENBAND INC. 1100 NORTH MARKET STREET, SUITE 1200 WILMINGTON DE 19801 |
| DYKEMA GOSSETT PLLC | ATTN: STEPHEN C. STAPLETON 1717 MAIN ST, STE 2400 DALLAS TX 75201 |
| EDWARDS ANGELL PALMER & DODGE LLP | ATTN: STUART M. BROWN 919 NORTH MARKET STREET, SUITE 1500 WILMINGTON DE 19801 |
| EMC CORPORATION | RONALD ROWLAND, ESQ. C/O RECEIVABLE MANAGEMENT SERVICES 307 INTERNATIONAL CIRCLE, SUITE 270 HUNT VALLEY MD 21094 |
| EXPORT DEVELOPMENT CANADA | ATTN: DEREK AUSTIN 151 O'CONNOR STREET OTTOWA ON K1A 1K3 CANADA |
| FLEXTRONICS INTERNATIONAL | ATTN: TERRY ZALE 305 INTERLOCKEN PKWY BROOMFIELD CO 80021 |
| FOLEY & LARDNER LLP | ATTN: JILL L. MURCH ESQ.,LARS A. PETERSON ESQ. 321 NORTH CLARK ST, STE 2800 CHICAGO IL 60654-5313 |
| FOSTER PEPPER PLLC | ATTN: CHRISTOPHER M. ALSTON ESQ. 1111 3RD AVE, STE 3400 SEATTLE WA 98101-3299 |
| FPL LAW DEPARTMENT | ATTN: RACHEL S. BUDKE ESQ. 700 UNIVERSE BLVD JUNO BEACH FL 33408 |
| FRANCHISE TAX | ATTN: SECRETARY OF STATE DIVISION OF CORPORATIONS P.O. BOX 7040 DOVER DE 19903 |
| FRASER MILNER CASGRAIN LLP | ATTN: MICHAEL J. WUNDER,R. SNAYNE KUKULOWICZ ALEX L. MACFARLANE 1 FIRST CANADIAN PLACE -FLOOR 42, 100 KING ST WEST TORONOTO ON M5X 1B2 CANADA |
| FREEBORN & PETERS LLP | ATTN: AARON L. HAMMER ESQ.,DEVON J. EGGERT ESQ. 311 SOUTH WACKER DR, STE 3000 CHICAGO IL 60606 |
| FULBRIGHT & JAWORSKI LLP | ATTN: DAVID A. ROSENZWEIG ESQ. 666 5TH AVE NEW YORK NY 10103-3198 |
| GIBBONS P.C. | ATTN: DAVID N. CRAPO ESQ. ONE GATEWAY CENTER NEWARK NJ 07102-5310 |
| GOULD & RATNER LLP | ATTN: CHRISTOPHER J. HORVAY ESQ. 222 N LASALLE ST, STE 800 CHICAGO IL 60601 |
| HAHN LOESER & PARKS LLP | ATTN: ALAN S. KOPIT ESQ.,CHRISTOPHER W. PEER ESQ. 200 PUBLIC SQUARE, STE 2800 CLEVELAND OH 44114 |
| HERBERT SMITH | ATTN: STEPHEN GALE EXCHANGE HOUSE, PRIMROSE STREEET LONDON EC2A 2HS ENGLAND |
| HERMAN HERMAN KATZ & COTLAR | ATTN: SOREN E. GISLESON 820 O'KEEFE AVENUE NEW ORELANS LA 70113 |
| HINCKLEY ALLEN & SNYDER LLP | ATTN: JENNIFER V. DORAN ESQ. 28 STATE ST BOSTON MA 02109 |
| HOLLAND & KNIGHT LLP | ATTN: ROD ANDDERSON ESQ.,NOEL R. BOEKE ESQ. P.O. BOX 1288 TAMPA FL 33601-1288 |
| HP   COMPANY | ATTN: RAMONA NEAL ESQ. 11307 CHINDEN BLVD, MS 314 BOISE ID 83714 |

| Claim Name | Address Information |
|---|---|
| HUGHES HUBBARD | MICHAEL LUSKIN; DEREK ADLER ONE BATTERY PARK PLAZA NEW YORK NY 10004 |
| HUNTON & WILLIAMS | ATTN: LYNNETTE R. WARMAN 1445 ROSS AVE, ROUNTAIN PLACE STE 3700 DALLAS TX 75202-2799 |
| IBM CORP. LEGAL DEPT | ATTN: R. S. STAHEL 1503 LBJ FREEWAY, 3RD FL DALLAS TX 75234 |
| IBM CORPORATION | ATTN: BEVERLY H. SHIDELER BS8399 TWO LINCOLN CENTRE OAKBROOK TERRACE IL 60181 |
| INTERNAL REVENUE SERVICE | ATTN: CENTRALIZED INSOLVENCY OPERATION PO BOX 21126 PHILADELPHIA PA 19114-0126 |
| J. SCOTT DOUGLASS ESQ. | 909 FANNIN, STE 1800 HOUSTON TX 77010 |
| JD THOMPSON LAW | JUDY T. THOMPSON, ESQ. P.O. BOX 33127 CHARLOTTE NC 28233 |
| JONES DAY | ATTN: JEFFREY B. ELLMAN ESQ.,ROBBIN S. RAHMAN ESQ. 1420 PEACHTREE ST NE, STE 800 ATLANTA GA 30309 |
| KATTEN MUCHIN ROSENMAN LLP | ATTN: KENNETH E. NOBLE ESQ. 575 MADISON AVE NEW YORK NY 10022-2585 |
| KATTEN MUCHIN ROSENMAN LLP | ATTN: THOMAS J. LEANSE ESQ.,DUSTIN P. BRANCH ESQ. 2029 CENTURY PARK EAST, STE 2600 LOS ANGELES CA 90067-3012 |
| KELLEY DRYE & WARREN LLP | ATTN: HOWARD S. STEEL ESQ. 101 PARK AVENUE NEW YORK NY 10178 |
| KELLEY DRYE & WARREN LLP | KRISTIN S. ELLIOTT, ESQ. COUNSEL TO CYPRESS COMMUNICATIONS, INC.; TATA AMERICAN INTERNATIONAL CORP. 101 PARK AVENUE NEW YORK NY 10178 |
| KLEE TUCHIN BOGDANOFF & STERN LLP | ATTN: EDWARD T. ATTANASIO ESQ. 1999 AVENUE OF THE STARS, 39TH FL LOS ANGELES CA 90067-6049 |
| KLEHR HARRISON | ATTN: JOANNE B. WILLS ESQ. 919 MARKET ST, STE 1000 WILMINGTON DE 19801 |
| KRAMER LEVIN NAFTALIS FRANKEL LLP | ERNSEST S. WECHSLER 1177 AVENUE OF THE AMERICAS NEW YORK NY 10036 |
| L.A. COUNTY TREASURER & TAX COLLECTOR | P.O. BOX 54110 LOS ANGELES CA 90054-0110 |
| LATHAM & WATKINS LLP | ATTN: ROBERT J. ROSENBERG ESQ. 885 THIRD AVENUE, STE 1000 NEW YORK NY 10022-4068 |
| LATHAM & WATKINS LLP | ATTN: MICHAEL J. RIELA ESQ. 885 THIRD AVENUE, STE 1000 NEW YORK NY 10022-4068 |
| LATHAM & WATKINS LLP | ATTN: ZACHARY N. GOLDSTEIN ESQ. 885 THIRD AVENUE, STE 1000 NEW YORK NY 10022-4068 |
| LATHAM & WATKINS LLP | ROGER G. SCHWARTZ; ADAM J. GOLDBERG 885 THIRD AVENUE NEW YORK NY 10022-4834 |
| LATHAM & WATKINS LLP | J. DOUGLAS BACON; ALICE DECKER BURKE; JOSEPH A. SIMEI 233 SOUTH WACKER DRIVE, SUITE 5800 CHICAGO IL 60606 |
| LATHROP & GAGE LLP | ATTN: STEPHEN K. DEXTER ESQ. 370 17TH ST, STE 4650 DENVER CO 80202 |
| LAW OFFICES OF ROBERT T. VANCE JR. | ATTN: ROBERT T. VANCE JR. 100 SOUTH BROAD STREET, SUITE 1530 PHILADELPHIA PA 19110 |
| LEWIS AND ROCA LLP | ATTN: SCOTT K. BROWN ESQ. 40 NORTH CENTRAL AVE, STE 1900 PHOENIX AZ 85004 |
| LINEBARGER GOGGAN BLAIR & SAMPSON LLP | ATTN: ELIZABETH WELLER ESQ. 2323 BRYAN STREET, STE 1600 DALLAS TX 75201 |
| LINEBARGER GOGGAN BLAIR & SAMPSON LLP | ATTN: JOHN P. DILLMAN ESQ. P.O. BOX 3064 HOUSTON TX 77253-3064 |
| LINEBARGER GOGGAN BLAIR & SAMPSON LLP | ATTN: DAVID G. AELVOET ESQ. TRAVIS BLDG SUITE 300, 711 NAVARRO SAN ANTONIO TX 78205 |
| LOWENSTEIN SANDLER PC | ATTN: VINCENT A. D'AGOSTINO ESQ. 65 LIVINGSTON AVE ROSELAND NJ 07068 |
| LOWENSTEIN SANDLER PC | MICHAEL S. ETKIN, ESQ.; IRA M. LEVEE, ESQ. 65 LIVINGSTON AVENUE ROSELAND NJ 07068 |
| MAYER BROWN LLP | ATTN: MELISSA A. MICKEY 71 S. WACKER DRIVE CHICAGO IL 60604-1404 |
| MCGUIREWOODS LLP | ATTN: JAMES E. VAN HORN 7 SAINT PAUL STREET SUITE 1000 BALTIMORE MD 21202 |
| MCGUIREWOODS LLP | ATTN: DAVID I. SWAN ESQ.,KENNETH M. MISKEN ESQ. 1750 TYSONS BLVD, STE 1800 MCLEAN VA 22102-4215 |
| MD DEPARTMENT OF LABOR LICENSING & REG. | OFFICE OF UNEMPLOYMENT INSURANCE CONTRIBUTIONS DIVISION 1100 N. EUTAW STREET, ROOM 401 SUITE 3000 BALTIMORE MD 21201 |
| MEYERS LAW GROUP P.C. | ATTN: MERLE C. MEYERS ESQ.,MICHELE THOMPSON ESQ. 44 MONTGOMERY STREET, STE 1010 SAN FRANCISCO CA 94104 |
| MILBANK TWEED HADLEY & MCCLOY LLP | ATTN: DENNIS F. DUNNE ESQ.,THOMAS R. KRELLER ESQ. ALBERT A. PISA ESQ.,ANDREW M. LEBLANC ESQ. ONE CHASE MANHATTAN PLAZA NEW YORK NY 10005 |
| MILBANK TWEED HADLEY & MCCLOY LLP | ATTN: DENNIS DUNNE ESQ. ONE CHASE MANHATTAN PLAZA NEW YORK NY 10005-1413 |

| Claim Name | Address Information |
|---|---|
| MISSOURI DEPT OF REVENUE | ATTN: SHERYL L. MOREAU ESQ. P.O. BOX 475, BANKRUPTCY DIVISION JEFFERSON CITY MO 65105-0475 |
| MONARCH ALTERNATIVE CAPITAL LP | ATTN: ANDREW HERENSTEIN 535 MADISON AVE. NEW YORK NY 10022 |
| MONZACK MERSKY MCLAUGHLIN AND BROWDER P.A. | ATTN: RACHEL B. MERSKY ESQ. 1201 N ORANGE ST, STE 400 WILMINGTON DE 19801 |
| MORRIS JAMES LLP | ATTN: BRETT D. FALLON ESQ. 500 DELAWARE AVE, STE 1500 WILMINGTON DE 19801 |
| MORRIS JAMES LLP | ATTN: CARL N. KUNZ ESQ.,MICHAEL J. CUSTER ESQ. 500 DELAWARE AVE, STE 1500 WILMINGTON DE 19801 |
| MORRISON & FOERSTER LLP | MICHAEL G. O'BRYAN; WILLIAM I SCHWARTZ 425 MARKET STREET SAN FRANCISCO CA 94105-2482 |
| MOSES & SINGER LLP | ATTN: ALAN KOLOD,CHRISTOPHER CARUSO,KENT KOLBIG THE CHRYSLER BUILDING 405 LEXINGTON AVENUE NEW YORK NY 10174 |
| MUNICIPAL OPERATIONS | ATTN: MAX TAYLOR ASST. CITY ATTY. 201 W. COLFAX AVENUE, DEPT. 1207 DENVER CO 80202-5332 |
| MUNSCH HARDT KOPF & HARR P.C. | ATTN: JOSEPH J. WIELEBINSKI ESQ. 3800 LINCOLN PLAZA, 500 N AKARD ST DALLAS TX 75201-6659 |
| NOSSAMAN LLP | ATTN: ROBERT S. MCWHORTER ESQ. 915 L ST, STE 1000 SACRAMENTO CA 95814 |
| OFFICE OF THE U.S. TRUSTEE | ATTN: PATRICK TINKER ESQ. 844 KING STREET, SUITE 2207 LOCKBOX 35 WILMINGTON DE 19801-3519 |
| OFFICE OF UNEMPLOYMENT INSURANCE | CONTRIBUTIONS DIVISION MD DEPT. OF LABOR LICENSING & REG. 1100 N. EUTAW STREET, ROOM 401 BALTIMORE MD 21201 |
| OGILVY RENAULT LLP | ATTN: JENNIFER STAM 200 BAY STREET SUITE 3800 ROYAL BANK PLAZA SOUTH TOWER TORONTO ON M5J 2Z4 CANADA |
| ORRICK HERRINGTON & SUTCLIFFE LLP | ATTN: RANIERO D'AVERSA JR ESQ,LAURA D METZGER ESQ WESTON T. EGUCHI ESQ. 666 FIFTH AVENUE NEW YORK NY 10103-0001 |
| PA DEPARTMENT OF LABOR & INDUSTRY | ATTN: DENISE A MERTZ, TAX AGENT READING BANKRUPTCY & COMPLIANCE UNIT 625 CHERRY STREET, ROOM 203 READING PA 19602-1184 |
| PA DEPARTMENT OF LABOR & INDUSTRY | ATTN: DENISE A. MERTZ READING BANKRUPTCY & COMPLIANCE UNIT 625 CHERRY STREET, ROOM 203 READING PA 19602-1184 |
| PA SENIOR DEPUTY ATTY GEN | ATTN: CAROL E. MOMJIAN ESQ. 21 S 12TH ST, 3RD FL PHILADELPHIA PA 19107-3603 |
| PACHULSKI STANG | ATTN: LAURA DAVIS JONES,TIMOTHY P. CAIRNS 919 N. MARKET ST. 17TH FL. WILMINGTON DE 19899-8705 |
| PATTERSON HARKAVY | 225 E WORTHINGTON AVE STE 200 CHARLOTTE NC 282034886 |
| PAUL WEISS RIFKING WHARTON & GARRISON | STEPHEN J. SHIMSHAK; MARILYN SOBEL 1285 AVENUE OF THE AMERICAS NEW YORK NY 10019 |
| PENSION BENEFIT GUARANTY CORP | ATTN: VICENTE MATIAS MURRELL ESQ. STEPHEN D. SCHREIBER ESQ. 1200 K STREET NW WASHINGTON DC 20005-4026 |
| PEPPER HAMILTON LLP | ATTN: DAVID B STRATTON ESQ,LEIGH-ANNE M RAPORT ESQ 1313 MARKET ST, STE 5100 WILMINGTON DE 19801 |
| PEPPER HAMILTON LLP | ATTN: HENRY JAFFE ESQ. 1313 MARKET ST, STE 5100 WILMINGTON DE 19801 |
| PEPPER HAMILTON LLP | DAVID B. STRATTON, ESQ.; EVELYN J. MELTZER, ESQ. HERCULES PLAZA, SUITE 5100 1313 MARKET STREET PO BOX 1709 WILMINGTON DE 19899-1709 |
| PERDUE BRANDON FIELDER COLLINS & MOTT LLP | ATTN: ELIZABETH BANDA ESQ. 4025 WOODLAND PARK BLVD, STE 300 ARLINGTON TX 76013 |
| POLSINELLI SHUGHART PC | ATTN: CHRISTOPHER A WARD ESQ,JUSTIN K EDELSON ESQ 222 DELAWARE AVENUE, STE 1101 WILMINGTON DE 19801 |
| POST & SCHELL P.C. | ATTN: BRIAN W. BISIGNANI ESQ. 17 N 2ND ST, 12TH FL HARRISBURG PA 17101-1601 |
| POYNER SPRUILL LLP | ATTN: SHANNON E. HOFF 301 S. COLLEGE STREET, SUITE 2300 CHARLOTTE NC 28202 |
| RAY QUINNEY & NEBEKER P.C. | ATTN: STEPHEN C. TINGEY, ESQ. 36 SOUTH STATE STREET, SUITE 1400 SALT LAKE CITY UT 84145-0385 |
| REED SMITH LLP | ATTN: KURT F. GWYNNE ESQ.,J. CORY FALGOWSKI ESQ. 1201 N MARKET ST, STE 1500 WILMINGTON DE 19801 |
| RICHARDS LAYTON & FINGER | ATTN: MARK D COLLINS ESQ,CHRISTOPHER M SAMIS ESQ ONE RODNEY SQUARE, 920 N KING |

| Claim Name | Address Information |
|---|---|
| RICHARDS LAYTON & FINGER | ST WILMINGTON DE 19801 |
| RIDDELL WILLIAMS P.S. | ATTN: JOSEPH E. SHICKICH JR. ESQ. 1001 4TH AVE, STE 4500 SEATTLE WA 98154-1192 |
| ROBINSON BRADSHAW & HINSON P.A. | ATTN: DAVID M. SCHILLI ESQ.,TY E. SHAFFER ESQ. 101 NORTH TRYON ST, STE 1900 CHARLOTTE NC 28246 |
| ROPES & GRAY LLP | ATTN: MARK I. BANE,ANNE H. PAK 1211 AVENUE OF THE AMERICAS NEW YORK NY 10036-8704 |
| ROPES & GRAY LLP | JAMES M. WILTON, ESQ.; PATRICIA I. CHEN, ESQ. ONE INTERNATIONAL PLACE BOSTON MA 02110-2624 |
| SAUL EWING LLP | ATTN: JOYCE A. KUHNS 500 E. PRATT STREET, 8TH FLOOR BALTIMORE MD 21202 |
| SCHIFF HARDIN LLP | ATTN: JOHN C. VIGANO ESQ.,PATRICIA J. FOKUO ESQ. 6600 SEARS TOWER CHICAGO IL 60606-6473 |
| SEC NY REGIONAL OFFICE | ATTN: ATTN: NATHAN FUCHS 233 BROADWAY NEW YORK NY 10279 |
| SEC NY REGIONAL OFFICE | ATTN: ALISTAR BAMBACH BANKRUPTCY DIV_STE 400 3 WORLD FINANCIAL CENTER NEW YORK NY 10281-1022 |
| SECRETARY OF TREASURY | P.O. BOX 7040 DOVER DE 19903 |
| SECURITIES & EXCHANGE COMMISSION | 100 F STREET NE WASHINGTON DC 20549 |
| SHEPPARD MULLIN RICHTER & HAMPTON LLP | ATTN: CARREN B SHULMAN ESQ,KIMBERLY K SMITH ESQ 30 ROCKEFELLER PLAZA, 24TH FL NEW YORK NY 10112 |
| SIRLIN GALLOGLY & LESSER | ATTN: DANA S. PLON ESQ. 123 S. BROAD STREET, SUITE 2100 PHILADELPHIA PA 19109 |
| SKADDEN ARPS SLATE MEAGHER & FLOM LLP | ATTN: N. LYNN HIESTAND FOUR TIMES SQUARE NEW YORK NY 10036 |
| SKADDEN ARPS SLATE MEAGHER & FLOM LLP | ATTN: GREGG M. GALARDI,SARAH E. PIERCE ONE RODNEY SQUARE, PO BOX 636 WILMINGTON DE 19899-0636 |
| SMITH ANDERSON BLOUNT DORSETT MITCHELL & JERNIGAN | LLP, ATTN: AMOS U. PRIESTER IV ESQ. ANNA B. OSTERHOUT ESQ. P.O. BOX 2611 RALEIGH NC 27602-2611 |
| SMITH KATZENSTEIN & FURLOW | ATTN: KATHLEEN M. MILLER ESQ. 800 DELAWARE AVE., 7TH FL WILMINGTON DE 19801 |
| STATE OF MI DEPT OF TREASURY | ATTN: DEBORAH B. WALDMEIR ESQ. 3030 W GRAND BLVD. STE. 10-200 CADILLAC PLACE DETROIT MI 48202 |
| STEMPEL BENNETT CLAMAN & HOCHBERG P.C. | ATTN: EDMOND P. O'BRIEN ESQ. 675 THIRD AVE, 31ST FL NEW YORK NY 10017 |
| STEVENS & LEE P.C. | ATTN: JOSEPH H HUSTON JR,MARIA APRILE SAWCZUK 1105 N MARKET ST, 7TH FL WILMINGTON DE 19801 |
| SULLIVAN HAZELTINE ALLINSON LLC | ATTN: WILLIAM D. SULLIVAN ESQ. 4 E 8TH ST, STE 400 WILMINGTON DE 19801 |
| SUMITOMO ELECTRIC | ATTN: CHRIS FINCH CREDIT MANAGER 78 ALEXANDER DRIVE, PO BOX 13445 TRIANGLE PARK NC 27709 |
| SWARTZ CAMPBELL LLC | ATTN: NICHOLAS SKILES ESQ.,JOHN A. WETZEL ESQ. ONE S. CHURCH ST, STE 400 WEST CHESTER PA 19382 |
| THE INTECH GROUP INC. | ATTN: ERNIE HOLLING PRESIDENT 305 EXTON COMMONS EXTON PA 19341 |
| THE INTERPUBLIC GROUP OF COMPANIES | ATTN: NICHOLAS VIANNA 1114 AVENUE OF THE AMERICAS, 19TH FLOOR NEW YORK NY 10036 |
| TISHLER & WALK, LTD. | JEFFREY B. ROSE 200 S. WACKER DRIVE, SUITE 3000 CHICAGO IL 60606 |
| TRAVELERS | ATTN: ATTN: CHANTEL PINNOCK 1 TOWER SQUARE, 5MN HARTFORD CT 06183-4044 |
| TW TELECOM INC. | ATTN: LINDA BOYLE 10475 PARK MEADOWS DR, STE 400 LITTLETON CO 80124 |
| U.S. DEPT OF JUSTICE CIVIL DIV | ATTN: SETH B. SHAPIRO ESQ. P.O. BOX 875, BEN FRANKLIN STATION WASHINGTON DC 20044 |
| UNISYS CORPORATION | ATTN: JANET FITZPATRICK P.O. BOX 500, M/S E8-108 BLUE BELL PA 19424 |
| UNIVERSAL SERVICE ADMINISTRATIVE CO | ATTN: DAVID CAPOZZI,ACTING GENERAL COUNSEL 2000 L STREET NW, SUITE 200 WASHINGTON DC 20036 |
| US ATTORNEY'S OFFICE | DISTRICT OF DELAWARE 1007 N. ORANGE STREET WILMINGTON DE 19801 |
| VAL MANDEL P.C. | ATTN: VAL MANDEL ESQ. 80 WALL ST, STE 1115 NEW YORK NY 10005 |
| VEDDER PRICE P.C. | ATTN: MICHAEL L. SCHEIN ESQ. 1633 BROADWAY, 47TH FL NEW YORK NY 10019 |
| VONBRIESEN & ROPER S.C. | ATTN: RANDALL D. CROCKER ESQ. 411 E WISCONSIN AVE, STE 700 MILWAUKEE WI 53202 |
| VORYS, SATER, SEYMOUR AND PEASE LLP | TIFFANY STRELOW COBB, ESQ. 52 EAST GAY STREET COLUMBUS OH 43215 |

| Claim Name | Address Information |
|---|---|
| WEIR & PARTNERS LLP | JEFFREY S. CIANCIULLI, ESQ. COUNSEL TO ACME PACKET, INC. 824 MARKET STREET, SUITE 1001 PO BOX 708 WILMINGTON DE 19899 |
| WERB & SULLIVAN | ATTN: DUANE D. WERB ESQ. 300 DELAWARE AVE, 13TH FL WILMINGTON DE 19801 |
| WILLKIE FARR & GALLAGHER LLP | ATTN: ALAN J. LIPKIN ESQ.,JEREMY E. CRYSTAL ESQ. 787 7TH AVE NEW YORK NY 10019 |
| WILLKIE FARR & GALLAGHER LLP | MARC ABRAMS, ESQ.; BRIAN E. O'CONNOR, ESQ; SAMEER ADVANI, ESQ. 787 SEVENTH AVENUE NEW YORK NY 10019-6099 |
| WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP | ATTN: MARK G. LEDWIN ESQ. 3 GANNETT DR WHITE PLAINS NY 10604 |
| WOLFF & SAMSON PC | ATTN: ROBERT E. NIES ESQ. THE OFFICES AT CRYSTAL LAKE ONE BOLAND DRIVE WEST ORANGE NJ 07052 |
| XETA TECHNOLOGIES, INC. | C/O JOE M. FEARS, ESQ. BARBER & BARTZ 800 PARK CENTRE 525 SOUTH MAIN STREET TULSA OK 74103-4511 |
| YOUNG CONAWAY | ATTN: JAMES L. PATTON,EDWIN J. HARRON THE BRANDYWINE BLDG 17TH FL. 1000 WEST STREET WILMINGTON DE 19801 |

**Total Creditor count  180**

**EXHIBIT C**

**NNI ASSUMPTION ADDS 06-18-10**

AKIN GUMP
ATTN: FRED S. HODARA, ESQ.; RYAN C.
JACOBS
ONE BRYANT PARK
NEW YORK, NY  10036

**NNI ASSUMPTION ADDS 06-18-10**

OFFICE OF THE U.S. TRUSTEE
ATTN: PATRICK TINKER, ESQ.
844 KING STREET, SUITE 2207
LOCKBOX 35
WILMINGTON, DE  19801-3519

**NNI ASSUMPTION ADDS 06-18-10**

MILBANK TWEED HADLEY & MCCLOY LLP
ATTN: DENNIS F. DUNNE, ESQ.; THOMAS R.
KRELLER, ESQ; ALBERT A. PISA, ESQ.;
ANDREW M. LEBLANC, ESQ.
ONE CHASE MANHATTAN PLAZA
NEW YORK, NY  10005

**NNI ASSUMPTION ADDS 06-18-10**

RICHARDS, LAYTON & FINGER, P.A.
ATTN: CHRISTOPHER M. SAMIS, ESQ.
920 N. KING STREET
ONE RODNEY SQUARE
WILMINGTON, DE 19801

**NNI ASSUMPTION ADDS 06-18-10**

ATTN: LAURA DAVIS JONES, ESQ. &
TIMOTHY P. CAIRNS, ESQ.
PACHULSKI STANG ZIEHL & JONES LLP
919 N. MARKET STREET, 1ST FLOOR
WILMINGTON, DE 19899-8705