IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
In re                                                    :    Chapter 11
                                                         :
Nortel Networks Inc., et al.,[1]                         :    Case No. 09-10138 (KG)
                                                         :
                        Debtors.                         :    Jointly Administered
                                                         :
                                                         :    Re: D.I. 3062
---------------------------------------------------------X

ORDER GRANTING
DEBTORS' EIGHTH OMNIBUS OBJECTION (NON-SUBSTANTIVE)
TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502,
FED. R. BANKR. P. 3007 AND DEL. L.R. 3007-1
(AMENDED; DUPLICATE;
INSUFFICIENT DOCUMENTATION)

Upon the Debtors' Eighth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (Amended; Duplicate; Insufficient Documentation) (the "Objection")[2] filed by the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), requesting an Order pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, disallowing in full each of the Amended Claims identified on Exhibit A, each of the Duplicate Claims identified on Exhibit B and each of the Insufficient Documentation Claims identified on Exhibit C to the Objection; and upon the Declaration of John Ray in Support of Debtors' Eighth Omnibus

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (Amended; Duplicate; Insufficient Documentation), attached to the Objection as Exhibit D; and upon all other documentation filed in connection with the Objection and the Claims; and adequate notice of the Objection having been given as set forth in the Objection; and it appearing that no other or further notice is required; and sufficient cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Objection is GRANTED with respect to each of the Claims identified on Exhibits A, B and C attached to the Objection.

2. Each of the Amended Claims identified on Exhibit A, each of the Duplicate Claims identified on Exhibit B and each of the Insufficient Documentation Claims identified on Exhibit C to the Objection is hereby disallowed in full.

3. Each of the Surviving Claims identified on Exhibits A and B attached to the Objection will be unaffected by this Order (subject to the Debtors' right to assert additional objections and defenses to the allowance of such claim), and each Claimant's right to assert these liabilities against the Debtors' estates will be preserved, subject to the Debtors' reservations of their rights to object to the Surviving Claims and other claims on all grounds, whether legal, factual, procedural, substantive or non-substantive.

4. This Order shall be deemed a separate Order with respect to each of the Claims identified on Exhibits A, B and C to the Objection. Any stay of this Order pending appeal by any Claimants whose Claims are subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

5. The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order.

6. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: June 22, 2010
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE