**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
:
: Chapter 11
:
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
:
: RE: D.I. _____
:
------------------------------------------------------X

### ORDER ENFORCING THE ORDER AUTHORIZING THE SALE OF CERTAIN ASSETS OF, AND EQUITY INTERESTS IN, THE DEBTORS' ENTERPRISE SOLUTIONS BUSINESS, AND DIRECTING THE RELEASE OF CERTAIN ESCROWED FUNDS

Upon the motion dated June 25, 2010 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, enforcing the *Order Authorizing and Approving (A) The Sale Of Certain Assets Of, And Equity Interests In, Debtors' Enterprise Solutions Business, (B) The Assumption And Assignment Of Certain Contracts And Leases And (C) The Assumption And Sublease Of Certain Leases* (the "Sale Order") [D.I. 1514] against Avaya Inc., and directing the release of $19,184,300 plus accumulated interest currently held in escrow by escrow agent, Wells Fargo Bank, National Association ("Wells Fargo"),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

pursuant to the Amended and Restated Escrow Agreement dated as of September 14, 2009 by and among Wells Fargo, NNI, Nortel Networks Limited, Nortel Networks UK Limited and Avaya Inc. (the "Escrow Agreement"); and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY DETERMINED AND ORDERED THAT:

1. The Motion is GRANTED.

2. The issue raised in Adjustment Item #A1 of the Disagreement Notice delivered by the Purchaser dated April 19, 2010 (the "Inventory Adjustment Item") does not constitute a valid dispute as to the Closing Statement under the terms of the Sale Agreement.

3. In the event an Accounting Arbitrator is appointed to resolve any disagreement between the Sellers and the Purchaser regarding the calculations in the Sellers' Closing Statement, the Accounting Arbitrator is prohibited from considering the Inventory Adjustment Item as a basis for a purchase price adjustment under the Sale Agreement.

4. The Purchaser is directed to execute, within five (5) days of the entry of this Order, instructions to Wells Fargo, as escrow agent, that provide for the release of $19,184,300 plus accumulated interest from the Escrow Fund to the Distribution Agent by wire transfer of immediately available funds. Wells Fargo also is authorized upon presentment of this Order by

the Sellers, with or without the receipt of separate joint instructions, to release such amounts in accordance with Section 4(b) of the Escrow Agreement.

5. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2010
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE