**Martin G. Mand**
618 Berwick Road
Wilmington, DE 19803-2204
(302) 478-5692  •  FAX (302) 478-8839



July 2, 2010

Clerk
U.S. Bankruptcy Court
  for District of Delaware
824 Market Street
3rd Floor
Wilmington, Delaware 19801

Dear Sir/Madam:

    I have received Nortel's June 21, 2010 motion to terminate all benefit plans for retirees effective August 31, 2010.

    I write to object to this motion because:

    (1) It appears to treat all employees identically which is not the case. For example, in my situation, I joined Nortel as a senior executive late in my career and my benefit arrangements with Nortel were contractual. I was a creditor of the company with respect to my life insurance and long-term care. Specifically, I fully understood that the company had neither purchased insurance for me nor funded these benefits in any way. They were to be paid from the company's operating funds, i.e., I was a general creditor.

    As such, I had no knowledge of cancellation provisions for these benefits because I had a contract, and was relying on the company to pay such benefits – just as I was for my negotiated pension arrangements, which were terminated as a result of the bankruptcy. (I have filed a claim as a general creditor for such terminated benefits.) Other retirees, including other executives, no doubt had different arrangements and one shoe does not fit all. I urge the Court to examine this matter, and grant relief to retirees according to their contractual arrangements with the company.

    (2) I have learned that the company has agreed to continue employee benefits for Canadian employees through December 31, 2010. Why should American employees be treated any differently -- particularly since I understand funds from the U.S. will be used to pay the Canadian benefits?

If my understanding of the above inequities is correct, I urge the Court to treat American employees on the same basis that the Canadian Court has approved for Canadian employees.

(3) I understand that the bankruptcy law provides for the establishment of a committee to deal with employee benefit matters, a 1114 Committee. I urge the Court to consider establishing such a committee so that the company cannot act unilaterally regarding employee benefit matters.

Thank you very much for your consideration of my suggestions.

Sincerely,

Martin G. Mand

Copy:

James L. Bromley/Lisa M. Schweitzer
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006

and

Derek C. Abbott/Eric D. Schwartz
Ann C. Cordo/ Alissa T. Gazze
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19801