IN THE UNITED STATES BANKRUPTCY COURT FOR DISTRICT OF DELAWARE

|   |   |
|---|---|
| NORTEL NETWORKS INC., et al, <br><br> Debtors... | Chapter 11 <br> Case No. 09-10138 (KG) <br> Jointly Administered <br><br> Hearing Date July 16, 2010 at 10:00 AM (ET) <br> Objection due: July 6, 2010 at 4:00 PM (ET) |

### OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO TERMINATE CERTAIN RETIREE AND LONG - DISABILITY PLANS

Nortel Networks Inc. ("NNI") and certain of it affiliates , as debtors and debtors in possession(collectively, the "Debtors") have moved this court (the motion they made), for an entry of an order substantially in the form they attached and presented to the court as Exhibit A, that they petition the court, this in pursuant to sections 105(a ) 363(b) and 1108 of title 11 of the United State Code ("Bankruptcy Code"), authorizing the Debtors to terminate
(I) The Nortel Networks Inc. Retiree Medical Plan. ( ii.)The Nortel Networks Inc. Retiree Life Insurances Plan. (iii)The Nortel Networks Inc Long-Term Disability Plan (Beneficiaries) to.

They want to the Long Term Disability Plans Beneficiaries.

---

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

CHAPTER 18--EMPLOYEE RETIREMENT INCOME SECURITY PROGRAM

SUBCHAPTER I--PROTECTION OF EMPLOYEE BENEFIT RIGHTS

Subtitle B--Regulatory Provisions

Part 5--administration and enforcement

Sec. 1140. Interference with protected rights

It shall be unlawful for any person to discharge, fine, suspend,
Expel, discipline, or discriminate against a participant or beneficiary
For exercising any right to which he is entitled under the provisions
of
An employee benefit plan, this subchapter, section 1201 of this title,
Or the Welfare and Pension Plans Disclosure Act [29 U.S.C. 301 et
seq.],
Or for the purpose of interfering with the attainment of any right to
Which such participant may become entitled under the plan, this
Subchapter, or the Welfare and Pension Plans Disclosure Act. It shall
be
Unlawful for any person to discharge, fine, suspend, expel, or
Discriminate against any person because he has given information or has
Testified or is about to testify in any inquiry or proceeding relating
To this chapter or the Welfare and Pension Plans Disclosure Act. In the
case of a multiemployer plan, it shall be unlawful for the plan sponsor
or any other person to discriminate against any contributing employer
For exercising rights under this chapter or for giving information or
Testifying in any inquiry or proceeding relating to this chapter before
Congress. The provisions of section 1132 of this title shall be
Applicable in the enforcement of this section.
And Tables.

-

Amendments

2006--Pub. L. 109-280 inserted before last sentence ``In the case
of
A multiemployer plan, it shall be unlawful for the plan sponsor or any
Other person to discriminate against any contributing employer for
Exercising rights under this chapter or for giving information or
Testifying in any inquiry or proceeding relating to this chapter before
Congress.''

Regulations

Secretary authorized, effective Sept. 2, 1974, to promulgate
Regulations wherever provisions of this subchapter call for the
Promulgation of regulations, see section s is Prohibited
  The Law ERISA 510
    TITLE 29--LABOR
  1031 of this title.

In Line 23 of exhibit A states that The Supreme Court has made clear that an employer is not required under Employment Retirement Income Security Act of 1974, 29 U.S.C. 1001 et seq. ("ERISA") to provide retiree welfare benefits the ( the Debtors" ) they presented case Curtiss – Wright Corp. v. Schooneiongen.
This is not a correct case for comparison which shows the clerical error on part of the council representing Nortel. The correct is Curtiss- Wright Corp. v Schoonejongen. 514 U.S. 73 78 (1995). This case only refers to retires only and does not present a valid case against Long Term disability beneficiaries.

In Line 24 of Exhibit A the debtors states that ERISA does not contain automatic vesting provisions for retiree welfare benefits. The Curtiss- Wright Corp. v Schoonejongen. 514 U.S. 73 78 . This case only refers to retires only and does not present a valid case against Long Term disability beneficiaries

In line 24 of Exhibit A the debtors state that the employer may change or eliminate such benefits at any time for any reason. The debtors state to refer to INT, L UNION, and U.A.W.
v. Skinner Engine Co. 188 F. 3 D. 130, 138 ( 3d Cir. 1999 ) (Employers are " Generally free …for any reason at anytime, to adopt, modify or terminate welfare plans) … [ unless they agree] again from the opinion of the court Ackerman District Judge states that this is for retirees benefits and the case against Long Term Disability beneficiaries is not addressed. There this does not present a valid argument for Long Term Disability beneficiaries

In line 24 of the debtors determine that they have a right to unilaterally amend or terminate the Retiree Welfare and the Long Term Disability Plans. They further state under the Third Circuit's jurisprudence, that reservation of rights is conclusive. See ID, UNISYS, 58 F. 3d at 902. Again this does not present a valid argument against terminating the Long Term Disability beneficiaries. This only addresses Retiree benefits.

In Line 25 of Exhibit a; the debtors has references to Smathers v. Multitool Inc.

The fact of this case is Multi-Tool refused to pay Smathers' medical expenses arising from the accident under a provision which excludes coverage for "any charge for care, supplies, or services which are . . . 8. Caused or contributed to by the Covered Person's commission or attempted commission of a felony, misdemeanor, or being engaged in an illegal occupation or activity." Multi-Tool refused Smathers' claims because the accident occurred while he was driving while intoxicated -- an admittedly illegal activity. In February 1998, while the claim was pending, Multi-Tool amended its plan to incorporate a provision giving the administrator discretionary authority in making benefits determinations. Smathers subsequently brought suit under the Employees Retirement Income Security Act ("ERISA"), 29 U.S.C. S 1132, in an effort to collect benefits which he argued were due to him under the plan.4 Multi-Tool filed a motion to dismiss, which was treated by the court as a motion for summary judgment because Multi-Tool relied on material outside the pleadings. Smathers filed a provisional motion for summary judgment.

The District Court determined that the administrator's decision not to provide Smathers' benefits was governed by the discretionary authority provided under the 1998 plan, and, accordingly, considered only whether that decision was arbitrary and capricious. Applying that deferential standard, the District Court granted summary judgment in favor of Multi-Tool finding that the determination by Multi- Tool, as plan administrator, was not, as a matter of law, arbitrary and capricious, and that there were no issues of material fact remaining to be considered.

As Smathers' claim for recovery of plan benefits rests on the rights provided by ERISA, the District Court had jurisdiction under 28 U.S.C. S 1331 and 29 U.S.C. S 1132(e). We exercise jurisdiction pursuant to 28 U.S.C. S 1291. We subject the District Court's grant of summary judgment to plenary review, and we apply the same standard that the lower court should have applied. Farrell v. Planters Lifesavers Co., 206 F.3d 271, 278 (3d Cir. 2000). Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. F.R.C.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

I conclude that neither the retiree nor the Long Term Disability beneficiaries have committed felony, misdemeanor, or being engaged in an illegal occupation or activity. This Smathers v. Multitool Inc has no bearing on any decision that this court will make.

In Line 25 the debtors also state the morrell & co v.united food & commercial workers intl' union 37 f.3d 1302, 1304 8th cir 1994. This once again has does not present a valid case against Long Term disability beneficiaries being terminate.

In Line 26 the debtors only mention the Retiree Welfare Plan, The LTD Plan.

(5) Except as otherwise provided in subsection (b) of this
Section, by the Secretary (A) to enjoin any act or practice which
Violates any provision of this subchapter, or (B) to obtain other
Appropriate equitable relief (i) to redress such violation or (ii)
To enforce any provision of this subchapter;

(6) By the Secretary to collect any civil penalty under
Paragraph (2), (4), (5), (6), or (7) of subsection (c) of this
Section or under subsection (i) or (l) of this section;

(7) By a State to enforce compliance with a qualified medical
Child support order (as defined in section 1169(a)(2)(A) of this
Title);

(8) by the Secretary, or by an employer or other person
referred to in section 1021(f)(1) of this title, (A) to enjoin
any act or practice which violates subsection (f) of section
1021 of this title, or (B) to obtain appropriate equitable
relief (i) to redress such violation or (ii) to enforce such
subsection; or

(9) In the event that the purchase of an insurance contract or
Insurance annuity in connection with termination of an individual's
Status as a participant covered under a pension plan with respect
to
All or any portion of the participant's pension benefit under such
Plan constitutes a violation of part 4 of this title \1\ or the
Terms of the plan, by the Secretary, by any individual who was a
Participant or beneficiary at the time of the alleged violation, or
By a fiduciary, to obtain appropriate relief, including the posting
Of security if necessary, to assure receipt by the participant or
Beneficiary of the amounts provided or to be provided by such
Insurance contract or annuity, plus reasonable prejudgment interest
On such amounts.
---------------------------------------------------------------------
----

\1\ so in original. Probably should be ``subtitle''.
---------------------------------------------------------------------
----

(b) Plans qualified under Internal Revenue Code; maintenance of actions
    Involving delinquent contributions

(1) In the case of a plan which is qualified under section 401(a),
403(a), or 405(a) \2\ of title 26 (or with respect to which an
Application to so qualify has been filed and has not been finally
Determined) the Secretary may exercise his authority under subsection
(a)(5) Of this section with respect to a violation of, or the
Enforcement of, parts 2 and 3 of this subtitle (relating to
Participation, vesting, and funding), only if--
---------------------------------------------------------------------
----

\2\ See References in Text note below.
---------------------------------------------------------------------
----

**B. Line 27 The debtors state section 1114 of the Bankruptcy the only deals with retirees welfare plans and all the cases to 28,29,and 30 only deals with retirees welfare plan and does not address the issue of Long Term Disability beneficiaries**

```
In conclusion the debtors have no way addressed the issues or provided
any cases that deal with the issues of Long Term disability
beneficiaries. At not stated ERISA 510 which states the Long Term
beneficiaries who I have     it shall be unlawful for any person to
discharge, fine, suspend,
Expel, discipline, or discriminate against a participant or beneficiary
For exercising any right to which he is entitled under the provisions
of
An employee benefit plan, this subchapter, section 1201 of this title,
Or the Welfare and Pension Plans Disclosure Act [29 U.S.C. 301 et
seq.],
Nor have they considered the repercussions of terminating the Long Term
Disability Beneficiaries       TITLE 29--LABOR

       CHAPTER 18--EMPLOYEE RETIREMENT INCOME SECURITY PROGRAM

           SUBCHAPTER I--PROTECTION OF EMPLOYEE BENEFIT RIGHTS

                     Subtitle B--Regulatory Provisions

                    Part 5--administration and enforcement


Sec. 1132. Civil enforcement


(a) Persons empowered to bring a civil action

    A civil action may be brought--
       (1) By a participant or beneficiary--
          (A) For the relief provided for in subsection (c) of this
       Section, or
          (B) To recover benefits due to him under the terms of his
       Plan, to enforce his rights under the terms of the plan, or to
       Clarify his rights to future benefits under the terms of the
       Plan;

       (2) By the Secretary, or by a participant, beneficiary or
    Fiduciary for appropriate relief under section 1109 of this title;
       (3) By a participant, beneficiary, or fiduciary (A) to enjoin
    Any act or practice which violates any provision of this subchapter
    Or the terms of the plan or (B) to obtain other appropriate
    Equitable relief (i) to redress such violations or (ii) to enforce
    Any provisions of this subchapter or the terms of the plan;
       (4) By the Secretary, or by a participant, or beneficiary for
    Appropriate relief in the case of a violation of 1025(c) of this
    Title;
```

They have not mention **Long Term Disability Beneficiaries; they have purposely addressing the Long Term Disability Beneficiaries for the reason that if the reason of to avoid ERISA 510 which is below:**

TITLE 29--LABOR

CHAPTER 18--EMPLOYEE RETIREMENT INCOME SECURITY PROGRAM

SUBCHAPTER I--PROTECTION OF EMPLOYEE BENEFIT RIGHTS

Subtitle B--Regulatory Provisions

Part 5--administration and enforcement

Sec. 1140. Interference with protected rights

It shall be unlawful for any person to discharge, fine, suspend, Expel, discipline, or discriminate against a participant or beneficiary For exercising any right to which he is entitled under the provisions of
An employee benefit plan, this subchapter, section 1201 of this title, Or the Welfare and Pension Plans Disclosure Act [29 U.S.C. 301 et seq.],
Or for the purpose of interfering with the attainment of any right to Which such participant may become entitled under the plan, this Subchapter, or the Welfare and Pension Plans Disclosure Act. It shall be
Unlawful for any person to discharge, fine, suspend, expel, or Discriminate against any person because he has given information or has Testified or is about to testify in any inquiry or proceeding relating To this chapter or the Welfare and Pension Plans Disclosure Act. In the Case of a multiemployer plan, it shall be unlawful for the plan sponsor Or any other person to discriminate against any contributing employer For exercising rights under this chapter or for giving information or Testifying in any inquiry or proceeding relating to this chapter before Congress. The provisions of section 1132 of this title shall be Applicable in the enforcement of this section.

```
(A) Requested by the Secretary of the Treasury, or
    (B) One or more participants, beneficiaries, or fiduciaries, of
Such plan request in writing (in such manner as the Secretary shall
Prescribe by regulation) that he exercise such authority on their
Behalf. In the case of such a request under this paragraph he may
Exercise such authority only if he determines that such violation
Affects, or such enforcement is necessary to protect, claims of
Participants or beneficiaries to benefits under the plan.

    (2) The Secretary shall not initiate an action to enforce section
1145 of this title.
    (3) The Secretary is not authorized to enforce under this part any
Requirement of part 7 against a health insurance issuer offering health
Insurance coverage in connection with a group health plan (as defined
in
```

At if terminated are protected

Wherefore I Cynthia Paroski respectfully request that this Court (i) deny this motion to terminate the benefits of the Long Term Disability beneficiaries and do not grant the relief requested herein; (ii) do not enter the proposed order that was submitted by council for the debtor(iii) and do not grant such other relief as it deem just and proper

Dated July 1, 2010
Cynthia Paroski
333 El Rio Drive
Mesquite, Texas

*Cynthia Paroski* (signature)

Cynthia Paroski

Plan; and (vi) all active employees of the Debtors. The Debtors submit that under the circumstances no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: June 21, 2010
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Alissa T. Gazze (No. 5338)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*