**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
---------------------------------------------------------X
                                        :
                                        :      Chapter 11
                                        :
In re                                   :
                                        :      Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,¹          :
                                        :      Jointly Administered
                  Debtors.              :
                                        :      RE: D.I. 3196
                                        :
--------------------------------------------------------- X
```

**ORDER (A) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN
ADDITIONAL EXECUTORY CONTRACTS IN CONNECTION WITH THE SALE OF THE
DEBTORS' ENTERPRISE SOLUTIONS BUSINESS AND  (B) AUTHORIZING
THE DEBTORS TO FILE INFORMATION UNDER SEAL**

Upon the motion dated June 18, 2010 (the "Motion"),² of Nortel Networks Inc. and its

affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the

"Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105,

107, 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002,

6004, 6006 and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "Local Rules") (a) approving the assumption

and/or assignment of certain additional executory contracts in connection with the sale of certain

---

¹     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

²     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion, or if not defined in the Motion, shall have the meanings ascribed to such terms in the Sale Motion.

assets of, and equity interests in, the Debtors' Enterprise Solutions Business to Avaya Inc., as purchaser (together with its designees, the "Purchaser"), in accordance with the terms and conditions of the Amended and Restated Asset and Share Sale Agreement entered into by the Debtors and the Purchaser dated September 14, 2009, (as may be subsequently amended, the "Sale Agreement"); (b) authorizing the Debtors to file certain documents under seal; and (c) and granting them such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation it is hereby

A.    FOUND AND DETERMINED THAT:[3]

B.    The Debtors have demonstrated that it is an exercise of their sound business judgment to assume and/or assign the Additional Contracts to the Purchaser in connection with the consummation of the Sale, and the assumption, assignment, and sale of the Additional Contracts is in the best interests of the Debtors, their estates, their creditors, and all parties in interest. The Additional Contracts being assigned to the Purchaser are an integral part of the Assets being purchased by the Purchaser, and accordingly, the assumption, assignment and

---

[3]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

sale of the Additional Contracts is reasonable and enhances the value of the Debtors' estates. The cure amounts, if any, required to be paid pursuant to section 365(b) that are mutually agreed to be paid by the Debtors and the counterparty to the applicable Additional Contract or ordered to be paid by this Court (the "Cure Amounts") are deemed the entire cure obligation due and owing under the Additional Contracts under Bankruptcy Code section 365. Pursuant to the Chrysler Assumption Motion and the Chrysler Assumption Order, the Cure Amount with respect to the Chrysler PO is $0.

       C.      Each and every provision of the Additional Contracts or applicable non-bankruptcy law that purports to prohibit, restrict, or condition, or could be construed as prohibiting, restricting, or conditioning assignment of any Additional Contract have been satisfied or are otherwise unenforceable under Bankruptcy Code section 365.

       D.      Upon the payment of the Cure Amounts, if any, there are no outstanding defaults of the Debtors and their estates under the Additional Contracts.

       E.      The Purchaser has demonstrated adequate assurance of future performance of all Additional Contracts within the meaning of Bankruptcy Code section 365.

       F.      Upon the assignment and sale to the Purchaser, the Additional Contracts shall be deemed valid and binding, in full force and effect in accordance with their terms, subject to the provisions of this Order.

ORDERED, ADJUDGED AND DECREED THAT:

       1.      The relief requested in the Motion is GRANTED.

       2.      Pursuant to Bankruptcy Code sections 105(a), 363 and 365, the Debtors' assumption and/or assignment to the Purchaser of the Additional Contracts, and the Purchaser's acceptance of such assignments on the terms set forth in the Sale Agreement, are hereby

3

approved. The Additional Contracts, whether entered into or amended before or after the Petition Date, shall be deemed to have been assumed and/or assigned to the Purchaser as of the Closing Date, free and clear of all Interests of any kind or nature whatsoever other than the Assumed Liabilities on the terms set forth in the Sale Agreement, and shall remain in full force and effect for the benefit of the Purchaser in accordance with their respective terms, notwithstanding any provision in any such Additional Contracts (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, limits or conditions such assignment. Pursuant to Bankruptcy Code section 365(k). the Debtors shall be relieved from any further liability with respect to the Additional Contracts following assignment to the Purchaser. Debtors are hereby authorized to execute and perform under any other agreement executed in connection with the transfer of the Transferred Property to the Purchaser, and to execute and deliver to the Purchaser such documents or other instruments as may be necessary to assign to Purchaser the Additional Contracts.

3.     As of the Closing Date, subject to the provisions of this Order, the Purchaser shall be deemed to have succeeded to the entirety of the Debtors' rights and obligations in the Additional Contracts first arising and attributable to the time period occurring on or after the Closing Date and shall have all rights thereunder.

4.     The Cure Amounts with respect to each Additional Contract shall constitute findings of the Court and shall be final and binding on parties to such Additional Contracts (and their successors and designees), and shall not be subject to further dispute or audit based on performance prior to the time of assumption and assignment, irrespective of the terms and conditions of such Additional Contract. Upon the assumption and/or assignment of the Additional Contract, each counterparty to an Additional Contract shall be forever barred,

4

estopped and permanently enjoined from (i) asserting against the Debtors or the Purchaser, or the property of either of them, any default existing as of the Closing Date; or, against the Purchaser, any counterclaim, defense, setoff or any other Interest asserted or assertable against the Debtors; and (ii) imposing or charging against the Purchaser Releasees any accelerations, assignment fees, increases or any other fees as a result of the Debtors' assumption and assignments to Purchaser of the Additional Contracts.

5.     To the extent that any counterparty failed to object to the Cure Amount with respect to an Additional Contract, such counterparty shall be deemed to have consented to the applicable Cure Amount, and the assignment to Purchaser of such Additional Contract.

6.     Pursuant to sections 365(b)(1)(A) and 365(f)(2)(A) of the Bankruptcy Code, the Debtors have provided adequate assurance to the Counterparties of the Purchaser's future performance under the Additional Contracts.

7.     Pursuant to section 365(f) of the Bankruptcy Code, notwithstanding any provision to the contrary in the Additional Contracts, or in applicable non-bankruptcy law, that prohibits, restricts, or conditions the assignment of the Additional Contracts, the Debtors may assign the Additional Contracts to the Purchaser.

8.     Upon assumption of the Additional Contracts by the Debtors and/or assignment to the Purchaser, the Additional Contracts shall be deemed valid and binding, in full force and effect in accordance with their terms, subject to the provisions of this Order.

9.     All Counterparties to the Additional Contracts shall cooperate and expeditiously execute and deliver, upon the reasonable requests of the Purchaser, and shall not charge the Purchaser for, any instruments, applications, consents, or other documents which may

be required or requested by any public or quasi-public authority or other party or entity to effectuate the applicable transfers in connection with the Transactions.

10.     The Court recognizes that the list of Additional Contracts and affidavits of service that identify the Debtors' customers constitute confidential commercial information, and therefore authorizes that any such lists and affidavits to be filed in connection with this Motion may be filed under seal.

11.     The Debtors shall provide the unredacted list of Additional Contracts and affidavits of service that identify the Debtors' customers to the Clerk's Office of the United States Bankruptcy Court for the District of Delaware in a prominently marked envelope with a cover sheet attached containing (i) the caption, (ii) the docket number of the Motion, (iii) the docket number of this Order, (iv) the title of the list of Additional Contracts and affidavits of service that identify the Debtors' customers, and (v) the legend "DOCUMENTS TO BE KEPT UNDER SEAL" in bold print.

12.     Pursuant to Bankruptcy Rule 6006(f)(6), the Court hereby authorizes the Debtors to file an omnibus motion incorporating all the executory contracts to be assumed and assigned pursuant to section 365 of the Bankruptcy Code.

13.     This Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rules 6004 or 6006 or any other provision of the Bankruptcy Code or the Bankruptcy Rules is expressly lifted.

14.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief

granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

15.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: **July 6** , 2010
    Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE