IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No.: 09-10138(KG)<br>Jointly Administered<br>Chapter 11 proceeding |
| **NORTEL NETWORKS, INC.** | |
| Debtors. | |

### CREDITOR'S, PETER LAWRENCE, LIMITED OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO TERMINATE CERTAIN RETIREE AND LONG-TERM DISABILITY PLANS

The Creditor, **Peter Lawrence**, (hereinafter referred to as "Creditor") by and through undersigned counsel, hereby files this his Limited Objection to Debtors' Motion for Entry of an Order Authorizing Debtors to Terminate Certain Retiree and Long-term Disability Plans, and states:

1. The Creditor, **Peter Lawrence**, was employed by the Debtor, Nortel Networks, Inc. on May 24, 1993.

2. As a result of his employment, the Debtors provided the Creditor with a long-term disability plan, Nortel Networks, Inc. Long-term Disability Plan (hereinafter referred to as "LTD Plan"). The LTD Plan is self-funded by the Debtors, and administered by an agent of the Debtors, The Prudential Insurance Company of America.

3. Pursuant to the terms of then LTD Plan, the Creditor would receive monetary benefits if he were ever determined to be totally disabled.

4. On October 11, 1992, at the age of 48, the Creditor was diagnosed with Alzheimer's disease. Pursuant to his condition, the Creditor was determined to be totally disabled pursuant to the

terms of the LTD Plan.

5.   Since the date the Creditor was determined to be totally disabled, he received four thousand five hundred sixty-three dollars and four cents ($4,563.04) per month pursuant to the LTD Plan.

6.   On January 14, 2009, the instant Chapter 11 bankruptcy was filed on behalf of Nortel Networks, Inc. and certain of its affiliates.  As a matter of fact, the Creditor's employer was included within the instant bankruptcy proceeding.

7.   On January 15, 2009, this Court entered an order of joint administration pursuant to Bankruptcy Rule 1015(b).

8.   On June 21, 2010, the Debtors filed a Motion for Entry of an Order Authorizing Debtors to Terminate Certain Retiree and Long-term Disability Plans.  Pursuant to the motion, the Debtors are seeking to terminate the LTD Plan, under which the Creditor receives his monthly stipend.

9.   In support of their motion, the Debtors rely mainly upon sections within the LTD Plan documents.  These sections state the Debtor, "reserves the right to terminate the Plan or a Benefit Program at any time by written instrument.  The Plan or Benefit Program, as applied to a single Employer, may be terminated at any time by such Employer, subject to consent of NNI."

10.  The Debtors further state that termination of the LTD Plan, along with certain Retiree Welfare Plans, satisfies the "Business Judgment Test", contained within Section 363(b)(1) of the Bankruptcy Code.

11.  In or around January 2010, post-petition, the Creditor applied for a home loan, wherein he would purchase his current homestead located in Delray Beach, Florida.

12.  As evidenced by the attached Exhibit "1", Loan Commitment and Condition Log, the lender would not close until documentation was provided that evidenced that the Creditor would be

receiving his long-term disability payments, under the LTD Plan, for at least the next three (3) years.

13. The Creditor submitted this condition log to the LTD Plan administrator, The Prudential Insurance Company of America, who operated as an agent of the Debtors.

14. On February 12, 2010 the agent for the Debtors, The Prudential Insurance Company of America, issued correspondence, attached as Exhibit "2", to the lender stating:

> [P]lease be advised that the above noted claimant is receiving Long Term Disability under the Nortel Networks plan in the amount of $4563.04 net per month. Mr. Lawrence will continue to receive LTD benefits provided he remains totally disabled under the terms of the plan. (Emphasis added)

15. While the Creditor has no objection with the termination of the LTD Plan and the Retiree Welfare Plans, as they relate to other employees of the Debtors, as they may be in fact terminable at will by the Debtors, the LTD Plan, based upon the representations of the Debtors agent, the Creditor's benefits shall be indefinite.

16. As a result of the correspondence attached as Exhibit "2", not only is the Creditor's LTD payments not terminable at will the Debtors' agent has bound the Debtors to this LTD payments as long as the Creditor is totally disabled pursuant to the terms of the plan.

17. The Creditor is not only still suffering from progressive Alzheimer's disease; he suffers from diabetes, high blood pressure, high cholesterol, and a mild heart arrhythmia. Further, in 2009, the Creditor was diagnosed with prostate cancer.

18. Upon the termination of the LTD Plan, the Creditor will suffer irreparable harm, such that he will be unable to find gainful employment based upon his health conditions. As a result, the Creditor will likely go to in foreclosure and lose his homestead.

19. The Creditor seeks an order from this Court sustaining his Limited Objection, and requiring the Debtors, Nortel Networks, Inc., to continue the payment of his long-term disability benefits in the amount of four thousand five hundred sixty-three dollars and four cents ($4,563.04)

until such time as he is determined to not be totally disabled.

/S/ Vivian A. Houghton
Vivian A. Houghton, Esquire
800 West St. 2nd Floor
Wilmington, DE  19801
(302) 658-0518
Attorney for Creditor
