NICHOLAS F. FONTERBERG
P.O. Box 3021
Johnson City, TN 37602
JUNE 29, 2010

Clerk of the United States Bankruptcy Court
    for the District of Delaware
824 Market Street, 3RD Floor
Wilmington, Delaware 19801

CC: Cleary Gottlieb Steen & Hamilton LLP
    One Liberty Plaza
    New York, NY 10006

   Morris, Nichols, Arsht & Tunnell LLP
   1201 North Market Street
   P.O. Box 1347
   Wilmington, Delaware 19801

RE: Nortel Networks, Inc.
    Chapter 11
    Case No. 09-10138(KG)
    Objection to the Motion Dated June 21, 2010
    Hearing Date July 16, 2010

THE HONORABLE KEVIN ROSS:

FILED
2010 JUL -6 AM 8:51
CLERK
U.S. BANKRUPTCY

I OBJECT to the NNI's the MOTION to TERMINATE THE BENEFITS of MY FAMILY MEDICAL COVERAGE UNDER the NTI RETIREE MEDICAL PLAN, THE GROUNDS FOR THIS OBJECTION ARE AS FOLLOWS:

1.0 BACKGROUND: IN 1985 I WAS EMPLOYED BY BNR INC, AT THE RESEARCH TRIANGLE PARK, NORTH CAROLINA LABORATORY. IN 1990 I WAS THE SENIOR MANAGER, RESEARCH AND DEVELOPMENT, PHYSICAL DESIGN, REPORTING TO THE VICE PRESIDENT, PHYSICAL DESIGN, BELL NORTHERN RESEARCH LTD, CANADA. ON SEVERAL OCCASIONS DURING THE 8 YEAR PERIOD I PERSONALLY AND MY TEAMS RECEIVED BNR's MANAGEMENT HIGHEST AWARDS OF EXCELLENCE. DURING THAT TIME MY PEER GROUP PERFORMANCE RATINGS WERE EXCELLANT 4.0 AND SUPERIOR 5.0. IN 1992 MY SUPERVISOR WAS CHANGED FROM A 53 YEAR OLD MALE TO A 35 YEAR OLD MALE. IN 1993 AT THE AGE OF 49 I WAS DEMOTED TO AN INDIVIDUAL CONTRIBUTORS POSITION, QUALITY REPRESENTATIVE. IN 1994 MY POSITION WAS CONSIDERED REDUNDANT, MY WORK LOAD WAS GIVEN TO A 39 YEAR OLD WOMEN WITH THE SAME JOB TITLE. IN OCTOBER 1994, AT THE AGE OF 50, BNR TERMINATED MY EMPLOYMENT. I IMMEDIATELY FILED A CHARGE WITH THE EEOC AND COMMENCED A LAWSUIT IN THE U.S. DISTRICT COURT BEARING CIVIL ACTION No 1:95CV00347 AGAINST NORTHERN TELECOM AND BNR, INC.

2.0 SETTLEMENT AGREEMENT: ON DEC. 14, 2005, A SETTLEMENT AGREEMENT AND SPECIAL AND GENERAL RELEASE (1995 AGREEMENT) WAS SIGNED, A COPY OF WHICH WAS SUBMITTED AS AN ATTACHMENT TO MY PROOF OF CLAIM AGAINST NNI, FILED/RECEIVED BY THE BANKRUPTCY COURT, DATED FEB. 23, 2009.

3.0 PRIMARY INDUCEMENT TO SETTLE: PARA 4.2 of the 1995 AGREEMENT INCLUDED MY RECEIVING THE NORTHERN TELECOM INC. RETIREMENT PLAN FOR EMPLOYEES (NTIRPE) PROVIDING LIFE ONLY EARLY RETIREE BENEFIT, AND MY RECEIVING "IN ADDITION, FAMILY MEDICAL COVERAGE UNDER THE NTI RETIREE MEDICAL PLAN" BOTH OF WHICH WERE MY PRIMARY INDUCEMENT FACTORS IN MY EXECUTION OF THE 1995 AGREEMENT AND DROPPING THE LITIGATION. THE MOTION, IF GRANTED, WOULD NULLIFY THE FAMILY MEDICAL COVERAGE PORTION OF OUR 1995 AGREEMENT BECAUSE NNI DOES NOT NOW WANT TO PAY FOR THAT INDUCEMENT, AND BY IGNORING THE FACT THAT THEY MADE THAT AGREEMENT FOR MY LIFETIME.

4.0 FACTS RELEVANT TO THIS OBJECTION

4.1 PARA. 6, 7 AND 12.4 OF THE 1995 AGREEMENT forfitted NNI's RIGHT TO TERMINATE MY FAMILY MEDICAL COVERAGE, AS STATED IN THE MOTION para. 18, AND NULLIFIES THE ARGUMENTS IN para. 20, 21, 22, 23, 24 OF THE MOTION.

4.2 The NNI Negotiated Arrangement with the UnitedHealth Care HMO, per para. 19 of <u>the Motion</u> will not be disclosed until after the Objection Deadline Date of July 6, 2010, But, based on my research of other companys that made negotiated arrangements with the said HMO, their plans and costs in no way resemble the Retirement Plan we agreed to in para. 4.2 of the <u>1995 Agreement</u>.

4.3 The <u>1995 Aggreement</u>, para. 12.4 states clearly
"Each party relies on the finality
of this Agreement as a material
factor inducing the parties
execution of this Agreement"
and to this degree and extent, overrides, supersedes, and nullifies any language that was placed in NNI Documents and consequently forfeit NNI's basis of relief in para. 25, 26 of <u>the Motion</u>.

4.4 The <u>1995 Agreement</u>, para 12.3 states clearly
"... It is the intention hereby fully,
finally and forever to settle and
release the claims set forth in
paragraphs 2 and 3 ... This Agreement
is intended ... to be final"
which overrides NNI rights to terminate <u>my</u> benefits and thusly does not render Section 1114 of the Bankruptcy Code inapplicable in my case as was petitioned

In THE MOTION Section B, para 27, 28, 29, 30.

4.5  As a former Senior Manager at BNR, Inc., I am painfully aware of NNI's business realities and the escalating cost of healthcare and NNI's desire to unburden their business of the Retirees benefit expenses as stated in THE MOTION Section C, para. 31, 32, 33, 34. I to have been burdened by the increased monthly charges and deductibles in the family medical coverage under the NTIRPE which have tripled our out-of-pocket expenses since the 1995 AGREEMENT, but I see that increase as a reasonable business reality. Likewise I see that turning the NTIRPE pension over to the PBGC to be a reasonable business decision. The 1995 AGREEMENT settlement was also a reasonable business decision on both our parts, as my remuneration before the BNR, Inc. demotion was just over $100,000 per year.

5.0  PETITION TO THE COURT: Should the court overrule my objection and find for NNI's THE MOTION resulting in the termination of the NTI Retirees Medical Plan, in lieu of that termination I am asking the Court to find in favor of my Proof of Claim filed on 2/18/2009, for at least the priority amount of $267,386.00 which would satisfy the reasonable intent of the 1995 AGREEMENT.

SIGNED  JUNE 29, 2010                    [signature] Winterberg