7516 Chippenham Ct
Raleigh NC 27613
July 1, 2010

FILED
2010 JUL -6 AM 9:50
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Clerk of the United States Bankruptcy Court
District of Delaware
824 Market Street, 3rd Floor
Wilmington DE 19801


cc:  Cleary, Gottlieb, Steen & Hamilton LLP
     One Liberty Plaza
     New York NY 10006

     Morris, Nichols, Arsht & Tunnell LLP
     1201 North Market Street
     PO Box 1347
     Wilmington DE 19801


Subject: Nortel Networks Inc, et al Case No. 09-10138 (KG)


I write to object formally to the motion of Nortel Networks Inc. (hereinafter "NNI") in Docket #3204 made before the Bankruptcy Court, District of Delaware, the Honorable Kevin Gross presiding, to terminate retiree healthcare, long term care, life insurance, and disabled employee benefits (hereinafter collectively, the "Benefits in Question").

For information of the Court, I was continuously employed by NNI from January 1985 until August 2009.


### Section I:
### NNI's Motion Omits Some Parties

NNI's motion fails to address – and apparently to include in its headcounts – former employees who are currently entitled to receive the Benefits in Question but have not yet begun receiving them (hereinafter the "Eligible Parties"). As evidence of this omission, the letters to recipients of the Benefits in Question informing them of NNI's motion were not mailed to Eligible Parties.

I am one such Eligible Party. I was laid off by NNI with a severance period extending until April 2010, by which time I had reached the age of 55. Upon completion of the severance period, I became immediately eligible to apply to receive the Benefits in Question. Although I have not yet applied for them, my circumstances may change at any time such that I elect to apply for them.

NNI's motion is fatally flawed because its omission of Eligible Parties materially misstates the matter before the Court. Further, NNI failed to provide Eligible Parties with notice of the motion as required by Rules of the Court. Accordingly I urge the Court to dismiss NNI's motion.

## Section II:
### Extant Documents Issued by NNI Repudiate NNI's Assertion that the Benefits in Question are subject to Termination at Will

I possess a document widely issued by Northern Telecom Inc., the prior legal name of NNI[1], to its employees in 1991 describing in detail the Benefits in Question. The document says nothing whatsoever about termination of the Benefits in Question at the will of Northern Telecom Inc. Employees as of 1991 reasonably inferred that the Benefits in Question were never and would never be subject to termination at the will of NNI. In the event that the Court dismisses my objection in Section I above, I urge the Court to reject NNI's assertion that the Benefits in Question were always subject to termination at will; accordingly, I urge the Court to invoke the mechanism of Section 1114(d) in this matter.

## Section III:
### Benefits in Question are de minimis with Respect to Creditors

NNI asserts that the Benefits in Question require an ongoing expenditure of $2,000,000 per month. Given that the claims filed by creditors in this Case are in the many billions of dollars, and given that NNI has monetized assets in the billions of dollars in anticipation of satisfying such claims, and given that NNI is spending an average of over $4,000,000 every month merely for legal representation by Cleary, Gottlieb, Steen & Hamilton LLP in this matter – apparently without objection from creditors – I urge the Court to rule that the Benefits in

---

[1] It is important to note that NNI and Northern Telecom Inc.("NTI") are the same corporation and that NTI was <u>not</u> a predecessor corporation to NNI, an issue in *In re Delphi Corporation, et al.*

Benefits in Question allow for a carefully considered, methodical process in weighing the interests of all parties involved.

### Section V:
### Unconscionable Treatment of the Long-Term Disabled

NNI proposes to abandon 280 individuals with long-term disability (the "LTD Community"). NNI has made no provision for the LTD Community to receive alternative benefits – even at their own expense – other than time-limited COBRA that would address only their need for healthcare and not their need for continuity of income; nor does NNI's motion indicate that NNI made any attempts in that regard with respect to the LTD Community.

The LTD Community is the least equipped and most exposed category of all former employees of NNI. Some members of the LTD Community may be unable to read or understand notices of the Court. Aside from my objections in Sections I-IV above, I urge the Court to find that NNI's proposed treatment of the LTD Community is unconscionable and to order NNI to make adequate provision for a safety net for the LTD Community.

If a committee should be appointed pursuant to Section 1114(d), I offer to serve thereon.

Respectfully,

*[signature]*

Charles L. Till, Jr.