# KANTOR & KANTOR, LLP
ATTORNEYS AT LAW

19839 NORDHOFF STREET
NORTHRIDGE, CA 91324
TEL: (818) 886-2525
FAX: (818) 350-6272
bbrehm@kantorlaw.net

July 2, 2010

***Via Overnight Federal Express***
Clerk of the United States Bankruptcy Court for the District of Delaware
824 Market Street, 3rd Floor
Wilmington, Delaware 19801

Re:  *In re Nortel Networks Inc., et al*
Case No.: C 09-10138 (KG)

## Objection to Termination of LTD Plan

To the Honorable Kevin Gross:

This firm represents Loraine Placido in litigation that is taking place in the Northern District of California (CASE NO: CV 09-0668 WHA), against the Notel Networks Long Term Disability ("LTD") Plan - the same LTD Plan which is the subject of Nortel's request to terminate. There is no dispute in the litigation that since 1996, Ms. Placido has been disabled and entitled to disability benefits under the LTD Plan. For over 15 years, Ms. Placido has relied upon these disability benefits to survive (e.g. pay bills, buy groceries, afford medications). Certainly Ms. Placido is not pleased that the company for which she dedicated her working life is now seeking to terminate her disability benefits, and the disability benefits of all other employees who are disabled under the LTD Plan. This will create unimaginable hardship on individuals who are disabled, and, by definition, cannot seek work to replace the income lost by the termination of the LTD Plan. With Nortel claiming that one of its primary assets is its employees, it is disingenuous to claim that the savings provided by the termination of the LTD Plan is a prudent precedent to set for employees who are working, or may in the future work for Nortel. Employees like Ms. Placido dedicated their lives to serving Nortel *because* they believed Nortel's promises that Nortel would stand by them, and provide for them, in times of their need. Nortel is shortsighted in thinking that terminating the LTD Plan - and the other welfare benefit Plans - is a sound decision during this restructuring.

However, as the enclosed pleadings demonstrate, if the termination of the LTD Plan is allowed, Ms. Placido has an additional concern. If the LTD Plan is terminated, this Court must ensure that the LTD Plan can fully provide the benefits and liabilities that relate to times, actions, and decisions made prior to the termination of the LTD Plan. While this is

Clerk of the Court
*Re: Nortel*
July 2, 2010

important for all participants in the LTD Plan, Ms. Placido has ongoing litigation in which she is seeking to rectify the wrongful withholding of benefits by the LTD Plan. These wrongful withholdings by the LTD Plan will have all taken place prior to the proposed termination date. However, due to the time it takes to receive relief in the courts, it is very likely that she will not receive the relief she brought suit for until after August 31, 2010. If the LTD Plan's termination does not expressly account for, and ensure, a means for the full payment of benefits and liabilities for actions and decisions that relate to times prior to the termination a true injustice will have been sanctioned by the Bankruptcy Court.

In making the instant objection, Ms. Placido wants to express her feeling that the termination of welfare benefits is not a prudent business action. Further, Ms. Placido wants to ensure that if the termination of the LTD is allowed, that it will not prevent, or in any way limit or hinder, any individuals from receiving the benefits and/or judgments they receive which relate to times prior to the granted termination date.

Thank you for considering, and protecting, the rights of the disabled persons who spent their lives serving Nortel.

Very truly yours,

Brent Dorian Brehm
Attorney for Loraine Placido

*enclosures*