# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | )( | Chapter 11 |
| | )( | |
| | )( | Case No. 09-10138 (KG) |
| NORTEL NETWORKS INC., et al., | )( | |
| | )( | Jointly Administered |
| | )( | |
| Debtors. | )( | Hearing Date: July 16, 2010 at 10:00 AM (ET) |
| | )( | Objections due: July 6, 2010 at 4:00 PM (ET) |

## OBJECTIONS TO DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO TERMINATE CERTAIN RETIREE AND LONG-TERM DISABILITY PLANS

Comes now the undersigned, Randall H. Nunn, a retiree of Nortel Networks Inc.("Nortel") and files these objections to Nortel's motion for entry of an order authorizing the Debtors to terminate certain retiree and long term disability plans.

1. <u>The Court Should Authorize the Appointment of a Section 1114 Committee to Represent the Interests of Retirees Who are at Risk of Losing Critical Benefits.</u>

Section 1114 of the Bankruptcy Code provides a reasonable process and some limited protections for these vital retiree benefits. Section 1114 authorizes a committee to negotiate on behalf of the affected retirees regarding termination of these benefits and gives the retirees at least some voice in what is about to happen to them. The Section 1114 process will provide a simple structure for a reasonable and quick negotiation and allow some basic protections to help insure that the rights of the retirees are not trampled in the dust in the stampede to conclude this termination quickly. The termination of these plans will have a devastating impact on the retirees. Surely a process that gives them some voice in what is about to happen to them and injects some elemental fairness into

the process is appropriate. Particularly after the time that it has taken to get to this point it would seem that the retirees ought to have some due process and fairness before plans are terminated that the retirees in good faith supposed would protect them in retirement. The retirees and their families ought not be treated in such cavalier fashion. The undersigned believes that the retirees and surviving spouses need the immediate appointment of an official Section 1114 committee to represent them on retiree benefits issues and termination of plans as defined and required by the Bankruptcy Code.

The retiree benefits plans at issue here are critical to the retirees and their families. The retirees made a contribution to Nortel in years gone by, allowing the company to benefit from their efforts and the revenue brought in by them to become the largest telecommunications company in North America. Now that they are no longer needed by the company, Nortel is proposing to terminate the plans because the plans allegedly have the "magic words" necessary to allow Nortel to wipe out a large portion of their expected peace and security in retirement. And this is being done quickly and with little consideration of the views of the retirees or alternative measures that might ameliorate the harshness of the proposed termination. The magnitude of the adverse impact on the lives of these loyal former employees ought to be taken into consideration. The retirees ought to be given some means of protecting their interests in the bankruptcy proceeding, both under the law and under general principles of equity.

Section 1114 of the Bankruptcy Code "was enacted to protect the interests of retirees of chapter 11 debtors." In re Exide Technologies, 378 B.R. 762 (Bkrtcy. D. Del. 2007); 7-1114 Collier on Bankruptcy Para. 1114.01 (15th ed. rev.2007). On its face the statute

mandates that the requirements of Section 1114 be satisfied before a debtor may either unilaterally modify or terminate retiree benefits. Section 1114 gives a court discretion to appoint a committee of retired employees whenever it deems appropriate. This is a time when that discretion should be utilized to appoint such a committee because that is the only effective way in the proceeding to insure that the rights and interests of the retirees are given consideration. Otherwise, it is clear that the retirees interests will get short shrift and they will be steamrollered by the company that once prospered by their efforts. Nortel in its motion states that terminating the Retiree Welfare Plans and the LTD Plan "will generate significant cost savings for the Debtors" and that the termination of the plans "is in the best interests of the Debtors, their bankruptcy estates and their creditors." Nortel Motion at Para. 34. Who looks after the "best interests" of the retirees? The Court should at least permit them to be heard and their interests considered, regardless of the ultimate outcome. Fairness requires that the retirees be given the benefit of a Section 1114 Committee for without one their interests will be without a spokesperson and their reasonable expectations arising from the retiree welfare plans will be thrown aside in the sudden haste to conclude the proceeding "in the best interests" of everyone except those who, by their hard work and loyalty, helped make Nortel the great company that it once was. I object to the motion for entry of an order authorizing Nortel to terminate certain retiree and long term disability plans and respectfully ask the Court to order the formation of an official committee under Section 1114 to protect the interests of the retirees.

Respectfully submitted,

*Randall H. Nunn*
Randall H. Nunn
601 NW 7th Avenue
Mineral Wells, Texas 76067
(940) 325-1710
Retiree, Nortel Networks Inc.

Certificate of Service

I certify that I have this 2nd day of July, 2010, served a copy of this Objection on counsel for the Debtors as set out in Debtors' motion.

*Randall H. Nunn*