11 Saint James Court
Durham, NC 27713
July 1, 2010

FILED

2010 JUL -7 AM 10: 45

Clerk of the United States Bankruptcy Court
District of Delaware
824 Market Street, 3rd Floor
Wilmington, Delaware 19801

Via Certified and
First Class Mail

CC: Cleary, Gottlieb, Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006

CC: Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O.Box 1347
Wilmington, Delaware 19801

Subject: Nortel Networks Inc, et al Case No. 09-10138 (KG)

Dear Sir,

I am writing to formally object to the motion by Nortel Networks made
before the Bankruptcy Court, District of Delaware, Honorable Kevin
Gross presiding, to terminate retiree healthcare, long term care, life
insurance, and disabled employee benefits.

My objections are based on the following information provided by
Debtor in the June 21, 2010 filing.

Paragraph 16:   The cost to the debtor will decrease over time as
retirees attain Medicare eligibility as Medicare will become the prime
insurer.   The cost will also decrease as retirees and others who are
covered die or make other arrangements.   It will not continue to be $1
million per month.

Paragraph 18:   Debtors seek to eliminate the Long Term Care (LTC)
insurance and have informed retirees that they have no plans to make
provision for retirees go obtain coverage.   The industry norm is that
LTC insurance is portable and that those covered by an employer's plan
can obtain coverage by notifying the insurance company and paying the
same rate that the former employer had paid.   Why do the debtors wish
to deny the opportunity to continue coverage?

1

Paragraph 19: While the Debtors posit that arrangements have been made with United Healthcare Insurance company to provide coverage, no information has been provided to retirees on the cost of coverage, the extent of coverage, type of coverage or any other information other than it will be provided in the future – after the date the court is being asked to render a decision.   Will the coverage be the $248.81 per person that Nortel states it is paying? This amount includes medical, life and long term care.

Paragraph 33:  Debtors have determined that "the individuals currently receiving benefits of such expenditures are not providing services to the Debtors".    Debtor forced many individuals into retirement. Debtors required individuals to give up certain legal rights in order to receive the benefits under the Retiree Welfare Plan even though the retirees had earned participation under the plan rules.   Where the retirement was at the Debtors insistence, Debtor should be required to continue all coverage under the rules in existence at time of retirement.   In summary, Debtor created the individual's participation and contracted to provide the benefit.

Section B: More recent actions, such as the General Motors bankruptcy of 2009, placed retiree and employee benefits ahead of other creditors.

Nortel has not indicated it plans to go out of business.   There will be a continuing revenue stream.   Debtor should be required to continue the current plans until totally liquidated.   Any other option ordered by the court would affirm Debtors assertion that employees are assets (Paragraph 11) not humans.

Regards,

David M. Snider