July 1, 2010

FILED

2010 JUL -7  AM 9: 14

CLERK
U. BANKRUPTCY COURT
DISTRICT OF DELAWARE

From:
David J. Sidor
109 Hanover Place
Chapel Hill, North Carolina
27516

To:
Clerk
U. S. Bankruptcy Court
824 Market Street
3rd Floor
Wilmington, Delaware  19801

Copy:
James L. Bromley
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, N.Y.  10006

As you are aware, Nortel filed a motion on June 21, 2010 to terminate all former US employee benefit plans effective August 31, 2010. As a former Nortel employee, I believe Nortel's motion to terminate at the end of August is unfair and unjust for reasons stated below.

First, there is no provision for retirees to make a claim for the value of benefits to be terminated, as there was for the value of various forms of deferred compensation (such as pensions) which claims were due by September 30, 2009. While Nortel may argue that it has a unilateral right to terminate the plans without permitting retirees to make claims for the value of the terminated benefits, the fact is Nortel did not terminate them before declaring Chapter 11 and thus I believe that argument should have no standing at this time. Thus while such plans may be terminated in the  bankruptcy process, retirees should be allowed to make claims for the value of such medical and life insurance or long-term care or disability, just as they were for deferred compensation.

Second, Nortel has agreed with employees in Canada that employee benefits, including health benefits, long term disability benefits and life insurance benefits would be maintained until December 31, 2010. I am aware that the funding to permit the Canadian Nortel estate to provide these benefits extensions  were provided by the U.S. Nortel estate.  This means that U.S. employees are twice disadvantaged: they lose their  benefits four months sooner and there are also less funds available for settlement of their other U.S. employee claims such as non-qualified pensions, deferred compensation and severance.

I believe that Nortel's motion for earlier cancellation of U.S. benefits may have occurred because Canadian employees were full participants in Canadian Court Proceedings (represented by Koskie Minsky) whereas in the U.S. there was neither employee participation nor legal representation.

For many of us, the benefits Nortel is seeking to terminate are essential. Many retirees are under 65 and many have dependents under 65; they of course are not yet eligible for Medicare. Some are disabled or have disabled dependents; I have a disabled son, age 45. The medical and other benefits are critical for their health and reasonable quality of life. Once Nortel terminates these benefits, most retirees will have to qualify for coverage individually and such coverage will be significantly more expensive.

For all the above reasons, and to insure basic fairness of the process, manner and timing of termination of these benefits, I believe that the court should authorize the appointment of a committee under Section 1114 of the Bankruptcy Code to protect Nortel retirees and their dependents and survivors with respect to their rights regarding these benefits.

In conclusion, I am asking that the Court:

(1) allow US retirees to file claims for the value of the benefits to be terminated.
(2) not permit Nortel to discriminate against U.S. employees vs. Canadian employees regarding benefit termination.
(3) authorize the appointment of a committee under Section 1114 of the Bankruptcy Code.

David J. Sidor