UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 11 |
| Nortel Networks, et al., | Case No 09-10138 |
| Debtors | Jointly Administered |

## DECLARATION IN OPPOSITION TO OBJECTION TO CLAIM

Gary Steven Stone declares under penalty of perjury the following to be true:

1. I am an attorney in good standing and duly licensed to practice law before the courts of the State of New York and the United States district courts therein. I am of counsel to John C. Gray, director of South Brooklyn Legal Services, a poverty law office, and appear before this Court, on behalf of Ernest Demel, pursuant to Local Rule 9010(e)(iii). I make this declaration in opposition to the objection of the debtors ("Nortel") to Mr. Demel's Proof of Claim.

2. I represent Mr. Demel in an action pending in the United States District Court for the Southern District of New York, *Nortel v. Group Benefits Plan for Employees of Northern Telecom, Inc.* No. 07 cv 00189 (GBD) (S.D.N.Y.). The action was brought under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), and challenges, *inter alia*, the denial of Mr. Demel's claim for benefits from the Group Benefits Plan for Employees of Northern Telecom, Inc., ("the Nortel LTD plan").[1]

---

[1] In addition to their administrators and trustees, the action named as defendants: Northern Telecom Inc. Retirement Plan for Employees ("the Retirement Plan"), and its Benefits Committee, and the Prudential Insurance Company("Prudential"). A determination that Mr.

3. Among the Defendants in that action is the Group Benefits Plan for Employees of Northern Telecom, Inc., which denied the claim of Mr. Demel for certain long term disability benefits. Although not explicitly named as a defendant, Nortel is the administrator of the defendant benefit plans. Gell Decl. ¶ 6.

4. On information and belief, the Nortel LTD Plan does not have assets of its own with which to pay benefit claims, and is entirely dependent on monies paid by Nortel from its own assets, through the intermediary of the Nortel Health and Welfare Benefits Trust ("the Nortel Trust"). To the extent that Nortel does not allocate money to the Trust, no benefit payments are possible. Gell Decl. ¶ 7.

5. As a corollary, if the district court determines that Mr. Demel's claims were wrongly denied, the Nortel LTD Plan will only be able to make payments to Mr. Demel if Nortel allocates the necessary money from its general funds.

6. Mr. Demel therefore has an interest in the outcome of the present bankruptcy proceeding, which is, of course, concerned with the allocation of Nortel's assets to Nortel's

---

Demel is eligible for benefits from the Nortel LTD Plan is a condition precedent for his receipt, upon reaching age 65, of disability benefits from the Retirement Plan. On information and belief, on or about July 17, 2009, the Retirement Plan was terminated and the Pension Benefit Guaranty Corporation ("PBGC") made its trustee. *PBGC v. Retirement Plan Committee of the Nortel Networks Retirement Income Plan*, No. 3 09 0657 (M.D. Tenn.). The issue of the Retirement Plan's assets is therefore not addressed in this Declaration. The assets of the Prudential are also not addressed inasmuch as "Prudential does not insure the long-term disability benefits under the Plan, but rather performs services pursuant to an Administrative Services Agreement entered into with Nortel." Declaration of Nancy Gell ¶ 6, June 12, 2009 (annexed hereto as Exhibit A). The Declaration was one of the papers submitted on July 15, 2009, by Defendants in opposition to the removal of this matter from the district court's suspense docket. In her declaration, Ms. Gell states that she is "employed by Nortel Networks ("Nortel") as Manager of the Short-Term and Long-Term Disability Plan." Gell Decl. ¶ 1.

creditors, including the Trust Fund. His interest is in no way diminished by the fact that technically, under ERISA, he is a creditor of a benefit plan sponsored, funded, and administered by Nortel, rather than Nortel itself. Whether or not he is designated a "creditor," Mr. Demel is a necessary party to the present case. This is particularly so in light of the fact that, on information and belief, neither the Nortel LTD Plan nor the Nortel Trusts have filed a Proof of Claim on behalf of persons who might be adjudicated eligible for benefits.

7. Nortel argues that Mr. Demel should be estopped from making a claim against Nortel because, in Nortel's view, such a claim is inconsistent with his previous acknowledgment that the ERISA action does not name Nortel itself as a defendant but rather names the Nortel LTD Plan, which is sponsored, administered, and funded by Nortel. Nortel supports this estoppel argument by citing the fifty-seven-year-old case, *Scarano v. Central R.R. Co. of New Jersey*, 203 F.2d 510 (3d Cir. 1953), in which a plaintiff was estopped from maintaining a suit premised on facts inconsistent with the facts he had alleged in a prior suit against the same party. However, in the present case, as in the district court case, there are no factual disputes with respect to the actual relationship of Nortel and the Nortel LTD Plan. Both sides acknowledge that Nortel is separate from its benefit plan, and both sides acknowledge that Nortel is the Nortel LTD Plan's sponsor, administrator and sole source of funding. The dispute between the parties is not about the facts, but, rather, their legal consequences. Moreover, there is no more "inconstancy" between the legal positions taken by Mr. Demel in the district court action and in his present argument than those taken by Nortel in the two proceedings; whereas Nortel now emphasizes the fact that technically the Nortel LTD Plan and Nortel are distinct entities, in the district court

action Nortel emphasized, as Mr. Demel does now, the practical unity of the Nortel LTD Plan with Nortel, which is its sponsor, administrator, and funder.

8. The real difference between the parties is whether, given these agreed upon facts, Mr. Demel should be able to recover any monies from Nortel in the event he prevails on the merits of his challenge to the denial of his LTD claim. Nortel takes the position that he should not. In taking this position, Nortel is urging a result that is inherently unfair and subversive of the equitable purposes of the Bankruptcy Code.

9. In light of the foregoing, Mr. Demel respectfully requests that this Court deny the objection to his Proof of Claim.

Brooklyn, New York
Dated: July 8, 2010

/s/ Gary Steven Stone
Gary Steven Stone
South Brooklyn Legal Services
105 Court Street 3rd floor
Brooklyn, N.Y. 11201
Tel. (718) 237-5542
Facs. (718) 855-0733