# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERNEST DEMEL, <br><br> Plaintiff, <br><br> v. <br><br> GROUP BENEFITS PLAN FOR EMPLOYEES OF NORTHERN TELECOM, INC., dated as of January 1, 1982, TRUSTEES AND ADMINSTRATOR OF THE GROUP BENEFITS PLAN FOR EMPLOYEES OF NORTHERN TELECOM, INC., EMPLOYEE BENEFITS COMMITTEE OF NORTHERN TELECOM, INC., NORTHERN TELECOM INC. RETIREMENT PLAN FOR EMPLOYEES, TRUSTEES AND ADMINISTRATOR OF NORTHERN TELECOM, INC. RETIREMENT PLAN FOR EMPLOYEES, and THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, <br><br> Defendants. | 07 CV 00189 (GBD) <br><br> DECLARATION OF <br><br> NANCY GELL |

## DECLARATION OF NANCY GELL

I, Nancy Gell, declare:

1. I am employed by Nortel Networks, Inc. ("Nortel") as Manager of the Short-Term and Long-Term Disability Plan.

2. In that position, I am responsible for oversight and administration of the Short-Term and Long-Term Disability Plan. Based upon my job responsibilities and the corporate records, I have personal knowledge of the Short-Term and Long-Term Disability Plan and the prior Nortel plans that provided disability benefits.

3. I have personal knowledge of the matters set forth herein, and I am competent to testify as to such facts.

4. I have reviewed the complaint filed by Ernest Demel in the above captioned lawsuit.

5. The "Employee Benefit Plan" under which Mr. Demel seeks to recover long-term disability benefits is no longer in existence. At the time of filing the lawsuit, Nortel's welfare benefit plan that provided disability benefits was entitled "Short-Term and Long-Term Disability Plan" ("the Disability Plan"). The Disability Plan is still in existence and is funded by Nortel.

6. Nortel is the Administrator of the Disability Plan. The Prudential Insurance Company of America ("Prudential") is the claims fiduciary and administers long-term disability benefits under the Disability Plan. Prudential does not insure the long-term disability benefits under the Plan, but rather performs services pursuant to an Administrative Services Agreement entered into with Nortel.

7. The short-term disability benefits under the Disability Plan are paid directly from Nortel's general assets through a payroll practice. The long-term disability benefits under the Disability Plan are funded through the Nortel Networks Health and Welfare Benefits Trust (referred to as a "VEBA"). The VEBA is the funding mechanism for several of Nortel's welfare plans. The funding for the VEBA is made on ad hoc contribution basis by Nortel, and such contributions by Nortel are based on what is predicted to be needed for current claims.

8. Potential claims under the terminated "Employee Benefits Plan," such as Mr. Demel's claim for disability benefits, which was asserted twenty years after his date of disability, were not taken into account for the funding of the VEBA.

9. Nortel transfers money from the VEBA to Prudential, the claim fiduciary to pay long-term disability benefits, as Prudential advises Nortel of the amount that is needed to pay claims.

10. If long-term disability benefits were to be paid to Mr. Demel, they would be paid by Nortel out of its general assets.

11. In 2005, at the time Mr. Demel's claim was denied, Prudential rendered the initial determination on claims for long-term disability benefits under the Disability Plan as well as determinations on first level appeals. Also, in 2005, second level appeals pertaining to claims for long-term disability benefits were reviewed and decided by the Employee Benefits Committee of Nortel. The Employee Benefits Committee was made up of Nortel employees. Any judgment obtained against the Employee Benefits Committee for benefits under the Disability Plan would be paid by Nortel, or Nortel would indemnify the members of the Employee Benefits Committee for any benefits that were ordered to be paid under the Disability Plan.

12. The Trustee for the VEBA is Bank of America. Nortel and Bank of America entered into a Trust Agreement, which contains an indemnification provision. Section 9.9 of the Trust Agreement states that Nortel agrees "to indemnify the Trustee," Bank of America, and "hold it harmless against any and all liabilities, losses, costs, or expenses (including legal fees and expenses) of whatever kind and nature that may be imposed on, incurred by, or asserted against the Trustee at any time by reason of the Trustee's acting upon the directions of the Company's duly authorized officers and agents." Any judgment obtained against the Trustee of the VEBA for benefits under the Disability Plan would be paid by Nortel, or Nortel would indemnify the Trustee for any benefits that were ordered to be paid under the Disability Plan.

13. Pursuant to the Administrative Services Agreement, Nortel agreed to indemnify Prudential for any benefits paid by Prudential under the Disability Plan.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the ___ day of June, 2009, at _____ (city), ___ (state).

*Nancy Gell*
Nancy Gell

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE
———————————————————————x
                                                                          :   Chapter 11
                                                                          :
In re                                                                     :
                                                                          :
Norte Networks, et al.,                                                   :
                                                                          :   Case No 09-10138
                    Debtors                                               :   Jointly Administered
                                                                          :
                                                                          :
———————————————————————x

## DECLARATION OF SERVICE

Gary Steven Stone, declares under penalty of perjury the following to be true:

    1. I am over 18, not a party to this action, and my address is South Brooklyn Legal Services, 105 Court Street, 3rd floor, Brooklyn, N.Y. 11201

    2. That on July 8, 2010, at approximately 2:35 p.m. I made mail service of the Declaration in Opposition to Objection to Proof of Claim, and Exhibit by depositing exact copies o of same in a properly stamped envelopes in a official mail depository of the United States Postal Service in the lobby of 105 Court Street, Brooklyn, N.Y. 11201 addressed to Counsel for Debtors and Debtors in Possession,

    Morris Nichols Arsht & Tunnel

    Att: Ann C. Cordo

    1201 North Market Street

    P.O. Box 1347

    Wilmington Delaware 19801

    Cleary Gottlieb Steen & Hamilton

    One Liberty Plaza

    New York, N.Y. 10006

    3. That on the same day the same papers at aproximately 2:20 p.m. were sent to the above, using the facsimile numbers provided on their Notice of Objection: (302) 658-3989 (for Morris Nichols Arsht & Tunnel) and (212) 225-3999 (for Cleary Gottlieb Steen & Hamilton)

Brooklyn, New York
Dated: July 8, 2010

                                                                     Gary Steven Stone