## EXHIBIT G

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------X
:
:   Chapter 11
*In re*   :
:   Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]   :
:   Jointly Administered
Debtors.   :
:   **RE: D.I. _____**
:
---------------------------------------------------------X

**ORDER GRANTING**
**DEBTORS' TWELFTH OMNIBUS OBJECTION (SUBSTANTIVE)**
**TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND**
**DEL. L.R. 3007-1 (NO LIABILITY CLAIMS, REDUCE AND ALLOW CLAIMS, NO-**
**BASIS 503(b)(9) CLAIMS, MULTI-DEBTOR DUPLICATE CLAIMS AND WRONG**
**DEBTOR CLAIM)**

Upon the Debtors' Twelfth Omnibus Objection (Substantive) to Certain Claims Pursuant

to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce

and Allow Claims, No-Basis 503(b)(9) Claims, Multi-Debtor Duplicate Claims and Wrong

Debtor Claim) (the "Objection")[2] filed by the debtors and debtors–in-possession (collectively,

the "Debtors") in the above-captioned cases, requesting an Order pursuant to section 502 of the

Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 reducing, modifying or

disallowing in full the Claims identified on Exhibits A-E to the Objection; and upon the

Declaration of John Ray in Support of Debtors' Twelfth Omnibus Objection (Substantive) to

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]   Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims, No-Basis 503(b)(9) Claims, Multi-Debtor Duplicate Claims and Wrong Debtor Claim), attached to the Objection as Exhibit F; and upon all other documentation filed in connection with the Objection and the Claims, including certain Claims filed by the Claimants as identified by the Debtors in Exhibits A-E to the Objection; and adequate notice of the Objection having been given as set forth in the Objection; and it appearing that no other or further notice is required; and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Objection is **GRANTED** with respect to each of the Claims identified on Exhibits A-E attached to the Objection.

2. Each of the No Liability Claims identified on Exhibit A attached to the Objection, each of the No-Basis 503(b)(9) Claims identified on Exhibit C, and each of the Multi-Debtor Duplicates identified on Exhibit D is hereby disallowed in full.

3. Each of the Reduce and Allow Claims identified on Exhibit B attached to the Objection is hereby reduced and allowed for the Modified Amount identified on Exhibit B.

4. The Wrong Debtor Claim identified on Exhibit E attached to the Objection is hereby modified and allowed against the Identified Debtor.

5. Notwithstanding Local Rule 3007-1(f)(iii), with respect to each of the Reduce and Allow Claims labeled as No Supporting Documentation Claims on Exhibit B to the Objection, to the extent that Claimants are permitted to amend the Proofs of Claim or otherwise provide documentation or other evidence supporting the amounts of Claims that are being disallowed herein, such amendment or provision shall be subject to the Debtors' rights to object to such Claims on all grounds, whether legal, factual, procedural, substantive or non-substantive.

6. Unless included in other Exhibits to the Objection, each of the Corresponding Non-503(b)(9) Claims and the Surviving Claims identified on Exhibits C and D attached to the Objection, respectively, will be unaffected by this Order, and each Claimant's right to assert these liabilities against the Debtors' estates will be preserved, subject to the Debtors' reservations of their rights to object to the Corresponding Non-503(b)(9) Claims and the Surviving Claims and other Claims on all grounds, whether legal, factual, procedural, substantive or non-substantive.

7. This Order shall be deemed a separate Order with respect to each of the Claims identified on Exhibits A-E attached to the Objection. Any stay of this Order pending appeal by any Claimants whose Claims are subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

8. The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions LLC, and the Clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order.

9. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: _____, 2010
       Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE