**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NORTEL NETWORKS, INC., *et al.* | : | |
| | : | Case Number 09-10138 (KG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | **Hearing Date: July 16, 2010 at 10:00 a.m.** |
| | : | |
| | : | |
| | : | |

**UNITED STATES TRUSTEE'S RESPONSE AND REQUEST FOR A CONTINUANCE**
**WITH RESPECT TO DEBTORS' MOTION  FOR AN ORDER AUTHORIZING**
**DEBTORS TO TERMINATE CERTAIN  RETIREE**
**AND LONG TERM  DISABILITY PLANS**

Roberta A. DeAngelis, United States Trustee for Region 3, by and through her

undersigned counsel, hereby responds to the Debtors' Motion for an Order authorizing Debtors

to Terminate Certain Retiree and Long Term Disability Plans  as follows:

1.      This Court has jurisdiction to hear and determine this Response.

2.      Pursuant to 28 U.S.C. § 586(a)(3), the United States Trustee is charged with

administrative oversight of the bankruptcy system in this District.  Such oversight is part of the

United States Trustee's overarching responsibility to enforce the laws as written by Congress

and interpreted by the courts.  *See United States Trustee v. Columbia Gas Systems, Inc. (In re*

*Columbia Gas Systems, Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public

interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest);

*Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990)

(describing the UST as a "watchdog").

3.      Under 11 U.S.C. § 307, the United States Trustee has standing to be heard on the issues raised by the Debtors' Motion.

4.      On June 21, 2010, the Debtors filed a  motion for authority to terminate certain retirees and long term disability plans (the "Plans"). The notice to  the motion  required that an objection, answer or  responsive pleading be filed by July, 6, 2010. A hearing on the motion is presently scheduled for July 16, 2010. Counsel for the Debtors and counsel for the United States Trustee have discussed various aspects of the motion, and counsel for the Debtors agreed to extend the time for the United States Trustee  to respond to Friday, July 9, 2010.

5.      The United States Trustee requests that the Court  adjourn the hearing on the matter scheduled for  July 16, 2010 for a reasonable period of time to give the United States Trustee and other parties the opportunity to consider whether the relief requested is appropriate or permissible under the Bankruptcy Code.

6.      The Debtors allege that the Plans provide the Debtors with "the unequivocal right to unilaterally amend or terminate the plans at any time." Further, the Debtors argue that the same provisions render the statutory requirements of Section 1114 of the Bankruptcy Code inapplicable. Further still, the Debtors argue that the Debtors' contractual right to terminate is not affected by this bankruptcy filing and court approval is not necessary.  Notwithstanding this final argument, the Debtors still want the Court to authorize the termination of benefits for the Debtors' former employees who are retired or who have suffered  long term disabilities.

7.      In support of their motion, the Debtors make summary references to provisions allegedly in the Plans without attaching copies of the Plans. The United States Trustee believes that the court should not rule on the motion unless and until parties have a reasonable opportunity to examine the documents referenced but not included in the motion. The Debtors

should be required to file the Plans with the Court, as well as to provide copies to those

employees and employees' families who are members of the plans sought to be terminated.

8.    In support of their motion, the Debtors argue that Section 1114 of the Bankruptcy

Code is inapplicable, and cite caselaw in support of their position.    The United States Trustee

notes that none of these cases are controlling as to this issue and that the Debtors failed to

acknowledge various other decisions including *In re Farmland Indus., Inc., 294 B.R. 903 (Bankr.*

*W.D. Mo.2003),* holding that a retirement benefit cannot be modified without complying with

Section 1114.

9.    In support of their motion, the Debtors argue " the exercise of their reasonable

business judgment" as the legal basis for termination of the Plans. The Debtors then state that

"[p]roviding these benefits is a significant financial burden that does not provide any

concomitant benefit to the estate."  The United States Trustee believes the Debtors have the

burden to demonstrate through evidence at trial that there is a sufficient basis for the decision to

terminate the Plans. This court must hold the Debtors to their burdens in this situation wherein

the termination of such plans will have a significant impact on the well being of the Debtors'

retirees. This is particularly true in this case wherein the Debtors previously sought and were

granted authority to pay well in excess of $50 million dollars to members of their senior

management and now claim they are unable to afford $2 million dollars per month for the cost of

these plans.

10.    The United States Trustee notes that as of the date of the filing of this Response,

approximately two hundred objections have been filed by individuals or counsel for individuals

opposing the Debtors' motion.

11.    Many of these objections also include a request that the Court order the

appointment of a committee that would represent the interests of the former employees.

12.     The United States Trustee supports the requests to this court seeking an order directing the appointment of a committee to represent the interest of the former employees of the Debtors.   At a minimum, a retirees' committee would have the ability to review the Plans to ascertain whether or not the Debtors' interpretation of termination provisions is correct.

13.     Accordingly, given the request for the appointment of a retirees committee, the United States Trustee respectfully requests that the hearing on the motion be adjourned and that the Court direct the appointment of a retirees committee. To allow sufficient time for the United States Trustee to form the committee, the United States Trustee requests the hearing be rescheduled to no earlier than August 31, 2010, if the Court's calendar permits.

14.     The United States Trustee avers that granting an adjournment to the date requested above or thereafter causes little prejudice to the debtors as the motion (if granted) indicates that the Plans proposed termination effective date is August 31, 2010. The Debtors indicate they have paid all costs and expenses associated with the Plans and will continue to  pay all costs and expenses through August 31, 2010.

15.     The United  States  Trustee reserves any and all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter, substitute and/or modify this Response and to take any further action as may be required or to conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent.

WHEREFORE, the United States Trustee respectfully requests this Court to adjourn the

hearing  to give the United  States Trustee and other parties a reasonable opportunity to consider

the motion and file a response, if appropriate, and for all other relief that is just and proper,

including directing the appointment of a retirees committee.

Respectfully submitted,

ROBERTA A. DEANGELIS
United States Trustee


BY:     _/s/  Kevin P Callahan_____
        Kevin P. Callahan
        Trial Attorney
        Office of the United States Trustee
        J. Caleb Boggs Federal Building
        844 King Street, Suite 2207
Dated: July 9, 2010    Wilmington, DE 19801
        (302) 573-6491
        (302) 573-6497 fax