From:
Earl Joseph Beneteau
   6716 Virgilia Ct
   Raleigh, NC 27616

To:
Clerk
   U. S. Bankruptcy Court
   824 Market Street
   3rd Floor
   Wilmington, Delaware  19801

Copy:
James L. Bromley
   Cleary Gottlieb Steen & Hamilton LLP
   One Liberty Plaza
   New York, N.Y.  10006

As you are aware, Nortel filed a motion on June 21 to terminate all former employee benefit plans effective August 31, 2010.

As a former Nortel employee, I assumed that it was possible that, as a result of the bankruptcy, Nortel might wish to terminate employee benefits at some point, but feel that Nortel's motion to terminate at the end of August is unfair and unjust.

First, there is no provision for retirees to make a claim for the value of benefits to be terminated, as there was for the value of various forms of deferred compensation (such as pensions) which claims were due by September 30, 2009. While Nortel may argue that it has a unilateral right to terminate the plans without permitting retirees to make claims for the value of the terminated benefits, there is a difference among the plans (e.g., medical related plans vs. life insurance plans) which should be examined by the Court.

Just as an example, I have no recollection of having ever been told that life insurance was subject to such cancellation -- it was an obligation of Nortel, just as pensions were. Furthermore, Nortel refers in its motion to plan language in 2010 summaries regarding its supposed unilateral rights to terminate the various plans. The Court should examine when such provisions were added to the Plans -- possibly after the dates of retirement for many retirees. While such promises may be terminated in the bankruptcy process, retirees should be allowed to make claims for the value of such life insurance or long-term care or disability, just as they were for deferred compensation. All of these plans, including medical, need to be considered separately.

Second, Nortel has agreed with employees in Canada that employee benefits, including health benefits, long term disability benefits and life insurance benefits would be maintained until December 31, 2010. In addition terminated employees were given an option to choose between a lump sum settlement and an annuitized deferred pension.

I am also aware that the funding to permit the Canadian Nortel estate to provide these benefits extensions were provided by the U.S. Nortel estate. This means that U.S. employees are twice disadvantaged: they lose their benefits four months sooner and there are also less funds available for settlement of their other U.S. employee claims such as non-qualified pensions, deferred compensation and severance.

I believe that Nortel's motion for earlier cancellation of U.S. benefits may have occurred because while Canadian employees were full participants in Canadian Court Proceedings and were represented by Koskie Minsky, where in the U.S. there was neither employee participation or legal representation.

For many of us, the benefits Nortel is seeking to terminate are

essential and almost irreplaceable. Many retirees are under 65 and not yet eligible for Medicare. The medical and other benefits are critical for their health and reasonable quality of life. Once Nortel teminates these benefits, most retirees will have to qualify for benefits individually and such benefits could be prohibitively expensive. For these reasons, and to insure basic fairness of the process, manner and timing of termination of these benefits, I believe that the court should authorize the appointment of a committee under Section 1114 of the Bankruptcy Code to protect the Nortel retirees, spouses and survivors with respect to their rights regarding these benefits.

I am asking that the Court:

(1) allow retirees to file claims for the value of the benefits to be terminated, and
(2) not permit Nortel to discriminate against U.S. employees vs. Canadian employees.
(3) authorize the appointment of a committee under Section 1114 of the Bankruptcy Code.

Signed