Darnell D. Barber Moye
8715 Crestgate Circle
Orlando, FL 32819
(407)876-2336
Dd_barber@msn.com
July 1, 2010

To:
Clerk
U. S. Bankruptcy Court
824 Market Street
3rd Floor
Wilmington, Delaware 19801

Copy:
James L. Bromley
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, N.Y. 10006

Re: Nortel Networks Bankruptcy Proceedings

I received notice that Nortel filed a motion on June 21, 2010 to terminate all former employee benefit plans effective August 31, 2010.

As a former Nortel employee, I believe that Nortel's motion to terminate benefits at the end of August is unfair and unjust.

First, there is no provision for retirees to make a claim for the value of benefits to be terminated, as there was for the value of various forms of deferred compensation (such as pensions) which claims were due by September 30, 2009. While Nortel may argue that it has a unilateral right to terminate the plans without permitting retirees to make claims for the value of the terminated benefits, there is a difference among the plans (e.g., medical related plans vs. life insurance plans) which should be examined by the Court.

Nortel refers in its motion to plan language in 2010 summaries regarding its supposed unilateral rights to terminate the various plans. The Court should examine when such provisions were added to the Plans if the 2010 language applies to plan holders who retired prior to 2010. I retired from Nortel on December 30, 2008, thus the 2010 Plan language was not presented to me. My expectation for continued Long Term Care coverage from Nortel after retirement drove my decision to cancel a personal Long Term Care policy I had procured through a private company at age 50 because I assumed I would have coverage through Nortel once I retired. For Nortel to cancel the long term care coverage at this point will have adverse financial impact on me because I can no longer purchase a private policy at the age 50 rate since I am now 57. While such plans

may be terminated in the bankruptcy process, retirees should be allowed to make claims for the value of such plans. In my case, if Nortel is allowed to cancel my current Long Term Care coverage, I will experience a life-time cost increase for a new policy due to my age. <u>If Nortel had not promised me this life time benefit, I would have maintained my personal Long Term Care Policy and thus would not be subject to a large price increase to re-instate my Long Term coverage through a private provider.</u>

Second, Nortel has agreed with employees in Canada that employee benefits, including health benefits, long term disability benefits and life insurance benefits would be maintained until December 31, 2010. In addition terminated employees were given an option to choose between a lump sum settlement and an annuitized deferred pension.

I am also aware that the funding to permit the Canadian Nortel estate to provide these benefits extensions were provided by the U.S. Nortel estate. This means that U.S. employees are twice disadvantaged: they lose their benefits four months sooner and there are also less funds available for settlement of their other U.S. employee claims such as non-qualified pensions, deferred compensation and severance.

I believe that Nortel's motion for earlier cancellation of U.S. benefits may have occurred because while Canadian employees were full participants in Canadian Court Proceedings and were represented by Koskie Minsky, the opposite was true in the U.S. as there was neither employee participation or legal representation.

For many of us, the benefits Nortel is seeking to terminate are essential and almost irreplaceable. Many retirees are under 65 and not yet eligible for Medicare. The medical and other benefits are critical for their health and reasonable quality of life. Once Nortel teminates these benefits, most retirees will have to qualify for benefits individually and such benefits could be prohibitively expensive. For these reasons, and to insure basic fairness of the process, manner and timing of termination of these benefits, I believe that the court should authorize the appointment of a committee under Section 1114 of the Bankruptcy Code to protect the Nortel retirees, spouses and survivors with respect to their rights regarding these benefits.

I am asking that the Court:

(1) allow retirees to file claims for the value of the benefits to be terminated;
(2) restrict Nortel from discriminating against U.S. employees vs. Canadian employees; and
(3) authorize the appointment of a committee under Section 1114 of the Bankruptcy Code to examine this issued in detail before making a final ruling on this petition.


Respectfully submitted,

*[signature]*

Darnell D. Barber-Moye