From: Brian Hopf
1081 Silverleaf Dr.
Youngsville, NC  27596

To:
Clerk
U. S. Bankruptcy Court
824 Market Street
3rd Floor
Wilmington, Delaware  19801

Copy:
James L. Bromley
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, N.Y.  10006

As you are aware, Nortel filed a motion on June 21 to terminate all former employee benefit plans effective August 31, 2010.

As a former Nortel employee, I assumed that it was possible that, as a result of the bankruptcy, Nortel might wish to terminate employee benefits at some point, but feel that Nortel's motion to terminate at the end of August is unfair and unjust.

First, there is no provision for retirees to make a claim for the value of benefits to be terminated, as there was for the value of various forms of deferred compensation (such as pensions) which claims were due by September 30, 2009. While Nortel may argue that it has a unilateral right to terminate the plans without permitting retirees to make claims for the value of the terminated benefits, there is a difference among the plans (e.g., medical related plans vs. life insurance plans) which should be examined by the Court.

Just as an example, I have no recollection of having ever been told that life insurance was subject to such cancellation -- it was an obligation of Nortel, just as pensions were. Furthermore, Nortel refers in its motion to plan language in 2010 summaries regarding its supposed unilateral rights to terminate the various plans. The Court should examine when such provisions were added to the Plans -- possibly after the dates of retirement for many retirees. While such promises may be terminated in the bankruptcy process, retirees should be allowed to make claims for the value of such life insurance or long-term care or disability, just as they were for deferred compensation. All of these plans, including medical, need to be considered separately.

Second, Nortel has agreed with employees in Canada that employee benefits, including health benefits, long term disability benefits and life insurance benefits would be

maintained until December 31, 2010. In addition terminated employees were given an option to choose between a lump sum settlement and an annuitized deferred pension.

I am also aware that the funding to permit the Canadian Nortel estate to provide these benefits extensions were provided by the U.S. Nortel estate. This means that U.S. employees are twice disadvantaged: they lose their benefits four months sooner and there are also less funds available for settlement of their other U.S. employee claims such as non-qualified pensions, deferred compensation and severance.

I believe that Nortel's motion for earlier cancellation of U.S. benefits may have occurred because while Canadian employees were full participants in Canadian Court Proceedings and were represented by Koskie Minsky, where in the U.S. there was neither employee participation nor legal representation.

For many of us, the benefits Nortel is seeking to terminate are essential and almost irreplaceable. Many retirees are under 65 and not yet eligible for Medicare. The medical and other benefits are critical for their health and reasonable quality of life. Once Nortel terminates these benefits, most retirees will have to qualify for benefits individually and such benefits could be prohibitively expensive. For these reasons, and to insure basic fairness of the process, manner and timing of termination of these benefits, I believe that the court should authorize the appointment of a committee under Section 1114 of the Bankruptcy Code to protect the Nortel retirees, spouses and survivors with respect to their rights regarding these benefits.

I am asking that the Court:

(1) allow retirees to file claims for the value of the benefits to be terminated, and
(2) not permit Nortel to discriminate against U.S. employees vs. Canadian employees.
(3) authorize the appointment of a committee under Section 1114 of the Bankruptcy Code.

_Brian Hopf_

July 3, 2010

My personal letter to both parties addressed to above.
RE; Case No. 09-10138 (KG)

TO; whoever might read this letter,

    No doubt you may have read several of these form letters as above, however, I have not usually been one to sign a form letter but rather wish to add my own thoughts as well. My signature to the form letter is definitely my agreement to it and so wish to inform you of that.

    First, I am fully aware of the purpose and responsibilities of the bankruptcy court system and that of the legal firm/s defending the Debtors. Herein lies much of the problem as I see it. Let me ask of the court; where is the fairness in soon after the filing of this case, the then CEO petitioned the court and was granted several million dollars to pay his top executives their bonus money ? Bonus money for doing what ? After all, who really makes any company successful ? Is it the Engineers, Architects, Designers, Quality and Support personnel or is it the handful of highly educated and highly paid executives and directors? This simply doesn't make any sense when literally thousands of hard working employees have been denied their severance pay ( in my case a mere $ 60,xxx.00 dollars ). Now, we are told that our medical benefits will cease on August 31, 2010 but Canadians will continue to receive their benefits through the end of the year. Again, what has happened to being fair ?

    Second, the legal firm/s have done another very fine job of defending the Debtor, however, their work is not being performed free of charge. I would like the legal professionals on this case to let me know just how well you have been paid and by whom. I believe that bottom line information would be shocking. Again, where is the fairness in all of this?

    As stated earlier, I understand the position of both groups in this issue but lets thinks about protecting the working class of this great nation, the ones who have really done the hard work to build a company and the nation. You in the legal profession, I challenge you to define and propose new bankruptcy laws that protect both Debtor and Claimant. You in the court system, your challenge is to uphold not only what the law dictates but also what is fair to all.

    My last statement to both addressed parties; I understand that there have been two former Nortel employees who have ( for whatever reason ) felt it necessary to take their own lives and I can't help but believe this bankruptcy has contributed to their hopeless actions. I am ashamed of your performance and each and every one of you should ashamed as well. Can you please do the right things for the right people for the short remainder of this case?

Respectfully,

*Brian Hopf*
Brian Hopf