127.    We have considered all of the evidence and representations presented to us and we are of the opinion that it is reasonable to impose the requirements of the FSD sought by TPR on each of the Target Companies, i.e. the Canadian, American and EMEA Entities as defined above.

## Conclusion

128.    In all the circumstances of this case, and for the reasons given above, we have concluded that an FSD should be issued in this case as set out in the Determination Notice issued on 25 June 2010.

**APPENDIX "D"**

**[ATTACHED]**

Appendix "D"

**Eligibility Requirements and Procedure with Respect to Hardship Payment Applications**

1. **Eligibility** – A former employee would be eligible for hardship payments if he or she is resident in Canada and has no available source of income, being all monies receivable by the former employee including, without limitation, employment income such as wages, salary or bonuses, consulting income, or pension or disability payments or income replacement payments ("Income"), or Income of a spouse, as of the date of the application and has no reasonable expectation of being in receipt of Income during the Application Period (referred to below) and:

   a. The former employee is unable to work due to illness or is incurring costs in excess of 25% of his or her EI payments as a result of treatment for illness or healthcare costs, or as a result of the illness of a family member who is dependent on the former employee for support; or

   b. During the Application Period the former employee is not receiving a Nortel pension or employment insurance (EI) as a result of ineligibility for EI or exhaustion of EI benefits, and demonstrates some other significant hardship in dealing with financial obligations.

2. **Application Process** – Notice of the application process will be posted on the Monitor's website and the website of the Nortel Retiree Protection Committee (NRPC) in a form approved by the Court. An applicant would be required to complete an application form (to be approved by the Court) to be submitted to a person designated by the Monitor. The person so designated would be expected to deal with completed applications within 14 to 21 days and to make an initial determination to approve or reject the application. The first payment will proceed within seven business days subject to the payment parameters set out below. If not approved, the application is to be reviewed by an informal committee and the applicant will be given the right to be heard by the committee. The committee will be composed of one company appointee, one appointee of the Monitor and one appointee chosen by the NRPC, who will be compensated for his time on an hourly basis. A further appeal may be brought to the Court or an officer of the Court designated by the presiding judge, costs to be determined by the Court on the application.

3. **Payment Parameters** – Any successful applicant may be approved for a maximum payment of up to 8 weeks salary based on a maximum weekly salary of up to $1,200 per week payable in monthly instalments. The hardship committee will also have discretion to approve additional amounts in cases of medical and other emergencies in an amount up to $2,500.

4. **Application Period** – From the date of court approval to October 29, 2010.

5. **Miscellaneous**

   a. Hardship Payments are advances against distributions on claims, and will be deducted from any payments on claims that may be allowed in the ultimate claims process in these proceedings.

   b. The Monitor shall report to the Court on or before October 29, 2010 with respect to the processing and administration of hardship payment applications.

   c. The aggregate maximum amount available for hardship payments on applications approved during the Application Period is $750,000.

## APPENDIX "E"

## [ATTACHED]

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re*: | ) | |
| | ) | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | ) | |
| | ) | Case No. 09-10138 (KG) |
| Debtors. | ) | |
| | ) | Jointly Administered |
| ------------------------------------------------) | | |

### JOINT CHAPTER 11 PLAN OF
### NORTEL NETWORKS INC. AND ITS AFFILIATED DEBTORS

**James L. Bromley, Esq. (admitted *pro hac vice*)**
**Lisa M. Schweitzer, Esq. (admitted *pro hac vice*)**
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
**One Liberty Plaza**
**New York, NY 10006**


-and-

**Derek C. Abbott, Esq. (No. 3376)**
**Eric D. Schwartz, Esq. (No. 3134)**
**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
**1201 North Market Street, 18th Floor**
**P.O. Box 1347**
**Wilmington, DE 19899**


Attorneys for the Debtors and
Debtors-in-Possession

Dated: July 12, 2010

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

# TABLE OF CONTENTS

**Page**

### ARTICLE 1.
### DEFINITIONS, INTERPRETATION AND RULES OF CONSTRUCTION

Definitions..................................................................................................................... 2

### ARTICLE 2.
### TREATMENT OF UNCLASSIFIED CLAIMS

| | | |
|---|---|---|
| 2.1 | Administrative Expense Claims.................................................................. | 16 |
| 2.2 | Statutory Fees............................................................................................. | 17 |
| 2.3 | Professional Claims .................................................................................... | 17 |
| 2.4 | Priority Tax Claims..................................................................................... | 17 |

### ARTICLE 3.
### CLASSIFICATION OF CLAIMS AND INTERESTS

| | | |
|---|---|---|
| 3.1 | NNI .............................................................................................................. | 17 |
| 3.2 | NNCALA ...................................................................................................... | 18 |
| 3.3 | NNCC ........................................................................................................... | 18 |
| 3.4 | Nortel Alt .................................................................................................... | 18 |
| 3.5 | Nortel Alt Int'l ........................................................................................... | 18 |
| 3.6 | Xros.............................................................................................................. | 18 |
| 3.7 | Sonoma ........................................................................................................ | 19 |
| 3.8 | Qtera............................................................................................................ | 19 |
| 3.9 | CoreTek........................................................................................................ | 19 |
| 3.10 | NN Applications .......................................................................................... | 19 |
| 3.11 | NN Optical................................................................................................... | 19 |
| 3.12 | NN HPOCS ................................................................................................... | 20 |
| 3.13 | Architel ....................................................................................................... | 20 |
| 3.14 | NNII.............................................................................................................. | 20 |
| 3.15 | NTI................................................................................................................ | 20 |
| 3.16 | NN Cable ..................................................................................................... | 20 |

### ARTICLE 4.
### TREATMENT OF CLAIMS AGAINST AND INTERESTS IN DEBTORS

| | | |
|---|---|---|
| 4.1 | NNI Class 1 – Priority Non-Tax Claims against NNI .................................... | 21 |
| 4.2 | NNI Class 2 – Secured Claims against NNI .................................................. | 21 |

i

**TABLE OF CONTENTS**
(continued)

Page

| | | |
|---|---|---|
| 4.3 | NNI Class 3 – General Unsecured Claims against NNI | 21 |
| 4.4 | NNI Class 4 – Subordinated Claims against NNI | 22 |
| 4.5 | NNI Class 5A – NNI Interests | 22 |
| 4.6 | NNI Class 5B – NNI Interests Securities Fraud Claims | 22 |
| 4.7 | NNCALA Class 1 – Priority Non-Tax Claims against NNCALA | 23 |
| 4.8 | NNCALA Class 2 – Secured Claims against NNCALA | 23 |
| 4.9 | NNCALA Class 3 – General Unsecured Claims against NNCALA | 23 |
| 4.10 | NNCALA Class 4 – Subordinated Claims against NNCALA | 23 |
| 4.11 | NNCALA Class 5A – NNCALA Interests | 24 |
| 4.12 | NNCALA Class 5B – NNCALA Interests Securities Fraud Claims | 24 |
| 4.13 | NNCC Class 1 – Priority Non-Tax Claims against NNCC | 24 |
| 4.14 | NNCC Class 2 – Secured Claims against NNCC | 25 |
| 4.15 | NNCC Class 3 – General Unsecured Claims against NNCC | 25 |
| 4.16 | NNCC Class 4 – Subordinated Claims against NNCC | 25 |
| 4.17 | NNCC Class 5A – NNCC Interests | 25 |
| 4.18 | NNCC Class 5B – NNCC Interests Securities Fraud Claims | 26 |
| 4.19 | Nortel Alt Class 1 – Priority Non-Tax Claims against Nortel Alt | 26 |
| 4.20 | Nortel Alt Class 2 – Secured Claims against Nortel Alt | 26 |
| 4.21 | Nortel Alt Class 3 – General Unsecured Claims against Nortel Alt | 27 |
| 4.22 | Nortel Alt Class 4 – Subordinated Claims against Nortel Alt | 27 |
| 4.23 | Nortel Alt Class 5A – Nortel Alt Interests | 27 |
| 4.24 | Nortel Alt Class 5B – Nortel Alt Interests Securities Fraud Claims | 27 |
| 4.25 | Nortel Alt Int'l Class 1 – Priority Non-Tax Claims against Nortel Alt Int'l | 28 |
| 4.26 | Nortel Alt Int'l Class 2 – Secured Claims against Nortel Alt Int'l | 28 |
| 4.27 | Nortel Alt Int'l Class 3 – General Unsecured Claims against Nortel Alt Int'l | 28 |
| 4.28 | Nortel Alt Int'l Class 4 – Subordinated Claims against Nortel Alt Int'l | 29 |
| 4.29 | Nortel Alt Int'l Class 5A – Nortel Alt Int'l Interests | 29 |
| 4.30 | Nortel Alt Int'l Class 5B – Nortel Alt Int'l Interests Securities Fraud Claims | 29 |
| 4.31 | Xros Class 1 – Priority Non-Tax Claims against Xros | 29 |
| 4.32 | Xros Class 2 – Secured Claims against Xros | 30 |

ii

**TABLE OF CONTENTS**
(continued)

Page

4.33    Xros Class 3 – General Unsecured Claims against Xros ...................................... 30

4.34    Xros Class 4 – Subordinated Claims against Xros ......................................... 30

4.35    Xros Class 5A – Xros Interests ................................................. 31

4.36    Xros Class 5B – Xros Interests Securities Fraud Claims................................. 31

4.37    Sonoma Class 1 – Priority Non-Tax Claims against Sonoma ......................... 31

4.38    Sonoma Class 2 – Secured Claims against Sonoma ..................................... 31

4.39    Sonoma Class 3 – General Unsecured Claims against Sonoma ..................... 32

4.40    Sonoma Class 4 – Subordinated Claims against Sonoma............................... 32

4.41    Sonoma Class 5A – Sonoma Interests ....................................................... 32

4.42    Sonoma Class 5B – Sonoma Interests Securities Fraud Claims ..................... 32

4.43    Qtera Class 1 -- Priority Non-Tax Claims against Qtera.................................. 33

4.44    Qtera Class 2 – Secured Claims against Qtera........................................... 33

4.45    Qtera Class 3 – General Unsecured Claims against Qtera.............................. 33

4.46    Qtera Class 4 – Subordinated Claims against Qtera ..................................... 34

4.47    Qtera Class 5A – Qtera Interests............................................................ 34

4.48    Qtera Class 5B – Qtera Interests Securities Fraud Claims ............................ 34

4.49    CoreTek Class 1 -- Priority Non-Tax Claims against CoreTek......................... 34

4.50    CoreTek Class 2 – Secured Claims against CoreTek ................................... 35

4.51    CoreTek Class 3 – General Unsecured Claims against CoreTek ..................... 35

4.52    CoreTek Class 4 – Subordinated Claims against CoreTek ............................ 35

4.53    CoreTek Class 5A – CoreTek Interests .................................................... 36

4.54    CoreTek Class 5B – CoreTek Interests Securities Fraud Claims ................... 36

4.55    NN Applications Class 1 – Priority Non-Tax Claims against NN Applications ............ 36

4.56    NN Applications Class 2 – Secured Claims against NN Applications........................... 36

4.57    NN Applications Class 3 – General Unsecured Claims against NN Applications .......... 37

4.58    NN Applications Class 4 – Subordinated Claims against NN Applications ................... 37

4.59    NN Applications Class 5A – NN Applications Interests.................................. 37

4.60    NN Applications Class 5B – NN Applications Interests Securities Fraud Claims.......... 38

4.61    NN Optical Class 1 -- Priority Non-Tax Claims against NN Optical .............................. 38

4.62    NN Optical Class 2 – Secured Claims against NN Optical ............................................. 38

iii

# TABLE OF CONTENTS
(continued)

Page

4.63    NN Optical Class 3 – General Unsecured Claims against NN Optical ........................... 39

4.64    NN Optical Class 4 – Subordinated Claims against NN Optical .................................... 39

4.65    NN Optical Class 5A – NN Optical Interests ................................................................. 39

4.66    NN Optical Class 5B – NN Optical Interests Securities Fraud Claims .......................... 39

4.67    NN HPOCS Class 1 – Priority Non-Tax Claims against NN HPOCS ........................... 40

4.68    NN HPOCS Class 2 – Secured Claims against NN HPOCS .......................................... 40

4.69    NN HPOCS Class 3 – General Unsecured Claims against NN HPOCS ......................... 40

4.70    NN HPOCS Class 4 – Subordinated Claims against NN HPOCS .................................. 40

4.71    NN HPOCS Class 5A – NN HPOCS Interests ............................................................... 41

4.72    NN HPOCS Class 5B – NN HPOCS Interests Securities Fraud Claims ........................ 41

4.73    Architel Class 1 – Priority Non-Tax Claims against Architel ....................................... 41

4.74    Architel Class 2 – Secured Claims against Architel ...................................................... 42

4.75    Architel Class 3 – General Unsecured Claims against Architel ..................................... 42

4.76    Architel Class 4 – Subordinated Claims against Architel .............................................. 42

4.77    Architel Class 5A – Architel Interests .......................................................................... 42

4.78    Architel Class 5B – Architel Interests Securities Fraud Claims .................................... 43

4.79    NNII Class 1 – Priority Non-Tax Claims against NNII ................................................. 43

4.80    NNII Class 2 – Secured Claims against NNII ............................................................... 43

4.81    NNII Class 3 – General Unsecured Claims against NNII ............................................... 44

4.82    NNII Class 4 – Subordinated Claims against NNII ....................................................... 44

4.83    NNII Class 5A – NNII Interests .................................................................................... 44

4.84    NNII Class 5B – NNII Interests Securities Fraud Claims ............................................. 44

4.85    NTI Class 1 – Priority Non-Tax Claims against NTI .................................................... 45

4.86    NTI Class 2 – Secured Claims against NTI ................................................................... 45

4.87    NTI Class 3 – General Unsecured Claims against NTI .................................................. 45

4.88    NTI Class 4 – Subordinated Claims against NTI ........................................................... 46

4.89    NTI Class 5A – NTI Interests ....................................................................................... 46

4.90    NTI Class 5B – NTI Interests Securities Fraud Claims ................................................. 46

4.91    NN Cable Class 1 – Priority Non-Tax Claims against NN Cable .................................. 46

4.92    NN Cable Class 2 – Secured Claims against NN Cable ................................................. 47

**TABLE OF CONTENTS**
(continued)

Page

4.93    NN Cable Class 3 – General Unsecured Claims against NN Cable ............................... 47

4.94    NN Cable Class 4 – Subordinated Claims against NN Cable.......................................... 47

4.95    NN Cable Class 5A – NN Cable Interests ...................................................................... 48

4.96    NN Cable Class 5B – NN Cable Interests Securities Fraud Claims ............................... 48

ARTICLE 5.
IMPLEMENTATION OF THE PLAN

5.1    Plan Administrator ............................................................................................................. 48

5.2    Plan Advisory Committee................................................................................................... 49

5.3    Closing of Chapter 11 Case ............................................................................................... 50

ARTICLE 6.
CORPORATE FORM AND ACTION

6.1    NNI Corporate Form and Vesting...................................................................................... 50

6.2    Reorganized Subsidiaries Corporate Form and Vesting.................................................... 51

6.3    Dissolution of the Liquidating Debtors.............................................................................. 51

6.4    Post-Effective Date Management ....................................................................................... 51

6.5    Corporate Existence ........................................................................................................... 52

6.6    Certificate of Incorporation or Certificate of Formation .................................................. 52

6.7    Wind-Down......................................................................................................................... 53

6.8    Other Corporate Action...................................................................................................... 53

ARTICLE 7.
TREATMENT OF EXECUTORY CONTRACTS

7.1    Previous Assumption, Assignment and Rejection.............................................................. 53

7.2    Assumption and Assignment of Remaining Contracts ...................................................... 53

7.3    Cure Payments; Assurance of Performance....................................................................... 54

7.4    Objections to Assumption of Remaining Contracts........................................................... 54

7.5    Rejection ............................................................................................................................. 55

7.6    Approval of Rejection; Rejection Damages Claims Bar Date............................................ 55

7.7    Postpetition Modification of Executory Contracts ............................................................ 55

7.8    Pre-existing Obligations to the Debtors under Executory Contracts ................................ 56

v

## TABLE OF CONTENTS
### (continued)

<b>Page</b>

ARTICLE 8.
PROVISIONS REGARDING VOTING AND DISTRIBUTIONS UNDER THE PLAN

| | | |
|---|---|---|
| 8.1 | Voting of Claims | 56 |
| 8.2 | Nonconsensual Confirmation | 56 |
| 8.3 | Distributions of Creditor Proceeds | 56 |
| 8.4 | Minimum Distribution and Manner of Payment | 57 |
| 8.5 | Distributions to Indenture Trustees | 57 |
| 8.6 | Limitation on Recovery | 57 |
| 8.7 | Distributions Free and Clear | 57 |
| 8.8 | Delivery of Distributions and Undeliverable Distributions | 57 |
| 8.9 | Withholding and Reporting Requirements | 58 |
| 8.10 | Time Bar to Cash Payment Rights | 58 |
| 8.11 | Setoffs and Recoupment | 58 |
| 8.12 | Distribution Record Date | 59 |
| 8.13 | Allocation of Distributions | 59 |
| 8.14 | Cancellation of Notes, Instruments and Debentures | 59 |

ARTICLE 9.
PROCEDURES FOR TREATING DISPUTED CLAIMS

| | | |
|---|---|---|
| 9.1 | Objections | 60 |
| 9.2 | No Distributions Pending Allowance | 60 |
| 9.3 | Estimation of Claims | 60 |
| 9.4 | Resolution of Disputed Claims | 60 |
| 9.5 | No Interest | 61 |
| 9.6 | Reserve Account for Disputed Claims | 61 |
| 9.7 | Investment of Disputed Claims Reserve | 61 |
| 9.8 | Release of Funds from the Disputed Claims Reserve | 61 |

ARTICLE 10.
CONDITIONS PRECEDENT

| | | |
|---|---|---|
| 10.1 | Conditions to Confirmation | 62 |
| 10.2 | Conditions to the Effective Date | 62 |
| 10.3 | Waiver of Conditions | 62 |

**TABLE OF CONTENTS**
(continued)

Page

10.4    Notice of Effective Date ............................................................................ 63

ARTICLE 11.
EFFECT OF CONFIRMATION

11.1    Jurisdiction of Court .................................................................................. 63

11.2    Binding Effect ........................................................................................... 63

11.3    Discharge of Debtors ................................................................................. 63

11.4    Limited Release of Directors, Officers and Employees ............................ 64

11.5    Exculpation ............................................................................................... 65

11.6    Injunction on Claims ................................................................................. 65

11.7    Terms of Injunctions or Stays ................................................................... 66

11.8    Retention of Litigation Claims and Reservation of Rights ....................... 66

11.9    Retention of Rights ................................................................................... 67

11.10   Vesting ...................................................................................................... 67

ARTICLE 12.
RETENTION OF JURISDICTION

Retention of Jurisdiction ...................................................................................... 67

ARTICLE 13.
MISCELLANEOUS PROVISIONS

13.1    Plan Supplement ....................................................................................... 69

13.2    Modification of the Plan ........................................................................... 69

13.3    Revocation or Withdrawal of the Plan ..................................................... 69

13.4    Insurance Preservation .............................................................................. 70

13.5    Exemption from Certain Transfer Taxes ................................................... 70

13.6    Exemption from Registration .................................................................... 70

13.7    Governing Law .......................................................................................... 70

13.8    No Admissions ........................................................................................... 70

13.9    Severability of Plan Provisions ................................................................ 70

13.10   Successors and Assigns ............................................................................. 71

13.11   Defenses with Respect to Unimpaired Claims .......................................... 71

13.12   No Injunctive Relief .................................................................................. 71

13.13   Payment of Statutory Fees ........................................................................ 71

vii

# TABLE OF CONTENTS
(continued)

Page

13.14  Saturday, Sunday or Legal Holiday ................................................................. 71

13.15  Dissolution of Creditors' Committee .............................................................. 71

13.16  Notices ............................................................................................................ 71

## INTRODUCTION

Nortel Networks Inc. ("NNI"), a Delaware corporation, and its affiliated Debtors and Debtors-in-Possession listed in Exhibit A hereto (collectively with NNI, the "Debtors") propose this Joint Chapter 11 Plan of Nortel Networks Inc. and its affiliated Debtors (the "Plan") for the resolution and satisfaction of all Claims against and Interests in the Debtors. The Debtors are the proponents of this Plan within the meaning of section 1129 of the Bankruptcy Code. All capitalized terms not defined in this introduction have the meanings ascribed to them in Article 1 of this Plan.

Although the Chapter 11 Cases are jointly administered pursuant to an order of the Bankruptcy Court, the Debtors are not currently proposing the substantive consolidation of their respective Estates. Thus, although the Plan generally applies to all of the Debtors, except where otherwise indicated, (i) the Plan constitutes 16 distinct chapter 11 plans, one for each Debtor; (ii) for voting purposes, each holder of a Claim in a Class shall vote its Claim in such Class by individual Debtor; and (iii) the classification scheme set forth in Article 3 hereof applies to each Debtor; but to the extent there are no Claims in a certain Class against a particular Debtor, that Class shall be deemed not to exist for any purpose whatsoever in respect of that Debtor. A list of each Debtor which is a proponent of the Plan contained herein, and its corresponding Chapter 11 Case docket number, is attached hereto as Exhibit A.

Under section 1125(b) of the Bankruptcy Code, a vote to accept or reject the Plan may not be solicited from holders of Claims and/or Interests until such time as the Disclosure Statement relating to the Plan is approved by the Bankruptcy Court. THE DEBTORS URGE ALL HOLDERS OF CLAIMS ENTITLED TO VOTE ON THE PLAN TO READ THE PLAN AND THE DISCLOSURE STATEMENT IN THEIR ENTIRETY BEFORE VOTING TO ACCEPT OR REJECT THE PLAN. To the extent, if any, that the Disclosure Statement is inconsistent with the Plan, the Plan will govern. No solicitation materials, other than the Disclosure Statement and any schedules, exhibits and other documents attached thereto or referenced therein or otherwise enclosed with the Disclosure Statement served by the Debtors on interested parties, have been authorized by the Debtors or the Bankruptcy Court for use in soliciting acceptances of the Plan. Subject to certain restrictions and requirements set forth in section 1127 of the Bankruptcy Code, Bankruptcy Rule 3019 and Article 13 of this Plan, each of the Debtors expressly reserves the right to alter, amend, modify, revoke or withdraw this Plan with respect to such Debtor, one or more times, prior to its substantial consummation.

## ARTICLE 1.
## DEFINITIONS, INTERPRETATION AND RULES OF CONSTRUCTION

**A.    Scope of Definitions.** For the purposes of this Plan, except as expressly provided or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings ascribed to them in this Article 1 of the Plan. Any term used in this Plan that is not defined herein, but is defined in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules, respectively. Whenever the context requires, capitalized terms shall include the plural as well as the singular number, the masculine gender shall include the feminine, and the feminine gender shall include the masculine.

**B.    Definitions.**  In addition to such other terms as are defined in other Sections of the Plan, the following terms (which appear in the Plan as capitalized terms) shall have the meanings ascribed to them in this Article 1 of the Plan.

**1.1    363 Sale(s)** means, individually, each of the sales pursuant to section 363(b) of the Bankruptcy Code identified in <u>Exhibit B</u> and, collectively, all of them.

**1.2    363 Sale Agreement(s)** means, individually, each of the agreements relating to the 363 Sales and, collectively, all of them.

**1.3    363 Sale Order(s)** means, individually, each of the orders entered by the Bankruptcy Court relating to the 363 Sales identified in <u>Exhibit C</u> and, collectively, all of them.

**1.4    Ad Hoc Group of Bondholders** means the steering committee members of the ad hoc group of bondholders which have executed or in the future execute confidentiality or nondisclosure agreements with the Debtors and the Canadian Petitioners.

**1.5    Administrative Expense Claim** means any right to payment for any cost or expense of administration (including Professional Claims) of any of the Chapter 11 Cases asserted or arising under sections 503(b), 507(a)(2) or 507(b) of the Bankruptcy Code up to and including the Effective Date, including, to the extent allowable under such sections, any (i) actual and necessary cost or expense of preserving the Debtors' Estates or operating the business of the Debtors arising on or after the Petition Date, (ii) payment to be made under this Plan to cure a default under an executory contract or unexpired lease that is assumed pursuant to section 365 of the Bankruptcy Code, (iii) compensation or reimbursement of expenses of Professionals arising on or after the Petition Date, to the extent allowed by the Bankruptcy Court under section 330(a) or section 331 of the Bankruptcy Code and (iv) fees or charges assessed against the Debtors' Estates under section 1930, chapter 123 of title 28 of the United States Code.

**1.6    Administrative Expense Claims Bar Date** means the deadline for filing an Administrative Expense Claim, other than a Professional Claim, which Claims must be Filed so as to be actually received by the Bankruptcy Court on or before 5:00 p.m., prevailing Eastern Standard Time, on the date that is the first Business Day that is thirty (30) days following the Effective Date, unless otherwise ordered by the Bankruptcy Court.

**1.7    Affiliate** shall have the meaning as set forth in section 101(2) of the Bankruptcy Code.

**1.8    Allocation Proceeds** means the amount of each applicable Debtor's allocated share of the proceeds from the 363 Sales.

**1.9    Allowed** means, with reference to any Claim against the Debtors, (a) any Claim that has been listed by the Debtors in their Schedules, as such Schedules may be amended by the Debtors from time to time in accordance with Bankruptcy Rule 1009, as liquidated in amount and not disputed or contingent and for which no contrary proof of claim has been Filed within the periods of limitation fixed by the Plan, the Bankruptcy Code, or by any order of the Bankruptcy Court, (b) any Claim allowed hereunder, (c) any Claim that is not a Disputed Claim,

2

(d) any Claim that is compromised, settled, or otherwise resolved pursuant to the authority granted to the Debtors pursuant to a Final Order of the Bankruptcy Court or under Article 9 of the Plan or (e) any Claim that, if it is a Disputed Claim, has been allowed by a Final Order; *provided*, *however*, that Claims allowed solely for the purpose of voting to accept or reject the Plan pursuant to an order of the Bankruptcy Court shall not be considered "Allowed Claims" hereunder. Unless otherwise specified herein or by order of the Bankruptcy Court, "Allowed Administrative Expense Claim" or "Allowed Claim" shall not, for any purpose under the Plan, include interest on such Administrative Expense Claim or Claim from and after the Petition Date.

      **1.10    Architel** means Architel Systems (U.S.) Corporation, a Delaware corporation.

      **1.11    Assets** means, with respect to a Debtor, (a) all "property" of such Debtor's Estate, as defined in section 541 of the Bankruptcy Code and (b) all Causes of Action that have been or may be commenced by such Debtor-in-Possession or its authorized representative for the benefit of such Debtor's Estate, unless modified pursuant to the Plan or a Final Order.

      **1.12    Available Cash** means (a) all Cash of a Debtor, including, but not limited to, the Cash realized from its business operations, the sale or other disposition of its Assets, the Allocation Proceeds, the Residual Assets Proceeds, the interest earned on invested funds, Cash on hand, recoveries from Litigation Claims and from any other source or otherwise, less (b) the amount of Cash estimated and reserved by such Debtor and the Plan Administrator in accordance with the Plan Administration Agreement to (i) adequately fund the reasonable and necessary projected costs to carry out the provisions of the Plan with respect to such Debtor on and after the Effective Date, (ii) pay holders of all Disputed Claims against such Debtor the amount such holders would be entitled to receive under the Plan if all such Disputed Claims were to become Allowed Claims, (iii) pay all fees payable under section 1930, chapter 123 of title 28 of the United States Code and (iv) pay all other amounts required to be paid to manage and/or liquidate such Debtor's Assets on and after the Effective Date.

      **1.13    Avoidance Actions** means any actions commenced or that may be commenced before or after the Effective Date pursuant to sections 544, 545, 547, 548, 549, 550 or 551 of the Bankruptcy Code.

      **1.14    Bankruptcy Code** means title 11 of the United States Code, as in effect on the Petition Date and as thereafter amended, as applicable in the Chapter 11 Cases.

      **1.15    Bankruptcy Court** means the United States Bankruptcy Court for the District of Delaware or any other court of the United States having jurisdiction over the Chapter 11 Cases.

      **1.16    Bankruptcy Rules** means the Federal Rules of Bankruptcy Procedure and any local rules of the Bankruptcy Court, as in effect on the Petition Date and as thereafter amended.

      **1.17    Business Day** means any day other than a Saturday, Sunday or a "legal holiday" (as such term is defined in Bankruptcy Rule 9006(a)).

**1.18    Canadian Bankruptcy Court** means the Ontario Superior Court of Justice having jurisdiction over the CCAA Proceedings.

**1.19    Canadian Petitioners** means NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

**1.20    Cash** means legal tender accepted in the United States of America for the payment of public and private debts, currently denominated in United States Dollars.

**1.21    Causes of Action** means, without limitation, any and all actions, causes of action, controversies, liabilities, obligations, rights, suits, damages, judgments, claims and demands whatsoever, whether known or unknown, reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, secured or unsecured, assertable directly or derivatively, existing or hereafter arising, in law, equity or otherwise, based in whole or in part upon any act or omission or other event occurring prior to or during the course of the Chapter 11 Cases through the Effective Date.

**1.22    CCAA Proceedings** means the proceedings commenced in the Canadian Bankruptcy Court by the Canadian Petitioners under the Companies' Creditors Arrangement Act (Canada), R.S.C. 1985, c. C-36, as amended.

**1.23    Chapter 11 Cases** means the chapter 11 cases of the Debtors pending before the Bankruptcy Court as set forth in Exhibit A hereto and as jointly administered with one another under Case No. 09-10138 (KG), and as to any Debtor individually, a chapter 11 case.

**1.24    Claim** means a right of an Entity against the Debtors, or any one of them, whether or not asserted or Allowed, of the type described in section 101(5) of the Bankruptcy Code, as construed pursuant to section 102(2) of the Bankruptcy Code.

**1.25    Claims Agent** means Epiq Bankruptcy Solutions, LLC, the claims and noticing agent retained in the Chapter 11 Cases, or any successor thereto.

**1.26    Class** means a group of Claims or Interests as classified in a particular class under the Plan pursuant to section 1122 of the Bankruptcy Code.

**1.27    Collateral** means any property or interest in property of the Estates of the Debtors subject to a Lien to secure the payment of a Claim, which Lien is not subject to avoidance or otherwise invalid and unenforceable under the Bankruptcy Code or applicable non-bankruptcy law.

**1.28    Confirmation** means entry of the Confirmation Order by the Bankruptcy Court.

**1.29    Confirmation Date** means the date on which the Bankruptcy Court enters the Confirmation Order on its docket, within the meaning of Bankruptcy Rules 5003 and 9021.

4

**1.30    Confirmation Hearing** means the duly noticed hearing held by the Bankruptcy Court to consider Confirmation of the Plan pursuant to section 1128 of the Bankruptcy Code, including any continuances thereof.

**1.31    Confirmation Order** means the order of the Bankruptcy Court confirming the Plan pursuant to section 1129 of the Bankruptcy Code as applicable to each Debtor.

**1.32    Controlled Non-Debtor Affiliate** means any non-Debtor Entity that is managed and controlled by the Reorganized Debtors.

**1.33    CoreTek** means CoreTek, Inc., a Delaware corporation.

**1.34    Creditor** means any Entity that holds a Claim against any of the Debtors.

**1.35    Creditors' Committee** means the statutory committee of unsecured creditors appointed in the Chapter 11 Cases pursuant to section 1102 of the Bankruptcy Code.

**1.36    Creditor Proceeds** means Available Cash and non-Cash proceeds (including, without limitation, any securities or other interests) of the sale of Residual Assets.

**1.37    Cross Border Protocol** means that certain Cross-Border Court-to-Court Protocol approved by the Bankruptcy Court in the Cross Border Protocol Orders.

**1.38    Cross Border Protocol Orders** means (a) the Order Pursuant to 11 U.S.C §§ 105(a) Approving Cross-Border Court-to-Court Protocol entered by the Bankruptcy Court on January 15, 2009 [Docket No. 54], as may be amended, supplemented or modified from time to time, and (b) the Order Approving Stipulation of the Debtors and the Official Committee of Unsecured Creditors of Nortel Networks Inc., et al., Amending the Cross-Border Court-to-Court Protocol entered by the Bankruptcy Court on June 26, 2009 [Docket No. 990], as may be amended, supplemented or modified from time to time.

**1.39    Debtor(s)** or **Debtor(s)-in-Possession** means, individually, NNI and each debtor listed in Exhibit A hereto, and collectively all of them, including in their capacity as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

**1.40    Deficiency Claim** means with respect to any Claim secured by a Lien in any property of any Debtor having a value of less than the amount of such Claim (after taking into account other Liens of higher priority in such property), the portion of such Claim equal to the difference between (a) the Allowed amount of the Claim and (b) the Allowed amount of the secured portion of such Claim (which Allowed secured amount may be set pursuant to this Plan).

**1.41    Disbursing Agent** means the Plan Administrator or any party designated by the Debtors to serve as their disbursing agent under the Plan.

**1.42    Disclosure Statement** means the written disclosure statement that relates to this Plan Filed in the Chapter 11 Cases by the Debtors, including the schedules and exhibits

5

attached thereto, as it may be amended, modified or supplemented from time to time, as approved by the Bankruptcy Court pursuant to section 1125 of the Bankruptcy Code.

**1.43    Disputed Claim** means a Claim or Interest, respectively, that the Debtors have Scheduled as "disputed," "contingent" or "unliquidated," or as to which a proof of claim or proof of interest has been Filed or deemed Filed as contingent or as to which an objection has been or may be timely Filed by the Debtors or any other party in interest entitled to do so, which objection, if timely Filed, has not been withdrawn or has not been overruled or denied by a Final Order.

**1.44    Disputed Claims Reserve** means, in the event there exists any Disputed Claim against a Debtor on or after the Effective Date, Cash to be set aside by the Plan Administrator in a separate account corresponding to such Debtor in an amount sufficient to pay the Pro Rata Share of any Distributions such Disputed Claims would be entitled to if such Disputed Claims become Allowed Claims of such Debtor in accordance with the provisions of the Plan.

**1.45    Distribution** means any payment or transfer made under the Plan.

**1.46    Distribution Record Date** means the record date for the purposes of making Distributions under the Plan on account of Allowed Claims (except with respect to the NNCC 2026 Notes), which date shall be the Effective Date.

**1.47    DTC** means The Depository Trust and Clearing Corporation.

**1.48    Effective Date** means the date selected by the Debtors that is the later of (a) at least sixty (60) days following occurrence of the Confirmation Date; and (b) no more than five (5) Business Days following the first date on which no stay of the Confirmation Order is in effect and all conditions to the Effective Date set forth in Article 10 of the Plan have been satisfied with respect to a Debtor or, if waivable, waived pursuant to Section 10.3 hereof.

**1.49    EMEA Debtors** means, collectively, Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks OY, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

**1.50    Entity** means an entity as defined in section 101(15) of the Bankruptcy Code.

**1.51    Estate** means, with regard to each Debtor, the estate that was created by the commencement by such Debtor of its Chapter 11 Case pursuant to section 541 of the Bankruptcy Code, and shall be deemed to include, without limitation, any and all rights, powers and privileges of such Debtor and any and all Assets and interests in property, whether real, personal or mixed, rights, Causes of Action, avoidance powers or extensions of time that such Debtor or such estate shall have had as of the Petition Date, or which such Estate acquired after

**1.52**    **File** or **Filed** means file or filed on the docket of the Bankruptcy Court or its authorized designee in the Chapter 11 Cases.

**1.53**    **Final Distribution Date** means the date upon which the last Distribution with respect to a Debtor is made.  As determined by the Plan Administrator, the Final Distribution Date shall be a date (a) which is after the liquidation into Cash of all Residual Assets of the relevant Reorganized Debtor (other than those Residual Assets abandoned by such Reorganized Debtor) and the collection of other sums due or otherwise remitted or returned to the relevant Estate and (b) on or after the date upon which the Plan Administrator or Disbursing Agent makes a final Distribution with respect to such Debtor from the Disputed Claims Reserve.

**1.54**    **Final Order** means an order or judgment of the Bankruptcy Court, or other court of competent jurisdiction, as entered on the docket in any Chapter 11 Case or the docket of any other U.S. court of competent jurisdiction, that has not been reversed, stayed, modified or amended, and as to which the time to appeal or seek *certiorari* or move for a new trial, reargument or rehearing has expired, and no appeal or petition for certiorari or other proceedings for a new trial, reargument or rehearing has been timely taken, or as to which any appeal that has been taken or any petition for *certiorari* that has been timely Filed has been withdrawn or resolved by the highest court to which the order or judgment was appealed, or from which *certiorari* was sought or the new trial reargument or rehearing has been denied or resulted in no modification of such order, *provided*, *however*, that the possibility that a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules or applicable state court rules of civil procedure, may be Filed with respect to such order and shall not cause such order not to be a Final Order.

**1.55**    **Foreign Proceeding** means each of the proceedings identified in Exhibit D.

**1.56**    **General Securities Fraud Claims** means the Claims, including unknown claims, demands, rights, liabilities and Causes of Action of any kind whatsoever, known or unknown, which have been or could be asserted in a direct, derivative or other capacity against any Debtor arising out of, relating to or in connection with (a) the purchase, sale or other decision or action made or taken, or declared, failed or refused to be made or taken, or otherwise foregone, concerning or relating to the Senior Notes; (b) the purchase, ownership or sale of the Senior Notes; and (c) any other claims arising out of, relating to or in connection with the Senior Notes that would be subject to subordination under section 510(b) of the Bankruptcy Code. General Securities Fraud Claims do not include claims for payment for principal, interest, fees or expenses due under the Senior Notes.

**1.57**    **General Unsecured Claims** means all Unsecured Claims against the Debtors other than the Subordinated Claims and the Interests Securities Fraud Claims.

**1.58**    **Governmental Unit** shall have the meaning assigned to such term in section 101(27) of the Bankruptcy Code.

7

**1.59** **Impaired** shall have the meaning ascribed to it in section 1124 of the Bankruptcy Code when used with reference to a Claim or an Interest.

**1.60** **Intellectual Property** means any and all intellectual property rights in any jurisdiction including, without limitation, rights in or to any of the following: (a) Trademarks; (b) Patents and inventions (whether or not patentable); (c) copyrights and works of authorship of any type in any medium; (d) mask works; (e) trade secrets, know-how and confidential information; (f) databases, including, without limitation, computerized databases and compilations; (g) software and computer programs; and (h) domain names and Internet protocol addresses, including, in each case, any applications or registrations for any of the foregoing.

**1.61** **Intercompany Claims** means any Claim against a Debtor asserted by an Affiliate of the Debtor other than an Administrative Expense Claim, a Priority Non-Tax Claim, a Secured Claim, a Subordinated Claim or an Interests Securities Fraud Claim.

**1.62** **Interest(s)** means shares of common, preferred stock, other form of ownership interest, or any interest or right to convert into such an equity or ownership interest or acquire any equity or ownership interest, including, without limitation, vested and/or unvested restricted stock units, contingent stock awards, contingent equity awards, performance stock units, and stock options or restricted stock awards granted under management ownership plans, stock incentive plans or employee incentive plans, in any Debtor that was in existence immediately prior to or on the Petition Date for such Debtor.

**1.63** **Interests Securities Fraud Claims** means Claims, including unknown claims, demands, rights, liabilities and Causes of Action of any kind whatsoever, known or unknown, that have been or could be asserted in a direct, derivative or other capacity against any Debtor arising out of, relating to or in connection with (a) the purchase, sale or other decision or action made or taken, or declined, failed or refused to be made or taken, or otherwise foregone, concerning or relating to the Interests in such Debtor; (b) the purchase, ownership or sale of such Interests; and (c) any other claims arising out of, relating to or in connection with such Interests that would be subject to subordination under section 510(b) of the Bankruptcy Code.

**1.64** **Interim Settlement and Funding Agreement** means that certain Interim Funding and Settlement Agreement, dated as of June 9, 2009, by and among the Debtors (except NNCALA), the Canadian Petitioners, the EMEA Debtors and Nortel Networks AG.

**1.65** **Lien** means a charge against, interest in or other encumbrance upon property to secure payment of a debt or performance of an obligation.

**1.66** **Liquidating Debtors** means those Debtors identified as "Liquidating Debtors" by notice Filed not later than twenty (20) days prior to the Confirmation Date.

**1.67** **Litigation Claims** means all claims, rights and causes of action of the Debtors and their Estates of every kind or nature whatsoever, whether arising prior to, during or after the Debtors' Chapter 11 Cases (including, without limitation, Intellectual Property enforcement rights and all rights, claims and causes of action arising under sections 544 through 551 of the Bankruptcy Code, except for any Released Claims).

8

**1.68**   **LLC Interests** means the limited liability company interests of the respective Reorganized Subsidiary.

**1.69**   **NN Applications** means Nortel Networks Applications Management Solutions Inc., a Delaware corporation.

**1.70**   **NN Cable** means Nortel Networks Cable Solutions Inc., a Delaware corporation.

**1.71**   **NN HPOCS** means Nortel Networks HPOCS Inc., a Delaware corporation.

**1.72**   **NN Optical** means Nortel Networks Optical Components Inc., a Delaware corporation.

**1.73**   **NNC** means Nortel Networks Corporation, a Canadian corporation.

**1.74**   **NNC 2012 Convertible Notes** means those certain convertible senior notes issued by NNC on March 28, 2007 and guaranteed jointly and severally by NNL and NNI in an aggregate principal amount of $575 million due on April 15, 2012, and bearing an interest rate of 1.75%.

**1.75**   **NNC 2014 Convertible Notes** means those certain convertible senior notes issued by NNC on May 28, 2007 and guaranteed jointly and severally by NNL and NNI in an aggregate principal amount of $575 million due on April 15, 2014, and bearing an interest rate of 2.125%.

**1.76**   **NNC Notes Indenture** means that certain indenture, dated as of March 28, 2007, governing the issuance of the NNC 2012 Convertible Notes and the NNC 2014 Convertible Notes, as amended, supplemented or modified from time to time.

**1.77**   **NNC/NNL Notes Indenture Trustee** means The Bank of New York Mellon (f/k/a The Bank of New York), in its capacity as indenture trustee under the NNC Notes Indenture and NNL Notes Indenture, or any successor thereto.

**1.78**   **NNCALA** means Nortel Networks (CALA), Inc., a Florida corporation.

**1.79**   **NNCC** means Nortel Networks Capital Corporation, a Delaware corporation.

**1.80**   **NNCC 2026 Notes** means those certain senior notes issued by NNCC on February 15, 1996 and guaranteed by NNL in an aggregate principal amount of $150 million due on June 15, 2026, and bearing an interest rate of 7.875%.

**1.81**   **NNCC Notes Indenture** means that certain indenture, dated as of February 15, 1996, governing the issuance of the NNCC 2026 Notes, as amended, supplemented or modified from time to time.

**1.82**    **NNCC Notes Indenture Trustee** means Law Debenture Trust Company of New York, in its capacity as indenture trustee under the NNCC Notes Indenture, or any successor thereto.

**1.83**    **NNCC Notes Guarantee Obligations** means the guarantee, indemnity and other obligations of NNL under the NNCC Notes Indenture.

**1.84**    **NNI** means Nortel Networks Inc., a Delaware corporation.

**1.85**    **NNII** means Nortel Networks International Inc., a Delaware corporation.

**1.86**    **NNL** means Nortel Networks Limited, a Canadian corporation.

**1.87**    **NNL 2011 Notes** means those certain floating rate senior notes issued by NNL on July 5, 2006 and guaranteed jointly and severally by NNC and NNI in an aggregate principal amount of $1 billion due on July 15, 2011.

**1.88**    **NNL 2013 Notes** means those certain senior notes issued by NNL on July 5, 2006 and guaranteed jointly and severally by NNC and NNI in an aggregate principal amount of $550 million due on July 15, 2013, and bearing an interest rate of 10.125%.

**1.89**    **NNL 2016 Notes** means those two tranches of senior notes issued by NNL on July 5, 2006 and May 28, 2008 and guaranteed jointly and severally by NNC and NNI in aggregate principal amounts of $450 million and $675 million, respectively, due on July 15, 2016, and bearing interest rates of 10.75%.

**1.90**    **NNL Notes Indenture** means that certain indenture, dated as of July 5, 2006, governing the issuance of the NNL 2011 Notes, the NNL 2013 Notes and the NNL 2016 Notes, as amended, supplemented or modified from time to time.

**1.91**    **Nortel Alt** means Nortel Altsystems Inc., a Delaware corporation.

**1.92**    **Nortel Alt Int'l** means Nortel Altsystems International Inc., a Delaware corporation.

**1.93**    **NTI** means Northern Telecom International Inc., a Delaware corporation.

**1.94**    **Ordinary Course Professional Order** means the Order Authorizing the Debtors to Retain and Employ Professionals Used in the Ordinary Course of Business *Nunc Pro Tunc* to the Petition Date entered by the Bankruptcy Court on February 5, 2009 [Docket No. 236], as may be amended, supplemented or modified from time to time.

**1.95**    **Patents** mean all national and multinational patents and utility models (petty patents), including without limitation all reissues, divisions, continuations, continuations-in-part, extensions and reexaminations thereof, and all rights therein provided by multinational treaties or conventions.

**1.96    Person** means an individual, a corporation, a limited liability company, a partnership, an association, a joint stock company, a joint venture, an unincorporated organization or a Governmental Unit as defined in section 101(41) of the Bankruptcy Code.

**1.97    Petition Date** means January 14, 2009; *provided*, *however*, that with respect to those Debtors, including NNCALA, that commenced their Chapter 11 Cases subsequent to January 14, 2009, "Petition Date" shall refer to the respective dates on which such Chapter 11 Cases were commenced.

**1.98    Plan** means the chapter 11 plans of the Debtors, collectively, and (where specified herein) as to each of the Debtors, the chapter 11 plan of such Debtor, including without limitation, the Plan Supplement and all exhibits, appendices and schedules hereto and thereto, either in its present form or as the same may be altered, amended, modified or supplemented from time to time in accordance with the provisions of the Plan or the Bankruptcy Code and Bankruptcy Rules.

**1.99    Plan Administration Agreement** means the agreement describing the powers, duties and rights of the Plan Administrator in administering the Plan, which agreement shall be in form and substance satisfactory to the Creditors' Committee and the Ad Hoc Group of Bondholders and in substantially the form included in the Plan Supplement.

**1.100    Plan Administrator** means John J. Ray, III, retained, as of the Effective Date, by the Debtors as the Person responsible for, among other things, the matters described in Section 5.1 hereof.

**1.101    Plan Advisory Committee** means the committee to be deemed founded on the Effective Date and jointly selected by the Creditors' Committee and the Ad Hoc Group of Bondholders in accordance with Section 5.2 hereof.

**1.102    Plan Supplement** means the supplement containing the forms of documents specified in Section 13.1 of the Plan.

**1.103    Priority Non-Tax Claim** means any Claim, other than an Administrative Expense Claim or a Priority Tax Claim, entitled to priority in payment under section 507(a) of the Bankruptcy Code.

**1.104    Priority Tax Claim** means any Claim entitled to priority pursuant to sections 502(i) and 507(a)(8) of the Bankruptcy Code.

**1.105    Pro Rata Share** means proportionately so that the ratio of the amount of consideration distributed on account of a particular Allowed Claim to the amount of the Allowed Claim is the same as the ratio of the amount of consideration distributed on account of all Allowed Claims of the Class in which the particular Allowed Claim is included to the amount of all Allowed Claims of that Class, *provided*, *however*, that no holder of any Allowed Claim shall be entitled to receive aggregate Distributions, including distributions from non-Debtors, in excess of 100% of the amount of such Allowed Claim.

1.106   **Professional** means a Person (a) employed in the Chapter 11 Cases pursuant to a Final Order in accordance with sections 327, 328 and 1103 of the Bankruptcy Code and to be compensated for services rendered prior to the Effective Date, pursuant to sections 327, 328, 329, 330 and 331 of the Bankruptcy Code or (b) for which compensation and reimbursement has been allowed by the Bankruptcy Court pursuant to section 503(b)(4) of the Bankruptcy Code.

1.107   **Professional Claim** means a Claim of a Professional for compensation for services rendered or reimbursement of costs, expenses or other charges incurred after the Petition Date and prior to and including the Effective Date.

1.108   **Purchaser** means the purchasers as defined under each of the 363 Sale Agreements.

1.109   **Qtera** means Qtera Corporation, a Delaware corporation.

1.110   **Reclamation Procedures Order** means the Order Establishing Procedures for Addressing Reclamation Demands entered by the Bankruptcy Court on February 19, 2009 [Docket No. 336], as may be amended, supplemented or modified from time to time.

1.111   **Released Claim** means any claim, right or cause of action of any of the Debtors or their Estates released pursuant to the 363 Sale Agreements, the 363 Sale Orders, the Plan or the Confirmation Order.

1.112   **Remaining Contract** has the meaning set forth in Section 7.1.

1.113   **Reorganized Architel** means a newly formed Delaware limited liability company into which Architel shall transfer its Assets pursuant to the Plan.

1.114   **Reorganized CoreTek** means a newly formed Delaware limited liability company into which CoreTek shall transfer its Assets pursuant to the Plan.

1.115   **Reorganized Debtor(s)** means, individually, Reorganized NNI or any of the Reorganized Subsidiaries and, collectively, Reorganized NNI and all of the Reorganized Subsidiaries.

1.116   **Reorganized NN Applications** means a newly formed Delaware limited liability company into which NN Applications shall transfer its Assets pursuant to the Plan.

1.117   **Reorganized NN Cable** means a newly formed Delaware limited liability company into which NN Cable shall transfer its Assets pursuant to the Plan.

1.118   **Reorganized NN HPOCS** means a newly formed Delaware limited liability company into which NN HPOCS shall transfer its Assets pursuant to the Plan.

1.119   **Reorganized NN Optical** means a newly formed Delaware limited liability company into which NN Optical shall transfer its Assets pursuant to the Plan.

**1.120    Reorganized NNCALA** means a newly formed Delaware limited liability company into which NNCALA shall transfer its Assets pursuant to the Plan.

**1.121    Reorganized NNCC** means a newly formed Delaware limited liability company into which NNCC shall transfer its Assets pursuant to the Plan.

**1.122    Reorganized NNI** means NNI on and after the Effective Date.

**1.123    Reorganized NNII** means a newly formed Delaware limited liability company into which NNII shall transfer its Assets pursuant to the Plan.

**1.124    Reorganized Nortel Alt** means a newly formed Delaware limited liability company into which Nortel Alt shall transfer its Assets pursuant to the Plan.

**1.125    Reorganized Nortel Alt Int'l** means a newly formed Delaware limited liability company into which Nortel Alt Int'l shall transfer its Assets pursuant to the Plan.

**1.126    Reorganized NTI** means a newly formed Delaware limited liability company into which NTI shall transfer its Assets pursuant to the Plan.

**1.127    Reorganized Qtera** means a newly formed Delaware limited liability company into which Qtera shall transfer its Assets pursuant to the Plan.

**1.128    Reorganized Sonoma** means a newly formed Delaware limited liability company into which Sonoma shall transfer its Assets pursuant to the Plan.

**1.129    Reorganized Subsidiary** means, individually, any of Reorganized NNCALA, Reorganized NNCC, Reorganized Nortel Alt, Reorganized Nortel Alt Int'l, Reorganized Xros, Reorganized Sonoma, Reorganized Qtera, Reorganized CoreTek, Reorganized NN Applications, Reorganized NN Optical, Reorganized NN HPOCS, Reorganized Architel, Reorganized NNII, Reorganized NTI and Reorganized NN Cable, and collectively, all of them.

**1.130    Reorganized Xros** means a newly formed Delaware limited liability company into which Xros shall transfer its Assets pursuant to the Plan.

**1.131    Residual Assets** means all Assets of a Reorganized Debtor from and after the Effective Date.

**1.132    Residual Assets Proceeds** means the net Cash proceeds of the Residual Assets of a Reorganized Debtor and any income or proceeds therefrom, as determined in accordance with the Plan Administration Agreement.

**1.133    Scheduled** means as set forth on the Schedules.

**1.134    Schedules** means the Schedules of Assets and Liabilities Filed by the Debtors in accordance with section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, as

13

the same may be amended from time to time prior to the Effective Date in accordance with Bankruptcy Rule 1009.

**1.135  Secured Claim** means any Claim (a) to the extent reflected in the Schedules or upon a proof of claim to which the Debtors have not objected as a Secured Claim, which is secured by a Lien on Collateral to the extent of the value of such Collateral, as determined in accordance with section 506(a) of the Bankruptcy Code or (b) that is subject to a valid right of setoff pursuant to section 553 of the Bankruptcy Code.

**1.136  Security** means any instrument issued by, or interest in, any Debtor of the type described in section 101(49) of the Bankruptcy Code.

**1.137  Senior Notes** means, collectively, the NNC 2012 Convertible Notes, NNC 2014 Convertible Notes, NNCC 2026 Notes, NNL 2011 Notes, NNL 2013 Notes and NNL 2016 Notes.

**1.138  Senior Notes Claims** means any Unsecured Claim that arises out of, or is attributable to, ownership of the Senior Notes, other than General Securities Fraud Claims.

**1.139  Senior Notes NNI Guarantee Claims** means any Unsecured Claim that arises out of, or is attributable to, the Senior Notes NNI Guarantee Obligations other than General Securities Fraud Claims.

**1.140  Senior Notes NNI Guarantee Obligations** means the guarantee, indemnity and other obligations of NNI under the Senior Notes Indentures and the Senior Notes.

**1.141  Senior Notes Indenture(s)** means, individually, the NNC Notes Indenture, NNCC Notes Indenture and NNL Notes Indenture, and collectively, all of them.

**1.142  Sonoma** means Sonoma Systems, a California corporation.

**1.143  Subordinated Claims** means General Securities Fraud Claims and any other Claims, except for Interests Securities Fraud Claims, that would be subject to subordination under section 510 of the Bankruptcy Code.

**1.144  Tax or Taxes** means all net income, gross income, capital, value added, goods and services, gross receipts, ad valorem, transfer, profits, business, environmental, gaming, franchise, excise, stamp, stamp duty reserve, customs, sales, use, employment, withholding, property, payroll and all other taxes, fees, duties, levies, assessments, deductions, withholdings or governmental charges, together with any interest, penalties, additions to tax, fines and similar amounts relating thereto, imposed or collected by or on behalf of any federal, state, local or foreign governmental authority on or from any of the Debtors.

**1.145  Trademarks** means all trademarks, service marks, trade dress, logos, trade names, corporate names and business names, whether or not registered, together with all goodwill associated therewith, and including all common law rights and all rights therein provided by multinational treaties or conventions.

**1.146**  **Unimpaired** means any Claim or Interest that is not Impaired.

**1.147**  **Unsecured Claim** means any Claim against the Debtors, including, without limitation, (a) Claims arising from the rejection of executory contracts and unexpired leases, (b) Deficiency Claims, (c) Intercompany Claims, (d) Senior Notes Claims and (e) Senior Notes NNI Guarantee Claims, but excluding Administrative Expense Claims, Priority Tax Claims, Priority Non-Tax Claims and Secured Claims.

**1.148**  **Xros** means Xros, Inc., a Delaware corporation.

**C.**  **Rules of Interpretation.**

1.    In the event of an inconsistency: (a) the provisions of the Plan shall control over the contents of the Disclosure Statement; and (b) the provisions of the Confirmation Order shall control over the contents of the Plan.

2.    For the purposes of the Plan:

(a)    any reference in the Plan to a contract, instrument, release or other agreement or document being in a particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions; _provided_, _however_, that any change to such form, terms or conditions that is material to a party to such document shall not be modified without such party's consent unless such document expressly provides otherwise;

(b)    any reference in the Plan to an existing document, exhibit or schedule Filed or to be Filed means such document, exhibit or schedule, as it may have been or may be amended, modified or supplemented as of the Effective Date;

(c)    unless otherwise specified, all references in the Plan to "Sections," "Articles," "Exhibits" and "Schedules" are references to sections, articles, exhibits and schedules of or to the Plan;

(d)    the words "herein," "hereof," "hereto," "hereunder" and others of similar import refer to the Plan in its entirety rather than to only a particular portion of the Plan;

(e)    captions and headings are inserted for convenience of reference only and are not intended to be part or to affect interpretations of the Plan; and

(f)    the word "including" means "including without limitation."

3.    Whenever a Distribution of property is required to be made on a particular date, the Distribution shall be made on such date or as soon as reasonably practicable thereafter.

4.    All Exhibits and Schedules to the Plan are incorporated into the Plan and shall be deemed to be included in the Plan, regardless of when they are Filed.

5.      Subject to the provisions of any contract, certificate, by-laws, operating agreement, instrument, release or other agreement or document entered into in connection with the Plan, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, United States federal law, including the Bankruptcy Code and Bankruptcy Rules.

**D.     Computation of Time**.  In computing any period of time prescribed or allowed by the Plan, unless otherwise expressly provided, the provisions of Bankruptcy Rule 9006(a) shall apply.

## ARTICLE 2.
## TREATMENT OF UNCLASSIFIED CLAIMS

**2.1     Administrative Expense Claims**.  Subject to the allowance procedures and deadlines provided herein, on the later to occur of (a) the Effective Date and (b) the date on which an Administrative Expense Claim shall become an Allowed Claim, the holder of an Allowed Administrative Expense Claim shall receive on account of its Allowed Administrative Expense Claim, and in full satisfaction, settlement and release of and in exchange for such Allowed Administrative Expense Claim, (a) Cash equal to the unpaid portion of such Allowed Administrative Expense Claim, or (b) such other treatment as to which the Debtors and the holder of such Allowed Administrative Expense Claim have agreed upon in writing; *provided, however*, that Administrative Expense Claims with respect to liabilities arising under a written agreement incurred by the Debtors in the ordinary course of business during the Chapter 11 Cases shall be paid in the ordinary course of business in accordance with the terms and conditions of any agreement or course of dealing relating thereto and consistent with past practice, and Professional Claims shall be paid in accordance with Section 2.3.

A notice setting forth the Administrative Expense Claims Bar Date shall be (i) Filed on the Bankruptcy Court's docket and (ii) posted on the Debtors' case information website at http://dm.epiq11.com/nortel. Further notice of the Administrative Expense Claims Bar Date shall be provided as may be directed by the Bankruptcy Court. All requests for payment of an Administrative Expense Claim that accrued on or before the Effective Date other than Administrative Expense Claims that have been paid or that relate to payment of Professionals must be Filed with the Claims Agent and served on counsel for the Debtors by the Administrative Expense Claims Bar Date. Absent further order of the Bankruptcy Court, any requests for payment of Administrative Expense Claims that are not properly Filed and served by the Administrative Expense Claims Bar Date shall not appear on the register of Claims maintained by the Claims Agent and shall be disallowed automatically without the need for any objection from the Debtors or any action by the Bankruptcy Court.

The Debtors and the Plan Administrator may settle Administrative Expense Claims in the ordinary course of business without further notice or Bankruptcy Court approval, in accordance with the Plan Administration Agreement, as applicable. The Debtors shall have the right to object to any Administrative Expense Claim within 180 days after the Administrative Expense Claims Bar Date, subject to further extensions that may be granted by the Bankruptcy Court. Unless the Debtors object to a timely Filed and properly served Administrative Expense Claim, such Administrative Expense Claim shall be deemed Allowed in the amount requested. In

the event that the Debtors object to an Administrative Expense Claim, the parties may confer to try to reach a settlement and, failing that, the Bankruptcy Court shall determine whether such Administrative Expense Claim should be allowed and, if so, in what amount.

**2.2     Statutory Fees.**  On or before the Effective Date, all fees due and payable pursuant to section 1930, chapter 123 of title 28 of the United States Code, as determined by the Bankruptcy Court at the Confirmation Hearing, shall be paid in full, in Cash.

**2.3     Professional Claims.**  Other than a Professional retained by the Debtors pursuant to the Ordinary Course Professional Order, any entity seeking an award of the Bankruptcy Court of compensation for services rendered and/or reimbursement of expenses incurred through the Effective Date under sections 105(a), 503(b)(2), 503(b)(3), 503(b)(4) or 503(b)(5) of the Bankruptcy Code shall File its final application for allowance of such compensation and/or reimbursement by no later than the date that is 60 days after the Effective Date or such other date as may be fixed by the Bankruptcy Court and be paid by or on behalf of the Debtor (a) in full and in Cash in the amounts Allowed upon the date the order granting such award becomes a Final Order, or as soon thereafter as practicable, or (b) upon such other terms as may be mutually agreed upon by the claimant and the Debtor obligated for the payment of such Allowed Claim. The Debtors are authorized to pay compensation for Professional services rendered and reimburse expenses incurred after the Confirmation Date in the ordinary course without Bankruptcy Court approval.

**2.4     Priority Tax Claims.**  With respect to each Allowed Priority Tax Claim, at the option of each Debtor, the holder of an Allowed Priority Tax Claim shall be entitled to receive, in full satisfaction, settlement and release of and in exchange for such Allowed Priority Tax Claim, (a) cash in an amount equal to such Allowed Priority Tax Claim on the later of the Effective Date and the date such Priority Tax Claim becomes an Allowed Priority Tax Claim, or as soon thereafter as practicable, (b) in accordance with section 1129(a)(9)(C) of the Bankruptcy Code, equal annual installment payments in cash (commencing on the Effective Date, or as soon thereafter as practicable) (i) of a total value on the Effective Date equal to the Allowed amount of such Claim; (ii) over a period not exceeding five (5) years after the Petition Date; and (iii) in a manner not less favorable than the most favored non-priority Unsecured Claim provided for by the Plan; or (c) such other treatment agreed to by the holder of such Allowed Priority Tax Claim and the applicable Debtor.

## ARTICLE 3.
## CLASSIFICATION OF CLAIMS AND INTERESTS

Claims against the Debtors, other than Administrative Expense Claims and Priority Tax Claims, and Interests are classified for all purposes (unless otherwise specified), including voting and Distribution pursuant to the Plan, as follows:

**3.1     NNI**

| Class | Designation | Impairment | Entitlement to Vote |
|---|---|---|---|
| 1 | Priority Non-Tax Claims against NNI | Unimpaired | No (deemed to accept) |
| 2 | Secured Claims against NNI | Unimpaired | No (deemed to accept) |

17

| Class | Designation | Impairment | Entitlement to Vote |
|---|---|---|---|
| 3 | General Unsecured Claims against NNI | Impaired | Yes |
| 4 | Subordinated Claims against NNI | Impaired | No (deemed to reject) |
| 5A | NNI Interests | Impaired | No (deemed to reject) |
| 5B | NNI Interests Securities Fraud Claims | Impaired | No (deemed to reject) |

### 3.2    NNCALA

| Class | Designation | Impairment | Entitlement to Vote |
|---|---|---|---|
| 1 | Priority Non-Tax Claims against NNCALA | Unimpaired | No (deemed to accept) |
| 2 | Secured Claims against NNCALA | Unimpaired | No (deemed to accept) |
| 3 | General Unsecured Claims against NNCALA | Impaired | Yes |
| 4 | Subordinated Claims against NNCALA | Impaired | No (deemed to reject) |
| 5A | NNCALA Interests | Impaired | No (deemed to reject) |
| 5B | NNCALA Interests Securities Fraud Claims | Impaired | No (deemed to reject) |

### 3.3    NNCC

| Class | Designation | Impairment | Entitlement to Vote |
|---|---|---|---|
| 1 | Priority Non-Tax Claims against NNCC | Unimpaired | No (deemed to accept) |
| 2 | Secured Claims against NNCC | Unimpaired | No (deemed to accept) |
| 3 | General Unsecured Claims against NNCC | Impaired | Yes |
| 4 | Subordinated Claims against NNCC | Impaired | No (deemed to reject) |
| 5A | NNCC Interests | Impaired | No (deemed to reject) |
| 5B | NNCC Interests Securities Fraud Claims | Impaired | No (deemed to reject) |

### 3.4    Nortel Alt

| Class | Designation | Impairment | Entitlement to Vote |
|---|---|---|---|
| 1 | Priority Non-Tax Claims against Nortel Alt | Unimpaired | No (deemed to accept) |
| 2 | Secured Claims against Nortel Alt | Unimpaired | No (deemed to accept) |
| 3 | General Unsecured Claims against Nortel Alt | Impaired | Yes |
| 4 | Subordinated Claims against Nortel Alt | Impaired | No (deemed to reject) |
| 5A | Nortel Alt Interests | Impaired | No (deemed to reject) |
| 5B | Nortel Alt Interests Securities Fraud Claims | Impaired | No (deemed to reject) |

### 3.5    Nortel Alt Int'l

| Class | Designation | Impairment | Entitlement to Vote |
|---|---|---|---|
| 1 | Priority Non-Tax Claims against Nortel Alt Int'l | Unimpaired | No (deemed to accept) |
| 2 | Secured Claims against Nortel Alt Int'l | Unimpaired | No (deemed to accept) |
| 3 | General Unsecured Claims against Nortel Alt Int'l | Impaired | Yes |
| 4 | Subordinated Claims against Nortel Alt Int'l | Impaired | No (deemed to reject) |
| 5A | Nortel Alt Int'l Interests | Impaired | No (deemed to reject) |
| 5B | Nortel Alt Int'l Interests Securities Fraud Claims | Impaired | No (deemed to reject) |

### 3.6    Xros

| Class | Designation | Impairment | Entitlement to Vote |
|---|---|---|---|
| 1 | Priority Non-Tax Claims against Xros | Unimpaired | No (deemed to accept) |
| 2 | Secured Claims against Xros | Unimpaired | No (deemed to accept) |
| 3 | General Unsecured Claims against Xros | Impaired | Yes |

| | | | |
|---|---|---|---|
| 4 | Subordinated Claims against Xros | Impaired | No (deemed to reject) |
| 5A | Xros Interests | Impaired | No (deemed to reject) |
| 5B | Xros Interests Securities Fraud Claims | Impaired | No (deemed to reject) |

### 3.7    Sonoma

| Class | Designation | Impairment | Entitlement to Vote |
|---|---|---|---|
| 1 | Priority Non-Tax Claims against Sonoma | Unimpaired | No (deemed to accept) |
| 2 | Secured Claims against Sonoma | Unimpaired | No (deemed to accept) |
| 3 | General Unsecured Claims against Sonoma | Impaired | Yes |
| 4 | Subordinated Claims against Sonoma | Impaired | No (deemed to reject) |
| 5A | Sonoma Interests | Impaired | No (deemed to reject) |
| 5B | Sonoma Interests Securities Fraud Claims | Impaired | No (deemed to reject) |

### 3.8    Qtera

| Class | Designation | Impairment | Entitlement to Vote |
|---|---|---|---|
| 1 | Priority Non-Tax Claims against Qtera | Unimpaired | No (deemed to accept) |
| 2 | Secured Claims against Qtera | Unimpaired | No (deemed to accept) |
| 3 | General Unsecured Claims against Qtera | Impaired | Yes |
| 4 | Subordinated Claims against Qtera | Impaired | No (deemed to reject) |
| 5A | Qtera Interests | Impaired | No (deemed to reject) |
| 5B | Qtera Interests Securities Fraud Claims | Impaired | No (deemed to reject) |

### 3.9    CoreTek

| Class | Designation | Impairment | Entitlement to Vote |
|---|---|---|---|
| 1 | Priority Non-Tax Claims against CoreTek | Unimpaired | No (deemed to accept) |
| 2 | Secured Claims against CoreTek | Unimpaired | No (deemed to accept) |
| 3 | General Unsecured Claims against CoreTek | Impaired | Yes |
| 4 | Subordinated Claims against CoreTek | Impaired | No (deemed to reject) |
| 5A | CoreTek Interests | Impaired | No (deemed to reject) |
| 5B | CoreTek Interests Securities Fraud Claims | Impaired | No (deemed to reject) |

### 3.10    NN Applications

| Class | Designation | Impairment | Entitlement to Vote |
|---|---|---|---|
| 1 | Priority Non-Tax Claims against NN Applications | Unimpaired | No (deemed to accept) |
| 2 | Secured Claims against NN Applications | Unimpaired | No (deemed to accept) |
| 3 | General Unsecured Claims against NN Applications | Impaired | Yes |
| 4 | Subordinated Claims against NN Applications | Impaired | No (deemed to reject) |
| 5A | NN Applications Interests | Impaired | No (deemed to reject) |
| 5B | NN Applications Interests Securities Fraud Claims | Impaired | No (deemed to reject) |

### 3.11    NN Optical

| Class | Designation | Impairment | Entitlement to Vote |
|---|---|---|---|
| 1 | Priority Non-Tax Claims against NN Optical | Unimpaired | No (deemed to accept) |
| 2 | Secured Claims against NN Optical | Unimpaired | No (deemed to accept) |
| 3 | General Unsecured Claims against NN Optical | Impaired | Yes |
| 4 | Subordinated Claims against NN Optical | Impaired | No (deemed to reject) |
| 5A | NN Optical Interests | Impaired | No (deemed to reject) |
| 5B | NN Optical Interests Securities Fraud Claims | Impaired | No (deemed to reject) |

| Class | Designation | Impairment | Entitlement to Vote |
|---|---|---|---|

### 3.12    NN HPOCS

| Class | Designation | Impairment | Entitlement to Vote |
|---|---|---|---|
| 1 | Priority Non-Tax Claims against NN HPOCS | Unimpaired | No (deemed to accept) |
| 2 | Secured Claims against NN HPOCS | Unimpaired | No (deemed to accept) |
| 3 | General Unsecured Claims against NN HPOCS | Impaired | Yes |
| 4 | Subordinated Claims against NN HPOCS | Impaired | No (deemed to reject) |
| 5A | NN HPOCS Interests | Impaired | No (deemed to reject) |
| 5B | NN HPOCS Interests Securities Fraud Claims | Impaired | No (deemed to reject) |

### 3.13    Architel

| Class | Designation | Impairment | Entitlement to Vote |
|---|---|---|---|
| 1 | Priority Non-Tax Claims against Architel | Unimpaired | No (deemed to accept) |
| 2 | Secured Claims against Architel | Unimpaired | No (deemed to accept) |
| 3 | General Unsecured Claims against Architel | Impaired | Yes |
| 4 | Subordinated Claims against Architel | Impaired | No (deemed to reject) |
| 5A | Architel Interests | Impaired | No (deemed to reject) |
| 5B | Architel Interests Securities Fraud Claims | Impaired | No (deemed to reject) |

### 3.14    NNII

| Class | Designation | Impairment | Entitlement to Vote |
|---|---|---|---|
| 1 | Priority Non-Tax Claims against NNII | Unimpaired | No (deemed to accept) |
| 2 | Secured Claims against NNII | Unimpaired | No (deemed to accept) |
| 3 | General Unsecured Claims against NNII | Impaired | Yes |
| 4 | Subordinated Claims against NNII | Impaired | No (deemed to reject) |
| 5A | NNII Interests | Impaired | No (deemed to reject) |
| 5B | NNII Interests Securities Fraud Claims | Impaired | No (deemed to reject) |

### 3.15    NTI

| Class | Designation | Impairment | Entitlement to Vote |
|---|---|---|---|
| 1 | Priority Non-Tax Claims against NTI | Unimpaired | No (deemed to accept) |
| 2 | Secured Claims against NTI | Unimpaired | No (deemed to accept) |
| 3 | General Unsecured Claims against NTI | Impaired | Yes |
| 4 | Subordinated Claims against NTI | Impaired | No (deemed to reject) |
| 5A | NTI Interests | Impaired | No (deemed to reject) |
| 5B | NTI Interests Securities Fraud Claims | Impaired | No (deemed to reject) |

### 3.16    NN Cable

| Class | Designation | Impairment | Entitlement to Vote |
|---|---|---|---|
| 1 | Priority Non-Tax Claims against NN Cable | Unimpaired | No (deemed to accept) |
| 2 | Secured Claims against NN Cable | Unimpaired | No (deemed to accept) |
| 3 | General Unsecured Claims against NN Cable | Impaired | Yes |
| 4 | Subordinated Claims against NN Cable | Impaired | No (deemed to reject) |
| 5A | NN Cable Interests | Impaired | No (deemed to reject) |
| 5B | NN Cable Interests Securities Fraud Claims | Impaired | No (deemed to reject) |

## ARTICLE 4.
## TREATMENT OF CLAIMS AGAINST AND INTERESTS IN DEBTORS

### 4.1    NNI Class 1 – Priority Non-Tax Claims against NNI.

(a)    Impairment and Voting.  NNI Class 1 is Unimpaired by the Plan. Each holder of an Allowed Priority Non-Tax Claim in NNI Class 1 is not entitled to vote to accept or reject the Plan and is deemed to accept the Plan.

(b)    Distributions.  Except to the extent that the holder of an Allowed Priority Non-Tax Claim in NNI Class 1 agrees to less favorable treatment or has been paid by or on behalf of NNI on account of such Allowed Priority Non-Tax Claim prior to the Effective Date, on the later of the Effective Date and the date on which such Priority Non-Tax Claim becomes an Allowed Priority Non-Tax Claim, or as soon thereafter as is practicable, each holder of an Allowed Priority Non-Tax Claim in NNI Class 1 shall be paid by NNI in Cash in an amount equal to the Allowed amount of such Priority Non-Tax Claim.

### 4.2    NNI Class 2 – Secured Claims against NNI.

(a)    Impairment and Voting.  NNI Class 2 is Unimpaired by the Plan. Each holder of an Allowed Secured Claim in NNI Class 2 is not entitled to vote to accept or reject the Plan and is deemed to accept the Plan.

(b)    Distributions.  Except to the extent that the holder of an Allowed Secured Claim agrees to less favorable treatment, each holder of an Allowed Secured Claim in NNI Class 2 shall be satisfied by, at the option of NNI: (i) payment in Cash by NNI in an amount equal to the Allowed amount of such Secured Claim on the later of the Effective Date and the date on which such Secured Claim becomes an Allowed Secured Claim; (ii) the sale or disposition proceeds of the Collateral securing such Allowed Secured Claim to the extent of the value of the Collateral securing such Allowed Secured Claim; (iii) surrender of the Collateral securing such Allowed Secured Claim to the holder of such Allowed Secured Claim; or (iv) such treatment that leaves unaltered the legal, equitable and contractual rights to which the holder of the Allowed Secured Claim is entitled. In the event an Allowed Secured Claim is treated under clause (i) or (ii) above, the Liens securing such Claim shall be deemed released and extinguished without further order of the Bankruptcy Court.

### 4.3    NNI Class 3 – General Unsecured Claims against NNI.

(a)    Impairment and Voting.  NNI Class 3 is Impaired by the Plan. Each holder of an Allowed General Unsecured Claim in NNI Class 3 is entitled to vote to accept or reject the Plan.

(b)    Distributions.  Each holder of an Allowed General Unsecured Claim in NNI Class 3 shall receive its Pro Rata Share of Creditor Proceeds from NNI.

21

### 4.4    NNI Class 4 – Subordinated Claims against NNI.

(a)    _Impairment and Voting_.  NNI Class 4 is Impaired by the Plan. Each holder of an Allowed Subordinated Claim in NNI Class 4 is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)    _Distributions_.  Each holder of an Allowed Subordinated Claim in NNI Class 4 shall not receive or retain any interest or property under the Plan on account of such Claims; _provided_, _however_, that in the event that all Allowed Claims in NNI Classes 1 through 3 have been satisfied in full, in accordance with the Bankruptcy Code and the Plan, each holder of an Allowed Subordinated Claim in NNI Class 4 shall receive its Pro Rata Share of any remaining Creditor Proceeds from NNI.

### 4.5    NNI Class 5A – NNI Interests.

(a)    _Impairment and Voting_.  NNI Class 5A is Impaired by the Plan. Each holder of an NNI Interest in NNI Class 5A is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)    _Distributions_.  On the Effective Date, all NNI Interests shall be cancelled and one new share of NNI's common stock shall be issued to the Plan Administrator, which will hold such share for the benefit of the holders of such former Interests consistent with their former economic entitlements; _provided_, _however_, that the Plan Administrator may not exercise any voting rights appurtenant thereto in conflict with Article 6 of the Plan. Each holder of an NNI Interest shall neither receive nor retain any property or interest in property on account of such Interests; _provided_, _however_, that in the event that all Allowed Claims in NNI Classes 1 through 4 have been satisfied in full, in accordance with the Bankruptcy Code and the Plan, each holder of an NNI Interest shall receive its Pro Rata Share of any remaining Creditor Proceeds from NNI consistent with such holder's rights of priority of payment existing immediately prior to the Petition Date. Unless otherwise determined by the Plan Administrator, on the date which NNI's Chapter 11 Case is closed in accordance with Section 5.3 of the Plan, all such former NNI Interests shall be deemed cancelled and of no force and effect, provided that such cancellation does not adversely impact the Debtors' Estates.

### 4.6    NNI Class 5B – NNI Interests Securities Fraud Claims.

(a)    _Impairment and Voting_.  NNI Class 5B is Impaired by the Plan. Each holder of an Allowed NNI Interests Securities Fraud Claim in NNI Class 5B is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)    _Distributions_.  Each holder of an Allowed NNI Interests Securities Fraud Claim in NNI Class 5B shall receive no Distribution under the Plan in respect of its Allowed NNI Interests Securities Fraud Claims.

### 4.7    NNCALA Class 1 – Priority Non-Tax Claims against NNCALA.

(a)    Impairment and Voting. NNCALA Class 1 is Unimpaired by the Plan. Each holder of an Allowed Priority Non-Tax Claim in NNCALA Class 1 is not entitled to vote to accept or reject the Plan and is deemed to accept the Plan.

(b)    Distributions. Except to the extent that the holder of an Allowed Priority Non-Tax Claim in NNCALA Class 1 agrees to less favorable treatment or has been paid by or on behalf of NNCALA on account of such Allowed Priority Non-Tax Claim prior to the Effective Date, on the later of the Effective Date and the date on which such Priority Non-Tax Claim becomes an Allowed Priority Non-Tax Claim, or as soon thereafter as is practicable, each holder of an Allowed Priority Non-Tax Claim in NNCALA Class 1 shall be paid by NNCALA in Cash in an amount equal to the Allowed amount of such Priority Non-Tax Claim.

### 4.8    NNCALA Class 2 – Secured Claims against NNCALA.

(a)    Impairment and Voting. NNCALA Class 2 is Unimpaired by the Plan. Each holder of an Allowed Secured Claim in NNCALA Class 2 is not entitled to vote to accept or reject the Plan and is deemed to accept the Plan.

(b)    Distributions. Except to the extent that the holder of an Allowed Secured Claim agrees to less favorable treatment, each holder of an Allowed Secured Claim in NNCALA Class 2 shall be satisfied by, at the option of NNCALA: (i) payment in Cash by NNCALA in an amount equal to the Allowed amount of such Secured Claim on the later of the Effective Date and the date on which such Secured Claim becomes an Allowed Secured Claim; (ii) the sale or disposition proceeds of the Collateral securing such Allowed Secured Claim to the extent of the value of the Collateral securing such Allowed Secured Claim; (iii) surrender of the Collateral securing such Allowed Secured Claim to the holder of such Allowed Secured Claim; or (iv) such treatment that leaves unaltered the legal, equitable and contractual rights to which the holder of the Allowed Secured Claim is entitled. In the event an Allowed Secured Claim is treated under clause (i) or (ii) above, the Liens securing such Claim shall be deemed released and extinguished without further order of the Bankruptcy Court.

### 4.9    NNCALA Class 3 – General Unsecured Claims against NNCALA.

(a)    Impairment and Voting. NNCALA Class 3 is Impaired by the Plan. Each holder of an Allowed General Unsecured Claim in NNCALA Class 3 is entitled to vote to accept or reject the Plan.

(b)    Distributions. Each holder of an Allowed General Unsecured Claim in NNCALA Class 3 shall receive its Pro Rata Share of Creditor Proceeds from NNCALA.

### 4.10    NNCALA Class 4 – Subordinated Claims against NNCALA.

(a)    Impairment and Voting. NNCALA Class 4 is Impaired by the Plan. Each holder of an Allowed Subordinated Claim in NNCALA Class 4 is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)      <u>Distributions</u>. Each holder of an Allowed Subordinated Claim in NNCALA Class 4 shall not receive or retain any interest or property under the Plan on account of such Claims; *provided*, *however*, that in the event that all Allowed Claims in NNCALA Classes 1 through 3 have been satisfied in full, in accordance with the Bankruptcy Code and the Plan, each holder of an Allowed Subordinated Claim in NNCALA Class 4 shall receive its Pro Rata Share of any remaining Creditor Proceeds from NNCALA.

### 4.11    NNCALA Class 5A – NNCALA Interests.

(a)      <u>Impairment and Voting</u>. NNCALA Class 5A is Impaired by the Plan. Each holder of an NNCALA Interest in NNCALA Class 5A is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)      <u>Distributions</u>. The NNCALA Interests shall be cancelled and each holder of an NNCALA Interest shall receive its pro rata Distribution of Reorganized NNCALA LLC Interests; *provided*, *however*, that no holder of an NNCALA Interest shall receive any Distribution of Creditor Proceeds on account of its former NNCALA Interests or its Reorganized NNCALA LLC Interests; *provided*, *further*, that in the event that all Allowed Claims in NNCALA Classes 1 through 4 have been satisfied in full, in accordance with the Bankruptcy Code and the Plan, each holder of an NNCALA Interest in NNCALA Class 5A shall receive its Pro Rata Share of any remaining Creditor Proceeds from NNCALA.

### 4.12    NNCALA Class 5B – NNCALA Interests Securities Fraud Claims.

(a)      <u>Impairment and Voting</u>. NNCALA Class 5B is Impaired by the Plan. Each holder of an Allowed NNCALA Interests Securities Fraud Claim in NNCALA Class 5B is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)      <u>Distributions</u>. Each holder of an Allowed NNCALA Interests Securities Fraud Claim in NNCALA Class 5B shall receive no Distribution under the Plan in respect of its Allowed NNCALA Interests Securities Fraud Claims.

### 4.13    NNCC Class 1 – Priority Non-Tax Claims against NNCC.

(a)      <u>Impairment and Voting</u>. NNCC Class 1 is Unimpaired by the Plan. Each holder of an Allowed Priority Non-Tax Claim in NNCC Class 1 is not entitled to vote to accept or reject the Plan and is deemed to accept the Plan.

(b)      <u>Distributions</u>. Except to the extent that the holder of an Allowed Priority Non-Tax Claim in NNCC Class 1 agrees to less favorable treatment or has been paid by or on behalf of NNCC on account of such Allowed Priority Non-Tax Claim prior to the Effective Date, on the later of the Effective Date and the date on which such Priority Non-Tax Claim becomes an Allowed Priority Non-Tax Claim, or as soon thereafter as is practicable, each holder of an Allowed Priority Non-Tax Claim in NNCC Class 1 shall be paid by NNCC in Cash in an amount equal to the Allowed amount of such Priority Non-Tax Claim.

### 4.14    NNCC Class 2 – Secured Claims against NNCC.

(a)    <u>Impairment and Voting</u>. NNCC Class 2 is Unimpaired by the Plan. Each holder of an Allowed Secured Claim in NNCC Class 2 is not entitled to vote to accept or reject the Plan and is deemed to accept the Plan.

(b)    <u>Distributions</u>. Except to the extent that the holder of an Allowed Secured Claim agrees to less favorable treatment, each holder of an Allowed Secured Claim in NNCC Class 2 shall be satisfied by, at the option of NNCC: (i) payment in Cash by NNCC in an amount equal to the Allowed amount of such Secured Claim on the later of the Effective Date and the date on which such Secured Claim becomes an Allowed Secured Claim; (ii) the sale or disposition proceeds of the Collateral securing such Allowed Secured Claim to the extent of the value of the Collateral securing such Allowed Secured Claim; (iii) surrender of the Collateral securing such Allowed Secured Claim to the holder of such Allowed Secured Claim; or (iv) such treatment that leaves unaltered the legal, equitable and contractual rights to which the holder of the Allowed Secured Claim is entitled. In the event an Allowed Secured Claim is treated under clause (i) or (ii) above, the Liens securing such Claim shall be deemed released and extinguished without further order of the Bankruptcy Court.

### 4.15    NNCC Class 3 – General Unsecured Claims against NNCC.

(a)    <u>Impairment and Voting</u>. NNCC Class 3 is Impaired by the Plan. Each holder of an Allowed General Unsecured Claim in NNCC Class 3 is entitled to vote to accept or reject the Plan.

(b)    <u>Distributions</u>. Each holder of an Allowed General Unsecured Claim in NNCC Class 3 shall receive its Pro Rata Share of Creditor Proceeds from NNCC.

### 4.16    NNCC Class 4 – Subordinated Claims against NNCC.

(a)    <u>Impairment and Voting</u>. NNCC Class 4 is Impaired by the Plan. Each holder of an Allowed Subordinated Claim in NNCC Class 4 is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)    <u>Distributions</u>. Each holder of an Allowed Subordinated Claim in NNCC Class 4 shall not receive or retain any interest or property under the Plan on account of such Claims; <u>*provided*</u>, <u>*however*</u>, that in the event that all Allowed Claims in NNCC Classes 1 through 3 have been satisfied in full, in accordance with the Bankruptcy Code and the Plan, each holder of an Allowed Subordinated Claim in NNCC Class 4 shall receive its Pro Rata Share of any remaining Creditor Proceeds from NNCC.

### 4.17    NNCC Class 5A – NNCC Interests.

(a)    <u>Impairment and Voting</u>. NNCC Class 5A is Impaired by the Plan. Each holder of an NNCC Interest in NNCC Class 5A is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)     <u>Distributions</u>. The NNCC Interests shall be cancelled and each holder of an NNCC Interest shall receive its pro rata Distribution of Reorganized NNCC LLC Interests; *provided*, *however*, that no holder of an NNCC Interest shall receive any Distribution of Creditor Proceeds on account of its former NNCC Interests or its Reorganized NNCC LLC Interests; *provided*, *further*, that in the event that all Allowed Claims in NNCC Classes 1 through 4 have been satisfied in full, in accordance with the Bankruptcy Code and the Plan, each holder of an NNCC Interest in NNCC Class 5A shall receive its Pro Rata Share of any remaining Creditor Proceeds from NNCC.

### 4.18    NNCC Class 5B – NNCC Interests Securities Fraud Claims.

(a)     <u>Impairment and Voting</u>. NNCC Class 5B is Impaired by the Plan. Each holder of an Allowed NNCC Interests Securities Fraud Claim in NNCC Class 5B is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)     <u>Distributions</u>. Each holder of an Allowed NNCC Interests Securities Fraud Claim in NNCC Class 5B shall receive no Distribution under the Plan in respect of its Allowed NNCC Interests Securities Fraud Claims.

### 4.19    Nortel Alt Class 1 – Priority Non-Tax Claims against Nortel Alt.

(a)     <u>Impairment and Voting</u>. Nortel Alt Class 1 is Unimpaired by the Plan. Each holder of an Allowed Priority Non-Tax Claim in Nortel Alt Class 1 is not entitled to vote to accept or reject the Plan and is deemed to accept the Plan.

(b)     <u>Distributions</u>. Except to the extent that the holder of an Allowed Priority Non-Tax Claim in Nortel Alt Class 1 agrees to less favorable treatment or has been paid by or on behalf of Nortel Alt on account of such Allowed Priority Non-Tax Claim prior to the Effective Date, on the later of the Effective Date and the date on which such Priority Non-Tax Claim becomes an Allowed Priority Non-Tax Claim, or as soon thereafter as is practicable, each holder of an Allowed Priority Non-Tax Claim in Nortel Alt Class 1 shall be paid by Nortel Alt in Cash in an amount equal to the Allowed amount of such Priority Non-Tax Claim.

### 4.20    Nortel Alt Class 2 – Secured Claims against Nortel Alt.

(a)     <u>Impairment and Voting</u>. Nortel Alt Class 2 is Unimpaired by the Plan. Each holder of an Allowed Secured Claim in Nortel Alt Class 2 is not entitled to vote to accept or reject the Plan and is deemed to accept the Plan.

(b)     <u>Distributions</u>. Except to the extent that the holder of an Allowed Secured Claim agrees to less favorable treatment, each holder of an Allowed Secured Claim in Nortel Alt Class 2 shall be satisfied by, at the option of Nortel Alt: (i) payment in Cash by Nortel Alt in an amount equal to the Allowed amount of such Secured Claim on the later of the Effective Date and the date on which such Secured Claim becomes an Allowed Secured Claim; (ii) the sale or disposition proceeds of the Collateral securing such Allowed Secured Claim to the extent of the value of the Collateral securing such Allowed Secured Claim; (iii) surrender of the Collateral securing such Allowed Secured Claim to the holder of such Allowed Secured Claim; or (iv) such treatment that leaves unaltered the legal, equitable and contractual rights to which

the holder of the Allowed Secured Claim is entitled. In the event an Allowed Secured Claim is treated under clause (i) or (ii) above, the Liens securing such Claim shall be deemed released and extinguished without further order of the Bankruptcy Court.

**4.21    Nortel Alt Class 3 – General Unsecured Claims against Nortel Alt.**

(a)    <u>Impairment and Voting</u>. Nortel Alt Class 3 is Impaired by the Plan. Each holder of an Allowed General Unsecured Claim in Nortel Alt Class 3 is entitled to vote to accept or reject the Plan.

(b)    <u>Distributions</u>. Each holder of an Allowed General Unsecured Claim in Nortel Alt Class 3 shall receive its Pro Rata Share of Creditor Proceeds from Nortel Alt.

**4.22    Nortel Alt Class 4 – Subordinated Claims against Nortel Alt.**

(a)    <u>Impairment and Voting</u>. Nortel Alt Class 4 is Impaired by the Plan. Each holder of an Allowed Subordinated Claim in Nortel Alt Class 4 is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)    <u>Distributions</u>. Each holder of an Allowed Subordinated Claim in Nortel Alt Class 4 shall not receive or retain any interest or property under the Plan on account of such Claims; *provided, however*, that in the event that all Allowed Claims in Nortel Alt Classes 1 through 3 have been satisfied in full, in accordance with the Bankruptcy Code and the Plan, each holder of an Allowed Subordinated Claim in Nortel Alt Class 4 shall receive its Pro Rata Share of any remaining Creditor Proceeds from Nortel Alt.

**4.23    Nortel Alt Class 5A – Nortel Alt Interests.**

(a)    <u>Impairment and Voting</u>. Nortel Alt Class 5A is Impaired by the Plan. Each holder of a Nortel Alt Interest in Nortel Alt Class 5A is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)    <u>Distributions</u>. Each holder of a Nortel Alt Interest shall neither receive nor retain any property or interest in property on account of its Nortel Alt Interest, and the Nortel Alt Interests shall be cancelled; *provided, however*, that in the event that all Allowed Claims in Nortel Alt Classes 1 through 4 have been satisfied in full, in accordance with the Bankruptcy Code and the Plan, each holder of a Nortel Alt Interest in Nortel Alt Class 5A shall receive its Pro Rata Share of any remaining Creditor Proceeds from Nortel Alt.

**4.24    Nortel Alt Class 5B – Nortel Alt Interests Securities Fraud Claims.**

(a)    <u>Impairment and Voting</u>. Nortel Alt Class 5B is Impaired by the Plan. Each holder of an Allowed Nortel Alt Interests Securities Fraud Claim in Nortel Alt Class 5B is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)    <u>Distributions</u>. Each holder of an Allowed Nortel Alt Interests Securities Fraud Claim in Nortel Alt Class 5B shall receive no Distribution under the Plan in respect of its Allowed Nortel Alt Interests Securities Fraud Claims.

**4.25    Nortel Alt Int'l Class 1 – Priority Non-Tax Claims against Nortel Alt Int'l.**

(a)    <u>Impairment and Voting</u>. Nortel Alt Int'l Class 1 is Unimpaired by the Plan. Each holder of an Allowed Priority Non-Tax Claim in Nortel Alt Int'l Class 1 is not entitled to vote to accept or reject the Plan and is deemed to accept the Plan.

(b)    <u>Distributions</u>. Except to the extent that the holder of an Allowed Priority Non-Tax Claim in Nortel Alt Int'l Class 1 agrees to less favorable treatment or has been paid by or on behalf of Nortel Alt Int'l on account of such Allowed Priority Non-Tax Claim prior to the Effective Date, on the later of the Effective Date and the date on which such Priority Non-Tax Claim becomes an Allowed Priority Non-Tax Claim, or as soon thereafter as is practicable, each holder of an Allowed Priority Non-Tax Claim in Nortel Alt Int'l Class 1 shall be paid by Nortel Alt Int'l in Cash in an amount equal to the Allowed amount of such Priority Non-Tax Claim.

**4.26    Nortel Alt Int'l Class 2 – Secured Claims against Nortel Alt Int'l.**

(a)    <u>Impairment and Voting</u>. Nortel Alt Int'l Class 2 is Unimpaired by the Plan. Each holder of an Allowed Secured Claim in Nortel Alt Int'l Class 2 is not entitled to vote to accept or reject the Plan and is deemed to accept the Plan.

(b)    <u>Distributions</u>. Except to the extent that the holder of an Allowed Secured Claim agrees to less favorable treatment, each holder of an Allowed Secured Claim in Nortel Alt Int'l Class 2 shall be satisfied by, at the option of Nortel Alt Int'l: (i) payment in Cash by Nortel Alt Int'l in an amount equal to the Allowed amount of such Secured Claim on the later of the Effective Date and the date such Secured Claim becomes an Allowed Secured Claim; (ii) the sale or disposition proceeds of the Collateral securing such Allowed Secured Claim to the extent of the value of the Collateral securing such Allowed Secured Claim; (iii) surrender of the Collateral securing such Allowed Secured Claim to the holder of such Allowed Secured Claim; or (iv) such treatment that leaves unaltered the legal, equitable and contractual rights to which the holder of the Allowed Secured Claim is entitled. In the event an Allowed Secured Claim is treated under clause (i) or (ii) above, the Liens securing such Claim shall be deemed released and extinguished without further order of the Bankruptcy Court.

**4.27    Nortel Alt Int'l Class 3 – General Unsecured Claims against Nortel Alt Int'l.**

(a)    <u>Impairment and Voting</u>. Nortel Alt Int'l Class 3 is Impaired by the Plan. Each holder of an Allowed General Unsecured Claim in Nortel Alt Int'l Class 3 is entitled to vote to accept or reject the Plan.

(b)    <u>Distributions</u>. Each holder of an Allowed General Unsecured Claim in Nortel Alt Int'l Class 3 shall receive its Pro Rata Share of Creditor Proceeds from Nortel Alt Int'l.

28

**4.28    Nortel Alt Int'l Class 4 – Subordinated Claims against Nortel Alt Int'l.**

(a)    <u>Impairment and Voting</u>. Nortel Alt Int'l Class 4 is Impaired by the Plan. Each holder of an Allowed Subordinated Claim in Nortel Alt Int'l Class 4 is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)    <u>Distributions</u>. Each holder of an Allowed Subordinated Claim in Nortel Alt Int'l Class 4 shall not receive or retain any interest or property under the Plan on account of such Claims; *provided, however,* that in the event that all Allowed Claims in Nortel Alt Int'l Classes 1 through 3 have been satisfied in full, in accordance with the Bankruptcy Code and the Plan, each holder of an Allowed Subordinated Claim in Nortel Alt Int'l Class 4 shall receive its Pro Rata Share of any remaining Creditor Proceeds from Nortel Alt Int'l.

**4.29    Nortel Alt Int'l Class 5A – Nortel Alt Int'l Interests.**

(a)    <u>Impairment and Voting</u>. Nortel Alt Int'l Class 5A is Impaired by the Plan. Each holder of a Nortel Alt Int'l Interest in Nortel Alt Int'l Class 5A is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)    <u>Distributions</u>. The Nortel Alt Int'l Interests shall be cancelled and each holder of a Nortel Alt Int'l Interest shall receive its pro rata Distribution of Reorganized Nortel Alt Int'l LLC Interests; *provided, however,* that no holder of a Nortel Alt Int'l Interest shall receive any Distribution of Creditor Proceeds on account of its former Nortel Alt Int'l Interests or its Reorganized Nortel Alt Int'l LLC Interests; *provided, further,* that in the event that all Allowed Claims in Nortel Alt Int'l Classes 1 through 4 have been satisfied in full, in accordance with the Bankruptcy Code and the Plan, each holder of a Nortel Alt Int'l Interest in Nortel Alt Int'l Class 5A shall receive its Pro Rata Share of any remaining Creditor Proceeds from Nortel Alt Int'l.

**4.30    Nortel Alt Int'l Class 5B – Nortel Alt Int'l Interests Securities Fraud Claims.**

(a)    <u>Impairment and Voting</u>. Nortel Alt Int'l Class 5B is Impaired by the Plan. Each holder of an Allowed Nortel Alt Int'l Interests Securities Fraud Claim in Nortel Alt Int'l Class 5B is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)    <u>Distributions</u>. Each holder of an Allowed Nortel Alt Int'l Interests Securities Fraud Claim in Nortel Alt Int'l Class 5B shall receive no Distribution under the Plan in respect of its Allowed Nortel Alt Int'l Interests Securities Fraud Claims.

**4.31    Xros Class 1 – Priority Non-Tax Claims against Xros.**

(a)    <u>Impairment and Voting</u>. Xros Class 1 is Unimpaired by the Plan. Each holder of an Allowed Priority Non-Tax Claim in Xros Class 1 is not entitled to vote to accept or reject the Plan and is deemed to accept the Plan.

(b)     Distributions. Except to the extent that the holder of an Allowed Priority Non-Tax Claim in Xros Class 1 agrees to less favorable treatment or has been paid by or on behalf of Xros on account of such Allowed Priority Non-Tax Claim prior to the Effective Date, on the later of the Effective Date and the date on which such Priority Non-Tax Claim becomes an Allowed Priority Non-Tax Claim, or as soon thereafter as is practicable, each holder of an Allowed Priority Non-Tax Claim in Xros Class 1 shall be paid by Xros in Cash in an amount equal to the Allowed amount of such Priority Non-Tax Claim.

### 4.32    Xros Class 2 – Secured Claims against Xros.

(a)     Impairment and Voting. Xros Class 2 is Unimpaired by the Plan. Each holder of an Allowed Secured Claim in Xros Class 2 is not entitled to vote to accept or reject the Plan and is deemed to accept the Plan.

(b)     Distributions. Except to the extent that the holder of an Allowed Secured Claim agrees to less favorable treatment, each holder of an Allowed Secured Claim in Xros Class 2 shall be satisfied by, at the option of Xros: (i) payment in Cash by Xros in an amount equal to the Allowed amount of such Secured Claim on the later of the Effective Date and the date on which such Secured Claim becomes an Allowed Secured Claim; (ii) the sale or disposition proceeds of the Collateral securing such Allowed Secured Claim to the extent of the value of the Collateral securing such Allowed Secured Claim; (iii) surrender of the Collateral securing such Allowed Secured Claim to the holder of such Allowed Secured Claim ; or (iv) such treatment that leaves unaltered the legal, equitable and contractual rights to which the holder of the Allowed Secured Claim is entitled. In the event an Allowed Secured Claim is treated under clause (i) or (ii) above, the Liens securing such Claim shall be deemed released and extinguished without further order of the Bankruptcy Court.

### 4.33    Xros Class 3 – General Unsecured Claims against Xros.

(a)     Impairment and Voting. Xros Class 3 is Impaired by the Plan. Each holder of an Allowed General Unsecured Claim in Xros Class 3 is entitled to vote to accept or reject the Plan.

(b)     Distributions. Each holder of an Allowed General Unsecured Claim in Xros Class 3 shall receive its Pro Rata Share of Creditor Proceeds from Xros.

### 4.34    Xros Class 4 – Subordinated Claims against Xros.

(a)     Impairment and Voting. Xros Class 4 is Impaired by the Plan. Each holder of an Allowed Subordinated Claim in Xros Class 4 is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)     Distributions. Each holder of an Allowed Subordinated Claim in Xros Class 4 shall not receive or retain any interest or property under the Plan on account of such Claims; *provided, however*, that in the event that all Allowed Claims in Xros Classes 1 through 3 have been satisfied in full, in accordance with the Bankruptcy Code and the Plan, each holder of an Allowed Subordinated Claim in Xros Class 4 shall receive its Pro Rata Share of any remaining Creditor Proceeds from Xros.

### 4.35    Xros Class 5A – Xros Interests.

(a)    Impairment and Voting. Xros Class 5A is Impaired by the Plan. Each holder of a Xros Interest in Xros Class 5A is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)    Distributions. Each holder of a Xros Interest shall neither receive nor retain any property or interest in property on account of its Xros Interest, and the Xros Interests shall be cancelled; *provided*, *however*, that in the event that all Allowed Claims in Xros Classes 1 through 4 have been satisfied in full, in accordance with the Bankruptcy Code and the Plan, each holder of a Xros Interest in Xros Class 5A shall receive its Pro Rata Share of any remaining Creditor Proceeds from Xros.

### 4.36    Xros Class 5B – Xros Interests Securities Fraud Claims.

(a)    Impairment and Voting. Xros Class 5B is Impaired by the Plan. Each holder of an Allowed Xros Interests Securities Fraud Claim in Xros Class 5B is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)    Distributions. Each holder of an Allowed Xros Interests Securities Fraud Claim in Xros Class 5B shall receive no Distribution under the Plan in respect of its Allowed Xros Interests Securities Fraud Claims.

### 4.37    Sonoma Class 1 – Priority Non-Tax Claims against Sonoma.

(a)    Impairment and Voting. Sonoma Class 1 is Unimpaired by the Plan. Each holder of an Allowed Priority Non-Tax Claim in Sonoma Class 1 is not entitled to vote to accept or reject the Plan and is deemed to accept the Plan.

(b)    Distributions. Except to the extent that the holder of an Allowed Priority Non-Tax Claim in Sonoma Class 1 agrees to less favorable treatment or has been paid by or on behalf of Sonoma on account of such Allowed Priority Non-Tax Claim prior to the Effective Date, on the later of the Effective Date and the date on which such Priority Non-Tax Claim becomes an Allowed Priority Non-Tax Claim, or as soon thereafter as is practicable, each holder of an Allowed Priority Non-Tax Claim in Sonoma Class 1 shall be paid by Sonoma in Cash in an amount equal to the Allowed amount of such Priority Non-Tax Claim.

### 4.38    Sonoma Class 2 – Secured Claims against Sonoma.

(a)    Impairment and Voting. Sonoma Class 2 is Unimpaired by the Plan. Each holder of an Allowed Secured Claim in Sonoma Class 2 is not entitled to vote to accept or reject the Plan and is deemed to accept the Plan.

(b)    Distributions. Except to the extent that the holder of an Allowed Secured Claim agrees to less favorable treatment, each holder of an Allowed Secured Claim in Sonoma Class 2 shall be satisfied by, at the option of Sonoma: (i) payment in Cash by Sonoma in an amount equal to the Allowed amount of such Secured Claim on the later of the Effective Date and the date on which such Secured Claim becomes an Allowed Secured Claim; (ii) the sale or

disposition proceeds of the Collateral securing such Allowed Secured Claim to the extent of the value of the Collateral securing such Allowed Secured Claim; (iii) surrender of the Collateral securing such Allowed Secured Claim to the holder of such Allowed Secured Claim; or (iv) such treatment that leaves unaltered the legal, equitable and contractual rights to which the holder of the Allowed Secured Claim is entitled. In the event an Allowed Secured Claim is treated under clause (i) or (ii) above, the Liens securing such Claim shall be deemed released and extinguished without further order of the Bankruptcy Court.

**4.39    Sonoma Class 3 – General Unsecured Claims against Sonoma.**

(a)    Impairment and Voting. Sonoma Class 3 is Impaired by the Plan. Each holder of an Allowed General Unsecured Claim in Sonoma Class 3 is entitled to vote to accept or reject the Plan.

(b)    Distributions. Each holder of an Allowed General Unsecured Claim in Sonoma Class 3 shall receive its Pro Rata Share of Creditor Proceeds from Sonoma.

**4.40    Sonoma Class 4 – Subordinated Claims against Sonoma.**

(a)    Impairment and Voting. Sonoma Class 4 is Impaired by the Plan. Each holder of an Allowed Subordinated Claim in Sonoma Class 4 is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)    Distributions. Each holder of an Allowed Subordinated Claim in Sonoma Class 4 shall not receive or retain any interest or property under the Plan on account of such Claims; *provided, however*, that in the event that all Allowed Claims in Sonoma Classes 1 through 3 have been satisfied in full, in accordance with the Bankruptcy Code and the Plan, each holder of an Allowed Subordinated Claim in Sonoma Class 4 shall receive its Pro Rata Share of any remaining Creditor Proceeds from Sonoma.

**4.41    Sonoma Class 5A – Sonoma Interests.**

(a)    Impairment and Voting. Sonoma Class 5A is Impaired by the Plan. Each holder of a Sonoma Interest in Sonoma Class 5A is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)    Distributions. Each holder of a Sonoma Interest shall neither receive nor retain any property or interest in property on account of its Sonoma Interest, and the Sonoma Interests shall be cancelled; *provided, however*, that in the event that all Allowed Claims in Sonoma Classes 1 through 4 have been satisfied in full, in accordance with the Bankruptcy Code and the Plan, each holder of a Sonoma Interest in Sonoma Class 5A shall receive its Pro Rata Share of any remaining Creditor Proceeds from Sonoma.

**4.42    Sonoma Class 5B – Sonoma Interests Securities Fraud Claims.**

(a)    Impairment and Voting. Sonoma Class 5B is Impaired by the Plan. Each holder of an Allowed Sonoma Interests Securities Fraud Claim in Sonoma Class 5B is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

32

(b)    <u>Distributions</u>. Each holder of an Allowed Sonoma Interests Securities Fraud Claim in Sonoma Class 5B shall receive no Distribution under the Plan in respect of its Allowed Sonoma Interests Securities Fraud Claims.

### 4.43    Qtera Class 1 – Priority Non-Tax Claims against Qtera.

(a)    <u>Impairment and Voting</u>. Qtera Class 1 is Unimpaired by the Plan. Each holder of an Allowed Priority Non-Tax Claim in Qtera Class 1 is not entitled to vote to accept or reject the Plan and is deemed to accept the Plan.

(b)    <u>Distributions</u>. Except to the extent that the holder of an Allowed Priority Non-Tax Claim in Qtera Class 1 agrees to less favorable treatment or has been paid by or on behalf of Qtera on account of such Allowed Priority Non-Tax Claim prior to the Effective Date, on the later of the Effective Date and the date on which such Priority Non-Tax Claim becomes an Allowed Priority Non-Tax Claim, or as soon thereafter as is practicable, each holder of an Allowed Priority Non-Tax Claim in Qtera Class 1 shall be paid by Qtera in Cash in an amount equal to the Allowed amount of such Priority Non-Tax Claim.

### 4.44    Qtera Class 2 – Secured Claims against Qtera.

(a)    <u>Impairment and Voting</u>. Qtera Class 2 is Unimpaired by the Plan. Each holder of an Allowed Secured Claim in Qtera Class 2 is not entitled to vote to accept or reject the Plan and is deemed to accept the Plan.

(b)    <u>Distributions</u>. Except to the extent that the holder of an Allowed Secured Claim agrees to less favorable treatment, each holder of an Allowed Secured Claim in Qtera Class 2 shall be satisfied by, at the option of Qtera: (i) payment in Cash by Qtera in an amount equal to the Allowed amount of such Secured Claim on the later of the Effective Date and the date on which such Secured Claim becomes an Allowed Secured Claim; (ii) the sale or disposition proceeds of the Collateral securing such Allowed Secured Claim to the extent of the value of the Collateral securing such Allowed Secured Claim; (iii) surrender of the Collateral securing such Allowed Secured Claim to the holder of such Allowed Secured Claim; or (iv) such treatment that leaves unaltered the legal, equitable and contractual rights to which the holder of the Allowed Secured Claim is entitled. In the event an Allowed Secured Claim is treated under clause (i) or (ii) above, the Liens securing such Claim shall be deemed released and extinguished without further order of the Bankruptcy Court.

### 4.45    Qtera Class 3 – General Unsecured Claims against Qtera.

(a)    <u>Impairment and Voting</u>. Qtera Class 3 is Impaired by the Plan. Each holder of an Allowed General Unsecured Claim in Qtera Class 3 is entitled to vote to accept or reject the Plan.

(b)    <u>Distributions</u>. Each holder of an Allowed General Unsecured Claim in Qtera Class 3 shall receive its Pro Rata Share of Creditor Proceeds from Qtera.

33

### 4.46    Qtera Class 4 – Subordinated Claims against Qtera.

(a)    _Impairment and Voting._ Qtera Class 4 is Impaired by the Plan. Each holder of an Allowed Subordinated Claim in Qtera Class 4 is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)    _Distributions._ Each holder of an Allowed Subordinated Claim in Qtera Class 4 shall not receive or retain any interest or property under the Plan on account of such Claims; _provided, however,_ that in the event that all Allowed Claims in Qtera Classes 1 through 3 have been satisfied in full, in accordance with the Bankruptcy Code and the Plan, each holder of an Allowed Subordinated Claim in Qtera Class 4 shall receive its Pro Rata Share of any remaining Creditor Proceeds from Qtera.

### 4.47    Qtera Class 5A -- Qtera Interests.

(a)    _Impairment and Voting._ Qtera Class 5A is Impaired by the Plan. Each holder of a Qtera Interest in Qtera Class 5A is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)    _Distributions._ The Qtera Interests shall be cancelled and each holder of a Qtera Interest shall receive its pro rata Distribution of Reorganized Qtera LLC Interests; _provided, however,_ that no holder of a Qtera Interest shall receive any Distribution of Creditor Proceeds on account of its former Qtera Interests or its Reorganized Qtera LLC Interests; _provided, further,_ that in the event that all Allowed Claims in Qtera Classes 1 through 4 have been satisfied in full, in accordance with the Bankruptcy Code and the Plan, each holder of a Qtera Interest in Qtera Class 5A shall receive its Pro Rata Share of any remaining Creditor Proceeds from Qtera.

### 4.48    Qtera Class 5B – Qtera Interests Securities Fraud Claims.

(a)    _Impairment and Voting._ Qtera Class 5B is Impaired by the Plan. Each holder of an Allowed Qtera Interests Securities Fraud Claim in Qtera Class 5B is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)    _Distributions._ Each holder of an Allowed Qtera Interests Securities Fraud Claim in Qtera Class 5B shall receive no Distribution under the Plan in respect of its Allowed Qtera Interests Securities Fraud Claims.

### 4.49    CoreTek Class 1 – Priority Non-Tax Claims against CoreTek.

(a)    _Impairment and Voting._ CoreTek Class 1 is Unimpaired by the Plan. Each holder of an Allowed Priority Non-Tax Claim in CoreTek Class 1 is not entitled to vote to accept or reject the Plan and is deemed to accept the Plan.

(b)    _Distributions._ Except to the extent that the holder of an Allowed Priority Non-Tax Claim in CoreTek Class 1 agrees to less favorable treatment or has been paid by or on behalf of CoreTek on account of such Allowed Priority Non-Tax Claim prior to the Effective Date, on the later of the Effective Date and the date on which such Priority Non-Tax

34

Claim becomes an Allowed Priority Non-Tax Claim, or as soon thereafter as is practicable, each holder of an Allowed Priority Non-Tax Claim in CoreTek Class 1 shall be paid by CoreTek in Cash in an amount equal to the Allowed amount of such Priority Non-Tax Claim.

**4.50    CoreTek Class 2 – Secured Claims against CoreTek.**

(a)    Impairment and Voting.  CoreTek Class 2 is Unimpaired by the Plan. Each holder of an Allowed Secured Claim in CoreTek Class 2 is not entitled to vote to accept or reject the Plan and is deemed to accept the Plan.

(b)    Distributions.  Except to the extent that the holder of an Allowed Secured Claim agrees to less favorable treatment, each holder of an Allowed Secured Claim in CoreTek Class 2 shall be satisfied by, at the option of CoreTek: (i) payment in Cash by CoreTek in an amount equal to the Allowed amount of such Secured Claim on the later of the Effective Date and the date on which such Secured Claim becomes an Allowed Secured Claim; (ii) the sale or disposition proceeds of the Collateral securing such Allowed Secured Claim to the extent of the value of the Collateral securing such Allowed Secured Claim; (iii) surrender of the Collateral securing such Allowed Secured Claim to the holder of such Allowed Secured Claim; or (iv) such treatment that leaves unaltered the legal, equitable and contractual rights to which the holder of the Allowed Secured Claim is entitled. In the event an Allowed Secured Claim is treated under clause (i) or (ii) above, the Liens securing such Claim shall be deemed released and extinguished without further order of the Bankruptcy Court.

**4.51    CoreTek Class 3 – General Unsecured Claims against CoreTek.**

(a)    Impairment and Voting.  CoreTek Class 3 is Impaired by the Plan. Each holder of an Allowed General Unsecured Claim in CoreTek Class 3 is entitled to vote to accept or reject the Plan.

(b)    Distributions.  Each holder of an Allowed General Unsecured Claim in CoreTek Class 3 shall receive its Pro Rata Share of Creditor Proceeds from CoreTek.

**4.52    CoreTek Class 4 – Subordinated Claims against CoreTek.**

(a)    Impairment and Voting.  CoreTek Class 4 is Impaired by the Plan. Each holder of an Allowed Subordinated Claim in CoreTek Class 4 is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)    Distributions.  Each holder of an Allowed Subordinated Claim in CoreTek Class 4 shall not receive or retain any interest or property under the Plan on account of such Claims; *provided, however*, that in the event that all Allowed Claims in CoreTek Classes 1 through 3 have been satisfied in full, in accordance with the Bankruptcy Code and the Plan, each holder of an Allowed Subordinated Claim in CoreTek Class 4 shall receive its Pro Rata Share of any remaining Creditor Proceeds from CoreTek.

35

### 4.53    CoreTek Class 5A – CoreTek Interests.

(a)    <u>Impairment and Voting</u>. CoreTek Class 5A is Impaired by the Plan. Each holder of a CoreTek Interest in CoreTek Class 5A is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)    <u>Distributions</u>. Each holder of a CoreTek Interest shall neither receive nor retain any property or interest in property on account of its CoreTek Interest, and the CoreTek Interests shall be cancelled; *provided, however*, that in the event that all Allowed Claims in CoreTek Classes 1 through 4 have been satisfied in full, in accordance with the Bankruptcy Code and the Plan, each holder of a CoreTek Interest in CoreTek Class 5A shall receive its Pro Rata Share of any remaining Creditor Proceeds from CoreTek.

### 4.54    CoreTek Class 5B – CoreTek Interests Securities Fraud Claims.

(a)    <u>Impairment and Voting</u>. CoreTek Class 5B is Impaired by the Plan. Each holder of an Allowed CoreTek Interests Securities Fraud Claim in CoreTek Class 5B is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)    <u>Distributions</u>. Each holder of an Allowed CoreTek Interests Securities Fraud Claim in CoreTek Class 5B shall receive no Distribution under the Plan in respect of its Allowed CoreTek Interests Securities Fraud Claims.

### 4.55    NN Applications Class 1 – Priority Non-Tax Claims against NN Applications.

(a)    <u>Impairment and Voting</u>. NN Applications Class 1 is Unimpaired by the Plan. Each holder of an Allowed Priority Non-Tax Claim in NN Applications Class 1 is not entitled to vote to accept or reject the Plan and is deemed to accept the Plan.

(b)    <u>Distributions</u>. Except to the extent that the holder of an Allowed Priority Non-Tax Claim in NN Applications Class 1 agrees to less favorable treatment or has been paid by or on behalf of NN Applications on account of such Allowed Priority Non-Tax Claim prior to the Effective Date, on the later of the Effective Date and the date on which such Priority Non-Tax Claim becomes an Allowed Priority Non-Tax Claim, or as soon thereafter as is practicable, each holder of an Allowed Priority Non-Tax Claim in NN Applications Class 1 shall be paid by NN Applications in Cash in an amount equal to the Allowed amount of such Priority Non-Tax Claim.

### 4.56    NN Applications Class 2 – Secured Claims against NN Applications.

(a)    <u>Impairment and Voting</u>. NN Applications Class 2 is Unimpaired by the Plan. Each holder of an Allowed Secured Claim in NN Applications Class 2 is not entitled to vote to accept or reject the Plan and is deemed to accept the Plan.

(b)    <u>Distributions</u>. Except to the extent that the holder of an Allowed Secured Claim agrees to less favorable treatment, each holder of an Allowed Secured Claim in NN Applications Class 2 shall be satisfied by, at the option of NN Applications: (i) payment in

Cash by NN Applications in an amount equal to the Allowed amount of such Secured Claim on the later of the Effective Date and the date on which such Secured Claim becomes an Allowed Secured Claim; (ii) the sale or disposition proceeds of the Collateral securing such Allowed Secured Claim to the extent of the value of the Collateral securing such Allowed Secured Claim; (iii) surrender of the Collateral securing such Allowed Secured Claim to the holder of such Allowed Secured Claim; or (iv) such treatment that leaves unaltered the legal, equitable and contractual rights to which the holder of the Allowed Secured Claim is entitled. In the event an Allowed Secured Claim is treated under clause (i) or (ii) above, the Liens securing such Claim shall be deemed released and extinguished without further order of the Bankruptcy Court.

**4.57    NN Applications Class 3 – General Unsecured Claims against NN Applications.**

(a)    <u>Impairment and Voting</u>. NN Applications Class 3 is Impaired by the Plan. Each holder of an Allowed General Unsecured Claim in NN Applications Class 3 is entitled to vote to accept or reject the Plan.

(b)    <u>Distributions</u>. Each holder of an Allowed General Unsecured Claim in NN Applications Class 3 shall receive its Pro Rata Share of Creditor Proceeds from NN Applications.

**4.58    NN Applications Class 4 – Subordinated Claims against NN Applications.**

(a)    <u>Impairment and Voting</u>. NN Applications Class 4 is Impaired by the Plan. Each holder of an Allowed Subordinated Claim in NN Applications Class 4 is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)    <u>Distributions</u>. Each holder of an Allowed Subordinated Claim in NN Applications Class 4 shall not receive or retain any interest or property under the Plan on account of such Claims; *provided*, *however*, that in the event that all Allowed Claims in NN Applications Classes 1 through 3 have been satisfied in full, in accordance with the Bankruptcy Code and the Plan, each holder of an Allowed Subordinated Claim in NN Applications Class 4 shall receive its Pro Rata Share of any remaining Creditor Proceeds from NN Applications.

**4.59    NN Applications Class 5A – NN Applications Interests.**

(a)    <u>Impairment and Voting</u>. NN Applications Class 5A is Impaired by the Plan. Each holder of an NN Applications Interest in NN Applications Class 5A is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)    <u>Distributions</u>. Each holder of an NN Applications Interest shall neither receive nor retain any property or interest in property on account of its NN Applications Interest, and the NN Applications Interests shall be cancelled; *provided*, *however*, that in the event that all Allowed Claims in NN Applications Classes 1 through 4 have been satisfied in full, in accordance with the Bankruptcy Code and the Plan, each holder of an NN Applications Interest in NN Applications Class 5A shall receive its Pro Rata Share of any remaining Creditor Proceeds from NN Applications.

### 4.60    NN Applications Class 5B – NN Applications Interests Securities Fraud Claims.

(a)    <u>Impairment and Voting</u>. NN Applications Class 5B is Impaired by the Plan. Each holder of an Allowed NN Applications Interests Securities Fraud Claim in NN Applications Class 5B is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)    <u>Distributions</u>. Each holder of an Allowed NN Applications Interests Securities Fraud Claim in NN Applications Class 5B shall receive no Distribution under the Plan in respect of its Allowed NN Applications Interests Securities Fraud Claims.

### 4.61    NN Optical Class 1 – Priority Non-Tax Claims against NN Optical.

(a)    <u>Impairment and Voting</u>. NN Optical Class 1 is Unimpaired by the Plan. Each holder of an Allowed Priority Non-Tax Claim in NN Optical Class 1 is not entitled to vote to accept or reject the Plan and is deemed to accept the Plan.

(b)    <u>Distributions</u>. Except to the extent that the holder of an Allowed Priority Non-Tax Claim in NN Optical Class 1 agrees to less favorable treatment or has been paid by or on behalf of NN Optical on account of such Allowed Priority Non-Tax Claim prior to the Effective Date, on the later of the Effective Date and the date on which such Priority Non-Tax Claim becomes an Allowed Priority Non-Tax Claim, or as soon thereafter as is practicable, each holder of an Allowed Priority Non-Tax Claim in NN Optical Class 1 shall be paid by NN Optical in Cash in an amount equal to the Allowed amount of such Priority Non-Tax Claim.

### 4.62    NN Optical Class 2 – Secured Claims against NN Optical.

(a)    <u>Impairment and Voting</u>. NN Optical Class 2 is Unimpaired by the Plan. Each holder of an Allowed Secured Claim in NN Optical Class 2 is not entitled to vote to accept or reject the Plan and is deemed to accept the Plan.

(b)    <u>Distributions</u>. Except to the extent that the holder of an Allowed Secured Claim agrees to less favorable treatment, each holder of an Allowed Secured Claim in NN Optical Class 2 shall be satisfied by, at the option of NN Optical: (i) payment in Cash by NN Optical in an amount equal to the Allowed amount of such Secured Claim on the later of the Effective Date and the date such Secured Claim becomes an Allowed Secured Claim; (ii) the sale or disposition proceeds of the Collateral securing such Allowed Secured Claim to the extent of the value of the Collateral securing such Allowed Secured Claim; (iii) surrender of the Collateral securing such Allowed Secured Claim to the holder of such Allowed Secured Claim; or (iv) such treatment that leaves unaltered the legal, equitable and contractual rights to which the holder of the Allowed Secured Claim is entitled. In the event an Allowed Secured Claim is treated under clause (i) or (ii) above, the Liens securing such Claim shall be deemed released and extinguished without further order of the Bankruptcy Court.

### 4.63    NN Optical Class 3 – General Unsecured Claims against NN Optical.

(a)    Impairment and Voting. NN Optical Class 3 is Impaired by the Plan. Each holder of an Allowed General Unsecured Claim in NN Optical Class 3 is entitled to vote to accept or reject the Plan.

(b)    Distributions. Each holder of an Allowed General Unsecured Claim in NN Optical Class 3 shall receive its Pro Rata Share of Creditor Proceeds from NN Optical.

### 4.64    NN Optical Class 4 – Subordinated Claims against NN Optical.

(a)    Impairment and Voting. NN Optical Class 4 is Impaired by the Plan. Each holder of an Allowed Subordinated Claim in NN Optical Class 4 is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)    Distributions. Each holder of an Allowed Subordinated Claim in NN Optical Class 4 shall not receive or retain any interest or property under the Plan on account of such Claims; *provided, however,* that in the event that all Allowed Claims in NN Optical Classes 1 through 3 have been satisfied in full, in accordance with the Bankruptcy Code and the Plan, each holder of an Allowed Subordinated Claim in NN Optical Class 4 shall receive its Pro Rata Share of any remaining Creditor Proceeds from NN Optical.

### 4.65    NN Optical Class 5A – NN Optical Interests.

(a)    Impairment and Voting. NN Optical Class 5A is Impaired by the Plan. Each holder of an NN Optical Interest in NN Optical Class 5A is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)    Distributions. Each holder of an NN Optical Interest shall neither receive nor retain any property or interest in property on account of its NN Optical Interest, and the NN Optical Interests shall be cancelled; *provided, however,* that in the event that all Allowed Claims in NN Optical Classes 1 through 4 have been satisfied in full, in accordance with the Bankruptcy Code and the Plan, each holder of an NN Optical Interest in NN Optical Class 5A shall receive its Pro Rata Share of any remaining Creditor Proceeds from NN Optical.

### 4.66    NN Optical Class 5B – NN Optical Interests Securities Fraud Claims.

(a)    Impairment and Voting. NN Optical Class 5B is Impaired by the Plan. Each holder of an Allowed NN Optical Interests Securities Fraud Claim in NN Optical Class 5B is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)    Distributions. Each holder of an Allowed NN Optical Interests Securities Fraud Claim in NN Optical Class 5B shall receive no Distribution under the Plan in respect of its Allowed NN Optical Interests Securities Fraud Claims.

#### 4.67    NN HPOCS Class 1 – Priority Non-Tax Claims against NN HPOCS.

(a)    <u>Impairment and Voting</u>. NN HPOCS Class 1 is Unimpaired by the Plan. Each holder of an Allowed Priority Non-Tax Claim in NN HPOCS Class 1 is not entitled to vote to accept or reject the Plan and is deemed to accept the Plan.

(b)    <u>Distributions</u>. Except to the extent that the holder of an Allowed Priority Non-Tax Claim in NN HPOCS Class 1 agrees to less favorable treatment or has been paid by or on behalf of NN HPOCS on account of such Allowed Priority Non-Tax Claim prior to the Effective Date, on the later of the Effective Date and the date on which such Priority Non-Tax Claim becomes an Allowed Priority Non-Tax Claim, or as soon thereafter as is practicable, each holder of an Allowed Priority Non-Tax Claim in NN HPOCS Class 1 shall be paid by NN HPOCS in Cash in an amount equal to the Allowed amount of such Priority Non-Tax Claim.

#### 4.68    NN HPOCS Class 2 – Secured Claims against NN HPOCS.

(a)    <u>Impairment and Voting</u>. NN HPOCS Class 2 is Unimpaired by the Plan. Each holder of an Allowed Secured Claim in NN HPOCS Class 2 is not entitled to vote to accept or reject the Plan and is deemed to accept the Plan.

(b)    <u>Distributions</u>. Except to the extent that the holder of an Allowed Secured Claim agrees to less favorable treatment, each holder of an Allowed Secured Claim in NN HPOCS Class 2 shall be satisfied by, at the option of NN HPOCS: (i) payment in Cash by NN HPOCS in an amount equal to the Allowed amount of such Secured Claim on the later of the Effective Date and the date on which such Secured Claim becomes an Allowed Secured Claim; (ii) the sale or disposition proceeds of the Collateral securing such Allowed Secured Claim to the extent of the value of the Collateral securing such Allowed Secured Claim; (iii) surrender of the Collateral securing such Allowed Secured Claim to the holder of such Allowed Secured Claim; or (iv) such treatment that leaves unaltered the legal, equitable and contractual rights to which the holder of the Allowed Secured Claim is entitled. In the event an Allowed Secured Claim is treated under clause (i) or (ii) above, the Liens securing such Claim shall be deemed released and extinguished without further order of the Bankruptcy Court.

#### 4.69    NN HPOCS Class 3 – General Unsecured Claims against NN HPOCS.

(a)    <u>Impairment and Voting</u>. NN HPOCS Class 3 is Impaired by the Plan. Each holder of an Allowed General Unsecured Claim in NN HPOCS Class 3 is entitled to vote to accept or reject the Plan.

(b)    <u>Distributions</u>. Each holder of an Allowed General Unsecured Claim in NN HPOCS Class 3 shall receive its Pro Rata Share of Creditor Proceeds from NN HPOCS.

#### 4.70    NN HPOCS Class 4 – Subordinated Claims against NN HPOCS.

(a)    <u>Impairment and Voting</u>. NN HPOCS Class 4 is Impaired by the Plan. Each holder of an Allowed Subordinated Claim in NN HPOCS Class 4 is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)    *Distributions*. Each holder of an Allowed Subordinated Claim in NN HPOCS Class 4 shall not receive or retain any interest or property under the Plan on account of such Claims; *provided, however,* that in the event that all Allowed Claims in NN HPOCS Classes 1 through 3 have been satisfied in full, in accordance with the Bankruptcy Code and the Plan, each holder of an Allowed Subordinated Claim in NN HPOCS Class 4 shall receive its Pro Rata Share of any remaining Creditor Proceeds from NN HPOCS.

### 4.71    NN HPOCS Class 5A – NN HPOCS Interests.

(a)    *Impairment and Voting*. NN HPOCS Class 5A is Impaired by the Plan. Each holder of an NN HPOCS Interest in NN HPOCS Class 5A is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)    *Distributions*. The NN HPOCS Interests shall be cancelled and each holder of an NN HPOCS Interest shall receive its pro rata Distribution of Reorganized NN HPOCS LLC Interests; *provided, however,* that no holder of an NN HPOCS Interest shall receive any Distribution of Creditor Proceeds on account of its former NN HPOCS Interests or its Reorganized NN HPOCS LLC Interests; *provided, further,* that in the event that all Allowed Claims in NN HPOCS Classes 1 through 4 have been satisfied in full, in accordance with the Bankruptcy Code and the Plan, each holder of an NN HPOCS Interest in NN HPOCS Class 5A shall receive its Pro Rata Share of any remaining Creditor Proceeds from NN HPOCS.

### 4.72    NN HPOCS Class 5B – NN HPOCS Interests Securities Fraud Claims.

(a)    *Impairment and Voting*. NN HPOCS Class 5B is Impaired by the Plan. Each holder of an Allowed NN HPOCS Interests Securities Fraud Claim in NN HPOCS Class 5B is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)    *Distributions*. Each holder of an Allowed NN HPOCS Interests Securities Fraud Claim in NN HPOCS Class 5B shall receive no Distribution under the Plan in respect of its Allowed NN HPOCS Interests Securities Fraud Claims.

### 4.73    Architel Class 1 – Priority Non-Tax Claims against Architel.

(a)    *Impairment and Voting*. Architel Class 1 is Unimpaired by the Plan. Each holder of an Allowed Priority Non-Tax Claim in Architel Class 1 is not entitled to vote to accept or reject the Plan and is deemed to accept the Plan.

(b)    *Distributions*. Except to the extent that the holder of an Allowed Priority Non-Tax Claim in Architel Class 1 agrees to less favorable treatment or has been paid by or on behalf of Architel on account of such Allowed Priority Non-Tax Claim prior to the Effective Date, on the later of the Effective Date and the date on which such Priority Non-Tax Claim becomes an Allowed Priority Non-Tax Claim, or as soon thereafter as is practicable, each holder of an Allowed Priority Non-Tax Claim in Architel Class 1 shall be paid by Architel in Cash in an amount equal to the Allowed amount of such Priority Non-Tax Claim.

### 4.74    Architel Class 2 – Secured Claims against Architel.

(a)    <u>Impairment and Voting</u>. Architel Class 2 is Unimpaired by the Plan. Each holder of an Allowed Secured Claim in Architel Class 2 is not entitled to vote to accept or reject the Plan and is deemed to accept the Plan.

(b)    <u>Distributions</u>. Except to the extent that the holder of an Allowed Secured Claim agrees to less favorable treatment, each holder of an Allowed Secured Claim in Architel Class 2 shall be satisfied by, at the option of Architel: (i) payment in Cash by Architel in an amount equal to the Allowed amount of such Secured Claim on the later of the Effective Date and the date on which such Secured Claim becomes an Allowed Secured Claim; (ii) the sale or disposition proceeds of the Collateral securing such Allowed Secured Claim to the extent of the value of the Collateral securing such Allowed Secured Claim; (iii) surrender the Collateral securing such Allowed Secured Claim to the holder of such Allowed Secured Claim; or (iv) such treatment that leaves unaltered the legal, equitable and contractual rights to which the holder of the Allowed Secured Claim is entitled. In the event an Allowed Secured Claim is treated under clause (i) or (ii) above, the Liens securing such Claim shall be deemed released and extinguished without further order of the Bankruptcy Court.

### 4.75    Architel Class 3 – General Unsecured Claims against Architel.

(a)    <u>Impairment and Voting</u>. Architel Class 3 is Impaired by the Plan. Each holder of an Allowed General Unsecured Claim in Architel Class 3 is entitled to vote to accept or reject the Plan.

(b)    <u>Distributions</u>. Each holder of an Allowed General Unsecured Claim in Architel Class 3 shall receive its Pro Rata Share of Creditor Proceeds from Architel.

### 4.76    Architel Class 4 – Subordinated Claims against Architel.

(a)    <u>Impairment and Voting</u>. Architel Class 4 is Impaired by the Plan. Each holder of an Allowed Subordinated Claim in Architel Class 4 is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)    <u>Distributions</u>. Each holder of an Allowed Subordinated Claim in Architel Class 4 shall not receive or retain any interest or property under the Plan on account of such Claims; <u>provided</u>, <u>however</u>, that in the event that all Allowed Claims in Architel Classes 1 through 3 have been satisfied in full, in accordance with the Bankruptcy Code and the Plan, each holder of an Allowed Subordinated Claim in Architel Class 4 shall receive its Pro Rata Share of any remaining Creditor Proceeds from Architel.

### 4.77    Architel Class 5A – Architel Interests.

(a)    <u>Impairment and Voting</u>. Architel Class 5A is Impaired by the Plan. Each holder of an Architel Interest in Architel Class 5A is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

42

(b)      <u>Distributions</u>. Each holder of an Architel Interest shall neither receive nor retain any property or interest in property on account of its Architel Interest, and the Architel Interests shall be cancelled; *provided, however*, that in the event that all Allowed Claims in Architel Classes 1 through 4 have been satisfied in full, in accordance with the Bankruptcy Code and the Plan, each holder of an Architel Interest in Architel Class 5A shall receive its Pro Rata Share of any remaining Creditor Proceeds from Architel.

### 4.78    Architel Class 5B – Architel Interests Securities Fraud Claims.

(a)      <u>Impairment and Voting</u>. Architel Class 5B is Impaired by the Plan. Each holder of an Allowed Architel Interests Securities Fraud Claim in Architel Class 5B is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)      <u>Distributions</u>. Each holder of an Allowed Architel Interests Securities Fraud Claim in Architel Class 5B shall receive no Distribution under the Plan in respect of its Allowed Architel Interests Securities Fraud Claims.

### 4.79    NNII Class 1 – Priority Non-Tax Claims against NNII.

(a)      <u>Impairment and Voting</u>. NNII Class 1 is Unimpaired by the Plan. Each holder of an Allowed Priority Non-Tax Claim in NNII Class 1 is not entitled to vote to accept or reject the Plan and is deemed to accept the Plan.

(b)      <u>Distributions</u>. Except to the extent that the holder of an Allowed Priority Non-Tax Claim in NNII Class 1 agrees to less favorable treatment or has been paid by or on behalf of NNII on account of such Allowed Priority Non-Tax Claim prior to the Effective Date, on the later of the Effective Date and the date on which such Priority Non-Tax Claim becomes an Allowed Priority Non-Tax Claim, or as soon thereafter as is practicable, each holder of an Allowed Priority Non-Tax Claim in NNII Class 1 shall be paid by NNII in Cash in an amount equal to the Allowed amount of such Priority Non-Tax Claim.

### 4.80    NNII Class 2 – Secured Claims against NNII.

(a)      <u>Impairment and Voting</u>. NNII Class 2 is Unimpaired by the Plan. Each holder of an Allowed Secured Claim in NNII Class 2 is not entitled to vote to accept or reject the Plan and is deemed to accept the Plan.

(b)      <u>Distributions</u>. Except to the extent that the holder of an Allowed Secured Claim agrees to less favorable treatment, each holder of an Allowed Secured Claim in NNII Class 2 shall be satisfied by, at the option of NNII: (i) payment in Cash by NNII in an amount equal to the Allowed amount of such Secured Claim on the later of the Effective Date and the date on which such Secured Claim becomes an Allowed Secured Claim; (ii) the sale or disposition proceeds of the Collateral securing such Allowed Secured Claim to the extent of the value of the Collateral securing such Allowed Secured Claim; (iii) surrender of the Collateral securing such Allowed Secured Claim to the holder of such Allowed Secured Claim; or (iv) such treatment that leaves unaltered the legal, equitable and contractual rights to which the holder of the Allowed Secured Claim is entitled. In the event an Allowed Secured Claim is treated under

43

clause (i) or (ii) above, the Liens securing such Claim shall be deemed released and extinguished without further order of the Bankruptcy Court.

**4.81    NNII Class 3 – General Unsecured Claims against NNII.**

      (a)    Impairment and Voting.  NNII Class 3 is Impaired by the Plan. Each holder of an Allowed General Unsecured Claim in NNII Class 3 is entitled to vote to accept or reject the Plan.

      (b)    Distributions.  Each holder of an Allowed General Unsecured Claim in NNII Class 3 shall receive its Pro Rata Share of Creditor Proceeds from NNII.

**4.82    NNII Class 4 – Subordinated Claims against NNII.**

      (a)    Impairment and Voting.  NNII Class 4 is Impaired by the Plan. Each holder of an Allowed Subordinated Claim in NNII Class 4 is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

      (b)    Distributions.  Each holder of an Allowed Subordinated Claim in NNII Class 4 shall not receive or retain any interest or property under the Plan on account of such Claims; *provided, however,* that in the event that all Allowed Claims in NNII Classes 1 through 3 have been satisfied in full, in accordance with the Bankruptcy Code and the Plan, each holder of an Allowed Subordinated Claim in NNII Class 4 shall receive its Pro Rata Share of any remaining Creditor Proceeds from NNII.

**4.83    NNII Class 5A – NNII Interests.**

      (a)    Impairment and Voting.  NNII Class 5A is Impaired by the Plan. Each holder of an NNII Interest in NNII Class 5A is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

      (b)    Distributions.  The NNII Interests shall be cancelled and each holder of an NNII Interest shall receive its pro rata Distribution of Reorganized NNII LLC Interests; *provided, however,* that no holder of an NNII Interest shall receive any Distribution of Creditor Proceeds on account of its former NNII Interests or its Reorganized NNII LLC Interests; *provided, further,* that in the event that all Allowed Claims in NNII Classes 1 through 4 have been satisfied in full, in accordance with the Bankruptcy Code and the Plan, each holder of an NNII Interest in NNII Class 5A shall receive its Pro Rata Share of any remaining Creditor Proceeds from NNII.

**4.84    NNII Class 5B – NNII Interests Securities Fraud Claims.**

      (a)    Impairment and Voting.  NNII Class 5B is Impaired by the Plan. Each holder of an Allowed NNII Interests Securities Fraud Claim in NNII Class 5B is not entitled to vote to accept or reject the Plan and is deemed to have rejected the Plan.

(b)    _Distributions_. Each holder of an Allowed NNII Interests Securities Fraud Claim in NNII Class 5B shall receive no Distribution under the Plan in respect of its Allowed NNII Interests Securities Fraud Claims.

### 4.85    NTI Class 1 – Priority Non-Tax Claims against NTI.

(a)    _Impairment and Voting_. NTI Class 1 is Unimpaired by the Plan. Each holder of an Allowed Priority Non-Tax Claim in NTI Class 1 is not entitled to vote to accept or reject the Plan and is deemed to accept the Plan.

(b)    _Distributions_. Except to the extent that the holder of an Allowed Priority Non-Tax Claim in NTI Class 1 agrees to less favorable treatment or has been paid by or on behalf of NTI on account of such Allowed Priority Non-Tax Claim prior to the Effective Date, on the later of the Effective Date and the date on which such Priority Non-Tax Claim becomes an Allowed Priority Non-Tax Claim, or as soon thereafter as is practicable, each holder of an Allowed Priority Non-Tax Claim in NTI Class 1 shall be paid by NTI in Cash in an amount equal to the Allowed amount of such Priority Non-Tax Claim.

### 4.86    NTI Class 2 – Secured Claims against NTI.

(a)    _Impairment and Voting_. NTI Class 2 is Unimpaired by the Plan. Each holder of an Allowed Secured Claim in NTI Class 2 is not entitled to vote to accept or reject the Plan and is deemed to accept the Plan.

(b)    _Distributions_. Except to the extent that the holder of an Allowed Secured Claim agrees to less favorable treatment, each holder of an Allowed Secured Claim in NTI Class 2 shall be satisfied by, at the option of NTI: (i) payment in Cash by NTI in an amount equal to the Allowed amount of such Secured Claim on the later of the Effective Date and the date on which such Secured Claim becomes an Allowed Secured Claim; (ii) the sale or disposition proceeds of the Collateral securing such Allowed Secured Claim to the extent of the value of the Collateral securing such Allowed Secured Claim; (iii) surrender of the Collateral securing such Allowed Secured Claim to the holder of such Allowed Secured Claim; or (iv) such treatment that leaves unaltered the legal, equitable and contractual rights to which the holder of the Allowed Secured Claim is entitled. In the event an Allowed Secured Claim is treated under clause (i) or (ii) above, the Liens securing such Claim shall be deemed released and extinguished without further order of the Bankruptcy Court.

### 4.87    NTI Class 3 – General Unsecured Claims against NTI.

(a)    _Impairment and Voting_. NTI Class 3 is Impaired by the Plan. Each holder of an Allowed General Unsecured Claim in NTI Class 3 is entitled to vote to accept or reject the Plan.

(b)    _Distributions_. Each holder of an Allowed General Unsecured Claim in NTI Class 3 shall receive its Pro Rata Share of Creditor Proceeds from NTI.