Case # (09-10138 (KG))

From: Julian A. Cheatham
188 Westpoint Drive
Clarksville, VA 23927

To:

Clerk
U. S. Bankruptcy Court
824 Market Street
3rd Floor
Wilmington, Delaware  19801

Cc:

James L. Bromley
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, N.Y.  10006

Nortel has filed a motion on June 21 to terminate all former employee benefit plans effective August 31, 2010.  As a former Nortel employee of 23 years, I feel that Nortel's motion to terminate benefits at the end of August is unfair and unjust.  Many of us have not yet reached the age of 65 and do not quality for Medicare, which means we are subject to the unfair practices of the US insurance companies since many of us have pre-existing health conditions.  No one is hiring people in our age group, therefore many of us will be unable to afford health insurance.  That fact paints a bleak future, as we face health issues.  The incompetent executives who drove once powerful Nortel into bankruptcy have made us victims of this country's over priced health care system.  This is a slap in the face of those of us who worked hard for 20 to 30 years, only to face financial ruin at the end of the tunnel.  We have discussed the golden parachutes the Nortel executives created for themselves, as we face the possibility of losing everything we have worked hard for.  This is not a good situation for us.  Your decision will affect thousands of older retired Nortel workers facing a very bleak future without these benefits.

There is no provision for retirees to make a claim for the value of benefits to be terminated, as there was for the value of various forms of deferred compensation (such as pensions) which claims were due by September 30, 2009. While Nortel may argue that it has a unilateral right to terminate the plans without permitting retirees to make claims for the value of the terminated benefits, there is a difference among the plans (e.g., medical related plans vs. life insurance plans) which should be examined by the Court.

Nortel refers in its motion to plan language in 2010 summaries regarding its supposed unilateral rights to terminate the various plans. The Court should examine when such provisions were

added to the Plans -- possibly after the dates of retirement for many retirees. While such promises may be terminated in the bankruptcy process, retirees should be allowed to make claims for the value of such life insurance or long-term care or disability, just as they were for deferred compensation. All of these plans, including medical, need to be considered separately.

Nortel has agreed with employees in Canada that employee benefits, including health benefits, long term disability benefits and life insurance benefits would be maintained until December 31, 2010. In addition terminated employees were given an option to choose between a lump sum settlement and an annuitized deferred pension.

I am also aware that the funding to permit the Canadian Nortel estate to provide these benefits extensions were provided by the U.S. Nortel estate. This means that U.S. employees are twice disadvantaged: they lose their benefits four months sooner and there are also less funds available for settlement of their other U.S. employee claims such as non-qualified pensions, deferred compensation and severance.

I believe that Nortel's motion for earlier cancellation of U.S. benefits may have occurred because while Canadian employees were full participants in Canadian Court Proceedings and were represented by Koskie Minsky, where in the U.S. there was neither employee participation nor legal representation.

The benefits Nortel is seeking to terminate are essential and almost irreplaceable. The medical and other benefits are critical for their health and reasonable quality of life. For these reasons, and to insure basic fairness of the process, manner and timing of termination of these benefits, I believe that the court should authorize the appointment of a committee under Section 1114 of the Bankruptcy Code to protect the Nortel retirees, spouses and survivors with respect to their rights regarding these benefits.

I am asking that the Court:

(1) Please allow retirees to file claims for the value of the benefits to be terminated, and
(2) Please do not permit Nortel to discriminate against U.S. employees vs. Canadian employees.
(3) Please authorize the appointment of a committee under Section 1114 of the Bankruptcy Code.


Signed

[signature]

Date 07/08/2010