193 Via Soderini
Aptos, CA 95003
Phone: 831-684-1760
Cell : 925-963-6597
Email: mjanis@comcast.net

July 13, 2010

Honorable Kevin Gross
U.S. Bankruptcy Court for the District of Delaware
824 Market Street
6th Floor
Courtroom #3
Wilmington, DE 19801


In re: Nortel Networks Inc., et al, Debtors
Chapter 11
Case No. 09-10138


Your Honor:

I am writing to you today to register my Objection and my strong opposition to the motion set forth by the Debtors to Terminate Certain Retiree and Long Term Disability Plans. I understand that I am past the due date for Objections, but hope that you will at least consider what I have to say and consider extending the date by which people can file an Objection.

I am a Nortel Networks employee who is currently on Long Term Disability. My employee Global ID number is 0473736. I am 56 years old and should be receiving benefits until age 65. I first became disabled and stopped working in October 2001.

I am very concerned that my interests are not being represented or protected and that as a collective group, the employees on Long Term Disability are being subjected to a form of discrimination that appears to be protected under the U.S. Bankruptcy laws. We have no representation in U.S. Bankruptcy court and it seems absurd that over 4000 retirees and disabled employees should each be forced to each retain their own legal counsel and each produce their own argument for the court to hear. There is no "public defender" who works on our behalf..

When I first learned of the motion, I scrambled to find legal representation in this matter. I was told by a family attorney that my best bet was to retain an attorney in the State of Delaware who could represent me in U.S. Bankruptcy Court. I was given several names to contact, but it was right before the July 4th holiday when many people are off enjoying time away from the office. Several of the attorneys I contacted could not represent me because of a conflict of interest with their firm, or they simply did not have the time or interest to represent me in this matter. I eventually found an attorney that would talk to me who explained that he would need a $2500 retainer for this purpose and that I would have little chance of getting a favorable decision in spite of our best efforts. On that basis I elected not to pursue a formal objection because I was already losing my income and my benefits so I did not want to spend a lot of money on an attorney if it was futile. I felt like the deck was stacked against me and it would be hopeless to try and fight this motion.

Since then, that same attorney who discouraged me sent me an e-mail stating that the U.S. Trustee wants to form a committee to look into this matter on the retirees and disabled behalf. So based upon this new information, I decided to write this letter.

● Page 2                                                                                                          July 13, 2010

As you know, we have many laws to protect the disabled from being discriminated against. We have Equal Opportunity Employment and the Americans with Disabilities Act. However, it seems that with this motion that Nortel management is preparing to fire me and all others on Long Term Disability simply because we are disabled and costing them too much money. They claim to have the right to terminate the plan and dispose of us as employees. This just feels wrong. It seems to go against the intent of the laws protecting the rights of the disabled. The laws that are written were done so to prevent discrimination. I don't fully comprehend how the company's rights in bankruptcy court are greater than my rights as a disabled employee. But their wish is to reduce cost, pair down expenses, and eliminate us as employees.

I object to this thinking for a number of reasons. First, the corporation could still restructure itself and emerge from Chapter 11 as a smaller leaner profitable company. If this is a possibility, then as disabled employees we should have the right to remain as benefited employees the same as any other employee. We are performing the function the company has assigned to us. We are disabled. As a proportion of the number of remaining employees we are a larger percentage than when the larger company existed. Divestiture of divisions and employees was done without including our ranks in any of the deals that have been made so far.

So my second point is that the company could have included us as part of the asset sale of any its divisions. If we had been included as part of the sale, the buyer would have looked to be indemnified, which would have resulted in a slightly reduced sale price. So rather than include us in the asset sales that have taken place so far, they have elected to terminate our employment with the company. Again, I believe this to be a discriminatory policy.

The Long Term Disability Plan is a self funded plan that is paid from general operating expenses. The company could have purchased an insurance policy or an annuity policy to cover this cost, but unfortunately chose not to do so. It was a business decision that was made when the company was a much larger entity. So it is a plan that exists as long as the company exists, but now, we are being told that it is too expensive to maintain the program and they want to be relieved of that burden. So it appears that the company will continue to operate for some period of time after the termination of our employment. This hardly seems fair that the company will continue to operate with employees but be able to terminate disabled employees. Again we are being fired for being disabled.

Finally, the company could have offered us a cash buy out based upon the net present value of our remaining benefits. An actuary or financial analyst could have been utilized to determine an appropriate amount to pay each of us. Unfortunately for us, this also was either not considered or abandoned for expense reasons.

I was a senior manager with the company prior to becoming disabled and I understand the business motivation for their request. However, I am losing my major source of income, and all of my benefits including health insurance, life insurance, vision and dental insurance, future 401k contributions, dependent insurance, and I am being told not to worry because I can buy health insurance. How am I supposed to pay for that replacement coverage when my income goes away? I am supposed to pay for all my own benefits with the modest amount I receive from Social Security? It is hardly fair or even realistic.

I am not covered by the Nortel Pension Plan or any other plan other than Social Security Disability Insurance. So by being terminated as an employee, I am left without any safety net. I cannot collect unemployment insurance and as far as I know, I will not receive any severance pay. I am unsure if I can file with the court for severance pay or not. I also had money set aside in the Deferred Compensation Plan which I do not have access to and have made claim with this same court.

Finally I think that this case could set a dangerous precedent that other companies could leverage in the future. Other companies could use Chapter 11 as a means of terminating the employment of disabled employees and relieving themselves of retiree obligations and then re-emerge as a leaner more profitable company.

● Page 3                                                                                  July 13, 2010

If there is anything I can do to help in this process, I would be happy to help any way that is reasonable. I am not sure that I would be able to serve on the proposed committee due to the fact that I am located in California and I am unsure whether I would have the energy due to my disability to perform as the court might require.

I am not a lawyer and have no formal training in the law. I do not have access to a bankruptcy attorney and so do not know if any of the arguments I have set forth carry any weight. But I do know that what the company is attempting to do is wrong.

Thank you in advance for your consideration of this matter.

Sincerely,

Mark R. Janis

cc
Cleary Gottlieb Steen and Hamilton LLP
One Liberty Plaza
New York, New York 1006

Morris Nichols Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801