IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X
:
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
: RE: D.I.'s 9, 58, 180, 239, 337, 1073, 1099, 2274, 2354 and 3194
:
-----------------------------------------------------------X

### ORDER GRANTING THE DEBTORS A FINAL WAIVER OF THE REQUIREMENTS OF 11 U.S.C. SECTION 345(b)

Upon the filing of the *Motion for an Order Pursuant to Sections 345, 363(c)(1), 364(a) and 503(b)(1): (A) Approving the Continued Use of the Cash Management System, Bank Accounts and Business Forms; (B) Permitting Continued Intercompany Transactions, Granting Administrative Priority Status to Postpetition Intercompany Claims and Preserving and Permitting the Exercise of Intercompany Setoff Rights; (C) Authorizing Banks to Honor Certain Transfers and Charge Certain Fees and Other Amounts; and (D) Waiving the Requirements of 11 U.S.C. Section 345(b) on an Interim Basis*, dated January 14, 2009 (the "Motion"), of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, pursuant to section 345(b) of title 11 of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com.

1

United States Code (the "Bankruptcy Code"), granting, *inter alia*, a waiver of the requirements of section 345(b) of the Bankruptcy Code on an interim basis; and upon the order entered on January 15, 2009 (the "Initial Order"), granting such relief on an interim basis; and upon the order entered February 5, 2009 supplementing the Initial Order; and upon the order entered on February 19, 2009 further supplementing the Initial Order; and upon the order entered on July 17, 2009 applying previously-entered orders to Nortel Networks (CALA) Inc. prospectively; and upon the notice dated June 18, 2010 (the "Notice"), requesting a final waiver of the requirement to comply with the investment guidelines found in the Bankruptcy Code, and setting a hearing date on the final waiver; and adequate notice having been given as set forth in the Notice; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and Notice and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that the legal and factual bases set forth in the Motion and the Notice establish just cause for the relief requested in the Motion and the Notice, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Any objections to the entry of this Order or the relief granted herein and requested in the Motion and the Notice that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, hereby are denied and overruled on the merits, with prejudice.

3. The Debtors are authorized, but not directed, to invest and deposit funds in money market funds that invest primarily in United States Treasury bills and United States

Treasury notes owned directly or through repurchase agreements through their existing accounts and other similar accounts up to a maximum aggregate amount of $75,000,000 (the "Cap"), which Cap shall become effective ten business days after the entry of this Order, in accordance with the Debtors' established investment and deposit practices and guidelines in effect as of the commencement of these cases or as otherwise required by any debtor in possession financing approved by this Court, and, to the extent such investment and deposit practices are not consistent with the requirements of 11 U.S.C. § 345(b), such requirements are waived, for good cause shown.

4. The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

5. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: July 16, 2010
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE