Harmon L. Hanig
P. O. Box 1103
Lafayette, CA 94549
(925) 283-7540
Hankh39@yahoo.com
July 12, 2010



To:

Clerk
U. S. Bankruptcy Court
824 Market Street
3rd Floor
Wilmington, Delaware 19801

Copy:

| | |
|---|---|
| James L. Bromley | Roberta DeAngelis |
| Cleary Gottlieb Steen & Hamilton LLP | Office of the United States Trustee |
| One Liberty Plaza | J. Caleb Boggs Federal Building |
| New York, N.Y. 10006 | 844 King Street, Suite 2207 |
| | Wilmington, DE 19801 |

Re: Nortel Networks Bankruptcy Proceedings

I received notice, postmarked June 22, 2010, that Nortel filed a motion on June 21, 2010 to terminate all former employee benefit plans effective August 31, 2010. This notice came too late for me to respond with objection by July 6, 2010 because of my being away. I understand that the July 16, 2010 hearing has now been rescheduled to August 4, 2010, and so am requesting that you open the objection period to consider the following objection.

As a former Nortel employee, I believe that Nortel's motion to terminate benefits at the end of August is unfair and unjust.

First, there is no provision for retirees to make a claim for the value of benefits to be terminated, as there was for the value of various forms of deferred compensation (such as pensions) which claims were due by September 30, 2009. While Nortel may argue that it has a unilateral right to terminate the plans without permitting retirees to make claims for the value of the terminated benefits, there is a difference among the plans (e.g., medical related plans vs. life insurance/long term care plans) which should be examined by the Court.

Secondly, while Nortel has negotiated provisions for retiree direct contracting of health care and life insurance benefits, no provision has been made for direct contracting to continue Long Term Care group rate insurance with Prudential Insurance Co.

Nortel refers in its motion to plan language in 2010 summaries regarding its supposed unilateral rights to terminate the various plans. The Court should examine when such provisions were added to the Plans if the 2010 language applies to plan holders who were full time employees prior to the filing of Chapter 11 bankruptcy.

My concern with loss of Long Term Care coverage is significant. My spouse is chronically ill, has need for long term care, and has received approved benefit eligibility for long term care insurance by Prudential based on the eligibility criteria of the Certificate of Insurance. There is no other long term care policy that covers her, and no insurers would consider her at this point because of her pre-existing condition. For Nortel to cancel the long term care coverage at this point will have significant adverse financial impact on me. While such plans may be terminated in the bankruptcy process, retirees should be allowed to make claims for the full value of such plans, and that priority be provided to this claim as it is part of the employee benefit plan and it is not theoretical – eligibility on my spouse's part has been verified.

Next, Nortel has agreed 'With employees in Canada that employee benefits, including health benefits, long term disability benefits and life insurance benefits would be maintained until December 31, 2010.'

I am also aware that the funding to permit the Canadian Nortel estate to provide these benefits extensions were provided by the U.S. Nortel estate. This means that U.S. employees are twice disadvantaged: they lose their benefits four months sooner and there are also less funds available for settlement of their other U.S. employee claims such as non-qualified pensions, deferred compensation and severance.

I believe that Nortel's motion for earlier cancellation of U.S. benefits may have occurred because while Canadian employees were full participants in Canadian Court Proceedings and were represented by Koskie Minsky, the opposite was true in the U.S. as there was neither employee participation or legal representation.

For many of us, the benefits Nortel is seeking to terminate are essential and almost irreplaceable. The medical and other benefits are critical for their health and reasonable quality of life. Once Nortel terminates these benefits, most retirees 'Will have to qualify for benefits individually and such benefits could be prohibitively expensive.' In my spouse's case, such LTC benefits are not otherwise available. For these reasons, and to insure basic fairness of the process, manner and timing of termination of these benefits. I believe that the court should authorize the appointment of a committee under Section 1114 of the Bankruptcy Code to protect the Nortel retirees, spouses and survivors 'With respect to their rights regarding these benefits.

I am asking that the Court:

(1) allow retirees to file claims for the value of the benefits to be terminated. Where Long Term Care coverage has had a certificate of eligibility issued by Prudential, that such claim should be provided priority treatment;
(2) restrict Nortel from discriminating against U.S. employees vs. Canadian employees. i.e. provide U.S employees benefits until at least December 31, 2010; and
(3) authorize the appointment of a committee under Section 1114 of the Bankruptcy Code to examine this issued in detail before making a final ruling on this petition.

Respectfully submitted,

*[signature]*

Harmon L. Hanig