IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------x  Chapter 11

*In re*:                                       :  Case No. 09-10138 (KG)

Nortel Networks Inc., et al.,                  :  (Jointly Administered)

        Debtors.                       :  Hearing Date: August 4, 2010 at 10:00 a.m. (ET)
                                          Objections Due: July 28, 2010 at 4:00 p.m. (ET)

---------------------------------------------x

## NORTEL US RETIREMENT PROTECTION COMMITTEE'S MOTION FOR AN ORDER AUTHORIZING FORMATION OF A VOLUNTARY EMPLOYEE BENEFIT ASSOCIATION TO PROVIDE TAX CREDIT-ELIGIBLE RETIREE BENEFITS

The Nortel US Retirement Protection Committee ("NUSRPC") respectfully requests an order from this Court under Bankruptcy Code section 105, to authorize formation of a voluntary employee benefit association (a "VEBA") to offer health, prescription drug, dental and vision care benefits to Nortel U.S. retirees, their spouses and dependents that is eligible for the 80% federal subsidy in the form of the Health Coverage Tax Credit ("HCTC").

The NUSRPC is an ad hoc steering committee of retired executives[1] of the Debtors established in early 2009 in association with the Nortel Networks Retiree Association ("NNRA"), a broad-based social association of retirees of Nortel Networks Inc. ("NNI") and certain of its affiliates, the debtors and debtors in possession herein (collectively, the "Debtors"), which maintains the website www.nnra.org . The original purpose of the NUSRPC included seeking to ensure that retirees received equitable treatment during the bankruptcy. Over 400

---

[1] The members of the steering committee are Gary Donahee, chair, Lorne Hinz, Desmond Hudson, Marty Mand, Randy Nunn, Ed Pillman, and Vickie Yohe.

retirees of Debtors joined the NUSRPC as dues-paying members. The NUSRPC respectfully represents:

## JURISDICTION

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §157(b)(2). Venue is proper under 28 U.S.C. §§ 1408-1409.

2. The statutory basis for relief is § 105(a) of Title 11 (the "Bankruptcy Code") and § 35(e)(1)(K) of Title 26 (the "Internal Revenue Code.")

## INTRODUCTION

3. The Health Coverage Tax Credit ("HCTC"), codified in Internal Revenue Code Section 35(e)(1) (26 U.S.C. § 35(e)(1)), provides a health care subsidy for those aged 55 or older who are receiving payments from the Pension Benefit Guaranty Corporation ("PBGC") because their pensions have been turned over to the PBGC. *See* 26 U.S.C. § 35(e)(1)(J)(iii). This tax credit now pays <u>eighty percent</u> (80%) of the cost of the retirees' health insurance and prescription drug premiums (and dental and vision care premiums of any combined program) until they turn age 65 and become eligible for Medicare. (It also pays 80% of the premium cost for the benefits of their spouses and dependents, and continues to pay those costs for up to two years after the covered retiree turns 65.) *See* 26 U.S.C. § 35(g)(9)(A).

4. The Nortel retirees have had their pension turned over to the PBGC and many of them are now receiving benefits from the PBGC, which would make them eligible for the HCTC if a qualifying coverage plan were available. *See* http://www.pbgc.gov/media/news-archive/news-releases/2009/pr09-47.html

2

5. The HCTC is an unusual federal tax credit, because instead of being paid to the taxpayer only at the end of the year, the eligible retiree can participate in a monthly reimbursement program, the IRS HCTC advanced payment program, which pays a subsidy each month for the health care benefits of eligible retirees (and their spouses and dependents) enrolled in "qualified health insurance." Eligible retirees are those aged at least age 55 but not yet age 65 receiving payments from the PBGC. "Qualified health insurance" under the statute now includes, since the February 2009 American Recovery and Reinvestment Act ("ARRA"), coverage under a benefit provided by a non-profit voluntary employee benefit association ("VEBA") that is formed "pursuant to an order of a bankruptcy court."[2] 26 U.S.C. § 35(e)(1)(K). The NUSRPC is seeking an order from this Court authorizing formation of a VEBA that could offer a benefit for Nortel retirees, their spouses and dependents eligible for the 80% HCTC subsidy.

6. The Debtors filed a motion on June 21, 2010 [D.I. 3204] seeking authorization from this Court to terminate certain retiree and long-term disability plans (the "Benefit Termination Motion.") The benefit plans the Debtors sought to terminate—health, prescription drug, life insurance and long-term disability benefits—are protected by Bankruptcy Code Section 1114, which imposes procedural and substantive requirements before these critical benefits for retirees and the disabled can be terminated during a Chapter 11 case.

---

[2] Internal Revenue Code section 35(e)(1)(k), added by section 1899G(a) of the American Recovery and Reinvestment Act provides that qualifying coverage includes "eligible coverage months beginning before January 1, 2011, coverage under an employee benefit plan funded by a voluntary employees' beneficiary association (as defined in section 501(c)(9)) established pursuant to an order of a bankruptcy court, or by agreement with an authorized representative, as provided in section 1114 of title 11, United States Code." 26 U.S.C. § 35(e)(1)(K). Internal Revenue Code section 501(c)(9) is the provision regarding non-profit corporations that applies to voluntary employee benefit associations. 26 U.S.C. § 501(c)(9). "Qualifying coverage" for the HCTC also includes (1) COBRA continuation coverage as specifically defined, 26 U.S.C. § 35(e)(1)(A); and (2) coverage under state plans that have been qualified in many states (but which are not available in all states and which in many states provide only catastrophic coverage of last resort with low benefits and high deductibles), 26 U.S.C. § 35(e)(1)(H).

7. The NUSRPC filed an objection on July 6, 2010 to the Benefit Termination Motion (the "Objection") [D.I. 3274] on the grounds that under the plain language of the statute and the legislative history, Bankruptcy Code Section 1114 protects even benefits that a debtor reserved the right to modify outside bankruptcy. *Id.* Since the NUSRPC filed the Objection, the Third Circuit Court of Appeals ruled on July 13, 2010 in the Visteon case that even such non-vested benefits are protected by Section 1114. In re Visteon, --- F.3d ----, No. 10-1944, 2010 WL 2735715, (3d Cir. July 13, 2010.) The Court of Appeals essentially adopted the logic argued by the NUSRPC, that the plain language of the statute and its legislative history compel that conclusion.

8. In addition, the NUSRPC argued in the Objection that retiree benefits should not be terminated yet because the NUSRPC would promptly file this Motion seeking authorization to form a VEBA to roll out a benefit eligible for the HCTC 80% subsidy, but that even if the Court granted this Motion immediately, it would take several months to obtain quotes from carriers, select the right benefits, and roll those benefits out to retirees, coordinating that roll out with enrollment in the HCTC advanced payment program. Objection, pp. 9-11. [D.I. 3274.]

9. Apparently because of the Third Circuit's ruling in the Visteon case, the Debtors have withdrawn their Benefit Termination Motion and presumably will negotiate with a committee appointed under Bankruptcy Code Section 1114 over proposed benefit modifications. Nevertheless, whether or not a Section 1114 Committee is ultimately appointed, it is urgent that this Motion be granted immediately, to authorize formation of a VEBA and rolling out of an 80% subsidized benefit to Nortel retirees and their dependents as soon as possible in the interim: The process of obtaining bids from carriers (based on detailed information on the retiree census and claims history), selecting benefits, and rolling out the program and enrolling retirees and

their dependents takes months, and if authorized now could be operational by December 1, 2010. Every month's delay means that retirees and their dependents do not have an 80% subsidized superior benefit than they are receiving now and that the Debtors are unnecessarily paying for some retirees medical care with estate assets, when those retirees could get a better benefit instead paid for through the HCTC.

## RELIEF REQUESTED

10. The NUSRPC seeks an order authorizing the formation of a VEBA in the form of a tax-exempt trust under Internal Revenue Code section 501(c)(9) to offer a benefit eligible for the HCTC 80% subsidy. With minimal assistance from the Debtors in the form of existing census and claims data, the VEBA would, through its insurance broker, solicit major national benefit providers to offer a program for health, prescription drug, vision and dental care for under-65 and 65-and older Nortel retirees, spouses and dependents. Those who meet the eligibility requirements (age 55-64, receiving pension payments from the PBGC) would be eligible for the 80% subsidy in the HCTC.

11. The proposed form of order also provides a safe harbor for Debtors in providing the necessary census and claims information under binding confidentiality agreements to interested vendors to the VEBA in the same manner as if the Debtors were providing the information to their own health plan insurers. Once the program is established, ongoing costs (including administrative costs) will be paid for out of the benefit premiums.

## BASIS FOR RELIEF

12  Section 35(e)(1)(K) of the Internal Revenue Code specifically provides that coverage offered by a VEBA qualifies for the HCTC subsidy if the VEBA is "established pursuant to an order of a bankruptcy court". 26 U.S.C. § 35(e)(1)(K). Bankruptcy Code Section 105(a) grants

5

this Court the power to "issue any order. . . necessary or appropriate" in connection with the Bankruptcy Code.

13. The sooner the VEBA is formed and the benefits are rolled out for enrollment, the sooner the Nortel retirees and their dependents can enjoy the larger subsidy for health and prescription drug benefits provided through the HCTC and the sooner they can enjoy HCTC-subsidized vision care and dental benefits (which they currently do not get from Nortel.)

14. In addition, the sooner the VEBA is formed and the benefits are rolled out for enrollment, the sooner the Debtors can reduce the cost of the benefits they are providing for the most expensive category of retirees and dependents: Those at least 55, with aging-related health claims, but not yet 65 and eligible for Medicare. In connection with the Benefit Termination Motion, the Debtors represented that there were over 4,000 individuals enrolled in the retiree benefit program they were seeking to terminate, at a monthly expense to the estate of approximately $1 million. (Benefit Termination Motion, p. 7, ¶ 16.) [D.I. 3204.]

15. The NUSRPC's counsel and broker have established a similar HCTC-eligible program for the Delphi Corporation retirees in its bankruptcy proceeding and are currently doing so in other large bankruptcy cases, including the bankruptcy of Delta Air Lines, for the pilots whose pensions were turned over to the PBGC.

16. Authorizing the formation of the VEBA to provide an HCTC-eligible benefit will allow the affected retirees and their dependents to receive a much larger subsidy in the form of the HCTC, for critical benefits, and will save the estate substantial funds as retirees enroll in the HCTC-subsidized VEBA benefits rather than those provided by the Debtors. It will also protect the retirees from loss of benefits upon termination of the bankruptcy. It is in the best interest of the creditors and the estate.

## NOTICE

17. Notice of the Motion has been given via first class mail to the (i) U.S. Trustee; (ii) The Debtors; (iii) counsel to the Debtors; (iv) counsel to the Official Committee of Unsecured Creditors; (v) counsel to the Bondholder Group; and (vi) the general service list established in these chapter 11 cases. The NUSRPC submits that under the circumstances no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:   Wilmington, Delaware
         July 16, 2010

CROSS & SIMON, LLC

By: _____
Christopher P. Simon (No. 3697)
Michael J. Joyce (No. 4563)
P.O. Box 1380
913 North Market Street, 11th Floor
Wilmington, DE 19899-1380
(302) 777-4200
Fax (302) 777-4224

-and-

Farella Braun + Martel LLP
Dean Gloster (*pro hac vice*)
Gary Kaplan (*pro hac vice*)
235 Montgomery St., 18th Floor
San Francisco, CA 94104
(415) 954-4400
Fax (415) 954-4480

*Attorneys for Nortel US Retirement Protection Committee*