```
                 IN THE UNITED STATES BANKRUPTCY COURT
                    FOR THE DISTRICT OF DELAWARE



                                   )
IN RE:                             ) Chapter 11
                                   )
NORTEL NETWORKS INC., et al.,      ) Case No. 09-10138 (KG)
                                   )
                                   ) Courtroom 3
                                   ) 824 Market Street
_____Debtors._____     ) Wilmington, Delaware


                                     July 16, 2010
                                     10:02 a.m.



                       TRANSCRIPT OF PROCEEDINGS
                  BEFORE THE HONORABLE KEVIN GROSS
                   UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:                    Morris Nichols Arsht & Tunnell
                                BY:  ANN C. CORDO, ESQ.
                                BY:  DEREK C. ABBOTT, ESQ.
                                1201 North Market Street
                                18th Floor
                                P.O. Box 1347
                                Wilmington, DE 19899-1347
                                (302) 658-9200


                                Cleary Gottlieb Steen & Hamilton
                                BY:  LISA M. SCHWEITZER, ESQ.
                                The Brandywine Building
                                One Liberty Plaza
                                New York, NY 10006
                                (212) 225-2000


ECRO:                           GINGER MACE

Transcription Service:          DIAZ DATA SERVICES
                                331 Schuylkill Street
                                Harrisburg, Pennsylvania 17110
                                (717) 233-6664
                                www.diazdata.com


Proceedings recorded by electronic sound recording; transcript
produced by transcription service
```

APPEARANCES:
(Continued)

For The Official Committee          Richards Layton & Finger
Of Unsecured Creditors:             BY:   CHRISTOPHER M. SAMIS, ESQ.
                                    One Rodney Square
                                    920 North King Street
                                    Wilmington, DE 19801
                                    (302) 651-7700

                                    Akin Gump Strauss Hauer & Feld
                                    BY:  BRAD KAHN, ESQ.
                                    One Bryant Park
                                    New York, NY 10036
                                    (212) 872-1000


For U.S. Trustee:                   Office of the U.S. Trustee
                                    BY:  KEVIN CALLAHAN, ESQ.
                                    844 King Street, Suite 2207
                                    Lockbox 35
                                    Wilmington, DE 19801
                                    (302) 573-6491


TELEPHONIC APPEARANCES:

For The Official Committee          Akin Gump Strauss Hauer & Feld
Of Unsecured Creditors:             BY:  DAVID BOTTER, ESQ.
                                    BY:   SARAH SCHULTZ, ESQ.
                                    One Bryant Park
                                    New York, NY 10036
                                    (212) 872-1055

                                    Jeffreries & Co., Inc.
                                    BY:  PATRICK MORROW, ESQ.
                                    (212) 284-2374

For Ernst & Young:                  Allen & Overy LLP
                                    BY:   JONATHAN CHO, ESQ.
                                    (212) 610-7300

                                    Foley & Lardner LLP
                                    BY:   JOANNE LEE, ESQ.
                                    (312) 832-4557

For Hondo Sen:                      Cetus Capital
                                    BY:  HONDO SEN
                                    (203) 552-3528

1    WILMINGTON, DELAWARE, FRIDAY, JULY 16, 2010, 10:02 A.M.

2              THE CLERK:  All rise.

3              THE COURT:  Good morning, everyone.  Thank you and

4    please be seated.  Mr. Abbott, good morning, sir.

5              MR. ABBOTT:  Good morning, Your Honor.  Derek Abbott

6    here for Morris Nichols on behalf of the debtors.  Your Honor,

7    we have what I hope will be a very light agenda today.  And,

8    Your Honor, I think the first, in fact, six items -- I may be

9    missing a page, Your Honor.

10              There's one thing I need to talk about just to make

11    the Court aware, Your Honor.  Item seven on the agenda.  We had

12    indicated -- and it was true at the time that we filed the

13    agenda letter, that that matter had been adjourned to August

14    18th pending availability of the Canadian court, Your Honor.

15              THE COURT:  Yes.

16              MR. ABBOTT:  The parties have subsequently agreed to

17    push that to September 18th.  We'll file a notice appropriately

18    on the record, but I just wanted to make the Court aware of

19    that.

20              THE COURT:  Thank you, Mr. Abbott.

21              MR. ABBOTT:  Your Honor, all of the other matters

22    have either been resolved or continued.  And that really leads

23    us to I think the one thing that we're going to deal with

24    substantively today, which is --

25              THE COURT:  The 345 waiver.

1          MR. ABBOTT:  It is, Your Honor.  And as the Court

2  may recall, we sought, in connection with our cash management

3  relief on the first day of the case, interim relief on the 345.

4  We subsequently noticed up a final hearing, which lead to

5  further discussions with the U.S. Trustees Office, to see if we

6  could get to a point where they were comfortable without the

7  need for an actual order of the Court granting the relief.

8          And I'll get to some of this in the proffer, Your

9  Honor.  But just to sort of set the table, when we filed the

10  case, there were really sort of two buckets of cash that the

11  debtors had.  They had their sort of daily operating accounts

12  cash and then they had reserve funds that were kept in money

13  market funds principally.  And we'll get to the proffer about

14  the numbers.  But figure close to a billion dollars on the

15  first day, the bulk of that, 900 plus in these money market

16  funds.

17          After filing the notice seeking final relief and

18  working with the United State Trustees Office, the debtors have

19  mitigated dramatically the amount of funds that is not in a

20  complaint account.  We established a collateralized account

21  with JPM Chase that, Your Honor, is a signatory to the U.S.

22  Trustees collateralization agreement.

23          THE COURT:  Right.

24          MR. ABBOTT:  And so, now the bulk of the money is in

25  there.  We'll talk about the numbers in a second.  So now we've

1    got three buckets.  We've got that collateralized account.  We

2    still have a money market basket for the sort of immediate

3    reserves.

4              THE COURT:  Right.

5              MR. ABBOTT:  And then we've still got the cash in

6    the operating accounts where we fund daily disbursements, et

7    cetera, all described, Your Honor, in the first day motion.  So

8    the stuff that's in those daily disbursement accounts Your

9    Honor has already approved under the cash management motion.

10   The stuff that -- the hundreds of millions of dollars that are

11   now in the big collateralized account are compliant with the

12   U.S. Trustees depository requirements and their signatory to

13   it.  So what we're really talking about is that second bucket

14   or the middle bucket, which is that money market.

15             THE COURT:  Right.

16             MR. ABBOTT:  And, Your Honor, in short, we've, as I

17   said, moved a lot of money around, gotten as close as we think

18   we can while meeting the business needs to being fully

19   compliant.  We've talked to the U.S. Trustees Office about it

20   throughout the process.  And at the end of the day, I'll let

21   Mr. Callahan speak for himself.  I think they're at the point

22   where they recognize we can sort of go no further towards

23   compliance.  And I believe they have a recognition that we've

24   mitigated substantially all the risk, but are at a point where

25   she just need the Court to grant some final relief if I can.

1          So with that opening, Your Honor, I'd like to just

2    proffer Mr. Ray's testimony.

3          THE COURT:  All right.

4          MR. ABBOTT:  He is in the courtroom, Your Honor,

5    obviously, and subject to cross-examination, if necessary.

6          THE COURT:  Correct.

7          MR. ABBOTT:  I don't think it will be necessary.

8    But his testimony will be relatively brief.  So I'd just like

9    to move by proffer if I may, Your Honor.

10          THE COURT:  Yes, please.

11          MR. ABBOTT:  Mr. Ray would testify, Your Honor, that

12    he's the principal officer of the U.S. Debtors and has held

13    that position since December 7th, 2009.  And that as a result

14    of that role, he's become generally familiar with the

15    operations of the U.S. Debtors, including their cash management

16    system and cash needs.

17          With reference to the cash management system,

18    Mr. Ray would testify that although, as the Court knows, there

19    have been a number of significant asset dispositions.  The

20    company still maintains a complex cash management system that

21    is required for the continued operations of the U.S. Debtors.

22    Notwithstanding the fact that many of the businesses have been

23    sold, there is ongoing heavy transactional volume related, in

24    large part, to the transition services that the debtors are

25    providing to several of these buyers and mandated by the terms

1   of those agreements, Your Honor.   There's heavy reimbursement

2   and reconciliation activity and receipts related to certain

3   residual customer contracts.   And at bottom, these requirements

4   still cause significant activity in the cash management system

5   and are likely to continue for the foreseeable future.

6          Like most cash management systems, Mr. Ray would

7   testify that our cash management system is comprised of a

8   number of depository and disbursement accounts that are all

9   interconnected, as well as the central treasury account.   That

10  cash management system, Mr. Ray would testify, runs through a

11  Citi Bank platform, principally, and includes accounts at Citi

12  Bank and a few with Bank of America.   Mr. Ray would testify, of

13  course, that that system generally was approved at the first

14  day and supplemented from time to time thereafter as the couple

15  of additional accounts were determined.

16         Additionally, that system was -- or the approval

17  there was extended after the filing of NN CALA, as the Court

18  may recall.   There was a debtor that filed on 7/14/09 but was

19  also a -- initially a non-debtor, now a debtor, involved in

20  that cash management system.

21         As a result of their inability to get perfect

22  compliance, the company does wish now final relief on 345.   Mr.

23  Ray would testify specifically with respect to the current cash

24  holdings versus cash holdings in February when we initially

25  asked for this final relief, or initially noticed the final

1  relief I should say.  He would testify that the operating

2  accounts, that first bucket -- again, not a bucket at issue

3  today -- contains about $29 million across the U.S. Debtors;

4  that the collateralized account, which is the bulk of the

5  funds, and again, not at issue today, Your Honor, subject to

6  the U.S. depository agreement, is approximately $740 million;

7  and that the money market accounts today, which are what we're

8  here talking about, are approximately $76 million.

9       He would further testify that there's a need to

10  continue to use the money market funds as the debtors

11  historically have, albeit in a moderated fashion.  Mr. Ray

12  would testify that the daily disbursements required of these

13  U.S. Debtors are somewhat unpredictable.  They tend to be

14  lumpy.  They're sometimes large.  They're sometimes low.  It

15  all depends on how payables sort of roll through the system.

16       He would testify that they've looked at, certainly

17  over the last 40 days or so, how those disbursements lumped out

18  or struck the books and the cash needs.  And he would testify

19  that the maximum total disbursement in June, for instance, was

20  $33 million in one day and $62 million over two consecutive

21  days.  That was June 1 and 2.  Other significant instances of

22  large disbursement days stacked closely would be as follows:

23  $40 million dollars over the three days between June 7th and

24  June 9th; $35 million dollars over the two business days of

25  June 25th and June 28th; and $51 million dollars in the three

1   days between July 2nd and July 7th.

2          Mr. Ray would further testify that not only are the

3   disbursement -- is the disbursement experience highly variable,

4   but that receivables cannot be counted on to fund those

5   disbursements consistently, because those two are uncertain and

6   uneven and not predictable, in part, given the current nature

7   of these cases, Your Honor.

8          Accordingly, Mr. Ray would testify that the cap on

9   the amount that they seek to maintain invested in the money

10  market accounts that aren't fully technically compliant, that

11  the debtors believe they need to comfortably operate their

12  business, is $75 million.  Today, they're a little bit in

13  excess of that.  And as you'll see in the order, we've

14  requested 10 days to get ourselves into compliance with that.

15  We're a little bit higher than that now and expect to be able

16  to work our way down to that $75 million very quickly.

17         Part of this is necessitated by the fact, Your

18  Honor, that the collateralized accounts that have the hundreds

19  of millions of dollars in them are limited in their ability to

20  honor draw requirements.  And we can only have six transactions

21  a month out of those accounts to fund ongoing operations.

22         Your Honor, I think these numbers are as of July

23  13th, but apparently these numbers are somewhat dated.  And we

24  now may be actually under the 75.  So maybe we --

25         THE COURT:  Okay.

1        MR. ABBOTT:  -- don't need those 10 days.  Your

2   Honor, the money market funds that the Debtors are currently

3   invested in Mr. Ray would testify are the Dreyfus Treasury and

4   Agency Cash Management Fund, Black Rock Tea Fund, Federated

5   Treasury Obligations Fund, Fidelity Treasury Fund, and the JP

6   Morgan U.S. Treasury Plus Money Market Fund.

7        Your Honor, Mr. Ray would testify that the debtors

8   believe that these funds are largely compliant with the

9   requirements of Local Rule 4001-3.  However, they do not meet

10  all of the specific technical requirements.  But nonetheless,

11  the debtors believe them to be prudent and secure investments

12  with relatively limited risk.

13       Your Honor, the debtors believe that the current

14  holdings of each fund are substantially if not entirely U.S.

15  Treasury securities and repurchase agreements collateralized by

16  U.S. Treasury securities.  The fund disclosures that these

17  funds are required to make, Your Honor, and that are a matter

18  of public record, do allow some flexibility in their investment

19  policies but do commit to primarily investing U.S. Treasury

20  securities and repurchase agreements backed by the same.

21       Each of those funds, Your Honor, has received the

22  highest money market fund ratings from each of Standard & Poor

23  and Moody's.  Your Honor, Mr. Ray would testify that in the

24  debtor's experience, each of the funds does redeem fund shares

25  in cash on the same day or next day upon a request.  However,

1  again the funds disclosure requirement -- or disclosure

2  documents indicate that they've got some flexibility to vary

3  from that same day or next day funding policy in respect of

4  either particular market interruptions, SEC orders, or limited

5  emergencies that are a little broader than what the local rule

6  contemplates.  Your Honor, the only references to those

7  emergencies are the closing of the Federal Reserve or the New

8  York Stock Exchange.

9          They also, Your Honor, reserve the right to redeem

10  shares with securities in kind if the redemption is large

11  enough to affect fund operations or is otherwise in the best

12  interest of the funds.  Again, we haven't experienced any of

13  these things, Your Honor, but the funds are not in a position

14  to vary from those rights.  Your Honor, four out of five of

15  these funds have a policy to notify investors 60 days in

16  advance of changes to the investment policies.  Notwithstanding

17  this notification, the debtors actively monitor the funds and

18  their performance and investments.

19          Your Honor, that would be the testimony of Mr. Ray

20  in support of the motion.  And I don't know if there's a need

21  for cross-examination or if the Court has any further

22  questions, but I would tender him if that's necessary.

23          THE COURT:  All right.  Does anyone object to the

24  admission of that proffer?  Is that -- are you finished with

25  your proffer still --

1          MR. ABBOTT:  Your Honor, I need to add one more

2    point --

3          THE COURT:  All right.

4          MR. ABBOTT:  -- because I may have left the Court a

5    little confused.

6          The actual balances as of July 13th, Your Honor, was

7    $700,000 in excess of 75 million, so we are going to need that

8    10 days to get there, but we're obviously very close, Your

9    Honor.

10          THE COURT:  Yes.

11          MR. ABBOTT:  But that is the evidence, Your Honor.

12    In brief, we think that this is relief that is relatively

13    routine, albeit this case is a case that happens to have a

14    significant amount of cash as a result of the way it's

15    postured.  We do believe these are prudent investment criteria

16    and that the debtor's resources are invested as securely as

17    they can be given the debtor's operational needs and would ask

18    the Court to grant on a final relief a waiver from 345, subject

19    to that cap of $75 million within 10 days, Your Honor.  And

20    subject to Your Honor's questions or the right to respond to

21    any other arguments, I would ask the Court to enter that order.

22          THE COURT:  All right.  Thank you.  Thank you.  Does

23    anyone wish to cross-examine Mr. Ray?  All right.  Does -- Mr.

24    Callahan?

25          MR. CALLAHAN:  Good morning, Your Honor.

1              THE COURT:  Good morning.

2              MR. CALLAHAN:  Kevin Callahan on behalf of the

3    United States Trustee.

4              THE COURT:  Good to see you.

5              MR. CALLAHAN:  Good to be here, sir.  Let me first

6    say that the proffer that's been offered has been given to us.

7    In fact, I've spoken at length with Mr. Abbott on this issue

8    for, I guess, the last several weeks.

9              As the Court is aware, this waiver has been granted

10   on an interim basis for some time.

11             THE COURT:  Yes.

12             MR. CALLAHAN:  And it has developed or evolved to

13   the level where we believe -- and I can say from my own

14   personal experience, Your Honor, that the debtor's

15   representatives have made significant attempts to collateralize

16   the accounts in a fashion that would be acceptable in our view

17   of the 345.  Let me also say that I assume that all other

18   parties either support or just don't oppose the motion of the

19   debtor.  We are at a level now where the debtor has offered,

20   through its proffer, its representatives, a mechanism of which

21   they believe that they would be in compliance.

22             Your Honor, I have with me a representative of our

23   office, Mike West, who is a financial analyst.  If called to

24   testify, he would simply say that at this point we believe the

25   debtor has made significant strides towards compliance, but

1    there is still some technical difficulties.  I have no cross-

2    examination of Mr. Ray.  I do know they have made an effort.

3    There is some remaining funds that are in some vehicles that

4    again may not necessarily pay as technical compliance, the

5    debtor has offered a mechanism to be able to monitor those

6    accounts and we take no position with respect to the relief

7    requested in their motion.

8              THE COURT:  All right.  Thank you very much, Mr.

9    Callahan.

10             MR. CALLAHAN:  Thank you, Your Honor.

11             MR. ABBOTT:  Your Honor, unless the Court has

12   questions, I would ask to approach with an order, as well as a

13   blackline, Your Honor, showing the changes from what had

14   originally been proposed.

15             THE COURT:  All right.  All right, subject to my

16   review of the final language and the changes, I am prepared to

17   grant the waiver here.  I appreciate Mr. Callahan's position

18   and I am satisfied that the debtors are actively monitoring the

19   accounts, that they provide the necessary flexibility, while at

20   the same time serving to protect those funds and I'll be

21   pleased to grant the motion.

22             MR. ABBOTT:  Thank you, Your Honor.  May I approach?

23             THE COURT:  Please.  Okay.  Thank you, Mr. Abbott.

24             Have these -- I assume these have been reviewed with

25   Mr. Callahan?

1              MR. CALLAHAN:  I have seen them.

2              THE COURT:  All right.

3              MR. ABBOTT:  Thank you.  All right, and we have the

4    $75 million cap.  Excellent.  All right.

5              MR. ABBOTT:  Thank you, Your Honor.  The one other

6    thing we wanted to do today, Your Honor, was to inform the

7    Court informally about the status of the retiree motion and the

8    adjournment, et cetera, Your Honor.  And I'd ask Ms. Schweitzer

9    to address the Court on that issue.

10             THE COURT:  Thank you.  Certainly, Mr. Abbott.  Ms.

11   Schweitzer, welcome back.

12             MS. SCHWEITZER:  Thank you, Your Honor.  Good

13   morning.

14             THE COURT:  Good morning.

15             MS. SCHWEITZER:  Before I get to that, there's one

16   other clarification on the Avaya motion.  We had indicated on

17   the record that that was going to be adjourned to September

18   18th.  The joint hearing is September 16th.

19             THE COURT:  Okay.

20             MS. SCHWEITZER:  So we'll file the notice of

21   adjournment, but just so the record is proper on that one.

22             THE COURT:  Thank you.

23             MS. SCHWEITZER:  The retiree motion, as you know, is

24   not up for hearing today.  It had been filed and originally was

25   scheduled for hearing today and there was a notice of

1  adjournment filed to have it heard on August 4th.

2              THE COURT:  Yes.

3              MS. SCHWEITZER:  And as you're aware, in that motion

4  the debtors were seeking to terminate certain retiree benefits

5  and long-term disability benefits as of August 31st of this

6  year.  Obviously, in the interim, the Third Circuit Visteon

7  decision has come down, which obviously has changed the

8  landscape significantly.  And now in reviewing it, the debtors

9  obviously believe the relief originally sought has been mooted

10 in that it's not practical or possible for us to actually

11 terminate as of August 31st.

12              And in conjunction with that, as you're aware, we

13 also -- the debtors had spent significant time and resources

14 trying to find the best possible soft landing employees that

15 they could, understanding that it's difficult circumstances for

16 everyone, but to try and line up alternative insurance coverage

17 for folks.  And it's not clear -- the debtors are talking to

18 the carriers now to see whether if we adjourned a termination

19 date or we were to pursue a termination date at a later time,

20 that soft landing would even be available, because it's not

21 certain obviously if or when we would seek to terminate the

22 benefits or what alternative arrangements could be put in place

23 as of that time.

24              So in looking at all that, we came to the conclusion

25 that the original motion is effectively mooted and rather than

1  adjourn it to August 4th, what the debtors were going to

2  propose to do was simply withdraw the motion to reassess all of

3  our options and then come back if we, in recognizing the new

4  landscape, to consider how we would proceed if we were indeed

5  inclined to terminate or modify benefits after considering

6  options and figuring out what we have because right now we

7  don't have a proposal to propose to anyone.

8          So we want to inform the Court today and what we

9  would propose to do is just file a notice of withdrawal of the

10 motion and proceed that way.  And then figure out where we are

11 and come back if and when we have a new proposal and we are

12 inclined to proceed with a termination at that point.

13         The one thing that -- in the motion is, the motion

14 does cover retirees and long-term disability benefits.

15         THE COURT:  Yes.

16         MS. SCHWEITZER:  Without asking for a position or

17 asking anyone to respond to it, I don't -- we don't necessarily

18 think the long-term retiree benefits would be covered by 1114,

19 but for clarity we're proposing to just withdraw the motion in

20 its totality to come up with a comprehensive review of our

21 options at this point.

22         So we wanted to inform the Court and if you're all

23 right with us proceeding in that fashion, we would just file a

24 notice of withdrawal of the motion and take it off calendar so

25 we can tell everyone -- give everyone clear relief that nothing

1  is happening to them on August 31st.

2          THE COURT:  Okay.  All right.  I appreciate that.  I

3  think that is a proper way to proceed.  I must admit that when

4  I saw the Visteon decision and you had already continued the

5  hearing, I wondered how you knew the decision was coming out,

6  you know.

7          MS. SCHWEITZER:  Right.

8          THE COURT:  But --

9          MS. SCHWEITZER:  Well, we're good, but we're not

10  that good.

11      (Laughter)

12          THE COURT:  No, I'm sure.  I'm sure.  But yes, I

13  certainly understand why you are doing what you're doing here.

14          MS. SCHWEITZER:  Okay.  Thank you, Your Honor.  So I

15  guess stay tuned for now, but --

16          THE COURT:  Yes.

17          MS. SCHWEITZER:  -- we'll at least -- we'll

18  communicate to all the employees that the motion -- we'll file

19  the notice of withdrawal, we'll communicate to employees that

20  we're not terminating and we'll stop all of our efforts -- or

21  we've already stopped our efforts in trying to transition

22  anyone as of August 31st.

23          THE COURT:  And that will stop the flow of

24  correspondence and calls to the Court, I'm sure.

25          MS. SCHWEITZER:  Absolutely.  We apologize for that,

1   but it's unfortunately, I guess, a necessary part of the

2   process.

3                THE COURT:  I certainly understand.  Absolutely, it

4   is.

5        (Counsel confer)

6                MS. SCHWEITZER:  Oh, I apologize.  Mr. Abbott is

7   pointing out to me that I had referred to the long-term

8   disability benefits as long-term retiree benefits.  So

9   obviously it that -- we're obviously reserving all substantive

10  rights of all parties with respect to what positions anyone is

11  going to take, but he just wanted me to clarify how I spoke on

12  the record.

13               THE COURT:  I think that -- yes, I certainly

14  understood what you meant, but I think it's well to do that.

15               MS. SCHWEITZER:  With that --

16               THE COURT:  It's that West Point training, you know,

17  that precision.

18               MS. SCHWEITZER:  He's my wingman.

19               THE COURT:  There you go.

20               MS. SCHWEITZER:  He's got me every time here.

21               THE COURT:  Yes.

22               MS. SCHWEITZER:  So I think with that, we're

23  finished with the agenda for today and our next hearing is on

24  the 4th, so we'll be back then.

25               THE COURT:  Yes.  All right.  I'll look forward to

1    seeing you and this was a pleasant hearing this morning.  And

2    I'm grateful to all of you and take the rest of the day off.

3              MS. SCHWEITZER:  Thank you, Your Honor.

4              THE COURT:  We'll stand in recess.  Thank you all.

5

6         (Whereupon at 10:25 a.m., the hearing was adjourned)

7

8

9                        CERTIFICATION

10              I    certify    that    the    foregoing    is    a    correct

11    transcript    from    the    electronic    sound    recording    of    the

12    proceedings in the above-entitled matter.

13

14

15    _____         July 21, 2010

16    Stephanie McMeel

17    AAERT Cert. No. 452

18    Certified Court Transcriptionist

19

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **debtors.___** 1:13 | | **apologize**(2) 18:25 19:6 | | **but**(25) 3:18 4:9 4:14 5:24 6:8 7:18 9:4 9:23 10:10 10:19 11:13 11:22 12:8 12:11 13:25 15:21 16:16 17:19 18:8 18:9 18:12 18:15 19:1 19:11 19:14 | | **confer**(1) 19:5 | |
| **a.m**(3) 1:16 3:1 20:6 | | **apparently**(1) 9:23 | | | | **confused**(1) 12:5 | |
| **abbott**(26) 1:27 3:4 3:5 3:5 3:16 3:20 3:21 4:1 4:24 5:5 5:16 6:4 6:7 6:11 10:1 12:1 12:4 12:11 13:7 14:11 14:22 14:23 15:3 15:5 15:10 19:6 | | **appearances**(1) 2:26 | | | | **conjunction**(1) 16:12 | |
| | | **appreciate**(2) 14:17 18:2 | | **buyers**(1) 6:25 | | **connection**(1) 4:2 | |
| | | **approach**(2) 14:12 14:22 | | **cala**(1) 7:17 | | **consecutive**(8) 8:20 | |
| | | **appropriately**(1) 3:17 | | **calendar**(1) 17:24 | | **consider**(1) 17:4 | |
| **ability**(1) 9:19 | | **approval**(1) 7:16 | | **callahan**(12) 2:19 5:21 12:24 12:25 13:2 13:2 13:5 13:12 14:9 14:10 14:25 15:1 | | **considering**(1) 17:5 | |
| **able**(2) 9:15 14:5 | | **approved**(2) 5:9 7:13 | | | | **consistently**(1) 9:5 | |
| **about**(8) 3:10 4:13 4:25 5:13 5:19 8:3 8:8 15:7 | | **approximately**(2) 8:6 8:8 | | **callahan's**(1) 14:17 | | **contains**(1) 8:3 | |
| | | **are**(34) 5:10 5:11 5:24 6:24 7:5 7:8 8:7 8:8 8:13 9:2 9:5 9:19 9:22 9:23 10:2 10:3 10:8 10:14 10:17 10:17 11:5 11:7 11:13 11:24 12:7 12:15 12:16 13:19 14:3 14:18 16:17 17:10 17:11 18:13 | | **called**(1) 13:23 | | **contemplates**(1) 11:6 | |
| **above-entitled**(1) 20:12 | | | | **calls**(1) 18:24 | | **continue**(2) 7:5 8:10 | |
| **absolutely**(2) 18:25 19:3 | | | | **came**(1) 16:24 | | **continued**(4) 2:2 3:22 6:21 18:4 | |
| **acceptable**(1) 13:16 | | | | **can**(7) 5:18 5:22 5:25 9:20 12:17 13:13 17:25 | | **contracts**(1) 7:3 | |
| **accordingly**(1) 9:8 | | | | | | **cordo**(1) 1:26 | |
| **account**(6) 4:20 4:20 5:1 5:11 7:9 8:4 | | **aren't**(1) 9:10 | | **canadian**(1) 3:14 | | **correct**(2) 6:6 20:10 | |
| **accounts**(14) 4:11 5:6 5:8 7:8 7:11 7:15 8:2 8:7 9:10 9:18 9:21 13:16 14:6 14:19 | | **arguments**(1) 12:21 | | **cannot**(1) 9:4 | | **correspondence**(1) 18:24 | |
| | | **around**(1) 5:17 | | **cap**(3) 9:8 12:19 15:4 | | **could**(3) 4:6 16:15 16:22 | |
| **across**(1) 8:3 | | **arrangements**(1) 16:22 | | **capital**(1) 2:47 | | **counsel**(1) 19:5 | |
| **actively**(2) 11:17 14:18 | | **arsht**(1) 1:25 | | **carriers**(1) 16:18 | | **counted**(1) 9:4 | |
| **activity**(2) 7:2 7:4 | | **ask**(4) 12:17 12:21 14:12 15:8 | | **case**(5) 1:9 4:3 4:10 12:13 12:13 | | **couple**(1) 7:14 | |
| **actual**(2) 4:7 12:6 | | **asked**(1) 7:25 | | **cases**(1) 9:7 | | **course**(1) 7:13 | |
| **actually**(2) 9:24 16:10 | | **asking**(2) 17:16 17:17 | | **cash**(20) 4:2 4:10 4:12 5:5 5:9 6:15 6:16 6:17 6:20 7:4 7:6 7:7 7:10 7:20 7:23 7:24 8:18 10:4 10:25 12:14 | | **court**(61) 1:1 3:3 3:11 3:14 3:15 3:18 3:20 3:25 4:1 4:7 4:23 5:4 5:15 5:25 6:3 6:6 6:10 6:18 7:17 9:25 11:21 11:23 12:3 12:4 12:10 12:18 12:22 12:23 13:1 13:4 13:9 13:11 14:8 14:11 14:15 14:23 15:2 15:7 15:9 15:10 15:14 15:19 15:22 16:2 16:7 17:8 17:15 17:22 18:2 18:8 18:12 18:16 18:23 18:24 19:3 19:13 19:16 19:19 19:21 19:25 20:4 20:18 | |
| **add**(1) 12:1 | | **assume**(2) 13:17 14:24 | | | | | |
| **additional**(1) 7:15 | | **asset**(1) 6:19 | | **cause**(1) 7:4 | | | |
| **additionally**(1) 7:16 | | **attempts**(1) 13:15 | | **central**(1) 7:9 | | | |
| **address**(1) 15:9 | | **august**(7) 3:13 16:1 16:5 16:11 17:1 18:1 18:22 | | **cert**(1) 20:17 | | | |
| **adjourn**(1) 17:1 | | | | **certain**(3) 7:2 16:4 16:21 | | | |
| **adjourned**(4) 3:13 15:17 16:18 20:6 | | | | **certification**(1) 20:9 | | | |
| **adjournment**(3) 15:8 15:21 16:1 | | **availability**(1) 3:14 | | **certified**(1) 20:18 | | | |
| **admission**(1) 11:24 | | **available**(1) 5:18 | | **certify**(1) 20:10 | | **courtroom**(2) 1:11 6:4 | |
| **admit**(1) 18:3 | | **avaya**(1) 15:16 | | **cetera**(2) 5:7 15:8 | | **cover**(1) 17:14 | |
| **advance**(1) 11:16 | | **aware**(5) 3:11 3:18 13:9 16:3 16:12 | | **cetus**(1) 2:47 | | **coverage**(1) 16:16 | |
| **aert**(1) 20:17 | | **back**(4) 15:11 17:3 17:11 19:24 | | **changed**(1) 16:7 | | **covered**(1) 17:18 | |
| **affect**(1) 11:11 | | **backed**(1) 10:20 | | **changes**(3) 11:16 14:13 14:16 | | **creditors**(2) 2:5 2:29 | |
| **after**(3) 4:17 7:17 17:5 | | **balances**(1) 12:6 | | **chapter**(1) 1:7 | | **criteria**(1) 12:15 | |
| **again**(5) 8:2 8:5 11:1 11:12 14:4 | | **bank**(3) 7:11 7:12 7:12 | | **chase**(1) 4:21 | | **cross**(1) 14:1 | |
| **agency**(1) 10:4 | | **bankruptcy**(1) 1:1 1:21 | | **cho**(1) 2:40 | | **cross-examination**(2) 6:5 11:21 | |
| **agenda**(4) 3:7 3:11 3:13 19:23 | | **basis**(1) 13:10 | | **christopher**(1) 2:5 | | **cross-examine**(1) 12:23 | |
| **agreed**(1) 3:16 | | **basket**(1) 5:2 | | **circuit**(1) 16:6 | | **current**(3) 7:23 9:6 10:13 | |
| **agreement**(2) 4:22 8:6 | | **because**(4) 9:5 12:4 16:20 17:6 | | **circumstance**(1) 16:15 | | **currently**(1) 10:2 | |
| **agreements**(3) 7:1 10:15 10:20 | | **become**(1) 6:14 | | **circumstances**(1) 16:15 | | **customer**(1) 7:3 | |
| **akin**(2) 2:11 2:28 | | **been**(11) 3:13 3:22 6:19 6:22 13:6 13:6 13:9 14:14 14:24 15:24 16:9 | | **citi**(2) 7:11 7:11 | | **daily**(4) 4:11 5:6 5:8 8:12 | |
| **albeit**(2) 8:11 12:13 | | | | **clarification**(1) 15:16 | | **data**(1) 1:43 | |
| **all**(30) 3:2 3:21 5:7 5:24 6:3 7:8 8:15 10:10 11:23 12:3 12:22 12:23 13:17 14:8 14:15 14:15 15:2 15:3 15:4 16:24 17:22 17:22 18:22 18:18 18:20 19:9 19:10 19:25 20:2 20:4 | | **before**(2) 1:20 15:15 | | **clarify**(1) 19:11 | | **date**(2) 16:19 16:19 | |
| | | **behalf**(2) 3:6 13:2 | | **clarity**(1) 17:19 | | **dated**(1) 9:23 | |
| | | **believe**(10) 5:23 9:11 10:8 10:11 10:13 12:15 13:13 13:21 13:24 16:9 | | **clear**(2) 16:17 17:25 | | **david**(1) 2:29 | |
| | | | | **cleary**(1) 1:34 | | **day**(11) 4:3 4:15 5:7 5:20 7:14 8:20 10:25 10:25 11:3 11:3 20:2 | |
| **allen**(1) 2:39 | | | | **clerk**(1) 3:2 | | | |
| **allow**(1) 10:18 | | **benefits**(8) 16:4 16:5 16:22 17:5 17:14 17:18 19:8 19:8 | | **close**(3) 4:14 5:17 12:8 | | | |
| **already**(3) 5:9 18:4 18:21 | | | | **closely**(1) 8:22 | | | |
| **also**(4) 7:19 11:9 13:17 16:13 | | **best**(2) 11:11 16:14 | | **closing**(1) 11:7 | | **days**(11) 8:17 8:21 8:22 8:23 8:24 9:1 9:14 10:1 11:15 12:8 12:19 | |
| **although**(1) 6:18 | | **between**(2) 8:23 9:1 | | **collateralization**(1) 4:22 | | | |
| **alternative**(2) 16:16 16:22 | | **big**(1) 5:11 | | **collateralize**(1) 13:15 | | | |
| **america**(1) 7:12 | | **billion**(1) 4:14 | | **collateralized**(6) 4:20 5:1 5:11 8:4 9:18 10:15 | | **deal**(1) 3:23 | |
| **amount**(4) 4:19 9:9 12:14 | | **bit**(2) 9:12 9:15 | | | | **debtor**(6) 7:18 7:19 13:19 13:19 13:25 | |
| **analyst**(1) 13:23 | | **black**(1) 10:4 | | | | **debtor's**(4) 10:24 12:16 12:17 13:14 | |
| **and**(95) 3:3 3:7 3:12 3:22 4:1 4:8 4:12 4:13 4:17 4:24 5:5 5:12 5:16 5:20 5:23 6:5 6:12 6:13 6:16 6:25 7:2 7:2 7:3 7:5 7:8 7:11 7:12 7:14 8:5 8:7 8:18 8:18 8:20 8:21 8:23 8:25 8:25 9:1 9:5 9:6 9:13 9:15 9:20 9:23 10:3 10:5 10:11 10:15 10:17 10:20 10:23 11:17 11:18 11:20 12:16 12:17 12:19 13:12 13:13 14:6 14:16 14:18 14:20 15:3 15:7 15:8 15:24 15:25 16:3 16:5 16:8 16:12 16:13 16:16 16:17 16:25 17:3 17:6 17:8 17:10 17:10 17:11 17:11 17:11 17:14 17:17 17:22 17:24 18:4 18:20 18:23 18:24 19:23 20:1 20:1 20:2 | | **blackline**(1) 14:13 | | **come**(4) 16:7 17:3 17:11 17:20 | | **debtors**(23) 1:25 3:6 4:11 4:18 6:12 6:15 6:21 6:24 8:3 8:10 8:13 9:11 10:2 10:7 10:11 10:13 11:17 14:18 16:4 16:8 16:13 16:17 17:1 | |
| | | **books**(1) 8:18 | | **comfortable**(1) 4:6 | | | |
| | | **botter**(1) 2:29 | | **comfortably**(1) 9:11 | | | |
| | | **bottom**(1) 7:3 | | **coming**(1) 18:5 | | | |
| | | **box**(1) 1:30 | | **commit**(1) 10:19 | | | |
| | | **brad**(1) 2:12 | | **committee**(2) 2:4 2:28 | | **december**(1) 6:13 | |
| | | **brandywine**(1) 1:36 | | **communicate**(2) 18:18 18:19 | | **decision**(2) 16:7 18:4 18:5 | |
| **ann**(1) 1:26 | | **brief**(2) 6:8 12:12 | | **company**(2) 6:20 7:22 | | **delaware**(3) 1:2 1:13 3:1 | |
| **any**(3) 11:12 11:21 12:21 | | **broader**(1) 11:5 | | **complaint**(1) 4:20 | | **depends**(1) 8:15 | |
| **anyone**(5) 11:23 12:23 17:7 17:17 18:22 19:10 | | **bryant**(2) 2:13 2:31 | | **complex**(1) 6:20 | | **depository**(3) 5:12 7:8 8:6 | |
| | | **bucket**(5) 5:13 5:14 8:2 8:2 | | **compliance**(6) 5:23 7:22 9:14 13:21 13:25 14:4 | | **derek**(2) 1:27 3:5 | |
| | | **buckets**(2) 4:10 5:1 | | | | **described**(1) 5:7 | |
| | | **building**(1) 1:36 | | | | **determined**(1) 7:15 | |
| | | **bulk**(3) 4:15 4:24 8:4 | | **compliant**(4) 5:11 5:19 9:10 10:8 | | **developed**(1) 13:12 | |
| | | **business**(3) 5:18 8:24 9:12 | | **comprehensiv**(1) 17:20 | | **diaz**(1) 1:43 | |
| | | **businesses**(1) 6:22 | | **comprised**(1) 7:7 | | **difficult**(1) 16:15 | |
| | | | | **conclusion**(1) 16:24 | | **difficulties**(1) 14:1 | |
| | | | | | | **disability**(3) 16:5 17:14 19:8 | |
| | | | | | | **disbursement**(6) 5:8 7:8 8:19 8:22 9:3 9:3 | |
| | | | | | | **disbursement**(4) 5:6 8:12 8:17 9:5 | |
| | | | | | | **disclosure**(2) 11:1 11:1 | |
| | | | | | | **disclosures**(1) 10:16 | |

| Word | Page:Line |
| --- | --- |

discussions(1) 4:5
dispositions(1) 6:19
district(1) 1:2
documents(1) 11:2
does(5) 7:22 10:24 11:23 12:22 12:23
doing(2) 18:13 18:13
dollars(6) 4:14 5:10 8:23 8:24 8:25 9:19
don't(7) 6:7 10:1 11:20 13:18 17:7 17:17
17:17
down(2) 9:16 16:7
dramatically(1) 4:19
draw(1) 9:20
dreyfus(1) 10:3
each(4) 10:14 10:21 10:22 10:24
ecro(1) 1:41
effectively(1) 16:25
effort(1) 14:2
efforts(2) 18:20 18:21
either(3) 3:22 11:4 13:18
electronic(2) 1:50 20:11
emergencies(2) 11:5 11:7
employees(3) 16:14 18:18 18:19
end(1) 5:20
enough(1) 11:11
enter(1) 12:21
entirely(1) 10:14
ernst(1) 2:39
esq(11) 1:26 1:27 1:35 2:5 2:12 2:19 2:29
2:30 2:36 2:40 2:44

established(1) 4:20
even(1) 16:20
every(1) 19:20
everyone(4) 3:3 16:16 17:25 17:25
evidence(1) 12:11
evolved(1) 13:12
examination(1) 14:2
excellent(1) 15:4
excess(2) 9:13 12:7
exchange(1) 11:8
expect(1) 9:15
experience(3) 9:3 10:24 13:14
experienced(1) 11:12
extended(1) 7:17

fact(3) 3:8 6:22 9:17 13:7
familiar(3) 8:11 13:16 17:23
fashion(1) 4:25
federal(1) 11:7
federated(1) 10:4
feld(2) 2:11 2:28
few(1) 7:12
fidelity(1) 10:5
figure(2) 4:14 17:10
figuring(1) 9:15
file(3) 3:17 15:20 17:9 17:23 18:18
filed(5) 3:12 4:9 7:18 15:24 16:1
filing(2) 4:17 7:17
final(8) 4:4 4:17 5:25 7:22 7:25 7:25
12:18 14:16

financial(1) 13:23
find(1) 16:14
finger(1) 2:4
finished(2) 11:24 19:23
first(7) 3:8 4:3 4:15 5:7 7:13 8:2 13:5
five(1) 11:14
flexibility(3) 10:18 11:2 14:19
floor(1) 1:29
flow(1) 18:23
foley(1) 2:43
folks(1) 16:17
follows(1) 8:22
for(28) 1:2 1:25 2:4 2:18 2:28 2:39 2:47
3:6 4:7 5:2 5:21 6:21 7:5 7:25 8:19 11:21
13:8 13:10 15:24 15:25 16:10 16:15 16:17
17:16 17:19 18:15 18:25 19:23

foregoing(1) 20:10
foreseeable(1) 7:5
forward(1) 19:25
four(1) 11:14
friday(1) 3:1
from(8) 7:14 10:22 11:3 11:14 12:18
13:13 14:13 20:11
fully(2) 5:18 9:10
fund(13) 5:6 9:4 9:21 10:4 10:4 10:5 10:5
10:6 10:14 10:16 10:22 10:24 11:11
funding(1) 11:3
funds(18) 4:12 4:13 4:16 4:19 8:5 8:10
10:2 10:8 10:17 10:21 10:24 11:1 11:12
11:13 11:15 11:17 14:3 14:20
further(5) 4:5 5:22 8:9 9:2 11:21
future(1) 7:5
generally(2) 6:14 7:13
get(7) 4:6 4:8 4:13 7:21 9:14 12:8 15:15
ginger(1) 1:41
give(1) 17:25
given(3) 9:6 12:17 13:6
going(5) 3:23 12:7 15:17 17:1 19:11
15:12 15:14 18:9 18:10
good(11) 3:3 3:4 3:5 12:25 13:1 13:4 13:5
got(5) 5:1 5:1 5:5 11:2 19:20
gotten(1) 5:17
gottlieb(1) 1:34
grant(4) 5:25 12:18 14:17 14:21
granted(1) 13:9
granting(1) 4:7
grateful(1) 20:2
gross(1) 1:20
guess(3) 3:18 18:15 19:1
gump(2) 2:11 2:28

had(11) 3:11 3:13 4:11 4:11 4:12 14:13
15:16 15:24 16:13 18:4 19:7

hamilton(1) 1:34
happening(1) 18:1
happens(1) 12:13
harrisburg(1) 1:45
has(14) 5:9 6:12 10:21 11:21 13:6 13:9
13:12 13:19 13:25 14:5 14:11 16:7 16:7
16:9
hauer(2) 2:11 2:28
have(26) 3:7 3:16 3:22 4:18 5:2 5:23 6:19
6:22 8:11 9:18 9:20 11:15 12:4 12:13
13:15 13:22 14:1 14:2 14:24 14:24 15:1
15:3 16:1 17:6 17:7 17:11
haven't(1) 11:12
he's(3) 6:12 6:14 19:18 19:20
heard(1) 16:1
hearing(8) 4:4 15:18 15:24 15:25 18:5
19:23 20:1 20:6
heavy(2) 6:23 7:1
held(1) 6:12
here(6) 3:6 8:8 13:5 14:17 18:13 19:19
higher(1) 9:15
highest(1) 10:22
highly(1) 9:3
him(1) 11:22
himself(1) 5:21
his(1) 6:8
historically(1) 8:11
holdings(3) 7:24 7:24 10:14
hondo(2) 2:47 2:48

honor(52) 3:5 3:6 3:8 3:9 3:11 3:14 3:21
4:1 4:9 4:21 5:7 5:9 5:16 6:1 6:4 6:9
6:11 7:1 8:5 9:7 9:18 9:20 9:22 10:2 10:
10:13 10:17 10:21 10:23 11:6 11:9 11:13
11:14 11:19 12:1 12:6 12:9 12:11 12:19
12:25 13:14 15:5 15:6 15:8 15:12 16:4
14:22 15:5 15:6 15:8 15:12 18:14 20:3
honor's(1) 12:20
honorable(1) 1:20
hope(1) 3:7
how(5) 8:15 8:17 17:4 18:5 19:11
however(2) 10:9 10:25
hundreds(2) 5:10 9:18
i'd(3) 6:1 6:8 15:8
i'll(4) 4:8 5:20 14:20 19:25
i'm(4) 18:12 18:12 18:24 20:2
i've(1) 13:7
immediate(1) 5:2
inability(1) 7:21
inc(2) 1:9 2:35
inclined(2) 17:5 17:12
includes(1) 7:11
including(1) 6:15
indeed(1) 17:4
indicate(1) 11:2
indicated(2) 3:12 15:16
inform(3) 15:6 17:8 17:22
informally(1) 15:7
initially(3) 7:19 7:24 7:25
instance(1) 8:19
instances(1) 8:21
insurance(1) 16:16
interconnected(1) 7:9
interest(1) 11:12
interim(3) 4:3 13:10 16:6
interruptions(1) 11:4
into(1) 9:14
invested(3) 9:9 10:3 12:16
investing(1) 10:19
investment(3) 10:18 11:16 12:15
investments(2) 10:11 11:18
investors(1) 11:15
involved(1) 7:19
issue(4) 8:2 8:5 13:7 15:9
it's(8) 12:14 16:10 16:15 16:17 16:20 19:
19:14 19:16
item(1) 3:11
items(1) 3:8
its(3) 13:20 13:20 17:20
jeffreries(1) 2:35
joanne(1) 2:44
joint(1) 15:18
jonathan(1) 2:40
jpm(1) 4:21
judge(1) 1:21
july(7) 1:15 3:1 9:1 9:1 9:22 12:6 20:15
15:21 17:9 17:19 17:23 19:11
june(6) 8:19 8:21 8:23 8:24 8:25 8:25
just(12) 3:10 3:18 4:9 5:25 6:1 6:8 13:18
15:21 17:9 17:19 17:23 19:11
kahn(1) 2:12
kept(1) 4:12
kevin(3) 1:20 2:19 13:2
kind(1) 11:10
king(2) 2:7 2:20
knew(1) 11:20
know(5) 11:20 14:2 15:23 18:6 19:16
knows(1) 6:18

layton(1) 2:4
lead(1) 4:4
leads(1) 3:22
least(1) 18:17
lee(1) 2:44
left(1) 12:4
length(1) 13:7
let(3) 5:20 13:5 13:17
letter(1) 3:13
level(2) 13:13 13:19
liberty(1) 1:37
light(1) 3:7
like(3) 6:1 6:8 7:6
likely(1) 7:5
limited(3) 9:19 10:12 11:4
line(1) 16:16
lisa(1) 1:35
little(4) 9:12 9:15 11:5 12:5
llp(2) 2:39 2:43
local(2) 10:9 11:5
lockbox(1) 2:21
long-term(5) 16:5 17:14 17:18 19:7 19:8
look(1) 19:25
looked(1) 8:16
looking(1) 16:24
lot(1) 5:17
low(1) 8:14
lumped(1) 8:17
lumpy(1) 8:14
mace(1) 1:41
made(3) 13:15 13:25 14:2
maintain(1) 9:9
maintains(1) 6:20
make(3) 3:10 3:18 10:17
management(11) 4:2 5:9 6:15 6:17 6:20
7:4 7:6 7:7 7:10 7:20 10:4
mandated(1) 6:25
many(1) 6:22
market(13) 1:12 1:28 4:13 4:15 5:2 5:14
8:7 8:10 9:10 10:2 10:6 10:22 11:4
matter(3) 3:13 10:17 20:12
matters(1) 3:21
maximum(1) 8:19
may(8) 3:8 4:2 6:9 7:18 9:24 12:4 14:1
14:22
maybe(1) 9:24
mcmeel(1) 20:16
meant(1) 19:14
mechanism(2) 13:20 14:5
meet(1) 10:9
meeting(1) 5:18
middle(1) 5:14
mike(1) 13:23
million(13) 8:3 8:6 8:8 8:20 8:20 8:23
8:24 8:25 9:12 9:16 12:7 12:19 15:4
millions(2) 5:10 9:19
missing(1) 3:9
mitigated(2) 4:19 5:24
moderated(1) 8:11
modify(1) 17:5
money(12) 4:12 4:15 4:24 5:2 5:14 5:17
8:7 8:10 9:9 10:2 10:6 10:22
monitor(2) 11:17 14:5
monitoring(1) 14:18
month(1) 9:21
moody's(1) 10:23
mooted(2) 16:9 16:25
more(1) 12:1
morgan(1) 10:6
morning(8) 3:3 3:4 3:5 12:25 13:1 15:13
15:14 20:1
morris(2) 1:25 3:6
morrow(1) 2:36

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **most**(1) 7:6 | | **overy**(1) 2:39 | | **recognition**(1) 5:23 | | **seeing**(1) 20:1 | |
| **motion**(18) 5:7 5:9 11:20 13:18 14:7 14:21 15:7 15:16 15:23 16:3 16:25 17:2 17:10 17:13 17:13 17:19 17:24 18:18 | | **own**(1) 13:13 | | **recognize**(1) 5:22 | | **seek**(2) 9:9 16:21 | |
| | | **p.o**(1) 1:30 | | **recognizing**(1) 17:3 | | **seeking**(4) 4:17 16:4 | |
| | | **page**(1) 3:9 | | **reconciliation**(1) 7:2 | | **seen**(1) 15:1 | |
| | | **park**(2) 2:13 2:31 | | **record**(5) 3:18 10:18 15:17 15:21 19:12 | | **sen**(2) 2:47 2:48 | |
| **move**(1) 6:9 | | **part**(4) 6:24 9:6 9:17 19:1 | | **recorded**(1) 1:50 | | **september**(3) 3:17 15:17 15:18 | |
| **moved**(1) 5:17 | | **particular**(1) 11:4 | | **recording**(1) 1:50 20:11 | | **service**(1) 1:43 1:51 | |
| **mr. ray**(1) 6:18 | | **parties**(3) 3:16 13:18 19:10 | | **redeem**(2) 10:24 11:9 | | **services**(2) 1:43 6:24 | |
| **much**(1) 14:8 | | **patrick**(1) 2:36 | | **redemption**(1) 11:10 | | **serving**(1) 14:20 | |
| **must**(1) 18:3 | | **pay**(1) 14:4 | | **reference**(1) 6:17 | | **set**(1) 4:9 | |
| | | **payables**(1) 8:15 | | **references**(1) 11:6 | | **seven**(1) 3:11 | |
| **nature**(1) 9:6 | | **pending**(1) 3:14 | | **referred**(1) 19:7 | | **several**(2) 6:25 13:8 | |
| **necessarily**(1) 14:4 17:17 | | **pennsylvania**(1) 1:45 | | **reimbursement**(1) 7:1 | | **shares**(2) 10:24 11:10 | |
| **necessary**(5) 6:5 6:7 11:22 14:19 19:1 | | **perfect**(1) 7:21 | | **related**(2) 6:23 7:2 | | **she**(1) 5:25 | |
| **necessitated**(1) 9:17 | | **performance**(1) 11:18 | | **relatively**(3) 6:8 10:12 12:12 | | **short**(1) 5:16 | |
| **need**(9) 3:10 4:7 5:25 8:9 9:11 10:1 11:20 12:1 12:7 | | **personal**(1) 13:14 | | **relief**(13) 4:3 4:3 4:7 4:17 5:25 7:22 7:25 8:1 12:12 12:18 14:6 16:9 17:25 | | **should**(1) 8:1 | |
| | | **place**(1) 16:22 | | | | **showing**(1) 14:13 | |
| | | **platform**(1) 7:11 | | | | **signatory**(2) 4:21 5:12 | |
| **needs**(5) 5:18 6:16 8:18 12:17 | | **plaza**(1) 1:37 | | **remaining**(1) 14:3 | | **significant**(6) 6:19 7:4 8:21 12:14 13:15 13:25 16:13 | |
| **networks**(1) 1:9 | | **pleasant**(1) 20:1 | | **representativ**(1) 13:22 | | | |
| **new**(6) 1:38 2:14 2:32 11:7 17:3 17:11 | | **please**(3) 3:4 6:10 14:23 | | **representatives**(2) 13:15 13:20 | | **significantly**(1) 16:8 | |
| **next**(3) 10:25 11:3 19:23 | | **pleased**(1) 14:21 | | **repurchase**(2) 10:15 10:20 | | **simply**(3) 13:24 17:2 | |
| **nichols**(2) 1:25 3:6 | | **plus**(2) 4:15 10:6 | | **request**(1) 10:25 | | **since**(1) 6:13 | |
| **non-debtor**(1) 7:19 | | **point**(8) 4:6 5:21 5:24 12:2 13:24 17:12 17:21 19:16 | | **requested**(2) 9:14 14:7 | | **sir**(2) 3:4 13:5 | |
| **nortel**(1) 1:9 | | | | **required**(3) 6:21 8:12 10:17 | | **six**(2) 3:8 9:20 | |
| **north**(1) 1:28 2:7 | | | | **requirement**(1) 11:1 | | **soft**(2) 16:14 16:20 | |
| **not**(15) 4:19 8:2 8:5 9:2 9:6 10:9 10:14 11:13 14:4 15:24 16:10 16:17 16:20 18:9 18:20 | | **pointing**(1) 19:7 | | **requirements**(5) 5:12 7:3 9:20 10:9 10:10 | | **sold**(2) 11:6 16:20 | |
| | | **policies**(2) 10:19 11:16 | | **reserve**(3) 4:12 11:7 11:9 | | **some**(8) 4:8 5:25 10:18 11:2 13:10 14:1 14:3 14:3 | |
| | | **policy**(2) 11:3 11:15 | | **reserves**(1) 5:3 | | | |
| **nothing**(1) 17:25 | | **poor**(1) 10:22 | | **reserving**(1) 19:9 | | | |
| **notice**(5) 3:17 4:17 15:20 15:25 17:9 17:24 18:19 | | **position**(5) 6:13 11:13 14:6 14:17 17:16 | | **residual**(1) 7:3 | | **sometimes**(2) 8:14 8:14 | |
| | | **positions**(1) 19:10 | | **resolved**(1) 3:22 | | **somewhat**(2) 8:13 9:23 | |
| | | **possible**(2) 16:10 16:14 | | **resources**(2) 12:16 16:13 | | **sort**(6) 4:9 4:10 4:11 5:2 5:22 8:15 | |
| **noticed**(2) 4:4 7:25 | | **postured**(1) 12:15 | | **respect**(4) 7:23 11:3 14:6 19:10 | | **sought**(2) 4:2 16:9 | |
| **notification**(1) 11:17 | | **ppearances**(2) 1:23 2:1 | | **respond**(2) 12:20 17:17 | | **sound**(2) 1:50 20:11 | |
| **notify**(1) 11:15 | | **practical**(1) 16:10 | | **rest**(1) 20:2 | | **speak**(1) 5:21 | |
| **notwithstanding**(2) 6:22 11:16 | | **precision**(1) 19:17 | | **result**(3) 6:13 7:21 12:14 | | **specific**(1) 10:10 | |
| **now**(12) 4:24 4:25 5:11 7:19 7:22 9:15 9:24 13:19 16:8 16:18 17:6 18:15 | | **predictable**(1) 9:6 | | **retiree**(5) 15:7 15:23 16:4 17:18 19:8 | | **specifically**(1) 7:23 | |
| | | **prepared**(1) 14:16 | | **retirees**(1) 17:14 | | **spent**(1) 16:13 | |
| **number**(2) 6:19 7:8 | | **primarily**(1) 10:19 | | **review**(2) 14:16 17:20 | | **spoke**(1) 19:11 | |
| **numbers**(4) 4:14 4:25 9:22 9:23 | | **principal**(1) 6:12 | | **reviewed**(1) 14:24 | | **spoken**(1) 13:7 | |
| **object**(1) 11:23 | | **principally**(2) 4:13 7:11 | | **reviewing**(1) 16:8 | | **square**(1) 2:6 | |
| **obligations**(1) 10:5 | | **proceed**(4) 17:4 17:10 17:12 18:3 | | **richards**(1) 2:4 | | **stacked**(1) 8:22 | |
| **obviously**(8) 6:5 12:8 16:6 16:7 16:9 16:21 19:1 19:9 | | **proceeding**(1) 17:23 | | **right**(21) 4:23 5:4 5:15 6:3 11:9 11:23 12:3 12:20 12:22 12:23 14:8 14:15 14:15 15:2 15:3 15:4 17:6 17:23 18:2 18:7 19:25 | | **stand**(1) 20:4 | |
| | | **proceedings**(3) 1:19 1:50 20:12 | | | | **standard**(1) 10:22 | |
| **off**(2) 17:24 20:2 | | **process**(2) 5:20 19:2 | | | | **state**(1) 4:18 | |
| **offered**(3) 13:6 13:19 14:5 | | **produced**(1) 1:51 | | | | **states**(3) 1:1 1:21 13:3 | |
| **office**(2) 2:18 4:5 4:18 5:19 13:23 | | **proffer**(8) 4:8 4:13 6:2 6:9 11:24 11:25 13:6 13:20 | | **rights**(2) 11:14 19:10 | | **status**(1) 15:7 | |
| **officer**(1) 6:12 | | | | **rise**(1) 3:2 | | **stay**(1) 18:15 | |
| **official**(2) 2:4 2:28 | | | | **risk**(2) 5:24 10:12 | | **steen**(1) 1:34 | |
| **okay**(5) 9:25 14:23 15:19 18:2 18:14 | | **proper**(2) 15:21 18:3 | | **rock**(1) 10:4 | | **stephanie**(1) 20:16 | |
| **one**(12) 1:37 2:6 2:13 2:31 3:10 3:23 8:20 12:1 15:5 15:15 15:21 17:13 | | **proposal**(2) 17:7 17:11 | | **rodney**(1) 2:6 | | **still**(6) 5:2 5:5 6:20 7:4 11:25 14:1 | |
| | | **propose**(3) 17:2 17:7 17:9 | | **role**(1) 6:14 | | **stock**(1) 11:8 | |
| | | **proposed**(1) 14:14 | | **roll**(1) 8:15 | | **stop**(2) 18:20 18:23 | |
| **ongoing**(2) 6:23 9:21 | | **proposing**(1) 17:19 | | **routine**(1) 12:13 | | **stopped**(1) 18:21 | |
| **only**(3) 9:2 9:20 11:6 | | **protect**(1) 14:20 | | **rule**(2) 10:9 11:5 | | **strauss**(2) 2:11 2:28 | |
| **opening**(1) 6:1 | | **provide**(1) 14:19 | | **runs**(1) 7:10 | | **street**(5) 1:12 1:28 1:44 2:7 2:20 | |
| **operate**(1) 9:11 | | **providing**(1) 6:25 | | **said**(1) 5:17 | | **strides**(1) 13:25 | |
| **operating**(3) 4:11 5:6 8:1 | | **prudent**(2) 10:11 12:15 | | **same**(4) 10:20 10:25 11:3 14:20 | | **struck**(1) 8:18 | |
| **operational**(1) 12:17 | | **public**(1) 10:18 | | **samis**(1) 2:5 | | **stuff**(2) 5:8 5:10 | |
| **operations**(4) 6:15 6:21 9:21 11:11 | | **pursue**(1) 16:19 | | **sarah**(1) 2:30 | | **subject**(6) 6:5 8:5 12:18 12:20 14:15 | |
| **oppose**(1) 13:18 | | **push**(1) 3:17 | | **satisfied**(1) 14:18 | | **subsequently**(2) 3:16 4:4 | |
| **options**(3) 17:3 17:6 17:21 | | **put**(1) 16:22 | | **saw**(1) 18:4 | | **substantially**(2) 5:24 10:14 | |
| **order**(4) 4:7 9:13 12:21 14:12 | | **questions**(3) 11:22 12:20 14:12 | | **say**(5) 8:1 13:6 13:13 13:17 13:24 | | **substantive**(1) 19:9 | |
| **orders**(1) 11:4 | | **quickly**(1) 9:16 | | **scheduled**(1) 15:25 | | **substantively**(1) 3:24 | |
| **original**(1) 16:25 | | **rather**(1) 16:25 | | **schultz**(1) 2:30 | | **suite**(1) 2:20 | |
| **originally**(3) 14:14 15:24 16:9 | | **ratings**(1) 10:22 | | **schuylkill**(1) 1:44 | | **supplemented**(1) 7:14 | |
| **other**(6) 3:21 8:21 12:21 13:17 15:5 15:16 | | **ray**(14) 6:11 7:6 7:10 7:12 7:23 8:11 9:2 9:8 10:3 10:7 10:23 11:19 12:23 14:2 | | **schweitzer**(20) 1:35 15:8 15:11 15:12 15:15 15:20 15:23 16:3 17:16 18:7 18:9 18:14 18:17 18:25 19:6 19:15 19:18 19:20 19:22 20:3 | | **support**(1) 11:20 13:18 | |
| **otherwise**(1) 11:11 | | | | | | **sure**(3) 18:12 18:12 18:24 | |
| **our**(10) 4:2 7:7 9:16 13:16 13:22 17:3 17:20 18:20 19:20 19:23 | | **ray's**(1) 6:2 | | | | **system**(10) 6:16 6:17 6:20 7:4 7:7 7:10 7:13 7:16 7:20 8:15 | |
| | | **really**(3) 3:22 4:10 5:13 | | **seated**(1) 3:4 | | | |
| **ourselves**(1) 9:14 | | **reassess**(1) 17:2 | | **sec**(1) 11:4 | | | |
| **out**(7) 8:17 9:21 11:14 17:6 17:10 18:5 19:7 | | **recall**(2) 4:2 7:18 | | **second**(2) 4:25 5:13 | | **systems**(1) 7:6 | |
| | | **receipts**(1) 9:4 | | **secure**(1) 10:11 | | **table**(1) 4:9 | |
| **over**(4) 8:17 8:20 8:23 8:24 | | **receivables**(1) 9:4 | | **securely**(1) 12:16 | | **take**(4) 14:6 17:24 19:11 20:2 | |
| | | **received**(1) 10:21 | | **securities**(4) 10:15 10:16 10:20 11:10 | | **talk**(2) 3:10 4:25 | |
| | | **recess**(1) 20:4 | | **see**(4) 4:5 9:13 13:4 16:18 | | **talked**(1) 5:19 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**talking**(3) 5:13 8:8 16:17
**tea**(1) 10:4
**technical**(3) 10:10 14:1 14:4
**technically**(1) 9:10
**telephonic**(1) 2:26
**tell**(1) 17:25
**tend**(1) 8:13
**tender**(1) 11:22
**terminate**(4) 16:4 16:11 16:21 17:5
**terminating**(1) 18:20
**termination**(3) 16:18 16:19 17:12
**terms**(1) 6:25
**testify**(17) 6:11 6:18 7:7 7:10 7:12 7:23
8:1 8:9 8:12 8:16 8:18 9:2 9:8 10:3 10:7
10:23 13:24
**testimony**(3) 6:2 6:8 11:19
**than**(3) 9:15 11:5 16:25
**thank**(16) 3:3 3:20 12:22 12:22 14:8
14:10 14:22 14:23 15:3 15:5 15:10 15:12
15:22 18:14 20:3 20:4
**that**(124) 3:12 3:13 3:13 3:17 3:19 3:22
3:23 4:10 4:12 4:15 4:19 4:21 5:1 5:10
5:10 5:13 5:14 5:23 6:1 6:11 6:13 6:13
6:14 6:18 6:20 6:22 6:24 7:7 7:8 7:9 7:13
7:13 7:16 7:18 7:20 8:1 8:2 8:4 8:7 8:9
8:12 8:16 8:19 8:21 9:2 9:4 9:8 9:9 9:10
9:10 9:13 9:14 9:15 9:16 9:18 9:18 10:2
10:7 10:8 10:13 10:16 10:17 10:23 11:2
11:3 11:5 11:19 11:24 11:24 12:7 12:11
12:12 12:12 12:13 12:16 12:19 12:21 13:6
13:14 13:16 13:17 13:17 13:24 14:3 14:3
14:3 14:18 14:19 15:9 15:15 15:17 15:17
15:21 16:3 16:10 16:12 16:14 16:15 16:20
16:23 16:24 16:25 17:10 17:12 17:13
17:23 17:25 18:2 18:3 18:3 18:10 18:18
18:19 18:23 18:25 19:7 19:9 19:13 19:14
19:15 19:16 19:17 19:17 19:22 20:10

**that's**(3) 5:8 11:22 13:6
**the**(285) 1:1 1:2 1:20 1:36 2:4 2:18 2:28
3:2 3:3 3:6 3:8 3:11 3:11 3:12 3:12 3:14
3:15 3:16 3:18 3:18 3:20 3:21 3:23 3:25
3:25 4:1 4:3 4:3 4:3 4:5 4:6 4:7 4:7 4:8
4:9 4:9 4:10 4:13 4:14 4:14 4:15 4:17
4:18 4:18 4:19 4:21 4:23 4:24 4:24 4:25
5:2 5:4 5:5 5:6 5:7 5:8 5:9 5:10 5:10
5:11 5:11 5:14 5:15 5:18 5:19 5:20 5:20
5:20 5:21 5:24 5:25 6:3 6:4 6:6 6:10 6:11
6:12 6:14 6:15 6:17 6:18 6:19 6:21 6:21
6:22 6:22 6:24 6:24 6:25 7:4 7:4 7:9 7:11
7:14 7:16 7:17 7:17 7:22 7:23 7:25 8:1
8:3 8:4 8:4 8:4 8:6 8:7 8:10 8:10 8:12
8:15 8:17 8:18 8:18 8:19 8:23 8:24 8:25
9:2 9:3 9:6 9:8 9:9 9:9 9:11 9:13 9:17
9:18 9:19 9:24 9:25 10:2 10:2 10:3 10:5
10:7 10:8 10:10 10:11 10:13 10:13 10:16
10:20 10:21 10:23 10:24 10:25 11:1 11:5
11:6 11:7 11:7 11:7 11:9 11:10 11:11
11:12 11:13 11:16 11:17 11:17 11:19
11:20 11:21 11:23 11:23 12:3 12:4 12:6
12:10 12:11 12:14 12:16 12:17 12:18
12:20 12:21 12:22 13:1 13:2 13:4 13:6
13:8 13:9 13:11 13:13 13:14 13:16 13:17
13:18 13:18 13:19 13:24 14:4 14:6 14:8
14:11 14:13 14:15 14:16 14:16 14:17
14:18 14:18 14:19 14:20 14:21 14:23 15:2
15:3 15:5 15:6 15:7 15:7 15:7 15:9 15:10
15:14 15:16 15:17 15:18 15:19 15:20
15:21 15:22 15:23 16:2 16:4 16:6 16:6
16:7 16:8 16:9 16:13 16:14 16:17 16:18
16:21 16:24 16:25 17:1 17:2 17:3 17:8
17:9 17:13 17:13 17:13 17:15 17:18 17:19
17:22 17:24 18:2 18:4 18:4 18:5 18:8
18:12 18:16 18:18 18:18 18:19 18:23
18:23 18:24 19:1 19:3 19:7 19:12 19:13
19:16 19:19 19:21 19:23 19:24 19:25 20:2
20:2 20:4 20:6 20:10 20:11 20:11 20:12

**their**(9) 4:11 5:12 6:15 7:21 9:11 9:19
10:18 11:18 14:7

**them**(4) 9:19 10:11 15:1 18:1
**then**(5) 4:12 5:5 17:3 17:10 19:24
**there**(11) 4:10 4:25 6:18 6:23 7:17 7:18
12:8 14:1 14:3 15:25 19:19

**there's**(5) 3:10 7:1 8:9 11:20 15:15
**thereafter**(1) 7:14
**these**(14) 4:15 6:25 7:3 8:12 9:7 9:22
9:23 10:8 10:16 11:13 11:15 12:15 14:24
14:24
**they**(16) 4:6 4:11 4:12 5:22 5:23 8:13 9:9
9:11 10:9 11:9 12:17 13:21 13:21 14:2
14:19 16:15

**they're**(4) 5:21 8:14 8:14 9:12
**they've**(2) 8:16 11:2
**thing**(4) 3:10 3:23 15:6 17:13
**things**(1) 11:13
**think**(12) 3:8 3:23 5:17 5:21 6:7 9:22
12:12 17:18 18:3 19:13 19:14 19:22

**third**(1) 16:6
**this**(13) 4:8 7:25 9:17 11:17 12:12 12:13
13:7 13:9 13:24 16:5 17:21 20:1 20:1
**those**(12) 5:8 7:1 8:17 9:4 9:5 9:21 10:1
10:21 11:6 11:14 14:5 14:20
**three**(3) 5:1 8:23 8:25
**through**(3) 7:10 8:15 13:20
**throughout**(1) 5:20
**time**(9) 3:12 7:14 7:14 13:10 14:20 16:13
16:19 16:23 19:20

**today**(11) 3:7 3:24 8:3 8:5 8:7 9:12 15:6
15:24 15:25 17:8 19:23

**total**(1) 8:19
**totality**(1) 17:20
**towards**(2) 5:22 13:25
**training**(1) 19:16
**transactional**(1) 6:23
**transactions**(1) 9:20
**transcript**(3) 1:49 1:50 20:11
**transcription**(2) 1:43 1:51
**transcriptionist**(1) 20:18
**transition**(2) 6:24 18:21
**treasury**(8) 7:9 10:3 10:5 10:5 10:6 10:15
10:16 10:19

**true**(1) 3:12
**trustee**(3) 2:18 2:18 13:3
**trustees**(5) 4:5 4:18 4:22 5:12 5:19
**try**(1) 16:16
**trying**(2) 16:14 18:21
**tuned**(1) 18:15
**tunnell**(1) 1:25
**two**(4) 4:10 8:20 8:24 9:5
**u.s**(16) 2:18 2:18 4:5 4:21 5:12 5:19 6:12
6:15 6:21 8:3 8:6 8:13 10:6 10:14 10:16
10:19
**uncertain**(1) 9:5
**under**(2) 5:9 9:24
**understand**(2) 18:13 19:3
**understanding**(1) 16:15
**understood**(1) 19:14
**uneven**(1) 9:6
**unfortunately**(1) 19:1
**united**(4) 1:1 1:21 4:18 13:3
**unless**(1) 14:11
**unpredictable**(1) 8:13
**unsecured**(2) 2:5 2:29
**upon**(1) 10:25
**use**(1) 8:10
**variable**(1) 9:3
**vary**(2) 11:2 11:14

**vehicles**(1) 14:3
**versus**(1) 7:24
**very**(4) 3:7 9:16 12:8 14:8
**view**(1) 13:16
**visteon**(2) 16:6 18:4
**volume**(1) 6:23
**waiver**(4) 3:25 12:18 13:9 14:17
**want**(1) 17:8
**wanted**(4) 3:18 15:6 17:22 19:11
**was**(17) 3:12 7:13 7:16 7:17 7:18 7:18
8:19 8:21 12:6 15:6 15:17 15:24 15:25
17:2 18:5 20:1 20:6

**way**(4) 9:16 12:14 17:10 18:3
**we'll**(11) 3:17 4:13 4:25 15:20 18:17
18:17 18:18 18:19 18:20 19:24 20:4

**we're**(11) 3:23 5:13 8:7 9:15 12:8 17:19
18:9 18:9 18:20 19:9 19:22

**we've**(8) 4:25 5:1 5:5 5:16 5:19 5:23 9:13
18:20

**weeks**(1) 13:8
**welcome**(1) 15:11
**well**(4) 7:9 14:12 18:9 19:14
**were**(8) 4:6 4:10 4:12 7:15 16:4 16:19
17:1 17:4

**west**(2) 13:23 19:16
**what**(12) 3:7 5:13 8:7 11:5 14:13 16:22
17:1 17:6 17:8 18:13 19:10 19:14

**when**(5) 4:9 7:24 16:21 17:11 18:3
**where**(7) 4:6 5:6 5:22 5:24 13:13 13:19
17:10

**whereupon**(1) 20:6
**whether**(1) 16:18
**which**(7) 3:24 4:4 5:14 8:4 8:7 13:20 16:7
**while**(2) 5:18 14:19
**who**(1) 13:23
**why**(1) 18:13
**will**(4) 3:7 6:7 6:8 18:23
**wilmington**(5) 1:13 1:31 2:8 2:22 3:1
**wingman**(1) 19:18
**wish**(2) 7:22 12:23
**with**(29) 3:23 4:2 4:5 4:18 4:21 5:11 6:1
6:14 6:17 7:12 7:23 9:14 10:8 10:12
11:10 11:24 13:7 13:22 14:6 14:12 14:24
16:12 17:12 17:20 17:23 19:10 19:15
19:22 19:23

**withdraw**(2) 17:2 17:19
**withdrawal**(3) 17:9 17:24 18:19
**within**(1) 12:19
**without**(2) 4:6 17:16
**wondered**(1) 18:5
**work**(1) 9:16
**working**(1) 4:18
**would**(31) 6:11 6:18 7:6 7:10 7:12 7:23
8:1 8:9 8:12 8:16 8:18 8:22 9:2 9:8 10:3
10:7 10:23 11:19 11:22 12:17 12:21 13:16
13:21 13:24 14:12 16:20 16:21 17:4 17:9
17:18 17:23

**www.diazdata.com**(1) 1:47
**year**(1) 16:6
**yes**(11) 3:15 6:10 12:10 13:11 16:2 17:15
18:12 18:16 19:13 19:21 19:25

**york**(4) 1:38 2:14 2:32 11:8
**you**(28) 3:3 3:20 11:24 12:22 12:22 13:4
14:8 14:10 14:22 14:23 15:3 15:5 15:10
15:12 15:22 15:23 18:4 18:5 18:6 18:13
18:14 19:14 19:16 19:19 20:1 20:2 20:3
20:4
**you'll**(1) 9:13
**you're**(4) 16:3 16:12 17:22 18:13

**young**(1) 2:39
**your**(53) 3:5 3:6 3:8 3:9 3:11 3:14 3:21
4:1 4:8 4:21 5:7 5:8 5:16 6:1 6:4 6:9
6:11 7:1 8:5 9:7 9:17 9:22 10:1 10:7
10:13 10:17 10:21 10:23 11:6 11:9 11:13
11:14 11:19 11:25 12:1 12:6 12:8 12:17
12:19 12:20 12:25 13:14 13:22 14:10
14:11 14:13 14:22 15:5 15:6 15:8 15:12
18:14 20:3