Case # (09-10138 (KG))

From: (Name and Address)

To:
    Clerk
    U. S. Bankruptcy Court
    824 Market Street
    3rd Floor
    Wilmington, Delaware 19801

Copy:
    James L. Bromley
    Cleary Gottlieb Steen & Hamilton LLP
    One Liberty Plaza
    New York, N.Y. 10006

As you are aware, Nortel filed a motion on June 21 to terminate all former employee benefit plans effective August 31, 2010.

As a former Nortel employee, I assumed that it was possible that, as a result of the bankruptcy, Nortel might wish to terminate employee benefits at some point, but feel that Nortel's motion to terminate at the end of August is unfair and unjust.

First, there is no provision for retirees to make a claim for the value of benefits to be terminated, as there was for the value of various forms of deferred compensation (such as pensions) which claims were due by September 30, 2009. While Nortel may argue that it has a unilateral right to terminate the plans without permitting retirees to make claims for the value of the terminated benefits, there is a difference among the plans (e.g., medical related plans vs. life insurance plans) which should be examined by the Court.

Just as an example, I have no recollection of having ever been told that life insurance was subject to such cancellation -- it was an obligation of Nortel, just as pensions were. Furthermore, Nortel refers in its motion to plan language in 2010 summaries regarding its supposed unilateral rights to terminate the various plans. The Court should examine when such provisions were added to the Plans -- possibly after the dates of retirement for many retirees. While such promises may be terminated in the bankruptcy process, retirees should be allowed to make claims for the value of such life insurance or long-term care or disability, just as they were for deferred compensation. All of these plans, including medical, need to be considered separately.

Second, Nortel has agreed with employees in Canada that employee benefits, including health benefits, long term disability benefits and life insurance benefits would be maintained until December 31, 2010. In addition terminated employees were given an option to choose between a lump sum settlement and an annuitized deferred pension.

I am also aware that the funding to permit the Canadian Nortel estate to provide these benefits extensions were provided by the U.S. Nortel estate. This means that U.S. employees are twice disadvantaged: they lose their benefits four months sooner and there are also less funds available for settlement of their other U.S. employee claims such as non-qualified pensions, deferred compensation and severance.

I believe that Nortel's motion for earlier cancellation of U.S. benefits may have occurred because while Canadian employees were full participants in Canadian Court Proceedings and were represented by Koskie Minsky, where in the U.S. there was neither employee participation or legal representation.

For many of us, the benefits Nortel is seeking to terminate are essential and almost irreplaceable. Many retirees are under 65 and not yet eligible for Medicare. The medical and other benefits are critical for their health and reasonable quality of life. Once Nortel terminates these benefits, most retirees will have to qualify for benefits individually and such benefits could be prohibitively expensive. For these reasons, and to insure basic fairness of the process, manner and timing of termination of these benefits, I believe that the court should authorize the appointment of a committee under Section 1114 of the Bankruptcy Code to protect the Nortel retirees, spouses and survivors with respect to their rights regarding these benefits.

I am asking that the Court:

(1) allow retirees to file claims for the value of the benefits to be terminated, and
(2) not permit Nortel to discriminate against U.S. employees vs. Canadian employees.
(3) authorize the appointment of a committee under Section 1114 of the Bankruptcy Code.


Signed                                    Date

*[signature]*                             7/16/10

7634 Astoria Place
Raleigh, North Carolina
July 16, 2010


I would like to add a note to the enclosed letter to let you know what the elimination of Nortel health insurance and long-term health care has on me.

I worked for Nortel for 25 years. Upon retirement I was given medical insurance, long term health care and life insurance as part of my retirement package.

Shortly after retirement I was diagnosed with cancer. I have spent the last four years in and out of treatment, with numerous doctor visits and some hospitalizations, all of which I could do because I had health care insurance to help cover the expenses. Because of my cancer I have a blood clot, which if left unattended could travel to my heart, into my lungs, resulting in a pulmonary embolism and instant death. Lovenox, a heparin blood thinner is used to treat cancer patients rather than the less expensive coumadin because it can be taking during chemo treatment whereas coumadin cannot. In addition to keeping additional clots from forming, Lovenox inhibits the blood flow to a cancer cell keeping it from growing as quickly. I require two shots a day, one every twelve hours. The cost of this medication is $3,736.74 for a 30-day supply; there is no generic available.

Nortel has made arrangements for retirees to contract with United Health Care for medical insurance with no exclusion for existing conditions. This is a good thing because other insurance companies have told me that I am uninsurable due to my cancer. However there is a downside. My premiums will increase from $234.00 per month to $648.00 per month and only one half of my prescription cost will be covered under the United Health Care prescription plan. United has what they refer to as a SL – supply limit for some of their prescriptions. This means I am now faced with an additional $414.00 per month in premiums and $1,868.74 for my prescription or $2,281.74 per month, $27,380.88 per year. This is in addition my portion of my medical bills and my living expenses. I am a single woman who relies on social security and my Nortel retirement to live.

Nortel's decision to cancel my retirement medical benefits will hasten my death, as I cannot afford the additional medical bills placed on me. I find it unfair that the US employees are losing their benefits four months earlier than our Canadian neighbors. December 31, 2010 would allow me to receive an additional four months treatment of Lovenox and brought me that much closer to Medicare coverage.

I am told that each day I remain alive gives researchers time to find new ways to prolong or save my life. It would seem that I no longer have that option.

Thank you for listening to my story.

Marion Lewis