Frank X. Froncek
4508 Hedrick Street
North Myrtle Beach, SC 29582



FILED

2010 JUL 26  AM 8: 44

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Clerk
U. S. Bankruptcy Court
824 Market Street, 3rd Floor
Wilmington, Delaware 19801

**Re: Case # (09-10138 (KG))**


To the Court:

As you are aware, Nortel filed a motion on June 21, 2010 to terminate all benefit plans for all retired employees, effective August 31, 2010.

As a retired Nortel, I assume, as a result of the bankruptcy, Nortel may wish to terminate employee benefits at some point, but I feel that Nortel's motion to terminate at the end of August, 2010, is unfair and unjust.

First, there is no provision to allow retirees to make a claim for the value of benefits to be terminated, as there was for the value of various forms of deferred compensation (such as pensions) which claims were due by September 30, 2009. While Nortel may argue that it has a unilateral right to terminate the plans without permitting retirees to make claims for the value of the terminated benefits, there is a difference among the plans (e.g., medical related plans vs. life insurance plans) that the Court should examine.

As an example, Nortel refers in its motion to the plain language in 2010 summaries regarding its supposed unilateral rights to terminate the various plans. The Court should examine when such provisions were added to the Plans – before or after the dates of retirement of the affected retirees. While such promises may be terminated in the bankruptcy process, affected retirees should be allowed to make claims for the value of the various benefits that will be terminated, just as they were for deferred compensation. The various benefit plans, medical, life insurance, disability, and/or long term care, should be considered separately.

Second, Nortel has agreed with employees in Canada that employee benefits, including health, long term disability and life insurance will be maintained until December 31, 2010. Further, terminated employees were given an option to choose either a lump sum settlement or an annuitized deferred pension.

As the Court is probably aware, the funding to permit the Canadian Nortel estate to so extend benefits to the terminated Canadian Nortel employees was provided at the expense of the U.S.

Nortel estate. As a consequence, U.S. Nortel employees will be twice disadvantaged: they will lose their benefits four months sooner than their Canadian counterparts and there will be fewer funds available for settlement of other U.S. employee claims, such as for non-qualified pensions, deferred compensation and severance.

I believe that Nortel's motion for earlier cancellation of U.S. benefits may have occurred because the Canadian employees were full participants in Canadian Court Proceedings and were represented by Koskie Minsky, whereas, in the U.S., there was neither employee participation nor legal representation.

For many of us, the benefits Nortel is seeking to terminate are essential and almost irreplaceable. Many retirees and their dependents are under 65 and not yet eligible for Medicare. The medical and other benefits are critical for their health and reasonable quality of life. Once Nortel terminates these benefits, most retirees will have to qualify for benefits individually, at costs which could prove prohibitively expensive. For these reasons, and to insure basic fairness of the process, manner and timing of termination of these benefits, I believe that the Court should authorize the appointment of a committee under Section 1114 of the Bankruptcy Code to protect the Nortel retirees and their dependents with respect to their rights regarding these benefits.

I am asking that the Court to:

(1) allow retirees to file claims for the value of the benefits to be terminated, and
(2) not permit Nortel to discriminate against U.S. employees vs. Canadian employees.
(3) authorize the appointment of a committee under Section 1114 of the Bankruptcy Code.


Sincerely,

*Frank K. French*

July 21, 2010

Copy: James L. Bromley
      Cleary Gottlieb Steen & Hamilton LLP
      One Liberty Plaza
      New York, N.Y. 10006