## EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
: 
In re                                                    :  Chapter 11
                                                         :
Nortel Networks Inc., et al.,[1]                         :  Case No. 09-10138 (KG)
                                                         :
            Debtors.                                     :  Jointly Administered
                                                         :
                                                         :  **Re: D.I. _____**
                                                         :
---------------------------------------------------------X

**ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF RLKS EXECUTIVE SOLUTIONS LLC AS CONSULTANTS TO THE DEBTORS *NUNC PRO TUNC* TO JULY 9, 2010**

Upon the Application (the "Application")[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Application, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Rules 2014 and 2016 of the Bankruptcy Rules, and Rule 2014-1 of the Local Rules, (i) authorizing the employment and retention of RLKS as consultant to the Debtors *nunc pro tunc* to the Effective Date, and (ii) approving the terms and conditions pursuant to which RLKS will be retained and compensated by the Debtors; and upon the Affidavit of Richard A. Lydecker, Jr. (the "Lydecker Affidavit"); and adequate notice of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Application.

Application having been given as set forth in the Application; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief requested in the Application, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, the Debtors are authorized to retain and employ RLKS as consultant to the Debtors, *nunc pro tunc* to the Effective Date, under the terms and conditions set forth in that certain Agreement dated as of July 27, 2010, between RLKS and NNI and its U.S. Debtors.

3. The fees and other compensation set forth in the Agreement, including, without limitation, the hourly fee and the reimbursement of expenses, are approved pursuant to section 328(a) of the Bankruptcy Code. NNI shall be liable for such compensation.

4. RLKS will file fee applications for interim and final allowance of compensation, including reimbursement of expenses, pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code.

5. Notwithstanding any provisions to the contrary in the Bankruptcy Code, Bankruptcy Rules, Local Rules, orders of this Court, or any guidelines regarding submission and approval of fee applications, RLKS and its professionals shall be excused from maintaining time

records in tenths of an hour as set forth in Local Rule 2016-2(d)(iv) in connection with the services to be rendered pursuant to the Agreement; provided, however, that RLKS shall submit to the court reasonably detailed descriptions of services rendered for the Debtors, the approximate time expended in providing those services, and the individuals who provided those services on behalf of the Debtors.

6. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: _____, 2010

                                          HONORABLE KEVIN GROSS
                                          UNITED STATES BANKRUPTCY JUDGE