# EXHIBIT B

**Lydecker Affidavit**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
*In re*                                                     :   Chapter 11
                                                            :
Nortel Networks Inc., *et al.*,[1]                          :   Case No. 09-10138 (KG)
                                                            :
           Debtors.                   :   Jointly Administered
                                                            :
                                                            :   **Re: D.I. _____**
                                                            :
------------------------------------------------------------X

**AFFIDAVIT OF RICHARD A. LYDECKER, JR. IN SUPPORT OF DEBTORS'
APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND
RETENTION OF RLKS EXECUTIVE SOLUTIONS LLC AS CONSULTANTS TO THE
DEBTORS *NUNC PRO TUNC* TO JULY 9, 2010**

      I, Richard A. Lydecker, Jr., pursuant to section 1746 of title 28 of the United States Code hereby declare that the following is true to the best of my knowledge:

      1.    I am the Chief Executive Officer of RLKS Executive Solutions LLC ("<u>RLKS</u>"), whose offices are located at 101 Wescott # 706, Houston, Texas 77007. I am authorized to execute this document on behalf of RLKS. Unless otherwise stated in this declaration, I have personal knowledge of all facts stated herein.

      2.    This declaration is being submitted in connection with the proposed retention of RLKS as document management and data preservation consultants to the Debtors to perform

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

services as set forth in the Application (the "Application").[2] RLKS has agreed to assist the Debtors with the wind down and liquidation of the Debtors' businesses and estates, including, without limitation, the preservation, organization, management and destruction of records, including records of both the Debtors' hard copy and electronic data. RLKS has received a retainer in connection with its representation of the Debtor and as of the filing date maintained a retainer in the amount of $15,000.

3. RLKS has agreed that it will be paid an hourly rate for services that are rendered and that compensation for services and for reasonable costs and expenses shall be paid as allowed by this Court upon application as required by the United States Bankruptcy Code. The undersigned's hourly rate is $450 per hour.

4. In connection with its proposed retention in these cases, RLKS undertook to determine whether RLKS had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest materially adverse to the Debtors. Both I and Kathryn Schultea personally reviewed the conflicts list provided by Debtors' counsel and discovered no entity or person with which RLKS or either of us personally has an existing or prior relationship. To the best of my knowledge, neither I nor any member of RLKS holds or represents any interest adverse to the estate of the Debtor.

5. Based upon such review and to the best of my knowledge, neither I nor any member of RLKS has any connection with the Debtor or other parties in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee except as follows:

    a. I have previously worked with John Ray, the Principal Officer in these cases, on matters unrelated to these chapter 11 cases. John Ray has served

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

2

as Chairman and President of Enron Corp. and related entities since November 2005. As Managing Director and Chief Financial and Accounting Officer I have reported to Mr. Ray since that time and worked to facilitate the liquidation and windup of Enron under his direction. In addition, Kathryn Schultea has also worked during this period under Mr. Ray's direction, her most recent responsibility being Chief Administrative Officer. In this capacity Ms. Schultea had direct responsibility for document and records management.

6. Based upon the following, I believe RLKS is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and does not hold or represent an interest materially adverse to the Debtors or their estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on July 27, 2010

*R. A. Lydecker*

Richard A. Lydecker, Jr.
RLKS Executive Solutions LLC
101 Wescott # 706
Houston, Texas 77007-7031