### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

_____

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 09-10138 (KG) |
| Nortel Networks Inc., *et al.,* | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| _____ | : | Re: Docket No. 3507 |

**RESPONSE AND RESERVATION OF RIGHTS OF SNMP RESEARCH INTERNATIONAL, INC. TO DEBTORS' TWELFTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND DEL. L.R. 3007-1 (NO LIABILITY CLAIMS, REDUCE AND ALLOW CLAIMS, NO BASIS 503(B)(9) CLAIMS, MULTI-DEBTOR DUPLICATE CLAIMS AND WRONG DEBTOR CLAIM)**

SNMP Research International, Inc. ("SNMPRI"), through undersigned counsel, hereby files this response and reservation of rights (the "Response") to the Twelfth Omnibus Objection (Substantive) of the above-captioned debtors and debtors in possession (collectively, the "Debtors") to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims, No Basis 503(B)(9) Claims, Multi-Debtor Duplicate Claims and Wrong Debtor Claim).  In support of this Response, SNMPRI respectfully represents as follows:

### PRELIMINARY STATEMENT

As a preliminary matter, SNMPRI requests that the Court treat the August 18, 2010 hearing as a scheduling conference to consider and set appropriate discovery and briefing deadlines in this matter.  SNMPRI further requests that no evidence be presented at the August 18, 2010 hearing, and that the agenda filed in connection with the August 18, 2010 hearing specify that with respect to the Objection to SNMPRI's claim, the hearing will be a scheduling conference only, with an evidentiary hearing or trial to be set at a later date convenient to the

Court and the parties (consistent with the procedures set forth in Local Rule 3007-1(h)). SNMPRI reserves its rights to amend, modify, and/or supplement this Response.

## THE RESPONSE

1.      On or about September 29, 2009, SNMPRI submitted claim numbers 4624 through 4638 against the estates of each of the Debtors, each in the amount of $22,281.00.

2.      On July 9, 2010, the Debtors filed their Twelfth Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims, No Basis 503(B)(9) Claims, Multi-Debtor Duplicate Claims and Wrong Debtor Claim) [Docket No. 3507] (the "Objection").

3.      The Debtors' basis for objecting to claim number 4625 is as follows: "Non-Debtor Invoice and No Supporting Documentation Claim. Claim should be modified to remove $2,500 in invoices due from Nortel Networks Technology Corp.  Nortel Networks Technology Corp. is not a Debtor in these chapter 11 cases. In addition, the claim should be modified to remove the portions containing an unsubstantiated claim for royalties and $10,500 in maintenance fees for which no supporting documentation has been provided. None of the Debtors in these chapter 11 cases are liable for the overstated portions of the claim and the Debtors' Books and Records do not indicate any such liability."

4.      The Debtors' basis for objecting to claim numbers 4624 and 4626 through 4638 is as follows: "Multi-Debtor Duplicate Claim. The Claim is redundant of Claim 4265 filed against another Debtor by claimant asserting the same liability."

5.      SNMPRI and Nortel Networks Corporation ("NNC"), a Canadian corporation, are parties to a certain license agreement (the "License Agreement") executed prior to the Petition Date (defined herein) governing NNC's use of certain intellectual property described as source

code and binary license code licensed by SNMPRI to NNC.  The License Agreement contains over 70 schedules that each list one or more specific products, development software, and run-time software licensed to NNC.

6.      Pursuant to Schedules 53, 65, and 68 to the License Agreement, and the Software Service Agreement entered into between SNMPRI and Pereiphonics Corporation dated July 7, 1998 (the "Periphonics Agreement"), the Debtors owe yearly maintenance fees to SNMPRI totaling $10,500.  A true and correct copy of Schedules 53, 65, and 68, along with the Periphonics Agreement, are attached hereto as Exhibit A.  The Debtors have failed to pay this amount for the relevant time period.  Accordingly, this portion of the Claim should not be expunged.

7.      SNMPRI's Claim further seeks "any and all additional amounts associated with royalties that have not been reported by the Debtors to date and are owed to SNMP[RI]".  The Claim should not be modified to remove an amount for "unsubstantiated" claims.  Recently, SNMPRI has learned of the unauthorized usage by the Debtors and subsequent transfer of its software to GENBAND, Inc. in connection with the Debtors' Sale of Certain Assets of the Debtors' Carrier Voice Over IP and Communications Solutions Business Free and Clear of all Liens, Claims and Encumbrances, and the Assumption and Assignment of Certain Executory Contracts, approved by this Court on March 4, 2010 [D.I. 2632].  In connection with this Sale, SNMPRI has learned that the Debtors have improperly used SNMPRI's software without a license, including the wrongful possession, usage, preparation of derivative works, and wrongful redistribution of such works without a license in violation of relevant intellectual property law and without making any payments for licensing fees, royalties, or software maintenance. Attached hereto as Exhibit B is electronic correspondence from a former employee of the

Debtors admitting to the unauthorized usage of SNMPRI's software, without payment to SNMPRI of the relevant royalties and other fees.

8.     Additionally, the Debtors are liable for any claims owed by Nortel Networks Technology Corp. to SNMPRI, in connection with the relevant language of the License Agreement, and the general intent of the parties to the License Agreement.  Accordingly, no portion of the Claim should be reduced for amounts owed by Nortel Networks Technology Corp.

9.     Finally, SNMPRI does not object to the expungement of duplicate claims (claims 4624 and 4626 through 4638), provided that Nortel Networks Inc. is the entity through which payment on the Claim will be distributed.  SNMPRI reserves all rights to re-submit claim numbers 4624 and 4626 through 4638 against the other Debtor entities if it is determined by any other pleading filed in this bankruptcy case that claims should be filed against any other Debtor entity.

10.     Accordingly, SNMPRI's Claim should not be disallowed by this Court, and the Debtors' Objection as to SNMPRI's Claim should be denied in its entirety.  SNMPRI requests that the Court enter a scheduling order at the hearing of August 18, 2010 to allow SNMPRI to take discovery for the purpose of justifying his Claim.  Further, SNMPRI reserves all rights to amend its Claim to account for recent knowledge of the Debtors' unauthorized usage of its intellectual property rights.

## CONCLUSION

11.     For all the foregoing reasons and based upon the entire record before the Court in these jointly-administered Chapter 11 bankruptcy cases, SNMPRI respectfully requests that the Court enter an Order:

A.     Denying the Debtors' Objection in accordance with this Response;

4

B.      Granting SNMPRI an allowed claim in the fullest amount allowed under law, of at least $22,281.00, plus any and all amounts associated with royalties and other fees that have not been reported by the Debtors to date and are owed to SNMPRI, plus accrued and accruing interest, default interest, late charges, taxes, attorneys' fees and other amounts due and owing to SNMPRI;

C.      Enter a scheduling order in this case; and

D.      Granting such other and further relief as is just and appropriate under the circumstances of these jointly-administered Chapter 11 bankruptcy cases.


Dated: August 4, 2010
        Wilmington, Delaware

CIARDI CIARDI & ASTIN

*/s/ Carl D. Neff*
Daniel K. Astin (No. 4068)
John D. McLaughlin, Jr. (No. 4123)
Carl D. Neff (No. 4895)
919 N. Market Street, Suite 700
Wilmington, Delaware 19801
(302) 658-1100 telephone
(302) 658-1300 facsimile
dastin@ciardilaw.com
jmclaughlin@ciardilaw.com
cneff@ciardilaw.com

*Attorneys for SNMP Research*
*International, Inc.*