**EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-----------------------------------------------------------X
                                                           :
                                                           :     Chapter 11
                                                           :
In re                                                      :
                                                           :     Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,¹                             :
                                                           :     Jointly Administered
                        Debtors.                           :
                                                           :
                                                           :     RE: D.I. _____
                                                           :
-----------------------------------------------------------X
```

**ORDER UNDER 11 U.S.C. § 102(1) SHORTENING NOTICE RELATING TO DEBTORS' MOTION FOR ORDERS (I)(A) AUTHORIZING DEBTORS' ENTRY INTO THE STALKING HORSE ASSET SALE AGREEMENT, (B) AUTHORIZING AND APPROVING THE BIDDING PROCEDURES AND BID PROTECTIONS, (C) APPROVING THE NOTICE PROCEDURES AND THE ASSUMPTION AND ASSIGNMENT PROCEDURES, (D) APPROVING A SIDE AGREEMENT, (E) AUTHORIZING THE FILING OF CERTAIN DOCUMENTS UNDER SEAL AND (F) SETTING A DATE FOR THE SALE HEARING, AND (II) AUTHORIZING AND APPROVING (A) THE SALE OF CERTAIN ASSETS OF DEBTORS' MULTI-SERVICE SWITCH (FORMERLY KNOWN AS 'PASSPORT') BUSINESS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES AND (B) THE ASSUMPTION AND ASSIGNMENT OF <u>CERTAIN EXECUTORY CONTRACTS</u>**

Upon the motion (the "<u>Motion to Shorten</u>"),² of Nortel Networks Inc. ("<u>NNI</u>"), and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order, as more fully described in the Motion to Shorten, shortening notice pursuant to sections 102(1) and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

105 of the Bankruptcy Code, Bankruptcy Rules 2002 and 9006, and Local Rule 9006-1(e) with respect to certain elements of the Debtors' Motion (the "Sale Motion") for orders (I)(A) authorizing the Debtors' entry into that certain asset sale agreement dated as of August 26, 2010, among NNI, Nortel Networks Limited ("NNL"), Nortel Networks Corporation ("NNC") and certain other entities identified therein as sellers (together, the "Sellers") and PSP Holding LLC, as purchaser ("PSP Holding" or the "Stalking Horse Purchaser") for the sale of certain assets of the Sellers' Multi-Service Switch business (the "MSS Business") as described therein (the "Purchased Assets") as a "stalking-horse" sale agreement (as appended to the Sale Motion as Exhibit A, the "Stalking Horse Agreement"), (B) authorizing and approving the bidding procedures and Bid Protections (as defined in the Bidding Procedures Order) (as appended as Exhibit 1 to the Bidding Procedures Order, the "Bidding Procedures"), including granting administrative expense status to the Bid Protections payable by the Debtors to the Stalking Horse Purchaser, (C) approving the form and manner of sale notice and publication notice (the "Notice Procedures") and the procedures (the "Assumption and Assignment Procedures") as set forth in the Sale Motion for the assumption and assignment of the Assumed and Assigned Contracts (as defined in the Sale Motion, and together with the Purchased Assets, the "Assets"), (D) approving a side agreement, (E) authorizing the Debtors to file certain documents under seal and (F) setting the time, date and place for a hearing (the "Sale Hearing") to consider the sale of the Assets and the assumption and assignment of the Assumed and Assigned Contracts (the "Sale"), (II) authorizing and approving (A) the sale of the Purchased Assets, free and clear of all liens, claims, and encumbrances, pursuant to section 363 of the Bankruptcy Code, except as set forth in the Stalking Horse Agreement and (B) the assumption and assignment of the Assumed and Assigned Contracts (as defined below) pursuant to section 365 of the Bankruptcy Code; and (III)

granting them such other and further relief as the Court deems just and proper; and it appearing that adequate notice of the Sale Motion having been given as set forth in the Motion to Shorten; and it appearing that no other or further notice is necessary; and it appearing that the relief requested is in the best interests of the Debtors' estates and creditors, and other parties-in-interest; and it appearing that the Court has jurisdiction to consider the Motion to Shorten and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion to Shorten is GRANTED.

2. The relief proposed in the Bidding Procedure Order will be considered at a hearing scheduled on **September 1, 2010 at 11:30 a.m.** (prevailing Eastern Time).

3. Objections, if any, to the relief proposed in the Bidding Procedures Order shall be filed and served no later than **August 31, 2010 at 12:00 p.m.** (prevailing Eastern Time).

4. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2010
       Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE