**EXHIBIT A**

**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X
:
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
:
: **RE: D.I. _____**
:
----------------------------------------------------------X

**ORDER AUTHORIZING AND APPROVING SETTLEMENT
PROCEDURES TO SETTLE CERTAIN PREPETITION CLAIMS**

Upon the motion dated August 30, 2010 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order pursuant to section 105(a) of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules, as more fully described in the Motion, authorizing and approving omnibus settlement procedures to settle certain prepetition claims; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

    IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED.

2.    The Debtors are authorized in accordance with Bankruptcy Rule 9019 to settle claims asserted in disputed Proofs of Claim pursuant to the following Settlement Procedures:

    a.    No settlement of a disputed Proof of Claim will be agreed to unless such settlement would be in the reasonable business judgment of the Debtors, upon consideration of (i) the probability of success if the claim is litigated, (ii) the complexity, expense and likely duration of any litigation with respect to the claim, (iii) the difficulty in collection of any judgment, (iv) other factors relevant to assessing the wisdom of the settlement, and (v) the fairness of the settlement vis-à-vis the Debtors' estates and their creditors.

    b.    The Debtors' employees or representatives responsible for negotiating or settling disputed Proofs of Claim may attempt to resolve, mediate, compromise or otherwise settle any disputed Proof of Claim without further hearing or notice to this Court or other parties in interest in these proceedings.

    c.    The Debtors need not provide prior notice for the settlement of disputed Proofs of Claim where the Proof of Claim was originally filed in an amount less than $250,000.

    d.    The Debtors need not provide prior notice for the settlement of disputed Proofs of Claim where the Proof of Claim was originally filed in an amount equal to or greater than $250,000 and less than $500,000 and the Claim Difference is less than $50,000.

    e.    (1) Where the Proof of Claim was originally filed in an amount equal to or greater than $250,000 and less than $500,000 and the Claim Difference is equal to or greater than $50,000 or (2) where the Proof of Claim was originally filed in an amount equal to or greater than $500,000 and less than $1 million, the Debtors shall notify (i) the U.S. Trustee and (ii) counsel to the Committee (the "Notice Parties") in writing of a proposed settlement of a disputed Proof of Claim. If no Notice Party objects in writing within ten

        (10) calendar days of receipt of notice under this paragraph, then the Debtors may immediately proceed with the settlement.[3] If an objection is received within such period that cannot be resolved, such Proof of Claim may not be settled except upon further order of the Court after notice and a hearing.

    f.    No disputed Proof of Claim that was originally filed in an amount equal to or greater than $1 million shall be settled without further approval by the Court.

    g.    The Debtors, in their sole discretion, shall have the authority to exchange mutual releases as part of any settlement of a Proof of Claim.

    h.    The entry by the Debtors into settlement, mediation or compromise negotiations does not constitute a waiver of the automatic stay applicable to judicial, administrative or other actions or proceedings against the Debtors pursuant to section 362 of the Bankruptcy Code.

    i.    With respect to a proposed settlement reached and approved pursuant to the Settlement Procedures, such settlement shall be binding upon the parties to the settlement and all other parties in interest as if the settlement had been approved by the Court after notice and a hearing. The Debtors shall periodically file with the Court a Notice of Settlement of Claims (the "<u>Settlement Notice</u>") that lists the Proofs of Claim settled pursuant to these Settlement Procedures and the allowed amount of such Proofs of Claim.

    j.    Nothing in the foregoing Settlement Procedures shall prevent the Debtors, in their sole discretion, from seeking the Court's approval at any time of any proposed settlement upon notice and a hearing.

    k.    These Settlement Procedures will not apply to any compromise and settlement of a Proof of Claim where the party filing such Proof of Claim has filed multiple Proofs of Claim exceeding $1 million in the aggregate.

    l.    These Settlement Procedures will not apply to any compromise and settlement of a Proof of Claim that involves an "insider," as that term is defined in section 101(31) of the Bankruptcy Code.

---

[3]     The Notice Parties shall be deemed to have received notice the day after such notice has been sent by a properly addressed facsimile, email or overnight delivery to the Notice Parties or their counsel or designated representative. If such notice is made solely by U.S. mail, the deemed receipt date shall be three (3) days after mailing.

        m.        For the avoidance of doubt, these Settlement Procedures will not apply to any compromise and settlement of a Proof of Claim that was filed in a wholly unliquidated amount.

3.        The Debtors' claims agent is authorized to update the Debtors' claims registry based on the periodic Settlement Notices filed by the Debtors with this Court.

4.        Nothing in this Order is intended to limit the Debtors' obligation to comply with any Cross-Border Claims Protocol that may be approved by this Court.

5.        The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the Settlement Procedures and the terms of this Order.

6.        Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7.        The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2010
       Wilmington, Delaware

                                          _____
                                          THE HONORABLE KEVIN GROSS
                                          UNITED STATES BANKRUPTCY JUDGE