# **EXHIBIT B**

## **Reduce and Allow Claim**

## Exhibit B

### Reduce and Allow Claim

**Claim to be Modified**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount Claimed | Modified Amount | Reason for Modification |
|---|---|---|---|---|
| USAA STRATUM EXEC. CENTER JOINT VENTURE<br>STEVE A PEIRCE, FULBRIGHT & JAWORSKI LLP<br>300 CONVENT STREET, SUITE 2200<br>SAN ANTONIO, TX  78205-3792 | 1512<br>7/10/09<br>09-10138<br>Nortel Networks Inc. | $5,221.60 (S)<br>- (A)<br>- (P)<br>$30,082.81 (U)<br>$35,304.41 (T) | - (S)<br>- (A)<br>- (P)<br>$30,082.81 (U)<br>$30,082.81 (T) | Claim should be reduced to $30,082.81 and modified as wholly unsecured because the claimant retained a security deposit in the amount of $5,221.60.  Accordingly, claimant's total lease rejection damages should be reduced by the amount of the security deposit to $30,082.81.  See, e.g., In re PPI Enters. (U.S.), Inc., 324 F.3d 197, 208-12 (3d Cir. 2003) (holding that a letter of credit should be treated analogously to a security deposit and applied against the landlord's total lease rejection damages); Oldden v. Tonto Realty Corp., 143 F.2d 916, 920-21 (2d Cir. 1944) (holding that a security deposit should be applied against a landlord's lease rejection damages). |
| **Totals:** | 1  Claim | $5,221.60 (S)<br>- (A)<br>- (P)<br>$30,082.81 (U)<br>$35,304.41 (T) | - (S)<br>- (A)<br>- (P)<br>$30,082.81 (U)<br>$30,082.81 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed