IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------- X
                                                  :
*In re*                                           :    Chapter 11
                                                  :
Nortel Networks Inc., *et al.*,[1]                :    Case No. 09-10138 (KG)
                                                  :
                                    Debtors.      :    Jointly Administered
                                                  :
------------------------------------------------- X

## CERTIFICATE OF NO OBJECTION
## REGARDING DOCKET NO. 3763

The undersigned hereby certifies that, as of the date hereof, Morris, Nichols, Arsht and Tunnell LLP ("Morris Nichols") has received no answer, objection or other responsive pleading to the **Seventh Monthly Application Of John Ray, As Principal Officer Of Nortel Networks, Inc. For Allowance Of Interim Compensation And For Interim Reimbursement Of All Actual And Necessary Expenses Incurred For The Period July 1, 2010 Through July 31, 2010** (the "Application") (D.I. 3763), filed on August 6, 2010.

The undersigned further certifies that Morris Nichols has caused the review of the Court's docket in this case and that no answer, objection or other responsive pleading to the Application appears thereon. Pursuant to the Notice, objections to the Application were to be filed and served no later than August 26, 2010 at 4:00 p.m. (Eastern Time).

Accordingly, pursuant to the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Fees And Expenses for Professionals and Official Committee Members entered on February 4, 2009, the Debtors are authorized to pay the amount indicated below.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

3424282.9

| (1) Total Fees Requested | (2) Total Expenses Requested | (3) 80% of Requested Fees[2] | Total Debtors are Authorized to Pay ( (2) +(3) ) |
|---|---|---|---|
| $77,432.50 | $6,306.75 | $61,946.00 | $68,252.75 |

WHEREFORE, the Debtors respectfully request that the Application be approved.

Dated: August 31, 2010
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Alissa T. Gazze (No. 5338)
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 425-4663

*Counsel for the Debtors and Debtors In Possession*

---

[2] Pursuant to the agreement between Mr. Ray and the Debtors, 50% of Mr. Ray's total fees requested, which is inclusive of the 20% holdback contemplated by the Monthly Compensation Order, are not currently payable to Mr. Ray. Accordingly, 80% of the total fees requested plus 100% of Mr. Ray's allowed expense reimbursement shall be payable pursuant to the terms of the Monthly Compensation Order and such retention agreement. Upon approval of the Fee Application pursuant to the Monthly Compensation Order, the remaining 50% of total fees requested shall be payable by the terms of such retention agreement without further order of the Court

3424282.9