# APPENDIX "LLL"

**HEALTH & WELFARE TRUST DOCUMENTS PROVIDED TO INDEPENDENT COUNSEL**

| Document |
|---|
| 1. Letter from Northern Telecom Limited to Revenue Canada dated December 16, 1979 requesting advance income tax ruling |
| 2. Advance Income Tax Ruling dated December 28, 1979 |
| 3. Health and Welfare Trust Agreement between Northern Telecom Limited and Montreal Trust Company dated January 1, 1980, and amendments thereto |
| 4. Administrative Services Agreement dated January 1, 1981 |
| 5. Mercer Actuarial Valuation of the Health and Welfare Trust as at September 30, 2005 |
| 6. Inter-Company Manual |
| 7. Nortel Policy Agreement, April 29, 1999 |
| 8. Nortel Policy Amendment Agreement No. 22, August 26, 2006 |
| 9. History Summary Chart for Group Policy #20535 |
| 10. Overview – Policy #13900, April 29, 1999 |
| 11. Nortel Network Amendment Agreement No. 11, May 7, 2008 (Group Policy #20531) |
| 12. History Summary for Policy #20531 |
| 13. Nortel Policy Agreement No. 1, January 1, 2001 (Group Policy #13901) |
| 14. Nortel Policy Amendment Agreement No. 7, May 1, 2005 (Group Policy #20532) |
| 15. History Summary Chart for Policy #20532 |
| 16. Nortel Networks Policy #14900, January 1, 2000 |
| 17. Reissue – Agreement No. 9 (Group Policy #20533) |
| 18. History Summary Chart for Policy #20533 |
| 19. Reissue Agreement No. 4 to Group Policy #20534, December 1, 2004 |
| 20. Reissue Highlights to Group Policy #14901, January 1, 2002 |
| 21. History Summary Chart for Group Policy #20534 |
| 22. Nortel Policy Amendment Agreement No. 2, January 1, 2004 (Group Policy #20537-OOP) |
| 23. History Summary Chart for Group Policy #20537-OOP |
| 24. Amendment Agreement No. 1 for Administrative Services Only, January 1, 2005 (Group Policy #25654 – Appendix C-4A) |
| 25. Amendment Agreement No. 3 for Administrative Services Only, September 1, 2007 (Group #25654 – Appendix C-4A) |

| Document |
|---|
| 26. Northern Telecom Canada Limited Plan Number 90002, LTD Plan, June 1, 1992 (Group #90002 – Appendix C-7) |
| 27. Amendment Agreement No. 1 for Administrative Services Only, September 1, 2003 (Group Policy #25654 – Appendix C-7) |
| 28. History Summary Chart for Group Policy #25654 – Appendix C-4A |
| 29. History Summary Chart for Group Policy #25654 – Appendix C-7 |
| 30. History Summary Chart for Group Policy #25654 – Appendix C-6A |
| 31. Reissue -- Agreement No. 2 effective December 1, 2004 (Plan No. 25656) |
| 32. Agreement for Administrative Services Only |
| 33. Amendment Agreement No. 2 for Administrative Services Only (CUCW Local 1, COEU, Divisions 001 and 040) |
| 34. HWT Financial Statements for the year ended December 31, 1982 |
| 35. HWT Financial Statements for the year ended December 31, 1983 |
| 36. HWT Financial Statements for the year ended December 31, 1984 |
| 37. HWT Financial Statements for the year ended December 31, 1985 |
| 38. HWT Financial Statements for the year ended December 31,1986 |
| 39. HWT Financial Statements for the year ended December 31,1987 |
| 40. HWT Financial Statements for the year ended December 31, 1988 |
| 41. HWT Financial Statements for the year ended December 31, 1989 |
| 42. HWT Financial Statements for the year ended December 31, 1990 |
| 43. HWT Financial Statements for the year ended December 31, 1991 |
| 44. HWT Financial Statements for the year ended December 31, 1992 |
| 45. HWT Financial Statements for the year ended December 31, 1993 |
| 46. HWT Financial Statements for the year ended December 31, 1994 |
| 47. HWT Financial Statements for the year ended December 31, 1995 |
| 48. HWT Financial Statements for the year ended December 31, 1996 |
| 49. HWT Financial Statements for the year ended December 31, 1997 |
| 50. HWT Financial Statements for the year ended December 31, 1998 |
| 51. HWT Financial Statements for the year ended December 31, 1999 |
| 52. HWT Financial Statements for the year ended December 31, 2000 |
| 53. HWT Financial Statements for the year ended December 31, 2001 |

| Document |
|---|
| 54. HWT Financial Statements for the year ended December 31, 2002 |
| 55. HWT Financial Statements for the year ended December 31, 2003 |
| 56. HWT Financial Statements for the year ended December 31, 2004 |
| 57. HWT Financial Statements for the year ended December 31, 2005 |
| 58. HWT Financial Statements for the year ended December 31, 2006 |
| 59. HWT Financial Statements for the year ended December 31, 2007 |
| 60. HWT Financial Statements for the year ended December 31, 2008 |
| 61. Analysis of the Funding Status of Northern Telecom Limited Pensioner's Insurance Fund as at January 1, 1993 |
| 62. Analysis of the Funding Status of Northern Telecom Limited Pensioner's Insurance Fund as at January 1, 1998 |
| 63. Analysis of the Funding Status of Northern Telecom Limited Pensioner's Insurance Fund as at January 1, 2002 |
| 64. Mercer Valuation of Post-Employment Benefit Liabilities for Accounting purposes as at September 30, 2003 |
| 65. Mercer Estimate of Post-Employment Benefit Liabilities for Accounting purposes as at September 30, 2004 |
| 66. Mercer Valuation of Post-Employment Benefit Liabilities for Accounting Purposes as at September 30, 2006 |
| 67. Mercer Valuation of Post-Employment Benefit Liabilities for Accounting Purposes as at September 30, 2007 |
| 68. Mercer Valuation of Post-Employment Benefit Liabilities for Accounting Purposes as at December 31, 2008 |
| 69. Mercer Report on Non-Pension Post-Retirement Net Periodic Benefit Cost and Disclosure as at December 31, 2005 |
| 70. Mercer Report on Non-Pension Post-Retirement Benefit Net Periodic Benefit Cost and Disclosure as at December 31, 2006 |
| 71. Mercer Report on Non-Pension Post-Retirement Net Periodic Benefit Cost and Disclosure as at December 31, 2007 |
| 72. Mercer Report on Non-Pension Post-Retirement Net Periodic Benefit Cost and Disclosure as at December 31, 2008 |
| 73. Mercer letter regarding Estimate of 2008 Canadian Post-Employment Expense dated January 15, 2008 |
| 74. Mercer letter regarding Survivor Death Benefits – Estimated Adjustments to Historical PRB Expense dated April 30, 2008 |

| Document |
|---|
| 75. Canada – Benefits – Flex 2008 Enrolment Guide |
| 76. Canada – Benefits – Flex 2008 New Hire Benefits Information |
| 77. Flex 2008 Handbook |
| 78. 2009 Enrolment Overview Guide |
| 79. 2009 Nortel Health & Group Benefits Handbook |
| 80. Pensioner Health Care Plan – Traditional Program – Grandfathered Employees |
| 81. Pensioner Health Care Plan – Traditional Program – Grandfathered Employees – Quebec |
| 82. Retiree Healthcare and Life Benefits – Balanced Program |
| 83. Retiree Healthcare and Life Benefits – Balanced Program – Quebec |
| 84. Retiree Healthcare and Life Benefits – Traditional Program – Quebec |
| 85. Retiree Healthcare and Life Benefits – Traditional Program |
| 86. Retiree Drug Plans – Investor Program – Quebec |
| 87. Sun Life Letter dated May 6, 2004 |
| 88. Sun Life Letter dated April 29, 2005 |
| 89. Financial Experience Report<br>Basic Life<br>For the Period: January 1, 2005 to December 31, 2005 |
| 90. Financial Experience Report<br>Optional Life<br>For the Period: January 1, 2005 to December 31, 2005 |
| 91. Financial Experience Report<br>Basic Life<br>For the Period: January 1, 2006 to December 31, 2006 |
| 92. Financial Experience Report<br>Optional Life<br>For the Period: January 1, 2006 to December 31, 2006 |
| 93. Sun Life Letter dated March 25, 2008 |
| 94. Financial Report<br>Basic Life<br>For the Period: January 1, 2007 to December 31, 2007 |
| 95. Financial Report<br>Optional Life<br>For the Period: January 1, 2007 to December 31, 2007 |
| 96. Sun Life Letter dated April 2, 2009 |

| | Document |
|---|---|
| 97. | Financial Report<br>Basic Life<br>For the Period: January 1, 2008 to December 31, 2008 |
| 98. | Financial Report<br>Optional Life<br>For the Period: January 1, 2008 to December 31, 2008 |
| 99. | Sun Life Letter dated March 2, 2010 |
| 100. | Financial Report<br>Basic Life<br>For the Period: January 1, 2009 to December 31, 2009 |
| 101. | Financial Report<br>Optional Life<br>For the Period: January 1, 2009 to December 31, 2009 |
| 102. | Health and Welfare Trust Tax Returns 2005 to 2009 |
| 103. | Certain Other Additional Documents that are subject to confidentiality restrictions with third parties |

\5880084

# APPENDIX "MMM"



KOSKIE
MINSKY LLP
BARRISTERS & SOLICITORS

August 26, 2010

Mark Zigler
Direct Dial: 416-595-2090
Direct Fax: 416-204-2877
mzigler@kmlaw.ca

**By E-Mail**

Gale Rubenstein
Goodman's LLP
250 Yonge Street, Suite 2400
Toronto, ON M5B 2M6

Murray McDonald
The Monitor, Ernst & Young Inc.
222 Bay Street, P.O. Box 251
Toronto, ON M5K 1J7

Dear Sirs/Mesdames:

**Re: Court File No. 09-CL-7950 - Nortel CCAA Application**
**Re: Motion to Distribute Health and Trust Fund Assets**
**Our File No. 09/0479**

Further to our recent correspondence with Mr. Rochon, we confirm our advice to you that in view of the uncertainties in the interpretation of the Health and Welfare Trust termination provisions we advised the Monitor that each of the Court-appointed representatives were obtaining independent legal advice regarding the potential allocation of the HWT assets on termination. Accordingly Ms. Kennedy, representing the disabled employees on the one hand, and Messrs. Sproule, Archibald and Campbell, representing the former employees on the other hand, retained independent counsel to advise them on this issue in June 2010. The disabled employee group retained the Sack Goldblatt Mitchell firm in Ottawa as represented by Peter Engelmann and Fiona Campbell, and the former employees retained Lerners and Mr. William Pepall.

On August 11, 2010 Mr. Rochon filed a motion alleging that we were in a conflict of interest position and requesting that his firm be appointed as representative counsel and that Ms. Arlene Borenstein be reappointed as the representative for the disabled employees. While it is the position of both of our client groups that this motion is ill founded and without merit, we do not wish these allegations to stand in the way of the crucial matter of determining the allocation of the HWT assets before December 31, 2010, when the payments under the Settlement Agreement will cease. Accordingly, to avoid potential delay that might be caused by disputes concerning conflicts we have advised the Monitor and the Service List that we will not appear on the HWT Allocation Motion scheduled for September 29, 2010 and will not represent either of the disabled employee or former employee groups on the HWT Allocation Motion. We will continue to represent our clients in respect of all other aspects of the restructuring, until further order of the



BARRISTERS & SOLICITORS

Court. We have done our best to ensure that Sack Goldblatt Mitchell and Lerners have all the information and documentation which they require and have confidence in their ability to represent the client groups.

Yours truly,

**KOSKIE MINSKY LLP**

Mark Zigler
MZ:ds

c Service List
Peter Engelmann, Sack Goldblatt LLP, Ottawa
William Pepall, Lerners LLP

K:\2009\090479\Conflict of Interest\Ltr to Gale Rubenstein and Murray McDonald Aug 26 10 (MZ).doc

# APPENDIX "NNN"

# Beneficiary Estimated Allocation Statement

[Benefit Recipient's name and address; merge]

[Benefit Recipient's identification # merge]


**PRIVATE AND CONFIDENTIAL**

**Nortel's Health and Welfare Trust (the "HWT")**


As you know, Nortel Networks Corporation and certain of its Canadian subsidiaries (collectively, "Nortel") filed for protection from its creditors pursuant to provisions of the Companies' Creditors Arrangement Act ("CCAA") on January 14, 2009. Ernst & Young Inc. was appointed by the Ontario Superior Court of Justice (the "Court") as Monitor.

Nortel is in the process of realizing on its remaining assets and winding down operations. As part of this process and as per the settlement agreement approved by the Court on March 31, 2010, all non-pension income still being paid by Nortel to long term disability employees and surviving spouses and health care and life insurance benefits currently being paid by Nortel to long term disability employees, former employees and their survivors will terminate on December 31, 2010.

Since 1980, Nortel has administered various benefit programs through the HWT. The assets are insufficient to cover the full value of the benefits.

**The Settlement Agreement requires the parties to work towards a court-approved distribution of the HWT assets in 2010. The Monitor has filed with the Court a motion for approval of a proposed allocation method for the distribution of the assets held within the HWT. This motion is to be heard on September 29, 2010 in Toronto, Ontario and may be supported or opposed by other interested parties. Further information and copies of the relevant motion materials filed with the Court, including the Monitor's [•] report, can be obtained from the Monitor's website www.ey.com/ca.nortel or by contacting the Monitor at •.**

The Monitor has analyzed the terms and provisions of the HWT agreement as well as other applicable documentation and has developed a proposed allocation method which is illustrated in the materials filed on the Monitor's website.

You are receiving this notice as you are a recipient of long term disability benefits ("LTD-Income"), survivor income benefits ("SIB") or survivor transition benefits ("STB"). Your court-appointed representatives have asked that each recipient of LTD-Income, SIB or STB be provided with an estimate of the lump sum distribution he or she will receive from the HWT based on the Monitor's proposal.

**Estimate of your distribution from the HWT:**

The following is a preliminary estimate of your distribution from the HWT. This preliminary estimate is based upon membership data as at June 30, 2010 and assumes the Monitor's proposal is approved by the Court. Your actual distribution will be based on information updated to December 31, 2010. Your estimated distribution from the HWT relating to income <and basic life insurance> **[NTD: include bracketed words for long term disability recipients only]** has been calculated by multiplying the estimated benefit value times the proposed distribution percentage. <The estimates for the benefit value of optional life or pensioner life benefits to which you may be entitled are yet to be determined as data to calculate these amounts for each individual is not currently available.> **[NTD: include bracketed words for long term disability recipients only]** No estimated distribution has been included with respect to medical benefits as medical benefits are not eligible for a distribution from the HWT under the Monitor's proposal.

| | Your estimated benefit value | x | Proposed distribution percentage per Monitor proposal | = | Your estimated distribution lump sum payout |
|---|---|---|---|---|---|
| Income benefit | <IBCLAIM> | | <34.5%> | | <IBLSUM> |
| [These next 3 rows for LTD recipients only] Life insurance benefit | <LICLAIM> | | <34.5%> | | <LILSUM> |
| Optional life insurance benefit | TBD | | <34.5%> | | TBD |
| Pensioner life insurance benefit | TBD | | <34.5%> | | TBD |

**Important: The amounts in the chart above are conditional upon court approval and could change depending on several factors which include, among others, the Court's determination as to the appropriate allocation methodology, the HWT assets available for distribution as at December 31, 2010, changes in status (e.g. death, recovery from LTD) and refinement of data with respect to actual eligible participants as at December 31, 2010.**

You should be aware a tax ruling has been sought from the Canada Revenue Agency as to whether these HWT payments can be made on a tax free basis.

In addition to your share of the distribution of assets from the HWT, you may also have a claim against the Nortel estates for any remaining unrecovered benefits, (including other benefits that are not part of the HWT distribution). The amount of such claims and timing of any recovery on such claims is uncertain at this time and will be the subject of a further Court motion. If you have other claims of this nature, you will receive additional future correspondence from the Monitor.

At the present time, you are not required to take any action. You will be provided with further information regarding the distribution of HWT assets in due course.

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

Court File No: 09-CL-7950

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION *et al.*

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

Proceeding commenced at Toronto

**FIFTY-FIRST REPORT**
**OF THE MONITOR**
**DATED AUGUST 27, 2010**

GOODMANS LLP
Barristers & Solicitors
Bay Adelaide Centre, 333 Bay Street
Toronto, Canada M5H 2S7

Jay A. Carfagnini (LSUC#: 222936)
Fred Myers (LSUC#: 26301A)
Gale Rubenstein (LSUC# 17088E)
Melaney J. Wagner (LSUC# 44063B)

Tel: 416.979.2211
Fax: 416.979.1234

Lawyers for the Monitor, Ernst & Young Inc.

\5879303

Court File No: 09-CL-7950

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

*ONTARIO*
SUPERIOR COURT OF JUSTICE
COMMERCIAL LIST

Proceeding commenced at Toronto

**MOTION RECORD**

**Goodmans LLP**
Barristers & Solicitors
333 Bay Street, Suite 3400
Toronto, Canada M5H 2S7

Jay Carfagnini LSUC#: 222936
Fred Myers LSUC#: 26301A
Gale Rubenstein LSUC#: 17088E
Melaney Wagner LSUC#: 44063B

Tel: 416.979.2211
Fax: 416.979.1234

**Lawyers for the Monitor, Ernst & Young Inc.**

\5879058