## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
            :
*In re*                      :     Chapter 11
            :
Nortel Networks Inc., *et al.*,[1]   :     Case No. 09-10138 (KG)
            :
          Debtors.   :     Jointly Administered
            :
            :     **Objections due:  September 27, 2010 at 4 p.m.**
            :
-------------------------------------------------------X

### NINETEENTH INTERIM APPLICATION OF CLEARY GOTTLIEB STEEN & HAMILTON LLP, AS ATTORNEYS FOR DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD <u>JULY 1, 2010 THROUGH JULY 31, 2010</u>

Name of Applicant:            CLEARY GOTTLIEB STEEN & HAMILTON LLP

Authorized to provide
professional services to:      Debtors

Date of retention:          February 4, 2009 <u>nunc</u> <u>pro</u> <u>tunc</u> to January 14, 2009

Period for which
compensation and
reimbursement is sought:     July 1, 2010 through July 31, 2010

Amount of compensation
sought as actual, reasonable
and necessary:            $ 3,807,758.00

Amount of reimbursement
sought as actual, reasonable
and necessary:            $ 61,121.85

This is an __x_ interim ___ final application

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

The total time expended for fee application preparation is approximately 95.50 hours and the corresponding compensation requested is approximately $42,113.00.[2]

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 3/13/2009 | 1/14/09 – 1/31/09 | $1,332,922.00 / $40,486.21 | $1,332,922.00 / $40,486.21 |
| 4/24/2009 | 2/1/09 – 2/28/09 | $2,401,013.00 / $85,992.41 | $2,401,013.00 / $85,992.41 |
| 6/8/2009 | 3/1/09 – 3/31/09 | $2,576,907.00 / $72,828.04 | $2,576,907.00 / $72,828.04 |
| 6/26/2009 | 4/1/09 – 4/30/09 | $3,623,969.00 / $120,840.61 | $3,623,969.00 / $120,840.61 |
| 8/12/2009 | 5/1/09 – 5/31/09 | $4,189,301.00 / $149,375.78 | $4,189,301.00 / $149,375.78 |
| 8/28/2009 | 6/1/09 – 6/30/09 | $6,719,870.00 / $260,256.78 | $6,719,870.00 / $260,256.78 |
| 9/2/2009 | 7/1/09 – 7/31/09 | $6,401,447.00 / $105,860.59 | $6,401,447.00 / $105,860.59 |
| 10/12/09 | 8/1/09 – 8/31/09 | $3,500,255.50 / $144,692.17 | $3,500,255.50 / $144,692.17 |
| 11/4/09 | 9/1/09 – 9/30/09 | $6,121,796.50 / $211,814.25 | $6,121,796.50 / $211,814.25 |
| 11/20/09 | 10/1/09 – 10/31/09 | $5,809,684.00 / $113,043.44 | $5,809,684.00 / $113,043.44 |
| 1/27/10 | 11/1/09 – 11/30/09 | $6,749,148.00 / $331,025.87 | $6,749,148.00 / $331,025.87 |
| 2/17/10 | 12/1/09 – 12/31/09 | $5,464,702.00 / $181,160.07 | $5,464,702.00 / $181,160.07 |
| 2/24/10 | 1/1/10 – 1/31/10 | $4,140,091.00 / $219,515.26 | $4,140,091.00 / $219,515.26 |
| 4/29/10 | 2/1/10 – 2/28/10 | $4,905,787.00 / $171,181.35 | $4,905,787.00 / $171,181.35 |
| 5/25/10 | 3/1/10 – 3/31/10 | $5,773,802.50 / $192,424.98 | $5,773,802.50 / $192,424.98 |
| 6/3/10 | 4/1/10 – 4/30/10 | $4,167,775.00 / $99,664.64 | $4,167,775.00 / $99,664.64 |
| 7/30/10 | 5/1/10 – 5/31/10 | $5,235,168.50 / $122,250.74 | $4,188,134.80 / $122,250.74 |
| 8/20/10 | 6/1/10 – 6/30/10 | $4,658,887.50 / $125,657.93 | Pending |

---

[2]       Allowance for compensation for such time is not requested in this application but will be sought in a subsequent fee application.

**COMPENSATION BY PROFESSIONAL**
Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

July 1, 2010 through July 31, 2010[3]

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| RYLANDER, JASON | Temporary Attorney | $ 180 | 273.80 | $ 49,284.00 |
| CLARKIN, DANIEL | Temporary Attorney | 180 | 251.80 | 45,324.00 |
| ROSE, STEPHEN | Temporary Attorney | 180 | 241.50 | 43,470.00 |
| RIM, JAMES | Temporary Attorney | 180 | 240.40 | 43,272.00 |
| SCOTT, NIKKISHA | Temporary Attorney | 180 | 231.50 | 41,670.00 |
| CAVANAGH, JUSTIN | Temporary Attorney | 180 | 224.00 | 40,320.00 |
| BIANCA, SALVATORE F. | Associate | 630 | 222.50 | 140,175.00 |
| HURLEY, RODGER | Temporary Attorney | 180 | 214.20 | 38,556.00 |
| GHIRARDI, LAURA | Temporary Attorney | 180 | 180.60 | 32,508.00 |
| BROMLEY, JAMES | Partner - Bankruptcy, Litigation | 995 | 165.50 | 164,672.50 |
| HONG, HEE SON | Temporary Attorney | 180 | 165.30 | 29,754.00 |
| BAIK, ROBIN | Associate | 570 | 163.80 | 93,366.00 |
| TAIWO, EBUNOLUWA | Associate | 515 | 163.50 | 84,202.50 |
| LIPNER, LOUIS | Associate | 515 | 158.90 | 81,833.50 |
| ERICKSON, JODI | Associate | 325 | 152.10 | 49,432.50 |
| ECKENROD, RUSSELL D. | Associate | 570 | 150.90 | 86,013.00 |
| PARALEGAL, TEMPORARY | Paralegal | 240 | 147.90 | 35,496.00 |
| CERCEO, ANTHONY R. | Associate | 450 | 128.30 | 57,735.00 |
| RANDAZZO, ANTHONY | Associate | 515 | 126.30 | 65,044.50 |
| LACKS, JEREMY | Associate | 515 | 125.10 | 64,426.50 |
| KIM, MIJI | Associate | 450 | 123.90 | 55,755.00 |
| SERCOMBE, MEGHAN M. | Associate | 605 | 123.70 | 74,838.50 |
| BUSSIGEL, EMILY A. | Associate | 450 | 117.50 | 52,875.00 |
| CROFT, JAMES | Associate | 570 | 113.00 | 64,410.00 |
| FORREST, NEIL | Senior Attorney - Litigation | 770 | 112.50 | 86,625.00 |
| SPIERING, KIMBERLY | Associate | 630 | 111.20 | 70,056.00 |
| SCHWEITZER, LISA M. | Partner - Bankruptcy, Litigation | 905 | 110.40 | 99,912.00 |
| BARNARD, CATHERINE | Associate | 450 | 107.70 | 48,465.00 |
| HERNANDEZ, IVY | Associate | 605 | 106.40 | 64,372.00 |
| HAILEY, KARA | Senior Attorney - Corporate, Bankruptcy | 695 | 102.80 | 71,446.00 |
| KRUTONOGAYA, ANNA | Associate | 450 | 94.90 | 42,705.00 |
| PICKNALLY, NANCY | Associate | 570 | 92.50 | 52,725.00 |
| MARETTE, PATRICK | Associate | 630 | 87.20 | 54,936.00 |
| CAMBOURIS, ALEXANDRA | Associate | 515 | 85.70 | 44,135.50 |
| GOTTLIEB, SARA L. | Associate | 515 | 84.00 | 43,260.00 |

[3]    Arranged in descending order according to Total Billed Hours.

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| BRITT, TAMARA J. | Associate | 450 | 83.80 | 37,710.00 |
| CAREW-WATTS, ANTONIA | Associate | 450 | 83.10 | 37,395.00 |
| GEIGER, THEODORE | Associate | 605 | 71.90 | 43,499.50 |
| ILAN, DANIEL | Counsel - Intellectual Property | 675 | 70.90 | 47,857.50 |
| MANDELL, ELIZABETH | Associate | 630 | 66.80 | 42,084.00 |
| PEACOCK, LAUREN L. | Associate | 630 | 64.40 | 40,572.00 |
| FLEMING-DELACRUZ, MEGAN | Associate | 570 | 61.10 | 34,827.00 |
| ZUCKERMAN, ARON M. | Summer Law Clerk | 305 | 60.30 | 18,391.50 |
| BYAM, JOHN | Partner - M&A, Corporate | 995 | 60.20 | 59,899.00 |
| LANZKRON, JOSEPH | Associate | 450 | 59.70 | 26,865.00 |
| ALDEN, CARISSA L. | Associate | 515 | 59.40 | 30,591.00 |
| QUA, IAN | Paralegal | 240 | 59.10 | 14,184.00 |
| BROD, CRAIG B. | Partner - Corporate | 995 | 58.80 | 58,506.00 |
| MORRIS, BRIAN J. | Associate | 450 | 56.50 | 25,425.00 |
| GRANDINETTI, MEGAN | Associate | 515 | 56.00 | 28,840.00 |
| ROZENBERG, INNA | Senior Attorney - Litigation | 695 | 54.70 | 38,016.50 |
| CONDLIN, CHRISTOPHER S. | Associate | 450 | 54.60 | 24,570.00 |
| BODDEN, DENNIS | Temporary Attorney | 180 | 53.00 | 9,540.00 |
| BEST, ELI K. | Summer Law Clerk | 305 | 51.90 | 15,829.50 |
| WESTERFIELD, JENNIFER | Associate | 605 | 50.50 | 30,552.50 |
| WEISS, EMILY | Associate | 450 | 50.20 | 22,590.00 |
| BOWNE, STEVE | Summer Law Clerk | 305 | 49.80 | 15,189.00 |
| MARQUARDT, PAUL D. | Partner – M&A, Corporate, Regulatory | 950 | 49.70 | 47,215.00 |
| HAMARICH, ANGELA F. | Summer Law Clerk | 305 | 48.00 | 14,640.00 |
| MEYERS, AARON J. | Associate | 515 | 44.60 | 22,969.00 |
| COOMBS, ANDREW G. | Associate | 450 | 44.00 | 19,800.00 |
| AHLERS, RENEE | Summer Law Clerk | 295 | 42.40 | 12,508.00 |
| SEERY, JUSTIN | Associate | 515 | 41.90 | 21,578.50 |
| ABRAMOWITZ, JONAH C. | Summer Law Clerk | 305 | 41.80 | 12,749.00 |
| LOATMAN, JOHN R. | Associate | 630 | 40.90 | 25,767.00 |
| PANAS, JOSHUA | Associate | 630 | 40.40 | 25,452.00 |
| LAPORTE, LEAH | Associate | 515 | 38.70 | 19,930.50 |
| ANDERSON, MARCEL | Associate | 570 | 37.50 | 21,375.00 |
| MCRAE, WILLIAM | Partner - Tax | 950 | 37.20 | 35,340.00 |
| LO, SHIRLEY | Associate | 450 | 35.30 | 15,885.00 |
| MENDOLARO, MARIO | Associate | 605 | 34.30 | 20,751.50 |
| PENN, JEFFREY | Associate | 570 | 33.70 | 19,209.00 |
| CURRIE, KATHERINE | Associate | 450 | 33.40 | 15,030.00 |
| RAMSEY, DAVID C. | Summer Law Clerk | 305 | 32.10 | 9,790.50 |
| PIPER, NATHAN | Associate | 450 | 31.10 | 13,995.00 |
| O'NEILL, KATHLEEN M. | Associate | 605 | 29.90 | 18,089.50 |
| DELAHAYE, SHANNON | Associate | 515 | 29.10 | 14,986.50 |
| WAUTERS, CHARLES-ANTOINE | Associate | 630 | 28.30 | 17,829.00 |

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| LEVINGTON, MACEY | Associate | 450 | 27.70 | 12,465.00 |
| BERRETT, TREVOR F. | Associate | 450 | 27.50 | 12,375.00 |
| REEB, REBECCA | Associate | 450 | 25.80 | 11,610.00 |
| MARLER, MELISSA K. | Associate | 630 | 25.10 | 15,813.00 |
| LEITCH, EVAN J. | Associate | 450 | 24.80 | 11,160.00 |
| SHNITSER, NATALYA | Associate | 450 | 23.40 | 10,530.00 |
| BUELL, DEBORAH M. | Partner - Litigation | 995 | 22.10 | 21,989.50 |
| LEINWAND, DAVID | Partner - M&A, Corporate | 980 | 22.10 | 21,658.00 |
| ZELBO, HOWARD S. | Partner - Litigation | 995 | 22.00 | 21,890.00 |
| CUNNINGHAM, KEVIN | Associate | 570 | 21.20 | 12,084.00 |
| BAGARELLA, LAURA | Associate | 450 | 20.60 | 9,270.00 |
| O'KEEFE, PETER | Paralegal | 240 | 20.50 | 4,920.00 |
| CHEUNG, SU | Assistant Managing Clerk | 140 | 20.40 | 2,856.00 |
| GOODMAN, COREY M. | Associate | 570 | 20.10 | 11,457.00 |
| GAUCHIER, NESLIHAN | Associate | 515 | 20.00 | 10,300.00 |
| MOCKLER, JENNIFER | Paralegal | 240 | 20.00 | 4,800.00 |
| ALCOCK, MARY E. | Partner - Employee Benefits | 835 | 19.40 | 16,199.00 |
| MCGILL, JOHN | Senior Attorney - M&A, Corporate | 770 | 17.30 | 13,321.00 |
| JONES, KEVIN C. | Associate | 605 | 16.50 | 9,982.50 |
| PHILLIPS, TIM | Associate | 450 | 16.20 | 7,290.00 |
| KAGAN, MICHAEL | Associate | 515 | 15.20 | 7,828.00 |
| UZIEL, JESSICA L. | Summer Law Clerk | 305 | 14.50 | 4,422.50 |
| BEARDSLEY, IAN | Paralegal | 240 | 14.00 | 3,360.00 |
| SKINNER, HELEN A. | Associate | 515 | 14.00 | 7,210.00 |
| KHENTOV, BORIS | Associate | 450 | 13.80 | 6,210.00 |
| DAVISON, CASEY | Associate | 515 | 13.70 | 7,055.50 |
| BOZZELLO, PAUL | Associate | 450 | 13.00 | 5,850.00 |
| MULLEN, SEAN | Summer Law Clerk | 305 | 12.50 | 3,812.50 |
| WAGNER, JADE | Associate | 605 | 12.50 | 7,562.50 |
| DRAKE, JULIET A. | Associate | 630 | 11.80 | 7,434.00 |
| WEINSTEIN, REBECCA D. | Associate | 450 | 11.60 | 5,220.00 |
| BLACKLOW, KIMBERLY BROWN | Partner - Real Estate | 970 | 11.10 | 10,767.00 |
| KONSTANT, JOHN W. | Associate | 630 | 11.00 | 6,930.00 |
| COUSQUER, SANDRINE A. | Associate | 630 | 10.70 | 6,741.00 |
| ROBERTSON, JOSEPH | Associate | 450 | 10.70 | 4,815.00 |
| SEGOVIA, NATALI | Paralegal | 240 | 10.00 | 2,400.00 |
| RILEY, DANIEL P. | Associate | 515 | 9.90 | 5,098.50 |
| SHULTS, ANTHONY | Summer Law Clerk | 305 | 9.50 | 2,897.50 |
| FRANCOIS, DAPHNEY | Associate | 450 | 9.00 | 4,050.00 |
| HERRINGTON, DAVID H. | Counsel - Litigation | 835 | 8.70 | 7,264.50 |
| JACOBY, LEONARD C. | Partner - Intellectual Property | 970 | 8.50 | 8,245.00 |
| KIM, EUGENE S. | Associate | 450 | 8.40 | 3,780.00 |
| WHORISKEY, NEIL | Partner - M&A, Corporate | 980 | 8.10 | 7,938.00 |

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| CHEN, ANGELA K. | Summer Law Clerk | 305 | 7.90 | 2,409.50 |
| KOHN, ARTHUR | Partner - Employee Benefits | 995 | 7.50 | 7,462.50 |
| BERNACET, AMARILYS | Paralegal | 240 | 7.30 | 1,752.00 |
| NOURAFCHAN, NICOLO | Summer Law Clerk | 305 | 7.30 | 2,226.50 |
| AGANGA-WILLIAMS, TEMIDAYO | Summer Law Clerk | 305 | 7.20 | 2,196.00 |
| FIEGE, CARSTEN | Associate | 630 | 7.00 | 4,410.00 |
| CONNOLLY, PAUL | Associate | 325 | 6.90 | 2,242.50 |
| MALECH, DANIEL | Associate | 450 | 6.80 | 3,060.00 |
| FLOW, SANDRA | Partner - Corporate | 950 | 6.50 | 6,175.00 |
| OLSON, WANDA | Partner - Corporate | 995 | 6.50 | 6,467.50 |
| THOMPSON, CHRISTOPHER | Assistant Managing Clerk | 140 | 6.20 | 868.00 |
| MCBRIDE, JESSICA | Summer Law Clerk | 305 | 5.80 | 1,769.00 |
| OLSON, JOHN | Associate | 620 | 5.60 | 3,472.00 |
| FITZGERALD, WILLIAM | Paralegal | 240 | 5.50 | 1,320.00 |
| KANG, LILIANE | Paralegal | 240 | 5.50 | 1,320.00 |
| KIM, JOAN | Paralegal | 215 | 5.40 | 1,161.00 |
| RAYMOND, ROBERT J. | Partner - Employee Benefits | 970 | 5.40 | 5,238.00 |
| SUGERMAN, DAVID L. | Partner - Corporate | 995 | 4.80 | 4,776.00 |
| GALVIS, SANDRA J. | Senior Attorney - Corporate, Bankruptcy | 770 | 4.70 | 3,619.00 |
| LAUT, ERIC | Associate | 640 | 4.50 | 2,880.00 |
| BIDSTRUP, W. RICHARD | Counsel - Environmental, M&A | 835 | 4.20 | 3,507.00 |
| WRIGHT, RYAN R. | Paralegal | 245 | 4.20 | 1,029.00 |
| SCHWARTZ, NATHALIE | Associate | 560 | 4.00 | 2,240.00 |
| BERNARD, RICARDO | Associate | 570 | 3.90 | 2,223.00 |
| FORD OUOBA, ALYSSON | Summer Law Clerk | 305 | 3.90 | 1,189.50 |
| JENKINS, JOHNATHAN A. | Associate | 515 | 3.80 | 1,957.00 |
| WHATLEY, CAROL | Assistant Managing Clerk | 140 | 3.70 | 518.00 |
| GARAY, FRANCISCO | Associate | 450 | 3.20 | 1,440.00 |
| VICKERY, SOFIA | Summer Law Clerk | 305 | 3.00 | 915.00 |
| LIU, EMILY | Associate | 515 | 2.60 | 1,339.00 |
| CARPENTER, KEITH | Paralegal | 215 | 2.50 | 537.50 |
| EMBERGER, KATHLEEN M. | Counsel - Employee Benefits | 760 | 2.50 | 1,900.00 |
| VANELLA, NICOLE | Assistant Managing Clerk | 140 | 2.50 | 350.00 |
| ANGRAND, ALEXANDRA | Assistant Managing Clerk | 140 | 2.30 | 322.00 |
| TALSMA, ALEXANDER J. | Associate | 450 | 2.20 | 990.00 |
| ESKENAZI, CORY | Practice Support Manager | 275 | 2.00 | 550.00 |
| LI, MAN | Associate | 580 | 2.00 | 1,160.00 |
| MARTIN, MELISSA | Paralegal | 240 | 2.00 | 480.00 |
| ZOUBOK, LYNN | Research Specialist | 265 | 2.00 | 530.00 |
| **TOTAL HOURS:** | | | **8,308.00** | |
| **GRAND TOTAL:** | | | | **$3,807,758.00** |
| **BLENDED RATE:** | | **$458** | | |

# COMPENSATION BY PROJECT CATEGORY[4]

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))


July 1, 2010 through July 31, 2010

| Project Category | Total Hours | | Total Fees |
|---|---:|---|---:|
| Asset Dispositions | 488.80 | $ | 243,179.00 |
| Case Administration | 3,783.50 | | 1,308,565.50 |
| Claims Administration and Objections | 1,066.10 | | 572,444.50 |
| Debtor in Possession Financing | 47.40 | | 23,109.00 |
| M&A Advice | 469.60 | | 275,006.00 |
| Employee Matters | 602.20 | | 353,520.50 |
| Customer Issues | 14.80 | | 7,310.00 |
| Supplier Issues | 22.10 | | 11,720.50 |
| Plan of Reorganization & Disclosure Statement | 606.50 | | 343,769.50 |
| Tax | 145.00 | | 92,736.50 |
| Intellectual Property | 281.80 | | 170,656.50 |
| Regulatory | 52.00 | | 27,455.50 |
| Fee and Employment Applications | 106.20 | | 50,739.50 |
| Litigation | 137.80 | | 73,056.00 |
| Real Estate | 484.20 | | 254,489.50 |
| **TOTAL** | **8,308.00** | **$** | **3,807,758.00** |

---

[4]    Note:  This Application includes certain fees incurred during a period related to a previously submitted fee application but not entered into the Cleary Gottlieb accounting system until the period covered by this Application.

# EXPENSE SUMMARY[5]

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

July 1, 2010 through July 31, 2010

| Expense Category | | Total Expenses |
|---|---|---|
| Telephone | | $        2,342.39 |
| Travel – Transportation | | 3,675.42 |
| Travel – Lodging | | 1,131.66 |
| Travel - Meals | | 104.94 |
| Mailing and Shipping Charges | | 922.56 |
| Scanning Charges (at $0.10/page) | | 181.70 |
| Duplicating Charges (at $0.10/page) | | 5,986.00 |
| Color Duplicating Charges (at $0.65/page) | | 164.45 |
| Facsimile Charges (at $1.00/page) | | 55.00 |
| Legal Research | Lexis | 8,809.56 |
| | Westlaw | 7,085.31 |
| Late Work – Meals | | 4,574.13 |
| Late Work – Transportation | | 12,266.36 |
| Conference Meals | | 7,744.51 |
| Other (see Exhibit B for detail) | | 6,077.86 |
| **Grand Total Expenses** | | **$        61,121.85** |

---

[5]      Note:  This Application includes certain expenses incurred during a period related to a previously submitted fee application but not entered into the Cleary Gottlieb accounting system until the period covered by this Application.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------X
:
*In re*                                                            :      Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                   :      Case No. 09-10138 (KG)
:
                   Debtors.          :      Jointly Administered
:
                                 :      **Objections due:  September 27, 2010 at 4 p.m.**
:
---------------------------------------------------------X

**NINETEENTH INTERIM APPLICATION OF CLEARY GOTTLIEB STEEN &
HAMILTON LLP, AS ATTORNEYS FOR DEBTORS AND DEBTORS-IN-
POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR
INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY
EXPENSES INCURRED FOR THE PERIOD
<u>JULY 1, 2010 THROUGH JULY 31, 2010</u>**

Cleary Gottlieb Steen & Hamilton LLP ("<u>Cleary Gottlieb</u>"), counsel for Nortel Networks

Inc. and its affiliated debtors and debtors-in-possession in the above-captioned cases

(collectively, the "<u>Debtors</u>"), submits this application (the "<u>Application</u>") for interim allowance

of compensation for professional services rendered by Cleary Gottlieb to the Debtors for the

period July 1, 2010 through July 31, 2010 (the "<u>Application Period</u>") and reimbursement of

actual and necessary expenses incurred by Cleary Gottlieb during the Application Period under

sections 330 and 331 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 2016

---

[1]       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the

Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the

District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330,

effective January 30, 1996 (the "U.S. Trustee Guidelines"), and the Administrative Order under

11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and

Reimbursement of Expenses for Professionals and Official Committee Members [D.I. 293] (the

"Interim Compensation Procedures Order").  In support of this Application, Cleary Gottlieb

represents as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 330 and 331 of the

Bankruptcy Code.

## BACKGROUND

**A.      Procedural History**

3.      On January 14, 2009 (the "Petition Date"), the Debtors other than NN CALA (as

defined below) filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On January 15, 2009, this Court entered an order of joint administration pursuant to Bankruptcy Rule 1015(b) that provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

6.      Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings").  The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.

7.      On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA.  On February 27, 2009, based on a petition filed by Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

8.      On January 14, 2009, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[3] into administration under the

---

[2]      The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[3]      The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel

control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators").  On

May 28, 2009, at the request of the Joint Administrators, the Commercial Court of Versailles,

France (the "French Court") (Docket No. 2009P00492), ordered the commencement of

secondary proceedings in respect of Nortel Networks S.A. ("NNSA").  NNSA was authorized to

continue to operate as a going concern until completion of the sale of the GSM/GSM-R business.

While NNSA's operations are now terminated, the French Proceedings are continuing and, in

accordance with the European Union's Council Regulation (EC) No. 1346/2000 on Insolvency

Proceedings, the English law proceedings (the "English Proceedings") remain the main

proceedings in respect of NNSA.  On June 26, 2009, this Court entered an order recognizing the

English Proceedings of Nortel Networks UK Limited ("NNUK") as foreign main proceedings

under chapter 15 of the Bankruptcy Code.[4]

9.      On January 26, 2009, the Office of the United States Trustee for the District of

Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the

"Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142].  An ad

hoc group of bondholders holding claims against certain of the Debtors and certain of the

Canadian Debtors has also been organized (the "Bondholder Group").  No trustee or examiner

has been appointed in the Debtors' cases.

---

Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks
Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

[4]      Additionally, on January 18, 2009, certain Nortel affiliates, including Nortel Networks Israel (Sales and
Marketing) Limited and Nortel Communications Holdings (1997) Limited (the "Israeli Companies"), filed an
application with the Tel-Aviv-Jaffa District Court (the "Israeli Court"), pursuant to the Israeli Companies Law,
1999, and the regulations relating thereto for a stay of proceedings.  On January 19, 2009, the Israeli Court
appointed Yaron Har-Zvi and Avi D. Pelossof as joint administrators of the Israeli Companies under the Israeli
Companies Law (the "Joint Israeli Administrators").

10.    On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc.

("NN CALA"), an affiliate of NNI and itself one of the Debtors, filed a voluntary petition for

relief under chapter 11 of the Bankruptcy Code.  On July 17, 2009, this Court entered orders

approving the joint administration and consolidation of NN CALA's chapter 11 case with the

other Debtors' chapter 11 cases for procedural purposes [D.I. 1098], and applying to NN CALA

certain previously entered orders in the other Debtors' chapter 11 cases [D.I. 1099].  From time

to time, other Nortel affiliates have sought and may seek relief through the commencement of

creditor protection or other insolvency or dissolution proceedings around the world.

**B.    Debtors' Corporate Structure and Business**

11.    Prior to its business divestitures, Nortel was a global supplier of end-to-end

networking products and solutions serving both service providers and enterprise customers.

Nortel's technologies spanned access and core networks and supported multimedia and business-

critical applications.  Nortel's networking solutions consisted of hardware, software and services.

Nortel designed, developed, engineered, marketed, sold, licensed, installed, serviced and

supported these networking solutions worldwide.

12.    Additional information regarding the Debtors' corporate structure and business

and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in

Support of First Day Motions and Applications [D.I. 3] (the "First Day Declaration").

**C.    Case Milestones**

13.    On June 19, 2009, Nortel announced that it was advancing in discussions with

external parties to sell its businesses and it would assess other restructuring alternatives for its

businesses in the event it is unable to maximize value through sales.  To date, Nortel has closed

(i) the sale of certain portions of its Layer 4-7 data portfolio to Radware Ltd. [D.I. 539]; (ii) the

sale of substantially all of its CDMA business and LTE Access assets to Telefonaktiebolaget LM

Ericsson (publ) ("Ericsson") [D.I. 1205]; (iii) the sale of the assets of its Wireless Networks

business associated with the development of Next Generation Packet Core network components

to Hitachi Ltd. [D.I. 1760]; (iv) the sale of substantially all of the assets of the Enterprise

Solutions business globally, including the shares of Nortel Government Solutions Incorporated

and DiamondWare Ltd., to Avaya Inc. ("Avaya") [D.I. 1514]; (v) the sale of substantially all the

assets of its Optical Networking and Carrier Ethernet businesses associated with its Metro

Ethernet Networks business unit to Ciena Corporation [D.I. 2070]; (vi) the sale of substantially

all of its GSM/GSM-R business to Ericsson and Kapsch CarrierCom AG [D.I. 2065]; and (vii)

the sale of certain assets of its Carrier Voice Over IP and Application Solutions business to

GENBAND US LLC [D.I. 2632].  In addition, Nortel has obtained court approval for the auction

of certain assets of the Debtors' Multi-Service Switch (formerly known as "Passport") business

[D.I. 3855].  Efforts continue to be made with respect to the monetization of Nortel's remaining

assets.

14.    On August 4, 2009, this Court entered an order fixing September 30, 2009 at 4:00

p.m. (Eastern Time) as the general bar date for filing proofs of claim or interests against the

Debtors (other than NN CALA) [D.I. 1280].  On December 3, 2009 this Court entered an order

fixing January 25, 2010 at 4:00 p.m. (Eastern Time) as the bar date for filing proofs of claim or

interests against NN CALA [D.I. 2059].

15.    On July 13, 2010, the Debtors filed the Joint Chapter 11 Plan of Nortel Networks

Inc. and Its Affiliated Debtors (the "Plan") [D.I. 3580].  On September 3, 2010, the Debtors filed

the Proposed Disclosure Statement for the Joint Chapter 11 Plan of Nortel Networks Inc. and Its

Affiliated Debtors [D.I. 3874].

## CLEARY GOTTLIEB'S RETENTION

16.      Prior to the Petition Date, the Debtors engaged Cleary Gottlieb as counsel in connection with potential bankruptcy filings by the Debtors.  On February 4, 2009, this Court entered the Order Authorizing the Retention and Employment of Cleary Gottlieb Steen & Hamilton LLP as Counsel for the Debtors nunc pro tunc to the Petition Date [D.I. 221].

## FEE PROCEDURES ORDER

17.      On February 4, 2009, the Court entered the Interim Compensation Procedures Order [D.I. 222], which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.[5]

18.      In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each calendar month.  Provided that there are no objections to such Monthly Fee Application filed within twenty (20) days after the service of a Monthly Fee Application, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application.  If a partial objection to the Monthly Fee Application is filed, then the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

19.      On June 26, 2009, Cleary Gottlieb filed its First Interim Fee Application Request of Cleary Gottlieb Steen & Hamilton LLP, As Attorneys For Debtors And Debtors-In-Possession, For The Period January 14, 2009 Through April 30, 2009 [D.I. 978] (the "First

---

[5]      Capitalized terms used but not defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

Quarterly Application").  On July 17, 2009, this Court entered an Omnibus Order Allowing

Certain Professionals Interim Compensation for Services Rendered and Reimbursement of

Expenses [D.I. 1103], approving the First Quarterly Application.  On September 2, 2009, Cleary

Gottlieb filed its Second Quarterly Fee Application Request of Cleary Gottlieb Steen &

Hamilton LLP, As Attorneys For Debtors And Debtors-In-Possession, For The Period May 1,

2009 Through July 31, 2009 [D.I. 1421] (the "Second Quarterly Application").  On September

30, 2009, this Court entered the Second Omnibus Order Allowing Certain Professionals Interim

Compensation for Services Rendered and Reimbursement of Expenses [D.I. 1582], approving

the Second Quarterly Application.  On November 20, 2009, Cleary Gottlieb filed its Third

Quarterly Fee Application Request of Cleary Gottlieb Steen & Hamilton LLP, As Attorneys For

Debtors And Debtors-In-Possession, For The Period August 1, 2009 Through October 31, 2009

[D.I. 1943] (the "Third Quarterly Application").  On December 15, 2009, this Court entered the

Third Omnibus Order Allowing Certain Professionals Interim Compensation For Services

Rendered and Reimbursement of Expenses [D.I. 2143], approving the Third Quarterly

Application.  On February 25, 2010, Cleary Gottlieb filed its Fourth Quarterly Fee Application

Request of Cleary Gottlieb Steen & Hamilton LLP, As Attorneys For Debtors And Debtors-In-

Possession, For the Period November 1, 2009 Through January 31, 2010 [D.I. 2535] (the "Fourth

Quarterly Application").  On March 17, 2010, this Court entered the Fourth Omnibus Order

Allowing Certain Professionals Interim Compensation For Services Rendered and

Reimbursement of Expenses [D.I. 2730], approving the Fourth Quarterly Application.  On June

4, 2010, Cleary Gottlieb filed its Fifth Quarterly Fee Application Request of Cleary Gottlieb

Steen & Hamilton LLP, As Attorneys For Debtors and Debtors-In-Possession, For the Period

February 1, 2010 Through April 30, 2010 [D.I. 3147] (the "Fifth Quarterly Application").  On

June 24, 2010, this Court entered the Fifth Omnibus Order Allowing Certain Professionals

Interim Compensation For Services Rendered and Reimbursement of Expenses [D.I. 3217],

approving the Fifth Quarterly Application.

      20.     During the Application Period, Cleary Gottlieb provided extensive services to the

Debtors.  During such period, with the aid of Cleary Gottlieb and Morris, Nichols, Arsht &

Tunnell LLP ("Morris Nichols"), the Debtors were successful in obtaining certain relief

including, without limitation:  (a) an extension of the Debtors' time to file a disclosure statement

in support of the Plan through and including September 3, 2010; (b) an extension of the period

during which NN CALA has the exclusive right to file a plan through and including January 13,

2011 and during which NN CALA has the exclusive right to solicit acceptances thereof through

and including March 13, 2010; (c) a final waiver of the requirements of section 345(b) of the

Bankruptcy Code concerning the investment and deposit of estate funds; and (d) approval of the

assumption and/or assignment of certain additional executory contracts in connection with the

sale of substantially all of the assets of the Enterprise Solutions business to Avaya.  Cleary

Gottlieb and Morris Nichols also performed work during the Application Period that led to the

Debtors successfully obtaining additional relief in August including, without limitation:  (a)

authorization to employ and retain RLKS Executive Solutions LLC as document management

and data preservation consultants to the Debtors *nunc pro tunc* to July 9, 2010; (b) orders

granting the Debtors' Tenth, Eleventh and Twelfth Omnibus Objections to Certain Claims; (c) an

order sustaining Debtors' objection to, disallowing and expunging a proof of claim filed by

Embarq Managament Company; and (d) an order approving a stipulation between the Debtors

and Verizon Communications Inc. (together with its affiliates, "Verizon") resolving motions

filed by the Debtors against Verizon.  Additionally, during the Application Period the Debtors

continued the process of reviewing and reconciling claims filed by creditors prior to the general claims bar dates established in the chapter 11 proceedings, including filing omnibus objections to certain claims filed by creditors in the proceedings, and prepared and completed the initial filing of the Plan.

21.     Cleary Gottlieb also continued to assist the Debtors in effectively addressing many of the matters which arise during a chapter 11 case involving vendors, suppliers, customers, employees and governmental agencies.  Many of these issues were more complex due to the international nature of the Debtors' operations.  Cleary Gottlieb also responded to numerous inquiries by vendors, suppliers, creditors and other interested parties.  In addition, Cleary Gottlieb engaged in numerous discussions with representatives of the Committee, the Bondholder Group, the Canadian Debtors, the Monitor, the EMEA Debtors and the Joint Administrators on a wide range of matters including, without limitation, interestate issues, mergers and acquisitions matters, and issues relating to options in respect of intellectual property, among others, and assisted the Debtors in preparing for and engaging in discussions with the same.  Cleary Gottlieb also assisted the Debtors with numerous other matters, including regulatory and other work relating to the Debtors' reporting obligations, including those established by the Code.

22.     Cleary Gottlieb and Morris Nichols also assisted the Debtors in seeking authority to retain the professionals utilized by the Debtors during these cases as well as in the ordinary course of their businesses, and coordinating the information flow to and among these professionals and have endeavored to ensure that such professionals comply with the Local Rules and the U.S. Trustee Guidelines.

23.     Included in this Application are certain fees and expenses incurred during a period related to an application previously submitted, but which were not entered into the Cleary Gottlieb accounting system until the period covered by this Application.

## RELIEF REQUESTED

24.     Cleary Gottlieb submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered as bankruptcy counsel for the Debtors in these cases for the period from July 1, 2010 through July 31, 2010 (and previous periods, as discussed above), and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Debtors during that same period (and previous periods, as discussed above).

25.     During the period covered by this Application (and previous periods, as discussed above), Cleary Gottlieb accrued fees in the amount of $3,807,758.00.  For the same period (and previous periods, as discussed above), Cleary Gottlieb incurred actual, reasonable and necessary expenses totaling $61,121.85.  With respect to these amounts, as of the date of this Application, Cleary Gottlieb has received no payments.

26.     Set forth on the foregoing "Compensation by Project Category" is a summary by subject matter categories of the time expended by timekeepers billing time to these cases.

27.     Exhibit A attached hereto contains logs, sorted by case project category, which show the time recorded by professionals, paralegals and other support staff and descriptions of the services provided.

28.     Exhibit B attached hereto contains a breakdown of disbursements incurred by Cleary Gottlieb during the Application Period.

29.     Cleary Gottlieb charges $0.10 per page for photocopying.

11

30.     Cleary Gottlieb charges $0.65 per page for color photocopying and printing.

31.     Cleary Gottlieb charges $1.00 per page for outgoing domestic facsimiles and does not charge for incoming facsimiles.

32.     In accordance with Local Rule 2016-2, Cleary Gottlieb has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

33.     Cleary Gottlieb has endeavored to represent the Debtors in the most expeditious and economical manner possible.  Tasks have been assigned to attorneys, paralegals, and other support staff at Cleary Gottlieb so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter.  Moreover, Cleary Gottlieb has endeavored to coordinate with Morris Nichols and the other professionals involved in these cases so as to minimize any duplication of effort and to minimize attorneys' fees and expenses to the Debtors.  We believe we have been successful in this regard.

34.     No agreement or understanding exists between Cleary Gottlieb and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

35.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his or her information, knowledge and belief that this Application complies with that Rule.

**WHEREFORE**, Cleary Gottlieb respectfully requests that this Court:  (a) allow Cleary Gottlieb (i) interim compensation in the amount of $3,807,758.00 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period July 1, 2010 through July 31, 2010 (and previous periods, as discussed above), and (ii) interim reimbursement

12

in the amount of $61,121.85 for actual, reasonable and necessary expenses incurred during the same period (and previous periods, as discussed above); (b) authorize and direct the Debtors to pay to Cleary Gottlieb the amount of $3,107,328.25, which is equal to the sum of 80% of Cleary Gottlieb's allowed interim compensation and 100% of Cleary Gottlieb's allowed expense reimbursement; and (c) grant such other and further relief as the Court deems just and proper.

Dated: September 7, 2010
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel for the Debtors and Debtors in Possession*

14