## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
:
*In re*                                                          :          Chapter 11
:
Nortel Networks Inc., *et al.*, [1]                              :          Case No. 09-10138 (KG)
:
               Debtors.             :          Jointly Administered
:
-------------------------------------------------------X          **Objections Due:  September 29, 2010 at 4:00 p.m. (ET)**

## SIXTH INTERIM APPLICATION OF SHEARMAN & STERLING LLP, AS NON-ORDINARY COURSE PROFESSIONAL SPECIAL LITIGATION COUNSEL, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD MAY 1, 2010 THROUGH JULY 31, 2010

| | |
|---|---|
| Name of Applicant: | SHEARMAN & STERLING LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | February 18, 2009 nunc pro tunc to January 14, 2008 |
| Period for which Compensation and reimbursement is sought: | May 1, 2010 through July 31, 2010 |
| Amount of compensation sought as actual, reasonable and necessary: | $9,768.00 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $1,237.18 |

This is an _x_ interim          ___ final application

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

The total time expended for fee application preparation is approximately 2 hours and the corresponding compensation requested is approximately $600.00.[2]

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 6/3/09 | 1/14/09 – 4/30/09 | $237,602.00/$4,774.38 | $237,602.00/$4,774.38 |
| 8/19/09 | 5/1/09 – 7/31/09 | $63,916.00/$2,356.13 | $63,916.00/$2,356.13 |
| 11/23/09 | 8/1/09 – 10/31/09 | $20,975.50/$2,021.48 | $20,975.50/$2,021.48 |
| 2/19/10 | 11/1/09 – 1/31/10 | $17,377.00/$1,245.27 | $17,377.00/$1,245.27 |
| 6/3/10 | 2/1/10 – 4/30/10 | $13,890.00/$1,825.24 | $13,890.00/$1,825.24 |

---

[2] Allowance for compensation for such time is not requested in this application but will be sought in a subsequent fee application.

**COMPENSATION BY PROFESSIONAL**

All Matters

May 1, 2010 through July 31, 2010

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Brian Burke (2005) | Associate/Litigation | 580 | 1 | 580.00 |
| Terence P. Gilroy (2006) | Associate/Litigation | 525 | 5.4 | 2,835.00 |
| Mary Glennon | Paralegal | 245 | 25.1 | 6,149.50 |
| Ruth Sheopaul | Case Clerk | 185 | 1.1 | 203.50 |
| **Total** | | | 32.6 | 9,768.00 |
| **Grand Total:**  $9,768.00 | | | | |
| **Blended Rate:**  $299.63 | | | | |

NYDOCS04/524405.1

## COMPENSATION BY MATTER

May 1, 2010 through July 31, 2010

| Matter | Total Hours | Total Fees |
|---|---|---|
| Nortel Networks Limited – (02205-00016) Reserves Release (In re Nortel Networks Corporation Securities Litigation, 05-MD-1659 (LAP) (S.D.N.Y.)); Securities Litigation (In re Nortel Networks Corporation Securities Litigation, 01-CV-1855 (RMB) (S.D.N.Y.)) | 2.1 | $783.50 |
| Nortel Networks Limited – (02205-00018) March 2004 ERISA Action (In re Nortel Networks Corp. ERISA Litigation, 3:03-MD-1537 (M.D. Tenn.)) | 0 | $0 |
| Nortel Networks Limited – (02205-00020) Epicon Litigation (Domenikos v. Roth, et al., 05-CV-2080 (S.D.N.Y.)) | 0 | $0 |
| Nortel Networks Limited – (02205-00021) Investigations (Securities & Exchange Commission investigation and related proceedings) | 30.5 | $8,984.50 |
| **Total** | 32.6 | $9,768.00 |

## EXPENSE SUMMARY

All Matters

May 1, 2010 through July 31, 2010

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Duplicating | In House | $8.50 |
| Courier | Federal Express | |
| Conference Room Dining | | $148.62 |
| Electronic Docket Information | Court Alert | $280.92 |
| Electronic Docket Information | Pacer | $25.50 |
| Electronic Docket Information | E-Law | $137.16 |
| Computer Research | ALM Media | $636.48 |
| **Total Expenses:** | | $1,237.18 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
                                :

*In re*                             :       Chapter 11

Nortel Networks Inc., *et al.*, [3]      :       Case No. 09-10138 (KG)

                 Debtors.     :       Jointly Administered

                                 :
---------------------------------------------------------X  Objections Due: September 29, 2010 at 4:00 p.m. (ET)

### SIXTH INTERIM APPLICATION OF SHEARMAN & STERLING LLP, AS NON-ORDINARY COURSE PROFESSIONAL SPECIAL LITIGATION COUNSEL, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES <u>INCURRED FOR THE PERIOD MAY 1, 2010 THROUGH JULY 31, 2010</u>

Shearman & Sterling LLP ("Shearman & Sterling"), non-ordinary course

professional special litigation counsel for Nortel Networks, Inc. and certain of its affiliates

(collectively, the "<u>Debtors</u>"), submits this application (the "<u>Application</u>") for interim allowance

of compensation for professional services rendered by Shearman & Sterling to the Debtors for

the period May 1, 2010 through July 31, 2010 (the "<u>Application Period</u>") and reimbursement of

actual and necessary expenses incurred by Shearman & Sterling during the Application Period

under sections 330 and 331 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule

2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Rule 2016-2 of

the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of

the District of Delaware (the "<u>Local Rules</u>"), the United States Trustee's Guidelines for

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11

U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines") and the Order Under 11

U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing

Procedures for Interim Compensation and Reimbursement of Fees and Expenses for

Professionals and Official Committee Members (D.I. 222) (the "Interim Compensation

Procedures Order")[4]. In support of this Application, Shearman & Sterling represents as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§

157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue in

this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On January 14, 2009 (the "Petition Date"), the Debtors each filed a

voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtors continue to

operate their businesses and manage their properties as debtors-in-possession pursuant to

sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in

the Debtors' jointly administered bankruptcy cases.

3.      On January 26, 2009, the United States Trustee for the District of

Delaware appointed the Official Committee of Unsecured Creditors.

---

[4] Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation
Procedures Order.  (See D.I. 222.)

## SHEARMAN & STERLING'S RETENTION

4.     Prior to the Petition Date, the Debtors engaged Shearman & Sterling as counsel to the Debtors, their Canadian parents, and certain of Debtors' officers and directors in In re Nortel Networks Corporation Securities Litigation, 01-CV-1855 (RMB) (S.D.N.Y.); In re Nortel Networks Corporation Securities Litigation, 05-MD-1659 (LAP) (S.D.N.Y.); In re Nortel Networks Corp. ERISA Litigation, 3:03-MD-1537 (M.D. Tenn.); Domenikos v. Roth, et al., 05-CV-2080 (S.D.N.Y.); and other related proceedings and investigations arising from certain of the Debtors' financial restatements and related events, including representation of the Debtors before the United States Securities and Exchange Commission (collectively, "Pending Litigations"). On February 18, 2009, this Court entered the Order Pursuant to 11 U.S.C. Sections 327(e) Authorizing the Retention and Employment of Shearman & Sterling LLP as Non-ordinary Course Professional Special Litigation Counsel for the Debtors *Nunc Pro Tunc* to January 14, 2009.  (D.I. 323.)

## FEE PROCEDURES ORDER

5.     On February 4, 2009, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

6.     In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each calendar month.  Provided that there are no objections to such Monthly Fee Application filed within twenty (20) days after the service of a Monthly Fee Application, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such

Monthly Fee Application.  If a partial objection to the Monthly Fee Application is filed, then the

Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject

to an objection.

## RELIEF REQUESTED

7.      Shearman & Sterling submits this Application (a) for allowance of

reasonable compensation for the actual, reasonable and necessary professional services that it has

rendered as Non-ordinary Course Professional Special Litigation Counsel in the Pending

Litigations for the period from May 1, 2010 through July 31, 2010, and (b) for reimbursement of

actual, reasonable and necessary expenses incurred in representing the Debtors during that same

period.

8.      During the period covered by this Application, Shearman & Sterling

incurred fees in the amount of $9,768.00.  For the same period, Shearman & Sterling incurred

actual, reasonable and necessary expenses totaling $1,237.18.  With respect to these amounts, as

of the date of this Application, Shearman & Sterling has received no payments.

9.      Set forth on the foregoing "Compensation by Matter" is a summary by

matter of the time expended by timekeepers billing time to these cases.

10.      During the Application Period, Shearman & Sterling provided services in

response to requests from Fenton, Smith Barristers, counsel to Nortel, for assistance in discovery

matters relating to criminal proceedings in Canada involving former Nortel executives.

Shearman and Sterling also performed work in connection with Nortel's document retention

obligations in the various matters in which Shearman & Sterling represents Nortel.

11.    <u>Exhibit A</u> attached hereto contains logs, sorted by matter, which show the time recorded by professionals, paraprofessionals and other support staff and descriptions of the services provided.

12.    <u>Exhibit B</u> attached hereto contains a breakdown of disbursements, sorted by matter, incurred by Shearman & Sterling during the Application Period.

13.    Shearman & Sterling charges $.10 per page for internal photocopying.

14.    Shearman & Sterling does not charge for outgoing domestic facsimiles or incoming facsimiles.

15.    In accordance with Local Rule 2016-2, Shearman & Sterling has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

16.    Shearman & Sterling has endeavored to represent the Debtors in the most expeditious and economical manner possible.  Tasks have been assigned to attorneys, paralegals, and other support staff at Shearman & Sterling so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter.

17.    No agreement or understanding exists between Shearman & Sterling and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

18.    The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**WHEREFORE**, Shearman & Sterling respectfully requests that this Court: (a) allow Shearman & Sterling (i) interim compensation in the amount of $9,768.00 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period May 1, 2010 through July 31, 2010, and (ii) interim reimbursement in the amount of $1,237.18 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the Debtors to pay to Shearman & Sterling the amount of $9,051.58 which is equal to the sum of 80% of Shearman & Sterling's allowed interim compensation and 100% of Shearman & Sterling's allowed expense reimbursement; and (c) grant such other and further relief as is just.

Dated:  September 9, 2010
New York, New York

SHEARMAN & STERLING LLP

Stuart J. Baskin
Terence P. Gilroy
599 Lexington Avenue
New York, New York
Telephone:  212-848-4000
Facsimile:  646-848-4000

*Counsel for the Debtors in Pending Litigations*