# **EXHIBIT A**

## VERIZON - NORTEL LIQUIDATED SETOFF ANALYSIS

| Entity | VERIZON ACCOUNTS RECEIVABLE FROM NORTEL Pre-Petition | VERIZON ACCOUNTS PAYABLE TO NORTEL Pre-Petition | Net Setoff/Credit Pre-Petition |
|---|---|---|---|
| MCI Communications Services Inc. | $206,177.30 | $12,764,185.19 | $206,177.30 |
| MCI Communications Services Inc. | $3,461,301.00 [1] | $12,764,185.19 [2] | $3,461,301.00 [1] |
| MCI International Inc. | $200,853.86 | $0.00 | $0.00 |
| Verizon California Inc. | $227.63 | $587,570.20 | $227.63 |
| Verizon DC Inc. | $0.00 | $4,539,166.00 | $0.00 |
| Verizon Delaware Inc. | ($19.99) | $39,838.00 | $0.00 |
| Verizon Florida LLC | $743.60 | $13,967.10 | $743.60 |
| Verizon Maryland Inc. | $104.52 | $874,848.21 | $104.52 |
| Verizon New England Inc. | ($667.38) | $111,736.95 | $0.00 |
| Verizon New Jersey Inc. | $2,922.83 | $440,159.50 | $2,922.83 |
| Verizon New York Inc. | $9,576.44 | $1,341,223.30 | $9,576.44 |
| Verizon North Inc. | $969.21 | $184,115.50 | $969.21 |
| Verizon Northwest Inc. | $1,067.06 | $4,485,556.25 | $1,067.06 |
| Verizon Pennsylvania Inc. | $2,545.45 | $265,172.44 | $2,545.45 |
| Verizon Select Services Inc. | $3,461,301.00 [1] | $5,984,514.10 | $3,461,301.00 [1] |
| Verizon South Inc. | $64,710.43 | $0.00 | $0.00 |
| Verizon Virginia Inc. | $1,855.75 | $612,670.57 | $1,855.75 |
| Verizon Wireless | $25,608.26 | $1,691,920.02 | $25,608.26 |
| Verizon Southwest | $0.00 | $200,609.06 | $0.00 |
| Verizon Services Corp. | $0.00 | $14,408.85 | $0.00 |
| Federal Network Sys LLC | $0.00 | $434,977.72 | $0.00 |
| GTE Systems of the South | $0.00 | ($30.00) | $0.00 |
| Verizon Network Integration Corp. | $0.00 | $42,203.75 | $0.00 |
| Verizon Wireless Inc. | $0.00 | $97,237,797.20 | $0.00 |
| **TOTAL** | **$3,977,975.97** | **$131,866,609.91** | **$3,713,099.05** |

[1] MCI Communications Services Inc. and Verizon Select Services Inc. are jointly owed the sum of $3,461,301.00 for the settlement with Customer X. This sum is counted only once in the Totals.

[2] The sum of $12,764,185.19 is shown on this line to separate out the settlement with Customer H. This sum is counted only once in the Total.

# EXHIBIT B

## Laddin, Darryl S

| | |
|---|---|
| From: | James L BROMLEY [jbromley@cgsh.com] |
| Sent: | Thursday, January 29, 2009 3:42 PM |
| To: | Laddin, Darryl S |
| Cc: | Louis A Lipner; Lisa M SCHWEITZER |
| Subject: | Re: Nortel Networks, Inc. and Verizon Wireless |

Darryl,

You will get a representation in open court as to Vz and Vz alone assuming the freeze is lifted by close of business tomorrow.

On paragraph 5. Redraft as follows:

5. The rights, if any, of Debtors' customers to assert rights of setoff, recoupment or similar remedies, and the Debtors' rights, if any, to oppose such assertions, are expressly reserved notwithstanding any payments by such customers to the Debtors.

I trust this resolves things. Please confirm.

Jim

CONTACT INFORMATION

James L. Bromley
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
Direct: 212-225-2264
Fax: 212-225-3999
Mobile: 646-894-3014
jbromley@cgsh.com
www.cgsh.com

From: "Laddin, Darryl S" [Darryl.Laddin@AGG.com]
Sent: 01/29/2009 02:03 PM EST
To: James BROMLEY
Cc: Louis Lipner; Lisa SCHWEITZER
Subject: RE: Nortel Networks, Inc. and Verizon Wireless

Jim:

On point 5, I should have a list of other Nortel entities and, hopefully, the amounts at issue by tomorrow morning.

With respect to the Motion, my preliminary comments (subject to me discussing the matter with my client, which I have not yet done), are as follows:

A.    The Motion seeks an order "authorizing, but not directing, the Debtors to honor...." It seems to me that Verizon will need a representation in open Court and a letter or e-mail from you confirming that the Debtors "will honor" their Customer Obligations, including through All Customer Programs, to Verizon. I'm sure that's not a problem for you. Please confirm.

B.    In paragraph 5 of the proposed Order, please add after "recoupment" the following: "and associated remedies"

1

I hopefully will be speaking to my clients before 3:00 p.m., and get back to you with any further comments by then. I go into a meeting at 3:00, and will be generally unavailable the rest of the day after that time.

Darryl S. Laddin
Arnall Golden Gregory LLP
404.873.8120 (direct dial)
404.873.8121 (fax)
dladdin@agg.com