IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NORTEL NETWORKS INC., et al.,[1] | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |
| | Ref Docket No. 3890 |

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

BRITTANY WHALEN, being duly sworn, deposes and says:

1. I am employed as a Noticing Coordinator by Epiq Bankruptcy Solutions, LLC, located at 757 Third Avenue, New York, New York 10017. I am over the age of eighteen years and am not a party to the above-captioned action.

2. On September 8, 2010, I caused to be served a Personalized version of the "Notice of Debtors' Request for Authority to Assume and Assign Certain Contracts," dated September 8, 2010 [Related to Docket No. 3890], a sample of which is attached hereto as Exhibit A, consisting of the following:

    i.   a Personalized "Schedule A", and
    ii.  the "Notice of Debtors' Request for Authority to Assume and Assign Certain Contracts," dated September 8, 2010,

by causing true and correct copies to be enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to those parties listed on the annexed Exhibit B.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596) Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.
T:\Clients\NORTEL\Affidavits\Personal Sch A; Assume & Assumpt Ntc_DI_3890_UNDERSEAL_Aff_9-8-10.doc

3. All envelopes utilized in the service of the foregoing contained the following legend: "LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

*Brittany Whalen*

Sworn to before me this
9th day of September, 2010

_____
Notary Public

```
ELENI G KOSSIVAS
NOTARY PUBLIC STATE OF NEW YORK
NEW YORK COUNTY
LIC. #01KO6222093
COMM. EXP. MAY 17, 2014
```

# EXHIBIT A

## SCHEDULE A

| Name and Address of Counterparty | Effective Date of Assignment | Description of Assumed Agreement | Cure Amount |
|---|---|---|---|
|  |  |  |  |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

----------------------------------------------------------- x
:
*In re*                                                     :    Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                          :    Case No. 09-10138 (KG)
:
               Debtors.                          :    Jointly Administered
:
:    **Re: D.I.'s 3832 and 3855**
:
----------------------------------------------------------- x

**NOTICE OF DEBTORS' REQUEST FOR
AUTHORITY TO ASSUME AND ASSIGN CERTAIN CONTRACTS**

**PLEASE TAKE NOTICE THAT:**

      In connection with the Debtors' motion for orders (I)(A) authorizing Debtors' entry into a stalking horse asset sale agreement (the "Stalking Horse Agreement") with PSP Holding LLC ("PSP Holding"), (B) authorizing and approving the Bidding Procedures and Bid Protections,[2] including granting administrative expense status to the Bid Protections payable by the Debtors to the Stalking Horse Purchaser (as defined in the Sale Motion), (C) approving the Notice Procedures and the Assumption and Assignment Procedures, (D) approving a side agreement, (E) authorizing the Debtors to file certain documents under seal and (E) setting the time, date and place for the Sale Hearing, and (II) authorizing and approving (A) the sale of certain assets of Debtors' Multi-Service Switch business (formerly known as the 'Passport' business) (the "MSS Business") free and clear of all liens, claims and encumbrances and (B) the assumption and assignment of certain executory contracts (D.I. 3832) (the "Sale Motion"), Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby provide notice of their intent to assume and assign, pursuant to sections 363 and 365 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), certain agreements to which the Debtors are a party, including one or more such agreements to which the Debtors believe you or your predecessor in interest are a party, which agreements are

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]     Capitalized terms used but not defined herein have the meanings ascribed to them in the Bidding Procedures. To the extent that there are inconsistencies between this notice and the Bidding Procedures, the Bidding Procedures control.

identified in Schedule A hereto (singularly or collectively, the "Scheduled Agreements"), in connection with the proposed sale.

Nothing contained in this notice is to be construed as an admission by the Debtors as to the character of any document denominated as an agreement, as an executory contract or unexpired lease, or to the rights of any parties thereto. The sale of the MSS Business and assumption and assignment of the Scheduled Agreements will take place pursuant to an order of the Bankruptcy Court (the "Bidding Procedures Order"), entered on September 1, 2010 (D.I. 3855).

The Auction and Sale Procedures. As described in the Sale Motion, over the next several weeks, the Debtors and certain of their affiliates (the "Sellers") will be conducting an auction (the "Auction") and sale of certain assets relating to the MSS Business (the "Purchased Assets") and assignment of the Scheduled Agreements. The Sellers have been in discussions with possible buyers, and have selected PSP Holding to be the stalking horse bidder in connection with the auction process. This means that although the bidding process will be open to other bidders, in compliance with the Federal Rules of Bankruptcy Procedure and the Bankruptcy Code, the Sellers have entered into a binding purchase agreement (the "Stalking Horse Agreement") with PSP Holding, who has agreed to purchase the Purchased Assets on the terms set forth in the Stalking Horse Agreement unless a higher or otherwise better offer is received, accepted by the Sellers and approved by the Bankruptcy Court, the Canadian Court and any other applicable court(s) whose approval is required.

Conditions to Effectiveness of Assumption and Assignment. By the Sale Motion, the Debtors are seeking authority to assume the Scheduled Agreements, to assign to PSP Holding or its designee or another entity whose bid is determined to be the highest or otherwise best offer or its designee (the "Purchaser") those Scheduled Agreements that are executory contracts. The assumption and assignment of the Scheduled Agreements shall be effective upon the closing of the sale to the Purchaser (the "Closing Date") as determined through a competitive bid and auction process (or such later date as may be designated) pursuant to the terms of the Bidding Procedures Order. Additionally, only the Scheduled Agreements ultimately identified as of the Closing Date (or such later date as may be designated) under the relevant purchase agreement will be assumed and assigned. Except as set forth in the Stalking Horse Agreement, the Purchaser has not agreed to pay, shall not be required to assume, and shall have no liability or obligation with respect to, any liability or obligation, direct or indirect, absolute or contingent, of the Debtors, including any liabilities or obligations associated with the Scheduled Agreements arising on or before the Closing Date.

About PSP Holding. PSP Holding is a special purpose entity to be funded at closing of the transaction contemplated by the Stalking Horse Agreement by Marlin Equity Partners ("Marlin") and Samnite Technologies Inc., a communications technology based in Ottawa. Marlin is a private investment firm based in California with over $1 billion of capital under management. Since 2005, Marlin, through its group of funds and related companies, has acquired over 30 businesses across a variety of industries. To the extent you wish to receive additional information regarding the ability of PSP Holding to provide adequate assurance of future performance, please contact counsel to PSP Holding, Rick Presutti, Esq., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Tel. (212) 756-2000, E-mail richard.presutti@srz.com.

Requests for Adequate Assurance.  Any party to an agreement that is scheduled to be assumed and assigned (each a "Counterparty") that wishes to obtain information regarding other bidders that will or may participate at the auction (other than PSP Holding) must notify counsel to the Debtors at the address listed below (a "Request for Adequate Assurance") so that such notification is actually received on or before **September 22, 2010 at 4:00 PM (ET)**.  The Request for Adequate Assurance must include an email and/or fax number and a contact person to whom a response to such information request will be sent.  If a Counterparty timely submits a Request for Adequate Assurance, the Debtors shall provide such Counterparty with any non-confidential information reasonably related to adequate assurance received by the Debtors from such other bidder(s) by email or fax delivery by one (1) day prior to the Auction.  If a bidder other than PSP Holding is the Purchaser at the end of the Auction, the Debtors shall immediately notify all Counterparties that filed a Request for Adequate Assurance of the name of the Purchaser as soon thereafter as practicable, and those Counterparties shall be permitted to file objections to the adequate assurance of future performance by such Purchaser.  Such supplemental objections must be filed by **September 29, 2010 at 12:00 PM (ET)**.

Cure.  In connection with the assignment of a contract pursuant to the Bankruptcy Code, any outstanding monetary obligations owed by the Debtors must be cured.  The amount the Debtors believe is required to cure any default under the Scheduled Agreement(s) to which the Debtors believe you or your predecessor in interest are a party (the "Cure Amount") is listed on Schedule A attached hereto.  Notwithstanding anything to the contrary herein, any nondebtor party will be deemed to have received Adequate Assurance of future performance as required by section 365 of the Bankruptcy Code if the Debtors, after payment of any Cure Amounts, would no longer have any payment or delivery obligations under a Scheduled Agreement.  Objections to the Cure Amount must be filed by **September 22, 2010 at 4:00 PM (ET)**.

Objections.  Pursuant to the Bidding Procedures Order, objections, if any, to the assumption and assignment of the Scheduled Agreements, including without limitation any objection to the Cure Amount or the adequate assurance of future performance by PSP Holding under the applicable Scheduled Agreement, must be filed with the Court no later than **September 22, 2010 at 4:00 PM (ET)**. Notice of all objections must be:  (a) in writing; (b) signed by counsel or attested to by the objecting party; (c) served on counsel to the Debtors: Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Fax:  (212) 225-3999 (Attention:  James L. Bromley and Lisa M. Schweitzer), and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, Delaware 19801, Fax:  (302) 658-3989 (Attention:  Derek C. Abbott), so that such objection is actually received by the relevant objection deadline; and (d) served so as to be received contemporaneously by the following: (i) counsel to PSP Holding:   Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, NY 10022, Fax: (212) 593-5955 (Attention: Richard A. Presutti)  (ii) counsel to the Committee: Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Fax: (212) 872-1002 (Attention:  Fred Hodara, Stephen Kuhn and Kenneth Davis) and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attention:  Christopher M. Samis), (iii) counsel to the Bondholder Group:  Milbank, Tweed, Hadley & McCloy, One Chase Manhattan Plaza, New York, New York 10006, Fax: (212) 822-5735 (Attention:  Roland Hlawaty) and (iv) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Fax: (302) 573-6497 (Attention: Kevin Callahan).  Any such notice must specify the grounds for such objection.  Pursuant to the

Bidding Procedures Order, only those objections made in compliance with the foregoing requirements will be considered by the Court at the Sale Hearing.

*To the extent that any Counterparty does not timely serve an objection as set forth above, such Counterparty will be (i) deemed to have consented to such Cure Amounts, if any, and to the assumption and assignment of the applicable Scheduled Agreement(s); (ii) bound by such Cure Amounts, if any; (iii) deemed to have agreed that the Purchaser has provided adequate assurance of future performance within the meaning of Bankruptcy Code section 365(b)(1)(C); (iv) deemed to have agreed that all defaults under the applicable Scheduled Agreement(s) arising or continuing prior to, or upon the occurrence of, the effective date of the assignment have been cured as a result or precondition of the assignment, such that the Purchaser or the Debtors shall have no liability or obligation with respect to any default occurring or continuing prior to the assignment, and from and after the date of the assignment the Scheduled Agreement(s) shall remain in full force and effect for the benefit of the Purchaser and the Counterparty in accordance with its terms; (v) deemed to have waived any right to terminate the Scheduled Agreement(s) or designate an early termination date under the applicable Scheduled Agreement(s) as a result of any default that occurred and/or was continuing prior to, or upon the occurrence of, the assignment date; and (vi) deemed to have agreed that the terms of the Sale Order shall apply to the assumption and assignment of the applicable Scheduled Agreement.*

Reservation of Rights.  To the extent that an objection by a Counterparty is not resolved prior to the Closing Date, the Debtors, in consultation with the Purchaser, may elect to (i) not assume and assign such Scheduled Agreement or (ii) postpone the assumption and assignment of such Scheduled Agreement until the resolution of such objection.

Documents.  Copies of the Sale Motion, the Stalking Horse Agreement and the Bidding Procedures Order (including the Bidding Procedures approved by the Bankruptcy Court) may be examined by interested parties between the hours of 8:00 a.m. and 4:00 p.m. (ET) at the office of the Clerk of the Court, 824 Market Street, Wilmington, Delaware 19801, or by appointment during regular business hours at the offices of the Debtors' attorneys: Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attention: James L. Bromley and Lisa M. Schweitzer.  Additionally, copies of the foregoing may be downloaded from the Court's docket at www.deb.uscourts.gov and from the website of the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC, at http://dm.epiq11.com/nortel.

Dates set forth in this notice are subject to change, and further notice of such changes may be provided through announcements in open court and/or the filing of notices and/or amended agendas.  Parties in interest are encouraged to monitor the electronic court docket and/or the noticing agent website for further updates.

| | |
|---|---|
| Dated:  September 8, 2010<br>Wilmington, Delaware | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>James L. Bromley (admitted *pro hac vice*)<br>Lisa M. Schweitzer (admitted *pro hac vice*)<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone:  (212) 225-2000<br>Facsimile:  (212) 225-3999<br><br>- and -<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Ann C. Cordo*<br>Derek C. Abbott (No. 3376)<br>Eric D. Schwartz (No. 3134)<br>Ann C. Cordo (No. 4817)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone:  (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Counsel for the Debtors*<br>*and Debtors in Possession* |

5

**EXHIBIT B**

PERSONALIZED NOTICE PARTIES

FILED UNDER SEAL