**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| --------------------------------------------------------X | : | |
| | : | Chapter 11 |
| *In re* | : | |
| | : | Case No. 09-10138 (KG) |
| Nortel Networks Inc., *et al.*,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |
| | : | **RE: D.I. _____** |
| | : | |
| --------------------------------------------------------X | : | |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 502 APPROVING A
CROSS-BORDER COURT-TO-COURT CLAIMS PROTOCOL**

Upon the motion, dated September 11, 2010 (the "Motion")[2], of Nortel Networks Inc.

and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (the

"Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections

105(a) and 502 of title 11 of the United State Code (the "Bankruptcy Code"), approving that

certain cross-border protocol on the resolution of claims attached thereto as Exhibit B (the

"Claims Protocol"); and adequate notice of the Motion having been given as set forth in the

Motion; and it appearing that no other or further notice is necessary; and the Court having

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157

and 1334; and the Court having determined that consideration of the Motion is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); and approval of the Claims Protocol and the Claims

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Resolution Order having been sought from the Canadian Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED.

2.    The Claims Protocol is approved in all respects, subject to approval of the same by the Canadian Court, and as the Claims Protocol may be amended or supplemented in accordance with the terms thereof.

3.    The Debtors' resolution of Same-Creditor Claims and Overlapping Claims (each as defined in the Claims Protocol) is subject to the Claims Protocol in accordance with the terms thereof.

4.    The Side Letters are approved in their entirety and the Debtors are authorized to take all actions contemplated thereby.

5.    No claimant holding an Overlapping Claim or Same-Creditor Claim shall receive aggregate distributions from the Debtors and the Canadian Debtors on account of such claim(s) in excess of 100% of the amount of such allowed claim(s) (including any post-petition interest or other amounts permitted under applicable law).

6.    Matters related to the manner in which distributions will be made by the Debtors on allowed claims under the chapter 11 plans confirmed in these chapter 11 cases (including, as related to the Debtors, any agreement that may be reached and approved by this Court as to distributions on Overlapping Claims) shall be governed by provisions in the Debtors' chapter 11

plans or the plan administration agreement executed in connection with the Debtors' chapter 11 plans, in either case as approved by this Court, which provisions shall be developed in consultation with the Committee and the Bondholder Group.

7.      The Debtors shall provide the Canadian Debtors and the Monitor with copies of the monthly reports on the status of claims filed against the Debtors that the Debtors provide to the Committee.

8.      The Debtors shall not agree with the Canadian Debtors or the Monitor to the resolution of a Material Overlapping Claim (other than the Bond Claims) proposed to be allowed at greater than $50 million without the prior written consent of the Committee.

9.      The resolution of any Overlapping Claims and Same-Creditor Claims in these chapter 11 cases shall be without prejudice to the rights and defenses of the Canadian Debtors and the Monitor with respect to such Overlapping Claims and Same-Creditor Claims in the Canadian Proceedings.

10.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated: _____, 2010
        Wilmington, Delaware
                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE