**EXHIBIT C**

## **SIDE LETTERS**



**NORTEL**

The Official Committee of Unsecured Creditors of Nortel Networks Inc., et al.

c/o    Akin Gump Strauss Hauer & Feld LLP
       One Bryant Park
       New York, New York 10036
       Attention: Fred Hodara and David Botter
       Facsimile: (212) 872-1002

September __, 2010

Ladies and Gentlemen:

       Reference is made (i) that certain Cross-Border Protocol on the Resolution of Claims (the "Claims Protocol") by and between Nortel Networks Inc. and its U.S. debtor affiliates (the "Debtors") in chapter 11 proceedings before the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), the affiliates of the Debtors in reorganization proceedings under the *Companies' Creditors Arrangement Act* (the "Canadian Debtors") before the Ontario Superior Court of Justice, Commercial List (the "Canadian Court", such proceedings, the "Canadian Proceedings") and Ernst & Young Inc. in its capacity as the monitor in the Canadian Proceedings (the "Monitor"), (ii) the orders of the Bankruptcy Court and the Canadian Court approving the Claims Protocol and (iii) the Claims Resolution Order (as defined in the Claims Protocol).

       Subject to the approval of the Claims Protocol by the Bankruptcy Court and the Canadian Court and the entry of the Claims Resolution Order by the Canadian Court, the Debtors agree to (i) share with the Official Committee of Unsecured Creditors of Nortel Networks Inc., et al. (the "Committee") any and all information related to the Specific Claims (as defined in the Claims Resolution Order) that is received by the Debtors or their advisors from the Canadian Debtors or the Monitor as contemplated by the Claims Resolution Order, (ii) consult with the Committee regarding the Specific Claims and the proposed allowed amount of the Specific Claims in the Canadian Proceedings, (iii) share with the Committee all information that is related to the Material Overlapping Claims (as defined in the Claims Protocol) that is received by the Debtors or their advisors from the Canadian Debtors or the Monitor as contemplated by the Claims Protocol, (iv) consult with the Committee regarding the Material Overlapping Claims and the proposed allowed amount

1



of the Material Overlapping Claims prior to agreeing with the Monitor and/or the Canadian Debtors on the resolution of such claims, (v) share with the Committee any and all information related to the Material Same-Creditor Claims (as defined in the Claims Protocol) that is received by the Debtors or their advisors from the Canadian Debtors or the Monitor as contemplated by the Claims Protocol, (vi) consult with the Committee regarding the Material Same-Creditor Claims and the proposed allowed amount of the Material Same-Creditor Claims prior to agreeing with the Monitor and/or the Canadian Debtors on the resolution of such claims, (vii) share with the Committee the claims reports provided to the Debtors by the Monitor and the Canadian Debtors pursuant to paragraph 11 of the Claims Resolution Order and continue to provide the Committee, periodically, claims reports with respect to the status of claims reconciliation in the chapter 11 cases and (viii) consult with the Committee regarding matters that the Canadian Debtors or the Monitor consult with the Debtors regarding as required by paragraph 27 of the Claims Protocol.  With respect to each of the aforementioned items, the Debtors agree to share such information with, or consult with the Committee and its advisors, as applicable, in a timely manner.

The Debtors also covenant that they will not agree with the Canadian Debtors or the Monitor to the resolution of a Material Overlapping Claim (other than the Bond Claims) proposed to be allowed at greater than $50 million without the prior written consent of the Committee.

If the Claims Protocol or the Claims Resolution Order are modified in a manner that affects the information that can be shared with the Committee where either (i) the Committee agrees to such modifications in writing or (ii) the Bankruptcy Court or the Canadian Court, as applicable, orders the relevant modification of the Claims Protocol or Claims Resolution Order, the Debtors' obligations under this Agreement will be automatically deemed to have been correspondingly modified without the need for any further action by either the Debtors or the Committee; provided, however, that the Debtors shall not agree to any modification to the Claims Protocol or the Claims Resolution Order that would reduce the information that can be shared with the Committee without the written consent of the Committee.

Any and all disputes under this letter agreement that the Debtors and the Committee cannot resolve consensually shall be brought exclusively before the Bankruptcy Court.



This Agreement may be executed in two or more counterparts (no one of which need contain the signature pages of all Parties), each of which will be an original and all of which together will constitute one and the same instrument.  Delivery of an executed counterpart of this agreement via e-mail attachment shall be effective as a manually executed counterpart to this Agreement.

*[Remainder of Page Intentionally Left Blank]*

3



Very truly yours,

Nortel Networks Inc.

By_____

Name:
Title:

                                        ACKNOWLEDGED AND AGREED

                                        The Official Committee of Unsecured Creditors of Nortel Networks Inc., et al.

                                        By: _____

                                        Name:
                                        Title:

cc:    Akin Gump Strauss Hauer & Feld LLP
         One Bryant Park
         New York, New York 10036
         Attention:  Fred Hodara and David Botter
         Facsimile:  (212) 872-1002

4



Ad hoc Group of Nortel Bondholders

c/o    Milbank, Tweed, Hadley & McCloy LLP
       One Chase Manhattan Plaza
       New York, NY 10005-1413
       Attn: Albert A. Pisa, Esq.

September __, 2010

Ladies and Gentlemen:

       Reference is made (i) that certain Cross-Border Protocol on the Resolution of Claims (the "Claims Protocol") by and between Nortel Networks Inc. and its U.S. debtor affiliates (the "Debtors") in chapter 11 proceedings before the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), the affiliates of the Debtors in reorganization proceedings under the *Companies' Creditors Arrangement Act* (the "Canadian Debtors") before the Ontario Superior Court of Justice, Commercial List (the "Canadian Court", such proceedings, the "Canadian Proceedings") and Ernst & Young Inc. in its capacity as the monitor in the Canadian Proceedings (the "Monitor"), (ii) the orders of the Bankruptcy Court and the Canadian Court approving the Claims Protocol and (iii) the Claims Resolution Order (as defined in the Claims Protocol).

       Subject to the approval of the Claims Protocol by the Bankruptcy Court and the Canadian Court and the entry of the Claims Resolution Order by the Canadian Court, the Debtors agree to (i) share with the ad hoc group of bondholders organized in the Debtors' chapter 11 cases and the Canadian Proceedings (the "Bondholder Group") any and all information related to the Specific Claims (as defined in the Claims Resolution Order) that is received by the Debtors or their advisors from the Canadian Debtors or the Monitor as contemplated by the Claims Resolution Order, (ii) consult with the Bondholder Group regarding the Specific Claims and the proposed allowed amount of the Specific Claims in the Canadian Proceedings, (iii) share with the Bondholder Group all information that is related to the Material Overlapping Claims (as defined in the Claims Protocol) that is received by the Debtors or their advisors from the Canadian Debtors or the Monitor as contemplated by the Claims Protocol, (iv) consult with the Bondholder Group regarding the Material Overlapping Claims and the proposed allowed amount of the Material Overlapping Claims prior to



agreeing with the Canadian Debtors and/or the Monitor on the resolution of such claims, (v) share with the Bondholder Group any and all information related to the Material Same-Creditor Claims (as defined in the Claims Protocol) that is received by the Debtors or their advisors from the Canadian Debtors or the Monitor as contemplated by the Claims Protocol, (vi) consult with the Bondholder Group regarding the Material Same-Creditor Claims and the proposed allowed amount of the Material Same-Creditor Claims prior to agreeing with the Canadian Debtors or the Monitor on the resolution of such claims, (vii) share with the Bondholder Group the claims reports provided to the Debtors by the Monitor and the Canadian Debtors pursuant to paragraph 11 of the Claims Resolution Order with the Bondholder Group and (viii) consult with the Bondholder Group regarding matters that the Canadian Debtors or the Monitor consult with the Debtors regarding as required by paragraph 27 of the Claims Protocol.  With respect to each of the aforementioned items, the Debtors agree to share such information with, or consult with the Bondholder Group and its advisors, as applicable, in a timely manner.

       If the Claims Protocol or the Claims Resolution Order are modified in a manner that affects the information that can be shared with the Bondholder Group where either (i) the Bondholder Group agrees to such modifications in writing or (ii) the Bankruptcy Court or the Canadian Court, as applicable, orders the relevant modification of the Claims Protocol or the Claims Resolution Order, the Debtors' obligations under this Agreement will be automatically deemed to have been correspondingly modified without the need for any further action by either the Debtors or the Committee; provided, however, that the Debtors shall not agree to any modification to the Claims Protocol or the Claims Resolution Order that would reduce the information that can be shared with the Bondholder Group without the written consent of the Bondholder Group.

       Any and all disputes under this letter agreement that the Debtors and the Bondholder Group cannot resolve consensually shall be brought exclusively before the Bankruptcy Court.

*[Remainder of Page Intentionally Left Blank]*



Very truly yours,

Nortel Networks Inc.

By_____

Name:
Title: