Court File No. 09-CL-7950

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,
NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS
INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY
CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED**

**MOTION RECORD**
**(for Order Approving Cross-Border Claims Protocol)**
**(returnable September 16, 2010)**

September 10, 2010                 **OGILVY RENAULT LLP**
                                   Suite 3800
                                   Royal Bank Plaza, South Tower
                                   200 Bay Street
                                   P.O. Box 84
                                   Toronto Ontario  M5J 2Z4

                                   **Derrick Tay LSUC#: 21152A**
                                   Tel:  **(**416) 216-4832
                                   Email: dtay@ogilvyrenault.com

                                   **Jennifer Stam LSUC#: 46735J**
                                   Tel: (416) 216-2327
                                   Email: jstam@ogilvyrenault.com

                                   Fax: (416) 216-3930

                                   Lawyers for the Applicants

# Index

- 2 -

Court File No.  09-CL-7950

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,**
**R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF**
**NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,**
**NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS**
**INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY**
**CORPORATION**
**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,**
**R.S.C. 1985, c. C-36, AS AMENDED**

## INDEX TO MOTION RECORD

| Tab No. | Name of Document | Page No. |
|---|---|---|
| 1. | Notice of Motion returnable September 16, 2010 | 1 |
| 2. | Affidavit of John Doolittle sworn September 10, 2010 | 29 |
| 3. | Draft Order Approving Cross-Border Claims Protocol, attached to which is the draft Cross-Border Claims Protocol | 36 |

**Tab 1**

Court File No.  09-CL-7950

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,**
**R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF**
**NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,**
**NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS**
**INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY**
**CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,**
**R.S.C. 1985, c. C-36, AS AMENDED**

**NOTICE OF MOTION**

**(for Order Approving Cross-Border Claims Protocol)**
**(returnable September 16, 2010)**

Nortel Networks Corporation ("NNC"), Nortel Networks Limited, Nortel Networks Technology Corporation, Nortel Networks International Corporation and Nortel Networks Global Corporation (collectively, the "Applicants") will make a motion to Justice Morawetz of the Commercial List court on **Thursday, September 16, 2010 at 10:00 a.m.**, or as soon after that time as the motion can be heard, at **393 University Avenue**, Toronto, Ontario.

PROPOSED METHOD OF HEARING: The motion is to be heard:

☐ in writing under subrule 37.12.1(1) because it is on consent or unopposed or made without notice;

☐ in writing as an opposed motion under subrule 37.12.1(4);

☒ orally.

THE MOTION IS FOR AN ORDER:

(a)    granting an order approving a Cross-Border Claims Protocol, in substantially the form contained in the Applicants' Motion Record; and

(b)      such further and other relief as counsel may request and this Honourable Court may grant.

THE GROUNDS FOR THE MOTION ARE:

## BACKGROUND

(c)      On January 14, 2009, the Applicants were granted protection under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "CCAA") pursuant to an initial order of this Honourable Court, and Ernst & Young Inc. was appointed as monitor (the "Monitor") in the CCAA proceedings;

(d)      Also on January 14, 2009, certain of NNC's United States subsidiaries made voluntary filings in the U.S. Bankruptcy Court for the District of Delaware (the "U.S. Court") under Chapter 11 of the U.S. Bankruptcy Code (the "Code"). Nortel Networks (CALA) Inc. subsequently filed under Chapter 11 of the Code. The group of NNC's United States subsidiaries, including Nortel Networks (CALA) Inc., that filed under Chapter 11 of the Code are herein collectively referred to as the "U.S. Debtors");

(e)      The Chapter 11 cases have been recognized by the Ontario Superior Court of Justice, Commercial List as "foreign proceedings" in Canada, and the within proceedings have been recognized by the U.S. Court as "foreign main proceedings" pursuant to Chapter 15 of the Code;

(f)      An Amended and Restated Claims Procedure Order dated July 30, 2009 (the "Claims Procedure Order") was made by this Court, setting a general "Claims Bar Date" of September 30, 2009, with certain exceptions;

(g)      An order was made by the U.S. Court in the Chapter 11 cases, also setting a general claims bar date of September 30, 2009, with certain exceptions;

(h)      The Claims Procedure Order dated July 30, 2009 deals mainly with (a) notice to creditors, (b) the completion and filing of claims by creditors, and (c) the setting of the Claims Bar Date. The Claims Procedure Order did not deal with mechanisms to dispute claims or to resolve any such disputes;

(i) Concurrently with this motion, a Claims Resolution Order is being sought, which if approved will set out the mechanisms to resolve claims;

(j) Where claims appear to have been made by the same creditor or group of creditors in both Canada and the United States, the Applicants and the U.S. Debtors have agreed that a coordinated examination of these claims is appropriate, and that in some cases a coordinated response will be appropriate. The draft Cross-Border Claims Protocol provides for consultation and other mechanisms to deal with such claims, as described below;

(k) The form of Claims Resolution Order being sought is complementary to the Cross-Border Claims Protocol, with respect to the treatment of Overlapping Claims and Same-Creditor Claims;

## CROSS-BORDER CLAIMS PROTOCOL

(l) The Cross-Border Claims Protocol contains some general sections (Part I – Background, Part V – The Court and this Claims Protocol, and Part VI – General), and some more specific sections dealing with the Scope of the Cross-Border Claims Protocol (Part II), Cooperation and Consultation between the Canadian and U.S. Estates (Part III) and the applicable procedures for resolving Overlapping Claims and Same-Creditor Claims;

(m) As noted above, the scope of the Cross-Border Claims Protocol is to deal with Overlapping Claims and Same-Creditor Claims. Part II of the Protocol goes into more detail as to what is, and what is not, considered to be an Overlapping Claim or Same-Creditor Claim. Overlapping Claims are (in general terms) claims that have been filed by the same party in both Canada and the United States, and that arise from the same underlying liability, while Same-Creditor Claims are (in general terms) claims that have been filed by the same party in both Canada and the United States but do not arise from the same underlying liability. In each case, the Applicants and the U.S. Debtors have agreed that a coordinated examination of these claims is appropriate, and that in some cases a coordinated response will be appropriate, all as set out in the Cross-Border Claims Protocol;

(n)     Various specific claims are carved out of these categories, in most cases because they are Canadian-only claims;

(o)     Parts III and IV of the Cross-Border Claims Protocol contain provisions dealing specifically with Overlapping Claims and Same-Creditor Claims and provide for the following, in general terms:

      (i)     The general sharing of information with respect to claims (Section III). The provision of information by the Monitor is also part of the Claims Resolution Order (paragraph 11) and will also be part of the U.S. Order approving the Cross-Border Claims Protocol;

      (ii)     Monthly meetings and the sharing of information amongst the Applicants, the Monitor and the U.S. Debtors with respect to all Overlapping Claims and Same-Creditor Claims (Section III, paragraph 14);

      (iii)     That the Applicants and the U.S. Debtors can share such information with their respective stakeholders, subject to satisfactory confidentiality arrangements (Section III, paragraph 15);

      (iv)     Mandatory consultation (prior to responding to any claim) amongst the Applicants, the Monitor and the U.S. Debtors with respect to Overlapping Claims or Same-Creditor Claims that assert amounts over $500,000 in both jurisdictions, or that are unliquidated (Part IV, paragraphs 16(a) and 17(a));

      (v)     After consultation, and where the Overlapping Claim or Same-Creditor Claim is for less than $1 million in both jurisdictions, the debtors in each jurisdiction can use their own claims resolution procedures to respond to these claims (Part IV, paragraphs 16(b) and 17(b));

      (vi)     Where the Overlapping Claim or Same-Creditor Claim is equal to or greater than $1 million in either jurisdiction, or unliquidated, then the Applicants, the Monitor and the U.S. Debtors will attempt to agree on an

appropriate response to such claims (which may include utilizing the claims resolution procedures applicable in each jurisdiction), failing which (a) if the claim is an Overlapping Claim, then the Applicants, the Monitor and the U.S. Debtors shall seek direction from the Judges of both the Canadian Court and the U.S. Court, or (b) if the claim is a Same-Creditor Claim, then such claims can be resolved in each jurisdiction in accordance with applicable claims resolution orders and procedures (Part IV, paragraphs 16(c), 16(d), 17(c) and 17(d)); and

(vii) The resolution of an Overlapping Claim or a Same-Creditor Claim in one jurisdiction shall be without prejudice to the rights and defences of the Applicants, the Monitor or the U.S. Debtors in the other jurisdiction (Part VI, paragraph 24);

(p) Part VI of the Cross-Border Claims Protocol also contains various general provisions, including provisions dealing with rights to appear and be heard by the Canadian Court and the U.S. Court, and the preservation of rights;

(q) The Applicants and the Monitor believe that the provisions of the Cross-Border Claims Protocol will aid in the resolution of claims with a cross-border or with a potential cross-border element; and

(r) The provisions of the Cross-Border Claims Protocol have been agreed to by the Applicants and the U.S. Debtors and are appropriate in the circumstances.

**MISCELLANEOUS**

(s) The provisions of the CCAA; and

(t) Such further and other grounds as counsel may advise and this Honourable Court permit.

THE FOLLOWING DOCUMENTARY EVIDENCE will be used at the hearing of the motion:

(a) the affidavit of John Doolittle sworn September 10, 2010;

(b)     the Fifty-Third Report of the Monitor, to be filed separately; and

(c)     such further and other material as counsel may request and this Honourable Court may
         admit.

September 10, 2010              **OGILVY RENAULT LLP**
                                Suite 3800
                                Royal Bank Plaza, South Tower
                                200 Bay Street
                                Toronto, Ontario M5J 2Z4  CANADA

                                **Derrick Tay LSUC#: 21152A**
                                Tel:  (416) 216-4832
                                Email: dtay@ogilvyrenault.com

                                **Jennifer Stam LSUC #46735J**
                                Tel: (416) 216-2327
                                Email: jstam@ogilvyrenault.com

                                Fax: (416) 216-3930
                                Lawyers for the Applicants

TO:     Attached Service List

Court File No.  09-CL-7950

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. c-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL
NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL
CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED**

**SERVICE LIST**

TO:        **OGILVY RENAULT LLP**
           Royal Bank Plaza, South Tower
           200 Bay Street, Suite 3800
           Toronto, Ontario M5J 2Z4

           Derrick Tay
           Mario Forte
           Jennifer Stam

           Email:    dtay@ogilvyrenault.com
                     mforte@ogilvyrenault.com
                     jstam@ogilvyrenault.com

           Tel:      416.216.4000
           Fax:      416.216.3930

           Lawyers for the Applicants

TO:     **ERNST & YOUNG INC.**
        Ernst & Young Tower
        222 Bay Street, P.O. Box 251
        Toronto, ON  M5K 1J7

        Murray McDonald
        Brent Beekenkamp

        Email:  nortel.monitor@ca.ey.com

        Tel:    416.943.3016
        Fax:    416.943.3300

AND     **GOODMANS LLP**
TO:     Bay Adelaide Centre
        333 Bay Street, Suite 3400
        Toronto, ON  M5H 2S7

        Jay Carfagnini
        Joseph Pasquariello
        Gail Rubenstein
        Fred Myers
        Chris Armstrong

        Email:  jcarfagnini@goodmans.ca
                jpasquariello@goodmans.ca
                grubenstein@goodmans.ca
                fmyers@goodmans.ca
                carmstrong@goodmans.ca

        Tel:    416.597.4107
        Fax:    416.979.1234

        Lawyers for the Monitor, Ernst & Young Inc.

AND     **OSLER HOSKIN AND HARCOURT**
TO:     **LLP**
        100 King Street West
        1 First Canadian Place
        Suite 6100
        P.O. Box 50
        Toronto, ON  M5X 1B8

        Lyndon Barnes
        Rupert Chartrand
        Edward Sellers
        Adam Hirsh

        Email:  lbarnes@osler.com
                rchartrand@osler.com
                esellers@osler.com
                ahirsh@osler.com

        Tel:    416.362.2111
        Fax:    416.862.6666

        Lawyers for the Boards of Directors of
        Nortel Networks Corporation and Nortel
        Networks Limited

AND     **FASKEN MARTINEAU DUMOULIN LLP**
TO:     66 Wellington Street West
        Toronto Dominion Bank Tower
        P.O. Box 20, Suite 4200
        Toronto, ON  M5K 1N6

        Donald E. Milner
        Aubrey Kauffman
        Edmond Lamek
        Jon Levin

        Email:  dmilner@fasken.com
                akauffman@fasken.com
                elamek@fasken.com
                jlevin@fasken.com

        Tel:    416.868.3538
        Fax:    416.364.7813

        Lawyers for Export Development Canada

AND TO: **EXPORT DEVELOPMENT CANADA**
151 O'Connor Street
Ottawa, ON K1A 1K3

Jennifer Sullivan

Email:    jsullivan@edc.ca

Tel:     613.597.8651
Fax:     613.598.3113

AND TO: **THORNTON GROUT FINNIGAN LLP**
3200-100 Wellington Street West
Toronto-Dominion Centre, Canadian Pacific Tower
Toronto, ON M5K 1K7

Robert I. Thornton
Michael Barrack
Rachelle Moncur
Leanne M. Williams

Email:    rthornton@tgf.ca
          mbarrack@tgf.ca
          rmoncur@tgf.ca
          lwilliams@tgf.ca

Tel:     416.304.1616
Fax:     416.304.1313

Lawyers for Flextronics Telecom Systems Ltd.

AND TO: **McINNES COOPER**
Purdy's Wharf Tower II
1300 – 1969 Upper Water Street
Halifax, NS B3J 2V1

John Stringer, Q.C.
Stephen Kingston

Email:    john.stringer@mcinnescooper.com
          stephen.kingston@mcinnescooper.com

Tel:     902.425.6500
Fax:     902.425.6350

Lawyers for Convergys EMEA Limited

AND TO: **MILLER THOMSON LLP**
Scotia Plaza
40 King Street West, Suite 5800
P.O. Box 1011
Toronto, ON M5H 3S1

Jeffrey Carhart
Margaret Sims

Email:    jcarhart@millerthomson.com
          msims@millerthomson.com

Tel:     416.595.8615/8577
Fax:     416.595.8695

Lawyers for Toronto-Dominion Bank

AND TO: **CAW-CANADA**
Legal Department
205 Placer Court
Toronto, ON M2H 3H9

Barry E. Wadsworth
Lewis Gottheil

Email:    barry.wadsworth@caw.ca
          lewis.gottheil@caw.ca

Tel.:    416.495.3776
Fax:     416.495.3786

Lawyers for all active and retired Nortel employees represented by the CAW-Canada

AND TO: **BOUGHTON LAW CORPORATION**
Suite 700
595 Burrard Street
Vancouver, BC V7X 1S8

R. Hoops Harrison

Email:    hharrison@boughton.ca

Tel:     604.687.6789
Fax:     604.683.5317

Lawyers for Tonko Realty Advisors (BC) Ltd., in its capacity as duly authorized agent for Holdings 1506 Enterprises Ltd.

| | |
|---|---|
| AND<br>TO: | **BORDEN LADNER GERVAIS LLP**<br>Scotia Plaza, 40 King Street West<br>Toronto, ON M5H 3Y4 |

Michael J. MacNaughton
Roger Jaipargas
Sam P. Rappos

Email: mmacnaughton@blgcanada.com
Tel: 416. 367.6646
Fax: 416. 682.2837

Email: rjaipargas@blgcanada.com
Tel: 416.367.6266
Fax: 416.361.7067

Email: srappos@blgcanada.com
Tel: 416.367.6033
Fax: 416.361.7306

Lawyers for Bell Canada

AND
TO: **SISKINDS LLP**
680 Waterloo Street
London, ON N6A 3V8

Raymond F. Leach
A. Dimitri Lascaris
Monique L. Radlein

Email: ray.leach@siskinds.com
dimitri.lascaris@siskinds.com
monique.radlein@siskinds.com

Tel: 519.672.2121
Fax: 519.672.6065

Lawyers for Indiana Electrical Workers Pension
Trust Fund IBEW, Laborers Local 100 and 397
Pension Fund, and Bruce William Lapare

AND
TO: **LANG MICHNER LLP**
Brookfield Place, Suite 2500
181 Bay Street
Toronto, ON M5J 2T7

John Contini
Aaron Rousseau

Email jcontini@langmichener.ca
Tel: 416.307.4148
Fax: 416.304.3767

Email arousseau@langmichener.ca
Tel: 416.307.4081
Fax: 416.365.1719

Lawyers for ABN AMRO Bank N.V.

AND
TO: **BENNETT JONES LLP**
1 First Canadian Place
Suite 3400
Toronto, ON M5X 1A4

Kevin Zych
S. Richard Orzy
Gavin Finlayson

Email: zychk@bennettjones.com
Tel: 416.777.5738
Fax: 416.863.1716

Email: orzyr@bennettjones.com
Tel: 416.777.5737
Fax: 416.863.1716

Email: finlaysong@bennettjones.com
Tel: 416.777.5762
Fax: 416.863.1716

Canadian Lawyers for The Informal Nortel
Noteholder Group

| AND TO: | **KOSKIE MINSKY** | AND TO: | **KOSKIE MINSKY** |
|---------|-------------------|---------|-------------------|

AND
TO:     **KOSKIE MINSKY**
        20 Queen Street West
        Suite 900
        Toronto, ON M5H 3R3

        Mark Zigler
        Susan Philpott
        Demetrios Yiokaris
        Andrea McKinnon
        Kirk Baert
        Celeste Poltak

        Email:  mzigler@kmlaw.ca
        Tel:    416.595.2090
        Fax:    416.204.2877

        Email:  sphilpott@kmlaw.ca
        Tel:    416.595.2104
        Fax:    416.204.2882

        Email:  dyiokaris@kmlaw.ca
        Tel:    416.595.2130
        Fax:    416.204.2810

        Email:  amckinnon@kmlaw.ca
        Tel:    416.595.2150
        Fax:    416.204.2874

        Email:  kbaert@kmlaw.ca
        Tel:    416.595.2117
        Fax:    416.204.2889

        Email:  cpoltak@kmlaw.ca
        Tel:    416.595.2701
        Fax:    416.204.2909

        Lawyers for the Former Employees of Nortel

AND
TO:     **KOSKIE MINSKY**
        20 Queen Street West
        Suite 900
        Toronto, ON M5H 3R3

        Mark Zigler
        Susan Philpott
        Demetrios Yiokaris
        Andrea McKinnon
        Kirk Baert
        Celeste Poltak

        Email:  mzigler@kmlaw.ca
        Tel:    416.595.2090
        Fax:    416.204.2877

        Email:  sphilpott@kmlaw.ca
        Tel:    416.595.2104
        Fax:    416.204.2882

        Email:  dyiokaris@kmlaw.ca
        Tel:    416.595.2130
        Fax:    416.204.2810

        Email:  amckinnon@kmlaw.ca
        Tel:    416.595.2150
        Fax:    416.204.2874

        Email:  kbaert@kmlaw.ca
        Tel:    416.595.2117
        Fax:    416.204.2889

        Email:  cpoltak@kmlaw.ca
        Tel:    416.595.2701
        Fax:    416.204.2909

        Lawyers for the LTD Beneficiaries

AND
TO:
**MILLER THOMSON LLP**
Scotia Plaza
40 King Street West, Suite 5800
P.O. Box 1011
Toronto, ON  M5H 3S1

Jeffrey Carhart
Margaret Sims
James Klotz

Email:    jcarhart@millerthomson.com
Tel:       416.595.8615
Fax:      416.595.8695

Email:    msims@millerthomson.com
Tel:       416.595.8577
Fax:      416.595.8695

Email:    jmklotz@millerthomson.com
Tel:       416.595.4373
Fax:      416.595.8695

Lawyers for LG Electronics Inc.

AND
TO:
**LG ELECTRONICS INC.**
11/F, LG Twin Towers (West)
20 Yeouido-dong, Yeongduengpo-gu
Seoul 150-721, Korea

Joseph Kim

Email:    joseph.kim@lge.com

Tel:       +82.2.3777.3171
Fax:      +82.2.3777.5345

AND
TO:
**MILLER THOMSON LLP**
Scotia Plaza
40 King Street West, Suite 5800
P.O. Box 1011
Toronto, ON  M5H 3S1

Jeffrey Carhart
Margaret Sims

Email:    jcarhart@millerthomson.com
Tel:       416.595.8615
Fax:      416.595.8695

Email    msims@millerthomson.com
Tel:       416.595.8577
Fax:      416.595.8695

Canadian Lawyers for Telmar Network
Technology, Inc. and Precision Communication
Services, Inc.

AND
TO:
**CHAITONS LLP**
185 Sheppard Avenue West
Toronto, ON  M2N 1M9

Harvey G. Chaiton

Email:    harvey@chaitons.com

Tel:       416.218.1129
Fax:      416.218.1849

Lawyers for IBM Canada Limited

AND
TO:

**PALIARE ROLAND ROSENBERG
ROTHSTEIN LLP**
Suite 501
250 University Avenue
Toronto, ON  M5H 3E5

Kenneth T. Rosenberg
Massimo (Max) Starnino
Lily Harmer
Tina Lie

Email:   ken.rosenberg@paliareroland.com
Tel:      416.646.4304
Fax:     416.646.4301

Email:   max.starnino@paliareroland.com
Tel:      416.646.7431
Fax:     416.646.4301

Email:   lily.harmer@paliareroland.com
Tel:      416.646.4326
Fax:     416.646.4301

Email:   tina.lie@paliareroland.com
Tel:      416.646.4332
Fax:     416.646.4301

Lawyers for the Superintendent of Financial
Services as Administrator of the Pension
Benefits Guarantee Fund

AND
TO:

**FRASER MILNER CASGRAIN LLP**
1 First Canadian Place
100 King Street West
Toronto, ON  M5X 1B2

R. Shayne Kukulowicz
Alex MacFarlane
Michael J. Wunder
Ryan Jacobs

Email:   Shayne.kukulowicz@fmc-law.com
            Alex.macfarlane@fmc-law.com
            Michael.wunder@fmc-law.com
            ryan.jacobs@fmc-law.com

Tel:      416.863.4511
Fax:     416.863.4592

Canadian Lawyers for the Official Committee of
Unsecured Creditors

AND
TO:

**GOWLING LAFLEUR HENDERSON LLP**
Suite 1600, First Canadian Place
100 King Street West
Toronto, ON  M5X 1G5

E. Patrick Shea

Email:   patrick.shea@gowlings.com

Tel:      416.369.7399
Fax:     416.862.7661

Lawyers for Westcon Group

AND
TO:

**MINDEN GROSS LLP**
145 King Street West, Suite 2200
Toronto, ON  M5H 4G2

Raymond M. Slattery
David T. Ullmann

Email:   rslattery@mindengross.com
            dullmann@mindengross.com
Tel:      416.369.4149
Fax:     416.864.9223

Lawyers for Verizon Communications Inc.

AND TO:

**AIRD & BERLIS**
Brookfield Place
181 Bay Street, Suite 1800
Toronto, ON  M5J 2T9

Harry Fogul
Peter K. Czegledy

Email:   hfogul@airdberlis.com
Tel:     416.865.7773
Fax:     416.863.1515

Email:   pczegledy@airdberlis.com
Tel:     416.865.7749
Fax:     416.863.1515

Lawyers for Microsoft Corporation

AND TO:

**AIRD & BERLIS LLP**
Barristers & Solicitors
Brookfield Place, P.O. Box 754
181 Bay Street, Suite 1800
Toronto, ON  M5J 2T9

D. Robb English
Sanjeev P. R. Mitra

Email:   renglish@airdberlis.com
         smitra@airdberlis.com

Tel:     416.863.1500
Fax:     416.863.1515

Lawyers for Tata Consultancy Services Limited
and Tata America International Corporation

AND TO:

**ALEXANDER HOLBURN BEAUDIN & LANG LLP**
Barristers and Solicitors
700 West Georgia Street
Suite 2700
Vancouver, British Columbia  V7Y 1B8

Sharon M. Urquhart

Email:   surquhart@ahbl.ca
Tel:     604.484.1757
Fax:     604.484.1957

Lawyers for Algo Communication Products Ltd.

AND TO:

**GARDINER ROBERTS LLP**
Suite 3100, Scotia Plaza
40 King Street West
Toronto, ON  M5H 3Y2

Jonathan Wigley
Vern W. DaRe

Email:   jwigley@gardiner-roberts.com
Tel:     416.865.6655
Fax:     416.865.6636

Email:   vdare@foglers.com
Tel:     416.865.6641
Fax:     416.865.6636

Lawyers for Andrew, LLC

AND TO:

**AIRD & BERLIS LLP**
Barristers & Solicitors
Brookfield Place, P.O. Box 754
181 Bay Street, Suite 1800
Toronto, ON  M5J 2T9

Steven L. Graff
Ian E. Aversa

Email:   sgraff@airdberlis.com
Tel:     416.865.7726
Fax:     416.863.1515

Email:   iaversa@airdberlis.com
Tel:     416.865.3082
Fax:     416.863.1515

Canadian Lawyers for Tellabs, Inc.

AND TO:

**MILLER THOMSON LLP**
Scotia Plaza
40 King Street, West, Suite 5800
P.O. Box 1011
Toronto, ON  M5H 3S1

Maurice Fleming

Email:   mfleming@millerthomson.com
Tel:     416.595.8686
Fax:     416.595.8695

Lawyers for Verint Americas Inc. and Verint
Systems, Inc.

AND
TO:

**DAVIS LLP**
1 First Canadian Place
Suite 5600
100 King Street West
Toronto, ON M5X 1E2

Bruce Darlington
Jonathan Davis-Sydor

Email: bdarlington@davis.ca
Tel: 416.365.3529
Fax: 416.369.5210

Email: jdavissydor@davis.ca
Tel: 416.941.5397
Fax: 416.365.7886

Lawyers for Brookfield LePage Johnson
Controls Facility Management Services

AND
TO:

**AIRD & BERLIS LLP**
Barristers & Solicitors
Brookfield Place, P.O. Box 754
181 Bay Street, Suite 1800
Toronto, ON M5J 2T9

Steven L. Graff
Ian E. Aversa

Email: sgraff@airdberlis.com
Tel: 416.865.7726
Fax: 416.863.1515

Email: iaversa@airdberlis.com
Tel: 416.865.3082
Fax: 416.863.1515

Lawyers for Perot Systems Corporation

AND
TO:

**CASSELS BROCK & BLACKWELL LLP**
40 King Street West,
Suite 2100
Toronto, Ontario M5H 3C2

Deborah S. Grieve

Email: dgrieve@casselsbrock.com
Tel: 416.860.5219
Fax: 416.350.6923

Lawyers for Alvarion Ltd.

AND
TO:

**McMILLAN LLP**
Brookfield Place, Suite 4400
181 Bay Street
Toronto, Ontario M5J 2T3

Andrew F. Kent
Tushara Weerasooriya
Hilary E. Clarke

Email: andrew.kent@mcmillan.ca
Tel: 416.865.7160
Fax: 416.865.7048

Email: hilary.clarke@mcmillan.ca
Tel: 416.865.7286
Fax: 416.865.7048

Email: tushara.weerasooriya@mcmillan.ca
Tel: 416.865.7262
Fax: 416.865.7048

Lawyers for Royal Bank of Canada

AND
TO:

**McMILLAN LLP**
Brookfield Place, Suite 4400
181 Bay Street
Toronto, Ontario M5J 2T3

Lawrence J. Crozier
Adam C. Maerov

Email: lawrence.crozier@mcmillan.ca
Tel: 416.865.7178
Fax: 416.865.7048

Email: adam.maerov@mcmillan.ca
Tel: 416.865.7285
Fax: 416.865.7048

Lawyers for Citibank

AND
TO:

**BLANEY McMURTRY LLP**
Barristers and Solicitors
1500 – 2 Queen Street East
Toronto, Ontario M5C 3G5

Domenico Magisano

Email: dmagisano@blaney.com
Tel: 416.593.2996
Fax: 416.593.5437

Lawyers for Expertech Network Installation Inc.

AND
TO:

**GARDINER ROBERTS LLP**

Suite 3100, Scotia Plaza
40 King Street West
Toronto, ON  M5H 3Y2

Jonathan Wigley
Vern W. DaRe

Email:   jwigley@gardiner-roberts.com
Tel:      416.865.6655
Fax:      416.865.6636

Email:   vdare@foglers.com
Tel:      416.865.6641
Fax:      416.865.6636

Lawyers for Amphenol Corporation

AND
TO:

**AIRD & BERLIS LLP**

Barristers & Solicitors
Brookfield Place, P.O. Box 754
181 Bay Street, Suite 1800
Toronto, Ontario  M5J 2T9

Sanjeev P.R. Mitra
Sandra A. Vitorovich

Email:   smitra@airdberlis.com
           svitorovich@airdberlis.com

Tel:      416.863.1500
Fax:      416.863.1515

Lawyers for Enbridge Gas Distribution Inc.

AND
TO:

**LANG MICHENER LLP**

Brookfield Place
Suite 2500, 181 Bay Street
P.O. Box 747
Toronto, Ontario  M5J 2T7

Aaron Rousseau

Email:   arousseau@langmichener.ca
Tel:      416.307.4081
Fax:      416.365.1719

Lawyer for Right Management Inc.

AND
TO:

**NELLIGAN O'BRIEN PAYNE LLP**

Barristers and Solicitors
50 O'Connor Street
Suite 1500
Ottawa, Ontario  K1P 6L2

Janice B. Payne
Ainslie Benedict
Steven Levitt
Christopher Rootham

Email:   janice.payne@nelligan.ca
           ainslie.benedict@nelligan.ca
           steven.levitt@nelligan.ca
           christopher.rootham@nelligan.ca

Tel:      613.231.8245
Fax:      613.788.3655

Lawyers for the Steering Committee of Recently
Severed Canadian Nortel Employees

AND
TO:

**CASSELS BROCK & BLACKWELL LLP**
2100 Scotia Plaza
40 King Street West
Toronto, Ontario M5H 3C2

E. Bruce Leonard
Harvey Garman
Michael Casey

Email:   bleonard@casselsbrock.com
         hgarman@casselsbrock.com
         mcasey@casselsbrock.com

Tel:     416.860.6455
Fax:     416.640.3054

Lawyers for the UK Pension Protection Fund
and Nortel Networks UK Pension Trust Limited

AND
TO:

**CALEYWRAY**
Labour/Employment Lawyers
1600-65 Queen Street West
Toronto, Ontario M5H 2M5

Gail E. Misra

Email:   misrag@caleywray.com

Tel:     416.775.4680
Fax:     416.366.3293

Lawyers for the Communication, Energy and
Paperworkers Union of Canada

AND
TO:

**MCFARLANE LEPSOE**
Barristers & Solicitors
70 Gloucester Street, Third Floor
Ottawa, Ontario K2P 0A2

Paul K. Lepsoe

Email:   pklepsoe@mcfarlanelaw.com

Tel:     613.233.2679
Fax:     613.233.3774

Lawyers for Iron Mountain Canada Corporation
and Iron Mountain Information Management,
Inc.

AND
TO:

**COLBY, MONET DEMERS, DELAGE &
CREVIER LLP**
Tour McGill College
1501 McGill College Avenue
Suite 2900
Montreal, Quebec H3A 3M8

David J. Dropsy

Email:   ddropsy@colby-monet.com
Tel:     514.284.3663
Fax:     514.284.1961

Lawyers for GFI INC., a division of Thomas &
Betts Manufacturing Inc.

AND
TO:

**McCARTHY TETRAULT LLP**
Suite 5300, Toronto Dominion Bank Tower
Toronto, Ontario M5K 1E6

Thomas G. Heintzman
Junior Sirivar

Email:   theintzm@mccarthy.ca
Tel:       416.601.7627
Fax:      416.868.0673

Email:   jsirivar@mccarthy.ca
Tel:       416.601.7750
Fax:      416.868.0673

Lawyers for Frank Andrew Dunn

AND
TO:

**NELLIGAN O'BRIEN PAYNE LLP**
Barristers and Solicitors
50 O'Connor Street
Suite 1500
Ottawa, Ontario K1P 6L2

Janice B. Payne
Steven Levitt
Christopher Rootham

Email:   janice.payne@nelligan.ca
             steven.levitt@nelligan.ca
             christopher.rootham@nelligan.ca

Tel:       613.231.8245
Fax:      613.788.3655

Lawyers for the Steering Committee of Nortel
Canadian Continuing Employees – Post CCAA as
at January 14, 2009

AND
TO:

**BAKER & McKENZIE LLP**
Brookfield Place, P.O. Box 874
181 Bay Street, Suite 2100
Toronto, Ontario M5J 2T3

Chris Besant
Lydia Salvi

Email:   chris.besant@bakernet.com

Tel:       416.865.2318
Fax:      416.863.6275

Email:   lydia.salvi@bakernet.com

Tel:       416.865.6944
Fax:      416.863.6275

Lawyers for Jabil Circuit Inc.

AND
TO:

**BENNETT JONES LLP**
1 First Canadian Place
Suite 3400
Toronto, Ontario M5X 1A4

Robyn M. Ryan Bell
Mark Laugesen

Email:   ryanbellr@bennettjones.com
             laugesenm@bennettjones.com

Tel:       416.863.1200
Fax:      416.863.1716

Lawyers for Tel-e Connect Systems Ltd. and
Tel-e Connect Systems (Toronto) Ltd.

AND
TO:

**SCHNEIDER & GAGGINO**
375 Lakeshore Drive
Dorval, Quebec H9S 2A5

Dan Goldstein
Marco Gaggino

Email: dgoldstein@schneidergaggino.com
mgaggino@schneidergaggino.com

Tel: 514.631.8787
Fax: 514.631.0220

Lawyers for the Teamsters Quebec Local 1999

AND
TO:

**EURODATA**
2574 Sheffield Road
Ottawa, Ontario K1B 3V7

Nanci Shore

Email: nanci@eurodata.ca
Tel: 613.745.0921
Fax: 613.745.1172

AND
TO:

**AETL TESTING, INC.**
130 Chaparral Court, Suite 250
Anaheim, California 92808

Raffy Lorentzian

Email: raffy.lorentzian@ntscorp.com
Tel: 714.998.4351
Fax: 714.998.7142

Lawyers for AETL Testing, Inc.

AND
TO:

**MINDEN GROSS LLP**
145 King Street West, Suite 2200
Toronto, Ontario M5H 4G2

Timothy R. Dunn

Email: tdunn@mindengross.com
Tel: 416.369.4335
Fax: 416.864.9223

Lawyers for 2748355 Canada Inc.

AND
TO:

**BALDWIN LAW PROFESSIONAL
CORPORATION**
54 Victoria Avenue
Belleville, Ontario K8N 5J2

Ian W. Brady

Email: lbrady@baldwinlaw.ca
Tel: 613.771.9991
Fax: 613.771.9998

Lawyers for Sydney Street Properties Corp.

AND
TO:

**AIRD & BERLIS LLP**
Barristers & Solicitors
Brookfield Place, P.O. Box 754
181 Bay Street, Suite 1800
Toronto, ON M5J 2T9

Steven L. Graff
Ian E. Aversa

Email: sgraff@airdberlis.com
Tel: 416.865.7726
Fax: 416.863.1515

Email: iaversa@airdberlis.com
Tel: 416.865.3082
Fax: 416.863.1515

Lawyers for Huawei Technologies Co. Ltd.

AND
TO:
**SHIBLEY RIGHTON LLP**
Barristers and Solicitors
250 University Avenue, Suite 700
Toronto, Ontario M5H 3E5

Arthur O. Jacques
Thomas McRae

Email: arthur.jacques@shibleyrighton.com
Tel:    416.214.5213
Fax:   416.214.5413

Email : thomas.mcrae@shibleyrighton.com
Tel :   416.214.5206
Fax :  416.214.5400

Lawyers for The Recently Severed Canadian
Nortel Employees Committee

AND
TO:
**LAVERY, DE BILLY, LLP**
Barristers & Solicitors
Suite 2400, 600 de la Gauchetière West
Montreal, Quebec H3B 4L8

Jean-Yves Simard

Email :  jysimard@lavery.ca
Tel :    514.871.1522
Fax :   514.871.8977

Lawyers for Texas Landlords to Nortel Networks
Inc.

AND
TO:
**GOWLING LAFLEUR HENDERSON LLP**
Suite 1600, First Canadian Place
100 King Street West
Toronto, ON  M5X 1G5

David F.W. Cohen

Email:   david.cohen@gowlings.com

Tel:    416.369.6667
Fax:    416.862.7661

Lawyers for General Electric Canada Equipment
Finance G.P. and GE Capital Canada Leasing
Services Inc.

AND
TO:
**SHIBLEY RIGHTON LLP**
Barristers and Solicitors
250 University Avenue, Suite 700
Toronto, Ontario M5H 3E5

Arthur O. Jacques
Thomas McRae

Email: arthur.jacques@shibleyrighton.com
Tel:    416.214.5213
Fax:   416.214.5413

Email : thomas.mcrae@shibleyrighton.com
Tel :   416.214.5206
Fax :  416.214.5400

Co-Counsel for the Steering Committee of Nortel
Canadian Continuing Employees – Post CCAA as
at January 14, 2009

AND
TO:
**NATIONAL TECHNICAL SYSTEMS**
130 Chaparral Ct., Suite 250
Anaheim, California, U.S.A.
92808

Raffy Lorentzian

Email:   raffy.lorentzian@ntscorp.com
Tel:    714.998.4351

AND
TO:
**DAVIS LLP**
1 First Canadian Place
Suite 5600
100 King Street West
Toronto, ON  M5X 1E2

Bruce Darlington
Jonathan Davis-Sydor

Email:   bdarlington@davis.ca
Tel:    416.365.3529
Fax:    416.369.5210

Email:   jdavissydor@davis.ca
Tel:    416.941.5397
Fax:    416.365.7886

Lawyers for Computershare Trust Company of
Canada

AND TO: **DAVIES WARD PHILLIPS & VINEBERG LLP**
44th Floor
1 First Canadian Place
Toronto, ON M5X 1B1

Robin B. Schwill
Matthew P. Gottlieb

Email:   rschwill@dwpv.com
Tel:     416.863.0900
Fax:     416.863.0871

Email:   mgottlieb@dwpv.com
Tel:     416.863.0900
Fax:     416.863.0871

Lawyers for Nortel Networks UK Limited (In Administration)

AND TO: **BAKER & McKENZIE LLP**
Brookfield Place, P.O. Box 874
181 Bay Street, Suite 2100
Toronto, Ontario M5J 2T3

Lydia Salvi

Email:   lydia.salvi@bakernet.com

Tel:     416.865.6944
Fax:     416.863.6275

Lawyers for Wipro Limited

AND TO: **LAX O'SULLIVAN SCOTT LLP**
Counsel
Suite 1920, 145 King Street West
Toronto, Ontario M5H 1J8

Terrence O'Sullivan
Shaun F. Laubman

E-mail:  tosullivan@counsel-toronto.com
Tel:     416.598.1744
Fax:     416.598.3730

Email:   slaubman@counsel-toronto.com
Tel:     416.598.1744
Fax:     416.598.3730

Lawyers for William A. Owens

AND TO: **AIRD & BERLIS LLP**
Barristers & Solicitors
Brookfield Place, P.O. Box 754
181 Bay Street, Suite 1800
Toronto, ON M5J 2T9

Steven L. Graff
Ian E. Aversa

Email:   sgraff@airdberlis.com
Tel:     416.865.7726
Fax:     416.863.1515

Email:   iaversa@airdberlis.com
Tel:     416.865.3082
Fax:     416.863.1515

Lawyers for the Current and Former Employees of Nortel Networks Inc. who are or were Participants in the Long-Term Investment Plan Sponsored by Nortel Networks Inc.

AND TO: **McCARTHY TETRAULT LLP**
Suite 5300, TD Bank Tower
Toronto Dominion Centre
Toronto, Ontario M5K 1E6

Heather Meredith

Email:   hmeredith@mccarthy.ca
Tel:     416.601.8342
Fax:     416.868.0673

Lawyers for Hitachi Communications Technologies, Ltd.

AND TO: **TORYS LLP**
79 Wellington Street West, Suite 3000
Box 270, TD Centre
Toronto, Ontario M5K 1N2

Scott Bomhof

Email:   sbomhof@torys.com
Tel:     416.865.7370
Fax:     416.865.7380

Lawyers for Nokia Siemens Networks B.V.

AND TO: **DEPARTMENT OF JUSTICE**
Ontario Regional Office
The Exchange Tower, Box 36
130 King Street W., Suite 3400
Toronto, Ontario  M5X 1K6

Diane Winters

Email: dwinters@justice.gc.ca
Tel:    416.973.3172
Fax:   416.973.0810

AND TO: **BLAKE, CASSELS & GRAYDON LLP**
199 Bay Street, Suite 2800
Commerce Court West
Toronto, Ontario  M5L 1A9

Susan M. Grundy
Marc Flynn

Email: susan.grundy@blakes.com
Tel:    416.863.2572
Fax:   416.863.2653

Email: marc.flynn@blakes.com
Tel:    416.863.2685
Fax:   416.863.2653

Lawyers for Telefonaktiebolaget L M Ericsson
(publ)

AND TO: **LANG MICHENER LLP**
Brookfield Place
181 Bay Street, Suite 2500
Toronto, Ontario, M5J 2T7

Sheryl E. Seigel

Email: sseigel@langmichener.ca
Tel:    416.307.4063
Fax:   416.365.1719

Lawyers for The Bank of New York Mellon

AND TO: **BLAKE, CASSELS & GRAYDON LLP**
199 Bay Street, Suite 2800
Commerce Court West
Toronto, Ontario  M5L 1A9

Pamela Huff
Milly Chow
Hugh DesBrisay
Craig Thorburn

Email: pamela.huff@blakes.com
Tel:    416.863.2958
Fax:   416.863.2653

Email: milly.chow@blakes.com
Tel:    416.863.2594
Fax:   416.863.2653

Email: hugh.desbrisay@blakes.com
Tel:    416.863.2426
Fax:   416.863.2653

Email: craig.thorburn@blakes.com
Tel:    416.863.2965
Fax:   416.863.2653

Lawyers for MatlinPatterson Global Advisers
LLC, MatlinPatterson Global Opportunities
Partners III L.P. and MatlinPatterson
Opportunities Partners (Cayman) III L.P.

AND
TO:

**McCARTHY TETRAULT LLP**
Suite 5300, Toronto Dominion Bank Tower
Toronto, Ontario M5K 1E6

Kevin P. McElcheran
Ryan Stabile

Email:   kmcelcheran@mccarthy.ca
Tel:      416.601.7730
Fax:     416.868.0673

Email:   rstabile@mccarthy.ca
Tel:      416.601.8335
Fax:     416.868.0673

Lawyers for Avaya Inc.

AND
TO:

**FOGLER, RUBINOFF LLP**
Barristers and Solicitors
Suite 1200
Toronto-Dominion Centre
95 Wellington Street West
Toronto, Ontario M5J 2Z9

Jeffrey K. Spiegelman

Email:   jspiegelman@foglers.com
Tel:      416.864.9700
Fax:     416.941.8852

Lawyers for Belden (Canada) Inc.

AND
TO:

**STIKEMAN ELLIOTT LLP**
445 Park Avenue, 7th Floor
New York, NY 10022

Gordon Cameron
Ron Ferguson

Email:   gncameron@stikeman.com
Tel:      212.845.7464
Fax:     212.371.7087

Email:   rferguson@stikeman.com
Tel:      212.845.7477
Fax:     212.371.7087

Lawyers for GENBAND Inc.

AND
TO:

**SACK GOLDBLATT MITCHELL LLP**
20 Dundas Street West
Suite 1100
Toronto, Ontario M5G 2G8

James McDonald
Darrell Brown

Email:   jmcdonald@sgmlaw.com
Tel:      416.979.6425
Fax:     416.591.7333

Email:   dbrown@sgmlaw.com
Tel:      416.979.4050
Fax:     416.591.7333

Lawyers for Edmund Fitzgerald

AND
TO:

**STIKEMAN ELLIOTT LLP**
5300 Commerce Court West
199 Bay Street
Toronto, ON M5L 1B9

Ashley John Taylor

Email:   ataylor@stikeman.com
Tel:      416.869.5236
Fax:     416.947.0866

Lawyers for Ciena Corporation

AND
TO:

**STIKEMAN ELLIOTT LLP**
5300 Commerce Court West
199 Bay Street
Toronto, ON M5L 1B9

Sean F. Dunphy

Email:   sdunphy@stikeman.com
Tel:      416.869.5662
Fax:     416.947.0866

Lawyers for GENBAND Inc.

AND TO: **BORDEN LADNER GERVAIS LLP**
Barristers and Solicitors
Scotia Plaza, Suite 4400
40 King Street West
Toronto, ON  M4H 3Y4

John D. Marshall
Craig J. Hill

Email: jmarshall@blgcanada.com
Tel: 416.367.6024
Fax: 416.361.2763

Email: chill@blgcanada.com
Tel: 416.367.6156
Fax: 416.631.7301

Lawyers for the U.K. Pensions Regulator

AND TO: **VINCENT DAGENAIS GIBSON LLP/s.r.l**
Barristers and Solicitors
600-325 Dalhousie Street
Ottawa, ON  K1N 7G2

Thomas Wallis

E-mail: thomas.wallis@vdg.ca
Tel: 613.241.2701
Fax: 613.241.2599

Lawyers for La Regie des Rentes du Quebec

AND TO: **BLAKE, CASSELS & GRAYDON**
Box 25, Commerce Court West
199 Bay Street, Suite 2800
Toronto, Ontario M5L 1A9

Pamela J. Huff
J. Jeremy Forgie

Email: pamela.huff@blakes.com
Tel: 416.863.2958
Fax: 416.863.2653

Email: jeremy.forgie@blakes.com
Tel: 416.863.3888
Fax: 416.863.2653

Lawyers for The Northern Trust Company, Canada

AND TO: **ROCHON GENOVA LLP**
121 Richmond Street West
Suite 900
Toronto, ON  M5H 2K1

Joel P. Rochon

Email: jrochon@rochongenova.com
Tel: 416.363.1867
Fax: 416.363.0263

Lawyers for the Opposing LTD Employees

AND TO: **MACLEOD DIXON LLP**
3700 Canterra Tower
400 Third Avenue SW
Calgary, Alberta
T2P 4H2

Kyle D. Kashuba

Email: kyle.kashuba@macleoddixon.com
Tel: 403.267.8399
Fax: 403.264.5973

Constellation NewEnergy Canada Inc.

AND TO: **CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
One Liberty Plaza
New York, NY 10006

James Bromley
Lisa Schweitzer

Email: lschweitzer@cgsh.com
        jbromley@cgsh.com
Tel: 212.225.2000
Fax: 212.225.3999

Lawyers for Nortel Networks Inc.

AND
TO:

**SACK GOLDBLATT MITCHELL**
500 – 30 rue Metcalfe St.
Ottawa, ON K1P 5L4

Peter Engelmann
Fiona Campbell

Email:  pengelmann@sgmlaw.com
Tel:     613-482-2452
Fax:    613-235-3041

Email:  fcampbell@sgmlaw.com
Tel:     613-482-2451
Fax:    613-235-3041

Lawyers for the LTD Beneficiaries in Respect of
the Distribution of the Corpus of the Health and
Welfare Trust

**LERNERS LLP**
130 Adelaide St. West
Suite 2400
Toronto, ON M5H 3P5

William E. Pepall

Email:  wpepall@lerners.ca
Tel:     416.601.2352
Fax:    416.867.2415

Lawyers for the Former Employees in Respect of
the Distribution of the Corpus of the Health and
Welfare Trust

## COURTESY COPIES:

AND TO: **LEWIS AND ROCA**
40 North Central Avenue
Phoenix, Arizona
USA 85004-4429

Scott K. Brown

Email:  sbrown@lrlaw.com

Tel:    602.262.5321
Fax:    602.734.3866

Lawyers for The Prudential Insurance
Company of America

AND TO: **CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061

Steven J. Reisman
James V. Drew

E-mail:  sreisman@curtis.com
         jdrew@curtis.com

Tel:    212.696.6000
Fax:    212-697-1559

Lawyers for Flextronics International

AND TO: **AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY 10036

Fred S. Hodara

Email:  fhodara@akingump.com

Tel:    212.872.1000
Fax:    212.872.1002

U.S. Lawyers for the Official Committee of
Unsecured Creditors

AND TO: **MILBANK, TWEED, HADLEY McCLOY LLP**
1 Chase Manhattan Plaza
New York, NY 10005

Dennis F. Dunne
Andrew M. Leblanc
Albert A. Pisa

Email:  DDunne@milbank.com
Tel:    212.530.5770
Fax:    212.530.5219

Email:  ALeblanc@milbank.com
Tel:    212.835.7574
Fax:    212.530.5219

Email:  APisa@milbank.com
Tel:    212.530.5319
Fax:    212.530.5219

U.S. Lawyers for The Informal Nortel
Noteholder Group

AND
TO:

**VEDDER PRICE P.C.**
1633 Broadway, 47th Floor
New York, New York 10019

Michael L. Schein

Email:  mschein@vedderprice.com

Tel:    212.407.6920
Fax:    212.407.7799

U.S. Lawyers for Telmar Network Technology,
Inc. and Precision Communication Services, Inc.

AND
TO:

**MACLEOD DIXON LLP**
3700 Canterra Tower
400, 3rd Avenue N.W.
Calgary, Alberta T2P 4H2

Andrew Robertson
Caylee M. Rieger

Email :  andrew.robertson@macleoddixon.com
         caylee.rieger@macleoddixon.com

Tel :    403.267.8222
Fax :    403.264.5973

Agent for Nelligan O'Brien Payne LLP, lawyers
for the Steering Committee of Recently Severed
Canadian Nortel Employees and lawyers for the
Steering Committee of Nortel Canadian
Continuing Employees – Post CCAA as at
January 14, 2009

AND
TO:

**BRYAN CAVE LLP**
161 North Clark Street, Suite 4300
Chicago, Illinois 60601

Eric S. Prezant

Email:  eric.prezant@bryancave.com
Tel:    312.602.5033
Fax:    312.602.5050

U.S. Lawyers for Tellabs, Inc.

Court File No: 09-CL-7950

IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

| |
|---|
| *ONTARIO*<br>**SUPERIOR COURT OF JUSTICE**<br>**COMMERCIAL LIST**<br><br>Proceeding commenced at Toronto |
| **NOTICE OF MOTION**<br>**(for Order Approving Cross-Border**<br>**Claims Protocol)**<br>**(returnable September 16, 2010)** |
| **OGILVY RENAULT LLP**<br>Suite 3800<br>Royal Bank Plaza, South Tower<br>200 Bay Street<br>Toronto, Ontario M5J 2Z4<br><br>**Derrick Tay LSUC#: 21152A**<br>Tel: (416) 216-4832<br>Email: dtay@ogilvyrenault.com<br><br>**Jennifer Stam LSUC#: 46735J**<br>Tel: (416) 216-2327<br>Email: jstam@ogilvyrenault.com<br><br>Fax: (416) 216-3930<br><br>Lawyers for the Applicants |

**Tab 2**

29

Court File No: 09-CL-7950

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL
NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL
CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED

**AFFIDAVIT OF JOHN DOOLITTLE**
**(sworn September 10, 2010)**

I, John Doolittle, of the city of Oakville in the Province of Ontario, MAKE OATH AND

SAY:

1.    I am the Senior Vice-President, Corporate Services and Chief Financial Officer of Nortel

Networks Corporation ("NNC") and Nortel Networks Limited.   I have held those

positions since March 22, 2010.  From August 10, 2009 to March 21, 2010, I was the

Senior Vice-President, Finance and Corporate Services.    From June 23, 2008 to

August 10, 2009, I was the Treasurer.  From October 14, 2002 to June 12, 2006, I was the

Vice-President, Tax and from March 13, 2000 to October 14, 2002, I was the Assistant

Treasurer.  I have been the President of Nortel Networks Global Corporation and Nortel

Networks International Corporation since October 10, 2009 and I have been a Director of

Nortel Networks Technology Corporation since August 15, 2009.   As such, I have

personal knowledge of the matters to which I hereinafter depose in this Affidavit.  Where

- 2 -

I do not possess personal knowledge, I have stated the source of my information and, in all such cases, believe it to be true. I have been advised by Jennifer Stam of Ogilvy Renault LLP with respect to the facts set out in paragraphs 4 through 12 of this affidavit, and I believe those facts to be true.

2.    I swear this affidavit in support of the motion to approve a Cross-Border Claims Protocol, in the form attached to the Applicant's Motion Record. Capitalized terms used in this affidavit and not otherwise defined herein shall have the meanings given to those terms in the draft Cross-Border Claims Protocol.

3.    It was noted in paragraph 22 of an affidavit that I swore on June 2, 2010 (the "June 7th Affidavit") that the Applicants had been discussing a form of Cross-Border Claims Protocol with the U.S. Debtors and other interested parties. As of the swearing of the June 7th Affidavit, the Applicants and the U.S. Debtors were not yet in agreement with respect to the terms of such a Cross-Border Claims Protocol. However, since that time, there have been extensive discussions and negotiations, a result of which has been that the Applicants and the U.S. Debtors have now agreed upon a form of Cross-Border Claims Protocol. Both the Applicants and the U.S. Debtors will be seeking the approval of this Cross-Border Claims Protocol in a joint hearing of the Canadian Court and the U.S. Court scheduled for September 16, 2010.

4.    Where claims appear to have been made by the same creditor or group of creditors in both Canada and the United States, the Applicants and the U.S. Debtors have agreed that a coordinated examination of these claims is appropriate, and that in some cases a coordinated response will be appropriate. The draft Cross-Border Claims Protocol

provides for consultation and other mechanisms to deal with such claims, as described below.

5.    A form of Canadian Claims Resolution Order is also being sought by the Applicants on September 16, 2010.    The form of Claims Resolution Order being sought is complementary to the Cross-Border Claims Protocol, with respect to the treatment of Overlapping Claims and Same-Creditor Claims.

## SUMMARY OF THE TERMS OF THE CROSS-BORDER CLAIMS PROTOCOL

6.    The Cross-Border Claims Protocol contains some general sections (Part I – Background, Part V – The Court and this Claims Protocol, and Part VI – General), and some more specific sections dealing with the Scope of the Cross-Border Claims Protocol (Part II), Cooperation and Consultation between the Canadian and U.S. Estates (Part III) and the applicable procedures for resolving Overlapping Claims and Same-Creditor Claims.

7.    The scope of the Cross-Border Claims Protocol is to deal with Overlapping Claims and Same-Creditor Claims.  Part II of the Protocol goes into more detail as to what is, and what is not, considered to be an Overlapping Claim or Same-Creditor Claim. Overlapping Claims are (in general terms) claims that have been filed by the same party in both Canada and the United States, and that arise from the same underlying liability, while Same-Creditor Claims are (in general terms) claims that have been filed by the same party in both Canada and the United States but do not arise from the same underlying liability. In each case, the Applicants and the U.S. Debtors have agreed that a coordinated examination of these claims is appropriate, and that in some cases a

- 4 -

coordinated response will be appropriate, all as set out in the Cross-Border Claims Protocol.

8.  Various specific claims are carved out of these categories, in most cases because they are Canadian-only claims.

9.  Parts III and IV of the Cross-Border Claims Protocol contain provisions dealing specifically with Overlapping Claims and Same-Creditor Claims and provide for the following, in general terms:

   (a)  The general sharing of information with respect to claims (Section III). The provision of information by the Monitor is also part of the Claims Resolution Order (paragraph 11) and will also be part of the U.S. Order approving the Cross-Border Claims Protocol;

   (b)  Monthly meetings and the sharing of information amongst the Applicants, the Monitor and the U.S. Debtors with respect to all Overlapping Claims and Same-Creditor Claims (Section III, paragraph 14);

   (c)  That the Applicants and the U.S. Debtors can share such information with their respective stakeholders, subject to satisfactory confidentiality arrangements (Section III, paragraph 15);

   (d)  Mandatory consultation (prior to responding to any claim) amongst the Applicants, the Monitor and the U.S. Debtors with respect to Overlapping Claims or Same-Creditor Claims that assert amounts over $500,000 in both jurisdictions, or that are unliquidated (Part IV, paragraphs 16(a) and 17(a));

- 5 -

(e)     After consultation, and where the Overlapping Claim or Same-Creditor Claim is for less than $1 million in both jurisdictions, the debtors in each jurisdiction can use their own claims resolution procedures to respond to these claims (Part IV, paragraphs 16(b) and 17(b));

(f)     Where the Overlapping Claim or Same-Creditor Claim is equal to or greater than $1 million in either jurisdiction, or unliquidated, then the Applicants, the Monitor and the U.S. Debtors will attempt to agree on an appropriate response to such claims (which may include utilizing the claims resolution procedures applicable in each jurisdiction), failing which (a) if the claim is an Overlapping Claim, then the Applicants, the Monitor and the U.S. Debtors shall seek direction from the Judges of both the Canadian Court and the U.S. Court, or (b) if the claim is a Same-Creditor Claim, then such claims can be resolved in each jurisdiction in accordance with applicable claims resolution orders and procedures (Part IV, paragraphs 16(c), 16(d), 17(c) and 17(d)); and

(g)     The resolution of an Overlapping Claim or a Same-Creditor Claim in one jurisdiction shall be without prejudice to the rights and defences of the Applicants, the Monitor or the U.S. Debtors in the other jurisdiction (Part VI, paragraph 24).

10.     Part VI of the Cross-Border Claims Protocol also contains various general provisions, including provisions dealing with rights to appear and be heard by the Canadian Court and the U.S. Court, and the preservation of rights.

- 6 -

11.     The Applicants and the Monitor believe that the provisions of the Cross-Border Claims
        Protocol will aid in the resolution of claims with a cross-border or with a potential cross-
        border element.

12.     The provisions of the Cross-Border Claims Protocol have been agreed to by the
        Applicants and the U.S. Debtors and I believe that they are appropriate in the
        circumstances.

SWORN before me at the City of
Mississauga in the Province of
Ontario, on the 10th day of
September, 2010.

_____          _____
A Commissioner for taking affidavits     John Doolittle

35

Court File No: 09-CL-7950

IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

*ONTARIO*
**SUPERIOR COURT OF JUSTICE-
(COMMERCIAL LIST)**

Proceeding commenced at Toronto

**AFFIDAVIT OF JOHN DOOLITTLE**
(sworn September 10, 2010)

**Ogilvy Renault LLP**
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street, P.O. Box 84
Toronto, Ontario M5J 2Z4

**Derrick Tay LSUC#: 21152A**
Tel:      (416) 216-4832
Email:   dtay@ogilvyrenault.com

**Jennifer Stam LSUC#: 36735J**
Tel:      (416) 216-2327
Email:   jstam@ogilvyrenault.com

Lawyers for Applicants

**Tab 3**

File No. 09-CL-7950

## ONTARIO
## SUPERIOR COURT OF JUSTICE- COMMERCIAL LIST

| | | |
|---|---|---|
| THE HONOURABLE MR. | ) | THURSDAY, THE 16TH |
| | ) | |
| JUSTICE MORAWETZ | ) | DAY OF SEPTEMBER, 2010 |

### IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

### AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION (the "Applicants")

### APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

### ORDER APPROVING CROSS-BORDER CLAIMS PROTOCOL

THIS MOTION, made by the Applicants for an Order substantially in the form included in the Applicants' Motion Record, was heard this day at 393 University Avenue, Toronto, Ontario.

ON READING the Applicants' Notice of Motion, the affidavit of John Doolittle sworn on September 10, 2010, the Fifty-Third Report of the Monitor dated September ●, 2010 (the "Monitor's Report"), and on hearing the submissions of counsel for the Applicants, the Monitor, and those other parties present, no one appearing for the other parties served with the Applicants' Motion Record, although duly served as appears from the affidavit of service of ● sworn [DATE], filed:

1

**SERVICE**

1.      THIS COURT ORDERS that the time for service of the Notice of Motion and the Motion

Record filed by the Applicants in support of this Motion be and it is hereby abridged and

validated such that the Motion is properly returnable today.

**APPROVAL OF CROSS-BORDER CLAIMS PROTOCOL**

2.      THIS COURT ORDERS that the Cross-Border Claims Protocol attached hereto as

Schedule "A" is hereby approved, and that the Cross-Border Claims Protocol shall

become effective upon approval by the United States Bankruptcy Court for the District of

Delaware (the "U.S. Court") acting in the reorganization cases commenced by the U.S.

Debtors[1] under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et*

*seq*.

3.      THIS COURT ORDERS that references in this Order to the Cross-Border Claims

Protocol shall mean the Cross-Border Claims Protocol attached as Schedule "A", as such

Cross-Border Claims Protocol may be amended from time to time in accordance with its

terms.  Other capitalized terms used in paragraphs 4 through 6 of this Order shall have

the meanings given to them in the Cross-Border Claims Protocol.

---

[1] As defined in the Cross-Border Claims Protocol, being Nortel Networks Inc.; Nortel Networks Capital
Corporation; Nortel Altsystems Inc.; Nortel Altsystems International Inc.; Xros Inc.; Sonoma Systems; Qtera
Corporation; CoreTek, Inc.; Nortel Networks Applications Management Solutions Inc.; Nortel Networks Optical
Components Inc.; Nortel Networks HPOCS Inc.; Architel Systems (U.S.) Corporation; Nortel Networks
International Inc.; Northern Telecom International Inc.; Nortel Networks Cable Solutions Inc.; and Nortel Networks
(CALA) Inc.

2

**CROSS-BORDER CLAIMS PROTOCOL TO GOVERN CERTAIN CLAIMS**

4.     THIS COURT ORDERS that the Cross-Border Claims Protocol shall govern the coordination and resolution of Overlapping Claims and Same-Creditor Claims filed in the Canadian Proceedings and the Chapter 11 Cases, in accordance with the terms of the Cross-Border Claims Protocol.  Any and all claims resolution procedures which have been or may be approved by this Court, including those contained in the Claims Resolution Order that this Court may approve today, as they relate to Overlapping Claims and Same-Creditor Claims, shall be subject to the provisions and requirements of the Cross-Border Claims Protocol.

**AGGREGATE DISTRIBUTIONS NOT TO EXCEED 100%**

5.     THIS COURT ORDERS that no claimant holding an Overlapping Claim or Same-Creditor Claim shall receive aggregate distributions from the Debtors on account of such claim(s) in excess of 100% of the amount of such allowed claim(s) (including any post-filing interest or other amounts permitted under applicable law).

**GENERAL**

6.     THIS COURT ORDERS that resolution of any Overlapping Claims and Same-Creditor Claims in the Canadian Proceedings shall be without prejudice to the rights and defenses of the U.S. Debtors with respect to such Overlapping Claims and Same-creditor Claims in the Chapter 11 Cases.

7.     THIS COURT ORDERS AND REQUESTS the aid and recognition of any court or any judicial, regulatory or administrative body in any province or territory of Canada (including the assistance of any court in Canada pursuant to Section 17 of the CCAA)

3

and any court or any judicial, regulatory or administrative body of the United States of America, the United Kingdom, the French Republic, the State of Israel, and the Republic of Korea, and of any other nation or state, to act in aid of and to be complementary to this Court in carrying out the terms of this Order.

<span style="display:inline-block; width:300px; border-bottom:1px solid black;"></span>

4

*4C*

## SCHEDULE A

### CROSS-BORDER CLAIMS PROTOCOL (ATTACHED)

## TABLE OF CONTENTS

PART I - BACKGROUND ...............................................................................................................................1

    Canadian and U.S. Proceedings.............................................................................................................1
    Cross-Border Insolvency Protocol........................................................................................................3
    Notice of Deadline and of Procedures for Filing Claims.......................................................................4

PART II – SCOPE OF THIS CLAIMS PROTOCOL..................................................................................5

PART III – COOPERATION AND CONSULTATION ...............................................................................7

PART IV – APPLICABLE PROCEDURES FOR RESOLVING CLAIMS ..............................................7

    Resolution of Overlapping Claims .......................................................................................................7
    Resolution of Same-Creditor Claims..................................................................................................10

PART V – THE COURTS AND THIS CLAIMS PROTOCOL ................................................................11

    Comity and Independence of the Courts.............................................................................................11
    Effectiveness; Modification................................................................................................................12
    Procedure for Resolving Disputes under the Claims Protocol.............................................................12

PART VI - GENERAL.................................................................................................................................13

    Distributions on Overlapping Claims and Same-Creditor Claims.......................................................13
    Rights to Appear and Be Heard..........................................................................................................13
    Preservation of Rights .......................................................................................................................14
    Discharge, Removal or Dissolution of the Creditors' Committee or the Bondholders' Committee.......16

42

## CROSS-BORDER PROTOCOL ON THE
## RESOLUTION OF CLAIMS

This cross-border claims protocol (the "**Claims Protocol**") is intended to supplement the procedures established by each of the U.S. Court and the Canadian Court with respect to the resolution of claims filed against the U.S. Debtors and the Canadian Debtors in the Insolvency Proceedings (each as defined herein).

## PART I - BACKGROUND

### *Canadian and U.S. Proceedings*

1.      On January 14, 2009, Nortel Networks Corporation and certain of its subsidiaries and affiliates (collectively, the "**Canadian Debtors**")[1] commenced reorganization proceedings (the "**Canadian Proceedings**") by filing an application under Canada's *Companies' Creditors Arrangement Act* (the "**CCAA**") with the Ontario Superior Court of Justice, Commercial List (the "**Canadian Court**") and an Order (as amended, the "**CCAA Order**") has been granted under which (a) the Canadian Debtors have been determined to be entitled to relief under the CCAA, and (b) Ernst & Young Inc. was appointed as monitor (the "**Monitor**") in the Canadian Proceedings.

2.      On January 14, 2009, Nortel Networks Inc. and certain of its subsidiaries and affiliates (collectively, the "**U.S. Debtors**")[2] commenced reorganization cases (collectively, the

---

[1]     The Canadian Debtors are:  Nortel Networks Corporation; Nortel Networks Limited; Nortel Networks Technology Corporation; Nortel Networks Global Corporation; and Nortel Networks International Corporation.

[2]     The U.S. Debtors are:  Nortel Networks Inc.; Nortel Networks Capital Corporation; Nortel Altsystems Inc.; Nortel Altsystems International Inc.; Xros Inc.; Sonoma Systems; Qtera Corporation; CoreTek, Inc.; Nortel Networks Applications Management Solutions Inc.; Nortel Networks Optical Components Inc.; Nortel Networks HPOCS Inc.; Architel Systems (U.S.) Corporation; Nortel Networks International Inc.; Northern Telecom

1

"**Chapter 11 Cases**") under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the District of Delaware (the "**U.S. Court**"), and such cases have been consolidated (for procedural purposes only) under Case No. 09-10138 (KG). The U.S. Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases. An official committee of unsecured creditors (the "**Creditors' Committee**") was appointed by the United States Trustee (the "**U.S. Trustee**") in these Chapter 11 Cases on January 22, 2009. An ad hoc group of bondholders whose members have executed or in the future will execute confidentiality agreements with the Debtors (the "**Bondholder Group**") has also been organized.

3.    By Order dated January 15, 2009, the U.S. Court approved the U.S. Debtors' retention of Epiq Bankruptcy Solutions, LLC as the claims and noticing agent in the Chapter 11 Cases.

4.    The Monitor filed petitions and obtained an Order in the U.S. Court granting recognition of the Canadian Proceedings under chapter 15 of the Bankruptcy Code. Nortel Networks Inc. also filed an application and obtained an Order in the Canadian Court pursuant to section 18.6 of the CCAA recognizing the Chapter 11 Cases as "foreign proceedings" in Canada and giving effect to the automatic stay thereunder in Canada. None of the U.S.

International Inc.; Nortel Networks Cable Solutions Inc.; and Nortel Networks (CALA) Inc. Nortel Networks (CALA) Inc. commenced its Chapter 11 Case on July 14, 2009.

Debtors or Canadian Debtors are applicants in both the Chapter 11 Cases and Canadian Proceedings.

5.    For convenience, (i) the U.S. Debtors and the Canadian Debtors shall be referred to herein collectively as the "**Debtors**", (ii) the Chapter 11 Cases and the Canadian Proceedings shall be referred to herein collectively as the "**Insolvency Proceedings**", (iii) the U.S. Court and the Canadian Court shall be referred to herein collectively as the "**Courts**", and (iv) an order of the U.S. Court or the Canadian Court is referred to herein as an "**Order**".

### *Cross-Border Insolvency Protocol*

6.    An amended Cross-Border Insolvency Protocol (the "**Insolvency Protocol**") was approved by the U.S. Court and Canadian Court pursuant to separate Orders entered by the Courts on June 29, 2009 and June 30, 2009, respectively. Nothing herein is intended to waive any party's rights under the Insolvency Protocol. To the extent of any direct and irreconcilable conflict between the Insolvency Protocol and this Claims Protocol with respect to any matter concerning claims administration and claims adjudication procedures, the term(s) of this Claims Protocol shall govern.

7.    The purpose of this Claims Protocol is to supplement the procedures established by the Courts in the Bar Date Orders (as defined herein) and in any subsequent Orders related to claims (including the claims resolution order sought by the Canadian Debtors from the Canadian Court concurrently with such Court's approval of this Claims Protocol, the "**Claims Resolution Order**"), including Excluded Claims (as defined herein), to

3

establish an efficient and consistent procedure to address the filing and resolution of claims in the Insolvency Proceedings.

## *Notice of Deadline and of Procedures for Filing Claims*

8.  By Orders dated July 30, 2009 (as has been or may be supplemented, the **"Canadian Bar Order"**) and August 4, 2009 (as has been or may be supplemented, the **"U.S. Bar Order"** and together with the Canadian Bar Order, the **"Bar Date Orders"**), the Canadian Court and U.S. Court each set a deadline of September 30, 2009 at 4:00 p.m. prevailing Eastern Time (as has been or may be supplemented, the **"Bar Date"**)[3] for the filing and receipt of claims in the Insolvency Proceedings, other than (i) certain claims that were subject to a later bar date and (ii) certain claims exempted from the provisions of the Bar Date Orders (**"Excluded Claims"**).

9.  As the Debtors' collective corporate structure includes 21 separate Debtor entities, the Debtors propose to implement this Claims Protocol to facilitate the resolution of claims that have been or may be filed in the Canadian Proceedings and the Chapter 11 Cases. Nothing in this Claims Protocol is intended to waive or modify the Bar Date or the protections afforded to the Debtors under the Bar Date Orders. To the extent of any direct and irreconcilable conflict between the Bar Date Orders and this Claims Protocol with respect to any matter concerning Overlapping Claims or Same-Creditor Claims, the term(s) of this Claims Protocol shall govern.

---

[3]    In the case of Nortel Networks (CALA) Inc., by an Order dated December 2, 2009, the U.S. Court set a deadline of January 25, 2010 at 4:00 p.m. prevailing Eastern Time for the filing and receipt of claims against Nortel Networks (CALA) Inc. in the Chapter 11 Cases.

46

**PART II – SCOPE OF THIS CLAIMS PROTOCOL**

10.     This Claims Protocol establishes procedures that shall govern the coordination and
        resolution of Overlapping Claims and Same-Creditor Claims (each as defined below)
        filed in the Canadian Proceedings and the Chapter 11 Cases.

11.     For the purposes of this Claims Protocol, an "**Overlapping Claim**" is a claim or portion
        thereof that (i) has been filed in both the Canadian Proceedings and the Chapter 11 Cases;
        (ii) by the same party or by the same affiliated parties; and (iii) arises from the same
        underlying claim, action, liability, property, agreement, lease, debt or transaction.  For the
        avoidance of doubt, the definition of Overlapping Claims shall include, but not be limited
        to, any (i) guarantee and indemnity claims where the direct claim is filed against a debtor
        in one jurisdiction and the guarantee or indemnity claim is filed against a debtor in the
        other jurisdiction; and (ii) duplicate claims filed in both jurisdictions (claims filed in both
        jurisdictions by the same or affiliated party asserting the same amount and underlying
        liability).

12.     For the purposes of this Claims Protocol, "**Same-Creditor Claims**" are claims or
        portions thereof that: (i) have been filed in both the Canadian Proceedings and the
        Chapter 11 Cases; (ii) by the same party or by the same affiliated parties; and (iii) are not
        an Overlapping Claim (each such claim, a "**Same-Creditor Claim**").

13.     For the purposes of this Claims Protocol, the following categories of claims shall not
        constitute Overlapping Claims or Same-Creditor Claims regardless of whether they
        would otherwise fall within the definitions of Overlapping Claims or Same-Creditor
        Claims:

                                          5

(a)     U.K. pension claims (including, funding guarantee claims, insolvency guarantee claims, Financial Support Direction liability claims and claims by Nortel Networks U.K. Pension Trust Limited, the U.K. Pension Protection Fund, the Pensions Regulator under *The Pensions Act 2004* (U.K.) and the joint administrators of the various EMEA Debtors related to the foregoing);

(b)     claims in respect of the determination of liabilities and funded status of the Nortel Networks Negotiated Pension Plan and the Nortel Networks Limited Managerial and Non-Negotiated Pension Plan and in respect of the Ontario Pension Benefits Guarantee Fund; and

(c)     the following employee-related matters:

     (i)     any procedure, protocol or methodology for calculating termination and severance pay claims and any process for any resolution of disagreements regarding contract obligations and qualifications for eligibility of such claims (including the calculation of benefits or liabilities),

     (ii)     the actuarial methods and assumptions that will be used to determine non-registered pension claims, Long Term Disability claims and benefit claims and any process for any resolution of disagreements regarding the interpretation or application of plan criteria for such claims (including the calculation of benefits or liabilities),

     (iii)     the form of an order related to Compensation Claims (including, proposed procedures relating to any bar date for claims of employees and retirees),

     (iv)     deferred compensation claims relating to the Nortel Networks U.S. Deferred Compensation Plan (to the extent not otherwise addressed by the Cross-Border Claims Protocol), and

     (v)     the Calgary employee claims contemplated by the action bearing court file number 0901-10504 in the Alberta Court of Queen's Bench.

14.     For purposes of this Claims Protocol, a "**Bond Claim**" is any claim arising from or related to the Bondholder Trust Indenture (as defined in the Canadian Bar Order), including claims filed by the indenture trustees.

## PART III – COOPERATION AND CONSULTATION

15.     The Canadian Debtors, the Monitor, and the U.S. Debtors shall share information with respect to any Overlapping Claims and Same-Creditor Claims, including without limitation by meeting on a monthly basis to review these claims. The Canadian Debtors, the Monitor and the U.S. Debtors shall cooperate and coordinate the collection of information regarding Overlapping Claims and Same-Creditor Claims from the Canadian Debtors, the U.S. Debtors and the claimants.

16.     Information exchanged between the Monitor, the Canadian Debtors and the U.S. Debtors pursuant to this Claims Protocol may be shared by such parties with their respective stakeholders, subject to appropriate written confidentiality agreements, and the Monitor, the Canadian Debtors and the U.S. Debtors may consult with their respective stakeholders with respect to all such information. In the case of the U.S. Debtors, for the avoidance of doubt, such stakeholders include the Creditors' Committee and the Bondholder Group.

## PART IV – APPLICABLE PROCEDURES FOR RESOLVING CLAIMS

### *Resolution of Overlapping Claims*

17.     The following procedures shall apply with respect to the resolution of Overlapping Claims (other than the Bond Claims, to which Paragraph 17(e) shall apply):

7

(a)     For Overlapping Claims that either (i) assert an amount greater than $500,000 in
        both jurisdictions or (ii) are wholly or partially unliquidated and the Monitor and
        the U.S. Debtors each propose to seek to allow, stipulate or settle for an amount
        greater than $500,000 in their respective jurisdictions:  the Canadian Debtors, the
        Monitor and the U.S. Debtors shall not respond to or resolve an Overlapping
        Claim without first complying with the consultation procedures set forth in
        Paragraph 15 (and in the case of the U.S. Debtors, Paragraph 16) above.

(b)     For Overlapping Claims that either (i) assert an amount less than $1 million in
        both jurisdictions or (ii) are wholly or partially unliquidated and the Monitor and
        the U.S. Debtors each propose to seek to allow, stipulate or settle for an amount
        less than $1 million in their respective jurisdictions:  following satisfaction of
        Paragraph 17(a) above, the Monitor, the Canadian Debtors and the U.S. Debtors
        shall be entitled to respond to the Overlapping Claim and seek resolution of such
        claim in compliance with their respective claims resolution orders and procedures
        (including, in the case of the Canadian Debtors and the Monitor, the Claims
        Resolution Order).

(c)     For Overlapping Claims that either (i) assert an amount equal to or greater than $1
        million in either jurisdiction or (ii) are wholly or partially unliquidated and the
        Monitor or the U.S. Debtors propose to seek to allow, stipulate or settle for an
        amount equal to or greater than $1 million in their respective jurisdictions (the
        "**Material Overlapping Claims**"):  if the Monitor, the Canadian Debtors and the
        U.S. Debtors (in the case of the U.S. Debtors, after consultation with the
        Creditors' Committee and the Bondholder Group) agree on the appropriate

8

resolution (in each jurisdiction) with respect to any Material Overlapping Claim, then such Material Overlapping Claim can be dealt with in accordance with the agreed-upon approach (which may include utilizing the claims resolution procedures applicable in each jurisdiction).

(d)     If the Monitor, the Canadian Debtors and the U.S. Debtors in accordance with the terms hereof cannot agree on the appropriate resolution of Material Overlapping Claims in each jurisdiction, then the Monitor, the Canadian Debtors and the U.S. Debtors shall seek joint direction from the Judges of both the Canadian Court and the U.S. Court regarding the resolution of the claims, absent other agreement by the Canadian Debtors, the Monitor and the U.S. Debtors. Written notice of the request for court resolution of such Material Overlapping Claims along with the materials in support of such relief shall be served no less than 10 calendar days prior to the proposed hearing.[4]

(e)     If the Monitor and the Canadian Debtors, on the one hand, or the U.S. Debtors, on the other hand, proposes to allow, stipulate or settle the Bond Claims (the "**Settlement**") and, after consulting with the other party with respect to such Settlement as provided in Paragraph 15 (and in the case of the U.S. Debtors, Paragraph 16), the party not proposing such Settlement does not agree with such Settlement, such party may request that the hearing to allow the Bond Claims in the Settlement be a joint hearing.

9

57

### *Resolution of Same-Creditor Claims*

18.     The following procedures shall apply with respect to the resolution of Same-Creditor

Claims (except with respect to the Bond Claims):

   (a)     For Same-Creditor Claims that either (i) assert an amount greater than $500,000

in both jurisdictions or (ii) are wholly or partially unliquidated and the Monitor

and the U.S. Debtors each propose to seek to allow, stipulate or settle for an

amount greater than $500,000 in their respective jurisdictions:   the Canadian

Debtors, the Monitor and the U.S. Debtors shall not respond to or resolve a Same-

Creditor Claim without first complying with the consultation procedures set forth

in Paragraph 15 (and in the case of the U.S. Debtors, Paragraph 16) above.

   (b)     For Same-Creditor Claims that either (i) assert an amount less than $1 million in

both jurisdictions or (ii) are wholly or partially unliquidated and the Monitor and

the U.S. Debtors each propose to seek to allow, stipulate or settle for an amount

less than $1 million in their respective jurisdictions:   following satisfaction of

Paragraph 18(a) above, the Monitor, the Canadian Debtors and the U.S. Debtors

shall be entitled to respond to the Same-Creditor Claim and seek resolution of

such claim in compliance with their respective claims resolution orders and

procedures (including, in the case of the Canadian Debtors and the Monitor, the

Claims Resolution Order).

---

[4]     In Canada, (i) such materials shall include the Monitor's Report, if any, being filed with respect to the motion, and (ii) service shall be made on the Service List as posted on the Monitor's website (the "**Service List**") and on the party that filed the affected claim (and their counsel, if known).

(c)     For Same-Creditor Claims that either (i) assert an amount equal to or greater than $1 million in either jurisdiction or (ii) are wholly or partially unliquidated and the Monitor or the U.S. Debtors propose to seek to allow, stipulate or settle for an amount equal to or greater than $1 million in their respective jurisdictions (the "**Material Same-Creditor Claims**"):  if the Monitor, the Canadian Debtors and the U.S. Debtors (in the case of the U.S. Debtors, after consultation with the Creditors' Committee and the Bondholder Group) agree on the appropriate resolution (in each jurisdiction) with respect to any Material Same-Creditor Claim, then such claim can be dealt with in accordance with the agreed-upon approach (which may include utilizing the claims resolution procedures applicable in each jurisdiction).

(d)     If the Monitor, the Canadian Debtors and the U.S. Debtors (in the case of the U.S. Debtors, after consultation with the Creditors' Committee and the Bondholder Group) cannot agree on the appropriate resolution of Material Same-Creditor Claims in each jurisdiction, then such claims can be resolved in each jurisdiction in accordance with applicable claims resolution orders and procedures (including, in the case of the Canadian Debtors and the Monitor, the Claims Resolution Order).

## PART V – THE COURTS AND THIS CLAIMS PROTOCOL

### *Comity and Independence of the Courts*

19.     The approval and implementation of this Claims Protocol shall not divest or diminish the U.S. Court's and the Canadian Court's respective independent jurisdiction over the

11

subject matter of the Chapter 11 Cases and the Canadian Proceedings, respectively. By approving and implementing this Claims Protocol, none of the U.S. Court, the Canadian Court, the Debtors nor any creditor or any other party in interest shall be deemed to have approved or engaged in any infringement on the sovereignty of the United States or Canada.

## *Effectiveness; Modification*

20.    This Claims Protocol shall become effective only upon its approval by both the U.S. Court and the Canadian Court.

21.    This Claims Protocol may not be supplemented, modified, terminated or replaced in any manner except upon approval of such modifications by both the U.S. Court and the Canadian Court after appropriate notice to all parties in interest as required under the rules of the Courts and a hearing in both Courts. Notice of any legal proceeding to supplement, modify, terminate or replace this Claims Protocol shall be given in accordance with paragraph 28 of the Insolvency Protocol, provided that, the party giving notice shall provide no less than 10 calendar days prior written notice of such proceeding and its materials in support of such relief.[5]

## *Procedure for Resolving Disputes under the Claims Protocol*

22.    Disputes relating to the terms, intent or application of this Claims Protocol may be addressed by interested parties to the U.S. Court, the Canadian Court or both Courts upon notice in accordance with paragraph 28 of the Insolvency Protocol. In rendering a

---

[5]    In Canada, (i) such materials shall include the Monitor's Report, if any, being filed with respect to the motion, and (ii) service shall be made on the Service List.

decision or Order in any such dispute, the Court to which the issue is addressed: (a) shall consult with the other Court; and (b) may, in its sole and exclusive discretion, either: (i) render a binding decision or Order after such consultation; (ii) defer to the other Court by transferring the matter, in whole or in part, to such other Court; or (iii) seek a Joint Hearing of both Courts in accordance with paragraph 12 of the Insolvency Protocol. Notwithstanding the foregoing, in making a decision or Order under this paragraph, each Court shall give due consideration to the independence, comity and inherent jurisdiction of the other Court established under existing law.

## PART VI - GENERAL

### Distributions on Overlapping Claims and Same-Creditor Claims

23.    No claimant holding an Overlapping Claim or Same-Creditor Claim shall receive aggregate distributions from the Debtors on account of such claim(s) in excess of 100% of the amount of such allowed claim(s) (including any post-petition interest or other amounts permitted under applicable law).

### Rights to Appear and Be Heard

24.    The Canadian Debtors, the Monitor, the U.S. Debtors, the Creditors' Committee and the Bondholder Group shall have the right to support or object and to be heard at any hearing provided for herein in either or both of the Canadian and U.S. Courts with respect to Specific Claims (as defined in the Claims Resolution Order), Overlapping Claims or Same-Creditor Claims.

## *Preservation of Rights*

25.     The resolution of an Overlapping Claim or a Same-Creditor Claim in one of the Chapter 11 Cases or the Canadian Proceedings shall be without prejudice to the rights and defenses of the Canadian Debtors, the Monitor or the U.S. Debtors with respect the Overlapping Claim or Same-Creditor Claim in the other jurisdiction (subject to any applicable limitations on distributions to which a creditor may be allowed to recover for its claim).

26.     Nothing in this Claims Protocol shall prejudice the right, if any, of any Debtor, the Monitor, the Creditors' Committee, the Bondholder Group or any other party in interest to dispute or assert set-offs or other defenses to any claim filed in the Insolvency Proceedings.

27.     Nothing in this Claims Protocol shall prejudice the right of any Debtor to seek, in compliance with any other Orders of the Courts and/or agreements between the Debtors, and after consultation with and prior notice to the U.S. Debtors in the case of relief sought by the Monitor or the Canadian Debtors and after consultation with and prior notice to the Canadian Debtors, the Creditors' Committee and Bondholder Group in the case of relief sought by the U.S. Debtors, a further Order or Orders of the applicable Courts (i) fixing a date by which holders of claims or interests not subject to the Bar Date Orders or the Bar Date established therein must file a proof of claim or interest or be barred from doing so, or (ii) establishing further claims procedures, including claims procedures relating to Excluded Claims and claims resolution procedures, *provided, however*, that any motion or application brought by any of the Debtors, the Monitor or any other party in interest, as applicable, with respect to the subject matter of (ii), shall

14

not be heard on less than ten (10) business days notice to the other Debtors, the Monitor, the Creditors' Committee and the Bondholder Group, unless otherwise ordered by the applicable Court. This Claims Protocol shall apply to all such claims unless a Court orders otherwise in accordance with the terms hereof.

28. Nothing in this Claims Protocol shall prejudice the right of the Monitor to perform its responsibilities and obligations as required under the Canadian Proceedings, pursuant to any applicable Order of the Canadian Court including, without limitation, the Fourth Amended and Restated Initial Order dated January 14, 2009 and the Order of the Canadian Court dated August 14, 2009, or otherwise under applicable law, and the provisions of this Claims Protocol are intended by the parties and the Courts to facilitate the performance of such responsibilities and obligations by the Monitor.

29. Except as specifically provided herein (including all deeming provisions) and except as agreed in accordance with this Claims Protocol, neither the terms of this Claims Protocol nor any actions taken pursuant to this Claims Protocol shall: (i) prejudice or affect the powers, rights, claims and defenses of the Debtors and their respective estates, the Creditors' Committee, the U.S. Trustee, the Monitor, the Bondholder Group, any of the Debtors' creditors or any of the foregoing parties' representatives or professionals under applicable law, including, without limitation, the Bankruptcy Code, the CCAA and Orders of the Courts; (ii) preclude or prejudice the rights of any person to assert or pursue such person's substantive rights against any other person under the applicable laws of Canada or the United States or any other applicable laws; (iii) preclude or prejudice the rights of any person (including the Debtors) to contest the validity, amount or priority of any claim, or (iv) preclude or prejudice an assertion to the Court adjudicating the claim

15

57

that the Court does not have jurisdiction to adjudicate the claim, or that the laws of another jurisdiction govern or affect the validity, amount or priority of a claim.

### *Discharge, Removal or Dissolution of the Creditors' Committee or the Bondholder Group*

30.    If the Creditors' Committee shall cease to exist following the effective date of a plan of reorganization and the plan does not designate a successor to the Creditors' Committee, the consent of or consultation with the Creditors' Committee shall no longer be required for any purposes under this Claims Protocol and thereafter the Creditors' Committee will no longer be entitled to receive notices under this Claims Protocol or otherwise enforce or have any rights pursuant to this Claims Protocol.

31.    If at any time, the Bondholder Group is disbanded, the consent of or consultation with the Bondholder Group shall no longer be required for any purposes under this Claims Protocol and thereafter the Bondholder Group will no longer be entitled to receive notices under this Claims Protocol, or otherwise enforce or have any rights pursuant to this Claims Protocol.

Court File No: 09-CL-7950

IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL
NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS
GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND
NORTEL NETWORKS TECHNOLOGY CORPORATION

*ONTARIO*
SUPERIOR COURT OF JUSTICE-
(COMMERCIAL LIST)

Proceeding commenced at Toronto

ORDER APPROVING CROSS-BORDER
CLAIMS PROTOCOL
(September 16, 2010)

**Ogilvy Renault LLP**
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street, P.O. Box 84
Toronto, Ontario M5J 2Z4

**Derrick Tay LSUC#: 21152A**
Tel:       (416) 216-4832
Email:   dtay@ogilvyrenault.com

**Jennifer Stam LSUC#: 36735J**
Tel:       (416) 216-2327
Email:   jstam@ogilvyrenault.com

Lawyers for Applicants

DOCSTOR: 2004019\2

Court File No: 09-CL-7950

IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL
NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS
GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND
NORTEL NETWORKS TECHNOLOGY CORPORATION

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

Proceeding commenced at Toronto

**MOTION RECORD**
**(for Order Approving Cross-Border Claims Protocol)**
**(returnable September 16, 2010)**

**OGILVY RENAULT LLP**
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street
P.O. Box 84
Toronto, Ontario M5J 2Z4

**Derrick Tay LSUC#: 21152A**
Tel: (416) 216-4832
Email: dtay@ogilvyrenault.com

**Jennifer Stam LSUC#: 46735J**
Tel: (416) 216-2327
Email: jstam@ogilvyrenault.com

Fax: (416) 216-3930

Lawyers for the Applicants