**EXHIBIT I**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------X
: Chapter 11
:
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
          Debtors. :
:
: **RE: D.I. _____**
:
---------------------------------------------------------X

**ORDER GRANTING
DEBTORS' FOURTEENTH OMNIBUS OBJECTION (SUBSTANTIVE)
TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND
DEL. L.R. 3007-1 (NO LIABILITY CLAIMS, REDUCE AND ALLOW CLAIMS,
REDUNDANT CLAIMS, SATISFIED CLAIMS, WRONG DEBTOR CLAIMS, NO-
BASIS 503(b)(9) CLAIMS AND MISCLASSIFIED 503(b)(9) CLAIMS)**

Upon the Debtors' Fourteenth Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims, Redundant Claims, Satisfied Claims, Wrong Debtor Claims, No-Basis 503(b)(9) Claims and Misclassified 503(b)(9) Claims) (the "Objection")[2] filed by Nortel Networks Inc. and certain of its affiliates, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), requesting an order pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 reducing, modifying, or disallowing in full, as applicable, the claims identified in Exhibits A-G attached thereto; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

upon the Declaration of John Ray in Support of the Debtors' Fourteenth Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims, Redundant Claims, Satisfied Claims, Wrong Debtor Claims, Multi-Debtor Duplicate Claims, No-Basis 503(b)(9) Claims and Misclassified 503(b)(9) Claims), attached to the Objection as Exhibit H; and upon all other documentation filed in connection with the Objection and the claims, including certain claims identified in Exhibits A-G; and adequate notice of the Objection having been given as set forth in the Objection; and it appearing that no other or further notice is required; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Objection is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Objection is **GRANTED** with respect to each of the claims identified in Exhibits A-G.

2. Each of the No Liability Claims identified in Exhibit A is hereby disallowed in full.

3. Each of the Reduce and Allow Claims identified in Exhibit B is hereby reduced and allowed for the Modified Claim Amounts identified in Exhibit B.

4. Each of the Redundant Claims identified in Exhibit C is hereby disallowed in full.

5. Each of the Satisfied Claims identified in Exhibit D is hereby disallowed in full.

6. Each of the Wrong Debtor Claims identified in Exhibit E is hereby modified and allowed against the Identified Debtor.

7. Each of the No-Basis 503(b)(9) Claims identified in Exhibit F is hereby disallowed in full.

8. Each of the Misclassified 503(b)(9) Claims identified in Exhibit G is hereby reclassified as a general, unsecured, non-priority claim.

9. Notwithstanding Local Rule 3007-1(f)(iii), with respect to each of the Reduce and Allow Claims labeled as No Supporting Documentation Claims on Exhibit B to the Objection, to the extent that claimants are permitted to amend the proofs of claim or otherwise provide documentation or other evidence supporting the amounts of claims that are being disallowed herein, such amendment or provision shall be subject to the Debtors' rights to object to such claims on all grounds, whether legal, factual, procedural, substantive or non-substantive.

10. Unless included in other Exhibits to the Objection, each of the Remaining Claims and the Corresponding Non-503(b)(9) Claims identified on Exhibits C and F attached to the Objection, respectively, will be unaffected by this Order, and each claimant's right to assert these liabilities against the Debtors' estates will be preserved, subject to the Debtors' reservations of their rights to object to the Remaining Claims and the Corresponding Non-503(b)(9) Claims on all grounds, whether legal, factual, procedural, substantive or non-substantive.

11. This order shall be deemed a separate order with respect to each of the claims identified in Exhibits A-G. Any stay of this order pending appeal by any claimants whose claims are subject to this order shall only apply to the contested matter, which involves such claimant and shall not act to stay the applicability and/or finality of this order with respect to the other contested matters listed in the Objection or this order.

12. The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this order.

13. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this order.

14. The modification or disallowance of the claims in Exhibits A-G in these chapter 11 cases shall be without prejudice to the rights and defenses of the Canadian Debtors and the Monitor with respect to any related claims filed in the Canadian Proceedings.

Dated: _____, 2010
       Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE