## EXHIBIT A

**Proposed Form of Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
                               :

*In re*                             :

Nortel Networks Inc., *et al.*,[1]    :

              Debtors.   :

------------------------------------------------------X

|  |  |
|---|---|
| Chapter 11 | |
| Case No. 09-10138 (KG) | |
| Jointly Administered | |
| RE: D.I. _____ | |

## ORDER (I) APPROVING PROCEDURES FOR THE ABANDONMENT, DISPOSAL, OR DESTRUCTION OF SPECIFIED HARD COPY DOCUMENTS AND ELECTRONIC DATA; (II) WAIVING COMPLIANCE WITH CERTAIN RETENTION LAWS AND ORDINANCES; AND (III) GRANTING RELATED RELIEF

Upon the motion dated September 17, 2010 (the "Motion"),[2] of Nortel Networks Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105, 363, 554 of title 11 of the Bankruptcy Code and Rule 6007 of the Bankruptcy Rules, (i) approving procedures for the Debtors to abandon or dispose of specified hard copy documents and specified Electronic Data on notice to the parties set forth in the Motion; (ii) waiving compliance with certain Retention Laws; and (iii) granting the Debtors such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28

U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the

legal and factual bases set forth in the Motion establish just cause for the relief requested in the

Motion, and that such relief is in the best interests of the Debtors, their estates; their creditors;

and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED in its entirety.

2.      Pursuant to sections 105, 363, 554 of title 11 of the Bankruptcy Code, the

Document Disposal Procedures (attached hereto as Exhibit 1) are approved and the Debtors are

hereby authorized to implement such procedures.

3.      The Debtors are further authorized to abandon, dispose of and/or destroy hard

copy documents and Electronic Data without complying with any Retention Laws, provided that

the abandonment, disposal and/or destruction of the hard copy documents and Electronic Data is

conducted in accordance with the terms of this Order.

4.      Notwithstanding the terms of the Document Disposal Procedures, the Debtors

shall retain any hard copy document and/or Electronic Data that, in the Debtors' reasonable

business judgment, has the potential to assist in the claims analysis or relates to certain post-

petition asset sale transactions or litigations brought against the Debtors' estates.

5.      Bankruptcy Rule 6007 is modified and the Debtors' service of the Motion as set

forth therein satisfies the requirement of the Bankruptcy Rules and the Bankruptcy Code.

6.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to

the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its

entry; (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7.    The Debtors and their agents, delegates and professionals shall have no liability whatsoever arising from or relating to any abandonment, disposal or destruction of the Records pursuant to the terms of this Order.

8.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2010
        Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3

# EXHIBIT 1

## Document Disposal Procedures

## DOCUMENT DISPOSAL PROCEDURES

**Document Disposal Notice**

1.  For each collection of hard copy documents and/or Electronic Data designated for abandonment or disposal in the exercise of the Debtors' business judgment (the "Designated Information"), the Debtors shall file and serve (as set forth in Paragraphs 2 and 3 below) a notice with the Court, substantially in the form of the Document Disposal Notice as more fully described below (the "Document Disposal Notice") together with a copy of the Order approving this Motion.

2.  The Document Disposal Notice shall contain a chart with: (a) a general description of the Designated Information to be disposed of; (b) the date range, if available, within which the Designated Information was created; (c) the location of the Designated Information; (d) the date, if available, that the Designated Information was sent to storage or electronic archives; and (e) the volume of Designated Information subject to the Debtor's proposed abandonment or disposal.

3.  The Debtors shall serve each Document Disposal Notice on the following parties:  (a) the affiliates included on the Affiliate List; (b) counsel to the Committee; (c) counsel to the Bondholder Group; (d) the U.S. Trustee; (e) the Internal Revenue Service; (f) applicable state and local taxing and governmental authorities; (g) the Securities and Exchange Commission; (h) counterparties to the 363 Sales; (i) the Monitor; (j) the Joint Administrators; and (k) the Rule 2002 list established in these Chapter 11 cases (collectively referred to herein as the "Notice Parties").

**No Objection**

4.  If the Debtors receive no timely objection to a Document Disposal Notice that meets the requirements of paragraph 6 below, the Debtors are then authorized, without further court order, to dispose of all of the Designated Information identified in such Document Disposal Notice in the manner the Debtors conclude is most appropriate in the exercise of their business judgment.

**Objections**

5.  If any person or entity ("Objector") objects to the Debtors' disposal of the Designated Information as set forth in a particular Document Disposal Notice, they must serve an objection meeting the requirements of paragraph 6 below ("Objection").

6.  In order for an Objection to be considered, it must: (a) be in writing; (b) specifically identify the Designated Information subject to the Objection ("Disputed Data"); (c) state the basis for the objection and whether the objection can be cured;[3] (d) be received by the Debtors no later than twenty (20) days after the filing of the Document Disposal Notice with the Court; and (e) be properly served on the following parties in their respective capacities as agents or representatives of the Debtors: (i) Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attention: Deborah M. Buell, Esq., counsel for the Debtors; (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Suite 1800, Wilmington, Delaware 19801, Attention: Derek C. Abbott, counsel for the Debtors; (iii) Nortel Networks Inc., 2201 Lakeside Blvd., Richardson, TX 75082-4399, Attention: Donald

---

[13]    An Objection shall include a description of any means by which the Debtors can cure the Objection including, for example and without limitation, by (i) transferring the Requested Data to the Objector on a showing by the Objector of a legal entitlement to the Requested Data, without waiver of any privileges or other rights by the Debtors, or (ii) providing the Objector with Access to the Disputed Data (as defined below) on a showing by the Objector of a legal entitlement to Access the Disputed Data, without waiver of any privileges or other rights by the Debtors.

Powers, Esq.; (iv) Ogilvy Renault LLP, Suite 3800 Royal Bank Plaza, South Tower, 200 Bay

Street, P.O. Box 84, Toronto, Ontario M5J 2Z4 Canada, Attention: Jennifer Stam, counsel for

the Canadian Debtors; and (v) Herbert Smith LLP, Exchange House, Primrose Street,

London EC2A 2HS, Attention: Stephen Gale, counsel for the EMEA/UK Debtors (the parties

described in (i) – (v) of this paragraph shall be referred to herein as the "Objection Notice

Parties").

**Objection Resolution**

7.   Subject to the procedures described below, the Debtors may resolve an Objection without a

court hearing.

8.   The Debtors may, in the exercise of their business judgment and subject to federal, state and

local laws that protect confidential information, resolve an Objection by providing an

Objector with an opportunity to review the Disputed Data, and to obtain originals or copies

of the Disputed Data, at the sole discretion of the Debtors and at the expense of the Objector,

as set forth below ("Access").  Such Access shall be provided at the Debtors' sole discretion,

provided that such Objector agrees to pay the Debtors in advance of such Access for: (a) any

costs associated with providing Access to the Disputed Data at a particular location or

through a particular electronic platform; (b) any storage costs associated with the Access; and

(c) the cost of making copies of the Disputed Data or making the originals available.  The

Debtors may resolve multiple Objections to the same or overlapping Disputed Data by

providing Access to each such Objector at the Debtors' sole discretion.

**Hearing on Objection**

9.   If an Objection cannot be resolved as set forth in the above paragraphs 7-8, the Debtors may

schedule a hearing for the first available omnibus hearing date that is at least ten (10) days

after the Debtors have given written notice thereof ("Hearing Notice") to the Objector(s) with regard to the Disputed Data in question. The Hearing Notice shall identify the Disputed Data, describe the proposed disposition of such Disputed Data and provide a concise statement of the nature of the dispute and the position of the party filing the Hearing Notice with respect to the Disputed Data. The Objector may file a counter-statement of its position within seven (7) days after the Debtors file any such Hearing Notice.