## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : | Case No. 09-10138 (KG) |
| Nortel Networks Inc., et al.,[1] | : | Jointly Administered |
|  | : |  |
| Debtors | : | **Objection Deadline:** October 12, 2010 at 4:00 p.m. (ET) |
|  | : | **Hearing Date:** Scheduled only if necessary |

------------------------------------------------------X

**NINETEENTH MONTHLY APPLICATION OF AKIN GUMP STRAUSS
HAUER & FELD LLP, CO-COUNSEL FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM
ALLOWANCE OF COMPENSATION AND FOR
THE REIMBURSEMENT OF EXPENSES FOR SERVICES
RENDERED DURING THE PERIOD FROM
AUGUST 1, 2010 THROUGH AUGUST 31, 2010**

This is a(n):  __X__ monthly _____ interim _____ final application.

Name of Applicant:  Akin Gump Strauss Hauer & Feld LLP _____

Authorized to Provide
Professional Services to: Official Committee of Unsecured Creditors _____

Date of Retention: March 5, 2009 (nunc pro tunc to January 22, 2009) _____

Period for which Compensation
and Reimbursement is sought: August 1, 2010 through August 31, 2010 _____

Amount of Compensation sought as
actual, reasonable, and necessary: $720,036.50 _____

Amount of Expense Reimbursement sought
as actual, reasonable, and necessary: $19,953.51 _____

The total time expended during this Compensation Period for the preparation of Akin Gump's
Seventeenth and Eighteenth Monthly Fee Applications was 12.90 hours and the corresponding
compensation is $6,212.50.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226).

**Prior Fee Applications:**

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 01/22/09 – 02/28/09 (First Monthly Fee Application) | $1,002,466.75 | $14,994.50 | On July 17, 2009, this Court entered an order (Docket No. 1103) awarding Akin Gump 100% of the fees and expenses requested in the First Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the First Monthly Fee Application. |
| 03/01/09 – 03/31/09 (Second Monthly Fee Application) | $866,587.25 | $14,080.55 | On July 17, 2009, this Court entered an order (Docket No. 1103) awarding Akin Gump 100% of the fees and expenses requested in the Second Monthly Fee Application. Akin Gump voluntarily agreed to reduce the expenses requested by $1,459.22. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Second Monthly Fee Application. |
| 04/01/09 – 04/30/09 (Third Monthly Fee Application) | $919,594.75 | $22,201.07 | On July 17, 2009, this Court entered an order (Docket No. 1103) awarding Akin Gump 100% of the fees and expenses requested in the Third Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Third Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 05/01/09 – 05/31/09 (Fourth Monthly Fee Application) | $766,765.75 | $54,512.10 | On September 30, 2009, this Court entered an order (Docket No. 1582) awarding Akin Gump 100% of the fees and expenses requested in the Fourth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Fourth Monthly Fee Application. |
| 06/01/09 – 06/30/09 (Fifth Monthly Fee Application) | $962,202.75 | $25,000.85 | On September 30, 2009, this Court entered an order (Docket No. 1582) awarding Akin Gump 100% of the fees and expenses requested in the Fifth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Fifth Monthly Fee Application. |
| 07/01/09 – 07/31/09 (Sixth Monthly Fee Application) | $1,042,206.00 | $24,587.92 | On September 30, 2009, this Court entered an order (Docket No. 1582) awarding Akin Gump 100% of the fees and expenses requested in the Sixth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Sixth Monthly Fee Application. |
| 08/01/09 – 08/31/09 (Seventh Monthly Fee Application) | $653,999.00 | $44,610.63 | On December 15, 2009, this Court entered an order (Docket No. 2143) awarding Akin Gump 100% of the fees and expenses requested in the Seventh Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Seventh Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 09/01/09 – 09/30/09 (Eighth Monthly Fee Application) | $1,103,982.50 | $24,753.35 | On December 15, 2009, this Court entered an order (Docket No. 2143) awarding Akin Gump 100% of the fees and expenses requested in the Eighth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Eighth Monthly Fee Application. |
| 10/01/09 – 10/31/09 (Ninth Monthly Fee Application) | $1,036,266.50 | $35,745.59 | On December 15, 2009, this Court entered an order (Docket No. 2143) awarding Akin Gump 100% of the fees and expenses requested in the Ninth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Ninth Monthly Fee Application. |
| 11/01/09 – 11/30/09 (Tenth Monthly Fee Application) | $1,008,811.00 | $40,388.57 | On March 17, 2010, this Court entered an order (Docket No. 2730) awarding Akin Gump 100% of the fees and expenses requested in the Tenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Tenth Monthly Fee Application. |
| 12/01/09 – 12/31/09 (Eleventh Monthly Fee Application) | $1,003,203.75 | $40,839.88 | On March 17, 2010, this Court entered an order (Docket No. 2730) awarding Akin Gump 100% of the fees and expenses requested in the Eleventh Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Eleventh Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 01/01/10 – 01/31/10 (Twelfth Monthly Fee Application) | $638,879.75 | $34,184.80 | On March 17, 2010, this Court entered an order (Docket No. 2370) awarding Akin Gump 100% of the fees and expenses requested in the Twelfth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Twelfth Monthly Fee Application. |
| 02/01/10 – 02/28/10 (Thirteenth Monthly Fee Application) | $636,531.00 | $26,874.51 | On June 24, 2010, this Court entered an order (Docket No. 3217) awarding Akin Gump 100% of the fees and expenses requested in the Thirteenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Thirteenth Monthly Fee Application. |
| 03/01/10 – 03/31/10 (Fourteenth Monthly Fee Application) | $958,619.25 | $20,735.21 | On June 24, 2010, this Court entered an order (Docket No. 3217) awarding Akin Gump 100% of the fees and expenses requested in the Fourteenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Fourteenth Monthly Fee Application. |
| 04/01/10 – 04/30/10 (Fifteenth Monthly Fee Application) | $608,880.50 | $23,821.31 | On June 24, 2010, this Court entered an order (Docket No. 3217) awarding Akin Gump 100% of the fees and expenses requested in the Fifteenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Fifteenth Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 05/01/10 – 05/31/10 (Sixteenth Monthly Fee Application) | $633,157.50 | $28,308.46 | On July 23, 2010, a certificate of no objection (Docket No. 3725) was filed with respect to the Sixteenth Monthly Fee Application.[2] Akin Gump has received 80% of the fees and 100% of the expenses requested in the Sixteenth Monthly Fee Application. |
| 06/01/10 – 06/30/10 (Seventeenth Monthly Fee Application) | $591,154.50 | $13,375.36 | On August 27, 2010, a certificate of no objection (Docket No. 3834) was filed with respect to the Seventeenth Monthly Fee Application. Akin Gump has received 80% of the fees and 100% of the expenses requested in the Seventeenth Monthly Fee Application. |
| 07/01/10 – 07/31/10 (Eighteenth Monthly Fee Application) | $405,934.00 | $11,538.54 | The objection deadline for the Eighteenth Monthly Fee Application is September 22, 2010. As of the date of this Application, no objections have been filed with respect to the Eighteenth Monthly Fee Application. Akin Gump has not received payment of the fees and expenses requested in the Eighteenth Monthly Fee Application. |

---

[2] On August 3, 2010, a Revised Certificate of No Objection (Docket No. 3756) was filed to correct the expenses requested in the Sixteenth Monthly Fee Application.

**SUMMARY OF ATTORNEYS AND LEGAL ASSISTANTS
RENDERING SERVICES DURING THE PERIOD
AUGUST 1, 2010 THROUGH AUGUST 31, 2010**

| Name of Professional Person | Position of the Applicant, Number of Years in that Position at Current or Prior Firms, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation Requested |
|---|---|---|---|---|
| Lisa G. Beckerman | Partner for 11 years; Admitted in 1989; Financial Restructuring Department | $950 | 32.50 | $30,875.00 |
| David H. Botter | Partner for 9 years; Admitted in 1990; Financial Restructuring Department | $875 | 73.70 | $64,487.50 |
| L. Rachael Helyar | Partner for 6 years; Admitted in 1995; Litigation Department | $605 | 17.30 | $10,466.50 |
| Fred S. Hodara | Partner for 21 years; Admitted in 1982; Financial Restructuring Department | $975 | 70.30 | $68,542.50 |
| Karol A. Kepchar | Partner for 9 years; Admitted in 1992; Intellectual Property Department | $645 | 32.40 | $20,898.00 |
| Stephen B. Kuhn | Partner for 10 years; Admitted in 1991; Corporate Department | $775 | 76.20 | $59,055.00 |
| Robert H. Pees | Partner for 14 years; Admitted in 1988; Litigation Department | $790 | 24.00 | $18,960.00 |
| David H. Quigley | Partner for 3 years; Admitted in 2000; Environmental Department | $590 | 1.70 | $1,003.00 |
| Randall N. Ratner | Partner for 24 years; Admitted in 1979; Real Estate Department | $650 | 10.20 | $6,630.00 |
| Sarah Link Schultz | Partner for 1 year; Admitted in 2001; Financial Restructuring Department | $640 | 107.00 | $68,480.00 |
| Bruce E. Simonetti | Partner for 6 years; Admitted in 1995; ERISA Department | $780 | 8.50 | $6,630.00 |
| Kevin M. Rowe | Senior Counsel for 10 years; Admitted in 1985; Tax Department | $675 | 78.00 | $52,650.00 |

8324838 v1

| Name of Professional Person | Position of the Applicant, Number of Years in that Position at Current or Prior Firms, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation Requested |
|---|---|---|---|---|
| Tony D. Feuerstein | Counsel for 3 years; Admitted in 2003; Corporate Department | $600 | 23.40 | $14,040.00 |
| Amit Kurlekar | Counsel for 2 years; Admitted in 2005; Litigation Department | $550 | 22.30 | $12,265.00 |
| Sunny Gulati | Counsel for 2 years; Admitted in 2005; Litigation Department | $575 | 6.50 | $3,737.50 |
| David C. Vondle | Counsel for 2 years; Admitted in 2003; Intellectual Property Department | $550 | 66.90 | $36,795.00 |
| Graeme D. Bell | International Law Advisor for 2 years; Admitted in 2003; Financial Restructuring Department | $600 | 145.80 | $87,480.00 |
| Laura T. Geyer | Senior Attorney for 2 years; Admitted in 1998; Intellectual Property Department | $430 | 31.20 | $13,416.00 |
| Dawn M. Harrop | Associate for 1 year; Admitted in 2010; Litigation Department | $350 | 4.50 | $1,575.00 |
| Brad M. Kahn | Associate for 3 years; Admitted in 2008; Financial Restructuring Department | $450 | 203.90 | $91,755.00 |
| Joshua Y. Sturm | Associate for 4 years; Admitted in 2007; Financial Restructuring Department | $500 | 45.90 | $22,950.00 |
| Ashley F. Waters | Associate for 5 years; Admitted in 2006; Litigation Department | $525 | 4.10 | $2,152.50 |
| Sarah J. Woodell | Associate for 1 year; Admitted in 2010; Financial Restructuring Department | $325 | 18.30 | $5,947.50 |
| Jennifer L. Woodson | Associate for 1 year; Admitted in 2010; Tax Department | $350 | 44.30 | $15,505.00 |
| Alexandra R. Caleca | Legal Assistant for 1 year; Financial Restructuring Department | $200 | 3.90 | $780.00 |

| Name of Professional Person | Position of the Applicant, Number of Years in that Position at Current or Prior Firms, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation Requested |
|---|---|---|---|---|
| Dagmara Krasa-Berstell | Legal Assistant for 20 years; Financial Restructuring Department | $220 | 4.30 | $946.00 |
| Jerry R. Sierecki | Legal Assistant for 4 years; Litigation Department | $170 | 6.30 | $1,071.00 |
| Peter J. Sprofera | Legal Assistant for 34 years; Financial Restructuring Department | $255 | 3.70 | $943.50 |

Total Amount of Fees:     $720,036.50
Total Number of Hours:    1,167.10
Blended Hourly Rate:      $616.95

## COMPENSATION BY PROJECT CATEGORY
## AUGUST 1, 2010 THROUGH AUGUST 31, 2010

| Project Category | Total Hours | Total Fees |
|---|---|---|
| General Case Administration | 4.90 | $3,920.50 |
| Akin Gump Fee Applications/Monthly Billing Reports | 13.80 | $6,655.50 |
| Analysis of Other Professionals' Fee Applications/Reports | 12.00 | $3,761.00 |
| Retention of Professionals | 5.50 | $2,488.50 |
| Creditors' Committee Meetings | 125.10 | $80,628.50 |
| Court Hearings | 1.20 | $802.50 |
| Financial Reports and Analysis | 3.20 | $2,149.00 |
| General Claims Analysis/Claims Objections | 45.70 | $27,028.50 |
| Analysis of Pre-Petition Transactions | 7.20 | $3,600.00 |
| Canadian Proceedings/Matters | 0.80 | $622.50 |
| Lift Stay Litigation | 4.60 | $2,487.00 |
| General Adversary Proceedings | 27.50 | $11,330.00 |
| Tax Issues | 15.10 | $6,422.50 |
| Labor Issues/Employee Benefits | 93.20 | $62,304.50 |
| Real Estate Issues/Leases | 14.50 | $9,679.00 |
| Plan, Disclosure Statement and Plan Related Documentation | 40.00 | $26,076.50 |
| Asset/Stock Transactions/Business Liquidations | 276.00 | $161,064.50 |
| Travel (billed at 50% of actual time) | 15.60 | $9,706.00 |
| Environmental Matters | 1.70 | $1,003.00 |
| Non-Debtor Affiliates | 0.50 | $225.00 |
| Intercompany Analysis | 404.20 | $263,527.50 |
| Intellectual Property | 54.80 | $34,554.50 |
| **TOTAL** | **1,167.10** | **$720,036.50** |

8324838 v1

**DISBURSEMENT SUMMARY**
**AUGUST 1, 2010 THROUGH AUGUST 31, 2010**

| | |
|---|---:|
| Computerized Research, Corporate Service Fees & PACER Charges | $967.46 |
| Conference Call /Telephone Charges | $5,161.83 |
| Courier Service/Postage | $21.25 |
| Duplicating (@ $0.10 per page) | $585.10 |
| Meals/Committee Meeting Expenses | $4,822.93 |
| Travel Expenses – Airfare | $4,507.80 |
| Travel Expenses – Ground Transportation | $986.92 |
| Travel Expenses – Lodging | $2,505.22 |
| Travel Expenses – Parking | $108.00 |
| Travel Expenses – Train Fare | $287.00 |
| | |
| **TOTAL** | **$19,953.51** |

8324838 v1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------X

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | Case No. 09-10138 (KG) |
| Nortel Networks Inc., et al., [1] | : | Jointly Administered |
| | : | |
| Debtors | : | <u>Objection Deadline</u>: Oct. 12, 2010 at 4:00 p.m. (ET) |
| | : | <u>Hearing Date</u>: Scheduled only if necessary |

-----------------------------------------------------X

### NINETEENTH MONTHLY APPLICATION OF AKIN GUMP STRAUSS HAUER & FELD LLP, CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD <u>FROM AUGUST 1, 2010 THROUGH AUGUST 31, 2010</u>

Akin Gump Strauss Hauer & Feld LLP ("Akin Gump" or the "Applicant"), co-counsel to

the Official Committee of Unsecured Creditors (the "Committee") of Nortel Networks Inc.

("NNI"), et al. (collectively, the "Debtors"), hereby submits its nineteenth monthly application

(the "Application") pursuant to (i) sections 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Procedure for the

District of Delaware (the "Local Rules"), and (iv) the Administrative Order Pursuant to 11

U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing

Procedures for Interim Compensation and Reimbursement of Fees and Expenses for

Professionals and Official Committee Members entered on February 4, 2009 (the

"Administrative Fee Order"), for interim allowance of compensation for services rendered in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226).

aggregate amount of $720,036.50 and for reimbursement of actual and necessary expenses

incurred by Akin Gump in connection therewith in the amount of $19,953.51 for the period

from August 1, 2010 through August 31, 2010 (the "Compensation Period"). In support of this

Application, Akin Gump respectfully states as follows:

## I.    JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and

1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory bases for the relief requested herein

are sections 1103 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014.

## II.    BACKGROUND

2.      On January 14, 2009 (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief (the "U.S. Proceeding") under chapter 11 of the Bankruptcy Code in the United

States Bankruptcy Court for the District of Delaware (the "Court").

3.      The Debtors are operating their businesses and managing their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On

January 15, 2009, the Court entered an order for the joint administration of these cases pursuant

to Bankruptcy Rule 1015(b) for procedural purposes only.

4.      On January 14, 2009, the Debtors' ultimate corporate parent, Nortel Networks

Corporation ("NNC"), together with Nortel Networks Limited ("NNL") and certain of their

Canadian affiliates (collectively, the "Canadian Debtors" and, together with the Debtors, the

"Nortel Debtors") commenced a proceeding (the "Canadian Proceeding") before the Ontario

Superior Court of Justice (the "Canadian Court") for a plan of compromise or arrangement under

Canada's Companies' Creditors Arrangement Act ("CCAA"). The Canadian Debtors continue to

operate their businesses and manage their properties under the supervision of the Canadian Court and Ernst & Young Inc. as monitor (the "Monitor").

5.       On January 14, 2009, the High Court of Justice in England (the "UK Court") placed nineteen of the Debtors' European affiliates (collectively, the "EMEA Debtors"), including Nortel Networks U.K. Limited ("NNUK"), into administration (the "European Proceedings" and, together with the U.S. Proceeding and Canadian Proceeding, the "Insolvency Proceedings") under the control of individuals from Ernst & Young LLC (the "Administrator").

6.       On January 22, 2009 (the "Committee Formation Date"), pursuant to section 1102 of the Bankruptcy Code, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee. The Committee currently consists of three members, as follows: (i) Law Debenture Trust Company of New York, as indenture trustee; (ii) Pension Benefit Guaranty Corporation; and (iii) The Bank of New York Mellon, as indenture trustee.  No trustee or examiner has been appointed in these chapter 11 cases. An ad hoc group of holders of bonds issues by the Nortel Debtors has also been formed (the "Ad Hoc Bondholder Group").

7.       On March 5, 2009, this Court entered an order authorizing the retention of Akin Gump as co-counsel to the Committee, *nunc pro tunc* to January 22, 2009.  On that same day, the Court authorized the Committee to retain and employ Jefferies & Company, Inc. ("Jefferies") as the Committee's investment banker, Capstone Advisory Group, LLC ("Capstone") as the Committee's financial advisor, Fraser Milner Casgrain LLP ("FMC") as the Committee's Canadian counsel, Ashurst LLP ("Ashurst") as the Committee's European counsel, and Kurtzman Carson Consultants, LLC ("KCC") as the Committee's communications agent.

8.       On June 10, 2009, Akin Gump filed its First Interim Fee Application Request for the Period January 22, 2009 through April 30, 2009 (the "First Interim Application").  In its First

Interim Application, Akin Gump sought the award and allowance of fees in the amount of

$2,788,648.75 and the reimbursement of expenses in the amount of $48,632.74.[2] On July 17,

2009, this Court entered an order approving 100% of the fees and expenses sought in the First

Interim Application and Akin Gump has received payment of such amounts.

9.    On September 10, 2009, Akin Gump filed its Second Interim Fee Application

Request for the Period May 1, 2009 through July 31, 2009 (the "Second Interim Application").

In its Second Interim Application, Akin Gump sought the award and allowance of fees in the

amount of $2,771,174.50 and the reimbursement of expenses in the amount of $104,100.87.[3] On

September 30, 2009, this Court entered an order approving 100% of the fees and expenses

sought in the Second Interim Application and Akin Gump has received payment of such

amounts.

10.    On November 24, 2009, Akin Gump filed its Third Interim Fee Application

Request for the Period August 1, 2009 through October 31, 2009 (the "Third Interim

Application"). In its Third Interim Application, Akin Gump sought the award and allowance of

fees in the amount of $2,794,248.00 and the reimbursement of expenses in the amount of

$105,109.57.[4] On December 15, 2009, this Court entered an order approving 100% of the fees

---

[2] The First Interim Application sought the award of fees and expenses for the period from January 22, 2009 through
April 30, 2009, as follows: (a) January 22, 2009 through February 28, 2009: $1,002,466.75 of fees and $14,994.50
of expenses; (b) March 1, 2009 through March 31, 2009: $866,587.25 of fees and $14,080.55 of expenses; and (c)
April 1, 2009 through April 30, 2009: $919,594.75 of fees and $22,201.07 of expenses. Following discussions with
the U.S. Trustee, Akin Gump agreed to a voluntary reduction of $1,184.16 for expenses incurred during the period
covered by the First Interim Application.

[3] The Second Interim Application sought the award of fees and expenses for the period from May 1, 2009 through
July 31, 2009, as follows: (a) May 1, 2009 through May 31, 2009: $766,765.75 of fees and $54,512.10 of expenses;
(b) June 1, 2009 through June 30, 2009: $962,202.75 of fees and $25,000.85 of expenses; and (c) July 1, 2009
through July 31, 2009: $1,042,206.00 of fees and $24,587.92 of expenses.

[4] The Third Interim Application sought the award of fees and expenses for the period from August 1, 2009 through
October 31, 2009, as follows: (a) August 1, 2009 through August 31, 2009: $653,999.00 of fees and $44,610.63 of
expenses; (b) September 1, 2009 through September 30, 2009: $1,103,982.50 of fees and $24,753.35 of expenses;
and (c) October 1, 2009 through October 31, 2009: $1,036,266.50 of fees and $35,745.59 of expenses.

and expenses sought in the Third Interim Application and Akin Gump has received payment of

such amounts.

11.    On February 24, 2010, Akin Gump filed its Fourth Interim Fee Application

Request for the Period November 1, 2009 through January 31, 2010 (the "Fourth Interim

Application").[5]  In its Fourth Interim Application, Akin Gump sought the award and allowance of

fees in the amount of $2,650,894.50 and the reimbursement of expenses in the amount of

$115,413.25.[6]  On March 17, 2010, this Court entered an order approving 100% of the fees and

expenses sought in the Fourth Interim Application and Akin Gump has received payment of such

amounts.

12.    On May 28, 2010, Akin Gump filed its Fifth Interim Fee Application Request for

the Period February 1, 2010 through April 30, 2010 (the "Fifth Interim Application").  In its Fifth

Interim Application, Akin Gump sought the award and allowance of fees in the amount of

$2,204,030.75 and the reimbursement of expenses in the amount of $71,431.03.[7]  On June 24,

2010, this Court entered an order approving 100% of the fees and expenses sought in the Fifth

Interim Application.

13.    On September 7, 2010, Akin Gump filed its Sixth Interim Fee Application

Request for the Period May 1, 2010 through July 31, 2010 (the "Sixth Interim Application").  In

its Sixth Interim Application, Akin Gump sought the award and allowance of fees in the amount

---

[5] On March 1, 2010, Akin Gump filed an Amended Notice of Fourth Interim Fee Application Request solely to
provide information regarding a change in its hourly billing rates effective January 1, 2010.

[6] The Fourth Interim Application sought the award of fees and expenses for the period from November 1, 2009
through January 31, 2010, as follows: (a) November 1, 2009 through November 30, 2009: $1,008,811.00 of fees and
$40,388.57 of expenses; (b) December 1, 2009 through December 31, 2009: $1,003,203.75 of fees and $40,839.88
of expenses; and (c) January 1, 2010 through January 31, 2010: $638,879.75 of fees and $34,184.80 of expenses.

[7] The Fifth Interim Application sought the award of fees and expenses for the period from February 1, 2010 through
April 30, 2010, as follows: (a) February 1, 2010 through February 28, 2010: $636,531.00 of fees and $26,874.51 of
expenses; (b) March 1, 2010 through March 31, 2010: $958,619.25 of fees and $20,735.21 of expenses; and (c)
April 1, 2010 through April 30, 2010: $608,880.50 of fees and $23,821.31 of expenses.

of $1,630,246.00 and the reimbursement of expenses in the amount of $53,222.36.[8] A hearing

before this Court on the allowance of fees and expenses requested in the Sixth Interim Fee

Application is scheduled for September 30, 2010.

### III.    RELIEF REQUESTED

14.    By this Application, Akin Gump seeks (i) interim allowance and award of

compensation for the professional services rendered by Akin Gump as attorneys during the

Compensation Period in the amount of $720,036.50, representing 1,148.90 hours of professional

services and 18.20 hours of paraprofessional services; and (ii) reimbursement of actual and

necessary expenses incurred by Akin Gump during the Compensation Period in connection with

the rendition of such professional and paraprofessional services in the amount of $19,953.51.

15.    Pursuant to the Administrative Fee Order, Akin Gump is seeking payment of 80%

of its fees ($576,029.20) and 100% of its expenses ($19,953.51) relating to services rendered

during the Compensation Period.

16.    Akin Gump has received no payment and no promises for payment from any

source for services rendered in connection with these chapter 11 cases other than in accordance

with the Administrative Fee Order.  There is no agreement or understanding between the

Applicant and any other person (other than members of Akin Gump) for the sharing of

compensation to be received for the services rendered in these cases.

17.    As stated in the Affirmation of Fred S. Hodara, Esq. (the "Hodara Affirmation"),

annexed hereto as Exhibit A, all of the services for which interim compensation is sought herein

were rendered for or on behalf of the Committee solely in connection with these cases.

---

[8] The Sixth Interim Application sought the award of fees and expenses for the period from May 1, 2010 through July 31, 2010, as follows: (a) May 1, 2010 through May 31, 2010: $633,157.50 of fees and $28,308.46 of expenses; (b) June 1, 2010 through June 30, 2010: $591,154.50 of fees and $13,375.36 of expenses; and (c) July 1, 2010 through July 31, 2010: $405,934.00 of fees and $11,538.34 of expenses.

## IV.    SUMMARY OF SERVICES RENDERED

18.    Akin Gump has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the Debtors' unsecured creditors during the Compensation Period. The variety and complexity of the issues in these Insolvency Proceedings and the need to act or respond to issues on an expedited basis in furtherance of the Committee's needs have required the expenditure of substantial time by Akin Gump personnel from several legal disciplines.

19.    In the ordinary course of its practice, Akin Gump maintains written records of the time expended by attorneys and paraprofessionals in the rendition of their professional services. In accordance with the provisions of the Administrative Fee Order, a compilation showing the name of the attorney or paraprofessional, the date on which the services were performed, a description of the services rendered, and the amount of time spent in performing the services for the Committee during the Compensation Period is annexed hereto as Exhibit B.

20.    In the ordinary course of its practice, Akin Gump also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its services, all of which are available for inspection. A schedule of the categories of expenses and amounts for which reimbursement is requested is annexed hereto as Exhibit C. A detailed summary of the expenses is attached hereto as Exhibit D.

21.    Akin Gump respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and appropriate, and have directly contributed to the effective administration of these chapter 11 cases.

22.    The following summary of services rendered during the Compensation Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in Exhibit B.  Rather, it is

merely an attempt to highlight certain of those areas in which services were rendered to the

Committee, as well as to identify some of the problems and issues that Akin Gump was required

to address.

### Case Administration

(Fees: $3,920.50; Hours: 4.90)

23.     This subject matter relates to services rendered to the Committee to satisfy the

Committee's continuing organizational and administrative needs and enable the Committee to

continue to function as a coordinated group and to acquit its fiduciary duties.

24.     During the Compensation Period, Akin Gump reviewed and analyzed all motions

and applications filed by the Debtors and other parties in interest in these cases and any

objections thereto.  In connection with such analyses, Akin Gump conducted diligence on the

subject matter of each motion and application to, among other things, ascertain the effect that the

relief requested would have on the Debtors, the interests of the Debtors' unsecured creditors and

the administration of these cases.  These diligence efforts included reviewing underlying

documentation related to the applicable pleading and working with the Debtors' advisors to

ensure that the Committee had a complete understanding of the impact that the relief requested in

any given pleading would have on these cases.

25.     Due to Akin Gump's experience in counseling creditors' committees, Akin Gump

believes it was able to efficiently address all issues relating to case administration that have

arisen during the pendency of these Insolvency Proceedings.

### Akin Gump Fee Application/Monthly Billing Reports

(Fees: $6,655.50; Hours: 13.80)

26.     This subject matter relates to time spent reviewing invoices and drafting monthly

and interim fee statements as required under the Administrative Fee Order, including attorney

8

time to ensure that such materials do not improperly disclose highly confidential information related to the Debtors' businesses or these chapter 11 cases.

**Committee Meetings**

(Fees: $80,628.50; Hours: 125.10)

27.    This subject matter relates to Committee matters, meetings and conference calls with the Committee as a whole, with individual Committee members and with the Committee's other legal and financial advisors. Akin Gump, together with the other Committee professionals, held three telephonic meetings and one in-person meeting with the full Committee during the Compensation Period. In addition, during the Compensation Period, Akin Gump had numerous telephonic conferences with individual Committee members and the chair of the Committee and their respective professionals.

28.    Prior to its meetings with the Committee, Akin Gump reviewed each pending matter requiring the Committee's attention and all underlying documentation in connection therewith. Thereafter, Akin Gump discussed each of these matters with the Committee's other professionals, the Committee, as well as individual Committee members. During these discussions, Akin Gump assisted the Committee in formulating a position with respect to each pending matter. In addition, Akin Gump prepared and/or assisted the Committee's other professionals in preparing detailed memoranda for the Committee discussing the status of pertinent matters in these proceedings.

29.    During the Compensation Period, Akin Gump routinely held internal meetings with the professionals assigned to this matter to ensure that Akin Gump was representing the Committee in the most efficient manner at the least cost to these estates. In addition, Akin Gump coordinated all Committee activities, including attending to member issues and interacting with

9

the Committee's other professionals in setting agendas for the Committee's meetings and conference calls. Akin Gump also regularly consulted with Jefferies, Capstone, FMC and Ashurst with respect to documents and other information received from the Debtors, their representatives, and other sources.

30.    Through meetings, telephone conferences, and correspondence, Akin Gump has assisted the Committee in fulfilling its statutory duties to make informed decisions regarding the various issues that have arisen in these chapter 11 cases, to monitor closely the Debtors' management of these proceedings, and to reach independent conclusions on the merits of specific matters.

### Asset Sales

(Fees: $161,064.50; Hours: 276.00)

31.    Akin Gump spent time during the Compensation Period working closely with the Nortel Debtors and their U.S. and Canadian advisors to evaluate strategic options with respect to the divestiture of certain of the Debtors' assets. Specifically, Akin Gump attorneys spent time during the Compensation Period working with the Nortel Debtors and their professionals, the Monitor, and professionals for the other major creditor constituents to evaluate issues raised in connection with the divestitures of certain of the Nortel Debtors' businesses, including the Multi-Service Switch ("MSS") business. In that regard, Akin Gump, together with the Committee's other professionals, analyzed and assessed numerous financial and legal issues related to the transaction, and advised the Committee on those issues through detailed memoranda and telephonic conferences, as necessary.

*The MSS Sale*

32.    Akin Gump attorneys spent considerable time during the Compensation Period working with the Committee's other professionals and professionals for the Nortel Debtors,

10

analyzing and negotiating the terms of a sale of the Nortel Debtors' MSS business (the "MSS Sale") and the stalking horse bid of PSP Holding, LLC.  In connection therewith, Akin Gump attorneys reviewed, commented on, and negotiated all underlying documentation, including the form of proposed bidding procedures and related sale motion (the "MSS Bidding Procedures Motion") and held numerous conference calls with the Committee's other professionals and the Committee to ascertain and develop the Committee's position on the proposed procedures and transaction.  This Court subsequently entered an order approving the MSS Bidding Procedures Motion on September 1, 2010.  An auction with respect to the MSS Sale is scheduled to take place on September 24, 2010.

### General Claims Analysis

(Fees: $27,028.50; Hours: 45.70)

33.    This subject matter relates to the analysis of claims asserted or contemplated to be asserted against the Debtors' estates.  During the Compensation Period, Akin Gump, along with Capstone, spent time analyzing the numerous claims filed against the Debtors in the U.S. Proceeding, and discussing with the Debtors' professionals the reconciliation thereof. Additionally, Akin Gump, along with FMC, spent considerable time during the Compensation Period working with the Nortel Debtors and the Monitor negotiating an appropriate cross-border claims protocol (the "Cross-Border Claims Protocol") for use in the Insolvency Proceedings to supplement the claims procedures previously approved by the U.S. and Canadian Courts and efficiently address jurisdictional issues related to the filing and determination of claims.  Akin Gump, along with FMC, also spent time negotiating a claims procedure order in the Canadian Proceedings (the "Canadian Claims Procedure Order") to secure certain procedural rights for the Debtors and the Committee in connection with the resolution of certain Canadian claims.  On September 11, 2010, the Nortel Debtors filed motions with this Court as well as the Canadian

11

Court seeking approval of the Cross-Border Claims Protocol in form and substance acceptable to the Committee. Following a joint hearing, the Cross-Border Claims Protocol was approved on September 16, 2010 by both the U.S. and Canadian Courts. On that same date, the Canadian Court also entered the Canadian Claims Resolution Order in a form satisfactory to the Committee.

## Tax Issues

(Fees: $6,422.50; Hours: 15.10)

34.     This subject matter relates to legal services rendered by Akin Gump relating to tax matters affecting the Nortel Debtors. During the Compensation Period, Akin Gump continued its in-depth analysis of various tax issues affecting the Nortel Debtors' estates, including the Nortel Debtors' legacy transfer pricing system. In connection therewith, Akin Gump attorneys participated in numerous conferences with the Committee's other professionals and the Debtors' senior management team and advisors to discuss cross-border tax issues in the context of these Insolvency Proceedings and to consider strategic options related thereto.

## Labor and Employee Benefits Issues

(Fees: $62,304.50; Hours: 93.20)

35.     This subject matter relates to services rendered by Akin Gump in connection with the Committee's analysis of the Debtors' benefit plans and general labor matters. On June 21, 2010, the Debtors filed a motion seeking authority to terminate certain retiree and long-term disability plans (the "Termination Motion"). During the Compensation Period, Akin Gump attorneys spent significant time analyzing the Termination Motion and its impact on the Debtors' unsecured creditors, and participating in telephonic conferences with the Debtors' professionals to discuss the same. The Committee filed a joinder in support of the Debtors' Termination Motion on July 6, 2010. Following the decision of the United States Court of Appeals for the

12

Third Circuit Court in *In re Visteon Corp.*,[9] the Debtors withdrew the Termination Motion on July 16, 2010. Subsequently, on July 16, 2010, a motion was filed by an ad hoc group of Nortel retirees seeking an order authorizing the formation of a Voluntary Employee Benefit Association (the "VEBA Motion"). Akin Gump spent time during the Compensation Period analyzing issues related to the VEBA Motion, and working with the Debtors' professionals to consider strategic alternatives with respect thereto.

36.    As the Court is aware, on March 5, 2010, the Nortel Networks UK Pension Trust Limited (the "U.K. Pension Trustee") and the Board of the Pension Protection Fund (the "PPF" and, together with the U.K. Pension Trustee, the "U.K. Pension Parties") appealed (the "U.K. Pension Appeal") the order of this Court enforcing the automatic stay as it relates to the participation of the U.K. Pension Parties in the administrative proceedings regarding the alleged shortfall in the funding of the Nortel Networks U.K. Pension Plan and the potential issuance of a financial support direction against NNI (the "U.K. Pension Proceedings"), which appeal was referred by the United States District Court for the District of Delaware (the "District Court") to a Magistrate Judge. During the Compensation Period, Akin Gump continued to work with the Debtors' professionals to assess strategic alternatives related to the U.K. Pension Appeal and related issues. On August 5, 2010, the Magistrate Judge issued a report and recommendation (the "Magistrate R&R") that the District Court affirm this Court's order enforcing the automatic stay against the U.K. Pension Parties. On August 17, 2010, the U.K. Pension Parties filed an objection to the Magistrate R&R (the "U.K. Objection"), asserting, among other things, that the Magistrate Judge applied the incorrect standard of review in recommending that the District Court affirm this Court's decision. Akin Gump, working with the Debtors' counsel, spent

---

[9] *See In re Visteon Corp.*, No. 10-1944, 2010 WL 2735715 (3d Cir. July 13, 2010).

significant time reviewing the U.K. Objection and drafting a response thereto, which response was filed with District Court on August 31, 2010.

### Real Estate Issues/Leases

(Fees: $17,920.50; Hours: 28.70)

37.    This subject matter relates to services rendered by Akin Gump in connection with the Committee's analysis of a proposal for the purchase of certain of the Debtors' real estate (the "Real Estate Proposal"). During the Compensation Period, Akin Gump attorneys spent time, together with Capstone and Jefferies, analyzing the Real Estate Proposal, discussing the same with the Debtors' professionals, and reviewing drafts of the underlying documentation proposed in connection therewith. Akin Gump has continued to work with the Debtors' professionals to assess strategic alternatives in connection with the Real Estate Proposal and to negotiate the documentation in connection therewith.

### Plan and Disclosure Statement

(Fees: $26,076.50; Hours: 40.00)

38.    As the Court is aware, the Debtors filed the *Joint Chapter 11 Plan of Nortel Networks Inc. and its Affiliated Debtors* (the "Plan") on July 12, 2010. On September 3, 2010, the Debtors filed the *Disclosure Statement for the Joint Chapter 11 Plan of Nortel Networks Inc. and its Affiliated Debtors* (the "Disclosure Statement"). During the Compensation Period, Akin Gump, with the Committee's other professionals, thoroughly reviewed, analyzed and commented on drafts of the Disclosure Statement, and participated in numerous telephone conferences with the Debtors' professionals to discuss issues related thereto. Akin Gump attorneys also spent time analyzing certain issues raised by the Plan and discussing such issues with the Debtors' counsel. Through telephone conferences with the full Committee, as well as with individual

Committee members, Akin Gump kept the Committee apprised of material issues raised by the terms of the Plan and the Disclosure Statement.

**Intercompany Issues**

(Fees: $263,527.50; Hours: 404.20)

39.    This subject matter relates to time spent by Akin Gump attorneys reviewing and analyzing certain intercompany issues arising among the various Nortel entities around the world, and their impact on the Nortel Debtors' Insolvency Proceedings. As required under the terms of the Interim Funding Agreement, Akin Gump, along with the Committee's other professionals, continued negotiations during the Compensation Period with professionals for the Nortel Debtors, the Monitor, the Administrator and the Ad Hoc Bondholder Group concerning the allocation of sale proceeds generated by the various asset sales consummated by the estates. Akin Gump, on behalf of the Committee, will continue to negotiate in good faith with the other parties to reach a framework for the allocation of sale proceeds.

40.    Akin Gump attorneys, along with the Committee's other professionals, spent significant time during the Compensation Period analyzing and examining issues related to the allocation of sale proceeds and discussing such issues with the Committee, including in-depth analyses of various methodologies for allocating value among the Nortel entities.  In connection therewith, Akin Gump participated in numerous meetings and telephonic conferences with the Debtors' professionals to discuss strategic alternatives with respect to the allocation in order to maximize recoveries for the Debtors' estates. Additionally, during the Compensation Period, Akin Gump, on behalf of the Committee, participated in a two-day in-person meeting with professionals for the Nortel Debtors, the Monitor, the Administrator and the Ad Hoc Bondholder Group to discuss matters related to the allocation of sale proceeds and its impact on the Insolvency Proceedings.

## Intellectual Property

(Fees: $34,554.50; Hours: 54.80)

41.     During the Compensation Period, Akin Gump attorneys continued to review and examine the Nortel Debtors' intellectual property portfolio, analyze intellectual property issues associated with the various asset divestitures by the estates, and consider strategic alternatives for maximizing the value of the Nortel Debtors' intellectual property portfolio for the benefit of the estates.  In connection therewith, Akin Gump attorneys, along with the Committee's other professionals, participated in teleconferences with the Nortel Debtors' professionals and analyzed various issues regarding the intellectual property monetization process.  Further, Akin Gump, Capstone and Jefferies continuously kept the Committee apprised of the progress of such process as well as its impact on the Nortel Debtors' Insolvency Proceedings.

## Non-Working Travel

(Fees: $9,706.00; Hours: 15.60)

42.     During the Compensation Period, Akin Gump attorneys spent 31.20 non-working hours traveling to Court hearings and/or meetings.  Pursuant to Local Rule 2016-2(d)(viii), Akin Gump has discounted this time by 50% and, accordingly, has billed 15.60 working hours traveling for the Compensation Period.

## V.    ALLOWANCE OF COMPENSATION

43.     The professional services rendered by Akin Gump required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and determination by the Committee could be addressed with skill and dispatch and have, therefore, required the expenditure of substantial time and effort.  It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically,

16

and the results obtained to date have benefited not only the members of the Committee, but also

the unsecured creditor body as a whole and the Debtors' estates.

44.     The allowance of interim compensation for services rendered and reimbursement

of expenses in bankruptcy cases is expressly provided for in section 331 of the Bankruptcy Code:

> . . . any professional person . . . may apply to the court not more than once every
> 120 days after an order for relief in a case under this title, or more often if the
> court permits, for such compensation for services rendered . . . as is provided
> under section 330 of this title.

11 U.S.C. § 331. Moreover, this Court has authorized the filing of this Application pursuant to

the Administrative Fee Order.

45.     With respect to the level of compensation, 11 U.S.C. § 330(a)(1)(A) provides, in

pertinent part, that the Court may award to a professional person "reasonable compensation for

actual, necessary services rendered . . . ." 11 U.S.C. § 330(a)(1)(A). Section 330(a)(3), in turn,

provides that:

> In determining the amount of reasonable compensation to be awarded . . . the
> court shall consider the nature, the extent, and the value of such services, taking
> into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or
> beneficial at the time at which the service was rendered toward the
> completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of
> time commensurate with the complexity, importance, and nature of the
> problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board
> certified or otherwise has demonstrated skill and experience in the
> bankruptcy field; and

17

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. §330(a)(3).  The clear Congressional intent and policy expressed in this statute is to provide for adequate compensation in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases.

46.     The total time spent by Akin Gump attorneys and paraprofessionals during the Compensation Period was 1,167.10 hours.  The work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.

47.     As shown by this application and supporting documents, Akin Gump spent its time economically and without unnecessary duplication of time.  Attached hereto as <u>Exhibit E</u> is a schedule of the hours expended by the attorneys and paraprofessionals during the Compensation Period, their normal hourly rates, and the value of their services.  In addition, Akin Gump incurred actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee in the sum of $19,953.51 for which Akin Gump respectfully requests reimbursement in full.

48.     The disbursements and expenses have been incurred in accordance with Akin Gump's normal practice of charging clients for expenses clearly related to and required by particular matters.  Akin Gump has endeavored to minimize these expenses to the fullest extent possible.

49.     Akin Gump's billing rates do not include charges for photocopying, telephone and facsimile charges, computerized research, travel expenses, "working meals," secretarial overtime, postage and certain other office services, since the needs of each client for such services differ.  Akin Gump believes that it is fairest to charge each client only for the services actually used in performing services for it.  Akin Gump charges $.10 per page for internal

18

duplicating and does not charge for facsimile transmissions. Akin Gump has negotiated a discounted transactional rate for computer assisted legal research.

50.    No agreement or understanding exists between Akin Gump and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

51.    No prior application has been made in this or in any other Court for the relief requested herein for the Compensation Period.

**WHEREFORE**, Akin Gump respectfully requests that this Court:

(a)    approve the allowance of $720,036.50 for compensation for professional services rendered to the Committee during the period from August 1, 2010 through and including August 31, 2010;

(b)    approve the reimbursement of Akin Gump's out-of-pocket expenses incurred in connection with the rendering of such services during the period from August 1, 2010 through and including August 31, 2010 in the amount of $19,953.51; and

(c)    authorize and direct the Debtors to immediately pay to Akin Gump the amount of $595,982.71, which is equal to the sum of 80% of Akin Gump's fees and 100% of Akin Gump's expenses incurred during the Compensation Period.

Dated:    New York, New York
          September 22, 2010

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____
Fred S. Hodara (*pro hac vice*)
A Member of the Firm
One Bryant Park
New York, New York 10036
(212) 872-1000
Co-Counsel to the Official Committee of
Unsecured Creditors

20