```
                    IN THE UNITED STATES BANKRUPTCY COURT
                      FOR THE DISTRICT OF DELAWARE


                                )
IN RE:                          ) Chapter 11
                                )
NORTEL NETWORKS INC., et al., ) Case No. 09-10138 (KG)
                                )
                                ) Courtroom 3
                                ) 824 Market Street
_____Debtors._____ ) Wilmington, Delaware

                                  September 16, 2010
                                  10:35 a.m.


                      TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE KEVIN GROSS
                  UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:                    Morris Nichols Arsht & Tunnell
                                BY:  DEREK C. ABBOTT, ESQ.
                                BY:  ANN C. CORDO, ESQ.
                                1201 North Market Street
                                18th Floor
                                P.O. Box 1347
                                Wilmington, DE 19899-1347
                                (302) 658-9200

                                Cleary Gottlieb Steen & Hamilton
                                BY:  JAMES L. BROMLEY, ESQ.
                                BY:  LISA M. SCHWEITZER, ESQ.
                                BY:  SALVATORE F. BIANCA, ESQ.
                                One Liberty Plaza
                                New York, NY 10006
                                (212) 225-2000

ECRO:                           GINGER MACE

Transcription Service:          DIAZ DATA SERVICES
                                331 Schuylkill Street
                                Harrisburg, Pennsylvania 17110
                                (717) 233-6664
                                www.diazdata.com


Proceedings recorded by electronic sound recording; transcript
produced by transcription service
```

APPEARANCES:
(Continued)

For The Official Committee          Richards Layton & Finger
Of Unsecured Creditors:             BY:  CHRISTOPHER M. SAMIS, ESQ.
                                    One Rodney Square
                                    920 North King Street
                                    Wilmington, DE 19801
                                    (302) 651-7700

                                    Akin Gump Strauss Hauer & Feld
                                    BY:  DAVID H. BOTTER, ESQ.
                                    BY:  BRAD M. KAHN, ESQ.
                                    One Bryant Park
                                    New York, NY 10036
                                    (212) 872-1000

For UK Pension Plan                 Bayard, P.A.
Trustee:                            BY:  JUSTIN R. ALBERTO, ESQ.
                                    222 Delaware Avenue
                                    Suite 900
                                    Wilmington, DE 19801
                                    (302) 655-5000

For Avaya:                          Pepper Hamilton LLP
                                    BY:  DAVID B. STRATTON, ESQ.
                                    Hercules Plaza Suite 5100
                                    1313 Market Street
                                    P.O. Box 1709
                                    Wilmington, DE 19899-1709
                                    (302) 777-6500

For U.S. Trustee:                   Office of the U.S. Trustee
                                    BY:  PATRICK TINKER, ESQ.
                                    844 King Street, Suite 2207
                                    Lockbox 35
                                    Wilmington, DE 19801
                                    (302) 573-6491


TELEPHONIC APPEARANCES:


For Ernst & Young:                  Allen & Overy LLP
                                    BY:  LISA KRAIDIN, ESQ.
                                    (212) 610-7300

For Hondo Sen:                      Cetus Capital
                                    BY:  HONDO SEN
                                    (203) 552-3528

TELEPHONIC APPEARANCES:
(Continued)

| | |
|---|---|
| For Tricadia Capital: | BY:  STEPHEN GRISANTI<br>(602) 769-2334 |
| For Macquarie Bank: | BY:  SUSAN S. CHEN<br>(212) 231-2386 |
| For Bond Holders Group: | Milbank Tweed Hadley & McCloy<br>BY:  THOMAS KRELLER, ESQ.<br>(213) 892-4463 |
| For Trustee of Nortel<br>Network UK Pension<br>Plan: | Wilkie Farr & Gallagher LLP<br>BY:  BRIAN E. O'CONNOR, ESQ.<br>(212) 728-8519 |
| For John Ray: | Avidity Partners/Trustee<br>BY:  JOHN RAY<br>(630) 613-7300 |
| For Nortel Networks UK: | Davies Ward Phillips & Vineberg<br>BY:  ROBIN SCHWILL, ESQ. |
| For Molitor, Ernst,<br>Young, Inc.: | BY:  JOE PASQUARIELLO, ESQ.<br>(416) 979-2211 |
| For Nortel Networks Corp.: | BY:  TONY REYES, ESQ.<br>BY:  JENNIFER STAM, ESQ.<br>(416) 216-2327 |
| For the Committee: | BY:  ALEX MACFARLANE, ESQ.<br><br>(416) 863-4582 |

1   WILMINGTON, DELAWARE, THURSDAY, SEPTEMBER 16, 2010, 10:35 A.M.

2              THE CLERK:  Please rise.

3              THE COURT:  Good morning, everyone.  Thank you and

4   please be seated.  It's a pleasure to see you all.

5              MR. ABBOTT:  Good morning, Your Honor.

6              THE COURT:  Good morning, Justice Marowitz.

7              JUSTICE MAROWITZ:  Good morning, Judge Gross.

8              THE COURT:  Good morning.

9              JUSTICE MAROWITZ:  Our video in Toronto does not

10  show you, it does show the counsel at the dais.

11             THE COURT:  And I can hear you -- I hear you

12  clearly, Justice Marowitz.  Good morning, Mr. Abbott.

13             MR. ABBOTT:  Good morning, Your Honor.  Good

14  morning, Mr. Justice Marowitz.  We're here for at least that

15  portion of the hearing today here that will be cross-border, so

16  we've got those issues first.  There's one very quick

17  administrative matter I think Mr. Bromley would like to address

18  with the Court before we get to the claims protocol matter,

19  Your Honor, if I may?

20             THE COURT:  You may.

21             MR. ABBOTT:  Thank you.

22             THE COURT:  Good morning, Mr. Bromley.

23             MR. BROMLEY:  Good morning, Your Honor.  Good

24  morning, Justice Marowitz.

25             I'm going to address a matter which is on both

1   calendars and there are corresponding motions, one in the

2   United States and one in Canada, and this has to do with, at

3   least in the U.S. it's captioned Debtors' Motion for Entry of

4   an Order Enforcing the Order Authorizing the Sale of Certain

5   Assets and Equity Interest in the Debtors' Enterprise Solutions

6   Business --

7            THE COURT:  Yes.

8            MR. BROMLEY:  -- and Directing the Release of

9   Certain Escrow Funds.

10           We have been referring to this as the Avaya dispute

11  or the Avaya purchase price dispute.  And you may recall, Your

12  Honor, that this motion was filed in June and there was a

13  corresponding motion filed in Canada, I believe, on July 9th

14  and it had been scheduled for joint hearing and then adjourned

15  to give the parties an opportunity to try to settle the matter.

16  I am pleased to inform the Court that over the course of

17  several weeks we have been able to do -- and several months,

18  actually, been able to do a number of things.

19           First, Your Honors may recall that in the enterprise

20  transaction there was an escrow account that was established in

21  the amount of $30 million United States currency to deal with

22  certain purchase price adjustments.  There was a deadline for

23  the submission of demands with respect to the purchase price

24  adjustments and we received a demand.

25           Before we got to the point of actually -- of

1    actually having to litigate this we were able to release nearly

2    $15 million out of the account, over 10 million into the black

3    box for the Nortel sellers and a little less than $5 million to

4    Avaya.  So very quickly we were able to narrow the disputes.

5         I'm happy to say that over the course of the past

6    couple of weeks we have been able, as well, to resolve the

7    remaining issues that are outstanding between Avaya and the

8    Nortel sellers.  We are in the process of documenting that at

9    the moment and we had hoped to be able to provide a form of a

10   stipulation that would be presented to both courts today and

11   unfortunately we had a little last minute hiccup in terms of

12   some schedules that are being worked out right now between the

13   business folks at Avaya and at Nortel.

14        So it is our hope, Your Honor, to be able to submit

15   to this Court under certification of counsel an agreed

16   stipulation within the next day or so, or no later than next

17   week, as soon as we are able to resolve that.  So certainly at

18   this point in time it is our view that we have reached an

19   agreement in principal, subject only to documentation.  And

20   I've been in coordination with Ms. Stam in Toronto as well for

21   the -- to make sure that the materials that will be submitted

22   here will be consistent with those submitted in Canada.

23        So at this point, Your Honor, we don't have a

24   contested matter with Avaya going forward.  We do hope to be

25   able to have a stipulation resolving the matter entered -- or

1  presented to both courts within a day or so.

2            THE COURT:  Thank you, Mr. Bromley.

3            MR. BROMLEY:  And I know counsel for Avaya is here

4  as well.

5            THE COURT:  Mr. Stratton, good morning.

6            MR. STRATTON:  Good morning, Your Honor.  David

7  Stratton, Pepper Hamilton.  My understanding of where the deal

8  is, is consistent with the representations Mr. Bromley has made

9  to the Court.  We hope to have a stipulation wrapped up soon

10  and matters continued -- I don't know when the next hearing

11  date is, but we expect, I hope, to have this done by then.  And

12  unless Your Honor has anything else for me, I'd like to be

13  excused?

14            THE COURT:  You may be.

15            MR. STRATTON:  Thank you.

16            THE COURT:  Thank you, Mr. Stratton.

17            MR. BROMLEY:  Just to follow up on Mr. Stratton's

18  suggestion, we do have a --

19            THE COURT:  September 30.

20            MR. BROMLEY:  -- September 30th and it is scheduled

21  for a joint hearing.  We have a sale -- a transaction hopefully

22  to be approved at that hearing.  So I would suggest that for

23  administrative purposes if we could move it to that calendar

24  date, but our sincere hope and expectation is that we'll have

25  an order presented in the meantime.

1          THE COURT:  All right.  Thank you, Mr. Bromley.

2    That makes sense and is certainly acceptable here.

3          MR. BROMLEY:  And if I could ask Ms. Stam or Mr. Tay

4    (phonetic) to confirm that that is acceptable from the Canadian

5    perspective, I'd appreciate it.

6          MS. STAM:  Good morning, Judge Gross.

7          THE COURT:  Good morning.

8          MS. STAM:  What Mr. Bromley proposes is acceptable.

9    We and the monitor have been involved in the settlement

10   discussions and are familiar with the settlement terms.  The

11   stipulation that Mr. Bromley referred to is -- provides the

12   settlement terms for all of the parties.  In the event, Your

13   Honor, that it is settled today our proposal would be to bring

14   a consent order up to approve that tomorrow morning for the

15   9/30, and if not we would be in touch with scheduling sometime

16   for an appointment to get that order signed once the

17   stipulation is held.

18         JUSTICE MAROWITZ:  You're of the view that this does

19   not have to go then to September 30th?

20         MS. STAM:  Well, I suppose that in the meantime it

21   can be adjourned to September 30th, just because it is

22   returnable today, but that we will be back with a consent order

23   for settlement prior to that date.

24         JUSTICE MAROWITZ:  All right.  That's fine.  That's

25   satisfactory.  Anybody else wish to make submissions on this

1  issue?   Then I endorse the record here that the parties have

2  reached agreement in principal, subject to documentation,

3  adjourned to September 30th, 2010 for formal disposition, or

4  more sooner if all consent.

5          MS. STAM:   Thank you, Your Honor.

6          JUSTICE MAROWITZ:   Thank you.   Judge Gross?

7          THE COURT:   Thank you.

8          MR. BROMLEY:   And then I'd turn it over to my

9  colleague, Ms. Schweitzer, for the claims issues.

10          THE COURT:   Very well.   Thank you, Mr. Bromley.

11  Good morning, Ms. Schweitzer.

12          MS. SCHWEITZER:   Good morning, Your Honor.   For the

13  record, Lisa Schweitzer from Cleary Gottlieb for the debtors.

14  We apologize for a slight delay in getting started this

15  morning, but the good news is, as often is this case, it

16  enabled us to bring closure to some of the issues that you

17  otherwise would have been tasked with hearing today.

18          And so we're seeking approval today of the cross-

19  border claims protocol by way of joint hearing.   And just to

20  step back and frame the issue is that there's actually two

21  interrelated procedures that are being approved in Canada

22  today.   There's the cross-border claims protocol and also the

23  Canadian claims resolution order, where the Canadian claims

24  resolution order empowers the monitor to resolve certain claims

25  and provides for rights to be heard in Canada and other further

1   rights.

2           We realize that you actually -- I'm not sure that

3   that came into your records, so I have a copy here for you.  If

4   I could approach?

5           THE COURT:  Yes, you certainly may, Ms. Schweitzer.

6   Thank you.  Okay, good.

7           Now I don't -- I'm not sure, but Justice Marowitz, I

8   had understood based on our prior telephone conversation that

9   you might like to hear from a Mr. Tay at the outset?

10          JUSTICE MAROWITZ:  Well, I think as is our custom,

11  Counsel, Judge Gross and I have discussed procedural matters

12  and just between ourselves thought that Mr. Tay might be able

13  to advise or whether it's Mr. Reyes (phonetic) or Ms. Stam, as

14  to whether it's more appropriate in your view for the Canadian

15  aspects to proceed first or whether it would be to follow our

16  usual custom, which would be to hear from the counsel in

17  Delaware first followed by hearings up here.

18          MR. REYES:  Good morning, Your Honor.

19          THE COURT:  Good morning.

20          MR. REYES:  Tony Reyes (phonetic) for the Canadian

21  debtors.  Good morning, Judge Gross.

22          THE COURT:  Good morning.

23          MR. REYES:  I think we're content -- good morning.

24  We're content speaking for counsel collectively to proceed with

25  the joint hearing, as Ms. Schweitzer was about to say.  We

1  think we've come to terms.  It is tied to the claims resolution

2  order and we will speak to that subsequently in a Canadian only

3  hearing.  That said, there are a few issues that will be spoken

4  to that may take a bit more time.  So rather than keep Judge

5  Gross and our colleagues in New York there hearing that part of

6  it, we'll just proceed with the joint hearing first, if that's

7  acceptable.

8            JUSTICE MAROWITZ:  Well, I don't know how many will

9  be in New York, but there will be plenty in Delaware.

10           MR. REYES:  Delaware, I'm sorry, Your Honor.

11           JUSTICE MAROWITZ:  That's fine.  And so to over the

12  -- Mr. McFarland (phonetic)?

13           MR. MCFARLAND:  Just one point of clarification.

14  I'm on for the U.S. Creditors' Committee, Your Honor, and Judge

15  Gross, is that although the hearing would proceed first, I

16  think we've also agreed that your decision with respect to the

17  cross-border claims protocol would be held in reservation and -

18  -

19           THE CLERK:  Please slow down and speak up.

20           MR. MCFARLAND:  That your decision with respect to

21  approval of the cross-border claims protocol would be held in

22  reserve until Your Honor has had an opportunity to hear the

23  motion on the claims filed resolution order in the event that

24  there's no material changes to that order that will deviate

25  from what's been agreed to by the parties for the cross-border

1  claims protocol.  And then you would --

2         JUSTICE MAROWITZ:  Is that a request that both the

3  disposition in Delaware and my disposition on the cross-border

4  should be held --

5         MR. MCFARLAND:  Yes.

6         JUSTICE MAROWITZ:  -- pending?

7         MR. MCFARLAND:  Yes.

8         JUSTICE MAROWITZ:  All right.

9         MR. MCFARLAND:  And that's acceptable to us, your

10 Honor.

11        JUSTICE MAROWITZ:  Okay. On that basis, Judge Gross,

12 as we're discussing, it's appropriate that Delaware proceeds

13 first and then we'll deal with it at Ontario, and then we'll

14 take a recess and take stock of where things are and then the

15 Canadian only aspect will proceed and then we'll deal with

16 disposition thereafter.

17        THE COURT:  All right, Justice Marowitz.

18        JUSTICE MAROWITZ:  Thank you.

19        THE COURT:  Very well.  Ms. Schweitzer, please

20 continue.  Thank you.

21        MS. SCHWEITZER:  Thank you, Your Honor.  So as we

22 just made a round circle here, I think we're all in agreement

23 that we're going -- the two orders up for hearing -- or the

24 motions up for hearing today are the approval of the cross-

25 border claims protocol and the related Canadian claims

1    resolution order.  And as Mr. Reyes set forth, and the parties

2    had agreed in advance, is that we would start with the joint

3    hearing portion of them, recognizing and I'll go through a

4    little bit of the history and the provisions, but that they

5    are, in fact, interlinked documents, but to the extent that --

6    with respect to the claims resolution order in Canada, there

7    are parochial concerns that don't -- that the U.S. Debtor is

8    not concerned how they come out based on our understanding of

9    the issues as they've been explained to us, that we're okay

10   with that portion proceeding not by way of joint hearing, but

11   the parties have also agreed that while Your Honors are welcome

12   to consult and rule on the cross-border protocol, that no order

13   would be entered until both orders are finally signed off on.

14           THE COURT:  Very well.

15           MS. SCHWEITZER:  So it will be kind of a two-step,

16   but enable Your Honor not to have to sit through the Canadian

17   only portion of the hearing in Canada.

18           THE COURT:  All right.

19           MS. SCHWEITZER:  So the terms blur after awhile, so

20   I apologize in advance if I misspeak on any of them, but I'll

21   do my best.  To remind you of the history of the process here,

22   is that we had originally had approved a cross-border protocol

23   in the US and Canada by way of joint hearing, I believe last

24   year -- the end of last year, and at that time the parties

25   decided that it was premature for us to engage in negotiation

1    on a cross-border claims protocol, but that protocol itself did

2    envision the later negotiation and adoption of a cross-border

3    claims protocol between the states.

4            THE COURT:  Yes.

5            MS. SCHWEITZER:  It's similarly when we set bar

6    dates in the US and Canada.  Those motions and orders similarly

7    contemplated that the bar dates would be set, but again without

8    prejudice and in contemplation of the fact that there would be

9    a subsequent cross-border claims protocol entered between the

10   states to address to the fact that there are substantial

11   overlapping claims in the two estates, that we share creditors,

12   and sometimes, in fact, share creditors under the same

13   agreements or the same or similar causes of action and that's

14   it in the interest of anyone to jointly work together to

15   administer those claims and there are going to be opportunities

16   and times that the parties, in fact, view it's necessary for us

17   to have mutual rights to be heard and to coordinate hearings in

18   furtherance of the efficient resolution of the claims.

19           THE COURT:  Yes.

20           MS. SCHWEITZER:  So to take us back to this year,

21   earlier this year the U.S. Debtors negotiated and settled with

22   the Canadian Debtors, again with involvement of the creditor

23   committee and the bond holder committee, the final Canadian

24   funding and settlement agreement.  And as you'll recall in

25   there, the -- that was a negotiation of different financial

1  obligations between the states.  And among other things, and

2  without trying to capture the entire agreement, there is an

3  agreement that the United States would pay $190 million to

4  Canada over the course of this year, subject to the adjustments

5  in the agreement.  And as well, the Canadian Debtors would

6  allow a $2 billion prefiling or unsecured claim that the U.S.

7  would have against the Canadian Debtors for obligations as

8  described in that agreement.

9          A third provision that was negotiated at that time

10 in recognition of the substantial claims that the U.S. Debtors,

11 NNI particularly had against Canada, and the fact that the

12 estates were interlinked in various ways, was that there was a

13 Paragraph 15 put into that Canadian funding settlement

14 agreement that also provided that the U.S. Debtor and the

15 Canadian Debtors together would negotiate and resolve a cross-

16 border claims protocol and the Canadian claims resolution order

17 both.  And that both of those agreements then would be in form

18 acceptable to the creditor committee, the bond holder

19 committee, and the monitor, each acting reasonably.

20         So all along we've contemplated not only the

21 necessity of these protocols and the Canadian claims resolution

22 order being heard in Canada, but also the idea that they would

23 -- they're both important to the U.S. estates and they'll all

24 be negotiated collectively and in forms reasonably acceptable

25 to our major constituents as specified therein.

1          And, in fact, there has been heavy negotiation of

2    the protocols and the orders over the last several months and

3    as the shortened notice indicates, and we apologize for that,

4    it's been down to the wire in trying to get them done, but it's

5    been productive.  And so we've now filed these two motions.

6          And just to -- I don't want to go through the entire

7    provisions, but it's worthy of note that the cross-border

8    claims protocol primarily designates overlapping claims and

9    same creditor claims within it or overlapping claims or same or

10   affiliated claimants, and also the cause of action is somehow

11   overlapping, that it's a guarantee or it's arising under the

12   same contract or as otherwise described therein.  And then

13   there are also same creditor claims where the cause of action

14   doesn't necessarily overlap, but the parties overlap between

15   the claims filed against U.S. Debtors and Canadian Debtors.

16   And the claims protocol provides for various rights and

17   obligations between the U.S. Debtors and the Canadian Debtors

18   and the monitor and the committees with respect to those

19   claims.

20          In particular, there are information sharing

21   provisions.  There are periodic reporting provisions and there

22   are claims resolution provisions set forth in there, in terms

23   of the parties' willingness and agreement to stand still before

24   resolving certain claims in order to consult and work together

25   to resolve the claims.  And then the claims protocol also, in

1   Paragraph 24, gives the U.S. and Canadian Debtors, the monitor

2   the bond holder committee and the creditor committee certain

3   rights to be heard in each others' courts with respect to

4   claims subject to the claims protocol and specific claims as

5   I'll get to in a minute.

6           So that's the claims protocol and I -- there are no

7   objections in the U.S. that have been filed to the claims

8   protocol as presented.  And facially, in Canada, the objections

9   that have been filed are not to the claims protocol itself,

10  although the provisions being interlinked they are filed

11  against the claims resolution order -- the Canadian claims

12  resolution order in ways that I'll get to in a second that tie

13  to some of the rights that are granted and the way we've

14  negotiated the protocol.

15          So to turn to that, in the cross-border protocol, in

16  recognition of the overlapping claims and same creditor claims,

17  the U.S. Debtors and committees also recognize that there were

18  material claims in Canada.  The Canadian process is slightly

19  different than the U.S., in that claims can be resolved by a

20  Canadian claims officer, rather than only by the Court or

21  before the Court, and they have a more court ordered process,

22  as opposed to the standard process in the U.S. of filing

23  objections, coming to the Court to have them heard and

24  resolved.

25          So in negotiating the Canadian claims resolution

1    order, which builds in that procedural process, we recognize

2    that there are material Canadian claims, which we've called

3    specific claims, that we said look, whether they are

4    overlapping claims or not overlapping claims, we want the U.S.

5    Debtors and the creditor committee and the bond holder

6    committee want and require certain rights with respect to those

7    specific claims in Canada.  So some of them -- some of those

8    rights appear in the Canadian claims resolution order and some

9    of them appear in the cross-border protocol and some of them

10   are carved out in one or the other because it's all -- as long

11   as you get it, you don't care which document it's in, and all

12   that.  For example, the rights to be heard or information

13   sharing and the like.

14              And so the specific claims that are there again in

15   the Canadian claims resolution order that I've handed up to

16   you, which I've put a tab on I think Paragraph 10, but in

17   Paragraph 7 on Page 9 of that -- I mean, Page 6 of that same

18   document they go through the specific claims and define them.

19   We're basically there to, you know, as set forth therein, but

20   they're the UK pension claim, certain Canadian pension claims,

21   the bond holder claims, certain employee claims, intercompany

22   claims and claims over $50 million Canadian.  So they're meant

23   to capture certain material claims and those rights as set

24   forth and given to the U.S. Debtors and creditor committee in

25   terms of a right to be -- that the Canadian Debtors and

1   monitors will consult with us before allowing those claims and

2   the Canadian Debtors and monitors will report to us certain

3   information and that we have the right to be heard at hearings

4   on the resolution of those claims and that those hearings will

5   occur in front of Justice Marowitz in his court, rather than

6   merely through a claims officer.

7              And so we've handed up for you the entire order, but

8   the -- it has provisions similar in kind to the cross-border

9   protocol, in fact complimentary and entwined to the cross-

10  border protocol, again dealing with rights to be heard, access

11  to information, consultation, cooperation and procedures for

12  allowance.

13             And so we -- I think in that again the order is

14  largely acceptable to everyone.  There is the superintendent of

15  financial services who are otherwise known as FISCO in Canada

16  who's filed this morning what we call in the U.S. an objection,

17  it's their factum or their response paper in Canada, which Your

18  Honor, for the record, I've handed up to you as well --

19             THE COURT:  Yes.

20             MS. SCHWEITZER:  -- for your information, which it

21  raises certain objections to the claims resolution order.  In

22  particularly, addresses a provision which is Paragraph 10(b) on

23  Page 9 of the Canadian claims resolution order.  And that

24  provision specifically says that the U.S. Debtors, the creditor

25  committee, the Canadian Debtors and the bond holder group will

1   have the right to support or object and be heard, so

2   effectively the right to be heard, at hearings provided for in

3   the Canadian claims resolution order or the cross-border claims

4   protocol with respect to specific claims, which were these

5   material Canadian claims we've talked about, which may or may

6   not otherwise be overlapping claims or these protocol claims,

7   which are the claims covered by the cross-border protocol,

8   namely the specific claims and overlapping claims.  And we

9   should have the right to be heard either in the Canadian court

10  or by way of joint hearing before the U.S. and Canadian courts.

11          FISCO's concern was only to make sure that that

12  language wasn't an unlimited and automatic right of the U.S.

13  Debtors and the creditor committee to be heard in other non-

14  judicial processes, such as the claims officer process, and

15  that certain issues should be dealt with for another day,

16  rather than -- so they asked for one clarification, which I've

17  been told resolves their objection with respect to Paragraph

18  10(b).

19          THE COURT:  All right.

20          MS. SCHWEITZER:  And the language that they wanted

21  inserted is in the last cause where we talk about the hearings

22  provided for in the order -- the claims protocol order, being

23  with respect to specific claims of protocol claims, we would

24  just after the comma insert the language, where such hearing is

25  in either this Court or a joint hearing of both of the Courts,

1  which I think is the intention originally of the language, but

2  it makes clear that there's not other hearings that are being

3  captured as an automatic standing right.

4  Now the good news is, I think, that I've been told,

5  and we can defer to Canada in one minute, that this resolves

6  the objections of FISCO and its acceptable to the Canadian

7  Debtors, the monitor, the creditor committee and the bond

8  holder committee.  And there's a clarification certainly that

9  needs to put on the record, which is that this -- you know,

10  this paragraph is in here to give additive rights to the U.S.

11  Debtors and to give automatic rights to the U.S. Debtors and

12  the committees, but it's -- this language itself, and certainly

13  this clarification, are without prejudice to the U.S. Debtors

14  and the creditor committee and the bond holder committee to

15  seek to have standing or to argue they have standing somewhere

16  else.

17  So it's not meant to be detracting from us, it's

18  meant to be securing certain rights without prejudice to our

19  right to seek -- to be heard at other hearings, the same as any

20  creditor in Canada or based on whatever rights we think we have

21  to make those arguments.  So with that, I think that resolves

22  the 10(b) argument.

23  Before I turn it over to Canada, I do want to note

24  that there were other objections that were asserted,

25  informally, I guess, or formally against the Canadian Debtors,

1  including by the UK pension authorities who are seeking, my

2  understanding was, more time or more notice before their claims

3  are heard and other potential objections that, as explained to

4  us, did not implicate the U.S. Debtors' rights, particularly

5  with respect to notice, our right to be heard, our right to

6  participate, consult, cooperate.  And we have been told by the

7  Canadian Debtors that they don't have any side agreements or

8  anything with anyone else that would step on our rights as

9  memorialized in the cross-border claims protocol and the

10  Canadian claims resolution order.

11         So with that, I think that that is how we came to

12  the conclusion that if we can resolve this one objection that

13  we could terminate the joint hearing at the end of this, you

14  know, subject to everyone obviously being heard and confirming

15  or raising any arguments they'd like to with these provisions,

16  that we could proceed and with that modification the claims

17  protocol is still acceptable to the U.S. Debtors and we would

18  seek approval of it in this forum.

19         I would note, because I don't know what order this

20  will come in and to not take a second trip at the podium,

21  another concern raised -- or question raised informally by

22  FISCO, the same objecting party, was among other things that

23  they viewed as Canadian only requests, was a request to have

24  certain provisional voting rights put into the Canadian claims

25  resolution order, so the same way claims are allowed for voting

1  purposes in the U.S.  My understanding it's a parallel request

2  for claims to be provisionally allowed for voting under the

3  CCAA plans and we've told the Canadian Debtors that -- and I

4  think that they agree that that's, first of all, premature, and

5  second of all, the cross -- the general cross-border protocol

6  provides here matters relating to plans, disclosure statements

7  and plans of arrangement in Canada would separately be heard by

8  joint hearing or that we have the right to request that, and we

9  would request that, so that we would our understanding is the

10 Canadian Debtors would resist that provision, but that -- to

11 flag it is a provision that would be concerning to us if anyone

12 was inclined to grant those types of rights because that was

13 never introduced to us prior to, I think, last night or this

14 morning as an issue that even had risk of being baked into this

15 process.

16            So with that, I think I would turn it over to our

17 friends in Canada and then I know, Mr. Botter looks like he

18 wants to be heard.  I don't know if it's easier to allow the

19 Canadian Debtors to do their opening case and then we can have

20 the creditor committee speak or if -- I'm fine either way.  I

21 don't want to detract.

22            THE COURT:  Let me hear -- why don't we hear from

23 Mr. Botter for the creditors' committee first before we turn

24 over to Canada so we'll have the whole picture from here.

25 Thank you, Ms. Schweitzer.

1          MS. SCHWEITZER:  Thank you.

2          THE COURT:  Mr. Botter, good morning.

3          MR. BOTTER:  Good morning, Judge Gross, and thank

4    you, and I will be brief.  Good morning, Mr. Justice Marowitz,

5    as well.

6          Your Honor, what we are talking about this morning

7    is the process for the allowance of claims.  That really is all

8    that we're talking about this morning.  And as Ms. Schweitzer

9    suggested, that process itself was very heavily negotiated

10   amongst all of the parties and the agreed upon process with the

11   one change, which is acceptable to the committees, is reflected

12   in the cross-border claims protocol that we are seeking

13   approval of today.

14         What we are not talking about, and I think what Ms.

15   Schweitzer just highlighted, is we're not talking about

16   ultimate distributions.

17         THE COURT:  Right.

18         MR. BOTTER:  We're not talking about treatment of

19   claims, either here or in Canada.  Those will be dealt with

20   solely in connection with a Chapter 11 or CCAA plan.  And so I

21   just want to clarify the record that we are just talking about

22   the process for allowance of claims.  And with that, Your

23   Honor, the creditors' committee has signed off on both the

24   claims protocol and the short and little amendment that was

25   suggested at the podium this morning.  Thank you, Your Honor.

1          THE COURT:   Thank you, Mr. Botter.   All right, Mr.

2     Justice Marowitz, I will turn it over to you now.

3          JUSTICE MAROWITZ:   Thank you, Judge Gross.

4          MR. REYES:   Thank you, once again, Your Honor and

5     Judge Gross.   Ms. Schweitzer did faithfully relate the long and

6     detailed negotiations that have taken place and also the

7     conclusion that we've arrived at.   The four words that she

8     mentioned to the edit to Paragraph 10(b) we've also agreed upon

9     and that was the major issue identified among a number of

10    counsel at least with respect to the claims resolution order.

11    There is another issue that Mr. Ward (phonetic) will address on

12    behalf of the UK pension trustee and pension protection fund.

13          There is two things that I wanted to mention.

14    First, that under the bar orders, as defined in both Canada and

15    the United States, certain claims were excluded claims.   And

16    therefore we haven't had a process to prove those claims or to

17    resolve those claims.   The way that the claims resolution order

18    and the way that the cross-border protocol works is that as

19    those claims resolution processes get put in place they fall

20    automatically into the cross-border protocol so we don't have

21    to reinvent the wheel when we get there.   I only address that

22    because Mr. Swill (phonetic) had asked me to do that and I'll

23    get back into a bit more in the claims resolution order.

24          So, for example, we will have a claims procedure

25    order here soon.   There will be no need to ask for a cross-

1    border protocol as it relates to that order, essentially as

2    those processes mature they will work automatically into the

3    cross-border claims protocol.

4         The only other thing since it has -- well, two

5    things I propose.  Mr. Rosenberg gave me the memorandum that

6    Ms. Schweitzer referred to.  He hadn't filed it, but I have it

7    if Your Honor would like it since it's been mentioned, I should

8    pass it up.

9         JUSTICE MAROWITZ:  Thank you.

10        MR. REYES:  That said, I think we've addressed the

11   issues by discussion and negotiation that are in there, so Mr.

12   Rosenberg will confirm.  I don't think he will need to take you

13   through that.

14        And the last thing is the other issue that has come

15   up in terms of the dividing line between what is a claims

16   resolution order, i.e. claims that have been filed will be

17   addressed, and voting distribution issues.  There is a line

18   between order and in Canada, what would be a meeting order.  We

19   have deferred quite consciously the voting distribution issues

20   for another day and another order, so we don't propose to deal

21   with them today.

22        And I think subject to what my friends may have to

23   say, that's all that the debtors -- the Canadian Debtors have

24   to say on the cross-border protocol unless Your Honor or Judge

25   Gross would like to hear more detail.

1          JUSTICE MAROWITZ:  I thank you.  Judge Gross, is

2    there -- do you wish to hear further from Mr. Reyes on that

3    point?

4          THE COURT:  I am satisfied with what I've heard thus

5    far, Mr. Justice Marowitz.  Thank you.

6          JUSTICE MAROWITZ:  Thank you.  Mr. Rosenberg?

7          MR. ROSENBERG:  Good morning.  Good morning, Your

8    Honors.  My name is Rosenberg and I act for the superintendent

9    of financial institutions for the province of Ontario, in its

10   capacity as administrator of the pension benefit guarantee

11   fund.  I will be brief.  Since our memorandum was referred to

12   and our issues, I feel it's important just to put our position

13   forward.

14         We have resolved the matter on its technical context

15   in terms of the words that were added to Paragraph 10(b).  I

16   won't take you through the memorandum.  The issue is set out,

17   the policy concern that we had was simple, if you look at

18   Paragraph 21 and 22 of the blackline order, there is a claims

19   process that is set out and we wanted to ensure that the

20   Canadian procedure was followed, in that it would be a monitor

21   to creditor process.  That would be at Page 14 of the blackline

22   order, Tab 5.  It's Page 84 and 88 of the motion record.

23         So you've looked at Paragraph 10(b) and that refers

24   to hearings.  We wanted to ensure that that hearing definition

25   did not apply to the claims officer's processes under 21 and

1   22.   And that, we believe, has now been made clear.

2               There's a broader issue that we've left for now, and

3   our content to see how the matter unfolds, and that is if the

4   actual claim is to be adjusted and determined in front of a

5   judge as opposed to a claims officer then 10(b) would give

6   certain creditors standing.  It will ultimately be for the

7   Court to decide how that hearing would unfold and it would be

8   in the discretion of the judge.  It would be highly unusual in

9   a Canadian context for a bi-party monitor creditor claims

10  process to turn into a multi-party proceeding, full blown

11  litigation.

12              Ultimately the judge hearing that would decide it.

13  Our main concern was to ensure that the 21 -- Paragraph 21 and

14  22 process remains the bi-party typical Canadian process.  In

15  our memorandum we do refer to the policy issues behind it and

16  compare it to the typical trustee and bankruptcy process and we

17  leave that with the Court.

18              There is only one other issue, that is 10(b) refers

19  to the bond holder groups and the UCC specifically.  It doesn't

20  exclude our client or any other client -- any other party of

21  interest coming forward.  We, of course, would reserve our

22  rights in the future to have the same standing as those parties

23  if and when we advise the Court of our interest.  And you could

24  -- you see -- you will see as well in our memorandum that we

25  suggest that we could add the word "superintendent" but to be

1  fair to all parties, I think all parties, if and when they're

2  advised by their client, they have an interest should have the

3  right, like the bond holders and UCC to come forward.

4         Those are the nub -- that's the nub of our

5  submission and I don't think we need to go further through our

6  memorandum.  But our memorandum does set out the reasons for

7  our submissions.

8         JUSTICE MAROWITZ:  Well, I'll reserve my rights to

9  ask you at some point in the future what you find typical about

10 this proceeding.

11        MR. ROSENBERG:  Well, we actually say in our

12 memorandum it's an atypical proceeding.  Thank you, Your Honor.

13        JUSTICE MAROWITZ:  Thank you very much, Mr.

14 Rosenberg.

15        MR. ZIGLER:  Yes, Your Honor, Mark Zigler.  Good

16 morning, Your Honor.  Good morning, Judge Gross.  I'm here for

17 the Canadian employees and pension groups -- or the former

18 employees and the insured disabled group.  We have the same

19 objections --

20        THE CLERK:  Mr. Ziggler, I beg your pardon, but

21 there's an echo, so if you can slow down so I can get you.

22        MR. ZIGLER:  Sure.

23        THE CLERK:  Thank you.

24        MR. ZIGLER:  We have the same concerns as Mr.

25 Rosenberg had.  They have been resolved.  There were some other

1   concerns that were resolved as well, all with no need to change

2   the order.  So I think we can advise the Court there is a

3   cooperative effort among the monitor and the debtors to ensure

4   that the flow of information parallels for major Canadian

5   creditors that the UCC and the bond holders now are in Canada

6   pursuant to the cross-border protocol, and that is our

7   intention.  And I think if there is an issue in the future, not

8   that I'm in the habit of reserving rights, the preference is to

9   raise it at that point in time.  It is an atypical proceeding

10  because you will have multi-party adjudications on these

11  specific claims and that's how they intend -- we intend to work

12  with the information being shared fairly among all creditors.

13          That was the purpose of trying to resolve the 10(b)

14  issue and what underlies all of it.  Other than that, I have no

15  submissions.

16          JUSTICE MAROWITZ:  Thank you.  Mr. Pasquariello?

17          MR. PASQUARIELLO:  Good morning, Your Honor.  Good

18  morning, Judge Gross.

19          THE COURT:  Good morning.

20          MR. PASQUARIELLO:  The monitor, Your Honor, has

21  filed its fifty-third report in support of the applicant's

22  motion.  As one would expect, but especially given the

23  anticipated role of the monitor in the claims resolution, the

24  monitor has been intricately involved in the discussions that

25  have given rise to the proposed claims resolution order and the

1  cross-border claims protocol, which is before the Court for

2  approval today.

3          The monitor consents to it playing the typical role

4  of administering the proposed claims process.  It endorses and

5  accepts the level of coordination and cooperation between the

6  applicants and the U.S. Debtors, as outlined in the claims

7  protocol and the claims resolution order.

8          Having said that, Your Honor, the monitor recognizes

9  that this proposed process is not necessarily bound by

10 precedent in Canada and is of the view that it should not be

11 viewed necessarily as setting a precedent for all cases going

12 forward, but the monitor is of the view that the proposed

13 process makes sense and is reasonable in this particular case.

14 And on that basis, Your Honor, the monitor supports the

15 approval of the claims processes in question.  Those are my

16 submissions unless you have any specific questions of me, Your

17 Honor.

18          JUSTICE MAROWITZ:  Thank you.

19          MR. PASQUARIELLO:  Thank you.

20          JUSTICE MAROWITZ:  And final?

21          MR. MACFARLANE:  Your Honor, Judge Gross, Alex

22 MacFarlane, again for the committee.  Just -- I'm only going to

23 address one point.  I'm just picking up on the point that Ms.

24 Schweitzer made on behalf of the U.S. Debtors concerning 10(b)

25 and just to clarify, the UCCs interpretation of that paragraph

1   as it conforms with the U.S. Debtors is that that Paragraph

2   10(b) is to preserve the rights with respect to the ability of

3   the U.S. Debtors, the bond holders and the committee to appear

4   before this Court, the U.S. Court or joint hearings with

5   respect to specific claims that are specifically enumerated in

6   the claims resolution order and with respect to protocol claims

7   that are set out in the claims protocol.

8            The reference in that paragraph, to which there's

9   been some debate about, is the word hearing that pre -- I guess

10  it appears in the fifth line or fourth line of 10(b), and what

11  -- how the -- the committee's view on this is that certainly,

12  with respect to specific claims as enumerated in the claims

13  resolution order, all those claims will ultimately come before

14  Your Honor for resolution on full notice and with the ability

15  for the committee, the bond holders, the U.S. Debtors, to

16  participate in that hearing in accordance with the rights that

17  reserved as Ms. Schweitzer pointed out, in Paragraph 24 of the

18  cross-border claims protocol and that's how the two documents

19  mesh.

20           What we also expect that -- in the event that the

21  matter comes before Your Honor for resolution of a specific

22  claim or there's a recommendation from either the Canadian

23  Debtors or the monitor, that adjudication of that claim should

24  be bifurcated and Your Honor should refer the matter, or that

25  Your Honor does decide to refer that matter to another process

1    -- and out-of-court process, i.e. a mediation process or a

2    claims resolution process driven by a claims officer, similar

3    to Paragraph 20 and 21.  At that hearing before Your Honor we

4    would obviously have the ability to make submissions and to

5    participate and to continue the same rights that were preserved

6    in the hearing before Your Honor, in a hearing that would go

7    forward in respect of those -- that out-of-court process.  That

8    would be obviously an issue for the day before Your Honor --

9            JUSTICE MAROWITZ:  That's for another day.

10           MR. MACFARLANE:  That's correct, but I just want to

11   make sure that's the expectation.  It doesn't stop just for

12   respect of the hearing, we would continue.  Those are my

13   submissions.  Thank you.

14           JUSTICE MAROWITZ:  Thank you.  Any other counsel

15   wish to make submissions?

16           Assume then that concludes all of the submissions on

17   the joint hearing aspect.

18           MR. REYES:   I believe that's correct, Your Honor,

19   from the Canadian side.

20           MS. SCHWEITZER:  Your Honor?

21           THE COURT:  Yes, Ms. Schweitzer?

22           JUSTICE MAROWITZ:  Judge Gross, that has complete --

23           THE COURT:  Mr. Justice Marowitz, Ms. Schweitzer has

24   come to the podium.  Yes?

25           MS. SCHWEITZER:  Assuming the Canadian side is done,

1   I just want to address the one point that Mr. Rosenberg made,

2   in response to that.

3            THE COURT:  Yes.

4            MS. SCHWEITZER:  In his objection he actually -- his

5   argument is that -- he's referring to a bilateral process is

6   the monitor gets to object and only if they fall down on the

7   job other people can come in behind them.  And I want to make

8   clear that if that is the understanding of either of the

9   Courts, which I don't say that it is, I would hope that it's

10  not, is to the rights being granted under 10(b) of the order,

11  that that would actually be quite objectionable to the U.S.

12  Debtors and I assume the committees as well, because for

13  example, I can point to claims that -- the UK pension claims,

14  for example, would be at least same creditor claims.  There

15  have been similar claims argued against us.  We've carved them

16  out of the same creditor claims in order to get them treated as

17  specific claims.

18            And in connection with that, we have a right to be

19  heard at hearings of the Court in Canada and that's important

20  to us.  The same with the bond holder claims.  The bond holder

21  claims have a different procedural way they flow through the

22  documents, but they get some of the rights come through the

23  specific claim designation and some of the rights come through

24  the cross-border protocol.

25            In any event, this paragraph refers to the

1   resolution of claims of specific claims and protocol claims and

2   this is not a fig leaf.  This is not something that was like a

3   nice to have and we'll see when we get there if you get any

4   substantive rights.  This was intended to give us absolute

5   standing as it says, the right to support, object and be heard

6   at any hearing.  And that we are not -- we didn't ask for

7   consent rights on the claims, we didn't ask for blocking votes

8   on the claims, but we said that if we're going to break them

9   and allow them to go forward in Canada, that we want all these

10  claims, including the FISCO claim, including his claim

11  specifically, that we have the right to be heard.

12          And so we want to make that clear and respond to

13  that specific comment.  And if anyone wants to me too, I'm sure

14  they can, but I feel comfortable me too-ing on behalf of the

15  creditor committee and bond holder group if they want to save

16  one trip at the podium, because I know that this was an

17  essential and critical and main provision that was negotiated

18  in the order and it flows through the cross-border claims

19  protocol as well.

20          THE COURT:  Thank you, Ms. Schweitzer.

21          JUSTICE MAROWITZ:  Thank you.  I think that the

22  submissions are clear.  If there's any point, I looked out to

23  the counsel table and see less than 15 lawyers in court, I'll

24  know that there might be an issue, but we'd have to canvass

25  further.  I think everybody's on the same page, Ms. Schweitzer,

1   and Judge Gross and unless there's anything further in your

2   court, we'll take a brief recess?

3              THE COURT:  Very well.  We'll take a brief recess to

4   consult and we'll be back to make our ruling.

5         (Recess taken from 11:19 a.m. to 11:24 a.m.)

6              THE CLERK:  All rise.

7              THE COURT:  Thank you everyone.  Please be seated.

8              JUSTICE MAROWITZ:  Thank you.  Judge Gross, is

9   everybody ready in your courtroom?

10             THE COURT:  Yes, we are ready to proceed.

11             JUSTICE MAROWITZ:  Thank you.  As is our custom, we

12  have had a brief conference with respect to the procedural

13  aspects.  In accordance with the request of counsel, I will

14  defer ruling on the motion to approve the cross-border claims

15  protocol until such time as arguments have concluded on the

16  second, which is the motion to approve the Canadian claims

17  procedure.

18             Judge Gross, over to you.

19             THE COURT:  Thank you.  Well, I have obviously

20  reviewed the proposed claims settlement process of certain

21  prepetition claims.  It is a process which is fair and

22  reasonable and certainly is designed to, I think, make

23  settlement a less court intensive, and thereby expensive,

24  process.

25             And I am prepared to enter the order, subject of

1    course to the Canadian Court approving the cross-border

2    protocol that Justice Marowitz will hear following our hearing

3    -- our joint hearing.  So I will not enter an order until I've

4    heard Justice Marowitz as to whether or not he has granted the

5    requested protocol in Canada.

6          MS. SCHWEITZER:  Right.  Thank you, Your Honor.

7    Lisa Schweitzer.  So I think that we appreciate your ruling,

8    and also as far as coordination, what we had understood was

9    that the Canadian counsel will let us know that the order is in

10   acceptable form to us as well.  That we just have to coordinate

11   that way, that we're happy with the order --

12          THE COURT:  Of course.

13          MS. SCHWEITZER:  -- and we too can let Your Honor

14   know that, so that you have the comfort it all went well from

15   every side.

16          THE COURT:  Very well.  Thank you, Ms. Schweitzer.

17   I think -- I see Ms. Cordo holding a revised order for me?

18          MS. SCHWEITZER:  It's not revised, but I can hand it

19   up to you if you want it?

20          THE COURT:  That would be fine.  Thank you.

21          MS. SCHWEITZER:  Thank you, Your Honor.

22          THE COURT:  Thank you, Ms. Schweitzer.  That way I

23   make sure I have the --

24          MS. SCHWEITZER:  The right one.

25          THE COURT:  That's right.  All right.  So I will

1    proceed accordingly, Justice Marowitz.

2              JUSTICE MAROWITZ:  Thank you, Judge Gross.  This

3    concludes the joint hearing and our offices will obviously be

4    in communication later today.

5              THE COURT:  Thank you.  There we are.  Thank you.

6    Thank you, Ms. Mace.

7              Ms. Cordo, good morning.

8              MS. CORDO:  Good afternoon, Your Honor.  Annie

9    Cordo, Morris Nichols Arsht and Tunnel on behalf of the

10   debtors.  We have two very quick U.S. only matters on the

11   agenda; items six and seven.

12             THE COURT:  Yes.

13             MS. CORDO:  Item six was the debtors' motion for an

14   order authorizing and approving settlement procedures for

15   certain prepetition claims.  We submitted that under

16   certificate of no objection and then we got a comment from the

17   bond holders yesterday asking to be added to the notice

18   procedures.

19             THE COURT:  All right.

20             MS. CORDO:  So we just have a revised form of order

21   and a blackline for you that just adds the bond holder

22   committee to the notice procedures for the settlement.

23             THE COURT:  Certainly understandable and wise, so I

24   will be pleased to grant that.

25             MS. CORDO:  May I approach?

1          THE COURT:  Yes.  Sign that order.  Thank you, Ms.

2     Cordo.  All right.

3          MS. CORDO:  And then the next item, Your Honor, is

4     the debtors' tenth omnibus objection to claims.  It's just a

5     holdover from the last hearing where we had reserved on

6     discussions with IBM on their Claim 192 and we have resolved

7     and that claim will be disallowed with their surviving claim

8     going forward.

9          THE COURT:  All right.

10         MS. CORDO:  And I just have a revised form of order

11    for you.

12         THE COURT:  Thank you, Ms. Cordo.  Please approach

13    and I will sign that as well.

14         All right.  Signed.

15         MS. CORDO:  All right.  And, Your Honor, the last

16    thing we had on the agenda was item number nine, which is the

17    debtors' twelfth omnibus objection, which we filed an amended

18    agenda last night continuing that to the next omnibus hearing

19    on September 30th.

20         THE COURT:  Exactly.  And I appreciate your bringing

21    that to my attention and on the record.

22         MS. CORDO:  And I believe that is all we have today,

23    Your Honor.

24         THE COURT:  All right.  Counsel, it was good to see

25    you all and we'll stand in recess.  And good day to you.

1        (Whereupon at 11:30 a.m., the hearing was adjourned)

2

3                          CERTIFICATION

4        I   certify   that   the   foregoing   is   a   correct

5   transcript   from   the   electronic   sound   recording   of   the

6   proceedings in the above-entitled matter.

7

8

9   _____          September 21, 2010

10  Stephanie McMeel

11  AAERT Cert. No. 452

12  Certified Court Transcriptionist

13

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|
| debtors.___ | 1:14 | allow(3) 15:6 23:18 35:9 | | approval(7) 9:18 11:21 12:24 22:18 24:13 | | bilateral(1) 34:5 | |
| **a.m**(5) 1:17 4:1 36:5 36:5 40:1 | | allowance(3) 11:12 24:7 24:22 | | 31:2 31:15 | | billion(1) 15:6 | |
| abbott(5) 1:27 4:5 4:12 4:13 4:21 | | allowed(2) 22:25 23:2 | | | | bit(3) 11:4 13:24 25:23 | |
| ability(3) 32:2 32:14 33:4 | | allowing(1) 19:1 | | approve(3) 8:14 36:14 36:16 | | black(1) 6:2 | |
| able(5) 5:17 5:18 6:1 6:4 6:6 6:9 6:14 | | along(1) 15:20 | | approved(3) 7:22 9:21 13:22 | | blackline(3) 27:18 27:21 38:21 | |
| 6:17 6:25 10:12 | | also(13) 9:22 11:16 13:11 15:14 15:22 | | approving(2) 37:1 38:14 | | blocking(1) 35:7 | |
| | | 16:10 16:13 16:25 17:17 25:6 25:8 32:20 | | are(49) 5:1 6:7 6:8 6:12 6:17 8:10 9:21 | | blown(1) 28:10 | |
| about(11) 10:25 20:5 20:21 24:6 24:8 | | 37:8 | | 11:3 12:14 12:24 13:5 13:7 13:11 13:13 | | blur(1) 13:19 | |
| 24:14 24:15 24:18 24:21 29:9 32:9 | | although(2) 11:15 17:10 | | 14:10 14:15 16:13 16:20 16:21 16:22 17:6 | | bond(19) 3:10 14:23 15:18 17:2 18:5 | |
| | | amended(1) 39:17 | | 17:9 17:10 17:13 18:2 18:3 18:10 18:14 | | 18:21 19:25 21:7 21:24 28:19 29:3 30:5 | |
| above-entitled(1) 40:6 | | amendment(1) 24:24 | | 19:15 20:7 21:2 21:13 22:1 22:25 | | 32:3 32:15 34:20 34:20 35:15 38:17 38:21 | |
| absolute(1) 35:4 | | among(5) 15:1 22:22 25:9 30:3 30:12 | | 24:6 24:12 24:14 24:21 26:11 29:4 31:15 | | | |
| acceptable(12) 8:2 8:4 8:8 11:7 12:9 | | amongst(1) 24:10 | | 32:5 32:7 33:12 35:6 35:22 36:10 38:5 | | border(5) 9:19 12:25 15:16 19:10 26:1 | |
| 15:18 15:24 19:14 21:6 22:17 24:11 37:10 | | amount(1) 5:21 | | | | both(11) 4:25 6:10 7:1 12:2 13:13 15:17 | |
| accepts(1) 31:5 | | and(290) 4:3 4:11 5:1 5:2 5:2 5:5 5:8 | | argue(1) 21:15 | | 15:17 15:23 20:25 24:23 25:14 | |
| access(1) 19:10 | | 5:11 5:12 5:14 5:14 5:17 5:24 6:3 6:7 6:9 | | argued(1) 34:15 | | | |
| accordance(2) 32:16 36:13 | | 6:10 6:13 6:19 7:3 7:10 7:11 7:20 7:24 | | argument(2) 21:22 34:5 | | botter(7) 2:12 23:17 23:23 24:2 24:3 | |
| accordingly(1) 38:1 | | 8:2 8:3 8:9 8:10 8:15 9:8 9:18 9:19 9:20 | | arguments(3) 21:21 22:15 36:15 | | 24:18 25:1 | |
| account(2) 5:20 6:2 | | 9:22 9:25 9:25 10:11 10:12 11:2 11:5 | | arising(1) 16:11 | | bound(1) 31:9 | |
| act(1) 27:8 | | 11:11 11:14 11:17 11:19 12:1 12:3 12:9 | | arrangement(1) 23:7 | | box(3) 1:31 2:29 6:3 | |
| acting(1) 15:19 | | 12:13 12:13 12:14 12:14 12:15 12:25 13:1 | | arrived(1) 25:7 | | brad(1) 2:13 | |
| action(3) 14:13 16:10 16:13 | | 13:1 13:3 13:4 13:12 13:23 13:24 14:2 | | arsht(2) 1:26 38:9 | | break(1) 35:8 | |
| actual(1) 28:4 | | 14:6 14:6 14:8 14:12 14:13 14:15 14:16 | | ask(5) 8:3 25:25 29:9 35:6 35:7 | | brian(1) 3:15 | |
| actually(8) 5:18 5:25 6:1 9:20 10:2 29:11 | | 14:17 14:21 14:23 14:24 14:24 15:1 15:1 | | asked(2) 20:16 25:22 | | brief(5) 24:4 27:11 36:2 36:3 36:12 | |
| 34:4 34:11 | | 15:5 15:11 15:14 15:15 15:16 15:17 15:18 | | asking(1) 38:17 | | bring(2) 8:13 9:16 | |
| | | 15:21 15:23 15:24 16:1 16:2 16:2 16:3 | | aspect(2) 12:15 33:17 | | bringing(1) 39:20 | |
| add(1) 28:25 | | 16:5 16:6 16:8 16:10 16:12 16:15 16:16 | | aspects(2) 10:15 36:13 | | broader(1) 28:2 | |
| added(2) 27:15 38:17 | | 16:16 16:17 16:18 16:18 16:21 16:23 | | asserted(1) 21:24 | | bromley(16) 1:36 4:17 4:22 4:23 5:8 7:2 | |
| additive(1) 21:10 | | 16:24 16:25 17:1 17:2 17:4 17:6 17:8 | | assets(1) 5:5 | | 7:3 7:8 7:17 7:20 8:1 8:3 8:8 8:11 9:8 | |
| address(7) 4:17 4:25 14:10 25:11 25:21 | | 17:13 17:16 17:17 17:21 17:23 18:5 18:5 | | assume(3) 33:16 34:12 | | 9:10 | |
| 31:23 34:1 | | 18:6 18:8 18:9 18:11 18:13 18:14 18:18 | | assuming(1) 33:25 | | bryant(1) 2:14 | |
| | | 18:22 18:23 18:24 18:24 18:25 19:1 19:2 | | atypical(2) 29:12 30:9 | | builds(1) 18:1 | |
| addressed(2) 26:10 26:17 | | 19:3 19:4 19:7 19:9 19:11 19:13 19:23 | | authorities(1) 22:1 | | business(2) 5:6 6:13 | |
| addresses(1) 19:22 | | 19:25 20:1 20:8 20:8 20:10 20:12 20:13 | | authorizing(1) 25:7 | | but(35) 7:11 7:24 8:22 9:15 10:7 11:9 | |
| adds(1) 38:21 | | 20:14 20:20 21:5 21:6 21:7 21:8 21:11 | | automatic(3) 20:12 21:3 21:11 | | 13:4 13:5 13:10 13:16 13:20 14:1 14:7 | |
| adjourned(4) 5:14 8:21 9:3 40:1 | | 21:11 21:12 21:14 21:14 21:22 22:6 22:9 | | automatically(2) 25:20 26:2 | | 15:22 16:4 16:7 16:14 18:16 18:19 19:7 | |
| adjudication(1) 32:23 | | 22:14 22:16 22:17 22:20 23:3 23:3 23:4 | | avaya(8) 2:25 5:10 5:11 6:4 6:7 6:13 6:24 | | 21:1 21:12 23:10 26:6 28:25 29:6 29:20 | |
| adjudications(1) 30:10 | | 23:7 23:8 23:17 23:19 24:3 24:4 24:8 | | 7:3 | | 30:22 31:12 33:10 34:22 35:8 35:14 35:24 | |
| adjusted(1) 28:4 | | 24:10 24:14 24:20 24:22 24:24 24:24 24:25 | | | | 37:18 | |
| adjustments(3) 5:22 5:24 15:4 | | 25:5 25:6 25:9 25:12 25:14 25:15 25:18 | | avenue(1) 2:20 | | calendar(1) 7:23 | |
| administer(1) 14:15 | | 25:22 26:11 26:14 26:17 26:18 26:20 | | avidity(1) 3:18 | | calendars(1) 5:1 | |
| administering(1) 31:4 | | 26:22 27:8 27:12 27:18 27:19 27:22 27:25 | | awhile(1) 13:19 | | call(1) 19:16 | |
| administrativ(2) 4:17 7:23 | | 27:25 28:1 28:2 28:3 28:4 28:7 28:13 | | | | called(1) 18:2 | |
| administrator(1) 27:10 | | 28:15 28:16 28:16 28:19 28:23 28:23 29: | | back(5) 8:22 9:20 14:20 25:23 36:4 | | came(2) 10:3 22:11 | |
| adoption(1) 14:2 | | 29:3 29:5 29:17 29:18 30:3 30:6 30:6 | | baked(1) 23:14 | | can(14) 4:11 8:21 17:19 21:5 22:12 23:19 | |
| advance(2) 13:2 13:20 | | 30:7 30:11 30:14 30:25 31:4 31:5 31:6 | | bank(1) 3:7 | | 29:21 29:21 30:2 34:7 34:13 35:14 37:13 | |
| advise(3) 10:13 28:23 30:2 | | 31:7 31:10 31:13 31:14 31:20 31:25 32:3 | | bankruptcy(3) 1:2 1:22 28:16 | | 37:18 | |
| advised(1) 29:2 | | 32:6 32:10 32:14 32:18 32:24 33:1 33:3 | | bar(3) 14:5 14:7 25:14 | | canada(31) 5:2 5:13 6:22 9:21 9:25 13:6 | |
| aert(1) 40:11 | | 33:4 33:5 34:6 34:7 34:12 34:18 34:19 | | based(3) 10:8 13:8 21:20 | | 13:17 13:23 14:6 15:4 15:11 15:22 17:8 | |
| affiliated(1) 16:10 | | 34:23 35:1 35:1 35:3 35:5 35:6 35:9 | | basically(1) 18:19 | | 17:18 18:7 19:15 19:17 21:5 21:20 21:23 | |
| after(2) 13:19 20:24 | | 35:12 35:12 35:13 35:15 35:17 35:17 | | basis(2) 12:11 31:14 | | 23:7 23:17 23:24 24:19 25:14 26:18 30:5 | |
| afternoon(1) 38:8 | | 35:18 35:23 36:1 36:1 36:4 36:21 36:22 | | bayard(1) 2:18 | | 31:10 34:19 35:9 37:5 | |
| again(7) 14:7 14:22 18:14 19:10 19:13 | | 36:23 36:25 37:8 37:13 38:3 38:9 38:11 | | because(8) 8:21 18:10 22:19 23:12 25:22 | | canadian(58) 8:4 9:23 9:23 10:14 10:20 | |
| 25:4 31:22 | | 38:14 38:16 38:21 38:23 39:3 39:6 39:7 | | 30:10 34:12 35:16 | | 11:2 12:15 12:25 13:16 14:22 14:23 15:5 | |
| | | 39:10 39:13 39:15 39:20 39:21 39:22 | | | | 15:7 15:13 15:15 15:16 15:21 16:15 16:17 | |
| against(6) 15:7 15:11 16:15 17:11 21:25 | | 39:25 39:25 | | been(25) 5:10 5:14 5:17 5:18 6:6 6:20 8:9 | | 17:1 17:11 17:18 17:20 17:25 18:2 18:8 | |
| 34:15 | | | | 9:17 11:25 13:9 16:1 16:4 16:5 17:7 17:9 | | 18:15 18:20 18:22 18:25 19:2 19:23 19:25 | |
| | | ann(1) 1:28 | | 20:17 21:4 22:6 26:7 26:16 28:1 29:25 | | 20:3 20:5 20:9 20:10 21:6 21:25 22:7 | |
| agenda(3) 38:11 39:16 39:18 | | annie(1) 38:8 | | 30:24 32:9 34:15 | | 22:10 22:23 22:24 23:3 23:10 23:19 26:23 | |
| agree(1) 23:4 | | another(7) 20:15 22:21 25:11 26:20 26:20 | | | | 27:20 28:9 28:14 29:17 30:4 32:22 33:19 | |
| agreed(7) 6:15 11:16 11:25 13:2 13:11 | | 32:25 33:9 | | before(17) 1:21 4:18 5:25 16:23 17:21 | | 33:25 36:16 37:1 37:9 | |
| 24:10 25:8 | | | | 19:1 20:10 21:23 22:2 23:3 31:1 32:4 | | | |
| | | anticipated(1) 30:23 | | 32:13 32:21 33:3 33:6 33:8 | | canvass(1) 35:24 | |
| agreement(10) 6:19 9:2 12:22 14:24 15:2 | | any(12) 13:20 21:19 22:7 22:15 28:20 | | | | capacity(1) 27:10 | |
| 15:3 15:5 15:8 15:14 16:23 | | 28:20 31:16 33:14 34:25 35:3 35:6 35:22 | | beg(1) 29:20 | | capital(2) 2:49 3:4 | |
| | | | | behalf(4) 25:12 31:24 35:14 38:9 | | captioned(1) 5:3 | |
| agreements(3) 14:13 15:17 22:7 | | anybody(1) 8:25 | | behind(2) 28:15 34:7 | | capture(1) 15:2 18:23 | |
| akin(1) 2:11 | | anyone(4) 14:14 22:8 23:11 35:13 | | being(10) 6:12 9:21 15:22 17:10 20:22 | | captured(1) 21:3 | |
| alberto(1) 2:19 | | anything(3) 7:12 22:8 36:1 | | 21:2 22:14 23:14 30:12 34:10 | | care(1) 18:11 | |
| alex(2) 3:33 31:21 | | apologize(3) 9:14 13:20 16:3 | | | | carved(2) 6:10 34:15 | |
| all(40) 4:4 8:1 8:12 8:24 9:4 12:8 12:17 | | appear(3) 18:8 18:9 32:3 | | believe(5) 5:13 13:23 28:1 33:18 39:22 | | case(4) 1:10 9:15 23:19 31:13 | |
| 12:22 13:18 15:20 15:23 18:10 18:11 | | appearances(2) 2:42 3:1 | | benefit(1) 27:10 | | cases(1) 31:11 | |
| 20:19 23:4 23:5 24:7 24:9 25:1 25:21 26:23 | | appears(1) 32:10 | | best(1) 13:21 | | cause(3) 16:10 16:13 20:21 | |
| 29:1 29:1 30:1 30:12 30:14 31:11 32:13 | | applicant's(1) 30:21 | | between(11) 6:7 6:12 10:12 14:3 14:9 | | causes(1) 14:13 | |
| 32:15 33:9 36:6 37:14 37:25 38:19 39:2 | | applicants(1) 31:6 | | 15:1 16:14 16:17 26:15 26:18 31:5 | | ccaa(3) 23:3 24:20 | |
| 39:9 39:14 39:15 39:22 39:24 39:25 | | apply(1) 27:25 | | | | cert(1) 40:11 | |
| | | appointment(1) 8:16 | | bi-party(2) 28:9 28:14 | | | |
| allen(1) 2:45 | | appreciate(3) 8:5 37:7 39:20 | | bianca(1) 1:38 | | | |
| | | approach(1) 10:4 38:25 39:12 | | bifurcated(1) 32:24 | | | |
| | | appropriate(2) 10:14 12:12 | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| certain(19) 5:4 5:9 5:22 9:24 16:24 17:2 18:6 18:20 18:21 18:23 19:1 20:9 20:15 21:18 22:24 25:15 28:6 36:20 38:15 | concerning(2) 23:11 31:24 | dais(1) 4:10 | down(4) 11:19 16:4 29:21 34:6 | | | | |
| | concerns(3) 13:7 29:24 30:1 | data(1) 1:45 | driven(1) 33:2 | | | | |
| | concluded(1) 36:15 | date(3) 7:11 7:24 8:23 | each(2) 15:19 17:3 | | | | |
| | concludes(2) 33:16 38:3 | dates(2) 14:6 14:7 | earlier(1) 21:12 | | | | |
| certainly(8) 6:17 8:2 10:5 21:8 21:12 32:11 36:22 38:23 | conclusion(2) 22:12 25:7 | david(3) 2:12 2:26 7:6 | easier(1) 23:18 | | | | |
| | conference(1) 36:12 | davies(1) 3:22 | echo(1) 29:21 | | | | |
| | confirm(2) 8:4 26:12 | day(7) 6:16 7:1 20:15 26:20 33:8 33:9 39:25 | ecro(1) 1:43 | | | | |
| certificate(1) 38:16 | confirming(1) 22:14 | | edit(1) 25:8 | | | | |
| certification(2) 6:15 40:3 | conforms(1) 32:1 | | effectively(1) 20:2 | | | | |
| certified(1) 40:12 | connection(2) 24:20 34:18 | deadline(1) 5:22 | efficient(1) 14:18 | | | | |
| certify(1) 40:4 | consciously(1) 26:19 | deal(5) 5:21 7:7 12:13 12:15 26:20 | effort(1) 30:3 | | | | |
| cetus(1) 2:49 | consent(4) 8:14 8:22 9:4 35:7 | dealing(1) 19:10 | either(6) 20:9 20:25 23:20 24:19 32:22 | | | | |
| change(2) 24:11 30:1 | consents(1) 31:3 | dealt(2) 20:15 24:19 | electronic(1) 1:52 40:5 | | | | |
| changes(1) 11:24 | consistent(1) 6:22 7:8 | debate(1) 32:9 | else(4) 7:12 8:25 21:16 22:8 | | | | |
| chapter(2) 1:8 24:20 | consistent(1) 15:25 | debtor(2) 13:7 15:14 | employee(1) 18:21 | | | | |
| chen(1) 3:7 | constituents(1) 15:25 | debtors(49) 1:26 5:3 5:5 9:13 10:21 14:21 | employees(2) 29:17 29:18 | | | | |
| christopher(1) 2:5 | consult(5) 13:12 16:24 19:1 22:6 36:4 | 14:22 15:5 15:7 15:10 15:15 16:15 16:16 | empowers(1) 9:24 | | | | |
| circle(1) 12:22 | consultation(1) 19:11 | 16:17 16:17 17:1 17:17 18:5 18:24 18:25 | enable(1) 13:16 | | | | |
| claim(11) 15:6 18:20 28:4 32:22 32:23 34:23 35:10 35:10 39:6 39:7 39:7 | contemplated(2) 14:7 15:20 | 19:2 19:24 19:25 20:13 21:7 21:11 21:11 | enabled(1) 9:16 | | | | |
| | contemplation(1) 14:8 | 21:13 21:25 22:4 22:7 22:17 23:3 23:10 | end(2) 13:24 22:13 | | | | |
| | content(3) 10:23 10:24 28:3 | 23:19 26:23 26:23 30:3 31:6 31:24 32:1 | endorse(1) 9:1 | | | | |
| claimants(1) 16:10 | contested(1) 6:24 | 32:3 32:15 32:23 34:12 38:10 38:13 39:4 | endorses(1) 31:4 | | | | |
| | context(2) 27:14 28:9 | 39:17 | enforcing(1) 5:4 | | | | |
| claims(151) 4:18 9:9 9:19 9:22 9:23 9:23 | continued(3) 12:20 33:5 33:12 | | engage(1) 13:25 | | | | |
| 9:24 11:1 11:17 11:21 11:23 12:1 12:25 | continued(3) 2:2 3:2 7:10 | decide(3) 28:7 28:12 32:25 | ensure(2) 27:19 27:24 28:13 30:3 | | | | |
| 12:25 13:6 14:1 14:3 14:9 14:11 14:15 | continuing(1) 39:18 | decided(1) 13:25 | enter(2) 36:25 37:3 | | | | |
| 14:18 15:10 15:16 15:16 15:21 16:8 16:8 | contract(1) 16:12 | decision(2) 11:16 11:20 | entered(3) 6:25 13:13 14:9 | | | | |
| 16:9 16:9 16:13 16:15 16:16 16:22 16:22 | conversation(1) 10:8 | defer(2) 21:5 36:14 | enterprise(2) 5:5 5:19 | | | | |
| 16:24 16:25 16:25 17:4 17:4 17:4 17:6 | cooperate(1) 22:6 | deferred(1) 26:19 | entire(3) 15:2 16:6 19:7 | | | | |
| 17:7 17:9 17:11 17:11 17:11 17:11 21:11 | cooperation(2) 19:11 31:5 | define(1) 18:18 | entry(1) 5:3 | | | | |
| 17:19 17:20 17:25 18:2 18:3 18:4 18:4 | cooperative(1) 30:3 | defined(1) 25:14 | entwined(1) 19:9 | | | | |
| 18:7 18:8 18:14 18:15 18:18 18:20 18:21 | coordinate(2) 14:17 37:10 | definition(1) 27:24 | enumerated(2) 32:5 32:12 | | | | |
| 18:21 18:22 18:22 18:23 19:1 19:4 19:6 | coordination(3) 6:20 31:5 37:8 | delaware(9) 1:3 1:14 2:20 4:1 10:17 11:9 | envision(1) 14:2 | | | | |
| 19:21 19:23 20:3 20:3 20:4 20:5 20:6 | copy(1) 10:3 | 11:10 12:3 12:12 | equity(1) 5:5 | | | | |
| 20:6 20:7 20:8 20:8 20:14 20:22 20:23 | cordo(14) 1:28 37:17 38:7 38:8 38:9 | | ernst(2) 2:45 3:25 | | | | |
| 20:23 22:2 22:9 22:10 22:16 22:24 22:25 | 38:13 38:20 38:25 39:2 39:3 39:10 39:12 | delay(1) 9:14 | escrow(2) 5:9 5:20 | | | | |
| 23:2 24:7 24:12 24:19 24:22 24:24 25:10 | 39:15 39:22 | demand(1) 5:24 | especially(1) 30:22 | | | | |
| 25:15 25:15 25:16 25:17 25:17 25:19 | corp(1) 3:29 | demands(1) 5:23 | esq(19) 1:27 1:28 1:36 1:37 1:38 2:5 2:12 | | | | |
| 25:23 25:24 26:3 26:15 26:15 26:16 27:18 27:25 | correct(3) 33:10 33:18 40:4 | derek(1) 1:27 | 2:13 2:19 2:26 2:34 2:46 3:11 3:15 3:23 | | | | |
| 28:5 28:9 30:11 30:23 30:25 31:1 31:4 | corresponding(2) 5:1 5:13 | described(2) 15:8 16:12 | 3:26 3:29 3:30 3:33 | | | | |
| 31:6 31:7 31:15 32:5 32:6 32:6 32:7 | could(7) 7:23 8:3 10:4 22:13 22:16 28:23 | designates(1) 16:8 | | | | | |
| 32:12 32:12 32:13 32:18 33:3 34:7 34:13 | 28:25 | designation(1) 34:23 | essential(1) 35:17 | | | | |
| 34:13 34:14 34:15 34:16 34:17 34:20 | | designed(1) 36:22 | essentially(1) 26:1 | | | | |
| 34:21 35:1 35:1 35:1 35:7 35:8 35:10 | counsel(12) 4:10 6:15 7:3 10:11 10:16 | detail(1) 26:25 | established(1) 5:20 | | | | |
| 35:18 36:14 36:16 36:16 36:21 38:15 39: | 10:24 25:10 33:14 35:23 36:13 37:9 39:2 | detailed(1) 25:6 | estates(3) 14:11 15:12 15:23 | | | | |
| | | determined(1) 28:4 | even(1) 23:14 | | | | |
| clarification(4) 11:13 20:16 21:8 21:13 | couple(1) 6:6 | detract(1) 23:21 | event(4) 8:12 11:23 32:20 34:25 | | | | |
| clarify(2) 24:21 31:25 | course(6) 5:16 6:5 15:4 28:21 37:1 37:12 | detracting(1) 21:17 | every(1) 37:15 | | | | |
| clear(5) 21:2 28:1 34:8 35:12 35:22 | court(80) 1:2 4:3 4:6 4:8 4:11 4:18 4:20 | deviate(1) 11:24 | everybody(1) 36:9 | | | | |
| clearly(1) 4:12 | 4:22 5:7 5:16 6:15 7:2 7:5 7:9 7:14 7:16 | diaz(1) 1:45 | everybody's(1) 35:25 | | | | |
| cleary(2) 1:35 9:13 | 7:19 8:1 8:7 9:7 9:10 10:5 10:19 10:22 | did(4) 14:1 22:4 25:5 27:25 | everyone(4) 4:3 19:14 22:14 36:7 | | | | |
| clerk(5) 4:2 11:19 29:20 29:23 36:6 | 12:17 12:19 13:14 13:18 14:4 14:19 17:22 | didn't(2) 35:6 35:7 | exactly(1) 39:20 | | | | |
| client(3) 28:20 28:20 29:2 | 17:21 17:21 17:23 19:5 19:19 20:9 20:19 | different(3) 14:25 17:19 34:21 | example(4) 18:12 25:24 34:13 34:14 | | | | |
| closure(1) 9:16 | 20:25 23:22 24:2 24:17 25:1 27:4 28:7 | directing(1) 5:8 | exclude(1) 28:20 | | | | |
| colleague(1) 9:9 | 28:17 28:23 30:2 30:19 31:1 32:4 32:4 | disabled(1) 29:18 | excluded(1) 25:15 | | | | |
| colleagues(1) 11:5 | 33:21 33:23 34:3 34:19 35:20 35:23 36:2 | disallowed(1) 39:7 | excused(1) 7:13 | | | | |
| collectively(1) 10:24 15:24 | 36:3 36:7 36:10 36:19 37:20 37:22 37:23 | disclosure(1) 23:6 | expect(3) 7:11 30:22 32:20 | | | | |
| come(10) 11:1 13:8 22:20 26:14 29:3 | 37:16 37:20 37:22 37:25 38:5 38:12 38:18 | discretion(1) 28:8 | expectation(2) 7:24 33:11 | | | | |
| 32:13 33:24 34:7 34:22 34:23 | 38:23 39:1 39:9 39:12 39:20 39:24 40:12 | discussed(1) 10:11 | expensive(1) 36:23 | | | | |
| | | discussing(1) 12:12 | explained(2) 13:9 22:3 | | | | |
| comes(1) 32:21 | courtroom(1) 12:2 36:9 | discussion(1) 26:11 | extent(1) 13:5 | | | | |
| comfort(1) 37:14 | courts(6) 6:10 7:1 17:3 20:10 20:25 34:9 | discussions(3) 8:10 30:24 39:6 | facially(1) 17:8 | | | | |
| comfortable(1) 35:14 | covered(1) 20:7 | dispute(2) 5:10 5:11 | fact(8) 13:5 14:8 14:10 14:12 14:16 15:11 | | | | |
| coming(2) 17:23 28:21 | creditor(19) 12:22 15:18 16:9 16:13 17:2 | disputes(1) 6:4 | 16:1 19:6 | | | | |
| comma(1) 20:24 | 17:16 18:5 18:24 19:24 20:13 21:7 21:14 | distribution(2) 26:17 26:19 | | | | | |
| comment(2) 35:13 38:16 | 21:20 23:20 27:21 28:9 34:14 34:16 35:14 | distributions(1) 24:16 | factum(1) 19:17 | | | | |
| committee(26) 2:4 3:33 11:14 14:23 14:23 | | district(1) 1:3 | fair(2) 29:1 36:21 | | | | |
| 15:18 15:19 17:2 17:2 18:5 18:6 18:24 | creditors(9) 2:5 11:14 14:11 14:12 23:23 | dividing(1) 26:15 | fairly(1) 30:12 | | | | |
| 19:25 20:13 21:7 21:8 21:14 21:14 23:20 | 24:23 28:6 30:5 30:12 | document(2) 18:11 18:18 | faithfully(1) 25:5 | | | | |
| 23:23 24:23 31:22 32:3 32:15 35:15 38:22 | | documentation(2) 6:19 9:2 | fall(2) 25:19 34:6 | | | | |
| | critical(1) 35:17 | documenting(1) 6:8 | familiar(1) 8:10 | | | | |
| committee's(1) 32:11 | cross(6) 9:18 12:24 15:15 19:9 23:5 25:25 | documents(3) 13:5 32:18 34:22 | far(2) 27:5 37:8 | | | | |
| committees(5) 16:18 17:17 21:12 24:11 | cross-border(31) 4:15 9:22 11:17 11:21 | does(5) 4:9 4:10 8:18 29:6 32:25 | farr(1) 3:14 | | | | |
| 34:12 | 11:25 12:3 13:12 13:22 14:1 14:2 14:9 | doesn't(3) 16:24 28:19 33:11 | feel(2) 27:12 35:14 | | | | |
| | 16:7 17:15 18:9 19:8 20:3 22:8 24:8 | don't(17) 6:23 7:10 10:7 11:8 13:7 16:6 | feld(1) 2:11 | | | | |
| communication(1) 38:4 | 24:12 25:18 25:20 26:3 26:24 30:6 31:1 | 18:11 22:7 22:19 23:18 23:21 23:22 25:20 | few(1) 11:3 | | | | |
| compare(1) 28:16 | 32:18 34:24 35:18 36:14 37:1 | 26:12 26:20 29:5 34:9 | fifth(1) 32:19 | | | | |
| complete(1) 33:22 | | done(3) 7:11 16:4 33:25 | fifty-third(1) 30:21 | | | | |
| complimentary(1) 19:9 | currency(1) 5:21 | | | | | | |
| concern(4) 20:11 22:21 27:17 28:13 | custom(5) 10:10 10:16 36:11 | | | | | | |
| concerned(1) 13:8 | | | | | | | |

| Word | Page:Line |
|---|---|
| fig(1) 35:2 | |
| filed(13) 5:12 5:13 11:23 16:5 16:15 17:7 17:9 17:10 19:16 26:6 26:16 30:21 39:17 | |
| filing(1) 17:22 | |
| final(2) 14:23 31:20 | |
| finally(1) 13:13 | |
| financial(3) 14:25 19:15 27:9 | |
| find(1) 29:9 | |
| fine(4) 8:24 11:11 23:20 37:20 | |
| finger(1) 2:4 | |
| first(10) 4:16 5:19 10:15 10:17 11:6 11:15 12:13 23:4 23:23 25:14 | |
| fisco(4) 19:15 21:6 22:22 35:10 | |
| fisco's(1) 20:11 | |
| flag(1) 23:11 | |
| floor(1) 1:30 | |
| flow(2) 30:4 34:21 | |
| flows(1) 35:18 | |
| folks(1) 6:13 | |
| follow(2) 7:17 10:15 | |
| followed(2) 10:17 27:20 | |
| following(1) 37:2 | |
| for(95) 1:3 1:26 2:4 2:18 2:25 2:33 2:45 2:49 3:4 3:7 3:10 3:14 3:18 3:22 3:25 3:29 3:33 4:14 5:3 5:14 5:22 6:3 6:20 7:7 7:12 7:21 7:22 8:12 8:14 8:16 8:23 9:3 9:9 9:12 9:13 9:14 9:25 10:3 10:4 10:20 10:24 11:14 11:25 12:23 12:24 13:25 14:16 15:7 16:3 16:16 18:12 19:7 19:11 19:18 19:20 20:2 20:16 20:20 20:22 22:25 23:2 23:2 23:3 24:7 24:22 25:24 25:25 26:20 27:8 27:27 28:2 28:6 28:9 29:6 29:16 30:4 31:1 31:11 31:12 32:14 32:15 32:21 33:8 33:9 33:11 34:12 34:14 35:6 35:7 37:17 38:13 38:14 38:21 38:22 39:11 | |
| foregoing(1) 40:4 | |
| form(5) 6:9 15:17 37:10 38:20 39:10 | |
| formal(1) 9:3 | |
| formally(1) 21:25 | |
| former(1) 29:17 | |
| forms(1) 15:24 | |
| forth(4) 13:1 16:2 18:19 18:24 | |
| forum(1) 22:18 | |
| forward(8) 6:24 27:13 28:21 29:3 31:12 33:7 35:9 39:8 | |
| four(1) 25:7 | |
| fourth(1) 32:10 | |
| frame(1) 9:20 | |
| friends(2) 23:17 26:22 | |
| from(16) 8:4 9:13 10:9 10:16 11:25 21:17 23:22 24:24 27:2 32:22 33:19 36:5 37:14 38:16 39:5 40:5 | |
| front(2) 19:5 28:4 | |
| full(2) 28:10 32:14 | |
| fund(2) 25:12 27:11 | |
| funding(2) 14:24 15:13 | |
| funds(1) 5:9 | |
| further(5) 9:25 27:2 29:5 35:25 36:1 | |
| furtherance(1) 14:18 | |
| future(3) 28:22 29:9 30:7 | |
| gallagher(1) 3:14 | |
| gave(1) 26:5 | |
| general(1) 23:5 | |
| get(14) 4:18 8:16 16:4 17:5 17:12 18:11 25:19 25:21 25:23 29:21 34:16 34:22 35:3 35:3 | |
| gets(1) 34:6 | |
| getting(1) 9:14 | |
| ginger(1) 1:43 | |
| give(5) 5:15 11:10 21:11 28:5 35:4 | |
| given(3) 18:24 30:22 30:25 | |
| gives(1) 17:1 | |

| Word | Page:Line |
|---|---|
| going(8) 4:25 6:24 12:23 14:15 31:11 31:22 35:8 39:8 | |
| good(39) 4:3 4:5 4:6 4:7 4:8 4:12 4:13 4:13 4:22 4:23 4:23 7:5 7:6 8:6 8:7 9:11 9:12 9:15 10:6 10:18 10:19 10:21 10:22 10:23 21:4 24:2 24:3 24:4 27:7 27:7 29:15 29:16 30:17 30:17 30:19 38:7 38:8 39:24 39:25 | |
| got(3) 4:14 5:25 38:16 | |
| gottlieb(2) 1:35 9:13 | |
| grant(2) 23:12 38:24 | |
| granted(3) 17:13 34:10 37:4 | |
| grisanti(1) 3:4 | |
| gross(22) 1:21 4:7 8:6 9:6 10:11 10:21 11:5 11:15 12:11 24:3 25:3 25:5 26:25 27:1 29:16 30:18 31:21 33:22 36:1 36:8 36:18 38:2 | |
| group(4) 3:10 19:25 29:18 35:15 | |
| groups(2) 28:19 29:17 | |
| guarantee(2) 16:11 27:10 | |
| guess(2) 21:25 32:9 | |
| gump(1) 1:43 | |
| habit(1) 30:8 | |
| had(18) 5:14 6:9 6:11 10:8 11:22 13:2 13:22 13:22 15:11 23:14 25:16 25:22 27:17 29:25 36:12 37:8 39:5 39:16 | |
| hadley(1) 3:10 | |
| hadn't(1) 26:6 | |
| hamilton(3) 1:35 2:25 7:7 | |
| hand(1) 37:18 | |
| handed(3) 18:15 19:7 19:18 | |
| happy(2) 6:5 37:11 | |
| harrisburg(1) 1:47 | |
| has(15) 5:2 7:8 7:12 11:22 16:1 19:8 21:23 26:4 26:14 28:1 30:20 30:24 33:22 33:23 37:4 | |
| hauer(1) 2:11 | |
| have(75) 5:10 5:17 6:6 6:18 6:23 6:25 7:9 7:11 7:18 7:21 7:24 8:9 8:19 9:1 9:17 10:3 10:11 13:11 13:16 14:17 15:7 17:7 17:19 17:21 17:23 19:3 20:1 20:9 21:15 21:15 21:20 22:6 22:7 22:23 23:8 23:19 23:24 25:6 25:20 25:24 26:6 26:16 26:19 26:22 26:23 27:14 28:24 29:2 29:2 29:18 29:24 29:25 30:5 30:10 30:14 30:25 31:16 33:4 34:15 34:18 34:21 35:3 35:11 35:24 36:12 36:15 36:19 37:10 37:14 37:23 38:10 38:20 39:6 39:10 39:22 | |
| haven't(1) 25:16 | |
| having(2) 6:1 31:8 | |
| he's(1) 34:5 | |
| hear(10) 4:11 4:11 10:9 10:16 11:22 23:22 26:22 26:25 27:2 37:2 | |
| heard(23) 9:25 14:17 15:22 17:3 17:23 18:12 19:3 19:10 20:1 20:2 20:9 20:13 21:19 22:3 22:5 22:14 23:7 23:18 27:4 34:19 35:5 35:11 37:4 | |
| hearing(40) 4:15 5:14 7:10 7:21 7:22 9:17 9:19 10:25 11:3 11:5 11:6 11:15 12:23 12:24 13:3 13:10 13:17 13:22 13:24 20:25 22:13 23:8 27:24 28:7 28:12 32:9 32:16 33:3 33:6 33:13 33:17 35:6 37:2 37:3 38:3 39:5 39:18 40:1 | |
| hearings(11) 10:17 14:17 19:3 19:4 20:21 21:2 21:9 21:19 27:24 32:4 34:19 | |
| heavily(1) 24:9 | |
| heavy(1) 16:1 | |
| held(4) 8:17 11:17 11:21 12:4 | |
| hercules(1) 2:27 | |
| here(16) 4:14 4:15 6:22 7:3 8:2 9:1 10:3 10:17 12:22 13:21 21:10 23:6 23:24 24:16 25:25 29:16 | |

| Word | Page:Line |
|---|---|
| hiccup(1) 6:11 | |
| highlighted(1) 24:15 | |
| highly(1) 28:8 | |
| his(4) 19:5 34:4 34:4 35:10 | |
| history(2) 13:4 13:21 | |
| holder(13) 14:23 15:18 17:2 18:5 18:21 19:25 21:8 21:14 28:19 34:20 34:20 35:15 38:21 | |
| holders(6) 3:10 29:3 30:5 32:3 32:15 | |
| holding(1) 37:17 | |
| holdover(1) 39:5 | |
| hondo(2) 2:49 2:50 | |
| honor(51) 4:5 4:13 4:19 4:23 5:12 6:14 6:23 7:6 7:12 8:13 9:5 9:12 10:18 11:10 11:14 11:22 12:10 12:21 13:16 19:18 24:6 24:23 24:25 25:4 26:7 26:24 29:12 29:15 29:16 30:17 30:20 31:8 31:14 31:17 31:2 32:14 32:21 32:24 33:5 33:23 33:6 33:8 33:18 33:20 37:6 37:13 37:21 38:8 39:3 39:15 39:23 | |
| honorable(1) 1:21 | |
| honors(3) 5:19 13:11 27:8 | |
| hope(6) 6:14 6:24 7:9 7:11 7:24 34:9 | |
| hoped(1) 6:9 | |
| hopefully(1) 7:21 | |
| how(8) 11:8 13:8 22:11 28:3 28:7 30:11 32:11 32:18 | |
| i'd(3) 7:12 8:5 9:8 | |
| i'll(7) 13:3 13:20 17:5 17:12 25:22 29:8 35:23 | |
| i'm(12) 4:25 6:5 10:2 10:7 11:10 11:14 13:20 29:16 30:8 31:22 31:23 35:13 | |
| i've(8) 6:20 18:15 18:16 19:18 20:16 21:4 27:4 37:3 | |
| i.e(2) 26:16 33:1 | |
| ibm(1) 39:6 | |
| idea(1) 15:22 | |
| identified(1) 25:9 | |
| implicate(1) 22:4 | |
| important(3) 15:23 27:12 34:19 | |
| inc(2) 1:10 3:26 | |
| inclined(1) 23:12 | |
| including(3) 22:1 35:10 35:10 | |
| indicates(1) 16:3 | |
| inform(1) 5:16 | |
| informally(2) 21:25 22:21 | |
| information(7) 16:20 18:12 19:3 19:11 19:20 30:4 30:12 | |
| insert(1) 20:24 | |
| inserted(1) 20:21 | |
| institutions(1) 27:9 | |
| insured(1) 29:18 | |
| intend(2) 30:11 30:11 | |
| intended(1) 35:4 | |
| intensive(1) 36:23 | |
| intention(2) 21:1 30:7 | |
| intercompany(1) 18:21 | |
| interest(5) 5:5 14:14 28:21 28:23 29:2 | |
| interlinked(3) 13:5 15:12 17:10 | |
| interpretation(1) 31:25 | |
| interrelated(1) 9:21 | |
| into(9) 6:2 10:3 15:13 22:24 23:14 25:20 25:23 26:2 29:18 | |
| intricately(1) 30:24 | |
| introduced(1) 23:13 | |
| involved(2) 8:9 30:24 | |
| involvement(1) 14:22 | |
| issue(13) 9:1 9:20 23:14 25:9 25:11 26:14 27:16 28:2 28:18 30:7 30:14 33:8 35:24 | |

| Word | Page:Line |
|---|---|
| issues(12) 4:16 6:7 9:9 9:16 11:3 13:9 20:15 26:11 26:17 26:19 27:12 28:15 | |
| it's(27) 4:4 5:3 10:13 10:14 12:12 14:5 14:16 16:4 16:4 16:7 16:11 16:11 18:10 18:11 19:17 21:12 21:17 21:17 23:1 23:18 26:7 27:12 27:22 29:12 34:9 37:18 39:4 | |
| item(3) 38:13 39:3 39:16 | |
| items(1) 38:11 | |
| its(4) 21:6 27:9 27:14 30:21 | |
| itself(4) 14:1 17:9 21:12 24:9 | |
| james(1) 1:36 | |
| jennifer(1) 3:30 | |
| job(1) 34:7 | |
| joe(1) 3:26 | |
| john(2) 3:18 3:19 | |
| joint(16) 5:14 7:21 9:19 10:25 11:6 13:2 13:10 13:23 20:10 20:25 22:13 23:8 32:4 33:17 37:3 38:3 | |
| jointly(1) 14:14 | |
| judge(25) 1:22 4:7 8:6 9:6 10:11 10:21 11:4 11:14 12:11 24:3 25:3 25:5 26:24 27:1 28:5 28:8 28:12 29:16 30:18 31:21 33:22 36:1 36:8 36:18 38:2 | |
| judicial(1) 20:14 | |
| july(1) 5:13 | |
| june(1) 5:12 | |
| just(24) 7:17 8:21 9:19 10:12 11:6 11:13 12:22 16:6 20:24 24:15 24:21 24:21 27:12 31:22 31:23 31:25 33:10 33:11 34:1 37:10 38:20 38:21 39:4 39:10 | |
| justice(43) 4:6 4:7 4:9 4:12 4:14 4:24 8:18 8:24 9:6 10:17 10:10 11:8 11:11 12:2 12:6 12:8 12:12 12:17 12:18 19:5 24:5 25:2 25:3 26:9 27:1 27:5 27:6 29:8 29:13 30:16 31:18 31:20 33:9 33:14 33:22 33:23 35:21 36:8 36:11 37:2 37:4 38:1 38:2 | |
| justin(1) 2:19 | |
| kahn(1) 2:13 | |
| keep(1) 11:4 | |
| kevin(1) 1:21 | |
| kind(2) 13:15 19:8 | |
| king(2) 2:7 2:35 | |
| know(13) 7:3 7:10 11:8 18:19 21:9 22:14 22:19 23:17 23:18 35:16 35:24 37:9 37:14 | |
| known(1) 19:15 | |
| kraidin(1) 2:46 | |
| kreller(1) 3:11 | |
| language(5) 20:12 20:20 20:24 21:1 21:12 | |
| largely(1) 19:14 | |
| last(10) 6:11 13:23 13:24 16:2 20:21 23:13 26:14 39:5 39:15 39:18 | |
| later(3) 6:16 14:2 38:4 | |
| lawyers(1) 35:23 | |
| layton(1) 2:4 | |
| leaf(1) 35:2 | |
| least(4) 4:4 5:3 25:10 34:14 | |
| leave(1) 28:17 | |
| left(1) 28:2 | |
| less(3) 6:3 35:23 36:23 | |
| let(3) 23:22 37:9 37:13 | |
| level(1) 31:5 | |
| liberty(1) 1:39 | |
| like(10) 4:17 7:12 10:9 18:13 22:15 23:17 26:7 26:25 29:3 35:2 | |
| line(26) 5:16 26:17 32:10 32:10 | |
| lisa(4) 1:37 2:46 9:13 37:7 | |
| litigate(1) 6:1 | |
| litigation(1) 28:11 | |
| little(4) 6:3 6:11 13:4 24:24 | |
| llp(3) 2:25 2:45 3:14 | |

| Word | Page:Line |
|------|-----------|
| lockbox(1) | 2:36 |
| long(2) | 18:10 25:5 |
| look(2) | 18:3 27:17 |
| looked(2) | 27:23 35:22 |
| mace(2) | 1:43 38:6 |
| macfarlane(4) | 3:33 31:21 31:22 33:10 |
| macquarie(1) | 3:7 |
| made(5) | 7:8 12:22 28:1 31:24 34:1 |
| main(2) | 28:13 35:17 |
| major(3) | 15:25 25:9 30:4 |
| make(12) | 6:21 8:25 20:11 21:21 33:4 33:11 33:15 34:7 35:12 36:4 36:22 37:23 |
| makes(3) | 8:2 21:2 31:13 |
| many(1) | 11:8 |
| mark(1) | 29:15 |
| market(3) | 1:13 1:29 2:28 |
| marowitz(43) | 4:6 4:7 4:9 4:12 4:14 4:24 8:18 8:24 9:6 10:7 10:10 11:8 11:11 12:2 12:6 12:8 12:11 12:17 12:18 19:5 24:4 25:2 25:3 26:9 27:1 27:5 28:19 29:13 30:16 31:18 31:20 33:9 33:14 33:22 33:21 36:8 36:11 37:2 37:4 38:1 38:2 |
| material(5) | 11:24 17:18 18:2 18:23 20:5 |
| materials(1) | 6:21 |
| matter(12) | 4:17 4:18 4:25 5:15 6:24 6:25 27:14 28:3 32:21 32:24 32:25 40:6 |
| matters(4) | 7:10 10:11 23:6 38:10 |
| mature(1) | 26:2 |
| may(11) | 4:19 4:20 5:11 5:19 7:14 10:5 11:4 20:5 20:5 26:22 38:25 |
| mccloy(1) | 3:10 |
| mcfarland(6) | 11:12 11:13 11:20 12:5 12:7 12:9 |
| mcmeek(1) | 40:10 |
| mean(1) | 18:17 |
| meant(3) | 18:22 21:17 21:18 |
| meantime(2) | 7:25 8:20 |
| mediation(1) | 33:1 |
| meeting(1) | 26:18 |
| memorandum(8) | 26:5 27:11 27:16 28:15 28:24 29:6 29:6 29:12 |
| memorialized(1) | 22:9 |
| mention(1) | 25:13 |
| mentioned(2) | 25:8 26:7 |
| merely(1) | 19:6 |
| mesh(1) | 32:19 |
| might(3) | 10:9 10:12 35:24 |
| milbank(1) | 3:10 |
| million(6) | 5:21 6:2 6:2 6:3 15:3 18:22 |
| minute(3) | 6:11 17:5 21:5 |
| misspeak(1) | 13:20 |
| modification(1) | 22:16 |
| molitor(1) | 3:25 |
| moment(1) | 6:9 |
| monitor(18) | 8:9 9:24 15:19 16:18 17:1 21:7 27:23 29:8 30:3 30:20 30:23 30:24 31:3 31:8 31:12 31:14 32:23 34:6 |
| monitors(2) | 19:1 19:2 |
| months(2) | 5:17 16:2 |
| more(8) | 9:4 10:14 11:4 17:21 22:2 22:2 25:23 26:25 |
| morning(40) | 4:3 4:5 4:6 4:7 4:8 4:12 4:13 4:14 4:22 4:23 4:24 7:5 7:6 8:6 8:7 8:14 9:11 9:12 9:15 10:18 10:19 10:21 10:22 10:23 19:16 23:14 24:2 24:3 24:4 24:6 24:8 24:25 27:7 27:7 27:9 29:16 30:16 30:17 30:18 30:19 38:7 |
| morris(2) | 1:26 38:9 |

| Word | Page:Line |
|------|-----------|
| motion(9) | 5:3 5:12 5:13 11:23 27:22 30:22 36:14 36:16 38:13 |
| motions(4) | 5:1 12:24 14:6 16:5 |
| move(1) | 7:23 |
| much(1) | 29:13 |
| multi-party(2) | 28:10 30:10 |
| mutual(1) | 14:17 |
| name(1) | 27:8 |
| namely(1) | 20:8 |
| narrow(1) | 6:4 |
| nearly(1) | 6:1 |
| necessarily(3) | 16:14 31:9 31:11 |
| necessary(1) | 14:16 |
| necessity(1) | 15:21 |
| need(4) | 25:25 26:12 29:5 30:1 |
| needs(1) | 21:9 |
| negotiate(1) | 15:15 |
| negotiated(6) | 14:21 15:9 15:24 17:14 24:9 35:17 |
| negotiating(1) | 17:25 |
| negotiation(5) | 13:25 14:2 14:25 16:1 26:1 |
| negotiations(1) | 25:6 |
| network(1) | 3:15 |
| networks(3) | 1:10 3:22 3:29 |
| never(1) | 23:13 |
| new(4) | 1:40 2:15 11:5 11:9 |
| news(2) | 9:15 21:4 |
| next(5) | 6:16 6:16 7:10 39:3 39:18 |
| nice(1) | 35:3 |
| nichols(2) | 1:26 38:9 |
| night(2) | 23:13 39:18 |
| nine(1) | 39:16 |
| nni(1) | 15:11 |
| non(1) | 20:13 |
| nortel(7) | 1:10 3:14 3:22 3:29 6:3 6:8 6:13 |
| north(1) | 1:29 2:7 |
| not(30) | 4:9 8:15 8:19 10:2 10:7 13:8 13:10 13:16 15:20 17:9 18:4 20:6 21:2 21:17 22:4 22:20 24:14 24:15 24:18 27:22 30:7 31:9 31:10 34:10 35:2 35:2 35:6 37:3 37:4 37:18 |
| note(3) | 16:7 21:23 22:19 |
| notice(6) | 16:3 22:2 22:5 32:14 38:17 38:2 |
| now(8) | 6:12 10:7 16:5 21:4 25:2 28:1 28:2 30:5 |
| nub(2) | 29:4 29:4 |
| number(3) | 5:18 25:9 39:16 |
| o'connor(1) | 3:15 |
| object(3) | 20:1 34:6 35:5 |
| objecting(1) | 22:22 |
| objection(7) | 19:16 20:17 22:12 34:4 38:16 39:4 39:17 |
| objectionable(1) | 34:11 |
| objections(8) | 17:7 17:8 17:23 19:21 21:6 21:24 22:3 29:19 |
| obligations(3) | 15:1 15:7 16:17 |
| obviously(5) | 22:14 33:4 33:8 36:19 38:3 |
| occur(1) | 19:5 |
| off(2) | 13:13 24:23 |
| office(1) | 2:33 |
| officer(5) | 17:20 19:6 20:14 28:5 33:2 |
| officer's(1) | 27:25 |
| offices(1) | 38:3 |
| official(1) | 2:4 |
| often(1) | 9:15 |
| okay(3) | 10:6 12:11 13:9 |
| omnibus(3) | 39:4 39:17 39:18 |
| once(2) | 8:16 25:4 |
| one(18) | 1:39 2:6 2:14 4:16 5:1 5:2 11:13 18:10 20:16 21:5 22:12 24:11 28:18 30:2 31:23 34:1 35:16 37:24 |

| Word | Page:Line |
|------|-----------|
| only(14) | 6:19 11:2 12:15 13:17 15:20 17:20 20:11 22:23 25:21 26:4 28:18 31:22 34:6 38:10 |
| ontario(2) | 1:23 27:9 |
| opening(1) | 23:19 |
| opportunities(1) | 14:15 |
| opportunity(2) | 5:15 11:22 |
| opposed(2) | 17:22 28:5 |
| order(60) | 5:4 5:4 7:25 8:14 8:16 8:22 9:23 9:24 11:2 11:23 11:24 13:1 13:6 13:12 15:16 15:22 16:24 17:11 17:12 18:1 18:8 18:15 19:7 19:13 19:21 19:23 20:3 20:22 20:22 22:10 22:19 22:25 23:6 23:12 23:18 25:23 25:25 26:1 26:16 26:18 26:21 26:25 26:20 27:18 27:22 30:2 30:25 31:7 32:6 32:13 34:10 34:16 35:18 36:25 37:3 37:9 37:11 37:17 38:14 38:20 39:1 39:10 |
| ordered(1) | 17:21 |
| orders(5) | 12:23 13:13 14:6 16:2 25:14 |
| originally(2) | 13:22 21:1 |
| other(18) | 9:25 15:1 18:10 20:13 21:2 21:19 21:24 22:22 22:22 26:4 26:14 28:18 28:20 28:20 29:25 30:14 33:14 34:7 |
| others(1) | 17:3 |
| otherwise(4) | 9:17 16:12 19:15 20:6 |
| our(38) | 4:9 6:14 6:18 7:24 8:13 10:8 10:10 10:15 11:5 13:8 15:25 21:18 22:5 22:5 22:8 23:9 23:16 27:11 27:12 27:12 28:3 28:13 28:15 28:20 28:21 28:23 28:24 29:4 29:5 29:6 29:7 29:11 30:6 36:4 36:11 37:2 37:3 38:3 |
| ourselves(1) | 10:12 |
| out(11) | 6:2 6:12 13:8 18:10 27:16 27:19 29:6 32:27 32:17 34:16 35:22 |
| out-of-court(2) | 33:1 33:7 |
| outlined(1) | 31:6 |
| outset(1) | 10:9 |
| outstanding(1) | 6:7 |
| over(13) | 5:16 6:2 6:5 9:8 11:11 15:4 16:2 18:22 21:23 23:16 23:24 25:2 36:18 |
| overlap(2) | 16:14 16:14 |
| overlapping(9) | 14:11 16:8 16:9 16:11 17:16 18:4 18:4 20:6 20:8 |
| overy(1) | 2:45 |
| p.a(1) | 2:18 |
| p.o(2) | 1:31 2:29 |
| page(6) | 18:17 18:17 19:23 27:21 27:22 35:25 |
| paper(1) | 19:17 |
| paragraph(18) | 15:13 17:1 18:16 18:17 19:22 20:17 21:10 25:8 27:15 27:18 27:23 28:13 31:25 32:1 32:8 32:17 33:3 34:25 |
| parallel(1) | 23:1 |
| parallels(1) | 30:4 |
| pardon(1) | 29:20 |
| park(1) | 2:14 |
| parochial(1) | 13:7 |
| part(1) | 11:5 |
| participate(3) | 22:6 32:16 33:5 |
| particular(2) | 16:20 31:13 |
| particularly(3) | 15:11 19:22 22:4 |
| parties(14) | 5:15 8:12 9:1 11:25 13:1 13:11 13:24 14:16 16:14 16:23 24:10 28:22 29:1 29:1 |
| partners/trustee(1) | 3:18 |
| party(2) | 22:22 28:20 |
| pasquariello(5) | 3:26 30:16 30:17 30:20 31:19 |
| pass(1) | 26:8 |
| past(1) | 6:5 |

| Word | Page:Line |
|------|-----------|
| patrick(1) | 2:34 |
| pay(1) | 15:3 |
| pending(1) | 12:6 |
| pennsylvania(1) | 1:47 |
| pension(10) | 2:18 3:15 18:20 18:20 22:1 25:12 25:12 27:10 29:17 34:13 |
| people(1) | 34:7 |
| pepper(2) | 2:25 7:7 |
| periodic(1) | 16:21 |
| perspective(1) | 8:5 |
| phillips(1) | 3:22 |
| phonetic(6) | 8:4 10:13 10:20 11:12 25:11 25:22 |
| picking(1) | 31:23 |
| picture(1) | 23:24 |
| place(2) | 25:6 25:19 |
| plan(2) | 2:18 3:16 34:20 |
| plans(3) | 23:3 23:6 23:7 |
| playing(1) | 31:3 |
| plaza(2) | 1:39 2:27 |
| please(6) | 4:2 4:4 11:19 12:19 36:7 39:12 |
| pleased(2) | 5:16 38:24 |
| pleasure(1) | 4:4 |
| plenty(1) | 11:9 |
| podium(4) | 22:20 24:25 33:24 35:16 |
| point(12) | 5:25 6:18 6:23 11:13 27:3 29:9 30:9 31:23 31:23 34:1 34:13 35:22 |
| pointed(1) | 32:17 |
| policy(2) | 27:17 28:15 |
| portion(4) | 4:15 13:3 13:10 13:17 |
| position(1) | 27:12 |
| potential(1) | 22:3 |
| ppearances(2) | 1:24 2:1 |
| pre(1) | 32:9 |
| precedent(2) | 31:10 31:11 |
| preference(1) | 30:8 |
| prefiling(1) | 15:6 |
| prejudice(3) | 14:8 21:13 21:18 |
| premature(2) | 13:25 23:4 |
| prepared(1) | 36:25 |
| prepetition(2) | 36:21 38:15 |
| presented(4) | 6:10 7:1 7:25 17:8 |
| preserve(1) | 32:2 |
| preserved(1) | 33:5 |
| price(3) | 5:11 5:22 5:23 |
| primarily(1) | 16:8 |
| principal(2) | 6:19 9:2 |
| prior(3) | 8:23 10:8 23:13 |
| procedural(4) | 10:11 18:1 34:21 36:12 |
| procedure(3) | 25:24 27:20 36:17 |
| procedures(5) | 9:21 19:11 38:14 38:18 |
| proceed(8) | 5:10 10:24 11:6 11:15 12:15 22:16 36:10 38:1 |
| proceeding(5) | 13:10 28:10 29:10 29:12 |
| proceedings(3) | 1:20 1:52 40:6 |
| proceeds(1) | 12:12 |
| process(31) | 6:8 13:21 17:18 17:21 17:22 18:1 20:14 23:15 24:7 24:9 24:10 24:22 25:16 27:19 27:21 28:10 28:14 28:14 28:16 31:4 31:9 31:13 32:25 33:1 33:1 33:2 33:7 34:5 36:20 36:24 36:24 |
| processes(5) | 20:14 25:19 26:2 27:25 31:15 |
| produced(1) | 1:53 |
| productive(1) | 16:5 |
| proposal(1) | 8:13 |
| propose(2) | 26:5 26:20 |
| proposed(5) | 30:25 31:4 31:9 31:12 36:20 |
| proposes(1) | 8:5 |
| protection(1) | 25:12 |

| Word | Page:Line |
| --- | --- |

protocol(53) 4:18 9:19 9:22 11:17 11:21 12:1 12:25 13:12 13:22 14:1 14:1 14:3 14:9 15:16 16:8 16:16 16:25 17:4 17:6 17:8 17:9 17:14 17:15 18:9 19:9 19:10 20:4 20:6 20:7 20:22 20:23 22:17 23:5 24:12 24:24 25:18 25:20 26:1 26:3 26:24 30:6 31:1 31:7 32:6 32:7 32:18 34:24 35:1 35:19 36:15 37:2 37:5

protocols(2) 15:21 16:2
prove(1) 25:16
provide(1) 6:9
provided(3) 15:14 20:2 20:22
provides(4) 8:11 9:25 16:16 23:6
province(1) 27:9
provision(6) 15:9 19:22 19:24 23:10 23:11 35:17

provisional(1) 22:24
provisionally(1) 23:2
provisions(8) 13:4 14:7 16:21 16:21 16:22 17:10 19:8 22:15

purchase(3) 5:11 5:22 5:23
purpose(1) 30:13
purposes(2) 7:23 23:1
put(6) 15:13 18:16 21:9 22:24 25:19 27:12

question(2) 22:21 31:15
questions(1) 31:16
quick(2) 4:16 38:10
quickly(1) 6:4
quite(2) 26:19 34:11

raise(1) 30:9
raised(2) 22:21 22:21
raises(1) 19:21
raising(1) 22:15
rather(4) 11:4 17:20 19:5 20:16
ray(2) 3:18 3:19
reached(2) 6:18 9:2
ready(2) 36:9 36:10
realize(1) 10:2
really(1) 24:7
reasonable(2) 31:13 36:22
reasonably(2) 15:19 15:24
reasons(1) 29:6
recall(3) 5:11 5:19 14:24
received(1) 5:24
recess(5) 12:14 36:2 36:3 36:5 39:25
recognition(2) 15:10 17:16
recognize(2) 17:17 18:1
recognizes(1) 31:8
recognizing(1) 13:3
recommendation(1) 32:22
record(7) 9:1 9:13 19:18 21:9 24:21 27:22 39:21

recorded(1) 1:52
recording(2) 1:52 40:5
records(1) 10:3
refer(3) 28:15 32:24 32:25
reference(1) 32:8
referred(3) 8:11 26:6 27:11
referring(2) 5:10 34:5
refers(3) 27:23 28:18 34:25
reflected(1) 24:11
reinvent(1) 25:21
relate(1) 25:5
related(1) 12:25
relates(1) 26:1
relating(1) 23:6
release(2) 5:8 6:1
remaining(1) 6:7
remains(1) 28:14
remind(1) 13:21
report(2) 19:2 30:21
reporting(1) 16:21
representation(1) 7:8
request(6) 12:2 22:23 23:1 23:8 23:9

requested(1) 37:5
requests(1) 22:23
require(1) 18:6
reservation(1) 11:17
reserve(3) 11:22 28:21 29:8
reserved(2) 32:17 39:5
reserving(1) 30:8
resist(1) 23:10
resolution(35) 9:23 9:24 11:1 11:23 13:1 13:6 14:18 15:16 15:21 16:22 17:11 17:12 17:25 18:8 18:15 19:4 19:21 19:23 20:3 22:10 22:25 25:10 25:17 25:19 25:23 26:16 30:23 30:25 31:7 32:6 32:13 32:14 32:21 33:2 35:1

resolve(8) 6:6 6:17 9:24 15:15 16:25 22:12 25:17 30:13
resolved(2) 17:19 17:24 27:14 29:25 30:1 39:6
resolves(3) 20:17 21:5 21:21
resolving(2) 6:25 16:24
respect(19) 5:23 11:16 11:20 13:6 16:18 17:3 18:6 20:4 20:17 20:23 22:5 25:10 32:2 32:5 32:6 32:12 33:7 33:12 36:12
respond(1) 35:12
response(2) 19:17 34:2
returnable(1) 8:22
reviewed(1) 36:20
revised(4) 37:17 37:18 38:20 39:10
reyes(3) 3:29 10:13 10:18 10:20 10:20 10:23 11:10 13:1 25:4 26:10 27:2 33:18

richards(1) 2:4
right(34) 6:12 8:1 8:24 12:8 12:17 13:18 18:25 19:3 20:1 20:2 20:9 20:12 20:19 21:3 21:19 22:5 22:5 23:8 24:17 25:1 29:3 34:18 35:5 35:11 37:6 37:24 37:25 37:25 38:19 39:2 39:9 39:14 39:15 39:24
rights(30) 9:25 10:1 14:17 16:16 17:3 17:13 18:6 18:8 18:12 18:23 19:10 21:10 21:11 21:18 21:20 22:4 22:8 22:24 23:12 28:22 29:8 30:8 32:2 32:16 33:5 34:10 34:22 34:23 35:4 35:7

rise(3) 4:2 30:25 36:6
risk(1) 23:14
robin(1) 3:23
rodney(1) 2:6
role(2) 30:23 31:3
rosenberg(9) 26:5 26:12 27:6 27:7 27:8 29:11 29:14 29:25 34:1
round(1) 12:22
rule(1) 13:12
ruling(3) 36:4 36:14 37:7
said(5) 11:3 18:3 26:10 31:8 35:8
sale(2) 5:4 7:21
salvatore(1) 1:38
same(19) 14:12 14:13 16:9 16:9 16:12 16:13 17:16 18:17 21:19 22:22 22:25 28:22 29:18 29:24 33:5 34:14 34:16 34:20 35:25
samis(1) 2:5
satisfactory(1) 8:25
satisfied(1) 27:4
save(1) 35:15
say(6) 6:5 10:25 26:23 26:24 29:11 34:9
says(2) 19:24 35:5
scheduled(2) 5:14 7:20
schedules(1) 6:12
scheduling(1) 8:15
schuylkill(1) 1:46

schweitzer(38) 1:37 9:9 9:11 9:12 9:13 10:5 10:25 12:19 12:21 13:15 13:19 14:5 14:20 19:20 20:20 23:25 24:1 24:8 24:15 25:5 26:6 31:24 32:17 33:20 33:21 33:23 33:25 34:4 35:20 35:25 37:6 37:7 37:13 37:16 37:18 37:21 37:22 37:24
schwill(1) 3:23
seated(2) 4:4 36:7
second(4) 17:12 22:20 23:5 36:16
securing(1) 21:18
see(8) 4:4 28:3 28:24 28:24 35:3 35:23 37:17 39:24
seek(3) 21:15 21:19 22:18
seeking(3) 9:18 22:11 24:12
sellers(2) 6:3 6:8
sen(2) 2:49 2:50
sense(2) 8:2 31:13
separately(1) 23:7
september(9) 1:16 4:1 7:19 7:20 8:19 8:21 9:3 39:19 40:9

service(2) 1:45 1:53
services(2) 1:45 19:15
set(10) 13:1 14:5 14:7 16:22 18:19 18:23 27:16 27:19 29:6 32:7

setting(1) 31:11
settle(1) 5:15
settled(2) 8:13 14:21
settlement(10) 8:9 8:10 8:12 8:23 14:24 15:13 36:20 36:23 38:14 38:22

seven(1) 38:11
several(3) 5:17 5:17 16:2
share(2) 14:11 14:12
shared(1) 30:12
sharing(2) 16:20 18:13
she(1) 25:7
short(1) 24:24
shortened(1) 16:3
should(8) 12:4 20:9 20:15 26:7 29:2 31:10 32:23 32:24
show(2) 4:10 4:10
side(4) 22:7 33:19 33:25 37:15
sign(2) 3:9 39:13
signed(4) 8:16 13:13 24:23 39:14
similar(4) 14:13 19:8 33:2 34:15
similarly(2) 14:5 14:6
simple(1) 27:17
since(3) 26:4 26:7 27:11
sincere(1) 7:24
sit(1) 13:16
six(2) 38:11 38:13
slight(1) 9:14
slightly(1) 17:18
slow(2) 11:19 29:21
solely(1) 24:20
solutions(1) 5:5
some(12) 6:12 9:16 17:13 18:7 18:7 18:8 18:9 29:9 29:25 32:9 34:22 34:23
somehow(1) 16:10
something(1) 35:2
sometime(1) 8:15
sometimes(1) 14:2
somewhere(1) 21:15
soon(3) 6:17 7:9 25:25
sooner(1) 9:4
sorry(1) 11:10
sound(1) 1:52 40:5
speak(3) 11:2 11:19 23:20
speaking(1) 10:24
specific(17) 17:4 18:3 18:7 18:14 18:18 20:4 20:8 20:23 30:11 31:16 32:5 32:12 32:21 34:17 34:23 35:1 35:13

specifically(4) 19:24 28:19 32:5 35:11
specified(1) 15:25
spoken(1) 11:3
square(1) 2:6
stam(8) 3:30 6:20 8:3 8:6 8:8 8:20 9:5 10:13

stand(2) 16:23 39:25
standard(1) 17:22
standing(6) 21:3 21:15 21:15 28:6 28:22 35:5

start(1) 13:2
started(1) 9:14
statements(1) 23:6
states(9) 1:2 1:22 5:2 5:21 14:3 14:10 15:1 15:3 25:15

steen(1) 1:35
step(2) 9:20 22:8
stephanie(1) 40:10
stephen(1) 3:4
still(2) 1:23 22:17
stipulation(6) 6:10 6:16 6:25 7:9 8:11 8:17
stock(1) 12:14
stop(1) 33:11
stratton(6) 2:26 7:5 7:6 7:7 7:15 7:16
stratton's(1) 7:17
strauss(1) 2:11
street(6) 1:13 1:29 1:46 2:7 2:28 2:35
subject(7) 6:19 9:2 15:4 17:4 22:14 26:22 36:25

submission(2) 5:23 29:5
submissions(9) 8:25 29:7 30:15 31:16 33:4 33:13 33:15 33:16 35:22

submit(1) 6:14
submitted(3) 6:21 6:22 38:15
subsequent(1) 14:9
subsequently(1) 11:2
substantial(2) 14:10 15:10
substantive(1) 35:4
such(9) 20:14 20:24 36:15
suggest(2) 7:22 28:25
suggested(2) 24:9 24:25
suggestion(1) 7:18
suite(3) 2:21 2:27 2:35
superintendent(3) 19:14 27:8 28:25
support(3) 20:1 30:21 35:5
supports(1) 31:14
suppose(1) 8:20
sure(8) 6:21 10:2 10:7 20:11 29:22 33:11 35:13 37:23

surviving(1) 39:7
susan(1) 3:7
swill(1) 35:22
tab(2) 18:16 27:22
table(1) 35:23
take(9) 11:4 12:14 12:14 14:20 22:20 26:12 27:16 36:2 36:3
taken(2) 25:6 36:5
talk(1) 20:21
talked(1) 20:5
talking(6) 24:6 24:8 24:14 24:15 24:18 24:21
tasked(1) 9:17
tay(3) 8:3 10:9 10:12
technical(1) 27:14
telephone(1) 10:8
telephonic(2) 2:42 3:1
tenth(1) 39:4
terminate(1) 22:13
terms(9) 6:11 8:10 8:12 11:1 13:19 16:22 18:25 26:15 27:15

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **than**(9) 6:3 6:16 11:4 17:19 17:20 19:5 20:16 30:14 35:23 | | **the**(301) 1:2 1:3 1:21 2:4 2:33 3:33 4:2 4:3 4:6 4:8 4:10 4:10 4:11 4:15 4:18 4:20 4:22 5:1 5:3 5:4 5:4 5:5 5:7 5:8 5:10 5:11 5:15 5:15 5:16 5:16 5:19 5:21 5:23 5:23 5:25 6:2 6:3 6:4 6:5 6:5 6:6 6:7 6:8 6:9 6:12 6:16 6:21 6:25 7:2 7:5 7:7 7:8 7:9 7:10 7:14 7:16 7:19 7:25 8:1 8:4 8:7 8:9 8:9 8:10 8:10 8:11 8:12 8:12 8:14 8:16 8:18 8:20 9:1 9:1 9:9 9:10 9:12 9:13 9:15 9:16 9:18 9:20 9:22 9:22 9:23 9:24 10:5 10:9 10:14 10:16 10:19 10:20 10:22 10:25 11:1 11:6 11:11 11:14 11:15 11:16 11:19 11:21 11:22 11:23 11:23 11:25 11:25 12:2 12:3 12:14 12:17 12:19 12:22 12:23 12:24 12:25 13:1 13:1 13:2 13:4 13:4 13:5 13:6 13:7 13:9 13:11 13:11 13:12 13:14 13:14 13:17 13:18 13:19 13:21 13:21 13:23 13:24 13:24 14:2 14:3 14:4 14:6 14:7 14:8 14:9 14:10 14:11 14:12 14:13 14:14 14:16 14:18 14:18 14:19 14:21 14:22 14:22 14:23 14:23 14:25 15:2 15:3 15:4 15:4 15:5 15:5 15:6 15:7 15:10 15:10 15:11 15:11 15:14 15:14 15:16 15:18 15:18 15:19 15:20 15:21 15:22 15:23 16:2 16:2 16:2 16:3 16:4 16:6 16:7 16:10 16:11 16:13 16:14 16:15 16:16 16:17 16:17 16:18 16:18 16:23 16:25 16:25 17:1 17:1 17:2 17:2 17:4 17:6 17:7 17:7 17:8 17:9 17:10 17:11 17:11 17:13 17:13 17:14 17:15 17:16 17:17 17:18 17:19 17:20 17:21 17:22 17:22 17:23 17:25 18:4 18:5 18:5 18:8 18:9 18:10 18:12 18:13 18:14 18:15 18:18 18:20 18:21 18:24 18:25 19:2 19:3 19:4 19:7 19:18 19:8 19:9 19:13 19:14 19:16 19:18 19:19 19:19 19:23 19:24 19:24 19:25 19:25 20:1 20:2 20:3 20:3 20:7 20:7 20:8 20:9 20:9 20:10 20:12 20:13 20:14 20:19 20:24 20:25 21:1 21:1 21:4 21:6 21:6 21:7 21:7 21:7 21:9 21:10 21:11 21:12 21:13 | | **the**(297) 21:14 21:14 21:19 21:22 21:25 22:1 22:4 22:6 22:9 22:9 22:12 22:13 22:13 22:16 22:17 22:20 22:22 22:24 22:25 23:1 23:2 23:3 23:5 23:5 23:8 23:9 23:18 23:20 23:22 23:23 23:24 24:2 24:7 24:7 24:10 24:10 24:10 24:11 24:12 24:17 24:21 24:22 24:23 24:23 24:24 24:25 25:5 25:5 25:6 25:7 25:8 25:9 25:10 25:12 25:14 25:15 25:17 25:17 25:18 25:18 25:20 25:21 25:23 26:2 26:4 26:5 26:10 26:14 26:14 26:15 26:19 26:23 26:23 26:24 26:24 27:4 27:8 27:9 27:10 27:14 27:15 27:16 27:16 27:17 27:18 27:19 27:21 27:22 27:25 28:3 28:3 28:6 28:8 28:8 28:12 28:13 28:14 28:15 28:16 28:17 28:19 28:19 28:22 28:22 28:23 28:25 29:2 29:3 29:4 29:4 29:6 29:9 29:17 29:17 29:18 29:19 29:20 29:23 29:24 30:2 30:2 30:3 30:3 30:4 30:5 30:5 30:6 30:7 30:8 30:8 30:12 30:13 30:13 30:19 30:20 30:22 30:22 30:23 30:23 30:23 30:24 30:25 31:3 31:3 31:3 31:4 31:5 31:5 31:6 31:6 31:7 31:8 31:10 31:12 31:12 31:12 31:14 31:14 31:15 31:22 31:23 31:24 31:25 32:1 32:2 32:2 32:3 32:3 32:3 32:4 32:6 32:7 32:8 32:9 32:10 32:11 32:11 32:15 32:15 32:15 32:16 32:17 32:18 32:20 32:20 32:22 32:23 32:24 33:4 33:5 33:6 33:8 33:11 33:12 33:16 33:17 33:19 33:21 33:23 33:24 33:25 34:1 34:3 34:4 34:6 34:8 34:8 34:10 34:10 34:11 34:12 34:13 34:16 34:19 34:20 34:20 34:20 34:21 34:22 34:22 34:23 34:24 34:25 35:5 35:7 35:8 35:20 35:21 35:23 35:25 36:3 36:6 36:7 36:10 36:12 36:13 36:14 36:14 36:15 36:16 36:16 36:19 36:20 36:25 37:1 37:1 37:20 37:22 37:23 37:24 37:25 38:5 38:9 38:10 38:12 38:13 38:16 38:17 38:18 38:21 38:22 38:22 38:23 39:1 39:2 39:4 39:5 39:9 39:12 39:15 39:16 39:16 39:18 39:20 39:21 39:24 40:1 40:4 40:5 40:5 40:6 | | **they've**(1) 13:9 **thing**(3) 26:4 26:14 39:16 **things**(6) 5:18 12:14 15:1 22:22 25:13 26:5 **think**(29) 4:17 10:10 10:23 11:1 11:16 12:22 18:16 19:13 21:1 21:4 21:20 21:21 22:11 23:4 23:13 23:16 24:14 26:10 26:12 26:22 29:1 29:5 30:2 30:7 35:21 35:25 36:22 37:7 37:17 **third**(1) 15:9 **this**(42) 5:2 5:10 5:12 6:1 6:15 6:18 6:23 7:11 8:18 8:25 9:14 9:15 14:20 14:21 15:4 19:16 20:25 21:5 21:9 21:10 21:12 21:13 22:12 22:13 22:18 22:19 23:13 23:14 24:6 24:8 24:25 29:10 31:9 31:13 32:4 32:11 34:25 35:2 35:2 35:4 35:16 38:2 **thomas**(1) 3:11 **those**(25) 4:16 6:22 14:6 14:15 15:17 16:18 18:6 18:7 18:23 19:1 19:4 19:4 21:21 23:12 24:19 25:16 25:17 25:19 26:2 28:22 29:4 31:15 32:13 33:7 33:12 **thought**(1) 3:11 **through**(12) 13:3 13:16 16:6 18:18 19:6 26:13 27:16 29:5 34:21 34:22 34:23 35:18 **thursday**(1) 4:1 **thus**(1) 27:4 **tie**(1) 17:12 **tied**(1) 11:11 **time**(7) 6:18 11:4 13:24 15:9 22:2 30:9 32:5 **times**(1) 14:16 **tinker**(1) 2:34 **today**(13) 4:15 6:10 8:13 8:22 9:17 9:18 9:22 12:24 14:23 26:21 31:2 38:4 39:22 **together**(3) 14:14 15:15 16:24 **told**(4) 20:17 21:4 22:6 23:3 **tomorrow**(1) 8:14 **tony**(2) 3:29 10:20 **too**(2) 35:13 37:13 **too-ing**(1) 35:14 **toronto**(2) 4:9 6:20 **touch**(1) 8:15 **transaction**(2) 5:20 7:21 **transcript**(3) 1:20 1:52 40:5 **transcription**(2) 1:45 1:53 **transcriptionist**(1) 40:12 **treated**(1) 34:16 **treatment**(1) 24:18 **tricadia**(1) 3:4 **trip**(2) 22:20 35:16 **trustee**(6) 2:19 2:33 2:33 3:14 25:12 28:16 **try**(1) 5:15 **trying**(3) 15:2 16:4 30:13 **tunnel**(1) 38:9 **tunnell**(1) 1:26 **turn**(7) 9:8 17:15 21:23 23:16 23:23 25:2 28:10 **tweed**(1) 3:10 **twelfth**(1) 39:17 **two**(8) 9:20 12:23 14:11 16:5 25:13 26:4 32:18 38:10 **two-step**(1) 13:15 **types**(1) 23:12 **typical**(4) 28:14 28:16 29:9 31:3 **u.s**(37) 2:33 2:33 5:3 11:14 13:7 14:21 15:6 15:10 15:14 15:23 16:15 16:17 17:1 17:7 17:17 17:19 17:22 18:4 18:24 19:16 19:24 20:10 20:12 21:10 21:11 21:13 22:4 22:17 23:1 31:6 31:24 32:1 32:3 32:4 32:15 34:11 38:10 **ucc**(3) 28:19 29:3 30:5 |
| **thank**(50) 4:3 4:21 7:2 7:15 7:16 8:1 9:5 9:6 9:7 9:10 10:6 12:18 12:20 12:21 23:25 24:1 24:3 24:25 25:1 25:3 25:4 26:9 27:1 27:5 27:6 29:12 29:13 29:23 30:16 31:18 31:19 33:13 33:14 35:20 35:21 36:7 36:8 36:11 36:19 37:6 37:16 37:20 37:21 37:22 38:2 38:5 38:5 38:6 39:1 39:12 | | | | | | | |
| **that**(278) 4:14 4:15 5:12 5:16 5:19 5:20 6:5 6:7 6:8 6:10 6:12 6:17 6:18 6:21 6:23 7:22 7:22 7:23 7:24 8:2 8:4 8:4 8:11 8:13 8:14 8:16 8:18 8:20 8:22 8:23 9:1 9:16 9:20 9:21 10:2 10:2 10:3 10:8 10:12 11:2 11:3 11:3 11:4 11:5 11:15 11:16 11:20 11:23 11:24 11:24 12:2 12:2 12:11 12:12 12:23 13:2 13:4 13:5 13:7 13:7 13:9 13:10 13:11 13:12 13:22 13:24 13:25 14:1 14:7 14:8 14:10 14:11 14:16 14:25 15:3 15:6 15:8 15:9 15:9 15:10 15:11 15:12 15:13 15:14 15:14 15:17 15:22 16:3 16:7 16:11 17:7 17:9 17:12 17:12 17:13 17:15 17:17 17:19 18:1 18:2 18:3 18:14 18:15 18:17 18:17 18:25 19:3 19:4 19:13 19:23 19:24 20:11 20:11 20:15 20:20 21:2 21:2 21:4 21:5 21:8 21:9 21:21 21:21 21:24 21:24 22:3 22:7 22:8 22:11 22:11 22:11 22:12 22:12 22:16 22:16 22:22 23:3 23:4 23:4 23:8 23:8 23:9 23:9 23:10 23:10 23:11 23:12 23:14 23:16 24:7 24:8 24:9 24:12 24:21 24:22 24:24 24:25 25:7 25:7 25:9 25:11 25:13 25:14 25:17 25:18 25:18 25:21 25:22 26:5 26:10 26:11 26:13 26:14 26:16 26:23 27:2 27:15 27:17 27:19 27:19 27:20 27:21 27:23 27:24 27:24 28:1 28:2 28:3 28:7 28:12 28:13 28:17 28:18 28:19 28:25 30:4 30:5 30:6 30:8 30:9 30:13 30:14 30:24 31:8 31:9 31:10 31:12 31:14 31:23 31:25 32:1 32:1 32:5 32:7 32:8 32:9 32:11 32:16 32:16 32:20 32:20 32:22 32:23 32:24 32:25 33:3 33:5 33:6 33:7 33:7 33:16 33:22 34:1 34:2 34:5 34:8 34:8 34:9 34:9 34:11 34:11 34:13 34:18 35:2 35:6 35:8 35:9 35:11 35:12 35:15 35:16 35:17 35:21 35:24 37:2 37:7 37:9 37:9 37:10 37:11 37:11 37:14 37:17 37:20 37:22 38:15 38:21 38:24 39:1 39:7 39:13 39:18 39:21 39:22 40:4 | | | | | | | |
| **that's**(17) 8:24 8:24 11:6 11:11 14:13 17:6 23:4 26:23 29:4 30:11 32:18 33:9 33:10 33:11 33:18 34:19 37:25 | | | | | | | |
| **that's**(1) 12:9 | | **their**(8) 19:17 19:17 20:17 22:2 23:19 29:2 39:6 39:7 **them**(14) 13:3 13:20 16:4 17:23 18:7 18:9 18:9 18:18 26:21 34:7 34:15 34:16 35:8 35:9 **then**(19) 5:14 7:11 8:19 9:1 9:8 12:1 12:13 12:13 12:14 12:15 15:17 16:12 16:25 23:17 23:19 28:5 33:16 38:16 39:3 **there**(43) 5:1 5:12 5:20 5:22 11:3 11:5 11:9 13:6 14:8 14:10 14:15 14:25 15:2 15:12 16:1 16:13 16:20 16:21 16:21 16:22 17:6 17:17 18:2 18:14 18:19 19:14 21:24 25:11 25:13 25:21 25:25 26:11 26:17 27:2 27:18 28:18 29:25 30:2 30:7 34:14 35:3 35:24 38:5 **there's**(12) 4:16 9:20 9:22 11:24 21:2 21:8 28:2 29:21 32:8 32:22 35:22 36:1 **thereafter**(1) 12:16 **thereby**(1) 36:23 **therefore**(1) 25:16 **therein**(3) 15:25 16:12 18:19 **these**(15) 15:21 16:5 20:4 20:6 22:15 30:10 35:9 **they**(23) 13:4 13:8 15:22 17:10 17:21 18:3 18:18 20:16 20:20 21:15 22:7 22:23 23:4 25:19 26:2 29:2 29:25 30:11 34:6 34:21 34:22 35:14 35:18 **they'd**(1) 22:15 **they'll**(1) 15:23 **they're**(4) 15:23 18:20 18:22 29:1 | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|
| | | | | | |

**uccs**(1) 31:25
**ultimate**(1) 24:16
**ultimately**(3) 28:6  28:12  32:13
**under**(8) 6:15  14:12  16:11  23:2  25:14
27:25  34:10  38:15

**underlies**(1) 30:14
**understandabl**(1) 38:23
**understanding**(6) 7:7  13:8  22:2  23:1  23:9
34:8

**understood**(2) 10:8  37:8
**unfold**(1) 28:7
**unfolds**(1) 28:3
**unfortunately**(1) 6:11
**united**(6) 1:2  1:22  5:2  5:21  15:3  25:15
**unless**(4) 7:12  26:24  31:16  36:1
**unlimited**(1) 20:12
**unsecured**(2) 2:5  15:6
**unusual**(1) 28:8
**until**(4) 11:22  13:13  36:15  37:3
**upon**(2) 24:10  25:8
**usual**(1) 10:16

**various**(2) 15:12  16:16
**very**(10) 4:16  6:4  9:10  12:19  13:14  24:9
29:13  36:3  37:16  38:10

**video**(1) 4:9
**view**(7) 6:18  8:18  10:14  14:16  31:10
31:12  32:11

**viewed**(2) 22:23  31:11
**vineberg**(1) 3:22
**votes**(1) 35:7
**voting**(5) 22:24  22:25  23:2  26:17  26:19
**want**(13) 16:6  18:4  18:6  21:23  23:21
24:21  33:10  34:1  34:7  35:9  35:12  35:15
37:19
**wanted**(4) 20:20  25:13  27:19  27:24
**wants**(2) 23:18  35:13
**ward**(2) 3:22  25:11
**was**(34) 5:12  5:12  5:20  5:20  5:22  10:25
13:25  14:25  15:9  15:12  15:12  20:11  22:2
22:22  22:23  23:12  23:12  24:9  24:24  25:9
27:11  27:17  27:20  28:13  30:13  35:2  35:4
35:16  35:17  37:8  38:13  39:16  39:24  40:1

**wasn't**(1) 20:12
**way**(12) 9:19  13:10  13:23  17:13  20:10
22:25  23:20  25:17  25:18  34:21  37:11
37:22
**ways**(2) 15:12  17:12
**we'd**(1) 35:24
**we'll**(11) 7:24  11:6  12:13  12:13  12:15
23:24  35:3  36:2  36:3  36:4  39:25
**we're**(14) 4:14  9:18  10:23  10:24  12:12
12:22  12:23  13:9  18:19  24:8  24:15  24:18
35:8  37:11

**we've**(15) 4:16  11:1  11:16  15:20  16:5
17:13  18:2  19:7  20:5  23:3  25:7  25:8
26:10  28:2  34:15
**week**(1) 6:17
**weeks**(2) 5:17  6:6
**welcome**(1) 13:11
**well**(25) 6:6  6:20  7:4  8:20  9:10  10:10
11:8  12:19  13:14  15:5  19:18  24:5  26:4
28:24  29:8  29:11  30:1  34:12  35:19  36:3
36:19  37:10  37:14  37:16  39:13

**went**(1) 37:14
**were**(12) 6:1  6:4  15:12  17:17  20:4  21:24
21:24  25:15  27:15  29:25  30:1  33:5

**what**(15) 8:8  19:16  22:19  24:6  24:14
24:14  26:15  26:18  26:22  27:4  29:9  30:14
32:10  32:20  37:8

**what's**(1) 11:25

**whatever**(1) 21:20
**wheel**(1) 25:21
**when**(6) 7:10  14:5  25:21  28:23  29:1  35:3
**where**(7) 7:7  9:23  12:14  16:13  20:21
20:24  39:5

**whereupon**(1) 40:1
**whether**(5) 10:13  10:14  10:15  18:3  37:4
**which**(23) 4:25  10:16  18:1  18:2  18:11
18:16  19:17  19:20  19:22  20:4  20:5  20:7
20:16  21:1  21:9  24:11  31:1  32:8  34:9
36:16  36:21  39:16  39:17

**while**(1) 13:11
**who**(2) 19:15  22:1
**who's**(1) 19:16
**whole**(1) 23:24
**why**(1) 23:22
**wilkie**(1) 3:14
**will**(40) 4:15  6:21  6:22  8:22  11:2  11:3
11:8  11:9  11:24  12:15  13:15  19:1  19:2
19:4  19:25  22:20  24:4  24:19  25:2  25:11
25:24  25:25  26:2  26:12  26:12  26:16  27:1
28:6  28:24  30:10  32:13  36:13  37:2  37:3
37:9  37:25  38:3  38:24  39:7  39:13

**willingness**(1) 16:23
**wilmington**(7) 1:14  1:32  2:8  2:22  2:30
2:37  4:1

**wire**(1) 16:4
**wise**(1) 38:23
**wish**(3) 8:25  27:2  33:15
**with**(63) 4:18  5:2  5:21  5:23  6:20  6:22
6:24  7:8  8:10  8:15  8:22  9:17  10:24  11:6
11:16  11:20  12:13  12:15  13:2  13:6  13:10
14:21  14:21  16:18  17:3  18:6  19:1  19:10
20:4  20:15  20:17  20:23  21:21  22:5  22:8
22:11  22:15  22:16  23:16  24:10  24:19
24:20  24:22  25:10  26:21  27:4  28:17  30:1
30:12  32:1  32:2  32:4  32:6  32:12  32:14
32:16  34:18  34:20  36:12  36:13  37:11  39:6
39:7

**within**(3) 6:16  7:1  16:9
**without**(4) 14:7  15:2  21:13  21:18
**won't**(1) 27:16
**word**(2) 28:25  32:9
**words**(2) 25:7  27:15
**work**(4) 14:14  16:24  26:2  30:11
**worked**(1) 6:12
**works**(1) 25:18
**worthy**(1) 16:7
**would**(52) 4:17  6:10  7:22  8:13  8:15  9:17
10:15  10:16  11:15  11:17  11:21  12:1  13:2
13:13  14:7  14:8  15:3  15:5  15:7  15:15
15:17  15:22  20:23  22:8  22:17  22:19  23:7
23:9  23:9  23:10  23:11  23:16  26:7  26:18
26:25  27:20  27:21  28:5  28:7  28:7  28:8
28:12  28:21  30:22  33:4  33:6  33:8  33:12
34:9  34:11  34:14  37:20

**wrapped**(1) 7:9
**www.diazdata.com**(1) 1:49
**year**(5) 13:24  13:24  14:20  14:21  15:4
**yes**(14) 5:7  10:5  12:5  12:7  14:4  14:19
19:19  29:15  33:21  33:24  34:3  36:10  38:12
39:1
**yesterday**(1) 38:17
**york**(4) 1:40  2:15  11:5  11:9

**you**(95) 4:3  4:4  4:10  4:11  4:11  4:20  4:21
5:11  7:2  7:14  7:15  7:16  8:1  9:5  9:6  9:7
9:10  9:16  10:2  10:3  10:5  10:6  10:9  12:1
12:18  12:20  12:21  13:21  18:11  18:11
18:16  18:19  19:7  19:18  21:9  22:13  23:25
24:1  24:4  24:25  25:1  25:2  25:3  25:4  26:9
26:12  27:1  27:2  27:5  27:6  27:16  27:17
28:23  28:24  28:24  29:4  29:9  29:9  29:12  29:13
29:21  29:21  29:23  30:10  30:16  31:16
31:18  31:19  33:13  33:14  35:3  35:20  35:21
36:7  36:8  36:11  36:18  36:19  37:6  37:14
37:16  37:17  37:19  37:20  37:21  37:22  38:2
38:5  38:5  38:6  38:21  39:1  39:11  39:12
39:25  39:25

**you'll**(1) 14:24
**you're**(1) 8:18
**you've**(1) 27:23
**young**(2) 2:45  3:26
**your**(64) 4:5  4:13  4:19  4:23  5:11  5:19
6:14  6:23  7:6  7:12  8:12  9:5  9:12  10:3
10:14  10:18  11:10  11:14  11:16  11:20
11:22  12:9  12:21  13:11  13:16  19:17  19:20
24:6  24:22  24:25  25:4  26:7  26:24  27:7
29:12  29:15  29:16  29:20  30:17  30:20  31:8
31:14  31:16  31:21  32:14  32:21  32:24
32:25  33:3  33:6  33:8  33:18  33:20  36:1
36:9  37:6  37:7  37:13  37:21  38:8  39:3
39:15  39:20  39:23

**ziggler**(1) 29:20
**zigler**(4) 29:15  29:15  29:22  29:24