## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>NORTEL NETWORKS, INC., *et. al.*[1]<br><br>           Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>(Jointly Administered)<br><br>**Hearing Date: September 30, 2010, at 10:00 a.m.**<br>**Objection Date: September 23, 2010, at 4:00 p.m.**<br><br>**Re: D.I. 3846** |

## RESPONSE OF THE COCA COLA COMPANY TO DEBTORS' THIRTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND DEL. L.R. 3007-1 (NO LIABILITY CLAIMS, REDUCE AND ALLOW CLAIM, AND REDUNDANT BOND CLAIMS)

The Coca Cola Company ("Coke"), by its undersigned counsel, responds as follows to Debtors' Thirteenth Omnibus Objection to Claims [D.I.3846] (the "Objection"), insofar as the Objection seeks disallowance of the claim of Coke:

### Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), as a proceeding arising under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), or arising in or related to a case under title 11.

2.      This matter is a core proceeding under 28 U.S.C. § 157(b).

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

**Relevant Background**

3.     Nortel Networks Inc. ("NNI") and several of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court on January 14, 2009 (the "Petition Date").

4.     Pre-petition, on or about August 1, 2008, NNI committed to purchase five (5) Guest VIP packages from Coke's Global Hospitality VIP Program (collectively, the "VIP Packages"). The VIP Packages were offered in connection with the 2008 Summer Olympics in Beijing, China.

5.     Historically, Coke purchases packages to major global events (such as the Olympics) as a marketing tool for its clients. The VIP Packages included, among other things, double occupancy hotel accommodations, all food and beverage items, tickets to Olympic events and ground transportation.

6.     With respect to the VIP Packages, Coke purchased more VIP Packages than necessary for its clients and sold the surplus through a marketing company. Ultimately, those VIP Packages were purchased by NNI.

7.     As indicated on the Package Commitment Form, attached hereto as **Exhibit A**, the VIP Packages were ordered by NNI and the Package Commitment Form was approved and executed by David Johnson, the Debtors' General Manager for Olympic Programs.

8.     On or about November 21, 2008, Coke invoiced NNI for the VIP Packages in the aggregate amount of $90,200 (the "Invoice"). A copy of the Invoice was attached to Claim No. 1334 (defined below) and is attached hereto as **Exhibit B**. Per the Invoice, the due date by which NNI was legally obligated to tender payment to Coke was December 21, 2008.

9.     As of the Petition Date, neither NNI, nor any of its affiliates, paid Coke for the use of the VIP Packages.

10.     On or around June 10, 2009, Coke filed a timely Proof of Claim ("Claim No. 1334") against NNI seeking payment of the Invoice with respect to the goods and services provided to the Debtors as part of the VIP Packages. A copy of Claim No. 1334 is attached hereto as **Exhibit C**.

11.     On August 31, 2010, the Debtors filed the Objection, in which they nakedly assert that the Debtors have no liability for Claim No. 1334 because it allegedly relates to a transaction with a non-debtor affiliate of the Debtors. As shown by the Package Commitment Form, and discussed more fulsomely below, the Debtors' assertion is incorrect.

**<u>Response</u>**

12.     Both the Package Commitment Form and the Invoice attached to Claim No. 1334 indicate that NNI is the party responsible for payment of the purchase price of the VIP Packages. Accordingly, Coke properly filed Claim No. 1334 against NNI, the lead Debtor in these bankruptcy cases.

13.     Further, the Objection filed by Debtors fails to provide any countervailing information demonstrating that NNI is not the Debtor responsible for payment of the Invoice.

14.     In light of both (i) the Package Commitment Form which is signed by an authorized representative of the Debtors and references NNI as the customer with whom Coke contracted for the VIP Packages and (ii) the Invoice attached to Claim No. 1334 indicating that NNI is the customer party with whom Coke provided the VIP Packages, the Debtors fail to establish that an entity other than NNI is the party responsible for payment of Claim No. 1334.

15.     Simply put, faced with a commitment form signed by an authorized representative of the Debtors and which provides that NNI is the debtor entity to receive the benefit of the VIP Packages, the Debtors cannot continue, in good faith, to dispute that NNI is liable for payment of Claim No. 1334. As such, the Objection must be overruled with respect to Claim No. 1334.

WHEREFORE, for the reasons set forth above, Coke respectfully requests that the Court enter an order (i) overruling the Objection with respect to Claim No. 1334, (ii) allowing Claim No. 1334 as a general unsecured claim in the full amount of $90,200 and (iii) granting Coke such other and further relief as is just and proper.

Dated: September 23, 2010

POTTER ANDERSON & CORROON LLP

By: _____
   Theresa V. Brown-Edwards (DE Bar # 4225)
   R. Stephen McNeill (DE Bar # 5210)
   P.O. Box 951
   1313 N. Market Street, 6th Floor
   Wilmington, Delaware  19899
   Tel:  (302) 984-6000
   Fax:  (302) 658-1192
   E-mail:  tbrown-edwards@potteranderson.com
          rmcneill@potteranderson.com

*Attorneys for The Coca Cola Company*

983202