IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- X
:
*In re*                                                          :   Chapter 11
                                                                 :
Nortel Networks Inc., *et al.*,[1]                               :   Case No. 09-10138 (KG)
                                                                 :
            Debtors.                                             :   Jointly Administered
                                                                 :
                                                                 :   Hearing date: September 30, 2010 at 11:00 am (ET)
                                                                 :
---------------------------------------------------------------- X   Re:  D.I. 3846 and 4007

## DEBTORS' REPLY TO THE RESPONSE OF THE COCA-COLA COMPANY TO DEBTORS' THIRTEENTH OMNIBUS OBJECTION (SUBSTANTIVE)

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby file this reply to the response of the Coca-Cola Company ("Coke") to the Debtors' Thirteenth Omnibus Objection to Claims. As demonstrated below, the Debtors' objection should be sustained and Claim No. 1334 filed by Coke should be disallowed in full because it relates to a liability for which none of the Debtors are liable.

### Background

1.      On August 1, 2008, an entity only identified as "Nortel" committed to purchase five Guest VIP packages from Coke's Global Hospitality VIP Program (collectively, the "VIP Packages") for the aggregate amount of $90,000. The Package Commitment Form (attached as Exhibit A to Coke's Response) simply indicated "Nortel" in the company signature line and did not specify which Nortel entity entered into the commitment. However, the appropriate Nortel

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

entity subsequently was clarified to be Nortel Networks Limited ("NNL") when NNL placed a purchase order with Coke on September 16, 2008 for the VIP Packages (the "Purchase Order," attached hereto as **Exhibit A**). The Purchase Order provided that the VIP Packages were to be billed to NNL and listed a Canadian shipping address.

2.      Despite the Purchase Order indicating that NNL was the purchaser of the VIP Packages, on November 21, 2008, Coke incorrectly sent NNI an invoice for the VIP Packages in the aggregate amount of $90,200 (the "Invoice," attached to Claim No. 1334 and included in Exhibit C of Coke's Response). On June 10, 2009, Coke filed a proof of claim (Claim No. 1334) against NNI for the amount of the Invoice.

3.      On August 31, 2010, the Debtors filed their Thirteenth Omnibus Objection to Claims, which, among other things, sought the disallowance of Claim No. 1334 in full because it is not a claim for which any of the Debtors are liable. Exhibit A to the Thirteenth Omnibus Objection to Claims stated the following "Reason for Disallowance" with respect to Claim No. 1334: "Non-Debtor Claim. Claim asserts amounts that appear to relate to transactions with an affiliate which is not a Debtor in these chapter 11 cases. None of the Debtors in these chapter 11 cases is liable for the claim."

4.      On September 23, 2010, Coke filed its response in opposition to the Thirteenth Omnibus Objection to Claims with respect to Claim No. 1334.

## Response

5.      Coke's assertion that NNI is liable for the VIP Packages overlooks the most critical piece of evidence on the issue: the Purchase Order, which clearly demonstrates that none of the Debtors were the purchaser of the VIP Packages. Furthermore, as demonstrated below, Coke's claim that the Package Commitment Form and the Invoice indicate that NNI is the Nortel

2

party responsible for the purchase price of the VIP Packages is not supported by the Package Commitment Form itself. Coke's error in invoicing NNI for a purchase order submitted by NNL does not justify its claim. Accordingly, the evidence demonstrates that Claim No. 1334 relates to a liability for which none of the Debtors are liable and the claim should be disallowed in full.

6. Contrary to Coke's assertion that "the Package Commitment Form . . . references NNI as the customer with whom Coke contracted for the VIP Packages," (Coke Response at ¶ 14) the Package Commitment Form merely lists "Nortel" as the company name in the signature line.[2] Neither NNI nor any of the Debtors is specified as the responsible Nortel entity. Indeed, while the Package Commitment Form does not specify which Nortel entity is the party responsible for the purchase price of the VIP Packages, the Purchase Order eliminates any doubt on the issue. The Purchase Order clearly provides that the price of the VIP Packages are to be billed to NNL and lists a Canadian "Ship To" address for receiving the VIP Packages.

7. The only documents submitted by Coke that list NNI as the purchaser of the VIP Packages – the "Miscellaneous AR Transaction Pre-Approval Form" and the Invoice – were both prepared by Coke and merely reflect Coke's error in asserting that NNI was the responsible party. It is noteworthy that Coke's internal "Miscellaneous AR Transaction Pre-Approval Form" is incomplete and contains a blank for the Purchase Order. Had Coke completed its own form and referenced the Purchase Order, it would have invoiced the correct entity rather than NNI.

8. Simply put, Coke made an error in invoicing NNI for a purchase order placed by NNL. This error by Coke does not provide a basis for a claim against NNI. Accordingly, the objection to Claim No. 1334 should be sustained.

---

[2] Coke heavily relies upon this misstatement throughout its response. See Coke Response at ¶¶ 7, 12, 14, and 15.

3

WHEREFORE, the Debtors respectfully request that this Court sustain their objection and enter an order disallowing and expunging Claim No. 1334.

Dated:  September 27, 2010
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Deborah M. Buell (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
Salvatore F. Bianca (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Alissa T. Gazze (No. 5338)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*