**Exhibit A**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------X
: 
*In re* : Chapter 11
: 
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
: 
             Debtors. : Jointly Administered
: 
: Hearing date: October 14, 2010 10:00am (ET)
: Objections due: October 7, 2010 4:00pm (ET)
: 
---------------------------------------------------------------X

**ORDER (I) APPROVING DELIVERY BY CERTAIN DEBTORS AS MINORITY STOCKHOLDERS OF CONSENTS TO MERGER TRANSACTION; (II) APPROVING AN INDEMNIFICATION AND DEFERRED PAYMENT AGREEMENT; (III) AUTHORIZING CERTAIN DEBTORS TO ENTER INTO SUCH INDEMNIFICATION AND DEFERRED PAYMENT AGREEMENT AND TO CONSUMMATE RELATED TRANSACTIONS; (IV) AUTHORIZING THE DEBTORS TO FILE CERTAIN DOCUMENTS UNDER SEAL; AND (V) GRANTING RELATED RELIEF**

Upon the motion, (the "Motion") dated September 27, 2010, of Nortel Networks, Inc. (together with Nortel Altsystems, Inc., the "U.S. Debtor Stockholders") and its affiliated debtors, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for the entry of an order, as more fully described in the Motion, under sections 105, 107(b) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as hereafter amended, the "Bankruptcy Code"), Rules 2002, 6004, 9014 and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 6004-1 and 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable

District of Delaware (the "Local Rules"), for (i) approval of delivery by the U.S. Debtor Stockholders as minority stockholders of consents, dated September 23, 2010, to the merger between International Business Machines Corporation (the "Parent") and the Company (the "Merger"); (ii) approval of an Indemnification and Deferred Payment Agreement dated September 23, 2010 (as may be amended, supplemented or otherwise modified from time to time, the "Indemnification Agreement"), among Parent, certain holders, including the U.S. Debtor Stockholders, of capital stock and/or options to acquire shares of capital stock of Blade Network Technologies, Inc. (the "Company"), and Garnett & Helfrich Capital, L.P. as the representative of the securityholders for purposes of the Merger Agreement (as defined below), Indemnification Agreement and the related transactions (the "Representative"); (iii) authorization for each U.S. Debtor Stockholder to enter into the Indemnification Agreement and to take all steps necessary to consummate related transactions, including a merger of Bigsby Acquisition Corp. ("Sub") with and into the Company after which the Company will be the surviving corporation, as more fully described in the Agreement and Plan of Merger (as may be amended, supplemented or otherwise modified from time to time, the "Merger Agreement") dated September 23, 2010 (the entry into the Indemnification Agreement together with the consummation of the other transactions contemplated by the Indemnification Agreement, the Merger Agreement and related documents, the "Transaction;" the documents, including the Indemnification Agreement, the Merger Agreement, any written consents or other documents, instruments or agreements to be executed or delivered in connection therewith, the "Transaction Documents"); (iv) authorization for the Debtors to file under seal a copy of each of the Indemnification Agreement and the Merger Agreement and to limit disclosure thereof (and any

---

Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

information derived therefrom) to (a) the Court, (b) the United States Trustee for the District of Delaware (the "U.S. Trustee"), (c) counsel and financial advisors to the Official Committee of Unsecured Creditors appointed in these cases (the "Committee"), (d) counsel and financial advisors to the ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors (the "Bondholder Group"), and (e) any other party as may be (1) ordered by the Court or (2) agreed to by the U.S. Debtor Stockholders, the Representative and the Parent, in either case, under appropriate confidentiality agreements reasonably satisfactory to the U.S. Debtor Stockholders, the Representative and the Parent that preserve the confidentiality of the Indemnification Agreement and the Merger Agreement (and any information derived therefrom) (collectively, the "Limited Notice Parties"); and (v) granting them such other and further relief as the Court deems just and proper; and a hearing having been held on October 14, 2010 in connection with the Motion (the "Hearing"); and all parties in interest having been heard, or having had the opportunity to be heard, regarding the relief requested in the Motion; and the Court having considered (x) the Motion, (y) the objections, if any, to the Motion and (z) the arguments made and evidence proffered or adduced in support of the Motion at the Hearing; and it appearing that entry of this Order is in the best interests of the Debtors and their estates; and after due deliberation and good and sufficient cause appearing therefor,

        IT IS HEREBY FOUND AND DETERMINED THAT:[2]

        A.        This Court has jurisdiction over these chapter 11 cases, over the Motion as a core proceeding and over the parties and property affected hereby under 28 U.S.C. §§ 157(b) and 1334. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

B. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order.

C. The notice given by the Debtors of the Motion, the Hearing and the relief being requested constitutes appropriate notice under the circumstances and complies with sections 107(b) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002 6004, and 9018 and Local Rule 6004-1. Notwithstanding Bankruptcy Rule 6004(h), the parties may consummate the transactions contemplated by the Transaction Documents immediately upon entry of this Order. No other or further notice of the Motion or the Hearing is required by applicable law.

D. Neither the Parent nor any of its affiliates is an "insider" of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code. The Parent negotiated the terms and conditions of the Transaction Documents in good faith and at arm's length with the Company and the U.S. Debtor Stockholders. The Parent is a "good faith" purchaser within the meaning of section 363(m) of the Bankruptcy Code and is, therefore, entitled to the protections afforded thereby. Neither the Debtors nor the Parent or any of its affiliates has engaged in any conduct that would cause or permit the Transaction to be avoidable under Section 363(n) of the Bankruptcy Code.

E. The Debtors have demonstrated good, sufficient and sound business purpose and justification for entering into the Transaction Documents and consummating the Transaction because, among other things, the Debtors and their advisors diligently and in good faith analyzed all other available options in connection with the disposition of the capital stock of the Company held by the U.S. Debtor Stockholders (the "Capital Stock") and determined that (i)

the terms and conditions set forth in the Transaction Documents and (ii) the transfer, conversion, cancellation, or other disposition of the Capital Stock in exchange for the merger consideration, as more fully described in the Merger Agreement, are all fair and reasonable and together constitute the highest or otherwise best value obtainable for such Capital Stock.

    F. The consideration being provided to the U.S. Debtor Stockholders in exchange for their agreement to enter into the Transaction Documents and to consummate the Transaction constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, the laws of the State of Delaware and under the laws of the United States, any state, territory, or possession thereof, and the District of Columbia.

    G. Neither the Parent nor any of its affiliates is (i) a mere continuation of the Debtors or their estates and there is no continuity between the Parent and its affiliates and the Debtors or (ii) holding themselves out to the public as a continuation of the Debtors. The Transaction is not being undertaken for the purpose of escaping liability for the Debtors' debts. The consideration being paid by Parent in connection with the Transaction constitutes sufficient and valuable consideration for the releases of any potential claims of successor liability of the Parent and its affiliates, which releases shall be deemed to have been given in favor of the Parent and its affiliates by all holders of Bankruptcy Claims (as defined in the Indemnification Agreement) against or interests in the Debtors or any of the Capital Stock.

    H. No consents or approvals are required for each of the U.S. Debtor Stockholders to enter into the Transaction Documents to which it is a party other than entry of this Order and as otherwise set forth in any of the Transaction Documents. The execution of any Transaction Document by the U.S. Debtor Stockholders will not constitute a violation of any

provision of the organizational documents of either U.S. Debtor Stockholder or any other instrument, law, regulation or ordinance under which the U.S. Debtor Stockholders are bound. Upon entry of this Order, each of the U.S. Debtor Stockholders has full corporate power and authority to execute each of the Transaction Documents to which it is a party.

      I.      Upon entry of this Order, each of the Transaction Documents shall be a legal, valid and binding contract between the U.S. Debtor Stockholders, the Representative and the Parent and is enforceable against the U.S. Debtor Stockholders in accordance with its terms.

      J.      Upon entry of this Order, (i) no further action is required under the Bankruptcy Code for the U.S. Debtor Stockholders to consummate the Transaction pursuant to the Transaction Documents and (ii) the consummation of the Transaction pursuant to the Transaction Documents will be legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including sections 105(a), 363(b), 363(f) and 363(m), and all of the applicable requirements of such sections have been complied with in respect of the Transaction.

      K.      The Capital Stock owned by the U.S. Debtor Stockholders will be transferred, converted, cancelled or otherwise disposed of free and clear of Bankruptcy Claims because the standards set forth in Section 363(f) have been satisfied.  All holders of Bankruptcy Claims who did not object to the Motion and the relief requested therein, or who withdrew any objections to the Motion and the relief requested therein, are deemed to have consented to the Transaction pursuant to section 363(f)(2) of the Bankruptcy Code.  Those holders of Bankruptcy Claims who did object fall within one or more of the other subsections of section 363(f), and all holders of Bankruptcy Claims are adequately protected by having their Bankruptcy Claims, if any, attach to the cash proceeds of the Transaction attributable to the Capital Stock against or in

which they claim an interest, with the same priority, validity, force and effect as they attached to such property immediately before the closing of the Transaction.

        NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

    1.    The Motion is granted.

    2.    All objections, if any, to the entry of this Order are overruled to the extent not otherwise withdrawn or resolved as set forth on the record of the Hearing.

    3.    This Order and the Transaction Documents shall be binding in all respects upon all stakeholders (whether known or unknown) of the Debtors, the Parent, all affiliates, successors and assigns of the Parent and the Debtors and any subsequent trustee appointed or elected in the Debtors' chapter 11 cases or upon a conversion to a case under chapter 7 of the Bankruptcy Code.

    4.    The Indemnification Agreement and all of the terms and conditions thereof are hereby approved. The U.S. Debtor Stockholders are authorized and directed to execute and deliver any and all Transaction Documents to which it is a party and to consummate the Transaction. Without limiting the foregoing, the U.S. Debtor Stockholders are authorized and directed to take all actions as may be reasonably requested by the Parent or the Sub that may be reasonably necessary or appropriate to the performance of the obligations as contemplated by the Transaction Documents or to effectuate the relief granted pursuant to this Order.

    5.    The Transaction is legal, valid and effective under the Bankruptcy Code. Pursuant to section 363(f) of the Bankruptcy Code, the Capital Stock shall be transferred, converted, cancelled, or otherwise disposed of free and clear of all Bankruptcy Claims, including any claim, interest or liability relating to any debt, claim, obligation, liability, demand, guaranty,

option, right, contractual or other commitment, indemnity, indemnity obligation and warranty relating to any act, omission or circumstance arising prior to the Closing Date (as defined in the Merger Agreement) or otherwise arising under any doctrine of successor liability, whether known or unknown, contingent or otherwise, whether arising prior to or subsequent to the commencement of the Debtors' chapter 11 cases, and whether imposed by agreement, understanding, law, equity or otherwise.  Any and all Bankruptcy Claims shall attach to the net proceeds of the Transaction, with the same priority, validity, force and effect as they now have against the Capital Stock and subject to any rights, claims or defenses of the Debtors or their estates with respect thereto.

6. The Indemnification Agreement and Merger Agreement shall remain under seal and confidential and shall only be made available to the Limited Notice Parties.

7. The Limited Notice Parties shall be bound by this Order and shall at all times keep the Indemnification Agreement and Merger Agreement strictly confidential and shall not disclose the contents of the Indemnification Agreement or Merger Agreement to any party whatsoever, including but not limited to their respective clients.

8. Any pleadings filed in the chapter 11 cases that reference or disclose the information contained in the Indemnification Agreement or Merger Agreement (other than the information contained in the Motion) shall be filed under seal and served only on those parties authorized to receive the Indemnification Agreement and Merger Agreement in accordance with this Order.

9. The provisions of this Order are nonseverable and mutually dependent.

10. The Debtors are authorized and directed to release and discharge the Released Parties from and against all Released Matters as defined in the Indemnification Agreement.

11. Any Transaction Document to which any U.S. Debtor Stockholder is a party may be amended, modified or supplemented, or the provisions thereof waived, in accordance with the terms thereof without further order of this Court or notice thereof to any party in interest in the Debtors' chapter 11 cases; provided, however, that if there is an amendment, modification, supplement or waiver to any Transaction Document to which any U.S. Debtor Stockholder is a party that has a material and adverse impact on such U.S. Debtor Stockholder, the U.S. Debtor Stockholders shall provide notice to the U.S. Trustee and the Committee of any amendment, modification, supplement or waiver.  The U.S. Trustee and the Committee shall have three business days from the date of such notice to object in writing to such amendment, modification, supplement or waiver, and upon any such timely written objection, such amendment, modification, supplement or waiver shall be permitted only pursuant to an order of this Court.

12. The failure specifically to include any particular provision of any Transaction Document in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that each Transaction Document to which a U.S. Debtor Stockholder is a party, or must execute or deliver in connection with the Transaction, be authorized and approved in its entirety.

13. Any amount that becomes payable by the U.S. Debtor Stockholders to the Parent or the Sub under any Transaction Document (a) shall constitute administrative expenses of the Debtors' estates under Sections 503(b) and 507(a)(2) of the Bankruptcy Code and (b) shall

be paid solely and exclusively through a reduction of the amount otherwise payable by Parent to each U.S. Debtor Stockholder by such U.S. Debtor Stockholder's Pro Rata Portion of the amounts of the Aggregate Deferred Payment Amount retained by Parent as defined in the Indemnification Agreement without further Court approval.

14. The Court shall retain exclusive jurisdiction to (i) interpret, construe and enforce the provisions of the Transaction Documents, all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith and this Order in all respects, in each case solely to the extent such interpretation, construction or enforcement pertains to a Debtor and (ii) hear and determine any and all disputes arising under or related to the Transaction Documents, except as otherwise provided therein, in each case solely to the extent a Debtor is directly involved in such dispute.

15. Nothing contained in any plan confirmed in this case or any order of the Court confirming such plan shall conflict with or derogate from the provisions of the Transaction Documents or the terms of this Order.

16. Pursuant to Bankruptcy Rules 7062, 9014 and 6004(h), this Order shall be effective and enforceable immediately upon entry, and each of the U.S. Debtor Stockholders and the Parent are authorized to enter into the Transaction Documents to which it is a party and the U.S. Debtor Stockholders are authorized to take all steps necessary to participate in the Transaction immediately upon entry of this Order.

Dated: October ____, 2010
       Wilmington, Delaware

                                                          _____
                                                          THE HONORABLE KEVIN GROSS
                                                          UNITED STATES BANKRUPTCY JUDGE