**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------X
: 
*In re* : Chapter 11
: 
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
: 
                Debtors. : Jointly Administered
: 
: 
------------------------------------------------------------X

**DEBTORS' MOTION FOR AN ORDER UNDER 11 U.S.C. § 102(1)
SHORTENING NOTICE RELATING TO DEBTORS' MOTION FOR AN
ORDER (I) APPROVING DELIVERY BY CERTAIN DEBTORS AS MINORITY
STOCKHOLDERS OF CONSENTS TO MERGER TRANSACTION;
(II) APPROVING AN INDEMNIFICATION AND DEFERRED PAYMENT
AGREEMENT; (III) AUTHORIZING CERTAIN DEBTORS TO ENTER
INTO SUCH INDEMNIFICATION AND DEFERRED PAYMENT
AGREEMENT AND TO CONSUMMATE RELATED TRANSACTIONS;
(IV) AUTHORIZING THE DEBTORS TO FILE CERTAIN DOCUMENTS
<u>UNDER SEAL; AND (V) GRANTING RELATED RELIEF</u>**

Nortel Networks Inc. ("<u>NNI</u>")[2], and certain of its affiliates as debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"), hereby move this Court (the "<u>Motion to Shorten</u>") for entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to section 102(1) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Approval Motion.

District of Delaware (the "Local Rules"), (i) approval of delivery by certain debtors (the "U.S. Debtor Stockholders") as minority stockholders in Blade Technologies, Inc. (the "Company") of consents, dated September 23, 2010, to the merger between International Business Machines Corporation (the "Parent") and the Company (the "Merger"); (ii) approval of an Indemnification and Deferred Payment Agreement dated September 23, 2010 (as may be amended, supplemented or otherwise modified from time to time, the "Indemnification Agreement"), among Parent, certain holders, including the U.S. Debtor Stockholders, of capital stock and/or options to acquire shares of capital stock of the Company, and Garnett & Helfrich Capital, L.P. as the representative of the securityholders for purposes of the Merger Agreement (as defined below), Indemnification Agreement and the related transactions (the "Representative"); (iii) authorization for each U.S. Debtor Stockholder to enter into the Indemnification Agreement and to take all steps necessary to consummate related transactions, including a merger of Bigsby Acquisition Corp. ("Sub") with and into the Company after which the Company will be the surviving corporation, as more fully described in the Agreement and Plan of Merger (as may be amended, supplemented or otherwise modified from time to time, the "Merger Agreement") dated September 23, 2010 (the entry into the Indemnification Agreement together with the consummation of the other transactions contemplated by the Indemnification Agreement, the Merger Agreement and related documents, the "Transaction;" the documents, including the Indemnification Agreement, the Merger Agreement, any written consents or other documents, instruments or agreements to be executed or delivered in connection therewith, the "Transaction Documents"); (iv) authorization for the Debtors to file under seal a copy of each of the Indemnification Agreement and the Merger Agreement and to limit disclosure thereof (and any information derived therefrom) to (a) the Court, (b) the United States Trustee for the District of

Delaware (the "U.S. Trustee"), (c) counsel and financial advisors to the Official Committee of Unsecured Creditors appointed in these cases (the "Committee"), (d) counsel and financial advisors to the ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors (the "Bondholder Group"), and (e) any other party as may be (1) ordered by the Court or (2) agreed to by the U.S. Debtor Stockholders, the Representative and the Parent, in either case, under appropriate confidentiality agreements reasonably satisfactory to the U.S. Debtor Stockholders, the Representative and the Parent that preserve the confidentiality of the Indemnification Agreement and the Merger Agreement (and any information derived therefrom) (collectively, the "Limited Notice Parties"); and (v) granting them such other and further relief as the Court deems just and proper.  For the reasons set forth herein, the Debtors believe that prompt consideration of the Approval Motion on shortened notice is necessary and appropriate and respectfully request that the Court enter an order shortening notice with respect to the Approval Motion and permitting the Approval Motion to be heard at the hearing on October 14, 2010 at 10:00 a.m. (Eastern Standard Time).  In support of this Motion to Shorten, the Debtors respectfully state as follows:

### Jurisdiction

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory bases for the relief requested herein are sections 102(1) and 105 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002 and 9006 and Local Rule 9006-1(e).

## Background

**A.     Procedural History**

3. On January 14, 2009 (the "Petition Date"), the Debtors, other than NN CALA (defined below), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On January 15, 2009, this Court entered an order of joint administration pursuant to Bankruptcy Rule 1015(b), which provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

6. Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.

7. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February 27, 2009, based on a petition filed by Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"),

---

[3] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

4

this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

8.  On January 14, 2009, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators").  On May 28, 2009, at the request of the Joint Administrators, the Commercial Court of Versailles, France (the "French Court") (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA").  NNSA was authorized to continue to operate as a going concern until completion of the sale of the GSM/GSM-R business.  While NNSA's operations have now terminated, the French Proceedings are continuing and, in accordance with the European Union's Council Regulation (EC) No. 1346/2000 on Insolvency Proceedings, the English law proceedings (the "English Proceedings") remain the main proceedings in respect of NNSA.  On June 26, 2009, this Court entered an order recognizing the English Proceedings of Nortel Networks UK Limited ("NNUK") as foreign main proceedings under chapter 15 of the Bankruptcy Code.[5]

9.  On January 26, 2009, U.S. Trustee appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142].  The Bondholder Group was also organized.  No trustee or examiner has been appointed in the Debtors' cases.

---

[4]   The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

[5]   Additionally, on January 18, 2009, certain Nortel affiliates, including Nortel Networks Israel (Sales and Marketing) Limited and Nortel Communications Holdings (1997) Limited (the "Israeli Companies"), filed an application with the Tel-Aviv-Jaffa District Court (the "Israeli Court"), pursuant to the Israeli Companies Law, 1999, and the regulations relating thereto for a stay of proceedings.  On January 19, 2009, the Israeli Court appointed Yaron Har-Zvi and Avi D. Pelossof as joint administrators of the Israeli Companies under the Israeli Companies Law (the "Joint Israeli Administrators").

10. On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc. ("NN CALA"), an affiliate of NNI and itself one of the Debtors, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On July 17, 2009, this Court entered orders approving the joint administration and consolidation of NN CALA's chapter 11 case with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098], and applying to NN CALA certain previously entered orders in the other Debtors' chapter 11 cases [D.I. 1099]. From time to time, other Nortel affiliates have sought and may seek relief through the commencement of creditor protection or other insolvency or dissolution proceedings around the world.

**B.     Debtors' Corporate Structure and Business**

11. Prior to its significant business divestitures, Nortel was a global supplier of end-to-end networking products and solutions serving both service providers and enterprise customers. Nortel's technologies spanned access and core networks and supported multimedia and business-critical applications. Nortel's networking solutions consisted of hardware, software and services. Nortel designed, developed, engineered, marketed, sold, licensed, installed, serviced and supported these networking solutions worldwide.

12. Additional information regarding the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3] (the "First Day Declaration").[6]

**C.     Case Milestones**

13. On June 19, 2009, Nortel announced that it was advancing in discussions with external parties to sell its businesses and that it would assess other restructuring alternatives for its businesses in the event it were unable to maximize value through sales. To date, Nortel has

---

[6] Capitalized terms used but not defined in this Background have the meanings ascribed to them in the First Day Declaration.

closed (i) the sale of certain portions of its Layer 4-7 data portfolio to Radware Ltd. [D.I. 539]; (ii) the sale of substantially all of its CDMA business and LTE Access assets to Telefonaktiebolaget LM Ericsson (publ) ("Ericsson") [D.I. 1205]; (iii) the sale of the assets of its Wireless Networks business associated with the development of Next Generation Packet Core network components to Hitachi Ltd. [D.I. 1760]; (iv) the sale of substantially all of the assets of the Enterprise Solutions business globally, including the shares of Nortel Government Solutions Incorporated and DiamondWare Ltd. to Avaya Inc. [D.I. 1514]; (v) the sale of substantially all the assets of its Optical Networking and Carrier Ethernet businesses associated with its Metro Ethernet Networks business unit to Ciena Corporation [D.I. 2070]; (vi) the sale of substantially all of its GSM/GSM-R business to Ericsson and Kapsch CarrierCom AG [D.I. 2065]; and (vii) the sale of certain assets of its Carrier Voice Over IP and Application Solutions business to GENBAND US LLC [D.I. 2632]. In addition, Nortel has obtained Court approval for the auction of certain assets of the Debtors' Multi-Service Switch (formerly known as "Passport") business [D.I. 3855]. Efforts continue to be made with respect to the realization of value from Nortel's remaining assets.

14. On August 4, 2009, this Court entered an order fixing September 30, 2009 at 4:00 p.m. (Eastern Time) as the general bar date for filing proofs of claim or interests against the Debtors (other than NN CALA) [D.I. 1280]. On December 3, 2009 this Court entered an order fixing January 25, 2010 at 4:00 p.m. (Eastern Time) as the bar date for filing proofs of claim or interests against NN CALA [D.I. 2059].

15. On July 13, 2010, the Debtors filed the Joint Chapter 11 Plan of Nortel Networks Inc. and Its Affiliated Debtors [D.I. 3580]. On September 3, 2010, the Debtors filed the

Proposed Disclosure Statement for the Joint Chapter 11 Plan of Nortel Networks Inc. and Its Affiliated Debtors [D.I. 3874].

**Relief Requested**

16.     By this Motion to Shorten, the Debtors respectfully request that the Court enter an order (i) shortening notice pursuant to sections 102(1) and 105 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002 and 9006 and Local Rule 9006-1(e), with respect to the Approval Motion; (ii) permitting parties to file objections, if any, to the relief requested in the Approval Motion on or before October 7, 2010 at 4:00 p.m. (Eastern Standard Time); (iii) allowing the Approval Motion to be heard at the hearing on October 14, 2010 at 10:00 a.m. (Eastern Standard Time); and (iv) granting such other and further relief to the Debtors as the Court deems just and proper.

**Facts Relevant to this Motion**

17.     As set forth more fully in the Approval Motion, the U.S. Debtor Stockholders, certain other securityholders of the Company, the Parent, and the Company have negotiated the terms of the Transaction, pursuant to which the U.S. Debtor Stockholders seek authority to transfer, convert, cancel, and otherwise dispose of their shares in the Company (the "Shares"). The Shares owned by the U.S. Debtor Stockholders represent approximately 16% of the total outstanding shares of the Company.  The Debtors believe that the consideration and terms of the current proposed Transaction represent the highest and best offer available for the Shares, and it is therefore in the Debtors' best interests for the Transaction to close as soon as possible.

18.     The Company entered into the Transaction after extensive marketing efforts and discussions with multiple interested parties, none of which met or exceeded the consideration the Debtors would receive under the Transaction.  Representatives of the Debtors have been apprised of the Transaction and the marketing efforts throughout this exercise.  In addition, George

Riedel, Nortel's Chief Strategy Officer, has served on the Company's board of directors and participated in the evaluation of the marketing efforts, the Transaction and any available options. As outlined in the Approval Motion, the Debtors believe that the Transaction represents the best offer available for the sale of the Shares. The Transaction requires an expeditious closing process and best efforts from the Debtors to work toward the satisfaction of the closing conditions. One closing condition is the entry by this Court of the order requested by the Approval Motion (if entered, the "<u>Approval Order</u>") and the Approval Order becoming final and non-appealable.[7]

19.    The parties believe that all closing conditions to the Transaction are highly likely to be met prior to the omnibus hearing being held on October 27, 2010, with the exception of (a) approval of the Transaction under the Hart-Scott-Rodino Antitrust Improvements Act of 1976, which the parties reasonably expect will also be complete before October 27, 2010, and (b) entry of the Approval Order and the Approval Order becoming final and non-appealable. In the case of the Approval Order, the closing condition can be satisfied if the limited request to shorten notice is granted and the appeal period passes without issue. Given that the Debtors have consulted with the Committee and Bondholder Group <u>before</u> filing the Approval Motion and the limited alternatives available to the U.S. Debtor Stockholders, the Debtors do not expect any relief granted to be challenged on appeal. Additionally, the Purchaser has requested that the Motion be considered on shortened notice. The U.S. Debtor Stockholders, as minority shareholders in the Company, have only limited ability to alter the timeframe contemplated by

---

[7] Assuming entry of the Approval Order on October 14, 2010, and that no appeals are taken, the Approval Order would become final and non-appealable on Friday, October 29, 2010, one day after the next scheduled omnibus hearing date. The Approval Order would not become a Final Order until November 10, 2010 if the Approval Motion is not considered until the omnibus hearing on October 27, 2010, the next hearing after October 14, 2010.

9

the parties for closing of the Transaction.  Delay in the approval of the transaction by the Court therefore could threaten the consummation of the Transaction by the U.S. Debtor Stockholders.

20.     Moreover, under the Indemnification Agreement, the U.S. Debtor Stockholders are obligated to indemnify Parent for certain breaches of general representations and warranties for a period of one year from the effective date of the Transaction, which is the date that all closing conditions are met.  The Debtors have sold nearly all operating assets, and anticipate the continued wind-down of the business in the coming year.  Further delay in the start of the indemnification period under the Transaction could extend the period of the U.S. Debtor Stockholders' obligations under the Indemnification Agreement and thus delay the orderly wind-down of the Debtors' estates.

**Basis for Relief**

21.     Bankruptcy Rule 2002(a)(2) requires ". . . at least 21 days' notice by mail of . . . a proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving notice . . ."  According to Local Rule 9006-1(e), the notice period may be shortened by order of the Court upon written motion "specifying the exigencies justifying shortened notice."  The Debtors respectfully submit that allowing the Approval Motion to be considered on an expedited basis at the hearing on October 14, 2010 is reasonable and appropriate under the circumstances.

22.     The Debtors respectfully submit that shortened notice is appropriate in this instance because, as discussed above, the expeditious sale of the Shares is critical to the maximization of the value of the Shares and, in turn, to a recovery for the Debtors' estates.  However, the Transaction contemplates specific closing conditions, among them entry of the Approval Order and such order becoming final and non-appealable, and the parties share the

reasonable expectation that the condition that the Approval Order be entered and become a Final Order will delay the closing of the Transaction in the event that the relief requested is not granted. Therefore, the Debtors believe that a hearing of the Approval Motion on shortened notice is in the best interests of the Debtors' estates and creditors.

23. The Debtors have consulted with counsel for the Committee and the Bondholders Group regarding the proposed Transaction, and understand that both are supportive of shortening notice and the Approval Motion.

24. For these reasons, the Debtors respectfully submit that allowing the Approval Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

## Notice

25. Notice of the Motion has been given via overnight delivery or hand delivery to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; (iv) Parent; (v) the Company; (vi) certain other shareholders in the Company; and (vii) the general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

26. No prior request for the relief sought herein has been made to this or any other Court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully requests that this Court enter an order (i) shortening notice pursuant to sections 102(1) and 105 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002 and 9006 and Local Rule 9006-1(e); (ii) permitting parties to file objections, if any, to the relief requested in the Approval Motion on or before October 7, 2010 at 4:00 p.m. (Eastern Standard Time); (iii) allowing the Approval Motion to be heard at the hearing on October 14, 2010; and (iv) granting such other and further relief to the Debtors as the Court deems just and proper.

Dated:  September 27, 2010
          Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, DE  19899-1347
Telephone:  (302) 658-9200
Facsimile:  (302) 425-4663

*Counsel for the Debtors and Debtors in Possession*