IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re*                                                  :    Chapter 11
                                                         :
Nortel Networks Inc., *et al.*,[1]                       :    Case No. 09-10138 (KG)
                                                         :
                             Debtors.                    :    Jointly Administered
                                                         :
                                                         :    RE: D.I. 4025, 4026
                                                         :
---------------------------------------------------------X

**ORDER UNDER 11 U.S.C. § 102(1) SHORTENING NOTICE RELATING
TO DEBTORS' MOTION FOR AN ORDER (I) APPROVING DELIVERY BY
CERTAIN DEBTORS AS MINORITY STOCKHOLDERS OF CONSENTS TO
MERGER TRANSACTION; (II) APPROVING AN INDEMNIFICATION AND
DEFERRED PAYMENT AGREEMENT; (III) AUTHORIZING CERTAIN
DEBTORS TO ENTER INTO SUCH INDEMNIFICATION AND DEFERRED
PAYMENT AGREEMENT AND TO CONSUMMATE RELATED
TRANSACTIONS; (IV) AUTHORIZING THE DEBTORS TO FILE CERTAIN
DOCUMENTS UNDER SEAL; AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion to Shorten"),[2] of Nortel Networks Inc. ("NNI"), and its affiliated debtors and debtors in possession (collectively, the "Debtors") for entry of an order, as more fully described in the Motion to Shorten, shortening notice pursuant to sections 102(1) and 105 of the Bankruptcy Code, Bankruptcy Rules 2002 and 9006, and Local Rule 9006-1(e) with respect to the Debtors' Motion (the "Approval Motion") for (i) approval of delivery by certain debtors (the "U.S. Debtor Stockholders") as minority stockholders in Blade Technologies, Inc.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

(the "Company") of consents, dated September 23, 2010, to the merger between International Business Machines Corporation (the "Parent") and the Company (the "Merger"); (ii) approval of an Indemnification and Deferred Payment Agreement dated September 23, 2010 (as may be amended, supplemented or otherwise modified from time to time, the "Indemnification Agreement"), among Parent, certain holders, including the U.S. Debtor Stockholders, of capital stock and/or options to acquire shares of capital stock of the Company, and Garnett & Helfrich Capital, L.P. as the representative of the securityholders for purposes of the Merger Agreement (as defined below), Indemnification Agreement and the related transactions (the "Representative"); (iii) authorization for each U.S. Debtor Stockholder to enter into the Indemnification Agreement and to take all steps necessary to consummate related transactions, including a merger of Bigsby Acquisition Corp. ("Sub") with and into the Company after which the Company will be the surviving corporation, as more fully described in the Agreement and Plan of Merger (as may be amended, supplemented or otherwise modified from time to time, the "Merger Agreement") dated September 23, 2010 (the entry into the Indemnification Agreement together with the consummation of the other transactions contemplated by the Indemnification Agreement, the Merger Agreement and related documents, the "Transaction;" the documents, including the Indemnification Agreement, the Merger Agreement, any written consents or other documents, instruments or agreements to be executed or delivered in connection therewith, the "Transaction Documents"); (iv) authorization for the Debtors to file under seal a copy of each of the Indemnification Agreement and the Merger Agreement and to limit disclosure thereof (and any information derived therefrom) to (a) the Court, (b) the United States Trustee for the District of Delaware (the "U.S. Trustee"), (c) counsel and financial advisors to the Official Committee of Unsecured Creditors appointed in these cases (the "Committee"), (d) counsel and financial

advisors to the ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors (the "<u>Bondholder Group</u>"), and (e) any other party as may be (1) ordered by the Court or (2) agreed to by the U.S. Debtor Stockholders, the Representative and the Parent, in either case, under appropriate confidentiality agreements reasonably satisfactory to the U.S. Debtor Stockholders, the Representative and the Parent that preserve the confidentiality of the Indemnification Agreement and the Merger Agreement (and any information derived therefrom) (collectively, the "<u>Limited Notice Parties</u>"); and (v) granting them such other and further relief as the Court deems just and proper [D.I. ___; and it appearing that adequate notice of the Approval Motion having been given as set forth in the Motion to Shorten; and it appearing that no other or further notice is necessary; and it appearing that the relief requested is in the best interests of the Debtors' estates and creditors, and other parties-in-interest; and it appearing that the Court has jurisdiction to consider the Motion to Shorten and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion to Shorten is GRANTED.

2. The Approval Motion will be considered at a hearing scheduled on **October 14, 2010 at 10:00 a.m.** (Eastern Standard Time).

3. Objections, if any, to the Approval Motion shall be filed and served no later than **October 7, 2010 at 4:00 p.m.** (Eastern Standard Time).

4. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Sept 28 2010
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE