IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------- X
: 
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
Debtors. : Jointly Administered
:
:
: **Re: D.I. 3832, 3855 and 3890**
--------------------------------------------------------- X

## NOTICE OF WITHDRAWAL OF DEBTORS' ASSUMPTION AND ASSIGNMENT NOTICES WITH RESPECT TO CERTAIN CONTRACTS

**PLEASE TAKE NOTICE THAT:**

In connection with the Debtors' Motion for Orders (I)(A) Authorizing Debtors' Entry into a Stalking Horse Asset Sale Agreement (the "Stalking Horse Agreement") with PSP Holding LLC, (B) Authorizing and Approving the Bidding Procedures and Bid Protections, (C) Approving the Notice Procedures and the Assumption and Assignment Procedures, (D) Approving a Side Agreement, (E) Authorizing the Filing of Certain Documents Under Seal and (F) Setting a Date for the Sale Hearing, and (II) Authorizing and Approving (A) the Sale of Certain Assets of Debtors' Multi-Service Switch (formerly known as the 'Passport') business (the "MSS Business") Free and Clear of All Liens, Claims and Encumbrances and (B) the Assumption and Assignment of Certain Executory Contracts [D.I. 3832] (the "Sale Motion")[2], Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), sought authority to assume and assign certain executory contracts to the Purchaser of certain assets of the MSS Business (the "Assets") subject to and effective upon the closing of the sale.

On September 1, 2010, the Court entered an order that, among other things, approved the Assumption and Assignment Procedures (as defined in the Sale Motion) [D.I. 3855] (the "Bidding Procedures Order"). The Assumption and Assignment Procedures authorized the Debtors to effect the assumption and assignment of contracts by serving

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

individualized notices (the "<u>Assumption and Assignment Notices</u>") on each counterparty to an Assumed and Assigned Contract.

The Debtors hereby provide notice that the Assumption and Assignment Notice served on you with respect to those contract(s) identified in <u>Schedule A</u> hereto (singularly or collectively, the "<u>Scheduled Agreements</u>")[3], a hearing regarding which is currently scheduled for September 30, 2010 before the Honorable Kevin Gross at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801 (the "<u>Court</u>"), is hereby withdrawn by the Debtors without prejudice.

The Scheduled Agreements are Customer Contracts (as defined in the Sale Motion). As permitted by the Bidding Procedures Order, the Debtors are filing <u>Schedule A</u> with the Court under seal due to its confidential nature, and this notice is being served individually on the counterparty to each Scheduled Agreement.

The Debtors reserve all of their rights with respect to the Scheduled Agreements, including without limitation the right to assume, assume and assign or reject the Scheduled Agreements at a later date.

---

[3] Nothing contained in this notice is to be construed as an admission by the Debtors as to the character of any document denominated as an agreement, as an executory contract or unexpired lease, or to the rights of any parties thereto.

| | |
|---|---|
| Dated: September 28, 2010<br>Wilmington, Delaware | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>James L. Bromley (admitted *pro hac vice*)<br>Lisa M. Schweitzer (admitted *pro hac vice*)<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>- and -<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>/s/ Derek C. Abbott<br>Derek C. Abbott (No. 3376)<br>Eric D. Schwartz (No. 3134)<br>Ann C. Cordo (No. 4817)<br>Alissa T. Gazze (No. 5338)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Counsel for the Debtors*<br>*and Debtors in Possession* |