## Exhibit A

| (1) Applicant | (2) Interim Period | (3) Total Fees Requested for the Interim Period | (4)[1] Amount of Fees for Which Payment Was Requested in Monthly Applications (80%) | (5) Amount of Holdback Fees Requested (20%) | (6) Total Expenses Requested for the Interim Period (100%) | (7) Total Amount Requested for the Interim Period (Fees and Expenses) | (8) Total Amount Disallowed for the Interim Period | (9) Total Amount Authorized for the Interim Period | (10) Total Amount Requested in Case (Fees and Expenses) thru the Interim Period | (11) Total Amount Authorized Per Court Order to Date (Fees and Expenses) |
|---|---|---|---|---|---|---|---|---|---|---|
| Chilmark Partners, LLC | 5/4/10 – 7/31/10 | 750,000.00 | 600,000.00 | 150,000.00 | 35,626.47 | 785,626.47 | 0.00 | 785,626.47 | 1,284,264.25 | 1,284,264.25 |
| Cleary Gottlieb Steen & Hamilton LLP | 5/1/10 – 7/31/10 | 13,699,824.00[2] | 10,959,859.20 | 2,739,964.80 | 309,030.52 | 14,008,854.52 | 0.00 | 14,008,854.52 | 87,301,140.27 | 87,301,140.27 |
| Crowell & Moring LLP | 5/1/10 – 7/31/10 | 68,180.25 | 54,544.20 | 13,636.05 | 136.59 | 68,316.84 | 0.00 | 68,316.84 | 351,509.58 | 351,509.58 |
| Ernst & Young LLP | 5/1/10 – 7/31/10 | 230,428.50 | 184,342.80 | 46,085.70 | 674.09 | 231,102.59 | 0.00 | 231,102.59 | 1,123,458.49 | 1,123,458.49 |
| Huron Consulting Group | 5/1/10 – 7/31/10 | 892,349.10[3] | 713,879.28 | 178,469.82 | 90,525.48 | 982,874.58 | 0.00 | 982,874.58 | 5,295,547.21 | 5,295,547.21 |
| Jackson Lewis LLP | 5/1/10 – 7/31/10 | 23,043.75 | 18,435.00 | 4,608.75 | 254.18 | 23,297.93 | 0.00 | 23,297.93 | 274,850.00 | 274,850.00 |

---

[1]    Please note that the listing in Columns (4) and (6) are amounts of fees and expenses for which payment was requested in monthly applications and is not intended to and should not be construed as a finding by the Court or an admission by the referenced Applicant that such amounts were actually paid by the Debtors.

[2]    This figure reflects a reduction of $1,990.00 which Cleary voluntarily agreed to following discussions with the United States Trustee (the "UST").

[3]    This figure reflects a reduction of $850.00 which Huron voluntarily agreed to following discussions with the UST.

| John Ray | 5/1/10 – 7/31/10 | 244,180.00 | 122,090.00[4] | 122,090.00[5] | 24,514.95 | 268,694.95 | 0.00 | 268,694.95 | 619,682.93 | 619,682.93 |
|---|---|---|---|---|---|---|---|---|---|---|
| Linklaters LLP | 5/1/10 – 7/31/10 | £35,903.40[6] ($54,248.24) | £28,722.72 ($43,398.59) | £7,180.68 ($10,849.64) | £848.87 ($1,282.60) | £36,752.27 ($55,530.84) | 0.00 | £36,752.27 ($55,530.84) | £496,173.21 ($735,722.65) | £496,173.21 ($735,722.65) |

[4]   Pursuant to the agreement between Mr. Ray and the Debtors, 50% of Mr. Ray's fees, which is inclusive of the 20% holdback are not currently payable to Mr. Ray. Accordingly, 50% of the total compensation of $244,180.00, plus 100% of Mr. Ray's allowed expense reimbursement shall be payable upon approval of the Request. The remaining 50% of the Total compensation shall be payable by the terms of such retention agreement without further order of the Court.

[5]   See Footnote No. 4.

[6]   The amounts stated in parentheses are for informational purposes only and reflects the international foreign exchange rate of £1 to US $1.51 as published by Bloomberg.com on the date of the application.

2

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Lazard Freres & Co. | 5/1/10 -- 7/31/10 | 2,062,000.00[78] | 1,649,600.00 | 412,400.00 | 35,918.77[9] | 2,097,918.77 | 0.00 | 2,097,918.77 | 20,190,481.04 | 20,190,481.04 |
| Morris, Nichols, Arsht & Tunnell LLP | 5/1/10 -- 7/31/10 | 295,186.25 | 236,149.00 | 59,037.25 | 35,724.40 | 330,910.65 | 0.00 | 330,910.65 | 2,140,651.97 | 2,140,651.97 |
| Punter Southall LLC | 5/1/10 -- 7/31/10 | 120,250.00 | 96,200.00 | 24,050.00 | 0.00 | 120,250.00 | 0.00 | 120,250.00 | 850,693.50 | 850,693.50 |
| RLKS Executive Solutions, LLC | 7/9/10 -- 7/31/10 | 15,637.50 | 12,510.00 | 3,127.50 | 927.14 | 16,564.64 | 0.00 | 16,564.64 | 16,564.64 | 16,564.64 |

[7] Pursuant to the Order Approving an Amendment to the Terms of Compensation of Lazard, Frères & Co. LLC as Financial Advisor and Investment Banker for the Debtors and Debtors in Possession, entered by this Court on February 26, 2010 [D.I. 2561] (the "Amendment Order"), the CVAS Minority Sale Transaction Fee (which is $1,312,000, after taking into account of certain credit for the Monthly Fees, of the Total Fees Requested for the Interim Period) is only due and payable to Lazard upon the satisfaction of certain conditions set forth therein. Accordingly, the CVAS Minority Sale Transaction Fee shall be payable upon the satisfaction of the conditions set forth in the Amendment Order, without any further Court approval. The Monthly Fees and allowed expense reimbursement shall be payable upon approval of the Request in accordance with this Order, provided that the Debtors are responsible only for satisfaction of their allocable portion of such fees and expenses. In addition, to the extent that the professional fees requested by Lazard takes into account of credits for certain Monthly Fees paid by the Debtors, such credits shall also be allocated among the entities in accordance with the agreement to be executed by NNI, NNL, NNUK and certain other Nortel entities.

[8] For the sole purpose of calculating the CVAS Minority Sale Transaction Fee, Lazard has used the purchase price of approximately $182,649,000, which price may be subject to further adjustment and/or dispute that could affect Lazard's fee calculation. To the extent such adjustment and/or dispute in fact affects the calculation of Lazard's professional fees that are being approved herein, the Debtors shall timely file with this Court a statement (the "Statement") explaining such discrepancies and giving parties in interest ten (10) days to object to the proposed refund, credit or other adjustment. Should no party object to the Statement, the Debtors shall submit a proposed form of order resolving the discrepancy under certification of counsel. Should there be a dispute as to the proposed refund, credit or other adjustment, the Debtors shall notice the Statement for hearing at the next available omnibus hearing date or as otherwise appropriate.

[9] As described in the Order, the reimbursement of expenses requested by Lazard, to the extent such expenses are associated with the CVAS Sale Transaction, shall be released from the CVAS sale escrow account and paid to Lazard as described therein, provided that the Debtors are responsible only for satisfaction of their allocable portion of such expenses.

3

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Shearman & Sterling LLP | 5/1/10 – 7/31/10 | 9,768.00 | 7,814.40 | 1,953.60 | 1,237.18 | 11,005.18 | 0.00 | 11,005.18 | 376,988.18[10] | 376,988.18 |
| True Partners Consulting LLC | 5/1/10 – 7/31/10 | 100,000.00 | 80,000.00 | 20,000.00 | 0.00 | 100,000.00 | 0.00 | 100,000.00 | 522,667.00 | 522,667.00 |
| **TOTALS** | | **$18,565,095.59** **£35,903.40** | **$14,778,822.47** **£28,722.72** | **$3,786,273.11** **£7,180.68** | **$535,852.37** **£848.87** | **$19,100,947.96** **£36,752.27** | **$ 0.00** | **$19,100,947.96** **£36,752.27** | **$120,661,554.71** **£496,173.21** | **$120,661,554.71** **£496,173.21** |

---

[10]   The Fifth Omnibus Order inadvertently requested $28,753.50 for Shearman in fees instead of $13,890.00 and $7,898.53 in expenses instead of $1,825.24, thereby overstating the total amount requested in the case by $20,936.79.  Therefore, the total amount in the amount requested in the case through the interim period has been reduced by $20,936.79 to correct the error.

4