IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
              Debtors. :
:
: **RE: D.I. 3846**
:
---------------------------------------------------------X

**ORDER GRANTING DEBTORS' THIRTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND DEL. L.R. 3007-1 (NO LIABILITY CLAIMS, REDUCE AND ALLOW CLAIM, AND REDUNDANT BOND CLAIMS)**

Upon the Debtors' Thirteenth Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claim and Redundant Bond Claims) (the "Objection")[2] filed by the debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned cases, requesting an order pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 reducing, modifying or disallowing in full, as applicable, the claims identified in Exhibits A-C; and upon the Declaration of John Ray in Support of Debtors' Thirteenth Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claim, and Redundant Bond

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]     Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

Claims), attached to the Objection as Exhibit D; and upon all other documentation filed in connection with the Objection and the claims, including certain claims identified in Exhibits A-C; and adequate notice of the Objection having been given as set forth in the Objection; and it appearing that no other or further notice is required; and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The hearing on the Objection with respect to Claim 6063 filed by the Ventura County Treasurer-Tax Collector and Claim 1334 filed by the Coca Cola Company is continued to the hearing scheduled in these cases on October 14, 2010 at 10:00 a.m.

2. Except as provided in paragraph 1 above, the Objection is **GRANTED** with respect to each of the claims identified in Exhibits A-C.

3. Each of the No Liability Claims identified in Exhibit A is hereby disallowed in full.

4. The Reduce and Allow Claim identified in Exhibit B is hereby reduced to $30,082.81 and modified as wholly unsecured.

5. The Redundant Bond Claims identified in Exhibit C are hereby disallowed in full.

6. This order shall be deemed a separate order with respect to each of the claims identified in Exhibits A-C. Any stay of this order pending appeal by any claimants whose claims are subject to this order shall only apply to the contested matter, which involves such claimant and shall not act to stay the applicability and/or finality of this order with respect to the other contested matters listed in the Objection or this order.

7. The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this order.

8. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this order.

9. The modification and disallowance of the claims in Exhibits A-C in these chapter 11 cases shall be without prejudice to the rights and defenses of the Canadian Debtors and the Monitor with respect to any related claims filed in the Canadian Proceedings.

Dated: Sept. 30, 2010
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3