IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Nortel Networks Inc., et al.,[1]<br><br>Debtors | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>Jointly Administered |

## STATEMENT OF ARIADNA ALVAREZ PURSUANT TO FED. R. BANKR. P. 2014 AND ORDER AUTHORIZING DEBTORS TO EMPLOY, RETAIN AND COMPENSATE PROFESSIONALS IN THE ORDINARY COURSE

I, Ariadna Alvarez, do hereby declare as follows:

1. I am an attorney of McConnell Valdés LLC, located at 270 Muñoz Rivera Ave., San Juan, Puerto Rico 00936 (the "Firm").

2. The Firm has been retained by the above-captioned Debtors (the "Debtors") pursuant to the Order Authorizing the Retention and Payment of Professionals Utilized in the Ordinary Course nunc pro tunc to the Petition Date, dated February 5, 2009 (D.I. 236) (the "Order") to provide services to the Debtors.

3. The nature and scope of the services to be provided to the Debtors by the Firm are: tasks related to the qualification of the Debtor's retirement plan with the Puerto Rico Department of the Treasury, as required under the Puerto Rico Internal Revenue Code of 1994, as amended. This includes the preparation of a ruling request to the Puerto Rico Department of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

the Treasury, the preparation supporting documents and responding to subsequent requests from the Puerto Rico Department of the Treasury, among related tasks.

4. The Firm requires a $5,000 retainer for the commencement of services, which will be applied to the final invoice to Debtors. In the event the retainer exceeds the final invoice by the Firm, the excess amount will be returned to Debtors. Legal fees in this matter are not expected to exceed $10,000.

5. Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, I hereby confirm that, to the best of my knowledge and belief, other than in connection with providing professional services to the Debtors and as otherwise provided herein, the Firm does not have any connection with the Debtors, the creditors, the United States Trustee, any person employed by the United States Trustee or any other party with an actual or potential interest in their chapter 11 cases or their respective attorneys or accountants.

6. Pursuant to the Order, I hereby confirm that to the best of my knowledge and belief, the Firm does not represent any interest adverse to the Debtors or the Debtors' estates in the matters upon which it is engaged.

7. The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to conducting these chapter 11 cases, for persons that are parties in interest in these chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be retained by the Debtors, claimants and parties in interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with conducting these chapter 11 cases or have any relationship with any such person, their attorneys or accountants that would be adverse to the Debtors or their estates.

8. Neither I nor any principal, partner, director or officer of, or professional retained by the Firm has agreed to share or will share any portion of the compensation to be

received from the Debtors, other than reimbursing disbursements or costs owed to third parties on account of services provided to the Debtors, with any other person other than the principal and regular employees of the Firm.

9. Neither I nor any principal, partner, director or officer of, or professional retained by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Firm is to be retained.

10. The Debtors owe the Firm $0.00 for prepetition services, the payment of which is subject to limitations contained in the Bankruptcy Code, 11 U.S.C. §§ 101 et seq.

11. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its retention, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 4, 2010

McCONNELL VALDÉS LLC
P O Box 364225
San Juan, Puerto Rico 00936-4225
Avenida Muñoz Rivera Núm. 270
San Juan, Puerto Rico 00918
Phone: (787) 759-9292 / Telefax: 759-9225
www.mcvpr.com

_____
Ariadna Alvarez
aar@mcvpr.com

3