IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
In re                                                       :   Chapter 11
                                                            :
Nortel Networks Inc., et al.,[1]                            :   Case No. 09-10138 (KG)
                                                            :
                    Debtors.                                :   Jointly Administered
                                                            :
                                                            :
------------------------------------------------------------X

**MOTION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. § 102(1)
SHORTENING NOTICE RELATING TO DEBTORS' MOTION
FOR AN ORDER (I) APPOINTING LAYN R. PHILLIPS AS
NEUTRAL MEDIATOR CONCERNCING ALLOCATION OF SALE
PROCEEDS; (II) AUTHORIZING ENTRY INTO AN ENGAGEMENT AGREEMENT
WITH IRELL & MANELLA LLP; (III) APPROVING THE TERMS OF ENGAGEMENT
AGREEMENT; (IV) ALLOWING PAYMENT OF DEBTORS' SHARE OF
COST OF ENGAGEMENT AND (V) GRANTING RELATED RELIEF**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion to Shorten"), for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to section 102(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (A) to permit consideration on shortened notice of the Debtors' Motion For Entry Of An Order (i) Appointing Layn R. Phillips As Neutral Mediator

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

Concerning Allocation Of Sale Proceeds, (ii) Authorizing Entry Into An Engagement Agreement With Irell & Manella LLP; (iii) Approving The Terms Of Engagement Agreement; (iv) Allowing Payment Of Debtors' Share Of Cost Of Engagement; And (v) Granting Related Relief (the "Motion")[2], filed contemporaneously herewith, (B) permitting parties to file objections, if any, to the Motion on or before October 7, 2010 at 4:00 p.m. (prevailing Eastern Time); and (C) allowing the Motion to be heard at the omnibus hearing scheduled for October 14, 2010 at 10:00 a.m. (prevailing Eastern Time) (the "October 14th Hearing"). For the reasons set forth herein, the Debtors believe that prompt consideration of the Motion on shortened notice is necessary and appropriate and respectfully request that the Court enter an order shortening notice with respect to the Motion and permitting the Motion to be heard at the October 14, 2010 hearing of this Court. In support of this Motion to Shorten, the Debtors respectfully represent as follows:

### Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 102(1) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e).

### Background

**A.    Procedural History**

3. On January 14, 2009 (the "Petition Date"), the Debtors, other than NN CALA (defined below), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On January 15, 2009, this Court entered an order of joint administration pursuant to Bankruptcy Rule 1015(b), which provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

6. Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.

7. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA. On February 27, 2009, based on a petition filed by Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

8. On January 14, 2009, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration under the

---

[3] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel

3

control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators"). On May 28, 2009, at the request of the Joint Administrators, the Commercial Court of Versailles, France (the "French Court") (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA"). NNSA was authorized to continue to operate as a going concern until completion of the sale of the GSM/GSM-R business. While NNSA's operations are now terminated, the French Proceedings are continuing and, in accordance with the European Union's Council Regulation (EC) No. 1346/2000 on Insolvency Proceedings, the English law proceedings (the "English Proceedings") remain the main proceedings in respect of NNSA. On June 26, 2009, this Court entered an order recognizing the English Proceedings of Nortel Networks UK Limited ("NNUK") as foreign main proceedings under chapter 15 of the Bankruptcy Code.[5]

9. On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142]. An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

10. On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc. ("NN CALA"), an affiliate of NNI and itself one of the Debtors, filed a voluntary petition for

---

Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

[5] Additionally, on January 18, 2009, certain Nortel affiliates, including Nortel Networks Israel (Sales and Marketing) Limited and Nortel Communications Holdings (1997) Limited (the "Israeli Companies"), filed an application with the Tel-Aviv-Jaffa District Court (the "Israeli Court"), pursuant to the Israeli Companies Law, 1999, and the regulations relating thereto for a stay of proceedings. On January 19, 2009, the Israeli Court appointed Yaron Har-Zvi and Avi D. Pelossof as joint administrators of the Israeli Companies under the Israeli Companies Law (the "Joint Israeli Administrators").

relief under chapter 11 of the Bankruptcy Code. On July 17, 2009, this Court entered orders approving the joint administration and consolidation of NN CALA's chapter 11 case with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098], and applying to NN CALA certain previously entered orders in the other Debtors' chapter 11 cases [D.I. 1099]. From time to time, other Nortel affiliates have sought and may seek relief through the commencement of creditor protection or other insolvency or dissolution proceedings around the world.

**B.     Debtors' Corporate Structure and Business**

11.     Prior to its significant business divestitures, Nortel was a global supplier of end-to-end networking products and solutions serving both service providers and enterprise customers. Nortel's technologies spanned access and core networks and supported multimedia and business-critical applications. Nortel's networking solutions consisted of hardware, software and services. Nortel designed, developed, engineered, marketed, sold, licensed, installed, serviced and supported these networking solutions worldwide.

12.     Additional information regarding the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3] (the "First Day Declaration").[6]

**C.     Case Milestones**

13.     On June 19, 2009, Nortel announced that it was advancing in discussions with external parties to sell its businesses and that it would assess other restructuring alternatives for its businesses in the event it were unable to maximize value through sales. To date, Nortel has closed (i) the sale of certain portions of its Layer 4-7 data portfolio to Radware Ltd. [D.I. 539]; (ii) the sale of substantially all of its CDMA business and LTE Access assets to

---

[6] Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

5

Telefonaktiebolaget LM Ericsson (publ) ("Ericsson") [D.I. 1205]; (iii) the sale of the assets of its Wireless Networks business associated with the development of Next Generation Packet Core network components to Hitachi Ltd. [D.I. 1760]; (iv) the sale of substantially all of the assets of the Enterprise Solutions business globally, including the shares of Nortel Government Solutions Incorporated and DiamondWare Ltd. to Avaya Inc. [D.I. 1514]; (v) the sale of substantially all the assets of its Optical Networking and Carrier Ethernet businesses associated with its Metro Ethernet Networks business unit to Ciena Corporation [D.I. 2070]; (vi) the sale of substantially all of its GSM/GSM-R business to Ericsson and Kapsch CarrierCom AG [D.I. 2065]; and (vii) the sale of certain assets of its Carrier Voice Over IP and Application Solutions business to GENBAND US LLC [D.I. 2632]. In addition, Nortel has obtained Court approval for the sale of certain assets of the Debtors' Multi-Service Switch (formerly known as "Passport") business to Ericsson [D.I. 4054]. Efforts continue to be made with respect to the realization of value from Nortel's remaining assets.

14. On August 4, 2009, this Court entered an order fixing September 30, 2009 at 4:00 p.m. (Eastern Time) as the general bar date for filing proofs of claim or interests against the Debtors (other than NN CALA) [D.I. 1280]. On December 3, 2009 this Court entered an order fixing January 25, 2010 at 4:00 p.m. (Eastern Time) as the bar date for filing proofs of claim or interests against NN CALA [D.I. 2059].

15. On July 13, 2010, the Debtors filed the Joint Chapter 11 Plan of Nortel Networks Inc. and Its Affiliated Debtors [D.I. 3580]. On September 3, 2010, the Debtors filed the Proposed Disclosure Statement for the Joint Chapter 11 Plan of Nortel Networks Inc. and Its Affiliated Debtors [D.I. 3874].

## Relief Requested

16.    By this Motion to Shorten, the Debtors respectfully request that the Court enter an order (i) shortening notice pursuant to sections 102(1) of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002 and 9006 and Local Rule 9006-1(e), with respect to the Motion; (ii) permitting parties to file objections, if any, to the relief requested in the Motion on or before October 7, 2010 at 4:00 p.m. (Eastern Standard Time); (iii) allowing the Motion to be heard at the October 14th Hearing; and (iv) granting such other and further relief to the Debtors as the Court deems just and proper.

## Facts Relevant to this Motion

17.    As set forth more fully in the Motion, to date, the U.S. Debtors have entered into, and sought approval for, eight separate sale transactions, which taken together relate to a substantial majority of Nortel's operating businesses.

18.    On June 9, 2009, the U.S. Debtors, the Canadian Debtors, the EMEA Debtors and the Joint Administrators entered into an Interim Funding and Settlement Agreement (the "IFSA").

19.    The IFSA required, among other things, (a) that the sale proceeds (less certain costs) be deposited in escrow accounts (IFSA, Section 12(b)); (b) that the "Selling Debtors" (as defined in IFSA, Section 12(a)) attempt to reach agreement on the allocation of the sale proceeds; and (c) that the "Selling Debtors" attempt to reach agreement on an "Interim Sales Protocol" to control a process to determine the allocation of the proceeds of the sale transactions, where the Nortel sellers are unable to reach agreement on allocation. (IFSA, Section 12(c)).

20.    Over the past several months, the Mediation Parties have attempted in good faith to reach agreement on a form of "Interim Sales Protocol" and met on several occasions in an attempt to agree on an allocation of the sales proceeds now held in escrow. As a result of these

7

efforts, the Mediation Parties have come to a unanimous decision that the allocation process, as well as the process for settling certain Inter-Estate Claims, would be aided by the appointment of a neutral mediator to review the positions and viewpoints of the various Mediation Parties.

21. To this end, the Mediation Parties have selected Layn R. Phillips to serve as the neutral mediator pursuant to the terms of the Engagement Agreement entered into between the Mediation Parties and Irell & Manella, subject in the case of the Debtors, to approval by this Court.

22. The neutral mediator has proposed a briefing schedule, beginning in late October 2010, in order to resolve allocation, as well as inter-company, claims among the Mediation Parties as soon as possible. It is in the best interests of the estates to expedite the allocation of the sales proceeds so that they can maximize the value of the estates and continue with the winding down process in an expeditious manner.

## Basis for Relief

23. Local Rule 9006-1(c)(i) requires at least fourteen (14) days notice of a motion unless the Bankruptcy Rules or the Local Rules provide otherwise. However, Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). The Debtors respectfully submit that allowing the Motion to be considered on an expedited basis at the October 14th Hearing is reasonable and appropriate under the circumstances.

24. The Debtors respectfully submit that allowing the Motion to be considered on shortened notice is appropriate because, as discussed above, the Mediation Parties have been unable to agree upon allocation protocol and the proceeds from each of the eight asset sales continue to be held in escrow accounts.

25. The neutral mediator is prepared and eager to resolve the allocation and inter-company claims among the parties. It is in the best interest of the Mediation Parties to begin the briefing process in late October 2010, but prior to the October 27, 2010 hearing of this Court, in order to advance the mediation process in an orderly fashion.

26. The Debtors have consulted with counsel for each of the other Mediation Parties and understand that each party is supportive of the Motion and the Motion to Shorten Notice. In particular, the Committee and the Bondholder Group have participated in the selection of Mr. Phillips and support both the motion shortening notice as well as the appointment of Mr. Phillips as neutral mediator.

27. For these reasons, the Debtors respectfully submit that allowing the Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

## Notice

28. Notice of the Motion has been given via overnight mail to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; and (iv) the general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

29. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: October 6, 2010
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Alissa T. Gazze
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Alissa T. Gazze (No. 5338)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*