IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTEL NETWORKS, INC., et al.[1], | ) | Case No. 09-10138 (KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Re Dkt. No. 3965 |
| | ) | Hrg date: 10/14/10 at 10:00 a.m.(ET) |
| | ) | Obj. due: 10/7/10 at 4:00 p.m. (ET) |

**LIMITED OBJECTION OF ACS CABLE SYSTEMS, INC. TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING PROCEDURES FOR THE ABANDONMENT, DISPOSAL, OR DESTRUCTION OF SPECIFIED HARD COPY DOCUMENTS AND SPECIFIED ELECTRONIC DATA; (II) WAIVING COMPLIANCE WITH CERTAIN RETENTION LAWS AND ORDINANCES; AND (III) GRANTING RELATED RELIEF**

ACS Cable Systems, Inc. ("ACS"), by and through its undersigned counsel, hereby respectfully submits this limited objection to Debtors' motion seeking to establish procedures for the destruction of documents (Docket No. 3965) (the "Document Destruction Motion" or "Motion"). By the Document Destruction Motion, the Debtors' seek to obtain authority to destroy documents and establish destruction procedures.

1. ACS and Debtors are in a dispute arising under an August, 2008 commercial contract that was negotiated beginning in 2007 in which ACS was the customer and Debtor Nortel Networks, Inc. was the supplier. On April 12, 2010, ACS filed its Motion for Payment and Allowance and Immediate Payment of Administrative Claim (Docket No. 2857) and on November 17, 2009, ACS filed its contract rejection damages proof of claim (Claim No. 6135), and both have been informally disputed by Debtors. Thus, the Debtors have long been on notice of the likelihood of litigation with ACS, and therefore, have a duty to preserve evidence that may be relevant to the

---

[1] The Chapter 11 Debtors are: Nortel Networks Inc., Nortel Networks Capital Corporation, Alteon WebSystems, Inc., Alteon WebSystems International, Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc. and Nortel Networks Cable Solutions Inc.

{00447353;v1}                                             1

dispute with ACS. *See Pension Comm. v. Banc of America Sec., LLC*, 685 F.Supp.2. 456, 466 (S.D.N.Y. 2010) ("It is well established that the duty to preserve evidence arises when a party reasonably anticipates litigation.") (citation omitted)  Accordingly, in response to the Document Destruction Motion, ACS sought clarification from Debtors that they had implemented and will continue to enforce a litigation hold on documents related to the ACS/Nortel dispute notwithstanding the Document Destruction Motion.  ACS has not received that requested clarification from the Debtors.

2.  Debtors' proposed order provides that Debtors shall not use the authority granted by the Order to destroy documents that "in the Debtors' **reasonable business judgment,** has the potential to assist in claims analysis or relates to certain post-petition asset sales transaction or litigation brought against the Debtors' estates." Proposed Order, ¶ 4 (emphasis added).

3.  Under their proposed order, Debtors may decide "in their reasonable business judgment" that documents do not relate to a claim they may dispute, even though the documents concern an identifiable claimant who has filed a claim in the case and is listed on the searchable claims register, and who might disagree with the Debtors' relevance analysis if properly warned of the Debtor's intent to destroy the documents.  Thus Debtors propose to take on the role of a judge resolving discovery disputes over the relevance of documents to claims they dispute.

4.  This might not be a problem if the Debtors gave reasonable notice to the claimants identified in the documents proposed for destruction, before destroying them, so that the claimants could either review the documents slated for destruction or, if necessary, bring their concerns to the attention of the Court for resolution.  However, instead of notifying the claimants potentially affected by the document destruction, Debtors propose to circulate highly-generalized pre-destruction notices to the Rule 2002 service list, following the form notice supplied with their

Motion ("Pre-Destruction Notices"). The generic Pre-Destruction Notice form does not identify the claimants to which the documents proposed for destruction relate, but merely identifies the dates of the documents, their storage locations, the number of boxes involved, and some other information that is unlikely to be useful to claimants reading the notice.

5. Because the proposed generic Pre-Destruction Notices will not identify the claimants to which the documents relate, ACS (and similarly situation claimants) will have almost zero ability to determine whether the document Debtors propose to destroy relate to the ACS/Nortel dispute. For example, if the Debtors serve a generic Pre-Destruction Notice proposing to destroy documents sitting in "warehouse X created during 2008", ACS will have no way of knowing whether the documents relate to the ACS/Nortel dispute, which concerns the year 2008 as well as other years, or another dispute with one of the many other parties with whom the Debtors did business. At least with respect to the recent documents that are more likely to be relevant to claims litigation, Debtors' requested procedures do not provide notice "reasonably reasonably calculated, under all the circumstances, to apprise interested parties" affected by the proposed destructions of the potential impact of the proposed destruction on their claims. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950).

6. The deficiencies in the Debtors' requested procedures are not without a remedy. One change to the form Pre-Destruction Notice should resolve this problem. For recently created documents (i.e., those created within the 5 years prior to the petition date), which are more likely to relate to disputed claims that are within relevant statutes-of-limitation, the Debtors should be required to list the non-Nortel parties named in the document indexes and folder and box labels (and their electronic equivalents). Providing this modicum of additional information will result in minimal, if any, additional burden and cost to the Debtors, who under their own proposed order are

already required to conduct a review of the documents to determine whether in their "reasonable business judgment" they relate to claims. Thus, the Debtors are already planning to examine the documents in enough depth to identify the affected claimants – the only additional step necessary is for the Debtors to include such information on the Pre-Destruction Notices.

7. Not only will this minor revision to the Pre-Destruction Notice go a long way toward providing meaningful notice to claimants, it will also avoid the wasteful scenario in which claimants are forced to file protective objections to generic Pre-Destruction Notices just to account for the off chance that some of the documents covered by the notice relate to their claims.[1]

WHEREFORE, ACS respectfully requests that this Court deny the Document Destruction Motion unless the proposed form of order is modified to require the Debtors to list in the form Pre-Destruction Notice those identifiable claimants who are the subject of documents created within the five years before the January 14, 2009 petition date (i.e., January 14, 2004) that the Debtors propose to destroy, so that those claimants have the opportunity to contest the Debtors' assertion that the documents are not relevant to the claimant's claims against the Debtors.

---

[1] Even if the Debtors in response to an objection to a generic Pre-Destruction Notice agreed to permit inspection of the documents proposed for destruction, claimants would then be forced to shoulder the financial and logistical burden of having to examine documents for which they have no way of knowing whether they relate to their claims. The Court should not permit the Debtors to force claimants to suffer additional and potentially unnecessary expense or risk the destruction of documents relevant to their claims.

Respectfully submitted this 7th day of October, 2010

**ACS CABLE SYSTEMS, INC., by its counsel,**

| | |
|---|---|
| BIRCH, HORTON, BITTNER & CHEROT, P.C. | ASHBY & GEDDES, P.A.<br><br>*/s/ Ben Keenan*<br>_____ |
| James H. Lister (admitted pro hac vice)<br>1155 Connecticut Ave., N.W., Suite 1200<br>Washington, D.C. 20036<br>Telephone: (202) 862-8368<br>Facsimile: (202) 659-1027<br>jlister@dc.bhb.com | Gregory A. Taylor (#4008)<br>Benjamin W. Keenan (#4724)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, Delaware 19899<br>Telephone: (302) 654-1888<br>Facsimile: (302) 654-2067<br>gtaylor@ashby-geddes.com<br>bkeenan@ashby-geddes.com |