IN THE UNITED STATES BANKRUTPCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTEL NETWORKS, INC., *et al.*, | ) | Case No. 09-10138 (KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objection Deadline: October 7, 2010** |
| | ) | **Hearing Date: October 14, 2010 at 10:00 a.m.** |
| | ) | |
| | ) | **Re Docket No. 3942** |

**RESPONSE OF MTS ALLSTREAM, INC. TO THE DEBTORS' FOURTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND DEL. L.R. 3007-1 (NO LIABILITY CLAIMS, REDUCE AND ALLOW CLAIMS, REDUNDANT CLAIMS, SATISFIED CLAIMS, WRONG DEBTOR CLAIMS, NO-BASIS 503(b)(9) CLAIMS AND MISCLASSIFIED 503(b)(9) CLAIMS)**

MTS Allstream, Inc. ("MTS"), by and through its undersigned counsel, responds as follows to Debtors' Fourteenth Omnibus Objection to Claims [Docket No. 3942] (the "Objection"), insofar as the Objection seeks disallowance of the claims of MTS:

### Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), as a proceeding arising under Chapter 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), or arising in or related to a case under Title 11.

2. This matter is a core proceeding under 28 U.S.C. § 157(b).

### Background

3. Nortel Networks, Inc. ("NNI") and several of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in this Court on January 14, 2009 (the "Petition Date").

4. Pre-petition, on or about October 1, 2006, MTS and Nortel Networks Limited ("NNL"), the corporate parent of NNI, entered into a Master Service Agreement for the provision of telecommunications services by MTS to NNL (the "Agreement"). A true and correct copy of the Agreement is attached as **Exhibit A**.

5. From October 1, 2006 through and including the Petition Date, MTS has performed its obligations under the Agreement in rendering telecommunications services to NNL, for which NNL has been regularly billed in accordance with the terms and conditions of the Agreement.

6. Since the Petition Date, NNL has failed to remit payment in the amount of $148,230.46 to MTS pursuant to the Agreement for telecommunications services received by NNL.

7. Sometime prior to the claims bar date of September 30, 2009 (the "Bar Date"), Debtors sent to MTS two (2) pre-filled Proof of Claim forms. Having received these pre-filled Proof of Claim forms, MTS was under the reasonable belief that it held valid claims against the United States Debtors.

8. Acting reasonably upon this belief perpetrated by the Debtors and out of an abundance of caution, on or about September 14, 2009, MTS filed two (2) timely Proof of Claims, Claim Nos. 3418 in the amount of $7,737.21, and Claim No. 3419, in the amount of $140,493.25 (the "MTS Claims") against NNI seeking payment of the amounts owed with respect to the services provided to NNL pursuant to the Agreement. A copy of the MTS Claims are attached hereto as **Exhibit B**.

9. On September 14, 2010, the Debtors file the Objection, in which they assert that Debtors have no liability for the MTS Claims because they allegedly relate to transactions with a non-debtor affiliate of the Debtors.

### Response

10. The Statements of Accounts attached to the MTS Claims indicate that NNL is the party responsible for payment of the services rendered to it pursuant to the Agreement.

11. Further, the Objection filed by Debtors fails to provide any countervailing information demonstrating that NNL, the corporate parent of NNI, is not the Debtor responsible for payment of these amounts.

12. Simply put, the Debtors cannot continue, in good faith, to dispute that NNL is liable for payment of the MTS Claims. As such, the Objection must be denied with respect to the MTS Claims.

**WHEREFORE**, for the reasons set forth above, MTS respectfully requests that the Court enter an order (i) denying the Objection with respect to the MTS Claims, (ii) allowing the MTS Claims as general unsecured claims in the full amount of $148,230.46 and (iii) granting MTS such other and further relief as is just and proper.

THE HOGAN FIRM

Dated: October 7, 2010
Wilmington, DE

/s/Daniel K. Hogan
Daniel K. Hogan (#2814)
1311 Delaware Avenue
Wilmington, DE 19806
(302) 656-7540
(302) 656-7599- facsimile
Attorney for MTS Allstream, Inc.