IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------- x
In re:                                            : Chapter 11
                                                  :
                                                  : Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                :
                                                  : Jointly Administered
            Debtors.                              :
                                                  : **Hearing Date: October 14, 2010 at 10:00 a.m.**
                                                  : **Objection Deadline: October 7, 2010 at 4:00 p.m.**
                                                  :
------------------------------------------------- x

**LIMITED OBJECTION OF THE TRUSTEE OF NORTEL NETWORKS UK PENSION PLAN AND THE BOARD OF THE PENSION PROTECTION FUND TO (A) THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPOINTING LAYN R. PHILLIPS AS NEUTRAL MEDIATOR CONCERNING ALLOCATION OF SALE PROCEEDS; (II) AUTHORIZING ENTRY INTO AN ENGAGEMENT AGREEMENT WITH IRELL & MANELLA LLP; (III) APPROVING THE TERMS OF ENGAGEMENT AGREEMENT; (IV) ALLOWING PAYMENT OF DEBTORS' SHARE OF COST OF ENGAGEMENT; AND (V) GRANTING RELATED RELIEF; AND (B) MOTION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. § 102(1) SHORTENING NOTICE**

The Trustee (the "Trustee") of Nortel Networks UK Pension Plan (the "Plan") and the Board of the Pension Protection Fund (the "PPF," and together with the Trustee, the "UK Pension Claimants") hereby respectfully object to the Debtors' *Motion for Entry of an Order (I) Appointing Layn R. Phillips as Neutral Mediator Concerning Allocation of Sale Proceeds; (II) Authorizing Entry into an Engagement Agreement With Irell & Manella LLP; (III) Approving the*

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

*Terms of Engagement Agreement; (IV) Allowing Payment of Debtors' Share of Cost of Engagement; and (V) Granting Related Relief* [D.I. 4100] (the "<u>Appointment Motion</u>"); and (B) *Motion For Entry Of An Order Under 11 U.S.C. § 102(1) Shortening Notice* [D.I. 4101] (the "<u>Motion to Shorten Notice</u>," and together with the Appointment Motion, the "<u>Motions</u>").  In support of their objection, the UK Pension Claimants, by and through their undersigned counsel, respectfully state as follows:

**STATEMENT**

**The Debtors' Request for Accelerated Relief Is Not Justified.**

1. As an initial matter, the Debtors' request for accelerated relief -- filing the Motions **less than 24 hours** before the proposed objection deadline and seeking a hearing only a week thereafter -- violates the due process rights of parties in interest, providing them with an unrealistic and unfair timeline to review, confer and prepare responses to the Motions.

2. The Debtors' request is particularly egregious because they have utterly failed to demonstrate "cause" under Bankruptcy Rule 9006(c)(1) or the existence of adequate "exigencies" to justify such perfunctory and truncated notice under Local Bankruptcy Rule 9006-2(e).  The only reason provided by the Debtors is that the proposed mediator is "prepared and eager" to resolve the allocation and intercompany claims issues and has "proposed" a briefing schedule to begin in late-October 2010.  (Motion to Shorten ¶¶ 22, 25).  According to the Engagement Letter (the "<u>Engagement Agreement</u>") attached as Exhibit B to the Appointment Motion, however, briefs are to be submitted by October 25, 2010.  Thus, the Debtors could have sought to have this matter heard anytime between October 20th and October 25th without seeking to shorten notice.

3. Conspicuously absent from the Appointment Motion is reference to any circumstance that would preclude postponing the proposed briefing schedule for a week to provide parties with adequate notice and a meaningful opportunity to review the Appointment Motion and object, as appropriate. The Debtors' assertion that accelerated relief is justified because "the Mediation Parties have been unable to agree upon allocation protocol *[sic]* and the proceeds from each of the eight asset sales continue to be held in escrow accounts" (Motion to Shorten ¶ 24) is similarly unavailing: this has been the case for many months already and nothing will be gained by granting the Debtors' accelerated relief at the expense of due process.

4. Similarly, the Debtors provide no explanation why they could not file the Appointment Motion earlier in order to avoid the "need" to seek accelerated relief. The Engagement Agreement is dated September 27, 2010, and the Debtors, no doubt, have been in discussions with the proposed mediator and the Mediation Parties about these issues for some time before then. This, frankly, is not the first time the Debtors have sought expedited relief when adequate notice could have been provided.[2]

5. Shortened notice may be justified for debtors-in-possession and other parties in interest on occasion, but the Debtors' request to run roughshod over the procedural notice provisions under the Bankruptcy Rules and Local Bankruptcy Rules based on their failure to seek relief timely without adequate justification amounts to nothing short of an abuse.

---

[2] For example, the Automatic Stay Motion (as defined below) was also filed on shortened notice, even though the Debtors had been aware of the filing of the UK Pension Claimants' claims for over five months and had been aware of the "exigency" that they cited (*i.e.*, the UK Pension Regulator's request for responses by March 1) for over a month before the request for shortened notice was made.

**The Mediation Process Should Be Opened to the UK Pension Claimants.**

6.   Further, while the UK Pension Claimants do not object, at this time, to the Debtors' request to appoint Mr. Phillips as mediator or the terms of his employment, the relief requested in the Appointment Motion goes beyond these issues and amounts to a request to approve the terms of the mediation process, which are embedded in the Engagement Letter.

7.   The Engagement Letter among other things sets forth the parties to the proposed mediation, the timeline for conducting the mediation, the requirements (including confidentiality) of the submissions that will be considered in the mediation and the confidentiality of the mediation itself.  (see Appointment Motion, Ex. B (Engagement Letter), at 2-3.)

8.   This process should come as a surprise to the Court, as it does to the UK Pension Claimants and, no doubt, other parties in interest in these cases.  For quite some time, the Debtors have stated that they planned to enter into a protocol for resolving disputes concerning the allocation of its sale proceeds (the "Asset Allocation Protocol").  Not only was this intent announced in the Interim Funding and Settlement Agreement dated June 9, 2009 [D.I. 874] (IFSA § 12(c)), but the Debtors argued in support of *Debtors' Motion for Entry of an Order Enforcing the Automatic Stay Against Certain Claimants With Respect to the UK Pension Proceedings* [D.I. 2441] (the "Automatic Stay Motion") that participation in the U.K. Regulatory Procedure before the Determinations Panel of the U.K. Pensions Regulator would tax the Debtors' resources to participate in the negotiation of the Asset Allocation Protocol and the transactions contemplated thereby (see Automatic Stay Motion, at 29 n. 20).  In fact, in the proposed Disclosure Statement filed on September 3, 2010 [D.I. 3874] (the "Proposed Disclosure Statement"), the Debtors stated that they were "currently in negotiations with respect

to allocation issues and related matters," and no mention was made of any plans to pursue mediation instead. (Proposed Disclosure Statement § VI.G(a).)

9. Now, out of nowhere, and on shortened notice, the Debtors have informed parties in interest that they intend to pursue mediation and to propose the terms of such mediation. No doubt, the Debtors have been considering this and working with the other Mediation Parties and the proposed mediator for some time to discuss the terms of the mediation. Not surprisingly, this utter lack of visibility is written into the terms of the mediation itself, which are to be conducted confidentially and do not afford other parties in interest the opportunity to participate, to make submissions or even to be privy to the Mediation Parties' submissions.

10. The UK Pension Claimants hold substantial and as-yet-unresolved claims against the Debtors estimated to be in excess of $3 billion, and thus are vitally interested in the outcome of the mediation. See Local Bankruptcy Rule 9019-3 (c)(iii)(A)(5) (providing for attendance at mediation conference of "[o]ther interested parties… whose presence is necessary for a full resolution of the matter assigned to mediation."). The UK Pension Claimants therefore object to the relief sought in the Appointment Motion to the extent that it proposes to deny other parties in interest with significant claims, such as those filed by the UK Pension Claimants, from participating in, or at the very least, being granted observer status such that they have access to the submissions made by the Mediation Parties.[3] Due process requires no less.

11. The UK Pension Claimants expressly reserve, and do not waive, all of their rights to raise any issues contained in or related to this Limited Objection or the Motions, including, but

---

[3] The UK Pension Claimants will agree to any reasonable non-disclosure agreement to ensure confidentiality of non-public information is maintained.

not limited to, the right to object to the Motions on grounds not specifically raised or addressed herein.

## CONCLUSION

WHEREFORE, the UK Pension Claimants respectfully request that the Court deny the Appointment Motion unless the proposed order is modified to grant the UK Pension Claimants the rights requested in this Limited Objection.

Dated: Wilmington, Delaware
October 7, 2010

              BAYARD, P.A.

              */s/ Charlene D. Davis*
              Charlene D. Davis (No. 2336)
              Justin R. Alberto (No. 5126)
              222 Delaware Avenue, Suite 900
              Wilmington, Delaware 19899
              Tel: (302) 655-5000
              Fax: (302) 658-6395

              -and-

              WILLKIE FARR & GALLAGHER LLP
              Marc Abrams
              Brian E. O'Connor
              Sameer Advani
              787 Seventh Avenue
              New York, New York 10019
              Tel: (212) 728-8000
              Fax: (212) 728-8111

              *Counsel for the Trustee of Nortel Networks UK*
              *Pension Plan and the Board of the Pension*
              *Protection Fund*