IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- X

*In re*

NORTEL NETWORKS INC., *et al.*

           Debtors.

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

Hearing Date: October 14, 2010 at 10:00am (ET)
Objections Due: October 7, 2010 at 4:00pm (ET)

------------------------------------------------------- X

## OBJECTION OF FRANK A. DUNN TO DEBTORS' MOTION FOR AN ORDER APPROVING PROCEDURES FOR DOCUMENT DESTRUCTION

1. Frank A. Dunn is a former CEO and Director of Nortel Networks Inc., and he is a defendant in various legal proceedings concerning Nortel, including a criminal prosecution in Canada.

2. On September 17, 2010, the Debtors moved for entry of an order approving certain procedures for document destruction. *See* Docket entry no. 3965. Mr. Dunn learned about this motion late yesterday. An attorney for the Debtors notified the Canadian prosecutors of the motion yesterday afternoon, and the prosecutors informed Mr. Dunn's Canadian counsel. A letter from the Canadian prosecutors to Debtors' counsel regarding the timing of this notice is attached as Exhibit A.

3. As explained below, Mr. Dunn has reason to believe that Nortel possesses documents relevant to his defense that have not been produced either to Mr. Dunn or to the Canadian prosecutors. Therefore, Mr. Dunn respectfully requests that the Court not approve the

1

destruction of any Nortel documents before the Canadian prosecution has ended. Mr. Dunn's Canadian counsel expects trial in the criminal case to begin by the fall of 2011.

4. After the criminal charges were filed, the Canadian prosecutors produced approximately 22 million pages of documents they obtained from Nortel. The documents were produced in a format that made them virtually unreviewable, and last December the prosecution was ordered to re-produce the documents, which it did in May. Review of the documents has revealed that approximately 30,000 of them contain redactions by Nortel. Whether those redactions are appropriate will be litigated in the Canadian case.

5. In addition, Mr. Dunn has sought discovery of certain Nortel documents that either are not in the production or were produced in a corrupted or illegible format. The Canadian prosecutors have informed Mr. Dunn that they requested those documents from Nortel, but Nortel has not yet produced all of them. A June 16, 2010 letter from the prosecutors to Mr. Dunn's Canadian counsel identifying these documents is attached as Exhibit B.

6. Accordingly, it appears that at least two categories of documents relevant to Mr. Dunn's defense are in Nortel's sole possession: (i) unredacted versions of the 30,000 redacted documents, and (ii) the documents described in the prosecution's June 16th letter. Destroying documents before the Canadian prosecution is completed would be premature given the outstanding discovery issues in the criminal case, and it could jeopardize the ability of Mr. Dunn and his co-defendants to receive a fair trial.

7. Debtors' proposed order recognizes that documents related to pending litigation should not be destroyed: it exempts from destruction documents related to "litigations brought against the Debtors' estates." (Proposed Order ¶ 4.) Whether this exemption includes the proceedings against Mr. Dunn is not clear. Mr. Dunn requests that, if the Court approves any

destruction before the Canadian criminal prosecution has ended, the terms of paragraph 4 be amended to expressly include proceedings against Mr. Dunn.

8. Mr. Dunn also objects to the proposed destruction procedures because they do not require notice of destruction to be served on the Canadian prosecutors or on Mr. Dunn. *See* Proposed Document Disposal Procedures ¶ 3.

Respectfully submitted,

MORVILLO, ABRAMOWITZ, GRAND,
IASON, ANELLO & BOHRER, P.C.

By: /s/ James R. Stovall

Lawrence Iason*
Richard F. Albert*
James R. Stovall*
565 Fifth Avenue
New York, NY 10017
(212) 856-9600

*Attorneys for Frank A. Dunn*

October 7, 2010

---

\*   Not admitted. This objection is filed pursuant to Local Rule 9010-1(d)