## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**NORTEL NETWORKS INC.**, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138(KG)<br>Jointly Administered<br><br>Re: Doc. No. 3965<br><br>**Hearing Date: October 14, 2010 @ 10:00 a.m.** |

## LEAD PLAINTIFFS' JOINDER TO OBJECTIONS TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING PROCEDURES FOR THE ABANDONMENT, DISPOSAL, OR DESTRUCTION OF SPECIFIED HARD COPY DOCUMENTS AND ELECTRONIC DATA; (II) WAIVING COMPLIANCE WITH CERTAIN RETENTION LAWS AND ORDINANCES; AND (III) GRANTING RELATED RELIEF

Lead Plaintiffs[1] in the putative securities class action captioned *David Lucescu, Individually and on Behalf of all Others Similarly Situated v. Mike Zafirovski,* Civil Action No. 09-cv-04691(SAS) (the "Securities Litigation"), filed in the United States District Court for the Southern District of New York (the "New York District Court"), on behalf of all persons (the "Class"), who purchased or otherwise acquired securities of Nortel Networks Corporation ("NNC"), between May 2, 2008 and September 17, 2008, inclusive, submit this joinder to the objections (the "Objections") to Debtors' Motion for Entry of an Order (I) Approving Procedures for the Abandonment, Disposal, or Destruction of Specified Hard Copy Documents and Electronic Data; (II) Waiving Compliance with Certain Retention Laws and Ordinances; and (III) Granting Related Relief (the "Motion")[2] and state the following:

---

[1]    Kien Chen and Moreno Minto were appointed Lead Plaintiffs on July 22, 2009.
[2]    Capitalized terms shall have the meaning ascribed to them in the Motion unless defined otherwise herein.

**BACKGROUND**

1.      On January 14, 2009, NNC, Nortel Networks Limited, Nortel Networks Technology Corporation, Nortel Networks Global Corporation, and Nortel Networks International Corporation (collectively, the "Canadian Nortel Group") commenced proceedings under the CCAA (the "Canadian Proceedings") in the Ontario Superior Court of Justice (Commercial List) (the "Ontario Court").

2.      On January 14, 2009, the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in this Court.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3.      On May 18, 2009, David Lucescu, individually and on behalf of all others similarly situated, filed a complaint in the Securities Litigation alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder by Mike Zafirovski and Pavi Binning (the "Non-Debtor Defendants"), then former and current officers of NNC.

4.      By virtue of the discovery stay of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §7811-4(b)(3)(B) (the "PSLRA Stay")[3] and the automatic bankruptcy stay, as well as the stay in the Canadian Proceedings, made applicable through the Recognition Order entered by this Court on February 27, 2009 in the related Chapter 15 proceeding (Case No. 09-10164 (KG)), Lead Plaintiffs have not had the opportunity to conduct formal discovery of the Debtors, the Canadian Nortel Group, their affiliates or the Non-Debtor Defendants in the Securities Litigation.

5.      In response to the limited objections filed by Lead Plaintiffs to the motions for approval of various asset sales, Debtors have represented that originals and/or copies of documents, books and/or records included among the assets to be transferred under the respective asset sale agreements would be preserved and maintained.  Lead Plaintiffs have relied on this

---

[3]      The PSLRA Stay prohibits discovery until motions to dismiss have been denied.

representation.

6.    The documents, books and records may be relevant to the claims asserted in the Securities Litigation.  Indeed, the accounting and reporting practices of the Debtors are squarely at issue in the Securities Litigation.[4]  As discussed above, the PSLRA discovery stay, the automatic stay, the stay in the Canadian Proceedings and the Recognition Order currently prohibit Lead Plaintiffs from obtaining formal discovery from the Debtors, the Canadian Nortel Group, their affiliates and the defendants in the Securities Litigation.  The Motion provides no guarantee that access to the documents, books and records relevant to the claims in the Securities Litigation will be available to third parties or that they will be properly maintained and preserved.

7.    Permitting the Debtors to dispose of the documents, books and records without appropriate protections or a protocol to ensure that access to such records remains available to third parties would unduly and inappropriately prejudice the rights of Lead Plaintiffs and the putative Class in the Securities Litigation, as well as those of other creditors and stakeholders in these proceedings.

8.    On September 17, 2010, the Debtors filed the Motion seeking approval of procedures for the abandonment, disposal or distribution of documents in various formats.

### JOINDER

9.    Lead Plaintiffs submit this Joinder to the Objections to the Motion filed herein, specifically the Objection of the Trustee of Nortel Networks UK Pension Protection Fund (Doc. No. 4108), and incorporate such Objections, to the extent applicable, as if set forth at length herein.

---

[4]    Although the chapter 11 debtors are not defendants in the Securities Litigation and no class proof of claim has been asserted in the chapter 11 case, until Lead Plaintiffs are permitted to conduct discovery, it cannot be determined whether the Debtors' documents, books and records may or may not be relevant to the Securities Litigation.

## CONCLUSION

10.    For all the reasons contained in the Objections, Lead Plaintiffs respectfully request that this Court (i) deny the Motion and (ii) grant such other and further relief as the Court deems just and proper.

Dated:  October 8, 2010                          **CROSS & SIMON LLC**

By: */s/ Christopher P. Simon*
    Christopher P. Simon (Bar No. 3697)
    913 N. Market Street, 11th Floor
    P.O. Box 1380
    Wilmington, DE  19899-1380
    (302) 777-4200 (Telephone)
    (302) 777-4224 (Facsimile)

**LOWENSTEIN SANDLER PC**
Michael S. Etkin (ME 0570)
Ira M. Levee (IL 9958)
65 Livingston Avenue
Roseland, NJ  07068
(973) 597-2500 (Telephone)
(973) 597-2481 (Facsimile)

*Bankruptcy Counsel for Lead Plaintiffs
and the Putative Class*

**ROBBINS GELLER RUDMAN & DOWD LLP**
Samuel H. Rudman
David A. Rosenfeld
58 South Service Road, Suite 200
Melville, NY  11747
(631) 367-7100 (Telephone)
(631) 367-1173 (Facsimile)

*Lead Counsel for Lead Plaintiffs and
the Putative Class*