IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X
                                                          :
                                                          :   Chapter 11
                                                          :
*In re*                                                   :
                                                          :   Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                        :
                                                          :
                                    Debtors.              :   Jointly Administered
                                                          :
                                                          :
                                                          :
----------------------------------------------------------X

### SECOND SUPPLEMENTAL DISCLOSURE AND STATEMENT OF LYNN M. VAN BUREN PURSUANT TO FED. R. BANKR. P. 2014 AND ORDER AUTHORIZING DEBTORS TO EMPLOY, RETAIN AND COMPENSATE PROFESSIONALS IN THE ORDINARY COURSE

I, LYNN M. VAN BUREN, do hereby declare as follows:

1. I am a Partner of DLA Piper LLP (US), located at 500 8th Street, NW, Washington, D.C. 20004 (the "Company" or "Firm").

2. This Second Declaration supplements my original declaration filed on October 19, 2009 [D.I. 1698], as supplemented by my first supplemental declaration filed on October 28, 2009 [D.I. 1765].

3. The Firm has been retained by the above-captioned Debtors (the "Debtors") pursuant to the Order Authorizing the Retention and Payment of Professionals Utilized in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Ordinary Course nunc pro tunc to the Petition Date, dated February 5, 2009 (D.I. 236) (the "Order") to provide services to the Debtors.

4. The nature and scope of the services to be provided to the Debtors by the Firm are: international trade compliance.

5. I submit this Second Declaration to disclose that the Firm may use its foreign offices to provide professional services to the Debtors and will include such fees from such professional services in its bills.

6. The Firm will conduct a new conflict inquiry each time a new foreign office is used in its representation of the Debtors and any potential conflicts will be immediately disclosed in future supplements to this Declaration.

7. Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, the Firm hereby confirms that, to the best of its knowledge and belief, other than in connection with providing professional services to the Debtors and as otherwise provided herein, it does not have any connection with the Debtors, the creditors, the United States Trustee, any person employed by the United States Trustee or any other party with an actual or potential interest in their chapter 11 cases or their respective attorneys or accountants.

8. Pursuant to the Order, the Firm hereby confirms that is does not represent any interest adverse to the Debtors or the Debtors' estates in the matters upon which it is engaged.

9. The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to conducting these chapter 11 cases, for persons that are parties in interest in these chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many

different parties, some of whom may represent or be retained by the Debtors, claimants and parties in interest in these chapter 11 cases, including but limited to Verizon Business, Computer Sciences Corporation, Avaya, Inc., and a potential bidder to the MEN transaction.

10. Neither I nor any principal, partner, director or officer of, or professional retained by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors, other than reimbursing disbursements or costs owed to third parties on account of services provided to the Debtors, with any other person other than the principal and regular employees of the Firm.

11. Neither I nor any principal, partner, director or officer of, or professional retained by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Firm is to be retained.

12. On the petition date, the Debtors owed the Firm $25,807.65 for prepetition services, the payment of which is subject to limitations contained in the Bankruptcy Code, 11 U.S.C. §§ 101 et seq.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 13, 2010

Lynn M. Van Buren

EAST\43708623.1