IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
                              )
IN RE:                        ) Chapter 11
                              )
NORTEL NETWORKS INC., et al., ) Case No. 09-10138 (KG)
                              )
                              ) Courtroom 3
                              ) 824 Market Street
_____Debtors._____ ) Wilmington, Delaware
```

October 14, 2010
10:06 a.m.

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:                 Morris Nichols Arsht & Tunnell
                             BY:  DEREK C. ABBOTT, ESQ.
                             BY:  ALISSA T. GAZZE, ESQ.
                             1201 North Market Street
                             18th Floor
                             P.O. Box 1347
                             Wilmington, DE 19899-1347
                             (302) 658-9200

                             Cleary Gottlieb Steen & Hamilton
                             BY:  JAMES L. BROMLEY, ESQ.
                             BY:  JANE KIM, ESQ.
                             BY:  SALVATORE F. BIANCA, ESQ.
                             One Liberty Plaza
                             New York, NY 10006
                             (212) 225-2000

ECRO:                        GINGER MACE

Transcription Service:       DIAZ DATA SERVICES
                             331 Schuylkill Street
                             Harrisburg, Pennsylvania 17110
                             (717) 233-6664

Proceedings recorded by electronic sound recording; transcript produced by transcription service

APPEARANCES:
(Continued)

For The Official Committee      Richards Layton & Finger
Of Unsecured Creditors:         BY:   CHRISTOPHER M. SAMIS, ESQ.
                                One Rodney Square
                                920 North King Street
                                Wilmington, DE 19801
                                (302) 651-7700

                                Akin Gump Strauss Hauer & Feld
                                BY:  BRAD M. KAHN, ESQ.
                                BY:   SARAH SCHULTZ, ESQ.
                                One Bryant Park
                                New York, NY 10036
                                (212) 872-1000

For UK Joint Administrators:    Young Conaway Stargatt & Taylor
                                BY:   EDWIN J. HARRON, ESQ.
                                The Brandywine Building
                                1000 West Street, 17th Floor
                                P.O. Box 391
                                Wilmington, DE 19801
                                (302) 571-6600

For Ernst & Young, Monitor:     Buchanan Ingersoll & Rooney
                                BY:   MONA A. PARIKH, ESQ.
                                The Brandywine Building
                                1000 West Street Suite 1410
                                Wilmington, DE 19801-1054
                                (302) 552-4200

                                Allen & Overy LLP
                                BY:   KEN COLEMAN, ESQ.
                                BY:   LISA KRAIDIN, ESQ.
                                1221 Avenue of the Americas
                                New York, NY 10020
                                (212) 610-6434

For UK Pension Plan:            Bayard, P.A.
                                BY:   JUSTIN R. ALBERTO, ESQ.
                                222 Delaware Avenue
                                Suite 900
                                Wilmington, DE 19801
                                (302) 655-5000

For IBM:                        Cravath Swaine & Moore LLP
                                BY:   PAUL H. ZUMBRO, ESQ.
                                Worldwide Plaza
                                825 Eighth Avenue
                                New York, NY 10019-7475
                                (212) 474-1000

APPEARANCES:
(Continued)

For Bondholder Group:              Milbank Tweed Hadley & McCloy
                                   BY:   THOMAS J. MATZ, ESQ.
                                   One Chase Manhattan Plaza
                                   New York, NY 10005-1413
                                   (212) 530-5000

                                   Pachulski Stang Ziehl & Jones
                                   BY:   MICHAEL R. SEIDL, ESQ.
                                   919 North Market Street
                                   17th Floor
                                   Wilmington, DE 19801
                                   (302) 652-4100

For MTS Allstream:                 The Hogan Firm
                                   BY:   DANIEL HOGAN, ESQ.
                                   1311 Delaware Avenue
                                   Wilmington, DE 19806
                                   (302) 656-7540


TELEPHONIC APPEARANCES:


For Hondo Sen:                     Cetus Capital
                                   BY:   HONDO SEN
                                   (203) 552-3528

For Tricadia Capital:              BY:   STEPHEN GRISANTI
                                   (602) 769-2334

For Archview Investment            BY:   AARON ROSEN
Group:                             (212) 728-2528

For Bondholders Group:             Milbank Tweed Hadley & McCloy
                                   BY:   THOMAS KRELLER, ESQ.
                                   (213) 892-4463

For Peg Brickley:                  Dow Jones & Co.
                                   BY:   PEG BRICKLEY
                                   (215) 462-0953

For ACS Cable Systems:             Birch Horton Bitner & Cherot
                                   BY:   JAMES H. LISTER, ESQ.
                                   (202) 659-5800

For Barclay's Capital:             BY:   OLIVIA MAURO
                                   (212) 412-6773

TELEPHONIC APPEARANCES:
(Continued)

For The Pension Guarantee      Edwards Angell Palmer & Dodge
Fund:                          BY:  SELINDA A. MELNIK, ESQ.
                               (302) 425-7103

For UK Pension Plan:           Willkie Farr & Gallagher LLP
                               BY:  BRIAN O'CONNOR, ESQ.
                               (212) 728-8000

For Aristeia Capital:          BY:  STEVEN ROBINSON
                               (212) 842-1961

For Ernest Demel:              South Brooklyn Legal Services
                               BY:  GARY STEVEN STONE, ESQ.
                               (718) 237-5542


CANADIAN TELEPHONIC APPEARANCES:

For the Debtor:                BY:  JENNIFER STAM, ESQ.
                               (416) 216-2327

For Ernst & Young:             BY:  JOE PASQUARIELLO, ESQ.
                               BY:  CHRIS ARMSTRONG, ESQ.
                               (416) 979-2211

1   WILMINGTON, DELAWARE, THURSDAY, OCTOBER 14, 2010, 10:06 A.M.

2              THE COURT:  Good morning, everyone.  Thank you and

3   please be seated.  It's good to see you all.

4              MR. ABBOTT:  Good morning, Your Honor.

5              THE COURT:  Good morning.

6              MR. ABBOTT:  Your Honor, Derek Abbott here on behalf

7   of the debtors.  Your Honor, there's a lengthy agenda, but most

8   of it seems to either be resolved or adjourned or something.

9              THE COURT:  Yes.

10             MR. ABBOTT:  There's some important stuff going on

11  as the Court I'm sure is aware, but I believe Items 1 through

12  6, Your Honor, are adjourned or resolved or otherwise we don't

13  even really need to talk about.

14             Your Honor, the next matter is the Demel motion.

15  And we did file a CNO.  I understand it hasn't hit the docket

16  yet -- or an order hasn't.

17             THE COURT:  That's right.

18             MR. ABBOTT:  Mr. Stone is on the phone only for that

19  matter, I think.

20             THE COURT:  Okay.  Mr. Stone?

21             MR. STONE:  Yes, good morning, Your Honor.

22             THE COURT:  Good morning.  I just -- before I had

23  the order docketed, I just wanted to make certain that there

24  was no -- that you didn't want to address anything further?

25             MR. STONE:  No, Your Honor.  He's just on in case

1   there are any questions.

2           THE COURT:  All right.  Well, I am -- I was fine

3   with the proposed order and I did sign it.  It hasn't been

4   docketed yet, but it will be promptly.

5           MR. ABBOTT:  Thank you, Your Honor.  I think that

6   was the only thing Mr. Stone was on the phone for.

7           MR. STONE:  Thank you very much.

8           THE COURT:  Mr. Stone --

9           MR. ABBOTT:  If the Court could excuse --

10          THE COURT:  Yes.

11          MR. ABBOTT:  -- him, that would be -- I assume he

12   would like to get on with the rest of his life.

13          THE COURT:  Mr. Stone, you're welcome to stay on the

14   phone, but you're also welcome to be excused.

15          MR. STONE:  I appreciate the invitation, but I will

16   want to hang up the phone.  I appreciate it.  Thank you very

17   much.

18          THE COURT:  Thank you.  Good day, sir.

19          MR. STONE:  Thank you.  Bye bye.

20          THE COURT:  Bye bye.

21          MR. ABBOTT:  Thank you, Your Honor.  I'll now turn

22   the podium over to Ms. Kim, who's back.

23          THE COURT:  Yes.

24          MR. ABBOTT:  And she'll run through the rest of the

25   agenda and there's going to be some trade off obviously, but

1    she'll start the next set.  Thank you, Your Honor.

2            THE COURT:  Thank you.  Thank you, Mr. Abbott.  Ms.

3    Kim, welcome back.  It's good to have you here.

4            MS. KIM:  It's good to be here.  Thank you, Your

5    Honor.  For the record, Jane Kim from Clearly Gottlieb Stein

6    and Hamilton on behalf of the debtors.  The first matter that

7    -- we're going to go a little bit out of order because of

8    people on the phone.

9            THE COURT:  Sure.

10           MS. KIM:  So the first matter that we're going to

11   deal with is the debtors' motion to appoint a mediator, which

12   Mr. Bromley is going to handle.

13           THE COURT:  All right.  Okay.  Thank you, Ms. Kim.

14   That's Item Number 10 on the agenda?

15           MS. KIM:  Yes, Your Honor.

16           MR. BROMLEY:  Good morning, Your Honor.

17           THE COURT:  Good morning, Mr. Bromley.

18           MR. BROMLEY:  James Bromley of Cleary Gottlieb on

19   behalf of the debtors.  Your Honor, I'll be very brief, and I

20   think Mr. O'Connor is on the phone from the Willkie Farr firm.

21   Brian, are you on?

22           MR. O'CONNOR:  Yes, I am.

23           MR. BROMLEY:  Okay.  Thank you.

24           MR. O'CONNOR:  Good morning, Your Honor.

25           THE COURT:  Good morning, Mr. O'Connor.

1          MR. BROMLEY:  So we could actually get Mr. O'Connor

2    off the phone, the debtors have file a motion, Your Honor, for

3    the appointment of a mediator to deal with certain purchase

4    price allocation issues.  And at this point the debtors would

5    like to continue this motion over to the hearing on the 27th.

6    I do realize that we asked to have this heard on short notice,

7    but there have been certain issues that have come up, including

8    the questions with respect to the participation of the various

9    parties relating to the UK pension claims.

10          THE COURT:  Yes.

11          MR. BROMLEY:  And so we do think that an extension

12    of time to deal with these and some other issues are warranted

13    in these circumstances.  So certainly it would be our hope if

14    we're able to deal with this in the interim that we might be

15    able to either just call you up, Your Honor, or talk about

16    submitting an order if we resolve the objections, but in the

17    meantime we would just like to put it over to the 27th.

18          THE COURT:  That's fine.  And if it would be helpful

19    to talk with me with the interested parties, I'm certainly

20    available to do that.

21          MR. BROMLEY:  Thank you, Your Honor.  And I think

22    that the next matter will go back to Ms. Kim.

23          THE COURT:  Ms. Kim, all right.

24          MR. O'CONNOR:  Your Honor, thank you.  This is Brian

25    O'Connor again.  Thank you very much.

1          THE COURT:  You're very welcome.  And, Mr. O'Connor,

2    you're welcome again to excuse yourself from the call.

3          MR. O'CONNOR:  Thank you very much, Your Honor.

4          THE COURT:  Good day now.  All right, Ms. Kim.

5          MS. KIM:  Your Honor, the next item on the agenda

6    that we will be handling -- dealing with is Item Number 8,

7    which is the motion of the debtors to approve the transaction

8    involving Blade Technologies, Inc.

9          THE COURT:  Yes.

10          MS. KIM:  Your Honor, there is one change to the

11    order, which it's uncontested motion, but there's one change to

12    the order which I'll address at -- following Mr. Hyacinth

13    DeAlmeida's proffer or testimony.  Your Honor, Mr. Hyacinth

14    DeAlmeida of Nortel Networks, Inc. is in the courtroom and

15    available to testify with respect to this motion.  Unless the

16    Court wishes to proceed by means of direct testimony, or anyone

17    in the courtroom requests direct testimony, the debtors would

18    like to now proffer Mr. DeAlmeida's testimony.

19          THE COURT:  All right, Ms. Kim.  Does anyone object

20    to a proffer?  Hearing none, that's fine -- that's a fine way

21    to proceed then, Ms. Kim.

22          MS. KIM:  Mr. DeAlmeida is the leader of corporate

23    business development of NNI.  He has held that position for

24    approximately 10 years.  Mr. DeAlmeida's job responsibilities

25    prior to Nortel's bankruptcy filing included oversight of

1    mergers and acquisitions and the management of venture capital

2    investments, partnerships with startups and minority equity

3    investments.  Mr. DeAlmeida has been closely involved with the

4    debtors' efforts to sell their business units and minority

5    interests.

6         If called to testify, Mr. DeAlmeida would testify

7    that he oversees the process for the sale of Nortel's minority

8    interests, including the negotiations on behalf of NNI and

9    Nortel Alt Systems, Inc., leading to the signing of the

10   proposed transaction on September 23rd of this year.  Mr.

11   DeAlmeida would testify with respect to Blade, that Blade

12   provides ethernet switches and virtualization and management

13   solutions for enterprise data centers.

14        Mr. DeAlmeida would testify that Blade was launched

15   in 2003 as a Nortel business unit called the Blade Server

16   Switches Business Unit.  In 2006 that business unit was spun

17   out in a transaction where Garnett and Helfrich Capital

18   injected $31 million into an independent Blade, and NNI and

19   Alt. Systems received a total $3.6 million in cash and retained

20   the combined 25 percent preferred equity stake.

21        Mr. DeAlmeida would testify that the Blade shares

22   represent substantially all of the remaining assets of Nortel

23   Alt. Systems, Inc.  Previously Alt. Systems was a seller of

24   positions -- portions of Nortel's layer four seven data

25   portfolio to Radware Limited, which was sold for $17.7 million

1    on March 31st of last year.

2              Mr. DeAlmeida would testify that in late 2008 NNI

3    sold five million of its shares in Blade back to Blade and

4    expanded the scope of its intellectual property license with

5    Blade.  In July of 2009 three strategic investors became

6    investors in Blade as part of a Series B funding round,

7    purchasing minority stakes at $4.75 per share, alongside

8    reinvestment at the same price made by Garnett and Helfrich

9    Capital.

10              At the time of the signing of the proposed

11   transaction, Nortel Alt. Systems, Inc. held a little more than

12   seven million A-1 preferred shares in Blade and NNI held a

13   little more than 600,000 A-1 preferred shares.  Together, these

14   holdings represent approximately 16 percent of all outstanding

15   Blade shares on a fully diluted basis.  There was also a

16   Nortel-appointed member, George Vito, on Blade's board of

17   directors at the time of the signing of the proposed

18   transaction.

19              Mr. DeAlmeida would testify that Nortel's efforts to

20   sell its holdings in Blade began in May of this year when their

21   shares were first included on a schedule of direct minority

22   equity investments Nortel had for sale that Nortel sent to 22

23   prospective buyers.  Mr. DeAlmeida would testify that he is

24   aware that alongside Nortel's efforts to market its shares,

25   Blade examined options for a sale of the company or an initial

1  public offering and that Blade negotiated offers for

2  acquisitions of Blade in 2008 and early 2009 and engaged in

3  high level discussion with several strategic buyers, including

4  IBM beginning in May 2010.

5           Mr. DeAlmeida would testify that on June 10th of

6  this year Nortel received a copy of an indication of interest

7  that Blade received from IBM two days earlier.  After extended

8  subsequent negotiations, Blade executed an indication of

9  interest with IBM dated July 14th, 2010.  To Mr. DeAlmeida's

10 knowledge, throughout Nortel's efforts to market the shares

11 there was never any indication from any potential buyers that

12 they would be interested in paying an amount equal to or

13 greater than the amount offered by IBM for these shares.

14          Mr. DeAlmeida would testify that IBM is in a

15 position to pay more for the shares than other potential

16 buyers, in part because of its strategic position as a major

17 customer of Blade.  Mr. DeAlmeida would testify that the

18 agreements underlying the proposed transaction are the result

19 of extensive negotiations between Blade and IBM.  The

20 negotiations took place over several months and involved

21 repeated iterations of the sale documents and extensive

22 discussion among the parties and their advisors.

23          To Mr. DeAlmeida's knowledge, IBM was not a party to

24 any bidding arrangement or other similar agreements with other

25 parties or potential buyers and the agreement is not, to his

1  knowledge, a product of collusive bidding of any kind.  To his

2  knowledge, each of the parties entered into and conducted these

3  negotiations in good faith, demonstrating honesty and fair

4  dealing throughout the negotiations.  These negotiations

5  resulted in a significant increase to the original purchase

6  price indicated in the indication of interest and a curtailment

7  of the size and length of the obligations of NNI and Nortel

8  Alt. Systems, Inc. under the indemnification agreement.

9         Mr. DeAlmeida would testify that Nortel became

10 involved in the negotiation of the proposed transaction later

11 in the process, approximately one month prior to the signing of

12 the transaction.  At that point Nortel was actively engaged in

13 the negotiations, particularly relating to obligations under

14 the indemnification agreement.  Mr. DeAlmeida would testify

15 that he believes, based on this process and his understanding

16 of Blade's efforts in canvassing the marketplace over the past

17 two years, that the proposed transaction with IBM, as set forth

18 in the transaction documents, is fair and reasonable,

19 represents the highest and best offer available for the Blade

20 shares held by NNI and Nortel Alt. Systems, Inc., and that the

21 consideration to be received by NNI and Alt. Systems

22 constitutes reasonably equivalent value and fair consideration

23 and is the same as that being received by other shareholders in

24 the proposed transaction.

25         Mr. DeAlmeida would testify that the potential

1  proceeds that could be realized through a sale of the shares is

2  likely to decline over time if the shares remain unsold.  Mr.

3  DeAlmeida would testify that based on his understanding of

4  IBM's options and other potential purchaser's interest in the

5  Blade shares, the current proposed transaction would not be

6  consummated in the event of further delay, and there are no

7  other potential buyers who have demonstrated any willingness to

8  pay the price for the shares offered by IBM.  Conducting an

9  auction therefore would not yield any better result or higher

10 offer for the shares, particularly since IBM stands to own more

11 than 80 percent of the Blade shares -- outstanding shares upon

12 the closing of the transaction, even if were not to acquire NNI

13 and Alt. Systems shares.

14       Mr. DeAlmeida would testify that after arm's length

15 negotiations among Blade, Nortel, certain other Blade security

16 holders and IBM, the provisions of the indemnification

17 agreement are reasonable.  They limit the debtors' exposure to

18 a defined time period and to the retained portion of the

19 deferred payment provided for in the indemnification agreement,

20 which represents approximately 10 percent of the NNI and Nortel

21 Alt. Systems, Inc. sale proceeds.

22       Mr. DeAlmeida would testify that entry into the

23 indemnification agreement is supported by sound business

24 purposes because execution of the indemnification agreement is

25 a condition for entry into the proposed transaction, and but

1  for the entry into the indemnification agreement, IBM would not

2  enter into the transaction.  Mr. DeAlmeida would testify that

3  he believes that NNI and Nortel Alt. Systems, Inc. were able to

4  obtain more favorable terms regarding their indemnity

5  obligations than several other selling Blade security holders

6  as a result of their status as debtors in these bankruptcy

7  proceedings.

8           And finally, Mr. DeAlmeida would testify that as

9  part of the sale motion, the debtors seek authority to file the

10 text of the indemnification agreement and merger agreement

11 under seal.  He would testify that filing the transaction

12 documents under seal is required by the terms of the

13 indemnification agreement and but for the filing of these

14 documents under seal, IBM would not enter into the proposed

15 transaction.  The transaction documents contain information

16 that IBM has requested remain confidential because of its

17 regular engagement in acquisition of private companies and its

18 reasonable belief that disclosure of the terms of this

19 transaction would have negative consequences for IBM in future

20 acquisition activities.

21           Your Honor, that ends the proffer of Mr. DeAlmeida.

22 And as I mentioned before, there is one change to the order,

23 which unless Your Honor has any further questions, I can go

24 through.  The one change is to clarify that Alt. Systems --

25 Nortel Alt. Systems, Inc., which is one of the selling debtors,

1  will deposit its portion of the sale proceeds into a separate

2  bank account that will be used only for Alt. Systems own

3  operating expenses.  And -- unless we receive further approval

4  by this Court and not for any other debtors, for example --

5          THE COURT:  Yes.

6          MS. KIM:  -- operations.

7          THE COURT:  Yes.

8          MS. KIM:  Your Honor, at this time I would ask that

9  you accept Mr. DeAlmeida's proffer into evidence.

10         THE COURT:  Thank you, Ms. Kim.  Does anyone wish to

11  cross-examine Mr. DeAlmeida or object to the admission of the

12  proffer?  Hearing no one, it is admitted into evidence in

13  support of your motion.

14         MS. KIM:  So at this time, Your Honor, I would --

15  unless there are any further questions, I would ask -- request

16  that this Court approve the motion and enter the order as --

17         THE COURT:  Revised.

18         MS. KIM:  -- amended and I do have a copy of that

19  order and blackline --

20         THE COURT:  All right.

21         MS. KIM:  -- which I can hand up to Your Honor.

22         THE COURT:  Please.  Thank you, Ms. Kim, if you'll

23  do that now.

24         MS. KIM:  Oh, I'm sorry.  It seems that Ms. Kraiden

25  wants to say something.

1                THE COURT:  Good morning.

2                MS. KRAIDEN:  Good morning.  Lisa Kraiden from Allen

3    and Overy --

4                THE COURT:  Yes.

5                MS. KRAIDEN:  -- on behalf of Ernst and Young, the

6    Monitor of the Canadian Debtors.  With respect to the proposed

7    order and the change that is going to be handed up, I just

8    wanted to put on the record that the Canadian -- the Monitor

9    and the Canadian Debtors are quite pleased that this could be

10   worked out and just wanted to note for the record that they

11   reserve their rights with respect to the ultimate distribution

12   of proceeds and with respect to Nortel Alt. Systems.

13               THE COURT:  Understood.  And that, of course, is the

14   reason for the --

15               MS. KRAIDEN:  Yes.

16               THE COURT:  -- if you will, separation of those

17   funds.

18               MS. KRAIDEN:  Exactly.

19               THE COURT:  Thank you.

20               MS. KRAIDEN:  Thanks very much.

21               THE COURT:  Thank you.  Anyone else wish to be heard

22   on this?  All right.  Ms. Kim, I will take that order from you

23   now and I am certainly prepared based on the evidence presented

24   to approve the sale, the indemnification filing under seal.

25               MS. KIM:  Thank you.

1          THE COURT:  Thank you, Ms. Kim.  It clearly -- thank

2    you -- thank you so much.  It clearly is in the exercise of

3    debtors' proper business judgment, the terms are fair and

4    equitable and in good faith, it is an arm's length transaction.

5    I note that there was no auction, but the Court is well aware

6    that the sale of minority interests is probably not the type of

7    asset that can be auctioned or the type of interest that can be

8    auctioned effectively.  And the Court is satisfied that the

9    highest and best price has been achieved, that indemnification

10   is appropriate here, particularly given the nature of the

11   transaction, and the insistence on the part of the purchaser

12   for indemnification and I am prepared to find, based upon my

13   review of the documents, that they are certainly of a

14   commercially sensitive nature and accordingly I will also

15   approve the filing under seal and I will sign the order as

16   revised.

17          MS. KIM:  Thank you, Your Honor.  The only remaining

18   item on the agenda is the fourteenth omnibus claims objection,

19   which Mr. Bianca is here to present.

20          THE COURT:  Thank you, Ms. Kim.

21          MS. KIM:  Thank you, Your Honor.

22          THE COURT:  Good morning.

23          MR. BIANCA:  Good morning, Your Honor.  Salvatore

24   Bianca on behalf of the debtors.  As Ms. Kim mentioned, the

25   next item on the agenda is Item 9, the debtors' fourteenth

1    omnibus objection.  We received four responses to the

2    objection, which I'll address out of order to clear out the

3    responses that we've resolved or adjourned first.

4              THE COURT:  Very well.

5              MR. BIANCA:  Regarding the response of Unisys

6    Corporation, we've agreed to adjourn our objection to Claim

7    Numbers 3939 and 6948, filed by Unisys Corporation to the 9th

8    -- November 9th hearing.

9              With respect to the response filed by Anderson

10   Gorecki and Manaras, we've discussed our objection with the

11   claimant and after our discussions, the claimant no longer

12   opposes our objection --

13             THE COURT:  All right.

14             MR. BIANCA:  -- to the disallowance of its claim,

15   which is Claim Number 2818.  And now I'll move on to the two

16   responses that we have not resolved.

17             The first is the response by MTS Allstream.  We

18   objected to Claim Numbers 3418 and 3419 filed by MTS Allstream

19   against NNI on the basis that the claims are based on

20   liabilities of an entity that is not a debtor in the Chapter 11

21   cases.  The claimant's response fully supports our objection

22   because it repeatedly admits that the claims that it filed

23   against NNL are for NNL liabilities and attaches documentation

24   demonstrating the fact that the liability is a liability of

25   NNO.

1          We've attempted to resolve this response with their

2   -- with MTF Allstream's counsel, but they have not been willing

3   to withdraw the response.  The claimant simply doesn't

4   understand that NNO is not a debtor in the Chapter 11 cases and

5   that to file a claim against NNO, the claimant would have to

6   proceed in the Canadian proceedings.  Because there's no

7   dispute that the claims relate to a liability of a non-US

8   debtor, the debtors ask that these claims be disallowed.

9          THE COURT:  All right.  I think Mr. Hogan -- Mr.

10  Hogan, good morning.

11          MR. HOGAN:  Good morning, Your Honor.  Daniel Hogan

12  on behalf of MPS Allstream.

13          THE COURT:  Yes, sir.

14          MR. HOGAN:  Your Honor, we filed a response to this

15  objection out of an abundance of caution.

16          THE COURT:  Yes.

17          MR. HOGAN:  Let me explain why that is.  We

18  understand after taking some looks at the documentation that

19  support our claim, that it relates presumably to this Canadian

20  entity that is proceeding Canada before the CCAA Court.

21          THE COURT:  Right.

22          MR. HOGAN:  However, separate and distinct from

23  that, these debtors sent to my client a pre-printed -- pre-

24  printed claim forms indicating that -- the bar date and

25  indicating that if they were to file a claim, that they should

1  do so by the bar date, which my clients did.  And so, there's

2  some confusion on our part, but it largely stems from the

3  actions that the debtors undertook in sending us those forms.

4           So these claims have been submitted in the Canadian

5  Court --

6           THE COURT:  Okay.  Good.

7           MR. HOGAN:  -- they have been submitted in this

8  Court.  And what we're looking for honestly, Your Honor, is

9  just some indication from the debtor that we're not going to

10 have a bait and switch where the Canadian debtors say no, no,

11 no, that belongs in the US Court and the US debtors say oh no,

12 no, that belongs in the Canadian Court and we end up with no

13 claim in either Court.  So out of an abundance of caution

14 they've retained my services to articulate this argument and

15 make sure that the Court understands that if we can get a

16 representation from the debtors that this claim is rightfully

17 brought in the Canadian proceeding, well then we would likely

18 stand down, Your Honor.  Thank you.

19          THE COURT:  Thank you.  Thank you, Mr. Hogan.  I

20 understand your position and you are a careful lawyer, so

21 naturally you took the action you did.  Mr. Bianca?

22          MR. BIANCA:  Yes.  To address Mr. Hogan's request

23 that we represent that the Canadian Debtors would accept this

24 claim, we obviously cannot make any representations on behalf

25 of any of the Canadian Debtors.  Our only issue at this hearing

1    is to address whether or not the US Debtors are liable for the

2    claim and there's no dispute that they are not.  So Mr. Hogan

3    has filed claims in the Canadian proceedings and he's free to

4    pursue them in those proceedings, but we can't make any

5    representations about whether or not they'll be allowed or, you

6    know, what their final disposition will be.

7              THE COURT:  Perhaps Mr. Hogan is looking for same

8    representation that at least there won't be the argument in

9    Canada, although I know you don't again have control over that

10   --

11             MR. BIANCA:  Unfortunately that's just a

12   representation that we can't make.

13             THE COURT:  Yes.  Right.  Mr. Hogan, well we --

14             MR. HOGAN:  Your Honor, maybe an easier way to

15   resolve this is just to hold this claim in abeyance right now

16   until we get some more clarity from the Canadian proceeding as

17   to whether or not the claim is going to be dealt with

18   specifically up there.  Again, I'm trying to preclude the

19   debtors from doing an end around -- or the Canadian Debtors as

20   it turns out, from doing an end around and saying no, that

21   belongs in the US Court.  And it really goes to the question of

22   why were we sent these pre-printed forms -- I mean, it begs the

23   question, if it's not a US claim, why did we get them?

24             MR. BIANCA:  I can explain that easily.

25             THE COURT:  Good.

1          MR. BIANCA:  That the forms were sent before the

2     claims reconciliation process had even begun out of an

3     abundance of caution to insure that every claimant received

4     notice or every potential claimant.  We over notified.

5          THE COURT:  And how many claimants -- there were

6     tens of thousands of claimants.

7          MR. BIANCA:  Tens of thousands of claimants,

8     exactly.

9          THE COURT:  Yes.  Well, here's what we're going to

10    do.  I think based upon the evidence before me today, there's

11    no question that the claim should proceed in Canada.  There's

12    no evidence before me that the claim is rightfully brought

13    against the United States Debtors.  And under the

14    circumstances, I will sustain the objection to the claim.  If

15    you find yourself in the position that I know you're trying to

16    protect against, Mr. Hogan, I would always hear you.  If the

17    evidence were presented in Canada, for example, that in fact

18    that the rightful party was the -- were the United States

19    Debtors, but absent that I don't think I need to hold it in

20    abeyance.  I think based upon the evidence before me today, the

21    objection is properly brought and should be sustained.  And

22    then we -- again, if you run into problems in Canada, I know

23    I'll hear from you.

24         MR. HOGAN:  You will.  Thank you, Your Honor.

25         THE COURT:  Thank you, Mr. Hogan.

1                MR. BIANCA:  Thank you, Your Honor.

2                THE COURT:  Yes, Ms. Kraiden?

3                MS. KRAIDEN:  Hi, Your Honor.  This is Lisa Kraiden

4    again from Allen and Overy --

5                THE COURT:  Yes.

6                MS. KRAIDEN:  -- on behalf of the Monitor of the

7    Canadian Debtors.  We obviously cannot comment on the status of

8    the claim in the Canadian proceeding at this point, but I would

9    like to just make clear on the record that the Canadian Debtors

10   do reserve all of their rights in the Canadian proceedings with

11   respect to this claim and any others that may have been filed

12   here as well as in Canada.

13               THE COURT:  Of course.

14               MS. KRAIDEN:  Thank you.

15               THE COURT:  I understand that.  So does Mr. Hogan

16   and that's why --

17               MS. KRAIDEN:  Yes.

18               THE COURT:  -- he will be watching carefully.

19               MS. KRAIDEN:  Yes, I'm sure.

20               THE COURT:  Thank you.

21               MS. KRAIDEN:  Thank you, Your Honor.

22               THE COURT:  Thank you, Mr. Hogan.  Good day.

23               MR. HOGAN:  May we be excused?

24               THE COURT:  You certainly may.  Good day to you.

25               MR. HOGAN:  You as well.

1          MR. BIANCA:  Moving on to the final response from

2     Dun and Bradstreet.  We objected to Claim Number 505 filed by

3     Dun and Bradstreet as a reduce and allow claim --

4          THE COURT:  Yes.

5          MR. BIANCA:  -- on the basis that certain invoices

6     listed in the claim are not valid liabilities of any of the

7     Chapter 11 debtors.  The claimant filed a response simply

8     stating that it had recently amended its claim because Nortel

9     rejected a contract with the claimant.  The amended claim

10    asserts a claim for the prior claimed amount plus an additional

11    21,000 in contract rejection damages and now also requests

12    priority treatment for a portion of the prior claimed amount.

13    And just interestingly, under Section -- the section of the

14    code providing for priority treatment for domestic support

15    obligations, whereas the prior claim was all general unsecured.

16         The claimant's response is neither here nor there,

17    in that its only point is that it amended its claim.  It does

18    not dispute the merits of our objection, which is that some of

19    the invoices that were included did not relate to a US Debtor

20    liability.  And accordingly, we'll deal with the amended claim

21    at a later date, in which we'll object to all but the 21,000 as

22    being redundant of this claim and we'll also raise any

23    objections that we may have to the 21,000 in contract rejection

24    damages.  Accordingly, we request that the claim be reduced as

25    set forth in the objection.

1           THE COURT:  All right.  Does anyone -- has anyone

2  appeared here today on behalf of Dun and Bradstreet, either in

3  person or on the telephone?  All right.  I hear no one and I

4  have reviewed the claim, I have reviewed the objection and I

5  find that the objection is properly brought and will be

6  sustained.

7           MR. BIANCA:  Thank you, Your Honor.  And that's the

8  last of the responses.  If I may approach, I would like to hand

9  up a clean and redline version of the revised order?

10          THE COURT:  Yes, sir.  Thank you.  Good morning.

11  And I assume the changes just relate to the matters that did

12  not go forward today essentially?

13          MR. BIANCA:  Correct.  It -- I'll just walk through

14  the changes briefly.  We included the Uni -- adjournment of the

15  Unisys claims.

16          THE COURT:  Yes.

17          MR. BIANCA:  And in addition, we made a number of

18  change -- a few additional changes to the order to address some

19  informal requests that we received from claimants.  These are

20  all indicated in the agenda.

21          The first change is that the debtors have agreed to

22  withdraw their objection to Claim Number 5356 filed by GE and

23  the claimant has agreed that the debtors reserve their right to

24  object to Claim Number 5356 on any and all grounds in the

25  future.

1          The second change is that the debtors have agreed to

2   adjourn their objection to certain claims filed by Amphenol

3   Corporation and its affiliates to the November 23rd hearing.

4          THE COURT:  All right.

5          MR. BIANCA:  And accordingly, the debtors request

6   that the Court enter the order as handed up.

7          THE COURT:  And I will do so.

8          MR. BIANCA:  Thank you, Your Honor.  And now I

9   believe that concludes the last of the matters on the agenda.

10         THE COURT:  All right.  Nothing further, anyone?

11  Well, with that we will stand in recess and I thank you all.

12         MR. BIANCA:  Thank you.

13      (Whereupon at 10:33 a.m., the hearing was adjourned)

14

15                        CERTIFICATION

16         I   certify   that   the   foregoing   is   a   correct

17  transcript   from   the   electronic   sound   recording   of   the

18  proceedings in the above-entitled matter.

19

20

21  _____        October 15, 2010

22  Stephanie McMeel

23  AAERT Cert. No. 452

24  Certified Court Transcriptionist

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| _____debtors.___ 1:13 | | **and**(132) 5:2 5:15 6:3 6:24 6:25 7:6 7:19 8:4 8:11 8:12 8:18 8:21 9:1 9:14 10:1 10:1 10:2 10:4 10:8 10:12 10:12 10:17 10:18 10:18 10:19 11:3 11:8 11:12 12:1 12:2 12:12 12:19 12:20 12:21 12:22 12:25 13:2 13:3 13:6 13:7 13:7 13:15 13:18 13:19 13:20 13:21 13:22 13:23 14:6 14:13 14:16 14:18 14:20 14:25 15:3 15:8 15:10 15:13 15:17 15:22 16:3 16:4 16:16 16:18 16:19 17:3 17:5 17:7 17:9 17:10 17:12 17:13 17:23 18:3 18:4 18:8 18:9 18:11 18:12 18:14 18:15 19:7 19:10 19:11 19:15 19:18 19:23 20:4 20:22 20:24 21:1 21:8 21:10 21:11 21:12 21:14 21:20 22:2 22:3 22:20 22:21 23:5 23:13 23:21 23:21 24:4 24:11 24:16 25:2 25:3 25:3 25:11 25:13 25:20 25:22 26:2 26:3 26:4 26:5 26:7 26:8 26:9 26:11 26:17 26:22 26:24 27:3 27:5 27:7 27:7 27:8 27:11 | **because**(7) 7:7 12:16 14:24 15:16 19:22 20:6 25:8 | | **canadian**(19) 4:20 17:6 17:8 17:9 20:6 20:19 21:4 21:12 21:12 21:17 21:23 21:25 22:3 22:16 22:19 24:7 24:8 24:9 24:10 |
| **a-1**(2) 11:12 11:13 | | | | **been**(8) 6:3 8:7 10:3 18:9 20:2 21:4 21:7 24:11 | | **cannot**(2) 21:24 24:7 |
| **a.m**(3) 1:16 5:1 27:13 | | | | | | **canvassing**(1) 13:16 |
| **aaron**(1) 3:34 | | | | **before**(8) 12:10 5:22 15:22 20:20 23:1 23:10 23:12 23:20 | | **capital**(7) 3:27 3:31 3:49 4:12 10:1 10:17 11:9 |
| **abbott**(12) 1:26 5:4 5:6 5:6 5:10 5:18 6:5 6:9 6:11 6:21 6:24 7:2 | | | | | | |
| | | | | **began**(1) 11:20 | | **careful**(1) 11:20 |
| **abeyance**(2) 22:15 23:20 | | | | **beginning**(1) 12:4 | | **carefully**(1) 24:18 |
| **able**(3) 8:14 8:15 15:3 | | | | **begs**(1) 22:22 | | **case**(2) 1:9 5:25 |
| **about**(3) 5:13 8:15 22:5 | | | | **begun**(1) 23:2 | | **cases**(3) 19:21 20:4 |
| **above-entitled**(1) 27:18 | | | | **behalf**(10) 5:6 7:6 7:19 10:8 17:5 18:24 20:12 21:24 24:6 26:2 | | **cash**(1) 10:19 |
| **absent**(1) 23:19 | | **anderson**(1) 19:9 | | | | **caution**(3) 20:15 21:13 23:3 |
| **abundance**(3) 20:15 21:13 23:3 | | **angell**(1) 4:4 | | **being**(2) 13:23 25:22 | | **ccaa**(1) 20:20 |
| **accept**(2) 16:9 21:23 | | **any**(17) 6:1 12:11 12:11 12:24 13:1 14:7 14:9 15:23 16:4 16:15 21:24 21:25 22:4 24:11 25:6 25:22 26:24 | | **belief**(1) 15:18 | | **centers**(1) 10:13 |
| **accordingly**(4) 18:14 15:20 15:24 27:5 | | | | **believe**(2) 5:11 27:9 | | **cert**(1) 27:23 |
| **account**(1) 16:2 | | | | **believes**(2) 13:15 15:3 | | **certain**(6) 5:23 8:3 8:7 14:15 25:5 27:2 |
| **achieved**(1) 18:9 | | | | **belongs**(3) 21:11 21:12 22:21 | | **certainly**(5) 8:13 8:19 17:23 18:13 24:24 |
| **acquire**(1) 14:12 | | | | **best**(3) 13:19 18:9 | | **certification**(1) 27:15 |
| **acquisition**(2) 15:17 15:20 | | **anyone**(7) 9:16 9:19 16:10 17:21 26:1 26:1 27:10 | | **better**(1) 14:9 | | **certify**(1) 27:16 |
| **acquisitions**(2) 10:1 12:2 | | | | **between**(1) 12:19 | | **cetus**(1) 3:27 |
| **acs**(1) 3:45 | | | | **bianca**(21) 1:37 18:19 18:23 18:24 19:5 19:14 21:21 22:2 22:11 22:24 23:1 23:7 24:1 25:1 25:5 26:7 26:13 26:17 27:5 27:8 27:12 | | **change**(5) 9:10 9:11 15:22 15:24 17:7 26:18 26:21 27:1 |
| **action**(1) 21:21 | | **anything**(1) 5:24 | | | | |
| **actions**(1) 21:3 | | **appearances**(3) 3:24 4:1 4:20 | | | | **changes**(3) 26:11 26:14 26:18 |
| **actively**(1) 13:12 | | **appeared**(1) 26:2 | | | | **chapter**(4) 1:7 19:20 20:4 25:7 |
| **activities**(1) 15:20 | | **appoint**(1) 7:11 | | **bidding**(2) 12:24 13:1 | | **chase**(1) 3:6 |
| **actually**(1) 8:1 | | **appointment**(1) 8:3 | | **birch**(1) 3:45 | | **cherot**(1) 3:45 |
| **addition**(1) 26:17 | | **appreciate**(2) 6:15 6:16 | | **bit**(1) 7:7 | | **chris**(1) 4:26 |
| **additional**(2) 25:10 26:18 | | **approach**(1) 26:8 | | **bitner**(1) 3:45 | | **christopher**(1) 2:5 |
| **address**(6) 5:24 9:12 19:2 21:22 22:1 | | **appropriate**(1) 18:10 | | **blackline**(1) 16:19 | | **circumstances**(2) 8:13 23:14 |
| **adjourn**(1) 19:6 27:2 | | **approval**(1) 16:3 | | **blade**(27) 9:8 10:11 10:11 10:14 10:15 10:18 10:21 11:3 11:3 11:5 11:6 11:12 11:15 11:20 11:25 12:1 12:2 12:7 12:8 12:17 12:19 13:19 14:5 14:11 14:15 14:15 15:5 | | **claim**(34) 19:6 19:14 19:15 19:18 20:5 20:19 20:24 20:25 21:13 21:16 21:24 22:2 22:15 22:17 22:23 23:11 23:12 23:14 24:8 24:11 25:2 25:3 25:6 25:8 25:9 25:10 25:15 25:17 25:20 25:22 25:24 26:4 26:24 |
| **adjourned**(4) 5:8 5:12 19:3 27:13 | | **approve**(4) 9:7 16:16 17:24 18:15 | | | | |
| **adjournment**(1) 26:14 | | **approximately**(4) 9:24 11:14 13:11 14:20 | | | | |
| **administrators**(1) 2:18 | | **archview**(1) 3:34 | | **blade's**(2) 11:16 13:16 | | |
| **admission**(1) 16:11 | | **are**(18) 5:12 6:1 7:21 8:12 12:18 14:6 14:17 16:15 17:9 18:3 18:13 19:19 19:23 21:20 22:1 22:2 25:6 26:19 | | **board**(1) 11:16 | | **claimant**(9) 19:11 19:11 20:3 20:5 23:3 23:4 25:7 25:9 26:23 |
| **admits**(1) 19:22 | | | | **bondholder**(1) 3:4 | | |
| **admitted**(1) 16:12 | | | | **bondholders**(1) 3:37 | | |
| **advisors**(1) 12:22 | | | | **box**(1) 1:30 2:22 | | **claimant's**(2) 19:21 25:16 |
| **aert**(1) 27:23 | | | | **brad**(1) 2:12 | | **claimants**(4) 23:5 23:6 23:7 26:19 |
| **affiliates**(1) 27:3 | | **argument**(2) 21:14 22:8 | | **bradstreet**(3) 25:2 25:3 26:2 | | **claimed**(2) 25:10 25:12 |
| **after**(4) 12:7 14:14 19:11 20:18 | | **aristeia**(1) 4:12 | | **brandywine**(2) 2:20 2:28 | | **claims**(11) 8:9 18:18 19:19 19:22 20:7 20:8 21:14 22:3 23:2 23:6 26:15 27:2 |
| **again**(6) 8:25 9:2 22:9 22:18 23:22 24:4 | | **arm's**(2) 14:14 18:4 | | **brian**(3) 4:9 7:21 8:24 | | |
| **against**(5) 19:19 19:23 20:5 23:13 23:16 | | **armstrong**(1) 4:26 | | **brickley**(2) 3:41 3:42 | | |
| **agenda**(8) 5:7 6:25 7:14 9:5 18:18 18:25 26:20 27:9 | | **around**(2) 22:19 22:20 | | **brief**(1) 7:19 | | **clarify**(1) 15:24 |
| | | **arrangement**(1) 12:24 | | **briefly**(1) 26:14 | | **clarity**(2) 22:16 |
| | | **arsht**(1) 1:25 | | | | **clean**(1) 26:9 |
| **agreed**(4) 19:6 26:21 26:23 27:1 | | **articulate**(1) 21:14 | | **bromley**(10) 1:35 7:12 7:16 7:17 7:18 7:18 7:23 8:1 8:11 8:21 | | **clear**(2) 19:2 24:9 |
| **agreement**(11) 12:25 13:8 13:14 14:17 14:19 14:23 14:24 15:1 15:10 15:10 15:13 | | **ask**(3) 16:8 16:15 20:8 | | | | **clearly**(3) 7:5 18:1 18:2 |
| | | **asked**(1) 8:6 | | | | **cleary**(1) 1:34 7:18 |
| | | **asserts**(1) 25:10 | | **brooklyn**(1) 4:15 | | **client**(1) 20:23 |
| **agreements**(2) 12:18 12:24 | | **asset**(1) 18:7 | | **brought**(4) 21:17 23:12 23:21 26:5 | | **clients**(1) 21:1 |
| **akin**(1) 2:11 | | **assets**(1) 10:22 | | **bryant**(1) 2:14 | | **closely**(1) 10:3 |
| **alberto**(1) 2:41 | | **assume**(2) 6:11 26:11 | | **buchanan**(1) 2:26 | | **closing**(1) 14:12 |
| **alissa**(1) 1:27 | | **attaches**(1) 19:23 | | **building**(2) 2:20 2:28 | | **cno**(1) 5:15 |
| **all**(22) 5:3 6:2 7:13 8:23 9:4 9:19 10:22 11:14 16:20 17:22 19:13 20:9 24:10 25:15 25:21 26:1 26:3 26:20 26:24 27:4 27:10 27:11 | | **attempted**(1) 20:1 | | **business**(7) 9:23 10:4 10:15 10:16 10:16 14:23 18:3 | | **code**(1) 25:14 |
| | | **auction**(2) 14:9 18:5 | | | | **coleman**(1) 2:34 |
| | | **auctioned**(2) 18:7 18:8 | | | | **collusive**(1) 13:1 |
| | | **authority**(1) 15:9 | | | | **combined**(1) 10:20 |
| **allen**(3) 2:33 17:2 24:4 | | **available**(3) 8:20 9:15 13:19 | | **but**(18) 5:7 5:11 6:4 6:14 6:15 6:25 8:7 8:16 9:11 14:25 15:13 18:5 20:2 21:2 22:4 23:19 24:8 25:21 | | **come**(1) 8:7 |
| **allocation**(1) 8:4 | | **avenue**(4) 2:36 2:42 2:50 3:19 | | | | **comment**(1) 24:7 |
| **allow**(1) 25:3 | | **aware**(3) 5:11 11:24 18:5 | | | | **commercially**(1) 18:14 |
| **allowed**(1) 22:5 | | **back**(4) 6:22 7:3 8:22 11:3 | | | | **committee**(1) 2:4 |
| **allstream**(4) 3:17 19:17 19:18 20:12 | | **bait**(1) 21:10 | | **buyers**(6) 11:23 12:3 12:11 12:16 12:25 14:7 | | **companies**(1) 15:17 |
| **allstream's**(1) 20:2 | | **bank**(1) 16:2 | | | | **company**(1) 11:25 |
| **alongside**(1) 11:7 11:24 | | **bankruptcy**(4) 1:1 1:21 9:25 15:6 | | | | **conaway**(1) 2:18 |
| **also**(5) 6:14 11:15 18:14 25:11 25:22 | | **bar**(2) 20:24 21:1 | | **bye**(4) 6:19 6:19 6:20 6:20 | | **concludes**(1) 27:9 |
| **alt**(15) 10:9 10:19 10:23 10:23 11:11 13:8 13:20 13:21 14:13 14:21 15:3 15:24 15:2 16:2 17:12 | | **barclay's**(1) 3:49 | | **cable**(1) 3:45 | | **condition**(1) 14:25 |
| | | **based**(7) 13:15 14:3 17:23 18:12 19:19 23:10 23:20 | | **call**(2) 8:15 9:2 | | **conducted**(1) 13:2 |
| | | | | **called**(2) 10:6 10:15 | | **conducting**(1) 14:8 |
| **although**(1) 22:9 | | | | **can**(6) 5:23 16:21 18:7 18:7 21:15 22:4 | | **confidential**(1) 15:16 |
| **always**(1) 23:16 | | **basis**(3) 11:15 19:19 25:5 | | **can't**(2) 22:4 22:12 | | **confusion**(1) 21:2 |
| **amended**(5) 16:18 25:8 25:9 25:17 25:20 | | **bayard**(1) 2:40 | | **canada**(6) 20:20 22:9 23:11 23:17 23:22 24:12 | | **consequences**(1) 15:19 |
| **americas**(1) 2:36 | | **became**(2) 11:5 13:9 | | | | **consideration**(2) 13:21 13:22 |
| **among**(2) 12:22 14:15 | | | | | | |
| **amount**(4) 12:12 12:13 25:10 25:12 | | | | | | |
| **amphenol**(1) 27:2 | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**constitutes**(1) 13:22
**consummated**(1) 14:6
**contain**(1) 15:15
**continue**(1) 8:5
**continued**(3) 2:2  3:2  4:2
**contract**(3) 25:9  25:11  25:23
**control**(1) 22:9
**copy**(2) 12:6  16:18
**corporate**(1) 9:22
**corporation**(3) 19:6  19:7  27:3
**correct**(2) 26:13  27:16
**counsel**(1) 20:2
**course**(2) 17:13  24:13

**courtroom**(3) 1:11  9:14  9:17
**cravath**(1) 2:47
**creditors**(1) 2:5
**cross-examine**(1) 16:11
**current**(1) 14:5
**curtailment**(1) 13:6
**customer**(1) 12:17

**damages**(2) 25:11  25:24
**daniel**(2) 3:18  20:11
**data**(3) 1:44  10:13  10:24
**date**(3) 20:24  21:1  25:21
**dated**(1) 12:9
**day**(4) 6:18  9:4  24:22  24:24
**days**(1) 12:7
**deal**(5) 7:11  8:3  8:12  8:14  25:20
**dealing**(2) 9:6  13:4
**dealmeida**(23) 9:14  9:22  10:3  10:6  10:11  10:14  10:21  11:2  11:19  11:23  12:5  12:14  12:17  13:9  13:14  13:25  14:3  14:14  14:22  15:2  15:8  15:21  16:11
**dealmeida's**(6) 9:13  9:18  9:24  12:9  12:23  16:9
**dealt**(1) 22:17
**debtor**(6) 4:22  19:20  20:4  20:8  21:9  25:19
**debtors**(40) 1:15  5:7  7:6  7:11  7:19  8:2  8:4  9:7  10:17  10:4  14:17  15:6  15:9  16:4  16:7  17:6  17:9  18:3  18:24  18:25  20:23  21:1  21:10  21:11  21:16  21:23  21:24  22:1  22:19  22:19  23:13  23:19  24:7  24:9  25:7  26:21  26:23  27:1  27:5
**decline**(1) 14:2
**deferred**(1) 14:19
**defined**(1) 14:18
**delaware**(5) 1:2  1:13  2:42  3:19  5:1
**delay**(1) 14:6
**demel**(2) 4:15  5:14
**demonstrated**(1) 14:7
**demonstrating**(2) 13:3  19:24
**deposit**(1) 16:1
**derek**(2) 1:26  5:6
**development**(1) 9:23
**diaz**(1) 1:44
**did**(7) 5:15  6:3  21:1  21:21  22:23  25:19  26:11
**didn't**(1) 5:24
**diluted**(1) 11:15
**direct**(3) 9:16  9:17  11:21
**directors**(1) 11:17

**disallowance**(1) 19:14
**disallowed**(1) 20:8
**disclosure**(1) 15:18
**discussed**(1) 19:10
**discussion**(2) 12:3  12:22
**discussions**(1) 19:11
**disposition**(1) 22:6
**dispute**(3) 20:7  22:2  25:18
**distinct**(1) 20:22
**distribution**(1) 17:11
**district**(1) 1:2
**docket**(1) 5:15
**docketed**(2) 5:23  6:4
**documentation**(2) 19:23  20:18
**documents**(6) 12:21  13:18  15:12  15:14  15:15  18:13
**dodge**(1) 4:4
**does**(5) 9:19  16:10  24:15  25:17  26:1
**doesn't**(1) 20:3
**doing**(2) 22:19  22:20
**domestic**(1) 25:14
**don't**(3) 5:12  22:9  23:19
**dow**(1) 3:41
**down**(1) 21:18
**dun**(3) 25:2  25:3  26:2

**each**(1) 13:2
**earlier**(1) 12:7
**early**(1) 12:2
**easier**(1) 22:14
**easily**(1) 22:24
**ecro**(1) 1:42
**edwards**(1) 4:4
**edwin**(1) 2:19
**effectively**(1) 18:8
**efforts**(5) 10:4  11:19  11:24  12:10  13:16
**eighth**(1) 2:50
**either**(4) 5:8  8:15  21:13  26:2
**electronic**(2) 1:50  27:17
**else**(1) 17:21
**end**(3) 21:12  22:19  22:20
**ends**(1) 15:21
**engaged**(1) 12:2  13:12
**engagement**(1) 15:17
**enter**(4) 15:2  15:14  16:16  27:6
**entered**(1) 13:2
**enterprise**(1) 10:13
**entity**(2) 19:20  20:20
**entry**(3) 14:22  14:25  15:1
**equal**(1) 12:12
**equitable**(1) 18:4
**equity**(3) 10:2  10:20  11:22
**equivalent**(1) 13:22
**ernest**(1) 4:15
**ernst**(3) 2:26  4:25  17:5
**esq**(25) 1:26  1:27  1:35  1:36  1:37  2:5  2:12  2:13  2:19  2:27  2:34  2:35  2:41  2:48  3:5  3:11  3:18  3:38  3:46  4:5  4:9  4:16  4:22  4:25  4:26
**essentially**(1) 26:12
**ethernet**(1) 10:12
**even**(3) 5:13  14:12  23:2
**event**(1) 14:6
**every**(2) 23:3  23:4
**everyone**(1) 5:2
**evidence**(7) 16:9  16:12  17:23  23:10  23:12  23:17  23:20
**exactly**(2) 17:18  23:8
**examined**(1) 11:25
**example**(2) 16:4  23:17
**excuse**(2) 6:9  9:2
**excused**(2) 6:14  24:23
**executed**(1) 12:8
**execution**(1) 14:24
**exercise**(1) 18:2
**expanded**(1) 11:4
**expenses**(1) 16:3

**explain**(2) 20:17  22:24
**exposure**(1) 14:17
**extended**(1) 12:7
**extension**(1) 8:11
**extensive**(2) 12:19  12:21
**fact**(2) 19:24  23:17
**fair**(4) 13:3  13:18  13:22  18:3
**faith**(2) 13:13  18:4
**farr**(2) 4:8  7:20
**favorable**(1) 15:4
**feld**(1) 2:12
**few**(1) 26:18
**file**(5) 5:15  8:2  15:9  20:5  20:25
**filed**(11) 19:7  19:9  19:18  19:22  20:14  22:3  24:11  25:2  25:7  26:22  27:2
**filing**(5) 9:25  15:11  15:13  17:24  18:15
**final**(2) 22:6  25:1
**finally**(1) 15:8
**find**(3) 18:12  23:15  26:5
**fine**(4) 6:2  8:18  9:20  9:20
**finger**(1) 2:4
**firm**(2) 3:17  13:17
**first**(6) 7:6  7:10  11:21  19:3  19:17  26:21
**five**(1) 11:3
**floor**(3) 1:29  2:21  3:13
**following**(1) 9:12
**for**(58) 1:2  1:25  2:4  2:18  2:26  2:40  2:47  3:4  3:17  3:27  3:31  3:34  3:43  3:45  3:49  4:4  4:8  4:12  4:15  4:22  4:25  5:18  6:7  7:5  8:2  9:23  10:7  10:13  10:25  11:22  11:25  12:1  12:13  12:13  14:9  14:8  14:10  14:19  14:25  15:1  15:19  16:2  16:4  16:4  17:10  17:14  18:12  19:23  21:8  22:1  22:7  23:17  25:10  25:12  25:14  25:14
**foregoing**(1) 27:16
**forms**(4) 20:24  21:3  22:22  23:1
**forth**(2) 13:17  25:25
**forward**(1) 26:12
**four**(2) 20:24  19:1
**fourteenth**(2) 18:18  18:25
**free**(1) 22:3
**from**(19) 5:7  7:20  9:2  12:7  12:11  17:2  17:22  20:22  21:2  21:9  21:16  22:16  22:19  22:20  23:23  24:4  25:1  26:19  27:17
**fully**(1) 11:15  19:21
**fund**(1) 4:5
**funding**(1) 11:6
**funds**(1) 17:17
**further**(6) 5:24  14:6  15:23  16:3  16:15  27:10
**future**(2) 15:19  26:25
**gallagher**(1) 4:8
**garnett**(2) 10:17  11:8
**gary**(1) 4:16
**gazze**(1) 1:27
**general**(1) 15:13
**george**(1) 11:16
**get**(5) 6:12  8:1  21:15  22:16  22:23
**ginger**(1) 1:42
**given**(1) 18:10
**goes**(1) 22:21
**going**(9) 5:10  6:25  7:7  7:10  7:12  17:7  21:9  22:21  23:9
**good**(27) 5:2  5:3  5:4  5:5  5:21  5:22  6:18  7:3  7:4  7:16  7:17  7:24  7:25  9:4  13:3  17:17:2  18:4  18:22  18:23  20:10  20:11  21:6  22:25  24:22  24:24  26:10
**gorecki**(1) 19:10
**gottlieb**(3) 1:34  7:5  7:18
**greater**(1) 12:13
**grisanti**(1) 3:31
**gross**(1) 1:20
**grounds**(1) 26:24

**group**(3) 3:4  3:35  3:37
**guarantee**(1) 4:4
**gump**(1) 2:11
**had**(4) 5:22  11:22  23:2  25:8
**hadley**(1) 3:4  3:37
**hamilton**(2) 1:34  7:6
**hand**(2) 16:21  26:8
**handed**(2) 17:7  27:6
**handle**(1) 7:12
**handling**(1) 9:6
**hang**(1) 6:16
**harrisburg**(1) 1:46
**harron**(1) 2:19
**has**(8) 9:23  10:3  15:16  15:23  18:9  22:3  26:1  26:23
**hasn't**(3) 5:15  5:16  6:3
**hauer**(1) 2:11
**have**(21) 7:3  8:22  8:6  8:7  8:7  14:7  15:19  16:18  19:6  20:2  20:5  21:4  21:7  21:10  22:9  24:11  25:23  26:4  26:4  26:21  27:1
**he's**(1) 22:3
**hear**(3) 23:16  23:23  26:3
**heard**(2) 8:6  17:21
**hearing**(7) 8:5  9:20  16:12  19:8  21:25  27:3  27:13
**held**(4) 9:23  11:11  11:12  13:20
**helfrich**(2) 10:17  11:8
**helpful**(1) 8:18
**here**(6) 5:6  7:3  7:4  18:10  18:19  24:12  25:16  26:2
**here's**(1) 23:9
**he's**(1) 5:25
**high**(1) 12:3
**higher**(1) 14:9
**highest**(2) 13:19  18:9
**him**(1) 6:11
**his**(5) 6:12  12:25  13:1  13:15  14:3
**hit**(1) 5:15
**hogan**(22) 3:17  3:18  20:9  20:10  20:11  20:14  20:17  20:22  21:7  21:19  22:7  22:13  22:14  23:16  23:24  23:25  24:15  24:22  24:23  24:25
**hogan's**(1) 21:22
**hold**(2) 22:15  23:19
**holders**(2) 14:16  15:5
**holdings**(2) 11:14  11:20
**hondo**(2) 3:27  3:28
**honestly**(1) 21:8
**honesty**(1) 13:3
**honor**(42) 5:4  5:6  5:7  5:12  5:14  5:21  5:25  6:5  6:21  7:1  7:5  7:15  7:16  7:19  7:24  8:2  8:15  8:21  8:24  9:3  9:5  9:10  9:13  15:21  15:23  16:8  16:14  18:17  18:21  18:23  20:11  20:14  21:8  21:18  22:14  23:24  24:1  24:3  24:21  26:7  27:8
**honorable**(1) 1:20
**hope**(1) 8:13
**horton**(1) 3:45
**how**(1) 23:5
**however**(1) 20:22
**hyacinth**(2) 9:12  9:13
**i'll**(7) 6:21  7:19  9:12  19:2  19:15  23:23  26:13
**i'm**(5) 5:11  8:19  16:24  22:18  24:19
**ibm**(16) 2:47  12:4  12:7  12:9  12:13  12:14  12:22  13:13  13:17  14:8  14:10  14:16  15:1  15:14  15:16  15:19
**ibm's**(1) 14:4
**important**(1) 5:10

| Word | Page:Line |
|------|-----------|

inc(11) 1:9 9:8 9:14 10:9 10:23 11:11 13:8 13:20 14:21 15:3 15:25

included(4) 9:25 11:21 25:19 26:14

including(3) 8:7 10:8 12:3

increase(1) 13:5

indemnification(12) 13:8 13:14 14:16 14:19 14:23 14:24 15:1 15:10 15:13 17:24 18:9 18:12

indemnity(1) 15:4

independent(1) 10:18

indicated(2) 13:6 26:20

indicating(2) 20:24 20:25

indication(5) 12:6 12:8 12:11 13:6 21:9

informal(1) 26:19

information(1) 15:15

ingersoll(1) 2:26

initial(1) 11:25

injected(1) 10:18

insistence(1) 18:11

insure(1) 23:3

intellectual(1) 11:4

interest(5) 12:6 12:9 13:6 14:4 18:7

interested(2) 8:19 12:12

interestingly(1) 25:13

interests(3) 10:5 10:8 18:6

interim(1) 8:14

into(11) 10:18 13:2 14:22 14:25 15:1 15:2 15:14 16:1 16:9 16:12 23:22

investment(1) 8:14

investments(3) 10:2 10:3 11:22

investors(2) 11:5 11:6

invitation(1) 6:15

invoices(2) 25:5 25:19

involved(3) 10:3 12:20 13:10

involving(1) 9:8

issue(1) 21:25

issues(3) 8:4 8:7 8:12

it's(5) 5:3 7:3 7:4 9:11 22:23

item(6) 7:14 9:5 9:6 18:18 18:25 18:25

items(1) 5:11

iterations(1) 12:21

its(13) 11:3 11:3 11:4 11:20 11:24 12:16 15:16 15:17 16:1 19:14 25:8 25:17 25:17 27:3

james(3) 1:35 3:46 7:18

jane(2) 1:36 7:5

jennifer(1) 4:22

job(1) 9:24

joe(1) 4:25

joint(1) 2:18

jones(2) 3:10 3:41

judge(1) 1:21

judgment(1) 18:3

july(2) 11:5 12:9

june(1) 12:5

just(14) 5:22 5:23 5:25 8:15 8:17 17:7 17:10 21:9 22:11 22:15 24:9 25:13 26:11 26:13

justin(1) 2:41

kahn(1) 2:12

ken(1) 2:34

kevin(1) 1:20

kim(31) 1:36 6:22 7:3 7:4 7:5 7:10 7:13 7:15 8:22 8:23 9:4 9:5 9:10 9:19 9:21 9:22 16:6 16:8 16:10 16:14 16:18 16:21 16:22 16:24 17:22 17:25 18:1 18:17 18:20 18:21 18:24

kind(1) 13:1

king(1) 2:17

know(4) 22:6 22:9 23:15 23:22

knowledge(4) 12:10 12:23 13:1 13:2

kraiden(15) 16:24 17:2 17:3 17:7 17:15 17:18 17:20 24:2 24:3 24:3 24:6 24:14 24:17 24:19 24:21

kraidin(1) 2:35

kreller(1) 3:38

largely(1) 21:2

last(3) 11:1 26:8 27:9

late(1) 11:2

later(2) 13:10 25:21

launched(1) 10:14

lawyer(1) 21:20

layer(1) 10:24

layton(1) 2:4

leader(1) 9:22

leading(1) 10:9

least(1) 22:8

legal(1) 4:5

length(3) 13:7 14:14 18:4

lengthy(1) 5:7

let(1) 20:17

level(1) 12:3

liabilities(3) 19:20 19:23 25:6

liability(4) 19:24 19:24 20:7 25:20

liable(1) 22:1

liberty(1) 1:38

license(1) 11:4

life(1) 6:12

like(6) 6:12 8:5 8:17 9:18 24:9 26:8

likely(2) 14:2 21:17

limit(1) 14:17

limited(1) 10:25

lisa(3) 2:35 17:2 24:3

listed(1) 25:6

lister(1) 3:46

little(3) 7:7 11:11 11:13

llp(3) 2:33 2:47 4:8

longer(1) 19:11

looking(2) 21:8 22:7

looks(1) 20:18

mace(1) 1:42

made(2) 11:8 26:17

major(1) 12:16

make(6) 5:23 21:15 21:24 22:4 22:12 24:6

management(2) 10:1 10:12

manaras(1) 19:10

manhattan(1) 3:6

many(1) 23:5

march(1) 11:1

market(5) 1:12 1:28 3:12 11:24 12:10

marketplace(1) 13:10

matter(6) 5:14 5:19 7:6 7:10 8:22 27:18

matters(2) 26:11 27:9

matz(1) 3:5

mauro(1) 3:49

may(7) 11:20 12:4 24:11 24:23 24:24 25:23 26:8

maybe(1) 22:14

mccloy(2) 3:4 3:37

mcmeek(1) 27:22

mean(1) 22:22

means(1) 9:16

meantime(1) 8:17

mediator(2) 7:11 8:3

melnik(1) 4:5

member(1) 11:16

mentioned(2) 15:22 18:24

merger(1) 15:10

mergers(1) 10:1

merits(1) 25:18

michael(1) 3:11

might(1) 8:14

milbank(2) 3:4 3:37

million(5) 10:18 10:19 10:25 11:3 11:12

minority(6) 10:2 10:4 10:7 11:7 11:21

mona(1) 2:27

monitor(2) 2:26 17:6 17:8 24:6

month(1) 13:11

months(1) 12:20

moore(1) 2:47

more(6) 11:11 11:13 12:15 14:10 15:4 22:16

morning(16) 5:2 5:4 5:4 5:5 5:21 5:22 7:16 7:17 7:24 7:25 17:1 17:2 18:22 18:23 20:10 20:11 26:10

morris(1) 1:25

most(1) 5:7

motion(10) 5:14 7:11 8:2 8:5 9:7 9:11 9:15 15:9 16:13 16:16

move(1) 19:15

moving(1) 25:1

mps(1) 20:12

mtf(1) 20:2

mts(3) 3:17 19:17 19:18

much(6) 6:7 6:17 8:25 9:3 17:20 18:2

naturally(1) 21:21

nature(2) 18:10 18:14

need(2) 5:13 23:19

negative(1) 15:19

negotiated(1) 12:1

negotiation(1) 13:10

negotiations(9) 10:8 12:8 12:19 12:20 13:3 13:4 13:4 13:13 14:15

neither(1) 25:16

networks(1) 1:9 9:14

never(1) 12:11

new(5) 1:39 2:15 2:37 2:51 3:7

next(5) 5:14 7:1 8:22 9:5 18:25

nichols(1) 1:25

nni(12) 9:23 10:8 10:18 11:2 11:12 13:7 13:20 13:24 14:12 14:20 15:3 19:19

nnl(2) 19:23 19:23

nno(1) 19:25 20:4 20:5

non-us(1) 20:7

none(1) 9:20

nor(1) 25:16

nortel(19) 1:9 9:14 10:9 10:15 10:22 11:11 11:22 11:22 12:6 13:7 13:9 13:12 13:20 14:15 14:20 15:3 15:25 17:12 25:8

nortel's(6) 9:25 10:7 10:24 11:19 11:24 12:10

nortel-appointed(1) 11:16

north(3) 1:28 2:7 3:12

not(23) 12:23 12:25 14:5 14:9 14:12 15:1 15:14 16:4 18:6 19:16 19:20 20:4 21:9 22:1 22:2 22:17 22:23 25:6 25:18 25:19 26:2

note(2) 17:10 18:5

nothing(1) 27:10

notice(2) 8:6 23:4

notified(1) 23:4

november(2) 19:8 27:3

now(9) 6:21 9:4 9:18 16:23 17:23 19:15 22:15 25:11 27:8

number(7) 7:14 9:6 19:15 25:2 26:17 26:22 26:24

numbers(2) 19:7 19:18

o'connor(4) 4:9 7:20 7:22 7:24 7:25 8:1 8:24 8:25 9:1 9:3

object(4) 9:19 16:11 25:21 26:24

objected(2) 19:18 25:2

objection(16) 18:18 19:1 19:2 19:6 19:10 19:12 19:21 20:15 23:14 23:21 25:18 25:25 26:4 26:5 26:22 27:2

objections(2) 8:16 25:23

obligations(4) 13:7 13:13 15:5 25:15

obtain(1) 15:4

obviously(3) 6:25 21:24 24:7

october(3) 1:15 5:1 27:21

off(2) 6:25 8:2

offer(2) 13:19 14:10

offered(2) 12:13 14:8

offering(1) 12:1

offers(1) 12:1

official(1) 2:4

okay(5) 5:20 7:13 7:23 21:6

olivia(1) 3:49

omnibus(2) 18:18 19:1

one(12) 1:38 2:6 2:14 3:6 9:10 9:11 13:11 15:22 15:24 15:25 16:12 26:3

only(6) 5:18 6:6 16:2 18:17 21:25 25:17

operating(1) 16:3

operations(1) 11:25 14:4

opposes(1) 19:12

options(2) 11:25 14:4

order(17) 5:16 5:23 6:3 7:7 8:16 9:11 9:12 15:22 16:16 16:17 17:22 18:15 19:2 26:9 26:18 27:6

original(1) 13:5

other(10) 8:12 12:15 12:24 12:24 13:23 14:4 14:7 14:15 15:5 16:4

others(1) 24:11

otherwise(1) 5:12

our(10) 8:13 19:6 19:10 19:11 19:12 19:21 20:19 21:2 21:25 25:18

out(9) 7:7 10:17 17:10 19:2 19:2 20:15 21:13 22:20 23:2

outstanding(2) 11:14 14:11

over(8) 6:22 8:5 8:17 12:20 13:16 14:2 22:9 23:4

oversees(1) 10:7

oversight(1) 9:25

overy(3) 2:33 17:3 24:4

own(2) 14:10 16:2

p.a(1) 2:40

p.o(2) 3:20 2:22

pachulski(1) 3:10

palmer(1) 2:27

parikh(1) 2:27

park(1) 2:14

part(5) 11:6 12:16 15:9 18:11 21:2

participation(1) 8:8

particularly(3) 13:13 14:10 18:10

parties(8) 5:9 8:19 12:22 12:25 13:2

partnerships(1) 10:2

party(2) 12:23 23:18

pasquariello(1) 4:25

past(1) 13:16

paul(1) 2:48

pay(2) 12:15 14:8

paying(1) 12:12

payment(1) 14:19

peg(2) 3:41 3:42

pennsylvania(1) 1:46

pension(4) 2:40 4:4 4:8 8:9

people(1) 7:8

per(1) 11:7

percent(4) 10:20 11:14 14:11 14:20

perhaps(1) 22:7

period(1) 14:18

person(1) 26:3

phone(7) 5:18 6:6 6:14 6:16 7:8 7:20 8:2

place(1) 12:6

plan(2) 2:40 4:8

plaza(3) 1:38 2:49 3:6

please(2) 5:3 16:22

pleased(1) 17:9

plus(1) 25:10

podium(1) 6:22

point(4) 8:4 13:12 24:8 25:17

| Word Page:Line | Word Page:Line | Word Page:Line | Word Page:Line |
|---|---|---|---|
| **portfolio**(1) 10:25 | **reduced**(1) 25:24 | **seller**(1) 10:23 | **sure**(4) 5:11 7:9 21:15 24:19 |
| **portion**(3) 14:18 16:1 25:12 | **redundant**(1) 25:22 | **selling**(2) 15:5 15:25 | **sustain**(1) 23:14 |
| **portions**(1) 10:24 | **regarding**(2) 15:4 19:5 | **sen**(2) 3:27 3:28 | **sustained**(2) 23:21 26:6 |
| **position**(5) 9:23 12:15 12:16 21:20 23:15 | **regular**(1) 15:17 | **sending**(1) 21:3 | **swaine**(1) 2:47 |
| **positions**(1) 10:24 | **reinvestment**(1) 11:8 | **sensitive**(1) 18:14 | **switch**(1) 21:10 |
| **potential**(7) 12:11 12:15 12:25 13:25 14:4 14:7 23:4 | **rejected**(1) 25:9 | **sent**(4) 11:22 20:23 22:22 23:1 | **switches**(2) 10:12 10:16 |
| | **rejection**(2) 25:11 25:23 | **separate**(2) 16:1 20:22 | **systems**(16) 3:45 10:9 10:19 10:23 10:23 11:11 13:8 13:20 13:21 14:13 14:21 15:3 15:24 15:25 16:2 17:12 |
| **ppearances**(3) 1:23 2:1 3:1 | **relate**(3) 20:7 25:19 26:11 | **separation**(1) 17:16 | |
| **pre**(1) 20:23 | **relates**(1) 20:19 | **september**(1) 10:10 | |
| **pre-printed**(2) 20:23 22:22 | **relating**(2) 8:9 13:13 | **series**(1) 11:6 | **take**(1) 17:22 |
| **preclude**(1) 22:18 | **remain**(2) 14:2 15:16 | **server**(1) 10:15 | **taking**(1) 20:18 |
| **preferred**(3) 10:20 11:12 11:13 | **remaining**(1) 10:22 18:17 | **service**(2) 1:44 1:51 | **talk**(3) 5:13 8:15 8:19 |
| **prepared**(2) 17:23 18:12 | **repeated**(1) 12:21 | **services**(3) 1:44 4:15 21:14 | **taylor**(1) 2:18 |
| **present**(1) 18:19 | **repeatedly**(1) 19:22 | **set**(3) 7:1 13:17 25:25 | **technologies**(1) 9:8 |
| **presented**(2) 17:23 23:17 | **represent**(3) 10:22 11:14 21:23 | **seven**(2) 10:24 11:12 | **telephone**(1) 26:3 |
| **presumably**(1) 20:19 | **representation**(3) 21:16 22:8 22:12 | **several**(3) 12:3 12:20 15:5 | **telephonic**(3) 3:24 4:1 4:20 |
| **previously**(1) 10:23 | **representations**(2) 21:24 22:5 | **share**(1) 11:7 | **tens**(2) 23:6 23:7 |
| **price**(5) 8:4 11:8 13:6 14:8 18:9 | **represents**(2) 13:19 14:20 | **shareholders**(1) 13:23 | **testify**(21) 9:15 10:6 10:6 10:11 10:14 10:21 11:2 11:15 12:1 12:2 12:14 12:17 13:9 13:14 13:25 14:3 14:14 14:22 15:2 15:8 15:11 |
| **printed**(1) 20:24 | **request**(4) 16:15 21:22 25:24 27:5 | **shares**(19) 10:21 11:3 11:12 11:13 11:15 11:21 11:24 12:10 12:13 12:15 13:20 14: 14:2 14:5 14:8 14:10 14:11 14:11 14:13 | |
| **prior**(5) 9:25 13:11 25:10 25:12 25:15 | **requested**(1) 15:16 | | **testimony**(4) 9:13 9:16 9:17 9:18 |
| **priority**(2) 25:12 25:14 | **requests**(3) 9:17 25:11 26:19 | **she'll**(2) 6:24 7:1 | **text**(1) 15:10 |
| **private**(1) 20:19 | **required**(1) 15:12 | **short**(1) 8:6 | |
| **probably**(1) 18:6 | **reserve**(3) 17:11 24:10 26:23 | **should**(3) 20:25 23:11 23:21 | **than**(6) 11:11 11:13 12:13 12:15 14:11 |
| **problems**(1) 23:22 | **resolve**(3) 8:16 20:1 22:15 | **sign**(2) 6:3 18:15 | **thank**(43) 5:2 6:5 6:7 6:16 6:18 6:19 6:21 7:1 7:2 7:2 7:4 7:13 7:23 8:21 8:24 8:25 9:3 16:10 16:22 17:19 17:21 17:25 18:1 18:1 18:2 18:17 18:20 18:21 21:18 21:19 21:19 23:24 23:25 24:1 24:14 24:20 24:21 24:22 26:7 26:10 27:8 27:11 27:12 |
| **proceed**(4) 9:16 9:21 20:6 23:11 | **resolved**(4) 5:12 19:3 19:16 | **significant**(1) 13:5 | |
| **proceeding**(4) 20:20 21:17 22:16 24:8 | **respect**(8) 8:8 9:15 10:11 17:6 17:11 17:12 19:9 24:11 | **signing**(4) 10:9 11:10 11:17 13:11 | |
| **proceedings**(8) 1:19 1:50 15:7 20:6 22:3 22:4 24:10 27:18 | | **similar**(1) 12:24 | |
| | **response**(10) 19:5 19:9 19:17 19:21 20:1 20:3 20:14 25:1 25:7 25:16 | **simply**(2) 20:3 25:7 | |
| **proceeds**(4) 14:1 14:21 16:1 17:12 | | **since**(1) 14:10 | |
| **process**(4) 10:7 13:11 13:15 23:2 | **responses**(4) 19:1 19:3 19:16 26:8 | **sir**(3) 6:18 20:13 26:10 | |
| **produced**(1) 1:51 | **responsibilities**(1) 9:24 | **size**(1) 13:7 | **thanks**(1) 17:20 |
| **product**(1) 13:1 | **rest**(2) 6:12 6:24 | **sold**(2) 10:25 11:3 | **that**(132) 5:18 5:23 5:24 6:5 6:11 7:6 7:10 8:6 8:7 8:11 8:14 8:20 8:22 9:6 9:23 10:7 10:11 10:14 10:16 10:21 11:2 11:19 11:22 11:23 11:24 12:1 12:5 12:7 12:11 12:14 12:17 13:9 13:12 13:13 13:17 13:20 13:23 13:25 14:1 14:3 14:14 14:14 15:2 15:3 15:8 15:11 15:16 15:18 15:21 15:24 16:2 16:8 16:16 16:18 16:23 16:24 17:7 17:8 17:9 17:10 17:12 17:22 18:5 18:6 18:7 18:7 18:8 18:9 18:13 19:3 19:16 19:19 19:20 19:22 19:22 19:24 20:4 20:5 20:7 20:8 20:17 20:18 20:19 20:20 20:24 20:25 20:25 21:3 21:9 21:11 21:12 21:15 21:15 21:16 21:23 21:23 22:2 22:8 22:9 22:12 22:20 22:24 23:1 23:3 23:11 23:12 23:15 23:17 23:18 23:19 24:9 24:11 24:15 25:5 25:8 25:17 25:18 25:19 25:23 24:6 26:5 26:11 26:19 26:21 26:23 27:1 27:6 27:9 27:11 27:16 |
| **proffer**(6) 9:13 9:18 9:20 15:21 16:9 16:1 | **resulted**(1) 13:5 | **solutions**(1) 10:13 | |
| **promptly**(1) 6:4 | **resulted**(3) 10:19 14:18 21:14 | **some**(9) 5:10 6:25 8:12 20:18 21:2 21:9 22:16 25:18 26:18 | |
| **proper**(1) 18:3 | **retained**(3) 10:19 14:18 21:14 | | |
| **properly**(2) 23:21 26:5 | **review**(1) 18:13 | **something**(2) 5:8 16:25 | |
| **property**(1) 11:4 | **reviewed**(2) 26:4 26:4 | **sorry**(1) 16:24 | |
| **proposed**(12) 6:3 10:10 11:10 11:17 12:18 13:10 13:17 13:24 14:5 14:25 15:14 17:6 | **revised**(3) 16:17 18:16 26:9 | **sound**(3) 1:50 14:23 27:17 | |
| | **richards**(1) 2:4 | **south**(1) 4:15 | |
| **prospective**(1) 11:23 | **right**(18) 5:17 6:2 7:13 8:23 9:4 9:19 16:20 17:22 19:13 20:9 20:21 22:13 22:15 26:1 26:3 26:23 27:4 27:10 | | **that's**(8) 5:17 7:14 8:18 9:20 9:20 22:11 24:16 26:7 |
| **protect**(1) 23:16 | | **specifically**(1) 22:18 | |
| **provided**(1) 14:19 | **rightful**(1) 23:18 | **spun**(1) 10:16 | |
| **provides**(1) 10:12 | **rightfully**(2) 21:16 23:12 | **square**(1) 2:6 | |
| **providing**(1) 25:14 | **rights**(2) 17:11 24:10 | **stake**(1) 10:20 | |
| **provisions**(1) 14:16 | **robinson**(1) 4:12 | **stakes**(1) 11:7 | |
| **public**(1) 12:1 | **rodney**(1) 2:6 | **stam**(1) 4:22 | |
| **purchase**(2) 8:3 13:5 | **rooney**(1) 2:26 | **stand**(2) 21:18 27:11 | |
| **purchaser**(1) 18:11 | **rosen**(1) 3:34 | **stands**(1) 14:10 | |
| **purchaser's**(1) 14:4 | **round**(1) 11:6 | **stang**(1) 3:10 | |
| **purchasing**(1) 11:7 | **run**(2) 6:24 23:22 | **stargatt**(1) 2:18 | |
| **purposes**(1) 14:24 | **sale**(10) 10:7 11:22 11:25 12:21 14:1 14:21 15:9 16:1 17:24 18:6 | **start**(1) 7:1 | |
| **pursue**(1) 22:4 | | **startups**(1) 10:2 | |
| **put**(2) 8:17 17:8 | **salvatore**(1) 1:37 18:23 | **states**(4) 1:1 1:21 23:13 23:18 | |
| | **same**(3) 11:8 13:23 22:7 | **stating**(1) 25:8 | |
| **question**(3) 22:21 22:23 23:11 | **samis**(1) 2:5 | **status**(2) 15:6 24:7 | |
| **questions**(4) 6:1 8:8 15:23 16:15 | **sarah**(1) 2:13 | **stay**(1) 6:13 | |
| **quite**(1) 17:9 | **satisfied**(1) 18:8 | **steen**(1) 1:34 | |
| | **say**(3) 16:25 21:10 21:11 | **stein**(1) 7:5 | |
| **radware**(1) 10:25 | **saying**(1) 22:20 | **stems**(1) 21:2 | |
| **raise**(1) 25:22 | **schedule**(1) 11:21 | **stephanie**(1) 27:22 | |
| **realize**(1) 8:6 | **schultz**(1) 2:13 | **stephen**(1) 3:31 | |
| **realized**(1) 14:1 | **schuylkill**(1) 1:45 | **steven**(2) 4:12 4:16 | |
| **really**(2) 5:13 22:21 | **scope**(1) 11:4 | **stone**(11) 4:16 5:18 6:20 5:21 5:25 6:6 6:7 6:8 6:13 6:15 6:19 | |
| **reason**(1) 17:14 | **seal**(5) 15:11 15:12 15:14 17:24 18:15 | | |
| **reasonable**(3) 13:18 14:17 15:18 | **seated**(1) 5:3 | | |
| **reasonably**(1) 13:22 | **second**(1) 27:1 | **strategic**(3) 11:5 12:3 12:16 | |
| **receive**(1) 16:3 | **section**(2) 25:13 25:13 | **strauss**(1) 2:11 | |
| **received**(8) 10:19 12:6 12:7 13:21 13:23 19:1 23:3 26:19 | **security**(2) 14:15 15:5 | **street**(7) 1:12 1:28 1:45 2:7 2:21 2:29 2:43 | |
| | **see**(1) 5:3 | **stuff**(1) 5:10 | |
| **recently**(1) 25:8 | **seek**(1) 15:9 | **submitted**(2) 21:4 21:7 | |
| **recess**(1) 27:11 | **seems**(2) 5:8 16:24 | **submitting**(1) 8:16 | |
| **reconciliation**(1) 23:2 | **seidl**(1) 3:11 | **subsequent**(1) 12:8 | |
| **record**(4) 7:5 17:8 17:10 24:9 | **selinda**(1) 4:5 | **substantially**(1) 10:22 | |
| **recorded**(1) 1:50 | **sell**(2) 10:4 11:20 | **suite**(2) 2:29 2:43 | |
| **recording**(2) 1:50 27:17 | | **support**(3) 16:13 20:19 25:14 | |
| **redline**(1) 26:9 | | **supported**(1) 14:23 | |
| **reduce**(1) 25:3 | | **supports**(1) 19:21 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **the**(301) | 1:1 1:2 1:20 2:4 2:20 2:28 2:36 3:17 4:4 4:22 5:2 5:5 5:7 5:9 5:11 5:14 5:14 5:15 5:17 5:18 5:20 5:22 5:23 6:2 6:3 6:6 6:6 6:8 6:9 6:10 6:12 6:13 6:13 6:15 6:16 6:18 6:20 6:22 6:23 6:24 6:24 7:1 7:2 7:5 7:6 7:6 7:8 7:9 7:10 7:11 7:13 7:14 7:17 7:19 7:20 7:20 7:25 8:2 8:2 8:3 8:4 8:5 8:5 8:8 8:8 8:9 8:10 8:14 8:16 8:16 8:17 8:18 8:19 8:22 8:23 9:1 9:2 9:4 9:5 9:7 9:7 9:7 9:7 9:9 9:10 9:12 9:14 9:15 9:17 9:17 9:19 9:22 10:1 10:3 10:7 10:7 10:8 10:9 10:9 10:15 10:20 10:21 10:22 11:4 11:8 11:10 11:10 11:10 11:11 11:17 11:17 11:25 12:10 12:13 12:15 12:17 12:18 12:18 12:19 12:21 12:22 12:25 13:2 13:4 13:5 13:6 13:7 13:7 13:8 13:10 13:10 13:11 13:11 13:12 13:13 13:14 13:16 13:16 13:17 13:18 13:19 13:19 13:20 13:23 13:24 13:25 14:1 14:2 14:4 14:5 14:6 14:8 14:8 14:10 14:11 14:12 14:12 14:16 14:16 14:17 14:18 14:18 14:19 14:20 14:22 14:24 14:25 15:1 15:1 15:2 15:9 15:9 15:9 15:11 15:11 15:12 15:12 15:13 15:14 15:15 15:18 15:21 15:22 15:24 15:25 16:1 16:5 16:7 16:10 16:11 16:11 16:16 16:16 16:17 16:20 16:22 17:1 17:4 17:5 17:6 17:6 17:7 17:8 17:8 17:8 17:9 17:10 17:11 17:13 17:13 17:14 17:16 17:19 17:21 17:23 17:24 17:24 18:1 18:2 18:3 18:5 18:6 18:6 18:7 18:8 18:8 18:10 18:10 18:11 18:11 18:11 18:13 18:15 18:17 18:18 18:18 18:20 18:22 18:24 18:24 18:25 18:25 19:1 19:2 19:4 19:5 19:7 19:9 19:10 19:11 19:13 19:14 19:15 19:17 19:17 19:19 19:19 19:20 19:21 19:22 19:24 19:24 20:3 20:3 20:4 20:5 20:6 20:7 20:8 20:9 20:13 20:16 20:18 20:20 20:21 20:24 21:1 21:2 21:3 21:4 21:6 21:9 21:10 21:11 21:11 21:12 21:15 21:16 21:17 21:19 21:21 21:23 21:25 22:1 22:1 22:3 22:7 22:8 22:13 | **think**(9) | 5:19 6:5 7:20 8:11 8:21 20:9 23:10 23:19 23:20 | **was**(16) | 5:24 6:2 6:6 6:6 10:14 10:16 10:23 10:25 11:15 12:11 12:23 13:12 18:5 23:18 25:15 27:13 | **you're**(5) | 6:13 6:14 9:1 9:2 23:15 |
| | | **this**(31) | 8:4 8:5 8:6 8:14 8:24 9:15 10:10 11:20 12:6 13:15 15:18 16:4 16:8 16:14 16:16 17:9 17:22 20:1 20:14 20:19 21:7 21:14 21:16 21:23 21:25 22:15 24:8 24:11 25:22 | | | **young**(4) | 2:18 2:26 4:25 17:5 |
| | | | | **watching**(1) | 24:18 | **your**(44) | 5:4 5:6 5:7 5:12 5:14 5:21 5:25 6:5 6:21 7:1 7:4 7:15 7:16 7:19 7:24 8:2 8:15 8:21 8:24 9:3 9:5 9:10 9:13 15:21 15:23 16:8 16:15 16:14 16:21 18:17 18:21 18:23 20:11 20:14 21:8 21:20 21:20 22:14 23:24 24:1 24:3 24:21 26:7 27:8 |
| | | | | **way**(2) | 9:20 22:14 | | |
| | | | | **we'll**(3) | 25:20 25:21 25:22 | **yourself**(2) | 9:2 23:15 |
| **thomas**(3) | 3:5 3:38 | | | **we're**(6) | 7:7 7:10 8:14 21:8 21:9 23:9 | **ziehl**(1) | 3:10 |
| **those**(3) | 17:16 21:3 22:4 | | | **we've**(4) | 19:3 19:6 19:10 20:1 | **zumbro**(1) | 2:48 |
| **thousands**(2) | 23:6 23:7 | | | **welcome**(1) | 5:13 6:14 7:3 9:1 9:2 | | |
| **three**(1) | 11:5 | | | **well**(9) | 6:2 18:5 19:4 21:17 22:13 23:9 24:12 24:25 27:11 | | |
| **through**(5) | 5:11 6:24 14:1 15:24 26:13 | | | | | | |
| **throughout**(2) | 12:10 13:4 | | | **were**(10) | 11:21 14:12 15:3 20:25 22:22 23:17 23:17 23:18 25:19 | | |
| **thursday**(1) | 5:1 | | | | | | |
| **time**(7) | 8:12 11:10 11:17 14:2 14:18 16:8 16:14 | | | **west**(2) | 2:21 2:29 | | |
| | | | | **what**(3) | 21:8 22:6 23:9 | | |
| **today**(4) | 23:10 23:20 26:2 26:12 | | | **when**(1) | 11:20 | | |
| **together**(1) | 11:13 | | | **where**(2) | 10:17 21:10 | | |
| **took**(2) | 12:20 21:21 | | | **whereas**(1) | 25:15 | | |
| **total**(1) | 10:19 | | | **whereupon**(1) | 27:13 | | |
| **trade**(1) | 6:25 | | | **whether**(3) | 22:1 22:5 22:17 | | |
| **transaction**(21) | 9:7 10:10 10:17 11:11 11:18 12:18 13:10 13:12 13:17 13:18 13:24 14:5 14:12 14:25 15:2 15:11 15:15 15:15 15:19 18:4 18:11 | | | **which**(15) | 7:11 9:7 9:11 9:12 10:25 14:20 15:23 15:25 16:21 18:19 19:2 19:15 21:1 25:18 25:21 | | |
| | | | | **who**(1) | 14:7 | | |
| **transcript**(3) | 1:19 1:50 27:17 | | | **who's**(1) | 6:22 | | |
| **transcription**(2) | 1:44 1:51 | | | **why**(4) | 20:17 22:22 22:23 24:16 | | |
| **treatment**(2) | 25:12 25:14 | | | **will**(17) | 6:4 6:15 8:22 9:6 16:1 16:2 17:16 17:22 18:14 18:15 22:6 23:14 23:24 24:18 26:5 27:7 27:11 | | |
| **tricadia**(1) | 3:31 | | | | | | |
| **trying**(2) | 22:18 23:15 | | | **willing**(1) | 20:2 | | |
| **tunnell**(1) | 1:25 | | | **willingness**(1) | 14:7 | | |
| **turn**(1) | 6:21 | | | **willkie**(2) | 4:8 7:20 | | |
| **turns**(1) | 22:20 | | | **wilmington**(9) | 1:13 1:31 2:8 2:23 2:30 2:44 3:14 3:20 5:1 | | |
| **tweed**(2) | 3:4 3:37 | | | **wish**(2) | 16:10 17:21 | | |
| **two**(3) | 12:7 13:17 19:15 | | | **wishes**(1) | 9:16 | | |
| **type**(2) | 18:6 18:7 | | | **with**(32) | 6:3 6:12 7:11 8:3 8:8 8:12 8:14 8:19 8:19 9:6 9:15 10:2 10:3 10:11 11:4 12:3 12:9 12:24 13:17 17:6 17:11 17:12 19:9 19:10 20:1 20:2 21:12 22:17 24:10 25:9 25:20 27:11 | | |
| **ultimate**(1) | 17:11 | | | | | | |
| **uncontested**(1) | 9:11 | | | **withdraw**(2) | 20:3 26:22 | | |
| **under**(9) | 13:8 13:13 15:11 15:12 15:14 17:24 18:15 23:13 25:13 | | | **won't**(1) | 22:8 | | |
| | | | | **worked**(1) | 17:10 | | |
| **underlying**(1) | 12:18 | | | **worldwide**(1) | 2:49 | | |
| **understand**(5) | 5:15 20:4 20:18 21:20 24:1 | | | **would**(41) | 6:11 6:12 8:4 8:13 8:17 8:18 9:17 10:6 10:11 10:14 10:21 11:2 11:19 11:23 12:5 12:12 12:14 12:17 13:9 13:14 13:25 14:3 14:5 14:9 14:14 14:22 15:1 15:2 15:8 15:11 15:14 15:19 16:8 16:14 16:15 20:5 21:17 21:23 23:16 24:8 26:8 | | |
| **understanding**(2) | 13:15 14:3 | | | | | | |
| **understands**(1) | 21:15 | | | | | | |
| **understood**(1) | 17:13 | | | | | | |
| **undertook**(1) | 21:3 | | | | | | |
| **unfortunately**(1) | 22:11 | | | | | | |
| **unit**(1) | 26:14 | | | | | | |
| **unisys**(3) | 19:5 19:7 26:15 | | | **year**(4) | 10:10 11:1 11:20 12:6 | | |
| **unit**(3) | 10:15 10:16 10:16 | | | **years**(2) | 9:24 13:17 | | |
| **united**(4) | 1:1 1:21 23:13 23:18 | | | **yes**(24) | 5:9 5:21 6:10 6:23 7:15 7:22 8:10 9:9 16:5 16:7 17:4 17:15 20:13 20:16 21:22 22:13 23:9 24:2 24:5 24:17 24:19 25:4 26:10 26:16 | | |
| **units**(1) | 10:4 | | | | | | |
| **unless**(4) | 9:15 15:23 16:3 16:15 | | | | | | |
| **unsecured**(2) | 2:5 25:15 | | | | | | |
| **unsold**(1) | 14:2 | | | | | | |
| **until**(1) | 22:16 | | | **yet**(2) | 5:16 6:4 | | |
| **upon**(4) | 14:11 18:12 23:10 23:20 | | | **yield**(1) | 14:9 | | |
| **used**(1) | 16:2 | | | **york**(5) | 1:39 2:15 2:37 2:51 3:7 | | |
| **valid**(1) | 25:6 | | | **you**(64) | 5:23 5:24 6:5 6:7 6:16 6:18 6:19 6:21 7:1 7:2 7:2 7:3 7:4 7:13 7:21 7:23 8:15 8:21 8:24 8:25 9:3 16:9 16:10 16:22 17:16 17:19 17:21 17:22 17:25 18:1 18:2 18:2 18:17 18:20 18:21 21:18 21:19 21:19 21:20 21:21 21:21 22:5 22:9 23:15 23:16 23:22 23:23 23:24 23:24 23:25 24:1 24:14 24:20 24:21 24:22 24:24 24:24 24:25 26:7 26:10 27:8 27:11 27:12 | | |
| **value**(1) | 13:22 | | | | | | |
| **various**(1) | 8:8 | | | | | | |
| **venture**(1) | 10:1 | | | | | | |
| **version**(1) | 26:9 | | | | | | |
| **very**(8) | 6:7 6:16 7:19 8:25 9:1 9:3 17:20 19:4 | | | | | | |
| **virtualization**(1) | 10:12 | | | | | | |
| **vito**(1) | 11:16 | | | | | | |
| **walk**(1) | 26:13 | | | | | | |
| **want**(2) | 5:24 6:16 | | | | | | |
| **wanted**(3) | 5:23 17:8 17:10 | | | | | | |
| **wants**(1) | 16:25 | | | | | | |
| **warranted**(1) | 8:12 | | | **you'll**(1) | 16:22 | | |

Additional left-column entries:

**the**(103) 22:16 22:17 22:18 22:19 22:21 22:21 22:22 22:25 23:1 23:1 23:5 23:9 23:10 23:11 23:12 23:13 23:13 23:14 23:14 23:15 23:16 23:18 23:18 23:18 23:20 23:20 23:25 24:2 24:5 24:6 24:6 24:7 24:8 24:8 24:9 24:9 24:10 24:13 24:15 24:18 24:20 24:22 24:24 24:25 25:4 25:5 25:6 25:6 25:7 25:9 25:9 25:10 25:12 25:13 25:13 25:15 25:16 25:18 25:19 25:20 25:21 25:23 25:24 25:25 26:1 26:3 26:4 26:4 26:5 26:7 26:8 26:10 26:11 26:11 26:14 26:14 26:14 26:16 26:18 26:20 26:21 26:21 26:23 26:23 26:24 27:1 27:1 27:3 27:4 27:5 27:6 27:6 27:7 27:9 27:9 27:10 27:13 27:16 27:17 27:17 27:18

**their**(12) 10:4 11:20 12:22 15:4 15:6 17:11 20:1 22:6 24:10 26:22 26:23 27:2

**them**(2) 22:4 22:23
**then**(3) 9:21 21:17 23:22
**there**(14) 5:23 6:1 8:7 9:10 11:15 12:11 14:6 15:22 16:15 18:5 22:8 22:18 23:5 25:16
**there's**(9) 5:7 5:10 6:25 9:11 20:6 21:1 22:2 23:10 23:11

**therefore**(1) 14:9
**these**(13) 8:12 8:13 11:13 12:13 13:2 13:4 15:6 15:13 20:8 20:23 21:4 22:22 26:19

**they**(9) 12:12 14:17 17:10 18:13 20:2 20:25 20:25 21:7 22:2
**they'll**(1) 22:5
**they've**(1) 21:14
**thing**(1) 6:6