# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NORTEL NETWORKS, INC., *et. al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>(Jointly Administered)<br><br>Hearing Date: September 30, 2010, at 10:00 a.m.<br>Objection Date: September 23, 2010, at 4:00 p.m.<br><br>Re: D.I. 4007 |

## DECLARATION OF MARGARET BOON IN SUPPORT OF THE RESPONSE OF THE COCA COLA COMPANY TO DEBTORS' THIRTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND DEL. L.R. 3007-1 (NO LIABILITY CLAIMS, REDUCE AND ALLOW CLAIM, AND REDUNDANT BOND CLAIMS)

I, MARGARET BOON, hereby declare as follows:

1.  I am the Global Hospitality Communications Manager at the Coca Cola Company, Inc. ("Coke"). I submit this declaration in support of the *Response of the Coca Cola Company to Debtors' Thirteenth Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce And Allow Claim, And Redundant Bond Claims)* [D.I. 4007] (the "Response"). Except as otherwise indicated, I have personal knowledge of the facts set forth herein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

2. On August 1, 2008, Dave Johnson, GM of Olympic Programs for Nortel signed a Package Commitment Form whereby Nortel agreed to purchase five (5) Guest VIP Packages (collectively, the "VIP Packages") from Coke for $90,000. I was the person at Coke responsible for initiating the charge for the VIP Packages.

3. The VIP Packages were provided in connection with the 2008 Summer Olympics in Beijing, China. The goods and services provided pursuant to the VIP Packages were provided between August 12, 2008 and August 16, 2008 and included, among other things, hotel accommodations, all food and beverage items, tickets to Olympic events and ground transportation.

4. All the negotiations related to Nortel's purchase of the VIP Packages took place within the United States and I believed at that time and continue to believe that the transaction was between Coke and Nortel Networks, Inc. ("NNI"). I was never told or led to believe that the VIP Packages were being purchased for, or on behalf of, a non-U.S. entity. Indeed, the Package Commitment Form that was signed by Mr. Johnson only indicated that he was signing on behalf of "Nortel."

5. Upon receipt of the executed Package Commitment Letter, I oversaw the creation of the Miscellaneous AR Transactions Pre-Approval Form, which was placed into Coke's files and reflects Coke's understanding that it was dealing with the U.S. Debtor, NNI."

6. On September 15, 2008, after the goods and services had already been consumed, Nortel sent a purchase order (the "PO") to Coke indicating that the charges should be billed to Nortel Networks, Limited ("NNL") at an address in Nashville, Tennessee (the "Billing

Address"). Although the shipping address contained a Vancouver, British Columbia, Canada address, at no point was I informed that NNL was not a United States entity.

7. On or about November 21, 2008, Coke sent an invoice to NNI at the Billing Address. Once again, I was never contacted regarding the Debtors assertion that NNL was the Nortel entity responsible for payment for the VIP Packages instead of NNI.

8. In fact, I was not made aware that NNL was the Nortel entity allegedly responsible for the payment for the VIP Packages until the Debtors filed their Thirteenth Omnibus Claim Objection (the "Objection") on August 31, 2010.

9. I am informed by counsel that NNL is a bankrupt entity currently under the protection of the Canadian bankruptcy laws. I am also informed that the time in which Coke was required to file a proof of claim against NNL expired on September 30, 2009, over one full year ago.

10. Prior to the filing of the Objection I had no knowledge of Nortel's assertion that NNL was the responsible entity, nor was I aware that NNL was an entity organized in Canada. Further, I also had no knowledge of NNL's bankruptcy proceeding and I never received any notice from NNL nor the Canadian bankruptcy court notifying me of my need to file a proof of claim against NNL. I did receive, however, a bar date notice and blank proof of claim form from the U.S. Debtors relating to the filing of a proof of claim in the U.S. Bankruptcy cases.

11. The foregoing facts are true and correct to the best of my knowledge, information, and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 22, 2010

*Margaret Boon*
Margaret Boon