IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re*                                                        :    Chapter 11
                                                               :
Nortel Networks Inc., *et al.*,[1]                             :    Case No. 09-10138 (KG)
                                                               :
                                    Debtors.                   :    Jointly Administered
                                                               :
---------------------------------------------------------X    Objections Due: November 12, 2010 at 4:00 p.m. (ET)

**TWENTY-FIRST INTERIM APPLICATION OF MORRIS, NICHOLS, ARSHT &
TUNNELL LLP, AS DELAWARE AND GENERAL BANKRUPTCY COUNSEL
TO DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF
INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF
ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR
THE PERIOD SEPTEMBER 1, 2010 THROUGH SEPTEMBER 30, 2010**

| | |
|---|---|
| Name of Applicant: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | February 4, 2009 nunc pro tunc to January 14, 2008 |
| Period for which Compensation and reimbursement is sought: | September 1, 2010 Through September 30, 2010 |
| Amount of compensation sought as actual, reasonable and necessary: | $135,167.75 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $20,355.43 |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

This is an  x  interim          ___ final application

The total time expended for fee application preparation is approximately 5.50 hours and the corresponding compensation requested is approximately $2,500.00.[2]

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 2/13/09 | 1/14/09 – 1/31/09 | $85,859.00/$23,353.91 | $85,859.00/$23,353.91 |
| 3/26/09 | 2/1/09 – 2/28/09 | $73,614.00/$50,566.31 | $73,614.00/$50,566.31 |
| 4/28/09 | 3/1/09 – 3/31/09 | $40,052.00/$16,676.97 | $40,052.00/$16,676.97 |
| 6/1/09 | 4/1/09 – 4/30/09 | $42,954.50/$10,037.89 | $42,954.50/$10,037.89 |
| 6/18/09 | 5/1/09 – 5/31/09 | $83,006.00/$25,040.48 | $83,006.00/$25,040.48 |
| 8/5/09 | 6/1/09 – 6/30/09 | $74,734.60/$42,928.97 | $74,734.60/$42,928.97 |
| 8/31/09 | 7/1/09 – 7/31/09 | $117,769.50/$53,271.92 | $117,769.50/$53,271.92 |
| 9/24/09 | 8/1/09 – 8/31/09 | $54,052.50/$19,895.00 | $54,052.50/$19,895.00 |
| 10/22/09 | 9/1/09 – 9/30/09 | $125,444.00/$25,254.56 | $125,444.00/$25,254.56 |
| 11/23/09 | 10/1/09 – 10/31/09 | $81,157.00/$25,412.27 | $81,157.00/$25,412.27 |
| 1/5/10 | 11/1/09 – 11/30/09 | $143,880.50/$38,302.66 | $143,880.50/$38,302.66 |
| 1/28/10 | 12/1/09 – 12/31/09 | $116,740.00/$34,922.61 | $116,740.00/$34,922.61 |
| 2/15/10 | 1/1/10 – 1/31/10 | $91,509.75/$16,493.68 | $91,509.75/$16,493.68 |
| 3/24/10 | 2/1/10 – 2/28/10 | $95,476.00/$25,763.13 | $95,476.00/$25,763.13 |
| 4/22/10 | 3/1/10 – 3/31/10 | $90,411.00/$27,486.03 | $90,411.00/$27,486.03 |
| 5/21/10 | 4/1/10 – 4/30/10 | $45,618.00/$12,056.68 | $45,618.00/12,056.68 |
| 6/30/10 | 5/1/10 – 5/31/10 | $73,857.50/$15,945.84 | $73,857.50/$15,945.84 |

---

[2] Allowance for compensation for such time is not requested in this application, but will be sought in a subsequent fee application.

| | | | |
|---|---|---|---|
| 7/28/10 | 6/1/10 – 6/30/10 | $108,945.25/$11,730.99 | $108,945.25/$11,730.99 |
| 8/23/10 | 7/1/10 – 7/31/10 | $112,383.50/$8,047.57 | $112,383.50/$8,047.57 |
| 10/1/10 | 8/1/10 – 8/31/10 | $106,822.75/$10,719.78 | Pending |

## COMPENSATION BY PROFESSIONAL

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

September 1, 2010 Through September 30, 2010

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Donna L. Culver | Partner/Bankruptcy | 565 | 24.80 | 14,012.00 |
| Eric D. Schwartz | Partner/Bankruptcy | 565 | 8.60 | 4,859.00 |
| Derek C. Abbott | Partner/Bankruptcy | 565 | 28.90 | 16,328.50 |
| Derek C. Abbott | Partner/Bankruptcy | 282.50 | 2.50 | 706.25 |
| Gregory W. Werkheiser | Partner/Bankruptcy | 540 | .30 | 162.00 |
| Patricia O. Vella | Associate /Corporate | 505 | .40 | 202.00 |
| Gregory T. Donilon | Associate/Bankruptcy | 440 | 19.20 | 8,448.00 |
| Curtis Miller | Associate/Bankruptcy | 425 | .20 | 85.00 |
| Tarik J. Haskins | Associate/Commercial | 425 | 9.00 | 3,825.00 |
| Ann C. Cordo | Associate/Bankruptcy | 380 | 93.80 | 35,644.00 |
| Ann C. Cordo | Associate/Bankruptcy | 190 | 4.00 | 760.00 |
| Andrew Remming | Associate/Bankruptcy | 340 | 6.40 | 2,176.00 |
| Chad A. Fights | Associate/Bankruptcy | 340 | .90 | 306.00 |
| Matthew B. Harvey | Associate/Bankruptcy | 305 | 4.00 | 1,220.00 |
| Shannon E. German | Associate/Corporate | 305 | .30 | 91.50 |
| L. John Bird | Associate/Bankruptcy | 270 | 3.00 | 810.00 |
| Seth S. Brostoff | Associate/Bankruptcy | 270 | 22.20 | 5,994.00 |
| Alissa T. Gazze | Associate/Bankruptcy | 270 | 50.00 | 13,500.00 |
| Alissa T. Gazze | Associate/Bankruptcy | 135 | 5.00 | 675.00 |
| Alyson Poppiti | Paralegal | 210 | 11.80 | 2,478.00 |
| Angela R. Conway | Paralegal | 210 | 13.90 | 2,919.00 |

3

| Renae M. Fusco | Paralegal | 210 | 15.50 | 3,255.00 |
|---|---|---|---|---|
| Emma J. Campbell | Paralegal | 195 | 85.70 | 16,711.50 |
| **Total** | | | 410.40 | $135,167.75 |

| **GRAND TOTAL:** | $135,167.75 |
|---|---|
| **BLENDED RATE:** | $329.36 |

## COMPENSATION BY PROJECT CATEGORY

Nortel Networks, Inc, *et al.*
(Case No. 09-10138 (KG))

September 1, 2010 Through September 30, 2010

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 10.30 | 2,437.50 |
| Asset Disposition | 81.10 | 29,737.50 |
| Automatic Stay Matters | .70 | 321.50 |
| Creditor Communications and Meeting | .60 | 217.00 |
| Fee Applications (MNAT- Filing) | 8.60 | 1,714.00 |
| Fee Applications (Others – Filing) | 68.40 | 18,241.00 |
| Fee Applications (Others – Objections) | .50 | 190.00 |
| Executory Contracts/Unexpired Leases | 11.80 | 4,739.00 |
| Other Contested Matters | 3.70 | 1,160.00 |
| Non-Working Travel | 11.50 | 2,141.25 |
| Employee Matters | .20 | 83.50 |
| Tax Matters | .90 | 254.00 |
| Court Hearings | 63.60 | 18,045.00 |
| Claims Objections and Administration | 46.90 | 17,910.00 |
| Plan and Disclosure Statement | 18.80 | 6,991.00 |
| Litigation/Adversary Proceedings | 72.50 | 26,832.00 |
| Professional Retention (MNAT – Filing) | 6.80 | 2,658.50 |
| General Corporate Matters | 1.20 | 654.00 |
| Schedules/SOFA/U.S. Trustee Reports | 2.30 | 841.00 |
| **TOTAL** | **410.40** | **$135,167.75** |

4

# EXPENSE SUMMARY

Nortel Networks, Inc, *et al.*
(Case No. 09-10138 (KG))

September 1, 2010 Through September 30, 2010

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Court Costs | | 50.00 |
| Transcripts | | 2,095.04 |
| Photos/Art/ Spec Duplicating | | 4,517.57 |
| Travel | | 1,011.80 |
| Meals | | 278.35 |
| Messenger Service | | 159.00 |
| Courier/Delivery Service | | 366.11 |
| Computer Research | Westlaw | 1,385.83 |
| Secretarial Overtime | | 20.00 |
| Duplicating | In Office | 1,136.10 |
| Facsimile | | 3,697.50 |
| Postage | | 50.48 |
| Paralegal Overtime | (A. Conway – 9/3/10, 9/25/10)[3] | 121.00 |
| Paralegal Overtime Expense | | 36.23 |
| Hotel Accommodations | | 3,799.42 |
| Non-Delaware Registered Agent Services | | 1,573.00 |
| Conference Calls | | 58.00 |
| **Grand Total Expenses** | | **$20,355.43** |

---

[3] Work performed by paralegal on behalf of the Debtors outside of the normal business hours with respect to document preparation, noticing, filing and service of agendas, motions, lease assumption/assignment notices and/or other related matters.

5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
                                                               :
*In re*                                                        : Chapter 11
                                                               :
Nortel Networks Inc., *et al.*,[1]                             : Case No. 09-10138 (KG)
                                                               :
                    Debtors.                                   : Jointly Administered
                                                               :
---------------------------------------------------------------X  Objections Due: November 12, 2010 at 4:00 p.m. (ET)

**TWENTY-FIRST INTERIM APPLICATION OF MORRIS, NICHOLS, ARSHT &
TUNNELL LLP, AS DELAWARE AND GENERAL BANKRUPTCY COUNSEL
TO DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE
OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT
OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED
FOR THE PERIOD SEPTEMBER 1, 2010 THROUGH SEPTEMBER 30, 2010**

Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols"), Delaware co-counsel for Nortel Networks, Inc and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), submits this application (the "Application") for interim allowance of compensation for professional services rendered by Morris Nichols to the Debtors for the period September 1, 2010 through September 30, 2010 (the "Application Period") and reimbursement of actual and necessary expenses incurred by Morris Nichols during the Application Period under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines") and the Order Under 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members (D.I. 222) (the "Interim Compensation Procedures Order").[2] In support of this Application, Morris Nichols represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On January 14, 2009 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' jointly administered bankruptcy cases.

---

[2] Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

2


3. On January 26, 2009, the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors.

### MORRIS NICHOLS' RETENTION

4. Prior to the Petition Date, the Debtors engaged Morris Nichols as Delaware and General Bankruptcy Counsel in connection with these bankruptcy cases. On February 4, 2009, this Court entered the Order Pursuant to 11 U.S.C. Sections 327(a) and 1107(b), Fed. R. Bankr. P.2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1 Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Delaware and General Bankruptcy Counsel for the Debtors *nunc pro tunc* to the Petition Date (D.I. 220).

### FEE PROCEDURES ORDER

5. On February 4, 2009, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

6. In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each calendar month. Provided that there are no objections to such Monthly Fee Application filed within twenty (20) days after the service of a Monthly Fee Application, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application. If a partial objection to the Monthly Fee Application is filed, then the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

## **RELIEF REQUESTED**

7. Morris Nichols submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered as Delaware And General Bankruptcy Counsel for the Debtors in these cases for the period from September 1, 2010 through September 30, 2010, and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Debtors during that same period.

8. During the period covered by this Application, Morris Nichols incurred fees in the amount of $135,167.75. For the same period, Morris Nichols incurred actual, reasonable and necessary expenses totaling $20,355.43. With respect to these amounts, as of the date of this Application, Morris Nichols has received no payments.

9. Set forth on the foregoing "Compensation by Project Category" is a summary by subject matter categories of the time expended by timekeepers billing time to these cases.

10. During the Application Period, with the aid of Morris Nichols and Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb"), the Debtors were successful in obtaining certain relief including, without limitation, (i) an Order approving the bid procedures, the entry into the Stalking Horse sale agreement, notice and assumption and assignment procedures and the filing of certain documents under seal with respect to the MSS sale motion (ii) an order approving a cross-border protocol on the resolution of claims; (iii) an order authorizing and approving settlement procedures to settle certain prepetition claims; (iv) a supplemental order granting the Debtors' tenth omnibus objection to certain claims; (v) a supplemental order granting the Debtors' twelfth omnibus objection to certain claims; (vi) an order granting the Debtors' thirteenth omnibus objection to certain claims; and (vii) order approving the sale of certain assets of Debtors' multi-

service switch (formerly known as 'Passport').

11. Morris Nichols also assisted Cleary Gottlieb with the review and objection to proofs of claims filed by creditors with review and analysis related to potential vendor disputes and with review and analysis related to preference actions.

12. Morris Nichols also responded to numerous inquiries by vendors, suppliers, creditors and other interested parties. Additionally, Morris Nichols assisted in dealing with lease and contract rejection issues, including the filing of several notices of rejection and related legal research.

13. **Exhibit A** attached hereto contains logs, sorted by case project category, which show the time recorded by professionals, paraprofessionals and other support staff and descriptions of the services provided.

14. **Exhibit B** attached hereto contains a breakdown of disbursements incurred by Morris Nichols during the Application Period.

15. Morris Nichols charges $.10 per page for photocopying.

16. Morris Nichols charges $1.00 per page for outgoing domestic facsimiles and does not charge for incoming facsimiles.

17. In accordance with Local Rule 2016-2, Morris Nichols has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

18. Morris Nichols has endeavored to represent the Debtors in the most expeditious and economical manner possible. Tasks have been assigned to attorneys, paralegals, and other support staff at Morris Nichols so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter. Moreover, Morris Nichols

has endeavored to coordinate with Cleary Gottlieb and the other professionals involved in these cases so as to minimize any duplication of effort and to minimize attorneys' fees and expenses to the Debtors. We believe we have been successful in this regard.

19. No agreement or understanding exists between Morris Nichols and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

20. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

      **WHEREFORE**, Morris Nichols respectfully requests that this Court: (a) allow Morris Nichols (i) interim compensation in the amount of $135,167.75 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period September 1, 2010 through September 30, 2010, and (ii) interim reimbursement in the amount of $20,355.43 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the Debtors to pay to Morris Nichols the amount of $128,489.63 which is equal to the sum of 80% ($135,167.75) of Morris Nichols' allowed interim compensation and 100% ($20,355.43) of Morris Nichols' allowed expense reimbursement; and (c) grant such other and further relief as is just and proper.

Dated: October 22, 2010  
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_/s/ Ann C. Cordo_  
Derek C. Abbott (No. 3376)  
Eric D. Schwartz (No. 3134)  
Ann C. Cordo (No. 4817)  
Alissa T. Gazze (No. 5338)  
1201 North Market Street, 18th Floor  
P.O. Box 1347  
Wilmington, DE 19899-1347  
Telephone: 302-658-9200  
Facsimile: 302-425-4663  

*Delaware and General Bankruptcy Counsel for the Debtors and Debtors in Possession*

3809823.1