EXHIBIT B

BLACKLINE ORDER

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
::::::::::::
*In re*

Nortel Networks Inc., *et al.*,[1]

         Debtors.

---------------------------------------------------------X

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

**RE: D.I.** ~~~~~~**4127**

## ORDER AUTHORIZING AND APPROVING SETTLEMENT PROCEDURES TO SETTLE CERTAIN AVOIDANCE CLAIMS

Upon the motion dated October 8, 2010 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order pursuant to section 105(a) of the Bankruptcy Code and Rule 9019(b) of the Bankruptcy Rules, as more fully described in the Motion, authorizing and approving omnibus settlement procedures to settle certain avoidance claims; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized in accordance with Bankruptcy Rule 9019(b) to settle claims asserted in Avoidance Claims pursuant to the following Settlement Procedures:

> a. No settlement of an Avoidance Claim will be agreed to unless such settlement would be in the reasonable business judgment of the Debtors, upon consideration of (i) the probability of success if the claim is litigated or arbitrated, (ii) the complexity, expense and likely duration of any litigation or arbitration with respect to the claim, (iii) the difficulty in collection of any judgment, (iv) other factors relevant to assessing the wisdom of the settlement, and (v) the fairness of the settlement vis-à-vis the Debtors' estates and their creditors.
>
> b. No settlement will be effective unless it is executed by an officer of one of the Debtors or by counsel for the Debtors on behalf of the Debtors.
>
> c. The Debtors' employees or representatives responsible for negotiating or settling Avoidance Claims may attempt to resolve, mediate, compromise or otherwise settle any Avoidance Claim without further hearing or notice to this Court or other parties in interest in these proceedings.
>
> d. Subject to subparagraphs (a), (b) and (c) above, with respect to any Avoidance Claim where the asserted claim amount is equal to or less than $250,000, and the Debtors propose a settlement of the Avoidance Claim, including providing a release, the Debtors are not required to file or serve any advance notice of such settlement and may consummate the settlement of the claim without further notice or order of the Bankruptcy Court.
>
> e. Subject to subparagraphs (a), (b) and (c) above, with respect to any Avoidance Claim where the asserted claim amount is greater than $250,000 but equal to or less than $1,000,000, the Debtors shall notify (i) the U.S. Trustee, (ii) counsel to the Committee and, (iii) counsel to the

Bondholder Group **and (iv) counsel to the Canadian Debtors** (the "Notice Parties") in writing of a proposed settlement of an Avoidance Claim. If no Notice Party objects in writing within ten (10) calendar days of receipt of notice under this paragraph, then the Debtors may immediately proceed with the settlement.[3] If an objection is received within such period that cannot be resolved, such Avoidance Claim may not be settled except upon further order of the Court after notice and a hearing.

f. No Avoidance Claim where the asserted claim amount is greater than $1,000,000 shall be settled without further approval by the Court.

g. The Debtors, in their sole discretion, shall have the authority to exchange mutual releases as part of any settlement of an Avoidance Claim under subsections (d) or (e) hereof, provided, however, that to the extent the scope of such releases includes matters beyond the transactions and transfers that are the subject of an Avoidance Claim, the Debtors will include information concerning such releases in the notice provided to the Notice Parties under subsection (e) above.

h. With respect to a proposed settlement reached and approved pursuant to the Settlement Procedures, such settlement shall be binding upon the parties to the settlement and all other parties in interest as if the settlement had been approved by the Court after notice and a hearing. The Debtors shall periodically file with the Court a Notice of Settlement of Claims (the "Settlement Notice") that lists the Avoidance Claims settled pursuant to these Settlement Procedures and the amount of such settled Avoidance Claims.

i. Nothing in the foregoing Settlement Procedures shall prevent the Debtors, in their sole discretion, from seeking the Court's approval at any time of any proposed settlement upon notice and a hearing.

j. These Settlement Procedures will not apply to any compromise and settlement of an Avoidance Claim that involves an "insider," as that term is defined in section 101(31) of the Bankruptcy Code.

k. Following the effective date of the chapter 11 plan for each debtor, the terms of the debtor's plan and any Plan Administration Agreement approved in connection with such plan, rather than these Settlement

---

[3] The Notice Parties shall be deemed to have received notice the day after such notice has been sent by a properly addressed facsimile, email or overnight delivery to the Notice Parties or their counsel or designated representative. If such notice is made solely by U.S. mail, the deemed receipt date shall be three (3) days after mailing.

> Procedures, shall govern the settlement of the Avoidance Claims, except to the extent these Settlement Procedures are incorporated into the plan.

3. The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the Settlement Procedures and the terms of this Order.

4. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

5. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2010
       Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE