IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re*                                                     :   Chapter 11
                                                            :
                                                            :   Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                          :
                                                            :   Jointly Administered
                    Debtors.                                :
                                                            :
                                                            :   RE: D.I. 4100
                                                            :
------------------------------------------------------------X

## ORDER APPOINTING A MEDIATOR FOR RESOLVING DISPUTES CONCERNCING ALLOCATION OF SALE PROCEEDS AND GRANTING RELATED RELIEF

Upon the motion dated October 6, 2010 (the "Motion"),[2] of Nortel Networks Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, approving the appointment of Layn R. Phillips as the Mediator (as defined in the Motion) in this case for resolving disputes concerning the allocation of sale proceeds, pursuant to the terms of the Engagement Agreement by and among the Debtors, the Canadian Debtors, the EMEA Debtors, the Committee, and the Bondholder Group, (collectively, the "Mediation Parties") and the Alternative Dispute Resolution Center at Irell & Manella LLP ("Irell & Manella"); (ii) authorizing the Debtors to enter into the Engagement Agreement; (iii) approving the terms of the Engagement Agreement; (iv) allowing the Debtors to pay its' share of the cost of engagement;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

and (v) granting them such other and further relief as the Court deems just and proper and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. As described in the Motion, Layn R. Phillips is appointed neutral mediator in connection with the allocation of sales proceeds and the settlement of certain Inter-Estate Claims subject to Local Bankruptcy Rules 9019-2, 9019-3 and 9019-5, provided that the Mediator may modify deadlines set forth in those rules.

3. For the purposes of Local Bankruptcy Rule 9019-2 and this Order, the Mediation Parties are (a) the U.S. Debtors; (b) the Canadian Debtors; (c) the EMEA Debtors; (d) the Committee; (e) the Bondholder Group; and (f) certain other interested parties listed on the Engagement Letter. Additional parties may participate in the mediation.

4. Notwithstanding the Local Bankruptcy Rules, Mr. Phillips may conduct the mediation as he sees fit, establish rules of the mediation, and consider and take appropriate action on any matters the Mediator deems appropriate which may assist the Mediation Parties in resolving disputes.

5.  Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

6.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: **OCTOBER 27**, 2010
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE