IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
| NORTEL NETWORKS INC., et al., [1] | : | Case No. 09-10138 (KG) |
|  | : | Jointly Administered |
| Debtors. | : | Hearing date: November 9, 2010 at 10:00 a.m. (ET) |
|  | : | Response due: October 25, 2010 at 4:00p.m. (ET) |

**RESPONSE OF ELECTRO RENT CORPORATION TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502, FED.R.BANKR. P. 3007 AND DEL. L.R. 3007-1 (NO LIABILITY CLAIMS, REDUCE AND ALLOW CLAIMS, REDUNDANT CLAIMS, SATISFIED CLAIMS, WRONG DEBTOR CLAIMS AND NO-BASIS 503(b)(9) CLAIMS)**

Electro Rent Corporation ("ERC"), by and through its undersigned attorneys, hereby files its response to the Fifteenth Omnibus Objection to Certain Claims (the "Objection") filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") as it relates to Claim No. 159 filed by ERC in the amount of $36,235.00 (the "ERC Claim"). In support of its response, ERC respectfully represents as follows:

### BACKGROUND

1.   On January 14, 2009 (the "Petition Date"), the Debtors filed respective voluntary petitions for reorganization pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code")

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Compoents Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

2. Pursuant to an order entered on January 15, 2009, the Debtors' Chapter 11 cases are being jointly administered.

3. ERC is a publicly held corporation engaged in the business of renting computer and other electronic equipment to customers.

4. On February 4, 2009, ERC filed the ERC Claim, a copy of which is annexed hereto and made a part hereof as Exhibit "1". As set forth above, the ERC Claim reflects pre-petition amounts due and owing by one or more of the Debtors in the aggregate amount of $36,235.00.

5. On or about October 8, 2010, the Debtors filed the Objection. The Objection sets forth various categories of disputed claims, including those designated as "Reduce and Allow Claims". The ERC Claim is listed in Exhibit "B" to the Objection as a claim for which the Debtors seek a reduction.

6. In connection with the ERC Claim, Exhibit "B" contains a column headed "Reason for Modification", which states as follows:

> Partial Non-Debtor Invoice Claim. Claims should be modified to remove $25,510.80 in invoices that appear to relate to transactions with an affiliate which is not a Debtor in these chapter 11 cases. None of the Debtors in these chapter 11 cases is liable for the overstated portion of the claim.

> Partial No Liability Claim. Based on careful review of the Debtors' Books and Records, the Debtors do not recognize $2,486.99 as valid liabilities of any Debtor in these chapter 11 cases.

7. With respect to the ERC Claim, Exhibit "B" apparently seeks to reduce the amount of such claim from $36,235.00 to $8,237.80, although the foregoing explanation for the requested reduction in Exhibit "B" is less than clear.

8. For the reasons hereinafter set forth, ERC respectfully submits that the ERC Claim should be allowed as filed pursuant to § 502 of the Bankruptcy Code.

**RELIEF REQUESTED**

9. The ERC Claim includes a number of documents which, on their face, contradict the Debtors' suggestion that the claim amount should be reduced or that the Debtors are not the appropriate parties liable thereon. In this regard, the ERC Claim contains both a summary reflecting customer equipment leasing activity by "Nortel Networks", one of the Debtors herein, as of January 12, 2009 and a series of purchase orders issued by Nortel Networks to ERC.

10. More telling is the parties' post-petition course of conduct. Annexed hereto and made a part hereof as Exhibits "2", "3", and "4" are ERC's invoices and the Debtors' corresponding payment information during the post-petition period. Exhibit "2" reflects a payment to ERC in the amount of $2,168.15 on May 14, 2009, which corresponds to two ERC invoices to Nortel Networks dated March 5, 2009. Exhibit "3" reflects a payment by Nortel Networks dated April 13, 2009 in connection with three ERC invoices to that entity issued on February 1 and 2, 2009. Exhibit "4" reflects a payment by Nortel Networks in the amount of $4,063.50 to ERC on April 22, 2009 on account of an ERC invoice to that same entity dated February 11, 2009.

11. Based upon the foregoing documentation, it is clear that ERC was engaged in business with Nortel Networks, Inc. ("NNI"), the Debtor in Case No. 09-10138. Having issued purchase orders to ERC under that name, having received invoices under that name, having paid those invoices under that name, and having held itself out to ERC under that name, NNI cannot now adopt a different or contrary position.

12. While Exhibit "B" to the Objection appears to adopt the position that "[n]one of the Debtors in these chapter 11 cases is liable" for that portion of the ERC Claim which exceeds $8,237.80, the transaction history between the parties demonstrates otherwise.

## CONCLUSION

13. For the foregoing reasons, the ERC Claim should be allowed as filed as a general unsecured claim.

WHEREFORE, Electro Rent Corporation respectfully requests the entry of an order pursuant to 11 U.S.C. § 502 overruling the Objection as it relates to the ERC Claim, allowing such claim as filed as a general unsecured claim, and granting such other and further relief as is just and proper.

Dated: Wilmington, Delaware  
       November 1, 2010

KLEHR | HARRISON | HARVEY | BRANZBURG LLP

By: */s/ Domenic E. Pacitti*  
Domenic Pacitti, Esquire (Bar No. 3989)  
919 N. Market Street, Suite 1000  
Wilmington, Delaware 19801  
Tel: (302) 426-1189  
Fax: (302) 426-9193  
dpacitti@klehr.com

- and -

Jeffrey Kurtzman, Esquire  
1835 Market Street, Suite 1400  
Philadelphia, PA 19103  
Tel: (215) 569-4493  
Fax: (215) 568-6603  
jkurtzma@klehr.com

Attorneys for Electro Rent Corporation