EXHIBIT A

STIPULATION

**Execution Version**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>**NORTEL NETWORKS INC.,** *et al.,*<br><br>Debtors. | Case No. 09-10138 (KG)<br><br>Chapter 11<br><br>(Jointly Administered) |

**STIPULATION, AGREEMENT AND ORDER RELATING
TO MEDIATION**

Nortel Networks Inc. ("Nortel") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), the Official Committee of Unsecured Creditors of Nortel Networks Inc., *et al.* (the "Committee") and the United Kingdom ("UK") Pensions Regulator ("TPR", and together with the Debtors, the "Parties"), by and through their undersigned counsel, hereby enter into this Stipulation, Agreement and Order (this "Stipulation") and agree, as follows:

RECITALS:

A.  On January 14, 2009, the Debtors, other than Nortel Networks (CALA) Inc. ("NN CALA"), commenced voluntary cases under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). On July 14, 2009, NN CALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

B.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

C. On January 15, 2009, this Court entered an order providing for joint administration of these chapter 11 cases pursuant to Federal Rule of Bankruptcy Rule 1015(b) for procedural purposes only.

D. The Debtors and the other Mediation Parties (as defined in the Motion described below) have agreed to engage in a mediation to pursue a potential resolution of issues related to the allocation of proceeds generated from the various sales or other dispositions of the Debtors' property in these cases, and certain inter-estate claims (the "Mediation").

E. On October 6, 2010, the Debtors filed the *Debtors' Motion For Entry Of An Order (I) Appointing Layn R. Phillips As Neutral Mediator Concerning Allocation Of Sale Proceeds; (II) Authorizing Entry Into An Engagement Agreement With Irell & Manella LLP; (III) Approving The Terms Of Engagement Agreement; (IV) Allowing Payment Of Debtors' Share Of Cost Of Engagement; And (V) Granting Related Relief* (the "Motion").

F. The Debtors have invited TPR to participate in the Mediation. Subject to Bankruptcy Court approval of this Stipulation, TPR has agreed to so participate.

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED that:

1. TPR, like other parties to the Mediation, is participating in the Mediation on a voluntary basis. TPR shall not be deemed to have waived any rights, remedies, claims or defenses which it may have, including with respect to the jurisdiction of the Bankruptcy Court or TPR's asserted sovereignty, based on TPR's participation in the Mediation.

2. TPR hereby consents to the jurisdiction of the Bankruptcy Court solely for the purpose of enforcement of the provisions of this Stipulation and for no other purpose

whatsoever. It is expressly confirmed and agreed that TPR's participation in the Mediation shall not constitute consent to the Bankruptcy Court's jurisdiction for any other purpose.

3. The Debtors and their chapter 11 estates, acknowledge, confirm and agree (which agreement shall be binding on any successor(s) thereto, including any trustee(s) that may be appointed in these cases or in any subsequent chapter 7 case(s)), that TPR fully reserves all objections to jurisdiction of the Bankruptcy Court except as expressly provided hereby, including, but not limited to, any and all rights to assert sovereign immunity under the Foreign Sovereign Immunities Act, the Act of State Doctrine or otherwise, and such parties shall not take any position inconsistent with the foregoing in any subsequent proceedings based on TPR's participation in the Mediation. TPR acknowledges, confirms and agrees that the Debtors, their chapter 11 estates and any successor(s) thereto, including any trustee(s) that may be appointed in these cases or in any subsequent chapter 7 case(s) and the Committee, fully reserve all rights to assert the jurisdiction of the Bankruptcy Court, including as to TPR, on any basis, except as expressly provided for otherwise in this Stipulation.

4. The Debtors, their chapter 11 estates, and the Committee acknowledge, confirm and agree that neither they nor their representatives will attempt to serve process upon TPR or its representatives while they are in the United States to participate in the Mediation. TPR acknowledges, confirms and agrees that while it is in the United States to participate in the Mediation, neither it nor its representatives will attempt to serve process upon Debtors, their chapter 11 estates, or the Committee.

5. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, the terms of this Stipulation shall be immediately effective and enforceable upon the entry of an order by the Bankruptcy Court approving the stipulation.

6. The Bankruptcy Court shall be the exclusive forum for the enforcement of this Stipulation and the determination of any disputes or controversies relating to or arising under this Stipulation.

7. This Stipulation may only be amended or otherwise modified by a writing executed by each of the Parties and approved by the Bankruptcy Court.

8. Each of the persons executing this Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of the Party he or she represents.

9. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, electronic copies, or facsimiles signed by the Parties here to be charged.

10. This Stipulation shall be governed by the laws of the State of New York, without regard to the application of New York's conflict of law principles.

Dated: November 1, 2010
New York, New York

/s/ Stephen P. Lamb
Stephen P. Lamb

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
500 Delaware Avenue
Suite 200
Post Office Box 32
Wilmington, Delaware 19899-0032 Telephone: (302) 655-4410
Facsimile: (302) 655-4420

and

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3209
Facsimile: (212) 757-3990
Attention: Alan W. Kornberg

Attorneys for the Pensions Regulator

*[signature]*

Alissa T. Gazze

MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

and

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Attention: James L. Bromley

Counsel for Debtors and Debtors in Possession

ACKNOWLEDGED AND AGREED TO
this 1st day of November, 2010.

_____
Christopher M. Samis

RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
One Rodney Square
Wilmington, DE 19801
302-651-7845
Fax: 302-651-7701
and

AKIN GUMP STRAUSS HAUER & FELD
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Attention: Fred Hodara

Attorneys for the Official Creditors' Committee