## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------X
: 
*In re*                                                  :        Chapter 11
                                                         :
Nortel Networks Inc., *et al.*,[1]                       :        Case No. 09-10138 (KG)
                                                         :
                          Debtors.                       :        Jointly Administered
                                                         :
                                                         :
--------------------------------------------------------X

### DEBTORS' MOTION FOR AN ORDER UNDER 11 U.S.C. § 102(1) SHORTENING NOTICE RELATING TO DEBTORS' MOTION FOR AN ORDER (I) AUTHORIZING AND APPROVING THE SALE OF LIMITED PARTNERSHIP AND LIMITED LIABILITY COMPANY INTERESTS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES; (II) AUTHORIZING AND APPROVING ENTRY INTO A PURCHASE AND SALE AGREEMENT; (III) AUTHORIZING AND APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS; (IV) AUTHORIZING THE FILING OF CERTAIN DOCUMENTS UNDER SEAL; AND (V) GRANTING RELATED RELIEF

Nortel Networks Inc. ("NNI")[2], and certain of its affiliates as debtors and debtors-in-possession (collectively, the "Debtors"), hereby move this Court (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to section 102(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]      Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Approval Motion.

District of Delaware (the "Local Rules"), (i) authorizing the sale of certain limited partnership and limited liability corporation interests held by NNI (as described further herein, the "LP Interests") free and clear of all liens, claims and encumbrances pursuant to section 363 of the Bankruptcy Code (the "Transaction"), (ii) authorizing and approving entry into that certain purchase and sale agreement dated as of November 3, 2010 among NNI and non-debtor Nortel Ventures LLC ("NVLLC"), on the one hand (together, the "Sellers") and CS Strategic Partners IV VC Holdings, L.P. ("CS") and Amberbrook V, LLC ("Amberbrook") on the other hand (together, the "Purchasers") for the sale of the LP Interests (including certain LP Interests of NVLLC) as described therein, substantially in the form attached hereto as Exhibit B (the "Agreement"), (iii) authorizing and approving the assumption and assignment of certain prepetition executory contracts of the Debtors related to the LP Interests (the "Assumed and Assigned Contracts"), (iv) authorizing the Debtors to file certain documents under seal, and (v) granting them such other and further relief as the Court deems just and proper.  For the reasons set forth herein, the Debtors believe that prompt consideration of the Approval Motion on shortened notice is necessary and appropriate and respectfully request that the Court enter an order shortening notice with respect to the Approval Motion and permitting the Approval Motion to be heard at the hearing on November 23, 2010 at 10:00 a.m. (Eastern Standard Time).  In support of this Motion to Shorten, the Debtors respectfully state as follows:

## Jurisdiction

1.        The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 102(1) and 105 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002 and 9006 and Local Rule 9006-1(e).

## Background

**A.      Procedural History**

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than NN CALA (defined below), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On January 15, 2009, this Court entered an order of joint administration pursuant to Bankruptcy Rule 1015(b), which provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

6.      Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings").  The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.

7.      On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA.  On February

---

[3]      The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

27, 2009, based on a petition filed by Ernst & Young Inc., as court-appointed Monitor in the

Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"),

this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings

under chapter 15 of the Bankruptcy Code.

8.     On January 14, 2009, the High Court of England and Wales placed nineteen of

Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration under the

control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators").  On

May 28, 2009, at the request of the Joint Administrators, the Commercial Court of Versailles,

France (the "French Court") (Docket No. 2009P00492) ordered the commencement of secondary

proceedings in respect of Nortel Networks S.A. ("NNSA").  NNSA was authorized to continue

to operate as a going concern until completion of the sale of the GSM/GSM-R business.  While

NNSA's operations have now terminated, the French Proceedings are continuing and, in

accordance with the European Union's Council Regulation (EC) No. 1346/2000 on Insolvency

Proceedings, the English law proceedings (the "English Proceedings") remain the main

proceedings in respect of NNSA.  On June 26, 2009, this Court entered an order recognizing the

English Proceedings of Nortel Networks UK Limited ("NNUK") as foreign main proceedings

under chapter 15 of the Bankruptcy Code.[5]

---

[4]     The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A.,
Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel
Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks
B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel
Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks
Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.
[5]     Additionally, on January 18, 2009, certain Nortel affiliates, including Nortel Networks Israel (Sales and
Marketing) Limited and Nortel Communications Holdings (1997) Limited (the "Israeli Companies"), filed an
application with the Tel-Aviv-Jaffa District Court (the "Israeli Court"), pursuant to the Israeli Companies Law,
1999, and the regulations relating thereto for a stay of proceedings.  On January 19, 2009, the Israeli Court
appointed Yaron Har-Zvi and Avi D. Pelossof as joint administrators of the Israeli Companies under the Israeli
Companies Law (the "Joint Israeli Administrators").

9.      On January 26, 2009, U.S. Trustee appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142].  The Bondholder Group was also organized. No trustee or examiner has been appointed in the Debtors' cases.

10.     On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc. ("NN CALA"), an affiliate of NNI and itself one of the Debtors, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On July 17, 2009, this Court entered orders approving the joint administration and consolidation of NN CALA's chapter 11 case with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098], and applying to NN CALA certain previously entered orders in the other Debtors' chapter 11 cases [D.I. 1099].  From time to time, other Nortel affiliates have sought and may seek relief through the commencement of creditor protection or other insolvency or dissolution proceedings around the world.

**B.      Debtors' Corporate Structure and Business**

11.     Prior to its significant business divestitures, Nortel was a global supplier of end-to-end networking products and solutions serving both service providers and enterprise customers.  Nortel's technologies spanned access and core networks and supported multimedia and business-critical applications.  Nortel's networking solutions consisted of hardware, software and services.  Nortel designed, developed, engineered, marketed, sold, licensed, installed, serviced and supported these networking solutions worldwide.

12.     Additional information regarding the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in Support of First Day Motions and Applications [D.I. 3] (the "First Day Declaration").[6]

---

[6]      Capitalized terms used but not defined in this Background have the meanings ascribed to them in the First Day Declaration.

C.      **Case Milestones**

13.      On June 19, 2009, Nortel announced that it was advancing in discussions with external parties to sell its businesses and that it would assess other restructuring alternatives for its businesses in the event it were unable to maximize value through sales.  To date, Nortel has closed (i) the sale of certain portions of its Layer 4-7 data portfolio to Radware Ltd. [D.I. 539]; (ii) the sale of substantially all of its CDMA business and LTE Access assets to Telefonaktiebolaget LM Ericsson (publ) ("Ericsson") [D.I. 1205]; (iii) the sale of the assets of its Wireless Networks business associated with the development of Next Generation Packet Core network components to Hitachi Ltd. [D.I. 1760]; (iv) the sale of substantially all of the assets of the Enterprise Solutions business globally, including the shares of Nortel Government Solutions Incorporated and DiamondWare Ltd. to Avaya Inc. [D.I. 1514]; (v) the sale of substantially all the assets of its Optical Networking and Carrier Ethernet businesses associated with its Metro Ethernet Networks business unit to Ciena Corporation [D.I. 2070]; (vi) the sale of substantially all of its GSM/GSM-R business to Ericsson and Kapsch CarrierCom AG [D.I. 2065]; and (vii) the sale of certain assets of its Carrier Voice Over IP and Application Solutions business to GENBAND US LLC [D.I. 2632].  In addition, the Debtors have obtained Court approval for the sale of certain assets of the Debtors' Multi-Service Switch (formerly known as "Passport") business to Ericsson [D.I. 4054].  From time to time the Debtors have and may continue to sell, transfer and assign their interests in other assets as efforts continue to be made with respect to the realization of value from Nortel's remaining assets.

14.      On August 4, 2009, this Court entered an order fixing September 30, 2009 at 4:00 p.m. (Eastern Time) as the general bar date for filing proofs of claim or interests against the Debtors (other than NN CALA) [D.I. 1280].  On December 3, 2009 this Court entered an order

fixing January 25, 2010 at 4:00 p.m. (Eastern Time) as the bar date for filing proofs of claim or interests against NN CALA [D.I. 2059].

15.     On July 13, 2010, the Debtors filed the Joint Chapter 11 Plan of Nortel Networks Inc. and Its Affiliated Debtors [D.I. 3580].  On September 3, 2010, the Debtors filed the Proposed Disclosure Statement for the Joint Chapter 11 Plan of Nortel Networks Inc. and Its Affiliated Debtors [D.I. 3874].

## Relief Requested

16.     By this Motion to Shorten, the Debtors respectfully request that the Court enter an order (i) shortening notice pursuant to sections 102(1) and 105 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002 and 9006 and Local Rule 9006-1(e), with respect to the Approval Motion; (ii) permitting parties to file objections, if any, to the relief requested in the Approval Motion on or before November 16, 2010 at 4:00 p.m. (Eastern Standard Time); (iii) allowing the Approval Motion to be heard at the hearing on November 23, 2010 at 10:00 a.m. (Eastern Standard Time); and (iv) granting such other and further relief to the Debtors as the Court deems just and proper.

## Facts Relevant to this Motion

17.     As set forth more fully in the Approval Motion, Sellers and Purchasers have negotiated the terms of the Transaction, pursuant to which the Sellers seek authority to transfer, convert, assign, and otherwise dispose of the LP Interests.  The Debtors believe that the consideration and terms of the current proposed Transaction represent the highest and best offer available for the LP Interests, and it is therefore in the Debtors' best interests for the Transaction to close as soon as possible.

18.     The Sellers entered into the Transaction after extensive marketing efforts and discussions with multiple interested parties, none of which met or exceeded the consideration the

7

Debtors would receive under the Transaction.  Representatives of the Committee and the

Bondholder Group have been apprised of the Transaction and the marketing efforts throughout

this exercise.  As outlined in the Approval Motion, the Debtors believe that the Transaction

represents the best offer available for the sale of the LP Interests.  The Transaction requires, as a

closing condition, obtaining certain consents and certifications of all general partners in the

venture capital funds in which the Sellers hold the LP Interests.  This process is likely to take

several weeks, and general partners are unlikely to engage in this consent process until the entry

by this Court of the order requested by the Approval Motion (if entered, the "Approval Order")

and the Approval Order becoming final and non-appealable.[7]  Absent the relief requested, such

general partner consents are unlikely to be obtained prior to December 31, 2010, which is the

first possible Closing Date as contemplated by the Agreement.  The Agreement requires the

Closing of LP Interests representing at least approximately 60% of the total Transaction purchase

price by the first Closing Date.  If this requirement is not met on December 31, the next likely

Closing Date is March 31, 2010, as venture capital funds typically permit transfer of limited

partnership interests only at the end of each fiscal quarter.  The relief requested is therefore

necessary in order to assure the consummation of the Transaction in a timely fashion and avoid

months of delay in closing the Transaction and receiving the consideration provided for in the

Agreement.

19.    Given that the Debtors have consulted with the Committee and Bondholder Group

before filing the Approval Motion and the status of the Purchasers' offer as the highest and best

offer for the LP Interests, the Debtors do not expect any relief granted to be challenged on

---

[7]    Assuming entry of the Approval Order on November 23, 2010, and that no appeals are taken, the Approval
Order would become final and non-appealable on December 8, 2010, the scheduled omnibus hearing date.  The
Approval Order would not become a Final Order until December 23, 2010 if the Approval Motion is not considered
until the omnibus hearing on December 8, 2010, the next scheduled hearing after November 23, 2010.

appeal.  Additionally, the Purchasers have requested that the Debtors seek to have the Motion be considered on shortened notice.  The Sellers, as limited partners of the funds in which the LP Interests are held, have only limited ability to alter the timeframe in which the general partners of such funds deliver the required consents to the Transaction.  Delay in the approval of the transaction by the Court therefore could threaten the timely consummation of the Transaction by the Sellers.

### Basis for Relief

20.     Bankruptcy Rule 2002(a)(2) requires ". . . at least 21 days' notice by mail of . . . a proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving notice . . ."  According to Local Rule 9006-1(e), the notice period may be shortened by order of the Court upon written motion "specifying the exigencies justifying shortened notice."  The Debtors respectfully submit that allowing the Approval Motion to be considered on an expedited basis at the hearing on November 23, 2010 is reasonable and appropriate under the circumstances.

21.     The Debtors respectfully submit that shortened notice is appropriate in this instance because, as discussed above, the expeditious sale of the LP Interests is critical to the maximization of the value of the LP Interests and, in turn, to a recovery for the Debtors' estates.  However, the Transaction contemplates specific closing conditions, among them the provision of certain consents and certifications from the general partners of the funds in which the LP Interests are held, and the parties share the reasonable expectation that the provision of these consents will delay the closing of the Transaction in the event that the relief requested in this Motion is not granted.  Therefore, the Debtors believe that a hearing of the Approval Motion on shortened notice is in the best interests of the Debtors' estates and creditors.

22.     The Debtors have consulted with counsel for the Committee and the Bondholders Group regarding the proposed Transaction, and understand that both are supportive of the Approval Motion.

23.     For these reasons, the Debtors respectfully submit that allowing the Approval Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

**Notice**

24.     Notice of the Motion has been given via overnight or hand delivery to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; (iv) Purchasers; (v) counterparties and parties in interest to the Assumed and Assigned Contracts (as limited by the following paragraph); and (vi) the general service list established in these chapter 11 cases. The Debtor submits that under the circumstances no other or further notice is necessary.

25.     The general partners of the funds in which NNI holds LP Interests are the sole counterparties and parties in interest under the Assumed and Assigned Contracts with respect to the majority of the Assumed and Assigned Contracts.  Three funds in which the LP Interests are held, however, contain provisions in their respective Fund Agreements that provide other limited partners certain rights of first refusal relating to transfers of the LP Interests, and require notice of proposed transfers to be provided to those limited partners.  The general partners of these funds, however, have refused to provide the identities of these limited partners, citing the privacy concerns of limited partners referred to earlier in this Motion.  Such general partners have agreed, however, to notify their limited partners, via electronic correspondence, of this Motion within two (2) days of the filing of this Motion.  Accordingly, the Debtors, through the Approval Motion, have sought to limit notice as described in the preceding sentence to the limited partners of the funds in which the LP Interests are held and deemed electronic notice via the general

partners of such funds to constitute appropriate notice under the circumstances and comply with sections 107(b), 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006 and 9018 and Local Rule 6004-1.

## No Prior Request

26.     No prior request for the relief sought herein has been made to this or any other Court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully requests that this Court enter an order (i) shortening notice pursuant to sections 102(1) and 105 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002 and 9006 and Local Rule 9006-1(e); (ii) permitting parties to file objections, if any, to the relief requested in the Approval Motion on or before November 16, 2010 at 4:00 p.m. (Eastern Standard Time); (iii) allowing the Approval Motion to be heard at the hearing on November 23, 2010; and (iv) granting such other and further relief to the Debtors as the Court deems just and proper.

Dated:  November 4, 2010

       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

     - and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

   */s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, DE  19899-1347
Telephone:  (302) 658-9200
Facsimile:  (302) 425-4663

*Counsel for the Debtors and Debtors in Possession*