IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ X
: 
*In re*  :  Chapter 11
 :
Nortel Networks Inc., *et al.*,[1]  :  Case No. 09-10138 (KG)
 :
             Debtors.  :  Jointly Administered
 :
 :
 :  **Re: D.I.'s 4242 and 4250**
 :
------------------------------------------------------------ X

**NOTICE OF DEBTORS' REQUEST FOR
AUTHORITY TO ASSUME AND ASSIGN CERTAIN CONTRACTS**

**PLEASE TAKE NOTICE THAT:**

      In connection with the Debtors' motion for an order (I) authorizing and approving the sale of limited partnership and limited liability company interests (the "LP Interests") free and clear of all liens, claims and encumbrances; (II) authorizing and approving entry into a purchase and sale agreement; (III) authorizing and approving the assumption and assignment of certain executory contracts; (IV) authorizing the filing of certain documents under seal; and (V) granting related relief (D.I. 4242) (the "Sale Motion"), Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby provide notice of their intent to assume and assign, pursuant to sections 363 and 365 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), certain agreements to which the Debtors are a party, including one or more such agreements to which the Debtors believe you or your predecessor in interest are a party, which agreements are identified in Schedule A hereto (singularly or collectively, the "Assumed and Assigned Contracts"), in connection with the proposed sale.

      Nothing contained in this notice is to be construed as an admission by the Debtors as to the character of any document denominated as an agreement, as an executory contract or unexpired lease, or to the rights of any parties thereto. The sale of the LP Interests and assumption and assignment of the Assumed and Assigned Contracts will take place pursuant to that certain purchase and sale agreement dated as of November 3, 2010 (the "Agreement")

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

among NNI and non-debtor Nortel Ventures LLC ("NVLLC"), on the one hand (together, the "Sellers") and CS Strategic Partners IV VC Holdings, L.P. ("CSSP") and Amberbrook V, LLC ("Amberbrook") on the other hand (together, the "Purchasers").

Conditions to Effectiveness of Assumption and Assignment. By the Sale Motion, the Debtors are seeking authority to assume the Assumed and Assigned Contracts and to assign the Assumed and Assigned Contracts to the Purchasers. The assumption and assignment of each Assumed and Assigned Contracts shall be effective upon the Closing of the transfer to the Purchasers of the LP Interest pertaining to such Assumed and Assigned Contract as defined in the Agreement (the "Clos6ing Date"). Except as set forth in the Agreement, the Purchasers have not agreed to pay, shall not be required to assume, and shall have no liability or obligation with respect to, any liability or obligation, direct or indirect, absolute or contingent, of the Debtors, including any liabilities or obligations associated with the Assumed and Assigned Contracts arising on or before the Closing Date.

About the Purchasers. CSSP is part of the Alternative Investments group of Credit Suisse, which has more than $160 billion under management and is a Qualified Purchaser under the Investment Company Act of 1940 and an Accredited Investor under Regulation D of the Securities Act of 1933. CSSP, together with its affiliate and predecessor funds, has completed over 570 transactions and holds approximately 1,050 funds. Amberbrook's managing member is Willowridge Partners, Inc., which was founded in 1995 and has completed over 225 transactions acquiring interests in more than 350 separate private equity partnerships and direct holdings in over 100 companies, with a specialty in older fund interests like the LP Interests. Willowridge Partners, Inc. is already a limited partner in six of the thirteen groups of funds being sold in the Transaction.

Cure. In connection with the assignment of an executory contract pursuant to the Bankruptcy Code, any outstanding monetary defaults by the Debtors must be cured. The amount the Debtors believe is required to cure defaults, if any, under the Assumed and Assigned Contract(s) to which the Debtors believe you or your predecessor in interest are a party (the "Cure Amount") is listed on Schedule A attached hereto. Notwithstanding anything to the contrary herein, any nondebtor party will be deemed to have received adequate assurance of future performance as required by section 365 of the Bankruptcy Code if the Debtors, after payment of any Cure Amounts, would no longer have any payment or delivery obligations under an Assumed and Assigned Contract. Objections to the Cure Amount must be filed by **November 16, 2010 at 4:00 PM (ET)**.

Objections. Objections, if any, to the assumption and assignment of the Assumed and Assigned Contracts, including without limitation any objection to the Cure Amount or the adequate assurance of future performance by Purchasers under the Agreement, must be filed with the Court no later than **November 16, 2010 at 4:00 PM (ET)**. Notice of all objections must be: (a) in writing; (b) signed by counsel or attested to by the objecting party; (c) served on counsel to the Debtors: Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Fax: (212) 225-3999 (Attention: James L. Bromley and Lisa M. Schweitzer), and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, Delaware 19801, Fax: (302) 658-3989 (Attention: Derek C. Abbott), so that such objection is actually received by the relevant objection deadline; and (d) served so as to be received contemporaneously by the following: (i) counsel to the Purchasers: Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166-0193, Fax (212) 351-5234 (Attention: Janet M. Weiss) (ii) counsel to

the Committee: Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Fax: (212) 872-1002 (Attention: Fred Hodara, Stephen Kuhn and Kenneth Davis) and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attention: Christopher M. Samis), (iii) counsel to the Bondholder Group: Milbank, Tweed, Hadley & McCloy, One Chase Manhattan Plaza, New York, New York 10006, Fax: (212) 822-5735 (Attention: Mark Kenney) and (iv) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Fax: (302) 573-6497 (Attention: Thomas P. Tinker). Any such notice must specify the grounds for such objection. Pursuant to the Motion, only those objections made in compliance with the foregoing requirements will be considered by the Court at the Sale Hearing.

***To the extent that any Counterparty does not timely file and serve an objection as set forth above, such Counterparty will be (i) deemed to have consented to such Cure Amounts, if any, and to the assumption and assignment of the applicable Assumed and Assigned Contract(s); (ii) bound by such Cure Amounts, if any; (iii) deemed to have agreed that the Purchasers have provided adequate assurance of future performance within the meaning of Bankruptcy Code section 365(b)(1)(C); (iv) deemed to have agreed that all defaults under the applicable Assumed and Assigned Contract(s) arising or continuing prior to, or upon the occurrence of, the effective date of the assignment have been cured as a result or precondition of the assignment, such that the Purchasers or the Debtors shall have no liability or obligation with respect to any default occurring or continuing prior to the assignment, and from and after the date of the assignment the Assumed and Assigned Contract(s) shall remain in full force and effect for the benefit of the Purchasers and the Counterparty in accordance with its terms; (v) deemed to have waived any right to terminate the Assumed and Assigned Contract(s) or designate an early termination date under the applicable Assumed and Assigned Contract(s) as a result of any default that occurred and/or was continuing prior to, or upon the occurrence of, the assignment date; and (vi) deemed to have agreed that the terms of the Sale Order shall apply to the assumption and assignment of the applicable Assumed and Assigned Contract.***

Reservation of Rights. To the extent that an objection by a Counterparty is not resolved prior to the Closing Date, the Debtors, in consultation with the Purchasers, may elect (i) not to assume and assign such Assumed and Assigned Contracts or (ii) to postpone the assumption and assignment of such Assumed and Assigned Contracts until the resolution of such objection.

Documents. Copies of the Sale Motion may be examined by interested parties between the hours of 8:00 a.m. and 4:00 p.m. (ET) at the office of the Clerk of the Court, 824 Market Street, Wilmington, Delaware 19801, or by appointment during regular business hours at the offices of the Debtors' attorneys: Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attention: James L. Bromley and Lisa M. Schweitzer. Additionally, copies of the foregoing may be downloaded from the Court's docket at www.deb.uscourts.gov and from the website of the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC, at http://dm.epiq11.com/nortel.

Dates set forth in this notice are subject to change, and further notice of such changes may be provided through announcements in open court and/or the filing of notices and/or

amended agendas.  Parties in interest are encouraged to monitor the electronic court docket and/or the noticing agent website for further updates.

| | |
|---|---|
| Dated:  November 5, 2010<br>Wilmington, Delaware | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>James L. Bromley (admitted *pro hac vice*)<br>Lisa M. Schweitzer (admitted *pro hac vice*)<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone:  (212) 225-2000<br>Facsimile:  (212) 225-3999<br><br>- and -<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br> */s/ Ann C. Cordo*<br>Derek C. Abbott (No. 3376)<br>Eric D. Schwartz (No. 3134)<br>Ann C. Cordo (No. 4817)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone:  (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Counsel for the Debtors*<br>*and Debtors in Possession* |