## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X

|  |  |  |
|---|---|---|
| *In re* | : | Chapter 11 |
|  | : |  |
| Nortel Networks Inc., *et al.*,[1] | : | Case No. 09-10138 (KG) |
|  | : |  |
| Debtors. | : | Jointly Administered |
|  | : |  |
|  | : | **RE: D.I.'s 24, 195, 371, 686, 1046, 1367, 2191, 2349, 2830, 3744 and 4027** |

----------------------------------------------------------- X

## ELEVENTH SUPPLEMENTAL DECLARATION OF JAMES L. BROMLEY IN SUPPORT OF APPLICATION AUTHORIZING EMPLOYMENT AND RETENTION OF CLEARY GOTTLIEB STEEN & HAMILTON LLP AS COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION

I, JAMES L. BROMLEY, do hereby declare as follows:

1.       I am a member of the firm of Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb" or the "Firm") which maintains an office for the practice of law, among other places, at One Liberty Plaza, New York, New York 10006.  I am an attorney at law admitted to practice before the courts of the State of New York, the United States Court of Appeals – Second, Third and Ninth Circuits, and the United States District Courts for the District of New Jersey and the Eastern and Southern Districts of New York.

2.       I submit this declaration (the "Eleventh Supplemental Declaration") to supplement the Application For an Order Authorizing Employment and Retention of Cleary Gottlieb Steen & Hamilton LLP Nunc Pro Tunc to the Petition Date [D.I. 24] (the

---

[1]       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

"Application")[2], filed on January 14, 2009 (the "Petition Date"), the declaration of James L.

Bromley in support of and annexed as Exhibit A to the Application (the "Initial Declaration"),

the Supplemental Declaration of James L. Bromley in support of the Application [D.I. 195] (the

"First Supplemental Declaration"), filed on February 2, 2009, the Second Supplemental

Declaration of James L. Bromley in support of the Application [D.I. 371] (the "Second

Supplemental Declaration"), filed on February 25, 2009, the Third Supplemental Declaration of

James L. Bromley in support of the Application [D.I. 686] (the "Third Supplemental

Declaration") filed on May 1, 2009, the Fourth Supplemental Declaration of James L. Bromley

in support of the Application [D.I. 1046] (the "Fourth Supplemental Declaration") filed on July

8, 2009, the Fifth Supplemental Declaration of James L. Bromley in support of the Application

[D.I. 1367] (the "Fifth Supplemental Declaration") filed on August 24, 2009, the Sixth

Supplemental Declaration of James L. Bromley in support of the Application [D.I. 2191] (the

"Sixth Supplemental Declaration") filed on December 22, 2009, the Seventh Supplemental

Declaration of James L. Bromley in support of the Application [D.I. 2349] (the "Seventh

Supplemental Declaration") filed on January 26, 2010, the Eighth Supplemental Declaration of

James L. Bromley in support of the Application [D.I. 2830] (the "Eighth Supplemental

Declaration"), filed on April 2, 2010, the Ninth Supplemental Declaration of James L. Bromley

in support of the Application [D.I. 3744] (the "Ninth Supplemental Declaration"), filed on July

28, 2010 and the Tenth Supplemental Declaration of James L. Bromley in support of the

Application [D.I. 4027] (the "Tenth Supplemental Declaration"), filed on September 27, 2010.

3.      As set forth in the Initial Declaration, in order to ensure compliance with the

requirements of chapter 11 of the United States Code (the "Bankruptcy Code") and the Federal

---

[2]      Capitalized terms used but not defined herein have the meanings ascribed to them in the Application.

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") regarding the retention of

professionals by the Debtors, Cleary Gottlieb undertook to determine whether Cleary Gottlieb

had any conflicts or other relationships that might cause it not to be disinterested or to hold or

represent an interest adverse to the Debtors.  Specifically, I directed a list (the "Conflicts Check

List"), attached to the Initial Declaration as Exhibit I, of (i) entities affiliated with or related to

the Debtors, (ii) professionals retained by the Debtors in these chapter 11 proceedings, (iii) key

creditors of the Debtors and their respective counsel, and (iv) certain other parties in interest in

these chapter 11 cases and their respective counsel be submitted to the Firm's Records

Department.  Cleary Gottlieb's Records Department ran a computerized check of each of these

persons or entities against the Firm's client database (the "Client Database") to determine which

persons or entities, if any, Cleary Gottlieb currently represents ("Current Clients") or has

represented in three years prior to the Petition Date ("Former Clients").  A list of Current Clients

matching those entities on the Conflicts Check List is attached to the Initial Declaration as

Exhibit II.  A list of Former Clients matching those entities on the Conflicts Check List is

attached to the Initial Declaration as Exhibit III.

4.      As set forth in the Application, Cleary Gottlieb has updated and will continue to

update periodically its conflicts review during the pendency of these chapter 11 cases to ensure

that no conflicts or other disqualifying circumstances exist or arise.

5.      In connection with the eleventh such periodic review, I directed the Firm's

Records Department to run a computerized check of (i) persons or entities that have filed Notices

of Appearance in these chapter 11 cases as of October 15, 2010 but were not included in prior

periodic reviews and (ii) certain other parties in interest against the Firm's Client Database to

determine which person or entities, of any, are Current Clients or Former Clients of Cleary Gottlieb.[3]

6.      I am submitting this Eleventh Supplemental Declaration, in part, to update certain disclosure made in the Application regarding the Firm's work for the Canadian Debtors.  As discussed in the Application, the Firm represented the Debtors, the Canadian Debtors and their affiliates prior to the Petition Date and planned to continue to provide advice to the Canadian Debtors after the Petition Date on matters of joint interest with the Debtors.  See Application at ¶ 21.  Subsequently, the Debtors and the Canadian Debtors agreed that Cleary Gottlieb will not advise the Canadian Debtors on any matters, except in respect of certain matters relating to the U.S. federal securities laws, where the Debtors also have provided and continue to provide material support to Canadian Debtor NNC in connection with such reporting.  To this end, the Canadian Debtors have granted a waiver permitting the Firm, with certain limitations in connection with the prosecution of specified potential avoidance actions and the potential conduct of certain witness discovery, to represent the Debtors in matters adverse to the Canadian Debtors.  Cleary Gottlieb has informed the Debtors of its past representation of the Canadian Debtors and the Debtors have consented to the Firm's continued representation of the Canadian Debtors in respect of certain matters relating to the U.S. federal securities laws.

7.      I am further submitting this Eleventh Supplemental Declaration to disclose that in matters wholly unrelated to these chapter 11 proceedings, Cleary Gottlieb currently represents Parties R and S, and affiliates of Parties U and V, all parties in interest, in matters wholly unrelated to these chapter 11 proceedings.  I am further submitting this Eleventh Supplemental

---

[3]      Cleary Gottlieb is not permitted to disclose the identities of the certain other parties in interest for confidentiality reasons related to the Debtors' business.  If and when Cleary Gottlieb is permitted to disclose such information, Cleary Gottlieb will do so by filing a supplemental declaration with the court pursuant to Bankruptcy Rule 2014.  Cleary Gottlieb will disclose such information in confidence to the Office of the United States Trustee for the District of Delaware if requested to do so.

Declaration to disclose that in matters wholly unrelated to these chapter 11 proceedings, Cleary Gottlieb formerly represented Party W, a party in interest, in matters wholly unrelated to these chapter 11 proceedings.

8.      Cleary Gottlieb believes that its representation of Parties R and S, affiliates of Parties U and V and the former representation of Party W, in matters wholly unrelated to these chapter 11 proceedings are not adverse to the Firm's representation of the Debtors in the above-captioned bankruptcy cases.  Except as otherwise disclosed, in the event that any adversary proceeding is required to be commenced as to Parties R and S or affiliates of Parties U or V, any of the entities identified in Exhibit II, or any other then active client of the Firm, the Debtors will retain co-counsel or special counsel to handle such matters.

9.      I am further submitting this Eleventh Supplemental Declaration to disclose that an associate with the Firm working on matters relating to the Debtors is a child of one of the members of the legal team of Morneau Sobeco Limited Partnership, the recently appointed plan administrator for the purpose of winding up the pension plans of the Canadian Debtors.  This associate will not have any communications or share any information, with such associate's parent regarding the Debtors, the Canadian Debtors or the Canadian Debtors' pension plans.

*[Remainder of Page Intentionally Left Blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 8, 2010.

_____
JAMES L. BROMLEY