IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------X
: 
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
          Debtors. :
:
:
--------------------------------------------------------X

**DECLARATION OF RICHARD BORIS IN SUPPORT OF NORTEL NETWORKS INC.'S RESPONSE IN OPPOSITION TO THE MOTION OF THE AFFILIATES OF VERIZON COMMUNICATIONS INC. FOR (A) MODIFICATION OF THE AUTOMATIC STAY; (B) DETERMINATION OF VERIZON'S PREPETITION RIGHTS OF SETOFF; AND (C) AN ORDER REQUIRING VERIZON'S SETOFF RIGHTS TO BE EFFECTUATED AND SATISFIED BY NORTEL NETWORKS INC.**

I, Richard Boris, do hereby declare as follows:

1. I am the Claims Management Leader for Nortel Networks Inc. ("NNI"), a position that I have held since August, 2009. I have served in various capacities at NNI and Nortel Networks (CALA) Inc. for approximately eleven years. In my current position, I am responsible for, among other things, the review and analysis of all claims filed in the Debtors' chapter 11 cases. Except as otherwise noted, all facts set forth in this Declaration are based upon my personal knowledge or information that I learned from reviewing NNI's books and records maintained in the ordinary course of business or information made available to me by others at

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226) (collectively, the "Debtors"). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

NNI who have reviewed the books and records. If I were called upon to testify, I could and would testify competently to the facts set forth herein.

2. I submit this Declaration in support of NNI's Response in Opposition to the Motion of the Affiliates of Verizon Communications Inc. for (a) Modification of the Automatic Stay; (b) Determination of Verizon's Prepetition Rights of Setoff; and (c) an Order Requiring Verizon's Setoff Rights to be Effectuated and Satisfied by NNI (the "Response").[2]

### Reconciliation of the Telecom Charges

3. I have reviewed the proof of claim, and the attachment thereto, filed against NNI by "the Affiliates of Verizon Communications Inc.," dated September 30, 2009 (the "Proof of Claim"). One of the claims asserted in the Proof of Claim is for what is described as "liquidated amounts owed by Nortel Networks Inc. to Verizon," totaling, in the aggregate, $516,674.97 (the "Telecom Charges"). (Id. Ex. B ¶ 2.)

4. I am aware that on September 25, 2010, certain Verizon affiliates (collectively, the "Movants") filed a motion with the Court seeking to enforce alleged setoff rights against NNI [D.I. 3901] (the "Setoff Motion"). I have reviewed the Setoff Motion. According to Exhibit A to the Setoff Motion ("Movants' Exhibit A"), which Movants describe as a list of prepetition receivables and payables by various Verizon affiliates[3] for the Telecom Charges, Movants claim the right to a setoff of $251,798.05[4] with respect to such Charges. (See Setoff Motion Ex. A.)

---

[2] Capitalized terms not defined herein have the same meanings as in the Response.

[3] The affiliates listed as having an unpaid receivable from NNI as of the Petition Date are identified as: MCI Communications Services Inc., MCI International Inc., Verizon California Inc., Verizon D.C. Inc., Verizon Delaware Inc., Verizon Florida LLC, Verizon Maryland Inc., Verizon New England Inc., Verizon New Jersey Inc., Verizon New York Inc., Verizon North Inc., Verizon Northwest Inc., Verizon Pennsylvania Inc., Verizon South Inc., Verizon Virginia Inc., and Verizon Wireless. Verizon Select Services Inc. ("VSSI") is also listed on Movants' Exhibit A, but its claim is the "Switch Claim," not a claim for Telecom Charges.

[4] This figure was calculated by subtracting from the "Net Setoff/Credit" amount in Movants' Exhibit A ($3,713,099.05) the amount of the Switch Claim ($3,461,301.00).

5.  I have reviewed Movants' Exhibit A and compared the receivable and payable amounts listed therein with the corresponding information in NNI's books and records. Based on that comparison, I have concluded that $392,402.49 of the Telecom Charges listed on Movants' Exhibit A correspond to valid debts NNI owed to the relevant Verizon affiliates as of the Petition Date. Based on that comparison, I have also concluded that the remaining $124,272.48 of the Telecom Charges listed on Movants' Exhibit A are incorrect, and disputed, and do not correspond to valid debts NNI owed to the listed Verizon affiliates as of the Petition Date, as they are either without basis or unsupported by appropriate documentation. I have further concluded that the correct "Net Setoff/Credit" amount for the Telecom Charges listed on Movants' Exhibit A is not $251,798.05 but is $162,464.79.

6.  My conclusions are set forth in the chart attached hereto as **Exhibit 1**. The chart sets forth NNI's position regarding its prepetition accounts receivable from and payable to the various Verizon entities listed on Movants' Exhibit A, on an entity-by-entity basis. The chart also sets forth what NNI believes are the correct "Net Setoff/Credit" amounts for the Telecom Charges listed on Movants' Exhibit A.

### The Switch Claim

7.  A second claim that is set forth in the Proof of Claim is the Switch Claim. Based on information set forth in the Setoff Motion and Movants' Exhibit A, VSSI seeks to setoff $3,461,301.00 pursuant to indemnification rights it claims are applicable against NNI with respect to a dispute that VSSI had with a customer, concerning a system that included, along with a number of non-Nortel products, a Nortel CS2100 switch NNI sold to VSSI. Based on the information available to me and my understanding of the matter, NNI disputes that its

performance was deficient or caused the issues VSSI apparently had with its customer, and disputes the Switch Claim.

### The Voxpath Indemnity Claim

8. The final claim set forth in the Proof of Claim is the Voxpath Indemnity Claim. I understand that the underlying patent infringement action between Voxpath and certain Verizon affiliates is at a very early stage and that there has been no determination of the scope of the infringement claims that will ultimately be decided, let alone any decision that implicates a Nortel product.

9. Based on the information available to me, and my understanding of the matter, however, NNI believes it has no liability on the Voxpath Claim.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on November 8, 2010

*Richard Boris* (signature)
Richard Boris

4