## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X

*In re*

Nortel Networks Inc., *et al.*,[1]

                        Debtors.

---------------------------------------------------------- X

Nortel Networks Inc.,

                    Plaintiff,

v.

TEKsystems Inc.,

                    Defendant.

----------------------------------------------------------X

:    Chapter 11

:    Bankr. Case No. 09-10138 (KG)

:    (Jointly Administered)

:    Adv. Proc. No. [Refer To Summons]

## COMPLAINT TO AVOID AND RECOVER
## PREFERENTIAL TRANSFERS AND TO DISALLOW CLAIMS

       Plaintiff Nortel Networks Inc. ("Plaintiff"), as one of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby files this *Complaint to Avoid and Recover Preferential Transfers and to Disallow Claims* and, in support thereof, alleges as follows:

---

[1] In addition to Nortel Networks Inc. ("NNI"), the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("NN CALA"). Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://dm.epiq11.com/nortel.

## NATURE OF THE ACTION

1.      This adversary proceeding is brought to avoid and recover from

TEKsystems Inc. ("Defendant") certain preferential transfers made to Defendant by Plaintiff

during the ninety (90) day period prior to the Petition Date (as defined below).

## JURISDICTION AND VENUE

2.      This adversary proceeding is brought pursuant to sections 547, 550, 551

and 502(d) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 7001 et seq.

of the Federal Rules of Bankruptcy Procedure.

3.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court

may enter a final adjudication of the merits of this Complaint.

4.      This Court has jurisdiction of this adversary proceeding pursuant to 28

U.S.C. §§ 157 and 1334(b) and (e).

5.      Venue of this adversary proceeding in this district is proper pursuant to 28

U.S.C. § 1409(a).

## PARTIES

6.      Plaintiff Nortel Networks Inc. is a corporation duly incorporated under the

laws of the state of Delaware with its principal place of business located at 4001 E. Chapel Hill-

Nelson Hwy., P.O. Box 13010, Research Triangle Park, NC 27709-3010.

7.      Upon information and belief, Defendant TEKsystems Inc. is a corporation

or other legal entity that transacted business with one or more of the Debtors, including Plaintiff,

prior to the Petition Date (as defined below), and was the transferee of certain payments from

Plaintiff during the ninety (90) day period prior to the Petition Date.

## BACKGROUND

8.      On January 14, 2009 (the "Petition Date"), the Debtors (with the exception

of NN CALA, which filed on July 14, 2009) each filed a voluntary petition for relief under

chapter 11 of the Bankruptcy Code.  The Debtors continue to operate as debtors in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases have

been consolidated for procedural purposes only and are being jointly administered pursuant to an

order of this Court.

9.      Also on the Petition Date, the Debtors' ultimate corporate parent, Nortel

Networks Corporation, NNI's direct corporate parent Nortel Networks Limited, and certain of

their Canadian affiliates (collectively, the "Canadian Debtors") filed an application with the

Ontario Superior Court of Justice under the Companies' Creditors Arrangement Act (Canada),

seeking relief from their creditors.

10.      On or about January 26, 2009, the Office of the United States Trustee for

the District of Delaware appointed an Official Committee of Unsecured Creditors pursuant to

section 1102(a)(1) of the Bankruptcy Code.  An ad hoc group of bondholders holding claims

against certain of the Debtors and certain of the Canadian Debtors has also been organized.  No

trustee or examiner has been appointed in the Debtors' cases.

11.      On July 13, 2010, the Debtors filed the Joint Chapter 11 Plan of Nortel

Networks Inc. and Its Affiliated Debtors [D.I. 3580].  On September 3, 2010, the Debtors filed

the Proposed Disclosure Statement for the Joint Chapter 11 Plan of Nortel Networks Inc. and Its

Affiliated Debtors [D.I. 3874].

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

12.     On or within ninety (90) days prior to the Petition Date (the "Preference Period"), Plaintiff made one or more transfers of an interest in its property to or for the benefit of Defendant, as set forth on Exhibit "A" hereto.

13.     Exhibit "A" reflects Plaintiff's present knowledge as to the transfers made to Defendant by Plaintiff during the Preference Period.  During the course of this proceeding Plaintiff may learn (through discovery or otherwise) of additional transfers made by Plaintiff to Defendant during the Preference Period.  By virtue of this Complaint, Plaintiff is seeking to avoid and recover all transfers made to Defendant by Plaintiff during the Preference Period, whether such transfers are reflected on Exhibit "A" or not.  Collectively, all transfers made by Plaintiff during the Preference Period of an interest in its property to or for the benefit of Defendant (whether such transfers are reflected on Exhibit "A" hereto or not) are referred to herein as the "Subject Transfers".

## CLAIMS FOR RELIEF

### First Claim for Relief

### (Avoidance of Preferential Transfers – 11 U.S.C. § 547(b))

14.     Plaintiff restates and realleges the allegations of paragraphs "1" through "13" above as if fully set forth herein.

15.     Section 547(b) of the Bankruptcy Code empowers a debtor in possession, for the benefit of the estate, to avoid a transfer to or for the benefit of a creditor of an interest in the property of the debtor in possession if the requirements set forth therein are met.

16.     Pursuant to section 547(b) of the Bankruptcy Code, a debtor in possession may avoid any transfer of an interest in the property of the debtor in possession (a) to or for the benefit of a creditor, (b) for or on account of an antecedent debt owed by the debtor in possession

4

before such transfer was made, (c) made while the debtor in possession was insolvent, (d) made

on or within ninety (90) days, or in certain circumstances within one (1) year, before the filing of

the petition, and (e) that enables such creditor to receive more in satisfaction of its claims than it

would receive in a case under chapter 7 of the Bankruptcy Code if the transfer had not been

made and the creditor had received payment of such debt to the extent provided by the provisions

of title 11 of the Bankruptcy Code.

17.    During the Preference Period, Plaintiff made the Subject Transfers

described in paragraphs "12" through "13" above to Defendant.

18.    Plaintiff was insolvent, and pursuant to section 547(f) of the Bankruptcy

Code is presumed to have been insolvent, during the ninety (90) day period prior to the Petition

Date, and on the dates on which it made the Subject Transfers to Defendant.

19.    The Subject Transfers were transfers of an interest of Plaintiff in property.

20.    The Subject Transfers were made to or for the benefit of Defendant, a

creditor of Plaintiff at the time the Subject Transfers were made.

21.    The Subject Transfers were made on account of antecedent debts owed by

Plaintiff to Defendant before such Transfers were made, which debts are reflected in the invoices

enumerated on Exhibit "A" hereto.

22.    The Subject Transfers enabled Defendant to recover more on its

antecedent debts --100%-- than it would have received if (a) the Subject Transfers had not been

made, (b) Plaintiff's chapter 11 case were a case under chapter 7 of the Bankruptcy Code, and (c)

Defendant received payment of its antecedent debts to the extent provided by the provisions of

title 11 of the Bankruptcy Code.

23.    Defendant has not repaid all or any part of the Subject Transfers.

5

24.    The Subject Transfers constitute preferential transfers subject to avoidance pursuant to section 547(b) of the Bankruptcy Code.

## Second Claim for Relief

### (Recovery of Avoided Transfers – 11 U.S.C. § 550(a))

25.    Plaintiff restates and realleges the allegations of paragraphs "1" through "24" above as if fully set forth herein.

26.    Defendant is either the (a) initial transferee of the Subject Transfers, (b) the entity for whose benefit the Subject Transfers were made, or (c) an immediate or mediate transferee of an initial transferee.

27.    Plaintiff is entitled to recover from Defendant the value of each of the Subject Transfers pursuant to section 550(a) of the Bankruptcy Code.

## Third Claim for Relief

### (Disallowance of Defendant's Proof of Claim or Scheduled Claim – 11 U.S.C. § 502(d))

28.    Plaintiff restates and realleges the allegations of paragraphs "1" through "27" above as if fully set forth herein.

29.    Defendant is an entity from which property is recoverable under section 550(a) of the Bankruptcy Code and is a transferee of one or more transfers avoidable under section 547(b) of the Bankruptcy Code.

30.    Defendant has not paid the amount, or turned over such property, for which Defendant is liable under section 550(a) of the Bankruptcy Code.

31.    Pursuant to section 502(d) of the Bankruptcy Code, to the extent that Defendant currently possesses filed or scheduled claims against the Debtors (collectively, the

"Claims"), the Claims should be disallowed unless and until Defendant repays in full to Plaintiff,

pursuant to a judgment or otherwise, the amount of the Subject Transfers.

      WHEREFORE, Plaintiff demands judgment against Defendant as follows: (1)

avoiding the Subject Transfers pursuant to 11 U.S.C. § 547(b); (2) directing Defendant to pay to

Plaintiff's estate the value of the Subject Transfers, in an amount to be determined at trial, but no

less than the amount set forth on Exhibit "A" hereto, plus interest and costs, pursuant to 11

U.S.C. § 550(a); (3) disallowing any Claims until the Subject Transfers are repaid to Plaintiff's

estate pursuant to 11 U.S.C. § 502(d); and (4) granting such other and further relief as the Court

deems just and proper.

Dated: November 9, 2010
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Deborah M. Buell (admitted *pro hac vice*)
Neil P. Forrest (admitted *pro hac vice*)
Katherine J. Roberts (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


*Donna L. Culver*

Donna L. Culver (No. 2983)
Derek C. Abbott (No. 3376)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*

3886788.1