# EXHIBIT C

# Retention Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
                                                            :
                                                            :   Chapter 11
*In re*                                                     :
                                                            :   Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                          :
                                                            :   Jointly Administered
                    Debtors.                                :
                                                            :   RE: D.I. 294
                                                            :
------------------------------------------------------------X

**ORDER UNDER 11 U.S.C. §§ 327 AND 328 AUTHORIZING RETENTION AND EMPLOYMENT OF LAZARD FRÈRES & CO. LLC AS FINANCIAL ADVISOR AND INVESTMENT BANKER TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application, dated February 13, 2009 (the "Application"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Application, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), (i) authorizing the Debtors to retain and employ Lazard Frères & Co. LLC ("Lazard") as financial advisor and investment banker to the Debtors, *nunc pro tunc* to the Petition Date, (ii) approving the terms and conditions of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

Agreement and (iii) granting related relief; and upon the Declaration of Frank A. Savage in Support of Debtors' Application for Entry of an Order Under 11 U.S.C. §§ 327 and 328 Authorizing Retention and Employment of Lazard Frères & Co. LLC as Financial Advisor and Investment Banker to the Debtors *Nunc Pro Tunc* to the Petition Date, attached as Exhibit A to the Application (the "Savage Declaration"); and adequate notice of the Application having been given as set forth in the Application; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief requested in the Application, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Bankruptcy Rule 2014-1, the Debtors are authorized to retain and employ Lazard as financial advisor and investment banker to the Debtors, *nunc pro tunc* to the Petition Date, under the terms and conditions set forth in that certain letter dated March 16, 2009, by and between the Company and Lazard, attached hereto as Exhibit A to this Order (the "Engagement Agreement") and the related indemnification letter attached hereto as Exhibit B to this Order (the "Indemnification Agreement", and together with the Engagement Agreement, the "Agreement").

3. The fee structure and other compensation set forth in the Engagement Agreement, including, without limitation, the Monthly Fee, the Restructuring/Breakup Fee, the Sale Transaction Fee, the Minority Sale Transaction Fee, the Financing Fee and the Other Transaction Fee (as all are defined in the Engagement Agreement), the reimbursement of expenses, and the indemnity, reimbursement and contribution obligations pursuant to the Indemnification Agreement, are approved pursuant to section 328(a) of the Bankruptcy Code. The Debtors shall be jointly and severally liable for such compensation.

4. Lazard will file fee applications for interim and final allowance of compensation, including reimbursement of expenses, pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code; provided, however, that Lazard shall be compensated pursuant to section 328(a) of the Bankruptcy Code and that Lazard's compensation shall not be evaluated under the standard set forth in section 330 of the Bankruptcy Code.

5. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, orders of this Court or any guidelines regarding submission and approval of fee applications, in light of services to be provided by Lazard and the structure of Lazard's compensation pursuant to the Engagement Agreement, Lazard and its professionals shall be excused from maintaining time records as set forth in Local Rule 2016 in connection with the services to be rendered pursuant to the Engagement Agreement; provided, however, that Lazard shall instead present to the Court daily descriptions of those services provided on behalf of the Debtors, set forth for each individual who provided such services, kept in hour increments with a reasonably detailed description of the services provided.

6. Notwithstanding anything in this Order to the contrary, the United States Trustee for the District of Delaware shall retain all rights to object to the Monthly Fee, the

3

Restructuring/Breakup Fee, the Sale Transaction Fee, the Minority Sale Transaction Fee, the Financing Fee, and the Other Transaction Fee based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

7. The provisions set forth in the Indemnification Agreement are approved, subject during the pendency of these cases to the following:

   a. Subject to the provisions of subparagraph (d) beneath, the Debtors are authorized to indemnify, and to provide contribution and reimbursement to, and shall indemnify, and provide contribution and reimbursement to, the Indemnified Persons (as defined in the Indemnification Agreement) in accordance with the Indemnification Agreement for any claim arising from, related to, or in connection with the services provided for in the Engagement Agreement, but not for any claim arising from, related to, or in connection with Lazard's postpetition performance of any other services unless such postpetition services and indemnification therefore are approved by the Court;

   b. notwithstanding any provisions of the Indemnification Agreement to the contrary, the Debtors shall have no obligation to indemnify Lazard or provide contribution or reimbursement to Lazard (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Lazard's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of Lazard's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (d) beneath, to be a claim or expense for which Lazard should not receive indemnity, contribution or reimbursement under the terms of the Indemnification Agreement, as modified by this Order;

   c. if during the pendency of the Debtors' cases the indemnification is held unenforceable by reason of the exclusions set forth in subparagraph (b) above and Lazard makes a claim for the payment of any amounts by the Debtors on account of the Debtors' contribution obligations, then the provisio set forth in the second

sentence of the contribution provisions in the Indemnification Agreement shall not apply; and

d. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become final and no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Lazard believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Indemnification Agreement (as modified by this Order), including without limitation the advancement of defense costs, Lazard must file an application therefor in this Court, and the Debtors may not pay any such amounts to Lazard before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for compensation and expenses by Lazard for indemnification, contribution or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify Lazard.

8. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March 20, 2009
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

5