IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
                                )
IN RE:                          )  Chapter 11
                                )
NORTEL NETWORKS INC., et al.,   )  Case No. 09-10138 (KG)
                                )
                                )  Courtroom 3
                                )  824 Market Street
_____Debtors._____ )  Wilmington, Delaware
```

November 8, 2010
12:34 p.m.

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:                Morris Nichols Arsht & Tunnell
                            BY:  DEREK C. ABBOTT, ESQ.
                            BY:  ANN C. CORDO, ESQ.
                            1201 North Market Street
                            18th Floor
                            P.O. Box 1347
                            Wilmington, DE 19899-1347
                            (302) 658-9200

                            Benesch
                            BY:  JENNIFER R. HOOVER, ESQ.
                            222 Delaware Avenue Suite 801
                            Wilmington, DE 19801-1611
                            (302) 442-7010

ECRO:                       GINGER MACE

Transcription Service:      DIAZ DATA SERVICES
                            331 Schuylkill Street
                            Harrisburg, Pennsylvania 17110
                            (717) 233-6664
                            www.diazdata.com

Proceedings recorded by electronic sound recording; transcript
produced by transcription service

APPEARANCES:
(Continued)

For Debtors:                          Cleary Gottlieb Steen & Hamilton
                                      BY: JANE KIM, ESQ.
                                      BY: SALVATORE F. BIANCA, ESQ.
                                      BY: DAVID H. HERRINGTON, ESQ.
                                      BY: DAVID Y. LIVSHIZ, ESQ.
                                      BY: EMILY A. BUSSIGEL, ESQ.
                                      BY: KATHERINE WILSON-MILNE, ESQ.
                                      One Liberty Plaza
                                      New York, NY 10006
                                      (212) 225-2000

For The Official Committee            Richards Layton & Finger
Of Unsecured Creditors:               BY:  CHRISTOPHER M. SAMIS, ESQ.
                                      One Rodney Square
                                      920 North King Street
                                      Wilmington, DE 19801
                                      (302) 651-7700

For Ernst & Young, Monitor:           Buchanan Ingersoll & Rooney
                                      BY:  MONA A. PARIKH, ESQ.
                                      The Brandywine Building
                                      1000 West Street Suite 1410
                                      Wilmington, DE 19801-1054
                                      (302) 552-4200

                                      Allen & Overy
                                      BY:  JESSICA LUBARSKY, ESQ.
                                      1221 Avenue of the Americas
                                      New York, NY 10020
                                      (212) 610-6329

For Bondholder Group:                 Milbank Tweed Hadley & McCloy
                                      BY:  THOMAS J. MATZ, ESQ.
                                      One Chase Manhattan Plaza
                                      New York, NY 10005-1413
                                      (212) 530-5000

For Communications Test               Skadden Arps
Design, Inc.:                         BY:  ANTHONY W. CLARK, ESQ.
                                      BY:  MICHELLE L. GREEN, ESQ.
                                      BY:  YOSEF IBRAHIMI, ESQ.
                                      One Rodney Square
                                      P.O. Box 636
                                      Wilmington, DE 19899
                                      (302) 651-3000

APPEARANCES:
(Continued)

For Coke:                          Potter Anderson & Corroon LLP
                                   BY:  JEREMY RYAN, ESQ.
                                   BY:  STEPHEN R. MCNEILL, ESQ.
                                   Hercules Plaza
                                   1313 North Market Street
                                   6th Floor
                                   Wilmington, DE 19801
                                   (302) 984-6000

For Joint Administrators:          Young Conaway Stargatt & Taylor
                                   BY:  JAIME N. LUTON, ESQ.
                                   The Brandywine Building
                                   1000 West Street 17th Floor
                                   P.O. Box 391
                                   Wilmington, DE 19801
                                   (302) 571-6600

TELEPHONIC APPEARANCES:

For The Official Committee         Akin Gump Strauss Hauer & Feld
Of Unsecured Creditors:            BY:  DAVID BOTTER, ESQ.
                                   BY:  BRAD KAHN, ESQ.
                                   BY:  SARAH SCHULTZ, ESQ.
                                   One Bryant Park
                                   New York, NY 10036
                                   (212) 872-1055

For Bond Holders Group:            Milbank Tweed Hadley & McCloy
                                   BY:  THOMAS KRELLER, ESQ.
                                   (213) 892-4463

1      WILMINGTON, DELAWARE, MONDAY, NOVEMBER 8, 2010, 12:34 P.M.

2                THE CLERK:  Please rise.

3                THE COURT:  Good morning, everyone.  Thank you.

4      Please be seated.  Ms. Cordo, good morning.

5                MS. CORDO:  Good morning, Your Honor.  Annie Cordo,

6      Morris Nichols Arsht and Tunnell on behalf of the debtors.

7      With your indulgence, we'd like to take the agenda slightly out

8      of order this morning.

9                THE COURT:  All right.

10               MS. CORDO:  If I can just kind of walk you through,

11     I think, how we're going to run everything, if that is all

12     right with you?

13               THE COURT:  That's fine.

14               MS. CORDO:  First, I just wanted to check.  We

15     submitted one item, Number 5, under certificate of no

16     objection.  I haven't seen that order hit the docket yet, but

17     we just wanted to make sure it had gone through?

18               THE COURT:  It got through and I am signing it.

19               MS. CORDO:  Okay.  Thank you, Your Honor.

20               THE COURT:  Yes.

21               MS. CORDO:  So I think what we're going to do is,

22     Ms. Kim would just like to say a few things and then we're

23     going to take the status conference for the CTDI matter, which

24     is both on the 11 and the 15 agendas, take that first, and then

25     jump back to the Chapter 11 agenda for just the two claims

1  objection matters that are left.

2          THE COURT:  That sounds great.  Thank you.  Thank

3  you, Ms. Cordo.

4          MS. CORDO:  Thank you.  I'll turn the podium over to

5  Ms. Kim.

6          THE COURT:  All right.  Ms. Kim, good to see you.

7          MS. KIM:  Good afternoon, Your Honor. For the

8  record, Jane Kim from Cleary Gottlieb Steen and Hamilton on

9  behalf of the debtors.

10          THE COURT:  Yes.

11          MS. KIM:  Your Honor, Item Number 10 on the agenda

12  is the notice of joint hearing that the monitor filed with

13  respect to the sale of the Carling Facility.

14          THE COURT:  Yes.

15          MS. KIM:  The debtors and the committee have had

16  discussions with the Canadian debtors and the monitor and we're

17  happy to report that we do not believe that a joint hearing is

18  necessary, but I did want to take a few minutes to just explain

19  what happened, so that in case we do need to come before Your

20  Honor in the future, Your Honor understands the issues.

21          THE COURT:  That would be fine.

22          MS. KIM:  Last week the debtors and the committee

23  engaged in discussions with the monitor and the Canadian

24  debtors because we had a couple of issues with the sale that

25  was proposed.  The first is that, as Your Honor knows, the

1    debtor have a charge on the Carling Facility, resulting from

2    the $75 million loan that NNI extended to NNL back towards the

3    beginning of this case.  The loan comes due at the end of this

4    year and the sale of the Carling Facility is expected to close

5    by year-end, in which case the debt -- the Canadian debtors and

6    the monitor have represented that they plan to use the sale

7    proceeds from the Carling Facility sale to repay the loan.

8            The debtors support the sale and we just wanted to

9    be able to make sure that we would be able to come before this

10   Court and/or the Canadian Court in the event the Carling sale

11   did not close by year end, to make sure that NNI could be

12   repaid out of proceeds on-hand.  So the Canadian debtors and

13   the monitor have agreed to insert language into the proposed

14   order that's before Justice Marowitz to reflect and protect

15   those rights.

16           THE COURT:  Very well.

17           MS. KIM:  The second issue relates to the release of

18   an escrow that Sienna set up as part of the MEN sale

19   transaction that would be released as part of the Carling sale.

20   The MEN sale included a lease of part of the Carling Facility

21   to Sienna.  The landlord is Nortel Networks Technology

22   Corporation and NNTC, which is a Canadian debtor.  The release

23   has an early termination right that NNTC can exercise, which

24   would result in a payment of thirty-three-and-a-half million

25   dollars to Sienna.

1          The -- Sienna escrowed thirty-three-and-a-half

2    million dollars of the proceeds from the MEN sale to protect

3    its right to payment in the event that the early termination

4    right was exercised.  And the Canadian Government has required

5    that, as part of its purchase of the Carling Facility, that

6    that early termination right be exercised.  So the thirty-

7    three-and-a-half million dollar escrow will be released as a

8    result of the sale to the government.

9          As Your Honor know, all issues with respect to

10   allocation of the proceeds of sales will be determined through

11   the process set up through the interim funding and settlement

12   agreement.  And, indeed, there's a mediation that is set to

13   begin at the end of this week to deal with those issues.  And

14   the debtor simply wanted to preserve their argument with

15   respect to how the payment of that thirty-three-and-a-half

16   million dollar escrow would be allocated, whether to specific

17   sellers or -- as opposed to taking it off the top, for example.

18          THE COURT:  Yes.

19          MS. KIM:  So after discussions with the Canadian

20   debtors and the monitor about this issue, they agreed to

21   include in the proposed order that those arguments are

22   preserved and that if it's determined later that the thirty-

23   three-and-a-half million dollars, or part of that payment is an

24   obligation of one or more of the Canadian debtors, that we can

25   look to all of the Canadian debtors and across proceeds

1  received or allocated to all of the Canadian debtors from any

2  of the deals if necessary to satisfy that obligation.

3           And with those two resolutions that will be

4  reflected in the proposed order in front of Justice Marowitz,

5  the debtors and the creditors committee agreed to have the

6  motion heard only in front of the Canadian Court, and I believe

7  that Justice Marowitz is hearing that motion simultaneously

8  with this hearing.  But we do appreciate the Court having

9  accommodated us and making yourself available for a joint

10  hearing.

11           And one other thing that I do want to note too was

12  that just a few moments before this hearing we -- the debtors

13  filed a motion -- an application to retain Torys LLP as its

14  counsel in Canada.  And that is -- we are seeking to have that

15  application heard on short notice for November 23rd's omnibus

16  hearing and we would be seeking nunc pro tunc retention back to

17  October 28th, so wanted to alert the Court of that fact as

18  well.

19           THE COURT:  All right.

20           MS. KIM:  I don't know if anybody else wants to hear

21  -- be heard on this.

22           THE COURT:  And that motion to shorten time will

23  probably be coming to my chambers; is that right?

24           MS. KIM:  It should already have hit the docket, and

25  if it hasn't, it will be -- oh, no --

1          THE COURT:  Ms. Cordo?

2          MS. CORDO:  We're not -- sorry, Your Honor, we're

3 not seeking that on shortened notice.

4          THE COURT:  Okay.

5          MS. CORDO:  We're doing it on regular notice, just

6 serving it by overnight mail, because we're under the regular

7 mail deadline.

8          THE COURT:  All right.  Very well.

9          MS. KIM:  I apologize.

10          THE COURT:  Good.  Thank you, Ms. Cordo.

11          MS. KIM:  So I don't know if anybody else wants to

12 be heard, but otherwise --

13          THE COURT:  No one is rushing the podium --

14          MS. KIM:  No.

15          THE COURT:  -- so I think not.

16          MS. KIM:  Very good.  Or if Your Honor has any

17 further questions?  If not --

18          THE COURT:  I'm pleased to hear the mediation is

19 scheduled to proceed at the end of the week.

20          MS. KIM:  Great.  And, Your Honor, we are available

21 to answer any questions on that as well or we'll make ourselves

22 available to answer any questions on the progress of that as

23 well if Your Honor wishes to learn more.

24          Otherwise, if there's nothing further from Your

25 Honor, I want to introduce a colleague, David Herrington, who

1    will be handling the matters for the Communication Test

2    Designs, Inc. adversary proceeding.

3            THE COURT:  All right.  Thank you.  Mr. Herrington,

4    welcome.  It's good to have you here.

5            MR. HERRINGTON:  Thank you, Your Honor.  As Ms. Kim

6    just mentioned, David Herrington representing NNI in the trade

7    secret, fraud and breach of contract claim that NNI has brought

8    against a company called Communication Test Design, Inc., it

9    goes by CTDI.

10           THE COURT:  Yes.

11           MR. HERRINGTON:  It's based on CTDI having gotten

12   access to Nortel trade secrets and proprietary components under

13   contracts that allowed it to use that information to repair

14   products and to update products, but instead what it ended up

15   doing is taking these components, using the trade secrets and

16   know how that it had received from Nortel and fabricating brand

17   new phones and selling them on the market.  So that's the gist

18   of the case.

19           NNL has also brought a parallel complaint asserting

20   the claims to the extent it owns any of the relevant

21   intellectual property and the NNL complaint includes a

22   trademark claim, because NNL is the holder of the trademark.

23           THE COURT:  Okay.

24           MR. HERRINGTON:  Your Honor, we have met and

25   conferred with counsel for CTDI.  We've made progress, we've

1   agreed on a scheduling order, and that was provided to the

2   Court through the certificate of counsel.  The parties have

3   also agreed to consolidate the NNL and NNI actions, subject to

4   any party --

5           THE COURT:  Yes.

6           MR. HERRINGTON:  -- seeking to sever them if

7   circumstances arise that would call for that, but for now we

8   think it makes sense for them to be consolidated.

9           THE COURT:  And as far as scheduling hearings and

10  the like, for example, there's a motion to dismiss that's

11  scheduled to be heard, will we be coordinating that with the

12  Canadian Court?

13          MR. HERRINGTON:  No, Your Honor, it's all before

14  Your Honor.

15          THE COURT:  Okay.

16          MR. HERRINGTON:  NNL filed their suit in this Court.

17          THE COURT:  Oh, oh, I'm sorry.  I had seen the

18  earlier -- I had seen the other complaint, but NNI has a suit

19  as well as NNL --

20          MR. HERRINGTON:  Correct.

21          THE COURT:  -- here.  Okay.  Thank you.

22          MR. HERRINGTON:  Again, NNI is the owner of the

23  trade secrets and the technical information in the United

24  States or has the exclusive right to use and enforce those --

25  that IP in the United States.  NNL has certain rights,

1  including as the holder of the trademarks.  So that's why they

2  are two separate complaints, but we do think it makes sense to

3  have the cases moved together and parallel.

4            THE COURT:  All right.  Thank you.

5            MR. HERRINGTON:  Okay.

6            THE COURT:  Does anyone wish to be heard for CTDI?

7  Mr. Clark?

8            MR. CLARK:  Good afternoon, Your Honor.  I hate to

9  start --

10            THE COURT:  Good afternoon.

11            MR. CLARK:  I hate to start hearings by correcting

12  the Court, but it is afternoon.

13            THE COURT:  It is afternoon, not morning.

14            MR. CLARK:  Your Honor, to paraphrase one of the

15  great trial lawyers in Hollywood history, Vinny Gambino, from

16  My Cousin Vinny --

17            THE COURT:  Yes.

18            MR. CLARK:  -- everything Mr. Herrington just said

19  about my client is bologna.  Your Honor, what we have here is a

20  straightforward breach of contract dispute and for some reason,

21  Nortel has chosen to dramatically escalate the matter by

22  publicly accusing CTDI of fraud, theft of trade secrets,

23  illegal counterfeiting of equipment, things like that.  Lawyers

24  can be a little bit cavalier sometimes in making these kinds of

25  charges, but I can assure you that my clients take them dead

1    seriously.

2          Just as a brief bit of background, Your Honor.  CTDI

3    is a -- it's a local company.  It's out in Westchester.  It has

4    about 5,000 give or take employees worldwide, it's one of the

5    major players in the telecommunications equipment/repair and

6    remanufacturing industry.  And interestingly enough, it is

7    owned and managed by members of the family of Delaware's own

8    Vice Chancellor, Donald Parsons.  His dad and his brother

9    founded the company in the family's garage some 30 years ago.

10         These people, Your Honor, are pillars in the

11   community and they have impeccable reputations for honesty and

12   integrity and they view this allegations by Nortel as nothing

13   short of rank slander.  And understandably, they want these

14   charges heard and disposed of as quickly as possible and that's

15   why CTDI has taken a rather unusual, at least in my experience,

16   procedural approach to this case.

17         We've done you often see done in such cases, we have

18   moved to dismiss the complaint in its entirety.  Briefing on

19   that is going to be done a few days before Thanksgiving and we

20   would ask -- there are a couple of blanks in the scheduling

21   order that need to be filled in.

22         THE COURT:  Yes.

23         MR. CLARK:  One of them is the hearing on that

24   motion and we would ask that that hearing be scheduled as

25   quickly after the briefing is completed as Your Honor may have

1   available, unless the Court decides it could more expeditiously

2   deal with the motion on the papers.  Either way, we believe the

3   most scandalous allegations and claims in the case -- in the

4   complaints will fall out at that point.

5              Now ordinarily, and this is the unusual part, Your

6   Honor, when I make a motion to dismiss like that, I would also

7   ask that discovery be stayed --

8              THE COURT:  Right.

9              MR. CLARK:  -- so that we could avoid unnecessary

10  discovery expense until the claims have been narrowed down to

11  what's really going to be decided on the merits, but my clients

12  were emphatic in telling me not to do that, because if anything

13  survives this dismissal motion, they're willing to incur the --

14  you know, some additional unnecessary expense in discovery on

15  claims that ultimately are dismissed in order to get this thing

16  teed up for a decision on the merits at the earliest possible

17  time.

18             And so the other set of blanks in the order that

19  need to be filled in are for the final pretrial conference and

20  the trial dates.  And we would ask that those dates be

21  scheduled as quickly as Your Honor has time available after

22  September 16, 2011, which is when the parties agreed upon

23  schedule ends.

24             Lastly, Your Honor, I want the Court to be aware

25  that CTDI has asked Nortel to participate in mediation of this

1  thing and try to get it resolved that way and Nortel has

2  refused.  And in light of that refusal, CTDI has decided not to

3  ask the Court to order the parties into a mediation at this

4  time, but if, as we believe is the case, the scope of

5  litigation is significantly narrowed after Your Honor decides

6  that motion to dismiss, I want the Court to be aware we may be

7  back before you asking that the Court order us into mediation

8  so that we can get this thing, as I say, disposed of at the

9  earliest possible time.

10             So, Your Honor, with that if we could impose upon

11 Your Honor to let us know when we can get into see you on some

12 of these things, that would be great.

13             THE COURT:  I will do that.  Mr. Herrington, did you

14 wish to be heard --

15             MR. HERRINGTON:  Yes, Your Honor.

16             THE COURT:  -- for a moment on any of the scheduling

17 issues?

18             MR. HERRINGTON:  Your Honor, Nortel and Cleary

19 Gottlieb Steen and Hamilton takes the allegations in this

20 complaint very seriously.  CTDI had been a business partner of

21 Nortel, and a trusted business partner.  CTDI was permitted to

22 gain access to Nortel's trade secrets and its proprietary

23 components under agreements that spelled out repeatedly,

24 explicitly you can use these things, but only to repair our

25 phones.  You cannot go out and make new phones, you cannot be a

1  factory alongside that creates brand new phones and competes

2  with us in the market.

3          That is exactly what they did, Your Honor.  They

4  filed a royalty report -- let me just step back.  We've never

5  heard a justification from CTDI for what they did.  Mr. Clark

6  says well, we we are offended by these allegations.  We've

7  never heard any justification for what they did.  If they

8  thought they were entitled to make and sell these phones, then

9  they were required to pay a royalty on them, just as they paid

10  a royalty on the revenue they generated from repair work.  They

11  were allowed to do that and they paid Nortel a royalty.

12          They filed royalty report after royalty report that

13  said nothing about these phones that they made.  And, Your

14  Honor, they made and sold $25 million worth of these phones

15  over the four years from 2005 to 2009.  Not a word to Nortel

16  about any of that.  So that is what our trade secret claim is

17  based on, that is what our fraud claim is based on and that is

18  what our breach of contract claim is based on.

19          I do agree with Mr. Clark that given CTDI's approach

20  to this matter, and its complete refusal to acknowledge that it

21  has a problem here, that mediation would not be productive at

22  this point.  Mr. Clark said we refused.  I'm a fan of mediation

23  if parties are going to be reasonable and discuss toward a

24  productive potential resolution.  There's no indication that

25  that's CTDI's posture at this point, so I don't think it makes

1    sense to get together for a meaningless session if there's no

2    acceptance of responsibility.  That may change, Your Honor,

3    down the road as we proceed into discovery and as we address

4    CTDI's motion to dismiss.

5            MR. CLARK:  Two comments, Your Honor.  With respect

6    to our willingness to sit down and talk reasonably, we did

7    that.  And I won't go into the details of it, Mr. Herrington

8    would jump up and down and scream if I told you what his

9    clients did in those discussions, but I'm not going to do that,

10   Your Honor.

11           With respect to the allegation that we were not

12   permitted in any way, shape or form to use Nortel technology to

13   build telephones and sell them, you'll hear a lot about this,

14   Judge, but one thing you haven't heard from Mr. Herrington, one

15   thing you don't see in the complaint, the one thing that you

16   will see in the evidence, is that not only where we permitted

17   to build these telephones, not only were we permitted to sell

18   them, but we built them and sold them to Nortel itself.

19           So when they say there's nothing in these contracts,

20   which are about this thick, about us being able to engage in

21   that kind of activity and we're fraudsters for having done it,

22   they were one of our customers.  So take all of this with a

23   grain of salt, Your Honor.

24           THE COURT:  Well --

25           MR. CLARK:  Those are my comments.

 1          THE COURT:  All right.

 2          MR. CLARK:  We can just go to the scheduling.

 3          THE COURT:  I think so.  We'll have plenty of time

 4  to argue when -- listen to arguments.  Now --

 5          MR. HERRINGTON:  Thank you, Your Honor.

 6          THE COURT:  -- keeping in mind the sense of urgency,

 7  let me give you two possible dates.  The first may not be very

 8  popular because it's the Monday after Thanksgiving, and I know

 9  that's not necessarily a good travel day or --

10          MR. HERRINGTON:  Your Honor, I have an argument in

11  the Second Circuit on that day.

12          THE COURT:  On the 29th?

13          MR. HERRINGTON:  Yes, Your Honor.

14          THE COURT:  Okay.  How about December 6th, which is

15  the following Monday.

16          MR. HERRINGTON:  I think that should be fine for us,

17  Your Honor.  I'll need to double check, but --

18          MR. CLARK:  It's fine, Your Honor, depending on the

19  time of day.

20          THE COURT:  You tell me what time.  I have an open

21  day there.

22          MR. CLARK:  Well, I have an extremely important

23  engagement at 9:00 o'clock, it's the Tower Hill Christmas Tree

24  Trimming.

25          THE COURT:  Okay.

1          MR. CLARK:  I got to be there for that, but

2   otherwise the day is open, Your Honor.

3          THE COURT:  Oh, yes.  Well, why don't we make this

4   -- let's say 1:00 o'clock on the 6th?

5          MR. CLARK:  1:00 p.m.

6          THE COURT:  Should I allow what, two hours do you

7   think for this particular argument?

8          MR. CLARK:  I would hope that it wouldn't take that

9   long --

10          THE COURT:  All right.

11          MR. CLARK:  -- but might as well block out two

12   hours.

13          THE COURT:  All right.  I've got you down for it

14   then.  Thank you.  Thank you, gentlemen.

15          MR. HERRINGTON:  Thank you, Your Honor.

16          THE COURT:  And so that's that.  Now, the other

17   dates, did you say after September 26th, Mr. Clark?

18          MR. CLARK:  September 16, Your Honor.

19          THE COURT:  September 16.

20          MR. CLARK:  And that is Paragraphs 12 and 13 of the

21   form.

22          THE COURT:  Yes.

23          MR. HERRINGTON:  The pretrial order is going in on

24   the 16th, Your Honor --

25          MR. CLARK:  Right.

1          MR. HERRINGTON:  -- to give you a sense of how much

2     time Your Honor may need to review that before having a

3     pretrial conference.

4          THE COURT:  All right.  So let's set the pretrial

5     for the 21st of September, if that works for people --

6          MR. CLARK:  That is fine.

7          THE COURT:  -- at 10:00 o'clock.

8          MR. CLARK:  10:00 a.m.  Great.  And then, Your

9     Honor, can we reserve some trial time?

10          THE COURT:  Yes.

11          MR. CLARK:  Great.

12          THE COURT:  This is a good time to do it.  And I see

13     it was five or six days; is that right?  That you --

14          MR. HERRINGTON:  Well, Your Honor, I think we'd say

15     five to ten days.  We should be able to sharpen that as we get

16     closer to the trial.

17          THE COURT:  Okay.

18          MR. CLARK:  I think that's right, Your Honor, and

19     obviously consecutive days are ideal, but this isn't an ideal

20     world and we're going to be trying it -- we haven't filed an

21     answer yet.  We will be filing an answer, we will be indicating

22     that while it's not a core proceeding, we're happy to keep the

23     case here in front of Your Honor for all purposes.  So --

24          THE COURT:  All right.

25          MR. CLARK:  -- it doesn't have to be consecutive

1   days, it's just whenever you can fit us in at the earliest

2   time.

3               THE COURT:  Okay.

4               MR. HERRINGTON:  And, Your Honor, just to give you a

5   preview, we're happy to -- absolutely happy to have it before

6   Your Honor.  We may well request a jury trial after we see the

7   answer.  As Your Honor knows, we have a certain period after

8   receiving the answer to do that.

9               THE COURT:  Yes.  Yes.  There are a couple of Jewish

10  holidays kind of in that timeframe, which would make -- which

11  may make it a little difficult to have consecutive days if we

12  start too soon.  How about if we start it on October the 3rd?

13              MR. HERRINGTON:  That's great.

14              MR. CLARK:  Perfect.

15              THE COURT:  And then we would run until maybe noon

16  on Thursday, which is the start of -- that evening is the start

17  of a holiday.

18              MR. CLARK:  Is that a -- is the 3rd a Monday, Your

19  Honor?

20              THE COURT:  It is.  Yes.

21              MR. CLARK:  Oh, okay.

22              THE COURT:  And then I would give you the following

23  week as well.  So that would keep it fairly consecutive.

24              MR. HERRINGTON:  Okay.  That's great.

25              MR. CLARK:  Perfect, Your Honor.  We very much

1  appreciate the accommodation, Your Honor.

2          THE COURT:  Absolutely.  It's a pleasure gentlemen

3  and I will certainly see you then on the 6th.

4          MR. CLARK:  Very good.

5          MR. HERRINGTON:  All right.  Thank you, Your Honor.

6          MR. CLARK:  May we be excused?

7          THE COURT:  You may.  Yes, Mr. Clark, certainly.

8          MR. CLARK:  Thank you, Your Honor.

9          THE COURT:  Thank you.  Good to see you.

10          MS. CORDO:  Good afternoon, Your Honor.  Annie

11  Cordo, Morris Nichols Arsht and Tunnell.  I think --

12          THE COURT:  I remember you.

13       (Laughter)

14          MS. CORDO:  You know, same --

15          THE COURT:  For the record.

16          MS. CORDO:  Yes, for the record.

17          THE COURT:  Yes.

18          MS. CORDO:  Now we're back to the 11 only matters

19  and I believe we just have two claims objections left on the

20  agenda that are being handled by Mr. Bianca.

21          THE COURT:  Thank you.

22          MR. BIANCA:  Good afternoon, Your Honor.

23          THE COURT:  Good afternoon.

24          MR. BIANCA:  Salvatore Bianca on behalf of the

25  debtors.  The only other two items going forward on the agenda

1  are Items 7 and 8, the debtors' thirteenth and fifteenth

2  omnibus claims objection.

3           So I'll start with Item 7, the thirteenth omnibus.

4  The order granting the thirteenth omnibus was entered on

5  September, I believe, 8th and the order adjourned two

6  objections.  One claim filed by Ventura County and one to a

7  claim filed by the Coca Cola Company.  So today we're just

8  going forward on these out -- stragglers on the thirteenth

9  omnibus.

10          THE COURT:  Yes.

11          MR. BIANCA:  The objection to the Ventura County

12 claim has been adjourned to the December 15th hearing and we're

13 going to go forward with the Coke claim objection.

14          THE COURT:  Exactly.

15          MR. BIANCA:  So I'll start with that.

16          Coke filed a claim, Claim Number 1334, against NNI

17 for $90,000, which represents the price of certain guest VIP

18 packages that I'll explain in more detail in a moment.  The

19 debtors' objected to the claim on the basis that it relates to

20 a non-US debtor liability.

21          So here's the background.  On August 1st of 2008 an

22 entity, only identified as Nortel, committed to purchase --

23 well executed a package commitment form in which committed to

24 purchase five guest VIP packages from Coke's Global Hospitality

25 Program, in connection with the 2008 Summer Olympics.  And so

1   this was a commitment that one of the Nortel entities would

2   purchase these VIP packages, but a specific Nortel entity was

3   not specified.  The appropriate Nortel entity was later

4   identified to be Nortel Networks Limited, one of the Canadian

5   debtors, when pursuant to the commitment later, NNL placed a

6   purchase order with Coke on September 16th of 2008 for the VIP

7   packages.

8          Although the purchase order indicated NNL, Coke

9   later sent an invoice to NNI on November 21st of 2009 and then

10  subsequently filed a claim against NNI for the price of the

11  purchase -- the VIP packages.  Accordingly, we objected to the

12  claim on the basis that it was not a liability of any of the US

13  debtors, since the purchase order clearly indicates that the

14  purchase was made by NNL.

15         Coke filed a response to our objection and the

16  response primarily relies on the argument that the package

17  commitment form specifically provided that NNI would purchase

18  the VIP packages.  As indicated in our reply, and as the

19  commitment form itself demonstrates, nowhere is NNI identified

20  on the form.  Instead, it was just a commitment that an entity

21  -- you know, Nortel would purchase the packages; a specific

22  entity was never provided.

23         And the only documents submitted by Coke listing NNI

24  were two documents that Coke itself prepared.  One was an A/R

25  transactions preapproval form and the invoice that it

1   subsequently sent to NNI.  These documents just reflect Coke's

2   error in asserting that NNI was the responsible party.  The A/R

3   transactions form has a blank for the purchase order, so that

4   was never completed.  If it had been completed, it would have

5   been clear to Coke that NNL was the party that should have been

6   invoiced.  So to the extent that there was any confusion early

7   on as to which Nortel entity was the responsible party, the

8   purchase order made that clear by providing a bill to to NNL

9   and a ship to to a Canadian address.

10          After our reply was filed, Coke filed a declaration,

11  which changes the story a little.  Before it argued that it had

12  evidence that NNI was the liable party.  Well, we demonstrated

13  otherwise with the purchase order and in our reply, and so now

14  Coke's position appears to be that they just didn't know who it

15  was dealing with.  It wasn't aware that it was dealing with a

16  non-US entity.

17          The declaration is important because it admits that

18  Coke received the purchase order indicating that NNL was the

19  purchaser of the VIP packages.  The declaration then states

20  that Coke just wasn't aware that NNL was a Canadian debtor.

21  Well, the fact that Coke wasn't aware that NNL was a Canadian

22  debtor isn't a basis for a claim against NNI.  The evidence

23  clearly demonstrates that this is not a US debtor liability.

24          I'd also like to note that the declaration states

25  that Coke had no knowledge of NNL's bankruptcy proceedings and

1  never received notice from NNL of the need to file a proof of

2  claim against NNL in the Canadian proceedings, however the

3  affidavit of service filed by the monitor in the CCAA proceeds

4  demonstrates otherwise.  And if I may approach, I have copies

5  of the affidavit of service that I'd like to hand up.

6            THE COURT:  Yes.

7            MR. BIANCA:  And I also have copies if Coke's

8  counsel is here.

9            THE COURT:  All right.

10            MS. LABARSKY:  Yes, Your Honor.  I'm sorry to

11  interrupt.  My name is Jessica Labarsky.

12            THE COURT:  Come step up to the mic, Ms. Labarsky.

13  Good to see you.

14            MS. LABARSKY:  Good to see you.  I'm Jessica

15  Labarsky from Allen and Overy, on behalf of the monitor.

16            THE COURT:  Thank you.

17            MS. LABARSKY:  And I just want to say that to the

18  extent that your comment -- that there has been comments on the

19  Canadian proceedings, we reserve all rights with respect to

20  administration of claims in the Canadian proceedings.

21            THE COURT:  All right.  Thank you, Ms. Labarsky.

22            MR. BIANCA:  So I've tabbed the page in which the

23  affidavit of service indicates that the Coca Cola Company

24  received notification of the Canadian bar date, on -- the

25  affidavit is dated August 11, 2009, and states that notice was

1  sent on August 4th, 2009.

2          THE COURT:  Yes.

3          MR. BIANCA:  I note that this affidavit was filed

4  well before the current dispute with Coke.  And accordingly, we

5  request that the Court disallow the claim in full as not a

6  liability of any of the US debtors.

7          THE COURT:  All right, Mr. Bianca.  Thank you.

8          MR. BIANCA:  Thank you.

9          THE COURT:  Mr. Ryan, good afternoon.

10          MR. RYAN:  Good afternoon, Your Honor.  Jeremy Ryan

11  of Potter Anderson, on behalf of Coke.  Your Honor, if we step

12  back and look -- and I don't think anyone disputes the

13  documents on the other side, and Mr. Bianca went through them

14  somewhat.  But on August 1st, Nortel commits to buying these

15  VIP packages from Coke.  All they do is say Nortel.  It doesn't

16  say, "Nortel (an entity to be named later, reserve all

17  rights)."  It just says Nortel.

18          The Olympics come and go.  Nortel uses the packages.

19  After the Olympics are over, Nortel then issues us a purchase

20  order.  That's after the Olympics are over, Your Honor.  And

21  that's the first point in which they say bill to Nashville,

22  Tennessee, but ship to Ontario.

23          A month later after that -- or two months later

24  after that, Coke issues its invoice.

25          THE COURT:  Let me just -- I'm sorry, Mr. Ryan.

1          MR. RYAN:  Sure.

2          THE COURT:  I want to make sure I have the

3   chronology --

4          MR. RYAN:  Absolutely.

5          THE COURT:  -- exactly right.  August 1st, the order

6   is placed for --

7          MR. RYAN:  For --

8          THE COURT:  -- the VIP packages.

9          MR. RYAN:  -- these five VIP packages.  At the same

10  time, Your Honor, Coke does this internal accounts receivable

11  form --

12         THE COURT:  Right.

13         MR. RYAN:  -- which I will note for Your Honor, it

14  notes Nortel Networks International, the American Debtor.  It

15  also notes the Nashville address.  That's the address with

16  which it's to deal with at Nortel.

17         THE COURT:  Exactly.  And then the --

18         MR. RYAN:  8/24, the Olympics end on 8/24.

19         THE COURT:  Okay.

20         MR. RYAN:  September 15th, Coke issues its invoice,

21  and the invoice says bill to Nashville, Tennessee, deliver to

22  -- and this was the first time they've ever said this in any of

23  the documents, after the Olympics were over -- deliver to

24  Canada.

25         THE COURT:  And it's Nortel that issues --

1          MR. RYAN:  It's Nortel that issues that purchase

2   order.

3          THE COURT:  That purchase order.

4          MR. RYAN:  And that purchase order says Nortel

5   Networks Limited.

6          November 21st, Coke issues its invoice.  And

7   consistent with its own records, it invoices the Nashville

8   address.  It invoices the American Debtor, NNI.  And Coke's

9   invoice makes no mention of any Canadian address or any

10  Canadian entity.

11          Now after Nortel files, Your Honor, Nortel's

12  creditor list, in the American 11 cases, lists Coke as a

13  creditor, the initial matrix of creditors.  And I have a copy

14  of that for Your Honor if you'd like it.  Nortel also gives

15  notice to Coke in the US cases of the bar date.  And I have a

16  copy of the affidavit of service for Your Honor with the

17  relevant page attesting to service on Coke as a creditor in the

18  US cases.

19          THE COURT:  And you're -- I just want to be sure

20  that I'm correct.  NNI lists Coca Cola as a creditor?

21          MR. RYAN:  Yes.

22          THE COURT:  The American Debtor?

23          MR. RYAN:  It's listed on the American matrix, and

24  it's also given notice of the American bar date --

25          THE COURT:  Okay.

1          MR. RYAN:  -- on the American docket.

2          So the question, Your Honor, is where does this

3   leave us, because it all ends up coming back to first-year

4   contracts in law school.  What you've got, Your Honor, is a

5   battle of the forms.

6          THE COURT:  Yes.

7          MR. RYAN:  Now what does the contract say, what does

8   it not say?  So you -- what we turn to, Your Honor, is 2207 of

9   the Uniform Commercial Code.  And what it says is, where

10  there's conduct by the parties to establish the existence of a

11  contract, there's offer and acceptance, but that if the

12  seller's terms of offer differ from the buyer's terms of

13  acceptance, then you've got to see -- look to UCC and look to

14  your gap filler provisions.

15         So what 2207 says is the first thing you do are the

16  terms and the records of both parties, i.e., the terms have to

17  be in both parties' records.  The second thing is the terms

18  that both parties agree on.  And the third is absent those, you

19  then go to UCC gap fillers.

20         Here's what's in the records of both parties, Your

21  Honor, is a $90,000 purchase, in US dollars, of the VIP

22  tickets.  What's in both parties' records, Your Honor, is a

23  billing address for Nortel of Nashville, Tennessee.  What's not

24  in both parties' records is which Nortel entity.  What's not in

25  both parties' records is ship to or deliver to Canada.  In

1  fact, that's not a term agreed on.  It's absent in Coke's.

2  That's not an agreed upon term.

3      That goes to a UCC gap filler, Your Honor.  And

4  Section 2308 of the UCC specifically addresses delivery and the

5  sale of goods where there is an agreed upon term.  And what

6  2308 says is absent agreement, delivery of the goods takes

7  place at the seller's place of business.  So as a matter of

8  law, Your Honor, the delivery didn't take place in Canada.  The

9  delivery took place in Atlanta.

10      So stepping back and looking at this contract of

11  what we have from the UCC, we're not sure what entity is the

12  purchasing entity.  We know the only address that's in the

13  contract is a Nashville, Tennessee.  We know the delivery of

14  the goods took place at Coke's address in Atlanta.  So all we

15  have is an unidentified Canadian entity.  But all --

16  unidentified entity, but all the addresses, the currency are

17  all American.

18      And, Your Honor, I took the liberty this morning of

19  looking at the Tennessee Secretary of State to see what Nortel

20  entities had ever registered to do business in the state of

21  Tennessee.  And I have a screen shot of that for Your Honor as

22  well.  And what I will tell Your Honor is that Nortel Networks

23  Limited was never registered under their records.  Nortel

24  Networks was and is NNI.

25      So I think when you take that in totality, Your

1  Honor, of looking at the contract, it can only be that Nortel

2  Networks Inc. is the appropriate entity against which the claim

3  lies.  And that is bolstered by the debtors' conduct in the

4  American 11 cases by serving them with notice of the bar date

5  and including them on a list of creditors.

6           So, if, Your Honor, I can approach, I'll provide you

7  with the Secretary of State screen shot, the affidavit of

8  mailing of the bar date, and the relevant page from the matrix

9  of creditors.

10          THE COURT:  Mr. Bianca, any -- have you seen these

11  documents?

12          MR. BIANCA:  No, I have not.

13          MR. RYAN:  Well, two of them are from the docket,

14  Your Honor, and the third is --

15          THE COURT:  Yes, yes.

16          MR. BIANCA:  Well, yes, of course, I've seen the

17  affidavit of service.

18          MR. RYAN:  -- is a screenshot from the Secretary of

19  -- that's a public record.  If we want, we can pull up the

20  internet and replicate my search.

21          MR. BIANCA:  Now when you said that Coke was listed

22  as a creditor, are you talking about the schedules?

23          MR. RYAN:  It's on your matrix and it's on your

24  notice to the party.

25          MR. BIANCA:  It's on our matrix and the notice of

1  the party.  Okay.

2         THE COURT:  Thank you, Mr. Ryan.

3         MR. RYAN:  Thank you, Your Honor.  So that's -- I

4  think Mr. Bianca wants to respond, but that's my presentation.

5         THE COURT:  All right, sir.

6         Mr. Bianca.

7         MR. BIANCA:  Yes, I just wanted to respond to the

8  fact that yes, the US debtors did mail a notice of the bar date

9  to Coke.  The notice clearly indicates that by sending the

10 notice we're not agreeing that the entity has a claim.  We are

11 serving parties that we didn't know if they had claims.  That

12 was the whole point of giving notice to everyone is that if

13 they had a claim, they'd have an opportunity to file; didn't

14 necessarily mean that they did have one.

15        We had an invoice from Coke which was invoiced

16 against NNI.  And therefore, we sent them a notice of the bar

17 date and included them in the creditor matrix.  Didn't mean we

18 -- did not mean that we agreed with the claim.  Of course, when

19 we went through the claims reconciliation process after sending

20 out these notices, we found the purchase order that clearly

21 indicated that the liability was a liability of one of the

22 Canadian debtors not of NNI.  And that the invoice from Coke

23 was incorrectly invoiced.

24        So this argument that we somehow -- that the US

25 debtor somehow acknowledged that Coke had a claim against NNI

1   by including them on the matrix and giving them service of the

2   bar date, it's just wrong.  There's no basis for creating a

3   liability where none existed before just by giving notice of a

4   bar date.  And I believe that was the -- one of the central

5   arguments that was put forward here.

6           The other argument was that oh, there is this

7   Nashville address that the parties -- that Coke was supposed to

8   bill to.  The Nashville address is one of the central accounts

9   payable.  Receivables for Nortel accounts for both the Canadian

10  Debtors and the US debtors are handled out of that address.  So

11  the fact that there was a bill to address for Nashville did not

12  mean that the entity was NNI.  Nowhere is that indicated.  It

13  could have been Nortel Networks Limited, one of the Canadian

14  Debtors, which is clearly indicated on the purchase order.  And

15  the purchase order gives that billing address.

16          THE COURT:  How about Mr. Ryan's, or Coca Cola's,

17  arguments that under the Uniform Commercial Code, this is a

18  battle of the forms, and looking at the totality of the

19  circumstances, the claim was appropriately filed here in this

20  case?

21          MR. BIANCA:  I'll admit as to not having followed

22  that argument, because the forms do not establish that.  And

23  nowhere is NNI mentioned on the forms.  And I would also say

24  that the course of conduct afterwards indicates that the

25  liability should not have been filed against NNI, because a

1  purchase order was issued to Coke indicating NNL.

2          Coke never disputed that.  Coke never responded that

3  no, it should be invoiced against NNI.  So Coke knew what the

4  debtors were thinking when the purchase order was issued.

5  Course of conduct I think would trump the argument that there's

6  this battle of the forms, because we just didn't know who we

7  were dealing with.

8          THE COURT:  Mr. Ryan.

9          MR. RYAN:  Just one point, Your Honor.

10          THE COURT:  Yes.

11          MR. RYAN:  The chronology indicates otherwise.  NNI

12  -- Nortel issued a purchase order in September saying bill to

13  NNL.  Following that, Coke issued an invoice to NNI.  So the

14  conduct of Coke after getting the invoice clearly indicates

15  that Coke did not believe it was an NNL debt.  And that's --

16  the fact that the two forms don't agree is where you fall into

17  your classic battle of the forms, because they don't -- there's

18  no agreement on the entity.

19          MR. BIANCA:  One other issue is that under 2207, the

20  criteria is that the records of both of the parties indicate

21  that there's this liability in the records.  Well, the reason

22  that we're objecting is because this liability is not listed as

23  being a liability of one of the US debtors.  And that would

24  defeat one of the -- it's one of the criteria that was argued,

25  that this should be filed in the US, was that it's not listed

1  on our records as a NNI liability.

2            THE COURT:  The order was placed from the United

3  States.  The packages were mailed to Nortel in the United

4  States.

5            MR. BIANCA:  I believe that packages were mailed to

6  the Canadian address.

7            MR. RYAN:  Your Honor, I will tell you that there's

8  nothing in either document, and none of us here can testify to

9  that.  I can tell you that as a matter of law, UCC says that

10  delivery took place in Georgia.

11            THE COURT:  All right.  Anything further?

12            MR. BIANCA:  No, other than this is the first I've

13  heard of this argument being raised.  And if we have to have

14  additional briefing on it, I'm happy to do that.  But none of

15  this was raised in the reply, the response that was filed.

16            THE COURT:  Do you want an opportunity to respond to

17  the arguments made.

18            MR. BIANCA:  If it's necessary.

19            THE COURT:  A brief letter, three pages, maximum of

20  three pages.

21            MR. BIANCA:  Okay.

22            THE COURT:  I'll certainly give you that

23  opportunity.

24            Mr. Ryan, is that --

25            MR. RYAN:  That's fine.  I would just -- given that

1    this is a $90,000 claim in bankruptcy, Coke is not on its

2    deathbed by any means, but --

3              THE COURT:  I understand.

4              MR. RYAN:  They would like to keep the economics of

5    litigation in line with the expected recovery.

6              THE COURT:  And that's why I'm suggesting a very

7    brief three-page --

8              MR. RYAN:  That's fine.  We can walk through ours in

9    one or two pages.

10             THE COURT:  Would you like to respond?

11             MR. RYAN:  Why don't we just do them simultaneously,

12   Your Honor?

13             THE COURT:  Fine.

14             MR. RYAN:  I think our -- you know, we'll both walk

15   through our analysis of the UCC.

16             THE COURT:  Is a week sufficient time to send that -

17   - those to me?

18             MR. RYAN:  More than sufficient, Your Honor.

19             MR. BIANCA:  Yes.

20             THE COURT:  Okay.  All right.  I can -- I will tell

21   you this.  I think this is a situation in which a creditor

22   should not be punished for its conduct, and I think acted

23   responsibly and reasonably here.  What the precise code

24   provisions will say, UCC provisions will indicate, I -- I'll

25   wait and see your letters.  But I am troubled that this appears

1  to be, certainly, a reasonable mistake, if it's a mistake.  And

2  I don't know that the claims process should be used to punish a

3  creditor who has delivered the goods and acted under a

4  reasonable misapprehension.  But let me see your letters.  Keep

5  them short and simple.  And I will keep my order short and

6  simple.

7          MR. RYAN:  Fair enough, Your Honor.

8          MR. BIANCA:  Wait.  One thing I would note is that

9  there's still, you know, the process in Canada, which if there

10  is some argument that they made a reasonable mistake, that's an

11  argument that can be raised there as well.

12          MR. RYAN:  Well, the Canadian bar date has also --

13          THE COURT:  The bar date has already --

14          MR. BIANCA:  Exactly.

15          THE COURT:  -- passed.

16          MR. RYAN:  -- long passed, Your Honor.

17          MR. BIANCA:  It's passed.

18          MR. RYAN:  But the burden of --

19          THE COURT:  Well, if -- you know, that is one way to

20  resolve this is to agree to allow the claim to be filed in

21  Canada. I'll leave that to you to discuss, but that would

22  certainly be a fair resolution of the issue.  All right.

23          MR. BIANCA:  Yes, Your Honor.

24          MR. RYAN:  Yes, Your Honor.

25          THE COURT:  All right, gentlemen.  Thank you.

1          Ms. Cordo.

2          MS. CORDO:  Good afternoon, Your Honor.  We have one

3   last thing that just kind of popped up.  Last week, we

4   submitted a certification of counsel with a proposed order

5   approving a stipulation between the debtors, the official

6   committee, and the U.K. Pension Regulator with regards to

7   mediation.  We have not seen that order hit the docket.  We're

8   sending another copy over to your chambers right now.

9          Pretty much, what it is, Your Honor, is it was

10  signed in further.  It's allowing the pension regulator to

11  participate in mediation without waiving their sovereign

12  defenses or submitting to US court jurisdiction simply by

13  coming here to participate in the allocation mediation.  And --

14          THE COURT:  I don't remember seeing that.

15          MS. CORDO:  Okay.  Well, we're having another copy

16  sent over to --

17          THE COURT:  Okay.

18          MS. CORDO:  -- chambers right now.  I just wanted to

19  let you know that was out there, and we -- it might have gotten

20  lost in the shuffle, but it was Docket 4233 from last week, and

21  we've having another copy of the cert and the order sent over.

22          THE COURT:  And I know that you're starting

23  mediation later this week.

24          MS. CORDO:  Correct.

25          THE COURT:  So I will get to that promptly.

1           MS. CORDO:  All right.  Thank you so much, Your

2    Honor.  I believe that is all we have for today.

3           THE COURT:  All right.  Thank you all.  And we will

4    stand in recess.  Thank you.

5           MS. CORDO:  Thank you, Your Honor.

6           THE COURT:  Good day to everyone.

7       (Recess taken from 1:18 p.m. to 1:20 p.m.)

8       (Clerk and Counsel Confer)

9           THE COURT:  All right.

10          THE CLERK:  We're ready.

11          THE COURT:  Thank you.  I'm glad we caught that.

12   Please be seated, Mr. Samis.  I'm sorry.

13          MR. BIANCA:  All right.  This one is much easier, I

14   promise.  Again, Salvatore Bianca on --

15          THE COURT:  Yes, Mr. Bianca.

16          MR. BIANCA:  -- behalf of the debtors.

17          Item Number 8 on the agenda is the debtor's

18   fifteenth omnibus claims objection.  We received three formal

19   responses that are listed on the agenda.  I'll address them as

20   they're listed.

21          First, with respect to the response from the

22   Commonwealth of Virginia, we've agreed to adjourn our objection

23   to the claim with respect to -- I'm sorry.  We agreed to

24   adjourn the objection with respect to Claim Number 641, to the

25   December 15th hearing.

1          THE COURT:  Yes.

2          MR. BIANCA:  Regarding the response filed by Electro

3   Rent Corporation, this matter was scheduled as going forward

4   today.  However, Electro Rent's counsel requested an

5   adjournment this morning, and the debtors have agreed to

6   adjourn the objection to Claim Number 159 to the November 23rd

7   hearing.

8          THE COURT:  Okay.

9          MR. BIANCA:  Finally, the response filed by Detail

10  Network Solution is not actually a response.  It's, rather, a

11  letter agreeing with our treatment of its claims in the

12  objection.  So no further action is required there.

13          And if I may approach, I'd like to hand up a clean

14  and redlined version of the order.

15          THE COURT:  You may.  And I certainly will sustain

16  your objections on the other claims.  Thank you, Mr. Bianca.

17          MR. BIANCA:  And I just wanted to note, in addition

18  to revising the order to include the adjournment of the

19  Virginia and Electro Rent claims, we also revised the order to

20  address two informal responses that have been received.  One

21  change that we've made is that we're withdrawing our objection

22  to Claim Number 3942 filed by Red Hat Inc.

23          And the second change is that we've revised the

24  order to adjourn the objection with respect to Claim Number

25  7077, filed by GE FANUC to the -- sorry -- November 23rd

1  hearing.

2         THE COURT:  All right.  Let me just see.  Let's see.

3  There it is.  Thank you.  Very well.

4         MR. BIANCA:  Thank you.

5         THE COURT:  All right.  With that, anyone else wish

6  to be heard on this?  Then I am going to sign this.  I'm glad

7  you caught me.  I didn't even have a chance to unzip.

8         MS. CORDO:  Thank you, Your Honor, and sorry about

9  that.

10         THE COURT:  It is no problem.  All right, counsel.

11  Thank you all.  Good day now this time I think for certain.

12         MS. CORDO:  Yes, thank you, Your Honor.

13     (Whereupon at 1:23 p.m., the hearing was adjourned)

14

15                    CERTIFICATION

16     I  certify  that  the  foregoing  is  a  correct

17  transcript  from  the  electronic  sound  recording  of  the

18  proceedings in the above-entitled matter.

19

20

21  _Stephanie McMeel_____          November 9, 2010

22  Stephanie McMeel

23  AAERT Cert. No. 452

24  Certified Court Transcriptionist

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **23rd's**(1) 8:15 | | **all**(45) 4:9  4:11  5:6  7:9  7:25  8:1  8:19  9:8  10:3  11:13  12:4  17:22  18:1  19:10  19:13  20:4  20:23  20:24  22:5  26:9  26:19  26:21  27:7  27:15  27:16  30:3  31:14  31:15  31:17  33:5  36:11  37:20  38:22  38:25  40:1  40:2  40:3  40:3  40:9  40:13  42:2  42:5  42:10  42:11 | | **are**(26) 5:1  7:21  8:14  9:20  12:2  13:10  13:20  14:15  14:19  16:6  16:23  17:20  17:25  20:19  21:9  22:20  23:1  27:19  27:20  30:15  31:16  32:13  32:22  33:10  34:10  40:19 | | **brandywine**(2) 2:24  3:15 | |
| | | | | | | **breach**(3) 10:7  12:20  16:18 | |
| **_____ debtors.___** 1:13 | | | | | | **brief**(3) 13:2  36:19  37:7 | |
| | | | | | | **briefing**(3) 13:18  13:25  36:14 | |
| **a.m**(1) 20:8 | | | | | | **brother**(1) 13:8 | |
| **a/r**(2) 24:24  25:2 | | | | **argue**(1) 18:4 | | **brought**(2) 10:7  10:19 | |
| **abbott**(1) 1:26 | | **allegation**(1) 17:11 | | **argued**(2) 25:11  35:24 | | **bryant**(1) 3:33 | |
| **able**(4) 6:9  6:9  17:20  20:15 | | **allegations**(4) 13:12  14:3  15:19  16:6 | | **argument**(11) 7:14  18:10  19:7  24:16  33:24  34:6  34:22  35:5  36:13  38:10  38:11 | | **buchanan**(1) 2:22 | |
| **about**(13) 7:20  12:19  13:4  16:13  16:16  17:13  17:20  17:20  18:14  21:12  32:22  34:16  42:8 | | **allen**(2) 2:29  26:15 | | | | **build**(2) 17:13  17:17 | |
| | | **allocated**(2) 7:16  8:1 | | | | **built**(1) 17:18 | |
| | | **allocation**(2) 7:10  39:13 | | | | **burden**(1) 38:18 | |
| **above-entitled**(1) 42:18 | | **allow**(2) 19:6  38:20 | | **arguments**(5) 7:21  18:4  34:5  34:17  36:17 | | **business**(4) 15:20  15:21  31:7  31:20 | |
| **absent**(3) 30:18  31:1  31:6 | | **allowed**(2) 10:13  16:11 | | **arise**(1) 11:7 | | **bussigel**(1) 2:9 | |
| **absolutely**(3) 21:5  22:2  28:4 | | **allowing**(1) 39:10 | | **arps**(1) 2:41 | | **but**(34) 4:16  5:18  8:8  9:12  10:14  11:7  11:18  12:2  12:12  12:25  14:11  15:4  15:24  17:9  17:14  17:18  18:17  19:1  19:11  20:19  24:2  27:14  27:22  30:11  31:15  31:16  33:4  36:14  37:2  37:25  38:4  38:18  38:21  39:20 | |
| **acceptance**(3) 17:2  30:11  30:13 | | **alongside**(1) 16:1 | | **arsht**(3) 1:25  4:6  22:11 | | | |
| **access**(2) 10:12  15:22 | | **already**(2) 8:24  38:13 | | **ask**(5) 13:20  13:24  14:7  14:20  15:3 | | | |
| **accommodated**(1) 8:9 | | **also**(11) 10:19  11:3  14:6  25:24  26:7  28:15  29:14  29:24  34:23  38:12  41:19 | | **asked**(1) 14:25 | | | |
| **accommodation**(1) 22:1 | | | | **asking**(1) 15:7 | | | |
| **accordingly**(2) 24:11  27:4 | | | | **asserting**(2) 10:19  25:2 | | | |
| **accounts**(3) 28:10  34:8  34:9 | | | | **assure**(1) 12:25 | | **buyer's**(1) 30:12 | |
| **accusing**(1) 12:22 | | **although**(1) 24:8 | | **attesting**(1) 29:17 | | **buying**(1) 27:14 | |
| **acknowledge**(1) 16:20 | | **american**(9) 28:14  29:8  29:12  29:22  29:23  29:24  30:1  31:17  32:4 | | **august**(5) 23:21  26:25  27:1  27:14  28:5 | | **call**(1) 11:7 | |
| **acknowledged**(1) 33:25 | | | | **available**(5) 8:9  9:20  9:22  14:1  14:21 | | **called**(1) 10:8 | |
| **across**(1) 7:25 | | | | **avenue**(2) 1:36  2:31 | | **can**(19) 4:10  6:23  7:24  12:24  12:25  15:8  15:11  15:24  18:2  20:9  21:1  32:1  32:6  32:19  36:8  36:9  37:8  37:20  38:10 | |
| **acted**(2) 37:22  38:3 | | **americas**(1) 2:31 | | **avoid**(1) 14:9 | | | |
| **action**(1) 41:12 | | **analysis**(1) 37:15 | | **aware**(5) 14:24  15:6  25:15  25:20  25:21  27:12  30:3  31:10 | | | |
| **actions**(1) 11:3 | | **and**(201) 4:6  4:18  4:22  4:24  4:24  5:8  5:15  5:16  5:16  5:22  5:23  6:4  6:5  6:8  6:12  6:14  6:22  7:4  7:11  7:12  7:15  7:18  7:22  7:25  8:3  8:5  8:6  8:9  8:11  8:14  8:16  8:22  8:24  9:20  10:7  10:12  10:14  10:15  10:16  10:17  10:21  10:24  11:1  11:3  11:9  11:9  11:23  11:24  12:3  12:20  13:5  13:6  13:7  13:8  13:11  13:11  13:12  13:13  13:14  13:15  13:19  13:24  14:3  14:5  14:18  14:19  14:20  15:1  15:1  15:2  15:18  15:19  15:21  15:22  15:25  16:1  16:8  16:11  16:13  16:16  16:17  16:20  16:23  17:3  17:6  17:7  17:8  17:13  17:18  17:21  18:8  19:16  19:20  19:26  20:8  20:12  20:18  20:20  21:4  21:15  21:22  22:3  22:11  22:19  23:1  23:1  23:5  23:6  23:12  23:25  24:9  24:15  24:18  24:24  24:25  25:9  25:13  25:13  25:25  26:4  26:7  26:15  26:17  26:25  27:4  27:12  27:13  27:18  27:20  28:17  28:21  28:22  28:25  29:4  29:6  29:8  29:13  29:15  29:19  29:23  30:9  30:11  30:13  30:16  30:18  31:3  31:4  31:5  31:10  31:18  31:21  31:22  31:24  32:3  32:8  32:14  32:20  32:23  32:25  33:16  33:17  33:22  34:1  34:4  34:10  34:14  34:22  34:23  35:15  35:23  36:8  36:13  37:6  37:22  37:23  38:1  38:3  38:5  38:8  39:6  39:13  39:19  39:20  39:21  39:22  40:3  40:8  41:5  41:13  41:14  41:15  41:17  41:19  41:23  42:8 | | **away**(9) 21:16  16:1 | | **canada**(6) 8:14  28:24  30:25  31:8  38:9 | |
| **activity**(1) 17:21 | | | | **back**(9) 4:25  6:2  8:16  15:7  16:4  22:18  27:12  30:3  31:10 | | **canadian**(29) 5:16  5:23  6:5  6:10  6:12  6:22  7:4  7:19  7:24  7:25  8:1  8:6  11:12  24:4  25:9  25:20  26:2  26:19  26:20  26:24  29:9  29:10  31:15  33:22  34:9  34:13  36:6  38:12 | |
| **actually**(1) 41:10 | | | | | | | |
| **addition**(1) 41:17 | | | | **background**(1) 13:2  23:21 | | | |
| **additional**(2) 14:14  36:14 | | | | **bankruptcy**(4) 1:1  1:21  25:25  37:1 | | | |
| **address**(17) 17:3  25:9  28:15  28:15  29:8  29:9  30:23  31:12  31:14  34:7  34:8  34:10  34:11  34:15  36:6  40:19  41:20 | | | | **bar**(11) 26:24  29:15  29:24  32:4  32:8  33:8  33:16  34:2  34:4  38:12  38:13 | | **cannot**(2) 15:25  15:25 | |
| | | | | | | **carling**(8) 5:13  6:1  6:4  6:7  6:10  6:19  6:20  7:5 | |
| **addresses**(2) 31:4  31:16 | | | | **based**(4) 10:11  16:17  16:17  16:18 | | | |
| **adjourn**(4) 40:22  40:24  41:6  41:24 | | | | **basis**(3) 23:19  24:12  25:22  34:2 | | **case**(10) 1:9  5:19  6:3  6:5  10:18  13:16  14:3  15:4  20:23  34:20 | |
| **adjourned**(3) 23:5  23:12  42:13 | | | | **battle**(4) 30:18  34:8  35:6  35:17 | | | |
| **adjournment**(2) 41:5  41:18 | | | | **because**(12) 5:24  9:6  10:22  14:12  18:8  25:17  30:3  34:22  34:25  35:6  35:17  35:22 | | **cases**(6) 12:3  13:17  29:12  29:15  29:18 | |
| **administration**(1) 26:20 | | | | | | **caught**(2) 40:11  42:7 | |
| **administrators**(1) 3:13 | | | | **been**(10) 14:10  15:20  23:12  25:4  25:5  25:5  26:18  34:13  34:25  41:20 | | **cavalier**(1) 12:24 | |
| **admit**(1) 34:21 | | | | | | **ccaa**(1) 26:3 | |
| **admits**(1) 25:17 | | | | **before**(13) 1:20  5:19  6:9  6:14  8:12  11:13  13:19  15:7  20:2  21:5  25:11  27:4  34:3 | | **central**(2) 34:4  34:8 | |
| **adversary**(1) 10:2 | | | | | | **cert**(2) 39:21  42:23 | |
| **aert**(1) 42:23 | | | | **begin**(1) 7:13 | | **certain**(4) 11:25  21:7  23:17  42:11 | |
| **affidavit**(8) 26:3  26:5  26:23  26:25  27:3  29:16  32:7  32:17 | | | | **beginning**(1) 6:3 | | **certainly**(6) 22:3  22:7  36:22  38:1  38:22  41:15 | |
| | | | | **behalf**(6) 4:6  5:9  22:24  26:15  27:11  40:16 | | | |
| **after**(18) 7:19  13:25  14:21  15:5  16:12  18:8  19:17  21:6  21:7  25:10  27:19  27:20  27:23  27:24  28:23  29:11  33:19  35:14 | | **and/or**(1) 6:10 | | **being**(4) 17:20  22:20  35:23  36:13 | | **certificate**(2) 4:15  11:2 | |
| | | **anderson**(2) 3:4  27:11 | | **believe**(10) 5:17  8:6  14:2  15:4  22:19  23:5  34:4  35:15  36:5  40:2 | | **certification**(2) 39:4  42:15 | |
| | | **ann**(1) 1:27 | | | | **certify**(1) 42:16 | |
| **afternoon**(11) 5:7  12:8  12:10  12:12  12:13  22:10  22:22  22:23  27:9  27:10  39:2 | | **annie**(2) 4:5  22:10 | | | | **chambers**(3) 8:23  39:8  39:18 | |
| | | **another**(3) 39:8  39:15  39:21 | | **benesch**(1) 1:34 | | **chance**(1) 42:7 | |
| | | **answer**(6) 9:21  9:22  20:21  20:21  21:7  21:12  42:4 | | **between**(1) 39:5 | | **chancellor**(1) 13:8 | |
| **afterwards**(1) 34:24 | | | | **bianca**(41) 2:6  22:20  22:22  22:24  22:24  23:11  23:15  26:7  26:22  27:3  27:7  27:8  27:13  32:10  32:12  32:21  32:25  33:4  33:6  33:7  34:21  35:19  36:5  36:12  36:18  36:21  37:19  38:8  38:14  38:17  38:23  40:13  40:14  40:15  40:16  41:2  41:9  41:16  41:17  42:4 | | **change**(3) 17:2  41:21  41:23 | |
| **again**(2) 11:22  40:14 | | | | | | **changes**(1) 25:11 | |
| **against**(10) 10:8  23:16  24:10  25:22  26:2  32:2  33:16  33:25  34:25  35:3 | | **anybody**(2) 8:20  9:11 | | | | **chapter**(2) 1:7  4:25 | |
| | | **anyone**(3) 12:6  27:12  42:5 | | | | **charge**(1) 6:1 | |
| | | **anything**(2) 14:12  36:11 | | | | **charges**(2) 12:25  13:14 | |
| **agenda**(7) 4:7  4:25  5:11  22:20  22:25  40:17  40:19 | | **apologize**(1) 9:9 | | **bill**(6) 25:8  27:21  28:21  34:8  34:11  35:12 | | **chase**(1) 2:37 | |
| | | **appearances**(1) 3:26 | | **billing**(2) 30:23  34:15 | | **check**(2) 4:14  18:17 | |
| | | **appears**(2) 25:14  37:25 | | **bit**(2) 12:24  13:2 | | **chosen**(1) 12:21 | |
| **agendas**(1) 4:24 | | **application**(2) 8:13  8:15 | | **blank**(1) 25:3 | | **christmas**(1) 18:23 | |
| **ago**(1) 13:9 | | **appreciate**(2) 8:8  22:1 | | **blanks**(2) 13:20  14:18 | | **christopher**(1) 2:16 | |
| **agree**(4) 16:19  30:18  35:16  38:20 | | **approach**(5) 13:16  16:19  26:4  32:6  41:13 | | **block**(1) 19:11 | | **chronology**(2) 28:3  35:11 | |
| **agreed**(6) 6:13  7:20  8:5  11:1  11:3  14:22  31:1  31:2  31:5  31:18  40:22  40:23  41:5 | | **appropriate**(2) 24:3  32:2 | | **bologna**(1) 12:19 | | **circuit**(1) 18:11 | |
| | | **appropriately**(1) 34:19 | | **bolstered**(1) 32:3 | | **circumstances**(2) 11:7  34:19 | |
| | | **approving**(1) 39:5 | | **bond**(1) 3:37 | | **claim**(30) 10:7  10:22  16:16  16:17  16:18  23:6  23:7  23:12  23:13  23:16  23:16  23:19  24:10  24:12  25:22  26:2  27:5  32:2  33:10  33:13  33:18  33:25  34:19  37:1  38:20  40:23  40:24  41:6  41:22  41:24 | |
| **agreeing**(2) 33:10  41:11 | | | | **bondholder**(1) 2:35 | | | |
| **agreement**(3) 7:12  31:6  35:18 | | | | **both**(11) 4:24  30:16  30:17  30:18  30:20  30:22  30:24  30:25  34:9  35:20  37:14 | | | |
| **agreements**(1) 15:23 | | | | | | | |
| **akin**(1) 3:29 | | | | **botter**(1) 3:29 | | | |
| **alert**(1) 8:17 | | | | **box**(3) 1:30  2:46  3:17 | | | |
| | | | | **brad**(1) 3:31 | | | |
| | | | | **brand**(2) 10:16  16:1 | | | |

| Word | Page:Line |
|---|---|
| **claims**(15) 4:25  10:20  14:3  14:10  14:15  22:19  23:2  26:20  33:11  33:19  38:2  40:18  41:11  41:16  41:19 | |
| **clark**(37) 2:42  12:7  12:8  12:11  12:14  12:18  13:23  14:9  16:5  16:19  16:22  17:5  17:25  18:2  18:18  18:22  19:1  19:5  19:8  19:11  19:17  19:18  19:20  19:25  20:6  20:8  20:11  20:18  20:25  21:14  21:18  21:21  21:25  22:4  22:6  22:7  22:8 | |
| **classic**(1) 35:17 | |
| **clean**(1) 41:13 | |
| **clear**(2) 25:5  25:8 | |
| **clearly**(6) 24:13  25:23  33:9  33:20  34:14  35:14 | |
| **cleary**(3) 2:4  5:8  15:18 | |
| **clerk**(3) 4:2  40:8  40:10 | |
| **client**(1) 12:19 | |
| **clients**(3) 12:25  14:11  17:9 | |
| **close**(2) 6:4  6:11 | |
| **closer**(1) 20:16 | |
| **coca**(4) 23:7  26:23  29:20  34:16 | |
| **code**(3) 30:9  34:17  37:23 | |
| **coke**(38) 3:4  23:13  23:16  24:6  24:8  24:15  24:23  24:24  25:5  25:10  25:18  25:20  25:25  25:25  27:4  27:11  27:15  27:24  28:10  28:20  29:6  29:12  29:15  29:17  32:21  33:9  33:15  33:22  33:25  34:7  35:1  35:2  35:2  35:3  35:13  35:14  35:15  37:1 | |
| **coke's**(7) 23:24  25:1  25:14  26:7  29:8  31:1  31:14 | |
| **cola**(3) 23:7  26:23  29:20 | |
| **cola's**(1) 34:16 | |
| **colleague**(1) 9:25 | |
| **come**(4) 5:19  6:9  26:12  27:18 | |
| **comes**(1) 6:3 | |
| **coming**(3) 8:23  30:3  39:13 | |
| **comment**(1) 26:18 | |
| **comments**(3) 17:5  17:25  26:18 | |
| **commercial**(2) 30:9  34:17 | |
| **commitment**(6) 23:23  24:1  24:5  24:17  24:19  24:20 | |
| **commits**(1) 27:14 | |
| **committed**(2) 23:22  23:23 | |
| **committee**(6) 2:15  3:29  5:15  5:22  8:5  39:6 | |
| **commonwealth**(1) 40:22 | |
| **communication**(2) 10:1  10:8 | |
| **communications**(1) 2:41 | |
| **community**(1) 33:11 | |
| **company**(5) 10:8  13:3  13:9  23:7  26:23 | |
| **competes**(1) 16:1 | |
| **complaint**(6) 10:19  10:21  11:18  13:18  15:20  17:15 | |
| **complaints**(2) 12:2  14:4 | |
| **complete**(1) 16:20 | |
| **completed**(3) 13:25  25:4  25:4 | |
| **components**(3) 10:12  10:15  15:23 | |
| **conaway**(1) 3:13 | |
| **conduct**(6) 30:10  32:3  34:24  35:5  35:14  37:22 | |
| **confer**(1) 40:8 | |
| **conference**(3) 4:23  14:19  20:3 | |
| **conferred**(1) 10:25 | |
| **confusion**(1) 25:6 | |
| **connection**(1) 23:25 | |
| **consecutive**(4) 20:19  20:25  21:11  21:23 | |
| **consistent**(1) 29:7 | |
| **consolidate**(1) 11:3 | |
| **consolidated**(1) 11:8 | |
| **continued**(2) 2:2  3:2 | |
| **contract**(8) 10:7  12:20  16:18  30:7  30:11  31:10  31:13  32:1 | |
| **contracts**(3) 10:13  17:19  30:4 | |
| **coordinating**(1) 11:11 | |
| **copies**(2) 26:4  26:7 | |
| **copy**(5) 29:13  29:16  39:8  39:15  39:21 | |
| **cordo**(28) 1:27  4:4  4:5  4:5  4:10  4:14  4:19  4:21  5:3  5:4  9:1  9:2  9:5  9:10  22:10  22:11  22:12  22:14  22:16  22:18  39:1  39:2  39:15  39:18  39:24  40:1  40:5  42:8  42:12 | |
| **core**(1) 20:22 | |
| **corporation**(1) 6:22  41:3 | |
| **correct**(4) 11:20  29:20  39:24  42:16 | |
| **correcting**(1) 12:11 | |
| **corroon**(1) 3:4 | |
| **could**(5) 6:11  14:1  14:9  15:10  34:13 | |
| **counsel**(8) 8:14  10:25  11:2  26:8  39:4  40:8  41:4  42:10 | |
| **counterfeiting**(1) 12:23 | |
| **county**(2) 23:6  23:11 | |
| **couple**(3) 5:24  13:20  21:9 | |
| **course**(4) 32:16  33:18  34:24  35:5 | |
| **court**(149) 1:1  4:3  4:9  4:13  4:18  4:20  5:2  5:6  5:10  5:14  5:21  6:10  6:10  6:16  7:18  8:6  8:8  8:17  8:19  8:22  9:1  9:4  9:8  9:10  9:13  9:15  9:18  10:3  10:10  10:23  11:2  11:5  11:9  11:12  11:15  11:16  11:17  11:21  12:4  12:6  12:10  12:12  12:13  12:17  13:22  14:1  14:8  14:24  15:3  15:6  15:7  15:13  15:16  17:24  18:1  18:3  18:6  18:12  18:14  18:20  18:25  19:3  19:6  19:10  19:16  19:19  19:22  20:4  20:7  20:10  20:12  20:17  20:24  21:3  21:9  21:15  21:20  21:22  22:7  22:9  22:12  22:15  22:17  22:21  22:23  23:10  23:14  26:6  26:9  26:12  26:16  26:21  27:2  27:5  27:7  27:9  27:25  28:2  28:5  28:8  28:12  28:17  28:19  28:25  29:3  29:19  29:22  29:25  30:6  32:10  32:15  33:2  33:5  34:16  35:8  35:10  36:2  36:11  36:16  36:19  36:22  37:3  37:6  37:10  37:13  37:16  37:20  38:13  38:15  38:19  38:25  39:12  39:14  39:17  39:22  39:25  40:3  40:6  40:9  40:11  40:15  41:1  41:8  41:15  42:2  42:5  42:10 | |
| **courtroom**(1) 1:11 | |
| **cousin**(1) 12:16 | |
| **creates**(1) 16:1 | |
| **creating**(1) 34:2 | |
| **creditor**(8) 29:12  29:13  29:17  29:20  32:22  33:17  37:21  38:3 | |
| **creditors**(6) 2:16  3:30  8:5  29:13  32:5  32:9 | |
| **criteria**(2) 35:20  35:24 | |
| **ctdi**(13) 4:23  10:9  10:11  10:25  12:6  12:22  13:2  13:15  14:25  15:2  15:20  15:21  16:16 | |
| **ctdi's**(3) 16:19  16:25  17:4 | |
| **currency**(1) 31:16 | |
| **current**(1) 27:4 | |
| **customers**(1) 17:22 | |
| **dad**(1) 13:8 | |
| **data**(1) 1:42 | |
| **date**(11) 26:24  29:15  29:24  32:4  32:8  33:17  34:2  34:4  38:12  38:13 | |
| **dated**(1) 26:25 | |
| **dates**(4) 14:20  14:20  18:7  19:17 | |
| **david**(5) 2:7  2:8  3:30  9:25  10:6 | |
| **day**(7) 18:9  18:11  18:19  18:21  19:2  40:6  42:11 | |
| **days**(6) 13:19  20:13  20:15  20:19  21:1 | |
| **dead**(1) 12:25 | |
| **deadline**(1) 9:7 | |
| **deal**(3) 7:13  14:2  28:16 | |
| **dealing**(3) 25:15  25:15  35:7 | |
| **deals**(1) 8:2 | |
| **deathbed**(1) 37:2 | |
| **debt**(2) 6:5  35:15 | |
| **debtor**(6) 6:1  6:22  7:14  23:20  25:20  25:22  25:23  28:14  29:8  29:22  33:25 | |
| **debtor's**(1) 40:17 | |
| **debtors**(34) 1:25  2:4  4:6  5:9  5:15  5:16  5:22  5:24  6:5  6:8  6:12  7:20  7:24  7:25  8:3  8:5  8:12  22:23  23:1  23:19  24:5  24:13  27:6  32:3  33:8  33:22  34:3  34:10  34:14  35:4  35:23  39:5  40:16  41:5 | |
| **december**(3) 38:14  23:12  40:25 | |
| **decided**(2) 14:11  15:2 | |
| **decides**(2) 14:1  15:5 | |
| **decision**(1) 14:16 | |
| **declaration**(4) 25:10  25:17  25:19  25:24 | |
| **defeat**(1) 35:24 | |
| **defenses**(1) 39:12 | |
| **delaware**(4) 1:2  1:13  1:36  4:1 | |
| **delaware's**(1) 13:7 | |
| **deliver**(3) 28:21  28:23  30:25 | |
| **delivered**(1) 38:3 | |
| **delivery**(6) 31:4  31:6  31:8  31:9  31:13 | |
| **demonstrated**(1) 25:12 | |
| **demonstrates**(2) 24:19  25:23  26:4 | |
| **depending**(1) 18:18 | |
| **derek**(1) 1:26 | |
| **design**(2) 2:42  10:8 | |
| **designs**(1) 10:2 | |
| **detail**(2) 23:18  41:9 | |
| **details**(1) 17:7 | |
| **determined**(2) 7:10  7:22 | |
| **diaz**(1) 1:42 | |
| **did**(14) 5:18  6:11  15:13  16:3  16:5  16:7  17:6  17:9  19:17  33:8  33:14  33:18  34:11  35:15 | |
| **didn't**(7) 25:14  31:8  33:11  33:13  33:17  35:6  42:7 | |
| **differ**(1) 30:12 | |
| **difficult**(1) 21:11 | |
| **disallow**(1) 27:5 | |
| **discovery**(4) 14:7  14:10  14:14  17:3 | |
| **discuss**(2) 16:23  38:21 | |
| **discussions**(4) 5:16  5:23  7:19  17:9 | |
| **dismiss**(5) 11:10  13:18  14:6  15:6  17:4 | |
| **dismissal**(1) 14:13 | |
| **dismissed**(1) 14:15 | |
| **disposed**(2) 13:14  15:8 | |
| **dispute**(2) 12:20  27:4 | |
| **disputed**(1) 35:2 | |
| **disputes**(1) 27:12 | |
| **district**(1) 1:2 | |
| **docket**(6) 4:16  8:24  30:1  32:13  39:7  39:20 | |
| **document**(1) 36:8 | |
| **documents**(6) 24:23  24:24  25:1  27:13  28:23  32:11 | |
| **does**(5) 12:6  28:10  30:2  30:7  30:7 | |
| **doesn't**(2) 20:25  27:15 | |
| **doing**(2) 9:5  10:15 | |
| **dollar**(2) 7:7  7:16 | |
| **dollars**(4) 6:25  7:2  7:23  30:21 | |
| **don't**(11) 8:20  9:11  16:25  17:15  19:13  27:12  35:16  35:17  37:11  38:2  39:14 | |
| **donald**(1) 13:8 | |
| **done**(4) 13:17  13:17  13:19  17:21 | |
| **double**(1) 18:17 | |
| **down**(5) 14:10  17:3  17:6  17:8  19:13 | |
| **dramatically**(1) 12:21 | |
| **due**(1) 6:3 | |
| **earlier**(1) 11:18 | |
| **earliest**(3) 14:16  15:9  21:1 | |
| **early**(4) 6:23  7:3  7:6  25:6 | |
| **easier**(1) 40:13 | |
| **economics**(1) 37:4 | |
| **ecro**(1) 1:40 | |
| **either**(2) 14:2  36:8 | |
| **electro**(3) 41:2  41:4  41:19 | |
| **electronic**(2) 1:49  42:17 | |
| **else**(3) 8:20  9:11  42:5 | |
| **emily**(1) 2:9 | |
| **emphatic**(1) 14:12 | |
| **employees**(1) 13:4 | |
| **end**(5) 6:3  6:11  7:13  9:19  28:18 | |
| **ended**(1) 10:14 | |
| **ends**(2) 14:23  30:3 | |
| **enforce**(1) 11:24 | |
| **engage**(1) 17:20 | |
| **engaged**(1) 5:23 | |
| **engagement**(1) 18:23 | |
| **enough**(2) 13:6  38:7 | |
| **entered**(1) 23:4 | |
| **entirety**(1) 13:18 | |
| **entities**(2) 24:1  31:20 | |
| **entitled**(1) 16:8 | |
| **entity**(18) 23:22  24:2  24:3  24:20  24:22  25:7  25:16  27:16  29:10  30:24  31:11  31:12  31:15  31:16  32:2  33:10  34:12  35:18 | |
| **equipment**(1) 12:23 | |
| **equipment/repair**(1) 13:5 | |
| **ernst**(1) 2:22 | |
| **error**(1) 25:2 | |
| **escalate**(1) 12:21 | |
| **escrow**(3) 6:18  7:7  7:16 | |
| **escrowed**(1) 7:1 | |
| **esq**(23) 1:26  1:27  1:35  2:5  2:6  2:7  2:8  2:9  2:10  2:22  2:23  2:30  2:36  2:42  2:43  2:44  3:5  3:6  3:14  3:30  3:31  3:32  3:38 | |
| **establish**(2) 30:10  34:22 | |
| **even**(1) 42:7 | |
| **evening**(1) 21:16 | |
| **event**(2) 6:10  7:3 | |
| **ever**(2) 28:22  31:20 | |
| **everyone**(2) 4:3  33:12  40:6 | |
| **everything**(2) 4:11  12:18 | |
| **evidence**(3) 17:16  25:12  25:22 | |
| **exactly**(5) 16:3  23:14  28:5  28:17  38:14 | |
| **example**(2) 7:17  11:10 | |
| **exclusive**(1) 11:24 | |
| **excused**(1) 22:6 | |
| **executed**(1) 23:23 | |
| **exercise**(1) 6:23 | |
| **exercised**(2) 7:4  7:6 | |
| **existed**(1) 34:3 | |
| **existence**(1) 30:10 | |
| **expected**(2) 6:4  37:5 | |
| **expeditiously**(1) 14:1 | |
| **expense**(2) 14:10  14:14 | |
| **experience**(1) 13:15 | |
| **explain**(2) 5:18  23:18 | |
| **explicitly**(1) 15:24 | |
| **extended**(1) 6:2 | |
| **extent**(3) 10:20  25:6  26:18 | |
| **extremely**(1) 18:22 | |
| **fabricating**(1) 10:16 | |
| **facility**(6) 11:6  16:1  6:4  6:7  6:20  7:5 | |
| **factory**(1) 16:1 | |
| **fact**(6) 8:17  25:21  31:1  33:8  34:11  35:16 | |
| **fair**(2) 38:7  38:24 | |
| **fairly**(1) 21:23 | |
| **fall**(2) 14:4  35:16 | |
| **family**(1) 13:7 | |
| **family's**(1) 13:9 | |
| **fan**(1) 16:22 | |
| **fanuc**(1) 41:25 | |
| **far**(1) 11:9 | |
| **feld**(1) 3:29 | |
| **few**(4) 4:22  5:18  8:12  13:19 | |
| **fifteenth**(2) 23:1  40:18 | |
| **file**(2) 26:1  33:13 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **filed**(24) 5:12 8:13 11:16 16:4 16:12 20:20 23:6 23:7 23:16 24:10 24:15 25:10 25:10 26:3 27:3 34:19 34:25 35:25 36:15 38:20 41:2 41:9 41:22 41:25 | | **going**(14) 4:11 4:21 4:23 13:19 14:11 16:23 17:9 19:23 20:20 22:25 23:8 23:13 41:3 42:6 | | **hit**(3) 4:16 8:24 39:7 **holder**(2) 10:22 12:1 **holders**(1) 3:37 **holiday**(1) 21:17 | | **into**(7) 6:13 15:3 15:7 15:11 17:3 17:7 35:16 | |
| **files**(1) 19:11 | | **gone**(1) 4:17 | | **holidays**(1) 21:10 | | **introduce**(1) 9:25 | |
| **filing**(1) 20:21 | | **good**(24) 4:3 4:4 4:5 5:6 5:7 9:10 9:16 | | **hollywood**(1) 12:15 | | **invoice**(11) 24:9 24:25 27:24 28:20 28:21 | |
| **filled**(2) 13:21 14:19 | | 10:4 12:8 12:10 18:9 20:12 22:4 22:9 | | **honesty**(1) 13:11 | | 29:6 29:9 33:15 33:22 35:13 35:14 | |
| **filler**(2) 30:14 31:3 | | 22:10 22:22 22:23 26:13 26:14 27:9 27:10 | | **honor**(98) 4:5 4:19 5:7 5:11 5:20 5:20 | | **invoiced**(4) 25:6 33:15 33:23 35:3 | |
| **fillers**(1) 30:19 | | 39:2 40:6 42:11 | | 5:25 7:9 9:2 9:16 9:20 9:23 9:25 10:5 | | **isn't**(2) 20:19 25:22 | |
| **final**(1) 14:19 | | | | 10:24 11:13 11:14 12:8 12:14 12:19 13:2 | | **invoices**(2) 29:7 29:8 | |
| **finally**(1) 41:9 | | **goods**(4) 31:5 31:6 31:14 38:3 | | 13:10 13:25 14:6 14:21 14:24 15:5 15:10 | | **it's**(30) 7:22 10:4 10:11 11:13 13:3 13:3 | |
| **fine**(8) 4:13 5:21 18:16 18:18 20:6 36:25 | | **got**(5) 4:18 19:1 19:13 30:4 30:13 | | 15:11 15:15 15:18 16:3 16:14 17:2 17:5 | | 13:4 18:8 18:18 18:23 20:22 21:1 22:2 | |
| 37:8 37:13 | | **gotten**(2) 10:11 39:19 | | 17:10 17:23 18:5 18:10 18:13 18:17 18:25 | | 28:16 28:25 29:1 29:23 29:24 31:1 32:23 | |
| | | **gottlieb**(3) 2:4 5:8 15:19 | | 19:2 19:15 19:18 19:24 20:9 20:14 | | 32:23 32:25 34:2 35:24 35:25 36:18 38:1 | |
| **finger**(1) 2:15 | | **government**(2) 7:4 7:8 | | 20:18 20:23 21:4 21:6 21:7 21:19 21:25 | | 38:17 39:10 41:10 | |
| **first**(9) 4:14 4:24 5:25 18:7 27:21 28:22 | | **grain**(1) 17:23 | | 22:1 22:5 22:8 22:10 22:22 26:10 27:10 | | **item**(4) 4:15 5:11 23:3 40:17 | |
| 30:15 36:12 40:21 | | **granting**(1) 23:4 | | 27:11 27:20 28:10 28:13 29:11 29:14 | | **items**(2) 22:25 23:1 | |
| | | **great**(8) 5:2 9:20 12:15 15:12 20:8 20:11 | | 29:16 30:2 30:4 30:8 30:21 30:22 31:3 | | **its**(13) 7:3 7:5 8:13 13:18 15:22 16:20 | |
| **first-year**(1) 30:3 | | 21:13 21:24 | | 31:8 31:18 31:21 31:22 32:1 32:6 32:14 | | 27:24 28:20 29:6 29:7 37:1 37:22 41:11 | |
| **fit**(1) 21:1 | | | | 33:3 35:9 36:7 37:12 37:18 38:7 38:16 | | | |
| **five**(4) 20:13 20:15 23:24 28:9 | | **green**(1) 2:43 | | 38:23 38:24 39:2 39:9 40:2 40:5 42:8 | | **itself**(3) 17:18 24:19 24:24 | |
| **floor**(3) 1:29 3:9 3:16 | | **gross**(1) 1:20 | | 42:12 | | **jaime**(1) 3:14 | |
| **followed**(1) 34:21 | | **group**(2) 2:35 3:37 | | **honorable**(1) 1:20 | | **jane**(2) 2:5 5:8 | |
| **following**(3) 18:15 21:22 35:13 | | **guest**(2) 23:17 23:24 | | **hoover**(1) 1:35 | | **jennifer**(1) 1:35 | |
| **for**(61) 1:2 1:25 2:4 2:15 2:22 2:35 2:41 | | **gump**(1) 3:29 | | **hope**(1) 19:8 | | **jeremy**(2) 3:5 27:10 | |
| 3:4 3:13 3:29 3:37 4:23 4:25 5:7 7:17 8:5 | | **had**(15) 4:17 5:15 5:24 10:16 11:17 11:18 | | **hospitality**(1) 23:24 | | **jessica**(3) 2:30 26:11 26:14 | |
| 8:15 10:1 10:25 11:7 11:7 11:8 11:10 | | 15:20 25:4 25:11 25:25 31:20 33:11 33:13 | | **hours**(2) 19:6 19:12 | | **jewish**(1) 21:9 | |
| 12:6 12:20 13:11 14:16 14:19 15:16 16:5 | | 33:15 33:25 | | **how**(7) 4:17 7:15 10:16 18:14 20:1 21:12 | | **joint**(4) 3:13 5:12 5:17 8:9 | |
| 16:7 17:1 17:21 18:16 19:1 19:7 19:13 | | **hadley**(2) 2:35 3:37 | | 34:16 | | **judge**(2) 1:21 17:14 | |
| 20:5 20:5 20:22 21:23 22:16 23:17 24:6 | | **hamilton**(3) 2:4 5:8 15:19 | | | | **jump**(2) 4:25 17:8 | |
| 24:10 25:3 25:22 28:6 28:7 28:13 29:14 | | **hand**(2) 26:5 41:13 | | **however**(2) 26:2 41:4 | | **jurisdiction**(1) 39:12 | |
| 29:16 30:23 31:21 34:2 34:9 34:9 34:11 | | **handled**(2) 22:20 34:10 | | **i'd**(3) 25:24 26:5 41:13 | | **jury**(1) 21:6 | |
| 37:22 40:2 42:11 | | **handling**(1) 10:1 | | **i'll**(11) 5:14 18:17 23:3 23:15 23:18 32:6 | | **just**(38) 4:10 4:14 4:17 4:22 4:25 5:18 6:8 | |
| | | **happened**(1) 5:19 | | 34:21 36:22 37:24 38:21 40:19 | | 8:12 9:5 10:6 12:18 13:2 16:4 16:9 18:2 | |
| **foregoing**(1) 42:16 | | **happy**(5) 5:17 20:22 21:5 21:5 36:14 | | **i'm**(14) 9:18 11:17 16:22 17:9 26:10 26:14 | | 21:1 21:4 22:19 23:7 24:20 25:1 25:14 | |
| **form**(9) 17:12 19:21 23:23 24:17 24:19 | | **harrisburg**(1) 1:44 | | 27:25 29:20 36:14 37:6 40:11 40:12 40:2 | | 25:20 26:17 27:17 27:25 29:19 33:7 34:2 | |
| 24:20 24:25 25:3 28:11 | | **has**(23) 6:23 7:4 9:16 10:7 10:19 11:18 | | 42:6 | | 34:3 35:6 35:9 36:25 37:11 39:3 39:18 | |
| | | 11:24 11:25 12:21 13:3 13:15 14:21 14:25 | | **i've**(4) 19:13 26:22 32:16 36:12 | | 41:17 42:2 | |
| **formal**(1) 40:18 | | 15:1 15:2 16:21 23:12 25:3 26:18 33:10 | | **i.e.**(1) 30:16 | | | |
| **forms**(7) 30:5 34:18 34:22 34:23 35:6 | | 38:3 38:12 38:13 | | **ibrahimi**(1) 2:44 | | **justice**(3) 6:14 8:4 8:7 | |
| 35:16 35:17 | | | | **ideal**(2) 20:19 20:19 | | **justification**(2) 16:5 16:7 | |
| | | **hasn't**(1) 8:25 | | **identified**(3) 23:22 24:4 24:19 | | **kahn**(1) 3:31 | |
| **forward**(5) 22:25 23:8 23:13 34:5 41:3 | | **hat**(1) 41:22 | | **illegal**(1) 12:23 | | **katherine**(1) 2:10 | |
| **found**(1) 33:20 | | **hate**(2) 12:8 12:11 | | **impeccable**(1) 13:11 | | **keep**(5) 20:22 21:23 37:4 38:4 38:5 | |
| **four**(1) 16:15 | | **hauer**(1) 3:29 | | **important**(2) 18:22 25:17 | | **keeping**(1) 18:6 | |
| **fraud**(3) 10:7 12:22 16:17 | | **have**(51) 5:15 6:1 6:6 6:13 8:5 8:14 8:24 | | **impose**(1) 15:10 | | **kevin**(1) 1:20 | |
| **fraudsters**(1) 17:21 | | 10:4 10:24 11:2 12:2 12:19 13:11 13:17 | | **inc**(6) 1:9 2:42 10:2 10:8 32:0 32:2 41:22 | | **kim**(19) 2:5 4:22 5:5 5:6 5:7 5:8 5:11 | |
| **from**(28) 5:8 6:1 6:7 7:2 8:1 9:24 10:16 | | 13:25 14:10 18:3 18:10 18:20 18:22 20:25 | | **include**(2) 7:21 41:18 | | 5:15 5:22 6:17 7:19 8:20 8:24 9:9 9:11 | |
| 12:15 16:5 16:10 16:15 17:14 23:24 26:1 | | 21:5 21:7 21:11 22:19 25:4 25:5 26:4 | | **included**(2) 6:20 33:17 | | 9:14 9:16 9:20 10:5 | |
| 26:15 27:15 30:12 31:11 32:8 32:13 32:13 | | 26:7 28:2 29:13 29:15 30:16 31:11 31:15 | | **includes**(1) 10:21 | | | |
| 33:15 33:22 36:2 39:20 40:7 40:21 42:17 | | 31:21 32:10 32:12 33:13 33:14 34:13 | | **including**(3) 12:1 32:5 34:1 | | **kind**(4) 4:10 17:21 21:10 39:3 | |
| | | 34:25 36:13 36:13 39:2 39:7 39:19 40:2 | | **incorrectly**(1) 33:23 | | **kinds**(1) 12:24 | |
| **front**(3) 8:4 8:6 20:23 | | 41:5 41:20 42:7 | | **incur**(1) 14:13 | | **king**(1) 2:18 | |
| **full**(1) 27:5 | | | | **indeed**(1) 7:12 | | **knew**(1) 35:3 | |
| **funding**(1) 7:11 | | **haven't**(3) 4:16 17:14 20:20 | | **indicate**(2) 35:20 37:24 | | **know**(20) 7:9 8:20 9:11 10:16 14:14 15:11 | |
| **further**(5) 9:17 9:24 36:11 39:10 41:12 | | **having**(7) 8:8 10:11 17:21 20:2 34:21 | | **indicated**(5) 24:8 24:18 33:21 34:12 34:14 | | 18:8 22:14 24:21 25:14 31:12 31:13 33:11 | |
| **future**(1) 5:20 | | 39:15 39:21 | | **indicates**(6) 24:13 26:23 33:9 34:24 35:11 | | 35:6 37:14 38:2 38:9 38:19 39:19 39:22 | |
| **gain**(1) 15:22 | | | | 35:14 | | | |
| **gambino**(1) 12:15 | | **hear**(3) 8:20 9:18 17:13 | | | | | |
| **gap**(3) 30:14 30:19 31:3 | | **heard**(13) 8:6 8:15 8:21 9:12 11:11 12:6 | | **indicating**(3) 20:21 25:18 35:1 | | | |
| **garage**(1) 13:9 | | 13:14 15:14 16:5 16:7 17:14 36:13 42:6 | | **indication**(1) 16:24 | | **knowledge**(1) 25:25 | |
| **generated**(1) 16:10 | | | | **indulgence**(1) 4:7 | | **knows**(2) 5:25 21:7 | |
| **gentlemen**(3) 19:14 22:2 38:25 | | **hearing**(14) 5:12 5:17 8:7 8:8 8:10 8:12 | | **industry**(1) 13:6 | | **kreller**(1) 3:38 | |
| **georgia**(1) 36:10 | | 8:16 13:23 13:24 23:12 40:25 41:7 42:1 | | **informal**(1) 41:20 | | **labarsky**(7) 26:10 26:11 26:12 26:14 | |
| **get**(7) 14:15 15:1 15:8 15:11 17:1 20:15 | | 42:13 | | **information**(2) 10:13 11:23 | | 26:15 26:17 26:21 | |
| 39:25 | | **hearings**(2) 11:9 12:11 | | **ingersoll**(1) 2:22 | | | |
| | | **hercules**(1) 3:7 | | **initial**(1) 29:13 | | **landlord**(1) 6:21 | |
| **getting**(1) 35:14 | | **here**(11) 10:4 11:21 12:19 16:21 20:23 | | **insert**(1) 6:13 | | **language**(1) 6:13 | |
| **ginger**(1) 1:40 | | 26:8 34:5 34:19 36:8 37:23 39:13 | | **instead**(2) 10:14 24:20 | | **last**(4) 5:22 39:3 39:3 39:20 | |
| **gist**(1) 10:17 | | | | **integrity**(1) 13:12 | | **lastly**(1) 14:24 | |
| **give**(6) 13:4 18:7 20:1 21:4 21:22 36:22 | | **here's**(2) 23:21 30:20 | | **intellectual**(1) 10:21 | | **later**(8) 7:22 24:3 24:5 24:9 27:16 27:23 | |
| **given**(3) 16:19 29:24 36:25 | | **herrington**(31) 2:7 9:25 10:3 10:5 10:6 | | **interestingly**(1) 13:2 | | 27:23 39:23 | |
| **gives**(2) 29:14 34:15 | | 10:11 10:24 11:6 11:13 11:16 11:20 11:22 | | **interim**(1) 7:11 | | | |
| **giving**(3) 33:12 34:1 34:3 | | 12:5 12:18 15:13 15:15 15:18 17:7 17:14 | | **internal**(1) 28:10 | | | |
| **glad**(2) 40:11 42:6 | | 18:5 18:10 18:13 18:16 19:15 19:23 20:1 | | **international**(1) 28:14 | | | |
| **global**(1) 23:24 | | 20:14 21:4 21:13 21:24 22:5 | | **internet**(1) 32:20 | | **laughter**(1) 22:13 | |
| **goes**(2) 10:9 31:3 | | | | **interrupt**(1) 26:11 | | **law**(3) 30:4 31:8 36:9 | |
| | | **hill**(1) 18:23 | | | | | |
| | | **his**(3) 13:8 13:8 17:8 | | | | | |
| | | **history**(1) 12:15 | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| lawyers(2) 12:15 12:23 | | meaningless(1) 17:1 | | nortel(44) 1:9 6:21 10:12 10:16 12:21 | | order(41) 4:8 4:16 6:14 7:21 8:4 11:1 |
| layton(1) 2:15 | | means(1) 37:2 | | 13:12 14:25 15:1 15:18 15:21 16:11 16:15 | | 13:21 14:15 14:18 15:1 15:3 15:7 19:23 23:4 |
| learn(1) 9:23 | | mediation(11) 7:12 9:18 14:25 15:3 15:7 | | 17:12 17:18 23:22 24:1 24:2 24:3 24:4 | | 23:5 24:6 24:8 24:13 25:3 25:8 25:13 |
| lease(1) 6:20 | | 16:21 16:22 39:7 39:11 39:13 39:23 | | 24:21 25:7 27:14 27:15 27:16 27:17 27:17 | | 25:18 27:20 28:5 29:2 29:3 29:4 33:20 |
| least(1) 13:15 | | members(1) 13:7 | | 27:19 28:14 28:16 28:25 29:1 29:4 29:11 | | 34:14 34:15 35:1 35:4 35:12 36:2 38:5 |
| leave(2) 30:3 38:21 | | men(3) 6:18 6:20 7:2 | | 29:14 30:23 30:24 31:19 31:22 31:23 32: | | 39:4 39:7 39:21 41:14 41:18 41:19 41:24 |
| left(2) 5:1 22:19 | | mention(1) 29:9 | | 34:9 34:13 35:12 36:3 | | |
| let(7) 15:11 16:4 18:7 27:25 38:4 39:19 | | mentioned(2) 10:6 34:23 | | | | ordinarily(1) 14:5 |
| 42:2 | | merits(2) 14:11 14:16 | | nortel's(2) 15:22 29:11 | | other(10) 8:11 11:18 14:18 19:16 22:25 |
| | | met(1) 10:24 | | north(3) 1:28 2:18 3:8 | | 27:13 34:6 35:19 36:12 41:16 |
| let's(3) 19:4 20:4 42:2 | | mic(1) 26:12 | | not(43) 5:17 6:11 9:2 9:3 9:15 9:17 12:13 | | |
| letter(2) 36:19 41:11 | | michelle(1) 2:43 | | 14:12 15:2 16:5 16:21 17:9 17:11 17:16 | | otherwise(6) 9:12 9:24 19:2 25:13 26:4 |
| letters(2) 37:25 38:4 | | might(2) 19:11 39:19 | | 17:17 18:7 18:9 20:22 24:3 24:12 25:23 | | 35:11 |
| liability(12) 23:20 24:12 25:23 27:6 33:21 | | milbank(2) 2:35 3:37 | | 27:5 30:8 30:23 30:24 31:1 31:2 31:11 | | |
| 33:21 34:3 34:25 35:21 35:22 35:23 36:1 | | million(7) 6:2 6:24 7:2 7:7 7:16 7:23 | | 32:12 33:10 33:18 33:22 34:11 34:21 | | our(17) 15:24 16:16 16:17 16:18 17:6 |
| liable(1) 25:12 | | mind(1) 18:6 | | 34:22 34:25 35:15 35:22 35:25 37:1 37:22 | | 17:22 24:15 24:18 25:10 25:13 32:25 36: |
| liberty(2) 2:11 31:18 | | minutes(1) 5:18 | | 39:7 41:10 | | 37:14 37:15 40:22 41:11 41:21 |
| lies(1) 32:3 | | misapprehension(1) 38:4 | | | | |
| light(1) 15:2 | | mistake(3) 38:1 38:1 38:10 | | note(6) 8:11 25:24 27:3 28:13 38:8 41:17 | | ours(1) 37:8 |
| like(11) 4:7 4:22 11:10 12:23 14:6 25:24 | | moment(2) 15:16 23:18 | | notes(2) 28:14 28:15 | | ourselves(1) 9:21 |
| 26:5 29:14 37:4 37:10 41:13 | | moments(1) 8:12 | | nothing(5) 9:24 13:12 16:13 17:19 36:8 | | out(11) 4:7 6:12 13:3 14:4 15:23 15:25 |
| | | mona(1) 2:23 | | notice(17) 5:12 8:15 9:3 9:5 26:1 26:25 | | 19:11 23:8 33:20 34:10 39:19 |
| limited(4) 24:4 29:5 31:23 34:11 | | monday(4) 4:1 18:8 18:15 21:18 | | 29:15 29:24 32:4 32:24 32:25 33:8 33:9 | | |
| line(1) 37:5 | | monitor(9) 2:22 5:12 5:16 5:23 6:6 6:13 | | 33:10 33:12 33:16 34:3 | | over(8) 5:4 16:15 27:19 27:20 28:23 39:8 |
| list(3) 29:12 32:5 | | 7:20 26:3 26:15 | | | | 39:16 39:21 |
| listed(6) 29:23 32:21 35:22 35:25 40:19 | | month(1) 27:23 | | notices(1) 33:20 | | |
| 40:20 | | months(1) 27:23 | | notification(1) 26:24 | | overnight(1) 9:6 |
| | | more(5) 7:24 9:23 14:1 23:18 37:18 | | november(8) 1:15 4:1 8:15 24:9 29:6 41:6 | | overy(2) 2:29 26:15 |
| listen(1) 18:4 | | morning(7) 4:3 4:4 4:5 4:8 12:13 31:18 | | 41:25 42:21 | | own(2) 13:7 29:7 |
| listing(1) 24:23 | | 41:5 | | | | owned(1) 13:7 |
| lists(2) 29:12 29:20 | | | | now(12) 11:7 14:5 18:4 19:16 22:18 25:13 | | owner(1) 11:22 |
| litigation(2) 15:5 37:5 | | morris(3) 1:25 4:6 22:11 | | 29:11 30:7 32:21 39:8 39:18 42:11 | | owns(1) 10:20 |
| little(3) 12:24 21:11 25:11 | | most(1) 14:3 | | | | |
| livshiz(1) 2:18 | | motion(11) 8:6 8:7 8:13 8:22 11:10 13:24 | | nowhere(3) 24:19 34:12 34:23 | | p.m(6) 1:16 4:1 19:5 40:7 40:7 42:13 |
| llp(2) 3:4 8:13 | | 14:2 14:6 14:13 15:6 17:4 | | number(8) 4:15 5:11 23:16 40:17 40:24 | | p.o(3) 1:30 2:46 3:17 |
| loan(3) 6:2 6:3 6:7 | | | | 41:6 41:22 41:24 | | package(2) 23:24 24:16 |
| local(1) 13:3 | | moved(2) 12:3 13:18 | | | | packages(14) 23:18 23:24 24:2 24:7 24:11 |
| long(2) 19:9 38:16 | | much(5) 21:1 21:25 39:9 40:1 40:13 | | nunc(1) 8:16 | | 24:18 24:21 25:19 27:15 27:18 28:8 28:9 |
| look(4) 7:25 27:12 30:13 30:13 | | name(1) 26:11 | | o'clock(3) 18:23 19:4 20:7 | | 36:3 36:5 |
| looking(4) 31:10 31:19 32:1 34:18 | | named(1) 27:16 | | objected(2) 23:19 24:11 | | |
| lost(1) 39:20 | | narrowed(2) 14:10 15:5 | | objecting(1) 35:22 | | page(3) 26:22 29:17 32:8 |
| lot(1) 17:13 | | nashville(9) 27:21 28:15 28:21 29:7 30:23 | | objection(3) 4:16 5:1 23:2 23:11 23:13 | | pages(3) 36:19 36:20 37:9 |
| lubarsky(1) 2:30 | | 31:13 34:7 34:8 34:11 | | 24:15 40:18 40:22 40:24 41:6 41:12 41:21 | | paid(2) 16:9 16:11 |
| luton(1) 3:14 | | | | 41:24 | | papers(1) 14:2 |
| mace(1) 1:40 | | necessarily(2) 18:9 33:14 | | | | paragraphs(1) 19:20 |
| made(8) 10:25 16:13 16:14 24:14 25:8 | | necessary(5) 5:18 8:2 36:18 | | objections(3) 22:19 23:6 41:16 | | parallel(2) 10:19 12:3 |
| 36:17 38:10 40:21 | | need(6) 5:19 13:21 14:19 18:17 20:2 26:1 | | obligation(2) 7:24 8:2 | | paraphrase(1) 12:14 |
| | | network(1) 41:10 | | obviously(2) 20:19 | | parikh(1) 2:23 |
| mail(3) 9:6 9:7 33:8 | | networks(9) 1:9 6:21 24:4 28:14 29:5 | | october(2) 8:17 21:12 | | park(1) 3:33 |
| mailed(2) 36:3 36:5 | | 31:22 31:24 32:2 34:13 | | off(1) 7:17 | | parsons(1) 13:8 |
| mailing(1) 32:8 | | never(8) 16:4 16:7 24:22 25:4 26:1 31:23 | | offended(1) 16:6 | | part(6) 6:18 6:19 6:20 7:5 7:23 14:5 |
| major(1) 13:5 | | 35:2 35:2 | | offer(2) 30:11 30:12 | | participate(3) 14:25 39:11 39:13 |
| make(11) 4:17 6:9 6:11 9:21 14:6 15:25 | | | | official(3) 2:15 3:29 39:5 | | particular(1) 19:7 |
| 16:8 19:3 21:10 21:11 28:2 | | new(7) 2:12 2:32 2:38 3:34 10:17 15:25 | | often(1) 13:17 | | parties(15) 11:2 14:22 15:3 16:23 30:10 |
| | | 16:1 | | okay(20) 4:19 9:4 10:23 11:15 11:21 12:5 | | 30:16 30:17 30:18 30:20 30:22 30:24 |
| makes(4) 11:8 12:2 16:25 29:9 | | nichols(3) 1:25 4:6 22:11 | | 18:14 18:25 20:17 21:3 21:21 21:24 28:19 | | 30:25 33:11 34:7 35:20 |
| making(2) 8:9 12:24 | | nni(30) 6:2 6:11 10:6 10:7 11:3 11:18 | | 29:25 35:1 36:21 37:20 39:15 39:17 41:8 | | |
| managed(1) 13:7 | | 11:22 23:16 24:9 24:10 24:17 24:9 25:4 | | | | partner(2) 15:20 15:21 |
| manhattan(1) 2:37 | | 25:1 25:2 25:12 25:22 29:8 29:20 31:24 | | olympics(6) 23:25 27:18 27:19 27:20 | | party(7) 11:4 25:2 25:5 25:7 25:12 32:24 |
| market(5) 1:12 1:28 3:8 10:17 16:2 | | 33:16 33:22 33:25 34:12 34:23 34:25 35: | | 28:18 28:23 | | 33:1 |
| marowitz(3) 6:14 8:4 8:7 | | 35:11 35:13 36:1 | | | | |
| matrix(7) 29:13 29:23 32:8 32:23 32:25 | | | | omnibus(6) 8:15 23:2 23:3 23:4 23:9 40:1 | | passed(3) 38:15 38:16 38:17 |
| 33:17 34:1 | | nnl(21) 6:2 10:19 10:21 10:22 11:3 11:16 | | on-hand(1) 6:12 | | pay(1) 16:9 |
| | | 11:19 11:25 24:5 24:8 24:14 25:5 25:8 | | one(37) 2:11 2:17 2:37 2:45 3:33 4:15 | | payable(1) 34:9 |
| matter(7) 4:23 12:21 16:20 31:7 36:9 41: | | 25:18 25:20 25:21 26:1 26:2 35:1 35:13 | | 7:24 8:11 9:13 12:14 13:4 13:23 17:14 | | payment(4) 6:24 7:3 7:15 7:23 |
| 42:18 | | 35:15 | | 17:14 17:15 17:22 23:6 23:6 24:1 24:4 | | pennsylvania(1) 1:44 |
| | | nnl's(1) 25:25 | | 24:24 33:14 33:21 34:4 34:8 34:13 35:9 | | pension(2) 39:6 39:10 |
| matters(3) 5:1 10:1 22:18 | | nntc(2) 6:22 6:23 | | 35:19 35:23 35:24 35:24 37:9 38:8 38:19 | | people(2) 13:10 20:5 |
| matz(1) 2:36 | | non-us(2) 23:20 25:16 | | 39:2 40:13 41:20 | | perfect(2) 21:14 21:25 |
| maximum(1) 36:19 | | none(3) 34:3 36:8 36:14 | | | | period(1) 21:7 |
| may(12) 13:25 15:6 17:2 18:7 20:2 21:6 | | noon(1) 21:15 | | only(10) 8:6 15:24 17:16 17:17 22:18 | | permitted(4) 15:21 17:12 17:16 17:17 |
| 21:11 22:6 22:7 26:4 41:13 41:15 | | | | 22:25 23:22 24:23 31:12 32:1 | | phones(7) 10:17 15:25 15:25 16:1 16:8 |
| | | | | | | 16:13 16:14 |
| maybe(1) 21:15 | | | | ontario(1) 27:22 | | |
| mccloy(2) 2:35 3:37 | | | | open(2) 18:20 19:2 | | pillars(1) 13:10 |
| mcmeel(1) 42:22 | | | | opportunity(3) 33:13 36:16 36:23 | | place(6) 31:7 31:7 31:8 31:9 31:14 36:10 |
| mcneill(1) 3:6 | | | | opposed(1) 7:17 | | placed(3) 24:5 28:6 36:2 |
| mean(4) 33:14 33:17 33:18 34:12 | | | | | | plan(1) 6:6 |
| | | | | | | players(1) 13:5 |
| | | | | | | plaza(3) 2:11 2:37 3:7 |

| Word | Page:Line |
|---|---|
| **please**(3) 4:2 4:4 40:12 | |
| **pleased**(1) 9:18 | |
| **pleasure**(1) 22:2 | |
| **plenty**(1) 18:3 | |
| **podium**(2) 5:4 9:13 | |
| **point**(6) 14:4 16:22 16:25 27:21 33:12 | |
| **popped**(1) 39:3 | |
| **popular**(1) 18:8 | |
| **position**(1) 25:14 | |
| **possible**(4) 13:14 14:16 15:9 18:7 | |
| **posture**(1) 16:25 | |
| **potential**(1) 16:24 | |
| **potter**(2) 3:4 27:11 | |
| **ppearances**(3) 1:23 2:1 3:1 | |
| **preapproval**(1) 24:25 | |
| **precise**(1) 37:23 | |
| **prepared**(1) 24:24 | |
| **presentation**(1) 33:4 | |
| **preserve**(1) 7:14 | |
| **preserved**(1) 7:22 | |
| **pretrial**(4) 14:19 19:23 20:3 20:4 | |
| **pretty**(1) 39:9 | |
| **preview**(1) 21:5 | |
| **price**(2) 23:17 24:10 | |
| **primarily**(1) 24:16 | |
| **pro**(1) 8:16 | |
| **probably**(1) 8:23 | |
| **problem**(2) 16:21 42:10 | |
| **procedural**(1) 13:16 | |
| **proceed**(2) 9:19 17:3 | |
| **proceeding**(2) 10:2 20:22 | |
| **proceedings**(7) 1:19 1:49 25:25 26:2 26:19 26:20 42:18 | |
| **proceeds**(6) 6:7 6:12 7:2 7:10 7:25 26:3 | |
| **process**(4) 7:11 33:19 38:2 38:9 | |
| **produced**(1) 1:50 | |
| **productive**(2) 16:21 16:24 | |
| **products**(2) 10:14 10:14 | |
| **program**(1) 23:25 | |
| **progress**(2) 9:22 10:25 | |
| **promise**(1) 40:14 | |
| **promptly**(1) 39:25 | |
| **proof**(1) 26:1 | |
| **property**(1) 10:21 | |
| **proposed**(5) 5:25 6:13 7:21 8:4 39:4 | |
| **proprietary**(2) 10:12 15:22 | |
| **protect**(2) 6:14 7:2 | |
| **provide**(1) 32:6 | |
| **provided**(3) 11:1 24:17 24:22 | |
| **providing**(1) 25:8 | |
| **provisions**(3) 30:14 37:24 37:24 | |
| **public**(1) 32:19 | |
| **publicly**(1) 12:22 | |
| **pull**(1) 32:19 | |
| **punish**(1) 38:2 | |
| **punished**(1) 37:22 | |
| **purchase**(26) 7:5 23:22 23:24 24:2 24:6 24:8 24:11 24:13 24:14 24:14 24:17 24:21 25:3 25:8 25:13 25:18 27:19 29:1 29:3 29:4 30:21 33:20 34:14 34:15 35:1 35:4 35:12 | |
| **purchaser**(1) 25:19 | |
| **purchasing**(1) 31:12 | |
| **purposes**(1) 20:23 | |
| **pursuant**(1) 24:5 | |
| **put**(1) 34:5 | |
| **question**(1) 30:2 | |
| **questions**(3) 9:17 9:21 9:22 | |
| **quickly**(3) 13:14 13:25 14:21 | |
| **raised**(3) 36:13 36:15 38:11 | |
| **rank**(1) 13:13 | |
| **rather**(2) 13:15 41:10 | |
| **ready**(1) 40:10 | |
| **really**(1) 14:11 | |
| **reason**(2) 12:20 35:21 | |
| **reasonable**(4) 16:23 38:1 38:4 38:10 | |
| **reasonably**(2) 17:6 37:23 | |

| Word | Page:Line |
|---|---|
| **receivable**(1) 28:10 | |
| **receivables**(1) 34:9 | |
| **received**(7) 8:1 10:16 25:18 26:1 26:24 40:18 41:20 | |
| **receiving**(1) 21:8 | |
| **recess**(2) 40:4 40:7 | |
| **reconciliation**(1) 33:19 | |
| **record**(4) 5:8 22:15 22:16 32:19 | |
| **recorded**(1) 1:49 | |
| **recording**(2) 1:49 42:17 | |
| **records**(11) 29:7 30:16 30:17 30:20 30:22 30:24 30:25 31:23 35:20 35:21 36:1 | |
| **recovery**(1) 37:5 | |
| **red**(1) 41:22 | |
| **redlined**(1) 41:14 | |
| **reflect**(2) 6:14 25:1 | |
| **reflected**(1) 8:4 | |
| **refusal**(2) 15:2 16:20 | |
| **refused**(2) 15:2 16:22 | |
| **regarding**(1) 41:2 | |
| **regards**(1) 39:6 | |
| **registered**(2) 31:20 31:23 | |
| **regular**(2) 9:5 9:6 | |
| **regulator**(2) 39:6 39:10 | |
| **relates**(2) 6:17 23:19 | |
| **release**(2) 6:17 6:22 | |
| **released**(2) 6:19 7:7 | |
| **relevant**(3) 10:20 29:17 32:8 | |
| **relies**(1) 24:11 | |
| **remanufacturing**(1) 13:6 | |
| **remember**(2) 22:12 39:14 | |
| **rent**(2) 41:3 41:19 | |
| **rent's**(1) 41:4 | |
| **repaid**(1) 6:12 | |
| **repair**(3) 10:13 15:24 16:10 | |
| **repay**(1) 6:7 | |
| **repeatedly**(1) 15:23 | |
| **replicate**(1) 33:20 | |
| **reply**(4) 24:18 25:10 25:13 36:15 | |
| **report**(4) 5:17 16:4 16:12 16:12 | |
| **represented**(1) 6:6 | |
| **representing**(1) 10:6 | |
| **represents**(2) 23:17 | |
| **reputations**(1) 13:11 | |
| **request**(2) 21:6 27:5 | |
| **requested**(1) 41:4 | |
| **required**(3) 7:4 16:9 41:12 | |
| **reserve**(3) 20:9 26:19 27:16 | |
| **resolution**(2) 16:24 38:22 | |
| **resolutions**(1) 8:3 | |
| **resolve**(1) 38:20 | |
| **resolved**(1) 15:1 | |
| **respect**(10) 5:13 7:9 7:15 17:5 17:11 26:19 40:21 40:23 40:24 41:24 | |
| **respond**(4) 33:4 33:7 36:16 37:10 | |
| **responded**(1) 35:2 | |
| **response**(7) 24:15 24:16 36:15 40:21 41:2 41:9 41:10 | |
| **responses**(2) 40:19 41:20 | |
| **responsibility**(1) 17:2 | |
| **responsible**(2) 25:2 25:7 | |
| **responsibly**(1) 37:23 | |
| **result**(2) 6:24 7:8 | |
| **resulting**(1) 6:1 | |
| **retain**(1) 8:13 | |
| **retention**(1) 8:16 | |
| **revenue**(1) 16:10 | |
| **review**(1) 20:2 | |
| **revised**(2) 41:19 41:23 | |
| **revising**(1) 41:18 | |
| **richards**(1) 2:15 | |

| Word | Page:Line |
|---|---|
| **right**(42) 4:9 4:12 5:6 6:23 7:3 7:4 7:6 8:19 8:23 9:8 10:3 11:24 12:4 14:8 18:1 19:10 19:13 19:25 20:4 20:13 20:18 20:24 22:5 26:9 26:21 27:7 28:5 28:12 33:5 36:11 37:20 38:22 38:25 39:8 39:18 40:1 40:3 40:9 40:13 42:2 42:5 42:10 | |
| **rights**(3) 6:15 11:25 26:19 | |
| **rights**(1) 27:17 | |
| **rise**(1) 4:2 | |
| **road**(1) 17:3 | |
| **rodney**(2) 2:17 2:45 | |
| **rooney**(1) 2:22 | |
| **royalty**(6) 16:4 16:9 16:10 16:11 16:12 16:12 | |
| **run**(2) 4:11 21:15 | |
| **rushing**(1) 9:13 | |
| **ryan**(39) 3:5 27:9 27:10 27:10 27:25 28:1 28:4 28:7 28:9 28:13 28:18 28:20 29:1 29:4 29:21 29:23 30:1 30:7 32:9 32:18 32:23 33:2 33:3 35:8 35:9 35:11 36:7 36:24 36:25 37:4 37:8 37:11 37:14 37:18 38:7 38:12 38:16 38:18 38:24 | |
| **ryan's**(1) 34:16 | |
| **said**(5) 12:18 16:13 16:22 28:22 32:21 | |
| **sale**(13) 5:13 5:24 6:4 6:6 6:7 6:8 6:10 6:18 6:19 6:20 7:2 7:8 31:5 | |
| **sales**(1) 7:10 | |
| **salt**(1) 17:23 | |
| **salvatore**(3) 2:6 22:24 40:14 | |
| **same**(2) 22:14 28:9 | |
| **samis**(2) 2:16 40:12 | |
| **sarah**(1) 3:32 | |
| **satisfy**(1) 8:2 | |
| **say**(14) 4:22 15:8 17:19 19:4 19:17 20:14 26:17 27:15 27:16 27:21 30:7 30:8 34:23 37:24 | |
| **saying**(1) 35:12 | |
| **says**(8) 16:6 27:17 28:21 29:4 30:9 30:15 31:6 36:9 | |
| **scandalous**(1) 14:3 | |
| **schedule**(1) 14:23 | |
| **scheduled**(5) 9:19 11:13 13:24 14:21 41:3 | |
| **schedules**(1) 33:22 | |
| **scheduling**(5) 11:1 11:9 13:20 15:16 18:2 | |
| **school**(1) 30:4 | |
| **schultz**(1) 3:32 | |
| **schuylkill**(1) 1:43 | |
| **scope**(1) 15:4 | |
| **scream**(1) 17:8 | |
| **screen**(2) 31:21 32:7 | |
| **screenshot**(1) 32:18 | |
| **search**(1) 32:20 | |
| **seated**(2) 4:4 40:12 | |
| **second**(4) 6:17 18:11 30:17 41:23 | |
| **secret**(2) 10:7 16:16 | |
| **secretary**(3) 31:19 32:7 32:18 | |
| **secrets**(5) 10:12 10:15 11:23 12:22 15:22 | |
| **section**(1) 31:4 | |
| **see**(17) 5:6 13:17 15:11 17:15 17:16 20:12 21:6 22:3 22:9 26:13 26:14 30:13 31:19 37:25 38:4 42:2 42:2 | |
| **seeing**(1) 39:14 | |
| **seeking**(4) 8:14 8:16 9:3 11:6 | |
| **seen**(6) 4:16 11:17 11:18 32:10 32:16 39:7 | |
| **sell**(3) 16:8 17:13 17:17 | |
| **seller's**(2) 30:12 31:7 | |
| **sellers**(1) 7:17 | |
| **selling**(1) 10:17 | |
| **send**(1) 37:16 | |
| **sending**(3) 33:9 33:19 39:8 | |
| **sense**(5) 11:8 12:2 17:1 18:6 20:1 | |
| **sent**(6) 24:9 25:1 27:1 33:16 39:16 39:21 | |
| **separate**(1) 12:2 | |

| Word | Page:Line |
|---|---|
| **september**(9) 14:22 19:17 19:18 19:19 20:5 23:5 24:6 28:20 35:12 | |
| **seriously**(2) 13:1 15:20 | |
| **service**(9) 1:42 1:50 26:3 26:5 26:23 29:16 29:17 32:17 34:1 | |
| **services**(1) 1:42 | |
| **serving**(3) 9:6 32:4 33:11 | |
| **session**(1) 17:1 | |
| **set**(5) 6:18 7:11 7:12 14:18 20:4 | |
| **settlement**(1) 7:11 | |
| **sever**(1) 11:6 | |
| **shape**(1) 17:12 | |
| **sharpen**(1) 20:15 | |
| **ship**(3) 25:9 27:22 30:25 | |
| **short**(4) 8:15 13:13 38:5 38:5 | |
| **shorten**(1) 8:22 | |
| **shortened**(1) 9:3 | |
| **shot**(2) 31:21 32:7 | |
| **should**(10) 8:24 18:16 19:6 20:15 25:5 34:25 35:3 35:25 37:22 38:2 | |
| **shuffle**(1) 39:20 | |
| **side**(1) 27:13 | |
| **sienna**(4) 6:18 6:21 6:25 7:1 | |
| **sign**(1) 42:6 | |
| **signed**(1) 39:10 | |
| **significantly**(1) 15:5 | |
| **signing**(1) 4:18 | |
| **simple**(2) 38:5 38:6 | |
| **simply**(2) 7:14 39:12 | |
| **simultaneously**(2) 8:7 37:11 | |
| **since**(1) 24:13 | |
| **sir**(1) 33:5 | |
| **sit**(1) 17:6 | |
| **situation**(1) 37:21 | |
| **six**(1) 20:13 | |
| **skadden**(1) 2:41 | |
| **slander**(1) 13:13 | |
| **slightly**(1) 4:7 | |
| **sold**(2) 16:14 17:18 | |
| **solution**(1) 41:10 | |
| **some**(6) 12:20 13:9 14:14 15:11 20:9 | |
| **somehow**(2) 33:24 33:25 | |
| **sometimes**(1) 12:24 | |
| **somewhat**(1) 27:14 | |
| **soon**(1) 21:12 | |
| **sorry**(5) 9:2 11:17 26:10 27:25 40:12 40:23 41:25 42:8 | |
| **sound**(2) 1:49 42:17 | |
| **sounds**(1) 5:2 | |
| **sovereign**(1) 39:11 | |
| **specific**(3) 7:16 24:2 24:21 | |
| **specifically**(2) 24:17 31:4 | |
| **specified**(1) 24:3 | |
| **spelled**(1) 15:23 | |
| **square**(2) 2:17 2:45 | |
| **stand**(1) 40:4 | |
| **stargatt**(1) 3:13 | |
| **start**(8) 12:9 12:11 21:12 21:12 21:16 21:16 23:3 23:15 | |
| **starting**(1) 39:22 | |
| **state**(3) 31:19 31:20 32:7 | |
| **states**(9) 1:1 1:21 11:24 11:25 25:19 25:24 26:25 36:3 36:4 | |
| **status**(1) 4:23 | |
| **stayed**(1) 14:7 | |
| **steen**(3) 2:4 5:8 15:19 | |
| **step**(3) 16:4 26:12 27:11 | |
| **stephanie**(1) 42:22 | |
| **stephen**(1) 3:6 | |
| **stepping**(1) 31:10 | |
| **still**(1) 38:9 | |
| **stipulation**(1) 39:5 | |
| **story**(1) 25:11 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **stragglers**(1) 23:8 | | **that**(252) 4:11 4:16 4:24 5:1 5:2 5:12 | | **the**(301) 1:1 1:2 1:20 2:15 2:24 2:31 3:15 | | **the**(301) 23:8 23:10 23:11 23:11 23:12 | |
| **straightforward**(1) 12:20 | | 5:17 5:17 5:19 5:21 5:24 5:25 6:2 6:6 6:6 | | 3:29 4:2 4:3 4:6 4:7 4:9 4:13 4:16 4:18 | | 23:13 23:14 23:17 23:18 23:19 23:19 | |
| **strauss**(1) 3:29 | | 6:11 6:18 6:19 6:23 7:3 7:5 7:5 7:6 7:12 | | 4:20 4:23 4:23 4:24 4:24 4:25 4:25 5:2 | | 23:21 23:25 24:1 24:3 24:4 24:5 24:6 | |
| **street**(7) 1:12 1:28 1:43 2:18 2:25 3:8 | | 7:15 7:21 7:22 7:22 7:23 7:24 8:2 8:3 8:5 | | 5:4 5:6 5:7 5:9 5:10 5:11 5:12 5:12 5:13 | | 24:8 24:10 24:10 24:11 24:11 24:12 24:12 | |
| **subject**(1) 11:3 | | 8:7 8:11 8:12 8:14 8:14 8:17 8:22 8:23 | | 5:13 5:14 5:15 5:15 5:16 5:16 5:20 5:20 | | 24:13 24:13 24:15 24:16 24:16 24:18 | |
| **submitted**(3) 4:15 24:23 39:4 | | 9:3 9:21 9:22 10:7 10:13 10:13 10:16 | | 5:21 5:22 5:22 5:23 5:23 5:24 5:25 5:25 | | 24:18 24:20 24:21 24:23 24:25 25:2 25:2 | |
| **submitting**(1) 39:12 | | 11:1 11:7 11:7 11:11 11:15 12:23 12:25 | | 6:1 6:2 6:2 6:3 6:3 6:4 6:4 6:5 6:5 6:6 | | 25:3 25:5 25:6 25:7 25:7 25:11 25:12 | |
| **subsequently**(2) 24:10 25:1 | | 13:19 13:21 13:23 13:24 13:24 14:4 14:6 | | 6:6 6:7 6:7 6:8 6:10 6:10 6:10 6:12 | | 25:13 25:17 25:18 25:18 25:19 25:19 | |
| **such**(1) 13:17 | | 14:7 14:9 14:12 14:15 14:18 14:20 14:25 | | 6:13 6:13 6:16 6:17 6:17 6:18 6:19 6:20 | | 25:21 25:22 25:24 26:1 26:2 26:2 26:3 | |
| **sufficient**(2) 37:16 37:18 | | 15:1 15:2 15:6 15:7 15:8 15:10 15:12 | | 6:20 6:21 6:22 7:1 7:2 7:2 7:3 7:3 7:4 | | 26:3 26:5 26:6 26:9 26:12 26:12 26:15 | |
| **suggesting**(1) 37:6 | | 15:13 15:23 16:1 16:11 16:12 16:13 | | 7:5 7:6 7:8 7:8 7:10 7:11 7:11 7:13 7:14 | | 26:16 26:17 26:18 26:20 26:21 26:22 | |
| **suit**(2) 11:16 11:18 | | 16:16 16:16 16:17 16:17 16:19 16:20 | | 7:15 7:17 7:18 7:19 7:20 7:21 7:22 7:24 | | 27:5 27:6 27:7 27:7 27:12 27:13 27:18 | |
| **suite**(2) 1:36 2:25 | | 16:21 16:24 17:2 17:7 17:9 17:11 17:15 | | 7:25 8:1 8:2 8:4 8:5 8:5 8:5 8:6 8:8 8:12 | | 27:18 27:19 27:20 27:21 27:25 28:2 28:2 | |
| **summer**(1) 23:25 | | 17:16 17:21 18:11 18:16 19:1 19:8 19:8 | | 8:17 8:19 8:22 8:24 9:1 9:4 9:6 9:8 9:10 | | 28:5 28:5 28:8 28:9 28:12 28:14 | |
| **support**(1) 6:8 | | 19:16 19:20 20:2 20:5 20:6 20:13 20:13 | | 9:13 9:13 9:15 9:18 9:18 9:19 9:19 9:22 | | 28:15 28:15 28:17 28:18 28:18 | |
| **supposed**(1) 34:7 | | 20:15 20:22 21:8 21:10 21:16 21:18 21:21 | | 10:1 10:3 10:6 10:10 10:10 10:15 10:17 | | 28:21 28:22 28:23 28:23 28:25 29:3 29:7 | |
| **sure**(7) 4:17 6:9 6:11 28:1 28:2 29:19 | | 22:20 23:15 23:18 23:19 24:1 24:12 24:13 | | 10:17 10:18 10:20 10:20 10:20 10:21 | | 29:8 29:12 29:13 29:15 29:15 29:16 29:16 | |
| 31:11 | | 24:16 24:17 24:20 24:24 24:25 25:2 25:3 | | 10:22 10:22 10:23 11:1 11:2 11:2 11:3 | | 29:17 29:19 29:22 29:22 29:23 29:24 | |
| | | 25:5 25:5 25:6 25:8 25:11 25:12 25:14 | | 11:5 11:9 11:10 11:11 11:15 11:17 11:17 | | 29:25 30:1 30:2 30:5 30:6 30:7 30:9 | |
| **survives**(1) 14:13 | | 25:15 25:17 25:18 25:20 25:20 25:21 | | 11:18 11:21 11:22 11:22 11:23 11:23 | | 30:10 30:10 30:11 30:12 30:15 30:15 | |
| **sustain**(1) 41:15 | | 25:21 25:23 25:24 25:25 26:5 26:17 26:18 | | 12:10 12:12 12:13 12:14 12:17 12:21 12:24 | | 30:16 30:16 30:17 30:17 30:18 30:20 | |
| **tabbed**(1) 26:22 | | 26:18 26:23 26:25 27:3 27:5 27:23 27:24 | | 13:5 13:7 13:9 13:9 13:10 13:18 13:20 | | 30:21 31:4 31:4 31:6 31:7 31:8 31:8 | |
| **take**(10) 4:7 4:23 4:24 5:18 12:25 13:4 | | 28:25 29:1 29:1 29:3 29:4 29:14 29:20 | | 13:22 13:23 13:25 14:1 14:2 14:2 14:2 | | 31:11 31:11 31:12 31:12 31:13 31:14 | |
| 17:22 19:8 31:8 31:25 | | 30:11 30:18 31:3 31:21 31:22 31:25 32:1 | | 14:3 14:3 14:5 14:8 14:10 14:11 14:13 | | 31:16 31:16 31:18 31:19 31:20 32:1 32:2 | |
| | | 32:3 32:21 33:8 33:9 33:10 33:11 33:11 | | 14:16 14:16 14:18 14:18 14:19 14:20 | | 32:2 32:3 32:3 32:4 32:7 32:7 32:8 32:8 | |
| **taken**(2) 13:15 40:7 | | 33:12 33:14 33:18 33:20 33:21 33:22 | | 14:22 14:24 15:3 15:3 15:4 15:4 15:6 | | 32:8 32:10 32:13 32:14 32:15 32:16 32:18 | |
| **takes**(2) 15:19 31:6 | | 33:24 33:24 33:25 34:4 34:5 34:6 34:7 | | 15:7 15:8 15:13 15:16 15:19 15:22 16:2 | | 32:19 32:22 32:24 32:25 33:1 33:2 33:5 | |
| **taking**(2) 7:17 10:15 | | 34:7 34:10 34:11 34:12 34:12 34:15 34:16 | | 16:10 16:15 17:3 17:7 17:11 17:15 17:15 | | 33:7 33:8 33:8 33:9 33:9 33:10 33:12 | |
| **talk**(1) 17:6 | | 34:22 34:22 34:24 34:24 35:2 35:2 35:5 | | 17:16 17:24 18:1 18:2 18:3 18:6 18:6 | | 33:16 33:17 33:18 33:19 33:20 33:21 | |
| **talking**(1) 32:22 | | 35:13 35:15 35:16 35:19 35:20 35:21 | | 18:7 18:8 18:11 18:12 18:12 18:14 18:15 | | 33:21 33:22 33:24 34:1 34:1 34:4 34:4 | |
| **taylor**(1) 3:13 | | 35:22 35:23 35:24 35:25 35:25 36:5 36:7 | | 18:18 18:20 18:23 18:25 19:2 19:3 19:4 | | 34:6 34:7 34:8 34:8 34:9 34:10 34:11 | |
| **technical**(1) 11:23 | | 36:9 36:9 36:9 36:14 36:15 36:22 36:24 | | 19:6 19:10 19:13 19:16 19:16 19:19 19:20 | | 34:12 34:13 34:14 34:15 34:16 34:17 | |
| **technology**(2) 6:21 17:12 | | 36:25 37:16 37:25 38:2 38:8 38:10 38:11 | | 19:22 19:23 19:24 20:4 20:5 20:7 | | 34:18 34:18 34:18 34:19 34:22 34:23 | |
| **teed**(1) 14:16 | | 38:19 38:21 38:21 39:3 39:7 39:14 39:19 | | 20:10 20:12 20:16 20:17 20:22 20:24 21:1 | | 34:24 34:24 35:3 35:4 35:5 35:6 35:8 | |
| **telecommunication**(1) 13:5 | | 39:22 39:25 40:2 40:11 40:19 41:20 41:21 | | 21:3 21:6 21:8 21:9 21:12 21:15 21:16 | | 35:10 35:11 35:13 35:14 35:16 35:16 | |
| **telephones**(2) 17:13 17:17 | | 41:21 41:23 42:5 42:9 42:16 | | 21:16 21:18 21:20 21:22 21:22 22:1 22:2 | | 35:17 35:18 35:19 35:20 35:20 35:21 | |
| **telephonic**(1) 3:26 | | | | 22:17 22:18 22:19 22:21 22:23 22:24 | | 35:21 35:23 35:24 35:24 35:25 36:2 36:2 | |
| **tell**(5) 18:20 31:22 36:7 36:9 37:20 | | | | 22:25 22:25 23:1 23:3 23:4 23:4 23:5 | | 36:3 36:3 36:3 36:6 36:11 36:12 36:15 | |
| **telling**(1) 14:12 | | **that's**(26) 4:13 6:14 10:17 11:10 12:1 | | 23:7 | | 36:15 36:16 36:17 36:19 36:22 37:3 37:4 | |
| **ten**(1) 20:15 | | 13:14 16:25 18:9 19:16 20:18 21:13 21:24 | | | | 37:5 37:6 37:10 37:13 37:15 37:16 37:20 | |
| **tennessee**(6) 27:22 28:21 30:23 31:13 | | 27:20 27:21 28:15 31:1 31:2 31:12 32:19 | | | | 37:23 38:2 38:3 38:9 38:12 38:13 38:13 | |
| 31:19 31:21 | | 33:3 33:4 35:15 36:25 37:6 37:8 38:10 | | | | 38:15 38:18 38:19 38:20 38:22 38:25 39:5 | |
| | | | | | | 39:5 39:6 39:7 39:10 39:13 39:14 39:17 | |
| **term**(3) 31:1 31:2 31:5 | | | | | | 39:20 39:21 39:21 39:22 39:25 40:3 40:6 | |
| **termination**(3) 6:23 7:3 7:6 | | | | | | 40:9 | |
| **terms**(5) 30:12 30:12 30:16 30:16 30:17 | | | | | | **the**(39) 40:10 40:11 40:15 40:16 40:17 | |
| **test**(3) 2:41 10:1 10:8 | | | | | | 40:17 40:19 40:21 40:21 40:23 40:24 | |
| **testify**(1) 36:8 | | | | | | 40:24 41:1 41:2 41:5 41:6 41:6 41:8 41:9 | |
| **than**(2) 36:12 37:18 | | | | | | 41:11 41:14 41:15 41:16 41:18 41:18 | |
| **thank**(36) 4:3 4:19 5:2 5:2 5:4 9:10 10:3 | | | | | | 41:18 41:19 41:23 41:23 41:24 41:25 42:2 | |
| 10:5 11:21 12:4 18:5 19:14 19:14 19:15 | | | | | | 42:5 42:10 42:13 42:16 42:17 42:17 42:18 | |
| 22:5 22:8 22:9 22:21 26:16 26:21 27:7 | | | | | | | |
| 27:8 33:2 33:3 38:25 40:1 40:3 40:4 40:5 | | | | | | **theft**(1) 12:22 | |
| 40:11 41:16 42:3 42:4 42:8 42:11 42:12 | | | | | | **their**(4) 7:14 11:16 31:23 39:11 | |
| | | | | | | **them**(21) 10:17 11:6 11:8 12:25 13:23 | |
| **thanksgiving**(2) 13:19 18:8 | | | | | | 16:9 17:13 17:18 17:18 17:18 27:13 32:4 | |
| | | | | | | 32:5 32:13 33:16 33:17 34:1 34:1 37:11 | |
| | | | | | | 38:5 40:19 | |
| | | | | | | **then**(15) 4:22 4:24 16:9 19:14 20:8 21:15 | |
| | | | | | | 21:22 22:3 24:9 25:19 27:19 28:17 30:13 | |
| | | | | | | 30:19 42:6 | |
| | | | | | | **there**(14) 13:20 18:21 19:1 21:9 25:6 | |
| | | | | | | 26:18 31:5 34:6 34:11 38:9 38:11 39:19 | |
| | | | | | | 41:12 42:3 | |
| | | | | | | **there's**(14) 7:12 9:24 11:10 16:24 17:1 | |
| | | | | | | 17:19 30:10 30:11 34:2 35:5 35:17 35:21 | |
| | | | | | | 36:19 38:9 | |
| | | | | | | **therefore**(1) 33:16 | |
| | | | | | | **these**(19) 10:15 12:24 13:10 13:13 15:12 | |
| | | | | | | 15:24 16:8 16:13 16:14 17:17 17:19 | |
| | | | | | | 23:8 24:2 25:1 27:14 28:9 32:10 33:20 | |
| | | | | | | **they**(31) 6:6 7:20 12:1 13:11 13:12 13:13 | |
| | | | | | | 16:3 16:3 16:5 16:7 16:8 16:9 16:9 | |
| | | | | | | 16:10 16:10 16:11 16:12 16:13 16:14 | |
| | | | | | | 17:19 17:22 25:14 27:15 27:21 33:11 | |
| | | | | | | 33:13 33:14 35:17 37:4 38:10 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

they'd(1) 33:13
they're(2) 14:13 40:20
they've(1) 28:22
thick(1) 17:20
thing(11) 8:11 14:15 15:1 15:8 17:14
17:15 17:15 30:15 30:17 38:8 39:3

things(4) 4:22 12:23 15:12 15:24
think(20) 4:11 4:21 9:15 11:8 12:2 16:25
18:3 18:16 19:7 20:14 20:18 22:11 27:12
31:25 33:4 35:5 37:14 37:21 37:22 42:11

thinking(1) 35:4
third(2) 30:18 32:14
thirteenth(4) 23:1 23:3 23:4 23:8
thirty(2) 7:6 7:22
thirty-three-and-a-hal(3) 6:24 7:1 7:15
this(61) 4:8 6:3 6:3 6:9 7:13 7:20 8:8
8:12 8:21 11:6 11:23 11:24 13:16 14:5 14:13
14:15 14:25 15:3 15:8 15:19 16:20 16:22
16:25 17:13 17:20 17:22 19:3 19:7 20:12
20:19 24:1 25:23 27:3 28:10 28:22 28:22
30:2 31:10 31:18 33:24 34:6 34:17 34:19
35:6 35:21 35:22 35:25 36:12 36:13 36:15
37:1 37:21 37:21 37:25 38:20 39:23 40:13
41:3 41:5 42:6 42:6 42:11

thomas(2) 2:36 3:38
those(10) 6:15 7:13 7:21 8:3 11:24 14:20
17:9 17:20 30:18 37:17

thought(1) 16:8
three(3) 36:19 36:20 40:18
three-and-a-half(2) 7:7 7:23
three-page(1) 37:7
through(10) 4:10 4:17 4:18 7:10 7:11
11:2 27:13 33:19 37:8 37:15

thursday(1) 21:16
tickets(1) 30:22
time(16) 8:22 14:17 14:21 15:4 15:9 18:3
18:19 18:20 20:2 20:9 20:12 21:2 28:10
28:22 37:16 42:11

timeframe(1) 21:10
today(3) 23:7 40:2 41:4
together(2) 12:3 17:1
told(1) 17:8
too(2) 8:11 21:12
took(4) 31:9 31:14 31:18 36:10
top(1) 7:17
torys(1) 8:13
totality(2) 31:25 34:18
toward(1) 16:23
towards(1) 6:2
tower(1) 18:23
trade(7) 10:6 10:12 10:15 11:23 12:22
15:22 16:16

trademark(2) 10:22 10:22
trademarks(1) 12:1
transaction(1) 6:19
transactions(2) 24:25 25:3
transcript(3) 1:19 1:49 42:17
transcription(2) 1:42 1:50
travel(1) 18:9
treatment(1) 41:11
tree(1) 18:23
trial(5) 12:15 14:20 20:9 20:16 21:6
trimming(1) 18:24
troubled(1) 37:25
trump(1) 35:5
trusted(1) 15:21
try(1) 15:1
trying(1) 20:20
tunc(1) 8:16
tunnell(3) 1:25 4:6 22:11
turn(2) 5:4 30:8
tweed(2) 2:35 3:37

two(16) 4:25 8:3 12:2 17:5 18:7 19:6
19:11 22:19 22:25 23:5 24:24 27:23 32:11
35:16 37:9 41:20

u.k(1) 39:6
ucc(8) 30:13 30:19 31:3 31:4 31:11 36:9
37:15 37:24

ultimately(1) 14:15
under(8) 4:15 9:6 10:12 15:23 31:23
34:17 35:19 38:3

understand(1) 37:3
understandably(1) 13:13
understands(1) 5:20
unidentified(2) 31:15 31:16
uniform(2) 30:9 34:17
united(6) 1:1 1:21 11:23 11:25 36:2 36:3
unless(1) 14:1
unnecessary(2) 14:9 14:14
unsecured(2) 2:16 3:30
until(2) 14:10 21:15
unusual(2) 13:15 14:5
unzip(1) 42:7
update(1) 10:14
upon(4) 14:22 15:10 31:2 31:5
urgency(1) 18:6
use(5) 6:6 10:13 11:24 15:24 17:12
used(1) 38:2
uses(1) 27:18
using(1) 10:15

ventura(2) 23:6 23:11
version(1) 41:14
very(9) 6:16 9:8 9:16 15:20 18:7 21:25
22:4 37:6 42:3

vice(1) 13:8
view(1) 13:12
vinny(2) 12:15 12:16
vip(11) 23:17 23:24 24:2 24:6 24:11 24:18
25:19 27:15 28:8 28:9 30:21

virginia(2) 40:22 41:19
wait(3) 37:25 38:8
waiving(1) 39:11
walk(3) 4:10 37:8 37:14
want(11) 5:18 8:11 9:25 13:13 14:24 15:6
26:17 28:2 29:19 32:19 36:16

wanted(8) 4:14 4:17 6:8 7:14 8:17 33:7
39:18 41:17

wants(3) 8:20 9:11 33:4
was(57) 5:25 7:4 8:11 11:1 15:21 20:13
23:4 24:1 24:2 24:3 24:12 24:14 24:20
24:22 24:24 25:2 25:4 25:5 25:6 25:7
25:10 25:12 25:15 25:15 25:18 25:20
25:21 26:25 27:3 28:22 31:23 31:24 32:2
33:12 33:15 33:21 33:23 34:4 34:5 34:6
34:7 34:11 34:12 34:19 35:1 35:5 35:15
35:24 35:25 36:2 36:15 36:15 39:9 39:19
39:20 41:3 42:13

wasn't(3) 25:15 25:20 25:21
way(4) 14:2 15:1 17:12 38:19
we'd(2) 4:7 20:14
we'll(3) 9:21 18:3 37:14
we're(22) 4:11 4:21 4:22 5:16 9:2 9:2 9:5
9:6 17:21 20:20 20:22 21:5 22:18 23:7
23:12 31:11 33:10 35:22 39:7 39:15 40:10
41:21

we've(9) 10:25 10:25 13:17 16:4 16:6
39:21 40:22 41:21 41:23

week(8) 5:22 7:13 9:19 21:23 37:16 39:3
39:20 39:23

welcome(1) 10:4

well(27) 6:16 8:18 9:8 9:21 9:23 11:19
16:6 17:24 18:22 19:1 19:11 20:14 21:6
21:23 23:23 25:12 25:21 27:4 31:22 32:15
32:16 35:21 38:11 38:12 38:19 39:15 42:6

went(2) 27:13 33:19
were(13) 14:12 16:8 16:9 16:11 17:11
17:17 17:22 24:24 28:23 35:4 35:7 36:3
36:5

west(2) 2:25 3:16
westchester(1) 13:3
what(27) 4:21 5:19 10:14 12:19 16:3 16:5
16:7 16:16 16:17 16:18 17:8 18:20 19:6
30:4 30:7 30:7 30:8 30:9 30:15 31:5
31:11 31:11 31:19 31:22 35:3 37:23 39:9

what's(5) 14:11 30:20 30:22 30:23 30:24
when(10) 14:6 14:22 15:11 17:19 18:4
24:5 31:25 32:21 33:18 35:4

whenever(1) 21:1
where(6) 17:16 30:2 30:9 31:5 34:3 35:16
whereupon(1) 42:13
whether(1) 7:16
which(24) 4:23 6:5 6:22 6:23 14:22 17:20
18:14 21:10 21:10 21:16 23:17 23:23 25:7
25:11 26:22 27:21 28:13 28:16 30:24 32:1
33:15 34:14 37:21 38:9

while(1) 10:22
who(4) 9:25 25:14 35:6 38:3
whole(1) 33:12
why(5) 12:1 13:15 19:3 37:6 37:11
will(23) 7:7 7:10 8:3 8:22 8:25 10:1 11:11
14:4 15:13 17:16 20:21 20:21 22:3 28:13
31:22 36:7 37:20 37:24 37:24 38:5 39:25
40:3 41:15

willing(1) 14:13
willingness(1) 17:6
wilmington(9) 1:13 1:31 1:37 2:19 2:26
2:47 3:10 3:18 4:1

wilson-milne(1) 2:10
wish(3) 12:6 15:14 42:5
wishes(1) 9:23
with(48) 4:7 4:12 5:12 5:16 5:23 5:24 7:9
7:13 7:14 7:19 8:3 8:8 10:25 11:11 14:2
15:10 16:2 16:19 17:5 17:11 17:22 23:3
23:13 23:15 23:25 24:6 25:13 25:15 25:15
26:19 27:4 28:15 28:16 29:7 29:16 32:4
32:7 33:18 35:7 37:5 39:4 39:6 40:21
40:23 40:24 41:11 41:24 42:5

withdrawing(1) 41:21
without(1) 39:11
won't(1) 17:7
word(1) 16:15
work(1) 16:10
works(1) 20:5
world(1) 20:20
worldwide(1) 13:4
worth(1) 16:14
would(32) 4:22 5:21 6:9 6:19 6:24 7:16
8:16 11:7 13:20 13:24 14:6 14:20 15:12
16:21 17:8 19:8 21:10 21:15 21:22 21:23
24:1 24:17 24:21 25:4 34:23 35:5 35:23
36:25 37:4 37:10 38:8 38:21

wouldn't(1) 19:8
wrong(1) 34:2
www.diazdata.com(1) 1:46

year(2) 6:4 6:11
year-end(1) 6:5
years(2) 13:9 16:15

yes(37) 4:20 5:10 5:14 7:18 10:10 11:5
12:17 13:22 15:15 18:13 19:3 19:22 20:10
21:9 21:9 21:20 22:7 22:16 22:17 23:10
26:6 26:10 27:2 29:21 30:6 32:15 32:15
32:16 33:7 33:8 35:10 37:19 38:23 38:24
40:15 41:1 42:12

yet(2) 4:16 20:21
york(4) 2:12 2:32 2:38 3:34
yosef(1) 2:44
you(93) 4:3 4:10 4:12 4:19 5:2 5:3 5:4
5:6 9:10 10:3 10:4 10:5 11:21 12:4 12:25
13:17 14:14 15:7 15:11 15:13 15:24 15:25
15:25 17:8 17:14 17:15 17:15 18:5 18:7
18:20 19:6 19:13 19:14 19:14 19:15 19:17
20:1 20:13 21:1 21:4 21:22 22:3 22:5
22:7 22:8 22:9 22:9 22:12 22:14 22:21
24:21 26:13 26:14 26:16 26:21 27:7 27:8
30:8 30:15 30:18 31:25 32:6 32:10 32:21
32:22 33:2 33:3 35:16 36:7 36:9 36:16
36:22 37:10 37:14 37:21 38:9 38:19 38:21
38:25 39:19 40:1 40:3 40:4 40:5 40:11
41:15 41:16 42:3 42:4 42:7 42:8 42:11
42:12

you'd(1) 29:14
you'll(1) 17:13
you're(2) 29:19 39:22
you've(2) 30:4 30:13
young(2) 2:22 3:13
your(108) 4:5 4:7 4:19 5:7 5:11 5:19 5:20
5:25 7:9 9:2 9:16 9:22 9:23 9:24 10:5
10:24 11:13 11:14 12:8 12:14 12:19 13:2
13:10 13:25 14:5 14:21 14:24 15:5 15:10
15:11 15:15 15:18 16:3 16:13 17:2 17:5
17:10 17:23 18:5 18:10 18:13 18:17 18:18
19:2 19:15 19:18 19:24 20:2 20:8 20:14
20:18 20:23 21:4 21:6 21:7 21:18 21:25
22:1 22:5 22:8 22:10 22:22 26:10 26:18
27:10 27:11 27:20 28:10 28:13 29:11
29:14 29:16 30:2 30:4 30:8 30:14 30:20
30:22 31:3 31:8 31:18 31:21 32:12 31:25
32:6 32:14 32:23 32:23 33:3 35:9 35:17
36:7 37:12 37:18 37:25 38:4 38:7 38:16
38:23 38:24 39:2 39:8 39:9 40:1 40:5
41:16 42:8 42:12

yourself(1) 8:9