**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re*                                                  :    Chapter 11
                                                         :
Nortel Networks Inc., *et al.*,[1]                       :    Case No. 09-10138 (KG)
                                                         :
                        Debtors.                         :    Jointly Administered
                                                         :
---------------------------------------------------------X

### STIPULATION RESOLVING CLAIM BY AND BETWEEN PAMELA D. RICHARDSON AND NORTEL NETWORKS INC.

This Stipulation (the "Stipulation") is entered into by and between Nortel Networks Inc. (the "Nortel Debtor") and Pamela D. Richardson ("Claimant", and together with Nortel Debtor, the "Parties"). The Parties hereby stipulate and agree as follows:

WHEREAS, on or about January 11, 2008, Claimant commenced a lawsuit (the "Action") in the United States District Court for the Northern District of Texas, Dallas Division (the "District Court"), alleging that the Nortel Debtor wrongfully terminated her employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; and

WHEREAS, on January 14, 2009 and July 14, 2009 (the "Petition Dates"), Nortel Networks Inc. and its affiliated debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number (collectively, the "Debtors"), are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

1

[New York #2278155 v1]

United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, on January 30, 2009, the Nortel Debtor filed a Suggestion of Bankruptcy in the Action, and accordingly, on February 2, 2009, the Action was stayed by order of the District Court; and

WHEREAS, the Bankruptcy Court established the general bar dates of September 30, 2009 (other than for claims against Nortel Networks (CALA) Inc.) and January 25, 2010 (for claims against Nortel Networks (CALA) Inc.) for filing proofs of claim in these cases; and

WHEREAS, on or about February 23, 2009, Claimant filed proof of claim number 494 in the amount of $1,095,970, reflecting the relief sought in the Action ("Claim No. 494" or the "Claim"); and

WHEREAS, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost and risk inherent in litigating the Claim, the Parties have agreed to this Stipulation to resolve their disputes, the Claim, and the Action; and

WHEREAS, the Parties have agreed that Claim No. 494 should be reduced and allowed as a general unsecured claim in the amount of Three Hundred Twenty-Five Thousand Dollars ($325,000.00);

NOW, THEREFORE, the Parties agree and stipulate as follows:

1. Resolution of Claim. Upon the approval of this Stipulation by the Bankruptcy Court:

   (a) Claim No. 494 shall be reduced and allowed as a general unsecured claim by Claimant against Nortel Debtor in the amount of $325,000.00.

(b) This Stipulation shall be deemed to amend and supersede the Debtors' schedules with respect to Claimant, and Claimant shall have no other or further claims against the Debtors aside from Claim No. 494 as reduced and allowed herein.

2. <u>Release</u>. Simultaneous with the execution of this Stipulation, the parties shall execute the attached Stipulation of Dismissal of the Action with Prejudice, which Claimant shall file with the United States District Court for the Northern District of Texas, Dallas Division, no later than three (3) business days following entry of an order of the Bankruptcy Court approving this Stipulation. Upon approval of this Stipulation by the Bankruptcy Court, Claimant releases and forever discharges the Debtors and their respective affiliates, subsidiaries, shareholders, directors, officers, employees, agents, attorneys, and their personal representatives, successors and assigns, from any and all claims, defenses, demands, liabilities, obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attorney's fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated, that Claimant now has, had, may have had, or hereafter may have against any of the Debtors, including, without limitation, any claim arising from or related to the Claim, the Action, or any other matter relating to or arising out of Claimant's former employment or other relationship with the Nortel Debtor or the termination of any such relationship.

3. <u>No Further Claims</u>. Upon approval of this Stipulation by the Bankruptcy Court, Claimant shall be forever barred from (i) amending the Claim and (ii) filing any further proofs of claim against any of the Debtors in the Debtors' Chapter 11 cases.

3

4. <u>Binding Effect</u>. This Stipulation and the Order approving the Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' Chapter 11 cases.

5. <u>Entire Agreement</u>. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement between the Parties.

6. <u>No Transfer</u>. Claimant represents that she has not sold, assigned or otherwise transferred the Claim to a third party.

7. <u>No Admissions</u>. Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession on any legal issue raised in or relating to the Claim.

8. <u>Costs and Expenses</u>. Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

9. <u>Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

10. <u>Manner of Execution</u>. This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

11. <u>Court Approval</u>. All provisions of this Stipulation are subject to the approval of the Bankruptcy Court. In the event this Stipulation is not approved, the Parties reserve all of

their rights and defenses with respect to the Claim. In the event that this Stipulation is not approved, this proposed settlement shall not constitute an admission by the Debtors or their affiliates regarding the validity of the Claim or that they have any liability thereunder. In the event that this Stipulation is not approved, this proposed settlement shall not constitute an admission by the Claimant regarding the amount of damages she has allegedly suffered or the validity of the Claim.

12. <u>Claims Register</u>.  The Debtors, the Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: Nov. 17, 2010

| Nortel Networks Inc. | Pamela D. Richardson |
|---|---|
| By: _____ <br> Lynn Egan, Secretary | *[signature]* <br><br> By: _____ <br> Pamela D. Richardson |

5

[New York #2278155 v1]