**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
Debtors. : Jointly Administered
:
---------------------------------------------------------------X

## STIPULATION BY AND BETWEEN SYSELOG SA AND NORTEL NETWORKS INC., ET. AL RESOLVING CLAIM

This Stipulation (the "Stipulation") is entered into by and between Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") and Syselog SA ("Claimant", and together with the Debtors, the "Parties"). The Parties hereby stipulate and agree as follows:

WHEREAS, on or about March 11, 2004, Claimant commenced a lawsuit (the "Action") in the Tribunal de Commerce de Paris (the "French Court") against NNI and Gordon Technical Consultants, Inc., alleging, inter alia, breach of contract; and

WHEREAS, on January 14, 2009 and July 14, 2009 (the "Petition Dates"), the Debtors filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number (collectively, the "Debtors"), are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

1

Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, the Bankruptcy Court established the general bar dates of September 30, 2009 (other than for claims against Nortel Networks (CALA) Inc.) and January 25, 2010 (for claims against Nortel Networks (CALA) Inc.) for filing proofs of claim in these cases; and

WHEREAS, on April 7, 2009, the Bankruptcy Court entered an Order approving omnibus settlement procedures to resolve, mediate, compromise or otherwise settle certain claims and controversies (the "Settlement Order"); and

WHEREAS, on or about September 24, 2009, Claimant filed sixteen proofs of claim, numbers 3734, 4889, 4890, 4891, 4892, 4893, 4894, 4895, 4896, 4897, 4898, 4899, 4900, 4901, and 4903, against the Debtors in the amount of $4,810,037.90 plus other amounts relating to the relief sought in the Action (collectively, the "Claims"); and

WHEREAS, pursuant to the procedures authorized by the Settlement Order, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost and risk inherent in litigating the Claims, the Parties have agreed to this Stipulation to resolve their disputes; and

WHEREAS, the Parties have agreed that the claim against NNI ("Claim No. 4902" or the "Claim") should be reduced and allowed as a general unsecured claim in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00) and the claims against the other estates expunged;

NOW, THEREFORE, the Parties stipulate and agree as follows:

1. Resolution of Claim. Upon the approval of this Stipulation by the Bankruptcy Court:

    (a) Claim No. 4902 shall be reduced and allowed as a general unsecured claim by Claimant against NNI in the amount of $750,000.00, and claims numbered 3734, 4889, 4890, 4891, 4892, 4893, 4894, 4895, 4896, 4897, 4898, 4899, 4900, 4901, and 4903 shall be expunged.

    (b) This Stipulation shall be deemed to amend and supersede the Debtors' schedules with respect to Claimant, and aside from the Claim that is reduced and allowed herein, Claimant shall have no other or further claims against any of the Debtors.

2. Release. Upon approval of this Stipulation by the Bankruptcy Court, and other than the right to receive distributions under any proposed plan, Claimant, for itself, its parents, subsidiaries, affiliates, and its and their successors and assigns, releases and forever discharges the Debtors and their respective affiliates, subsidiaries, shareholders, directors, officers, employees, agents, attorneys, and their personal representatives, successors and assigns, from any and all claims, defenses, demands, liabilities, obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attorney's fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated, that Claimant now has or hereafter may have against any of the Debtors, including, without limitation, any claim arising from or related to the Claim or Claims, the Action, or any other matter relating to or arising out of

Claimant's contractual or other relationship with the Debtors or the termination of any such relationship. Upon approval of this Stipulation by the Bankruptcy Court, the Debtors, by and on behalf of themselves and their estates, agents, employees, attorneys, officers and directors hereby release and discharge the Claimant and its respective agents, employees, representatives, officers, attorneys, shareholders, directors, parent and/or subsidiary corporations, affiliates, assigns, successors and predecessors in interest, from any and all claims, defenses, demands, liabilities, obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attorney's fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated, that the Debtors now have or hereafter may have against Claimant, including, without limitation, any claim arising from or related to the Claim or Claims, the Action, or any other matter relating to or arising out of Debtors' contractual or other relationship with the Claimant or the termination of any such relationship. No later than seven (7) days following entry of an order of this Court approving this Stipulation, Claimant and Debtors shall jointly move the French Court to dismiss all claims against the Debtors and Claimant in the Action with prejudice (the "French Motion").

3. No Further Claims. Upon approval of this Stipulation by the Bankruptcy Court, Claimant shall be forever barred from (i) amending the Claim and (ii) filing any further proofs of claim against any of the Debtors in the Debtors' Chapter 11 cases.

4

4. <u>Binding Effect</u>. This Stipulation and the Order approving the Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' Chapter 11 cases.

5. <u>Entire Agreement</u>. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement between the Parties.

6. <u>No Transfer</u>. Claimant represents that he has not sold, assigned or otherwise transferred the Claim to a third party.

7. <u>No Admissions</u>. Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession on any legal issue raised in or relating to the Claim.

8. <u>Costs and Expenses</u>. Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

9. <u>Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

10. <u>Manner of Execution</u>. This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

11. Court Approval. All provisions of this Stipulation are subject to the approval of the Bankruptcy Court. In the event this Stipulation is not approved or in the event the French Court denies the French Motion, the Parties reserve all of their rights and defenses with respect to the Claim and this proposed settlement shall not constitute an admission by the Debtors or their affiliates regarding the validity of the Claim or that they have any liability thereunder.

12. Claims Register. The Debtors, the Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: _October 12_, 2010

Nortel Networks Inc.

By: _____
Lynn Egan, Secretary
Authorized Signatory

Syselog SA

By: _____
Da Costa Noble
Authorized Signatory

6