## EXHIBIT A

**Proposed Form of Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re*                                                  :    Chapter 11
:
:    Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                       :
:    Jointly Administered
Debtors.                                  :
:
:    RE: D.I. _____
:
---------------------------------------------------------X

### ORDER ENFORCING THE ORDER AUTHORIZING THE SALE OF CERTAIN ASSETS OF THE DEBTORS' CARRIER VOICE OVER IP AND APPLICATION SOLUTIONS BUSINESS, AND DIRECTING THE RELEASE OF CERTAIN ESCROWED FUNDS

Upon the motion dated November 17, 2010 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, enforcing the *Order Authorizing And Approving (A) The Sale Of Certain Assets Of The Debtors' Carrier Voice Over IP And Communications Solutions Business Free And Clear Of All Liens, Claims And Encumbrances, And (B) The Assumption And Assignment Of Certain Executory Contracts* (the "Sale Order") [D.I. 2193] against GENBAND Inc. (n/k/a GENBAND US LLC) ("GENBAND"), and directing the release of $4,859,745 plus accumulated interest currently held in escrow by

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

escrow agent, Wells Fargo Bank, National Association ("Wells Fargo"), pursuant to the Amended and Restated Escrow Agreement dated as of January 6, 2010, by and among Wells Fargo, NNI, Nortel Networks Limited, Nortel Networks UK Limited (in administration) and GENBAND (the "Escrow Agreement"); and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY DETERMINED AND ORDERED THAT:

1. The Motion is GRANTED.

2. The Purchaser's interpretation of the term "Deferred Profit Amount" included in the Closing Statement delivered by the Purchaser dated September 15, 2010, does not constitute a valid interpretation of the term under the terms of the Sale Agreement and the Purchaser's dispute with the application of the Deferred Profit Amount term under the terms of the Sale Agreement is not a valid dispute that is susceptible to arbitration as a purchase price adjustment dispute pursuant to Section 2.2.3(c) of the Sale Agreement.

3. The calculation of "Deferred Profit Amount" shall include only deferred revenues for services to be performed or products to be provided by the Business after the Closing Date. Accordingly, the Deferred Profit Amount adjustment is $34,284,392, and the Final Purchase Price is $179,508,745.

2

4. The Purchaser is directed to execute, within five (5) days of the entry of this Order, instructions to Wells Fargo, as escrow agent, that provide for the release of $4,859,745 plus accumulated interest from the Escrow Fund to the Distribution Agent (as agent for the Sellers and the EMEA Sellers) by wire transfer of immediately available funds. Wells Fargo also is authorized upon presentment of this Order by the Sellers, with or without the receipt of separate joint instructions, to release such amounts in accordance with section 4(b) of the Escrow Agreement.

5. The Purchaser is hereby ordered to: (i) provide the Sellers with a fully executed copy of the settlement agreement and the name and contact information of representatives of Verizon with whom GENBAND has been in discussions with respect to the Settlement Agreement; (ii) deliver to the Sellers an accounting of all purchase orders received and expected to be received by GENBAND from Verizon with respect to the Verizon Receivables, copies of such purchase orders, and the related invoices issued by GENBAND; (iii) deliver to the Sellers any amounts received by GENBAND in payment for the Verizon Receivables as of the date hereof, and any purchase orders and amounts that GENBAND may receive from Verizon after the date hereof with respect to the Verizon Receivables; and (iv) fully cooperate with the Sellers and Verizon in the resolution of this matter.

6. The Purchaser is hereby ordered to: (i) immediately remit payment in accordance with the September 28, 2010 invoices for the Canadian transfer taxes owed to Nortel; or (ii) deliver to the Sellers a written statement of its objections to the same; and (iii) fully cooperate with the Sellers in the resolution of this matter.

7. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary: (i) the terms of this Order shall be immediately effective and enforceable upon its

entry; (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2010
Wilmington, Delaware

                                          THE HONORABLE KEVIN GROSS
                                          UNITED STATES BANKRUPTCY JUDGE