IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
                Debtors. : Jointly Administered
:
: Hearing date: December 15, 2010 at 10:00 am (ET)
: Objections due: December 1, 2010 at 4:00 pm (ET)
------------------------------------------------------------X

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING
THE DEBTORS TO FILE UNDER SEAL AND IN REDACTED
FORM CERTAIN PORTIONS OF THE DEBTORS' MOTION FOR
ENTRY OF AN ORDER ENFORCING THE ORDER
AUTHORIZING THE SALE OF CERTAIN ASSETS OF THE
DEBTORS' CARRIER VOICE OVER IP AND APPLICATION
SOLUTIONS BUSINESS, AND DIRECTING THE RELEASE OF
<u>CERTAIN ESCROWED FUNDS</u>**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Sealing Motion") for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

District of Delaware (the "Local Rules"), authorizing the Debtors to file under seal and in redacted form certain portions of the Debtors' Motion for the Entry of an Order Enforcing the Order Authorizing the Sale of Certain Assets of the Debtors' Carrier Voice Over IP and Application Solutions Business, and Directing the Release of Certain Escrowed Funds.

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a) and 107(b) the Bankruptcy Code.

## BACKGROUND

3. Contemporaneous with the filing of this Sealing Motion, the Debtors are filing the Debtors' Motion for the Entry of an Order Enforcing the Order Authorizing the Sale of Certain Assets of the Debtors' Carrier Voice Over IP and Application Solutions Business, and Directing the Release of Certain Escrowed Funds (the "Motion"), which seeks entry of an order (i) enforcing the *Order Authorizing And Approving (A) The Sale Of Certain Assets Of The Debtors' Carrier Voice Over IP And Communications Solutions Business Free And Clear Of All Liens, Claims And Encumbrances, And (B) The Assumption And Assignment Of Certain Executory Contracts* (the "Sale Order") [D.I. 2193] against GENBAND Inc. (n/k/a GENBAND US LLC) ("GENBAND"); (ii) directing the release of $4,859,745 plus accumulated interest currently held in escrow by escrow agent, Wells Fargo Bank, National Association ("Wells Fargo"), pursuant to the Escrow Agreement dated as of January 6, 2010, by and among Wells Fargo, Nortel Networks Corporation, NNI, Nortel Networks Limited, Nortel Networks UK Limited (in administration)

2

and GENBAND (as amended from time to time, the "Escrow Agreement"); and (iii) granting them such other and further relief as the Court deems just and proper.

4. The Debtors respectfully refer the Court to the Motion for additional information concerning the relevant background and procedural history of this matter.

## RELIEF REQUESTED

5. By this Sealing Motion, the Debtors seek an order pursuant to Sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1 authorizing the Debtors to file under seal and in redacted form certain portions of the Motion, specifically discrete references to a settlement amount that the relevant parties desire to remain confidential and discrete references to information regarding the sale of the Debtors' Metro Ethernet Networks Business.

## FACTS RELEVANT TO THIS MOTION

6. This Sealing Motion relates to Nortel's sale of assets associated with its Carrier Voice over IP and Communications Solutions Business (the "CVAS Business") to GENBAND. The Court approved the sale of the CVAS Business to GENBAND pursuant to the Stalking Horse Agreement dated as of December 22, 2009, by and among the Main Sellers and the EMEA Sellers (the "Sellers," and together with GENBAND the "Parties,") and GENBAND (the "Sale Agreement") by order dated March 4, 2010 [D.I. 2193].

### A. The Settlement Agreement Between Verizon and GENBAND

7. NNI and Verizon Services Corp. ("Verizon") are parties to a certain General Product Purchase Agreement for Softswitch and TDM Products and Services (the "GPPA Agreement"). Under the GPPA Agreement, Verizon purchased certain switches and software licenses from NNI. In 2009, Nortel discovered that Verizon had begun using certain software,

resident on the switches, for which it had not purchased accompanying licenses. The value of these licenses was approximately $2,000,000.

8.  Prior to the closing of the Sale Agreement, a dispute arose between Nortel and Verizon concerning payment to Nortel of these licensing fees (the "Verizon Receivables"). Before this dispute was resolved, the GPPA Agreement was assigned to GENBAND, pursuant to the Sale Agreement.

9.  Following the Closing Date, the Sellers learned that Verizon and GENBAND executed a settlement agreement (the "Settlement Agreement") with respect to the Verizon Receivables.

10. The Sellers understand that the Settlement Agreement contains a confidentiality clause providing that the terms of the Settlement Agreement remain confidential. Accordingly, Nortel seeks to respect the confidential nature of the Settlement Agreement, and specifically the settlement amount, which is referenced in the Motion.

**B. The Asset Sale Agreement With Ciena**

11. The Sellers and Ciena Corporation ("Ciena") are parties to a certain sale agreement, the Asset Sale Agreement by and among NNC, NNL, NNC, and the Other Entities Identified Herein as Sellers and Ciena (the "Ciena Sale Agreement") for the sale of the Sellers' Metro Ethernet Networks Business ("MEN") to Ciena.

12. The Ciena Sale Agreement contained substantially identical language defining the deferred revenue amount that was used to calculate the purchase price adjustment. In the MEN sale agreement, the term was referred to as "Closing Net Deferred Revenues," and the definition of the term was substantively identical to the definition of "Deferred Profit Amount" in the

CVAS Sale Agreement. The parties exchanged financial information relevant to calculating the "Closing Net Deferred Revenues" amount as detailed in the Motion.

13. The Ciena Sale Agreement contains a confidentiality clause providing that certain terms of the Ciena transaction remain confidential. Accordingly, the Sellers seek to respect the confidential nature of the exchange of financial information referenced in the Motion.

14. Therefore, by this Sealing Motion, the Debtors respectfully request that the Court permit discrete references in the Motion to the settlement amount and the closing of the MEN transaction (the "Redacted Material") to be redacted in the public filing, Annex B to Exhibit C, which contains references to the settlement amount to be omitted from the public filing in its entirety (the "Sealed Exhibit"), and that the unredacted version of the Motion be filed under seal.

## BASIS FOR RELIEF

15. The relief requested by the Debtors is authorized under the Bankruptcy Code. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders to protect a party's confidential, commercial or proprietary information:

> On request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

16. Furthermore, Bankruptcy Rule 9018 defines the procedure by which a party may move for relief under section 107(b) of the Bankruptcy Code:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

17.    Local Rule 9018-1 requires any party who seeks to file documents under seal to file a motion to that effect. Del. Bankr. L.R. 9018-1(b).

18.    A movant is not required to demonstrate "good cause" to file under seal. Rather, if the material sought to be filed under seal falls within one of the categories identified in Section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." In re Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994). Bankruptcy Rule 9018 is intended to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." In re Global Crossing Ltd., 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).

19.    The settlement amount, contained in the confidential Settlement Agreement and certain details relating to the closing of the MEN sale, are sensitive commercial information. The Settlement Agreement contains sensitive business information its parties wish not to disclose. Furthermore, the redacted portions of the Motion contain confidential financial information relating to the MEN Business now operated by Ciena. This information should therefore be redacted and filed under seal in accordance with Section 107(b) of the Bankruptcy Code.

### NOTICE

20.    Notice of the Sealing Motion has been given via first class mail to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; (iv) counsel to GENBAND; (v) Wells Fargo Bank, National Association, as escrow agent and (vi) the general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

## NO PRIOR REQUEST

21. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Sealing Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: November 17, 2010
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
David H. Herrington (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Ann Cordo
_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*