**Exhibit F**

**November 9 Letter**



November 9, 2010


**Nortel Networks Corporation and Nortel Networks Limited**
5945 Airport Road, Suite 360
Mississauga, Ontario, Canada L4V 1R9
Facsimile: +1-905-863-2057
Attn: Anna Ventresca,
   *General Counsel-Corporate and Corporate Secretary*
Attn: Khush Dadyburjor,
   *Vice President, Mergers and Acquisitions*

**Nortel Networks Inc.**
Legal Department
220 Athens Way, Suite 300
Nashville, Tennessee, USA  37228
Facsimile: +1-615-432-4413
Attn: Lynn C. Egan
   *Secretary*


Ladies and Gentlemen,

I write regarding the dispute resolution procedure provided for in that certain Asset Sale Agreement by and among Nortel Networks Corporation ("NNC"), Nortel Networks Limited ("NNL"), Nortel Networks Inc. ("NNI"), the other entities identified therein as Sellers (together with NNC, NNL, and NNI, "Nortel"), GENBAND Inc. ("GB") and the other Designated Purchasers that became parties thereto (together with GB, "GENBAND"), dated December 22, 2009, as amended from time to time (the "ASA"). Terms used but not defined in this letter have the meanings ascribed to them in the ASA.

As stated in the letter we sent you on October 25, 2010 (the "October 25 Letter"), attached hereto as Exhibit A, the dispute resolution process with regards to the Purchase Price Adjustment is unambiguous. Section 2.2.3.1(c) of the ASA provides that "If [Nortel] . . . and [GENBAND] are unable to resolve <u>any disagreement</u> as contemplated by Section 2.2.3.1(b) within fifteen (15) days after delivery of a Disagreement Notice by [Nortel], the Independent Auditor shall serve as arbitrator . . . to resolve such disagreement." (emphasis added).

You did not respond to the October 25 Letter. Additionally, you have provided no explanation as to why, in the face of this completely clear contractual obligation to arbitrate, you stated, first, in your letter to GENBAND on October 13, 2010 (the "October 13 Letter"), second, in an email from Robert Fishman to me on October 15, 2010 (the "October 15 Email"), and third, during our conference call held on October 20, 2010 (the "October 20 Conference Call") that you are not prepared to begin the process

of submitting all disagreements to arbitration. You have not pointed to any provision in the ASA that justifies your position because you cannot. You have not taken the opportunity provided in the October 25 Letter to discuss preferred arbitrators. Rather, during telephone conversations between Robert Fishman and myself on November 2, 2010, you stated again that Nortel is unwilling to proceed to arbitration and requested an extension of the fifteen-day period to resolve disputes. These statements and the statements in the October 13 Letter, the October 15 Email, and the October 20 Conference Call constitute breaches of Section 2.2.3.1(c) of the ASA.

The Disagreement Notice was sent on October 13, 2010. The fifteen-day period for resolving disputes has lapsed. Pursuant to Section 2.2.3.1(c), <u>any disagreement</u> regarding the Purchase Price Adjustment must be submitted to arbitration. This efficient, fast, and final process is what GENBAND bargained, negotiated, and paid for. You are in breach of the ASA, and we have no option other than to enforce our rights in Bankruptcy Court.

We otherwise reserve all rights, including without limitation to seek recovery of any costs and attorneys fees incurred in enforcing the arbitration provision. Our failure to comment on any statement in the October 13 Letter does not constitute our acceptance with or agreement to it. GENBAND expressly reserves all of its rights and remedies.

Sincerely,

Shauna Martin, General Counsel
**GENBAND**
3605 E. Plano Pkwy., Suite 100
Plano, Texas 75074
Facsimile: +1-972-265-3581

Copies to:

Latham & Watkins LLP
885 Third Avenue
New York, New York 10022
United States
Attention:      David S. Allinson, Esq.
Facsimile:     +1-212-751-4864

Baker Botts LLP
2001 Ross Avenue, Suite 600
Dallas, Texas 75201
Attention:      Don J. McDermett, Jr., Esq.
                Curt Anderson, Esq.
Facsimile:     +1-214-661-4454
                +1-214-661-4900

Stikeman Elliott LLP
445 Park Avenue 7th Floor
New York, New York 10022
Attention:      Ron Ferguson, Esq.
Facsimile:     +1-212-371-7087

**Nortel Networks Limited and Nortel Networks Inc.**
5270 Sycamore Avenue
Bronx, New York 10471
Attention:      Robert Fishman
                Senior Counsel

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
United States
Attention:      Laurent Alpert
Facsimile:     +1-212-225-3999

Ogilvy Renault LLP
200 Bay Street
Suite 3800, P.O. Box 84
Royal Bank Plaza, South Tower
Toronto, Ontario M5J 2Z4
Canada
Attention:      Michael Lang
Facsimile:     +1-416-216-3930

**Exhibit A**



October 25, 2010


**Nortel Networks Corporation and Nortel Networks Limited**
5945 Airport Road, Suite 360
Mississauga, Ontario, Canada L4V 1R9
Facsimile: +1-905-863-2057
Attn: Anna Ventresca,
  *General Counsel-Corporate and Corporate Secretary*
Attn: Khush Dadyburjor,
  *Vice President, Mergers and Acquisitions*

**Nortel Networks Inc.**
Legal Department
220 Athens Way, Suite 300
Nashville, Tennessee, USA 37228
Facsimile: +1-615-432-4413
Attn: Lynn C. Egan
  *Secretary*


Ladies and Gentlemen,

        We are in receipt of your letter, dated October 13, 2010 (the "October 13 Letter") and the subsequent email that Robert Fishman sent me on October 15, 2010 (the "October 15 Email"). I write regarding the dispute resolution procedure provided for in that certain Asset Sale Agreement by and among Nortel Networks Corporation ("NNC"), Nortel Networks Limited ("NNL"), Nortel Networks Inc. ("NNI"), the other entities identified therein as Sellers (together with NNC, NNL, and NNI, "Nortel"), GENBAND Inc. ("GB") and the other Designated Purchasers that became parties thereto (together with GB, "GENBAND"), dated December 22, 2009, as amended from time to time (the "ASA"). Terms used but not defined in this letter have the meanings ascribed to them in the ASA.

        During the conference call we had the morning of October 20, 2010 (the "October 20 Conference Call"), we discussed your Disagreement Notice, dated October 13, 2010 (the "Disagreement Notice"), which was attached to the October 13 Letter, and GENBAND's Closing Statement, dated September 15, 2010 (the "Closing Statement"). As you know, and per the dispute resolutions procedure outlined in the ASA, the Closing Statement and the Disagreement Notice were properly and timely provided with respect to each party's disagreement with the other with regards to the Purchase Price Adjustment, pursuant to Sections 2.2.3.1(a) and Section 2.2.3.1(b) of the ASA, respectively. Any disagreements between the parties after the fifteen (15) day period following delivery of the Disagreement Notice must be submitted to an arbitrator pursuant to Section 2.2.3.1(c) of the ASA.

We were surprised by your statements in the October 13 Letter, the October 15 Email, and on the October 20 Conference Call that you are not prepared to begin the process of submitting all disagreements to arbitration. To be completely clear, Section 2.2.3.1(c) of the ASA provides the exclusive procedure available: "If [Nortel] . . . and [GENBAND] are unable to resolve <u>any disagreement</u> as contemplated by Section 2.2.3.1(b) within fifteen (15) days after delivery of a Disagreement Notice by [Nortel], the Independent Auditor shall serve as arbitrator . . . to resolve such disagreement." (emphasis added).

You gave no reason why you would not prepare for this contractually-mandated arbitration, other than to suggest that you did not think the arbitrator would be up to the task. When we asked why our disagreement would not fall within the category of "any disagreement" as discussed above, you could not point to any provision in the ASA that justifies your position.

As you know, GENBAND bargained, negotiated, and paid for the arbitration clause associated with the Purchase Price Adjustment which provides for an efficient, fast, and final process for resolving these disputes. Nortel's threatened attempt to avoid arbitration with regard to a disagreement over the Purchase Price Adjustment therefore would constitute a breach of the ASA, and would deprive us of the benefit of that bargain.

The fifteen-day timeframe for the parties to resolve any disagreements relating to the calculation of the Purchase Price is currently ongoing, but the October 20 Conference Call made clear that the disagreements likely will not be resolved within that time. As such, both parties should prepare for arbitration. We would welcome the opportunity to discuss arbitrators with you, because although KPMG is named as the arbitrator in the ASA, we question whether they will be able to do so. As such, this question should be resolved and potential alternative arbitrators should be discussed. If Nortel is not willing to move forward with preparing for arbitration, or if Nortel interferes with or frustrates the arbitration in any way, we reserve all rights, including without limitation to seek recovery of any costs and attorneys fees incurred in enforcing the arbitration provision.

We appreciate that you agree with us that the issues regarding Verizon Receivables, raised in the October 13 Letter, which do not relate to the Closing Statement, are not subject to arbitration. Our failure to comment on any statement in the October 13 Letter does not constitute our acceptance with or agreement to it. GENBAND expressly reserves all of its rights and remedies.

Sincerely,

Shauna Martin, General Counsel
**GENBAND**
3605 E. Plano Pkwy., Suite 100
Plano, Texas 75074
Facsimile: +1-972-461-7516