IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| NORTEL NETWORKS INC., *et al*., ) | Case No. 09-10138 (KG) |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | **Obj. Deadline: December 13, 2010 at 4:00 p.m. (ET)** |
| ) | **Hearing Date: December 15, 2010 at 10:00 a.m. (ET)** |

**FIRST MONTHLY AND FIRST INTERIM APPLICATION OF BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP, FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL LITIGATION COUNSEL FOR THE DEBTORS FOR THE PERIOD FROM SEPTEMBER 17, 2010 THROUGH OCTOBER 31, 2010**

| | |
|---|---|
| Name of Applicant: | Benesch Friedlander Coplan & Aronoff LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | November 8, 2010 *nunc pro tunc* to September 17, 2010 |
| Period for which Compensation and Reimbursement of Expenses is Sought | September 17, 2010 through October 31, 2010 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary | $34,755.00 |
| Amount of Expense Reimbursement Sought As Actual, Reasonable, and Necessary: | $537.94 |

This is an interim application.

No time expended for preparation of this fee application is requested herein but will be requested in Applicant's subsequent fee applications.

## TIMEKEEPER SUMMARY

| Name of Professional | Position with the Applicant and Number of Years in that Position | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Michael J. Barrie, Esquire | Partner since 2009. Member of the DE Bar since 2005, Member of the PA Bar since 2000. | $395.00 | 0.70 | $276.50 |
| Raymond H. Lemisch, Esquire | Partner since 2007. Member of the DE Bar since 2002; Member of the PA Bar since 1985; Member of the NJ Bar since 1986; and Member of the CT Bar since 1984. | $595.00 | 23.00 | $13,685.00 |
| Jennifer R. Hoover, Esquire | Associate since 2007. Member of the DE Bar since 2007. Member of the PA Bar since 2001. | $380.00[1] $360.00 | 21.00 8.20 | $7,980.00 $2,952.00 |
| Matthew J. Samsa | Associate since 2008. Member of the OH Bar since 2008. | $225.00[1] $210.00 | 20.40 12.20 | $4,590.00 $2,562.00 |
| Elizabeth Hein, Paralegal | Paralegal since 2009 | $235.00[1] $230.00 | 4.60 4.80 | $1,081.00 $1,104.00 |
| Gregrie Willson, Paralegal | Paralegal since 1997 | $190.00 | 1.50 | $285.00 |

**TOTAL HOURS BILLED:**      97.60

**TOTAL COMPENSATION:**   $34,755.00

**BLENDED RATE:**      $356.10

---

[1] Hourly rate increase effective October 1, 2010.

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Cumulative Hours 09/17/10-10/31/10 | Total Hours 09/17/10-10/31/10 | Total Cumulative Fees 09/17/10-10/31/10 | Total Fees 09/17/10-10/31/10 |
|---|---|---|---|---|
| Case Administration | 11.00 | 11.00 | $5,022.50 | 5,022.50 |
| Firm Retention/Fees | 25.10 | 25.10 | $9,423.50 | $9,423.50 |
| Litigation | 61.50 | 61.50 | $20,309.00 | $20,309.0 |
| **Totals** | **97.60** | **97.60** | **$34,755.00** | **$34,755.00** |

## EXPENSE SUMMARY

| Expense Category | Service Provider | Total Cumulative Expenses 09/17/10-10/31//10 | Total Expenses 09/17/10-10/31/10 |
|---|---|---|---|
| Photocopying | In-house | $2.70 | $2.70 |
| Photocopying/Courier/E-filing | Parcels, Inc./Reliable | $210.00 | $210.00 |
| Delivery Charges | Federal Express | $0.00 | $0.00 |
| Long Distance | | $0.00 | $0.00 |
| Postage | | $0.00 | $0.00 |
| Filing Fees | | $325.00 | $325.00 |
| Computer Research | Westlaw/Pacer | $0.24 | $0.24 |
| Conference Calls | | $0.00 | $0.00 |
| Facsimile | | $0.00 | $0.00 |
| Transcripts | | $0.00 | $0.00 |
| **Total** | | **$537.94** | **$537.94** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTEL NETWORKS INC., *et al.*, | ) | Case No. 09-10138 (KG) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Obj. Deadline: December 13, 2010 at 4:00 p.m. (ET)** |
| | ) | **Hearing Date: December 15, 2010 at 10:00 a.m. (ET)** |

**FIRST MONTHLY AND FIRST INTERIM APPLICATION OF BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP, FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL LITIGATION COUNSEL FOR THE DEBTORS FOR THE PERIOD FROM SEPTEMBER 17, 2010 THROUGH OCTOBER 31, 2010**

Pursuant to 11 U.S.C. §§ 327 and 1103 and Rule 2014 of the Federal Rules of Bankruptcy Procedure, the law firm of Benesch Friedlander Coplan & Aronoff LLP (hereinafter "BFCA") hereby submits its First Monthly and First Application for Compensation for Services Rendered and Reimbursement of Expenses as Special Litigation Counsel for the Debtors for the Period from September 17, 2010 through October 31, 2010 (the "Fee Period") for professional legal services rendered as special litigation counsel to Nortel Networks, Inc., *et al.* (the "Debtors"). In support of its application, BFCA respectfully represents as follows:

1. On January 14, 2009 (the "Petition Date"), the Debtors, other than NN CALA (defined below), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On January 15, 2009, this Court entered an order of joint administration pursuant to Bankruptcy Rule 1015(b), which provided for the joint administration of these cases and for consolidation for procedural purposes only [D.I. 36].

4.      Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings").  The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court.

5.      On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA.  On February 27, 2009, based on a petition filed by Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "Monitor"), this Court entered an order recognizing the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

6.      On January 14, 2009, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[3] into administration under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators").  On May 28, 2009, at the request of the Joint Administrators, the Commercial Court of Versailles, France (the "French Court") (Docket No. 2009P00492) ordered the commencement of secondary proceedings in respect of Nortel Networks S.A. ("NNSA").  NNSA was authorized to continue

---

[2]  The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[3]  The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

2

to operate as a going concern until completion of the sale of the GSM/GSM-R business. While NNSA's operations are now terminated, the French Proceedings are continuing and, in accordance with the European Union's Council Regulation (EC) No. 1346/2000 on Insolvency Proceedings, the English law proceedings (the "English Proceedings") remain the main proceedings in respect of NNSA. On June 26, 2009, this Court entered an order recognizing the English Proceedings of Nortel Networks UK Limited ("NNUK") as foreign main proceedings under chapter 15 of the Bankruptcy Code.[4]

7. On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142]. An ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group"). No trustee or examiner has been appointed in the Debtors' cases.

8. On July 14, 2009 (the "CALA Petition Date"), Nortel Networks (CALA) Inc. ("NN CALA"), an affiliate of NNI and itself one of the Debtors, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On July 17, 2009, this Court entered orders approving the joint administration and consolidation of NN CALA's chapter 11 case with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098], and applying to NN CALA certain previously entered orders in the other Debtors' chapter 11 cases [D.I. 1099]. From time

---

[4] Additionally, on January 18, 2009, certain Nortel affiliates, including Nortel Networks Israel (Sales and Marketing) Limited and Nortel Communications Holdings (1997) Limited (the "Israeli Companies"), filed an application with the Tel-Aviv-Jaffa District Court (the "Israeli Court"), pursuant to the Israeli Companies Law, 1999, and the regulations relating thereto for a stay of proceedings. On January 19, 2009, the Israeli Court appointed Yaron Har-Zvi and Avi D. Pelossof as joint administrators of the Israeli Companies under the Israeli Companies Law (the "Joint Israeli Administrators").

to time, other Nortel affiliates have sought and may seek relief through the commencement of creditor protection or other insolvency or dissolution proceedings around the world.

9. On October 18, 2010, the Debtors filed an Application seeking entry of an order to employ and to retain BFCA to serve as their special lead and local litigation counsel in connection with certain litigation matters and as lead or local counsel in connection with additional litigation disputes *nunc pro tunc* to September 17, 2010, under the terms and conditions set forth in that certain letter dated as of October 13, 2010 by and between the Debtors and BFCA. The Bankruptcy Court entered an Order on November 8, 2010 employing BFCA as special litigation counsel to the Debtors *nunc pro tunc* to September 17, 2010.

## SUMMARY OF SERVICES RENDERED

10. BFCA has rendered professional legal services to the Debtors on a regular basis during the Fee Period, including:

> (a) acting as lead counsel or Delaware counsel in certain litigation matters;
>
> (b) representing the debtors before the Court or other state or federal courts in Delaware in the litigation matters; and
>
> (c) negotiating settlements on behalf of the Debtors.

## SUMMARY OF SERVICES BY PROJECT

11. To assist the Court in its review of the fees sought by Applicant, BFCA has separated its time entries into the project categories set forth below. The attorneys and paraprofessionals that have rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category in attachments hereto.

> Case Administration - (Fees: $5,022.50 – Total Hours: 11.00)

This category represents time spent on ministerial matters arising in this case, such as file

4

organization, notices of various events, scheduling hearings or conference calls. This category captures time spent updating dockets, calendars and files. This category also includes miscellaneous time entries related to the overall engagement and coordination with Debtors' counsel, Cleary Gottlieb Stein & Hamilton LLP ("Cleary Gottlieb") and Morris Nichols Arsht & Tunnell LLP ("Morris Nichols").

Firm Retention/Fees – (Fees: $9,423.50 -- Total Hours: 25.10)

This category represents time spent preparing and coordinating the application for employment and fee applications for applicant. This category includes time spent coordinating with Cleary Gottlieb regarding terms of the engagement, along with the format of the application.

Litigation – (Fees: $20,309.00 – Total Hours: 61.50)

This matter relates to the prosecution of adversary proceedings, as both lead and local counsel, and may include the reviewing of local rules and procedures as well as all Court filings for compliance therewith, as well as the preparation of complaints, pre-trial statements, attendance at pre-trials, preparation of motions for summary judgment and trial briefs and preparing for and attending trials.

## DISBURSEMENTS

12.     BFCA has incurred total out of pocket disbursements during the Fee Period in the amount of $537.94. This disbursement sum is broken down into categories of charges and is included in attachments hereto.

13.     BFCA represents as follows with regard to its charges for actual and necessary costs and expenses during the Fee Period:

      (a)      Copy charges are $.10 per page, which charge is reasonable and customary in the legal industry representing costs of copy materials, outside service costs, acquisition, maintenance, storage and operation of copy machines and copy center, together with a margin for recovery of lost expenditures.

      (b)      Incoming facsimiles are not billed.

      (c)      Outgoing facsimiles are billed at the rate of $1.00 per page. The cost represents operator time, maintaining several dedicated facsimile telephone lines, supplies and equipment, and includes a margin for recovery of lost expenditures.

## VALUATION OF SERVICES

14.     Attorneys and paraprofessionals of BFCA have expended a total of 97.60 hours in connection with this matter during the Fee Period. A detailed breakdown of the hours spent and services performed by such attorneys and paraprofessionals is set forth in attachments hereto.

15.     The nature of the work performed by these persons is fully set forth in the attachments contained in this Application. The rates charged are BFCA's normal hourly rates for work of this character. The reasonable value of the services rendered by BFCA to the Debtors during the Fee Period is $34,755.00.

16.     At all relevant times, BFCA has been a disinterested person as that term is defined in § 101(14) of the Bankruptcy Code and has not represented nor held any interest adverse to the interest of the Debtors.

17.     BFCA has reviewed the requirements of Local Bankruptcy Rule 2016-2 and believes that this Application complies with the requirements of same.

18.     All services for which compensation is requested by BFCA were performed for or on behalf of the Debtors, and not on behalf of other persons. There is no agreement or

understanding between BFCA and any other persons, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

19. In accordance with the factors enumerated in 11 U.S.C. § 330, the amount requested is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

WHEREFORE, BFCA respectfully requests compensation for professional services rendered to the Debtors in the sum of $34,755.00 and reimbursement of actual and necessary expenses incurred in the sum of $537.94 for the period from September 17, 2010 through October 31, 2010, and such other relief as this Court deems just and proper.

Dated: November 22, 2010

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

By:  */s/ Raymond H. Lemisch*
Raymond H. Lemisch, Esquire (No. 4204)
Jennifer R. Hoover, Esquire (No. 5111)
222 Delaware Avenue, Suite 801
Wilmington, DE  19801
Telephone:  (302) 442-7006
Facsimile:  (302) 442-7012
rlemisch@beneschlaw.com
jhoover@beneschlaw.com

*Special Litigation Counsel to the Debtors*

CERTIFICATION OF RESPONSIBLE ATTORNEY

Pursuant to the Guidelines for Applications for Compensation and Reimbursement of Expenses Adopted by the Executive Office for the United States Trustees Pursuant to the Bankruptcy Reform Act 1994, effective January 30, 1996 ("U.S.T. Guidelines") and Local Bankruptcy Rule 2016-2 (the "Local Bankruptcy Rules"), the undersigned, as responsible attorney, certifies (a) I have read the foregoing application, (b) to the best of my knowledge, information, and belief formed after reasonable inquiry, the compensation and expense reimbursement sought conforms with the U.S.T. Guidelines and the Local Bankruptcy Rules, and (c) the compensation and expense reimbursement requested are billed at rates and in accordance with practices no less favorable to the Debtors than those customarily employed by BFC&A generally.

Dated: November 22, 2010

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

By:   */s/ Raymond H. Lemisch*
Raymond H. Lemisch, Esquire (No. 4204)
Jennifer R. Hoover, Esquire (No. 5111)
222 Delaware Avenue, Suite 801
Wilmington, DE  19801
Telephone:  (302) 442-7006
Facsimile:  (302) 442-7012
rlemisch@beneschlaw.com
jhoover@beneschlaw.com

*Special Litigation Counsel to the Debtors*

8