**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
                                                            :
*In re*                                                     :   Chapter 11
                                                            :
Nortel Networks Inc., *et al.*,[1]                          :   Case No. 09-10138 (KG)
                                                            :
                        Debtors.                            :   Jointly Administered
                                                            :
------------------------------------------------------------X

**ORDER GRANTING FOURTH QUARTERLY FEE APPLICATION OF JOHN RAY, AS PRINCIPAL OFFICER OF NORTEL NETWORKS, INC. AND ITS AFFILIATES, FOR THE PERIOD AUGUST 1, 2010 THROUGH OCTOBER 31, 2010**

Upon consideration of the Fourth Quarterly Fee Application Request (the "Request") of John Ray, as principal officer for the above captioned debtors and debtors-in-possession (the "Debtors") for the period from August 1, 2010 through and including October 31, 2010; and upon consideration of the monthly fee applications subject to the Request (the "Fee Applications"); the Court having reviewed the Request and the Fee Applications; and finding that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and determining that proper and adequate notice has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED that:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

1. The Request is GRANTED.

2. John Ray is allowed compensation and reimbursement of expenses for the period and in the amounts set forth in its Request, subject to the filing of a final fee application by John Ray.

3. The Debtor is authorized and directed to disburse to John Ray payment in the amount of the difference between (a) 100% of the total fees and 100% of the total expenses set forth in the Fee Application and (b) the actual interim payments received by John Ray for fees and expenses under the Fee Applications, as set forth in the Request without further order of the Court.[2]

4. The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

5. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

6. This Order shall be effective immediately upon entry.

Dated: _____, 2010

                        THE HONORABLE KEVIN GROSS
                        UNITED STATES BANKRUPTCY JUDGE

---

[2] Pursuant to the agreement between Mr. Ray and the Debtors, 50% of Mr. Ray's Total Fees Requested, which is inclusive of the 20% holdback contemplated by the Monthly Compensation Order, are not currently payable to Mr. Ray. Accordingly, 80% of the Total Fees Requested, plus 100% of Mr. Ray's allowed expense reimbursement shall be payable pursuant to the terms of the Monthly Compensation Order and such retention agreement. Upon approval of this Request, the remaining 50% of Total Fees Requested shall be payable by the terms of such retention agreement without further order of the Court.