## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------X
                                                       :
                                                       :      Chapter 11
                                                       :
In re                                                  :      Case No. 09-10138 (KG)
                                                       :
Nortel Networks Inc., et al.,¹                         :      Jointly Administered
                                                       :
                            Debtors.                   :
                                                       :      RE: D.I. 4237 and 4379
                                                       :
-------------------------------------------------------X
```

## ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO THE LAZARD SIDE AGREEMENT AND (II) AUTHORIZING DEBTORS TO DIRECT THE ESCROW AGENTS TO RELEASE FUNDS TO NNL FOR REIMBURSEMENT OF CERTAIN PROFESSIONAL FEES

Upon the motion dated November 2, 2010 (as revised by the Second Notice of Filing of

Revised Exhibits thereto, filed by the Debtors on November 22, 2010 [D.I. 4379]) (the

"Motion"),[2] of Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors in

possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully

described in the Motion, (i) authorizing the Debtors to enter into that certain Lazard Fees Side

Agreement, the form of which is attached to the Motion as Exhibit B (the "Lazard Side

Agreement"), by and among NNI, Nortel Networks Corporation ("NNC"), Nortel Networks

Limited ("NNL"), Nortel Networks UK Limited ("NNUK") and certain of their affiliates

(together with NNI, NNC, NNL, NNUK and other parties to the Lazard Side Agreement, the

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]      Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

"Parties") with respect to certain professional fees and expenses owed to Lazard Frères & Co. LLC ("Lazard") by such Nortel entities, (ii) authorizing, but not directing, the Debtors to execute, jointly with other relevant parties, letters of direction to their escrow agents for certain escrow accounts holding sale proceeds, directing such agents to release funds to NNL for reimbursement of the Carve-out Financial Fees, and (iii) granting them such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The Debtors are authorized, but not directed, to enter into and perform under the Lazard Side Agreement, substantially in the form attached to the Motion as Exhibit B; and the Debtors are authorized to take any and all actions that may be reasonably necessary or appropriate to perform all obligations contemplated thereunder and to enforce all rights granted thereunder.

3.      The failure to specifically describe or include any particular provision of the Lazard Side Agreement in the Motion or in this Order, as the case may be, shall not diminish or

impair the effectiveness of such provision, it being the intent of this Court that the Lazard Side Agreement be approved in its entirety.

4.     The Debtors are authorized, but not directed, to execute, jointly with other relevant parties, letters of direction to their escrow agents for certain escrow accounts holding sale proceeds, directing such agents to release funds to NNL for reimbursement of the Carve-out Financial Fees.

5.     Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

6.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  NOVEMBER 23, 2010
        Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3