## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : | Case No. 09-10138 (KG) |
| Nortel Networks Inc., et al.,[1] | : | Jointly Administered |
|  | : |  |
| Debtors | : | **Objection Deadline:** December 14, 2010 at 4:00 p.m. (ET) |
|  | : | **Hearing Date:** Scheduled only if necessary |

-------------------------------------------------------X

## TWENTY-FIRST MONTHLY APPLICATION OF AKIN GUMP STRAUSS HAUER & FELD LLP, CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM ALLOWANCE OF COMPENSATION AND FOR THE REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM OCTOBER 1, 2010 THROUGH OCTOBER 31, 2010

This is a(n): __X__ monthly _____ interim _____ final application.

Name of Applicant:   Akin Gump Strauss Hauer & Feld LLP

Authorized to Provide
Professional Services to:  Official Committee of Unsecured Creditors

Date of Retention:  March 5, 2009 (nunc pro tunc to January 22, 2009)

Period for which Compensation
and Reimbursement is sought:  October 1, 2010 through October 31, 2010

Amount of Compensation sought as
actual, reasonable, and necessary: $637,206.00

Amount of Expense Reimbursement sought
as actual, reasonable, and necessary: $15,082.70

The total time expended during this Compensation Period for the preparation of Akin Gump's Twentieth Monthly Fee Application was 13.40 hours and the corresponding compensation is $5,718.50.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226).

**Prior Fee Applications:**

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 01/22/09 – 02/28/09 (First Monthly Fee Application) | $1,002,466.75 | $14,994.50 | On July 17, 2009, this Court entered an order (Docket No. 1103) awarding Akin Gump 100% of the fees and expenses requested in the First Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the First Monthly Fee Application. |
| 03/01/09 – 03/31/09 (Second Monthly Fee Application) | $866,587.25 | $14,080.55 | On July 17, 2009, this Court entered an order (Docket No. 1103) awarding Akin Gump 100% of the fees and expenses requested in the Second Monthly Fee Application. Akin Gump voluntarily agreed to reduce the expenses requested by $1,459.22. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Second Monthly Fee Application. |
| 04/01/09 – 04/30/09 (Third Monthly Fee Application) | $919,594.75 | $22,201.07 | On July 17, 2009, this Court entered an order (Docket No. 1103) awarding Akin Gump 100% of the fees and expenses requested in the Third Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Third Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 05/01/09 – 05/31/09 (Fourth Monthly Fee Application) | $766,765.75 | $54,512.10 | On September 30, 2009, this Court entered an order (Docket No. 1582) awarding Akin Gump 100% of the fees and expenses requested in the Fourth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Fourth Monthly Fee Application. |
| 06/01/09 – 06/30/09 (Fifth Monthly Fee Application) | $962,202.75 | $25,000.85 | On September 30, 2009, this Court entered an order (Docket No. 1582) awarding Akin Gump 100% of the fees and expenses requested in the Fifth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Fifth Monthly Fee Application. |
| 07/01/09 – 07/31/09 (Sixth Monthly Fee Application) | $1,042,206.00 | $24,587.92 | On September 30, 2009, this Court entered an order (Docket No. 1582) awarding Akin Gump 100% of the fees and expenses requested in the Sixth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Sixth Monthly Fee Application. |
| 08/01/09 – 08/31/09 (Seventh Monthly Fee Application) | $653,999.00 | $44,610.63 | On December 15, 2009, this Court entered an order (Docket No. 2143) awarding Akin Gump 100% of the fees and expenses requested in the Seventh Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Seventh Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 09/01/09 – 09/30/09 (Eighth Monthly Fee Application) | $1,103,982.50 | $24,753.35 | On December 15, 2009, this Court entered an order (Docket No. 2143) awarding Akin Gump 100% of the fees and expenses requested in the Eighth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Eighth Monthly Fee Application. |
| 10/01/09 – 10/31/09 (Ninth Monthly Fee Application) | $1,036,266.50 | $35,745.59 | On December 15, 2009, this Court entered an order (Docket No. 2143) awarding Akin Gump 100% of the fees and expenses requested in the Ninth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Ninth Monthly Fee Application. |
| 11/01/09 – 11/30/09 (Tenth Monthly Fee Application) | $1,008,811.00 | $40,388.57 | On March 17, 2010, this Court entered an order (Docket No. 2730) awarding Akin Gump 100% of the fees and expenses requested in the Tenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Tenth Monthly Fee Application. |
| 12/01/09 – 12/31/09 (Eleventh Monthly Fee Application) | $1,003,203.75 | $40,839.88 | On March 17, 2010, this Court entered an order (Docket No. 2730) awarding Akin Gump 100% of the fees and expenses requested in the Eleventh Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Eleventh Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 01/01/10 – 01/31/10 (Twelfth Monthly Fee Application) | $638,879.75 | $34,184.80 | On March 17, 2010, this Court entered an order (Docket No. 2370) awarding Akin Gump 100% of the fees and expenses requested in the Twelfth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Twelfth Monthly Fee Application. |
| 02/01/10 – 02/28/10 (Thirteenth Monthly Fee Application) | $636,531.00 | $26,874.51 | On June 24, 2010, this Court entered an order (Docket No. 3217) awarding Akin Gump 100% of the fees and expenses requested in the Thirteenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Thirteenth Monthly Fee Application. |
| 03/01/10 – 03/31/10 (Fourteenth Monthly Fee Application) | $958,619.25 | $20,735.21 | On June 24, 2010, this Court entered an order (Docket No. 3217) awarding Akin Gump 100% of the fees and expenses requested in the Fourteenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Fourteenth Monthly Fee Application. |
| 04/01/10 – 04/30/10 (Fifteenth Monthly Fee Application) | $608,880.50 | $23,821.31 | On June 24, 2010, this Court entered an order (Docket No. 3217) awarding Akin Gump 100% of the fees and expenses requested in the Fifteenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Fifteenth Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 05/01/10 – 05/31/10 (Sixteenth Monthly Fee Application) | $633,157.50 | $28,308.46 | On September 30, 2010, this Court entered an order (Docket No. 4048) awarding Akin Gump 100% of the fees and expenses requested in the Sixteenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Sixteenth Monthly Fee Application. |
| 06/01/10 – 06/30/10 (Seventeenth Monthly Fee Application) | $591,154.50 | $13,375.36 | On September 30, 2010, this Court entered an order (Docket No. 4048) awarding Akin Gump 100% of the fees and expenses requested in the Seventeenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Seventeenth Monthly Fee Application. |
| 07/01/10 – 07/31/10 (Eighteenth Monthly Fee Application) | $405,934.00 | $11,538.54 | On September 30, 2010, this Court entered an order (Docket No. 4048) awarding Akin Gump 100% of the fees and expenses requested in the Eighteenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Eighteenth Monthly Fee Application. |
| 08/01/10 – 08/31/10 (Nineteenth Monthly Fee Application) | $720,036.50 | $19,953.51 | On October 14, 2010, a certificate of no objection (Docket No. 4165) was filed with respect to Akin Gump's Nineteenth Monthly Fee Application. Akin Gump has received 80% of the fees and 100% of the expenses requested in the Nineteenth Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 09/01/10 – 09/30/10 (Twentieth Monthly Fee Application) | $613,100.25 | $26,293.55 | On November 22, 2010, a certificate of no objection (Docket No. 4384) was filed with respect to Akin Gump's Twentieth Monthly Fee Application. Akin Gump has not received payment of the fees and expenses requested in the Twentieth Monthly Fee Application. |

**SUMMARY OF ATTORNEYS AND LEGAL ASSISTANTS
RENDERING SERVICES DURING THE PERIOD
OCTOBER 1, 2010 THROUGH OCTOBER 31, 2010**

| Name of Professional Person | Position of the Applicant, Number of Years in that Position at Current or Prior Firms, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation Requested |
|---|---|---|---|---|
| Lisa G. Beckerman | Partner for 11 years; Admitted in 1989; Financial Restructuring Department | $950 | 21.50 | $20,425.00 |
| David H. Botter | Partner for 9 years; Admitted in 1990; Financial Restructuring Department | $875 | 115.40 | $100,975.00 |
| Paul B. Hewitt | Partner for 27 years; Admitted in 1974; Litigation Department | $780 | 8.10 | $6,318.00 |
| Fred S. Hodara | Partner for 21 years; Admitted in 1982; Financial Restructuring Department | $975 | 70.80 | $69,030.00 |
| Karol A. Kepchar | Partner for 9 years; Admitted in 1992; Intellectual Property Department | $645 | 7.20 | $4,644.00 |
| Stephen B. Kuhn | Partner for 10 years; Admitted in 1991; Corporate Department | $775 | 53.70 | $41,617.50 |
| Robert H. Pees | Partner for 14 years; Admitted in 1988; Litigation Department | $790 | 45.10 | $35,629.00 |
| Abid Qureshi | Partner for 3 years; Admitted in 1995; Financial Restructuring Department | $775 | 32.60 | $25,265.00 |
| Randall N. Ratner | Partner for 24 years; Admitted in 1979; Real Estate Department | $650 | 3.10 | $2,015.00 |
| Sarah Link Schultz | Partner for 1 year; Admitted in 2001; Financial Restructuring Department | $640 | 89.70 | $57,408.00 |
| Kevin M. Rowe | Senior Counsel for 10 years; Admitted in 1985; Tax Department | $675 | 95.50 | $64,462.50 |
| David T. Blonder | Counsel for 2 years; Admitted in 2001; Litigation Department | $550 | 2.50 | $1,375.00 |

| Name of Professional Person | Position of the Applicant, Number of Years in that Position at Current or Prior Firms, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation Requested |
|---|---|---|---|---|
| Tony D. Feuerstein | Counsel for 3 years; Admitted in 2003; Corporate Department | $600 | 19.00 | $11,400.00 |
| Dionisia Kaloudis | Counsel for 2 years; Admitted in 2005; Financial Restructuring Department | $625 | 3.70 | $2,312.50 |
| David C. Vondle | Counsel for 2 years; Admitted in 2003; Intellectual Property Department | $550 | 19.20 | $10,560.00 |
| Graeme D. Bell | International Law Advisor for 2 years; Admitted in 2003; Financial Restructuring Department | $600 | 24.40 | $14,640.00 |
| Laura T. Geyer | Senior Attorney for 2 years; Admitted in 1998; Intellectual Property Department | $430 | 13.00 | $5,590.00 |
| Sara L. Brauner | Associate for 1 year; Not Yet Admitted; Financial Restructuring Department | $350 | 54.70 | $19,145.00 |
| Diana L. Gillis | Associate for 1 year; Not Yet Admitted; Litigation Department | $325 | 7.30 | $2,372.50 |
| Brad M. Kahn | Associate for 3 years; Admitted in 2008; Financial Restructuring Department | $450 | 209.30 | $94,185.00 |
| Joshua Y. Sturm | Associate for 4 years; Admitted in 2007; Financial Restructuring Department | $500 | 13.90 | $6,950.00 |
| Jennifer L. Woodson | Associate for 1 year; Admitted in 2010; Tax Department | $350 | 84.80 | $29,680.00 |
| Alexandra R. Caleca | Legal Assistant for 1 year; Financial Restructuring Department | $200 | 11.20 | $2,240.00 |
| Lok Fung Cau | Legal Assistant for 4 years; Litigation Department | $205 | 10.20 | $2,091.00 |
| Blake T. Davis | Legal Assistant for 1 year; Litigation Department | $195 | 1.00 | $195.00 |

| Name of Professional Person | Position of the Applicant, Number of Years in that Position at Current or Prior Firms, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation Requested |
|---|---|---|---|---|
| Brenda R. Kemp | Legal Assistant for 12 years; Financial Restructuring Department | $200 | 3.60 | $720.00 |
| Dagmara Krasa-Berstell | Legal Assistant for 20 years; Financial Restructuring Department | $220 | 4.20 | $924.00 |
| James Ma | Legal Assistant for 11 years; Litigation Department | $225 | 5.50 | $1,237.50 |
| Peter J. Sprofera | Legal Assistant for 34 years; Financial Restructuring Department | $255 | 14.90 | $3,799.50 |

Total Amount of Fees:     $637,206.00
Total Number of Hours:    1,045.10
Blended Hourly Rate:      $609.71

**COMPENSATION BY PROJECT CATEGORY**
**OCTOBER 1, 2010 THROUGH OCTOBER 31, 2010**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| General Case Administration | 4.90 | $3,029.00 |
| Akin Gump Fee Applications/Monthly Billing Reports | 14.30 | $6,004.50 |
| Analysis of Other Professionals' Fee Applications/Reports | 8.70 | $4,725.00 |
| Retention of Professionals | 42.70 | $21,808.50 |
| Creditors' Committee Meetings | 62.90 | $39,595.50 |
| Court Hearings | 20.50 | $10,182.50 |
| General Claims Analysis/Claims Objections | 5.80 | $2,576.00 |
| Canadian Proceedings/Matters | 15.00 | $10,082.50 |
| General Adversary Proceedings | 6.00 | $4,364.50 |
| Labor Issues/Employee Benefits | 36.50 | $26,746.50 |
| Real Estate Issues/Leases | 2.90 | $1,835.50 |
| Asset/Stock Transactions/Business Liquidations | 58.10 | $36,598.50 |
| Travel (billed at 50% of actual time) | 10.00 | $5,792.50 |
| Avoidance Actions | 7.30 | $3,970.00 |
| Non-Debtor Affiliates | 9.20 | $4,557.00 |
| Intercompany Analysis | 669.30 | $412,400.00 |
| European Proceedings Matters | 9.50 | $5,996.00 |
| Intellectual Property | 61.50 | $36,942.00 |
| **TOTAL** | **1,045.10** | **$637,206.00** |

**DISBURSEMENT SUMMARY**
**OCTOBER 1, 2010 THROUGH OCTOBER 31, 2010**

| | |
|---|---:|
| Computerized Research, Corporate Service Fees & PACER Charges | $812.06 |
| Conference Call /Telephone Charges | $6,663.15 |
| Courier Service/Postage | $26.58 |
| Duplicating (@ $0.10 per page) | $3,501.30 |
| Meals/Committee Meeting Expenses | $988.02 |
| Travel Expenses – Airfare | $2,314.40 |
| Travel Expenses – Ground Transportation | $318.29 |
| Travel Expenses – Lodging | $438.90 |
| Travel Expenses – Parking | $20.00 |
| **TOTAL** | **$15,082.70** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X

|  |  |
|---|---|
| In re | : Chapter 11 |
|  | : Case No. 09-10138 (KG) |
| Nortel Networks Inc., et al., [1] | : Jointly Administered |
|  | : |
| Debtors | : **Objection Deadline:** Dec. 14, 2010 at 4:00 p.m. (ET) |
|  | : **Hearing Date:** Scheduled only if necessary |

----------------------------------------------------------X

### TWENTY-FIRST MONTHLY APPLICATION OF AKIN GUMP STRAUSS HAUER & FELD LLP, CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM OCTOBER 1, 2010 THROUGH OCTOBER 31, 2010

Akin Gump Strauss Hauer & Feld LLP ("Akin Gump" or the "Applicant"), co-counsel to

the Official Committee of Unsecured Creditors (the "Committee") of Nortel Networks Inc.

("NNI"), et al. (collectively, the "Debtors"), hereby submits its twenty-first monthly application

(the "Application") pursuant to (i) sections 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Procedure for the

District of Delaware (the "Local Rules"), and (iv) the Administrative Order Pursuant to 11

U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing

Procedures for Interim Compensation and Reimbursement of Fees and Expenses for

Professionals and Official Committee Members entered on February 4, 2009 (the

"Administrative Fee Order"), for interim allowance of compensation for services rendered in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226).

aggregate amount of $637,206.00 and for reimbursement of actual and necessary expenses

incurred by Akin Gump in connection therewith in the amount of $15,082.70 for the period

from October 1, 2010 through October 31, 2010 (the "Compensation Period"). In support of this

Application, Akin Gump respectfully states as follows:

## I.    JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and

1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory bases for the relief requested herein

are sections 1103 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014.

## II.    BACKGROUND

2.      On January 14, 2009 (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief (the "U.S. Proceeding") under chapter 11 of the Bankruptcy Code in the United

States Bankruptcy Court for the District of Delaware (the "Court").

3.      The Debtors are operating their businesses and managing their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On

January 15, 2009, the Court entered an order for the joint administration of these cases pursuant

to Bankruptcy Rule 1015(b) for procedural purposes only.

4.      On January 14, 2009, the Debtors' ultimate corporate parent, Nortel Networks

Corporation ("NNC"), together with Nortel Networks Limited ("NNL") and certain of their

Canadian affiliates (collectively, the "Canadian Debtors" and, together with the Debtors, the

"Nortel Debtors") commenced a proceeding (the "Canadian Proceeding") before the Ontario

Superior Court of Justice (the "Canadian Court") for a plan of compromise or arrangement under

Canada's Companies' Creditors Arrangement Act ("CCAA"). The Canadian Debtors continue to

2

operate their businesses and manage their properties under the supervision of the Canadian Court and Ernst & Young Inc. as monitor (the "Monitor").

5.      On January 14, 2009, the High Court of Justice in England (the "UK Court") placed nineteen of the Debtors' European affiliates (collectively, the "EMEA Debtors"), including Nortel Networks U.K. Limited ("NNUK"), into administration (the "European Proceedings" and, together with the U.S. Proceeding and Canadian Proceeding, the "Insolvency Proceedings") under the control of individuals from Ernst & Young LLC (the "Administrator").

6.      On January 22, 2009 (the "Committee Formation Date"), pursuant to section 1102 of the Bankruptcy Code, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee.  The Committee currently consists of three members, as follows: (i) Law Debenture Trust Company of New York, as indenture trustee; (ii) Pension Benefit Guaranty Corporation; and (iii) The Bank of New York Mellon, as indenture trustee.  No trustee or examiner has been appointed in these chapter 11 cases.  An ad hoc group of holders of bonds issues by the Nortel Debtors has also been formed (the "Ad Hoc Bondholder Group").

7.      On March 5, 2009, this Court entered an order authorizing the retention of Akin Gump as co-counsel to the Committee, *nunc pro tunc* to January 22, 2009.  On that same day, the Court authorized the Committee to retain and employ Jefferies & Company, Inc. ("Jefferies") as the Committee's investment banker, Capstone Advisory Group, LLC ("Capstone") as the Committee's financial advisor, Fraser Milner Casgrain LLP ("FMC") as the Committee's Canadian counsel, Ashurst LLP ("Ashurst") as the Committee's European counsel, and Kurtzman Carson Consultants, LLC ("KCC") as the Committee's communications agent.

8.      On June 10, 2009, Akin Gump filed its First Interim Fee Application Request for the Period January 22, 2009 through April 30, 2009 (the "First Interim Application").  In its First

3

tion, Akin Gump sought the award and allowance of fees in the amount of

nd the reimbursement of expenses in the amount of $48,632.74.[2]  On July 17,

t entered an order approving 100% of the fees and expenses sought in the First

tion and Akin Gump has received payment of such amounts.

)n September 10, 2009, Akin Gump filed its Second Interim Fee Application

Period May 1, 2009 through July 31, 2009 (the "Second Interim Application").

terim Application, Akin Gump sought the award and allowance of fees in the

'1,174.50 and the reimbursement of expenses in the amount of $104,100.87.[3]  On

:009, this Court entered an order approving 100% of the fees and expenses

cond Interim Application and Akin Gump has received payment of such

)n November 24, 2009, Akin Gump filed its Third Interim Fee Application

Period August 1, 2009 through October 31, 2009 (the "Third Interim

n its Third Interim Application, Akin Gump sought the award and allowance of

int of $2,794,248.00 and the reimbursement of expenses in the amount of

)n December 15, 2009, this Court entered an order approving 100% of the fees

---

Application sought the award of fees and expenses for the period from January 22, 2009 through
ollows: (a) January 22, 2009 through February 28, 2009: $1,002,466.75 of fees and $14,994.50
rch 1, 2009 through March 31, 2009: $866,587.25 of fees and $14,080.55 of expenses; and (c)
gh April 30, 2009: $919,594.75 of fees and $22,201.07 of expenses.  Following discussions with
<in Gump agreed to a voluntary reduction of $1,184.16 for expenses incurred during the period
: Interim Application.

n Application sought the award of fees and expenses for the period from May 1, 2009 through
llows: (a) May 1, 2009 through May 31, 2009: $766,765.75 of fees and $54,512.10 of expenses;
ough June 30, 2009: $962,202.75 of fees and $25,000.85 of expenses; and (c) July 1, 2009
)9: $1,042,206.00 of fees and $24,587.92 of expenses.

Application sought the award of fees and expenses for the period from August 1, 2009 through
s follows: (a) August 1, 2009 through August 31, 2009: $653,999.00 of fees and $44,610.63 of
nber 1, 2009 through September 30, 2009: $1,103,982.50 of fees and $24,753.35 of expenses;
009 through October 31, 2009: $1,036,266.50 of fees and $35,745.59 of expenses.

4

and expenses sought in the Third Interim Application and Akin Gump has received payment of such amounts.

11.     On February 24, 2010, Akin Gump filed its Fourth Interim Fee Application Request for the Period November 1, 2009 through January 31, 2010 (the "Fourth Interim Application").[5] In its Fourth Interim Application, Akin Gump sought the award and allowance of fees in the amount of $2,650,894.50 and the reimbursement of expenses in the amount of $115,413.25.[6] On March 17, 2010, this Court entered an order approving 100% of the fees and expenses sought in the Fourth Interim Application and Akin Gump has received payment of such amounts.

12.     On May 28, 2010, Akin Gump filed its Fifth Interim Fee Application Request for the Period February 1, 2010 through April 30, 2010 (the "Fifth Interim Application").  In its Fifth Interim Application, Akin Gump sought the award and allowance of fees in the amount of $2,204,030.75 and the reimbursement of expenses in the amount of $71,431.03.[7] On June 24, 2010, this Court entered an order approving 100% of the fees and expenses sought in the Fifth Interim Application and Akin Gump has received payment of such amounts.

13.     On September 7, 2010, Akin Gump filed its Sixth Interim Fee Application Request for the Period May 1, 2010 through July 31, 2010 (the "Sixth Interim Application").  In its Sixth Interim Application, Akin Gump sought the award and allowance of fees in the amount

---

[5] On March 1, 2010, Akin Gump filed an Amended Notice of Fourth Interim Fee Application Request solely to provide information regarding a change in its hourly billing rates effective January 1, 2010.

[6] The Fourth Interim Application sought the award of fees and expenses for the period from November 1, 2009 through January 31, 2010, as follows: (a) November 1, 2009 through November 30, 2009: $1,008,811.00 of fees and $40,388.57 of expenses; (b) December 1, 2009 through December 31, 2009: $1,003,203.75 of fees and $40,839.88 of expenses; and (c) January 1, 2010 through January 31, 2010: $638,879.75 of fees and $34,184.80 of expenses.

[7] The Fifth Interim Application sought the award of fees and expenses for the period from February 1, 2010 through April 30, 2010, as follows: (a) February 1, 2010 through February 28, 2010: $636,531.00 of fees and $26,874.51 of expenses; (b) March 1, 2010 through March 31, 2010: $958,619.25 of fees and $20,735.21 of expenses; and (c) April 1, 2010 through April 30, 2010: $608,880.50 of fees and $23,821.31 of expenses.

of $1,630,246.00 and the reimbursement of expenses in the amount of $53,222.36.[8]  On

September 30, 2010, this Court entered an order approving 100% of the fees and expenses

sought in the Sixth Interim Application and Akin Gump has received payment of such amounts.

      14.    On September 22, 2010, Akin Gump filed its Nineteenth Monthly Application for

Interim Allowance of Compensation and Reimbursement of Expenses for Services Rendered

During the Period August 1, 2010 through August 31, 2010 (the "Nineteenth Monthly

Application"). In its Nineteenth Monthly Application, Akin Gump sought the award and

allowance of fees in the amount of $720,036.50 and the reimbursement of expenses in the

amount of $19,953.51. A certificate of no objection was filed with respect to the Nineteenth

Monthly Application on October 14, 2010. Pursuant to the Administrative Fee Order, Akin

Gump has received payment of 80% of the fees and 100% of the expenses requested in the

Nineteenth Monthly Application.

      15.    On October 29, 2010, Akin Gump filed its Twentieth Monthly Application for

Interim Allowance of Compensation and Reimbursement of Expenses for Services Rendered

During the Period September 1, 2010 through September 30, 2010 (the "Twentieth Monthly

Application"). In its Twentieth Monthly Application, Akin Gump sought the award and

allowance of fees in the amount of $613,100.25 and the reimbursement of expenses in the

amount of $26,293.55. A certificate of no objection was filed with respect to the Twentieth

Monthly Application on November 22, 2010. As of the date of this Application, Akin Gump has

not received any payment for the fees and expenses requested in the Twentieth Monthly

Application.

---

[8] The Sixth Interim Application sought the award of fees and expenses for the period from May 1, 2010 through July 31, 2010, as follows: (a) May 1, 2010 through May 31, 2010: $633,157.50 of fees and $28,308.46 of expenses; (b) June 1, 2010 through June 30, 2010: $591,154.50 of fees and $13,375.36 of expenses; and (c) July 1, 2010 through July 31, 2010: $405,934.00 of fees and $11,538.34 of expenses.

### III.    RELIEF REQUESTED

16.    By this Application, Akin Gump seeks (i) interim allowance and award of compensation for the professional services rendered by Akin Gump as attorneys during the Compensation Period in the amount of $637,206.00, representing 994.50 hours of professional services and 50.60 hours of paraprofessional services; and (ii) reimbursement of actual and necessary expenses incurred by Akin Gump during the Compensation Period in connection with the rendition of such professional and paraprofessional services in the amount of $15,082.70.

17.    Pursuant to the Administrative Fee Order, Akin Gump is seeking payment of 80% of its fees ($509,764.80) and 100% of its expenses ($15,082.70) relating to services rendered during the Compensation Period.

18.    Akin Gump has received no payment and no promises for payment from any source for services rendered in connection with these chapter 11 cases other than in accordance with the Administrative Fee Order. There is no agreement or understanding between the Applicant and any other person (other than members of Akin Gump) for the sharing of compensation to be received for the services rendered in these cases.

19.    As stated in the Affirmation of Fred S. Hodara, Esq. (the "Hodara Affirmation"), annexed hereto as Exhibit A, all of the services for which interim compensation is sought herein were rendered for or on behalf of the Committee solely in connection with these cases.

### IV.    SUMMARY OF SERVICES RENDERED

20.    Akin Gump has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the Debtors' unsecured creditors during the Compensation Period. The variety and complexity of the issues in these Insolvency Proceedings and the need to act or respond to issues on an expedited basis in furtherance of the

Committee's needs have required the expenditure of substantial time by Akin Gump personnel from several legal disciplines.

21.    In the ordinary course of its practice, Akin Gump maintains written records of the time expended by attorneys and paraprofessionals in the rendition of their professional services. In accordance with the provisions of the Administrative Fee Order, a compilation showing the name of the attorney or paraprofessional, the date on which the services were performed, a description of the services rendered, and the amount of time spent in performing the services for the Committee during the Compensation Period is annexed hereto as Exhibit B.

22.    In the ordinary course of its practice, Akin Gump also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its services, all of which are available for inspection. A schedule of the categories of expenses and amounts for which reimbursement is requested is annexed hereto as Exhibit C. A detailed summary of the expenses is attached hereto as Exhibit D.

23.    Akin Gump respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and appropriate, and have directly contributed to the effective administration of these chapter 11 cases.

24.    The following summary of services rendered during the Compensation Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in Exhibit B. Rather, it is merely an attempt to highlight certain of those areas in which services were rendered to the Committee, as well as to identify some of the problems and issues that Akin Gump was required to address.

## Case Administration

(Fees: $3,029.00; Hours: 4.90)

25.    This subject matter relates to services rendered to the Committee to satisfy the Committee's continuing organizational and administrative needs and enable the Committee to continue to function as a coordinated group and to acquit its fiduciary duties.

26.    During the Compensation Period, Akin Gump reviewed and analyzed all motions and applications filed by the Debtors and other parties in interest in these cases and any objections thereto.  In connection with such analyses, Akin Gump conducted diligence on the subject matter of each motion and application to, among other things, ascertain the effect that the relief requested would have on the Debtors, the interests of the Debtors' unsecured creditors and the administration of these cases.  These diligence efforts included reviewing underlying documentation related to the applicable pleading and working with the Debtors' advisors to ensure that the Committee had a complete understanding of the impact that the relief requested in any given pleading would have on these cases.

27.    Due to Akin Gump's experience in counseling creditors' committees, Akin Gump believes it was able to efficiently address all issues relating to case administration that have arisen during the pendency of these Insolvency Proceedings.

## Akin Gump Fee Application/Monthly Billing Reports

(Fees: $6,004.50; Hours: 14.30)

28.    This subject matter relates to time spent reviewing invoices and drafting monthly and interim fee statements as required under the Administrative Fee Order, including attorney time to ensure that such materials do not improperly disclose highly confidential information related to the Debtors' businesses or these chapter 11 cases.

9

## Analysis of Other Professionals' Fees

(Fees: $4,725.00; Hours: 8.70)

29.     Akin Gump attorneys, along with Capstone, spent time during the Compensation

Period analyzing issues related to the sharing of certain professionals' fees across the Nortel

Debtors' estates.  As stated in the Supplemental Fourth Omnibus Order Allowing Certain

Professionals Interim Compensation for Services Rendered and Reimbursement of Expenses

entered by this Court on March 31, 2010 (Docket No. 2812), NNI, NNL and NNUK have agreed

that the fees and expenses owed to Lazard Freres & Co. LLC ("Lazard") as financial advisor to

the Debtors, will be allocated among such entities in accordance with a written agreement to be

negotiated by the parties (the "Lazard Side Agreement").  During the Compensation Period, Akin

Gump attorneys, on behalf of the Creditors' Committee, continued to negotiate the Lazard Side

Agreement with professionals for the Nortel Debtors, the Monitor, the Administrator and the Ad

Hoc Bondholder Group.  On November 2, 2010, the Debtors filed a motion seeking this Court's

approval of the Lazard Side Agreement, which motion is scheduled for hearing on November 23,

2010.

## Retention of Professionals

(Fees: $21,808.50; Hours: 42.70)

30.     This subject matter relates to time spent by Akin Gump attorneys reviewing and

analyzing applications by parties in interest to retain professionals in these chapter 11 cases.  As

described in more detail below, the parties agreed to engage in mediation in an effort to resolve

the allocation of sale proceeds and related intercompany issues.  On October 6, 2010, the Debtors

filed a motion with this Court to appoint former federal district court judge Layn R. Phillips of

Irell & Manella LLP as mediator for this process, and approve the terms of an engagement

agreement between Judge Phillips and the parties (the "Mediator Engagement Motion").  During

10

the Compensation Period, Akin Gump attorneys spent time analyzing the Mediator Engagement

Motion as well as an objection thereto filed by the Nortel Networks U.K. pension trustee and the

Pension Protection Fund (the "U.K. Pension Party Objection").  Akin Gump attorneys worked

with the Debtors' counsel as well as counsel for the Monitor, the Administrator and the Ad Hoc

Bondholder Group to resolve the U.K. Pension Party Objection.  An order approving the

Mediator Engagement Motion was entered by the Court on October 27, 2010.

### Committee Meetings

(Fees: $39,595.50; Hours: 62.90)

31.     This subject matter relates to Committee matters, meetings and conference calls

with the Committee as a whole, with individual Committee members and with the Committee's

other legal and financial advisors.  Akin Gump, together with the other Committee professionals,

held four telephonic meetings with the full Committee during the Compensation Period.  In

addition, during the Compensation Period, Akin Gump had numerous telephonic conferences

with individual Committee members and the chair of the Committee and their respective

professionals.

32.     Prior to its meetings with the Committee, Akin Gump reviewed each pending

matter requiring the Committee's attention and all underlying documentation in connection

therewith.  Thereafter, Akin Gump discussed each of these matters with the Committee's other

professionals, the Committee, as well as individual Committee members.  During these

discussions, Akin Gump assisted the Committee in formulating a position with respect to each

pending matter.  In addition, Akin Gump prepared and/or assisted the Committee's other

professionals in preparing detailed memoranda for the Committee discussing the status of

pertinent matters in these proceedings.

33.    During the Compensation Period, Akin Gump routinely held internal meetings with the professionals assigned to this matter to ensure that Akin Gump was representing the Committee in the most efficient manner at the least cost to these estates.  In addition, Akin Gump coordinated all Committee activities, including attending to member issues and interacting with the Committee's other professionals in setting agendas for the Committee's meetings and conference calls.  Akin Gump also regularly consulted with Jefferies, Capstone, FMC and Ashurst with respect to documents and other information received from the Debtors, their representatives, and other sources.

34.    Through meetings, telephone conferences, and correspondence, Akin Gump has assisted the Committee in fulfilling its statutory duties to make informed decisions regarding the various issues that have arisen in these chapter 11 cases, to monitor closely the Debtors' management of these proceedings, and to reach independent conclusions on the merits of specific matters.

### Court Hearings

(Fees: $10,182.50; Hours: 20.50)

35.    This subject matter relates to preparation for and attendance at hearings and other proceedings before this Court. Akin Gump attorneys appeared at two hearings held before this Court during the Compensation Period, where they actively represented the Committee and asserted the Committee's positions with respect to the matters being considered.  Akin Gump attorneys prepared for Court hearings by reviewing all applicable motions and applications filed with the Court, including any responses thereto, and consulted with the Committee's other professionals and the Debtors' advisors to formulate appropriate strategies. Akin Gump's participation at such hearings was necessary to protect the interests of unsecured creditors.

12

**Asset Sales**

(Fees: $36,598.50; Hours: 58.10)

36.     Akin Gump spent time during the Compensation Period working closely with the

Nortel Debtors and their U.S. and Canadian advisors to evaluate strategic options with respect to

the divestiture of certain of the Debtors' assets.  Specifically, Akin Gump attorneys spent time

during the Compensation Period working with the Nortel Debtors and their professionals, the

Monitor, and professionals for the other major creditor constituencies to evaluate issues related

to the divestitures of certain of the Nortel Debtors' businesses, including the Multi-Service

Switch ("MSS") business, as well as the monetization of the Debtors' minority equity interests in

Blade Technologies, Inc. ("Blade").  In that regard, Akin Gump, together with the Committee's

other professionals, analyzed and assessed numerous financial and legal issues related to the

transaction, and advised the Committee on those issues through detailed memoranda and

telephonic conferences, as necessary.

*The MSS Sale*

37.     Akin Gump attorneys spent time during the Compensation Period working with

the Committee's other professionals and professionals for the Nortel Debtors, analyzing issues

relating to the sale of the Nortel Debtors' MSS business (the "MSS Sale").  An auction with

respect to the MSS Sale took place on September 24, 2010, at which Akin Gump attorneys

attended and worked closely with professionals for the Nortel Debtors, the Monitor, the Ad Hoc

Bondholder Group and the bidders to evaluate bids and ultimately select Telefonaktiebolaget LM

Ericsson ("Ericsson") as the successful bidder with a purchase price of $65 million.  Following a

joint hearing of the U.S. and Canadian Courts, an order approving the MSS Sale to Ericsson was

entered on September 30, 2010.  Since that date, Akin Gump attorneys have continued working

13

with the professionals for the Nortel Debtors and Ericsson to negotiate and finalize
documentation necessary for the successful consummation of the transaction.

*The Blade Sale*

38.    Akin Gump attorneys also spent time during the Compensation Period working
with the Committee's other professionals and professionals for the Nortel Debtors, analyzing and
negotiating the terms relating to the monetization of the Debtors' minority equity interests in
Blade (the "Blade Sale"). On September 27, 2010, the Debtors filed a motion with this court
seeking approval of the Blade Sale, which monetized the Debtors' equity interests through a
merger between Blade and International Business Machines Corporation. Following a hearing
before this Court, an order approving the Blade Sale was entered on October 14, 2010.

### Labor and Employee Benefits Issues

(Fees: $26,746.50; Hours: 36.50)

39.    This subject matter relates to services rendered by Akin Gump in connection with
the Committee's analysis of the Debtors' benefit plans and general labor matters. As the Court is
aware, on March 5, 2010, the Nortel Networks UK Pension Trust Limited (the "U.K. Pension
Trustee") and the Board of the Pension Protection Fund (the "PPF" and, together with the U.K.
Pension Trustee, the "U.K. Pension Parties") appealed (the "U.K. Pension Appeal") the order of
this Court enforcing the automatic stay as it relates to the participation of the U.K. Pension
Parties in the administrative proceedings regarding the alleged shortfall in the funding of the
Nortel Networks U.K. Pension Plan and the potential issuance of a financial support direction
against NNI (the "U.K. Pension Proceedings"), which appeal was referred by the United States
District Court for the District of Delaware (the "District Court") to a Magistrate Judge. On
August 5, 2010, the Magistrate Judge issued a report and recommendation that the District Court
affirm this Court's order enforcing the automatic stay against the U.K. Pension Parties. During

14

the Compensation Period, Akin Gump continued to work with the Debtors' professionals to assess strategic alternatives related to the U.K. Pension Appeal and the underlying claims of the U.K. Pension Parties.

### Intercompany Issues

(Fees: $412,400.00; Hours: 669.30)

40.     This subject matter relates to time spent by Akin Gump attorneys reviewing and analyzing certain intercompany issues arising among the various Nortel entities around the world, and their impact on the Nortel Debtors' Insolvency Proceedings. Akin Gump attorneys, along with the Committee's other professionals, spent significant time during the Compensation Period analyzing and examining issues related to the allocation of sale proceeds and discussing such issues with the Committee, including in-depth analyses of various methodologies for allocating value among the Nortel entities. In connection therewith, Akin Gump participated in numerous in-person meetings and telephonic conferences with the Debtors' professionals to discuss strategic alternatives with respect to the allocation in order to maximize recoveries for the Debtors' estates.

41.     As mentioned above, the parties agreed to engage in mediation in an effort to resolve the allocation of sale proceeds and related intercompany issues. During the Compensation Period, Akin Gump, along with the Committee's other professionals, spent considerable time working with the Debtors' professionals to prepare a joint mediation statement asserting the U.S. estate's methodology for allocation and arguments in defense thereof. The parties exchanged initial mediation statements on October 25, 2010. Following the submission of the initial mediation statements, Akin Gump attorneys, along with the Committee's other professionals, spent time reviewing the other parties' submissions and working with the Debtors' professionals to draft a reply brief, which brief was submitted on November 4, 2010. As this

15

Court is aware, the mediation took place on November 11, 12, 14, 15 and 16, 2010 in New York, New York. Akin Gump, on behalf of the Committee, attended and actively participated in the mediation in an effort to represent and protect the interests of the Debtors' unsecured creditors with respect to the allocation of sale proceeds and related issues. As disclosed in the 8-K filing of NNC on November 17, 2010, the mediation did not result in a resolution of the allocation and related intercompany issues.

### Intellectual Property
(Fees: $36,942.00; Hours: 61.50)

42.     During the Compensation Period, Akin Gump attorneys continued to review and examine the Nortel Debtors' intellectual property portfolio, analyze intellectual property issues associated with the various asset divestitures by the estates, and consider strategic alternatives for maximizing the value of the Nortel Debtors' intellectual property portfolio for the benefit of the estates. In connection therewith, Akin Gump attorneys, along with the Committee's other professionals, participated in teleconferences with the Nortel Debtors' professionals and analyzed various issues regarding the intellectual property monetization process. Further, Akin Gump, Capstone and Jefferies continuously kept the Committee apprised of the progress of such process as well as its impact on the Nortel Debtors' Insolvency Proceedings.

### European Proceedings and Related Matters
(Fees: $5,996.00; Hours: 9.50)

43.     On October 20, 2010, the Administrator filed with this Court chapter 15 petitions for recognition of foreign proceedings with respect to the EMEA Debtors other than NNUK (the "EMEA Chapter 15 Petitions").[9] Pursuant to the EMEA Chapter 15 Petitions, the Administrator

---

[9] As this Court is aware, a chapter 15 petition was filed for NNUK on June 8, 2009, and an order granting recognition of the European Proceedings with respect to NNUK was entered on June 26, 2009.

sought entry of an order: (i) recognizing the European Proceedings as "foreign main proceedings" under Bankruptcy Code section 1517; (ii) enforcing the initial orders of the UK Court in the United States; and (iii) granting all relief afforded to foreign main proceedings under Bankruptcy Code section 1520, including the imposition of the automatic stay. Akin Gump attorneys thoroughly reviewed the EMEA Chapter 15 Petitions and the supporting documentation, and participated in a "first-day" hearing with respect thereto, following which an order was entered by this Court granting an interim stay to the EMEA Debtors and scheduling a hearing on the recognition of the European Proceedings as foreign main proceedings for December 15, 2010. Additionally, during the Compensation Period, Akin Gump attorneys worked with the Debtors' professionals to analyze issues related to the EMEA Chapter 15 Petitions and commence discovery with respect thereto.

### Non-Working Travel

(Fees: $5,792.00; Hours: 10.00)

44.     During the Compensation Period, Akin Gump attorneys spent 20.00 non-working hours traveling to Court hearings and/or meetings. Pursuant to Local Rule 2016-2(d)(viii), Akin Gump has discounted this time by 50% and, accordingly, has billed 10.00 working hours traveling for the Compensation Period.

### V.     ALLOWANCE OF COMPENSATION

45.     The professional services rendered by Akin Gump required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and determination by the Committee could be addressed with skill and dispatch and have, therefore, required the expenditure of substantial time and effort. It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically,

17

and the results obtained to date have benefited not only the members of the Committee, but also

the unsecured creditor body as a whole and the Debtors' estates.

46.     The allowance of interim compensation for services rendered and reimbursement

of expenses in bankruptcy cases is expressly provided for in section 331 of the Bankruptcy Code:

> . . . any professional person . . . may apply to the court not more than once every
> 120 days after an order for relief in a case under this title, or more often if the
> court permits, for such compensation for services rendered . . . as is provided
> under section 330 of this title.

11 U.S.C. § 331.  Moreover, this Court has authorized the filing of this Application pursuant to

the Administrative Fee Order.

47.     With respect to the level of compensation, 11 U.S.C. § 330(a)(1)(A) provides, in

pertinent part, that the Court may award to a professional person "reasonable compensation for

actual, necessary services rendered . . . ."  11 U.S.C. § 330(a)(1)(A).  Section 330(a)(3), in turn,

provides that:

> In determining the amount of reasonable compensation to be awarded . . . the
> court shall consider the nature, the extent, and the value of such services, taking
> into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or
> beneficial at the time at which the service was rendered toward the
> completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of
> time commensurate with the complexity, importance, and nature of the
> problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board
> certified or otherwise has demonstrated skill and experience in the
> bankruptcy field; and

18

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. §330(a)(3). The clear Congressional intent and policy expressed in this statute is to provide for adequate compensation in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases.

48.    The total time spent by Akin Gump attorneys and paraprofessionals during the Compensation Period was 1,045.10 hours. The work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.

49.    As shown by this application and supporting documents, Akin Gump spent its time economically and without unnecessary duplication of time. Attached hereto as Exhibit E is a schedule of the hours expended by the attorneys and paraprofessionals during the Compensation Period, their normal hourly rates, and the value of their services. In addition, Akin Gump incurred actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee in the sum of $15,082.70 for which Akin Gump respectfully requests reimbursement in full.

50.    The disbursements and expenses have been incurred in accordance with Akin Gump's normal practice of charging clients for expenses clearly related to and required by particular matters. Akin Gump has endeavored to minimize these expenses to the fullest extent possible.

51.    Akin Gump's billing rates do not include charges for photocopying, telephone and facsimile charges, computerized research, travel expenses, "working meals," secretarial overtime, postage and certain other office services, since the needs of each client for such services differ. Akin Gump believes that it is fairest to charge each client only for the services actually used in performing services for it. Akin Gump charges $.10 per page for internal

duplicating and does not charge for facsimile transmissions. Akin Gump has negotiated a discounted transactional rate for computer assisted legal research.

52.     No agreement or understanding exists between Akin Gump and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

53.     No prior application has been made in this or in any other Court for the relief requested herein for the Compensation Period.

*[The remainder of this page intentionally left blank]*

**WHEREFORE**, Akin Gump respectfully requests that this Court:

(a)     approve the allowance of $637,206.00 for compensation for professional services rendered to the Committee during the period from October 1, 2010 through and including October 31, 2010;

(b)     approve the reimbursement of Akin Gump's out-of-pocket expenses incurred in connection with the rendering of such services during the period from October 1, 2010 through and including October 31, 2010 in the amount of $15,082.70; and

(c)     authorize and direct the Debtors to immediately pay to Akin Gump the amount of $524,847.50, which is equal to the sum of 80% of Akin Gump's fees and 100% of Akin Gump's expenses incurred during the Compensation Period.

Dated:    New York, New York
          November 24, 2010

                                        AKIN GUMP STRAUSS HAUER & FELD LLP

                                        By: _____
                                            Fred S. Hodara (pro hac vice)
                                            A Member of the Firm
                                            One Bryant Park
                                            New York, New York 10036
                                            (212) 872-1000
                                            Co-Counsel to the Official Committee of
                                            Unsecured Creditors