IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|                              |   |                        |
|------------------------------|---|------------------------|
|                              | ) |                        |
| IN RE:                       | ) | Chapter 11             |
|                              | ) |                        |
| NORTEL NETWORKS INC., et al.,| ) | Case No. 09-10138 (KG) |
|                              | ) |                        |
|                              | ) | Courtroom 3            |
|                              | ) | 824 Market Street      |
| _____Debtors._____| ) | Wilmington, Delaware   |

November 23, 2010
10:06 a.m.

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:                    Morris Nichols Arsht & Tunnell
                                BY:  DEREK C. ABBOTT, ESQ.
                                BY:  ANN C. CORDO, ESQ.
                                1201 North Market Street
                                18th Floor
                                P.O. Box 1347
                                Wilmington, DE 19899-1347
                                (302) 658-9200


ECRO:                           GINGER MACE

Transcription Service:          DIAZ DATA SERVICES
                                331 Schuylkill Street
                                Harrisburg, Pennsylvania 17110
                                (717) 233-6664
                                www.diazdata.com


Proceedings recorded by electronic sound recording; transcript
produced by transcription service

```
 1  APPEARANCES:
    (Continued)
 2
    For Debtors:                    Cleary Gottlieb Steen &
 3                                  Hamilton
                                    BY: JANE KIM, ESQ.
 4                                  BY:  LISA SCHWEITZER, ESQ.
                                    BY:  MEGAN FLEMING-DELACRUZ ESQ.
 5                                  BY:  RUSSELL ECKENROD, ESQ.
                                    BY:  LUKE BAREFOOT, ESQ.
 6                                  BY:  NEIL FOREST, ESQ.
                                    BY:  ROBIN BAIK, ESQ.
 7                                  One Liberty Plaza
                                    New York, NY 10006
 8                                  (212) 225-2000

 9  For The Official Committee      Richards Layton & Finger
    Of Unsecured Creditors:         BY: CHRISTOPHER M. SAMIS, ESQ.
10                                  One Rodney Square
                                    920 North King Street
11                                  Wilmington, DE 19801
                                    (302) 651-7700
12
    For Ernst & Young, Monitor:     Buchanan Ingersoll & Rooney
13                                  BY:  MONA A. PARIKH, ESQ.
                                    The Brandywine Building
14                                  1000 West Street Suite 1410
                                    Wilmington, DE 19801-1054
15                                  (302) 552-4200

16
    For Coca-Cola Company:          Potter Anderson & Corroon LLP
17                                  BY:  STEPHEN MCNEILL, ESQ.
                                    Hercules Plaza
18                                  1313 North Market Street
                                    6th Floor
19                                  Wilmington, DE 19801
                                    (302) 984-6000
20
    For Joint Administrators:       Young Conaway Stargatt &
21                                  Taylor
                                    BY:  JAIME N. LUTON, ESQ.
22                                  BY:  ED HARRON, ESQ.
                                    The Brandywine Building
23                                  1000 West Street 17th Floor
                                    P.O. Box 391
24                                  Wilmington, DE 19801
                                    (302) 571-6600
25
```

```
 1   APPEARANCES:
     (Continued)
 2
     For The Official Committee        Akin Gump Strauss Hauer & Feld
 3   Of Unsecured Creditors:           BY:   DAVID BOTTER, ESQ.
                                       BY:   BRAD KAHN, ESQ.
 4                                     BY:   ABID QURESHI, ESQ.
                                       One Bryant Park
 5                                     New York, NY 10036
                                       (212) 872-1055
 6
     For Verizon:                      Smith Katzenstein & Jenkins,
 7                                     LLP
                                       BY:   KATHLEEN M. MILLER, ESQ.
 8                                     The Corporate Plaza
                                       800 Delaware Ave., Suite 1000
 9                                     Wilmington, DE  19899
                                       (302) 652-8405
10
                                       Arnold Golden Gregory, LLP
11                                     BY:   DARRYL S. LADDIN, ESQ.
                                       171 17TH Street NW, Suite 2100
12                                     Atlanta, GA  30363-1031
                                       (404) 873-8500
13
                                       Verizon
14                                     BY:   LEONARD SUCHYTA, ESQ.
                                       One Verizon Way
15                                     Basking Ridge, NJ  07920-1025
                                       (908) 559-5623
16
     For CS Strategic Partners/
17   Amberbrook:                       Bifferato, LLC
                                       BY:   KEVIN G. COLLINS, ESQ.
18                                     800 N. King Street
                                       Wilmington, DE  19899-2165
19                                     (302) 254-5392

20   For Gen Band, Inc.:               Duane Morris, LLP
                                       BY:   SOMMER L. ROSS, ESQ.
21                                     Suite 1200
                                       1100 North Market Street
22                                     Wilmington, DE  19801-1246
                                       (302) 657-4951
23
     For Trustee:                      Office of the U.S. Trustee
24                                     BY:   PATRICK TINKER, ESQ.
                                       844 King Street, Suite 2207
25                                     Wilmington, DE  19801-3519
```

1  TELEPHONIC APPEARANCES:

2  For Bond Holders Group:        Milbank Tweed Hadley & McCloy
                                  BY:   THOMAS KRELLER, ESQ.
3                                 (213) 892-4463

4  For Gen Band, Inc.:           Latham & Watkins
                                  BY:   DAVID HELLER, ESQ.
5                                 BY:   ELI KAY-OLIPHANT, ESQ.
                                  (312) 876-7670
6

7  For Official Committee:       Akin Gump Strauss Hauer & Feld
                                  BY:   FRED S. HODARA, ESQ.
8                                 (212) 872-8040

9  For Credit Suisse:            Gibson Dunn & Crutcher
                                  BY:   JANET M. WEISS, ESQ.
10                                (212) 351-3988

11 For Nortel Networks UK, Ltd:  Herbert Smith
                                  BY:   JOHN WHITEOAK, ESQ.
12                                (302) 571-6710

13

14

15

16

17

18

19

20

21

22

23

24

25

1  WILMINGTON, DELAWARE, TUES., NOVEMBER 23, 2010, 10:06 A.M.

2          THE COURT:  Good morning, everyone.  Thank you and

3  please be seated.  Good morning, Ms. Cordo.

4          MS. CORDO:  Good morning, Your Honor.  For the

5  record, Annie Cordo, Morris Nichols Arsht & Tunnell on

6  behalf of the Debtors.

7          THE COURT:  Yes.

8          MS. CORDO:  Just to kind of take you through how

9  we're going to go this morning, we're going to take the 11

10  matters first and then switch over to the Chapter 15

11  matters.

12          THE COURT:  All right.

13          MS. CORDO:  Before we get to the agenda, Ms.

14  Schweitzer would just like to discuss some brief scheduling

15  matters that are not currently on the agenda, but people are

16  here and on the phone to discuss them.

17          THE COURT:  All right.  Thank you, Ms. Cordo.  Ms.

18  Schweitzer, good morning.

19          MS. SCHWEITZER:  Good morning, Your Honor.  Happy

20  early Thanksgiving.

21          THE COURT:  Yes.

22          MS. SCHWEITZER:  I -- this is actually just a

23  teeing up of an issue that hopefully won't need to come in

24  front of you next week or in the next upcoming days, which

25  is the CVAS [ph] dispute with Gen Band.  As Your Honor will

1  notice from the docket that the Nortel Debtors filed a

2  motion last week seeking certain relief with respect to the

3  purchase price that was payable by Gen Band and that was

4  notice for a hearing on December 15, which is also currently

5  I believe teed up for a joint hearing with Canada.  There's

6  no motion that's been filed to date in Canada.

7                    THE COURT:  Okay.

8                    MS. SCHWEITZER:  But it's a joint hearing date.

9  The day after we filed that motion, Gen Band filed a motion

10  for relief from stay to be able to take the dispute to an

11  arbitrator and they noticed that hearing for December 8,

12  which is the hearing a week before, and we reached out to

13  Gen Band's Counsel asking whether they were amenable to

14  moving that -- their motion, which is due on the 8th, to the

15  15th.  We reached out yesterday.  We heard back from them

16  this morning that they so far were not amenable, so I don't

17  really want to turn this hearing into a discussion of that

18  motion, but if it would be all right with Your Honor, if we

19  can't work it out among the parties, I would propose that we

20  just ask for a time we can talk to Your Honor by telephone

21  to see if we can work out the scheduling issue, if they

22  won't accommodate us on the 15th.

23                    THE COURT:  All right.  Is anyone on the phone for

24  Gen Band?

25                    MS. SCHWEITZER:  I believe someone is on the phone

1  and Counsel to Gen Band is also in the Courtroom.

2          THE COURT:  Oh.  Thank you.  Good morning.

3          MR. KAY-OLIPHANT:  Yes.  This is Eli Kay-Oliphant

4  from Latham & Watkins.  We represent Gen Band.

5          THE COURT:  Yes.

6          MR. KAY-OLIPHANT:  Hello.

7          THE COURT:  Good --

8          MR. KAY-OLIPHANT:  We don't want to do anything to

9  complicate the calendar or to complicate the proceedings

10  here.  I mean -- and likewise we would not want to do

11  anything to in any way disempower the Canadian Court, but

12  our motion is relatively simple.  It's a New York law-based

13  contract.  The simple issue is whether or not this issue

14  should go to arbitration and since time is really of the

15  essence for us, as is likewise indicated by the Decision to

16  put these kinds of disputes to arbitration, we respectfully

17  would request a [indiscernible].  That's why we prefer to

18  have our hearing on the 8th.

19          THE COURT:  All right.  Why -- but it sounds to me

20  like what the -- because I agree that we have enough on our

21  agenda today that I don't necessarily want to get involved

22  in a scheduling dispute.  I'd be prepared to hear you by

23  telephone or have a telephone conference with you in the

24  coming days.

25          MR. KAY-OLIPHANT:  That would be amenable.

1          MS. SCHWEITZER:  That's fine, Your Honor.  Do you
2   -- I'm happy to pick something now or if you would like if
3   it's easier we can just call your chambers.
4          THE COURT:  Oh, it's probably just as well to do
5   it right now.
6          MS. SCHWEITZER:  Okay.
7          THE COURT:  How does -- how would Monday morning
8   work for the parties?  I want to give you enough time you
9   know in advance of the 8th to get this resolved.
10         MS. SCHWEITZER: I'm sure that's fine for us.  Let
11  me look if -- my day is open, so if my colleague can't join,
12  we'll -- I'll make myself available.
13         THE COURT:  All right.  Gen Band?
14         MR. KAY-OLIPHANT:  We will likewise make ourselves
15  available.
16         THE COURT:  All right.  Let's do it at 10:00 on
17  the 29th.
18         MS. SCHWEITZER:  Perfect.  Thank you, Your Honor.
19         THE COURT:  All right then.  That will be by
20  telephone of course.
21         MS. SCHWEITZER:  Great.  Thank you, Your Honor.
22         THE COURT:  Thank you.
23         MR. KAY-OLIPHANT:  Thank you, Your Honor.
24         THE COURT:  All right.
25         MS. ROSS:  Thank you, Your Honor.  Summer Ross,

1  local Counsel for Gen Band.  May we be excused?

2          THE COURT:  Yes, absolutely.

3          MS. ROSS:  Thank you very much, Your Honor.

4          THE COURT:  You're welcome.

5          MS. ROSS:  Have a great day and a great holiday.

6          THE COURT:  And you, too.  Thank you.  Ms. Cordo.

7          MS. CORDO:  Good morning, Your Honor.  With regard

8  to the agenda with regard to Item #4, that was submitted

9  under Certificate of No Objection and an Order was entered

10  on that yesterday.  We saw it was docketed, so thank you.

11          THE COURT:  Let me just interrupt on Gen Band,

12  real quickly.  Why don't we use Court Call for that?

13          MS. CORDO:  Okay, Your Honor.

14          THE COURT:  All right?  Just to set that up.

15          MS. CORDO:  Would you like us to file an agenda

16  then?

17          THE COURT:  I don't think that will be necessary,

18  not for the one matter, and I certainly have the relevant

19  documents.

20          MS. CORDO:  Okay.  Thank you, Your Honor.  And

21  then with regard to Item #5, Your Honor, I'm going to turn

22  the podium over to Megan Fleming-Delacruz from Cleary

23  Gottlieb who has been admitted pro hac.

24          THE COURT:  Thank you.  Good morning.

25          MS. FLEMING-DELACRUZ:  Good morning, Your Honor.

1   Megan Fleming-Delacruz from Cleary Gottlieb, Steen, and

2   Hamilton, for the Debtors.

3            THE COURT:  Yes.

4            MS. FLEMING-DELACRUZ:  So first on the agenda this

5   morning, Your Honor, is the Debtors motion for an order

6   authorizing them to enter into a side agreement regarding

7   fees payable to Lazard and also authorizing them to direct

8   the escrow agent to release funds to Nortel Networks Limited

9   for the reimbursement --

10           THE COURT:  Yes.

11           MS. FLEMING-DELACRUZ:  -- of certain professional

12  fees.  So Your Honor, this motion seeks two forms of relief

13  relating to certain professional fees that were incurred in

14  the various asset sales.  First, the Debtors are seeking

15  authorization to enter into the Lazard side agreement, which

16  will allow the escrow agent to pay Lazard, who is obviously

17  the Debtor's financial advisor, its --

18           THE COURT:  Yes.

19           MS. FLEMING-DELACRUZ:  -- success fees that it has

20  earned to date and it will also reimburse NNI for the

21  payments that it has made to Lazard on behalf of all the

22  various Nortel selling entities.  The Court previously

23  authorized these fees and payments, so the side agreement

24  among these various estates is just going to enable these

25  payments to be made out of the purchase price escrows and

1    the side agreement also sets out a formula for sharing

2    certain future payments that may be owed to Lazard.

3                THE COURT:  Yes.

4                MS. FLEMING-DELACRUZ:  And next the motion seeks

5    approval to authorize the release of funds from the sale

6    proceeds escrows to Nortel Networks Limited, which is one of

7    the Canadian Debtors, as a reimbursement for fees that it

8    incurred paying Price, Waterhouse, Coopers and KPMG to

9    perform audits and prepare Karbuck [ph] financial statements

10   in connection with the asset sales.  The objection deadline

11   for this motion was November 16 and we've received no

12   objections, Your Honor.  A Certificate of No Objection was

13   filed on November 19.  However, after filing the motion, we

14   did receive further clarification from PWC and KPMG

15   regarding the fees.  In particular, we received an updated

16   letter from PWC correcting a $90 error in the total sum of

17   fees and expenses incurred and also further clarification

18   from KPMG regarding the manner in which certain invoices

19   were allocated among the different projects.  And so we

20   filed this updated information with the Court on November 22

21   and I should also note that we did provide copies of these

22   materials to the US Trustees Office on November 15.  So we

23   now have a revised Order reflecting these changes and I have

24   a clean copy and a black line copy of the Order for you.

25   May I approach?

1           THE COURT:  You may.  Thank you.

2           MS. FLEMING-DELACRUZ:  Thank you.

3           THE COURT:  Thank you, Ms. Fleming-Delacruz.  Good

4   morning.  Does anyone wish to be heard on this?  All right.

5   I am going to sign the Order.  I found it appropriate and --

6           MS. FLEMING-DELACRUZ:  All right.  Thank you so

7   much, Your Honor, and now unless you have any further

8   questions, I would turn over the podium to Ms. Schweitzer,

9   who will be presenting the next motion on the agenda.

10          THE COURT:  Thank you.  Thank you.

11          MS. FLEMING-DELACRUZ:  Thank you.

12          MS. SCHWEITZER:  Good morning, Your Honor, again.

13          THE COURT:  Good morning again.

14          MS. SCHWEITZER:  Just when you thought we had sold

15   everything, we found some more things to sell.

16          THE COURT:  Good.

17          MS. SCHWEITZER:  We haven't even gotten to the

18   furniture yet, so we're here on the motion to -- seeking

19   authorization to sell certain venture capital interests in

20   limited partnership for LLC membership interest.  The facts

21   are basically set forth in the motion, but the Sellers to

22   these interests are NNI, the US Debtor, and Nortel Ventures

23   LLC, which is its subsidiary.  The Purchasers that are set

24   forth in the motion are the CS Strategic Partners IV, which

25   is a Credit Suisse LP and Amberbrook V, which is another

1  fund.  As set forth in the motion, we had -- we couldn't

2  justify a full Nortel auction Cleary style on this one, that

3  we ran effectively an auction process through shopping the

4  deal by soliciting potential purchase interest by mailings.

5  We had about four people put in bids at the end of that

6  process and the highest and best bid by far was the joint

7  bid put in by Credit Suisse and Amberbrook.  These venture

8  funds, many of them have a right of first refusal where the

9  other members of the fund can exercise a right of first

10 refusal if you sell your interest.  And so we've also given

11 notice of the right of first refusal to the actual funds

12 that are able to exercise that right and particularly that

13 we give -- we've given notice to the main partner, who in

14 turn, since we don't know the names of all the limited

15 partners participating in the fund, we tell the general

16 partner and the general partner then has itself given notice

17 to the limited partners.  Those right of first refusal

18 periods haven't fully run for all of the sales, but what the

19 sale agreement provides for is a ratchet down of the price

20 that we have a certain number of the interests that we can

21 effectively carve out, subject to a cap.  And in fact, last

22 week we filed a notice of exercise of right of first refusal

23 for StarTech.

24              THE COURT:  Yes.

25              MS. SCHWEITZER:  So that one interest instead will

1  go back to StarTech through a separate agreement and the

2  rest of them right now are triggered -- are teed up to be

3  sold to the CS and Amberbrook Sellers -- I mean -- I'm sorry

4  -- Purchasers.  And we have in the Courtroom today Mr.

5  Hyacinth Dealmeida from Nortel, who you'll most recently

6  remember from the Blade transaction.

7              THE COURT:  Sure.

8              MS. SCHWEITZER:  He had led that and worked on

9  several of the other transactions.  And he would be

10 available for testimony.  If called to the stand he could

11 verify the facts of the sale process, the fact that the

12 agreement was negotiated in good faith and in fact this is

13 the highest and best offer at the $22.77 million that we're

14 receiving from the sale.  And so -- and that the --

15 obviously subject to the exercise of the ROFR, right of

16 first refusal.  So with that, unless there are questions,

17 Your Honor, I would respectfully request that the Order be

18 entered approving the sale.  There is one amendment to the

19 Order, which I can hand up for Your Honor to count for the

20 separation of the right of first refusal and the fact that

21 actually the two agreements, the sale is being approved in

22 two parts, one to CS and the other part is just the carve

23 out for the StarTech sale.  So we'll do it all under one

24 Order and approve it at the same time.  If I can approach, I

25 can show you the Order.

1          THE COURT:  You certainly -- certainly, Ms.

2   Schweitzer.  That's fine.  Thank you.

3          MS. SCHWEITZER:  So I've handed you the clean and

4   black line of the revised Order and I'll give you a minute

5   to flip through, but what you'll see is basically it adds

6   provisions providing that the Debtors file this notice of

7   the exercise of StarTech's -- exercise its right of first

8   refusal and basically splits the approval of the sale into

9   the two transactions, as opposed to the one original

10  transaction.

11         THE COURT:  While I'm reading, does anyone wish to

12  be heard?  Mr. Botter, the committee supports the sale?

13         MR. BOTTER:  Yes, Your Honor.  And we've reviewed

14  the amended Order and we have no problems with that and

15  support of the sale.

16         THE COURT:  Very well.  Thank you.  Just as

17  described, the changes are certainly fine and I will approve

18  the sale as being an arms length in the best interest of the

19  Debtors' estates and at a fair and reasonable price.

20         MS. SCHWEITZER:  Thank you, Your Honor.

21         THE COURT:  Okay.  You're back.

22         MS. CORDO:  I'm back again, Your Honor.  The next

23  several items on the agenda we're going to go slightly out

24  of order because we have two kinds of groups of items left.

25  We have four omnibus objections and then we have one motion

1  of Verizon and the omnibus objections are mostly adjourned,

2  with just small modifications, so I can just run through

3  those quickly for you --

4             THE COURT:  Okay.

5             MS. CORDO:  -- and hand up the revised Order.  The

6  first one we have is the 12th omnibus objection.  We have

7  continued the status conference with regards to SNMP and the

8  Tennessee Department of Revenue has withdrawn their claim in

9  the case, so there will be -- so that won't be going forward

10 at the next hearing.

11            THE COURT:  Okay.

12            MS. CORDO:  The next is the 13th omnibus

13 objection.  I have a revised Order, Your Honor.  If you will

14 recall this, we had a dispute with Coca-Cola on the amount

15 of their claim.

16            THE COURT:  Yes.

17            MS. CORDO:  We have resolved that and I have a

18 supplemental Order that grants them a claim in the amount of

19 $75,000.  If I may approach?

20            THE COURT:  All right.  Please.  Signed.

21            MS. CORDO:  All right.  Thank you, Your Honor.

22 Just skipping Item 9 for one moment, which is the Verizon

23 motion, we go to Item #10 which is the Debtors' 14th omnibus

24 objection.  Your Honor, there's actually nothing going

25 forward on that objection.  That actually slipped onto our

1  going forward instead of our adjourned continues.

2  Everything with regard to that has been continued to future

3  hearings.

4          THE COURT:  That's what it looked like.  Thank

5  you.

6          MS. CORDO:  Then the next item, Your Honor, is

7  Item -- or I'm sorry -- is the Debtors' 15th omnibus

8  objection, Item 11.  With regards to that we have reached an

9  agreement with Electro Rent and I have a revised form of

10 order that just reflects that they've withdrawn their

11 response.

12         THE COURT:  All right.  Very well.  Thank you.

13 All right.

14         MS. CORDO:  All right.  Thank you, Your Honor.

15 That brings us back to Item #9, which is Verizon's motion,

16 so I will turn the podium over to them.

17         THE COURT:  Thank you.

18         MR. LADDIN:  Good morning, Your Honor.

19         THE COURT:  Good morning.

20         MR. LADDIN:  Good to be back in front of Your

21 Honor again.

22         THE COURT:  It's good to have you back.

23         MR. LADDIN:  This morning I have with me as well

24 Kathy Miller from Smith Katzenstein and you know quite well,

25 as well --

1          THE COURT:  Ms. Miller.  Yes.

2          MR. LADDIN:  -- as Mr. Len Suchyta, in-house

3    Counsel for Verizon.

4          THE COURT:  All right.

5          MR. LADDIN:  Your Honor, we are here this morning

6    on the motion of Verizon for a Determination of its pre-

7    petition set-off rights.  The scope of this hearing today is

8    pretty narrow and frankly I don't think there should be any

9    question that Verizon prevails at this stage that we're at

10   today.  Let me give the Court a little bit of background.

11         THE COURT:  Certainly.  I've read the papers, but

12   it would still be helpful, I think, to hear from you.  At

13   least it will narrow I suppose the critical issues.

14         MR. LADDIN:  Exactly.  So briefly, after

15   accounting for [indiscernible], what we're here about is the

16   set-off of approximately $3.71 million relating to certain

17   liquidated claims.  There are certain unliquidated claims

18   I'll get to in a minute.  With respect to those liquidated

19   claims, those are comprised primarily of two components.

20   One is telecommunications charges that are about $250,000

21   and the second is about $3.46 million in charges that

22   pertain to warranty or indemnification provisions associated

23   with a switch that Verizon contends was defective and that

24   Nortel supplied.  The telecom charges, the 251,000, have

25   always been non-contingent and fully liquidated.  The switch

1  claim was originally filed in the amount of $10.6 million.

2  As a result of a settlement that Verizon reached with its

3  customer, we've been able to reduce that sum to 3.46 million

4  and to give Nortel a benefit of that reduction,

5  notwithstanding the fact that the switch was defective.  The

6  motion also separately involves an unliquidated claim that's

7  not yet fully liquidated, relating to a pre-petition

8  indemnity claim known as the Vox Path litigation.

9           THE COURT:  The patent litigation.

10          MR. LADDIN:  Precisely.  Precisely.

11          THE COURT:  Yeah.

12          MR. LADDIN:  That claim is still the subject of

13 litigation in Texas that is currently going forward and the

14 parties in that case are still awaiting what's known as a

15 Markman ruling to define the scope of the patent claims.  I

16 think -- it sounds like Your Honor is familiar with patent

17 claims.

18          THE COURT:  Well, my colleagues at the District

19 Court are always talking about their Markman hearings.

20          MR. LADDIN:  Indeed.  Indeed.  And we currently

21 expect the Markman ruling in that case to take place

22 probably sometime in January, so that that case will, after

23 discovery and all, will come to a trial in late 2011 or

24 early 2012.  Verizon has incurred substantial millions of

25 dollars in legal fees in the case, so there are currently

1  indemnifiable expenses that are owed regardless of the

2  result in that litigation, but we won't know the result of

3  the litigation until sometime in 2011 or early '12.  So

4  Verizon filed its proof of claim associated with all of

5  these items in September of 2009, obviously by the bar date.

6              THE COURT:  Yes.

7              MR. LADDIN:  As of the time we filed the set-off

8  motion, which was approximately a year later or little more

9  than a year later, Nortel had not filed any objections to

10 Verizon's claims.  As of last night I checked the docket and

11 there still hadn't been an objection filed to any of

12 Verizon's claims and I believe that's the case as we sit

13 here today.  Now in its response, Nortel acknowledges that

14 there are some telecom charges that they don't dispute and

15 that are subject to set-off.

16             THE COURT:  That's right.

17             MR. LADDIN:  And that's about $162,000 or so.  So

18 there's an $89,000 Delta that they submitted a declaration

19 with a conclusory statement that they're either without

20 basis or unsupported by appropriate documentation.  It's not

21 an allegation that I've seen before the response.  And as to

22 the switch claim, without getting into any details, they

23 simply say that they dispute that in a variety of respects.

24 My understanding is they don't dispute the whole thing, but

25 they seem to dispute parts of it.  And then they also assert

1    that they dispute the [indiscernible] claims.  So the issue

2    today, the primary issue for today, is as I said a really

3    narrow one.  What Nortel asserts is that claims that are

4    either contingent or unliquidated or --

5               THE COURT:  Right.

6               MR. LADDIN:  -- disputed as of the --

7               THE COURT:  The petition date.

8               MR. LADDIN:  -- petition date, right, are forever

9    barred from set-off as a matter of law.  So one takes a

10   snapshot on the petition date and if there's any

11   contingency, any unliquidated nature, any dispute

12   whatsoever, you can't have set-off.  It's got to be --

13              THE COURT:  Is -- let me just interrupt you for a

14   moment.  There's no issue, is there, as to the law that I

15   apply, the state law is New York state law?  That's --

16              MR. LADDIN:  New York state law is the underlying

17   state law.

18              THE COURT:  Yes.

19              MR. LADDIN:  And frankly, Your Honor, it's not

20   different from any other law.  Okay?  It is generally the

21   case that a claim that is contingent or unliquidated or

22   disputed at that particular moment can't be set-off against

23   a claim that is fixed.

24              THE COURT:  That's right.

25              MR. LADDIN:  Okay?

1           THE COURT:  That's right.

2           MR. LADDIN:  So the fact that we are under New

3  York law is really no different from any other law in that

4  regard.  And so you know what Nortel is saying is you know

5  even if it hasn't filed an objection, even if a dispute is

6  conclusory, even if it turns out the Debtor is just plain

7  wrong about the dispute, doesn't matter, set-off is

8  [indiscernible], and I think it is somewhat helpful to think

9  about the implication of what Nortel is saying in the

10 context of an example.  So take a Claimant who is in the

11 process of conducting a 10-day jury trial.

12          THE COURT:  Yes.

13          MR. LADDIN:  All right?  And it's seeking say you

14 know $10 million or $20 million or whatever.  The Defendant

15 disputes the claim.  On the 10th day of the jury trial, the

16 Defendant files bankruptcy.  The case has been submitted to

17 the jury.  Obviously the automatic stay comes into place.

18 So the Claimant runs into the Bankruptcy Court, runs to Your

19 Honor and says please give me relief from stay.  The jury is

20 sitting over there waiting so that we can go forward.  Your

21 Honor grants relief from stay.  The next day the parties go

22 back to the jury and the jury awards $10 million.  Now at

23 the same time that Claimant owes the Defendant Debtor $50

24 million.  So what happens here? Under Nortel's view of the

25 law, the Claimant has a pre-petitioned claim for pennies on

1   the dollar.  It's not like this case where there may be 45

2   cents or 50 cents on the dollar.  That's a case you know

3   where maybe a penny on the dollar.  Set-off is barred.  And

4   that is the result that Nortel asks Your Honor to reach

5   today.  And it's just not the law.  There's not a single

6   case that supports that proposition.  There's not a single

7   case that says you take a look only at the snapshot.

8          THE COURT:  I was thinking of a different example.

9   My example was there's been a bifurcation of a trial on

10  liability and damages.  Pre-petition it's been established

11  that the Debtor is liable.  So the issue is damages at that

12  point and again, the stay is lifted so that a trial can be

13  conducted on damages and the Court, let's say it's the

14  Court, the Judge, awards damages.  Now clearly as of the

15  petition date there was a disputed claim, but now the

16  damages issue has been resolved.  Would that be entitled to

17  set-off?  And under Nortel's argument it wouldn't and of

18  course you're saying that clearly it would be.

19         MR. LADDIN:  Absolutely.  Absolutely, Your Honor,

20  and you know if you look at Section 553, it applies to

21  claims as defined in Section 101 and of course claims,

22  there's a process, claims process, for fixing contingent or

23  disputed claims.  And those claims still remain when they're

24  fixed, pre-petitioned claims, and there's not any language

25  in 553 that limits set-off to claims that are immediately

1    exercisable as of the petition date.  You know we cited -- I

2    mean this proposition is so well recognized, we cited

3    Colliers [ph] on this and it's worth repeating, Colliers.

4    As Colliers pointed out, even if state law does not permit a

5    party to off-set unmatured or contingent obligation, Section

6    553 does not require that the Creditor have a right of set-

7    off that could be exercised under state law at the time the

8    bankruptcy case is commenced.  Rather, if the Creditor has

9    an unmatured or contingent claim when the bankruptcy case is

10    commenced and that claim matures or becomes fixed during the

11    case, then giving rise to a right of set-off under state

12    law, Section 553(a) applies to recognize the right of set-

13    off.  And then Colliers repeats the same concepts in dealing

14    with disputed claims, where Colliers says a claim is not

15    disabled from set-off simply because it is disputed and then

16    goes on to point out that the Court may elect to resolve the

17    dispute in the first instance, which is often the most

18    prudent course, particularly if the dispute is

19    [indiscernible].  And then dealing with unliquidated and

20    contingent claims, Colliers again repeats the same truism, a

21    claim is eligible for set-off even though contingent at the

22    time of commencement of the case and even though the claim

23    remains contingent until after confirmation of the Debtor's

24    plan.  And then it goes on to explain, as this Court does

25    all the time, that either the claim will become fixed or it

1    will be estimated.  That's standard.  We've cited literally

2    a legion of cases in our reply brief, cases from the 5th,

3    6th, 8th, 9th, 10th Circuits, Bankruptcy Courts from all

4    over the country, cases from this district, which

5    contemplate a set-off of a claim that was disputed at the

6    petition date.  One of the early cases on the point, the

7    Braniff [ph] case out of the 5th Circuit, said there is no

8    requirement that an amount due must be computed prior to the

9    filing of the bankruptcy and in that case one of the debts

10   was liquidated post-petition by a judgment of the Bankruptcy

11   Court.  You know and the key is just because a claim is

12   contingent or unliquidated or disputed, doesn't mean the

13   debt doesn't exist.  Again, the Courts are focusing on the

14   broad definition of debt in claim and it remains a pre-

15   petition claim that's now fixed as of the petition date.

16   And I'm sure in this case Nortel wouldn't suddenly want

17   Verizon to have a post-petition administrative expense,

18   which is also the implication of what they're suggesting.

19   Your Honor, I'll just point out another case.  I mean there

20   are just so many cases.  We put them in our papers, but

21   there's also another case out of the Southern District of

22   New York, which I'll point out just for the record, In RE:

23   Bussa [ph], which is a Judge Peck 2006 Decision at West Law

24   2864964, which also permitted a set-off as a result or after

25   the resolution of a dispute post-confirmation.  Dispute was

1  out, post-confirmation set-off still permitted.  Court there

2  recognizes you know that you've got to have an underlying

3  right of set-off under state law.  The Garden Ridge case in

4  this district from Judge Walrath, which is actually cited by

5  Nortel, actually involved a claim for $310,000 that was the

6  subject of a State Court lawsuit.  At the time the case was

7  filed the Court there, rather than simply say well, the

8  claim subject to a dispute at the time the case is filed,

9  can't set-off.  Court there went on to analyze a different

10  issue, which is triangular set-offs, which is not

11  [indiscernible], but clearly indicated that you know it was

12  going to resolve the dispute if you ever got any further.

13  So and there's not a New York case that they've cited that

14  would stand for a different proposition that would prevent

15  the set-off here.  Indeed, one of the cases, the Turney [ph]

16  case that they've cited, involved a set-off or an asserted

17  set-off as the result of a suit against the Claimant by a

18  third party, that was pending in another Court actually in

19  Florida, similar to our Vox Path litigation.  And there the

20  Court left open the possibility of a set-off in the event

21  that there was a recovery against the Defendant in the

22  Florida suit and actually went on to litigate the disputed

23  issue of attorneys fees that the Defendant had already

24  incurred, just as Verizon has already incurred attorneys

25  fees in the Vox Path litigation.  Obviously under Nortel's

1  theory none of that would have happened.  So --

2          THE COURT:  Well, what do you do?  Do you continue

3  to amend what you believe is your set-off right as

4  additional fees accrue?

5          MR. LADDIN:  Yeah.  What -- with respect to the

6  Hewitt [ph] claim and with respect to the telecom charges,

7  there's no amending that needs to be done.

8          THE COURT:  Right.

9          MR. LADDIN:  With respect to the Vox Path claim,

10  there's -- ultimately what should happen with respect to

11  that matter is that we should await -- so long as the estate

12  is open and it doesn't delay the closing of the estate and

13  this estate you know I understand has over a billion dollars

14  and it's going to take time to distribute that money and

15  we're by no means suggesting that all -- that billions of

16  dollars can't be distributed, okay?  But I think we await

17  the -- solely with respect to Vox Path, we await the

18  Determination in that case so that that case can be brought

19  to a conclusion, if that's consistent with this case still

20  being open, okay?  And when that case is brought to a

21  conclusion, we'll know not only the attorneys fees, but also

22  the extent to which Nortel has liability as a result of

23  having caused the patent infringement.  Only if the waiting

24  for that case would delay the closing of this case, then we

25  would ask that the Court estimate the claim, okay?  So for

1  example, the number that we've put in for the Vox Path claim

2  in our papers is $10 million.

3           THE COURT:  Right.

4           MR. LADDIN:  So if Nortel were to be about to

5  distribute the last $10 million in the estate, all we'd ask

6  is that they give us notice of that so that we could tee up

7  an estimation hearing in advance of that, if it hadn't

8  already been liquidated.

9           THE COURT:  So you're proposing an estimated set-

10  off at this point?

11           MR. LADDIN:  Solely as the Vox Path, okay, because

12  the others don't need to be estimated.  Okay?  But as the

13  Vox Path, there's two ways to go.  One is if that case

14  resolves itself prior to the closing of this bankruptcy

15  case, then there's no estimation that needs to be done.  All

16  right?  If Nortel has a reason why it thinks it's not liable

17  for that indemnity, we're not saying they can't bring --

18  they can assert that in a claim objection here and this

19  Court can decide that, but there'd be a fixed sum.  Okay?

20  If and only if this case were ready to close, the last funds

21  were ready to be distributed, then before that occurs we

22  would ask and if the Vox Path case had not yet gone to

23  trial, okay, something that's -- that event is not likely to

24  occur.  If that were the case then we would ask that the

25  Court estimate the claim, which is a process obviously the

1   Court is familiar with.  That's a simple process that

2   doesn't in any way delay the administration of this

3   bankruptcy case.  So Your Honor, I think Your Honor's

4   example was right on, is the bottom line.  In Your Honor's

5   example the issue of damages and that's -- when that stay is

6   lifted, those two claims can be set-off.  There's no

7   question.  The Claimant in either your example or mine,

8   isn't stuck with a worthless pre-petition claim.  Thank you.

9           THE COURT:  Thank you.  Thank you, Mr. Laddin.

10          MR. FOREST:  Good morning, Your Honor.

11          THE COURT:  Good morning.

12          MR. FOREST:  You know if this was as easy as Mr.

13  Laddin makes it seem, then I don't know why we would even be

14  here today, but let's start with your example --

15          THE COURT:  Yes.

16          MR. FOREST:  -- of the bifurcation and I think one

17  of the things that you see throughout Verizon's papers is

18  there's a confusion between a number of concepts.  Number

19  one, unliquidated is not the same as contingent.

20          THE COURT:  Right.

21          MR. FOREST:  So in your example, if there was a

22  bifurcation and a Decision on liability, well, the claim

23  would no longer be contingent.

24          THE COURT:  That's right.

25          MR. FOREST:  It would simply be a matter of

1  liquidating the amount and we're not disputing the fact that

2  if a claim is not contingent, but is not liquidated, that

3  somewhere along the line it can be liquidated and at that

4  point it could be set-off, so long as at the petition date,

5  it was not contingent.  Now the Supreme Court of the United

6  States in the Strumpf [ph] case, made it clear and even

7  Colliers makes it clear that Section 553 doesn't create set-

8  off rights.  It simply recognizes state law set-off rights

9  that existed at the time of the petition date.  And

10  according to the way Mr. Laddin describes it, the petition

11  date in a Bankruptcy Court, the snapshot, is kind of

12  irrelevant.  Well, if it was irrelevant, then we wouldn't

13  have things like the automatic stay.  It's a demarcation

14  line and it's a demarcation line for a reason.  So the fact

15  that the -- that something changes after the petition date

16  doesn't mean that it's inconsistent with bankruptcy law.  In

17  fact, it's absolutely consistent with bankruptcy law.  But -

18  -

19          THE COURT:  Well, let's use Mr. Laddin's example

20  then, because there as of the petition date, where the jury

21  has not yet rendered a verdict, the claim is contingent.

22  Using Mr. Laddin's argument or example I should say, would

23  you say that that could not be set-off?

24          MR. FOREST:  What I'd say, Your Honor, is that if

25  that was a case that arose out of New York Law and it was

1  contingent on the petition date, meaning that there was a

2  possibility, but not necessarily a likelihood, of liability

3  and in fact there could well have been no liability.

4            THE COURT:  Right.

5            MR. FOREST:  That unfortunately because the Debtor

6  decided to file a bankruptcy, the same way that the landlord

7  whose rent is due two minutes before the bankruptcy is filed

8  is stuck and has a claim.  We're not denying that they have

9  a claim.  What we're denying is that they have a right to

10 take priority over every other creditor and get 100 cents on

11 the dollar with respect to claims that admittedly, at the

12 time the petition was filed, were contingent.  And in the

13 case of Vox Path, not only was it contingent, but the claim

14 is so speculative that -- let me tell you a little bit about

15 that one.  Okay?

16           THE COURT:  Yes.

17           MR. FOREST:  That's a patent infringement case.

18 There are about 20 Defendants.  Four of them are Verizon

19 entities.  There's been no Determination of liability.

20 There's been no Determination of liability as to any Verizon

21 entities.  There's no mention in an 80-page complaint or in

22 a patent about Nortel or Nortel products.  And Verizon

23 admits that it can't even identify what Nortel product it

24 thinks is involved.  Now should we wait for 10 years until

25 there is some Determination there?  How many bites of the

1  apple are they entitled to?  And that's the reason why there

2  is a snapshot rule.  And if Mr. Laddin had come up here and

3  said I understand that it's my burden of proof on a set-off

4  claim, to demonstrate that there's a non-bankruptcy set-off

5  right on the petition date, we admit it's under New York Law

6  and here's the New York Law that says we're right and you're

7  wrong, then that would be fine.  But that's not the case

8  because that isn't what New York Law is.  And in fact, every

9  single case that they can cite under New York Law or simply

10  the cases that we cite and those are the cases that say

11  quite frankly, quite clearly, contingent disputed claims

12  cannot be set-off.  They don't say they can't be set-off

13  temporarily, which is what -- Verizon uses that language in

14  its reply brief, that it's temporary.  Well, if they could

15  find the word temporary in any of those cases, they have

16  better eyesight than any of the rest of us.  But the fact is

17  that that's not the law.  The law is under New York Law,

18  quite simply, that disputed contingent claims are claims

19  that only give rise to a possibility of liability and

20  because they only give rise to a possibility of liability,

21  they can't be set-off against fixed and non-contingent, non-

22  disputed claims.

23          THE COURT:  Non-contingent, non-disputed claims.

24          MR. FOREST:  Non-contingent, non-disputed claims.

25  Thank you, Your Honor.  That's what those cases say and he

1    tries to shift the burden and say, well, you haven't cited

2    any New York cases that say we're wrong.  Well, excuse me,

3    it's his burden to show that he's right and he hasn't cited

4    any New York authorities whatsoever that show that he's

5    right.  And in fact, there's another fundamental confusion

6    in the Verizon papers that I think is important to point

7    out.  There's a New York statute on set-offs, Section 151 of

8    the Debtor/Creditor Law and it uses the term unmatured.  It

9    says unmatured claims can be set-off and Verizon says aha,

10    there it is, unmatured claims can be set-off.  The only

11    thing is that if you look at the New York cases like the

12    Trojan case and other cases we've cited, under that statute

13    contingent is specifically distinguished from unmature.  And

14    in fact, if you look at the 10 or 12 cases from other

15    jurisdictions, not New York because they won't find one

16    under New York Law, that have been cited, the very

17    distinction is made.  Most of those cases don't talk about

18    contingent claims.  They talk about unmatured claims, which

19    are recognized as absolute claims, like a promissory note.

20              THE COURT:  Right.

21              MR. FOREST:  There's no doubt about the fact that

22    the money is owed.  It's just a question of when it comes

23    due.  That's not the case with these lawsuits and these

24    disputes that are at issue here.  And in fact, if you look

25    at the very proof of claim that Verizon filed, it gives you

1  a very good indication of why New York Law is what it is.

2  In the proof of claim, they assert a claim for a specific

3  amount and this is an attachment to our brief, if you want

4  to look at it, but I'll quote it for you, Your Honor.

5          THE COURT:  Sure.  I have it here.  Yes, I do.

6  Thank you.

7          MR. FOREST:  Okay.  If you look at Paragraph 5, it

8  says the pre-petition sums owed to Verizon affiliate,

9  Verizon Select Services, Inc., reflected in Exhibit A

10  attached hereto, include the sum of $10,691,085.93 that

11  relates to a Nortel switch that VSSI purchased under the

12  global business partner agreement between Verizon and

13  Nortel.  So if Verizon came in here on the day after they

14  filed this proof of claim, sought relief from the stay,

15  which is something they twice didn't do when they decided to

16  withhold $130 million, but put that to the side.  If they

17  had come in the day after they filed this and they said

18  well, here you go, Your Honor.  This amount is not -- is

19  liquidated now, it's not contingent anymore, here it is, it

20  might have been contingent on the petition date, but it's

21  now done, so let us set-off $10,691,000.  Okay.  Now Verizon

22  says that's not the right number.  The number is $3.4

23  million.  Well, it may be tomorrow that they come in and say

24  the million -- the number is a million dollars.  How many

25  bites of the apple are they supposed to get with this thing?

1  And that's the reason why New York Law is what it is,

2  because Verizon wants an unlimited bite of the apple, they

3  keep coming back to the Court whenever it decides that the

4  number is the right number.  New York cases, none of the New

5  York cases say they can do that.  Every single New York case

6  that we've cited has made it very clear that you have a

7  contingent or disputed claim, it's not -- you can't set it

8  off.  And also you know another thing Mr. Laddin said is

9  that New York Law is no different than any other law.  Well,

10  that's not true.  He cited cases involving Tennessee Law,

11  which is different -- which has a different ruling.

12  Contingent claims are -- can be set-off under Tennessee.

13  Cites some Missouri cases where the law is different as

14  well.  And in fact you know in Verizon's papers they try to

15  run away from state law.  They make the statement on -- in

16  Paragraph 17 of their reply brief and their reply brief is

17  dated 11/18, and the statement that's made is in fact the

18  Code provides precisely to the contrary, Section 553 extends

19  state law set-off rights to any claim of such Creditor

20  against the Debtor, claim in turn is defined in Section 101

21  of the Code to include, et cetera, et cetera.  So they're

22  saying let's forget about state law, notwithstanding the

23  fact that state law is what gives right to the set-off

24  right.  Let's just forget about that and let's just look at

25  553 and let's look at what a claim is defined as, it's very

1  broad, includes contingent claims, and there.  There you go,

2  that's your set-off right.  Well, that's not the law and the

3  fact is that every case that they cite and even the Colliers

4  sections that they cite, are -- arise under different

5  circumstances.  They either involve unmatured, but absolute

6  claims or different states' law or in some cases the issue

7  is you get past the state law set-off right and then the

8  issue is under 553, do you have a claim, which can be set-

9  off?  So this -- these quotes from Colliers, the first quote

10  he read was from the section on rejection damages.  Well,

11  rejection damages is kind of a strange animal because the

12  Bankruptcy Court says specifically that the rejection is a

13  breach of the contract as of the petition date.  So the

14  Bankruptcy Code specifically makes that an exception to the

15  general rule.  The other quotes from Colliers are quotes

16  from the section on what is a claim under Section 553.  And

17  again, under Section 553, the Bankruptcy Code definition of

18  claim is very broad and so Colliers goes through the various

19  permutation of what kinds of claims can be claims under 553.

20  It's not about the state law and in fact, if you look at the

21  very next section in Colliers, which is 553.04, it says,

22  just as all the cases say, that Section 553 doesn't create

23  set-off rights, set-off rights are created by non-Bankruptcy

24  Law and the question, the threshold question is always the

25  source and validity of the right.  And that's exactly what

1   we're saying.  Here the source of the right is New York Law

2   and under New York Law there's no valid claim.  There's no

3   valid set-off right, unless the claim is non-contingent and

4   non-disputed.  Now the fact that -- Your Honor, the fact

5   that we haven't filed our objection yet and there are a lot

6   of good reasons for that, you know we had to file a 2004

7   motion to get any documents out of Verizon with respect to

8   the switch claim.  With respect to Vox Path, they don't have

9   any documents because who knows what the story is with that

10  one?  That one we may all be gray-haired by the time we find

11  out about that one.  But -- so you know it took us a lot of

12  work to even get information, but they've known -- if they

13  didn't know before we filed our papers in this motion,

14  they've known very well that we dispute those claims.  So

15  the fact that we haven't yet filed an objection and we'll

16  file it soon, is really beside the point and in fact you

17  know whereas they go on at length in their papers to say

18  they haven't filed an objection, well, they don't cite one

19  authority that says that a disputed claim is defined as one

20  where an objection has already been filed.  It can be

21  disputed in a lot of respects and if you look at the New

22  York cases or even if you look at the cases that they cite

23  in which the claim was dependent on the outcome of a lawsuit

24  somewhere else, it's not a matter of what form the dispute

25  takes.  It's whether or not there's a dispute.  Now of

1    course if the dispute is completely unreasonable and in bad

2    faith, that's one thing.  But if there's a good faith

3    dispute, then under New York Law the claim can't be set-off.

4              THE COURT:  Let me ask you this question because

5    at Page 10 of their reply, since this isn't a memory test I

6    -- I'll give you a chance to look at that.

7              MR. FOREST:  Yeah.  Okay.

8              THE COURT:  They cite to a Decision by Judge

9    Walrath.

10             MR. FOREST:  Yes, the Communications Dynamic case.

11             THE COURT:  And there again, that is a rejection

12   damages claim.  Is that how you would distinguish that

13   Decision?

14             MR. FOREST:  Well, yes, but you know the statement

15   that they make in their footnote about that case, which says

16   that it would lead to absurd results if rejection damages

17   could not be set-off and it says among them precluding the

18   set-off of claims that were contingent or unmatured on the

19   petition date, which Judge Walrath confirmed to be directly

20   contrary to provisions of the Bankruptcy Code, if you take a

21   look at what Judge Walrath said in that case and a lot of

22   this discussion in that case is about commentators, but to

23   quote from 382BR232 in that case, Judge Walrath says that in

24   arguing about whether Delta is right or wrong because Delta

25   was the one case in which rejection damages were held not to

1    be set-offable, they say that the reasoning in Delta would

2    preclude the set-off of unmatured or contingent claims

3    because ordinarily such claims cannot be used as a set-off

4    or counter claim under state law.  That's what it says right

5    here in that very case.  So I don't think we're crazy in

6    taking the position that there are state laws, like New

7    York, where contingent claims, disputed claims can't be set-

8    off.  And I think the footnote in their reply brief is an

9    overstatement, to put it kindly, of what this case says,

10   just like a lot of their descriptions or -- use a lot of

11   adjectives, but they don't give you the true state of what

12   the law is.  So we can talk a lot about hypotheticals and in

13   the Vox Path case, that's a good one to talk about with

14   hypotheticals because it may well turn out that Nortel has

15   nothing to do with that and when Mr. Laddin gets up here and

16   says they've incurred million of legal fees, well, they may

17   have incurred millions of legal fees, but those millions of

18   legal fees may have absolutely zero to do with Nortel or

19   Nortel products.  So that doesn't mean that that's a fixed

20   claim.  And just to finish up, they refer to a New York

21   case, Termini [ph], which they also exaggerate.  And in the

22   Termini case what happened was that there was in fact a

23   disputed claim that was being litigated in a Court in

24   Florida, but the Creditor had paid $8,000 in expenses, which

25   were directly attributable to the Debtor.  So we didn't have

1    a contingent claim there.  We didn't have a disputed claim

2    there as to the legal fees.  They went ahead and paid the

3    amount and they came back and the Judge said, not that it's

4    automatically set-offable, but if it's determined that

5    that's a reasonable amount in that it relates to the Debtor,

6    then yeah, that would be set-offable because it's not

7    contingent.  It was actually paid.  And that's a different

8    situation from the situation here where whatever amounts

9    Verizon claims to have paid, they can't demonstrate that it

10   has anything to do with Nortel.  They're looking for

11   somebody to pawn their legal expenses off of and

12   unfortunately Nortel is not the right candidate.  So just to

13   summarize, Your Honor, I think we have to go back to state

14   law.  It's their burden, not ours.  Had they put forth

15   authority from New York that said that a claim may be

16   contingent or disputed on the petition date, but if at some

17   point in the future that changes, that they can come in to

18   the Court and set if off, assert a set-off, then that would

19   be one thing.  But they don't and they can't and they can't

20   because that's not what New York Law is.  Verizon admits

21   that New York Law is the source of the set-off right here

22   and that being the case, we think that their motion with

23   respect to the switch claim and the Vox Path claim have to

24   be -- has to be denied.  With respect to the telecom

25   charges, those charges were fixed at the petition date with

1  respect to at least some of them and we don't argue about

2  that because those are fixed, they weren't contingent, and

3  so when Your Honor entered the customer order, that

4  preserved their rights.  That was a set-off right they had

5  at the time and it was preserved.  But as to these other

6  two, they were contingent, disputed, and they had no set-off

7  right then and they have no set-off right now.  Thank you.

8            THE COURT:  Thank you.  Thank you.  Mr. Laddin?

9            MR. LADDIN:  I'll be brief, Your Honor.

10            THE COURT:  Of course.  Whatever it takes.  Do you

11  agree that there's a distinction between matured/unmatured

12  and contingent/non-contingent that creates a difference in

13  what -- in the result here?

14            MR. LADDIN:  No.  I don't.  And I think if you --

15  number one, I don't.  Number two, in terms of what is

16  contingent and what is not contingent, okay, the telecom

17  charges are not contingent and the switch claim is not

18  contingent.  The switch claim was for $10.6 million.  It was

19  a defective switch.  Nortel shouldn't be heard to complain

20  now that we were able to bring them a lower sum.  That is we

21  are seeking a lower sum.  It wasn't contingent.  It was

22  defective and Verizon had a right to refund on the petition

23  date.  Because we were able to resolve it for something

24  less, we're not seeking the full amount.  That doesn't make

25  it contingent.  As to Vox Path, the cost of defense is not

1   contingent.  Those are expenses that have been incurred.

2          THE COURT:  Even if the liability is in no way

3   attributable to Nortel?

4          MR. LADDIN:  Nortel has a defense obligation with

5   respect to assertion.  So even if the underlying claim does

6   not have merit, then it still has an obligation to cover the

7   defense costs and that's why Verizon sent to Nortel, prior

8   to the petition date, an indemnification letter.  With

9   respect to Mr. Forest's you know comments about other law,

10  Your Honor was correct to pick up on underlying -- other

11  underlying state law.  Your Honor was you know correct to

12  pick up on Footnote 10 -- on Page 10, excuse me, and the

13  Communications Dynamics case from Judge Walrath.

14         THE COURT:  Yes.  Yes.

15         MR. FOREST:  And you know as I said at the outset,

16  you know it is ordinarily the case under state law that

17  contingent, unmatured, or disputed claims are not able to be

18  set-off under state law.  That's exactly what Judge Walrath

19  says in this opinion at Page 231 to 232 and the result --

20  and you take this snapshot, okay, which they acknowledge

21  they're trying to take the snapshot.  So the rejection

22  damages claim that's at issue in that case and that Mr.

23  Forest spoke about, that would not be able to be set-off

24  under their theory.  It is a -- sure, it's a claim under the

25  Code is what he would say, but in fact it is contingent.

1  It's a contingent claim.  It doesn't exist until later a

2  post-petition event, after the snapshot has taken place, a

3  post-petition event is the rejection.  So you would have the

4  result.  Here what they advocate is exactly what in three

5  different places in the Communications Dynamics opinion,

6  Judge Walrath calls absurd and it is, given a reading of the

7  Code.  Your Honor, I think that's all I've got.  I think --

8  as I said I think this is straightforward and that Claimant

9  that has the jury decide on the 10th day or the day after

10 the filing, that Claimant gets the right of set-off.  Thank

11 you.

12             THE COURT:  Thank you very much, Mr. Laddin.

13             MR. FOREST:  Your Honor, could I just --

14             THE COURT:  Of course.  Yes.  Mr. Forest?

15             MR. FOREST:  Yeah.  There are just two things that

16 I wanted to point out.  First, as I mentioned before,

17 rejection damages are a different animal.  Rejection damages

18 relate back -- they're specifically carved out in the

19 Bankruptcy Code and treated differently than other claims,

20 so I don't think --

21             THE COURT:  Because they relate back to the

22 petition date.

23             MR. FOREST:  Because they relate back to the

24 petition date.

25             THE COURT:  Yes.

1           MR. FOREST:  And are defined as being a breach as

2 of the petition date.  It's as though the breach occurred on

3 the petition date.  Secondly, I think I heard Mr. Laddin say

4 that the switch claim was not contingent as of the petition

5 date.

6           THE COURT:  Yes.

7           MR. FOREST:  He did say that, right?

8           THE COURT:  He did.  Yes.

9           MR. FOREST:  Well, let me just get his brief, his

10 motion first -- not the reply brief, the main brief.

11           THE COURT:  Okay.

12           MR. FOREST:  We turn to Page 5.

13           THE COURT:  Yes.

14           MR. FOREST:  Paragraph 10.

15           THE COURT:  All right.

16           MR. FOREST:  Second sentence.  While the switch

17 claim was contingent and unliquidated as of the petition

18 date and at the time Verizon filed its proof of claim, it

19 has since become non-contingent.  Well, you know I think

20 that this is just an example of the inconsistencies that you

21 see throughout the main brief and the reply brief, first

22 admitting that it's state law and that gives rise to the

23 set-off right, then claiming that 553 extends state law such

24 that claims are -- set-off rights are determined by the

25 definition of a claim in the Bankruptcy Code.  I think this

1    is just more of the same.  Thank you.

2            THE COURT:  Thank you very much, Mr. Forest.  Mr.

3    Laddin, it's your motion.  You really do get the last word,

4    if you'd like it.

5            MR. LADDIN:  No.  Your Honor, just on that one

6    point, very briefly?

7            THE COURT:  Yes.

8            MR. LADDIN:  Contingent in the sense that at the

9    time of the petition, Verizon was negotiating with that

10   particular customer and attempting to lower that sum.  But

11   in terms of the definition of what contingent is under the

12   law, it's not really in the nature of a contingency in the

13   sense that it was defective.  So perhaps a -- not the best

14   choice of words in Paragraph 10, but from a legal

15   perspective that claim -- that -- all the events giving rise

16   to liability under that claim had occurred prior to the

17   petition date.  And the switch, according to Verizon,

18   disputed by Nortel, was defective prior to the petition

19   date.  It was simply reduced.  The claim was able to be

20   reduced at a later point in time, just as many may be

21   reduced for one reason or another at some later point in

22   time.

23           THE COURT:  So you're saying the liability wasn't

24   contingent, it was just the amount attributable to Nortel

25   that was --

1          MR. LADDIN:  Precisely.

2          THE COURT:  Okay.

3          MR. LADDIN:  Yes.

4          THE COURT:  All right.

5          MR. LADDIN:  Yes, Your Honor.

6          THE COURT:  All right.  Thank you.

7          MR. LADDIN:  Thank you very much.

8          THE COURT:  Thank you.  Thank you.  It was a good

9  argument and good papers and --

10          MR. LADDIN:  Thank you.

11          THE COURT:  -- I would like to -- I'm not going to

12  rule immediately.  I'd like to go back and reread a couple

13  of the opinions, in light of the arguments, just to see how

14  they fit in and I will then issue an opinion because I think

15  it's certainly an interesting and worthwhile issue.

16          MR. LADDIN:  Thank you, Your Honor.

17          THE COURT:  Thank you.  Ms. Cordo?

18          MS. CORDO:  Your Honor, may our witnesses from

19  earlier be excused, please?

20          THE COURT:  Yes.  I'm sorry.  Yes.  In fact,

21  anyone who wishes to leave may be excused.

22          MS. CORDO:  All right.  Thank you, Your Honor.

23          THE COURT:  Certainly.

24          MS. CORDO:  I think this brings us to the end of

25  our Chapter 11 and we can switch over to the Chapter 15, so

1  that might require some shuffling.  I don't know if we want

2  to take a brief break or if there's --

3          THE COURT:  Thank you.  Why don't we take a five-

4  minute break and that way people can get resituated, all

5  right?

6          MS. CORDO:  Okay.

7          THE COURT:  And anyone who needs a break can have

8  one that way as well.  Thank you.  We'll stand in recess for

9  five minutes.

10          MS. CORDO:  Thank you, Your Honor.

11  (Proceedings adjourned)

12                    CERTIFICATION

13      I certify that the foregoing is a correct

14  transcript from the electronic sound recording of the

15  proceedings in the above-entitled matter.

16

17

                                        24 November 2010
18  _____              Date
    Wendy L. Evans
    Transcriber

19

20

21

22

23

24

25

Word Page:Line

**10-day**(1) 22:11
**382br232**(1) 38:23
**80-page**(1) 31:21
**_______________debtors.___** 1:13
**a.m**(2) 1:16 5:1
**abbott**(1) 1:26
**abid**(1) 3:7
**able**(8) 6:10 13:12 19:3 41:20 41:23 42:17 42:23 45:19
**about**(27) 13:5 18:15 18:20 18:21 19:19 20:17 22:7 22:9 28:4 31:14 31:18 31:22 33:17 33:18 33:21 35:22 35:24 36:20 37:11 38:15 38:22 38:24 39:12 39:13 41:1 42:9 42:23
**aboveentitled** (1) 47:15
**absolute**(2) 33:19 36:5
**absolutely**(5) 9:2 23:19 23:19 30:17 39:18
**absurd**(2) 38:16 43:6
**accommodate**(1) 6:22
**according**(2) 30:10 45:17
**accounting**(1) 18:15
**accrue**(1) 27:4
**acknowledge**(1) 42:20
**acknowledges**(1) 20:13
**actual**(1) 13:11
**actually**(9) 5:23 14:21 16:24 16:25 26:4 26:5 26:18 26:22 40:7
**additional**(1) 27:4
**adds**(1) 15:5
**adjectives**(1) 39:11
**adjourned**(3) 16:1 17:1 47:11
**administration**(1) 29:2
**administrative**(1) 25:17
**administrators**(1) 2:40
**admit**(1) 32:5
**admits**(2) 31:23 40:20
**admitted**(1) 9:23
**admittedly**(1) 31:11
**admitting**(1) 44:22
**advance**(2) 8:9 28:7
**advisor**(1) 10:17
**advocate**(1) 43:4
**affiliate**(1) 34:8
**after**(11) 6:9 11:13 18:14 19:22 24:23 25:24 30:15 34:13 34:17 43:2 43:9
**again**(9) 12:12 12:13 15:22 17:21 23:12 24:20 25:13 36:17 38:11
**against**(5) 21:22 26:17 26:21 32:21 35:20
**agenda**(8) 5:14 5:16 7:21 9:8 9:15 10:4 12:9 15:23
**agent**(2) 10:8 10:16
**agree**(2) 7:20 41:11
**agreement**(9) 10:6 10:15 10:23 11:1 13:19 14:1 14:12 17:9 34:12
**agreements**(1) 14:21
**aha**(1) 33:9
**ahead**(1) 40:2
**akin**(2) 3:4 4:13
**all**(39) 5:13 5:18 6:18 6:23 7:19 8:13 8:16 8:19 8:24 9:14 10:21 12:4 12:6 13:14 13:18 14:23 16:20 16:21 17:12 17:13 17:14 18:4 19:23 20:4 22:13 24:25 25:3 27:15 28:5 28:15 36:22 37:10 43:7 44:15 45:15 46:4 46:6 46:22 47:4
**allegation**(1) 20:21
**allocated**(1) 11:19
**allow**(1) 10:16
**along**(1) 30:3
**already**(4) 26:23 26:24 28:8 37:20
**also**(16) 6:4 7:1 10:7 10:20 11:1 11:17 11:21 13:10 19:6 20:25 25:18 25:21 25:24 27:21 35:8 39:21
**always**(3) 18:25 19:19 36:24
**amberbrook**(4) 3:33 12:25 13:7 14:3
**amenable**(3) 6:13 6:16 7:25
**amend**(1) 27:3
**amended**(1) 15:14
**amending**(1) 27:7
**amendment**(1) 14:18
**among**(4) 6:19 10:24 11:19 38:17
**amount**(11) 16:14 16:18 19:1 25:8 30:1 34:3 34:18 40:3 40:5 41:24 45:24
**amounts**(1) 40:8
**analyze**(1) 26:9
**and**(239) 5:3 5:11 5:17 6:3 6:11 6:12 7:1 7:10 7:14 9:5 9:6 9:9 9:18 9:20 10:1 10:7 10:20 10:23 10:25 11:4 11:8 11:9 11:11 11:14 11:17 11:17 11:19 11:21 11:23 11:24 12:5 12:7 12:22 12:25 13:6 13:6 13:7 13:10 13:12 13:16 13:21 14:1 14:3 14:4 14:8 14:9 14:12 14:13 14:14 14:14 14:20 14:22 14:24 15:3 15:4 15:8 15:13 15:14 15:14 15:17 15:19 15:19 15:25 16:1 16:5 16:7 16:17 17:9 17:24 18:8 18:21 18:23 18:25 19:4 19:13 19:20 19:23 20:10 20:12 20:14 20:17 20:21 20:25 21:10 21:19 22:4 22:8 22:13 22:19 22:22 23:3 23:5 23:10 23:12 23:13 23:17 23:17 23:20 23:21 23:23 23:24 24:3 24:10 24:13 24:15 24:19 24:19 24:22 24:24 25:9 25:11 25:14 25:16 26:13 26:19 26:22 27:6 27:12 27:12 27:14 27:14 27:20 28:18 28:20 28:22 29:5 29:16 29:22 30:1 30:3 30:6 30:9 30:14 30:25 31:3 31:8 31:10 31:12 31:22 32:1 32:2 32:2 32:6 32:6 32:8 32:10 32:19 32:21 32:25 33:1 33:3 33:5 33:8 33:9 33:12 33:13 33:23 33:24 34:3 34:12 34:17 34:23 35:1 35:8 35:14 35:16 35:17 35:24 35:25 36:1 36:2 36:3 36:7 36:16 36:18 36:20 36:24 36:25 36:25 37:2 37:3 37:5 37:15 37:16 37:21 38:1 38:11 38:17 38:21 39:8 39:12 39:15 39:15 39:20 39:21 40:2 40:3 40:3 40:7 40:11 40:18 40:19 40:19 40:22 40:23 41:1 41:2 41:5 41:6 41:7 41:12 41:14 41:16 41:17 41:22 42:7 42:12 42:15 42:19 42:20 42:22 43:6 43:8 43:19 44:1 44:17 44:18 44:21 44:22 45:10 45:17 46:9 46:9 46:12 46:14 46:15 46:25 47:4 47:7
**anderson**(1) 2:32
**animal**(2) 36:11 43:17
**ann**(1) 1:27
**annie**(1) 5:6
**another**(7) 12:25 25:19 25:21 26:18 33:5 35:8 45:21
**any**(23) 7:11 12:7 18:8 20:9 20:11 20:22 21:10 21:11 21:11 21:20 22:3 23:24 26:12 29:2 31:20 32:15 32:16 33:2 33:4 35:9 35:19 37:7 37:9
**anymore**(1) 34:19
**anyone**(5) 6:23 12:4 15:11 46:21 47:7
**anything**(3) 7:8 7:11 40:10
**appearances**(1) 4:1
**apple**(3) 32:1 34:25 35:2
**applies**(2) 23:20 24:12
**apply**(1) 21:15
**approach**(3) 11:25 14:24 16:19
**appropriate**(2) 12:5 20:20
**approval**(2) 11:5 15:8
**approve**(2) 14:24 15:17
**approved**(1) 14:21
**approving**(1) 14:18
**approximately**(2) 18:16 20:8
**arbitration**(2) 7:14 7:16
**arbitrator**(1) 6:11
**are**(53) 5:16 5:16 10:14 12:21 12:22 12:23 12:24 13:12 14:2 14:2 14:16 15:17 16:1 18:5 18:17 18:19 18:20 19:14 19:19 19:25 20:1 20:14 20:15 21:3 21:8 22:2 23:25 25:13 25:20 31:18 31:18 32:1 32:10 32:18 33:19 33:24 34:25 35:12 36:4 36:15 36:23 37:5 39:6 41:2 41:17 41:21 42:1 42:17 43:15 43:17 44:1 44:24 44:24
**argue**(1) 41:1
**arguing**(1) 38:24
**argument**(3) 23:17 30:22 46:9
**arguments**(1) 46:13
**arise**(1) 36:4
**arms**(1) 15:18
**arnold**(1) 3:20
**arose**(1) 30:25
**arsht**(2) 1:25 5:6
**ask**(6) 6:20 27:25 28:5 28:22 28:24 38:4
**asking**(1) 6:13
**asks**(1) 23:4
**assert**(4) 20:25 28:18 34:2 40:18
**asserted**(1) 26:16
**assertion**(1) 42:5
**asserts**(1) 21:3
**asset**(2) 10:14 11:10
**associated**(2) 18:22 20:4
**atlanta**(1) 3:23
**attached**(1) 34:10
**attachment**(1) 34:3
**attempting**(1) 45:10
**attorneys**(3) 26:23 26:24 27:21
**attributable**(3) 39:25 42:3 45:24
**auction**(2) 13:2 13:3
**audits**(1) 11:9
**authorities**(1) 33:4
**authority**(2) 37:19 40:15
**authorization**(2) 10:15 12:19
**authorize**(1) 11:5
**authorized**(1) 10:23
**authorizing**(2) 10:6 10:7
**automatic**(2) 22:17 30:13
**automatically**(1) 40:4
**available**(3) 8:12 8:15 14:10
**ave**(1) 3:16
**await**(3) 27:11 27:16 27:17
**awaiting**(1) 19:14
**awards**(2) 22:22 23:14
**away**(1) 35:15
**back**(15) 6:15 14:1 15:21 15:22 17:15 17:20 17:22 22:22 35:3 40:3 40:13 43:18 43:21 43:23 46:12
**background**(1) 18:10
**bad**(1) 38:1
**baik**(1) 2:12
**band**(11) 3:39 4:7 5:26 6:3 6:9 6:24 7:1 7:4 8:13 9:1 9:11
**band's**(1) 6:13
**bankruptcy**(22) 1:1 1:21 22:16 22:18 24:8 24:9 25:3 25:9 25:10 28:14 29:3 30:11 30:16 30:17 31:6 31:7 36:12 36:14 36:17 38:20 43:19 44:25
**bar**(1) 20:5
**barefoot**(1) 2:10
**barred**(2) 21:9 23:3
**basically**(3) 12:21 15:5 15:8
**basis**(1) 20:20
**basking**(1) 3:29
**because**(24) 7:20 15:24 24:15 25:11 28:11 30:20 31:5 32:8 32:20 33:15 35:2 36:11 37:9 38:4 38:24 39:3 39:14 40:6 40:20 41:2 41:23 43:21 43:23 46:14
**become**(2) 24:25 44:19
**becomes**(1) 24:10
**been**(18) 6:6 9:23 17:2 18:25 19:3 20:11 22:16 23:9 23:10 23:16 28:8 31:3 31:19 31:20 33:16 34:20 37:20 42:1
**before**(8) 1:20 5:14 6:12 20:21 28:21 31:7 37:13 43:16
**behalf**(2) 5:7 10:21
**being**(6) 14:21 15:18 27:20 39:23 40:22 44:1
**believe**(4) 6:5 6:25 20:12 27:3
**benefit**(1) 19:4
**beside**(1) 37:16
**best**(4) 13:6 14:13 15:18 45:13
**better**(1) 32:16
**between**(3) 29:18 34:12 41:11
**bid**(2) 13:6 13:7
**bids**(1) 13:5
**bifferato**(1) 3:33
**bifurcation**(3) 23:9 29:16 29:22
**billion**(1) 27:13
**billions**(1) 27:15
**bit**(2) 18:10 31:14
**bite**(1) 35:2
**bites**(2) 31:25 34:25
**black**(2) 11:24 15:4
**blade**(1) 14:6
**bond**(1) 4:3
**botter**(3) 3:5 15:12 15:13
**bottom**(1) 29:4
**box**(2) 1:30 2:46
**brad**(1) 3:6
**brandywine**(2) 2:26 2:44
**braniff**(1) 25:7
**breach**(3) 36:13 44:1 44:2
**break**(3) 47:2 47:4 47:7
**brief**(14) 5:15 25:2 32:14 34:3 35:16 35:16 39:8 41:9 44:9 44:10 44:10 44:21 44:21 47:2
**briefly**(2) 18:14 45:6
**bring**(2) 28:17 41:20
**brings**(2) 17:15 46:24
**broad**(3) 25:14 36:1 36:18
**brought**(2) 27:18 27:20
**bryant**(1) 3:8
**buchanan**(1) 2:24
**building**(2) 2:26 2:44
**burden**(4) 32:3 33:1 33:3 40:14
**business**(1) 34:12
**bussa**(1) 25:23
**but**(44) 5:16 6:8 6:18 7:11 7:19 12:21 13:18 15:5 18:11 20:2 20:24 23:15 25:20 26:11 27:16 27:21 28:12 28:19 29:14 30:2 30:17 31:2 31:13 32:7 32:16 34:4 34:16 34:20 36:5 37:11 37:12 38:2 38:14 38:22 39:11 39:17 39:24 40:4 40:16 40:19 41:5 42:25 45:10 45:14
**calendar**(1) 7:9
**call**(2) 8:3 9:12
**called**(1) 14:10
**calls**(1) 43:6
**came**(2) 34:13 40:3
**can**(29) 6:20 6:21 8:3 13:9 13:20 14:19 14:24 14:25 16:2 22:20 23:12 27:18 28:18 28:19 29:6 30:3 32:9 33:9 33:10 35:5 35:12 36:8 36:19 37:20 39:12 40:17 46:25 47:4 47:7
**can't**(16) 6:19 8:11 21:12 21:22 26:9 27:16 28:17 31:23 32:12 32:21 35:7 38:3 39:7 40:9 40:19 40:19
**canada**(2) 6:5 6:6
**canadian**(2) 7:11 11:7
**candidate**(1) 40:12
**cannot**(2) 32:12 39:3
**cap**(1) 13:21

| Word | Page:Line |
|---|---|

**capital**(1) 12:19
**carve**(2) 13:21 14:22
**carved**(1) 43:18
**case**(64) 1:9 16:9 19:14 19:21 19:22 19:25 20:12 21:21 22:16 23:1 23:2 23:6 23:7 24:8 24:9 24:11 24:22 25:7 25:9 25:16 25:19 25:21 26:3 26:6 26:8 26:13 26:16 27:18 27:18 27:19 27:20 27:24 27:24 28:13 28:15 28:20 28:22 28:24 29:3 30:6 30:25 31:13 31:17 32:7 32:9 33:12 33:23 35:5 36:3 38:10 38:15 38:21 38:22 38:23 38:25 39:5 39:9 39:13 39:21 39:22 40:22 42:13 42:16 42:22

**cases**(23) 25:2 25:2 25:4 25:6 25:20 26:15 32:10 32:10 32:15 32:25 33:2 33:11 33:1 33:14 33:17 35:4 35:5 35:10 35:13 36:6 36:22 37:22 37:22

**caused**(1) 27:23
**cents**(3) 23:2 23:2 31:10
**certain**(9) 6:2 10:11 10:13 11:2 11:18 12:19 13:20 18:16 18:17

**certainly**(7) 9:18 15:1 15:1 15:17 18:11 46:15 46:23

**certificate**(2) 9:9 11:12
**certification**(1) 47:12
**certify**(1) 47:13
**cetera**(2) 35:21 35:21
**chambers**(1) 8:3
**chance**(1) 38:6
**changes**(4) 11:23 15:17 30:15 40:17
**chapter**(4) 1:7 5:11 46:25 46:25
**charges**(8) 18:20 18:21 18:24 20:14 27:6 40:25 40:25 41:17

**checked**(1) 20:10
**choice**(1) 45:14
**christopher**(1) 2:18
**circuit**(1) 25:7
**circuits**(1) 25:3
**circumstance**(1) 36:5
**cite**(7) 32:9 32:10 36:3 36:4 37:18 37:22 38:8

**cited**(12) 24:1 24:2 25:1 26:4 26:13 26:16 33:1 33:3 33:12 33:16 35:6 35:10

**cites**(1) 35:13
**claim**(79) 16:8 16:15 16:18 19:1 19:6 19:8 19:12 20:4 20:22 21:21 21:23 22:5 22:2 23:15 24:9 24:10 24:14 24:21 24:22 24:22 25:5 25:11 25:14 25:15 26:5 26:8 27:6 27:9 27:25 28:1 28:18 28:21 28:25 29:8 29:22 30:2 30:21 31:8 31:9 31:13 32:4 32:25 34:2 34:2 34:14 35:7 35:19 35:20 35:25 36:8 36:16 36:18 37:2 37:5 37:7 37:8 37:19 37:23 38:3 38:12 39:4 39:20 39:23 40:1 40:15 40:23 40:23 41:17 41:18 42:5 42:22 42:24 43:1 44:4 44:17 44:18 44:25 45:15 45:16 45:19

**claimant**(8) 22:10 22:18 22:23 22:25 26:17 29:7 43:8 43:10

**claiming**(1) 44:23
**claims**(46) 18:17 18:17 18:19 19:15 19:17 20:10 20:12 21:1 21:3 23:21 23:21 23:22 23:23 23:23 23:24 23:25 24:14 24:20 29:6 31:11 32:11 32:18 32:18 32:22 32:23 32:24 33:9 33:13 33:18 33:18 33:19 35:13 36:1 36:6 36:19 36:19 37:14 38:18 39:2 39:3 39:7 39:7 40:9 42:17 43:19 44:24

**clarification**(2) 11:14 11:17
**clean**(2) 11:24 15:3
**clear**(3) 30:6 30:7 35:6
**clearly**(4) 23:14 23:18 26:11 32:11

**cleary**(4) 2:4 9:22 10:1 13:2
**close**(1) 28:20
**closing**(3) 27:12 27:24 28:14
**coca-cola**(2) 2:32 16:14
**code**(9) 35:18 35:21 36:14 36:17 38:20 42:25 43:7 43:19 44:25

**colleague**(1) 8:11
**colleagues**(1) 19:18
**colliers**(12) 24:3 24:3 24:4 24:13 24:14 24:20 30:7 36:3 36:9 36:15 36:18 36:21

**collins**(1) 3:34
**come**(6) 5:24 19:23 32:2 34:17 34:23
**comes**(2) 22:17 33:22
**coming**(1) 7:24 35:3
**commenced**(2) 24:8 24:10
**commencemen**(1) 24:22
**commentator**(1) 34:22
**comments**(1) 42:9
**committee**(4) 2:17 3:4 4:13 15:12
**communications**(3) 38:10 42:13 43:5
**company**(1) 2:32
**complain**(1) 41:19
**complaint**(1) 31:21
**completely**(1) 38:1
**complicate**(2) 7:9 7:9
**components**(1) 18:19
**comprised**(1) 18:19
**computed**(1) 25:8
**conaway**(1) 2:40
**concepts**(2) 24:13 29:18
**conclusion**(2) 27:19 27:21
**conclusory**(2) 20:19 22:6
**conducted**(1) 23:13
**conducting**(1) 22:11
**conference**(1) 7:23 16:7
**confirmation**(1) 24:23
**confirmed**(1) 38:19
**confusion**(2) 29:18 33:5
**connection**(1) 11:10
**consistent**(2) 27:19 30:17
**contemplate**(1) 25:5
**contends**(1) 18:23
**context**(1) 22:10
**contingency**(2) 21:11 45:12
**contingent**(49) 21:4 21:21 23:22 24:5 24:9 24:20 24:21 24:23 25:12 29:19 29:23 30:5 30:21 31:1 31:12 31:13 32:11 32:18 33:13 33:18 34:19 34:20 35:7 35:12 36:1 41:6 41:16 41:16 41:16 41:17 41:18 41:21 41:2 41:22 41:22 42:25 43:1 44:4 44:17 45:11 45:24

**contingent/non-contingen**(1) 41:12
**continue**(1) 27:12
**continued**(4) 2:2 3:2 16:7 17:2
**continues**(1) 17:1
**contract**(2) 7:13 36:13
**contrary**(2) 35:18 38:20
**coopers**(1) 11:8
**copies**(1) 11:21
**copy**(2) 11:24 11:24
**cordo**(25) 1:27 5:4 5:5 5:6 5:9 5:14 5:18 9:6 9:7 9:13 9:15 9:20 15:22 16:5 16:12 16:17 16:21 17:6 17:14 17:17 46:18 46:24 46:24 47:6 47:10

**corporate**(1) 3:15
**correct**(3) 42:10 42:11 47:13
**correcting**(1) 11:16
**corroon**(1) 2:32
**cost**(1) 41:25
**costs**(1) 42:7
**could**(9) 14:10 24:7 28:6 30:4 30:23 31:3 32:14 38:17 43:13

**couldn't**(1) 13:1

**counsel**(6) 6:13 7:1 9:1 18:3
**count**(1) 14:19
**counter**(1) 39:4
**country**(1) 25:4
**couple**(1) 46:12
**course**(7) 8:20 23:18 23:21 24:18 38:1 41:10 43:14

**court**(138) 1:1 5:3 5:8 5:13 5:18 5:22 6:7 6:23 7:2 7:5 7:7 7:11 7:19 8:4 8:7 8:13 8:16 8:19 8:22 8:24 9:2 9:4 9:6 9:11 9:14 9:14 9:17 9:24 10:3 10:10 10:18 10:22 11:3 11:20 12:1 12:3 12:10 12:13 12:16 13:24 14:7 15:1 15:11 15:16 15:21 16:4 16:11 16:16 16:20 17:4 17:12 17:17 17:15 17:22 18:1 18:4 18:10 18:11 19:9 19:11 19:18 19:19 20:6 20:16 21:5 21:7 21:13 21:18 21:24 22:1 22:12 22:18 23:8 23:13 23:14 24:16 24:24 25:11 26:1 26:6 26:7 26:9 26:18 26:20 27:2 27:8 27:25 28:3 28:9 28:19 28:25 29:1 29:9 29:11 29:15 29:20 29:24 30:5 30:11 30:19 31:4 31:16 32:23 33:20 34:5 35:3 36:12 38:4 38:8 38:11 39:23 40:18 41:8 41:10 42:2 42:14 43:12 43:14 43:21 43:25 44:6 44:8 44:11 44:13 44:15 45:2 45:7 45:23 46:2 46:4 46:6 46:8 46:11 46:17 46:20 46:23 47:3 47:7

**courtroom**(3) 1:11 7:1 14:4
**courts**(2) 25:3 25:13
**cover**(1) 42:6
**crazy**(1) 39:5
**create**(2) 30:7 36:22
**created**(1) 36:23
**creates**(1) 41:12
**credit**(3) 4:17 12:25 13:7
**creditor**(5) 24:6 24:8 31:10 35:19 39:24
**creditors**(2) 2:18 3:5
**critical**(1) 18:13
**crutcher**(1) 4:7
**currently**(5) 5:16 6:4 19:13 19:20 19:25
**customer**(3) 19:3 41:3 45:10
**cvas**(1) 5:26
**damages**(14) 23:10 23:11 23:13 23:14 23:16 29:5 36:10 36:11 38:12 38:16 38:25 42:22 43:17 43:17

**darryl**(1) 3:21
**data**(1) 1:37
**date**(34) 6:6 6:8 10:20 20:5 21:7 21:8 21:10 23:15 24:1 25:6 25:15 30:4 30:9 30:11 30:15 30:20 31:1 32:5 34:20 36:13 38:19 40:16 40:25 41:23 42:8 43:22 43:24 44:2 44:3 44:5 44:18 45:17 45:19 47:19

**dated**(1) 35:17
**david**(2) 3:5 4:8
**day**(9) 6:9 8:11 9:5 22:15 22:21 34:13 34:17 43:9 43:9

**days**(2) 5:25 7:24
**deadline**(1) 11:10
**deal**(1) 13:4
**dealing**(2) 24:13 24:19
**dealmeida**(1) 14:5
**debt**(2) 25:13 25:14
**debtor**(8) 12:22 22:6 22:23 23:11 31:5 35:20 39:25 40:5

**debtor's**(2) 10:17 24:23
**debtor/creditor**(1) 33:8
**debtors**(12) 1:25 2:4 5:7 6:1 10:2 10:5 10:14 11:7 15:6 15:19 16:23 17:7

**debts**(1) 25:9
**december**(2) 6:4 6:11
**decide**(2) 28:19 43:9
**decided**(2) 31:6 34:15
**decides**(1) 35:3

**decision**(5) 7:15 25:23 29:22 38:8 38:13
**declaration**(1) 16:8
**defective**(6) 18:23 19:5 41:19 41:22 45:13 45:18

**defendant**(5) 22:14 22:16 22:23 26:21
**defendants**(1) 31:18
**defense**(3) 41:25 42:4 42:7
**define**(1) 19:15
**defined**(5) 23:21 35:20 35:25 37:19 44:1
**definition**(4) 25:14 36:17 44:25 45:11
**delaware**(4) 1:2 1:13 3:16 5:1
**delay**(3) 27:12 27:24 29:2
**delta**(4) 20:18 38:24 38:24 39:1
**demarcation**(2) 30:13 30:14
**demonstrate**(2) 32:4 40:9
**denied**(1) 40:24
**denying**(2) 31:8 31:9
**department**(1) 16:8
**dependent**(1) 37:23
**derek**(1) 1:26
**described**(1) 15:17
**describes**(1) 30:10
**descriptions**(1) 39:10
**details**(1) 20:22
**determination**(3) 18:6 27:18 31:19 31:20 31:25

**determined**(2) 40:4 44:24
**diaz**(1) 1:37
**did**(4) 11:14 11:21 44:7 44:8
**didn't**(4) 34:15 37:13 39:25 40:1
**difference**(1) 41:12
**different**(15) 11:19 21:20 22:3 23:8 26:9 26:14 35:9 35:11 35:11 35:13 36:4 36:6 40:7 43:5 43:17

**differently**(1) 43:19
**direct**(1) 10:7
**directly**(2) 38:19 39:25
**disabled**(1) 24:15
**discovery**(1) 19:23
**discuss**(2) 5:15 5:17
**discussion**(2) 6:17 38:22
**disempower**(1) 7:11
**dispute**(23) 5:26 6:10 7:22 16:14 20:14 20:23 20:24 20:25 21:1 21:11 22:5 22:7 24:17 24:18 25:25 25:25 26:8 26:12 37:13 37:24 37:25 38:1 38:3

**disputed**(22) 21:6 21:22 23:15 23:23 24:14 24:15 25:5 25:12 26:22 32:11 32:18 32:22 35:7 37:19 37:21 39:7 39:23 40:1 40:16 41:6 42:17 45:18

**disputes**(3) 7:16 22:15 33:24
**disputing**(1) 30:1
**distinction**(2) 33:17 41:11
**distinguish**(1) 38:12
**distinguished**(1) 33:13
**distribute**(2) 27:14 28:5
**distributed**(2) 27:16 28:21
**district**(5) 1:2 1:9 19:18 25:4 25:21 26:4
**docket**(2) 6:1 20:10
**docketed**(1) 9:10
**documentation**(1) 20:20
**documents**(3) 9:19 37:7 37:9
**does**(7) 8:7 12:4 15:11 24:4 24:6 24:24 42:24

**doesn't**(11) 22:7 25:12 25:13 27:12 29:2 30:7 30:16 36:22 39:19 41:24 43:1

**dollar**(4) 23:1 23:2 23:3 31:11
**dollars**(4) 19:25 27:13 27:16 34:24

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| don't(24) 6:16 7:8 7:21 9:12 9:17 13:14 18:8 20:14 20:24 28:12 29:13 32:12 33:17 37:8 37:18 39:5 39:11 40:19 41:1 41:14 41:15 43:20 47:1 47:3 | | expect(1) 19:21 | | four(3) 13:5 15:25 31:18 | | has(28) 9:23 10:19 10:21 13:16 16:8 17:21 19:24 22:16 22:25 23:16 24:8 26:24 27:13 27:22 28:16 30:21 31:8 35:6 35:11 37:20 39:14 40:10 40:24 42:4 42:6 43:2 43:9 44:19 |
| | | expense(1) 25:17 | | frankly(3) 18:8 21:19 32:11 | | |
| | | expenses(5) 11:17 20:1 39:24 40:11 42:1 | | fred(1) 4:14 | | |
| | | explain(1) 24:24 | | from(40) 6:1 6:10 6:15 7:4 9:22 10:1 11:5 11:14 11:16 11:18 14:5 14:6 14:14 17:24 18:12 21:9 21:20 22:3 22:19 22:21 24:15 25:2 25:3 25:4 26:4 33:13 33:14 34:14 35:15 36:9 36:10 36:15 36:16 38:23 40:8 40:15 42:13 45:14 46:18 47:14 | | hasn't(2) 22:5 33:3 |
| done(3) 27:7 28:15 34:21 | | extends(3) 35:18 44:23 | | | | hauer(2) 3:4 4:13 |
| doubt(1) 33:21 | | extent(1) 27:22 | | | | have(53) 7:18 7:20 7:23 9:5 9:18 11:23 11:23 12:7 13:8 13:20 14:4 15:14 15:24 15:25 15:25 16:6 16:6 16:13 16:17 16:17 17:8 17:9 17:22 17:23 18:24 21:12 24:6 25:17 26:2 27:1 30:13 31:3 31:8 31:9 32:15 33:16 34:5 34:20 35:6 36:8 37:8 39:17 39:18 39:25 40:1 40:9 40:13 40:23 41:7 42:1 42:6 43:3 47:7 |
| down(1) 13:19 | | eyesight(1) 32:16 | | | | |
| duane(1) 3:39 | | | | front(2) 5:25 17:20 | | |
| due(4) 6:14 25:8 31:7 33:23 | | fact(28) 13:21 14:11 14:12 14:20 19:5 22:2 30:1 30:14 30:17 31:3 32:8 32:16 33:5 33:14 33:21 33:24 35:14 35:17 35:23 36:3 36:20 37:4 37:4 37:15 37:16 39:22 42:25 46:20 | | full(3) 13:2 41:24 | | |
| dunn(1) 4:17 | | | | fully(3) 13:18 18:25 19:7 | | |
| during(1) 24:10 | | | | fund(3) 13:1 13:9 13:15 | | |
| dynamic(1) 38:10 | | | | fundamental(1) 33:5 | | |
| dynamics(2) 42:13 43:5 | | facts(2) 12:20 14:11 | | funds(5) 10:8 11:5 13:8 13:11 28:20 | | |
| earlier(1) 46:19 | | fair(1) 15:19 | | furniture(1) 12:18 | | haven't(6) 12:17 13:18 33:1 37:5 37:15 37:18 |
| early(4) 5:21 19:24 20:3 25:6 | | faith(3) 14:12 38:2 38:2 | | further(4) 11:14 11:17 12:7 26:12 | | |
| earned(1) 10:20 | | familiar(2) 19:16 29:1 | | future(3) 11:2 17:2 40:17 | | |
| easier(1) 8:3 | | far(2) 6:14 13:6 | | garden(1) 26:3 | | having(1) 27:23 |
| easy(1) 29:12 | | fees(17) 10:7 10:12 10:13 10:19 10:23 11:7 11:15 11:17 19:25 26:23 26:25 27:4 27:21 39:16 39:17 39:18 40:2 | | gen(12) 3:39 4:7 5:26 6:3 6:9 6:13 6:24 7:1 7:4 8:13 9:1 9:11 | | he's(2) 33:3 33:4 |
| eckenrod(1) 2:9 | | | | | | hear(2) 7:22 18:12 |
| ecro(1) 1:35 | | | | | | heard(5) 6:15 12:4 15:12 41:19 44:3 |
| effectively(2) 13:3 13:21 | | | | general(3) 13:15 13:16 36:15 | | hearing(10) 6:4 6:5 6:8 6:11 6:12 6:17 7:18 16:10 18:7 28:7 |
| either(5) 20:19 21:4 24:25 29:7 36:5 | | feld(2) 3:4 4:13 | | generally(1) 21:20 | | |
| elect(1) 24:16 | | file(5) 9:15 15:6 31:6 37:6 37:16 | | get(12) 5:14 7:21 8:9 18:18 31:10 34:25 36:7 37:7 37:12 44:9 45:3 47:4 | | |
| electro(1) 17:9 | | filed(26) 6:1 6:6 6:9 6:9 11:13 11:20 13:22 19:1 20:4 20:7 20:9 20:11 22:5 26:7 26:8 31:7 31:12 33:25 34:14 34:17 37:5 37:13 37:15 37:18 37:20 44:18 | | | | hearings(2) 17:3 19:19 |
| electronic(2) 1:44 47:14 | | | | gets(2) 39:15 43:10 | | held(1) 38:25 |
| eli(2) 4:9 7:3 | | | | getting(1) 20:22 | | heller(1) 4:8 |
| eligible(1) 24:21 | | | | gibson(1) 4:17 | | hello(1) 7:6 |
| else(1) 37:24 | | files(1) 22:16 | | ginger(1) 1:35 | | helpful(2) 18:12 22:8 |
| enable(1) 10:24 | | filing(3) 11:13 25:9 43:10 | | give(11) 8:8 13:13 15:4 18:10 19:4 22:19 28:6 32:19 32:20 38:6 39:11 | | herbert(1) 4:21 |
| end(2) 13:5 46:24 | | financial(2) 10:17 11:9 | | | | hercules(1) 2:34 |
| enough(2) 7:20 8:8 | | find(2) 32:15 33:15 37:10 | | | | here(23) 5:17 7:10 12:18 18:5 18:15 20:13 22:24 26:15 28:18 29:14 32:2 33:24 34:5 34:13 34:18 34:19 37:1 39:5 39:15 40:8 40:21 41:13 43:4 |
| enter(2) 10:6 10:15 | | fine(5) 8:1 8:10 15:2 15:17 32:7 | | given(4) 13:10 13:13 13:16 43:6 | | |
| entered(3) 9:9 14:18 41:3 | | finger(1) 2:17 | | gives(3) 33:25 35:23 44:22 | | |
| entities(3) 10:22 31:19 31:21 | | finish(1) 39:20 | | giving(2) 24:11 45:15 | | |
| entitled(2) 23:16 32:1 | | first(17) 5:11 10:4 10:14 13:8 13:9 13:11 13:17 13:22 14:16 14:20 15:7 16:6 24:17 36:9 43:16 44:10 44:21 | | global(1) 34:12 | | here's(1) 32:6 |
| ernst(1) 2:24 | | | | goes(3) 24:16 24:24 36:18 | | hereto(1) 34:10 |
| error(1) 11:16 | | | | going(13) 5:10 5:10 9:21 10:24 12:5 15:23 16:9 16:24 17:1 19:13 26:12 27:14 46:11 | | hewitt(1) 27:6 |
| escrow(2) 10:8 10:16 | | fit(1) 46:14 | | | | highest(2) 13:6 14:13 |
| escrows(2) 10:25 11:6 | | five(2) 47:3 47:9 | | | | his(3) 33:3 44:9 44:9 |
| esq(29) 1:26 1:27 2:6 2:7 2:8 2:9 2:10 2:11 2:12 2:18 2:25 2:33 2:42 2:43 3:5 3:6 3:7 3:14 3:21 3:27 3:34 3:40 3:47 4:4 4:8 4:9 4:14 4:18 4:22 | | fixed(10) 21:23 23:24 24:10 24:25 25:15 28:19 32:21 39:19 40:25 41:2 | | golden(1) 3:20 | | hodara(1) 4:14 |
| | | | | gone(1) 28:22 | | holders(1) 4:3 |
| | | fixing(1) 23:22 | | good(27) 5:3 5:4 5:5 5:19 5:20 7:2 7:7 9:7 9:24 9:25 12:3 12:12 12:13 12:16 14:12 17:18 17:19 17:20 17:22 29:10 29:11 34:1 37:6 38:2 39:13 46:8 46:9 | | holiday(1) 9:5 |
| essence(1) 7:15 | | fleming-delacru(12) 2:8 9:22 9:25 10:1 10:4 10:11 10:19 11:4 12:2 12:3 12:6 12:11 | | | | honor(61) 5:5 5:20 5:26 6:18 6:20 8:1 8:18 8:21 8:23 8:25 9:3 9:7 9:13 9:20 9:21 9:25 10:5 10:12 11:12 12:7 12:12 14:17 14:19 15:13 15:20 15:22 16:13 16:21 16:24 17:6 17:14 17:18 17:21 18:5 19:16 21:19 22:19 22:21 23:19 25:19 29:3 29:10 30:24 32:25 34:4 34:18 37:4 40:13 41:3 41:9 42:10 42:11 43:7 43:13 45:5 46:5 46:16 46:18 46:22 47:10 |
| established(1) 23:10 | | | | | | |
| estate(4) 27:11 27:12 27:13 28:5 | | flip(1) 15:5 | | got(4) 21:12 26:2 26:12 43:7 | | |
| estates(2) 10:24 15:19 | | floor(3) 1:29 2:36 2:45 | | gotten(1) 12:17 | | |
| estimate(2) 27:25 28:25 | | florida(3) 26:19 26:22 39:24 | | gottlieb(3) 2:4 9:23 10:1 | | |
| estimated(3) 25:1 28:9 28:12 | | focusing(1) 25:13 | | grants(2) 16:18 22:21 | | |
| estimation(2) 28:7 28:15 | | footnote(3) 38:15 39:8 42:12 | | gray-haired(1) 37:10 | | |
| evans(1) 47:19 | | for(73) 1:2 1:25 2:4 2:17 2:24 2:32 2:40 3:4 3:12 3:32 3:39 3:46 4:3 4:7 4:13 4:1 4:21 5:5 6:4 6:5 6:10 6:11 6:20 6:25 7:15 8:8 8:10 9:1 9:12 9:18 10:2 10:5 10:9 10:20 11:1 11:7 11:11 11:24 12:20 13:18 13:19 13:23 14:10 14:19 14:19 14:23 16:3 16:22 18:3 18:6 18:15 21:12 21:13 22:25 23:22 24:21 25:22 26:5 26:1 27:24 27:25 28:1 28:17 30:14 33:24 34:7 34:4 37:6 40:10 41:18 41:23 45:21 47:8 | | great(3) 8:21 9:5 9:5 | | |
| even(15) 12:17 22:5 22:5 22:6 24:4 24:21 24:22 29:13 30:6 31:23 36:3 37:12 37:22 42:2 42:5 | | | | gregory(1) 3:20 | | honor's(2) 29:3 29:4 |
| | | | | gross(1) 1:20 | | honorable(1) 1:20 |
| | | | | group(1) 4:3 | | hopefully(1) 5:24 |
| | | | | groups(1) 15:24 | | how(7) 5:9 8:7 8:7 31:25 34:24 38:12 |
| event(4) 26:20 28:23 43:2 43:3 | | | | gump(2) 3:4 4:13 | | however(1) 11:13 |
| events(1) 45:15 | | | | hac(1) 9:23 | | hyacinth(1) 14:5 |
| ever(1) 26:12 | | | | | | hypotheticals(2) 39:12 39:14 |
| every(4) 31:10 32:8 35:5 36:3 | | foregoing(1) 47:13 | | had(17) 12:14 13:1 13:5 14:8 16:14 20:9 26:23 28:22 32:2 34:17 37:6 39:24 40:14 41:4 41:6 41:22 45:16 | | i'd(3) 7:22 30:24 46:12 |
| everyone(1) 5:3 | | forest(28) 2:11 29:10 29:12 29:16 29:21 29:25 30:24 31:5 31:17 32:24 33:21 34:7 38:7 38:10 38:14 42:15 42:23 43:13 43:1 43:15 43:23 44:1 44:7 44:9 44:12 44:14 44:16 45:2 | | | | i'll(8) 8:12 15:4 18:18 25:19 25:22 34:4 38:6 41:9 |
| everything(2) 12:15 17:2 | | | | | | |
| exactly(4) 18:14 36:25 42:18 43:4 | | | | | | |
| exaggerate(1) 39:21 | | | | hadley(1) 4:3 | | |
| example(12) 22:10 23:8 23:9 28:1 29:4 29:5 29:7 29:14 29:21 30:19 30:22 44:20 | | | | hadn't(2) 20:11 28:7 | | i'm(10) 8:2 8:10 9:21 14:3 15:11 15:22 17:7 25:16 46:11 46:20 |
| | | forest's(1) 42:9 | | hamilton(2) 2:5 10:2 | | |
| | | forever(1) 21:8 | | hand(2) 14:19 15:6 | | |
| exception(1) 36:14 | | forget(2) 35:22 35:24 | | handed(1) 15:3 | | i've(4) 15:3 18:11 20:21 43:7 |
| excuse(2) 33:2 42:12 | | form(2) 17:9 37:24 | | happen(1) 27:10 | | identify(1) 31:23 |
| excused(3) 9:1 46:19 46:21 | | forms(1) 10:12 | | happened(2) 27:1 39:22 | | immediately(2) 23:25 46:12 |
| exercisable(1) 24:1 | | formula(1) 11:1 | | happens(1) 22:24 | | implication(2) 22:9 25:18 |
| exercise(6) 13:9 13:12 13:22 14:15 15:7 15:7 | | forth(4) 12:21 12:24 13:1 40:14 | | happy(2) 5:20 8:2 | | important(1) 33:6 |
| | | forward(5) 16:9 16:25 17:1 19:13 22:20 | | harrisburg(1) 1:39 | | in-house(1) 18:2 |
| exercised(1) 24:7 | | found(2) 12:5 12:15 | | harron(1) 2:43 | | inc(4) 1:9 3:39 4:7 34:9 |
| exhibit(1) 34:9 | | | | | | include(2) 34:10 35:21 |
| exist(2) 25:13 43:1 | | | | | | includes(1) 36:1 |
| existed(1) 30:9 | | | | | | inconsistencies(1) 44:20 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| inconsistent(1) 30:16 | | kathy(1) 17:24 | | lifted(2) 23:12 29:6 | | miller(3) 3:14 17:24 18:1 | |
| incurred(9) 10:13 11:8 11:17 19:24 26:24 26:24 39:16 39:17 42:1 | | katzenstein(2) 3:12 17:24 | | light(1) 46:13 | | million(17) 14:13 18:16 18:21 19:1 19:3 22:14 22:14 22:22 22:24 28:2 28:5 34:16 34:23 34:24 34:24 39:16 41:18 | |
| | | kay-oliphant(8) 4:9 7:3 7:3 7:6 7:8 7:25 8:14 8:23 | | like(15) 5:15 7:20 8:2 9:15 17:4 19:16 23:1 30:13 33:11 33:19 39:6 39:10 45:4 46:11 46:12 | |
| indeed(3) 19:20 19:20 26:15 | | | | | | | |
| indemnifiabl(1) 20:1 | | keep(1) 35:3 | | likelihood(1) 31:2 | | millions(3) 19:24 39:17 39:17 | |
| indemnification(2) 18:22 42:8 | | kevin(2) 1:20 3:34 | | likely(1) 28:23 | | mine(1) 29:7 | |
| indemnity(2) 19:8 28:17 | | key(1) 15:21 | | likewise(3) 7:10 7:15 8:14 | | minute(3) 15:4 18:18 47:4 | |
| indicated(2) 7:15 26:11 | | kim(1) 2:6 | | limited(5) 10:8 11:6 12:20 13:14 13:17 | | minutes(2) 31:7 47:9 | |
| indication(1) 34:1 | | kind(3) 5:9 30:11 36:11 | | limits(1) 23:25 | | missouri(1) 35:13 | |
| indiscernible(6) 7:17 18:15 21:1 22:8 24:19 26:11 | | kindly(1) 39:9 | | line(6) 11:24 15:4 29:4 30:3 30:14 30:14 | | modifications(1) 16:2 | |
| | | kinds(3) 7:16 15:24 36:19 | | liquidated(9) 18:17 18:18 18:25 19:7 25:10 28:8 30:2 30:3 34:19 | | moment(3) 16:22 21:14 21:22 | |
| information(2) 11:20 37:12 | | king(3) 2:20 3:35 3:48 | | | | mona(1) 2:25 | |
| infringement(2) 27:23 31:17 | | know(30) 8:9 13:14 17:24 20:2 22:4 22:4 22:14 23:2 23:20 24:1 25:11 26:2 26:11 27:13 27:21 29:12 29:13 35:8 35:14 37:6 37:11 37:13 37:17 38:14 42:9 42:11 42:15 42:16 44:19 47:1 | | liquidating(1) 30:1 | | monday(1) 8:7 | |
| ingersoll(1) 2:24 | | | | lisa(1) 2:7 | | money(2) 27:14 33:22 | |
| instance(1) 24:17 | | | | literally(1) 25:1 | | monitor(1) 2:24 | |
| instead(2) 13:25 17:1 | | | | litigate(1) 26:22 | | more(3) 12:15 20:8 45:1 | |
| interest(5) 12:20 13:4 13:10 13:25 15:18 | | | | litigated(1) 39:23 | | morning(22) 5:3 5:4 5:5 5:10 5:19 5:20 6:16 7:2 8:7 9:7 9:24 9:25 10:5 12:4 12:12 12:13 17:18 17:19 17:23 18:5 29:10 29:11 | |
| interesting(1) 46:15 | | known(4) 19:8 19:14 37:12 37:14 | | litigation(7) 19:8 19:9 19:13 20:2 20:3 26:19 26:25 | |
| interests(3) 12:19 12:22 13:20 | | knows(1) 37:9 | | | | | |
| interrupt(2) 9:11 21:13 | | kpmg(3) 11:8 11:14 11:18 | | little(3) 18:10 20:8 31:14 | | morris(3) 1:25 3:39 5:6 | |
| into(7) 6:17 10:6 10:15 15:8 20:22 22:17 22:18 | | kreller(1) 4:4 | | llc(3) 3:33 12:20 12:23 | | most(3) 14:5 24:17 33:17 | |
| | | laddin(45) 3:21 17:18 17:20 17:23 18:2 18:5 18:14 19:10 19:12 19:20 20:7 21:6 21:8 21:16 21:19 21:25 22:2 22:13 23:19 27:5 27:9 28:4 28:11 29:7 29:9 30:10 32:2 35:8 39:15 41:8 41:9 41:14 42:4 43:12 44:5 45:5 45:8 46:1 46:3 46:5 46:7 46:10 46:16 | | llp(4) 2:32 3:13 3:20 3:39 | | mostly(1) 16:1 | |
| | | | | local(1) 9:1 | | motion(28) 6:2 6:6 6:9 6:9 6:14 6:18 7:12 10:5 10:12 11:4 11:11 11:13 12:9 12:18 12:21 12:24 13:1 15:25 16:23 17:15 18:6 19:6 20:8 37:7 37:13 40:22 44:10 45:3 | |
| invoices(1) 11:18 | | | | long(2) 27:11 30:4 | | | |
| involve(1) 36:5 | | | | longer(1) 29:23 | | | |
| involved(4) 7:21 26:5 26:16 31:24 | | | | look(15) 8:11 23:7 23:20 33:11 33:14 33:24 34:4 34:7 35:24 35:25 36:20 37:21 37:22 38:6 38:21 | | moving(1) 6:14 | |
| involves(1) 19:6 | | | | | | much(5) 9:3 12:7 43:12 45:2 46:7 | |
| involving(1) 35:10 | | laddin's(2) 30:19 30:22 | | | | must(1) 25:8 | |
| irrelevant(2) 30:12 30:12 | | landlord(1) 31:6 | | looked(1) 17:4 | | myself(1) 8:12 | |
| isn't(3) 29:8 32:8 38:5 | | language(2) 23:24 32:13 | | looking(1) 40:10 | | names(1) 13:14 | |
| issue(18) 5:24 6:21 7:13 7:13 21:1 21:2 21:14 23:11 23:16 26:10 26:23 29:5 33:24 36:6 36:8 42:22 46:14 46:15 | | last(6) 6:2 13:21 20:10 28:5 28:20 45:3 | | lot(7) 37:5 37:11 37:21 38:21 39:10 39:10 39:12 | | narrow(3) 18:8 18:13 21:3 | |
| | | late(1) 19:23 | | | | nature(2) 21:11 45:12 | |
| | | later(5) 20:8 20:9 43:1 45:20 45:21 | | | | necessarily(2) 7:21 31:2 | |
| issues(1) 18:13 | | latham(2) 4:7 7:4 | | lower(3) 41:20 41:21 45:10 | | necessary(1) 9:17 | |
| it's(43) 6:8 7:12 8:3 8:4 17:22 20:20 21:12 21:19 22:13 23:1 23:5 23:10 23:13 24:3 27:14 28:16 30:13 30:14 30:16 30:17 32:3 32:5 32:14 33:3 33:22 34:19 34:20 35:7 35:25 36:20 37:24 37:25 40:3 40:4 40:6 40:14 42:24 43:1 44:2 44:22 45:3 45:12 46:15 | | law(59) 21:9 21:14 21:15 21:15 21:16 21:17 21:20 22:3 22:22 22:25 23:5 24:4 24:7 24:12 25:23 26:3 30:8 30:16 30:17 30:25 32:5 32:6 32:8 32:9 32:17 32:17 32:17 33:8 33:16 34:1 35:1 35:9 35:9 35:10 35:13 35:15 35:19 35:22 35:23 36:2 36:6 36:7 36:20 36:24 37:1 37:2 38:3 39:4 39:12 40:14 40:20 40:21 42:9 42:11 42:16 42:18 44:22 44:23 45:12 | | ltd(1) 4:21 | | need(2) 5:24 28:12 | |
| | | | | luke(1) 2:10 | | needs(3) 27:7 28:15 47:7 | |
| | | | | luton(1) 2:42 | | negotiated(1) 14:12 | |
| | | | | mace(1) 1:35 | | negotiating(1) 45:9 | |
| | | | | made(6) 10:21 10:25 30:6 33:17 35:6 | | neil(1) 2:11 | |
| | | | | mailings(1) 13:4 | | networks(4) 1:9 4:21 10:8 11:6 | |
| item(8) 9:18 9:21 16:22 16:23 17:6 17:7 17:8 17:15 | | | | main(3) 13:13 44:10 44:21 | | new(35) 2:14 3:9 7:12 21:15 21:16 22:2 25:22 26:13 30:25 32:5 32:6 32:8 32:9 32:17 33:2 33:4 33:7 33:11 33:13 33:16 34:1 35:1 35:4 35:4 35:5 35:9 37:1 37:2 37:21 38:3 39:6 39:20 40:15 40:20 40:21 | |
| | | | | make(5) 8:12 8:14 35:15 38:15 41:24 | | | |
| items(3) 15:23 15:24 20:5 | | | | makes(2) 29:13 30:7 36:14 | | | |
| its(9) 10:17 12:23 15:7 18:6 19:2 20:4 20:13 32:14 44:10 | | law-based(1) 7:12 | | manner(1) 11:18 | | | |
| | | laws(1) 39:6 | | many(5) 13:8 25:20 31:25 34:24 45:20 | | | |
| itself(2) 13:16 28:14 | | lawsuit(2) 26:3 31:19 | | market(4) 1:12 1:28 2:35 3:42 | | next(10) 5:25 5:25 11:4 12:9 15:22 16:10 16:12 17:6 22:21 36:21 | |
| jaime(1) 2:42 | | lawsuits(1) 33:23 | | markman(3) 19:15 19:19 19:21 | | | |
| jane(1) 2:6 | | layton(1) 2:17 | | materials(1) 11:22 | | | |
| janet(1) 4:18 | | lazard(5) 10:7 10:15 10:16 10:21 11:2 | | matter(7) 9:18 21:9 22:7 27:11 29:25 37:24 47:15 | | nichols(2) 1:25 5:6 | |
| january(1) 19:22 | | lead(1) 38:16 | | | | night(1) 20:10 | |
| jenkins(1) 3:12 | | least(2) 18:13 41:1 | | | | nni(2) 10:20 12:22 | |
| john(1) 4:22 | | leave(1) 46:21 | | matters(3) 5:11 5:12 5:16 | | non(1) 32:21 | |
| join(1) 8:11 | | led(1) 14:8 | | matured/unmature(1) 41:11 | | non-bankruptcy(2) 32:4 36:23 | |
| joint(4) 2:40 6:5 6:8 13:6 | | left(2) 15:24 26:20 | | matures(1) 24:10 | | non-contingent(6) 18:25 32:21 32:23 32:24 37:3 44:19 | |
| judge(12) 1:21 23:14 25:23 26:4 38:8 38:19 38:21 38:23 40:3 42:13 42:18 43:6 | | legal(7) 19:25 39:16 39:17 39:18 40:2 40:11 45:14 | | may(16) 9:1 11:2 11:25 12:1 16:19 23:1 24:16 34:23 37:10 39:14 39:16 39:18 40:15 45:20 46:18 46:21 | |
| | | | | | | non-disputed(3) 32:23 32:24 37:4 | |
| judgment(1) 25:10 | | legion(1) 25:2 | | | | none(2) 27:1 35:4 | |
| jurisdictions(1) 33:15 | | len(1) 18:2 | | maybe(1) 23:3 | | nortel(38) 1:9 4:21 6:1 10:8 10:22 11:6 12:22 13:2 14:5 18:24 19:4 20:9 20:13 21:3 22:4 22:9 23:4 25:16 26:5 27:22 28:4 28:16 31:22 31:22 31:23 34:1 34:11 34:13 39:14 39:18 39:19 40:10 40:12 41:19 42:3 42:4 42:7 45:18 45:24 | |
| jury(8) 22:11 22:15 22:17 22:19 22:22 22:22 30:20 43:9 | | length(2) 15:18 37:17 | | mccloy(1) 4:3 | | | |
| | | leonard(1) 3:27 | | mcneill(1) 2:33 | | | |
| just(40) 5:9 5:15 5:23 6:20 8:3 8:4 9:11 9:14 10:24 12:14 14:22 15:16 16:2 16:22 16:22 17:10 21:13 22:6 23:5 25:11 25:19 25:20 25:22 26:24 33:22 35:24 35:24 36:22 39:10 39:20 40:12 43:13 43:15 44:9 44:20 45:1 45:5 45:20 45:24 46:13 | | less(1) 41:24 | | mean(7) 7:10 14:3 24:2 25:12 25:19 30:16 39:19 | | | |
| | | let(8) 8:10 9:11 18:10 21:13 31:14 34:21 38:4 44:9 | | | | | |
| | | | | meaning(1) 31:1 | | nortel's(3) 22:24 23:17 26:25 | |
| | | let's(8) 8:16 23:13 29:14 30:19 35:22 35:24 35:24 35:25 | | means(1) 27:15 | | north(4) 1:28 2:20 2:35 3:42 | |
| | | | | megan(3) 2:8 9:22 10:1 | | | |
| justify(1) 13:2 | | | | members(1) 13:9 | | | |
| kahn(1) 3:6 | | letter(2) 11:16 42:8 | | membership(1) 12:20 | | | |
| karbuck(1) 11:9 | | liability(12) 23:10 27:22 29:22 31:2 31:3 31:19 31:20 32:19 32:20 42:2 45:16 45:22 | | memory(1) 38:5 | | | |
| kathleen(1) 3:14 | | | | mention(1) 31:21 | | | |
| | | | | mentioned(1) 43:16 | | | |
| | | liable(2) 23:11 28:16 | | merit(1) 42:6 | | | |
| | | liberty(1) 2:13 | | might(2) 34:20 47:1 | | | |
| | | | | milbank(1) 4:3 | | | |

Word Page:Line

**not**(67) 5:16 6:16 7:10 7:13 9:18 19:7 20:9 20:20 21:19 23:1 23:5 23:5 23:6 23:24 24:4 24:6 24:14 26:10 26:13 27:21 28:16 28:17 28:22 28:23 29:19 30:1 30:2 30:2 30:5 30:21 30:23 31:2 31:8 31:13 32:7 32:17 33:15 33:23 34:18 34:19 34:22 35:7 35:10 36:2 36:20 37:24 37:25 38:17 38:25 40:3 40:6 40:12 40:14 40:20 41:16 41:17 41:17 41:24 41:25 42:6 42:17 42:23 44:4 44:10 45:12 45:13 46:11
**note**(2) 11:21 33:19
**nothing**(2) 16:24 39:15
**notice**(8) 6:1 6:4 13:11 13:13 13:16 13:22 15:6 28:6
**noticed**(1) 6:11
**notwithstanding**(2) 19:5 35:22
**november**(7) 1:15 5:1 11:11 11:13 11:20 11:22 47:18
**now**(19) 8:2 8:5 11:23 12:7 14:2 20:13 22:22 23:14 23:15 25:15 30:5 31:24 34:19 34:21 34:21 37:4 37:25 41:7 41:20
**number**(11) 13:20 28:1 29:18 29:18 34:22 34:22 34:24 35:4 35:4 41:15 41:15
**objection**(15) 9:9 11:10 11:12 16:6 16:13 16:24 16:25 17:8 20:11 22:5 28:18 37:5 37:15 37:18 37:20
**objections**(4) 11:12 15:25 16:1 20:9
**obligation**(3) 24:5 42:4 42:6
**obviously**(6) 10:16 14:15 20:5 22:17 26:25 28:25
**occur**(1) 28:24
**occurred**(2) 44:2 45:16
**occurs**(1) 28:21
**off**(9) 24:7 24:13 28:10 30:8 35:8 36:9 39:8 40:11 40:18
**off-set**(1) 24:5
**offer**(1) 14:13
**office**(2) 3:46 11:22
**official**(3) 2:17 3:4 4:13
**often**(1) 24:17
**okay**(25) 6:7 8:6 9:13 9:20 15:21 16:4 16:11 21:20 21:25 27:16 27:20 27:25 28:11 28:12 28:19 28:23 31:15 34:7 34:21 38:7 41:16 42:20 44:11 46:2 47:6
**omnibus**(6) 15:25 16:1 16:6 16:12 16:23 17:7
**one**(39) 2:13 2:19 3:8 3:28 9:18 11:6 13:2 13:25 14:18 14:22 14:23 15:9 15:25 16:6 16:22 18:20 21:3 21:9 25:6 25:9 26:15 28:13 29:16 29:19 31:15 33:15 37:10 37:10 37:11 37:18 37:19 38:2 38:25 39:13 40:19 41:15 45:5 45:21 47:8
**only**(8) 23:7 27:21 27:23 28:20 31:13 32:19 32:20 33:10
**onto**(1) 16:25
**open**(4) 8:11 26:20 27:12 27:20
**opinion**(3) 42:19 43:5 46:14
**opinions**(1) 46:13
**opposed**(1) 15:9
**order**(17) 9:9 10:5 11:23 11:24 12:5 14:17 14:19 14:24 14:25 15:4 15:14 15:24 16:5 16:13 16:18 17:10 41:3
**ordinarily**(2) 39:3 42:16
**original**(1) 15:9
**originally**(1) 19:1
**other**(14) 13:9 14:9 14:22 21:20 22:3 31:10 33:12 33:14 35:9 36:15 41:5 42:9 42:10 43:19
**others**(1) 28:12
**our**(14) 7:12 7:18 7:20 16:25 17:1 25:2 25:20 26:19 28:2 34:3 37:5 37:13 46:18 46:25
**ours**(1) 40:14
**ourselves**(1) 8:14
**out**(24) 6:12 6:15 6:19 6:21 10:25 11:1 13:21 14:23 15:23 22:6 24:4 24:16 25:7 25:19 25:21 25:22 26:1 30:25 33:7 37:7 37:11 39:14 43:16 43:18
**outcome**(1) 37:23
**outset**(1) 42:15
**over**(9) 5:11 9:22 12:8 17:16 22:20 25:4 27:13 31:10 46:25
**overstatement**(1) 39:9
**owed**(4) 11:2 20:1 33:22 34:8
**owes**(1) 22:23
**p.o**(2) 1:30 2:46
**page**(4) 38:5 42:12 42:19 44:12
**paid**(4) 39:24 40:2 40:7 40:9
**papers**(9) 18:11 25:20 28:2 29:17 33:6 35:14 37:13 37:17 46:9
**paragraph**(4) 34:7 35:16 44:14 45:14
**parikh**(1) 2:25
**park**(1) 3:8
**part**(1) 14:22
**participating**(1) 13:15
**particular**(3) 11:15 21:22 45:10
**particularly**(2) 13:12 24:18
**parties**(4) 6:19 8:8 19:14 22:21
**partner**(4) 13:13 13:16 13:16 34:12
**partners**(4) 3:32 12:24 13:15 13:17
**partnership**(1) 12:20
**parts**(2) 14:22 20:25
**party**(2) 24:5 26:18
**past**(1) 36:7
**patent**(6) 19:9 19:15 19:16 27:23 31:17 31:22
**path**(14) 19:8 26:19 26:25 27:9 27:17 28:1 28:11 28:13 28:22 31:13 37:8 39:13 40:23 41:25
**patrick**(1) 3:47
**pawn**(1) 40:11
**pay**(1) 10:16
**payable**(2) 6:3 10:7
**paying**(1) 11:8
**payments**(4) 10:21 10:23 10:25 11:2
**peck**(1) 25:23
**pending**(1) 26:18
**pennies**(1) 22:25
**pennsylvania**(1) 1:39
**penny**(1) 23:3
**people**(3) 5:16 13:5 47:4
**perfect**(1) 8:18
**perform**(1) 11:9
**perhaps**(1) 45:13
**periods**(1) 13:18
**permit**(1) 24:4
**permitted**(2) 25:24 26:1
**permutation**(1) 36:19
**perspective**(1) 45:15
**pertain**(1) 18:22
**petition**(33) 18:7 21:7 21:8 21:10 23:15 24:1 25:6 25:15 25:15 30:4 30:9 30:10 30:15 30:20 31:1 31:12 32:5 34:20 36:13 38:19 40:16 40:25 41:22 42:8 43:22 43:24 44:2 44:3 44:4 44:17 45:9 45:17 45:18
**phone**(3) 5:17 6:23 6:25
**pick**(3) 8:2 42:10 42:12
**place**(3) 19:21 22:17 43:2
**places**(1) 43:5
**plain**(1) 22:6
**plan**(1) 24:24
**plaza**(3) 2:13 2:34 3:15
**please**(4) 5:4 16:20 22:19 46:19
**podium**(3) 9:22 12:8 17:16
**point**(14) 23:12 24:16 25:6 25:19 25:22 28:10 30:4 33:6 37:16 40:17 43:16 45:6 45:20 45:21
**pointed**(1) 24:4
**position**(1) 39:6
**possibility**(4) 26:20 31:2 32:19 32:20
**post-confirmation**(2) 25:25 26:1
**post-petition**(4) 25:10 25:17 43:2 43:3
**potential**(1) 13:4
**potter**(1) 2:32
**ppearances**(3) 1:23 2:1 3:1
**pre**(2) 18:6 25:14
**pre-petition**(4) 19:7 23:10 29:8 34:8
**pre-petitioned**(2) 22:25 23:24
**precisely**(4) 19:10 19:10 35:18 46:1
**preclude**(1) 39:2
**precluding**(1) 38:17
**prefer**(1) 7:17
**prepare**(1) 11:9
**prepared**(1) 7:22
**presenting**(1) 12:9
**preserved**(2) 41:4 41:5
**pretty**(1) 18:8
**prevails**(1) 18:9
**prevent**(1) 26:14
**previously**(1) 10:22
**price**(5) 6:3 10:25 11:8 13:19 15:19
**primarily**(1) 18:19
**primary**(1) 21:2
**prior**(5) 25:8 28:14 42:7 45:16 45:18
**priority**(1) 31:10
**pro**(1) 9:23
**probably**(2) 8:4 19:22
**problems**(1) 15:14
**proceedings**(5) 1:19 1:44 7:9 47:11 47:15
**proceeds**(1) 11:6
**process**(8) 13:3 13:6 14:11 22:11 23:22 23:22 28:25 29:1
**produced**(1) 1:45
**product**(1) 31:23
**products**(2) 31:22 39:19
**professional**(2) 10:11 10:13
**projects**(1) 11:19
**promissory**(1) 33:19
**proof**(6) 20:4 32:3 33:25 34:2 34:14 44:18
**propose**(1) 6:19
**proposing**(1) 28:9
**proposition**(3) 23:6 24:2 26:14
**provide**(1) 11:21
**provides**(2) 13:19 35:18
**providing**(1) 15:6
**provisions**(3) 15:6 18:22 38:20
**prudent**(1) 24:18
**purchase**(3) 6:3 10:25 13:4
**purchased**(1) 34:11
**purchasers**(2) 12:23 14:4
**put**(8) 7:16 13:5 13:7 25:20 28:1 34:16 39:9 40:14
**pwc**(2) 11:14 11:16
**question**(6) 18:9 29:7 33:22 36:24 36:24 38:4
**questions**(2) 12:8 14:16
**quickly**(2) 9:12 16:3
**quite**(4) 17:24 32:11 32:11 32:18
**quote**(3) 34:4 36:9 38:23
**quotes**(3) 36:9 36:15 36:15
**qureshi**(1) 3:7
**ran**(1) 13:3
**ratchet**(1) 13:19
**rather**(2) 24:8 26:7
**reach**(1) 23:4
**reached**(4) 6:12 6:15 17:8 19:2
**read**(2) 18:11 36:10
**reading**(2) 15:11 43:6
**ready**(2) 28:20 28:21
**real**(1) 9:12
**really**(7) 6:17 7:14 21:2 22:3 37:16 45:3 45:12
**reason**(5) 28:16 30:14 32:1 35:1 45:21
**reasonable**(2) 15:19 40:5
**reasoning**(1) 39:1
**reasons**(1) 37:6
**recall**(1) 16:14
**receive**(1) 11:14
**received**(2) 11:11 11:15
**receiving**(1) 14:14
**recently**(1) 14:5
**recess**(1) 47:8
**recognize**(1) 24:12
**recognized**(2) 24:2 33:19
**recognizes**(2) 26:2 30:8
**record**(2) 5:6 25:22
**recorded**(1) 1:44
**recording**(2) 1:44 47:14
**recovery**(1) 26:21
**reduce**(1) 19:3
**reduced**(3) 45:19 45:20 45:21
**reduction**(1) 19:4
**refer**(1) 39:20
**reflected**(1) 34:9
**reflecting**(1) 11:23
**reflects**(1) 17:10
**refund**(1) 41:22
**refusal**(8) 13:8 13:10 13:11 13:17 13:22 14:16 14:20 15:8
**regard**(5) 9:7 9:8 9:21 17:2 22:4
**regarding**(3) 10:6 11:15 11:18
**regardless**(1) 20:1
**regards**(2) 16:7 17:8
**reimburse**(1) 10:20
**reimbursement**(2) 10:9 11:7
**rejection**(10) 36:10 36:11 36:12 38:11 38:16 38:25 42:21 43:3 43:17 43:17
**relate**(3) 43:18 43:21 43:23
**relates**(2) 34:11 40:5
**relating**(3) 10:13 18:16 19:7
**relatively**(1) 7:12
**release**(2) 10:8 11:5
**relevant**(1) 9:18
**relief**(6) 6:2 6:10 10:12 22:19 22:21 34:14
**remain**(1) 23:23
**remains**(2) 24:23 25:14
**remember**(1) 14:6
**rendered**(1) 30:21
**rent**(2) 17:9 31:7
**repeating**(1) 24:3
**repeats**(2) 24:13 24:20
**reply**(8) 25:2 32:14 35:16 35:16 38:5 39:8 44:10 44:21
**represent**(1) 7:4
**request**(2) 7:17 14:17
**require**(2) 24:6 47:1
**requirement**(1) 25:8
**reread**(1) 46:12
**resituated**(1) 47:4
**resolution**(1) 25:25
**resolve**(3) 24:16 26:12 41:23
**resolved**(3) 8:9 16:17 23:16
**resolves**(1) 28:14
**respect**(15) 6:2 18:18 27:5 27:6 27:9 27:10 27:17 31:11 37:7 37:8 40:23 40:24 41:1 42:5 42:9
**respectfully**(2) 7:16 14:17

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| respects(2) 20:23 37:21 | | seeks(2) 10:12 11:4 | | sorry(3) 14:3 17:7 46:20 | | switch(15) 5:11 18:23 18:25 19:5 20:22 34:11 37:8 40:23 41:17 41:18 41:19 44:4 44:16 45:17 46:25 | |
| response(3) 17:11 20:13 20:21 | | seem(2) 20:25 29:13 | | sought(1) 34:14 | | | |
| rest(2) 14:2 32:16 | | seen(1) 20:21 | | sound(2) 1:44 47:14 | | take(13) 5:9 5:10 6:10 19:21 22:10 23:7 27:14 31:10 38:20 42:20 42:21 47:2 47:3 | |
| result(10) 19:2 20:2 20:2 23:4 25:24 26:17 27:22 41:13 42:19 43:4 | | select(1) 34:9 | | sounds(2) 7:19 19:16 | | | |
| | | sell(3) 12:15 12:19 13:10 | | source(3) 36:25 37:1 40:21 | | taken(1) 43:2 | |
| results(1) 38:16 | | sellers(2) 12:21 14:3 | | southern(1) 25:21 | | takes(3) 21:9 37:25 41:10 | |
| revenue(1) 16:8 | | selling(1) 10:22 | | specific(1) 34:2 | | taking(1) 39:6 | |
| reviewed(1) 15:13 | | sense(2) 45:8 45:13 | | specifically(4) 33:13 36:12 36:14 43:18 | | talk(5) 6:20 33:17 33:18 39:12 39:13 | |
| revised(5) 11:23 15:4 16:5 16:13 17:9 | | sent(1) 42:7 | | speculative(1) 31:14 | | talking(1) 19:19 | |
| richards(1) 2:17 | | sentence(1) 44:16 | | splits(1) 15:8 | | taylor(1) 2:41 | |
| ridge(3) 3:29 26:3 | | separate(1) 14:1 | | spoke(1) 42:23 | | tee(1) 28:6 | |
| right(78) 5:13 5:18 6:18 6:23 7:19 8:5 8:13 8:16 8:19 8:24 9:14 12:4 12:6 13:8 13:9 13:11 13:12 13:17 13:22 14:2 14:15 14:20 15:7 16:20 16:21 17:12 17:13 17:14 18:4 20:16 21:5 21:8 21:24 22:1 22:13 24:6 24:11 24:12 26:3 27:3 27:8 28:3 28:16 29:4 29:20 29:24 31:4 31:9 32:5 32:6 33:3 33:5 33:20 34:22 35:4 35:23 35:24 36:2 36:7 36:16 37:1 37:3 38:24 39:4 40:12 40:21 41:4 41:7 41:7 41:22 43:10 44:7 44:8 44:23 46:4 46:6 46:22 47:5 | | separately(1) 19:6 | | square(1) 2:19 | | teed(2) 6:5 14:2 | |
| | | separation(1) 14:20 | | stage(1) 18:9 | | teeing(1) 5:24 | |
| | | september(1) 20:5 | | stand(3) 14:10 26:14 47:8 | | telecom(5) 18:24 20:14 27:6 40:24 41:16 | |
| | | service(2) 1:37 1:45 | | standard(1) 25:1 | | telecommunication(1) 18:20 | |
| | | services(2) 1:37 34:9 | | stargatt(1) 2:40 | | telephone(4) 6:20 7:23 7:23 8:20 | |
| | | set(12) 9:14 12:21 12:23 13:1 24:6 24:12 28:9 30:7 35:7 36:8 39:7 40:18 | | start(1) 29:14 | | telephonic(1) 4:1 | |
| | | | | startech(3) 13:23 14:1 14:23 | | tell(2) 13:15 31:14 | |
| | | | | startech's(1) 15:7 | | temporarily(1) 32:13 | |
| | | | | state(25) 21:15 21:15 21:16 21:17 24:4 24:7 24:11 26:3 26:6 30:8 35:15 35:19 35:22 35:23 36:7 36:20 39:4 39:6 39:11 40:13 42:11 42:16 42:18 44:22 44:23 | | temporary(2) 32:14 32:15 | |
| rights(8) 18:7 30:8 30:18 35:19 36:23 36:23 41:4 44:24 | | set-off(59) 18:7 18:16 20:7 20:15 21:9 21:12 21:22 22:7 23:3 23:17 23:25 24:11 24:15 24:21 25:5 25:24 26:1 26:3 26:9 26:15 26:16 26:17 26:20 27:3 29:6 30:4 30:8 30:23 32:3 32:4 32:12 32:21 33:9 33:10 34:21 35:12 35:19 35:23 36:2 36:7 36:23 36:23 37:3 38:3 38:17 38:18 39:2 39:3 40:18 40:21 41:4 41:6 41:7 42:18 42:23 43:10 44:23 44:24 | | | | tennessee(2) 16:8 35:10 35:12 | |
| | | | | statement(4) 20:19 35:15 35:17 38:14 | | term(1) 33:8 | |
| | | | | statements(1) 11:9 | | termini(3) 39:21 39:22 | |
| rise(5) 24:11 32:19 32:20 44:22 45:15 | | | | states(4) 1:1 1:21 30:6 36:6 | | terms(2) 41:15 45:11 | |
| robin(1) 2:12 | | | | status(1) 16:7 | | test(1) 38:5 | |
| rodney(1) 2:19 | | | | statute(2) 33:7 33:12 | | testimony(1) 14:10 | |
| rofr(1) 14:15 | | | | stay(8) 6:10 22:17 22:19 22:21 23:12 29:5 30:13 34:14 | | texas(1) 19:13 | |
| rooney(1) 2:24 | | | | | | than(5) 20:9 26:7 32:16 35:9 43:19 | |
| ross(5) 3:40 8:25 8:25 9:3 9:5 | | set-offable(3) 39:1 40:4 40:6 | | steen(2) 2:4 10:1 | | thank(51) 5:3 5:18 7:2 8:18 8:21 8:22 8:23 8:25 9:3 9:6 9:10 9:20 9:24 12:1 12:2 12:3 12:6 12:10 12:10 12:11 15:2 15:16 15:20 16:21 17:4 17:12 17:14 17:17 29:8 29:9 29:9 32:25 34:6 41:7 41:8 41:8 43:10 43:12 45:1 45:2 46:6 46:7 46:8 46:8 46:10 46:16 46:17 46:22 47:3 47:8 47:10 | |
| rule(3) 32:2 36:15 46:12 | | set-offs(2) 26:10 33:7 | | stephen(1) 2:33 | | | |
| ruling(3) 9:15 19:21 35:11 | | sets(1) 11:1 | | still(8) 18:12 19:12 19:14 20:11 23:23 26:1 27:19 42:6 | | | |
| run(3) 13:18 16:2 35:15 | | settlement(1) 12:7 | | | | | |
| runs(2) 22:18 22:18 | | several(2) 14:9 15:23 | | | | | |
| russell(1) 2:9 | | sharing(1) 11:1 | | story(1) 37:9 | | | |
| | | shift(1) 33:1 | | straightforward(1) 43:8 | | | |
| said(11) 21:12 25:7 32:3 34:17 35:8 38:21 40:3 40:15 42:15 43:8 | | shopping(1) 13:3 | | strange(1) 36:11 | | | |
| | | should(7) 7:14 11:21 18:8 27:10 27:11 30:22 31:24 | | strategic(3) 3:32 12:24 | | thanksgiving(1) 5:21 | |
| | | | | strauss(2) 3:4 4:13 | | | |
| sale(11) 11:5 13:19 14:11 14:14 14:18 14:21 14:23 15:8 15:12 15:15 15:18 | | | | street(11) 1:12 1:28 1:38 2:20 2:27 2:35 2:45 3:22 3:35 3:42 3:48 | | | |
| | | shouldn't(1) 41:19 | | | | | |
| | | show(3) 14:25 33:3 33:4 | | | | | |
| sales(3) 10:14 11:10 13:18 | | shuffling(1) 47:1 | | strumpf(1) 30:6 | | | |
| | | side(5) 10:6 10:15 10:23 11:1 34:16 | | stuck(2) 29:8 31:8 | | | |
| same(7) 14:24 22:23 24:13 24:20 29:19 31:6 45:1 | | sign(1) 12:5 | | style(1) 13:2 | | | |
| | | signed(1) 16:20 | | subject(6) 13:21 14:15 19:12 20:15 26:6 26:8 | | | |
| samis(1) 2:18 | | similar(1) 26:19 | | | | | |
| saw(1) 9:10 | | simple(3) 7:12 7:13 29:1 | | | | | |
| say(20) 20:23 22:13 23:13 26:7 30:22 30:23 30:24 32:10 32:12 32:25 33:1 33:2 34:23 35:5 36:22 37:17 39:1 42:25 44:3 44:7 | | simply(8) 20:23 24:15 26:7 29:25 30:8 32:9 32:18 45:19 45:20 | | submitted(3) 9:8 20:18 22:16 | | | |
| | | | | subsidiary(1) 12:23 | | | |
| | | since(4) 7:14 13:14 38:5 44:19 | | substantial(1) 19:24 | | | |
| | | single(4) 23:5 23:6 32:9 35:5 | | success(1) 10:19 | | | |
| saying(7) 22:4 22:9 23:18 28:17 35:22 37:1 45:23 | | sit(1) 20:12 | | such(3) 35:19 39:3 44:23 | | | |
| | | sitting(1) 22:20 | | suchyta(2) 3:27 18:2 | | | |
| | | situation(2) 40:8 40:8 | | suddenly(1) 25:16 | | | |
| says(18) 22:19 23:7 24:14 32:6 33:9 33:9 34:8 34:22 36:12 37:19 38:15 38:17 38:23 39:4 39:9 39:16 42:19 | | skipping(1) 16:22 | | suggesting(2) 25:18 27:15 | | | |
| | | slightly(1) 15:23 | | suisse(3) 4:17 12:25 13:7 | | | |
| | | slipped(1) 16:25 | | suit(2) 26:17 26:22 | | | |
| | | small(1) 16:2 | | suite(5) 2:27 3:16 3:22 3:41 3:48 | | | |
| scheduling(3) 5:15 6:21 7:22 | | smith(3) 3:12 4:21 17:24 | | sum(7) 11:16 19:3 28:19 34:10 41:20 41:21 45:10 | | | |
| schuylkill(1) 1:38 | | snapshot(7) 21:10 23:7 30:11 32:2 42:20 42:21 43:2 | | | | | |
| schweitzer(21) 2:7 5:15 5:19 5:20 5:23 6:8 6:25 8:1 8:6 8:10 8:18 8:21 12:8 12:12 12:14 12:17 13:13 13:25 14:8 15:2 15:3 15:20 | | | | | | | |
| | | snmp(1) 16:7 | | summarize(1) 40:13 | | | |
| | | sold(2) 12:14 14:3 | | summer(1) 8:25 | | | |
| scope(2) 18:7 19:15 | | solely(2) 27:17 28:11 | | sums(1) 34:8 | | | |
| seated(1) 5:4 | | soliciting(1) 13:4 | | supplemental(1) 16:18 | | | |
| second(2) 18:21 44:16 | | some(10) 5:15 12:15 20:14 31:25 35:13 36:6 40:16 41:1 45:21 47:1 | | supplied(1) 18:24 | | | |
| secondly(1) 44:3 | | | | support(1) 15:15 | | | |
| section(14) 23:20 23:21 24:5 24:12 30:7 33:7 35:18 35:20 36:10 36:16 36:16 36:17 36:21 36:22 | | | | supports(2) 15:12 23:6 | | | |
| | | somebody(1) 40:11 | | suppose(1) 18:13 | | | |
| | | someone(1) 6:25 | | supposed(1) 34:25 | | | |
| | | something(5) 8:2 28:23 30:15 34:15 41:23 | | supreme(1) 30:5 | | | |
| sections(1) 36:4 | | sometime(1) 19:22 20:3 | | sure(5) 8:10 14:7 25:16 34:5 42:24 | | | |
| see(5) 6:21 15:5 29:17 44:21 46:13 | | somewhat(1) 22:8 | | | | | |
| seeking(6) 6:2 10:14 12:18 22:13 41:21 41:24 | | somewhere(2) 30:3 37:24 | | | | | |
| | | sommer(1) 3:40 | | | | | |
| | | soon(1) 37:16 | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| that(298) | 5:16 5:24 6:1 6:3 6:3 6:9 6:11 6:14 6:16 6:17 6:19 7:20 7:21 7:25 8:19 9:8 9:10 9:12 9:14 9:17 10:13 10:19 10:21 11:2 11:7 11:21 12:23 13:2 13:5 13:12 13:12 13:12 13:20 13:20 13:25 14:8 14:11 14:13 14:14 14:16 14:17 14:20 15:7 15:14 16:9 16:17 16:18 16:25 16:25 17:2 17:8 17:10 17:10 17:15 18:9 18:9 18:20 18:21 18:23 18:23 19:2 19:3 19:4 19:5 19:12 19:13 19:14 19:21 19:22 19:22 20:1 20:2 20:13 20:14 20:15 20:18 20:19 20:21 20:23 20:23 21:1 21:3 21:3 21:14 21:21 21:21 21:22 21:23 22:2 22:3 22:20 22:23 23:4 23:4 23:6 23:6 23:7 23:11 23:11 23:12 23:16 23:18 23:25 23:25 24:6 24:7 24:10 24:16 24:25 25:5 25:8 25:9 26:2 26:5 26:11 26:13 26:13 26:14 26:16 26:18 26:21 26:23 27:1 27:7 27:11 27:11 27:14 27:15 27:15 27:18 27:18 27:18 27:20 27:24 27:25 28:1 28:6 28:6 28:6 28:7 28:13 28:15 28:17 28:18 28:19 28:21 28:23 28:24 28:24 29:1 29:5 29:17 30:1 30:2 30:3 30:7 30:9 30:15 30:15 30:16 30:23 30:23 30:24 30:25 30:25 31:1 31:5 31:6 31:8 31:9 31:11 31:14 31:15 31:23 32:3 32:4 32:6 32:7 32:8 32:9 32:10 32:10 32:13 32:14 32:17 32:18 32:19 33:3 33:4 33:4 33:6 33:11 33:12 33:13 33:21 33:24 33:25 34:10 34:11 34:16 34:23 35:3 35:5 35:6 35:6 35:9 35:23 35:24 36:3 36:3 36:4 36:12 36:14 36:22 37:4 37:5 37:6 37:9 37:10 37:11 37:14 37:15 37:19 37:19 37:22 38:6 38:11 38:12 38:15 38:15 38:16 38:18 38:21 38:22 38:23 38:23 39:1 39:5 39:6 39:15 39:19 39:19 39:22 39:23 40:3 40:4 40:5 40:6 40:9 40:15 40:15 40:17 40:18 40:21 40:22 40:22 41:2 41:3 41:4 41:11 41:12 41:20 41:20 41:24 42:1 42:1 42:22 42:22 42:23 43:8 43:9 43:10 43:15 44:4 44:7 44:20 44:20 44:22 44:22 44:23 44:24 45:5 45:8 45:9 45:10 45:15 45:15 45:16 45:25 47:1 47:4 47:8 47:13 | | the(301) | 1:1 1:2 1:20 2:17 2:26 2:44 3:4 3:15 3:46 5:3 5:5 5:7 5:8 5:10 5:11 5:13 5:14 5:16 5:17 5:18 5:22 5:25 5:26 6:1 6:1 6:2 6:7 6:9 6:10 6:12 6:14 6:14 6:19 6:21 6:22 6:23 6:23 6:25 7:1 7:2 7:5 7:7 7:9 7:9 7:19 7:11 7:13 7:14 7:15 7:18 7:19 7:20 7:23 8:4 8:7 8:8 8:9 8:13 8:16 8:17 8:19 8:22 8:24 9:2 9:4 9:6 9:8 9:11 9:14 9:17 9:18 9:18 9:22 9:24 10:2 10:3 10:4 10:5 10:8 10:9 10:10 10:14 10:14 10:15 10:16 10:17 10:18 10:20 10:21 10:22 10:23 10:25 11:1 11:3 11:4 11:5 11:5 11:7 11:10 11:10 11:13 11:15 11:16 11:18 11:19 11:20 11:22 11:24 12:1 12:3 12:5 12:8 12:9 12:9 12:10 12:13 12:16 12:17 12:18 12:20 12:21 12:21 12:22 12:23 12:24 12:24 13:1 13:3 13:5 13:6 13:6 13:8 13:9 13:11 13:11 13:13 13:14 13:14 13:15 13:15 13:16 13:17 13:18 13:18 13:19 13:20 13:24 14:1 14:3 14:4 14:6 14:7 14:9 14:10 14:11 14:11 14:11 14:11 14:13 14:13 14:14 14:14 14:15 14:15 14:17 14:18 14:18 14:19 14:20 14:20 14:21 14:21 14:22 14:22 14:23 14:24 14:25 15:1 15:3 15:4 15:6 15:7 15:8 15:8 15:9 15:9 15:11 15:12 15:12 15:14 15:15 15:15 15:17 15:19 15:18 15:18 15:21 15:22 15:23 16:1 16:4 16:5 16:6 16:7 16:7 16:9 16:10 16:11 16:12 16:12 16:17 16:17 17:12 17:16 17:17 17:19 17:22 17:24 18:4 18:6 18:7 18:10 18:11 18:11 18:13 18:15 18:21 18:24 18:24 18:25 19:5 19:5 19:5 19:8 19:9 19:11 19:12 19:13 19:15 19:15 19:18 19:18 19:21 19:25 20:1 20:2 20:3 20:5 20:6 20:7 20:10 20:12 20:16 20:21 20:22 21:1 21:1 21:2 21:5 21:6 21:7 21:7 21:10 21:13 21:14 21:15 21:16 21:18 21:20 21:24 21:1 22:2 22:2 22:6 22:7 22:9 22:10 22:12 22:14 22:15 22:15 22:15 22:15 22:16 22:17 22:17 22:18 22:18 22:19 22:21 | | the(301) | 22:21 22:22 22:22 22:23 22:23 22:24 22:25 23:1 23:2 23:3 23:7 23:7 23:8 23:11 23:11 23:12 23:13 23:13 23:14 23:14 23:15 24:1 24:6 24:7 24:7 24:8 24:9 24:10 24:12 24:13 24:16 24:16 24:17 24:17 24:18 24:20 24:21 24:22 24:22 24:23 24:25 24:25 25:2 25:4 25:5 25:6 25:6 25:6 25:7 25:8 25:9 25:9 25:10 25:11 25:12 25:13 25:13 25:15 25:18 25:21 25:22 25:25 26:3 26:5 26:6 26:6 26:7 26:7 26:8 26:8 26:12 26:15 26:15 26:15 26:17 26:19 26:20 26:20 26:21 26:22 26:23 26:25 27:2 27:5 27:6 27:8 27:9 27:11 27:12 27:12 27:17 27:17 27:21 27:22 27:23 27:23 27:24 27:25 27:25 28:1 28:1 28:5 28:5 28:9 28:11 28:12 28:12 28:14 28:20 28:21 28:24 28:24 28:25 28:25 29:2 29:4 29:5 29:7 29:9 29:11 29:15 29:16 29:17 29:19 29:20 29:22 29:24 30:1 30:1 30:3 30:4 30:5 30:6 30:9 30:9 30:10 30:10 30:11 30:13 30:14 30:15 30:15 30:19 30:20 30:20 30:21 31:1 31:4 31:5 31:6 31:16 31:25 32:1 32:5 32:6 32:7 32:10 32:10 32:15 32:16 32:16 32:17 32:17 32:23 33:1 33:6 33:8 33:8 33:10 33:11 33:11 33:14 33:16 33:20 33:21 33:22 33:23 33:25 34:2 34:5 34:8 34:10 34:11 34:13 34:14 34:16 34:17 34:20 34:22 34:22 34:24 34:24 34:25 35:1 35:2 35:3 35:3 35:4 35:4 35:13 35:15 35:17 35:17 35:18 35:20 35:22 35:22 35:22 36:2 36:3 36:6 36:7 36:7 36:9 36:10 36:11 36:12 36:13 36:13 36:14 36:15 36:16 36:17 36:18 36:20 36:20 36:22 36:24 36:24 36:25 37:1 37:1 37:3 37:4 37:4 37:8 37:9 37:10 37:15 37:16 37:21 37:22 37:23 37:23 37:24 38:1 38:3 38:4 38:8 38:10 38:11 38:14 38:17 38:18 38:19 39:11 39:12 39:13 39:24 39:25 40:2 40:2 40:3 40:5 40:8 40:12 40:14 40:17 40:18 40:21 40:21 40:22 40:23 40:23 40:24 40:25 41:3 41:5 41:8 41:10 | | there(37) | 14:16 14:18 16:9 18:8 18:17 19:25 20:11 20:14 21:14 22:20 23:1 23:15 25:7 25:19 26:1 26:7 26:9 26:19 26:21 29:21 30:20 31:1 31:3 31:18 31:25 31:25 32:1 33:10 36:1 36:1 37:5 38:11 39:6 39:22 40:1 40:2 43:15 |
|  |  |  |  |  |  | there'd(1) | 28:19 |
|  |  |  |  |  |  | there's(31) | 6:5 16:24 20:18 21:10 21:14 23:5 23:6 23:9 23:22 23:24 25:21 26:13 27:7 27:10 28:13 28:15 29:6 29:18 31:19 31:20 31:21 32:4 33:5 33:7 33:21 37:2 37:2 37:25 38:2 41:11 47:2 |
|  |  |  |  |  |  | these(13) | 7:16 10:23 10:24 10:24 11:21 11:23 12:22 13:7 20:5 33:23 33:23 36:9 41:5 |
|  |  |  |  |  |  | they(74) | 6:11 6:13 6:16 6:21 20:14 20:18 20:22 20:23 20:24 20:25 20:25 21:1 28:6 28:17 28:18 31:8 31:9 32:1 32:9 32:12 32:12 32:14 32:15 32:20 32:21 33:15 33:18 34:2 34:13 34:15 34:15 34:16 34:17 34:17 34:24 34:25 35:2 35:5 35:14 35:15 36:3 36:4 36:5 37:8 37:12 37:17 37:18 37:18 37:22 38:8 38:15 39:1 39:11 39:16 39:20 39:21 40:2 40:3 40:9 40:14 40:17 40:19 40:19 40:19 41:2 41:4 41:6 41:6 41:7 42:20 43:4 43:21 43:23 46:14 |
|  |  |  |  |  |  | they're(7) | 20:19 23:23 25:18 35:21 40:10 42:21 43:18 |
|  |  |  |  |  |  | they've(5) | 17:10 26:13 37:12 37:14 39:16 |
|  |  |  |  |  |  | they've(1) | 26:16 |
|  |  |  |  |  |  | thing(6) | 20:24 33:11 34:25 35:8 38:2 |
|  |  |  |  |  |  | things(4) | 12:15 29:17 30:13 43:15 |
|  |  |  |  |  |  | think(24) | 9:17 18:8 18:12 19:16 22:8 22:8 27:16 29:3 29:16 33:6 39:5 39:8 40:13 40:22 41:14 43:7 43:7 43:8 43:20 44:3 44:19 44:25 46:14 46:24 |
|  |  |  |  |  |  | thinking(1) | 23:8 |
|  |  |  |  |  |  | thinks(2) | 28:16 31:24 |
|  |  |  |  |  |  | third(1) | 26:18 |
|  |  |  |  |  |  | this(53) | 5:10 5:23 6:16 6:17 7:3 7:13 8:9 10:4 10:12 11:11 11:20 12:4 13:2 14:12 15:6 16:14 17:23 18:5 18:7 18:9 23:1 24:2 24:3 24:24 25:4 25:16 26:4 27:13 27:19 27:24 28:10 28:14 28:18 28:20 29:2 29:12 34:3 34:14 34:17 34:18 34:25 36:9 37:13 38:4 38:5 38:22 39:9 42:19 42:20 43:8 44:20 44:25 46:24 |
|  |  |  |  |  |  | thomas(1) | 4:4 |
|  |  |  |  |  |  | those(15) | 13:17 16:3 18:18 18:19 23:23 29:6 32:10 32:15 32:25 33:17 37:14 39:17 40:25 41:2 42:1 |
| that's(45) | 6:6 7:17 8:1 8:10 15:2 17:4 19:6 20:12 20:16 20:17 21:15 21:24 22:1 23:2 25:1 25:15 27:19 28:23 29:1 29:5 29:24 31:17 32:1 32:7 32:17 32:25 33:23 34:22 35:1 35:10 35:17 36:2 36:2 36:25 38:2 39:4 39:13 39:19 40:5 40:7 40:20 42:7 42:18 42:22 43:7 | | | | | | though(3) | 24:21 24:22 44:2 |
|  |  |  |  |  |  | thought(1) | 12:14 |
|  |  |  |  |  |  | three(1) | 43:4 |
|  |  |  |  |  |  | threshold(1) | 36:24 |
|  |  |  |  |  |  | through(6) | 5:9 13:3 14:1 15:5 16:2 36:18 |
|  |  |  |  |  |  | throughout(2) | 29:17 44:21 |
|  |  | the(96) | 41:13 41:16 41:17 41:18 41:22 41:24 41:25 42:2 42:2 42:5 42:6 42:8 42:12 42:14 42:15 42:16 42:19 42:21 42:21 42:24 43:2 43:3 43:3 43:5 43:6 43:9 43:9 43:9 43:10 43:10 43:12 43:14 43:18 43:21 43:23 43:25 44:2 44:2 44:3 44:4 44:4 44:4 44:6 44:8 44:10 44:11 44:13 44:15 44:16 44:17 44:18 44:20 44:21 44:21 44:22 44:24 44:25 45:2 45:3 45:7 45:8 45:8 45:9 45:11 45:11 45:12 45:12 45:13 45:15 45:16 45:17 45:18 45:19 45:23 45:23 45:24 46:2 46:4 46:6 46:8 46:11 46:13 46:13 46:17 46:20 46:23 46:24 46:25 47:3 47:7 47:13 47:14 47:14 47:15 | | time(20) | 6:20 7:14 8:8 14:24 20:7 22:23 24:7 24:22 24:25 26:6 26:8 27:14 30:9 31:12 37:10 41:5 44:18 45:9 45:20 45:22 |
|  |  |  |  |  |  | tinker(1) | 3:47 |
|  |  |  |  |  |  | today(9) | 7:21 14:4 18:7 18:10 20:13 21:2 21:2 23:5 29:14 |
|  |  | their(17) | 6:14 16:8 16:15 17:10 19:19 35:16 35:16 37:17 38:5 38:15 39:8 39:10 40:11 40:14 40:22 41:4 42:24 | | tomorrow(1) | 34:23 |
|  |  |  |  |  |  | too(1) | 9:6 |
|  |  |  |  |  |  | took(1) | 37:11 |
|  |  |  |  |  |  | total(1) | 11:16 |
|  |  | them(13) | 5:17 6:15 10:6 10:7 13:8 14:2 16:18 17:16 25:20 31:18 38:17 41:1 41:20 | | transaction(2) | 14:6 15:10 |
|  |  |  |  |  |  | transactions(2) | 14:9 15:9 |
|  |  | then(29) | 5:11 8:19 9:16 9:21 13:16 15:25 17:6 20:25 24:11 24:13 24:15 24:19 24:24 27:24 28:15 28:21 28:24 29:13 30:12 30:20 32:7 36:7 38:3 40:6 40:18 41:7 42:6 44:23 46:14 | | transcriber(1) | 47:20 |
|  |  |  |  |  |  | transcript(3) | 1:19 1:44 47:14 |
|  |  | theory(2) | 27:1 42:24 | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **transcription**(2) 1:37 1:45 | | **vox**(14) 19:8 26:19 26:25 27:9 27:17 28:1 28:11 28:13 28:22 31:13 37:8 39:13 40:23 41:25 | | **which**(40) 5:25 6:4 6:12 6:14 10:15 11:6 11:18 12:23 12:24 12:25 14:19 16:22 16:23 17:15 20:8 24:17 25:4 25:18 25:22 25:23 25:24 26:4 26:10 26:10 27:22 28:25 32:13 33:18 34:15 35:11 35:11 36:8 36:21 37:23 38:15 38:19 38:25 39:21 39:24 42:20 | | **you**(136) 5:3 5:9 5:18 5:25 7:2 7:22 7:23 8:1 8:2 8:8 8:8 8:18 8:21 8:22 8:23 8:25 9:3 9:6 9:6 9:10 9:15 9:20 9:24 11:24 12:1 12:1 12:2 12:3 12:6 12:7 12:10 12:10 12:11 12:14 13:10 14:25 15:1 15:2 15:3 15:4 15:16 15:20 16:3 16:13 16:21 17:5 17:12 17:14 17:17 17:22 17:24 18:12 21:12 21:13 22:4 22:4 22:13 23:2 23:7 23:20 23:20 24:1 25:11 26:2 26:11 26:12 27:2 27:2 27:3 27:13 29:8 29:9 29:9 29:12 29:17 30:23 31:14 32:25 33:1 33:11 33:14 33:24 33:25 34:3 34:4 34:6 34:7 34:18 35:6 35:7 35:8 35:14 36:1 36:7 36:8 36:20 37:6 37:11 37:16 37:21 37:22 38:4 38:6 38:12 38:14 38:20 39:11 41:7 41:8 41:8 41:10 41:14 42:9 42:11 42:15 42:16 42:20 43:3 43:11 43:12 44:19 44:20 45:1 45:2 45:3 46:6 46:7 46:8 46:8 46:10 46:16 46:17 46:22 47:3 47:8 47:10 |
| **treated**(1) 43:19 | | | | | | | |
| **trial**(6) 19:23 22:11 22:15 23:9 23:12 | | | | | | | |
| **triangular**(1) 26:10 | | | | **while**(2) 15:11 44:16 | | | |
| **tries**(1) 33:1 | | **vssi**(1) 34:11 | | **whiteoak**(1) 4:22 | | | |
| **triggered**(1) 14:2 | | **wait**(1) 31:24 | | **who**(9) 9:23 10:16 12:9 13:13 14:5 22:10 37:9 46:21 47:7 | | | |
| **trojan**(1) 33:12 | | **waiting**(2) 22:20 27:23 | | | | | |
| **true**(2) 35:10 39:11 | | **walrath**(8) 26:4 38:9 38:19 38:21 38:23 42:13 42:18 43:6 | | | | | |
| **truism**(1) 24:20 | | | | **whole**(1) 20:24 | | | |
| **trustee**(2) 3:46 3:46 | | | | **whose**(1) 31:7 | | | |
| **trustees**(1) 11:22 | | **want**(8) 6:17 7:8 7:10 7:21 8:8 25:16 34:3 47:1 | | **why**(10) 7:17 7:19 9:12 28:16 29:13 32:1 34:1 35:1 42:7 47:3 | | **you'd**(1) 45:4 |
| **try**(1) 35:14 | | | | | | **you'll**(2) 14:5 15:5 |
| **trying**(1) 42:21 | | | | | | **you're**(6) 9:4 15:21 23:18 28:9 32:6 45:23 |
| **tues**(1) 5:1 | | **wanted**(1) 43:16 | | **will**(18) 5:26 8:14 8:19 9:17 10:16 10:20 12:9 13:25 15:7 16:9 16:13 17:16 18:13 19:22 19:23 24:25 25:1 46:14 | | **you've**(1) 26:2 |
| **tunnell**(2) 1:25 5:6 | | **wants**(1) 35:2 | | | | **young**(2) 2:24 2:40 |
| **turn**(8) 6:17 9:21 12:8 13:14 17:16 35:20 39:14 44:12 | | **warranty**(1) 18:22 | | | | **your**(71) 5:5 5:20 5:26 6:18 6:20 8:1 8:3 8:18 8:21 8:23 8:25 9:3 9:7 9:13 9:20 9:21 9:25 10:5 10:12 11:12 12:7 12:12 13:10 14:17 14:19 15:13 15:20 15:22 16:13 16:21 16:24 17:6 17:14 17:18 17:20 18:5 19:16 21:19 22:18 22:20 23:4 23:19 25:19 27:3 29:3 29:3 29:4 29:7 29:10 29:14 29:21 30:24 32:25 34:4 34:18 36:2 37:4 40:13 41:3 41:9 42:10 42:11 43:7 43:13 45:3 45:5 46:5 46:16 46:18 46:22 47:10 |
| | | **was**(58) 6:3 6:3 9:8 9:9 9:10 11:11 11:12 13:6 14:12 18:23 19:1 19:5 20:8 23:8 23:9 23:15 25:5 25:10 25:25 26:5 26:6 26:11 26:18 26:21 29:4 29:12 29:21 30:5 30:12 30:25 30:25 31:1 31:12 31:13 36:10 37:23 38:25 39:22 39:22 39:23 40:7 41:4 41:5 41:18 41:18 41:21 42:10 42:11 44:4 44:17 45:9 45:13 45:18 45:19 45:19 45:22 45:25 46:8 | | | | | |
| **turney**(1) 26:15 | | | | | | | |
| **turns**(1) 22:6 | | | | | | | |
| **tweed**(1) 4:3 | | | | **wilmington**(11) 1:13 1:31 2:21 2:28 2:37 2:47 3:17 3:36 3:43 3:49 5:1 | | | |
| **twice**(1) 34:15 | | | | | | | |
| **two**(12) 10:12 14:21 14:22 15:9 15:24 18:19 28:13 29:6 31:7 41:6 41:15 43:15 | | | | | | **zero**(1) 39:18 |
| | | | | **wish**(2) 12:4 15:11 | | | |
| **u.s**(1) 3:46 | | **wasn't**(2) 41:21 45:23 | | **wishes**(1) 46:21 | | | |
| **ultimately**(1) 27:10 | | **waterhouse**(1) 11:8 | | **with**(54) 5:26 6:2 6:5 6:18 7:23 9:7 9:8 9:21 11:10 11:20 14:16 15:14 16:2 16:7 16:14 17:2 17:8 17:9 17:23 18:18 18:23 19:2 19:16 20:4 20:19 24:4 24:19 27:5 27:6 27:9 27:10 27:17 27:19 29:1 29:8 29:14 30:16 30:17 31:11 33:23 34:25 37:7 37:8 37:9 39:13 39:15 39:18 40:10 40:22 40:24 40:25 42:4 42:8 45:9 | | | |
| **under**(30) 9:9 14:23 22:2 22:24 23:17 24:7 24:11 26:3 26:5 26:25 32:5 32:9 32:17 33:12 33:16 34:11 35:12 36:4 36:8 36:16 36:17 36:19 37:2 38:3 39:4 42:16 42:18 42:24 42:24 45:11 45:16 | | **watkins**(2) 4:7 7:4 | | | | | |
| | | **way**(8) 3:28 7:11 29:2 30:10 31:6 42:2 47:4 47:8 | | | | | |
| | | | | | | | |
| **underlying**(5) 21:16 26:2 42:5 42:10 42:11 | | **ways**(1) 28:13 | | | | | |
| **understand**(2) 27:13 32:3 | | **we'd**(1) 28:5 | | | | | |
| **understanding**(1) 20:24 | | **we'll**(5) 8:12 14:23 27:21 37:15 47:8 | | **withdrawn**(2) 16:8 17:10 | | | |
| **unfortunately**(2) 31:5 40:12 | | **we're**(17) 5:10 5:10 12:18 14:13 15:23 18:9 18:15 27:15 28:17 30:1 31:8 31:9 32:6 33:2 37:1 39:5 41:24 | | **withhold**(1) 34:16 | | | |
| **united**(3) 1:1 1:21 30:5 | | | | **without**(2) 20:19 20:22 | | | |
| **unless**(3) 12:7 14:16 37:3 | | | | **witnesses**(1) 46:18 | | | |
| **unlimited**(1) 35:2 | | | | **won't**(5) 5:24 6:22 16:9 20:2 33:15 | | | |
| **unliquidated**(9) 18:17 19:6 21:4 21:11 21:21 24:19 25:12 29:19 44:17 | | **we've**(9) 11:11 13:10 13:13 15:13 19:3 25:1 28:1 33:2 35:6 | | **word**(2) 32:15 45:3 | | | |
| | | | | **words**(1) 45:14 | | | |
| | | **week**(4) 5:25 6:2 6:12 13:22 | | **work**(4) 6:19 6:21 8:8 37:12 | | | |
| **unmature**(1) 33:13 | | **weiss**(1) 4:18 | | **worked**(1) 14:8 | | | |
| **unmatured**(10) 24:5 24:9 33:8 33:9 33:10 33:18 36:5 38:18 39:2 42:17 | | **welcome**(1) 9:4 | | **worth**(1) 24:3 | | | |
| | | **well**(31) 8:4 15:16 17:12 17:23 17:24 17:25 19:18 24:2 24:7 27:2 29:22 30:12 30:19 31:3 32:14 33:1 33:2 34:18 34:23 35:9 35:14 36:2 36:10 37:14 37:18 38:14 39:14 39:16 44:9 44:19 47:8 | | **worthless**(1) 29:8 | | | |
| | | | | **worthwhile**(1) 46:15 | | | |
| **unreasonable**(1) 38:1 | | | | **would**(36) 5:15 6:18 6:19 7:10 7:17 7:25 8:2 8:7 9:15 12:8 14:9 14:17 18:12 23:16 23:18 26:14 26:14 27:7 27:24 27:25 28:22 28:24 29:13 29:23 29:25 30:22 32:7 38:12 38:16 39:1 40:6 40:18 42:23 42:25 43:3 46:11 | | | |
| **unsecured**(2) 2:18 3:5 | | | | | | | |
| **unsupported**(1) 20:20 | | | | | | | |
| **until**(4) 20:3 24:23 31:24 43:1 | | | | | | | |
| **upcoming**(1) 5:25 | | **wendy**(1) 47:19 | | | | | |
| **updated**(2) 11:15 11:20 | | **went**(3) 26:9 26:22 40:2 | | | | | |
| **use**(3) 9:12 30:19 39:10 | | **were**(16) 6:13 6:16 10:13 11:19 28:4 28:20 28:21 28:24 31:12 38:18 38:25 39:25 40:25 41:6 41:20 41:23 | | **wouldn't**(3) 23:17 25:16 30:12 | | | |
| **used**(1) 39:3 | | | | **wrong**(4) 22:7 32:7 33:2 38:24 | | | |
| **uses**(2) 32:13 33:8 | | | | **www.diazdata.com**(1) 1:41 | | | |
| **using**(1) 30:22 | | **weren't**(1) 41:2 | | **year**(2) 20:8 20:9 | | | |
| **valid**(2) 37:2 37:3 | | **west**(3) 2:27 3:45 25:23 | | **years**(1) 31:24 | | | |
| **validity**(1) 36:25 | | **what**(43) 7:20 13:18 15:5 17:4 18:15 21:3 22:4 22:9 22:24 25:18 27:2 27:3 27:5 27:10 30:24 31:9 31:23 32:8 32:13 32:25 34:1 35:1 35:23 35:25 36:16 36:19 36:25 37:9 37:24 38:21 39:4 39:9 39:11 39:22 40:20 41:13 41:15 41:16 42:18 42:25 43:2 43:4 45:11 | | **yes**(33) 5:8 5:22 7:3 7:5 9:2 10:3 10:10 10:18 11:3 13:24 15:3 15:18 16:1 18:1 20:6 21:18 22:12 29:15 31:16 34:5 38:10 38:14 42:14 42:14 43:14 43:25 44:6 44:8 44:13 45:7 46:3 46:5 46:20 46:20 | | | |
| **variety**(1) 20:23 | | | | | | | |
| **various**(4) 10:14 10:22 10:24 36:18 | | | | | | | |
| **venture**(2) 12:19 13:7 | | | | | | | |
| **ventures**(1) 12:22 | | | | | | | |
| **verdict**(1) 30:21 | | | | | | | |
| **verify**(1) 14:11 | | **what's**(1) 19:14 | | **yesterday**(2) 6:15 9:10 | | | |
| **verizon**(35) 3:12 3:26 3:28 16:1 16:22 18:3 18:6 18:9 18:23 19:2 19:24 20:4 25:17 26:24 31:18 31:20 31:22 32:13 33:6 33:9 33:25 34:8 34:9 34:12 34:13 34:21 35:2 37:7 40:9 40:20 41:22 42:7 44:18 45:9 45:17 | | **whatever**(3) 22:14 40:8 41:10 | | **yet**(6) 12:18 19:7 28:22 30:21 37:5 37:15 | | | |
| | | **whatsoever**(2) 21:12 33:4 | | **york**(35) 2:14 3:9 7:12 21:15 21:16 22:3 25:22 26:13 30:25 32:5 32:6 32:8 32:9 32:17 33:2 33:4 33:7 33:16 33:16 34:1 35:1 35:4 35:5 35:5 35:9 37:1 37:2 37:22 38:3 39:7 39:20 40:15 40:20 40:21 | | | |
| | | **when**(9) 12:14 23:23 24:9 27:20 29:5 33:22 34:15 39:15 41:3 | | | | | |
| **verizon's**(5) 17:15 20:10 20:12 29:17 35:14 | | | | | | | |
| **very**(16) 9:3 15:16 17:12 33:16 33:25 34:1 35:6 35:25 36:18 36:21 37:14 39:5 43:12 45:2 45:6 46:7 | | **whenever**(1) 35:3 | | | | | |
| | | **where**(9) 13:8 23:1 23:3 24:14 30:20 35:13 37:20 39:7 40:8 | | | | | |
| **view**(1) 22:24 | | **whereas**(1) 37:17 | | | | | |
| | | **whether**(4) 6:13 7:13 37:25 38:24 | | | | | |