IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
                          )
IN RE:                    )  Chapter 15
                          )
NORTEL NETWORKS INC., et al., )  Case No. 09-10138 (KG)
                          )
                          )  Courtroom 3
                          )  824 Market Street
_____Debtors._____ )  Wilmington, Delaware

                             November 23, 2010
                             11:19 a.m.
```

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:                 Morris Nichols Arsht & Tunnell
                             BY:  DEREK C. ABBOTT, ESQ.
                             BY:  ANN C. CORDO, ESQ.
                             1201 North Market Street
                             18th Floor
                             P.O. Box 1347
                             Wilmington, DE 19899-1347
                             (302) 658-9200


ECRO:                        GINGER MACE

Transcription Service:       DIAZ DATA SERVICES
                             331 Schuylkill Street
                             Harrisburg, Pennsylvania 17110
                             (717) 233-6664
                             www.diazdata.com


Proceedings recorded by electronic sound recording; transcript
produced by transcription service

1  APPEARANCES:
   (Continued)

2

3  For Debtors:                    Cleary Gottlieb Steen & Hamilton
                                   BY: JANE KIM, ESQ.
                                   BY: LISA SCHWEITZER, ESQ.
4                                  BY: MEGAN FLEMING-DELACRUZ ESQ.
                                   BY: RUSSELL ECKENROD, ESQ.
5                                  BY: LUKE BAREFOOT, ESQ.
                                   BY: NEIL FOREST, ESQ.
6                                  BY: ROBIN BAIK, ESQ.
                                   One Liberty Plaza
7                                  New York, NY 10006
                                   (212) 225-2000

8

   For The Official Committee      Richards Layton & Finger
9  Of Unsecured Creditors:         BY:  CHRISTOPHER M. SAMIS, ESQ.
                                   One Rodney Square
10                                 920 North King Street
                                   Wilmington, DE 19801
11                                 (302) 651-7700

12 For Ernst & Young, Monitor:     Buchanan Ingersoll & Rooney
                                   BY:  MONA A. PARIKH, ESQ.
13                                 The Brandywine Building
                                   1000 West Street Suite 1410
14                                 Wilmington, DE 19801-1054
                                   (302) 552-4200

15

16 For Coca-Cola Company:          Potter Anderson & Corroon LLP
                                   BY:  R. STEPHEN R. MCNEILL, ESQ.
17                                 Hercules Plaza
                                   1313 North Market Street
18                                 6th Floor
                                   Wilmington, DE 19801
19                                 (302) 984-6000

20 For Joint Administrators:       Young Conaway Stargatt & Taylor
                                   BY:  JAIME N. LUTON, ESQ.
21                                 BY:  ED HARRON, ESQ.
                                   The Brandywine Building
22                                 1000 West Street 17th Floor
                                   P.O. Box 391
23                                 Wilmington, DE 19801
                                   (302) 571-6600

24

25

```
1   APPEARANCES:
    (Continued)
2
    For The Official Committee     Akin Gump Strauss Hauer & Feld
3   Of Unsecured Creditors:        BY:  DAVID BOTTER, ESQ.
                                   BY:  BRAD KAHN, ESQ.
4                                  BY:  ABID QURESHI, ESQ.
                                   One Bryant Park
5                                  New York, NY 10036
                                   (212) 872-1055
6
    For Verizon:                   Smith Katzenstein & Jenkins, LLP
7                                  BY:  KATHLEEN M. MILLER, ESQ.
                                   The Corporate Plaza
8                                  800 Delaware Ave., Suite 1000
                                   Wilmington, DE  19899
9                                  (302) 652-8405

10                                 Arnold Golden Gregory, LLP
                                   BY:  DARRYL S. LADDIN, ESQ.
11                                 171 17TH Street NW, Suite 2100
                                   Atlanta, GA  30363-1031
12                                 (404) 873-8500

13                                 Verizon
                                   BY:  LEONARD SUCHYTA, ESQ.
14                                 One Verizon Way
                                   Basking Ridge, NJ  07920-1025
15                                 (908) 559-5623

16  For CS Strategic Partners/
    Amberbrook:                    Bifferato, LLC
17                                 BY:  KEVIN G. COLLINS, ESQ.
                                   800 N. King Street
18                                 Wilmington, DE  19899-2165
                                   (302) 254-5392
19
    For Gen Band, Inc.:            Duane Morris, LLP
20                                 BY:  SOMMER L. ROSS, ESQ.
                                   Suite 1200
21                                 1100 North Market Street
                                   Wilmington, DE  19801-1246
22                                 (302) 657-4951

23  For Trustee:                   Office of the U.S. Trustee
                                   BY:  PATRICK TINKER, ESQ.
24                                 844 King Street, Suite 2207
                                   Wilmington, DE  19801-3519
25
```

1  TELEPHONIC APPEARANCES:

2  For Bond Holders Group:         Milbank Tweed Hadley & McCloy
                                   BY:   THOMAS KRELLER, ESQ.
3                                  (213) 892-4463

4  For Gen Band, Inc.:            Latham & Watkins
                                   BY:   DAVID HELLER, ESQ.
5                                  BY:   ELI KAY-OLIPHANT, ESQ.
                                   (312) 876-7670
6

7  For Official Committee:        Akin Gump Strauss Hauer & Feld
                                   BY:   FRED S. HODARA, ESQ.
8                                  (212) 872-8040

9  For Credit Suisse:             Gibson Dunn & Crutcher
                                   BY:   JANET M. WEISS, ESQ.
10                                 (212) 351-3988

11 For Nortel Networks UK, Ltd:   Herbert Smith
                                   BY:   JOHN WHITEOAK, ESQ.
12                                 (302) 571-6710

13

14

15

16

17

18

19

20

21

22

23

24

25

1  WILMINGTON, DELAWARE, TUES., NOVEMBER 23, 2010, 11:19 A.M.

2          THE COURT:  Thank you, everyone.  Please be seated.

3  That was a very good argument.  I really enjoyed that

4  argument.  Thank you.

5          MR. HARRON:  Good morning, Your Honor.

6          THE COURT:  Mr. Harron, good to see you.

7          MR. HARRON:  Good to see you, Your Honor.  Happy

8  Thanksgiving.

9          THE COURT:  And to you.

10          MR. HARRON:  Thanks for giving us the time to

11  rearrange the Courtroom.  We lost a little support on this

12  side.

13          THE COURT:  I see that.  It's all on the groom's

14  side.

15          MR. HARRON:  Your Honor, for the record, Ed Harron

16  from Young Conaway and with me is Ms. Luton from my firm --

17          THE COURT:  Yes, Ms. Luton.  Good to see you.

18          MS. LUTON:  Good morning.

19          MR. HARRON:  -- for the Administrators in the UK

20  cases.  Your Honor, there's only one item on the agenda today.

21  It's the motion of the US Debtors and the US Committee to

22  compel discovery.

23          THE COURT:  Yes.

24          MR. HARRON:  And with that I'll cede the lectern.

25          THE COURT:  All right.  Ms. Cordo?

1          MS. CORDO:  Good morning, Your Honor.  For the

2    record, Annie Cordo, Morris Nichols Arsht & Tunnell.  I would

3    like to turn the podium over to Luke Barefoot from Cleary

4    Gottlieb who has been admitted pro hoc.

5          THE COURT:  Thank you.  Thank you, Ms. Cordo.  Mr.

6    Barefoot, good morning.

7          MR. BAREFOOT:  Good morning, Your Honor.  For the

8    record, Luke Barefoot from Cleary Gottlieb Steen & Hamilton

9    LLP, Counsel for the US Debtors.  Your Honor, we're here this

10   morning on the joint motion of the US Debtors and the US

11   Creditors Committee to compel certain discovery requests in

12   this Chapter 15 proceeding.  And as Your Honor may have read

13   in the motion papers, this motion relates to some limited

14   document requests and interrogatories that were propounded by

15   the US Debtors and the Committee concerning the witness

16   statements that the AMIA [ph] Administrators filed with their

17   petition.  It is an initial matter, Your Honor, and in light

18   of the AMIA Administrators objection, I think it's important

19   to clarify the context of these discovery requests.  The

20   purpose of this discovery is not, as the Administrators

21   objection may have suggested, to necessarily obtain facts with

22   an intention to thwart or deny the Administrators ability to

23   obtain recognition.  As Your Honor may recall, while the

24   Administrators sought recognition for the English entity,

25   Nortel Networks UK, in June --

1           THE COURT:  Right.

2           MR. BAREFOOT:  -- of 2009, they've only sought

3   recognition for the remaining non-English AMIA Debtors in

4   October of this year.  And in those filings, the

5   Administrators put at issue certain witness statements that

6   were submitted to the English Court in January 2009 when the

7   English proceedings were commenced and as the Administrators

8   own memo of law indicates, those witness statements do set out

9   information that would point to England as the center of the

10  AMIA Debtors main interest.  In fact, it was based upon those

11  same witness statements that the English Court had decided and

12  made findings in its initial Orders on the AMIA Debtors COMI

13  and the Administrators are now seeking this Court's

14  enforcement of those Orders.  At the same time that all of

15  this was happening and that the Administrators filed these

16  follow-on petitions, the parties were engaged in mediation

17  concerning inter-company claims and disputes, as I believe

18  Your Honor is aware.  And without, for confidentiality

19  reasons, getting into the substance of those mediation

20  discussions, suffice it to say that the AMIA Administrators

21  took positions and made claims in those mediation discussions

22  that were directly contrary to the factual predicates for a

23  COMI Determination, that the Administrators set out in the

24  witness statements that they filed with their petition.  So

25  the US Debtors aren't seeking discovery in order to gather

1  support for some objection that we've already determined to

2  file, trying to deny the ability for the AMIA Debtors to

3  obtain recognition.  Instead, Your Honor, we're only seeking,

4  in light of this inconsistency, to understand the basis for

5  the Administrators position in this proceeding based on the

6  facts in the witness statements that the Administrators have

7  put at issue.  And as --

8          THE COURT:  Now they say those are not at issue any

9  longer.

10          MR. BAREFOOT:  Well, Your Honor, you know the

11  problem with that position is that saying it doesn't make it

12  so.  The Administrators did point out, as you say, in their

13  objection after having filed their initial papers and refusing

14  to amend those papers, that they're not relying on the witness

15  statements, but their pleadings, which again they've refused

16  to amend, make clear just the contrary.  The papers and the

17  relief that the Administrators are seeking affirmatively do

18  put those witness statements at issue.  First, Your Honor, the

19  petition itself was verified by one of the Administrators, Mr.

20  Bloom.

21          THE COURT:  Yes.

22          MR. BAREFOOT:  And in that verification, Mr. Bloom

23  stated that in declaring that the allegations in the petition

24  were true and correct, that he was relying on the witness

25  statements and that he believed those witness statements were

1  true and correct.  Second, the declaration that Mr. Bloom

2  filed in support of the petition, incorporates by reference

3  those witness statements.  And in fact, the witness statements

4  provide the only factual support that's in the record, even to

5  this date, on which the Court could have granted the

6  Administrators interim relief.  Specifically, the Court found

7  that the Administrators had a likelihood of success on the

8  merits that entitled them to that relief.  And aside from the

9  reference in the Bloom declaration that incorporates the

10 witness statements, neither the Bloom declaration, nor any of

11 the other materials provide factual details relevant to a

12 Determination of COMI.  And the case law is extremely clear

13 that the Administrators must, even in the absence of an

14 objection from the Committee or the US Debtors or another

15 party, put forth evidence to demonstrate their own entitlement

16 to relief.  And in the posture of this objection the

17 Administrators are seeking to pick apart the witness

18 statements, relying on them in one minute in order to obtain

19 interim relief and then when we agree on a discovery schedule

20 concerning those witness statements, suddenly running away

21 from them, arguing that they're irrelevant.  Your Honor, the

22 memo of law that the Administrators filed is the third point

23 in which they rely on the witness statements and they state

24 very affirmatively in their memo of law, "that the witness

25 statements detail the facts demonstrating that the English

1  proceedings are pending in the center of each of the AMIA

2  Debtors main interests."  So in light of that we're at least

3  perplexed by the Administrators suggestion and their objection

4  that they've never suggested that they would rely on the

5  witness statements to show that the AMIA Debtors COMI was in

6  England.  Beyond all of those places where the witness

7  statements were affirmatively put at issue, Your Honor, even

8  if the Administrators hadn't verified the petition by

9  reference to the witness statements or had a declaration that

10 incorporated them or pointed them in their memo of law, all of

11 which they did, the Administrators are affirmatively asking

12 this Court to give full force and effect to the initial Orders

13 of the English Court and those Orders find that in January

14 2009, the date of the English petition, England was the center

15 of main interest for the AMIA Debtors.  And those Orders

16 importantly were based on the English Court's review of these

17 same witness statements and of the documents that are

18 referenced in the witness statements, the document bundles,

19 which we're just now seeking production of.  So as much as the

20 Administrators might protest that they haven't relied on the

21 witness statements and that instead now they're intending to

22 rely on testimony from Mr. Bloom or other witnesses, the

23 pleadings that the Administrators have put in and that they've

24 declined to amend tell a very different story.  And Your

25 Honor, in any event, even if the Administrators are now

1  attempting to distance themselves from the witness statements,

2  that only underscores the need for discovery, to understand

3  what has changed.  Your Honor, I'd like to secondly just

4  address an argument that the Administrators grasped at in

5  their objection in attempting to avoid discovery and that's a

6  suggestion that the US Debtors are somehow judicially estopped

7  from --

8            THE COURT:  Estopped.  Yes.

9            MR. BAREFOOT:  -- opposing recognition.  Your Honor,

10  the Administrators don't cite the applicable standard of

11  judicial estoppel, but I think that standard makes clear that

12  this argument is a little wide at the mark.  Under Third

13  Circuit precedent for a party to be judicially estopped, they

14  have to have taken an inconsistent position in a prior

15  proceeding and the Court had to have that position adopted or

16  accepted.  And for a citation I'd point to Montrose General

17  Hospital v. Bulger [ph].

18            THE COURT:  Well, as a practical matter we're not

19  quite at that stage yet either --

20            MR. BAREFOOT:  Absolutely, Your Honor.

21            THE COURT:  -- for judicial estoppel.  We're at a

22  preliminary discovery stage of the case.

23            MR. BAREFOOT:  That's correct, Your Honor.  So in

24  any event, we're not seeking to oppose recognition, as Your

25  Honor points out.  But even beyond that the only position that

1  the Administrators point to as the basis for judicial estoppel

2  is a first day presentation from my colleague, Mr. Bromley.

3  And in that first day presentation, Mr. Bromley noted in

4  describing to the Court the factual circumstances on which the

5  Nortel Debtors found themselves before the Court, that the

6  AMIA Debtors had obtained the initial Orders from the English

7  Court and he suggested why that was expected to be beneficial

8  for all of the Nortel estates in the interest of coordination.

9  Mr. Bromley wasn't asking Your Honor for any relief or asking

10 the Court to take any position at that point on the English

11 Court's Orders.  It was the AMIA Debtors, not the US Debtors,

12 that had obtained relief, so there's really -- beyond the

13 point that Your Honor raised of the status at this proceeding,

14 there's no adoption or acceptance of that position.

15         THE COURT:  Well, it seems to me as well that the

16 AMIA Debtors take an inconsistent position.  On the one hand

17 they're arguing that what I need to look at is as of the

18 petition date.  At the same time they're arguing that I should

19 be looking at past events.

20         MR. BAREFOOT:  That's exactly right, Your Honor, and

21 their -- I think that inconsistency is exactly the position

22 that the US Debtors and the Committee found themselves in when

23 we were faced with their initial objections and responses,

24 after having negotiated a discovery schedule that was based on

25 their petition, we were quite surprised to see that the

1   Administrators were now taking a position that the only

2   relevant time period was the time of the Chapter 15 petition.

3            THE COURT:  Right.

4            MR. BAREFOOT:  And I'd just like to address the

5   cases that the Committee cites on that point.  Your Honor,

6   even if those cases were correctly decided, like any

7   Determination of relevance for discovery, those cases were

8   decided on the particular facts and circumstances of the

9   petitions and of the relief that the foreign Debtors in those

10  cases were seeking.  And in none of those cases, the three

11  cases they cite, did the moving party put another timeframe at

12  issue, as the Administrators have here.  And even beyond that

13  in none of those cases did the moving party seek enforcement

14  of Orders that were entered in that prior time period, as the

15  Administrators also have here, by asking Your Honor to enforce

16  the January 2009 Orders in the English Court.  Your Honor, it

17  also bears noting that those cases concern what's ultimately

18  relevant to the Court's Determination on the merits of

19  recognition, not about discovery where it's fair game of

20  course not only to have discovery of relevant evidence, but

21  evidence that could lead to the discovery of relevant

22  evidence.  So in short, Your Honor, I think it's quite clear

23  that none of the Administrators basis for resisting discovery

24  on these documents that they've put at issue are sufficient to

25  justify the denying of our motion.  I would like briefly to

1   separately address the cross motion that the Administrators

2   appear to have brought in their objection, in which they ask

3   the Court to preclude any further discovery into the relief

4   sought in the Chapter 15 petitions.  Your Honor, I understand

5   from some discussions with Mr. Harron this morning that they

6   may not quite be asking for any further discovery to be

7   precluded, but at least from their papers that's what they

8   plainly said.  I think most importantly, Your Honor, any

9   relief on the cross motion is premature.  Pursuant to the

10  interim Order, the Debtors only served their supplemental

11  discovery request on November 18, this past Thursday.  And

12  those relate to discovery that's separate and apart from the

13  witness statements that are the narrow subject of this motion

14  to compel.  The AMIA Debtors haven't even served their

15  responses and objections to those supplemental discovery

16  requests.  Those are due later today.  And we haven't had an

17  opportunity to meet and confer of course to crystallize any

18  disputes, if there are any as to those requests.  The same can

19  be said of depositions on which the parties have also not met

20  and conferred as to length or location or number of deponents.

21  Beyond those supplemental requests, there's also a number of

22  remaining issues that are also apart from the witness

23  statements that are at issue in the motion to compel, that

24  don't -- on which the parties continue to meet and confer and

25  on which we frankly just aren't at loggerheads yet, Your

1    Honor.  By way of example of some of those disputes, the

2    Debtors initial request sought discovery on the country of

3    residence of the AMIA Debtors officers and directors, which is

4    plainly relevant to a Determination of COMI.  And the

5    Administrators have not yet provided those -- that

6    information.  The Administrators also agreed to reexamine

7    their confidentiality designations for the hundred or so

8    documents that they have produced and to propose a

9    confidentiality stipulation for any documents that do require

10   confidential treatment.  And that's important, Your Honor,

11   because under the current designations, essentially all the

12   documents that they've produced have been subject to an

13   attorney's eyes only designation, even if they've been

14   publicly filed.  The Administrators have also agreed to confer

15   further with their clients on available information concerning

16   claims and location of Creditors for the AMIA Debtors, which

17   the US Debtors are also awaiting their response on.  So

18   there's really no final position on these, as well as some

19   other issues, that has been reached between the parties, so

20   that any protective Order is, if nothing else, premature.  And

21   Your Honor, finally, the Administrators objection to our

22   motion to compel is founded on the basic position that now the

23   witness statements are irrelevant because they're not going to

24   rely on them and they're instead going to rely on a

25   declaration or another form of testimony from Mr. Bloom.  But

1   by their promotion for a protective Order, they're now seeking

2   to preclude us from taking that deposition of Mr. Bloom.  And

3   it really can't be the case that the Administrators can

4   simultaneously run away from the witness statements, citing

5   reliance on something else, while at the same time precluding

6   our ability to understand whatever that other evidence now is.

7   Unless Your Honor has any questions, I'd propose to yield the

8   podium to Counsel for the US Committee and obviously reserve

9   the right to respond after Mr. Harron takes the stand.

10          THE COURT:  Very well.  Thank you.

11          MR. BAREFOOT:  Thank you, Your Honor.

12          THE COURT:  Thank you, Mr. Barefoot.

13          MR. QURESHI:  Good morning, Your Honor.  For the

14  record, Abid Qureshi, Akin Gump Strauss Hauer & Feld on behalf

15  of the Committee.

16          THE COURT:  Good morning.  Good to see you again.

17          MR. QURESHI:  Nice to be before Your Honor again.

18  Your Honor, Mr. Barefoot certainly covered the principal

19  arguments and I won't be repetitive.  I did, however, want to

20  provide just a little bit more emphasis on a couple of points.

21  And the first, Your Honor, is the context in which all of this

22  came about, which frankly is bizarre to say the least and I

23  think it underscores more than at the initial stage, why it is

24  absolutely critical for the US Debtors and the Committee to

25  get this discovery.  To have filed a Chapter 15 petition that

1  explicitly and expressly relies upon these witness statements

2  and then to receive interim relief only upon the basis of a

3  stipulation that the parties will engage in discovery, was how

4  this began.  And only once we then made the request, which by

5  the way is clearly contemplated in the Order granting us the

6  right to take discovery in the first place, that we wanted to

7  see the basis for these witness statements, do the AMIA

8  Administrators all of a sudden say oh, gee, I didn't realize

9  you wanted that.  And then they simply try to walk away from

10  it.  And as Mr. Barefoot pointed out, Your Honor, whether or

11  not anybody ultimately objects to the Chapter 15 relief that

12  the Administrators are seeking, it is their burden to put

13  evidence before this Court to establish that that is relief

14  they are entitled to.  And they clearly are playing games in

15  terms of how they're going to do that.  So their first

16  position is oh, just kidding about the witness statements,

17  we're really not going to rely on those after all.  Well, we

18  then of course engaged in a conversation of well, then the

19  Order should be vacated because that was the basis upon which

20  you received the interim relief and there is no basis for that

21  Order if you're now saying you're not going to rely on those

22  witness statements.  Well, then the next turn of events was

23  oh, well, wait until next week, we're going to file an amended

24  petition.  Okay.  Well, we then made clear that if you're

25  filing an amended petition, again the interim relief Order

1  ought to be vacated.  Well, we're not sure about that and back

2  and forth it went and now here we are, there is no amended

3  petition, and they stand by apparently the original position

4  that they took, which is we want the interim relief to

5  continue, even though we're not relying on the witness

6  statements, we're not going to give you discovery.  And then

7  to make it even more surreal, a cross motion saying we're not

8  entitled to any discovery in the face of a stipulated Order

9  that said we were.  So that's the posture and that makes us,

10 Your Honor, all the more frankly suspicious of the allegations

11 that are made and why the Administrators are seeking to hide

12 the facts that allegedly support the relief that they're

13 seeking.  Your Honor, second point, just a sense of the facts

14 that are in the declaration about which we seek discovery, to

15 just give Your Honor a little more color to those and to how

16 they relate directly to the Chapter 15 relief that is being

17 sought.  I'm going to just point out a few.  And again, as Mr.

18 Barefoot pointed out, the only place that these facts appear

19 are in the original witness statements that were attached to

20 Mr. Bloom's declaration.  First, significant decisions

21 regarding sales and dealings with customers were largely made

22 in England.  That's the allegation.  It squarely relates to

23 COMI.  Second, treasury and banking functions were managed out

24 of England.  Again, squarely relates to COMI.  Third, finance

25 and control functions run from England.  Lastly, the vast

1    majority of significant operational decisions made in England.

2    These are the things about which they are seeking a protective

3    Order, saying that we're not entitled to discovery.  Last

4    point, Your Honor, the estoppel argument, such as it is, they

5    do not contend, the Administrators do not contend, nor could

6    they, that that argument would have any force vis a vis the

7    Committee.  The Committee obviously did not exist at the time

8    of the first day hearing and took no position at that hearing

9    concerning the appropriateness of the Chapter 15 relief for

10   NNUK.  So unless Your Honor has any questions, that's all I

11   have.

12              THE COURT:  Thank you, Mr. Qureshi.  Thank you.

13              MR. HARRON:  Hello again, Your Honor.

14              THE COURT:  Good morning again, Mr. Harron.

15              MR. HARRON:  May it please the Court.  Your Honor,

16   what I'd like to do, if okay with you, is respond to the

17   comments of my friends at the end of my initial presentation.

18              THE COURT:  Okay.

19              MR. HARRON:  I'll try to clarify what our position

20   is to the extent that it wasn't clear from our papers and I do

21   appreciate the Court's time today.  I think one thing on which

22   all parties agree is today is only a discovery fight.

23              THE COURT:  Yes.

24              MR. HARRON:  And we're not asking the Court to reach

25   the substance of the relief we're seeking in our Chapter 15

1    petitions.  But I also wanted to make clear that nothing in

2    our papers are meant to suggest that at any point are we

3    asking this Court to adopt the finding of COMI that was

4    rendered by the High Court in England.  What we are suggesting

5    is that the Court should consider the High Court of England's

6    finding of COMI and the Orders entered in that proceeding and

7    consider the administration of that case from that time

8    through today to determine, as we sit here today, where does

9    COMI exist.  If in our view the scope of the recognition

10   hearing analysis is correct that you look at where does COMI

11   exist today, then witness statements that provide facts

12   leading up to the initiation of the insolvency proceedings in

13   England have no relevance to the issue of recognition or to

14   that of COMI.  And our view of the scope of the Court's

15   inquiry is well supported by the code and by case law.

16   Section 1502 by its terms speaks in the present tense and

17   defines foreign main proceeding as a foreign proceeding in the

18   country where the Debtor has the center of its main interest,

19   not where it had its center of main interest two years ago.

20   To go back in time to review the pre-UK operations --

21   operational history of the AMIA Debtors, will completely

22   undermine the purpose of Chapter 15 to provide an effective

23   mechanism for dealing with cross border insolvencies.  I think

24   if you look at the portion of the transcript we attached to

25   our papers where Mr. Bromley was touting the benefits of the

1  UK proceedings in the AMIA finding, Mr. Bromley himself

2  acknowledges the value of a COMI finding with respect to the

3  efficient administration of these cases.  If this Court were

4  to take a de novo review of COMI, as if the UK proceedings

5  didn't exist, as if the UK and its rulings were never entered,

6  it would set the international comity reorganization scheme on

7  its head.  The Chapter 15 itself explains --

8          THE COURT:  But I thought you had just said and I

9  just want to make sure I understand your argument because I

10 thought you had said that the Court isn't bound by that ruling

11 in England.

12         MR. HARRON:  It's not bound by the ruling, but it

13 should be informed by the fact that the UK administration is

14 occurring and what's occurred in that administration.  So in

15 no sense is it bound by the UK finding of COMI, but it should

16 respect the fact that the UK Orders exist.  It shouldn't look

17 behind those Orders to reexamine whatever relief was granted

18 in the UK proceedings.  And only after this Court makes its

19 own Determination of COMI should it then decide the extent to

20 which it's appropriate pursuant to the code to enforce those

21 Orders.  But the COMI analysis comes first and then the Court

22 would determine whether it's appropriate to enforce the

23 Orders.  What I'm saying is to determine COMI today, you don't

24 revisit findings made by the English Court.  Those findings or

25 whatever they are and then the conduct of the administration

1    currently is what matters for where COMI exists.  And the

2    cases we've cited are on all fours with this proposition.  In

3    the Betcorp [ph] case it says an inquiry into the -- Betcorp

4    is at I believe 425 Bankruptcy Reporter and this quote is from

5    Page 291, but it says that an inquiry into the Debtors past

6    interest could lead to a denial of recognition in a country

7    where the Debtors interests are truly centered, merely because

8    of past activities.  In the Betcorp case, the Rand case, and

9    the British American case all say the same thing and they

10   quote the European Union Regulations, which suggest that COMI

11   should be ascertained at the time of the filing of the Chapter

12   15 petition.  The United Nation Commission on International

13   Trade Model Law says the same thing.  And the commentary

14   behind Chapter 15 says that this Court should be guided by the

15   standards by which other Courts evaluate COMI to avoid a

16   situation where each Court is taking a piecemeal analysis from

17   the bottom up.  You start from the top down, look how the

18   cases are being evaluated today, make a COMI Determination.

19           THE COURT:  All right.  How about just for example

20   for impeachment purposes, in other words you'd bring a witness

21   to Court who testifies as to certain facts and those witness

22   statements contain contrary statements of facts?  Shouldn't

23   the Court at least be able to entertain the impeachment of the

24   evidence before it -- for present purposes?

25           MR. HARRON:  Well, Your Honor, as the Court is well

1  aware, any evidence -- anything can be used to impeach a

2  witness.  So if availability for impeachment were the sole

3  standard of relevance, it would eliminate the relevant

4  standard altogether.  Your Honor, but we're talking about two

5  different things.  Those statements are dated prior to the

6  English insolvency proceeding.  It goes to the same issue.

7  There's no relevant testimony that we'd be offering in support

8  of where COMI exists today, that even go to the fact of how

9  the cases were operated before they went into insolvency.  So

10 yes, Your Honor, there may be something that comes out of

11 those that potentially could be used for impeachment based on

12 the fact that anything could be used for impeachment, but I

13 don't think in and of itself that makes it relevant.  You'd

14 have to look at whether the subject matter related to the

15 issue before the Court has any reasonable relationship to the

16 subject matter of those witness statements.  And I know when

17 Chapter 15 comes up and when there's an opposition to a

18 Chapter 15, you always hear about Bear Stearns.  Just to

19 dispel any suggestion that Bear Stearns is relevant here, Your

20 Honor, the Bear Stearns case was one where the foreign

21 proceeding in the Cayman Islands and the proceeding for

22 recognition in the US occurred on the same day.  So this

23 inquiry of what timeline you look at, post foreign proceeding

24 or pre foreign proceeding, it was never addressed by the Court

25 there because all that was available to the Court to examine

1   is what occurred leading up to that proceeding.  So the issue

2   of what window of time you examine, Bear Stearns has no

3   bearing on that.  Now Your Honor, my -- our point on the

4   estoppel argument and Your Honor, I understand that there

5   could be an inconsistency to that, but it's not inconsistent

6   at all because what we're saying is the Debtors are estopped.

7   Mr. Bromley, it was in open Court, it's a statement by a party

8   adversary, touting the fulsomeness of the evidence that was

9   provided to the High Court before it made its initial Orders

10  and made its finding of COMI and was touting at the benefit of

11  the COMI finding and the initial Orders to the efficient

12  administration of this case.  So we believe that's another

13  reason why the US Debtors should not be heard to suggest -- we

14  can look behind what happened at the English proceedings

15  because it was very clear from Mr. Bromley's comments that

16  these insolvency proceedings were a coordinated effort in

17  which the US Debtors were involved and supported the filings

18  in England.  So to come here today and suggest we need to look

19  at what occurred before the insolvencies were initiated, I

20  think is at best disingenuous.  We do agree, Your Honor, and

21  our motion to compel probably was -- pardon me, our motion to

22  prohibit any further discovery was probably a little

23  aggressive.  We do agree, Your Honor, that consistent with our

24  position, the Debtors are -- the US Debtors are precluded from

25  any effort to look behind the initial Orders, but it is fair

1  game to test what's occurred since the initial Orders were

2  entered.  There's no estoppel argument we have to preclude

3  them from testing what's happened since the initial Orders

4  were entered up to today.  And the Committee suggests well, we

5  weren't here, we can't be bound by the Debtors.  I suggest

6  that the Committee has no independent right to examine the

7  initial Orders in the UK or anything leading up to the

8  insolvency proceeding.  The Committee, by definition, is an

9  entity designed to protect the interests of Creditors in the

10 US estate.  Whatever interest those Creditors may have is a

11 derivative of the US estate's interest in the UK estates.  So

12 I'd suggest that the Committee indeed is bound by the actions

13 of the estate in this respect.  They have no independent right

14 to -- they have no independent interest in the UK proceedings.

15 And Your Honor, to suggest that somehow the Order that was

16 entered a few weeks ago confers standing or gives the right

17 for unlimited discovery, again is disingenuous.  The Order

18 itself says that the Administrators reserve all rights to

19 contest discovery.

20          THE COURT:  Yes.

21          MR. HARRON:  And it's also been suggested that there

22 was something nefarious behind the concept that the UK

23 Administrators received interim relief at the last hearing.

24 But as Your Honor may recall, we didn't come to Court

25 requesting interim relief.  The interim relief was part of a

1    negotiated compromise to allow for the parties to explore

2    discovery and at that hearing we made it very clear that we

3    believed that the US Debtors were fully involved in the UK

4    proceedings at the time it was filed and we didn't think

5    there'd be a need for discovery, but because the US Debtors

6    feigned little actual notice of the filing of the Chapter 15

7    petition, we all said okay, well let's before any decisions

8    are made about the relevance of discovery, let's talk, let's

9    put a schedule in place, let's try to work it out.  Your

10   Honor, the suggestion that we refused to amend our pleadings,

11   Your Honor, we would happily amend the package to delete any

12   reference to these witness statements.  But as Mr. Barefoot

13   said here today, even if we did that, they'd still pursue

14   discovery related to the witness statements.  But we've made

15   the offer to them.  They said well, wait and see, if you amend

16   it, we'll get back to you.  We've made that offer and if the

17   Court were to find that by referencing those witness

18   statements we put that at issue and if we could correct that

19   by amending the pleadings to remove all references to those

20   witness statements, we would do so.  And Mr. Barefoot made

21   mention of existing discovery disputes.  He concluded that

22   portion of his remarks by saying that there was no final

23   position on those, so just for the record you know I don't

24   necessarily adopt any of the positions or descriptions of the

25   discovery disputes, but hopefully we'll be able to work those

1  out.  And again, but based on the Debtors own conduct at the

2  first day hearing and endorsing the COMI finding in the

3  English Court, I do think it would be difficult for them to

4  come here today in good faith and say that we oppose interim

5  relief because you have no likelihood of success on

6  establishing COMI before the Court in this case.  So Your

7  Honor, we would be prepared to amend the petition package, to

8  delete the references to the witness statements, to expand the

9  discovery schedule, to work out any issues attendant to our

10 amending those packages, and then to come back here and

11 address the Court at a later time.  And Your Honor, to the

12 extent that there is a live dispute about the interim relief

13 and if the Court were inclined to suggest that we should so

14 amend our pleadings, perhaps we could have a status conference

15 on the interim relief at the next omnibus hearing and work

16 through it in that manner.  So Your Honor, I became a little

17 more disjointed than I'd intended to, but I think I covered

18 the bulk of my comments, Your Honor, which are that COMI

19 should be evaluated as of today.  The case law is clear on

20 that and for good reason, to protect some conformity in the

21 way Court's adjudicate international insolvencies and for that

22 reason alone, Your Honor, there is simply no relevance to

23 witness statements that provide facts that only relate to a

24 period prior to the initiation of the UK proceedings.  Thank

25 you.

1          THE COURT:  Thank you, Mr. Harron.  Mr. Barefoot, is

2    there any contention with the argument that for purposes of

3    COMI, I look at it as of the petition date, I look at the

4    facts as of the petition date as opposed to earlier?

5          MR. BAREFOOT:  Your Honor, I think it's possible

6    that in some cases that's correct.  But I don't think that's

7    the case here whereas Mr. Harron conceded that in asking for

8    this Court to give full force and effect to the English

9    Orders, this Court has to be informed by what's occurred in

10   those English proceedings.  And we couldn't agree with that

11   more.  What's occurred in those English proceedings are the

12   witness statements on which we're seeking discovery.  Those

13   statements are what was submitted to the English Court and in

14   order for this Court to do as Mr. Harron suggests, understand

15   and be informed by what's occurred in the English proceeding,

16   this Court has to understand those witness statements.  And it

17   also bears noting, Your Honor, that those witness statements

18   were executed simultaneously with the commencement of the

19   English proceeding.  They're not months or decades old and

20   it's completely irrelevant.  And we've only asked for

21   documents that are either referenced in the witness statements

22   or documents that are sufficient to support the basis for the

23   witness statements.  That may be something from as recent as

24   last week.  Mr. Harron also suggested and to Your Honor's

25   question regarding the cases, that the three cases that they

1  cite in their objection are on all fours with this proceeding.

2  Your Honor, that's just not the case.  First of all, those

3  cases are not about discovery.  Those cases are about the

4  merits.  And there's clearly a broader standard, as Your Honor

5  pointed out, even for purposes of impeachment, which is

6  particularly relevant given that they've indicated the

7  witness, whose testimony they would now rely on, is Mr. Bloom,

8  who indicated in his verification that all of the facts and

9  circumstances in the witness statements were true and correct.

10 And we're entitled to understand what his basis for that

11 position was and what's changed that the Administrators now

12 have qualms about relying on those witness statements.  And

13 beyond that, Your Honor, as I mentioned, those cases don't

14 concern circumstances where the party's affirmatively asking

15 for relief that puts a prior period at issue.  Your Honor, I'd

16 like to briefly also just address Mr. Harron's points on

17 amendment.

18           THE COURT:  Yes.

19           MR. BAREFOOT:  He did offer to delete all references

20 to the witness statements, but that's not going to resolve the

21 issue because substantively the relief they're seeking in

22 terms of enforcement and giving full faith and credit to the

23 initial Orders, is what puts those witness statements at

24 issue.  And if they amend their petition to delete the portion

25 of the verification that refers to those witness statements or

1    to amend their memo of law, that's not going to change the

2    fact that the substantive relief they're asking for squarely

3    raises the very discovery we're seeking for on those witness

4    statements.  And just briefly also on timing.  Your Honor, we

5    did agree to the interim relief based on an understanding

6    that's memorialized in the initial Order, that we would be

7    able to expeditiously complete discovery.  And to wait until

8    we've issued that discovery, to raise the change in

9    circumstances, and now to ask this Court to allow them to

10   continue to rely on that interim relief, while they run away

11   from the witness statements and deny the Committee and the

12   Debtors discovery into those witness statements, simply can't

13   be countenanced.  Unless Your Honor has any further questions,

14   I'll turn it over to Mr. Qureshi.

15          THE COURT:  I don't.  Thank you very much, Mr.

16   Barefoot.  Mr. Qureshi?

17          MR. QURESHI:  Thank you, Your Honor, and I'll be

18   brief.  Just very quickly with respect to this issue of the

19   declarations pre-dating the insolvency petitions in the UK.

20          THE COURT:  Yes.

21          MR. QURESHI:  I didn't check the exact dates, Your

22   Honor, but I believe the two witness statements pre-date the

23   UK insolvency proceedings by maybe a day or two.

24          THE COURT:  Well, I think that what Mr. Harron was

25   talking about with the declarations was not when they were

1  dated, but the facts in those declarations were pre-petition.

2           MR. QURESHI:  Right.  And again there I think that

3  the response is that to the extent they are seeking the

4  effectiveness of those Orders issued by the UK Court and the

5  UK Court clearly was presented with these witness statements

6  as the basis for that relief, that is something that is

7  squarely relevant to the proceedings before this Court and

8  about which we are entitled to discovery.  And that discovery,

9  Your Honor, does not in any way constitute a collateral attack

10 by this Court on an Order of a foreign Court, which is what

11 they're suggesting and nowhere close to that.  This is

12 discovery.  This has nothing to do with the ultimate relief

13 that this Court may or may not grant.  So to try to protect

14 this in the cloak of international comity is wide of the mark.

15 Your Honor, lastly and I mean no disrespect to Mr. Harron, but

16 I'm a little dumbfounded by the argument that was not in the

17 papers that somehow the -- a Creditors Committee that did not

18 exist on the petition date here in the US is bound by

19 statements that the US Debtors made at that hearing and

20 somehow has no standing to be heard on this issue or no

21 ability to take a position contrary to the US Debtors, if

22 that's where we came out, is rather bizarre and to refute it I

23 would simply point, Your Honor, to this Court's Order granting

24 the provisional relief and the discovery that we're now

25 arguing about and particularly Paragraph 9 of that Order.

1   Firstly, the Creditors Committee is a party to that Order.

2   And secondly, the specific language in Paragraph 9 not only

3   says that the Committee, separate and distinct from the US

4   Debtors, is entitled to conduct discovery with respect to the

5   Chapter 15 petitions.  But also, Your Honor, that the

6   Committee is entitled to discovery with respect to the Chapter

7   15 documents.  Chapter 15 documents in turn are defined in the

8   Order to include the original Orders of the UK Court that they

9   are seeking to be recognized here, as well as all of the

10  documents submitted to the UK Court, including the witness

11  statements.  Thank you, Your Honor.

12          THE COURT:  Thank you, Mr. Qureshi.  Anything

13  further, Mr. Harron?

14          MR. HARRON:  Very briefly, Your Honor.  I'm sure the

15  Court is more than competent to read Paragraph 9 in the

16  scheduling Order, but it's very clear that we reserve rights

17  to object to any and all discovery.

18          THE COURT:  Absolutely and I certainly --

19          MR. HARRON:  Thank you, Your Honor.

20          THE COURT:  -- understood that at the time and

21  continue to understand that.  But I think the discovery

22  requested here is appropriate and I am going to grant the

23  motion to compel.  You know the affiant in support of the

24  petition, Mr. Bloom, did specifically rely upon the witness

25  statements and even an amendment I don't think could change

1    you know that fact and what the universe was of his

2    understandings to determine the appropriateness of the relief

3    that was being sought on behalf of the AMIA Debtors.  I also

4    think that we are talking about discovery and much of the

5    argument and much of the AMIA Debtors concerns I think relate

6    more to the merits than they do to the discovery.  Discovery

7    is intended to permit parties to explore information that may

8    lead to admissible and relevant evidence and I think that

9    under the circumstances, the discovery that I've reviewed that

10   is being contested by the AMIA Debtors, clearly would lead to

11   relevant evidence and I think that the Court's Determination

12   of an important issue here and what may be a contested issue,

13   depends upon a full scope of relevant information and the

14   discovery, in my view, is clearly intended and will develop

15   that type of evidentiary record.  And even taking a snapshot

16   at the date of the petition doesn't -- if that is the

17   appropriate standard, doesn't change the necessity of looking

18   at oh, events that may have occurred in the past that are

19   pertinent to the present and as well, I do think that it will

20   enable the Debtors and the Committee, which clearly does have

21   standing in this situation because its rights are also

22   affected, and the Creditors in the United States cases clearly

23   will be affected by the proceedings.  I think impeachment is

24   also an issue and I think that they're entitled, they being

25   the Debtors, the US Debtors and the Committee, they're

1  entitled to be in a position to be able to challenge the

2  factual presentations made in support of the Court's

3  Determination of whether or not the proceedings are entitled -

4  - where COMI exists.  So for all of those reasons I am going

5  to grant the motion to compel and I guess relatedly deny the

6  request for a stay against discovery.  So I will enter the

7  Order.

8           MR. HARRON:  Thank you, Your Honor.

9           THE COURT:  Mr. Harron?

10          MR. HARRON:  A couple of points, Your Honor.  One,

11  the AMIA Debtors, many of which are small estates, are very

12  concerned about the costs of this discovery, if it's going to

13  go the breadth that's been suggested by the request we've

14  seen.  So just, as an officer of the Court, I feel compelled

15  to put parties on notice that we will exercise our right to

16  amend the documents, amend the petitions, and we'll address

17  not only the witness statements, but I'm -- will discuss with

18  my clients amending the scope of the relief sought therein so

19  that we can narrow some of these discovery disputes.  So I

20  just wanted to put the Court on notice of that.

21          THE COURT:  Well, I would hope the parties would

22  discuss sort of narrowing and keeping the discovery to a

23  minimum.  I'm available if there are specific issues.  I'd be

24  prepared to sit down around a conference table with you and go

25  discovery request by discovery request to the extent that

1  would be helpful or appropriate under the circumstances.  I

2  didn't see, from my review of the discovery, that it was

3  particularly burdensome.  I think the depositions that we're

4  talking about are very limited.  Is that right, Mr. Barefoot?

5  Is it really just those witnesses whose depositions you're

6  seeking at this point?

7           MR. BAREFOOT:  Your Honor, we've not finished the

8  process of noticing depositions and certainly have not met and

9  conferred with the Committee regarding the scope of

10 depositions.  We're certainly willing to have those

11 discussions, but Your Honor, I would like to understand a

12 little further the AMIA Debtors intention to amend because I

13 understood from Your Honor's ruling --

14          THE COURT:  Yes.

15          MR. BAREFOOT:  -- that that would not moot the

16 discovery that we're seeking.

17          THE COURT:  That's correct.  That's correct.

18          MR. HARRON:  But Your Honor, what I said was we

19 would amend not only to eliminate the references to the

20 witness statements, but we'll also discuss with my clients

21 amending the scope of the relief sought, which we hope would

22 narrow the discovery.

23          THE COURT:  Well, I guess it's difficult --

24          MR. HARRON:  Correct, Your Honor.  I'm not asking

25 for any guidance from the Court.

1          THE COURT:  -- to respond.  Right.

2          MR. HARRON:  I just don't want anyone to feign

3    surprise or abuse of process when we file the amended papers.

4    The second point, Your Honor, is to the extent we're not able

5    --

6          THE COURT:  When would you be doing that, Mr.

7    Harron?

8          MR. HARRON:  Well, it's -- the difficulty we have is

9    that Mr. Bloom, our primary witness, is on holiday.  So it's

10   tough for me to commit to exactly when we'll file the papers.

11         MR. BAREFOOT:  Your Honor, the problem is is that

12   throughout this time from the time that we negotiated the

13   discovery schedule, the AMIA Debtors have been enjoying the

14   benefits of interim relief, including the stay that we

15   consented to, contingent on our ability to expeditiously

16   complete this discovery.  So I understand that Mr. Bloom may

17   be on holiday, but I don't know that that's grounds for

18   putting the brakes on this process and allowing the AMIA

19   Debtors to continue to enjoy the benefits of the stay,

20   whenever we've already negotiated a schedule that we're almost

21   off of track because of this dispute that caught all of us

22   off-guard.

23         MR. HARRON:  With respect to the schedule, Your

24   Honor, given the Court's ruling today, it will be impossible

25   for us to comply with the deadlines therein and provide all

1    the information relating to the witness statements.  And we've

2    advised Mr. Barefoot that the witnesses are no longer in the

3    employ of the company.  So we're going to have to discuss

4    amending the scheduling Order.  We're also going to discuss

5    with the US Debtors taking discovery, of the US Debtors with

6    respect to their participation in the English filings.

7         MR. BAREFOOT:  Your Honor, I think it's probably

8    premature for us to address discovery requests or whatever

9    basis there even could be, given that they haven't as part of

10   their interim relief gotten rights to take discovery of the US

11   Debtors.  But just in terms of the timing, Your Honor, I'd ask

12   the AMIA Debtors what it is that they're proposing because our

13   discovery requests don't -- and the motion to compel that Your

14   Honor has just granted, don't relate to depositions.  It

15   relates only to production of documents and responses to

16   interrogatories.  So we'll certainly discuss separately the

17   scope and timing of depositions, but all that our motion to

18   compel seeks and our proposed Order would ask for is the

19   discovery responses to the interrogatories and production of

20   documents.  And the date that we proposed for that, given that

21   the Administrators have been on notice of our intent to seek

22   discovery on those issues for you know over a month, was next

23   week.

24        THE COURT:  Well, why don't we do this, because I

25   think we're talking about positions that have not really been

1   discussed at this point among you?  How about if -- I have

2   this telephone conference scheduled for Monday at 10:00.  Why

3   don't we add this matter to that telephone conference and

4   perhaps by that time at least you'll have an opportunity to

5   discuss what all of this means?  I'm not sure how that -- I'm

6   not -- I don't know that I have your schedule firmly in mind

7   that you've agreed upon, the discovery schedule, whether that

8   would impact that schedule or not.

9         MR. BAREFOOT:  Your Honor, it really is a matter of

10  how quickly the AMIA Debtors can produce the documents and

11  respond to the interrogatories because --

12        THE COURT:  Yes.

13        MR. BAREFOOT:  -- as you mentioned I think the

14  depositions that we're going to be seeking are very limited.

15  So once we have the documents and interrogatories, I think we

16  can proceed expeditiously.  We're happy to discuss in the

17  meantime scheduling, but --

18        THE COURT:  I didn't think that the document

19  requests or the interrogatories really extended beyond --

20        MR. HARRON:  Your Honor --

21        THE COURT:  -- these somewhat limited issues

22  relating to the witness statements.

23        MR. HARRON:  Well, I believe they say all documents

24  -- something to the effect like all documents reviewed or

25  relied upon by the witnesses in making their statements.  The

1  witnesses don't even work for us anymore.  I don't -- sitting

2  here today I don't even know how we're going to figure that

3  out.

4       THE COURT:  As of what date were they terminated as

5  employees?

6       MR. BAREFOOT:  Your Honor, that's actually a pending

7  matter that we haven't gotten full disclosure from the AMIA

8  Debtors on.  In their limited interrogatories that they have

9  answered, they've suggested that Mr. Klamant [ph], who was one

10 of the Declarants in the witness statements, is still a

11 director of the Debtors.  And they've also suggested in their

12 interrogatory responses that Ms. Rulston [ph], who was the

13 other author of the witness statements, is in the process of

14 resigning, but we haven't gotten clarification or documents to

15 support at what stage she is in the resignation process or if

16 she remains a director pending the finalization of that

17 resignation.

18      THE COURT:  But maybe the Debtor has independent

19 knowledge of the documents that were reviewed for example.

20 Even -- I'm not suggesting that the witnesses are or are not

21 still in the employment or wouldn't be cooperative, but I

22 think the Debtors -- the AMIA Debtors themselves could provide

23 that kind of information.

24      MR. BAREFOOT:  And Your Honor, obviously we'll have

25 to discuss what their files consist of and what documents are

1   in their custody or control, but that was not the issue or the

2   basis for their objection.

3            THE COURT:  Right.

4            MR. BAREFOOT:  The basis for the objection was just

5   at large they were irrelevant, regardless --

6            THE COURT:  Right.

7            MR. BAREFOOT:  -- of whether they had them in their

8   custody, possession, or control.

9            THE COURT:  Right.

10           MR. BAREFOOT:  Just going back to the scheduling

11  though, Your Honor, we have under the current schedule notice

12  depositions for the week that would be next week, at the end

13  of the next week is when the depositions are currently noticed

14  for.  I think there is some room for us to move those

15  deposition dates while maintaining the December 15 hearing

16  date, but if we're not even going to have clarity until next

17  Monday as to when the AMIA Debtors are going to make their

18  production, it does make it a little bit difficult for us to

19  maintain the December 15 hearing date.

20           THE COURT:  And the production is due or was due

21  when?

22           MR. BAREFOOT:  The production was due -- I believe

23  it was -- I just want to get the exact date, Your Honor.

24           THE COURT:  Just close enough.  In other words, was

25  it this past week or --

1        MR. BAREFOOT:  I believe it was -- excuse me --
2   November 12, Your Honor.

3        THE COURT:  November the 12th.  Okay.  All right.

4        MR. BAREFOOT:  And the AMIA Debtors did make a
5   production then of about 100 documents, but it obviously
6   didn't relate to any of these requests that are the subject in
7   the motion to compel.

8        THE COURT:  Mr. Qureshi, you had risen and I didn't
9   know.

10       MR. QURESHI:  Your Honor, I -- thank you, Your
11  Honor.  I was just going to ask that in order that the
12  schedule doesn't slide too far off track, I think what at
13  least the Committee would like is to get deposition dates on
14  the calendar, at least with respect to Mr. Bloom and I would
15  argue the other two Declarants as well.

16       THE COURT:  Yes.

17       MR. QURESHI:  And we can have placeholder dates and
18  then we will see if the documents will be produced in time,
19  such that it makes sense to go ahead with those depositions,
20  but we'd at least like to get those on the calendar as soon as
21  possible.

22       THE COURT:  Well, I don't think that there should be
23  any delay in document production.  It may turn out that the
24  documents -- it may or may not turn out that the documents
25  that are produced are not relevant or pertinent, but we are in

1    a tight time schedule and there's no reason that the documents

2    shouldn't be produced, interrogatories answered in full, and

3    depositions should also be scheduled.  Now to the extent that

4    the AMIA Debtors think that their amendment or proposed

5    amendment will in some way change things and we'll then have

6    discussions with the Committee and the US Debtors, I would be

7    available to resolve any issues on -- at the telephone

8    conference on Monday.  I'm not saying that that should or

9    shouldn't be the case.  The amendment may or may not make any

10   difference, but at the same time I think we ought to address

11   it promptly to the extent that the AMIA Debtors want to pursue

12   that issue of the amendment.

13           MR. QURESHI:  Thank you, Your Honor.

14           THE COURT:  I just want to make sure that you know

15   my availability or lack of it doesn't in any way delay your

16   proceeding.

17           MR. BAREFOOT:  We appreciate that, Your Honor.  And

18   just so I think we can understand the scope of our discussions

19   to be most prepared to tee up any issues that may need to be

20   on Monday.

21           THE COURT:  Yes.

22           MR. BAREFOOT:  Would you envision that the

23   scheduling conference on Monday would address both

24   depositions, dates for production of documents, and responses

25   to interrogatories, as well as the hearing on the Chapter 15

1  petitions?

2          THE COURT:  Yes.  Yes.  Anything that the parties

3  have a concern about, I'll be prepared to address.  But based

4  upon the schedule I think that the documents and

5  interrogatories certainly should be forthcoming now.  I'm not

6  looking to amend the schedule.  It sounds like they're already

7  a little late, but that doesn't mean that they should be

8  later.

9          MR. BAREFOOT:  Your Honor, the proposed Order that

10  we're prepared to hand up has been scheduled for Monday.

11          THE COURT:  Oh, okay.  All right.  That's fine.  And

12  then you'll talk about depositions, try and schedule those

13  among yourselves and to the extent you're unable to reach

14  agreement, I'll be prepared to provide dates for you.

15          MR. BAREFOOT:  Thank you, Your Honor.

16          THE COURT:  All right.

17          MR. QURESHI:  Thank you, Your Honor.

18          MR. BAREFOOT: And with that can we approach with the

19  proposed Order?

20          THE COURT:  Please.  Yes.

21          MR. HARRON:  Is this the same Order that was

22  attached to your pleading?

23          MR. BAREFOOT:  Correct.

24          MS. KRAIDIN:  If you wouldn't mind?

25          THE COURT:  Not at all.  Please.

1          MR. HARRON:  Thank you, Your Honor.

2          THE COURT:  Thank you, Mr. Harron.

3          MS. KRAIDIN:  Good morning.

4          THE COURT:  Good morning.

5          MS. KRAIDIN:  Or good afternoon, Your Honor.

6          THE COURT:  It is now.

7          MS. KRAIDIN:  The day wouldn't be complete if the

8  Canadian Debtors didn't weigh in on this in some way.

9          THE COURT:  Understood.

10          MS. KRAIDIN:  So for the record, Lisa Kraidin on

11  behalf of the monitor of the Canadian Debtors.

12          THE COURT:  Good morning -- good afternoon, Ms.

13  Kraidin.

14          MS. KRAIDIN:  Your Honor, the Canadian Debtors and

15  the monitor are not taking any position on the Chapter 15

16  petitions at this time and obviously that's not actually on

17  for today's hearing.  We would, however, given everything

18  that's been said today, obviously the Canadian Debtors and the

19  monitor have their own concerns and may in fact be impacted by

20  whatever Decisions are ultimately made by this Court.  So we

21  would request to receive service of any additional discovery

22  and to also participate at any depositions that are in fact

23  scheduled.

24          THE COURT:  When you say participate, do you mean

25  ask questions or --

1              MS. KRAIDIN:  No.  More --

2              THE COURT:  -- attend?

3              MS. KRAIDIN:  -- attend.  I should say attend.

4              THE COURT:  Any objection to that?

5              MR. HARRON:  Your Honor, this request is -- it's

6   entirely inappropriate.  Rule 26 would suggest that I'd at

7   least receive a phone call before I hear about this in open

8   Court.  I'd prefer to discuss it with Counsel.  Maybe we can

9   take it up on Monday.

10             THE COURT:  That would be fine.  Is that --

11             MS. KRAIDIN:  That's fine.

12             THE COURT:  Let's do that, Ms. Kraidin.

13             MS. KRAIDIN:  Sure.

14             THE COURT:  You had to have -- give you an

15  opportunity to talk you know in private.

16             MS. KRAIDIN:  That's absolutely fine.

17             MR. HARRON:  Thank you.

18             THE COURT:  Okay.

19             MS. KRAIDIN:  Thank you.

20             THE COURT:  Thank you, Ms. Kraidin.

21             MR. BAREFOOT:  And Your Honor, as for the proposed

22  Order, you can go ahead and sign the copy that's in your

23  hearing binder.

24             THE COURT:  Let's make sure we can find it.

25             MR. BAREFOOT:  Okay.  I do have a copy here, but it

1  has a staple punch in it and has a proposed Exhibit A.  I'm

2  happy to hand it up if it helps you to locate it in your

3  hearing binder.

4          THE COURT:  Why don't you?  Thank you.  Thank you,

5  Mr. Barefoot.  That would be helpful.  Thank you.

6          MR. BAREFOOT:  Thank you, Your Honor.

7          THE COURT:  And Exhibit A should remain attached?

8  Is that right?  Oh, no.

9          MR. BAREFOOT:  That was just the form that it was

10 attached to the motion as Exhibit A.

11         THE COURT:  Oh, okay.  The motion is granted.  Very

12 well.  I will find it in my binder and I will get it on the

13 docket.

14         MR. BAREFOOT:  Thank you, Your Honor.

15         MR. ABBOTT:  Your Honor, if --

16         THE COURT:  It's you, Mr. Abbott.

17         MR. ABBOTT:  I apologize.  Derek Abbott.

18         THE COURT:  Not at all.

19         MR. ABBOTT:  If it's easier for the Court, we'd be

20 happy to either send a hard copy over to chambers after the

21 hearing or email it to your staff or however you would like to

22 --

23         THE COURT:  I will find it.  I promise.

24         MR. ABBOTT:  Fair enough, Your Honor.

25         THE COURT:  And if I have a problem I will bother

1  Ms. Cordo.

2          MR. ABBOTT:  She's looking forward to that.

3          THE COURT:  I bet.  Anything further anyone?  All

4  right, all.  Thank you very much and I wish you all a good

5  holiday and safe traveling and I will talk to you on Monday

6  morning.  Have a good holiday everybody.

7  (Proceedings adjourned.)

8                        CERTIFICATION

9       I certify that the foregoing is a correct transcript

10  from the electronic sound recording of the proceedings in the

11  above-entitled matter.

12

13  _____        24 November 2010
    Wendy Evans                                   Date
14  Transcriber

15

16

17

18

19

20

21

22

23

24

25

| Word | Page:Line |
| --- | --- |

___debtors.___  1:13

a.m(2) 1:16  5:1
abbott(8) 1:26  46:15  46:16  46:17  46:17
46:19  46:24  47:2

abid(2) 3:7  16:14
ability(5) 6:22  8:2  16:6  31:21  36:15
able(5) 22:23  26:25  30:7  34:1  36:4
about(26) 13:19  16:22  17:16  18:1  18:14
19:2  22:19  23:4  23:18  26:8  27:12  29:3
29:3  29:12  30:25  31:8  31:25  33:4  34:12
35:4  37:25  38:1  41:5  43:3  43:12  45:7

aboveentitled  (1) 47:11
absence(1) 9:13
absolutely(4) 11:20  16:24  32:18  45:16
abuse(1) 36:3
acceptance(1) 12:14
accepted(1) 11:16
acknowledges(1) 21:2
actions(1) 25:12
activities(1) 22:8
actual(1) 26:6
actually(2) 39:6  44:16
add(1) 38:3
additional(1) 44:21
address(10) 11:4  13:4  14:1  27:11  29:16
34:16  37:8  42:10  42:23  43:3

addressed(1) 23:24
adjourned(1) 47:7
adjudicate(1) 27:21
administration(6) 20:7  21:3  21:13  21:14
21:25  24:12

administrators(50) 2:39  5:19  6:16  6:18
6:20  6:22  6:24  7:5  7:7  7:13  7:15  7:20
7:23  8:5  8:6  8:12  8:17  8:19  9:6  9:7  9:13
9:17  9:22  10:3  10:8  10:11  10:20  10:23
10:25  11:4  11:10  12:1  13:1  13:12  13:15
13:23  14:1  15:5  15:6  15:14  15:21  16:3
17:8  17:12  18:11  19:5  25:18  25:23  29:11
37:21

admissible(1) 33:8
admitted(1) 6:4
adopt(2) 20:3  26:24
adopted(1) 11:15
adoption(1) 12:14
adversary(1) 24:8
advised(1) 37:2
affected(2) 33:22  33:23
affiant(1) 32:23
affirmatively(5) 8:17  9:24  10:7  10:11
after(6) 8:13  12:24  16:9  17:17  21:18  46:2
afternoon(2) 44:5  44:12
again(11) 8:15  16:16  16:17  17:25  18:17
18:24  19:13  19:14  25:17  27:1  31:2

against(1) 34:6
agenda(1) 5:20
aggressive(1) 24:23
ago(2) 20:19  25:16
agree(6) 9:19  19:22  24:20  24:23  28:10
agreed(3) 15:6  15:14  38:7
agreement(1) 43:14
ahead(2) 41:19  45:22
akin(3) 3:4  4:13  16:14
all(42) 5:13  5:25  7:14  10:6  10:10  12:8
15:11  16:21  17:8  17:17  18:10  19:10  19:22
22:2  22:9  22:19  23:25  24:6  25:18  26:7
26:19  29:1  29:2  29:8  29:19  32:9  32:17
34:4  36:21  36:25  37:17  38:5  38:23  38:24
41:3  43:11  43:16  43:25  46:18  47:3  47:4
47:4
allegation(1) 18:22
allegations(2) 8:23  18:10
allegedly(1) 18:12
allow(2) 26:1  30:9
allowing(1) 36:18

almost(1) 36:20
alone(1) 27:22
already(3) 8:1  36:20  43:6
also(23) 13:15  13:17  14:19  14:21  14:22
15:6  15:14  15:17  20:1  25:21  28:17  28:24
29:16  30:4  32:5  33:3  33:21  33:24  35:20
37:4  39:11  42:3  44:22

altogether(1) 23:4
always(1) 23:18
amberbrook(1) 3:32
amend(15) 8:14  8:16  10:24  26:10  26:11
26:15  27:7  27:14  29:24  30:1  34:16  34:16
35:12  35:19  43:6

amended(4) 17:23  17:25  18:2  36:3
amending(5) 26:19  27:10  34:18  35:21  37:6
amendment(6) 29:17  32:25  42:4  42:5  42:9
42:12

american(1) 22:9
amia(31) 6:16  6:18  7:3  7:12  7:20  8:2  10:1
10:5  10:15  12:11  14:14  15:3  15:16  17:7
20:21  21:1  33:3  33:5  33:10  34:11  35:12
36:13  36:18  37:12  38:10  39:7  39:22  40:1
41:4  42:4  42:11

among(2) 38:1  43:13
analysis(3) 20:10  21:21  22:16
and(248) 5:9  5:16  5:21  5:24  6:10  6:12
6:14  6:15  6:17  7:4  7:7  7:11  7:13  7:15
7:17  7:18  7:21  8:7  8:13  8:16  8:22  8:24
8:25  9:1  9:3  9:8  9:12  9:16  9:19  9:23  10:
10:12  10:13  10:15  10:17  10:21  10:23
10:24  11:5  11:15  11:16  12:3  12:7  12:20
12:22  12:23  13:4  13:8  13:9  13:10  13:12
14:24  14:24  15:3  15:4  15:8  15:10  15:16
15:20  15:24  16:12  16:16  16:19  16:21  16:22
16:24  17:1  17:2  17:4  17:9  17:10  17:14
17:20  18:1  18:2  18:2  18:3  18:6  18:9
18:11  18:15  18:17  18:21  18:23  18:25  19:
19:20  19:24  20:6  20:6  20:14  20:15  20:16
21:5  21:8  21:14  21:18  21:21  21:25  22:1
22:4  22:8  22:9  22:13  22:21  23:13  23:16
23:17  23:21  24:4  24:10  24:10  24:11  24:1
24:18  24:20  25:4  25:15  25:21  26:2  26:4
26:15  26:16  26:18  26:20  27:1  27:2  27:4
27:10  27:10  27:11  27:13  27:17  27:25  27:20
27:21  28:8  28:10  28:13  28:15  28:16  28:1
28:20  28:24  29:4  29:8  29:9  29:10  29:11
29:12  29:22  29:22  29:24  30:4  30:7  30:9
30:11  30:11  30:17  31:2  31:4  31:7  31:8
31:11  31:15  31:19  31:22  31:24  31:25  32:
32:3  32:17  32:18  32:20  32:22  32:25  33:1
33:4  33:5  33:8  33:8  33:11  33:12  33:13
33:14  33:15  33:19  33:20  33:22  33:24
33:25  34:5  34:16  34:22  34:24  35:8  35:8
36:18  36:25  37:1  37:13  37:15  37:17  37:18
37:19  37:20  38:3  38:10  38:15  39:11  39:2
39:25  40:20  41:4  41:8  41:14  41:17  41:17
42:1  42:2  42:5  42:6  42:17  42:24  43:4
43:11  43:12  43:13  43:18  44:14  44:16
44:18  44:19  44:22  45:21  45:22  46:1  46:7
46:12  46:25  47:4  47:5  47:5

anderson(1) 2:31
ann(1) 1:27
annie(1) 6:2
another(4) 9:14  13:11  15:25  24:12
answered(2) 39:9  42:2
any(43) 8:8  9:10  10:25  11:24  12:9  12:10
13:6  14:3  14:6  14:8  14:17  14:18  15:9
15:20  16:7  18:8  19:6  19:10  20:2  23:1
23:15  23:19  24:22  24:25  26:7  26:11  26:24
27:9  28:2  30:13  31:9  32:17  35:25  41:6
41:23  42:7  42:9  42:15  42:19  44:15  44:21
44:22  45:4

anybody(1) 17:11

anymore(1) 39:1
anyone(2) 36:2  47:3
anything(6) 23:1  23:12  25:7  32:12  43:2
47:3

apart(3) 9:17  14:12  14:22
apologize(1) 46:17
apparently(1) 18:3
appear(2) 14:2  18:18
appearances(1) 4:1
applicable(1) 11:10
appreciate(2) 19:21  42:17
approach(1) 43:18
appropriate(5) 21:20  21:22  32:22  33:17
35:1

appropriateness(2) 19:9  33:2
are(73) 7:13  8:8  8:17  9:17  10:1  10:11
10:17  10:25  11:6  13:24  14:13  14:16  14:18
14:22  14:23  15:1  15:23  17:12  17:12  17:14
17:14  18:2  18:11  18:11  18:14  18:19  19:2
19:2  20:2  20:2  20:4  21:25  22:2  22:7
22:18  23:5  24:6  24:24  24:24  26:8  27:18
28:11  28:13  28:21  28:22  29:1  29:3  29:3
31:3  31:8  32:7  32:9  33:4  33:18  33:21
34:3  34:11  34:11  34:23  35:4  37:2  38:14
39:20  39:20  39:25  40:13  40:17  41:6  41:25
41:25  41:25  44:15  44:20  44:22

aren't(2) 7:25  14:25
argue(1) 41:15
arguing(4) 9:21  12:17  12:18  31:25
argument(12) 5:3  5:4  11:4  11:12  19:4
19:6  21:9  24:4  25:2  28:2  31:16  33:5

arguments(1) 16:19
arnold(1) 3:19
around(1) 34:24
arsht(2) 1:25  6:2
ascertained(1) 22:11
aside(1) 9:8
ask(6) 14:2  30:9  37:11  37:18  41:11  44:25
asked(1) 28:20
asking(11) 10:11  12:9  12:9  13:15  14:6
19:24  30:3  28:7  29:14  30:2  35:24

atlanta(1) 3:22
attached(5) 18:19  20:24  43:22  46:7  46:10
attack(1) 31:9
attempting(2) 11:1  11:5
attend(3) 45:2  45:3  45:3
attendant(1) 27:9
attorney's(1) 15:13
author(1) 39:13
availability(2) 23:2  42:15
available(4) 15:15  23:25  34:23  42:7
ave(1) 3:15
avoid(2) 11:5  22:15
awaiting(1) 15:17
aware(2) 7:18  23:1
away(4) 9:20  16:4  17:9  30:10
back(5) 18:1  20:20  26:16  27:10  40:10
baik(1) 2:11
banking(1) 18:23
bankruptcy(3) 1:1  1:21  22:4
barefoot(52) 2:9  6:3  6:6  6:7  6:8  7:2  8:10
8:22  11:9  11:20  11:23  12:20  13:4  16:11
16:12  16:18  17:10  18:18  26:12  26:20  28:
28:5  29:19  30:16  35:4  35:7  35:15  36:11
37:2  37:7  38:9  38:13  39:6  39:24  40:4
40:7  40:10  40:22  41:1  41:4  42:17  42:22
43:9  43:15  43:18  43:23  45:21  45:25  46:5
46:6  46:9  46:14

based(8) 7:10  8:5  10:16  12:24  23:11  27:1
30:5  43:3

basic(1) 15:22

basis(13) 8:4  12:1  13:23  17:2  17:7  17:19
17:20  28:22  29:10  31:6  37:9  40:2  40:4

basking(1) 3:28
bear(4) 23:18  23:19  23:20  24:2
bearing(1) 24:3
bears(2) 13:17  28:17
became(1) 27:16
because(17) 15:11  15:23  17:19  21:9  22:7
23:25  24:6  24:15  26:5  27:5  29:21  33:21
35:12  36:21  37:12  37:24  38:11

been(11) 6:4  15:12  15:13  15:19  25:21
34:13  36:13  37:21  37:25  43:10  44:18

before(13) 1:20  12:5  16:17  17:13  22:24
23:9  23:15  24:9  24:19  26:7  27:6  31:7
45:7

began(1) 17:4
behalf(3) 16:14  33:3  44:11
behind(5) 21:17  22:14  24:14  24:25  25:22
being(5) 18:16  22:18  33:3  33:10  33:24
believe(7) 7:17  22:4  24:12  30:22  38:23
40:22  41:1

believed(2) 8:25  26:3
beneficial(1) 12:7
benefit(1) 24:10
benefits(3) 20:25  36:14  36:19
best(1) 24:20
bet(1) 43:13
betcorp(3) 22:3  22:3  22:8
between(1) 15:19
beyond(7) 10:6  11:25  12:12  13:12  14:21
29:13  38:19

bifferato(1) 3:32
binder(3) 45:23  46:3  46:12
bit(2) 16:20  40:18
bizarre(2) 16:22  31:22
bloom(13) 8:20  8:22  9:1  9:9  9:10  10:22
15:25  16:22  29:7  32:24  36:9  36:16  41:14

bloom's(1) 18:20
bond(3) 3:38  4:3  4:7
border(1) 20:23
both(1) 42:23
bother(1) 46:25
botter(1) 3:5
bottom(1) 22:17
bound(6) 21:10  21:12  21:15  25:5  25:12
31:18

box(2) 1:30  2:44
brad(1) 3:6
brakes(1) 36:18
brandywine(2) 2:25  2:42
breadth(1) 34:13
brief(1) 30:18
briefly(4) 13:25  29:16  30:4  32:14
bring(1) 22:20
british(1) 22:9
broader(1) 29:4
bromley(6) 12:2  12:3  12:9  20:25  21:1  24:7
bromley's(1) 24:15
brought(1) 14:2
bryant(1) 3:8
buchanan(1) 2:23
building(2) 2:25  2:42
bulger(1) 11:17
bulk(1) 27:18
bundles(1) 10:18
burden(1) 17:12
burdensome(1) 35:3

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **but**(51) 8:15 11:11 11:25 13:20 14:7 15:25 20:1 21:8 21:12 21:15 21:21 22:5 23:4 23:12 24:5 24:25 25:24 26:5 26:12 26:14 26:25 27:1 27:17 28:6 29:20 30:2 31:1 31:15 32:5 32:16 32:21 34:17 35:11 35:18 35:20 36:17 37:11 37:17 38:17 39:14 39:18 39:21 40:1 40:16 41:5 41:20 41:25 42:10 43:3 43:7 45:25 | | **comi**(30) 7:12 7:23 9:12 10:5 15:4 18:23 18:24 20:3 20:6 20:9 20:10 20:14 21:2 21:4 21:15 21:19 21:21 21:23 22:1 22:10 22:15 22:18 23:8 24:10 24:11 27:2 27:6 27:18 28:3 34:4 | | **couldn't**(1) 28:10 | | **decisions**(4) 18:20 19:1 26:7 44:20 |
| | | | | **counsel**(3) 6:9 16:8 45:8 | | **declarants**(2) 39:10 41:15 |
| | | **comity**(2) 21:6 31:14 | | **countenanced**(1) 30:13 | | **declaration**(7) 9:1 9:9 9:10 10:9 15:25 |
| **calendar**(2) 41:14 41:20 | | **commenced**(1) 7:7 | | **country**(3) 15:2 20:18 22:6 | | 18:14 18:20 |
| **call**(1) 45:7 | | **commencemen**(1) 28:18 | | **couple**(2) 16:20 34:10 | | |
| **came**(2) 16:22 31:22 | | **commentary**(1) 22:13 | | **course**(3) 13:20 14:17 17:18 | | **declarations**(3) 30:19 30:25 31:1 |
| **can**(13) 14:18 16:3 23:1 24:14 34:19 38:10 38:16 41:17 42:18 43:18 45:8 45:22 45:24 | | **comments**(3) 19:17 24:15 27:18 | | **court**(148) 1:1 5:2 5:6 5:9 5:13 5:17 5:23 5:25 6:5 7:1 7:6 7:11 8:8 8:21 9:5 9:6 10:12 10:13 11:8 11:15 11:18 11:21 12:4 12:5 12:7 12:10 12:15 13:3 13:16 14:3 16:10 16:12 16:16 17:13 19:12 19:14 19:15 19:18 19:23 19:24 20:3 20:4 20:5 20:5 21:3 21:8 21:10 21:18 21:21 21:24 22:14 22:16 22:19 22:22 22:23 22:25 23:15 23:24 23:25 24:7 24:9 25:20 25:24 26:17 27:3 27:6 27:11 27:13 28:1 28:8 28:9 28:13 28:14 28:16 29:18 30:9 30:15 30:20 30:24 31:4 31:5 31:7 31:10 31:10 31:13 32:8 32:10 32:12 32:15 32:18 32:20 34:9 34:14 34:20 34:21 35:14 35:17 35:22 35:25 36:1 36:6 37:24 38:12 38:18 38:21 39:4 39:18 40:3 40:6 40:9 40:20 40:24 41:3 41:8 41:16 41:22 42:14 42:21 43:2 43:11 43:16 43:20 43:25 44:2 44:4 44:6 44:9 44:12 44:20 44:24 45:2 45:4 45:8 45:10 45:12 45:14 45:18 45:20 45:24 46:4 46:7 46:11 46:16 46:18 46:19 46:23 46:25 47:3 | | **declaring**(1) 8:23 |
| | | **commission**(1) 22:12 | | | | **declined**(1) 10:24 |
| | | **commit**(1) 36:10 | | | | **defined**(1) 32:7 |
| | | **committee**(28) 2:16 3:4 4:13 5:21 6:11 6:15 9:14 12:22 13:5 16:8 16:15 16:24 19:7 19:7 25:4 25:6 25:8 25:12 30:11 31:17 32:1 32:3 32:6 33:20 33:25 35:9 41:13 42:6 | | | | **defines**(1) 20:17 |
| **can't**(3) 16:3 25:5 30:12 | | | | | | **definition**(1) 25:8 |
| **canadian**(4) 44:8 44:11 44:14 44:18 | | | | | | **delaware**(4) 1:2 1:13 3:15 5:1 |
| **case**(17) 1:9 9:12 11:2 16:3 20:7 20:15 22:3 22:8 22:8 22:9 23:20 24:12 27:6 27:19 28:7 29:2 42:9 | | | | | | **delay**(2) 41:23 42:15 |
| | | **company**(2) 2:31 37:3 | | | | **delete**(4) 26:11 27:8 29:19 29:24 |
| | | **compel**(11) 5:22 6:11 14:14 14:23 15:22 24:21 32:23 34:5 37:13 37:18 41:7 | | | | **demonstrate**(1) 9:11 |
| | | | | | | **demonstrating**(1) 9:25 |
| **cases**(20) 5:20 13:5 13:6 13:7 13:10 13:10 13:11 13:13 13:17 21:3 22:2 22:18 23:9 28:6 28:25 28:25 29:3 29:3 29:13 33:22 | | **compelled**(1) 34:14 | | | | **denial**(1) 22:6 |
| | | **competent**(1) 32:15 | | | | **deny**(4) 6:22 30:11 34:5 |
| | | **complete**(3) 30:7 36:16 44:7 | | | | **denying**(1) 13:25 |
| | | **completely**(2) 20:21 28:20 | | | | **depends**(1) 33:13 |
| **caught**(1) 36:21 | | **comply**(1) 36:25 | | | | **deponents**(1) 14:20 |
| **cayman**(1) 23:21 | | **compromise**(1) 26:1 | | | | **deposition**(3) 16:2 40:15 41:13 |
| **cede**(1) 5:24 | | **conaway**(2) 2:39 5:16 | | **court's**(11) 7:13 10:16 12:11 13:18 19:21 20:14 27:21 31:23 33:11 34:2 36:24 | | **depositions**(15) 14:19 35:3 35:5 35:8 35:10 37:14 37:17 38:14 40:12 40:13 41:19 42:3 42:24 43:12 44:22 |
| **center**(5) 7:9 10:1 10:14 20:18 20:19 | | **conceded**(1) 28:7 | | | | |
| **centered**(1) 22:7 | | **concept**(1) 25:22 | | | | |
| **certain**(3) 6:11 7:5 22:21 | | **concern**(3) 13:17 29:14 43:3 | | **courtroom**(2) 1:11 5:11 | | **derek**(2) 1:26 46:17 |
| **certainly**(6) 16:18 32:18 35:8 35:10 37:16 43:5 | | **concerned**(1) 34:12 | | **courts**(1) 22:15 | | **derivative**(1) 25:11 |
| | | **concerning**(5) 6:15 7:17 9:20 15:15 19:9 | | **covered**(2) 16:18 27:17 | | **describing**(1) 12:4 |
| | | **concerns**(2) 33:5 44:19 | | **credit**(2) 4:17 29:22 | | **descriptions**(1) 26:24 |
| | | **concluded**(1) 26:21 | | **creditors**(9) 2:17 3:5 6:11 15:16 25:9 25:10 31:17 32:1 33:22 | | **designation**(1) 15:13 |
| **certification**(1) 47:8 | | **conduct**(3) 21:25 27:1 32:4 | | | | **designations**(2) 15:7 15:11 |
| **certify**(1) 47:9 | | **confer**(3) 14:17 14:24 15:14 | | | | **designed**(1) 25:9 |
| **challenge**(1) 34:1 | | **conference**(6) 27:14 34:24 38:2 38:3 42:8 42:23 | | **critical**(1) 16:24 | | **detail**(1) 9:25 |
| **chambers**(1) 46:20 | | | | **cross**(4) 14:1 14:9 18:7 20:23 | | **details**(1) 9:11 |
| **change**(5) 30:1 30:8 32:25 33:17 42:5 | | | | **crutcher**(1) 4:17 | | **determination**(9) 7:23 9:12 13:7 13:18 15:4 21:19 22:18 33:11 34:3 |
| **changed**(1) 11:3 29:11 | | **conferred**(2) 14:20 35:9 | | **crystallize**(1) 14:17 | | |
| **chapter**(21) 1:7 6:12 13:2 14:4 16:25 17:11 18:16 19:9 19:25 20:22 21:7 22:11 22:14 23:17 23:18 26:6 32:5 32:6 32:7 42:25 44:15 | | **confers**(1) 25:16 | | **current**(2) 15:11 40:11 | | |
| | | **confidential**(1) 15:10 | | **currently**(2) 22:1 40:13 | | **determine**(4) 20:8 21:22 21:23 33:2 |
| | | **confidentiality**(3) 7:18 15:7 15:9 | | **custody**(2) 40:1 40:8 | | **determined**(1) 22:3 |
| | | **conformity**(1) 27:20 | | **customers**(1) 18:21 | | **develop**(1) 33:14 |
| **check**(1) 30:21 | | **consented**(1) 36:15 | | **darryll**(1) 3:20 | | **diaz**(1) 1:37 |
| **christopher**(1) 2:17 | | **consider**(2) 20:5 20:7 | | **data**(1) 1:37 | | **did**(12) 8:12 10:11 13:11 13:13 16:19 19:7 26:13 29:19 30:5 31:17 32:24 41:4 |
| **circuit**(1) 11:13 | | **consist**(1) 39:25 | | **date**(13) 9:5 10:14 12:18 28:3 28:4 31:18 33:16 37:20 39:4 40:16 40:19 40:23 47:1 | | |
| **circumstances**(7) 12:4 13:8 29:9 29:14 30:9 33:9 35:1 | | **consistent**(1) 24:23 | | | | |
| | | **constitute**(1) 31:9 | | | | **didn't**(10) 17:8 21:5 25:24 26:4 30:21 35:2 38:18 41:6 41:8 44:8 |
| | | **contain**(1) 22:22 | | **dated**(2) 23:5 31:1 | | |
| **citation**(1) 11:16 | | **contemplated**(1) 17:5 | | **dates**(6) 20:31 40:15 41:13 41:17 42:24 43:14 | | **difference**(1) 42:10 |
| **cite**(3) 11:10 13:11 29:1 | | **contend**(2) 19:5 19:5 | | | | **different**(2) 10:24 23:5 |
| **cited**(1) 22:2 | | **contention**(1) 28:2 | | **david**(2) 3:5 4:8 | | **difficult**(3) 27:3 35:23 40:18 |
| **cites**(1) 13:5 | | **contest**(1) 25:19 | | **day**(7) 12:2 12:3 19:8 23:22 27:2 30:23 44:7 | | **difficulty**(1) 36:8 |
| **citing**(1) 16:4 | | **contested**(2) 33:10 33:12 | | | | **directly**(2) 7:22 18:16 |
| **claims**(3) 7:17 7:21 15:16 | | **context**(2) 6:19 16:21 | | | | **director**(2) 39:11 39:16 |
| **clarification**(1) 39:14 | | **contingent**(1) 36:15 | | **deadlines**(1) 36:25 | | **directors**(1) 15:3 |
| **clarify**(2) 6:19 19:19 | | **continue**(5) 14:24 18:5 30:10 32:21 36:19 | | **dealing**(1) 20:23 | | **disclosure**(1) 39:7 |
| **clarity**(1) 40:16 | | **continued**(2) 2:2 3:2 | | **dealings**(1) 18:21 | | **discovery**(77) 5:22 6:11 6:19 6:20 7:25 9:19 11:2 11:5 11:22 12:24 13:7 13:19 13:20 13:21 13:23 14:3 14:6 14:11 14:12 14:15 15:2 16:25 17:3 17:6 18:6 18:8 18:14 19:3 19:22 24:22 25:17 26:2 26:5 26:8 26:14 26:21 26:25 27:9 28:12 29:3 30:3 30:7 30:8 30:12 31:8 31:8 31:12 31:24 32:4 32:12 32:17 32:21 33:4 33:6 33:6 33:9 33:14 34:6 34:12 34:19 34:22 34:25 34:25 35:6 35:22 36:13 36:16 37:5 37:8 37:10 37:13 37:19 37:22 38:7 44:21 | |
| **clear**(11) 8:16 9:12 11:11 13:22 17:24 19:20 20:1 24:15 26:2 27:19 32:16 | | **contrary**(4) 7:22 8:16 22:22 31:21 | | | | |
| | | **control**(3) 18:25 40:1 40:8 | | | | |
| | | **conversation**(1) 17:18 | | | | |
| **clearly**(8) 17:5 17:14 29:4 31:5 33:10 33:14 33:20 33:22 | | **cooperative**(1) 39:21 | | | | |
| | | **coordinated**(1) 24:16 | | | | |
| | | **coordination**(1) 12:8 | | | | |
| **cleary**(3) 2:4 6:3 6:8 | | **copy**(3) 45:22 45:25 46:20 | | | | |
| **clients**(3) 15:15 34:18 35:20 | | **cordo**(6) 1:27 5:25 6:1 6:2 6:5 47:1 | | | | |
| **cloak**(1) 31:14 | | **corporate**(1) 3:14 | | | | **discuss**(10) 34:17 34:22 35:20 37:3 37:4 37:16 38:5 38:16 39:25 45:8 |
| **close**(2) 31:11 40:24 | | **correct**(12) 8:24 9:1 11:23 20:10 26:18 28:6 29:9 35:17 35:17 35:24 43:23 47:9 | | | | |
| **coca-cola**(1) 2:31 | | | | | | |
| **code**(2) 20:15 21:20 | | | | | | **discussed**(1) 38:1 |
| **collateral**(1) 31:9 | | **correctly**(1) 13:6 | | | | **discussions**(6) 7:20 7:21 14:5 35:11 42:6 42:18 |
| **colleague**(1) 12:2 | | **corroon**(1) 2:31 | | **decades**(1) 28:19 | | |
| **collins**(1) 3:33 | | **costs**(1) 34:12 | | **december**(2) 40:15 40:19 | | |
| **color**(1) 18:15 | | **could**(12) 9:5 13:21 19:5 22:6 23:11 23:12 24:5 26:18 27:14 32:25 37:9 39:22 | | **decide**(1) 21:19 | | **disingenuous**(2) 24:20 25:17 |
| **come**(4) 24:18 25:24 27:4 27:10 | | | | **decided**(3) 7:11 13:6 13:8 | | **disjointed**(1) 27:17 |
| **comes**(3) 21:21 23:10 23:17 | | | | | | **dispel**(1) 23:19 |
| | | | | | | **dispute**(2) 27:12 36:21 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|
| **disputes**(6) 7:17  14:18  15:1  26:21  26:25  34:19 | | **envision**(1) 42:22 | | **files**(1) 39:25 | | **ginger**(1) 1:35 | |
| | | **ernst**(1) 2:23 | | **filing**(3) 17:25  22:11  26:6 | | **give**(5) 10:12  18:6  18:15  28:8  45:14 | |
| **disrespect**(1) 31:15 | | **esq**(29) 1:26  1:27  2:5  2:6  2:7  2:8  2:9 | | **filings**(3) 7:4  24:17  37:6 | | **given**(5) 29:6  36:24  37:9  37:20  44:17 | |
| **distance**(1) 11:1 | | 2:10  2:11  2:17  2:24  2:32  2:40  2:41  3:5 | | **final**(2) 15:18  26:22 | | **gives**(1) 25:16 | |
| **distinct**(1) 32:3 | | 3:6  3:7  3:13  3:20  3:26  3:33  3:39  3:46  4: | | **finalization**(1) 39:16 | | **giving**(2) 5:10  29:22 | |
| **district**(1) 1:2 | | 4:8  4:9  4:14  4:18  4:22 | | **finally**(1) 15:21 | | **goes**(1) 23:6 | |
| **docket**(1) 46:13 | | | | **finance**(1) 18:24 | | **going**(21) 15:23  15:24  17:15  17:17  17:21 | |
| **document**(4) 6:14  10:18  38:18  41:23 | | **essentially**(1) 15:11 | | **find**(5) 10:13  26:17  45:24  46:12  46:23 | | 17:23  18:6  18:17  29:20  30:1  32:22  34:4 | |
| **documents**(27) 10:17  13:24  16:5  19: | | **establish**(1) 17:13 | | **finding**(8) 20:3  20:6  21:1  21:2  21:15 | | 34:12  37:3  37:4  38:14  39:2  40:10  40:16 | |
| 15:12  28:21  28:22  32:7  32:7  32:10  34:16 | | **establishing**(1) 27:6 | | 24:10  24:11  27:2 | | 40:17  41:11 | |
| 37:15  37:20  38:10  38:15  38:23  38:24 | | **estate**(2) 25:10  25:13 | | | | | |
| 39:14  39:19  39:25  41:5  41:18  41:24  41:24 | | **estate's**(1) 25:11 | | **findings**(3) 7:12  21:24  21:24 | | **golden**(1) 3:19 | |
| 42:1  42:24  43:4 | | **estates**(3) 12:8  25:11  34:11 | | **fine**(4) 43:11  45:10  45:11  45:16 | | **good**(22) 5:3  5:5  5:6  5:7  5:17  5:18  6:1 | |
| | | **estopped**(4) 11:6  11:8  11:13  24:6 | | **finger**(1) 2:16 | | 6:6  6:7  16:13  16:16  16:16  19:14  27:4 | |
| **does**(5) 20:8  20:10  31:9  33:20  40:18 | | **estoppel**(6) 11:11  11:21  12:1  19:4  24:4 | | **finished**(1) 35:7 | | 27:20  44:3  44:4  44:5  44:12  44:12  47:4 | |
| **doesn't**(6) 8:11  33:16  33:17  41:12  42:15 | | **european**(1) 22:10 | | **firm**(1) 5:16 | | 47:6 | |
| 43:7 | | **evaluate**(1) 22:15 | | **firmly**(1) 38:8 | | **gotten**(3) 37:10  39:7  39:14 | |
| | | **evaluated**(2) 22:18  27:19 | | **first**(11) 8:18  12:2  12:3  16:21  17:6  17:15 | | **gottlieb**(3) 2:4  6:4  6:8 | |
| **doing**(1) 36:6 | | **evans**(1) 47:14 | | 18:20  19:8  21:21  27:2  29:2 | | **grant**(3) 31:13  32:22  34:5 | |
| **don't**(21) 11:10  14:24  21:23  23:13  26:23 | | **even**(21) 9:4  9:13  10:7  10:25  11:25  13:6 | | | | **granted**(4) 9:5  21:17  37:14  46:11 | |
| 28:6  29:13  30:15  32:25  36:2  36:17  37:13 | | 13:12  14:14  15:13  18:5  18:7  23:8  26:13 | | **firstly**(1) 32:1 | | **granting**(2) 17:5  31:23 | |
| 37:14  37:24  38:3  38:6  39:1  39:1  39:2 | | 29:5  32:25  33:15  37:9  39:1  39:2  39:20 | | **fleming-delacru**(1) 2:7 | | **grasped**(1) 11:4 | |
| 41:22  46:4 | | 40:16 | | **floor**(3) 1:29  2:35  2:43 | | **gregory**(1) 3:19 | |
| | | **event**(2) 10:25  11:24 | | **follow-on**(1) 7:16 | | **groom's**(1) 5:13 | |
| **down**(2) 22:17  34:24 | | **events**(3) 12:19  17:22  33:18 | | **for**(104) 1:2  1:25  2:4  2:16  2:23  2:31  2:39 | | **gross**(1) 1:20 | |
| **duane**(1) 3:38 | | **everybody**(1) 47:6 | | 3:4  3:12  3:31  3:38  3:45  4:3  4:7  4:13  4:1 | | **grounds**(1) 36:17 | |
| **due**(4) 14:16  40:20  40:20  40:22 | | **everyone**(1) 5:2 | | 4:21  5:10  5:15  5:19  6:1  6:7  6:9  6:24  7:8 | | **group**(1) 4:3 | |
| **dumbfounded**(1) 31:16 | | **everything**(1) 44:17 | | 7:18  7:22  8:1  8:2  8:9  10:15  11:2  11:13 | | **guess**(2) 34:5  35:23 | |
| **dunn**(1) 4:17 | | **evidence**(11) 9:15  13:20  13:21  13:22  16:6 | | 14:6  15:7  15:9  15:16  16:1  16:8  16:13 | | **guidance**(1) 35:25 | |
| **each**(2) 10:1  22:16 | | 17:13  22:24  23:1  24:8  33:8  33:11 | | 16:24  17:7  17:20  19:9  20:23  22:1  22:19 | | **guided**(1) 22:14 | |
| **earlier**(1) 28:4 | | | | 22:20  22:24  23:2  23:11  23:12  23:21  25:1 | | **gump**(3) 3:4  4:13  16:14 | |
| **easier**(1) 46:19 | | **evidentiary**(1) 33:15 | | 26:1  26:5  26:23  27:3  27:20  27:21  28:2 | | **had**(5) 7:11  9:7  10:9  11:15  12:6  12:12 | |
| **eckenrod**(1) 2:8 | | **exact**(2) 30:21  40:23 | | 28:7  28:14  28:20  28:22  29:5  29:10  29:15 | | 14:16  20:19  21:8  21:10  40:7  41:8  45:14 | |
| **ecro**(1) 1:35 | | **exactly**(5) 12:20  12:21  36:10 | | 30:2  30:3  31:6  34:4  34:6  35:25  36:10 | | | |
| **effect**(3) 30:12  28:8  38:24 | | **examine**(3) 23:25  24:2  25:6 | | 36:17  36:25  37:8  37:18  37:20  37:22  38:2 | | **hadley**(1) 4:3 | |
| **effective**(1) 20:22 | | **example**(3) 15:1  22:19  39:9 | | 39:1  39:19  40:2  40:4  40:12  40:14  40:14 | | **hadn't**(1) 10:8 | |
| **effectiveness**(1) 31:4 | | **excuse**(1) 41:1 | | 40:18  42:24  43:10  43:14  44:10  44:17 | | **hamilton**(2) 2:4  6:8 | |
| **efficient**(2) 21:3  24:11 | | **executed**(1) 28:18 | | 45:21  46:19 | | **hand**(3) 12:16  43:10  46:2 | |
| **effort**(2) 24:16  24:25 | | **exercise**(1) 34:15 | | | | **happened**(2) 24:14  25:3 | |
| **either**(3) 11:19  28:21  46:20 | | **exhibit**(3) 46:1  46:7  46:10 | | **force**(3) 30:12  19:6  28:8 | | **happening**(1) 7:15 | |
| **electronic**(2) 1:44  47:10 | | **exist**(6) 19:7  20:9  20:11  21:5  21:16  31:18 | | **foregoing**(1) 47:9 | | **happily**(1) 26:11 | |
| **eli**(1) 4:9 | | **existing**(1) 26:21 | | **foreign**(7) 13:9  20:17  20:17  23:20  23:23 | | **happy**(5) 37  38:16  46:2  46:20 | |
| **eliminate**(2) 23:3  35:19 | | **exists**(3) 22:1  23:8  34:4 | | 23:24  31:10 | | **hard**(1) 46:20 | |
| **else**(2) 15:20  16:5 | | **expand**(1) 27:8 | | | | **harrisburg**(1) 1:39 | |
| **email**(1) 46:21 | | **expected**(1) 12:7 | | **forest**(1) 2:10 | | **harron**(44) 2:41  5:5  5:6  5:7  5:10  5:15 | |
| **emphasis**(1) 16:20 | | **expeditiously**(3) 30:7  36:15  38:16 | | **form**(2) 15:25  46:9 | | 5:15  5:19  5:24  14:5  16:9  19:13  19:14 | |
| **employ**(1) 37:3 | | **explains**(1) 21:7 | | **forth**(2) 9:15  18:2 | | 19:15  19:19  19:24  21:12  22:25  25:21  28:1 | |
| **employees**(1) 39:5 | | **explicitly**(1) 17:1 | | **forthcoming**(1) 43:5 | | 28:7  28:14  28:24  30:24  31:15  32:13  32:14 | |
| **employment**(1) 39:21 | | **explore**(2) 26:1  33:7 | | **forward**(1) 47:2 | | 32:19  34:8  34:9  34:10  35:18  35:24  36:2 | |
| **enable**(1) 33:20 | | **expressly**(1) 17:1 | | **found**(3) 9:6  12:5  12:22 | | 36:7  36:8  36:23  38:20  38:23  43:21  44:1 | |
| **end**(2) 19:17  40:12 | | **extended**(1) 38:19 | | **founded**(1) 15:22 | | 44:2  45:5  45:17 | |
| **endorsing**(1) 27:2 | | **extent**(9) 18:21  21:19  27:12  31:3  34:25 | | **fours**(2) 22:2  29:1 | | | |
| **enforce**(3) 13:15  21:20  21:22 | | 36:4  42:3  42:11  43:13 | | **frankly**(3) 14:25  16:22  18:10 | | **harron's**(1) 29:16 | |
| **enforcement**(3) 7:14  13:13  29:22 | | | | **fred**(1) 4:14 | | **has**(19) 6:4  11:3  15:19  16:7  19:10  20:18 | |
| **engage**(1) 17:3 | | **extremely**(1) 9:12 | | **friends**(1) 19:17 | | 23:15  24:2  25:6  28:9  28:16  30:13  31:12 | |
| **engaged**(2) 7:16  17:18 | | **eyes**(1) 15:13 | | **from**(38) 5:16  5:16  6:3  6:8  9:8  9:14  9:21 | | 31:20  37:14  39:18  43:10  46:1  46:1 | |
| **england**(11) 7:9  10:6  10:14  18:22  18:24 | | **face**(1) 18:8 | | 10:22  11:1  11:7  12:2  12:6  14:5  14:7 | | **hauer**(3) 3:4  4:13  16:14 | |
| 18:25  19:1  20:4  20:13  21:11  24:18 | | **faced**(1) 12:23 | | 14:12  14:22  15:2  16:2  16:4  17:9  18:25 | | **have**(54) 6:12  6:21  8:6  9:5  10:23  11:14 | |
| | | **fact**(10) 7:10  9:3  21:13  21:16  23:8  23:12 | | 19:20  20:7  22:4  22:16  22:17  24:15  24:24 | | 11:14  11:15  13:12  13:15  13:20  14:2  14:19 | |
| **england's**(1) 20:5 | | 30:2  33:1  44:19  44:22 | | 25:3  28:23  30:11  32:3  35:2  35:13  35:25 | | 15:5  15:8  15:12  15:14  16:25  19:6  19:11 | |
| **english**(22) 6:24  7:6  7:7  7:11  9:25  10:13 | | | | 36:12  39:7  47:10 | | 20:13  23:14  25:2  25:10  25:13  25:14  27:5 | |
| 10:14  10:16  12:6  12:10  13:16  21:24  23:6 | | **facts**(14) 6:21  8:6  9:25  13:8  18:12  18:13 | | | | 27:14  29:12  33:18  33:20  35:8  35:10  36:8 | |
| 24:14  27:3  28:8  28:10  28:11  28:13  28:15 | | 18:18  20:11  22:21  22:22  27:23  28:4  29:8 | | **full**(6) 10:12  28:8  29:22  33:13  39:7  42:2 | | 36:13  37:3  37:21  37:25  38:1  38:4  38:6 | |
| 28:19  37:6 | | 31:1 | | **fully**(1) 26:3 | | 38:15  39:8  39:24  40:11  40:16  41:17  42:5 | |
| | | **factual**(5) 7:22  9:4  9:11  12:4  34:2 | | **fulsomeness**(1) 24:8 | | 43:3  44:19  45:14  45:25  46:25  47:6 | |
| **enjoy**(1) 36:19 | | **fair**(3) 13:19  24:25  46:24 | | **functions**(2) 18:23  18:25 | | |
| **enjoyed**(1) 5:3 | | **faith**(2) 27:4  29:22 | | **further**(8) 14:3  14:6  14:15  24:22  30:13 | | **haven't**(6) 10:20  14:14  14:16  37:9  39:7 | |
| **enjoying**(1) 36:13 | | **far**(1) 41:12 | | 32:13  35:12  47:3 | | 39:14 | |
| **enough**(2) 40:24  46:24 | | **feel**(1) 34:14 | | | | | |
| **enter**(1) 34:6 | | **feign**(1) 36:2 | | **game**(2) 13:19  25:1 | | **having**(2) 8:13  12:24 | |
| **entered**(6) 13:14  20:6  21:5  25:2  25:4 | | **feigned**(1) 26:6 | | **games**(1) 11:9 | | **head**(1) 21:7 | |
| **entertain**(1) 22:23 | | **feld**(3) 3:4  4:13  16:14 | | **gather**(1) 7:25 | | **hear**(2) 23:18  45:7 | |
| **entirely**(1) 45:6 | | **few**(2) 18:17  25:16 | | **gee**(1) 17:8 | | **heard**(2) 24:13  31:20 | |
| **entitled**(11) 9:8  17:14  18:8  19:3  29:10 | | **fight**(1) 19:22 | | **gen**(2) 3:38  4:7 | | **hearing**(15) 19:8  19:8  20:10  25:23  26:2 | |
| 31:8  32:4  32:6  33:24  34:1  34:3 | | **figure**(1) 39:2 | | **general**(1) 11:6 | | 27:2  27:15  31:9  40:15  40:19  42:25  44:17 | |
| | | **file**(4) 8:2  17:23  36:3  36:10 | | **get**(6) 16:25  26:16  40:23  41:13  41:20 | | 45:23  46:3  46:21 | |
| **entitlement**(1) 9:15 | | **filed**(9) 6:16  7:15  7:24  8:13  9:2  9:22 | | **getting**(1) 7:19 | | | |
| **entity**(2) 6:24  25:9 | | 15:14  16:25  26:4 | | **gibson**(1) 4:17 | | **heller**(1) 4:8 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **hello**(1) 19:13 | | **informed**(3) 21:13 28:9 28:15 | | **kevin**(2) 1:20 3:33 | | **manner**(1) 27:16 | |

**hello**(1) 19:13
**helpful**(2) 35:1 46:5
**helps**(1) 46:2
**herbert**(1) 4:21
**hercules**(1) 2:33
**here**(18) 6:9 13:12 13:15 18:2 20:8 23:19 24:18 25:5 26:13 27:4 27:10 28:7 31:18 32:9 32:22 33:12 39:2 45:25

**hide**(1) 18:11
**high**(3) 20:4 20:5 24:9
**himself**(1) 21:1
**his**(4) 26:22 29:8 29:10 33:1
**history**(1) 20:21
**hoc**(1) 6:4
**hodara**(1) 4:14
**holders**(1) 4:3
**holiday**(4) 36:9 36:17 47:5 47:6
**honor**(117) 5:5 5:7 5:15 5:20 6:1 6:7 6:9 6:12 6:17 6:23 7:18 8:3 8:10 8:18 9:21 10:7 10:25 11:3 11:9 11:20 11:23 11:25 12:9 12:13 12:20 13:5 13:15 13:16 13:22 14:4 14:8 15:1 15:10 15:21 16:7 16:11 16:13 16:17 16:18 16:21 17:10 18:10 18:13 18:15 19:4 19:10 19:13 19:15 22:25 23:4 23:10 23:20 24:3 24:4 24:20 24:23 25:15 25:24 26:10 26:11 27:7 27:11 27:16 27:18 27:22 28:5 28:17 29:2 29:4 29:13 29:15 30:4 30:13 30:17 30:22 31:9 31:15 31:23 32:5 32:11 32:14 32:19 34:8 34:10 35:7 35:11 35:18 35:24 36:4 36:11 36:24 37:7 37:11 37:14 38:9 38:20 39:6 39:24 40:11 40:23 41:2 41:10 41:11 42:13 42:17 43:9 43:15 43:17 44:1 44:5 44:14 45:5 45:21 46:6 46:14 46:15 46:24

**honor's**(2) 28:24 35:13
**honorable**(1) 1:20
**hope**(2) 34:21 35:21
**hopefully**(1) 26:25
**hospital**(1) 11:17
**how**(10) 17:3 17:15 18:15 22:17 22:19 23:8 38:1 38:5 38:10 39:2

**however**(3) 16:19 44:17 46:21
**hundred**(1) 15:7
**i'd**(12) 11:3 11:16 13:4 16:7 19:16 25:12 27:17 29:15 34:23 37:11 45:6 45:8

**i'll**(6) 5:24 19:19 30:14 30:17 43:3 43:14
**i'm**(13) 18:17 21:23 31:16 32:14 34:17 34:23 35:24 38:5 38:5 39:20 42:8 43:5 46:1
**i've**(1) 33:9
**impact**(1) 38:8
**impacted**(1) 44:19
**impeach**(1) 23:11
**impeachment**(7) 22:20 22:23 23:2 23:11 23:12 29:5 33:23

**important**(3) 6:18 15:10 33:12
**importantly**(2) 10:16 14:8
**impossible**(1) 36:24
**inappropriate**(1) 45:6
**inc**(1) 1:9 3:38 4:7
**inclined**(1) 27:13
**include**(1) 32:8
**including**(2) 32:10 36:14
**inconsistency**(3) 8:4 12:21 24:5
**inconsistent**(3) 11:14 12:16 24:5
**incorporated**(1) 10:10
**incorporates**(2) 9:2 9:9
**indeed**(1) 25:12
**independent**(4) 25:6 25:13 25:14 39:18
**indicated**(2) 29:6 29:8
**indicates**(1) 7:8
**information**(7) 7:9 15:6 15:15 33:7 33:13 37:1 39:23

**informed**(3) 21:13 28:9 28:15
**ingersoll**(1) 2:23
**initial**(17) 6:17 7:12 8:13 10:12 12:6 12:23 15:2 16:23 19:17 24:9 24:11 24:25 25:1 25:3 25:7 29:23 30:6

**initiated**(1) 24:19
**initiation**(2) 20:12 27:24
**inquiry**(4) 20:15 22:3 22:5 23:23
**insolvencies**(3) 20:23 24:19 27:21
**insolvency**(7) 20:12 23:6 23:9 24:16 25:8 30:19 30:23

**instead**(3) 8:3 10:21 15:24
**intended**(3) 27:17 33:7 33:14
**intending**(1) 10:21
**intent**(1) 37:21
**intention**(2) 6:22 35:12
**interest**(9) 7:10 10:15 12:8 20:18 20:19 22:6 25:10 25:11 25:14

**interests**(3) 10:2 22:7 25:9
**interim**(17) 9:6 9:19 14:10 17:2 17:20 17:25 18:4 25:23 25:25 25:25 27:4 27:12 27:15 30:5 30:10 36:14 37:10

**international**(4) 21:6 22:12 27:21 31:14
**interrogatories**(10) 6:14 37:16 37:19 38:11 38:15 38:19 39:8 42:2 42:25 43:5

**interrogatory**(1) 39:12
**into**(6) 7:10 14:3 22:3 22:5 23:9 30:12
**involved**(2) 24:17 26:3
**irrelevant**(4) 9:21 15:23 28:20 40:5
**islands**(1) 23:21
**isn't**(1) 21:10
**issue**(23) 7:5 8:7 8:8 8:18 10:7 13:12 13:24 14:23 20:13 23:6 23:15 24:1 26:18 29:15 29:21 29:24 30:18 31:20 33:12 33:12 33:24 40:1 42:12

**issued**(2) 30:8 31:4
**issues**(8) 14:22 15:19 27:9 34:23 37:2 38:21 42:7 42:19

**it's**(22) 5:13 5:21 6:18 13:19 13:22 21:12 21:20 21:22 24:5 24:7 25:21 28:5 28:20 32:16 34:12 35:23 36:8 36:9 37:7 45:5 46:16 46:19

**item**(1) 5:20
**its**(10) 7:12 20:16 20:18 20:19 21:5 21:7 21:18 24:9 24:10 33:21

**itself**(4) 8:19 21:7 23:13 25:18
**jaime**(1) 2:40
**jane**(1) 2:5
**janet**(1) 4:18
**january**(3) 7:6 10:13 13:16
**jenkins**(1) 3:12
**john**(1) 4:22
**joint**(2) 2:39 6:10
**judge**(1) 1:17
**judicial**(3) 11:11 11:21 12:1
**judicially**(2) 11:6 11:13
**june**(1) 6:25
**just**(33) 8:16 10:19 11:3 13:4 14:25 16:20 17:16 18:13 18:15 18:17 21:8 21:9 22:19 23:18 26:23 29:2 29:16 30:4 30:8 34:14 34:20 35:5 36:2 37:11 37:14 40:4 40:10 40:23 40:24 41:11 42:14 42:18 46:9

**justify**(1) 13:25
**kahn**(1) 3:6
**kathleen**(1) 3:13
**katzenstein**(1) 3:12
**kay-oliphant**(1) 4:9
**keeping**(1) 34:22

**kevin**(2) 1:20 3:33
**kidding**(1) 17:16
**kim**(1) 2:5
**kind**(1) 39:23
**king**(3) 2:19 3:34 3:47
**klamant**(1) 3:9
**know**(12) 8:10 23:16 26:23 32:23 33:1 36:17 37:22 38:6 39:2 41:9 42:14 45:15

**knowledge**(1) 39:19
**kraidin**(16) 43:24 44:3 44:5 44:7 44:10 44:10 44:13 44:14 45:1 45:3 45:11 45:12 45:13 45:16 45:19 45:20

**kreller**(1) 4:4
**lack**(1) 42:15
**laddin**(1) 3:20
**language**(1) 32:2
**large**(1) 40:5
**largely**(1) 18:21
**last**(3) 19:3 25:23 28:24
**lastly**(1) 18:25 31:15
**late**(1) 43:7
**later**(3) 14:16 27:11 43:8
**latham**(1) 4:7
**law**(9) 7:8 9:12 9:22 9:24 10:10 20:15 22:13 27:19 30:1
**layton**(1) 2:16

**lead**(3) 13:21 22:6 33:8 33:10
**leading**(3) 20:12 24:1 25:7
**least**(9) 10:2 14:7 16:22 22:23 38:4 41:13 41:14 41:20 45:7

**lectern**(1) 5:24
**length**(1) 14:20
**leonard**(1) 3:26
**let's**(6) 26:7 26:8 26:8 26:9 45:12 45:24
**liberty**(1) 2:12
**light**(3) 6:17 8:4 10:2
**like**(13) 6:3 11:3 13:4 13:6 13:25 19:16 29:16 35:11 38:24 41:13 41:20 43:6 46:2

**likelihood**(2) 9:7 27:5
**limited**(5) 6:13 35:4 38:14 38:21 39:8
**lisa**(2) 2:6 44:10
**little**(11) 5:11 11:12 16:20 18:15 24:22 26:6 27:16 31:16 35:12 40:18 43:7

**live**(1) 27:12
**llc**(1) 3:32
**llp**(5) 2:31 3:12 3:19 3:38 6:9
**locate**(1) 46:2
**location**(2) 14:20 15:16
**loggerheads**(1) 14:25
**longer**(2) 8:9 37:2
**look**(12) 12:17 20:10 20:24 21:16 22:17 23:14 23:23 24:14 24:18 24:25 28:3 28:3

**looking**(4) 12:19 33:17 43:6 47:2
**lost**(1) 5:11
**ltd**(1) 4:21
**luke**(3) 2:9 6:3 6:8
**luton**(4) 2:40 5:16 5:17 5:18
**mace**(1) 1:35
**made**(18) 7:12 7:21 17:4 17:24 18:11 18:21 19:1 21:24 24:9 24:10 26:2 26:8 26:14 26:16 26:20 31:19 34:2 44:20

**main**(6) 7:10 10:2 10:15 20:17 20:18
**maintain**(1) 40:19
**maintaining**(1) 40:15
**majority**(1) 19:1
**make**(12) 8:11 8:16 18:7 20:1 21:9 22:18 40:17 40:18 41:4 42:9 42:14 45:24

**makes**(5) 9:11 11:8 19:9 21:18 23:13 41:19
**making**(1) 38:25
**managed**(1) 18:23

**manner**(1) 27:16
**many**(1) 34:11
**mark**(2) 11:12 31:14
**market**(4) 1:12 1:28 2:34 3:41
**materials**(1) 9:11
**matter**(8) 6:17 11:18 23:14 23:16 38:3 38:9 39:7 47:1

**matters**(1) 22:1
**may**(22) 6:12 6:21 6:23 14:6 19:15 23:10 25:10 25:24 28:23 31:13 31:13 33:7 33:12 33:18 36:16 41:23 41:24 41:24 42:9 42:9 42:19 44:19

**maybe**(3) 30:23 39:18 45:8
**mccloy**(1) 4:3
**mcneill**(1) 2:32
**mean**(3) 31:15 43:7 44:24
**means**(1) 38:5
**meant**(1) 20:2
**meantime**(1) 38:17
**mechanism**(1) 20:23
**mediation**(3) 7:16 7:19 7:21
**meet**(2) 14:17 14:24
**megan**(1) 2:7
**memo**(5) 7:8 9:22 9:24 10:10 30:1
**memorialized**(1) 30:6
**mention**(1) 26:21
**mentioned**(2) 29:13 38:13
**merely**(1) 22:7
**merits**(4) 9:8 13:18 29:4 33:6
**met**(2) 14:19 35:8
**mia**(1) 7:10 12:6 12:16
**might**(1) 10:20
**milbank**(1) 4:3
**miller**(1) 3:13
**mind**(2) 38:6 43:24
**minimum**(1) 34:23
**minute**(1) 9:18
**model**(1) 22:13
**mona**(1) 2:24
**monday**(8) 38:2 40:17 42:8 42:20 42:23 43:10 45:9 47:5

**monitor**(4) 2:23 44:11 44:15 44:19
**month**(1) 37:22
**months**(1) 28:19
**montrose**(1) 11:16
**moot**(1) 35:15
**more**(10) 16:20 16:23 18:7 18:10 18:15 27:17 28:11 32:15 33:6 45:1

**morning**(14) 5:5 5:18 6:1 6:6 6:7 6:10 14:5 16:13 16:16 19:14 44:3 44:4 44:12 47:6
**morris**(3) 1:25 3:38 6:2
**most**(2) 14:8 42:19
**motion**(20) 5:21 6:10 6:13 6:13 13:25 14:1 14:9 14:13 14:23 15:22 18:7 24:21 24:21 32:23 34:5 37:13 37:17 41:7 46:10 46:11

**move**(1) 40:14
**moving**(2) 13:11 13:13
**much**(5) 10:19 30:15 33:4 33:5 47:4
**must**(1) 9:13
**narrow**(3) 14:13 34:19 35:22
**narrowing**(1) 34:22
**nation**(1) 22:12
**necessarily**(2) 6:21 26:24
**necessity**(1) 33:17
**need**(5) 11:2 12:17 24:18 26:5 42:19
**nefarious**(1) 25:22
**negotiated**(4) 12:24 26:1 36:12 36:20
**neil**(1) 2:10
**neither**(1) 9:10
**networks**(3) 1:9 4:21 6:25
**never**(3) 10:4 21:5 23:24
**new**(2) 2:13 3:9

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|

**next**(7) 17:22 17:23 27:15 37:22 40:12 40:13 40:16

**nice**(1) 16:17

**nichols**(2) 1:25 6:2

**nnuk**(1) 19:10

**non-english**(1) 7:3

**none**(3) 13:10 13:13 13:23

**nor**(2) 9:10 19:5

**nortel**(5) 1:9 4:21 6:25 12:5 12:8

**north**(4) 1:28 2:19 2:34 3:41

**not**(64) 6:20 8:8 8:14 11:18 11:24 12:11 13:19 13:20 14:6 14:19 15:5 15:23 17:11 17:17 17:21 18:1 18:5 18:6 18:7 19:3 19:5 19:5 19:7 19:24 20:19 21:12 24:5 24:13 28:19 29:2 29:3 29:20 30:1 30:25 31:9 31:13 31:16 31:17 32:2 34:3 34:17 35:7 35:8 35:15 35:19 35:24 36:4 37:25 38:5 38:6 38:8 39:20 39:20 40:1 40:16 41:24 41:25 42:8 42:9 43:5 43:25 44:15 44:16 46:18

**noted**(1) 12:3

**nothing**(3) 15:20 20:1 31:12

**notice**(5) 26:6 34:15 34:20 37:21 40:11

**noticed**(1) 40:13

**noticing**(1) 35:8

**noting**(2) 13:17 28:17

**november**(6) 1:15 5:1 14:11 41:2 41:3 47:13

**novo**(1) 21:4

**now**(19) 7:13 8:8 10:19 10:21 10:25 13:1 15:22 16:1 16:6 17:21 18:2 24:3 29:7 29:11 30:9 31:24 42:3 43:5 44:6

**nowhere**(1) 31:11

**number**(2) 14:20 14:21

**object**(1) 32:17

**objection**(14) 6:18 6:21 8:1 8:13 9:14 9:16 10:3 11:5 14:2 15:21 29:1 40:2 40:4 45:4

**objections**(2) 12:23 14:15

**objects**(1) 17:11

**obtain**(4) 6:21 6:23 8:3 9:18

**obtained**(2) 12:6 12:12

**obviously**(6) 16:8 19:7 39:24 41:5 44:16 44:18

**occurred**(9) 21:14 23:22 24:1 24:19 25:1 28:9 28:11 28:15 33:18

**occurring**(1) 21:14

**october**(1) 7:4

**off**(2) 36:21 41:12

**off-guard**(1) 36:22

**offer**(3) 26:15 26:16 29:19

**offering**(1) 23:7

**office**(1) 3:45

**officer**(1) 34:14

**officers**(1) 15:3

**official**(3) 2:16 3:4 4:13

**okay**(9) 17:24 19:16 19:18 26:7 41:3 43:11 45:18 45:25 46:11

**old**(1) 28:19

**omnibus**(1) 27:15

**once**(2) 17:4 38:15

**one**(12) 2:12 2:18 3:8 3:27 5:20 8:19 9:18 12:16 19:21 23:20 34:10 39:9

**only**(21) 5:20 7:22 8:3 9:4 11:2 11:25 13:1 13:20 14:10 15:13 17:2 17:4 18:18 19:22 21:18 27:23 28:20 32:2 34:17 35:19 37:15

**open**(2) 24:7 45:7

**operated**(1) 23:9

**operational**(2) 19:1 20:21

**operations**(1) 20:20

**opportunity**(3) 14:17 38:4 45:15

**oppose**(1) 11:24 27:4

**opposed**(1) 28:4

**opposing**(1) 11:9

**opposition**(1) 23:17

**order**(29) 7:25 9:18 14:10 15:20 16:1 17:5 17:19 17:21 17:25 18:8 19:3 25:15 25:17 28:14 30:6 31:10 31:23 31:25 32:3 32:8 32:16 34:7 37:4 37:18 41:11 43:9 43:19 43:21 45:22

**original**(3) 18:3 18:19 32:8

**other**(9) 9:11 16:22 15:19 16:6 22:15 22:20 39:13 40:24 41:15

**ought**(2) 18:1 42:10

**our**(25) 13:25 15:21 16:6 19:19 19:20 19:25 20:22 20:9 20:14 20:25 24:3 24:21 24:21 24:23 26:10 27:9 27:14 34:15 36:9 36:15 37:12 37:17 37:18 37:21 42:4

**out**(17) 7:8 7:23 8:12 11:25 17:10 18:17 18:18 18:23 31:10 26:9 27:1 27:9 29:5 31:22 39:3 41:23 46:20

**over**(4) 6:3 30:14 37:22 46:20

**own**(5) 7:8 9:15 21:19 27:1 44:19

**p.o**(2) 1:30 2:44

**package**(2) 26:11 27:7

**packages**(1) 27:10

**page**(1) 22:5

**papers**(11) 6:13 8:13 8:14 8:16 14:7 19:20 20:2 20:25 31:17 36:3 36:10

**paragraph**(3) 31:25 32:2 32:15

**pardon**(1) 24:21

**parikh**(1) 2:24

**park**(1) 3:8

**part**(2) 25:25 37:9

**participate**(2) 44:22 44:24

**participation**(1) 37:6

**particular**(1) 13:8

**particularly**(3) 29:6 31:25 35:3

**parties**(11) 7:16 14:19 14:24 15:19 17:3 19:22 26:1 33:7 34:15 34:21 43:2

**partners**(1) 3:31

**party**(6) 9:15 11:13 13:11 13:13 24:7 32:7

**party's**(1) 29:14

**past**(6) 12:19 14:11 22:5 22:8 33:18 40:25

**patrick**(1) 3:46

**pending**(3) 10:1 39:6 39:16

**pennsylvania**(1) 1:39

**perhaps**(3) 27:14 38:4

**period**(4) 13:2 13:14 27:24 29:15

**permit**(1) 33:7

**perplexed**(1) 10:3

**pertinent**(2) 33:19 41:25

**petition**(23) 6:17 7:24 8:19 8:23 9:2 10:8 10:14 12:18 12:25 13:2 16:25 17:24 17:25 18:3 22:12 26:7 27:7 28:3 28:4 29:24 31:18 32:24 33:16

**petitions**(9) 7:16 13:9 14:4 20:1 30:19 32:5 34:16 43:1 44:16

**phone**(1) 45:7

**pick**(1) 9:17

**piecemeal**(1) 22:16

**place**(3) 17:6 18:18 26:9

**placeholder**(1) 41:17

**places**(1) 10:6

**plainly**(2) 14:8 15:4

**playing**(1) 11:18

**plaza**(3) 2:12 2:33 3:14

**pleading**(1) 43:22

**pleadings**(5) 8:15 10:23 26:10 26:19 27:14

**please**(4) 5:2 19:15 43:20 43:25

**podium**(2) 6:3 16:8

**point**(7) 7:9 8:12 9:22 11:16 12:1 12:10 12:13 13:5 18:13 18:17 19:4 20:2 24:3 31:23 35:6 36:4 38:1

**pointed**(4) 10:10 17:10 18:18 29:5

**points**(4) 11:25 16:20 29:16 34:10

**portion**(3) 20:24 26:22 29:24

**position**(22) 8:5 8:11 11:14 11:15 11:25 12:10 12:14 12:16 12:21 13:1 15:18 15:22 17:16 18:3 19:8 19:19 24:24 26:23 29:11 31:21 34:1 44:15

**positions**(3) 7:21 26:24 37:25

**possession**(1) 40:8

**possible**(2) 28:5 41:21

**post**(1) 23:23

**posture**(2) 9:16 18:9

**potentially**(1) 23:11

**potter**(1) 2:31

**ppearances**(3) 1:23 2:1 3:1

**practical**(1) 11:18

**pre**(1) 23:24

**pre-date**(1) 30:22

**pre-dating**(1) 30:19

**pre-petition**(1) 31:1

**pre-uk**(1) 20:20

**precedent**(1) 11:13

**preclude**(3) 14:3 16:2 25:2

**precluded**(2) 14:7 24:24

**precluding**(1) 16:5

**predicates**(1) 7:22

**prefer**(1) 45:8

**preliminary**(1) 11:22

**premature**(3) 14:9 15:20 37:8

**prepared**(6) 27:7 34:24 42:19 43:3 43:10 43:14

**present**(3) 20:16 22:24 33:19

**presentation**(3) 12:2 12:3 19:17

**presentations**(1) 34:2

**presented**(1) 31:5

**primary**(1) 36:9

**principal**(1) 16:18

**prior**(5) 11:14 13:14 23:5 27:24 29:15

**private**(1) 45:15

**pro**(1) 6:4

**probably**(3) 24:21 24:22 37:7

**problem**(3) 8:11 36:11 46:25

**proceed**(1) 38:16

**proceeding**(18) 6:12 8:5 11:15 12:13 20:6 20:17 20:17 23:6 23:21 23:21 23:23 23:24 24:1 25:8 28:15 28:19 29:1 42:16

**proceedings**(21) 1:19 1:44 7:7 10:1 20:12 21:1 21:4 21:18 24:14 24:16 25:14 26:4 27:24 28:10 28:11 30:23 31:7 33:23 34:3 47:7 47:10

**process**(5) 35:8 36:3 36:18 39:13 39:15

**produce**(1) 38:10

**produced**(6) 1:45 15:8 15:12 41:18 41:25 42:2

**production**(9) 10:19 37:15 37:19 40:18 40:20 40:22 41:5 41:23 42:24

**prohibit**(1) 24:22

**promise**(1) 46:23

**promotion**(1) 16:1

**promptly**(1) 42:11

**propose**(2) 15:8 16:7

**proposed**(7) 37:18 37:20 42:4 43:9 43:19 45:21 46:1

**proposing**(1) 37:12

**proposition**(1) 22:2

**propounded**(1) 6:14

**protect**(3) 25:9 27:20 31:13

**protective**(3) 15:20 16:1 19:2

**protest**(1) 10:20

**provide**(9) 9:4 9:11 16:20 20:11 20:22 27:23 36:25 39:22 43:14

**provided**(2) 15:5 24:9

**provisional**(1) 31:24

**publicly**(1) 15:14

**punch**(1) 46:1

**purpose**(2) 6:20 20:22

**purposes**(4) 22:20 22:24 28:2 29:5

**pursuant**(2) 14:9 21:20

**pursue**(2) 26:13 42:11

**put**(13) 7:5 8:7 8:18 9:15 10:7 10:23 13:11 13:24 17:12 26:9 26:18 34:15 34:20

**puts**(2) 29:15 29:23

**putting**(1) 36:18

**qualms**(1) 29:12

**question**(1) 28:25

**questions**(4) 16:7 19:10 30:13 44:25

**quickly**(2) 30:18 38:10

**quite**(4) 11:19 12:25 13:22 14:6

**quote**(2) 22:4 22:10

**qureshi**(16) 3:7 16:13 16:14 16:17 19:12 30:14 30:16 30:17 30:21 31:2 32:12 41:8 41:10 41:17 42:13 43:17

**raise**(1) 30:8

**raised**(1) 12:13

**raises**(1) 30:3

**rand**(1) 22:8

**rather**(1) 31:22

**reach**(2) 19:24 43:13

**reached**(1) 15:19

**read**(2) 6:12 32:15

**realize**(1) 17:8

**really**(9) 5:3 12:12 15:18 16:3 17:17 35:5 37:25 38:9 38:19

**rearrange**(1) 5:11

**reason**(4) 24:13 27:20 27:22 42:1

**reasonable**(1) 23:15

**reasons**(2) 7:19 34:4

**recall**(2) 6:23 25:24

**receive**(3) 17:2 44:21 45:7

**received**(2) 17:20 25:23

**recent**(1) 28:23

**recognition**(11) 6:23 6:24 7:3 8:3 11:9 11:24 13:19 20:9 20:13 22:6 23:22

**recognized**(2) 32:9

**record**(8) 5:15 6:2 6:8 9:4 16:14 26:23 33:15 44:10

**recorded**(1) 1:44

**recording**(2) 1:44 47:10

**reexamine**(1) 15:6 21:17

**reference**(4) 9:2 9:9 10:9 26:12

**referenced**(2) 10:18 28:21

**references**(4) 26:19 27:8 29:19 35:19

**referencing**(1) 26:17

**refers**(1) 29:25

**refused**(2) 8:15 26:10

**refusing**(1) 8:13

**refute**(1) 31:22

**regarding**(3) 18:21 28:25 35:9

**regardless**(1) 40:5

**regulations**(1) 22:10

**relate**(6) 14:12 18:16 27:23 33:5 37:14 37:14

**related**(2) 23:14 26:14

**relatedly**(1) 34:5

**relates**(4) 6:13 18:22 18:24 37:15

**relating**(2) 37:1 38:22

**relationship**(1) 23:15

| Word | Page:Line |
|---|---|

**relevance**(5) 13:7 20:13 23:3 26:8 27:22
**relevant**(16) 9:11 13:2 13:18 13:20 13:21 15:4 23:3 23:7 23:13 23:19 29:6 31:7 33:8 33:11 33:13 41:25

**reliance**(1) 16:5
**relied**(2) 10:20 38:25
**relief**(40) 8:17 9:6 9:8 9:16 9:19 12:9 12:12 13:9 14:3 14:9 17:2 17:11 17:13 17:20 17:25 18:4 18:12 18:16 19:9 19:25 21:17 25:23 25:25 25:25 27:5 27:12 27:15 29:15 29:21 30:2 30:5 30:10 31:6 31:12 31:24 33:2 34:18 35:21 36:14 37:10

**relies**(1) 17:1
**rely**(10) 9:23 10:4 10:22 15:24 15:24 17:17 17:21 29:7 30:10 32:24

**relying**(5) 8:14 8:24 9:18 18:5 29:12
**remain**(1) 46:7
**remaining**(2) 7:3 14:22
**remains**(1) 39:16
**remarks**(1) 26:22
**remove**(1) 26:19
**rendered**(1) 20:4
**reorganization**(1) 21:6
**repetitive**(1) 9:14
**reporter**(1) 22:4
**request**(9) 14:11 15:2 17:4 34:6 34:13 34:25 34:25 44:21 45:5

**requested**(1) 32:22
**requesting**(1) 25:25
**requests**(10) 6:11 6:14 6:19 14:16 14:18 14:21 37:8 37:13 38:19 41:6

**require**(1) 15:9
**reserve**(3) 16:8 25:18 32:16
**residence**(1) 15:3
**resignation**(2) 39:15 39:17
**resigning**(1) 39:14
**resisting**(1) 13:23
**resolve**(2) 29:20 42:7
**respect**(9) 21:2 21:16 25:13 30:18 32:4 32:6 36:23 37:6 41:14

**respond**(4) 16:9 19:16 36:1 38:11
**response**(2) 15:17 31:3
**responses**(6) 12:23 14:15 37:15 37:19 39:12 42:24

**review**(4) 10:16 20:20 21:4 35:2
**reviewed**(3) 33:9 38:24 39:19
**revisit**(1) 21:24
**richards**(1) 2:16
**ridge**(1) 3:28
**right**(22) 5:25 7:1 12:20 13:3 16:9 17:6 22:19 25:6 25:13 25:16 31:2 34:15 35:4 36:1 40:3 40:6 40:9 41:3 43:11 43:16 46:8 47:4

**rights**(4) 25:18 32:16 33:21 37:10
**risen**(1) 41:8
**robin**(1) 2:11
**rodney**(1) 2:18
**room**(1) 40:14
**rooney**(1) 2:23
**ross**(1) 3:39
**rule**(1) 45:6
**ruling**(4) 21:10 21:12 35:13 36:24
**rulings**(1) 21:5
**rulston**(1) 39:12
**run**(3) 16:4 18:25 30:10
**running**(1) 9:20
**russell**(1) 2:8
**safe**(1) 47:5
**said**(10) 14:8 14:19 18:9 21:8 21:10 26:7 26:13 26:15 35:18 44:18

**sales**(1) 18:21
**same**(12) 7:11 7:14 10:17 12:18 14:18 16:5 22:9 22:13 23:6 23:22 42:10 43:21

**samis**(1) 2:17
**say**(10) 7:20 8:8 8:12 16:22 17:8 22:9 27:4 38:23 44:24 45:3

**saying**(8) 8:11 17:21 18:7 19:3 21:23 24:6 26:22 42:8

**says**(6) 22:3 22:5 22:13 22:14 25:18 32:3
**schedule**(16) 9:19 12:24 26:9 27:9 36:13 36:20 36:23 38:6 38:7 38:8 40:11 41:12 42:1 43:4 43:6 43:12

**scheduled**(4) 38:2 42:3 43:10 44:23
**scheduling**(5) 32:16 37:4 38:17 40:10
**scheme**(1) 21:6
**schuylkill**(1) 1:38
**schweitzer**(1) 2:6
**scope**(8) 20:9 20:14 33:13 34:18 35:9 35:21 37:17 42:18

**seated**(1) 5:2
**second**(4) 9:1 18:13 18:23 36:4
**secondly**(2) 11:3 32:2
**section**(1) 20:16
**see**(10) 5:6 5:7 5:13 5:17 12:25 16:16 17:7 26:15 35:2 41:18

**seek**(3) 13:13 18:14 37:21
**seeking**(22) 7:13 7:25 8:3 8:17 9:17 10:19 11:24 13:10 16:1 17:12 18:11 18:13 19:2 19:25 23:12 29:21 30:3 31:3 32:9 35:6 35:16 38:14

**seeks**(1) 37:18
**seems**(1) 12:15
**seen**(1) 34:14
**send**(1) 46:20
**sense**(3) 18:13 21:15 41:19
**separate**(2) 14:12 32:3
**separately**(2) 14:1 37:16
**served**(2) 14:10 14:14
**service**(3) 1:37 1:45 44:21
**services**(1) 1:37
**set**(3) 7:8 7:23 21:6
**she**(2) 39:15 39:16
**she's**(1) 47:2
**short**(1) 13:22
**should**(18) 12:18 17:19 20:5 21:13 21:15 21:19 22:11 22:14 24:13 27:13 27:19 41:22 42:3 42:8 43:5 43:7 45:3 46:7

**shouldn't**(4) 21:16 22:22 42:2 42:9
**show**(1) 10:5
**side**(2) 5:12 5:14
**sign**(1) 45:22
**significant**(2) 18:20 19:1
**simply**(4) 17:9 27:22 30:12 31:23
**simultaneously**(2) 16:4 28:18
**since**(2) 25:1 25:3
**sit**(2) 20:8 34:24
**sitting**(1) 39:1
**situation**(2) 22:16 33:21
**slide**(1) 41:12
**small**(1) 34:11
**snapshot**(1) 33:15
**sole**(1) 23:2
**some**(11) 6:13 8:1 14:5 15:1 15:18 27:20 28:6 34:19 40:14 42:5 44:8

**somehow**(4) 11:6 25:15 31:17 31:20
**something**(6) 16:5 23:10 25:22 28:23 31:6 38:24

**somewhat**(1) 38:21

**sommer**(1) 3:39
**soon**(1) 41:20
**sort**(1) 34:22
**sought**(8) 6:24 7:2 14:4 15:2 18:17 33:3 34:18 35:21

**sound**(2) 1:44 47:10
**sounds**(1) 43:6
**speaks**(1) 20:16
**specific**(2) 32:2 34:23
**specifically**(2) 9:6 32:24
**square**(1) 2:18
**squarely**(4) 18:22 18:24 30:2 31:7
**staff**(1) 46:21
**stage**(4) 11:19 11:22 16:23 39:15
**stand**(2) 16:9 18:3
**standard**(6) 11:10 11:11 23:3 23:4 29:4 33:17

**standards**(1) 22:15
**standing**(3) 25:16 31:20 33:21
**staple**(1) 46:1
**stargatt**(1) 2:39
**start**(1) 22:17
**state**(1) 9:23
**stated**(1) 8:23
**statement**(1) 24:7
**statements**(71) 6:16 7:5 7:8 7:11 7:24 8:6 8:15 8:18 8:25 8:25 9:3 9:3 9:10 9:18 9:20 9:23 9:25 10:5 10:7 10:9 10:17 10:18 10:21 11:1 11:4 14:13 14:23 15:23 16:4 17:1 17:7 17:16 17:22 18:6 18:19 20:11 22:22 22:22 23:5 23:16 26:12 26:14 26:18 26:20 27:8 27:23 28:12 28:13 28:16 28:17 28:21 28:23 29:9 29:12 29:20 29:23 29:25 30:4 30:11 30:12 30:22 31:5 31:19 32:11 32:25 34:17 35:20 37:1 38:22 38:25 39:10 39:13

**states**(3) 1:1 1:21 33:22
**status**(1) 12:13 27:14
**stay**(3) 34:6 36:14 36:19
**stearns**(4) 23:18 23:19 23:20 24:2
**steen**(2) 2:4 6:8
**stephen**(1) 2:32
**still**(3) 26:13 39:10 39:21
**stipulated**(1) 18:8
**stipulation**(2) 15:9 17:3
**story**(1) 10:24
**strategic**(1) 3:31
**strauss**(3) 3:4 4:13 16:14
**street**(11) 1:12 1:28 1:38 2:19 2:26 2:34 2:43 3:21 3:34 3:41 3:47

**subject**(5) 14:13 15:12 23:14 23:16 41:6
**submitted**(3) 7:6 28:13 32:10
**substance**(2) 7:19 19:25
**substantive**(1) 30:2
**substantively**(1) 29:21
**success**(2) 9:7 27:5
**such**(2) 19:4 41:19
**suchyta**(1) 3:26
**sudden**(1) 17:8
**suddenly**(1) 9:20
**suffice**(1) 7:20
**sufficient**(2) 13:24 28:22
**suggest**(9) 20:2 22:10 24:13 24:18 25:5 25:12 25:15 27:13 45:6

**suggested**(8) 6:21 10:4 12:7 25:21 28:24 34:13 39:9 39:11

**suggesting**(3) 20:4 31:11 39:20
**suggestion**(4) 10:3 11:6 23:19 26:10
**suggests**(2) 25:4 28:14
**suisse**(1) 4:17
**suite**(5) 2:26 3:15 3:21 3:40 3:47
**supplemental**(3) 14:10 14:15 14:21

**support**(10) 5:11 8:1 9:2 9:4 18:12 23:7 28:22 32:23 34:2 39:15

**supported**(2) 20:15 24:17
**sure**(7) 18:1 11:2 32:14 38:5 42:14 45:13 45:24

**surprise**(1) 36:3
**surprised**(1) 12:25
**surreal**(1) 18:7
**suspicious**(1) 18:10
**table**(1) 34:24
**take**(7) 12:10 12:16 17:6 21:4 31:21 37:10 45:9

**taken**(1) 11:14
**takes**(1) 16:9
**taking**(6) 13:1 16:2 22:16 33:15 37:5
**talk**(4) 26:8 43:12 45:15 47:5
**talking**(5) 23:4 30:25 33:4 35:4 37:25
**taylor**(1) 2:39
**tee**(1) 42:19
**telephone**(3) 38:2 38:3 42:7
**telephonic**(1) 4:1
**tell**(1) 10:24
**tense**(1) 20:16
**terminated**(1) 39:4
**terms**(4) 17:15 20:16 29:22 37:11
**test**(1) 25:1
**testifies**(1) 22:21
**testimony**(4) 10:22 15:25 23:7 29:7
**testing**(1) 25:3
**than**(4) 16:23 27:17 32:15 33:6
**thank**(32) 5:2 5:4 6:5 6:5 16:10 16:11 16:12 19:12 19:12 19:17 28:1 28:1 30:15 30:17 32:11 32:12 32:19 34:8 41:10 42:13 43:15 43:17 44:1 44:2 45:17 45:19 45:20 46:4 46:4 46:5 46:6 46:14 47:4

**thanks**(1) 5:10
**thanksgiving**(1) 5:8

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**that**(301) 5:3 5:13 5:13 5:24 6:14 6:16 7:5 7:9 7:11 7:14 7:15 7:20 7:22 7:23 7:24 8:1 8:6 8:11 8:14 8:17 8:22 8:23 8:23 8:24 8:25 9:1 9:7 9:8 9:8 9:9 9:13 9:21 9:22 9:24 9:25 10:2 10:4 10:4 10:5 10:9 10:13 10:17 10:20 10:21 10:23 10:23 11:2 11:4 11:6 11:11 11:11 11:15 11:19 11:25 11:25 12:3 12:5 12:7 12:10 12:12 12:13 12:14 12:15 12:17 12:18 12:21 12:22 12:24 12:25 13:1 13:5 13:9 13:12 13:14 13:14 13:17 13:21 13:23 13:24 14:1 14:5 14:13 14:22 14:23 14:23 15:5 15:8 15:9 15:12 15:19 15:20 15:22 16:2 16:3 16:6 16:25 17:3 17:6 17:9 17:11 17:13 17:13 17:15 17:17 17:20 17:24 18:1 18:4 18:9 18:9 18:11 18:12 18:12 18:14 18:16 18:18 18:19 19:3 19:6 19:6 19:9 19:20 20:2 20:3 20:5 20:6 20:7 20:7 20:10 20:11 20:14 21:10 21:10 21:13 21:14 21:16 22:5 22:10 22:14 23:7 23:8 23:10 23:11 23:12 23:13 23:19 23:25 24:1 24:3 24:4 24:5 24:8 24:15 24:23 25:6 25:12 25:15 25:15 25:15 25:21 25:21 26:2 26:2 26:3 26:10 26:13 26:16 26:17 26:18 26:18 26:21 26:22 27:4 27:12 27:13 27:16 27:18 27:20 27:21 27:23 27:23 28:3 28:6 28:7 28:10 28:17 28:21 28:22 28:23 28:25 28:25 29:6 29:8 29:10 29:11 29:13 29:15 29:25 30:2 30:6 30:8 30:10 30:24 31:2 31:3 31:6 31:6 31:6 31:8 31:11 31:13 31:16 31:17 31:17 31:19 31:19 31:24 31:25 32:1 32:3 32:5 32:8 32:16 32:20 32:21 33:1 33:3 33:4 33:7 33:8 33:9 33:19 33:11 33:15 33:16 33:18 33:17 33:19 33:24 34:15 34:19 34:20 34:25 35:21 35:3 35:4 35:15 35:15 35:16 36:6 36:10 36:11 36:12 36:14 36:16 36:17 36:20 36:21 37:2 37:9 37:12 37:13 37:17 37:20 37:20 37:20 37:25 38:3 38:4 38:5 38:6 38:7 38:7 38:8 38:14 38:18 39:2 39:7 39:8 39:9 39:12 39:16 39:19 39:20 39:23 40:1 40:12 41:6 41:11 41:11 41:19 41:22 41:23 41:24 41:25 42:1 42:3 42:4

**that**(27) 42:8 42:8 42:11 42:12 42:14 42:17 42:19 42:22 42:23 42:43 43:4 43:7 43:9 43:18 43:21 44:22 45:4 45:6 45:10 45:10 45:12 46:5 46:8 46:9 46:9 47:2 47:9

**that's**(29) 9:4 11:5 11:23 12:20 14:7 14:12 15:10 18:9 18:22 19:10 24:12 28:6 28:6 29:2 29:20 30:1 30:6 31:22 34:13 35:17 35:17 36:17 39:6 43:11 44:16 44:18 45:11 45:16 45:22

**the**(301) 1:1 1:2 1:20 2:16 2:25 2:42 3:4 3:14 3:45 5:2 5:6 5:9 5:10 5:11 5:13 5:13 5:15 5:17 5:19 5:19 5:20 5:21 5:21 5:21 5:23 5:24 5:25 6:1 6:3 6:5 6:7 6:9 6:10 6:10 6:10 6:13 6:15 6:15 6:15 6:16 6:18 6:19 6:19 6:20 6:22 6:23 6:24 7:1 7:3 7:6 7:7 7:9 7:9 7:9 7:11 7:12 7:13 7:14 7:15 7:16 7:19 7:20 7:22 7:23 7:23 7:25 8:2 8:2 8:4 8:5 8:5 8:6 8:6 8:8 8:10 8:14 8:16 8:16 8:16 8:17 8:18 8:19 8:21 8:23 8:23 8:24 9:1 9:2 9:4 9:4 9:5 9:5 9:6 9:7 9:7 9:8 9:9 9:9 9:9 9:10 9:11 9:12 9:13 9:13 9:14 9:14 9:16 9:16 9:17 9:21 9:22 9:22 9:23 9:24 9:25 9:25 10:1 10:1 10:3 10:4 10:5 10:6 10:8 10:8 10:9 10:11 10:12 10:13 10:14 10:14 10:14 10:15 10:16 10:17 10:18 10:18 10:19 10:20 10:22 10:23 10:25 11:1 11:2 11:4 11:6 11:8 11:10 11:10 11:12 11:15 11:18 11:21 11:22 11:25 12:1 12:1 12:4 12:4 12:10 12:11 12:11 12:12 12:12 12:17 12:18 12:21 12:22 12:12 12:15 12:16 12:17 12:18 12:21 12:22 12:22 12:25 13:1 13:2 13:2 13:3 13:3 13:4 13:8 13:8 13:8 13:9 13:9 13:10 13:11 13:12 13:13 13:13 13:14 13:16 13:16 13:18 13:13 13:21 13:23 13:25 14:1 14:1 14:3 14:14 14:14 14:19 14:19 14:22 14:23 14:24 15:2 15:3 15:4 15:6 15:7 15:11 15:11 15:14 15:16 15:17 15:19 15:21 15:22 15:22 16:3 16:3 16:4 16:5 16:7 16:8 16:9 16:9 16:10 16:12 16:13 16:15 16:16 16:18 16:21 16:21 16:22 16:25 17:2 17:3 17:4 17:4 17:5 17:5 17:5 17:6 17:7 17:7 17:11 17:12 17:16 17:18 17:19 17:20 17:22 17:25 18:3 18:4 18:5 18:8 18:9 18:14 18:16 18:18 18:19 18:22 18:25 19:3 19:4 19:5 19:6 19:7 19:7 19:8 19:9 19:9 19:12 19:14 19:15

**the**(301) 19:16 19:17 19:18 19:20 19:21 19:23 19:24 19:25 19:25 20:3 20:4 20:5 20:5 20:6 20:7 20:9 20:9 20:12 20:12 20:13 20:14 20:14 20:15 20:16 20:17 20:18 20:18 20:20 20:21 20:22 20:24 20:24 20:25 20:25 21:1 21:2 21:2 21:4 21:5 21:6 21:7 21:8 21:10 21:12 21:13 21:13 21:15 21:16 21:16 21:18 21:19 21:20 21:21 21:22 21:24 21:25 22:9 22:9 22:10 22:11 22:11 22:11 22:12 22:13 22:13 22:14 22:17 22:17 22:17 22:19 22:23 22:23 22:23 22:25 23:2 23:3 23:5 23:6 23:8 23:9 23:12 23:14 23:14 23:15 23:15 23:20 23:20 23:20 23:21 23:22 23:22 23:24 23:25 24:1 24:3 24:6 24:8 24:8 24:9 24:10 24:11 24:11 24:11 24:13 24:14 24:17 24:17 24:19 24:24 24:24 24:25 25:1 25:3 25:4 25:5 25:6 25:6 25:7 25:7 25:8 25:9 25:9 25:11 25:11 25:12 25:12 25:13 25:14 25:15 25:16 25:17 25:18 25:20 25:22 25:22 25:23 25:25 26:1 26:3 26:3 26:4 26:5 26:6 26:6 26:8 26:10 26:11 26:14 26:15 26:16 26:16 26:23 26:24 26:24 27:1 27:1 27:2 27:2 27:6 27:7 27:8 27:8 27:8 27:11 27:11 27:12 27:13 27:15 27:15 27:18 27:19 27:20 27:24 27:24 28:1 28:2 28:3 28:3 28:4 28:7 28:8 28:11 28:13 28:15 28:18 28:18 28:21 28:22 28:22 28:25 28:25 29:2 29:3 29:6 29:8 29:9 29:11 29:14 29:18 29:20 29:20 29:21 29:22 29:24 29:25 30:1 30:2 30:3 30:5 30:6 30:8 30:11 30:11 30:11 30:15 30:18 30:19 30:19 30:20 30:21 30:22 30:22 30:24 30:25 31:1 31:3 31:3 31:3 31:4 31:4 31:6 31:7 31:12 31:14 31:14 31:16 31:16 31:17 31:18 31:18 31:19 31:21 31:24 31:24 32:2 32:8 32:9 32:10 32:10 32:12 32:14 32:15 32:18 32:20 32:20 32:21 32:22 32:23 32:23 32:24 33:1 33:2 33:2 33:3 33:4 33:5 33:6 33:6 33:9 33:9 33:10 33:11 33:13 33:16 33:16 33:17 33:18 33:19 33:20 33:20 33:22 33:22 33:23

**the**(226) 33:25 33:25 33:25 34:1 34:2 34:3 34:5 34:5 34:6 34:9 34:10 34:11 34:12 34:13 34:13 34:14 34:16 34:16 34:17 34:18 34:18 34:20 34:21 34:21 34:22 34:22 34:25 35:2 35:3 35:7 35:9 35:9 35:12 35:14 35:15 35:17 35:19 35:21 35:22 35:22 35:23 35:25 36:1 36:3 36:4 36:4 36:6 36:8 36:10 36:11 36:12 36:12 36:13 36:13 36:14 36:16 36:18 36:19 36:19 36:23 36:24 36:25 37:1 37:1 37:2 37:2 37:3 37:4 37:5 37:5 37:6 37:10 37:11 37:12 37:13 37:16 37:18 37:19 37:20 37:21 37:24 38:7 38:10 38:10 38:11 38:12 38:13 38:15 38:16 38:18 38:18 38:19 38:21 38:22 38:24 38:25 38:25 39:4 39:7 39:10 39:10 39:11 39:12 39:13 39:13 39:15 39:16 39:18 39:18 39:19 39:20 39:21 39:22 39:22 40:1 40:1 40:3 40:4 40:6 40:9 40:10 40:10 40:12 40:12 40:13 40:13 40:15 40:17 40:19 40:20 40:20 40:22 40:20 40:24 41:3 41:3 41:4 41:6 41:7 41:8 41:11 41:13 41:14 41:15 41:16 41:18 41:20 41:22 41:23 41:24 42:3 42:4 42:6 42:6 42:7 42:9 42:9 42:10 42:11 42:11 42:12 42:14 42:18 42:21 42:22 42:25 42:25 43:2 43:2 43:4 43:4 43:6 43:9 43:11 43:13 43:16 43:18 43:20 43:21 43:25 44:2 44:4 44:6 44:7 44:7 44:9 44:10 44:11 44:11 44:12 44:14 44:15 44:15 44:18 44:24 45:2 45:4 45:10 45:12 45:14 45:18 45:20 45:21 45:22 45:24 46:4 46:7 46:10 46:11 46:11 46:12 46:16 46:18 46:19 46:20 46:23 46:25 47:3 47:9 47:10 47:10 47:10

**their**(38) 6:16 7:24 8:12 8:13 8:15 9:15 9:24 10:3 10:10 11:5 12:21 12:23 12:25 14:2 14:7 14:10 14:14 15:7 15:15 15:17 16:1 17:12 17:15 19:2 19:21 29:24 30:1 37:6 37:10 38:25 39:8 39:11 39:25 40:1 40:2 40:7 40:17 42:4 44:19

**them**(11) 9:8 9:18 9:21 10:10 10:10 15:24 25:3 26:15 27:3 30:9 40:7

**themselves**(4) 11:1 12:5 12:22 39:22

**then**(18) 9:19 17:2 17:4 17:9 17:18 17:18 17:22 17:24 18:6 20:11 21:19 21:21 21:25 27:10 41:5 41:18 42:5 43:12

**there**(16) 14:18 17:20 18:2 23:10 23:25 24:4 25:21 26:22 27:12 27:22 28:2 31:2 34:23 37:9 40:14 41:22

**there'd**(1) 26:5

**there's**(10) 5:20 12:12 12:14 14:21 15:18 23:7 23:17 25:2 29:4 42:1

**therein**(2) 34:18 36:25

**these**(16) 6:19 7:15 10:16 13:24 15:18 17:1 17:7 18:18 19:2 21:3 24:16 26:12 31:5 34:19 38:21 41:6

**they**(44) 7:24 8:8 9:23 9:23 10:4 10:11 10:20 11:13 13:11 14:2 14:5 14:7 15:8 17:9 17:14 17:14 18:3 18:4 18:16 19:2 19:4 19:6 21:25 22:9 23:9 25:13 25:14 26:15 28:25 29:7 29:24 30:10 30:25 31:3 32:8 33:6 33:24 37:9 38:23 39:4 39:8 40:5 40:7 43:7

**they'd**(1) 26:13

**they're**(18) 8:14 9:21 10:21 12:17 12:18 15:23 15:24 16:1 17:15 18:12 28:19 29:21 30:2 31:11 33:24 33:25 37:12 43:6

**they've**(10) 7:2 8:15 10:4 10:23 13:24 15:12 15:13 29:6 39:9 39:11

**thing**(3) 19:21 22:9 22:13

**things**(3) 19:2 23:5 42:5

**think**(40) 6:18 11:11 12:21 13:22 14:8 16:23 19:21 20:23 23:13 24:20 26:4 27:3 27:17 28:5 28:6 28:24 30:12 32:21 32:25 33:4 33:5 33:8 33:11 33:19 33:23 33:24 35:3 37:7 37:25 38:13 38:15 38:18 39:22 40:14 41:12 41:22 42:4 42:10 42:18 43:4

**third**(3) 9:22 11:12 18:24

**this**(66) 5:11 6:9 6:12 6:13 6:20 7:4 7:13 7:15 8:4 8:5 9:5 9:16 10:12 11:12 12:13 14:5 14:11 14:13 16:21 16:25 17:4 17:13 20:3 21:3 21:18 22:2 22:4 22:14 23:22 24:12 25:13 27:6 28:8 28:9 28:14 28:16 29:1 30:9 30:18 31:7 31:10 31:11 31:12 31:13 31:14 31:20 31:23 33:21 34:12 35:6 36:12 36:16 36:18 36:21 37:24 38:1 38:2 38:3 38:5 40:25 43:21 44:8 44:16 44:20 45:5 45:7

**thomas**(1) 4:4

**those**(67) 7:4 7:9 7:10 7:14 7:19 7:21 8:8 8:14 8:18 8:25 9:3 9:20 10:6 10:13 10:15 13:6 13:7 13:9 13:10 13:13 13:17 14:12 14:15 14:16 14:18 14:21 15:1 15:5 17:17 17:21 18:15 21:17 21:20 21:24 22:21 23:5 23:11 23:16 25:10 26:17 26:19 26:23 26:25 27:10 28:10 28:11 28:12 28:16 28:17 29:2 29:3 29:12 29:13 29:23 29:25 30:3 30:12 31:1 31:4 34:4 35:5 35:10 37:22 40:14 41:19 41:20 43:12

**though**(2) 18:5 40:11

**thought**(2) 21:8 21:10

**three**(2) 13:10 28:25

| Word | Page:Line |
|------|-----------|
| **through**(2) 20:8 27:16 | |
| **throughout**(1) 36:12 | |
| **thursday**(1) 14:11 | |
| **thwart**(1) 6:22 | |
| **tight**(1) 42:1 | |
| **time**(23) 5:10 7:14 12:18 13:2 13:2 13:14 16:5 19:7 19:21 20:7 20:20 22:11 24:2 26:4 27:11 32:4 32:6 36:12 36:12 38:4 41:18 42:1 42:10 44:16 | |
| **timeframe**(1) 13:11 | |
| **timeline**(1) 13:23 | |
| **timing**(3) 30:4 37:11 37:17 | |
| **tinker**(1) 3:46 | |
| **today**(18) 5:20 14:16 19:21 19:22 20:8 20:8 20:11 21:23 22:18 23:8 24:18 25:4 26:13 27:4 27:19 36:24 39:2 44:18 | |
| **today's**(1) 44:17 | |
| **too**(1) 41:12 | |
| **took**(3) 7:21 18:4 19:8 | |
| **top**(1) 22:17 | |
| **tough**(1) 36:10 | |
| **touting**(3) 20:25 24:8 24:10 | |
| **track**(2) 36:21 41:12 | |
| **trade**(1) 22:13 | |
| **transcriber**(1) 47:15 | |
| **transcript**(4) 1:19 1:44 20:24 47:9 | |
| **transcription**(2) 1:37 1:45 | |
| **traveling**(1) 47:5 | |
| **treasury**(1) 18:23 | |
| **treatment**(1) 15:10 | |
| **true**(3) 8:24 9:1 29:9 | |
| **truly**(1) 22:7 | |
| **trustee**(2) 3:45 3:45 | |
| **try**(5) 17:9 19:19 26:9 31:13 43:12 | |
| **trying**(1) 8:2 | |
| **tues**(1) 5:1 | |
| **tunnell**(2) 1:25 6:2 | |
| **turn**(6) 6:3 17:22 30:14 32:7 41:23 41:24 | |
| **tweed**(1) 4:3 | |
| **two**(5) 20:19 23:4 30:22 30:23 41:15 | |
| **type**(1) 33:15 | |
| **u.s**(1) 3:45 | |
| **ultimate**(1) 31:12 | |
| **ultimately**(3) 13:17 17:11 44:20 | |
| **unable**(1) 43:13 | |
| **under**(5) 11:12 15:11 33:9 35:1 40:11 | |
| **undermine**(1) 20:22 | |
| **underscores**(2) 11:2 16:23 | |
| **understand**(13) 8:4 11:2 14:4 16:6 21:9 24:4 28:14 28:16 29:10 32:21 35:11 36:16 42:18 | |
| **understanding**(1) 30:5 | |
| **understanding**(1) 33:2 | |
| **understood**(3) 32:20 35:13 44:9 | |
| **union**(1) 22:10 | |
| **united**(4) 1:1 1:21 22:12 33:22 | |
| **universe**(1) 33:1 | |
| **unless**(3) 16:7 19:10 30:13 | |
| **unlimited**(1) 25:17 | |
| **unsecured**(2) 2:17 3:5 | |
| **until**(3) 17:23 30:7 40:16 | |
| **upon**(9) 7:10 17:1 17:2 17:19 32:24 33:13 38:7 38:25 43:4 | |
| **used**(3) 23:1 23:11 23:12 | |
| **vacated**(2) 17:19 18:1 | |
| **value**(1) 21:2 | |
| **vast**(1) 18:25 | |
| **verification**(3) 8:22 29:8 29:25 | |
| **verified**(2) 8:19 10:8 | |
| **verizon**(3) 3:12 3:25 3:27 | |
| **very**(16) 5:3 9:24 10:24 16:10 24:15 26:2 30:3 30:15 30:18 32:14 32:16 34:11 35:4 38:14 46:11 47:4 | |
| **view**(3) 20:9 20:14 33:14 | |

| Word | Page:Line |
|------|-----------|
| **vis**(2) 19:6 19:6 | |
| **wait**(3) 17:23 26:15 30:7 | |
| **walk**(1) 17:9 | |
| **want**(7) 16:19 18:4 21:9 36:2 40:23 42:11 42:14 | |
| **wanted**(4) 17:6 17:9 20:1 34:20 | |
| **was**(55) 5:3 7:10 7:15 8:19 8:24 10:5 10:14 12:7 12:11 12:24 13:2 17:3 17:19 17:22 20:3 20:25 21:17 23:20 23:24 23:25 24:7 24:8 24:10 24:15 24:21 24:22 25:15 25:22 25:25 26:4 26:22 28:13 29:11 30:25 31:5 31:16 33:1 33:3 35:2 35:18 37:22 39:9 39:12 40:1 40:4 40:20 40:22 40:23 40:24 41:1 41:11 43:21 46:9 46:9 | |
| **wasn't**(2) 12:9 19:20 | |
| **watkins**(1) 4:7 | |
| **way**(8) 3:27 15:1 17:5 27:21 31:9 42:5 42:15 44:8 | |
| **we'd**(3) 23:7 41:20 46:19 | |
| **we'll**(8) 26:16 26:25 34:16 35:20 36:10 37:16 39:24 42:5 | |
| **we're**(35) 6:9 8:3 10:2 10:19 11:18 11:21 11:24 17:17 17:23 18:1 18:5 18:6 18:7 19:3 19:24 19:25 23:4 24:6 28:12 29:10 30:3 31:24 35:3 35:10 35:16 36:4 36:20 37:3 37:4 37:25 38:14 38:16 39:2 40:16 43:10 | |
| **we've**(10) 8:1 22:2 26:14 26:16 28:20 30:8 34:13 35:7 36:20 37:1 | |
| **week**(7) 17:23 28:24 37:23 40:12 40:12 40:13 40:25 | |
| **weeks**(1) 25:16 | |
| **weigh**(1) 44:8 | |
| **weiss**(1) 4:18 | |
| **well**(30) 8:10 11:18 12:15 12:15 15:18 16:10 17:17 17:18 17:22 17:23 17:24 18:20:15 22:25 22:25 25:4 26:7 26:15 30:24 32:9 33:19 34:21 35:23 36:8 37:24 38:23 41:15 41:22 42:25 46:12 | |
| **wendy**(1) 47:14 | |
| **went**(2) 18:2 23:9 | |
| **were**(39) 6:14 7:6 7:7 7:16 7:22 8:24 8:25 10:7 10:16 12:23 12:25 13:1 13:6 13:7 13:10 13:14 18:19 18:21 18:23 21:3 21:5 23:2 23:9 24:16 24:17 24:19 25:1 25:4 26:2 27:13 28:18 29:9 30:25 31:1 39:4 39:19 40:5 | |
| **weren't**(1) 25:5 | |
| **west**(2) 2:26 2:43 | |
| **what**(29) 11:3 12:17 14:7 19:16 19:19 20:4 21:23 22:1 23:23 24:1 24:2 24:6 24:14 24:19 28:13 29:10 29:23 30:24 31:10 33:1 33:12 35:18 37:12 38:5 39:4 39:15 39:25 39:25 41:12 | |
| **what's**(8) 13:17 21:14 25:1 25:3 28:9 28:11 28:15 29:11 | |
| **whatever**(6) 16:6 21:17 21:25 25:10 37:8 44:20 | |
| **when**(13) 7:6 9:19 12:22 23:16 23:17 30:25 36:3 36:6 36:10 40:13 40:17 40:21 44:24 | |
| **whenever**(1) 36:20 | |
| **where**(15) 10:6 13:19 20:8 20:10 20:18 20:19 20:25 22:1 22:7 22:16 23:8 23:20 29:14 31:22 34:4 | |
| **whereas**(1) 28:7 | |

| Word | Page:Line |
|------|-----------|
| **whether**(6) 17:10 21:22 23:14 34:3 38:7 40:7 | |
| **which**(32) 8:15 9:5 9:23 10:11 10:19 12:4 14:2 14:19 14:24 14:25 15:3 15:16 16:21 16:22 17:4 17:19 18:4 18:14 19:2 19:21 21:20 22:10 22:15 24:17 27:18 28:12 29:5 31:8 31:10 33:20 34:11 35:21 | |
| **while**(4) 6:23 16:5 30:10 40:15 | |
| **whiteoak**(1) 4:22 | |
| **who**(5) 6:4 22:21 29:8 39:9 39:12 | |
| **whose**(2) 29:7 35:5 | |
| **why**(7) 12:7 16:23 18:11 24:13 37:24 38:2 46:4 | |
| **wide**(1) 11:12 31:14 | |
| **will**(17) 17:3 20:21 33:14 33:19 33:23 34:6 34:15 34:17 36:24 41:18 41:18 42:5 46:12 46:12 46:23 46:25 47:5 | |
| **willing**(1) 35:10 | |
| **wilmington**(11) 1:13 1:31 2:20 2:27 2:36 2:45 3:16 3:35 3:42 3:48 5:1 | |
| **window**(1) 24:2 | |
| **wish**(1) 47:4 | |
| **with**(39) 5:16 5:24 6:16 6:21 7:24 8:11 12:23 14:5 15:15 18:21 19:16 20:23 21:2 22:2 24:23 28:2 28:10 28:18 29:3 30:18 30:25 31:5 31:12 32:4 32:6 34:17 34:24 35:9 35:20 36:23 36:25 37:5 37:5 41:14 41:19 42:6 43:18 43:18 45:8 | |
| **without**(1) 7:18 | |
| **witness**(70) 6:15 7:5 7:8 7:11 7:24 8:6 8:14 8:18 8:24 8:25 9:3 9:9 9:10 9:17 9:20 9:23 9:24 10:5 10:6 10:9 10:17 10:18 10:21 11:1 14:13 14:22 15:23 16:4 17:1 17:7 17:16 17:22 18:5 18:19 20:11 22:20 22:21 23:2 23:16 26:12 26:14 26:17 26:20 27:8 27:23 28:12 28:16 28:17 28:21 28:23 29:7 29:9 29:12 29:20 29:23 29:25 30:3 30:11 30:12 30:22 31:5 32:10 32:24 34:17 35:20 36:9 37:1 38:22 39:10 39:13 | |
| **witnesses**(6) 10:22 35:5 37:2 38:25 39:1 39:20 | |
| **won't**(1) 16:19 | |
| **words**(2) 22:20 40:24 | |
| **work**(5) 26:9 26:25 27:9 27:15 39:1 | |
| **would**(38) 6:2 7:9 10:4 13:25 19:6 21:6 21:22 23:3 26:11 26:20 27:3 27:7 29:7 30:6 31:23 33:10 34:21 34:21 35:1 35:11 35:15 35:19 35:21 36:4 37:18 38:8 40:12 41:13 41:14 42:6 42:22 42:23 44:17 44:21 45:6 45:10 46:5 46:21 | |
| **wouldn't**(3) 39:21 43:24 44:7 | |
| **www.diazdata.com**(1) 1:41 | |
| **year**(1) 7:4 | |
| **years**(1) 20:19 | |
| **yes**(16) 5:17 5:23 8:21 11:8 19:23 23:10 25:20 29:18 30:20 35:14 38:12 41:16 42:21 43:2 43:2 43:20 | |
| **yet**(3) 11:19 14:25 15:5 | |
| **yield**(1) 16:7 | |
| **york**(2) 2:13 3:9 | |

| Word | Page:Line |
|------|-----------|
| **you**(80) 5:2 5:4 5:6 5:7 5:9 5:17 6:5 6:5 8:10 8:12 16:10 16:11 16:12 16:16 17:9 17:20 18:6 19:12 19:12 19:16 20:10 20:24 21:8 21:10 21:23 22:17 23:18 23:23 24:2 26:15 26:16 26:23 27:5 27:25 28:1 30:15 30:17 32:11 32:12 32:19 32:23 33:1 34:8 34:24 36:6 37:22 38:1 38:13 41:8 41:10 42:13 42:14 42:23 43:14 43:15 43:17 43:24 44:1 44:2 44:24 44:24 45:14 45:14 45:15 45:17 45:19 45:20 45:22 46:2 46:4 46:4 46:4 46:5 46:6 46:14 46:16 46:21 47:4 47:4 47:5 | |
| **you'd**(2) 22:20 23:13 | |
| **you'll**(2) 38:4 43:12 | |
| **you're**(5) 17:21 17:21 17:24 35:5 43:13 | |
| **you've**(1) 38:7 | |
| **young**(3) 2:23 2:39 5:16 | |
| **your**(126) 5:5 5:7 5:15 5:20 6:1 6:7 6:9 6:12 6:17 6:23 7:18 8:3 8:10 8:18 9:21 10:7 10:24 11:3 11:9 11:20 11:23 11:24 12:9 12:13 12:20 13:5 13:15 13:16 13:22 14:4 14:8 14:25 15:10 15:21 16:7 16:11 16:13 16:17 16:18 16:21 17:10 18:10 18:13 18:15 19:4 19:10 19:13 19:15 21:9 22:25 23:4 23:10 23:19 24:3 24:4 24:20 24:23 25:15 25:24 26:9 26:11 27:6 27:11 27:16 27:18 27:22 28:5 28:17 28:24 29:2 29:4 29:13 29:15 30:4 30:13 30:17 30:21 31:9 31:15 31:23 32:11 32:14 32:19 34:8 34:10 35:7 35:11 35:13 35:18 35:24 36:4 36:11 36:23 37:7 37:11 37:13 38:6 38:9 38:20 39:6 39:24 40:11 40:23 41:2 41:10 41:10 42:13 42:15 42:9 43:15 43:17 43:22 44:1 44:5 44:14 45:5 45:21 45:22 46:2 46:6 46:14 46:15 46:21 46:24 | |
| **yourselves**(1) 43:13 | |