```
                    IN THE UNITED STATES BANKRUPTCY COURT
                       FOR THE DISTRICT OF DELAWARE



                                    )
IN RE:                              ) Chapter 11
                                    )
NORTEL NETWORKS INC., et al.,       ) Case No. 09-10138 (KG)
                                    )
                                    ) Courtroom 3
                                    ) 824 Market Street
_____Debtors._____     ) Wilmington, Delaware


                                      November 29, 2010
                                      10:01 a.m.


                  TRANSCRIPT OF TELEPHONIC PROCEEDINGS
                   BEFORE THE HONORABLE KEVIN GROSS
                   UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:
For Debtors:                       Morris Nichols Arsht & Tunnell
                                   BY:  DEREK C. ABBOTT, ESQ.
                                   BY:  ANN C. CORDO, ESQ.
                                   1201 North Market Street
                                   18th Floor
                                   P.O. Box 1347
                                   Wilmington, DE 19899-1347
                                   (302) 658-9200


                                   Cleary Gottlieb Steen & Hamilton
                                   BY:  LUKE BAREFOOT, ESQ.
                                   BY:  JAMES BROMLEY, ESQ.
                                   BY:  DAVID HERRINGTON, ESQ.
                                   BY:  LISA M. SCHWEITZER, ESQ.
                                   One Liberty Plaza
                                   New York, NY 10006
                                   (212) 225-2000

ECRO:                              GINGER MACE

Transcription Service:             DIAZ DATA SERVICES
                                   331 Schuylkill Street
                                   Harrisburg, Pennsylvania 17110
                                   (717) 233-6664


Proceedings recorded by electronic sound recording; transcript
produced by transcription service
```

APPEARANCES:
(Continued)

For The Official Committee
Of Unsecured Creditors:
Richards Layton & Finger
BY:  CHRISTOPHER M. SAMIS, ESQ.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700

Akin Gump Strauss Hauer & Feld
BY:  DAVID BOTTER, ESQ.
BY:  BRAD KAHN, ESQ.
BY:  ABID QURESHI, ESQ.
One Bryant Park
New York, NY 10036-6745
(212) 872-1000

For Ernst & Young, Monitor:
Buchanan Ingersoll & Rooney
BY:  MARY CALLOWAY, ESQ.
The Brandywine Building
1000 West Street Suite 1410
Wilmington, DE 19801-1054
(302) 552-4200

Allen & Overy
BY:  LISA KRAIDIN, ESQ.
1221 Avenue of the Americas
New York, NY 10020
(212) 610-6329

For Joint Administrators:
Young Conaway Stargatt & Taylor
BY:  JAIME N. LUTON, ESQ.
BY:  EDWIN HARRON, ESQ.
The Brandywine Building
1000 West Street 17th Floor
P.O. Box 391
Wilmington, DE 19801
(302) 571-6600

For Gen Bend Inc.:
Latham & Watkins
BY:  BLAIR CONNELLY, ESQ.
BY:  DAVID HELLER, ESQ.
BY:  ELI KAY-OLIPHANT, ESQ.
885 Third Avenue
New York, NY 10022-4834
(212) 906-1200

Duane Morris LLP
BY:  SOMMER L. ROSS, ESQ.
1100 North Market Street
Suite 1200
Wilmington, DE 19801-1246
(302) 657-4900

1    WILMINGTON, DELAWARE, MONDAY, NOVEMBER 29, 2010, 10:01 A.M.

2              THE COURT:  Good morning, Counsel.  Judge Gross

3    here.  I hope everyone had a good holiday.

4              MS. SCHWEITZER:  We did, Your Honor.  It's Lisa

5    Schweitzer from Cleary Gottlieb.  I'm joined by Luke Barefoot,

6    my colleague.

7              THE COURT:  Yes, good morning all.  I do have a list

8    of all of you who are participating and who'd like to be heard

9    first?

10             MS. SCHWEITZER:  Well, it's Lisa Schweitzer.  I

11   think we have two things up on the agenda today.  It was the

12   resolution of the Chapter 15 discovery issues and then the

13   scheduling of Gen Bend's motion.

14             THE COURT:  Yes.

15             MS. SCHWEITZER:  My colleague, Luke Barefoot, has

16   worked out with Young Conaway's counsel the -- a proposal to

17   resolve their dispute, so I would propose to turn it over to

18   him first, if that's all right with Your Honor, or --

19             THE COURT:  No, that sounds perfect.  Thank you.

20             MR. BAREFOOT:  Thank you, Your Honor.  It's Luke

21   Barefoot from Cleary Gottlieb.  I think we're pleased to report

22   that we've, through discussions and further meet and confers

23   with counsel for the EMEA debtors, reached tentative agreement

24   on the remaining scheduling disputes that we had discussed at

25   last Tuesday's hearing.  The EMEA administrators have informed

1   us that after consideration of Your Honor's ruling, they're not

2   going to be amending the petition further at this time.  So

3   that enabled us to work forward towards firm dates.

4          First, on the remaining document discovery there was

5   an initial set of discovery requests that the committee and the

6   US debtors had served.  The documents that were the subject of

7   the motion to compel under Your Honor's order, those are due

8   today and they will be produced today.  There are also a few

9   remaining open items that are the topic of ongoing meet and

10  confers and the EMEA debtors have now confirmed that they will

11  complete production of those items either today or by the end

12  of this week.

13         Separately, there were supplemental discovery

14  requests that responses were due to last Wednesday.  The

15  administrators confirmed that they will produce those documents

16  and interrogatory requests -- interrogatory responses, excuse

17  me, today as well.

18         And finally, I think Your Honor may recall at the

19  hearing, the EMEA administrators had raised that they may have

20  had an intention of pursuing discovery of the US debtors.  We

21  have -- notwithstanding our disputes over their entitlement to

22  take such discovery, we've agreed the US debtor is to provide

23  the administrators with identification of documents and

24  witnesses that we would rely upon at any hearing on recognition

25  and an opportunity for a 30(b)(1) deposition of any witnesses

1  that we would call at the hearing after and if we file an

2  objection to recognition.

3         So that resolves the remaining document discovery

4  disputes.

5         THE COURT:  All right.  Mr. Harron?

6         MR. HARRON:  Good morning, Judge Gross.  I hope you

7  had a good holiday and had a chance to relax a bit.

8         THE COURT:  I did some.  Thank you.  I hope you did

9  too, but it sounds like you were busy on this case.

10         MR. HARRON:  Yeah, I did manage some time to watch

11  the Eagles last night, that --

12         THE COURT:  Oh, yes.

13         MR. HARRON:  But Mr. Barefoot is substantially

14  correct in his recitation of where we are.  Upon further

15  reflection on the Court's ruling and reevaluating our

16  pleadings, we determined that no purpose would be served by

17  amending the petition.  We believe we will substantially, if

18  not fully, complete the document production today.

19         The remaining issues that Mr. Barefoot and his team

20  and I worked through were scheduling related issues.  We

21  anticipate that Mr. Bloom will appear in Delaware on the 16th

22  of December to be deposed by the committee and by the US

23  debtor.  Given that the deposition won't occur until the 16th,

24  obviously the hearing date that is currently scheduled for the

25  15th is no longer workable.  We're still discussing when the

1   rescheduled hearing will occur.  It looks like we're

2   tentatively shooting for the omnibus on January the 12th,

3   subject to the Court having sufficient time that day.

4          We had discussed with the committee and the US

5   debtors the possibility of moving the hearing to later in the

6   month.  I note there's an omnibus on January 27th and there's

7   another mediation session to occur on the 28th or 29th, but

8   currently understand that the committee and the US debtors are

9   not prepared to agree to the date on the 27th.  So I guess we'd

10  like to get some guidance from your Court -- from Your Honor on

11  the Court's availability on the 12th, if there's time on the

12  calendar that day?

13         THE COURT:  I do have ample time on that day.  So

14  why don't we plan on January 12th for any hearing on the

15  recognition issues?

16         MR. HARRON:  Thank you, Your Honor.

17         THE COURT:  What I'm going to do on the calendar is

18  just give you more time and -- on that particular day and I'll

19  plan on hearing you then.

20         MR. BAREFOOT:  Thank you, Your Honor.

21         MR. HARRON:  The only other item for the Court's

22  consideration today, I understand counsel for the Canadian

23  Monitor is on the phone.  As you recall during the hearing last

24  week, the Canadian Monitor had expressed an interest in

25  participating in the discovery.  In open court was the first

1  time we had heard the request.  Counsel for the monitor and I

2  have exchanged emails over the weekend.  Unfortunately, Your

3  Honor, we're not in a position to agree to allow the Canadian

4  Monitor to participate in discovery for at least two reasons.

5       One, we've inquired as to the basis of the Canadian

6  Monitor's standing to participate, so far as we're aware the

7  Canadian Monitor has not filed any claims in these proceedings.

8  And second reason, Your Honor, all the dates under the existing

9  order have passed and the monitor didn't comply with any of

10 those dates and they should not be heard now to come in and try

11 to participate in a process where, you know, essentially have

12 sat on their hands for the last month or so.

13       MS. KRAIDIN:  Your Honor, this is -- good morning,

14 it's Lisa Kraidin from Allen and Overy.

15       THE COURT:  Good morning, Ms. Kraidin.

16       MS. KRAIDIN:  Hi, how are you?

17       THE COURT:  Good.

18       MS. KRAIDIN:  And I have -- just to let you know, I

19 also have Ken Coleman with me as well to respond to that.  We

20 did exchange -- as Mr. Harron said, we did exchange a series of

21 emails over the weekend.  Your Honor, as you'll recall, my

22 request at the hearing last week was to receive service of any

23 discovery that takes place between the US debtors and the EMEA

24 debtors and also to participate -- and I think we were talking

25 about what that means and didn't really get anywhere because at

1   that point Mr. Harron had objected, but we had asked to

2   participate at the deposition that are noticed by the US

3   debtors and the committee.  So at the time we weren't seeking

4   any additional separate discovery, which the order -- the

5   original order did actually contemplate that any parties-in-

6   interest would be entitled to, and we didn't represent that we

7   were going to be trying to change that now.  So I just wanted

8   to clarify that.

9           I also note that the depositions have not taken

10  place yet.  They are apparently being scheduled, so to say that

11  we sort of missed our chance doesn't seem to be accurate.  Not

12  to mention that the recognition hearing itself has been put off

13  until at least January 12th, so you know, we have the ability

14  still to make a determination as to whether we want to object

15  to that.

16          And also, just in terms of the standing issue, what

17  we conveyed to Mr. Harron is that the Canadian estate and the

18  Monitor are a party-in-interest.  We -- you know, the basis for

19  this petition is to deal with proceeds from the sale of all the

20  various Nortel businesses.  It's very clear from this petition

21  that that is the basis which they are seeking Chapter 15

22  recognition and I don't think it can be disputed that the

23  Canadian estate has a very -- has an absolute interest in those

24  proceeds, no different than the US estate frankly.  So we don't

25  see how we would not be considered a party-in-interest with

1  standing for purposes of discovery.

2              THE COURT:  Let me ask you this, Ms. Kraidin.  When

3  you say participate in the depositions, do you mean ask

4  questions or essentially attend the depositions?

5              MS. KRAIDIN:  I think, you know, you had asked me --

6  that's where we ended last week.  I think, frankly, we don't

7  want to limit ourselves.  We want to attend and we may want to

8  ask questions.  We don't -- we certainly don't see a need to

9  notice up separate depositions.  We don't think that's

10  efficient, we think it's duplicative, but we don't want to

11  preclude any discovery that we might want to take.  So we would

12  want to have that right.

13              THE COURT:  Any response?

14              MR. HARRON:  Two things, Your Honor.  I think that

15  the fact that two parties may share an interest in sale

16  proceeds or alleged interest in any other asset doesn't give

17  either party unlimited rights to conduct discovery into any

18  issues.  Our petition says that we're seeking to protect

19  whatever rights we have in assets in the United States.  It

20  doesn't particularly say that we're going to use the Chapter 15

21  as a tool to achieve some form of allocation.  The allocation

22  so far as we're aware, pursuant to the existing orders,

23  currently in the first instance is before Your Honor.  So I

24  don't think to the extent we share an interest in an asset

25  provides a basis for standing to take discovery on any and all

1    issues.

2          And then in terms of actual participation in the

3    depositions, I already understand from the US debtor and the US

4    committee that they have concerns over conducting the

5    deposition of Mr. Bloom within the seven hours allotted under

6    the federal rules.  To the extent we have another party who's

7    coming in and seeking to ask questions, that will just

8    exacerbate any disagreements we have over time allotment.

9          MR. BAREFOOT:  Your Honor, this is Luke Barefoot

10   from Cleary Gottlieb.  Just to pick up on Mr. Harron's point,

11   the US debtors' concern regarding timing stems largely from the

12   fact that we do intend to designate, in addition to issuing a

13   30(b)(1) notice for Mr. Bloom in his personal capacity, to also

14   serve a 30(b)(6) deposition notice and the EMEA debtors have

15   not yet indicated whether Mr. Bloom will or will not be their

16   30(b)(6) witness until they see the topics list.  But if Mr.

17   Bloom is going to serve as both the 30(b)(1) and the 30(b)(6)

18   witness for the EMEA administrators, we do feel that, while

19   we're not taking a position on the Canadian Monitor's right to

20   participate in the deposition, that their participation should

21   not cut into what may already be a relatively short time period

22   that may require us to go over the ordinary seven hours.

23          THE COURT:  All right.  Well, my view is this, the

24   Canadian Monitor is -- will be entitled to attend the

25   depositions and to the extent there is sufficient time within

1    the seven hours, or whatever the parties are able to agree upon

2    as to the time, will be allowed to ask non-duplicative

3    questions, which I'm sure won't be an issue because I know Ms.

4    Kraidin wouldn't do that in any event.  But they certainly are

5    entitled under the -- under their interest in the case to

6    attend.  If there is an issue at the deposition on timing or

7    questioning by the Canadian Monitor, then what I would do is

8    ask the parties to get me on the telephone and we'll resolve it

9    right then and there, but I think that given the circumstances,

10   given the Canadian Monitor's interest in this case and in the

11   EMEA debtors' Chapter 15 case, they certainly have a right to

12   attend the depositions and to participate to the extent there

13   is sufficient time.

14          MS. KRAIDIN:  Your Honor, this is Lisa Kraidin

15   again.  Thank you very much.  We will, of course, as you said,

16   you know, be very conservative.  I do want to just ask that we

17   receive notice of any discovery that is served.  I don't know

18   that we've actually received everything.  We've only seen what

19   was attached to the motion to compel that was filed by the US

20   debtors and the committee.  So we would like to get copies of

21   any discovery that has previously been served and that will be

22   served in the future, so that we can obviously attend the

23   depositions and have all that information and the documents

24   themselves.

25          THE COURT:  Is there any --

1          MR. BAREFOOT:  Your Honor, this is Luke Barefoot

2     from Clearly Gottlieb.  We're perfectly happy to work with the

3     Canadian Monitor to provide them with copies of all of the

4     discovery that has been served to date, and we'll certainly

5     include them on any future discovery that's served and will

6     continue to work with them cooperatively to not only eliminate

7     duplication, but ensure that they have all the information they

8     need to effectively participate.

9          MS. KRAIDIN:  Thank you.  That's much appreciated.

10          THE COURT:  That's --

11          MR. BAREFOOT:  Your Honor, just for purposes of the

12     record, I'm sure this goes without saying, any discovery that

13     goes to the Canadian Monitor, of course, will be subject to the

14     confidentiality restrictions in our local rules and I assume

15     the Canadian Monitor would agree to whatever form of

16     confidentiality order we negotiate between the debtor and the

17     committee, which we're still working on.

18          MS. KRAIDIN:  Well, we'd like to review it, but I

19     don't see why we wouldn't.

20          THE COURT:  All right.  Again, if there are any

21     issues on the confidentiality agreement, I'll be available to

22     review that agreement and to discuss it with the parties.  I

23     just view the Canadian Monitor's participation, frankly, as

24     largely putting any issue of standing and that sort of thing to

25     one side, because I think we largely have an understanding at

1   this point.  It seems to me that it's just certainly more

2   efficient and economical to permit the Canadian Monitor to

3   participate to the extent we've discussed this morning.

4           MR. HARRON:  Thank you, Your Honor.  I understand

5   the Court's position and I'll share with my clients.  Just so

6   the Court understands the basis of my clients' concern --

7           THE COURT:  Yes.

8           MR. HARRON:  -- and their reluctance to give

9   unfettered discovery rights is that, as Mr. Barefoot alluded at

10  the hearing last week, much of this discovery is directed at

11  issues that are being mediated by the parties.  We think very

12  little of it has to do with the substance of the recognition

13  and that's basis for our ultimate concern.  And to the extent

14  -- the local rules are clear that any discovery that's produced

15  here is only for purposes of this hearing and we expect that

16  all the parties to recognize that obligation.

17          MR. BAREFOOT:  Your Honor, it's Luke Barefoot from

18  Cleary Gottlieb.  That is the current designation level that

19  the EMEA debtors have imposed on their discovery production to

20  date pending our agreement on a confidentiality stipulation and

21  protective order, which we will -- which we're awaiting a draft

22  of from the EMEA debtors and we'll certainly work with them and

23  the EMEA and the Canadian Monitor to resolve any concerns.

24          THE COURT:  All right.  Very well.  And as I said

25  before, if issues arise, you know where to find me.

1          MR. HARRON:  Thank you, Your Honor.

2          THE COURT:  Anything further this morning?  All

3    right, everyone, well enjoy the rest of the day.

4          MS. KRAIDIN:  Your Honor?

5          THE COURT:  Yes.

6          MS. KRAIDIN:  We have the Gen Bend issue as well.

7          THE COURT:  Oh, forgive me, yes.  I was --

8          MR. HARRON:  Pardon me, Your Honor.  I think that

9    concludes the Chapter 15 issues.  May I excuse myself from the

10   call?

11         THE COURT:  You certainly may.  And anyone else who

12   was on the call just for those issues is also welcome to leave

13   the call.

14         MR. HARRON:  Thank you, Your Honor.  Have a good

15   week.

16         THE COURT:  And you too.  Thank you, Mr. Harron.

17         MS. ROSS:  Your Honor, this is Sommer Ross with

18   Duane Morris on behalf of Gen Bend.  Just as a housekeeping

19   matter before we get started, I'd like to introduce Blair

20   Connelly and Eli Kay-Oliphant, my co-counsel from Latham and

21   Watkins.  Mr. Oliphant has already been admitted pro hac vice

22   and Mr. Connelly's motion will be filed this morning, but for

23   purposes of this hearing, if I may move his admission verbally

24   I'd appreciate it.

25         THE COURT:  Absolutely.  Good morning, everyone.

1          MR. CONNELLY:  Thank you very much, Your Honor.

2    This is Blair Connelly.  I'm happy to make the Court's

3    acquaintance, even if it's only telephonically, and happy to

4    address the issue on our motion if Your Honor would like me to.

5          THE COURT:  Yes, please.

6          MS. SCHWEITZER:  We were actually the moving party,

7    to the extent that anyone's the moving party here.  It's Lisa

8    Schweitzer.

9          THE COURT:  Yes, Ms. Schweitzer.

10          MS. SCHWEITZER:  Your Honor, the -- I'm sure you've

11    had some opportunity to review the briefs, I don't want to go

12    into them at any length, but the issue between Nortel and Gen

13    Bend is the purchase prices adjustment dispute.

14          THE COURT:  Right.

15          MS. SCHWEITZER:  And what -- how that plays out

16    under the asset purchase agreement, so that is $36 million

17    disputed at this point.  And quite frankly the parties, Nortel

18    and Gen Bend, simply disagree on the reading of the asset

19    purchase agreement and the manner which Gen Bend applied that

20    to calculate the purchase price adjustment amount.  I think we

21    can agree on our disagreement as it goes that far.

22          The procedural history here is that Nortel had filed

23    a motion -- well, first it's a sale that closed way back in

24    May, and that Gen Bend first sent a notice of dispute under the

25    sale agreement back in September, which flagged the issue for

1   Nortel as how Gen Bend was calculating the purchase price of

2   which we say is not consistent with the way the asset sale

3   agreement is written.

4          And we -- Nortel filed a motion to enforce the sale

5   agreement November 17th, which we've put up for hearing on

6   December 15th, on expectation that Canada -- they have

7   subsequently confirmed -- will be filing a similar motion in

8   their Court and we thought, to the extent that the two motions

9   are pending, that it makes sense we could have them heard at a

10  joint hearing and December 15th is a joint hearing, December

11  8th -- there is no availability for a joint hearing to our

12  understanding.  So we had put our motion up for December 15th

13         The next day Gen Bend filed a motion to lift the

14  stay in order to compel arbitration, which they claim now is

15  jurisdictional and different, but if you'll read the briefs

16  you'll notice the substantial overlap in the arguments being

17  made simply, again, what is the purchase price dispute that's

18  subject to arbitration and what should be heard by this Court.

19  And as the cases we cite in our brief highlight, your Court --

20  Your Honor has the jurisdiction to determine who -- you know,

21  what actually can go to arbitration if there's a dispute.

22         We're not really here today to argue the substance

23  of the dispute, so much as Gen Bend is trying to -- or told us

24  they want to separate the two motions.  They want to have a

25  hearing on the 8th on to decide whether it should be adjourned

1  for one week to have a hearing on the 15th.  And just -- it's a

2  time and resources issue compared to a week of delay knowing

3  that there's a joint hearing the very next week, we just

4  thought that that didn't really make sense for judicial

5  resources for the party resources and knowing the cross-border

6  issues that are pending.

7            So we had asked Gen Bend to move their hearing a

8  week later.  They said that they were concerned about the delay

9  and that's why we brought the issue to Your Honor.

10           THE COURT:  And let me just ask another question --

11  one question first, and that is will the arbitration issue also

12  be addressed to the Canadian Court?

13           MS. SCHWEITZER:  They have not made -- my

14  understanding is Gen Bend to date has not made a motion yet to

15  compel arbitration from the Canadian Debtors.  It's not to say

16  that they wouldn't have to make that motion, but they haven't

17  made the motion, which in fact goes to the issue of delay, that

18  even if they were to win on the motion, which we don't think

19  they're entitled to do, it's not clear that they could actually

20  proceed with arbitration compelling the Canadian Debtors to do

21  the same.

22           THE COURT:  Yes.  Well, I -- when I say yes, I mean

23  that was the point of my question, both that and the fact that

24  on the 15th we have a joint hearing with Canada and it would

25  make sense, it seems to me, if that motion is to be made to

1  address the arbitration issue while we're having the joint

2  hearing, but let me hear from you, Mr. Connelly.

3          MR. CONNELLY:  Thank you very much, Your Honor.  And

4  we have not seen the motion on -- that we've been told is

5  coming on the Canadian side, so I really can't respond to that,

6  but I think as counsel pointed out, the parties do have a

7  disagreement about the working capital adjustment and the

8  contracts that state that any such disagreement -- and the word

9  any is quote -- must be submitted to final and binding

10 arbitration.  And it also provides that the arbitration is to

11 be completed as promptly as practicable and in no event more

12 than 30 days after the arbitrator is appointed.

13          So what our motion asks the Court to do is to

14 enforce that and send the parties to arbitration, rather than

15 have the Court itself address the underlying substantive

16 issues.  And we certainly are not trying to do anything to

17 impose on this Court's calendar, but we think our motion does

18 exactly the opposite of that, because as counsel said, our

19 motion really is jurisdictional in nature.  It's about where

20 the dispute should be heard at all and if we're correct -- and

21 we think the law is very, very clear on this -- this Court will

22 never have to address the underlying issues and we will never

23 be forced to litigate about them in any form, other than what

24 the parties agreed to.

25          And it's important to note that we bargained for a

1    quick and final process.  The contract says that there's going

2    to be a very short, 15-day period of negotiation and that

3    period expired on October 28th, and if the contract had been

4    honored, that arbitration would be done by now.  It could be

5    completed, but instead we haven't even started it and we're --

6    and they're trying to litigate the underlying issues in court

7    rather than arbitrating it.

8              Now the law is very, very clear that federal courts

9    are supposed to rigorously enforce arbitration clauses, that's

10   a US Supreme Court quote, and that is the strong policy of the

11   Federal Arbitration Act.  And the policy is for the courts to

12   stay out of the underlying substantive issues and where

13   appropriate, to just compel arbitration and to really look no

14   further.  And so our -- we submit that it -- that consistent

15   with that strong federal policy that's embodied in the statute,

16   the Court should really first address the threshold question of

17   whether it should even hear the dispute before we are brought

18   into a dispute about the underlying substance of that.  And

19   that's why, respectfully, we think that our motion, which asks

20   to really start an arbitration that could be done by now, ought

21   to be heard first.

22             MS. SCHWEITZER:  Your Honor, if I may address a

23   couple of the points that he made factually.  First, that the

24   -- he's correct that there's a timeline in the sale agreement

25   for the completion of arbitration after the arbitrator has been

1    appointed, but there -- we have not missed any deadlines that

2    appoint an arbitrator.  In fact, there is no deadline by which

3    an arbitrator has to be appointed.  That said, if we believed

4    that these were properly put to arbitration, we would have put

5    them to arbitration.  This is an issue that we respectfully

6    disagree with that certainly Gen Bend wants to take the

7    broadest reading of the contract.  The contract, in fact,

8    actually says that the terms that have to go arbitration are

9    disputes regarding the calculation of purchase price and the

10   calculation shall be done in accordance with the terms of the

11   sale agreement.  We've repeatedly asked Gen Bend whether their

12   calculation is -- are they seeking to reform the sale agreement

13   to what they wish it said or what it could have said, rather

14   than the plain meaning of the terms; they haven't answered

15   that.  That's, in fact, why we brought a motion.

16          All that said, we're not really here, I think, today

17   to argue the substance, but as you see from even this

18   conversation, the substance tends to fold onto itself.

19          THE COURT:  Yes.  Yes.  Well, let me ask this, Mr.

20   Connelly, would the week delay prejudice your client?

21          MR. CONNELLY:  Well, Your Honor, it would in the

22   sense that the process has already been delayed.  And it would

23   delay -- it would prejudice my client in the sense that we'd be

24   then forced to litigate the underlying dispute that we wouldn't

25   have to litigate at the same time.  I suppose, you know, we

1    could put off their motion until the Court resolves the

2    threshold issue, because I think that that would address our

3    concerns about efficiency, but I think judicial efficiency is

4    best served by having the Court decide in the first instance

5    whether it ought to hear the underlying dispute at all.

6              THE COURT:  Well, it sounds too -- well, certainly

7    I'm not going to decide on the same day whether I'm going to

8    hear the matter and then hear the matter as well.  I mean, that

9    would certainly not be efficient and it would not be -- I don't

10   think, you know, fair to the parties.  Is that what you're

11   suggesting, Ms. Schweitzer, that I would determine whether or

12   not the matter goes to arbitration, and if I determine it

13   doesn't, that I would then hear the merits?

14             MS. SCHWEITZER:  Well, Your Honor, I think that -- I

15   think we can work on how much of the merits you want to hear in

16   the first day.  I think ultimately if you were to resolve the

17   purchase price dispute, I'm sure that Gen Bend would want to

18   put evidence in as to what they believe the ultimate merits

19   were, but I don't believe that you have to hear their -- their

20   motion is not merely to say go to arbitration.  It's to lift

21   stay, and to lift stay they have to show a substantial

22   likelihood of success on the merits.  So I think that there

23   does have to be some determination initially at the hearing,

24   which we would request it all be done on the 15th, to determine

25   whether Your Honor or an arbitrator should be hear -- the one

1  that hears this motion, but in fact, that's what our motion

2  seeks to argue.  Is that Your Honor is the proper -- and your

3  court is the proper forum to hear the motion.

4         So do you have to make an ultimate purchase price

5  determination on the 15th if you were to agree with us?  No, I

6  don't think so, but I don't see how you can separate out the

7  two motions, because to do so you would effectively be agreeing

8  that they -- you know, that the jurisdictional argument comes

9  before our motion, which is simply the same argument in the

10  reverse, which is that Your Honor has the jurisdiction, not an

11  arbitrator.

12         And on the delay I would point out, the other

13  reasons we're here in December arguing this is that while we

14  had closed the sale agreement on May 28th and to -- obviously

15  Gen Bend was aware of our position in the calculation of the

16  sale price because they paid that sale price on May 28th -- it

17  was an estimated sale price -- they, in fact, didn't deliver

18  their closing statement until September 15th, which I believe

19  was an extended date.  So I understand everyone wants things

20  done quickly, we're debtors we want things done quickly as

21  well, but I -- just so you know that the issue of delay and

22  this delay being one sided, isn't correct.  There's been many

23  reasons we're here in December.

24         MR. CONNELLY:  Your Honor, if I may just respond to

25  a couple of points there.  The reason there was a delay in the

1  closing statement is because Nortel was not giving us the

2  documents that we needed to prepare our statement.  We almost

3  went to Your Honor about that.  We didn't have to because at

4  the last minute they gave them to us.  So to blame us for the

5  delay is a little beyond the pale.

6            Secondly, we clearly do not have to show likelihood

7  of success on the merits of the underlying dispute to lift the

8  stay for purposes of a motion to compel arbitration.  The only

9  thing we have to show is a likelihood of success on that --

10 this is something that should be subject to arbitration.  And I

11 submit, Your Honor, we don't need to have evidence on that.

12 The Court can just read the contract and really under the

13 Federal Arbitration Act, the Court should look no further than

14 asking itself whether this disagreement that the parties rather

15 clearly have fits within the category of any disagreement,

16 because that's what the contract says goes to arbitration.

17 Those clauses are supposed to be liberally enforced in favor of

18 arbitration, but I think under any standard this is something

19 that goes to arbitration.

20            MS. SCHWEITZER:  Mr. Connelly, I believe your --

21            MR. CONNELLY:  Excuse me, if I may, counsel.  The

22 key point here, Your Honor, is that this is a preliminary

23 jurisdictional issue and it would be inconsistent with the

24 policy of the Federal Arbitration Act and the case law

25 interpreting it, which very clearly provides for a very strong

1    federal policy in favor of arbitration.  For us to be forced to

2    litigate the underlying substantive issue before this Court,

3    the Court should first address whether it belongs in

4    arbitration or whether it belongs in court.  That should be

5    addressed first.

6              MS. SCHWEITZER:  Mr. Connelly, I apologize for

7    interrupting you before.  I was trying to stay away from

8    arguing the merits completely, but I do have to address the

9    issue that you keep hammering home.  That -- this idea that

10   their broad arbitration clause is meant to be liberally

11   enforced.  That's true for broad arbitration clauses.  This is

12   not a broad arbitration clause.  The agreement, in fact, says

13   that everything goes in front of the judge, except for the

14   specific issue to be arbitrated, which is the calculation of

15   the purchase price dispute and how that's calculated.

16             I don't -- if Your Honor wants to hear it, I can

17   argue more.  I don't really want to get into the merits,

18   because I thought that's why we were having a hearing on the

19   15th, to do that, but I don't want this to be un-responded to,

20   given the number of times he's said it now.

21             THE COURT:  Well, having heard you I think -- look,

22   jurisdiction is always a Court's first concern.  It's -- you

23   know, it's sort of the threshold of the dispute and I think I

24   should hear you on the 8th on the jurisdiction issue.  I have a

25   little more time on the 8th frankly than I do on the 15th, but

1  the fact of the matter is, I don't want to find myself in a

2  position of having to determine both jurisdiction and

3  potentially the merits at the same time, depending how I come

4  out on the motion to compel arbitration.

5          So let me hear you on the 8th of December on that

6  issue.  And I will, again, extend the time of the hearing to

7  enable me to do so.

8          MS. SCHWEITZER:  Your Honor, this is Lisa

9  Schweitzer.  In our motion, our first argument is that your

10  Court has the jurisdiction.  Should we be arguing our motion

11  than on the 8th because I think our motion is really two parts,

12  is that your Court has jurisdiction, and then the second part

13  would be and the amount we've calculated is right and that it

14  ultimately, you know, ultimately we win on releasing the

15  escrow.  So we would view our motion, the first half of it is

16  jurisdictional as well, are you suggesting we should be

17  bringing our motion forward?  Because I'm just trying to

18  understand from our side, and also from the Canadian side, of

19  how they would deal with that issue.

20          THE COURT:  I think that all issues relating to

21  jurisdiction, which would include then your arguments, should

22  be -- I will hear them all on the 8th.  So in other words, on

23  the 8th I will be in a position, if not at the hearing,

24  certainly within a day or so, to rule upon whether or not the

25  matter -- the dispute belongs before me or if a portion of it

1  belongs before me or all of it, or vice versa, if it should all

2  go to arbitration.

3          MS. SCHWEITZER:  Okay, Your Honor.  Thank you.

4          THE COURT:  So I will be hearing all the

5  jurisdictional arguments.  And hopefully by -- well, very

6  shortly something will transpire in Canada in relation to these

7  issues.

8          MS. SCHWEITZER:  Yes, Your Honor.  Our understanding

9  is they were filing a motion shortly.  They're on a shorter

10 notice period and there was the holiday, but --

11         THE COURT:  Yes.

12         MS. SCHWEITZER:  -- I understand that's something --

13         THE COURT:  All right.

14         MS. SCHWEITZER:  Thank you, Your Honor.

15         THE COURT:  Anything further?

16         MR. CONNELLY:  Thank you very much, Your Honor.

17         THE COURT:  All right, Counsel.  I wish you all a

18 good day and we'll stand in recess.

19         MR. CONNELLY:  Thank you very much.

20       (Whereupon at 10:34 a.m., the hearing was adjourned)

21

22

23

24

25

1
## CERTIFICATION

2          I certify that the foregoing is a correct

3 transcript from the electronic sound recording of the

4 proceedings in the above-entitled matter.

5

6

7  _Stephanie McMeel_                    November 30, 2010

8 Stephanie McMeel

9 AAERT Cert. No. 452

10 Certified Court Transcriptionist

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **15-day**(1) 19:2 | | **and**(146) 3:8  3:12  3:22  3:22  4:5  4:8  4:9 | | **available**(1) 12:21 | | **canadian**(22) 6:22  6:24  7:3  7:5  7:7  8:17 | |
| **30(b)(1)**(3) 4:25  10:13  10:17 | | 4:10  4:16  4:18  4:23  4:25  5:1  5:7  5:15 | | **avenue**(2) 2:27  2:44 | | 8:23  10:19  10:24  11:7  11:10  12:3  12:13 | |
| **30(b)(6)**(3) 10:14  10:16  10:17 | | 5:19  5:20  5:22  6:4  6:6  6:8  6:18  6:18  7:1 | | **awaiting**(1) 13:21 | | 12:15  12:23  13:2  13:23  17:12  17:15  17:20 | |
| _____debtors.___     1:13 | | 7:8  7:9  7:10  7:10  7:14  7:18  7:23  7:24 | | **aware**(3) 7:6  9:22  22:15 | | 18:5  25:18 | |
| **a.m**(3) 1:16  3:1  1:26:20 | | 7:24  7:25  8:3  8:6  8:16  8:17  8:22  9:7  9:25 | | **away**(1) 24:7 | | | |
| **abbott**(1) 1:25 | | 10:2  10:13  10:7  10:14  10:17  10:25  11:8 | | **back**(2) 15:23  15:25 | | **capacity**(1) 10:13 | |
| **abid**(1) 2:13 | | 11:9  11:10  11:12  11:20  11:21  11:23  11:2 | | **bankruptcy**(2) 1:1  1:21 | | **capital**(1) 18:7 | |
| **ability**(1) 8:13 | | 12:4  12:5  12:14  12:16  12:22  12:24  13:2 | | **barefoot**(16) 1:34  3:5  3:15  3:20  3:21  5:13 | | **case**(6) 1:9  5:9  11:5  11:10  11:11  23:24 | |
| **able**(1) 11:1 | | 13:5  13:8  13:13  13:13  13:15  13:20  13:22 | | 5:19  6:20  10:9  10:21  12:1  12:1  12:11  13:9 | | **cases**(1) 16:19 | |
| **about**(8) 7:25  17:8  18:7  18:19  18:23 | | 13:22  13:23  13:24  14:11  14:16  14:20 | | 13:17  13:17 | | **category**(1) 23:15 | |
| 19:18  21:3  23:3 | | 14:20  14:22  15:3  15:12  15:15  15:17  15:18 | | | | **cert**(1) 27:9 | |
| | | 15:19  15:24  16:4  16:8  16:10  16:15  16:18 | | **bargained**(1) 18:25 | | **certainly**(12) 9:8  11:14  11:11  12:4  13:1 | |
| **above-entitled**(1) 27:4 | | 16:19  17:1  17:2  17:5  17:9  17:10  17:11 | | **basis**(6) 7:5  8:18  8:21  9:25  13:6  13:13 | | 13:22  14:11  14:18  18:16  20:6  21:6  21:9  25:24 | |
| **absolute**(1) 8:23 | | 17:23  17:24  18:3  18:7  18:8  18:9  18:10 | | **because**(13) 7:25  11:3  12:25  18:18  21:2 | | | |
| **absolutely**(1) 14:25 | | 18:11  18:14  18:16  18:20  18:20  18:22 | | 22:7  22:16  23:1  23:3  23:16  24:18  25:11 | | **certification**(1) 27:1 | |
| **accordance**(1) 20:10 | | 18:25  19:1  19:2  19:3  19:5  19:6  19:10 | | 25:17 | | **certify**(1) 27:2 | |
| **accurate**(1) 8:11 | | 19:11  19:12  19:13  19:14  19:18  20:9  20:2 | | **been**(9) 8:12  11:21  12:4  14:21  18:4  19:3 | | **chance**(2) 5:7  8:11 | |
| **achieve**(1) 9:21 | | 21:8  21:9  21:12  21:21  22:2  22:12  22:14 | | 19:25  20:22  22:22 | | **change**(1) 8:7 | |
| **acquaintance**(1) 15:3 | | 22:21  23:10  23:12  23:12  23:23  23:24  24:15 | | | | **chapter**(6) 1:7  3:12  8:21  9:20  11:11  14:9 | |
| **act**(3) 19:11  23:13  23:24 | | 24:23  25:2  25:6  25:12  25:13  25:13  25:18 | | **before**(10) 1:20  9:23  13:25  14:19  19:17 | | **christopher**(1) 2:4 | |
| **actual**(1) 10:2 | | 26:5  26:10  26:18 | | 22:9  24:2  24:7  25:25  26:1 | | **circumstance**(1) 11:9 | |
| **actually**(6) 8:5  11:18  15:6  16:21  17:19 | | | | | | **cite**(1) 16:19 | |
| | | **ann**(1) 1:26 | | **behalf**(1) 14:18 | | **claim**(1) 16:14 | |
| **addition**(1) 10:12 | | **another**(3) 6:7  10:6  17:10 | | **being**(4) 8:10  13:11  16:16  22:22 | | **claims**(1) 7:7 | |
| **additional**(1) 8:4 | | **answered**(1) 20:14 | | **believe**(5) 5:17  21:18  21:19  22:18  23:20 | | **clarify**(1) 8:8 | |
| **address**(9) 15:4  18:1  18:15  18:22  19:16 | | **anticipate**(1) 5:21 | | **believed**(1) 20:3 | | **clause**(2) 24:10  24:12 | |
| 19:22  21:2  24:3  24:8 | | **any**(31) 4:24  4:25  6:14  7:7  7:9  7:22  8:4 | | **belongs**(4) 24:3  24:4  25:25  26:1 | | **clauses**(3) 19:9  23:17  24:11 | |
| | | 8:5  9:11  9:13  9:16  9:17  9:25  10:8  11:4 | | **bend**(16) 2:40  14:6  14:18  15:5  15:18 | | **clear**(5) 8:20  13:14  17:19  18:21  19:8 | |
| **addressed**(2) 17:12  24:5 | | 11:17  11:21  11:25  12:1  12:12  12:20  12:2 | | 15:19  15:24  16:1  16:16  16:23  17:7  17:14 | | **clearly**(4) 12:2  23:6  23:15  23:25 | |
| **adjourned**(1) 26:25  26:20 | | 13:14  13:25  15:12  18:8  18:9  18:23  20:1 | | 20:6  20:11  21:17  22:15 | | **cleary**(5) 1:33  5:5  3:21  10:10  13:18 | |
| **adjustment**(3) 15:13  15:20  18:7 | | 23:15  23:18 | | | | **client**(2) 20:20  20:23 | |
| **administrators**(6) 2:31  3:25  4:15  4:19 | | | | **bend's**(1) 3:13 | | **clients**(2) 13:5  13:6 | |
| 4:23  10:18 | | **anyone**(1) 14:11 | | **best**(1) 21:4 | | **closed**(2) 15:23  22:14 | |
| | | **anyone's**(1) 15:7 | | **between**(2) 7:23  12:16  15:12 | | **closing**(2) 22:18  23:1 | |
| **admission**(1) 14:23 | | **anything**(3) 14:2  18:16  26:15 | | **beyond**(1) 23:5 | | **co-counsel**(1) 14:20 | |
| **admitted**(1) 14:23 | | **anywhere**(1) 7:25 | | **binding**(1) 18:9 | | **coleman**(1) 7:19 | |
| **aert**(1) 27:9 | | **apologize**(1) 24:6 | | **bit**(1) 5:7 | | **colleague**(2) 3:6  3:15 | |
| **after**(4) 4:1  5:1  18:12  19:25 | | **apparently**(1) 8:10 | | **blair**(3) 2:41  14:19  15:2 | | **come**(2) 7:10  25:3 | |
| **again**(4) 11:15  12:20  16:17  25:6 | | **appear**(1) 5:21 | | **blame**(1) 23:4 | | **comes**(1) 22:8 | |
| **agenda**(1) 3:11 | | **applied**(1) 15:19 | | **bloom**(5) 5:21  10:5  10:13  10:15  10:17 | | **coming**(2) 10:7  18:5 | |
| **agree**(6) 6:9  7:3  11:1  12:15  15:21  22:5 | | **apply**(1) 9:19 | | **both**(3) 10:7  17:23  25:2 | | **committee**(9) 2:3  4:5  5:22  6:4  6:8  8:3 | |
| **agreed**(2) 4:22  18:24 | | **appoint**(1) 20:2 | | **botter**(1) 2:11 | | 10:4  11:20  12:17 | |
| **agreeing**(1) 5:21 | | **appointed**(3) 18:12  20:1  20:3 | | **box**(2) 1:29  2:36 | | | |
| **agreement**(14) 3:23  12:21  12:22  13:20 | | **appreciate**(1) 14:24 | | **brad**(1) 2:12 | | **compared**(1) 17:2 | |
| 15:16  15:19  15:25  16:3  16:25  19:24  20:11 | | **appreciated**(1) 12:9 | | **brandywine**(2) 2:20  2:34 | | **compel**(7) 4:7  11:19  16:14  17:15  19:13 | |
| 20:12  22:14  24:12 | | **appropriate**(1) 19:13 | | **brief**(1) 16:19 | | 23:8  25:4 | |
| | | **arbitrated**(1) 24:14 | | **briefs**(2) 15:11  16:15 | | | |
| **akin**(1) 2:10 | | **arbitrating**(1) 19:7 | | **bringing**(1) 5:11 | | **compelling**(1) 17:20 | |
| **all**(27) 3:7  3:8  3:18  5:5  7:8  8:19  9:25 | | **arbitration**(35) 16:14  16:18  16:21  17:11 | | **broad**(3) 24:10  24:11  24:12 | | **complete**(2) 4:11  5:18 | |
| 10:21  11:23  12:3  12:7  12:20  13:16  13:24 | | 17:15  17:20  18:1  18:10  18:10  18:14  19:4 | | **broadest**(1) 20:7 | | **completed**(2) 18:11  19:5 | |
| 14:2  18:20  20:16  21:5  21:24  25:22  25:22 | | 19:9  19:11  19:13  19:20  19:25  20:4  20:5 | | **bromley**(1) 1:35 | | **completely**(1) 24:8 | |
| 26:1  26:1  26:4  26:13  26:17  26:17 | | 20:8  21:12  21:20  23:8  23:10  23:13  23:16 | | **brought**(3) 17:9  19:17  20:15 | | **completion**(1) 19:25 | |
| | | 23:18  23:19  23:24  24:1  24:1  24:10  24:11 | | **bryant**(1) 2:14 | | **comply**(1) 7:9 | |
| **alleged**(1) 9:16 | | 24:12  25:4  26:2 | | **buchanan**(1) 2:18 | | | |
| **allen**(2) 2:25  7:14 | | | | **building**(3) 2:20  2:34 | | **conaway**(1) 2:31 | |
| **allocation**(2) 9:21  9:21 | | **arbitrator**(6) 18:12  19:25  20:2  20:3  21:25 | | **businesses**(1) 8:20 | | **conaway's**(1) 3:16 | |
| **allotment**(1) 10:8 | | 22:11 | | **busy**(1) 5:9 | | **concern**(4) 10:11  13:6  13:13  24:22 | |
| **allotted**(1) 10:5 | | | | **but**(30) 5:9  5:13  6:7  8:1  9:10  10:16  11:4 | | **concerned**(1) 17:8 | |
| **allow**(1) 7:3 | | **are**(25) 3:8  4:7  4:8  4:9  5:14  6:8  7:16  8:2 | | 11:9  12:7  12:18  14:22  15:12  16:15  17:16 | | **concerns**(3) 10:4  13:23  21:3 | |
| **allowed**(1) 11:2 | | 8:10  8:18  8:21  11:1  11:4  12:20  13:11 | | 18:2  18:6  18:17  19:9  19:25  20:1  20:17 | | **concludes**(1) 14:9 | |
| **alluded**(1) 13:9 | | 13:14  16:9  17:6  18:16  19:9  19:19  20:8 | | 21:19  22:1  22:6  22:21  23:18  24:8  24:19 | | **conduct**(1) 9:17 | |
| **almost**(1) 3:11 | | 20:12  23:17  25:16 | | 24:25  26:10 | | **conducting**(1) 10:4 | |
| **already**(4) 10:3  10:21  14:21  20:22 | | | | | | **confers**(2) 3:22  4:10 | |
| **also**(10) 4:8  7:19  7:24  8:9  8:16  10:13 | | **argue**(4) 16:22  20:17  22:2  24:17 | | **calculate**(1) 15:20 | | **confidentiality**(4) 12:14  12:16  12:21  13:20 | |
| 14:12  17:11  18:10  25:18 | | **arguing**(3) 22:13  24:8  25:10 | | **calculated**(2) 24:15  25:13 | | **confirmed**(3) 4:10  4:15  16:7 | |
| | | **argument**(3) 22:8  22:9  25:9 | | **calculating**(1) 16:1 | | **connelly**(14) 2:41  14:20  15:1  15:2  18:2 | |
| **always**(1) 24:22 | | **arguments**(3) 16:16  25:21  26:5 | | **calculation**(5) 20:9  20:10  20:12  22:15 | | 18:3  20:20  20:21  22:24  23:20  23:21  24:6 | |
| **amending**(2) 4:2  5:17 | | **arise**(1) 13:25 | | **calendar**(3) 6:12  6:17  18:17 | | 26:16  26:19 | |
| **americas**(1) 2:27 | | **arsht**(1) 1:24 | | **call**(4) 5:1  14:10  14:12  14:13 | | | |
| **amount**(2) 15:20  25:13 | | **ask**(9) 9:2  9:3  9:8  10:7  11:2  11:8  11:16 | | **calloway**(1) 2:19 | | **connelly's**(1) 14:22 | |
| **ample**(1) 6:13 | | 17:10  20:19 | | **can**(8) 8:22  12:22  15:21  16:21  21:15  22:6 | | **conservativ**(1) 11:16 | |
| | | | | 23:12  24:16 | | **consideration**(2) 4:1  6:22 | |
| | | **asked**(4) 8:1  9:5  17:7  20:11 | | | | **considered**(1) 8:25 | |
| | | **asking**(1) 23:14 | | **can't**(1) 18:5 | | **consistent**(2) 16:2  19:14 | |
| | | **asks**(2) 18:13  19:19 | | **canada**(3) 16:6  17:24  26:6 | | **contemplate**(1) 8:5 | |
| | | **asset**(5) 9:16  9:24  15:16  15:18  16:2 | | | | **continue**(1) 12:6 | |
| | | **assets**(1) 9:19 | | | | **continued**(1) 2:2 | |
| | | **assume**(1) 12:14 | | | | **contract**(6) 19:1  19:3  20:7  20:7  23:12 | |
| | | **attached**(1) 11:19 | | | | **contracts**(1) 18:8 | |
| | | **attend**(6) 9:4  9:7  10:24  11:6  11:12  11:22 | | | | **conversation**(1) 20:18 | |
| | | **availability**(2) 6:11  6:11 | | | | |

Page : 1                                                                                                                                        11/30/10 13:12:43

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**conveyed**(1) 8:17
**cooperatively**(1) 12:6
**copies**(2) 11:20 12:3
**cordo**(1) 1:26
**correct**(5) 5:14 18:20 19:24 22:22 27:2
**could**(6) 16:9 17:19 19:4 19:20 20:13 21:15
**counsel**(9) 3:2 3:16 3:23 6:22 7:1 18:6 18:18 23:21 26:17

**couple**(2) 19:23 22:25
**course**(2) 11:15 12:13
**court**(64) 1:1 3:2 3:7 3:14 3:19 5:5 5:8 5:12 6:3 6:10 6:13 6:17 6:25 7:15 7:17 9:2 9:13 10:23 11:25 12:10 12:20 13:6 13:7 13:24 14:2 14:5 14:7 14:11 14:16 14:25 15:5 15:9 15:14 16:8 16:18 16:19 17:10 17:12 17:22 18:13 18:15 18:21 19:6 19:10 19:16 20:19 21:1 21:4 21:6 22:3 23:12 23:13 24:2 24:3 24:4 24:21 25:10 25:12 25:20 26:4 26:11 26:13 26:15 26:17

**court's**(7) 5:15 6:11 6:21 13:5 15:2 18:17 24:22

**courtroom**(1) 1:11
**courts**(2) 19:8 19:11
**creditors**(1) 2:4
**cross-border**(1) 17:5
**current**(1) 13:18
**currently**(3) 5:24 6:8 9:23
**cut**(1) 10:21

**data**(1) 1:44
**date**(6) 5:24 6:9 12:4 13:20 17:14 22:19
**dates**(3) 4:3 7:8 7:10
**david**(1) 1:31 2:41 2:42
**day**(10) 6:3 6:12 6:13 6:18 14:3 16:13 21:7 21:16 25:24 26:18

**days**(1) 18:12
**deadline**(1) 20:2
**deadlines**(1) 20:1
**deal**(2) 8:19 25:19
**debtor**(4) 4:22 5:23 10:3 12:16
**debtors**(19) 1:24 3:23 4:6 4:10 4:20 6:5 6:8 7:23 7:24 8:3 10:11 10:14 11:11 11:20 13:19 13:22 17:15 17:20 22:20

**december**(8) 5:22 16:6 16:10 16:10 16:12 22:13 22:23 25:5

**decide**(1) 16:25 21:4 21:7
**delaware**(4) 1:2 1:13 3:1 5:21
**delay**(10) 17:2 17:8 17:17 20:20 20:23 22:12 22:21 22:22 22:25 23:5

**delayed**(1) 20:22
**deliver**(1) 22:17
**depending**(1) 25:3
**deposed**(1) 5:22
**deposition**(7) 4:25 5:23 8:2 10:5 10:14 10:20 11:6

**depositions**(8) 8:9 9:3 9:4 9:9 10:3 10:25 11:12 11:23

**derek**(1) 1:25
**designate**(1) 10:12
**designation**(1) 13:18
**determination**(3) 8:14 21:23 22:5
**determine**(5) 16:20 21:11 21:12 21:24 25:2
**determined**(1) 5:16
**diaz**(1) 1:44
**did**(7) 3:4 5:8 5:8 5:10 7:20 7:20 8:5
**didn't**(6) 7:9 7:25 8:6 17:4 22:17 23:3
**different**(2) 8:24 16:15
**directed**(1) 13:10
**disagree**(2) 15:18 20:6

**disagreement**(5) 15:21 18:7 18:8 23:14 23:15

**disagreements**(1) 10:8
**discovery**(24) 3:12 4:4 4:5 4:13 4:20 4:22 5:3 6:25 7:4 7:23 8:4 9:1 9:11 9:17 9:25 11:17 11:21 12:4 12:5 12:12 13:9 13:10 13:14 13:19

**discuss**(1) 13:22
**discussed**(3) 3:24 6:4 13:3
**discussing**(1) 5:25
**discussions**(1) 3:22
**dispute**(16) 3:17 15:13 15:24 16:17 16:21 16:23 18:20 19:17 19:18 20:24 21:5 21:13 23:7 24:15 24:23 25:25

**disputed**(2) 8:22 15:17
**disputes**(4) 3:24 4:21 5:4 20:9
**district**(1) 1:2
**document**(3) 4:4 5:3 5:18
**documents**(5) 4:6 4:15 4:23 11:23 23:2
**does**(2) 18:17 21:23
**doesn't**(4) 8:11 9:16 9:20 21:13
**don't**(22) 6:14 8:22 8:24 9:6 9:8 9:8 9:9 9:10 9:24 11:17 12:19 15:11 17:18 21:9 21:19 22:6 22:6 23:11 24:16 24:17 24:19 25:1

**done**(6) 19:4 19:20 20:10 21:24 22:20
**draft**(1) 13:21
**duane**(2) 2:48 14:18
**due**(2) 4:7 4:16
**duplication**(1) 12:7
**duplicative**(1) 9:10
**during**(1) 6:23

**eagles**(1) 5:11
**economical**(1) 13:2
**ecro**(1) 1:42
**edwin**(1) 2:33
**effectively**(2) 12:8 22:7
**efficiency**(2) 21:3 21:3
**efficient**(3) 9:10 13:2 21:9
**either**(2) 4:11 9:17
**electronic**(1) 1:50 27:3
**eli**(2) 2:43 14:20
**eliminate**(1) 12:6
**else**(1) 14:11
**emails**(2) 7:2 7:21
**embodied**(1) 19:15
**emea**(11) 3:23 3:25 4:10 4:19 7:23 10:14 10:18 11:13 13:19 13:22 13:23

**enable**(1) 25:7
**enabled**(1) 4:3
**end**(1) 4:11
**ended**(1) 9:6
**enforce**(3) 16:4 18:14 19:9
**enforced**(2) 23:17 24:11
**enjoy**(1) 14:3
**ensure**(1) 12:7
**entitled**(4) 8:6 10:24 11:5 17:19
**entitlement**(1) 4:21
**ernst**(1) 2:18
**escrow**(1) 25:15
**esq**(18) 1:25 1:26 1:34 1:35 1:36 1:37 2:4 2:11 2:12 2:13 2:19 2:26 2:32 2:33 2:41 2:42 2:43 2:49

**essentially**(2) 7:11 9:4
**estate**(3) 8:17 8:23 8:24
**estimated**(1) 22:17
**even**(5) 15:3 17:18 19:5 19:17 20:17
**event**(1) 11:4 18:11
**everyone**(1) 3:3 14:3 14:25 22:19
**everything**(1) 11:18 24:13
**evidence**(2) 21:18 23:11
**exacerbate**(1) 10:8
**exactly**(1) 18:18
**except**(1) 24:13

**exchange**(2) 7:20 7:20
**exchanged**(1) 7:2
**excuse**(3) 4:16 14:9 23:21
**existing**(2) 7:8 9:22
**expect**(1) 13:15
**expectation**(1) 16:6
**expired**(1) 19:3
**expressed**(1) 6:24
**extend**(1) 25:6
**extended**(1) 22:19
**extent**(8) 9:24 10:6 10:25 11:12 13:3 13:13 15:7 16:8

**fact**(11) 9:15 10:12 17:17 17:23 20:2 20:7 20:15 22:1 22:17 24:12 25:1

**factually**(1) 19:23
**fair**(1) 21:10
**far**(3) 7:6 9:22 15:21
**favor**(2) 23:17 24:1
**federal**(7) 10:6 19:8 19:11 19:15 23:13 23:24 24:1

**feel**(1) 10:18
**feld**(1) 2:10
**few**(1) 4:8
**file**(1) 5:1
**filed**(6) 7:7 11:19 14:22 15:22 16:4 16:13
**filing**(2) 16:7 26:9
**final**(2) 18:9 19:11
**finally**(1) 4:18
**find**(2) 13:25 25:1
**finger**(1) 2:3
**firm**(1) 4:3
**first**(18) 3:9 3:18 4:4 6:25 9:23 15:23 15:24 17:9 19:16 19:21 19:23 21:4 21:16 24:3 24:5 24:22 25:9 25:15

**fits**(1) 23:15
**flagged**(1) 15:25
**floor**(2) 1:28 2:35
**fold**(1) 20:18
**for**(43) 1:2 1:24 2:3 2:18 2:31 2:40 3:23 4:25 5:24 6:2 6:14 6:21 6:22 7:1 7:4 7:11 8:18 9:1 9:25 10:13 10:18 11:1 11:13 13:15 14:12 14:22 15:25 16:5 16:11 16:22 17:1 17:4 17:5 18:25 19:11 19:25 23:4 23:8 23:25 24:1 24:6 24:11 24:13

**forced**(3) 18:23 20:24 24:9
**foregoing**(1) 27:2
**forgive**(1) 14:7
**form**(3) 9:21 12:15 18:23
**forum**(1) 22:3
**forward**(2) 4:3 25:17
**frankly**(5) 8:24 9:6 12:23 15:17 24:25
**from**(22) 3:5 3:21 6:10 6:10 7:14 8:19 8:20 10:3 10:10 10:11 12:2 13:17 13:22 14:9 14:20 17:15 18:12 22:7 24:7 25:18 25:18 27:3

**front**(1) 24:13
**fully**(1) 5:18
**further**(3) 3:22 4:2 5:14 14:2 19:14 23:13 26:15

**future**(2) 11:22 12:5
**gave**(1) 23:4
**gen**(17) 2:40 3:13 14:6 14:18 15:12 15:18 15:19 15:24 16:1 16:13 16:23 17:7 17:14 20:6 20:11 21:17 22:15

**get**(6) 6:10 7:25 11:8 11:20 14:19 24:17
**ginger**(1) 1:42
**give**(3) 6:18 9:16 13:8
**given**(4) 5:23 11:9 11:10 24:20
**giving**(1) 23:5
**goes**(8) 12:12 12:13 15:21 17:17 21:12 23:16 23:19 24:13

**going**(8) 4:2 6:17 8:7 9:20 10:17 19:1 21:7 21:7

**good**(11) 3:2 3:3 3:7 5:6 5:7 7:13 7:15 7:17 14:14 14:25 26:18

**gottlieb**(6) 1:33 3:5 3:21 10:10 12:2 13:18
**gross**(3) 1:20 3:2 5:6
**guess**(1) 6:9
**guidance**(1) 6:10
**gump**(1) 2:10
**hac**(1) 14:21
**had**(19) 3:3 3:24 4:6 4:19 4:20 5:7 5:7 6:4 6:24 7:1 8:1 8:1 9:5 15:11 15:22 16:12 17:7 19:3 22:14

**half**(1) 25:15
**hamilton**(1) 1:33
**hammering**(1) 24:9
**hands**(1) 7:12
**happy**(3) 12:2 15:2 15:3
**harrisburg**(1) 1:46
**harron**(7) 2:33 5:5 5:6 5:10 5:13 6:16 6:21 7:20 8:1 8:17 9:14 13:4 13:8 14:1 14:8 14:14 14:16

**harron's**(1) 10:10
**has**(17) 3:15 7:7 8:12 8:23 8:23 11:21 12:4 13:12 14:21 16:20 17:14 19:25 20:3 20:22 22:10 25:10 25:12

**hauer**(1) 2:10
**have**(54) 3:7 3:11 3:25 4:10 4:19 4:21 6:13 7:2 7:9 7:11 7:18 7:19 8:9 8:13 9:12 9:19 10:4 10:6 10:8 10:14 11:11 11:23 12:7 12:25 13:19 14:6 14:14 16:9 16:24 17:1 17:13 17:16 17:24 18:4 18:6 18:15 18:22 20:1 20:4 20:8 20:13 20:25 21:19 21:21 21:23 23:11 23:15 23:6 23:9 23:11 23:15 24:8 24:24

**haven't**(3) 17:16 19:5 20:14
**having**(6) 6:3 18:1 21:4 24:18 24:21 25:2
**he's**(2) 19:24 24:20
**hear**(14) 18:2 19:7 21:5 21:8 21:8 21:13 21:15 21:19 21:25 22:3 24:16 24:24 25:5 25:22

**heard**(8) 3:8 7:1 7:10 16:9 16:18 18:20 19:21 24:21

**hearing**(31) 3:25 4:19 4:24 5:1 5:24 6:1 6:5 6:14 6:19 6:23 7:22 8:12 13:10 13:15 14:23 16:5 16:10 16:10 16:11 16:25 17:1 17:3 17:7 17:24 18:2 21:23 24:18 25:6 25:23 26:4 26:20

**hears**(1) 22:1
**heller**(1) 2:42
**here**(9) 3:3 13:15 15:7 15:22 16:22 20:16 22:13 22:23 23:9

**herrington**(1) 1:36
**highlight**(1) 16:19
**him**(1) 3:18
**his**(4) 5:14 5:19 10:13 14:23
**history**(1) 15:22
**holiday**(3) 3:3 5:7 26:10
**home**(1) 24:9
**honor**(46) 3:4 3:18 3:20 4:18 6:10 6:16 6:20 7:3 7:8 7:13 7:23 9:2 9:23 10:9 11:14 12:1 12:11 13:4 13:17 14:1 14:4 14:8 14:14 14:17 15:1 15:4 15:10 16:20 17:9 18:3 19:22 20:21 21:14 21:25 22:2 22:10 22:24 23:3 23:11 23:22 24:16 25:8 26:3 26:8 26:14 26:16

**honor's**(2) 4:1 4:7
**honorable**(1) 1:20
**honored**(1) 19:4
**hope**(3) 3:3 5:6 5:8

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **hopefully**(1) 26:5 | | **kevin**(1) 1:20 | | **missed**(2) 8:11 20:1 | | **opposite**(1) 18:18 | |
| **hours**(3) 10:5 10:22 11:1 | | **key**(1) 23:22 | | **monday**(1) 3:1 | | **order**(7) 4:7 7:9 8:4 8:5 12:16 13:21 | |
| **housekeeping**(1) 14:18 | | **king**(1) 2:6 | | **monitor**(15) 2:18 6:23 6:24 7:1 7:4 7:7 | | **orders**(1) 9:22 | |
| **how**(9) 7:16 8:25 15:15 16:1 21:15 22:6 | | **know**(16) 7:11 7:18 8:13 8:18 9:5 11:3 | | 7:9 8:18 10:24 11:7 12:3 12:13 12:15 | | **ordinary**(1) 10:22 | |
| 24:15 25:3 25:19 | | 11:16 11:17 13:25 16:20 20:25 21:10 22:1 | | 13:2 13:23 | | **original**(1) 8:5 | |
| | | 22:21 24:23 25:14 | | **monitor's**(4) 7:6 10:19 11:10 12:23 | | **other**(5) 6:21 9:16 18:23 22:12 25:22 | |
| **i'd**(2) 14:19 14:24 | | | | **month**(2) 6:6 7:12 | | **ought**(2) 19:20 21:5 | |
| | | **knowing**(2) 17:2 17:5 | | **more**(5) 6:18 13:1 18:11 24:17 24:25 | | **our**(30) 4:21 5:15 8:11 9:18 12:14 13:13 | |
| **i'll**(3) 6:18 12:21 13:5 | | **kraidin**(15) 2:26 7:13 7:14 7:15 7:16 7:18 | | **morning**(9) 3:2 3:7 5:6 7:13 7:15 13:3 | | 13:20 15:4 15:21 16:11 16:12 16:19 18:13 | |
| **i'm**(10) 3:5 6:17 11:3 12:12 15:2 15:10 | | 9:2 9:5 11:4 11:14 11:14 12:9 12:18 14: | | 14:2 14:22 14:25 | | 18:17 18:18 19:14 19:19 21:2 22:1 22:9 | |
| 21:7 21:7 21:17 25:17 | | 14:6 | | | | 22:15 23:2 25:9 25:9 25:10 25:11 25:15 | |
| | | **largely**(3) 10:11 12:24 12:25 | | **morris**(3) 1:24 2:48 14:18 | | 25:17 25:18 26:8 | |
| **idea**(1) 24:9 | | **last**(9) 3:25 4:14 5:11 6:23 7:12 7:22 9:6 | | **motion**(35) 3:13 4:7 11:19 14:22 15:4 | | | |
| **identification**(1) 4:23 | | 13:10 23:4 | | 15:23 16:4 16:7 16:12 16:13 17:14 17:16 | | **ourselves**(1) 9:7 | |
| **important**(1) 18:25 | | | | 17:17 17:18 17:25 18:4 18:13 18:17 18:13 | | **out**(7) 3:16 15:15 18:6 19:12 22:6 22:12 | |
| **impose**(1) 18:17 | | **later**(2) 6:5 17:8 | | 19:19 20:15 21:1 21:20 22:1 22:1 22:3 | | 25:4 | |
| **imposed**(1) 13:19 | | **latham**(2) 2:40 14:20 | | 22:9 23:8 25:4 25:9 25:10 25:11 25:15 | | | |
| **inc**(2) 1:9 2:40 | | **law**(3) 18:21 19:8 23:24 | | 25:17 26:9 | | **over**(7) 3:17 4:21 7:2 7:21 10:4 10:8 | |
| **include**(2) 12:5 25:21 | | **layton**(1) 2:3 | | **motions**(3) 16:8 16:24 22:7 | | **overlap**(1) 16:16 | |
| **inconsistent**(1) 23:23 | | **least**(2) 7:4 8:13 | | **move**(1) 14:23 17:7 | | **overy**(2) 2:25 7:14 | |
| **indicated**(1) 10:15 | | **leave**(1) 14:12 | | **moving**(3) 6:5 15:6 15:7 | | **p.o**(2) 1:29 2:36 | |
| **information**(2) 11:23 12:7 | | **length**(1) 15:12 | | **much**(9) 11:15 12:9 13:10 15:1 16:23 18:3 | | **paid**(1) 22:16 | |
| **informed**(1) 3:25 | | **let**(6) 7:18 9:2 17:10 18:2 20:19 25:5 | | 21:15 26:16 26:19 | | **pale**(1) 23:5 | |
| **ingersoll**(1) 2:18 | | **level**(1) 13:18 | | | | **pardon**(1) 14:8 | |
| **initial**(1) 4:5 | | **liberally**(2) 23:17 24:10 | | **must**(1) 18:9 | | **park**(1) 2:14 | |
| **initially**(1) 21:23 | | **liberty**(1) 1:38 | | **myself**(2) 14:9 25:1 | | **part**(1) 25:12 | |
| **inquired**(1) 7:5 | | **lift**(4) 16:13 21:20 21:21 23:7 | | **nature**(1) 18:9 | | **participate**(10) 7:4 7:6 7:11 7:24 8:2 9:3 | |
| **instance**(2) 9:23 21:4 | | **like**(8) 3:8 5:9 6:1 6:10 11:20 12:18 14:1 | | **need**(3) 9:8 12:8 23:11 | | 10:20 11:12 12:8 13:3 | |
| **instead**(1) 19:5 | | 15:4 | | **needed**(1) 23:2 | | | |
| **intend**(1) 10:12 | | | | **negotiate**(1) 12:16 | | **participating**(2) 3:8 6:25 | |
| **intention**(1) 4:20 | | **likelihood**(3) 21:22 23:6 23:9 | | **negotiation**(1) 12:16 | | **participation**(3) 10:2 10:20 12:23 | |
| **interest**(8) 6:24 8:6 8:23 9:15 9:16 9:24 | | **limit**(1) 9:7 | | **networks**(1) 1:9 | | **particular**(1) 6:18 | |
| 11:5 11:10 | | **lisa**(3) 1:37 2:26 3:4 3:10 7:14 11:14 15: | | **never**(2) 18:22 18:22 | | **particularly**(1) 9:20 | |
| | | 25:8 | | **new**(4) 1:39 2:15 2:28 2:45 | | **parties**(12) 9:15 11:11 11:8 12:22 13:11 | |
| **interpreting**(1) 23:25 | | | | **next**(2) 16:13 17:3 | | 13:16 15:17 18:6 18:14 18:24 21:10 23:14 | |
| **interrogatory**(2) 4:16 4:16 | | **list**(2) 3:7 10:16 | | **nichols**(1) 1:24 | | | |
| **interrupting**(1) 24:7 | | **litigate**(5) 18:23 19:6 20:24 20:25 24:2 | | **night**(1) 5:11 | | **parties-in**(1) 8:5 | |
| **into**(5) 9:17 10:21 15:12 19:18 24:17 | | **little**(3) 13:12 23:5 24:25 | | **non-duplicativ**(1) 11:2 | | **parts**(1) 25:11 | |
| **introduce**(1) 14:19 | | **llp**(1) 2:48 | | **nortel**(8) 1:9 8:20 15:12 15:17 15:22 16:1 | | **party**(5) 9:17 10:6 15:6 15:7 17:5 | |
| **isn't**(1) 22:22 | | **local**(2) 12:14 13:14 | | 16:4 23:1 | | **party-in-interest**(2) 8:18 8:25 | |
| **issue**(23) 8:16 11:3 11:6 12:24 14:6 15:4 | | **longer**(1) 5:25 | | | | **passed**(1) 7:9 | |
| 15:12 15:25 17:2 17:9 17:11 17:17 18:1 | | **look**(3) 19:13 23:13 24:21 | | **north**(3) 1:27 2:6 2:50 | | **pending**(3) 13:20 16:9 17:6 | |
| 20:5 21:2 22:21 23:23 24:2 24:9 24:14 | | **looks**(1) 6:1 | | **not**(35) 4:1 5:18 6:9 7:3 7:7 7:10 8:9 | | **pennsylvania**(1) 1:46 | |
| 24:24 25:6 25:19 | | **luke**(1) 1:34 3:5 3:15 3:20 10:9 12:1 13:1 | | 8:11 8:25 10:15 10:19 10:21 12:6 | | **perfect**(1) 3:19 | |
| | | **luton**(1) 2:32 | | 16:2 16:22 17:13 17:14 17:15 17:19 18:4 | | **perfectly**(1) 12:2 | |
| **issues**(18) 3:12 5:19 5:20 6:15 9:18 10:1 | | **mace**(1) 1:42 | | 18:16 20:1 20:16 21:7 21:9 21:9 21:12 | | **period**(4) 10:21 19:2 19:3 26:10 | |
| 12:21 13:11 13:25 14:9 14:12 17:6 18:16 | | **made**(6) 16:7 17:13 17:14 17:17 17:25 | | 21:20 22:10 23:1 23:6 24:12 25:23 25:24 | | **permit**(1) 13:2 | |
| 18:22 19:6 19:12 25:20 26:7 | | 19:23 | | **note**(3) 6:6 8:9 18:25 | | **personal**(1) 10:13 | |
| | | **make**(6) 8:14 15:2 17:4 17:16 17:25 22:4 | | **notice**(7) 9:9 10:13 10:14 11:17 15:24 | | **petition**(5) 4:2 5:17 8:19 8:20 9:18 | |
| **issuing**(1) 10:12 | | **makes**(1) 16:9 | | 16:16 26:10 | | **phone**(1) 6:23 | |
| **it's**(19) 3:4 3:10 3:20 7:14 8:20 9:10 13:1 | | **manage**(1) 5:10 | | | | **pick**(1) 10:10 | |
| 13:17 15:3 15:7 15:23 17:1 17:15 17:19 | | **manner**(1) 15:19 | | **noticed**(1) 8:2 | | **place**(2) 7:23 8:10 | |
| 18:19 18:25 20:21 24:22 24:23 | | **many**(1) 22:22 | | **notwithstanding**(1) 4:21 | | **plain**(1) 20:14 | |
| | | **market**(3) 1:12 1:27 2:50 | | **november**(4) 1:15 3:1 16:5 27:7 | | **plan**(2) 6:14 6:19 | |
| **item**(1) 6:21 | | **mary**(1) 2:19 | | **now**(5) 4:10 7:10 8:7 16:14 19:4 19:8 | | **plays**(1) 15:15 | |
| **items**(2) 4:9 4:11 | | **matter**(2) 14:19 21:8 21:8 21:12 25:1 | | 19:20 24:20 | | **plaza**(1) 1:38 | |
| **itself**(4) 8:12 18:15 20:18 23:14 | | 25:25 27:4 | | | | **pleadings**(1) 5:16 | |
| **jaime**(1) 2:32 | | | | **number**(1) 24:20 | | **please**(1) 15:5 | |
| **james**(1) 1:35 | | **may**(15) 4:18 4:19 9:7 9:15 10:21 10:22 | | **object**(1) 8:14 | | **pleased**(1) 3:21 | |
| **january**(4) 6:2 6:6 6:14 8:13 | | 14:9 14:11 14:23 15:24 19:22 22:14 22:1 | | **objected**(1) 8:1 | | **point**(7) 8:1 10:10 13:1 15:17 17:23 22:12 | |
| **joined**(1) 3:5 | | 22:24 23:21 | | **objection**(1) 5:2 | | 23:22 | |
| **joint**(7) 2:13 16:10 16:10 16:11 17:3 | | | | **obligation**(1) 13:16 | | | |
| 17:24 18:1 | | **mcmeekin**(1) 27:8 | | **obviously**(3) 5:24 11:22 22:14 | | **pointed**(1) 18:6 | |
| | | **mean**(3) 9:3 17:22 21:8 | | **occur**(3) 5:23 6:1 6:7 | | **points**(2) 19:23 22:25 | |
| **judge**(4) 1:21 3:2 5:6 24:13 | | **meaning**(1) 20:14 | | **october**(1) 19:3 | | **policy**(5) 19:10 19:11 19:15 23:24 24:1 | |
| **judicial**(2) 17:4 21:3 | | **means**(1) 7:25 | | **off**(2) 8:12 21:1 | | 15:25 | |
| **jurisdiction**(8) 16:20 22:10 24:22 24:24 | | **meant**(1) 24:10 | | **official**(1) 2:3 | | **portion**(1) 25:25 | |
| 25:2 25:10 25:12 25:21 | | **mediated**(1) 13:11 | | **okay**(1) 26:3 | | **position**(6) 7:3 10:19 13:5 22:15 25:2 | |
| | | **mediation**(1) 6:7 | | **oliphant**(1) 14:21 | | **possibility**(1) 6:5 | |
| **jurisdictional**(6) 16:15 18:19 22:8 23:23 | | **meet**(2) 3:22 4:9 | | **omnibus**(2) 6:2 6:6 | | **potentially**(1) 25:3 | |
| 25:16 26:5 | | **mention**(1) 8:12 | | **one**(9) 1:38 2:5 2:14 7:5 12:25 17:1 17:11 | | **practicable**(1) 18:11 | |
| | | **merely**(1) 21:20 | | 21:25 22:22 | | **preclude**(1) 9:11 | |
| **just**(21) 6:18 7:18 8:7 8:16 10:7 10:10 | | **merits**(8) 21:13 21:15 21:18 21:22 23:7 | | | | **prejudice**(2) 20:20 20:23 | |
| 11:16 12:11 12:23 13:1 13:5 14:4 14:18 | | 24:8 24:17 25:3 | | **ongoing**(1) 4:9 | | **preliminary**(1) 23:22 | |
| 17:1 17:3 17:10 19:13 22:21 22:24 23:12 | | | | **only**(6) 6:21 11:18 12:6 13:15 15:3 23:8 | | **prepare**(1) 23:2 | |
| 25:17 | | **might**(1) 9:11 | | **onto**(1) 20:18 | | **prepared**(1) 6:9 | |
| **kahn**(1) 2:12 | | **million**(1) 15:16 | | **open**(2) 4:9 6:25 | | **previously**(1) 11:21 | |
| **kay-oliphant**(2) 2:43 14:20 | | **minute**(1) 23:4 | | **opportunity**(2) 4:25 15:11 | | | |
| **keep**(1) 24:9 | | | | | | | |
| **ken**(1) 7:19 | | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**price**(10) 15:20 16:1 16:17 20:9 21:17 22:4 22:16 22:16 22:17 24:15

**prices**(1) 15:13
**pro**(1) 14:21
**procedural**(1) 15:22
**proceed**(1) 17:20
**proceedings**(4) 1:19 1:50 7:7 27:4
**proceeds**(3) 8:19 8:24 9:16
**process**(3) 7:11 19:1 20:22
**produce**(1) 4:15
**produced**(3) 1:51 4:8 13:14
**production**(3) 4:11 5:18 13:19
**promptly**(1) 18:11
**proper**(2) 22:2 22:3
**properly**(1) 20:4
**proposal**(1) 3:16
**propose**(1) 3:17
**protect**(1) 9:18
**protective**(1) 13:21
**provide**(2) 4:22 12:3
**provides**(3) 9:25 18:10 23:25
**purchase**(10) 15:13 15:16 15:19 15:20 16:1 16:17 20:9 21:17 22:4 24:15

**purpose**(1) 5:16
**purposes**(5) 9:1 12:11 13:15 14:23 23:8
**pursuant**(1) 9:22
**pursuing**(1) 4:20
**put**(7) 8:12 16:5 16:12 20:4 20:4 21:1 21:18

**putting**(1) 12:24
**question**(4) 17:10 17:11 17:23 19:16
**questioning**(1) 11:7
**questions**(4) 9:4 9:8 10:7 11:3
**quick**(1) 19:1
**quickly**(2) 22:20 22:20
**quite**(1) 15:17
**quote**(2) 18:9 19:10
**qureshi**(1) 2:13

**raised**(1) 4:19
**rather**(4) 18:14 19:7 20:13 23:14
**reached**(1) 3:23
**read**(2) 16:15 23:12
**reading**(2) 15:18 20:7
**really**(12) 7:25 16:22 17:4 18:5 18:19 19:13 19:16 19:20 20:16 23:12 24:17 25:11
**reason**(2) 7:8 22:25
**reasons**(3) 7:4 22:13 22:23
**recall**(3) 4:18 6:23 7:21
**receive**(2) 7:22 11:17
**received**(1) 11:18
**recess**(1) 26:18
**recitation**(1) 5:14
**recognition**(6) 4:24 5:2 6:15 8:12 8:22 13:12

**recognize**(1) 13:16
**record**(1) 12:12
**recorded**(1) 1:50
**recording**(2) 1:50 27:3
**reevaluating**(1) 5:15
**reflection**(1) 5:15
**reform**(1) 20:12
**regarding**(2) 10:11 20:9
**related**(1) 5:20
**relating**(1) 25:20
**relation**(1) 26:6
**relatively**(1) 10:21
**relax**(1) 5:7
**releasing**(1) 25:14
**reluctance**(1) 13:8
**rely**(1) 4:24
**remaining**(5) 3:24 4:4 4:9 5:3 5:19
**repeatedly**(1) 20:11
**report**(1) 3:21
**represent**(1) 8:6

**request**(3) 7:1 7:22 21:24
**requests**(3) 4:5 4:14 4:16
**require**(1) 10:22
**rescheduled**(1) 6:1
**resolution**(1) 3:12
**resolve**(4) 3:17 11:8 13:23 21:16
**resolves**(2) 5:3 21:1
**resources**(3) 17:2 17:5 17:5
**respectfully**(2) 19:19 20:5
**respond**(3) 7:19 18:5 22:24
**response**(1) 9:13
**responses**(2) 4:14 4:16
**rest**(1) 14:3
**restrictions**(1) 12:14
**reverse**(1) 22:10
**review**(3) 12:18 12:22 15:11
**richards**(1) 2:3
**right**(14) 3:18 5:5 9:12 10:19 10:23 11:9 11:11 12:20 13:24 14:3 15:14 15:23 26:1 26:17

**rights**(3) 9:17 9:19 13:9
**rigorously**(1) 19:9
**rodney**(1) 2:5
**rooney**(1) 2:18
**ross**(3) 2:49 14:17 14:17
**rule**(1) 25:24
**rules**(3) 10:6 12:14 13:14
**ruling**(2) 4:1 5:15

**said**(10) 7:20 11:15 13:24 17:8 18:18 20:13 20:13 20:16 24:20
**sale**(13) 8:19 9:15 15:23 15:25 16:2 16:4 19:24 20:11 20:12 22:14 22:16 22:16 22:17
**same**(5) 17:21 20:25 21:7 22:9 25:3
**samis**(1) 2:4
**sat**(1) 7:12
**say**(7) 8:10 9:3 9:20 16:2 17:15 17:22 21:20
**saying**(1) 12:12
**says**(5) 9:18 19:1 20:8 23:16 24:12
**scheduled**(2) 5:24 8:10
**scheduling**(3) 3:13 3:24 5:20
**schuylkill**(1) 1:45
**schweitzer**(23) 1:37 3:4 3:5 3:10 3:10 3:15 15:6 15:8 15:9 15:10 15:15 17:13 19:22 21:11 21:14 23:20 24:6 25:8 25:9 26:3 26:8 26:12 26:14

**second**(2) 7:8 25:12
**secondly**(1) 23:6
**see**(6) 8:25 9:8 10:16 12:19 20:17 22:6
**seeking**(5) 8:3 8:21 9:18 10:7 20:12
**seeks**(1) 22:2
**seem**(1) 8:11
**seems**(2) 13:1 17:25
**seen**(2) 11:18 18:4
**send**(1) 18:14
**sense**(5) 16:9 17:4 17:25 20:22 20:23
**sent**(1) 15:24
**separate**(4) 8:4 9:9 16:24 22:6
**separately**(1) 4:13
**september**(3) 15:25 22:18
**series**(1) 7:20
**serve**(2) 10:14 10:17
**served**(8) 4:6 5:16 11:17 11:21 11:22 12:4 12:5 21:4
**service**(3) 1:44 1:51 7:22
**services**(1) 1:44
**session**(1) 6:7
**set**(1) 4:5
**seven**(3) 10:5 10:22 11:1
**shall**(1) 20:10
**share**(3) 9:15 9:24 13:5
**shooting**(1) 6:2
**short**(2) 10:21 19:2

**shorter**(1) 26:9
**shortly**(2) 26:6 26:9
**should**(17) 7:10 10:20 16:18 16:25 18:20 19:16 19:17 21:25 23:13 24:3 24:4 24:24 25:10 25:16 25:21 26:1

**show**(3) 21:21 23:6 23:9
**side**(4) 12:25 18:5 25:18 25:18
**sided**(1) 22:22
**similar**(1) 16:7
**simply**(3) 15:18 16:17 22:9
**some**(6) 5:8 5:10 6:10 9:21 15:11 21:23
**something**(4) 23:10 23:18 26:6 26:12
**sommer**(2) 2:49 14:17
**sort**(3) 8:11 12:24 24:23
**sound**(1) 1:50 27:3
**sounds**(2) 20:3 20:4 20:5 20:6 20:8 20:15 20:16 20:22 20:23 20:24 21:2 21:2 21:8 21:10 21:11 21:13 21:14 21:17 21:19 21:22 22:1 22:2 22:8 22:8 22:10 22:13 22:16 22:21 23:2 23:3 23:10 23:11 23:14 23:19 23:22 24:4 24:9 24:9 24:9 24:13 24:19 25:5 25:9 25:12 25:13 25:19 25:20 27:2
**specific**(1) 24:14
**square**(1) 2:5
**stand**(1) 26:18
**standard**(1) 23:23
**standing**(5) 7:6 8:16 9:1 9:25 12:24
**stargatt**(1) 2:31
**start**(1) 19:20
**started**(2) 14:19 19:5
**state**(1) 18:8
**statement**(3) 22:18 23:1 23:2
**states**(3) 1:1 1:21 9:19
**statute**(1) 19:15
**stay**(6) 16:14 19:12 21:21 21:21 23:8 24:7
**steen**(1) 1:33
**stems**(1) 10:11
**stephanie**(1) 27:8
**still**(3) 5:25 8:14 12:17
**stipulation**(1) 13:20
**strauss**(1) 2:10
**street**(7) 1:12 1:27 1:45 2:6 2:21 2:35
**strong**(3) 19:10 19:15 23:25
**subject**(5) 4:6 6:3 12:13 16:18 23:10
**submit**(2) 19:14 23:11
**submitted**(1) 18:9
**subsequently**(1) 18:19
**substance**(5) 13:12 16:22 19:18 20:17
**substantial**(2) 16:16 21:21
**substantially**(2) 5:13 5:17
**substantive**(3) 18:15 19:12 24:2
**such**(2) 4:22 18:8
**sufficient**(3) 6:3 10:25 11:13
**suggesting**(2) 21:11 25:16
**suite**(3) 2:21 2:51
**supplemental**(1) 4:13
**suppose**(1) 20:25
**supposed**(2) 19:9 23:17
**supreme**(1) 19:10
**sure**(4) 11:3 12:5 15:10 21:17
**take**(4) 4:22 9:11 9:25 20:6
**taken**(1) 8:9
**takes**(1) 7:23
**taking**(1) 10:19
**talking**(1) 7:24
**taylor**(1) 2:31
**team**(1) 5:19
**telephone**(1) 11:8
**telephonic**(1) 1:19
**telephonically**(1) 15:3
**tends**(1) 20:18
**tentative**(1) 3:23
**tentatively**(1) 6:2
**terms**(5) 8:16 10:2 20:8 20:10 20:14
**than**(9) 8:24 18:12 18:14 18:23 19:7 20:14 23:13 24:25 25:11

**thank**(17) 3:19 3:20 5:8 6:16 6:20 11:15 12:9 13:4 14:1 14:14 14:16 15:1 18:3 26:3 26:14 26:16 26:19

**that**(177) 3:19 3:22 3:24 4:1 4:3 4:5 4:6 4:9 4:10 4:14 4:15 4:19 4:24 5:1 5:3 5:11 5:16 5:19 5:21 5:23 5:24 6:3 6:8 6:12 6:13 6:18 7:19 7:23 7:25 8:1 8:2 8:5 8:6 8:7 8:8 8:9 8:10 8:12 8:15 8:17 8:21 8:22 8:22 9:11 9:12 9:14 9:15 9:18 9:20 10:4 10:7 10:12 10:18 10:20 10:22 11:4 11:9 11:16 11:17 11:18 11:19 11:21 11:21 11:22 11:23 12:4 12:7 12:12 12:22 12:24 13:1 13:9 13:11 13:14 13:15 13:16 13:18 13:18 14:8 15:7 15:15 15:16 15:19 15:21 15:22 15:23 15:24 16:6 16:9 16:9 17:3 17:4 17:4 17:6 17:8 17:11 17:16 17:16 17:17 17:19 17:23 17:23 17:25 18:4 18:5 18:8 18:10 18:14 18:18 18:25 19:1 19:2 19:4 19:8 19:10 19:14 19:14 19:15 19:18 19:19 19:20 19:23 19:23 19:24 20:1 20:3 20:4 20:5 20:6 20:8 20:8 20:15 20:16 20:22 20:23 20:24 21:2 21:2 21:8 21:10 21:11 21:14 21:17 21:19 21:22 22:1 22:2 22:8 22:8 22:10 22:13 22:16 22:21 23:2 23:3 23:10 23:11 23:14 23:19 23:22 24:4 24:9 24:9 24:9 24:13 24:19 25:5 25:9 25:12 25:13 25:19 25:20 27:2

**that's**(20) 3:18 9:6 9:9 12:5 12:9 12:10 13:13 13:14 16:17 17:9 19:9 19:15 19:19 20:15 22:1 23:16 24:11 24:15 24:18 26:12

**the**(301) 1:1 1:2 1:20 2:3 2:20 2:27 2:34 3:2 3:7 3:11 3:11 3:12 3:12 3:14 3:16 3:19 3:23 3:24 3:25 4:2 4:4 4:5 4:5 4:6 4:7 4:7 4:9 4:10 4:11 4:14 4:18 4:19 4:20 4:22 4:23 5:1 5:2 5:5 5:5 5:8 5:11 5:12 5:15 5:17 5:18 5:19 5:21 5:22 5:22 5:23 5:23 5:24 5:24 5:25 6:2 6:2 6:3 6:4 6:4 6:5 6:5 6:5 6:7 6:8 6:8 6:9 6:9 6:11 6:11 6:11 6:13 6:14 6:17 6:17 6:21 6:21 6:22 6:23 6:23 6:24 6:25 6:25 7:1 7:1 7:2 7:3 7:5 7:5 7:6 7:8 7:8 7:9 7:12 7:15 7:21 7:22 7:22 7:23 7:23 8:2 8:3 8:4 8:8 8:9 8:12 8:13 8:16 8:17 8:17 8:18 8:19 8:19 8:21 8:22 8:24 9:2 9:3 9:4 9:13 9:15 9:19 9:20 9:21 9:22 9:23 9:24 10:2 10:3 10:3 10:4 10:5 10:6 10:6 10:11 10:11 10:14 10:16 10:17 10:17 10:18 10:19 10:20 10:22 10:23 10:23 10:24 10:25 11:1 11:1 11:2 11:5 11:6 11:7 11:8 11:8 11:9 11:10 11:10 11:12 11:12 11:19 11:19 11:20 11:22 11:22 11:23 11:25 12:2 12:3 12:7 12:10 12:11 12:13 12:13 12:15 12:16 12:16 12:20 12:21 12:22 12:23 13:2 13:3 13:5 13:6 13:6 13:7 13:10 13:11 13:12 13:12 13:13 13:16 13:18 13:19 13:22 13:23 13:23 13:24 14:2 14:3 14:5 14:6 14:7 14:9 14:9 14:11 14:12 14:13 14:16 14:25 15:2 15:4 15:5 15:6 15:7 15:7 15:9 15:10 15:11 15:12 15:13 15:14 15:16 15:17 15:18 15:18 15:19 15:20 15:22 15:24 15:25 16:1 16:2 16:2 16:4 16:8 16:8 16:13 16:13 16:15 16:15 16:16 16:16 16:17 16:19 16:20 16:22 16:23 16:24 16:25 17:1 17:3 17:5 17:5 17:8 17:9 17:10 17:11 17:12 17:15 17:17 17:17 17:18 17:18 17:21 17:22 17:23 17:23 17:24 18:1 18:1 18:4 18:5 18:6 18:7 18:7 18:8 18:10 18:12 18:13 18:14 18:15 18:15 18:18 18:20 18:21 18:22 18:24 19:1 19:3 19:6 19:8 19:10 19:10 19:11 19:11 19:12

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**the**(138) 19:15  19:16  19:16  19:17  19:18  19:23  19:23  19:24  19:25  19:25  20:6  20:7  20:7  20:8  20:9  20:9  20:10  20:10  20:12  20:14  20:14  20:17  20:18  20:19  20:20  20:21  20:22  20:23  20:24  20:25  21:1  21:1  21:4  21:4  21:5  21:6  21:7  21:8  21:10  21:12  21:13  21:15  21:16  21:16  21:18  21:22  21:23  21:24  21:25  22:2  22:3  22:3  22:5  22:6  22:8  22:9  22:9  22:10  22:12  22:12  22:14  22:17  22:25  22:25  23:1  23:4  23:4  23:5  23:7  23:7  23:7  23:8  23:12  23:12  23:12  23:13  23:13  23:16  23:21  23:23  23:24  23:24  24:2  24:3  24:8  24:8  24:12  24:13  24:13  24:14  24:15  24:17  24:18  24:20  24:21  24:23  24:23  24:24  24:24  24:25  24:25  25:1  25:3  25:3  25:4  25:5  25:6  25:6  25:10  25:11  25:12  25:13  25:14  25:15  25:18  25:20  25:22  25:23  25:23  25:24  25:25  26:4  26:4  26:10  26:11  26:13  26:15  26:17  26:20  27:3  27:3  27:4

**their**(16) 3:17  4:21  7:12  10:15  10:20  11:5  13:8  13:19  16:8  17:7  20:11  21:1  21:19  21:19  22:18  24:10

**them**(10) 12:3  12:5  12:6  13:22  15:12  16:9  18:23  20:5  23:4  25:22

**themselves**(1) 11:24

**then**(10) 3:12  6:19  10:2  11:7  11:9  20:24  21:8  21:13  25:12  25:21

**there**(16) 4:4  4:8  4:13  10:25  11:6  11:9  11:12  11:25  12:20  16:11  20:1  20:2  21:22  22:25  22:25  26:10

**there's**(8) 6:6  6:6  6:11  16:21  17:3  19:1  19:24  22:22

**these**(3) 7:7  20:4  26:6

**they**(35) 4:8  4:10  4:15  4:19  7:10  8:10  8:21  10:4  10:16  11:4  11:11  12:7  12:7  16:6  16:14  16:24  16:24  17:8  17:8  17:13  17:16  17:16  17:18  17:19  20:12  20:13  20:14  21:18  21:21  22:8  22:16  22:17  23:4  25:19  26:9

**they're**(4) 4:1  17:19  19:6  26:9

**thing**(2) 12:24  23:9

**things**(4) 3:11  9:14  22:19  22:20

**think**(35) 3:11  3:21  4:18  7:24  8:22  9:5  9:6  9:9  9:10  9:14  9:24  11:9  12:25  13:11  14:8  15:20  17:18  18:6  18:17  18:21  19:19  20:16  21:2  21:3  21:10  21:14  21:15  21:16  21:22  22:6  23:18  24:21  24:23  25:11  25:20

**third**(1) 2:44

**this**(42) 4:2  4:12  5:9  7:13  8:19  8:20  9:2  10:9  10:23  11:14  12:1  12:12  13:1  13:3  13:10  13:15  14:2  14:17  14:22  14:23  15:2  15:17  16:18  18:17  18:21  18:21  20:5  20:17  20:19  22:1  22:13  22:22  23:10  23:14  23:18  23:22  24:2  24:9  24:11  24:19  25:8

**those**(7) 4:7  4:11  4:15  7:10  8:23  14:12  23:17

**thought**(3) 16:8  17:4  24:18

**threshold**(3) 19:16  21:2  24:23

**through**(2) 3:22  5:20

**time**(18) 4:2  5:10  6:3  6:11  6:13  6:18  7:1  8:3  10:8  10:21  10:25  11:2  11:13  17:2  20:25  24:25  25:3  25:6

**timeline**(1) 19:24

**times**(1) 24:20

**timing**(2) 10:11  11:6

**today**(9) 3:11  4:8  4:8  4:11  4:17  5:18  16:22  20:16

**told**(2) 16:23  18:4

**too**(3) 5:9  14:16  21:6

**tool**(1) 9:21

**topic**(1) 4:9

**topics**(1) 10:16

**towards**(1) 4:3

**transcript**(3) 1:19  1:50  27:3

**transcription**(2) 1:44  1:51

**transpire**(1) 26:6

**true**(1) 24:11

**try**(1) 7:10

**trying**(6) 8:7  16:23  18:16  19:6  24:7  25:17

**tuesday's**(1) 3:25

**tunnell**(1) 1:24

**turn**(1) 3:17

**two**(8) 3:11  7:4  9:14  9:15  16:8  16:24  22:7  25:11

**ultimate**(3) 13:13  21:18  22:4

**ultimately**(3) 21:16  25:14  25:14

**un-responded**(1) 24:19

**under**(9) 4:7  7:8  10:5  11:5  11:5  15:16  15:24  23:12  23:18

**underlying**(9) 18:15  18:22  19:6  19:12  19:18  20:24  21:5  23:7  24:2

**understand**(7) 6:8  6:22  10:3  13:4  22:19  25:18  26:12

**understanding**(4) 12:25  16:12  17:14  26:8

**understands**(1) 13:6

**unfettered**(1) 13:9

**unfortunately**(1) 7:2

**united**(3) 1:1  1:21  9:19

**unlimited**(1) 9:17

**unsecured**(1) 2:4

**until**(5) 5:23  8:13  10:16  21:1  22:18

**upon**(4) 4:24  5:14  11:1  15:24

**use**(1) 9:20

**various**(1) 8:20

**verbally**(1) 14:23

**versa**(1) 26:1

**very**(19) 8:20  8:23  11:15  11:16  13:11  13:24  15:1  17:3  18:3  18:21  18:21  19:2  19:8  19:8  23:25  23:25  26:5  26:16  26:19

**vice**(2) 14:21  26:1

**view**(3) 10:23  12:23  25:15

**want**(17) 8:14  9:7  9:7  9:10  9:11  9:12  11:16  15:11  16:24  16:24  21:15  21:17  22:20  24:17  24:19  25:1

**wanted**(1) 8:7

**wants**(3) 20:6  22:19  24:16

**was**(18) 3:11  4:4  6:25  7:22  11:19  11:19  14:7  14:12  16:1  17:23  22:15  22:17  22:19  22:25  23:1  24:7  26:10  26:20

**watch**(1) 5:10

**watkins**(2) 2:40  14:21

**way**(2) 15:23  16:2

**we'd**(3) 6:9  12:18  20:23

**we'll**(4) 11:8  12:4  13:22  26:18

**we're**(20) 3:21  5:25  6:1  7:3  7:6  9:18  9:20  9:22  10:19  12:2  12:17  13:21  16:22  18:1  18:20  19:5  20:16  22:13  22:20  22:23

**we've**(10) 3:22  4:22  7:5  11:18  11:18  13:3  16:5  18:4  20:11  25:13

**wednesday**(1) 4:14

**week**(11) 4:12  6:24  7:22  9:6  13:10  14:15  17:1  17:2  17:3  17:8  20:20

**weekend**(2) 7:2  7:21

**welcome**(1) 14:12

**well**(20) 3:10  4:17  7:19  10:23  12:18  13:24  14:3  14:16  15:23  17:22  20:19  20:21  21:6  21:6  21:8  21:14  22:21  24:21  25:16  26:5

**went**(1) 23:3

**were**(16) 4:6  4:13  4:14  5:9  5:20  7:24  8:7  15:6  17:8  17:18  20:4  21:16  21:19  22:5  24:18  26:9

**weren't**(1) 8:3

**west**(2) 2:21  2:35

**what**(18) 6:17  7:25  8:16  10:21  11:7  11:18  15:15  16:17  16:18  16:21  18:13  18:23  20:13  20:13  21:10  21:18  22:1  23:16

**whatever**(3) 9:19  11:1  12:15

**when**(5) 5:25  9:2  17:22

**where**(6) 5:14  7:11  9:6  13:25  18:19  19:12

**whereupon**(1) 26:20

**whether**(13) 8:14  10:15  16:25  19:17  20:11  21:5  21:7  21:11  21:25  23:14  24:3  24:4  25:24

**which**(22) 8:4  8:21  11:3  12:17  13:21  13:21  15:19  15:25  16:2  16:5  16:14  17:17  17:18  19:19  20:2  21:24  22:9  22:10  22:18  23:25  24:14  25:21

**while**(3) 10:18  18:1  22:13

**who**(3) 3:8  14:11  16:20

**who'd**(1) 3:8

**who's**(1) 10:6

**why**(6) 6:14  12:19  17:9  19:19  20:15  24:18

**will**(26) 4:8  4:10  4:15  5:17  5:21  6:1  10:7  10:15  10:15  10:24  11:2  11:15  11:21  12:5  12:13  13:21  14:22  16:7  17:11  18:21  18:22  25:6  25:22  25:23  26:4  26:6

**wilmington**(7) 1:13  1:30  2:7  2:22  2:37  2:52  3:1

**win**(2) 17:18  25:14

**wish**(2) 20:13  26:17

**with**(26) 3:16  3:18  3:23  4:23  6:4  7:9  7:19  8:19  8:25  12:2  12:3  12:6  12:22  13:5  13:12  13:22  14:17  16:2  17:20  17:24  19:15  20:6  20:10  22:5  23:23  25:19

**within**(4) 10:5  10:25  23:15  25:24

**without**(1) 12:12

**witness**(2) 10:16  10:18

**witnesses**(3) 4:24  4:25

**won't**(2) 5:23  11:3

**word**(1) 18:8

**words**(1) 25:22

**work**(5) 4:3  12:2  12:6  13:22  21:15

**workable**(1) 5:25

**worked**(2) 3:16  5:20

**working**(2) 12:17  18:7

**would**(32) 3:17  4:24  5:1  5:16  8:6  8:25  9:11  11:7  11:20  12:15  15:4  17:24  19:4  20:4  20:20  20:21  20:22  20:23  21:2  21:9  21:9  21:11  21:13  21:17  21:24  22:7  22:12  23:23  25:13  25:15  25:19  25:21

**wouldn't**(4) 11:4  12:19  17:16  20:24

**written**(1) 16:3

**yeah**(1) 5:10

**yes**(14) 3:7  3:14  5:12  13:7  14:5  14:7  15:5  15:9  17:22  17:22  20:19  20:19  26:8  26:11

**yet**(3) 8:10  10:15  17:14

**york**(4) 1:39  2:15  2:28  2:45

**you**(62) 3:8  3:19  3:20  5:6  5:8  5:8  5:9  6:16  6:18  6:18  6:19  6:20  6:23  7:11  7:16  7:18  8:13  8:18  9:2  9:3  9:3  9:5  9:5  11:15  11:15  11:16  12:9  13:4  13:14  14:11  14:14  14:16  14:16  15:1  16:20  18:2  18:3  20:17  20:25  21:10  21:15  21:16  21:19  22:4  22:5  22:6  22:7  22:8  22:21  24:7  24:9  24:21  24:22  24:24  24:25  25:14  25:16  26:3  26:14  26:16  26:17  26:19

**you'll**(3) 7:21  16:15  16:16

**you're**(1) 21:10

**you've**(1) 15:10

**young**(3) 2:18  2:31  3:16

**your**(56) 3:4  3:18  3:20  4:1  4:7  4:18  6:10  6:10  6:16  6:20  7:2  7:8  7:13  7:21  9:14  9:23  10:9  11:14  12:1  12:11  13:4  13:17  14:1  14:4  14:8  14:14  14:17  15:1  15:4  15:10  16:19  16:20  17:9  18:3  20:20  20:21  21:14  21:25  22:2  22:2  22:10  22:24  23:3  23:11  23:20  23:22  24:16  25:8  25:9  25:12  25:21  26:3  26:8  26:14  26:16