IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*: | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |

### RESPONSE, REQUEST FOR JOINT HEARING AND RESERVATION OF RIGHTS OF THE CANADIAN NORTEL DEBTORS TO THE MOTION OF GENBAND INC. FOR ENTRY OF AN ORDER PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE GRANTING RELIEF FROM THE AUTOMATIC STAY TO COMPEL ARBITRATION

Nortel Networks Corporation ("**NNC**") and certain of its direct and indirect subsidiaries, Nortel Networks Limited ("**NNL**"), Nortel Networks Technology Corporation, Nortel Networks Global Corporation, and Nortel Networks International Corporation (collectively, the "**Canadian Nortel Debtors**"), by and through its undersigned counsel, hereby file this Response, Request for Joint Hearing and Reservation of Rights (the "**Response**") to the *Motion of Genband Inc. for Entry of an Order Pursuant to Section 362(d) of the Bankruptcy Code Granting Relief From the Automatic Stay to Compel Arbitration* (Docket No. 4347) (the "**Motion**"), and respectfully submit as follows:

---

[1] The Debtors (the "**US Debtors**") in these Chapter 11 cases (the "**Chapter 11 Cases**"), along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc. (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

**BACKGROUND**

1.     The Canadian Nortel Debtors are subject to proceedings (the "**Canadian Proceedings**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, pending before the Ontario Superior Court of Justice (Commercial List) (the "**Ontario Court**").

2.     Certain of the Canadian Nortel Debtors are sellers pursuant to the Asset Sale Agreement dated as of December 22, 2009, by and among Nortel, GENBAND and the entities identified as sellers therein (the "**ASA**"), which was approved by this Court and the Ontario Court on March 3, 2010. The ASA was subsequently amended pursuant to Amendment No. 1 to the ASA dated as of May 28, 2010, to address provisions not relevant to the current dispute.

3.     On November 17, 2010, the US Debtors filed their *Motion for Entry of an Order Enforcing the Order Authorizing the Sale of Certain Assets of the Debtors' Carrier Voice Over IP and Application Solutions Business, and Directing the Release of Certain Escrowed Funds* to, among other things, resolve a dispute with GENBAND over the Purchase Price Adjustment (as defined in the Motion) (the "**US Debtors Motion**") (Docket No. 4345). The US Debtors Motion indicated that the Canadian Nortel Debtors would be seeking similar relief from the Ontario Court as that being sought in the US Debtors Motion. On November 18, 2010, GENBAND filed the Motion in this Court seeking to compel arbitration between itself and NNC, NNL and NNI to resolve the dispute.

4.     On November 30, 2010, the Canadian Nortel Debtors filed a motion with the Ontario Court seeking substantially similar relief as that being sought in the US Debtors Motion (i.e. to resolve the dispute over the Purchase Price Adjustment, including that the dispute should be determined by this Court and the Ontario Court) (the "**Canadian Debtors Motion**," and

together with the US Debtors Motion, the "**Nortel Motions**"). The Canadian Nortel Debtors, with the agreement of the US Debtors, are seeking to have the Nortel Motions heard by way of joint hearing before the US and Ontario Courts on December 15, 2010 pursuant to section 10.6(b) of the ASA and the Cross-Border Insolvency Protocol approved in the Canadian Proceedings and these Chapter 11 Cases.[2]

### RESPONSE, RESERVATION OF RIGHTS AND REQUEST FOR JOINT HEARING

5.  By its Motion, GENBAND asks the Court to lift the automatic stay imposed by section 362 of the Bankruptcy Code in order to allow it to compel NNI, as well as NNL and NNC, which are not debtors in proceedings pending before this Court, to arbitrate the dispute over the Purchase Price Adjustment. GENBAND's motion is vague as to the exact relief, if any, that GENBAND seeks against the Canadian Nortel Debtors. However, regardless of whether GENBAND is directly seeking in the Motion to compel NNL and NNC to arbitrate the purchase price dispute, the Canadian Nortel Debtors' rights, as Main Sellers under the ASA, would unquestionably be affected by the relief sought in the Motion. To date, GENBAND has not sought similar relief from the Ontario Court where the Canadian Proceedings are pending. As set forth in the Canadian Debtors Motion[3], the Canadian Nortel Debtors' position is that the dispute over the Purchase Price Adjustment, including whether arbitration of the dispute is appropriate, should be heard by this Court and the Ontario Court.

6.  The Canadian Nortel Debtors understand that GENBAND's Motion is scheduled to be heard by this Court on December 8, 2010. The Canadian Nortel Debtors respectfully

---

[2] The Cross-Border Insolvency Protocol was approved by this Court in its Order Approving Stipulation of the Debtors and the Official Committee of Unsecured Creditors of Nortel Networks Inc., et al., Amending the Cross-Border Court-to-Court Protocol dated June 29, 2009, and by the Ontario Court in its Fourth Amended and Restated Initial Order dated January 14, 2009.

[3] The Motion Record relating to the Canadian Debtors Motion was filed earlier today in the US Debtors' Chapter 11 Cases pursuant to the Cross-Border Protocol (Docket No. 4448).

3

submit that the most efficient way to resolve the issue of the appropriate forum for resolution of the Purchase Price Adjustment dispute and avoid inconsistent results between this Court and the Ontario Court is for GENBAND's Motion to be adjourned and considered by both courts at the joint hearing scheduled for December 15, 2010, when the related Nortel Motions will also be considered.

       7.      In making this request, the Canadian Nortel Debtors rely on section 10.6(b) of the ASA, which provides as follows:

> (b) To the fullest extent permitted by applicable Law, each Party: (i) agrees that any claim, action or proceeding by such Party seeking any relief whatsoever arising out of, or in connection with, this Agreement, or the transactions contemplated hereby shall be brought only in (a) either the U.S. Bankruptcy Court, if brought prior to the entry of a final decree closing the Chapter 11 Cases, or the Canadian Court, if brought prior to the termination of the CCAA Cases, provided that if (X) a final decree closing the Chapter 11 Cases has not been entered and (Y) the CCAA Cases have not terminated, **the U.S. Debtors or the Canadian Debtors may, in accordance with the Cross-Border Protocol, request that the U.S. Bankruptcy Court or the Canadian Court, as case may be, hold a joint hearing of the U.S. Bankruptcy Court and the Canadian Court** to determine the appropriate jurisdiction for such claim, action or proceeding [emphasis added].

In addition, pursuant to the Cross-Border Insolvency Protocol, this Court and the Ontario Court may conduct a joint hearing with respect to any cross-border matter and an interested party in either of these Chapter 11 Cases or the Canadian Proceedings may seek a joint hearing.[4] The Canadian Nortel Debtors respectfully submit that a joint hearing in respect of both the Nortel Motions and GENBAND's Motion is appropriate for two primary reasons: (1) the motions overlap significantly with respect to their subject matter; and (2) disputes in relation to the sale transaction with GENBAND are clearly cross-border matters, in that NNC and NNL were "Main

---

[4] Where the issue of the proper jurisdiction of either Court to determine an issued is raised by an interested party with respect to a motion filed in either Court, the Court before which such motion was initially filed may contact the other Court to determine an appropriate process by which the issue of jurisdiction will be determined, which process shall be subject to submissions by the "Core Parties" (which includes, among others, the US Debtors, the Canadian Nortel Debtors and the Monitor), the U.S. Trustee and any interested party prior to a determination on the issue of jurisdiction being made by either Court. See paras. 12(b) and 12(d) of the Cross-Border Insolvency Protocol.

Sellers" under the ASA, and the Ontario Court maintains exclusive jurisdiction over the Canadian Nortel Debtors and shared jurisdiction with this Court with respect to interpreting and enforcing the ASA.

8. In the event that GENBAND's Motion proceeds on December 8, 2010, the Canadian Nortel Debtors reserve all rights under the ASA, applicable law and in the Canadian Proceedings with respect to the dispute over the Purchase Price Adjustment and the relief purportedly being sought by GENBAND against the Canadian Debtors, including whether such dispute should be arbitrated or determined by this Court and the Ontario Court.

Dated: December 1, 2010
      Wilmington, Delaware

**BUCHANAN INGERSOLL & ROONEY PC**

/s/ Mona A. Parikh
Mary F. Caloway (No. 3059)
Mona A. Parikh (No. 4901)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295
Email:  mary.caloway@bipc.com
       mona.parikh@bipc.com

   -and-

Ken Coleman
Lisa Kraidin
**ALLEN & OVERY LLP**
1221 Avenue of the Americas
New York, New York  10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399
Email:  ken.coleman@allenovery.com
       lisa.kraidin@allenovery.com

*Attorneys for Ernst & Young Inc., as Monitor and Foreign Representative of the Canadian Nortel Group*