**<u>EXHIBIT D</u>**



**Shauna Martin**
**3605 E. Plano Parkway**
**Plano, Texas  75074**
**office: 972.265.3890**
**facsimile: 972.461.7516**
**shauna.martin@genband.com**

August 27, 2010

**Nortel Networks Corporation and Nortel Networks Limited**
5945 Airport Road, Suite 360
Mississauga, Ontario, Canada L4V 1R9
Facsimile: +1-905-863-2057
Attn: Anna Ventresca,
  *General Counsel-Corporate and Corporate Secretary*
Attn: Khush Dadyburjor,
  *Vice President, Mergers and Acquisitions*

**Nortel Networks Inc.**
Legal Department
220 Athens Way, Suite 300
Nashville, Tennessee, USA 37228
Facsimile: +1-615-432-4413
Attn: Lynn C. Egan
  *Secretary*

Ladies and Gentlemen,

    We have received your letter dated August 21, 2010 (the "August 21 Letter")
responding to our numerous requests for information, including in our letter to you dated
August 18, 2010 (the "August 18 Letter").  We appreciate many of your proposals in the
August 21 Letter, and recognize the cooperative spirit with which you have made them.
As stated in the August 18 Letter, though, it must be restated that we are entitled to the
records listed on Annex A to the August 18 Letter pursuant to that certain Asset Sale
Agreement by and among Nortel Networks Corporation ("NNC"), Nortel Networks
Limited ("NNL"), Nortel Networks Inc. ("NNI"), the other entities identified therein as
Sellers (together with NNC, NNL, and NNI, "Nortel"), GENBAND Inc. ("GB") and the
other Designated Purchasers that became parties thereto (together with GB,
"GENBAND"), dated December 22, 2009, as amended from time to time (the "ASA").
Terms used but not defined in this letter have the meanings ascribed to them in the ASA.

    We disagree with many of the statements included in the August 21, 2010 Letter
and that you have made to us with respect to Nortel's interpretation of various provisions
of the ASA.  We disagree, first, with Nortel's interpretation of Deferred Profit and
Nortel's insistence in applying purchase accounting.  This approach contradicts the plain

1

meaning of the ASA and the clear record of the negotiations between, and mutual agreement of, the parties.  We disagree, second, with your assertion that Section 5.22(b) of the ASA does not provide GENBAND the right to the records listed on Annex A of the August 18 Letter.  GENBAND has the right to these records for any of the multiple "reasonable purposes" that we have previously explained and the plain reading of the contract clearly supports our position.  We note, as well, that your reference to other Nortel asset sales to which GENBAND was not a party is irrelevant to our rights.  GENBAND negotiated and paid for certain rights under the ASA, including the right to records under Section 5.22(b); other parties' neglect to either negotiate for or enforce their rights has no bearing on our current disagreement, which pertains only to the ASA.

Despite these disagreements, which are not limited to the two specific disagreements above, and with the express reservation that we may raise these or other points in the future, we are prepared to accept certain of your proposals included in the August 21 Letter.  As discussed in our conference call on August 24, 2010 (the "August 24 Conference Call"), we agree, first, to Nortel's proposal that the time for GENBAND to deliver to Nortel the Closing Statement be extended until September 15, 2010.  As stated in the August 18 Letter, however, GENBAND's ability to timely produce the Closing Statement depends on Nortel's compliance with its contractual duties under the ASA.  Thus, GENBAND's ability to deliver the Closing Statement by the new September 15, 2010 deadline depends on Nortel providing the needed records.  We appreciate that during the August 24 Conference Call you agreed that the September 15, 2010 deadline may be modified should GENBAND not have timely access to the needed records.

We agree, second, to Nortel's proposal that Nortel reexamine its ability to provide the records requested on Annex A of the August 18 Letter, provide such information to GENBAND, and schedule a meeting between the accounting representatives from Nortel and GENBAND to discuss in detail the records provided.  We appreciate that during the August 24 Conference Call you agreed that this should occur as soon as is mutually agreeable between the finance professionals.

We agree, third, to Nortel's proposal that Price Waterhouse Cooper ("PWC") produce an unaudited carve-out closing balance sheet, subject to agreement between us with respect to the methodology PWC is to apply.  We look forward to resolving this and any other issues as soon as possible so that PWC can finish this work as soon as possible.

Our failure to comment on any statement in the August 21 Letter does not constitute our acceptance with or agreement to it.  GENBAND expressly reserves all of its rights and remedies.

Sincerely,

Shauna Martin, General Counsel
**GENBAND**
3605 E. Plano Pkwy., Suite 100
Plano, Texas 75074
Facsimile: +1-972-461-7516

2

Copies to:

Latham & Watkins LLP
885 Third Avenue
New York, New York 10022
United States
Attention:       David S. Allinson, Esq.
Facsimile:       +1-212-751-4864

Baker Botts LLP
2001 Ross Avenue, Suite 600
Dallas, Texas 75201
Attention:       Don J. McDermett, Jr., Esq.
                 Curt Anderson, Esq.
Facsimile:       +1-214-661-4454
                 +1-214-661-4900

Stikeman Elliott LLP
445 Park Avenue 7th Floor
New York, New York 10022
Attention:       Ron Ferguson, Esq.
Facsimile:       +1-212-371-7087

**Nortel Networks Limited and Nortel Networks Inc.**
5270 Sycamore Avenue
Bronx, New York 10471
Attention:       Robert Fishman
                 Senior Counsel

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
United States
Attention:       Laurent Alpert
Facsimile:       +1-212-225-3999

Ogilvy Renault LLP
200 Bay Street
Suite 3800, P.O. Box 84
Royal Bank Plaza, South Tower
Toronto, Ontario M5J 2Z4
Canada
Attention:       Michael Lang
Facsimile:       +1-416-216-3930