**EXHIBIT J**



**Shauna Martin**
3605 E. Plano Parkway
Plano, Texas  75074
office: 972.265.3890
facsimile: 972.461.7516
shauna.martin@genband.com

September 3, 2010

**Nortel Networks Corporation and Nortel Networks Limited**
5945 Airport Road, Suite 360
Mississauga, Ontario, Canada L4V 1R9
Facsimile: +1-905-863-2057
Attn: Anna Ventresca,
  *General Counsel-Corporate and Corporate Secretary*
Attn: Khush Dadyburjor,
  *Vice President, Mergers and Acquisitions*

**Nortel Networks Inc.**
Legal Department
220 Athens Way, Suite 300
Nashville, Tennessee, USA  37228
Facsimile: +1-615-432-4413
Attn: Lynn C. Egan
  *Secretary*

Dear Lynn Egan,

     We have received your letter dated August 13, 2010 (the "August 13 Letter") regarding "Verizon Receivables", a copy of which we are attaching hereto as **Annex A**. Capitalized terms used but not defined in this letter have the meanings ascribed to them in that certain Asset Sale Agreement by and among Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Inc., the other entities identified therein as Sellers, GENBAND Inc. ("GB") and the other Designated Purchasers that became parties thereto (together with GB, "GENBAND"), dated December 22, 2009, as amended from time to time (the "ASA").

     In the August 13 Letter, you describe a dispute with Verizon related to Nortel's January 2010 audit of an Assigned Contract, which you say revealed unpaid licenses with a value of $2,000,000.  You state that GENBAND entered into an agreement with Verizon post-Closing to settle this dispute, which required Verizon to pay to GENBAND $1,817,100 for the licenses under the Assigned Contract, which such payable you define as the "Verizon Receivables."  Without commenting on the accuracy or completeness of your description of the foregoing facts, we do not understand and therefore cannot agree with your assertions as to why the "Verizon Receivables" are Excluded Assets, and as such, we believe your requests on the second page of the August 13 Letter to be inappropriate.

1

It appears that your fundamental assertion is that the "Verizon Receivables" (as defined in the August 13 Letter) are "accounts receivable" of the Sellers, which are Excluded Assets. However, we don't believe that under Nortel Accounting Principles or GAAP Nortel would be permitted to recognize the amounts in dispute with Verizon as "accounts receivable" prior to Closing because the payables in question were (according to you) in dispute. Any accounts receivable resulting from an agreement entered into between GENBAND and Verizon post-Closing (which is what you describe in the August 13 Letter) are the property of GENBAND rather than Nortel.

Your statement in the August 13 Letter that "since the 'Verizon Receivables' do not constitute Construction-in-Process receivables, they are an Excluded Asset" inaccurately describes the mechanics of the ASA. Without commenting on whether the "Verizon Receivables" would be Construction-in-Process receivables, the mere fact that something is not a Construction-in-Process receivable clearly does not make it an Excluded Asset under the ASA. Your statement regarding "claims related to any Excluded Liability … constitut[ing] an Excluded Asset" similarly is unclear with regards to the ASA's terms, as you fail to identify any Excluded Liability or claims related to such.

Our failure to comment on any statement in the August 13 Letter does not constitute our acceptance with or agreement to it. GENBAND expressly reserves all of its rights and remedies.

If you have any questions about the contents of this letter, or if you wish to clarify your position in the August 13 Letter, we would welcome the opportunity to discuss this matter with you.

Sincerely,

Shauna Martin, General Counsel
**GENBAND**
3605 E. Plano Pkwy., Suite 100
Plano, Texas 75074
Facsimile: +1-972-265-3581

2

Copies to:

Latham & Watkins LLP
885 Third Avenue
New York, New York 10022
United States
Attention:	David S. Allinson, Esq.
Facsimile:	+1-212-751-4864

Baker Botts LLP
2001 Ross Avenue, Suite 600
Dallas, Texas 75201
Attention:	Don J. McDermett, Jr., Esq.
	Curt Anderson, Esq.
Facsimile:	+1-214-661-4454
	+1-214-661-4900

Stikeman Elliott LLP
445 Park Avenue 7th Floor
New York, New York 10022
Attention:	Ron Ferguson, Esq.
Facsimile:	+1-212-371-7087

**Nortel Networks Limited and Nortel Networks Inc.**
5270 Sycamore Avenue
Bronx, New York 10471
Attention:	Robert Fishman
	Senior Counsel

**Nortel Networks Corporation and Nortel Networks Limited**
5945 Airport Road, Suite 360
Mississauga, Ontario, Canada L4V IR9
Attention:	Anna Ventresca
	General Counsel-Corporate and Corporate Secretary
Attention:	Khush Dadyburjor
	Vice President, Mergers and Acquisitions
Facsimile:	+ 1-905-863-2057

**Nortel Networks Inc.**
Legal Department
220 Athens Way, Suite 300
Nashville, Tennessee, USA 37228
Attention:	Lynn C. Egan
	Secretary
Facsimile:	+1-615-432-4413

3

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
United States
Attention:   Laurent Alpert
Facsimile:   +1-212-225-3999

Ogilvy Renault LLP
200 Bay Street
Suite 3800, P.O. Box 84
Royal Bank Plaza, South Tower
Toronto, Ontario M5J 2Z4
Canada
Attention:   Michael Lang
Facsimile:   +1-416-216-3930

**<u>Annex A</u>**



# N<b>♡</b>RTEL

August 13, 2010

Shauna Martin
General Counsel
Genband Inc.
3605 E. Plano Parkway
Plano, Texas 75074
Fax 972-265-3581

Re:   Verizon Receivables

Dear Shauna:

Pursuant to Section 2.1.1(b) of the Asset Sale Agreement ("ASA") dated December 22, 2009 as amended, executed by Nortel Networks Corporation and certain of its affiliates ("Nortel") and Genband Inc. ("Genband"), Nortel has transferred and assigned to Genband all of Nortel's right, title and interest in and to, among other things, Nortel's Unbilled Accounts Receivable relating to the CVAS business, defined in the ASA as amounts classified as Construction-in-Process accounts. Other accounts receivable, either billed or unbilled, are an "Excluded Asset" pursuant to Section 2.1.2(a) of the ASA, and remain with Nortel.

Nortel Networks Inc. and Verizon Services Corp. ("Verizon") are parties to that certain General Product Purchase Agreement for Softswitch and TDM Products and Services, Contract no. C0404520, executed on or about 8/5/2004 ("GPPA"), which contract was assigned to Genband pursuant to the ASA. Under the GPPA, several years ago, Verizon purchased from Nortel DMS-100 and DMS-10 switches and Nortel licenses to certain software resident on such switches. In 2009, Nortel conducted an audit of the switches and discovered that Verizon was using certain software resident on the switches for which Verizon had not purchased a license. The value of such licenses was approximately $2,000,000. Nortel provided such audit to Verizon in January 2010.

It has come to our attention that, following the closing of Genband's purchase of the CVAS business pursuant to the ASA on May 28, 2010, former Nortel employees who became Genband employees have continued to work with Verizon to resolve the dispute, and that Verizon and Genband have executed a settlement agreement under which Verizon has agreed to pay to Genband $1,817,100 for the Nortel licenses (the "Verizon Receivables"). We have been informed that Verizon has sent purchase orders to Genband with respect to amounts due under the Nortel licenses, and that Genband has invoiced Verizon for such amounts as the POs have been received.

Nortel Networks Inc.
220 Athens Way, Nashville, Tennessee 37228-1304 USA   nortel.com

Shauna Martin
Genband Inc.
August 13, 2010
Page 2 of 3

Since the Verizon Receivables do not constitute Construction-in-Process receivables, they are an Excluded Asset under the ASA and remain with Nortel. Furthermore, under Section 2.1.2(c) of the ASA, claims relating to any Excluded Liability as defined in the ASA (which includes liabilities relating to any Excluded Asset) also constitute an Excluded Asset. Finally, under Section 5.12 of the ASA, Genband has agreed to promptly deliver to Nortel any payment or instrument received by Genband that is for the account of Nortel under the terms of the ASA.

Therefore we ask that you promptly take the following actions:

- provide us with a copy of the settlement agreement and the name and contact information of representatives of Verizon with whom you have been in discussions with respect to the settlement agreement;

- deliver to Nortel an accounting of all purchase orders received and expected to be received by Genband from Verizon with respect to the Verizon Receivables, copies of such purchase orders, and the related invoices issued by Genband;

- deliver to Nortel any amounts received by Genband in payment for the Verizon Receivables as of the date hereof, and any purchase orders and amounts that you may receive from Verizon after the date hereof with respect to the Verizon Receivables; and

- fully cooperate with Nortel and Verizon in the resolution of this matter.

If you have questions regarding this matter, please contact me at 615-432-4289, LynnEgan@nortel.com.

Very truly yours,

Lynn C. Egan
Senior Counsel

cc:   Khush Dadyburjor
      Robert Fishman



Shauna Martin
Genband Inc.
August 13, 2010
Page 3 of 3

    David S. Allinson, Latham & Watkins
    Don J. McDermett, Jr., Baker Botts
    Curt Anderson, Baker Botts
    Ron Ferguson, Stikeman Elliott