**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------X
                                          :
In re                                     :    Chapter 11
                                          :
Nortel Networks Inc., et al.,[1]          :    Case No. 09-10138 (KG)
                                          :
                      Debtors.            :    Jointly Administered
                                          :
-----------------------------------------------------X
```

## STIPULATION RESOLVING CLAIM BY AND BETWEEN
## MACK THORPE, JR. AND NORTEL NETWORKS INC.

This Stipulation (the "Stipulation") is entered into by and between Nortel

Networks Inc. ("Nortel Debtor") and Mack Thorpe, Jr. ("Claimant", and together with

Nortel Debtor, the "Parties"). The Parties hereby stipulate and agree as follows:

WHEREAS, on or about March 18, 2008 Claimant commenced a lawsuit (the

"Action") in the United States District Court for the Eastern District of North Carolina,

Raleigh Division alleging violations of the Employee Retirement Income Security Act of

1974 ("ERISA"); and

WHEREAS, on January 14, 2009 and July 14, 2009 (the "Petition Dates"), Nortel

Networks Inc. and its affiliated debtors and debtors in possession (the "Debtors") filed

voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax
identification number (collectively, the "Debtors"), are: Nortel Networks Inc. (6332), Nortel Networks
Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596),
Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel
Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc.
(3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel
Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable
Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in
the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, the Bankruptcy Court established the general bar dates of September 30, 2009 (other than for claims against Nortel Networks (CALA) Inc.) and January 25, 2010 (for claims against Nortel Networks (CALA) Inc.) for filing proofs of claim in these cases; and

WHEREAS, on April 7, 2009, the Bankruptcy Court entered an Order approving omnibus settlement procedures to resolve, mediate, compromise or otherwise settle certain claims and controversies (the "Settlement Order"); and

WHEREAS, on or about March 31, 2009, Claimant filed proof of claim number 831 in the amount of $1,441,417.90 relating to the relief sought in the Action ("Claim No. 831" or the "Claim"); and

WHEREAS, pursuant to the procedures authorized by the Settlement Order, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost and risk inherent in litigating the Claim, the Parties have agreed to this Stipulation to resolve their disputes; and

WHEREAS, the Parties have agreed that Claim No. 831 should be reduced and allowed as a general unsecured claim in the amount of One Hundred Fifteen Thousand, Dollars ($115,000.00);

NOW, THEREFORE, the Parties agree and stipulate as follows:

1. Resolution of Claim. Upon the approval of this Stipulation by the Bankruptcy Court:

2

(a) Claim No. 831 shall be reduced and allowed as a general unsecured claim by Claimant against Nortel Debtor in the amount of $115,000.00.

(b) This Stipulation shall be deemed to amend and supersede the Debtors' schedules with respect to Claimant, and aside from Claim No. 831 that is reduced and allowed herein, Claimant shall have no other or further claims against the Debtors.

2. <u>Release</u>. Simultaneous with the execution of this Stipulation, the parties shall execute the attached Stipulation of Dismissal of the Action with Prejudice, which Claimant shall file with the United States District Court for the Eastern District of North Carolina, Raleigh Division, no later than 7 days following approval of this Stipulation by the Bankruptcy Court. Upon approval of this Stipulation by the Bankruptcy Court, Claimant releases and forever discharges the Debtors and their respective affiliates, subsidiaries, shareholders, directors, officers, employees, agents, attorneys, and their personal representatives, successors and assigns, from any and all claims, defenses, demands, liabilities, obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attorney's fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated, that Claimant now has or hereafter may have against any of the Debtors, including, without limitation, any claim arising from or related to the Claim, the Action, or any other matter relating to or arising out of Claimant's former employment or other relationship with the Nortel Debtor or the termination of any such relationship.

3

3. <u>No Further Claims</u>.  Upon approval of this Stipulation by the Bankruptcy Court, Claimant shall be forever barred from (i) amending the Claim and (ii) filing any further proofs of claim against any of the Debtors in the Debtors' Chapter 11 cases.

4. <u>Binding Effect</u>.  This Stipulation and the Order approving the Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' Chapter 11 cases.

5. <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement between the Parties.

6. <u>No Transfer</u>.  Claimant represents that he has not sold, assigned or otherwise transferred the Claim to a third party.

7. <u>No Admissions</u>.  Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession on any legal issue raised in or relating to the Claim.

8. <u>Costs and Expenses</u>.  Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

9. <u>Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

4

10. <u>Manner of Execution</u>.  This Stipulation may be executed in counterparts, each of
which shall be an original, and such counterparts shall be construed together as
one instrument.  Facsimile or pdf signatures shall be deemed original signatures.

11. <u>Court Approval</u>.  All provisions of this Stipulation are subject to the approval of
the Bankruptcy Court.  In the event this Stipulation is not approved, the Parties
reserve all of their rights and defenses with respect to the Claim and this proposed
settlement shall not constitute an admission by the Debtors or their affiliates
regarding the validity of the Claim or that they have any liability thereunder.

12. <u>Claims Register</u>.  The Debtors, the Debtors claims' agent, Epiq Bankruptcy
Solutions, LLC, and the Clerk of the Court are authorized to take all necessary
and appropriate actions to give effect to this Stipulation.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties
have executed this Stipulation.

Dated: _____, 2010

Nortel Networks Inc.                              Mack Thorpe, Jr.

By: _____              By: _____
Lynn Egan, Secretary                           Mack Thorpe, Jr.

10. Manner of Execution. This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

11. Court Approval. All provisions of this Stipulation are subject to the approval of the Bankruptcy Court. In the event this Stipulation is not approved, the Parties reserve all of their rights and defenses with respect to the Claim and this proposed settlement shall not constitute an admission by the Debtors or their affiliates regarding the validity of the Claim or that they have any liability thereunder.

12. Claims Register. The Debtors, the Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: _10/10_ , 2010

Nortel Networks Inc.

By: _____
Lynn Egan, Secretary

Mack Thorpe, Jr.

By: _____
Mack Thorpe, Jr.