**EXHIBIT B**

**STIPULATION**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
Debtors. : Jointly Administered
:
---------------------------------------------------------------X

**STIPULATION OF SETTLEMENT OF CLAIM NO. 5047 FILED BY
BSI SUB, INC. AGAINST DEBTOR NORTEL NETWORKS INC.**

WHEREAS, on July 31, 2008, Pingtel Corp. (n/k/a BSI Sub, Inc.) ("BSI"), as Seller, and Bluesocket Inc., as Parent (collectively, the "Claimants"), entered into a purchase agreement (the "Purchase Agreement") with Nortel Networks Inc. ("NNI") for the sale of substantially all of the assets of Pingtel Corp. to NNI; and

WHEREAS, on January 14, 2009, NNI and each of its affiliated debtors and debtors in possession other than Nortel Networks (CALA) Inc. ("NN CALA") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court") (Case No. 09-10138 (KG) (Jointly Administered)), and on July 14, 2009, NN CALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, which case was later consolidated with the cases of the other Debtors for procedural purposes; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number (collectively, the "Debtors"), are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

WHEREAS, the Court established the general bar dates of September 30, 2009 (other than for claims against NN CALA) and January 25, 2010 (for claims against NN CALA) for filing proofs of claim in these cases; and

WHEREAS, on or about September 30, 2009, Claimants timely filed a proof of claim against NNI in the aggregate amount of $4,050,000.00, plus interest, which is listed on the Debtors' claim registry as claim number 5047 ("Claim No. 5047" or the "Claim"); and

WHEREAS, Claimants and NNI (collectively, the "Parties") have engaged in arm's-length negotiations and, in order to avoid the cost and risk inherent in litigating the Claim, have agreed to resolve the Claim in connection with the settlement of any and all claims the Claimants may have against any of the Debtors on the terms set forth in this Stipulation;

NOW, THEREFORE, the Parties stipulate and agree as follows:

1. Resolution of Claim.

Within ten (10) business days of entry of an order by the Court approving this Stipulation, NNI shall pay $325,000.00 (the "Settlement Payment") to BSI in full and final settlement of Claim No. 5047 and any other claims the Claimants may have against any of the Debtors, including without limit any claims that could be entitled to administrative priority under Bankruptcy Code sections 503(b), 507(a)(2) or otherwise. Within five (5) business days following receipt of the Settlement Payment, BSI shall withdraw Claim No. 5047 in writing with prejudice.

2. Release. Subject to receipt of the Settlement Payment as provided for in paragraph 1 of this Stipulation, effective upon entry of an order of the Court approving this Stipulation, Claimants release and forever discharge the Debtors, in both their corporate and fiduciary capacities as well as their respective affiliates, subsidiaries, shareholders, directors,

2

officers, employees, agents, attorneys, successors and assigns, from any and all claims, defenses, demands, liabilities, debts, obligations, damages, sums of money, promises, accounts, actions, controversies, causes of action, setoffs, recoupments, judgments, costs and expenses (including, without limitation, attorneys' fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated, in law or in equity, that Claimants now have, had, may have had, or may have hereafter against any of the Debtors from the beginning of the world to the date of this Release; provided, however, that if the Debtors initiate an action against the Claimants in respect of matters unrelated to the Claim or the Purchase Agreement, any rights the Claimants may have to assert affirmative defenses or counterclaims in any such action are expressly preserved.  For the avoidance of doubt, in no event shall the Claimants' assertion of any such affirmative defense or counterclaim entitle the Claimants to an affirmative recovery in any such action.

      3.      <u>No Further Claims</u>.  Upon entry of an order of the Court approving this Stipulation, Claimants shall be forever barred from (i) amending the Claim and (ii) filing or asserting any claims against any of the Debtors.

      4.      <u>Binding Effect</u>.  This Stipulation and the Order approving the Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' Chapter 11 cases.  The Parties' respective counsel are authorized to sign this Stipulation on the Parties' behalf.

      5.      <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by a written agreement between the Parties.

6. <u>No Transfer</u>.  Claimants represent that they have not sold, assigned or otherwise transferred the Claim to a third party, and will not do so.

7. <u>No Admissions</u>.  Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession by any Party hereto or any of the Debtors of (i) the validity of all or any part of the Claim or any defense thereto, or (ii) liability with respect to the Claim or any legal or factual issue relating to the Claim.

8. <u>Costs and Expenses</u>.  Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the Claim and the negotiation and preparation of this Stipulation, and not to seek from each other reimbursement of any such costs, expenses or attorneys' fees.

9. <u>Jurisdiction</u>.  The Court shall retain jurisdiction over all matters relating to this Stipulation, including, without limitation, the implementation of this Stipulation and any disputes arising hereunder.

10. <u>Governing Law</u>.  This Stipulation shall be interpreted and construed according to, and governed by, the laws of the State of New York.

11. <u>Manner of Execution</u>.  This Stipulation may be executed in counterparts, and such counterparts shall be construed together as one instrument.  Facsimile or pdf signatures shall be deemed original signatures.

12. <u>Court Approval</u>.  No provision of this Stipulation shall be effective unless and until the Stipulation is approved by the Court.  In the event that Court approval of this Stipulation is not obtained, this Stipulation shall be of no force or effect and the Parties reserve all of their rights and defenses with respect to the Claim.

13. <u>Claims Register</u>. Upon entry of an order by the Court approving this Stipulation, the Debtors, the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: DEC 9, 2010

| Nortel Networks Inc. | BSI Sub, Inc. |
|---|---|
| By: _____ | By: _____ |
| James L. Bromley | Gina Lynn Martin |
| Cleary Gottlieb Steen & Hamilton LLP | Goodwin Procter LLP |
| Counsel for the Debtors and Debtors in Possession | Counsel for the Claimants |

5