**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| NORTEL NETWORKS INC., *et al.* ) | Case No. 09-10138 (KG) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | **Requested Hearing Date:** |
| ) | **December 15, 2010 at 10:00 am** |
| ) | **Requested Objection Deadline:** |
| **)** | **December 15, 2010 at 9:00 a.m.** |
| ) | |
| ) | **Related to D.I. 4576** |
| ) | |

**GENBAND'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING GENBAND TO FILE UNDER SEAL THE EXHIBITS TO THE AFFIDAVIT OF SHAUNA MARTIN IN SUPPORT OF GENBAND'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 362(D) OF THE BANKRUPTCY CODE GRANTING RELIEF FROM THE AUTOMATIC STAY TO COMPEL ARBITRATION**

GENBAND US LLC (Formerly Genband Inc., "GENBAND") hereby moves this Court (the "Motion to Seal") for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing GENBAND to file under seal the exhibits to the *Affidavit of Shauna Martin in Support of GENBAND's Motion for Entry of an Order Pursuant to Section 362(d) of the Bankruptcy Code Granting Relief from the Automatic Stay to Compel Arbitration* [D.I. 4576] (the "Martin Affidavit").

**JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory bases of relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code.

**RELEVANT BACKGROUND**

3. Contemporaneous with the filing of this Motion to Seal, GENBAND is filing the Martin Affidavit.

4. The Martin Affidavit was filed in order to support the *Motion of Genband Inc. for Entry of an Order Pursuant to Section 362(d) of the Bankruptcy Code Granting Relief from the Automatic Stay to Compel Arbitration* [D.I. 4347] (the "Motion for Relief"), which the Debtors and Canadian Nortel Debtors have objected to.[1] *See* D.I. 4451 and 4449.

5. This Motion to Seal relates to GENBAND's purchase of assets associated with Nortel's Carrier Voice over IP and Communications Solutions Business (the "CVAS Business"). The Court approved the sale of the CVAS Business to GENBAND pursuant to the Stalking Horse Agreement dated as of December 22, 2009, by and among the Main Sellers and the EMEA Sellers and GENBAND.

6. The exhibits to the Martin Affidavit contain internal non-public business information relevant to GENBAND's ongoing business, as transferred from Nortel to GENBAND pursuant to the ASA.

---

[1] The Official Committee of Unsecured Creditors (the "Unsecured Creditors' Committee") filed a joinder in support of the Debtors' objection to the Motion for Relief on December 9, 2010. *See* D.I. 4561.

**BASIS FOR RELIEF**

7.      The relief requested by GENBAND is authorized under the Bankruptcy Code.  Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders to protect a party's confidential, commercial, or proprietary information "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ."  11 U.S.C. § 107(b)

8.      Furthermore, Bankruptcy Rule 9018 defines the procedure by which a party may move for relief under section 107(b) of the Bankruptcy Code:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires ... to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

FED. R. BANKR. P. 9018.

9.      Local Rule 9018-1 requires any party who seeks to file documents under seal to file a motion to that effect.  DEL. BANKR. L.R. 9018-1(b).

10.     A movant is not required to demonstrate "good cause" to file under seal. Rather, if the material sought to be filed under seal falls within one of the categories identified in Section 107 (b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application."  *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).  Bankruptcy Rule 9018 is intended to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury."  *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).

11. The exhibits to the Martin Affidavit include business information that is of the internal and non-public variety, and that is essential to the ongoing business of GENBAND. In an abundance of caution, this information should therefore be redacted and filed under seal in accordance with Section 107(b) of the Bankruptcy Code.

## **NOTICE**

12. Notice of the Motion to Seal has been given via first class mail and hand delivery to (i) the U.S. Trustee; (ii) counsel to the Unsecured Creditors' Committee; (iii) counsel to the Bondholder Group; (iv) counsel to Debtors; and (v) counsel to the Canadian Nortel Debtors. GENBAND submits that under the circumstances no other or further notice is necessary.

## **NO PRIOR REQUEST**

13. No prior request for the relief sought herein has been made to this or any other court.

**[Remainder of Page Intentionally Left Blank]**

WHEREFORE, GENBAND respectfully requests that this Court (i) grant this Motion to Seal and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: December 13, 2010
       Wilmington, Delaware

Respectfully submitted,

/s/ *Michael R. Lastowski*
Michael R. Lastowski (No. 3892)
Sommer L. Ross (No. 4598)
DUANE MORRIS, LLP
1100 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 657-4900
Facsimile: (302) 657-4901
E-mail:    mlastowski@duanemorris.com
             slross@duanemorris.com

and

Blair Connelly (Admitted *Pro Hac Vice*)
Eli J. Kay-Oliphant (Admitted *Pro Hac Vice*)
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1200
New York, New York 10022-4834
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
E-mail:   blair.connelly@lw.com
           eli.kay-oliphant@lw.com

*Counsel for GENBAND US LLC*

# Exhibit A

Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| NORTEL NETWORKS INC., *et al.* ) | Case No. 09-10138 (KG) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | **Related to Docket No. 4576 and _____** |

**ORDER GRANTING MOTION OF GENBAND INC. FOR ENTRY OF AN ORDER AUTHORIZING GENBAND TO FILE UNDER SEAL THE EXHIBITS TO THE AFFIDAVIT OF SHAUNA MARTIN IN SUPPORT OF GENBAND'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 362(D) OF THE BANKRUPTCY CODE GRANTING RELIEF FROM THE AUTOMATIC STAY TO COMPEL ARBITRATION**

Upon the motion dated December 13, 2010 (the "Motion to Seal"),[1] of GENBAND Inc. ("GENBAND") for entry of an order, pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, authorizing the Debtors to file under seal and in redacted form the exhibits to the *Affidavit of Shauna Martin in Support of GENBAND's Motion for Entry of an Order Pursuant to Section 362(d) of the Bankruptcy Code Granting Relief from the Automatic Stay to Compel Arbitration*; and adequate notice of the Motion to Seal having been given, and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion to Seal and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion to Seal.

2

the Motion to Seal is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion to Seal establish just cause for the relief requested in the Motion to Seal, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

    IT IS HEREBY ORDERED THAT:

    1.    The Motion to Seal is GRANTED.

    2.    The exhibits to the Martin Affidavit shall be omitted from the public filing in their entirety.

    3.    Notwithstanding any provision of the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) GENBAND is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) GENBAND may, in its discretion and without further delay, take any action and perform any act authorized under this Order.

    4.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: December _____, 2010
       Wilmington, Delaware

                                THE HONORABLE KEVIN GROSS
                                UNITED STATES BANKRUPTCY JUDGE