## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| _____ ) | Chapter 11 |
| In re: ) | |
| ) | Case No. 09-10138 (KG) |
| NORTEL NETWORKS INC., *et al.* ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | **Related to D.I. 4577** |
| ) | |
| _____ ) | |

### MOTION PURSUANT TO LOCAL RULE 9006-1(E) FOR AN ORDER SHORTENING THE TIME FOR NOTICE OF THE MOTION OF GENBAND'S FOR ENTRY OF AN ORDER AUTHORIZING GENBAND TO FILE UNDER SEAL THE EXHIBITS TO THE AFFIDAVIT OF SHAUNA MARTIN IN SUPPORT OF GENBAND'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 362(D) OF THE BANKRUPTCY CODE GRANTING RELIEF FROM THE AUTOMATIC STAY TO COMPEL ARBITRATION

GENBAND US LLC (Formerly Genband Inc., "GENBAND"), having filed the *Motion for Entry of an Order Authorizing GENBAND to File Under Seal the Exhibits to the Affidavit of Shauna Martin in Support of GENBAND's Motion for Entry of an Order Pursuant to Section 362(d) of the Bankruptcy Code Granting Relief from the Automatic Stay to Compel Arbitration* [D.I. 4577] (the "Motion to Seal")[1] hereby move (the "Motion to Shorten Time") this Court, pursuant to Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and section 102 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), for the entry of an order shortening the time for notice of the hearing to consider the Motion to Seal so that the Motion to Seal may be heard by the Court at the hearing currently scheduled for

---

[1]	Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion to Seal.

December 15, 2010 at 10:00 a.m. (Prevailing Eastern Time).  In support of this Motion to
Shorten Time, GENBAND respectfully states as follows:

## JURISDICTION

1.      The Court has jurisdiction to consider this Motion To Shorten Time
pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §
157(b)(2)(A) and (B).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

2.      Pursuant to Local Rule 9006-1(c) and (e), parties are required to provide at
least fourteen (14) days (seventeen (17) days if service is by mail) notice of all motions, unless
approval of shortened notice is granted by the Court.  For the reasons stated herein, GENBAND
requests that the time period for notice of the Motion to Seal be shortened so that the Motion to
Seal may be heard by the Court at the hearing currently scheduled for December 15, 2010 at
10:00 a.m. (Prevailing Eastern Time) (the "Hearing").  The Debtors also request that the Court
establish December 15, 2010 at 9:00 a.m. (Prevailing Eastern Time) (the "Proposed Objection
Deadline") as the deadline to object to the Motion to Seal.  The Proposed Objection Deadline
will allow parties in interest sufficient time to review the Motion to Seal but will still provide for
objections, if any, to be filed in advance of the Hearing.

## BASIS FOR THE RELIEF REQUESTED

3.      On November 17, 2010, GENBAND filed the *Motion of GENBAND Inc.
for Entry of an Order Pursuant to Section 362(d) of the Bankruptcy Code Granting Relief from
the Automatic Stay to Compel Arbitration* [D.I. 4347] (the "Motion for Relief").

4.      The Debtors and the Canadian Nortel Debtors have objected to the Motion
for Relief.  *See* D.I. 4451 and 4449.

5.      The Motion for Relief is scheduled for a hearing on December 15, 2010 at 10:00 a.m. (Prevailing Eastern Time).

6.      On December 13, 2010, GENBAND filed the *Affidavit of Shauna Martin in Support of GENBAND's Motion for Entry of an Order Pursuant to Section 362(d) of the Bankruptcy Code Granting Relief from the Automatic Stay to Compel Arbitration* [D.I. 4576] (the "Martin Affidavit")  As discussed in more detail in the Motion to Seal, the exhibits to the Martin Affidavit contain internal, non-public business information.  In light of this internal, non-public business information, GENBAND filed the Motion to Seal in order to protect the information contained in the exhibits to the Martin Affidavit.

7.      Since the Hearing on the Motion for Relief is scheduled for December 15, 2010 and consideration of the Martin Affidavit at the Hearing is necessary in order to aid the Court in its determination with respect thereto, GENBAND respectfully submits that the exigencies of this matter justify expedited consideration of the Motion to Seal.  Scheduling the Motion to Seal for a hearing on any other date would defeat the purpose of the Martin Affidavit. Moreover, considering the Motion to Seal on the same date as the Motion for Relief would best serve judicial economy.

8.      In light of the foregoing, GENBAND submits that sufficient cause exists to shorten the notice period to allow the Court to hear the Motion at the Hearing and that the relief requested herein is justified by the exigencies of the circumstances.

**NOTICE**

9.      In order to allow parties in interest additional time to respond, the Motion and this Motion to Shorten Time are being served by fax or email, and by hand delivery, on: (i) the U.S. Trustee; (ii) counsel to the Unsecured Creditors' Committee; (iii) counsel to the

Bondholder Group; (iv) counsel to Debtors; and (v) counsel to the Canadian Nortel Debtors.  In

light of the relief requested, GENBAND submits that under the circumstances no other or further

notice is necessary.

## <u>NO PRIOR REQUEST</u>

10.    No prior request for the relief sought herein has been made to this or any

other court.

**[Remainder of Page Intentionally Left Blank]**

WHEREFORE, GENBAND respectfully request that the Court enter the proposed Order,

substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested in the Motion

to Shorten Time and such other and further relief as may be just and proper.

Dated:  December 13, 2010
   Wilmington, Delaware

Respectfully submitted,

/s/ *Michael R. Lastowski*
Michael R. Lastowski (No. 3892)
Sommer L. Ross (No. 4598)
DUANE MORRIS, LLP
1100 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 657-4900
Facsimile: (302) 657-4901
E-mail: mlastowski@duanemorris.com
    slross@duanemorris.com

and

Blair Connelly (Admitted *Pro Hac Vice*)
Eli J. Kay-Oliphant (Admitted *Pro Hac Vice*)
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1200
New York, New York 10022-4834
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864
E-mail: blair.connelly@lw.com
   eli.kay-oliphant@lw.com

*Counsel for GENBAND US LLC*

## **Exhibit A**

Proposed Order

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| _____ | ) | Chapter 11 |
| In re: | ) | |
| | ) | Case No. 09-10138 (KG) |
| NORTEL NETWORKS INC., *et al.* | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Related to Docket No. 4576, 4577 and _____** |
| _____ | ) | |

## ORDER GRANTING MOTION PURSUANT TO LOCAL RULE 9006-1(E) FOR AN ORDER SHORTENING THE TIME FOR NOTICE OF THE MOTION OF GENBAND'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING GENBAND TO FILE UNDER SEAL THE EXHIBITS TO THE AFFIDAVIT OF SHAUNA MARTIN IN SUPPORT OF GENBAND'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 362(D) OF THE BANKRUPTCY CODE GRANTING RELIEF FROM THE <u>AUTOMATIC STAY TO COMPEL ARBITRATION</u>

Upon consideration of the motion (the "<u>Motion to Shorten Time</u>")[1] of GENBAND Inc.

("<u>GENBAND</u>") for entry of an order providing that the applicable notice period for the relief

requested in the *Motion for an Entry of an Order Authorizing GENBAND to File Under Seal the*

*Exhibits to the Affidavit of Shauna Martin in Support of GENBAND's Motion for Entry of an*

*Order Pursuant to Section 362(d) of the Bankruptcy Code Granting Relief from the Automatic*

*Stay to Compel Arbitration* [D.I. 4577] (the "<u>Motion to Seal</u>") be shortened pursuant to Rule

9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>") and section 102 of the United

States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "<u>Bankruptcy Code</u>"); and the Court

_____

[1]   Capitalized terms not defined herein shall have the meanings given to them in the Motion to Shorten Time.

having determined that granting the relief requested in the Motion to Shorten Time is

appropriate; and after due deliberation and sufficient cause appearing therefore;

IT IS HEREBY ORDERED THAT:

1.      The Motion to Shorten Time is GRANTED.

2.      The Motion to Seal shall be heard by the Court at the hearing currently scheduled

for December 15, 2010 at 10:00 a.m. (Prevailing Eastern Time).

3.      Any objections to the relief requested in the Motion to Seal shall be filed no later

than December 15, 2010 at 9:00 a.m. (Prevailing Eastern Time).

4.      The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.


Dated: December ____, 2010
       Wilmington, Delaware                    _____
                                               THE HONORABLE KEVIN GROSS
                                               UNITED STATES BANKRUPTCY JUDGE