# EXHIBIT A

**(Proposed Order)**

YCST01:10484462.1 068476.1001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------- X
                                                                    :
In re:                                                              : Chapter 11
                                                                    :
NORTEL NETWORKS INC., et al.,[1]                                    : Case No. 09-10138 (KG)
                                                                    :
                                    Debtors.                        : (Jointly Administered)
                                                                    :
------------------------------------------------------------------- X

## ORDER GRANTING THE EMEA ADMINISTRATORS
## LIMITED RELIEF FROM THE AUTOMATIC STAY

Upon the expedited motion (the "Motion")[2] filed by the court-appointed administrators and authorized foreign representatives (collectively, the "EMEA Administrators")[3] for Nortel Networks UK Limited ("NNUK"), Nortel Networks (Ireland) Limited ("NN Ireland") and certain of their affiliates (collectively, the "EMEA Debtors") in proceedings under the *Insolvency Act 1986* pending before the High Court of Justice of England and Wales (the "English Court"), pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware

---

[1] The Debtors in these Chapter 11 cases are: Nortel Networks Inc., Nortel Networks Capital Corporation, Alteon WebSystems, Inc., Alteon WebSystems International, Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc. and Nortel Networks Cable Solutions Inc.

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion.

[3] The Administrators in the UK Proceedings for all of the EMEA Debtors, with the exception of Nortel Networks (Ireland) Limited are: Alan Robert Bloom, Christopher John Wilkinson Hill, Alan Michael Hudson, and Stephen John Harris. The Administrators in the English Proceedings for Nortel Networks (Ireland) Limited are: Alan Robert Bloom and David Martin Hughes.

(the "Local Rules") for the entry of an order granting the EMEA Administrators limited relief from the automatic stay; and the Court, having considered and reviewed the Motion and all other documents filed in support thereof and having heard the statements of counsel in support of the relief requested in the Motion at the hearing before the Court (the "Hearing"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 157 and 1334; and it appearing that due notice of the Motion is sufficient under the circumstances and that no further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors' estates and creditors; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the EMEA Administrators are granted limited relief from the automatic stay in order to (i) issue the English Claim Form against NNI in the English Court and (ii) issue the Irish Summons against NNI in the Irish Court, in order to preserve certain Intercompany Claims that NNUK and NN Ireland may have against NNI before the potentially applicable limitation periods governing such Intercompany Claims expire under English and Irish law; and it is further

ORDERED that following commencement of the EMEA Actions, the EMEA Administrators shall proceed no further in respect to such claims against NNI without further order of this Court; and it is further

ORDERED that, except as explicitly specified and provided for herein, no party to the English Action is authorized to prosecute or take any further action in the English Action without further authorization of this Court; and it is further

2

3

ORDERED that, except as explicitly specified and provided for herein, no party to the Irish Action is authorized to prosecute or take any further action in the Irish Action without further authorization of this Court; and it is further

ORDERED that good cause exists to have this Order become effective immediately upon entry; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Order.


Dated: Wilmington, Delaware
_____, 2010

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE