# EXHIBIT J

Court File No.  09-CL-7950

*ONTARIO*
SUPERIOR COURT OF JUSTICE - COMMERCIAL LIST

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. c-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT
OF NORTEL NETWORKS CORPORATION,  NORTEL NETWORKS LIMITED,
NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS
INTERNATIONAL CORPORATION AND NORTEL NETWORKS
TECHNOLOGY CORPORATION

APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. c-36, AS AMENDED

**FACTUM OF GENBAND US LLC**
**(Returnable December 15, 2010)**

December 10, 2010

STIKEMAN ELLIOTT LLP
Barristers & Solicitors
5300 Commerce Court West
199 Bay Street
Toronto, Canada  M5L 1B9

**Sean F. Dunphy  LSUC#: 24941J**
Tel: (416) 869-5662
**Alexander D. Rose  LSUC#: 49415P**
Tel: (416) 869-5261
**Erica Tait   LSUC#: 55996O**
Tel: (416) 869-6805
Fax: (416) 947-0866

Lawyers for Genband US LLC

TO:        Attached Service List

*Updated as of Monday, November 29, 2010*

Court File No.  09-CL-7950

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE
### (COMMERCIAL LIST)

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. c-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL
NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL
CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED**

### SERVICE LIST

TO:      **OGILVY RENAULT LLP**
Royal Bank Plaza, South Tower
200 Bay Street, Suite 3800
Toronto, Ontario M5J 2Z4

Derrick Tay
Tony Reyes
Jennifer Stam

Email:    dtay@ogilvyrenault.com
treyes@ogilvyrenault.com
jstam@ogilvyrenault.com

Tel:    416.216.4000
Fax:   416.216.3930

Lawyers for the Applicants

- 2 -

TO:    **ERNST & YOUNG INC.**
        Ernst & Young Tower
        222 Bay Street, P.O. Box 251
        Toronto, ON  M5K 1J7

        Murray McDonald
        Brent Beekenkamp

        Email:   nortel.monitor@ca.ey.com

        Tel:    416.943.3016
        Fax:    416.943.3300

AND
TO:    **GOODMANS LLP**
        Bay Adelaide Centre
        333 Bay Street, Suite 3400
        Toronto, ON  M5H 2S7

        Jay Carfagnini
        Joseph Pasquariello
        Gail Rubenstein
        Fred Myers
        Chris Armstrong

        Email:   jcarfagnini@goodmans.ca
                  jpasquariello@goodmans.ca
                  grubenstein@goodmans.ca
                  fmyers@goodmans.ca
                  carmstrong@goodmans.ca

        Tel:    416.597.4107
        Fax:    416.979.1234

        Lawyers for the Monitor, Ernst & Young Inc.

AND
TO:    **OSLER HOSKIN AND HARCOURT LLP**
        100 King Street West
        1 First Canadian Place
        Suite 6100
        P.O. Box 50
        Toronto, ON  M5X 1B8

        Lyndon Barnes
        Rupert Chartrand
        Edward Sellers
        Adam Hirsh

        Email:   lbarnes@osler.com
                  rchartrand@osler.com
                  esellers@osler.com
                  ahirsh@osler.com

        Tel:    416.362.2111
        Fax:    416.862.6666

        Lawyers for the Boards of Directors of
        Nortel Networks Corporation and Nortel
        Networks Limited

AND
TO:    **FASKEN MARTINEAU DUMOULIN LLP**
        66 Wellington Street West
        Toronto Dominion Bank Tower
        P.O. Box 20, Suite 4200
        Toronto, ON  M5K 1N6

        Donald E. Milner
        Aubrey Kauffman
        Edmond Lamek
        Jon Levin

        Email:   dmilner@fasken.com
                  akauffman@fasken.com
                  elamek@fasken.com
                  jlevin@fasken.com

        Tel:    416.868.3538
        Fax:    416.364.7813

        Lawyers for Export Development Canada

- 3 -

AND TO:

**EXPORT DEVELOPMENT CANADA**
151 O'Connor Street
Ottawa, ON K1A 1K3

Jennifer Sullivan

Email:   jsullivan@edc.ca

Tel:     613.597.8651
Fax:     613.598.3113

AND TO:

**THORNTON GROUT FINNIGAN LLP**
3200-100 Wellington Street West
Toronto-Dominion Centre, Canadian Pacific Tower
Toronto, ON M5K 1K7

Robert I. Thornton
Rachelle Moncur
Leanne M. Williams

Email:   rthornton@tgf.ca
         rmoncur@tgf.ca
         lwilliams@tgf.ca

Tel:     416.304.1616
Fax:     416.304.1313

Lawyers for Flextronics Telecom Systems Ltd.

AND TO:

**McINNES COOPER**
Purdy's Wharf Tower II
1300 – 1969 Upper Water Street
Halifax, NS B3J 2V1

John Stringer, Q.C.
Stephen Kingston

Email:   john.stringer@mcinnescooper.com
         stephen.kingston@mcinnescooper.com

Tel:     902.425.6500
Fax:     902.425.6350

Lawyers for Convergys EMEA Limited

AND TO:

**MILLER THOMSON LLP**
Scotia Plaza
40 King Street West, Suite 5800
P.O. Box 1011
Toronto, ON M5H 3S1

Jeffrey Carhart

Email:   jcarhart@millerthomson.com

Tel:     416.595.8615/8577
Fax:     416.595.8695

Lawyers for Toronto-Dominion Bank

AND TO:

**CAW-CANADA**
Legal Department
205 Placer Court
Toronto, ON M2H 3H9

Barry E. Wadsworth
Lewis Gottheil

Email:   barry.wadsworth@caw.ca
         lewis.gottheil@caw.ca

Tel.:    416.495.3776
Fax:     416.495.3786

Lawyers for all active and retired Nortel employees represented by the CAW-Canada

AND TO:

**BOUGHTON LAW CORPORATION**
Suite 700
595 Burrard Street
Vancouver, BC V7X 1S8

R. Hoops Harrison

Email:   hharrison@boughton.ca

Tel:     604.687.6789
Fax:     604.683.5317

Lawyers for Tonko Realty Advisors (BC) Ltd., in its capacity as duly authorized agent for Holdings 1506 Enterprises Ltd.

- 4 -

| | |
|---|---|
| AND TO: | **BORDEN LADNER GERVAIS LLP** |
| | Scotia Plaza, 40 King Street West |
| | Toronto, ON  M5H 3Y4 |

Michael J. MacNaughton
Roger Jaipargas
Sam P. Rappos

Email:   mmacnaughton@blgcanada.com
Tel:      416. 367.6646
Fax:     416. 682.2837

Email:   rjaipargas@blgcanada.com
Tel:      416.367.6266
Fax:     416.361.7067

Email:   srappos@blgcanada.com
Tel:      416.367.6033
Fax:     416.361.7306

Lawyers for Bell Canada

AND TO:   **LANG MICHENER LLP**
Brookfield Place, Suite 2500
181 Bay Street
Toronto, ON  M5J 2T7

John Contini
Aaron Rousseau

Email    jcontini@langmichener.ca
Tel:      416.307.4148
Fax:     416.304.3767

Email    arousseau@langmichener.ca
Tel:      416.307.4081
Fax:     416.365.1719

Lawyers for ABN AMRO Bank N.V.

AND TO:   **SISKINDS LLP**
680 Waterloo Street
London, ON  N6A 3V8

Raymond F. Leach
A. Dimitri Lascaris
Monique L. Radlein

Email:   ray.leach@siskinds.com
            dimitri.lascaris@siskinds.com
            monique.radlein@siskinds.com

Tel:      519.672.2121
Fax:     519.672.6065

Lawyers for Indiana Electrical Workers Pension
Trust Fund IBEW, Laborers Local 100 and 397
Pension Fund, and Bruce William Lapare

AND TO:   **BENNETT JONES LLP**
1 First Canadian Place
Suite 3400
Toronto, ON  M5X 1A4

Kevin Zych
S. Richard Orzy
Gavin Finlayson

Email:   zychk@bennettjones.com
Tel:      416.777.5738
Fax:     416.863.1716

Email:   orzyr@bennettjones.com
Tel:      416.777.5737
Fax:     416.863.1716

Email:   finlaysong@bennettjones.com
Tel:      416.777.5762
Fax:     416.863.1716

Canadian Lawyers for The Informal Nortel
Noteholder Group

- 5 -

AND
TO:

**KOSKIE MINSKY**
20 Queen Street West
Suite 900
Toronto, ON  M5H 3R3

Mark Zigler
Susan Philpott
Demetrios Yiokaris
Andrea McKinnon
Celeste Poltak

Email:    mzigler@kmlaw.ca
Tel:      416.595.2090
Fax:      416.204.2877

Email:    sphilpott@kmlaw.ca
Tel:      416.595.2104
Fax:      416.204.2882

Email:    dyiokaris@kmlaw.ca
Tel:      416.595.2130
Fax:      416.204.2810

Email:    amckinnon@kmlaw.ca
Tel:      416.595.2150
Fax:      416.204.2874

Email:    cpoltak@kmlaw.ca
Tel:      416.595.2701
Fax:      416.204.2909

Lawyers for the Former Employees of Nortel

AND
TO:

**KOSKIE MINSKY**
20 Queen Street West
Suite 900
Toronto, ON  M5H 3R3

Mark Zigler
Susan Philpott
Demetrios Yiokaris
Andrea McKinnon
Celeste Poltak

Email:    mzigler@kmlaw.ca
Tel:      416.595.2090
Fax:      416.204.2877

Email:    sphilpott@kmlaw.ca
Tel:      416.595.2104
Fax:      416.204.2882

Email:    dyiokaris@kmlaw.ca
Tel:      416.595.2130
Fax:      416.204.2810

Email:    amckinnon@kmlaw.ca
Tel:      416.595.2150
Fax:      416.204.2874

Email:    cpoltak@kmlaw.ca
Tel:      416.595.2701
Fax:      416.204.2909

Lawyers for the LTD Beneficiaries

- 6 -

| | | | |
|---|---|---|---|
| AND TO: | **MILLER THOMSON LLP**<br>Scotia Plaza<br>40 King Street West, Suite 5800<br>P.O. Box 1011<br>Toronto, ON  M5H 3S1 | AND TO: | **MILLER THOMSON LLP**<br>Scotia Plaza<br>40 King Street West, Suite 5800<br>P.O. Box 1011<br>Toronto, ON  M5H 3S1 |

AND
TO:      **MILLER THOMSON LLP**
         Scotia Plaza
         40 King Street West, Suite 5800
         P.O. Box 1011
         Toronto, ON  M5H 3S1

         Jeffrey Carhart
         Margaret Sims
         James Klotz

         Email:   jcarhart@millerthomson.com
         Tel:     416.595.8615
         Fax:     416.595.8695

         Email:   msims@millerthomson.com
         Tel:     416.595.8577
         Fax:     416.595.8695

         Email:   jmklotz@millerthomson.com
         Tel:     416.595.4373
         Fax:     416.595.8695

         Lawyers for LG Electronics Inc.

AND
TO:      **LG ELECTRONICS INC.**
         11/F, LG Twin Towers (West)
         20 Yeouido-dong, Yeongduengpo-gu
         Seoul 150-721, Korea

         Joseph Kim

         Email:   joseph.kim@lge.com

         Tel:     +82.2.3777.3171
         Fax:     +82.2.3777.5345

AND
TO:      **MILLER THOMSON LLP**
         Scotia Plaza
         40 King Street West, Suite 5800
         P.O. Box 1011
         Toronto, ON  M5H 3S1

         Jeffrey Carhart
         Margaret Sims

         Email:   jcarhart@millerthomson.com
         Tel:     416.595.8615
         Fax:     416.595.8695

         Email   msims@millerthomson.com
         Tel:     416.595.8577
         Fax:     416.595.8695

         Canadian Lawyers for Telmar Network
         Technology, Inc. and Precision Communication
         Services, Inc.

AND
TO:      **CHAITONS LLP**
         185 Sheppard Avenue West
         Toronto, ON  M2N 1M9

         Harvey G. Chaiton

         Email:   harvey@chaitons.com

         Tel:     416.218.1129
         Fax:     416.218.1849

         Lawyers for IBM Canada Limited

- 7 -

AND
TO:

**PALIARE ROLAND ROSENBERG
ROTHSTEIN LLP**
Suite 501
250 University Avenue
Toronto, ON  M5H 3E5

Kenneth T. Rosenberg
Massimo (Max) Starnino
Lily Harmer
Tina Lie

Email:  ken.rosenberg@paliareroland.com
Tel:      416.646.4304
Fax:     416.646.4301

Email:  max.starnino@paliareroland.com
Tel:      416.646.7431
Fax:     416.646.4301

Email:  lily.harmer@paliareroland.com
Tel:      416.646.4326
Fax:     416.646.4301

Email:  tina.lie@paliareroland.com
Tel:      416.646.4332
Fax:     416.646.4301

Lawyers for the Superintendent of Financial
Services as Administrator of the Pension
Benefits Guarantee Fund

AND
TO:

**FRASER MILNER CASGRAIN LLP**
1 First Canadian Place
100 King Street West
Toronto, ON  M5X 1B2

R. Shayne Kukulowicz
Alex MacFarlane
Michael J. Wunder
Ryan Jacobs

Email:  Shayne.kukulowicz@fmc-law.com
          Alex.macfarlane@fmc-law.com
          Michael.wunder@fmc-law.com
          ryan.jacobs@fmc-law.com

Tel:      416.863.4511
Fax:     416.863.4592

Canadian Lawyers for the Official Committee of
Unsecured Creditors

AND
TO:

**GOWLING LAFLEUR HENDERSON LLP**
Suite 1600, First Canadian Place
100 King Street West
Toronto, ON  M5X 1G5

E. Patrick Shea

Email:  patrick.shea@gowlings.com

Tel:      416.369.7399
Fax:     416.862.7661

Lawyers for Westcon Group

AND
TO:

**MINDEN GROSS LLP**
145 King Street West, Suite 2200
Toronto, ON  M5H 4G2

Raymond M. Slattery
David T. Ullmann

Email:  rslattery@mindengross.com
          dullmann@mindengross.com
Tel:      416.369.4149
Fax:     416.864.9223

Lawyers for Verizon Communications Inc.

| AND TO: | **AIRD & BERLIS**<br>Brookfield Place<br>181 Bay Street, Suite 1800<br>Toronto, ON  M5J 2T9 | AND TO: | **GARDINER ROBERTS LLP**<br>Suite 3100, Scotia Plaza<br>40 King Street West<br>Toronto, ON  M5H 3Y2 |
|---|---|---|---|

AND TO: **AIRD & BERLIS**
Brookfield Place
181 Bay Street, Suite 1800
Toronto, ON  M5J 2T9

Harry Fogul
Peter K. Czegledy

Email:  hfogul@airdberlis.com
Tel:    416.865.7773
Fax:    416.863.1515

Email:  pczegledy@airdberlis.com
Tel:    416.865.7749
Fax:    416.863.1515

Lawyers for Microsoft Corporation

AND TO: **GARDINER ROBERTS LLP**
Suite 3100, Scotia Plaza
40 King Street West
Toronto, ON  M5H 3Y2

Jonathan Wigley
Vern W. DaRe

Email:  jwigley@gardiner-roberts.com
Tel:    416.865.6655
Fax:    416.865.6636

Email:  vdare@foglers.com
Tel:    416.865.6641
Fax:    416.865.6636

Lawyers for Andrew, LLC

AND TO: **AIRD & BERLIS LLP**
Barristers & Solicitors
Brookfield Place, P.O. Box 754
181 Bay Street, Suite 1800
Toronto, ON  M5J 2T9

D. Robb English
Sanjeev P. R. Mitra

Email:  renglish@airdberlis.com
        smitra@airdberlis.com

Tel:    416.863.1500
Fax:    416.863.1515

Lawyers for Tata Consultancy Services Limited and Tata America International Corporation

AND TO: **AIRD & BERLIS LLP**
Barristers & Solicitors
Brookfield Place, P.O. Box 754
181 Bay Street, Suite 1800
Toronto, ON  M5J 2T9

Steven L. Graff
Ian E. Aversa

Email:  sgraff@airdberlis.com
Tel:    416.865.7726
Fax:    416.863.1515

Email:  iaversa@airdberlis.com
Tel:    416.865.3082
Fax:    416.863.1515

Canadian Lawyers for Tellabs, Inc.

AND TO: **ALEXANDER HOLBURN BEAUDIN & LANG LLP**
Barristers and Solicitors
700 West Georgia Street
Suite 2700
Vancouver, British Columbia  V7Y 1B8

Sharon M. Urquhart

Email:  surquhart@ahbl.ca
Tel:    604.484.1757
Fax:    604.484.1957

Lawyers for Algo Communication Products Ltd.

AND TO: **MILLER THOMSON LLP**
Scotia Plaza
40 King Street, West, Suite 5800
P.O. Box 1011
Toronto, ON  M5H 3S1

Maurice Fleming

Email:  mfleming@millerthomson.com
Tel:    416.595.8686
Fax:    416.595.8695

Lawyers for Verint Americas Inc. and Verint Systems, Inc.

AND
TO:

**DAVIS LLP**
1 First Canadian Place
Suite 5600
100 King Street West
Toronto, ON  M5X 1E2

Bruce Darlington
Jonathan Davis-Sydor

Email:   bdarlington@davis.ca
Tel:      416.365.3529
Fax:      416.369.5210

Email:   jdavissydor@davis.ca
Tel:      416.941.5397
Fax:      416.365.7886

Lawyers for Brookfield LePage Johnson
Controls Facility Management Services


AND
TO:

**AIRD & BERLIS LLP**
Barristers & Solicitors
Brookfield Place, P.O. Box 754
181 Bay Street, Suite 1800
Toronto, ON  M5J 2T9

Steven L. Graff
Ian E. Aversa

Email:   sgraff@airdberlis.com
Tel:      416.865.7726
Fax:      416.863.1515

Email:   iaversa@airdberlis.com
Tel:      416.865.3082
Fax:      416.863.1515

Lawyers for Perot Systems Corporation


AND
TO:

**CASSELS BROCK & BLACKWELL LLP**
40 King Street West,
Suite 2100
Toronto, Ontario  M5H 3C2

Deborah S. Grieve

Email:   dgrieve@casselsbrock.com
Tel:      416.860.5219
Fax:      416.350.6923

Lawyers for Alvarion Ltd.


AND
TO:

**McMILLAN LLP**
Brookfield Place, Suite 4400
181 Bay Street
Toronto, Ontario  M5J 2T3

Andrew F. Kent
Tushara Weerasooriya
Hilary E. Clarke

Email:   andrew.kent@mcmillan.ca
Tel:      416.865.7160
Fax:      416.865.7048

Email:   hilary.clarke@mcmillan.ca
Tel:      416.865.7286
Fax:      416.865.7048

Email:   tushara.weerasooriya@mcmillan.ca
Tel:      416.865.7262
Fax:      416.865.7048

Lawyers for Royal Bank of Canada


AND
TO:

**McMILLAN LLP**
Brookfield Place, Suite 4400
181 Bay Street
Toronto, Ontario  M5J 2T3

Lawrence J. Crozier
Adam C. Maerov

Email:   lawrence.crozier@mcmillan.ca
Tel:      416.865.7178
Fax:      416.865.7048

Email:   adam.maerov@mcmillan.ca
Tel:      416.865.7285
Fax:      416.865.7048

Lawyers for Citibank


AND
TO:

**BLANEY McMURTRY LLP**
Barristers and Solicitors
1500 – 2 Queen Street East
Toronto, Ontario  M5C 3G5

Domenico Magisano

Email:   dmagisano@blaney.com
Tel:      416.593.2996
Fax:      416.593.5437

Lawyers for Expertech Network Installation Inc.

DOCSTOR: 1600901\3

- 10 -

AND
TO:

**GARDINER ROBERTS LLP**
Suite 3100, Scotia Plaza
40 King Street West
Toronto, ON  M5H 3Y2

Jonathan Wigley
Vern W. DaRe

Email:  jwigley@gardiner-roberts.com
Tel:    416.865.6655
Fax:   416.865.6636

Email:  vdare@foglers.com
Tel:    416.865.6641
Fax:   416.865.6636

Lawyers for Amphenol Corporation

AND
TO:

**LANG MICHENER LLP**
Brookfield Place
Suite 2500, 181 Bay Street
P.O. Box 747
Toronto, Ontario  M5J 2T7

Aaron Rousseau

Email:  arousseau@langmichener.ca
Tel:    416.307.4081
Fax:   416.365.1719

Lawyer for Right Management Inc.

AND
TO:

**AIRD & BERLIS LLP**
Barristers & Solicitors
Brookfield Place, P.O. Box 754
181 Bay Street, Suite 1800
Toronto, Ontario  M5J 2T9

Sanjeev P.R. Mitra

Email:  smitra@airdberlis.com

Tel:    416.863.1500
Fax:   416.863.1515

Lawyers for Enbridge Gas Distribution Inc.

AND
TO:

**CASSELS BROCK & BLACKWELL LLP**
2100 Scotia Plaza
40 King Street West
Toronto, Ontario  M5H 3C2

E. Bruce Leonard
Harvey Garman
Michael Casey

Email:  bleonard@casselsbrock.com
        hgarman@casselsbrock.com
        mcasey@casselsbrock.com

Tel:    416.860.6455
Fax:   416.640.3054

Lawyers for the UK Pension Protection Fund and
Nortel Networks UK Pension Trust Limited

AND
TO:

**MCFARLANE LEPSOE**
Barristers & Solicitors
70 Gloucester Street, Third Floor
Ottawa, Ontario  K2P 0A2

Paul K. Lepsoe

Email:   pklepsoe@mcfarlanelaw.com

Tel:      613.233.2679
Fax:     613.233.3774

Lawyers for Iron Mountain Canada Corporation
and Iron Mountain Information Management,
Inc.

AND
TO:

**McCARTHY TETRAULT LLP**
Suite 5300, Toronto Dominion Bank Tower
Toronto, Ontario  M5K 1E6

Thomas G. Heintzman
Junior Sirivar

Email:   theintzm@mccarthy.ca
Tel:      416.601.7627
Fax:     416.868.0673

Email:   jsirivar@mccarthy.ca
Tel:      416.601.7750
Fax:     416.868.0673

Lawyers for Frank Andrew Dunn

AND
TO:

**COLBY, MONET DEMERS, DELAGE &
CREVIER LLP**
Tour McGill College
1501 McGill College Avenue
Suite 2900
Montreal, Quebec  H3A 3M8

David J. Dropsy

Email:   ddropsy@colby-monet.com
Tel:      514.284.3663
Fax:     514.284.1961

Lawyers for GFI INC., a division of Thomas &
Betts Manufacturing Inc.

AND
TO:

**NELLIGAN O'BRIEN PAYNE LLP**
Barristers and Solicitors
50 O'Connor Street
Suite 1500
Ottawa, Ontario  K1P 6L2

Janice B. Payne
Steven Levitt
Christopher Rootham

Email:   janice.payne@nelligan.ca
           steven.levitt@nelligan.ca
           christopher.rootham@nelligan.ca

Tel:      613.231.8245
Fax:     613.788.3655

Lawyers for the Steering Committee of Nortel
Canadian Continuing Employees – Post CCAA as
at January 14, 2009

- 12 -

| AND TO: | **BAKER & McKENZIE LLP**<br>Brookfield Place, P.O. Box 874<br>181 Bay Street, Suite 2100<br>Toronto, Ontario  M5J 2T3 | AND TO: | **BENNETT JONES LLP**<br>1 First Canadian Place<br>Suite 3400<br>Toronto, Ontario  M5X 1A4 |
|---|---|---|---|

AND
TO:  **BAKER & McKENZIE LLP**
Brookfield Place, P.O. Box 874
181 Bay Street, Suite 2100
Toronto, Ontario  M5J 2T3

Chris Besant
Lydia Salvi

Email:  chris.besant@bakernet.com

Tel:    416.865.2318
Fax:    416.863.6275

Email:  lydia.salvi@bakernet.com

Tel:    416.865.6944
Fax:    416.863.6275

Lawyers for Jabil Circuit Inc.

AND
TO:  **BENNETT JONES LLP**
1 First Canadian Place
Suite 3400
Toronto, Ontario  M5X 1A4

Robyn M. Ryan Bell
Mark Laugesen

Email:  ryanbellr@bennettjones.com
        laugesenm@bennettjones.com

Tel:    416.863.1200
Fax:    416.863.1716

Lawyers for Tel-e Connect Systems Ltd. and
Tel-e Connect Systems (Toronto) Ltd.

AND
TO:  **SCHNEIDER & GAGGINO**
375 Lakeshore Drive
Dorval, Quebec  H9S 2A5

Dan Goldstein
Marco Gaggino

Email:  dgoldstein@schneidergaggino.com
        mgaggino@schneidergaggino.com

Tel:    514.631.8787
Fax:    514.631.0220

Lawyers for the Teamsters Quebec Local 1999

AND
TO:  **MINDEN GROSS LLP**
145 King Street West, Suite 2200
Toronto, Ontario  M5H 4G2

Timothy R. Dunn

Email:  tdunn@mindengross.com
Tel:    416.369.4335
Fax:    416.864.9223

Lawyers for 2748355 Canada Inc.

AND
TO:  **EURODATA**
2574 Sheffield Road
Ottawa, Ontario  K1B 3V7

Nanci Shore

Email:  nanci@eurodata.ca
Tel:    613.745.0921
Fax:    613.745.1172

AND
TO:  **BALDWIN LAW PROFESSIONAL
CORPORATION**
54 Victoria Avenue
Belleville, Ontario K8N 5J2

Ian W. Brady

Email:  lbrady@baldwinlaw.ca
Tel:    613.771.9991
Fax:    613.771.9998

Lawyers for Sydney Street Properties Corp.

- 13 -

AND
TO:

**AETL TESTING, INC.**
130 Chaparral Court, Suite 250
Anaheim, California 92808

Raffy Lorentzian

Email:  raffy.lorentzian@ntscorp.com
Tel:  714.998.4351
Fax:  714.998.7142

Lawyers for AETL Testing, Inc.

AND
TO:

**AIRD & BERLIS LLP**
Barristers & Solicitors
Brookfield Place, P.O. Box 754
181 Bay Street, Suite 1800
Toronto, ON  M5J 2T9

Steven L. Graff
Ian E. Aversa

Email:  sgraff@airdberlis.com
Tel:  416.865.7726
Fax:  416.863.1515

Email:  iaversa@airdberlis.com
Tel:  416.865.3082
Fax:  416.863.1515

Lawyers for Huawei Technologies Co. Ltd.

AND
TO:

**SHIBLEY RIGHTON LLP**
Barristers and Solicitors
250 University Avenue, Suite 700
Toronto, Ontario M5H 3E5

Arthur O. Jacques
Thomas McRae

Email:  arthur.jacques@shibleyrighton.com
Tel:  416.214.5213
Fax:  416.214.5413

Email :  thomas.mcrae@shibleyrighton.com
Tel :  416.214.5206
Fax :  416.214.5400

Lawyers for The Recently Severed Canadian
Nortel Employees Committee

AND
TO:

**SHIBLEY RIGHTON LLP**
Barristers and Solicitors
250 University Avenue, Suite 700
Toronto, Ontario M5H 3E5

Arthur O. Jacques
Thomas McRae

Email:  arthur.jacques@shibleyrighton.com
Tel:  416.214.5213
Fax:  416.214.5413

Email :  thomas.mcrae@shibleyrighton.com
Tel :  416.214.5206
Fax :  416.214.5400

Co-Counsel for the Steering Committee of Nortel
Canadian Continuing Employees – Post CCAA as
at January 14, 2009

AND
TO:

**LAVERY, DE BILLY, LLP**
Barristers & Solicitors
Suite 2400, 600 de la Gauchetière West
Montreal, Quebec H3B 4L8

Jean-Yves Simard

Email :  jysimard@lavery.ca
Tel :  514.871.1522
Fax :  514.871.8977

Lawyers for Texas Landlords to Nortel
Networks Inc.

AND
TO:

**NATIONAL TECHNICAL SYSTEMS**
130 Chaparral Ct., Suite 250
Anaheim, California, U.S.A.
92808

Raffy Lorentzian

Email:  raffy.lorentzian@ntscorp.com
Tel:  714.998.4351

DOCSTOR: 1600901\3

- 14 -

AND
TO:
**GOWLING LAFLEUR HENDERSON LLP**
Suite 1600, First Canadian Place
100 King Street West
Toronto, ON  M5X 1G5

David F.W. Cohen

Email:   david.cohen@gowlings.com

Tel:      416.369.6667
Fax:     416.862.7661

Lawyers for General Electric Canada Equipment
Finance G.P. and GE Capital Canada Leasing
Services Inc.

AND
TO:
**DAVIS LLP**
1 First Canadian Place
Suite 5600
100 King Street West
Toronto, ON  M5X 1E2

Bruce Darlington
Jonathan Davis-Sydor

Email:   bdarlington@davis.ca
Tel:      416.365.3529
Fax:     416.369.5210

Email:   jdavissydor@davis.ca
Tel:      416.941.5397
Fax:     416.365.7886

Lawyers for Computershare Trust Company of
Canada

AND
TO:
**DAVIES WARD PHILLIPS & VINEBERG
LLP**
44th Floor
1 First Canadian Place
Toronto, ON  M5X 1B1

Robin B. Schwill
Matthew P. Gottlieb

Email:   rschwill@dwpv.com
Tel:      416.863.0900
Fax:     416.863.0871

Email:   mgottlieb@dwpv.com
Tel:      416.863.0900
Fax:     416.863.0871

Lawyers for Nortel Networks UK Limited (In
Administration)

AND
TO:
**LAX O'SULLIVAN SCOTT LLP**
Counsel
Suite 1920, 145 King Street West
Toronto, Ontario  M5H 1J8

Terrence O'Sullivan
Shaun F. Laubman

E-mail:  tosullivan@counsel-toronto.com
Tel:      416.598.1744
Fax:     416.598.3730

Email:   slaubman@counsel-toronto.com
Tel:      416.598.1744
Fax:     416.598.3730

Lawyers for William A. Owens

- 15 -

AND
TO:

**BAKER & McKENZIE LLP**
Brookfield Place, P.O. Box 874
181 Bay Street, Suite 2100
Toronto, Ontario  M5J 2T3

Lydia Salvi

Email:  lydia.salvi@bakernet.com

Tel:    416.865.6944
Fax:    416.863.6275

Lawyers for Wipro Limited

AND
TO:

**AIRD & BERLIS LLP**
Barristers & Solicitors
Brookfield Place, P.O. Box 754
181 Bay Street, Suite 1800
Toronto, ON  M5J 2T9

Steven L. Graff
Ian E. Aversa

Email:  sgraff@airdberlis.com
Tel:    416.865.7726
Fax:    416.863.1515

Email:  iaversa@airdberlis.com
Tel:    416.865.3082
Fax:    416.863.1515

Lawyers for the Current and Former Employees
of Nortel Networks Inc. who are or were
Participants in the Long-Term Investment Plan
Sponsored by Nortel Networks Inc.

AND
TO:

**McCARTHY TETRAULT LLP**
Suite 5300, TD Bank Tower
Toronto Dominion Centre
Toronto, Ontario  M5K 1E6

Heather Meredith

Email:  hmeredith@mccarthy.ca
Tel:    416.601.8342
Fax:    416.868.0673

Lawyers for Hitachi Communications
Technologies, Ltd.

AND
TO:

**TORYS LLP**
79 Wellington Street West, Suite 3000
Box 270, TD Centre
Toronto, Ontario  M5K 1N2

Scott Bomhof

Email:  sbomhof@torys.com
Tel:    416.865.7370
Fax:    416.865.7380

Lawyers for Nokia Siemens Networks B.V.

AND
TO:

**DEPARTMENT OF JUSTICE**
Ontario Regional Office
The Exchange Tower, Box 36
130 King Street W., Suite 3400
Toronto, Ontario  M5X 1K6

Diane Winters

Email:  dwinters@justice.gc.ca
Tel:    416.973.3172
Fax:    416.973.0810

AND
TO:

**LANG MICHENER LLP**
Brookfield Place
181 Bay Street, Suite 2500
Toronto, Ontario, M5J 2T7

Sheryl E. Seigel

Email:  sseigel@langmichener.ca
Tel:    416.307.4063
Fax:    416.365.1719

Lawyers for The Bank of New York Mellon

- 16 -

AND
TO:

**BLAKE, CASSELS & GRAYDON LLP**
199 Bay Street, Suite 2800
Commerce Court West
Toronto, Ontario  M5L 1A9

Susan M. Grundy
Marc Flynn

Email:  susan.grundy@blakes.com
Tel:    416.863.2572
Fax:    416.863.2653

Email:  marc.flynn@blakes.com
Tel:    416.863.2685
Fax:    416.863.2653

Lawyers for Telefonaktiebolaget L M Ericsson (publ)

AND
TO:

**BLAKE, CASSELS & GRAYDON LLP**
199 Bay Street, Suite 2800
Commerce Court West
Toronto, Ontario  M5L 1A9

Pamela Huff
Milly Chow
Hugh DesBrisay
Craig Thorburn

Email:  pamela.huff@blakes.com
Tel:    416.863.2958
Fax:    416.863.2653

Email:  milly.chow@blakes.com
Tel:    416.863.2594
Fax:    416.863.2653

Email:  hugh.desbrisay@blakes.com
Tel:    416.863.2426
Fax:    416.863.2653

Email:  craig.thorburn@blakes.com
Tel:    416.863.2965
Fax:    416.863.2653

Lawyers for MatlinPatterson Global Advisers LLC, MatlinPatterson Global Opportunities Partners III L.P. and MatlinPatterson Opportunities Partners (Cayman) III L.P.

AND
TO:

**McCARTHY TETRAULT LLP**
Suite 5300, Toronto Dominion Bank Tower
Toronto, Ontario  M5K 1E6

Kevin P. McElcheran
Ryan Stabile

Email:  kmcelcheran@mccarthy.ca
Tel:    416.601.7730
Fax:    416.868.0673

Email:  rstabile@mccarthy.ca
Tel:    416.601.8335
Fax:    416.868.0673

Lawyers for Avaya Inc.

AND
TO:

**SACK GOLDBLATT MITCHELL LLP**
20 Dundas Street West
Suite 1100
Toronto, Ontario  M5G 2G8

James McDonald
Darrell Brown

Email:  jmcdonald@sgmlaw.com
Tel:    416.979.6425
Fax:    416.591.7333

Email:  dbrown@sgmlaw.com
Tel:    416.979.4050
Fax:    416.591.7333

Lawyers for Edmund Fitzgerald

- 17 -

AND
TO:

**FOGLER, RUBINOFF LLP**
Barristers and Solicitors
Suite 1200
Toronto-Dominion Centre
95 Wellington Street West
Toronto, Ontario  M5J 2Z9

Jeffrey K. Spiegelman

Email:   jspiegelman@foglers.com
Tel:     416.864.9700
Fax:     416.941.8852

Lawyers for Belden (Canada) Inc.

AND
TO:

**STIKEMAN ELLIOTT LLP**
445 Park Avenue, 7th Floor
New York, NY  10022

Gordon Cameron
Ron Ferguson

Email:   gncameron@stikeman.com
Tel:     212.845.7464
Fax:     212.371.7087

Email:   rferguson@stikeman.com
Tel:     212.845.7477
Fax:     212.371.7087

Lawyers for GENBAND Inc.

AND
TO:

**STIKEMAN ELLIOTT LLP**
5300 Commerce Court West
199 Bay Street
Toronto, ON  M5L 1B9

Sean F. Dunphy

Email:   sdunphy@stikeman.com
Tel:     416.869.5662
Fax:     416.947.0866

Lawyers for GENBAND Inc.

AND
TO:

**BORDEN LADNER GERVAIS LLP**
Barristers and Solicitors
Scotia Plaza, Suite 4400
40 King Street West
Toronto, ON  M4H 3Y4

John D. Marshall
Craig J. Hill

Email:   jmarshall@blgcanada.com
Tel:     416.367.6024
Fax:     416.361.2763

Email:   chill@blgcanada.com
Tel:     416.367.6156
Fax:     416.631.7301

Lawyers for the U.K. Pensions Regulator

AND
TO:

**VINCENT DAGENAIS GIBSON LLP/s.r.l**
Barristers and Solicitors
600-325 Dalhousie Street
Ottawa, ON  K1N 7G2

Thomas Wallis

E-mail:  thomas.wallis@vdg.ca
Tel:     613.241.2701
Fax:     613.241.2599

Lawyers for La Regie des Rentes du Quebec

AND
TO:

**ROCHON GENOVA LLP**
121 Richmond Street West
Suite 900
Toronto, ON  M5H 2K1

Joel P. Rochon

Email:   jrochon@rochongenova.com
Tel:     416.363.1867
Fax:     416.363.0263

Lawyers for the Opposing LTD Employees

- 18 -

AND
TO:

**BLAKE, CASSELS & GRAYDON**
Box 25, Commerce Court West
199 Bay Street, Suite 2800
Toronto, Ontario  M5L 1A9

Pamela J. Huff
J. Jeremy Forgie

Email:   pamela.huff@blakes.com
Tel:     416.863.2958
Fax:     416.863.2653

Email:   jeremy.forgie@blakes.com
Tel:     416.863.3888
Fax:     416.863.2653

Lawyers for The Northern Trust Company,
Canada

AND
TO:

**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
One Liberty Plaza
New York, NY 10006

James Bromley
Lisa Schweitzer

Email:   lschweitzer@cgsh.com
         jbromley@cgsh.com
Tel:     212.225.2000
Fax:     212.225.3999

Lawyers for Nortel Networks Inc.

AND
TO:

**LERNERS LLP**
130 Adelaide St. West
Suite 2400
Toronto, ON  M5H 3P5

William E. Pepall

Email:   wpepall@lerners.ca
Tel:     416.601.2352
Fax:     416.867.2415

Lawyers for the Former Employees in Respect
of the Distribution of the Corpus of the Health
and Welfare Trust

AND
TO:

**MACLEOD DIXON LLP**
3700 Canterra Tower
400 Third Avenue SW
Calgary, Alberta
T2P 4H2

Kyle D. Kashuba

Email:   kyle.kashuba@macleoddixon.com
Tel:     403.267.8399
Fax:     403.264.5973

Constellation NewEnergy Canada Inc.

AND
TO:

**SACK GOLDBLATT MITCHELL**
500 – 30 rue Metcalfe St.
Ottawa, ON  K1P 5L4

Peter Engelmann
Fiona Campbell

Email:   pengelmann@sgmlaw.com
Tel:     613-482-2452
Fax:     613-235-3041

Email:   fcampbell@sgmlaw.com
Tel:     613-482-2451
Fax:     613-235-3041

Lawyers for the LTD Beneficiaries in Respect of the
Distribution of the Corpus of the Health and Welfare
Trust

AND
TO:

**LANG MICHENER LLP**
Brookfield Place, Suite 2500
181 Bay Street
Toronto, ON  M5J 2T7

D. Brent McPherson

Email:   bmcpherson@langmichener.ca
Tel:     416.307.4103
Fax:     416.304.3769

Lawyers for Wells Fargo Bank, National
Association, as successor by merger to Wachovia
Bank, N.A., in its capacity as Servicer for the Nortel
Networks Pass-Through Trust, Series 1-1

- 19 -

| | | | |
|---|---|---|---|
| AND TO: | **McCARTHY TETRAULT LLP** Suite 5300, Toronto Dominion Bank Tower Toronto, Ontario  M5K 1E6 | AND TO: | **DAVID STEER** 10 Cypress Court Nepean, ON  K2H 8Z8 |

AND
TO:      **McCARTHY TETRAULT LLP**
         Suite 5300, Toronto Dominion Bank Tower
         Toronto, Ontario  M5K 1E6

         Barbara J. Boake
         James D. Gage

         E-mail:  bboake@mccarthy.ca
         Tel:     416.601.7557
         Fax:     416.868.0673

         Email:   jgage@mccarthy.ca
         Tel:     416.601.7539
         Fax:     416.686.0673

         Lawyers for Morneau Sobeco Limited
         Partnership

AND
TO:      **DAVID STEER**
         10 Cypress Court
         Nepean, ON  K2H 8Z8

         E-mail:  davidsteer127@sympatico.ca

## COURTESY COPIES:

| AND TO: | **LEWIS AND ROCA**<br>40 North Central Avenue<br>Phoenix, Arizona<br>USA 85004-4429 | AND TO: | **AKIN GUMP STRAUSS HAUER & FELD LLP**<br>One Bryant Park<br>New York, NY 10036 |
|---|---|---|---|

**LEWIS AND ROCA**
40 North Central Avenue
Phoenix, Arizona
USA 85004-4429

Scott K. Brown

Email:   sbrown@lrlaw.com

Tel:      602.262.5321
Fax:     602.734.3866

Lawyers for The Prudential Insurance
Company of America

**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY 10036

Fred S. Hodara

Email:   fhodara@akingump.com

Tel:      212.872.1000
Fax:     212.872.1002

U.S. Lawyers for the Official Committee of
Unsecured Creditors

AND TO: **CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061

Steven J. Reisman
James V. Drew

E-mail:   sreisman@curtis.com
            jdrew@curtis.com

Tel:      212.696.6000
Fax:     212-697-1559

Lawyers for Flextronics International

AND TO: **MILBANK, TWEED, HADLEY McCLOY LLP**
1 Chase Manhattan Plaza
New York, NY 10005

Dennis F. Dunne
Andrew M. Leblanc
Albert A. Pisa

Email:   DDunne@milbank.com
Tel:      212.530.5770
Fax:     212.530.5219

Email:   ALeblanc@milbank.com
Tel:      212.835.7574
Fax:     212.530.5219

Email:   APisa@milbank.com
Tel:      212.530.5319
Fax:     212.530.5219

U.S. Lawyers for The Informal Nortel
Noteholder Group

- 21 -

AND
TO:

**VEDDER PRICE P.C.**
1633 Broadway, 47th Floor
New York, New York 10019

Michael L. Schein

Email:  mschein@vedderprice.com

Tel:    212.407.6920
Fax:    212.407.7799

U.S. Lawyers for Telmar Network Technology,
Inc. and Precision Communication Services, Inc.

AND
TO:

**MACLEOD DIXON LLP**
3700 Canterra Tower
400, 3rd Avenue N.W.
Calgary, Alberta T2P 4H2

Andrew Robertson
Caylee M. Rieger

Email :  andrew.robertson@macleoddixon.com
         caylee.rieger@macleoddixon.com

Tel :    403.267.8222
Fax :    403.264.5973

Agent for Nelligan O'Brien Payne LLP, lawyers
for the Steering Committee of Recently Severed
Canadian Nortel Employees and lawyers for the
Steering Committee of Nortel Canadian
Continuing Employees – Post CCAA as at
January 14, 2009

AND
TO:

**BRYAN CAVE LLP**
161 North Clark Street, Suite 4300
Chicago, Illinois 60601

Eric S. Prezant

Email:  eric.prezant@bryancave.com
Tel:    312.602.5033
Fax:    312.602.5050

U.S. Lawyers for Tellabs, Inc.

AND
TO:

**LATHAM & WATKINS LLP**
885 Third Avenue
New York, NY 10022-4834

Michael J. Riela

Email: michael.riela@lw.com

Tel :    212.906.1373
Fax :    212.751.4864

U.S. Lawyers for The Bank of New York
Mellon

Court File No.  09-CL-7950

*ONTARIO*
**SUPERIOR COURT OF JUSTICE - COMMERCIAL LIST**

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT,*
**R.S.C. 1985, c. c-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION**

**APPLICATION UNDER THE** *COMPANIES' CREDITORS ARRANGEMENT ACT,*
**R.S.C. 1985, c. c-36, AS AMENDED**

**FACTUM OF GENBAND US LLC**
**(returnable December 15, 2010)**

## PART I - INTRODUCTION

1.      Genband US LLC (formerly Genband Inc. ("**Genband**")), acquired certain assets relating to Nortel's Carrier Voice Over IP and Associated Solutions ("**CVAS**") Business pursuant to an asset sale agreement dated December 22, 2009 (the "**ASA**"). The purchase price paid by Genband for the CVAS Business is subject to post-closing adjustment based upon a closing statement that was delivered by Genband in September 2010.  The parties agreed in the ASA to resolve any disagreement relating to the determination of the closing statement through negotiation and, failing consensual resolution, to refer any remaining disagreement to an independent auditor.   The ASA, which sets forth the dispute resolution process, was recommended by the Monitor and approved by this Court in January 2010 and again in March 2010.

2.     A dispute arose between Genband and Nortel with respect to the final purchase price payable under the ASA and the closing statement (the "**PPA Dispute**").  In accordance with the dispute resolution process in the ASA, Nortel provided Genband with a "Disagreement Notice" in October 2010.  However, when Genband sought to refer the PPA Dispute to the Accounting Arbitrator following the expiry of the fifteen day negotiation period, Nortel refused.  Instead, Nortel advocated for a new category of dispute and process of dispute resolution of its own invention, contrary to the express terms of the ASA which it entered into and which this Court approved on two occasions.

3.     Pursuant to this motion, Genband seeks an order requiring Nortel to submit the PPA Dispute to the Accounting Arbitrator in accordance with the mandatory dispute resolution provisions of the ASA.  Genband is entitled to that relief because it negotiated for a final and binding dispute resolution process that would ensure the timely and effective resolution of disputes relating to the final purchase price and the closing statement.  The mandatory dispute resolution provisions of the ASA are a plain and unambiguous reflection of the parties' intent and the PPA Dispute is clearly within the jurisdiction and competence of the Accounting Arbitrator.  Where, as here, the subject matter of a dispute falls within the ambit of an arbitration provision, deference should be given to the agreement made by the parties.  Such deference is consistent with the general legislative and judicial policy of favouring arbitration over litigation when the parties have agreed to it.

- 3 -

4.    Requiring Nortel to abide by the agreement it made is neither unfair nor unreasonable.  Doing so will not result in any prejudice to Nortel and there is no compelling basis on which to deny Genband the benefit of the arbitration process it bargained for.  To seek, as Nortel does, to ignore that agreement as approved by this Court on two occasions, is nothing less than a collateral attack on this Court's approval orders.

## PART II - THE FACTS

### CCAA and Other Insolvency Proceedings

5.    On January 14, 2009, certain corporations and subsidiaries of the Nortel global enterprise filed separate insolvency and bankruptcy proceedings in Canada, the United States and England and Wales.

6.    In Canada, Nortel Networks Corporation ("**NNC**"), Nortel Networks Limited ("**NNL**"), Nortel Networks Technology Corporation, Nortel Networks International Corporation and Nortel Networks Global Corporation (collectively, the "**Applicants**") commenced proceedings under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**"). These proceedings were subsequently recognized by the U.S. Court (defined below) as "foreign main proceedings" under Chapter 15 of the Code.

Affidavit of Shauna Martin, sworn December 9, 2010 ("**Martin Affidavit**"), Motion Record of the Moving Party, Genband US LLC dated December 9, 2010 ("**Genband Motion Record**"), Tab 2, p. 10, para. 4(a)

- 4 -

7.      In the United States, certain of NNC and NNL's subsidiaries, including Nortel Networks Inc. ("**NNI**") filed proceedings under Chapter 11 of the United States Bankruptcy Code (the "**Code**") in the United States Bankruptcy Court for the District of Delaware (the "**U.S. Court**").

Martin Affidavit, Genband Motion Record, Tab 2, p. 10, para. 4(b)

8.      In England and Wales, certain European, Middle Eastern and African subsidiaries obtained administration orders from the High Court of England and Wales under the Insolvency Act 1986.

Martin Affidavit, Genband Motion Record, Tab 2, p. 10,  para. 4(c)

9.      Pursuant to orders dated January 14, 2009, this Honourable Court (i) stayed all proceedings against the Applicants (as subsequently amended and restated, the "**Initial Order**") and (ii) recognized the Chapter 11 cases as "foreign proceedings" in Canada and gave effect to the automatic stay under the Code in Canada.

Martin Affidavit, Genband Motion Record, Tab 2, p. 10, paras. 4(a) & 5

**Asset Sale Agreement**

**The ASA**

10.     In April 2009, Nortel commenced efforts to market the CVAS Business.  With the assistance of Lazard Frères & Co., Nortel approached or was contacted by a number of potential buyers or groups.  On December 22, 2009, Genband and the Sellers, including NNC, NNL and NNI (collectively, "**Nortel**" and together with

Genband, the "**Parties**") entered into the ASA pursuant to which Genband agreed to acquire certain assets of the CVAS Business.[1]

> Thirty Fourth Report of the Monitor, dated January 3, 2010 (the "**Thirty Fourth Report**") at para. 23
>
> Martin Affidavit, Genband Motion Record, Tab 2, p. 11, para. 7
>
> The Asset Sale Agreement dated December 22, 2009 ("**ASA**"), Exhibit A to the Affidavit of John Doolittle sworn November 30, 2010 ("**Doolittle Affidavit**"), Motion Record of the Applicants dated November 30, 2010 ("**Nortel Motion Record**"), Vol. 1, Tab 2A

11.     Genband agreed with Nortel that the ASA would serve as a "stalking horse" for purposes of a sales process governed by court-approved bidding procedures. However, no bids (other than the ASA) were received by the deadline and neither of the two "Qualified Bidders" that had emerged requested an extension of the deadline.  Accordingly, no auction was held.

> Thirty Fourth Report at paras. 68 and 69
>
> Fortieth Report of the Monitor, dated February 26, 2010 ("**Fortieth Report**") at para. 18

12.     Pursuant to the terms of the ASA, the Purchase Price is subject to potentially significant post-closing adjustments to reflect the difference between the Estimated Purchase Price, as prepared by the Sellers before Closing, and the Final Purchase Price, as prepared by Genband after Closing, among other adjustments.   Those potential adjustments were described in the Monitor's Thirty-Fourth Report.

> ASA, Exhibit A to the Doolittle Affidavit, Nortel Motion Record, Vol. 1, Tab 2A, pp. 91-95, ss. 2.2.1, 2.2.2 & 2.2.3
>
> Thirty Fourth Report at paras. 32-40

--------

[1] Capitalized terms used but not defined herein have the meaning ascribed to them in the ASA.

**Purchase Price Adjustment Disputes are Subject to Mandatory Arbitration under the ASA**

13.     The ASA contains a final and binding dispute resolution process for the quick and efficient resolution of disputes relating to the Final Purchase Price and, by extension, the purchase price adjustment, which Genband specifically negotiated and bargained for.  The dispute resolution process was described by the Monitor in its Thirty-Fourth Report, filed in advance of the hearing to approve the ASA as a "stalking horse" bid.

> ASA, Exhibit A to Doolittle Affidavit, Nortel Motion Record, Vol. 1, Tab 2A, pp. 93-94, ss. 2.2.1.(b) & (c)
>
> Letter from Genband to Nortel dated October 25, 2010 ("**October 25 Genband Letter**"), Exhibit C to the Martin Affidavit, Genband Motion Record, Tab 2C, p. 35
>
> Thirty Fourth Report at para. 38

14.     The Final Purchase Price is comprised of 18 different elements, all of which are required to be calculated and delivered by Genband to Nortel, along with the Final Purchase Price, in a written statement (the "**Closing Statement**") within ninety-five days of Closing.

> ASA, Exhibit A to the Doolittle Affidavit, Nortel Motion Record, Vol. 1, Tab 2A, p. 93. s. 2.2.3.1(a)

15.     Under the ASA, Nortel then has thirty days to provide Genband with written notice of any disagreement it has with the Closing Statement (the "**Disagreement Notice**").  Any disputes regarding the Closing Statement that are not raised by Nortel before the expiry of the thirty day notice period are deemed to be accepted by Nortel and are not subject to further dispute or review.

> ASA, Exhibit A to the Doolittle Affidavit, Nortel Motion Record, Vol. 1, Tab
> 2A, p. 94, s. 2.2.3.1(b)

16.     If Nortel notifies Genband of any disagreement, the Parties are required to engage in good faith negotiations to resolve it within fifteen days of the delivery of the Disagreement Notice, the resolution of which is also final and binding upon the Parties.

> ASA Exhibit A to the Doolittle Affidavit, Nortel Motion Record, Vol. 1, Tab
> 2A, p. 94, ss. 2.2.3.1(b) & (c)

17.     In the event that the Parties are unable to reach a timely negotiated resolution of any disagreement relating to the Closing Statement, section 2.2.3.1(c) of the ASA provides that any such disagreement shall be submitted to the Independent Arbitrator (the "**Accounting Arbitrator**") for resolution within thirty days after his or her appointment (the "**Mandatory Arbitration Provision**").     Section 2.2.3.1(c) provides:

> (c) If the Main Sellers, the EMEA Sellers, and the Purchaser are unable to resolve any disagreement as contemplated by Section 2.2.3.1(b) within fifteen (15) days after delivery of a Disagreement Notice by the Main Sellers and EMEA Sellers, the Independent Auditor shall serve as arbitrator (the "**Accounting Arbitrator**") to resolve such disagreement. The Primary Parties and the Joint Administrators on behalf of EMEA Sellers shall instruct the Accounting Arbitrator to consider only those items and amounts set forth in the Closing Statement as to which the Main Sellers, the EMEA Sellers, the EMEA Sellers and the Purchaser have not resolved their disagreement and to conduct such proceedings as it considers necessary to resolve such disagreement. The Main Sellers, EMEA Sellers and the Purchaser shall use their commercially reasonable efforts to cause the

> Accounting Arbitrator to deliver to the Primary Parties
> and Joint Administrators on behalf of the EMEA Sellers,
> as promptly as practicable (and in no event later than
> thirty (30) days after his or her appointment), a written
> report setting forth the resolution of any such
> disagreement determined in accordance with the terms
> of this Agreement.   Such report and the Closing
> Statement, as adjusted thereby, shall be final and binding
> upon the Sellers, the EMEA Sellers, the Purchaser and
> any Designated Purchaser.
>
> …
>
> ASA, Exhibit A to the Doolittle Affidavit, Nortel Motion Record, Vol. 1, Tab
> 2A, p. 94, s. 2.2.3.1(c) [emphasis added]

**Accounting Arbitrator has Complete Jurisdiction to Resolve PPA Disputes**

18.     The Accounting Arbitrator has complete jurisdiction to resolve "any disagreement" relating to the Closing Statement and to conduct such proceedings as it considers necessary to resolve it.   Consistent with the above-noted dispute resolution provisions, the Accounting Arbitrator's report and adjusted Closing Statement are final and binding upon the Parties.

> ASA, Exhibit A to the Doolittle Affidavit, Nortel Motion Record, Vol. 1, Tab
> 2A, pp. 94 & 177, ss. 2.2.3.1(c) & 10.6(e)

19.     Although the ASA preserves the Parties' right to apply to the Court and the U.S. Court for relief arising out of or in connection with the ASA, the Courts' jurisdiction to resolve disputes between the Parties relating to the Closing Statement is expressly limited by section 10.6(e) of the ASA, as follows:

> (e) Section 10.6(b) shall not limit the jurisdiction of (i) the
> Accounting Arbitrator set forth in Section 2.2.3.1(c), (ii)
> any of the arbitrators set forth in Section 5.28, although
> claims may be asserted in the courts referred to in Section

10.6(b) for the purposes of enforcing the jurisdiction and judgments of the Accounting Arbitrator or arbitrator(s), as applicable.

ASA, Exhibit A to the Doolittle Affidavit, Nortel Motion Record, Vol. 1, Tab 2A, p. 177, s. 10.6(e) [emphasis added]

### Court Approved the Mandatory Arbitration Provision in the ASA

20.    The ASA, including the Mandatory Arbitration Provision, was recommended by the Monitor and approved by the Court on January 6, 2010.  On March 4, 2010, in accordance with the Monitor's recommendation, the Court granted an approval and vesting order, authorizing and approving the execution, delivery and performance of the ASA and authorizing and directing Nortel to take the necessary steps to complete the transaction contemplated by the ASA and vesting all of Nortel's right, title and interest in the subject assets in Genband (the "**Approval and Vesting Order**").

Thirty Fourth Report at para. 96

Fortieth Report at para. 27

Martin Affidavit, Genband Motion Record, Tab 2, p. 11, para. 8

Approval and Vesting Order of the Ontario Superior Court of Justice dated January 6, 2010 approving the ASA and the sale transaction to Genband, Exhibit D to the Doolitte Affidavit, Nortel Motion Record, Vol. 1, Tab 2D

## PPA Dispute

21.     The sale transaction closed on May 28, 2010 and, on September 15, 2010, in compliance with section 2.2.3.1(a) of the ASA, Genband delivered its Closing Statement to Nortel.[2]

> Martin Affidavit, Genband Motion Record, Tab 2, p. 12, paras. 11-12
>
> ASA, Exhibit A to the Doolittle Affidavit, Nortel Motion Record, Vol. 1, Tab 2A, p. 93, s. 2.2.3.1(a)
>
> Closing Statement dated September 15, 2010, Exhibit G to the Doolittle Affidavit, Nortel Motion Record, Vol. 2, Tab 2G, p. 270

22.     Nortel subsequently objected to the Closing Statement and delivered its Disagreement Notice to Genband on October 13, 2010, in apparent compliance with section 2.2.3.1(b) of the ASA.  The Disagreement Notice was subsequently amended by Nortel on November 16, 2010.

> Martin Affidavit, Genband Motion Record, Tab 2, p. 12, para. 13
>
> ASA, Exhibit A to the Doolittle Affidavit, Nortel Motion Record, Vol. 1, Tab 2A, pp. 93-94, s. 2.2.3.1(b)
>
> Letter from Nortel to Genband dated October 13, 2010 ("**October 13 Nortel Letter**"), Exhibit A to the Martin Affidavit, Genband Motion Record, Tab 2A, p. 15
>
> Disagreement Notice dated November 16, 2010, Exhibit H to the Doolittle Affidavit, Nortel Motion Record, Vol. 2, Tab 2H, p. 274

23.     The Disagreement Notice raises multiple issues with the Closing Statement, including disputes relating to (i) the Closing Unbilled Accounts Receivables Amount, (ii) the Closing Adjusted Net Working Capital, (iii) the Closing Deferred Profit

---

[2] The ninety-five (95) day deadline for delivery of the Closing Statement was extended by agreement between the Parties to allow Genband appropriate access to the books and records necessary to finalize the Closing Statement. Genband complied with the agreed upon extension.

Amount and (iv) the Closing Specified Employee Liabilities. As a result of the foregoing disputes, Nortel sought to increase the Final Purchase Price by approximately $36,600,000.00.

> Disagreement Notice, Exhibit H to the Doolitte Affidavit, Nortel Motion Record, Vol. 2, Tab 2H, pp. 291-294

24.     The Parties resolved their disagreements relating to the Unbilled Accounts Receivables Amount and the Specified Employee Liabilities, but have not resolved the PPA Dispute in its entirety. The dispute regarding the Closing Deferred Profit Amount remains outstanding.

> Martin Affidavit, Genband Motion Record, Tab 2, pp. 12-13, paras. 14 & 15

25.     On October 25th and again on November 9th, Genband wrote to Nortel requesting that the balance of the PPA Dispute be referred to the Accounting Arbitrator for resolution.

> Martin Affidavit, Genband Motion Record, Tab 2, p. 12, para. 17
>
> October 25 Genband Letter, Exhibit C to the Martin Affidavit, Genband Motion Record, Tab 2C, p. 35
>
> Letter from Genband to Nortel dated November 9, 2010 ("**November 9 Genband Letter**"), Exhibit D to the Martin Affidavit, Genband Motion Record, Tab 2D, p. 36

26.     Nortel refuses to comply with the Mandatory Arbitration Provision (as it has done since delivering its first Disagreement Notice), generally claiming that the PPA Dispute was not properly subject to arbitration under the ASA because it arises from a disagreement over the interpretation of the definition of "Deferred Profit Amount" and not differences over calculations; in short, Nortel says that the dispute is not an

accounting matter – although the arbitration provision of the ASA (which refers to "any disagreement") contains no such limitation.

> October 13 Nortel Letter, Exhibit A to the Martin Affidavit, Genband Motion Record, Tab 2A, p. 15
>
> Email from Nortel to Genband dated October 15, 2010 ("**October 15 Nortel Email**"), Exhibit B to the Martin Affidavit, Genband Motion Record, Tab 2B, p. 32
>
> Letter from Nortel to Genband dated November 10, 2010 ("**November 10 Nortel Letter**"), Exhibit E to the Martin Affidavit, Genband Motion Record, Tab 2E, p. 42

27.    While the reference to arbitration is not so limited, it should be noted here that the determination of "Deferred Profit Amount" is, by its very definition, squarely within the expertise, skill and knowledge of the Accounting Arbitrator in any event. "Deferred Profit Amount" is defined in the ASA as follows:

> "**Deferred Profit Amount**" means, as of the Closing Date, both short term and long term (i) deferred revenues for services to be performed or products to be provided by the Business after the Closing Date but for which an account receivable has been recorded or cash has been received prior to the Closing Date *minus* (ii) associated deferred costs to the extent incurred by the Business prior to the Closing Date in connection with such products or services, in each case, <u>that would be required to be reflected on a balance sheet of the Business as of such date prepared in accordance with GAAP applied in a manner consistent with the Nortel Accounting Principles (to the extent consistent with GAAP). For the avoidance of doubt, the Deferred Profit Amount will include advance billings and deferred revenue consistent with Nortel Accounting Principles.</u> [Emphasis added]

> ASA, Exhibit A to the Doolittle Affidavit, Nortel Motion Record, Vol. 1, Tab 2A, p. 56, s. 1.1 [emphasis added]

28.    As emphasized above, the Deferred Profit Amount must determined in reference to the balance sheet of the Business and in accordance with generally accepted accounting principles (GAAP) and the Nortel Accounting Principles, the latter of which are themselves a specific set of "accounting principles employed in the preparation of the Unaudited Financial Statements." Thus, while the reference to arbitration is not limited merely to "accounting matters", the dispute in question clearly requires an intimate familiarity with such matters which are the very pith and substance of the definition of Deferred Profit Amount which is the core of this dispute.

## Current Motions to Resolve the PPA Dispute

### Nortel Motions

29.    On November 17, 2010, Nortel filed a motion in the U.S. Court for the resolution of the PPA Dispute and the release of certain Purchase Price funds held in escrow by the escrow agent, among other relief.    The release of the escrow funds is dependant upon a final determination of the correct purchase price adjustment and the Final Purchase Price.

> Motion filed by Nortel Networks Inc. and certain of its affiliates in the U.S. Court on November 17, 2010 ("**Nortel U.S. Motion**"), Exhibit A to the Affidavit of Katie Legree ("**Legree Affidavit**"), Supplemental Motion Record of the Applicants dated December 9, 2010 ("**Nortel Supplemental Motion Record**"), Tab 1A, p. 3

30.    Pursuant to the Nortel Motion, Nortel also asks the U.S. Court resolve two additional disputes relating to the ASA transaction: (i) Nortel seeks to recover

approximately $1,800,000.00 in settlement funds obtained by Genband from Verizon Services Corp. ("**Verizon**") post-closing (the "**Verizon Settlement Dispute**") and (ii) Canadian transfer taxes allegedly owed by Genband in connection with the ASA transaction.

> Nortel U.S. Motion, Exhibit A to the Legree Affidavit, Nortel Supplemental
> Motion Record, Tab 1A, p. 6, para. 4

31.    On December 1, 2010, Nortel filed a motion in this court effectively seeking the same relief sought in the U.S. Motion, with the exception of the resolution of the Verizon Settlement Dispute (the "**Nortel Canadian Motion**"and, together with the Nortel U.S. Motion, the "**Nortel Motions**").

### Genband Motions

32.    On November 18, 2010, Genband filed a motion in the U.S. Court for relief from the automatic U.S. stay and to compel arbitration of the PPA Dispute in accordance with the Mandatory Arbitration Provision of the ASA.

> Motion filed by Genband Inc. on November 18, 2010 ("**Genband U.S.
> Motion**"), Exhibit L to the Doolittle Affidavit, Nortel Motion Record, Vol. 2,
> Tab 2L, p. 463

33.    This motion was subsequently filed by Genband on December 9, 2010 (the "**Genband Canadian Motion**", together with the Genband U.S. Motion, the "**Genband Motions**").

> Genband Canadian Motion, Genband Motion Record, Tab 1, p. 1

34.    By agreement between the Parties, the Genband Motions will be heard on December 15, 2010 and the Nortel Motions, if necessary, at some later date.

- 15 -

## PART III - ISSUES AND THE LAW

35.     Two issues must be determined on this motion:

(a)     Whether the Court should direct the PPA Dispute to the Accounting Arbitrator in accordance with the Mandatory Arbitration Provision agreed to by the Parties; and

(b)     To the extent that the stay must be lifted to allow the Parties to refer the PPA Dispute to the Accounting Arbitrator, whether this is an appropriate case to lift the stay.

### Contract Is Clear: PPA Dispute to be Determined by the Accounting Arbitrator

36.     The applicability of the Mandatory Arbitration Provision is a question of contractual interpretation.  The ASA must be construed to determine the intentions of the Parties by reference to the language they have actually used.  Indeed, it is a "cardinal presumption" of contractual interpretation that parties to a contract have intended what they said.

> *Toronto Dominion Bank v. Leigh Instruments Ltd. (Trustee of)*, [1998] O.J. No. 2637 at para. 403 (Gen. Div. [Commercial List]), Book of Authorities of the Moving Party ("Genband BOA"), Vol. I, Tab 1
>
> *Ventas Inc. v. Sunrise Senior Living Real Estate Investment Trust* (2007), 85 O.R. (3d) 254 at para. 24 (C.A.) (internal citations omitted), Genband BOA, Vol. I, Tab 2

37.     The Mandatory Arbitration Provision (section 2.2.3.1(c)) is unequivocal: *"any disagreement"* regarding the Closing Statement must be sent to arbitration.  The

disagreement as to the Deferred Profit Amount undoubtedly falls within this provision, as evidenced by the Parties' compliance with the mandatory dispute resolution process in section 2.2.3.1 of the ASA, and the nature of the PPA Dispute itself.    There is no qualification to "any disagreement" limiting it to purely accounting matters as alleged.

> ASA, Exhibit A to the Doolittle Affidavit, Nortel Motion Record, Vol. 1, Tab 2A, pp. 93-94, ss. 2.2.3.1

38.    The PPA Dispute arose and has developed within the dispute resolution framework provided for in the ASA.   Nortel objected to the Final Purchase Price and certain of its component parts determined by Genband in the Closing Statement and set forth its objections in its Disagreement Notice.   With the exception of the Closing Deferred Profit Amount, the Parties negotiated a resolution of the balance of PPA Dispute as contemplated by section 2.2.3.1(b) of the ASA.

> Martin Affidavit, Genband Motion Record, Tab 2, p. 12, paras. 12-15
>
> Closing Statement, Exhibit G to the Doolitte Affidavit, Nortel Motion Record, Vol. 2, Tab 2G, p. 270
>
> October 13 Nortel Letter, Exhibit A to the Martin Affidavit, Genband Motion Record, Tab 2A, p. 15

39.    While the Mandatory Arbitration Provision is not limited to purely accounting matters, the principal (but not sole) outstanding issue in the PPA Dispute, i.e. the calculation of the Deferred Profit Amount, requires the interpretation and application of sophisticated accounting principles for its resolution.    Indeed, it would be impossible to address the issues without an understanding of GAAP and the Nortel Accounting Principles which are embedded in the definition of Deferred Profit

Amount. The Deferred Profit Amount cannot be determined without reference to the balance sheet of the Business, certain of Nortel's Unaudited Financial Statements, the Nortel Accounting Principles and GAAP. The requisite skill, knowledge and expertise needed to evaluate and apply these principles is well within the ability of the Accounting Arbitrator.

> ASA, Exhibit A to the Doolittle Affidavit, Nortel Motion Record, Vol. 1, Tab 2A, p. 56, s. 1.1

40.     While section 10.6 of the ASA contemplates that certain disagreements may be referred to the Court, it is made expressly subject to the Mandatory Arbitration Provision. When contractual language is clear and unambiguous on its face, as it is here, the Supreme Court of Canada has said that it is unnecessary to consider any extrinsic evidence whatsoever.

> ASA, Exhibit A to the Doolittle Affidavit, Nortel Motion Record, Tab 2A, pp. 94 & 177, ss. 2.2.3.1(c) & 10.6(e)
>
> *Eli Lilly & Co. v. Novopharm Ltd.,* [1998] 2 S.C.R. 129 at para. 55 (S.C.C.) (internal citations omitted), Genband BOA, Vol. I, Tab 3

41.     Furthermore, to deviate from the express terms of the ASA would contravene the general policy in favour of referring disputes to arbitration. The Ontario Court of Appeal has endorsed a "deferential approach that mandates referral to arbitration where it is arguable that a dispute falls within the scope of an arbitration clause." A deferential approach is consistent with legislative policy, which, as noted by the Ontario Court of Appeal, "favours arbitration over litigation where the parties so provide by agreement."

> *Woolcock v. Bushert,* [2004] O.J. No. 4498 at para. 25 (C.A.), Genband BOA, Vol. I, Tab 4

> *Plan Group v. Bell Canada,* [2009] O.J. No. 2829 at para. 123 (C.A.), Gillesse J.A.(dissenting, not on this point; internal citations omitted), Genband BOA, Vol. II, Tab 5

42.    Deference is particularly important in circumstances such as these where the Parties are highly commercially sophisticated.  As stated by Farley J.: "[c]learly the Courts should act with great caution before interfering with an arbitration, *especially one agreed to between two such experienced parties* with immense financial resources."

> *Bakorp Management Ltd. v. Pepsi-Cola Canada Ltd.,* [1994] O.J. No. 873 at para. 22 (Gen. Div. [Commercial List]) (emphasis added), Genband BOA, Vol. II, Tab 6

## Court is Not Required to Lift the Stay; Transaction Has Already Been Approved

43.    The CCAA provides a structured environment for the negotiation of compromises between a debtor company and its creditors for the benefit of both. The purpose of the stay of proceedings, therefore, is to restrain judicial or extra-judicial conduct that could impair the ability of the debtor company to continue in business and to concentrate its efforts on the negotiating of a compromise or arrangement with its creditors.

> *Re Lehndorff General Partner Ltd.* (1993), [1993] O.J. No. 14 at p. 5 (Gen. Div. [Commercial List]), Genband BOA, Vol. II, Tab 7

> Lloyd W. Houlden *et al., The 2011 Annotated Bankruptcy and Insolvency Act* (Toronto: Carswell, 2010) at 1108., Genband BOA, Vol. II, Tab 8

44.    The Mandatory Arbitration Provision is an element of the ASA agreed to by the Parties and approved by this Honourable Court.  As such, it is not an independent judicial or extra-judicial proceeding that requires the Court to lift the

stay to allow the Parties to proceed. Indeed, seeking to circumvent such provisions amounts to a collateral attack on the orders of the Court which approved them.

> ASA, Exhibit A to the Doolittle Affidavit, Nortel Motion Record, Tab 2A, p. 94, s. 2.2.3.1 (c)
>
> Thirty Fourth Report at para. 96
>
> Fortieth Report at para. 27
>
> Martin Affidavit, Genband Motion Record, Tab 2, p. 11, para. 8
>
> Approval and Vesting Order, Exhibit D to the Doolitte Affidavit, Nortel Motion Record, Vol. 1, Tab 2D
>
> *R. v. Wilson*, [1983] 2 S.C.R. 594 at p. 16 (an order made by a court having jurisdiction to make it stands and is binding and conclusive unless it is set aside on appeal or lawfully quashed; such an order may not be attacked collaterally in proceedings other than those whose specific object is the reversal, variation, or nullification of the order or judgement), Genband BOA, Vol. II, Tab 9.

45.     In the alternative, the Court should lift the stay in the circumstances of this case.

46.     While there is no express statutory test under the CCAA to guide the court in determining whether to lift the stay in any given circumstance, there are, however, recognized situations in which a court will lift a stay; *viz.*, when the applicant would be significantly prejudiced by a refusal to lift the stay and there is no resulting prejudice to the debtor company or the positions of creditors, and where it is in the interests of justice to do so.

> *Re Canadian Airlines Corp.*, [2000] A.J. No. 1692 at paras. 14-15 (Alta. Q.B.), Genband BOA, Vol. II, Tab 10
>
> R. H. McLaren, *Canadian Commercial Reorganization: Preventing Bankruptcy*, looseleaf (Aurora: Canada Law Book, 2010) at 3.3450 to 3.3525, Genband BOA, Vol. II, Tab 11

47.   Nortel will not be prejudiced in any way if this Court decides to lift the stay. The dispute between the parties must be determined – the only live issue is the forum in which that dispute will be heard. Lifting the stay merely subjects Nortel to the Mandatory Arbitration Provision that was bargained for in good faith by the Parties. Indeed, requiring Nortel to comply with the agreement it made, which was approved by this Court, is squarely in line with the interests of justice.

48.   If this Court decides not to lift the stay it would cause unnecessary prejudice to Genband. Genband bargained for a fast, efficient, binding and final process of arbitration for this disagreement. The ASA, and the Mandatory Arbitration Provisions therein, was agreed to in good faith between the Parties and twice approved by this Honourable Court. As such, Genband would face substantial prejudice to now lose the benefit of that bargain.

> ASA, Exhibit A to Doolittle Affidavit, Nortel Motion Record, Vol. 1, Tab 2A, pp. 93-94, ss. 2.2.1.(b) & (c)
>
> October 25 Genband Letter, Exhibit C to the Martin Affidavit, Genband Motion Record, Tab 2C, p. 35

## PART IV - ORDER REQUESTED

49.   An Order requiring Nortel to submit any disagreement relating to the Closing disclosed in its Disagreement Notice, including the PPA Dispute, to the Accounting Arbitrator in accordance with s. 2.2.3.1 of the ASA and awarding Genband its costs of this motion.

- 21 -

ALL OF WHICH IS RESPECTFULLY SUBMITTED this 10th day of December, 2010.

Sean F. Dunphy

Alexander D. Rose

Erica Tait
Stikeman Elliott LLP


Lawyers for Genband US LLC

## SCHEDULE "A"
## LIST OF AUTHORITIES

JURISPRUDENCE

1.    *Toronto Dominion Bank v. Leigh Instruments Ltd. (Trustee of)*, [1998] O.J. No. 2637 (Gen. Div. [Commercial List]).

2.    *Ventas Inc. v. Sunrise Senior Living Real Estate Investment Trust* (2007), 85 O.R. (3d) 254 (C.A.).

3.    *Eli Lilly & Co. v. Novopharm Ltd.*, [1998] 2 S.C.R. 129 (S.C.C.).

4.    *Woolcock v. Bushert*, [2004] O.J. No. 4498 (C.A.).

5.    *Plan Group v. Bell Canada*, [2009] O.J. No. 2829 (C.A.).

6.    *Bakorp Management Ltd. v. Pepsi-Cola Canada Ltd.*, [1994] O.J. No. 873.

7.    *Re Lehndorff General Partner Ltd.* (1993), [1993] O.J. No. 14 (Gen. Div. [Commercial List]).

8.    *R. v. Wilson*, [1983] 2 S.C.R. 594.

9.    *Re Canadian Airlines Corp.*, [2000] A.J. No. 1692 (Alta. Q.B.).


SECONDARY MATERIAL

1.    Lloyd W. Houlden *et al., The 2011 Annotated Bankruptcy and Insolvency Act* (Toronto: Carswell, 2010).

2.    R. H. McLaren, *Canadian Commercial Reorganization: Preventing Bankruptcy*, looseleaf (Aurora: Canada Law Book, 2009).

## SCHEDULE "B"
## RELEVANT STATUTES

*Companies' Creditors Arrangement Act*, R.S.C 1985, c. C-36, as amend.

**Stays, etc. — other than initial application**

11.02(2)  A court may, on an application in respect of a debtor company other than an initial application, make an order, on any terms that it may impose,

> (a) staying, until otherwise ordered by the court, for any period that the court considers necessary, all proceedings taken or that might be taken in respect of the company under an Act referred to in paragraph (1)(a);

> (b) restraining, until otherwise ordered by the court, further proceedings in any action, suit or proceeding against the company; and

> (c) prohibiting, until otherwise ordered by the court, the commencement of any action, suit or proceeding against the company.

**Burden of proof on application**

11.02(3) The court shall not make the order unless

> (a) the applicant satisfies the court that circumstances exist that make the order appropriate; and

> (b) in the case of an order under subsection (2), the applicant also satisfies the court that the applicant has acted, and is acting, in good faith and with due diligence.

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. c-36, AS AMENDED

Court File No:  09-CL-7950

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

---

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**

Proceeding commenced at Toronto

---

**FACTUM OF GENBAND US LLC
(RETURNABLE DECEMBER 15, 2010)**

---

**STIKEMAN ELLIOTT LLP**
Barristers & Solicitors
5300 Commerce Court West
199 Bay Street
Toronto, Canada  M5L 1B9

**Sean F. Dunphy  LSUC#: 24941J**
Tel: (416) 869-5662
**Alexander D. Rose  LSUC#: 49415P**
Tel: (416) 869-5261
**Erica Tait  LSUC#: 55996O**
Tel: (416) 869-6805
Fax: (416) 947-0866

Lawyers for Genband US LLC

5758031 v9