IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
:
: **RE: D.I. 4435**
:
------------------------------------------------------------X

**ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF ADDREX INC. *NUNC PRO TUNC* TO NOVEMBER 24, 2010**

Upon the motion dated November 24, 2010 (the "Application")[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Application of the Debtors for Authorization to Retain and Employ Addrex, Inc. ("Addrex") as a broker to the Debtors *nunc pro tunc* to November 24, 2010, and upon the Declaration of Charles M. Lee and Supplemental Declaration of Charles M. Lee filed in support of the Application, and adequate notice of the Application having been given as set forth in the Application; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief requested in the Application, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED.

2. Pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors are authorized to employ and to retain Addrex, to serve as their broker in connection with the sale of certain Internet protocol numbers (the "Internet Assets") *nunc pro tunc* to November 24, 2010, under the terms and conditions set forth in that certain agreement dated as of November 24, 2010, by and between the Debtors and Addrex (the "Agreement"), as supplemented by the Supplemental Declaration of Charles M. Lee.

3. The fee structure and other compensation set forth in the Agreement, including the retainer, the commission and the reimbursement of expenses, are approved pursuant to section 328(a) of the Bankruptcy Code.

4. Addrex shall be compensated for fees and reimbursed for expenses in accordance with applicable provisions of Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of the Court, and such other procedures as may be fixed by Order of this Court, from time to time, including without limitation this Court's February 4, 2009 Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing

Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members [D.I. 222] (the "Interim Compensation Order"), and consistent with the proposed compensation arrangement set forth in the Agreement.

5. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, orders of this Court or any guidelines regarding submission and approval of fee applications, in light of services to be provided by Addrex and the structure of Addrex's compensation pursuant to the Agreement, Addrex and its professionals shall be excused from maintaining time records as set forth in Local Rule 2016 in connection with the services to be rendered pursuant to the Agreement; provided, however, that Addrex shall nonetheless maintain and present to the Court records (in summary format) of all services rendered for the Debtors including reasonably detailed descriptions of those services, the approximate time expended in providing those services and the individuals who provided those services.

6. Notwithstanding anything in this Order to the contrary, the United States Trustee for the District of Delaware shall retain all rights to object to any Addrex fee application based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

7. Addrex is authorized to perform any and all services for the Debtors that are necessary or appropriate in connection with the services described in the Application.

8. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

*[Handwritten annotation:]* Addrex further agrees that the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the United States Trustee to challenge the reasonableness of Addrex's compensation under sections 330 and 331 of the Bankruptcy Code.

3

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Dec. 15, 2010
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE