IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- X
                                                                       :
In re:                                                                 :   Chapter 11
                                                                       :
NORTEL NETWORKS INC., *et al.*,[1]                                     :   Case No. 09-10138 (KG)
                                                                       :
                                    Debtors.                           :   (Jointly Administered)
                                                                       :
---------------------------------------------------------------------- X   Ref. No. 4590

**CERTIFICATION OF COUNSEL REGARDING EMEA ADMINISTRATORS'
MOTION FOR LIMITED RELIEF FROM THE AUTOMATIC STAY AND
STIPULATION AMONG THE DEBTORS AND THE JOINT ADMINISTRATORS ON
BEHALF OF THE EMEA DEBTORS REGARDING TOLLING OF CERTAIN CLAIMS**

On December 13, 2010 the court-appointed administrators and authorized representatives (collectively, the "EMEA Administrators") for Nortel Networks UK Limited, Nortel Networks (Ireland) Limited and certain of its affiliates have filed the EMEA Administrators' Motion for Limited Relief from the Automatic Stay (the "Motion") [D.I. 4590]

The parties have had discussions regarding the Motion, which have resulted in the EMEA Administrators and the U.S. Debtors agreeing to a stipulation (the "Stipulation") resolving the Motion.

The EMEA Administrators respectfully request that the Court enter the proposed order, attached hereto as Exhibit A, approving the Stipulation.

---

[1]    The Debtors in these Chapter 11 cases are: Nortel Networks Inc., Nortel Networks Capital Corporation, Alteon WebSystems, Inc., Alteon WebSystems International, Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc. and Nortel Networks Cable Solutions Inc.

Date:   December 16, 2010
        Wilmington, Delaware

        **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

        /s/ *Edwin J. Harron*
        James L. Patton (No. 2202)
        Edwin J. Harron (No. 3396)
        Jaime N. Luton (No. 4936)
        The Brandywine Building
        1000 West Street, 17th Floor
        Wilmington, Delaware 19801
        Telephone: (302) 571–6600
        Facsimile: (302) 571–1253

        - and -

        **HUGHES HUBBARD & REED LLP**
        Michael Luskin
        Derek J.T. Adler
        Ashley J. Laurie
        One Battery Park Plaza
        New York, New York 10004
        Telephone: (212) 837–6000
        Facsimile: (212) 422–4726

        - and -

        **HERBERT SMITH LLP**
        Kevin Lloyd
        John Whiteoak
        Richard Lawton
        Exchange House
        Primrose Street
        London
        EC2A 2HS

        *Counsel for the Administrators*

## **EXHIBIT A**

Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X

*In re*                                  :  Chapter 11
                                         :
Nortel Networks Inc., *et al.*,[1]       :  Case No. 09-10138 (KG)
                                         :
                    Debtors.             :  Jointly Administered
                                         :
                                         :
                                         :

------------------------------------------------------------X

## ORDER APPROVING STIPULATION AMONG THE DEBTORS AND THE JOINT ADMINISTRATORS ON BEHALF OF NORTEL NETWORKS UK LIMITED AND NORTEL NETWORKS (IRELAND) LIMITED REGARDING TOLLING OF CERTAIN CLAIMS

Upon consideration of the *Stipulation Between the Debtors and the Joint Administrators on Behalf of Nortel Networks UK Limited and Nortel Networks (Ireland) Limited* (the "Stipulation"), a copy of which is attached hereto as **Exhibit 1**, as agreed between the Debtors and Alan Robert Bloom, Stephen John Harris, Christopher John Wilkinson Hill, David Martin Hughes and Alan Michael Hudson,[2] the court-appointed administrators and authorized foreign representatives (collectively, the "Joint Administrators") on behalf of Nortel Networks UK

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Alan Robert Bloom, Christopher John Wilkinson Hill, Alan Michael Hudson, and Stephen John Harris are the Joint Administrators for NNUK. The Joint Administrators for NN Ireland are Alan Robert Bloom and David Martin Hughes.

Limited ("NNUK") and Nortel Networks (Ireland) Limited ("NN Ireland") (the Debtors, the Joint Administrators, NNUK and NN Ireland collectively referred to as the "Parties");

IT IS HEREBY ORDERED THAT:

1. The Stipulation attached hereto as **Exhibit 1** is APPROVED.

2. The Parties are hereby authorized to take any and all actions reasonably necessary to effectuate the terms of the Stipulation.

3. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2010
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

NEWYORK:2326571.7

# **EXHIBIT 1**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X

|  |  |
|---|---|
| *In re* | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |

------------------------------------------------------------X

### STIPULATION AMONG THE DEBTORS AND THE JOINT ADMINISTRATORS ON BEHALF OF NORTEL NETWORKS UK LIMITED AND NORTEL NETWORKS (IRELAND) LIMITED REGARDING TOLLING OF CERTAIN CLAIMS

This Stipulation (the "Stipulation") is entered into by and among the Debtors and the Joint Administrators (as defined below) on behalf of Nortel Networks UK Limited ("NNUK") and Nortel Networks (Ireland) Limited ("NN Ireland") (the Debtors, the Joint Administrators, NNUK and NN Ireland collectively referred to as the "Parties"), with respect to the following facts:

WHEREAS, on January 14, 2009 (the "Filing Date"), Nortel Networks Inc. ("NNI") and its affiliated debtors and debtors-in-possession (the "Debtors") filed voluntary

---

1. The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

NEWYORK:2326571.7

petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court") (the "Chapter 11 Proceedings"); and

WHEREAS, the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, on the Filing Date, NNUK and NN Ireland commenced administration proceedings before the High Court of Justice of England and Wales in London, England (the "EMEA Proceedings"), which appointed individuals from Ernst & Young LLP and Ernst & Young Chartered Accountants as administrators in such proceedings (the "Joint Administrators");[2] and

WHEREAS, on the Filing Date, Nortel Networks Corporation and certain of its Canadian affiliates filed an application with the Ontario Superior Court of Justice (Commercial List) under the Companies' Creditors Arrangement Act (the "CCAA Proceedings"); and

WHEREAS, on December 14, 2010, the Joint Administrators filed a motion (the "December 14 Motion") on behalf of NNUK and NN Ireland for an entry of an order granting the Joint Administrators limited relief from the automatic stay to issue an English Claim Form (as defined in the December 14 Motion) against NNI in the English Court and an Irish Summons (as defined in the December 14 Motion) against NNI in the Irish Court raising the claims described in paragraphs 21-33 in the Declaration of John Haydn Whiteoak ("Whiteoak Declaration") dated December 13, 2010 and submitted with the December 14 Motion; and

---

2. The Joint Administrators in the UK Proceedings for NNUK are: Alan Robert Bloom, Christopher John Wilkinson Hill, Alan Michael Hudson, and Stephen John Harris. The Joint Administrators in the UK Proceedings for NN Ireland are: Alan Robert Bloom and David Martin Hughes.

WHEREAS, the Joint Administrators have agreed to withdraw the December 14 Motion; and

WHEREAS, NNUK and NN Ireland may wish to assert claims against the Debtors including, but not limited to, the claims described in paragraphs 21-33 of the Whiteoak Declaration (together the "NNUK and NN Ireland Claims" or each an "NNUK Claim" or an "NN Ireland Claim" as appropriate);

WHEREAS, the Debtors may wish to assert claims against NNUK and NN Ireland (together the "U.S. Debtors' Claims" or each a "U.S. Debtors' Claim"); and

WHEREAS, the Parties have agreed to toll as of the date hereof any and all applicable limitations periods that may apply to any civil claims or causes of action, counterclaims, cross-claims, third-party claims, independent claims or applicable defenses that could be asserted by the Debtors under whatever applicable law against NNUK and NN Ireland with respect to the U.S. Debtors' Claims; and

WHEREAS, the Parties have agreed to toll as of the date hereof any and all applicable limitations periods that may apply to any civil claims or causes of action, counterclaims, cross-claims, third-party claims, independent claims or applicable defenses that could be asserted by NNUK or NN Ireland under whatever applicable law against any of the Debtors with respect to the NNUK and NN Ireland Claims.

NOW, THEREFORE, for the mutual promises and undertakings set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. The Joint Administrators agree to and hereby withdraw their December 14, 2010 Motion with prejudice.

NEWYORK:2326571.7

2. The NNUK and NN Ireland Claims and the U.S. Debtors' Claims include any and all actual, intended, or potential civil claims, actions, causes of action, charges, complaints, rights, demands, disputes, suits, defenses, counterclaims, cross-claims, third party claims, contentions, allegations, assertions of liens, assertions of wrongdoing, agreements, rights, obligations, duties, debts, covenants, contracts, controversies, demands (for indemnification, contribution, or otherwise), promises, liabilities, and/or any other statutory, administrative, common law or equitable theory and/or cause of action of any kind which NNUK or NN Ireland may have or may hereafter claim to have, or which might have been alleged, against any of the Debtors or which the Debtors may have or may hereafter claim to have, or which might have been alleged, against NNUK or NN Ireland arising under the laws of any jurisdiction in the world, including, but not limited to, under the laws of England and Wales, the Republic of Ireland, France, the United States of America, Canada, or any political subdivision of any of the foregoing.

3. The running of any and all applicable statutes of limitations, statutes of repose, periods of prescription, and the periods for which laches or any other rule or doctrine, in law or equity arising under the laws, rules or regulations of any jurisdiction in the world, including, but not limited to, under the laws of England and Wales, the Republic of Ireland, France, the United States of America, Canada, or any political subdivision of the foregoing, relating to the timeliness of the service or filing of any of NNUK and NN Ireland Claims and the U.S. Debtors' Claims (collectively, the "Limitations Periods"), shall be, and hereby are, interrupted, suspended, and deemed to have been tolled as of the "Effective Date," as defined herein.

4. The Debtors will not assert, plead, or raise any legal or equitable defense to any NNUK Claim or NN Ireland Claim that relies in whole or in part on the passage of time from the Effective Date to the earlier of:

(a) the Termination Date (as defined herein); or

(b) to the extent not already asserted, the date on which such NNUK Claim or NN Ireland Claim is first asserted against the relevant Debtor in any court proceedings or court process;

in any court proceedings or court process in any jurisdiction in the world, the Chapter 11 Proceedings, including the claims process instituted therein, the CCAA Proceedings, including any claims process instituted therein, the EMEA Proceedings, including any claims process instituted therein, any arbitration, any dispute resolution process under the Interim Funding and Settlement Agreement dated June 9, 2009, or otherwise, any mediation process and/or any other process in which one or more of the NNUK Claims or NN Ireland Claims is to be determined, settled, compromised or otherwise resolved in any jurisdiction in the world (each a "Proceeding"). Nothing in this paragraph is intended to limit the obligation to comply with paragraph 11 herein.

5. NNUK and NN Ireland will not assert, plead, or raise any legal or equitable defense to any U.S. Debtors' Claim that relies in whole or in part on the passage of time from the Effective Date to the earlier of:

(a) the Termination Date (as defined herein); or

(b) to the extent not already asserted, the date on which such U.S. Debtors' Claim is first asserted against NNUK or NN Ireland in any court proceedings or court process;

in any court proceedings or court process in any jurisdiction in the world, the Chapter 11 Proceedings, including the claims process instituted therein, the CCAA Proceedings, including

any claims process instituted therein, the EMEA Insolvency Proceedings, including any claims process instituted therein, any arbitration, any dispute resolution process under the Interim Funding and Settlement Agreement dated June 9, 2009, or otherwise, any mediation process and/or any other process in which one or more U.S. Debtors' Claims is to be determined, settled, compromised or otherwise resolved in any jurisdiction in the world (each a "Proceeding"). Nothing in this paragraph is intended to limit the obligation to comply with paragraph 11 herein.

6. For purposes of this Agreement, the "Effective Date" shall be the date upon which this Agreement is approved by an order entered by the Bankruptcy Court.

7. Absent termination by either Party pursuant to paragraph 8 below, the term of this Agreement shall be from the Effective Date until entry of a final decree closing the U.S. Bankruptcy Proceeding (the "Tolling Period"), unless extended by mutual agreement in writing by the Parties.

8. Beginning on the forty-fifth (45th) day after the Effective Date, any Party may terminate the tolling provisions of paragraphs 1-3 of this Stipulation by providing written notice to all of the notice parties listed on Exhibit A hereto delivered by email or facsimile. On the forty-fifth (45th) day following the delivery of such termination notice (the "Termination Date"), the tolling period shall expire and those of the parties' rights and remedies which were varied by paragraphs 1-3 of this Stipulation shall cease to be so varied and any Limitations Periods shall resume running immediately (unless otherwise interrupted, suspended, or tolled by operation of applicable law). For the avoidance of any doubt, the Parties' obligations at paragraphs 4 and 5 of this Stipulation shall continue following the Termination Date.

9.  This Stipulation shall not operate to revive any NNUK Claim or NN Ireland Claim or U.S. Debtors' Claim that as of the Effective Date was already barred by any Limitations Period.

10. Except as otherwise provided in this Stipulation, nothing herein shall constitute or be deemed to constitute an admission, acknowledgment, waiver or election by any of the Parties, with respect to any right, obligation, claim, defense, liability, or the applicability or expiration of any Limitations Period.

11. This Stipulation shall not operate to waive the need for compliance with any applicable claims process that otherwise may apply in the Chapter 11 Proceedings, EMEA Proceedings or CCAA Proceedings, including, without limitation any deadline for the filing of claims established hereunder.

12. Each individual signing this Stipulation on behalf of any Party hereto acknowledges and, with respect to his or her own signature below, warrants and represents that he/she is authorized to execute this Stipulation in his/her representative capacity, as reflected below and on behalf of the Party indicated.

13. This Stipulation may be executed in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

14. All provisions of this Stipulation are subject to the approval of the Court. This Stipulation shall terminate immediately and have no further force or effect if approval by the Court of the Stipulation is not obtained on or before December 20, 2010, or such later date as to which the Parties mutually agree.

15. The Parties hereby agree to the entry of an order by the Court approving this Stipulation.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: December 16, 2010

NORTEL NETWORKS INC., et al.

*/s/ James L. Bromley*

James L. Bromley (*admitted pro hac vice*)
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York  10006
Telephone: 212-225-2264
Facsimile: 212-225-3999

Counsel to the Debtors

THE JOINT ADMINISTRATORS ON BEHALF OF THE EMEA DEBTORS

*/s/ Edwin J. Harron*

Edwin J. Harron (No. 3396)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
Telephone: 302-571-6600
Facsimile: 302-571-1253

Counsel to the Joint Administrators of the EMEA Debtors

+

NEWYORK:2326571.7

## EXHIBIT A

### Notice Parties

<u>The U.S. Debtors</u>:

Jim Bromley
Lisa Schweitzer
Cleary Gottlieb Steen & Hamilton LLP

David Botter
Fred Hodara
Akin Gump Strauss Hauer & Feld LLP

<u>NNUK and NN Ireland</u>:

Stephen Gale
Kevin Lloyd
Herbert Smith LLP

Edwin Harron
Young Conaway Stargatt & Taylor, LLP

<u>The Joint Administrators</u>:

Alan Robert Bloom
Christopher John Wilkinson Hill
Alan Michael Hudson
Stephen John Harris
David Martin Hughes
Ernst & Young LLP