IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| NORTEL NETWORKS INC., *et al.* | ) Case No. 09-10138 (KG) |
| Debtors. | ) (Jointly Administered) |
| | ) **Hearing Date: January 12, 2011 at 9:30 a.m. (ET)** |
| | ) **Objection Deadline: January 5, 2011 at 4:00 p.m. (ET)** |

## MOTION OF ELTEK VALERE, INC. TO PERMIT FILING OF LATE CLAIM

Eltek Valere, Inc. by and through undersigned counsel, moves this Honorable Court for entry of an Order, pursuant to Bankruptcy Rules 9006(b)(1) and 3004, permitting the claim of Eltek Valere in the amount of $150,383.53 (the "Claim") to be filed late, and in support thereof respectfully represents as follows:

## JURISDICTION AND BACKGROUND

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. On January 14, 2009, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors filed a plan of reorganization on July 12, 2010 and a disclosure statement on September 13, 2010. As of the date of this Motion, no hearings have been set with respect to the disclosure statement and plan. No objections have been filed with respect to the disclosure statement and plan.

5. A claims bar date of September 30, 2009 (the "Bar Date") was set on August 4, 2009. Eltek Valere's Claim was not on file by the Bar Date. The reasons therefore are explained

46865/0001-7248833v1

in the affidavit of Christopher J. Horvay (the "Horvay Affidavit"), dated December 15, 2010 attached hereto as <u>Exhibit A</u> and incorporated herein by reference as though fully set forth.

## RELIEF REQUESTED

6.    By this Motion, Eltek requests entry of an order substantially in the form attached hereto, permitting Eltek to file the Claim after the Bar Date.

## BASIS FOR RELIEF REQUESTED

7.    In *Pioneer Investment Services Co. v. Brunswick Assoc. LP,* 507 U.S. 380, 113 S. Ct 1489 (1993), the Court held that the claims deadline can be extended pursuant to Federal Rule of Bankruptcy Procedure Rule 9006(b), if "excusable neglect" can be shown.

8.    In this case, Debtors inadvertently failed to list in the Debtors' schedules that the Debtors owed Eltek Valere, Inc. the amounts owed as a result of goods delivered as shown on the Claim, attached as <u>Exhibit 2</u> to the Horvay Affidavit, in the amount of $150,383.53. Rather, the Debtors listed Eltek Valere's ***predecessor company***, Eltek Energy LLC, in an amount that was too low, $126,747.27, and, with no basis, listed the claim as disputed. There is no basis for any dispute and the Debtors are aware of that now and were aware of that at the time the schedules were prepared.[1] The goods were delivered and have never been returned and no aspect of the sale contract has been disputed in any fashion.

9.    Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure empowers a Bankruptcy Court to grant a motion for a late filing if the movant's failure to comply with an earlier deadline was the result of excusable neglect. Whether neglect is excusable is determined by the following factors:

    (a) whether granting the delay will prejudice the debtor;

---

[1] There is no plausible explanation for Debtors listing Eltek Valere, Inc. with a trade payable claim as contingent, unliquidated and disputed.

    (b) the length of the delay and its potential impact on court proceedings;

    (c) the reason for the delay, including whether it was within the reasonable control of the claimant;

    (d) whether the claimant acted in good faith.

*Hefta v. Official Comm. of Unsecured Creditors (In re Am. Classic Voyages Co.)*,, 405 F.3d 127, 133 (3rd Cir. 2005), citing *Pioneer Investment Services*, 507 U.S. at 395. With regard to the factors that matter most, prejudice and delay to the proceedings, there is no such impact from this Claim being filed at this time.

10. With respect to the first factor, the lack of any prejudice in this case renders the neglect excusable. There are no adverse consequences that result from allowing the Claim to be filed at this time. The Debtors have not completed the claims process and will have ample opportunity to object to the Claim on substantive grounds, if any such grounds exist.

11. With respect to the second factor, while the length of delay is apparent there will be no delay occasioned in the bankruptcy proceedings by permitting the Claim to be filed. The Debtors' cases are at an early stage as the disclosure statement has not yet been approved and no objections have yet been filed.

12. As for the fourth factor, Eltek has unquestionably acted in good faith. There is no evidence and could be none to the contrary.

13. With respect to the third factor, which should not be controlling given the negligible impact on the Debtors' estates from permitting the Claim to be filed at this time, we acknowledge that the delay was in the control of the creditor and its counsel and we respectfully request the Court's exercise of its equitable power to find that the balance of these factors rests in favor of the filing of the Claim.

**WHEREFORE**, Creditor, Eltek Valere, Inc. prays that this Honorable Court enter an Order:

A)  Permitting the Claim of Eltek Valere to be filed *instanter*; and

B)  Granting such further relief as the Court deems necessary and just.

Dated: December 17, 2010
Wilmington, Delaware

Respectfully submitted,

By: /s/ Sanjay Bhatnagar
Norman L. Pernick (No. 2290)
Sanjay Bhatnagar (No. 4829)
**Cole, Schotz, Meisel,
Forman & Leonard, P.A.**
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: 302-652-3131
Facsimile: 302-652-3117
sbhatnagar@coleschotz.com

-and-

Christopher J. Horvay, Esq.,
**Gould & Ratner LLP**
222 N. LaSalle Street, Suite 800
Chicago, Illinois 60601
Telephone: 312-899-1624
Facsimile: 312-236-3241
chorvay@gouldratner.com

Counsel to ELTEK VALERE, INC.

- 4 -