IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
                                                         :
*In re*                                                  :   Chapter 11
                                                         :
Nortel Networks Inc., *et al.*,[1]                       :   Case No. 09-10138 (KG)
                                                         :
                                    Debtors.             :   Jointly Administered
                                                         :
                                                         :   Hearing date: January 12, 2011 at 9:30 a.m. (ET)
                                                         :   Objections due: January 5, 2011 at 4 p.m. (ET)
                                                         :
---------------------------------------------------------X

## DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 505(B)(2) EXTENDING THE TIME FOR THE IRS TO COMPLETE AN EXAMINATION

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to section 505(b)(2) of title 11 of the United States Code (the "Bankruptcy Code"), extending the time for the United States Internal Revenue Service (the "IRS") to complete an examination; and granting them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory bases for the relief requested herein is section 505(b)(2) of the Bankruptcy Code.

### **Background**

3.  On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc.,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only. The Debtors continue to operate their remaining businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5.  On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by

---

[2]   Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

[3]   The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

the Canadian Court. Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators"). Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6. On June 19, 2009, Nortel announced that it was advancing in discussions with external parties to sell its businesses and that it would assess other restructuring alternatives for its businesses in the event that it was unable to maximize value through sales. Since then, Nortel has sold many of its business units and assets to various purchasers. Efforts continue to be made with respect to the realization of value from Nortel's remaining assets. For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

## Relief Requested

7. By this Motion, the Debtors seek an order, pursuant to section 505(b)(2) of the Bankruptcy Code, extending the time for the IRS to complete an examination; and granting such related relief as the Court deems just and appropriate.

## Facts Relevant to this Motion

8. On September 15, 2010, NNI filed its federal tax return with the IRS for NNI's taxable year ending December 31, 2009 (the "2009 Return"). Along with the 2009 Return, in accordance with section 505(b)(2) of the Bankruptcy Code, NNI filed a request for a prompt

---

[4] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

determination of NNI's tax liability (if any) associated with the 2009 Return (the "Prompt Determination Request"). Under section 505(b)(2)(A)(ii) of the Bankruptcy Code, the IRS has 180 days from the filing of the Prompt Determination Request to complete its examination and notify NNI of any tax liability. The Debtors have agreed with the IRS to extend the time for the IRS to complete its examination for a period up to and including June 30, 2011. Upon a showing of cause, the Court, under section 505(b)(2)(A)(ii) of the Bankruptcy Code, may permit additional time for the IRS to complete its examination beyond the initial 180 day examination period.

9. The Debtors respectfully submit that there is ample cause for granting the IRS additional time to complete its examination. The tax-related issues involved in this case are varied, and the uncertainty surrounding allocation of sale proceeds adds an additional level of complexity. As such, the Debtors have consented to the request of the IRS for additional time to complete its examination. Additional time is required for the IRS to complete a thorough examination of the 2009 Return and for the Debtors to provide the necessary information to aid the IRS in its examination and determination of tax liability (if any).

10. The Debtors have informed counsel for the Committee and the Bondholder Group that they would be seeking this relief prior to filing the Motion and they have informed the Debtors that they do not object to the relief being sought in the Motion.

## Notice

11. Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; and (iv) the general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

12. No prior request for the relief sought herein has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: December 22, 2010
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Alissa T. Gazze (No. 5338)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*