**EXHIBIT A**
**Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X
*In re*                                                    :    Chapter 11
                                                           :
Nortel Networks Inc., *et al.*,[8]                         :    Case No. 09-10138 (KG)
                                                           :
                                    Debtors.               :    Jointly Administered
                                                           :
                                                           :    RE: D.I. _____
-----------------------------------------------------------X

### ORDER GRANTING DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 541, 542 AND 543 AND BANKRUPTCY RULE 9019 (I) APPROVING THE STIPULATION BY AND BETWEEN NNI AND U.S. BANK NATIONAL ASSOCIATION, (II) DIRECTING U.S. BANK NATIONAL ASSOCIATION TO TURN OVER PROPERTY TO NNI, AND (III) GRANTING RELATED RELIEF RELATED TO THE NORTEL NETWORKS U.S. DEFERRED COMPENSATION PLAN

Upon the motion dated [December 22], 2010 (the "Motion"),[9] of Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors") for an order, pursuant to sections 105, 541, 542 and 543 of title 11 of the United States Code (the "Bankruptcy Code"), 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) approving the stipulation by and between NNI and U.S. Bank National Association ("U.S. Bank" or the "Trustee") (the "Stipulation"), (ii)

---

[8] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[9] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

confirming the authority of U.S. Bank to liquidate and turn over the assets (the "Trust Assets") held in a rabbi trust (the "Trust") established pursuant to the pursuant to the Nortel Networks U.S. Deferred Compensation Plan Trust Agreement (as Amended and Restated as of January 1, 2000) (the "Trust Agreement"), by and between NNI, as grantor and U.S Bank, as Trustee, (iii) directing the Trustee to liquidate and turn over the Trust Assets to NNI, (iv) granting NNI the authority to manage and invest the Trust Assets at its discretion, and (v) granting NNI such other and further relief as the Court deems just and proper, and adequate notice having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 20 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interest of the Debtors, their estate, their creditors and the parties in interest, and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

36. The Motion is GRANTED.

37. The Stipulation attached as Exhibit B to the Motion is approved.

38. U.S. Bank is authorized to turn over the Trust Assets held pursuant to the Trust Agreement to NNI as provided under the Stipulation, and is directed to liquidate and turn over any and all Trust assets to NNI within fifteen (15) business days of the date of entry of this Order.

39. In connection with the receipt of the Trust assets, NNI shall be authorized to manage and invest the assets in its discretion.

40. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) NNI is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, (iii) NNI may, in its discretion and without further delay, take any action and perform any act authorized under this Order, and (iv) except as required to effectuate the turnover of the assets of the Trust, upon the entry of this Order, the Trust Agreement and the Trust shall be deemed terminated and U.S. Bank shall be released from any and all future obligations as Trustee.

41. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2011
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE