**EXHIBIT B**
**Stipulation**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
:
*In re*                                     :          Chapter 11
                                            :
Nortel Networks Inc., *et al.*,[1]          :          Case No. 09-10138 (KG)
                                            :
                    Debtors.                :          Jointly Administered
                                            :
                                            :
                                            :
-------------------------------------------------------X

### STIPULATION BY AND BETWEEN NORTEL NETWORKS, INC. AND U.S. BANK NATIONAL ASSOCIATION REGARDING THE TURNOVER OF FUNDS HELD IN TRUST UNDER THE NORTEL NETWORKS U.S. DEFERRED COMPENSATION PLAN TRUST AGREEMENT

This stipulation (the "Stipulation") is entered into by and between Nortel Networks Inc. ("NNI" or the "Debtor") on behalf of itself and certain of its affiliates as debtors and debtors in possession (collectively, the "Debtors") and U.S. Bank National Association ("U.S. Bank", and together with NNI, the "Parties").

## RECITALS

**WHEREAS**, on January 14, 2009 (the "Petition Date"), NNI filed a voluntary petition for relief under chapter 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court")(Case No. 09-10138 (KG)(Jointly Administered)); and

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors ' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

**WHEREAS,** NNI continues to operate its businesses and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"); and

**WHEREAS,** prior to the Petition Date, on January 1, 2000, NNI, as grantor, and U.S. Bank, as trustee, entered into the Nortel Networks U.S. Deferred Compensation Plan Trust Agreement (as Amended and Restated as of January 1, 2000) (the "Trust Agreement") creating a trust (the "Trust") to hold assets for the purpose of funding liabilities, if any, for benefits arising under the Nortel Networks U.S. Deferred Compensation Plan (the "Plan") sponsored by NNI; and

**WHEREAS,** the Trust is intended to be a grantor trust, of which NNI is the grantor, within the meaning of subpart E, part I, subchapter J, chapter 1, subtitle A of the Internal Revenue Code of 1986, as amended; and

**WHEREAS,** pursuant to Article 3 of the Trust Agreement, if NNI is Insolvent as the term is defined in Article 3 of the Trust Agreement, all Trust assets shall be subject to the claims of general creditors of the Debtor; and

**WHEREAS,** pursuant to Article 3 of the Trust Agreement, U.S. Bank is holding all Trust assets for the benefit of the general creditors of the Debtor; and

**WHEREAS,** as of the Petition Date, NNI made no further contributions to the Trust; and

**WHEREAS,** by way of a letter dated May 20, 2010, NNI, through its Principal Officer, John J. Ray III, provided U.S. Bank with formal notice that NNI is Insolvent as the term is defined in Article 3 of the Trust Agreement; and

**WHEREAS,** NNI will submit this Stipulation as an exhibit to a motion seeking an order pursuant to sections 541, 542 and 543 of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the Stipulation; and

**WHEREAS,** NNI asserts that the Trust is property of the Debtor under section 541 of the Bankruptcy Code, and that U.S. Bank is therefore required to transfer all Trust assets to the Debtor pursuant to sections 542 and 543 of the Bankruptcy Code.

**NOW, THEREFORE,** in consideration of the foregoing and as set forth herein, the Parties hereby stipulate and agree, subject to Bankruptcy Court approval, as follows:

1.    Agreement on Parties' Obligations.

   a)  NNI represents that (i) NNI is the owner of the Plan assets; (ii) only employees of NNI or of NNI's wholly-owned subsidiary Nortel Networks (CALA) Inc. ("NN CALA") have participated in the Plan; (iii) NNI has made all contributions to the Trust, which include contributions made for the benefit of employees of both NNI and NN CALA; (iv) NN CALA has filed a voluntary petition for relief under chapter 11 of the United States Code in Bankruptcy Court, and NN CALA's chapter 11 case is proceeding jointly with NNI's under the Case No. first mentioned above; and (v) NN CALA and its creditors (or a related creditors' committee) will receive notice of the above-mentioned motion.

   b)  U.S. Bank agrees that all Trust assets are subject to the jurisdiction of the Bankruptcy Court.

   c)  U.S. Bank agrees to turn over all Trust assets to NNI as directed by an order of the Bankruptcy Court (the "Turnover Order").

3

    d) U.S. Bank and NNI agree that, except as required to effectuate the turnover of

Trust assets to NNI, upon the entry of the Turnover Order and turnover of the

Trust assets to NNI, the Trust Agreement and the Trust shall be deemed

terminated, and U.S. Bank shall be released from any and all future

obligations as trustee, including without limitation any role or responsibility in

connection with claims, if any, of the Plan participants.

    2.    <u>Court Approval</u>.  All provisions of this Stipulation are subject to the approval of

the Bankruptcy Court.

    3.    <u>Reservation of Rights</u>.  The Parties specifically reserve their rights to enforce the

terms and conditions of this Stipulation.

    4.    <u>Binding Effect</u>.  This Stipulation and the order of the Bankruptcy Court approving

the Stipulation shall be binding upon and shall inure to the benefit of the Parties and their

respective successors, assigns, and affiliates, and all other entities and individual persons seeking

to claim and/or defend through the rights of the Parties, including any trustee or receiver

subsequently appointed in the Debtors' chapter 11 cases.

    5.    <u>Manner of Execution</u>.  This Stipulation may be executed in any number of

counterparts and by the different Parties on separate counterparts, each of which, when so

executed, shall be deemed an original, but all such counterparts shall constitute one and the same

Stipulation. Facsimile or pdf signatures shall be deemed original signatures.

    6.    <u>Judicial Construction</u>.  This Stipulation shall not, as a matter of judicial

construction, be construed more severely against one of the Parties than another.

    7.    <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement between the

Parties and supersedes all prior or contemporaneous written or oral communications,

4

understandings, and agreements with respect to the subject matter hereof and this Stipulation shall not be modified, altered, amended, or vacated except by an authorized agreement between the Parties.

8.      Authorizations.  The signatories to this Stipulation hereby represent and warrant that they have been authorized to execute this Stipulation and bind the Parties to the terms hereof.

9.      Beneficiaries. No provision of this Stipulation shall be construed to benefit any person or party in interest other than the Parties hereto.

10.     State Law.  This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to such state's conflicts of laws provisions.

11.     Costs and Expenses.  Each party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

12.     Jurisdiction.  The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from the implementation or interpretation of this Stipulation and any disputes arising hereunder.

5

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: November 29, 2010

Nortel Networks, Inc.                    U.S. Bank National Association

By:_____            By: _____
     John J. Ray, III                          Ann Roemer

Its: Principal Officer                   Its: Vice President and Relationship Manager

6

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated:  November ___, 2010

Nortel Networks, Inc.                          U.S. Bank National Association

By:_____          By:_____
    John J. Ray, III                                    Ann Roemer

Its: Principal Officer                            Its: Vice President and Relationship Manager