Form 210A (10/06)

# United States Bankruptcy Court
### District Of Delaware

In re Nortel Networks, Inc., et al.,             Case No. 09-10138-KG
*Chapter 11*, Jointly Administered

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **Pamela Richardson** | **Fulcrum Distressed Opportunities Fund I, LP** |
|---|---|
| Name of Transferor | Name of Transferee |

Name and Address where notices to transferee should be sent:

Pamela Richardson
2121 Brentcove Dr.
Grapevine, Texas 76051

Name and Current Address of Transferor:

Fulcrum Distressed Opportunities Fund I, LP
111 Congress Avenue, Suite 2550
Austin, Texas 78701
Attn: General Counsel
Tel: (512) 473-2776
Fax: (512) 473-2772

Amount of Claim: $1,095,970**
Claim No. 494 (See Exhibit C)
Date Claim Filed: February 23, 2009

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: __/s/ Matthew W. Hamilton__            Date: __December 27, 2010__
     Transferee/Transferee's Agent

**See Evidence of Transfer, attached as Exhibit A hereto, and Schedule of Transferred Claims, attached as Exhibit B hereto, for complete description of amount and nature of claims assigned**

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

# EXHIBIT A
## EVIDENCE OF TRANSFER

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

Pamela Richardson, with an address at 2121 Brentcove Dr Grapevine, Texas 76051 ("**Seller**") transfers unto Fulcrum Distressed Opportunities Fund I, LP, its successors and assigns ("**Buyer**"), pursuant to the terms of that certain Purchase and Sale Agreement For Certain Claims In The Chapter 11 Cases[1], of even date herewith (the "**Agreement**"), all of its right, title and interest in and to the claims, identified on the attached Schedule (the "**Claims**"), against Nortel Networks, Inc. (the "**Debtor**"), in proceedings for reorganization (the "**Proceedings**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**"), jointly administered under In re Nortel Networks Inc., et al., Chapter 11 Case No. 09-10138 (KG).

Seller hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the foregoing Claims and recognizing the Buyer as the sole owner and holder of the Claims. Seller further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Claims, and all payments or distributions of money or property in respect of the Claims, shall be delivered or made to the Buyer.

IN WITNESS WHEREOF, the Seller and the Buyer have caused this Evidence of Transfer to be duly executed as of December 16, 2010.

SELLER:

_____
Pamela Richardson

---

[1] Capitalized terms not otherwise defined herein, have those meaning ascribed to such terms in the Agreement.

A-1

## EXHIBIT B
## SCHEDULE OF TRANSFERRED CLAIMS

| Transferor Name | Transferee Name | Proof of Claim Number | Proof of Claim Amount |
|---|---|---|---|
| Pamela Richardson | Fulcrum Distressed Opportunities Fund I, LP | 494 | $1,095,970 |

**EXHIBIT C**
PROOF(S) OF CLAIM TRANSFERRED

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | District of Delaware | PROOF OF CLAIM |
|---|---|---|

Name of Debtor: Nortel Networks Inc.
Case Number: 09-10138

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Pamela D. Richardson

Name and address where notices should be sent:
David K. Watsky
3402 Oak Grove Ave.
Suite 200
Dallas, Texas 75204

Telephone number: 214-720-2009

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 1,095,970

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** Gender/Pregnancy Discrimination
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   
   Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
   Describe:
   
   Value of Property: $_____  Annual Interest Rate ___%
   
   Amount of arrearage and other charges as of time case filed included in secured claim,
   if any: $_____  Basis for perfection: _____
   
   Amount of Secured Claim: $_____  Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

   Specify the priority of the claim.
   
   ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).
   
   ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).
   
   ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).
   
   ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).
   
   ☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).
   
   ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).
   
   **Amount entitled to priority:**
   $_____
   
   *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Filed: USBC - District of Delaware
Nortel Networks Inc., Et Al.
09-10138 (KG)                0000000494

Date: 2-10-09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

/s/ Pamela Richardson

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

| Reset | Save As... | Print |

**EXHIBIT D**
<u>ALLOWANCE ORDER</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
:
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
:
: RE: D.I. _4341_
:
------------------------------------------------------X

**ORDER APPROVING THE STIPULATION RESOLVING PROOF OF CLAIM
NO. 494 FILED BY PAMELA D. RICHARDSON**

Upon the motion dated November 17, 2010 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, authorizing the Debtors' entry into and approving the Stipulation, attached to the Motion as **Exhibit B**, and granting them such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized to enter into the Stipulation, and the Stipulation is approved in its entirety.

3. The Debtors are authorized, but not directed, to take any and all action that may be reasonably necessary or appropriate to perform their obligations arising under the Stipulation.

4. The failure specifically to describe or include any particular provision of the Stipulation in this Order shall not diminish or impair the effectiveness of such a provision, it being the intent of this Court that the Stipulation be approved in its entirety.

5. The Debtors, the Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to the Stipulation.

6. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Dec. 7, 2010
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3