EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re*                                                     :    Chapter 11
                                                            :
Nortel Networks Inc., *et al.*,[1]                          :    Case No. 09-10138 (KG)
                                                            :
                                Debtors.                    :    Jointly Administered
                                                            :
                                                            :
------------------------------------------------------------X

## STIPULATION BETWEEN THE DEBTORS AND AT&T
## REGARDING PRODUCTION OF CONFIDENTIAL INFORMATION

This stipulation (the "Stipulation" or the "Protective Order") is entered into among the undersigned parties (the "Parties"), by their respective counsel, as of this 7th day of January, 2011.

**WHEREAS,** on January 14, 2009 (the "Petition Date"), Nortel Networks, Inc. ("Nortel") and certain of its affiliates (collectively, the "Debtors") filed petitions for relief (the "Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

**WHEREAS,** prior to the Petition Date, Nortel and AT&T (as defined below) entered into numerous contracts (collectively, the "AT&T Contracts"), whereby AT&T purchased Nortel equipment for use in AT&T's telecommunications networks and/or for resale to AT&T's customers for use in connection with AT&T's telecommunications services, pursuant to which the Parties have certain obligations and responsibilities, including the Debtors'

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

obligations to indemnify AT&T under certain circumstances and on certain terms and conditions, against, among other things, any damages or losses caused by the Nortel equipment, or as a result of claims for infringement made by third parties against AT&T; and

**WHEREAS**, on September 30, 2009, AT&T Corp., on behalf of itself and its subsidiaries and affiliates, including, but not limited to, AT&T Services, Inc., SBC Services, Inc., BellSouth Corporation, BellSouth Telecommunications, Inc., BellSouth Long Distance, Inc., BellSouth Communications Systems, LLC, Pacific Bell/Nevada Bell, Bell Telephone Company and Cingular Wireless LLC (collectively, "AT&T"), filed a proof of claim against the Debtors asserting, among other claims, certain claims for liquidated and unliquidated amounts under the indemnification provisions contained in the AT&T Contracts, marked in the Debtors' claims register as claim number 5351 (the "Proof of Claim"); and

**WHEREAS**, since the filing of the Proof of Claim, AT&T has become aware of an additional indemnity claim (together with the other indemnity claims asserted in the Proof of Claim, the "Indemnity Claims"); and

**WHEREAS**, Nortel has requested that AT&T produce documents and information concerning the Indemnity Claims; and

**WHEREAS**, AT&T believes that some of the documents and information concerning the Indemnity Claims contain confidential and proprietary information; and

**WHEREAS**, the Parties have agreed to implement certain procedures to assure the protection of any Confidential Information (as defined herein) included in any production made by AT&T.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth herein, the Parties agree as follows:

1. The term "Information" as used herein shall include any document, deposition testimony, electronic data, interrogatory response, response to requests for admissions, or other information disclosed or produced by or on behalf of a Party (or any of its attorneys or other agents), or by or on behalf of a non-party (or any of its attorneys or other agents), and all information derived therefrom.

2. To the extent a Party producing Information (the "Producing Party") believes, reasonably and in good faith, that such Information constitutes, includes, or concerns confidential or proprietary contractual, commercial, marketing, business or financial information, it may designate such Information as "Confidential," and upon such designation, such Information shall constitute "Confidential Information," the use and disclosure of which are governed by the terms of this Protective Order; provided, however, that the following shall not constitute "Confidential Information": any document or Information that (a) is currently or hereafter becomes publicly published or lawfully available to the public; or (b) has been submitted to any governmental entity by the Producing Party or to this Court without request for confidential treatment; or (c) is approved in writing and in advance by the Producing Party for public release or use, without restriction. Any Information that does not constitute Confidential Information shall not be covered by this Protective Order.

3. Confidential Information shall only be used by the Receiving Party in connection with their review and analysis of the Proof of Claim and the Indemnity Claims and not for any business, litigation, commercial or other purposes and shall not be shown, disseminated, copied, or in any way communicated or disclosed to anyone for any purpose whatsoever, other than the parties listed in paragraph 4 below; provided, however, that subject to paragraph 8 hereof, if the

Debtors file an objection to the Proof of Claim, so long as they comply with the terms of this Protective Order, they may use Confidential Information in connection with such objection.

4. The Party receiving Confidential Information (the "Receiving Party") or any other person receiving such Information pursuant to this paragraph 4, except with the prior consent of the Producing Party or upon prior order of this Court, shall not disclose any such Information to any person other than the following:

> a. outside counsel for the Parties in these Cases and their secretaries, legal assistants, or other support personnel as reasonably necessary to assist outside counsel in the review and analysis of the Proof of Claim and Indemnity Claims (collectively "Outside Counsel");
>
> b. current employees of each of the Parties, including, without limitation, inside counsel, their parents, subsidiaries, and affiliates;
>
> c. former employees of each of the Parties who are assisting the Party or the Party's counsel in connection with the review and analysis of the Proof of Claim and Indemnity Claims and who execute an undertaking in the form annexed hereto as Exhibit A, indicating that he or she has read this Protective Order and will abide by its terms (the "Undertaking");
>
> d. outside experts, consultants, and/or litigation support vendors who are not employees of any Party and who are expressly retained to assist Outside Counsel, including, but not limited to, independent auditors, accountants, statisticians, economists and other experts, and the employees of such persons, (collectively "Outside Assistants"), provided that: (1) before access is given, the Outside Assistants have completed the Undertaking

4

attached hereto as Exhibit A and a copy of such Undertaking and a list of such expert or consultant's previous engagements as a consulting expert (to the extent such information is available) are served upon the Producing Party at least ten (10) business days before access to the Confidential Information is to be given to that Outside Assistant; provided, further, that if the identity of such Outside Assistants would not be subject to discovery under the Bankruptcy Rules or the Local Rules, the Receiving Party may redact the identity of such individual from any copies of the Undertaking and the list that are served upon the Producing Party; and (2) the Producing Party shall have at least five (5) business days after receipt of the information in (1) of this subparagraph and before disclosure to such expert or consultant to notify the Receiving Party in writing that it objects to disclosure of Confidential Information to the Outside Assistants. The Parties agree to promptly confer and act in good faith in an effort to resolve any such issue. If the Parties cannot resolve the dispute, the Producing Party may apply for relief from the Court pursuant to the Local Rules concerning discovery disputes, and bears the burden of proving why such disclosure should not occur. If a motion is so filed with the Court within ten (10) business days after receipt of the Undertaking by the Producing Party, no disclosure shall be made to the Outside Assistants unless and until the Court so orders or the Producing Party otherwise withdraws its motion. If the motion is not filed within ten (10) business

days after receipt of the Undertaking, the Producing Party's objection shall be deemed waived;

e. the Court, Court personnel, jurors, mediators and arbitrators;

f. Court reporters and videographers who are retained to transcribe or videotape testimony in these Cases;

g. during depositions only, any deposition witness; provided, however, the requirements of section 5 below are satisfied; and

h. professional advisor(s) to the Official Committee of Unsecured Creditors (the "Committee") who are representing the Committee in connection with the review, analysis, disputes or settlements of the Proof of Claim and/or the Indemnity Claims in these bankruptcy proceedings, provided, however, such professional advisor(s) have completed the Undertaking attached hereto as Exhibit A.

5. Before Confidential Information is disclosed to a witness in a deposition, the witness must be otherwise authorized under this Protective Order to see such Confidential Information or the Producing Party must agree to such disclosure. The Party making the disclosure shall inform the witness, on the record, that the use of such Confidential Information is subject to the terms of this Protective Order. Except for individuals who are present directors, officers, or employees of the Producing Party, the witness must sign the Undertaking in the form attached hereto as Exhibit A, which Undertaking shall be included as an exhibit to such deposition, or the witness shall agree on the record to be bound by the terms of this Protective Order and the Undertaking attached her to as Exhibit A. If a witness refuses both options, the deposition may cease, the Parties may agree to continue the deposition only on terms agreeable

to all Parties, or may file any motions with the Court with respect to the deposition as they see fit. If any person present at the deposition is not authorized to receive the Confidential Information, that person shall leave the deposition while any Confidential Information is being disclosed in such deposition.

6. Any person receiving the Confidential Information shall not disclose such Information to any person who is not entitled to receive such Information pursuant to paragraph 4 hereof.

7. The originals of the Undertakings required pursuant to paragraph 4 hereof shall be retained by counsel for the Receiving Party with respect to the Confidential Information it disclosed to the individual who signed the Undertaking, and, upon written request, shall be made available to counsel for the Producing Party.

8. A Party shall designate Information as "Confidential Information" by affixing a stamp with such words on the document, electronic data, or electronic media before copies of the documents are delivered to another Party.

9. Any deposition transcript or videotaped deposition or any portion thereof containing Confidential Information shall be marked on the cover "Confidential" and shall indicate as and where appropriate within the transcript and on the videotape that the Information has been so designated. A Party may designate any portions of the transcript (including exhibits) as containing Confidential Information by advising the other Parties at the deposition, or, within thirty (30) days after receipt by the designating Party of the transcript, by indicating in writing to all other Parties which pages are being designated as Confidential. Until thirty (30) days have passed after the receipt of any transcript, the entire transcript and videotape shall be deemed to contain Confidential Information. Nothing in this Protective Order shall prevent an

employee of a Party or Outside Counsel from attending the deposition, except that only persons entitled to receive Confidential Information pursuant to paragraph 4 hereof shall be present when such Information is disclosed at the deposition. Counsel for the Party disclosing such Confidential Information at the deposition shall, before such Information is disclosed, advise counsel for all other Parties so that appropriate safeguards can be taken to ensure that only persons entitled to receive such Information pursuant to the terms of paragraph 4 of this Protective Order are present when such Information is disclosed.

10. In the event that counsel for any Party decides to file with or submit to the Court any Confidential Information, the following procedures shall be used:

    a. To the extent that Confidential Information is filed with the Court or contained in any pleading, motion, or other papers filed with the Court, such Confidential Information, or the portion of such pleading, motion, or other papers containing Confidential Information, shall be filed (i) under seal in an envelope bearing the legend "Filed Under Seal," and kept under seal until further order of this Court, or (ii) in such other manner as the Parties agree in writing or the Court so orders.

    b. The Parties agree to refrain from including Confidential Information in the titles of documents publicly filed with the Court.

11. The Parties will address separately from this Protective Order and at the relevant time the handling of Confidential Information at any trial or hearing between the Parties.

12. Any Producing Party may give notice to any Receiving Party that it is eliminating a previous designation of a document or other Information as "Confidential."

13. Nothing herein shall impose any restriction on the use or disclosure by a Party of its own Confidential Information. Nor shall this Protective Order be construed to prevent any Party or its counsel or Outside Assistants from making use as they see fit of Information that does not constitute Confidential Information as defined in paragraph 2 hereof.

14. If a Receiving Party disagrees with a Producing Party's designation of Information as "Confidential" or disputes the limitations on access to be accorded such Information under this Protective Order, such Party may provide to the Producing Party written notice of its disagreement and specifically identify the Information or restriction on access in dispute. If, despite good faith effort, the dispute cannot be resolved informally by the Parties, the Party contesting the designation or restriction on access may seek relief from the Court. The Party who designated the Information as "Confidential" shall bear the burden of demonstrating that the Information is entitled to protection from disclosure under applicable law. Pending the Court's ruling, the Party contesting the designation shall continue to treat the Information as Confidential Information subject to the terms of this Protective Order.

15. A Party that has inadvertently produced Information without designating it as Confidential Information may at any time prior to the closing of these Cases redesignate such Information as "Confidential." The Party receiving such redesignated Confidential Information shall make a reasonable good faith effort to ensure that any analysis, memoranda, notes, or other material that it or its counsel or Outside Assistant generated based upon such Information shall immediately be treated as containing or concerning Confidential Information.

16. Inadvertent or unintentional production of documents or information containing Confidential Information that is not designated as such under this Protective Order shall not be deemed a waiver in whole or in part of a claim for protected treatment of such documents or

information. In the event of any disclosure of Confidential Information other than in a manner authorized by this Protective Order, counsel for the Party responsible for the unauthorized disclosure shall promptly notify counsel for the Producing Party of the unauthorized disclosure and shall promptly make reasonable best efforts to take the steps necessary to further prevent unauthorized disclosure, including retrieving all copies of the Confidential Information from the unauthorized recipient(s) thereof and securing the agreement of the recipient(s) not to further disseminate the Confidential Information in any form.

    a.    If a Party claims to have inadvertently produced Information that it considers to be protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, or other applicable privilege, in whole or in part, or learns of the production of such Information by a non-party, then, within twenty-one (21) days of the date of discovery by the Party of the inadvertent production by it or a non-party, the Party asserting that an inadvertent production has occurred shall give written notice to the Receiving Party that the Party claims the Information, in whole or in part, is privileged or protected material; in addition, the notice must state the nature of the privilege or protection, the basis for asserting it, and the reason the production is claimed to be inadvertent.

    b.    Upon receipt of such notice, the Receiving Party shall promptly return all copies of such inadvertently produced Information to the Party asserting inadvertent production, or, at the Receiving Party's option and to the Producing Party's reasonable satisfaction, destroy, all copies of such inadvertently produced Confidential Information (including, any and all

work product to the extent it contains such Confidential Information). Upon receiving such notice from the Producing Party, the Receiving Party shall promptly return all copies of such inadvertently produced Confidential Information (including any and all work product to the extent it contains such Confidential Information), and shall make no further use of such Confidential Information (or work product, if any, to the extent it contains such Confidential Information). Nothing herein shall prevent the Receiving Party from challenging the applicability of the attorney-client privilege, work-product protection, or any other privilege or protection to any Confidential Information, by appropriate motion in this Court on notice to the Producing Party, and in accordance with this Order and applicable Rules; <u>provided, however</u>, that prior to resolution of any such dispute (either by the Parties or through intervention of the Court), the Receiving Party need not return the Information at issue to the Producing Party; however, pending resolution of the dispute by the Parties or the Court, the Receiving Party shall not use or disclose the Information at issue for any purpose other than to challenge the inadvertence, privilege or protection claim.

c. In the event that only part of a document is claimed to be privileged or protected, the Party asserting inadvertent production shall furnish to the Receiving Parties a redacted copy of such document, removing only the part(s) thereof claimed to be privileged or protected, together with such written notice.

17. All provisions of this Protective Order restricting the use of Confidential Information shall continue to be binding after the final determination, resolution, or settlement of the Indemnity Claims, unless the Parties agree otherwise in writing. Any and all originals and copies of documents or other Confidential Information shall, at the request of the Producing Party, be returned to the Producing Party at its expense, or destroyed, within forth-five (45) days after a final judgment and appeals herein or settlement or other final resolution of the allowed amount, if any, of the Proof of Claim and the Indemnity Claims except that Outside Counsel for each Party (whether or not counsel of record) may maintain in its files one copy of each pleading, motion, discovery request, memorandum, affidavit, declaration, or any other document submitted to the Court (including exhibits). Upon request from any Party, a Party that elects to destroy documents in its possession containing Confidential Information shall confirm in writing to the Producing Party that such documents have been destroyed.

18. Neither this Protective Order nor any Party's designation of Information as "Confidential" shall affect the discoverability or admissibility into evidence of the Information so designated. Nothing contained in this Protective Order or any designation of confidentiality hereunder or any failure to make such a designation shall be used or characterized by any party as an "admission" by a Party or a party opponent.

19. Nothing herein shall bar or otherwise restrict a professional who received Confidential Information pursuant to paragraph 4 hereof from rendering advice to his or her client with respect to the AT&T Contract, the Proof of Claim, or the Indemnity Claims. In rendering such advice or in otherwise communicating with the client, the professional shall not disclose the specific content of any Confidential Information to any other person or party except as permitted under the terms of this Protective Order. Nothing contained in the foregoing

sentence shall prohibit attorneys for the Committee from filing a motion with the Court seeking authority to disclose the specific content of any Confidential Information to their clients to the extent permissible under applicable law or from objecting to any proposed resolution of the Proof of Claim and/or Indemnity Claims reached between the Debtors and AT&T on any grounds, including, but not limited to that their clients do not have sufficient information to evaluate the proposed resolution, or prohibit the Debtors or AT&T from objecting to such relief.

20.    In the event that a Party is served with or is otherwise subject to legal process (including subpoena or discovery notice) requiring it to testify about, produce, or otherwise divulge Confidential Information (the "Subpoenaed Party"), to the extent permitted by law the Party will (i) promptly inform the Producing Party, and provide the Producing Party with a copy of such subpoena, process or other written demand or request no later than three business days of receipt of such process so that the Producing Party may seek a protective order or other appropriate remedy, and (ii) assert in its response to the legal process that the Confidential Information being sought is subject to this Stipulation and, to the extent that the Producing Party has filed a motion for a protective order or other remedy to bar the production of such Confidential Information in response to such legal process prior to the date on which the production of such Confidential Information is called for by such legal process, will not produce such Confidential Information without court order or the written consent of the Producing Party (except with respect to a request of a regulator having jurisdiction over the party that is served with or subject to the legal process). The Subpoenaed Party, to the extent permitted by law, will cooperate fully with the Producing Party in any attempt by the Producing Party to obtain any such protective order or other remedy. If the Producing Party does not obtain any such protective order or other remedy, then the Subpoenaed Party may disclose the Confidential

Information to the extent legally required; <u>provided, however,</u> that the Subpoenaed Party will use reasonable best efforts to ensure that such Confidential Information is treated confidentially by each person to whom it is disclosed. The Parties acknowledge that, in the event that Confidential Information is disclosed to a regulator having jurisdiction over the party that is served or subject to legal process, the disclosure of such Confidential Information to the regulator does not, in any way, waive the confidential nature of the Confidential Information as between the Parties to this Stipulation or to any other party who signs an Undertaking.

21. This Stipulation may be signed in counterparts. Facsimile or scanned and e-mailed signatures shall be considered as originals.

22. This Court retains jurisdiction subsequent to the final determination of the Indemnity Claims, whether by judgment, settlement, or other resolution, to enforce the terms of this Stipulation and to determine all disputes arising in connection therewith.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: January 7, 2011
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Deborah M. Buell (admitted *pro hac vice*)
Neil P. Forrest (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP

_____
Raymond H. Lemisch, Esq. (No. 4204)
Jennifer R. Hoover, Esq. (No. 5111)
222 Delaware Avenue, Suite 801
Wilmington, Delaware 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012

*Counsel for the Debtors
and Debtors-in-Possession*

Dated: January 7, 2011
Wilmington, Delaware

FULBRIGHT & JAWORSKI L.L.P.

David Rosenzweig
Mark C. Haut
666 Fifth Avenue
New York, NY 10103
Telephone: (212) 318-3035

- and -

ASHBY & GEDDES, P.A.

By: /s/ Amanda Winfree
William P. Bowden (#2553)
Amanda M. Winfree (#4615)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

*Counsel to AT&T Corp. and its affiliates/subsidiaries*

# EXHIBIT A

## FORM UNDERTAKING

## ACKNOWLEDGMENT

I hereby attest to my understanding that confidential information or documents, materials, or information are being provided to me pursuant to the terms and conditions of a Protective Order entered by the Court [D.I.____] in a matter entitled In re Nortel Networks Inc., et al., No. 09-10138 (KG) (Bankr. D. Del.). I hereby attest that I have been given a copy of and have read the Protective Order and I hereby agree to be bound by it and its terms. I agree that I shall not disclose to others, except in accordance with the terms of the Protective Order, such confidential documents, materials, or information.

_____
Signature

_____
Name [typed or printed]

_____
Position

_____
Date