IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
:
*In re*                                                  :   Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                       :   Case No. 09-10138 (KG)
:   Jointly Administered
Debtors.                                                 :
:
:   RE: D.I. 4639
:
---------------------------------------------------------x

## ORDER AUTHORIZING THE DEBTORS TO FUND
## CERTAIN SUBSIDIARY AND AFFILIATE WIND-DOWN COSTS

Upon the motion dated December 22, 2010 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, authorizing the Debtors to advance or expend funds to their non-debtor subsidiaries and foreign branch offices or for their benefit, as necessary to facilitate the wind-down of the subsidiaries and foreign offices pursuant to local law; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized, but not directed, to pay the Wind-Down Costs of one or more of their Foreign Offices in an aggregate post-petition amount not to exceed $8 million without need to obtain further Court Approval, provided that prior to executing any payment, transfer, intercompany loan, or equity infusion that would result in outstanding post-petition payments of Wind-Down Costs pursuant to the authority granted under this Order in excess of $100,000 being extended to or for the benefit of a specific Foreign Office, the Debtors shall (i) file with the Court a notice disclosing the amount, nature and recipient if the Wind-Down Cost payment and (ii) provide counsel to the Committee and the U.S. Trustee at least five (5) business days prior written notice of the proposed disbursement for Wind-Down Costs (including by electronic mail), including the amount and nature of Wind-Down Costs to be paid, along with any relevant documentation documenting the Wind-Down Costs. If the Committee or the U.S. Trustee provides the Debtors' counsel with a written objection (including by electronic mail) to the payment of such Wind-Down costs within that five (5) business day period, then to the extent such objection cannot be resolved, the Debtors shall be required to seek Court approval, including on an expedited basis if necessary, prior to making the proposed payment of Wind-Down Costs.

3. The Debtors are authorized to enter into, execute, deliver, certify, file and/or record, and perform such agreements, instruments, applications for approvals or ruling of governmental or regulatory authorities, certificates, or other documents, and to take such other actions as shall be or become necessary, proper, and desirable to effectuate payment of such Wind-Down Costs in accordance with the terms of the Motion and this Order.

4. Consistent with the applicable provisions of the Federal Rules of Bankruptcy Procedure, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

5. Nothing in the Motion or this Order, nor the Debtors' payment of the Wind-Down Costs pursuant to this Order, shall be deemed or construed as: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim on any grounds; (iii) a promise to pay any claim; or (iv) an implication or admission that any particular claim would constitute an obligation of the Debtors.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2011
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE