JOHN AND KATHERINE SELIGSON

January 19, 2011

Honorable Kevin Gross
United States Bankruptcy Court for the District of Delaware
824 Market Street
Wilmington, Delaware 19801

Re: Nortel Networks U.S. Deferred Compensation Plan Status, Case No. 09-10138 (KG)

Sir,

    I am writing to you in regard to the Nortel Networks bankruptcy proceedings, specifically the recent motion that will allow Nortel to claim the funds in the Nortel Networks U.S. Deferred Compensation Plan. My goal is to hopefully correct what I perceive as the mischaracterization of many of the Deferred Compensation Plan participants in the motion filed by Nortel and in the media.

    I am a software developer with little investment knowledge and experience. In 2000, I was a mid-level engineer working for Nortel in California. Because of the cost-of-living and associated salaries in California, my salary level reached the threshold where I was offered the chance to participate in the Deferred Compensation program. Given my location, I was not part of a "select group of management and highly compensated employees" but rather just a typical engineer in California. The threshold to enter the program was quite low based on California compensation levels. The Deferred Compensation program was marketed to us basically as an extension to the 401(k) program and as a way, for example, for us to easily save for future expenses such as children's college education. The fine details of the program, such as what a "rabbi" trust was, or any of the risks involved, other than loss of equity due to my investment decisions, was never explained. I was not a "savvy" investor and (incorrectly) assumed that the company had a duty to fully inform us of the risks of participating in such a program and to watch out for our best interests. It is obvious now that I was naïve and that this was a mistake on my part.

    I invested in the Deferred Compensation program for nine years (2000 – 2009), faithfully contributing salary I earned so that I could attempt to pay for college for my children. Now that the money is needed I'm told that my claim on money I was paid is "unsecured" and has a very low priority with regard to Nortel's many creditors. At this point I honestly feel taken advantage of and misled. Some of the fault is my own for trusting the company for which I worked. However, the media characterization that everyone involved in the Deferred Compensation program was investment-savvy, "fat-cat" executives that understood the risks is just plain wrong. I'm sure the recourse for plan participants is very limited at this time. That being said, I continue to hold out hope that someone will speak-up and do what's right for the silent "little guys" in all of this.

    Thank you for your time.

Sincerely,

John Seligson
Claim #4282

330 ESATTO PLACE • EL DORADO HILLS, CA • 95762
PHONE: 916/933-4656

EPIQ SYSTEMS
757 THIRD AVENUE
THIRD FLOOR
NEW YORK, NY 10017

P 646 282 2500   F 646 282 2501
757 THIRD AVENUE, NEW YORK, NY 10017
WWW.EPIQSYSTEMS.COM





MAILID *** 0007597381 ***

**** NNI CLMLTR (MERGE2,TXNUM2) 4000107612 ****

SELIGSON, JOHN
1311 CROCKER DRIVE
EL DORADO HILLS, CA 95762

January 04, 2010

## ACKNOWLEDGEMENT OF RECEIPT OF PROOF OF CLAIM

This letter serves as acknowledgement that the claim identified below has been recorded by Epiq Bankruptcy Solutions, LLC, the court-approved claims agent, on the claims register in the NORTEL case. It is also publically available at the following website address: http://chapter11.epiqsystems.com/NNI. To ensure that your claim has been recorded correctly, please review the following information:

| | |
|---|---|
| Debtor: | NORTEL NETWORKS INC. |
| Case Number: | 09-10138 |
| Creditor: | SELIGSON, JOHN |
| Date Received: | 09/28/2009 |
| Claim Number: | 4282 |

*Please note that nothing in this Acknowledgement should be construed to mean or imply that your claim is being allowed. The Debtor may elect to object to the identified claim on various grounds.*

We strongly encourage you to review your submitted proof of claim on our website at the address listed above. To find your imaged claim, click on the "Filed Claims & Schedules" link at the top of the page, type in your claim number in the "Claim #" field, and click "Search."

**WHEN REVIEWING YOUR CLAIM, PLEASE BE AWARE OF ANY PERSONALLY IDENTIFIABLE INFORMATION ("PII") SUBMITTED BY YOU. PII can include information used to distinguish or trace an individual's identity, such as their social security number, biometric records, drivers license number, account number, credit or debit card number (including any passwords, acces codes or PIN numbers), etc., alone, or when combined with other personal or identifying information which is linked or linkable to a specific individual, such as date and place of birth, mother's maiden name,etc.**

The Proof of Claim Form allows for redacted documents. If you identify any PII in your filed claim, please contact us immediately at (646) 282-2400 or via our contact form on our website at http://www.epiq11.com/contact.aspx so we may assist you in redacting this information. Please be sure to specify the client/debtor about which you are inquiring.

You may also contact by either of the methods listed above should you have any other questions.

**EPIQ BANKRUPTCY SOLUTIONS, LLC**