IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>Nortel Networks Inc., *et al.*,[1]<br><br>                 Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>Jointly Administered<br><br>Hearing date: February 9, 2011 at 9:30 a.m. (ET)<br>Objections due: February 2, 2011 at 4:00 p.m. (ET) |

**SUPPLEMENTAL APPLICATION OF DEBTORS FOR AN ORDER AUTHORIZING EXPANDED EMPLOYMENT OF MERCER (US) INC.
AS CONSULTANTS TO THE DEBTORS *NUNC PRO TUNC* TO DECEMBER 14, 2010**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Supplemental Application") for the entry of an order substantially in the form attached hereto as Exhibit B, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), (i) authorizing the expanded employment of Mercer (US) Inc. ("Mercer") as consulting expert to the Debtors regarding certain employee and retiree benefits, *nunc pro tunc* to December 14, 2010, and (ii) granting related relief. In support of the Supplemental Application, the Debtors rely on the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable
(Continued . . .)

Declaration of Douglas J. Smith (the "Smith Declaration"), attached hereto as Exhibit A, as well as the Application For An Order Authorizing Employment And Retention Of Mercer (US) Inc. *Nunc Pro Tunc* To The Petition Date [D.I. 362] (the "Application") and the declaration of John Dempsey in support of the Application (the "Initial Declaration"). In further support of this Supplemental Application, the Debtors respectfully represent as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 327(a) and 328(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2014 and 2016 and Local Bankruptcy Rule 2014-1.

## Facts Relevant to this Motion

3. On January 23, 2009, the Debtors filed the Debtors' Motion For An Order Authorizing The Debtors To Retain And Employ Professionals Used In The Ordinary Course of Business *Nunc Pro Tunc* To The Petition Date [D.I. 137] (the "OCP Motion"). The OCP Motion sought to retain certain professionals used in the ordinary course, including Mercer, which was retained as an ordinary course professional for the purposes of providing advice regarding compensation and benefit plan design, governance and implementation. The OCP Motion made clear that the Debtors were not seeking through that motion to retain Mercer to provide any

---

A. (. . . continued)
Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

professional services under section 327(a) of the Bankruptcy Code. The Court approved the OCP Motion, including with respect to Mercer's employment, on February 5, 2009 (D.I. 236).

4. On February 23, 2009, the Debtors filed the Application. The Application sought to employ Mercer to provide professional services under section 327(a) of the Bankruptcy Code, as compensation specialist to assist the Debtors with developing a Key Employee Incentive Plan in connection with these chapter 11 cases, and also sought approval of compensation terms.

5. The Court approved the Application pursuant to sections 327 and 328 of the Bankruptcy Code on March 19, 2009 (D.I. 494) (the "Initial Retention Order").

6. In connection with the Debtors' continuing wind-down of their remaining operations, the Debtors are in the process of reviewing issues related to their remaining employee and benefit plans. The Debtors seek to expand Mercer's engagement to retain Mercer as consulting expert to assist the Debtors and their counsel in this process. Mercer has advised the Debtors that it will use a separate team for this expanded engagement as consulting expert that does not include Mercer employees who have provided services to the Debtors pursuant to the Application or the order approving the OCP Motion.

## Relief Requested

7. By this Supplemental Application, the Debtors seek entry of an order pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Bankruptcy Rule 2014-1 supplementing the Initial Retention Order to (i) authorize the expanded employment of Mercer as consulting expert to the Debtors regarding certain employee and retiree benefits *nunc pro tunc* to December 14, 2010, pursuant to that certain engagement letter agreement by and between NNI and NNL on the one hand and Mercer on the other, dated as of January 25, 2011 (the "Engagement Agreement"), attached hereto as Exhibit C; and (ii) grant related relief.

3

**Basis for Relief**

8. Under section 327 of the Bankruptcy Code, a debtor-in-possession may employ one or more professionals that do not hold or represent an interest adverse to the estate and that are disinterested persons to assist the debtor-in-possession in carrying out its duties under the Bankruptcy Code. 11 U.S.C. § 327(a).

9. Section 328 of the Bankruptcy Code provides, in pertinent part, that under section 327 of the Bankruptcy Code a professional may be employed "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

10. Bankruptcy Rule 2014 requires that an application for retention of a professional person include:

> [S]pecific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a). Local Bankruptcy Rule 2014-1 further requires that "[a]ny entity seeking approval of employment of a professional person pursuant to 11 U.S.C. § 327 . . . shall file with the Court a motion, a supporting affidavit or verified statement of the professional person and a proposed order for approval." Del. Bankr. L.R. 2014-1(a).

11. By this Supplemental Application, the Debtors request that the Court supplement its approval, through the Initial Retention Order, of the employment and compensation arrangements with Mercer to apply to the Debtors' further engagement of Mercer as set forth herein pursuant to section 328(a) of the Bankruptcy Code. These employment arrangements are

4

beneficial to the Debtors' estates and the compensation arrangements, as already approved by this Court, provide certainty and proper inducement for Mercer to act expeditiously and prudently with respect to the matters for which it will be employed.

12. The Debtors also request approval of the employment of Mercer *nunc pro tunc* to December 14, 2010. Such relief is warranted by the circumstances presented by the chapter 11 cases at this time. The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention. See In re Arkansas Co., 798 F.2d 645, 650 (3d Cir. 1986); see also In re Indian River Homes, Inc., 108 B.R. 46, 52 (D. Del. 1989), appeal dismissed, 909 F.2d 1476 (3d Cir. 1990). The Debtors have completed the sale of almost all of their business units and are working to resolve the remaining issues in their cases in order to further the completion of their chapter 11 cases. This has necessitated that the Debtors, Mercer and the Debtors' other professionals focus their attention on such remaining matters and promptly devote resources to the affairs of the Debtors pending submission and approval of this Supplemental Application.

## Necessity

13. The Debtors seek to expand their engagement of Mercer to act as consulting expert to the Debtors regarding certain employee and retiree benefits in connection with these chapter 11 cases. The Debtors chose Mercer to act in this capacity because Mercer has a long-standing relationship with the Debtors and Nortel generally, including as an advisor with respect to the Debtors' compensation and benefit plans. Mercer has extensive experience and an excellent reputation in providing human resources consulting and related services. As a result, the Debtors believe that Mercer is well qualified to perform these additional services and represent the Debtors' interests in their chapter 11 cases. Denial of the relief requested by the

5

Debtors in this Supplemental Application would deprive the Debtors of the assistance of uniquely qualified advisors. Furthermore, it would unjustly disadvantage the Debtors and all parties in interest, as the Debtors would be forced to engage new benefits consultants who lack Mercer's extensive knowledge of the Debtors.

### Scope of Services and Professional Compensation

14. On January 25, 2011, NNI and its US Debtor affiliates, on the one hand, and Mercer, on the other, entered into the Engagement Agreement. Pursuant to the Engagement Agreement,[2] Mercer will render consulting services to the Debtors in connection with the rendering of legal services by the Debtors' counsel with respect to certain employee and retiree benefits in connection with these chapter 11 cases.

15. Under the Engagement Agreement, the fee structure set forth in the Application and approved in the Initial Retention Order shall apply to Mercer's compensation for professional services rendered and reimbursement of expenses, subject to the adjustments to Mercer's rates that have occurred subsequent to the entry of the Initial Retention Order and any further adjustments that occur in the ordinary course. As required by the Initial Retention Order, Mercer will continue to apply for compensation, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any other applicable procedures and orders of the Court and consistent with the proposed compensation set forth in the Application.

---

[2] The summary of the Engagement Agreement in this Application is solely for the benefit of the Court and parties in interest. To the extent that the summary and the terms of the Engagement Agreement are inconsistent, the terms of the Engagement Agreement shall control. Capitalized terms not defined in this Application shall have the meanings given them in the Engagement Agreement.

16. Mercer has advised the Debtors that Mercer's billing system software is unable to record professional's time in tenths of an hour increments. The Debtors therefore request that, should this Court approve the Application, Mercer be authorized to report the time incurred by Mercer's professionals in quarter of an hour increments. The Debtors submit that, given the nature of the services to be provided by Mercer under the Application, such billing formats and associated time details will be sufficient for the Debtors and other parties in interest to make an informed judgment regarding the nature and appropriateness of Mercer's services. The Debtors thus respectfully request that the requirements of Local Rule 2016-2(d) be waived to the extent necessary to allow Mercer to submit time records in quarter of an hour increments.

### Mercer's Disinterestedness

17. As set forth in the Application, to the best of the Debtors' knowledge, information and belief, and based and in reliance upon Mercer's review of its electronic database, the Initial Declaration and the Smith Declaration: (i) Mercer is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and referenced by section 328(c) of the Bankruptcy Code and (ii) Mercer holds no interest materially adverse to the Debtors, their creditors and shareholders for the matters for which Mercer is to be retained.

### No Duplication of Services

18. The Debtors intend that the additional services to be performed by Mercer under the Engagement Agreement will complement, and not duplicate, the services to be rendered by other professionals retained in these chapter 11 cases. Mercer understands that the Debtors have retained and may retain additional professionals during the term of the engagement and will

7

work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Debtors.

## Notice

19.    Notice of the Motion has been given via first class mail to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Official Committee of Unsecured Creditors; (iii) counsel to the ad hoc group of bondholders; and (iv) the general service list established in these chapter 11 cases. The Debtors submit that, under the circumstances, no other or further notice is necessary.

## No Prior Request

20.    No prior request for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Supplemental Application and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

| | |
|---|---|
| Dated: January 25, 2011<br>Wilmington, Delaware | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>James L. Bromley (admitted *pro hac vice*)<br>Lisa M. Schweitzer (admitted *pro hac vice*)<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>- and -<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>  */s/ Alissa T. Gazze*<br>Derek C. Abbott (No. 3376)<br>Eric D. Schwartz (No. 3134)<br>Ann C. Cordo (No. 4817)<br>Alissa T. Gazze (No. 5338)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Counsel for the Debtors*<br>*and Debtors in Possession* |