# Exhibit A

## Smith Declaration

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X

                                  :       Chapter 11

*In re*                                 :       Case No. 09-10138 (KG)

Nortel Networks Inc., *et al.*,[1]         :       Jointly Administered

                      Debtors.     :

                                   :       **RE: D.I. [●], 362**

------------------------------------------------------X

**DECLARATION OF DOUGLAS J. SMITH
IN SUPPORT OF SUPPLEMENT TO APPLICATION
AUTHORIZING EXPANDED EMPLOYMENT OF MERCER (US) INC.**

I, Douglas J. Smith, pursuant to section 1746 of title 28 of the United States Code, hereby declare that the following is true to the best of my knowledge:

    1.      I am a partner of the firm Mercer (US) Inc. ("Mercer" or the "Firm"), with offices located at 1717 Main Street, Suite 4400, Dallas, Texas 75201.  I am authorized to execute this declaration on behalf of Mercer.  Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

    2.      This declaration is being submitted in support of the *Supplemental Application Of Debtors For An Order Authorizing Expanded Employment Of Mercer (US) Inc. As Consultants To The Debtors Nunc Pro Tunc To December 14, 2010* (the "Supplemental Application"), which supplements the *Application Of Debtors For An Order Authorizing Employment And Retention*

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

*Of Mercer (US) Inc. Nunc Pro Tunc To The Petition Date* [D.I. 362] (the "Application") filed on February 23, 2009. This declaration supplements the declaration of John Dempsey in support of and annexed as Exhibit A to the Application (the "Initial Declaration").[2]

3.    Pursuant to the order approving the Application, Mercer has been providing certain services to the Debtors since the Petition Date. The Debtors propose to expand Mercer's engagement to provide additional consulting services relating to the administration of the Debtors' employee programs and retiree benefit programs, in accordance with the terms and conditions set forth in the Application and the Engagement Agreement (attached to the Supplemental Application as Exhibit C). Accordingly, I make this declaration in support of an order supplementing the Application and authorizing such additional employment.

4.    During the past two decades, Mercer has worked with many employers in bankruptcy to provide advice related to their employee and benefit plans. Examples of companies undergoing chapter 11 proceedings that Mercer has advised regarding such matters include JPS Industries, Burlington Industries, Royal SunAlliance, Verbatim Corporation and Enron.

5.    As a retained professional, Mercer regularly undertakes to determine whether it has any new conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest materially adverse to the Debtors pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"). Other than as previously disclosed to this Court or as otherwise set forth herein, I am unaware of any engagements of Mercer by individuals and entities that may be parties in interest in these chapter 11 cases (the "Potential Parties in Interest") or their related entities. To the extent that Mercer discovers any, or enters

---

[2]    Capitalized terms used, but not defined, herein shall have the same meanings as in the Supplemental Application.

into any new, material relationship with Potential Parties in Interest, it will use reasonable efforts to supplement this disclosure to the Court.

6.    The Fee Structure set forth in the Application and the Initial Declaration shall continue to apply to all work performed by Mercer under the Engagement Agreement.  It is the intention of Mercer to continue to seek compensation for its services as described in the Application and the Engagement Agreement in accordance with the Bankruptcy Code, the Bankruptcy Rules, the United States Trustee's Guidelines and any and all rules of this Court.

7.    Mercer charges its clients for reasonable expenses associated with an assignment. Except as necessary to comply with an applicable administrative order, all such expense billings are in accordance with the Firm's customary practices.

8.    Mercer will use a separate team for purposes of this expanded engagement as consulting expert to the Debtors that does not include any Mercer employees who have provided services to the Debtors under engagements previously approved by this Court.

9.    Other than as previously approved by this Court or as otherwise disclosed, Mercer has no relationship with the Debtors of which I am aware after due inquiry. Based upon the foregoing, I believe Mercer is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and does not hold or represent an interest materially adverse to the Debtors or their estates.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on January 25, 2011

_____
Douglas J. Smith