January 21, 2011

**Peter Murphy**
**5555 Grove Point Rd**
**Johns Creek, GA 30022**

Clerk of the Court,
United States Bankrupcy Court for District of Delaware,
824 Market Street, 3rd Floor,
Wilmington, Delaware 19801

Copies to:

Cleary Gotlieb Steen & Hamilton LLP     Att: James Bromley
One Liberty Plaza,
New York, NY 10006

Morris Nichols Arsht & Tunnel LLP     Att: Derek C Abbott
1201 North Market St
PO Box 1347
Wilmington, Delaware 19801

**Chapter 11**
**Case No. 09-101138 (KG)**
**Nortel Networks Inc (NNI et al**

Dear Sir or Madam,

I have just been informed by a colleague of a document, labeled Docket 4638 in the Equip files, dated 12-22-10 from the United States bankruptcy Court referencing the Nortel Networks US Deferred Compensation Plan. I did not receive this document in the normal mail delivery, hence this last minute submission. I wish to oppose the entry of an order approving the Motion for an Order 1) approving the stipulation; 2) Directing US Bank National Association to turn over property of Nortel Networks and; 3) granting related relief to the Nortel Networks U.S. deferred compensation plan ("Order") and I am hereby filling an objection.

<u>Grounds for Objection and Rejection of the Order</u>

There are several reasons for requesting this objection and that the court rejects the Motion to for Order as provided in Docket 3438.

- Deferred compensation was strongly recommended by Nortel Networks to "middle executive management" as solid and safe investment and, a way to contribute to the growth of Nortel Networks.

- Deferred compensation was compared to 401K investment presenting risks from an investment viewpoint, but no risks with respect to Nortel Networks success or failure.

- Nortel Networks and Mullin TGB never articulated to the Deferred Compensation plan contributors any warning of potential "full loss" with respect to their plan contribution in the event of a Nortel

Networks bankruptcy and the potential full loss of all investments. Such warning would have triggered immediate withdrawal of investment due to high risks.

- Furthermore, Nortel Networks and Mullin TBG had knowledge of the bankruptcy planning and did not properly forewarn the investors with respect to the risk of their investments in the context of an eventual bankruptcy. Adequate and proper disclosure would have triggered most plan contributors to immediate withdraw their investments and avoid this current procedure.

- Deferred Compensation is "earned" money by the employees for work done. Similar privilege to 401k plans should be granted.

**Recommendations for actions by the court**
- Order in Docket 4638 be rejected
- That Mullin TBG be instructed to immediately distribute in full the Differed Compensation plan balanced to each contributors

Regards,

Peter Murphy