Robert Wohlford
30 Alexander Place
Pittsburgh, PA 15243
Claim # 4343

The Honorable Kevin Gross
United States Bankruptcy Court
District of Delaware
824 Market Street
6th Floor, Courtroom #3
Wilmington, Delaware 19801

Your Honor,

I petition the court in Case No. 09-10138 (KG), re: Nortel Networks Inc, et al, Debtors to have the current motion for an order pursuant to 11 U.S.C. Paragraph 105, 541, 542, and 543 and bankruptcy rule 9019, (i) approving the stipulation by and between NNI and the U.S Bank National Association, (ii) directing U.S. Bank National Association to turn over property to NNI and (iii) Granting related relief to the Nortel Networks U.S. Deferred Compensation Plan ("Motion") to be modified by the following facts.

1) That I and a number of other employees of Nortel were contributors to the Nortel Networks Deferred Compensation and/or had elected to have compensation deferred to said plan before the change in the Nortel Networks U.S. Deferred Compensation Plan on and after January 1, 2000 and that our compensation in said plan for funds contributed or elections for deferred compensation taken before January 1, 2000 should and need to be segregated and dealt with in a different form from funds that were part of the Nortel Networks U.S. Deferred Compensation Plan based on employee election taken after the 2000 fiscal year. To that point I ask that the court find that these funds or elections prior to January 1, 2000 not be considered as a part of the motion before the court and that Nortel Networks be required to amend said motion to reflect only funds deferred after December 31, 2000.

In particular all of my deferred compensation funds were based on my salary or bonuses for the years before January 1, 2000 or for the year of 2000 based on an election made in November of 1999. Since the election of my deferred compensation for the fiscal year 2000 was made previous to the change in plan taken by Nortel Networks in January 1, 2000 and I could not act on or stop my compensation for deferral due to the material changes in the plan on January 1, 2000 or the subsequent changes.

2) That I had no knowledge at the time of my election of compensation deferral or during my employment during 2000 that the monies were being held in a Rabbi Trust and would or could be considered as an unsecured debt by Nortel Networks. All literature

provided to me previous to my elections of compensation deferrals based on the Northern Telecom Inc. plan and was informed by Nortel staff in Human Resources that my compensation deferrals were invested by Nortel and were held in trust separate from Nortel operational funds. As such it was my expectation that these funds were secured and would be treated in a separate manner from Nortel's day to day profitability or financial losses.

I further ask that the court segregate the deferred funds from employees for all years prior and to all deferred compensation prior to December 31, 2000 from this action and from this judgment.

I am writing this on January 21, 2011 and know that the deadline for objections to the motion brought by Nortel Networks will have passed by the time that this letter arrives for your consideration. However, I protest to the timing of this motion on the eve of Christmas as this is both an ugly act by Nortel Networks as well as a timing that attempts to take advantage of the former employees of Nortel that would be affected. It would be unconscionable that the court should or would allow this type of maneuver by Nortel Networks to subvert due notice and due process against the somewhat helpless employees that worked so hard to make Nortel Networks a profitable company.

As for the timing of this motion I did not receive this notice until January 3, 2011 since I was, as were many of my former Nortel Networks employees visiting family during the Christmas holidays and my mail was held by the U.S. Post Office until my return. Further, with the very unusual weather of the past three weeks I beg the court to relax the deadline as many of us have been delayed in our daily affairs by the weather. The combination of mailing a notice during the Christmas holidays and the subsequent weather that has delayed many of us the effective notice provided is really only a couple of weeks which certainly not sufficient to cover the gravity of the motion and not a just period for the employees being affected to have due time to consider their response. In particular I was traveling on business this last week and my return flight to my home to complete this request was significantly delayed by the snowstorms on the East coast over the last couple of days and given the short notice provide in reality this was the fastest that I could provide proper and thoughtful response to this motion.

I hope and pray that the court will give pause and consideration to my request and will required Nortel Networks to amend their motion to consider only deferred funds for years after December 31, 2000 and that the court ensure that the best interest of the Nortel Networks employees be given priority for the funds deferred prior to December 31, 2000 and not judged under the same motion or against the same arguments as debts incurred by Nortel Networks after December 31, 2000.

Respectfully Yours,

*Robert Wohlford*
Robert Wohlford