## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
                          :

*In re*                          :

Nortel Networks Inc., *et al.*,[1]      :

                Debtors.    :

                          :
-------------------------------------------------------X

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

**RE: D.I. 4627**

### ORDER GRANTING
### DEBTORS' SIXTEENTH OMNIBUS OBJECTION (SUBSTANTIVE)
### TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND
### DEL. L.R. 3007-1 (NO LIABILITY CLAIMS, REDUCE AND ALLOW CLAIMS,
### REDUNDANT CLAIMS, WRONG DEBTOR CLAIMS
### AND NO-BASIS 503(b)(9) CLAIMS)

Upon the Debtors' Sixteenth Omnibus Objection (Substantive) to Certain Claims

Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims,

Reduce and Allow Claims, Redundant Claims, Wrong Debtor Claims and No-Basis 503(b)(9)

Claims) (the "Objection")[2] filed by Nortel Networks Inc. and certain of its affiliates, as debtors

and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), requesting

an order pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule

3007-1 reducing, modifying or disallowing in full, as applicable, the claims identified in Exhibits

A-E attached thereto; and upon the Declaration of John J. Ray, III in Support of the Debtors'

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

Sixteenth Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed.

R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims,

Redundant Claims, Wrong Debtor Claims and No-Basis 503(b)(9) Claims), attached to the

Objection as Exhibit F; and upon all other documentation filed in connection with the Objection

and the claims, including certain claims identified in Exhibits A-E thereto; and adequate notice

of the Objection having been given as set forth in the Objection; and it appearing that no other or

further notice is required; and the Court having jurisdiction to consider the Objection and the

relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined

that consideration of the Objection is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The hearing on the Objection with respect to Claim Numbers 5395 -5410 and

6710 filed by Motorola, Inc. is continued to the hearing scheduled in these cases on February 22,

2011 at 9:30 a.m. (ET).

2.      Except as provided in paragraph 1 above, the Objection is **GRANTED** with

respect to each of the claims identified in Exhibits A-E attached thereto.

3.      Each of the No Liability Claims identified in Exhibit A to the Objection is hereby

disallowed in full.  Notwithstanding the foregoing or any other provision of this Order, the

disallowance of Claim Numbers 4788 - 4792 (collectively, the "Qwest Claims") filed by Qwest

Communications Company, LLC, Qwest Communications International, Inc., Qwest

Corporation, Qwest Government Services, Inc. and Qwest Services Corporation (collectively, the

"Qwest Claimants") shall be without prejudice to the Qwest Claimants seeking reconsideration

of the Qwest Claims for cause pursuant to Section 502(j) of the Bankruptcy Code.

4.      Each of the Reduce and Allow Claims identified in Exhibit B to the Objection is hereby reduced and allowed for the Modified Claim Amounts identified therein.

5.      Each of the Redundant Claims identified in Exhibit C to the Objection is hereby disallowed in full.

6.      Each of the Wrong Debtor Claims identified in Exhibit D to the Objection is hereby modified and allowed against the Identified Debtor for the amount stated therein.

7.      Each of the No-Basis 503(b)(9) Claims identified in Exhibit E to the Objection is hereby disallowed in full.

8.      Unless included in other Exhibits to the Objection, each of the Remaining Liability Claims, Corresponding Remaining Claims and the Corresponding Non-503(b)(9) Claims identified on Exhibits B, C and E attached to the Objection, respectively, will be unaffected by this order, and each claimant's right to assert these liabilities against the Debtors' estates will be preserved, subject to the Debtors' reservations of their rights to object to such claims on any and all grounds, whether legal, factual, procedural, substantive or non-substantive.

9.      This order shall be deemed a separate order with respect to each of the claims identified in Exhibits A-E to the Objection.  Any stay of this order pending appeal by any claimant whose claim is subject to this order shall only apply to the contested matter, which involves such claimant and shall not act to stay the applicability and/or finality of this order with respect to the other contested matters listed in the Objection or this order.

10.      The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this order.

3

11.    This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this order.

Dated: _Jan. 31_____, 2011
      Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

4