## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- X

*In re*                                      :      Chapter 11
                                             :
Nortel Networks Inc., *et al.*,[1]           :      Case No. 09-10138 (KG)
                                             :
                          Debtors.           :      Jointly Administered
                                             :
                                             :
-------------------------------------------------------- X

## SCHEDULING ORDER REGARDING
## CLAIMS FILED BY SNMP RESEARCH INTERNATIONAL

WHEREAS, on September 29, 2009, SNMP Research International, Inc. ("SNMP RI")
filed Claim Numbers 4624 through 4638 (the "Original Claims") against the Debtors in the
above-captioned cases (the "Debtors");

WHEREAS, on July 9, 2010, the Debtors objected to the Original Claims in the Debtors'
Twelfth Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed.
R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims, No-
Basis 503(b)(9) Claims, Multi-Debtor Duplicate Claims and Wrong Debtors Claim) (the
"Twelfth Omnibus Claims Objection");

WHEREAS, on August 4, 2010, SNMP RI filed a response to the Twelfth Omnibus
Claims Objection requesting that the Court enter a scheduling order to allow SNMP RI to take
discovery;

---

[1]      Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number,
are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769),
Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251),
CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical
Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel
Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions
Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors'
petitions, which are available at http://dm.epiq11.com/nortel.

WHEREAS, on October 19, 2010, SNMP RI filed an amended claim that amends its Original Claims (the "Amended Claim");

WHEREAS, the Debtors have not, to date, objected to the Amended Claim; and

WHEREAS, the Debtors and SNMP RI seek the entry of a scheduling order by the Court regarding expected motion practice with respect to certain disputes relating to SNMP RI's assertion that it is entitled to require the Debtors to perform a certain software audit and produce such audit as discovery in connection with the Twelfth Omnibus Claims Objection as it relates to SNMP RI;

NOW THEREFORE, **IT IS HEREBY ORDERED,** that the following schedule shall apply:

1.  SNMP RI shall serve its discovery requests on the Debtors by March 1, 2011.

2.  The Debtors shall respond to such discovery requests and/or file a motion for a protective order, which the Debtors may request be heard at a joint hearing with the Ontario Superior Court of Justice (the "Canadian Court"), by April 1, 2011.

3.  SNMP RI shall file its opposition to the Debtors' motion for a protective order by April 22, 2011.

4.  The Debtors shall file their reply in support of their motion for a protective order by May 6, 2011.

5.  Oral arguments regarding the discovery requests and the Debtors' motion for a protective order shall be heard by the Court on *May 24, 2011* or, if a joint hearing with the Canadian Court is appropriate, on such date as both the Court and the Canadian Court are available.

6.  Subsequent to the resolution of the discovery dispute, the parties will consult with respect to the further scheduling, as appropriate, of other issues, including with respect to any amended objection to the Original Claims and the Amended Claim. The Debtors' rights to object to the Amended Claim and to amend their objections to the Original Claims are preserved in all respects.

7.  Deadlines contained in this Scheduling Order may be extended by joint agreement of the parties or by the Court upon written motion for good cause shown.

Dated:  , 2011

2

Wilmington, DE

KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE