January 24, 2011

Clerk of the United States Bankruptcy Court
District of Delaware
824 Market Street, 3rd Floor
Wilmington, Delaware 19801

Re: Case No. 09-10138 (KG)

Dear Sir/Madam

I wish to file an objection to the motion for an order pursuant to 11 U.S.C. 105, 541, 542 and 543 and bankruptcy rule (i) approving the stipulation by and between NNE and U.S. Bank National Association, (ii) directing U.S. Bank National Association to turn over property to NNI, and (iii) granting related relief related to the Nortel Networks U.S. Deferred Compensation Plan.

I entered into a severance agreement with Nortel effective March 2001 with a retirement date of March 2002. Upon severance and retirement I was provided no information regarding a rabbi trust associated with the Nortel deferred compensation plan which I am a participant beginning December 1999. In fact I was led to believe that my deferred salary was invested in funds of my choice with the firm MullinTBG. Only upon the bankruptcy filing by Nortel did I learn that the funds were not in fact invested with MullinTBG, who only provided a "notional" investment statement for the purpose of "keeping score". The existence of a rabbi trust is completely new information for me.

It is my understanding that the idea of appointing a citizens committee to negotiate the distribution of the deferred compensation funds has been proposed. I fully support this proposal.

Finally, I am aware that I am a couple days late in filing this objection but I request the court's consideration in that I am dealing with a family issue which has diverted my attention from this important matter. My wife is undergoing daily radiation treatment for ovarian cancer which requires daily travel to the treatment center.

Respectfully yours,

Cecil D. Raynor
1508 Briarwood Place
Raleigh, NC 27614