```
              IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF DELAWARE


IN RE:                         )   Case No. 09-10138 (KG)
                               )
NORTEL NETWORKS CORPORATION,   )
       et al.                  )   ADM: 09-11972 (KG)
                               )   ADV: 1-10-53065
                               )
                               )   Chapter 11
                               )
                               )   Courtroom 3
                               )   824 Market Street
            Debtors.           )   Wilmington, Delaware
                               )
                               )   January 31, 2011
                               )   1:03 p.m.

                TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE KEVIN GROSS
             UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:                   Cleary, Gottlieb, Steen &
                               Hamilton
                               BY: DAVID HERRINGTON, ESQ.
                               BY: DEBORAH BUELL, ESQ.
                               BY: SALVATORE BIANCA, ESQ.
                               BY: LUKE A. BAREFOOT, ESQ.
                               BY: DAVID LIVSHIZ, ESQ.
                               One Liberty Plaza
                               New York, NY 10006
                               (212) 225-2000


                               Benesch
                               BY: JENNIFER HOOVER, ESQ.
                               222 Delaware Avenue, Suite 801
                               Wilmington, DE 19801-1611
                               (302) 442-7010


ECRO:                          Ginger Mace

Transcription Service:         DIAZ DATA SERVICES
                               331 Schuylkill Street
                               Harrisburg, Pennsylvania 17110
                               (717) 233-6664
                               www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

```
 1  APPEARANCES:
 2  (Continued)
 3
 4  For Debtors:                   Morris Nichols Arsht & Tunnell
 5                                 BY: DEREK ABBOTT, ESQ.
 6                                 ALISSA GAZZA, ESQ.
 7                                 1201 North Market Street
 8                                 Wilmington, DE  19899
 9                                 (302) 951-9358
10
11  For E&Y and NNL:               Allen & Overy, LLP
12                                 BY: PAUL KELLER, ESQ.
13                                 BY: LAURA HALL, ESQ.
14                                 BY: KEN COLEMAN, ESQ.
15                                 BY: JONATHAN CHO, ESQ.
16                                 BY: ANDREW RHYS DAVIES, ESQ.
17                                 1221 Avenue of the Americas
18                                 New York, NY 10020
19                                 (212) 610-6414
20
21                                 Buchanan, Ingersoll & Rooney
22                                 BY: MONA PARIKH, ESQ.
23                                 1105 North Market Street
24                                 Suite 1900
25                                 Wilmington, DE 19801-1054
26                                 (302) 552-4200
27
28                                 Goodmans, LLP
29                                 BY: BRIAN EMPEY, ESQ.
30                                 Bay Adelaide Centre
31                                 333 Pay Street, Suite 3400
32                                 Toronto, ON  M5H 2S7
33                                 (416) 597-4194
34
35  For UK Administration:         Young, Conaway, Stargatt &
36                                 Taylor, LLP
37                                 BY:  EDWIN HARRON, ESQ.
38                                 BY: JAIME LITON, ESQ.
39                                 The Brandywine Building,
40                                 1000 West Street, 17th Floor
41                                 Wilmington, DE  19899-0391
42                                 (302) 571-6710
43
44  For CTDI:                      Skadden, Arps, Slate, Meagher
45                                 & Flom, LLP & Affiliates
46                                 BY: ANTHONY CLARK, ESQ.
47                                 BY: MICHELLE GREEN, ESQ.
48                                 BY: YOSEF IBRAHIMI, ESQ.
49                                 One Rodney Square
50                                 P.O. Box 636
51                                 Wilmington, DE 19899
52                                 (302) 651-3000
53
```

```
 1   APPEARANCES:
 2   (Continued)
 3
 4   For the Committee:              Akin, Gump, Strauss, Hauer
 5                                   & Feld
 6                                   BY: BRAD KAHN, ESQ.
 7                                   One Bryant Park
 8                                   New York, NY 10036
 9                                   (212) 872-1000
10
11                                   Richards Layton & Finger
12                                   BY: CHRIS SAMIS, ESQ.
13                                   One Rodney Square
14                                   920 North King Street
15                                   Wilmington, DE  19801
16                                   (302) 651-7704
17
18   TELEPHONIC APPEARANCES:
19
20   For the Official Committee
21   Of Unsecured Creditors:         Akin, Gump, Strauss, Hauer &
22                                   Feld
23                                   BY: DAVID BOTTER, ESQ.
24                                   (212) 872-1055
25
26   For the Debtor:                 Cleary, Gottlieb, Steen &
27                                   Hamilton
28                                   BY: EMILY A. BUSSIGEL, ESQ.
29                                   BY: ANDREW UNGBERG, ESQ.
30                                   BY: KATHERINE L. WILSON-MILNE,
31                                   ESQ.
32                                   (212) 225-2000
33
34   For CTDI:                       Skadden, Arps, Slate Meagher &
35                                   Flom
36                                   BY: ANTHONY W. CLARK, ESQ.
37                                   (302) 651-3239
38                                   BY: MICHELLE GREEN, ESQ.
39                                   (302) 651-3158
40                                   BY: YOSEF IBRAHIMI, ESQ.
41                                   (302) 651-3086
42                                   BY: JASON LIBERI, ESQ.
43                                   (302) 651-3239
44                                   BY: KRISTY M. PEGUERO, ESQ.
45                                   (302) 651-3128
46
47   For Trustee of Nortel
48   Network UK Pension Plan:        Willkie, Farr & Gallagher, LLP
49                                   BY: WESTON T. EGUCHI, ESQ.
50                                   (212) 728-8881
51
52
53
```

```
 1   TELEPHONIC APPEARANCES:
 2   (Continued)
 3
 4   For Monitor, Ernst & Young:    Allen & Overy, LLP
 5                                  BY: LISA KRAIDIN, ESQ.
 6
 7                                  Ogilvy Renault, LLP
 8                                  BY: JENNIFER STAM, ESQ.
 9                                  (416) 216-2327
10
11   For Ad Hoc Committee:          Millbank, Tweed, Hadley &
12                                  McCloy
13                                  BY: THOMAS MATZ, ESQ.
14                                  (212)530-5885
15
16   For Creditor, SNMP Research:   Ciardi, Ciardi & Astin
17                                  BY: MARK RALSTON, ESQ.
18                                  (214)295-6416
19
20
21
22
```

1 WILMINGTON, DELAWARE, MONDAY, JANUARY 31, 2011, 1:03 P.M.

2              THE CLERK:  Please rise.

3              THE COURT:  Good afternoon, everyone.  Thank you

4 and please be seated.

5              Mr. Abbott, good afternoon.

6              MR. ABBOTT:  Good afternoon, Your Honor.  Derek

7 Abbott here for the Nortel U.S. debtors.

8              Your Honor, we have a handful of things on the

9 agenda today, both in the 11 and in the 15 --

10             THE COURT:  Yes.

11             MR. ABBOTT:  -- as well as in -- in an adversary

12 proceeding.

13             Your Honor, what I would suggest we do, perhaps

14 -- I think the only thing that -- that is really contested

15 at all is that little bit on the adversary proceeding.

16             THE COURT:  Right.

17             MR. ABBOTT:  If it makes sense to the Court, I

18 would like to just run through the Chapter 11 agenda, except

19 for the CTDI matter that we, as a firm, aren't even

20 handling --

21             THE COURT:  Exactly.

22             MR. ABBOTT:  -- then go to the 15, which also

23 should be quick, and then -- and then get back to the --

24 that will, I think, allow more people than -- than not to

25 excuse themselves and -- that don't need to be here for the

1    adversary proceeding, if that's all right with Your Honor.

2              THE COURT:  It -- it is.  It's fine.  It makes

3    sense to me.

4              MR. ABBOTT:  Okay.  Thank you, Your Honor.  I'll

5    ask Mr. Besachi (phonetic) to come and -- and pick up his

6    piece of the --

7              THE COURT:  Of the 11.

8              MR. ABBOTT:  Yes.

9              THE COURT:  All right.

10             MR. ABBOTT:  Thank you.

11             THE COURT:  Thank you.

12             MR. BIANCA:  Good --

13             THE COURT:  Good afternoon.

14             MR. BIANCA:  -- afternoon, Your Honor.  Salvatore

15   Bianca on behalf of the debtors.

16             The first item to address on the agenda is Item

17   Number 2, the debtors' thirteenth omnibus claims objection.

18             THE COURT:  Yes.

19             MR. BIANCA:  And we did not receive any formal

20   responses to the thirteenth omnibus objection.  However,

21   we've revised the order to address to informal comments that

22   we've received.  If I may approach the bench, I would like

23   to hand up a copy of the revised order.

24             THE COURT:  All right, Mr. Bianca.  Thank you.

25             Good to see you.  Thank you.

1          MR. BIANCA:  The first revision to the order is

2    that at the request of Motorola, the debtors have agreed to

3    adjourn the objection with respect to Motorola's claims to

4    the February 22nd, 2011 hearing.

5          THE COURT:  Fine.

6          MR. BIANCA:  And the second revision is that at

7    the request of counsel for Quest we have inserted some

8    additional language providing them comfort that in the event

9    that their claims are disallowed that they can seek

10    reconsideration for cause under Section 502(j).  Quest's

11    counsel had no issue with us -- with the Court disallowing

12    their claims.  They just wanted confirmation that for cause

13    under 502(j) they can seek reconsideration.

14          THE COURT:  All right.

15          MR. BIANCA:  And so we worked with their counsel

16    to provide the language that's currently in the order and

17    we've agreed to that.

18          And that was the last of our responses to the

19    omnibus objection.  It was very minimal.

20          THE COURT:  Yes.

21          MR. BIANCA:  Accordingly, the debtors request

22    that the Court enter the order as revised.

23          THE COURT:  Does anyone -- anyone else wish to be

24    heard on this?

25          (No verbal response.)

1          THE COURT:  All right.  I am prepared to grant

2     the relief sough and with those changes I will sign the

3     order.

4          MR. BIANCA:  Thank you, Your Honor.  And that

5     concludes the uncontested matters going forward in the

6     Chapter 11.

7          I'll now turn -- cede the podium over to my

8     colleague, Deborah Buell, who will --

9          THE COURT:  Yes.

10         MR. BIANCA:  -- be discussing Item 9 on the

11    agenda, the debtors' twelfth omnibus claims objection.

12         THE COURT:  Thank you, Mr. Bianca.

13         MR. BIANCA:  Thank you.

14         THE COURT:  Ms. Buell, good afternoon.

15         MS. BUELL:  Good afternoon, Your Honor.  It's a

16    pleasure to see you again.

17         THE COURT:  Good to see you again.

18         MS. BUELL:  We are here on a contested claim

19    objection arising out of our twelfth omni, Your Honor, and

20    specifically this is a disputed claim objection between NNI

21    and the creditor, SNMP Research International.

22         THE COURT:  Yes.

23         MS. BUELL:  I do have a scheduling order that's

24    been agreed to with counsel for SNMP.  I believe Mr. Ralston

25    is appearing telephonically and I'll hand that up, and then

1   if the Court will permit, I'll give a few minutes of

2   background with respect to the dispute and the context for

3   the scheduling order.

4         THE COURT:  Please.  Thank you.  Thank you, Ms.

5   Buell.

6         MS. BUELL:  Your Honor, SNMP has provided an

7   internet protocol that supports certain of the Nortel

8   products to connect with the internet.  There is a master

9   license between SNMP and NNL and then a process under which

10  there are schedules under that master license with various

11  Nortel entities, including NNI providing for use and

12  royalties with respect to specific products and projects.

13         Now in the U.S. cases, SNMP, as you may recall,

14  objected to seven of eight of the sale motions that have

15  been in front of you to date.  Most recently, you -- the

16  court heard argument and overruled their objection with

17  respect to the passport sale.

18         THE COURT:  Yes.

19         MS. BUELL:  In other contexts, SNMP filed fifteen

20  pre-petition unsecured claims against each of the U.S.

21  debtors.  Those claims were identical seeking approximately

22  22,000 in unpaid royalties and maintenance, and then also

23  including an unliquidated claim for alleged unpaid

24  royalties.  And a similar claim was filed against the

25  debtors in Canada with respect to those amounts.

1          The U.S. debtors listed the SNMP claims on our

2   twelfth omni and we had two points in particular.  We wanted

3   to reduce the twenty-two-thousand-dollar claim to

4   approximately 11,000 for a couple of reasons, but most of

5   that difference was attributed to the fact that certain

6   purchase orders including in the 22,000 related to purchase

7   orders issued by Canada rather than by the United States.

8   And then we sought to eliminate the other duplicative claims

9   in the United States and, also, to disallow the unliquidated

10  claim for unpaid royalties.

11          SNMP objected to that claims objection.  They

12  agreed, essentially, that the duplicative claims are

13  unnecessary.  They disagreed with respect to our proposed

14  reduction of the 22,000, taking the position that the U.S.

15  debtors are, in fact, liable for the purchase orders issued

16  by the Canadian entity.

17          But beyond that and more substantively, Your

18  Honor, SNMP contended that they needed wide discovery of

19  Nortel -- and this includes U.S. and the Canadian debtors --

20  with respect to the unliquidated claim for alleged unpaid

21  royalties.  And in connection with that, in the papers that

22  were submitted to the Court on the twelfth omni, SNMP

23  included some email correspondence that it had that in May

24  of 2010 with a Nortel employee who has since gone to GENBAND

25  as part of the CVAS sale in which the emails described that

1  the CVAS business had certain SNMP software for which it had

2  not paid royalties.

3         So that was the information that was attached and

4  at that hearing on the twelfth omni, the Court will probably

5  not recall, but what the debtors did was adjourn that issue

6  and sought to investigate what the situation was and to have

7  conversations with SNMP with respect to the issue and their

8  request for discovery.

9         Now what we determined with respect to the CVAS

10  issue, Your Honor, was that, in fact, there was an unsigned

11  license with respect to the software.  And so there was, you

12  know, basically, a paperwork on both sides, SNMP and NNI as

13  well.  But we were unable to -- to persuade SNMP to try to

14  resolve the claim at that point.  They wanted more

15  discovery.  They were concerned that this was, you know,

16  only one instance, even though it seemed to us, based on

17  what we had learned, that this is not a situation where the

18  debtors could have possibly obtained SNMP software without

19  SNMP knowing about it and kind of a back and forth on why

20  can't they check their records and determine whether there's

21  any unpaid royalties in the way that lawyers do.

22         But one of the things that SNMP was urging very

23  strongly was that they wanted a kind of a software audit, if

24  you will, of the Nortel businesses to try to put to rest

25  once and for all whether there were any unpaid royalties.

1   And we explained to SNMP that that was an impossibility on a

2   number of grounds.  You know, certainly, the fact that many

3   of those businesses, as the Court is well aware, have now

4   been sold.  We don't have the IT people available.  We have

5   many, many confidentiality restrictions, of course, that

6   would also play into that.

7            But we did undertake with respect to the passport

8   business, on which we have not yet closed, to do this kind

9   of an audit in order to try to, you know, show our bona

10  fides to SNMP and resolve this issue.  And I have to say,

11  Your Honor, that had we known when we agreed to do that what

12  was going to to be involved, we would have been here a lot

13  earlier if we wouldn't have agreed to it; approximately 500

14  person hours involved in that effort and, you know, I'm

15  happy to report that the effort did confirm that the SNMP

16  software used in that business is, in fact, the software

17  where we had licenses and had paid royalties.

18           But, you know, despite, I think, you know,

19  efforts on both sides, our side and SNMP, we have not been

20  able to reach resolution as to whether that is enough

21  inquiry and discovery on the part of the debtors or not.

22           And I think where we are now is SNMP feels that

23  we need to try to undertake this, what we say is an

24  impossibility with respect to other of the already sold

25  businesses or any businesses that remain and we thought it

1  was best then to kind of tee this up, to prepare a

2  scheduling order, which SNMP, you know, has been cooperative

3  on, where they will serve their discovery on March 1, so

4  let's be concrete exactly what they're asking for.  The

5  debtors will either respond or make a motion for a

6  protective order a month later and the order specifically

7  would contemplate that we could seek that as a joint hearing

8  because of the, I think, expected implication of software

9  with respect to Canadian or other Nortel entities.  And then

10  there's a time period for SNMP to respond, us to reply, and,

11  obviously, we'll need to set a hearing if we do seek a joint

12  hearing certainly in connection with the Canadian Court's

13  schedule as well.

14          So that is where we are, Your Honor.  I mean,

15  hopefully during the process of the briefing the parties

16  will continue to try to get closer together rather than

17  farther apart.  But I wanted to just give you the background

18  on this.

19          THE COURT:  All right.  Thank you, Ms. Buell.

20  Thank you.

21          Mr. Ralston, did you wish to be heard?

22          MR. RALSTON:  Very briefly, Your Honor.  I would

23  respectfully disagree with Nortel's counsel's rendition of

24  the background and some of the statements made.  I don't

25  think this is the place or the time at this point to proceed

1    to litigate the issues as to whether what we are seeking is

2    -- is reasonable and within the bounds of federal rules and

3    civil procedure with respect to permissible discovery.  We

4    are certainly not interested in -- in causing the debtor to

5    incur costs needlessly and, certainly, we are going to try

6    to work with the debtor to find a resolution that meets the

7    client's needs on a very important issue, whether it's --

8    all its properties have been put at risk as a result of the

9    debtors' conduct.

10            So that said, Your Honor, we will go forward with

11   the process and behind the scenes maybe we can seek to reach

12   a partial or ultimate resolution on what we need and what

13   the debtors' limitation -- within the debtors' limitations.

14            THE COURT:  All right.

15            MS. BUELL:  Your Honor, there was one procedural

16   point that I -- I should have pointed out which is that SNMP

17   has amended their claim after the twelfth omni and the back

18   and forth to, I think, increase the claim for unpaid

19   royalties to approximately a million plus.  That's related

20   to the CVAS situation, and then they do continue to have an

21   unliquidated claim, you know, beyond that.

22            And the debtors have not objected to that claim.

23   We really are still at the first claim, but we just thought

24   that given the context and the issue that it made sense to

25   go ahead with this discovery issue and to try to get some

1  resolution of that.

2          THE COURT:  Very well.  And I guess you'll be

3  looking for a hearing date some time after May 6th that

4  perhaps is already scheduled as a joint hearing.

5          MS. BUELL:  That's correct, Your Honor.

6          THE COURT:  And I don't know what that is

7  offhand, but I certainly will find out and that's the date

8  that I will -- will put into the order.

9          MS. BUELL:  Thank you very much.

10         THE COURT:  All right.  Thank you.  Thank you,

11  Ms. Buell.

12         MR. RALSTON:  And, Your Honor, with that may I be

13  excused?

14         THE COURT:  Yes, you may, Mr. Ralston.  Of

15  course.  Thank you.

16         MR. RALSTON:  Thanks, Your Honor.

17         MR. ABBOTT:  Your Honor, I think at this point we

18  would move to the Chapter 15 matters.  I'll -- I'll cede the

19  podium to Mr. Harron.

20         THE COURT:  All right.

21         MR. ABBOTT:  Oh, I'm sorry.  Mr. --

22         THE COURT:  Mr. Coleman.

23         MR. ABBOTT:  -- Coleman.

24         MR. COLEMAN:  May I be heard?

25         THE COURT:  Mr. Coleman.  Yes.

1        MR. COLEMAN:  May I be heard just very briefly on

2   the --

3        THE COURT:  Certainly you may.

4        MR. COLEMAN:  -- Chapter 11?

5        THE COURT:  Please.

6        MR. COLEMAN:  Your Honor, just a clarification.

7   Two or three snowstorms ago there was a -- there was a

8   matter on paying certain wind-down costs of various

9   subsidiaries.

10        THE COURT:  Yes.

11        MR. COLEMAN:  And it was on the -- it was on the

12   agenda based on a certificate of no objection and the order

13   was, in fact, entered which is -- which is not a problem.

14   It's dated January 11.  And it has to do with NNIC funding

15   some $7.1 million to NN CALA.

16        THE COURT:  Yes.  Yes.  I recall.

17        MR. COLEMAN:  And we just wanted to be sure --

18   and we've spoken with counsel for the committee and I think

19   this is not an issue -- just wanted to make sure that no

20   further notice was required and that neither the committee

21   nor the U.S. Trustee's office had any objection to those

22   funds being released now.

23        THE COURT:  All right.

24        MR. COLEMAN:   It's approximately $7.1 million.

25        THE COURT:  Yes.

1          Anyone?

2          MR. KAHN:  Good morning, Your Honor.  Brad Kahn,

3   Akin, Gump, Strauss, Hauer & Feld --

4          THE COURT:  Yes, sir.

5          MR. KAHN:  -- for the committee.

6          We -- the committee had no objection to the

7   relief requested in that motion.  We will say we'll reserve

8   rights going forward for any notice and objection periods

9   that are provided for in that order, though.

10          MR. COLEMAN:  Right.  That's fine, Your Honor.

11   This -- this order provides for --

12          THE COURT:  Thank you.

13          MR. COLEMAN:  -- I think five days notice to the

14   committee and trustee's office.  We wanted to make sure we

15   could release the funds now and not provide any further

16   notice to anyone and that there was no objection to doing

17   that, if that's fine with the committee.

18          MR. KAHN:  I think we had talked about --

19          MR. COLEMAN:  That's -- that's fine.

20          THE COURT:  All right.

21          MR. COLEMAN:  Thank you, Your Honor.

22          THE COURT:  And I think that's what the order

23   contemplated, correct?

24          MR. COLEMAN:  Well, it's not -- it's not entirely

25   clear.  We just --

1              THE COURT:  Okay.

2              MR. COLEMAN:  -- wanted some certainty before we

3  did that, and we'll speak with counsel for the committee

4  after the hearing to see if there's anything further they

5  require.

6              THE COURT:  Very well.  Thank you, Mr. --

7              MR. COLEMAN:  Thank you, Your Honor.

8              THE COURT:  Thank you, Mr. Coleman.

9              All right.

10             Mr. Harron, good afternoon.

11             MR. HARRON:  Good afternoon, Your Honor.  For the

12 record Ed Harron on behalf of the UK Administrators of the

13 EMEA debtors.

14             THE COURT:  Yes.

15             MR. HARRON:  With me in court today is my

16 colleague, Ms. Jaime Luton.

17             THE COURT:  Yes.  Good afternoon.

18             MR. HARRON:  Thank you for the Court's

19 accommodation of making some time for us this afternoon.

20             THE COURT:  Sure.

21             MR. HARRON:  It's been difficult with -- with the

22 snowstorms, but at least the passage of time has lessened

23 the blow of the Eagles and the Blue Hens.

24             THE COURT:  That's right.

25             MR. HARRON:  And then spring training is quickly

1   upon us.

2            THE COURT:  It's close.  And --

3            MR. HARRON:  I'm --

4            THE COURT:  -- and we're in between snowstorms

5   with another one on the way, I understand.

6            MR. HARRON:  I promised Mr. Abbott I would be

7   brief today, so I will endeavor to -- to keep my word.

8            Your Honor, before the Court seeking approval of

9   the Chapter 15 recognition of the EMEA debtors' English

10  proceedings as foreign main proceedings.  Your Honor, we

11  filed petitions and supporting papers back on October the

12  20th and between then and now we've engaged in some

13  discovery with the assistance of Your Honor and this Court

14  with the U.S. debtor, the U.S. Committee and the Canadian

15  monitor.

16           Your Honor, there were two responses filed in

17  respect of the Chapter 15 petitions.  The responses, again,

18  were from the Canadian monitor and a joint response filed by

19  the committee and the U.S. debtor.

20           THE COURT:  Right.

21           MR. HARRON:  After the conclusion of the -- well,

22  after we -- we worked through the discovery, I shall say,

23  and after receiving the responses we were able to negotiate

24  a consensual resolution which would allow for an order

25  approving the Chapter 15 recognition.

1          Your Honor, that consensual resolution consists

2    of a revised form of order, which I will present to the

3    Court momentarily.  And we would also ask to submit into

4    evidence the Bloom declaration that was filed with the first

5    day pleadings.  It's attached as Exhibit A to the Harron

6    transmittal declaration, which I believe is Docket Entry 45,

7    and then attached as exhibits to the Bloom declarations --

8    declaration is the witness statement of Sharon Ralston and

9    the witness statement of Michael Clemont (phonetic), and we

10   would ask to admit that entire package into evidence.

11         Your Honor, we would also ask to admit into

12   evidence a transcript of the deposition of Mr. Bloom which

13   was conducted on December 16th, along with the exhibits to

14   the deposition transcript.  Your Honor, we would ask and we

15   believe the parties have no opposition to that transcript

16   being filed under seal.

17         Your Honor, I have copies of the exhibits in a

18   binder.  I think we only -- we only brought two binders with

19   us.  I believe the parties are fairly familiar with these

20   documents.

21         Your Honor, upon arriving in court today we

22   noticed that the deposition transcript doesn't have the

23   exhibits.  So if I may, I would contact chambers to

24   coordinate the filing of the exhibits.

25         THE COURT:  That would be fine.

1              MR. HARRON:  May I approach with the evidence?

2              THE COURT:  Yes, please.  Thank you.  Thank you,

3    Mr. Harron.

4              MR. HARRON:  Your Honor, if I may, I would also

5    like to approach with a clean and blackline form of order.

6    I have extra blacklines if anyone in the court would like to

7    review them.

8              May I approach, Your Honor?

9              THE COURT:  You certainly may, Mr. Harron.

10   Absolutely.  Thank you.  Good to see you.

11             MR. HARRON:  Your Honor, there's one change to

12   the order that doesn't appear in the blackline and that's a

13   handwritten correction of today's date --

14             THE COURT:  Okay.

15             MR. HARRON:  -- which I believe appears at the

16   top of Page 2.  The January 12th reference has been changed

17   to January 31st.

18             THE COURT:  I've got you here.  Yes.

19             MR. HARRON:  Your Honor, in short the other

20   changes to the order are changes to reflect the evidence

21   that's being submitted today upon agreement of the parties,

22   and we've also deleted the reference to this Court adopting

23   the initial orders that were entered by the English court,

24   and the reference to Section 15-21, which goes to the

25   ancillary relief of adopting those initial orders.

1          So, basically, what we've done is eliminated the

2     initials to the -- the references to the initial orders,

3     corrected the date, made reference to the evidentiary

4     record.

5          Your Honor, on that basis I would ask the Court

6     to enter the revised form of order subject to any comments

7     from the parties.

8          THE COURT:  All right.  Does anyone wish to be

9     heard?

10         Yes.

11         MR. BAREFOOT:  Good morning, Your Honor.  Luke

12    Barefoot from Clearly, Gottlieb --

13         THE COURT:  Mr. Barefoot.

14         MR. BAREFOOT:  -- Steen & Hamilton, LLP --

15         THE COURT:  Yes, sir.

16         MR. BAREFOOT:  -- for the U.S. debtors.

17         Mr. Harron is correct that in reliance on the

18    materials that the EMEA administrators are moving into

19    evidence at today's hearing, and in light of the changes

20    that have been made to the proposed orders, in consultation

21    with all parties, the U.S. debtors don't object to this

22    Court's recognition of the English proceedings as foreign

23    main proceedings for the remaining EMEA debtors.

24         I did just want to clarify in terms of the

25    transcript of Mr. Bloom's deposition.  Mr. Harron is

1    absolutely correct that the U.S. debtors are in agreement as

2    to sealing of the Bloom deposition and transcripts under

3    seal.

4              But I just did want to make clear that the U.S.

5    debtors reserve their rights as to whether that transcript

6    and the documents referenced therein require a continued

7    confidential treatment in another proceeding or for future

8    purposes in this proceeding, but, again, do not object to it

9    being provisionally filed under seal for purposes of the

10   recognition hearing.

11             THE COURT:  All right.  All right.

12             MR. BAREFOOT:  Thank you, Your Honor.

13             THE COURT:  Thank you, Mr. Barefoot.

14             Mr. Coleman.

15             MR. COLEMAN:  Your Honor, Ken Coleman of Allen

16   and Overy on behalf of the monitor.

17             Your Honor, the monitor filed a response

18   essentially supporting recognition of the proceedings as

19   foreign mean proceedings.  We -- we think that the record

20   developed in the course of discovery and in particular Mr.

21   Bloom's deposition where he acknowledged the accuracy of the

22   witness statements by Ms. Ralston and Mr. Clemont are -- are

23   more than sufficient to overcome the presumption in favor of

24   COMI and the jurisdiction of registration and that, instead,

25   COMI was in -- is in England for these debtors.  And on that

1  basis we supported recognition as foreign mean proceedings.

2           We would make a similar reservation of rights

3  with respect to the transcript as the U.S. debtors have

4  done.

5           THE COURT:  Okay.

6           MR. COLEMAN:  Thank you, Your Honor.

7           THE COURT:  Thank you, Mr. Coleman.

8           MR. KAHN:  Good morning again, Your Honor, or

9  good afternoon.  Brad Kahn again for the committee.

10          THE COURT:  Yes, sir.

11          MR. KAHN:  At the risk of piling on here, I'll

12  echo what Mr. Barefoot already said; that with the evidence

13  now on the record and the changes to the order, the

14  committee has no objection to the recognition order being

15  entered and would likewise reserve our rights with respect

16  to the transcript going forward.

17          THE COURT:  All right.  Thank you.

18          MR. KAHN:  Thank you.

19          THE COURT:  Thank you very much.

20          Mr. Harron, do I have an order on the

21  confidentiality?  Have I entered one yet or -- I mean,

22  certainly I'm prepared to give it confidential treatment.

23          MR. HARRON:  Your Honor, we have not filed a form

24  of order.  We've just been proceeding under the local rules

25  which provides for confidentiality.  We're happy to file a

 1 | short form of motion if you think it would be helpful to

 2 | clarify the record.

 3 |         THE COURT:  Well, I am prepared to grant

 4 | confidentiality here.  That's not a problem.  You can just

 5 | submit an order, show it to opposing counsel first, and --

 6 | and then I'll be pleased to enter it.  In the meantime I

 7 | will afford it confidential treatment.

 8 |         MR. HARRON:  Thank you, Your Honor.  We'll --

 9 |         THE COURT:  All right.

10 |         MR. HARRON:  -- we'll do so.

11 |         THE COURT:  And I am prepared to grant the relief

12 | requested.  I know it was a contested matter, hotly

13 | contested for awhile and that certainly generates a good

14 | record upon which to make the finding and to make -- to

15 | grant the recognition of the foreign proceeding and as well

16 | -- as well as find that it is the center of main interest.

17 | And I will sign the order.

18 |         MR. HARRON:  Thank you, Your Honor.  I would like

19 | to thank the Court for your time on this matter and also

20 | thank the parties for their cooperation in reaching a

21 | consensual resolution.

22 |         THE COURT:  Absolutely.  Thank you, Mr. Harron.

23 |         MR. HARRON:  That concludes the agenda for the

24 | Chapter 15, Your Honor.

25 |         THE COURT:  You were -- you were quick.  Thank

1   you.

2           MR. HARRON:  Thank you.

3           THE COURT:  Anyone who wishes to be excused at

4   this time is certainly welcome.

5           MR. ABBOTT:  That's what I was going to suggest,

6   Your Honor, and then --

7           THE COURT:  We'll take --

8           MR. ABBOTT:  -- we'll let the CTDI adversary

9   proceeding matter start next.

10          THE COURT:  Exactly.

11          MR. ABBOTT:  Thank you, Your Honor.

12          (Pause in proceedings.)

13          THE COURT:  Good afternoon.

14          MR. HERRINGTON:  Good morning, Judge Gross.  Good

15  afternoon, Judge Gross.

16          THE COURT:  Yes.

17          MR. HERRINGTON:  Good to see you again.

18          THE COURT:  Good to see you, sir.

19          MR. HERRINGTON:  Your Honor, the most pressing

20  item on the agenda for us -- this is David Herrington

21  speaking for --

22          THE COURT:  I'm sorry.  Of course.

23          MR. HERRINGTON:  -- speaking for NNI, is our

24  motion to compel or the letter we wrote concerning discovery

25  issues as to which we believe at this point we have to seek

1    the Court's assistance in getting some key information that

2    we need in order to move forward with document requests and

3    with depositions.

4            And it -- may I ask if Your Honor has received

5    our January 27th letter?

6            THE COURT:  Yes, I did.

7            MR. HERRINGTON:  Okay.

8            The key subject of that letter is CTDI's failure

9    to respond to our interrogatories or failure to give

10   adequate responses or give us the information that we need

11   in order to test some of the claims that they're making in

12   this case, their efforts to defend against our claims of

13   misappropriation.

14           And as we laid out --

15           THE COURT:  Well, they say -- they say that they

16   basically have responded to those interrogatories by

17   referencing their initial disclosures.

18           MR. HERRINGTON:  Well, Your Honor, the

19   fundamental problem with that is this.  And I would be happy

20   and, in effect, would ask Your Honor to go through each of

21   our interrogatories and look at CTDI's responses.

22           The problem is that CTDI's initial disclosures

23   list, you know, about three dozen people and gives just a

24   very generic description of the kinds of things that each

25   person may know, such as the relationship between Nortel and

1  CTDI, but nowhere near the kind of specificity that we need

2  in order to test the specific claims that CTDI is making.

3          And if -- Your Honor, I can give an example of

4  that.

5          THE COURT:  Sure.

6          MR. HERRINGTON:  If we could turn to our second

7  interrogatory, and interrogatory responses that CTDI

8  provided are Exhibit A to our letter.

9          THE COURT:  All right.

10          MR. HERRINGTON:  Your Honor, we discovered as we

11  were going through these papers this morning that the copy

12  of the responses is lacking Page 9.  So if I may I'll hand

13  up a copy that includes Page 9.

14          THE COURT:  All right, sir.  Thank you, Mr.

15  Herrington.

16          MR. HERRINGTON:  As soon as my colleague

17  retrieves it.

18          But the parts we want to focus on first do not

19  involve Page 9, so we're okay.

20          So, Your Honor, if you would turn to Page 5 --

21          THE COURT:  Yes.

22          MR. HERRINGTON:  -- and this is Interrogatory

23  Number 2.

24          THE COURT:  Okay.

25          MR. HERRINGTON:  This asks CTDI to identify all

1  facts, documents and communications that support or

2  contradict any claim that CTDI was permitted to engage in

3  any of the activities alleged in the complaint, and identify

4  each person having knowledge of any such fact or document.

5       And as I would imagine Your Honor will recall,

6  the allegations in the complaint are that CTDI received

7  access to Nortel's proprietary technology solely for the

8  purpose of performing repairs --

9       THE COURT:  Right.

10      MR. HERRINGTON:   -- on Nortel products.  But,

11  instead, what it did is used that technology and used its

12  access to Nortel's proprietary components to manufacture

13  products and to remanufacture products that it then sold

14  into the market, all of which it was not entitled to do

15  under the agreements.  The agreements were very clear.  The

16  one thing you can do with this technology is repair.

17      So the question here is tell us what is your

18  argument that you were allowed to do this.

19      Now CTDI throws out a number of arguments, a

20  number of defenses.  It claims that back in the -- going

21  back to the 90s that CTDI was engaged in this kind of

22  activity and that Nortel supposedly knew about that.  The

23  question is who can tell us about that; tell us the names of

24  the witnesses that we can depose to inquire and test that

25  claim.  They say, Nortel clearly knew and understood this

1  business of CTDI because Nortel marketed and sold its own

2  remanufacturing and refurbishment business to CTDI pursuant

3  to the 1999 asset purchase agreement.  Again, who supposedly

4  has knowledge of that.

5          Next, and this is a key statement that they make

6  in their interrogatory response.  They say, "In connection

7  with the 1999 APA and the MCRSA" -- that's this agreement to

8  provide --

9          THE COURT:  Yes.

10         MR. HERRINGTON:  -- it for repair activities --

11         THE COURT:  Right.

12         MR. HERRINGTON:  -- the parties supposedly

13  understood and agreed that CTDI could produce and sell

14  remanufactured and refurbished products with no royalty

15  obligations to Nortel because CTDI was acquiring Nortel's

16  significant inventories, fixed assets, personnel and another

17  liabilities related to this business without any volume

18  guarantees from Nortel.

19         And then they go on to say:

20         "And during the royalty payment and

21          reconciliation process, the parties discussed and

22          confirmed their agreement that CTDI was not

23          obligated to pay royalties on account of its

24          remanufactured and refurbished production and

25          sales activities."

1          Your Honor, that is news to us.  That's a bold

2   claim.  They are saying, oh, you knew about all the things

3   we were doing as spelled out in the complaint.  You knew we

4   were remanufacturing.  You knew we were selling into the

5   market and you told us that was okay.  And, in fact, you

6   told us you didn't have to -- we didn't have to pay anything

7   for it.

8          Those are claims that we believe to be completely

9   untrue, but they are also claims that obviously we're going

10  to have to test.  You know, where is the support; when did

11  these conversations happen, which is what -- one of the

12  things the interrogatory asked for; who was involved in

13  these conversations; where's the documentation that reflects

14  these conversations, all of those things that we need to

15  test, again, these very bold claims that CTDI has made.  It

16  simply -- the information that allow us to test these claims

17  simply is not there.

18          So that's all we're seeking:  Who are the people

19  with knowledge; when did these conversations happen;

20  identify the documents, the emails, the letters that

21  supposedly reflect these conversations so that we can take

22  discovery and test your claims.

23          (Pause in proceedings.)

24          Your Honor, let me go onto Interrogatory Number

25  3.  It's also an important question.  And 3 and 4 go

1  together and they both relate to any internal discussions

2  within CTDI about whether it was allowed to do what it did.

3  Again, the agreements are clear.  They say you can -- you

4  can use this technology to perform repair activity and not

5  for anything else.  CTDI went on to do something else, so

6  were there discussions within CTDI about whether that was

7  okay, and that's exactly what Interrogatories 3 and 4 ask

8  about.

9          3 asks generally, were there any discussions, and

10  the specific question is concerning whether CTDI was

11  permitted to engage in the manufacture, remanufacture,

12  refurbishment or sale of Nortel products.  So tell us, were

13  there any discussions about whether this was okay.  There's

14  no answer, at least no specific answer saying, yes.  We did

15  discuss this and these were the people involved.

16          Interrogatory Number 4 focuses on a specific set

17  of conversations that we've learned about and -- or been

18  told about and I'll share that with Your Honor.

19          It was a somewhat remarkable phone call that I

20  got a few weeks ago from someone who said that he was a

21  former CTDI employee, had read about the litigation in the

22  press, and had information that he believed was important.

23  He said he did not want to give his name for fear of

24  retaliation from the company and he was a former -- again, a

25  former employee, but he was still fearing retribution, and

1   he described conversations in which a gentleman named Bill

2   Cleary, who is an accounting officer at CTDI apparently

3   asked the question saying, guys, are we allowed to do this;

4   are we allowed to manufacture and remanufacture these

5   products.

6           Apparently, that gave rise to some heated

7   discussions, including with the president of the company.

8   This gentleman, you know, described some of these

9   conversations and that gives rise to our inquiry.  We're not

10  representing that it happened.  All we know is I got a phone

11  call from someone who seemed to know what he was talking

12  about and described this occurrence.  It certainly gives a

13  basis for asking CTDI, did this happen; were -- were there

14  conversations with this Bill Cleary and the president of the

15  company about whether CTDI was allowed to do this.

16          Again, we got no answer.  You know, what we're

17  looking for is, did it happen; what are the dates; who was

18  involved; where are the documents, all important and basic

19  information and we simply don't have it, Your Honor.

20          Your Honor, I won't go through all of our

21  interrogatories, but as we've set out in our letter we have

22  the same kind of issues with respect to each, and in

23  particular, no identification of people with knowledge.

24          You asked about the initial disclosures, well,

25  didn't they give you some information about people who have

1   some knowledge and what do they know.  They certainly didn't

2   give any identification of the knowledge of the issues that

3   I'm just talking about, matching up specific people with the

4   specific claims that they've made in their interrogatory

5   responses or, again, any of the information about these

6   conversations that we've heard about involving Bill Cleary.

7           But one last interrogatory I want to touch on,

8   Your Honor, is Number 9.  That relates to a check that CTDI

9   sent to Nortel in the early part of 2010 in which they said

10  we want to resolve this issue of, you know, our sale of

11  products that you've got a problem with and here's a check

12  for in excess of $2 million.  Nortel said, well, that

13  doesn't resolve it.  It's much bigger than -- than this and

14  $2 million will not solve the problem and tried to return

15  the check.

16          CTDI said, no.  No.  We really want you to take

17  the money and Nortel finally said, okay.  We'll accept the

18  money.  We'll keep it, but you have to understand this is

19  not waiving any of our claims and CTDI said we understand.

20          The simple question we have about that is who was

21  involved in that.  I mean, clearly it -- it clearly shows --

22  and we understand this is probably a compromise attempt and

23  the admissibility is a question to be decided later.  But

24  we're certainly entitled to ask who was involved in this

25  decision, this recognition on CTDI's part that it had a real

1    problem.

2              And, two, what were the sales that CTDI thought

3    it had a problem with.  You know, it clearly thought it

4    needed to proffer an offer to Nortel of a substantial amount

5    of money with respect to something.  What was that

6    something; what was it that you were trying to address.  You

7    know, was it sales of product X, Y and Z going back to 2005;

8    was it something more than that; was it something less than

9    that.  That's all we're asking and hereto CTDI simply has

10   not given this information.

11             So, Your Honor, those are some of the key

12   interrogatories, but, also, examples -- illustrations of the

13   kind of responses that -- that we've gotten from CTDI and

14   the deficiencies in their responses.

15             Your Honor, there's one other issue and I can

16   either come back to it or we can address it now and that is

17   this thing that came up with a -- when a CTDI employee

18   reached out to a Nortel employee and said, we've got these

19   documents concerning our business together, can I destroy

20   them.

21             And, Your Honor, the documents are ones that, for

22   all we know, may be available in electronic format that is

23   accessible to Nortel.  So it's not so much a question of,

24   gosh, these documents were at risk of being destroyed.  The

25   Nortel responded saying, no.  Don't destroy -- don't destroy

1    them.    Keep them.

2            But the primary concern this raises is here was a

3    person -- her name is Terry Young.  She was an employee of

4    the call center down in Nashville who clearly has

5    responsibility for documents relating to the relationship

6    between these two companies, and just as clearly apparently

7    had no idea that of course you can't destroy documents

8    related to that relationship.

9            You know, on her part we assume that's an

10   innocent mistake, but it does raise the question that we had

11   for CTDI's counsel of, look, you know, was this woman -- was

12   this employee informed of the obligation to retain documents

13   and can you please confirm to us that you've sent out

14   litigation holds to all the appropriate people, including

15   this person, and that you are suspending any systems or

16   activities that would result in your destroying documents.

17           We still haven't gotten a response to those

18   issues.  All we've gotten a response to is, oh, well, these

19   particular documents that this employee was talking about

20   aren't particular important.  Well, we don't know that.  We

21   haven't had a chance to see it.  But what we haven't gotten

22   a response to is the process question; you know, what have

23   you done to make sure that documents aren't being destroyed;

24   who have you informed and when did you do it; and what

25   systems do you have in place to make sure that documents are

1  being retained.  We have simply gotten no response on those

2  matters, Your Honor.

3         So those are the two matters that we've presented

4  in our letter to Your Honor, again, only -- as we laid out

5  in our letter, only after trying very hard to get a response

6  from CTDI.  We had a meet and confer on January 17th.  We

7  sent a follow-up letter on January 19th setting out in

8  detail our position on the interrogatories.  CTDI actually

9  promised to give us a response by the 19th, the same day the

10  letter went out, no response.

11         We sent a follow-up email saying, please let us

12  know your position so we can know whether we have to go to

13  the Court.  No response to that.  We finally sent an email

14  saying, look, if we don't get a response by this afternoon

15  we'll have to call the Court and ask for a conference.  The

16  only response we got was, okay.  We'll join the call.

17         So we understand the importance of trying to

18  resolve these without burdening Your Honor and we tried very

19  hard, but at this point we do need Your Honor's assistance

20  to -- to get this process moving forward.

21             THE COURT:  All right.  Thank you.

22             MR. HERRINGTON:  Okay.  Thank you.

23             THE COURT:  Thank you, Mr. Herrington.

24             Mr. Clark, good afternoon.

25             MR. CLARK:  Good afternoon, Your Honor.

1           Briefly, my understanding of the point of the

2     conference with the Court after the preliminary letters, if

3     you will, on discovery issues is to determine whether there

4     really are any issues and, if there are, then let's talk

5     about briefing them up and arguing them, yada, yada.  So I'm

6     not going to go into -- unless Your Honor wants to hear it

7     -- great detail about each and every one of the disputes

8     that they've raised with us, we've raised with them.

9           THE COURT:  Right.

10          MR. CLARK:  What I will do is respond to a couple

11    of the points that counsel has made and then really get to

12    what I think is the heart of the issue.

13          Just going in reverse chronological order, the

14    comments Mr. Herrington made about Terry Young and the

15    Nashville documents, it was good to hear here for the first

16    time today that they really weren't worried about

17    destruction of documents down in Nashville.  That was

18    certainly the impression that they gave us from their letter

19    and their -- and their subsequent conversations.

20          He also says that we told them that they're not

21    of any material relevance.  That is true.  We have told them

22    that and that is our understanding of it, but he also says

23    they don't know if that's true or not and they haven't had a

24    chance to see the documents.

25          Well, that's because they haven't taken us up on

1  our offer to let them see the documents.  They are there.

2  We said you can go down and look at them.  It's a million

3  pages of stuff and the -- you know, they can take from now

4  until kingdom come to look at those.

5           So we're not hiding the documents from anybody.

6  And I -- I would just observe Your Honor's seen the

7  extensive email correspondence --

8           THE COURT:  Yes.

9           MR. CLARK:  -- between Ms. Young and Mr. Rogers

10  about all of this.

11           THE COURT:  Yes.

12           MR. CLARK:  It's as clear as the nose on my face

13  that what was happening was there's a bunch of paper there

14  that's unnecessary, that is duplicative largely and that

15  they already have access to in electronic format, and Ms.

16  Young was seeing if she could clear out some space to put to

17  more -- more beneficial use than just storing seven or 800

18  boxes of documents.

19           So what does she do?  She asks her counterpart at

20  Nortel if they had any problem with that and she did suggest

21  a kegger and a bonfire, you know.

22           (Laughter)

23           THE COURT:  Yes.

24           MR. CLARK:  I -- whenever I'm preparing witnesses

25  for depositions I tell them this and somebody should have

1  told Ms. Young this.  You're in litigation.  No jokes.

2               THE COURT:  Right.

3               MR. CLARK:  Jokes don't work.

4               THE COURT:  Right.

5               MR. CLARK:  Unfortunately, she made the joke.  So

6  that's where that all came from.  I think that is, as I said

7  in my letter, a lawyer's concoction.  It's not an issue.

8               And if they -- if they really honestly believe

9  that there's some problem -- and we've told them there

10 isn't.  We've assured them that CTDI has honored its

11 document preservation obligations.  But they don't have to

12 take my word for that.  They don't have to believe that.

13 They can be as skeptical as they want.  File formal

14 discovery.  Take Ms. Young's deposition.  Do whatever they

15 want.  They can take the deposition of anybody they think is

16 relevant with respect to issues in this case, including

17 whether we've preserved documents or somehow destroyed them

18 in order to prevent them from being discovered in evidence.

19               THE COURT:  Well, the very fact that Ms. Young

20 asked --

21               MR. CLARK:  Exactly.

22               THE COURT:  -- to me sort of should alleviate the

23 concern, but --

24               MR. CLARK:  Now, Your Honor, with respect to the

25 comments about Bill Cleary --

1          THE COURT:  Yes.

2          MR. CLARK:  -- again, I'm -- it's -- it's --

3    while I hate to burden the Court with these things and get

4    in front of Your Honor, it's at least useful because I learn

5    things in front of Your Honor that counsel didn't teach me

6    about before we got here.

7          This is the first I've heard about this -- this

8    telephone call, anonymous call that Mr. Herrington received

9    from somebody who presumably wasn't Bill Cleary, but said

10   Bill Cleary knows stuff.  We asked them if they represent

11   Bill Cleary and they told us they don't.  We asked them to

12   give us his contact information.  They say they don't have

13   any.

14         So when Your Honor considers what counsel tells

15   you about Mr. Cleary and what he may or may not say and when

16   they write it in their letters, the Court ought to be aware

17   that they have no basis whatsoever on which to say what Bill

18   Cleary might or might not say because they've haven't talked

19   to him.  They don't know what he'll say.  They talked to

20   some anonymous informant.  That's worth the paper it was

21   written on today and Your Honor will note that it's not been

22   written on any piece of paper, so.

23         I would be curious to know whether, when counsel

24   talked to this person who identified himself or herself as a

25   former employee of CTDI, whether counsel gave that person

1    the -- what we know of as the Monsanta (phonetic) warning

2    that says --

3              THE COURT:  Yes.

4              MR. CLARK:  -- you're a former employee of a

5    party in litigation.  Don't tell me anything that's

6    privileged.  Don't tell me any stuff that you learned as an

7    employee that's privileged.  I don't know if that happened

8    or didn't happen, but -- and I don't know that I'll ever

9    find out, but it's an issue.

10             With respect to Mr. Cleary himself, we told you

11   that he was terminated and that he did work for us and that

12   we don't believe he has any relevant knowledge.  We could

13   tell you a lot more about Mr. Cleary, but right now we won't

14   because when Mr. Cleary left the company he and the company

15   entered into a settlement agreement whereby he received some

16   enhanced severance payments.  He gave a release to the

17   company, and the parties -- both Mr. Cleary and CTDI --

18   agreed to non-disparagement.

19             So Mr. Cleary is contractually prohibited from

20   discussing any complaints he might have about CTDI or

21   anything that happened at CTDI by a contract.  And we, CTDI,

22   are similarly precluded by a contract from saying any bad

23   things about Mr. Cleary absent a court order.

24             And now if Your Honor wants to enter a court

25   order either by stipulation of the parties or if you want,

1  we can file a motion to have you enter a court order, we can

2  tell you a chapter and verse about Mr. Cleary, facts that I

3  think Your Honor would find relevant to whether, (a) he

4  knows anything about the party -- about the issues in the

5  litigation; and (b) whether, if he claims to know anything,

6  Your Honor ought to find that credible.

7          Now going -- and the first point that Mr.

8  Herrington made, going through specific examples of --

9          THE COURT:  Yes.

10         MR. CLARK:  -- interrogatory responses --

11         THE COURT:  And looking for more specificity --

12         MR. CLARK:  Right.

13         THE COURT:  -- in your responses.

14         MR. CLARK:  Your Honor's first comment is

15 absolutely correct.  We incorporated, by reference, the

16 initial disclosures which go through, I will admit, in some

17 cursory detail, not extensive detail, but it goes through

18 forty-five or forty-six people who are knowledgeable, who we

19 know about and we told them categorically what the topics

20 are that they know about and they're obviously free to go in

21 and depose people and ask them for chapter and verse in

22 detail.

23         But I think the more pertinent point is that

24 while I would be the first to tell you that those

25 interrogatory responses are somewhat short on detail, they

1  are substantively identical to the responses that Nortel

2  gave to our requests for the same kind of information.  And

3  what -- in my experience, and, you know, what normally

4  happens in these situations is that people do respond that

5  way and then they produce their documents and the lawyers go

6  through their documents and they understand what the answer

7  is -- what the answers are to their questions and then they

8  flush that out in the depositions.  And I think that's,

9  frankly, the way it ought to go here.

10      And in respect of that, I wanted to let Your

11  Honor know that just literally minutes before the hearing

12  started just in the back of the courtroom we met and talked

13  about some of the outstanding issues and I can go over some

14  of the others.  But specific to this topic we reached an

15  agreement that I think fairly, for the record, was initially

16  suggested by counsel for Nortel in conversations with others

17  in my shop last week.

18      But what we have -- I don't know what volume

19  they've got of ESI, electronic documents.  We have a

20  boatload.  And so the whole idea of how practically speaking

21  in the context of a case like this on the schedule that we

22  have, which at least speaking for CTDI we do not want to see

23  any slippage in it whatsoever, you deal with literally

24  hundreds of thousands and millions of pages of electronic

25  documents.

1           And so what the parties have been doing for the

2   last couple of weeks -- you may get the impression that we

3   don't agree on the time of day, which is probably more right

4   than wrong.

5           THE COURT:  Yes.

6           MR. CLARK:  But we have agreed on some things.

7   And the lawyers all got together and came up with -- each

8   side came up with their own list of search terms to apply

9   against their electronic discovery and see what the hits

10  were, and then each side shared those lists with each other

11  and ultimately you come up with a combined list of terms.

12          With the exception of, I think, a couple of terms

13  that may have been agreed to or discussed on Friday, I think

14  we have run all of our -- we took -- what we did is we went

15  to the most logical custodians in the company.  This is some

16  time ago.  We copied all their electronic information.  We

17  copied their hard drives.  We went back into our servers to

18  get everything from them and then to that universe of

19  documents we applied the search terms to see what comes --

20          THE COURT:  If it worked.

21          MR. CLARK:  -- out of it and now what the parties

22  have agreed to do is that rather than each side then have

23  their lawyers go through every one of the documents that

24  come up on their hits and then say, okay, now is this one

25  responsive to something in the case or isn't it, we've

1  agreed not to do that.  We've agreed that what we will do --

2  each side has to do their own privilege review, obviously --

3           THE COURT:  Correct.

4           MR. CLARK:  -- but that, frankly, is a very quick

5  process as compared to a substantive review.  And then we're

6  going to produce to each side, subject to the

7  confidentiality order, all of the documents other than the

8  privilege documents that you call out, that -- as to which

9  there was a hit.  So there's not going to be any relevance,

10 assessment or determination below that.

11          So I think, at least from my perspective, we're -

12 - I've got to believe we would be prepared to produce all of

13 that stuff within a matter of a few days.  Now that would be

14 conditioned on them producing all of their stuff at the same

15 time, but that basic agreement is in place.

16          And so it seems to me that in the very near

17 future each side is going to have a mass of documents that

18 will be word searchable in electronic format and the lawyers

19 can start analyzing those things to determine the answers

20 that they're looking for, on both sides.

21          So it would be my suggestion, Your Honor, that

22 rather than having the parties and the Court go through the

23 expenses and the trouble right now of briefing up and then

24 arguing and Your Honor deciding these -- these discovery

25 issues that are the subject of the letters that went back

1  and forth, that the best thing to do is for the Court to

2  tell the parties, go back, exchange your documents, take a

3  look at what information you have then and if you've still

4  got a problem, you know, say a week or two weeks after the

5  exchange of the documents, then just, you know, give us a

6  call and tell us you've got an issue and we'll set a

7  briefing schedule on it.

8        I think that that process is likely to if not

9  fully eliminate, and hope springs eternal, but certainly

10 dramatically reduce the disputes there might be with respect

11 to discovery between the -- between the parties.

12       A couple more things just while I'm up here, Your

13 Honor, and --

14       THE COURT:  Please.

15       MR. CLARK:  -- these were things that we talked

16 about briefly with counsel before the hearing.

17       There's a motion that got filed just before the

18 hearing for leave to file one of their exhibits from the

19 exchange of letters under seal.  We've got no problem with

20 that.

21       THE COURT:  All right, then.  I will sign that

22 order.

23       MR. CLARK:  They've got a motion.  I think NNL

24 has a motion for leave to file a surreply brief on our

25 motion to join Nortel Networks Corporation.  I'm not going

1   to say I consent to it, but if Your Honor wants to read

2   another brief, I've got no problem with you accepting a

3   surreply from them.

4              THE COURT:  All right.

5              MR. CLARK:  Subject to me reserving my rights to

6   file a motion to file a sur-surreply after I see the

7   surreply, but you can certainly take a look at theirs.

8              I requested and they graciously agreed to --

9   we've got some discovery responses due tomorrow, a couple of

10  sets of interrogatories and a set of requests for

11  admissions.  I asked for another week until next Tuesday to

12  serve those.  They agreed to that.  If Your Honor needs --

13             THE COURT:  No.

14             MR. CLARK:  -- a written order and if it's okay

15  with you, that's what we'll do.

16             THE COURT:  I'm fine with that.

17             MR. CLARK:  And the last thing I wanted to

18  mention -- oh, yeah.  This is the one we didn't discuss that

19  I had forgot about.

20             There's a motion pending to strike my certificate

21  of counsel with respect to NNI's not objecting to our motion

22  to join.

23             THE COURT:  Yes.

24             MR. CLARK:  Your Honor's going to decide that on

25  the merits anyhow, so whether you want to strike that or not

1  -- look.  We weren't trying to pull the wool over anybody's

2  eyes with that.  I think the CONO that we filed specifically

3  said NNI didn't object, and they didn't, and there's not a

4  piece of paper filed with the Court that says NNI objects or

5  NNI joins in the objection of NNL other than their motion to

6  strike.

7          But we thought we were supposed to file that

8  thing and if procedurally that was wrong, then guilty; you

9  know, you can sentence me to contempt or whatever you want,

10 Judge, but that was why we filed it.  We said right on the

11 face of it, though, that there was somebody objecting to the

12 thing.

13         The last thing I wanted to mention, Your Honor,

14 is with respect to the motion to dismiss that we were in on

15 some weeks ago --

16         THE COURT:  And which we're hard at work on.

17         MR. CLARK:  -- first, I've been taken to task, I

18 think fairly so, for being -- for it taking longer than it

19 should have to get our letter into the court, had other

20 things going on -- actually, I have one or two other cases,

21 but mostly this case I had other things going on.  So we got

22 that in.  They have now filed their supplemental responding

23 letter brief, so I think that matter is now sub judice.  I

24 just wanted to make sure Your Honor was aware of that.

25         THE COURT:  Yes.  Thank you, Mr. Clark.  That's

1    helpful and I am.

2              MR. CLARK:  And that's all I have.  If Your Honor

3    has any questions, I would be pleased to address them.

4              THE COURT:  All right.  Thank you, Mr. Clark.

5              MR. CLARK:  Thank you, Your Honor.

6              THE COURT:  I don't at the moment.  I understand

7    that the parties are hard at work --

8              MR. HERRINGTON:  Your Honor, just very briefly --

9              THE COURT:  -- disagreeing, but eventually

10   narrowing the disagreements --

11             MR. HERRINGTON:  Right.

12             THE COURT:  -- I think.

13             Yes, Mr. Herrington.

14             MR. HERRINGTON:  Just taking some -- a couple of

15   these matters in the order that Mr. Clark addressed them.

16             This young woman down in Nashville who made the

17   remark about let's have a bonfire and Mr. Clark said, you

18   know, I try to tell people when I talk to them about

19   litigation, don't make statements like that, that's the

20   whole point here is that she apparently had no idea there

21   was litigation.  She had no idea that there was an

22   obligation to preserve documents.

23             And we've asked this question about a half dozen

24   times.  Mr. Clark, did you tell Terry Young there was a

25   litigation and she needed to preserve documents.

1   Apparently, the answer is no because we've never gotten the

2   answer is yes, and that does raise a concern about whether

3   documents are getting destroyed by people like Ms. Young who

4   are innocent.  They have no idea that what they're doing

5   when they send an email like that raises a concern because

6   they haven't been told.

7           So we do ask that CTDI tell us what efforts have

8   you made and who have you notified that this -- this

9   litigation is going on and you have to hold onto these

10  documents.

11          Mr. Cleary, this --

12          THE COURT:  Let's take them up one at -- one at a

13  time.

14          MR. HERRINGTON:  Okay.

15          THE COURT:  Mr. Clark, is that a problem to --

16          MR. CLARK:  Which is what?

17          THE COURT:  -- to notify --

18          MR. CLARK:  That we're destroying documents, Your

19  Honor?

20          THE COURT:  No.  No.  To notify employees?

21          MR. CLARK:  No.  No.  What happened, the process

22  that we filed is we met with the client.  We said, okay.

23  Who in the -- there's 5,000 employees in this company.

24          THE COURT:  Yes.

25          MR. CLARK:  I will assure Your Honor that Mr.

1  Herrington is right that we didn't send something to the

2  janitors in our office in Germany.  We didn't contact every

3  employee in the company about a document preservation hold.

4  We contacted all of the people who were the most likely

5  custodians and the next stage down from the most likely

6  custodians and said, preserve your documents.  That was

7  dine.

8          As to Ms. Young, I can assure you that she

9  specifically has been told, don't destroy any documents and

10  we're in litigation now.  Whether she knew it before or not,

11  I believe she did.  I believe she did know that there was

12  litigation pending and may have even been part of the reason

13  why she sent the email she did.  But I confess that I

14  haven't talked to her, but she's been talked to.

15          THE COURT:  Okay.  Thank you.

16          MR. HERRINGTON:  Your Honor, Mr. Cleary.

17          THE COURT:  Yes.

18          MR. HERRINGTON:  Again, you know, all I can say

19  is I got a phone call from somebody who had no reason to

20  make something up and certainly didn't sound like he was

21  making something up.  We're hearing for the first time from

22  Mr. Clark that there apparently was some dispute between Mr.

23  Cleary and CTDI and that they had to resolve that through a

24  severance agreement, which he was given some kind of

25  expanded benefits.  We certainly will ask CTDI for a copy of

1    that severance agreement right away and all documents

2    relating to it.

3            Mr. Clark said there's a contractual gag order in

4    place on Mr. Cleary and on CTDI and I believe he offered

5    and, in fact, invited the Court to release the parties from

6    that and we certainly would like that confirmed today; that

7    -- that CTDI consents to release both parties from any

8    restrictions under that agreement.

9            MR. CLARK:  I don't consent to --

10            THE COURT:  I didn't hear that.

11            MR. CLARK:  -- release anybody from any

12    obligations under any agreements.  What I did say and what I

13    will stand to, Your Honor, is that if the Court would be

14    kind enough to enter an order that says I want the documents

15    with respect to Mr. Cleary's personnel file and his

16    termination to be exchanged by the parties -- and, also, if

17    they have any related documents they should exchange them

18    with us -- if you enter that order, they'll get the

19    documents and they'll see what the basis was for his

20    termination and Your Honor will get to hear about it, too.

21            THE COURT:  All right.

22            MR. HERRINGTON:  All right.  And, Your Honor,

23    then if CTDI is going to impose the gag order that's -- they

24    apparently tried to contractually create on Mr. Cleary, we

25    will certainly move to release them from that.  You can't

1    prevent discovery, you know, through contractually telling

2    somebody that they aren't allowed to speak.

3           MR. CLARK:  Your Honor, we have no gag order in

4    place.  We have a non-disparagement agreement.  I will

5    remind Mr. Cleary or his lawyer that that exists and I will

6    tell them that CTDI will enforce that to the hilt.  Anybody

7    wants to subpoena Mr. Cleary, put him under oath, they can

8    do that.  They can ask him whatever they want, but what they

9    can't do is they can't solicit him to provide them privately

10   with access to information that he got as an employee of

11   CTDI given his contractual obligation not to share that with

12   them.  That's what they can't do.  So if they want to take a

13   deposition of him or anybody else, it's fine to do that.

14          But, Your Honor, because this closely relates to

15   the topic, even though it's not Mr. Cleary, we have the same

16   issue with them.  They are withholding from us all these

17   documents about the ATC and the SWB counter-fitting

18   litigation because there's some star chamber order or

19   agreement out there that says they can't share it with a

20   third party even though I've asked for it in a federal court

21   in a federal litigation subject to Your Honor's authority.

22   I think at a minimum we ought to get, and get today, these

23   orders and these agreements that supposedly provide for

24   confidentiality.

25          In my experience -- and, again, I haven't seen

1  them so I don't know what -- what they say.  But it my

2  experience those orders and those agreements typically say

3  that if you get a request or a subpoena for the stuff

4  covered by this, you've got to give the other side that

5  declared it confidential notice and the other side that gets

6  the notice can come into court --

7            THE COURT:  That's right.

8            MR. CLARK:  -- and complain about whether or not

9  that stuff should be released to us.  But right now we

10  haven't seen any evidence that there is any such order or

11  any such agreement and we have no idea what they may say,

12  and we're looking at a subpoena for a deposition, I think,

13  in like three weeks of ATC and I've got no documents other

14  than what they mentioned in their complaint.  That's a

15  central issue in this litigation and we surely ought to be

16  able to get those documents -- get them now.  We should have

17  had them before now.

18            MR. KELLER:  You --

19            MR. HERRINGTON:  Your Honor, just to finish the

20  discussion of Mr. Cleary --

21            MR. KELLER:  I would ask you if I can interrupt

22  you, Mr. Herrington.

23            MR. HERRINGTON:  Oh, sure.

24            THE COURT:  Just -- I just want to be careful

25  that you're -- that you're picked up on the --

1                MR. KELLER:  Sure.

2                THE COURT:  -- on the recording.

3                MR. KELLER:  And this is -- this is Paul Keller

4    with NNL.  Am I --

5                THE COURT:  Yes.

6                MR. KELLER:  -- being picked up okay?  All right.

7                Just on the Mr. Cleary issue and there's -- we

8    did -- we discovered a lot of waterfront on a whole host of

9    issues there from CTI's counsel, but focusing on the Mr.

10   Cleary issue again a few points.

11               One is there's clearly a lot of conversation the

12   parties need to have about Mr. Cleary, and so some initial

13   questions that maybe we can get answers today.  It sounds

14   like Skadden does not represent Mr. Cleary, but has either

15   had conversations with him or knows who represents him and

16   getting that information, of course, would help this process

17   along significantly and if that information could be

18   proffered it would be greatly appreciated.

19               Secondly is, it's also quite clear that CTD

20   personnel knew about the relevance of Mr. Cleary to this

21   case, regardless of any disparagement claim.  But he had

22   failed to identify them -- him in any of their interrogatory

23   responses or even their initial disclosures.

24               And so what I -- what I would hope from CTDI is

25   that when his relevance to particular discovery is plain,

1  that even though there's some contractual obligations it

2  has, that it can provide the necessary discovery without

3  violate -- violating those agreements.

4         MR. CLARK:  Your Honor, and that, as I said, if

5  the Court would enter -- and counsel can give me an order.

6  We'll agree on the form of order --

7         THE COURT:  Yes.

8         MR. CLARK:  You enter the order and we'll give

9  them whatever it is they are asking for with respect to

10 stuff that I otherwise couldn't disclosure under the non-

11 disparagement terms of the agreement.

12        THE COURT:  And how about the reciprocity on the

13 ATC --

14        MR. HERRINGTON:  Oh, sure, Your Honor.  And,

15 again, this is the first we've heard anything about there

16 being any kind of limitation on their ability to give us

17 information about Mr. Cleary.  They just stiffed us.  They

18 just aid, we're not going to  give you information.

19        On the --

20        MR. CLARK:  No.  I'm sorry.  I'm sorry.  I'm

21 sorry.  Let me -- let me just -- we stiffed no one.  We

22 didn't mention Mr. Cleary because we didn't know about Mr.

23 Cleary.  Nobody indicated that Mr. Cleary had any relevant

24 knowledge, and so he wasn't listed in our stuff.  I would

25 note that he isn't listed as a knowledgeable witness in

1 | their list -- in their initial disclosures or in their

2 | responses to discovery.  The only place where I ever learned

3 | about Mr. Cleary was in one of their discovery requests.

4 |             MR. HERRINGTON:  Okay.

5 |             MR. CLARK:  And I made a little note on my copy

6 | of that request to my people to contact the client and find

7 | out who the hell is Mr. Cleary.

8 |             THE COURT:  Yes.

9 |             MR. CLARK:  Is he the head -- the former senior

10 | partner at Mr. Herrington's law firm or is he somebody else.

11 |             With respect to our -- whether we represent Mr.

12 | Cleary or we know who does, those were my questions.  I sent

13 | an email to Mr. Herrington and Mr. Keller on Friday saying,

14 | do you represent Mr. Cleary.  If you don't, do you know who

15 | does and, in any event, please give us his contact

16 | information.  They came back and they said they don't

17 | represent him.  They don't know who does and they don't know

18 | how to get in touch with him.

19 |             So I think they know implicitly that I don't

20 | either.  But if they need that representation, I don't

21 | represent him and I don't know how to get in touch with him,

22 | but I'm going to find out.

23 |             THE COURT:  Okay.

24 |             MR. CLARK:  Thank you, Your Honor.

25 |             MR. HERRINGTON:  Okay.

1          So, Your Honor, on the ATC and SWB lawsuits,

2    we've given the confidentiality order in the ATC case.  We

3    asked for a consent of ATC's counsel.  They gave it, and we

4    provided that to them.

5          And we have no problem with giving them the

6    materials from that lawsuit.  Some of the materials are in a

7    warehouse down in Georgia and we're trying to get them up

8    here and get them produced.

9          The SWB suit, that's the other suit, that does --

10          THE COURT:  Right.

11          MR. HERRINGTON:  -- create this odd situation

12    that I haven't come across myself before where the

13    confidentiality order itself was placed under seal by

14    federal court in Tennessee.  We weren't counsel in that

15    case.  We are trying to get an understanding of why it was

16    placed under seal.  We also have tried to reach out to the

17    person at SWB who Nortel dealt with.  That's a little human

18    interest story.

19          The gentleman is no longer at his -- is the

20    president of the company.  It's apparently a small outfit.

21    He's no longer at his residence that Nortel had an address

22    for.  We're trying to find where he went.  We haven't been

23    able to find him.  And, Your Honor, as we say in our letter,

24    we ask the Court's guidance on this.  It's an odd situation.

25    We're -- there's a court order sealing this document.  We

1  don't have any interest in not giving it.  We're happy to

2  provide it, but we don't want to do something that would

3  violate a court order.  If Your Honor instructs us that we

4  should go ahead and hand it over to -- to CTDI, we will do

5  that.

6           THE COURT:  I think in the interest of justice in

7  this case that that is appropriate and I'll be pleased to

8  enter an order to give you the --

9           MR. HERRINGTON:  Okay.  Thank you, Your Honor.

10  That --

11           THE COURT:  -- the comfort that you -- you -- the

12  protection --

13           MR. HERRINGTON:  -- that solves our problem

14  because, again, we've got a sealing order and we just don't

15  want to run afoul of another court.

16           THE COURT:  Right.  I understand.

17           MR. HERRINGTON:  The last subject -- did Your

18  Honor have a question?

19           THE COURT:  No.  No.  Go ahead.  Go ahead.

20           MR. HERRINGTON:  Was it about --

21           THE COURT:  No.  No.  I'm -- I was a little --

22  thinking of something else for a moment that I'll raise

23  shortly.  But go on.

24           MR. HERRINGTON:  Okay.

25           So the last topic -- and, again, this goes back

1  to our first topic and that is --

2           THE COURT:  The specificity of the answers.

3           MR. HERRINGTON:  Yes, Your Honor.  And if I may,

4  I'll pass up our interrogatory responses.  Mr. Clark said

5  that, you know, he's -- he's doing just as we did.

6           May I, Your Honor?

7           THE COURT:  Please.

8           Thank you, Mr. Herrington.

9           MR. HERRINGTON:  Your Honor, I'll -- as an

10  example I'll ask you to turn to Page 12.  That's

11  Interrogatory Number 2.  The interrogatory asks -- it has

12  some parts going up through L so it asks a lot of questions

13  about the MCRSA and as you'll see in the following -- what

14  is it, four pages, three pages, we give our responses to

15  that question in detail.

16           But not only do we give the response with respect

17  to each issue we discuss, we've got a list of names, right,

18  so if CDTI wants to test what we're saying, they know

19  exactly who to depose.  That's what we do not have.  And

20  it's not some difficult request we're making.  CTDI must

21  know this information.  They -- again, to go back to our

22  Interrogatory Number 2, they make claims about conversations

23  that happened between Nortel and CTDI saying, fine.  You can

24  do remanufacturing and you don't -- with our technology and

25  you don't have to pay us anything for it.  That's a pretty

1  big conversation.  All we're asking for is when did it

2  happen and who was involved so we can test that.

3          And Mr. Clark's trying to excuse himself by

4  saying, well, we didn't do that -- provide that kind of

5  information.  That's just not correct.

6          THE COURT:  All right. Thank you, Mr. Herrington.

7          MR. KELLER:  Your Honor -- oh, I'm sorry.

8          THE COURT:  Mr. Keller.

9          MR. KELLER:  May I?

10          THE COURT:  Yes, sir.

11          MR. KELLER:  Paul Keller, again, for NNL, Your

12  Honor.  Good to see you again.

13          THE COURT:  Good to see you, sir.

14          MR. KELLER:  Although I must admit that NNL is a

15  little confused about why it's here today given that the

16  issues that were raised in Mr. Clark's letter to Your Honor

17  didn't separate NNI and NNL out, and so NNL comes to this --

18  this hearing thinking that it has resolved all of CTDI's

19  discovery issues.

20          And so, Your Honor, I thought I would take a

21  moment, then, to ask you a little bit about -- questions

22  about process as well as Mr. Clark's offer about the

23  document exchange and how that might resolve some of the

24  outstanding discovery issues.  There may be some in the

25  future.

1          First on process, Mr. Clark suggests that the way

2    this is all supposed to work is the parties are supposed to

3    raise their hand and say there's a dispute, not necessarily

4    disclose to each other what there -- what they are.  But

5    then come to Your Honor, layout what the issues are, and

6    then let you decide whether further briefing is required.

7          NNL is not -- is not in agreement that that's

8    what the process should be and far from it.  In fact, as I

9    think the letters lay out as well as even NNI's letter which

10   details the particular discovery requests, the particular

11   problem and what's particularly asked for, that is the

12   process that should be followed here, where the parties are

13   working behind the scenes to try to identify whether there's

14   an agreement or not and whether there's an impasse, try to

15   resolve it and then come to Your Honor either in a

16   teleconference or by letter to allow you either to rule on

17   it right then or to request further briefing on any

18   particular issue.

19         NNL is concerned, given what has happened in this

20   particular case where NNL and me, personally, joined a meet

21   and confer that lasted a series of hours and walked off the

22   phone thinking that agreement had been reached, at least to

23   NNL, and only to find out eleven days later that in some

24   general way some issue remains that CTDI's counsel doesn't

25   want to disclose until really here, and even today I don't

1  even know what the issue was with NNL.

2          And so I don't know -- I'm not sure exactly what

3  needs to happen here, but I've got two suggestions:

4          One, Your Honor's clear instruction that the

5  process that I just detailed is the one to be followed;

6          And, number two, whether the parties need to be

7  instructed that -- that lead counsel take part in the meet

8  and confers before Your Honor is approached to make sure

9  that all good faith attempts have been made to resolve the

10  issue.

11          I, of course, offer another option, although I'm

12  not sure Your Honor is willing to accept it is if you want

13  to partake in the meet and confer process.  And NNL, and I

14  believe NNI, would even invite Your Honor to that -- to that

15  process and we more than welcome -- welcome you to the

16  table.

17          The other --

18          THE COURT:  Well, that comes close to my thought,

19  by the way.  But --

20          MR. KELLER:  We -- that would be fine by NNI and

21  NNL, Your Honor.

22          THE COURT:  My thought -- yeah.  I hear you're

23  meeting and conferring, but I don't think you're coming away

24  with a meeting of the minds is part of the problem, or at

25  least there is confusion and I am just wondering about the

1  appointment of a discovery mediator.

2          MR. KELLER:  I -- and --

3          THE COURT:  A knowledgeable experienced attorney

4  who does complex litigation who would be able to sit with

5  you, rather than -- I know we're going to to get into

6  disputes about five hours of depositions versus seven hours.

7  It's going to be a very difficult and contentious sort of

8  process.  And I was thinking that might cut down on the

9  disagreements and help you get to agreement.

10         MR. CLARK:  That would be --

11         MR. KELLER:  And Your -- and --

12         MR. CLARK:  -- fine, Your Honor.  I agree.

13         THE COURT:  Pardon?  You agree.

14         MR. CLARK:  I agree.

15         MR. KELLER:  And --

16         THE COURT:  Okay.

17         MR. KELLER:  -- Your Honor, we -- we entertained

18  that question before we came here, NNI and NNL, and we

19  thought long and hard about it and looked back at our past

20  experiences on using special masters, magistrates, what have

21  you to try to resolve those issues.  In our experience it

22  has been where -- when there's a discovery matter or some

23  third party, that the efforts that then happen to resolve

24  the dispute in the first place are not as maybe robust as

25  they should be.

1          THE COURT:  Absolutely.  I'm talking about a

2  hands on, informal, let's sit around a table and let's talk

3  about all of the things that you have been mentioning here

4  today.

5          MR. KELLER:  If Your Honor doesn't have a concern

6  with that particular -- with the person you have in mind and

7  that's not an issue for the Court --

8          THE COURT:  I also invite --

9          MR. KELLER:  -- then it probably is not an issue.

10          THE COURT:  -- you, if you prefer to -- to

11  suggest a name to me or names to me, but I have, I think,

12  someone who I think would be excellent in mind.  I just

13  would like to make sure that the attorney doesn't have any

14  involvement in the case.  But --

15          MR. CLARK:  Whoever Your Honor is prepared to

16  recommend, subject to conflicts, is certainly acceptable to

17  us.

18          THE COURT:  Okay.

19          MR. KELLER:  Same here, Your Honor.

20          THE COURT:  All right.

21          MR. HERRINGTON:  Same for us, Your Honor.

22          MR. KELLER:  And the last issue is -- is the one

23  that Mr. Herrington just left off on is this idea of

24  exchanging documents which, of course, we will work to do.

25  That's not an issue.

1          But the idea that the exchange of documents would

2     somehow resolve what's required in certain interrogatory

3     responses is -- is very unlikely and is not in fulfillment

4     of exactly what the discovery requests call for.

5          And most importantly is that Mr. Clark has now

6     acknowledged that he might have millions of pages to

7     produce.  Given the varying burdens that are playing out

8     right now, we need to -- we need to know what documents,

9     which witnesses and what their positions are on the

10    particular merits of the case.  For us to agree to, well,

11    whatever those documents we might feel are the ones relevant

12    to this case out of the millions that you produced is -- is

13    frankly unreasonable.

14          So I think that kind of mutual exchange won't

15    resolve the issues and I think it starts, frankly, with the

16    interrogatories that NNI has identified to Your Honor in its

17    letter of the 27th.

18          THE COURT:  All right.  Thank you, Mr. Keller.

19          MR. CLARK:  Your Honor, with respect to the last

20    point Mr. Keller made, it would be easier on one side if the

21    other side were to do all of the background work and the due

22    diligence that the lawyers have to do in these cases and

23    then just hand it over to them.

24          But the interrogatory process is actually really

25    intended to get to the contention-type issues and not tell

1  me every witness and tell me every document.  You only get

2  twenty-five interrogatories so you can't --

3          THE COURT:  Right.

4          MR. CLARK:  -- get very far through that process.

5  And so what, at least in my experience, happens is what I

6  said.  You produce documents.  The lawyers look at the

7  documents.  They figure out who the witnesses are they want

8  to depose and what they want to ask them, and you go and you

9  ask the questions.  And I don't know why this case should be

10  any different than any other.

11          With respect to the specificity of the -- of the

12  interrogatory responses, Mr. Herrington pointed you to the

13  first interrogatory -- our first interrogatory and their

14  response to it:  Identify people who have knowledge of facts

15  relevant to the case, et cetera.

16          MR. HERRINGTON:  I pointed to Number 2, Mr.

17  Clark.

18          MR. CLARK:  Okay.  Well, I'm going to point to

19  Number one.

20          (Laughter.)

21          MR. CLARK:  If you take a look, they have a list

22  of names in there, Your Honor.  That's Page 5, 6, 7, 8 --

23          THE COURT:  Yes.

24          MR. CLARK:  -- 9, 10.  Boy, this is great.  Many

25  of these names --

1          THE COURT:  Are terms.

2          MR. CLARK:  -- were just copied out of their --

3   their initial disclosures and put in here, but, actually,

4   many more of them were included in their initial disclosures

5   and the question I have is, why wasn't I told about this

6   back in mid-November when you were obligated to tell me

7   about everybody who's got relevant knowledge, number one.

8          And number two, if Your Honor wants to see it,

9   unfortunately, I don't have it here in the courtroom, but I

10  can certainly provide to Your Honor a copy of our initial

11  disclosures and I think you will see that the level of

12  detail that is provided in this Interrogatory Number One as

13  to the witnesses that are identified is pretty much the same

14  level of detail that you're going to find in our initial

15  disclosures.  It says -- like here on Page 7.  They identify

16  a Mr. Booth up in Ottawa.  They say, "He is believed to have

17  knowledge of facts relating to the claims asserted in the

18  complaint."  That's very illuminating to me.  I can

19  guarantee you that what's in our initial disclosures

20  provides at least as much helpful information as that

21  interrogatory answer does.

22          So as I said before and as I said in my letter,

23  it's not that I'm complaining about it.  It's just that I

24  don't want to be to held to task to a different standard

25  than the other side.  We answered the interrogatory

1 responses pretty much the same way as they did and we didn't

2 jump the gun to come to Your Honor and say, you know, this

3 is a real problem and you ought to bang us over the head.

4 We figured it would all get worked out as the documents got

5 produced.  Unfortunately, that hasn't happened.

6         And so at this point I think the idea of bringing

7 in a mediator who is available at the beck and call of the

8 parties, subject to one side or the other, I don't know how

9 Your Honor feels about this, but in my experience it's

10 always helpful to say you can have a mediator in there.

11 He's going to make the calls, the balls and strikes, and if

12 you bring the issue to him, whoever loses on that issue,

13 you're going to pay for him.  And that way I think it gives

14 everybody an economic incentive to try and avoid having to

15 go to the mediator.  Unfortunately, when we come to Your

16 Honor, unless you want to award attorney's fees, you don't

17 get paid --

18         THE COURT:  Right.

19         MR. CLARK:  -- by one side or the other, so.

20         THE COURT:  Well, I'm thinking really a real

21 mediator here because I have a feeling that sitting down

22 with you, just listening to what's happened today, there's a

23 lot more agreement here than disagreement.

24         MR. CLARK:   I think that's probably right.

25         By the way, Your Honor, on the issue of

1  mediation, I did have a note and I wanted to mention to Your

2  Honor.  I think on Friday the party -- or Nortel finally

3  filed the Rule 27-F report that we've been negotiating

4  endlessly.

5           But it's been filed and the one thing I wanted to

6  point out is if you take a look at that report, the last

7  section, the last paragraph deals with settlement.  And it

8  simply says that the parties have had some discussion about

9  settlement, very little since the litigation, but they've

10 had some.  But that the parties have now agreed to go to

11 mediation after we receive your decision on the pending

12 motion to dismiss.

13           THE COURT:  All right.

14           MR. CLARK:  Now I don't know if -- if a

15 substantive mediation like that and a discovery mediation

16 like we're talking about here today would warrant having a

17 different type of mediator, I don't know, but it's something

18 that Your Honor ought to consider as you're thinking about

19 who should be a mediator and how we ought to handle those

20 things.

21           THE COURT:  Thank you.  Thank you, Mr. Clark.

22           MR. CLARK:  Thank you, Your Honor.

23           THE COURT:  I had not seen that report and that's

24 helpful.

25           MR. HERRINGTON:  Your Honor, I can't resist.  The

1   editorial comment when he said, Nortel finally filed the

2   Rule 26-F, we gave that to CTDI about two or three weeks

3   ago.  We sent no fewer than five emails saying, can we file

4   it, can we file it, can we file it.  We finally got

5   permission.

6              THE COURT:  I have --

7              MR. CLARK:  Equally --

8              MR. HERRINGTON:  I'm sorry, Your Honor, to --

9              MR. CLARK:  I didn't mean to lay that all on Mr.

10  Herrington.

11             MR. HERRINGTON:  Well --

12             MR. CLARK:  The parties have endlessly negotiated

13  the report.  But it's done.

14             THE COURT:  I have --

15             MR. KELLER:  It certainly wasn't NNL's fault,

16  Your Honor.

17             (Laughter.)

18             THE COURT:  I have very selective hearing.  You

19  know that.

20             MR. HERRINGTON:  Your Honor, I think we all like

21  your idea of a mediator because this is going to be a tough

22  case, all true.

23             THE COURT:  It is.

24             MR. HERRINGTON:  It is.  But I think we can

25  resolve one thing here today and that is can they -- they --

1    we would ask Your Honor to instruct CTDI to give the same

2    kind of responses to our interrogatories that we gave to

3    them, and that is on each subject where you identify

4    something like Nortel and CTDI discussed this and said this

5    was okay, tell us the people who have knowledge.  We need to

6    know so we can plan our depositions and we need to know so

7    when we're looking at their millions of documents whose

8    names should we be looking out for.  It's as simple request.

9    It was asked for in an interrogatory.  It's straightforward

10   and we would ask that that be ordered today.

11          THE COURT:  Mr. Clark.

12          MR. CLARK:  Your Honor, give it to the mediator.

13   That's what I think you ought to do.  Let the mediator

14   decide what we ought to give up.  We can all brief up before

15   the mediator or before Your Honor each of these individual

16   issues.  It's a big waste of time and money.  I think that

17   if Your Honor just sends us back to review our own

18   documents, those issues will resolve themselves.  But if

19   they don't, then let's brief it up in front of a mediator

20   and let him call the balls and strikes.

21          But as I suggested before, I think there should

22   be a -- it shouldn't be a risk-free enterprise for whoever

23   is going to raise these issues.  Whoever loses on an issue

24   that gets raised before the mediator ought to have to pay

25   for that, Your Honor.

1          MR. HERRINGTON:  Your Honor, this is so simply

2     and so straightforward.  We've lost --

3          THE COURT:  You're just -- you want -- what

4     you're looking for is, essentially, a supplement to their

5     answers to interrogatories in which they specify names to go

6     along with the areas --

7          MR. HERRINGTON:  The subjects --

8          THE COURT:  -- of knowledge, the subject areas --

9          MR. HERRINGTON:  Exactly, Your Honor.

10          THE COURT:  -- of knowledge and I think -- Mr.

11     Clark, I think that's appropriate and probably will not

12     really be too much of an effort on your part.

13          MR. CLARK:  We've done it, Your Honor, but we can

14     type it up again in a different piece of paper.  And we

15     would also like the same instruction to the other side; that

16     they have to go through and they have to identify, in

17     response to each interrogatory that asked for, identify the

18     people and identify the documents, that they go through and

19     identify the people and identify the documents at a level of

20     detail that they're looking for from us.

21          MR. HERRINGTON:  And we've already done it.  And

22     if Mr. Clark thinks we haven't, then he'll let us know and

23     we'll deal with that immediately.  But --

24          MR. CLARK:  Actually, I think our letter already

25     let them know that.  We think they haven't done that and we

1   think they -- if we have to do it, they should have to do it

2   as well.

3            MR. HERRINGTON:  Thank you, Your Honor.

4            THE COURT:  Thank you.

5            Yes, Mr. Keller.

6            MR. KELLER:  Just one minor point, Your Honor,

7   and it's -- I go back to the process point.  And, certainly,

8   going forward with a magistrate -- some kind of special

9   master will resolve some of these things.  But the burden of

10  -- that CTDI is now raising for the first time here saying I

11  want a supplementation from the NNI side and NNL side of the

12  table was first raised here today.  We can -- we can

13  certainly address that and we can talk about it in a meet

14  and confer or between the parties and if supplementation is

15  required we can do it, and if not and there's an impasse we

16  can go forward.

17           But, certainly, NNI's issue today is before Your

18  Honor.

19           THE COURT:  I agree and that's part of the

20  problem.  I think that NNL's issue is before me -- or NNI's

21  issue, I'm sorry, and I do think that having reviewed the

22  interrogatory answers I have to agree that the specificity

23  is necessary.

24           And then if -- if CTDI doesn't think that it has

25  received sufficient specificity, it can raise that with the

1  mediator, I think, at that point and we can -- we can work

2  that out because I'll be appointing someone promptly.

3          But keep in mind, my whole -- my whole idea with

4  the mediator is not that you're going to do briefing and

5  submit lengthy letters, but you're going to sit around a

6  table and you're going to say, look.  We want to take these

7  depositions and we want to do it then and he'll help you to

8  work out a schedule and if he can't, that will be, in

9  effect, your meet and confer.  But it will be --

10          MR. CLARK:  Very good.

11          THE COURT:  -- with a third party.

12          MR. CLARK:  That sounds fine.

13          THE COURT:  A neutral party.  Then you come to me

14  and say, we just couldn't work it out, even with the

15  mediator, and let's talk about it from here.

16          MR. KELLER:  Just to make sure NNL understands.

17  In terms of the interrogatory -- future interrogatory

18  responses, document production, is Your Honor thinking about

19  sending that to this person?  Yes.  Okay.

20          THE COURT:  Yes.

21          MR. KELLER:  Okay.

22          THE COURT:  I would like the mediator involved

23  right now --

24          MR. KELLER:  Yeah.

25          THE COURT:  -- to get you started, to make sure

1  that there aren't concerns about whether documents are being

2  protected and that sort of thing, and just talk it through.

3          MR. KELLER:  Thank you, Your Honor.

4          THE COURT:  And I think that that will do it and

5  hope -- he'll be able to type up a memo agreement and you'll

6  sign the agreement and I think everyone will then have a

7  narrowing of controversy.

8          MR. CLARK:  That's fine, Your Honor.  That sounds

9  like a good source.

10          THE COURT:  Okay.  All right.

11          MR. KELLER:  Thank you.

12          THE COURT:  That's what we'll do.

13          But for purposes of today, I am instructing CTDI

14  to amend or supplement -- let's call it supplement the

15  interrogatory answers to be specific as to people with

16  knowledge in particular subject areas.

17          MR. CLARK:  We will do so, Your Honor.

18          THE COURT:  All right.  Thank you, Mr. Clark.

19          MR. CLARK:  Thank you.

20          MR. HERRINGTON:  And is a week from today

21  agreeable to counsel for CTDI?

22          MR. CLARK:  I'll do my best to do it even faster,

23  but it might take more time.  I don't know.  We've got an --

24          THE COURT:  All right.

25          MR. CLARK:  -- awful lot on our plate here, Your

1    Honor.  But --

2                    THE COURT:  I understand.

3                    MR. CLARK:  -- I'll do it promptly.

4                    THE COURT:  All right.  Best efforts.

5                    MR. CLARK:  Yes, Your Honor.

6                    THE COURT:  Shoot for a week.  If you're having a

7    problem with it, then hopefully by that time you'll have a

8    mediator and you can take it up with the mediator.   And,

9    you know, I -- it's a best efforts sort of situation and I

10    think that -- look, the attorneys I have in front of me are

11    tough, but awfully professional -- or I shouldn't say

12    awfully professional -- very professional.

13                    MR. HERRINGTON:  Professionally awful.  Is that

14    what you mean?

15                    (Laughter)

16                    THE COURT:  Just professional and capable and

17    good people and I -- I suspect that a lot of this can be

18    resolved.

19                    MR. HERRINGTON:  Thank you, Your Honor.

20                    MR. CLARK:  Thank you, Your Honor.

21                    THE COURT:  All right.  Anything further here?

22                    MR. HERRINGTON:  I think that's it.  Nothing from

23    NNL --

24                    THE COURT:  All right.

25                    MR. HERRINGTON:  -- Your Honor.

1          THE COURT:  I'm going to get on the phone.  I'm

2   going to surprise this person with the opportunity -- with

3   the opportunity and you'll be hearing from me promptly,

4   then.

5          MR. HERRINGTON:  Thank you, Your Honor.

6          MR. CLARK:  Thank you, Your Honor.

7          THE COURT:  Thank you, everyone.  Wish you a good

8   day.

9       (Whereupon at 2:29 p.m., the hearing was adjourned)

10

11                      CERTIFICATION

12          I certify that the foregoing is a correct

13   transcript from the electronic sound recording of the

14   proceedings in the above-entitled matter.

15

16

17   Sherri Breach                    February 2, 2011

18   AAERT Cert. No. 397

19   Certified Court Transcriptionist

20

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**abbott**(17) 2:5 5:5 5:6 5:7 5:11 5:17 5:22 6:4 6:8 6:10 15:17 15:21 15:23 19:6 26:5 26:8 26:11

**ability**(1) 57:16
**able**(6) 12:10 19:23 55:16 59:23 65:4 77:5
**about**(81) 11:19 17:18 27:23 29:22 29:23 31:2 32:2 32:6 32:8 32:13 32:17 32:18 32:21 33:12 33:15 33:24 33:25 34:3 34:5 34:6 34:20 36:19 38:5 38:7 38:14 38:16 39:10 40:25 41:6 41:7 41:15 42:13 42:20 42:23 43:2 43:4 43:4 43:19 43:22 44:3 47:16 48:19 50:17 50:18 50:23 51:2 52:3 53:20 54:17 55:8 56:12 56:20 57:12 57:17 57:22 58:3 60:20 61:13 61:22 62:15 62:21 62:22 62:22 64:25 65:6 65:19 66:1 66:3 69:5 69:7 69:23 70:9 71:8 71:16 71:18 72:2 75:13 76:15 76:18 77:1

**above-entitled**(1) 79:14
**absent**(1) 42:23
**absolutely**(5) 21:10 23:1 25:22 43:15 66:11
**accept**(2) 34:17 64:12
**acceptable**(1) 66:16
**accepting**(1) 48:2
**access**(4) 29:7 29:12 39:15 54:10
**accessible**(1) 35:23
**accommodation**(1) 18:19
**accordingly**(1) 7:21
**account**(1) 30:23
**accounting**(1) 33:2
**accuracy**(1) 23:21
**acknowledged**(2) 23:21 67:6
**acquiring**(1) 30:15
**across**(1) 59:12
**activities**(4) 29:3 30:10 30:25 36:16
**activity**(2) 29:22 32:4
**actually**(5) 37:8 49:20 67:24 69:3 74:24
**additional**(1) 7:8
**address**(7) 6:16 6:21 35:6 35:16 50:3 59:21 75:13

**addressed**(1) 50:15
**adelaide**(1) 2:30
**adequate**(1) 27:10
**adjourn**(2) 7:3 11:5
**adjourned**(1) 79:9
**adm**(1) 1:8
**administration**(1) 2:35
**administrators**(2) 18:12 22:18
**admissibility**(1) 34:23
**admissions**(1) 48:11
**admit**(4) 20:10 20:11 43:16 62:14
**adopting**(2) 21:22 21:25
**adv**(1) 1:9
**adversary**(4) 5:11 5:15 6:1 26:8
**aert**(1) 79:18
**affiliates**(1) 2:45
**afford**(1) 25:7
**afoul**(1) 60:15
**after**(11) 14:17 15:3 18:4 19:21 19:22 19:23 37:5 38:2 47:4 48:6 71:11

**afternoon**(17) 5:3 5:5 5:6 6:13 6:14 8:14 8:15 18:10 18:11 18:17 18:19 24:9 26:13 26:15 37:14 37:24 37:25

**again**(25) 8:16 8:17 19:17 23:8 24:8 24:9 26:17 30:3 31:15 32:3 32:24 33:16 34:5 37:4 41:2 52:18 54:25 56:10 57:15 60:14 60:25 61:21 62:11 62:12 74:14

**against**(4) 9:20 9:24 27:12 45:9
**agenda**(7) 5:9 5:18 6:16 8:11 16:12 25:23 26:20

**ago**(5) 16:7 32:20 45:16 49:15 72:3

**agree**(8) 45:3 57:6 65:12 65:13 65:14 67:10 75:19 75:22

**agreeable**(1) 77:21
**agreed**(16) 7:2 7:17 8:24 10:12 12:11 42:15 44:15 46:15 52:24 53:1 53:8 54:4 54:19 55:11 57:11 63:7 63:14 63:22 65:9 70:23 77:5 77:6

**agreement**(22) 21:21 23:1 30:3 30:7 30:22 42:15 44:15 46:15 52:24 53:1 53:8 54:4 54:19 55:11 57:11 63:7 63:14 63:22 65:9 70:23 77:5 77:6

**agreements**(7) 29:15 29:15 32:3 53:12 54:23 55:2 57:3

**ahead**(4) 14:25 60:4 60:19 60:19
**aid**(1) 57:18
**akin**(3) 3:4 3:21 17:3
**alissa**(1) 2:6
**all**(76) 5:15 6:1 6:9 6:24 7:14 8:1 11:25 13:19 14:8 14:14 15:10 15:20 16:23 17:20 18:9 22:8 22:21 23:11 23:11 24:17 25:9 28:9 28:14 28:25 29:14 31:2 31:14 31:18 33:10 33:18 33:20 35:9 35:22 36:14 36:18 37:21 39:10 40:6 45:7 45:14 45:16 46:7 46:12 46:14 47:21 48:4 50:2 50:4 52:4 52:18 53:1 53:21 53:22 54:16 56:6 62:1 62:6 62:18 63:2 64:9 66:3 66:20 67:18 67:21 70:4 71:13 72:9 72:20 72:22 73:14 77:10 77:18 77:24 78:4 78:21 78:24

**allegations**(1) 29:6
**alleged**(3) 9:23 10:20 29:3
**allen**(3) 2:11 4:4 23:15
**alleviate**(1) 40:22
**allow**(4) 5:24 19:24 31:16 63:16
**allowed**(6) 29:18 32:2 33:3 33:4 33:15 along(3) 20:13 56:17 74:6
**already**(6) 12:24 15:4 24:12 39:15 74:21 74:24

**also**(19) 5:22 9:22 10:9 12:6 20:3 20:11 21:4 21:22 25:19 31:9 31:25 35:12 38:20 38:22 53:16 56:19 59:16 66:8 74:15

**although**(2) 62:14 64:11
**always**(1) 70:10
**amend**(1) 77:14
**amended**(1) 14:17
**americas**(1) 2:17
**amount**(1) 35:4
**amounts**(1) 9:25
**analyzing**(1) 46:19
**ancillary**(1) 21:25

**andrew**(2) 2:16 3:29
**anonymous**(2) 41:8 41:20
**another**(7) 19:5 23:7 30:16 48:2 48:11 60:15 64:11

**answer**(7) 32:14 32:14 33:16 44:6 51:1 51:2 69:21

**and**(301) 2:11 5:4 5:9 5:23 5:23 5:25 6:5 6:5 6:19 7:6 7:15 7:16 7:18 8:2 8:4 8:9 8:21 8:25 8:25 9:2 9:9 9:9 9:11 9:12 9:15 9:22 9:22 9:24 10:2 10:8 10:9 10:17 10:19 10:19 10:21 11:3 11:6 11:6 11:7 11:11 11:11 11:12 11:19 11:19 11:20 11:25 12:10 12:10 12:10 12:14 12:17 12:19 12:21 12:22 12:25 13:6 13:9 13:10 13:24 14:2 14:2 14:5 14:11 14:12 14:17 14:18 14:20 14:22 14:24 14:25 15:2 15:6 15:7 15:12 16:11 16:12 16:14 16:17 16:18 16:18 16:20 17:8 17:14 17:15 17:16 17:22 18:3 18:23 18:25 19:2 19:4 19:11 19:12 19:12 19:13 19:14 19:18 19:19 19:23 20:3 20:7 20:8 20:9 20:14 21:5 21:12 21:22 21:24 22:19 23:2 23:6 23:16 23:20 23:22 23:24 23:24 23:25 24:13 24:15 25:5 25:6 25:11 25:13 25:14 25:15 25:17 25:19 26:6 27:2 27:4 27:14 27:19 27:20 27:21 27:23 27:25 28:3 28:7 28:22 29:1 29:3 29:5 29:11 29:13 29:22 29:24 29:25 30:1 30:2 30:5 30:7 30:13 30:13 30:14 30:16 30:19 30:20 30:20 30:21 30:21 30:24 31:5 31:5 31:22 31:25 31:25 32:1 32:4 32:7 32:7 32:9 33:9 33:12 33:14 33:18 33:19 33:22 34:1 34:11 34:13 34:14 34:17 34:19 34:22 34:22 35:2 35:7 35:9 35:13 35:15 35:16 35:18 35:21 36:6 36:13 36:15 36:24 36:24 37:6 37:15 37:18 38:4 38:5 38:7 38:11 38:14 38:19 38:19 38:22 38:23 39:2 39:3 39:6 39:9 39:14 39:15 39:20 39:21 39:25 40:8 40:9 41:3 41:11 41:15 41:15 41:21 42:8 42:11 42:11 42:14 42:17 42:17 42:22 42:24 43:2 43:5 43:7 43:11 43:19 43:20 43:21 43:21 43:21 44:2 44:3 44:5 44:5 44:6 44:7 44:8 44:10 44:12 44:13 44:20 44:24 45:1 45:7 45:7 45:9 45:10 45:11 45:18 45:21 45:24 46:5 46:16 46:18 46:22 46:23 46:23 46:24 47:1 47:3 47:6 47:6 47:9 47:13 48:8 48:18 48:14 48:17 49:3 49:3 49:8 49:16 50:1 50:7 50:10 50:23 50:25 51:2 51:8 51:9 52:5 52:6

**and**(194) 52:9 52:12 52:20 52:23 52:23 53:1 53:4 53:4 53:5 53:6 53:12 53:15 53:16 53:19 53:20 53:22 54:5 54:17 54:23 54:24 54:25 55:2 55:5 55:8 55:11 55:12 55:13 55:15 56:3 56:7 56:12 56:15 56:17 56:24 57:4 57:5 57:8 57:12 57:14 57:24 58:5 58:6 58:13 58:15 58:16 58:17 58:21 59:1 59:3 59:5 59:7 59:8 59:23 60:4 60:7 60:14 60:25 61:1 61:3 61:13 61:19 61:23 61:24 61:24 62:2 62:17 62:17 62:20 62:23 63:3 63:5 63:8 63:11 63:14 63:15 63:20 63:21 63:23 63:23 63:25 64:2 64:6 64:8 64:13 64:13 64:13 64:15 64:20 64:23 64:25 65:2 65:7 65:8 65:9 65:11 65:11 65:15 65:18 65:18 65:19 65:19 66:2 66:6 66:22 67:3 67:5 67:9 67:15 67:21 67:22 67:25 68:1 68:5 68:8 68:8 68:9 68:13 69:3 69:5 69:8 69:11 69:22 70:1 70:2 70:3 70:6 70:7 70:11 70:11 70:13 70:14 71:1 71:5 71:7 71:19 71:23 72:25 73:3 73:4 73:4 73:6 73:10 73:16 73:20 73:20 74:2 74:11 74:14 74:16 74:18 74:18 74:19 74:21 74:21 74:22 74:25 75:7 75:7 75:11 75:13 75:14 75:14 75:15 75:15 75:19 75:21 75:24 76:1 76:4 76:6 76:7 76:8 76:9 76:14 76:15 77:2 77:2 77:4 77:4 77:5 77:6 77:20 77:8 78:8 78:9 78:16 78:16 78:17 79:3

**answered**(1) 69:25
**answers**(7) 44:7 46:19 56:13 61:2 74:5 75:22 77:15

**anthony**(2) 2:46 3:36
**any**(49) 6:19 11:21 11:25 12:25 16:21 17:8 17:15 22:6 29:2 29:3 29:4 30:17 32:1 32:9 32:13 34:2 34:5 34:19 36:15 38:4 38:21 39:20 41:13 41:22 42:6 42:12 42:20 42:22 44:23 46:9 50:3 52:9 53:7 53:11 53:12 53:17 55:10 55:10 55:11 56:21 56:22 57:16 57:23 58:15 60:1 63:17 66:13 68:10 68:10

**anybody**(5) 39:5 40:15 53:11 54:6 54:13
**anybody's**(1) 49:1
**anyhow**(1) 48:25
**anyone**(7) 7:23 7:23 17:1 17:16 21:6 22:8 26:3

**anything**(10) 18:4 31:6 32:5 42:5 42:21 43:4 43:5 57:15 61:25 78:21
**apa**(1) 30:7
**apart**(1) 13:17
**apparently**(8) 33:2 33:6 36:6 50:20 51:1 52:22 53:24 59:20

**appear**(1) 21:12
**appearances**(2) 3:18 4:1
**appearing**(1) 8:25
**appears**(1) 21:15
**applied**(1) 45:19
**apply**(1) 45:8
**appointing**(1) 76:2
**appointment**(1) 65:1
**appreciated**(1) 56:18
**approach**(4) 6:22 21:1 21:5 21:8
**approached**(1) 64:8
**appropriate**(3) 36:14 60:7 74:11
**approval**(1) 19:18
**approving**(1) 19:25
**approximately**(5) 9:21 10:4 12:13 14:19 16:24

**are**(64) 7:9 8:18 9:10 10:12 10:15 12:22 13:14 14:1 14:4 14:5 14:23 17:9 20:19 21:20 22:18 23:1 23:22 23:22 28:8 29:6 31:2 31:8 31:9 31:18 32:3 33:3 33:4 33:17 33:18 35:11 35:21 36:15 36:25 37:3 38:4 38:4 39:2 39:24 43:20 43:25 44:1 44:7 46:25 50:7 51:3 51:4 54:16 57:9 59:6 59:15 62:1 63:4 63:5 63:12 65:24 67:7 67:9 67:11 68:7 69:1 69:13 77:1 78:10

**areas**(3) 74:6 74:8 77:16
**aren't**(5) 5:19 36:20 36:23 54:2 77:1
**arguing**(2) 38:5 46:24
**argument**(2) 9:16 29:18
**arguments**(1) 29:19
**arising**(1) 8:19
**around**(2) 66:2 76:5
**arps**(2) 2:44 3:34
**arriving**(1) 20:21
**arsht**(1) 2:4
**ask**(23) 6:5 20:3 20:10 20:11 20:14 22:5 27:4 27:20 32:7 33:17 34:7 37:15 43:21 51:7 52:25 54:8 55:21 59:24 61:10 62:21 68:8 68:9 73:1 73:10

**asked**(13) 31:12 33:3 33:24 40:20 41:10 41:11 48:11 50:23 54:20 59:3 63:11 73:9 74:17
**asking**(5) 13:4 33:13 35:9 57:9 62:1
**asks**(5) 28:25 32:9 39:19 61:11 61:12
**asserted**(1) 69:17
**assessment**(1) 46:10
**asset**(1) 30:3
**assets**(1) 30:16

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**assistance**(3) 19:13 27:1 37:19
**assume**(1) 36:9
**assure**(2) 51:25 52:8
**assured**(1) 40:10
**astin**(1) 4:16
**atc**(4) 54:17 55:13 59:1 59:2
**atc's**(1) 59:3
**attached**(3) 11:3 20:5 20:7
**attempt**(1) 34:22
**attempts**(1) 64:9
**attorney**(2) 65:3 66:13
**attorney's**(1) 70:16
**attorneys**(1) 78:10
**attributed**(1) 10:5
**audit**(2) 11:23 12:9
**authority**(1) 54:21
**available**(3) 12:4 35:22 70:7
**avenue**(2) 1:39 2:17
**avoid**(1) 70:14
**award**(1) 70:16
**aware**(3) 12:3 41:16 49:24
**away**(2) 53:1 64:23
**awful**(2) 77:25 78:13
**awfully**(2) 78:11 78:12
**awhile**(1) 25:13

**back**(19) 5:23 11:19 14:17 19:11 29:20 29:21 35:7 35:16 44:12 45:17 46:25 47:2 58:16 60:25 61:21 65:19 69:6 73:17 75:7

**background**(4) 9:2 13:17 13:24 67:21
**bad**(1) 42:22
**balls**(2) 70:11 73:20
**bang**(1) 70:3
**bankruptcy**(2) 1:1 1:22
**barefoot**(9) 1:31 22:11 22:12 22:13 22:14 22:16 23:12 23:13 24:12
**based**(2) 11:16 16:12
**basic**(2) 33:18 46:15
**basically**(3) 11:12 22:1 17:16
**basis**(5) 22:5 24:1 33:13 41:17 53:19
**bay**(1) 2:30
**because**(16) 13:8 30:1 30:15 38:25 41:4 41:18 42:14 51:1 51:5 54:14 54:18 57:22 60:14 70:21 72:21 76:2
**beck**(1) 70:7
**been**(27) 8:24 9:15 12:4 12:12 12:19 13:2 14:8 18:21 21:16 22:20 24:24 32:17 41:2 45:1 45:13 49:1 51:6 52:9 52:12 52:14 59:22 63:22 64:9 65:22 66:3 71:3 71:5
**before**(19) 1:21 18:2 19:8 41:6 44:11 47:16 47:17 52:10 55:17 59:12 64:8 65:18 69:22 73:14 73:15 73:21 73:24 75:17 75:20
**behalf**(3) 6:15 18:12 23:16
**behind**(2) 14:11 63:13
**being**(13) 16:22 20:16 21:21 23:9 24:14 35:24 36:23 37:1 40:18 49:18 56:6 57:16 77:1
**believe**(15) 8:24 20:6 20:15 20:19 21:15 26:25 31:8 40:8 40:12 42:12 46:12 52:11 52:11 53:4 64:14
**believed**(2) 32:22 69:16
**below**(1) 46:10
**bench**(1) 6:22
**beneficial**(1) 39:17
**benefits**(1) 52:25
**benesch**(1) 1:37
**besachi**(1) 6:5
**best**(5) 13:1 47:1 77:22 78:4 78:9
**between**(12) 8:20 9:9 19:4 19:12 27:25 36:6 39:9 47:11 47:11 52:22 61:23 75:14
**beyond**(2) 10:17 14:21

**bianca**(14) 1:30 6:12 6:14 6:15 6:19 6:24 7:1 7:6 7:15 7:21 8:4 8:10 8:12 8:13
**big**(2) 62:1 73:16
**bigger**(1) 34:13
**bill**(8) 33:1 33:14 34:6 40:25 41:9 41:10 41:11 41:17
**binder**(1) 20:18
**binders**(1) 20:18
**bit**(2) 5:15 62:21
**blackline**(2) 21:5 21:12
**blacklines**(1) 21:6
**bloom**(4) 20:4 20:7 20:12 23:2
**bloom's**(2) 22:25 23:21
**blow**(1) 18:23
**blue**(1) 18:23
**boatload**(1) 44:20
**bold**(2) 31:1 31:15
**bona**(1) 12:9
**bonfire**(2) 39:21 50:17
**booth**(1) 69:16
**both**(5) 5:9 11:12 12:19 32:1 42:17 46:20 53:7
**botter**(1) 3:23
**bounds**(1) 14:2
**box**(1) 2:50
**boxes**(1) 39:18
**boy**(1) 68:24
**brad**(3) 3:6 17:2 24:9
**brandywine**(1) 2:39
**breach**(1) 79:17
**brian**(1) 2:29
**brief**(6) 19:7 47:24 48:2 49:23 73:14 73:1
**briefing**(7) 13:15 38:5 46:23 47:7 63:6 63:17 76:4
**briefly**(5) 13:22 16:1 38:1 47:16 50:8
**bring**(1) 70:12
**bringing**(1) 70:6
**brought**(1) 20:18
**bryant**(1) 3:7
**buchanan**(1) 2:21
**buell**(14) 1:29 8:8 8:14 8:15 8:18 8:23 9:3 9:6 9:19 13:19 14:15 15:5 15:9 15:11
**building**(1) 2:39
**bunch**(1) 39:13
**burden**(2) 41:3 75:9
**burdening**(1) 37:18
**burdens**(1) 67:7
**business**(7) 11:1 12:18 12:16 30:1 30:2 30:17 35:19
**businesses**(4) 11:24 12:3 12:25 12:25
**bussigel**(1) 3:28
**but**(92) 10:4 10:17 11:5 11:13 11:22 12:7 12:18 13:17 14:23 15:7 18:22 23:4 23:8 23:18 28:10 31:9 32:25 33:21 34:7 34:18 34:23 35:12 36:2 36:10 36:21 37:1 38:22 40:11 40:23 41:9 42:8 42:9 42:13 43:17 43:23 44:14 44:18 45:6 46:4 46:15 47:9 48:1 48:7 49:7 49:10 49:21 50:9 52:13 52:14 54:8 54:14 55:1 55:9 56:9 56:14 56:21 58:20 58:22 60:2 60:23 61:7 63:4 64:3 64:19 64:23 66:11 66:14 67:1 67:24 69:3 69:9 70:9 71:5 71:9 71:10 71:17 72:13 72:24 73:11 74:13 74:23 75:9 75:17 76:3 76:5 76:9 77:13 77:23 78:1 78:11
**cala**(1) 16:15
**call**(14) 32:19 33:11 36:4 37:15 37:16 41:8 41:18 46:8 47:6 52:19 67:4 70:7 73:20 77:14
**calls**(1) 70:11
**came**(6) 35:17 40:6 45:7 45:8 58:16 65:18

**can**(58) 7:9 7:13 14:11 25:4 28:3 29:16 29:23 29:24 31:21 32:3 32:4 35:15 35:16 35:19 36:13 37:12 39:2 39:3 40:13 40:15 43:1 43:1 44:13 46:19 48:7 49:9 52:8 52:18 54:7 54:8 55:6 55:6 56:13 57:2 57:5 61:23 62:2 69:10 69:18 70:10 72:3 72:4 72:4 72:24 72:25 73:6 74:13 75:12 75:12 75:13 75:15 75:16 75:25 76:1 76:1 78:8 78:17
**can't**(10) 11:20 36:7 53:25 54:9 54:9 54:12 54:19 68:2 71:25 76:8
**canada**(2) 10:5 10:7
**canadian**(6) 10:16 11:19 13:9 13:12 19:14 19:18
**capable**(1) 78:16
**careful**(1) 55:24
**case**(17) 1:5 27:12 40:16 44:21 45:25 49:21 56:21 59:2 59:15 60:7 63:20 66:14 67:10 67:12 68:9 68:15 72:22
**cases**(3) 9:13 49:20 67:22
**categorically**(1) 43:19
**cause**(2) 7:10 7:12
**causing**(1) 14:4
**cdti**(1) 61:18
**cede**(2) 8:7 15:18
**center**(2) 25:16 36:4
**central**(1) 55:15
**centre**(1) 2:30
**cert**(1) 79:13
**certain**(5) 9:7 10:5 11:1 16:8 67:2
**certainly**(26) 12:2 13:12 14:4 14:5 15:7 16:3 21:9 24:22 25:13 26:4 33:12 34:1 34:24 38:18 47:9 48:7 52:20 52:25 53:6 53:25 66:16 69:10 72:15 75:7 75:13 75:17
**certainty**(1) 18:2
**certificate**(2) 16:12 48:20
**certification**(1) 79:11
**certified**(1) 79:19
**certify**(1) 79:12
**cetera**(1) 68:15
**chamber**(1) 54:18
**chambers**(1) 20:23
**chance**(2) 36:21 38:24
**change**(1) 21:11
**changed**(1) 21:16
**changes**(5) 8:2 21:20 21:20 22:19 24:13
**chapter**(11) 1:11 5:18 8:6 15:18 16:4 19:9 19:17 19:25 19:25 25:24 43:2 43:21
**check**(4) 11:20 34:8 34:11 34:15
**cho**(1) 2:15
**chris**(1) 3:12
**chronological**(1) 38:13
**ciardi**(3) 4:16 4:16
**civil**(1) 14:3
**claim**(17) 8:18 8:20 9:23 9:24 10:3 10:10 10:20 11:14 14:17 14:18 14:21 14:22 14:23 29:2 29:25 31:2 56:21
**claims**(25) 6:17 7:3 7:9 7:12 8:11 9:20 10:1 10:1 10:8 10:11 10:12 27:11 27:12 28:2 29:20 31:8 31:9 31:15 31:16 31:22 34:4 34:19 43:5 61:22 69:17
**clarification**(1) 16:6
**clarify**(2) 22:24 25:2

**clark**(91) 2:46 3:36 37:24 37:25 38:10 39:9 39:12 39:24 40:3 40:5 40:21 40:24 41:2 42:4 43:10 43:12 43:14 45:6 45:21 46:4 47:15 47:23 48:5 48:14 48:17 48:24 49:17 49:25 50:2 50:4 50:5 50:15 50:17 50:24 51:15 51:16 51:18 51:21 51:25 52:22 53:3 53:9 53:11 54:3 55:8 57:4 57:8 57:20 58:5 58:9 58:24 61:4 63:1 65:10 65:12 65:14 66:15 67:5 67:19 68:4 68:17 68:18 68:21 68:24 69:2 70:19 70:24 71:14 71:21 71:22 72:7 72:9 73:11 73:12 74:11 74:13 74:22 74:24 76:10 76:12 77:8 77:17 77:18 77:19 77:22 77:25 78:3 78:5 78:20 79:6
**clark's**(3) 62:3 62:16 62:22
**clean**(1) 21:5
**clear**(8) 17:25 23:4 29:15 32:3 39:12 39:16 56:19 64:4
**clearly**(8) 22:12 29:25 34:21 34:21 35:3 36:4 36:6 56:11
**cleary**(40) 1:26 3:26 33:2 33:14 34:6 40:25 41:9 41:10 41:11 41:15 41:18 42:10 42:13 42:14 42:17 42:19 42:23 43:2 51:1 52:16 52:23 53:4 53:24 54:5 54:7 54:15 55:20 56:7 56:10 56:12 56:14 56:20 57:17 57:22 57:23 57:23 58:3 58:7 58:12 58:14
**cleary's**(1) 53:15
**clemont**(2) 20:9 23:22
**clerk**(1) 5:2
**client**(2) 51:22 58:6
**client's**(1) 14:7
**close**(2) 19:2 64:18
**closed**(1) 12:8
**closely**(1) 54:14
**closer**(1) 13:16
**coleman**(24) 2:14 15:22 15:23 15:24 15:25 16:14 16:6 16:11 16:17 16:24 17:10 17:13 17:19 17:21 17:24 18:2 18:7 18:8 23:14 23:15 23:15 24:6 24:7
**colleague**(3) 8:8 18:16 28:16
**combined**(1) 45:11
**come**(12) 6:5 35:16 39:4 45:11 45:24 55:6 59:12 63:5 63:15 70:2 70:15 76:13
**comes**(3) 45:19 62:17 64:18
**comfort**(2) 7:8 60:11
**comi**(2) 23:24 23:25
**coming**(1) 64:23
**comment**(2) 43:14 72:1
**comments**(4) 6:21 22:6 38:14 40:25
**committee**(14) 3:4 3:20 4:11 16:18 16:20 17:5 17:6 17:14 17:18 19:14 19:19 24:9 24:14
**communications**(1) 29:1
**companies**(1) 36:6
**company**(10) 32:24 33:7 33:15 42:14 42:14 42:17 45:9 52:13 52:23 59:20
**compared**(1) 46:5
**compel**(1) 26:24
**complain**(1) 55:8
**complaining**(1) 69:23
**complaint**(5) 29:3 29:6 31:3 55:14 69:18
**complaints**(1) 42:20
**completely**(1) 31:8
**complex**(1) 65:4
**components**(1) 29:12
**compromise**(1) 34:22
**conaway**(1) 2:35
**concern**(5) 36:2 40:23 51:2 51:5 66:5
**concerned**(2) 11:15 63:19
**concerning**(3) 26:24 32:10 35:19
**concerns**(1) 77:1
**concludes**(2) 8:5 25:23
**conclusion**(1) 19:21

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **concoction**(1) 40:7 | | **couple**(7) 10:4 38:10 45:2 45:12 47:12 48:9 50:14 | | **deborah**(2) 1:29 8:8 | | **discovery**(30) 10:18 11:8 11:15 12:21 13:3 14:3 14:25 15:13 19:12 23:20 26:24 37:2 38:3 40:14 45:9 46:24 47:11 48:9 54:1 56:25 57:2 58:2 58:3 62:19 62:24 63:10 65:1 65:22 67:4 71:15 |
| **concrete**(1) 13:4 | | | | **debtor**(5) 3:26 14:4 14:6 19:14 19:19 | | |
| **conditioned**(1) 46:14 | | **course**(8) 12:5 15:15 23:20 26:22 36:7 56:16 64:11 66:24 | | **debtors**(31) 1:15 1:26 2:4 5:7 6:15 6:17 7:2 7:21 8:11 9:21 9:25 10:1 10:15 10:19 11:5 11:18 12:21 13:5 14:9 14:13 14:13 14:22 18:13 19:9 22:16 22:21 22:23 23:1 23:5 23:25 24:3 | | |
| **conduct**(1) 14:9 | | | | | | |
| **conducted**(1) 20:13 | | **court**(237) 1:1 5:3 5:10 5:16 5:17 5:21 6:2 6:7 6:9 6:11 6:13 6:18 6:24 7:5 7:11 7:14 7:20 7:22 7:23 8:1 8:9 8:12 8:14 8:17 8:22 9:1 9:4 9:16 9:18 10:22 11:4 12:3 13:19 14:14 14:14 15:2 15:6 15:10 15:14 15:20 15:22 15:25 16:3 16:5 16:10 16:16 16:23 16:25 17:4 17:12 17:20 17:22 18:1 18:6 18:8 18:14 18:15 18:17 18:20 18:24 19:2 19:4 19:8 19:13 19:10 20:3 20:21 20:25 21:2 21:6 21:9 21:14 21:18 21:22 21:23 22:5 22:8 22:13 22:15 23:11 23:13 24:5 24:7 24:10 24:17 24:19 25:3 25:9 25:11 25:19 25:22 25:25 26:3 26:7 26:10 26:13 26:16 26:18 26:22 27:5 28:5 28:9 28:14 28:21 28:24 29:9 30:9 30:11 37:13 37:15 37:21 37:23 38:2 38:9 39:8 39:11 39:23 40:2 40:4 40:9 40:22 41:1 41:3 41:16 42:3 42:23 42:24 43:1 43:9 43:11 43:13 45:5 45:20 46:3 46:22 47:1 47:14 47:17 48:4 48:13 48:16 48:23 49:4 49:16 49:19 49:25 50:4 50:6 50:9 50:12 51:12 51:15 51:17 51:20 51:24 52:15 52:17 53:5 53:10 53:13 53:21 54:20 55:6 55:7 55:24 56:2 56:5 57:5 57:7 57:12 58:8 58:23 59:10 59:14 59:25 60:3 60:6 60:11 60:15 60:16 60:19 60:21 61:2 61:7 62:6 62:8 62:10 62:13 64:18 64:22 65:3 65:13 65:16 66:1 66:7 66:8 66:16 66:20 67:18 68:3 68:23 69:1 70:18 70:20 71:13 71:21 71:23 72:6 72:14 72:18 72:22 73:1 74:3 74:8 74:10 75:4 75:19 76:11 76:13 76:20 76:22 76:25 77:4 77:10 77:12 77:18 77:24 78:2 78:4 78:6 78:16 78:21 79:1 79:7 79:19 | | **december**(1) 20:13 | | |
| **confer**(5) 37:6 63:21 64:13 75:14 76:9 | | | | **decide**(3) 48:24 63:6 73:14 | | |
| **conference**(2) 37:15 38:2 | | | | **decided**(1) 34:23 | | **discuss**(3) 32:15 48:18 61:17 |
| **conferring**(1) 64:23 | | | | **deciding**(1) 46:24 | | **discussed**(3) 30:21 45:13 73:4 |
| **confers**(1) 64:8 | | | | **decision**(2) 34:25 71:11 | | **discussing**(2) 8:10 42:20 |
| **confess**(1) 52:13 | | | | **declaration**(3) 20:4 20:6 20:8 | | **discussion**(2) 52:50 71:8 |
| **confidential**(4) 23:7 24:22 25:7 55:5 | | | | **declarations**(1) 20:7 | | **discussions**(5) 32:1 32:6 32:9 32:13 33:7 |
| **confidentiality**(8) 12:5 24:21 24:25 25:4 46:7 54:24 59:2 59:13 | | | | **declared**(1) 55:5 | | **dismiss**(2) 49:14 71:12 |
| | | | | **defend**(1) 27:12 | | **disparagement**(2) 56:21 57:11 |
| **confirm**(2) 12:15 36:13 | | | | **defenses**(1) 29:20 | | **dispute**(4) 9:2 52:22 63:3 65:24 |
| **confirmation**(1) 7:12 | | | | **deficiencies**(1) 35:14 | | **disputed**(1) 8:20 |
| **confirmed**(2) 30:22 53:6 | | | | **delaware**(4) 1:2 1:15 1:39 5:1 | | **disputes**(3) 38:7 47:10 65:6 |
| **conflicts**(1) 66:16 | | | | **deleted**(1) 21:22 | | **district**(1) 1:2 |
| **confused**(1) 62:15 | | | | **depose**(4) 29:24 43:21 61:19 68:8 | | **docket**(1) 20:6 |
| **confusion**(1) 64:25 | | | | **deposition**(10) 20:12 20:14 20:22 22:25 23:2 23:21 40:14 40:15 54:13 55:12 | | **document**(8) 27:2 29:4 40:11 52:3 59:25 62:23 68:1 76:18 |
| **connect**(1) 9:8 | | **court's**(5) 13:12 18:18 22:22 27:1 59:24 | | | | |
| **connection**(4) 10:21 13:12 30:6 | | **courtroom**(1) 1:13 44:12 69:9 | | **depositions**(6) 27:3 39:25 44:8 65:6 73:6 76:7 | | **documentation**(1) 31:13 |
| **cono**(1) 49:2 | | **covered**(1) 55:14 | | | | |
| **consensual**(3) 19:24 20:1 25:21 | | **create**(1) 53:24 59:11 | | | | **documents**(59) 20:20 23:6 29:1 31:20 33:18 35:19 35:21 35:24 36:5 36:7 36:12 36:16 36:19 36:23 36:25 38:15 38:17 38:24 39:1 39:5 39:18 40:17 44:5 44:6 44:19 44:25 45:19 45:23 46:7 46:8 46:17 47:2 47:5 50:22 50:25 51:3 51:10 51:18 52:6 52:9 53:1 53:14 53:17 53:19 54:17 55:13 55:16 66:24 67:1 67:8 67:11 68:6 68:7 70:4 73:7 73:18 74:18 74:19 77:1 |
| **consent**(3) 48:1 53:9 59:3 | | **credible**(1) 43:6 | | **depositions**(6) | | |
| **consents**(1) 53:7 | | **creditor**(2) 4:16 8:21 | | **derek**(2) 2:5 5:6 | | |
| **consider**(1) 71:18 | | **creditors**(1) 3:21 | | **described**(4) 10:25 33:1 33:8 33:12 | | |
| **considers**(1) 41:14 | | **ctd**(1) 56:19 | | **description**(1) 27:24 | | |
| **consists**(1) 20:1 | | **ctdi**(61) 2:44 3:34 5:19 26:8 28:1 28:2 28:7 28:25 29:2 29:6 29:19 29:21 30:1 30:2 30:13 30:15 30:22 31:15 32:2 32:5 32:6 32:10 32:21 33:2 33:13 33:15 34:16 34:19 35:2 35:9 35:13 35:17 37:6 37:8 40:10 41:25 42:17 42:20 42:21 42:24 44:22 51:7 52:25 53:4 53:7 53:23 54:6 54:11 56:24 60:4 61:20 61:23 72:2 73:1 73:4 75:10 75:24 77:13 77:21 | | **despite**(1) 12:18 | | **does**(12) 7:23 22:8 36:10 39:19 51:2 56:14 58:12 58:15 58:17 59:9 65:4 69:21 |
| **consultation**(1) 22:20 | | | | **destroy**(5) 35:19 35:25 35:35 36:7 52:9 | | |
| **contact**(5) 20:23 41:12 52:2 58:6 58:15 | | | | **destroyed**(4) 35:24 36:23 40:17 51:3 | | |
| **contacted**(1) 52:4 | | | | **destroying**(2) 36:16 51:18 | | **doesn't**(6) 20:22 21:12 34:13 63:24 66:5 66:13 |
| **contemplate**(1) 13:7 | | | | **destruction**(1) 38:17 | | |
| **contemplated**(1) 17:23 | | | | **detail**(10) 37:8 38:7 43:17 43:17 43:22 43:25 61:15 69:12 69:14 74:20 | | |
| **contempt**(1) 49:9 | | | | | | **doesn't**(1) 75:24 |
| **contended**(1) 10:18 | | | | **detailed**(1) 64:5 | | **doing**(5) 17:16 31:3 45:1 51:4 61:5 |
| **contention-type**(1) 67:25 | | | | **details**(1) 63:10 | | **don't**(51) 5:25 12:4 13:24 15:6 22:21 33:19 35:25 35:35 36:20 37:14 38:23 40:3 40:11 40:12 41:11 41:12 41:19 42:5 42:6 42:7 42:8 42:12 44:18 45:3 50:6 50:19 52:9 53:9 55:3 55:14 58:16 58:17 58:17 58:19 58:20 58:21 60:1 60:2 60:16 61:24 61:25 63:25 64:2 64:23 68:9 69:24 70:8 70:16 71:14 71:17 73:19 |
| **contentious**(1) 65:7 | | | | | | |
| **contested**(4) 5:14 8:18 25:12 25:13 | | | | **determination**(1) 46:10 | | |
| **context**(3) 9:2 14:24 44:21 | | | | **determine**(3) 11:20 38:3 46:19 | | |
| **contexts**(1) 9:19 | | | | **determined**(1) 11:9 | | |
| **continue**(2) 13:16 14:20 | | | | **developed**(1) 23:20 | | |
| **continued**(4) 2:2 3:2 4:2 23:6 | | **ctdi's**(7) 27:8 27:21 27:22 34:25 36:11 62:18 63:24 | | **diaz**(1) 1:45 | | |
| **contract**(2) 42:21 42:22 | | | | **did**(32) 6:19 11:5 12:7 12:15 13:21 18:3 22:24 23:4 27:6 29:11 31:10 31:19 32:2 32:14 32:23 33:13 33:17 36:24 39:20 42:11 45:14 50:24 52:11 52:11 52:13 53:12 56:8 60:17 61:5 62:1 70:1 71:1 | | **done**(7) 22:1 24:4 36:23 72:13 74:13 74:21 74:25 |
| **contractual**(3) 53:3 54:11 57:1 | | **cti's**(1) 56:9 | | | | |
| **contractually**(2) 42:19 53:24 54:1 | | **curious**(1) 41:23 | | | | **don't**(2) 69:9 77:23 |
| **contradict**(1) 29:2 | | **currently**(1) 7:16 | | **didn't**(17) 31:6 31:6 34:1 41:5 42:8 48:18 49:3 52:1 52:2 52:20 53:10 57:22 57:22 62:4 62:17 70:1 72:9 | | **down**(8) 36:4 38:17 39:2 50:16 52:5 59:7 65:8 70:21 |
| **controversy**(1) 77:7 | | **cursory**(1) 43:17 | | | | |
| **conversation**(2) 56:11 62:1 | | **custodians**(4) 45:15 52:5 52:6 | | | | |
| **conversations**(15) 11:7 31:11 31:13 31:14 31:19 31:21 32:17 33:1 33:9 33:14 34:6 38:19 44:16 56:15 61:22 | | **cut**(1) 65:8 | | **didn't**(2) 33:25 49:3 | | **dozen**(2) 27:23 50:23 |
| | | **cvas**(4) 10:25 11:1 11:9 14:20 | | **difference**(1) 11:22 | | **dramatically**(1) 47:10 |
| | | **data**(1) 1:45 | | **different**(4) 68:10 69:24 71:17 74:14 | | **drives**(1) 47:13 |
| **cooperation**(1) 25:20 | | **date**(5) 9:15 15:3 15:7 21:13 22:3 | | **difficult**(3) 18:21 61:20 65:7 | | **due**(2) 48:9 67:21 |
| **cooperative**(1) 13:2 | | **dated**(1) 16:14 | | **diligence**(1) 67:22 | | **duplicative**(3) 10:8 10:12 39:14 |
| **coordinate**(1) 20:24 | | **dates**(1) 33:17 | | **dine**(1) 52:7 | | **during**(2) 13:15 30:20 |
| **copied**(3) 45:16 45:17 69:2 | | **david**(1) 1:28 1:32 3:23 26:20 | | **disagree**(1) 13:23 | | |
| **copies**(1) 20:17 | | **davies**(1) 2:16 | | **disagreed**(1) 10:13 | | **e.y** (1) 2:11 |
| **copy**(6) 6:23 28:11 28:13 52:25 58:5 69:1 | | **day**(4) 20:5 37:9 45:3 79:8 | | **disagreeing**(1) 50:9 | | **each**(18) 9:20 27:20 27:24 29:4 33:22 38:7 45:7 45:10 45:10 45:22 46:2 46:6 46:17 61:17 63:4 73:3 73:15 74:17 |
| **corporation**(2) 1:7 47:25 | | **days**(3) 17:13 46:13 63:23 | | **disagreement**(1) 70:23 | | |
| **correct**(8) 15:5 17:23 22:17 23:1 43:15 46:3 62:5 79:12 | | **deal**(2) 44:23 74:23 | | **disagreements**(2) 50:10 65:9 | | |
| | | **deals**(1) 71:7 | | **disallow**(1) 10:9 | | **eagles**(1) 18:23 |
| **corrected**(1) 22:3 | | **dealt**(1) 59:17 | | **disallowed**(1) 7:9 | | **earlier**(2) 12:13 |
| **correction**(1) 21:13 | | | | **disallowing**(1) 7:11 | | **early**(1) 34:9 |
| **correspondence**(2) 10:23 39:7 | | | | **disclose**(2) 63:4 63:25 | | **easier**(1) 67:20 |
| **costs**(2) 14:5 16:8 | | | | **disclosure**(1) 57:10 | | **echo**(1) 24:12 |
| **could**(8) 11:18 13:7 17:15 28:6 30:13 39:16 42:12 56:17 | | | | **disclosures**(11) 27:17 27:22 33:24 43:16 56:23 58:1 69:3 69:4 69:11 69:15 69:19 | | **economic**(1) 70:14 |
| | | | | | | **ecro**(1) 1:43 |
| **couldn't**(2) 57:10 76:14 | | | | | | **editorial**(1) 72:1 |
| **counsel**(23) 7:7 7:11 7:15 8:24 16:18 18:3 25:5 36:11 38:11 41:5 41:14 41:23 41:25 44:16 47:16 48:21 56:9 57:5 59:3 59:14 63:24 64:7 77:19 | | | | | | **edwin**(1) 2:37 |
| | | | | **discovered**(3) 28:10 40:18 56:8 | | **effect**(2) 27:20 76:9 |
| **counsel's**(1) 13:23 | | | | | | **effort**(2) 12:14 12:15 74:12 |
| **counter-fitting**(1) 54:17 | | | | | | **efforts**(6) 12:19 27:12 51:7 65:23 78:4 |
| **counterpart**(1) 39:19 | | | | | | **eguchi**(1) 3:49 |

| Word | Page:Line |
|------|-----------|
| eight(1) 9:14 | |
| either(7) 13:5 35:16 42:25 56:14 58:20 63:15 63:16 | |
| electronic(9) 1:51 35:22 39:15 44:19 44:24 45:9 45:16 46:18 79:13 | |
| eleven(1) 63:23 | |
| eliminate(2) 10:8 47:9 | |
| eliminated(1) 22:1 | |
| else(6) 7:23 32:5 32:5 54:13 58:10 60:22 | |
| email(7) 10:23 37:11 37:13 39:7 51:5 52:13 58:13 | |
| emails(3) 10:25 31:20 72:3 | |
| emea(4) 18:13 19:9 22:18 22:23 | |
| emily(1) 3:28 | |
| empey(1) 2:29 | |
| employee(16) 10:24 32:21 32:25 35:17 35:18 36:3 36:12 36:19 41:25 42:4 42:7 52:3 54:10 | |
| employees(2) 51:20 51:23 | |
| endeavor(1) 19:7 | |
| endlessly(2) 71:4 72:12 | |
| enforce(1) 54:6 | |
| engage(2) 29:2 32:11 | |
| engaged(2) 19:12 29:21 | |
| england(1) 23:25 | |
| english(3) 19:9 21:23 22:22 | |
| enhanced(1) 42:16 | |
| enough(2) 12:20 53:14 | |
| enter(10) 7:22 22:6 25:6 42:24 43:1 53:14 53:18 57:5 57:8 60:8 | |
| entered(5) 16:13 21:23 24:15 24:21 42:15 | |
| enterprise(1) 73:22 | |
| entertained(1) 65:17 | |
| entire(1) 20:10 | |
| entirely(1) 17:24 | |
| entities(2) 9:11 13:9 | |
| entitled(2) 29:14 34:24 | |
| entity(1) 10:16 | |
| entry(1) 20:6 | |
| equally(1) 72:7 | |
| ernst(1) 4:4 | |
| es(1) 44:19 | |
| esq(36) 1:28 1:29 1:30 1:31 1:32 1:38 2:5 2:6 2:12 2:13 2:14 2:15 2:16 2:22 2:29 2:37 2:38 2:46 2:47 2:48 3:6 3:12 3:23 3:28 3:29 3:31 3:36 3:38 3:40 3:42 3:44 3:49 4:5 4:8 4:13 4:17 | |
| essentially(3) 10:12 23:18 74:4 | |
| eternal(1) 47:9 | |
| even(13) 5:19 11:16 52:12 54:15 54:20 56:23 57:1 63:9 63:25 64:1 64:14 76:14 77:22 | |
| event(2) 7:8 58:15 | |
| eventually(1) 50:9 | |
| ever(2) 42:8 58:2 | |
| every(5) 38:7 45:23 52:2 68:1 68:1 | |
| everybody(2) 69:7 70:14 | |
| everyone(3) 5:3 77:6 79:7 | |
| everything(1) 45:18 | |
| evidence(9) 20:4 20:10 20:12 21:1 21:20 22:19 24:12 40:18 55:10 | |
| evidentiary(1) 22:3 | |
| exactly(9) 5:21 13:4 26:10 32:7 40:21 61:19 64:2 67:4 74:9 | |
| example(2) 28:3 61:10 | |
| examples(2) 35:12 43:8 | |
| excellent(1) 66:12 | |
| except(1) 5:18 | |
| exception(1) 45:12 | |
| excess(1) 34:12 | |
| exchange(7) 47:2 47:5 47:19 53:17 62:23 67:1 67:14 | |
| exchanged(1) 53:16 | |
| exchanging(1) 66:24 | |
| excuse(2) 5:25 62:3 | |
| excused(2) 15:13 26:3 | |
| exhibit(2) 20:5 28:8 | |
| exhibits(6) 20:7 20:13 20:17 20:23 20:24 47:18 | |
| exists(1) 54:5 | |
| expanded(1) 52:25 | |
| expected(1) 13:8 | |
| expenses(1) 46:23 | |
| experience(6) 44:3 54:25 55:2 65:21 68:5 70:9 | |
| experienced(1) 65:3 | |
| experiences(1) 65:20 | |
| explained(1) 12:1 | |
| extensive(1) 39:7 43:17 | |
| extra(1) 21:6 | |
| eyes(1) 49:2 | |
| face(2) 39:12 49:11 | |
| fact(11) 10:5 10:15 11:10 12:2 12:16 16:13 29:4 31:5 40:19 53:5 63:8 | |
| facts(4) 29:1 43:2 68:14 69:17 | |
| failed(1) 56:22 | |
| failure(2) 27:8 27:19 | |
| fairly(3) 20:19 44:15 49:18 | |
| faith(1) 64:9 | |
| familiar(1) 20:19 | |
| far(2) 63:8 68:4 | |
| farr(1) 3:48 | |
| farther(1) 13:17 | |
| faster(1) 77:22 | |
| fault(1) 72:15 | |
| favor(1) 23:23 | |
| fear(1) 32:23 | |
| fearing(1) 32:25 | |
| february(2) 7:4 79:17 | |
| federal(4) 14:2 54:20 54:21 59:14 | |
| feel(1) 67:11 | |
| feeling(1) 70:21 | |
| feels(2) 12:22 70:9 | |
| fees(1) 70:16 | |
| feld(3) 3:5 3:22 17:3 | |
| few(4) 9:1 32:20 46:13 56:10 | |
| fewer(1) 72:3 | |
| fides(1) 12:10 | |
| fifteen(1) 9:19 | |
| figure(1) 68:7 | |
| figured(1) 70:4 | |
| file(12) 24:25 40:13 43:1 47:18 47:24 48:6 48:6 49:7 53:15 72:3 72:4 72:4 | |
| filed(19) 9:19 9:24 19:11 19:16 19:18 20:16 23:9 23:17 24:23 47:17 49:2 49:4 49:10 49:22 51:22 71:3 71:5 72:1 | |
| filing(1) 20:24 | |
| finally(5) 34:17 37:13 71:2 72:1 72:4 | |
| find(12) 14:6 15:7 25:16 42:9 43:3 43:6 58:6 58:22 59:22 59:23 63:23 69:14 | |
| finding(1) 25:14 | |
| fine(13) 6:2 7:5 17:10 17:17 17:19 20:25 48:16 54:13 61:23 64:20 65:12 76:12 77:8 | |
| finger(1) 3:11 | |
| finish(1) 55:19 | |
| firm(2) 5:19 58:10 | |
| first(8) 6:16 7:1 14:23 20:4 25:5 28:18 38:15 41:7 43:7 43:14 43:24 49:17 52:21 57:15 61:1 63:1 65:24 68:13 75:10 75:12 | |
| five(3) 17:13 65:6 72:3 | |
| fixed(1) 30:16 | |
| flom(2) 2:45 3:35 | |
| floor(1) 2:40 | |
| flush(1) 44:8 | |
| focus(1) 28:18 | |
| focuses(1) 32:16 | |
| focusing(1) 56:9 | |
| follow-up(2) 37:7 37:11 | |
| followed(2) 63:12 64:5 | |
| following(1) 61:13 | |
| for(123) 1:2 1:26 2:4 2:11 2:35 2:44 3:4 3:20 3:26 3:34 3:47 4:4 4:11 4:16 5:7 5:19 5:25 7:7 7:10 7:12 8:24 9:2 9:11 9:23 10:4 10:10 10:15 10:20 11:1 11:8 11:25 13:4 13:5 13:10 14:18 15:3 16:18 17:5 17:8 17:9 17:11 18:3 18:11 18:18 18:19 19:24 22:16 22:23 23:7 23:9 23:25 24:9 24:25 25:13 25:19 25:20 25:23 26:20 26:21 26:23 29:7 30:10 31:7 31:12 32:5 32:23 33:13 33:17 34:12 35:21 36:5 36:1 37:15 38:15 39:25 40:12 42:11 43:11 43:21 44:2 44:15 44:16 44:22 45:1 46:20 47:1 47:18 47:24 48:10 48:11 49:18 49:18 52:21 52:25 53:19 54:20 54:23 55:3 55:11 57:9 59:3 59:22 60:22 61:25 62:1 62:11 63:11 66:7 66:21 67:4 67:10 70:13 73:8 73:9 73:22 73:25 74:4 74:17 74:20 75:10 77:13 77:21 78:6 | |
| foregoing(1) 79:12 | |
| foreign(5) 19:10 22:22 23:19 24:1 25:15 | |
| forgot(1) 48:19 | |
| form(6) 20:2 21:5 22:6 24:23 25:1 57:6 | |
| formal(2) 6:19 40:13 | |
| format(3) 35:22 39:15 46:18 | |
| former(6) 32:21 32:24 32:25 41:25 42:4 58:9 | |
| forth(3) 11:19 14:18 47:1 | |
| forty-five(1) 43:18 | |
| forty-six(1) 43:18 | |
| forward(8) 8:5 14:10 17:8 24:16 27:2 37:20 75:8 75:16 | |
| four(1) 61:14 | |
| frankly(4) 44:9 46:4 67:13 67:15 | |
| free(1) 43:20 | |
| friday(3) 45:13 58:13 71:2 | |
| from(40) 19:18 22:7 22:12 30:18 32:20 32:24 33:11 35:13 37:6 38:18 39:3 39:5 40:6 40:18 41:9 42:19 42:22 45:18 46:11 47:18 48:3 52:5 52:19 52:21 53:5 53:7 53:11 53:25 54:16 56:24 59:6 63:8 74:20 75:11 76:15 77:20 78:22 79:3 79:1 | |
| front(5) 9:15 41:4 41:5 73:19 78:10 | |
| fulfillment(1) 67:3 | |
| fully(1) 47:9 | |
| fundamental(1) 27:19 | |
| funding(1) 16:14 | |
| funds(2) 16:22 17:15 | |
| further(6) 16:20 17:15 18:4 63:6 63:7 78:21 | |
| future(4) 23:7 46:17 62:25 76:17 | |
| gag(3) 53:3 53:23 54:3 | |
| gallagher(1) 3:48 | |
| gave(8) 33:6 38:18 41:25 42:16 44:2 59:3 72:2 73:2 | |
| gazza(1) 2:6 | |
| genband(1) 10:24 | |
| general(1) 63:24 | |
| generally(1) 32:9 | |
| generates(1) 25:13 | |
| generic(1) 27:24 | |
| gentleman(3) 33:1 33:8 59:19 | |
| georgia(1) 59:7 | |
| germany(1) 52:2 | |
| get(33) 5:23 13:16 14:25 37:5 37:14 37:20 38:11 41:13 45:2 45:18 49:19 53:18 53:20 54:22 54:22 55:3 55:16 55:16 56:13 58:18 58:21 59:7 59:8 59:15 65:5 65:9 67:25 68:1 68:4 70:4 70:17 76:25 79:1 | |
| gets(2) 55:5 73:24 | |
| getting(3) 27:1 51:3 56:16 | |
| ginger(1) 1:43 | |
| give(24) 9:1 13:17 24:22 27:9 27:10 28:3 32:23 33:25 34:2 37:9 41:12 47:5 55:4 57:5 57:8 57:16 57:18 58:15 60:8 61:14 61:16 73:1 73:12 73:14 | |
| given(8) 14:24 35:10 52:24 54:11 59:2 62:15 63:19 67:7 | |
| gives(4) 27:23 33:9 33:12 70:13 | |
| giving(2) 59:5 60:1 | |
| goes(3) 21:24 43:17 60:25 | |
| going(40) 8:5 12:12 14:5 17:8 24:16 26:5 28:11 29:20 31:9 35:7 38:6 38:13 43:7 43:8 46:6 46:9 46:17 47:25 48:24 49:20 49:21 51:9 53:23 57:18 58:22 61:12 65:5 65:7 68:18 69:14 70:11 70:13 72:21 73:23 75:8 76:4 76:5 76:6 79:1 79:2 | |
| gone(1) 10:24 | |
| good(33) 5:3 5:5 5:6 6:12 6:13 6:25 8:14 8:15 8:17 17:2 18:10 18:11 18:17 21:10 22:11 24:8 24:9 25:13 26:13 26:14 26:14 26:17 26:18 37:24 37:25 38:15 62:12 62:13 64:9 76:10 77:9 78:17 79:7 | |
| goodmans(1) 2:28 | |
| gosh(1) 35:24 | |
| got(30) 21:18 32:20 33:10 33:16 34:11 35:18 37:16 41:6 44:19 45:7 46:12 47:4 47:6 47:17 47:19 47:23 48:2 48:9 49:21 52:19 54:10 55:4 55:13 60:14 61:17 64:3 69:7 70:4 72:4 77:23 | |
| gotten(6) 35:13 36:17 36:18 36:21 37:1 51:1 | |
| gottlieb(3) 1:26 3:26 22:12 | |
| graciously(1) 48:8 | |
| grant(4) 8:1 25:3 25:11 25:15 | |
| great(2) 38:7 68:24 | |
| greatly(1) 56:18 | |
| green(2) 2:47 3:38 | |
| gross(3) 1:21 26:14 26:15 | |
| grounds(1) 12:2 | |
| guarantee(1) 69:19 | |
| guarantees(1) 30:18 | |
| guess(1) 15:2 | |
| guidance(1) 59:24 | |
| guilty(1) 49:8 | |
| gump(3) 3:4 3:21 17:3 | |
| gun(1) 70:2 | |
| guys(1) 33:3 | |
| had(38) 7:11 10:2 10:23 11:1 11:1 11:17 12:11 12:17 12:17 16:21 17:6 17:18 32:21 32:22 34:25 35:3 36:7 36:10 36:21 37:6 38:23 39:20 48:19 49:19 49:21 50:20 50:21 52:19 52:23 55:17 56:15 56:21 57:23 59:21 63:22 71:8 71:10 71:23 | |
| hadley(1) 4:11 | |
| half(1) 50:23 | |
| hall(1) 2:13 | |
| hamilton(3) 1:27 3:27 22:14 | |
| hand(6) 6:23 8:25 28:12 60:4 63:3 67:23 | |
| handful(1) 5:8 | |
| handle(1) 71:19 | |
| handling(1) 5:20 | |
| hands(1) 66:2 | |
| handwritten(1) 21:13 | |

| Word | Page:Line |
|---|---|

**happen**(8) 31:11 31:19 33:13 33:17 42:8 62:2 64:3 65:23

**happened**(8) 33:10 42:7 42:21 51:21 61:23 63:19 70:5 70:22

**happening**(1) 39:13
**happens**(2) 44:4 68:5
**happy**(4) 12:15 24:25 27:19 60:1
**hard**(6) 37:5 37:19 45:17 49:16 50:7 65:15
**harrisburg**(1) 1:47
**harron**(30) 2:37 15:19 18:10 18:11 18:12 18:15 18:18 18:21 18:25 19:3 19:6 19:21 20:5 21:1 21:3 21:4 21:9 21:11 21:15 21:19 22:17 22:25 24:20 24:23 25:8 25:15 25:18 25:22 25:23 26:2

**has**(29) 9:6 10:24 13:2 14:17 16:14 18:22 21:16 24:14 27:4 30:4 31:15 35:9 36:4 38:11 40:10 42:12 46:2 47:24 50:3 52:9 56:14 57:2 61:11 62:18 63:19 65:22 67:5 67:16 75:24

**hasn't**(1) 70:5
**hate**(1) 41:3
**hauer**(3) 3:4 3:21 17:3
**have**(120) 5:8 7:2 7:7 8:23 9:14 11:6 11:18 12:3 12:4 12:4 12:8 12:10 12:12 12:13 12:19 14:8 14:16 14:20 14:22 20:15 20:17 20:22 21:6 22:20 24:3 24:20 24:21 24:23 26:25 27:16 31:6 31:10 33:19 33:21 33:25 34:18 34:20 36:22 36:24 36:25 37:1 37:12 37:15 38:21 39:15 39:25 40:11 40:12 41:12 41:17 42:20 43:1 44:18 44:19 44:22 45:1 45:6 45:13 45:14 45:22 45:22 46:17 47:3 49:19 49:20 49:22 50:2 50:17 51:4 51:7 51:8 51:9 52:12 53:17 54:3 54:4 54:15 55:11 55:16 56:12 59:5 59:16 60:1 60:18 61:15 62:15 64:9 65:20 66:3 66:5 66:6 66:11 66:13 67:6 67:22 68:14 68:21 69:5 69:9 69:16 70:10 70:21 71:1 71:8 71:10 72:6 72:12 72:14 72:18 73:5 73:24 74:16 74:16 75:1 75:1 75:22 77:6 78:7 78:10

**haven't**(14) 36:17 36:21 36:21 38:23 38:25 41:18 51:6 52:14 54:25 55:10 59:12 59:21 74:22 74:25

**having**(6) 29:4 46:22 70:14 71:16 75:21 78:6

**he'll**(4) 41:19 74:22 76:7 77:5
**he's**(4) 59:21 61:5 61:5 70:11
**head**(2) 58:9 70:3
**hear**(5) 38:6 38:15 53:10 53:20 64:22
**heard**(9) 7:24 9:16 13:21 15:24 16:1 22:9 34:6 41:7 57:15

**hearing**(18) 7:4 11:4 13:7 13:11 13:12 15:3 15:4 18:4 22:19 23:10 44:11 47:16 47:18 52:21 62:18 72:18 79:3 79:9

**heart**(1) 38:12
**heated**(1) 33:6
**held**(1) 69:24
**hell**(1) 58:7
**help**(3) 56:16 65:9 76:7
**helpful**(5) 25:1 50:1 69:20 70:10 71:24
**hens**(1) 18:23
**her**(4) 36:3 52:9 52:14
**here**(34) 5:7 5:25 8:18 12:12 21:18 24:11 25:4 29:17 36:2 38:15 41:6 44:9 47:12 50:20 59:8 62:15 63:12 63:25 64:3 65:18 66:3 66:19 69:3 69:9 69:15 70:21 70:23 71:16 72:25 75:10 75:12 76:15 77:25 78:21

**here's**(1) 34:11
**hereto**(1) 35:9

**herrington**(69) 1:28 26:14 26:17 26:19 26:20 26:23 27:7 27:18 28:6 28:10 28:15 28:16 28:22 28:25 29:10 30:10 30:12 30:13 50:14 51:14 52:1 52:16 52:18 52:25 55:19 55:22 55:23 57:14 58:4 58:13 58:21 59:11 60:9 60:13 60:17 60:20 60:24 61:3 61:8 61:9 62:6 66:21 66:23 68:12 68:16 71:25 72:8 72:10 72:11 72:20 72:24 74:1 74:7 74:9 74:21 75:3 77:20 78:13 78:19 78:22 78:25 79:5

**herrington's**(1) 58:10
**herself**(1) 41:24
**hiding**(1) 39:5
**hilt**(1) 54:6
**him**(16) 41:19 54:7 54:8 54:9 54:13 56:15 56:15 56:22 58:17 58:18 58:21 58:21 59:23 70:12 70:13 73:20

**himself**(3) 41:24 42:10 62:3
**his**(11) 6:5 32:23 41:12 53:15 53:19 54:5 54:11 56:25 58:15 58:19 59:21

**hit**(1) 46:9
**hits**(2) 45:9 45:24
**hoc**(1) 4:11
**hold**(2) 51:9 52:3
**holds**(1) 36:14
**honestly**(1) 40:8
**honor**(168) 5:6 5:8 5:13 6:1 6:4 6:14 8:4 8:15 8:19 9:6 10:18 11:10 12:11 13:14 13:22 14:10 14:15 15:5 15:12 15:16 15:23 16:16 17:2 17:10 17:21 18:7 18:11 19:8 19:10 19:13 19:16 19:16 20:1 20:11 20:14 20:17 20:21 21:4 21:8 21:11 21:19 22:5 22:11 23:12 23:15 23:17 24:6 24:8 24:23 25:8 25:18 25:24 26:6 26:11 26:19 27:4 27:18 27:20 28:3 28:10 28:20 29:5 31:1 31:24 32:18 33:19 33:20 34:8 35:11 35:15 35:22 37:2 37:4 37:18 37:25 38:6 40:24 41:4 41:5 41:14 41:21 42:24 43:3 43:6 44:11 46:21 46:24 47:13 48:1 48:12 49:13 49:22 50:2 50:5 50:8 51:19 51:25 52:16 53:13 53:20 53:22 54:3 54:14 55:19 57:4 57:14 58:24 59:1 59:23 60:3 60:9 60:18 61:3 61:6 61:9 62:7 62:12 62:16 62:20 63:5 63:15 64:8 64:12 64:14 64:21 65:12 65:17 66:5 66:15 66:19 66:21 67:16 67:19 68:17 69:8 69:10 70:2 70:9 70:16 70:25 71:2 71:18 71:22 71:25 72:8 72:16 72:20 73:1 73:12 73:15 73:17 73:25 74:1 74:2 74:13 75:3 75:6 75:18 76:18 77:3 77:8 77:17 78:1 78:5 78:19 78:20 78:25 79:5 79:6

**honor's**(6) 37:19 39:6 43:14 48:24 54:21 64:4

**honorable**(1) 1:21
**honored**(1) 40:10
**hoover**(1) 1:38
**hope**(3) 47:9 56:24 77:5
**hopefully**(2) 13:15 78:7
**host**(1) 56:8
**hotly**(1) 25:12
**hours**(4) 12:14 63:21 65:6 65:6
**how**(7) 44:20 57:12 58:18 58:21 62:23 70:8 71:19

**however**(1) 6:20
**human**(1) 59:17
**hundreds**(1) 44:24
**i'll**(19) 6:4 8:7 8:25 9:1 15:18 15:18 24:11 25:6 28:12 32:18 42:8 60:7 60:22 61:4 61:9 61:10 76:2 77:22 78:3

**i'm**(28) 12:14 15:21 19:3 24:22 26:22 34:38:5 39:24 41:2 47:12 47:25 48:16 57:6 57:20 57:20 58:22 60:21 62:7 64:2 64:11 66:1 68:18 69:23 70:20 72:8 75:21 79:1 79:1

**i've**(8) 21:18 41:7 46:12 48:2 49:17 54:20 55:13 64:3

**ibrahimi**(2) 2:48 3:40
**idea**(11) 36:7 44:20 50:20 50:21 51:4 55:11 66:23 67:1 70:6 72:21 76:3

**identical**(2) 9:21 44:1
**identification**(2) 33:23 34:2
**identified**(3) 41:24 67:16 69:13
**identify**(13) 28:25 29:3 31:20 56:22 63:13 68:14 69:15 73:3 74:16 74:17 74:18 74:19 74:19

**illuminating**(1) 69:18
**illustrations**(1) 35:12
**imagine**(1) 29:5
**immediately**(1) 74:23
**impasse**(2) 63:14 75:15
**implication**(1) 13:8
**implicitly**(1) 58:19
**importance**(1) 37:17
**important**(5) 14:7 31:25 32:22 33:18 36:20
**importantly**(1) 67:5
**impose**(1) 53:23
**impossibility**(2) 12:1 12:24
**impression**(2) 38:18 45:2
**incentive**(1) 70:14
**included**(2) 10:23 69:4
**includes**(2) 10:19 28:13
**including**(6) 9:11 9:23 10:6 33:7 36:14 40:16

**incorporated**(1) 43:15
**increase**(1) 14:18
**incur**(1) 14:5
**indicated**(1) 57:23
**individual**(1) 73:15
**informal**(2) 6:21 66:2
**informant**(1) 41:20
**information**(22) 11:3 27:1 27:10 31:16 32:22 33:19 33:25 34:5 35:10 41:12 44:2 45:16 47:3 54:10 56:16 56:17 57:17 57:18 58:16 61:21 62:5 69:20

**informed**(2) 36:12 36:24
**ingersoll**(1) 2:21
**initial**(15) 21:23 21:25 22:2 27:17 27:22 33:24 43:16 56:12 56:23 58:1 69:3 69:4 69:10 69:14 69:19

**initially**(1) 44:15
**initials**(1) 22:2
**innocent**(2) 36:10 51:4
**inquire**(1) 29:24
**inquiry**(2) 12:21 33:9
**inserted**(1) 7:7
**instance**(1) 11:16
**instead**(2) 23:24 29:11
**instruct**(1) 73:1
**instructed**(1) 64:7
**instructing**(1) 77:13
**instruction**(2) 64:4 74:15
**instructs**(1) 60:3
**intended**(1) 67:5
**interest**(4) 25:16 59:18 60:1 60:6
**interested**(1) 14:4
**internal**(1) 32:1
**internatianal**(1) 8:21
**internet**(2) 9:7 9:8
**interrogatories**(12) 27:9 27:16 27:21 32:7 33:21 35:12 37:8 48:10 67:16 68:2 73:2 74:5

**interrogatory**(30) 28:7 28:7 28:22 30:6 31:12 31:24 32:16 34:4 34:7 43:10 43:25 56:22 61:4 61:11 61:11 61:22 67:24 68:12 68:13 68:13 69:12 69:21 69:25 73:9 74:17 75:22 76:17 76:17 77:15

**interrupt**(1) 55:21
**into**(14) 12:6 15:8 20:3 20:10 20:11 22:18 29:14 31:4 38:6 42:15 45:17 49:19 55:6 65:5

**inventories**(1) 30:16
**investigate**(1) 11:6
**invite**(2) 64:14 66:8
**invited**(1) 53:5
**involve**(1) 28:19
**involved**(9) 12:12 12:14 31:12 32:15 33:18 34:21 34:24 62:2 76:22

**involvement**(1) 66:14
**involving**(1) 34:6
**isn't**(3) 40:10 45:25 57:25
**issue**(35) 7:11 11:5 11:7 11:10 12:10 14:7 14:24 14:25 16:19 34:10 35:15 38:12 40:7 42:9 47:6 54:16 55:15 56:7 56:10 61:17 63:18 63:24 64:1 64:10 66:7 66:9 66:22 66:25 70:12 70:12 70:25 73:23 75:17 75:20 75:21

**issued**(2) 10:7 10:15
**issues**(22) 14:1 26:25 33:22 34:2 36:18 38:3 38:4 40:16 43:4 44:13 46:25 56:9 62:16 62:19 63:4 63:5 65:21 67:15 67:25 73:16 73:18 73:23

**it's**(41) 6:2 8:15 14:7 16:14 16:24 17:24 17:24 18:21 19:2 20:5 31:25 34:13 35:23 39:2 39:12 40:7 41:2 41:2 41:4 41:21 42:9 48:14 54:13 54:15 56:19 59:20 59:24 61:20 62:15 65:7 69:23 69:23 70:9 71:5 71:17 72:13 73:8 73:9 73:16 75:7 78:9

**item**(4) 6:16 6:16 8:10 26:20
**its**(6) 14:8 29:11 30:1 30:23 40:10 67:16
**itself**(1) 59:13
**jaime**(2) 2:38 18:16
**janitors**(1) 52:2
**january**(8) 1:17 5:1 16:14 21:16 21:17 27:5 37:6 37:7

**jason**(1) 3:42
**jennifer**(2) 1:38 4:8
**join**(3) 37:16 47:25 48:22
**joined**(1) 63:20
**joins**(1) 49:5
**joint**(4) 13:7 13:11 15:4 19:18
**joke**(1) 40:5
**jokes**(2) 40:1 40:3
**jonathan**(1) 2:15
**judge**(4) 1:22 26:14 26:15 49:10
**judice**(1) 49:23
**jump**(1) 70:2
**jurisdiction**(1) 23:24
**just**(52) 5:18 7:12 13:17 14:23 16:1 16:6 16:17 16:19 17:25 22:24 23:4 24:24 25:4 27:23 34:3 36:6 38:13 39:6 39:17 44:11 44:12 47:5 47:12 47:17 49:24 50:8 50:14 55:19 55:24 55:24 56:7 57:17 57:18 57:21 60:14 61:5 62:5 64:5 64:25 66:12 66:23 67:23 69:2 69:23 70:22 73:17 74:3 75:6 76:14 76:16 77:22 78:16

**justice**(1) 60:6
**kahn**(9) 3:6 17:2 17:2 17:5 17:18 24:8 24:9 24:11 24:18

**katherine**(1) 3:30
**keep**(3) 19:7 34:18 36:1 76:3
**kegger**(1) 39:21

| Word | Page:Line |
| --- | --- |
| keller(33) 2:12 55:18 55:21 56:1 56:3 56:3 56:5 56:13 62:7 62:8 62:9 62:11 62:11 62:14 64:20 65:2 65:11 65:15 65:17 66:5 66:9 66:16 66:22 67:18 67:20 72:15 75:5 75:6 76:16 76:21 76:24 77:3 77:11 | |
| ken(2) 2:14 23:15 | |
| kevin(1) 1:21 | |
| key(4) 27:1 27:8 30:5 35:11 | |
| kind(16) 11:19 11:23 12:8 13:1 28:1 29:21 33:22 35:13 44:2 52:24 53:14 57:10 62:4 67:14 73:2 75:8 | |
| kinds(1) 27:24 | |
| king(1) 3:14 | |
| kingdom(1) 39:4 | |
| knew(7) 29:22 29:25 31:2 31:3 31:4 52:10 56:20 | |
| know(77) 11:12 11:15 12:2 12:9 12:14 12:18 12:18 13:2 14:21 15:6 25:12 27:23 27:25 31:10 33:8 33:10 33:11 33:16 34:1 34:10 35:3 35:7 35:22 36:9 36:11 36:20 36:22 37:12 37:12 38:23 39:3 39:21 41:19 41:23 42:1 42:18 43:5 43:19 43:20 44:3 44:11 44:18 47:4 47:5 49:9 50:18 52:11 52:18 54:1 55:1 57:22 58:12 58:14 58:17 58:17 58:19 58:21 61:5 61:18 61:22 64:1 64:2 65:5 67:8 68:9 70:2 70:8 71:4 71:17 72:19 73:6 73:6 74:22 74:25 77:23 78:9 | |
| knowing(1) 11:19 | |
| knowledge(15) 29:4 30:4 31:19 33:23 34:1 34:2 42:12 57:24 68:14 69:7 69:17 73:5 74:8 74:10 77:9 | |
| knowledgeable(3) 43:18 57:25 65:3 | |
| known(1) 12:11 | |
| knows(3) 41:10 43:4 56:15 | |
| kraidin(1) 4:5 | |
| kristy(1) 3:44 | |
| lacking(1) 28:12 | |
| laid(2) 27:14 37:4 | |
| language(2) 7:8 7:16 | |
| largely(1) 39:14 | |
| last(12) 7:18 34:7 44:17 45:2 48:17 49:13 60:17 60:25 66:22 67:19 71:6 71:7 | |
| lasted(1) 63:21 | |
| later(3) 13:6 34:23 63:23 | |
| laughter(4) 39:22 68:20 72:17 78:15 | |
| laura(1) 2:13 | |
| law(1) 58:10 | |
| lawsuit(1) 59:6 | |
| lawsuits(1) 59:1 | |
| lawyer(1) 54:5 | |
| lawyer's(1) 40:7 | |
| lawyers(7) 11:21 44:5 45:7 45:23 46:18 67:22 68:6 | |
| lay(2) 63:9 72:9 | |
| layout(1) 63:5 | |
| layton(1) 3:11 | |
| lead(1) 64:7 | |
| learn(1) 41:4 | |
| learned(4) 11:17 32:17 42:6 58:2 | |
| least(9) 18:22 32:14 41:4 44:22 46:1 63:22 64:25 68:9 69:20 | |
| leave(2) 47:18 47:24 | |
| left(2) 42:14 66:23 | |
| lengthy(1) 76:5 | |
| less(1) 35:8 | |
| lessened(1) 18:22 | |
| let(12) 26:8 31:24 37:11 39:1 44:10 57:21 57:21 63:6 73:13 73:20 74:22 74:25 | |
| let's(9) 13:4 38:4 50:17 51:12 66:2 66:2 73:19 76:15 77:14 | |

| Word | Page:Line |
| --- | --- |
| letter(20) 26:24 27:5 27:8 28:8 33:21 37:4 37:5 37:7 37:10 38:18 40:7 49:19 49:23 59:23 62:16 63:9 63:16 67:17 69:22 74:2 | |
| letters(7) 31:20 38:2 41:16 46:25 47:19 63:9 76:5 | |
| level(3) 69:11 69:14 74:19 | |
| liabilities(1) 30:17 | |
| liable(1) 10:15 | |
| liberi(1) 3:42 | |
| liberty(1) 1:33 | |
| license(3) 9:9 9:10 11:11 | |
| licenses(1) 12:17 | |
| light(1) 22:19 | |
| like(22) 5:18 6:22 21:5 21:6 25:18 44:21 50:19 51:3 51:5 52:20 53:6 55:13 56:14 66:13 69:15 71:15 71:16 72:20 73:4 74:13 76:22 77:9 | |
| likely(3) 47:8 52:4 52:5 | |
| likewise(1) 24:15 | |
| limitation(2) 14:13 57:16 | |
| limitations(1) 14:13 | |
| lisa(1) 4:5 | |
| list(6) 27:23 45:8 45:11 58:1 61:17 68:21 | |
| listed(3) 10:1 57:24 57:25 | |
| listening(1) 70:22 | |
| lists(1) 45:10 | |
| literally(2) 44:11 44:23 | |
| litigate(1) 14:1 | |
| litigation(16) 32:21 36:14 40:1 42:5 43:5 50:19 50:21 50:25 51:9 52:10 52:12 54:18 54:21 55:15 65:4 71:9 | |
| liton(1) 2:38 | |
| little(7) 5:15 58:5 59:17 60:21 62:15 62:21 71:9 | |
| livshiz(1) 1:32 | |
| llp(8) 2:11 2:28 2:36 2:45 3:48 4:4 4:7 22:14 | |
| local(1) 24:24 | |
| logical(1) 45:15 | |
| long(1) 65:19 | |
| longer(3) 59:18 59:19 59:21 | |
| look(13) 27:21 36:11 37:14 39:2 39:4 47:3 48:7 49:1 68:6 68:21 71:6 76:6 78:10 | |
| looked(1) 55:12 | |
| looking(9) 15:3 33:17 43:11 46:20 55:12 73:7 73:8 74:4 74:20 | |
| loses(2) 70:12 73:23 | |
| lost(1) 74:2 | |
| lot(8) 12:12 42:13 56:8 56:11 61:12 70:23 77:25 78:17 | |
| luke(2) 1:31 22:11 | |
| luton(1) 18:16 | |
| m5h(1) 2:32 | |
| mace(1) 1:43 | |
| made(5) 13:24 14:24 22:3 22:20 31:15 34:4 38:11 38:14 40:5 43:8 50:16 51:8 58:5 64:9 67:20 | |
| magistrate(1) 75:8 | |
| magistrates(1) 65:20 | |
| main(3) 19:10 22:23 25:16 | |
| maintenance(1) 9:22 | |
| make(19) 13:5 16:19 17:14 23:4 24:2 25:14 25:14 30:5 36:23 36:25 49:24 50:19 52:20 61:22 64:8 66:13 70:11 76:16 76:25 | |
| makes(5) 5:17 6:2 | |
| making(5) 18:19 27:11 28:2 52:21 61:20 | |
| manufacture(3) 29:12 32:11 33:4 | |
| many(5) 12:2 12:5 12:5 68:24 69:4 | |

| Word | Page:Line |
| --- | --- |
| march(1) 13:3 | |
| mark(1) 4:17 | |
| market(5) 1:14 2:7 2:23 29:14 31:5 | |
| marketed(1) 30:1 | |
| mass(1) 46:17 | |
| master(3) 9:8 9:10 75:9 | |
| masters(1) 65:20 | |
| matching(1) 34:3 | |
| material(1) 38:21 | |
| materials(3) 22:18 59:6 59:6 | |
| matter(9) 5:19 16:8 25:12 25:19 26:9 46:13 49:23 65:22 79:14 | |
| matters(5) 8:5 15:18 37:2 37:3 50:15 | |
| matz(1) 4:13 | |
| may(28) 6:22 9:13 10:23 15:3 15:12 15:14 15:24 16:1 16:3 20:23 21:1 21:4 21:8 21:9 27:4 27:25 28:12 35:22 41:15 41:15 45:2 45:13 52:12 55:11 61:3 61:6 62:9 62:24 | |
| maybe(3) 14:11 56:13 65:24 | |
| mccloy(1) 4:12 | |
| mcrsa(2) 30:7 61:13 | |
| meagher(2) 2:44 3:34 | |
| mean(7) 13:14 23:19 24:1 24:21 34:21 72:9 78:14 | |
| meantime(1) 25:6 | |
| mediation(1) 71:1 71:11 71:15 71:15 | |
| mediator(19) 65:1 70:7 70:10 70:15 70:21 71:17 71:19 72:21 73:12 73:13 73:15 73:19 73:24 76:1 76:4 76:15 76:22 78:8 78:8 | |
| meet(6) 37:6 63:20 64:7 64:13 75:13 76:9 | |
| meeting(2) 64:23 64:24 | |
| meets(1) 14:6 | |
| memo(1) 77:5 | |
| mention(4) 48:18 49:13 57:22 71:1 | |
| mentioned(1) 55:14 | |
| mentioning(1) 66:3 | |
| merits(2) 48:25 67:10 | |
| met(2) 44:12 51:22 | |
| michael(1) 20:9 | |
| michelle(2) 2:47 3:38 | |
| mid-november(1) 69:6 | |
| might(9) 41:18 41:18 42:20 47:10 62:23 65:8 67:6 67:11 77:23 | |
| millbank(1) 4:11 | |
| million(6) 14:19 16:15 16:24 34:12 34:14 39:2 | |
| millions(4) 44:24 67:6 67:12 73:7 | |
| mind(3) 66:6 66:12 76:3 | |
| minds(1) 64:24 | |
| minimal(1) 7:19 | |
| minor(1) 75:6 | |
| minutes(2) 9:1 44:11 | |
| misappropriation(1) 27:13 | |
| mistake(1) 36:10 | |
| moment(3) 50:6 60:22 62:21 | |
| momentarily(1) 20:3 | |
| mona(1) 2:22 | |
| monday(1) 5:1 | |
| money(4) 34:17 34:18 35:5 73:16 | |
| monitor(5) 4:4 19:15 19:18 23:16 23:17 | |
| monsanta(1) 42:1 | |
| month(1) 13:6 | |
| more(16) 5:24 10:17 11:14 23:23 35:8 39:17 39:17 42:13 43:11 43:23 45:3 47:12 64:15 69:4 70:23 77:23 | |
| morning(5) 17:2 22:11 24:8 26:14 28:11 | |
| morris(1) 2:4 | |
| most(7) 9:15 10:4 26:19 45:15 52:4 52:5 67:5 | |
| mostly(1) 49:21 | |

| Word | Page:Line |
| --- | --- |
| motion(15) 13:5 17:7 25:1 26:24 43:1 47:17 47:23 47:24 47:25 48:6 48:20 48:21 49:5 49:14 71:12 | |
| motions(1) 9:14 | |
| motorola(1) 7:2 | |
| motorola's(1) 7:3 | |
| move(5) 15:18 27:2 53:25 | |
| moving(2) 22:18 37:20 | |
| much(8) 15:9 24:19 34:13 35:23 69:13 69:20 70:1 74:12 | |
| must(2) 61:20 62:14 | |
| mutual(1) 67:14 | |
| myself(1) 59:12 | |
| name(3) 32:23 36:3 66:11 | |
| named(1) 33:1 | |
| names(9) 29:23 61:17 66:11 68:22 68:25 73:8 74:5 | |
| narrowing(2) 50:10 77:7 | |
| nashville(4) 36:4 38:15 38:17 50:16 | |
| near(2) 28:1 46:16 | |
| necessarily(1) 63:3 | |
| necessary(2) 57:2 75:23 | |
| need(16) 5:25 12:23 13:11 14:12 27:2 27:10 28:1 31:14 37:19 56:12 58:20 64:6 67:8 67:8 73:5 73:6 | |
| needed(3) 10:18 35:4 50:25 | |
| needlessly(1) 14:5 | |
| needs(3) 14:7 48:12 64:3 | |
| negotiate(1) 19:23 | |
| negotiated(1) 72:12 | |
| negotiating(1) 71:3 | |
| neither(1) 16:20 | |
| network(1) 3:48 | |
| networks(2) 1:7 47:25 | |
| neutral(1) 76:13 | |
| never(1) 51:1 | |
| new(3) 1:34 2:18 3:8 | |
| news(1) 31:1 | |
| next(4) 26:9 30:5 48:11 52:5 | |
| nichols(1) 2:4 | |
| nni(13) 8:20 9:11 11:12 26:23 49:3 49:4 49:5 52:17 64:14 64:20 65:18 67:16 75:11 | |
| nni's(4) 48:21 63:9 75:17 75:20 | |
| nnic(1) 16:14 | |
| nnl(20) 2:11 9:9 47:23 49:5 56:4 62:11 62:14 62:17 62:17 63:7 63:19 63:20 63:23 64:1 64:13 64:21 65:18 75:11 76:16 78:23 | |
| nnl's(2) 72:15 75:20 | |
| nobody(1) 57:23 | |
| non(1) 57:10 | |
| non-disparagemen(2) 42:18 54:4 | |
| nor(1) 16:21 | |
| normally(1) 44:3 | |
| nortel(34) 1:7 3:47 5:7 9:7 9:11 10:19 10:24 11:24 13:9 27:25 29:10 29:22 29:25 30:1 30:15 30:18 32:12 34:9 34:12 34:17 35:4 35:18 35:23 35:25 39:20 44:1 44:16 47:25 59:17 59:21 61:23 71:2 72:1 73:4 | |
| nortel's(4) 13:23 29:7 29:12 30:15 | |
| north(3) 2:7 2:23 3:14 | |
| nose(1) 39:12 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| not(74) | 5:24 6:19 11:2 11:5 11:17 12:8 12:19 12:21 14:4 14:22 16:13 16:19 17:15 17:24 17:24 23:8 24:23 25:4 28:18 29:14 30:22 31:17 32:24 32:23 33:9 34:14 34:19 35:10 35:23 38:6 38:20 38:23 39:5 40:7 41:15 41:18 41:21 43:17 44:22 46:1 46:9 47:8 47:25 48:21 48:25 49:5 52:10 54:11 54:15 55:8 56:14 57:18 60:1 61:16 61:19 61:20 62:5 63:3 63:7 63:7 63:14 64:2 64:12 65:24 66:7 66:9 66:25 67:3 67:25 69:23 71:23 74:11 75:15 76:4 | | order(57) | 6:21 6:23 7:1 7:16 7:22 8:3 8:23 9:3 12:9 13:2 13:6 15:8 16:12 17:9 17:11 17:22 19:24 20:2 21:5 21:12 21:20 22:6 24:13 24:14 24:20 24:24 25:5 25:17 27:2 27:11 28:2 38:13 40:18 42:23 43:1 46:7 47:22 48:14 50:15 53:5 53:14 53:18 53:23 54:3 54:18 55:10 57:5 57:6 57:8 59:2 59:13 59:25 60:3 60:8 60:14 | | party(7) | 42:5 43:4 54:20 65:23 71:2 76:1 76:13 | | prepare(1) | 13:1 |
| | | | | | | prepared(6) | 8:1 14:22 25:3 25:11 46:12 66:15 |
| | | | | pass(1) | 61:4 | | |
| | | | | passage(1) | 18:22 | | preparing(1) | 39:24 |
| | | | | passport(2) | 9:17 12:7 | | present(1) | 20:2 |
| | | | | past(1) | 65:19 | | presented(1) | 37:3 |
| | | ordered(1) | 73:10 | | paul(3) | 2:12 56:3 62:11 | | preservation(2) | 40:11 52:3 |
| | | orders(9) | 10:6 10:7 10:15 21:23 21:25 22:2 22:20 54:23 55:2 | | pause(2) | 26:12 31:23 | | preserve(3) | 50:22 50:25 52:6 |
| | | | | pay(6) | 2:31 30:23 31:6 61:25 70:13 73:24 | | preserved(1) | 40:17 |
| note(4) | 41:21 57:25 58:5 71:1 | | | | paying(1) | 16:8 | | president(3) | 33:7 33:14 59:20 |
| nothing(1) | 78:22 | | other(24) | 9:19 10:8 12:24 13:9 21:19 | | payment(1) | 30:20 | | press(1) | 32:22 |
| notice(6) | 16:20 17:8 17:13 17:16 55:5 55:7 | | 35:15 45:10 46:7 49:5 49:19 49:20 49:21 55:4 55:5 55:13 59:9 63:4 64:17 67:21 | | payments(1) | 42:16 | | pressing(1) | 26:19 |
| noticed(1) | 20:22 | | 68:10 69:25 70:8 70:19 74:15 | | peguero(1) | 3:44 | | presumably(1) | 41:9 |
| notified(1) | 51:8 | | | | pending(3) | 48:20 52:12 71:11 | | presumption(1) | 23:23 |
| notify(2) | 51:17 51:20 | | others(2) | 44:14 44:16 | | pennsylvania(1) | 1:47 | | pretty(3) | 61:25 69:13 70:1 |
| now(32) | 8:7 9:13 11:9 11:9 12:3 12:22 16:22 | | otherwise(1) | 57:10 | | pension(1) | 3:48 | | prevent(2) | 40:18 54:1 |
| 17:15 19:12 24:13 29:19 35:16 39:3 40:2 | | ottawa(1) | 69:16 | | people(22) | 5:24 12:4 27:23 31:18 32:15 | | primary(1) | 36:2 |
| 42:13 42:24 43:7 45:21 45:24 46:13 46:22 | | ought(11) | 41:16 43:6 44:9 54:22 55:15 | | 33:23 33:25 34:3 36:14 43:18 43:21 44:4 | | privately(1) | 54:9 |
| 49:22 49:23 52:10 55:9 55:16 55:17 67:5 | | 70:3 71:18 71:19 73:13 73:14 73:24 | | 50:18 51:3 52:4 58:6 68:14 73:7 74:19 | | privilege(2) | 46:2 46:8 |
| 67:8 71:10 71:14 75:10 76:23 | | | | 74:19 77:15 78:17 | | privileged(2) | 42:6 42:7 |
| | | | | | | probably(6) | 11:4 34:22 45:3 66:9 70:24 74:11 |
| nowhere(1) | 28:1 | | our(52) | 7:18 8:19 10:1 10:13 12:9 12:19 | | perform(1) | 32:4 | | |
| number(16) | 6:17 12:2 28:23 29:19 29:20 | | 24:15 26:23 27:5 27:9 27:12 27:21 28:6 | | performing(1) | 29:8 | | |
| 31:24 32:16 54:4 56:11 62:12 64:6 68:16 | | 28:8 33:9 33:20 33:21 34:10 34:19 35:19 | | perhaps(2) | 5:13 15:4 | | problem(21) | 16:13 25:4 27:19 27:22 34:11 |
| 68:19 69:7 69:8 69:12 | | 37:4 37:5 37:8 38:22 39:1 44:2 45:14 | | period(1) | 13:10 | | 34:14 35:1 35:3 39:20 40:9 47:4 47:19 |
| | | 45:17 47:24 48:21 49:19 52:2 57:24 58:1 | | periods(1) | 17:8 | | 48:2 51:15 59:5 60:13 63:11 64:24 70:3 |
| oath(1) | 54:7 | | 59:23 60:13 61:1 61:4 61:14 61:21 61:24 | | permissible(1) | 14:3 | | 75:20 78:7 |
| object(3) | 22:21 23:8 49:3 | | 65:19 65:21 68:13 69:10 69:14 69:19 73: | | permission(1) | 72:5 | | |
| objected(3) | 9:14 10:11 14:22 | | 73:6 73:17 74:24 77:25 | | permit(1) | 9:1 | | |
| objecting(2) | 48:21 49:11 | | | | permitted(2) | 29:2 32:11 | | procedural(1) | 14:15 |
| objection(16) | 6:17 6:20 7:3 7:19 8:11 | | out(34) | 8:19 14:16 15:7 27:14 29:19 31:3 | | person(1) | 12:14 27:25 29:4 36:3 36:15 | | procedurally(1) | 49:8 |
| 8:19 8:20 9:16 10:11 16:12 16:21 17:6 | | 33:21 35:18 36:13 37:4 37:7 37:10 39:16 | | 41:24 41:25 59:17 66:6 76:19 79:2 | | procedure(1) | 14:3 |
| 17:8 17:16 24:14 49:5 | | 42:9 44:8 45:21 46:8 54:19 58:7 58:22 | | | | proceed(1) | 13:25 |
| | | 59:16 62:17 63:9 63:23 67:7 67:12 68:7 | | personally(1) | 63:20 | | proceeding(8) | 5:12 5:15 6:1 23:7 23:8 |
| objects(1) | 49:4 | | 69:2 70:4 71:6 73:8 76:2 76:8 76:14 | | personnel(3) | 30:16 53:15 56:20 | | 24:24 25:15 26:9 |
| obligated(2) | 30:23 69:6 | | | | perspective(4) | 46:11 | | |
| obligation(3) | 36:12 50:22 54:11 | | outfit(1) | 59:20 | | pertinent(1) | 43:23 | | proceedings(1) | 1:20 1:51 19:10 19:10 |
| obligations(4) | 30:15 40:11 53:12 57:1 | | outstanding(2) | 44:13 62:24 | | petitions(2) | 19:11 19:17 | | 22:22 22:23 23:18 23:19 24:1 26:12 31:23 |
| observe(1) | 39:6 | | over(6) | 8:7 44:13 49:1 60:4 67:23 70:3 | | phone(5) | 32:19 33:10 52:19 63:22 79:1 | | 79:14 |
| obtained(1) | 11:18 | | overcome(1) | 23:23 | | phonetic(3) | 6:5 20:9 42:1 | | |
| obviously(4) | 13:11 31:9 43:20 46:2 | | overruled(1) | 9:16 | | pick(1) | 6:5 | | process(21) | 9:9 13:15 14:11 30:21 36:22 |
| occurrence(1) | 33:12 | | overy(3) | 2:11 4:4 23:16 | | picked(2) | 55:25 56:6 | | 37:20 46:5 47:8 51:21 56:16 62:22 63:1 |
| october(1) | 19:11 | | own(4) | 30:1 45:8 46:2 73:17 | | piece(4) | 6:6 41:22 49:4 74:14 | | 63:8 63:12 64:5 64:13 64:15 65:8 67:24 |
| odd(2) | 59:11 59:24 | | | | piling(1) | 24:11 | | 68:4 75:7 |
| off(2) | 63:21 66:23 | | p.m(3) | 1:18 5:1 79:9 | | place(7) | 13:25 36:25 46:15 53:4 54:4 58:2 | | |
| offer(4) | 35:4 39:1 62:22 64:11 | | p.o(1) | 2:50 | | 65:24 | | produce(6) | 30:13 44:5 46:6 46:12 67:7 |
| offered(1) | 53:4 | | package(1) | 20:10 | | | | produced(4) | 1:52 59:8 67:12 70:5 |
| offhand(1) | 15:7 | | page(8) | 21:16 28:12 28:13 28:19 28:20 | | placed(3) | 59:13 59:16 | | producing(1) | 46:14 |
| office(3) | 16:21 17:14 52:2 | | 61:10 68:22 69:15 | | plain(1) | 56:25 | | product(1) | 35:7 |
| officer(1) | 33:2 | | | | plan(2) | 3:48 73:6 | | production(2) | 30:24 76:18 |
| official(1) | 3:20 | | pages(3) | 39:3 44:24 61:14 61:14 67:6 | | plate(1) | 77:25 | | products(9) | 9:8 9:12 29:10 29:13 29:13 |
| ogilvy(1) | 4:7 | | paid(3) | 11:2 12:17 70:17 | | play(1) | 12:6 | | 30:14 32:12 33:5 34:11 |
| okay(31) | 6:4 18:1 21:14 24:5 27:7 28:19 | | paper(5) | 39:13 41:20 41:22 49:4 74:14 | | playing(1) | 67:7 | | |
| 28:24 31:5 32:7 32:13 34:17 37:16 37:22 | | paperwork(1) | 11:12 | | plaza(1) | 1:33 | | professional(4) | 78:11 78:12 78:12 78:16 |
| 45:24 48:14 51:14 51:22 52:15 56:6 58:4 | | paragraph(1) | 71:7 | | pleadings(1) | 20:5 | | professionally(1) | 78:13 |
| 58:23 58:25 60:9 60:24 65:16 66:18 68:18 | | pardon(1) | 65:13 | | please(10) | 5:2 5:4 9:4 16:5 21:2 36:13 | | proffer(1) | 35:4 |
| 73:5 76:19 76:21 77:10 | | parikh(1) | 2:22 | | 37:11 47:14 58:15 61:7 | | proffered(5) | 56:18 |
| | | park(1) | 3:7 | | | | prohibited(1) | 42:19 |
| omni(5) | 8:19 10:2 10:22 11:4 14:17 | | part(10) | 10:5 12:21 34:9 34:25 36:9 | | pleased(3) | 25:6 50:3 60:7 | | projects(1) | 9:12 |
| omnibus(4) | 6:17 6:20 7:19 8:11 | | 52:12 64:7 64:24 74:12 75:19 | | pleasure(1) | 8:16 | | promised(3) | 19:6 37:9 |
| once(1) | 11:25 | | | | plus(1) | 14:19 | | promptly(3) | 76:2 78:3 79:3 |
| one(37) | 1:33 2:49 3:7 3:13 3:13 11:16 11:22 | | partake(1) | 64:13 | | podium(2) | 8:7 15:19 | | properties(1) | 14:8 |
| 14:15 19:5 21:21 24:21 29:16 31:11 34:5 | | partial(1) | 14:12 | | point(17) | 11:14 13:25 14:16 15:17 26:25 | | proposed(2) | 10:13 22:20 |
| 35:15 38:7 45:23 45:24 47:18 48:18 49:20 | | particular(13) | 10:2 23:20 33:23 36:19 | | 37:19 38:1 43:7 43:23 50:20 67:20 68:18 | | proprietary(2) | 29:7 29:12 |
| 51:12 51:12 56:11 57:21 58:3 64:4 64:5 | | 36:20 56:25 63:10 63:10 63:18 63:20 66: | | 70:6 71:6 75:6 75:7 76:1 | | protected(1) | 77:2 |
| 66:22 67:20 68:19 69:7 69:22 70:8 70:19 | | 67:10 77:16 | | | | protection(1) | 60:12 |
| 71:5 72:25 75:6 | | | | pointed(3) | 43:16 68:12 68:16 | | protective(1) | 13:6 |
| | | particularly(1) | 63:11 | | points(3) | 10:2 38:11 56:10 | | protocol(1) | 9:7 |
| ones(2) | 35:21 67:11 | | parties(7) | 13:15 20:15 20:19 21:21 22:7 | | position(3) | 10:14 37:8 37:12 | | |
| only(11) | 5:14 11:16 20:18 20:18 37:4 37: | | 22:21 25:20 30:12 30:21 42:17 42:25 45: | | positions(1) | 67:9 | | provide(9) | 7:16 17:11 30:8 54:9 54:23 |
| 37:16 58:2 61:16 63:23 68:1 | | 45:21 46:22 47:2 47:11 50:7 53:5 53:7 | | possibly(1) | 61:18 | | 57:2 60:22 64:2 69:10 |
| | | 53:16 56:12 63:2 63:12 64:6 70:8 71:8 | | ppearances(3) | 1:24 2:1 3:1 | | |
| onto(2) | 31:24 51:9 | | 71:10 72:12 75:14 | | practically(1) | 44:20 | | provided(5) | 9:6 17:9 28:8 59:4 69:12 |
| opportunity(2) | 79:2 79:3 | | | | pre-petition(1) | 9:20 | | provides(3) | 15:7 17:11 24:25 69:20 |
| opposing(1) | 25:5 | | partner(1) | 58:10 | | precluded(1) | 42:22 | | providing(2) | 7:8 9:11 |
| opposition(1) | 20:15 | | parts(2) | 28:18 61:12 | | prefer(1) | 66:10 | | provisionally(1) | 23:9 |
| option(1) | 64:11 | | | | preliminary(1) | 38:2 | | pull(1) | 49:1 |
| | | | | | | purchase(4) | 10:6 10:6 10:15 30:3 |
| | | | | | | purpose(1) | 29:8 |
| | | | | | | purposes(3) | 23:8 23:9 77:13 |
| | | | | | | pursuant(1) | 30:2 |

| Word | Page:Line |
|------|-----------|

**put**(6) 11:24 14:8 15:8 39:16 54:7 69:3
**quest**(1) 7:7
**quest's**(1) 7:10
**question**(15) 29:17 29:23 31:25 32:10 33:3 34:20 34:23 35:23 36:10 36:22 50:23 60:18 61:15 65:18 69:5
**questions**(7) 44:7 50:3 56:13 58:12 61:12 62:21 68:9
**quick**(3) 5:23 25:25 46:4
**quickly**(1) 18:25
**quite**(1) 56:19
**raise**(6) 36:10 51:2 60:22 63:3 73:23 75:2
**raised**(5) 38:8 38:8 62:16 73:24 75:12
**raises**(2) 36:2 51:5
**raising**(1) 75:10
**ralston**(9) 4:17 8:24 13:21 13:22 15:12 15:14 15:16 20:8 23:22
**rather**(5) 10:7 13:16 45:22 46:22 65:5
**reach**(3) 12:20 14:11 59:16
**reached**(3) 35:18 44:14 63:22
**reaching**(1) 25:20
**read**(2) 22:21 48:1
**real**(3) 34:25 70:3 70:20
**really**(11) 5:14 14:23 34:16 38:4 38:11 38:16 40:8 63:25 67:24 70:20 74:12
**reason**(2) 52:12 52:19
**reasonable**(1) 14:2
**reasons**(1) 10:4
**recall**(4) 9:13 11:5 16:16 29:5
**receive**(2) 6:19 71:11
**received**(6) 6:22 27:4 29:6 41:8 42:15
**receiving**(1) 19:23
**recently**(1) 9:15
**reciprocity**(1) 57:12
**recognition**(9) 19:9 19:25 22:22 23:10 23:18 24:1 24:14 25:15 34:25
**recommend**(1) 66:16
**reconciliation**(1) 30:21
**reconsideration**(2) 7:10 7:13
**record**(7) 18:12 22:4 23:19 24:13 25:2 25:14 44:15
**recorded**(1) 1:51
**recording**(3) 1:51 56:2 79:13
**records**(1) 11:20
**reduce**(2) 10:3 47:10
**reduction**(1) 10:14
**reference**(5) 21:16 21:22 21:24 22:3 43:15
**referenced**(1) 23:6
**references**(1) 22:2
**referencing**(1) 27:17
**reflect**(2) 21:20 31:21
**reflects**(1) 31:13
**refurbished**(2) 30:14 30:24
**refurbishment**(2) 30:2 32:12
**regardless**(1) 56:21
**registration**(1) 23:24
**relate**(1) 32:1
**related**(5) 10:6 14:19 30:17 36:8 53:17
**relates**(3) 54:8 54:14
**relating**(3) 36:5 53:2 69:17
**relationship**(3) 27:25 36:5 36:8
**release**(6) 17:15 42:16 53:5 53:7 53:11 53:25
**released**(2) 16:22 55:9
**relevance**(4) 38:21 46:9 56:20 56:25
**relevant**(7) 40:16 42:12 43:3 57:23 67:11 68:15 69:7
**reliance**(1) 22:17
**relief**(4) 8:2 17:7 21:25 25:11
**remain**(1) 12:25
**remaining**(1) 22:23

**remains**(1) 63:24
**remanufacture**(3) 29:13 32:11 33:4
**remanufacture**(2) 30:14 30:24
**remanufacturing**(3) 30:2 31:4 61:24
**remark**(1) 50:17
**remarkable**(1) 32:19
**remind**(1) 54:5
**renault**(1) 4:7
**rendition**(1) 13:23
**repair**(3) 29:16 30:10 32:4
**repairs**(1) 29:8
**reply**(1) 13:10
**report**(5) 12:15 71:3 71:6 71:23 72:13
**represent**(6) 41:10 56:14 58:11 58:14 58:17 58:21
**representation**(1) 58:20
**representing**(1) 33:10
**represents**(1) 56:15
**request**(9) 7:2 7:7 7:21 11:8 55:3 58:6 61:20 63:17 73:8
**requested**(3) 13:17 25:12 48:8
**requests**(6) 27:2 44:2 48:10 58:3 63:10
**require**(2) 18:5 23:6
**required**(4) 16:20 63:6 67:2 75:15
**research**(2) 4:16 8:21
**reservation**(1) 24:2
**reserve**(3) 17:7 23:5 24:15
**reserving**(1) 48:5
**residence**(1) 59:21
**resist**(1) 71:25
**resolution**(7) 12:20 14:6 14:12 15:1 19:24 20:1 25:21
**resolve**(16) 11:14 12:10 34:10 34:13 37:18 52:23 62:23 63:15 64:9 65:21 65:23 67:2 67:15 72:25 73:18 75:9
**resolved**(2) 62:18 78:18
**respect**(32) 7:3 9:2 9:12 9:17 9:25 10:13 10:20 11:7 11:9 11:11 12:7 12:24 13:9 14:3 19:17 24:3 24:15 33:5 40:16 40:24 42:10 44:10 47:10 48:21 49:14 53:15 57:9 58:11 61:16 67:19 68:11
**respectfully**(1) 13:23
**respond**(5) 13:5 13:10 27:9 38:10 44:4
**responded**(2) 27:16 35:25
**responding**(1) 49:22
**response**(17) 7:25 9:18 23:17 30:6 36:17 36:18 36:22 37:1 37:5 37:9 37:10 37:13 37:14 37:16 61:16 68:14 74:17
**responses**(26) 6:20 7:18 19:16 19:17 19:23 27:10 27:21 28:7 28:12 34:5 35:14 43:10 43:13 43:25 44:1 48:9 56:23 58:2 61:4 61:14 67:3 68:12 70:1 73:2 76:18
**responsibility**(1) 36:5
**responsive**(1) 45:25
**rest**(1) 11:24
**restrictions**(2) 12:5 53:8
**result**(2) 14:8 36:16
**retain**(1) 36:12
**retained**(1) 37:1
**retaliation**(1) 32:24
**retribution**(1) 32:25
**retrieves**(1) 28:17
**return**(1) 34:14
**reverse**(1) 38:13
**review**(4) 21:7 46:2 46:5 73:17
**reviewed**(1) 75:21
**revised**(5) 6:21 6:23 7:22 20:2 22:6
**revision**(2) 7:1 7:6
**rhys**(1) 2:16
**richards**(1) 3:11

**right**(64) 5:16 6:1 6:9 6:24 7:14 8:1 13:19 14:14 15:10 15:20 16:23 17:10 17:20 18:4 18:24 19:20 22:8 23:11 23:11 24:17 25:9 28:9 28:14 29:9 30:11 37:21 38:9 40:2 40:4 42:13 43:12 45:3 46:23 47:21 48:4 49:10 50:4 50:11 52:1 53:1 53:21 53:22 55:7 55:9 56:6 59:10 60:16 61:17 62:6 63:17 66:20 67:8 67:18 68:3 70:18 70:24 71:13 76:23 77:10 77:18 77:24 78:4 78:2 78:24
**rights**(5) 17:8 23:5 24:2 24:15 48:5
**rise**(3) 5:2 33:6 33:9
**risk**(3) 14:8 24:11 35:24
**risk-free**(1) 73:22
**robust**(1) 65:24
**rodney**(2) 2:49 3:13
**rogers**(1) 39:9
**rooney**(1) 2:21
**royalties**(11) 9:12 9:22 9:24 10:10 10:21 11:2 11:21 11:25 12:17 14:19 30:23
**royalty**(2) 30:14 30:20
**rule**(3) 63:16 71:3 72:2
**rules**(2) 14:2 24:24
**run**(5) 5:18 45:14 60:15
**said**(27) 14:10 24:12 32:20 32:23 34:9 34:12 34:16 34:17 34:19 35:18 39:2 40:6 41:9 49:3 49:10 50:17 51:22 52:6 53:3 57:4 58:16 61:4 68:6 69:22 69:22 72:1 73:4
**sale**(5) 9:14 9:17 10:25 32:12 34:10
**sales**(3) 30:25 35:2 35:5
**salvatore**(1) 1:30 6:14
**same**(11) 33:22 37:9 44:2 46:14 54:15 66:19 66:21 69:13 70:1 73:1 74:15
**samis**(1) 3:12
**say**(31) 12:10 12:23 17:7 19:22 27:15 27:15 29:25 30:6 30:19 32:3 41:12 41:15 41:17 41:18 41:19 45:24 47:4 48:1 52:18 53:12 55:1 55:2 55:11 59:23 63:3 69:16 70:2 70:10 76:6 76:14 78:11
**saying**(13) 31:2 32:14 33:3 35:25 37:1 37:14 42:22 58:13 61:18 61:23 62:4 72:3 75:10
**says**(8) 38:20 38:22 42:2 49:4 53:14 54:19 69:15 71:8
**scenes**(3) 14:11 63:13
**schedule**(4) 13:13 44:21 47:7 76:8
**scheduled**(1) 15:4
**schedules**(1) 9:10
**scheduling**(3) 8:23 9:3 13:2
**schuylkill**(1) 1:46
**seal**(5) 20:16 23:3 23:9 23:9 47:19 59:13 59:16
**sealing**(3) 23:2 59:25 60:14
**search**(2) 45:8 45:19
**searchable**(1) 46:18
**seated**(1) 5:4
**second**(2) 7:6 28:6
**secondly**(1) 56:19
**section**(3) 7:10 21:24 71:7
**see**(20) 6:25 8:16 8:17 18:4 21:10 26:17 26:18 36:21 38:24 39:1 44:23 45:20 48:6 53:19 61:13 62:12 62:13 69:8 69:11
**seeing**(1) 39:16
**seek**(6) 7:9 7:13 13:7 13:11 14:11 26:25
**seeking**(4) 9:21 14:1 19:8 31:18
**seemed**(2) 11:16 33:11
**seems**(1) 46:16
**seen**(4) 39:6 54:25 55:10 71:23
**selective**(1) 72:18
**sell**(1) 30:13
**selling**(1) 31:4
**send**(2) 51:5 52:1
**sending**(1) 76:19

**sends**(1) 73:17
**senior**(1) 58:9
**sense**(3) 5:17 6:3 14:24
**sent**(8) 34:9 36:13 37:7 37:11 37:13 52:13 58:12 72:3
**sentence**(1) 49:9
**separate**(1) 62:17
**series**(1) 63:21
**serve**(2) 13:3 48:12
**servers**(1) 45:17
**service**(2) 1:45 1:52
**services**(1) 1:45
**set**(5) 13:11 32:16 33:21 47:6 48:10
**sets**(1) 48:10
**setting**(1) 37:7
**settlement**(3) 42:15 71:7 71:9
**seven**(3) 9:14 39:17 65:6
**severance**(3) 42:16 52:24 53:1
**shall**(1) 19:22
**share**(3) 32:18 54:11 54:19
**shared**(1) 45:10
**sharon**(1) 20:8
**she**(15) 36:3 39:16 39:19 39:19 39:20 40:5 50:20 50:21 50:25 52:8 52:10 52:11 52:11 52:13 52:13
**she's**(1) 52:14
**sherri**(1) 79:17
**shoot**(1) 78:6
**shop**(1) 44:17
**short**(3) 21:19 25:1 43:25
**shortly**(1) 60:23
**should**(17) 5:23 14:16 39:25 40:22 49:19 53:17 55:9 55:16 60:4 63:8 63:12 65:25 68:9 71:19 73:8 73:21 75:1
**shouldn't**(1) 78:11
**shouldn't**(1) 73:22
**show**(2) 12:9 25:5
**shows**(1) 34:21
**side**(17) 12:19 45:8 45:10 45:22 46:2 46:6 46:17 55:4 55:5 67:20 67:21 69:25 70:8 70:19 74:15 75:11 75:11
**sides**(3) 11:12 12:19 46:20
**sign**(4) 8:2 25:17 47:21 77:6
**significant**(1) 30:16
**significantly**(1) 56:17
**similar**(2) 9:24 24:2
**similarly**(1) 42:22
**simple**(2) 34:20 73:8
**simply**(7) 31:16 31:17 33:19 35:9 37:1 71:8 74:1
**since**(2) 10:24 71:9
**sir**(7) 17:4 22:15 24:10 26:18 28:14 62:10 62:13
**sit**(3) 65:4 66:2 76:5
**sitting**(1) 70:21
**situation**(6) 11:6 11:17 14:20 59:11 59:24 78:9
**situations**(1) 44:4
**skadden**(3) 2:44 3:34 56:14
**skeptical**(1) 40:13
**slate**(2) 2:44 3:34
**slippage**(1) 44:23
**small**(1) 59:20
**snmp**(26) 4:16 8:21 8:24 9:6 9:9 9:13 9:19 10:1 10:11 10:18 10:22 11:1 11:7 11:12 11:13 11:18 11:19 11:22 12:1 12:10 12:15 12:19 12:22 13:2 13:10 14:16
**snowstorms**(3) 16:7 18:22 19:4
**software**(7) 11:1 11:11 11:18 11:23 12:16 12:16 13:8

| Word | Page:Line |
|---|---|
| sold(4) | 12:4 12:24 29:13 30:1 |
| solely(1) | 29:7 |
| solicit(1) | 54:9 |
| solve(1) | 34:14 |
| solves(1) | 60:13 |
| some(45) | 7:7 10:23 13:24 14:25 15:3 16:15 18:2 18:19 19:12 27:1 27:11 33:6 33:8 33:25 34:1 35:11 39:16 40:9 42:15 43:16 44:13 44:13 45:6 45:15 48:9 49:15 50:14 52:22 52:24 54:18 56:12 57:1 59:6 61:12 61:20 62:23 62:24 63:23 63:24 65:22 71:8 71:10 75:8 75:9 |
| somebody(6) | 39:25 41:9 49:11 52:19 54:2 58:10 |
| somehow(2) | 40:17 67:2 |
| someone(4) | 32:20 33:11 66:12 76:2 |
| something(13) | 32:5 35:5 35:6 35:8 35:8 45:25 52:1 52:20 52:21 60:2 60:22 71:17 73:4 |
| somewhat(2) | 32:19 43:25 |
| soon(1) | 28:16 |
| sorry(8) | 15:21 26:22 57:20 57:20 57:21 62:7 72:8 75:21 |
| sort(4) | 40:22 65:7 77:2 78:9 |
| sough(1) | 8:2 |
| sought(2) | 10:8 11:6 |
| sound(3) | 1:51 52:20 79:13 |
| sounds(3) | 56:13 76:12 77:8 |
| source(1) | 77:9 |
| space(1) | 39:16 |
| speak(2) | 18:3 54:2 |
| speaking(4) | 26:21 26:23 44:20 44:22 |
| special(2) | 65:20 75:8 |
| specific(10) | 9:12 28:2 32:10 32:14 32:16 34:3 34:4 43:8 44:14 77:15 |
| specifically(4) | 8:20 13:6 49:2 52:9 |
| specificity(6) | 28:1 43:11 61:2 68:11 75:22 75:25 |
| specify(1) | 74:5 |
| spelled(1) | 31:3 |
| spoken(1) | 16:18 |
| spring(1) | 18:25 |
| springs(1) | 47:9 |
| square(2) | 2:49 3:13 |
| stage(1) | 52:5 |
| stam(1) | 4:8 |
| stand(1) | 53:13 |
| standard(1) | 69:24 |
| star(1) | 54:18 |
| stargatt(1) | 2:35 |
| start(2) | 26:9 46:19 |
| started(2) | 44:12 76:25 |
| starts(1) | 67:15 |
| statement(3) | 20:8 20:9 30:5 |
| statements(3) | 13:24 23:22 50:19 |
| states(4) | 1:1 1:22 10:7 10:9 |
| steen(3) | 1:26 3:26 22:14 |
| stiffed(2) | 57:17 57:21 |
| still(4) | 14:23 32:25 36:17 47:3 |
| stipulation(1) | 42:25 |
| storing(1) | 39:17 |
| story(1) | 59:18 |
| straightforward(2) | 73:9 74:2 |
| strauss(3) | 3:4 3:21 17:3 |
| street(7) | 1:14 1:46 2:7 2:23 2:31 2:40 |
| strike(3) | 48:20 48:25 49:6 |
| strikes(2) | 70:11 73:20 |
| strongly(1) | 11:23 |
| stuff(9) | 39:3 41:10 42:6 46:13 46:14 55:3 55:9 57:10 57:24 |
| sub(1) | 49:23 |

| Word | Page:Line |
|---|---|
| subject(12) | 22:6 27:8 46:6 46:25 48:5 54:21 60:17 66:16 70:8 73:3 74:8 77:16 |
| subjects(1) | 74:7 |
| submit(3) | 20:3 25:5 76:5 |
| submitted(2) | 10:22 21:21 |
| subpoena(3) | 54:7 55:3 55:12 |
| subsequent(1) | 38:19 |
| subsidiaries(1) | 16:9 |
| substantial(1) | 35:4 |
| substantive(2) | 46:5 71:15 |
| substantively(2) | 10:17 44:1 |
| such(4) | 27:25 29:4 55:10 55:11 |
| sufficient(2) | 23:23 75:25 |
| suggest(4) | 5:13 26:5 39:20 66:11 |
| suggested(4) | 44:16 73:21 |
| suggestion(1) | 46:22 |
| suggestions(1) | 64:3 |
| suggests(1) | 63:1 |
| suit(2) | 59:9 59:9 |
| suite(1) | 1:39 2:24 2:31 |
| supplemen(3) | 74:4 77:14 77:14 |
| supplemental(1) | 49:22 |
| supplementation(2) | 75:11 75:14 |
| support(2) | 29:1 31:10 |
| supported(1) | 24:1 |
| supporting(2) | 19:11 23:18 |
| supports(1) | 9:7 |
| supposed(3) | 49:7 63:2 63:2 |
| supposedly(5) | 29:22 30:3 30:12 31:21 |
| sur-surreply(1) | 48:6 |
| sure(17) | 16:17 16:19 17:14 18:20 28:5 36:23 36:25 49:24 55:23 56:1 57:14 64:2 64:8 64:12 66:13 76:16 76:25 |
| surely(1) | 55:15 |
| surprise(1) | 79:2 |
| surreply(3) | 47:24 48:3 48:7 |
| suspect(1) | 78:17 |
| suspending(1) | 36:15 |
| swb(4) | 54:17 59:1 59:9 59:17 |
| systems(2) | 36:15 36:25 |
| table(4) | 64:16 66:2 75:12 76:6 |
| take(18) | 26:7 31:21 34:16 39:3 40:12 40:14 40:15 47:8 48:7 51:12 54:12 62:20 64:7 68:21 71:6 76:6 77:23 78:8 |
| taken(2) | 38:25 49:17 |
| taking(3) | 10:14 49:18 50:14 |
| talk(6) | 38:4 50:18 66:2 75:13 76:15 77:2 |
| talked(8) | 17:18 41:18 41:19 41:24 44:12 47:15 52:14 52:14 |
| talking(5) | 33:11 34:3 36:19 66:1 71:16 |
| task(2) | 49:17 69:24 |
| taylor(1) | 2:36 |
| teach(1) | 41:5 |
| technology(5) | 29:7 29:11 29:16 32:4 61:24 |
| tee(1) | 13:1 |
| teleconference(1) | 63:16 |
| telephone(1) | 41:8 |
| telephonic(2) | 3:18 4:1 |
| telephonically(1) | 8:25 |
| tell(20) | 29:17 29:23 29:23 32:12 39:25 42:5 42:6 42:13 43:2 43:24 47:2 47:6 50:18 50:24 51:7 54:6 67:25 68:1 69:6 73:5 |
| telling(1) | 54:1 |
| tells(1) | 41:14 |
| tennessee(1) | 59:14 |
| terminated(1) | 42:11 |
| termination(2) | 53:16 53:20 |
| terms(8) | 22:24 45:8 45:11 45:12 45:19 57:11 69:1 76:17 |
| terry(1) | 36:3 38:14 50:24 |
| test(9) | 27:11 28:2 29:24 31:10 31:15 31:16 31:22 61:18 62:2 |

| Word | Page:Line |
|---|---|
| than(23) | 5:24 5:24 10:7 13:16 23:23 34:13 34:13 35:8 35:8 39:17 45:4 45:22 46:7 46:22 49:5 49:18 55:14 64:15 65:5 68:10 69:25 70:23 72:3 |
| thank(68) | 5:3 6:4 6:10 6:11 6:24 6:25 8:4 8:12 8:13 9:4 9:4 13:19 13:20 15:9 15:10 15:10 15:15 17:12 17:21 18:6 18:7 18:8 18:18 21:2 21:2 21:10 23:12 23:13 24:6 24:7 24:17 24:18 24:19 25:8 25:18 25:19 25:20 25:22 25:25 26:2 26:11 28:14 37:22 37:23 49:25 50:4 50:5 52:15 58:24 60:9 61:8 62:6 67:18 71:21 71:21 71:22 75:3 75:4 77:3 77:11 77:18 77:19 78:19 78:20 79:5 79:6 79:7 |
| thanks(1) | 15:16 |
| that(301) | 5:14 5:14 5:15 5:19 5:24 5:25 6:21 7:2 7:6 7:8 7:9 7:9 7:12 7:17 7:18 7:22 8:4 8:25 9:7 9:10 9:14 10:5 10:5 10:11 10:12 10:14 10:17 10:18 10:21 10:21 10:23 10:23 10:25 11:3 11:3 11:4 11:5 11:10 11:14 11:15 11:17 11:21 11:22 11:23 12:1 12:1 12:2 12:5 12:6 12:11 12:11 12:14 12:15 12:15 12:16 12:20 12:22 12:25 13:7 13:14 14:6 14:10 14:16 14:16 14:21 14:22 14:24 14:24 15:1 15:3 15:6 15:8 15:12 16:19 16:20 17:7 17:9 17:9 17:16 17:17 18:3 20:1 20:4 20:10 20:15 20:22 20:25 21:12 21:23 22:17 22:18 22:20 23:1 23:4 23:5 23:19 23:24 23:25 24:12 25:13 25:16 25:23 27:8 27:10 27:11 27:15 27:19 27:22 27:24 28:1 28:22 28:4 28:7 28:11 28:13 29:1 29:2 29:6 29:11 29:13 29:18 29:20 29:21 29:22 29:22 29:23 29:24 29:24 30:4 30:5 30:13 30:22 31:1 31:5 31:8 31:9 31:13 31:14 31:15 31:16 31:20 31:21 32:6 32:15 32:18 32:19 32:20 32:22 33:6 33:9 33:10 34:2 34:4 34:6 34:8 34:8 34:11 34:12 34:20 34:21 34:25 35:2 35:5 35:6 35:8 35:9 35:13 35:13 35:16 35:17 35:18 36:7 36:8 36:10 36:13 36:15 36:16 36:19 36:20 36:23 36:25 37:3 37:13 38:8 38:11 38:16 38:17 38:18 38:20 38:20 38:21 38:22 38:23 39:13 39:14 39:14 39:20 40:1 40:6 40:9 40:10 40:12 40:17 41:5 41:8 41:17 41:21 41:25 42:2 42:6 42:7 42:8 42:11 42:11 42:21 42:21 43:2 43:6 43:7 43:20 43:23 43:24 44:1 44:4 44:4 44:8 44:10 44:11 44:15 44:21 45:2 45:13 45:15 45:22 45:23 46:1 46:1 46:4 46:8 46:8 46:10 46:13 46:15 46:16 46:16 46:17 46:20 46:21 46:24 46:25 47:1 47:8 47:8 47:15 47:17 47:20 47:21 48:12 48:16 48:18 48:24 48:25 49:2 49:2 49:4 49:7 49:8 49:10 49:11 49:14 49:22 49:23 49:23 49:25 50:7 50:15 50:19 50:20 50:21 51:4 51:5 51:7 51:8 51:15 51:18 51:22 51:25 52:1 52:6 52:8 52:11 52:13 52:22 52:23 52:23 53:1 |

| Word | Page:Line |
|---|---|
| that(164) | 53:6 53:6 53:6 53:7 53:8 53:10 53:13 53:14 53:18 53:25 54:2 54:5 54:5 54:6 54:6 54:8 54:10 54:11 54:13 54:19 54:23 55:3 55:6 55:9 55:9 55:10 55:25 55:25 56:13 56:16 56:17 56:19 56:25 57:1 57:2 57:4 57:10 57:23 57:25 58:6 58:19 58:20 59:4 59:6 59:9 59:12 59:14 59:21 60:2 60:3 60:5 60:7 60:7 60:10 60:11 60:13 60:22 61:1 61:5 61:15 61:23 62:2 62:4 62:4 62:14 62:15 62:16 62:18 62:23 63:1 63:7 63:11 63:12 63:21 63:22 63:23 63:24 64:4 64:5 64:7 64:7 64:9 64:14 64:14 64:18 64:20 65:8 65:10 65:18 65:23 65:23 66:3 66:6 66:13 66:23 67:1 67:5 67:6 67:7 67:12 67:14 67:22 68:4 69:11 69:12 69:13 69:14 69:19 69:20 69:23 69:23 70:5 70:12 70:13 70:21 71:3 71:6 71:8 71:10 71:15 71:18 71:23 72:2 72:9 72:19 72:25 73:2 73:3 73:10 73:10 73:16 73:24 73:25 74:15 74:17 74:18 74:20 74:23 74:25 74:25 75:10 75:13 75:20 75:21 75:22 75:24 75:25 76:1 76:2 76:4 76:8 76:12 76:19 77:1 77:2 77:4 77:4 77:8 78:7 78:10 78:13 78:17 79:12 |
| that's(57) | 6:1 7:16 8:23 14:19 15:5 15:7 17:10 17:17 17:19 17:19 17:22 18:24 21:12 21:21 25:4 26:5 30:7 31:1 31:18 32:7 35:9 36:9 38:23 38:25 39:14 40:6 41:20 42:5 42:7 44:8 48:15 49:25 50:2 50:19 53:23 54:12 55:7 55:14 59:9 59:17 61:10 61:19 61:25 62:5 63:7 66:7 66:25 68:22 69:18 70:24 71:23 73:13 74:11 75:19 77:8 77:12 78:22 |
| the(301) | 1:1 1:2 1:21 2:17 2:39 3:4 3:20 3:26 5:2 5:3 5:7 5:8 5:9 5:9 5:10 5:14 5:15 5:16 5:17 5:18 5:19 5:21 5:22 5:23 5:25 6:2 6:6 6:7 6:7 6:9 6:11 6:13 6:15 6:16 6:16 6:17 6:18 6:20 6:21 6:22 6:23 6:24 7:1 7:1 7:2 7:2 7:3 7:4 7:5 7:6 7:7 8:7 8:9 8:10 8:11 8:12 8:14 8:17 8:21 8:22 9:1 9:2 9:2 9:3 9:4 9:7 9:8 9:13 9:14 9:15 9:17 9:18 9:20 9:24 10:1 10:1 10:3 10:5 10:6 10:7 10:8 10:9 10:9 10:12 10:14 10:14 10:15 10:16 10:19 10:20 10:21 10:22 10:22 10:25 10:25 11:1 11:3 11:4 11:4 11:5 11:6 11:7 11:9 11:11 11:14 11:17 11:21 11:22 11:24 12:2 12:3 12:4 12:7 12:15 12:15 12:16 12:21 12:21 12:24 13:4 13:6 13:8 13:12 13:15 13:15 13:15 13:17 13:19 13:24 13:24 13:25 13:25 14:1 14:2 14:4 14:6 14:6 14:8 14:11 14:11 14:13 14:13 14:14 14:17 14:17 14:18 14:20 14:22 14:23 14:24 14:24 15:2 15:6 15:7 15:8 15:10 15:14 15:18 15:18 15:20 15:22 15:25 16:2 16:3 16:5 16:10 16:11 16:11 16:12 16:16 16:18 16:20 16:23 16:25 17:4 17:5 17:6 17:6 17:12 17:13 17:15 17:17 17:17 17:22 17:22 18:1 18:3 18:11 18:12 18:12 18:14 18:17 18:18 18:20 18:21 18:22 18:23 18:23 18:24 19:2 19:4 19:5 19:8 19:9 19:9 19:11 19:13 19:14 19:14 19:14 19:17 19:18 19:19 19:19 19:20 19:21 19:21 19:22 19:23 19:25 20:2 20:4 20:4 20:5 20:7 20:8 20:9 20:13 20:14 20:15 20:17 20:19 20:22 20:22 20:24 20:24 20:25 21:1 21:2 21:6 21:9 21:12 21:12 21:12 21:14 21:5 21:16 21:18 21:19 21:20 21:20 21:21 21:22 21:23 21:23 21:24 21:24 22:2 22:2 22:2 22:3 22:5 22:6 22:7 22:8 22:13 22:15 22:16 22:17 22:18 22:19 22:20 22:21 22:22 22:23 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**the**(301) 22:24 23:1 23:2 23:4 23:6 23:9 23:11 23:13 23:16 23:17 23:18 23:19 23:20 23:21 23:21 23:23 23:24 24:3 24:3 24:5 24:7 24:9 24:10 24:11 24:12 24:13 24:13 24:17 24:13 24:13 24:14 24:16 24:17 24:19 24:20 24:24 25:2 25:3 25:6 25:9 25:11 25:11 25:14 25:15 25:15 25:16 25:17 25:19 25:20 25:22 25:23 25:23 25:25 26:3 26:7 26:8 26:10 26:13 26:16 26:18 26:19 26:20 26:22 26:24 27:1 27:6 27:8 27:10 27:11 27:15 27:18 27:22 27:25 27:25 28:1 28:2 28:5 28:9 28:11 28:12 28:14 28:18 28:21 28:24 29:3 29:3 29:6 29:6 29:7 29:9 29:14 29:15 29:15 29:17 29:20 29:21 29:22 29:23 29:24 30:7 30:7 30:9 30:11 30:12 30:20 30:21 31:2 31:3 31:4 31:10 31:11 31:12 31:13 31:16 31:18 31:20 31:20 31:20 32:3 32:10 32:11 32:15 32:21 32:21 32:24 33:3 33:7 33:14 33:14 33:17 33:18 33:22 34:2 34:2 34:3 34:5 34:9 34:14 34:15 34:17 34:17 34:20 34:23 35:2 35:11 35:14 35:21 35:24 36:2 36:4 36:5 36:10 36:12 36:14 36:22 37:3 37:8 37:9 37:9 37:13 37:15 37:15 37:16 37:17 37:23 38:1 38:1 38:2 38:2 38:7 38:9 38:11 38:12 38:13 38:14 38:15 38:18 38:24 39:1 39:3 39:5 39:6 39:8 39:11 39:12 39:23 40:2 40:4 40:5 40:15 40:19 40:19 40:22 40:22 41:4 41:1 41:3 41:7 41:16 41:20 42:1 42:1 42:3 42:14 42:14 42:16 42:17 42:25 43:4 43:4 43:8 43:7 43:9 43:11 43:13 43:15 43:19 43:23 43:24 44:1 44:2 44:5 44:6 44:7 44:9 44:11 44:12 44:12 44:13 44:14 44:15 44:20 44:21 44:21 45:1 45:1 45:2 45:3 45:5 45:7 45:9 45:12 45:15 45:15 45:20 45:21 45:23 45:25 46:3 46:6 46:7 46:14 46:16 46:18 46:19 46:22 46:22 46:23 46:25 47:1 47:1 47:2 47:4 47:5 47:10 47:11 47:11 47:14 47:16 47:17 47:18 47:21 48:4 48:6 48:8 48:17 48:18 48:23 48:25 49:1 49:2 49:4 49:5 49:10 49:11 49:13 49:14 49:16

**the**(301) 49:19 49:25 50:4 50:6 50:6 50:7 50:9 50:10 50:12 50:15 50:16 50:19 51:1 51:1 51:12 51:15 51:17 51:20 51:21 51:22 51:23 51:24 52:1 52:3 52:4 52:4 52:5 52:5 52:12 52:13 52:15 52:17 52:21 53:5 53:5 53:10 53:13 53:14 53:14 53:15 53:18 53:21 53:23 54:6 54:15 54:15 54:17 54:1 55:3 55:4 55:5 55:6 55:7 55:19 55:24 55:25 56:2 56:2 56:5 56:7 56:9 56:11 56:22 57:2 57:5 57:6 57:7 57:8 57:10 57:11 57:12 57:12 57:12 57:15 57:19 58:6 58:7 58:8 58:9 58:9 58:23 59:1 59:2 59:5 59:6 59:9 59:10 59:12 59:16 59:19 59:19 59:20 59:24 60:6 60:6 60:21 60:25 61:2 61:2 61:7 61:8 61:13 61:13 61:16 62:6 62:8 62:10 62:13 62:15 62:22 62:23 62:24 63:1 63:2 63:5 63:8 63:9 63:10 63:10 63:11 63:12 63:13 63:21 64:1 64:4 64:5 64:6 64:7 64:9 64:13 64:15 64:17 64:18 64:19 64:22 64:24 64:24 64:25 65:3 65:8 65:13 65:16 65:23 65:24 65:24 66:1 66:3 66:6 66:7 66:8 66:10 66:13 66:14 66:18 66:20 66:22 66:22 67:1 67:4 67:7 67:9 67:10 67:11 67:12 67:15 67:15 67:17 67:18 67:19 67:20 67:21 67:21 67:22 67:24 67:25 68:3 68:6 68:6 68:7 68:9 68:11 68:11 68:11 68:12 68:15 68:23 69:1 69:5 69:9 69:11 69:13 69:13 69:17 69:17 69:25 70:1 70:2 70:3 70:4 70:6 70:7 70:7 70:8 70:11 70:11 70:12 70:15 70:16 70:19 70:20 70:25 71:2 71:3 71:5 71:6 71:23 71:25 72:1 72:6 72:12 72:13 72:14 72:18 72:23 73:1 73:5 73:11 73:12 73:13 73:15 73:20 73:24 74:3 74:6 74:7 74:8 74:8 74:10 74:15 74:15 74:17 74:18 74:19 75:4 75:7 75:9 75:19 75:21 75:22 75:25 76:4 76:11 76:13 76:14 76:17 76:20 76:22 76:25 76:25 77:4 77:10 77:12 77:14 77:18 77:24 78:2 78:4 78:6 78:8 78:10 78:16 78:21 78:24

**the**(10) 79:1 79:1 79:2 79:3 79:7 79:9 79:12 79:13 79:13 79:14

**their**(50) 7:9 7:12 7:15 9:16 11:7 11:20 13:3 14:17 23:5 25:20 27:12 27:17 30:6 30:22 34:4 35:14 38:18 38:19 38:19 41:16 44:5 44:6 44:7 45:8 45:9 45:16 45:17 45:23 45:24 46:2 46:14 47:18 49:5 49:22 55:14 56:22 56:23 57:16 58:1 58:1 58:1 58:3 63:3 67:9 68:13 69:2 69:3 69:4 73:7 74:4

**theirs**(1) 48:7

**them**(48) 7:8 21:7 35:20 36:1 36:1 38:5 38:5 38:8 38:20 38:21 39:1 39:2 39:25 40:9 40:10 40:17 40:18 41:11 43:15 43:21 45:18 46:14 48:3 50:3 50:15 50:18 51:12 53:17 53:25 54:6 54:9 54:12 54:16 55:1 55:16 55:17 56:22 57:9 59:4 59:5 59:7 59:8 67:23 68:8 69:4 73:3 74:25

**themselves**(2) 5:25 73:18

**then**(48) 5:22 5:23 5:23 8:25 9:9 9:22 10:8 13:1 13:9 14:20 18:25 19:12 20:7 25:6 26:6 29:13 30:19 38:4 38:11 44:5 44:7 45:10 45:18 45:22 45:24 46:5 46:23 47:3 47:5 47:21 49:8 53:23 62:21 63:5 63:6 63:15 63:17 65:23 66:9 67:23 73:19 74:22 75:24 76:7 76:13 77:6 78:7 79:4

**there**(39) 9:8 9:10 11:10 11:11 11:25 14:15 16:7 16:7 17:16 19:16 31:17 32:6 32:9 32:13 33:13 38:3 38:4 39:1 39:13 40:9 46:9 47:10 49:11 50:22 50:24 52:11 52:22 54:19 55:10 56:9 57:15 62:24 63:4 64:25 68:22 70:10 73:21 77:1

**there's**(25) 11:20 13:10 18:4 21:11 32:13 35:15 39:13 40:4 46:9 47:17 48:20 49:3 51:21 53:3 54:18 56:7 56:11 57:1 59:25 63:3 63:13 63:14 65:22 70:22 75:15

**therein**(1) 23:6

**these**(35) 20:19 23:25 28:11 31:11 31:13 31:14 31:15 31:16 31:19 31:21 32:15 33:4 33:8 34:5 35:18 35:24 36:6 36:18 37:18 41:3 44:4 46:24 46:24 47:15 50:15 51:9 54:16 54:22 54:23 67:22 68:25 73:15 73:23 75:9 76:6

**they**(117) 7:9 7:12 7:13 10:11 10:13 10:18 11:14 11:15 11:20 11:23 13:3 14:20 18:4 27:15 27:15 27:15 29:25 30:5 30:6 30:19 32:1 32:9 32:1 32:3 33:25 34:1 34:1 34:9 38:16 38:18 38:23 38:23 38:23 39:1 39:3 39:15 39:20 40:3 40:8 40:11 40:12 40:13 40:13 40:14 40:15 40:15 41:10 41:11 41:11 41:12 41:12 41:16 41:17 41:19 41:19 43:20 43:25 44:5 44:6 44:7 48:8 48:12 48:9 49:22 51:4 51:5 51:6 52:23 53:17 53:17 53:23 54:2 54:7 54:8 54:8 54:8 54:9 54:12 54:16 54:19 55:1 55:11 55:14 57:9 57:17 57:17 58:16 58:16 58:16 58:17 58:17 58:19 58:20 59:3 61:18 61:21 61:22 63:4 65:25 68:7 68:7 68:8 68:21 69:15 69:16 70:1 72:25 72:25 73:19 74:5 74:16 74:16 74:18 74:25 75:1 75:1

**they'll**(2) 53:18 53:19

**they're**(7) 13:4 27:11 38:20 43:20 46:20 51:4 74:20

**they've**(6) 34:4 38:8 41:18 44:19 47:23 49:8 49:12 49:13 71:5 72:25 77:2

**thing**(11) 5:14 29:16 35:17 47:1 48:17

**things**(18) 5:8 11:22 27:24 31:2 31:12 31:14 41:3 41:5 42:23 45:6 46:19 47:12 47:15 49:20 49:21 66:3 71:20 75:9

**think**(64) 5:14 5:24 12:18 12:22 13:8 13:25 14:18 15:17 16:18 17:13 17:18 17:22 20:18 23:19 25:1 38:12 40:6 40:15 43:3 43:23 44:8 44:15 45:12 45:13 46:11 47:8 47:23 49:2 49:18 49:23 50:12 54:22 55:12 58:19 60:6 63:9 64:23 66:11 66:12 67:14 67:15 69:11 70:6 70:13 70:24 71:2 72:20 72:24 73:13 73:16 73:22 76:1 77:4 77:6 78:10 78:22

**thinking**(7) 60:22 62:18 63:22 65:8 70:20 71:18 76:18

**thinks**(1) 74:22

**third**(3) 54:20 65:23 76:11

**thirteenth**(2) 6:17 6:20

**this**(117) 7:24 8:20 10:19 11:15 11:17 12:8 12:10 12:23 13:1 13:18 13:25 13:25 14:25 15:17 16:19 17:11 17:11 18:19 19:13 21:22 22:21 23:8 25:19 26:4 26:20 26:25 27:12 27:19 28:11 28:22 28:25 29:16 29:19 29:21 29:25 30:5 30:7 30:17 32:4 32:13 32:15 33:3 33:8 33:12 33:13 33:14 33:15 34:10 34:13 34:18 34:22 34:24 34:25 35:10 35:17 36:2 36:11 36:12 36:15 36:19 37:14 37:19 37:20 39:10 39:25 40:1 40:16 41:7 41:7 41:7 41:24 44:14 44:21 45:15 45:24 48:18 49:21 50:16 50:23 51:8 51:8 51:11 51:23 54:14 55:4 55:15 56:3 56:3 56:16 56:20 57:15 59:11 59:24 59:25 60:7 60:25 61:21 62:1 62:18 63:3 63:19 66:23 67:12 68:9 68:24 69:5 69:12 70:2 70:6 70:9 72:21 73:4 73:4 73:1 76:19 78:17 79:2

**thomas**(1) 4:13

**those**(27) 8:2 9:21 9:25 12:3 16:21 21:25 27:16 31:8 31:14 35:11 36:17 37:1 37:3 39:4 43:24 45:10 46:19 48:12 55:2 55:2 55:16 57:3 58:12 65:21 67:11 71:19 73:18

**though**(6) 11:16 17:9 49:11 54:15 54:20 57:1

**thought**(9) 12:25 14:23 35:2 35:3 49:7 62:20 64:18 64:22 65:19

**thousands**(1) 44:24

**three**(5) 16:7 27:23 55:13 61:14 72:2

**through**(18) 5:18 19:12 27:20 28:11 33:20 43:8 43:16 43:17 44:6 45:23 46:22 52:23 54:1 61:12 68:4 74:16 74:18 77:2

**throws**(1) 29:19

**time**(17) 13:10 13:25 15:3 18:19 18:22 25:19 26:4 38:16 45:3 45:16 46:15 51:13 52:21 73:16 75:10 77:23 78:7

**times**(1) 50:24

**today**(21) 5:9 18:15 19:7 20:21 21:21 38:16 41:21 53:6 54:22 56:13 62:15 63:25 66:4 70:22 71:16 72:25 73:10 75:12 75:17 77:13 77:20

**today's**(2) 21:13 22:19

**together**(4) 13:16 32:1 35:19 45:7

**told**(13) 31:5 31:6 32:18 38:20 38:21 40:1 40:9 41:11 42:10 42:19 51:6 52:9 69:5

**tomorrow**(1) 48:9

**too**(2) 53:20 74:12

**took**(1) 45:14

**top**(1) 21:16

**topic**(4) 44:14 54:15 60:25 61:1

**topics**(1) 43:9

**toronto**(1) 2:32

**touch**(3) 34:7 58:18 58:21

**tough**(2) 72:21 78:11

**training**(1) 18:25

**transcript**(11) 1:20 1:52 20:12 20:14 20:15 20:22 22:25 23:5 24:3 24:16 79:13

**transcription**(2) 1:45 1:52

**transcriptionist**(1) 79:19

**transcripts**(1) 23:2

**transmittal**(1) 20:6

**treatment**(3) 23:7 24:22 25:7

**tried**(4) 34:14 37:18 53:24 59:16

**trouble**(1) 46:23

**true**(3) 38:21 38:23 72:22

**trustee**(1) 3:47

**trustee's**(2) 16:21 17:14

**try**(12) 11:13 11:24 12:9 12:23 13:16 14:5 14:25 50:18 63:13 63:14 65:21 70:14

**trying**(8) 35:6 37:5 37:17 49:1 59:7 59:15 59:22 62:3

**tuesday**(1) 48:11

**tunnell**(1) 2:4

**turn**(4) 8:7 28:6 28:20 61:10

**tweed**(1) 4:11

**twelfth**(6) 8:11 8:19 10:2 10:22 11:4 14:17

**twenty-five**(1) 68:2

**twenty-two-thousand-dollar**( 10:3

**two**(13) 10:2 16:7 19:16 20:18 35:2 36:6 37:3 47:4 49:20 64:3 64:6 69:8 72:2

**type**(3) 71:17 74:14 77:5

**typically**(1) 55:2

**u.s.**(15) 5:7 9:13 9:20 10:1 10:14 10:19 16:21 19:14 19:14 19:19 22:16 22:21 23:1 23:4 24:3

**ultimate**(1) 14:12

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **ultimately**(1) 45:11 | | **wasn't**(4) 41:9 57:24 69:5 72:15 | | **which**(34) 5:22 9:9 10:25 11:1 12:8 13:2 14:16 16:13 16:13 19:24 20:2 20:6 20:12 21:15 21:24 24:25 25:14 26:25 29:14 31:11 33:1 34:9 41:17 43:16 44:22 45:3 46:8 49:16 51:16 52:24 63:9 66:24 67:9 74:5 | | **would**(60) 5:13 5:18 6:22 12:6 12:12 13:7 13:22 15:18 19:6 19:24 20:3 20:10 20:11 20:14 20:23 20:25 21:4 21:6 22:5 24:2 24:15 25:1 25:18 27:19 27:20 28:20 29:5 36:16 39:6 41:23 43:3 43:24 46:12 46:13 46:21 50:3 53:6 53:13 55:21 56:16 56:18 56:24 57:5 57:24 60:2 62:20 64:14 64:20 65:4 65:10 66:12 66:13 67:1 67:20 70:4 71:16 73:1 73:10 74:15 76:22 |
| **unable**(1) 11:13 | | **waste**(1) 73:16 | | | | | |
| **uncontested**(1) 8:5 | | **waterfront**(1) 56:8 | | | | | |
| **under**(16) 7:10 7:13 9:9 9:10 20:16 23:2 23:9 24:24 29:15 47:19 53:8 53:12 54:7 57:10 59:13 59:16 | | **way**(10) 11:21 19:5 44:5 44:9 63:1 63:24 64:19 70:1 70:13 70:25 | | **while**(3) 41:3 43:24 47:12 | | | |
| | | | | **who**(42) 8:8 10:24 26:3 29:23 30:3 31:12 31:18 32:20 33:2 33:11 33:17 33:25 34:20 34:24 36:4 36:24 41:9 41:24 43:18 43:18 50:16 51:3 51:8 51:23 52:4 52:19 56:15 58:7 58:12 58:14 58:17 59:17 61:19 62:2 65:4 65:4 66:12 68:7 68:14 70:7 71:19 73:5 | | **wouldn't**(1) 12:13 |
| **understand**(9) 19:5 34:18 34:19 34:22 37:17 44:6 50:6 60:16 78:2 | | **we'll**(17) 13:11 17:7 18:3 25:8 25:10 26:7 26:8 34:17 34:18 37:15 37:16 47:6 48:15 57:6 57:8 74:23 77:12 | | | | **write**(1) 41:16 |
| | | | | | | **written**(3) 41:21 41:22 48:14 |
| **understanding**(3) 38:1 38:22 59:15 | | **we're**(28) 19:4 24:25 28:19 31:9 31:18 33:9 33:16 34:24 35:9 39:5 46:5 46:11 49:16 51:18 52:10 52:21 55:12 57:18 59:7 59:22 59:25 60:1 61:18 61:20 62:1 61:55 71:16 73:7 | | | | **wrong**(2) 45:4 49:8 |
| **understands**(1) 76:16 | | | | **who's**(1) 69:7 | | **wrote**(1) 26:24 |
| **understood**(2) 29:25 30:13 | | | | **whoever**(4) 66:15 70:12 73:22 73:23 | | **www.diazdata.com**(1) 1:49 |
| **undertake**(2) 12:7 12:23 | | | | **whole**(5) 44:20 50:20 56:8 76:3 76:3 | | **yada**(2) 38:5 38:5 |
| **unfortunately**(4) 40:15 69:9 70:5 70:15 | | **we've**(34) 6:21 6:22 7:17 16:18 19:12 21:22 22:1 24:24 32:17 33:21 34:6 35:13 35:18 36:18 37:3 38:8 40:9 40:10 40:17 45:25 46:1 47:19 48:9 50:23 51:1 57:15 59:2 60:14 61:17 71:3 74:2 74:13 74:21 77:23 | | **whose**(1) 73:7 | | **yeah**(3) 48:18 64:22 76:24 |
| **ungberg**(1) 3:29 | | | | **why**(11) 19:11 49:10 52:13 59:15 62:15 68:9 69:5 | | **yes**(49) 5:10 6:8 6:18 7:20 8:9 8:22 9:18 15:14 15:25 16:10 16:16 16:16 16:25 17:4 18:14 18:17 21:2 21:18 22:10 22:15 24:10 26:16 27:6 28:21 30:9 32:14 39:8 39:11 39:23 41:1 42:3 43:9 45:5 48:23 49:25 50:13 51:2 51:24 52:17 56:5 57:7 58:8 61:3 62:10 68:23 75:5 76:19 76:20 78:5 |
| **united**(4) 1:1 1:22 10:7 10:9 | | | | | | | |
| **universe**(1) 45:18 | | **week**(5) 44:17 47:4 48:11 77:20 78:6 | | **wide**(1) 10:18 | | |
| **unless**(2) 38:6 70:16 | | **weeks**(6) 32:20 45:2 47:4 49:15 53:12 72:4 | | **will**(46) 5:24 8:2 8:8 9:1 11:4 11:24 13:3 13:5 13:16 14:10 15:7 15:8 15:8 17:7 19:17 20:2 25:7 25:17 29:5 34:14 38:3 38:10 41:24 43:16 46:1 46:18 47:21 51:25 52:25 53:13 53:20 53:25 54:4 54:5 54:6 60:4 66:24 69:11 73:18 74:11 75:9 76:8 76:9 77:14 77:16 77:17 | | |
| **unlikely**(1) 67:3 | | **welcome**(3) 26:4 64:15 64:15 | | | | **yet**(2) 12:8 24:21 |
| | | **well**(28) 5:11 11:13 12:3 13:13 15:2 17:22 18:6 19:21 25:3 25:15 25:16 27:15 27:18 33:24 34:12 36:18 36:20 38:25 40:19 62:4 62:22 63:9 64:18 67:10 68:18 70:20 72:1 75:2 | | | | **york**(3) 1:34 2:18 3:8 |
| **unliquidated**(4) 9:23 10:9 10:20 14:21 | | | | | | **yosef**(2) 2:48 3:40 |
| **unnecessary**(2) 10:13 39:14 | | | | **willing**(1) 64:12 | | **you**(227) 5:3 6:4 6:10 6:11 6:24 6:25 6:25 8:4 8:12 8:13 8:16 8:17 9:4 9:4 9:13 9:15 9:15 11:11 11:15 11:24 12:2 12:9 12:14 12:18 12:18 13:2 13:17 13:19 13:20 13:21 14:21 15:9 15:10 15:10 15:14 15:15 16:3 17:12 17:21 18:6 18:7 18:8 18:18 21:2 21:2 21:9 21:10 21:10 21:18 23:12 23:13 24:6 24:7 24:17 24:18 24:19 25:1 25:4 25:8 25:18 25:22 25:25 25:25 26:1 26:2 26:11 26:17 26:18 27:23 28:14 28:20 29:16 29:18 31:2 31:3 31:4 31:5 31:5 31:6 31:10 32:3 32:3 33:8 33:16 33:24 33:25 34:10 34:16 34:18 35:3 35:6 36:7 36:9 36:16 36:16 36:20 36:23 39:2 39:9 39:21 41:15 42:10 42:10 42:13 42:25 43:1 43:2 43:24 44:3 44:23 45:2 45:11 46:8 47:3 47:4 47:5 48:2 48:7 48:15 48:25 48:46 49:3 49:7 49:9 49:25 50:4 50:5 50:17 50:24 51:8 51:8 51:9 52:8 52:15 52:18 53:25 54:1 55:3 55:18 55:21 55:22 57:8 57:18 58:14 58:14 58:24 60:8 60:9 60:11 60:11 61:5 61:8 61:10 61:23 61:24 61:25 62:6 62:12 62:13 62:21 63:6 63:16 64:12 64:15 65:9 65:13 65:21 66:3 66:6 66:10 66:10 67:12 67:18 68:1 68:2 68:6 68:8 68:8 68:12 68:21 69:9 69:11 69:19 70:2 70:3 70:10 70:12 70:16 70:16 70:22 71:6 71:21 71:21 71:22 72:18 73:3 73:13 73:4 75:3 75:4 76:7 76:13 76:25 77:3 77:11 77:18 77:19 78:8 78:9 78:14 78:19 78:20 79:5 79:6 79:7 79:7 |
| **unpaid**(7) 9:22 9:23 10:10 10:20 11:21 11:25 14:18 | | **went**(6) 32:5 37:10 45:14 45:17 46:25 | | | | |
| | | **were**(37) 9:21 10:22 11:13 11:15 11:25 19:16 19:18 19:23 21:23 25:25 25:25 28:11 29:15 29:18 31:3 31:4 31:4 32:6 32:9 32:12 32:15 33:13 33:13 35:2 35:6 35:24 45:10 47:15 49:7 49:14 52:4 58:12 62:16 67:21 69:2 69:4 69:6 | | **willkie**(1) 3:48 | | |
| **unreasonable**(1) 67:13 | | | | **wilmington**(8) 1:15 1:40 2:8 2:25 2:41 2:51 3:15 5:1 | | |
| **unsecured**(2) 3:21 9:20 | | | | | | |
| **unsigned**(1) 11:10 | | | | **wilson-milne**(1) 3:30 | | |
| **until**(3) 39:4 48:11 63:25 | | **weren't**(3) 38:16 49:1 59:14 | | **wind-down**(1) 16:8 | | |
| **untrue**(1) 31:9 | | **west**(1) 2:40 | | **wish**(1) 7:23 13:21 22:8 79:7 | | |
| **upon**(4) 19:1 20:21 21:21 25:14 | | **weston**(1) 3:49 | | **wishes**(1) 26:3 | | |
| **urging**(1) 11:22 | | **what**(92) 5:13 11:5 11:6 11:9 11:17 12:11 12:23 13:4 14:1 14:12 14:12 15:6 17:22 22:7 33:11 33:16 33:17 34:1 35:2 35:5 35:6 36:21 36:22 36:24 38:10 38:12 39:1 39:19 41:14 41:15 41:17 41:19 42:1 43:19 44:3 44:3 44:6 44:7 44:18 44:18 45:1 45:9 45:14 45:15 45:21 46:1 47:3 48:15 51:4 51:7 51:16 51:21 53:12 53:12 53:19 54:8 54:12 55:1 55:11 55:14 56:24 56:24 61:13 61:18 61:19 63:4 63:4 63:5 63:8 63:19 64:1 64:2 65:20 67:4 67:8 67:9 68:5 68:5 68:8 73:13 73:14 74:7 77:12 78:14 | | **with**(132) 6:1 7:3 7:11 7:11 7:15 8:2 8:24 9:2 9:8 9:10 9:12 9:16 9:25 10:13 10:20 10:21 10:24 11:7 11:7 11:9 11:11 12:7 12:24 13:9 13:12 13:23 14:3 14:6 14:10 14:25 15:12 16:14 16:18 17:17 18:3 18:15 18:21 18:21 19:5 19:13 19:14 20:4 20:13 20:18 20:19 21:1 21:5 22:21 24:3 24:12 24:17 27:2 27:3 27:19 29:16 30:7 30:14 31:19 32:18 33:4 33:22 33:24 34:11 35:3 35:5 35:17 38:2 38:8 39:20 40:16 40:24 41:3 42:10 44:16 44:22 45:7 45:8 45:10 45:11 45:12 47:10 47:16 47:19 48:2 48:15 48:16 48:21 49:2 49:4 49:14 51:22 53:15 53:18 54:10 54:11 54:16 54:19 56:4 56:15 57:9 58:11 58:18 58:21 59:5 59:17 61:16 61:24 64:1 64:24 65:4 66:6 66:6 67:15 67:19 68:11 70:22 71:7 74:6 74:23 75:8 75:25 76:3 76:11 76:14 77:15 78:7 78:8 79:2 79:2 | | |
| **violate**(2) 57:3 60:3 | | | | | | |
| **violating**(1) 57:3 | | | | | | |
| **volume**(2) 30:17 44:18 | | | | | | |
| **waiving**(1) 34:19 | | | | | | |
| **walked**(1) 63:21 | | **what's**(4) 63:11 67:2 69:19 70:22 | | **withholding**(1) 54:16 | | |
| **want**(29) 22:24 23:4 28:18 32:23 34:7 34:10 34:16 40:3 40:15 42:25 44:22 48:25 49:9 53:14 54:8 54:12 55:24 60:2 60:15 63:25 64:12 68:7 68:8 69:24 70:16 74:3 75:11 76:6 76:7 | | **whatever**(5) 40:14 49:9 54:8 57:9 67:11 | | **within**(5) 14:2 14:13 32:2 32:6 46:13 | | |
| | | **whatsoever**(2) 41:17 44:23 | | **without**(4) 11:18 30:17 37:18 57:2 | | |
| | | **when**(18) 12:11 31:10 31:19 35:17 36:24 41:14 41:15 41:23 42:14 50:18 51:5 56:25 62:1 65:22 69:6 70:15 72:1 73:7 | | **witness**(5) 20:8 20:9 23:22 57:25 68:1 | | |
| **wanted**(15) 7:12 10:2 11:14 11:23 13:17 16:17 16:19 17:14 18:2 44:10 48:17 49:1 49:24 71:1 71:5 | | | | **witnesses**(5) 29:24 39:24 67:9 68:7 69:13 | | **you'll**(5) 15:2 61:13 77:5 78:7 79:3 |
| | | | | **woman**(2) 36:11 50:16 | | **you're**(15) 40:1 42:4 55:25 55:25 64:22 64:23 69:14 70:13 71:18 74:3 74:4 76:4 76:5 76:6 78:6 |
| | | **whenever**(1) 39:24 | | **won't**(3) 33:20 42:13 67:14 | | |
| **wants**(6) 38:6 42:24 48:1 54:7 61:18 69:8 | | **where**(16) 11:17 12:17 12:22 13:3 13:14 23:21 31:10 33:18 40:6 58:2 59:12 59:22 63:12 63:20 65:22 73:3 | | **wondering**(1) 64:25 | | |
| **warehouse**(1) 59:7 | | | | **wool**(1) 49:1 | | |
| **warning**(1) 42:1 | | | | **word**(3) 19:7 40:12 46:18 | | **you've**(5) 34:11 36:13 47:3 47:6 55:4 |
| **warrant**(1) 71:16 | | **where's**(1) 31:13 | | **work**(11) 14:6 40:3 42:11 49:16 50:7 63:2 66:24 67:21 76:1 76:8 76:14 | | |
| **was**(96) 7:18 7:19 9:24 10:5 11:3 11:3 11:5 11:6 11:10 11:10 11:11 11:15 11:22 11:23 12:1 12:12 13:1 14:15 16:7 16:7 16:11 16:11 16:13 16:20 17:16 20:4 20:11 23:25 25:12 26:5 29:2 29:14 29:21 30:15 30:22 31:5 31:12 32:2 32:4 32:10 32:13 32:19 32:20 32:22 32:24 32:25 33:1 33:15 33:17 34:20 34:24 35:5 35:6 35:7 35:8 35:8 36:2 36:3 36:11 36:16 37:16 38:15 38:17 39:13 39:13 39:16 41:20 42:11 44:15 46:9 49:8 49:10 49:24 50:21 50:21 50:24 52:6 52:11 52:20 52:22 52:24 53:9 53:13 59:15 60:20 60:21 62:2 64:1 65:8 73:5 73:9 75:12 79:9 | | **whereby**(1) 42:15 | | **worked**(4) 7:15 19:22 45:20 70:4 | | **young**(12) 2:35 4:4 36:3 38:14 39:9 39:16 40:1 40:19 50:16 50:24 51:3 52:8 |
| | | **whereupon**(1) 79:9 | | **working**(1) 63:13 | | |
| | | **whether**(28) 11:20 11:25 12:20 14:1 14:7 23:5 32:2 32:6 32:10 32:13 33:15 37:12 38:3 40:17 41:23 41:25 43:3 43:5 48:25 51:2 52:10 55:8 58:11 63:6 63:13 63:14 64:6 77:1 | | **worried**(1) 38:16 | | **young's**(1) 40:14 |
| | | | | **worth**(1) 41:20 | | |

| Word | Page:Line |
|------|-----------|

**your** (187) 5:6  5:8  5:13  6:1  6:4  6:14  8:4
8:15  8:19  9:6  10:17  11:10  12:11  13:14
13:22  14:10  14:15  15:5  15:12  15:16  15:17
16:6  17:2  17:10  17:21  18:7  18:11  19:8
19:10  19:13  19:16  20:1  20:11  20:14  20:17
20:21  21:4  21:8  21:11  21:19  22:5  22:11
23:12  23:15  23:17  24:6  24:8  24:23  25:8
25:18  25:19  25:24  26:6  26:11  26:19  27:4
27:18  27:20  28:3  28:10  28:20  29:5  29:17
31:1  31:22  31:24  32:18  33:19  33:20  34:8
35:11  35:15  35:21  36:16  37:2  37:4  37:12
37:18  37:19  37:25  38:6  39:6  40:24  41:4
41:5  41:14  41:21  42:24  43:3  43:6  43:13
43:14  44:10  46:21  46:24  47:2  47:12  48:1
48:12  48:24  49:13  49:24  50:2  50:5  50:8
51:18  51:25  52:6  52:16  53:13  53:20  53:22
54:3  54:14  54:21  55:19  57:4  57:14  58:24
59:1  59:23  60:3  60:9  60:17  61:3  61:6
61:9  62:7  62:11  62:16  62:20  63:5  63:15
64:4  64:8  64:12  64:14  64:21  65:11  65:12
65:17  66:5  66:15  66:19  66:21  67:16  67:19
68:22  69:8  69:10  70:2  70:9  70:15  70:25
71:1  71:11  71:18  71:22  71:25  72:8  72:16
72:20  72:21  73:1  73:12  73:15  73:17  73:25
74:1  74:9  74:12  74:13  75:3  75:6  75:17
76:9  76:18  77:3  77:8  77:17  77:25  78:5
78:19  78:20  78:25  79:5  79:6