January 31, 2011

Clerk of the Court,
United States Bankruptcy Court for District of Delaware,
8224 Market Street 3rd Floor,
Wilmington, Delaware 19801

Copies to:

Cleary Gotlieb Steen & Hamilton LLP,    Attn: James Bromley
One Liberty Plaza,
New York, NT 10006

Morris Nichols Arsht & Tunnel LLP,    Attn: Derek C Abbott
1201 North Market St,
PO Box 1347,
Wilmington, Delaware 19801

Case No. 09-101138 (KG)
Nortel Networks Inc (NNI) et al

Dear Sir or Madam,

I wish to oppose the entry of an order approving the Motion for an Order 1) approving the stipulation; 2) Directing US Bank National Association to turn over property of Nortel Networks and; 3) granting related relief to the Nortel Networks U.S. deferred compensation plan ("Order") and I am hereby filling an objection.

As a long term Nortel employee who personally contributed portions of my income to this plan, I am very disappointed to see the motion suggesting a blending of deferred income, employee earnings, and personal contributions with the General Corporate funds. It appears that there is enough monies in the fund without "blending" to pay out the monies owed to members of the plan.

**Grounds for Objection and Rejection of the Order**

There are several reasons for requesting this objection and that the court rejects the Motion to for Order as provided in Docket 3438.

- Deferred compensation was strongly recommended by Nortel Networks to "middle executive management" as a solid and safe investment, a way to contribute to the growth of Nortel Networks, and prepare for transition into retirement.

- Deferred compensation was compared to 401K investment presenting risks from an investment viewpoint, but no risks with respect to Nortel Networks success or failure. It was also pressed as a supplement to retirement benefits and risks associated with same.
- Nortel Networks and Mullin TGB never articulated to the Deferred Compensation plan contributors any warning of potential "full loss" with respect to their plan contribution in the event of a Nortel Networks bankruptcy and the potential full loss of all investments. Such warning would have triggered immediate withdrawal of investment due to high risks. In fact as late as Dec 2008 Nortel was promoting the plan and recruiting for enrollment in the 2009/2010 plan.
- Furthermore, Nortel Networks had knowledge of the bankruptcy planning and did not properly forewarn the investors with respect to the risk of their investments in the context of an eventual bankruptcy. Adequate and proper disclosure would have triggered most plan contributors to immediately withdraw their investments and avoid this current procedure.
- Deferred Compensation is "earned" money by the employees for work done and revenue and profit taken by NORTEL.

## Recommendations for actions by the court:

- Order in Docket 4638 be rejected
- That Mullin TBG be instructed to immediately distribute in full the Deferred Compensation Plan balance to each contributor

Best Regards,

Niel A. Covey
Nortel Deferred Compensation Plan Participant
Employee Number 0146213