John E. Sheppard
4808 Wood Valley Drive
Raleigh, NC 27613-6334

January 28, 2011

Clerk of the Court,
United States Bankruptcy Court for District of Delaware,
824 Market Street, 3rd Floor,
Wilmington, Delaware 19801

Copies to:

Cleary Gottlieb Steen & Hamilton LLP   Attn: James Bromley
One Liberty Plaza,
New York, New York 10006

Morris Nichols Arsht & Tunnel LLP   Attn: Derek C Abbott
1201 North Market St,
PO Box 1347
Wilmington, Delaware 19801

### Case No. 09-10138 (KG) : Nortel Networks Inc (NNI) et al

Dear Sir or Madam,

I have just been informed by a fellow retiree of a document, labeled Docket 4638 in the Epiq files, dated 12-22-10 from the United States Bankruptcy Court, with a focus on the Nortel Networks US Deferred Compensation Plan. I have not yet received my copy in the US Mail, but am a named service member (one of the 325 listed) in the Plan.

As a retiree after 40 years of service to Nortel, and attaining only middle management, I wish to file an Objection to the filing, and in particular to the Motion and Stipulation.

My grounds for the Objection and requested Rejection of Motion and Stipulation are as follows:

- The Deferred Compensation "trust" was offered & recommended by Nortel Networks to middle management & regular employees. Of the list of 325 people named in reference to Docket 4638, only one is an Executive. The others are (were) middle management or regular employees like myself. It is inaccurate to represent this group as a "select group of management and highly paid employees", as stated in the Motion.
- The Deferred Compensation plan was explained as a "trust", a solid and safe place to invest already earned salary as retirement savings, & safety was compared to 401K plans.
- The salary earnings invested in the Deferred Compensation Trust are "locked" as a requirement of the "trust", and the distribution plan could not be changed. In view of the inability to change the payout structure once an employee had recorded a retirement payout plan, it is wrong and unreasonable to have a one sided agreement wherein the money in the Trust can be re-claimed by a debtor without granting the retiree the right to extract his or her earned money in one payment.

A further request is made as follows:
- Docket 4638 makes a reference in Section C28 that Bankruptcy Rule 9019 provides that "the court may approve a compromise or settlement". Under this authority, the Third Circuit has emphasized that compromises and settlements are favored in bankruptcy. Furthermore, the District of Delaware has recognized "the consensual resolution of claims minimizes litigation and expedites the administration of the bankruptcy estate".

Thus the approval of a proposed compromise and settlement falls within the sound discretion of bankruptcy court. In view of the complexities & conflicts associated with the Nortel Networks Deferred Compensation Plan, and that the $37.9 million is rightly held in Trust, I request & encourage the court to consider a direct "compromise and settlement".

I hereby reiterate my Objection to the filing of the document, labeled Docket 4638 in the Epiq files, dated 12-22-10, and request that the Motion and Stipulation in Docket 4638 be rejected.

I further request & encourage the court to consider a direct "compromise and settlement".

Yours sincerely,

*[signature]*

John E. Sheppard