January 28, 2011

Clerk of the Court,
United States Bankruptcy Court for District of Delaware,
824 Market Street, 3rd Floor,
Wilmington, Delaware  91801



Copies to:

Cleary Gottlieb Steen & Hamilton LLP   Attn: James Bromley
One Liberty Plaza,
New York, New York  10006

Morris Nichols Arsht & Tunnel LLP   Attn: Derek C.  Abbott
1201 North Market St.
PO Box 1347
Wilmington, Delaware  19801

Case No. 09-10138 (KG)
Nortel Networks Inc (NNI) et al

Dear Sir or Madam,

I have received a document, labeled Docket 4638 in the Epiq files, dated 12-22-10 from the United
States Bankruptcy Court, with a focus on Nortel Networks US Deferred Compensation Plan.  I wish to file
an Objection to the filing, and in particular to the Motion and Stipulation as received.

### Grounds for Objection and Rejection of Motion and Stipulation

There are numerous reasons driving this Objection, that the Court should act on, and reject this Motion
and Stipulation as provided in Docket 4638.

- Poor Positioning of the Plan to Employees:  I joined this plan in 2000, and it was not
  communicated to the employees the level of risk that was involved.  There was a general power
  point slide deck that was provided with general information on how the plan worked.
  Employee's losing their hard earned income, due to a very poorly communicated plan does not
  make sense.

- Majority of the People Impacted are not the Sr Execs at NNI:   When you look at the list of the
  325 people associated with Docket 4638, they are middle management employees.  I am
  guessing that the more Sr Executives probably exited the program earlier in the life of the
  program. This program was somehow mis-positioned to the middle-management team, and
  they should not take the brunt of this mis-management.

- **Nortel may Emerge from Chapter 11:** It does not make sense to inter-mingle these employee dedicated funds (and the associated investments) with the general assets of the corporation. When I do the math, if the NNI Patents bring in $1.5B+, it appears that the debt may be covered, and these funds should be fully available to the ex-employees.

- **Requested Withdrawal before Bankruptcy and was Denied:** I formally requested the withdrawal of my funds in this program on Dec 22, 2008 (formal written process), and was informed by the plan administrator (MullinTBG) that due to the Nortel slow processing procedures, that my monies would be paid out in January. Nortel filed for Bankruptcy 3 weeks later, and my funds were never paid out. This clearly looks like a deceptive practice, to avoid paying out funds to an employee. I have provided documentation of this Request with Nortel and Mullin TBG, in Claim #665.

**Recommendations for Action by the Court**

1) That the Motion and Stipulation in Docket 4638 are rejected.
2) That the Debtors are encouraged to find a "compromise and settlement".
3) That the Trustee, in conjunction with Mullin TBG, be instructed to present a plan to the Court, for the payment of these assets then held in Trust, to all the retirees and ex-employees who are involved in the Deferred Compensation Plan.
4) A Citizen Committee of participants in the Deferred Compensation Plan be appointed to monitor the activities recommended above.

Sincerely,

David Dautenhahn
Nortel Deferred Compensation Plan Participant
Employee Number 0100276
Claim Number 665 & 7229