January 30, 2011

Clerk of the Court
United States Bankruptcy Court for District of Delaware
624 Market Street, 3rd Floor
Wilmington, Delaware 19801

Copies to:

Cleary Gottlieb Steen & Hamilton LLP
Attn: James Bromley
One Liberty Plaza
New York, NY 10006

Morris Nichols Arsht & Tunnel LLP
Attn: Derek C. Abbott
1201 North Market St.
PO Box 1347
Wilmington, Delaware 19801

Chapter 11
Case No. 09-101138(KG)
Nortel Networks Inc (NNI) et al

I am writing to the court to formally file my objection to the motion for an order directing US Bank National Association to turn over property to NNI and granting related relief to the Nortel Networks US Deferred compensation plan (Docket 4638).

I was provided the opportunity to participate in the deferred compensation plan twice during my twenty-four years of employment with Nortel Networks. Neither of the times that I qualified to participate in the plan was I provided any guidance or caution by my employer or the Human Resource department of the risks associated with the plan. The plan was presented as a way to reduce near-term taxes while enabling one to save for future expenses, such as funding college expenses. I was handed an application form and encouraged to use the program. Details of the program, such as the rabbi trust and the risks involved other than the standard risk associated with investing in the stock market were never mentioned of brought to my attention. Early in 2008 when I learned that the money I worked long and hard for was subject to be used as part of any bankruptcy claim, I I attempted to get my money out of the plan. Only to be told by the investment management group that I had signed a routine form that locked my money in to plan for 5 years or more. As you can see, my actions are not those of a 'investment-savvy executive" who understood the risks associated with their investment. I was the lowest grade level employee allowed to participate in the plan and not in any way an "executive or executive officer". The company prided itself in telling employees that they were doing the best for them and working on their behalf when it came to benefits. I never thought for a moment that the company would offer me a "benefit" that was not secured.

The dollar amount in the contested Deferred Compensation Plan program represents less than 1% of the total assets in review, but my claim amount for the portion of my Deferred Compensation represents 100 percent of funding that would have paid for my two children's college educations.

I respectfully ask the court to
1) Reject the Order in Docket 4638
2) Request that MullinTBG be instructed to distribute in full the deferred compensation owed to the employees who earned and worked hard for that money.

Jenifer Maryak
10720 Dunhill Terrace
Raleigh, NC27615