Carroll Gray-Preston
101 Halleys Court,
Morrisville,
NC 27560
February 1st 2011

Clerk of the Court
United Sates Bankruptcy Court for the District of Delaware,
824 Market Street 3rd Floor,
Wilmington, Delaware 19801

Copies to:

Cleary Gotlieb Steen & Hamilton LLP   Att: James Bromley
One Liberty Plaza,
New York, NY 10006

Morris Nichols Arsht & Tunnel LLP     Att: Derek C Abbott
1201 North Market St.
P.O. Box 1347
Wilmington, Delaware 19801

**Case No. 09-10138 (KG)**
**Nortel Networks Inc (NNI) et al**

Dear Sir or Madam,

I have just been informed by a colleague of a document. Labeled Docket 4638 in the Equip files, dated 12-22-10 from the United States bankruptcy Court referencing the Nortel Networks US Deferred Compensation Plan. I misunderstood the significance of this and it's impact on my retirement savings and beg the courts indulgence in filing this late submission, I am sure the court wishes to hear from as many of the impacted parties before ruling on this docket.
I wish to strongly oppose the entry of an order approving the Motion for an Order 1) approving the stipulation; 2) Directing US Bank National Association to turn over property of Nortel Networks and: 3) granting related relief to the Nortel Networks U.S. deferred compensation plan ("Order") and I am hereby filing an objection.

Grounds for Objection and Rejection of the Order

- The scheme is referred to in the docket as a benefit offered to senior executives of Nortel, however, if you look at the list of people impacted by this possible ruling, few if any senior executives would be significantly impacted due to either good advice or fortunately timed withdrawals. Therefore taking the funds earmarked for the deferred compensation plan would impact people such as myself who worked hard for many years in the hope of a comfortable retirement and have little if any chance of making up those funds. I feel that referring to senior executives is at best misleading and more an attempt to provoke an emotional response rather than a reasoned assessment of the how Nortels deferred compensation plan worked and the impact of removing the funding impacts the future wellbeing of over 300 loyal Nortel employees.
- The scheme was offered to second-tier managers and up as a way to increase their retirement savings by deferring their own earnings. This was made more attractive by changes to the Nortel pension plan to limit or eliminate the traditional pension scheme in favor of schemes based on discounted Nortel stock, we all know how that worked out. The result of this was that the Nortel deferred compensation plan became almost a

necessity to employees such as myself, who had little time to regain anticipated pension lost through mandated changes to the pension plan. I consider this scheme a major component of my retirement planning, funded by money I earned, no money from Nortel and as such a special case protected from general creditors.
- There is an existing precedence to protect deferred compensation plans impacted by bankruptcy and believe the Nortel scheme is covered by this precedence, due to the changes in the pension plan which made us more dependent on the deferred compensation scheme for our retirement savings.
- I believe the court should be working to protect the rights of all claimants including those in the deferred compensation plan, and that a compromise can be found, especially as the funds involved are such a small portion of the whole settlement but make a huge impact to 325 people directly involved. Those of us without access to well compensated advisers are dependent on the good will of the court and the integrity of the system to protect our rights and retirement fairly.

Recommendations for Action by the Court

1. That the Motion and Stipulation in Docket 4638 are rejected.
2. That a compromise and settlement of the deferred compensation fund is recommended by the court such that we receive the funds we are owed.

*[signature]*
Carroll Gray-Preston