February 1, 2011

Vince Iacoviello
20 Broadview Ave.,
Madison, NJ 07940

Clerk of the Court,
United States Bankruptcy Court for District of Delaware,
824 Market Street, 3rd Floor,
Wilmington, Delaware 19801

Copies to:
Cleary Gottlieb Steen & Hamilton LLP         Attn: James Bromley
One Liberty Plaza,
New York, New York, 10006

Morris Nichols Arsht & Tunnel LLP            Attn: Derek C Abbott
1201 North Market St,
PO Box 1347
Wilmington, Delaware 19801

## Chapter 11
## Case No. 09-101138 (KG)
## Nortel Networks Inc (NNI) et al

Dear Sir or Madam,
I have received and reviewed Docket 4638 dated 12-22-10 from the United States bankruptcy Court referencing the Nortel Networks US Deferred Compensation Plan. I wish to oppose the entry of an order approving the Motion for an Order 1) approving the stipulation; 2) directing US Bank National Association to turn over property of Nortel Networks and; 3) granting related relief to the Nortel Networks U.S. deferred compensation plan ("Order") and I am hereby filling an objection.

### Grounds for Objection and Rejection of Motion and Stipulation

There are several reasons to request, in this Objection, that the Court reject the Motion and Stipulation as provided in Docket 4638.

- **Enrolment requirements to participate in the Plan:** The list of 325 individuals receiving Docket 4638 does not represent a "select group of management and highly paid employees", as stated in the Motion. Very few individuals on the list were "management" and had "policy making and executive responsibility" when they qualified to contribute to the plan.

- **Disclosure of the Plan's risk:** Minimal information about the plan (between 2000 and 2003) was made available to participants. Conference calls and PowerPoint charts were used to formally

communicate the plan, but the presentations were focused on the investment benefits of participating in the plan and not the risks associated with investing in such a plan. Employees were told that there was a "Measure of protection provided by "Rabbi Trust"" (see page 12 of the enclosed presentation from Nortel) of the funds in the plan, which turns out not to be true.

- **Availability of information:** In late 2009, Nortel Networks and Mullin TBG had knowledge of the bankruptcy planning and did not properly forewarn investors with respect to the risk of their investments in the context of an eventual bankruptcy. Adequate and proper disclosure would have triggered most plan contributors to immediate withdraw their investments and avoid this current procedure. Certain executives that liquidated their Deferred Compensation accounts prior to Nortel Network's filing of Chapter 11, did so with information not available to the average Plan participant.

- **Delay in processing withdrawal requests by Mullin TBG:** On December 5, 2009, the pending bankruptcy became public knowledge through a Wall Street Journal article. Withdrawal requests at that point would take a minimum of 6 weeks to process and distribute. Once the bankruptcy was declared, the withdrawal requests that were already in process were stopped and the transactions reversed, effectively putting the money back into the Mullin TBG account. In effect, the rank and file employee's had no opportunity to make an informed decision about their money.

### Recommendations for Action by the Court

1. That the Motion and Stipulation in Docket 4638 are rejected.
2. That Mullin TBG be instructed to immediately distribute in full the Deferred Compensation plan balance to each participant.

Yours sincerely,

Vince Iacoviello

# NORTEL NETWORKS

# Nortel Networks U.S. Deferred Compensation Plan

## 2001 Plan Year
### January 1 through December 31, 2001

Prepared October 2000

Click to edit Master subtitle style

# Financial risks

- Unsecured creditor in unlikely event of corporation's bankruptcy or insolvency
- Measure of protection provided by "Rabbi Trust"