January 31, 2011

Clerk of the Court,
United States Bankruptcy Court for District of Delaware,
824 Market Street, 3rd Floor,
Wilmington, Delaware 19801

Copies to:

Cleary Gottlieb Steen & Hamilton LLP   Attn: James Bromley
One Liberty Plaza,
New York, New York 10006

Morris Nichols Arsht & Tunnel LLP      Attn: Derek C Abbott
1201 North Market St,
PO Box 1347
Wilmington, Delaware 19801

### Case No. 09-10138 (KG)
### Nortel Networks Inc (NNI) et al

Dear Sir or Madam,

I have received a document, labeled Docket 4638 in the Epiq files, dated 12-22-10 from the United States Bankruptcy Court, with a focus on the Nortel Networks US Deferred Compensation Plan. I wish to file an Objection to the filing, and in particular to the Motion and Stipulation, as received.

- As a member of the deferred Compensation plan I viewed the trust as a good vehicle to enhance my retirement nest egg. I was saddened to receive the news that with this motion a majority portion of this money was clearly in jeopardy and that the my contributions over the last number of years were at stake.

- As a pensioner (retired in October 2007) I was not aware that a change made to a distribution required a 1 year notification nor was I made aware that I could under penalty make a change. I communicated with Mullin TBG in early 2008 in order to effect a change but by this time it was too late to precede Nortel's declaration of January 2009. These funds are now part of the request.

- The Deferred Compensation Plan does not fit under the widely perceived notion of Executive Compensation. I was employed as a middle manager until my retirement and during the years of my contributions into the plan.

**Recommendations for Action by the Court**

1. That the Motion and Stipulation in Docket 4638 are rejected.
2. That the Debtors are encouraged to find a "compromise and settlement" -- with the reminder that the $37.9 million in Trust represents less than 1% of the total assets in review, and there are several legal issues that need to be resolved, that could be handled through a "compromise and settlement".
3. That the Trustee, in conjunction with Mullin TBG, be instructed to distribute, in full, the validated Deferred Compensation Plan claims of any person who had moved to a state of retirement, with a regular distribution, before January 14, 2009
4. That the Trustee, in conjunction with Mullin TBG, be instructed to present a plan to the Court, for the payment of the assets then held in Trust, to all the other people who are involved in the Deferred Compensation Plan.
5. A Citizen Committee of participants in the Deferred Compensation Plan be appointed to monitor the activities recommended above.

Yours sincerely,

Frank Bayno
3509 La Costa Way
Raleigh, NC 27610

919-773-0167

Fbayno@nc.rr.com