Gordon Adamyk
137 Broadmeadow Road
Groton, MA 01450
February 1, 2011


Clerk of the Court
United States Bankruptcy Court for District of Delaware
824 Market Street, 3rd Floor
Wilmington, Delaware 19801

Copies to:

Cleary Gotlieb Steen & Hamilton LLP  Attn: James Bromley
One Liberty Plaza
New York, NY 10006

Morrris Nichols Arsht & Tunnel LLP  Attn: Derek C. Abbot
2101 North Market Street
PO Box 1347
Wilmington, Delaware 19801

**Chapter 11**
**Case No. 09-101138 (KG)**
**Nortel Networks Inc (NNI) et al**

Dear Sir or Madam:

I have received a document, labeled Docket 4638 in the Epiq files, dated 12-22-10 from the United States Bankruptcy Court, with a focus on the Nortel Networks US Deferred Compensation Plan. I wish to oppose the entry of an order approving the Motion for an Order i) approving the stipulation II) directing US Bank National Association to run over property to NNI and iii) granted related relief to the Nortel Networks US Deferred Compensation Plan ("Order") and am hereby filing an Objection.

I do apologize to the court for the lateness of this filing. I did receive the motion in the mail over the holidays. I read it over several times and did not really understand the implications. I have received many mailing from Epiq over the last year and they were always hard to understand for the lay person. Only recently, based on contact from other former Nortel employees, have I realized the implication to me personally of this Motion.

### Grounds for Objection and Rejection of the Order

I have read a number of the other objections and will not reiterate many of the good points raised to date. The plan has been characterized as one available to an elite set of executives. This is not the case, and the plan eligibility was based on income level and available to middle management, and even first level technical supervisors and senior engineers. While aware that the plan was not as secure as a 401K, the plan was

Clerk of the Court
February 1, 2011
Page 2

encouraged as an excellent way for savings towards retirement or education funds. When the topic of bankruptcy was raised in one of the Q&A sessions with the Plan administrator I remember a statement being made that while the funds were unsecured, the courts typically treated them special in the case of bankruptcy. As the investments were 100% from the employee's paycheck, the court has the option of treating them differently. I don't have a legal background and can't quote any precedence. All I can say is that after 25 years with the company, I felt that my money would be safe in a 'Rabbi Trust'. In the very unlikely case of bankruptcy I was under the understanding that the courts would be sympathetic based on the fact that these funds are directly the result of payroll deductions.

My account value has also increased since the bankruptcy date.   I feel that those funds should be 100% assigned to the account owner.

I ask that the courts reject this motion and return the funds and any appreciated values to the people who sacrificed part of every paycheck in order to plan for a better future for themselves and their families.

Thank you for your consideration of this matter.


Sincerely,

Gordon Adamyk