January 30, 2011

Clerk of the Court,
United States Bankruptcy Court for District of Delaware,
824 Market Street, 3rd Floor,
Wilmington, Delaware 19801

Copies to:

Cleary Gottlieb Steen & Hamilton LLP    Attn: James Bromley
One Liberty Plaza,
New York, New York 10006

Morris Nichols Arsht & Tunnel LLP       Attn: Derek C Abbot
1201 North Market St.
PO Box 1347
Wilmington, Delaware 19801

**Case No. 09-10138 (KG)**
**Nortel Networks Inc. (NNI) et al**

Dear Sir or Madam,

I am writing this letter in regards to Docket 4638 in the Epiq files, dated 12-22-10 from the United States Bankruptcy Court, with a focus on the Nortel Networks US Deferred Compensation Plan. Understand I am past the official deadline for this letter but have been traveling out of the country and was not aware of the deadline to file a response. As a long term Nortel employee who personally contributed portions of my earned income to this plan it is difficult to comprehend this motion.

I wish to file an OBJECTION to the filing noted in Docket 4638 and in particular the Motion and Stipulation that was requested. As a long term employee who was not considered at any time part of a "select executive group" am extremely disappointed in these efforts to blend employee earnings and personal contributions with general corporate funds.

**Grounds for Objection and Rejection of Motion and Stipulation**

There are several reasons to request, in this Objection, that the Court reject the Motion and Stipulation as provided in Docket 4638.

- In review of the list of 325 people who were sent Docket 4638, shows that it does not represent a "select group of management and highly paid

employees", as stated in the Motion. As a matter of policy at Nortel the US Deferred Compensation Plan was offered to a very broad base of employees, as presented in all material received from either Nortel Networks or Mullin TBG.

- Deferred compensation was consistently compared by both Nortel Networks and Mullin TBG representatives to a 401K investment presenting risks from an investment viewpoint, but no risks with respect to Nortel Networks success or failure.

- Nortel Networks and Mullin TGB representatives made little, if any, reference to potential for complete loss of contributions from Nortel Networks filing for bankruptcy.

### Recommendation for Actions by the Court

- That the Motion and Stipulation in Docket 4638 are rejected.

- That the Debtors are encouraged to find a "compromise and settlement" with the reminder that the $34.9 million in trust represents less than 1% of the total assets in review.

- That the Trustee, in conjunction with Mullin TBG, be instructed to present a plan to the Court, for the payment of the assets then held in Trust, to all the retirees and ex-employees who are involved in the Deferred Compensation Plan.

Yours Sincerely,

Patrick A Davis


Nortel Deferred Compensation Plan Participant

Plan ID:       5589

Employee Number: 192348

Claim Number:     3869