5724 Cedar Grove Circle
Plano, TX 75093

T: 469-366-5443

Sunday, January 30, 2011

Clerk of the Court
United States Bankruptcy Court for District of Delaware
824 Market Street, 3rd Floor
Wilmington, Delaware 19801

Copies to:

Cleary Gottlieb Steen & Hamilton LLP
Attn. James Bromley
One Liberty Plaza
New York, New York 10006

Morris Nichols Arsht & Tunnel LLP
Attn. Derek C Abbott
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801

## Case No 09-101138 (KG)
### Nortel Networks Inc (NNI) et al

Dear Sir or Madam,

I received an e-mail this evening alerting me to Docket 4638 in the Epiq files, dated 12/22/2010 where to my dismay debtor corporations are moving to appropriate funds from a Nortel Deferred Compensation Plan used by a small group of mid-level Nortel employees.

I wish to file 2 Objections to the filing and the motions / stipulations per the Docket 4638 and to ask for immediate payment of money outstanding plus gains and interest under Claims 794-801.

I have 2 separate, unrelated circumstances underpinning this protest:

1. My last Deferred Compensation payment for the outstanding sum was due as of January 1st, 2009. Nortel declared bankruptcy on January 14th, 2009. It is clear they

unlawfully delayed payment to appropriate as much leverage as they could in preparation, for bankruptcy proceedings. The funds in claims 794 - 801 were due for payment prior to Bankruptcy and were illegally delayed. Nortel acted unlawfully and punitively at my expense without regard for their obligations under the rules of the plan.

2. I did not receive Docket 4638. I was informed only by today's e-mail from another former Nortel employee.

I draw your attention to the following supporting points below as evidence, justification and information to assist the court in justifying the correct decision to pay the employees their outstanding salaries under their claims, and because these individual employees do not have adequate representation in the court as part of the proceedings:

1. Precedent: the Wall Street Journal article references a similar situation with judgement in favor of employees in the case of a company called "New Century Financial Corp.".
2. Punitive and underhand tactics by Nortel: Docket filing on December 22nd, 2010: Holiday Seasons and customary travel gives the appearance that this Docket was being surreptitiously snuck in, in the hope it would be overlooked. Without today's e-mail, they would have been successful.
3. Underhand tactics by Nortel: Regarding Docket 4638 on Epiq website, the URL link to the document is not working. Access to information is possibly being obstructed.
4. Misuse of a program by leadership to obtain use of employee's money: Nortel Networks statements regarding their claim to the saved salaries from former employees, as per the Wall Street Journal article dated December 23rd, 2010 and titled "Nortel Networks Corp. moved Wednesday to seize $37.9 million in retirement savings socked away over 10 years by some of its top U.S. executives":
    a. Nortel's claim I am one of it's Top US Executives: Of the 325 people listed in the docket, 324 are mid-level employees. It is incorrect to characterize me as "top executives compensation".
    b. Nortel's Claim I understood the plan was "Risky": When original compensation was deferred, the plan was not seen as risky. My compensation was deferred in 2000, 2001 and 2002 and Nortel had Billions of Dollars in the bank and was one of the most promising and stable companies around.
    c. Nortel's claim that this is money from highly compensated employees is incorrect. I myself was a mid-level manager with industry average pay.
5. Professional and complete advice was not provided. TBG originally provided administrative services and then merged with Mullin. Neither organizations or the collective organization were able to provide suitable telephone

support these last years, starting even before the Nortel bankruptcy announcement.
6. <u>Continuously confusing communications for the layman from Epiq</u>: I am not a lawyer and do not have legal or other expert support to "translate" information received from Epiq as part of this painful process or advise on actions to take. I do my best to "translate" and understand the jargon, within my means.

Grounds for Objection and request for immediate payment:

1. I left Nortel in December 2003. I elected to have 5 years of payments upon departure. The last payment was due on January 1st, 2009. This payment was unlawfully withheld in anticipation for bankruptcy filing.
2. The plan has been misrepresented and under-supported to Nortel's mid-level manager participants. It was extended to the wrong people under false pretences of security and safety.
3. Salaries are obligations that have continued to be paid by Nortel to other employees, even after bankruptcy announcement. These salaries need to be paid also. It is unfair to single out a group of employees just because their money is in a trust. This money is not accessible for bankruptcy proceedings.
4. Review of the named people in Docket 4649 Exhibit B does not support the view this was a Top Executive Compensation program. Therefore the program was mis-used by Nortel and they should not be allowed to appropriate the funds earned and carefully saved by employees.
5. These funds are retirement or College funds for families. Not part of compensation of wealthy executives.
6. These funds were in a trust for employees, of which I am one.
7. Funds were unlawfully withheld prior to bankruptcy filing on January 14th, 2009 and should have been fully distributed January 1st, 2009.

Requested actions from the court:

1. Reject the Motion and Stipulation
2. Distribute the funds in full to legitimate claimants
3. Appoint a lawyer to represent employee interests and translate "subject matter expert" language from bankruptcy proceedings into normal English

Respectfully and sincerely,

*[signature]*

Bart Kohnhorst