February 1, 2011.

Clerk of the Court,
United States Bankruptcy Court for District of Delaware,
824 Market Street, 3rd Floor,
Wilmington, Delaware 19801

Copies to:

Cleary Gottlieb Steen & Hamilton LLP   Attn: James Bromley
One Liberty Plaza,
New York, New York 10006

Morris Nichols Arsht & Tunnel LLP      Attn: Derek C Abbott
1201 North Market St,
PO Box 1347
Wilmington, Delaware 19801

### Case No. 09-10138 (KG)
### Nortel Networks Inc (NNI) et al
### CLAIM 4102

Dear Sir or Madam,

In early January I received a document, labeled Docket 4638 in the Epiq files, dated 12-22-10 from the United States Bankruptcy Court, with a focus on the Nortel Networks US Deferred Compensation Plan. My initial reaction was one of disgust and frustration given the timing as well as the tone which gave the impression that this was a completed action. However on January 30th I received information from a colleague that these actions were not complete and he encouraged me to file an objection. This letter is that objection.

In short, this is WRONG and fresh look needs to be taken regarding this aspect of the Bankruptcy as these moneys were principally deferred so as to provide a supplement in funds during retirement years. These funds were NOT achieved through special programs or incentives but rather through the standard compensation plans that had existed within Nortel for 20+ years. These plans were also not restricted to a "select group" and were widely communicated as a prudent option for retirement planning. I would also assert that individuals such as myself are being impacted by multiple aspects of the bankruptcy yet the principal culprits continue to be only mildly (if at all) impacted by actions that caused this 125+ year old Global leader and innovator in Telecommunication to file bankruptcy hence the reason that their names predominantly do not appear on the list of 325 Deferred Compensation Plan owners.

**Grounds for Objection and Rejection of Motion and Stipulation**

1) Individuals that contributed to this plan were not a "select group of management and highly paid employees", as stated in the Motion. We were employees that were motivated to save additional moneys for our retirement as a top up to the Nortel retirement plan and 401K investment.
2) While there was no doubt fine print stating the risk with the Deferred Compensation plan there was also communication that this fund was held and managed separately from normal operations and as such the risk was in the investment selections versus the potential for some unknown "clawback".
3) These moneys were earned and deferred, not matched and isolated to unaudited incentive programs. The focus was on saving for the future and not living the life of this "select group" that has been referenced.
4) Including the Deferred Compensation Plan with the benefits that Nortel contributed to outside of regular compensation is not only unfair it is also unethical. To former loyal Nortel employees this was like putting money aside for a rainy day. I had no idea that I would be inside the tornado watching **everything** I had worked for 26 years spin out of sight. This has been a financial nightmare that has tarnished the reputation of thousands of loyal employees who worked very hard despite the greed and mismanagement of a few.

## Recommendations for Action by the Court

1. That the Motion and Stipulation in Docket 4638 are rejected.
2. That the Debtors are encouraged to find an appropriately agreed "compromise and settlement" and distribute either in full or a large percentage of the Deferred Compensation Plan claims to the 325 impacted individuals outside of the Nortel Networks Company bankruptcy process.
3. That the court take a broader perspective on how these moneys were assembled and who they are distributed too and with that I'm confident they will determine that the distribution should not follow the normal course of funds held within bankruptcy.

Yours sincerely,

Andrew Twynham