From:   Anthony M. Leger
        9409 Stone Mountain Road
        Raleigh, NC, 27613

To:     Clerk
        U.S. Bankruptcy Court
        824 Market Street
        3rd Floor
        Wilmington, Delaware 19801

Copy:   James L. Bromley
        Cleary Gottlieb Steen & Hamilton LLP
        One Liberty Plaza
        New York, N.Y. 10006

## Case No 09-101138 (KG) Nortel Networks Inc, et al.
### Ref: Docket 4638 Dated 12/22/2010

I am currently a member of the Nortel Networks Inc Deferred Compensation Plan ("the plan"), and I respectfully submit this objection to the granting of the debtors' Dec 22 motion for an order to, among other things, transfer assets to Nortel Networks Inc.

I realize that the deadline for this objection has expired. However, I protest the timing of when the motion was brought forward just before Christmas on Dec 22nd in what appears to me to be a maneuver to again take advantage of employees.

Before ruling on this motion, I ask the court to determine, by means of an evidentiary hearing or otherwise, the validity of the plan including whether it met all of the statutory and regulatory requirements of such a plan, and specifically whether participation in the plan was appropriately limited to a select group of management and highly compensated individuals and whether the plan was in fact administered consistent with those requirements.

I feel Nortel willfully misled me and other employees about the dire financial condition by vehemently denying the Wall Street journal article published in November 2008 that the company was seeking bankruptcy advice. Soon after Nortel had announced its Bankruptcy filing; we learned that at least one Nortel Officer exploited their insider knowledge of the company's true financial condition by their executing a withdrawal from the deferred Compensation Plan not long before declaring Bankruptcy protection. The Ottawa Citizen reported that Richard Lowe, then President of Nortel Carrier Networks paid a penalty and withdrew $1,701,043 U.S. less than two months before the bankruptcy filing of Jan. 14. This withdrawal was also noted in Nortel's Annual report. I like many were greatly offended by this unfairness. This example underscores the plan's lack of management controls for due diligence and transparency.

Understanding the plan was meant to be limited. Based on my compensation of $147,000/year, it appears the $200,000/year threshold to be part of the plan, which required per year enrollment, was not checked diligently. This raises questions as whether the plan was appropriately limited as required by statute and regulation.

After the bankruptcy announcement Nortel provided guidance to MullinTBG to stop providing plan members statements. After speaking with EPIQ where they confirmed there should be no reason for the reports to have been stopped, I escalated to Nortel HR and the statements were restarted. Nortel consistently failed to help me as a plan member by not fully explaining what would happen with the plan and its implications. For instance, there had been no mention until Dec 22nd that we could contest Nortel taking the funds or early on that claims could be updated as valuations returned. Nortel simply indicated to consult a tax advisor to avoid answering even basic questions.

The salary deferrals I have in the plan have regained substantially from recent market losses and are currently valued at approximately $97,345. To me, this is a lot of savings over time and was to cover costs for my children's university education and help in retirement. This will be hard to recoup and I find it grossly unfair that highly compensated executives made withdrawals and I have to lose my savings.

In closing, I hope the employees whose earnings are in the plan will be given treatment by the court with priority and see their funds turned over to them versus giving the funds to Nortel.

Respectfully,

*[signature]*

Anthony M Leger