February 3, 2011

Clerk of the Court,

United States Bankruptcy Court for District of Delaware,

824 Market Street, 3rd Floor,

Wilmington, Delaware  91801

Copies to:

Cleary Gottlieb Steen & Hamilton LLP   Attn:  James Bromley

One Liberty Plaza,

New York, New York  10006

Morris Nichols Arsht & Tunnel LLP    Attn:  Derek C Abbott

1201 North Market St,

PO Box 1347

Wilmington, Delaware  19801

### Case No. 09-10138 (KG)
### Nortel Networks Inc (NNI) et al

Dir Sir or Madam,

I have received a document, labeled Docket 4638 in the Epiq files, dated 12-22-10 from the United States Bankruptcy Court, with a focus on Nortel Networks US Deferred Compensation Plan.

Like other previous Nortel employees who contributed to this program, I looked at this program as a way to defer a small amount of my income in order to support my children's college education and other necessary savings.  The program was simply a savings plan for income that I earned.  I earned just enough to qualify for this program.  Since that time, my family has changed dramatically and we are now guardians of three additional children.  These funds are needed by my family and were expected at the time of my deferral.

Also, I requested withdrawal of my funds in December of 2008 and funds had been removed from my Mullin TBG fund and were in the process of distribution from Nortel in January of 2009 when the bankruptcy was filed.  These funds should have been distributed as they were already in the process of being distributed as income to my account at the time of bankruptcy filing.

Therefore, I wish to file an Objection to the filing and in particular to the Motion and Stipulation as received for these critical reasons as listed above as well as the following reasons.

### Additional Grounds for Objection and Rejection of Motion and Stipulation

There are numerous reasons driving this Objection that the Court should act on, and reject this Motion and Stipulation as provided in Docket 4638.

- <u>Requested Withdrawal before Bankruptcy and was Denied:</u> I formally requested the withdrawal of my funds in this program in December of 2008 (formal written process), and was informed by the plan administrator (MullinTBG) that due to the Nortel slow processing procedures, that my funds would be paid out at the end of January.
- <u>Poor Positioning of the Plan to Employees:</u> When I joined this plan, it was not communicated to the employees the level of risk that was involved.
- <u>Majority of the People Impacted are not the Sr Execs at NNI:</u> When you look at the list of the 325 people associated with Docket 4638, they are middle management and lower level employees. I believe that this program should never have been provided to employees at my level and was misrepresented as a savings plan.
- <u>Nortel may Emerge from Chapter 11:</u> It does not make sense to inter-mingle these employee dedicated funds (and the associated investments) with the general assets of the corporation. If NNI Patents bring in $1.5B+, it appears that the debt may be covered, and these funds should be fully available to the ex-employees.

### Recommendations for Action by the Court

1) That the Motion and Stipulation in Docket 4638 are rejected.
2) That the Debtors are encouraged to find a "compromise and settlement".
3) That the Trustee, in conjunction with Mullin TBG, be instructed to present a plan to the Court, for the payment of these assets then held in Trust, to all the retirees and ex-employees who are involved in the Deferred Compensation Plan.
4) A Citizen Committee of participants in the Deferred Compensation Plan be appointed to monitor the activities recommended above.

Sincerely,

John C. Crow

Nortel Deferred Compensation Plan Participant

Employee Number   5020551

Claim Number 2840, 2841, 3112