February 4, 2011

Clerk of the United States Bankruptcy Court for the District of Delaware
824 Market Street, 3rd floor
Wilmington, DE 19801

Ref: Case # #09-10138 (KG)

Please consider this letter as a formal objection to Nortel's proposal to seize former
employees' assets currently held in trust in a Deferred Compensation program. In its proposal,
Nortel claims that its Deferred Compensation program was offered only to senior executives
who were apprised of the risks of this program and participated in full knowledge of these
risks. This is not true.

I am a former employee of Nortel, laid off April 28 2008, and a participant in the Deferred
Compensation program. My last position at Nortel was as a Senior Manager in Product
Management; there were 4 layers of management between myself and the CEO of the
company with no direct reports; I was an individual contributor employed for my technical
expertise. Clearly, I would not be considered a "senior executive." Moreover, I never
received professional financial advice or any formal presentation outlining the risks
associated with this program aside from brief "brochure-type" descriptions of the program.

Finally, please note that my holdings in Nortel's Deferred Compensation program remain in
Nortel's trust only because of the company's arbitrary decision, contrary to the rules of the
program, to deny me the right to withdraw these funds during the 10 months from May 2008
to March 2009, 3 weeks after Nortel entered bankruptcy protection. Specifically, upon my
termination from the company in April 2008, I attempted to withdraw my holdings from this
program, first through the standard process in place with the plan's administrator of that time
MullinTBG. MullinTBG referred me to Nortel's Human Resources department who stated
that because my severance package provided 10 months of compensation, I was not
"officially terminated" until March 2009. However, I was also informed that I was not
eligible to complete an early withdrawal (with 10% withholding penalty) as an active
participant, contrary to the written terms of this program. In other words, Nortel prevented
my active attempts to withdraw my holdings in the Deferred Compensation program in
violation of the program's policies in the months leading up to its filing of Bankruptcy
Protection.

In both its administration of the program and through its refusal to compensate me in the
months leading up to its bankruptcy, in direct contravention of the program's stated terms,
Nortel failed to act in good faith and should be prevented from seizing my assets which it
holds in trust to this day.

Regards,

Rob Keates
Employee ID 139158
10519 138 St NW
Edmonton, AB, CA, T5N 2J5