**Gregory J. Hoy**
**430 Highland Oaks**
**Southlake, TX 76092**
**(817) 416–2222 (h)**

February 3, 2011

Clerk of the Court
United States Bankruptcy Court for District of Delaware
824 Market Street, 3rd Floor,
Wilmington, DE, 19801

Copies To:
Cleary Gottlieb Steen & Hamilton LLP:   James Bromley
One Liberty Plaza
New York, NY  10006

Morris Nichols Arsht & Tunnel LLP:   Derek C. Abbott
1201 North Market Street
PO Box 1347
Wilmington, DE  19801

**Case Number 09-1-1138 (KG)**
**Nortel Networks Inc  (NNI)  et al**

Dear Madam or Sir:

I am in receipt of a document, labeled Docket 4638 in the Epiq files, dated December 22, 2010 from the US Bankruptcy Court, with focus on the Nortel Networks Deferred Compensation Plan.  Please consider this letter an objection to that filing, mostly the Motion and Stipulation, and my request for immediate payment of money outstanding under Claim 541, filed on March 9, 2009.

Before I state my objection to the filing, I would like to make a point on the way Docket 4638 occurred:

> The filing was done during a time period when the risk of mail being lost or misplaced over the Holiday Season, was at its greatest.  Since December 22nd (the date of the filing) fell during the Holiday Season, the deadline for filing objections was greatly reduced, and of course, impacted against myself and other claimants.  Thus I am past the deadline of January 21st, 2011 and I hope you still consider this objection since it will be in the Court's hands prior to the February 9th hearing.

Also it appears the parties representing Nortel have attempted to get proposed motions to the Court by way of a coordinated campaign to make it most difficult for claimants to respond appropriately, or to be well informed. Compressed between the December 22nd filing and the January 21st deadline, there occurred several apparently coordinated attempts on Nortel's part to "fire hose" its position. A Wall Street Journal article written on December 23rd headlined: "Nortel Moves to Retrieve Retirement Savings" and authored by Peg Brickley, clearly gives the appearance of a coordinated effort to as the article appeared only hours after Nortel's filing.

One week prior to the filing, participants in the Deferred Compensation Plan, received a letter stating that the program manager, Mullin TBG, was being terminated. All inquiries were to be directed to Nortel HR Services. I placed two calls to HR Services in January 2011, and was given no help or advice, as to how the program was to be administered. The person I spoke with had no idea what Mullin TBG was, nor did she ask any questions of me in attempt to serve me. She indicated that since my employment with Nortel had ceased in March 2009 due to my being laid off, that I would have to deal directly with the Bankruptcy Court if I had any questions on my claim.

I also put a call into Mullin TBG and was told that they could not be of help to me. I found this disturbing since Mullin up that point had always answered my questions politely and thoroughly.

The fact that these events happened over the Holidays, and within two or three weeks of one another, made it very difficult for me to understand what was going on, to use common vernacular. I found the whole matter disturbing that Nortel would promote the deferred compensation plan to me while I was under its employ, lay me off in March 2009, and almost two years later, appear to coordinate an effort to get its hands on income I deferred in hopes to have later. Nortel has done this so high-handedly.

I hope you will find that my Objection to Nortel's motion, although late, is justified. And that although I assumed risk in participating in the DCP, that I did not fit, nor do I today, the profile of an executive, nor did I any time while working for Nortel. As I hope you will see in the following paragraphs....

2

**PERSONAL INFORMATION**

I implore the Court to consider my case: my claim is for approximately $28,000, money which I need desperately. I am currently unemployed, after being laid off in November 2010 from my then employer of 18 months, Verizon, where I was a sales manager. I suffered a minor stroke in July 2009 at Verizon, and could not perform at 100 percent after the stroke, and due to my inability to perform, I changed jobs in January 2010, and then was let go later in 2010 by Verizon as the new job was eliminated.

Although the law requires equal consideration for employment of all applicants, I'm finding my age and pre-existing health condition a major road block in being considered by prospective employers.

I am now dipping into retirement savings to make house payments, pay for college tuition, and generally make ends meet. So not only has Nortel made it difficult for claimants to respond and raise objections due to its curious use of the Holiday Season to files its motion with the Court, but in addition, personal hardship puts greater importance on my claim being met.

Lastly, I need to take issue with the perception being made that all claimants/program participants were Nortel "executives". Nothing could be farther from the truth in my case. My job title at Nortel was Sales Leader. This is the equivalent of a first-line sales manager. I had at any one time, eight-to-10 people reporting to me. Each of them were individual contributors (no one reporting to them) and each carried a sales title, i.e.: account manager, or channel manager: In no way did my job carry or hold characteristics of an executive.

Furthermore, my office in Richardson, Texas, was an 8' by 5' cubicle on the 3rd floor of Nortel's HQ building. I sat amongst engineers, first line managers and clerical personnel. I did all of my own clerical work, ate lunch in the cafeteria with office mates, and made my own travel reservations. Nortel made this deferred compensation plan available to me and promoted it by having TBG call me at home, and send brochures about the plan to my home address. I chose the plan because it made sense as a means to save for a rainy day. That day is here.

3

Case 09-10138-MFW    Doc 4879    Filed 02/07/11    Page 4 of 4

In summation, I find it disconcerting that Nortel would describe the DCP to the Wall Street Journal as a plan for "executives," in attempt to sway opinion and misconstrue the true nature of the participants. Truth be told that the DCP was made available to rank and file employees, whose total targeted income fell within the guidelines of the plan. And that Nortel-supported literature claimed the plan was a good way to defer income for later use.

I hope the Court finds in favor of my Claim, Number 541, and releases full payment to me. I would be truly grateful, and by doing so, it would allow my family and me to avoid certain and present hardship. I can provide any supporting information the Court may require if it deems necessary, and would ask you advise if I may do so, or provide any other assistance in this very important matter.

I hope release of these funds an action you deem the right thing to do.

With regards,

Gregory J. Hoy
gregory.j.hoy@gmail.com
(817) 528-5533 wireless