Nora E. Winje
678 Cooledge Ave., NE
Atlanta, GA 30306

February 4, 2011

Clerk of the Court
United States Bankruptcy Court for District of Delaware
824 Market Street, 3rd Floor,
Wilmington, Delaware 19801

Copies to:

Cleary Gottlieb Steen and Hamilton     Attn: James Broomley
One Liberty Plaza,
New York, New York 10006
VIA FAX

Morris Nichols Arsht and Tunnell     Attn: Derek C. Abbott
1201 North Market Street,
P.O. Box 1347
Wilmington, Delaware 19801
VIA FAX

### RE: OBJECTION TO MOTION (Docket #4638) TO BE HEARD 2/9/2011
### Case Number 09-10138 (KG)
### Nortel Networks Inc (NNI) et al

Dear Sir or Madam,

Please accept this letter as my official response and OBJECTION to the Motion and Stipulation (Docket 4638 in the Epiq files, dated 12-22-10) relating to Nortel Networks' US Deferred Compensation Plan. It is unjust to have these earnings and personal contributions blended with general corporate funds and many of the assertions relied upon in the Motion and Stipulation are false and/or unsupportable.

In support of my OBJECTION, I submit the following facts:

1. I was a long term Nortel employee who contributed a substantial portion of my income to this plan over a number of years.

2. Contrary to the assertions of the Motion, Deferred compensation was **not** limited to a "select group of management and highly paid employees". I was an account executive with Nortel earning an average of just less than $200,000.00 per year. I am not and was not ever considered a Senior Manager, or Executive Officer of Nortel. In fact the Plan was offered to significant number of "middle managers" and individual contributors within my salary range.

3. Nortel promoted the deferred compensation and it was highly recommended to me as a solid plan to build additional funds for my retirement. It was presented as akin to a 401K account. I relied upon those statements in placing a portion of my EARNINGS in trust with the Plan.

4. Neither Nortel Networks nor Mullin TGB ever articulated to me, as a Plan Contributor, any warning of potential "full loss" with respect to the plan contribution in the event of a Nortel Networks Bankruptcy. Should I have received any warning it would have triggered an immediate withdrawal of my investment due to high risk.

5. I understand that certain Nortel executives *who had knowledge of the pending crisis* at Nortel, specifically Richard Lowe, exercised their right to withdraw prior to the Bankruptcy filing. It is only fair that those of us not privy to inside knowledge not now be charged our EARNINGS for the mismanagement of senior executives who were able to act in their own self-interest.

6. My deferred compensation, along with the contributions of the other 325 or so employees is "earned" money for the job that we performed for Nortel Networks. As such similar privilege and protection should be given the deferred income, as it granted to 401K plans.

In light of all of the foregoing, I respectfully request that the court DENY the Motion and order Mullin TGB to immediately distribute in full the Nortel Deferred Compensation plan balance to each contributor.

Regards,

Nora E. Winje