IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
                                                       :
*In re*                                                : Chapter 11
                                                       :
Nortel Networks Inc., *et al.*,[1]                     : Case No. 09-10138 (KG)
                                                       :
                    Debtors.                           : Jointly Administered
                                                       :
                                                       : RE: D.I. 4757
                                                       :
------------------------------------------------------X

**ORDER UNDER 11 U.S.C. §§ 327 AND 328 AUTHORIZING EXPANDED
EMPLOYMENT OF MERCER (US) INC. AS
CONSULTANTS TO THE DEBTORS *NUNC PRO TUNC* TO DECEMBER 14, 2010**

Upon the supplemental application (the "Supplemental Application"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), supplementing the Initial Retention Order and (i) authorizing the expanded employment and retention of Mercer

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Supplemental Application.

(US) Inc. ("Mercer") as consulting expert to the Debtors regarding certain employee and benefit plans, *nunc pro tunc* to December 14, 2010, and (ii) granting related relief; and upon the Supplemental Declaration of Douglas J. Smith in Support of Debtors' Supplemental Application for an Order Under 11 U.S.C. §§ 327 and 328 Authorizing Retention and Employment of Mercer (US) Inc. as consulting expert to the Debtors to the Debtors *Nunc Pro Tunc* to December 14, 2010, attached as Exhibit A to the Supplemental Application (the "Smith Declaration"); and adequate notice of the Supplemental Application having been given as set forth in the Supplemental Application; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Supplemental Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Supplemental Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Supplemental Application establish just cause for the relief requested in the Supplemental Application, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Supplemental Application is GRANTED.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Bankruptcy Rule 2014-1, the Debtors are authorized to retain and employ Mercer as consulting expert to the Debtors regarding certain employee and retiree benefits, *nunc pro tunc* to December 14, 2010, under the terms and conditions set forth in the

Engagement Agreement dated as of January 25, 2011, by and between the Debtors, on the one hand, and Mercer, on the other.

3. The fee structure and compensation set forth in the Application and approved in the Initial Retention Order are approved pursuant to section 328(a) of the Bankruptcy Code with respect to the additional services to be provided to the Debtors by Mercer under the Engagement Agreement.

4. The Initial Retention Order shall apply in all respects to the additional services to be provided to the Debtors by Mercer under the Engagement Agreement; provided, however, that a limited waiver of Local Rule 2016-2 is granted such that Mercer may submit time records in quarter hour increments.

5. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

6. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: February 8, 2011
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3