5 Joseph Road
Hopkinton, MA 01748
February 4, 2011

Clerk of the United States Bankruptcy Court for the District of Delaware
824 Market Street, 3rd floor
Wilmington, DE 19801

**Case Name: Nortel Networks (docket 4638)**
**Case No. 09-101138 (KG)**

Dear Honorable Judge and Court,

I, as many of my ex-Nortel co-workers, am writing in response to the pending disposition of our Nortel Deferred Compensation.

I joined Nortel by way of the Bay Networks acquisition, preceded by a position at Wellfeet Communications. I have very much enjoyed my career in telecommunications and have very much appreciated the suite of benefits provided by Nortel, including the opportunity to participate in the Deferred Compensation program.

When the Deferred Compensation program was first offered to me, my wife and I viewed it as a perfect opportunity to proactively plan for our children's college education. The monies earmarked for deferred compensation would not be as restrictive as a 401K and could be earmarked for withdrawal once our children began college (my twin boy and girl entered their freshman year in the fall of 2010). In preparation for their entrance to college, I had distributions pending for 2010 and 2011.

I am obviously dismayed that I am not able to utilize these funds that had been carefully crafted into our overall financial plan.

Aside from the financial impact to my family, I am dismayed at the following:
1. that Nortel did not see fit to re-iterate or highlight the potential financial exposure being in the deferred compensation program carried, especially as the business became tenuous and rumors of bankruptcy surfaced.
2. that certain executives were either counseled or had enough inside forewarning to remove their funds prior to the bankruptcy announcement.

I do not consider myself an "executive" nor do I consider myself highly compensated. My personal finances are overseen by Morgan Stanley (who was aware of my involvement with the deferred compensation program). At no time was it ever obvious to me or my financial advisor that my deferred compensation assets could be intertwined or compromised by the bankruptcy of Nortel.

I suppose one could say we "should have known". Unfortunate for us, we felt Nortel was looking out for our best interest as employees and would have alerted us to this financial reality.

I ask that you reconsider the "innocent victims" in this situation and rule against the Nortel deferred compensation funds being turned over to the Nortel bankruptcy funds. My family thanks you.

Sincerely,

John P. Ryan, Jr.