Dated: February 4, 2011

To,

    The Honorable Kevin Gross/Clerk of the Court
    United States Bankruptcy Court
    District of Delaware
    824 Market Street, 6th Floor, Courtroom# 3
    Wilmington, Delaware 19801.

Cc:    Clearly Gottlieb Steen & Hamilton LLP, Attn: James Bromley
    One Liberty Plaza
    New York, NY 10006

    Morris Nichols Arsht & Tunnel LLP, Attn: Derek C Abbott
    1201 North Market Street,
    P. O. Box 1347
    Wilmington, Delaware 19801

From:    Bakul Khanna & Chander Khanna, 58 Blake Road, Lexington, MA 02420

### REF: CASE NO. 09-10138 (KG) NORTEL NETWORKS INC (NNI) ET AL / DOCKET 4638

Dear Honorable Mr. Kevin Gross,

I am at a receipt of document, labeled Docket 4638 from Epiq files from the U. S. Bankruptcy Court with respect to Nortel Networks' US Deferred Compensation Plan.

I hereby wish to file an Objection to the filing and in particular to the Motion and Stipulation as received.

As a long-term employee of Nortel Networks (17 years), I had diligently contributed to the U.S. Deferred Compensation plan for several years. The plan was highly promoted by the Nortel executives and the Human Resource Management as an alternative to retirement plan (e.g. 401K). Nevertheless, the whole intention of contributing to the plan and managing the funds from time to time to maximize the return on investments was to save for the future years and to fund our retirement and daughter's education.

My basis for Objection are as follows:

1. The Plan was highly promoted to highly compensated employees. The compensation limits were not set very high and therefore it was easy to participate in the plan. It was promoted as retirement alternative compare to other vehicles.

2. The Nortel Networks' plan administration office internally and externally (MullinTBG) did never at any instance notified that the there are chances that the plan funds may disappear since Nortel was planning on filing Bankruptcy. This is after the fact when we regularly communicated with MullinTBG for the investments.

3. Deferred Compensation funds were earned as regular labor at Nortel Networks and should be treated in accordance.

4. Above all this, the Senior Management at the President and VP levels had knowledge of Nortel's inside financial conditions and had already moved most of their monies prior to Nortel Bankruptcy announcement. It is not fair to the employees who worked hard and had no idea about Nortel's condition to be treated this way.

5. It is a pity that till December 2008, the U. S. Deferred Compensation Plan was being promoted by the Nortel Networks. In addition to this, the Senior Management (such as Richard Lowe, Peter McKinnon and Mike Z.) were holding town-hall meetings to let the employees know that Nortel is going through hardship but we are strong, our people are great and our technology is world-class. They never gave an indication that Nortel could, due to Management Faults, go into Bankruptcy.

6. In addition to the above, I have lost my severance that was consistently paid to those who left the company. My amount (filed with Epiq) is over $62,000.

Being laid-off from Nortel and not getting an employment for the past 2 years, has caused great deal of hardship for me and my family. The whole idea for the savings was to help run the family and put food on the table at a time like this. As a plan contributor and 17 years Nortel employee, it is requested from the Honorable Judge, that the funds not be released to general creditors and instead be treated for distribution to the needy contributors such as me.

Once again, we request the Honorable Mr. King to be considerate given the economic conditions and funds are much needed to run the day-to-day family. We want to 'feel' to be a part of American Fabric but not in a negative way a foreign company such as Nortel is imposing on us.

Thanking you,

*Bakul Khanna*            *Chander Khanna*

Bakul Khanna and Chander Khanna
U. S. Deferred Compensation Plan Contributor
Nortel Employee# 4721360