Michael S. Whitehurst
801 SilverPoint Road
Chapin, SC 29036
803-467-3768
Msw1964@bellsouth.net

February 6, 2011

Clerk of the Court
United States Bankruptcy Court for District of Delaware,
824 Market Street, 3rd Floor
Wilmington, Delaware 19801

>   Objection
>   RE: Nortel Networks Inc et al.
>   Case No 09-10138 (KG)
>   Docket No 4638

Dear Sir or Madam:

I have received a document, labeled Docket 4638 in the Epiq files, dated 12-22-10 from the United States Bankruptcy Court, with a focus on the Nortel Networks US Deferred Compensation Plan. My Deferred Compensation claim is Claim #2806. *I wish to file an Objection to the filing in particular to the Motion and Stipulation as received.*

Grounds for Objection and Rejection of Motion and Stipulation

- In review of the 325 people receiving Docket 4638 it appears that there are few former Senior Executives affected by this measure. Most are former lower-level managers, retirees and others. Up until late 2008, it appears that many Senior Executives exited the plan. One can deduce that many Senior Executives were in a position to anticipate the planned bankruptcy filing and withdraw their funds while lower-level managers, retirees and others would not be privy to this information. In 2009, Nortel disclosed in its annual report, that one Senior Executive took out $1,701,043 U.S. less than two months before the bankruptcy filing of Jan. 14.

- The documentation and communication to the employees regarding the Deferred Compensation Plan is very complex. Also, there was some fiduciary responsibility of the Senior Executive team to position this plan properly. This responsibility was magnified due to management and economic initiatives which put the company in jeopardy to the point of bankruptcy.

- Nortel has amassed significant amounts of cash from the sale of its various businesses. In turn, this may be enough to pay its debts and emerge from bankruptcy. It does not make sense to co-mingle these employee dedicated funds and associated earnings with the general assets of the corporation.

- Finally, this money and the associated earnings were earned by me as fair compensation for my job. These monies and associated investments are mine. The only benefit that I received from the corporation was a tax-deferment, to be paid upon withdrawal. In 5 years, I will have two children in college and these monies were to be used to assist with their education.

I made sacrifices for the corporation which included financial sacrifices and job sacrifices. I assisted with the transition of the Nortel Enterprise business to AVAYA. I conducted all of these activities with high integrity and in a professional manner to ultimately protect the most precious asset of Nortel – Customers and Partners, who relied upon Nortel. My expectation is that the corporation would do likewise in regard to this trust.

Recommendations for Action by the Court

1. That the Motion and Stipulation in Docket 4638 are rejected.
2. That the Debtors are encouraged to find a "compromise and settlement".
3. That the Trustee, in conjunction with Mullin TBG, be instructed to present a plan to the Court, for the payment of the assets then held in Trust, to all participants who are involved in the Deferred Compensation Plan.
4. A Citizen Committee of participants in the Deferred Compensation Plan be appointed to monitor the activities recommended above.

Sincerely,

Michael S. Whitehurst

Copies to:
James L. Bromley
Lisa M. Schweitzer
Cleary Gottlieb Steen & Hamilton
One Liberty Plaza
New York, New York 10006
Via telefax 212-225-2000

Derek C. Abbott
Eric D. Schwartz
Ann C. Cordo
Alissa T. Gazze
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
PO Box 1347
Wilmington, Delaware 19801
Via Telefax 302-658-9200