**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NORTEL NETWORKS INC., *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>Jointly Administered<br><br>**Related to D.I. 4786** |

**DESIGNATION OF RECORD AND
STATEMENT OF ISSUES ON APPEAL**

GENBAND US LLC (Formerly Genband Inc., "GENBAND"), pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, hereby submits its statement of issues (the "Statement of Issues") and its designation of the record on appeal (the "Record Designation") corresponding to its Notice of Appeal [D.I. 4786] with respect to the *Order denying the Motion of GENBAND Inc. for Entry of an Order Pursuant to Section 362(d) of The Bankruptcy Code Granting Relief From the Automatic Stay to Compel Arbitration* (the "Order") [D.I. 4737], entered by the United States Bankruptcy Court for the District of Delaware (Hon. Kevin Gross, B.J.) in the above-captioned bankruptcy case on January 21, 2011, including without limitation, any and all judgments, decrees, decisions, rulings and/or opinions that merged into and/or became part of the Order, that are related to the Order, and/or upon which the Order is based.

**STATEMENT OF ISSUES ON APPEAL**

The following shall constitute the Statement of Issues with respect to GENBAND's appeal of the Order:

1. Did the Bankruptcy Court err as a matter of law in determining that the parties' disagreement regarding the Closing Statement was not within the scope of "any disagreement with respect to the Closing Statement" and thus not subject to arbitration?

2. Did the Bankruptcy Court err as a matter of law in determining that only disagreements regarding "calculating 'amounts'" in the Closing Statement are subject to arbitration when no such limitation appears in the arbitration clause?

3. Did the Bankruptcy Court err as a matter of law in not applying the appropriate presumptions in favor of arbitration?

4. Did the Bankruptcy Court commit clear error by concluding that "Nortel and GENBAND, including their respective accountants, agree on the dollar amounts to utilize in determining the Deferred Profit Amount"—and using such statement as a basis for denying arbitration—when GENBAND presented unchallenged evidence that GENBAND did not so agree?

# DESIGNATION OF RECORD

The following shall constitute the Record Designation with respect to GENBAND's appeal of the Order:

| Date | Docket No. | Item |
|---|---|---|
| 12/23/09 | 2193 | Debtors' Motion For Orders (I) (A) Authorizing Debtors' Entry Into The Stalking Horse Agreement, (B) Authorizing And Approving The Bidding Procedures And Bid Protections, (C) Approving Payment Of An Incentive Fee, (D) Approving The Notice Procedures And The Assumption And Assignment Procedures, (E) Authorizing The Filing Of Certain Documents Under Seal And (F) Setting A Date For The Sale Hearing, And (II) Authorizing And Approving (A) The Sale Of Certain Assets Of Debtors' Carrier Voice Over IP And Application Solutions Business Free And Clear Of All Liens, Claims And Encumbrances And (B) The Assumption And Assignment Of Certain Executory Contracts |
| 01/08/10 | 2259 | Order (A) Authorizing Debtors' Entry Into The Stalking Horse Agreement, (B) Authorizing And Approving The Bidding Procedures And Bid Protections, (C) Approving Payment Of An Incentive Fee, (D) Approving The Notice Procedures And The Assumption And Assignment Procedures, (E) Authorizing The Filing Of Certain Documents Under Seal And (F) Setting A Date For The Sale Hearing |
| 03/04/10 | 2632 | Order Authorizing and Approving (A) the Sale of Certain Assets of the Debtors' Carrier Voice Over IP and Communications Solutions Business Free and Clear of all Liens, Claims and Encumbrances, and (B) the Assumption and Assignment of Certain Executory Contracts |
| 11/17/10 | 4345 | Motion for Entry of an Order Enforcing the Order Authorizing the Sale of Certain Assets of the Debtors' Carrier Voice Over IP and Application Solutions Business, and Directing the Release of Certain Escrowed Funds |
| 11/17/10 | 4346 | Motion to File Under Seal and in Redacted form Certain Portions of the Debtors' Motion for Entry of an Order Enforcing the Order Authorizing the Sale of Certain Assets of the Debtors' Carrier Voice Over IP and Application Solutions Business, and Directing the Release of Certain Escrowed Funds |
| 11/18/10 | 4347 | Motion Of GENBAND Inc. For Entry Of An Order Pursuant To Section 362(d) Of The Bankruptcy Code Granting Relief From The Automatic Stay To Compel Arbitration |

| Date | Docket No. | Item |
|---|---|---|
| 11/30/10 | 4447 | Transcript regarding Hearing Held 11/29/2010 RE: Teleconference re: Scheduling |
| 12/01/10 | 4449 | Response, Request for Joint Hearing and Reservation of Rights of the Canadian Nortel Debtors to the Motion of GENBAND Inc. for Entry of an Order Pursuant to Section 362(d) of the Bankruptcy Code Granting Relief From the Automatic Stay to Compel Arbitration |
| 12/01/10 | 4451 | Objection to Motion Of GENBAND Inc. For Entry Of An Order Pursuant To Section 362(d) Of The Bankruptcy Code Granting Relief From The Automatic Stay To Compel Arbitration |
| 12/01/10 | 4452 | Objection Of GENBAND Inc. To The Debtors' Motion For Entry Of An Order Enforcing The Sale Of Certain Assets Of The Debtors' Carrier Voice Over IP And Application Solutions Business, And Directing The Release Of Certain Escrowed Funds |
| 12/03/10 | 4470 | Reply in Further Support of their Motion to Enforce the CVAS Sale Order and for Related Relief |
| 12/03/10 | 4471 | Reply Of GENBAND US LLC To Debtors' Objection To Motion Of GENBAND Inc. For Entry Of An Order Pursuant To Section 326(d) Of The Bankruptcy Code Granting Relief From The Automatic Stay To Compel Arbitration |
| 12/09/10 | 4561 | Joinder of the Official Committee of Unsecured Creditors of Nortel Networks Inc., et al to the Debtors' Motion for Entry of an Order Enforcing the Order Authorizing the Sale of Certain Assets of the Debtors' Carrier Voice Over IP and Application Solutions Business and Directing the Release of Certain Escrowed Funds, and Related Pleadings |
| 12/10/10 | 4574 | Affidavit of Misty Kawecki in Support of Motion Of GENBAND Inc. For Entry Of An Order Pursuant To Section 362(d) Of The Bankruptcy Code Granting Relief From The Automatic Stay To Compel Arbitration |
| 12/13/10 | 4576 | Affidavit of Shauna Martin in Support of Motion Of GENBAND Inc. For Entry Of An Order Pursuant To Section 362(d) Of The Bankruptcy Code Granting Relief From The Automatic Stay To Compel Arbitration |

| Date | Docket No. | Item |
|---|---|---|
| 12/13/10 | 4577 | Motion of GENBAND for Entry of Order Authorizing GENBAND to File Under Seal The Exhibits To The Affidavit of Shauna Martin in Support of Motion Of GENBAND Inc. For Entry Of An Order Pursuant To Section 362(d) Of The Bankruptcy Code Granting Relief From The Automatic Stay To Compel Arbitration |
| 12/13/10 | 4578 | Motion of GENBAND for Order Shortening The Time for Notice of The Motion Authorizing GENBAND to File Under Seal The Exhibits To The Affidavit of Shauna Martin |
| 12/13/10 | 4582 | Order Granting Motion for an Order Shortening the Time for Notice of the Motion of Genband's Motion for Entry of an Order Authorizing Genband to File Under Seal the Exhibits to the Affidavit of Shauna Martin in Support of Genband's Motion for Entry of an Order Granting Relief from the Automatic Stay to Compel Arbitration |
| 12/14/10 | 4598 | Declaration in Support of David Glass in Support of Debtors' Motion to Enforce the CVAS Sale Order and for Related Relief |
| 12/15/10 | 4606 | Order Granting Motion of GENBAND Inc. for Entry of Order Authorizing GENBAND to File Under Seal The Exhibits To The Affidavit of Shauna Martin in Support of GENBAND's Motion For Entry Of An Order Pursuant To Section 362(d) Of The Bankruptcy Code Granting Relief From The Automatic Stay To Compel Arbitration |
| 12/15/10 | 4607 | CONFIDENTIAL FILED UNDER SEAL — Exhibit(s) to the Affidavit of Shauna Martin in Support of GENBAND's Motion for Entry of an Order Pursuant to Section 362(d) of the Bankruptcy Code Granting Relief from the Automatic Stay to Compel Arbitration |
| 12/17/10 | 4618 | Transcript regarding Hearing Held 12/15/2010 RE: Omnibus Hearing |
| 01/21/11 | 4736 | Opinion |
| 01/21/11 | 4737 | ORDER Denying Motion For Relief From Stay |
| 02/01/11 | 4786 | Notice of Appeal |

## RESERVATION OF RIGHTS

GENBAND reserves the right: (i) to supplement, amend, or modify the Statement of Issues and the Record Designation as appropriate; (ii) to file briefs with respect to the appeal of the Order and the related Memorandum Opinion, entered by the Bankruptcy Court on January 21, 2011 [D.I. 4736]; (iii) to move to strike items designated by any party with respect to this matter that may be inappropriate; and (iv) to defend the propriety of items set forth in the Statement of Issues and the Record Designation.

Dated:  February 10, 2011　　　　　Respectfully submitted,
　　　　　Wilmington, Delaware

　　　　　　　　　　　　　　　　　/s/ *Michael R. Lastowski*
　　　　　　　　　　　　　　　　　Michael R. Lastowski (No. 3892)
　　　　　　　　　　　　　　　　　Sommer L. Ross (No. 4598)
　　　　　　　　　　　　　　　　　DUANE MORRIS, LLP
　　　　　　　　　　　　　　　　　222 Delaware Avenue, Suite 1600
　　　　　　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　　　　　　Telephone: (302) 657-4900
　　　　　　　　　　　　　　　　　Facsimile: (302) 657-4901
　　　　　　　　　　　　　　　　　E-mail:   mlastowski@duanemorris.com
　　　　　　　　　　　　　　　　　　　　　　　slross@duanemorris.com

　　　　　　　　　　　　　　　　　and

　　　　　　　　　　　　　　　　　Blair Connelly (Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　　　Eli J. Kay-Oliphant (Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　　　LATHAM & WATKINS LLP
　　　　　　　　　　　　　　　　　885 Third Avenue, Suite 1200
　　　　　　　　　　　　　　　　　New York, New York 10022-4834
　　　　　　　　　　　　　　　　　Telephone:  (212) 906-1200
　　　　　　　　　　　　　　　　　Facsimile:  (212) 751-4864
　　　　　　　　　　　　　　　　　E-mail:   blair.connelly@lw.com
　　　　　　　　　　　　　　　　　　　　　　　eli.kay-oliphant@lw.com

　　　　　　　　　　　　　　　　　*Counsel for GENBAND US LLC*