```
                    IN THE UNITED STATES BANKRUPTCY COURT
                       FOR THE DISTRICT OF DELAWARE

IN RE:                        )     Chapter 11
                              )
                              )
NORTEL NETWORKS, INC., et al.,)     Case No. 09-10138(KG)
                              )
                              )     Jointly Administered
                              )
            Debtors.          )     Courtroom 3
                              )     824 Market Street
                              )     Wilmington, Delaware
                              )
                              )     February 9, 2011
                              )     9:30 a.m.


                        TRANSCRIPT OF PROCEEDINGS
                   BEFORE THE HONORABLE KEVIN GROSS
                    UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtor:                   Morris, Nichols, Arsht &
                              Tunnell, LLP
                              BY:  DEREK ABBOTT, ESQ.
                              BY:  ANNIE CORDO, ESQ.
                              BY:  ALISSA GAZZE, ESQ.
                              1201 North Market Street
                              P.O. Box 1347
                              Wilmington, DE  19899-1347
                              (302)658-9200


                              Cleary, Gottlieb, Steen &
                              Hamilton, LLP
                              BY:  LISA SCHWEITZER, ESQ.
                              BY:  JANE KIM, ESQ.
                              BY:  KATHLEEN ROBERTS, ESQ.
                              BY:  TAMARA BRITT, ESQ.
                              One Liberty Plaza
                              New York, NY  10006
                              (212)225-2000

ECRO:                         GINGER MACE

Transcription Service:        DIAZ DATA SERVICES
                              331 Schuylkill Street
                              Harrisburg, Pennsylvania 17110
                              (717) 233-6664
                              www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

```
 1   APPEARANCES:
     (Continued)
 2
     For Ernst & Young, Monitor:    Allen & Overy, LLP
 3                                  BY: JESSICA LUBARSKI, ESQ.
                                    1221 Avenue of the Americas
 4                                  New York, NY 10020
                                    (212) 610-6414
 5
                                    Buchanan, Ingersoll & Rooney
 6                                  BY: MONA PARIKH, ESQ.
                                    1105 North Market Street
 7                                  Suite 1900
                                    Wilmington, DE 19801-1054
 8                                  (302) 552-4200

 9   For the Committee:            Akin, Gump, Strauss, Hauer
                                    & Feld
10                                  BY: LISA BECKERMAN, ESQ.
                                    One Bryant Park
11                                  New York, NY 10036
                                    (212) 872-1000
12
                                    Richards Layton & Finger
13                                  BY:  DREW SLOAN, ESQ.
                                    One Rodney Square
14                                  920 North King Street
                                    Wilmington, DE  19801
15                                  (302) 651-7612

16   For Axxiom Group Corp.,
     Critical Path Strategies,
17   Weston Solutions, Inc.:       Pepper Hamilton, LLP
                                    BY:  EVELYN J. MELTZER, ESQ.
18                                  Hercules Plaza, Suite 5100
                                    1313 Market Street
19                                  Wilmington, DE  19899-1709
                                    (302) 777-6532
20
     For AMS Capital:              Landis Rath & Cobb
21                                  BY:  LANDON ELLIS, ESQ.
                                    919 Market Street, Ste. 1800
22                                  Wilmington, DE  19899
                                    (302) 467-4400
23
     For Oplink:                   Potter Anderson & Carroon, LLP
24                                  BY:  ETTA R. WOLFE, ESQ.
                                    Hercules Plaza
25                                  1313 North market St., 6$^{th}$ Fl.
                                    Wilmington, DE  19801
                                    (302) 984-6202
```

```
 1   APPEARANCES:
     (Continued)
 2
     For U.S. Trustee:              U.S. Trustee
 3                                  BY:  DAVID BUCHBINDER, ESQ.
                                    844 King Street
 4                                  Wilmington, DE  19801
                                    (302) 573-6491
 5   For SAS, Paradigm and
     Gilmore Global:                Connolly Bove Lodge & Hutz,LLP
 6                                  BY:  MARC PHILLIPS, ESQ.
                                    1007 N. Orange Street
 7                                  Wilmington, DE  19899
                                    (302) 658-9141
 8
     For Robert Herne, James
 9   Young & ad hoc Group of
     Beneficiaries
10   Of Deferred Comp Plan:         Blank Rome, LLP
                                    BY:  BONNIE FATELL, ESQ.
11                                  1201 Market Street, Ste. 800
                                    Wilmington, DE  19801
12                                  (302) 425-6400

13   For AMCC Sales Corp,
     Nokia Siemens Network,
14   Global Electric:               Rosenthal Monhait & Goddess PA
                                    BY:  NORMAN MONHAIT, ESQ.
15                                  919 Market Street, Ste. 1401
                                    Wilmington, DE  19899-1070
16                                  (302) 656-4433

17   For Debtor:                    (Special Counsel)
                                    Benesch Friedlander Coplan &
18                                  Arnoff, LLP
                                    BY:  SARAH R. STAFFORD, ESQ.
19                                  222 Delaware Avenue, Ste. 801
                                    Wilmington, DE  19801-1611
20                                  (302) 442-7007

21   For SAA Networks:              Saul Ewing
                                    BY:  LUKE MURLEY, ESQ.
22                                  222 Delaware Ave., Suite 1200
                                    Wilmington, DE  19899
23                                  (302)421-6898

24   For Excellence in Motivation: Stevens & Lee
                                    BY:  MEGHAN A. CASHMAN, ESQ.
25                                  1105 N. Market St., 7th Floor
                                    Wilmington, DE  19801
                                    (302) 425-3307
```

```
 1   APPEARANCES:
     (Continued)
 2
     Also present:              Werb & Sullivan
 3                              BY:  MATTHEW AUSTRIA, ESQ.
                                300 Delaware Ave., Ste. 1300
 4                              Wilmington, DE  19801
                                (302) 472-6906
 5
     For Activate Corp:         Pinckney Harris & Weidinger
 6                              LLC
                                BY:  KEVIN CAPUZZI, ESQ.
 7                              1220 N. Market St., Ste. 950
                                Wilmington, DE  19801
 8                              (302) 504-1497

 9   For Nera, Inc.:            Elliott Greenleaf
                                BY:  SHELLEY KINSELLA, ESQ.
10                              1105 Market St., Ste., 1700
                                Wilmington, DE  19801
11                              (302) 384-9400

12   For Opnext Subsystems, Inc.:  Duane Morris, LLP
                                BY:  SOMMER L. ROSS, ESQ.
13                              Suite 1600
                                222 Delaware Avenue
14                              Wilmington, DE  19801-1659
                                (302) 657-4951
15
     For TEKsystems:            McCarter & English, LLP
16                              BY:  KATE BUCK, ESQ.
                                Renaissance Centre
17                              405 N. King St., 8th Fl.
                                Wilmington, DE  19801
18                              (302) 984-6323

19   TELEPHONIC APPEARANCES:

20                              NORA E. WINJE
                                In Pro Per/ Pro Se
21                              (404) 218-2308

22   In Propria Persona:        ELLEN BOVARNICK
                                In Pro Per/ Pro se
23                              (404) 845-0193

24   For Interested Party:      Dow Jones & Company
                                BY:  PEG BRICKLEY ESQ.
25                              (215) 462-0953
```

1   TELEPHONIC APPEARANCES:
    (Continued)
2
    For Interested Party:          PSAM, LP
3                                  BY:  PHILLIP E. BROWN, ESQ.
                                   (212) 649-9596
4
    For AMCC Sales Corporation:    Pillsbury Winthrop Shaw
5                                  Pittman, LLP
                                   BY:  ERICA E. CARRIG, ESQ.
6                                  (212) 858-1479

7   For Opnext Subsystems:         Latham & Watkins, LLP
                                   BY:  MELINDA FRANEK, ESQ.
8                                  (212) 906-4605

9   For Interested Party:          Cleary Gottlieb Steen &
                                   Hamilton
10                                 BY:  BRENDAN GIBBON, ESQ.
                                   (212) 225-2000
11
    For MobileNet Services:        Winthrop Couchot
12                                 BY:  RICHARD GOLUBOW, ESQ.
                                   (949) 720-4135
13
    For Computer Sciences Corp.:   Bernstein Shur Sawyer & Nelson
14                                 BY:  ROBERT J. KEACH, ESQ.
                                   (207) 774-1200
15
    For Client:                    SUSAN M. KEEGAN
16                                 (908) 806-8574

17  For Ad Hoc Committee:          Milbank Tweed Hadley & McCloy
                                   BY:  THOMAS MATZ, ESQ.
18                                 (212) 530-5885

19  For Paliare:                   Edwards Angell Palmer & Dodge
                                   BY:  SELINDA A MELNIK, ESQ.
20                                 (302) 425-7103

21  For Sumitomo Electric
    Device Innovations:            Hunton & Williams
22                                 BY:  JESSE MOORE, ESQ.
                                   (512) 542-5000
23                                 BY:  LYNNETTE WARMAN, ESQ.
                                   (214) 468-3393
24
    In Propria Persona:            SEMRA TARIQ
25                                 In Pro Per/ Pro se
                                   (919) 562-4414

```
1   TELEPHONIC APPEARANCES:
    (Continued)
2
    For Interested Party:          BEN M. WARREN
3                                  In Pro Per/ Pro se
                                   (831) 786-9085
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    WILMINGTON, DELAWARE, WED., FEBRUARY 9, 2011, 9:36 A.M.

2          THE COURT:  Good morning, everyone.  Please be

3    seated.  It's good to see you all.  Mr. Abbott?

4          MR. ABBOTT:  Good morning, Your Honor.

5          THE COURT:  Good morning.

6          MR. ABBOTT:  Derek Abbott here on behalf of the

7    debtors with some good news, some bad news, and an apology,

8    Your Honor.

9          THE COURT:  All right.

10          MR. ABBOTT:  The good news is I think today's

11   going to be much more abbreviated than it probably appeared

12   at a first glance at the docket.  The bad news is we didn't

13   let chambers know last night when that came together and so

14   that's the apology.  We probably should have alerted

15   chambers last night.  It was all happening after business

16   hours --

17          THE COURT:  Absolutely.

18          MR. ABBOTT:  -- but I wasn't sure if that caused

19   you to come in early and I hope it didn't, Your Honor, but

20   my apologies and we'll address that going forward in the

21   future.

22          THE COURT:  It's not a problem here.  There was

23   an objection that was filed fairly late and I suspect that,

24   perhaps contributed to the --

1          MR. ABBOTT:  It did, Your Honor, as a matter of

2 fact, it did.

3          THE COURT:  Yes.

4          MR. ABBOTT:  So without further ado, Your Honor,

5 I'd just turn the podium to Ms. Kim who is going to start, I

6 think with Agenda Item No. 7.

7          THE COURT:  All right, thank you.

8          MR. ABBOTT:  Thank you, Your Honor.

9          THE COURT:  Good morning, Ms. Kim.

10          MS. KIM:  Good morning, Your Honor.  For the

11 record, Jane Kim from Clearly, Gottlieb, Steen & Hamilton on

12 behalf of the debtors.

13          Your Honor, the first item on the agenda that

14

15 we're going to present to you is the motion by the Iowa

16 Department of Revenue for leave to file a late claim.  The

17 Iowa Department of Revenue filed a late claim with respect

18 to -- for a little over $32,000 with respect to the tax

19 years 2004 and 2005 for which --

20          THE COURT:  Yes.

21          MS. KIM:  -- the debtors had filed an amended tax

22 return after the bar date.  The debtors don't contest the

23 motion and have settled the consensual order which has a few

24 reservations of rights.  And if Your Honor would permit me

25 to hand up the order with the black line, I can walk you

1   through changes.

2            THE COURT:  Thank you, yes, Ms. Kim, please.

3            MS. KIM:  Thank you.  As Your Honor will see from

4   the black line, what the order does is says that the Iowa

5   Department of -- that the motion is granted, but that the

6   Iowa Department of Revenue may not file any other requests

7   to file a late claim, except with respect to tax periods for

8   which the debtors either filed an amended return within 30

9   days prior to entry of this order or for which the debtors

10  file an amended tax return in the future.  And this also

11  doesn't affect the Iowa Department of Revenue's right to

12  assert claims with respect to the post-petition period

13  taxable years.  And this also reserves all of the debtors'

14  rights with respect to any requests by the Iowa Department

15  of Revenue to file a late a claim and also is without

16  prejudice to the debtors' rights to oppose any other

17  requests by any other claimant to file late claims.

18            THE COURT:  All right.  Does anyone wish to be

19  heard for the Iowa Department of Revenue?

20                  (No audible response heard.)

21            THE COURT:  Very well.  Anyone else?

22                  (No audible response heard.)

23            THE COURT:  I am prepared to grant the relief.

24            MS. KIM:  Thank you very much, Your Honor.  And

25

1    with that, I will hand the podium over to Ms. Schweitzer.

2         THE COURT:  Thank you.  Good morning, Ms.

3    Schweitzer.

4         MS. SCHWEITZER:  Good morning, Your Honor.  For

5    the record, Lisa Schweitzer from Clearly, Gottlieb for the

6    debtors.

7         I'm here today as Mr. Abbott indicated on the

8    motion to approve the stipulation with the U.S. Bank to turn

9    over the trust property and the related relief with respect

10   to the deferred compensation plan.

11        THE COURT:  Yes.

12        MS. SCHWEITZER:  And as Your Honor is aware and

13   noted that there were several employee objections that were

14   timely filed, others that were filed past the objection

15   deadline.  And most recently, last night well past the

16   objection deadline, there was an objection filed by Mr.

17   Keech of Bernstein, Shur purporting to represent the ad hoc

18   group of employees.  Obviously, the objection is untimely,

19   but that said, we have had a conversation with Mr. Keech

20   about a path forward which I would say doesn't resolve the

21   matter, but it will obviate the issue for an evidentiary

22   hearing today.

23        THE COURT:  Okay.

24        MS. SCHWEITZER:  And I go through where we came

25

1  out.  The punch line is that we're willing to provide him

2  limited discovery which we view is more of a confirmatory

3  diligence exercise, rather than a fishing expedition for

4  various reasons.  But given where we're at, and given the

5  number of objections that have been filed and some of the

6  issues he raises, I wanted to take a little time to walk

7  through how we've gotten here to give context for how we're

8  going forward.

9          THE COURT:  Okay.

10          MS. SCHWEITZER:  So, Your Honor, obviously,

11  everyone in the courtroom is aware and the debtors are

12  acutely aware that this is a difficult motion to bring.

13  We've had many opportunities to come before Your Honor with

14  opportunities that could increase the size of the pot for

15  all the creditors of the estates.  We've had several sales

16  that were able to preserve significant numbers of employee

17  jobs through and that could bring in proceeds that improve

18  creditor recoveries, in some cases, substantially beyond

19  initial expectations.  We've also brought litigations and

20  other things where we can bring as I said, money in that

21  increases the size of the pot.

22          Unfortunately, in bankruptcy cases, it's the

23  nature of the bankruptcy that not all steps the debtors will

24  take and that are really mandated to take, can increase the

25

1   size of the pot in such a way.  And unfortunately, it's also

2   a fact of bankruptcy that you're in bankruptcy because

3   there's simply not enough money to go around and that many

4   people are going to suffer hardship and there's an

5   expectation that the hardship needs to be appropriately

6   allocated and shared according to the way the law provides.

7          In that regard, several employees in their

8   objections have outlined some of the hardships they've

9   faced. Obviously, suppliers over time, landlords, and others

10  who are creditors of the estates similarly face hardships as

11  a result of the debtors' filings and we're aware of that.

12  And it's an unfortunate consequence of bankruptcy, but it's

13  a fact of bankruptcy.  And unfortunately, it also doesn't

14  change the nature of the debtors' duties which are to

15  marshal assets and to divide them and distribute them among

16  the creditors generally.

17

18         Here, the motion before Your Honor is a motion to

19  turnover trust assets.  And while there were a lot of

20  objections filed, the issues at stake here aren't very hard

21  to articulate.  The showing the debtor has to make is that

22  this was a top hat plan and that it was unfunded.  Here

23  there was a grantor trust or rabbi trust set up in 2000 in

24  connection with the deferred compensation plan.  But the law

25  is clear in the Third Circuit and, quite frankly, uniformly,

1  that the mere existence of a grantor trust and a rabbi trust

2  does not affect or impair the nature of the unfunded plans

3  when it's deferred compensation plan.  And it also doesn't

4  mean that employees have a per se right or even any sort of

5  right to reach into the assets of the grantor trust because

6  the grantor trust by its name and by its terms and through

7  the contract established with employees or with a company

8  provides that these are company assets in the event of a

9  bankruptcy.  And the creditors have no more than general

10  unsecured claims against the company for the deferred

11  compensation claims.

12

13          The second element that the debtors are held to

14  show is that the plan itself is a top hat plan.  And that

15  entitles them to set up the rabbi trust.  And the top hat

16  plan really means that it's a plan offered to select

17  employees and the magic phrases are management are highly

18  compensated employees.  And most of the objections other

19  than individual objections focused on this issue of asking

20  the Court to hold the debtors to the standard of proving

21  that the plan was selected and offered to management or

22  highly compensated employees.

23          And the debtors believe that the evidence is

24  clear in this case.  We've put evidence in through the

25  submission of the declaration of Daniel Wray who is an

1   employee of the company.  And we've in our reply brief

2   submitted in response to many of the oppositions, went

3   through the law that we think is applicable.  And that while

4   ultimately the debtors have the burden of showing facts to

5   prove their entitlement to relief, that ultimately it

6   doesn't mean that in every case that there's actually going

7   to be a close call or that the debtors are unable to meet

8   that burden of proof.

9           And as Mr. Wray's declaration shows, that in this

10  case, the plan, in fact, was offered to a small group of

11  employees only 6 to 8 percent of the company's employees on

12  average were eligible and nevermore or even close to 10

13  percent.  And that the employees were highly compensated.

14  Where the compensation thresholds for participation were set

15  at $145,000 in 2000 and over $180,000 in 2008.  And that

16  those thresholds are well over IRS thresholds set for highly

17  compensated employees and other precedents in this circuit

18  and elsewhere who have considered what would be a qualified

19  top hat plan.

20          In fact, the debtors believe that they'll be able

21  to show that the standards are, in fact, conservative for

22  this type of program.  That's to say understandably as

23  employees say in their objections that highly compensated

24  might be in the eye of the beholder and in these economic

25

1    times and people facing circumstances, people might have

2    their own views on whether they thought they were highly

3    compensated.  But again, this is a legal test and a legal

4    standard and we think we'll be able to meet that legal

5    standard with comfort and a cushion.

6            Now in addition to the several individual

7    employee objections that are filed, Mr. Keech who has

8    familiarity with these issues in litigations, filed an

9    objection raising certain questions about the plan and

10   asking for more discovery and particularly referencing his

11   experience in *New Sentry* and the *Home Bank* case that's both

12   in this district.

13            THE COURT:  Yes.

14            MS. SCHWEITZER:  And I can say having reviewed

15   those pleadings and myself being familiar with the

16   litigations, that the facts here just simply aren't close to

17   *New Sentry* or *Home Bank*.

18            In *New Sentry*, the complaint was filed by the

19   employees seeking to get into the assets, rather than the

20   company seeking to have the assets turned over or settled

21   and delivered to them.  And in that case, the plaintiffs

22   were employees who were alleging that over 16 or 17 percent

23   of the employee population was eligible for participation in

24   the plan.  So more than double what we're dealing with in

25

1    our case.  The participation was offered to people with as

2    low a base salary as $18,000 a year.  Now that case was

3    settled so I don't know ultimately what the facts showed,

4    but that was the evidence before the Court when it was

5    presented to him, to Judge Carey.

6            In *Home Bank* similarly, the debtors conceded that

7    over 16 percent of the employees were eligible at their peak

8    for participation and that it was routinely over 10 percent

9    participation by employees.  And the debtors also conceded

10   in different documents that, in fact, I think in their

11   words, there was a lack of oversight of the plan in certain

12   years because of changes of employee personnel.  And that

13   was a reason offered for why the rates jumped up.

14

15           Now there's never been any evidence of lack of

16   oversight here.  And to the contrary, the debtors expect no

17   perfect creditor to make a showing that in this case that

18   they actually with care and attention, established the

19   threshold to monitor the thresholds and, in fact, the actual

20   participation in the plan reflects that care and attention

21   and compliance with the law.

22           The debtors similarly think that we're prepared

23   to show a strong record on the other issues raised by

24   employees in terms of the noticed employees, the potential

25   risks, and some of the individual objections that people

1   made.  In fact, some employees had in their objections and

2   responses acknowledged being informed of the risk and

3   acknowledged some of the plan documents that they got.  And,

4   in fact, all the employees got outlining the risk of losing

5   a claim or only having a claim to an unsecured claim in a

6   bankruptcy.

7            But so I again, return to my initial premise

8   which is that the debtors are required in this case to make

9   a showing of fact, but it doesn't necessarily mean that

10  there are going to be questions of fact or close calls to be

11  made in this case as to whether this was a compliant plan.

12  And where companies quite frankly have taken steps to comply

13  with the law and, in fact, comply to the law, it can't be

14  that in every case the debtors have to pay ransom or have to

15  pay money in order to get money out that they're legally

16  entitled to.

17

18           We're prepared to make that showing.  We're

19  prepared to make that showing today.  We submitted evidence

20  before the hearing in furtherance of that showing.  And

21  quite frankly in presenting these facts to Your Honor, this

22  is for background recognizing we're not going forward with

23  an evidentiary hearing today.  And we don't in any way mean

24  to detract from the hardship that the employees, some of the

25  employees say that they're facing.  Whether or not that

1  hardship is related on unrelated to any of these deferred

2  compensation issues.  We recognize that that is a hardship.

3  People have -- are facing hard times. And, unfortunately, as

4  I've said before, that is the nature of creditor

5  relationships sometimes in a bankruptcy case.

6          And the reason we're taking care to make these

7  disclosures to employees along the way and quite frankly why

8  in the beginning of the case as early as April 2009, the

9  debtors wrote a letter to all employees which I believe was

10  submitted to the Court which said look, we need to tell you

11  that you only have a claim against the company as a

12  unsecured creditor.  We're sorry.  We've looked at this.

13  We've reviewed it, but we want you to know.  And the debtors

14  have taken every step to keep the employees informed and to

15  act according to what their responsibilities are.

16  

17          Which I guess with all that background, brings us

18  to where we are today.  We're faced with several objections

19  that have been filed.  As I said, we are prepared to bring a

20  witness today and have a full evidentiary hearing.  Mr.

21  Keech also filed an objection last night which as I said is

22  untimely.  It raises many arguments that we flat out don't

23  agree with.  I recognize, certainly, he's had limited time

24  he says to prepare this.  So that necessarily may be that

25  some of the arguments he raised he didn't have time to

1    consider their applicability or put them in as an abundance

2    of caution and that's fine, that's his right.  I don't think

3    ultimately many of those issues are even relevant to what

4    you might even ask forgetting about the issues would be that

5    could be joined in this case.

6

7            However, without waiving any of those objections

     or without saying that we concede the validity of any of his

8    points, the debtors do understand the employees' interest in

9    having an opportunity to probe the facts.  To see the

10   evidence that we intend to put on before we come to the

11   Court.  And given the importance of the issues and the fact

12   that employees' interests are at stake, we're willing to

13   agree to limited discovery in this case with a full

14   reservation of rights.  Obviously, to the ultimate merit of

15   the entitlement to discovery and to any arguments he makes

16   or even his entitlement to make them given the timeliness of

17   which they've been raised and given the nature of some of

18   the arguments.

19

20           And as I said, we view this as more as

21   confirmatory discovery focused particularly on the question

22   as I said of whether participants were these management are

23   highly compensated individuals and not a fishing expedition

24   and not a reason to sort of give us the full panoply of

25   discovery and deposing a million people and going through an

1    exercise that the employees certainly had the opportunity to

2    bring those types of actions in the last two years.  The

3    employees did not bring those actions in the type of -- in

4    the last two years.  We're now in the context of a turnover

5    motion.  We think it is properly and procedurally broad, but

6    we're willing to engage in limited discovery.

7         So based on our conversations with Mr. Keech last

8    night, we've agreed to the following terms.  That Mr. Keech

9    said that he intends to file and will promptly file a Rule

10   2019 statement identifying his clients.  He's informed us

11   that he has the two named individuals in his complaint and

12   believes he's acting on behalf of the ad hoc group which he

13   said, I think believe -- included 80 objectors.  So I would

14   assume it's the lion's share if not the totality of the

15   objections that filed papers.  But again, he'll file a Rule

16   2019 statement to confirm who he's representing.

17        Second of all, Mr. Keech agreed that we, the

18   debtors can continue to proceed by motion and that he's not

19   going to insist that we have to re-file and bring a

20   complaint which quite frankly since they wouldn't be named

21   defendant in the complaint, would get us right back to where

22   we are today anyway.

23        And the third thing is that the debtors have

24   indicated our willingness to entertain limited discovery

25

1    requests.  And we asked Mr. Keech for the earliest he could

2    get to us a document request.  And what we've told Mr. Keech

3    is that we expect that we will provide narrowly tailored

4    discovery.  That we will not entertain full discovery on a

5    as I said a fishing expedition on every last detail.  But

6    we've also asked him to provide us a full document request

7    so we don't suffer from the death by a thousand cuts because

8    we started having a conversation in terms of first waves and

9    second waves and third waves and that's the debtors'

10   intention with providing this adjournment and providing

11   discovery.

12          And so Mr. Keech indicated to us that the

13   earliest that he's able to get us a document request is a

14   week from now which is February 16.  And so, with that on

15   his representation that he can't do it any quicker, and

16   particularly, his representation that the reason he needs

17   time is because he doesn't intend to give us a cookie cutter

18   request.  He doesn't intend to just pull one off the shelf

19   and give us everything.  So that with that in mind, we're

20   willing accept that as the time for him to give us the

21   document request.

22          Following that, we intend to meet and confer on

23   the scope of discovery and particularly what we think is

24   reasonable and the timeframe in which we can provide

25

1  responses to that discovery based on what documents he's

2  seeking.

3           We ask for your Court's, Your Honor's indulgence

4  that to the extent that we're not able to work on the

5  schedule consensually or to the extent that we have concerns

6  about the scope, that we could ask for a conference for Your

7  Honor that we don't have to come to another omnibus hearing

8  as we have done in other matters to resolve scope issues or

9  timing issues or any other discovery issues.

10          THE COURT:  Yes.

11          MS. SCHWEITZER:  Okay, thank you.

12          THE COURT:  Absolutely.  And we could do that by

13  telephone if that would expedite the process.

14

15          MS. SCHWEITZER:  Yes, it might as I understand

16  Mr. Keech is in Maine so he might -- alleviate some of the

17  burden in scheduling inconvenience and appreciate your

18  courtesy on that, Your Honor.

19          And right now, the debtors are not going to seek

20  discovery from the employees given the assumption that this

21  will be a limited discovery exercise.  But, of course, the

22  debtors reserve all rights to the extent that more discovery

23  was sought to also seek discovery from the individual

24  employees based on the facts raised in their objections and

25  more generally.  I hope we don't get there.  I hope we don't

1   wind up drifting on the narrow scope that we envision this

2   to be, but we do want to put on the reservation of rights.

3          Mr. Keech also raised his intention or desire, I

4   guess to take depositions.  I don't think the debtors are

5   there yet.  I think we still are -- believe that there are

6   these procedural objections, there's timeliness objections,

7   there's various objections.

8          And also, given the scope of the exercise and the

9   role of the employees and their arguments in this exercise,

10  the debtors are not in a position now where we're willing to

11  say that we're agreeing to any depositions.

12         But Mr. Keech can see the documents.  We can have

13  a conversation about what the facts are.  And we hope that

14  Mr. Keech will, in fact, be comforted by the documents that

15  he sees and the showings that we're able to make such that

16  that would be obviated.  Because of course, right now, the

17  debtors are in a position where we have limited resources.

18  We've wound down our businesses.  Employees have been let

19  go.  And, of course, the debtors intend to do everything

20  that they're legally required to do.  And in this case,

21  whether or not we're legally required to do it, we're

22  prepared to go through this discovery exercise on a limited

23  basis, but we do want to be cognizant of the resource

24  demands on us in complying with this.

25

1          And again, as I said, we're hopeful that the

2    facts aren't going to raise such questions that there's

3    going to be a need for depositions.  Of course, we reserve

4    all of our rights with respect to any notice.  And we

5    reserve our right to take depositions for fact and as always

6    people do.

7          The third thing is that we would propose to

8    adjourn the hearing to March 23 on the merits.  I know Mr.

9    Keech in a conversation had indicated concerns about getting

10   the discovery done in that timeframe.  Obviously, we can't

11   share those concerns until we know that -- what the scope of

12   discovery is and have worked through those issues.  But we

13   believe that 45 days, again, given the nature of issues at

14   stake and given the facts that really should be focused on

15   in getting to resolution of those issues are giving them

16   comfort on those issues.  The 45 days should be enough to

17   return to the Court on a hearing, if necessary, on the

18   merits.

19          We understand Mr. Keech will obviously reserve

20   his rights so we'll just reserve his rights for him.  That,

21   you know, if it takes longer, it takes longer, but we would

22   propose that we act in accordance with that goal.  And it's

23   not just a hypothetical goal, but we also focus our

24   discovery and our -- not only in timing, but in scope, and

25

1  in intention with that goal in mind.

2          And again, I've said it before but just to close

3  it out, that we do reserve our rights with respect to all

4  aspects of the objection.  With respect to the arguments

5  raised in the timeliness of it and then agreeing this

6  limited right of discovery or this limited availability of

7  discovery, we're no way conceding the right to any

8  discovery, much less an unlimited scope of discovery.  But

9  we hope that again, we don't have to get there with Your

10 Honor, because we hope that we're able to provide the

11 comfort and assurance and that the numbers we're offering

12 are the numbers.  They're well within the law and they're

13 well within our entitlement to turn over the money to the

14 debtors for the benefit of unsecured creditors as the plan

15 provides.

16

17          And the purpose of this exercise is to hopefully

18 give people comfort and to obviate a larger battle before

19 Your Honor.  The debtors obviously have attempted to proceed

20 cautiously and thoughtfully in both establishing the plan,

21 administering the plan, and in the run up to bring in this

22 motion.  The debtors as I said, did not bring this motion

23 lightly, but do have a duty to marshal assets and to enforce

24 contractual terms not just for the benefit of these

25 employees, but for other employees and other creditors who

1  similarly are facing hardship in their own circumstances in

2  this case.

3              With that said, I'm aware that Bonnie Fatell who

4  is Delaware counsel to the ad hoc group is in the Court and

5  Mr. Keech is on the phone --

6              THE COURT:  Yes.

7              MS. SCHWEITZER:  -- and I'll obviously give them

8  an opportunity to say anything they want.  I understand also

9  that individual employees are in the courtroom and others

10 are on the phone either on listen in or speaking mode and we

11 obviously will give everyone an opportunity to talk today.

12 As I said, we're not here to decide evidentiary issues.  We

13 don't think that there are actual disputes to be heard

14 today, but we obviously don't want to foreclose anyone's

15 ability to address the Court on this issue.

16

17             THE COURT:  All right, thank you, Ms. Schweitzer.

18 Good morning, Ms. Fatell.

19             MS. FATELL:  Good morning, Your Honor.  Pardon

20 me, Bonnie Fatell from Blank, Rome.  And I am working with

21 Robert Keech.  We are his Delaware counsel.  Mr. Keech and I

22 both were just contacted yesterday which explains the reason

23 why there was a late filing of an objection.  And so I would

24 hope that the timeliness of that objection will not be held

25 against us.

1          Your Honor, there has been a stipulation reached

2   and I think Mr. Keech will respond to the presentation

3   that's been made.  I just did want to note for the record,

4   we are representing right now Robert Horn and James Young

5   and there is an ad hoc group of beneficiaries that literally

6   is forming as we speak.  We do not pretend to represent all

7   of the parties so far who have filed any kind of an

8   objection or any kind of notice.  And so to the extent that

9   they are on the phone on the courtroom, I think they would

10  like to have an opportunity as counsel suggested that they

11  may want to speak as well.

12          THE COURT:  All right.

13

14          MS. FATELL:  And with that, Your Honor, I would

15  ask the Court to permit Mr. Keech to address the Court by

16  telephone.

17          THE COURT:  Of course, thank you, thank you, Ms.

18  Fatell.

19          MS. FATELL:  Thank you.

20          THE COURT:  Mr. Keech, good morning.

21          MR. KEECH:  Good morning, Your Honor.  Thank you

22  for hearing me this morning by telephone.

23          I think that debtors' counsel has more or less

24  adequately stated our agreement.  I'll make a couple of

25  comments.

1            First, let me state that we don't expect based on
2    what we already know for the discovery to be simply
3    confirmatory.  That's not my intention to pre-argue the
4    issues.  I think we've laid the issues out pretty clearly in
5    our papers and there will be plenty of time to do that.
6    Suffice it to say that based on what we know so far which is
7    what we've been able to learn in a very short of period of
8    time, we think there is a case here for saying this is not a
9    top hat plan and that discovery is likely to confirm that.
10   But we will go into it with an open mind.  And we've done
11   this before and we intend to be surgical and not engaging in
12   any type of fishing expedition.  That's not what we do.
13   It's not what we've done in prior cases and we certainly
14   won't do that now.
15

16            With respect to the stipulation, debtors' counsel
17   stated it correctly, we will promptly file a Rule 2019
18   statement.  As Ms. Fatell just indicated, this ad hoc group
19   is forming literally as we speak.  I think it's over 80 now,
20   but we need to confirm the relationship with each member of
21   that group and we'll be doing that over the next couple of
22   days.
23            As debtors' counsel indicated, we will not press
24   the requirement of the proceeding by adversary proceedings.
25   This case started the same way that the *Home Bank* case

1   started with a motion for turnover and we were able to reach

2   the same agreement in that case and proceed as a contested

3   matter with the federal rules applying.  And we're happy to

4   do that here.  We know there's no need to stand on

5   procedure.  We think the factual and legal issues are

6   appropriately joined.

7          But as Judge Carey did find in *New Sentry*, the

8   issue of whether or not a plan is a top hat plan and

9   particularly, the issue as to whether or not it's limited to

10  a select group of management or highly compensated

11  individuals is a detailed factual inquiry.  It has

12  qualitative and quantitative elements and it does take a

13  fair amount of factual development.  And as debtors' counsel

14  has appropriately stated, the debtor has the burden here.

15  

16         With respect to our discovery request, we will

17  submit a documents request and interrogatories by the 16th.

18  Those will be surgical.  They'll be pointing to the issues

19  that have been raised in our papers to date.  I don't know

20  that I would necessary classify them as limited within those

21  issues.  I think what debtors' counsel and I discussed was

22  they wanted it to be a full request and we will give them

23  that.  And then, of course, we will meet and confer to make

24  sure that can be done as efficiently as possible.  And we

25  appreciate the Court's willingness to hear us by phone on

1   any of these issues.

2          I think all parties are reserving their rights on

3   discovery and on timing.  Obviously, if the March 23 hearing

4   is going to be relevant, it will require that the debtors

5   respond on a timeframe that is much faster than the federal

6   rules permit, but I think those are the kinds of things that

7   we will be talking about with debtors' counsel as we work

8   through discovery.  And I expect that we will all proceed in

9   good faith.  These are important issues.  People's

10  lifesavings are at stake.  And obviously, a fair amount of

11  factual development is not only required, but I think

12  justified in the firsthand.

13          With that, I would say that the stipulation

14          With that, I would say that the stipulation

15  that's on record with those reservations is accurate.

16          THE COURT:  All right, thank you, Mr. Keech.

17  Does anyone else wish to be heard?

18                   (No audible response heard.)

19          THE COURT:  All right.  Anything further, Ms.

20  Schweitzer?

21          MS. SCHWEITZER:  No, I just would note, we

22  actually hadn't discussed interrogatories last night.  We're

23  perfectly happy to entertain them.  We'll deal -- we'll

24  again address those in the context of discovery and we

25  appreciate Mr. Keech's offer to cooperate in good faith in

1  trying to get to reasonable discovery.

2          THE COURT:  All right, thank you, Ms. Schweitzer.

3  Well, let me just say that sometimes it's better for a Judge

4  not say very much.  And I think this is that occasion.  I'm

5  certainly going to grant the adjournment.  Hopefully, the

6  parties will be able to cooperate so that we can have the

7  hearing on March 23.  And if that becomes a problem, then I

8  will hear anyone on seeking a further adjournment, but

9  hopefully, March 23 will be sufficient time.

10          I did have concerns about the factual issues and

11  the necessity of a detailed record on the facts and I'm

12  pleased that Ms. Fatell and Mr. Keech have come forward

13  because I think that their involvement will certainly

14  enhance the development of a factual record here which is

15  critical.  It is a fact intensive type of inquiry and I

16  wasn't frankly certain how that was going to be developed

17  without the involvement of counsel and so that is helpful.

18          And I am just going to say that the adjournment

19  is certainly granted here.  I think it's appropriate and

20  necessary and I will be available at the call of counsel to

21  be of any assistance that I can be on discovery.

22          MS. BOVARNICK:  I'm sorry, excuse me, this is

23  Ellen Bovarnick, Your Honor, and I'm an employee and I would

24  like to just add two or three more things if I could for

25

1    their consideration, for everyone's consideration.

2            THE COURT:  Certainly.

3            MS. BOVARNICK:  Thank you so much.  It seems that

4    most of the arguments here are revolving around whether it's

5    a top hat plan and I think that's excellent.  There are

6    several other employees that are -- have a slightly

7    different situation and I'm one of those.  And that would be

8    those of us that were terminated in late 2008 and for whom

9    those balances should have been returned.  And so I'd like

10   there to be some view of that.  And we were let go, you

11   know, effective December 31, but the letters and contracts

12   were all signed December 3.  And so there was ample time to

13   get the money back to us.  And I don't see anything really

14   in these discussions entertaining that.  So that's part one.

15   

16           The other part of that is that since that time or

17   since the pre -- since the petition date, each of the

18   employees had those balances.  They have been managing those

19   accounts so the accounts have changed their balance based on

20   their individual investment choices.  Mine for one has

21   doubled and I wouldn't see why the bankruptcy estate would

22   be entitled to my investments of my hard work over the last

23   two years.  So I would like that to be entertained because

24   it's nothing in anything that I can find that describes why

25   -- where the balance point comes from.  If it's at petition,

there was a balance at petition, but what happened to the

subsequent growth or for that matter decline in somebody's

balance.  That would be a second item I'd like to point out.

The third thing that concerns me is I can no

longer access nor see those balances.  And as of December,

in mid, early December when the board decided that the plan

was winding down which I certainly can understand, they

determined as of December 31, to cutoff our access.  So I

can no longer change my investment, nor can I see the

current balance.  So there's sort of a secret amount of

money now that I have lost sight of that I know TBG or

Mullen TBG must have, but I can no longer see it.  It's sort

of presumptuously assumed I'm going to lose all of the

money.  And I would just raise those as well.

And in the same vein, since we're talking about

total access to the biggest pot possible, if you're going to

grab all of my money, if you grab my severance, you grab my

deferred comp, there was certainly executives that pulled

money out just before bankruptcy.  And I was wondering why

we wouldn't grab those back as well.  It's most notably

public about Richard Lowe and his $1.7 million pulled after

Nortel hired bankruptcy advisors, but before the bankruptcy

petition date and I'm sure he's not alone.

So I would just like to make sure that if you're

1  grabbing the pot, you grab everybody's pot and if you're

2  going to take mine, take his, too.

3         THE COURT:  All right, well let me say that the

4  issues that have been framed by the ad hoc committee are not

5  the universe of issues and I certainly will consider matters

6  that you've suggested now.

7         MS. BOVARNICK:  Thank you so much.

8         THE COURT:  Let me ask you this, Ms. Schweitzer.

9  Is there any way for employees to obtain the records that

10  have just been referred to?

11         MS. SCHWEITZER:  Yes, Your Honor.  I'm happy to

12  address some of these obviously with understanding that

13  they, you know, we can address them in the future, but they

14  are important issues to address.

15  

16         With respect to the balance, the reason the

17  accounts were turned off is the plan, in fact, was

18  terminated.

19         THE COURT:  Right.

20         MS. SCHWEITZER:  And the people can no longer

21  change their investment decisions.  That my understanding is

22  if they haven't gone out already TBG Mullen is preparing

23  final account statements for everyone and those will be

24  issued, we can we can check on it, I believe it will be, you

25  know, the next week or two if they haven't gone out already.

1    It's again, just there's a necessary time delay between

2    terminating an valuing and sending out, probably a

3    processing issue, but everyone, every employee should get a

4    hard copy account statement for their final balance.  And

5    again, I'm saying balance in terms of what the account shows

6    on the screen without concession as to what that means with

7    respect to their claim.  I understand Ms. Bovarnick's point

8    regarding the fact that the balances have risen because

9    obviously in December -- January of 2009 was a different

10   financial market than it is now.

11              THE COURT:  Yes.

12              MS. SCHWEITZER:  And we are aware of that issue,

13   but we're also aware that legally there are different

14   consequences to that.  Today's not the time or place to

15   discuss that.

16              THE COURT:  Absolutely, just -- I just want to be

17   sure --

18              MS. SCHWEITZER:  Right.

19              THE COURT:  -- that they do have that -- the

20   access to the facts.

21              MS. SCHWEITZER:  Absolutely.  And there also is

22   just to address the termination point again without trying

23   to pre-argue anything, that I think that also relates to

24   people making a request in December again, is a procedural

25

1  mechanical plan related issue in terms of timing of getting

2  money out compared to when requests come in.  But we will be

3  prepared to address that with Your Honor or employees in

4  general, but it has to do -- it is as provided and

5  contemplated under the plan and plan disclosures of when the

6  money would come out is the month following, request being

7  made in 30 days or so after that, end of that month.  So, in

8  fact, the bankruptcy filing interrupted those requests

9  because by the time they were hitting the debtors, the money

10 wouldn't have cycled out.

11           But again, today isn't the day we're asking your

12 Court to make any decision on that.

13

14           THE COURT:  Of course.

15           MS. SCHWEITZER:  But we are aware of that issue.

16 And like I said, we've proceeded cautiously as these issues

17 have come up, we've tried to find out the facts and we're

18 willing to share those facts.

19           THE COURT:  All right.  Mr. Keech or Ms. Fatell

20 will you be representing employees, former employees on the

21 issues such as Ms. Bovarnick has raised?

22           MR. KEECH:  Well, Your Honor, Robert Keech.

23 Generally, when we have done this in the past with both the

24 ad hoc group in *Home Bank* and in *New Sentry*, the issues

25 expand to include issues like those raised by the employee.

1  Not specifically with respect to the recovery of other

2  payments, that's something for the debtor or the committee

3  and so that wouldn't be within our bailiwick. But I would

4  point out that in those cases, there were adversaries with

5  respect to payouts immediately being paid to insiders, but

6  that would be in somebody else's obviously responsibility.

7          But we would to the extent that somebody becomes

8  a member of the ad hoc group, we would be informing them as

9  to their full panoply of rights with respect to the plan.

10  And generally, we have even at times taken it on ourselves

11  to expand at least on a informational basis to reporting to

12  the entire class of beneficiaries.  So we would expect that

13  we would reach some if not all of those issues.

14

15          THE COURT:  All right.

16          MS. FATELL:  And, Your Honor, I might add that I

17  think to the extent that as we enlarge this group and as we

18  both said it is growing as we speak.  And some of these

19  issues are raised by additional people that join, I think we

20  would reserve our right to raise any additional issues prior

21  to the next hearing to the extent that they relate to this

22  whole issue before the Court.

23          THE COURT:  All right.

24          MS. FATELL:  Thank you.

25          THE COURT:  Thank you, Ms. Fatell.  And I

1    understand that the debtor will reserve its -- their rights

2    to oppose any of these issues --

3                MS. SCHWEITZER:  Thank you, Your Honor.

4                THE COURT:  That's certainly understood.  All

5    right.  Anyone else?

6                MR. WARREN:  Judge, can you hear me?  This is Ben

7    Warren.

8                THE COURT:  Yes, I can, Mr. Warren.

9                MR. WARREN:  Thank you.  I would just like to add

10   a comment to the last, the woman who just spoke.  I actually

11   did go onto TBG Mullen yesterday in the event that this

12   hearing was going to go one way or the other.  And I was

13   able to get my balance as of yesterday.  I have a hard copy

14   of that.  So whatever happened, it was not turned off

15   yesterday.

16

17               THE COURT:  All right.

18               MS. BOVARNICK:  Thank you.  This is Ellen

19   Bovarnick again.  I went in a week ago when we got the

20   notice the -- of the hearing and whatnot and mine was not

21   accessible.

22               THE COURT:  All right.  You might want to try

23   again today.

24               MS. BOVARNICK:  I will do that.

25               THE COURT:  Very well.

1          MS. BOVARNICK:   Thank you.

2          MR. WARREN:   Yeah, I'll coincide with her, I have

3   the same issue.   The balance that that's there now is much

4   different than it was before so, I'm not sure how that gets

5   resolved, but certainly is better than it was when we -- and

6   I managed it carefully as well, much better than Nortel did

7   it with their money.

8                        (Laughter)

9          MR. KEECH:   Your Honor, this is Mr. Keech again.

10  And just by way of providing some experience so that people

11  aren't confused.   This is probably something that debtors'

12  counsel should work with the TPA about because I will say

13  that in both of those cases, there was a time when to

14  continue to act what they thought was their account screen

15  when, in fact, those account screens had effectively been

16  disconnected from any real activity.   So I think it's

17  probably important in whatever notice is going out to people

18  that it be made clear whether or not what they are seeing

19  online actually has any relevance to what their account

20  balances are because there's often a lag between the

21  shutdown of the online system and whether or not they really

22  mean anything in terms of actual investment activity.

23         THE COURT:   All right, thank you, Mr. Keech.

24  Anything further from anyone else?

25

1                    (No audible response heard.)

2              THE COURT:  All right.  Then we will adjourn to

3    March 23 on the deferred compensation plan issues.  And

4    again, I'm available when you're ready to consult with me on

5    discovery issues.

6              MR. ABBOTT:  Thank you, Your Honor, I appreciate

7    it.

8              THE COURT:  All right.  Thank you, counsel, and

9    we'll stand in recess then.

10             MS. SCHWEITZER:  Oh, there's --

11             THE COURT:  Oh, pardon me.

12             MS. SCHWEITZER:  We have one other thing on the

13   agenda is the preference pre-trial.

14             THE COURT:  I'm sorry.  Good morning.

15             MS. SCHWEITZER:  It's my colleague.

16             MS. ROBERTS:  Good morning, Your Honor.

17             THE COURT:  Good morning.

18             MS. ROBERTS:  Katherine Roberts, Cleary,

19   Gottlieb, Steen & Hamilton for the debtors.

20             THE COURT:  Good morning.

21             MS. ROBERTS:  Thanks.  The debtors are now before

22   the Court for an initial pre-trial scheduling conference in

23   --

24             THE COURT:  Yes.

25

1          MS. ROBERTS:  -- 38 adversary proceedings brought

2   by debtors, Nortel Networks, Inc., and/or Nortel Networks

3   (CALA), Inc., seeking to avoid preferential transfers.  The

4   cases going forward today are listed as Exhibit A to the

5   filed agenda.  And as noted on the agenda itself, Exhibit A

6   includes four additional cases not going forward.  For the

7   record, those cases are CDW Direct, Adversary No. 10-55185,

8   Cognizant Technology Solutions 10-55190, Revonet 10-55182,

9   and Demand Wave Solutions 10-55196.  These four have been

10  adjourned.

11         I believe, Your Honor, has the debtors' proposed

12  form of the scheduling order as Exhibit B --

13         THE COURT:  Yes.

14         MS. ROBERTS:  -- to the filed agenda.

15         THE COURT:  I do.

16         MS. ROBERTS:  With your Court -- if Your Court

17  would like, I could hand up a clean copy or --

18         THE COURT:  That would be helpful, thank you, Ms.

19  Roberts.

20         MS. ROBERTS:  Sure.

21         THE COURT:  Thank you, good morning.

22         MS. ROBERTS:  The debtors submit that order for

23  your consideration and ask that it be entered in the cases

24  listed on Exhibit A to that proposed order.

1          THE COURT:  Yes.

2          MS. ROBERTS:  Exhibit A reflects all the cases

3   going forward at this pre-trial with the exception of three.

4   Those three are Axxiam 10-55158, Critical Path Strategies

5   10-55193, and Weston Solutions 10-55195.  Those are not

6   listed on the scheduling order as an order in those cases

7   was previously submitted and entered under certification of

8   counsel.

9          THE COURT:  Yes, yes, I did.

10          MS. ROBERTS:  Great.  With respect to the

11   debtors' proposed order, the debtors had sent out to the

12   defendant substantially the same proposal when the

13   complaints were initially served back in November and, of

14   course, the final proposal was served on Monday with the

15   agenda in the substance that it goes forward in now, today.

16

17          THE COURT:  Yes.

18          MS. ROBERTS:  The proposal tracks a scheduling

19   order Your Honor entered in 14 adversary -- avoidance

20   actions that the debtors previously filed and closely

21   follows Your Honor's form scheduling order.  If the Court

22   would like, I can you walk Your Honor through the few

23   variations from your form order.

24          THE COURT:  I had an opportunity to review the

25   proposal and I saw the slight differences and I had no

1    problem with those.

2           MS. ROBERTS:  Okay.  With that said, then we

3    would ask that the Court enter the order.

4           THE COURT:  All right, thank you, Ms. Roberts.

5           MS. ROBERTS:  Thank you.

6           THE COURT:  Does anyone else wish to be heard?

7    Oh, Mr. Abbott?

8           MR. ABBOTT:  Your Honor, not on this issue.  I

9    think there's one other scheduling matter on another

10   adversary proceeding.

11          THE COURT:  Okay.

12          MR. ABBOTT:  As well, perhaps Mr. Lemisch will

13   need to address the Court.

14          THE COURT:  Thank you.

15          MS. ROBERTS:  Thank you.

16          THE COURT:  Good morning, Mr. Lemisch.

17          MR. LEMISCH:  Good morning, Your Honor.  Ray

18   Lemisch Benesch, Friedlander on behalf of the debtors'

19   special counsel.

20          Your Honor, I guess it's number -- the last thing

21   on your item -- on your agenda, the scheduling order for the

22   matter of the debtor against Nokia.

23          THE COURT:  Yes.

24          MR. LEMISCH:  We have been in contact with and

25

1  have reached an agreement as far as the scheduling order

2  with the defendants.

3          THE COURT:  All right.

4          MR. LEMISCH:  And Mr. Monhait is in the

5  courtroom.  Can I hand this up?

6          THE COURT:  You certainly may, Mr. Lemisch, thank

7  you.  Good morning.

8          MR. LEMISCH:  I believe that the only item that

9  needs to be completed and I don't know that it needs to be

10  completed right now, would be Item 7.

11

12          THE COURT:  Yes, the status conference.

13          MR. LEMISCH:  Correct.

14          THE COURT:  And why don't we hold that in

15  abeyance because I know that it may change depending upon

16  the future activity in the case.

17          MR. LEMISCH:  That's fine, Your Honor.

18          THE COURT:  So why don't I say to be scheduled,

19  something to that effect?

20          MR. LEMISCH:  Yeah, and Mr. Monhait doesn't --

21  and we filed our 26F report yesterday.  I don't know if Your

22  Honor has any questions or --

23          THE COURT:  No, I did not.

24          MR. LEMISCH:  Okay.

25          THE COURT:  All right, thank you.  Mr. Monhait?

1          MR. MONHAIT:  Good morning, Your Honor.

2          THE COURT:  Good morning.

3          MR. MONHAIT:  Norman Monhait here on behalf of

4   the Nokia defendants.

5          I would also note that there are blanks for the

6   pre-trial conference and the trial, but you can -- Your

7   Honor could hold that in abeyance as well pending further

8   development --

9          THE COURT:  Yes, I think --

10         MR. MONHAIT:  -- as you wish.  The schedule

11  contemplates completion of discovery in late November and

12  dispositive motions in January of next year.

13

14         THE COURT:  Exactly.

15         MR. MONHAIT:  So we would be looking well beyond

16  that anyway.

17         THE COURT:  All right, all right.  I think we'll

18  do that and I may just set it down for a status conference.

19  I probably will set a date for that so that we know where

20  the case is developmentally-wise and we can talk about a

21  trial date and any other issues at that time.

22         MR. MONHAIT:  That's fine, Your Honor.

23         THE COURT:  Okay.

24         MR. MONHAIT:  Very good, thank you.

25         THE COURT:  All right.  Thank you.  Thank you,

1  gentlemen.

2          MR. LEMISCH:  Thank you.

3          THE COURT:  Ms. Wolfe, I think would like to be

4  heard.  Good morning.

5          MS. WOLFE:  Good morning, Your Honor, thank you.

6  Etta Wolfe with Potter, Anderson & Corroon here on behalf of

7  Oplink Communications.  We're a defendant in an adversary

8  with regard to Agenda Item No. 9.

9          THE COURT:  Okay.

10          MS. WOLFE:  And I just had a simple comment, more

11  of a seeking guidance or giving Your Honor a head's up.  I'm

12  not really sure how to phrase this.  But in Paragraph 1 of

13  the proposed scheduling order --

14          THE COURT:  Yes.

15          MS. WOLFE:  Currently, recently Oplink retained

16  us to represent them.  They have not yet filed an answer.

17  We are negotiating the terms of a stipulation for an

18  extension of time to file that answer with the debtors'

19  counsel.  In Paragraph 1 of the proposed form of order

20  clearly states that any such request or stipulated order for

21  an extension must be filed ten days before today.

22  Obviously, ours won't be and I'm sure that we can address

23  that with language in our order that says notwithstanding

24  Paragraph 1 of the Court's scheduling order, but I wanted to

25

1  make sure that that was appropriate with your because with

2  the word must, I get a little wary of that.

3          THE COURT:  I think that's a fair comment and Ms.

4  Roberts, any thoughts on your part or --

5          MS. ROBERTS:  The debtors take --

6          THE COURT:  -- shall we just take care of it in a

7  subsequent stipulation?

8          MS. ROBERTS:  The debtors take no position about

9  the inclusion of that language, just noting that it appears

10  in the general order.

11          THE COURT:  Yes.

12          MS. ROBERTS:  And is in their form order, but

13  we're happy to deal with it in any substantive stipulation

14

15  is Your Honor is amenable to that.

16          THE COURT:  I would be amenable to that

17  certainly, very well.

18          MS. ROBERTS:  Thank you.

19          MS. WOLFE:  Thank you, Your Honor, that was all

20  we had.

21          THE COURT:  Thank you, Ms. Wolfe.  That's --

22  thank you very much.  Mr. Abbott?

23          MR. ABBOTT:  Your Honor, I have one other off

24  agenda just administrative item to address with the Court,

25  if you could.  I don't think it's substantive at all, but

1    more procedural on a cost saving issue, Your Honor --

2              THE COURT:  All right.

3              MR. ABBOTT:  -- that we're trying to think about.

4    It was illustrated, I think by the series of amended agendas

5    for this hearing and in particular, if I could ask the Court

6    to look at Local Rule 9029-3.  Your Honor, that rule is the

7    rule regarding hearing agendas.

8              THE COURT:  Exactly.

9              MR. ABBOTT:  It requires as we read it, it's not

10   100 percent clear, but it requires that copies of the agenda

11   be served on local counsel who've entered an appearance and

12   other counsel with a direct interest in any matter on the

13   agenda, substantially contemporaneous with the Court filing.

14

15             Your Honor, there's another provision that talks

16   about amended agendas.  It talks about bolding the changes,

17   but it doesn't address service.  We've always read the

18   service requirements for an amended agenda to be similar to

19   the requirements of a general agenda, the first agenda.

20   What happened over the last several agendas, you know,

21   leading up to today's hearing, Your Honor, was that we had a

22   change that related to something that was irrelevant to most

23   of the folks that we ended up having to serve.

24             THE COURT:  Yes.

25             MR. ABBOTT:  And what we were going to suggest,

1  Your Honor, and we're happy to proceed by motion if Your

2  Honor thinks it's appropriate or in order, just submitting

3  an order under certificate.  What we would like to do, Your

4  Honor, is be clear that for amended agendas, we need to

5  serve those folks who have an interest not in any matter on

6  the agenda, but in a matter that has been changed on the

7  amended agenda because frankly, the costs of service of

8  these agendas that get lengthy and with an extraordinary

9  number of folks like today where there's a huge number of

10  employees interested in the outcome, it was a change that

11  was unrelated to them that caused us to serve them.

12  Frankly, for people that like, that it often confuses them.

13                THE COURT:  Yes.

14                MR. ABBOTT:  And it would save us costs, Your

15  Honor, if we were able to serve amended agendas only on

16  folks interested in -- obviously local counsel we're happy

17  to continue to serve, but the broader list, only if they're

18  involved in the particular matters where there's a change in

19  the agenda.

20                MS. BECKERMAN:  And Mr. Abbott it's -- the only

21  thing I'd say to that is as long as you continue to serve

22  the official committee --

23                THE COURT:  Oh, Ms. Beckerman.

24                MS. BECKERMAN:  And, of course, in addition, I

25

1  think the ad hoc noteholder group as well with, you know,

2  with everything.  I don't think -- we have an interest in

3  everything so I think that would be appreciated.  I wouldn't

4  have a problem with what you're suggesting otherwise,

5  though.

6          MR. ABBOTT:  Your Honor, that's certainly

7  acceptable to us.  We would likely serve them anyway.

8          THE COURT:  All right, yes, yeah.

9          MR. ABBOTT:  But it's just this broader list that

10 occasionally gets unwieldy that really wastes a lot of time

11 and money.

12         THE COURT:  And it is confusing.  And I remember

13 my days in practice when I would get one amended agenda

14 after the other and it really didn't serve much purpose,

15 frankly.

16         MR. ABBOTT:  Your Honor, if we could draft an

17 order that would make that clear.  We'll run it by Ms.

18 Beckerman and the ad hoc committee of noteholders and the

19 U.S. Trustee as well and submit that under certificate.  I

20 don't think that's something that should be objectionable,

21 Your Honor, but --

22         THE COURT:  No.  I think it makes sense.

23         MS. BECKERMAN:  It makes a lot of sense,

24 especially in a lot of these matters.

25

1          THE COURT:  Yes.

2          MR. ABBOTT:  Okay.  We will do that and submit it

3 under certificate.

4          THE COURT:  Let me hear from the Office of the

5 United States Trustee.  Good morning, Buchbinder.

6          MR. BUCHBINDER:  Good morning, Your Honor.  Dave

7 Buchbinder on behalf of the United States Trustee.  I'm

8 pitch hitting this morning for my colleague, Mr. Tinker.

9          THE COURT:  Yes.

10          MR. BUCHBINDER:  The issue that Mr. Abbott raises

11 is actually an issue that we've been starting to look at in

12 some other cases as well.  The cost can sometimes be very

13 excessive for sending out an amended agenda, particularly

14 when counsel determines to serve by Federal Express.  We've

15 seen some recent cases where literally hundreds of Federal

16 Express have gone out on amended agendas at a very

17 substantial expense.  So I just want to rise to point out

18 that Mr. Abbott has touched on a point that perhaps deserves

19 consideration more than this case and which would save a lot

20 of money in other cases as well.

21          THE COURT:  Absolutely, Mr. Buchbinder, thank

22 you.  Thank you for the comments.

23          MR. ABBOTT:  Your Honor, actually, we were

24 discussing this one and we intend to submit that to the

25

1  local rules committee to address it as well, but we'd like

2  to at least fix it here if we can.

3         THE COURT:  Yes.  And certainly for purposes of

4  this case, let's fix it.

5         MR. ABBOTT:  Thank you, Your Honor.

6         THE COURT:  And then we can address it more

7  universally at a later date.

8         MR. ABBOTT:  Appreciate that, Your Honor, thank

9  you.

10         THE COURT:  All right, thank you, thank you.

11         MR. ABBOTT:  I think that concludes the agenda

12  for today, Your Honor.

13

14         THE COURT:  All right, Mr. Abbott, thank you.

15  Thank everyone.  I thank you all and we'll stand in recess.

16  Good day to you.

17     [Whereupon at 10:28 a.m., the hearing was adjourned.]

18                      CERTIFICATION

19         I certify that the foregoing is a correct

20  transcript from the electronic sound recording of the

21  proceedings in the above-entitled matter.

22

23

24

                                   9 February 2011
25  _____        _____
    Traci L. Calaman                        Date
    Transcriber

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **a.m**(3) 1:16 7:1 52:16 | | **agreeing**(2) 23:11 25:5 | | **and/or**(1) 41:2 | | **aware**(8) 10:12 11:11 11:12 12:11 26:3 |
| **abbott**(33) 1:26 7:3 7:4 7:6 7:6 7:10 7:18 | | **agreement**(3) 27:23 29:2 44:1 | | **anderson**(2) 2:46 46:6 | | 35:12 35:13 36:14 |
| 8:1 8:4 8:8 10:7 40:6 43:7 43:8 43:12 | | **akin**(1) 2:17 | | **angell**(1) 5:37 | | |
| 47:21 47:22 48:3 48:9 48:24 49:14 49:20 | | **al.**(1) 1:7 | | **annie**(1) 1:27 | | **axxiam**(1) 42:4 |
| 50:6 50:9 50:16 51:2 51:10 51:18 51:23 | | **alerted**(1) 7:14 | | **another**(3) 22:7 43:9 48:14 | | **axxiom**(1) 2:31 |
| 52:5 52:8 52:11 52:13 | | **alissa**(1) 1:27 | | **answer**(2) 46:16 46:18 | | **back**(4) 20:21 32:13 33:20 42:13 |
| | | **all**(51) 7:3 7:9 7:15 8:7 9:13 9:18 11:15 | | **any**(34) 9:6 9:14 9:16 9:17 13:4 16:14 | | **background**(2) 17:21 18:16 |
| **abbreviated**(1) 7:11 | | 11:23 17:14 18:19 18:16 20:17 22:21 24:4 | | 17:22 18:1 19:6 19:7 19:15 21:15 22:9 | | **bad**(2) 7:7 7:12 |
| **abeyance**(2) 44:14 45:7 | | 25:3 26:16 27:6 27:12 30:2 30:8 30:15 | | 23:11 24:4 25:7 27:7 27:8 28:12 30:1 | | **bailiwick**(1) 37:3 |
| **ability**(1) 26:15 | | 30:18 31:2 32:12 33:13 33:1 33:7 34:8 | | 31:21 34:9 36:12 37:19 38:2 39:16 39:19 | | **balance**(10) 32:18 32:24 33:1 33:3 33:10 |
| **able**(12) 11:16 14:20 15:4 21:13 22:4 | | 37:13 37:14 37:22 38:4 38:16 38:21 39:2 | | 44:21 45:20 46:20 47:4 47:13 48:12 49:5 | | 34:15 35:4 35:5 38:13 39:3 |
| 23:15 25:10 28:7 29:1 31:6 38:13 49:15 | | 40:2 40:8 42:2 43:4 44:3 44:24 45:16 | | | | |
| | | 45:16 45:24 47:18 47:24 48:2 50:8 52:10 | | **anyone**(7) 9:18 9:21 30:16 31:8 38:5 | | **balances**(5) 32:9 32:17 33:5 35:8 39:20 |
| **about**(16) 10:20 15:9 19:4 22:6 23:13 | | 52:13 52:14 | | 39:24 43:6 | | **bank**(6) 10:8 15:11 15:17 16:6 28:24 |
| 24:9 30:7 31:10 33:15 32:21 39:12 45:19 | | | | | | **bankruptcy**(16) 1:1 1:20 11:23 12:2 12:2 |
| 47:8 48:3 48:15 48:15 | | **alleging**(1) 15:22 | | **anyone's**(1) 26:14 | | 12:2 12:12 12:3 13:9 17:6 18:5 32:20 |
| | | **allen**(1) 2:4 | | **anything**(7) 26:8 30:18 32:13 32:23 35:23 | | 33:12 33:22 36:8 |
| **aboveentitled**  (1) 52:21 | | **alleviate**(1) 22:15 | | 39:22 39:24 | | |
| **absolutely**(5) 7:17 22:12 35:16 35:21 51:2 | | **allocated**(1) 12:6 | | | | **bar**(1) 8:21 |
| **abundance**(1) 19:1 | | **alone**(1) 33:23 | | **anyway**(3) 20:22 45:15 50:7 | | **base**(1) 16:2 |
| **accept**(1) 21:20 | | **along**(1) 18:7 | | **apologies**(1) 7:20 | | **based**(6) 20:7 22:1 22:23 28:1 28:6 32:18 |
| **acceptable**(1) 50:7 | | **already**(3) 28:2 34:21 34:24 | | **apology**(2) 7:7 7:14 | | **basis**(2) 23:23 37:11 |
| **access**(4) 33:5 33:8 33:16 35:20 | | **also**(20) 4:4 9:10 9:13 9:15 11:19 12:1 | | **appearance**(1) 48:11 | | **battle**(1) 25:17 |
| **accessible**(1) 38:20 | | 12:13 13:3 16:9 18:20 21:6 22:22 23:3 | | **appearances**(4) 4:37 5:1 6:1 | | **because**(16) 12:2 13:5 16:12 21:7 21:17 |
| **accordance**(1) 24:22 | | 23:8 24:23 26:8 35:13 35:21 35:23 45:5 | | **appeared**(1) 7:11 | | 23:16 25:10 31:13 32:22 35:8 36:9 39:12 |
| **according**(2) 12:6 18:15 | | | | **appears**(1) 47:9 | | 39:20 44:14 47:1 49:7 |
| **account**(6) 34:22 35:4 35:5 39:14 39:15 | | **always**(2) 24:5 48:16 | | **applicability**(1) 19:1 | | |
| 39:19 | | **amcc**(2) 3:25 5:8 | | **applicable**(1) 14:3 | | **beckerman**(6) 2:19 49:20 49:23 49:24 |
| | | **amenable**(2) 47:14 47:15 | | **applying**(1) 29:3 | | 50:18 50:23 |
| **accounts**(3) 32:18 32:18 34:16 | | **amended**(12) 8:20 9:8 9:10 48:4 48:15 | | **appreciate**(2) 22:16 29:24 30:24 40:6 52:8 | | |
| **accurate**(1) 10:18 | | 48:17 49:4 49:7 49:15 50:13 51:13 51:16 | | **appreciated**(1) 50:3 | | **becomes**(2) 31:7 37:7 |
| **acknowledged**(2) 17:2 17:3 | | | | **appropriate**(3) 31:19 47:1 49:2 | | **been**(18) 11:5 16:14 18:18 19:17 23:18 |
| **act**(3) 18:15 24:22 39:14 | | **americas**(1) 2:6 | | **appropriately**(1) 12:5 29:6 29:14 | | 27:1 27:3 28:7 29:18 32:9 32:17 34:4 |
| **acting**(1) 20:12 | | **among**(1) 12:15 | | **approve**(1) 10:8 | | 34:10 39:15 41:9 43:24 49:6 51:11 |
| **actions**(3) 20:2 20:3 42:19 | | **amount**(3) 29:13 30:10 33:10 | | **april**(1) 18:8 | | |
| **activate**(1) 4:10 | | **ample**(1) 32:12 | | **are**(62) 11:11 11:24 12:4 12:10 12:14 13:8 | | **before**(16) 1:19 11:13 12:17 16:4 17:19 |
| **activity**(3) 39:16 39:24 44:15 | | **ams**(1) 2:40 | | 13:12 13:16 13:16 14:7 14:16 14:21 15:7 | | 18:4 19:10 25:2 25:17 28:11 33:19 33:22 |
| **actual**(3) 16:18 26:13 39:22 | | **and**(287) 3:9 7:7 7:13 7:19 7:20 7:23 8:11 | | 17:8 17:10 18:3 18:15 18:17 18:18 19:3 | | 37:21 39:4 40:21 46:21 |
| **actually**(7) 14:6 16:17 30:21 38:10 39:19 | | 8:22 8:23 9:10 9:13 9:15 9:24 10:9 10:12 | | 19:12 19:21 20:22 22:18 23:4 23:5 23:5 | | |
| 51:11 51:23 | | 10:12 10:15 10:24 11:4 11:5 11:11 11:17 | | 26:10 26:13 26:20 27:4 27:9 29:9 30:6 | | **beginning**(1) 18:8 |
| | | 11:19 11:24 12:1 12:3 12:4 12:6 12:9 | | 30:6 30:9 30:10 32:4 32:5 32:6 34:4 | | **behalf**(7) 7:6 8:12 20:12 43:18 45:3 46:6 |
| **acutely**(1) 11:12 | | 12:11 12:12 12:13 12:15 12:15 12:18 | | 34:14 35:12 35:13 36:14 37:18 39:18 | | 51:7 |
| **add**(3) 31:24 37:15 38:9 | | 12:21 12:24 13:1 13:3 13:6 13:6 13:9 | | 39:20 40:21 41:4 41:7 42:4 42:5 45:5 | | |
| **addition**(2) 15:6 49:24 | | 13:13 13:14 13:16 13:17 13:20 13:22 14: | | 46:17 | | **beholder**(1) 14:24 |
| **additional**(3) 37:18 37:19 41:6 | | 14:18 14:24 15:1 15:3 15:4 15:5 15:9 | | **aren't**(4) 12:19 15:16 24:2 39:11 | | **being**(4) 15:15 17:2 36:6 37:5 |
| **address**(15) 7:20 26:15 27:14 30:23 34:12 | | 15:10 15:11 15:14 15:15 15:21 15:21 16: | | **arguments**(7) 18:21 18:24 19:15 19:18 | | **believe**(13) 13:22 14:20 18:9 20:13 23:5 |
| 34:13 34:14 34:22 36:3 43:13 46:22 47:23 | | 16:9 16:12 16:15 16:17 16:18 16:19 16:2 | | 23:9 29:3 42:4 | | 24:13 34:23 41:11 44:8 |
| 48:16 52:1 52:6 | | 16:24 17:1 17:2 17:3 17:12 17:13 17:19 | | | | |
| | | 17:22 18:3 18:6 18:7 18:13 18:14 18:19 | | **arnoff**(1) 3:35 | | **believes**(1) 20:12 |
| **adequately**(1) 27:23 | | 19:2 19:11 19:11 19:15 19:17 19:19 19:24 | | **around**(2) 12:3 32:4 | | **ben**(2) 6:4 38:6 |
| **adjourn**(2) 24:8 40:2 | | 19:23 19:24 19:24 20:5 20:9 20:11 20:18 | | **arsht**(1) 1:24 | | **beneficiaries**(3) 3:18 27:5 37:12 |
| **adjourned**(2) 41:10 52:16 | | 20:19 20:23 21:1 21:2 21:8 21:9 21:21 | | **articulate**(1) 12:20 | | **benefit**(2) 25:14 25:23 |
| **adjournment**(4) 21:10 31:5 31:8 31:18 | | 21:10 21:12 21:14 21:15 21:19 21:22 | | **ask**(8) 19:4 22:3 26:24 27:14 34:8 41:23 | | **benesch**(2) 3:34 43:18 |
| **administered**(1) 1:9 | | 21:23 21:24 22:12 22:16 22:18 22:23 23: | | 43:3 48:5 | | **bernstein**(2) 5:26 10:17 |
| **administering**(1) 25:20 | | 23:8 23:9 23:13 23:15 23:19 23:20 24:1 | | | | **better**(3) 31:3 39:5 39:6 |
| **administrativ**(1) 47:23 | | 24:4 24:5 24:12 24:14 24:22 24:24 24:24 | | **asked**(2) 21:1 21:6 | | **between**(2) 35:1 39:20 |
| **ado**(1) 8:4 | | 25:2 25:5 25:11 25:11 25:12 25:16 25:17 | | **asking**(3) 13:18 15:10 36:11 | | **beyond**(2) 11:18 45:14 |
| **adversaries**(1) 37:4 | | 25:20 25:20 25:22 25:24 26:4 26:7 26:9 | | **aspects**(1) 25:4 | | **biggest**(1) 33:16 |
| **adversary**(6) 28:23 41:1 41:7 42:18 43:10 | | 26:10 26:19 26:20 26:22 27:2 27:4 27:5 | | **assert**(1) 9:12 | | **black**(2) 8:24 9:4 |
| 46:7 | | 27:8 27:13 28:5 28:9 28:10 28:11 28:11 | | **assets**(7) 12:15 12:18 13:5 13:8 15:19 | | **blank**(2) 3:19 26:19 |
| | | 28:13 28:20 29:1 29:2 29:3 29:5 29:8 | | 15:20 25:22 | | **blanks**(1) 45:5 |
| **advisors**(1) 33:22 | | 29:12 29:12 29:13 29:16 29:20 29:21 | | | | **board**(1) 33:6 |
| **affect**(2) 9:11 13:2 | | 29:22 29:22 29:23 30:3 30:8 30:10 30:23 | | **assistance**(1) 31:21 | | **bolding**(1) 48:15 |
| **after**(5) 7:15 8:21 33:21 36:7 50:14 | | 31:4 31:7 31:10 31:11 31:12 31:15 31:2 | | **assume**(1) 20:14 | | **bonnie**(3) 3:20 26:3 26:19 |
| **again**(17) 15:3 17:7 20:15 24:1 24:13 25:2 | | 31:18 31:19 31:20 31:23 31:23 32:5 32:7 | | **assumed**(1) 33:13 | | **both**(6) 15:11 25:19 26:21 36:22 37:17 |
| 25:9 30:23 35:1 35:5 35:22 35:24 36:11 | | 32:7 32:8 32:9 32:10 32:11 32:12 32:13 | | **assumption**(1) 22:19 | | 39:13 |
| 38:18 38:22 39:9 40:4 | | 32:20 33:5 33:14 33:15 33:19 33:21 33:2 | | **assurance**(1) 25:11 | | |
| | | 34:1 34:5 34:9 34:22 35:2 35:4 35:21 | | **attempted**(1) 25:18 | | **bovarnick**(10) 4:43 31:22 31:23 32:3 34:7 |
| **against**(4) 13:10 18:11 26:24 43:22 | | 35:21 36:4 36:5 36:15 36:16 36:23 37:3 | | **attention**(2) 16:17 16:19 | | 36:20 38:17 38:18 38:23 39:1 |
| **agenda**(21) 8:6 8:13 40:13 41:5 41:5 | | 37:10 37:15 37:16 37:17 37:24 38:12 | | **audible**(4) 9:20 9:22 30:17 40:1 | | |
| 41:14 42:15 43:21 46:8 47:23 48:10 48:13 | | 38:19 38:19 39:5 39:10 39:21 40:3 40:8 | | **austria**(1) 4:5 | | **bovarnick's**(1) 35:7 |
| 48:17 48:18 48:18 49:6 49:7 49:19 50:13 | | 40:9 41:9 41:23 42:5 42:7 42:13 42:19 | | **availability**(1) 25:6 | | **bove**(1) 3:10 |
| 51:13 52:11 | | 42:24 42:24 43:24 44:4 44:9 44:13 44:19 | | **available**(2) 31:20 40:4 | | **box**(1) 1:30 |
| | | 44:20 45:6 45:11 45:17 45:19 45:20 46:1 | | **ave**(2) 3:43 4:6 | | **brendan**(1) 5:19 |
| **agendas**(8) 48:4 48:7 48:15 48:19 49:4 | | 46:22 47:3 47:12 48:5 48:11 48:24 49:1 | | **avenue**(3) 2:6 3:37 4:26 | | **brickley**(1) 4:48 |
| 49:8 49:15 51:16 | | 49:8 49:14 49:20 49:24 50:7 50:13 50:14 | | **average**(1) 14:12 | | **brief**(1) 14:1 |
| | | 50:14 50:18 50:18 50:19 51:2 51:19 51:2 | | **avoid**(1) 41:3 | | **bring**(9) 11:12 11:17 11:20 18:18 20:2 |
| **ago**(1) 38:18 | | 52:3 52:6 52:14 | | **avoidance**(1) 42:18 | | 20:3 20:19 25:20 25:21 |
| **agree**(2) 18:12 19:13 | | | | | | |
| **agreed**(2) 20:8 20:17 | | | | | | |

| Word | Page:Line |
|---|---|
| **brings**(1) 18:16 | |
| **britt**(1) 1:39 | |
| **broad**(1) 20:5 | |
| **broader**(2) 49:17 50:9 | |
| **brought**(2) 11:19 41:1 | |
| **brown**(1) 5:5 | |
| **bryant**(1) 2:20 | |
| **buchanan**(1) 2:10 | |
| **buchbinder**(6) 3:5 51:5 51:6 51:7 51:10 51:21 | |
| **buck**(1) 4:31 | |
| **burden**(4) 14:4 14:8 22:16 29:14 | |
| **business**(1) 7:15 | |
| **businesses**(1) 23:18 | |
| **but**(62) 7:18 7:19 9:5 10:19 10:21 11:4 12:12 12:23 15:3 16:4 17:7 17:9 18:13 20:5 20:15 21:5 22:20 23:2 23:12 23:23 24:12 24:21 24:23 24:24 24:25 25:8 25:22 25:24 26:14 28:10 28:19 29:7 30:6 30:11 31:8 32:11 33:1 33:12 33:22 34:13 35:3 35:13 36:2 36:4 36:11 36:14 37:3 37:5 37:7 39:5 45:6 46:12 46:24 47:12 47:24 48:10 48:16 49:6 49:17 50:9 50:21 52:1 | |
| **cala**(1) 41:3 | |
| **calaman**(1) 53:1 | |
| **call**(2) 14:7 31:20 | |
| **calls**(1) 17:10 | |
| **came**(2) 7:13 10:24 | |
| **can**(31) 8:24 11:20 11:24 15:14 20:18 21:24 23:12 23:12 29:23 31:6 31:21 32:23 33:4 33:7 33:9 33:9 33:12 34:13 34:19 34:23 34:23 38:6 38:8 42:21 44:5 45:6 45:19 46:22 51:12 52:2 52:6 | |
| **can't**(3) 17:13 21:15 24:10 | |
| **capital**(1) 2:40 | |
| **capuzzi**(1) 4:12 | |
| **care**(4) 16:17 16:19 18:6 47:6 | |
| **carefully**(1) 39:6 | |
| **carey**(2) 16:5 29:7 | |
| **carrig**(1) 5:10 | |
| **carroon**(1) 2:46 | |
| **case**(26) 1:7 13:23 14:6 14:10 15:11 15:21 16:1 16:2 16:16 17:8 17:11 17:14 18:5 18:8 19:5 19:13 23:20 26:2 28:8 28:24 29:2 44:15 45:19 51:19 52:4 | |
| **cases**(14) 11:18 11:22 28:13 37:4 39:13 41:4 41:6 41:7 41:23 42:2 42:6 51:12 51:15 51:20 | |
| **cashman**(1) 3:48 | |
| **caused**(2) 7:18 49:11 | |
| **caution**(1) 19:2 | |
| **cautiously**(2) 25:19 36:15 | |
| **cdw**(1) 41:7 | |
| **centre**(1) 4:32 | |
| **certain**(3) 15:9 16:11 31:16 | |
| **certainly**(16) 18:22 20:1 28:13 31:5 31:13 31:19 32:2 33:7 33:18 34:5 38:4 39:5 44:6 47:16 50:6 52:3 | |
| **certificate**(3) 49:3 50:19 51:3 | |
| **certification**(2) 42:7 52:18 | |
| **certify**(1) 52:19 | |
| **chambers**(2) 7:13 7:15 | |
| **change**(7) 12:14 33:9 34:20 44:14 48:21 49:10 49:18 | |
| **changed**(2) 32:18 49:6 | |
| **changes**(3) 9:1 16:12 48:15 | |
| **chapter**(1) 1:4 | |
| **check**(1) 34:23 | |
| **choices**(1) 32:19 | |
| **circuit**(2) 12:24 14:17 | |
| **circumstances**(2) 15:1 26:1 | |

| Word | Page:Line |
|---|---|
| **claim**(9) 8:15 8:16 9:7 9:15 17:5 17:5 17:5 18:11 35:7 | |
| **claimant**(1) 9:17 | |
| **claims**(4) 9:12 9:17 13:10 13:11 | |
| **class**(1) 37:12 | |
| **classify**(1) 29:19 | |
| **clean**(1) 41:17 | |
| **clear**(6) 12:24 13:23 39:18 48:10 49:4 50:17 | |
| **clearly**(4) 8:11 10:5 28:4 46:20 | |
| **cleary**(3) 1:34 5:17 40:18 | |
| **client**(1) 5:30 | |
| **clients**(1) 20:10 | |
| **close**(5) 14:7 14:12 15:16 17:10 25:2 | |
| **closely**(1) 42:19 | |
| **cobb**(1) 2:40 | |
| **cognizant**(2) 23:23 41:8 | |
| **coincide**(1) 39:2 | |
| **colleague**(2) 40:15 51:8 | |
| **come**(8) 7:19 11:13 19:10 22:7 31:12 36:2 36:6 36:16 | |
| **comes**(1) 32:24 | |
| **comfort**(4) 15:5 24:16 25:11 25:17 | |
| **comforted**(1) 23:14 | |
| **comment**(3) 38:10 46:10 47:3 | |
| **comments**(2) 27:24 51:22 | |
| **committee**(7) 2:17 5:33 34:4 37:2 49:22 50:18 52:1 | |
| **communications**(1) 46:7 | |
| **comp**(2) 3:19 33:18 | |
| **companies**(1) 17:12 | |
| **company**(7) 4:47 13:7 13:8 13:10 14:1 15:20 18:11 | |
| **company's**(1) 14:11 | |
| **compared**(1) 36:2 | |
| **compensated**(8) 13:17 13:21 14:13 14:17 14:23 15:3 19:22 29:10 | |
| **compensation**(7) 10:10 12:23 13:3 13:11 14:14 18:2 40:3 | |
| **complain**(4) 15:18 20:11 20:20 20:21 | |
| **complaints**(1) 42:13 | |
| **completed**(2) 44:9 44:10 | |
| **completion**(1) 45:11 | |
| **compliance**(1) 16:20 | |
| **compliant**(1) 17:11 | |
| **comply**(2) 17:12 17:13 | |
| **complying**(1) 23:24 | |
| **computer**(1) 5:26 | |
| **concede**(1) 19:7 | |
| **conceded**(2) 16:6 16:9 | |
| **conceding**(1) 25:7 | |
| **concerns**(5) 22:5 24:9 24:11 31:10 33:4 | |
| **concession**(1) 35:6 | |
| **concludes**(1) 52:11 | |
| **confer**(2) 21:22 29:22 | |
| **conference**(5) 22:6 40:22 44:11 45:6 45:17 | |
| **confirm**(3) 20:16 28:9 28:19 | |
| **confirmatory**(3) 11:2 19:20 28:3 | |
| **confused**(1) 39:11 | |
| **confuses**(1) 49:12 | |
| **confusing**(1) 50:12 | |
| **connection**(1) 12:23 | |
| **connolly**(1) 3:10 | |
| **consensual**(1) 8:22 | |
| **consensually**(1) 22:5 | |
| **consequence**(1) 12:12 | |
| **consequences**(1) 35:14 | |
| **conservative**(1) 14:21 | |
| **consider**(2) 19:1 34:5 | |
| **consideration**(4) 32:1 32:1 41:23 51:19 | |
| **considered**(1) 14:18 | |
| **consult**(1) 40:4 | |

| Word | Page:Line |
|---|---|
| **contact**(1) 43:24 | |
| **contacted**(1) 26:21 | |
| **contemplated**(1) 36:5 | |
| **contemplates**(1) 45:11 | |
| **contemporaneous**(1) 48:13 | |
| **contest**(1) 8:21 | |
| **contested**(1) 29:2 | |
| **context**(3) 11:7 20:4 30:23 | |
| **continue**(4) 20:18 39:14 49:17 49:21 | |
| **continued**(5) 2:2 3:2 4:2 5:2 6:2 | |
| **contract**(1) 13:7 | |
| **contracts**(1) 32:11 | |
| **contractual**(1) 25:23 | |
| **contrary**(1) 16:15 | |
| **contributed**(1) 7:24 | |
| **conversation**(4) 10:19 21:8 23:13 24:9 | |
| **conversations**(1) 20:7 | |
| **cookie**(1) 21:17 | |
| **cooperate**(2) 30:24 31:6 | |
| **copies**(1) 48:10 | |
| **coplan**(1) 3:34 | |
| **copy**(3) 35:4 38:13 41:17 | |
| **cordo**(1) 1:27 | |
| **corp**(4) 2:31 3:25 4:10 5:26 | |
| **corporation**(1) 5:8 | |
| **correct**(2) 44:12 52:19 | |
| **correctly**(1) 28:16 | |
| **corroon**(1) 46:6 | |
| **cost**(2) 48:1 51:12 | |
| **costs**(2) 49:7 49:14 | |
| **couchot**(1) 5:22 | |
| **could**(12) 11:14 11:17 19:5 21:1 22:6 22:12 31:24 41:17 45:7 47:24 48:5 50:16 | |
| **counsel**(21) 3:33 26:4 26:20 27:10 27:22 28:15 28:22 29:13 29:20 30:7 31:17 31:20 39:12 40:8 42:8 43:19 46:19 48:11 48:12 49:16 51:14 | |
| **couple**(2) 27:23 28:20 | |
| **course**(9) 22:20 23:16 23:19 24:3 27:16 29:22 36:13 42:14 49:24 | |
| **court**(125) 1:1 7:2 7:5 7:9 7:17 7:22 8:3 8:7 8:9 8:19 9:2 9:18 9:21 9:23 10:2 10:11 10:23 11:9 13:19 15:13 16:4 18:10 19:11 22:10 22:12 24:17 26:4 26:6 26:15 26:16 27:12 27:14 27:14 27:16 27:19 30:15 30:18 31:2 32:2 34:3 34:8 34:18 35:11 35:16 35:19 36:12 36:13 36:18 37:14 37:21 37:22 37:24 38:4 38:8 38:16 38:21 38:24 39:23 40:2 40:8 40:11 40:14 40:17 40:20 40:22 40:24 41:13 41:15 41:16 41:16 41:18 41:21 42:1 42:9 42:16 42:20 42:23 43:3 43:4 43:6 43:11 43:13 43:14 43:16 43:23 44:4 44:11 44:13 44:17 44:22 44:24 45:2 45:9 45:13 45:16 45:22 45:24 46:3 46:9 46:14 47:3 47:6 47:11 47:15 47:20 47:23 48:2 48:5 48:8 48:13 48:23 49:13 49:23 50:8 50:22 51:1 51:4 51:9 51:21 52:3 52:6 52:10 52:13 | |
| **court's**(3) 22:3 29:24 46:24 | |
| **courtesy**(1) 22:17 | |
| **courtroom**(1) 5:11 11:11 26:9 27:9 44:5 | |
| **creditor**(4) 11:18 16:16 18:4 18:12 | |
| **creditors**(6) 11:15 12:10 12:16 13:9 25:14 25:24 | |
| **critical**(3) 2:32 31:15 42:4 | |
| **current**(1) 33:10 | |
| **currently**(1) 46:15 | |
| **cushion**(1) 15:5 | |
| **cutoff**(1) 33:8 | |
| **cuts**(1) 21:7 | |
| **cutter**(1) 21:17 | |
| **cycled**(1) 36:10 | |
| **daniel**(1) 13:24 | |
| **data**(1) 1:46 | |

| Word | Page:Line |
|---|---|
| **date**(8) 8:21 29:18 32:16 33:23 45:18 45:20 52:7 53:1 | |
| **dave**(1) 51:6 | |
| **david**(1) 3:5 | |
| **day**(2) 36:11 52:15 | |
| **days**(7) 9:9 24:13 24:16 28:21 36:7 46:21 50:13 | |
| **deadline**(2) 10:15 10:16 | |
| **deal**(2) 30:22 47:13 | |
| **dealing**(1) 15:24 | |
| **death**(1) 21:7 | |
| **debtor**(7) 1:24 3:33 12:20 29:14 37:2 38:1 43:22 | |
| **debtors**(62) 1:11 7:7 8:12 8:20 8:21 9:8 9:9 9:13 9:16 10:6 11:11 11:23 12:11 12:14 13:12 13:19 13:22 14:14 14:7 14:20 16:6 16:9 16:15 16:21 17:8 17:14 18:9 18:13 19:8 20:18 20:23 21:9 22:18 22:21 23:4 23:10 23:17 23:19 25:14 25:18 25:21 27:22 28:15 28:22 29:13 29:20 30:4 30:7 36:9 39:11 40:19 40:21 41:2 41:11 41:22 42:11 42:11 42:19 43:18 46:18 47:5 47:8 | |
| **december**(7) 32:11 32:12 33:5 33:6 33:8 35:9 35:24 | |
| **decide**(1) 26:12 | |
| **decided**(1) 33:6 | |
| **decision**(1) 36:12 | |
| **decisions**(1) 34:20 | |
| **declaration**(2) 13:24 14:9 | |
| **decline**(1) 33:2 | |
| **defendant**(3) 20:21 42:12 46:7 | |
| **defendants**(2) 44:2 45:4 | |
| **deferred**(8) 3:19 10:10 12:23 13:3 13:10 18:1 33:18 40:3 | |
| **delaware**(9) 1:2 1:13 3:37 3:43 4:6 4:26 7:1 26:4 26:20 | |
| **delay**(1) 35:1 | |
| **delivered**(1) 15:21 | |
| **demand**(1) 41:9 | |
| **demands**(1) 23:24 | |
| **department**(7) 8:15 8:16 9:5 9:6 9:11 9:14 9:19 | |
| **depending**(1) 44:14 | |
| **deposing**(1) 19:24 | |
| **depositions**(4) 23:4 23:11 24:3 24:5 | |
| **derek**(2) 1:26 7:6 | |
| **describes**(1) 32:23 | |
| **deserves**(1) 51:18 | |
| **desire**(1) 23:3 | |
| **detail**(1) 21:5 | |
| **detailed**(2) 29:11 31:11 | |
| **determined**(1) 33:8 | |
| **determines**(1) 51:14 | |
| **detract**(1) 17:23 | |
| **developed**(1) 31:16 | |
| **development**(4) 29:13 30:11 31:14 45:8 | |
| **developmentally-wis**(1) 45:19 | |
| **device**(1) 5:42 | |
| **diaz**(1) 1:46 | |
| **did**(11) 8:1 8:2 20:3 25:21 27:3 29:7 33:20 38:11 39:6 42:9 44:22 | |
| **didn't**(4) 7:12 7:19 18:24 50:14 | |
| **differences**(1) 42:24 | |
| **different**(5) 16:10 32:7 35:9 35:13 39:4 | |
| **difficult**(1) 11:12 | |
| **diligence**(1) 11:3 | |
| **direct**(2) 41:7 48:12 | |
| **disclosures**(2) 18:7 36:5 | |
| **disconnected**(1) 39:16 | |

| Word | Page:Line |
|---|---|
| discovery(36) | 11:2 15:10 19:13 19:15 19:20 19:24 20:6 20:24 21:4 21:4 21:11 21:23 22:1 22:9 22:19 22:20 22:21 22:22 23:22 24:10 24:12 24:24 25:6 25:7 25:8 25:8 28:2 28:9 29:15 30:3 30:8 30:23 31:1 31:21 40:5 45:11 |
| discuss(1) | 35:15 |
| discussed(2) | 29:20 30:21 |
| discussing(1) | 51:24 |
| discussions(1) | 32:14 |
| dispositive(1) | 45:12 |
| disputes(1) | 26:13 |
| distribute(1) | 12:15 |
| district(2) | 1:2 15:12 |
| divide(1) | 12:15 |
| docket(1) | 7:12 |
| document(4) | 21:2 21:6 21:13 21:21 |
| documents(6) | 16:10 17:3 22:1 23:12 23:14 29:16 |
| dodge(1) | 5:37 |
| does(6) | 9:4 9:18 13:2 29:12 30:16 43:6 |
| doesn't(10) | 9:11 10:20 12:13 13:3 14:6 17:9 21:17 21:18 44:19 48:16 |
| doing(1) | 28:20 |
| don't(23) | 8:21 16:3 17:22 18:21 19:2 21:7 22:7 22:24 22:24 23:4 25:9 26:13 26:14 28:1 29:18 32:13 44:9 44:13 44:17 44:20 47:24 50:2 50:20 |
| done(6) | 22:8 24:10 28:10 28:13 29:23 |
| double(1) | 15:24 |
| doubled(1) | 32:20 |
| dow(1) | 4:47 |
| down(3) | 23:18 33:7 45:17 |
| draft(1) | 50:16 |
| drew(1) | 2:25 |
| drifting(1) | 23:1 |
| duane(1) | 4:23 |
| duties(1) | 12:14 |
| duty(1) | 25:22 |
| each(2) | 28:19 32:16 |
| earliest(2) | 21:1 21:13 |
| early(3) | 7:19 18:8 33:6 |
| economic(1) | 14:24 |
| ecro(1) | 1:44 |
| edwards(1) | 5:37 |
| effect(1) | 44:18 |
| effective(1) | 32:11 |
| effectively(1) | 39:15 |
| efficiently(1) | 29:23 |
| either(2) | 9:8 26:10 |
| electric(2) | 3:27 5:41 |
| electronic(2) | 1:52 52:20 |
| element(1) | 13:12 |
| elements(1) | 19:7 |
| eligible(3) | 14:12 15:23 16:7 |
| ellen(3) | 4:43 31:23 38:17 |
| elliott(1) | 4:17 |
| ellis(1) | 2:41 |
| else(5) | 9:21 30:16 38:5 39:24 43:6 |
| else's(1) | 37:6 |
| elsewhere(1) | 14:18 |
| employee(9) | 10:19 11:16 14:1 15:7 15:23 16:12 31:23 35:3 36:24 |
| employees(43) | 10:18 12:7 13:4 13:7 13:16 13:17 13:21 13:24 14:11 14:11 14:13 14:17 14:23 15:19 15:22 16:7 16:9 16:23 16:23 17:1 17:4 17:23 17:24 18:7 18:9 18:14 19:8 19:12 20:1 20:3 22:19 22:23 23:9 23:18 25:24 25:24 26:9 32:6 32:17 34:9 36:3 36:19 36:19 49:10 |
| end(1) | 36:7 |
| ended(1) | 48:22 |
| enforce(1) | 25:22 |

| Word | Page:Line |
|---|---|
| engage(1) | 20:6 |
| engaging(1) | 28:11 |
| english(1) | 4:30 |
| enhance(1) | 31:14 |
| enlarge(1) | 37:16 |
| enough(2) | 12:3 24:16 |
| enter(1) | 43:3 |
| entered(4) | 41:23 42:7 42:18 48:11 |
| entertain(1) | 20:24 21:4 30:22 |
| entertained(1) | 32:22 |
| entertaining(1) | 32:14 |
| entire(1) | 37:12 |
| entitled(2) | 17:16 32:21 |
| entitlement(4) | 14:5 19:15 19:16 25:13 |
| entitles(1) | 13:14 |
| entry(1) | 9:9 |
| envision(1) | 23:1 |
| erica(1) | 5:10 |
| ernst(1) | 2:4 |
| especially(1) | 50:24 |
| esq(37) | 1:26 1:27 1:28 1:36 1:37 1:38 1:39 2:5 2:11 2:19 2:25 2:34 2:41 2:47 3:5 3:11 3:20 3:28 3:36 3:42 3:48 4:5 4:12 4:18 4:24 4:31 4:48 5:5 5:10 5:14 5:19 5:23 5:27 5:34 5:38 5:43 5:45 |
| established(2) | 13:7 16:17 |
| establishing(1) | 25:19 |
| estate(1) | 32:20 |
| estates(2) | 11:15 12:10 |
| etta(2) | 2:47 46:6 |
| evelyn(1) | 2:34 |
| even(6) | 13:4 14:12 19:3 19:4 19:16 37:10 |
| event(2) | 13:8 38:11 |
| every(5) | 14:6 17:14 18:14 21:5 35:3 |
| everybody's(1) | 34:1 |
| everyone(6) | 7:2 11:11 26:11 34:22 35:3 52:14 |
| everyone's(1) | 32:1 |
| everything(4) | 21:19 23:19 50:2 50:3 |
| evidence(6) | 13:22 13:23 16:4 16:14 17:18 19:10 |
| evidentiary(4) | 10:21 17:22 18:19 26:12 |
| ewing(1) | 3:41 |
| exactly(2) | 45:13 48:8 |
| excellence(1) | 3:47 |
| excellent(1) | 32:5 |
| except(1) | 9:7 |
| exception(1) | 42:3 |
| excessive(1) | 51:13 |
| excuse(1) | 31:22 |
| executives(1) | 33:18 |
| exercise(7) | 11:3 20:1 22:20 23:8 23:9 23:22 25:16 |
| exhibit(5) | 41:4 41:5 41:12 41:24 42:2 |
| existence(1) | 13:1 |
| expand(2) | 36:24 37:11 |
| expect(5) | 16:15 21:3 28:1 30:8 37:12 |
| expectation(1) | 12:5 |
| expectations(1) | 11:19 |
| expedite(1) | 22:13 |
| expedition(4) | 11:3 19:22 21:5 28:12 |
| experience(1) | 51:17 |
| experience(2) | 15:11 39:10 |
| explains(1) | 26:21 |
| express(2) | 51:14 51:16 |
| extension(2) | 46:18 46:21 |
| extent(7) | 22:4 22:5 22:21 27:8 37:7 37:16 37:20 |
| extraordinary(1) | 49:8 |
| eye(1) | 14:24 |
| face(1) | 12:10 |
| faced(2) | 12:9 18:17 |
| facing(4) | 15:1 17:24 18:3 26:1 |

| Word | Page:Line |
|---|---|
| fact(21) | 8:2 12:2 12:13 14:10 14:20 14:21 16:10 16:18 17:1 17:4 17:9 17:10 17:13 19:11 23:14 24:5 31:15 34:16 35:8 36:8 39:15 |
| facts(13) | 14:4 15:16 16:3 17:20 19:9 22:23 23:13 24:2 24:14 31:11 35:20 36:1 36:17 |
| factual(6) | 29:5 29:11 29:13 30:11 31:10 31:14 |
| fair(3) | 29:13 30:10 47:3 |
| fairly(1) | 7:23 |
| faith(2) | 30:9 30:24 |
| familiar(1) | 15:15 |
| familiarity(1) | 15:8 |
| far(3) | 27:7 28:6 44:1 |
| faster(1) | 30:5 |
| fatell(14) | 3:20 26:3 26:17 26:18 26:19 27:13 27:17 27:18 28:17 31:12 36:18 37:15 37:23 37:24 |
| february(4) | 1:15 7:1 21:14 52:24 |
| federal(4) | 29:3 30:5 51:14 51:15 |
| feld(1) | 2:18 |
| few(2) | 8:22 42:21 |
| file(11) | 8:15 9:6 9:7 9:10 9:15 9:17 20:9 20:9 20:15 28:16 46:18 |
| filed(22) | 7:23 8:16 8:20 9:8 10:14 10:14 10:16 11:5 12:19 15:7 15:8 15:18 15:18 18:20 20:15 27:7 41:5 41:14 42:19 44:20 46:16 46:21 |
| filing(3) | 26:22 36:8 48:13 |
| filings(1) | 12:11 |
| final(3) | 34:22 35:4 42:14 |
| financial(1) | 35:10 |
| find(3) | 29:7 32:23 36:16 |
| fine(3) | 19:2 44:16 45:21 |
| finger(1) | 2:24 |
| first(5) | 7:12 8:13 21:8 28:1 48:18 |
| firsthand(1) | 30:12 |
| fishing(4) | 11:3 19:22 21:5 28:12 |
| fix(2) | 52:2 52:4 |
| flat(1) | 18:21 |
| floor(1) | 3:49 |
| focus(1) | 24:23 |
| focused(3) | 13:18 19:20 24:14 |
| folks(4) | 48:22 49:5 49:9 49:16 |
| following(3) | 20:8 21:22 36:6 |
| follows(1) | 42:20 |
| for(97) | 1:12 1:24 2:4 2:17 2:31 2:40 2:46 3:4 3:9 3:16 3:25 3:33 3:41 3:47 4:10 4:17 4:23 4:30 4:47 4:54 5:5 5:17 5:22 5:26 5:30 5:33 5:37 5:41 6:4 8:10 8:15 8:17 8:18 9:7 9:9 9:19 9:19 10:4 10:15 10:21 11:3 11:7 11:14 13:10 14:14 14:16 14:21 15:10 15:23 16:8 16:13 17:21 21:1 21:20 22:3 22:6 22:6 24:3 24:5 24:20 25:14 25:23 25:24 27:3 28:7 28:21 28:8 29:1 31:3 31:24 32:1 32:8 32:19 33:2 34:9 34:22 35:4 37:2 40:19 40:22 41:6 41:22 43:21 45:5 45:17 45:18 46:17 46:20 48:5 48:17 49:4 49:12 51:8 51:13 51:22 52:3 52:12 |
| foreclose(1) | 26:14 |
| foregoing(1) | 52:19 |
| forgetting(1) | 19:4 |
| form(5) | 41:12 42:20 42:22 46:19 47:12 |
| former(1) | 36:19 |
| forming(2) | 27:6 28:18 |
| forward(9) | 7:20 10:20 11:8 17:21 31:12 41:4 41:6 42:3 42:15 |
| four(2) | 41:6 41:9 |
| framed(1) | 34:4 |
| franek(1) | 5:14 |

| Word | Page:Line |
|---|---|
| frankly(9) | 12:24 17:12 17:20 18:7 20:20 31:16 49:7 49:12 50:15 |
| friedlander(2) | 3:34 43:18 |
| from(15) | 9:11 9:3 10:5 17:23 21:7 21:14 22:19 22:22 26:19 32:24 39:16 39:24 42:22 51:4 52:20 |
| full(7) | 18:19 19:13 19:23 21:4 21:6 29:21 37:9 |
| further(5) | 8:4 30:18 31:8 39:24 45:7 |
| furtherance(1) | 17:19 |
| future(4) | 7:21 9:10 34:13 44:15 |
| gazze(1) | 1:28 |
| general(4) | 13:9 36:4 47:10 48:18 |
| generally(4) | 12:16 22:24 36:22 37:10 |
| gentlemen(1) | 46:1 |
| get(14) | 15:19 17:15 20:21 21:2 21:13 22:24 25:9 31:1 32:13 35:3 38:13 47:2 49:8 50:13 |
| gets(2) | 39:4 50:10 |
| getting(3) | 24:9 24:15 36:1 |
| gibbon(1) | 5:19 |
| gilmore(1) | 3:10 |
| ginger(1) | 1:44 |
| give(9) | 11:7 19:23 21:17 21:19 21:20 25:17 26:7 26:11 29:21 |
| given(9) | 11:4 11:4 19:11 19:16 19:17 22:19 23:8 24:13 24:14 |
| giving(2) | 24:15 46:11 |
| glance(1) | 7:12 |
| global(2) | 3:10 3:27 |
| goal(3) | 24:22 24:23 25:1 |
| goddess(1) | 3:27 |
| goes(1) | 42:15 |
| going(27) | 7:11 7:20 8:5 8:14 11:8 12:4 14:6 17:10 17:21 19:24 20:19 22:18 24:2 24:3 30:4 31:5 31:6 31:18 33:13 33:16 34:2 38:12 39:17 41:4 41:6 42:3 48:24 |
| golubow(1) | 5:23 |
| gone(3) | 34:21 34:24 51:16 |
| good(32) | 7:2 7:3 7:4 7:5 7:7 7:10 8:9 8:10 10:2 10:4 26:7 26:18 27:19 27:20 30:9 30:24 40:14 40:16 40:17 40:20 41:2 43:16 43:17 44:7 45:1 45:2 45:23 46:4 46:5 51:5 51:6 52:15 |
| got(3) | 17:3 17:4 38:18 |
| gotten(1) | 11:7 |
| gottlieb(5) | 1:34 5:17 8:11 10:5 40:19 |
| grab(5) | 33:17 33:17 33:17 33:20 34:1 |
| grabbing(1) | 34:1 |
| grant(2) | 9:23 31:5 |
| granted(2) | 9:5 31:19 |
| grantor(4) | 12:22 13:1 13:5 13:6 |
| great(1) | 42:10 |
| greenleaf(1) | 4:17 |
| gross(1) | 1:19 |
| group(14) | 2:31 3:17 10:18 14:10 20:12 26:4 27:5 28:17 28:20 29:10 36:23 37:8 37:16 50:1 |
| growing(1) | 37:17 |
| growth(1) | 33:2 |
| guess(3) | 18:16 23:4 43:20 |
| guidance(1) | 46:11 |
| had(16) | 8:20 10:19 11:13 11:15 17:1 18:22 20:1 24:9 32:17 39:15 42:11 42:23 42:24 46:10 47:19 48:20 |
| hadley(1) | 5:33 |
| hadn't(1) | 30:21 |
| hamilton(5) | 1:35 2:33 5:18 8:11 40:19 |
| hand(4) | 8:24 10:1 41:17 44:5 |
| happened(3) | 33:1 38:14 48:19 |

| Word | Page:Line |
|------|-----------|
| happening(1) 7:15 | |
| happy(6) 29:3 30:22 34:11 47:13 49:1 49:16 | |
| hard(5) 12:19 18:3 32:21 35:4 38:13 | |
| hardship(6) 12:4 12:5 17:23 18:1 18:2 | |
| hardships(2) 12:8 12:10 | |
| harris(1) 4:10 | |
| harrisburg(1) 1:48 | |
| has(17) 8:22 12:20 15:7 20:11 27:1 27:22 29:11 29:14 29:14 32:19 36:4 36:20 39:19 41:11 44:21 49:6 51:18 | |
| hat(7) 12:21 13:13 13:14 14:19 28:9 29:8 32:5 | |
| hauer(1) 2:17 | |
| have(64) 7:14 8:22 10:19 11:5 12:8 13:4 13:9 14:4 14:18 15:1 15:20 17:12 17:14 17:14 18:3 18:11 18:14 18:18 18:19 18:24 20:19 20:23 22:5 22:7 22:8 23:12 23:17 23:18 24:12 25:9 25:18 25:22 27:7 27:10 29:18 31:6 31:10 31:12 32:6 32:9 32:17 32:18 33:11 33:12 34:4 34:10 35:8 35:19 36:10 36:16 36:22 37:10 38:13 39:2 40:12 41:9 43:24 44:1 46:16 47:22 49:5 50:2 50:4 51:16 | |
| haven't(2) 34:21 34:24 | |
| having(5) 15:14 17:5 19:9 21:8 48:22 | |
| he'll(1) 20:15 | |
| he's(8) 18:22 20:10 20:12 20:16 20:18 21:13 22:1 33:23 | |
| head's(1) 46:11 | |
| hear(4) 29:24 31:8 38:6 51:4 | |
| heard(9) 9:19 9:20 9:22 26:13 30:16 30:17 40:1 43:6 46:4 | |
| hearing(17) 10:22 17:19 17:22 18:19 22:7 24:8 24:17 27:21 30:3 31:7 37:20 38:12 38:19 48:5 48:7 48:20 52:16 | |
| held(2) 13:12 26:23 | |
| helpful(2) 31:17 41:18 | |
| her(1) 39:2 | |
| here(19) 7:6 7:22 10:7 11:7 12:17 12:19 12:21 15:16 16:15 26:12 28:8 29:4 29:14 31:14 31:19 32:4 45:3 46:6 52:2 | |
| herne(1) 3:16 | |
| highly(8) 13:16 13:21 14:13 14:16 14:23 15:2 19:22 29:10 | |
| him(5) 11:1 16:5 21:6 21:20 24:20 | |
| hired(1) 33:22 | |
| his(14) 15:10 19:2 19:7 19:16 20:10 20:11 21:15 21:16 23:3 24:20 24:20 26:20 33:2 34:2 | |
| hitting(2) 36:9 51:8 | |
| hoc(12) 3:17 5:33 10:17 20:12 26:4 27:5 28:17 34:4 36:23 37:8 50:1 50:18 | |
| hold(3) 13:19 44:13 45:7 | |
| home(5) 15:11 15:17 16:6 28:24 36:23 | |
| honor(66) 7:4 7:8 7:19 8:1 8:4 8:8 8:10 8:13 8:23 9:3 9:24 10:4 10:12 11:10 11:13 12:17 17:20 22:7 22:17 25:10 25:18 26:18 27:1 27:13 27:20 31:23 34:11 36:3 36:21 37:15 38:3 39:9 40:6 40:16 41:11 42:18 42:21 43:8 43:17 43:20 44:6 44:21 45:1 45:7 45:21 46:5 46:11 47:14 47:18 47:22 48:1 48:6 48:14 48:20 49:1 49:2 49:4 49:15 50:6 50:16 50:21 51:6 51:23 52:5 52:8 52:12 | |
| honor's(2) 22:3 42:20 | |
| honorable(1) 1:19 | |
| hope(7) 7:19 22:24 22:24 23:13 25:9 25:10 26:23 | |
| hopeful(1) 24:1 | |
| hopefully(3) 25:16 31:5 31:9 | |
| horn(1) 27:4 | |
| hours(1) 7:16 | |
| how(5) 11:7 11:7 31:16 39:4 46:12 | |
| however(1) 19:6 | |
| huge(1) 49:9 | |
| hundreds(1) 51:15 | |
| hunton(1) 5:42 | |
| hutz,llp(1) 3:10 | |
| hypothetical(1) 24:23 | |
| i'd(4) 8:5 32:9 33:3 49:21 | |
| i'll(3) 26:7 27:23 39:2 | |
| i'm(17) 10:7 26:3 31:4 31:11 31:22 31:23 32:7 33:13 33:23 34:11 35:5 39:4 40:4 40:14 46:11 46:22 51:7 | |
| i've(2) 18:4 25:2 | |
| identifying(1) 20:10 | |
| illustrated(1) 48:4 | |
| immediately(1) 37:5 | |
| impair(1) 13:2 | |
| importance(1) 19:11 | |
| important(3) 30:9 34:14 39:17 | |
| improve(1) 11:17 | |
| inc(6) 1:7 2:33 4:17 4:23 41:2 41:3 | |
| include(1) 36:24 | |
| included(1) 20:13 | |
| includes(1) 41:6 | |
| inclusion(1) 47:9 | |
| inconvenience(1) 22:16 | |
| increase(2) 11:14 11:24 | |
| increases(1) 11:21 | |
| indicated(6) 10:7 20:24 21:12 24:9 28:17 28:22 | |
| individual(6) 13:18 15:6 16:24 22:22 26:9 32:19 | |
| individuals(3) 19:22 20:11 29:11 | |
| indulgence(1) 22:3 | |
| informational(1) 37:11 | |
| informed(3) 17:2 18:14 20:10 | |
| informing(1) 37:8 | |
| ingersoll(1) 2:10 | |
| initial(1) 11:19 17:7 40:22 | |
| initially(1) 42:13 | |
| innovations(1) 5:42 | |
| inquiry(2) 29:11 31:15 | |
| insiders(1) 37:5 | |
| insist(1) 20:19 | |
| intend(7) 19:10 21:17 21:18 21:22 23:19 28:11 51:24 | |
| intends(1) 20:9 | |
| intensive(1) 31:15 | |
| intention(4) 21:10 23:3 25:1 28:3 | |
| interest(4) 19:8 48:12 49:5 50:2 | |
| interested(6) 4:47 5:4 5:17 6:4 49:10 | |
| interests(1) 19:12 | |
| interrogatories(2) 29:16 30:21 | |
| interrupted(1) 36:8 | |
| into(3) 13:5 15:19 28:10 | |
| investment(4) 32:19 33:9 34:20 39:22 | |
| investments(1) 32:21 | |
| involved(1) 49:18 | |
| involvement(2) 31:13 31:17 | |
| iowa(12) 8:14 8:16 9:4 9:6 9:11 9:14 9:19 | |
| irrelevant(1) 48:21 | |
| irs(1) 14:16 | |
| isn't(1) 36:11 | |
| issue(15) 10:21 13:18 26:15 29:8 29:9 35:3 35:12 36:1 36:14 37:21 39:3 43:8 48:1 51:10 51:11 | |
| issued(1) 34:23 | |
| issues(38) 11:6 12:19 15:8 16:22 18:2 19:3 19:4 19:11 22:8 22:9 22:9 24:12 24:13 24:15 24:16 26:12 28:4 28:4 29:5 29:17 29:20 30:1 30:9 31:10 34:4 34:5 34:14 36:15 36:20 36:23 36:24 37:13 37:18 37:19 38:2 40:3 40:5 45:20 | |
| it's(29) 7:3 7:22 11:2 12:1 12:12 12:12 13:3 13:15 20:14 24:22 28:13 28:18 29:2 31:3 31:19 32:4 32:23 32:24 33:12 33:20 35:1 39:16 40:15 43:20 47:24 48:9 49:2 49:20 50:9 | |
| item(8) 8:6 8:13 33:3 43:21 44:8 44:10 46:8 47:23 | |
| its(3) 13:6 13:6 38:1 | |
| itself(2) 13:13 41:5 | |
| james(2) 3:16 27:4 | |
| jane(2) 1:37 8:11 | |
| january(2) 35:9 45:12 | |
| jesse(1) 5:43 | |
| jessica(1) 2:5 | |
| jobs(1) 11:17 | |
| join(1) 37:18 | |
| joined(2) 19:5 29:6 | |
| jointly(1) 1:9 | |
| jones(1) 4:47 | |
| judge(5) 1:20 16:5 29:7 31:3 38:6 | |
| jumped(1) 16:13 | |
| just(33) 8:5 15:16 21:18 24:20 24:23 25:2 25:23 26:21 27:3 28:17 30:20 31:3 31:18 31:24 33:14 33:19 33:24 34:10 35:1 35:16 35:16 35:22 38:9 38:10 39:10 45:17 46:10 47:6 47:9 47:23 49:2 50:9 51:17 | |
| justified(1) 30:12 | |
| kate(1) 4:31 | |
| katherine(1) 40:18 | |
| kathleen(1) 1:38 | |
| keach(1) 5:27 | |
| keech(31) 10:10 10:19 15:7 18:20 20:7 20:8 20:17 21:1 21:2 21:12 22:15 23:3 23:12 23:14 24:9 24:19 26:5 26:20 26:20 27:2 27:14 27:19 27:20 30:15 31:12 36:18 36:21 36:21 39:9 39:9 39:23 | |
| keech's(1) 30:24 | |
| keegan(1) 5:30 | |
| keep(1) 18:14 | |
| kevin(2) 1:19 4:12 | |
| kim(9) 1:37 8:5 8:9 8:10 8:11 8:20 9:2 9:3 9:24 | |
| kind(2) 27:7 27:8 | |
| kinds(1) 30:6 | |
| king(3) 2:27 3:6 4:33 | |
| kinsella(1) 4:18 | |
| know(20) 7:13 16:3 18:13 24:8 24:11 24:21 28:2 28:6 29:4 29:18 32:11 33:11 34:13 34:24 44:9 44:14 44:20 45:18 48:19 50:1 | |
| lack(2) 16:11 16:14 | |
| lag(1) 39:10 | |
| laid(1) 28:4 | |
| landis(1) 2:40 | |
| landlords(1) 12:9 | |
| landon(1) 2:41 | |
| language(2) 46:23 47:9 | |
| larger(1) 25:17 | |
| last(13) 7:15 7:15 10:15 18:20 20:2 20:4 20:7 21:5 30:21 32:21 38:10 43:20 48:19 | |
| late(9) 7:23 8:15 8:16 9:7 9:15 9:17 26:22 32:8 45:11 | |
| later(1) 52:7 | |
| latham(1) 5:13 | |
| laughter(1) 39:8 | |
| law(7) 12:6 12:23 14:3 16:20 17:13 17:13 25:12 | |
| layton(1) 2:24 | |
| leading(1) 48:20 | |
| learn(1) 28:7 | |
| least(2) 37:11 52:2 | |
| leave(1) 8:15 | |
| lee(1) 3:47 | |
| legal(4) 15:3 15:3 15:4 29:5 | |
| legally(4) 17:15 23:20 23:21 35:13 | |
| lemisch(13) 43:12 43:16 43:17 43:18 43:24 44:4 44:6 44:8 44:12 44:16 44:19 44:23 46:2 | |
| lengthy(1) 49:8 | |
| less(2) 25:8 27:22 | |
| let(8) 7:13 23:18 28:1 31:3 32:10 34:3 34:8 51:4 | |
| let's(1) 52:4 | |
| letter(1) 18:9 | |
| letters(1) 32:11 | |
| liberty(1) 1:40 | |
| lifesavings(1) 30:10 | |
| lightly(1) 25:22 | |
| like(16) 27:10 31:24 32:9 32:22 33:3 33:24 36:15 36:24 38:9 41:17 42:21 46:3 49:3 49:9 49:12 52:1 | |
| likely(2) 28:9 50:7 | |
| limited(12) 11:2 18:22 19:13 20:6 20:24 22:20 23:17 23:22 25:6 25:6 25:9 29:9 29:19 | |
| line(3) 8:24 9:4 11:1 | |
| lion's(1) 20:14 | |
| lisa(3) 1:36 2:19 10:5 | |
| list(2) 49:17 50:9 | |
| listed(3) 41:4 41:24 42:6 | |
| listen(1) 26:10 | |
| literally(3) 27:5 28:18 51:15 | |
| litigations(3) 11:19 15:8 15:16 | |
| little(3) 8:17 11:6 47:2 | |
| llc(1) 4:11 | |
| llp(11) 1:25 1:35 2:4 2:33 2:46 3:19 3:35 4:23 4:30 5:9 5:13 | |
| local(4) 48:6 48:11 49:16 52:1 | |
| lodge(1) 3:10 | |
| long(1) 49:21 | |
| longer(6) 24:21 24:21 33:5 33:9 33:12 34:19 | |
| look(3) 18:10 48:6 51:11 | |
| looked(1) 18:12 | |
| looking(1) 45:14 | |
| lose(1) 33:13 | |
| losing(1) 17:4 | |
| lost(1) 33:11 | |
| lot(5) 12:18 50:10 50:23 50:24 51:19 | |
| low(1) 16:2 | |
| lowe(1) 33:21 | |
| lubarski(1) 2:5 | |
| luke(1) 3:42 | |
| lynnette(1) 5:45 | |
| mace(1) 1:44 | |
| made(5) 17:1 17:11 27:3 36:7 39:18 | |
| magic(1) 13:16 | |
| maine(1) 22:15 | |
| make(12) 12:20 16:16 17:8 17:17 17:18 18:6 19:16 23:15 27:23 29:22 33:24 36:24 47:1 50:17 | |
| makes(3) 19:15 50:22 50:23 | |
| making(1) 35:24 | |
| managed(1) 39:6 | |
| management(4) 13:16 13:20 19:21 29:10 | |
| managing(1) 32:17 | |
| mandated(1) 11:24 | |
| many(5) 11:13 12:3 14:2 18:21 19:3 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **marc**(1) 3:11 | | **necessarily**(2) 17:9 18:23 | | **omnibus**(1) 22:7 | | **peg**(1) 4:48 | |
| **march**(5) 24:8 30:3 31:7 31:9 40:3 | | **necessary**(4) 24:17 29:19 31:20 35:1 | | **one**(13) 1:40 2:20 2:26 21:18 32:7 32:14 | | **pending**(1) 45:7 | |
| **market**(12) 1:12 1:29 2:12 2:36 2:42 2:49 | | **necessity**(1) 31:11 | | 32:19 38:12 40:12 43:9 47:22 50:13 51:24 | | **pennsylvania**(1) 1:48 | |
| 3:21 3:29 3:49 4:13 4:19 35:10 | | **need**(6) 18:10 24:3 28:19 29:4 43:13 49:4 | | | | **people**(15) 12:4 15:1 15:1 16:1 16:24 18:3 | |
| | | **needs**(4) 12:5 21:16 44:9 44:9 | | **online**(2) 39:19 39:21 | | 19:24 24:6 25:17 34:19 35:24 37:18 39:17 | |
| **marshal**(2) 12:15 25:22 | | **negotiating**(1) 46:17 | | **only**(9) 14:11 17:5 18:11 24:24 30:11 44:8 | | 39:17 49:12 | |
| **matter**(10) 8:1 10:21 29:3 33:2 43:9 43:22 | | **nelson**(1) 5:26 | | 49:15 49:17 49:20 | | | |
| 48:12 49:5 49:6 52:21 | | **nera**(1) 4:17 | | | | **people's**(1) 30:9 | |
| | | **network**(1) 3:26 | | **onto**(1) 38:11 | | **pepper**(1) 2:33 | |
| **matters**(4) 22:8 34:5 49:18 50:24 | | **networks**(4) 1:7 3:41 41:2 41:2 | | **open**(1) 28:10 | | **per**(5) 4:40 4:44 5:49 6:5 13:4 | |
| **matthew**(1) 4:5 | | **never**(1) 16:14 | | **oplink**(3) 2:46 46:7 46:15 | | **percent**(6) 14:11 14:13 15:22 16:7 16:8 | |
| **matz**(1) 5:34 | | **nevermore**(1) 14:12 | | **opnext**(2) 4:23 5:13 | | 48:10 | |
| **may**(6) 9:6 18:23 27:11 44:6 44:14 45:17 | | **new**(8) 1:41 2:7 2:21 15:11 15:17 15:18 | | **opportunities**(2) 11:13 11:14 | | | |
| **mccarter**(1) 4:30 | | 29:7 36:23 | | **opportunity**(6) 19:9 20:1 26:8 26:11 27:10 | | **perfect**(1) 16:16 | |
| **mccloy**(1) 5:33 | | | | 42:23 | | **perfectly**(1) 30:22 | |
| **mean**(5) 13:4 14:6 17:9 17:22 39:22 | | **news**(4) 7:7 7:7 7:10 7:12 | | | | **perhaps**(3) 7:24 43:12 51:18 | |
| **means**(2) 13:15 35:6 | | **next**(4) 28:20 34:24 37:20 45:12 | | **oppose**(2) 9:16 38:2 | | **period**(2) 9:12 28:7 | |
| **mechanical**(1) 36:1 | | **nichols**(1) 1:24 | | **oppositions**(1) 14:2 | | **periods**(1) 9:7 | |
| **meet**(4) 14:7 15:4 21:22 29:22 | | **night**(6) 7:13 7:15 10:15 18:20 20:8 30:21 | | **orange**(1) 3:12 | | **permit**(3) 8:23 27:14 30:6 | |
| **meghan**(1) 3:48 | | **nokia**(3) 3:26 43:22 45:4 | | **order**(27) 8:22 8:24 9:4 9:9 17:15 41:12 | | **persona**(2) 4:43 5:48 | |
| **melinda**(1) 5:14 | | **nor**(2) 33:5 33:9 | | 41:22 41:24 42:6 42:6 42:11 42:18 42:20 | | **personnel**(1) 16:12 | |
| **melnik**(1) 5:38 | | **nora**(1) 4:39 | | 42:22 43:3 43:21 44:1 46:13 46:19 46:20 | | **petition**(4) 32:16 32:24 33:1 33:23 | |
| **meltzer**(1) 2:34 | | **norman**(2) 3:28 45:3 | | 46:23 46:24 47:10 49:2 49:2 49:3 50:17 | | **phillip**(1) 5:5 | |
| **member**(2) 28:19 37:8 | | **nortel**(5) 1:7 33:22 39:6 41:2 41:2 | | | | **phillips**(1) 3:11 | |
| **mere**(1) 13:1 | | **north**(4) 1:29 2:12 2:27 2:49 | | **other**(23) 9:6 9:16 9:17 11:20 13:17 14:7 | | **phone**(4) 26:5 26:10 27:9 29:24 | |
| **merit**(1) 19:14 | | **not**(52) 7:22 9:6 11:23 12:3 13:2 17:21 | | 16:22 22:8 22:9 25:24 25:24 32:6 32:15 | | **phrase**(1) 46:12 | |
| **merits**(2) 24:8 24:18 | | 17:24 19:22 19:23 20:3 20:14 20:18 21:4 | | 37:1 38:12 40:12 43:9 45:20 47:22 48:12 | | **phrases**(1) 13:16 | |
| **mid**(1) 33:6 | | 22:4 22:18 23:10 23:21 24:23 24:24 25:2 | | 50:14 51:12 51:20 | | **pillsbury**(1) 5:8 | |
| **might**(7) 14:24 15:1 19:4 22:14 22:15 | | 25:23 26:12 26:23 27:6 28:3 28:8 28:11 | | | | **pinckney**(1) 4:10 | |
| 37:15 38:21 | | 28:12 28:13 28:22 29:8 29:9 30:11 31:4 | | **others**(3) 10:14 12:9 26:9 | | **pitch**(1) 51:8 | |
| | | 33:23 34:4 35:14 37:1 37:3 38:14 38:19 | | **otherwise**(1) 50:4 | | **pittman**(1) 5:9 | |
| **milbank**(1) 5:33 | | 39:4 39:18 39:21 41:6 42:5 43:8 44:22 | | **our**(20) 14:1 16:1 20:7 20:24 23:18 24:4 | | **place**(1) 35:14 | |
| **million**(2) 19:24 33:21 | | 46:12 46:16 48:9 49:5 | | 24:5 24:23 24:24 25:3 25:11 27:23 28:5 | | **plaintiffs**(1) 15:21 | |
| **mind**(3) 21:19 25:1 28:10 | | | | 29:15 29:18 33:8 37:3 37:19 44:20 46:23 | | **plan**(32) 3:19 10:10 12:21 12:23 13:3 | |
| **mine**(3) 32:19 34:2 38:19 | | **notably**(1) 33:20 | | | | 13:13 13:13 13:15 13:15 13:20 14:10 | |
| **mobilenet**(1) 5:22 | | **note**(3) 27:3 30:20 45:5 | | **ours**(1) 46:22 | | 14:19 15:9 15:24 16:11 16:19 17:3 17:11 | |
| **mode**(1) 26:10 | | **noted**(2) 10:13 41:5 | | **ourselves**(1) 37:10 | | 25:14 25:19 25:20 28:9 29:8 29:8 32:5 | |
| **mona**(1) 2:11 | | **noteholder**(1) 50:1 | | **out**(20) 11:1 17:15 18:21 25:3 28:4 33:3 | | 33:6 34:16 36:1 36:5 36:5 37:9 40:3 | |
| **monday**(1) 42:14 | | **noteholders**(1) 50:18 | | 33:19 34:21 34:24 35:2 36:2 36:6 36:10 | | | |
| **money**(16) 11:20 12:3 17:15 17:15 25:13 | | **nothing**(1) 32:23 | | 36:16 37:4 39:17 42:11 51:13 51:16 51:17 | | **plans**(1) 13:2 | |
| 32:13 33:11 33:14 33:17 33:19 36:2 36:6 | | **notice**(4) 24:4 27:8 38:19 39:17 | | | | **plaza**(3) 1:40 2:35 2:48 | |
| 36:9 39:7 50:11 51:20 | | **noticed**(1) 16:23 | | **outcome**(1) 49:10 | | **pleadings**(1) 15:15 | |
| | | **noting**(1) 47:9 | | **outlined**(1) 12:8 | | **please**(2) 7:2 9:2 | |
| **monhait**(12) 3:27 3:28 44:4 44:19 44:24 | | **notwithstanding**(1) 46:23 | | **outlining**(1) 17:4 | | **pleased**(1) 31:12 | |
| 45:1 45:3 45:3 45:10 45:14 45:21 45:23 | | **november**(2) 42:13 45:11 | | **over**(15) 8:17 10:1 10:9 12:9 14:15 14:16 | | **plenty**(1) 28:5 | |
| | | **now**(18) 15:6 16:2 16:14 20:4 21:14 22:18 | | 15:20 15:22 16:7 16:8 25:13 28:18 28:20 | | **podium**(2) 8:5 10:1 | |
| **monitor**(2) 2:4 16:18 | | 23:10 23:16 27:4 28:14 28:18 33:11 34:6 | | 32:21 48:19 | | **point**(7) 32:24 33:3 35:7 35:22 37:4 51:17 | |
| **month**(2) 36:6 36:7 | | 35:10 39:3 40:21 42:15 44:10 | | | | 51:18 | |
| **moore**(1) 5:43 | | | | **oversight**(2) 16:11 16:15 | | | |
| **more**(14) 7:11 11:2 13:9 15:10 15:24 | | **number**(4) 11:5 43:20 49:9 49:9 | | **overy**(1) 2:4 | | **pointing**(1) 29:17 | |
| 19:19 22:21 22:24 27:22 31:24 46:10 48: | | **numbers**(3) 11:16 25:11 25:12 | | **own**(2) 15:2 26:1 | | **points**(1) 19:8 | |
| 51:19 52:6 | | **objection**(11) 7:23 10:14 10:16 10:16 | | **p.o**(1) 1:30 | | **population**(1) 15:23 | |
| | | 10:18 15:9 18:20 25:4 26:22 26:23 27:8 | | **paid**(1) 37:5 | | **position**(3) 23:10 23:17 47:8 | |
| **morning**(27) 7:2 7:4 7:5 8:9 8:10 10:2 | | | | **paliare**(1) 5:37 | | **possible**(2) 29:23 33:16 | |
| 10:4 26:17 26:18 27:19 27:20 27:21 40:14 | | **objectionable**(1) 50:20 | | **palmer**(1) 5:37 | | **post-petition**(1) 9:12 | |
| 40:16 40:17 40:20 41:21 43:17 44:7 44:7 | | **objections**(17) 10:13 11:5 12:8 12:19 | | **panoply**(2) 19:23 37:9 | | **pot**(6) 11:14 11:21 12:1 33:16 34:1 34:1 | |
| 45:1 45:2 46:4 46:5 51:5 51:6 51:8 | | 13:17 13:18 14:23 15:7 16:24 17:1 18:17 | | **papers**(3) 20:15 28:5 29:18 | | **potential**(1) 16:23 | |
| | | 19:6 20:15 22:23 23:6 23:6 23:7 | | **paradigm**(1) 3:9 | | **potter**(2) 2:46 46:6 | |
| **morris**(2) 1:24 4:23 | | | | **paragraph**(3) 46:12 46:19 46:24 | | **ppearances**(4) 1:22 2:1 3:1 4:1 | |
| **most**(5) 10:15 13:17 32:4 33:20 48:21 | | **objectors**(1) 20:13 | | **pardon**(2) 26:18 40:11 | | **practice**(1) 50:13 | |
| **motion**(13) 8:14 8:22 9:5 10:8 11:12 | | **obtain**(1) 34:9 | | **parikh**(1) 2:11 | | **pre**(1) 32:16 | |
| 12:17 12:17 20:5 20:18 25:21 25:22 29:1 | | **obviate**(2) 10:21 25:17 | | **park**(1) 2:20 | | **pre-argue**(2) 28:3 35:23 | |
| 49:1 | | **obviated**(1) 23:16 | | **part**(3) 32:14 32:15 47:4 | | **pre-trial**(4) 40:13 40:22 42:3 45:6 | |
| **motions**(1) 45:12 | | **obviously**(17) 10:18 11:10 12:9 19:14 | | **participants**(1) 19:21 | | **precedents**(1) 14:17 | |
| **motivation**(1) 3:47 | | 24:10 24:19 25:18 26:7 26:11 26:14 30:3 | | **participation**(6) 14:14 15:23 16:1 16:8 | | **preference**(1) 40:13 | |
| **much**(11) 7:11 9:24 25:8 30:5 31:4 32:3 | | 30:10 34:12 35:9 37:6 46:22 49:16 | | 16:9 16:19 | | **preferential**(1) 41:3 | |
| 34:7 39:3 39:6 47:21 50:14 | | | | | | **prejudice**(1) 9:16 | |
| | | **occasion**(1) 31:4 | | **particular**(2) 48:5 49:18 | | **premise**(1) 17:7 | |
| **mullen**(3) 33:12 34:21 38:11 | | **occasionally**(1) 50:10 | | **particularly**(6) 15:10 19:20 21:16 21:23 | | **prepare**(1) 18:23 | |
| **murley**(1) 3:42 | | **off**(4) 21:18 34:16 38:14 47:22 | | 29:9 51:13 | | **prepared**(7) 9:23 16:21 17:17 17:18 18:18 | |
| **must**(3) 33:12 46:21 47:2 | | **offer**(1) 30:24 | | | | 23:22 36:3 | |
| **myself**(1) 15:15 | | **offered**(5) 13:15 13:20 14:10 16:1 16:13 | | **parties**(3) 27:7 30:2 31:6 | | | |
| **name**(1) 13:6 | | **offering**(1) 25:11 | | **party**(4) 4:47 5:4 5:17 6:4 | | **preparing**(1) 34:21 | |
| **named**(2) 20:11 20:20 | | **office**(1) 51:4 | | **past**(3) 10:14 10:15 36:22 | | **present**(2) 4:4 8:14 | |
| **narrow**(1) 23:1 | | **official**(1) 49:22 | | **path**(3) 2:32 10:20 42:4 | | **presentation**(1) 27:2 | |
| **narrowly**(1) 21:3 | | **often**(2) 39:20 49:12 | | **pay**(2) 17:14 17:15 | | **presented**(1) 16:5 | |
| **nature**(6) 11:23 12:14 13:2 18:4 19:17 | | **okay**(9) 10:23 11:9 22:11 43:2 43:11 | | **payments**(1) 37:2 | | **presenting**(1) 17:20 | |
| 24:13 | | 44:23 45:22 46:9 51:2 | | **payouts**(1) 37:5 | | **preserve**(1) 11:16 | |
| | | | | **peak**(1) 16:7 | | **press**(1) 28:22 | |

| Word | Page:Line |
|---|---|

**presumptuously**(1) 33:13
**pretend**(1) 27:6
**pretty**(1) 28:4
**previously**(2) 42:7 42:19
**prior**(3) 9:9 28:13 37:19
**pro**(6) 4:40 4:40 4:44 4:44 5:49 5:49 6:5 6:5

**probably**(6) 7:11 7:14 35:2 39:11 39:17 45:18

**probe**(1) 19:9
**problem**(4) 7:22 31:7 43:1 50:4
**procedural**(3) 23:6 35:24 48:1
**procedurally**(1) 20:5
**procedure**(1) 29:5
**proceed**(5) 20:18 25:18 29:2 30:8 49:1
**proceeded**(1) 36:15
**proceeding**(2) 28:23 43:10
**proceedings**(5) 1:18 1:52 28:23 41:1 52:21
**proceeds**(1) 11:17
**process**(2) 22:13
**processing**(1) 35:3
**produced**(1) 1:53
**program**(1) 14:22
**promptly**(2) 20:9 28:16
**proof**(1) 14:8
**properly**(1) 20:5
**property**(1) 10:9
**proposal**(4) 42:12 42:14 42:17 42:24
**propose**(2) 24:7 24:22
**proposed**(5) 41:11 41:24 42:11 46:13
**propria**(2) 4:43 5:48
**prove**(1) 14:5
**provide**(5) 11:1 21:3 21:6 21:24 25:10
**provided**(1) 36:4
**provides**(3) 12:6 13:8 25:15
**providing**(3) 21:10 21:10 39:10
**proving**(1) 13:19
**provision**(1) 48:14
**psam**(1) 5:4
**public**(1) 33:21
**pull**(1) 21:18
**pulled**(2) 33:18 33:21
**punch**(1) 11:1
**purporting**(1) 10:17
**purpose**(2) 25:16 50:14
**purposes**(1) 52:3
**put**(4) 13:23 19:1 19:10 23:2
**qualified**(1) 14:18
**qualitative**(1) 29:12
**quantitative**(1) 29:12
**question**(1) 19:20
**questions**(4) 15:9 17:10 24:2 44:21
**quicker**(1) 21:15
**quite**(5) 12:24 17:12 17:20 18:7 20:20
**rabbi**(3) 12:22 13:1 13:14
**raise**(2) 34:2 33:14 37:19
**raised**(10) 16:22 18:24 19:17 22:23 23:3 25:5 29:18 36:20 36:24 37:18

**raises**(3) 11:6 18:21 51:10
**raising**(1) 15:9
**ransom**(1) 17:14
**rates**(1) 16:13
**rath**(1) 2:40
**rather**(2) 11:3 15:19
**ray**(1) 43:17
**re-file**(1) 20:19
**reach**(3) 13:5 29:1 37:13
**reached**(2) 27:1 44:1
**read**(2) 48:9 48:16
**ready**(1) 40:4
**real**(1) 39:16
**really**(8) 11:24 13:15 24:14 32:13 39:21 46:12 50:10 50:14

**reason**(6) 16:13 18:6 19:23 21:16 26:21 34:15

**reasonable**(2) 21:24 31:1
**reasons**(1) 11:4
**recent**(1) 51:15
**recently**(2) 10:15 46:15
**recess**(2) 40:9 52:14
**recognize**(2) 18:2 18:22
**recognizing**(1) 17:21
**record**(8) 8:11 10:5 16:22 27:3 30:14 31:11 31:14 41:7

**recorded**(1) 1:52
**recording**(2) 1:52 52:20
**records**(1) 34:9
**recoveries**(1) 11:18
**recovery**(1) 37:1
**referencing**(1) 15:10
**referred**(1) 34:10
**reflects**(2) 16:19 42:2
**regard**(2) 12:7 46:8
**regarding**(2) 35:8 48:7
**relate**(1) 37:20
**related**(4) 10:9 18:1 36:1 48:21
**relates**(1) 35:23
**relationship**(1) 28:19
**relationships**(1) 18:5
**relevance**(1) 39:19
**relevant**(2) 19:3 30:4
**relief**(3) 9:23 10:9 14:5
**remember**(1) 50:12
**renaissance**(1) 4:32
**reply**(1) 14:1
**report**(1) 44:20
**reporting**(1) 37:11
**represent**(3) 10:17 27:6 46:16
**representation**(2) 21:15 21:16
**representing**(3) 20:16 27:4 36:19
**request**(11) 21:2 21:6 21:13 21:18 21:21 29:15 29:16 29:21 35:24 36:6 46:20

**requests**(6) 9:6 9:14 9:17 21:1 36:2 36:8
**require**(1) 30:4
**required**(4) 17:8 23:20 23:21 30:11
**requirement**(1) 28:23
**requirements**(2) 48:17 48:18
**requires**(2) 48:9 48:10
**reservation**(2) 19:14 23:2
**reservations**(2) 8:23 30:14
**reserve**(8) 22:21 24:3 24:5 24:19 24:20 25:3 37:19 38:1

**reserves**(1) 9:13
**reserving**(1) 30:2
**resolution**(1) 24:15
**resolve**(2) 10:20 22:8
**resolved**(1) 39:5
**resource**(1) 23:23
**resources**(1) 23:17
**respect**(17) 8:16 8:17 9:7 9:12 9:14 10:9 24:4 25:3 25:4 28:15 29:15 34:15 35:7 37:1 37:5 37:9 42:10

**respond**(2) 27:2 30:5
**response**(5) 9:20 9:22 14:2 30:17 40:1
**responses**(2) 17:2 22:1
**responsibilities**(1) 18:15
**responsibility**(1) 37:6
**result**(1) 12:11
**retained**(1) 46:15
**return**(5) 8:21 9:8 9:10 17:7 24:17
**returned**(1) 32:9
**revenue**(5) 8:15 8:16 9:6 9:15 9:19
**revenue's**(1) 9:11
**review**(1) 42:23
**reviewed**(2) 15:14 18:13
**revolving**(1) 32:4
**revonet**(1) 41:8

**richard**(2) 5:23 33:21
**richards**(1) 2:24
**right**(43) 7:9 8:7 9:11 9:18 13:4 13:5 19:2 20:21 22:18 23:16 24:5 25:6 25:7 26:16 27:4 27:12 30:15 30:18 31:2 34:3 34:18 35:18 36:18 37:14 37:19 37:22 38:5 38:16 38:21 39:23 40:2 40:8 43:4 44:3 44:10 44:24 45:16 45:16 45:24 48:2 50:8 52:10 52:13

**rights**(13) 8:23 9:14 9:16 19:14 22:21 23:2 24:4 24:20 24:20 25:3 30:2 37:9 38:1

**rise**(1) 51:17
**risen**(1) 35:8
**risk**(2) 17:2 17:4
**risks**(1) 17:2
**robert**(5) 3:16 5:27 26:20 27:4 36:21
**roberts**(23) 1:38 40:16 40:18 40:18 40:21 41:1 41:14 41:16 41:21 41:22 42:2 42:2 42:10 42:17 43:2 43:4 43:5 43:15 47:4 47:5 47:8 47:12 47:17

**rodney**(1) 2:26
**role**(1) 23:9
**rome**(2) 3:19 26:19
**rooney**(1) 2:10
**rosenthal**(1) 3:27
**ross**(1) 4:24
**routinely**(1) 16:8
**rule**(2) 20:9 20:15 28:16 48:6 48:6 48:7
**rules**(3) 29:3 30:6 52:1
**run**(2) 25:20 50:17
**saa**(1) 3:41
**said**(19) 10:19 11:20 18:4 18:10 18:18 18:20 19:19 19:21 20:9 20:13 21:5 24:1 25:2 25:21 26:3 26:12 36:13 37:17 43:2

**salary**(1) 16:2
**sales**(3) 3:25 5:8 11:15
**same**(4) 28:24 29:2 33:15 39:3 42:12
**sarah**(1) 3:31
**sas**(1) 3:9
**saul**(1) 3:41
**save**(2) 49:14 51:19
**saving**(1) 48:1
**saw**(1) 42:24
**sawyer**(1) 5:7
**say**(16) 10:20 14:22 14:23 15:14 17:24 23:11 26:8 28:6 30:13 31:3 31:4 31:18 34:3 39:12 44:17 49:21

**saying**(3) 19:7 28:8 35:5
**says**(9) 9:4 18:23 46:23
**schedule**(2) 22:5 45:10
**scheduled**(1) 44:17
**scheduling**(11) 22:16 40:22 41:12 42:6 42:17 42:20 43:9 43:21 44:1 46:13 46:24

**schuylkill**(1) 1:47
**schweitzer**(27) 1:36 10:1 10:3 10:4 10:5 10:12 10:24 11:10 15:14 22:11 12:24 16:7 26:16 30:19 30:20 31:2 34:8 34:11 34:19 35:12 35:18 35:21 36:14 38:3 40:10 40:12 40:15

**sciences**(1) 5:26
**scope**(8) 21:23 22:6 22:8 23:1 23:8 24:11 24:24 25:8

**screen**(2) 35:6 39:14
**screens**(1) 39:15
**seated**(1) 7:3
**second**(4) 13:12 20:17 21:9 33:3
**secret**(1) 33:10
**see**(9) 7:3 9:3 19:9 23:12 32:13 32:20 33:5 33:9 33:12

**seeing**(1) 39:18
**seek**(2) 22:18 22:22

**seeking**(6) 15:19 15:20 22:2 31:8 41:3 46:11

**seems**(1) 32:3
**seen**(1) 51:15
**sees**(1) 23:15
**select**(2) 13:15 29:10
**selected**(1) 13:20
**selinda**(1) 5:38
**semra**(1) 5:48
**sending**(2) 35:2 51:13
**sense**(2) 50:22 50:23
**sent**(1) 42:11
**sentry**(5) 15:11 15:17 15:18 29:7 36:23 49:21 50:7 50:14 51:14

**series**(1) 48:4
**serve**(9) 48:22 49:5 49:11 49:15 49:17 49:21 50:7 50:14 51:14

**served**(3) 42:13 42:14 48:11
**service**(5) 1:46 1:53 48:16 48:17 49:7
**services**(2) 1:46 5:22
**set**(6) 12:22 13:24 14:14 14:16 45:17
**settled**(3) 8:22 15:20 16:3
**several**(7) 10:13 11:15 12:7 15:6 18:17 32:6 48:19

**severance**(1) 33:17
**shall**(1) 47:6
**share**(3) 20:14 24:11 36:17
**shared**(1) 12:6
**shaw**(1) 5:8
**shelf**(1) 21:18
**shelley**(1) 4:18
**short**(1) 28:7
**should**(7) 7:14 24:14 24:16 32:9 35:3 39:12 50:20

**show**(3) 13:13 14:21 16:22
**showed**(1) 16:3
**showing**(7) 12:20 14:4 16:16 17:9 17:17 17:18 17:19

**showings**(1) 23:15
**shows**(2) 14:9 35:5
**shur**(2) 5:26 10:17
**shutdown**(1) 39:21
**siemans**(1) 3:26
**sight**(1) 33:11
**signed**(1) 32:12
**significant**(1) 11:16
**similar**(1) 48:17
**similarly**(4) 12:10 16:6 16:21 26:1
**simple**(1) 46:10
**simply**(3) 12:3 15:16 28:2
**since**(5) 20:20 32:15 32:16 32:16 33:15
**situation**(1) 32:7
**size**(3) 11:14 11:21 12:1
**slight**(1) 42:24
**slightly**(1) 32:6
**sloan**(1) 2:25
**small**(1) 14:10
**solutions**(4) 2:33 41:8 41:9 42:5
**some**(19) 7:7 7:7 11:5 11:18 12:8 16:24 17:1 17:3 17:23 18:24 19:17 22:15 32:10 34:12 37:13 37:17 39:10 51:12 51:15

**somebody**(2) 37:6 37:7
**somebody's**(1) 33:2
**something**(5) 37:2 39:11 44:18 48:21 50:20
**sometimes**(3) 18:5 31:3 51:12
**sommer**(1) 4:24
**sorry**(3) 18:12 31:22 40:14
**sort**(4) 13:4 19:23 33:10 33:12
**sought**(2) 22:22
**sound**(2) 1:52 52:20
**speak**(4) 27:6 27:11 28:18 37:17
**speaking**(1) 26:10
**special**(2) 3:33 43:19
**specifically**(1) 37:1

| Word | Page:Line |
|------|-----------|
| spoke(1) 38:10 | |
| square(1) 2:26 | |
| stafford(1) 3:36 | |
| stake(4) 12:19 19:12 24:14 30:10 | |
| stand(3) 29:4 40:9 52:14 | |
| standard(3) 13:19 15:4 15:5 | |
| standards(1) 14:21 | |
| start(1) 8:5 | |
| started(3) 21:8 28:24 29:1 | |
| starting(1) 51:11 | |
| state(1) 28:1 | |
| stated(3) 27:23 28:16 29:14 | |
| statement(4) 20:10 20:16 28:17 35:4 | |
| statements(1) 34:22 | |
| states(5) 1:1 1:20 46:20 51:5 51:7 | |
| status(2) 44:11 45:17 | |
| ste(7) 2:42 3:21 3:29 3:37 4:6 4:13 4:19 | |
| steen(4) 1:34 5:17 8:11 40:19 | |
| step(1) 18:14 | |
| steps(2) 11:23 17:12 | |
| stevens(1) 3:47 | |
| still(1) 23:5 | |
| stipulated(1) 46:20 | |
| stipulation(7) 10:8 27:1 28:15 30:13 46:17 47:7 47:13 | |
| strategies(2) 2:32 42:4 | |
| strauss(1) 2:17 | |
| street(11) 1:12 1:29 1:47 2:12 2:27 2:36 2:42 3:6 3:12 3:21 3:29 | |
| strong(1) 16:22 | |
| submission(1) 13:24 | |
| submit(5) 29:16 41:22 50:19 51:2 51:24 | |
| submitted(4) 14:2 17:18 18:10 42:7 | |
| submitting(1) 49:2 | |
| subsequent(2) 33:2 47:7 | |
| substance(1) 42:15 | |
| substantial(1) 51:17 | |
| substantially(3) 11:18 42:12 48:13 | |
| substantive(2) 47:13 47:24 | |
| subsystems(2) 4:23 5:13 | |
| such(5) 12:1 23:15 24:2 36:20 46:20 | |
| suffer(2) 12:4 21:7 | |
| suffice(1) 28:6 | |
| sufficient(1) 31:9 | |
| suggest(1) 48:24 | |
| suggested(2) 27:10 34:6 | |
| suggesting(1) 50:4 | |
| suite(4) 2:13 2:35 3:43 4:25 | |
| sullivan(1) 4:4 | |
| sumitomo(1) 5:41 | |
| suppliers(1) 12:9 | |
| sure(10) 7:18 29:23 33:23 33:24 35:17 39:4 41:20 46:12 46:22 47:1 | |
| surgical(2) 28:11 29:17 | |
| susan(1) 5:30 | |
| suspect(1) 7:23 | |
| system(1) 39:21 | |
| tailored(1) 21:3 | |
| take(11) 11:6 11:24 11:24 23:4 24:5 29:12 34:2 34:2 47:5 47:6 47:8 | |
| taken(3) 17:12 18:14 37:10 | |
| takes(2) 24:21 24:21 | |
| taking(1) 18:6 | |
| talk(2) 26:11 45:19 | |
| talking(2) 30:7 33:15 | |
| talks(2) 48:14 48:15 | |
| tamara(1) 1:39 | |
| tariq(1) 5:48 | |
| tax(4) 8:17 8:20 9:7 9:10 | |
| taxable(1) 9:13 | |
| tbg(4) 33:11 33:12 34:21 38:11 | |
| technology(1) 41:8 | |
| teksystems(1) 4:30 | |
| telephone(3) 22:13 27:15 27:21 | |
| telephonic(3) 4:37 5:1 6:1 | |

| Word | Page:Line |
|------|-----------|
| tell(1) 18:10 | |
| ten(1) 46:21 | |
| terminated(2) 32:8 34:17 | |
| terminating(1) 35:2 | |
| termination(1) 35:22 | |
| terms(9) 13:6 16:23 20:8 21:8 25:23 35:5 36:1 39:22 46:17 | |
| test(1) 15:3 | |
| than(12) 7:11 11:3 13:9 13:18 15:19 15:24 30:5 35:10 39:4 39:5 39:6 51:19 | |
| thank(51) 8:7 8:8 9:2 9:3 9:24 10:2 22:11 26:16 27:16 27:16 27:18 27:20 30:15 31:32:3 34:7 37:23 37:24 38:3 38:9 38:17 39:1 39:23 40:6 40:8 41:18 41:21 43:4 43:5 43:14 43:15 44:6 44:24 45:23 45:24 45:24 46:2 46:5 47:17 47:18 47:20 47:21 51:21 51:22 52:5 52:8 52:10 52:13 52:14 52:14 | |
| thanks(1) 40:21 | |
| that(301) 7:13 7:18 7:20 7:23 7:23 8:13 9:4 9:5 9:5 10:1 10:13 10:13 10:14 10:19 11:1 11:5 11:12 11:14 11:16 11:17 11:17 11:20 11:23 11:24 12:2 12:3 12:5 12:7 12:11 12:20 12:21 13:1 13:4 13:8 13:12 13:13 13:13 13:15 13:20 13:22 14:3 14:3 14:5 14:6 14:6 14:7 14:8 14:9 14:13 14:15 14:24 14:21 14:23 15:4 15:7 15:16 15:21 15:22 16:2 16:4 16:6 16:8 16:10 16:12 16:16 16:16 16:19 16:21 16:24 17:5 17:8 17:9 17:14 17:15 17:17 17:19 17:23 17:24 17:24 18:2 18:2 18:4 18:11 18:16 18:18 18:21 18:23 18:23 19:4 19:7 19:10 19:12 20:1 20:8 20:9 20:15 20:17 20:18 20:19 20:23 21:3 21:3 21:4 21:12 21:13 21:14 21:15 21:16 21:19 21:19 21:20 21:22 22:1 22:4 22:4 22:5 22:6 22:7 22:12 22:13 22:17 22:19 22:21 23:1 23:5 23:11 23:13 23:14 23:15 23:15 23:16 23:20 24:1 24:2 24:7 24:10 24:11 24:13 24:14 24:20 24:22 24:22 25:1 25:3 25:9 25:10 25:11 26:3 26:3 26:9 26:13 26:23 26:23 27:5 27:8 27:10 27:13 27:22 28:1 28:5 28:6 28:9 28:9 28:14 28:20 28:20 28:24 29:2 29:4 29:18 29:19 29:22 29:23 30:4 30:5 30:6 30:8 30:13 30:13 31:3 31:4 31:6 31:7 31:12 31:13 31:16 31:17 31:18 31:21 32:3 32:6 32:7 32:8 32:10 32:14 32:15 32:15 32:15 32:22 32:23 32:23 33:2 33:3 33:4 33:6 33:11 33:11 33:18 33:24 34:3 34:4 34:6 34:9 34:12 34:20 35:6 35:8 35:12 35:13 35:14 35:15 35:19 35:19 35:23 35:23 36:3 36:7 36:7 36:12 36:14 37:3 37:4 37:6 37:7 37:12 37:15 37:16 37:18 37:20 38:1 38:1 38:14 38:23 39:3 39:4 39:7 39:10 39:11 39:13 39:18 41:18 41:22 41:23 41:24 42:15 42:19 42:32 43:3 44:8 44:8 44:9 44:13 44:14 44:18 45:5 45:7 45:15 45:17 45:18 45:18 45:20 46:16 46:20 46:22 46:23 46:23 47:1 47:1 47:2 47:9 47:9 47:14 47:15 47:18 48:3 48:6 48:10 48:14 48:20 48:21 48:21 48:22 49:4 49:6 49:8 49:10 49:11 49:12 49:12 49:21 | |
| that(16) 50:3 50:9 50:10 50:17 50:17 50:19 50:20 51:2 51:10 51:11 51:18 51:18 51:24 52:8 52:11 52:19 | |
| that's(21) 7:14 14:22 15:11 19:2 19:2 21:9 27:3 28:3 28:12 30:14 32:5 32:14 37:2 38:4 39:3 44:16 45:21 47:3 47:20 50:6 50:20 | |

| Word | Page:Line |
|------|-----------|
| the(301) 1:1 1:2 1:19 2:6 2:17 7:2 7:5 7:6 7:9 7:10 7:12 7:12 7:14 7:17 7:20 7:22 7:24 8:3 8:5 8:7 8:9 8:10 8:12 8:13 8:13 8:14 8:14 8:15 8:17 8:19 8:20 8:21 8:21 8:21 8:22 8:24 8:24 9:2 9:4 9:4 9:4 9:5 9:5 9:9 9:9 9:10 9:11 9:12 9:13 10:2 10:5 9:18 9:19 9:21 9:23 9:23 10:1 10:2 10:5 10:5 10:7 10:8 10:8 10:9 10:9 10:10 10:11 10:14 10:15 10:17 10:18 10:20 10:21 10:23 11:1 11:4 11:5 11:9 11:11 11:11 11:14 11:14 11:15 11:15 11:21 11:21 11:22 11:23 11:23 11:24 12:1 12:5 12:6 12:6 12:8 12:10 12:11 12:14 12:14 12:16 12:17 12:19 12:20 12:20 12:23 12:23 12:24 13:1 13:2 13:2 13:5 13:5 13:6 13:7 13:8 13:9 13:10 13:10 13:12 13:12 13:13 13:14 13:14 13:16 13:17 13:19 13:19 13:19 13:20 13:22 13:22 13:23 13:24 14:1 14:2 14:3 14:4 14:4 14:7 14:10 14:11 14:14 14:20 14:22 14:24 14:24 15:6 15:9 15:11 15:13 15:15 15:16 15:18 15:18 15:19 15:19 15:20 15:21 15:23 15:24 16:1 16:3 16:4 16:4 16:6 16:7 16:9 16:11 16:13 16:15 16:15 16:17 16:18 16:18 16:19 16:20 16:21 16:22 16:23 16:23 16:24 17:2 17:3 17:4 17:4 17:8 17:13 17:13 17:14 17:19 17:23 17:23 17:23 18:4 18:6 18:7 18:8 18:8 18:8 18:10 18:11 18:13 18:14 18:24 19:4 19:7 19:8 19:8 19:9 19:9 19:10 19:11 19:11 19:11 19:14 19:15 19:16 19:17 19:18 19:20 19:23 20:1 20:1 20:2 20:2 20:3 20:4 20:4 20:8 20:11 20:12 20:14 20:14 20:14 20:17 20:21 20:23 20:23 21:1 21:7 21:9 21:12 21:16 21:18 21:20 21:20 21:23 21:24 22:4 22:4 22:5 22:6 22:10 22:12 22:13 22:15 22:18 22:19 22:19 22:20 22:21 22:22 22:23 23:1 23:2 23:4 23:8 23:8 23:8 23:9 23:10 23:12 23:13 23:14 23:15 23:16 23:19 23:23 24:1 24:7 24:8 24:8 24:10 24:11 24:13 24:14 24:16 24:17 24:17 25:4 25:4 25:5 25:7 25:10 25:11 25:12 25:12 25:13 25:13 25:14 | |
| the(23) 50:18 50:22 51:1 51:4 51:4 51:4 51:7 51:9 51:10 51:12 51:21 51:22 51:24 52:3 52:6 52:10 52:11 52:13 52:16 52:19 52:20 52:20 52:21 | |
| their(26) 12:17 14:5 14:23 15:2 16:7 16:10 17:1 18:15 19:1 22:23 23:9 26:1 30:2 31:13 32:1 32:18 32:19 34:20 35:4 35:7 37:9 38:1 39:7 39:14 39:19 47:12 | |
| them(18) 12:15 12:15 13:14 15:21 19:1 19:16 24:15 26:7 29:19 29:21 30:22 34:13 37:8 46:16 49:11 49:11 49:12 50:7 | |
| then(7) 25:5 29:22 31:7 40:2 40:9 43:2 52:6 | |
| there(29) 7:22 10:13 10:16 12:18 12:22 16:11 17:10 22:24 23:5 23:5 25:9 26:13 26:22 27:1 27:25 28:8 32:5 32:10 32:12 33:1 33:18 34:9 35:13 35:17 35:17 39:3 39:13 45:5 | |
| there's(16) 12:3 12:4 14:6 16:14 23:6 23:7 24:2 29:4 33:10 35:1 39:20 40:10 43:9 48:14 49:9 49:18 | |
| these(19) 13:8 14:24 15:8 17:20 18:1 18:6 19:21 23:6 25:23 30:1 30:9 32:14 34:12 36:15 37:17 38:2 41:9 49:8 50:24 | |

| Word | Page:Line |
|---|---|

**they**(23) 15:2 15:2 16:17 17:3 20:20 26:8 27:9 27:9 27:10 29:21 32:17 33:7 34:13 34:13 34:21 34:24 35:19 36:9 37:20 39:14 39:18 39:21 46:16

**they'll**(2) 14:20 29:17

**they're**(6) 17:15 17:24 23:20 25:12 25:12 49:17

**they've**(2) 12:8 19:17

**thing**(6) 20:23 24:7 33:4 40:12 43:20

**things**(3) 11:20 30:6 31:24

**think**(46) 7:10 8:6 14:3 15:4 16:10 16:21 19:2 20:5 20:13 21:23 23:4 23:5 26:13 27:2 27:9 27:22 28:4 28:8 28:18 29:5 29:20 30:2 30:6 30:11 31:4 31:13 31:19 32:5 35:23 37:16 37:18 39:16 43:9 45:9 45:16 46:3 47:3 47:24 48:3 48:4 50:1 50:2 50:3 50:20 50:22 52:11

**thinks**(1) 49:2

**third**(5) 12:24 20:23 21:9 24:7 33:4

**this**(62) 9:9 9:10 9:13 11:12 12:21 13:18 13:23 14:19 14:17 14:22 15:3 15:12 16:16 17:8 17:11 17:11 17:20 18:12 18:23 19:5 19:13 19:19 21:10 22:19 23:1 23:9 23:20 23:22 23:24 25:5 25:6 25:16 25:20 25:21 26:2 26:15 27:21 28:8 28:11 28:17 28:24 31:4 31:22 34:8 36:22 37:16 37:20 38:6 38:11 38:17 39:9 39:11 42:3 43:8 44:5 46:12 48:5 50:9 51:8 51:19 51:24 52:4

**thomas**(1) 5:34

**those**(37) 14:16 15:15 19:3 19:6 20:2 20:3 24:11 24:12 24:15 24:16 29:17 29:19 30:14 30:23 32:7 32:8 32:9 32:17 32:17 33:5 33:14 33:20 34:22 36:8 36:17 36:24 37:4 37:13 39:13 39:15 41:7 42:4 42:5 42:6 43:1 49:5

**though**(1) 50:5

**thought**(2) 15:2 39:14

**thoughtfully**(1) 25:19

**thoughts**(1) 47:4

**thousand**(1) 21:7

**three**(3) 31:24 42:3 42:4

**threshold**(1) 16:16

**thresholds**(4) 14:14 14:16 14:16 16:18

**through**(12) 9:1 10:24 11:7 11:17 13:6 13:23 14:3 19:24 23:22 24:12 30:8 42:21

**time**(18) 11:6 12:9 18:22 18:24 21:17 21:20 28:5 28:8 31:9 32:12 32:15 35:1 35:14 36:9 39:13 45:20 46:18 50:10

**timeframe**(3) 21:24 24:10 30:5

**timeliness**(4) 19:16 23:6 25:5 26:23

**timely**(1) 10:14

**times**(3) 15:1 18:3 37:10

**timing**(4) 22:9 24:24 30:3 36:1

**tinker**(1) 51:8

**today**(16) 10:7 10:22 17:18 17:22 18:17 18:19 20:22 26:11 26:14 36:11 38:22 41:4 42:15 46:21 49:9 52:12

**today's**(3) 7:10 35:14 48:20

**together**(1) 7:13

**told**(1) 21:2

**too**(1) 34:2

**top**(7) 12:21 13:13 13:14 14:19 28:9 29:8 32:5

**total**(1) 33:16

**totality**(1) 20:14

**touched**(1) 51:18

**tpa**(1) 39:12

**traci**(1) 53:1

**tracks**(1) 42:17

**transcriber**(1) 53:2

**transcript**(5) 1:18 1:53 52:20

**transcription**(2) 1:46 1:53

**transfers**(1) 41:3

**trial**(2) 45:6 45:20

**tried**(1) 36:16

**trust**(9) 10:9 12:18 12:22 12:22 13:1 13:1 13:5 13:6 13:14

**trustee**(5) 3:4 3:4 50:19 51:5 51:7

**try**(1) 38:21

**trying**(3) 31:1 35:22 48:3

**tunnell**(1) 1:25

**turn**(3) 8:5 10:8 25:13

**turned**(3) 15:20 34:16 38:14

**turnover**(3) 12:18 20:4 29:1

**tweed**(1) 5:33

**two**(6) 20:2 20:4 20:11 31:24 32:22 34:24

**type**(4) 14:22 20:3 28:12 31:15

**types**(1) 20:2

**u.s**(4) 3:4 3:4 10:8 50:19

**ultimate**(1) 19:14

**ultimately**(4) 14:4 14:5 16:3 19:3

**unable**(1) 14:7

**under**(5) 36:5 42:7 49:3 50:19 51:3

**understand**(7) 19:8 22:14 24:19 26:8 33:7 35:7 38:1

**understandably**(1) 14:22

**understanding**(2) 34:12 34:20

**understood**(1) 38:4

**unfortunate**(1) 12:12

**unfortunately**(4) 11:22 12:1 12:13 18:3

**unfunded**(2) 12:21 13:2

**uniformly**(1) 12:24

**united**(4) 1:1 1:20 51:5 51:7

**universally**(1) 52:7

**universe**(1) 34:5

**unlimited**(1) 25:8

**unrelated**(2) 18:1 49:11

**unsecured**(4) 13:10 17:5 18:12 25:14

**until**(1) 24:11

**untimely**(2) 10:18 18:21

**unwieldy**(1) 50:10

**upon**(1) 44:14

**validity**(1) 19:7

**valuing**(1) 35:2

**variations**(1) 42:22

**various**(2) 11:4 23:7

**vein**(1) 33:15

**very**(11) 9:21 9:24 12:19 28:7 31:4 38:24 45:23 47:16 47:21 51:12 51:16

**view**(3) 11:2 19:19 32:10

**views**(1) 15:2

**waiving**(1) 19:6

**walk**(3) 8:24 11:6 42:21

**want**(10) 18:13 23:2 23:23 26:8 26:14 27:3 27:11 35:16 38:21 51:17

**wanted**(3) 11:6 29:21 46:24

**warman**(1) 5:45

**warren**(6) 6:4 38:6 38:7 38:8 38:9 39:2

**wary**(1) 47:2

**was**(49) 7:15 7:22 7:23 10:16 12:21 12:21 12:22 13:20 14:10 15:18 15:23 16:1 16:2 16:4 16:4 16:8 16:11 16:13 17:11 18:9 22:22 26:22 29:20 31:16 31:16 32:12 33:1 33:7 33:18 33:19 34:16 35:9 38:12 38:12 38:12 38:19 39:4 39:5 39:13 39:14 42:7 42:14 47:1 47:18 48:4 48:20 48:21 49:10 49:11 52:16

**wasn't**(2) 7:18 31:16

**wastes**(1) 50:10

**watkins**(1) 5:13

**wave**(1) 41:9

**waves**(3) 21:8 21:9 21:9

**way**(9) 12:1 12:6 17:22 18:7 25:7 28:24 34:9 38:12 39:10

**we'd**(1) 52:1

**we'll**(10) 7:20 15:4 24:20 28:20 30:22 30:22 40:9 45:16 50:17 52:14

**we're**(39) 8:14 11:1 11:4 11:7 12:11 15:24 16:21 17:17 17:17 17:21 18:6 18:12 18:12 18:17 19:12 20:4 20:6 21:19 22:4 23:10 23:11 23:15 23:21 23:21 24:1 25:7 25:10 25:11 26:12 29:3 30:21 30:23 31:13 36:11 36:16 46:7 47:13 48:3 49:1 49:16

**we've**(21) 11:7 11:13 11:15 11:19 13:23 14:1 18:12 18:13 20:8 21:2 21:6 23:18 28:4 28:7 28:10 28:13 36:15 36:16 48:16 51:11 51:14

**wed**(1) 7:1

**week**(3) 21:14 34:24 38:18

**weidinger**(1) 4:10

**well**(22) 9:21 10:15 14:16 25:12 25:13 27:11 31:3 33:14 33:20 34:3 36:21 38:24 39:6 43:12 45:7 45:14 47:16 50:1 50:19 51:12 51:20 52:1

**went**(2) 14:2 38:18

**werb**(1) 4:4

**were**(25) 10:13 10:13 10:14 11:16 12:18 14:12 14:13 14:14 15:2 15:22 15:22 16:7 19:21 26:21 29:1 32:8 32:10 32:12 34:16 36:9 37:4 42:13 48:24 49:15 51:23

**weston**(2) 2:33 42:5

**what**(27) 9:4 14:18 15:24 16:3 18:15 19:3 21:2 21:23 22:1 23:13 24:11 28:2 28:7 28:22 28:13 29:20 33:1 35:5 35:6 39:14 39:18 39:19 48:18 48:24 49:3 50:4

**whatever**(2) 38:14 39:17

**whatnot**(1) 38:19

**when**(15) 7:13 13:3 16:4 33:6 36:2 36:5 36:22 38:18 39:5 39:13 39:15 40:4 42:12 50:13 51:14

**where**(14) 10:24 11:4 11:20 14:14 17:12 18:17 20:21 23:10 23:17 32:24 45:18 49:9 49:18 51:15

**whereupon**(1) 52:16

**whether**(10) 15:2 17:11 17:24 19:21 23:21 29:8 29:9 32:4 39:18 39:21

**which**(22) 8:18 8:22 9:8 9:9 10:20 11:2 12:14 17:8 18:9 18:10 18:16 18:20 19:17 20:12 20:20 21:14 21:24 26:21 28:6 31:4 33:7 51:19

**while**(2) 12:18 14:3

**who**(12) 8:5 12:10 13:24 14:18 15:7 15:22 20:16 25:24 26:3 27:7 38:10 49:5

**who've**(1) 48:11

**whole**(1) 37:21

**whom**(1) 32:8

**why**(8) 16:13 18:7 26:22 32:20 32:23 33:19 44:13 44:17

**will**(41) 9:3 10:1 10:21 11:23 20:9 21:3 21:4 22:20 23:14 24:19 26:11 26:23 27:2 28:5 28:10 28:16 28:22 29:15 29:17 29:22 29:22 30:4 30:7 30:8 31:6 31:8 31:9 31:13 31:20 34:5 34:22 34:23 36:2 36:19 38:1 38:23 39:12 40:2 43:12 45:18 51:2

**williams**(1) 5:42

**willing**(6) 11:1 19:12 20:6 21:20 23:10 36:17

**willingness**(2) 20:24 29:24

**wilmington**(20) 1:13 1:31 2:14 2:28 2:37 2:43 2:50 3:7 3:13 3:22 3:30 3:38 3:44 3:50 4:7 4:14 4:20 4:27 4:34 7:1

**wind**(1) 23:1

**winding**(1) 33:7

**winje**(1) 4:39

**winthrop**(2) 5:8 5:22

**wish**(4) 9:18 30:16 43:6 45:10

**with**(86) 7:7 8:6 8:16 8:17 8:24 9:7 9:12 9:14 10:1 10:8 10:9 10:19 10:19 11:13 12:23 13:7 13:7 15:5 15:8 15:15 15:24 16:1 16:17 16:20 17:13 17:21 18:16 18:17 18:22 19:13 20:7 21:10 21:14 21:19 23:24 24:4 24:22 25:1 25:3 25:4 25:9 26:3 26:19 27:13 28:10 28:15 28:19 29:1 29:3 29:15 30:7 30:13 30:14 34:12 34:15 35:6 36:3 36:22 37:1 37:4 37:9 39:2 39:7 39:12 40:4 41:16 42:3 42:10 42:14 43:1 43:2 43:24 44:2 46:6 46:8 46:18 46:23 47:1 47:1 47:13 47:23 48:12 48:13 49:8 50:1 50:2 50:4

**within**(5) 9:8 25:12 25:13 29:19 37:3

**without**(7) 8:4 9:15 19:6 19:7 31:17 35:6 35:22

**witness**(1) 18:19

**wolfe**(8) 2:47 46:3 46:5 46:6 46:10 46:15 47:18 47:20

**woman**(1) 38:10

**won't**(2) 28:14 46:22

**wondering**(1) 33:19

**word**(1) 47:2

**words**(1) 16:11

**work**(4) 22:4 30:7 32:21 39:12

**worked**(1) 24:12

**working**(1) 26:19

**would**(48) 8:23 10:20 14:18 19:4 20:13 20:21 22:13 23:16 24:7 24:21 26:22 27:9 27:13 29:19 30:13 30:20 31:23 32:7 32:20 32:22 33:3 33:14 33:24 36:6 37:3 37:6 37:7 37:8 37:12 37:13 37:19 38:9 41:17 41:18 42:21 43:3 44:10 45:5 45:14 46:3 47:15 49:3 49:14 50:3 50:7 50:13 50:17 51:19

**wouldn't**(6) 20:20 32:20 33:20 36:10 37:3 50:3

**wound**(1) 23:18

**wray**(1) 13:24

**wray's**(1) 14:9

**wrote**(1) 18:9

**www.diazdata.com**(1) 1:50

**yeah**(3) 39:2 44:19 50:8

**year**(2) 16:2 45:12

**years**(6) 8:18 9:13 16:12 20:2 20:4 32:22

**yes**(28) 8:3 8:19 9:2 10:11 15:13 22:10 22:14 26:6 34:11 35:11 38:8 40:24 41:13 42:1 42:9 42:9 42:16 43:23 44:11 45:9 46:14 47:11 48:23 49:13 50:8 51:1 51:9 52:3

**yesterday**(5) 26:21 38:11 38:13 38:15 **yet**(2) 23:5 46:16

**york**(3) 1:41 2:7 2:21

**you**(78) 7:3 7:19 8:7 8:8 8:14 8:24 9:2 9:3 9:24 10:2 10:10 18:11 18:13 19:4 22:11 24:21 26:16 27:16 27:16 27:18 27:20 30:15 31:2 32:3 32:10 33:17 33:17 34:1 34:7 34:8 34:13 34:23 36:19 37:23 37:24 38:3 38:6 38:9 38:17 38:21 39:1 39:23 40:6 40:8 41:18 41:21 42:21 43:4 43:5 43:14 43:15 44:6 44:7 44:24 45:6 45:10 45:23 45:24 45:24 46:2 46:5 47:17 47:18 47:20 47:21 47:24 48:19 49:21 50:1 51:22 51:22 52:5 52:9 52:10 52:10 52:13 52:14 52:15

**you're**(6) 12:2 33:16 33:24 34:1 40:4 50:7

**you've**(1) 34:6

| Word | Page:Line |
|---|---|

**young**(3) 2:4  3:17  27:4
**your**(79) 7:4  7:8  7:19  8:1  8:4  8:8  8:10
8:13  8:23  9:3  9:24  10:4  10:12  11:10
11:13  12:17  17:20  22:3  22:3  22:6  22:16
22:17  25:9  25:18  26:18  27:1  27:13  27:20
31:23  34:11  36:3  36:11  36:21  37:15  38:3
39:9  40:6  40:16  41:11  41:16  41:16  41:23
42:18  42:20  42:21  42:22  43:8  43:17  43:20
43:21  43:21  44:16  44:20  45:1  45:6  45:21
46:5  46:11  47:1  47:4  47:14  47:18  47:22
48:1  48:6  48:14  48:20  49:1  49:1  49:3
49:14  50:6  50:16  50:21  51:6  51:23  52:5
52:8  52:12