IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------X
                                                      :   Chapter 11
In re                                                 :
                                                      :   Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,¹                        :
                                                      :   Jointly Administered
                         Debtors.                     :
                                                      :   Hearing date: February 22, 2011 at 9:30 AM
                                                      :   (ET) (proposed)
                                                      :   Objections due: February 22, 2010 at 9:30 AM
                                                      :   (ET) (proposed)
                                                      :
------------------------------------------------------X
```

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
SHORTENING NOTICE RELATING TO DEBTORS' MOTION
PURSUANT TO 11 U.S.C. § 105(a) AND § 363(b) FOR ENTRY
OF AN ORDER APPROVING THE AMENDED AND
RESTATED MSS SIDE AGREEMENT AND GRANTING RELATED RELIEF**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors") hereby move this Court (the "Motion") for the entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) shortening notice to allow the *Debtors' Motion Pursuant To 11 U.S.C. § 105(a) And § 363(b) For Entry Of An Order Approving The Amended And Restated*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

*MSS Side Agreement And Granting Related Relief* (the "Approval Motion"),[2] filed contemporaneously herewith, to be considered on an expedited basis; (ii) setting February 22, 2011 at 9:30 AM (Eastern Time) as the deadline to file objections to the Approval Motion (the "Objection Deadline"); and (iii) scheduling a hearing on the Approval Motion for the omnibus hearing currently scheduled for February 22, 2011 at 9:30 AM (Eastern Time) (the "Hearing"). In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 102(1) and 105(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e).

### Background

3. On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc.,[3] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only. The Debtors continue to operate their remaining businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in

---

[2]   Capitalized terms used but not defined herein have the meanings ascribed to them in the Approval Motion.

[3]   Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

2

respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5. On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[4] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court. Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[5] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators"). Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6. On June 19, 2009, Nortel announced that it was advancing in discussions with external parties to sell its businesses and that it would assess other restructuring alternatives for its businesses in the event that it was unable to maximize value through sales. Since then, Nortel has sold many of its business units and assets to various purchasers. Efforts continue to be made

---

[4] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[5] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

with respect to the realization of value from Nortel's remaining assets. For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

## Relief Requested

7. By this Motion, the Debtors seek an order (i) shortening the notice period for the Approval Motion to allow it to be considered on an expedited basis; (ii) setting February 22, 2011 at 9:30 AM (Eastern Time) as the Objection Deadline; and (iii) scheduling the Hearing on the Approval Motion for February 22, 2011 at 9:30 AM (Eastern Time).

## Facts Relevant to this Motion

**A.    The Interim Funding and Settlement Agreement**

8. On June 9, 2009, the Debtors, the Canadian Debtors, the EMEA Debtors and the Joint Administrators entered into an Interim Funding and Settlement Agreement (the "IFSA")[6] governing certain intercompany matters, including the obligations of the parties to the IFSA to (a) negotiate in good faith and attempt to reach agreement on a timely basis on a protocol (the "Interim Sales Protocol") for resolving disputes concerning the allocation of Sale Proceeds (as defined in the IFSA) from Sale Transactions (as defined in the IFSA), which Interim Sales Protocol shall provide binding procedures for the allocation of Sale Proceeds where the relevant parties in any such Sale Transaction have been unable to reach agreement regarding such allocation, and (b) following entry into any Sale Transaction, negotiate in good faith and on a timely basis to attempt to reach agreement regarding the allocation of the Sale Proceeds from such Sale Transaction within a reasonable period of time or as may be otherwise provided in the

---

[6] The summaries and descriptions of the terms and conditions of the IFSA set forth in the Motion are intended solely for informational purposes to provide the Court and parties in interest with an overview of significant terms thereof and should only be relied upon as such. The summaries and descriptions are qualified in their entirety by the IFSA. In the event there is a conflict between the Motion and the IFSA, the IFSA shall control in all respects.

4

Interim Sales Protocol (failing which the Interim Sales Protocol shall apply to determine the allocation of the relevant Sale Proceeds). On June 29, 2009, this Court entered an Order (A) Approving the Interim Funding and Settlement Agreement, and (B) Granting Related Relief [D.I. 993].

**B.     Sale of Nortel's MSS Business**

9.      Nortel's Multi-Service Switch business (the "MSS Business") provides data networking infrastructure solutions to telecom service providers and large enterprise customers throughout the world. These solutions allow customers to integrate a variety of data, voice and video applications onto a single network and connect users in multiple locations securely, efficiently and seamlessly over a wide area network. In addition, the MSS Business supports former Nortel business units sold in prior Nortel asset sales with hardware, software and services. The MSS Business sells its base platform to former Nortel business units, which add hardware and software to drive product development for both the wireless and wireline markets.

10.     On August 26, 2010, the Sellers and certain of their affiliates entered into an Asset Sale Agreement (the "Stalking Horse NA Agreement") for the sale of certain assets relating to the MSS Business by and among the Sellers, certain of their affiliates and PSP Holding LLC ("PSP", and together with, and including, any Designated Purchaser (as defined in the Stalking Horse NA Agreement), the "Stalking Horse"). On August 26, 2010, the EMEA Sellers, the Joint Administrators and the Joint Israeli Administrators entered into a parallel asset sale agreement with the Stalking Horse relating to certain assets of the MSS Business owned by the EMEA Sellers and NNSA (the "Stalking Horse EMEA Agreement" and, together with the Stalking Horse NA Agreement, the "Stalking Horse Agreements").

11. On September 1, 2010, this Court entered an order approving, among other things, bidding procedures to govern the sale of the MSS Business [D.I. 3855] (the "Bidding Procedures Order").

12. At the conclusion of the Auction (as defined in the Bidding Procedures Order), which was held on September 24, 2010, Telefonaktiebolaget LM Ericsson (publ) (collectively with its designated affiliates, "Ericsson" or the "Purchaser") was designated the Successful Bidder (as defined in the Bidding Procedures Order).

13. Following the conclusion of the Auction, on September 24, 2010, the Sellers and certain of their affiliates entered into an Asset Sale Agreement with the Purchaser (the "North American Agreement") for the for the sale of certain assets relating to the MSS Business and the EMEA Sellers, the Joint Administrators, the Joint Israeli Administrators and NNSA entered into Asset Sale Agreement with the Purchaser relating to the sale of certain assets of the MSS Business owned by the EMEA Sellers (the "EMEA Agreement," and together with the North American Agreement, the "Sale Agreements").

14. On September 30, 2010, this Court and the Canadian Court approved the sale of assets related to the MSS Business pursuant to the North American Agreement to the Purchaser (this Court's order approving such sale, [D.I. 4054], the "Sale Order").

C.  **The Amended Side Agreement**

15. In connection with the entry into the Stalking Horse Agreements, the Parties negotiated and entered into that certain MSS Side Agreement, dated August 26, 2010 (the "MSS Side Agreement"), which was approved by this Court pursuant to the Bidding Procedures Order. When this Court approved the MSS Side Agreement, it authorized the filing of certain portions of the MSS Side Agreement under seal. See Bidding Procedures Order at ¶ L and ¶ 12. The

Parties later amended the MSS Side Agreement and filed the amended MSS Side Agreement with this Court [D.I. 3979] on September 20, 2010 and further amended the MSS Side Agreement on January 6, 2011. To address certain additional issues among the Selling Parties raised by their entry into the Sale Agreements, the Parties further negotiated and have agreed to amend and restate the MSS Side Agreement. The result of these negotiations, the Amended and Restated Side Agreement, is substantially in the form attached to the Approval Motion as <u>Exhibit B</u>.

## Basis for Relief

16.    Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). As set forth below, shortening notice is justified here.

17.    The Debtors respectfully submit that shortened notice is appropriate in this instance because court approval and authorization to enter into the Amended Side Agreement is a complementary and necessary step to finalize the larger sale process of certain assets relating to the MSS Business to the Purchaser and the closing of the sale is currently forecasted to occur prior to the Debtors' omnibus hearing currently scheduled for March 9, 2011. The Amended Side Agreement is a significant agreement among the Sellers and it must be in place prior to the Closing. The Canadian Debtors intend to seek approval of the Amended Side Agreement separately in the Canadian Court. For these reasons, the Debtors believe that a hearing on the Approval Motion on shortened notice is in the best interests of the Debtors' estates and creditors.

18.    The parties to the Amended Side Agreement and those entities most likely to object to the relief sought in this Motion and the Approval Motion have been extensively

involved in the negotiation of the Amended Side Agreement and accordingly will have ample time to object to the Approval Motion on the timeline proposed herein.

19.     For these reasons, the Debtors respectfully submit that allowing the Approval Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

## Notice

20.     Notice of the Motion is being given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) counsel to the Purchaser; (ii) U.S. Trustee; (ii) Monitor; (iii) counsel to the Committee; (iv) counsel to the Bondholder Group; (v) counsel to the Joint Administrators; (vi) counsel to the Joint Israeli Administrators; and (vii) general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

21.     No prior request for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: February 17, 2011
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (*admitted pro hac vice*)
Lisa M. Schweitzer (*admitted pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

   /s/ Ann C. Cordo
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*

4097806

9