# EXHIBIT 1

## STIPULATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
                Debtors. : Jointly Administered
:
: **Re: D.I.'s 4689, 4730, 4748**
:
-------------------------------------------------------------X

## STIPULATION RESOLVING DEBTOR NORTEL NETWORKS INC.'S MOTION TO ENFORCE THE AUTOMATIC STAY AGAINST AUTOMOTIVE RENTALS, INC.

WHEREAS, Northern Telecom Inc. (as predecessor to Nortel Networks Inc. ("NNI")), and Automotive Rentals, Inc. ("ARI") entered into a Vehicle Lease Agreement, dated as of January 15, 1993, as subsequently amended from time to time (the "Master Lease Agreement"), pursuant to which ARI agreed, on the terms set forth therein, to lease vehicles to Nortel entities worldwide, with specific terms governing each vehicle so leased to be set forth in a separate and distinct individual Motor Vehicle Lease Agreement for such vehicle (each an "MVLA"); and

WHEREAS, on January 14, 2009 (the "Petition Date"), NNI and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

---

[1]     The debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. ("NN CALA")(4226) (collectively, the "Debtors"). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

WHEREAS, on January 15, 2009, this Court entered the Order Enforcing Section 362 of the Bankruptcy Code [D.I. 52], authorizing the Debtors to be afforded the protections of, *inter alia*, sections 362 and 541 of the Bankruptcy Code; and

WHEREAS, on August 4, 2009, the Court entered an order (the "Bar Date Order") [D.I. 1280] establishing September 30, 2009 at 4:00 p.m. (Eastern Time) (the "General Bar Date") as the last date for all creditors holding a "claim" against one or more of the Debtors (other than NN CALA) to file and serve a written proof of claim, subject to certain enumerated exceptions set forth in the Bar Date Order; and

WHEREAS, on September 25, 2009, ARI filed a section 503(b)(9) Request Form against NNI, claiming $74,366.82 for alleged unpaid invoices under the Master Lease Agreement and the MVLAs, $61,850.52 of which was for alleged unpaid invoices for vehicles leased by NNI in the United States, and $12,516.30 of which was for alleged unpaid invoices for vehicles leased in Canada by Canadian Nortel entities, which claim is listed on NNI's claim register as claim number 4669 (the "Administrative Proof of Claim"); and

WHEREAS, on September 28, 2009, ARI filed a proof of claim against NNI, claiming $294,336.23 for alleged unpaid prepetition invoices under the Master Lease Agreement and the MVLAs, $239,974.87 of which was for alleged unpaid invoices for vehicles leased by NNI in the United States, and $54,361.36 of which was for alleged unpaid invoices for vehicles leased in Canada by Canadian Nortel entities, which claim is listed on NNI's claim register as claim number 3936 (the "Proof of Claim"); and

WHEREAS, following the Petition Date, ARI issued a Statement of Account to NNI (a copy of which is attached to this Stipulation as **Exhibit A**, the "Statement of Account"),

reflecting an outstanding balance owed by ARI to NNI under the Master Lease Agreement and MVLAs of $484,699.58, of which $483,030.21 (the "Unpaid Balance") remains unpaid; and

WHEREAS, despite NNI's requests for payment of the Unpaid Balance, ARI has withheld payment of such Unpaid Balance; and

WHEREAS, on October 4, 2010, NNI filed an adversary proceeding (Adv. Proc. No. 10-53167) pursuant to sections 547 and 550 of the Bankruptcy Code, in which it seeks to avoid and recover as preferential transfers $982,080.84 in payments made to ARI in the 90-day period immediately prior to the Petition Date (the "Preference Action"); and

WHEREAS, on January 10, 2011, NNI filed a Motion for Entry of an Order Enforcing the Automatic Stay Against Automotive Rentals, Inc. [D.I. 4689] (the "Motion"), in which it contended, among other things, that the Unpaid Balance was due and owing to NNI; and

WHEREAS, on January 20, 2011, ARI filed its Response and Objection to the Motion, in which it opposed the relief sought in the Motion, and contended, among other things, that the Unpaid Balance was not due and owing to NNI; and

WHEREAS, ARI and NNI (individually a "Party", and collectively, the "Parties") have agreed to resolve the Motion, based on the terms and representations set forth below, subject to approval by this Court.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED THAT:**

1. Within five (5) business days of the date of entry of an Order approving this Stipulation (the "Order Date"), ARI shall:

    (a) pay the full amount of the Unpaid Balance to NNI (the "Payment") by wire transfer to an account designated in writing by NNI;

(b) file an amended Administrative Proof of Claim against NNI reducing the amount claimed to $12,516.30 (the "Reduced Admin. Claim Amount"), all of which shall be for alleged unpaid amounts with respect to vehicles leased in Canada by Canadian Nortel entities (the "Amended Admin. Proof of Claim"); provided, however, that the filing of the Amended Admin. Proof of Claim shall not constitute an admission or concession by any Party regarding the validity or invalidity of the Amended Admin. Proof of Claim, and subject to paragraph 3 hereof, NNI and the other Debtors shall retain all rights and defenses with respect to the Amended Admin. Proof of Claim, including, without limitation, the right to object to the Amended Admin. Proof of Claim on any ground, including, without limitation, the ground that ARI filed it against the wrong party; and

(c) file an Amended Proof of Claim against NNI, reducing the amount claimed to $101,988.12 (the "Reduced Claim Amount"), all of which shall be for alleged unpaid amounts with respect to vehicles leased in Canada by Canadian Nortel entities (the "Amended Proof of Claim"); provided, however, that the filing of the Amended Proof of Claim shall not constitute an admission or concession by any Party regarding the validity or invalidity of the Amended Proof of Claim, and subject to paragraph 3 hereof, NNI and the other Debtors shall retain all rights and defenses with respect to the Amended Proof of Claim, including, without limitation, the right to object to the Amended Proof of Claim on any ground, including, without limitation, the ground that ARI filed it against the wrong party.

2. (a) ARI agrees that, other than (i) the claims for the Reduced Claim Amount and the Reduced Admin. Claim Amount, respectively set forth in the Amended Proof of Claim and the Amended Admin. Proof of Claim, and (ii) any claim asserted pursuant to section 502(h) of the Bankruptcy Code, it will (A) assert no further claim against NNI and shall file no further

proof of claim or further amendment to the Amended Proof of Claim against NNI, with respect to, or that relates in any way to, the Master Lease Agreement, any MVLA, or any vehicle leased by NNI from ARI, and (B) not file, through an amended Admin. Proof of Claim, Amended Proof of Claim or otherwise, any claim with respect to invoices for unpaid amounts relating to vehicles leased in the United States by Nortel entities located in the United States; provided, however, that notwithstanding anything to the contrary in this Stipulation, the Parties agree that ARI does not waive and expressly preserves all rights and defenses with respect to the Preference Action.

(b)     Notwithstanding any other provisions of this Stipulation, NNI waives no rights or claims with respect to the Preference Action. NNI further, without limitation, expressly retains and reserves all rights to oppose ARI's assertion of any and all claims or defenses, in the Preference Action or otherwise, based on invoice nos. B267144, M64546, B26714 (Division 02), B26714 (Division 06), A65316, and M82694, as listed in the Proof of Claim and in Exhibit A hereto, on all grounds, including, without limitation, the ground that ARI has already received credit for the amount of such invoices in connection with the calculation of the amount of the Unpaid Balance; ARI retains all rights to challenge such opposition.

3.     (a)     ARI agrees that if, within forty-five (45) days of the Order Date, it fails to provide proof satisfactory to NNI to demonstrate that NNI is the proper party against which to have filed the Amended Proof of Claim, it shall promptly withdraw with prejudice the Amended Proof of Claim and Amended Admin. Proof of Claim; and

(b)     Subject to (i) NNI's timely receipt of the Payment and (ii) ARI's timely withdrawal with prejudice of the Amended Admin. Proof of Claim and the Amended Proof of Claim, if, within forty-five (45) days of the Order Date, ARI provides proof satisfactory to the Debtors to demonstrate that one of the Debtors other than NNI is the proper party against which

to file a proof of claim for the Reduced Claim Amount or Reduced Admin. Claim Amount, then the Debtors will not object to ARI filing a proof of claim for the Reduced Claim Amount or Reduced Admin. Claim Amount against such Debtor solely on the ground that such proof of claim is being filed subsequent to the General Bar Date; provided, however, that the Debtors shall retain all other rights and defenses with respect to such filing and such proof of claim.

4.   The following shall become effective upon ARI's timely completion of its obligations under paragraph 1 hereof, and NNI's receipt of the Payment:

(i)   The Motion shall be deemed withdrawn, and within five (5) business days thereafter, NNI shall file a notice of such withdrawal with this Court;

(ii)   (a)   Except as set forth in paragraph 4(ii)(b) below, ARI releases and forever discharges NNI, its past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "NNI Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that ARI had, may have had, now has, or hereafter may have against any of the NNI Releasees, arising under, regarding, or in connection with the Master Lease Agreement or the MVLAs, or regarding or in connection with any vehicle leased by the Debtors from ARI;

(b)   Notwithstanding anything to the contrary in paragraph 4(ii)(a) above, ARI does not release (A) claims for the Reduced Claim Amount; (B) claims pursuant to section 502(h) of the Bankruptcy Code; (C) any defense to the Preference

Action; (D) any claim to enforce NNI's obligations under this Stipulation; or (E) any claim against NNI that is based on any indemnification provision under the Master Lease Agreement or the MVLAs and is not barred by the General Bar Date or any other applicable Bar Date; provided, however, that NNI reserves and retains all rights and defenses with respect to any such claims;

 (iii) (a) Except as set forth in paragraph 4(iii)(b) below, NNI releases and forever discharges ARI, its past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "<u>ARI Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that NNI had, may have had, now has, or hereafter may have against any of the ARI Releasees, arising under, regarding, or in connection with the Master Lease Agreement or the MVLAs, or regarding or in connection with any vehicle leased by the Debtors from ARI; and

 (b) Notwithstanding anything to the contrary in paragraph 4(iii)(a) above, NNI does not release or discharge ARI from, or with respect to, (A) claims asserted in the Preference Action; (B) defenses to claims pursuant to section 502(h) of the Bankruptcy Code, (C) its obligations under this Stipulation, or (D) any claim against ARI that is based on any indemnification provision under the Master Lease Agreement or the MVLAs; provided, however, that ARI reserves and retains all rights and defenses with respect to any such claims.

5. Notwithstanding anything to the contrary in this Stipulation, the Debtors shall retain all rights and defenses with respect to any proof of claim filed against the Debtors by ARI, including but not limited to the right to object to any such proof of claim on any ground, except as provided in paragraph 3(b) hereof.

6. The Parties agree that this Court shall have exclusive jurisdiction over all matters involving or relating to the interpretation, implementation, and enforcement of this Stipulation and any disputes arising in connection therewith.

7. The Parties represent and warrant to each other that the signatories to this Stipulation on their respective behalves have full power and authority to enter into it.

8. ARI represents that it has not sold, assigned or otherwise transferred to a third party the Proof of Claim, any of the claims asserted therein, or any of the claims ARI is releasing pursuant to this Stipulation.

9. This Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' Chapter 11 cases or any Chapter 7 cases to which these Chapter 11 cases may be converted.

10. This Stipulation contains the entire understanding between the Parties with respect to the matters addressed herein, and all prior discussions among the Parties concerning such matters are merged herein. There are no representations, warranties, covenants, promises, or undertakings except those expressly set forth herein.

11. Counsel for the Parties may execute this Stipulation in counterparts, and all executed counterparts shall collectively be deemed to be one and the same instrument.

Dated: February 16, 2011

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Deborah M. Buell (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Neil P. Forrest (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS NICHOLS ARSHT & TUNNELL LLP

_____
Donna L. Culver (No. 2983)
Derek C. Abbott (No. 3376)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*


ARCHER & GREINER, A Professional Corporation

_____
John V. Fiorella (DE No. 4330)
Jennifer L. Story (DE No. 4918)
300 Delaware Avenue, Suite 1370
Wilmington, DE 19801
Telephone: (302) 777-4350
Facsimile: (302) 777-4352

*Attorneys for Automotive Rentals, Inc.*

# EXHIBIT A

Statement of Account

| Prepared by: R.E. Moyer | Nortel Networks Inc.<br>Lessee # 0454<br>Statement of Account | CH-11, Filed, 1/14/2009<br>Case No.: 09-10138-KG<br>District of Delaware |
|---|---|---|

| Lessee | Division | Date | Invoice No. | Due Date | Original Amt. | Amount Due | Pre-Petition | Post-Petition |
|---|---|---|---|---|---|---|---|---|
| 0454 | 01 | 2/2/2009 | A65316 | 2/12/2009 | 66.25 | 66.25 | 66.25 | 0.00 |
| 0454 | 01 | 6/16/2009 | A66037 | 6/26/2009 | 768.11 | 768.11 | 768.11 | 0.00 |
| 0454 | 01 | 7/24/2009 | A66227 | 8/3/2009 | 50.00 | 50.00 | 50.00 | 0.00 |
| 0454 | 01 | 8/28/2009 | A66336 | 9/7/2009 | (138.47) | (138.47) | (138.47) | 0.00 |
| 0454 | 01 | 9/18/2009 | A66418 | 9/28/2009 | 149.44 | 149.44 | 149.44 | 0.00 |
| 0454 | 01 | 9/23/2009 | A66461 | 10/3/2009 | 796.82 | 796.82 | 796.82 | 0.00 |
| 0454 | 01 | 12/31/2009 | A67107 | 1/10/2010 | 438.30 | 438.30 | 438.30 | 0.00 |
| 0454 | 01 | 1/8/2010 | A67135 | 1/18/2010 | (1,034.21) | (1,034.21) | (1,034.21) | 0.00 |
| 0454 | 01 | 4/7/2010 | A67519 | 4/17/2010 | 151.25 | 151.25 | 151.25 | 0.00 |
| 0454 | 01 | 5/1/2009 | T30714 | 5/15/2009 | 30.00 | 30.00 | 30.00 | 0.00 |
| 0454 | 01 | 10/1/2009 | T30752 | 10/15/2009 | 15.20 | 15.20 | 15.20 | 0.00 |
| 0454 | 01 | 12/25/2008 | B26714 | 1/31/2009 | 237,715.44 | 107,355.36 | 107,355.36 | 130,360.08 |
| 0454 | 01 | 12/26/2008 | M64546 | 1/31/2009 | 104,639.48 | 104,639.48 | 104,639.48 | 0.00 |
| 0454 | 02 | 12/25/2008 | B26714 | 1/31/2009 | 2,637.00 | 189.62 | 189.62 | 2,447.38 |
| 0454 | 06 | 12/25/2008 | B26714 | 1/31/2009 | 911.68 | 411.73 | 411.73 | 499.95 |
| 0454 | 01 | 1/27/2009 | M82694 | 2/28/2009 | 57,522.59 | 26,311.15 | 26,311.15 | 31,211.44 |
| 0454 | 01 | 2/26/2009 | M01362 | 3/31/2009 | 115,521.83 | (10,022.76) | (10,022.76) | 125,544.59 |
| 0454 | 01 | 3/27/2009 | M19771 | 4/30/2009 | 79,152.64 | (41,074.00) | (41,074.00) | 120,226.64 |
| 0454 | 01 | 4/27/2009 | M38619 | 5/31/2009 | (699.34) | (109,227.80) | (109,227.80) | 108,528.46 |
| 0454 | 01 | 5/26/2009 | M57246 | 6/30/2009 | 68,189.99 | (52,013.99) | (52,013.99) | 120,203.98 |
| 0454 | 01 | 6/27/2009 | M76117 | 7/31/2009 | 142,569.66 | (17,964.88) | (17,964.88) | 160,534.54 |
| 0454 | 01 | 7/27/2009 | M95201 | 8/31/2009 | 108,049.94 | (9,760.28) | (9,760.28) | 117,810.22 |
| 0454 | 01 | 9/27/2009 | M32694 | 11/5/2009 | 30,381.25 | (91,560.13) | (91,560.13) | 121,941.38 |
| 0454 | 01 | 10/27/2009 | M52011 | 11/30/2009 | 23,364.68 | (90,012.28) | (90,012.28) | 113,376.96 |
| 0454 | 01 | 11/27/2009 | M70503 | 12/31/2009 | 95,832.07 | (25,576.42) | (25,576.42) | 121,408.49 |
| 0454 | 01 | 12/24/2009 | B11667 | 1/31/2010 | (88,100.48) | 0.00 | | (88,100.48) |
| 0454 | 01 | 12/26/2009 | M88635 | 1/31/2010 | (77,355.60) | (112,408.28) | (112,408.28) | 35,052.68 |
| 0454 | 01 | 1/27/2010 | M07054 | 2/28/2010 | 72,560.89 | 0.00 | 56,367.73 | 16,193.16 |
| 0454 | 01 | 3/27/2010 | M43354 | 4/30/2010 | (1,934.97) | (15,421.40) | (15,421.40) | 13,486.43 |
| 0454 | 01 | 4/27/2010 | M62215 | 5/31/2010 | (34,085.54) | (41,866.89) | (41,866.89) | 7,781.35 |
| 0454 | 01 | 5/26/2010 | M80844 | 6/30/2010 | 949.97 | (2,721.38) | (2,721.38) | 3,671.35 |
| 0454 | 01 | 6/26/2010 | B89077 | 7/31/2010 | (5,503.52) | (5,503.52) | | (5,503.52) |
| 0454 | 01 | 6/26/2010 | M99695 | 7/31/2010 | (40,573.73) | (40,573.73) | | (40,573.73) |
| 0454 | 02 | 6/26/2010 | B89077 | 7/31/2010 | (18.85) | (18.85) | | (18.85) |
| 0454 | 50 | 12/26/2009 | M83767 | 2/7/2010 | (580.27) | (580.27) | | (580.27) |
| 0454 | 50 | 2/24/2010 | M20509 | 4/9/2010 | (8,573.21) | (8,573.21) | | (8,573.21) |
| 0454 | 50 | 4/27/2010 | M57661 | 5/31/2010 | (4,746.03) | (4,746.03) | | (4,746.03) |
| 0454 | 50 | 5/26/2010 | M76386 | 6/30/2010 | 2,234.01 | 2,234.01 | | 2,234.01 |
| 0454 | 50 | 6/26/2010 | M94990 | 7/31/2010 | (4,922.99) | (4,922.99) | | (4,922.99) |
| 0454 | 01 | 2/24/2010 | M25206 | 3/31/2010 | 27,728.07 | 0.00 | 14,754.90 | 12,973.17 |
| 0454 | 01 | 8/27/2009 | M14133 | 9/30/2009 | 105,564.19 | (35,137.83) | (35,137.83) | 140,702.02 |
| 0454 | 01 | 7/24/2010 | B01202 | 8/31/2010 | (18.85) | (18.85) | | (18.85) |
| 0454 | 01 | 7/27/2010 | M14133 | 8/31/2010 | (7,427.85) | (7,427.85) | (11,803.80) | 4,375.95 |
| | | | | | 1,002,276.84 | (484,699.58) | (355,249.46) | 1,357,526.30 |

✳


f/n: C:\Data\Nortel-0454-STMT
tab: STMT 07 26 10 (MOD-3)     Page 1 of 1     8/9/2010

Prepared by: R.E. Moyer

**Nortel Networks Inc.**
**Lessee # 7A50 Canada**
**Statement of Account**

CH-11, Filed, 1/14/2009
Case No.: 09-10138-KG
District of Delaware

| Lessee | Division | Date | Invoice No. | Due Date | Amount | Amount Due | Pre-Petition | Post Petition |
|---|---|---|---|---|---|---|---|---|
| 7A50 | 01 | 12/25/2008 | B27340 | 1/31/2009 | 39,578.57 | 17,874.19 | 17,874.19 | 21,704.38 |
| 7A50 | 01 | 12/26/2008 | M61681 | 1/31/2009 | 31,293.34 | 31,293.34 | 31,293.34 | 0.00 |
| 7A50 | 01 | 1/27/2009 | M79907 | 2/28/2009 | 47,709.53 | 36,514.27 | 36,514.27 | 11,195.26 |
| 7A50 | 01 | 2/26/2009 | M97419 | 3/31/2009 | 23,002.16 | (2,658.12) | (2,658.12) | 25,660.28 |
| 7A50 | 01 | 3/27/2009 | M15819 | 4/30/2009 | 29,485.55 | (1,653.97) | (1,653.97) | 31,139.52 |
| 7A50 | 01 | 4/27/2009 | M34798 | 5/31/2009 | 9,567.07 | (4.70) | (4.70) | 9,571.77 |
| 7A50 | 01 | 5/26/2009 | M53322 | 6/30/2009 | 28,560.38 | 0.00 | 0.00 | 28,560.38 |
| 7A50 | 01 | 6/27/2009 | M72199 | 7/31/2009 | 34,333.01 | 1,161.20 | 1,161.20 | 33,171.81 |
| 7A50 | 01 | 7/27/2009 | M90940 | 8/31/2009 | 28,052.38 | 0.00 | 0.00 | 28,052.38 |
| 7A50 | 01 | 8/26/2009 | B52873 | 9/30/2009 | 40,726.73 | 0.00 | 0.00 | 40,726.73 |
| 7A50 | 01 | 8/27/2009 | M09655 | 9/30/2009 | 17,229.35 | (12,122.88) | (12,122.88) | 29,352.23 |
| 7A50 | 01 | 10/29/2009 | M28385 | 10/31/2009 | 27,022.39 | (5,113.37) | (5,113.37) | 32,135.76 |
| 7A50 | 01 | 10/27/2009 | M47561 | 11/30/2009 | 5,757.03 | (10,071.88) | (10,071.88) | 15,828.91 |
| 7A50 | 01 | 11/27/2009 | M66966 | 12/31/2009 | 35,269.02 | (3,142.31) | (3,142.31) | 38,411.33 |
| 7A50 | 01 | 12/24/2009 | B12420 | 1/31/2010 | (11,672.50) | (11,672.50) | 0.00 | (11,672.50) |
| 7A50 | 01 | 12/26/2009 | M85043 | 1/31/2010 | 73,649.12 | 68,934.83 | 57,262.33 | 16,386.79 |
| 7A50 | 01 | 1/27/2010 | M03556 | 2/28/2010 | 25,519.21 | 0.00 | 17,843.42 | 7,675.79 |
| 7A50 | 01 | 2/24/2010 | M21767 | 3/31/2010 | 9,523.06 | 0.00 | 4,461.24 | 5,061.82 |
| 7A50 | 01 | 3/27/2010 | M39919 | 4/30/2010 | 6,980.47 | 2,128.12 | 2,128.12 | 4,852.35 |
| **7A50** | **01** | **3/27/2010** | **M39919** | **4/30/2010** | **(745.55)** | **(745.55)** | **(745.55)** | **0.00** |
| 7A50 | 01 | 4/27/2010 | M58867 | 5/31/2010 | 7,232.67 | 2,968.04 | 2,968.04 | 4,264.63 |
| 7A50 | 01 | 5/26/2010 | M77474 | 6/30/2010 | 2,040.60 | 0.00 | 0.00 | 2,040.60 |
| 7A50 | 01 | 6/26/2010 | B90181 | 7/31/2010 | (2,021.63) | (2,021.63) | 0.00 | (2,021.63) |
| 7A50 | 01 | 6/26/2010 | M96195 | 7/31/2010 | (12,123.90) | (12,123.90) | (12,569.56) | 445.66 |
| 7A50 | 01 | 7/27/2010 | M15661 | 8/31/2010 | 598.94 | 598.94 | 0.00 | 598.94 |
| | | | **Total A/R Balance** | | | **100,142.12** | **127,181.52** | **373,143.19** |

Invoice M39919 Credit for Late Payment Interest Charge ✻