IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re* <br><br> Nortel Networks, Inc., *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 09-10138 (KG) <br><br> Jointly Administered <br><br> **Re: Docket No. 4842** |

### CLAIMANT RITZ-CARLTON HOTEL COMPANY, LLC'S RESPONSE TO OBJECTION TO ITS CLAIM

Claimant Ritz-Carlton Hotel Company, LLC, doing business as The Ritz Carlton New York Battery Park ("Claimant," or the "Hotel"), pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1, and in response to Debtor's Eighteenth Omnibus Objection (Substantive) to Certain Claims, submits the following.

1. Claimant filed its Proof of Claim in this action against Nortel Networks, Inc. on August 6, 2010. The Proof of Claim is attached hereto as Exhibit A.

2. The Hotel's claim is based upon an event held at the Hotel by Nortel Networks, Inc. ("Nortel," or "Debtor") October 27-31, 2008. (Declaration of Gautam Lamba, ¶3, Exhibit B hereto).

3. The October 2008 event was held pursuant to a contract executed June 27, 2008. (Lamba Decl., ¶4, Exh. B) The contract, which was also attached to the Hotel's Proof of Claim, is attached hereto as Exhibit C.

4. Page One of the contract states: "The following represents an agreement between The Ritz-Carlton New York Battery Park, Two West Street, New York, NY 10004 ('Hotel') and

1

Carlson Marketing Canada Ltd., acting agent for Nortel Networks Inc. ('Client'), and outlines specific conditions and services to be provided." (Exh. C, p. 1)

5. The contract was signed by the agent for Nortel under the following: "Approved and authorized by Carlson Marketing Canada, Ltd., acting agent for Nortel Networks, Inc." (Exh. C, p. 8). An attachment to the contract was signed by the agent for Nortel under the following: "Nortel Networks, Inc., as Carlson Marketing Canada, Ltd." (Exh. C, p. 21)

6. At the conclusion of the Nortel event in October 2008, the amount owed by Nortel to the Hotel for services and facilities provided was $61,064.47. (Lamba Decl., ¶5, Exh. B) An invoice in this amount was sent by the Hotel to Nortel's agent, Carlson Marketing Canada, Ltd. (Lamba Decl., ¶6) The invoice, which was also attached to the Hotel's Proof of Claim, is attached hereto as Exhibit D.

7. On February 11, 2009, the Hotel received an email from Carlson Marketing Canada Ltd.'s manager of accounts receivable in regard to the invoice for the October 2008 event. (Lamba Decl., ¶7, Exh. B) The email states: "As you know, on January 14, 2009 Nortel Networks Corp. Filed for ... bankruptcy protection. Carlson has not receive any funds from Nortel for the operation of this [October 2008] program; thusly Carlson Marketing Canada Inc. is not liable to pay invoice [for the October 2008 event] to Ritz-Carlton. In order to receive funds, Ritz-Carlton must file a claim with the [bankruptcy] trustee." The February 11, 2009 email from Carlson Marketing Canada Ltd. is attached hereto as Exhibit E.

8. On February 4, 2011, Debtor filed its Eighteenth Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. §502, Fed. Bankr. P. 3007, and Del. L.R. 3007-1. On Exhibit A of this pleading, listing alleged "No Liability Claims," Debtor lists the

claim filed by the Hotel, Claim No. 1647, for $61,064.47.

9.  Under the column "Reason for Disallowance" on the Hotel's claim, Debtor states as follows: "Claim asserts amounts that are due to claimant by a third party agency which is not a Debtor in these chapter 11 cases. Further this claim is redundant of claim #1359 by that third party for the same underlying liabilities."  Page 1 of Debtor's Exhibit A "No Liability Claims" is attached hereto as Exhibit F.

10.  As the contract demonstrates, Debtor Nortel is identified as the "Client" for the October 2008 event, with third party Carlson Marketing Canada, Ltd. acting only as the agent for Nortel.

11.  Debtor Nortel – not its agent, Carlson Marketing Canada, Ltd. – utilized the facilities and services of the Hotel during its October 2008 event, resulting in charges of $61,064.47. (Lamba Decl., ¶8, Exh. B)

12.  For these reasons, the Hotel claimant asserts a claim which is due to it from Debtor Nortel, *not* its third party agent.

13.  In addition, the Proof of Claim filed by Carlson Marketing Canada Ltd. on June 15, 2009  (Claim No. 1359) lists a Statement of Account against Debtor of $617,237.04.  None of the amounts listed by Carlson Marketing Canada Ltd. is the $61,064.47 sought by the Hotel. Therefore the Hotel's claim is *not* redundant to the Carlson Marketing Canada Ltd. claim.  The Proof of Claim filed by Carlson Marketing Canada Ltd. is attached hereto as Exhibit G.

14.  Because the Hotel's claim is against Debtor Nortel for facilities used and services provided, and because the Hotel's claim is not redundant to the claim filed by Carlson Marketing Canada Ltd., the Hotel's claim cannot be expunged as requested by Debtor.

Dated: February 23, 2011
       Wilmington, Delaware

CROSS & SIMON, LLC

By: /s/ Kevin S. Mann
Kevin S. Mann (No. 4576)
913 Market Street, 11th Floor
P.O. Box 1380
Wilmington, DE 19899-1380
(302) 777-4200
Fax (302) 777-4224
kmann@crosslaw.com

*Attorney for Claimant Ritz-Carlton Hotel Co., LLC*