**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
                                                         :
                                                         :    Chapter 11
In re                                                    :
                                                         :    Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                       :
                                                         :    Jointly Administered
                    Debtors.                             :
                                                         :    RE: D.I. _____
                                                         :
---------------------------------------------------------X

**ORDER APPROVING DEBTORS' MOTION FOR ENTRY OF AN ORDER
PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND FED. R.
BANKR. P. 9019 APPROVING SETTLEMENT AGREEMENT**

Upon the motion dated February 23, 2011 (the "Motion"),[2] of Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing NNI to enter into that certain Settlement and Inventory Agreement dated February 23, 2011 (the "Settlement and Inventory Agreement") by and among NNI, Nortel Networks Limited, Nortel Networks UK Ltd., Telefonaktiebolaget LM Ericsson (publ) and Jabil Circuit, Inc. and granting such other and further relief as the Court deems just and proper; and adequate notice of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Settlement and Inventory Agreement is approved in its entirety.

3. The Debtors are authorized, but not directed, pursuant to sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019, to take any and all action that may be reasonably necessary or appropriate to perform their obligations arising under the Settlement and Inventory Agreement.

4. The failure to specifically describe or include any particular provision of the Settlement and Inventory Agreement in this Order shall not diminish or impair the effectiveness of such a provision, it being the intent of this Court that the Settlement and Inventory Agreement be approved in its entirety.

5. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or

realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

      6.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2011
      Wilmington, Delaware

                                            _____
                                            THE HONORABLE KEVIN GROSS
                                            UNITED STATES BANKRUPTCY JUDGE