IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
:
:
---------------------------------------------------------X

### DEBTORS' MOTION FOR ENTRY OF AN ORDER SHORTENING NOTICE RELATING TO DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND FED. R. BANKR. P. 9019 APPROVING SETTLEMENT AGREEMENT

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors") hereby move this Court (the "Motion") for the entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) shortening notice to allow the *Debtors' Motion For Entry Of An Order Pursuant To 11 U.S.C. §§ 105 And 363 And Fed. R. Bankr. P. 9019 Approving Settlement Agreement* (the "Approval Motion"),[2] filed contemporaneously herewith, to be

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Approval Motion.

considered on an expedited basis; (ii) setting March 3, 2011 at 4:00PM (Eastern Time) as the deadline to file objections to the Approval Motion (the "Objection Deadline"); and (iii) scheduling a hearing on the Approval Motion for the omnibus hearing currently scheduled for March 9, 2011 at 9:30 AM (Eastern Time) (the "Hearing"). In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 102(1) and 105(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e).

## Background

3. On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc.,[3] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only. The Debtors continue to operate their remaining businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

---

[3] Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

2

5. On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[4] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court. Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[5] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators"). Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6. On June 19, 2009, Nortel announced that it was advancing in discussions with external parties to sell its businesses and that it would assess other restructuring alternatives for its businesses in the event that it was unable to maximize value through sales. Since then, Nortel has sold many of its business units and assets to various purchasers. Efforts continue to be made with respect to the realization of value from Nortel's remaining assets. For further information

---

[4] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[5] The EMEA Debtors include the following entities: Nortel Networks UK Limited ("NNUK"), Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

3

regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

### Relief Requested

7.  By this Motion, the Debtors seek an order (i) shortening the notice period for the Approval Motion to allow it to be considered on an expedited basis; (ii) setting March 3, 2011 at 4:00 PM (Eastern Time) as the Objection Deadline; and (iii) scheduling the Hearing on the Approval Motion for March 9, 2011 at 9:30 AM (Eastern Time).

### Facts Relevant to this Motion

8.  Jabil Circuit, Inc. ("Jabil") is the primary supplier of certain circuit boards, which are used in Nortel's Multi-Service Switch business (the "MSS Business"), and in turn incorporated into other products that both are supplied to other business lines previously owned by Nortel and sold directly to the market.

9.  On March 3, 2010, this Court entered an *Order Approving Certain Agreements And Settlements* [D.I. 2620] (the "Initial Jabil Order") authorizing NNI to enter into that certain Inventory Security Deposit Agreement dated February 5, 2010 (the "ISDA"), by and among NNI, NNL, NNUK and Jabil, a related escrow agreement and a related side agreement between NNI, NNL and NNUK. The Initial Jabil Order also authorized the Debtors to take any and all actions reasonably necessary or appropriate to perform their obligations arising under the ISDA and the related agreements.

10. On September 24, 2010, NNI, certain of its affiliates and Telefonaktiebolaget LM Ericsson (publ) ("Ericsson") entered into that certain Asset Sale Agreement (the "Sale Agreement"), which was approved by this Court on September 30, 2010, in the *Order Authorizing And Approving (A) The Sale Of Certain Assets Of Debtors' Multi-Service Switch (Formerly Known As 'Passport') Business Free And Clear Of All Liens, Claims And*

*Encumbrances And (B) The Assumption And Assignment Of Certain Executory Contracts* [D.I. 4054].

11. After extensive and lengthy negotiations regarding the transition of Jabil's supplier relationship from Nortel to Ericsson and the wind-down of Nortel's relationship with Jabil, on February 23, 2011, NNI, NNL, NNUK, Ericsson and Jabil entered into that certain Settlement and Inventory Agreement attached to the Approval Motion as Exhibit B (the "Settlement and Inventory Agreement"). The Settlement and Inventory Agreement memorializes certain agreements between the parties contemplated by section 2.1.7(d) of the Sale Agreement and the Contract Manufacturing Inventory Agreements Term Sheet referenced in section 5.23 of the Sale Agreement. The Settlement and Inventory Agreement, which remains subject to approval by this Court, provides for the transition of the supply relationship and the resolution of certain pre-petition and post-petition claims that may have accrued under agreements between Nortel and Jabil.

### Basis for Relief

12. Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). As set forth below, shortening notice is justified here.

13. The Debtors respectfully submit that shortened notice is appropriate in this instance because court approval and authorization to enter into the Settlement and Inventory Agreement is a complementary and necessary step to finalize the larger sale process of certain assets relating to the MSS Business to Ericsson, and the closing of the sale is currently forecasted to occur shortly after the Debtors' omnibus hearing on March 9, 2011 and prior to the Debtors' next scheduled omnibus hearing date. The Settlement and Inventory Agreement is a significant

agreement among NNI, NNL, NNUK, Ericsson and Jabil and it would be beneficial to all parties for it to be in place prior to the closing. For these reasons, the Debtors believe that a hearing on the Approval Motion on shortened notice is in the best interests of the Debtors' estates and creditors.

14. The parties to the Settlement and Inventory Agreement and those entities most likely to object to the relief sought in this Motion and the Approval Motion have each been involved in the negotiation of the Settlement and Inventory and accordingly will have ample time to object to the Approval Motion on the timeline proposed herein.

15. For these reasons, the Debtors respectfully submit that allowing the Approval Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

## Notice

16. Notice of the Motion has been given via first class mail, facsimile, electronic transmission, hand delivery or overnight mail to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; (iv) counsel to Ericsson; (v) counsel to Jabil; (vi) counsel to NNL; (vii) counsel to NNUK and (viii) the general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

17. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: February 23, 2011
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (*admitted pro hac vice*)
Lisa M. Schweitzer (*admitted pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*