## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
                        :

*In re*                           :

Nortel Networks Inc., *et al.,*[1]      :

              Debtors.        :

                        :
-------------------------------------------------------X

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

## DEBTORS' MOTION FOR ENTRY OF AN ORDER
## SHORTENING NOTICE RELATING TO DEBTORS' MOTION FOR
## ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO FILE
## UNDER SEAL EXHIBIT B TO DEBTORS' MOTION PURSUANT
## TO 11 U.S.C. §§ 105 AND 363 AND FED. R. BANKR. P. 9019
## FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENT

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in

possession, (collectively, the "Debtors") hereby move this Court (the "Motion") for the entry of

an order, substantially in the form attached hereto as Exhibit A, pursuant to sections 102(1) and

105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules

of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules") (i) shortening notice to allow the *Debtors' Motion For Entry Of*

*An Order Authorizing The Debtors To File Under Seal Exhibit B To Debtors' Motion For Entry*

*Of An Order Pursuant To 11 U.S.C. §§ 105 And 363 And Fed. R. Bankr. P. 9019 Approving*

---

[1]       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

*Settlement Agreement* (the "Motion to Seal"),[2] filed contemporaneously herewith, to be

considered on an expedited basis; (ii) setting March 3, 2011 at 4:00 PM (Eastern Time) as the

deadline to file objections to the Motion to Seal (the "Objection Deadline"); and (iii) scheduling

a hearing on the Motion to Seal for the omnibus hearing currently scheduled for March 9, 2011

at 9:30 AM (Eastern Time) (the "Hearing").  In support of this Motion, the Debtors respectfully

represent as follows:

### Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 102(1) and 105(a)

of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e).

### Background

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel

Networks (CALA) Inc.,[3] filed voluntary petitions for relief under chapter 11 of the Bankruptcy

Code, which cases are consolidated for procedural purposes only.  The Debtors continue to

operate their remaining businesses and manage their properties as debtors in possession pursuant

to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The Office of the United States Trustee for the District of Delaware (the "U.S.

Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in

---

[2]      Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion to Seal.

[3]      Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5.      On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[4] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[5] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators").  Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6.      On June 19, 2009, Nortel announced that it was advancing in discussions with external parties to sell its businesses and that it would assess other restructuring alternatives for its businesses in the event that it was unable to maximize value through sales.  Since then, Nortel has sold many of its business units and assets to various purchasers.  Efforts continue to be made

---

[4]      The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[5]      The EMEA Debtors include the following entities:  Nortel Networks UK Limited ("NNUK"), Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

with respect to the realization of value from Nortel's remaining assets. For further information

regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed

by the Debtors and http://dm.epiq11.com/nortel.

## Relief Requested

7.    By this Motion, the Debtors seek an order (i) shortening the notice period for the

Motion to Seal to allow it to be considered on an expedited basis; (ii) setting March 3, 2011 at

4:00 PM (Eastern Time) as the Objection Deadline; and (iii) scheduling the Hearing on the

Motion to Seal for March 9, 2011 at 9:30 AM (Eastern Time).

## Facts Relevant to this Motion

8.    Jabil Circuit, Inc. ("Jabil") is the primary supplier to Nortel of certain circuit

boards, which are used in Nortel's Multi-Service Switch business (the "MSS Business"), and in

turn incorporated into other products that both are supplied to other business lines previously

owned by Nortel and sold directly to the market.

9.    On March 3, 2010, this Court entered an *Order Approving Certain Agreements

And Settlements* [D.I. 2620] (the "Initial Jabil Order") authorizing NNI to enter into that certain

Inventory Security Deposit Agreement dated February 5, 2010 (the "ISDA"), by and among

NNI, NNL, NNUK and Jabil, a related escrow agreement and a related side agreement between

NNI, NNL and NNUK. The Initial Jabil Order also authorized the Debtors to take any and all

actions reasonably necessary or appropriate to perform their obligations arising under the ISDA

and the related agreements.

10.    On March 3, 2010, this Court also entered an *Order Authorizing The Debtors To

File Under Seal Exhibit B To The Debtors' Motion Pursuant To 11 U.S.C. §§ 105 And 363 And

Fed. R. Bankr. P. 9019 For Entry Of An Order Approving Certain Agreements And Settlements*

[D.I. 2621] (the "Initial Sealing Order") authorizing the Debtors to file the ISDA and certain related agreements under seal.

11.    On September 24, 2010, NNI, certain of its affiliates and Telefonaktiebolaget LM Ericsson (publ) ("Ericsson") entered into that certain Asset Sale Agreement dated September 24, 2010 (the "Sale Agreement"), which was approved by this Court on September 30, 2010, in the *Order Authorizing And Approving (A) The Sale Of Certain Assets Of Debtors' Multi-Service Switch (Formerly Known As 'Passport') Business Free And Clear Of All Liens, Claims And Encumbrances And (B) The Assumption And Assignment Of Certain Executory Contracts* [D.I. 4054] (the "Sale Order"). The Sale Order authorized the Debtors to file the disclosure schedules and all exhibits and schedules to the Sale Agreement (the "Schedules") under seal. See Sale Order at ¶¶ CC and 41.

12.    After extensive and lengthy negotiations regarding the transition of Jabil's supplier relationship from Nortel to Ericsson and the wind-down of Nortel's relationship with Jabil, on February 23, 2011,  NNI, NNL, NNUK, Ericsson and Jabil entered into that certain Settlement and Inventory Agreement attached to the Approval Motion as Exhibit B (the "Settlement and Inventory Agreement"). The Settlement and Inventory Agreement memorializes certain agreements between the parties contemplated by section 2.1.7(d) of the Sale Agreement and the Contract Manufacturing Inventory Agreements Term Sheet referenced in section 5.23 of the Sale Agreement. The Settlement and Inventory Agreement, which remains subject to approval by this Court, provides for the transition of the supply relationship and the resolution of certain pre-petition and post-petition claims that may have accrued under agreements between Nortel and Jabil.

**Basis for Relief**

13.    Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).  As set forth below, shortening notice is justified here.

14.    The Debtors respectfully submit that shortened notice is appropriate in this instance because court approval and authorization to enter into the Settlement and Inventory Agreement is a complementary and necessary step to finalize the larger sale process of certain assets relating to the MSS Business to Ericsson, and the closing of the sale is currently forecasted to occur shortly after the Debtors' omnibus hearing on March 9, 2011 and prior to the Debtors' next scheduled omnibus hearing date.  The Settlement and Inventory Agreement is a significant agreement among NNI, NNL, NNUK, Ericsson and Jabil and it would be beneficial to all parties for it to be in place prior to the Closing.

15.    As described more completely in the Motion to Seal, the Settlement and Inventory Agreement contains confidential commercial information concerning the relationship and commercial contract terms between NNI, certain of its affiliates, Ericsson and Jabil, including information that has been filed under seal with this Court pursuant to the Sale Order and the Initial Sealing Order.  For these reasons, the Debtors believe that a hearing on the Motion to Seal on shortened notice is in the best interests of the Debtors' estates and creditors.

16.    The parties to the Settlement and Inventory Agreement and those entities most likely to object to the relief sought in this Motion and the Motion to Seal have each been involved in the negotiation of the Settlement and Inventory and accordingly will have ample time to object to the Motion to Seal on the timeline proposed herein.

6

17.     For these reasons, the Debtors respectfully submit that allowing the Motion to Seal to be considered on shortened notice is reasonable and appropriate under the circumstances.

### Notice

18.     Notice of the Motion has been given via first class mail, facsimile, electronic transmission, hand delivery or overnight mail to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; (iv) counsel to Ericsson; (v) counsel to Jabil; (vi) counsel to NNL; (vii) counsel to NNUK and (viii) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

### No Prior Request

19.     No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: February 23, 2011
      Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (*admitted pro hac vice*)
Lisa M. Schweitzer (*admitted pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*