# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
            Debtors. : Jointly Administered
:
: **Objections due: March 18, 2011 at 4:00 p.m. (E.T.)**
---------------------------------------------------------X

## EIGHTH INTERIM APPLICATION OF MERCER (US) INC. AS COMPENSATION SPECIALIST AND CONSULTING EXPERT TO THE DEBTORS SEEKING ALLOWANCE OF INTERIM COMPENSATION AND INTERIM REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD OF <u>NOVEMBER 1, 2010 THROUGH JANUARY 31, 2011</u>

| | |
|---|---|
| Name of Applicant: | Mercer (US) Inc. |
| Authorized to provide professional services to: | Debtors |
| Date of retention: | March 19, 2009 *nunc pro tunc* to January 14, 2009 |
| Period for which compensation and reimbursement is sought: | November 1, 2010 through January 31, 2011 |
| Amount of compensation sought as actual reasonable and necessary: | $27,724.00 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $9,533.70 |

This is an _X_ interim ___final application

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).

**Prior Applications**

| Date Filed | Period Covered | Requested Fees / Expenses | Approved Fees / Expenses |
|---|---|---|---|
| 6/24/2009 | 1/14/09 – 4/30/09 | $282,041.70 / $34,621.94 | $282,041.70 / $34,621.94 |
| 9/1/2009 | 5/1/2009 – 7/31/2009 | $67,432.26 / $6,522.29 | $67,432.26 / $6,522.29 |
| 11/23/2009 | 8/1/2009 – 10/31/2009 | $155,241.63 / $22,445.26 | $155,241.63 / $22,445.26 |
| 2/25/2010 | 11/1/2009 – 1/31/2010 | $38,113.42 / $4,844.55 | $38,113.42 / $4,844.55 |
| 6/2/2010 | 2/1/2010 – 4/30/2010 | $37,474.96 / $7,827.12 | $37,474.96 / $7,827.12 |
| 11/23/2010 | 5/1/2010 – 7/31/2010 | $623.50 / $63.82 | $623.50 / $63.82 |
| 11/23/2010 | 8/1/2010 – 10/31/2010 | $51,985.98 / $8,382.78 | $51,985.98 / $8,382.78 |

**Compensation By Professional**

*November 1, 2010 through January 31, 2011*

| Name | Position | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Chronister, Mark | Principal | $638.00 | 10.75 | $6,858.50 |
| Hardin, Don | Partner | $696.00 | 13.50 | $9,396.00 |
| Smith, Doug | Partner | $655.40 | 17.50 | $11,469.50 |
| | | **TOTALS** | **41.75** | **$27,724.00** |
| | | **BLENDED RATE** | | **$664.05** |

**Expense Summary**

*November 1, 2010 through January 31, 2011*

| Expense Category | Amount |
|---|---|
| Administrative – Legal | $9,533.70 |
| | |
| **TOTAL** | **$9,533.70** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------X
:
*In re*                                                                         :    Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                                      :    Case No. 09-10138 (KG)
:
                                            Debtors.                      :    Jointly Administered
:
:    **Objections due:  March 18, 2011 at 4:00 p.m. (E.T.)**
---------------------------------------------------------X

**EIGHTH INTERIM APPLICATION OF MERCER (US) INC. AS COMPENSATION SPECIALIST AND CONSULTING EXPERT TO THE DEBTORS SEEKING ALLOWANCE OF INTERIM COMPENSATION AND INTERIM REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD OF <u>NOVEMBER 1, 2010 THROUGH JANUARY 31, 2011</u>**

Mercer (US) Inc. ("*Mercer*"), compensation specialist and consulting expert for Nortel Networks, Inc. ("*NNI*") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "*Debtors*"), by and through its undersigned counsel, hereby submits this Interim Fee Application (the "*Application*") for interim allowance of compensation for professional services rendered by Mercer to the Debtors for the period of November 1, 2010 through January 31, 2011 (the "*Application Period*") and reimbursement of actual and necessary expenses incurred by Mercer during the Application Period under sections 330 and 331 of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), Rule 2016-2 of the Local Rules of Bankruptcy

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 (the "*U.S. Trustee Guidelines*"), and the Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "*Interim Compensation Procedures Order*"). In support of this Application, Mercer states as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

## PROCEDURAL BACKGROUND

3. On January 14, 2009 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. Also on the Petition Date, the Debtors' corporate parent Nortel Networks Corporation ("*NNC*"), NNI's direct corporate parent Nortel Networks Limited ("*NNL*," and together with NNC and their affiliates, including the Debtors, "*Nortel*"), and certain of their Canadian affiliates (collectively, the "*Canadian Debtors*")[2] filed an application with the Ontario

---

[2] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

2

Superior Court of Justice (the "*Canadian Court*") under the Companies' Creditors Arrangement Act (Canada) (the "*CCAA*"), seeking relief from their creditors (collectively, the "*Canadian Proceedings*"). The Canadian Debtors continue to manage their properties and operate their businesses under the supervision of the Canadian Court. Ernst & Young Inc., as foreign representative for the Canadian Debtors, has filed petitions in this Court for recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code. On January 14, 2009, the Canadian Court entered an order recognizing these chapter 11 proceedings as a foreign proceeding. Additionally, on January 14, 2009, the High Court of Justice in England placed nineteen of Nortel's European affiliates into administration under the control of Ernst & Young LLC (collectively, the "*EMEA Debtors*").[3]

6. On January 15, 2009, this Court entered an order of joint administration pursuant to Bankruptcy Rule 1015(b) that provided for the joint administration of these cases and consolidation for procedural purposes only.

7. On January 26, 2009, the Office of the United States Trustee (the "*U.S. Trustee*") appointed an Official Committee of Unsecured Creditors (the "*Committee*") pursuant to section 1102(a)(1) of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' cases.

## MERCER'S RETENTION

8. Mercer has a long standing benefit and compensation advisory relationship with the Debtors, dating back to as early as 1998. Mercer's experience with the Debtors was such that

---

[3] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

3

its special knowledge and experience would help expedite the development and execution of a Key Employee Incentive Plan ("*KEIP*"). Accordingly, the Debtors filed the *Application of Debtors for an Order Authorizing Employment and Retention of Mercer As Compensation Specialist to the Debtors* (the "*Initial Retention Application*"). This Court entered an order on March 10, 2009 authorizing the retention and employment of Mercer as compensation specialist to the Debtors *nunc pro tunc* to the Petition Date (the "*Retention Order*").

9. Under the Retention Order, this Court authorized the retention of Mercer as compensation specialists, whereby Mercer will provide services according to the statement of work dated February 17, 2009 (the "*SOW*") and the master service agreement (the "*MSA*") dated as of January 1, 2009. The SOW and MSA were previously submitted to this Court with the Retention Application.

10. In connection with the Debtors' continuing wind-down of their remaining operations, the Debtors are in the process of reviewing issues related to their remaining employee and benefit plans. Accordingly, on January 25, 2011, the Debtors filed the *Supplemental Application of Debtors for an Order Authorizing Expanded Employment of Mercer (US) Inc. as Consultants to the Debtors nunc pro tunc to December 14, 2010* (the "*Supplemental Retention Application*"). This Court entered an order on February 8, 2011 authorizing the expanded employment of Mercer as consulting expert to the Debtors regarding certain employee and benefit plans, *nunc pro tunc* to December 14, 2010 (the "*Supplement Retention Order*").

11. Under the Supplemental Retention Order, this Court authorized the expanded retention of Mercer as consulting experts, whereby Mercer will provide services according to the an engagement letter agreement by and between NNI and NNL on the one hand and Mercer on

4

the other, dated January 25, 2011 (the "*Engagement Agreement*").  The Engagement Agreement was previously submitted to this Court with the Supplemental Retention Application.

## FEE PROCEDURES ORDER

12.     On February 4, 2009, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

13.     In particular, the Interim Compensation Procedures Order provides that a professional may file and serve a monthly fee application with the Court after the first day of each calendar month.  Provided that there are no objections to such monthly fee application filed within twenty (20) days after the service of a monthly fee application, the professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such professional eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in such monthly fee application.

## PRIOR INTERIM APPLICATIONS FOR COMPENSATION

14.     The following chart summarizes the seven interim applications Mercer previously filed for compensation and reimbursement of actual, reasonable and necessary expenses incurred during the period of January 14, 2009 through October 31, 2010.

| Date Filed | Period Covered | Requested Fees / Expenses | Approved Fees / Expenses |
|---|---|---|---|
| 6/24/2009 | 1/14/09 – 4/30/09 | $282,041.70 / $34,621.94 | $282,041.70 / $34,621.94 |
| 9/1/2009 | 5/1/2009 – 7/31/2009 | $67,432.26 / $6,522.29 | $67,432.26 / $6,522.29 |
| 11/23/2009 | 8/1/2009 – 10/31/2009 | $155,241.63 / $22,445.26 | $155,241.63 / $22,445.26 |
| 2/25/2010 | 11/1/2009 – 1/31/2010 | $38,113.42 / $4,844.55 | $38,113.42 / $4,844.55 |
| 6/2/2010 | 2/1/2010 – 4/30/2010 | $37,474.96 / $7,827.12 | $37,474.96 / $7,827.12 |
| 11/23/2010 | 5/1/2010 – 7/31/2010 | $623.50 / $63.82 | $623.50 / $63.82 |
| 11/23/2010 | 8/1/2010 – 10/31/2010 | $51,985.98 / $8,382.78 | $51,985.98 / $8,382.78 |

### SERVICES PROVIDED DURING FEE APPLICATION PERIOD

15. During the Application Period, Mercer provided consulting services to the Debtors in connection with the rendering of legal services by the Debtors' counsel with respect to certain employee and retiree benefits (the "*Benefits Consulting Services*"). Specifically, Mercer is analyzing the options related to various health and welfare plans. These services include the collection of data, analysis of that data, analysis of potential vendors and implementation of the go-forward strategies related to those benefits plans.[4]

### RELIEF REQUESTED

16. Mercer submits this Application (a) for the allowance of reasonable compensation for the actual, reasonable and necessary professional services it has rendered as compensation specialists to the Debtors for the period from November 1, 2010 through January 31, 2011 and

---

[4] Although the Debtors continue to engage Mercer to perform the efficient and effective development of a supplemental incentive plan for the Debtors' employees (the "*Compensation Specialist Services*"), Mercer did not provide any such services to the Debtors during the Fee Application Period.

6

(b) for reimbursement of actual, reasonable and necessary expenses incurred in serving the Debtors during that same period.

17. During the Application Period, Mercer incurred fees in the amount of $27,724.00. For the same period, Mercer incurred actual, reasonable and necessary expenses totaling $9,533.70. The aggregate value of fees and expenses totals $37,257.70. As of the date of this Application, Mercer has received no payments for these amounts. Detailed entries for Mercer's services and expenses incurred are set forth in the attached exhibits as set forth below.

18. With respect to the Benefits Consulting Services, Mercer incurred fees in the amount of $27,724.00. Exhibit A attached hereto contains a detailed list of time recorded as Benefits Consultants for the period of December 14, 2010 through January 31, 2011.

19. During the Application Period, Mercer also incurred actual, reasonable and necessary expenses totaling $9,533.70. Exhibit B attached hereto contains a monthly breakdown of expenses incurred by Mercer from November 1, 2010 through January 31, 2011.

20. Mercer has endeavored to assist the Debtors in the most expeditious and economical manner possible. Tasks have been assigned to professionals so that work is being performed by those both familiar with the particular matters at hand and by individuals with the hourly rate appropriate for that matter. Moreover, Mercer has sought to ensure no duplication of its efforts were made by other professionals.

21. No agreement or understanding exists between Mercer and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases other than the employees of Mercer and its parent company, Marsh & McLennan Companies, Inc., as previously disclosed.

22. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his or her information, knowledge and belief that this Application complies with that Rule.

**WHEREFORE**, Mercer respectfully requests that this Court: (a) allow Mercer (i) interim compensation in the amount of $27,724.00 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period of November 1, 2010 through January 31, 2011, and (ii) interim reimbursement in the amount of $9,533.70 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the Debtors to pay to Mercer the amount of $22,179.20 which is equal to eighty percent (80%) of Mercer's allowed interim compensation and $9,533.70, representing one hundred percent (100%) of Mercer's allowed expense reimbursement; and (c) grant such other relief as the Court deems just and proper.

Dated:  February 25, 2011                                  **MERCER (US) INC.**

                                                           By:     /s/Aaron L. Hammer
                                                                 One of Its Attorneys

                                                           Aaron L. Hammer, Esq.
                                                           Freeborn & Peters LLP
                                                           311 South Wacker Drive, Suite 3000
                                                           Chicago, Illinois  60606
                                                           Telephone:  (312) 360-6000
                                                           Facsimile:  (312) 360-6995