IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
                                                            :
In re                                                       :   Chapter 11
                                                            :
Nortel Networks Inc., *et al.*,[1]                          :   Case No. 09-10138 (KG)
                                                            :
                              Debtors.                      :   Jointly Administered
                                                            :
------------------------------------------------------------X   Objections Due: March 21, 2011 at 4:00 p.m. (ET)

**FIFTH MONTHLY APPLICATION OF LINKLATERS LLP, AS U.K. COUNSEL TO
DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM
COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND
NECESSARY EXPENSES
<u>INCURRED FOR THE PERIOD NOVEMBER 1, 2010 THROUGH JANUARY 31, 2011</u>**

| | |
|---|---|
| Name of Applicant: | LINKLATERS LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | March 17, 2010 <u>nunc pro tunc</u> to January 26, 2010 |
| Period for which Compensation and reimbursement is sought: | November 1, 2010 through January 31, 2011 |
| Amount of compensation sought as actual, reasonable and necessary: | £88,637.50 (US$144,089.13) |
| Amount of reimbursement sought as actual, | £5,832.43 (US$9,481.20) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

2725046.2

reasonable and necessary:

This is an  _x_  interim          ___ final application

The total time expended for fee application preparation is approximately 7.5 hours and the corresponding compensation requested is approximately £2,904.00 (US$4,722.48).

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 26/03/2010 | 20/01/2010 to 28/02/2010 | £265,694 / £82,839.71 (US$395,446.16 / US$123,294.48) | £258,411.04 / £82,839.71 (US$390,446.16 / US$123,294.48) |
| 02/07/2010 | 01/03/2010 to 31/04/2010 | £93,575.08 / £20,671.24 (US$136,334.21 / US$30,116.96) | £93,575.08 / £20,671.24 (US$136,334.21 / US$30,116.96) |
| 10/08/2010 | 01/05/2010 to 31/07/2010 | £35,903.40 / £848.87 (US$54,248.24 / US$1,282.60) | £35,903.40 / £848.87 (US$54,248.24 / US$1,282.60) |
| 24/11/2010 | 01/08/2010 to 31/10/2010 | £33,832.49 / £387.80 (US$53,661.71 / US$615.09) | £33,832.49 / £387.80 (US$53,661.71 / US$615.09) |

# COMPENSATION BY PROFESSIONAL

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

November 1, 2010 Through January 31, 2011

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Mark Blyth* | Partner, Litigation | 725.00 | 9.2 | 6,670.00 |
| | | 700.00 | 76.7 | 53,690.00 |
| Peter Church | Managing Associate, TMT | 550.00 | 2.1 | 1,155.00 |
| Jenny Masterson | Managing Associate, Litigation | 495.00 | 3.8 | 1,881.00 |
| Louise Austin | Associate, Pensions | 400.00 | 3.3 | 1,320.00 |
| Peter Selvay | Associate, Litigation | 400.00 | 15.0 | 6,000.00 |
| Jared Oyston* | Associate, Litigation | 375.00 | 23.3 | 8,737.50 |
| | | 360.00 | 11.3 | 4,068.00 |
| Joel Grossmark | Trainee, Litigation | 225.00 | 2.7 | 607.50 |
| Siobhan O'Donnell | Trainee, Litigation | 225.00 | 0.5 | 112.50 |
| Jeremy Seeff* | Trainee, Litigation | 200.00 | 10.2 | 2,040.00 |
| | | 190.00 | 9.5 | 1,805.00 |
| Anjalee de Silva | Trainee, Litigation | 190.00 | 2.9 | 551.00 |
| **Total** | | | 170.5 | **£88,637.50** |
| **GRAND TOTAL:** | £88,637.50 (US$144,089.13) | | | |
| **BLENDED RATE:** | £519.87 (US$845.10) | | | |

---

\*    Hourly rate changed during period. Breakdown provided for new and old hourly rate.

## COMPENSATION BY PROJECT CATEGORY

Nortel Networks, Inc, *et al.*
(Case No. 09-10138 (KG))

November 1, 2010 Through January 31, 2011

| Project Category | Total Hours | Total Fees |
| --- | --- | --- |
| Claims | 163.0 | £85,733.50 |
| Fee Applications | 7.5 | £2,904.00 |
| **TOTAL** | **170.5** | **£88,637.50** (US$144,089.13) |

- 4 -

# EXPENSE SUMMARY

Nortel Networks, Inc, *et al.*
(Case No. 09-10138 (KG))

November 1, 2010 Through January 31, 2011

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Flights | | £4,352.71 |
| Taxis | | £228.67 |
| Accommodation | | £1,126.21 |
| Meals | | £104.78 |
| Telephone (CourtCall) | | £20.06 |
| **Grand Total Expenses** | | **£5,832.43** (US$9,481.20) |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
:
*In re*                                                         : Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                              : Case No. 09-10138 (KG)
:
          Debtors.                       : Jointly Administered
:
:
---------------------------------------------------------------X  Objections Due: March 21, 2011 at 4:00 p.m. (ET)

## FIFTH MONTHLY APPLICATION OF LINKLATERS LLP, AS U.K. COUNSEL TO DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD NOVEMBER 1, 2010 THROUGH JANUARY 31, 2011

Linklaters LLP ("Linklaters"), U.K. counsel for Nortel Networks, Inc and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), submits this application (the "Application") for interim allowance of compensation for professional services rendered by Linklaters to the Debtors for the period November 1, 2010 through January 31, 2011 (the "Application Period") and reimbursement of actual and necessary expenses incurred by Linklaters during the Application Period under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

- 1 -

"Local Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines") and the Order Under 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members (D.I. 222) (the "Interim Compensation Procedures Order")[2]. In support of this Application, Linklaters represents as follows:

## JURISDICTION

1.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.  On January 14, 2009 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.  On January 26, 2009, the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors.

---

[2] Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

### LINKLATERS' RETENTION

4. On March 17, 2010, this Court entered the Order Pursuant to 11 U.S.C. Sections 327(a), 328(a), 330 and 331, Fed. R. Bankr. P.2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1 Authorizing Retention and Employment of Linklaters LLP as U.K. Counsel for the Debtors *nunc pro tunc* to January 26, 2010 (D.I. 2710).

### FEE PROCEDURES ORDER

5. On February 4, 2009, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

6. In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each calendar month. Provided that there are no objections to such Monthly Fee Application filed within twenty (20) days after the service of a Monthly Fee Application, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application. If a partial objection to the Monthly Fee Application is filed, then the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

### RELIEF REQUESTED

7. Linklaters submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered as U.K. Counsel for the Debtors in these cases for the period from November 1, 2010 through

January 31, 2011, and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Debtors during that same period.

8. During the period covered by this Application, Linklaters incurred fees in the amount of £88,637.50 (US$144,089.13). For the same period, Linklaters incurred actual, reasonable and necessary expenses totaling £5,832.43 (US$9,481.20). With respect to these amounts, as of the date of this Application, Linklaters has received no payments.

9. During the Application Period, Linklaters provided the following professional services to the Debtors: advice with respect to U.K. law, and in particular regarding potential pension obligations under U.K. law; and preparing, and assisting in the preparation of, motions, answers and other papers in connection with potential pension obligations in order to defend the Debtors or assert their rights under relevant law, and assisting the Debtors in related proceedings.

10. Exhibit A attached hereto contains logs which show the time recorded by professionals, paraprofessionals and other support staff and descriptions of the services provided.

11. Exhibit B attached hereto contains a breakdown of disbursements incurred by Linklaters during the Application Period.

12. Linklaters has charged no more than the equivalent of US$0.10 per page for photocopying.

13. Linklaters has not charged the Debtors for outgoing domestic facsimiles or for incoming facsimiles.

14. In accordance with Local Rule 2016-2, Linklaters will reduce its request for compensation for non-working travel, if any, to 50% of its normal rate. To date, however, no non-working travel or travel time has been recorded.

- 4 -

15. Linklaters has endeavored to represent the Debtors in the most expeditious and economical manner possible. Tasks have been assigned to lawyers, paralegals, and other support staff at Linklaters so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter. Moreover, Linklaters has endeavored to coordinate with Cleary Gottlieb Steen & Hamilton LLP, Morris, Nichols Arsht & Tunnell LLP and the other professionals involved in these cases so as to minimize any duplication of effort and to minimize attorneys' fees and expenses to the Debtors. We believe we have been successful in this regard.

16. No agreement or understanding exists between Linklaters and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

17. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**WHEREFORE**, Linklaters respectfully requests that this Court: (a) allow Linklaters (i) interim compensation in the amount of £88,637.50 (US$144,089.13) for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period November 1, 2010 through January 31, 2011, and (ii) interim reimbursement in the amount of £5,832.43 (US$9,481.20) for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the Debtors to pay to Linklaters the amount of £76,742.43 (US$124,752.49) which is equal to the sum of 80% of Linklaters' allowed interim compensation and 100% of Linklaters' allowed expense reimbursement; and (c) grant such other and further relief as is just.

Dated:  March 1, 2011          London, U.K.    LINKLATERS LLP

_____
Mark Blyth
One Silk Street
London
EC2Y 8HQ
Telephone:    +44 20 7456 2000
Facsimile:    +44 20 7456 2222

*U.K. Counsel for the Debtors and Debtors in Possession*

- 6 -