IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
:
:
------------------------------------------------------------X

**CERTIFICATION OF COUNSEL REGARDING STIPULATION AND PROPOSED ORDER APPROVING THE STIPULATION AMONG THE DEBTORS, CERTAIN AFFILIATES AND THE PENSION BENEFIT GUARANTY CORPORATION**

I, Ann C. Cordo, counsel for Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), hereby certify as follows regarding the Order Approving the Stipulation Among the Debtors, Certain Affiliates and the Pension Benefit Guaranty Corporation (the "Proposed Order"), attached as **Exhibit A** hereto:

1. The Debtors have filed voluntary petitions under Chapter 11. Pursuant to orders of the Court, the Debtors' Chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 09-10138 (KG).

2. The Pension Benefit Guaranty Corporation (the "PBGC") is a United States government corporation that administers the defined benefit pension plan termination

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

insurance program under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1301-1461. By agreement dated September 8, 2009, the Nortel Network Retirement Income Plan was terminated effective July 17, 2009 and the PBGC was appointed statutory trustee of the Plan.

3. NNI, along with Nortel Networks Corporation and Nortel Networks Limited (collectively, the "Main Sellers") have executed an asset sale agreement with Telefonaktiebolaget L M Ericsson (publ) dated September 24, 2010 (as it may be amended from time to time, and including all Ancillary Agreements (as defined therein) the "Asset Sale Agreement") for the sale of certain assets of the Debtors' Multi-Service Switch business (formerly known as the 'Passport' business) (collectively, the "MSS Business Assets") .

4. The Asset Sale Agreement requires the transfer of the MSS Business Assets free and clear of all liens and claims, other than certain enumerated permitted encumbrances.

5. On September 30, 2010, this Court entered an Order Authorizing and Approving (A) the Sale of Certain Assets of Debtors' Multi-Service Switch (Formerly Known as 'Passport') Business Free and Clear of All Liens, Claims and Encumbrances, and (B) the Assumption and Assignment of Certain Executory Contracts [D.I. 4054] (the "Sale Order").

6. The Sale Order applies only to assets owned by the Debtors and does not apply to assets owned by non-debtor entities.

7. Certain of the assets to be conveyed pursuant to the Asset Sale Agreement are owned or otherwise held by certain of the Main Sellers' foreign non-debtor subsidiaries or affiliates (the "Foreign Non-Debtor Assets").

8.  Section 4062 of ERISA provides for the imposition of certain claims and liens on the sponsor of a terminated pension plan and all members of the sponsor's controlled group for, <u>inter alia</u>, the underfunding of the pension plan and Section 4068 of ERISA provides that a lien may arise against any person liable to the PBGC under Section 4062 (the "<u>PBGC Lien</u>").

9.  While the Debtors do not concede to the validity or applicability of the PBGC Lien on the Foreign Non-Debtor Assets, the Debtors and their affiliates determined it was in their best interest to engage in discussions with the PBGC in order to facilitate the sale of the MSS Business Assets. For the benefit of the PBGC and the Debtors and their affiliates (the "<u>Parties</u>"), the Parties subsequently have agreed to enter into a stipulation (the "<u>Stipulation</u>") regarding the potential PBGC Lien against the Foreign Non-Debtor Assets. A copy of the Stipulation is attached as **Exhibit 1** to the Proposed Order.

10. The Stipulation has been circulated to counsel to the Official Committee of Unsecured Creditors (the "<u>Committee</u>"), the ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors (the "<u>Bondholder Group</u>"), Ernst & Young Inc., as court-appointed Monitor in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the "<u>Monitor</u>"), and the Office of the United States Trustee (the "<u>UST</u>"). The Committee, Bondholder Group, Monitor, and UST do not object to the Stipulation.

WHEREFORE, the Debtors respectfully request that the Court (i) enter the Proposed Order attached hereto as **Exhibit A** approving the Stipulation and (ii) grant such other and further relief as is just and proper.

Dated:  March 3, 2011
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

   - and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*

4

**<u>Exhibit A – Order</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[2] :
: Jointly Administered
                Debtors. :
: **RE: D.I. \_\_\_\_**
:
---------------------------------------------------------------X

**ORDER APPROVING STIPULATION AMONG THE DEBTORS, CERTAIN
AFFILIATES AND THE PENSION BENEFIT GUARANTY CORPORATION**

Upon consideration of the *Stipulation Among the Debtors, Certain Affiliates and the Pension Benefit Guaranty Corporation* (the "Stipulation"), a copy of which is attached hereto as **Exhibit 1**, as agreed between Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), certain of the Debtors' affiliates, and the Pension Benefit Guaranty Corporation (the "PBGC", together with the Debtors and their affiliates, the "Parties");

IT IS HEREBY ORDERED THAT:

1. The Stipulation is APPROVED.

2. The Debtors are authorized, but not directed, to enter into the Stipulation with the PBGC.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

3. The failure to specifically include any particular provision of the Stipulation in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of this Court to approve the Stipulation in its entirety.

4. The Parties are hereby authorized to take any and all actions reasonably necessary to effectuate the terms of the Stipulation.

5. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2011
       Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE