IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
:
*In re*                                                        :   Chapter 11
                                                               :
Nortel Networks Inc., *et al.*,[1]                             :   Case No. 09-10138 (KG)
                                                               :
                          Debtors.                             :   Jointly Administered
                                                               :
                                                               :   RE: D.I.'s 24, 195, 371, 686, 1046, 1367, 2191, 2349, 2830,
                                                               :   3744, 4027, 4258, 4388 and 4464
---------------------------------------------------------------X


**FOURTEENTH SUPPLEMENTAL DECLARATION OF JAMES L. BROMLEY
IN SUPPORT OF APPLICATION AUTHORIZING EMPLOYMENT AND
RETENTION OF CLEARY GOTTLIEB STEEN & HAMILTON LLP
AS COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION**

I, JAMES L. BROMLEY, do hereby declare as follows:

1. I am a member of the firm of Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb" or the "Firm") which maintains an office for the practice of law, among other places, at One Liberty Plaza, New York, New York 10006. I am an attorney at law admitted to practice before the courts of the State of New York, the United States Court of Appeals – Second, Third and Ninth Circuits, and the United States District Courts for the District of New Jersey and the Eastern and Southern Districts of New York.

2. I submit this declaration (the "Fourteenth Supplemental Declaration") to supplement the Application For an Order Authorizing Employment and Retention of Cleary Gottlieb Steen & Hamilton LLP Nunc Pro Tunc to the Petition Date [D.I. 24] (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

"Application")[2], filed on January 14, 2009 (the "Petition Date"), the declaration of James L. Bromley in support of and annexed as Exhibit A to the Application (the "Initial Declaration"), the Supplemental Declaration of James L. Bromley in support of the Application [D.I. 195] (the "First Supplemental Declaration"), filed on February 2, 2009, the Second Supplemental Declaration of James L. Bromley in support of the Application [D.I. 371] (the "Second Supplemental Declaration"), filed on February 25, 2009, the Third Supplemental Declaration of James L. Bromley in support of the Application [D.I. 686] (the "Third Supplemental Declaration") filed on May 1, 2009, the Fourth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 1046] (the "Fourth Supplemental Declaration") filed on July 8, 2009, the Fifth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 1367] (the "Fifth Supplemental Declaration") filed on August 24, 2009, the Sixth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 2191] (the "Sixth Supplemental Declaration") filed on December 22, 2009, the Seventh Supplemental Declaration of James L. Bromley in support of the Application [D.I. 2349] (the "Seventh Supplemental Declaration") filed on January 26, 2010, the Eighth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 2830] (the "Eighth Supplemental Declaration"), filed on April 2, 2010, the Ninth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 3744] (the "Ninth Supplemental Declaration"), filed on July 28, 2010, the Tenth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 4027] (the "Tenth Supplemental Declaration"), filed on September 27, 2010, the Eleventh Supplemental Declaration of James L. Bromley in support of the Application [D.I. 4258] (the "Eleventh Supplemental Declaration"), filed on November 8, 2010, the Twelfth Supplemental

---

[2]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Application.

2

Declaration of James L. Bromley in support of the Application [D.I. 4388] (the "Twelfth Supplemental Declaration"), filed on November 22, 2010 and the Thirteenth Supplemental Declaration of James L. Bromley in support of the Application [D.I. 4464] (the "Thirteenth Supplemental Declaration"), filed on December 2, 2010.

       3.      As set forth in the Initial Declaration, in order to ensure compliance with the requirements of chapter 11 of the United States Code (the "Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") regarding the retention of professionals by the Debtors, Cleary Gottlieb undertook to determine whether Cleary Gottlieb had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors. Specifically, I directed a list (the "Conflicts Check List"), attached to the Initial Declaration as Exhibit I, of (i) entities affiliated with or related to the Debtors, (ii) professionals retained by the Debtors in these chapter 11 proceedings, (iii) key creditors of the Debtors and their respective counsel, and (iv) certain other parties in interest in these chapter 11 cases and their respective counsel be submitted to the Firm's Records Department. Cleary Gottlieb's Records Department ran a computerized check of each of these persons or entities against the Firm's client database (the "Client Database") to determine which persons or entities, if any, Cleary Gottlieb currently represents ("Current Clients") or has represented in three years prior to the Petition Date ("Former Clients"). A list of Current Clients matching those entities on the Conflicts Check List is attached to the Initial Declaration as Exhibit II. A list of Former Clients matching those entities on the Conflicts Check List is attached to the Initial Declaration as Exhibit III.

4.    As set forth in the Application, Cleary Gottlieb has updated and will continue to update periodically its conflicts review during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.

5.    In connection with the fourteenth such periodic review, I directed the Firm's Records Department to run a computerized check of (i) persons or entities that have filed Notices of Appearance in these chapter 11 cases as of February 24, 2011 but were not included in prior periodic reviews and (ii) certain other parties in interest against the Firm's Client Database to determine which person or entities, if any, are Current Clients or Former Clients of Cleary Gottlieb.[3]

6.    I am submitting this Fourteenth Supplemental Declaration, in part, to disclose that Exide Technologies, which has filed a Notice of Appearance in these chapter 11 proceedings, is a Former Client of the Firm. Cleary Gottlieb represented Exide Technologies in a matter wholly unrelated to these chapter 11 proceedings.

7.    Cleary Gottlieb believes that its former representation of Exide Technologies, in matters wholly unrelated to these chapter 11 proceedings is not adverse to the Firm's representation of the Debtors in the above-captioned bankruptcy cases.

8.    I am further submitting this Fourteenth Supplemental Declaration to disclose that in matters wholly unrelated to these chapter 11 proceedings, Cleary Gottlieb currently represents Party X, a defendant in a preference action commenced by NNI, in matters wholly unrelated to these chapter 11 proceedings.

---

[3]    Cleary Gottlieb is not permitted to disclose the identities of the certain other parties in interest for confidentiality reasons related to the Debtors' business. If and when Cleary Gottlieb is permitted to disclose such information, Cleary Gottlieb will do so by filing a supplemental declaration with the court pursuant to Bankruptcy Rule 2014. Cleary Gottlieb will disclose such information in confidence to the Office of the United States Trustee for the District of Delaware if requested to do so.

4

9. Cleary Gottlieb believes that its representation of Party X in matters wholly unrelated to these chapter 11 proceedings is not adverse to the Firm's representation of the Debtors in the above-captioned bankruptcy cases, including its representation of NNI in connection with the aforementioned preference action against Party X. I am further submitting this Fourteenth Supplemental Declaration to disclose that Party X has granted a limited waiver with respect to Cleary Gottlieb's representation of NNI in connection with the pending preference action against Party X. Cleary Gottlieb has fully informed the Debtors of its ongoing representation of Party X and the Debtors have consented to the Firm's continued representation of Party X in matters unrelated to these proceedings. Cleary Gottlieb believes that its representation of Party X in matters wholly unrelated to these chapter 11 proceedings is not adverse to the Firm's representation of the Debtors in the above-captioned bankruptcy cases, including its representation of NNI in connection with the aforementioned preference action against Party X.

10. I am further submitting this Fourteenth Supplemental Declaration to disclose that NNI has received a third-party subpoena in connection with ongoing litigation between Nokia Corp. ("Nokia"), a Current Client, and Apple, Inc. (the "Litigation"). The Firm has provided and may continue to provide Nokia with advice in connection with the Litigation. Nokia has granted a limited conflict waiver with respect to Cleary Gottlieb's representation of NNI in connection with its response to the third-party subpoena so long as separate teams of Cleary Gottlieb lawyers provide Nokia with advice in connection with the Litigation and NNI in connection with its response to the third-party subpoena. Cleary Gottlieb has fully informed the Debtors regarding its provision of advice to Nokia in connection with the Litigation. Cleary Gottlieb believes that its provision of advice to Nokia in connection with the Litigation is not adverse to

5

the Firm's representation of NNI in connection with its response to the third-party subpoena or the Firm's representation of the Debtors in the above-captioned cases.

11. I am further submitting this Fourteenth Supplemental Declaration to disclose that an associate of the Firm who advised the Debtors in connection with these chapter 11 proceedings has left the Firm and will be employed beginning in mid-March by Goodmans LLP ("Goodmans"), Canadian counsel to Ernst & Young Inc. in its capacity as Monitor in the CCAA proceedings of the Canadian Debtors. Goodmans has confirmed that the relevant associate will not work on any matter related to the various Nortel proceedings and that appropriate screens will be put in place so that the relevant associate will not have access to documents or information relating to the Nortel proceedings.

*[Remainder of Page Intentionally Left Blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 4, 2011.

_____
JAMES L. BROMLEY