**EXHIBIT "B"**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| ------------------------------------------------------X :<br>:<br>*In re* :<br>:<br>Nortel Networks Inc., *et al.*, :<br>:<br>Debtors.[1] :<br>:<br>------------------------------------------------------ X<br>:<br>This document relates to: :<br>:<br>[SEE ATTACHED EXHIBIT A] :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>------------------------------------------------------X | Chapter 11<br><br>Bankr. Case No. 09-10138 (KG)<br><br>(Jointly Administered)<br><br><br><br><br>Adv. Pro. No. [See attached Exh. A] |

**SCHEDULING ORDER**

To promote the efficient and expeditious disposition of adversary proceedings, the following schedule shall apply to each of the above-captioned adversary proceedings.

**IT IS HEREBY ORDERED** that:

---

[1]  The Debtors in the Chapter 11 cases are:  Nortel Networks Inc., Nortel Networks (CALA) Inc., Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., and Nortel Networks Cable Solutions Inc.  Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://dm.epiq11.com/nortel.

1. Any extension of time to file a responsive pleading is not effective unless approved by Order of the Court. Any motion for extension of time to file a responsive pleading or stipulated order for such an extension must be filed with the Court no later than ten (10) days before the Initial Scheduling Conference in the adversary proceeding.

2. Unless otherwise agreed between the Parties, the above-captioned plaintiff (the "Plaintiff") and defendants (each a "Defendant", and, together with Plaintiff, the "Parties") are deemed to have completed the discovery planning conference described in Fed. R. Civ. P. 26(f), made applicable by Fed. R. Bankr. P. 7026.

3. Unless otherwise agreed between the Parties, the Parties shall provide the initial disclosures under Fed. R. Civ. P. 26(a)(1) by no later than March 23, 2011.

4. Written fact discovery (i.e., requests for the production of documents, interrogatories and requests for admission) shall be initiated so as to be completed no later than July 7, 2011.

5. Pursuant to the General Order Regarding Procedures in Adversary Proceedings entered by the Honorable Mary F. Walrath on April 7, 2004, no later than July 5, 2011 the Parties shall file a Stipulation Regarding Appointment of a Mediator or a statement that the Parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding. All mediations shall be concluded by September 1, 2011.

6. Fact depositions may be noticed or subpoenaed for a date on or after September 9, 2011, and shall be noticed so as to be concluded by October 31, 2011.

7. The Parties shall provide expert reports for any issue on which they bear the burden of proof, not including any report by Plaintiff on insolvency of the Debtors, by November 21, 2011. If the Defendant intends to provide expert testimony regarding the insolvency of the Debtors, any such expert report must be provided by November 21, 2011. Any expert report by Plaintiff on the insolvency of the Debtors, as well as any Parties' expert report intended to rebut any other expert report, shall be provided by December 12, 2011. Defendant shall provide any expert report intended to rebut any report on insolvency by Plaintiff by December 22, 2011. All reports shall provide the information required by Fed. R. Civ. P. 26(a)(2)(B). All expert discovery shall be completed, and discovery shall close, by January 3, 2012.

8. All dispositive motions shall be filed and served by January 18, 2012, and shall be subject to Del. Bankr. L.R. 7007.

9. The Order Assigning the Adversary Proceeding to Mediation shall set the adversary proceeding for trial on a date to be determined by the Court. The Court may, in its discretion, schedule a pre-trial conference in lieu of or in addition to the trial.

10. The Parties shall comply with the General Order Governing Pre-trial Procedures in Adversary Proceedings Set for Trial Before Judge Kevin Gross. The Parties shall file, no later than two (2) business days prior to the earlier date set for (i) pre-trial conference (if one is scheduled) or (ii) trial, their Final Pre-trial Order approved by all counsel and shall contemporaneously deliver two (2) copies thereof to Judge Gross' chambers.

11. Pursuant to the Order Authorizing and Approving Settlement Procedures to Settle Certain Avoidance Claims (the "Settlement Procedures Order") (D.I. 4211), the Plaintiff shall periodically file with the Court a Notice of Settlement of Claims identifying those adversary proceedings subject to this Order that are settled, dismissed or otherwise resolved pursuant to the Settlement Procedures Order and the amount of such settlement.  The Plaintiff shall file a status report forty-five days (45) days after the date of this scheduling order, each forty-five (45) days thereafter, and thirty (30), twenty (20), and ten (10) days prior to trial, setting out the status of each unresolved adversary proceeding subject to this Order.  Plaintiff shall immediately advise Chambers, in writing, of any occurrence or circumstance which Plaintiff believes may suggest or necessitate the adjournment or other modification of the trial setting.

12. Deadlines contained in this Scheduling Order may be extended by joint agreement of the parties or by the Court upon written motion for good cause shown.

13. The Plaintiff shall serve this Scheduling Order on each Defendant within five (5) business days after the entry of this Order.

Dated: _____, 2011
      Wilmington, DE

                                                _____
                                                KEVIN GROSS
                                                UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT "A"

| CASE | ADVERSARY CASE NO. |
|---|---|
| Nortel Networks Inc. v. Ace Technologies Corp. | 10-53182 |
| Nortel Networks Inc. v. The Advertising Checking Bureau, Inc. | 10-55905 |
| Nortel Networks Inc. v. Aricent Technologies (Holdings) Limited | 10-55834 |
| Nortel Networks Inc. v. Axerra Networks, Inc. | 10-55836 |
| Nortel Networks Inc. v. Citrix Systems, Inc. | 10-55838 |
| Nortel Networks Inc. v. CMGRP, Inc. d/b/a Weber Shandwick | 10-55933 |
| Nortel Networks Inc. and Nortel Networks (CALA) Inc. v. CoAMS, Inc. | 10-55840 |
| Nortel Networks Inc. v. Cognizant Technology Solutions US Corporation | 10-55190 |
| Nortel Networks Inc. v. Continuous Computing Corporation | 10-55862 |
| Nortel Networks Inc. v. Global IP Solutions, Inc. | 10-55864 |
| Nortel Networks Inc. v. Global Knowledge Training LLC | 10-55865 |
| Nortel Networks Inc. v. Insight Direct USA, Inc. | 10-55868 |
| Nortel Networks Inc. v. Intel Americas, Inc. | 10-55872 |
| Nortel Networks Inc. v. Layne Communications, L.P. | 10-55877 |
| Nortel Networks Inc. v. LTS Managed Technical Services L.L.C. | 10-55879 |
| Nortel Networks (CALA) Inc. v. Manning Global, Inc. | 10-55882 |
| Nortel Networks Inc. v. McCann-Erickson Worldwide, Inc. | 10-55937 |
| Nortel Networks Inc. v. Monster Worldwide, Inc. | 10-55884 |
| Nortel Networks Inc. v. NSG Technology Inc. | 10-55887 |
| Nortel Networks Inc. v. Perot Systems Corporation | 10-55934 |
| Nortel Networks Inc. v. PMC-Sierra, Inc. | 10-55890 |
| Nortel Networks Inc. v. Prudential Relocation, Inc. | 10-55931 |
| Nortel Networks Inc. v. RADVISION Inc. | 10-55894 |
| Nortel Networks Inc. v. Razorfish, LLC | 10-55938 |
| Nortel Networks Inc. v. Real Time Monitors, | 10-55896 |

| | |
|---|---|
| Inc. | |
| Nortel Networks Inc. v. Right Management Inc. | 10-55928 |
| Nortel Networks Inc. v. SecureLogix Corporation | 10-55898 |
| Nortel Networks Inc. v. Sourcefire, Inc. | 10-55906 |
| Nortel Networks Inc. v. Spirent Communications Inc. | 10-55900 |
| Nortel Networks Inc. v. Starent Networks L.L.C. | 10-55932 |
| Nortel Networks Inc. v. Sterling Mets, L.P. and Queens Ballpark Company, L.L.C. | 10-55903 |
| Nortel Networks Inc. v. Trapeze Networks, Inc. | 10-55907 |
| Nortel Networks Inc. v. TTI Team Telecom International Inc. | 10-55888 |
| Nortel Networks Inc. v. Voxify Inc. | 10-55897 |
| Nortel Networks Inc. v. Westcon Group (North America), Inc. | 10-55899 |
| Nortel Networks Inc. v. ZOHO Corporation f/k/a AdventNet Inc. | 10-55908 |