IN THE UNITED STATES BANKRUPTCT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | Chapter 11 |
| NORTEL NETWORKS, INC. et al., | Case No. 09-10138-KG |
| Debtor(s)._____/ | Hearing Date: April 4, 2011 at 9:30 a.m. (ET)<br>Objection Deadline: March 23, 2011 at 4:00 p.m. (ET) |

## MOTION OF THE MICHIGAN DEPARTMENT OF TREASURY
## FOR LEAVE TO FILE LATE CLAIM

Michigan Department of Treasury (Michigan Treasury), by and through its legal counsel, Attorney General Bill Schuette, and Assistant Attorney General Herman G. Petzold, III, moves this court for permission to file a late claim pursuant to Bankruptcy Rules 9006(b)(1) and 3004, and in support of its motion states as follows:

### Jurisdiction, Venue and Estate Administration

1. The Court's jurisdiction to hear this motion is found in 28 U.S.C. §§157(b)(2)(B) and 1334(a). This is a core proceeding pursuant to 28 U.S.C. §157(b).

2. Venue is proper under 28 U.S.C. §§1408 and 1409.

3. On January 14, 2009, Nortel Networks, Inc. (NNI), and related entities (together "Debtors"), filed voluntary petitions under Chapter 11 of the Bankruptcy Code.

4. Debtor's plan of reorganization and disclosure statement was filed on or about July 12, 2010. The plan has not been approved.

5. The claims bar date was September 30, 2009.

## Pertinent Facts

6. The United States Internal Revenue Service (IRS) and NNI entered into an Advance Pricing Agreement (APA) on or about February 15, 2010. As a consequence, NNI amended its federal corporate income tax returns for 2001, 2002, 2003, 2004 and 2005. This in turn led NNI to file Michigan Single Business Tax Amended Returns (Amended Michigan Returns) for the same years on June 1, 2010. For each year NNI incurred new tax liability which is the basis for Michigan Treasury's late claim. The amount of its late claim is $1,486,114.81. (See proffered claim attached as Exhibit A)

7. Until NNI filed its Amended Michigan Returns on June 1, 2010, Michigan Treasury had neither actual nor constructive knowledge or any expectation that NNI would incur tax liability after the claims bar date. (See Affidavit of Linda Hendrix, SBT Unit Supervisor, attached as Exhibit B) Juxtaposed, NNI knew with certainty that filing the Amended Michigan Returns would give rise to new bankruptcy claims and that these new claims were past the bar date.

## Legal Authority

8. The U.S. Supreme Court, interpreting Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, held that "...Congress plainly contemplated that courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstance beyond the parties control." *Pioneer Investment Service Co. v. Brunswick Assoc. LP*, 507 U. S. 380, 388, 113 S. Ct. 1489, 1495, 123 L.Ed.2d 74 (1993).

9. Rule 9006(b)(1) empowers the court to authorize the filing of a late claim if the creditor's failure to file the claim before the bar date was caused by excusable neglect. The determination of excusable neglect is "an equitable one taking account of all relevant circumstances surrounding the party's omission" *Id.*, 507 U.S. at 395, 113 S. Ct. at 1498. The Court identified four relevant circumstances that a court should consider in its determination of whether excusable neglect justifies a late claim:

   1. the danger of prejudice to the debtor;
   2. the length of delay and its potential impact on judicial proceedings;
   3. the reason for the delay, including whether it was within the reasonable control of the movant; and
   4. whether the movant acted in good faith.

*Id.*

### Michigan Treasury's Late Claim Is the Result of Excusable Neglect

10. Allowing Michigan Treasury's late claim poses no danger of prejudice to Debtors. When NNI entered into the APA, it set off a chain of events that were beyond Michigan Treasury's control. Moreover, the signature event, the APA, was entered into four and a half months after the September 30, 2009 bar date which leads to the reasonable conclusion that Debtors knew or should have known that when NNI filed Amended Michigan Returns, Michigan Treasury would move to file a late claim. With that knowledge, Debtors would be hard pressed to make the case that they will be prejudiced if the court allows Michigan Treasury's late claim.

11. Another reason Debtors will not be prejudiced if the Court allows the late claim is that Debtors will still have the opportunity to file substantive objections. However, objections are highly unlikely because the late claim is based on the tax liability NNI reported on its Amended Michigan Returns. All the same, Debtor's right to object is a significant factor in Michigan Treasury's favor for allowing its late claim because it advances "the policy of hearing claims on the merits." *In re Pioneer Investment Services Co.,* 943 F.2d 673, 677 (CA6 1991).

12. Allowing Michigan Treasury's claim will not impact the administration of the bankruptcy.

    1. The bankruptcy estate is still engaged in the processing of claims;

    2. Debtors have not received approval of its disclosure statement and no objections to the plan have been filed;

    3. The bankruptcy estate is still in the process of liquidating assets;

    4. Debtors are still litigating adversary proceedings; and

    5. Michigan Treasury's claim is small compared to the total claims against the bankruptcy estate, but significant in terms of tax revenue that would be lost if its late claim is denied.

13. Michigan Treasury has acted in good faith at all times. The reasons for the delay in filing a timely claim were completely outside of its control. Upon receipt of NNI's Amended Michigan Returns, Michigan Treasury has expeditiously processed the returns and is now here before the Court requesting permission to file a late claim.

WHEREFORE, the Michigan Department of Treasury respectfully prays that the Court finds that its inability to file a timely claim was caused by excusable neglect and exercises its equitable authority and grant its motion and allow the late claim.

Respectfully submitted,

BILL SCHUETTE
Michigan Attorney General

*/s/ Herman G. Petzold, III*
Herman G. Petzold, III (P41760)
Assistant Attorney General
3030 W. Grand Blvd., Ste 10-200
Detroit, MI 48202
Telephone: (313) 456-0140
Facsimile: (313) 456-0291
E-mail: petzoldh@michigan.gov

Date: March 9, 2011