IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
: 
*In re* : Chapter 11
: 
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
: 
             Debtors. : Jointly Administered
: 
: RE: D.I. 4958
: 
---------------------------------------------------------------X

**ORDER UNDER 11 U.S.C. §§ 327 AND 328 AUTHORIZING EMPLOYMENT OF
ERNST & YOUNG LLP *NUNC PRO TUNC* TO MARCH 1, 2011**

Upon the application (the "Application")[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order, as more fully described in the Application, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) authorizing the employment of Ernst & Young LLP ("EY LLP") to provide tax services to the Debtors, *nunc pro tunc* to March 1, 2011, and (ii) granting related relief; and upon the Declaration of James E. Scott in Support of Debtors'

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

Application for an Order Under 11 U.S.C. §§ 327 and 328 Authorizing Expanded Employment of Ernst & Young LLP *Nunc Pro Tunc* to March 1, 2011, attached as Exhibit B to the Application, supplemented by the Supplemental Declaration in Support of Application of Debtors for an Order under 11 U.S.C. §§ 327 and 328 Authorizing Employment of Ernst & Young LLP *Nunc Pro Tunc* to March 1, 2011 [D.I. 5080] (the "Scott Declaration"); and adequate notice of the Application having been given as set forth in the Application; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court finding that EY LLP is a "disinterested person" as such term is defined under the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors or their estates and is otherwise qualified for employment under applicable provisions of the Bankruptcy Code and the Bankruptcy Rules; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief requested in the Application, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1, the Debtors are authorized to employ EY LLP to provide tax services to the Debtors, *nunc pro tunc* to March 1, 2011, under the terms and conditions set

forth in the Tax Services Agreement, dated as of March 1, 2011, by and between the Debtors and EY LLP, as modified by this Order.

3. The fee structure and other compensation set forth in the Tax Services Agreement are approved as reasonable pursuant to the standards of section 328(a) of the Bankruptcy Code, including but not limited to the fixed fees for the 2011 EY Core Services, and shall not be subject to review under the standards set forth in section 330 of the Bankruptcy Code.

4. EY LLP shall file fee applications for interim and final allowance of reimbursement of expenses and fees with respect to the services to be provided pursuant to the Tax Services Agreement other than the 2011 EY Core Services pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code; provided, however, that EY LLP shall be compensated pursuant to section 328(a) of the Bankruptcy Code and that EY LLP's fees shall not be evaluated under the standards set forth in section 330 of the Bankruptcy Code.

5. The Tax Services Agreement shall be deemed amended to delete paragraphs 18 through 20 of the General Terms and Conditions thereof.

6. The Tax Outsourcing SOW is amended to delete the following paragraph found on page 5 thereof:

> "Notwithstanding anything contained in the Agreement to the contrary, the following limitation on liability shall apply to the services performed under this SOW: You (and any others for whom Services are provided) may not recover from us, in contract or tort, under statute or otherwise, aggregate damages in excess of the fees actually paid in the prior twelve month period for the Services that directly caused the loss in connection with claims arising out of this Agreement or otherwise relating to the Services. This limitation will not apply to losses caused by our fraud, willful misconduct or gross negligence, or to the extent prohibited by applicable law or professional regulations."

7. The Expatriate Tax SOW is amended to delete the following paragraph found on page 5 thereof:

"If the basis of such claim relates to Services provided for one Participant for a given year, EY liability shall be limited to the fees received with respect to such Participant for that year."

8. The indemnification provisions set forth in the Tax Services Agreement are approved, subject during the pendency of these cases to the following:

   (a) Subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and to provide reimbursement to, and shall indemnify, and provide reimbursement to, EY LLP, the other EY Firms and the EY Persons in accordance with the terms of the Tax Services Agreement against all claims by third parties (including the affiliates of the Debtors) and resulting liabilities, losses, damages, costs and expenses (including reasonable external and internal legal costs) arising out of the disclosure of any Report (other than Tax Advice) (as such terms are defined in the Tax Services Agreement), or a third party's use of or reliance on any Report (including Tax Advice);

   (b) Notwithstanding any indemnification provisions of the Tax Services Agreement to the contrary, the Debtors shall have no obligation to indemnify EY LLP or provide contribution or reimbursement to EY LLP for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from EY LLP's fraud, bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of EY LLP's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c), beneath, to be a claim or expense for which EY LLP should not receive indemnity, contribution or reimbursement under the terms of the Tax Services Agreement, as modified by this Order; and

   (c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become final and no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, EY LLP believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Tax Services Agreement (as modified by this Order), including without limitation the advancement of defense costs, EY LLP must file an application therefor in this Court, and the Debtors may not pay any such amounts to EY LLP before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for compensation

and expenses by EY LLP for indemnification, contribution or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify EY LLP.

9. EY LLP may subcontract with its affiliates or other persons and entities in accordance with the Tax Services Agreement and the Application, including, but not limited to, Ernst & Young Puerto Rico, Ernst & Young Han Young (Korea) (each such subcontractor, a "Subcontractor"); provided that: EY LLP shall file with the Court a Supplementary Affidavit (the "Supplementary Affidavit") substantially in the form attached as Attachment 1 hereto in which: (1) the Subcontractor is identified; (2) the services to be performed by the Subcontractor are described in reasonable detail; (3) the Subcontractor identifies any connection with (a) the Debtors and their affiliates, (b) the U.S. Trustee (as defined below), Assistant United States Trustee, and United States Trustee Trial Attorney for Region 3 assigned to these cases, (c) the Honorable Kevin Gross, United States Bankruptcy Judge, and (d) the forty largest unsecured creditors of the Debtors as disclosed by the Debtors in these cases; and (4) a representation is made with respect to the parties set forth in 3(a) through 3(d) herein that there is an absence of any interest adverse to the Debtors or their estates in the matters for which such Subcontractor is to be subcontracted.

10. The Supplementary Affidavit shall be served upon (a) the Debtors, (b) the Office of the U.S. Trustee, (c) counsel for the Official Committee of Unsecured Creditors, and (d) counsel to the ad hoc group of bondholders (collectively, the "Notice Parties"). The Notice Parties shall have twenty (20) days from the date of service of the Supplementary Affidavit to object to the subcontracting of the Subcontractor. Objections, if any, shall be served on the Notice Parties and EY LLP on or before the objection deadline. Upon the filing of such objection, the Debtors are authorized to schedule the matter for hearing before the Court at the first regularly scheduled omnibus hearing in these cases that is at least fifteen (15) days after the

date of the filing of the objection. EY LLP shall be entitled to payment of fees and expenses for any services provided by such Subcontractors while the notice period is pending and prior to a hearing on any such objection. If no such objection is timely filed, the Subcontractor is authorized to provide the services without further order of the Court.

11. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

12. Notwithstanding anything in this Order to the contrary, the United States Trustee for the District of Delaware (the "U.S. Trustee") shall retain all rights to object to the fees, including without limitation the fixed fees for the 2011 EY Core Services, based on the reasonableness standard provided for in section 330 of the Bankruptcy Code. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of EY LLP's compensation and expense reimbursements under sections 330 and 331 of the Bankruptcy Code. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of EY LLP's compensation.

13. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March 23, 2011
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE