## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTEL NETWORKS INC., *et al.* | ) | Case No. 09-10138 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Re: Docket No. 5169** |
| | ) | |
| | ) | |

**AFFIDAVIT OF MISTY KAWECKI IN SUPPORT OF GENBAND'S
FURTHER OBJECTION TO THE DEBTORS' MOTION FOR
ENTRY OF AN ORDER ENFORCING THE ORDER
AUTHORIZING THE SALE OF CERTAIN ASSETS OF THE DEBTORS'
CARRIER VOICE OVER IP AND APPLICATION SOLUTIONS BUSINESS,
AND DIRECTING THE RELEASE OF CERTAIN ESCROWED FUNDS**

| | | |
|---|---|---|
| STATE OF TEXAS | ) | |
| | ) | ss: |
| COUNTY OF COLLIN | ) | |

Misty Kawecki, CPA, being duly sworn, hereby deposes and says:

1.     I am Corporate Controller and Vice President of Finance for GENBAND

Holdings Company ("GENBAND Holding"). In that role, it is my responsibility to oversee all

accounting applications and controls for subsidiaries of GENBAND Holding, including

GENBAND US LLC ("GENBAND"). I have 15 years of accounting experience, having worked

previously for McAfee, Inc (as Senior Director, Worldwide Revenue), Electronic Data Systems

(as US GAAP Consultant), and Ernst & Young LLP (Assurance and Advisory Services).

2.     I submit this affidavit (the "Affidavit") in support of GENBAND's

*Further Objection to the Debtors' Motion for Entry of an Order Enforcing the Order Authorizing*

*the Sale of Certain Assets of the Debtors' Carrier Voice Over IP and Application Solutions*

*Business, and Directing the Release of Certain Escrowed Funds* ("GENBAND's Objection").

All terms used but not otherwise defined herein shall have the meaning ascribed to them in that

certain Asset Sale Agreement, dated as of December 22, 2009, by and among Nortel Networks

Inc. (collectively, with Nortel Networks Corporation and Nortel Networks Limited, "Nortel,"),

GENBAND, and the entities identified as sellers therein (the "ASA").

3.      I am informed that Nortel and Verizon Services Corp. ("Verizon") entered

into a General Product Purchase Agreement for Softswitch and TDM Products and Services (the

"GPPA Agreement"). It is also my understanding that the GPPA Agreement was assigned to

GENBAND as part of the transactions associated with the ASA.

4.      I am informed that GENBAND and Verizon, after the GPPA Agreement

was assigned to GENBAND, negotiated and agreed that Verizon would pay GENBAND for the

use of licenses relevant to the GPPA Agreement.

5.      I am informed that Nortel now claims that any payment made by Verizon

to GENBAND should be characterized as "accounts receivable" of Nortel. That position is

untenable from an accounting perspective. Nortel did not record any amounts owed by Verizon

as "accounts receivable" prior to the Closing Date of the ASA. Nortel could not have recorded

any amount owed by Verizon as "accounts receivable" at that time because there was no way to

know how much Verizon owed or would pay. Any payment by Verizon was at best unclear and

at worst uncertain. As such, any amounts Nortel asserts Verizon owed to it could not have been

characterized as "accounts receivable" at the time of Closing.

6.      I am informed that Nortel claims that because amounts negotiated and

agreed to be paid by Verizon—after the GPPA Agreement was assigned to GENBAND and

Closing of the ASA—are not "Construction-in-Process Accounts," these amounts are therefore

"accounts receivable." But, as explained above, any amounts received from Verizon by GENBAND cannot be "accounts receivable" of Nortel, and the fact that they are not "Construction-in-Process Accounts" does not alter that fact.

7.      Finally, it is my understanding that Nortel claims that all "accounts receivable"—"whether billed or unbilled"—are Excluded Assets under the ASA. That characterization, however, does not comport with generally accepted accounting principles. Financial Accounting Standards Board ("FASB") Topic 450 states that a gain contingency is "[a]n existing condition, situation, or set of circumstances involving uncertainty as to possible gain to an entity that will ultimately be resolved when one or more future events occur or fail to occur." Topic 450 goes on to state that "[a] contingency that might result in a gain usually should not be reflected in the financial statements because to do so might be to recognize revenue before its realization." Put simply, an "unbilled account receivable" is not an account receivable, because it has not been placed on the books of the business. It is not an account receivable until it is characterized as that on a company's books and records, once GAAP permits such characterization. Neither of these conditions existed at the time of Closing.

8.      The foregoing is true and correct to the best of my knowledge, information, and belief.

Sworn to before me this
28th day of March 2011

_____
Notary Public

KAREN EVES
Notary Public, State of Texas
My Commission Expires
July 09, 2013

By: _____
Misty Kawecki

4

NY\1788585.1