IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: : <br> NORTEL NETWORKS INC., et al., <br><br> Debtors. | Chapter 11 <br><br> Case No. 09-10138-KG |
| TRUSTEE OF NORTEL NETWORKS <br> U. K. PENSION PLAN AND BOARD OF <br> THE PENSION PROTECTION FUND, <br><br> Appellants, <br><br> v. <br><br> NORTEL NETWORKS INC., et al., and <br> the COMMITTEE OF UNSECURED <br> CREDITORS, <br><br> Appellees. | C.A. No. 10-230-LPS |

## MEMORANDUM ORDER

At Wilmington this 29th day of March, 2011, having considered the Report and Recommendation issued by Magistrate Judge Mary Pat Thynge on August 5, 2010 ("R&R") (D.I. 49),[1] Appellants' objections thereto (D.I. 50), and Appellees' responses thereto (D.I. 51; D.I. 52), and having reviewed the record *de novo* pursuant to 28 U.S.C. § 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3);

---

[1] The Trustee of Nortel Networks UK ("NNUK") Pension Plan (the "Trustee") and the Board of the Pension Protection Fund (the "PPF," and with the Trustee, "Appellants") appealed from a decision by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") which enforced the automatic stay against Appellants with respect to their participation against Nortel Networks, Inc., et al. (the "Debtors") in certain administrative proceedings in the U.K. (D.I. 1) In her R&R, Judge Thynge recommended that the "April 30, 2010 decision" of the Bankruptcy Court be affirmed. (D.I. 49 at 15) As will be discussed further *infra*, however, it is plain, from the context, that the recited date of decision is an obvious clerical error. (*See id.* at 1-2; D.I. 1)

1

IT IS ORDERED that the Appellants' objections (D.I. 50) are overruled, and the Report and Recommendation is accepted and adopted, with slight modification,[2] for the reasons that follow:

1. Standard of Review. A "district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court may also receive further evidence or return the matter to the magistrate judge with instructions for further proceedings. *Id.*

2. Objections. Before the Court is an appeal filed by the Trustee and the PPF from the February 26, 2010 order of the Bankruptcy Court enforcing the automatic stay against these two parties with respect to their participation in certain U.K. Pension Proceedings.[3] (D.I. 1) Pursuant

---

[2] As referenced *supra*, although Judge Thynge recommended that the "April 30, 2010 decision" of the Bankruptcy Court be affirmed, the Court recognizes that this date is an error. At the beginning of her R&R, Judge Thynge stated that before the Court was an appeal from the Bankruptcy Court's February 26, 2010 Order Enforcing the Automatic Stay Against Certain Claimants With Respect to the U.K. Pension Proceedings (the "Automatic Stay Order") and its March 9, 2010 Memorandum Opinion (the "Opinion"). (D.I. 49 at 1) Judge Thynge then noted that she "recommends the orders of the Bankruptcy Court be affirmed." (*Id.* at 2) Moreover, while it is true that the decision of the Bankruptcy Court enforcing the automatic stay against Appellants with respect to their participation against the Debtors in certain U.K. administrative proceedings is set forth in the Bankruptcy Court's February 26, 2010 Automatic Stay Order and is further detailed in its subsequently issued March 9, 2010 Opinion, for clarity, the sole order on appeal is the Automatic Stay Order. (*See* D.I. 1) Therefore, in its adoption of the R&R, the Court is ordering the affirmance of the February 26, 2010 Automatic Stay Order only.

[3] As summarized by the Appellees, the U.K. Pensions Regulator ("TPR") initiated a post-petition proceeding to assess liability for NNUK's pension obligations through issuance of a Financial Support Direction against two of the Debtors and other foreign Nortel entities. (D.I. 51 at 1; *see also* D.I. 52 at 8-9; D.I. 1-1) Currently, the automatic stay bars Appellants -- who have filed proofs of claim in the Bankruptcy Court -- from participating in the U.K. Pension

2

to the Automatic Stay Order, to the extent that either the Trustee or the PPF take part in the U.K. Pension Proceedings as to any Debtors, such involvement would be in violation of the automatic stay and subject the participants to sanctions under Section 362 of the Bankruptcy Code. (D.I. 1-1 at 5) The Bankruptcy Court thereafter issued its detailed Opinion providing the substance of the court's findings and its rationale for enforcing the automatic stay. (D.I. 1-2 at 1-2)

Judge Thynge recommended that the Bankruptcy Court's decision be affirmed. In objecting to the recommendations, Appellants assert that: (i) the magistrate judge applied an erroneous standard of review – abuse of discretion – to the Automatic Stay Order, as opposed to conducting a proper *de novo* review;[4] (ii) the magistrate judge and Bankruptcy Court incorrectly construed the police power or regulatory exception to the automatic stay too narrowly; (iii) the magistrate judge and Bankruptcy Court incorrectly determined that the regulatory exception did not apply; and (iv) the magistrate judge incorrectly concluded that the Bankruptcy Court did not err by discussing potential prejudice to the Debtors. (*See generally* D.I. 50)

Appellees dismiss the suggestion that Judge Thynge gave "unwarranted deference" to the Bankruptcy Court, contending that Judge Thynge's invocation of the "abuse of discretion" standard was nominal, and that in substance her decision demonstrates that she properly

---

Proceedings, which seek to fix, liquidate, and quantify those claims against certain of the Debtors. (D.I. 51 at 1; D.I. 52 at 8-9; *see also* D.I. 1-1 at 5; *see generally* D.I. 1-2)

[4]As Appellees observe, "Appellants place great emphasis (Objection at 2) on Judge Thynge's misdescription of the Bankruptcy Court's decision below as one 'denying . . . relief from the automatic stay' (R&R at 1) rather than 'granting the Appellees' motion to enforce the automatic stay.' (Objection at 2.)." (D.I. 52 at 2 n.6) The Court agrees with Appellees that "[l]ooking at the substance of Judge Thynge's decision, however, there is no doubt that the Judge applied the correct standard – *de novo* review – to the central issue of whether the police power exception to the automatic stay applies to the U.K. Administrative Proceedings." (D.I. 52 at 3 n.6)

3

reviewed the Bankruptcy Court's factual findings for clear error and its legal conclusions *de novo*. (D.I. 51 at 1-3; D.I. 52 at 1-3) Appellees further submit that the only part of Judge Thynge's analysis in which she stated that "the Bankruptcy Court did not abuse its discretion" was with respect to the Bankruptcy Court's consideration of comity, which was proper. (D.I. 51 at 1-2; D.I. 52 at 3 n.7)

Appellees also contend that Section 362(b)(4)'s regulatory power exception to the automatic stay does not apply to Appellants' participation in the U.K. Pension Proceedings. Appellees offer that: (i) Judge Thynge properly determined that the regulatory exception to the automatic stay is to be narrowly construed here, in the context of foreign administrative proceedings; (ii) the Bankruptcy Court properly determined that the exception does not apply because neither of the Appellants is a governmental unit (plus Appellants have waived any argument to the contrary); (iii) even if Appellants were governmental units, the regulatory exception would not apply to them because they are pursuing private, pecuniary interests (plus they have waived any argument to the contrary); and (iv) the regulatory exception does not apply to TPR because TPR seeks to secure Appellants' pecuniary interests and adjudicate private rights. (*See* D.I. 51 at 1-9; D.I. 52 at 2, 3-9)

Finally, Appellees submit that *after* undertaking a thorough analysis of § 362(b)(4), and *after* having decided as a matter of law that the regulatory exception does not apply, the Bankruptcy Court discussed the prejudice to the Debtors arising from failure to enforce the automatic stay in dicta; hence, there was no improper reliance upon prejudice. (D.I. 51 at 1-2, 9-10; D.I. 52 at 2, 9-10)

3. Discussion. Reviewing the R&R, *de novo*, with respect to the objections lodged, the

Court concludes that Judge Thynge did not err in her conclusions with respect to the Bankruptcy Court's findings of fact and its legal determinations. It is evident that Judge Thynge thoroughly reviewed the record against the appropriate authority and positions of the parties. The Court agrees and fully adopts the rationale set forth in the R&R. Accordingly, the February 26, 2010 Automatic Stay Order IS HEREBY AFFIRMED.

_____
Honorable Leonard P. Stark
UNITED STATES DISTRICT JUDGE