**UNITED STATES (U.S.) BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**
In re: Nortel Networks Inc. et al [(1)]
Cases No. 09-10138 – 09-10152 (KG) Jointly Administered
Reporting Period: January 1, 2011 through January 31, 2011

**MONTHLY OPERATING REPORT**
**No. 24**

| REQUIRED DOCUMENTS | Form No. | Document Attached | Affidavit/ Supplement Attached |
|---|---|---|---|
| Condensed Combined Debtors-In-Possession Statement of Operations for the period from January 1, 2011 through January 31, 2011 | MOR-1 | X | |
| Condensed Combined Debtors-In-Possession Balance Sheets as of January 31, 2011 | MOR-2 | X | |
| Condensed Combined Debtors-In-Possession Statement of Cash Flows for the period from January 1, 2011 through January 31, 2011 | MOR-3 | X | |
| Notes to Monthly Operating Report | MOR-4 | X | |
| Schedule of Cash Disbursements | MOR-5 | | |
|   Disbursements by Petitioning Entity | A | X | |
|   Bank Account Information | B | X | |
| Changes in Balances with Debtors and Non-Debtors | MOR-6 | X | |
| Status of Post-Petition Taxes | MOR-7 | See Debtor Questionnaire | |
| Summary of Unpaid Post-Petition Debts | MOR-8 | See MOR-2 Schedule | |
| Summary Accounts Payable Aging Schedule | MOR-8 | See Debtor Questionnaire | |
| Summary Accounts Receivable Aging Schedule | MOR-8 | See Debtor Questionnaire | |
| Debtor Questionnaire | MOR-9 | X | |

I declare under penalty of perjury (28 U.S.C. Section 1746) that this report and the attached documents are true and correct to the best of my knowledge and belief.

**RESPONSIBLE PARTY AND PREPARER:**

_____                                    March 31, 2011
John J. Ray III – Principal Officer of each of the U.S. Debtors

_____

([1]) The U.S. Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel AltSystems, Inc. (9769), Nortel AltSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226) (together, the "U.S. Debtors").  Addresses for the U.S. Debtors can be found in the U.S. Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

MOR-1

**U.S.  BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**
**In re: Nortel Networks Inc. et al**
**Cases No. 09-10138 – 09-10152 (KG) Jointly Administered**
**Condensed Combined Debtors-In-Possession Statement of Operations**
**Reporting Period: January 1, 2011 through January 31, 2011**
**(Unaudited)**
**(In millions of U.S. dollars)**

| | NNI | | All Other | |
|---|---|---|---|---|
| Total revenues | $ | 6 | $ | - |
| Total cost of revenues | | 5 | | - |
| Gross profit (loss) | | 1 | | - |
| Selling, general and administrative expense | | 10 | | - |
| Research and development expense | | - | | - |
| Other operating expense (income) - net | | (14) | | - |
| Operating earnings (loss) | | 5 | | - |
| Other income (expense) - net | | 3 | | - |
| Interest expense | | - | | - |
| Earnings (loss) from continuing operations before reorganization items, income taxes and equity in net earnings (loss) of associated companies | | 8 | | - |
| Reorganization items - net | | (8) | | - |
| Earnings (loss) from continuing operations before income taxes and equity in net earnings (loss) of associated companies | | - | | - |
| Income tax benefit (expense) | | - | | - |
| Earnings (loss) from continuing operations before equity in net earnings (loss) of associated companies | | - | | - |
| Equity in net earnings (loss) of associated companies - net of tax | | - | | - |
| Equity in net earnings (loss) of non-Debtor subsidiaries - net of tax | | - | | - |
| Net earnings (loss) from continuing operations | $ | - | $ | - |
| Net earnings (loss) from discontinued operations - net of tax | | (2) | | - |
| Net earnings (loss) | $ | (2) | $ | - |
| Income attributable to noncontrolling interests | | - | | - |
| Net earnings (loss) attributable to U.S. Debtors | $ | (2) | $ | - |

The Condensed Combined Debtors-In-Possession Statement of Operations of each Reporting Group contained herein was derived from the books and records of the U.S. Debtors (as defined herein). The amounts reflected in these condensed combined financial statements are unaudited. The accompanying notes and schedules are an integral part of the condensed combined financial statements.

MOR-2

**U.S. BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**
**In re: Nortel Networks Inc. et al**
**Cases No. 09-10138 – 09-10152 (KG) Jointly Administered**
**Condensed Combined Debtors-In-Possession Balance Sheet**
**As of January 31, 2011**
**(Unaudited)**
**(In millions of U.S. dollars)**

|  | NNI | All Other |
|---|---:|---:|
| **Current assets** | | |
| Cash and cash equivalents | $ 996 | $ 52 |
| Restricted cash and cash equivalents | 27 | - |
| Accounts receivable - net | 10 | - |
| Intercompany accounts receivable | 193 | 42 |
| Inventories - net | 7 | - |
| Other current assets | 83 | - |
| Assets held for sale | 57 | - |
| Assets of discontinued operations | 6 | - |
| **Total current assets** | 1,379 | 94 |
| Investments in non-Debtor subsidiaries | (3) | 1 |
| Plant and equipment - net | 45 | - |
| Other assets | 117 | - |
| **Total assets** | $ 1,538 | $ 95 |
| | | |
| **Current liabilities not subject to compromise** | | |
| Trade and other accounts payable | $ 27 | $ - |
| Intercompany accounts payable | 32 | 4 |
| Payroll and benefit-related liabilities | 47 | - |
| Contractual liabilities | 1 | - |
| Restructuring liabilities | 3 | - |
| Other accrued liabilities | 45 | - |
| Income taxes | 4 | - |
| Liabilities held for sale | 2 | - |
| Liabilities of discontinued operations | 13 | - |
| **Total current liabilities not subject to compromise** | 174 | 4 |
| Restructuring | 2 | - |
| Deferred income and other credits | 6 | - |
| Post-employment benefits | 3 | - |
| **Total liabilities not subject to compromise** | 185 | 4 |
| Liabilities subject to compromise (note 4) | 5,558 | 180 |
| Liabilities subject to compromise of discontinued operations | 95 | - |
| **Total liabilities** | 5,838 | 184 |
| | | |
| Common shares | - | 751 |
| Preferred shares | - | 63 |
| Additional paid-in capital | 17,746 | 12,582 |
| Accumulated deficit | (22,066) | (13,484) |
| Accumulated other comprehensive income (loss) | 20 | (1) |
| **Total U.S. Debtors shareholders' deficit** | (4,300) | (89) |
| Noncontrolling interests | - | - |
| **Total shareholders' deficit** | (4,300) | (89) |
| **Total liabilities and shareholders' deficit** | $ 1,538 | $ 95 |

The Condensed Combined Debtors-In-Possession Balanced Sheet of each Reporting Group contained herein was derived from the books and records of the U.S. Debtors. The amounts reflected in these condensed combined financial statements are unaudited. The accompanying notes and schedules are an integral part of the condensed combined financial statements.

3

MOR-3

**U.S. BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**
**In re: Nortel Networks Inc. et al**
**Cases No. 09-10138 – 09-10152 (KG) Jointly Administered**
**Condensed Combined Debtors-In-Possession Statement of Cash Flows**
**Reporting Period: January 1, 2011 through January 31, 2011**
**(Unaudited)**
**(In millions of U.S. dollars)**

| | NNI | All Other |
|---|---|---|
| **Cash flows from (used in) operating activities** | | |
| Net earnings (loss) attributable to U.S. Debtors | $ (2) | $ - |
| Net loss (earnings) from discontinued operations - net of tax | 2 | - |
| Adjustments to reconcile net loss from continuing operations to net cash from | | |
| (used in) operating activities, net of effects from acquisitions and divestitures of businesses: | | |
| Amortization and depreciation | 2 | - |
| Equity in net earnings of associated companies | - | - |
| Pension and other accruals | 1 | - |
| Reorganization items - non cash | 5 | - |
| Other - net | 7 | - |
| Change in operating assets and liabilities | (20) | - |
| Net cash from (used in) operating activities - continuing operations | (5) | - |
| Net cash from (used in) operating activities - discontinued operations | - | - |
| Net cash from (used in) operating activities | (5) | - |
| **Cash flows from (used in) investing activities** | | |
| Change in restricted cash and cash equivalents | (1) | - |
| Proceeds from the sales of investments and businesses and assets - net | 1 | - |
| Net cash from (used in) investing activities - continuing operations | - | - |
| Net cash from (used in) investing activities - discontinued operations | - | - |
| Net cash from (used in) investing activities | - | - |
| **Cash flows from (used in) financing activities** | | |
| Net cash from (used in) financing activities - continuing operations | - | - |
| Net cash from (used in) financing activities - discontinued operations | - | - |
| Net cash from (used in) financing activities | - | - |
| Effect of foreign exchange rate changes on cash and cash equivalents | - | - |
| **Net cash from (used in) continuing operations** | **(5)** | **-** |
| **Net cash from (used in) discontinued operations** | **-** | **-** |
| **Net increase (decrease) in cash and cash equivalents** | **(5)** | **-** |
| **Cash and cash equivalents at beginning of the period (January 1, 2011)** | **1,001** | **52** |
| **Cash and cash equivalents of continuing operations at end of the period (January 31, 2011)** | **$ 996** | **$ 52** |

The Condensed Combined Debtors-In-Possession Statement of Cash Flows of each Reporting Group contained herein was derived from the books and records of the U.S. Debtors. The amounts reflected in these condensed combined financial statements are unaudited. The accompanying notes and schedules are an integral part of the condensed combined financial statements.

MOR-4

**NORTEL NETWORKS INC. et al**
**(DEBTORS-IN-POSSESSION)**
**NOTES TO MONTHLY OPERATING REPORT No. 24 (UNAUDITED)**
**(In millions of U.S. dollars)**

**1. Reservation of Rights:**

Nothing contained in this Monthly Operating Report shall constitute a waiver of any of the rights of the Debtors (as defined herein) or an admission with respect to their Chapter 11 Proceedings (as defined herein), including, but not limited to, matters involving objections to claims, substantive consolidation, equitable subordination, defenses, ultimate allocation of proceeds from sales among debtor estates, characterization or re-characterization of contracts, assumption or rejection of contracts under the provisions of chapter 3 of title 11 of the United States Code ("Bankruptcy Code") and/or causes of action under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable laws to recover assets or avoid transfers.

**2. Background and Organization:**

Prior to Nortel's significant business divestitures, Nortel Networks Corporation ("NNC") and its subsidiaries (collectively "Nortel"), including the U.S. Debtors (as defined below), was a global supplier of end-to-end networking products and solutions serving both service providers and enterprise customers. Nortel's technologies spanned access and core networks and supported multimedia and business-critical applications. Nortel's networking solutions consisted of hardware, software and services. Nortel designed, developed, engineered, marketed, sold, licensed, installed, serviced and supported these networking solutions worldwide.

***Creditor Protection Proceedings*** - On January 14, 2009 ("Petition Date"), Nortel Networks Inc. ("NNI"), Nortel Networks Capital Corporation ("NNCC") and certain other of Nortel's U.S. subsidiaries, initiated Creditor Protection Proceedings in the U.S. Bankruptcy Court for the District of Delaware ("U.S. Court") under the Bankruptcy Code ("Chapter 11 Proceedings"), several of our Canadian affiliates ("Canadian Debtors"), including our ultimate parent company, NNC, initiated Creditor Protection Proceedings in Canada at the Ontario Superior Court of Justice ("Canadian Court") under the Companies' Creditors Arrangement Act ("CCAA"), and several of our affiliates in Europe, Middle East and Africa ("EMEA") ("EMEA Debtors") initiated Creditor Protection Proceedings in the United Kingdom under the Insolvency Act 1986 and, subsequently, in Israel, followed by secondary proceedings in France. On July 14, 2009, Nortel Networks (CALA) Inc. ("NNCI"), an affiliate of NNI, initiated Chapter 11 Proceedings. On July 17, 2009, the U.S. Court entered an order that provided for the joint administration of NNCI's case with the pre-existing cases of the other U.S. Debtors. As a result, NNCI is included as a Debtor in the financial statements herein. Collectively, all entities under the Creditor Protection Proceedings are referred to as the "Debtors". Those entities operating in Chapter 11 Proceedings are referred to as the "Debtors in Possession" or the "U.S. Debtors." During the Creditor Protection Proceedings, the businesses of the Debtors continue to operate under the jurisdictions and orders of the applicable courts and in accordance with applicable legislation.

As of January 31, 2011, the U.S. Debtors consisted of the following entities:

| U.S. Debtors | Case no. |
|---|---|
| Nortel Networks Inc. | 09-10138 |
| Nortel Networks Capital Corporation | 09-10139 |
| Nortel Networks International, Inc. | 09-10150 |
| Nortel AltSystems, Inc. | 09-10140 |
| Nortel AltSystems International, Inc. | 09-10141 |
| Architel Systems (U.S.) Corporation | 09-10149 |
| CoreTek, Inc. | 09-10145 |
| Nortel Networks Applications Management Solutions Inc. | 09-10146 |
| Nortel Networks Cable Solutions Inc. | 09-10152 |
| Nortel Networks Optical Components Inc. | 09-10147 |
| Nortel Networks HPOCS Inc. | 09-10148 |
| Northern Telecom International Inc. | 09-10151 |
| Qtera Corporation | 09-10144 |
| Sonoma Systems | 09-10143 |
| Xros, Inc. | 09-10142 |
| Nortel Networks (CALA) Inc. | 09-12515 |

Under the Bankruptcy Code, the U.S. Debtors may assume, assume and assign, or reject certain executory contracts including unexpired leases, subject to the approval of the U.S. Court and certain other conditions.

The accompanying unaudited condensed combined financial statements do not include the effects of all current or future claims relating to the Creditor Protection Proceedings. Certain claims filed may have priority over those of the U.S. Debtors' unsecured creditors. The Debtors are reviewing all claims filed and have commenced the claims reconciliation process. Differences between claim amounts determined by the Debtors and claim amounts filed by creditors will be investigated and resolved pursuant to a claims resolution process approved by the relevant court or, if necessary, the relevant court will make a final determination as to the amount, nature and validity of claims. Certain claims that have been filed may be duplicative (particularly given the multiple jurisdictions involved in the Creditor Protection Proceedings), based on contingencies that have not occurred, or may be otherwise overstated, and would therefore be subject to revision or disallowance. The settlement of claims cannot be finalized until the relevant creditors and courts approve a plan. In light of the number of creditors of the Debtors, the claims resolution process may take considerable time to complete.

In connection with the claims resolution process, the U.S. Debtors have been contacted by the Law Debenture Trust Company of New York ("Law Debenture Trust"), trustee under the indenture dated as of February 15, 1996, among NNCC, NNL, as guarantor, and The Bank of New York, as trustee. The Bank of New York was succeeded by Law Debenture Trust under that indenture. Law Debenture Trust has requested that the U.S. Debtors file a copy of that certain Support Agreement, dated as of February 15, 1996, between NNI and NNCC (the "Support Agreement") with this Monthly Operating Report. In response to this request, the U.S. Debtors attach the Support Agreement hereto as Exhibit A.

For further information on matters preceding the filing of this Monthly Operating Report, users should refer to prior Monthly Operating Reports. Users are also referred to the Bankruptcy Court docket for these Chapter 11 Proceedings.

**3. Basis of Presentation:**

The financial statements contained herein were not intended to reconcile to any financial statements otherwise prepared or distributed by the Debtors or any of the Debtors' affiliates. Significant efforts have been put forth to attribute the assets and liabilities to the proper legal entity. However, because the Debtors' accounting systems, policies, and practices were developed with a view to producing consolidated reporting, rather than by legal entity, it is possible that not all assets or liabilities have been recorded at the correct legal entity. Accordingly, the Debtors reserve all rights to supplement or amend any financial statements contained in this Monthly Operating Report.

The Monthly Operating Report is limited in scope, covers a limited time period, and has been prepared solely for the purpose of complying with the monthly reporting requirements of the Bankruptcy Court and the United States Trustee. The information presented herein has not been subject to all procedures that would typically be applied to financial information presented in accordance with U.S. Generally Accepted Accounting Principles ("U.S. GAAP"). Therefore, the Debtors caution readers not to place undue reliance upon the information contained in this Monthly Operating Report. The results of operations herein are not necessarily indicative of results which may be expected from any other period or for the full year and may not necessarily reflect the combined results of operations, financial position and cash flows of U.S. Debtors in the future.

As part of their operations and restructuring efforts, the Debtors are reviewing their assets and liabilities on an ongoing basis, including without limitation with respect to intercompany claims and obligations, and nothing contained in this Monthly Operating Report shall constitute a waiver of any of the Debtors' rights with respect to such assets, liabilities, claims and obligations that may exist.

The financial statements contained herein represent the unaudited condensed combined financial statements for the U.S Debtors only. The U.S. Debtors' non-Debtor subsidiaries are treated as non-consolidated subsidiaries in these financial statements and as such their net loss is included as "Equity in net earnings (loss) from non-Debtor subsidiaries - net of tax" in the statement of operations and their net assets are included as "Investments in non-Debtor subsidiaries" in the balance sheet. The U.S. Debtors' financial statements contained herein have been prepared in accordance with the guidance in Financial Accounting Standards Board Accounting Standards Codification 852 "Reorganizations".

The unaudited condensed combined financial statements have been derived from the books and records of the U.S. Debtors. The presentation combines the U.S. Debtors into two Reporting Groups (the Reporting Groups have now been combined into two groups from three) consistent with the companies' ownership structure with consideration to its status as operating or non-operating and activities as follows:

● **NNI** Reporting Group: Nortel Networks Inc. and its U.S. Debtor subsidiaries Nortel Networks Capital Corporation, Nortel Networks Cable Solutions Inc., Nortel Networks International, Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Nortel Networks (CALA) Inc., Northern Telecom International Inc. and Qtera Corporation; and

● **All Other** Reporting Group: Nortel AltSystems, Inc., Nortel AltSystems International, Inc., Architel Systems (U.S.) Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions, Inc., Sonoma Systems and Xros Inc.

**4. Liabilities Subject to Compromise:**

The following tables set forth the U.S. Debtors' estimated liabilities subject to compromise as of January 31, 2011:

| | NNI | | All Other | |
|---|---|---|---|---|
| Trade and other accounts payable | $ | 178 | $ | - |
| Accounts payable intercompany | | 339 | | 53 |
| Restructuring liabilities | | 127 | | - |
| Contingent liability for NNI's debt guarantee | | 3,936 | | - |
| Long-term debt | | 180 | | - |
| Financial obligations | | 41 | | - |
| Pension obligations | | 445 | | - |
| Postretirement obligations other than pensions | | 275 | | - |
| Notes and interest payable intercompany | | - | | 127 |
| Other | | 37 | | - |
| Total liabilities subject to compromise | $ | 5,558 | $ | 180 |

MOR-5A

**U.S. BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**
**In re: Nortel Networks Inc. et al**
**Cases No. 09-10138 – 09-10152 (KG) Jointly Administered**
**Schedule of Cash Disbursements by Petitioning Entity**
**Reporting Period: January 1, 2011 through January 31, 2011**
**(Unaudited)**
**(In millions of U.S. dollars)**

| In re: Nortel Networks Inc. et al | Case # | Payments | |
|---|---|---|---|
| Nortel Networks Inc. [1] | 09-10138 | $ | 46 |
| Nortel Networks Capital Corporation | 09-10139 | | - |
| Nortel AltSystems, Inc. | 09-10140 | | - |
| Nortel AltSystems International, Inc. | 09-10141 | | - |
| Xros Inc. | 09-10142 | | - |
| Sonoma Systems | 09-10143 | | - |
| Qtera Corporation | 09-10144 | | - |
| Coretek, Inc. | 09-10145 | | - |
| Nortel Networks Applications Management Solutions, Inc. | 09-10146 | | - |
| Nortel Networks Optical Components Inc. | 09-10147 | | - |
| Nortel Networks HPOCS Inc. | 09-10148 | | - |
| Architel Systems (U.S.) Corporation | 09-10149 | | - |
| Nortel Networks International, Inc. | 09-10150 | | - |
| Northern Telecom International Inc. | 09-10151 | | - |
| Nortel Networks Cable Solutions Inc. | 09-10152 | | - |
| Nortel Networks (CALA) Inc. | 09-12515 | | 1 |
| Total Payments | | $ | 47 |

(1) NNI is the centralized disbursement entity for multiple U.S. Debtors and non-Debtors and accordingly makes payments, both by wire and checks, for multiple U.S. Debtors and non-Debtors. Individual U.S. Debtor disbursements have been separated from NNI and listed under specific individual U.S. Debtors. However, disbursements made for the benefit of NNI as well as other U.S. Debtors and/or non-Debtors are still consolidated with NNI for financial reporting purposes.

**MOR-5B**

**U.S. BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**
**In re: Nortel Networks Inc. et al**
**Cases No. 09-10138 – 09-10152 (KG) Jointly Administered**
**Existing Bank Account Information**
**Reporting Period: January 1, 2011 through January 31, 2011**
**(Unaudited)**
**(In millions of U.S. dollars)**

| Legal Entity | Bank | Account Type | Lockbox/Account | Bank Balance |
|---|---|---|---|---|
| Nortel Networks Inc. | Bank of America | Receipts | 3750819519 | $          1 |
| Nortel Networks Inc. | Bank of America | Receipts | 3750886432 | 2 |
| Nortel Networks Inc. | Bank of America | Lockbox (Receipts) | Box 3985 | - |
| Nortel Networks Inc. | Bank of America | Payroll | 0101183623 | 1 |
| Nortel Networks Inc. | Bank of America | Health & Welfare Trust | 7206010001650 | - |
| Nortel Networks Inc. | Citibank NA | Main Concentration | 30463444 | 13 |
| Nortel Networks Inc. | Citibank NA | Receipts | 30508403 | 1 |
| Nortel Networks Inc. | Citibank NA | Lockbox (Receipts) | Box 2937 | - |
| Nortel Networks Inc. | Citibank NA | Disbursement (EVS) | 30509086 | - |
| Nortel Networks Inc. | Citibank NA | Disbursement (AP) | 30580851 | 4 |
| Nortel Networks Inc. | Citibank NA | Receipts (Credit Card) | 30509078 | - |
| Nortel Networks Inc. | Citibank NA | CDMA Good Faith Deposit | 40773075 | - |
| Nortel Networks Inc. | Citibank NA | Flexible Benefits | 30614505 | - |
| Nortel Networks Inc. | Citibank NA | Good Faith Deposits | 30810143 | - |
| Nortel Networks Inc. | Citibank NA | Good Faith Deposits | 30812798 | - |
| Nortel Networks Inc. | Citibank NA | Flextronics Trust | 30807059 | - |
| Nortel Networks Inc. | Citibank Delaware | Disbursement (Sales & Use Tax) | 38660426 | - |
| Nortel Networks Inc. | Citibank Delaware | Disbursement (EVS) | 38659062 | 1 |
| Nortel Networks Inc. | Citibank Delaware | Checking | 38696453 | 2 |
| Nortel Networks Inc. | Citibank Delaware | Benefits-Cigna Travel Well | 38659097 | 1 |
| Nortel Networks Inc. | Citibank Delaware | Benefits-US-Cigna Expat | 38659089 | - |
| Nortel Networks Inc. | Citibank Delaware | Utilities Order | 38794977 | 1 |
| Nortel Networks Inc. | Citibank Canada | Disbursement (AP) | 2010621007 | - |
| Nortel Networks Inc. | JP Morgan Chase | General | 887400521 | - |
| Nortel Networks Inc. | JP Morgan Chase | Money Market Deposit Acct [2] | 887400539 | 807 |
| Nortel Networks Inc. | JP Morgan Chase | Flextronics Trust | 887400562 | 11 |
| Nortel Networks Inc. | JP Morgan Chase | General | 887400570 | 1 |
| Nortel Networks Inc. | Deutsche Bank | Brokerage | 400519 | - |
| Nortel Networks Inc. | Morgan Stanley | Brokerage | 293 058697 502 | - |
| Nortel Networks Inc. | Banc of America Securities | Investment [1] | 275783-22453989 | 65 |
| Nortel Networks Inc. | The Reserve | Investment | 703-29-420 | - |
| Nortel Networks Inc. | K&H Bank | General | 10201006-50041181 | - |
| Nortel Networks Inc. | K&H Bank | General | 10200971-60061049 | - |
| Nortel Networks Inc. | Citibank Egypt | General | 100827506 | 1 |
| Nortel Networks Inc. | Citibank Egypt | General | 100827018 | 2 |
| Nortel Networks Inc. | Citibank Tunis | General | 150021006 | - |
| Nortel Networks Inc. | Citibank Tunis | General | 150021014 | - |
| Nortel Networks Inc. | Citibank Tunis | General | 150021022 | - |
| Nortel Networks Inc. | Citibank Tunis | General | 100056011 | - |
| Nortel Altsystems, Inc. | JP Morgan Chase | General | 887401404 | 52 |
| Nortel Networks Capital Corp. | Citibank NA | General | 30508438 | - |
| Nortel Networks Capital Corp. | Banc of America Securities | Investment [1] | 383752-22352662 | 2 |
| Nortel Networks International, Inc. | Bank of America | General | 6059-60258-010 | - |
| Nortel Networks International, Inc. | Citibank Dubai | General | 10100262002 | 4 |
| Nortel Networks (CALA) Inc. | Citibank NA | General | 30635672 | 18 |
| Nortel Networks (CALA) Inc. | Citibank Delaware | Disbursement (AP) | 38746828 | - |
| Nortel Networks (CALA) Inc. | JP Morgan Chase | General | 887400547 | - |
| Nortel Networks (CALA) Inc. | JP Morgan Chase | Money Market Deposit Acct [2] | 887400554 | 58 |
| Nortel Networks (CALA) Inc. | Citibank Montevideo | General | 0055067007 | 1 |
| Nortel Networks (CALA) Inc. | Citibank Montevideo | General | 0055067619 | - |
| Nortel Networks (CALA) Inc. | Citibank Port of Spain | General | 0106586004 | - |
| Nortel Networks (CALA) Inc. | Citibank Trinidad & Tobago | General | 0109869015 | 5 |
| Nortel Networks (CALA) Inc. | Citibank Puerto Rico | General | 0301085028 | 5 |
| | | | | $       1,054 |

(1) Reflects investments in money market funds via Banc of America Securities brokerage account. As of January 31, U.S. Debtors hold investments in Federated Treasury Obligations 68, Fidelity Treasury 695, BlackRock T Fund 60, JPMorgan U.S. Treasury Plus Mmkt 3918 and Treasury-Agency Cash Management 521. On July 16, 2010, the U.S. Debtors received court approval to deposit funds in money market funds that invest primarily in U.S. Treasury Bills and U.S. Treasury notes owned directly or through repurchase agreements to a maximum aggregate amount of $75.
(2) Reflects deposits in a JP Morgan account which is collateralized with U.S. Treasury securities up to 115% of the amount deposited.

Formal reconciliations between the U.S. Debtors' bank balances and the general ledger are prepared and reviewed quarterly in accordance with the U.S. Debtors' established guidelines.

MOR-6

**U.S. BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**
**In re: Nortel Networks Inc. et al**
**Cases No. 09-10138 – 09-10152 (KG) Jointly Administered**
**Changes in Balances with Debtors and Non-Debtors**
**Reporting Period: January 1, 2011 through January 31, 2011**
**(Unaudited)**
**(In millions of U.S. dollars)**

| In re: Nortel Networks Inc. et al | Case # | Increase / (Decrease) | |
|---|---|---|---|
| Nortel Networks Inc. | 09-10138 | $ | 3 |
| Nortel Networks Capital Corporation | 09-10139 | | - |
| Nortel AltSystems, Inc. | 09-10140 | | - |
| Nortel AltSystems International, Inc. | 09-10141 | | - |
| Xros, Inc. | 09-10142 | | - |
| Sonoma Systems | 09-10143 | | - |
| Qtera Corporation | 09-10144 | | - |
| CoreTek, Inc. | 09-10145 | | - |
| Nortel Networks Applications Management Solutions, Inc. | 09-10146 | | - |
| Nortel Networks Optical Components Inc. | 09-10147 | | - |
| Nortel Networks HPOCS Inc. | 09-10148 | | - |
| Archetel Systems (U.S.) Corporation | 09-10149 | | - |
| Nortel Networks International, Inc. | 09-10150 | | - |
| Northern Telecom International Inc. | 09-10151 | | - |
| Nortel Networks Cable Solutions Inc. | 09-10152 | | - |
| Nortel Networks (CALA) Inc. | 09-12515 | | - |
| Net Intercompany Change [1] | | $ | 3 |

(1) The Changes in Balances with Debtors and Non-Debtors exclude discontinued operations transactions. The amounts are presented gross and exclude provision amounts.

MOR-7

**U.S. BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**
**In re: Nortel Networks Inc. et al**
**Cases No. 09-10138 – 09-10152 (KG) Jointly Administered**
**Status of Post-Petition Taxes**
**Reporting Period: January 31, 2011**
**(Unaudited)**

I, John J. Ray III, Principal Officer of each of the U.S. Debtors, attest under penalty of perjury and to the best of my knowledge, information and belief, all post-petition federal, state and local taxes of each of the U.S. Debtors are current as of January 31, 2011 in all material respects.

March 31, 2011

_____
John J. Ray III, Principal Officer of each of the U.S. Debtors

MOR-9

**U.S. BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**
**In re: Nortel Networks Inc. et al**
**Cases No. 09-10138 – 09-10152 (KG) Jointly Administered**
**Debtor Questionnaire**
**Reporting Period: January 1, 2011 through January 31, 2011**

| Must be completed each month | Yes | No |
|---|---|---|
| 1. Have any assets been sold or transferred outside the normal course of business this reporting period? If yes, provide an explanation below.<br>  In December 2010, NNI sold all remaining venture capital interests and certain minority equity investments for $13.8 million.  Of the total proceeds, $13.2 million was received in December, and the remaining $0.6 million was received in January 2011. | X | |
| 2. Have any bank accounts been opened during the reporting period?  If yes, provide documentation identifying the opened account(s).  If an investment account has been opened provide the required documentation pursuant to the Delaware Local Rule 4001-3. | | X |
| 3. Have any funds been disbursed from any account other than a Debtor-In-Possession account this reporting period? If yes, provide an explaination below. | | X |
| 4. Have all post-petition tax returns been timely filed? If no, provide an explanation below. | X | |
| 5. Are workers compensation, general liability and other necessary insurance coverages in effect? If no, provide an explanation below. | X | |
| 6. Are the Debtors satisfying their undisputed post-petition obligations on a timely basis? | X | |
| 7. Has there been any material change in amount or aging of the Debtors' receivables? | | X |

12

EXHIBIT A

**U.S. BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**
**In re: Nortel Networks Inc. et al**
**Cases No. 09-10138 – 09-10152 (KG) Jointly Administered**
**Exhibit A – Support Agreement**
**Reporting Period: January 1, 2011 through January 31, 2011**

## SUPPORT AGREEMENT

This Agreement (hereinafter the "Agreement") dated as of February 15, 1996 is entered into between Northern Telecom Inc. ("NTI"), a Delaware corporation, and Northern Telecom Capital Corporation (the "Company"), a Delaware corporation.

WHEREAS, the Company is a wholly-owned subsidiary of NTI and has no independent operations other than as acting as a finance company for its affiliates; and

WHEREAS, NTI and the Company desire to provide certain assurances with respect to performance of the Company's obligations in connection with the Company's offer of debt securities consisting of debentures, notes, bonds and/or other evidences of indebtedness (collectively, the "Debt Securities") to be issued under an Indenture dated as of February 15, 1996 among the Company, as issuer, Northern Telecom Limited, as issuer and guarantor, and The Bank of New York, as trustee, and warrants to purchase Debt Securities to be issued under one or more warrant agreements to be entered into between the Company and a bank or trust company, as warrant agent;

NOW THEREFORE, in consideration of the mutual promises herein contained, the parties hereto agree as follows:

1.      <u>Ownership of the Company Stock</u>.  At all times prior to the termination of this Agreement, NTI shall directly or indirectly own and hold, unencumbered, not less than two-thirds of the voting shares of the outstanding capital stock of the Company.

2.      <u>Maintenance of Net Worth</u>.  At all times prior to the termination of this Agreement, NTI shall cause the Company to have and to maintain a net worth of at least $1.00.  For purposes hereof, "net worth" shall mean a sum equal to the Company's tangible net worth, as determined in accordance with generally accepted accounting principles.

3.      <u>Not a Guarantee</u>.  This Agreement does not constitute a guarantee by NTI of the payment of any indebtedness, obligation or other liability of any kind or character whatsoever incurred by the Company, nor shall any action taken by NTI or the Company pursuant to the terms of this Agreement be deemed to create or constitute a guarantee by NTI of the payment of any such indebtedness, obligation or other liability.

4.      <u>Successors</u>.  This Agreement will inure to the benefit of and be mutually binding upon the parties hereto and their respective successors and assigns.

5.    <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of New York.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed and delivered by their respective duly authorized officers as of the date first written above.

NORTHERN TELECOM INC.

By: _____
     Robert L. Robson
     Vice-President, Finance


NORTHERN TELECOM CAPITAL CORPORATION

By: _____
     Roger A. Schecter
     Secretary

## NORTHERN TELECOM INC.

## ACTION BY UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS

The undersigned, being all of the Directors of Northern Telecom Inc., a Delaware corporation, acting in accordance with Section 141(f) of the General Corporation Law of Delaware, do hereby adopt the following resolutions:

**RESOLVED**, That the Corporation is hereby authorized to enter into one or more support agreement(s) with Northern Telecom Capital Corporation, for the purpose of maintaining the net worth of the Northern Telecom Capital Corporation, all upon such terms and conditions as may be approved by any one of the President or any Vice-President of the Corporation, acting singly, and in such form as may be approved by the Secretary of the Corporation or his designee;

**FURTHER RESOLVED,** That the Corporation is hereby authorized from time to time to make contributions to the capital of Northern Telecom Capital Corporation in such form and in such amounts as may be approved by any one of the President or any Vice-President of the Corporation, acting singly; and

**FURTHER RESOLVED,** That each of the officers of the Corporation, acting singly, is hereby authorized to take all actions and to execute or cause to be executed by one or more employees of the Corporation to whom the President of the Corporation has delegated appropriate signing authority or one or more employees of the Corporation or Northern Telecom Limited to whom an officer of the Corporation has granted an appropriate power of attorney, all such agreements, instruments and documents as such officer may consider necessary or desirable in order to effect the foregoing resolutions, that the taking of any such action and the execution of any such agreement, instrument and document by any of the persons described in the foregoing resolutions shall conclusively evidence the making of any determinations and the granting of any approvals required under such resolutions and that all actions taken or caused to be taken by any officer of the Corporation prior to the date hereof in order to effect the matters described in the foregoing resolutions are hereby ratified and approved.

EXECUTED as of the 15th day of February, 1996.

_____
Peter W. Currie

_____
Gary R. Donahee

_____
Donald J. Schuenke

## NORTHERN TELECOM INC.

## ACTION BY UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS

The undersigned, being all of the Directors of Northern Telecom Inc., a Delaware corporation, acting in accordance with Section 141(f) of the General Corporation Law of Delaware, do hereby adopt the following resolutions:

**RESOLVED**, That the Corporation is hereby authorized to enter into one or more support agreement(s) with Northern Telecom Capital Corporation, for the purpose of maintaining the net worth of the Northern Telecom Capital Corporation, all upon such terms and conditions as may be approved by any one of the President or any Vice-President of the Corporation, acting singly, and in such form as may be approved by the Secretary of the Corporation or his designee;

**FURTHER RESOLVED**, That the Corporation is hereby authorized from time to time to make contributions to the capital of Northern Telecom Capital Corporation in such form and in such amounts as may be approved by any one of the President or any Vice-President of the Corporation, acting singly; and

**FURTHER RESOLVED**, That each of the officers of the Corporation, acting singly, is hereby authorized to take all actions and to execute or cause to be executed by one or more employees of the Corporation to whom the President of the Corporation has delegated appropriate signing authority or one or more employees of the Corporation or Northern Telecom Limited to whom an officer of the Corporation has granted an appropriate power of attorney, all such agreements, instruments and documents as such officer may consider necessary or desirable in order to effect the foregoing resolutions, that the taking of any such action and the execution of any such agreement, instrument and document by any of the persons described in the foregoing resolutions shall conclusively evidence the making of any determinations and the granting of any approvals required under such resolutions and that all actions taken or caused to be taken by any officer of the Corporation prior to the date hereof in order to effect the matters described in the foregoing resolutions are hereby ratified and approved.

EXECUTED as of the 15th day of February, 1996.

_____
Peter W. Currie

_____
Gary R. Donahee

_____
Donald J. Schuenke

## NORTHERN TELECOM INC.

## ACTION BY UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS

The undersigned, being all of the Directors of Northern Telecom Inc., a Delaware corporation, acting in accordance with Section 141(f) of the General Corporation Law of Delaware, do hereby adopt the following resolutions:

**RESOLVED**, That the Corporation is hereby authorized to enter into one or more support agreement(s) with Northern Telecom Capital Corporation, for the purpose of maintaining the net worth of the Northern Telecom Capital Corporation, all upon such terms and conditions as may be approved by any one of the President or any Vice-President of the Corporation, acting singly, and in such form as may be approved by the Secretary of the Corporation or his designee;

**FURTHER RESOLVED,** That the Corporation is hereby authorized from time to time to make contributions to the capital of Northern Telecom Capital Corporation in such form and in such amounts as may be approved by any one of the President or any Vice-President of the Corporation, acting singly; and

**FURTHER RESOLVED,** That each of the officers of the Corporation, acting singly, is hereby authorized to take all actions and to execute or cause to be executed by one or more employees of the Corporation to whom the President of the Corporation has delegated appropriate signing authority or one or more employees of the Corporation or Northern Telecom Limited to whom an officer of the Corporation has granted an appropriate power of attorney, all such agreements, instruments and documents as such officer may consider necessary or desirable in order to effect the foregoing resolutions, that the taking of any such action and the execution of any such agreement, instrument and document by any of the persons described in the foregoing resolutions shall conclusively evidence the making of any determinations and the granting of any approvals required under such resolutions and that all actions taken or caused to be taken by any officer of the Corporation prior to the date hereof in order to effect the matters described in the foregoing resolutions are hereby ratified and approved.

EXECUTED as of the 15th day of February, 1996.

_____
**Peter W. Currie**

_____
**Gary R. Donahee**

_____
**Donald J. Schuenke**