# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*: | Chapter 11 |
| | Case No. 09-10138 (KG) |
| Nortel Networks Inc., *et al.*,[1] | (Jointly Administered) |
| | RE: Dkt. No. 5196 |
| Debtors. | **Hearing Date: May 24, 2011 at 9:30 a.m.**<br>**Objection Deadline: May 17, 2011 at 4:00 p.m.** |

## THE MONITOR'S (I) STATEMENT IN SUPPORT OF DEBTORS' MOTION FOR PROTECTIVE ORDER LIMITING DISCOVERY REQUESTS PROPOUNDED BY SNMP RESEARCH INTERNATIONAL, INC., AND (II) REQUEST FOR JOINT HEARING ON SUCH MOTION

Ernst & Young Inc., the court-appointed monitor (the "**Monitor**") and authorized foreign representative of Nortel Networks Corporation and certain of its direct and indirect subsidiaries, Nortel Networks Limited, Nortel Networks Technology Corporation, Nortel Networks Global Corporation, and Nortel Networks International Corporation (the "**Canadian Nortel Group**") in proceedings (the "**Canadian Proceedings**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, pending before the Ontario Superior Court of Justice (Commercial List) (the "**Ontario Court**"), hereby files this statement in support of the Debtors' Motion for Protective Order Limiting Discovery Requests Propounded by SNMP Research International, Inc., dated April 1, 2011 [Dkt. No. 5196] (the "**Motion**")[2] and request for a joint hearing to consider such Motion (and any objections thereto) pursuant to

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc. (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

section 12(d) of the Protocol (defined below).  In support hereof, the Monitor respectfully represents as follows:

As outlined more fully in the Motion, SNMP Research International, Inc.'s ("**SNMP RI**"), Demands arise in the context of the chapter 11 claims process in which SNMP RI has asserted certain claims against the Debtors and seeks through its Demands certain information from the Debtors.  The Canadian Nortel Group companies are not parties to the contested proceedings regarding allowance of SNMP RI's asserted claims against the Debtors in these chapter 11 cases.  The Demands appear not to be directed at the Canadian Nortel Group since SNMP RI has not served the Demands on the Canadian Nortel Group or obtained the required relief from the Ontario Court to make such Demands against the Canadian Nortel Group.[3]

Nonetheless, SNMP RI by its Demands seeks documents and other information from "Nortel", which is defined in the Demands as "the Debtor, Nortel Networks, Inc. [*sic*] and any affiliate, subsidiary, member, officer, principal, employee, representative, or agent of Nortel as well as any person or entity acting on behalf of Nortel," and defined to include the Canadian Nortel Group.  Merely defining "Nortel" to include the Canadian Nortel Group, however, does not obligate the Canadian Nortel Group to respond to the Demands, unless directed by the Ontario Court to do so.  SNMP RI cannot use Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 9014, 7026, 7033 and 7034 in a contested matter with the Debtors to obtain discovery of information from entities who are not parties to the contested matter.  *See*, *e.g. Novartis Pharm. Corp. v. Eon Labs Mfg.*, 206 F.R.D. 392, 395 (D.

---

[3] *See Order Granting Recognition and Related Relief* [Case No. 09-10164, Dkt. No. 40] incorporating the *Amended and Restated Initial Order* of the Ontario Court: "This [Ontario] Court orders that . . . no proceeding or enforcement process in any court or tribunal shall be commenced or continued against or in respect of any of the Applicants or the Monitor, or affecting the Business or the Property, except . . . with leave of this [Ontario] Court . . ." *See Amended and Restated Initial Order* at paragraph 15 (capitalized terms in this footnote as defined in the *Amended and Restated Initial Order*).

Del. 2002) (court denied motion to compel all documents in a file owned by a non-party German corporate affiliate who had a licensing agreement with defendant for defendant to use the technical information, holding absent a showing that the business operations are "so intertwined as to render meaningless their separate identities," the motion to compel was outside the scope of discovery); *Pennwalt Corp. v. Plough, Inc.*, 85 F.R.D. 257, 263 (D. Del. 1979) (where a related corporation is a separate legal entity from the litigant and its rights could not be determined *in absentia*, the other litigant was not entitled to discovery through production of documents by the related, non-party corporation).

SNMP RI also seeks access to software source code and information that is proprietary to the Canadian Nortel Group that may be in possession, custody or control of the Debtors. To the extent SNMP RI seeks documents or software source code in the sole or shared possession, custody or control of the Canadian Nortel Group or documents or software source code protected under applicable privileges available to the Canadian Nortel Group that are nonetheless responsive to SNMP RI's Demands, such requests must be also made in the Canadian Proceedings and adjudicated by the Ontario Court.

If the Court denies the Debtors' Motion, and the Debtors must turn over materials or provide access to software source code in which the Canadian Nortel Group has an interest, the Canadian Nortel Group will be harmed. SNMP RI in effect will obtain from the Debtors that which SNMP RI otherwise would have had to obtain through the Ontario Court in connection with its claim against the Canadian Nortel Group in the claims process established in the Canadian Proceedings, and SNMP RI has made no attempt to do so. Permitting this end run would adversely impact the Canadian Nortel Group and the Canadian estates.

**Joint Hearing on the Motion is Appropriate**

This Court and the Ontario Court have approved a Cross-Border Insolvency Protocol (the "**Protocol**")[4] to, among other things, harmonize and coordinate activities in these proceedings and the Canadian Proceedings. Pursuant to the Protocol, this Court and the Ontario Court may conduct a joint hearing with respect to any cross-border matter, and any interested party in either such proceedings may seek a joint hearing with respect to such matter.[5] The Motion relates to the Demands which seek documents and shared software source code that may be in the possession, custody or control of the Debtors but in which the Canadian Nortel Group has an interest. The Motion and Demands clearly raise cross-border issues which are properly the subject of a joint hearing. To be clear, the Monitor does not suggest that this Court does not have the jurisdiction to grant the relief requested by the Debtors, but rather that the nature of the Demands as to both the type of information requested as well as the entities against whom the Demands are directed results in the Canadian Nortel Group having a unique interest in the disposition of the Motion. The Canadian Nortel Group and their stakeholders have an interest in the proprietary software source code that is partially the subject of the Protective Order Motion, some of which may be produced to SNMP RI if this Court denies the Protective Order Motion. The potential clearly exists that the proprietary software of the Canadian Nortel Group could be produced to SNMP RI without the Canadian Nortel Group being party to the contested

---

[4] The Protocol was approved by this Court in its Order Approving Stipulation of the Debtors and the Official Committee of Unsecured Creditors of Nortel Networks Inc., et al., Amending the Cross-Border Court-to-Court Protocol dated June 29, 2009 [Dkt. No. 990], and by the Ontario Court in its Fifth Amended and Restated Initial Order dated January 14, 2009.

[5] "Where the issue of the proper jurisdiction of either Court to determine an issue is raised by an interested party (as it is by the Monitor here) in either of the Insolvency Proceedings with respect to a motion or application filed in either Court, the Court before which such motion or application was initially filed may contact the other Court to determine an appropriate process by which the issue of jurisdiction will be determined, which process shall be subject to submissions by the Debtors, the Creditors Committee, the Monitor, the Bondholders Committee, the U.S. Trustee and any interested party prior to a determination on the issue of jurisdiction being made by either Court." (Capitalized terms in this footnote as defined in the Protocol). *See* para. 12(b) of the Protocol.

4

proceeding allowing such production. Put differently, the extent to which the Debtors must comply with the Demands may affect the Canadian Nortel Group without it being party to the underlying contested matter between SNMP RI and the Debtors, and necessitates that the Monitor, on behalf of the Canadian Nortel Group, seek relief from this Court in order to address those concerns. Given the cross-border issues raised by the Motion and the Demands, and potential harm to the Canadian estates, it is appropriate for a joint hearing on the Motion, even if the Canadian Nortel Group is not a party to the underlying dispute between SNMP RI and the Debtors.

The Monitor therefore requests a joint hearing before this Court and the Ontario Court to consider the Motion. The Monitor on behalf of the Canadian Nortel Group reserves the right to submit a substantive response in connection with any joint hearing before this Court and the Ontario Court, and reserves all rights to object to the Demands to the extent that SNMP RI eventually properly serves the Demands on the Canadian Nortel Group pursuant to an Order of the Ontario Court in the Canadian Proceedings.

*[Remainder of Page Intentionally Left Blank]*

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, the Monitor supports the Motion and entry of a Protective Order as described therein, and respectfully requests that this Court and the Ontario Court schedule a joint hearing on May 24, 2011 to consider such Motion, and, at such joint hearing, the Court grant the Motion and grant such other and further relief as this Court deems just and proper.

Dated: April 1, 2011  **BUCHANAN INGERSOLL & ROONEY PC**
       Wilmington, Delaware

/s/ Mona A. Parikh
Mary F. Caloway (No. 3059)
Mona A. Parikh (No. 4901)
1105 North Market Street
Suite 1900
Wilmington, Delaware 19801
(302) 552-4200 (telephone)
(302) 552-4295 (facsimile)
mary.caloway@bipc.com
mona.parikh@bipc.com

- and -

Daniel J. Guyder
Jessica D. Lubarsky
**ALLEN & OVERY LLP**
1221 Avenue of the Americas
New York, NY  10020
(212) 610-6300 (telephone)
(212) 610-6399 (facsimile)
daniel.guyder@allenovery.com
jessica.lubarsky@allenovery.com

*Attorneys for Ernst & Young Inc., as Monitor and Foreign Representative of the Canadian Nortel Group*