## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
--------------------------------------------------------X
                                              :
                                              :    Chapter 11
                                              :
In re                                         :
                                              :    Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,¹                :
                                              :    Jointly Administered
                      Debtors.                :
                                              :
                                              :
                                              :
                                              :
--------------------------------------------------------X
```

## DECLARATION OF BRENDAN H. GIBBON IN SUPPORT OF DEBTORS' OBJECTION TO THE PROOFS OF CLAIM FILED BY THE EMEA CLAIMANTS AND MOTION FOR AN ORDER REQUIRING A MORE DEFINITE STATEMENT OF CLAIM AND SETTING A DEADLINE FOR THE FILING OF ANY PROOFS OF CLAIM BY THE EMEA CLAIMANTS

I, Brendan H. Gibbon, do hereby declare as follows:

1.      I am associated with the law firm of Cleary Gottlieb Steen & Hamilton LLP, co-counsel to Nortel Networks Inc. and its affiliated debtors, as respective debtors and debtors in possession (collectively, the "Debtors") in the above-captioned proceeding. I am admitted to the bar of the State of New York and have been a member in good standing of such bar since 2006. I respectfully submit this declaration in support of the Debtors' objection (the "Objection") to the proofs of claim (the "Proofs of Claim") filed against the Debtors by the

---

¹       The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. ("NNI") (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. ("NN CALA") (4226) (collectively, the "Debtors").  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Claimants (as defined in the Objection and Motion) and motion (the "Motion"), pursuant to

Sections 105 and 502 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules

3001, 3002, 3003, 3007, 7012 and 9014 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), for entry of an order directing the Claimants to file a more definite

statement of their Claims, requiring that Claimants file any and all pre-petition claims (including

any amended claims) against the Debtors by June 1, 2011, and directing that if Claimants do not

file such claims by that date, that the Proofs of Claim and any and all pre-petition claims against

the Debtors by the Claimants be disallowed and expunged with prejudice.

　　　　　　2.　　　　On September 30, 2009, the Claimants filed the Proofs of Claim against

each of the Debtors, except NN CALA.  The claim numbers of the Proofs of Claim filed by the

Claimants against the Debtors and as to which the Objection and Motion relate are set forth on

Schedule A hereto.  The Debtors reserve the right to supplement Schedule A to the extent that

additional Proofs of Claim filed by the Claimants against the Debtors are discovered, and the

Debtors intend for the Objection and Motion to relate to all Proofs of Claim filed by the

Claimants against the Debtors.  Attached hereto as Exhibit 1 is a true and correct copy of the

Proof of Claim filed by Nortel Networks AB against NNI, dated September 30, 2009, which is

listed on Debtors' claim register as claim number 4970.  Each of the Proofs of Claim filed

against the Debtors is in substantially the same form as Exhibit 1.

　　　　　　3.　　　　On December 20, 2009, Nortel Networks Corporation ("NNC"), NNI's

direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their

affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively,

the "Canadian Debtors") filed a motion (the "Canadian Bar Date Motion") with the Ontario

Superior Court of Justice (the "Canadian Court") in their proceedings (the "Canadian

2

Proceedings") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"),

seeking, *inter alia*, a bar date for the filing of claims by the Claimants. Attached hereto as

Exhibit 2 is a true and correct copy of the Motion Record of the Canadian Bar Date Motion,

dated December 20, 2010.

4.    By order (the "Canadian Bar Date Order") dated January 14, 2011, the

Canadian Court granted the Canadian Debtors' motion, and established March 18, 2011 as the

bar date for the Claimants to file claims against the Canadian Debtors. Attached hereto as

Exhibit 3 is a true and correct copy of the Canadian Court's EMEA Claims Procedure Order,

dated January 14, 2011.

5.    On February 17, 2011, Justice Morawetz issued his Reasons with regard to

the Canadian Bar Date Order. Attached hereto as Exhibit 4 is a true and correct copy of the

Reasons of Justice Morawetz in the Matter of the Companies' Creditors Arrangement Act, dated

February 17, 2011.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 1, 2011.

_____

Brendan H. Gibbon

## SCHEDULE A

Claim numbers 4912 through 4999, inclusive.

Claim numbers 5000 through 5038, inclusive.

Claim numbers 5056 through 5099, inclusive.

Claim numbers 5100 through 5199, inclusive.

Claim numbers 5200 through 5299, inclusive.

Claim numbers 5300 through 5318, inclusive.

EXHIBIT 1

| UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Nortel Networks Inc. | Case Number:<br>09-10138 (KG) |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor:<br>Nortel Networks AB and/or any Court-appointed administrator or liquidator thereof | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|

Name and address where notices should be sent:

Young Conaway Stargatt & Taylor, LLP   Hughes Hubbard & Reed LLP   Herbert Smith LLP
The Brandywine Building, 17th Floor   One Battery Park Plaza   Exchange House
1000 West Street   New York, New York 10004   Primrose Street
Wilmington, Delaware 19801   Attention: Michael Luskin   London EC2A 2HS
Attention: Edwin J. Harron   (212) 837-6000   UNITED KINGDOM
(302) 571-6600   Attention: Stephen Gale
   44-20-7374-8000

Telephone number: **See above**

Court Claim Number:_____
*(If known)*

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor trustee in this case.

**1. Amount of Claim as of Date Case Filed:** Unknown

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** See attached Rider to Proof of Claim of Foreign Administrators
(See instruction #2 on reverse side.)

**3.** Last four digits of any number by which creditor identified debtor:_____

   **3a. Debtor may have scheduled account as:**
      (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
**Nature of property or right of setoff:** ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
**Describe:**
**Value of Property:** $_____   **Annual Interest Rate** _____%
**Amount of arrearage and other charges as of time case filed included in secured claim.**
**If any:** $_____   **Basis for perfection:** _____
**Amount of Secured Claim:** Unknown   **Amount Unsecured:** Unknown

**5. Amount of claim Entitled to Priority under 11 U.S.C.§ 507(a). If any portion of your claim falls in one of the following categories check the box and state the amount.**

Specify the priority of this claim.
Unknown

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) (__).

**Amount entitled to priority:**

Unknown

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim [...] :laim.

**7. Documents:** Attach redacted copies of any docume [...] se orders, invoices, itemized statements of running accounts, cont [...] i may also attach a summary. Attach redacted copies of docun [...] . You may also attach a summary. *(See definition of "redacte[...]*

DO NOT SEND ORIGINAL DOCUMENTS. ATTAC[...]
SCANNING.

If the documents are not available, please explain:

Filed: USBC - District of Delaware
Nortel Networks Inc., Et Al.
09-10138 (KG)   0000004970

| Date: 9/29/09 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Edwin J. Harron<br>Counsel for Alan Robert Bloom, Christopher John Wilkinson Hill, Alan Michael Hudson, and Stephen John Harris in their Capacity as Joint Administrators and Foreign Representatives | FILED / RECEIVED<br><br>FOR COURT USE ONLY<br><br>SEP 3 0 2009<br><br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

   

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NORTEL NETWORKS, INC., *et al.*, | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |

## RIDER TO PROOF OF CLAIM OF FOREIGN ADMINISTRATORS

1.  <u>Claimants.</u>  Alan Robert Bloom, Christopher John Wilkinson Hill, Alan

Michael Hudson and Stephen John Harris, in their capacity as the court-appointed administrators

and authorized foreign representatives (the "Administrators") of Nortel Networks UK Limited

("NNUK") and its subsidiaries (the "EMEA Companies")[1] in proceedings (the "English

Proceedings") under the Insolvency Act of 1986 (the "English Insolvency Act"), pending before

the High Court of Justice of England and Wales (the "English Court"), file this rider (the

"Rider") to the proof of claim (the "Claim").  This Rider is an integral part of this Claim and is

hereby incorporated into the Claim in full and for all purposes.

2.  <u>Claim.</u>  To the extent that required to do so notwithstanding Paragraph 4(f)

of the Notice of Deadline Requiring Filing of Proofs of Claim On or Before September 30, 2009

---

[1]  The following EMEA Companies, which are direct or indirect subsidiaries of NNUK, commenced insolvency proceedings under the English Insolvency Act in the English Court on January 14, 2009: Nortel GmbH; Nortel Networks NV; Nortel Networks SpA; Nortel Networks BV; Nortel Networks Polska SP Zoo; Nortel Networks Hispania SA; Nortel Networks (Austria) GmbH; Nortel Networks sro; Nortel Networks Engineering Service Kft; Nortel Networks Portugal SA; Nortel Networks Slovensko sro; Nortel Networks Oy; Nortel Networks Romania SRL; Nortel Networks AB; and Nortel Networks International Finance & Holding BV.  In addition Nortel Networks (Ireland) Limited, Nortel Networks SA, Nortel Networks France SAS, which are not subsidiaries of NNUK, also commenced insolvency proceedings under the English Insolvency Act in the English Court on January 14, 2009. With the exception of Nortel Networks (Ireland) Limited, the Administrators are the court-appointed administrators and foreign representatives for all of the EMEA Companies that have commenced insolvency proceedings in the English Court.  Alan Robert Bloom and David Martin Hughes are the court-appointed administrators and foreign representatives of Nortel Networks (Ireland) Limited.

1

(the "Bar Date Notice"),[2] the Administrators, NNUK, EMEA Companies and any insolvency practitioner within the meaning of Annex C of the EC Regulation on Insolvency Proceedings 2000 who is or may be appointed to NNUK and/ or the EMEA Companies (the "Insolvency Practitioner") hereby assert a Claim in respect of any heretofore unknown, unliquidated, or unmatured claim or claims that the Administrators, NNUK, the Insolvency Practitioner and/or any EMEA Company may have against Nortel Networks Inc. or its affiliated debtors in these Chapter 11 cases. The Administrators, the Insolvency Practitioner, NNUK and the EMEA Companies have potential claims against the Debtors and their affiliates arising out of transfer pricing, intercompany dealings, trading and other arrangements or agreements between them.

The Administrators, NNUK, EMEA Companies and any Insolvency Practitioner hereby assert a Claim in respect of any heretofore unknown, unliquidated, or unmatured claim or claims that the Administrators, NNUK, the Insolvency Practitioner and/or any EMEA Company may have against any one or more of such Directors and Officers of Nortel Networks Inc. or its affiliated debtors in these Chapter 11 cases for mismanagement, breach of duty and/or the conduct of those Directors and Officers with respect to the operation, management and control of Nortel Networks Inc. or its affiliated debtors in these Chapter 11 cases.

These claims may or may not qualify as intercompany claims as described in paragraph 4(f) of the Bar Date Notice, and as of the date of these Claims these claims cannot be described in detail or quantified. The Administrators, the Insolvency Practitioner NNUK and the EMEA Companies are filing the Claim out of an abundance of caution in order to preserve all of their rights.

---

[2]    Paragraph 4(f) of the Bar Date Notice provides that "[a]ny Debtor, nondebtor affiliate of the Debtors or Canadian Debtor, or any of their direct or indirect subsidiaries holding a claim" need not file a proof of claim on or prior to the Bar Date.

3.    Notice.  All notices to the claimants concerning the Claim should be

sent to:

Young Conaway Stargatt & Taylor, LLP         Herbert Smith LLP
The Brandywine Building                      Exchange House
1000 West Street, 17th Floor                 Primrose Street
Wilmington, Delaware 19801                   London  EC2A 2HS
Attention: Edwin J. Harron                   UNITED KINGDOM
(302) 571-6600                               Attention: Stephen Gale
                                             +44-20-7374-8000
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004
Attention: Michael Luskin
(212) 837-6000

4.    Protective Filing/Amendments.  The Claim is filed under compulsion of

the bar date established in this case, and is filed to protect the Administrators, the Insolvency

Practitioner, NNUK, and the EMEA Companies from forfeiture of their claims.  The execution

and filing of the Claim are not (i) a waiver or release of any of the rights against any entity or

person liable for all or part of the Claim held by the Administrators, the Insolvency Practitioner,

NNUK, or the EMEA Companies; (ii) a waiver of the right to withdraw the reference with

respect to the subject matter of the Claim, any objection or other proceeding commenced with

respect thereto or any other proceeding commenced in this case against or otherwise involving

the Administrators, the Insolvency Practitioner, NNUK, and/or the EMEA Companies; (iii) an

election of a remedy which waives or otherwise affects any other remedy; or (iv) a waiver or

release of any of rights against any third party on behalf of the Administrators, the Insolvency

Practitioner, NNUK, or the EMEA Companies.

5.    Reservation of Rights.  The Administrators, the Insolvency Practitioner,

NNUK, and the EMEA Companies expressly reserve their rights (i) to file any separate proof of

claim with respect to the claim set forth herein or otherwise (which proof of claim, if so filed,

3

shall not be deemed to supersede this proof of claim), (ii) to amend or supplement the Claim in

any respect, (iii) to assert whatever claims and take whatever other action may be required to

preserve their rights in related proceedings pending (or to be brought) in other jurisdictions, (iv)

to file additional proofs of claim for claims not covered by the Claim, if any, and (v) to pursue all

known, liquidated or matured claims that the Administrators, NNUK, the Insolvency Practitioner

and/or any EMEA Company may have against Nortel Networks Inc. or their affiliates in these

Chapter 11 cases and the Directors and Officers of Nortel Networks Inc. or its affiliates in these

Chapter 11 cases to the extent that they qualify as intercompany claims as described in paragraph

4(f) of the Bar Date Notice in due course..

Dated: Wilmington, Delaware
       September 30, 2009

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/ Edwin J. Harron
James L. Patton (No. 2202)
Edwin J. Harron (No. 3396)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

- and -

**HUGHES HUBBARD**
Michael Luskin
Derek J.T. Adler
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
E-Mail: luskin@hugheshubbard.com
        adler@hugheshubbard.com

Counsel for Alan Robert Bloom, Christopher John
Wilkinson Hill, Alan Michael Hudson, and Steven John
Harris in their Capacity as Joint Administrators and Foreign
Representatives



DLASK
YOUNG CONAWAY STARGATT & TAYLOR
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801
P O BOX 391
WILMINGTON, DELAWARE 19899-0391

Bridget Gallerie
Nortel Claims Processing
Bankruptcy Services, LLC
757 Third Avenue
3rd Floor
New York, NY 10017

Fed Ex

ORIGIN ID: DWIR (302)571-6671
BILL SULLIVAN
YOUNG CONWAY STARGATT & TAYLOR
1000 WEST STREET 17TH FLOOR
THE BRANDYWINE BUILDING
WILMINGTON, DE 19801
UNITED STATES US

SHIP DATE: 30SEP09
ACTWGT: 1.0 LB
CAD: 0057722/CAFE2431

BILL SENDER

TO BRIDGET GALLERIE
NORTEL CLAIMS PROCESSING
757 THIRD AVE 3RD FLOOR

NEW YORK NY 10017

REF: 60476.1001/DLASK

FedEx
Express

E

WED - 30SEP    A1
TRCK 9833 9297 8734    PRIORITY OVERNIGHT

5B OGSA    10017
NY-US
EUR

Box 1 of 2
Orlando's

# EXHIBIT 2

Court File No. 09-CL-7950

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE
### (COMMERCIAL LIST)

### IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

### AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

### APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

### MOTION RECORD
### (Motion for EMEA Claims Procedure Order)
### (returnable January 7, 2011)

December 20, 2010

**OGILVY RENAULT LLP**
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street
P.O. Box 84
Toronto Ontario  M5J 2Z4

**Derrick Tay LSUC#: 21152A**
Tel:  (416) 216-4832
Email: dtay@ogilvyrenault.com

**Jennifer Stam LSUC#: 46735J**
Tel: (416) 216-2327
Email: jstam@ogilvyrenault.com

Fax: (416) 216-3930

Lawyers for the Applicants

**Index**

- 2 -

Court File No.  09-CL-7950

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

IN THE MATTER OF THE ***COMPANIES' CREDITORS ARRANGEMENT ACT***,
**R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF**
**NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,**
**NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS**
**INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY**
**CORPORATION**
**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,**
**R.S.C. 1985, c. C-36, AS AMENDED**

## INDEX TO MOTION RECORD

| Tab No. | Name of Document | Page No. |
|---------|------------------|----------|
| 1. | Notice of Motion returnable Friday, January 7, 2011 | 1 |
| 2. | Affidavit of Anna Ventresca sworn December 20, 2010 | 28 |
| 3. | Draft EMEA Claims Procedure Order (with Schedules) | 39 |
| 4. | Amended and Restated Claims Procedure Order dated July 30, 2009 | 74 |
| 5. | Claims Resolution Order dated September 16, 2010 | 103 |

**Tab 1**

Court File No.  09-CL-7950

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,
NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS
INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY
CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED**

**NOTICE OF MOTION**

**(Motion for EMEA Claims Procedure Order)
(returnable January 7, 2011)**

Nortel Networks Corporation ("NNC"), Nortel Networks Limited ("NNL"), Nortel
Networks Technology Corporation, Nortel Networks International Corporation and Nortel
Networks Global Corporation (collectively, the "Applicants") will make a motion to Justice
Morawetz of the Commercial List court on **Friday, January 7, 2011 at 10:00 a.m.**, or as soon
after that time as the motion can be heard, at **393 University Avenue**, Toronto, Ontario.

PROPOSED METHOD OF HEARING: The motion is to be heard:

☐   in writing under subrule 37.12.1(1) because it is on consent or unopposed or made without
notice;

☐   in writing as an opposed motion under subrule 37.12.1(4);

☒   orally.

**THE MOTION IS FOR AN ORDER**:

(a)   granting an "EMEA Claims Procedure Order" in substantially the form contained in the
Applicants' Motion Record; and

(b)     granting such further and other relief as counsel may request and this Honourable Court
        may grant.

**THE GROUNDS FOR THE MOTION ARE**:

*Proceedings in Canada, U.S., U.K., France and Israel*

(a)     On January 14, 2009, the Applicants were granted protection under the *Companies'*
        *Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "CCAA") pursuant
        to an initial order of this Honourable Court, and Ernst & Young Inc. was appointed as
        monitor (the "Monitor") in the CCAA proceedings;

(b)     Also on January 14, 2009, certain of NNC's United States subsidiaries made voluntary
        filings in the U.S. Bankruptcy Court for the District of Delaware (the "U.S. Court")
        under Chapter 11 of the U.S. Bankruptcy Code.   Nortel Networks (CALA) Inc.
        subsequently filed under Chapter 11 of the U.S. Bankruptcy Code;

(c)     The Chapter 11 cases have been recognized by the Ontario Superior Court of Justice,
        Commercial List as "foreign proceedings" in Canada, and the within proceedings have
        been recognized by the U.S. Court as "foreign main proceedings" pursuant to
        Chapter 15 of the U.S. Bankruptcy Code;

(d)     Additionally, on January 14, 2009, Nortel Networks UK Limited ("NNUK") and certain
        subsidiaries of the Nortel group incorporated in Europe, the Middle East or Africa each
        obtained an administration order for the appointment of administrators from the High
        Court of England and Wales under the Insolvency Act 1986.  These debtors together
        with Nortel Networks Israel (Sales and Marketing) Limited are defined in the draft
        EMEA Claims Procedure Order as the "EMEA Companies", and are listed on Schedule
        "A" to that draft Order;

(e)     Nortel Networks S.A. ("NNSA") is also subject to secondary insolvency proceedings in
        France, although the English law proceedings remain the main proceedings in respect of
        NNSA.  A French administrator and a French liquidator have been appointed and are in
        charge of the day-to-day affairs and continuing business of NNSA in France;

(f)     On January 18, 2009, certain Nortel affiliates, including Nortel Networks Israel (Sales and Marketing) Limited (collectively, the "Israeli Debtors"), filed an application with the Tel-Aviv-Jaffa District Court, pursuant to the Israeli Companies Law, 1999, and the regulations relating thereto for a stay of proceedings. On January 19, 2009, the Israeli Court appointed Yaron Har-Zvi and Avi D. Pelossof as joint administrators of the Israeli Debtors under the Israeli Companies Law;

*Prior Orders regarding claims*

(g)     An Amended and Restated Claims Procedure Order dated July 30, 2009 (the "2009 Claims Procedure Order") was made by this Court, establishing a process for the proving of "Claims", as defined therein;

(h)     Certain categories of claims were excluded from the definition of "Claims" as defined in the 2009 Claims Procedure Order; among the excluded categories of claims were inter-company claims;

(i)     A Claims Resolution Order was made by this Court on September 16, 2010, establishing the resolution process for "Claims" as defined in the 2009 Claims Procedure Order.   Consistent with the 2009 Claims Procedure Order, the Claims Resolution Order did not establish resolution procedures for inter-company claims;

*Need for an EMEA Claims Process*

(j)     Some of the largest claims against the Applicants will be inter-company claims, and among the largest inter-company claims are likely to be the "EMEA Claims" as defined in the draft EMEA Claims Procedure Order;

(k)     In addition, some claims by EMEA Companies against some of the Applicants will likely be based on alleged facts and liabilities similar to those already asserted against NNC and NNL pursuant to the 2009 Claims Procedure Order;

(l)     Accordingly, the Applicants now wish to implement a 'call for claims' procedure that will require the EMEA Companies to file their EMEA Claims (as defined in the draft EMEA Claims Procedure Order) by a specified date, and to establish a process for the

*4*

proving and resolution of these EMEA Claims, so that this category of claims is also moving forward through a claims process;

(m)     The Applicants are also moving forward to establish a claims process for other categories of "Excluded Claims" (as defined in the 2009 Claims Procedure Order), the result of which will be that most claims will then be subject to a process for the proving and resolution of claims.  Notably, the Applicants are moving forward with a process that will deal with "Compensation Claims" as defined in the 2009 Claims Procedure Order, and which constitute another category of large claims against the Applicants;

(n)     The Applicants' intent is to establish claims processes that will ensure that the most significant claims against the Applicants can be dealt with in an orderly process, to avoid future delays in the administration of the Canadian estates, and delays in determining claims for voting and distribution purposes;

***Specific Claims and Cross-Border Claims***

(o)     The Claims Resolution Order recognized special rules with respect to three categories of Claims, being "Specific Claims", "Overlapping Claims", and "Same-Creditor Claims", as defined therein;

(p)     EMEA Claims were enumerated in the Claims Resolution Order as "Specific Claims", and therefore the draft EMEA Claims Procedure Order recognizes that the rules applicable to Specific Claims will apply to EMEA Claims;

(q)     Certain EMEA Claims may also constitute "Overlapping Claims" or "Same-Creditor Claims" that will be subject to the Cross-Border Claims Protocol approved by this Court and the U.S. Court on September 16, 2010; this is also recognized in the draft EMEA Claims Procedure Order;

***Miscellaneous***

(r)     The provisions of the CCAA; and

(s)     Such further and other grounds as counsel may advise and this Honourable Court permit.

- 5 -

**THE FOLLOWING DOCUMENTARY EVIDENCE** will be used at the hearing of the motion:

(a)    the affidavit of Anna Ventresca sworn December 20, 2010

(b)    a Report of the Monitor, filed separately; and

(c)    such further and other material as counsel may request and this Honourable Court may permit.

December 20, 2010                **OGILVY RENAULT LLP**
                                 Suite 3800
                                 Royal Bank Plaza, South Tower
                                 200 Bay Street
                                 Toronto, Ontario  M5J 2Z4  CANADA

                                 **Derrick Tay LSUC#: 21152A**
                                 Tel:  (416) 216-4832
                                 Email: dtay@ogilvyrenault.com

                                 **Jennifer Stam LSUC #46735J**
                                 Tel: (416) 216-2327
                                 Email: jstam@ogilvyrenault.com

                                 Fax: (416) 216-3930
                                 Lawyers for the Applicants

TO:      Attached Service List

*December 12, 2010*     6

Court File No.  09-CL-7950

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE
### (COMMERCIAL LIST)

### IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. c-36, AS AMENDED

### AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

### APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

### SERVICE LIST

TO:     **OGILVY RENAULT LLP**
Royal Bank Plaza, South Tower
200 Bay Street, Suite 3800
Toronto, Ontario M5J 2Z4

Derrick Tay
Tony Reyes
Jennifer Stam

Email:     dtay@ogilvyrenault.com
treyes@ogilvyrenault.com
jstam@ogilvyrenault.com

Tel:     416.216.4000
Fax:     416.216.3930

Lawyers for the Applicants

- 2 -

7

TO:  **ERNST & YOUNG INC.**
Ernst & Young Tower
222 Bay Street, P.O. Box 251
Toronto, ON  M5K 1J7

Murray McDonald
Brent Beekenkamp

Email:  nortel.monitor@ca.ey.com

Tel:    416.943.3016
Fax:    416.943.3300

AND  **GOODMANS LLP**
TO:   Bay Adelaide Centre
333 Bay Street, Suite 3400
Toronto, ON  M5H 2S7

Jay Carfagnini
Joseph Pasquariello
Gail Rubenstein
Fred Myers
Chris Armstrong

Email:  jcarfagnini@goodmans.ca
jpasquariello@goodmans.ca
grubenstein@goodmans.ca
fmyers@goodmans.ca
carmstrong@goodmans.ca

Tel:    416.597.4107
Fax:    416.979.1234

Lawyers for the Monitor, Ernst & Young Inc.

AND  **OSLER HOSKIN AND HARCOURT**
TO:   **LLP**
100 King Street West
1 First Canadian Place
Suite 6100
P.O. Box 50
Toronto, ON  M5X 1B8

Lyndon Barnes
Rupert Chartrand
Edward Sellers
Adam Hirsh

Email:  lbarnes@osler.com
rchartrand@osler.com
esellers@osler.com
ahirsh@osler.com

Tel:    416.362.2111
Fax:    416.862.6666

Lawyers for the Boards of Directors of
Nortel Networks Corporation and Nortel
Networks Limited

AND  **FASKEN MARTINEAU DUMOULIN LLP**
TO:   66 Wellington Street West
Toronto Dominion Bank Tower
P.O. Box 20, Suite 4200
Toronto, ON  M5K 1N6

Donald E. Milner
Aubrey Kauffman
Edmond Lamek
Jon Levin

Email:  dmilner@fasken.com
akauffman@fasken.com
elamek@fasken.com
jlevin@fasken.com

Tel:    416.868.3538
Fax:    416.364.7813

Lawyers for Export Development Canada

- 3 -

AND
TO:
**EXPORT DEVELOPMENT CANADA**
151 O'Connor Street
Ottawa, ON  K1A 1K3

Jennifer Sullivan

Email:    jsullivan@edc.ca

Tel:       613.597.8651
Fax:      613.598.3113

AND
TO:
**THORNTON GROUT FINNIGAN LLP**
3200-100 Wellington Street West
Toronto-Dominion Centre, Canadian Pacific
Tower
Toronto, ON  M5K 1K7

Robert I. Thornton
Rachelle Moncur
Leanne M. Williams

Email:    rthornton@tgf.ca
             rmoncur@tgf.ca
             lwilliams@tgf.ca

Tel:       416.304.1616
Fax:      416.304.1313

Lawyers for Flextronics Telecom Systems Ltd.

AND
TO:
**McINNES COOPER**
Purdy's Wharf Tower II
1300 – 1969 Upper Water Street
Halifax, NS  B3J 2V1

John Stringer, Q.C.
Stephen Kingston

Email:   john.stringer@mcinnescooper.com
            stephen.kingston@mcinnescooper.com

Tel:       902.425.6500
Fax:      902.425.6350

Lawyers for Convergys EMEA Limited

AND
TO:
**MILLER THOMSON LLP**
Scotia Plaza
40 King Street West, Suite 5800
P.O. Box 1011
Toronto, ON  M5H 3S1

Jeffrey Carhart

Email:    jcarhart@millerthomson.com

Tel:       416.595.8615/8577
Fax:      416.595.8695

Lawyers for Toronto-Dominion Bank

AND
TO:
**CAW-CANADA**
Legal Department
205 Placer Court
Toronto, ON M2H 3H9

Barry E. Wadsworth
Lewis Gottheil

Email:    barry.wadsworth@caw.ca
             lewis.gottheil@caw.ca

Tel.:      416.495.3776
Fax:      416.495.3786

Lawyers for all active and retired Nortel
employees represented by the CAW-Canada

AND
TO:
**BOUGHTON LAW CORPORATION**
Suite 700
595 Burrard Street
Vancouver, BC  V7X 1S8

R. Hoops Harrison

Email:    hharrison@boughton.ca

Tel:       604.687.6789
Fax:      604.683.5317

Lawyers for Tonko Realty Advisors (BC) Ltd.,
in its capacity as duly authorized agent for
Holdings 1506 Enterprises Ltd.

AND
TO:

**BORDEN LADNER GERVAIS LLP**
Scotia Plaza, 40 King Street West
Toronto, ON  M5H 3Y4

Michael J. MacNaughton
Roger Jaipargas
Sam P. Rappos

Email:   mmacnaughton@blgcanada.com
Tel:      416. 367.6646
Fax:     416. 682.2837

Email:   rjaipargas@blgcanada.com
Tel:      416.367.6266
Fax:     416.361.7067

Email:   srappos@blgcanada.com
Tel:      416.367.6033
Fax:     416.361.7306

Lawyers for Bell Canada

AND
TO:

**SISKINDS LLP**
680 Waterloo Street
London, ON  N6A 3V8

Raymond F. Leach
A. Dimitri Lascaris
Monique L. Radlein

Email:   ray.leach@siskinds.com
           dimitri.lascaris@siskinds.com
           monique.radlein@siskinds.com

Tel:      519.672.2121
Fax:     519.672.6065

Lawyers for Indiana Electrical Workers Pension
Trust Fund IBEW, Laborers Local 100 and 397
Pension Fund, and Bruce William Lapare

AND
TO:

**LANG MICHENER LLP**
Brookfield Place, Suite 2500
181 Bay Street
Toronto, ON  M5J 2T7

John Contini
Aaron Rousseau

Email    jcontini@langmichener.ca
Tel:      416.307.4148
Fax:     416.304.3767

Email    arousseau@langmichener.ca
Tel:      416.307.4081
Fax:     416.365.1719

Lawyers for ABN AMRO Bank N.V.

AND
TO:

**BENNETT JONES LLP**
1 First Canadian Place
Suite 3400
Toronto, ON  M5X 1A4

Kevin Zych
S. Richard Orzy
Gavin Finlayson

Email:   zychk@bennettjones.com
Tel:      416.777.5738
Fax:     416.863.1716

Email:   orzyr@bennettjones.com
Tel:      416.777.5737
Fax:     416.863.1716

Email:   finlaysong@bennettjones.com
Tel:      416.777.5762
Fax:     416.863.1716

Canadian Lawyers for The Informal Nortel
Noteholder Group

| AND | **KOSKIE MINSKY** | | AND | **KOSKIE MINSKY** |
|-----|-------------------|---|-----|-------------------|
| TO: | 20 Queen Street West | | TO: | 20 Queen Street West |
| | Suite 900 | | | Suite 900 |
| | Toronto, ON  M5H 3R3 | | | Toronto, ON  M5H 3R3 |

| | | | | |
|--|--|--|--|--|
| Mark Zigler | | | Mark Zigler | |
| Susan Philpott | | | Susan Philpott | |
| Demetrios Yiokaris | | | Demetrios Yiokaris | |
| Andrea McKinnon | | | Andrea McKinnon | |
| Celeste Poltak | | | Celeste Poltak | |

| Email: | mzigler@kmlaw.ca | | Email: | mzigler@kmlaw.ca |
|--------|------------------|---|--------|------------------|
| Tel: | 416.595.2090 | | Tel: | 416.595.2090 |
| Fax: | 416.204.2877 | | Fax: | 416.204.2877 |

| Email: | sphilpott@kmlaw.ca | | Email: | sphilpott@kmlaw.ca |
|--------|--------------------|---|--------|--------------------|
| Tel: | 416.595.2104 | | Tel: | 416.595.2104 |
| Fax: | 416.204.2882 | | Fax: | 416.204.2882 |

| Email: | dyiokaris@kmlaw.ca | | Email: | dyiokaris@kmlaw.ca |
|--------|--------------------|---|--------|--------------------|
| Tel: | 416.595.2130 | | Tel: | 416.595.2130 |
| Fax: | 416.204.2810 | | Fax: | 416.204.2810 |

| Email: | amckinnon@kmlaw.ca | | Email: | amckinnon@kmlaw.ca |
|--------|--------------------|---|--------|--------------------|
| Tel: | 416.595.2150 | | Tel: | 416.595.2150 |
| Fax: | 416.204.2874 | | Fax: | 416.204.2874 |

| Email: | cpoltak@kmlaw.ca | | Email: | cpoltak@kmlaw.ca |
|--------|------------------|---|--------|------------------|
| Tel: | 416.595.2701 | | Tel: | 416.595.2701 |
| Fax: | 416.204.2909 | | Fax: | 416.204.2909 |

Lawyers for the Former Employees of Nortel          Lawyers for the LTD Beneficiaries

AND
TO:

**MILLER THOMSON LLP**

Scotia Plaza
40 King Street West, Suite 5800
P.O. Box 1011
Toronto, ON  M5H 3S1

Jeffrey Carhart
Margaret Sims
James Klotz

Email:   jcarhart@millerthomson.com
Tel:      416.595.8615
Fax:     416.595.8695

Email:   msims@millerthomson.com
Tel:      416.595.8577
Fax:     416.595.8695

Email:   jmklotz@millerthomson.com
Tel:      416.595.4373
Fax:     416.595.8695

Lawyers for LG Electronics Inc.

AND
TO:

**LG ELECTRONICS INC.**

11/F, LG Twin Towers (West)
20 Yeouido-dong, Yeongduengpo-gu
Seoul 150-721, Korea

Joseph Kim

Email:   joseph.kim@lge.com

Tel:      +82.2.3777.3171
Fax:     +82.2.3777.5345

AND
TO:

**MILLER THOMSON LLP**

Scotia Plaza
40 King Street West, Suite 5800
P.O. Box 1011
Toronto, ON  M5H 3S1

Jeffrey Carhart
Margaret Sims

Email:   jcarhart@millerthomson.com
Tel:      416.595.8615
Fax:     416.595.8695

Email    msims@millerthomson.com
Tel:      416.595.8577
Fax:     416.595.8695

Canadian Lawyers for Telmar Network
Technology, Inc. and Precision Communication
Services, Inc.

AND
TO:

**CHAITONS LLP**

185 Sheppard Avenue West
Toronto, ON  M2N 1M9

Harvey G. Chaiton

Email:   harvey@chaitons.com

Tel:      416.218.1129
Fax:     416.218.1849

Lawyers for IBM Canada Limited

AND
TO:

**PALIARE ROLAND ROSENBERG
ROTHSTEIN LLP**
Suite 501
250 University Avenue
Toronto, ON M5H 3E5

Kenneth T. Rosenberg
Massimo (Max) Starnino
Lily Harmer
Tina Lie

Email:   ken.rosenberg@paliareroland.com
Tel:     416.646.4304
Fax:     416.646.4301

Email:   max.starnino@paliareroland.com
Tel:     416.646.7431
Fax:     416.646.4301

Email:   lily.harmer@paliareroland.com
Tel:     416.646.4326
Fax:     416.646.4301

Email:   tina.lie@paliareroland.com
Tel:     416.646.4332
Fax:     416.646.4301

Lawyers for the Superintendent of Financial
Services as Administrator of the Pension
Benefits Guarantee Fund

AND
TO:

**GOWLING LAFLEUR HENDERSON LLP**
Suite 1600, First Canadian Place
100 King Street West
Toronto, ON M5X 1G5

E. Patrick Shea

Email:   patrick.shea@gowlings.com

Tel:     416.369.7399
Fax:     416.862.7661

Lawyers for Westcon Group

AND
TO:

**FRASER MILNER CASGRAIN LLP**
1 First Canadian Place
100 King Street West
Toronto, ON M5X 1B2

R. Shayne Kukulowicz
Alex MacFarlane
Michael J. Wunder
Ryan Jacobs

Email:   Shayne.kukulowicz@fmc-law.com
         Alex.macfarlane@fmc-law.com
         Michael.wunder@fmc-law.com
         ryan.jacobs@fmc-law.com

Tel:     416.863.4511
Fax:     416.863.4592

Canadian Lawyers for the Official Committee of
Unsecured Creditors

AND
TO:

**MINDEN GROSS LLP**
145 King Street West, Suite 2200
Toronto, ON M5H 4G2

Raymond M. Slattery
David T. Ullmann

Email:   rslattery@mindengross.com
         dullmann@mindengross.com
Tel:     416.369.4149
Fax:     416.864.9223

Lawyers for Verizon Communications Inc.

AND TO:    **AIRD & BERLIS**
Brookfield Place
181 Bay Street, Suite 1800
Toronto, ON M5J 2T9

Harry Fogul
Peter K. Czegledy

Email:   hfogul@airdberlis.com
Tel:     416.865.7773
Fax:     416.863.1515

Email:   pczegledy@airdberlis.com
Tel:     416.865.7749
Fax:     416.863.1515

Lawyers for Microsoft Corporation

AND TO:    **AIRD & BERLIS LLP**
Barristers & Solicitors
Brookfield Place, P.O. Box 754
181 Bay Street, Suite 1800
Toronto, ON M5J 2T9

D. Robb English
Sanjeev P. R. Mitra

Email:   renglish@airdberlis.com
         smitra@airdberlis.com

Tel:     416.863.1500
Fax:     416.863.1515

Lawyers for Tata Consultancy Services Limited
and Tata America International Corporation

AND TO:    **ALEXANDER HOLBURN BEAUDIN & LANG LLP**
Barristers and Solicitors
700 West Georgia Street
Suite 2700
Vancouver, British Columbia V7Y 1B8

Sharon M. Urquhart

Email:   surquhart@ahbl.ca
Tel:     604.484.1757
Fax:     604.484.1957

Lawyers for Algo Communication Products Ltd.

AND TO:    **GARDINER ROBERTS LLP**
Suite 3100, Scotia Plaza
40 King Street West
Toronto, ON M5H 3Y2

Jonathan Wigley
Vern W. DaRe

Email:   jwigley@gardiner-roberts.com
Tel:     416.865.6655
Fax:     416.865.6636

Email:   vdare@foglers.com
Tel:     416.865.6641
Fax:     416.865.6636

Lawyers for Andrew, LLC

AND TO:    **AIRD & BERLIS LLP**
Barristers & Solicitors
Brookfield Place, P.O. Box 754
181 Bay Street, Suite 1800
Toronto, ON M5J 2T9

Steven L. Graff
Ian E. Aversa

Email:   sgraff@airdberlis.com
Tel:     416.865.7726
Fax:     416.863.1515

Email:   iaversa@airdberlis.com
Tel:     416.865.3082
Fax:     416.863.1515

Canadian Lawyers for Tellabs, Inc.

AND TO:    **MILLER THOMSON LLP**
Scotia Plaza
40 King Street, West, Suite 5800
P.O. Box 1011
Toronto, ON M5H 3S1

Maurice Fleming

Email:   mfleming@millerthomson.com
Tel:     416.595.8686
Fax:     416.595.8695

Lawyers for Verint Americas Inc. and Verint
Systems, Inc.

AND TO:
**DAVIS LLP**
1 First Canadian Place
Suite 5600
100 King Street West
Toronto, ON  M5X 1E2

Bruce Darlington
Jonathan Davis-Sydor

| | |
|---|---|
| Email: | bdarlington@davis.ca |
| Tel: | 416.365.3529 |
| Fax: | 416.369.5210 |

| | |
|---|---|
| Email: | jdavissydor@davis.ca |
| Tel: | 416.941.5397 |
| Fax: | 416.365.7886 |

Lawyers for Brookfield LePage Johnson
Controls Facility Management Services

AND TO:
**AIRD & BERLIS LLP**
Barristers & Solicitors
Brookfield Place, P.O. Box 754
181 Bay Street, Suite 1800
Toronto, ON  M5J 2T9

Steven L. Graff
Ian E. Aversa

| | |
|---|---|
| Email: | sgraff@airdberlis.com |
| Tel: | 416.865.7726 |
| Fax: | 416.863.1515 |

| | |
|---|---|
| Email: | iaversa@airdberlis.com |
| Tel: | 416.865.3082 |
| Fax: | 416.863.1515 |

Lawyers for Perot Systems Corporation

AND TO:
**CASSELS BROCK & BLACKWELL LLP**
40 King Street West,
Suite 2100
Toronto, Ontario  M5H 3C2

Deborah S. Grieve

| | |
|---|---|
| Email: | dgrieve@casselsbrock.com |
| Tel: | 416.860.5219 |
| Fax: | 416.350.6923 |

Lawyers for Alvarion Ltd.

AND TO:
**McMILLAN LLP**
Brookfield Place, Suite 4400
181 Bay Street
Toronto, Ontario  M5J 2T3

Andrew F. Kent
Tushara Weerasooriya
Hilary E. Clarke

| | |
|---|---|
| Email: | andrew.kent@mcmillan.ca |
| Tel: | 416.865.7160 |
| Fax: | 416.865.7048 |

| | |
|---|---|
| Email: | hilary.clarke@mcmillan.ca |
| Tel: | 416.865.7286 |
| Fax: | 416.865.7048 |

| | |
|---|---|
| Email: | tushara.weerasooriya@mcmillan.ca |
| Tel: | 416.865.7262 |
| Fax: | 416.865.7048 |

Lawyers for Royal Bank of Canada

AND TO:
**McMILLAN LLP**
Brookfield Place, Suite 4400
181 Bay Street
Toronto, Ontario  M5J 2T3

Lawrence J. Crozier
Adam C. Maerov

| | |
|---|---|
| Email: | lawrence.crozier@mcmillan.ca |
| Tel: | 416.865.7178 |
| Fax: | 416.865.7048 |

| | |
|---|---|
| Email: | adam.maerov@mcmillan.ca |
| Tel: | 416.865.7285 |
| Fax: | 416.865.7048 |

Lawyers for Citibank

AND TO:
**BLANEY McMURTRY LLP**
Barristers and Solicitors
1500 – 2 Queen Street East
Toronto, Ontario  M5C 3G5

Domenico Magisano

| | |
|---|---|
| Email: | dmagisano@blaney.com |
| Tel: | 416.593.2996 |
| Fax: | 416.593.5437 |

Lawyers for Expertech Network Installation Inc.

AND TO: **GARDINER ROBERTS LLP**
Suite 3100, Scotia Plaza
40 King Street West
Toronto, ON  M5H 3Y2

Jonathan Wigley
Vern W. DaRe

Email:   jwigley@gardiner-roberts.com
Tel:     416.865.6655
Fax:     416.865.6636

Email:   vdare@foglers.com
Tel:     416.865.6641
Fax:     416.865.6636

Lawyers for Amphenol Corporation

AND TO: **AIRD & BERLIS LLP**
Barristers & Solicitors
Brookfield Place, P.O. Box 754
181 Bay Street, Suite 1800
Toronto, Ontario  M5J 2T9

Sanjeev P.R. Mitra

Email:   smitra@airdberlis.com

Tel:     416.863.1500
Fax:     416.863.1515

Lawyers for Enbridge Gas Distribution Inc.

AND TO: **LANG MICHENER LLP**
Brookfield Place
Suite 2500, 181 Bay Street
P.O. Box 747
Toronto, Ontario  M5J 2T7

Aaron Rousseau

Email:   arousseau@langmichener.ca
Tel:     416.307.4081
Fax:     416.365.1719

Lawyer for Right Management Inc.

AND TO: **CASSELS BROCK & BLACKWELL LLP**
2100 Scotia Plaza
40 King Street West
Toronto, Ontario  M5H 3C2

E. Bruce Leonard
Harvey Garman
Michael Casey

Email:   bleonard@casselsbrock.com
         hgarman@casselsbrock.com
         mcasey@casselsbrock.com

Tel:     416.860.6455
Fax:     416.640.3054

Lawyers for the UK Pension Protection Fund and
Nortel Networks UK Pension Trust Limited

| | |
|---|---|
| AND TO: | **MCFARLANE LEPSOE** |

Barristers & Solicitors
70 Gloucester Street, Third Floor
Ottawa, Ontario  K2P 0A2

Paul K. Lepsoe

Email:   pklepsoe@mcfarlanelaw.com

Tel:    613.233.2679
Fax:    613.233.3774

Lawyers for Iron Mountain Canada Corporation
and Iron Mountain Information Management,
Inc.

AND TO:   **McCARTHY TETRAULT LLP**
Suite 5300, Toronto Dominion Bank Tower
Toronto, Ontario  M5K 1E6

Thomas G. Heintzman
Junior Sirivar

Email:   theintzm@mccarthy.ca
Tel:    416.601.7627
Fax:    416.868.0673

Email:   jsirivar@mccarthy.ca
Tel:    416.601.7750
Fax:    416.868.0673

Lawyers for Frank Andrew Dunn

AND TO:   **COLBY, MONET DEMERS, DELAGE & CREVIER LLP**
Tour McGill College
1501 McGill College Avenue
Suite 2900
Montreal, Quebec  H3A 3M8

David J. Dropsy

Email:   ddropsy@colby-monet.com
Tel:    514.284.3663
Fax:    514.284.1961

Lawyers for GFI INC., a division of Thomas &
Betts Manufacturing Inc.

AND TO:   **NELLIGAN O'BRIEN PAYNE LLP**
Barristers and Solicitors
50 O'Connor Street
Suite 1500
Ottawa, Ontario  K1P 6L2

Janice B. Payne
Steven Levitt
Christopher Rootham

Email:   janice.payne@nelligan.ca
        steven.levitt@nelligan.ca
        christopher.rootham@nelligan.ca

Tel:    613.231.8245
Fax:    613.788.3655

Lawyers for the Steering Committee of Nortel
Canadian Continuing Employees – Post CCAA as
at January 14, 2009

- 12 -

17

AND
TO:

**BAKER & McKENZIE LLP**
Brookfield Place, P.O. Box 874
181 Bay Street, Suite 2100
Toronto, Ontario  M5J 2T3

Chris Besant
Lydia Salvi

Email:    chris.besant@bakernet.com

Tel:      416.865.2318
Fax:      416.863.6275

Email:    lydia.salvi@bakernet.com

Tel:      416.865.6944
Fax:      416.863.6275

Lawyers for Jabil Circuit Inc.

AND
TO:

**SCHNEIDER & GAGGINO**
375 Lakeshore Drive
Dorval, Quebec  H9S 2A5

Dan Goldstein
Marco Gaggino

Email:    dgoldstein@schneidergaggino.com
          mgaggino@schneidergaggino.com

Tel:      514.631.8787
Fax:      514.631.0220

Lawyers for the Teamsters Quebec Local 1999

AND
TO:

**EURODATA**
2574 Sheffield Road
Ottawa, Ontario  K1B 3V7

Nanci Shore

Email:    nanci@eurodata.ca
Tel:      613.745.0921
Fax:      613.745.1172

AND
TO:

**BENNETT JONES LLP**
1 First Canadian Place
Suite 3400
Toronto, Ontario  M5X 1A4

Robyn M. Ryan Bell
Mark Laugesen

Email:    ryanbellr@bennettjones.com
          laugesenm@bennettjones.com

Tel:      416.863.1200
Fax:      416.863.1716

Lawyers for Tel-e Connect Systems Ltd. and
Tel-e Connect Systems (Toronto) Ltd.

AND
TO:

**MINDEN GROSS LLP**
145 King Street West, Suite 2200
Toronto, Ontario  M5H 4G2

Timothy R. Dunn

Email:    tdunn@mindengross.com
Tel:      416.369.4335
Fax:      416.864.9223

Lawyers for 2748355 Canada Inc.

AND
TO:

**BALDWIN LAW PROFESSIONAL
CORPORATION**
54 Victoria Avenue
Belleville, Ontario K8N 5J2

Ian W. Brady

Email:    lbrady@baldwinlaw.ca
Tel:      613.771.9991
Fax:      613.771.9998

Lawyers for Sydney Street Properties Corp.

AND TO:
**AETL TESTING, INC.**
130 Chaparral Court, Suite 250
Anaheim, California 92808

Raffy Lorentzian

Email:    raffy.lorentzian@ntscorp.com
Tel:      714.998.4351
Fax:      714.998.7142

Lawyers for AETL Testing, Inc.

AND TO:
**AIRD & BERLIS LLP**
Barristers & Solicitors
Brookfield Place, P.O. Box 754
181 Bay Street, Suite 1800
Toronto, ON  M5J 2T9

Steven L. Graff
Ian E. Aversa

Email:    sgraff@airdberlis.com
Tel:      416.865.7726
Fax:      416.863.1515

Email:    iaversa@airdberlis.com
Tel:      416.865.3082
Fax:      416.863.1515

Lawyers for Huawei Technologies Co. Ltd.

AND TO:
**SHIBLEY RIGHTON LLP**
Barristers and Solicitors
250 University Avenue, Suite 700
Toronto, Ontario M5H 3E5

Arthur O. Jacques
Thomas McRae

Email:   arthur.jacques@shibleyrighton.com
Tel:      416.214.5213
Fax:      416.214.5413

Email :  thomas.mcrae@shibleyrighton.com
Tel :     416.214.5206
Fax :     416.214.5400

Lawyers for The Recently Severed Canadian
Nortel Employees Committee

AND TO:
**SHIBLEY RIGHTON LLP**
Barristers and Solicitors
250 University Avenue, Suite 700
Toronto, Ontario M5H 3E5

Arthur O. Jacques
Thomas McRae

Email:   arthur.jacques@shibleyrighton.com
Tel:      416.214.5213
Fax:      416.214.5413

Email :  thomas.mcrae@shibleyrighton.com
Tel :     416.214.5206
Fax :     416.214.5400

Co-Counsel for the Steering Committee of Nortel
Canadian Continuing Employees – Post CCAA as
at January 14, 2009

AND TO:
**NATIONAL TECHNICAL SYSTEMS**
130 Chaparral Ct., Suite 250
Anaheim, California, U.S.A.
92808

Raffy Lorentzian

Email:    raffy.lorentzian@ntscorp.com
Tel:      714.998.4351

AND TO:
**GOWLING LAFLEUR HENDERSON LLP**
Suite 1600, First Canadian Place
100 King Street West
Toronto, ON  M5X 1G5

David F.W. Cohen

Email:    david.cohen@gowlings.com

Tel:      416.369.6667
Fax:      416.862.7661

Lawyers for General Electric Canada Equipment
Finance G.P. and GE Capital Canada Leasing
Services Inc.

- 14 -

19

AND
TO:

**DAVIS LLP**
1 First Canadian Place
Suite 5600
100 King Street West
Toronto, ON  M5X 1E2

Bruce Darlington
Jonathan Davis-Sydor

Email:   bdarlington@davis.ca
Tel:      416.365.3529
Fax:     416.369.5210

Email:   jdavissydor@davis.ca
Tel:      416.941.5397
Fax:     416.365.7886

Lawyers for Computershare Trust Company of
Canada

AND
TO:

**DAVIES WARD PHILLIPS & VINEBERG
LLP**
44th Floor
1 First Canadian Place
Toronto, ON  M5X 1B1

Robin B. Schwill
Matthew P. Gottlieb

Email:   rschwill@dwpv.com
Tel:      416.863.0900
Fax:     416.863.0871

Email:   mgottlieb@dwpv.com
Tel:      416.863.0900
Fax:     416.863.0871

Lawyers for Nortel Networks UK Limited (In
Administration)

AND
TO:

**LAX O'SULLIVAN SCOTT LLP**
Counsel
Suite 1920, 145 King Street West
Toronto, Ontario  M5H 1J8

Terrence O'Sullivan
Shaun F. Laubman

E-mail:  tosullivan@counsel-toronto.com
Tel:      416.598.1744
Fax:     416.598.3730

Email:   slaubman@counsel-toronto.com
Tel:      416.598.1744
Fax:     416.598.3730

Lawyers for William A. Owens

AND
TO:

**BAKER & McKENZIE LLP**
Brookfield Place, P.O. Box 874
181 Bay Street, Suite 2100
Toronto, Ontario  M5J 2T3

Lydia Salvi

Email:   lydia.salvi@bakernet.com

Tel:      416.865.6944
Fax:     416.863.6275

Lawyers for Wipro Limited

AND
TO:
**AIRD & BERLIS LLP**
Barristers & Solicitors
Brookfield Place, P.O. Box 754
181 Bay Street, Suite 1800
Toronto, ON  M5J 2T9

Steven L. Graff
Ian E. Aversa

Email:    sgraff@airdberlis.com
Tel:      416.865.7726
Fax:      416.863.1515

Email:    iaversa@airdberlis.com
Tel:      416.865.3082
Fax:      416.863.1515

Lawyers for the Current and Former Employees
of Nortel Networks Inc. who are or were
Participants in the Long-Term Investment Plan
Sponsored by Nortel Networks Inc.

AND
TO:
**TORYS LLP**
79 Wellington Street West, Suite 3000
Box 270, TD Centre
Toronto, Ontario  M5K 1N2

Scott Bomhof

Email:    sbomhof@torys.com
Tel:      416.865.7370
Fax:      416.865.7380

Lawyers for Nokia Siemens Networks B.V.

AND
TO:
**LANG MICHENER LLP**
Brookfield Place
181 Bay Street, Suite 2500
Toronto, Ontario, M5J 2T7

Sheryl E. Seigel

Email:    sseigel@langmichener.ca
Tel:      416.307.4063
Fax:      416.365.1719

Lawyers for The Bank of New York Mellon

AND
TO:
**McCARTHY TETRAULT LLP**
Suite 5300, TD Bank Tower
Toronto Dominion Centre
Toronto, Ontario  M5K 1E6

Heather Meredith

Email:    hmeredith@mccarthy.ca
Tel:      416.601.8342
Fax:      416.868.0673

Lawyers for Hitachi Communications
Technologies, Ltd.

AND
TO:
**DEPARTMENT OF JUSTICE**
Ontario Regional Office
The Exchange Tower, Box 36
130 King Street W., Suite 3400
Toronto, Ontario  M5X 1K6

Diane Winters

Email:    dwinters@justice.gc.ca
Tel:      416.973.3172
Fax:      416.973.0810

AND
TO:
**BLAKE, CASSELS & GRAYDON LLP**
199 Bay Street, Suite 2800
Commerce Court West
Toronto, Ontario  M5L 1A9

Susan M. Grundy
Marc Flynn

Email:    susan.grundy@blakes.com
Tel:      416.863.2572
Fax:      416.863.2653

Email:    marc.flynn@blakes.com
Tel:      416.863.2685
Fax:      416.863.2653

Lawyers for Telefonaktiebolaget L M Ericsson
(publ)

AND
TO:

**BLAKE, CASSELS & GRAYDON LLP**
199 Bay Street, Suite 2800
Commerce Court West
Toronto, Ontario  M5L 1A9

Pamela Huff
Milly Chow
Hugh DesBrisay
Craig Thorburn

Email:  pamela.huff@blakes.com
Tel:     416.863.2958
Fax:     416.863.2653

Email:  milly.chow@blakes.com
Tel:     416.863.2594
Fax:     416.863.2653

Email:  hugh.desbrisay@blakes.com
Tel:     416.863.2426
Fax:     416.863.2653

Email:  craig.thorburn@blakes.com
Tel:     416.863.2965
Fax:     416.863.2653

Lawyers for MatlinPatterson Global Advisers
LLC, MatlinPatterson Global Opportunities
Partners III L.P. and MatlinPatterson
Opportunities Partners (Cayman) III L.P.

AND
TO:

**SACK GOLDBLATT MITCHELL LLP**
20 Dundas Street West
Suite 1100
Toronto, Ontario  M5G 2G8

James McDonald
Darrell Brown

Email:  jmcdonald@sgmlaw.com
Tel:     416.979.6425
Fax:     416.591.7333

Email:  dbrown@sgmlaw.com
Tel:     416.979.4050
Fax:     416.591.7333

Lawyers for Edmund Fitzgerald

AND
TO:

**McCARTHY TETRAULT LLP**
Suite 5300, Toronto Dominion Bank Tower
Toronto, Ontario  M5K 1E6

Kevin P. McElcheran
Ryan Stabile

Email:  kmcelcheran@mccarthy.ca
Tel:     416.601.7730
Fax:     416.868.0673

Email:  rstabile@mccarthy.ca
Tel:     416.601.8335
Fax:     416.868.0673

Lawyers for Avaya Inc.

AND
TO:

**FOGLER, RUBINOFF LLP**
Barristers and Solicitors
Suite 1200
Toronto-Dominion Centre
95 Wellington Street West
Toronto, Ontario  M5J 2Z9

Jeffrey K. Spiegelman

Email:  jspiegelman@foglers.com
Tel:     416.864.9700
Fax:     416.941.8852

Lawyers for Belden (Canada) Inc.

22

AND
TO:

**STIKEMAN ELLIOTT LLP**
5300 Commerce Court West
199 Bay Street
Toronto, ON  M5L 1B9

Sean F. Dunphy

Email:    sdunphy@stikeman.com
Tel:      416.869.5662
Fax:      416.947.0866

Lawyers for GENBAND Inc.

AND
TO:

**STIKEMAN ELLIOTT LLP**
445 Park Avenue, 7th Floor
New York, NY  10022

Gordon Cameron
Ron Ferguson

Email:    gncameron@stikeman.com
Tel:      212.845.7464
Fax:      212.371.7087

Email:    rferguson@stikeman.com
Tel:      212.845.7477
Fax:      212.371.7087

Lawyers for GENBAND Inc.

AND
TO:

**BORDEN LADNER GERVAIS LLP**
Barristers and Solicitors
Scotia Plaza, Suite 4400
40 King Street West
Toronto, ON  M4H 3Y4

John D. Marshall
Craig J. Hill

Email:    jmarshall@blgcanada.com
Tel:      416.367.6024
Fax:      416.361.2763

Email:    chill@blgcanada.com
Tel:      416.367.6156
Fax:      416.631.7301

Lawyers for the U.K. Pensions Regulator

AND
TO:

**VINCENT DAGENAIS GIBSON LLP/s.r.l**
Barristers and Solicitors
600-325 Dalhousie Street
Ottawa, ON  K1N 7G2

Thomas Wallis

E-mail:   thomas.wallis@vdg.ca
Tel:      613.241.2701
Fax:      613.241.2599

Lawyers for La Regie des Rentes du Quebec

AND
TO:

**ROCHON GENOVA LLP**
121 Richmond Street West
Suite 900
Toronto, ON  M5H 2K1

Joel P. Rochon

Email:    jrochon@rochongenova.com
Tel:      416.363.1867
Fax:      416.363.0263

Lawyers for the Opposing LTD Employees

AND
TO:

**BLAKE, CASSELS & GRAYDON**
Box 25, Commerce Court West
199 Bay Street, Suite 2800
Toronto, Ontario M5L 1A9

Pamela J. Huff
J. Jeremy Forgie

Email:    pamela.huff@blakes.com
Tel:      416.863.2958
Fax:      416.863.2653

Email:    jeremy.forgie@blakes.com
Tel:      416.863.3888
Fax:      416.863.2653

Lawyers for The Northern Trust Company, Canada

AND
TO:

**MACLEOD DIXON LLP**
3700 Canterra Tower
400 Third Avenue SW
Calgary, Alberta
T2P 4H2

Kyle D. Kashuba

Email: kyle.kashuba@macleoddixon.com
Tel: 403.267.8399
Fax: 403.264.5973

Constellation NewEnergy Canada Inc.

AND
TO:

**CLEARY GOTTLIEB STEEN &**
**HAMILTON LLP**
One Liberty Plaza
New York, NY 10006

James Bromley
Lisa Schweitzer

Email: jbromley@cgsh.com
       lschweitzer@cgsh.com
Tel: 212.225.2000
Fax: 212.225.3999

Lawyers for Nortel Networks Inc.

AND
TO:

**LANG MICHENER LLP**
Brookfield Place, Suite 2500
181 Bay Street
Toronto, ON M5J 2T7

D. Brent McPherson

Email: bmcpherson@langmichener.ca
Tel: 416.307.4103
Fax: 416.304.3769

Lawyers for Wells Fargo Bank, National
Association, as successor by merger to
Wachovia Bank, N.A., in its capacity as Servicer
for the Nortel Networks Pass-Through Trust,
Series 1-1

AND
TO:

**SACK GOLDBLATT MITCHELL**
500 – 30 rue Metcalfe St.
Ottawa, ON K1P 5L4

Peter Engelmann
Fiona Campbell

Email: pengelmann@sgmlaw.com
Tel: 613-482-2452
Fax: 613-235-3041

Email: fcampbell@sgmlaw.com
Tel: 613-482-2451
Fax: 613-235-3041

Lawyers for the LTD Beneficiaries in Respect of the
Distribution of the Corpus of the Health and Welfare
Trust

AND
TO:

**LERNERS LLP**
130 Adelaide St. West
Suite 2400
Toronto, ON M5H 3P5

William E. Pepall

Email: wpepall@lerners.ca
Tel: 416.601.2352
Fax: 416.867.2415

Lawyers for the Former Employees in Respect of the
Distribution of the Corpus of the Health and Welfare
Trust

AND
TO:

**McCARTHY TETRAULT LLP**
Suite 5300, Toronto Dominion Bank Tower
Toronto, Ontario M5K 1E6

Barbara J. Boake
James D. Gage

E-mail: bboake@mccarthy.ca
Tel: 416.601.7557
Fax: 416.868.0673

Email: jgage@mccarthy.ca
Tel: 416.601.7539
Fax: 416.686.0673

Lawyers for Morneau Sobeco Limited Partnership

| | | | |
|---|---|---|---|
| AND TO: | **DAVID STEER**<br>10 Cypress Court<br>Nepean, ON  K2H 8Z8<br><br>E-mail:  davidsteer127@sympatico.ca | AND TO: | **TORYS LLP**<br>79 Wellington St. W., Suite 3000<br>Box 270, TD Centre<br>Toronto, Ontario  M5K 1N2 |

Tony DeMarinis
Scott Bomhof
Sheila Block
Andrew Gray

Email:   tdemarinis@torys.com
         sbomhof@torys.com
         sblock@torys.com
         agray@torys.com
Tel:     416.865.0040
Fax:     416.865.8730

Lawyers for Nortel Networks Inc.

## COURTESY COPIES:

| | |
|---|---|
| AND TO: | **LEWIS AND ROCA**<br>40 North Central Avenue<br>Phoenix, Arizona<br>USA  85004-4429 |

Scott K. Brown

Email:   sbrown@lrlaw.com

Tel:      602.262.5321
Fax:      602.734.3866

Lawyers for The Prudential Insurance
Company of America

AND TO:  **CURTIS, MALLET-PREVOS**T, **COLT &
MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061

Steven J. Reisman
James V. Drew

E-mail:   sreisman@curtis.com
          jdrew@curtis.com

Tel:      212.696.6000
Fax:      212-697-1559

Lawyers for Flextronics International

AND TO:  **AKIN GUMP STRAUSS HAUER &
FELD LLP**
One Bryant Park
New York, NY  10036

Fred S. Hodara

Email:   fhodara@akingump.com

Tel:      212.872.1000
Fax:      212.872.1002

U.S. Lawyers for the Official Committee of
Unsecured Creditors

AND TO:  **MILBANK, TWEED, HADLEY
McCLOY LLP**
1 Chase Manhattan Plaza
New York, NY  10005

Dennis F. Dunne
Andrew M. Leblanc
Albert A. Pisa

Email:   DDunne@milbank.com
Tel:      212.530.5770
Fax:      212.530.5219

Email:   ALeblanc@milbank.com
Tel:      212.835.7574
Fax:      212.530.5219

Email:   APisa@milbank.com
Tel:      212.530.5319
Fax:      212.530.5219

U.S. Lawyers for The Informal Nortel
Noteholder Group

26

AND TO: **VEDDER PRICE P.C.**
1633 Broadway, 47th Floor
New York, New York 10019

Michael L. Schein

Email: mschein@vedderprice.com

Tel: 212.407.6920
Fax: 212.407.7799

U.S. Lawyers for Telmar Network Technology, Inc. and Precision Communication Services, Inc.

AND TO: **BRYAN CAVE LLP**
161 North Clark Street, Suite 4300
Chicago, Illinois 60601

Eric S. Prezant

Email: eric.prezant@bryancave.com
Tel: 312.602.5033
Fax: 312.602.5050

U.S. Lawyers for Tellabs, Inc.

AND TO: **MACLEOD DIXON LLP**
3700 Canterra Tower
400, 3rd Avenue N.W.
Calgary, Alberta T2P 4H2

Andrew Robertson
Caylee M. Rieger

Email : andrew.robertson@macleoddixon.com
caylee.rieger@macleoddixon.com

Tel : 403.267.8222
Fax : 403.264.5973

Agent for Nelligan O'Brien Payne LLP, lawyers for the Steering Committee of Recently Severed Canadian Nortel Employees and lawyers for the Steering Committee of Nortel Canadian Continuing Employees – Post CCAA as at January 14, 2009

AND TO: **LATHAM & WATKINS LLP**
885 Third Avenue
New York, NY 10022-4834

Michael J. Riela

Email: michael.riela@lw.com

Tel : 212.906.1373
Fax : 212.751.4864

U.S. Lawyers for The Bank of New York Mellon

27

Court File No: 09-CL-7950

IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**COMMERCIAL LIST**

Proceeding commenced at Toronto

**NOTICE OF MOTION**
**(Motion for EMEA Claims Procedure Order)**
**(returnable January 7, 2011)**

**OGILVY RENAULT LLP**
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street
Toronto, Ontario M5J 2Z4

**Derrick Tay LSUC#: 21152A**
Tel: (416) 216-4832
Email: dtay@ogilvyrenault.com

**Jennifer Stam LSUC#: 46735J**
Tel: (416) 216-2327
Email: jstam@ogilvyrenault.com

Fax: (416) 216-3930

Lawyers for the Applicants

DOCSTOR: 2071999\3

**Tab 2**

28

Court File No: 09-CL-7950

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL
NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL
CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED

**AFFIDAVIT OF ANNA VENTRESCA**
**(sworn December 20, 2010)**

I, Anna Ventresca, of the City of Hamilton, in the Province of Ontario, MAKE OATH
AND SAY:

1.    I am the General Counsel - Corporate and Corporate Secretary of Nortel Networks
Corporation ("NNC") and Nortel Networks Limited ("NNL") and have held this position since
August 2009. From July, 2007 to July, 2009 I was the Assistant General Counsel – Corporate
and Assistant Secretary. As such, I have personal knowledge of the matters to which I
hereinafter depose in this Affidavit. Where I do not possess personal knowledge, I have stated
the source of my information and, in all such cases, believe it to be true.

2.    I swear this affidavit in support of the motion for an Order:

    (a)    Granting the EMEA Claims Procedure Order in substantially the form contained
in the Applicants' Motion Record; and

    (b)    such further and other relief as counsel may request and this Honourable Court
may grant.

3.    Capitalized terms used herein not otherwise defined shall have the meanings ascribed to
such terms in the EMEA Claims Procedure Order contained in the Applicants' Motion Record.

## BACKGROUND

### *Canadian Proceedings*

4.      On January 14, 2009 (the "Filing Date"), NNC, NNL, Nortel Networks Global Corporation, Nortel Networks International Corporation and Nortel Networks Technology Corporation (collectively, the "Applicants") were granted protection under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "CCAA") pursuant to an initial order (as subsequently amended and restated, the "Initial Order") of this Honourable Court (the "Court" or the "Canadian Court") and Ernst & Young Inc. was appointed as monitor (the "Monitor") in the CCAA proceedings.

5.      On February 27, 2009, the U.S. Court granted petitions recognizing the CCAA proceedings as "foreign main proceedings" in respect to the Applicants pursuant to Chapter 15 of the U.S. Bankruptcy Code.

### *U.S. Proceedings*

6.      Also on January 14, 2009, certain of NNC's U.S. subsidiaries, including its principal U.S. operating subsidiary, NNI (together with the other U.S. filing entities, the "Initial U.S. Debtors"), made voluntary filings under Chapter 11 of the United States Bankruptcy U.S. Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "U.S. Court").  On the same date, this Honourable Court granted an Order pursuant to Section 18.6(4) of the CCAA recognizing the Chapter 11 cases as "foreign proceedings" in Canada and giving effect in Canada to the automatic stay under the U.S. Bankruptcy Code.

7.      On July 14, 2009, Nortel Networks (CALA) Inc. (together with the Initial U.S. Debtors, the "U.S. Debtors") made a voluntary filing with the U.S. Court under Chapter 11 of the U.S. Bankruptcy Code.



### *U.K. and French Proceedings*

8.    Additionally, on January 14, 2009, Nortel Networks UK Limited ("NNUK") and certain subsidiaries of the Nortel group incorporated in Europe, the Middle East or Africa each obtained an administration order for the appointment of administrators (the "Joint Administrators") from the High Court of England and Wales under the Insolvency Act 1986. These debtors together with Nortel Networks Israel (Sales and Marketing) Limited are defined in the draft EMEA Claims Procedure Order as the "EMEA Companies" and are listed on Schedule "A" to that draft Order.

9.    On May 28, 2009, the Commercial Court of Versailles, France ordered the commencement of secondary insolvency proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation proceedings during which NNSA was originally authorized to continue to operate as a going concern for an initial period of three months which period was subsequently extended to November 28, 2009. In accordance with the European Union's Council Regulation (EC) No 1346/2000 on Insolvency Proceedings, the English law proceedings remain the main proceedings in respect of NNSA although a French administrator and a French liquidator have been appointed and are in charge of the day-to-day affairs and continuing business of NNSA in France.

10.    On June 8, 2009, the Joint Administrators appointed in respect of NNUK filed a petition with the U.S. Court for the recognition of the Administration Proceedings as they relate to NNUK (the "English Proceedings") under Chapter 15 of the U.S. Bankruptcy Code. On June 26, 2009, the U.S. Court entered an order recognizing the English Proceedings as foreign main proceedings under Chapter 15 of the U.S. Bankruptcy Code.

### *Other Proceedings*

11.    On January 18, 2009, certain Nortel affiliates, including Nortel Networks Israel (Sales and Marketing) Limited (collectively, the "Israeli Debtors"), filed an application with the Tel-Aviv-Jaffa District Court, pursuant to the Israeli Companies Law, 1999, and the regulations relating thereto for a stay of proceedings. On January 19, 2009, the Israeli Court appointed Yaron

Har-Zvi and Avi D. Pelossof as joint administrators of the Israeli Debtors under the Israeli Companies Law.

12.    Further details regarding the background to these proceedings and the various other proceedings are set out in affidavits previously filed in these proceedings and are therefore not repeated herein.

## THE CLAIMS PROCEDURE ORDER AND THE CLAIMS RESOLUTION ORDER

13.    On July 30, 2009, this Court granted a Claims Procedure Order establishing a process for the proving of "Claims", as defined therein (as amended and restated, the "2009 Claims Procedure Order"). A copy of the 2009 Claims Procedure Order is included in the Applicants' Motion Record.

14.    The 2009 Claims Procedure Order deals mainly with (a) notice to creditors, (b) the completion and filing of claims by creditors, and (c) the setting of the Claims Bar Date (as defined in the 2009 Claims Procedure Order).

15.    The provisions of the 2009 Claims Procedure Order relevant to the EMEA Claims Procedure Order may be summarized as follows:

(a)    The 2009 Claims Procedure Order defines in detail three types of claims (all three types are collectively defined in the 2009 Claims Procedure Order as "Claims") that are subject to the 2009 Claims Procedure Order;

(b)    The 2009 Claims Procedure Order provides that it does not apply to certain "Excluded Claims", and that the holders of such claims have therefore not been required to file a proof of claim, with respect to those claims;

(c)    Among the Excluded Claims enumerated in the 2009 Claims Procedure Order are three categories of claims that can be described in very general terms as (i) inter-company claims, (ii) Compensation Claims (as defined in the 2009 Claims

Procedure Order), and (iii) indemnity and contribution claims by current or former officers and directors.[1]

16.   On September 16, 2010, this Court granted a Claims Resolution Order (the "Claims Resolution Order"), establishing the resolution process for "Claims", as defined in the 2009 Claims Procedure Order.   Consistent with the 2009 Claims Procedure Order, the Claims Resolution Order did not establish resolution procedures for inter-company claims or other categories of "Excluded Claims".   A copy of the Claims Resolution Order is included in the Applicants' Motion Record.

17.   Since that time, the Monitor, in consultation with the Applicants, has been reviewing Claims filed in accordance with the 2009 Claims Procedure Order, and is in the process of attempting to resolve such Claims in accordance with the mechanisms set out in the Claims Resolution Order.

## NEED FOR AN EMEA CLAIMS PROCESS

18.   Since the making of the 2009 Claims Procedure Order, it has become clear that some of the largest claims against the Applicants will be inter-company claims.   Among those claims are claims by the U.S. Debtors against the Applicants, and claims by the EMEA Companies against the Applicants.

19.   The largest claims of the U.S. Debtors against the Applicants have been addressed by a Final Canadian Funding and Settlement Agreement dated December 23, 2009 among the Applicants, the Monitor, and the U.S. Debtors, wherein the Applicants agreed to accept a claim by NNI against NNL in the aggregate amount of U.S. $2.0627 billion.   This settlement has addressed virtually all of the anticipated claims by the U.S. Debtors against the Appliants.

20.   The claims of the EMEA Companies against the Applicants have not been addressed, but as a result of other claims filed pursuant to the 2009 Claims Procedure Order, it has become clear that these claims will be very significant.   Moreover, it appears that some claims by EMEA

---

[1] Other categories of Excluded Claims are identified in the 2009 Claims Procedure Order, being claims secured by certain Court-ordered charges, and grievances under collective agreements.

*33*

Companies against some of the Applicants will likely be based on alleged facts and liabilities similar to those already asserted against NNC and NNL pursuant to the 2009 Claims Procedure Order.

21.     Accordingly, the Applicants now wish to implement a 'call for claims' procedure that will require the EMEA Companies to file their EMEA Claims (as described in paragraph 28(a) below) by a specified date, and to establish a process for the proving and resolution of the EMEA Claims (as defined below), so that this category of claims is also moving forward through a claims process.

22.     The proposed EMEA Claims Procedure Order contained in the Applicants' Motion Record is largely based on the process contained in the 2009 Claims Procedure Order and the Claims Resolution Order.

23.     The Applicants are also moving forward to establish a claims process for other categories of "Excluded Claims" (as defined in the 2009 Claims Procedure Order), the result of which will be that most claims will then be subject to a process for the proving and resolution of claims. Notably, the Applicants are moving forward with a process that will deal with "Compensation Claims" (as defined in the 2009 Claims Procedure Order), and which constitute another category of large claims against the Applicants.

24.     The Applicants' intent is to establish claims processes that will ensure that the most significant claims against the Applicants can be dealt with in an orderly process, to avoid future delays in the administration of the Canadian estates, and delays in determining claims for voting and distribution purposes.

25.     The Applicants are of the view that mechanisms to deal with the EMEA Claims in Canada must be established without further delay, so as to prevent the delays that will inevitably come if the Applicants and the Monitor cannot soon begin to accept, reject and resolve EMEA Claims.

**SPECIFIC CLAIMS AND CROSS-BORDER CLAIMS**

26.    The Claims Resolution Order recognized special rules with respect to three categories of Claims, being "Specific Claims", "Overlapping Claims", and "Same-Creditor Claims", as defined therein.

27.    The EMEA Claims Procedure Order has been drafted to recognize the special rules applicable to such categories of Claims.  In particular, EMEA Claims were enumerated in the Claims Resolution Order as "Specific Claims", and therefore the draft EMEA Claims Procedure Order recognizes that the rules applicable to Specific Claims will apply to all EMEA Claims. Certain EMEA Claims may also constitute "Overlapping Claims" or "Same-Creditor Claims" that will be subject to the Cross-Border Claims Protocol approved by this Court and the U.S. Court on September 16, 2010; this is also recognized in the draft EMEA Claims Procedure Order.

**OVERVIEW OF THE TERMS OF THE DRAFT EMEA CLAIMS PROCEDURE ORDER**

28.    The provisions of the draft EMEA Claims Procedure Order may be summarized as follows:

(a)    *Application.* The EMEA Claims Procedure Order defines the one type of claim that is subject to this Order: EMEA Claims.  An "EMEA Claim" is defined in detail in the draft EMEA Claims Procedure Order, and (in summary terms) is a claim of an EMEA Company, as of the Filing Date, against (i) the Applicants, or any of them, (ii) the Property of the Applicants, or any of them (as the term "Property" is defined in the Initial Order), or (iii) the Directors and Officers, or any of them;

(b)    *Purpose.* The purpose of the EMEA Claims Procedure Order together with the Claims Resolution Order and the Cross-Border Claims Protocol, as applicable, is to establish mechanisms for the filing, proving and resolution of EMEA Claims;

(c)    *Prior Proofs of Claim filed.* All prior proofs of claim filed in respect of an EMEA Claim against the Applicants, or any one of them, in response to the call for

claims and claims procedures in the 2009 Claims Procedure Order, shall be deemed to have been filed pursuant to the EMEA Claims Procedure Order, provided however that at any time prior to 4:00 p.m. (prevailing time in Toronto, Ontario, Canada) on the EMEA Claims Bar Date any EMEA Creditor may by notice in writing to the Monitor elect to either withdraw any prior proof of claim filed by that EMEA Creditor or amend such prior proof of claim by submitting an amended proof of claim in accordance with the EMEA Claims Procedure Order;

(d)     *EMEA Claims Bar Date.* All EMEA Claims must be received by the Monitor no later than 4:00 p.m. (prevailing time in Toronto, Ontario, Canada) on the EMEA Claims Bar Date, being February 11, 2011, after which any EMEA Creditor is barred from making any EMEA Claim, and such person cannot participate in the CCAA proceedings herein as a creditor, or vote or receive distributions as a creditor, in respect of that barred claim;

(e)     *Notice.* Notice to EMEA Creditors will occur by a combination of (i) posting of the "Proof of Claim Document Package" on the Monitor's website, (ii) mailing the Proof of Claim Document Package to the Administrators and the Administrators' Counsel, and (iii) the delivery of the Proof of Claim Document Package to any Person claiming to be an EMEA Creditor and requesting such material;

(f)     *Proof of Claim.* A form of Proof of Claim is attached to the EMEA Claims Procedure Order as Schedule "C". The rules for completing the Proof of Claim are set out in the Order, and are described for EMEA Creditors in the EMEA Creditors' Guide to Completing the Proof of Claim form, attached as Schedule "D" to the EMEA Claims Procedure Order;

(g)     *Proven EMEA Claims.* "Proven EMEA Claims" are those EMEA Claims determined in accordance with the EMEA Claims Procedure Order and, where applicable, the Claims Resolution Order and the Cross-Border Claims Protocol, and will be final for voting and distribution purposes; the EMEA Claims

Procedure Order permits for the determination of the nature, amount, value, priority and validity of any EMEA Claim, for these purposes;

(h)     *Claims Resolution.* The EMEA Claims Procedure Order permits the Monitor, in consultation with the Applicants and where applicable any Affected Director of Officer, to review proofs of claim, to request additional information, to request the filing of a revised proof of claim, to attempt to resolve and settle any issue arising in respect of an EMEA Claim, to accept EMEA Claims, and to disallow EMEA Claims (in whole or in part);

(i)     *Disallowance.* If an EMEA Claim is disallowed, the EMEA Claims Procedure Order contains mechanisms (and forms) for the dispute of any disallowance;

(j)     *Specific Claims.* All EMEA Claims, being "Specific Claims" (as defined in the Claims Resolution Order) are subject to the provisions of paragraphs 7, 8 and 10 of the Claims Resolution Order;

(k)     *EMEA Protocol Claims.* To the extent an EMEA Claim is an EMEA Protocol Claim it is subject to the paragraph 10 of the Claims Resolution Order and will be determined in accordance with Cross-Border Claims Protocol and the EMEA Claims Procedure Order;

(l)     *Transfer and Assignments.* The EMEA Claims Procedure Order also contains provisions dealing with transfers and assignments of an EMEA Claim, and the rules and notice requirements applicable to transferred or assigned EMEA Claims. The EMEA Claims Procedure Order also contains provisions which attempt to prevent the splitting of EMEA Claims, and which stipulate that any transferee or assignee takes any transferred or assigned EMEA Claim subject to the rights and obligations of the transferor or assignor, and subject to the rights of the Applicants against such transferor or assignor; and

(m)     *Protection from Liability for Monitor.* The Monitor is given protections from liability in carrying out the EMEA Claims Procedure Order, except in cases of wilful misconduct or gross negligence.

29.     The foregoing summary of the terms of the EMEA Claims Procedure Order is a partial and general summary only, and should not be relied on by creditors and other affected parties in determining their rights and obligations.

## CONCLUSION

30.     The EMEA Claims Procedure Order will allow the Applicants to advance the CCAA proceedings by establishing mechanisms to deal with the EMEA Claims and to accept, resolve, settle or dispute such EMEA Claims.

31.     The EMEA Claims are likely to be very substantial, and some EMEA Claims are likely to be based on facts and liabilities similar to those already asserted against NNC and NNL pursuant to the 2009 Claims Procedure Order.  Accordingly, it would be beneficial to have the EMEA Claims proven in the near future, so that the Monitor and the Applicants can attempt to address all EMEA Company-related claims at the same time.

32.     The mechanisms set out in the EMEA Claims Procedure Order are substantially similar to those set out in the 2009 Claims Procedure Order and the Claims Resolution Order, and such mechanisms are well-established in Canada.

33.     I am aware that the Monitor will be filing a report with respect to this motion, supporting the Applicants' request that an EMEA Claims Procedure Order be made in substantially the form of the EMEA Claims Procedure Order contained in the Applicants' motion record.

SWORN before me at the City of
Toronto in the Province of Ontario, on
the 20th day of December, 2010.

A Commissioner for taking affidavits                          **Anna Ventresca**

38

Court File No: **09-CL-7950**

IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL
NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS
GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION
AND NORTEL NETWORKS TECHNOLOGY CORPORATION

*ONTARIO*
**SUPERIOR COURT OF JUSTICE
COMMERCIAL LIST**

Proceeding commenced at Toronto

**AFFIDAVIT OF ANNA VENTRESCA**
(sworn December 20, 2010)

**OGILVY RENAULT LLP**
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street
Toronto, Ontario  M5J 2Z4

**Derrick Tay LSUC#: 21152A**
Tel: (416) 216-4832
Email: dtay@ogilvyrenault.com

**Jennifer Stam LSUC#: 46735J**
Tel: (416) 216-2327
Email: jstam@ogilvyrenault.com

Fax: (416) 216-3930

Lawyers for the Applicants

DOCSTOR: 2073965\4

**Tab 3**

*39*

File No. 09-CL-7950

**ONTARIO**
**SUPERIOR COURT OF JUSTICE- COMMERCIAL LIST**

| THE HONOURABLE | ) | FRIDAY, THE 7TH |
| | ) | |
| MR. JUSTICE MORAWETZ | ) | DAY OF JANUARY, 2011 |

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,**
**R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF**
**NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,**
**NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS**
**INTERNATIONAL CORPORATION AND NORTEL NETWORKS**
**TECHNOLOGY CORPORATION (the "Applicants")**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,**
**R.S.C. 1985, c. C-36, AS AMENDED**

**EMEA CLAIMS PROCEDURE ORDER**

THIS MOTION, made by the Applicants for an Order substantially in the form included in the Applicants' Motion Record was heard this day at 393 University Avenue, Toronto, Ontario.

ON READING the Applicants' Notice of Motion, the affidavit of Anna Ventresca sworn on December 20, 2010, the ● report of Ernst & Young Inc. (the "Monitor") dated ●, 201● (the "● Report"), and on hearing the submissions of counsel for the Applicants, the Monitor, and those other parties present, no one appearing for the other parties served with the Applicants' Motion Record, although duly served as appears from the affidavit of service of ● sworn ●, 201●, filed:

*40*

## SERVICE

1.  THIS COURT ORDERS that the time for service of the Notice of Motion, the Motion Record filed by the Applicants and ● Report of the Monitor in support of this Motion be and it is hereby abridged and validated such that the Motion is properly returnable today.

## PURPOSE OF THIS ORDER

2.  THIS COURT ORDERS that this Order ("this Order" or the "EMEA Claims Procedure Order") shall apply to all EMEA Claims.

3.  THIS COURT ORDERS that the purpose of this Order together with the Claims Resolution Order and the Cross-Border Claims Protocol, as applicable, is to establish a bar date and mechanisms for the filing, proving and resolution of EMEA Claims, which were Excluded Claims as defined in the Claims Procedure Order, and therefore not subject to the mechanisms therein.

## DEFINITIONS

4.  THIS COURT ORDERS that the following terms shall have the following meanings ascribed thereto:

    (a) "Administrators" means the Joint Administrators, the Israeli Administrators and the French Office Holders, and any reference to "Administrator" or Administrators" herein shall be deemed to include any successors to the Joint Administrators, the Israeli Administrators or the French Office Holders;

    (b) "Administrators' Counsel" means counsel acting for any Administrator, including: (i) Herbert Smith LLP in its capacity as counsel to the Joint Administrators, (ii) ● in its capacity as counsel to the Israeli Administrators,

(iii) ● in its capacity as counsel to the French Office Holders, and (iv) such other counsel as an Administrator may advise by written notice to the Monitor and the Applicants;

(c)   "Affected Directors and Officers" means those Directors and Officers against whom an EMEA Claim has been asserted in a Proof of Claim, and an "Affected Director or Officer" means any one of such Persons;

(d)   "Business Day" means a day, other than a Saturday or a Sunday, on which banks are generally open for business in Toronto, Ontario, Canada;

(e)   "CCAA" means *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended;

(f)   "Chapter 11 Cases" means the reorganization cases under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, commenced by the U.S. Debtors in the U.S. Court, and consolidated under Case No. 09-10138 (KG);

(g)    "Claims Procedure Order" means the Amended and Restated Claims Procedure Order dated July 30, 2009, as such Order may be further amended from time to time by Order of this Court;

(h)   "Claims Resolution Order" means the Claims Resolution Order dated September 16, 2010, as such Claims Resolution Order may be amended from time to time by Order of this Court;

(i)   "Court" means the Ontario Superior Court of Justice (Commercial List);

- 4 -

42

(j)     "Cross-Border Claims Protocol" means the protocol for the resolution of cross-border claims filed in these CCAA proceedings and in the Chapter 11 Cases, as approved by this Court and the U.S. Court on September 16, 2010, as such Cross-Border Claims Protocol may be amended from time to time in accordance with its terms;

(k)     "Directors" means all current and former directors of the Applicants, and "Director" means any one of them;

(l)     "Dispute Notice" means a written notice to the Monitor, in substantially the form attached as Schedule "F" hereto, delivered to the Monitor by an EMEA Creditor who has received a Notice of Disallowance, of its intention to dispute such Notice of Disallowance;

(m)     "EMEA Claim" means any Claim (as defined in the Claims Procedure Order without reference to the exclusion for Excluded Claims) of an EMEA Company, as of the Filing Date, against (i) the Applicants, or any of them, (ii) any of the Property of the Applicants, or any of them (as the term "Property" is defined in the Initial Order), or (iii) the Directors and Officers, or any of them, and "EMEA Claims" means all of such EMEA Claims;

(n)     "EMEA Claims Bar Date" means February 11, 2011;

(o)     "EMEA Claims Procedure Order" shall have the meaning ascribed to that term in paragraph 2 herein;

(p)     "EMEA Companies" means the entities listed in Schedule "A" hereto, and "EMEA Company" means any one of them.  For the purposes of this Order,

Nortel Networks Israel (Sales and Marketing) Limited (in administration) shall be considered an EMEA Company;

(q)     "EMEA Creditor" means any of the EMEA Companies (and any person appointed in respect of such EMEA Companies) asserting an EMEA Claim;

(r)     "EMEA Creditors' Guide to Completing the Proof of Claim form" means the guide to completing the Proof of Claim form, in substantially the form attached as Schedule "D" hereto;

(s)     "EMEA Protocol Claim" means an EMEA Claim, or a portion of an EMEA Claim, that also constitutes a Same-Creditor Claim or an Overlapping Claim as such terms are defined in the Cross-Border Claims Protocol;

(t)     "Filing Date" means January 14, 2009;

(u)     "French Office Holders" means *Maître* Cosme Rogeau, in his capacity as *liquidateur judiciaire* of Nortel Networks S.A,. together with *Maître* Frank Michel, in his capacity as *administrateur judiciaire* of Nortel Networks S.A.;

(v)     "Initial Order" shall have the meaning ascribed to that term in paragraph 6 of this Order;

(w)     "Israeli Administrators" means Yaron Har-Zyi and Avi D. Pelossof in their capacities as Joint Israeli Administrators of Nortel Networks Israel (Sales and Marketing) Limited;

(x)     "Joint Administrators" means Alan Robert Bloom, Stephen John Harris, Alan Michael Hudson and Christopher John Wilkinson Hill of Ernst & Young LLP in

their capacities as administrators of various of the EMEA Companies in their administration proceedings in the United Kingdom, and David Hughes of Ernst & Young LLP Ireland and Alan Bloom in their capacities as administrators of Nortel Networks (Ireland) Limited;

(y)    "Monitor" means Ernst & Young Inc. in its capacity as monitor pursuant to the Initial Order;

(z)    "Notice of Disallowance" means a notice, in substantially the form attached as Schedule "E" hereto, advising an EMEA Creditor that the Monitor, in consultation with the Applicants and any Affected Director or Officer, has revised or disallowed all or part of such EMEA Creditor's EMEA Claim set out in the EMEA Creditor's Proof of Claim;

(aa)    "Notice to EMEA Creditors" means the notice to EMEA Creditors in substantially the form attached as Schedule "B" hereto;

(bb)    "Officers" means all current and former officers of the Applicants, and "Officer" means any one of them;

(cc)    "Person" includes any individual, partnership, joint venture, trust, corporation, unlimited liability company, unincorporated organization, government body or agency or instrumentality thereof, or any other juridical entity howsoever designated or constituted;

(dd)    "Plan" means any plan of compromise and arrangement by one or more of the Applicants, if and when filed and approved by this Court, as revised, amended, modified or supplemented from time to time in accordance with its terms;

(ee)    "Proof of Claim" means the form of Proof of Claim in substantially the form attached as Schedule "C" hereto;

(ff)    "Proof of Claim Document Package" means a document package that includes a copy of the Notice to EMEA Creditors, a Proof of Claim, the EMEA Creditors' Guide to Completing the Proof of Claim form, and such other materials as the Monitor may consider appropriate or desirable;

(gg)    "Proven EMEA Claim" shall have the meaning ascribed to that term in paragraph 20 herein;

(hh)    "Secured Claim" means any EMEA Claim or portion thereof that is secured by a security interest, pledge, mortgage, lien, hypothec or charge on any property of any Applicant, or any EMEA Claim of a Secured Creditor as defined in the CCAA, but only to the extent of the value of the security in respect of the EMEA Claim;

(ii)    "U.S. Court" means the United States Bankruptcy Court for the District of Delaware, acting in the Chapter 11 Cases; and

(jj)    "U.S. Debtors" means Nortel Networks Inc.; Nortel Networks Capital Corporation; Nortel Altsystems Inc.; Nortel Altsystems International Inc.; Xros Inc.; Sonoma Systems; Qtera Corporation; CoreTek, Inc.; Nortel Networks Applications Management Solutions Inc.; Nortel Networks Optical Components Inc.; Nortel Networks HPOCS Inc.; Architel Systems (U.S.) Corporation; Nortel Networks International Inc.; Northern Telecom International Inc.; Nortel

Networks Cable Solutions Inc.; and Nortel Networks (CALA) Inc., and "U.S. Debtor" means any one of them.

## PRIOR PROOFS OF CLAIM

5.    THIS COURT ORDERS that all prior proofs of claim filed in respect of an EMEA Claim against the Applicants, or any one of them, in response to the call for claims and claims procedures in the Claims Procedure Order, shall be deemed to have been filed pursuant to this Order and shall be governed by and proven in accordance with this Order and, as applicable, the Claims Resolution Order and the Cross-Border Claims Protocol, provided however that at any time prior to 4:00 p.m. (prevailing time in Toronto, Ontario, Canada) on the EMEA Claims Bar Date any EMEA Creditor may by notice in writing to the Monitor elect to either withdraw any prior proof of claim filed by that EMEA Creditor or amend such prior proof of claim by submitting an amended Proof of Claim in accordance with this Order.

## MONITOR'S ROLE

6.    THIS COURT ORDERS that the Monitor, in addition to its prescribed rights and obligations pursuant to the CCAA and the Initial Order of this Court dated January 14, 2009 (as it has been or is in the future supplemented, amended, restated or varied from time to time, the "Initial Order"), is hereby directed and empowered to take such other actions and fulfill such other roles as are authorized by this Order, and that in taking such other actions and in fulfilling such other roles, the Monitor shall have the protections given to it in the Initial Order, the August 14, 2009 Order made in these proceedings, and this Order, including without limitation the protections provided in paragraph 34 of this Order.

- 9 -

*47*

## EMEA CLAIMS

7.    THIS COURT ORDERS that all EMEA Claims, being "Specific Claims" as defined in

the Claims Resolution Order, shall be subject to the provisions of paragraphs 7, 8 and 10

of the Claims Resolution Order.

## EMEA PROTOCOL CLAIMS

8.    THIS COURT ORDERS that with respect to EMEA Protocol Claims:

(a)    such claims shall be subject to paragraph 10 of the Claims Resolution Order;

(b)    such claims shall be finally determined in accordance with the Cross-Border

Claims Protocol and this Order;

(c)    in the event of a conflict between the terms of this Order and the Cross-Border

Claims Protocol, the terms of the Cross-Border Claims Protocol shall govern in

all such cases; and

(d)    the provisions of this Order (including provisions applying to the determination

of Proven EMEA Claims, review of Proofs of Claim, issuance of Notices of

Disallowance, Dispute Notices, and the resolution of EMEA Claims), shall be

subject in all cases to the terms of the Cross-Border Claims Protocol and the

procedures set out therein.

## PERIODIC CLAIMS REPORTING

9.    THIS COURT ORDERS that the claims reporting required by paragraph 11 of the

Claims Resolution Order shall include reporting with respect to EMEA Claims.

**NOTICE TO EMEA CREDITORS**

10.    THIS COURT ORDERS that:

(a)    the Monitor shall no later than five (5) days following the making of this Order, post a copy of the Proof of Claim Document Package on its website at "www.ey.com/ca/nortel";

(b)    the Monitor shall no later than ten (10) days following the making of this Order, send on behalf of the Applicants to the Administrators and the Administrators' Counsel a copy of the Proof of Claim Document Package; and

(c)    the Monitor shall, provided such request is received by the Monitor prior to the EMEA Claims Bar Date, deliver as soon as reasonably possible following receipt of a request therefor a copy of the Proof of Claim Document Package to any Person claiming to be an EMEA Creditor and requesting such material.

11.    THIS COURT ORDERS that in respect of an EMEA Claim, except as provided in the Claims Resolution Order and the Cross-Border Claims Protocol, as applicable, neither the Applicants nor the Monitor are under any obligation to give notice to or deal with any Person other than the EMEA Creditor holding such an EMEA Claim, and without limitation shall have no obligation to give notice to or deal with any Person having a security interest in such EMEA Claim (including the holder of a security interest created by way of a pledge or a security interest created by way of an assignment of such EMEA Claim), and such Persons shall be bound by any notices given to the EMEA Creditor (or its representatives) and any steps taken in respect of such EMEA Claim in accordance with this Order.

49

**EMEA CLAIMS BAR DATE**

12.    THIS COURT ORDERS that Proofs of Claim with respect to an EMEA Claim shall be

filed with the Monitor no later than 4:00 p.m. (prevailing time in Toronto, Ontario,

Canada) on the EMEA Claims Bar Date, which for greater certainty is February 11, 2011.

13.    THIS COURT ORDERS that any EMEA Creditor that does not file a Proof of Claim as

provided for herein such that such Proof of Claim is received by the Monitor by 4:00 p.m.

(prevailing time in Toronto, Ontario, Canada) on the EMEA Claims Bar Date (a) shall be

and is hereby forever barred from making or enforcing any EMEA Claim against the

Applicants, or any of them, or the Directors or Officers, or any of them; (b) shall not be

entitled to vote an EMEA Claim at any creditors' meeting in respect of the Plan or to

receive any distribution thereunder; and (c) shall not be entitled to any further notice in,

and shall not be entitled to participate as an EMEA Creditor in, these proceedings.

14.    THIS COURT ORDERS that nothing in the Order Approving Tolling made by this Court

on December 20, 2011 shall permit the filing of an EMEA Claim after 4:00 p.m.

(prevailing time in Toronto, Ontario, Canada) on the EMEA Claims Bar Date, and that

the tolling provided for in the Order Approving Tolling shall terminate at such time on

the EMEA Claims Bar Date.

**PROOFS OF CLAIM**

15.    THIS COURT ORDERS that each EMEA Creditor shall file a separate Proof of Claim

for each Applicant against whom it asserts an EMEA Claim and, if the EMEA Claim is

also being asserted against the Directors or Officers of that Applicant, such EMEA Claim

against those Directors or Officers shall be included in the same Proof of Claim.

16.     THIS COURT ORDERS that each EMEA Creditor shall include any and all EMEA

        Claims it asserts against an Applicant in a single Proof of Claim, provided however that

        where an EMEA Creditor has taken an assignment or transfer of an EMEA Claim after

        the Filing Date, that EMEA Creditor shall file a separate Proof of Claim for each such

        assigned or transferred EMEA Claim.

17.     THIS COURT ORDERS that where an EMEA Claim against any Applicant is based on

        that Applicant's guarantee of the repayment of a debt of another Applicant or the debt of

        any other Person, the Proof of Claim in respect of such EMEA Claim shall clearly state

        that it is based on such a guarantee, and that where any Applicant has guaranteed the

        repayment of the debt of any other Applicant, a Proof of Claim in respect of that debt

        shall be filed against each such Applicant.

18.     THIS COURT ORDERS that if any EMEA Claim arose in a currency other than

        Canadian dollars, then the EMEA Creditor making the EMEA Claim shall complete its

        Proof of Claim indicating the amount of the EMEA Claim in such currency, rather than in

        Canadian dollars or any other currency.  The Monitor shall subsequently calculate the

        amount of such EMEA Claim in Canadian dollars, using the Reuters closing rate on

        January 13, 2009, without prejudice to the ability of the Applicants to utilize a different

        exchange rate in any Plan.

**DETERMINATION OF PROVEN EMEA CLAIMS**

19.     THIS COURT ORDERS that an EMEA Claim shall not be a Proven EMEA Claim unless

        and until the EMEA Claim has been allowed or otherwise finally determined in

        accordance with this Order and, where applicable, the Claims Resolution Order and the

        Cross-Border Claims Protocol, provided however that no EMEA Claim may be allowed

or may be established as a "Proven EMEA Claim" unless a Proof of Claim with respect to that EMEA Claim is filed in accordance with this Order by 4:00 p.m. (prevailing time in Toronto, Ontario, Canada) on the EMEA Claims Bar Date.

20.    THIS COURT ORDERS that the amount and status of every EMEA Claim of an EMEA Creditor as finally determined in accordance with the forms and procedures authorized in this Order and, where applicable, the Claims Resolution Order and the Cross-Border Claims Protocol, including any determination as to the nature, amount, value, priority or validity of any EMEA Claim, including any Secured Claim (each, a "Proven EMEA Claim"), shall be final and binding for all purposes, including without limitation for voting on and distributions made to EMEA Creditors of the Applicants pursuant to the Plan.

**REVIEW OF PROOFS OF CLAIM**

21.    THIS COURT ORDERS that the Monitor, in consultation with the Applicants and where applicable any Affected Director of Officer, shall review all Proofs of Claims that are filed on or before the EMEA Claims Bar Date. At any time, the Monitor:

(a)    may request additional information from an EMEA Creditor with respect to an EMEA Claim;

(b)    may request that the EMEA Creditor file a revised Proof of Claim;

(c)    may attempt to resolve and settle any issue arising in the Proof of Claim or in respect of the EMEA Claim;

(d)     may accept (in whole or in part) the amount and/or status of any EMEA Claim; and

(e)     may by notice in writing revise or disallow (in whole or in part) the amount and/or status of any EMEA Claim,

provided, however, that an EMEA Claim that has been asserted against an Applicant and an Affected Director or Officer cannot be settled or accepted by the Monitor except (i) with the consent of the Affected Director or Officer, or on further Order of this Court, or (ii) on a basis that is expressly without prejudice to the Affected Director or Officer, and further provided that if an EMEA Claim is asserted only against an Affected Director and Officer, and not against an Applicant, then such EMEA Claim shall not be settled or accepted by the Monitor without the consent of the Affected Director or Officer, or on further Order of this Court.

22.     THIS COURT ORDERS that where an EMEA Claim has been accepted by the Monitor and approved by the Court in accordance with the Claims Resolution Order, such EMEA Claim shall constitute such EMEA Creditor's Proven EMEA Claim for all purposes, including for the purposes of voting and distribution under the Plan.

23.     THIS COURT ORDERS that where an EMEA Claim is revised or disallowed (in whole or in part, and whether as to amount and/or as to status), the Monitor shall deliver to the EMEA Creditor a Notice of Disallowance, attaching the form of Dispute Notice. Where a Notice of Disallowance relates to an EMEA Claim that has been made against a Director or Officer, a copy of the Notice of Disallowance shall also be delivered by the Monitor to the Affected Director or Officer.

24.    THIS COURT ORDERS that where an EMEA Claim has been disallowed (in whole or in part, and whether as to amount and/or as to status), the disallowed EMEA Claim (or disallowed portion thereof) shall not be a Proven EMEA Claim unless that EMEA Creditor has disputed the disallowance and proven the disallowed EMEA Claim (or disallowed portion thereof) in accordance with paragraphs 25 to 28 of this Order, or as otherwise ordered by this Court.

**DISPUTE NOTICE**

25.    THIS COURT ORDERS that an EMEA Creditor who intends to dispute a Notice of Disallowance shall file a Dispute Notice with the Monitor as soon as reasonably possible but in any event such that such Dispute Notice shall be received by the Monitor on or before 4:00 p.m. (prevailing time in Toronto, Ontario, Canada) on the day that is fourteen (14) days after the EMEA Creditor is deemed to have received the Notice of Disallowance in accordance with paragraph 35 of this Order.  The filing of a Dispute Notice with the Monitor within the fourteen (14) day period specified in this paragraph shall constitute an application to have the amount or status of such EMEA Claim determined as set out in paragraphs 27 to 28 hereof.  Where a Dispute Notice relates to an EMEA Claim that has been made against a Director or Officer, a copy of the Dispute Notice shall be delivered by the Monitor, promptly after receipt by the Monitor, to the Affected Director or Officer.

26.    THIS COURT ORDERS that where an EMEA Creditor that receives a Notice of Disallowance fails to file a Dispute Notice with the Monitor within the time period provided therefore in paragraph 25 above, the amount and status of such EMEA Creditor's EMEA Claim shall be deemed to be as set out in the Notice of Disallowance

and such amount and status, if any, shall constitute such EMEA Creditor's Proven EMEA Claim.

## RESOLUTION OF EMEA CLAIMS

27.   THIS COURT ORDERS that as soon as practicable after the delivery of the Dispute Notice to the Monitor, the EMEA Creditor and the Monitor, in consultation with the Applicants and, where applicable, any Affected Director or Officer, shall attempt to resolve and settle such EMEA Creditor's EMEA Claim.

28.   THIS COURT ORDERS that in the event that a dispute raised in a Dispute Notice is not settled within a time period or in a manner satisfactory to the Monitor, the Monitor will bring the dispute before the Court.

29.   THIS COURT ORDERS that the procedures set out in paragraphs 21-28 herein are expressly subject to paragraphs 7, 8 and 10 of the Claims Resolution Order and, where applicable, the terms of the Cross-Border Claims Protocol.

## NOTICE OF TRANSFEREES

30.   THIS COURT ORDERS that neither the Applicants nor the Monitor shall be obligated to give notice to or to otherwise deal with a transferee or assignee of an EMEA Claim as the EMEA Creditor in respect thereof unless and until (i) actual written notice of transfer or assignment, together with satisfactory evidence of such transfer or assignment, shall have been received by the Monitor, and (ii) the Monitor shall have acknowledged in writing such transfer or assignment, and thereafter such transferee or assignee shall for the purposes hereof constitute the "EMEA Creditor" in respect of such EMEA Claim. Any such transferee or assignee of an EMEA Claim, and such EMEA Claim, shall be bound

by any notices given or steps taken in respect of such EMEA Claim in accordance with this Order prior to the written acknowledgement by the Monitor of such transfer or assignment.

31.    THIS COURT ORDERS that if the holder of an EMEA Claim has transferred or assigned the whole of such EMEA Claim to more than one Person or part of such EMEA Claim to another Person or Persons, such transfer or assignment shall not create a separate EMEA Claim or EMEA Claims and such EMEA Claim shall continue to constitute and be dealt with as a single EMEA Claim notwithstanding such transfer or assignment, and the Applicants and the Monitor shall in each such case not be bound to acknowledge or recognize any such transfer or assignment and shall be entitled to give notices to and to otherwise deal with such EMEA Claim only as a whole and then only to and with the Person last holding such EMEA Claim in whole as the EMEA Creditor in respect of such EMEA Claim.  Provided that a transfer or assignment of the EMEA Claim has taken place in accordance with paragraph 30 of this Order and the Monitor has acknowledged in writing such transfer or assignment, the Person last holding such EMEA Claim in whole as the EMEA Creditor in respect of such EMEA Claim may by notice in writing to the Monitor direct that subsequent dealings in respect of such EMEA Claim, but only as a whole, shall be with a specified Person and, in such event, such EMEA Creditor, such transferee or assignee of the EMEA Claim and the whole of such EMEA Claim shall be bound by any notices given or steps taken in respect of such EMEA Claim by or with respect to such Person in accordance with this Order.

32.    THIS COURT ORDERS that the transferee or assignee of any EMEA Claim (i) shall take the EMEA Claim subject to the rights and obligations of the transferor/assignor of the

EMEA Claim, and subject to the rights of any Applicant against any such transferor or assignor, including any rights of set-off which any Applicant had against such transferor or assignor, and (ii) cannot use any transferred or assigned EMEA Claim to reduce any amount owing by the transferee or assignee to any Applicant, whether by way of set off, application, merger, consolidation or otherwise.

33.    THIS COURT ORDERS that nothing in this Order is intended to or shall be deemed to permit, enable or authorize the transfer or assignment of an EMEA Claim or to in any way affect the validity or invalidity of any such transfer or assignment.

**PROTECTIONS FOR MONITOR**

34.    THIS COURT ORDERS that (i) in carrying out the terms of this Order, the Monitor shall have all of the protections given to it by the CCAA, the Initial Order and the August 14, 2009 Order made in these proceedings, or as an officer of this Court, including without limitation the stay of proceedings in its favour, (ii) the Monitor shall incur no liability or obligation as a result of the carrying out of the provisions of this Order, except for its own wilful misconduct or gross negligence, (iii) the Monitor shall be entitled to rely on the books and records of the Applicants, and any information provided by the Applicants, all without independent investigation, and (iv) the Monitor shall not be liable for any claims or damages resulting from any errors or omissions in such books, records and information.

**SERVICE AND NOTICE**

35.    THIS COURT ORDERS that the Monitor or the Applicants, as the case may be, are at liberty to deliver any letters, notices or other documents relating to EMEA Creditors or other interested Persons, by forwarding true copies thereof by prepaid ordinary mail,

registered mail, courier, personal delivery or electronic or digital transmission to such

Persons (i) at the address shown on the Proof of Claim filed by that Person, or (ii) if a

Proof of Claim has not been filed by that Person or does not contain a valid address, then

at the address last shown on the records of the Applicants, and that any such service or

notice by courier, personal delivery or electronic or digital transmission shall be deemed

to be received on the next Business Day following the date of forwarding thereof, or if

sent by prepaid ordinary mail or by registered mail, on the fourth Business Day after

mailing.

36.    THIS COURT ORDERS that any notice or other communication to be given under this

Order by an EMEA Creditor to the Monitor shall be in writing and will be sufficiently

given only if given by prepaid ordinary mail, courier, personal delivery or electronic or

digital transmission addressed to:

> ERNST & YOUNG INC.
> Court-appointed Monitor of Nortel Networks Corporation & others
> 222 Bay Street, Suite 1600
> Toronto, Ontario
> Canada M5K 1J7

| Attention: | David Saldanha |
|---|---|
| Telephone: | 1-416-943-4431 |
| E-mail | david.saldanha@ca.ey.com |
| Fax: | 1-416-943-3300 |

Any such notice or other communication by an EMEA Creditor shall be deemed received

only upon actual receipt thereof during normal business hours on a Business Day. Where

the communication is to be by way of a form attached as a Schedule to this Order, such

communication shall be in substantially the form of the attached Schedule.

37.     THIS COURT ORDERS that where, pursuant to this Order, consultation is to occur with any Affected Director or Officer, notice is to be given to any such Person, or the consent of any such Person is to be obtained, and such Affected Director or Officer is represented by counsel, then such consultation, notice or consent may be with, to, or obtained from, such counsel.

**MISCELLANEOUS**

38.     THIS COURT ORDERS AND REQUESTS the aid and recognition of any court or any judicial, regulatory or administrative body in any province or territory of Canada (including the assistance of any court in Canada pursuant to Section 17 of the CCAA) and any court or any judicial, regulatory or administrative body of the United States of America, the United Kingdom, the French Republic, the State of Israel, and the Republic of Korea, and of any other nation or state, to act in aid of and to be complementary to this Court in carrying out the terms of this Order.