**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------X
: 
: Chapter 11
*In re* :
:
Nortel Networks Inc., *et al.*,[1] : Bankr. Case No. 09-10138 (KG)
:
              Debtors. : (Jointly Administered)
:
--------------------------------------------------------- X
:
Nortel Networks Inc. :
:
and :
:
Nortel Networks (CALA) Inc., : Adv. Proc. No. 10-55937 (KG)
:
              Plaintiffs, :
:
v. :
:
McCann-Erickson Worldwide, Inc. :
:
and :
:
Cable News Network, Inc., :
Deluxe Entertainment Services Group Inc., :
Ear to Ear, :
Federal Express Corporation, :
Ferrari Color, Inc., :
Getty Images, Inc., :
Global Broadcast News, :
ImageSource, Inc., :
International Data Group, Inc., :
Kaboom Productions, :
Marsh USA, Inc., :

---

[1] The Debtors in the Chapter 11 cases are: Nortel Networks Inc. Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("NN CALA"). Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://dm.epiq11.com/nortel.

| | |
|---|---|
| McCann Relationship Marketing, Inc., | : |
| McClain Photo, | : |
| MediaMind Technologies Inc., | : |
| Microsoft Online, Inc. fka Atlas, | : |
| No B.S. Couriers, | : |
| One Union Recording Studios, | : |
| Pro Camera, Rental & Supply, | : |
| Stars Model Management, | : |
| Team Services Corp., | : |
| Time Inc., | : |
| Turner Broadcasting Sales, Inc., | : |
| Vibrant Media Inc., | : |
| Visual IQ, Inc., and | : |
| Wahlstrom Group LLC, | : Hearing: April 26, 2011 at 9:30 a.m. (ET) |
| | : Objection Deadline: April 19, 2011 at 4:00 p.m. |
| Defendants. | : (ET) |

-----------------------------------------------------------X

**DEBTORS' MOTION PURSUANT TO 11 U.S.C. § 105(a), FEDERAL RULES
OF BANKRUPTCY PROCEDURE 7004 AND 9006, AND
FEDERAL RULE OF CIVIL PROCEDURE 4(m) FOR
<u>ENLARGEMENT OF TIME PERIOD PROVIDED BY RULE 4(M)</u>**

Nortel Networks Inc. ("<u>NNI</u>") and certain of its affiliates, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), hereby move this Court (the "<u>Motion</u>"), for entry of an order substantially in the form attached hereto as <u>Exhibit A</u>, pursuant to section 105 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 7004 and 9006 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 4(m) of the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>"), enlarging the time period prescribed to effect service of process in the above-captioned adversary proceeding (the "<u>Avoidance Action</u>") and granting them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.   The statutory predicates for the relief sought in this Motion are section 105 of the Bankruptcy Code, supplemented by Rules 7004 and 9006 of the Bankruptcy Rules, and Federal Rule 4(m).

## BACKGROUND

**A.   Procedural History**

3.   On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc. ("NN CALA"),[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only.  The Debtors continue to operate their remaining businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.   The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5.   On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and

---

[2]   NN CALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

4161821.3                                                3

certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators").  Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

      6.    On June 19, 2009, Nortel announced that it was advancing in discussions with external parties to sell its businesses and that it would assess other restructuring alternatives for its businesses in the event that it were unable to maximize value through sales.  Since then, Nortel has sold many of its business units and assets to various purchasers.  Efforts continue to be made with respect to the realization of value from Nortel's remaining assets.  For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

---

[3]    The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4]    The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

**Facts Relevant to this Motion**

7. On December 6, 2010, NNI and NN CALA (collectively, "Plaintiffs") filed the Complaint to Avoid and Recover Preferential Transfers and to Disallow Claims (the "Complaint") against Defendant McCann-Erickson Worldwide, Inc. ("Defendant"). By their Complaint, Plaintiffs seek, among other things, to avoid and recover certain transfers totaling $6,769,601.28 paid to Defendant during the ninety (90) days preceeding the Plaintiff's bankruptcy filings.

8. On January 11, 2011 the Parties entered into the Stipulation And Agreement Extending Time to Respond To Adversary Proceeding Complaint and Tolling Limitation Period (the "Stipulation"), by which they agreed to extend Defendant's time to move, answer or otherwise plead in response to the Complaint in the above-captioned adversary proceeding (the "Complaint") through and including February 7, 2011, and tolling the statute of limitations through and including February 21, 2011 (Adv. D.I. 4).

9. On January 12, 2011, the Court entered the Order Extending Time to Respond to Adversary Proceeding Complaint and Tolling Limitations Period (Adv. D.I. 5).

10. On February 7, 2011, Defendant filed the Answer to Complaint (Adv. D.I. 6) asserting, among other things, that Defendant acted as a mere conduit between Plaintiffs and certain media outlets with respect to the transfers challenged in the Complaint, and, on March 23, 2011, served its Objections and Responses to Plaintiffs' First Set of Requests for Production of Documents Directed to Defendant, and Plaintiffs' First Set of Interrogatories Directed to Defendant, in which it is identified various third-parties whom, Defendant claims were the beneficiaries of the transfers challenged in the Complaint.

11. Pursuant to a stipulation between Plaintiffs and Defendant, on April 4, 2011, Plaintiffs filed an Amended Complaint To Avoid And Recover Preferential transfers And

To Disallow Claims (D.I. 18) which amended the Complaint for the purpose of adding third parties as defendants (the "Group Defendants").  Also on April 4, 2011, Plaintiffs' received additional documentation from Defendant, which may necessitate the addition of supplemental third party conduit defendants.

### RELIEF REQUESTED

12. By this Motion, Debtors' seek an order pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rules 7004 and 9006, and Federal Rule 4(m) enlarging by approximately ninety (90) days the time within which period provided by Rule 4(m) to effect service of process in this adversary proceeding.

### BASIS FOR RELIEF REQUESTED

13. Section 105(a) of the Bankruptcy Code provides in relevant part: "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

14. Federal Rule 4(m), made applicable to adversary proceedings through Bankruptcy Rule 7004(a)(1), generally requires that adversary complaints be served upon the defendants to the actions within 120 days of the date on which the complaints are filed. Federal Rule 4(m) allows for an enlargement of time for an appropriate period if the plaintiff shows good cause. The period provided by Rule 4(m) in the Avoidance Action will expire on April 5, 2011. The Debtors believe it prudent to obtain an order of the Court enlarging the time period provided by Rule 4(m) to permit, among other things, the addition of such additional defendants as may be necessary, and to complete service upon the Group Defendants in the Adversary Action.

15. The granting of additional time under Rule 4(m) is expressly provided for by Bankruptcy Rule 9006(b)(1) which states:

> When an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed R. Bankr. P. 9006(b)(1). Courts should be liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions has not been abused. 10 *Collier on Bankruptcy* ¶ 9006.06[3] at p. 9006-14 (15th Ed. Rev. 2001).

16.  In determining whether to enlarge the time under Federal Rule 4(m), the Third Circuit has set forth a two-step inquiry. First, upon the showing of good cause for the delayed service, the court must extend the time period. Second, if there is not good cause, the court may exercise its discretion to extend the time period. Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995); Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997). See id. advisory committee's note (1993) (discretionary relief appropriate even in absence of good cause, for example, "if the applicable statute of limitations would bar the refiled action."). NNI respectfully submits that an enlargement of time under Rule 4(m) is warranted here, given NNI's inability to add the Group Defendants within the time period provided by Rule 4(m). See Aviles v. Village of Bedford Park, 160 F.R.D. 565, 567–68 (N.D. Ill. 1995); IO Group, Inc. v. Does 1–19, 2011 WL 772909 (N.D. Cal. March 1, 2011). Here, the Debtors respectfully submit that good cause exists for an enlargement of time under Rule 4(m), or, alternatively, that the Court should exercise its discretion to extend the time, given the Debtors' inability to obtain access to the identities of the third parties that Defendant asserts are the transferees of the preference payments within the time frame for service.

17. Although Debtors do not concede in any way the validity of the mere conduit defense which, upon information and belief, Defendant intends to assert, the enlargement of time will benefit the Debtors' estates and creditors to the extent of any recovery from the Group Defendants. Furthermore, enlarging the time period provided by Rule 4(m) will not prejudice the Group Defendants because it will not impair the ability of any of these entities to defend the Avoidance Action, as discovery has not yet concluded (save for the discovery regarding the conduit transfers).

18. Accordingly, for the foregoing reasons, the Debtors submit that the time period in which to effect service of process in the Avoidance Action should be extended for an additional ninety (90) days to July 5, 2011.

### Notice

19. Notice of the Motion has been provided via overnight or first class mail to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; (iv) Defendant in the Avoidance Action, (v) the Group Defendants known to date, and (vi) the general service list established in these chapter 11 cases. In light of the nature of the relief requested herein, the Debtors submit that such notice constitutes due and sufficient notice of the Motion and that no other or further notice is necessary or required.

### Prior Motion

20. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in the form attached hereto, enlarging the period provided by Rule 4(m) by an additional ninety (90) days, without prejudice to the Debtor's right to request additional extensions, and grant such other and further relief as the Court deems just and proper.

Dated: April 4, 2011

    MORRIS, NICHOLS, ARSHT & TUNNELL LLP

    */s/ Alissa T. Gazze*
    Donna L. Culver (No. 2983)
    Derek C. Abbott (No. 3376)
    Alissa T. Gazze (No. 5338)
    1201 North Market Street
    P. O. Box 1347
    Wilmington, Delaware 19801
    Telephone: (302) 658-9200
    Facsimile: (302) 658-3989

    *Counsel for the Debtors*
    *and Debtors in Possession*

    -and-

    BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP

    */s/ Jennifer Hoover*
    Raymond H. Lemisch, Esq. (No. 4204)
    Jennifer Hoover (No. 5111)
    222 Delaware Avenue, Suite 801
    Wilmington, DE 19801
    Telephone: (302) 442-7010
    Facsimile: (302) 442-7012

    *Counsel for the Debtors*
    *and Debtors-in-Possession*
    *with respect to Marsh USA, Inc. only*