## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*: | Chapter 11 |
| Nortel Networks Inc., *et al.*[1] | Case No. 09-10138 (KG) |
| Debtors. | (Jointly Administered) |
| Nortel Networks Inc. | |
| and | |
| Nortel Networks (CALA) Inc, | Adv. Proc. No. 10-55165 (KG) |
| Plaintiffs, | |
| v. | |
| Beeline.com, Inc. | |
| Defendant. | **Hearing: April 26, 2011 at 9:30 a.m. (ET)**<br>**Objection Deadline: April 19, 2011 at 4:00 p.m. (ET)** |

## DEBTORS' MOTION PURSUANT TO 11 U.S.C. § 105(a), FEDERAL RULES OF BANKRUPTCY PROCEDURE 7004 AND 9006, AND FEDERAL RULE OF CIVIL PROCEDURE 4(m) FOR ENLARGEMENT OF THE TIME PERIOD PROVIDED BY RULE 4(m)

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court (the "Motion"), for entry of an order substantially in the form attached hereto as Exhibit A, pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 7004 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4(m) of the Federal Rules of Civil

---

[1]     The debtors in the Chapter 11 cases are:  Nortel Networks Inc., Nortel Networks (CALA) Inc., Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., and Nortel Networks Cable Solutions Inc.  Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Procedure (the "Federal Rules") (i) enlarging the time period provided by Rule 4(m) in order to permit NNI and Nortel Networks (CALA) Inc. ("NN CALA" and, together with NNI, the "Plaintiffs") to add additional U.S. entities as defendants as appropriate in the above-captioned adversary proceeding (the "Avoidance Action"); (ii) confirming that the time period in Rule 4(m) is not applicable to the extent Plaintiffs seek to add prospective foreign defendants; and (iii) granting them such other and further relief as the Court deems just and proper.  In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.    The statutory predicates for the relief sought in this Motion are section 105 of the Bankruptcy Code, Rules 7004 and 9006(b)(1)(2) of the Bankruptcy Rules, and Federal Rule 4(m).

## BACKGROUND

### A.    Procedural History

3.    On January 14, 2009 (the "Petition Date"), the Debtors, other than NN CALA,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only.  The Debtors continue to operate their remaining businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2]    NN CALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

4.     The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [Main D.I.s 141, 142],[3] and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5.     On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[4] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[5] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators").   Other Nortel affiliates have

---

[3]     Citations herein to the docket in the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __." Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 10-55165) are in the form "Adv. D.I. __."

[4]     The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[5]     The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6.     On June 19, 2009, Nortel announced that it was advancing in discussions with external parties to sell its businesses and that it would assess other restructuring alternatives for its businesses in the event that it were unable to maximize value through sales. Since then, Nortel has sold many of its business units and assets to various purchasers. Efforts continue to be made with respect to the realization of value from Nortel's remaining assets. For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

**B.     Facts Relevant to This Motion**

7.     On November 9, 2010, Plaintiffs filed the Complaint to Avoid and Recover Preferential Transfers and to Disallow Claims (the "Complaint") against defendant Beeline.com, Inc. ("Defendant" and together with Plaintiffs, the "Parties") in the Avoidance Action. Plaintiffs seek to recover $6,142,366.07.

8.     On February 28, 2011, Defendant filed its Answer to the Complaint [Adv. D.I. 22] asserting, in part, that Defendant reserves all defenses, rights and benefits that may be available to it under section 550 of the Bankruptcy Code. Upon information and belief, Defendant contends that it was a "mere conduit" with respect to certain of the transfers identified in the Complaint (the "Asserted Conduit Transfers") and therefore has no liability to Plaintiffs for the Asserted Conduit Transfers.

9.     In December 2010, on an informal basis, and in a good faith effort to further a possible resolution of this Avoidance Action, Plaintiffs requested that Defendant provide them with certain information concerning the Asserted Conduit Transfers, including, without limitation, the identities of the alleged transferees of the Asserted Conduit Transfers and

4

the date and amounts of the Asserted Conduit Transfers.  Although Defendant agreed to provide some of the information Plaintiffs requested, citing potential competitive concerns, it declined to provide the identities of the alleged transferees to Plaintiffs without a confidentiality agreement. Accordingly, the Parties began to negotiate the terms of such an agreement.

10.     Those negotiations continue and Defendant has not provided the identities of the alleged transferees.  Nor has it provided the dates and amounts of the Asserted Conduit Transfers.  As such, while Plaintiffs have engaged in good faith discussions with Defendant regarding the confidentiality agreement and a potential resolution of this Avoidance Action, they have had no means to determine the identities of the asserted transferees or the dates and amounts of the alleged payments by Defendant to them.

11.     During these negotiations, Plaintiffs inadvertently allowed the 120 day period provided by Federal Rule 4(m) to expire prior to making this Motion.  On April 1, 2011, Plaintiffs served discovery requests upon Defendant concerning the Asserted Conduit Transfers.

## RELIEF REQUESTED

12.     By this motion, the Debtors seek an order pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rules 7004 and 9006, and Federal Rule 4(m) enlarging by ninety (90) days the time period provided by Rule 4(m) in order to permit Plaintiffs to add additional U.S. entities as defendants in the Avoidance Action (the "Additional U.S. Defendants") as appropriate when identified, and to confirm that the time period in Rule 4(m) is not applicable to the extent that Plaintiffs seek to add prospective foreign defendants in the Avoidance Action (the "Additional Foreign Defendants").[6]

---

[6]     The relief sought herein to enlarge the time period provided by Rule 4(m) is sought with respect to Additional U.S. Defendants, not Additional Foreign Defendants, for whom the time limit in Rule 4(m) does not apply.  See Fed. R. Civ. P. 4(m); Green v. Humphrey Elevator & Truck Co., 816 F.2d 877, 881 (3d Cir.

(Continued . . .)

## BASIS FOR RELIEF REQUESTED

13.    Section 105(a) of the Bankruptcy Code provides in relevant part: "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

14.    Federal Rule 4(m), made applicable to adversary proceedings through Bankruptcy Rule 7004(a)(1), generally requires that adversary complaints be served upon the defendants to the actions within 120 days of the date on which the complaints are filed.  Federal Rule 4(m) requires the enlargement of time for an appropriate period if the plaintiff shows good cause or if the Court exercises its discretion to extend.  See Fed. R. Civ. P. 4(m) Advisory Committee's Note (1993) (discretionary relief appropriate even in absence of good cause, for example, "if the applicable statute of limitations would bar the refiled action.").  Here, however, the standard is "excusable neglect" because the time for notice of the Avoidance Action expired on March 9, 2011, unless now extended by order of the Court.  See In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001) (holding excusable neglect standard under Rule 9006 is properly used to extend the time period under Federal Rule 4(m) after the period expired; reversing and remanding to bankruptcy court).  The Debtors seek to obtain an order of the Court enlarging the time period provided by Rule 4(m) in order to permit Plaintiffs to add Additional U.S. Defendants.

15.    The granting of additional time is expressly provided for by Bankruptcy Rule 9006(b)(1):

---

( . . . CONTINUED)

       1987); Umbenhauer v. Wong, 969 F.2d 25, 31 (3d Cir. 1992).  Out of an abundance of caution, Debtors also seek entry of an Order which expressly provides that, to the extent Plaintiffs seek to add Additional Foreign Defendants, the time-period provided by Rule 4(m) does not apply.

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion…on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

16.    In order to enlarge a period established by the Federal Rules when the request is made after the original period has expired,  the moving party must show that the failure to act within the original period was the result of "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993).  This is an equitable determination that takes into account "all relevant circumstances," which include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395.  The Debtors respectfully submit that they meet this standard.

17.    Plaintiffs have acted in good faith and with due diligence.  Plaintiffs requested early on, in the context of settlement discussions, that Defendant provide them with the identities of the alleged transferees of the Asserted Conduit Transfers as well as the timing and amounts of such Asserted Conduit Transfers.  Defendant declined to provide this information to Plaintiffs without a confidentiality agreement, the terms of which have been negotiated since, but have yet to be agreed between the Parties.  While these negotiations were taking place, Plaintiffs inadvertently allowed the 120 day period to expire without seeking an enlargement of that period.  Because Plaintiffs acted in good faith, and the delay was neither part of Plaintiffs' stratagem nor motivated by an improper purpose, an enlargement of time is appropriate. See In re Spring Ford Indus., No. 02-1501 (DWS), 2003 Bankr. LEXIS 882, at *11 (Bankr. E.D. Pa.

July 25, 2003) (allowing an extension of time, in part, because there was no evidence that the delayed action was a stratagem or motivated by some improper purpose).

18.    In addition, during the Rule 4(m) period, Plaintiffs were also engaged in settlement discussions with Defendant, further evidencing their good faith and contributing to their inadvertence.  Courts have held this to be a basis for an enlargement of time.  See, e.g., Jones Truck Lines, Inc. v. Foster's Truck & Equip. Sales, Inc. (In re Jones Truck Lines, Inc.), 63 F.3d 685, 687-88 (8th Cir. 1995) (holding, in part, that the delay caused by the pursuit of an out-of-court settlement was excusable).

19.    Lastly, enlarging the time period provided by Rule 4(m) will not prejudice any defendant because it will not impair the ability of any of these entities to defend the Avoidance Action, as discovery has not yet commenced (save for the discovery regarding the Asserted Conduit Transfers).  At this early stage in the proceedings, the potential impact of the delay on judicial proceedings will be minimal.

20.    Accordingly, for the foregoing reasons, the Debtors submit that the time period provided by Rule 4(m) should be enlarged by ninety (90) days in order to permit Plaintiffs to add Additional U.S. Defendants.

## Notice

21.    Notice of the Motion has been provided via first class mail to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; (iv) Defendant; and (v) the general service list established in these chapter 11 cases.  In light of the nature of the relief requested herein, the Debtors submit that such notice constitutes due and sufficient notice of the Motion and that no other or further notice is necessary or required.

## **Prior Motion**

22.     No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter an order, in the form attached hereto, (i) enlarging the time period provided by Rule 4(m) by an additional ninety (90) days in order to permit Plaintiffs to add Additional U.S. Defendants, without prejudice to the Debtors' right to request additional extensions, (ii) confirming that the time period in Rule 4(m) is not applicable to the extent Plaintiffs seek to add Additional Foreign Defendants, and (iii) granting such other and further relief as the Court deems just and proper.

Dated: April 4, 2011

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Alissa T. Gazze*
Donna L. Culver (No. 2983)
Derek C. Abbott (No. 3376)
Alissa T. Gazze (No. 5338)
1201 North Market Street
P. O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

-and-

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Deborah M. Buell (admitted pro hac vice)
Neil P. Forrest (admitted pro hac vice)
Katherine M. Roberts (admitted pro hac vice)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel for the Debtors*
*and Debtors in Possession*