**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re*:<br><br>Nortel Networks Inc., *et al.*[1]<br><br>                  Debtors.<br><br>Nortel Networks Inc.<br><br>and<br><br>Nortel Networks (CALA) Inc.,<br><br>                  Plaintiffs,<br><br>v.<br><br>CoAMS, Inc.,<br><br>                  Defendant. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>(Jointly Administered)<br><br><br><br>Adv. Proc. No. 10-55840 (KG)<br><br><br><br><br><br>Hearing: April 26, 2011 at 9:30 a.m. (ET)<br>Objection Deadline: April 19, 2011 at 4:00 p.m. (ET) |

**DEBTORS' MOTION PURSUANT TO 11 U.S.C. § 105(a), FEDERAL
RULES OF BANKRUPTCY PROCEDURE 7004 AND 9006, AND
FEDERAL RULE OF CIVIL PROCEDURE 4(m) FOR ENLARGEMENT
OF TIME PERIOD PROVIDED BY RULE 4(m) IN AVOIDANCE ACTION**

        Nortel Networks Inc. ("NNI"), Nortel Networks (CALA) Inc. ("NN CALA" and together with NNI, "Plaintiffs"), and certain of their affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court (the "Motion"), for entry of an order substantially in the form attached hereto as Exhibit A, pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 7004 and 9006 of the Federal Rules of

---

[1] The Debtors in the Chapter 11 cases are: Nortel Networks Inc., Nortel Networks (CALA) Inc., Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., and Nortel Networks Cable Solutions Inc. Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4(m) of the Federal Rules of Civil Procedure (the "Federal Rules"), enlarging the period provided by Rule 4(m) in the above-captioned adversary proceeding (the "Avoidance Action") and granting such other and further relief as the Court deems just and proper. In support of this Motion, Plaintiffs respectfully represent as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought in this Motion are section 105 of the Bankruptcy Code, supplemented by Rules 7004 and 9006 of the Bankruptcy Rules, and Federal Rule 4(m).

## BACKGROUND

**A.    Procedural History**

3. On January 14, 2009 (the "NNI Petition Date"), the Debtors, other than NN CALA, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only. NN CALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009 (the "NN CALA Petition Date"), which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes. [Main D.I. 1098][2]. The Debtors continue to operate their

---

[2]    Citations herein to the docket in the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __." Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 10-53187) are in the form "Adv. D.I. __."

2

remaining businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [Main D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5. On the NNI Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court. Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators"). Other Nortel affiliates have

---

[3] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

3

commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6. On June 19, 2009, Nortel announced that it was advancing in discussions with external parties to sell its businesses and that it would assess other restructuring alternatives for its businesses in the event that it were unable to maximize value through sales. Since then, Nortel has sold many of its business units and assets to various purchasers. Efforts continue to be made with respect to the realization of value from Nortel's remaining assets. For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

**B.    Facts Relevant to This Motion**

7. On December 6, 2010, Plaintiffs filed the Complaint to Avoid and Recover Preferential Transfers and to Disallow Claims (the "Complaint") against defendant CoAMS, Inc. ("Defendant") in the above-captioned adversary proceeding. Plaintiffs seek to recover $1,387,105.72.

8. On January 10, 2011, Defendant filed the Answer to Complaint [Adv. D.I. 4] asserting, in part, that Defendant was a mere conduit and therefore has no liability to the Debtors for certain of the transfers identified in the Complaint (the "Alleged Conduit Transfers").

9. Plaintiffs have now determined that portions of the Alleged Conduit Transfers were received by OneConnect, Inc.; Pomeroy IT Solutions, Inc.; AT&T Inc. (f/k/a SBC Communications, Inc.); and Verizon Service Corp. (the "Additional Defendants").

**RELIEF REQUESTED**

10. By this motion, Debtors seek an order pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rules 7004 and 9006, and Federal Rule 4(m) enlarging by ninety

4

(90) days the time period provided by Rule 4(m) in order to permit Plaintiffs to add the Additional Defendants.

### BASIS FOR RELIEF REQUESTED

11. Section 105(a) of the Bankruptcy Code provides in relevant part: "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

12. Federal Rule 4(m), made applicable to adversary proceedings through Bankruptcy Rule 7004(a)(1), generally requires that adversary complaints be served upon the defendants to the actions within 120 days of the date on which the complaints are filed. Federal Rule 4(m) requires an enlargement of time for an appropriate period if the plaintiff shows good cause. The period provided for in Rule 4(m) in the Avoidance Action will expire on April 5, 2011. Plaintiffs believe it is prudent to obtain an order of the Court enlarging the time period provided by Rule 4(m) in order to permit Plaintiffs to add the Additional Defendants.

13. The granting of additional time under Rule 4(m) is expressly provided for by Bankruptcy Rule 9006(b)(1), which states:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion…with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed R. Bankr. P. 9006(b)(1). Courts have been liberal in granting extensions of time sought before the period to act has elapsed as long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions has not been abused. 10 *Collier on Bankruptcy* ¶ 9006.06[3] at p. 9006-14 (15th Ed. Rev. 2001).


14. In determining whether to enlarge the time period under Federal Rule 4(m), the Third Circuit has set forth a two-step inquiry. <u>Petrucelli v. Bohringer & Ratzinger</u>, 46 F.3d 1298, 1305 (3d Cir. 1995); <u>Boley v. Kaymark</u>, 123 F.3d 756, 758 (3d Cir. 1997). First, upon the showing of good cause, the court must extend the time period. <u>See</u> Fed. R. Civ. P. 4(m). Second, if there is not good cause, the court may exercise its discretion to extend the time period. <u>See</u> <u>id</u>. Advisory Committee's Note (1993) (discretionary relief appropriate even in absence of good cause, for example, "if the applicable statute of limitations would bar the refiled action.").

15. Plaintiffs respectfully submit that an enlargement of time under Rule 4(m) is warranted here. Although Debtors do not concede in any way the validity of the asserted mere conduit defense, the enlargement of time will benefit the Debtors' estates and creditors to the extent of any recovery from the Additional Defendants. Furthermore, enlarging the time period under Rule 4(m) will not prejudice the Additional Defendants because it will not impair the ability of any of these entities to defend the Avoidance Action, as discovery has not yet commenced (save for certain discovery requests served upon the Defendant regarding the Alleged Conduit Transfers).

16. Accordingly, for the foregoing reasons, Plaintiffs submit that the time period under Rule 4(m) in the Avoidance Action should be enlarged by ninety (90) days, to July 5, 2011.

### Notice

17. Notice of the Motion has been provided via first class mail to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; (iv) Defendant and (v) the general service list established in these chapter 11 cases. In light of the nature of the

relief requested herein, the Debtors submit that such notice constitutes due and sufficient notice of the Motion and that no other or further notice is necessary or required.

### **Prior Motion**

18. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in the form attached hereto, enlarging the time period provided by Rule 4(m) by an additional ninety (90) days in order to permit Plaintiffs to add the Additional Defendants, without prejudice to the Debtors' right to request additional extensions, and grant such other and further relief as the Court deems just and proper.

Dated: April 4, 2011

*[Remainder of page intentionally left blank]*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Alissa T, Gazze*
Donna L. Culver (No. 2983)
Derek C. Abbott (No. 3376)
Alissa T. Gazze (No. 5338)
1201 North Market Street
P. O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989

-and-

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Deborah M. Buell (admitted pro hac vice)
Neil P. Forrest (admitted pro hac vice)
Brendan H. Gibbon  (admitted pro hac vice)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile:  (212) 225-3999

*Counsel for the Debtors
and Debtors in Possession*