# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*:<br><br>Nortel Networks Inc., *et al.*[1]<br><br>      Debtors.<br><br>Nortel Networks Inc.,<br><br>      Plaintiff,<br><br>v.<br><br>Maritz Canada Inc.<br><br>      Defendant. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>(Jointly Administered)<br><br><br><br>Adv. Proc. No. 10-53187 (KG)<br><br><br><br><br><br>Hearing: April 26, 2011 at 9:30 a.m. (ET)<br>Objection Deadline: April 19, 2011 at 4:00 p.m. (ET) |

### DEBTORS' MOTION PURSUANT TO 11 U.S.C. § 105(a), FEDERAL RULES OF BANKRUPTCY PROCEDURE 7004 AND 9006, AND FEDERAL RULE OF CIVIL PROCEDURE 4(m) FOR ENLARGEMENT OF TIME PERIOD PROVIDED BY RULE 4(m) IN AVOIDANCE ACTION

    Nortel Networks Inc. ("<u>NNI</u>") and certain of its affiliates, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), hereby move this Court (the "<u>Motion</u>"), for entry of an order substantially in the form attached hereto as <u>Exhibit A</u>, pursuant to section 105 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 7004 and 9006 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 4(m) of the Federal Rules of Civil

---

[1]  The debtors in the Chapter 11 cases (collectively, the "<u>Debtors</u>") are: Nortel Networks Inc., Nortel Networks (CALA) Inc. ("NN CALA"), Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., and Nortel Networks Cable Solutions Inc. Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Procedure (the "Federal Rules") (i) enlarging the time period provided by Rule 4(m) in order to permit NNI to add additional U.S. entities as defendants as appropriate in the above-captioned adversary proceeding (the "Avoidance Action"); and (ii) granting it such other and further relief as the Court deems just and proper. In support of this Motion, NNI respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought in this Motion are section 105 of the Bankruptcy Code, supplemented by Rules 7004 and 9006(b)(1)(2) of the Bankruptcy Rules, and Federal Rule 4(m).

## BACKGROUND

**A.    Procedural History**

3. On January 14, 2009 (the "Petition Date"), the Debtors, other than NN CALA,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only. The Debtors continue to operate their remaining businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2]    NN CALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes. [Main D.I. 1098]. Citations herein to the docket in the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __." Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 10-53187) are in the form "Adv. D.I. __."

2

4. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [Main D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5. On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court. Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators"). Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

---

[3] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

6. On June 19, 2009, Nortel announced that it was advancing in discussions with external parties to sell its businesses and that it would assess other restructuring alternatives for its businesses in the event that it were unable to maximize value through sales. Since then, Nortel has sold many of its business units and assets to various purchasers. Efforts continue to be made with respect to the realization of value from Nortel's remaining assets. For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

**B.    Facts Relevant to This Motion**

7. On October 4, 2010, NNI filed the Complaint to Avoid and Recover Preferential Transfers and to Disallow Claims (the "Complaint") against defendant Maritz Canada Inc. ("Defendant") in the above-captioned adversary proceeding. Plaintiff seeks recovery of $3,015,661.49.

8. On November 2, 2010, Defendant filed its Answer to the Complaint. [Adv. D.I. 5]. Although Defendant asserted several affirmative defenses in its Answer to the Complaint, it did not assert any defense that it was a mere conduit with respect to any of the transfers identified in the Complaint (the "Transfers"). Id.

9. Since Defendant filed its Answer to the Complaint, NNI has been engaged in settlement negotiations with Defendant.

10. Upon information and belief, Defendant will contend that it was a mere conduit with respect to certain of the transfers identified in the Complaint (the "Alleged Conduit Transfers") and therefore has no liability to NNI for the Alleged Conduit Transfers.

11. On January 28, 2011, this Court entered an order (the "Foreign Service Order") establishing that in certain actions commenced against foreign defendants (the "Foreign Avoidance Actions"), including this action, the deadline for defendants to file an answer or

4

otherwise respond to the complaint shall be thirty (30) days from service of the complaint and summons on each such defendant, that Rule 4(m) of the Federal Rules of Civil Procedure does not apply to the Foreign Avoidance actions, and the Foreign Avoidance Actions shall not be dismissed for failure to serve the complaints and summonses within 120 days of the date on which the complaint in each such action is filed. [Adv. D.I. 10].

12. On April 1, 2011, NNI served discovery requests upon Defendant concerning the Alleged Conduit Transfers and recipients thereof. Defendant has not yet served its response to these discovery requests.

## RELIEF REQUESTED

13. By this motion, the Debtors seek an order pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rules 7004 and 9006, and Federal Rule 4(m) enlarging by one-hundred twenty (120) days the time period provided by Rule 4(m) in order to permit NNI to add additional U.S. entities as defendants in the Avoidance Action (the "Additional U.S. Defendants") as appropriate when identified.

## BASIS FOR RELIEF REQUESTED

14. Section 105(a) of the Bankruptcy Code provides in relevant part: "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

15. Federal Rule 4(m), made applicable to adversary proceedings through Bankruptcy Rule 7004(a)(1), generally requires that adversary complaints be served upon the defendants to the actions within 120 days of the date on which the complaints are filed; however, this restriction does not apply to service in a foreign country (see Fed. R. Civ. P. 4(m); Umbenhauer v. Wong, 969 F.2d 25, 31 (3d Cir. 1992)) and, pursuant to the Foreign Service

5

Order, it does not apply to this action. [Adv. D.I. 13]. Nonetheless, to the extent that Debtors seek to add Additional U.S. Defendants to this action, NNI believes it is prudent to obtain an order of the Court enlarging the time period under Rule 4(m) for the purpose of adding Additional U.S. Defendants.

16. Federal Rule 4(m) requires the enlargement of time for an appropriate period if the plaintiff shows good cause or if the Court exercises its discretion to extend. See Fed. R. Civ. P. 4(m) advisory committee's note (1993) (discretionary relief appropriate even in absence of good cause, for example, "if the applicable statute of limitations would bar the refiled action."). When the time under Rule 4(m) has expired, the standard to enlarge time is "excusable neglect" under Bankruptcy Rule 9006(b)(1). See In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001) (holding excusable neglect standard under Rule 9006 is properly used to extend the time period under Federal Rule 4(m) even after the period has expired; reversing and remanding to the Bankruptcy Court).

17. The granting of additional time is expressly provided for by Bankruptcy Rule 9006(b)(1):

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion…on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

18. In order to enlarge a period established by the Federal Rules when the request is made after the original period has expired, the moving party must show that the failure to act within the original period was the result of "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993). This is an equitable determination

that takes into account "all relevant circumstances," which include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395.  Here, NNI respectfully submits that it has satisfied the standard for enlargement of time.

19.     As noted, Defendant's Answer to the Complaint did not raise any conduit defense.  NNI subsequently became aware, during settlement discussions with Defendant, that Defendant will contend that certain of the Transfers were Alleged Conduit Transfers.  Since that time, NNI has acted in good faith and with due diligence in seeking to ascertain all relevant information pertaining to this defense.  While negotiations were taking place, Plaintiffs inadvertently allowed the 120 day period to expire without seeking an enlargement of that period with respect to Additional U.S. Defendants.  Because Plaintiffs acted in good faith, and the delay was neither part of NNI's stratagem nor motivated by an improper purpose, an enlargement of time in this case as it would apply to Additional U.S. Defendants is appropriate.  See In re Spring Ford Indus., No. 02-1501 (DWS), 2003 Bankr. LEXIS 882, at *11 (Bankr. E.D. Pa. July 25, 2003) (allowing an extension of time, in part, because there was no evidence that the delayed action was a stratagem or motivated by some improper purpose).

20.     In addition, during the Rule 4(m) period, NNI was engaged in settlement discussions with Defendant, further evidencing its good faith and contributing to any inadvertence in allowing the 120-day period to run with respect to any Additional U.S. Defendants.  Courts have held this to be a basis for an enlargement of time.  See e.g., Jones Truck Lines, Inc. v. Foster's Truck & Equip. Sales (In re Jones Truck Lines, Inc.), 63 F.3d 685, 687-88 (8th Cir. 1995).

7

21. Lastly, enlarging the time for service of process will not prejudice either Defendant or any Additional U.S. Defendants, as discovery has not yet commenced in the case (save for the discovery regarding the Alleged Conduit Transfers) and will not impair the ability of any of these entities to defend the Avoidance Action.

22. Accordingly, for the foregoing reasons, Debtors submit that the Rule 4(m) time period should be enlarged by one-hundred twenty (120) days, to June 1, 2011, to permit NNI to add Additional U.S. Defendants in the Avoidance Action.

### Notice

23. Notice of the Motion has been provided via first class mail to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; (iv) Defendant and (v) the general service list established in these chapter 11 cases. In light of the nature of the relief requested herein, the Debtors submit that such notice constitutes due and sufficient notice of the Motion and that no other or further notice is necessary or required.

### Prior Motion

24. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in the form attached hereto, enlarging the time period provided by Rule 4(m) for an additional one-hundred twenty (120) days in order to permit NNI to add Additional U.S. Defendants, without prejudice to the Debtor's right to request additional extensions, and grant such other and further relief as the Court deems just and proper.

Dated: April 4, 2011

*[Remainder of page intentionally left blank]*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Alissa T. Gazze*
Donna L. Culver (No. 2983)
Derek C. Abbott (No. 3376)
Alissa T. Gazze (No. 5338)
1201 North Market Street
P. O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989

-and-

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Deborah M. Buell (admitted pro hac vice)
Neil P. Forrest (admitted pro hac vice)
Brendan H. Gibbon (admitted pro hac vice)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile:  (212) 225-3999

*Counsel for the Debtors
and Debtors in Possession*