IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re*                                                     :      Chapter 11
                                                            :
Nortel Networks Inc., *et al.*,[1]                          :      Case No. 09-10138 (KG)
                                                            :
                    Debtors.                                :      Jointly Administered
                                                            :
                                                            :      Hearing date: April 26, 2011 at 9:30 a.m. (ET)
                                                            :      Objections due: April 19, 2011 at 4:00 p.m. (ET)
                                                            :
------------------------------------------------------------X

### DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 505(b)(2) EXTENDING TIME FOR CERTAIN TAX AUTHORITIES TO COMPLETE AN EXAMINATION

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to section 505(b) of title 11 of the United States Code (the "Bankruptcy Code"), extending the time for state and local tax authorities that have given notice pursuant to section 505(b)(2)(A)(i) of their intent to examine the Debtors' income tax returns for the 2009 taxable year (the "Tax Authorities") to complete an examination of such returns (the "2009 Income Tax Returns"); and granting them such other and further relief as the Court deems just and proper.  In support of this Motion, the Debtors respectfully represent as follows:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

**Jurisdiction**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory basis for the relief requested herein is section 505(b)(2) of the Bankruptcy Code.

**Background**

3.  On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc.,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only. The Debtors continue to operate their remaining businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5.  On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors

---

[2] Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

[3] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

2

Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators").  Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6. On June 19, 2009, Nortel announced that it was advancing in discussions with external parties to sell its businesses and that it would assess other restructuring alternatives for its businesses in the event that it was unable to maximize value through sales.  Since then, Nortel has sold many of its business units and assets to various purchasers.  Efforts continue to be made with respect to the realization of value from Nortel's remaining assets.  For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

**Relief Requested**

7. By this Motion, the Debtors seek an order, pursuant to section 505(b)(2) of the Bankruptcy Code, extending the time for the Tax Authorities to complete an examination of the 2009 Income Tax Returns until ninety days after the Debtors file an amended 2009 income tax return with the relevant Tax Authority reflecting the final determination of the Internal Revenue

---

[4] The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

Service (the "IRS") regarding federal taxable income for the 2009 taxable year; and granting such related relief as the Court deems just and appropriate.

**Facts Relevant to this Motion**

8. Between September and December 2010, the Debtors filed their 2009 Income Tax Returns in certain state and local jurisdictions within the United States. Along with the 2009 Income Tax Returns, and in accordance with section 505(b)(2) of the Bankruptcy Code, the Debtors filed requests for a prompt determination of their tax liability (if any) associated with the 2009 Income Tax Returns. Similarly, the Debtors filed their U.S. federal income tax return for the 2009 taxable year on September 14, 2010 and requested a prompt determination of their tax liability related to such federal return under section 505(b)(2).

9. Under section 505(b)(2)(A) of the Bankruptcy Code, a prompt determination request imposes two deadlines on tax authorities. First, under subsection (i), a tax authority has sixty days from the prompt determination request to notify a debtor that the return is selected for examination. 11 U.S.C. § 505(b)(2)(A)(i). Second, under subsection (ii), a tax authority that selects a return for examination is required to complete its examination within 180 days of the prompt determination request. 11 U.S.C. § 505(b)(2)(A)(ii).

10. Pursuant to section 505(b)(2)(A), the IRS and the Tax Authorities[5] have selected the Debtors' income tax returns for the 2009 taxable year for examination. On January 11, 2011, this Court extended the time for the IRS to complete its examination to June 30, 2011 [D.I. 4635], and on March 31, 2011 the Debtors withdrew the prompt determination request with respect to the IRS [D.I. 5184]. The Debtors now request that the Court extend the period for the Tax Authorities to complete their examinations until ninety days after the Debtors file amended

---

[5] The Tax Authorities include the Alabama Department of Revenue, California Franchise Tax Board, Iowa Department of Revenue, New Jersey Department of the Treasury fand South Carolina Department of Revenue.

2009 income tax returns reflecting the final determination of the IRS regarding federal taxable income for the 2009 taxable year.

### Basis for Relief

11.     Courts may permit additional time for a tax authority to complete its examination upon a showing of cause.  11 U.S.C. § 505(b)(2)(A)(ii).  The Debtors respectfully submit that there is ample cause to grant the Tax Authorities an extension of time to complete their examination until after the IRS completes its examination.

12.     Certain of the Tax Authorities define "income" with reference to the federal standard for the calculation of taxable income.  See, e.g., Iowa Code § 422.35 (2006) (defining "net income" as "taxable income before the net operating loss deduction, as properly computed for federal income tax purposes under the Internal Revenue Code" subject to certain adjustments).  Thus, in some instances state or local income tax cannot be accurately determined absent a final determination of federal taxable income.

13.     The Debtors therefore request that the Tax Authorities be granted additional time to complete their examination until the Tax Authorities have reasonable time to review the final result of the IRS's examination.

### Notice

14.     Notice of the Motion has been given via first class mail, facsimile, electronic transmission, hand delivery or overnight mail to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; (iv) the Tax Authorities, and (v) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

5

**No Prior Request**

15. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

| | |
|---|---|
| Dated:  April 5, 2011<br>Wilmington, Delaware | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>James L. Bromley (admitted *pro hac vice*)<br>Lisa M. Schweitzer (admitted *pro hac vice*)<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone:  (212) 225-2000<br>Facsimile:  (212) 225-3999<br><br>- and -<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Ann C. Cordo*<br>Derek C. Abbott (No. 3376)<br>Eric D. Schwartz (No. 3134)<br>Ann C. Cordo (No. 4817)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone:  (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Counsel for the Debtors and Debtors in Possession* |