# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
In re                      :        Chapter 11
:        Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1]    :        Jointly Administered
:
           Debtors    :   **Objection Deadline**: May 3, 2011 at 4:00 p.m. (ET)
:   **Hearing Date**: Scheduled only if necessary
---------------------------------------------------------X

## TWENTY- FIFTH MONTHLY APPLICATION OF AKIN GUMP STRAUSS HAUER & FELD LLP, CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM ALLOWANCE OF COMPENSATION AND FOR THE REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM FEBRUARY 1, 2011 THROUGH FEBRUARY 28, 2011

This is a(n):  __X__ monthly _____ interim _____ final application.

Name of Applicant:    Akin Gump Strauss Hauer & Feld LLP

Authorized to Provide
Professional Services to: Official Committee of Unsecured Creditors

Date of Retention: March 5, 2009 (nunc pro tunc to January 22, 2009)

Period for which Compensation
and Reimbursement is sought: February 1, 2011 through February 28, 2011

Amount of Compensation sought as
actual, reasonable, and necessary: $504,764.00

Amount of Expense Reimbursement sought
as actual, reasonable, and necessary: $16,131.39

The total time expended during this Compensation Period for the preparation of Akin Gump's Twenty-Third and Twenty-Fourth Monthly Fee Applications was 19.20 hours and the corresponding compensation is $9,384.00.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226).

**Prior Fee Applications:**

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 01/22/09 – 02/28/09 (First Monthly Fee Application) | $1,002,466.75 | $14,994.50 | On July 17, 2009, this Court entered an order (Docket No. 1103) awarding Akin Gump 100% of the fees and expenses requested in the First Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the First Monthly Fee Application. |
| 03/01/09 – 03/31/09 (Second Monthly Fee Application) | $866,587.25 | $14,080.55 | On July 17, 2009, this Court entered an order (Docket No. 1103) awarding Akin Gump 100% of the fees and expenses requested in the Second Monthly Fee Application. Akin Gump voluntarily agreed to reduce the expenses requested by $1,459.22. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Second Monthly Fee Application. |
| 04/01/09 – 04/30/09 (Third Monthly Fee Application) | $919,594.75 | $22,201.07 | On July 17, 2009, this Court entered an order (Docket No. 1103) awarding Akin Gump 100% of the fees and expenses requested in the Third Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Third Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 05/01/09 – 05/31/09 (Fourth Monthly Fee Application) | $766,765.75 | $54,512.10 | On September 30, 2009, this Court entered an order (Docket No. 1582) awarding Akin Gump 100% of the fees and expenses requested in the Fourth Monthly Fee Application.  Akin Gump has received 100% of the fees and 100% of the expenses requested in the Fourth Monthly Fee Application. |
| 06/01/09 – 06/30/09 (Fifth Monthly Fee Application) | $962,202.75 | $25,000.85 | On September 30, 2009, this Court entered an order (Docket No. 1582) awarding Akin Gump 100% of the fees and expenses requested in the Fifth Monthly Fee Application.  Akin Gump has received 100% of the fees and 100% of the expenses requested in the Fifth Monthly Fee Application. |
| 07/01/09 – 07/31/09 (Sixth Monthly Fee Application) | $1,042,206.00 | $24,587.92 | On September 30, 2009, this Court entered an order (Docket No. 1582) awarding Akin Gump 100% of the fees and expenses requested in the Sixth Monthly Fee Application.  Akin Gump has received 100% of the fees and 100% of the expenses requested in the Sixth Monthly Fee Application. |
| 08/01/09 – 08/31/09 (Seventh Monthly Fee Application) | $653,999.00 | $44,610.63 | On December 15, 2009, this Court entered an order (Docket No. 2143) awarding Akin Gump 100% of the fees and expenses requested in the Seventh Monthly Fee Application.  Akin Gump has received 100% of the fees and 100% of the expenses requested in the Seventh Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 09/01/09 – 09/30/09<br><br>(Eighth Monthly Fee Application) | $1,103,982.50 | $24,753.35 | On December 15, 2009, this Court entered an order (Docket No. 2143) awarding Akin Gump 100% of the fees and expenses requested in the Eighth Monthly Fee Application.  Akin Gump has received 100% of the fees and 100% of the expenses requested in the Eighth Monthly Fee Application. |
| 10/01/09 – 10/31/09<br><br>(Ninth Monthly Fee Application) | $1,036,266.50 | $35,745.59 | On December 15, 2009, this Court entered an order (Docket No. 2143) awarding Akin Gump 100% of the fees and expenses requested in the Ninth Monthly Fee Application.  Akin Gump has received 100% of the fees and 100% of the expenses requested in the Ninth Monthly Fee Application. |
| 11/01/09 – 11/30/09<br><br>(Tenth Monthly Fee Application) | $1,008,811.00 | $40,388.57 | On March 17, 2010, this Court entered an order (Docket No. 2730) awarding Akin Gump 100% of the fees and expenses requested in the Tenth Monthly Fee Application.  Akin Gump has received 100% of the fees and 100% of the expenses requested in the Tenth Monthly Fee Application. |
| 12/01/09 – 12/31/09<br><br>(Eleventh Monthly Fee Application) | $1,003,203.75 | $40,839.88 | On March 17, 2010, this Court entered an order (Docket No. 2730) awarding Akin Gump 100% of the fees and expenses requested in the Eleventh Monthly Fee Application.  Akin Gump has received 100% of the fees and 100% of the expenses requested in the Eleventh Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 01/01/10 – 01/31/10 (Twelfth Monthly Fee Application) | $638,879.75 | $34,184.80 | On March 17, 2010, this Court entered an order (Docket No. 2370) awarding Akin Gump 100% of the fees and expenses requested in the Twelfth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Twelfth Monthly Fee Application. |
| 02/01/10 – 02/28/10 (Thirteenth Monthly Fee Application) | $636,531.00 | $26,874.51 | On June 24, 2010, this Court entered an order (Docket No. 3217) awarding Akin Gump 100% of the fees and expenses requested in the Thirteenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Thirteenth Monthly Fee Application. |
| 03/01/10 – 03/31/10 (Fourteenth Monthly Fee Application) | $958,619.25 | $20,735.21 | On June 24, 2010, this Court entered an order (Docket No. 3217) awarding Akin Gump 100% of the fees and expenses requested in the Fourteenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Fourteenth Monthly Fee Application. |
| 04/01/10 – 04/30/10 (Fifteenth Monthly Fee Application) | $608,880.50 | $23,821.31 | On June 24, 2010, this Court entered an order (Docket No. 3217) awarding Akin Gump 100% of the fees and expenses requested in the Fifteenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Fifteenth Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 05/01/10 – 05/31/10 (Sixteenth Monthly Fee Application) | $633,157.50 | $28,308.46 | On September 30, 2010, this Court entered an order (Docket No. 4048) awarding Akin Gump 100% of the fees and expenses requested in the Sixteenth Monthly Fee Application.  Akin Gump has received 100% of the fees and 100% of the expenses requested in the Sixteenth Monthly Fee Application. |
| 06/01/10 – 06/30/10 (Seventeenth Monthly Fee Application) | $591,154.50 | $13,375.36 | On September 30, 2010, this Court entered an order (Docket No. 4048) awarding Akin Gump 100% of the fees and expenses requested in the Seventeenth Monthly Fee Application.  Akin Gump has received 100% of the fees and 100% of the expenses requested in the Seventeenth Monthly Fee Application. |
| 07/01/10 – 07/31/10  (Eighteenth Monthly Fee Application) | $405,934.00 | $11,538.54 | On September 30, 2010, this Court entered an order (Docket No. 4048) awarding Akin Gump 100% of the fees and expenses requested in the Eighteenth Monthly Fee Application.  Akin Gump has received 100% of the fees and 100% of the expenses requested in the Eighteenth Monthly Fee Application. |
| 08/01/10 – 08/31/10 (Nineteenth Monthly Fee Application) | $720,036.50 | $19,953.51 | On December 15, 2010, this Court entered an order (Docket No. 4605) awarding Akin Gump 100% of the fees and expenses requested in the Nineteenth Monthly Fee Application.  Akin Gump has received 100% of the fees and 100% of the expenses requested in the Nineteenth Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 09/01/10 – 09/30/10 (Twentieth Monthly Fee Application) | $613,100.25 | $26,293.55 | On December 15, 2010, this Court entered an order (Docket No. 4605) awarding Akin Gump 100% of the fees and expenses requested in the Twentieth Monthly Fee Application.  Akin Gump has received payment of 100% of the fees and 100% of the expenses requested in the Twentieth Monthly Fee Application. |
| 10/01/10 – 10/31/10 (Twenty-First Monthly Fee Application) | $673,206.00 | $15,082.70 | On December 15, 2010, this Court entered an order (Docket No. 4605) awarding Akin Gump 100% of the fees and expenses requested in the Twenty-First Monthly Fee Application.  Akin Gump has received 100% of the fees and 100% of the expenses requested in the Twenty-First Monthly Fee Application. |
| 11/01/10 – 11/30/10 (Twenty-Second Monthly Fee Application) | $791,081.50 | $25,964.65 | On March 23, 2011, this Court entered an order (Docket No. 5156) awarding Akin Gump 100% of the fees and expenses requested in the Twenty-Second Monthly Fee Application.  Akin Gump has received 100% of the fees and expenses requested in the Twenty-Second Monthly Fee Application. |
| 12/01/10- 12/31/10 (Twenty-Third Monthly Fee Application) | $475,468.75 | $26,719.94 | On March 23, 2011, this Court entered an order (Docket No. 5156) awarding Akin Gump 100% of the fees and expenses requested in the Twenty-Third Monthly Fee Application.  Akin Gump has received payment of 100% of the fees and expenses requested in the Twenty-Third Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 01/01/11 - 01/31/11 (Twenty-Fourth Monthly Fee Application) | $451,106.50 | $8,338.24 | On March 23, 2011, this Court entered an order (Docket No. 5156) awarding Akin Gump 100% of the fees and expenses requested in the Twenty-Fourth Monthly Fee Application.  Akin Gump has received payment of 100% of the fees and expenses requested in the Twenty-Fourth Monthly Fee Application. |

**SUMMARY OF ATTORNEYS AND LEGAL ASSISTANTS
RENDERING SERVICES DURING THE PERIOD
FEBRUARY 1, 2011 THROUGH FEBRUARY 28, 2011**

| Name of Professional Person | Position of the Applicant, Number of Years in that Position at Current or Prior Firms, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation Requested |
|---|---|---|---|---|
| Lisa G. Beckerman | Partner for 12 years; Admitted in 1989; Financial Restructuring Department | $975 | 14.10 | $13,747.50 |
| David H. Botter | Partner for 10 years; Admitted in 1990; Financial Restructuring Department | $900 | 42.40 | $38,160.00 |
| Fred S. Hodara | Partner for 22 years; Admitted in 1982; Financial Restructuring Department | $990 | 83.95 | $83,110.50 |
| Karol A. Kepchar | Partner for 10 years; Admitted in 1992; Intellectual Property Department | $700 | 27.90 | $19,530.00 |
| Stephen B. Kuhn | Partner for 11 years; Admitted in 1991; Corporate Department | $790 | 51.40 | $40,606.00 |
| Alan L. Laves | Partner for 17 years; Admitted in 1985; Corporate department | $790 | 13.70 | $10,823.00 |
| Randall M. Ratner | Partner for 25 years; Admitted in 1979; Real Estate Department | $650 | 2.70 | $1,755.00 |
| Sarah Link Schultz | Partner for 2 years; Admitted in 2001; Financial Restructuring Department | $700 | 30.50 | $21,350.00 |
| Bruce E. Simonetti | Partner for 7 years; Admitted in 1995; ERISA Department | $795 | 5.50 | $4,372.50 |
| Mark J. Volow | Partner for 22, years; Admitted in 1981, Corporate department | $775 | 2.40 | $1,860.00 |
| Austin S. Lilling | Senior Counsel for 1 year; Admitted in 2001; ERISA Department | $610 | 9.00 | $5,490.00 |
| Kevin M. Rowe | Senior Counsel for 11 years; Admitted in 1985; Tax Department | $690 | 19.60 | $13,524.00 |

| Name of Professional Person | Position of the Applicant, Number of Years in that Position at Current or Prior Firms, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation Requested |
|---|---|---|---|---|
| David T. Blonder | Counsel for 3 years; Admitted in 2001; Litigation Department | $560 | 2.50 | $1,400.00 |
| Tony D. Feuerstein | Counsel for 3 years; Admitted in 2003; Corporate Department | $610 | 27.00 | $16,470.00 |
| Christopher T. Timura | Counsel for 1 year; Admitted in 2004; International Trade Department | $540 | 3.90 | $2,106.00 |
| David C. Vondle | Counsel for 3 years; Admitted in 2003; Intellectual Property Department | $560 | 64.10 | $35,896.00 |
| Graeme D. Bell | International Law Advisor for 3 years; Admitted in 2003; Financial Restructuring | $600 | 118.05 | $70,830.00 |
| Laura Geyer | Senior Attorney for 3 years; Admitted in 1998; Intellectual Property Department | $445 | 8.10 | $3,604.50 |
| Sara J. Wahl | Senior Attorney for 1 year; Admitted in 2000; Financial Restructuring Department. | $600 | 21.30 | $12,780.00 |
| Joshua Y. Sturm | Associate for 5 years; Admitted in 2007; Financial Restructuring Department | $550 | 31.00 | $17,050.00 |
| Brad M. Kahn | Associate for 4 years; Admitted in 2008; Financial Restructuring Department | $510 | 130.60 | $66,606.00 |
| Ben Morgan | Associate for 2 years; Admitted in 2009; Corporate Department | $360 | 43.30 | $15,588.00 |
| Sara L. Brauner | Associate for 1 year; Admitted in 2011; Financial Restructuring Department | $360 | 17.40 | $6,264.00 |
| Peter J. Sprofera | Legal Assistant for 35 years; Financial Restructuring Department | $265 | 5.80 | $1,537.00 |
| Scott A. Fener | Librarian for 4 years | $190 | 1.60 | $304.00 |

Total Amount of Fees:     $504,764.00
Total Number of Hours:   777.80
Blended Hourly Rate:      $648.96

## COMPENSATION BY PROJECT CATEGORY
## FEBRUARY 1, 2011 THROUGH FEBRUARY 28, 2011

| Project Category | Total Hours | Total Fees |
|---|---|---|
| General Case Administration | 3.20 | $2,214.00 |
| Akin Gump Fee Applications/Monthly Billing Reports | 19.20 | $9,384.00 |
| Analysis of Other Professionals Fee Applications/Reports | 1.60 | $828.00 |
| Retention of Professionals | 17.90 | $9,608.50 |
| Creditors' Committee Meetings | 110.90 | $71,690.00 |
| Court Hearings | 6.70 | $5,743.50 |
| General Claims Analysis/Claims Objections | 106.70 | $58,010.00 |
| Canadian Proceedings/Matters | 7.00 | $5,280.00 |
| Lift Stay Litigation | 0.50 | $495.00 |
| General Adversary Proceedings | 0.50 | $255.00 |
| Tax Issues | 7.90 | $5,157.00 |
| Labor Issues/Employee Benefits | 47.40 | $35,056.00 |
| Real Estate Issues/Leases | 0.80 | $488.00 |
| Asset/Stock Transactions/Business Liquidations | 67.90 | $40,749.50 |
| Travel (billed at 50% of actual time) | 14.70 | $10,273.50 |
| Non-Debtor Affiliates | 1.40 | $829.00 |
| Intercompany Analysis | 113.90 | $86,455.00 |
| European Proceedings Matters | 8.90 | $5,268.00 |
| Intellectual Property | 240.70 | $156,980.00 |
| **TOTAL** | **777.80** | **$504,764.00** |

**DISBURSEMENT SUMMARY**
**FEBRUARY 1, 2011 THROUGH FEBRUARY 28, 2011**

| | |
|---|---:|
| Computerized Research, Corporate Service Fees & PACER Charges | $2,752.09 |
| Conference Call /Telephone Charges | $5,444.44 |
| Courier Service/Postage | $65.70 |
| Duplicating (@ $0.10 per page) | $97.50 |
| Meals/Committee Meeting Expenses | $2,810.98 |
| Travel Expenses – Airfare | $2,487.40 |
| Travel Expenses – Ground Transportation | $992.32 |
| Travel expenses – Lodging | $904.96 |
| Travel Expenses – Train Fare | $576.00 |
| | |
| **TOTAL** | **$16,131.39** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

--------------------------------------------------------X
                    :
In re                    :      Chapter 11
                    :      Case No. 09-10138 (KG)
Nortel Networks Inc., <u>et al.</u>, [1]  :      Jointly Administered
                    :
           Debtors    :  <u>Objection Deadline</u>: May 3, 2011 at 4:00 p.m. (ET)
                    :  <u>Hearing Date</u>: Scheduled only if necessary
--------------------------------------------------------X

**TWENTY-FIFTH MONTHLY APPLICATION OF AKIN GUMP STRAUSS
HAUER & FELD LLP, CO-COUNSEL FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM
ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT
OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD
<u>FROM FEBRUARY 1, 2011 THROUGH FEBRUARY 28, 2011</u>**

Akin Gump Strauss Hauer & Feld LLP ("<u>Akin Gump</u>" or the "<u>Applicant</u>"), co-counsel to

the Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Nortel Networks Inc.

("<u>NNI</u>"), <u>et al.</u> (collectively, the "<u>Debtors</u>"), hereby submits its twenty-fourth monthly

application (the "<u>Application</u>") pursuant to (i) sections 330 and 331 of title 11 of the United

States Code (the "<u>Bankruptcy Code</u>"), (ii) Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "<u>Bankruptcy Rules</u>"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy

Procedure for the District of Delaware (the "<u>Local Rules</u>"), and (iv) the Administrative Order

Pursuant to 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2

Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for

Professionals and Official Committee Members entered on February 4, 2009 (the

"<u>Administrative Fee Order</u>"), for interim allowance of compensation for services rendered in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226).

aggregate amount of $504,764.00 and for reimbursement of actual and necessary expenses incurred by Akin Gump in connection therewith in the amount of $16,131.39 for the period from February 1, 2011 through February 28, 2011 (the "Compensation Period").  In support of this Application, Akin Gump respectfully states as follows:

## I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory bases for the relief requested herein are sections 1103 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014.

## II.    BACKGROUND

2.    On January 14, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief (the "U.S. Proceeding") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

3.    The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On January 15, 2009, the Court entered an order for the joint administration of these cases pursuant to Bankruptcy Rule 1015(b) for procedural purposes only.

4.    On January 14, 2009, the Debtors' ultimate corporate parent, Nortel Networks Corporation ("NNC"), together with Nortel Networks Limited ("NNL") and certain of their Canadian affiliates (collectively, the "Canadian Debtors") commenced a proceeding (the "Canadian Proceeding") before the Ontario Superior Court of Justice (the "Canadian Court") for a plan of compromise or arrangement under Canada's Companies' Creditors Arrangement Act ("CCAA").  The Canadian Debtors continue to operate their businesses and manage their

properties under the supervision of the Canadian Court and Ernst & Young Inc. as monitor (the

"Monitor").

5.      On January 14, 2009, the High Court of Justice in England (the "U.K. Court")

placed nineteen of the Debtors' European affiliates (collectively, the "EMEA Debtors" and,

together with the Debtors and the Canadian Debtors, the "Nortel Debtors"), including Nortel

Networks U.K. Limited ("NNUK"), into administration (the "European Proceedings" and,

together with the U.S. Proceeding and Canadian Proceeding, the "Insolvency Proceedings")

under the control of individuals from Ernst & Young LLC (the "Administrators").

6.      On January 22, 2009 (the "Committee Formation Date"), pursuant to section 1102

of the Bankruptcy Code, the United States Trustee for the District of Delaware (the "U.S.

Trustee") appointed the Committee.  The Committee currently consists of three members, as

follows: (i) Law Debenture Trust Company of New York, as indenture trustee; (ii) Pension

Benefit Guaranty Corporation; and (iii) The Bank of New York Mellon, as indenture trustee.  No

trustee or examiner has been appointed in these chapter 11 cases.  An ad hoc group of holders of

bonds issued by the Nortel Debtors has also been formed (the "Ad Hoc Bondholder Group").

7.      On March 5, 2009, this Court entered an order authorizing the retention of Akin

Gump as co-counsel to the Committee, *nunc pro tunc* to January 22, 2009.  On that same day, the

Court authorized the Committee to retain and employ Jefferies & Company, Inc. ("Jefferies") as

the Committee's investment banker, Capstone Advisory Group, LLC ("Capstone") as the

Committee's financial advisor, Fraser Milner Casgrain LLP ("FMC") as the Committee's

Canadian counsel, Ashurst LLP ("Ashurst") as the Committee's European counsel, and

Kurtzman Carson Consultants, LLC ("KCC") as the Committee's communications agent.

8.      On June 10, 2009, Akin Gump filed its First Interim Fee Application Request for the Period January 22, 2009 through April 30, 2009 (the "First Interim Application").  In its First Interim Application, Akin Gump sought the award and allowance of fees in the amount of $2,788,648.75 and the reimbursement of expenses in the amount of $48,632.74.[2]  On July 17, 2009, this Court entered an order approving 100% of the fees and expenses sought in the First Interim Application and Akin Gump has received payment of such amounts.

9.      On September 10, 2009, Akin Gump filed its Second Interim Fee Application Request for the Period May 1, 2009 through July 31, 2009 (the "Second Interim Application").  In its Second Interim Application, Akin Gump sought the award and allowance of fees in the amount of $2,771,174.50 and the reimbursement of expenses in the amount of $104,100.87.[3]  On September 30, 2009, this Court entered an order approving 100% of the fees and expenses sought in the Second Interim Application and Akin Gump has received payment of such amounts.

10.     On November 24, 2009, Akin Gump filed its Third Interim Fee Application Request for the Period August 1, 2009 through October 31, 2009 (the "Third Interim Application").  In its Third Interim Application, Akin Gump sought the award and allowance of fees in the amount of $2,794,248.00 and the reimbursement of expenses in the amount of

---

[2] The First Interim Application sought the award of fees and expenses for the period from January 22, 2009 through April 30, 2009, as follows: (a) January 22, 2009 through February 28, 2009: $1,002,466.75 of fees and $14,994.50 of expenses; (b) March 1, 2009 through March 31, 2009: $866,587.25 of fees and $14,080.55 of expenses; and (c) April 1, 2009 through April 30, 2009: $919,594.75 of fees and $22,201.07 of expenses.  Following discussions with the U.S. Trustee, Akin Gump agreed to a voluntary reduction of $1,184.16 for expenses incurred during the period covered by the First Interim Application.

[3] The Second Interim Application sought the award of fees and expenses for the period from May 1, 2009 through July 31, 2009, as follows: (a) May 1, 2009 through May 31, 2009: $766,765.75 of fees and $54,512.10 of expenses; (b) June 1, 2009 through June 30, 2009: $962,202.75 of fees and $25,000.85 of expenses; and (c) July 1, 2009 through July 31, 2009: $1,042,206.00 of fees and $24,587.92 of expenses.

$105,109.57.[4]  On December 15, 2009, this Court entered an order approving 100% of the fees and expenses sought in the Third Interim Application and Akin Gump has received payment of such amounts.

11.    On February 24, 2010, Akin Gump filed its Fourth Interim Fee Application Request for the Period November 1, 2009 through January 31, 2010 (the "Fourth Interim Application").[5]  In its Fourth Interim Application, Akin Gump sought the award and allowance of fees in the amount of $2,650,894.50 and the reimbursement of expenses in the amount of $115,413.25.[6]  On March 17, 2010, this Court entered an order approving 100% of the fees and expenses sought in the Fourth Interim Application and Akin Gump has received payment of such amounts.

12.    On May 28, 2010, Akin Gump filed its Fifth Interim Fee Application Request for the Period February 1, 2010 through April 30, 2010 (the "Fifth Interim Application").  In its Fifth Interim Application, Akin Gump sought the award and allowance of fees in the amount of $2,204,030.75 and the reimbursement of expenses in the amount of $71,431.03.[7]  On June 24, 2010, this Court entered an order approving 100% of the fees and expenses sought in the Fifth Interim Application and Akin Gump has received payment of such amounts.

---

[4] The Third Interim Application sought the award of fees and expenses for the period from August 1, 2009 through October 31, 2009, as follows: (a) August 1, 2009 through August 31, 2009: $653,999.00 of fees and $44,610.63 of expenses; (b) September 1, 2009 through September 30, 2009: $1,103,982.50 of fees and $24,753.35 of expenses; and (c) October 1, 2009 through October 31, 2009: $1,036,266.50 of fees and $35,745.59 of expenses.

[5] On March 1, 2010, Akin Gump filed an Amended Notice of Fourth Interim Fee Application Request solely to provide information regarding a change in its hourly billing rates effective January 1, 2010.

[6] The Fourth Interim Application sought the award of fees and expenses for the period from November 1, 2009 through January 31, 2010, as follows: (a) November 1, 2009 through November 30, 2009: $1,008,811.00 of fees and $40,388.57 of expenses; (b) December 1, 2009 through December 31, 2009: $1,003,203.75 of fees and $40,839.88 of expenses; and (c) January 1, 2010 through January 31, 2010: $638,879.75 of fees and $34,184.80 of expenses.

[7] The Fifth Interim Application sought the award of fees and expenses for the period from February 1, 2010 through April 30, 2010, as follows: (a) February 1, 2010 through February 28, 2010: $636,531.00 of fees and $26,874.51 of expenses; (b) March 1, 2010 through March 31, 2010: $958,619.25 of fees and $20,735.21 of expenses; and (c) April 1, 2010 through April 30, 2010: $608,880.50 of fees and $23,821.31 of expenses.

13.     On September 7, 2010, Akin Gump filed its Sixth Interim Fee Application

Request for the Period May 1, 2010 through July 31, 2010 (the "Sixth Interim Application").  In

its Sixth Interim Application, Akin Gump sought the award and allowance of fees in the amount

of $1,630,246.00 and the reimbursement of expenses in the amount of $53,222.36.[8]  On

September 30, 2010, this Court entered an order approving 100% of the fees and expenses

sought in the Sixth Interim Application and Akin Gump has received payment of such amounts.

14.     On November 24, 2010, Akin Gump filed its Seventh Interim Fee Application

Request for the Period August 1, 2010 through October 31, 2010 (the "Seventh Interim

Application").  In its Seventh Interim Application, Akin Gump sought the award and allowance

of fees in the amount of $1,970,342.75 and the reimbursement of expenses in the amount of

$61,329.76.[9]  On December 15, 2010, this Court entered an order approving 100% of the fees

and expenses sought in the Seventh Interim Application and Akin Gump has received payment of

such amounts.

15.     On February 28, 2011, Akin Gump filed its Eighth Interim Fee Application

Request for the Period November 1, 2010 through January 31, 2011 (the "Seventh Interim

Application").  In its Eighth Interim Application, Akin Gump sought the award and allowance of

fees in the amount of $1,717,656.75 and the reimbursement of expenses in the amount of

---

[8] The Sixth Interim Application sought the award of fees and expenses for the period from May 1, 2010 through July 31, 2010, as follows: (a) May 1, 2010 through May 31, 2010: $633,157.50 of fees and $28,308.46 of expenses; (b) June 1, 2010 through June 30, 2010: $591,154.50 of fees and $13,375.36 of expenses; and (c) July 1, 2010 through July 31, 2010: $405,934.00 of fees and $11,538.34 of expenses.

[9] The Seventh Interim Application sought the award of fees and expenses for the period from August 1, 2010 through October 31, 2010, as follows: (a) August 1, 2010 through August 31, 2010: $720,036.50 of fees and $19,953.51 of expenses; (b) September 1, 2010 through September 30, 2010: $613,100.25 of fees and $26,293.55 of expenses; and (c) October 1, 2010 through October 31, 2010: $637,206.00 of fees and $15,082.70 of expenses.

$61,022.83.[10]  On March 23, 2011, this Court entered an order approving 100% of the fees and expenses sought in the Eighth Interim Application and Akin Gump has received payment of such amounts.

### III.    RELIEF REQUESTED

16.    By this Application, Akin Gump seeks (i) interim allowance and award of compensation for the professional services rendered by Akin Gump as attorneys during the Compensation Period in the amount of $504,764.00, representing 770.40 hours of professional services and 7.40 hours of paraprofessional services; and (ii) reimbursement of actual and necessary expenses incurred by Akin Gump during the Compensation Period in connection with the rendition of such professional and paraprofessional services in the amount of $16,131.39.

17.    Pursuant to the Administrative Fee Order, Akin Gump is seeking payment of 80% of its fees ($403,811.20) and 100% of its expenses ($16,131.39) relating to services rendered during the Compensation Period.

18.    Akin Gump has received no payment and no promises for payment from any source for services rendered in connection with these chapter 11 cases other than in accordance with the Administrative Fee Order.  There is no agreement or understanding between the Applicant and any other person (other than members of Akin Gump) for the sharing of compensation to be received for the services rendered in these cases.

19.    As stated in the Affirmation of Fred S. Hodara, Esq. (the "Hodara Affirmation"), annexed hereto as Exhibit A, all of the services for which interim compensation is sought herein were rendered for or on behalf of the Committee solely in connection with these cases.

---

[10] The Eighth Interim Application sought the award of fees and expenses for the period from November 1, 2010 through January 31, 2011, as follows: (a) November 1, 2010 through November 30, 2010: $791,081.50 of fees and $25,964.65 of expenses; (b) December 1, 2010 through December 31, 2010: $475,468.75 of fees and $26,719.94 of expenses; and (c) January 1, 2011 through January 31, 2011: $451,106.50 of fees and $8,338.24 of expenses.

## IV.    <u>SUMMARY OF SERVICES RENDERED</u>

20.    Akin Gump has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the Debtors' unsecured creditors during the Compensation Period.  The variety and complexity of the issues in these Insolvency Proceedings and the need to act or respond to issues on an expedited basis in furtherance of the Committee's needs have required the expenditure of substantial time by Akin Gump personnel from several legal disciplines.

21.    In the ordinary course of its practice, Akin Gump maintains written records of the time expended by attorneys and paraprofessionals in the rendition of their professional services. In accordance with the provisions of the Administrative Fee Order, a compilation showing the name of the attorney or paraprofessional, the date on which the services were performed, a description of the services rendered, and the amount of time spent in performing the services for the Committee during the Compensation Period is annexed hereto as <u>Exhibit B</u>.

22.    In the ordinary course of its practice, Akin Gump also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its services, all of which are available for inspection.  A schedule of the categories of expenses and amounts for which reimbursement is requested is annexed hereto as <u>Exhibit C</u>.  A detailed summary of the expenses is attached hereto as <u>Exhibit D</u>.

23.    Akin Gump respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and appropriate, and have directly contributed to the effective administration of these chapter 11 cases.

24.    The following summary of services rendered during the Compensation Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in <u>Exhibit B</u>.  Rather, it is

merely an attempt to highlight certain of those areas in which services were rendered to the Committee, as well as to identify some of the problems and issues that Akin Gump was required to address.

### Case Administration

(Fees: $2,214.00; Hours: 3.20)

25.     This subject matter relates to services rendered to the Committee to satisfy the Committee's continuing organizational and administrative needs and enable the Committee to continue to function as a coordinated group and to acquit its fiduciary duties.

26.     Due to Akin Gump's experience in counseling creditors' committees, Akin Gump believes it was able to efficiently address all issues relating to case administration that have arisen during the pendency of these Insolvency Proceedings.

### Akin Gump Fee Application/Monthly Billing Reports

(Fees: $9,384.00; Hours: 19.20)

27.     This subject matter relates to time spent reviewing invoices and drafting monthly and interim fee statements as required under the Administrative Fee Order, including attorney time to ensure that such materials do not improperly disclose highly confidential information related to the Debtors' businesses or these chapter 11 cases.

### Committee Meetings

(Fees: $71,690.00; Hours: 110.90)

28.     This subject matter relates to Committee matters, meetings and conference calls with the Committee as a whole, with individual Committee members and with the Committee's other legal and financial advisors.  Akin Gump, together with the other Committee professionals, held four telephonic meetings with the full Committee during the Compensation Period.  In addition, during the Compensation Period, Akin Gump had numerous telephonic conferences

with individual Committee members and their respective professionals, as well as among the Committee's legal and financial advisors.

29.     Prior to its meetings with the Committee, Akin Gump reviewed each pending matter requiring the Committee's attention and all underlying documentation in connection therewith.  Thereafter, Akin Gump discussed each of these matters with the Committee's other professionals, the Committee, as well as individual Committee members.  During these discussions, Akin Gump assisted the Committee in formulating a position with respect to each pending matter.  In addition, Akin Gump prepared and/or assisted the Committee's other professionals in preparing detailed memoranda for the Committee discussing the status of pertinent matters in these proceedings.

30.     During the Compensation Period, Akin Gump routinely held internal meetings with the professionals assigned to this matter to ensure that Akin Gump was representing the Committee in the most efficient manner at the least cost to these estates.  In addition, Akin Gump coordinated all Committee activities, including attending to member issues and interacting with the Committee's other professionals in setting agendas for the Committee's meetings and conference calls.  Akin Gump also regularly consulted with Jefferies, Capstone, FMC and Ashurst with respect to documents and other information received from the Debtors, their representatives, and other sources.

31.     Through meetings, telephone conferences, and correspondence, Akin Gump has assisted the Committee in fulfilling its statutory duties to make informed decisions regarding the various issues that have arisen in these chapter 11 cases, to monitor closely the Debtors' management of these proceedings, and to reach independent conclusions on the merits of specific matters.

## Court Hearings

(Fees: $5,743.50; Hours: 6.70)

32.     This subject matter relates to preparation for and attendance at hearings and other proceedings before this Court.  Akin Gump attorneys appeared, either in person or telephonically, at two hearings held before this Court during the Compensation Period where they actively represented the Committee and asserted the Committee's positions with respect to the matters being considered.  Akin Gump attorneys prepared for Court hearings by reviewing all applicable motions and applications filed with the Court, including any responses thereto, and consulted with the Committee's other professionals and the Debtors' advisors to formulate appropriate strategies.  Akin Gump's participation at such hearings was necessary to protect the interests of unsecured creditors.

## Retention of Professionals

(Fees: $9,608.50; Hours: 17.90)

33.     This subject matter relates to time spent by Akin Gump attorneys reviewing and analyzing applications by parties in interest to retain professionals in these chapter 11 cases. During the Compensation Period, Akin Gump, along with Capstone, spent time analyzing issues related to the Debtors' retention of CB Richard Ellis Inc. ("CBRE") as listing and leasing agent to assist in the disposition of certain of the Debtors' real property.  Akin Gump attorneys spent time reviewing the relevant documents and engaging in discussions with the Debtors' professionals to ensure that CBRE's retention was in the best interest of the Debtors' estates.  On February 17, 2011, the Debtors filed an application to retain and employ CBRE, which motion was approved by this Court on March 9, 2011.

11

**General Claims Analysis**

(Fees: $58,010.00; Hours: 106.70)

34.     This subject matter relates to the analysis of claims asserted or contemplated to be asserted against the Debtors' estates.  During the Compensation Period, Akin Gump attorneys spent time working with Capstone to analyze the numerous claims filed against the Nortel Debtors in the Insolvency Proceedings.  Akin Gump attorneys also spent considerable time researching and examining legal issues in connection with certain of the claims filed against the Debtors, including certain bond claims.  Further, Akin Gump, along with Capstone, kept the Committee apprised of all material developments in connection with the adjudication and reconciliation of claims in these chapter 11 cases.

**Asset Sales**

(Fees: $40,749.50; Hours: 67.90)

35.     Akin Gump attorneys spent time during the Compensation Period working with the Nortel Debtors and their professionals, the Monitor, and professionals for the other major creditor constituencies to evaluate issues related to the divestitures of certain of the Nortel Debtors' businesses and assets.  Specifically, during the Compensation Period, Akin Gump attorneys reviewed and analyzed issues relating to the Debtors' sale of certain internet protocol address numbers held in the United States (the "IP Address Sale").  As this Court is aware, on March 21, 2011, the Debtors filed a motion to approve the IP Address Sale to Microsoft Corporation for a gross purchase price of $7.5 million (the "IP Address Sale Motion").  A hearing on the IP Address Sale Motion is scheduled for April 26, 2011.

## Labor and Employee Benefits Issues

(Fees: $35,056.00; Hours: 47.40)

36.     This subject matter relates to services rendered by Akin Gump in connection with the Committee's analysis of the Nortel Debtors' benefit plans and general labor matters.  As this Court is aware, on December 22, 2010, the Debtors filed a motion (the "Deferred Compensation Motion") to approve a stipulation between NNI and U.S. Bank National Association, as trustee (the "Trustee") of a deferred compensation trust (the "Trust"), by which the Trustee would turn over to NNI the amounts being held in the Trust.  During the Compensation Period, Akin Gump attorneys spent time analyzing the issues raised by the Deferred Compensation Motion and discussing the relief requested therein with the Debtors' professionals.  Further, Akin Gump attorneys reviewed and analyzed issues raised in the numerous objections to the Deferred Compensation Motion filed with this Court.  A hearing on the Deferred Compensation Motion was held before this Court on February 9, 2011, and was subsequently adjourned to April 26, 2011.

37.     Additionally, during the Compensation Period, Akin Gump, working with Ashurst, continued its analysis of the alleged claims asserted by Nortel Networks U.K. Pension Trust Limited, as trustee of the Nortel Networks UK Pension Plan (the "U.K. Pension Trustee"), and the Board of the Pension Protection Fund (the "PPF" and, together with the U.K. Pension Trustee, the "U.K. Pension Parties") against the Nortel Debtors in the various Insolvency Proceedings.  Further, Akin Gump and Ashurst continued to apprise the Committee of such issues and their potential impact on these Insolvency Proceedings.

**Intercompany Issues**

(Fees: $86,455.00; Hours: 113.90)

38.     This subject matter relates to time spent by Akin Gump attorneys reviewing and

analyzing certain intercompany issues arising among the various Nortel entities around the

world, and their impact on the Nortel Debtors' Insolvency Proceedings.  Akin Gump attorneys,

along with the Committee's other professionals, spent significant time during the Compensation

Period analyzing and examining issues related to the allocation of sale proceeds and discussing

such issues with the Committee, including in-depth analyses of various methodologies for

allocating value among the Nortel entities.

39.     As this Court is aware, a mediation took place with respect to the allocation of

sale proceeds and related issues on November 11, 12, 14, 15 and 16, 2010 in New York, New

York.  As disclosed in the 8-K filing of NNC on November 17, 2010, the mediation did not result

in a resolution among the parties of the allocation and related intercompany issues.  Since that

time, Akin Gump, along with the Committee's other professionals, have spent time considering

strategic alternatives, including the possible continuation of the mediation process.  Additionally,

during the Compensation Periods, Akin Gump, on behalf of the Committee, continued to engage

in discussions with the other parties regarding the allocation of sales proceeds.

**Intellectual Property**

(Fees: $156,980.00; Hours: 240.70)

40.     During the Compensation Period, Akin Gump attorneys continued to review and

examine the Nortel Debtors' intellectual property portfolio (the "Nortel IP"), analyze intellectual

property issues associated with the various asset divestitures by the estates, and consider strategic

alternatives for maximizing the value of the Nortel IP for the benefit of the estates.  In

connection therewith, Akin Gump attorneys, along with the Committee's other professionals,

participated in teleconferences with the Nortel Debtors' professionals and analyzed various issues regarding the intellectual property monetization process. Further, Akin Gump, Capstone and Jefferies continuously kept the Committee apprised of the progress of such process as well as its impact on the Nortel Debtors' Insolvency Proceedings.

41.     During the Compensation Period, Akin Gump attorneys spent considerable time working with the Committee's other professionals and professionals for the Nortel Debtors, analyzing and negotiating the terms of a sale of the Nortel IP (the "IP Sale") and selecting an acceptable stalking horse bidder in connection therewith. These efforts culminated in the Nortel Debtors' announcement on April 4, 2011, that Google Inc. was selected as the stalking horse bidder for the IP Sale. In connection therewith, Akin Gump attorneys reviewed, commented on, and negotiated all underlying documentation, including the form of proposed bidding procedures and related sale motion (the "IP Bidding Procedures Motion") and held numerous conference calls with the Committee's other professionals and the Committee to ascertain and develop the Committee's position on the proposed procedures and transaction. A hearing on the IP Bidding Procedures Motion is scheduled on May 2, 2011.

## Non-Working Travel

(Fees: $10,273.50; Hours: 14.70)

42.     During the Compensation Period, Akin Gump attorneys spent 29.40 non-working hours traveling to Court hearings and/or meetings. Pursuant to Local Rule 2016-2(d)(viii), Akin Gump has discounted this time by 50% and, accordingly, has billed 14.70 working hours traveling for the Compensation Period.

## V.     ALLOWANCE OF COMPENSATION

43.     The professional services rendered by Akin Gump required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and

determination by the Committee could be addressed with skill and dispatch and have, therefore,

required the expenditure of substantial time and effort.  It is respectfully submitted that the

services rendered to the Committee were performed efficiently, effectively and economically,

and the results obtained to date have benefited not only the members of the Committee, but also

the unsecured creditor body as a whole and the Debtors' estates.

44.    The allowance of interim compensation for services rendered and reimbursement

of expenses in bankruptcy cases is expressly provided for in section 331 of the Bankruptcy Code:

> . . . any professional person . . . may apply to the court not more than once every
> 120 days after an order for relief in a case under this title, or more often if the
> court permits, for such compensation for services rendered . . . as is provided
> under section 330 of this title.

11 U.S.C. § 331.  Moreover, this Court has authorized the filing of this Application pursuant to

the Administrative Fee Order.

45.    With respect to the level of compensation, 11 U.S.C. § 330(a)(1)(A) provides, in

pertinent part, that the Court may award to a professional person "<u>reasonable compensation for

actual, necessary services rendered . . . .</u>"  11 U.S.C. § 330(a)(1)(A).  Section 330(a)(3), in turn,

provides that:

> In determining the amount of reasonable compensation to be awarded . . . the
> court shall consider the nature, the extent, and the value of such services, taking
> into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or
> beneficial at the time at which the service was rendered toward the
> completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of
> time commensurate with the complexity, importance, and nature of the
> problem, issue, or task addressed;

16

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. §330(a)(3).  The clear Congressional intent and policy expressed in this statute is to provide for adequate compensation in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases.

46.    The total time spent by Akin Gump attorneys and paraprofessionals during the Compensation Period was 777.80 hours.  The work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.

47.    As shown by this application and supporting documents, Akin Gump spent its time economically and without unnecessary duplication of time.  Attached hereto as <u>Exhibit E</u> is a schedule of the hours expended by the attorneys and paraprofessionals during the Compensation Period, their normal hourly rates, and the value of their services.  In addition, Akin Gump incurred actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee in the sum of $16,131.39 for which Akin Gump respectfully requests reimbursement in full.

48.    The disbursements and expenses have been incurred in accordance with Akin Gump's normal practice of charging clients for expenses clearly related to and required by particular matters.  Akin Gump has endeavored to minimize these expenses to the fullest extent possible.

49.    Akin Gump's billing rates do not include charges for photocopying, telephone and facsimile charges, computerized research, travel expenses, "working meals," secretarial

overtime, postage and certain other office services, since the needs of each client for such services differ.  Akin Gump believes that it is fairest to charge each client only for the services actually used in performing services for it.  Akin Gump charges $.10 per page for internal duplicating and does not charge for facsimile transmissions.  Akin Gump has negotiated a discounted transactional rate for computer assisted legal research.

50.    No agreement or understanding exists between Akin Gump and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

51.    No prior application has been made in this or in any other Court for the relief requested herein for the Compensation Period.

*[The remainder of this page intentionally left blank]*

**WHEREFORE**, Akin Gump respectfully requests that this Court:

(a)    approve the allowance of $504,764.00 for compensation for professional services rendered to the Committee during the period from February 1, 2011 through and including February 28, 2011;

(b)    approve the reimbursement of Akin Gump's out-of-pocket expenses incurred in connection with the rendering of such services during the period from February 1, 2011 through and including February 28, 2011 in the amount of $16,131.39; and

(c)    authorize and direct the Debtors to immediately pay to Akin Gump the amount of $419,942.59, which is equal to the sum of 80% of Akin Gump's fees and 100% of Akin Gump's expenses incurred during the Compensation Period.

Dated:    New York, New York
          April 13, 2011

AKIN GUMP STRAUSS HAUER & FELD LLP

By:_____
       Fred S. Hodara (*pro hac vice*)
       A Member of the Firm
       One Bryant Park
       New York, New York 10036
       (212) 872-1000
       Co-Counsel to the Official Committee of
       Unsecured Creditors