IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
: Chapter 11
:
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
              Debtors. :
: **Hearing date: May 10, 2011 at 9:30 a.m. (ET)**
: **Objections due: May 3, 2011 at 4:00 p.m. (ET)**
:
:
------------------------------------------------------------X

**DEBTORS' MOTION FOR (I) RELIEF FROM STAY TO
EFFECTUATE A SETOFF AND (II) APPROVAL OF A STIPULATION
BETWEEN NORTEL NETWORKS INC. AND TW TELECOM INC.**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a) and 553 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing and approving the stipulation regarding the setoff of prepetition amounts owed by and between NNI and tw telecom inc. ("tw telecom," and together with NNI, the "Parties"), attached hereto as Exhibit B (the "Stipulation"); (ii) granting limited relief from the automatic stay to effectuate the setoff; and (iii) granting the Debtors such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

**Jurisdiction**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory bases for the relief requested herein are sections 105(a) and 553 of the Bankruptcy Code and Bankruptcy Rule 9019.

**Background**

**A.   Introduction**

3.  On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc.,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only. The Debtors continue to operate their remaining businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5.  On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their

---

[2] Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

2

Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators").  Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6.    On June 19, 2009, Nortel announced that it was advancing in discussions with external parties to sell its businesses and that it would assess other restructuring alternatives for its businesses in the event that it was unable to maximize value through sales.  Since then, Nortel has sold many of its business units and assets to various purchasers.  Efforts continue to be made with respect to the realization of value from Nortel's remaining assets.  For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

---

[3]    The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4]    The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

**Relief Requested**

7. By this Motion, the Debtors seek an order (i) authorizing and approving the Stipulation, (ii) granting limited relief from the automatic stay to effectuate the setoff, and (iii) granting any further relief as the Court deems just and proper.

**Facts Relevant to this Motion**

8. NNI, tw telecom and tw telecom's parent company, tw telecom holdings inc., are parties to certain supplier and customer contracts and agreements (collectively, the "Agreements") pursuant to which prepetition amounts are due to and from NNI and tw telecom.[5] tw telecom continues to be an important internet and circuit supplier to the Debtors.

9. On February 18, 2009, tw telecom filed a proof of claim against NNI in the amount of $110,490.98 (Claim Number 432) (the "Proof of Claim") for the prepetition amounts owed by NNI to tw telecom. NNI and tw telecom have since engaged in the review of their books and records, and have exchanged information in order to reconcile the various prepetition accounts receivable owed by and to NNI and tw telecom for the period prior to the Petition Date. Based on this review, NNI has concluded that grounds exist to permit a setoff of mutual prepetition obligations and that the standards for such setoff under section 553 of the Bankruptcy Code have been met.

10. The Parties have reconciled (i) the prepetition amounts owed by NNI to tw telecom under NNI's accounts with tw telecom listed on Exhibit 1 to the Stipulation, and (ii) the invoices including prepetition amounts owed by tw telecom to NNI listed on Exhibit 2 to the Stipulation, and have agreed that tw telecom may setoff $110,490.98 of $218,095.42 owed

---

[5] Notwithstanding the fact that tw telecom's holding company is a party to some contracts with NNI, the Parties believe that amounts owing are mutual between tw telecom and NNI and therefore appropriate for setoff pursuant to section 553 of the Bankruptcy Code. Nevertheless, out of an abundance of caution, the Debtors also request relief pursuant to Bankruptcy Rule 9019 for approval of the Stipulation as a compromise between the Parties.

prepetition to NNI by tw telecom under the Agreements, against $110,490.98 owed prepetition to tw telecom by NNI under the Agreements.  As part of the Stipulation, tw telecom will remit the remaining $107,604.44 owed prepetition to NNI within three (3) calendar days after the date that the order authorizing and approving the Stipulation by this Court becomes final and unappealable (the "Effective Date").  The Parties have agreed that, upon the Effective Date, the Proof of Claim will be resolved and deemed withdrawn with prejudice.

### Basis for Relief

11. Section 105(a) of the Bankruptcy Code, which codifies the inherent equitable powers of the bankruptcy court, empowers the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  This is consistent with the broad equitable authority of the bankruptcy courts.  See, e.g., United States v. Energy Res. Co., 495 U.S. 545, 549 (1990).

12. In order to establish a right to setoff under section 553 of the Bankruptcy Code, the party asserting the right must show:  (1) a debt exists from the creditor to the debtor and that the debt arose prior to the commencement of the bankruptcy case; (2) the creditor has a claim against the debtor which arose prior to the commencement of the bankruptcy case; and (3) the debt must be owed by and to the same parties.  Pardo v. Nylcare Health Plans (In re APF Co.), 274 B.R. 408, 421 (Bankr. D. Del. 2001).

13. Furthermore, Bankruptcy Rule 9019 provides, in pertinent part, that, "on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  Fed. R. Bankr. P. 9019.  Citing this authority, the Third Circuit has emphasized that "[c]ompromises are favored in bankruptcy."  In re Martin, 91 F.3d at 393 (quoting Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)).  Additionally, the Third Circuit has recognized that

"'[i]n administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts.'" In re Penn Cent. Transp. Co., 596 F.2d 1102, 1113 (3d Cir. 1979) (quoting Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968)). Courts in this District have recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. See In re Coram Healthcare Corp., 315 B.R. 321, 329 (Bankr. D. Del. 2004).

14.    Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interest of the estate." In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (quoting In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997)). The court need not be convinced that the settlement is the best possible compromise in order to approve it. In re Coram Healthcare Corp., 315 B.R. at 330. Rather, the court's obligation is to "canvass the issues and see whether the settlement falls below the lowest point in a range of reasonableness." Travelers Cas. & Sur. Co. v. Future Claimants Representative, No. 07-2785, 2008 WL 821088, at *5 (D.N.J. Mar. 25, 2008) (citing Matter of Jasmine, Ltd., 258 B.R. 119 (D.N.J. 2000).

15.    As set forth above, the Debtors have determined that tw telecom holds a prepetition claim against and owes a prepetition debt to NNI. Further, tw telecom has agreed with NNI as to the amount of the setoff to which it is entitled. Accordingly, the setoff satisfies the requirements of section 553 of the Bankruptcy Code. Notwithstanding that a right of setoff exists pursuant to section 553 of the Bankruptcy Code, the Court must grant relief from the automatic stay in order for the parties to exercise their right of setoff, as the setoff is stayed pursuant to section 362(a)(7) of the Bankruptcy Code. The Debtors submit that "cause" for

limited relief from the automatic stay exists in the present case to permit tw telecom and NNI to effectuate the setoff, as relief from the stay is in the best interests of the Debtors' estates. Authorizing relief from the automatic stay to permit the setoff will benefit these estates as it will allow the Debtors to reduce the amount of prepetition claims asserted against their estates at a minimum of expense and with as little delay as possible.

16. In addition, the Debtors respectfully submit that the Stipulation meets the requirements of Bankruptcy Rule 9019. The compromise embodied by the Stipulation rises well above the necessary threshold of reasonableness and serves the sound business purposes of resolving the claim of one of the Debtors' significant and continuing vendors, ensuring the ongoing services of the vendor and securing the payment of certain prepetition obligations owed by the vendor to the Debtors without further collection efforts.

17. Accordingly, the Debtors believe that limited relief requested in this Motion will aid in the Debtors' efforts to reduce expenses and maximize value for the benefit of their stakeholders and respectfully request that the Court approve the Stipulation.

## Notice

18. Notice of the Motion has been given via first class mail to the (i) U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; (iv) counsel to tw telecom, and (v) the general service list established in these chapter 11 cases. The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

19. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:  April 15, 2011
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Alissa T. Gazze*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Alissa T. Gazze (No. 5338)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*