**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X

                          :

                          :        Chapter 11

*In re*                          :

                          :        Case No. 09-10138 (KG)

Nortel Networks Inc., *et al.*,[1]   :

                          :        Jointly Administered

                Debtors.      :

                          :        **RE: D.I. _____**

                          :

-----------------------------------------------------------X

## ORDER FOR (I) RELIEF FROM STAY TO EFFECTUATE
## A SETOFF AND (II) APPROVAL OF A STIPULATION
## BETWEEN NORTEL NETWORKS INC. AND TW TELECOM INC.

Upon the motion dated April 15, 2011 (the "Motion"),[2] of Nortel Networks Inc. ("NNI")

and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (the

"Debtors"), for entry of an order, as more fully described in the Motion, (i) authorizing and

approving the stipulation regarding the setoff of prepetition amounts owed by and between NNI

and tw telecom inc., attached to the Motion as Exhibit B (the "Stipulation"), (ii) granting limited

relief from the automatic stay to effectuate the setoff, and (iii) granting any further relief as the

Court deems just and proper; and adequate notice of the Motion having been given as set forth in

the Motion; and it appearing that no other or further notice is necessary; and the Court having

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157

---

[1]       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]       Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The Stipulation is approved.

3.      The automatic stay is lifted to effectuate the setoff as set forth in the Stipulation, which setoff is hereby authorized and approved.

4.      Proof of claim number 432 filed by tw telecom inc. is deemed to be withdrawn with prejudice on the date that this Order becomes final and unappealable.

5.      tw telecom is directed to remit payment to NNI as set forth in the Stipulation.

6.      The Debtors, the Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to the Stipulation.

7.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

2

8.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2011
            Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3