**EXHIBIT B**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X
                                                       :

*In re*                                       :       Chapter 11

                                              :

Nortel Networks Inc., *et al.*,[1]       :       Case No. 09-10138 (KG)

                                              :

                        Debtors.     :       Jointly Administered

                                              :

                                              :
-----------------------------------------------------------X

## STIPULATION REGARDING THE
## SETOFF OF PREPETITION AMOUNTS OWED BY AND
## BETWEEN NORTEL NETWORKS INC. AND TW TELECOM INC.

This stipulation (the "Stipulation") is entered into by and between Nortel

Networks Inc. ("NNI") and tw telecom inc. ("tw telecom", and together with NNI, the "Parties,"

and individually as a "Party").  The Parties hereby stipulate and agree as follows:

WHEREAS, on or after January 14, 2009 (the "Petition Date"), the Debtors filed

voluntary petitions for relief under chapter 11 of title 11 of the United States Bankruptcy Code

(the "Bankruptcy Code");

WHEREAS, certain of the Debtors' affiliates also commenced creditor protection

proceedings on or after the Petition Date;

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

WHEREAS, NNI, tw telecom and tw telecom holdings inc. are parties to certain contracts and agreements (collectively, the "Agreements") pursuant to which prepetition amounts are owed to and from each Party;

WHEREAS, tw telecom filed a proof of claim against NNI in the amount of $110,490.98 (Claim Number 432) (the "Proof of Claim");

WHEREAS, representatives of each of the Parties have since engaged in the review of their books and records, and have exchanged information in order to reconcile the various prepetition accounts receivable owed by and to NNI and tw telecom for the period prior to the Petition Date (the "Claims") under the Agreements;

WHEREAS, based on these reviews and discussions, the Parties have reconciled certain accounts receivable existing as of the Petition Date, have reached a compromise under Rule 9019 of the Federal Rules of Bankruptcy Procedure, and wish to setoff the Claims as permitted by section 553 of the Bankruptcy Code;

NOW, THEREFORE, the Parties hereby stipulate and agree as follows:

1.     The Parties have reconciled (i) the prepetition amounts owed by NNI to tw telecom under NNI's accounts with tw telecom listed on Exhibit 1 hereto, and (ii) the invoices including prepetition amounts owed by tw telecom to NNI listed on Exhibit 2 hereto, and agree tw telecom may setoff $110,490.98 of $218,095.42 owed prepetition to NNI by tw telecom under the Agreements, against $110,490.98 owed prepetition to tw telecom by NNI under the Agreements.

2.     Upon the entry of an order (the "Order") authorizing and approving this Stipulation by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy

Court"), the automatic stay will be modified so that the Parties may effect a setoff of their mutual prepetition obligations as set forth in paragraph 1 above.

3.    tw telecom agrees to remit payment for the remaining $107,604.44 owed prepetition under the Agreements to NNI within three (3) calendar days after the date that the Order becomes final and unappealable (the "Effective Date").

4.    Upon the Effective Date, the Proof of Claim will be deemed withdrawn with prejudice.

5.    Except for the setoff of the Claims between NNI and tw telecom as expressly provided for herein, all rights, claims and defenses of NNI and the Debtors against tw telecom are reserved.  Nothing in this Stipulation shall otherwise limit or affect the Debtors' rights under their chapter 11 proceedings or is intended to modify, limit or waive the Debtors' defenses under the Agreements.

6.    Except for the setoff of the Claims between NNI and tw telecom as expressly provided for herein, all rights, claims and defenses of tw telecom against NNI and the Debtors are reserved.  Nothing in this Stipulation shall otherwise limit or affect tw telecom's rights in the Debtors' chapter 11 proceedings or is intended to modify, limit or waive tw telecom's defenses under the Agreements.

7.    The Parties reserve all rights, claims and defenses with respect to their respective postpetition rights and obligations under the Agreements.

8.    For the avoidance of doubt, tw telecom is not authorized to setoff the Claims against any amounts owing by or to any affiliate of NNI.

9.    This Stipulation may be executed in multiple counterparts, each of which shall constitute an original, and all of which together shall constitute one and the same agreement.  Facsimile or PDF signatures shall be considered original signatures for all purposes.

10.    This Stipulation shall inure to the benefit of, and be binding upon, the Parties and their respective successors, assigns, trustees and legal representatives.

11.    This Stipulation may not be amended or modified except by a writing signed by each of the Parties, or upon entry of an order of the Bankruptcy Court.

12.    The Parties shall each be responsible for their own fees and costs incurred relating to the claims resolved herein and the preparation of this Stipulation.

13.    The signatories to this Stipulation on behalf of NNI and tw telecom represent that they have been duly authorized to execute this Stipulation.

Nortel Networks Inc.                          tw telecom inc.

By: _____          By: _____
    Title: John J. Ray III                        Title:

4

9.    This Stipulation may be executed in multiple counterparts, each of which shall constitute an original, and all of which together shall constitute one and the same agreement.  Facsimile or PDF signatures shall be considered original signatures for all purposes.

10.    This Stipulation shall inure to the benefit of, and be binding upon, the Parties and their respective successors, assigns, trustees and legal representatives.

11.    This Stipulation may not be amended or modified except by a writing signed by each of the Parties, or upon entry of an order of the Bankruptcy Court.

12.    The Parties shall each be responsible for their own fees and costs incurred relating to the claims resolved herein and the preparation of this Stipulation.

13.    The signatories to this Stipulation on behalf of NNI and tw telecom represent that they have been duly authorized to execute this Stipulation.

Nortel Networks Inc.                          tw telecom inc.

By: _____      By: _Tina Davis_____
        Title: _____            Title: _____

                                                    Tina Davis, Esq.
                                                    SVP and Deputy General Counsel
                                                    April, 4, 2011

4

**EXHIBIT 1**

Accounts of NNI with tw telecom under which NNI owes prepetition amounts to tw telecom

ACCT 268404
ACCT 307862
ACCT 269135
ACCT 269661
ACCT 268114
ACCT 268294
ACCT 302118
ACCT 268457
ACCT 269069

**EXHIBIT 2**

Invoices including prepetition amounts tw telecom owes to NNI

2280806
2285295
2291141
2308042
2302956