# EXHIBIT C

**Mackey Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
: 
*In re*                                                                           :   Chapter 11
                                                                                        :
Nortel Networks Inc., *et al.*,[1]                                    :   Case No. 09-10138 (KG)
                                                                                        :
                    Debtors.                          :   Jointly Administered
                                                                                        :
                                                                                        :
---------------------------------------------------------------X

**DECLARATION OF ERIC MACKEY IN SUPPORT OF
DEBTORS' MOTION FOR AN ORDER (I) APPROVING NNI'S ENTRY
INTO PURCHASE AND SALE AGREEMENT; (II) AUTHORIZING THE
SALE OF NNI'S RICHARDSON CAMPUS FREE AND CLEAR OF ALL
ENCUMBRANCES; (III) APPROVING NNI'S ENTRY INTO THE NORTEL
LICENSE; (IV) APPROVING THE NOTICE PROCEDURES; AND
(V) AUTHORIZING THE FILING OF CERTAIN DOCUMENTS UNDER SEAL**

        I, Eric Mackey, declare under penalty of perjury as follows:

        1.     I am a Senior Vice President in the Investment Properties Division of CB Richard Ellis ("CBRE") located in Dallas, Texas.  I have held this position since July 2003.

        2.     I submit this declaration in support of the Debtors' motion (the "Sale Motion")[2] for an order (i) approving NNI's entry into that certain purchase and sale agreement dated as of April 15, 2011 between NNI (the "Seller") and Pillar Commercial, LLC (together with any designated purchasers, "Pillar" or the "Purchaser") (attached to the Sale Motion as Exhibit A, the "Purchase and Sale Agreement") for the sale of the premises at 2201 and 2221 Lakeside

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Sale Motion.

Boulevard, Richardson, Texas and certain related assets (the "Property"), (ii) authorizing the sale of the Property (the "Sale", together with the transactions contemplated by the Purchase and Sale Agreement, the "Transactions") free and clear of all encumbrances pursuant to section 363 of the Bankruptcy Code; (iii) approving NNI's entry into the license agreement between NNI and the Purchaser for the license by the Purchaser to NNI of certain areas of the Property (substantially in the form attached to the Sale Motion as Exhibit G, the "Nortel License"); (iv) approving the Notice Procedures; (v) authorizing the Debtors to file certain documents under seal; and (vi) granting them such other and further relief as the Court deems just and proper.

3. Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, information supplied to me by members of the Debtors' management and professionals, or learned from my review of relevant documents or are based upon my opinion, which is founded upon my experience and knowledge of the real estate market. If I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this declaration.

4. On March 9, 2011, this Court approved NNI's retention of CBRE to market the Property *nunc pro tunc* to January 6, 2011 [D.I. 5086]. As a member of the Listing Team (as defined in the Exclusive Sales and Lease Listing Agreement between CBRE and NNI), I participated or was informed of CBRE's efforts to market and sell the Property that resulted in the negotiation and execution of the Purchase and Sale Agreement between NNI and the Purchaser.

5. To market the Property, CBRE sent 2,052 investment summary brochures and offering announcements to prospective investors. As a result, sixty-nine prospective purchasers executed confidentiality agreements with respect to the Property and were sent the offering

memorandum containing additional information about the Property.  In January and February 2011, twenty potential purchasers took tours of the Property.  In late February 2011, CBRE received nine bids for the Property.  Following a second round of bidding, which concluded in March 2011, NNI, in consultation with CBRE, determined that the Purchaser's bid represented the highest or otherwise best offer available for the Property.  Since that time, CBRE and NNI have engaged in good faith negotiations with the Purchaser on the terms of the sale, which negotiations resulted in the Purchase and Sale Agreement and License.

6.	I believe that the consideration to be provided for the Property under the Purchase and Sale Agreement represents the highest or otherwise best offer available to NNI for the Property and that further marketing of the Property will not yield a better offer.

7.	As part of the Sale Motion, the Debtors seek authority to file under seal the list of 2,052 potentially interested entities who originally received investment summary brochures and offering announcements from CBRE and who will be served with a Sale Notice.  It is appropriate that this list is filed under seal because it contains confidential proprietary information developed by and for CBRE's business.

[*Remainder of Page Intentionally Left Blank*]

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: April 15, 2011
Dallas, Texas

_____
Eric Mackey