**EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------X
:
*In re*                                                                            :          Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                                  :          Case No. 09-10138 (KG)
:
                                        Debtors.                    :          Jointly Administered
:
---------------------------------------------------------X

**STIPULATION RESOLVING CLAIM BY AND BETWEEN
DEKA IMMOBILIEN INVESTMENT GMBH
<u>AND NORTEL NETWORKS INC.</u>**

This stipulation (the "<u>Stipulation</u>") is entered into by and between Nortel Networks Inc. (the "<u>Nortel Debtor</u>") and Deka Immobilien Investment GmbH ("<u>Claimant</u>" and, together with the Nortel Debtor, the "<u>Parties</u>").  The Parties hereby stipulate and agree as follows:

WHEREAS, on January 14, 2009 and July 14, 2009 (the "<u>Petition Dates</u>"), the Nortel Debtor and its affiliated debtors and debtors in possession (the "<u>Debtors</u>") filed voluntary petitions for relief under chapter 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") (Case No. 09-10138 (KG) (Jointly Administered)); and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

NEWYORK:2298145.8

WHEREAS, the Bankruptcy Court established the general bar dates of September 30, 2009 (other than for claims against Nortel Networks (CALA) Inc.) and January 25, 2010 (for claims against Nortel Networks (CALA) Inc.) for filing proofs of claim in these cases; and

WHEREAS, Claimant and the Nortel Debtor were parties to that certain Office Lease Agreement dated October 4, 2000 (as the same may have been amended, modified or supplemented from time to time in accordance with its terms, the "Lease") for nonresidential real property located at 2325 Dulles Corner Boulevard, Herndon, Virginia; and

WHEREAS, on June 12, 2009, the Nortel Debtor filed its Eighth Notice of Rejection of Executory Contract(s) and/or Nonresidential Real Property Lease(s) by Debtors and Debtors in Possession [D.I. 901]; and

WHEREAS, on June 19, 2009, Claimant filed its Limited Objection and Reservation of Rights of Deka Immobilien GmbH to Eighth Notice of Rejection of Executory Contract(s) and/or Nonresidential Real Property Lease(s) by Debtors and Debtors in Possession [D.I. 930]; and

WHEREAS, on June 26, 2009, pursuant to the Order Under Sections 365(a) and 554(a) of the Bankruptcy Code (1) Authorizing the Debtors to (A) Reject as of June 30, 2009, a Certain Lease Agreement with Deka Immobilien Investment GmbH and (B) Abandon Certain Personal Property Located at the Leased Premises and (2) Reserving Certain Rights and Claims of the Landlord [D.I. 987], the Nortel Debtor rejected the Lease effective as of June 30, 2009; and

WHEREAS, on or about September 29, 2009, Claimant filed proof of claim number 4819 in the amount of (i) $2,442,150.80 as a general unsecured claim and (ii) $686.89 as an administrative claim (the "Claim"); and

WHEREAS, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost and risk inherent in litigating the Claim, the Parties have agreed to this Stipulation to resolve their disputes; and

WHEREAS, the Parties have agreed that the Claim should be allowed as (i) a general unsecured claim in the amount of $2,400,076.00 and (ii) an administrative claim in the amount of $817.48.

NOW, THEREFORE, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties agree and stipulate as follows:

1. <u>Resolution of Claim</u>.  Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation:

(a) The Claim shall be (i) an allowed general unsecured claim by Claimant against the Nortel Debtor in the amount of $2,400,076.00 and (ii) an allowed administrative claim by Claimant against the Nortel Debtor in the amount of $817.48.

(b) The allowance of the Claim described in paragraph 1(a) shall be granted in full satisfaction of any and all claims that have been or could have been asserted in the Claim and shall amend and supersede any and all claim amounts the Debtors list on their schedules filed with the Bankruptcy Court. Claimant shall not have any further claims against the Debtors, other than the Claim as allowed in subparagraph (a) above, based on the Debtors' schedules or otherwise.

(c) The Claim shall be deemed an "allowed" claim in the Nortel Debtor case, case number 09-10138 (KG) for all purposes, including with respect to any plan of reorganization or liquidation confirmed by the Debtors or as required under any Chapter 7 liquidation (as

applicable), and shall not be subject to enhancement or amendment, or further objection, offset, reduction, discount, impairment or subordination.

2. <u>Release</u>.  Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, the Parties release and forever discharge each other and their respective current and former affiliates, subsidiaries, shareholders, directors, officers, employees, agents, attorneys, and their personal representatives, successors and assigns, from any and all liability from any claims, defenses, demands, liabilities and obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attorneys' fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated which each Party now has or hereafter may have solely arising from or related to the Claim and the Lease (including, but not limited to, causes of action under Bankruptcy Code sections 502, 542, 543, 544, 546, 547, 548, 549, 550, 553 and 558).

3. <u>No Further Claims</u>.  Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, Claimant shall be forever barred from (i) amending the Claim or (ii) filing or otherwise asserting any further claim against any of the Debtors in the Debtors' Chapter 11 cases with respect to the claims included in the Claim and subject to the releases provided in this Stipulation.

4. <u>Binding Effect</u>.  This Stipulation and the Order approving this Stipulation shall be binding upon any successors, transferees or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' Chapter 11 cases.

5. <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications,

understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement between the Parties.

6. <u>No Transfer</u>.  Claimant represents that it has not sold, assigned or otherwise transferred the Claim or any of the claims being released pursuant to this Stipulation to a third party, and any transfer that may occur after entry of the Order approving this Stipulation shall in no way void or effect this Stipulation.

7. <u>No Admissions</u>.  Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of any legal issue raised in or relating to the Claim.

8. <u>Admissibility as Evidence</u>.  Neither this Stipulation, nor any statement made or action taken in connection with the negotiation of this Stipulation, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary (a) to obtain approval of or to enforce this Stipulation or (b) to seek damages or injunctive relief in connection with such approval or enforcement.

9. <u>Costs and Expenses</u>.  Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

10. <u>Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

11. <u>Manner of Execution</u>.  This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

12. <u>Court Approval</u>.  All provisions of this Stipulation are subject to the approval of the Bankruptcy Court.  In the event this Stipulation is not approved, the Parties reserve all of their rights and defenses with respect to the Claim and this proposed settlement shall not constitute an admission by the Debtors or their affiliates regarding the validity of the Claim or that they have any liability thereunder.

13. <u>Claims Register</u>.  The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: February 17, 2011

| Nortel Networks Inc. | Deka Immobilien Investment GmbH |
|---|---|
| By: *[signed] Don McKenna* <br> Name: Don McKenna <br> Title: V.P. – Supply Chain Services | By: _____ <br> Name: <br> Title: |

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: February 17, 2011

| Nortel Networks Inc. | Deka Immobilien Investment GmbH |
|---|---|
| By:_____ | By: _/s/ B. Steinmetz_ |
| Name: Don McKenna | Name: Brigitte Steinmetz |
| Title: V.P. – Supply Chain Services | Title: Head of REM-International |
| | |
| | By: _/s/ U. Wilson_ |
| | U. Wilson |
| | Asset Manager |

7