**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

----------------------------------------------------------X
                                                          :
*In re*                                                   :     Chapter 11
                                                          :
Nortel Networks Inc., *et al.*,[1]                        :     Case No. 09-10138 (KG)
                                                          :
                                    Debtors.              :     Jointly Administered
                                                          :
                                                          :     **Hearing date: May 10, 2011 at 9:30 am (ET)**
                                                          :     **Objections due: May 3, 2011 at 4:00 pm (ET)**
                                                          :
----------------------------------------------------------X

**DEBTORS' APPLICATION FOR ENTRY OF**
**AN ORDER APPROVING AN AMENDMENT TO THE**
**TERMS OF ENGAGEMENT OF RLKS EXECUTIVE SOLUTIONS LLC**
**AS CONSULTANTS TO THE DEBTORS *NUNC PRO TUNC* TO APRIL 19, 2011**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), hereby move this Court (the "Application") for entry of an order substantially in the form attached hereto as Exhibit A, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing an amendment to the terms under which  RLKS Executive Solutions LLC ("RLKS") is engaged as consultant to the Debtors pursuant to an amended engagement letter and the related terms and conditions (the "Amended

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

Engagement Contract"), *nunc pro tunc* to the date of execution by RLKS and NNI, April 19, 2011 (the "Effective Date"); and granting the Debtors such other and further relief as the Court deems just and proper.   In support of the Application, the Debtors rely on the Affidavit of Richard A. Lydecker, Jr. (the "Lydecker Affidavit"), attached hereto as Exhibit B, and respectfully represent as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 327(a) and 328(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1.

## Background

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc.,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only.  The Debtors continue to operate their remaining businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in

---

[2]      Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized

(the "Bondholder Group").

5.      On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks

Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and

together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their

Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding with the

Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors

Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the

"Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by

the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed

nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration

(the "English Proceedings") under the control of individuals from Ernst & Young LLP

(collectively, the "Joint Administrators").  Other Nortel affiliates have commenced and in the

future may commence additional creditor protection, insolvency and dissolution proceedings

around the world.

6.      For further information regarding these chapter 11 cases, reference may be made

to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

---

[3]      The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4]      The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

**Facts Relevant to this Application**

7.      On July 27, 2010, the Debtors filed an application for an order authorizing the employment and retention of RLKS as consultant to the Debtors to assist with the wind down and liquidation of the Debtors' businesses and estates, including, without limitation, document and data preservation, organization and management, *nunc pro tunc* to July 9, 2010, the effective date of the original RLKS engagement as set forth in that certain letter agreement (the "Engagement Contract") [D.I. 3741] (the "Original Application").

8.      On August 18, 2010, the Court entered the Order  under sections 327(a) and 328(b) of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016 authorizing the retention and employment of RLKS as consultants to the Debtors [D.I. 3800] (the "Original Retention Order")  and approving the terms and conditions of the RLKS Engagement Contract.

9.      RLKS has provided valuable services as a consultant to the Debtors in a number of areas including human resources services and data preservation issues.  Under the terms of the original Engagement Contract, the professional services to the Debtors provided by RLKS Associates are to be provided by Richard Lydecker and Kathryn Schultea.  Since that time, given the additional assistance needed with the winding down of the Debtors' estates, specifically in the areas of tax, human resources, information technology and claims, the Debtors  have determined it would be beneficial to have RLKS provide additional assistance, which would require RLKS to use additional associates to provide such services, where John Ray, the Principal Officer of the Debtors, will continue to consult periodically with the Committee with respect to the scope of such matters.

10.      Accordingly, the Debtors and RLKS have agreed to enter into the Amended Engagement Contract, subject to the Court's approval, to permit RLKS to use additional

associates to provide services, which also would be billed at the rate of $450 per hour.  A blackline of the Amended Engagement Contract, attached hereto as <u>Exhibit C</u>, shows the proposed changes to the Engagement Contract to effectuate this agreement.

**Relief Requested**

11.    By this Application, the Debtors seek entry of an order, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1, authorizing an amendment to the terms under which RLKS is engaged as consultant to the Debtors pursuant to the Amended Engagement Contract, attached to the proposed order as <u>Exhibit 1</u>, *nunc pro tunc* to the Effective Date, and granting the Debtors such other and further relief as the Court deems just and proper.

**Basis for Relief**

12.    Under section 327(a) of the Bankruptcy Code, a debtor-in-possession may employ one or more professionals that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to assist the debtor-in-possession in carrying out its duties under the Bankruptcy Code.  11 U.S.C. § 327(a).

13.    Section 328(a) of the Bankruptcy Code provides, in pertinent part, that under section 327 of the Bankruptcy Code a professional may be employed "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).

14.    Bankruptcy Rule 2014 requires that an application for retention of a professional person include:

> [S]pecific facts showing the necessity for the employment, the
> name of the person to be employed, the reasons for the selection,
> the professional services to be rendered, any proposed arrangement
> for compensation, and, to the best of the applicant's knowledge, all

5

of the person's connections with the debtor, creditors, any other
party in interest, their respective attorneys and accountants, the
United States trustee, or any person employed in the office of the
United States trustee.

Fed. R. Bankr. P. 2014(a).  Local Bankruptcy Rule 2014-1 further requires that "[a]ny entity

seeking approval of employment of a professional person under 11 U.S.C. § 327 . . .  shall file

with the Court a motion, a supporting affidavit or verified statement of the professional person

and a proposed order for approval."  Del. Bankr. L.R. 2014-1(a).

15.    By this application, the Debtors respectfully request that the Court approve the

terms of the Amended Engagement Contract, which permits RLKS to provide services through

the use of additional associates at the rate of $450 an hour.  The Amended Engagement Contract

is in furtherance of the Debtors wind down efforts and is beneficial to the Debtors' estates.

16.    The Debtors also request approval of the amendments to the Engagement

Contract *nunc pro tunc* to April 19, 2011, the effective date of the Amended Engagement

Contract.  The Third Circuit has identified "time pressure to begin service" and absence of

prejudice as factors favoring *nunc pro tunc* retention.  See In re Ark. Co., 798 F.2d 645, 650 (3d

Cir. 1986); see also Indian River Homes v. Sussex Trust Co. (In re Indian River Homes, Inc.),

108 B.R. 46, 52 (D. Del. 1989), appeal dismissed, 909 F.2d 1476 (3d Cir. 1990).  The continued

complexity and activity that have characterized these cases have necessitated that the Debtors

and their professionals focus their immediate attention on certain matters, and promptly devote

resources to the affairs of the Debtors pending submission and approval of this Application.

**Professional Compensation**

17.    RLKS will continue to apply for compensation for professional services rendered

and reimbursement of reasonable expenses incurred in connection with these chapter 11 cases,

subject to the Court's approval, and in compliance with applicable provisions of the Bankruptcy

Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court and consistent with the proposed compensation set forth in the Amended Engagement Contract.

18.    RLKS will continue to charge the Debtors $450 per hour for services rendered by Richard A. Lydecker, Jr., Kathryn Schultea, as well as other professionals who provide services under the Amended Engagement Contract.  Such fees are payable monthly, in accordance with the interim compensation procedures established in these chapter 11 cases.  In addition to any fees payable to RLKS, the Debtors shall reimburse RLKS for reasonable expenses incurred on behalf of the Debtors, including, without limitation, airfare, meals, hotel accommodations, telephone, research, duplicating, and printing expenses.

19.    The fees sought are reasonable and comparable to that generally charged by RLKS for similar engagements, both in and out of court.  The Debtors believe the fees are in fact market based and designed to compensate RLKS fairly for the work and to cover fixed and routine expenses.

20.    RLKS will continue to maintain records in support of any actual, necessary costs and expenses incurred in connection with the rendering of its services in these chapter 11 cases, and will continue to present such records to the Court pursuant to the terms of the Original Retention Order.

**RLKS's Disinterestedness**

21.    To the  best of the Debtors' knowledge, information, and belief, and based upon reliance on RLKS's review of its electronic database and the affidavit of Richard A. Lydecker, Jr. Lydecker dated July 27, 2010, (i) RLKS is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy

7

Code and referenced by section 328(c) of the Bankruptcy Code, and (ii) RLKS holds no interest

materially adverse to the Debtors, their creditors and shareholders for the matters to which RLKS

is to be employed.  As disclosed in the Lydecker Affidavit, Lydecker and John Ray, who has

been retained in these chapter 11 cases as the Debtors' Principal Officer, have previously worked

together on matters unrelated to these chapter 11 cases.

## Waiver of Bankruptcy Rule 6004(h)

22.    To implement the Application successfully, the Debtors seek a waiver of the

fourteen-day stay of an order authorizing the use, sale, or lease of property under Rule 6004(h) of

the Bankruptcy Rules.

## Notice

23.    Notice of the Application has been given via first class mail to (i) the U.S.

Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; and (iv) the

general service list established in these chapter 11 cases.  The Debtors submit that under the

circumstances no other or further notice is necessary.

## No Prior Request

24.    Aside from the Original Application dated July 27, 2010 seeking the employment

and retention of RLKS, which was approved by order of the Court dated August 18, 2010, no

prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court (i) grant this

Application and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii)

grant such other and further relief as it deems just and proper.


Dated:  April 19, 2011
        Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley *(admitted pro hac vice)*
Lisa M. Schweitzer *(admitted pro hac vice)*
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Alissa T. Gazze*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Alissa T. Gazze (No. 5338)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors-in-Possession*

9