**EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------X
:
*In re*                                                        :   Chapter 11
                                                               :
Nortel Networks Inc., *et al.*,[1]                             :   Case No. 09-10138 (KG)
                                                               :
               Debtors.                                        :   Jointly Administered
                                                               :
                                                               :   **Re: D.I. _____**
                                                               :
---------------------------------------------------------------X

**ORDER APPROVING AN AMENDMENT TO THE TERMS
OF COMPENSATION OF RLKS EXECUTIVE SOLUTIONS LLC
AS CONSULTANTS TO THE DEBTORS *NUNC PRO TUNC* TO APRIL 19, 2011**

Upon the Application (the "Application")[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Application, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Rules 2014 and 2016 of the Bankruptcy Rules, and Rule 2014-1 of the Local Rules, authorizing an amendment to the terms under which RLKS Executive Solutions LLC ("RLKS") is compensated as consultant to the Debtors pursuant to an amended engagement letter and the related terms and conditions (the "Amended Engagement Contract"), *nunc pro tunc* to April 19, 2011 (the "Effective Date"); and upon the Affidavit of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Application.

Richard A. Lydecker, Jr. (the "<u>Lydecker Affidavit</u>"); and adequate notice of the Application having been given as set forth in the Application; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief requested in the Application, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, the Amended Engagement Contract, attached hereto as Exhibit 1, is approved, *nunc pro tunc* to the Effective Date, under the terms and conditions set forth therein.

3. Notwithstanding any provisions to the contrary in the Bankruptcy Code, Bankruptcy Rules, Local Rules, orders of this Court, or any guidelines regarding submission and approval of fee applications, RLKS and its professionals shall be excused from maintaining time records in tenths of an hour as set forth in Local Rule 2016-2(d)(iv) in connection with the services to be rendered pursuant to the Agreement; provided, however, that RLKS shall submit to the court reasonably detailed descriptions of services rendered for the Debtors, the approximate time expended in providing those services, and the individuals who provided those services on behalf of the Debtors.

4. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

5. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: _____, 2011
Wilmington, DE

                                                         _____
                                                         THE HONORABLE KEVIN GROSS
                                                         UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

**Amended Engagement Contract**

April 19, 2011

John J. Ray, III
Principal Officer
Nortel Networks Inc.
c/o Avidity Partners LLC
18 West 140 Butterfield Road
15th Floor
Oakbrook Terrace, IL 60181

Dear Mr. Ray:

      This amended letter of engagement confirms the understanding and agreement (the "Amended Engagement") between RLKS Executive Solutions LLC ("RLKS") and Nortel Networks Inc. ("NNI") regarding the scope of consulting services to be provided by RLKS to NNI and its U.S. debtor affiliates (together with NNI, the "U.S. Debtors"), in connection with the proceedings (the "Bankruptcy Cases") before the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and the winding down of the businesses of the U.S. Debtors. In their role as consultants, RLKS will provide certain Services (as defined herein) to the U.S. Debtors as set forth below. The Amended Engagement and the related Terms and Conditions together constitute the engagement contract (the "Amended Engagement Contract") pursuant to which the Services will be provided. This Amended Engagement Contract will be effective as of the date of execution hereof ("the Effective Date") and the subsequent retention of RLKS is subject to the approval of the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") having jurisdiction over the Debtors' chapter 11 cases.

## Scope of Services

      RLKS will assist management of the Nortel U.S. Chapter 11 debtors with the wind down and liquidation of the Debtors' businesses and estates, including without limitation, the preservation, organization and management of records, including hard copy and electronic data in connection with the reorganization of the U.S. Debtors and such other related functions as assigned by the Principal Officer (all of the foregoing collectively, the "Services") in consultation with the Official Committee of Unsecured Creditors. For purposes of this engagement, and as regards the scope of its retention, RLKS will take direction from and report its views and conclusions only to the Principal Officer and others designated by the Principal Officer.

      RLKS is prepared to act as consultant for the U.S. Debtors in connection with the proceedings before the Bankruptcy Court and the winding down of the businesses

during this assignment on an exclusive basis. Therefore, during the term of this Agreement, RLKS will not propose or undertake for any third party any project, which is associated with the chapter 11 cases of the Debtors. This exclusivity shall remain in effect until canceled with written notice by NNI or until the termination of this Amended Engagement Contract. During the exclusivity period, RLKS shall be entitled to the remuneration set forth herein.

## Fees

In consideration for all Services performed by RLKS, RLKS will charge NNI $450 per hour for fees (the "Fees") billed by Richard A. Lydecker, Jr., Kathryn Schultea and other professionals (the "Associates"). Such Fees shall be payable monthly, subject to Bankruptcy Court approval of fee applications filed by RLKS in accordance with the interim compensation procedures order approved by the Bankruptcy Court in the U.S. Debtors' chapter 11 cases (the "ICP Order"). Annual increases in the hourly rate shall not exceed 5%.

In addition to the Fees, RLKS shall bill NNI for reasonable expenses incurred by RLKS on behalf of the U.S. Debtors during this Amended Engagement Contract, including, but not limited to airfare, meals, hotel accommodations, telephone, research, duplicating and printing for the Associates.

RLKS will submit to the Bankruptcy Court monthly fee applications for interim and final allowance of compensation, including reimbursement of expenses, pursuant to sections 330 and 331 of the United States Bankruptcy Code ("Bankruptcy Code"). Notwithstanding anything to the contrary in this Amended Engagement Contract, all payments to RLKS, whether for the Fees or reimbursement of expenses shall be paid by NNI, which shall be exclusively responsible for all financial obligations related to this Amended Engagement Contract, subject to the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice and Procedure of the Bankruptcy Court (the "Local Rules") or applicable orders of the Bankruptcy Court.

The Debtors shall promptly apply to the Bankruptcy Court for an order approving the terms of this Amended Engagement Contract under section 327 of the Bankruptcy Code, *nunc pro tunc* to the Effective Date. RLKS acknowledges that in the event that the Bankruptcy Court approves this Agreement, RLKS's fees and expenses shall continue to be subject to the jurisdiction and approval of the Bankruptcy Court and any applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules or applicable orders of the Bankruptcy Court.

## **Terms and Conditions**

The attached Terms and Conditions, which are incorporated by reference herein, set forth the duties of each party with respect to the Services. Further, this Amended Engagement letter and the Terms and Conditions attached comprise the entire Amended Engagement Contract for the provision of the Services to the exclusion of any other express or implied terms, whether expressed orally or in writing, including any conditions, warranties and representations, and shall supersede all previous proposals, letters of engagement, undertakings, agreements, understandings, correspondence and other communications, whether written or oral, regarding the Services.

The parties intend that RLKS shall render the Services hereunder as an independent contractor, and nothing in this Amended Engagement Contract shall be construed to be inconsistent with this relationship or status. No member, manager, employee or representative of RLKS shall be entitled to any benefits paid by the U.S. Debtors to their employees. RLKS shall be solely responsible for any tax consequences applicable to RLKS's by reason of this Amended Engagement Contract and the relationship established hereunder, and the U.S. Debtors shall not be responsible for the payment of any federal, state or local taxes or contributions imposed under any employment insurance, social security, income tax or other tax law or regulation with respect to RLKS's performance of services hereunder. The parties agree that, subject to the terms and provisions of this Amended Engagement Contract, RLKS and its employees and agents may perform any duties hereunder and set their own work schedule without day-to-day supervision by the US Debtors, but subject always to direction of the Principal Officer of NNI.

RLKS has performed an internal search for potential conflicts which has not revealed any such conflicts with its retention hereunder. Should any potential conflict pertaining to RLKS come to the attention of any party hereto, such party shall advise the other party as promptly as possible.

[balance of page intentionally blank]

RLKS Engagement Letter, p.4

### Acknowledgement and Acceptance

If the foregoing correctly sets forth the understanding between us, please acknowledge acceptance of the terms of this Amended Engagement Contract by signing both the confirmation below and the attached Terms and Conditions and returning a copy of each to us at the address below, whereupon this Amended Engagement Contract shall constitute a binding agreement between us.

Very truly yours,

RLKS Executive Solutions LLC
101 Westcott #706
Houston, TX 77007-7031

By: *(signature)*
    Richard A. Lydecker, Jr
    Chief Executive Officer

Date: April 19, 2011


_____
Kathryn Schultea
Chief Operating Officer

Date: April __, 2011

**Confirmation of Terms of Engagement**

**Subject to the approval of the Bankruptcy Court, Nortel Networks Inc., agrees to engage RLKS upon the terms set forth herein and in the attached Terms and Conditions, as of the date first written above.**

**Nortel Networks Inc.**

By:_____            Date: April ___, 2011
    **John J. Ray, III**
    **Principal Officer**

RLKS Engagement Letter, p.4

## Acknowledgement and Acceptance

If the foregoing correctly sets forth the understanding between us, please acknowledge acceptance of the terms of this Amended Engagement Contract by signing both the confirmation below and the attached Terms and Conditions and returning a copy of each to us at the address below, whereupon this Amended Engagement Contract shall constitute a binding agreement between us.

Very truly yours,

RLKS Executive Solutions LLC
101 Westcott #706
Houston, TX 77007-7031

By:_____
   Richard A. Lydecker, Jr
   Chief Executive Officer

Date: April ___, 2011

_/s/ Kathryn Schulte_
Kathryn Schulte
Chief Operating Officer

Date: April 19, 2011

**Confirmation of Terms of Engagement**

**Subject to the approval of the Bankruptcy Court, Nortel Networks Inc., agrees to engage RLKS upon the terms set forth herein and in the attached Terms and Conditions, as of the date first written above.**

**Nortel Networks Inc.**

By:_____                       Date: April ___, 2011
   John J. Ray, III
   Principal Officer

RLKS Engagement Letter, p.4

## Acknowledgement and Acceptance

If the foregoing correctly sets forth the understanding between us, please acknowledge acceptance of the terms of this Amended Engagement Contract by signing both the confirmation below and the attached Terms and Conditions and returning a copy of each to us at the address below, whereupon this Amended Engagement Contract shall constitute a binding agreement between us.

Very truly yours,

RLKS Executive Solutions LLC
101 Westcott #706
Houston, TX 77007-7031

By:_____
    Richard A. Lydecker, Jr
    Chief Executive Officer

Date: April ___, 2011


_____
Kathryn Schultea
Chief Operating Officer

Date:  April __, 2011

Confirmation of Terms of Engagement

Subject to the approval of the Bankruptcy Court, Nortel Networks Inc., agrees to engage RLKS upon the terms set forth herein and in the attached Terms and Conditions, as of the date first written above.

Nortel Networks Inc.

By:_____            Date: April ___, 2011
    John J. Ray, III
    Principal Officer

# TERMS AND CONDITIONS
## as of April 19, 2011

The following are the Terms and Conditions on which RLKS Executive Solutions LLC ("RLKS") will provide the Services to the U.S. Debtors set forth within the attached letter of engagement. The Engagement letter and the Terms and Conditions (collectively the "Amended Engagement Contract") form the entire agreement between RLKS and NNI relating to the Services and replace and supersede any previous proposals, letters of engagement, undertakings, agreements, understandings, correspondence and other communications, whether written or oral, regarding the Services. The headings and titles in the Amended Engagement Contract are included to make it easier to read but do not form part of the Amended Engagement Contract.

**1.** **Definitions.**  For purposes of the Amended Engagement Contract, the following terms have the following definitions:

    **a)** **Associate.**  The term "Associate" shall mean Richard Lydecker, Kathryn Schultea and/or other professionals (as appropriate), each of whom may, from time to time, be assigned to provide Client Services, under this Amended Engagement Contract.

    **b)** **Client Services.** The term "Client Services" shall mean the specific tasks assigned by NNI to one or more Associates within the scope of Services described in the Amended Engagement Contract.  Associates shall be engaged to perform Client Services on an assignment-by-assignment basis.  The particular Client Services to be performed on each assignment will be specified by NNI and communicated to Associates by NNI.  NNI is free to select Associates, or not, for any assignment; and Associates are free to accept any assignment, or not.

    **c)** **Parties**.  The term "Parties" shall mean both parties to the Amended Engagement Contract, NNI and RLKS, Richard A. Lydecker, Jr. and Kathryn Schultea collectively.

**2.** **Indemnification**

RLKS agrees to defend, indemnify and hold harmless NNI, NNI's officers, directors, employees and agents from and against any claims, liabilities or expenses for payroll tax matters arising out of Client Services performed under this Amended Engagement Contract; provided that NNI shall promptly notify RLKS of any such claim when and as it comes to NNI's attention, cooperate with RLKS in the defense and resolution of such claim and not settle or otherwise dispose of such claim without RLKS's prior written consent, which consent not to be unreasonably withheld.   NNI agrees to indemnify and hold RLKS and its members, managers, directors, officers and

employees (collectively, the "RLKS Indemnified Parties") harmless against any claims, liabilities or expenses made against them in connection with performance of the Services hereunder, except for any such claims, Liabilities or expenses caused by the gross negligence or willful or intentional conduct of the RLKS Indemnified Parties; provided that RLKS shall promptly notify NNI of any such claim when and as it comes to RLKS's attention, cooperate with NNI in the defense and resolution of such claim and not settle or otherwise dispose of such claim without NNI's prior written consent, which consent not to be unreasonably withheld.

### 3.   Modification

In the event of a conflict between the provisions of this Amended Engagement Contract and the specific provisions set forth in any executed Addendum associated with this Amended Engagement Contract, the provisions of the applicable Addendum shall control.  Any Addendum must be in writing and signed by authorized representatives of both NNI and RLKS.

### 4.   Performance

The Parties agree that timely performance of the Client Services by RLKS is essential to this Amended Engagement Contract.  RLKS's time of performance shall be enlarged, if and to the extent reasonably necessary, in the event that:  (a) NNI fails to submit data in the prescribed form or as required by this Amended Engagement Contract and any exhibits hereto, or as required by any Addendum which may become associated or part of this Amended Engagement Contract or (b) special written requests by NNI or any governmental agency or other regulatory authority authorized to regulate or supervise NNI which materially impact RLKS's performance of the Client Services.

NNI shall have access to and the right to examine any pertinent books, documents, papers, and records including payroll records of current or formerly assigned Associates, confidentiality agreements, completed I-9 forms, completed Form W-4, and any other records of RLKS involving transactions related to this Amended Engagement Contract until the expiration of three (3) years after final payment hereunder, or for so long as required by law, whichever is longer, at all reasonable times, upon reasonable prior request.

NNI shall select and monitor all Associates in the performance of Client Services under this Amended Engagement Contract.

### 5.   Term and Termination

The term of this Amended Engagement Contract shall commence on the Effective Date and continue through the effective date of any Plan of Reorganization of the

Bankruptcy Cases unless otherwise terminated in accordance with this Amended Engagement Contract.

Except as otherwise expressly provided herein, this Amended Engagement Contract will automatically expire under the happening of any of the following events, whichever shall first occur:

> **a)** Immediately upon written notice of cancellation from either Party to the other.
> **b)** Mutual written consent of both Parties to cancel this Amended Engagement Contract.
> **c)** Either Party may terminate this Amended Engagement Contract immediately upon written notice if the other Party becomes legally disqualified to perform, unless such disqualification can be remedied without a disruption in the performance of this Amended Engagement Contract.
> **d)** Upon termination, RLKS and the Associates will stop work on Client Services in an orderly manner as soon as practical as agreed by NNI. Subject to Bankruptcy Court approval, NNI shall pay RLKS for all fees incurred for Client Services delivered through the date of termination.

**6.**     **Confidential Information**

The Parties agree that any confidential information received from the other party shall only be used for the purposes of providing or receiving Services under this or any other contract between us. Except as provided below, neither party will disclose the other party's confidential information to any third party without the other party's written consent. Confidential information shall not include information that is or becomes generally available to the public other; or is acquired from a third party who, to the recipient party's knowledge (after reasonable inquiry), owes no obligation of confidence in respect of the information; or is or has been independently developed by the recipient.

Notwithstanding the above, either party will be entitled to disclose confidential information of the other to a third party to the extent that such third party is subject to a confidentiality agreement (or such other acceptable arrangement) with NNI to protect confidential information, or such disclosure is required by valid legal process, provided that (and without breaching any legal or regulatory requirement) where reasonably practicable not less than 2 business days' notice in writing is first given to the other party.

RLKS shall have all Associates execute agreements between the Associates and NNI, prepared by NNI, pursuant to which the Associates will agree not to disclose NNI's confidential information, and/or pursuant to which the Associates shall assign certain intellectual property ownership rights to NNI.

**7.     Payment and Billing**

Invoices shall be rendered no less frequently than monthly by RLKS and payable by NNI for Client Services based on the terms hereof, subject to the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice and Procedure of the Bankruptcy Court (the "Local Rules") or applicable orders of the Bankruptcy Court.

**8.     Personnel**

   a)     **Independent Contractor.**  It is understood that in connection herewith, RLKS shall be acting as an independent contractor.  Neither Party shall commit, nor be authorized to commit or bind, the other Party in any manner.
   b)     **Compensation of Personnel.**  RLKS shall bear sole responsibility for payment of compensation and expenses to Associates.

**9.     Limitation of Liability**

**IN NO EVENT SHALL ANY PARTY BE LIABLE TO THE OTHER PARTY FOR ANY SPECIAL, CONSEQUENTIAL, INDIRECT, INCIDENTAL OR PUNITIVE DAMAGES, OR LOST PROFITS OR REVENUE OR COST OF CAPITAL.**

**10.     Force Majeure**

Neither Party shall be liable for any failure or inability to perform their respective obligations hereunder due to any cause beyond the reasonable control of the non-performing Party, including without limitation, acts of God, regulations of laws of any government, acts of war or terrorism, acts of civil or military authority, fires, floods, accidents, epidemics, quarantine restrictions, unusually severe weather, explosions, earthquakes, strikes, labor disputes, loss or interruption of electrical power or other public utility, or delays in transportation, or any similar or dissimilar cause beyond its reasonable control.

**11.     Further Assurances**

Except as expressly provided otherwise in this Amended Engagement Contract, if either Party requires the consent or approval of the other Party to take any action under this Amended Engagement Contract, such consent or approval shall not be unreasonably withheld or delayed.

**12.** **Taxes**

RLKS shall be solely responsible for all applicable sales, use or excise taxes, however designated, levied or based, on amounts payable pursuant to this Amended Engagement Contract. NNI shall not be responsible for any taxes levied on the personal property or net income of RLKS or its Associates.

**13.** **Assignment**

This Amended Engagement Contract shall be binding upon and shall inure to the benefit of each Party and its respective successors and assigns. Neither Party shall sell, assign, or subcontract any right or obligation hereunder without the prior written consent of the other and such consent shall not be unreasonably withheld.

**14.** **Notices**

Any notices required or permitted hereunder shall be deemed given if contained in a written instrument delivered in person, or by facsimile, overnight courier, or first class registered or certified mail, postage prepaid, addressed to such Party at the address or applicable fax number set forth below, or at such other address as may hereafter be designated in writing by the addressee to the addresser:

In the case of NNI:

John J. Ray, III
Principal Officer
Nortel Networks Inc.
c/o Avidity Partners LLC
18 West 140 Butterfield Road
15th Floor
Oakbrook Terrace, IL 60181
jray@aviditypartners.com

In the case of the RLKS, Richard Lydecker or Kathryn Schultea (as applicable):

| Richard A. Lydecker, Jr. | Kathryn Schultea |
| 101 Westcott #706 | 4630 Sawmill Lane |
| Houston, TX 77007 | Pasadena, TX 77505 |
| 713-865-2624 | 713-824-2905 |
| rlydecker@rlks.net | kschultea@rlks.net |

All notices given to any party hereto in accordance with the provisions of this Amended Engagement Contract shall be deemed to have been given on the date of delivery if personally delivered, on the date when sent if sent by facsimile, on the

business day after the date when sent if sent by overnight courier, and on the fifth business day after the date when sent, if sent by mail, in each case addressed to the Party as provided herein or in accordance with the latest unrevoked direction from such Party.

**15.     Severability**

If any of the provisions of this Amended Engagement Contract are held to be invalid or unenforceable, the validity, legality and enforceability of the remaining provisions of this Amended Engagement Contract shall not in any way be affected or impaired thereby.

**16.     Section Titles and Construction**

Section titles as to the subject matter of particular sections herein are for convenience only and are in no way to be construed as part of this Amended Engagement Contract or as a limitation of the scope of the particular sections to which they refer.

Each party to this Amended Engagement Contract has participated in the negotiation and drafting of this Amended Engagement Contract.  As such, the language used herein shall be deemed to be the language chosen by the parties hereto to express their mutual intent, and no rule of strict construction will be applied against any party to this Amended Engagement Contract.

**17.     Limitations Period**

No action or claim under this Amended Engagement Contract, unless involving death or personal injury, may be brought by either Party against the other more than one (1) year after the cause of action arises.

**18.     No Waiver of Default**

The failure of either party to exercise or enforce any right hereunder shall not constitute a waiver of that right with respect to any subsequent default.

**19.     Governing Law and Dispute Resolution**

This Amended Engagement Contract shall be construed and enforced in accordance with the laws of the State of Delaware, without giving effect to its conflict of law principles. Any disputes as to any matter arising out of or relating to this Amended Engagement Contract or performance under this Amended Engagement Contract shall be resolved amicably, if possible.  The aggrieved Party shall notify the other Party in writing of the existence of such a dispute and request a review by a panel consisting of one representative from each Party.  The panel shall attempt to resolve the dispute within thirty (30) days after the receipt of the notification.  If the Parties are unable to

resolve the dispute within such thirty-day period, the parties agree to the jurisdiction of the Bankruptcy Court to hear and resolve any dispute under this Amended Engagement Contract. If the Bankruptcy Court declines or otherwise does not exercise jurisdiction over any such dispute, then the parties agree that any such dispute shall be heard and resolved in a state or federal court of competent jurisdiction located in Delaware.

Each Party shall bear its own costs and attorney's fees. Pending the resolution of any dispute, the Parties shall continue in good faith their obligations and performance in accordance with this Amended Engagement Contract.

**20.    Survival**

The provisions of this Amended Engagement Contract, which by their nature extend beyond the expiration or early termination of this Amended Engagement Contract will survive and remain in effect until all obligations are satisfied.

**21.    Trademarks and Publicity**

All trademarks, service marks and trade names, including logos, identifying NNI and its services ("Marks") are the exclusive property of NNI. RLKS shall take no action that jeopardizes or diminishes the value of NNI's Marks. RLKS shall not use NNI's Marks, name, or identifying description in any manner, including but not limited to: publication, broadcast, advertisement, promotions or other public or private document or any other type of announcement without NNI's prior written consent. Any news release, public announcement, advertisement, or publicity proposed to be released by RLKS concerning this Amended Engagement Contract will be subject to the written approval of NNI prior to its release. NNI agrees that it will not release any publicity item which names RLKS or refers to the services furnished by it under this Amended Engagement Contract unless NNI has received the written approval of RLKS prior to the release.

**22.    Entire Agreement**

The Amended Engagement letter and this Terms and Conditions sets forth the entire understanding of the Parties, and, unless otherwise provided for herein, may not be modified except in writing signed by the Parties.