# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------x
In re:                                   :   Chapter 11
                                         :
Nortel Networks, et al.,                 :   Case No. 09-10138 (KG)
                                         :
                                         :   (Jointly Administered)
                       Debtors.          :
                                         :
-----------------------------------------x
Nortel Networks, Inc.,                   :   Adv. Pro. No. 10-55905 (KG)
                                         :
                       Plaintiff,        :   Objection Deadline: April 19, 2011
                                         :   Hearing Date: April 26, 2011 at 9:30a.m.
v.                                       :
                                         :
The Advertising Checking Bureau, Inc.,   :   RE Docket Nos.:
                                         :   Main Case Docket No. 5208
                       Defendant.        :   Adv. Pro. Docket No. 20
-----------------------------------------x
```

## OBJECTION OF SPRINT NEXTEL TO DEBTORS' MOTION FOR ENLARGEMENT OF TIME PERIOD PROVIDED BY RULE 4(m)

Sprint Nextel ("Sprint") files this Objection to the Debtors' Motion Pursuant to 11 U.S.C. § 105(a), Federal Rules of Bankruptcy Procedure 7004 and 9006, and Federal Rule of Civil Procedure 4(m) for Enlargement of Time Period Provided by Rule 4(m) (the "Motion[1]"), because (i) Rule 4(m) does not apply because the Plaintiff has not filed a complaint naming Sprint and the only defendant named in the complaint in this adversary proceeding has been served, and (ii) the Plaintiff's only motivation in extending the Rule 4(m) time period is to attempt to meet the relation back requirements of Rule 15(c) and prevent the statute of limitations from barring the action, which is an impermissible use of Rule 4(m) as a matter of law.

---

[1] Sprint is filing this objection in the main case and the adversary proceeding in view of Nortel's filing in both cases. Sprint, however, emphasizes that it is not a party to either proceeding and only makes this special appearance as an interested party.

**BACKGROUND**

1. On December 6, 2010, the Plaintiff filed their Complaint to Avoid and Recover Preferential Transfers and to Disallow Claims (the "Complaint") against only one defendant: the Advertising Checking Bureau, Inc. ("ACB"), seeking recovery of approximately $2,084,283 in allegedly preferential transfers.

2. On December 7, 2010, the Plaintiff served the summons and Complaint on ACB, and on December 16, 2010, the Plaintiff and ACB entered into a stipulation extending ACB's time to answer the Complaint. Subsequently, the Plaintiff and ACB have entered into additional stipulations, such that ACB now has until May 11, 2011, to file its answer.

3. On April 4, 2011 (approximately 4 months after the first stipulation extending ACB's time to answer was filed), the Plaintiff filed the Motion requesting that the Court enlarge the 120-day period under Rule 4(m) "so that [the Plaintiff] may serve the Additional Defendants," including Sprint. See Paragraph 12 of the Motion.

4. The Plaintiff alleges in the Motion that they have only recently learned that ACB may be a conduit with respect to some of the transfers alleged in the Complaint and that Sprint may be the initial transferee. According to the Plaintiff, the Plaintiff "has only just learned from [ACB] information that permitted it to identify [Sprint]." See Paragraph 15 of the Motion.

5. Upon information and belief, ACB contends that its conduit defense arises because the Debtors have a contractual relationship with ACB under which ACB administers at least one of the Debtors' sale incentive plans with third party vendors. Although Sprint does not concede that ACB is a conduit, Sprint understands that ACB believes it was a mere pass through for commissions that Sprint received when it sold

Nortel products. According the ACB, Sprint submitted sales certificates to ACB, which ACB processed and then submitted in turn to Nortel. Nortel then issued the commissions to ACB, which sent a portion of the commissions to Sprint. Thus, according to ACB, ACB was a mere conduit.

6.  The Plaintiff has failed to file a complaint against Sprint.

7.  The statute of limitations on preference actions expired on January 14, 2011. The Plaintiff's request that the Court extend the time for serving the Summons and Complaint is a clear attempt to extend the statute of limitations. Sprint submits that such an attempt is impermissible as a matter of law, and therefore the Motion should be denied.

## **OBJECTION**

**A.  The Court Should Not Extend the 120-Day Period for Serving a Summons and Complaint Because Sprint is Not a Defendant and the Only Named Defendant in this Adversary Proceeding has been Served.**

8.  Rule 4(m) provides that

> [i]f service of the summons and complaint is not made <u>upon a defendant</u> within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice <u>as to that defendant</u> or direct that service be effected within a specified time; provided that if the Plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Emphasis added.

9.  The plain language of Rule 4(m) presupposes that a complaint has been filed against a named defendant and that the plaintiff seeks to extend the 120-day period to serve that named defendant, as indicated by the underline phrases in the Rule above. Indeed, the phrases "upon a defendant" and "as to that defendant" indicate that a court can only extend the 120-day period for service on named defendants. See also Cohen v. Stokes Electrical Supply (In re: Submicron Systems Corporation), 2004 U.S. Dist. LEXIS 19170

(D. Del. Sept. 21, 2004) (analyzing factors to consider when a plaintiff has failed to serve a named defendant within the 120-day period). Thus, it is clear that a Rule 4(m) extension does not apply to the facts of this adversary proceeding.

10. Here, the Plaintiff filed the Complaint against ACB and served the Complaint on December 7, 2010. Service of the summons and complaint in the adversary proceeding is complete. There are no other defendants that need to be served, and thus, Rule 4(m) does not apply.

**B.   The Plaintiff Impermissibly Seeks to Extend the Rule 4(m) Period to Exploit Rule 15(c).**

11. The Plaintiff's only motivation in requesting an extension of the 120-day period for service is to circumvent the statute of limitations, which has run. Presumably, if the motion is granted, the Plaintiff will file an amended complaint against Sprint and will use the order granting the motion as an attempt to prove that the amended complaint relates back to the date the original complaint was filed, thus, implicating Rule 15(c) of the Federal Rules of Civil Procedure. This is an impermissible use of Rule 4(m) as a matter of law.

12. Rule 15(c)(3) states that an amendment relates back to the date of an original pleading when the amendment asserts a claim or defense set out in the original pleading, and the amendment changes the party against whom the claim is asserted, "and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. Pro. 15(c)(3).

13.     Thus, the Plaintiff will attempt to use any order granting an extension of the 120-day period allowed by Rule 4(m) as a de facto satisfaction of the Rule 15(c) relation back standard. All of the knowledge regarding it's and ACB's contractual relationship was in the hands of the Plaintiff throughout the bankruptcy case and at the time the original complaint against ACB was filed. The Plaintiff's intentional or negligent failure to name any other party besides ACB is not a basis to circumvent the statute of limitations, exploit Rule 15(c), or otherwise allow the Plaintiff another attempt to add defendants to the Complaint. Because the Plaintiff's only purpose in filing for an extension of the 120-day period is to circumvent the statute of limitations and the requirements of Rule 15(c), and because failure to name Sprint or any other party was a result at a minimum by the Plaintiff's own negligence, the Court should deny the Motion.

## CONCLUSION

Plaintiff has not filed a complaint against Sprint, or amended their complaint to include Sprint. Therefore, in accordance with the plain language of Rule 4(m), an extension of the 120-day period to serve a summons and complaint is not warranted. The Plaintiff's only motivation is to circumvent the statute of limitations, despite the fact that the Plaintiff's failure to bring an action against Sprint within the statute of limitations time period was a result of the Plaintiff's own intentional or negligent conduct. The Plaintiff knew of its contractual relationship with ACB and would know for whom the transfers were intended, and to the extent that ACB was only a conduit, that ACB would claim that it was a conduit. The Plaintiff, however, chose only to name and to serve ACB. The Plaintiff's strategic decision, whether intentional or negligent, should not be an excuse to circumvent the statute of limitations.

| | |
|---|---|
| Dated: April 19, 2011 | MORRIS JAMES LLP<br><br>*/s/ Brett D. Fallon*<br>Brett D. Fallon (DE Bar No. 2480)<br>500 Delaware Ave., Suite 1500<br>Wilmington, DE 19801-1494<br>Telephone: (302) 888-6888<br>Facsimile: (302) 571-1750<br>bfallon@morrisjames.com<br><br>-and-<br><br>David I. Swan<br>Kenneth M. Misken<br>Allie M. Raether<br>MCGUIREWOODS LLP<br>1750 Tysons Boulevard, Suite 1800<br>McLean, VA 22102-4215<br>Telephone: (703) 712-5000<br>Facsimile: (703) 712-5050<br>dswan@mcguirewooods.com<br>kmisken@mcguirewoods.com<br>araether@mcguirewoods.com |