IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
Debtors. : Jointly Administered
:
: **Re: D.I.s  4345, 4347, 4737**
:
---------------------------------------------------------X

### CERTIFICATION OF COUNSEL REGARDING PROPOSED AMENDED SCHEDULING ORDER REGARDING THE DEBTORS' MOTION TO ENFORCE THE CVAS SALE ORDER

I, Alissa T. Gazze, counsel for Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession in the above captioned cases (collectively, the "U.S. Debtors"), hereby certify as follows regarding the *Proposed Amended Scheduling Order Regarding the Debtors' Motion to Enforce the CVAS Sale Order* (the "Amended Scheduling Order"), attached as **Exhibit A** hereto:

1. On January 14, 2009 (the "Petition Date"), NNI and certain of its affiliates filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the Bankruptcy Court for the District of Delaware (the "U.S. Court").

2. On November 17, 2010, the Debtors in the above-captioned cases (the "Debtors") filed the *Motion for Entry of an Order Enforcing the Order Authorizing the Sale of Certain*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

*Assets of the Debtors' Carrier Voice Over IP and Application Solutions Business, and Directing the Release of Certain Escrowed Funds* [D.I. 4345] (the "CVAS Motion").

3. On November 18, 2010, GENBAND Inc. (n/k/a GENBAND US LLC) ("GENBAND") filed the *Motion for Entry of an Order Pursuant to Section 362(d) of the Bankruptcy Code Granting Relief from the Automatic Stay to Compel Arbitration* [D.I. 4347] (the "Motion to Compel").

4. At a telephonic conference held on November 29, 2010, the Court determined that the Motion to Compel would be determined prior to the CVAS Motion proceeding to a decision on the merits.

5. On January 21, 2011, the Court denied the Motion to Compel (the "Order") [D.I. 4737].

6. Pursuant to a Notice of Appeal filed on February 1, 2011, GENBAND has appealed the Order.

7. The Debtors and GENBAND are in agreement that certain matters raised in the CVAS Motion, specifically (i) a dispute concerning monies recovered under a settlement agreement with Verizon Services Corp. (the "Verizon Issue") and (ii) a dispute concerning certain transfer taxes GENBAND owes to Nortel in connection with the sale of the CVAS business (the "Canadian Transfer Tax Issue"), are not subject to GENBAND's appeal of the Order.

8. Accordingly, the Debtors and GENBAND agreed upon a briefing schedule to proceed on the CVAS Motion with respect to the Verizon Issue.

9. The Debtors and GENBAND agreed to engage in discussions in an effort to consensually resolve the Canadian Transfer Tax Issue and agreed that they will approach the

Court at a later date if necessary to seek entry by the Court of an agreed upon scheduling order regarding briefing on this issue.

10. On March 24, 2011, the Court entered a scheduling order [D.I. 5161] regarding motion practice on the Verizon Issue (the "Scheduling Order").

11. The parties have adhered to the deadlines in the Scheduling Order to date, but at an April 4, 2011 mediation agreed to the material terms of a settlement agreement which, if executed, will resolve the Verizon Issue, the Canadian Transfer Tax Issue, the Asset Sale Agreement purchase price adjustment issue raised in the CVAS Motion, as well as other ancillary disagreements.

12. The agreed-to material terms of settlement stipulate in relevant part that Nortel's entry into settlement is subject to the receipt of approvals from all Nortel Sellers and approval by the relevant Courts.

13. In light of the agreed-to settlement terms, and the Parties' agreement to use their best efforts to document and give effect to the agreed-to settlement terms as soon as reasonably practicable, the Parties have agreed to amend the Scheduling Order;

14. The Amended Scheduling Order has been reviewed and agreed to by counsel for GENBAND.

WHEREFORE, the Debtors respectfully request that the Court (i) enter the Amended Scheduling Order attached hereto as **Exhibit A** and (ii) grant such other and further relief as is just and proper.

Dated: April 20, 2011  
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)  
Lisa M. Schweitzer (admitted *pro hac vice*)  
David H. Herrington (admitted *pro hac vice*)  
One Liberty Plaza  
New York, New York 10006  
Telephone: (212) 225-2000  
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Alissa T. Gazze*  
Derek C. Abbott (No. 3376)  
Eric D. Schwartz (No. 3134)  
Ann C. Cordo (No. 4817)  
Alissa T. Gazze (No. 5338)  
1201 North Market Street  
P.O. Box 1347  
Wilmington, Delaware 19801  
Telephone: (302) 658-9200  
Facsimile: (302) 658-3989

*Counsel for the Debtors  
and Debtors-in-Possession*