## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*: | Chapter 11 |
| Nortel Networks Inc., *et al.*[1] | Case No. 09-10138 (KG) |
| Debtors. | (Jointly Administered) |
| Nortel Networks Inc., | |
| Plaintiff, | |
| v. | Adv. Proc. No. 10-55905 (KG) |
| The Advertising Checking Bureau, Inc., | **Hearing Date: April 26, 2011 at 9:30 a.m. (ET)** |
| Defendant. | **Re: D.I. 5218, 5269**<br>**Adv. Proc. D.I. 20, 25** |

### DEBTORS' REPLY IN FURTHER SUPPORT OF THEIR MOTION PURSUANT TO 11 U.S.C. § 105(a), FEDERAL RULES OF BANKRUPTCY PROCEDURE 7004 AND 9006, AND FEDERAL RULE OF CIVIL PROCEDURE 4(m) FOR ENLARGEMENT OF TIME PERIOD PROVIDED BY RULE 4(m)

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors

in possession (collectively, the "Debtors"), respectfully submit this reply in further support of the

Debtors' motion (the "Motion") pursuant to 11 U.S.C. § 105(a), Federal Rules of Bankruptcy

Procedure 7005 and 9006, and Federal Rule of Civil Procedure 4(m) for enlargement of the time

period provided by Rule 4(m) in the above-captioned adversary proceeding (the "Avoidance

---

[1]      The debtors in the Chapter 11 cases are:  Nortel Networks Inc., Nortel Networks (CALA) Inc. ("NN CALA"), Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., and Nortel Networks Cable Solutions Inc. Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Action"), and in response to the single objection (the "Objection") filed by Sprint Nextel ("Sprint").[2]

In its Objection, Sprint makes two arguments: (i) that the Rule 4(m) period may not be extended by this Court to permit time to serve prospective additional defendants and (ii) that the Rule 4(m) relief sought would violate the relation back requirements of Rule 15(c). Sprint is wrong on both counts, as set forth below.

## BACKGROUND

1.     On April 4, 2011, the Debtors filed the Motion seeking an enlargement of the time period provided by Rule 4(m), in order to permit NNI to serve additional defendants to the Avoidance Action, including Sprint/United Management Company.[3]

2.     As noted in the Motion, upon information and belief, Defendant The Advertising Checking Bureau, Inc. (the defendant named in the original Complaint) contends that it was a "mere conduit" with respect to certain of the transfers identified in the Complaint (the "Asserted Conduit Transfers") and therefore has no liability to NNI for the Asserted Conduit Transfers.  As also noted in the Motion, NNI has only recently learned in the context of discussions with Defendant that a portion of one of the Asserted Conduit Transfers was received by Sprint.

3.     On April 4, 2011, within the original 120-day period provided by Rule 4(m) in the Avoidance Action, the Debtors sent a letter via Federal Express to Sprint stating that

---

[2]     Capitalized terms used but not defined herein shall have the same meaning ascribed to them in the Motion.

[3]     The prospective additional defendant specified in the Motion is Sprint/United Management Company, which, upon information and belief, is a wholly owned subsidiary of Sprint Nextel.  Sprint/United Management Company is also the entity to which the Debtors provided notice of the Motion and the Avoidance Action.  Because the Objection was filed by Sprint Nextel, however, and for ease of reference, the Debtors use "Sprint" herein to denote both entities.

the Debtors intended to amend the Complaint to include Sprint as an additional defendant with respect to any Asserted Conduit Transfers that Sprint received, and enclosed a copy of the Motion and the Complaint.

4.      On April 19, 2011, Sprint filed its Objection to the Motion, contending, inter alia, that the Rule 4(m) period may not be extended to permit time to serve prospective additional defendants and that the Rule 4(m) relief sought would violate the relation back requirements of Rule 15(c).  Sprint does not dispute that it received notice during the original 120-day period specified by Rule 4(m).

## ARGUMENT

**A.      Rule 4(m) May Be Extended To Name Prospective Additional Defendants**

5.      Sprint contends that a Rule 4(m) extension "does not apply" to the facts of this adversary proceeding because Sprint has not been named as a defendant in the Avoidance Action.  Objection ¶ 10.  Sprint's position is contradicted by the caselaw, as a reading of the single case it cites readily shows.

6.      Sprint's sole support for its reading of Rule 4(m) is Cohen v. Stokes Electrical Supply (In re Submicron Systems Corporation), Civ. No. 03-230-LSR, 2004 U.S. Dist. LEXIS 19170 (D. Del. Sept. 21, 2004), which it cites for the proposition that Rule 4(m) may be enlarged to permit service only upon named defendants, not prospective additional defendants. Objection ¶ 9.  Cohen is wholly inapposite, as it addresses a motion for enlargement of time under Rule 4(m) in the context of a plaintiff's frustrated attempts at service upon a named defendant.  It does not address the use of an enlargement of the time period under Rule 4(m) to serve additional defendants and thus is wholly irrelevant as a factual and legal matter to the Motion and to Sprint's Objection.

7.    In fact, courts have expressly enlarged the Rule 4(m) time period to permit plaintiffs to notify and serve <u>prospective</u> defendants, including in avoidance cases where, as here, the original named defendant asserted a "mere conduit" defense.  <u>See, e.g.</u>, <u>Alberts v. Gallagher (In re Greater Se. Cmty. Hosp. Corp. I)</u>, 341 B.R. 91, 97-98 (Bankr. D.D.C. 2006) (order amended on other grounds by <u>Alberts v. Gallagher (In re Greater Se. Cmty. Hosp. Corp. I)</u>, Bankr. No. 02-02250, Adv. No. 04-10116, 2006 WL 2083500 (Bankr. D.D.C. June 26, 2006)) (in case where original defendant asserted conduit defense, court enlarged time under Rule 4(m) upon trustee's motion and trustee subsequently notified additional defendant by service of a summons and amended complaint within the time period allotted under Rule 4(m) as extended by the court); <u>Enron Corp. v. J.P. Morgan Sec. Inc. (In re Enron Corp.)</u>, 361 B.R. 36, 53 (Bankr. S.D.N.Y. 2006) (opinion modified on other grounds by <u>Enron Corp. v. J.P. Morgan Sec. Inc. (In re Enron Corp.)</u>, Bankr. No. 01-16034 (AJG), Adv. No. 03-92677, 2007 WL 680764 (Bankr. S.D.N.Y. Mar. 1, 2007)) (court which had enlarged time period under Rule 4(m) held that additional defendant subsequently added in proposed amended complaint had received notice within the time period allotted under Rule 4(m) as extended by the court); <u>Enron Corp. v. J.P. Morgan Sec. Inc. (In re Enron Corp.)</u>, 357 B.R. 257, 261  (Bankr. S.D.N.Y. 2006) (same).  Sprint fails entirely to address any of this directly relevant case law, which establishes that an enlargement of time under Rule 4(m) is appropriate in this type of case.

**B.    The Proposed Enlargement Of Time Accords With The Requirements Of Rule 15(c)**

8.    Sprint also contends that the Debtors' motivation in requesting the enlargement of time is to circumvent the statue of limitations, Objection ¶ 11, and to use the enlarged period as a "de facto satisfaction of the Rule 15(c) relation back standard."  <u>Id.</u> ¶ 13.

9.      Once again, Sprint fails to address the directly relevant case law cited above that expressly <u>allows</u> plaintiffs to seek an enlargement of time under Rule 4(m) to notify and serve additional defendants, including in avoidance cases such as this where Rule 15(c) must govern the statute of limitations analysis with respect to additional defendants served after the statutory limitations date has passed.  See <u>Alberts</u>, 341 B.R. at 97-98; <u>Enron</u>, 361 B.R. at 53; <u>Enron</u>, 357 B.R. at 261.

10.      Rule 15(c)(1)(C), made applicable to this adversary proceeding by Bankruptcy Rule 7015, provides that an amendment that changes a party against whom a claim is asserted relates back to the date of the original complaint if the amendment asserts a claim that "arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading" and if the new party, within the time period provided by Rule 4(m), "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(C).

11.      Sprint does not dispute that it received timely notice of the Avoidance Action.  As noted above, Sprint was notified of the Avoidance Action within the <u>original</u> 120-day period provided for under Rule 4(m), when the Debtors sent a letter to Sprint stating that the Debtors intended to amend the Complaint to include Sprint as an additional defendant with respect to any Asserted Conduit Transfers that Sprint received, and enclosed a copy of the Motion and the Complaint.  Thus, the specific relief sought here – additional time to serve Sprint

– does not implicate the Rule 15(c) analysis because there is no issue of Sprint's receipt of notice.[4]

12.    To the extent that Sprint will seek to challenge whether an amended complaint "relates back" under Rule 15(c)(1)(C) on other grounds, such challenges are clearly premature here.  NNI submits that Sprint's position on these other Rule 15(c) factors – and NNI's responses to them[5] – are preserved until such time as Sprint raises its defenses to a served amended complaint.

*[Remainder of page intentionally left blank]*

---

[4]    Courts have in other settings permitted extensions of the Rule 4(m) period to provide notice.  See Alberts, 341 B.R. at 97-98; Enron, 361 B.R. at 53; Enron, 357 B.R. at 261.  That relief is not needed or requested here.

[5]    NNI will refute at the appropriate time Sprint's wholly conclusory assertions as to NNI's purported "knowledge regarding it's and ACB's contractual relationship" and "negligence" in failing to name Sprint.  Objection ¶ 13.

## CONCLUSION

WHEREFORE, for the reasons set forth above and in the Motion, the Debtors respectfully request that the Court (i) grant the Motion and the relief requested therein; (ii) enter the proposed order attached thereto; and (iii) grant such other and further relief as the Court deems just and proper.

Dated:  April 20, 2011
      Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Deborah M. Buell (admitted *pro hac vice*)
Nora K. Abularach (admitted *pro hac vice*)
Matthew J. Vanek (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

   - and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Alissa T. Gazze*
Donna L. Culver (No. 2983)
Derek C. Abbott (No. 3376)
Alissa T. Gazze (No. 5338)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*