**EXHIBIT A**

**REVISED ORDER**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re*                                                  :    Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                       :    Case No. 09-10138 (KG)
:
            Debtors. :    Jointly Administered
:
:    **RE: D.I. 5225**
:
---------------------------------------------------------X

**ORDER PURSUANT TO 11 U.S.C. § 505(b)(2) EXTENDING TIME FOR
CERTAIN TAX AUTHORITIES TO COMPLETE AN EXAMINATION**

Upon the motion dated April 5, 2011 (the "Motion"),[2] of Nortel Networks Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to section 505(b)(2) of title 11 of the United States Code (the "Bankruptcy Code"), extending the time for the Tax Authorities to complete an examination of the Debtors' income tax returns for the 2009 taxable year (the "2009 Income Tax Returns"); and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Tax Authorities are granted an extension to complete their examination pursuant to section 505(b)(2) of the Bankruptcy Code until one-hundred eighty (180) days after the Debtors file with the Tax Authorities amended 2009 income tax returns that reflect the final determination of the Internal Revenue Service regarding federal taxable income for the 2009 taxable year (the "Amended Returns").

3. For the avoidance of doubt, this Order and the extension contained herein applies to the California Franchise Tax Board (the "FTB") regardless of whether the FTB received a prompt determination request under section 505(b)(2) of the Bankruptcy Code for the Debtors' 2009 income tax return or whether the FTB timely responded to such prompt determination request. The Debtors hereby waive the right to contend that the FTB failed to timely notify the Debtors or complete an examination of the Debtors' 2009 income tax return filed October 15, 2010 within the time periods provided by section 505(b)(2) of the Bankruptcy Code.

4. This Order is without prejudice to the Debtors' right to request a prompt determination under section 505(b)(2) of the Bankruptcy Code with respect to any Amended Returns.

5. Upon request of counsel for a Tax Authority, the Debtors will provide a copy of the appropriate Amended Return.

3

6. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2011
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE