## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------X
                                                     :   Chapter 11
                                                     :
In re                                                :
                                                     :
Nortel Networks Inc., et al.,[1]                     :   Bankr. Case No. 09-10138 (KG)
                                                     :
                        Debtors.                     :
                                                     :   (Jointly Administered)
                                                     :
----------------------------------------------------- X
                                                     :
Nortel Networks Inc.                                 :
                                                     :
and                                                  :
                                                     :
Nortel Networks (CALA) Inc.,                         :   Adv. Proc. No. 10-55937 (KG)
                                                     :
                        Plaintiffs,                  :
                                                     :
v.                                                   :
                                                     :
McCann-Erickson Worldwide, Inc.                      :   Re: Main D.I. No. 5208
Cable News Network, Inc.,                            :   Adv. D.I. Nos. 19, 23
Deluxe Entertainment Services Group Inc.,            :
Ear to Ear,                                          :
Federal Express Corporation,                         :
Ferrari Color, Inc.,                                 :
Getty Images, Inc.,                                  :
Global Broadcast News,                               :
ImageSource, Inc.,                                   :
International Data Group, Inc.,                       :
Kaboom Productions,                                  :
Marsh USA, Inc.,                                      :
McCann Relationship Marketing, Inc.,                 :
```

---

[1]    In addition to Nortel Networks Inc. ("NNI"), the Debtors in the Chapter 11 cases are:  Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("NN CALA").  Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://dm.epiq11.com/nortel.

McClain Photo,                                    :
MediaMind Technologies Inc.,                      :
Microsoft Online, Inc. fka Atlas,                 :
No B.S. Couriers,                                 :
One Union Recording Studios,                      :
Pro Camera,  Rental & Supply,                     :
Stars Model Management,                           :
Team Services Corp.,                              :
Time Inc.,                                        :
Turner Broadcasting Sales, Inc.,                  :
Vibrant Media Inc.,                               :
Visual IQ, Inc., and                              :
Wahlstrom Group LLC,                              :
                                                  :
                              Defendants.         :
------------------------------------------------------------- X

**DEBTORS' MOTION FOR LEAVE TO FILE A REPLY TO THE OBJECTION OF
INTERNATIONAL DATA GROUP, INC. TO DEBTORS' MOTION PURSUANT TO 11
U.S.C. § 105(a), FEDERAL RULES OF BANKRUPTCY PROCEDURE 7004 AND 9006,
AND FEDERAL RULE OF CIVIL PROCEDURE 4(m)
FOR ENLARGEMENT OF TIME PERIOD PROVIDED BY RULE 4(m)**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors-

in-possession (collectively, the "Debtors"), hereby move this Court (the "Motion") for entry of

an order granting the Debtors leave to file a reply to the Objection of International Data Group,

Inc. ("IDG") to Debtors' Motion Pursuant To 11 U.S.C. §§ 105(a), Federal Rules of Bankruptcy

Procedure 7004 and 9006, and Federal Rule of Civil Procedure 4(m) for Enlargement of Time

Period Provided by Rule 4(m) (the "Objection").   In support of the Motion, the Debtors

respectfully represent as follows:

**Jurisdiction**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue

is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2

2.     The statutory basis for the relief requested herein is rule 9006-1(d) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Background

**A.     Procedural History**

3.     On January 14, 2009 (the "Petition Date"), the Debtors, other than NN CALA, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only.  The Debtors continue to operate their remaining businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.     The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [Main D.I.s 141, 142],  and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5.     On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")  commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA

Debtors") into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators"). Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6.      On June 19, 2009, Nortel announced that it was advancing in discussions with external parties to sell its businesses and that it would assess other restructuring alternatives for its businesses in the event that it were unable to maximize value through sales. Since then, Nortel has sold many of its business units and assets to various purchasers. Efforts continue to be made with respect to the realization of value from Nortel's remaining assets. For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

### Facts Relevant to This Motion

7.      On December 6, 2010, NNI filed the Complaint to Avoid and Recover Preferential Transfers and to Disallow Claims (the "Complaint") against defendant the McCann-Erickson Worldwide, Inc. ("Defendant") in the Avoidance Action, seeking recovery of $6,769,601.28 in transfers NNI made to Defendant in the 90 days prior to NNI's bankruptcy filing.

8.      On February 7, 20011, Defendant filed its answer to the Complaint. Defendant contends that it was a mere conduit with respect to certain of the transfers identified in the Complaint (the "Asserted Conduit Transfers") and therefore has no liability to NNI for the Asserted Conduit Transfers.

9.      On April 4, 2011, the Debtors filed the Motion for Enlargement of Time Period Provided by Rule 4(m) (D.I. 5208, Adv. D.I. 19) (the "Enlargement Motion").

10.     The hearing on the Enlargement Motion is scheduled for hearing on April 26, 2011 at 9:30 a.m. (Eastern Time).

### Relief Requested

11.     The Debtors respectfully request that the Court permit the Debtors to file a reply to the Objection (the "Reply"). The Reply is attached hereto as **Exhibit A**.

### Basis for Relief

12.     Rule 9006-1(d) of the Local Rules states that "[r]eply papers may be filed, and if filed, shall be served so as to be received by 4:00 p.m. Eastern Time the day prior to the deadline for filing the agenda." Local Rule 9029-3(a) requires that agendas be filed by 12:00 p.m. (ET) two business days prior to the hearing.

13.     As indicated above, the hearing on the Objection is scheduled for April 26, 2011 at 9:30 a.m. Due to a court holiday, under the Local Rules the deadline to file the agenda for the hearing was April 21, 2011 at 12:00 p.m., and the deadline to file the Reply was April 20, 2011 at 4:00 p.m.

14.     Given the shortened time-frame due to a court closure, and the complexity of the issues, the Debtors were not in a position to file the Reply on April 20, 2011, just one day after the Objection was filed. Counsel to IDG agreed to extend the deadline for the Debtors to reply to the Objection through April 21, 2011 at 12:00 p.m. Under these circumstances, the Debtors believe that ample cause exists to grant the Debtors leave to file a reply on April 21, two business days before the hearing.

### Notice

15.     Notice of the Motion has been given via overnight mail or hand delivery to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; and

(iv) counsel to IDG and via first class mail to the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

16.    No prior request for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request entry of an order in the form attached hereto as **Exhibit B** (a) granting the Debtors leave to file a reply to the Objection; and (b) granting the Debtors such other and further relief as may be just and proper.

Dated:  April 21, 2010
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Deborah M. Buell *(admitted pro hac vice)*
Neil P. Forrest (admitted pro hac vice)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Alissa T. Gazze*
Donna L. Culver (No. 2983)
Derek C. Abbott (No. 3376)
Alissa T. Gazze (No. 5338)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors-in-Possession*