# EXHIBIT A

**Reply**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X

| | |
|---|---|
| *In re* | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Bankr. Case No. 09-10138 (KG) |
| Debtors. | (Jointly Administered) |

---------------------------------------------------------- X

| | |
|---|---|
| Nortel Networks Inc. | |
| and | |
| Nortel Networks (CALA) Inc., | Adv. Proc. No. 10-55937 (KG) |
| Plaintiffs, | |
| v. | |
| McCann-Erickson Worldwide, Inc. | Re: Main D.I. No. 5208 |
| Cable News Network, Inc., | Adv. D.I. Nos. 19, 23 |
| Deluxe Entertainment Services Group Inc., | |
| Ear to Ear, | |
| Federal Express Corporation, | |
| Ferrari Color, Inc., | |
| Getty Images, Inc., | |
| Global Broadcast News, | |
| ImageSource, Inc., | |
| International Data Group, Inc., | |
| Kaboom Productions, | |
| Marsh USA, Inc., | |

---

[1] In addition to Nortel Networks Inc. ("NNI"), the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("NN CALA"). Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://dm.epiq11.com/nortel.

| | |
|---|---|
| McCann Relationship Marketing, Inc., | : |
| McClain Photo, | : |
| MediaMind Technologies Inc., | : |
| Microsoft Online, Inc. fka Atlas, | : |
| No B.S. Couriers, | : |
| One Union Recording Studios, | : |
| Pro Camera, Rental & Supply, | : |
| Stars Model Management, | : |
| Team Services Corp., | : |
| Time Inc., | : |
| Turner Broadcasting Sales, Inc., | : |
| Vibrant Media Inc., | : |
| Visual IQ, Inc., and | : |
| Wahlstrom Group LLC, | : |
| | : |
| Defendants. | : |

------------------------------------------------------------X

**DEBTORS' REPLY TO THE OBJECTION OF INTERNATIONAL DATA GROUP, INC. TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. § 105(a), FEDERAL RULES OF BANKRUPTCY PROCEDURE 7004 AND 9006, AND FEDERAL RULE OF CIVIL PROCEDURE 4(m) FOR ENLARGEMENT OF TIME PERIOD PROVIDED BY RULE 4(m)**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), respectfully submit this reply (the "Reply") in further support of the Debtors' Motion Pursuant To 11 U.S.C. §§ 105(a), Federal Rules of Bankruptcy Procedure 7004 and 9006, and Federal Rule of Civil Procedure 4(m) for Enlargement of Time Period Provided by Rule 4(m) (the "Motion")[2] in the above-captioned adversary proceeding, and in response to the Objection of International Data Group, Inc. ("IDG") to Debtors' Motion Pursuant To 11 U.S.C. §§ 105(a), Federal Rules of Bankruptcy Procedure 7004 and 9006, and Federal Rule of Civil Procedure 4(m) for Enlargement of Time Period Provided by Rule 4(m) (the "Objection").

---

[2]  Capitalized terms used but not defined herein shall have the same meaning ascribed to them in the Motion.

2

**PRELIMINARY STATEMENT**

1. By the Objection, IDG asserts that this Court ought to deny the Debtors' request for an extension of the 120-day period prescribed by Fed. R. Civ. P. 4(m) ("Rule 4(m)") to effect service of process as an "improper backdoor attempt to avoid statute of limitations problems of their own creation." Objection ¶ 10. In support of that argument, IDG cites several cases decided outside this jurisdiction with readily distinguishable facts, while ignoring directly relevant case law in this jurisdiction and elsewhere that expressly authorizes the use of an extension of time under Rule 4(m) to notify and serve additional defendants where, as here, the original defendant has asserted a "mere conduit" defense.

2. In addition, and despite acknowledging that it received notice of the Motion apprising it of the filing of an amended complaint adding it and various other parties as defendants in the action within the period prescribed by Rule 4(m), Objection ¶¶ 6-8, IDG argues that the Debtors have failed to establish "good cause" or, in the alternative, facts sufficient to warrant an exercise of this Court's discretion to enlarge the Rule 4(m) period, as IDG was not formally served with process within 120 days of the filing of the original complaint. Objection ¶ 5-6.

3. As an initial matter, IDG erroneously assumes that service of the amended complaint adding it and the other additional defendants was required to be made within 120 days of the filing of the original complaint (an argument that has no support whatsoever in the case law). However, the filing of an amended complaint adding a new party to the action initiates a new 120-period for service upon the added defendant. Further, assuming *arguendo*, that service on the additional defendants was required to be made within 120 days of the filing of the original complaint, having filed their Motion prior to the expiration of the period prescribed by Fed. R.

3

Civ. P. 4(m), the Debtors' time to effect service of process was automatically extended pending the Court's ruling on the Motion and, as IDG admits, formal service of the alias summons and the amended complaint was effected on April 13, 2011. Objection ¶ 4.

4.  The Debtors filed the Motion out of an abundance of caution to preserve their ability to ensure proper service on additional defendants who, at the time of filing the Motion, were either unknown or had become known to the Debtors just days prior to the initial Rule 4(m) deadline. In these circumstances, an enlargement of the Rule 4(m) period is plainly warranted.

## ARGUMENT

5.  By their Motion, the Debtors have requested an extension of the time period provided by Rule 4(m) to effect service of process, and not a ruling on the effect of that extension under Rule 15(c). Therefore, the only issue properly before the Court is whether good cause exists to extend the time period provided by Rule 4(m), or, alternatively, whether the Court should exercise its discretion to enlarge the Rule 4(m) time period even in the absence of good cause. Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995); Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997). See id. advisory committee's note (1993) (discretionary relief appropriate even in absence of good cause, for example, "if the applicable statute of limitations would bar the refiled action."). Nonetheless, and while not necessary to the Court's determination of whether to extend the Debtors' time to effect service of process under Rule 4(m), IDG seeks a premature determination by the Court that an enlargement of time to effect service of process should not be permitted to relate back to the filing of the original complaint. Objection ¶ 4-5.

I.   **THE PROPOSED ENLARGEMENT OF TIME ACCORDS WITH THE REQUIREMENTS OF RULE 15(C).**

6.   Contrary to IDG's assertions, numerous courts, including this one, have granted enlargements of the Rule 4(m) time period to permit plaintiffs to notify and serve additional defendants in avoidance cases where, as here, the original named defendant has asserted a "mere conduit" defense. See, e.g., PCT v. New England Confectionary Company (In re Fleming Companies et al.), Bankr. No. 03-10945, Adv. No. 05-78096, 2006 WL 1062476 (Bankr. D. Del. 2006) (Carey, J.) (in case where court enlarged time under rule 4(m) upon plaintiff's request, subsequent notice sent by fax to additional defendant within the extended 4(m) time period was sufficient for relation back purposes); Alberts v. Gallagher (In re Greater Se. Cmty. Hosp. Corp. I), 341 B.R. 91, 97-98 (Bankr. D.D.C. 2006) (order amended on other grounds by Alberts v. Gallagher (In re Greater Se. Cmty. Hosp. Corp. I), Bankr. No. 02-02250, Adv. No. 04-10116, 2006 WL 2083500 (Bankr. D.D.C. June 26, 2006)) (in case where original defendant asserted conduit defense, court enlarged time under rule 4(m) upon trustee's motion and trustee subsequently notified additional defendant by service of a summons and amended complaint within the time period allotted under rule 4(m) as extended by the court); Enron Corp. v. J.P. Morgan Sec. Inc. (In re Enron Corp.), 361 B.R. 36, 53 (Bankr. S.D.N.Y. 2006) (opinion modified on other grounds by Enron Corp. v. J.P. Morgan Sec. Inc. (In re Enron Corp.), Bankr. No. 01-16034 (AJG), Adv. No. 03-92677, 2007 WL 680764 (Bankr. S.D.N.Y. Mar. 1, 2007)) (court which had enlarged time period under Rule 4(m) held that additional defendant subsequently added in proposed amended complaint had received notice within the time period allotted under Rule 4(m) as extended by the court); Enron Corp. v. ZJ.P. Morgan Sec. Inc. (In re Enron Corp.), 357 B.R. 257, 261 (Bankr. S.D.N.Y. 2006) (same).

7.      Indeed the facts presented here are nearly identical to those confronted by the Court in In re Greater Southeast Cmty. Hosp. Corp., 341 B.R. 91 (Bankr. D.D.C. 2006) wherein the Bankruptcy Court for the District of Columbia determined that an amended complaint naming additional defendants which was filed, but not served, within the initial period proscribed by Rule 4(m) related back to the filing of the original complaint pursuant to Rule 15(c)(1)(C)[3] where it was subsequently served "within the time period allotted under Federal Rule 4(m) as extended by the court." Id. at 98.

8.      Similarly, in In re Fleming Companies et al., 2006 WL 1062476 (Bankr. D. Del. 2006), the plaintiff filed the original avoidance complaint several days prior to the running of the statute of limitations and thereafter sought and was granted an additional 120 days to effect service. Following the running of the statute of limitations, but prior to the deadline to effect service as extended by the Court, plaintiff filed and served an amended complaint changing the name of the defendant. On a motion to dismiss, the newly named defendant asserted that because it had not been given notice of the 4(m) motion to extend time, and because it was not served within the original 120 day period, the amended complaint did not relate back under Fed. R. Civ. P. 15(c). In denying defendant's motion, the Court noted that the defendant's knowledge of plaintiff's mistake within the 4(m) period, as enlarged sufficed for relation back purposes.

---

[3]     Fed. R. Civ. P. Rule 15(c)(1)(C), made applicable to this proceeding by Fed. R. Bankr. P. 7015, provides that an amendment that changes a party against whom a claim is asserted relates back to the date of the original complaint if the amendment asserts a claim that "arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading" and if the new party, within the time period provided by rule 4(m), "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

9. Here, IDG acknowledges that it was notified of the action within the <u>original</u> 120-day period provided for under Rule 4(m), when it received a copy of the Motion apprising it of the assertion of a conduit defense by defendant McCann-Erickson Worldwide, Inc. ("<u>McCann</u>"), and the fact that the Debtors had filed an amended complaint adding IDG and various other third-parties for whose benefit McCann asserts the transfers were made. Further, and contrary to IDG's assertions, that package also included a copy of the stipulation authorizing the filing of the amended complaint to which was attached a copy of the amended complaint. As such, the specific relief sought here – additional time to serve IDG – does not implicate the Rule 15(c) analysis because there is no issue concerning IDG's receipt of notice which was an issue in each of the cases on which IDG purports to rely.

## II. AN ENLARGEMENT OF TIME UNDER RULE 4(m) IS BOTH NECESSARY AND APPROPRIATE IN THE CIRCUMSTANCES.

10. The determination of whether to extend time for service pursuant to Rule 4(m) is a two step inquiry. First, the court must determine whether good cause exists for the failure to properly effect timely service. <u>Petrucelli v. Bohringer and Ratzinger</u>, 46 F.3d 1298, 1305 (3d Cir. 1995). If the Court finds good cause, the Court must grant the extension. <u>Id.</u> Second, even in the absence of a showing of good cause, the Court has the discretion to grant the plaintiff an extension of time. Where, as here, the defendant had notice of the Complaint, and the running of the statute of limitations would service to bar the refiling of the Complaint, courts routinely enlarge the time to effect service under Rule 4(m). <u>In re Submicron Systems Corp.</u>, 2004 WL 883391, *4 (D. Del. 2004); <u>Ritter v. Cooper</u>, 2003 WL 23112306, *4 (D. Del. 2003).

### A.  Good Cause Exists To Extend The Time Period Provided By Rule 4(m).

11.   Courts generally consider three factors in determining whether good cause exists to extend time under Rule 4(m): (1) whether the plaintiff has reasonably attempted to effect service; (2) whether the defendant is prejudiced by the absence of timely service; and (3) whether plaintiff moved for an extension of time for effecting service. See United States v. Nuttall, 122 F.R.D. 163, 166-67 (D. Del. 1988); Submicron at *2; Ritter at *2.

12.   Initially, IDG asserts that the Debtors have failed to establish good cause for an extension of the deadline to effect service of process as they "had all necessary information to serve the Amended Complaint on IDG before the Rule 4(m) Deadline." Objection ¶ 13. In advancing this argument, IDG erroneously assumes that service upon it was required to be effected within 120 days of the filing of the initial complaint, although the filing of an amended complaint adding a new party initiates a new 120 deadline to effect service upon the added defendant. See Bolden v. City of Topeka, Kansas, 441 F.3d 1129, 1148 (10th Cir. 2006), Carmona v. Ross, 376 F.3d 829, 830(8th Cir. 2004), City of Merced v. R.A. Fields, 997 F.Supp. 1326, 1338 (E.D. Cal. 1998), 4B Wright & Miller, Federal Practice and Procedure, Civil 6A § 1137 (3d ed. 2010). More fundamentally, however, IDG ignores the facts surrounding the identification of the additional defendants which establish good cause for enlarging the Rule 4(m) time period.

13.   Upon receiving the Answer to Complaint, filed by McCann (Adv. D.I. 6) on February 7, 2011, through which Debtors first learned of the possibility of third party defendants, the Debtors acted diligently to schedule and conduct their Rule 26(f) conference, and promptly served McCann with written discovery requests directed to discovering the identities of the purported third-party transferees. On March 31, 2011, just four days prior to the expiration

8

of the original 120 day deadline, McCann served its written discovery responses and produced in excess of 2000 pages of documents which the Debtors immediately reviewed in order to identify the parties to be added to the complaint. However, given the magnitude and difficulty in deciphering the production, the number of parties to be added, and inability to ensure that they had identified the proper legal entity names and service addresses prior to the expiration of the initial 120-day deadline, the Debtors could not be assured of their ability – nor were they required – to effect service of the amended complaint within 120 days of the filing of the initial complaint. To that end, the Debtors timely moved for an extension of the deadline to effect service of process, both as to the defendants whose identities had become known to them just days prior tot the 120-day deadline, and with respect to any prospective defendants whose identities were unknown. On that same day, and also within the original 120-day deadline to effect service of process, the Debtors sent via FedEx overnight copies of the Motion and the Stipulation which attached a copy of the amended complaint to the additional defendants advising them of the amendment to the complaint adding them as defendants. In these circumstances, the Debtors submit that good cause exists to enlarge the Rule 4(m) period.

  **B.**   **Discretionary Extension Of The Time Period Provided By Rule 4(m) Is Warranted.**

  14.  Alternatively, if the Court concludes that the Debtors have failed to establish good cause to enlarge the Rule 4(m) period, it should nonetheless exercise its discretion to extend time. Although the Third Circuit has not provided an exhaustive list of factors courts should consider in determining whether a discretionary extension is warranted; the Advisory Committee Notes to Rule 4 cite the following factors relevant to the determination to extend time: (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant is evading service or concealing a defect in attempted service; (3) whether service

was required to be made on multiple defendants; and (4) whether the plaintiff is appearing *pro se*. See Petrucelli, 46 F.3d at 1305-06 (citing Fed. R. Civ. P. 4(m) Notes of Advisory Committee on 1993 Amendments). Applied to the present case, these factors weigh decidedly in favor of granting a discretionary extension.

15.  First, the statute of limitations would bar the refiling of the current action as to the large majority of the transfers. Second, as explained above, service was required on numerous defendants. Despite IDG's assertion that the Debtors had access to the identity of IDG and "the necessary information to serve" IDG, the Debtors had no way of knowing with certainty that those addresses were proper and that mail would not be returned to the Debtors as undeliverable or rejected by the registered agent. Finally, at all times the Debtors acted in good faith and with due diligence. In these circumstances, courts routinely exercise their discretion to extend the Rule 4(m) deadline.[4]  Phillips v. Household Finance Corp., 2007 WL 1830897 (D. Del. 2007); Hills v. Romero-Sanchez, 2006 WL 1431258, *2 (D. Del. 2006); Sun Healthcare Group, Inc. v. Mead Johnson Nutritional, 2004 WL 941190 (Bankr. D. Del. 2004); In re Hechinger Investment Company of Delaware, Inc., 308 B.R. 683, 688 (D. Del. 2003),

---

[4] IDG cites several cases that it contends warrant denial of the relief requested in the Motion. However, the cases cited by IDG are distinguishable from the situation at hand. In all of the cases IDG cites, the additional defendants did not receive notice of the filing of any complaint until *after* the original 120-days had expired. Here, the Debtors provided IDG with notice of both the Motion and with the amended complaint prior to the expiration of the 4(m) period.

## **CONCLUSION**

For all the foregoing reasons, and for the reasons set forth in the Motion, the Debtors respectfully request that this Court (i) grant the Motion and (ii) grant such other and further relief as it deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Donna L. Culver*
Donna L. Culver (No. 2983)
Derek C. Abbott (No. 3376)
Alissa T. Gazze (No. 5338)
1201 North Market Street
P. O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*

April 20, 2011
4205204.3

11