**EXHIBIT A**
**PROPOSED ORDER**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
:
                                      :        Chapter 11

*In re*                           :

Nortel Networks Inc., *et al.*,[1]     :        Case No. 09-10138 (KG)

                       :        Jointly Administered
             Debtors.     :

                       :        **RE: D.I. _____**
:
-------------------------------------------------------X

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
## KEIGHTLEY & ASHNER LLP AS SPECIAL PENSION
## BENEFITS COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO APRIL 1, 2011

Upon the motion dated April 25, 2011 (the "<u>Application</u>")[2] of Nortel Networks Inc. and

its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the

"<u>Debtors</u>"), for entry of an order, as more fully described in the Application of the Debtors to

Retain and Employ Keightley & Ashner LLP ("<u>Keightley & Ashner</u>") as special pension benefits

counsel to the Debtors *nunc pro tunc* to April 1, 2011, and adequate notice of the Application

having been given as set forth in the Application; and it appearing that no other or further notice

is necessary; and the Court having jurisdiction to consider the Application and the relief

requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that

consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]      Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

**Error! Unknown document property name.**

Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief requested in the Application, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Application is GRANTED.

2.      Pursuant to sections 327(a), 328(a) and 329 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors are authorized to employ and to retain Keightley & Ashner, to serve as their special pension benefits counsel in connection with the Pension Matters *nunc pro tunc* to April 1, 2011, under the terms and conditions set forth in that certain agreement effective as of April 1, 2011, by and between the Debtors and Keightley & Ashner (the "Engagement Letter").

3.      The Fee Structure and the reimbursement of expenses, set forth in the Agreement, are approved pursuant to section 328(a) of the Bankruptcy Code.

4.      Keightley & Ashner shall be compensated for fees and reimbursed for expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of the Court, and such other procedures as may be fixed by Order of this Court, from time to time, including without limitation this Court's February 4, 2009 Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members [D.I. 222] (the "Interim

**Error! Unknown document property name.**

Compensation Order"), and consistent with the proposed compensation arrangement set forth in the Agreement.

5.    Notwithstanding anything in this Order to the contrary, the United States Trustee for the District of Delaware shall retain all rights to object to any Keightley & Ashner fee application based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6.    Keightley & Ashner is authorized to perform any and all services for the Debtors that are necessary or appropriate in connection with the services described in the Application.

7.    Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

8.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated: _____, 2011
        Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

**Error! Unknown document property name.**