IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
*In re*                                                          :
                                                                 :    Chapter 11
Nortel Networks Inc., *et al.*,[1]                               :
                                                                 :    Case No. 09-10138 (KG)
                        Debtors.                                 :
                                                                 :    Jointly Administered
                                                                 :
                                                                 :    RE: D.I.'s 5143, 5252, 5253,
                                                                 :    5280, 5283
                                                                 :
---------------------------------------------------------------- x

**ORDER (I) AUTHORIZING AND APPROVING THE SALE OF INTERNET
NUMBERS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES
AND INTERESTS; (II) AUTHORIZING AND APPROVING ENTRY INTO A
PURCHASE AND SALE AGREEMENT; (III) AUTHORIZING THE FILING OF
CERTAIN DOCUMENTS UNDER SEAL AND (IV) GRANTING RELATED RELIEF**

Upon the motion, (the "Motion") [D.I. 5143], dated March 21, 2011 of Nortel Networks, Inc. ("NNI") as debtor and debtor-in-possession in the above-captioned chapter 11 case, as amended by Notice of Filing of Revisions to Purchase Agreement and Proposed Sale Order, dated April 15, 2011 (the "Notice of Filing") [D.I. 5252], seeking the entry of an order, as more fully described in the Motion, pursuant to sections 105, 107(b)(1) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004 and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 6004-1 and 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) authorizing the sale, assignment and transfer of all of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel

NNI's rights in and to approximately 666,624 legacy IPv4 numbers (as described further in the Agreement, the "Internet Numbers") on an "as-is" and "where-is" basis, free and clear of all Liens,[2] Claims, encumbrances and interests, other than Assumed Liabilities, Permitted Encumbrances or Liens created by or through the Purchaser or any of its Affiliates, or as otherwise provided in the Agreement (collectively, the "Interests") pursuant to section 363 of the Bankruptcy Code (the "Transaction"), (ii) authorizing and approving entry into that certain Amended and Restated Asset Sale Agreement dated as of April 13, 2011 among NNI (the "Seller") and Microsoft Corporation (the "Purchaser") for the sale, assignment and transfer of Seller's Rights (as defined below)in and to the Internet Numbers as described therein, in the form attached to the Notice of Filing as Exhibit A (the "Agreement"), (iii) authorizing the filing of certain documents under seal and (iv) granting such other and further relief as the Court deems just and proper; and a hearing having been held on April 26, 2011 in connection with the Motion (the "Hearing"); and all parties in interest having been heard, or having had the opportunity to be heard, regarding the relief requested in the Motion; and the Court having considered (a) the Motion, (b) the objections, if any, to the Motion and (c) the arguments made and evidence proffered or adduced in support of the Motion at the Hearing; and it appearing that entry of this Order is in the best interests of the Debtors and their estates; and after due deliberation and good and sufficient cause appearing therefor,

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Agreement.

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A.   This Court has jurisdiction over these chapter 11 cases, over the Motion as a core proceeding and over the parties and Internet Numbers under 28 U.S.C. §§ 157(b) and 1334. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

B.   This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).

C.   Notice of the Motion and the Notice of Filing have been given via first class mail, facsimile, electronic transmission, hand delivery or overnight mail to (i) the U.S. Trustee; (ii) counsel to the Committee: (iii) counsel to the Bondholder Group; (iv) the Purchaser; (v) the American Registry for Internet Numbers ("ARIN"), (vi) all parties to any transition services or similar agreement pursuant to which any of the Internet Numbers are being used to provide services; and (vii) the general service list established in these chapter 11 cases. The notice given by the Debtors of the Motion, the Hearing and the relief being requested constitutes appropriate notice under the circumstances and complies with sections 107(b) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 9018 and Local Rules 6004-1 and 9018-1(b).

D.   Based upon the affidavits of service filed with the Court: (a) notice and service of the Motion was adequate and sufficient under the circumstances of these chapter 11 cases and these proceedings and complied with the various applicable requirements of the Bankruptcy Code and the Bankruptcy Rules; and (b) a reasonable opportunity to object and be heard with respect to the Motion and the relief requested therein was afforded to all interested persons and entities.

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

E.  Neither the Purchaser nor any of its affiliates is an "insider" of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code. The Purchaser negotiated the terms and conditions of the Agreement in good faith and at arm's length with the Seller. The Purchaser is a "good faith" purchaser within the meaning of section 363(m) of the Bankruptcy Code and is, therefore, entitled to the protections afforded thereby. Neither the Seller nor the Purchaser nor any of their affiliates has engaged in any conduct that would cause or permit the Transaction to be avoidable under Section 363(n) of the Bankruptcy Code.

F.  The legal and factual bases set forth in the Motion and the record in these proceedings establish just cause for the relief requested therein, and that such relief is in the best interests of the Debtors, their estates and creditors, and all other parties in interest.

G.  The Seller has the exclusive right to use the Internet Numbers and the exclusive right to transfer its exclusive right to use the Internet Numbers. Such exclusive rights to use and transfer, together with Seller's other legal and equitable rights in and to the Internet Numbers, if any, are referred to herein collectively as the "Seller's Rights").

H.  The Agreement was negotiated and has been and is undertaken by the Debtors and the Purchaser at arm's length, without collusion or fraud, and in good faith within the meaning of Bankruptcy Code section 363(m). As a result of the foregoing, the Debtors and the Purchaser are entitled to the protections of section 363(m) of the Bankruptcy Code.

I.  Purchaser has represented that it has entered into a Legacy Registration Services Agreement with ARIN with respect to the Internet Numbers (the "LRSA").

J.  No further consents or approvals are required for the Seller to enter into the Agreement, to transfer the Seller's Rights in the Internet Numbers to the Purchaser or to consummate the Transaction other than entry of this Order and as set forth in the Agreement.

The execution of the Agreement by the Seller will not constitute a violation of any provision of either the organizational documents of the Seller or any other law, regulation or ordinance under which the Seller is bound. Upon entry of this Order, the Seller has full corporate power and authority to execute the Agreement

K.   The Purchaser would not have entered into the Agreement and would not consummate the Transaction if the sale, transfer and assignment of the Seller's Rights in and to the Internet Numbers to the Purchaser was not free and clear of all Interests, pursuant to section 363(f) of the Bankruptcy Code, subject to the terms of the LRSA. A sale, assignment and transfer of the Seller's Rights in and to the Internet Numbers other than one on such terms would yield substantially less value for the Debtors' estates, with less certainty, than the Transaction. Therefore, the Transaction contemplated by the Agreement is in the best interests of NNI and its estate and creditors, and all other parties in interest.

L.   The consideration to be paid by Purchaser for the Internet Numbers under the Agreement and the terms and conditions thereunder constitute transfers for reasonably equivalent value and fair consideration and may not be avoided under section 363(n) of the Bankruptcy Code.

M.   The Debtors have demonstrated good, sufficient and sound business purpose and justification for entering into the Agreement and consummating the Transaction because, among other things, the Seller and its advisors diligently and in good faith analyzed all available options in connection with the disposition of its rights in and to the Internet Numbers, initiated and conducted a competitive bidding process under which the Purchaser was the winning bidder, and determined that (i) the terms and conditions set forth in the Agreement and (ii) the sale, assignment and transfer of the Seller's Rights in and to the Internet Numbers in

exchange for the purchase price, as more fully described in Agreement, are all fair and reasonable and together constitute the highest or otherwise best value obtainable for such rights in and to the Internet Numbers..

N. Upon entry of this Order, the Agreement shall be a legal, valid and binding contract between the Seller and the Purchaser and is enforceable against the Seller and the Purchaser in accordance with its terms.

O. Upon entry of this Order, (i) no further action is required under the Bankruptcy Code for the Seller to consummate the Transaction pursuant to the Agreement and (ii) the consummation of the Transaction pursuant to the Agreement will be legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including sections 105(a), 363(b), 363(f) and 363(m), and all of the applicable requirements of such sections have been complied with in respect of the Transaction.

P. The Seller's Rights in the Internet Numbers will be transferred, converted, cancelled or otherwise disposed of free and clear of Interests pursuant to the terms of the Agreement because, with respect to each person or entity asserting an interest in the Seller's Rights in the Internet Numbers, one or more of the standards set forth in section 363(f) have been satisfied. All holders of Interests who did not object to the Motion and the relief requested therein, or who withdrew any objections to the Motion and the relief requested therein, are deemed to have consented to the Transaction pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders Interests who did object fall within one or more of the other subsections of section 363(f), and all holders of Liens are adequately protected by having their Liens, if any, attach to the cash proceeds of the Transaction attributable to the Seller' Rights in the Internet Numbers against or in which they claim an interest, with the same priority, validity, force and

effect as they attached to such property immediately before the Closing of the Transaction relating to such Internet Asset.

Q. The Schedules contain substantial sensitive commercial information concerning the Debtors' business, records and related documentation, including without limitation the individual Internet Numbers that are subject to the Transaction, the public disclosure of which could lead to devaluation of the Seller's Rights in the Internet Numbers based on inappropriate use of such internet numbers by third parties. Filing the Schedules to the Sale Agreement under seal is in the best interests of the Debtors, their estates, creditors and other parties-in-interest.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The Motion is granted.

2. All objections, if any, to the entry of this Order are overruled to the extent not otherwise withdrawn or resolved as set forth on the record of the Hearing.

3. The Agreement and all of the terms and conditions thereof are hereby approved. The Debtors are authorized and directed to consummate the Transaction as provided in the Agreement. Without limiting the foregoing, the Debtors are authorized to take all actions as may be reasonably requested by the Purchaser that may be reasonably necessary or appropriate to the performance of the obligations as contemplated by the Agreement or to effectuate the relief granted pursuant to this Order.

4. The Agreement is legal, valid and effective under the Bankruptcy Code. Pursuant to the Agreement and to section 363(f) of the Bankruptcy Code, the Seller's Rights in the Internet Numbers shall be transferred, assigned and otherwise disposed of to the Purchaser

...

(or its designated assignee, as permitted by the Agreement (the "Assignee")) free and clear of all Interests, whether known or unknown, contingent or otherwise, whether arising prior to or subsequent to the commencement of the Debtors' chapter 11 cases, and whether imposed by agreement, understanding, law, equity or otherwise. Upon the consummation of the Transaction, the Purchaser or the Assignee shall be vested with all of the Seller's right, title and interest in and to the Seller's Rights in the Internet Numbers, free and clear of all Interests. Any and all Liens shall attach to the net proceeds of the Transaction contemplated in the Agreement, with the same priority, validity, force and effect as they now have against the Internet Numbers and subject to any rights, claims or defenses of the Debtors or their estates with respect thereto.

5. For the avoidance of doubt, this Order shall not affect the LRSA and the Purchaser's rights in the Internet Numbers transferred pursuant to this Order shall be subject to the terms of the LRSA.

6. The provisions of this Order are nonseverable and mutually dependent.

7. Nothing in this Order shall be deemed to waive, release, extinguish or estop the Debtors or their estates from asserting or otherwise impair or diminish any right (including without limitation any right of recoupment), claim, cause of action, defense, offset or counterclaim in respect of any asset that is not an Internet Number.

8. Except with respect to enforcing the terms of the Agreement, absent a stay pending appeal, no person or entity shall take any action to prevent, enjoin or otherwise interfere with consummation of the Transaction contemplated in or by the Agreement or this Order.

9. The Agreement may be amended, modified or supplemented, or the provisions thereof waived, in accordance with the terms thereof without further order of this Court or notice thereof to any party in interest in the Debtors' chapter 11 cases, provided,

however, that further order of this Court shall be required if there is an amendment, modification, supplement or waiver to the Agreement that has a material and adverse impact on the Seller; provided further that no such modifications, amendments, or supplements may be made except following (a) two (2) days written notice to, or the prior consent of, the counsel to the Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036 (Attention: Fred S. Hodara, Stephen Kuhn, and Kenneth Davis); the counsel to the Bondholder Group, Milbank, Tweed, Hadley & McCloy, One Chase Manhattan Plaza, New York, New York, 10006 (Attention: Albert A. Pisa and Thomas J. Matz); and (b) two (2) days written notice to counsel to ARIN, McDermott Will & Emery, LLP, 600 13th Street, N.W., Washington, D.C. 2005-3096 (Attn.: Stephen M. Ryan).

10. In the absence of a stay of the effectiveness of this Order, in the event that the Purchaser and the Seller consummate the Transaction contemplated by the Agreement at any time after entry of this Order, then with respect to the Transaction approved and authorized herein, the Purchaser or Assignee, as arm's-length purchaser in good faith within the meaning of section 363(m) of the Bankruptcy Code, shall be entitled to all of the protections of section 363(m) of the Bankruptcy Code in the event this Order or any authorization contained herein is reversed or modified on appeal.

11. Each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to consummate the Transaction contemplated by the Agreement.

12. The failure specifically to include any particular provision of the Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

13. The Court shall retain exclusive jurisdiction to (i) interpret, construe and enforce the provisions of the Agreement, all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith and this Order in all respects, in each case solely to the extent such interpretation, construction or enforcement pertains to a Debtor and (ii) hear and determine any and all disputes arising under or related to the Agreement or the Transaction, except as otherwise provided in the Agreement, and solely to the extent that a Debtor is directly involved in such dispute.

14. The terms of this Order and the Agreement shall be binding on and inure to the benefit of the Debtors, all stakeholders (whether known or unknown) of the Debtors, the Purchaser, the Assignee, the Debtors' creditors and all other parties in interest, including all persons served with notice of the Motion pursuant to Paragraph C above, and any successors of the Debtors, the Purchaser and the Assignee (if any), and the Debtors' creditors, including any trustee or examiner appointed in these cases or any subsequent or converted cases of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code.

15. Nothing contained in any plan confirmed in this case or any order of the Court confirming such plan shall conflict with or derogate from the provisions of the Agreement or the terms of this Order.

16. The failure to include any particular provision of the Agreement in this Order shall not diminish or impair the effectiveness of that provision, it being the intent of the Court and the parties that the Agreement be approved and authorized in its entirety.

17. Any conflict between the terms and provisions of this Order and the Agreement shall be resolved in favor of this Order.

18.  The Debtors are hereby authorized to perform each of their covenants and undertakings as provided in the Agreement prior to the final Closing Date without further order of the Court.

19.  The Schedules delivered to the Court by the Debtors shall be kept segregated and under seal by the Clerk of Court and shall not be made publicly available pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(b).

20.  Pursuant to Bankruptcy Rule 6004(h), this Order is stayed until the expiration of 14 days after entry hereof. Thereafter, the Agreement shall be effective and enforceable by and against the Seller and the Purchaser, and the Debtors are authorized to take all steps necessary to consummate the Transaction contemplated in the Agreement.

Dated: April 26, 2011
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE