# EXHIBIT A

## Reduce and Allow Claims

## Exhibit A

### Reduce and Allow Claims

**Claim to be Modified**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Modified Claim<br>Amount | Reason for<br>Modification |
|---|---|---|---|---|
| ASM CAPITAL, L.P.<br>TRANSFEROR: WELLS FARGO BANK, N.A.<br>ATTN: ADAM MOSKOWITZ<br>7600 JERICHO TURNPIKE, SUITE 302<br>WOODBURY, NY 11797 | 1518<br>7/7/09<br>09-10138<br>Nortel Networks Inc. | - (S)<br>- (A)<br>- (P)<br>$380,121.95 (U)<br>$380,121.95 (T) | - (S)<br>- (A)<br>- (P)<br>$366,201.35 (U)<br>$366,201.35 (T) | Partial No Liability Claim.  Based on careful review of the Debtors' Books and Records, the Debtors do not recognize $13,920.60 as valid liabilities of any Debtor in these chapter 11 cases, and for which no matching purchase order information was provided or found. |
| JPMORGAN CHASE VASTERA PROFESSIONAL SERVICES, INC., ATTN: DAVID J WARAGER<br>VP & ASST. GN COUNSEL<br>1 CHASE MANHATTAN PLAZA, 25TH FLOOR<br>NEW YORK, NY 10005-1401 | 5566<br>9/30/09<br>09-10138<br>Nortel Networks Inc. | Unliquidated | - (S)<br>- (A)<br>- (P)<br>$503,386.78 (U)<br>$503,386.78 (T) | Partial No Liability Claim.  Based on careful review of the Debtors' Books and Records, the Debtors Books and Records only reflect $503,386.78 as being due and owed from the Debtors the Claimant. |
| OFS FITEL, LLC<br>ATTN: JANA KAPLAN<br>2000 NORTHEAST EXPRESSWAY SUITE 2H 02<br>NORCROSS, GA 30071 | 3950<br>9/28/09<br>09-10138<br>Nortel Networks Inc. | - (S)<br>- (A)<br>- (P)<br>$98,572.12 (U)<br>$98,572.12 (T) | - (S)<br>- (A)<br>- (P)<br>$98,138.41 (U)<br>$98,138.41 (T) | Partially Satisfied Claim.  Claim should be modified to remove $433.71 in invoices that were paid pre-petition.  Invoice #114080 was paid on 01/05/2009, payment document #6200005957. |
| SODEXHO INC. & AFFILIATES<br>4880 PAYSPHERE CIRCLE<br>CHICAGO, IL 60674 | 5558<br>9/30/09<br>09-10138<br>Nortel Networks Inc. | - (S)<br>- (A)<br>- (P)<br>$21,208.79 (U)<br>$21,208.79 (T) | - (S)<br>- (A)<br>- (P)<br>$16,790.24 (U)<br>$16,790.24 (T) | Partial No Liability Claim.  Based on careful review of the Debtors' Books and Records, the Debtors do not recognize $4,418.55 as valid liabilities of any Debtor in these chapter 11 cases, and for which no matching purchase order information was provided or found. |

# Exhibit A

## Reduce and Allow Claims

**Claim to be Modified**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount Claimed | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|
| WIRELESS (TX) LP *<br>C/O W.P. CAREY & CO., LLC<br>ATTN: DARREN POSTEL<br>50 ROCKEFELLER PLAZA<br>NEW YORK, NY  10020 | 785<br>3/31/09<br>09-10138<br>Nortel Networks Inc. | - (S)<br>- (A)<br>- (P)<br>$9,923,764.91 (U)<br>$9,923,764.91 (T) | - (S)<br>- (A)<br>- (P)<br>$3,737,392.31 (U)<br>$3,737,392.31 (T) | Claim should be modified as follows:<br><br>Lease Rejection Damages:  $6,381,142.31 (*)<br>($2,643,750.00) (**)<br>TOTAL              $3,737,392.31 |
| | | | | (*) Claimant has provided no support for the amounts included in the Lease Rejection Damages Amount.  As such, based on a careful review of the Debtors' Books and Records, the Debtors believe the total rejection damages should be reduced to the amount stated above. Further, Claimant included a request for pre-rejection attorneys fees in the amount of $30,000 outside of the 502(b)(6) cap. Claims for attorneys fees should be included in the total rejection damages and are therefore capped and not recoverable as a separate claim. See PPI Enterprises (U.S.) Inc., 228 B.R. 339 (Bankr. D. Del. 1998 (holding that as attorneys' fees are not considered independent of the 502(b)(6) cap and as they neither related to the leasehold's value nor constitute a fixed, regular or periodic charge, such fees are not allowable as "rent reserved" under Section 502(b)(6)).<br>(**) Because the Claimant has retained a security deposit in  amount of $2,642,750, the claimant should have reduced its total lease rejection damages in the amount of the security deposit it retains.  See, e.g., In re PPI Enters. (U.S.), Inc., 324 F.3d 197, 208-12 (3d Cir. 2003) (holding that a letter of credit should be treated analogously to a security deposit and applied against the landlord's total lease rejection damages); Oldden v. Tonto Realty Corp., 143 F.2d 916, 920-21 (2d Cir. 1944) (holding that a security deposit should be applied against a landlord's lease rejection damages). |

## Exhibit A

### Reduce and Allow Claims

**Claim to be Modified**

| Name/Address of Claimant | Claim Number<br>Date Filed<br>Case Info | Total Amount<br>Claimed | Modified Claim<br>Amount | Reason for<br>Modification |
|---|---|---|---|---|
| **Totals:** | 5  Claims | - (S)<br>- (A)<br>- (P)<br>$10,873,667.77 (U)<br>$10,873,667.77 (T) | - (S)<br>- (A)<br>- (P)<br>$4,721,909.09 (U)<br>$4,721,909.09 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

\* Claimant has indicated that all or part of the claim may be entitled to secured, priority, or administrative status, however, claimant does not specify which portion of the claim is entitled to any status other than unsecured, nor do they provide any support for any classification other than unsecured.