# EXHIBIT F

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Joitly Administered
Debtors. :
:
: **RE: D.I.** _____
:
------------------------------------------------------------X

## ORDER GRANTING
## DEBTORS' TWENTIETH OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND DEL. L.R. 3007-1 (REDUCE AND ALLOW CLAIMS, NO-BASIS 503(b)(9) CLAIMS, NO LIABILITY CLAIMS, AND WRONG DEBTOR CLAIMS)

Upon the Debtors' Twentieth Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (Reduce and Allow Claims, No-Basis 503(b)(9) Claims, No Liability Claims, and Wrong Debtor Claims) (the "Objection")[2] filed by Nortel Networks Inc. and certain of its affiliates, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), requesting an order pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 reducing, modifying or disallowing in full, as applicable, the claims identified in **Exhibits A-D** attached thereto; and upon the Declaration of John J. Ray, III in Support of the Debtors' Twentieth Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

R. Bankr. P. 3007 and Del. L.R. 3007-1 (Reduce and Allow Claims, No-Basis 503(b)(9) Claims, No Liability Claims, and Wrong Debtor Claims), attached to the Objection as Exhibit E; and upon all other documentation filed in connection with the Objection and the claims, including certain claims identified in **Exhibits A-D** thereto; and adequate notice of the Objection having been given as set forth in the Objection; and it appearing that no other or further notice is required; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Objection is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Objection is **GRANTED** with respect to each of the claims identified in Exhibits A-C attached thereto.

2. Each of the Reduce and Allow Claims identified in **Exhibit A** to the Objection is hereby reduced and allowed for the Modified Claim Amounts identified therein.

3. Each of the No-Basis 503(b)(9) Claims identified in **Exhibit B** to the Objection is hereby disallowed in full.

4. Each of the No Liability Claims identified in **Exhibit C** to the Objection is hereby disallowed in full.

5. Each of the Wrong Debtor Claims identified in **Exhibit D** to the Objection is hereby modified and allowed against the Identified Debtor for the amount stated therein.

6. Unless included in other Exhibits to the Objection, each of the Remaining Liability Claims, Corresponding Remaining Claims and the Corresponding Non-503(b)(9) Claims identified on **Exhibits A, C and D** attached to the Objection, respectively, will be

unaffected by this order, and each claimant's right to assert these liabilities against the Debtors' estates will be preserved, subject to the Debtors' reservations of their rights to object to such claims on any and all grounds, whether legal, factual, procedural, substantive or non-substantive.

7. This order shall be deemed a separate order with respect to each of the claims identified in **Exhibits A-D** to the Objection. Any stay of this order pending appeal by any claimant whose claim is subject to this order shall only apply to the contested matter, which involves such claimant and shall not act to stay the applicability and/or finality of this order with respect to the other contested matters listed in the Objection or this order.

8. The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this order.

9. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this order.

Dated: _____
      Wilmington, Delaware

                                                THE HONORABLE KEVIN GROSS
                                                UNITED STATES BANKRUPTCY JUDGE