## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- X
                   :

*In re*                        :

Nortel Networks Inc., *et al.*,[1]     :

            Debtors.     :

                        :

                        :
-------------------------------------------------------- X

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

**Hearing date: June 7, 2011 at 9:30 a.m. (ET)**
**Objections due: May 24, 2011 at 4:00 p.m. (ET)**

## DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE CLAIMS AGENT TO REFLECT CERTAIN CLAIMS THAT HAVE BEEN SATISFIED AS PAID

Nortel Networks Inc. ("<u>NNI</u>") and certain of its affiliates, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), hereby move this Court (the "<u>Motion</u>") for the entry of an order substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105 and 502 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and in accordance with Rule 3007-1(e)(iii)(J)(2) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, authorizing the Debtors and their official claims, noticing and balloting agent, Epiq Bankruptcy Solutions, LLC (the "<u>Claims Agent</u>") to reflect in the Claims Register (as defined below) that certain claims identified on the attached **Exhibits B**

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

and $C^2$ have been satisfied in part or in whole, as the case may be (the Satisfied Obligations, as defined below), and are entitled to no voting rights or additional distribution from the Debtors or the Debtors' estates with respect to such Satisfied Obligations in these chapter 11 cases and further ordering that the Debtors' rights to object to the remaining portion of any such claim on **Exhibits B** and **C** not entirely consisting of a Satisfied Obligation (the "Remaining Obligations") be preserved in all respects; and granting them such other and further relief as the Court deems just and proper.  In support of this Motion, the Debtors submit the Declaration of John J. Ray, III in Support of Debtors' Motion for Entry of an Order Authorizing the Claims Agent to Reflect Certain Claims that Have Been Satisfied as Paid (the "Ray Declaration"), attached hereto as **Exhibit D** and incorporated by reference, and respectfully represent as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105 and  502 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 3007.

---

[2]      Cleary Gottlieb Steen & Hamilton LLP is counsel to the Debtors with respect to the claims listed on **Exhibit B**, Morris, Nichols, Arsht & Tunnell LLP is counsel to the Debtors with respect to the claims listed on **Exhibits B** and **C** other than claim 3947, and Benesch, Friedlander, Coplan & Aronoff LLP is counsel to the Debtors with respect to claim 3947.

**Background**

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel

Networks (CALA) Inc. ("NN CALA"),[3] filed voluntary petitions for relief under chapter 11 of

the Bankruptcy Code, which cases are consolidated for procedural purposes only.  The Debtors

continue to operate their remaining businesses and manage their properties as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The Office of the United States Trustee for the District of Delaware (the "U.S.

Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in

respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized

(the "Bondholder Group").

5.      On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks

Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and

together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their

Canadian affiliates (collectively, the "Canadian Debtors")[4] commenced a proceeding with the

Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors

Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the

"Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by

the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed

---

[3]      NN CALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July
14, 2009 (the "CALA Petition Date"), which was consolidated and is being jointly administered with the
other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

[4]      The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology
Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[5] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators").  Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6.      On June 19, 2009, Nortel announced that it was advancing in discussions with external parties to sell its businesses and that it would assess other restructuring alternatives for its businesses in the event that it were unable to maximize value through sales.  Since then, Nortel has sold many of its business units and assets to various purchasers.  Efforts continue to be made with respect to the realization of value from Nortel's remaining assets.  For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

7.      On April 20, 2009 and May 29, 2009, the Debtors (other than NN CALA) filed their Schedules of Assets and Liabilities and Statements of Financial Affairs [D.I.s 616-627, 801-810].  On September 11, 2009, the Debtors filed Schedules of Assets and Liabilities and Statements of Financial Affairs for NN CALA (the "NN CALA Schedules") [D.I. 1477, 1478].  On November 4, 2009, the Debtors (other than NN CALA) filed their Amended Schedules of Assets and Liabilities and Amended Statements of Financial Affairs (together with the NN CALA Schedules, the "Schedules") [D.I.s 1811-1825].

---

[5]      The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

8.      On August 4, 2009, the Court entered an order (the "Bar Date Order") [D.I. 1280]

establishing September 30, 2009 at 4:00 p.m. (Eastern Time) (the "General Bar Date") as the last

date for all creditors holding a "claim" against one or more of the Debtors (other than NN

CALA) to file and serve a written proof of claim, subject to certain enumerated exceptions set

forth in the Bar Date Order.  On December 3, 2009, the Court entered an order (the "CALA Bar

Date Order") [D.I.  2059] establishing January 25, 2010 at 4:00 p.m. (Eastern Time) (the "CALA

Bar Date") as the general claims bar date for all creditors holding a claim against NN CALA to

file and serve written proofs of claim.

9.      In the ordinary course of business, the Debtors maintain books and records (the

"Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts

owed to their creditors.

10.     The Claims Agent has prepared and maintains a register (the "Claims Register")

of all proofs of claim filed against the Debtors in these chapter 11 cases.  As of April 15, 2011,

the Claims Register consisted of approximately 7,709 proofs of claim.  The Debtors and their

advisors are comprehensively reviewing and reconciling all claims, including both the claims

listed on the Schedules and the claims asserted in the proofs of claim (including any supporting

documentation).  The Debtors also are comparing the claims asserted in the proofs of claim with

the Books and Records to determine the validity of the asserted claims.

11.     This reconciliation process includes identifying particular claims that have been

paid or otherwise satisfied.  To avoid possible double recovery or otherwise improper recovery

by claimants, the Debtors intend to file motions to resolve such category of claims if and where

warranted.  This Motion is one such motion.

12.    On September 16, 2010, the Court entered an order approving a cross-border claims protocol establishing procedures to promote coordination and cooperation between the Debtors and the Canadian Debtors in the resolution of certain claims filed in these chapter 11 cases and the Canadian Proceedings that raise cross-border issues [D.I. 3956].

## Relief Requested

13.    The Debtors and/or their advisors have carefully reviewed each of the claims listed in **Exhibits B** and **C** and have determined that the portions of the claims identified in the column labeled "Satisfied Amount" are based on Satisfied Obligations and believe that each of such identified portions has been satisfied.  Accordingly, the Debtors request that the Claims Agent be authorized to reflect in its records and the Claims Register that the identified portions of the claims have been satisfied, and that no voting rights be given and no further distribution be made by the Debtors or the Debtors' estates with respect to those portions of the claims.

## Basis for Relief

14.    Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a bankruptcy estate only to the extent that (a) it has a "right to payment" for the asserted liabilities and (b) the claim is otherwise allowable.  11 U.S.C. §§ 101(5) and 101(10).  By contrast, there is no right to payment – and therefore no claim – to the extent that the asserted liability already has been paid or otherwise is not due and owing by a debtor.

15.    During the course of these chapter 11 cases, the Court entered certain orders (collectively, the "Payment Orders") authorizing the Debtors to make certain payments in satisfaction of prepetition and postpetition obligations.  The Payment Orders include, without limitation, the following:

6

a.    Order (A) Authorizing the Debtors to Pay Prepetition Common Carrier Charges and Warehouse Fees and (B) Scheduling a Final Hearing [D.I. 50];

b.    Order Authorizing Payment of Prepetition Obligations to Foreign Vendors [D.I. 71];

c.    Order Granting Administrative Expense Status to Debtors Obligations Arising from the Post-Petition Delivery of Goods and Services Ordered Pre-Petition and Authorizing Debtors to Pay Such Obligations in the Ordinary Course of Business [D.I. 135]; and

d.    Order Authorizing the Debtors to Remit and Pay Certain Taxes and Fees [D.I. 48] and Supplemental Order Authorizing the Debtors to Remit and Pay Certain Taxes and Fees [D.I. 531].

16.    Subsequent to the CALA Petition Date, the Court entered the Order to Have Previously-Entered Orders as Supplemented Govern Nortel Networks (CALA) Inc. Prospectively [D.I. 1099] (the "CALA Payment Order").  The CALA Payment Order provides that certain orders entered prior to the CALA Petition Date in the main proceeding with respect to the other Debtors, including the Payment Orders, are applicable to NN CALA to the extent the relief granted in each of the orders is relevant to NN CALA's case.

17.    In accordance with the Payment Orders and the CALA Payment Order the Debtors satisfied certain obligations (the "Payment Order Satisfied Obligations"), including a portion of the claims identified in **Exhibits B** and **C**.

18.    Further, after the Petition Date and the CALA Petition Date, as applicable, pursuant to sections 1107 and 363 of the Bankruptcy Code the Debtors made certain payments in the ordinary course of business on account of post-petition goods and services for which a claim was filed.  As a result of these payments, the Debtors satisfied certain obligations (the "Ordinary

Course Satisfied Obligations," and together with the Payment Order Satisfied Obligations, the "Satisfied Obligations"), including a portion of the claims identified in **Exhibits B** and **C**.[6]

19.    The claims listed in **Exhibits B** and **C** are based on, in whole or in part, the Satisfied Obligations and overstate the Debtors' liability by an amount that was satisfied after the Petition Date or the CALA Petition Date, as applicable.  Based on careful review of the Books and Records, the Schedules and the proof of claim, including supporting documentation provided by the claimant, if any, and other facts and circumstances relevant to such claim, the Debtors have determined that the portions of the claims identified as Satisfied Obligations in **Exhibits B** and **C** represent liabilities that have been satisfied pursuant to one or more of the Payment Orders or the CALA Payment Order, or in the ordinary course of business after the Petition Date or the CALA Petition Date, as applicable.

20.    With respect to each of the claims identified in **Exhibits B** and **C**, the Debtors and/or their advisors have carefully reviewed the Books and Records, the Schedules, the proof of claim, including supporting documentation provided by the claimants, if any, and other facts and circumstances relevant to such claim and have determined that the Satisfied Obligations identified in **Exhibits B** and **C** were satisfied after the Petition Date or the CALA Petition Date, as applicable, because the asserted liability was either (i) paid directly by the Debtors; (ii) paid by a third party billing system on behalf of the Debtors; or (iii) offset with a credit.  As a result of those payments, the affected claimants have received all of the distribution to which they are

---

[6]    As indicated in **Exhibits B** and **C**, Alpha Networks Inc. (claim number 4473), MRV Communications, Inc. (claim number 3049), Phoenix Telecom Solutions, Inc. (claim number 76), and Revelwood Inc. (claim number 2603) are also subject to the Debtors' Nineteenth Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims, Redundant Claims, Wrong Debtor Claims and No Basis 503(b)(9) Claims ("Debtors' Nineteenth Omnibus Claims Objection"), filed concurrently with this Motion.

entitled on account of the Satisfied Obligations, and neither the Debtors nor the Debtors' estates

have any further legal obligation with respect to such liabilities.

21.      Accordingly, the Debtors request that the Claims Agent be authorized to reflect in

the Claims Register that the Satisfied Obligations identified in **Exhibits B** and **C** as having been

paid, and that no voting rights be given and no further distribution be made with respect to the

Satisfied Obligations.  If the claims are not reduced as requested herein, each of the claimants

may receive double recovery or an otherwise disproportionately large voting right and/or

distribution in these chapter 11 cases in contravention of the provisions and policies of the

Bankruptcy Code and to the direct detriment of the Debtors' estates and other creditors.

## Reservation of Rights

22.      The Debtors reserve the right to object to each of the claims listed in **Exhibits B**

and **C** on any and all factual or legal grounds.  Without limiting the generality of the foregoing,

the Debtors specifically reserve the right to amend this Motion, file additional papers in support

of this Motion, file a subsequent objection or motion on any ground with respect to any of the

claims listed in **Exhibits B** and **C**, or take other appropriate actions to (a) respond to any

allegation or defense that may be raised in an objection filed by or on behalf of any of the

claimants or other interested parties, (b) object to any of the claims listed therein for which a

claimant provides (or attempts to provide) additional documentation or substantiation, or (c)

object to any claim listed therein  based on additional information that may be discovered upon

further review by the Debtors and/or their advisors or through discovery pursuant to the

applicable provisions of Part VII of the Bankruptcy Rules.

## <u>Notice</u>

23.    Notice of the Motion has been given via first class mail to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; (iv) each of the parties listed in **Exhibits B** and **C**; and (v) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

## <u>No Prior Request</u>

24.    No prior request for the relief sought herein has been made to this or any other court.

*[Remainder of page left intentionally blank.]*

10

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto as **Exhibit A**; and (iii) grant such other and further relief as it deems just and proper.

Dated:  April 28, 2011
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Deborah M. Buell (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-3505
Facsimile:  (212) 225-3999

*Counsel for the Debtors*
*and Debtors in Possession,*
*except with respect to the claims listed on Exhibit C*


- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*
*except with respect to claim 3947*


- and -

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP


*/s/ Raymond H. Lemisch*
Raymond H. Lemisch, Esq. (No. 4204)
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012

*Counsel for the Debtors*
*and Debtors-in-Possession*
*with respect to claim 3947*

12