## EXHIBIT A



Direct Dial: 416.216.2327
Direct Fax: 416.216.3930
jstam@ogilvyrenault.com

**Sent By E-mail**

Toronto, April 28, 2011

David Steer                               Dr. Leo Strawczynski
10 Cypress Crt.                           479 Highland Avenue
Nepean, ON  K2H 8Z8                       Ottawa, Ontario K2A 2J5

Dear Sirs:

**RE:    Nortel Networks Corporation, et. al.: Court File No: 09-CL-7950**

We are in receipt of your filings that were sent on April 27, 2011 and April 28, 2011 respectively.

As you may be aware, the motions related to the sale of the Nortel patent portfolio will take place in two (2) stages. The motion on May 2, 2011 is intended to seek approval of the bidding process itself (as well as certain other matters), but the Court will not be asked to grant the approval and vesting order itself on that day. The concerns that you have raised in your filings are more appropriately addressed at the hearing at which Nortel will seek the approval and vesting order and as such, it is our view that it is premature to address any of these concerns at the May 2, 2011 hearing. If you wish to object to the form of approval and vesting order, that hearing is currently scheduled for June 30, 2011.

In any event, Nortel is of the view that your position regarding the ongoing validity of your assignments and related assertions as well as the requirement that inventors, as opposed to patent owners, be made parties to patent litigation is incorrect at law. Nortel has not repudiated or terminated any assignment agreements regarding the inventions of its employees or contractors and as such, all such assignments remain valid. There is also no requirement under at least Canadian and United States law that inventors be made parties to patent litigation, or that they must provide consent for such actions to proceed. In the context of patent litigation or otherwise, you are reminded that by virtue of agreements you made with Nortel during your employment, you are subject to a continuing duty to maintain the confidentiality of any trade secrets or confidential information that you learned while at Nortel.

**OGILVY RENAULT LLP / S.E.N.C.R.L., s.r.l.**

Barristers & Solicitors
Patent & Trade-mark Agents

DOCSTOR: 2166199\4

Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street, P.O. Box 84
Toronto, Ontario  M5J 2Z4
CANADA

T : 416.216.4000
F : 416.216.3930
toronto@ogilvyrenault.com

ogilvyrenault.com

Montréal  •  Ottawa  •  Québec  •  Toronto  •  Calgary  •  London



Page 2

In view of the foregoing, we are of the view that it is appropriate for the patent portfolio itself to be sold as contemplated by the sale agreement and the terms of the proposed approval and vesting order. You should also note that pursuant to paragraph 8 of the approval and vesting order, and as is standard in such orders, any claim that you may have transfers from the patent assets to the proceeds which should address your concerns regarding the termination of encumbrances or inventors' claims. You will have the opportunity to file a claim with the appropriate Nortel estate at the time a process is commenced for such claims of former employees and the sale of the patent portfolio does not impact your ability to do so.

We wish to remind you that Koskie Minsky LLP (Mark Zigler - mzigler@kmlaw.ca - (416) 595-2090) is the court-appointed counsel for all Nortel former employees and LTD beneficiaries (with certain exceptions inapplicable to you). As such, you may wish to be in touch with them. You are also free to contact the undersigned or counsel to Ernst & Young Inc., the court-appointed monitor (Joseph Pasquariello - jpasquariello@goodmans.ca/ 416.597.4216) if you have further questions.

Yours very truly,

Jennifer Stam

JS/ds