# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------- X
                                                     :
*In re*                                              :    Chapter 11
                                                     :
Nortel Networks Inc., *et al.*,[1]                   :    Case No. 09-10138 (KG)
                                                     :
        Debtors.                                :    Jointly Administered
                                                     :
                                                     :    Re: D.I. 5359
                                                     :
---------------------------------------------------- X

_____

Court File No. 09-CL-7950[2]

## *ONTARIO*
## SUPERIOR COURT OF JUSTICE
## (COMMERCIAL LIST)

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

## JOINT NOTICE OF (I) SOLICITATION OF INITIAL BIDS; (II) PUBLIC AUCTION AND SALE HEARING; (III) REJECTION OF CERTAIN PATENT LICENSES; AND (IV) RELATED RELIEF AND DATES

_____

---

[1] The debtors in these chapter 11 cases (the "U.S. Debtors"), along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] The debtors in these CCAA proceedings (the "Canadian Debtors"), include Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

On April 4, 2011, Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Inc. and certain of their affiliates (collectively the "Sellers") entered into an agreement (the "Agreement") to convey substantially all of the Sellers' residual patents and certain related assets as described therein (the "Assets") to Ranger Inc., an affiliate of Google Inc., as more fully set forth in the U.S. Debtors' motion for approval of the Sale and other related relief filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on April 4, 2011 (D.I. 5202) (the "U.S. Sale Motion") and the Canadian Debtors' motion record containing materials supporting the request for approval of the Agreement as a stalking horse agreement and the bidding procedures filed with the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court") on April 7, 2011 (the "Canadian Sale Motion"). The U.S. Sale Motion and Canadian Sale Motion contemplate the rejection or termination of certain outbound and cross patent license agreements in connection with the proposed Sale.[3]

The Auction and sale of the Assets and the rejection of the Unknown Licenses by the U.S. Debtors and the Canadian Debtors will occur in accordance with procedures established by an order of the Bankruptcy Court (the "Bidding Procedures Order"), entered on May 2, 2011 [D.I. 5359] and an order of the Canadian Court entered on May 2, 2011 (the "Canadian Sales Process Order"), respectively.

License Rejection Procedures. Ranger Inc. has agreed to take the Assets subject to substantially all known outbound and cross patent licenses to such Assets granted prior to the signing of the Agreement, as identified by the Sellers, upon the terms and subject to the limitations contained in the Agreement. In an abundance of caution and in furtherance of the Sale, (i) the U.S. Debtors intend to reject any Unknown Licenses (as defined in the U.S. Sale Motion) to such Assets pursuant to section 365(n) of the Bankruptcy Code, effective as of and conditioned on the occurrence of the Closing, and (ii) the Canadian Debtors intend to terminate all Unknown Licenses (as defined in the Canadian Sale Motion) to such Assets, effective as of and conditioned on the occurrence of the Closing. ***If you have a license to the Assets granted by the U.S. Debtors that has not been identified in the Agreement and does not fall within one of the below categories of Covered Licenses (as defined below), such license will be rejected as of and conditioned upon the occurrence of the Closing, subject to your right to object to such rejection, as described under "Unknown Licenses with U.S. Debtors" below. If you have a license to the Assets granted by the Canadian Debtors that has not been identified in the Agreement and does not fall within one of the below categories of Covered Licenses, such license will be terminated as of and conditioned upon the occurrence of the Closing, unless you follow the procedures described under "Unknown Licenses with Canadian Debtors" described below. You should carefully read the Agreement, the U.S. Sale Motion, the Canadian Sale Motion, the Bidding Procedures Order and the Canadian Sales Process Order to understand how your rights may be affected by the U.S. Sale Motion, the Canadian Sale Motion and the Sale.***

Except as described below, within five (5) Business Days of the entry of the Bidding Procedures Order and the Canadian Sales Process Order, as applicable, or as soon as is practicable thereafter, (i) the U.S. Debtors will serve all of the U.S. Debtors' Known Licensees

---

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the U.S. Sale Motion.

with a notice identifying the Known Licenses to the Transferred Patents, Specified UK Patents and Jointly Owned Patents (each as defined in the Agreement), and (ii) the Canadian Debtors will serve all Known Licensees (as defined in the Canadian Sales Process Order) of the Canadian Debtors with a notice identifying the Known Licenses (as defined in the Canadian Sales Process Order) to the Transferred Patents, Specified UK Patents and Jointly Owned Patents with the Canadian Debtors. If you receive such a notice and it accurately lists all licenses to the Assets that you have with the U.S. Debtors and the Canadian Debtors, you do not need to take any further action. If you do not receive such a notice and you are a counterparty to a license with the U.S. Debtors or the Canadian Debtors, or if you receive such a notice but you are a counterparty to a license with the Debtors that is not listed on such notice, your rights may be affected by the Sale Motion and the Sale.

The Sellers do not intend to reject or terminate the following license agreements related to the patents being offered for sale (collectively, the "Covered Licenses"): (i) Commercial Licenses (as defined in the Agreement)[4]; and (ii) certain intercompany agreements among the Sellers and their affiliates. The counterparties to such licenses will not receive a notice identifying such licenses from the U.S. Debtors or the Canadian Debtors.

Inquiries regarding the License Rejection Procedures, including whether a particular license is a Covered License (i) can be directed to the Monitor at (416) 943-4439 or (866) 942-7177, in the case of license agreements to which the Canadian Debtors are a party, and (ii) can be directed to Cleary Gottlieb Steen & Hamilton LLP at (212) 225-3830, in the case of license agreements to which the U.S. Debtors are a party.

Unknown Licenses with the U.S. Debtors

Unknown Licenses with the U.S. Debtors will be rejected pursuant to section 365(n) of the Bankruptcy Code effective as of and conditioned on the occurrence of the Closing.

The deadline for any counterparty to an Unknown License with the U.S. Debtors or party in interest to file and serve an objection to the rejection of any Unknown License is **May 31, 2011 at 4:00 p.m. (ET)**. Such objection shall be served in accordance with the Objection Procedures (as defined below) on: the Objection Notice Parties (as defined below); counsel to the Canadian Debtors, Ogilvy Renault LLP, Attn: Jennifer Stam, Royal Bank Plaza, South Tower, Suite 3800, 200 Bay Street, Toronto, Ontario, Canada, Facsimile: (416) 216-3930; and counsel to Ernst & Young Inc. in its capacity as monitor of the Canadian Debtors (the "Monitor"), Goodmans LLP, Attn: Jay Carfagnini and Joseph Pasquariello, Bay Adelaide Centre, 333 Bay Street, Suite 3400, Toronto, ON M5H 2S7, Facsimile: (416) 979-1234.

The deadline for a counterparty to an Unknown License to elect to retain its rights under such license in accordance with section 365(n)(1)(b) of the Bankruptcy Code is **June 6, 2011 at 4:00 p.m. (ET)** (the "Notice of Election Deadline"). Any counterparty to an Unknown License that wishes to retain such rights must file a notice of election to retain such rights (a "Notice of Election") in accordance with the Objection Procedures (as defined below), serve such notice on:

---

[4] "**Commercial Licenses**" means the Pre-Divestiture Commercial Licenses, the Post-Divestiture Commercial Licenses and the End-User Licenses, each of which is defined on Exhibit B hereto.

the Objection Notice Parties (as defined below); counsel to the Canadian Debtors, Ogilvy Renault LLP, Attn: Jennifer Stam, Royal Bank Plaza, South Tower, Suite 3800, 200 Bay Street, Toronto, Ontario, Canada, Facsimile: (416) 216-3930; and counsel to the Monitor, Goodmans LLP, Attn: Jay Carfagnini and Joseph Pasquariello, Bay Adelaide Centre, 333 Bay Street, Suite 3400, Toronto, ON M5H 2S7, Facsimile: (416) 979-1234. The Notice of Election served on counsel to each of the Canadian Debtors, the Monitor and the U.S. Debtors shall include a written copy of the Unknown License. ***Any counterparty to an Unknown License that does not file and serve a Notice of Election by the Notice of Election Deadline will be deemed to have elected to treat each such Unknown License as terminated under section 365(n)(1)(a) of the Bankruptcy Code.*** The U.S. Debtors and the Stalking Horse Purchaser (or other Successful Bidder) reserve their right to object to any Notices of Election on any and all available grounds, which objections will be heard at the Sale Hearing.

For any Unknown License with the U.S. Debtors that is rejected, the deadline for any counterparty to such Unknown License to file a rejection damages claim against the U.S. Debtors (each such claim, a "License Rejection Damages Claim") with respect to such rejection will be thirty (30) days following the date of the Closing of the Sale. All License Rejection Damages Claims must attach a written copy of the Unknown License and otherwise comply with the procedures established by the Order Establishing Deadlines For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof [D.I.1280].

Subject to the consent of Ranger Inc., in its sole and absolute discretion, or the consent of another Successful Bidder (as defined in the Bidding Procedures), as applicable, the U.S. Debtors reserve the right to withdraw any Unknown License from the contracts to be rejected, in accordance with the Sale Motion and the Bidding Procedures Order, at any time prior to the occurrence of the Closing.

Unknown Licenses with Canadian Debtors

If you have an Unknown License granted by one or more of the Canadian Debtors and wish to object to its termination, you must serve a notice containing your objection (a, "Canadian Objection Notice") substantially in the form available on the Monitor's website at www.ey.com/ca/nortel on or prior to **June 6, 2011 at 4:00 p.m. ET** (the "Canadian License Bar Date") on the License Objection Notice Parties (as defined below); counsel to the Canadian Debtors, Ogilvy Renault LLP, Attn: Jennifer Stam, Royal Bank Plaza, South Tower, Suite 3800, 200 Bay Street, Toronto, Ontario, Canada, Facsimile: (416) 216-3930; and counsel to the Monitor, Goodmans LLP, Attn: Jay Carfagnini and Joseph Pasquariello, Bay Adelaide Centre, 333 Bay Street, Suite 3400, Toronto, ON M5H 2S7, Facsimile: (416) 979-1234. The Canadian Objection Notice served on the Canadian Debtors, the Monitor and the U.S. Debtors shall include a written copy of the Unknown License.

To the extent that a counterparty to an Unknown License comes forward and serves a Canadian Objection Notice prior to the Canadian License Bar Date, which Unknown License is established by court order to be a valid Unknown License prior to the Closing, the Assets will be sold subject to such license.

Except as provided in the immediately preceding paragraph, all Unknown Licenses to which the Canadian Debtors are a party are deemed to be terminated and forever barred as of the Closing and any claim arising from such deemed termination shall be an unsecured claim against the Canadian Debtors, which claim shall be deemed a Restructuring Claim as defined in the Claims Procedure Order granted by the Court on July 30, 2009, must be filed within thirty (30) days of the date of Closing and must otherwise be in compliance with that order.

Copies of the Canadian Objection Notice, the Proof of Claim form and Claims Package can be obtained on the Monitor's website at www.ey.com/ca/nortel or by contacting the Monitor by telephone (416-943-4439 or 866-942-7177) or by fax (416-943-2808).

Subject to the consent of Ranger Inc., in its sole and absolute discretion, or the consent of another Successful Bidder, as applicable, the Canadian Debtors reserve the right to withdraw any Unknown License from the contracts to be terminated, in accordance with the Sale Motion and the Bidding Procedures Order, at any time prior to the occurrence of the Closing.

Unknown Licenses with both U.S. Debtors and Canadian Debtors

If you are a counterparty to a patent license granted by both the U.S. Debtors and the Canadian Debtors, that is subject to rejection and termination under these procedures, to retain your license rights, you must (i) file and serve a Canadian Objection Notice; and (ii) elect to retain your license rights under Section 365(n) of the Bankruptcy Code in accordance with the procedures summarized above and contained in the Canadian Sales Process Order and the Bidding Procedures Order, respectively. You may not attempt to retain license rights in one jurisdiction and terminate such license rights in the other.

License Non-Assignment and Non-Renewal Protections. In addition to the foregoing license rejection procedures, the U.S. Debtors and the Canadian Debtors have agreed as part of the transaction to various limitations and prohibitions on their rights to renew, extend, assign, amend, waive or modify contracts containing licenses to the patents offered for sale, including outbound and cross patent licenses and certain licenses incorporated in Commercial Licenses, Intercompany Licenses (as defined in the Sale Order) and certain agreements entered into in connection with the divestiture of Nortel's business units, as set forth in paragraph 28 of the proposed Sale Order annexed to the U.S. Sale Motion and paragraph 14 of the proposed Approval and Vesting Order annexed to the affidavit of George Riedel annexed to the Canadian Sale Motion. ***All counterparties to contracts with the Sellers should carefully read the U.S. Sale Motion and the proposed Sale Order annexed thereto and the Canadian Sale Motion and the proposed Approval and Vesting Order attached to the affidavit of George Riedel contained in the Canadian Sale Motion.***

The Sale Hearing. A joint hearing (the "Sale Hearing") will be held before the Honorable Kevin Gross, United States Bankruptcy Judge and the Honourable Justice Morawetz of the Ontario Superior Court of Justice (Commercial List), which hearing is currently scheduled to be held on **June 30, 2011 at 10:00 a.m. (ET)**, or at such other time as the Courts permit, in the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801 and the Ontario Superior Court (Commercial List) at 393 University Ave., Toronto, Ontario to confirm the results of the Auction, approve the sale of the U.S. Debtors' and

Canadian Debtors' respective interests in the Assets to Ranger Inc. or the Successful Bidder and approve the rejection of the Unknown Licenses with the U.S. Debtors and the Canadian Debtors. The U.S. Debtors and the Canadian Debtors may each adjourn their respective Sale Hearings one or more times without further notice by making an announcement in open Court or, in the case of the U.S. Debtors, by the filing of a hearing agenda pursuant to Local Rule 9029-3 announcing the adjournment or, in the case of the Canadian Debtors, by providing notice to the service list in the Canadian Debtors' Companies' Creditors Arrangement Act proceedings (the "Canadian Service List").

Key Deadlines. Except as described above, pursuant to the Bidding Procedures Order, the Bankruptcy Court has currently set: (a) **June 13, 2011 at 4:00 p.m. (ET)** as the deadline for all general objections to the U.S. Sale Motion; (b) **June 13, 2011 at 4:00 p.m. (ET)** as the Bid Deadline (as defined in the Bidding Procedures); and (c) **June 28, 2011 at 4:00 p.m. (ET)** as the deadline for supplemental objections regarding objections to issues arising from and in connection with the Auction and/or the Sellers' selection of a Successful Bid made by a Successful Bidder other than Ranger Inc. Except as described above, pursuant to the Canadian Sales Process Order, the Canadian Court has currently set **June 13, 2011 at 4:00 p.m. (ET)** as the Bid Deadline.

Objections to the U.S. Sale Motion. All objections to the relief requested in the U.S. Sale Motion must be: (a) in writing; (b) signed by counsel or attested to by the objecting party; (c) in conformity with the Bankruptcy Rules and the Local Rules; (d) filed with the Clerk of the Bankruptcy Court, 824 Market Street, Wilmington, Delaware 19801 by no later than the General Objection Deadline, or other applicable deadline as indicated above; and (e) served in accordance with the Local Rules so as to be received on or before the relevant objection deadline by the following: (i) counsel to the Debtors: Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Fax: (212) 225-3999 (Attention: James L. Bromley and Lisa M. Schweitzer) and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, Delaware 19801, Fax: (302) 658-3989 (Attention: Derek C. Abbott), (ii) counsel to Ranger Inc.: Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019, Fax: (212) 403-2000 (Attention: Philip Mindlin, Adam O. Emmerich and Benjamin M. Roth) and Torys LLP 79 Wellington Street West, Suite 3000, Box 270, TD Centre, Toronto, Ontario, M5K 1N2, Fax: (416) 865-7380 (Attention: Michael Rotsztain and Adam Slavens), (iii) counsel to the Committee: Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Fax: (212) 872-1002 (Attention: Fred Hodara, Stephen Kuhn and Kenneth Davis) and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attention: Christopher M. Samis), (iv) counsel to the Bondholder Group: Milbank, Tweed, Hadley & McCloy, One Chase Manhattan Plaza, New York, New York 10006, Fax: (212) 822-5735 (Attention: Roland Hlawaty), and (v) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Fax: (302) 573-6497 (Attention: Patrick Tinker) (collectively, the "Objection Notice Parties", the procedures laid out in this paragraph, the "Objection Procedures").

Documents. This notice is a summary only and is subject to the full terms and conditions of the Agreement, the Bidding Procedures Order and the Canadian Sales Process Order which shall control in the event of any conflict, and the U.S. Debtors and the Canadian Debtors encourage parties in interest to review such documents in their entirety.

Copies of the Sale Motion, the Agreement and the Bidding Procedures Order (including the Bidding Procedures approved by the Bankruptcy Court) may be examined by interested parties between the hours of 8:00 a.m. and 4:00 p.m. (ET) at the office of the Clerk of the Court, 824 Market Street, Wilmington, Delaware 19801, or by appointment during regular business hours at the offices of the U.S. Debtors' attorneys: Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attention: James L. Bromley and Lisa M. Schweitzer. Additionally, copies of the foregoing may be downloaded from the Court's docket at www.deb.uscourts.gov and from the website of the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC, at http://dm.epiq11.com/nortel. Copies of the Agreement, the form of Objection Notice, the Canadian Sale Motion, Canadian Sales Process Order (including the Bidding Procedures approved by the Canadian Court) and the Canadian Service List can be viewed at the Monitor's website at http://www.ey.com/ca/nortel/ or by contacting the Monitor by telephone (1-416-943-4439 or 1-866-942-7177) or by fax (1-416-943-2808).

Dates set forth in this notice are subject to change, and further notice of such changes may be provided through announcements in open court and/or the filing of notices and/or amended agendas. Parties in interest are encouraged to monitor the electronic court docket, the noticing agent website and/or the Monitor's website for further updates.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated: May 2, 2011<br>Wilmington, Delaware | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>James L. Bromley (admitted *pro hac vice*)<br>Lisa M. Schweitzer (admitted *pro hac vice*)<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>- and -<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Ann C. Cordo*<br>Derek C. Abbott (No. 3376)<br>Eric D. Schwartz (No. 3134)<br>Ann C. Cordo (No. 4817)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Counsel for the U.S. Debtors*<br>*and U.S. Debtors in Possession*<br><br>-and-<br><br>OGILVY RENAULT LLP<br>Suite 3800<br>Royal Bank Plaza, South Tower<br>200 Bay Street<br>Toronto, Ontario M5J2Z4 CANADA<br><br>Derrick Tay LSUC# 21152A<br>Telephone: (416) 216-2327<br>Email: dtay@ogilvyrenault.com<br><br>Jennifer Stam LSUC# 46735J<br>Telephone: (416) 216-4832<br>Email: jstam@ogilvyrenault.com<br><br>Fax: (416) 216-3930<br>Lawyers for Canadian Debtors |