Elizabeth Banda Calvo
PERDUE, BRANDON, FIELDER, COLLINS & MOTT, L.L.P.
P.O. Box 13430
Arlington, Texas 76094-0430
Phone: (817) 461-3344
FAX: (817) 860-6509
Email: ebcalvo@pbfcm.com

ATTORNEYS FOR RICHARDSON ISD

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| NORTEL NETWORKS, INC., et al. | § | Case No. 09-10138-KG |
| | § | |
| Debtors. | § | Jointly Administered |

**LIMITED OBJECTION TO DEBTORS' MOTION FOR AN ORDER (I) APPROVING NNI'S ENTRY INTO PURCHASE AND SALE AGREEMENT; (II) AUTHORIZING THE SALE OF NNI'S RICHARDSON CAMPUS FREE AND CLEAR OF ALL ENCUMBRANCES**

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

NOW COMES Richardson ISD ("RISD") and files this LIMITED OBJECTION TO DEBTORS' MOTION FOR AN ORDER (I) APPROVING NNI'S ENTRY INTO PURCHASE AND SALE AGREEMENT; (II) AUTHORIZING THE SALE OF NNI'S RICHARDSON CAMPUS FREE AND CLEAR OF ALL ENCUMBRANCES (the "Motion") and states as follows:

1. RISD is a political subdivision of the State of Texas and, as such, is required by the constitution of the State of Texas to levy and assess ad valorem taxes on all real and business personal property located within its taxing jurisdiction as of January 1 of each tax year. Pursuant to Texas law, a lien automatically attached to Debtors' business personal property and real property located within

RISD's taxing jurisdiction on January 1, 2011 to secure payment of the 2011 post-petition taxes, penalties, and interest ultimately imposed on the Debtors' property. *In re Winn's Stores, Inc.*, 177 B.R. 253 (Bankr. W.D. Tex. 1995); *Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.*, 894 S.W.2d 841 (Tex. App.-Eastland 1995). Texas Tax Code Section 32.01 provides in relevant part:

> (a) On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property . . .

Section 32.01(d) of the Texas Property Tax Code, further, states that the tax liens were perfected on attachment and required no further action on the part of the taxing authorities.

2. RISD's claims are secured by prior perfected continuing enforceable tax liens upon the property of the Debtor, as provided by Sections 32.01 and 32.05(b) of the Texas Property Tax Code. RISD asserts its secured lien position would be compromised if its secured tax liens are not adequately protected. With certain limited exceptions, which are not applicable in this case, Section 32.05(c) of the Texas Property Tax Code states that secured tax liens for ad valorem taxes have prior liens in the property. As such, RISD assert its secured liens, as prime liens, must be adequately protected and any order granting the Motion should reflect that RISD's secured tax liens continue to attach to the collateral/real property to secure the payment of said liens until all taxes, penalties, and interest that may ultimately accrue for the post-petition (2011) taxes are paid in full pursuant to state law.

3. RISD further assert that any proceeds from any sale of business personal or real property that is encumbered by RISD's ad valorem tax liens should be used to satisfy RISD's secured tax liens prior to any DIP lenders or other junior secured lien-holders. In order to adequately protect its secured tax liens, RISD requests that either its tax liens be paid at the time of any sale (closing) that pertains to any of the business personal property or real property encumbered by its secured tax liens, or, in the

alternative, a separate escrow or segregated account be created at closing from the proceeds of any such related sale in a sufficient amount to cover all ad valorem property taxes owed to RISD, with its secured tax liens attaching to these segregated proceeds with the same validity, priority, and effect as they exist under non-bankruptcy law.

WHEREFORE, PREMISES CONSIDERED, RISD requests this Honorable Court to order that the Debtors include sufficient funds to cover payment in full of its ad valorem tax liens in any credit bids, that the ad valorem taxes of RISD are to be paid at the time of closing or, in the alternative, that a separate escrow or segregated account be created from any sales proceeds related to such encumbered property for the ad valorem taxes as adequate protection for the tax liens, and for all further relief as is just and proper.

Respectfully submitted,

PERDUE, BRANDON, FIELDER,
COLLINS & MOTT, L.L.P.
Attorneys for Claimants

/s/ Elizabeth Banda Calvo
ELIZABETH BANDA CALVO
SBN: 24012238
P.O. Box 13430
Arlington, Texas 76094-0430
Phone: 817-461-3344
Fax: 817-860-6509
Email: ebcalvo@pbfcm.com

**CERTIFICATE OF SERVICE**

      I do hereby certify that a true and correct copy of the above document was sent via facsimile and/or the Court's electronic case filing system to the following parties on this 3rd day of May, 2011:

Cleary Gottlieb Steen & Hamilton
One Liberty Plaza
New York, NY 10006
Fax: 212-225-3999
Attn: James L. Bromley & Lisa M. Schweitzer

Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, Delaware 19801
Fax: 302-658-3989
Attn: Derek C. Abbott

Cherry Peterson Landry Albert LLP
8350 North Central Expressway
Suite 800
Dallas, Texas 75206
Fax: 214-265-7008
Attn: Terry Landry

Akin Gump Strauss Hauer & Feld
One Bryant Park
New York , NY 10036
Fax: 212-872-1002
Attn: Fred Hodara & Stephen Kuhn

Richards, Layton & Finger, PA
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Fax: 302-498-7845
Attn: Christopher M. Samis

Milbank Tweed Hadley & McCloy
One Chase Manhattan Plaza
New York, NY 10006
Fax: 212-822-5735
Attn: Roland Hlawaty

Office of the US Trustee
844 King Street
Suite 2207
Wilmington, Delaware 19801
Fax: 302-573-6497
Attn: Patrick Tinker

                                                  /s/  Elizabeth Banda Calvo
                                                  ELIZABETH BANDA CALVO