IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X

*In re*                                                                       : Chapter 11

Nortel Networks Inc., *et al.*,[1]                          : Case No. 09-10138 (KG)

           Debtors.                                         : Jointly Administered

------------------------------------------------------X   Objections Due: May 24, 2011 at 4:00 p.m. (ET)

**FIRST MONTHLY APPLICATION OF ADDREX INC. AS A BROKER TO DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD NOVEMBER 24, 2010 THROUGH MARCH 31, 2011**

| | |
|---|---|
| Name of Applicant: | ADDREX, INC. |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | December 15, 2010 nunc pro tunc to November 24, 2010 |
| Period for which Compensation and reimbursement is sought: | November 24, 2010 Through March 31, 2011 |
| Amount of compensation sought as actual, reasonable and necessary: | $N/A |
| Amount of reimbursement sought as actual, | |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

4179206.1

reasonable and necessary: $51,421.12

This is an  x  interim    ___ final application

The total time expended for fee application preparation is approximately 2 hours and the corresponding compensation requested is approximately $0.

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| N/A | | | |

## COMPENSATION BY PROFESSIONAL

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

November 24, 2010 Through March 31, 2011

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| N/A | | | | |
| **Total** | | | | |
| **GRAND TOTAL:** | N/A | | | |
| **BLENDED RATE:** | | | | |

## COMPENSATION BY PROJECT CATEGORY

Nortel Networks, Inc, *et al.*
(Case No. 09-10138 (KG))

November 24, 2010 Through March 31, 2011

| Project Category | Total Hours | Total Fees |
|---|---|---|
| N/A | | |
| **TOTAL** | | **N/A** |

## EXPENSE SUMMARY[2]

Nortel Networks, Inc, *et al.*
(Case No. 09-10138 (KG))

November 24, 2010 Through March 31, 2011

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Outside Research | Depository, Inc. | $50,000.00 |
| Other – Incorporation Records | Commonwealth of Massachusetts | $16.00 |
| Other – Incorporation Records | Delaware State Division of Corporations | $474.00 |
| Other – Incorporation Records | Corporation Service Company | $599.00 |
| Out-of-Town Travel | Mileage & hotel | $332.12 |
| **Grand Total Expenses** | | **$51,421.12** |

---

[2] This application contains $857.12 in expenses for costs related to work performed by Addrex for the Debtors for a period of six weeks prior to Addrex's November 24, 2010 contract date. At the request of the Debtors, Addrex had begun working prior to the execution of the agreement and Court's entry of the order on representations that such minimal costs could be recouped. As such, Addrex is seeking reimbursement of these expenses.


IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X
                                                          :
*In re*                                                   :   Chapter 11
                                                          :
Nortel Networks Inc., *et al.*,[1]                        :   Case No. 09-10138 (KG)
                                                          :
                        Debtors.                          :   Jointly Administered
                                                          :
----------------------------------------------------------X   Objections Due: May 24, 2011 at 4:00 p.m. (ET)

### FIRST MONTHLY APPLICATION OF ADDREX, INC. AS A BROKER TO DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD NOVEMBER 24, 2010 THROUGH MARCH 31, 2011

Addrex, Inc. ("Addrex"), as a broker for Nortel Networks, Inc. and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), submits this application (the "Application") for interim allowance of compensation for professional services rendered by Addrex to the Debtors for the period November 24, 2010 through March 31, 2011 (the "Application Period") and reimbursement of actual and necessary expenses incurred by Addrex during the Application Period under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines") and the Order Under 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members (D.I. 222) (the "Interim Compensation Procedures Order")[2]. In support of this Application, Addrex represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On January 14, 2009 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' jointly administered bankruptcy cases.

3. On January 26, 2009, the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors.

---

[2] Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

## ADDREX'S RETENTION

4. On December 15, 2010, this Court entered the Order Authorizing Retention and Employment of Addrex Inc. *nunc pro tunc* to November 24, 2010 (D.I. 4603).

## FEE PROCEDURES ORDER

5. On February 4, 2009, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

6. In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each calendar month. Provided that there are no objections to such Monthly Fee Application filed within twenty (20) days after the service of a Monthly Fee Application, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application. If a partial objection to the Monthly Fee Application is filed, then the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

## RELIEF REQUESTED

7. Addrex submits this Application for reimbursement of actual, reasonable and necessary expenses incurred in representing the Debtors during that same period.

8. During the period covered by this Application, Addrex incurred actual, reasonable and necessary expenses totaling $51,421.12. With respect to these amounts, as of the date of this Application, Addrex has received no payments.

9. During the Application Period, Addrex provided extensive services to facilitate the sale of 666,624 Internet Protocol v4 (IPv4) numbers. Addrex provided advice and analysis to NNI on the potential market for IPv4 numbers, various sale scenarios, categorization of potential buyers, and the technical and business mechanics for the transfer of the IPv4 numbers. Addrex identified and confirmed with NNI the relevant IPv4 number blocks to be offered for sale, their allocation and current sub-allocations (if any). Incorporation documents for NNI and predecessor organizations were obtained from the relevant State Departments of Corporations. These documents were reviewed to track the succession of ownership of the various IPv4 blocks. Addrex caused to be produced extensive documentation tracing the IPv4 number blocks from their original allocation authority to the original recipient organization, through the succession of corporate ownership (mergers, acquisitions, name changes, restructuring, etc.). Documentation reflecting the (then) current status in the relevant Whois databases, blacklisting (if any), pending litigation and any other encumbrances of the IPv4 number blocks were added to the succession of corporate ownership materials to document the full chain of ownership of the IPv4 number blocks. These materials were placed into an electronic dataroom administered by Addrex on behalf of NNI. Addrex, in collaboration with NNI and their counsel, created a marketing plan, produced offering materials and a series of informational documents and FAQ materials that were placed in the electronic dataroom upon approval of NNI. Addrex also placed bidding process materials, a draft Asset Purchase Agreement and other documentation in the electronic dataroom at the direction of NNI. Addrex developed solicitation materials to advise potential buyers of the process and how to participate. Once these materials were approved by NNI and their release was authorized, Addrex identified and solicited over 80 companies to invite their participation in the sale process. Companies who expressed an interest in participating were provided with an initial

- 5 -

non-disclosure agreement to review and were placed in contact with counsel for NNI for execution of the final non-disclosure agreement. Once counsel for NNI informed Addrex of the execution of the non-disclosure agreement, the interested party was granted access to the electronic dataroom to gain access to the process, draft Asset Purchase Agreement and diligence materials. Addrex provided administration of the electronic dataroom and received initial inquiries from interested parties. These inquiries were directed to appropriate personnel at NNI and their counsel for response. Addrex and NNI counsel received proposals from potential buyers and qualified proposals were evaluated by NNI and their counsel to determine the superior offer under the terms of the sale process and the bankruptcy requirements. Following the identification of the superior offer and the negotiation and execution of the Asset Purchase Agreement, Addrex provided notification to the other interested parties that a superior offer had been received and would be presented to the court for approval.

10. <u>Exhibit A</u> attached hereto contains a breakdown of disbursements incurred by Addrex during the Application Period.

11. Addrex has endeavored to represent the Debtors in the most expeditious and economical manner possible.

12. No agreement or understanding exists between Addrex and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

13. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

**WHEREFORE**, Addrex respectfully requests that this Court: (a) allow Addrex interim reimbursement in the amount of $51,421.12 for actual, reasonable and necessary expenses incurred during the period November 24, 2010 Through March 31, 2011; (b) authorize and direct the Debtors to pay to Addrex the amount of $51,421.12 which is equal to 100% of Addrex's allowed expense reimbursement; and (c) grant such other and further relief as is just.

Dated: May 4, 2011  
Wilmington, Delaware

ADDREX, INC.

_____  
Signatory     Charles M. Lee  
Address      1775 Wiehle Ave. Suite 400  
             Reston, Va 20190

*Broker for the Debtors and Debtors in Possession*