IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re*                                                  :    Chapter 11
:
:    Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                       :
:    Jointly Administered
        Debtors.                                         :
:    **Hearing Date: May 10, 2011, at 9:30am (ET)**
:
:    **Re: D.I. 5200 and D.I. 5255**
:
---------------------------------------------------------X

### DEBTORS' REPLY IN FURTHER SUPPORT OF THEIR OBJECTION TO THE PROOFS OF CLAIM FILED BY THE EMEA CLAIMANTS AND MOTION FOR AN ORDER REQUIRING A MORE DEFINITE STATEMENT OF CLAIM AND SETTING A DEADLINE FOR THE FILING OF ANY PROOFS OF CLAIM BY THE EMEA CLAIMANTS

The U.S. Debtors hereby submit this memorandum briefly to reply to the Joint Administrators' response dated April 15, 2011 (the "Response") to the U.S. Debtors' Objection to the Proofs of Claim filed against the U.S. Debtors by the EMEA Claimants and Motion for entry of an order directing the EMEA Claimants to file a more definite statement of any and all prepetition claims they may have against the U.S. Debtors by June 1, 2011 or have any such claims disallowed and expunged with prejudice (the "Motion").[2]

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used herein but not otherwise defined shall have the same meaning as ascribed to them in the U.S. Debtor's Motion.

1.      The EMEA Claimants consent to the relief sought by the U.S. Debtors in this Motion, stating that they will "comply with the U.S. Debtors' request by filing amended proofs of claim" in this Court by June 1, 2011. Response ¶ 3. The EMEA Claimants also do not deny that the Proofs of Claim they previously filed in this Court lack sufficiently particularized allegations with respect to the factual and legal basis for their purported Claims. Under these circumstances, the EMEA Claimants' argument that the U.S. Debtors' Motion "was wholly unnecessary and premature," id. ¶ 1, is both moot and self-evidently incorrect.

2.      Notwithstanding the EMEA Claimants' consent to the relief sought in the Motion, several points made in the Response merit a brief reply.

3.      First, the EMEA Claimants imply that they may need discovery "in order . . . for the EMEA Debtors to particularize their claims." Response ¶ 8. The EMEA Claimants have it backwards. The EMEA Claimants are first required to file sufficiently particularized amended proofs of claims that state a claim for relief. The EMEA Claimants would, at best, only be entitled to discovery if they first file legally cognizable claims, see In re Alper Holdings USA, Inc., 398 B.R. 736, 754 (S.D.N.Y. 2008), which they have not yet done.

4.      Second, the U.S. Debtors would strongly oppose any request by the EMEA Claimants to have their claims heard as part of the same proceeding that will hear and resolve the allocation of sale proceeds. As set forth in the Joint Motion for Entry of an Order Establishing an Allocation Protocol Pursuant to the Interim Funding and Settlement Agreement, and for Related Relief, filed on April 25, 2011(the "Allocation Motion"), pursuant to the IFSA, the IFSA Order, the Escrow Agreements and the Cross-Border Protocol, the allocation of sale proceeds must now be determined in a Joint Hearing of the U.S. and Canadian Courts in light of the acknowledged failure of the mediation and resulting impasse in the parties' negotiations.

Neither of the above-referenced authorities, nor any other agreement or principle of law, however, permit the EMEA Claimants' separate claims against the U.S. Debtors and the Canadian Debtors – as to which the EMEA Claimants have already invoked the separate and independent jurisdiction of the U.S. and Canadian Courts – to be heard in the same proceeding as the allocation determination.  The EMEA Claimants do not cite to any authority supporting their contrary position, because none exists.

5. Moreover, based on the EMEA Claimants' description of their claims against the U.S. Debtors in the mediation – which the EMEA Claimants state in their Response provides the U.S. Debtors with a "full understanding" of their claims, Response ¶ 9 – the claims can be promptly resolved by the U.S. Court.  Injecting those claims into the allocation proceeding will only result in unnecessary delay and confusion.

6. Therefore, in the event the EMEA Claimants file a motion to have their Claims heard in a consolidated proceeding with the allocation issues, the U.S. Debtors will object.  The U.S. Debtors reserve their rights to set forth fully all of their objections to any such motion by the EMEA Claimants, based on any arguments the EMEA Claimants might make in favor of consolidation.

7. Third, the EMEA Claimants include in their Response an obviously improper discussion of their version of the parties' negotiations regarding a potential dispute resolution protocol for allocation.  Response ¶ 14.  Suffice it to say that the U.S. Debtors do not agree with the EMEA Claimants' self-serving description of confidential, off-the-record settlement discussions, and object to the EMEA Claimants' inclusion of that purported background in their Response.  It is, moreover, irrelevant because it is common ground that the parties, despite good faith negotiations, have been unable to reach agreement on either allocation

or a dispute resolution protocol for resolving allocation. As a result, the U.S. Debtors agree with the EMEA Claimants that the U.S. and Canadian Courts should address allocation at the joint hearing scheduled for June 7, 2011, or at such time that is convenient for both Courts. Response ¶ 3. As set forth in the Allocation Motion, the U.S. and Canadian Courts at the June 7 hearing should set a schedule for the Courts to resolve allocation pursuant to the IFSA and the Cross-Border Protocol.

WHEREFORE, for the reasons set forth in the U.S. Debtors' Motion and herein, and because the EMEA Claimants have consented to the relief requested by the U.S. Debtors in the Motion, the U.S. Debtors respectfully request that the Court (i) sustain the Objection and grant the Motion; (ii) enter the proposed order attached to the Motion requiring that the EMEA Claimants file any prepetition claims, including any amended claims, by June 1, 2011 or their Proofs of Claim and any and all prepetition claims that they may have against the U.S. Debtors shall be disallowed and expunged with prejudice; and (iii) grant such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
| Dated: May 5, 2011<br>Wilmington, Delaware | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>Deborah M. Buell (admitted *pro hac vice*)<br>Howard S. Zelbo (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Lisa M. Schweitzer (admitted *pro hac vice*)<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>- and -<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Ann C. Cordo*<br>Derek C. Abbott (No. 3376)<br>Eric D. Schwartz (No. 3134)<br>Ann C. Cordo (No. 4817)<br>Andrew R. Remming (No. 5120)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Counsel for the Debtors*<br>*and Debtors in Possession* |