IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
: 
*In re* : Chapter 11
: 
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
: 
Debtors. : Jointly Administered
: 
: Re: D.I. 5268
: 
---------------------------------------------------------X

### ORDER APPROVING AN AMENDMENT TO THE TERMS OF COMPENSATION OF RLKS EXECUTIVE SOLUTIONS LLC AS CONSULTANTS TO THE DEBTORS *NUNC PRO TUNC* TO APRIL 19, 2011

Upon the Application (the "Application")[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Application, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Rules 2014 and 2016 of the Bankruptcy Rules, and Rule 2014-1 of the Local Rules, authorizing an amendment to the terms under which RLKS Executive Solutions LLC ("RLKS") is compensated as consultant to the Debtors pursuant to an amended engagement letter and the related terms and conditions (the "Amended Engagement Contract"), *nunc pro tunc* to April 19, 2011 (the "Effective Date"); and upon the Affidavit of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Application.

Richard A. Lydecker, Jr. (the "Lydecker Affidavit"); and adequate notice of the Application having been given as set forth in the Application; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief requested in the Application, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, the Amended Engagement Contract, attached hereto as Exhibit 1, is approved, *nunc pro tunc* to the Effective Date, under the terms and conditions set forth therein.

3. Notwithstanding any provisions to the contrary in the Bankruptcy Code, Bankruptcy Rules, Local Rules, orders of this Court, or any guidelines regarding submission and approval of fee applications, RLKS and its professionals shall be excused from maintaining time records in tenths of an hour as set forth in Local Rule 2016-2(d)(iv) in connection with the services to be rendered pursuant to the Agreement; provided, however, that RLKS shall submit to the court reasonably detailed descriptions of services rendered for the Debtors, the approximate time expended in providing those services, and the individuals who provided those services on behalf of the Debtors.

4. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

5. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: May 9, 2011
Wilmington, DE

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE