```
                 IN THE UNITED STATES BANKRUPTCY COURT
                     FOR THE DISTRICT OF DELAWARE

IN RE:                         )    Case No. 09-10138(KG)
                               )
NORTEL NETWORKS, INC.,         )    Chapter 11
         et al.,               )
                               )    Jointly Administered
                               )
                               )    Courtroom 3
                               )    824 Market Street
            Debtors.           )    Wilmington, Delaware
                               )
                               )    May 10, 2011
                               )    9:30 a.m.
```

                      TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE KEVIN GROSS
                  UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Debtors:            Morris, Nichols, Arsht & Tunnell
                            BY: DEREK ABBOTT, ESQ.
                            BY: ANN CORDO, ESQ.
                            1201 North Market Street
                            18th Floor
                            Wilmington, DE 19899-1347
                            (302) 351-9459

                            Cleary, Gottlieb, Steen & Hamilton
                            BY: LISA M. SCHWEITZER, ESQ.
                            BY: JIM BROMLEY, ESQ.
                            BY: EMILY BUSSIGEL, ESQ.
                            BY: HOWARD ZELBO, ESQ.
                            One Liberty Plaza
                            New York, NY 10006
                            (212) 225-2629

ECRO:                       GINGER MACE

Transcription Service:      DIAZ DATA SERVICES
                            331 Schuylkill Street
                            Harrisburg, Pennsylvania 17110
                            (717) 233-6664
                            www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service

APPEARANCES:
(Continued)

For the Committee:          Akin Gump
                            BY: DAVID BOTTER, ESQ.
                            BY: FRED S. HODARA, ESQ.
                            One Bryant Park
                            New York, NY 10036
                            (212) 872-1000

                            Richards Layton & Finger
                            BY: CHRIS SAMIS, ESQ.
                            One Rodney Square
                            920 North King Street
                            Wilmington, DE  19801
                            (302) 651-7531

For E&Y, Canadian          Allen & Overy, LLP
Monitor & Canadian         BY: KEN COLEMAN, ESQ.
Debtors:                   1221 Avenue of the Americas
                           New York, NY 10020
                           (212) 610-7300

                           Buchanan Ingersoll & Rooney, PC
                           BY: MONA A. PARIKH, ESQ.
                           1105 N. Market St., Ste. 1900
                           Wilmington, DE  19801-1054
                           (302) 552-4214

For Joint Admin.:          Young Conaway Stargatt & Taylor
                           BY: EDWARD HARRON, ESQ.
                           The Brandywine Building
                           1000 West Street, 17th Floor
                           P.O. Box 391
                           Wilmington, Delaware  19801
                           (302) 571-6600

                           Hughes Hubbard & Reed
                           BY: DEREK ADLER, ESQ.
                           One Battery Park Plaza
                           New York, NY  10004
                           (212) 837-6000

For Pillar:                Ashby & Geddes
                           BY: WILLIAM BOWDEN, ESQ.
                           BY:  AMANDA WINFREE, ESQ.
                           500 Delaware Avenue
                           P.O. Box 1150
                           Wilmington, DE  19899
                           (302) 654-1888

APPEARANCES:
(Continued)

For Bizphere AG;
Macadamian Technologies: Law Offices of James Tobia
                         BY: JAMES TOBIA, ESQ.
                         1716 Wawaset Street
                         Wilmington, DE  19806
                         (302) 655-5303


TELEPHONIC APPEARANCES:

For PSAM:                PSAM, LP
                         BY: PHILIP E. BROWN, ESQ.
                         (212) 649-9596


For Ad Hoc Committee:    Milbank Tweed Hadley & McCloy
                         BY: THOMAS MATZ, ESQ.
                         (212) 530-5885


For Barclays Capital:    Barclays Capital, Inc.
                         BY: OLIVIA MAURO, ESQ.
                         (212) 412-6773


For Dow Jones News       Dow Jones & Co.
Wires:                   BY: PEG BRICKLEY, ESQ.
                         (215) 462-0953


For Sigma Systems        Thorp, Reed & Armstrong
Canada, Inc.:            BY: PATRICK CAROTHERS, ESQ.
                         (412) 394-2325


For Macquarie Bank:      Macquarie Bank
                         BY: SUSAN S. CHEN, ESQ.
                         (212) 231-2386


For Halcyon Asset Mgmt:  Halcyon Asset Management
                         BY: ANDREW G. FRIEDMAN, ESQ.
                         (212) 303-9444


For Joint Admin &        Herbert Smith
Foreign Reps for Nortel  BY: STEPHEN GALE, ESQ.
Networks UK, Ltd:        BY: RICHARD LAWTON, ESQ.
                         BY: KEVIN PULLEN, ESQ.
                         BY: JOHN WHITEOAK, ESQ.
                         BY: KEVIN LLOYD, ESQ.
                         (302) 571-6710

TELEPHONIC APPEARANCES:
(Continued)

For John Ray:          Avidity Partners/Trustee
                       BY: JOHN RAY, ESQ.
                       (630) 613-7300

1

```
 1      WILMINGTON, DELAWARE, TUESDAY, MAY 10, 2011, 9:34 A.M.

 2              THE CLERK:  Please rise.

 3              THE COURT:  Good morning, everyone.  Thank you

 4   and please be seated.  Good morning.

 5              MS. CORDO:  Good morning, Your Honor.

 6              THE COURT:  Ms. Cordo, how are you?

 7              MS. CORDO:  Good, Your Honor.

 8              THE COURT:  Good.

 9              MS. CORDO:  For the record, Annie Cordo, Morris,

10   Nichols, Arsht & Tunnel on behalf of the debtors.

11              Your Honor, I think with the agenda today we --

12   with regards to Items No. 6 and 7, we submitted them under a

13   certificate of no objection and orders from those have hit

14   the docket.

15              THE COURT:  Yes.

16              MS. CORDO:  Which brings us to our next item

17   which was our application to retain Keightley and Ashner as

18   special pension benefits counsel.

19              THE COURT:  Yes.

20              MS. CORDO:  We did receive some informal comments

21   from the United States Trustee and I do have a revised form

22   of order.

23              THE COURT:  Al right, thank you, Ms. Cordo.

24              MS. CORDO:  If I may approach?

25              THE COURT:  Please, thank you.  Hi, thank you.
```

1          MS. CORDO:  Your Honor, the changes we just made

2   were to remove the 330 reference and put that into Paragraph

3   3 and then we removed Paragraph 5 at their request and that

4   was the only changes we had to this order.

5          THE COURT:  All right.  All right.  Does anyone

6   wish to be heard?

7                    (No audible response.)

8          THE COURT:  The motion and -- or the application

9   is certainly appropriate and necessary and I'm pleased to

10  sign the order.

11         MS. CORDO:  Thank you, Your Honor.  And then with

12  regards to the next two items on our agenda which was our

13  objection to the EMEA claims and our Richardson sale, we'd

14  like to take those slightly out of order --

15         THE COURT:  Yes.

16         MS. CORDO:  -- and take Richardson first.

17         THE COURT:  Yes.

18         MS. CORDO:  And Emily Bussigel from Cleary

19  Gottlieb will be presenting that.

20         THE COURT:  All right, thank you.  Mr. Bromley,

21  good morning.

22         MR. BROMLEY:  Good morning, Your Honor.  I'd just

23  like to introduce for the first time to the Court, Emily

24  Bussigel, one of our associates who is going to present the

25  Richards sale motion.

1          THE COURT:  All right, thank you, Mr. Bromley.

2   That's an impressive introduction.  Good morning.

3                    (Laughter)

4          MS. BUSSIGEL:  Good morning, Your Honor.  For the

5   record, I am Emily Bussigel.

6          THE COURT:  And welcome to you.  Welcome to the

7   case.

8                    (Laughter)

9          MS. BUSSIGEL:  Of Cleary, Gottlieb, Steen &

10  Hamilton for the debtors.  And today we're going to be

11  seeking approval for the sale of Nortel's campus in

12  Richardson, Texas.  The campus is wholly owned by Nortel

13  Networks, Incorporated or NNI.

14         THE COURT:  Yes.

15         MS. BUSSIGEL:  And it historically was Nortel's

16  U.S. headquarters.  The sale is a result of over two years

17  of marketing.  And today, we're happy to report that we

18  entered into a contract for the sale for a purchase price of

19  $43.1 million.  The purchaser is Pillar Commercial.  It's a

20  Dallas based private real estate firm with experience in

21  acquiring real estate of this size and turning it around.

22  Pillar intends to assign the contract to a single asset

23  limited liability partnership created solely for this

24  purpose.

25         THE COURT:  Okay.

1              MS. CORDO:  Counsel for Pillar, Ashby and Geddes

2   is in the courtroom today.  As described in further detail

3   in the sale motion, the sale process was lengthy and

4   comprehensive and resulted in the highest and best offer for

5   the property.

6              Two characteristics to point out, may be

7   worthwhile to point out here.  First, while Nortel no longer

8   needs all the space of the Richardson property, it is --

9   under the deal it will be allowed to remain on site in order

10  to wrap up its operations and to transfer any documents and

11  records which were made at the site.

12             Second, as Your Honor may remember in past deals

13  for Nortel's business units, Nortel promised buyers in those

14  deals certain space at the property.  The purchase and sale

15  agreement with Pillar contemplates that it will step into

16  Nortel's shoes with respect to those obligations and become

17  landlord to those buyers.

18             We did receive one objection to the sale from the

19  Richardson Independent School District.

20             THE COURT:  Yes.

21             MS. BUSSIGEL:  That objection has been resolved

22  and there's no need for a revised order.

23             THE COURT:  All right.

24             MS. BUSSIGEL:  With this brief overview, I'd like

25  to note that we have two witnesses today available to

1  testify.  Mr. John Ray, the principal officer of the U.S.

2  debtors is on the phone.  And also Mr. Eric Mackey from

3  CBRE, NNI's broker for this transaction is in the courtroom

4  today.

5          THE COURT:  Okay.

6          MS. BUSSIGEL:  At this point, unless Your Honor

7  has any questions, I would like to make an offer of proof as

8  to what they would testify to or if you'd like we can put

9  them on the stand.

10          THE COURT:  No, please, that would be certainly

11  acceptable here.

12          MS. BUSSIGEL:  Okay.

13          THE COURT:  Well let me just ask first of all to

14  make certain.  Does anyone have any objection to an offer of

15  proof rather than live testimony?

16                  (No audible response.)

17          THE COURT:  Okay.  Hearing no one, certainly you

18  may proceed.

19          MS. BUSSIGEL:  Thank you, Your Honor.  First, Mr.

20  Ray would testify that he was appointed by this Court as

21  principal officer of the U.S. debtors beginning in December

22  2009 and that he oversees and is familiar with all

23  operations of the debtors, including efforts to maximize the

24  value of the debtors' remaining assets.

25          He has previously testified before this Court

1   both live and via a declaration and proffer and if called to

2   testify, Mr. Ray would testify that he participated in or

3   was informed of NNI's exploration of opportunities to sell

4   the property and that that resulted in the selection of

5   Pillar's offer of the highest and best.  And he was also

6   participated in or was informed of the subsequent

7   negotiation of the agreement between NNI and Pillar.

8          If called to testify, Mr. Ray would testify that

9   the assets being sold consist of about 18 acres of land

10  located at 2201 and 2221 Lakeside Boulevard in Richardson,

11  Texas.  And a sixteen story high-rise building and research

12  and laboratory building each which contain about 400,000 SF

13  of net rentable property.

14         Mr. Ray would further testify that the campus

15  historically functioned as Nortel's U.S. headquarters and

16  currently houses a small number of NNI employees.  In

17  addition, certain of the purchasers of Nortel's various

18  business units occupy portions of the premises on their

19  leases entered into in connection with the prior sales that

20  this Court has approved.

21         Mr. Ray would testify that NNI is an absent

22  consummation of this sale will continue to be obligated to

23  spend significant resources to maintain the property and

24  thus that selling the property at this time without further

25  marketing or auction procedures is the best way to maximize

1    value for the debtors' estates.

2              If called to testify, Mr. Ray would testify that

3    NNI has marketed the Richardson campus for approximately 18

4    months using two separate marketing campaigns and has

5    negotiated a purchase and sale agreement with respect to the

6    property on two separate occasions.

7              Mr. Ray would testify that NNI began exploring

8    divestiture of the Richardson campus in 2009.

9              He would further testify that an interested party

10   immediately surfaced and that NNI began negotiating the sale

11   of the property to such purchaser.

12             Mr. Ray would testify that in November and

13   December 2009, NNI contacted 65 end users determined to have

14   a potential need for this space and the ability to close a

15   deal of this size.

16             And Mr. Ray would further testify that these

17   marketing efforts did not lead to any firm offers and that

18   after several unsuccessful attempts to reach agreement with

19   the perspective purchaser that immediately arose,

20   negotiations broke down in December 2010.

21             Mr. Ray would then testify that NNI began

22   marketing the Richardson campus in earnest in January of

23   2011 and retained C.B. Richard Ellis or CBRE to lead those

24   efforts.

25             Mr. Ray would testify that after two rounds of

1  bidding, NNI determined that Pillar's bid represented the

2  highest or otherwise best offer for the property and that

3  further marketing would not yield a better offer and that

4  further delay might cause NNI to lose the deal with Pillar.

5         If called to testify, Mr. Ray would testify that

6  NNI engaged in good faith, rigorous negotiation with Pillar

7  on the terms of sale which resulted in the purchase and sale

8  agreement, the Nortel license, and other ancillary

9  agreements.

10        He would testify that he's familiar with the

11  agreement between NNI and Pillar, specifically that the

12  assets to be acquired by Pillar include among other things

13  all right, title, and interest in the premises; all fixtures

14  and furnishings located in the tower and lab with certain

15  exclusions; and all rights, privileges, and appurtenances

16  related to such assets.

17        Mr. Ray would testify that the assets excluded

18  from the sale include among other things, assets owned or

19  leased by any tenant or employee at the property and certain

20  items marked.

21        Mr. Ray would also testify that the parties have

22  agreed that at the closing, Pillar would pay a purchase

23  price at $43.1 million in cash to NNI.  And that less a $5

24  million good faith deposit already in escrow.

25        Mr. Ray would also testify that in addition to

1    certain other customary closing conditions, including

2    conditions relating to this Court's approval, the

3    obligations of NNI and Pillar to close the deal are subject

4    to the performance in all material respects of the

5    obligations and agreements required to be performed on or

6    before the closing.

7            Mr. Ray would testify that at the closing, NNI

8    and Pillar will enter into certain ancillary agreements

9    including the Nortel license under which NNI will continue

10   to occupy the property and the assumption and assignment

11   agreement under which Pillar will agree to step into NNI's

12   shoes and take assignment of all NNI's rights and

13   obligations under existing leases with the purchasers of

14   Nortel's business lines.

15           Mr. Ray would testify that the Nortel license and

16   the assumption and assignment agreement were filed in

17   substantially final form as exhibits to the sale motion.

18           THE COURT:  Yes.

19           MS. BUSSIGEL:  If called to testify, Mr. Ray

20   would testify that the negotiations with Pillar were

21   vigorous and were conducted at arm's length.

22           He would testify that there's no evidence that

23   the sale price was controlled by an agreement among

24   potential bidders for the Richardson campus.

25           Mr. Ray would state that Pillar is not an insider

1  of Nortel nor were any members of the Pillar negotiation

2  team insiders of Nortel.

3         Mr. Ray would testify to his belief that the

4  approval and consummation of the purchase and sale agreement

5  between NNI and Pillar would be in the best interest of NNI,

6  its estate, and its creditors.

7         Finally, Mr. Ray would testify that certain

8  schedules to the purchase and sale agreement contain

9  confidential and proprietary information related to certain

10  of the prior purchasers of Nortel's business units and would

11  testify that he believes that NNI should be authorized to

12  file such schedules under seal.  These schedules have been

13  provided to the U.S. Trustee, the creditors' committee, and

14  the bondholders.

15         This completes Mr. Ray's proffer and I'd like to

16  enter this testimony into evidence unless there are any

17  objections.

18         THE COURT:  All right, thank you, Bussigel.  Does

19  anyone have any objection to admission of that proffer into

20  evidence?

21              (No audible response.)

22         THE COURT:  All right, it is admitted.

23         MS. BUSSIGEL:  Thank you.  Next, I would like to

24  proffer the testimony of Mr. Mackey.  Mr. Eric Mackey is

25  Senior Vice President of CBRE in Dallas, Texas.

1          THE COURT:  Yes.

2          MS. BUSSIGEL:  He has held this position since

3    July 2003.

4          If called to testify, Mr. Mackey would testify

5    that CBRE was retained by NNI in January 2011 which was

6    approved by this Court.

7          Mr. Mackey would further testify that as a member

8    of the listing team for the Richardson campus he was

9    intimately involved in all of CBRE's efforts to market and

10   sell the property that resulted in the execution of the

11   agreement to be approved today.

12         Mr. Mackey would testify that CBRE sent over

13   2,000 investment summary brochures and offering

14   announcements to perspective investors.

15         He would further testify that as a result, 69

16   perspective purchasers executed confidentiality agreements

17   with respect to the property and were sent offering

18   memorandum containing additional information.

19         Mr. Mackey would further testify that in January

20   and February of 2011, about 20 potential purchasers took

21   tours of the property and in late February of 2011, CBRE

22   received nine bids for the property.

23         Mr. Mackey would testify that his team was very

24   pleased with the number and pricing of these bids.

25         He would further testify that following a second

1   round of bidding which concluded in March 2011, NNI in

2   consultation with CBRE determined that the purchaser's bid

3   represented the highest or otherwise best offer for the

4   property.

5            He would testify that since that time, CBRE and

6   NNI have engaged in good faith negotiations with the

7   purchaser on the terms of the sale which negotiations was

8   then consummated in the agreement before you today.

9            Mr. Mackey would further testify that he believes

10  the consideration to be provided for the property represents

11  the highest or otherwise best offer and that further

12  marketing will not yield a better offer.

13           If called to testify, Mr. Mackey would testify

14  that since the sale motion was filed on April 15, 2011, he

15  has received no further expressions of interest at

16  competitive pricing and no higher or better offers for the

17  property.

18           Finally, Mr. Mackey would testify that the list

19  of 2,000 potentially interested entities were originally

20  sent investment summary brochures and then were served with

21  the sale notice is a confidential and proprietary list

22  developed by and for CBRE and that filing such lists under

23  seal is agreeable.

24           This concludes Mr. Mackey's proffer and I'd like

25  to enter the testimony into evidence unless there are any

1   objections.

2            THE COURT:  Any objection to admission of that

3   proffer?

4                    (No audible response.)

5            THE COURT:  All right.  Hearing none then the

6   proffer of Erick Mackey's testimony is admitted.

7            MS. BUSSIGEL:  Thank you, Your Honor.

8            THE COURT:  Thank you.

9            MS. BUSSIGEL:  This concludes the presentation

10  for the Richardson sale.  Unless you have any questions, I

11  have an order here and we ask that you approve it.

12           THE COURT:  All right, thank you, Ms. Bussigel.

13  Anyone else wish to be heard?  Mr. Bowden, good morning.

14  It's always nice to hear from a purchaser.  They usually

15  hide in the back.

16                        (Laughter)

17           MR. BOWDEN:  I'll do better next time, Your

18  Honor.

19                        (Laughter)

20           MR. BOWDEN:  Good morning.

21           THE COURT:  Good morning.

22           MR. BOWDEN:  May it please the Court, Bill Bowden

23  with my colleague, Amanda Winfree, Your Honor.

24           THE COURT:  Yes.

25           MR. BOWDEN:  For the purchaser, Pillar

1  Commercial.

2          Your Honor, first, I wanted to make Your Honor

3  aware that four representatives of my clients are in Court

4  and obviously in support of the sale and are happy to answer

5  any questions that Your Honor might have.  They have

6  traveled from Dallas or other points to be here this

7  morning.

8          THE COURT:  Wonderful, welcome.

9          MR. BOWDEN:  And, Your Honor, obviously, we

10  support the entry of the sale order.  And advise Your Honor

11  that if called to testify, Pillar would echo the testimony

12  proffered by the debtors' witnesses on the good faith and

13  arm's length nature of the negotiations, as well as, the

14  fact that none of Pillar's representatives are insiders of

15  the debtors.  And with that, Your Honor, we'd ask that Your

16  Honor enter the sale order.

17          THE COURT:  All right, thank you, Mr. Bowden.

18          MR. BOWDEN:  Thank you, Your Honor.

19          THE COURT:  Thank you, sir.  Anyone else?  Mr.

20  Hodara, good morning.

21          MR. HODARA:  Good morning, Your Honor.

22          THE COURT:  For the committee.

23          MR. HODARA:  Thank you.  Your Honor, the

24  creditors' committee fully supports the sale and we believe

25  that Mr. Ray and his team at Cleary Gottlieb did an

1   excellent and diligent job in pursuing opportunities for the

2   sale of this asset.  It was not an easy process.  It went

3   through some twists and turns over an extended period of

4   time and I think they took it in the right direction as

5   evidenced by the sale that's on the table today.  So the

6   committee fully supports this sale.

7           THE COURT:  Thank you, thank you.

8           MR. HODARA:  Thank you.

9           THE COURT:  Anyone else?

10                  (No audible response.)

11          THE COURT:  Well I am very satisfied with the

12  marketing process in this case.  You know, it's clear that a

13  tremendous effort went into the sale of this property and

14  that the Court is able based upon the proffers of Mr. Ray

15  and Mr. Mackey's testimony to make a finding of good faith

16  and arm's length and a fair and reasonable price and to make

17  the findings necessary for a conclusion that the purchaser

18  is entitled to the protections of Section 363(m).  It

19  certainly is in the debtors' best interest.  We have the

20  support of the committee which has been a very active and

21  able committee.  And I have of course presided over this

22  entire case and I know the excellent work that the debtor

23  with its counsel and professionals has done in marketing and

24  selling assets and that gives the Court also a great deal of

25  comfort and the proffers were excellent, Ms. Bussigel.  And

1   so with that, I am pleased to sign the order.

2              MS. BUSSIGEL:  Thank you, Your Honor.

3              THE COURT:  Thank you.

4              MS. BUSSIGEL:  May I approach?

5              THE COURT:  Yes.  Thank you.  Good to have you in

6   Court.  And I know it must be a relief to the debtors to

7   have sold the property on such good terms.  Mr. Bromley?

8              MR. BROMLEY:  Thank you, Your Honor.  I'm afraid

9   we're going to have to move from someone who's carefully and

10  fully prepared to me.

11                         (Laughter)

12             THE COURT:  Oh, I've never found that to be the

13  be the case.

14             MR. BROMLEY:  Your Honor, we have one further

15  matter on the calendar.

16             THE COURT:  Yes.

17             MR. BROMLEY:  Which is --

18             THE COURT:  Congratulations, excuse me, to Pillar

19  by the way.  Thank you.  Thank you for coming all this way

20  to appear today.

21             UNKNOWN SPEAKER:  Thank you, Your Honor.

22             UNKNOWN SPEAKER:  Glad to be here.

23             THE COURT:  And you may be excused of course.

24  Good luck to you.  I'm sorry, Mr. Bromley.

25             MR. BROMLEY:  That's perfectly okay, Your Honor.

1  So our next matter, Your Honor is the debtors' objection to

2  the proofs of claim filed by the EMEA claimant's.

3           THE COURT:  Yes.

4           MR. BROMLEY:  And motion for an order requiring a

5  more definitive statement of claimants setting a deadline

6  for the filing of any further proofs of claim by the EMEA

7  claimants.

8           Your Honor, we have received a response from the

9  joint administrators on behalf of the EMEA claimants and

10  that was filed by the deadline on the 15th of April.  That

11  response made clear that they intend to file proofs of claim

12  or amended proofs of claim because indeed we already have I

13  think over 350 proofs of claim that have been filed by the

14  EMEA claimants in this case already.

15           We -- so in terms of the specific relief that we

16  were seeking, I think it's fair to say that the EMEA

17  claimants have stipulated to that relief.  We have asked

18  that if those claims could be filed prior to June 1 which is

19  the date that we had set as the deadline, that they endeavor

20  to do so, but we are comfortable with June 1 as the

21  deadline.

22           THE COURT:  Okay.

23           MR. BROMLEY:  I think it's worthwhile, Your

24  Honor, to talk a little bit about where we stand and what we

25  would anticipate happening after these claims are filed.

1    And also update the Court on one request that we had made

2    last week.

3            Your Honor may recall that there have been claims

4    filed in Canada.  On the 18th of March, 84 separate claims

5    were filed in Canada with the monitor, Ernst & Young.  And

6    there is a different system in Canada so that the claims as

7    filed are not filed on the public docket and available for

8    all to see as they are here in the United States.  The

9    monitor did, however, issue a report.  The monitor's sixty-

10   fifth report dated April 28 and that was filed on this

11   docket as well by the monitor's U.S. counsel.

12           THE COURT:  Yes.

13           MR. BROMLEY:  It detailed that 84 claims were

14   filed by the 18th of March.  That those 84 claims stated

15   both a liquidated and unliquidated claims against the

16   Canadian debtors.  Now those claims were not filed against

17   the U.S. debtors.  And of those 84 claims, according to the

18   monitor's calculation, they amount to about $9.8 billion,

19   Canadian.  At one point, we would apply a discount to that.

20   Under current exchange rates, however, we apply a higher

21   number.  But nevertheless, they are $9.8 billion Canadian in

22   claims, plus unliquidated amounts.

23           That set of claims was filed pursuant to an order

24   entered by Justice Morawetz requiring essentially the same

25   relief that we're asking here today.

1              THE COURT:  Yes.

2              MR. BROMLEY:  Now, Your Honor, we've already

3    objected to the claims that have been filed.  And we have a

4    pretty good sense of what the claims might be here, but we

5    did ask that the joint administrators on behalf of the EMEA

6    debtors allow Your Honor to see the claims as filed in

7    Canada.

8              THE COURT:  Yes.

9              MR. BROMLEY:  We received a letter early this

10   morning stating -- from the counsel, English counsel to the

11   joint administrator stating that we are now at liberty to

12   share with Your Honor --

13             THE COURT:  Good.

14             MR. BROMLEY:  -- those claims.  So they are quite

15   voluminous, but we will endeavor to make copies of those and

16   get them to you as soon as possible.

17             THE COURT:  Are the claims essentially the same

18   claim, but just filed against separate entities?

19             MR. BROMLEY:  In terms of the Canadian debtors --

20             THE COURT:  Yes.

21             MR. BROMLEY:  -- because the claims are certainly

22   different related to the U.S. debtors.

23             THE COURT:  Right.

24             MR. BROMLEY:  As to the Canadian debtors, there

25   are some claims I think that cross over as stated in the

1  monitor's report.  There are certain ones that relate to

2  very specific Canadian entities with respect to for instance

3  contractual guarantee claims.

4            THE COURT:  Okay.

5            MR. BROMLEY:  So and the monitor's report does

6  quite a good job of giving an overview.  But the claims

7  themselves I think provide a great deal of additional

8  information.

9            At the same time as we've been given permission

10  to disclose them to Your Honor, we are also going to ask the

11  joint administrators to allow us to file them publically on

12  the U.S. docket.  Because of course the claims that will be

13  filed here in the United States will be public whenever they

14  are filed, but certainly no later than June 1, we think it

15  only appropriate that the claims that have been filed in

16  Canada be available as well.  We have not yet made that

17  request, but we certainly make it now.  And to the extent

18  that it cannot be granted here, we will follow it up with a

19  letter and ask that it be available for everyone to see on

20  the U.S. docket.

21            THE COURT:  All right.

22            MR. BROMLEY:  Now with respect to the claims as -

23  - that we're expecting to be filed here in the United

24  States, we have attempted to talk to counsel for the joint

25  administrators about a schedule for dealing with those

1    claims and we'll continue to do so.  But I think it

2    worthwhile, Your Honor, to set out here on the record the

3    schedule that we had proposed to the joint administrators.

4          Assuming that the claims were filed on June 1 or

5    no later than June 1, it is our anticipation, Your Honor,

6    that the U.S. debtors would file dispositive motions no

7    later than July 15.  And that no later than August 15 the

8    joint administrators would have the ability to file

9    opposition to those dispositive motions.  We would look for

10   a reply on or about September 2, just prior to the Labor Day

11   weekend to be filed by the U.S. debtors and, of course, the

12   committee.  And I believe, Your Honor, had reserved an

13   understanding that it is a tentative reservation of the date

14   of September 19 for a hearing.

15         We understand that the joint administrators have

16   not stipulated to that schedule, but we wanted to put it out

17   there.  We think it is an appropriate schedule.  We do

18   anticipate moving to dismiss these claims as quickly as

19   possible and believe that there's an appropriate period of

20   time built into that schedule to deal with everything that

21   we need to deal with.

22         Your Honor, as you know, we also have scheduled a

23   hearing for June 7, a joint hearing --

24         THE COURT:  Yes.

25         MR. BROMLEY:  -- with Justice Morawetz to deal

1  with the adoption of an allocation protocol.  We certainly

2  anticipate that the joint administrators will have much to

3  say.  They have until the 19th of May to file their

4  objection in that regard.  And certainly anticipate that

5  they will argue that the claims process that we are dealing

6  with here will and should be part of the allocation process.

7          We certainly disagree with any argument that they

8  may make in that respect, noting that the claims that we're

9  asking to be filed in more particularity here are simply

10  following on the 350 plus claims that were filed in

11  September of 2009.  And it was in September of 2009 that by

12  filing these claims that the joint administrators and on

13  behalf of all of the EMEA debtors submitted themselves to

14  your jurisdiction to resolve these claims.  There is no

15  independent agreement among the parties to deal with this

16  claims in any other form other than here.  And so it is our

17  view that these claims should proceed before Your Honor and

18  proceed separately from allocation.

19          We do also understand that the Canadian debtors

20  and monitor are of the same view as to the claims that have

21  been filed in Canada, that they should be dealt with

22  separately and before Justice Morawetz and separate from

23  allocation.

24          So with that, Your Honor, by way of background

25  and to give you a bit of a road map as to where the debtors

1   and the committee stand, I think that concludes the

2   presentation.  We do have an order which is the same form of

3   order that was attached to the motion.  And as to that

4   limited relief, we do believe that the joint administrators

5   and the EMEA claimants are in agreement.

6           THE COURT:  So just so I'm clear, Mr. Bromley,

7   the hearing that's scheduled for September 19 is one that

8   first of all the debtors do not believe should proceed on

9   September 19, but the first -- you'll have dispositive

10  motions that may address those claims in any event.  But

11  even if I decide not to dismiss the claims, you would

12  propose that those claims be heard in connection with the

13  allocation trial?

14          MR. BROMLEY:  No, Your Honor.

15          THE COURT:  No?

16          MR. BROMLEY:  What we're looking for is the

17  schedule that I sketched out is a schedule simply for the --

18          THE COURT:  Dismissal?

19          MR. BROMLEY:  -- motion to dismiss --

20          THE COURT:  Right.

21          MR. BROMLEY:  -- the dispositive motions.  We

22  believe that the vast majority if not all of the claims of

23  the EMEA debtors against the U.S. debtors should be

24  susceptible to disposition in that fashion.

25          THE COURT:  Okay.

1                MR. BROMLEY:  To the extent that there are any

2      claims that continue to exist and after that, we do believe

3      that those claims should be dealt with in a proceeding

4      separate from allocation.

5                THE COURT:  Oh, okay, I understand now, fine.

6                MR. BROMLEY:  So because allocation, Your Honor,

7      we believe is separate and apart from the claims process.

8      The claims that we're dealing with here are claims dealt

9      with filed in the U.S. Court and the very specific facts

10     that are alleged as to the U.S. debtors.  And there are

11     claims filed in the Canadian Courts with very specific facts

12     filed as to the Canadian debtors.

13               THE COURT:  Okay.

14               MR. BROMLEY:  We believe that it is the exclusive

15     jurisdiction of Your Honor to deal with the claims as filed

16     here.  We believe the same is true for the claims filed in

17     front Justice Morawetz.  On the other hand, we believe that

18     allocation is appropriate in a joint hearing setting --

19               THE COURT:  Yes.

20               MR. BROMLEY:  -- before both of you.

21               THE COURT:  Okay.  All right, thank you, Mr.

22     Bromley.  I had the parties positions switched in my mind

23     and I appreciate it.  Thank you.

24               MR. BROMLEY:  Thank you, Your Honor.

25               THE COURT:  Mr. Coleman?

1          MR. COLEMAN:  Yes, Your Honor, thank you.

2          THE COURT:  Good morning.

3          MR. COLEMAN:  Ken Coleman, Allen & Overy on

4    behalf of Ernst & Young as monitor.

5          And just to be clear on the monitor's view of

6    this.  Mr. Bromley referred to the sixty-fifth report which

7    Your Honor has.

8          THE COURT:  Yes.

9          MR. COLEMAN:  And I think in that document, the

10   monitor makes it very clear that the pass to overall

11   resolution of the case requires that the EMEA claims as

12   asserted in Canada be heard and determined separate from

13   allocation.

14         THE COURT:  Okay.

15         MR. COLEMAN:  And that be done in advance of the

16   resolution of allocation issues.

17         THE COURT:  Okay.

18         MR. COLEMAN:  Thank you.

19         THE COURT:  Thank you, Mr. Coleman.  And I will

20   go back and more carefully read that sixty-fifth report from

21   the monitor.

22         MR. COLEMAN:  Thank you, Your Honor.

23         THE COURT:  I appreciate it.  Mr. Hodara?

24         MR. HODARA:  Thank you, Your Honor.  So again,

25   very briefly.  The creditors' committee fully endorses the

1   comments that were made by Mr. Bromley.

2              I rise for a moment in connection with what Mr.

3   Coleman just said which I think is another key point and one

4   with which we agree as well.  That is that the claims

5   proceeding in Canada needs to be separate from the claims

6   proceeding here.  They are different claims.  There may be

7   some overlap in what is asserted by the EMEA creditors, but

8   we believe that the factual circumstances are considerably

9   different.  And I understood Mr. Coleman's comments to

10  include the point that not only should these proceedings be

11  separate from the allocation proceedings, but there are real

12  distinctions, we believe in what's going to be asserted by

13  the EMEA parties in Canada and in the United States.

14             THE COURT:  Okay.  Very well, thank you.  Will

15  the fact that Mr. Justice Morawetz and I have scheduled

16  those hearings for the same time in September create a

17  difficulty for the parties having to be in two places at one

18  time or are they so separate that that will not be a

19  problem?

20             MR. COLEMAN:  Your Honor, I don't think that

21  that's a problem at this juncture.

22             THE COURT:  Okay.  Thank you, Mr. Coleman.  Good

23  morning.

24             MR. KRELLER:  Good morning, Your Honor.  Thomas

25  Kreller of Millbank, Tweed, Hadley & McCloy --

1              THE COURT:  Yes.

2              MR. KRELLER:  -- on behalf of the informal

3    noteholders group.  Your Honor, it's a pleasure to be here

4    in person --

5              THE COURT:  Good to have you here.

6              MR. KRELLER:  -- rather than on the phone for a

7    chance.

8              THE COURT:  Yes, yes.

9              MR. KRELLER:  Your Honor, just briefly.  The

10   noteholder group fully supports the proposed schedule that

11   the debtors have laid out here with respect to dealing with

12   the EMEA claims as asserted in the U.S.  We're also

13   supportive of the monitor's process in Canada for dealing

14   with the claims asserted in Canada.  We agree that those are

15   separate processes.  We believe the timing is critical as

16   you've heard from us on many occasions, Your Honor.

17             THE COURT:  Yes.

18             MR. KRELLER:  And you'll hear from us again on

19   June 7.  It's time in this case for the efforts to be

20   focused on getting the significant cash proceeds into the

21   hands of the creditors.

22             THE COURT:  Yes.

23             MR. KRELLER:  And we believe that a parallel, but

24   separate processes for the allocation and the EMEA claims in

25   both jurisdictions should be undertaken with all due haste

1  and we support the timetable that Mr. Bromley has outlined

2  here, Your Honor.

3           THE COURT:  All right, thank you, Mr. Kreller.  I

4  certainly understand the position.  It has been I would say

5  the cases moved forward very well given the size and

6  complexity, but the time has come hopefully to start to make

7  some distributions.

8           MR. KRELLER:  Thank you, Your Honor.

9           THE COURT:  Thank you, Mr. Kreller.  Mr. Harron,

10  there you are.  Good morning.

11           MR. HARRON:  Good morning, Your Honor.  For the

12  record, Ed Harron on behalf of the UK administrators.

13           THE COURT:  Yes.

14           MR. HARRON:  And I have with me today, Derek

15  Adler who's with the firm of Hughes Hubbard and my co-

16  counsel.

17           And, Your Honor, just a few comments in respect

18  of the motion.  I believe it's Agenda No. 9.  I think that's

19  what we were talking about, the motion to file an amended

20  claim.  As Your Honor can read from our reply and I think

21  the parties all understood, we agreed to the relief sought

22  in that motion.  And all that was sought in that motion was

23  that we agreed to file claims by June 1.  We believe that's

24  all that's before the Court today, Your Honor.

25           So we don't believe that it's appropriate today

1   to discuss scheduling.  We understand the Court's

2   availability in September.  And I did receive a call

3   yesterday from the debtors' counsel proposing a schedule.

4   And to that proposal, my clients have responded that we

5   believe it's premature to talk scheduling when our amended

6   claims have not been filed and those claims have not --

7   obviously because they have not been filed, have not been

8   subject to a proper objection pursuant to Rule 3000.

9          And, Your Honor, so we'll be prepared to discuss

10  this further on the 7th.  And understand the parties are

11  eager to move things forward promptly and we are eager to

12  move things forward promptly as well.  The suggestion that

13  trials could occur on the EMEA claims simultaneously in the

14  UK -- pardon me, in the U.S. and Canada which is I think

15  it's the first time I've heard it was this morning, I

16  haven't conferred with my clients about it, but I suspect,

17  Your Honor, that will cause hardship to us to have lawyers

18  and witnesses at two places in the same time.  And I haven't

19  heard anything today that would warrant that type of a

20  hardship being imposed upon our clients.

21         Your Honor, as far as Mr. Bromley's request that

22  the Canadian claims be filed on the U.S. docket, again, the

23  first thing we've heard of that was when Mr. Bromley made it

24  in open Court.  I understand that he's going to send us a

25  letter based on what he said today and we'll respond to that

1  request in due course.

2          With that, Your Honor, I defer to Mr. Adler.

3          THE COURT:  All right, thank you.  Thank you, Mr.

4  Harron.  Mr. Adler, welcome to you.

5          MR. ADLER:  Thank you very much, Your Honor.

6  Actually, I'm not sure there's anything to add to this.  I

7  think you'll be in the best position to consider the

8  schedule and the interaction between the claims process and

9  the allocation process when you have the amended claims and

10  when you have our response on the protocol motion at the

11  June 7 hearing.

12          THE COURT:  Well just to -- and thank you, Mr.

13  Adler.  Just to be clear, I have reserved time in September

14  because if I don't do it now, you know, it just won't be

15  there come September.  But certainly, I am awaiting the

16  parties papers on the point.

17          MR. ADLER:  And we've reserved that time as well,

18  Your Honor.  We are quite aware of the schedule that's been

19  set.

20          THE COURT:  All right, thank you, Mr. Adler.

21          MR. ADLER:  Thank you.

22          THE COURT:  Thank you, sir.

23          MR. HARRON:  Thank you, Your Honor.

24          THE COURT:  Mr. Bromley, I know that the EMEA

25  joint administrators have agreed to file by June 1, but I

1  take it that you would like to have something just a little

2  more formal on the docket providing for that agreement, if

3  you will.

4          MR. BROMLEY:  Yes, Your Honor.  We appreciate the

5  stipulation to the relief.  We do recognize that there's

6  been no opposition filed to the amended claims as the

7  amended claims haven't been filed yet.  We simply wanted to

8  provide the Court and everyone here an idea of our game

9  plan.

10          THE COURT:  Of course.

11          MR. BROMLEY:  It is fair to say that while the

12  formal claims have not been filed, we certainly have a very

13  good idea of what they're going to say based on prior

14  conversations and the interactions amongst the parties over

15  the past 18 months.  So we can say that the -- it's

16  premature.  I think it's certainly worthwhile to allow the

17  Court to understand that prematurity is in the eye of the

18  beholder.

19          THE COURT:  Yes.  And of course we will take this

20  up in more depth and more finality, if you will, on June the

21  7th.  Is that correct?

22          MR. BROMLEY:  That's correct, Your Honor.

23          THE COURT:  Yes.  And hopefully, the parties will

24  discuss some of the scheduling issues and some of the other

25  matters that you've raised, but to the extent you aren't

1  able to reach an agreement, we'll take it from there.

2          MR. BROMLEY:  Certainly, Your Honor.  And we have

3  never failed to be available to consult on scheduling and

4  related matters with the joint administrators and their

5  counsel.  And I know there's been some holidays in the UK

6  over the past couple of weeks.  I believe everyone is back

7  as of this week and we are very happy to get on the phone

8  with them.

9          THE COURT:  All right, wonderful.  Thank you, Mr.

10 Bromley.

11         MR. BROMLEY:  May I approach, Your Honor?

12         THE COURT:  You certainly may.

13         MR. BROMLEY:  Thank you.

14         THE COURT:  Thank you.  Good to see you.  Thank

15 you.  And this is the order that was attached is it not to

16 the -- to your motion?

17         MR. BROMLEY:  Yes, it is, Your Honor.

18         THE COURT:  Okay.  Is there any opposition to my

19 entering the order?  I think it's -- I didn't hear anyone.

20 I know that you've agreed, but I think that the debtors are

21 requesting the Court's stamp of approval on their request

22 and -- Mr. Adler?  If you wouldn't mind coming forward so we

23 can pick you up on the recording.  Thank you, Mr. Adler.

24         MR. ADLER:  No objection, Your Honor.

25         THE COURT:  All right, very well, then I'm

1    signing the order.  It will be an interesting fall, I

2    suspect.

3              MR. BROMLEY:  I think that's it, Your Honor.

4              THE COURT:  All right, wonderful.

5                        (Laughter)

6              THE COURT:  Mr. Bromley, thank you.

7              MR. BROMLEY:  Thank you very much.

8              THE COURT:  Thank you all and we'll stand in

9    recess.

10             ALL:  Thank you, Your Honor.

11             THE COURT:  Have a good trip home.

12        (Whereupon, at 10:12 a.m., the hearing was adjourned.)

13

14                        CERTIFICATION

15        I certify that the foregoing is a correct

16   transcript from the electronic sound recording of the

17   proceedings in the above-entitled matter.

18

19

20   _____          10 May 2011
21   Traci L. Calaman, Transcriber                Date

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

a.m(3) 1:15 5:1 37:12
abbott(1) 1:24
ability(2) 11:14 25:8
able(3) 19:14 19:21 36:1
about(9) 10:9 10:12 15:20 21:24 22:18 24:25 25:10 32:19 33:16
aboveentitled (1) 37:17
absent(1) 10:21
acceptable(1) 9:11
according(2) 22:17
acquired(1) 12:12
acquiring(1) 7:21
acres(1) 10:9
active(1) 34:6
actually(1) 34:6
add(1) 34:6
addition(2) 10:17 12:25
additional(2) 15:18 24:7
address(1) 27:10
adjourned(1) 37:17
adler(12) 2:39 32:15 34:2 34:4 34:5 34:13 34:17 34:20 34:21 36:22 36:23 36:24
admin(2) 2:30 3:41
administered(1) 1:8
administrator(1) 23:11
administrators(13) 21:9 23:5 24:11 24:25 25:3 25:8 25:15 26:2 26:12 27:4 32:12 34:25 36:4
admission(2) 14:19 17:2
admitted(3) 14:22 17:6
adoption(1) 26:1
advance(1) 29:15
advise(1) 18:10
afraid(1) 20:8
after(4) 11:18 11:25 21:25 28:2
again(3) 29:24 31:18 33:22
against(4) 22:15 22:16 23:18 27:23
agenda(3) 5:11 6:12 32:18
agree(3) 13:11 30:4 31:14
agreeable(1) 16:23
agreed(5) 12:22 32:21 32:23 34:25 36:20
agreement(17) 8:15 10:7 11:5 11:18 12:8 12:11 13:11 13:16 13:23 14:4 14:8 15:11 16:8 26:15 27:5 35:2 36:1
agreements(4) 12:9 13:5 13:8 15:16
akin(1) 2:4
all(38) 6:5 6:5 6:20 7:1 8:8 8:23 9:13 9:22 12:13 12:13 12:15 13:14 13:12 14:18 14:22 15:9 17:5 17:12 18:7 20:19 22:8 24:21 26:13 27:8 27:22 28:21 31:25 32:3 32:21 32:22 32:24 34:3 34:20 36:9 36:25 37:4 37:8 37:10
alleged(1) 28:10
allen(2) 2:18 29:3
allocation(13) 26:1 26:6 26:18 26:23 27:13 28:4 28:16 28:18 29:13 29:16 30:11 31:24 34:9
allow(3) 23:6 24:11 35:16
allowed(1) 8:9
already(4) 9:24 21:14 21:14 33:2
also(10) 9:2 10:5 12:21 12:25 19:24 22:1 24:10 25:22 26:19 31:12
always(1) 17:14
amanda(1) 2:46
amended(6) 21:12 32:19 33:5 34:9 35:6 35:7
americas(1) 2:20
among(4) 12:12 12:18 13:23 26:15
amongst(1) 35:14
amount(2) 22:18
amounts(1) 22:22
ancillary(2) 12:8 13:8

and(213) 5:4 5:12 5:13 5:17 5:21 6:2 6:3 6:3 6:8 6:9 6:9 6:11 6:13 6:16 6:18 7:6 7:10 7:15 7:17 7:21 8:1 8:3 8:4 8:4 8:10 8:10 8:14 8:16 8:22 9:2 9:22 9:22 10:1 10:1 10:1 10:4 10:5 10:5 10:7 10:10 10:11 10:11 10:12 10:15 10:23 11:4 11:5 11:10 11:12 11:14 11:16 11:17 11:23 12:3 12:7 12:8 12:11 12:12 12:14 12:14 12:15 12:15 12:19 12:23 13:3 13:5 13:8 13:10 13:10 13:12 13:12 13:15 13:16 13:21 14:4 14:4 14:5 14:6 14:8 14:9 14:10 14:13 14:15 15:9 15:13 15:17 15:22 15:21 15:24 16:5 16:11 16:16 16:20 16:22 16:22 16:24 17:11 18:4 18:4 18:9 18:10 18:12 18:15 18:24 18:25 19:1 19:3 19:4 19:13 19:15 19:16 19:16 19:16 19:18 19:20 19:21 19:22 19:23 19:23 19:24 19:25 19:25 20:6 20:9 20:23 21:4 21:9 21:24 22:1 22:5 22:7 22:10 22:15 22:17 23:3 23:15 24:5 24:17 24:19 25:1 25:7 25:11 25:12 25:19 26:4 26:6 26:11 26:12 26:16 26:17 26:20 26:22 26:22 26:25 27:1 27:3 27:5 28:2 28:7 28:9 28:10 28:23 29:5 29:9 29:12 29:15 29:19 29:20 30:3 30:9 30:13 30:15 31:18 31:23 31:24 32:1 32:5 32:14 32:15 32:17 32:20 32:22 33:2 33:4 33:6 33:9 33:10 33:11 33:14 33:18 33:18 33:25 34:4 34:8 34:9 34:12 34:17 35:8 35:14 35:19 35:20 35:23 35:24 36:2 36:3 36:4 36:5 36:7 36:15 36:22 37:8
andrew(1) 3:38
ann(1) 1:25
annie(1) 1:59
announcements(1) 15:14
another(1) 30:3
answer(1) 18:4
anticipate(4) 21:25 25:18 26:2 26:4
anticipation(1) 25:5
any(18) 8:10 9:7 9:14 11:17 12:19 14:1 14:16 14:19 16:25 17:2 17:10 18:5 21:6 26:7 26:16 27:10 28:1 36:18
anyone(7) 6:5 9:14 14:19 17:13 18:19 19:9 36:19
anything(3) 33:19 34:6
apart(1) 28:7
appear(1) 20:20
appearances(2) 3:11 4:1
application(2) 5:17 6:8
apply(2) 22:19 22:20
appointed(1) 9:20
appreciate(3) 28:23 29:23 35:4
approach(3) 5:24 20:4 36:11
appropriate(6) 6:9 24:15 25:17 25:19 28:18 32:25
approval(4) 7:11 13:2 14:4 36:21
approve(1) 17:11
approved(3) 10:20 15:6 15:11
approximately(1) 11:3
appurtenances(1) 12:15
april(5) 16:14 21:10 22:10
are(39) 5:6 13:3 14:16 16:25 18:3 18:4 18:14 21:20 21:25 22:7 22:8 22:21 23:11 23:14 23:17 23:21 23:25 24:1 24:10 24:14 26:5 26:9 26:20 27:5 28:1 28:8 28:10 28:10 30:6 30:8 30:11 30:18 31:14 32:10 33:10 33:11 34:18 36:7 36:20
aren't(1) 35:25
argue(1) 26:5
argument(1) 26:7
arm's(3) 13:21 18:13 19:16
armstrong(1) 3:29
arose(1) 11:19
around(1) 7:21
arsht(2) 1:23 5:10
ashby(2) 2:44 8:1

ashner(1) 5:17
ask(6) 9:13 17:11 18:15 23:5 24:10 24:19
asked(1) 21:17
asking(2) 22:25 26:9
asserted(5) 29:12 30:7 30:12 31:12 31:14
asset(4) 3:37 3:37 7:22 19:2
assets(7) 9:24 10:9 12:12 12:16 12:17 12:18 19:24
assign(1) 7:22
assignment(3) 13:10 13:12 13:16
associates(1) 6:24
assuming(1) 25:4
assumption(3) 13:10 13:16
attached(2) 27:3 36:15
attempted(1) 24:24
attempts(1) 11:18
auction(1) 10:25
audible(5) 6:7 9:16 14:21 17:4 19:10
august(1) 25:7
authorized(1) 14:11
availability(1) 33:2
available(5) 8:25 22:7 24:16 24:19 36:3
avenue(2) 2:20 2:47
avidity(1) 4:4
awaiting(1) 34:15
aware(2) 18:3 34:18
back(3) 17:15 29:20 36:6
background(1) 26:24
bank(2) 3:33 3:33
bankruptcy(2) 1:1 1:19
barclays(2) 3:21 3:21
based(4) 7:20 19:14 33:25 35:13
battery(1) 2:40
because(6) 21:12 23:21 24:12 28:6 33:7 34:14
become(1) 8:16
becoming(2) 19:3 33:20
been(18) 8:21 14:12 19:20 21:13 22:3 23:3 24:9 24:15 26:21 32:4 33:6 33:7 33:7 34:18 35:6 35:7 35:12 36:5
before(8) 1:18 9:25 13:6 16:8 26:17 26:22 28:20 32:24
began(3) 11:7 11:10 11:21
beginning(1) 9:21
behalf(7) 5:10 21:9 23:5 26:13 29:4 31:2 32:12
beholder(1) 35:18
being(2) 10:9 33:20
belief(1) 14:3
believe(20) 18:24 25:12 25:19 27:4 27:8 27:22 28:2 28:7 28:14 28:16 28:17 30:8 30:12 31:15 31:23 32:18 32:23 32:25 33:5 36:6
believes(2) 14:11 16:9
benefits(1) 5:18
best(9) 8:4 10:5 10:25 12:2 14:5 16:3 16:11 19:19 34:7
better(4) 12:3 16:12 16:16 17:17
between(3) 10:7 12:11 14:5 34:8
bid(2) 12:1 16:2
bidders(1) 13:24
bids(2) 15:22 15:24
bill(1) 17:22
billion(2) 22:18 22:21
bit(1) 21:24 26:25
bizphere(1) 3:4
bondholders(1) 14:14
both(4) 10:1 22:15 28:20 31:25
botter(1) 2:5
boulevard(1) 10:10

bowden(10) 2:45 17:13 17:17 17:20 17:22 17:22 17:25 18:9 18:17 18:18
box(1) 2:34 2:48
brandywine(1) 2:32
brickley(1) 3:26
brief(1) 8:24
briefly(2) 29:25 31:9
brings(1) 5:16
brochures(1) 15:13 16:20
broke(1) 11:20
broker(1) 9:3
bromley(49) 1:33 6:20 6:22 7:1 20:7 20:8 20:14 20:17 20:24 20:25 21:4 21:23 22:13 23:2 23:9 23:14 23:19 23:21 23:24 24:5 24:22 25:25 27:6 27:14 27:16 27:19 27:21 28:1 28:6 28:14 28:20 28:22 28:24 29:6 30:1 32:1 33:23 34:24 35:4 35:11 35:22 36:2 36:10 36:11 36:13 36:17 37:3 37:6 37:7
bromley's(1) 33:21
brown(1) 3:14
bryant(1) 2:7
buchanan(1) 2:24
building(3) 2:32 10:11 10:12
built(1) 35:20
business(4) 8:13 10:18 13:14 14:10
bussigek(22) 1:34 6:18 6:24 7:4 7:5 7:9 7:15 8:21 8:24 9:6 9:12 9:19 13:19 14:18 14:23 15:2 17:7 17:9 17:12 19:25 20:2 20:4
but(21) 21:20 22:21 23:4 23:15 23:18 24:6 24:14 24:17 25:1 25:16 27:9 27:10 30:7 30:11 31:23 32:6 33:16 34:25 34:25 35:25 36:20
buyers(2) 8:13 8:17
c.b(1) 11:23
calculation(1) 22:18
calendar(1) 20:15
call(1) 33:2
called(8) 10:1 10:8 11:2 12:5 13:19 15:4 16:13 18:11
campaigns(1) 11:4
campus(8) 7:11 7:12 10:14 11:3 11:8 11:22 13:24 15:8
can(4) 9:8 32:20 35:15 36:23
canada(13) 3:30 22:4 22:5 22:6 23:7 24:16 26:21 29:12 30:5 30:13 31:13 31:14 33:14
canadian(12) 2:18 2:19 22:16 22:19 22:21 23:19 23:24 24:2 26:19 28:11 28:12 33:22
cannot(1) 24:18
capital(3) 3:21 3:21
carefully(2) 20:9 29:20
carothers(1) 3:30
case(8) 1:4 7:7 19:12 19:22 20:13 21:14 29:11 31:9
cases(1) 32:5
cash(2) 12:23 31:20
cause(2) 12:4 33:17
cbre(9) 9:3 11:23 14:25 15:5 15:12 15:21 16:2 16:5 16:22
cbre's(1) 15:9
certain(10) 8:9 9:14 10:17 12:14 12:19 13:1 13:8 14:7 14:9 24:1
certainly(16) 6:9 9:10 9:17 19:19 23:21 24:14 24:17 26:1 26:4 26:7 32:4 34:15 35:12 35:16 36:2 36:12
certificate(1) 5:13
certification(1) 37:14
certify(1) 37:15
chance(1) 31:7

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**changes**(2) 6:1 6:4
**chapter**(1) 1:6
**characteristics**(1) 8:6
**chen**(1) 3:34
**chris**(1) 2:12
**circumstances**(1) 30:8
**claim**(7) 21:2 21:6 21:11 21:12 21:13 23:18 32:20

**claimant's**(1) 21:2
**claimants**(6) 21:5 21:7 21:9 21:14 21:17 27:5

**claims**(65) 6:13 21:18 21:25 22:3 22:4 22:6 22:13 22:14 22:15 22:16 22:17 22:23 23:3 23:4 23:6 23:14 23:17 23:21 23:25 24:3 24:6 24:12 24:15 24:22 25:1 25:4 25:16 26:5 26:8 26:10 26:12 26:14 26:16 26:17 26:20 27:10 27:11 27:12 27:22 28:2 28:3 28:7 28:8 28:8 28:11 28:15 28:16 29:11 30:4 30:5 30:6 31:14 31:24 32:23 33:6 33:6 33:13 33:22 34:8 34:9 35:6 35:7 35:12

**clear**(6) 19:12 21:11 27:6 29:5 29:10 34:11
**cleary**(4) 1:31 6:18 7:9 18:25
**clerk**(1) 5:2
**clients**(4) 18:3 33:4 33:16 33:20
**close**(2) 11:14 13:3
**closing**(4) 12:22 13:1 13:6 13:7

**coleman**(13) 2:19 28:25 29:1 29:3 29:3 29:9 29:15 29:18 29:19 29:22 30:3 30:20 30:22

**coleman's**(1) 30:9
**colleague**(1) 17:23
**come**(2) 32:6 34:15
**comfort**(1) 19:25
**comfortable**(1) 21:20
**coming**(2) 20:19 36:22
**comment**(4) 5:20 30:1 30:9 32:17
**commercial**(2) 7:19 18:1
**committee**(11) 2:4 3:17 14:13 18:22 18:24 19:6 19:20 19:21 25:12 27:1 29:25
**competitive**(1) 16:16
**completes**(1) 14:15
**complexity**(1) 32:6
**comprehensive**(1) 8:4
**conaway**(1) 2:30
**concluded**(1) 16:1
**concludes**(3) 16:24 17:9 27:1
**conclusion**(1) 19:17
**conditions**(2) 13:1 13:2
**conducted**(1) 13:21
**conferred**(1) 33:16
**confidential**(2) 14:9 16:21
**confidentiality**(1) 15:16
**congratulations**(1) 20:18
**connection**(3) 10:19 27:12 30:2
**consider**(1) 34:7
**considerably**(1) 30:8
**consideration**(1) 16:10
**consist**(1) 10:9
**consult**(1) 36:3
**consultation**(1) 16:2
**consummated**(1) 16:8
**consummation**(2) 10:22 14:4
**contacted**(1) 11:13
**contain**(2) 10:12 14:8
**containing**(1) 15:18
**contemplate**(1) 8:15
**continue**(4) 10:22 13:9 25:1 28:2
**continued**(2) 2:2 3:2 4:2
**contract**(2) 7:18 7:22
**contractual**(1) 24:3
**controlled**(1) 13:23
**conversations**(1) 35:14
**copies**(1) 23:15

**cordo**(15) 1:25 5:5 5:6 5:7 5:9 5:9 5:16 5:20 5:23 5:24 6:1 6:11 6:16 6:18 8:1

**correct**(3) 31:25 35:22 37:15
**could**(2) 21:18 33:13

**counsel**(10) 5:18 8:1 19:23 22:11 23:10 23:10 24:24 32:16 33:3 36:5

**couple**(1) 36:6
**course**(7) 19:21 20:23 24:12 25:11 34:1 35:10 35:19

**court**(117) 1:1 5:3 5:6 5:8 5:15 5:19 5:23 5:25 6:5 6:8 6:15 6:17 6:20 6:23 7:1 7:6 7:14 7:25 8:20 8:23 9:5 9:10 9:13 9:17 9:20 9:25 10:20 13:18 14:18 14:22 15:1 15:6 17:2 17:5 17:8 17:12 17:21 17:22 17:24 18:3 18:8 18:17 18:19 18:22 19:7 19:9 19:11 19:14 19:24 20:3 20:5 20:6 20:12 20:16 20:18 20:23 21:3 21:22 22:1 22:12 23:1 23:8 23:13 23:17 23:20 23:23 24:4 24:21 25:24 27:6 27:15 27:18 27:20 27:25 28:5 28:9 28:13 28:19 28:21 28:25 29:2 29:8 29:14 29:17 29:19 29:23 30:14 30:22 31:1 31:5 31:8 31:17 31:22 32:3 32:9 32:13 32:24 33:24 34:3 34:12 34:20 34:22 34:24 35:8 35:10 35:17 35:19 35:2 36:9 36:12 36:14 36:18 36:25 37:4 37:6 37:8 37:11

**court's**(1) 13:2 33:1 36:21
**courtroom**(3) 1:10 8:2 9:3
**courts**(1) 28:11
**create**(1) 30:16
**created**(1) 7:23
**creditors**(6) 14:6 14:13 18:24 29:25 30:7 31:21

**critical**(1) 31:15
**cross**(1) 23:25
**current**(1) 22:20
**currently**(1) 10:16
**customary**(1) 13:1

**dallas**(3) 7:20 14:25 18:6
**data**(1) 1:42
**date**(2) 21:19 25:13
**dated**(1) 22:10
**david**(1) 2:5
**day**(1) 25:10
**deadline**(4) 21:5 21:10 21:19 21:21
**deal**(9) 8:9 11:15 12:4 13:3 19:24 24:7 25:20 25:21 25:25 26:15 28:15

**dealing**(5) 24:25 26:5 28:8 31:11 31:13
**deals**(2) 8:12 8:14
**dealt**(3) 26:21 28:3 28:8
**debtor**(1) 19:22
**debtors**(34) 1:12 1:23 2:20 5:10 7:10 9:2 9:21 9:23 9:24 11:1 18:12 18:15 19:19 20:6 21:1 22:16 22:17 23:6 23:19 23:22 23:24 25:6 25:11 26:13 26:19 26:25 27:8 27:23 27:23 28:10 28:12 31:11 33:3 36:2

**december**(3) 9:21 11:13 11:20
**decide**(1) 27:11
**declaration**(1) 10:1
**defer**(1) 34:2
**definitive**(1) 21:5
**delaware**(5) 1:2 1:12 2:35 2:47 5:1
**delay**(1) 12:4
**deposit**(1) 12:24
**depth**(1) 35:20
**derek**(3) 1:24 2:39 32:14
**described**(1) 8:2
**detail**(1) 8:2
**detailed**(1) 22:13
**determined**(4) 11:13 12:1 16:2 29:12
**developed**(1) 16:22
**diaz**(1) 1:42

**did**(7) 5:20 8:18 11:17 18:25 22:9 23:5 33:2

**didn't**(1) 36:19
**different**(4) 22:6 23:22 30:6 30:9
**difficulty**(1) 30:17
**diligent**(1) 19:1
**direction**(1) 19:4
**disagree**(1) 26:7
**disclose**(1) 24:10
**discount**(1) 22:19
**discuss**(3) 33:1 33:9 35:24
**dismiss**(3) 25:18 27:11 27:19
**dismissal**(1) 27:18
**disposition**(1) 27:24
**dispositive**(4) 25:6 25:9 27:9 27:21
**distinctions**(1) 30:12
**distributions**(1) 32:7
**district**(2) 1:2 8:19
**divestiture**(1) 11:8
**docket**(7) 5:14 22:7 22:11 24:12 24:20 33:22 35:2

**document**(1) 29:9
**documents**(1) 8:10
**does**(4) 6:5 9:14 14:18 24:5
**don't**(3) 30:20 32:25 34:14
**done**(2) 19:23 29:15
**dow**(2) 3:25 3:25
**down**(1) 11:20
**due**(2) 31:25 34:1

**ey.  **(1) 2:18
**each**(1) 10:12
**eager**(2) 33:11 33:11
**early**(1) 23:9
**earnest**(1) 11:22
**easy**(1) 19:2
**echo**(1) 18:11
**ecro**(1) 1:40
**edward**(1) 2:31
**effort**(1) 19:13
**efforts**(5) 9:23 11:17 11:24 15:9 31:19
**electronic**(1) 1:49
**ellis**(1) 11:23
**else**(3) 17:13 18:19 19:9
**emea**(17) 6:13 21:2 21:6 21:9 21:14 21:16 23:5 26:13 27:5 27:23 29:11 30:7 30:13 31:12 31:24 33:13 34:24

**emily**(4) 1:34 6:18 6:23 7:5
**employee**(1) 12:19
**employees**(1) 10:16
**end**(1) 11:13
**endeavor**(2) 21:19 23:15
**endorses**(1) 29:25
**engaged**(2) 12:6 16:6
**english**(1) 23:10
**enter**(4) 13:8 14:16 16:25 18:16
**entered**(3) 7:18 10:19 22:24
**entering**(1) 36:19
**entire**(1) 19:22
**entities**(3) 16:19 23:18 24:2
**entitled**(1) 19:18
**entry**(1) 18:10
**eric**(2) 9:4 14:24
**erick**(1) 17:6
**ernst**(2) 25:5 29:4
**escrow**(1) 12:24
**esq**(29) 1:24 1:25 1:32 1:33 1:34 1:35 2:5 2:6 2:12 2:19 2:25 2:31 2:39 2:45 2:46 3:6 3:14 3:18 3:42 3:43 3:44 3:45 3:46 4:5

**essentially**(2) 22:24 23:17
**estate**(3) 7:20 7:21 14:6
**estates**(1) 11:1
**even**(1) 27:11
**event**(1) 27:10
**everyone**(4) 4:3 24:19 35:8 36:6

**everything**(1) 25:20
**evidence**(4) 13:22 14:16 14:20 16:25
**evidenced**(1) 19:5
**excellent**(3) 19:1 19:22 19:25
**exchange**(1) 22:20
**excluded**(1) 12:17
**exclusions**(1) 12:15
**exclusive**(1) 28:14
**excuse**(1) 20:18
**excused**(1) 20:23
**executed**(1) 15:16
**execution**(1) 15:10
**exhibits**(1) 13:17
**exist**(1) 28:2
**existing**(1) 13:13
**expecting**(1) 24:23
**experience**(1) 7:20
**exploration**(1) 10:3
**exploring**(1) 11:7
**expressions**(1) 16:15
**extended**(1) 19:3
**extent**(3) 24:17 28:1 35:25
**eye**(1) 35:17

**fact**(2) 18:14 30:15
**facts**(2) 28:9 28:11
**factual**(1) 30:8
**failed**(1) 36:3
**fair**(3) 19:16 21:16 35:11
**faith**(5) 12:6 12:24 16:6 18:12 19:15
**fall**(1) 37:1
**familiar**(2) 9:22 12:10
**far**(1) 33:21
**fashion**(1) 27:24
**february**(2) 15:20 15:21
**few**(1) 32:17
**fifth**(1) 36:3
**file**(9) 14:12 21:11 24:11 25:6 25:8 26:3 32:19 32:23 34:25

**filed**(38) 13:16 16:14 21:2 21:10 21:13 21:18 21:25 22:4 22:5 22:7 22:7 22:10 22:14 22:16 22:23 23:3 23:6 23:18 24:13 24:14 24:15 24:23 25:4 25:11 26:9 26:10 26:21 28:9 28:11 28:12 28:15 28:16 33:6 33:7 33:22 35:6 35:7 35:12

**filing**(3) 16:22 21:6 26:12
**final**(1) 13:17
**finality**(1) 35:20
**finally**(2) 14:7 16:18
**finding**(1) 19:15
**findings**(1) 19:17
**fine**(1) 28:5
**finger**(1) 2:11
**firm**(3) 7:20 11:17 32:15
**first**(10) 6:16 6:23 8:7 9:13 9:19 18:2 27:8 27:9 33:15 33:23

**fixtures**(1) 12:13
**floor**(1) 1:27 2:33
**focused**(1) 31:20
**follow**(1) 24:18
**following**(3) 15:25 26:10
**for**(70) 1:2 1:23 2:4 2:18 2:30 2:44 3:4 3:13 3:17 3:21 3:25 3:29 3:33 3:37 3:41 3:42 4:4 5:9 6:23 7:4 7:10 7:11 7:18 7:18 7:23 8:1 8:4 8:13 8:22 9:3 11:1 11:3 11:14 12:2 13:24 15:8 15:22 16:3 16:10 16:16 16:22 17:10 17:25 18:22 19:1 19:17 20:19 21:4 21:6 22:7 24:2 24:19 24:24 24:25 25:9 25:14 25:23 27:7 27:16 27:17 28:16 30:2 30:16 30:17 31:6 31:13 31:19 31:24 32:11 35:2

**foregoing**(1) 37:15
**foreign**(1) 3:42
**form**(4) 5:21 13:17 26:16 27:2
**formal**(2) 35:2 35:12
**forward**(4) 32:5 33:11 33:12 36:22

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|
| **found**(1) 20:12 | | **hearing**(9) 9:17 17:5 25:14 25:23 25:23 27:7 28:18 34:11 37:12 | | **investors**(1) 15:14 | | **listing**(1) 15:8 | |
| **four**(1) 18:3 | | | | **involved**(1) 15:9 | | **lists**(1) 16:22 | |
| **fred**(1) 2:6 | | | | **issue**(1) 22:9 | | **little**(2) 21:24 35:1 | |
| **friedman**(1) 3:38 | | **hearings**(1) 30:16 | | **issues**(2) 29:16 35:24 | | **live**(2) 9:15 10:1 | |
| **from**(25) 5:13 5:21 6:18 8:18 9:2 12:18 17:14 18:6 20:9 21:8 23:10 26:18 26:22 28:4 28:7 29:12 29:20 30:5 30:11 31:16 31:18 32:20 33:3 36:1 37:16 | | **held**(1) 15:2 | | **it's**(14) 7:19 17:14 19:12 21:16 21:23 31:19 32:18 32:25 33:5 33:15 35:15 35:15 36:19 | | **lloyd**(1) 3:46 | |
| | | **herbert**(1) 3:41 | | | | **llp**(1) 2:18 | |
| | | **here**(23) 8:7 9:11 17:11 18:6 20:22 22:8 22:25 23:4 24:13 24:18 24:23 25:2 26:6 26:9 26:16 28:8 28:16 30:6 31:3 31:5 31:11 32:2 35:8 | | **item**(1) 5:16 | | **located**(2) 10:10 12:14 | |
| **front**(1) 28:17 | | | | **items**(5) 5:12 6:12 12:20 | | **longer**(1) 8:7 | |
| **fully**(5) 18:24 19:6 20:10 29:25 31:10 | | | | **its**(4) 8:10 14:6 14:6 19:23 | | **look**(1) 25:9 | |
| **functioned**(1) 10:15 | | **hide**(1) 17:15 | | | | **looking**(1) 27:16 | |
| **furnishings**(1) 12:14 | | **high-rise**(1) 10:11 | | **james**(2) 3:5 3:6 | | **lose**(1) 12:4 | |
| **further**(17) 8:2 10:14 10:24 11:9 11:16 12:3 12:4 15:7 15:15 15:19 15:25 16:9 16:11 16:15 20:14 21:6 33:10 | | **higher**(2) 16:16 22:20 | | **january**(3) 11:22 15:5 15:19 | | **ltd**(1) 3:43 | |
| | | **highest**(5) 8:4 10:5 12:2 16:3 16:11 | | **jim**(1) 1:33 | | **luck**(1) 10:24 | |
| | | **his**(3) 14:3 15:23 18:25 | | **job**(2) 19:1 24:6 | | **macadamian**(1) 3:5 | |
| **gale**(1) 3:42 | | **historically**(2) 7:15 10:15 | | **john**(3) 3:45 4:4 4:5 9:1 | | **mace**(1) 1:40 | |
| **game**(1) 35:8 | | **hit**(1) 5:13 | | **joint**(17) 2:30 3:41 21:9 23:5 23:11 24:11 24:24 25:3 25:8 25:15 25:23 26:2 26:12 27:4 28:18 34:25 36:4 | | **mackey**(11) 9:2 14:24 14:24 15:4 15:7 15:12 15:19 15:23 16:9 16:13 16:18 | |
| **given**(2) 24:9 32:5 | | **hoc**(1) 3:17 | | | | **mackey's**(3) 16:24 17:6 19:15 | |
| **gives**(1) 19:24 | | **hodara**(7) 2:6 18:20 18:21 18:23 19:8 29:23 29:24 | | **jointly**(1) 1:8 | | **macquarie**(2) 3:33 3:33 | |
| **giving**(1) 24:6 | | | | **jones**(2) 3:25 3:25 | | **made**(7) 6:1 8:11 21:11 22:1 24:16 30:1 33:23 | |
| **glad**(1) 20:22 | | **holidays**(1) 36:5 | | **judge**(1) 1:19 | | | |
| **going**(7) 6:24 7:10 20:9 24:10 30:12 33:24 35:13 | | **home**(1) 37:11 | | **july**(2) 15:3 25:7 | | **maintain**(1) 10:23 | |
| | | **honor**(76) 5:5 5:7 5:11 6:1 6:11 6:22 7:4 8:12 9:6 9:19 17:7 17:18 17:23 18:2 18:2 18:5 18:9 18:10 18:15 18:16 18:18 18:21 18:23 20:2 20:8 20:14 20:21 20:25 21:1 21:8 21:24 22:3 23:2 23:6 23:12 24:10 25:2 25:5 25:12 25:22 26:17 26:24 27:14 28:6 28:15 28:24 29:1 29:7 29:22 29:24 30:20 30:24 31:3 31:9 31:16 32:2 32:8 32:11 32:17 32:20 32:24 33:9 33:17 33:2 34:2 34:5 34:18 34:23 35:4 35:22 36:2 36:11 36:17 36:24 37:3 37:10 | | **june**(11) 21:18 21:20 24:14 25:4 25:5 25:23 31:19 32:23 34:11 34:25 35:20 | | **majority**(1) 27:22 | |
| **good**(34) 5:3 5:4 5:5 5:7 5:8 6:21 6:22 7:2 7:4 12:6 12:24 16:6 17:13 17:20 17:21 18:12 18:20 18:21 19:15 20:5 20:7 20:24 23:4 23:13 24:6 29:2 30:22 30:24 31:5 32:10 32:11 35:13 36:14 37:11 | | | | **jurisdiction**(2) 26:14 28:15 | | **make**(9) 9:7 9:14 18:2 19:15 19:16 23:15 24:17 26:8 32:6 | |
| | | | | **jurisdictions**(1) 31:25 | | **makes**(1) 29:10 | |
| | | | | **just**(14) 6:1 6:22 9:13 23:18 25:10 27:6 29:5 30:3 31:9 32:17 34:12 34:13 34:14 35:1 | | **management**(1) 3:37 | |
| | | **honorable**(1) 1:18 | | | | **many**(1) 31:16 | |
| **gottlieb**(4) 1:31 6:19 7:9 18:25 | | **hopefully**(2) 32:6 35:23 | | **justice**(5) 22:24 25:25 26:22 28:17 30:15 | | **map**(1) 26:25 | |
| **granted**(1) 24:18 | | **houses**(1) 10:16 | | **keightley**(1) 5:17 | | **march**(3) 16:1 22:4 22:14 | |
| **great**(2) 19:24 24:7 | | **how**(1) 5:6 | | **ken**(2) 2:19 29:3 | | **marked**(1) 12:20 | |
| **gross**(1) 1:18 | | **howard**(1) 1:35 | | **kevin**(3) 1:18 3:44 3:46 | | **market**(4) 1:11 1:26 2:26 15:9 | |
| **group**(2) 31:3 31:10 | | **however**(2) 22:9 22:20 | | **key**(1) 30:3 | | **marketed**(1) 11:3 | |
| **guarantee**(1) 24:3 | | **hubbard**(2) 2:38 32:15 | | **king**(1) 2:14 | | **marketing**(9) 9:17 10:25 11:4 11:17 11:22 12:3 16:12 19:12 19:23 | |
| **gump**(1) 2:4 | | **hughes**(2) 2:38 32:15 | | **know**(8) 19:12 19:22 20:6 25:22 34:14 34:24 36:5 36:20 | | | |
| **had**(6) 6:4 21:19 22:1 25:3 25:12 28:22 | | **i'd**(4) 6:22 8:24 14:15 16:24 | | | | **material**(1) 13:4 | |
| **hadley**(2) 3:17 30:25 | | **i'll**(1) 17:17 | | **kreller**(10) 30:24 30:25 31:2 31:6 31:9 31:18 31:23 32:3 32:8 32:9 | | **matter**(2) 20:15 21:1 37:17 | |
| **halcyon**(2) 3:37 3:37 | | **i'm**(6) 6:9 20:8 20:24 27:6 34:6 36:25 | | | | **matters**(2) 35:25 36:4 | |
| **hamilton**(2) 1:31 7:10 | | **i've**(2) 20:12 33:15 | | **lab**(1) 12:14 | | **matz**(1) 3:18 | |
| **hand**(1) 28:17 | | **idea**(2) 35:8 35:13 | | **labor**(1) 25:10 | | **mauro**(1) 3:22 | |
| **hands**(1) 31:21 | | **immediately**(2) 11:10 11:19 | | **laboratory**(1) 10:12 | | **maximize**(2) 9:23 10:25 | |
| **happening**(1) 21:25 | | **imposed**(1) 33:20 | | **laid**(1) 31:11 | | **may**(17) 1:14 5:1 5:24 8:6 8:12 9:18 17:22 20:4 20:23 22:3 26:3 26:8 27:10 30:6 36:11 36:12 37:20 | |
| **happy**(3) 7:17 18:4 36:7 | | **impressive**(1) 7:2 | | **lakeside**(1) 10:10 | | | |
| **hardship**(2) 33:17 33:20 | | **inc**(3) 1:6 3:21 3:30 | | **land**(1) 10:9 | | **mccloy**(2) 3:17 30:25 | |
| **harrisburg**(1) 1:44 | | **include**(3) 12:12 12:18 30:10 | | **landlord**(1) 8:17 | | **member**(1) 15:7 | |
| **harron**(7) 2:31 32:9 32:11 32:12 32:14 34:4 34:23 | | **including**(3) 9:23 13:1 13:9 | | **last**(1) 22:2 | | **members**(1) 14:1 | |
| | | **incorporated**(1) 7:13 | | **late**(1) 15:21 | | **memorandum**(1) 15:18 | |
| **haste**(1) 31:25 | | **indeed**(1) 21:12 | | **later**(4) 24:14 25:5 25:7 25:7 | | **mgmt**(1) 3:37 | |
| **has**(14) 8:21 9:7 9:25 10:20 11:3 11:4 15:2 16:15 19:20 19:23 29:7 32:1 32:4 32:6 | | **independent**(2) 8:19 26:15 | | **laughter**(6) 7:3 7:8 17:16 17:19 20:11 37:7 | | **might**(5) 12:4 18:5 23:4 | |
| | | **informa**(1) 5:20 31:2 | | **law**(1) 3:5 | | **milbank**(1) 3:17 | |
| **haste**(1) 31:25 | | **information**(3) 14:9 15:18 24:8 | | **lawton**(1) 3:43 | | **millbank**(1) 30:25 | |
| **have**(57) 5:15 5:21 8:25 9:14 11:13 12:21 14:12 14:19 16:6 17:10 17:11 18:5 18:5 19:19 19:21 20:5 20:7 20:9 20:14 21:8 21:12 21:13 21:17 21:17 22:3 23:3 23:3 24:15 24:16 24:24 25:8 25:15 25:22 26:2 26:3 26:20 27:2 27:9 30:15 31:5 31:11 32:14 33:4 33:6 33:6 33:7 33:7 33:17 34:9 34:10 34:13 34:25 35:1 35:12 35:12 36:2 37:11 | | **informed**(2) 10:3 10:6 | | **lawyers**(1) 33:17 | | **million**(3) 7:19 12:23 12:24 | |
| | | **ingersoll**(1) 2:24 | | **layton**(1) 2:11 | | **mind**(2) 28:22 36:22 | |
| | | **insider**(1) 13:25 | | **lead**(2) 11:17 11:23 | | **moment**(1) 30:2 | |
| | | **insiders**(2) 14:2 18:14 | | **leased**(1) 12:19 | | **mona**(1) 2:25 | |
| | | **instance**(1) 24:2 | | **leases**(2) 10:19 13:13 | | **monitor**(7) 2:19 22:5 22:9 26:20 29:4 29:10 29:21 | |
| | | **intend**(1) 21:11 | | **length**(3) 13:21 18:13 19:16 | | | |
| | | **intends**(1) 7:22 | | **lengthy**(1) 8:3 | | **monitor's**(7) 22:9 22:11 22:18 24:1 24:5 29:5 31:13 | |
| | | **interaction**(1) 34:8 | | **less**(1) 12:23 | | | |
| **haven't**(3) 33:16 33:18 35:7 | | **interactions**(1) 35:14 | | **let**(1) 9:13 | | **months**(2) 11:4 35:15 | |
| **having**(1) 30:17 | | **interest**(4) 12:13 14:5 16:15 19:19 | | **letter**(3) 23:9 24:19 33:25 | | **morawetz**(5) 22:24 25:25 26:22 28:17 | |
| **he's**(2) 12:10 33:24 | | **interested**(2) 11:9 16:19 | | **liability**(1) 7:23 | | **more**(6) 21:5 26:9 35:2 35:20 35:20 | |
| **headquarters**(2) 7:16 10:15 | | **interesting**(1) 37:1 | | **liberty**(2) 1:36 23:11 | | **morning**(20) 5:3 5:4 5:5 6:21 6:22 7:2 7:4 17:13 17:20 17:21 18:7 18:20 18:21 23:10 29:2 33:8 34:20 32:10 32:11 33:15 | |
| **hear**(3) 17:14 31:18 36:19 | | **intimately**(1) 15:9 | | **license**(3) 12:8 13:9 13:15 | | | |
| **heard**(8) 6:6 17:13 27:12 29:12 31:16 33:15 33:19 33:23 | | **into**(12) 6:2 7:18 8:15 10:19 13:8 13:11 14:16 14:16 16:25 19:13 25:20 31:20 | | **like**(9) 6:14 6:23 8:24 9:7 9:8 14:15 14:23 16:24 35:1 | | **morris**(2) 1:23 5:9 | |
| | | | | **limited**(2) 7:23 27:4 | | **motion**(14) 6:8 6:25 8:3 13:17 16:14 21:4 27:3 27:19 32:18 32:19 32:22 32:22 34:10 36:16 | |
| | | **introduce**(1) 6:23 | | **lines**(1) 13:14 | | | |
| | | **introduction**(1) 7:2 | | **liquidated**(1) 22:15 | | | |
| | | **investment**(2) 15:13 16:20 | | **lisa**(1) 1:32 | | | |
| | | | | **list**(2) 16:18 16:21 | | | |

| Word | Page:Line |
| --- | --- |
| motions(4) 25:6 25:9 27:10 27:21 | |
| move(3) 20:9 33:11 33:12 | |
| moved(1) 32:5 | |
| moving(1) 25:18 | |
| much(3) 26:2 34:5 37:7 | |
| must(1) 20:6 | |
| nature(1) 18:13 | |
| necessary(2) 6:9 19:17 | |
| need(3) 8:22 11:14 25:21 | |
| needs(2) 8:8 30:5 | |
| negotiated(1) 11:5 | |
| negotiating(1) 11:10 | |
| negotiation(3) 10:7 12:6 14:1 | |
| negotiations(5) 11:20 13:20 16:6 16:7 | |
| net(1) 10:13 | |
| networks(3) 1:6 3:43 7:13 | |
| never(2) 20:12 36:3 | |
| nevertheless(1) 22:21 | |
| new(4) 1:37 2:8 2:21 2:41 | |
| news(1) 3:25 | |
| next(5) 5:16 6:12 14:23 17:17 21:1 | |
| nice(1) 17:14 | |
| nichols(2) 1:23 5:10 | |
| nine(1) 15:22 | |
| nni(23) 7:13 10:7 10:16 10:21 11:3 11:7 | |
| 11:10 11:13 11:21 12:1 12:4 12:6 12:11 | |
| 12:23 13:3 13:7 13:9 14:5 14:5 14:11 | |
| 15:5 16:1 16:6 | |
| nni's(4) 9:3 10:3 13:11 13:12 | |
| none(2) 17:5 18:14 | |
| nor(1) 14:1 | |
| nortel(10) 1:6 3:42 7:12 8:7 8:13 12:8 | |
| 13:9 13:15 14:1 14:2 | |
| nortel's(8) 7:11 7:15 8:13 8:16 10:15 | |
| 10:17 13:14 14:10 | |
| north(2) 1:26 2:14 | |
| not(21) 11:17 12:3 13:25 16:12 19:2 22:7 | |
| 22:16 24:16 25:16 27:8 27:11 27:22 30:10 | |
| 30:18 33:6 33:6 33:7 33:7 34:6 35:12 | |
| 36:15 | |
| note(1) 8:25 | |
| noteholder(1) 31:10 | |
| noteholders(1) 31:3 | |
| notice(1) 16:21 | |
| noting(1) 26:8 | |
| november(1) 11:12 | |
| now(7) 22:16 23:2 23:11 24:17 24:22 28:5 | |
| 34:14 | |
| number(3) 10:16 15:24 22:21 | |
| objected(1) 23:3 | |
| objection(11) 5:13 6:13 8:18 8:21 9:14 | |
| 14:19 17:2 21:1 24:6 33:8 36:24 | |
| objections(2) 14:17 17:1 | |
| obligated(1) 10:22 | |
| obligations(4) 8:16 13:3 13:5 13:13 | |
| obviously(3) 18:4 18:9 33:7 | |
| occasions(1) 11:6 | |
| occupy(2) 10:18 13:10 | |
| occur(1) 33:13 | |
| offer(9) 8:4 9:7 9:14 10:5 12:2 12:3 16:3 | |
| 16:11 16:12 | |
| offering(2) 15:13 15:17 | |
| offers(2) 11:17 16:16 | |
| officer(2) 9:1 9:21 | |
| offices(1) 3:5 | |
| okay(16) 7:25 9:5 9:5 9:12 9:17 20:25 21:22 | |
| 24:4 27:25 28:13 28:21 29:14 29:17 | |
| 30:14 30:22 36:18 | |
| olivia(1) 3:22 | |
| one(13) 1:36 2:7 2:13 2:40 6:24 8:18 9:17 | |
| 20:14 22:1 22:19 27:7 30:3 30:17 | |

| Word | Page:Line |
| --- | --- |
| ones(1) 24:1 | |
| only(5) 6:4 24:15 30:10 | |
| open(1) 33:24 | |
| operations(1) 8:10 9:23 | |
| opportunities(2) 10:3 19:1 | |
| opposition(1) 25:9 35:6 36:18 | |
| order(17) 5:22 6:4 6:10 6:14 8:9 8:22 | |
| 17:11 18:10 18:16 20:1 21:4 22:23 27:2 | |
| 27:3 36:15 36:19 37:1 | |
| orders(1) 5:13 | |
| originally(1) 16:19 | |
| other(9) 12:8 12:12 12:18 13:1 18:6 26:16 | |
| 26:16 28:17 35:24 | |
| otherwise(3) 12:2 16:3 16:11 | |
| our(14) 5:16 5:17 6:12 6:12 6:13 6:24 | |
| 21:1 25:5 26:16 32:20 33:5 33:20 34:10 | |
| 35:8 | |
| out(7) 6:14 8:6 8:7 25:2 25:16 27:17 | |
| outlined(1) 32:1 | |
| over(8) 7:16 15:12 19:3 19:21 21:13 23:25 | |
| 35:14 36:6 | |
| overall(1) 29:10 | |
| overlap(1) 30:7 | |
| oversees(1) 9:22 | |
| overview(2) 8:24 24:6 | |
| overy(2) 2:18 29:3 | |
| owned(2) 7:12 12:18 | |
| p.o(2) 2:34 2:48 | |
| papers(1) 34:16 | |
| paragraph(2) 6:2 6:3 | |
| parallel(1) 31:23 | |
| pardon(1) 33:14 | |
| parikh(1) 2:25 | |
| park(2) 2:7 2:40 | |
| part(1) 26:6 | |
| participated(2) 10:2 10:6 | |
| particularity(1) 26:9 | |
| parties(10) 12:21 26:15 28:22 30:13 30:17 | |
| 32:21 33:10 34:16 35:14 35:23 | |
| partners/trustee(1) 4:4 | |
| partnership(1) 7:23 | |
| party(1) 11:9 | |
| pass(1) 29:10 | |
| past(3) 8:12 35:15 36:6 | |
| patrick(1) 3:30 | |
| pay(1) 12:22 | |
| peg(1) 3:26 | |
| pennsylvania(1) 1:44 | |
| pension(1) 5:18 | |
| perfectly(1) 20:25 | |
| performance(1) 13:4 | |
| performed(1) 13:5 | |
| period(2) 19:3 25:19 | |
| permission(1) 24:9 | |
| person(1) 31:4 | |
| perspective(3) 11:19 15:14 15:16 | |
| philip(1) 3:14 | |
| phone(3) 9:2 31:6 36:7 | |
| pick(1) 36:23 | |
| pillar(21) 2:44 7:19 7:22 8:1 8:15 10:7 | |
| 12:4 12:6 12:11 12:12 12:22 13:3 13:8 | |
| 13:11 13:20 13:25 14:1 14:5 17:25 18:11 | |
| 20:18 | |
| pillar's(3) 10:5 12:1 18:14 | |
| places(2) 30:17 33:18 | |
| plan(1) 35:9 | |
| plaza(1) 1:36 2:40 | |
| please(1) 36:23 | |
| pleased(1) 6:9 15:24 20:1 | |
| pleasure(1) 31:3 | |
| plus(2) 22:22 26:10 | |
| point(7) 8:6 8:7 9:6 22:19 30:3 30:10 | |
| points(1) 18:6 | |
| portions(1) 10:18 | |
| position(3) 15:2 32:4 34:7 | |

| Word | Page:Line |
| --- | --- |
| positions(1) 28:22 | |
| possible(2) 25:16 25:19 | |
| potential(3) 11:14 13:24 15:20 | |
| potentially(1) 16:19 | |
| ppearances(3) 1:21 2:1 3:1 | |
| premature(2) 33:5 35:16 | |
| prematurity(1) 35:17 | |
| premises(2) 10:18 12:13 | |
| prepared(2) 20:10 33:9 | |
| present(1) 6:24 | |
| presentation(2) 17:9 27:2 | |
| presenting(1) 6:19 | |
| presided(1) 19:21 | |
| president(1) 14:25 | |
| pretty(1) 23:4 | |
| previously(1) 9:25 | |
| price(4) 7:18 12:23 13:23 19:16 | |
| pricing(2) 15:24 16:16 | |
| principal(2) 9:1 9:21 | |
| prior(5) 10:19 14:10 21:18 25:10 35:13 | |
| private(1) 7:20 | |
| privileges(1) 12:15 | |
| problem(2) 30:19 30:21 | |
| procedures(1) 10:25 | |
| proceed(4) 9:18 26:17 26:18 27:8 | |
| proceeding(3) 28:3 30:5 30:6 | |
| proceedings(5) 1:17 1:49 30:10 30:11 | |
| proceeds(1) 31:20 | |
| process(9) 8:3 19:2 19:12 26:5 26:6 28:7 | |
| 31:13 34:8 34:9 | |
| processes(2) 31:15 31:24 | |
| produced(1) 1:50 | |
| professionals(1) 19:23 | |
| proffer(7) 10:1 14:15 14:19 14:24 16:24 | |
| 17:3 17:6 | |
| proffered(1) 18:12 | |
| proffers(2) 19:14 19:25 | |
| promised(1) 8:13 | |
| promptly(2) 33:11 33:12 | |
| proof(2) 9:7 9:15 | |
| proofs(5) 21:2 21:6 21:11 21:12 21:13 | |
| proper(1) 33:8 | |
| property(21) 8:5 8:8 8:14 10:4 10:13 | |
| 10:23 10:24 11:4 11:11 12:2 12:19 13:10 | |
| 15:10 15:17 15:21 15:22 16:4 16:10 16:1 | |
| 19:13 20:7 | |
| proposal(1) 33:4 | |
| propose(1) 27:12 | |
| proposed(2) 25:3 31:10 | |
| proposing(1) 33:3 | |
| proprietary(2) 14:9 16:21 | |
| protections(1) 19:18 | |
| protocol(2) 26:1 34:10 | |
| provide(2) 24:7 35:8 | |
| provided(2) 14:13 16:10 | |
| providing(1) 35:2 | |
| psam(2) 3:13 3:13 | |
| public(2) 22:7 24:13 | |
| publically(1) 24:11 | |
| pullen(1) 3:44 | |
| purchase(7) 7:18 8:14 11:5 12:7 12:22 | |
| 14:4 14:8 | |
| purchaser(7) 7:19 11:11 11:19 16:7 17:14 | |
| 17:25 19:17 | |
| purchaser's(1) 16:2 | |
| purchasers(5) 10:17 13:13 14:10 15:16 | |
| 15:20 | |
| purpose(1) 7:24 | |
| pursuant(2) 22:23 33:8 | |
| pursuing(1) 19:1 | |
| put(3) 6:2 9:8 25:16 | |
| questions(3) 9:7 17:10 18:5 | |
| quickly(1) 25:18 | |

| Word | Page:Line |
| --- | --- |
| quite(3) 23:14 24:6 34:18 | |
| raised(1) 35:25 | |
| rates(1) 22:20 | |
| rather(2) 9:15 31:6 | |
| ray(26) 4:4 4:5 9:1 9:20 10:2 10:8 10:14 | |
| 10:21 11:2 11:7 11:12 11:16 11:21 11:25 | |
| 12:5 12:17 12:21 12:25 13:7 13:15 13:19 | |
| 13:25 14:3 14:7 18:25 19:14 | |
| ray's(1) 14:15 | |
| reach(2) 11:18 36:1 | |
| read(2) 29:20 32:20 | |
| real(3) 7:20 7:21 30:11 | |
| reasonable(1) 19:16 | |
| recall(1) 22:3 | |
| receive(3) 5:20 8:18 33:2 | |
| received(4) 15:22 16:15 21:8 23:9 | |
| recess(1) 37:9 | |
| recognize(1) 35:5 | |
| record(5) 5:9 7:5 25:2 32:12 | |
| recorded(1) 1:49 | |
| recording(1) 1:49 36:23 37:16 | |
| records(1) 8:11 | |
| reed(2) 2:38 3:29 | |
| reference(1) 6:2 | |
| referred(1) 29:6 | |
| regard(1) 26:4 | |
| regards(5) 5:12 6:12 | |
| relate(1) 24:1 | |
| related(2) 12:16 14:9 23:22 36:4 | |
| relating(1) 13:2 | |
| relief(7) 20:6 21:15 21:17 22:25 27:4 | |
| 32:21 35:5 | |
| remain(1) 8:9 | |
| remaining(1) 9:24 | |
| remember(1) 8:12 | |
| remove(1) 6:2 | |
| removed(1) 6:3 | |
| rentable(1) 10:13 | |
| reply(2) 25:10 32:20 | |
| report(7) 7:17 22:9 22:10 24:1 24:5 29:6 | |
| 29:20 | |
| representatives(2) 18:3 18:14 | |
| represented(2) 12:1 16:3 | |
| represents(1) 16:10 | |
| reps(1) 3:42 | |
| request(6) 6:3 22:1 24:17 33:21 34:1 | |
| requesting(1) 36:21 | |
| required(1) 13:5 | |
| requires(1) 29:11 | |
| requiring(2) 21:4 22:24 | |
| research(1) 10:11 | |
| reservation(1) 25:13 | |
| reserved(3) 25:12 34:13 34:17 | |
| resolution(2) 29:11 29:16 | |
| resolve(1) 26:14 | |
| resolved(1) 8:21 | |
| resources(1) 10:23 | |
| respect(8) 8:16 11:5 15:17 24:2 24:22 | |
| 26:8 31:11 32:17 | |
| respects(1) 13:4 | |
| respond(1) 33:25 | |
| responded(1) 33:4 | |
| response(8) 6:7 9:16 14:21 17:4 19:10 | |
| 21:8 21:11 34:10 | |
| result(2) 7:16 15:15 | |
| resulted(3) 8:4 10:4 12:7 15:10 | |
| retain(1) 5:17 | |
| retained(2) 11:23 15:5 | |
| revised(2) 3:43 11:23 | |
| richard(2) 2:11 6:25 | |
| richards(2) 2:11 6:25 | |
| richardson(12) 6:13 6:16 7:12 8:8 8:19 | |
| 10:10 11:3 11:8 11:22 13:24 15:8 17:10 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **right**(23) 5:23 6:5 6:6 6:20 7:1 8:23 12:11 14:18 14:22 17:5 17:12 18:17 19:4 23:23 24:21 27:20 28:21 32:3 34:3 34:20 36:9 36:25 37:4 | | **sixty**(1) 22:9 **sixty-fifth**(2) 29:6 29:20 **size**(3) 7:21 11:15 32:5 **sketched**(1) 37:17 **slightly**(1) 6:14 **small**(1) 10:16 **smith**(1) 3:41 | | **testify**(45) 9:1 9:8 9:20 10:2 10:2 10:8 10:8 10:14 10:21 11:2 11:12 11:7 11:9 11:12 11:16 11:21 11:25 12:5 12:5 12:10 12:17 12:21 12:25 13:7 13:15 13:19 13:22 13:22 14:3 14:7 14:11 15:4 15:4 15:7 15:12 15:15 15:19 15:23 15:25 16:5 16:9 16:13 16:13 16:18 18:11 | | **the**(301) 1:1 1:2 1:18 1:23 2:4 2:20 2:32 5:2 5:3 5:6 5:8 5:9 5:10 5:11 5:14 5:15 5:19 5:21 5:23 5:25 6:1 6:2 6:4 6:5 6:8 6:8 6:8 6:10 6:12 6:13 6:15 6:17 6:20 6:23 6:23 6:24 7:1 7:4 7:6 7:6 7:10 7:11 7:12 7:14 7:16 7:18 7:19 7:22 7:25 8:2 8:3 8:3 8:4 8:5 8:8 8:8 8:9 8:11 8:14 8:14 8:18 8:18 8:20 8:23 9:1 9:2 9:3 9:5 9:9 9:10 9:13 9:17 9:21 9:23 9:23 9:24 10:4 10:4 10:5 10:6 10:7 10:9 10:14 |
| **rights**(2) 12:15 13:12 **rigorous**(1) 12:6 **rise**(2) 5:2 30:2 **road**(1) 26:25 **rodney**(1) 2:13 **rooney**(1) 2:24 **round**(1) 16:1 **rounds**(1) 11:25 **rule**(1) 33:8 **said**(2) 30:3 33:25 **sale**(36) 6:13 6:25 7:11 7:16 7:18 8:3 8:3 8:14 8:18 10:22 11:5 11:10 12:7 12:7 12:18 13:17 13:23 14:4 14:8 16:7 16:14 16:21 17:10 18:4 18:10 18:16 18:24 19:2 19:5 19:6 19:13 | | **sold**(2) 10:9 20:7 **solely**(1) 7:23 **some**(8) 5:20 19:3 23:25 30:7 32:7 35:24 35:24 36:5 **someone**(1) 20:9 **something**(1) 35:1 **soon**(1) 23:16 **sorry**(1) 20:24 **sought**(2) 32:21 32:22 **sound**(2) 1:49 37:16 **space**(3) 8:8 8:14 11:14 **speaker**(2) 20:21 20:22 **special**(1) 5:18 | | **testimony**(7) 9:15 14:16 14:24 16:25 17:6 18:11 19:15 **texas**(3) 7:12 10:11 14:25 **than**(7) 9:15 24:14 25:5 25:7 25:7 26:16 31:6 **thank**(57) 5:3 5:23 5:25 5:25 6:11 6:20 7:1 9:19 14:18 14:23 17:7 17:8 17:12 18:17 18:18 18:19 18:23 19:7 19:7 19:8 20:2 20:3 20:5 20:8 20:19 20:19 20:21 28:21 28:23 28:24 29:1 29:18 29:19 29:22 29:24 30:14 30:22 32:3 32:8 32:9 34:3 34:3 34:5 34:12 34:20 34:21 34:22 34:23 36:9 36:13 36:14 36:14 36:23 37:6 37:7 37:8 37:10 | | 10:17 10:18 10:19 10:23 10:24 10:25 11:1 11:3 11:5 11:8 11:10 11:11 11:14 11:19 11:22 12:1 12:2 12:4 12:7 12:7 12:8 12:10 12:11 12:13 12:14 12:17 12:18 12:19 12:21 12:22 13:2 13:3 13:4 13:4 13:6 13:7 13:9 13:10 13:10 13:13 13:15 13:16 13:17 13:18 13:20 13:23 13:24 14:1 14:3 14:4 14:5 14:8 14:10 14:13 14:13 14:14 14:18 14:22 14:24 15:1 15:8 15:8 15:10 15:10 15:10 15:17 15:21 15:22 15:24 16:2 16:3 16:3 16:6 16:7 16:7 16:8 16:10 16:10 16:11 16:14 16:16 16:16 16:21 16:25 17:2 17:5 17:5 17:8 17:9 17:10 17:12 17:15 17:21 17:22 17:24 17:25 18:4 18:8 18:10 18:10 18:11 18:12 18:12 18:13 18:13 18:15 18:16 18:17 |
| **sales**(1) 10:19 **same**(8) 22:24 23:17 24:9 26:20 27:2 28:16 30:16 33:18 | | **specific**(4) 21:15 24:2 28:9 28:11 **specifically**(1) 12:11 **spend**(1) 10:23 **square**(1) 2:13 **stamp**(1) 36:21 | | **that**(206) 6:2 6:3 6:19 7:17 8:15 8:21 8:25 9:10 9:20 9:22 10:2 10:4 10:8 10:14 10:19 10:21 10:24 11:2 11:7 11:9 11:10 11:12 11:16 11:17 11:19 11:21 11:25 12:1 12:2 12:3 12:5 12:10 12:11 12:17 12:21 12:22 12:23 12:25 13:7 13:11 | | 18:19 18:22 18:22 18:23 18:24 19:1 19:4 19:5 19:5 19:9 19:7 19:9 19:11 19:13 19:14 19:14 19:17 19:17 19:18 19:19 19:19 19:20 19:22 19:22 19:24 19:25 20:3 20:5 20:6 20:7 20:12 20:12 20:13 20:15 20:16 20:18 20:19 20:23 21:1 21:2 21:2 21:3 21:6 21:6 21:8 21:9 21:10 21:10 21:13 21:15 21:16 21:19 21:19 21:20 21:22 22:1 22:4 22:5 22:6 22:7 22:8 22:8 22:9 22:11 22:12 22:14 |
| **samis**(1) 2:12 **satisfied**(1) 19:11 **say**(6) 21:16 26:3 32:4 35:11 35:13 35:15 **schedule**(11) 24:25 25:3 25:16 25:17 25:20 27:17 27:17 31:10 33:3 34:8 34:18 | | **stand**(4) 9:9 21:24 27:1 37:8 **stargatt**(1) 2:30 **start**(1) 32:6 **state**(1) 13:25 **stated**(2) 22:14 23:25 **statement**(1) 21:5 **states**(7) 1:1 1:19 5:21 22:8 24:13 24:24 30:13 | | 13:20 13:22 13:22 13:25 14:3 14:7 14:11 14:11 14:19 15:5 15:7 15:10 15:12 15:15 15:19 15:23 15:25 16:2 16:5 16:5 16:9 16:11 16:14 16:18 16:22 17:2 17:11 18:3 18:5 18:11 18:14 18:15 18:15 18:25 19:12 19:14 19:17 19:22 19:24 20:1 20:12 21:10 21:10 21:11 21:13 21:15 21:16 21:17 21:18 21:19 21:19 21:22 21:23 22:6 22:10 22:13 22:14 22:19 22:23 22:25 23:3 23:5 23:11 23:25 24:1 24:12 24:15 24:15 24:16 24:18 24:19 24:23 25:3 25:4 25:6 25:7 25:13 25:15 25:16 25:19 25:20 25:20 26:2 26:4 26:4 26:5 26:5 26:7 26:8 26:8 26:8 26:10 26:11 26:12 26:17 26:19 26:20 26:21 26:24 27:1 27:3 27:3 27:4 27:7 27:10 27:12 27:17 27:22 27:24 28:1 28:2 28:3 28:8 28:10 28:14 28:17 29:9 29:10 29:11 29:15 29:20 30:1 30:4 30:4 30:8 30:10 30:15 30:18 30:30 31:7 | | 22:15 22:17 22:17 22:24 23:1 23:3 23:4 23:5 23:5 23:6 23:8 23:10 23:10 23:13 23:17 23:17 23:17 23:19 23:20 23:21 23:22 23:23 23:24 23:24 24:4 24:5 24:6 24:9 24:10 24:12 24:12 24:13 24:15 24:17 24:20 24:21 24:22 24:23 24:24 24:25 25:2 |
| **scheduled**(3) 25:22 27:7 30:15 **schedules**(3) 14:8 14:12 14:12 **scheduling**(4) 33:1 33:5 35:24 36:3 **school**(1) 8:19 **schuylkill**(1) 1:43 **schweitzer**(1) 1:32 **seal**(2) 14:12 16:23 **seated**(1) 5:4 **second**(2) 8:12 15:25 **section**(1) 19:18 **see**(4) 22:8 23:6 24:19 36:14 | | **stating**(2) 23:10 23:11 **ste**(1) 2:26 **steen**(1) 1:31 7:9 **step**(2) 8:15 13:11 **stephen**(1) 3:42 **stipulated**(2) 21:17 25:16 **stipulation**(1) 35:5 **story**(1) 10:11 **street**(6) 1:11 1:26 1:43 2:14 2:33 3:7 3:12 3:31 3:41 3:44 | | **the**(210) 25:3 25:4 25:6 25:7 25:8 25:10 25:11 25:11 25:13 25:15 25:24 26:1 26:2 26:3 26:5 26:6 26:8 26:10 26:12 26:13 26:15 26:19 26:20 26:20 26:25 27:1 27:1 27:2 27:3 27:4 27:5 27:6 27:7 27:8 27:9 27:11 27:12 27:15 27:16 27:17 27:18 27:20 27:21 27:22 27:22 27:23 27:23 27:25 28:1 28:5 28:7 28:8 28:9 28:9 28:10 28:11 28:12 28:13 28:14 28:15 28:16 28:16 28:17 28:19 28:21 28:22 28:25 29:2 29:5 29:6 29:8 29:9 29:10 29:11 29:11 29:14 29:15 29:17 29:19 29:21 29:23 29:25 29:25 30:4 30:5 30:7 30:8 30:10 30:11 30:13 30:13 30:14 30:15 30:16 30:17 30:22 30:23 31:2 31:5 31:6 31:8 31:9 31:10 31:11 31:12 31:12 31:13 31:14 31:15 31:17 31:19 31:20 31:20 31:21 31:22 31:24 31:24 32:1 32:3 32:4 32:5 32:5 32:6 32:9 32:11 32:12 32:13 32:15 32:18 32:19 32:21 32:23 32:24 33:1 | | 25:4 25:5 25:13 25:13 25:15 25:16 25:16 25:19 26:19 26:20 26:20 26:25 27:1 27:1 27:2 27:3 27:4 27:5 27:6 27:7 27:8 27:9 27:11 27:12 27:15 27:16 27:17 27:18 27:20 27:21 27:22 27:22 27:23 27:23 27:25 28:1 28:5 28:7 28:8 28:9 28:9 28:10 28:11 28:12 28:13 28:14 28:15 28:16 28:16 28:17 28:19 28:21 28:22 28:25 29:2 29:5 29:6 29:8 29:9 29:10 29:11 29:11 29:14 29:15 29:17 29:19 29:21 29:23 29:25 29:25 30:4 30:5 30:7 30:8 30:10 30:11 30:13 30:13 30:14 30:15 30:16 30:17 30:22 30:23 31:2 31:5 31:6 31:8 31:9 31:10 31:11 31:12 31:12 31:13 31:14 31:15 31:17 31:19 31:20 31:20 31:21 31:22 31:24 31:24 32:1 32:3 32:4 32:5 32:5 32:6 32:9 32:11 32:12 32:13 32:15 32:18 32:19 32:21 32:23 32:24 33:1 33:3 33:10 33:10 33:12 33:13 33:13 33:14 33:15 33:18 33:22 33:22 33:22 34:3 34:7 34:7 34:8 34:8 34:9 34:9 34:10 34:10 34:12 34:15 34:16 34:18 34:20 34:22 34:24 34:24 35:2 35:4 35:5 35:6 35:6 35:8 35:10 35:11 35:14 35:14 35:15 35:15 35:16 35:17 35:19 35:19 35:20 35:23 35:23 35:24 35:24 35:25 36:4 36:5 36:6 36:7 36:9 36:12 36:14 36:15 36:16 36:18 36:19 36:20 36:21 36:23 36:25 37:1 37:4 37:6 37:8 37:11 37:12 37:15 37:16 37:16 37:17 |
| **seeking**(2) 7:11 21:16 **selection**(1) 10:4 **sell**(2) 10:3 15:10 **selling**(1) 10:24 19:24 **send**(1) 33:24 **senior**(1) 14:25 **sense**(1) 23:4 **sent**(3) 15:12 15:17 16:20 **separate**(13) 11:4 11:6 22:4 23:18 26:22 28:4 28:7 29:12 30:5 30:11 30:18 31:15 31:24 **separately**(2) 26:18 26:22 **september**(10) 25:10 25:14 26:11 26:11 27:7 27:9 30:16 33:2 34:13 34:15 | | **subject**(2) 13:3 33:8 **submitted**(2) 5:12 26:13 **subsequent**(1) 10:6 **substantially**(1) 13:17 **such**(5) 11:11 12:16 14:12 16:22 20:7 **suggestion**(1) 33:12 **summary**(1) 15:13 16:20 **support**(4) 18:4 18:10 19:20 32:1 **supportive**(1) 31:13 **supports**(3) 18:24 19:6 31:10 **sure**(1) 34:6 | | 31:14 31:23 32:1 32:22 32:22 32:22 32:25 33:4 33:4 33:12 33:17 33:19 33:19 33:21 33:23 33:24 33:25 34:2 34:7 34:14 34:14 35:1 35:2 35:5 35:11 35:15 35:17 35:21 35:25 36:15 36:20 36:20 37:15 | | **their**(5) 6:3 10:18 26:3 36:4 36:21 **them**(6) 5:12 9:9 23:16 24:10 24:11 36:8 **themselves**(2) 24:7 26:13 |
| **served**(1) 16:20 **service**(2) 1:42 1:50 **services**(1) 1:42 **set**(4) 21:19 22:23 25:2 34:19 **setting**(2) 21:5 28:18 **several**(1) 11:18 **share**(1) 23:12 **shoes**(2) 8:16 13:12 **should**(9) 14:11 26:6 26:17 26:21 27:8 27:23 28:3 30:10 31:25 | | **surfaced**(1) 11:10 **susan**(1) 3:34 **susceptible**(1) 27:24 **suspect**(2) 33:16 37:2 **switched**(1) 28:22 **system**(1) 22:6 **systems**(1) 3:29 **table**(1) 19:5 **take**(6) 6:14 6:16 13:12 35:1 35:19 36:1 **talk**(3) 21:24 24:24 33:5 **talking**(1) 32:19 **taylor**(1) 2:30 | | **that's**(11) 7:2 19:5 20:25 27:7 30:21 32:18 32:23 32:24 34:18 35:22 37:3 | | |
| **sigma**(1) 3:29 **sign**(2) 6:10 20:1 **significant**(2) 10:23 31:20 **signing**(1) 37:1 **simply**(3) 26:9 27:17 35:7 **simultaneously**(1) 33:13 **since**(3) 15:2 16:5 16:14 **single**(1) 7:22 **sir**(2) 18:19 34:22 **site**(2) 8:9 8:11 **sixteen**(1) 10:11 | | **team**(4) 14:2 15:8 15:23 18:25 **technologies**(1) 3:5 **telephonic**(2) 3:11 4:1 **tenant**(1) 12:19 **tentative**(1) 25:13 **terms**(5) 12:7 16:7 20:7 21:15 23:19 **testified**(1) 9:25 | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|
| **then**(7) 6:3 6:11 11:21 16:8 16:20 17:5 36:25 | | **under**(8) 5:12 8:9 13:9 13:11 13:13 14:12 16:22 22:20 | | **wholly**(1) 7:12 | | **your**(78) 5:5 5:7 5:11 6:1 6:11 6:22 7:4 8:12 9:6 9:19 17:7 17:17 17:23 18:2 18:2 |
| | | | | **will**(24) 6:19 8:9 8:15 10:22 13:8 13:9 13:11 16:12 23:15 24:12 24:13 24:18 26:1 26:5 26:6 29:19 30:14 30:18 33:17 35:3 35:19 35:20 35:23 37:1 | | 18:5 18:9 18:10 18:15 18:15 18:18 18:21 18:23 20:2 20:8 20:14 20:16 20:21 20:25 21:1 21:8 21:23 22:3 23:2 23:6 23:12 24:10 25:2 25:5 25:12 25:22 26:14 26:17 26:24 |
| **there**(16) 14:16 16:25 22:3 22:6 23:24 24:1 25:17 26:14 28:1 28:10 30:6 30:11 32:10 34:15 36:1 36:18 | | **understand**(8) 25:15 26:19 28:5 32:4 33:1 33:10 33:24 35:17 | | | | 27:14 28:6 28:15 28:24 29:1 29:7 29:22 29:24 30:20 30:24 31:3 31:9 31:16 32:2 |
| | | **understanding**(1) 25:13 | | **william**(1) 2:45 | | 32:8 32:11 32:17 32:20 32:24 33:9 33:17 33:21 34:2 34:5 34:18 34:23 35:4 35:22 |
| **there's**(6) 8:22 13:22 25:19 34:6 35:5 36:5 | | **understood**(2) 30:9 32:21 | | **wilmington**(8) 1:12 1:28 2:15 2:27 2:35 2:49 3:8 5:1 | | 36:2 36:11 36:16 36:17 36:24 37:3 37:10 |
| **these**(9) 11:16 14:12 15:24 21:25 25:18 26:12 26:14 26:17 30:10 | | **undertaken**(1) 31:25 | | | | |
| | | **united**(7) 1:1 1:19 5:21 22:8 24:13 24:23 30:13 | | **winfree**(2) 2:46 17:23 | | **zelbo**(1) 1:35 |
| **they**(18) 9:8 17:14 18:5 19:4 21:11 21:19 22:8 22:18 22:21 23:14 24:13 26:3 26:5 26:7 26:21 30:6 30:18 33:7 | | | | **wires**(1) 3:26 | | |
| | | **units**(3) 8:13 10:18 14:10 | | **wish**(2) 6:6 17:13 | | |
| **they're**(1) 35:13 | | **unknown**(2) 20:21 20:22 | | **with**(61) 5:11 5:12 6:11 7:20 8:15 8:16 8:24 9:22 10:19 11:5 11:18 12:4 12:6 12:10 12:14 13:13 13:20 15:17 15:24 16:2 16:6 16:20 17:23 18:15 19:11 19:23 20:1 21:20 22:5 23:12 24:2 24:18 24:22 24:25 25:20 25:21 25:25 26:1 26:6 26:7 26:15 26:21 26:24 27:12 28:3 28:8 28:9 28:11 28:15 30:2 30:4 31:11 31:11 31:14 31:25 32:14 32:15 33:16 34:2 36:4 36:8 | | |
| **thing**(1) 33:23 | | **unless**(4) 9:6 14:16 16:25 17:10 | | | | |
| **things**(4) 12:12 12:18 33:11 33:12 | | **unliquidated**(2) 22:15 22:22 | | | | |
| **think**(22) 5:11 19:4 21:13 21:16 21:23 23:25 24:7 24:14 25:1 25:17 27:1 29:9 30:3 30:20 32:18 32:20 33:14 34:7 35:16 36:19 36:20 37:3 | | **unsuccessful**(1) 11:18 | | | | |
| | | **until**(1) 26:3 | | | | |
| | | **update**(1) 22:1 | | | | |
| | | **upon**(2) 19:14 33:20 | | | | |
| **this**(40) 6:4 7:21 7:23 8:24 9:3 9:6 9:20 9:25 10:20 10:22 10:24 11:14 11:15 13:2 14:15 14:16 15:2 15:6 16:24 17:9 18:6 19:2 19:6 19:12 19:13 19:21 20:19 21:14 22:10 23:9 26:15 29:6 30:21 31:19 33:10 33:15 34:6 35:9 36:7 36:15 | | **users**(1) 11:13 | | **without**(1) 10:24 | | |
| | | **using**(1) 11:4 | | **witnesses**(3) 8:25 18:12 33:18 | | |
| | | **usually**(1) 17:14 | | **won't**(1) 34:14 | | |
| | | **value**(2) 9:24 11:1 | | **wonderful**(3) 18:8 36:9 37:4 | | |
| | | **various**(1) 10:17 | | **work**(1) 19:22 | | |
| | | **vast**(1) 27:22 | | **worthwhile**(4) 8:7 21:23 25:2 35:16 | | |
| **thomas**(2) 3:18 30:24 | | **very**(15) 15:23 19:11 19:20 24:2 28:9 28:11 29:10 29:25 30:14 32:5 34:5 35:12 36:7 36:25 37:7 | | **would**(53) 9:7 9:8 9:10 9:20 10:2 10:8 10:14 10:21 11:2 11:7 11:9 11:12 11:16 11:21 11:25 12:3 12:5 12:10 12:17 12:21 12:22 12:25 13:7 13:15 13:20 13:22 13:25 14:3 14:5 14:7 14:10 14:23 15:4 15:7 15:12 15:15 15:19 15:23 15:25 16:5 16:9 16:13 16:18 18:11 21:25 22:19 25:6 25:8 25:9 27:11 32:4 33:19 35:1 | | |
| **thorp**(1) 3:29 | | | | | | |
| **those**(20) 5:13 6:14 8:13 8:16 8:17 11:23 21:18 22:14 22:16 22:17 23:14 23:15 24:25 25:9 27:10 27:12 28:3 30:16 31:14 33:6 | | | | | | |
| **through**(1) 19:3 | | **via**(1) 10:1 | | | | |
| **thus**(1) 10:24 | | **vice**(1) 14:25 | | | | |
| **time**(15) 6:23 10:24 16:5 17:17 19:4 24:9 25:20 30:16 30:18 31:19 32:6 33:15 33:18 34:13 34:17 | | **view**(3) 26:17 26:20 29:5 | | **wouldn't**(1) 36:22 | | |
| | | **vigorous**(1) 13:21 | | **wrap**(1) 8:10 | | |
| | | **voluminous**(1) 23:15 | | **www.diazdata.com**(1) 1:46 | | |
| | | **wanted**(3) 18:2 25:16 35:7 | | **years**(1) 7:16 | | |
| **timetable**(1) 32:1 | | **warrant**(1) 33:19 | | **yes**(30) 5:15 5:19 6:15 6:17 7:14 8:20 13:18 15:1 17:24 20:5 20:16 21:3 22:12 23:1 23:8 23:20 25:24 28:19 29:1 29:8 31:1 31:8 31:8 31:17 31:22 32:13 35:4 35:19 35:23 36:17 | | |
| **timing**(1) 31:15 | | **was**(28) 5:17 6:4 6:12 7:15 8:3 9:20 10:3 10:5 10:6 13:23 15:5 15:5 15:8 15:23 16:7 16:14 19:2 21:10 22:10 22:23 26:11 27:3 32:22 32:22 33:15 33:23 36:15 37:1 | | | | |
| **title**(1) 12:13 | | | | | | |
| **tobia**(2) 3:5 3:6 | | | | | | |
| **today**(16) 5:11 7:10 7:17 8:2 8:25 9:4 15:11 16:8 19:5 20:20 22:25 32:14 32:24 32:25 33:19 33:25 | | | | | | |
| | | **wawaset**(1) 3:7 | | | | |
| | | **way**(4) 10:25 20:19 20:19 26:24 | | **yesterday**(1) 33:3 | | |
| **took**(2) 15:20 19:4 | | **we'd**(2) 6:13 18:13 | | **yet**(2) 24:16 35:7 | | |
| **tours**(1) 15:21 | | **we'll**(5) 25:1 33:9 33:25 36:1 37:8 | | **yield**(2) 12:3 16:12 | | |
| **tower**(1) 12:14 | | **we're**(9) 7:10 7:17 20:9 22:25 24:23 26:8 27:16 28:8 31:12 | | **york**(4) 1:37 2:8 2:21 2:41 | | |
| **transaction**(1) 9:3 | | | | **you**(86) 5:3 5:6 5:23 5:25 5:25 6:11 6:20 7:1 7:6 9:17 9:19 14:18 14:23 16:8 17:7 17:8 17:10 17:11 17:12 18:17 18:18 18:19 18:23 19:7 19:7 19:8 19:12 20:2 20:3 20:5 20:5 20:8 20:19 20:19 20:21 20:23 20:24 23:16 25:22 26:25 27:11 28:20 28:21 28:23 28:24 29:1 29:18 29:19 29:22 29:24 30:14 30:22 31:5 32:3 32:8 32:9 32:10 34:3 34:3 34:4 34:5 34:9 34:10 34:12 34:14 34:20 34:21 34:22 34:23 35:1 35:3 35:20 35:25 36:9 36:12 36:13 36:14 36:14 36:15 36:22 36:23 36:23 37:6 37:7 37:8 37:10 | | |
| **transcript**(3) 1:17 1:50 37:16 | | **we've**(4) 23:2 24:9 33:23 34:17 | | | | |
| **transcription**(2) 1:42 1:50 | | **week**(2) 22:2 36:7 | | | | |
| **transfer**(1) 8:10 | | **weekend**(1) 25:11 | | | | |
| **traveled**(1) 18:6 | | **weeks**(1) 36:6 | | | | |
| **tremendous**(1) 19:13 | | **welcome**(4) 7:6 7:6 18:8 34:4 | | | | |
| **trial**(1) 27:13 | | **well**(12) 9:13 18:13 19:11 22:11 24:16 30:4 30:14 32:5 33:12 34:12 34:17 36:25 | | | | |
| **trials**(1) 33:13 | | | | | | |
| **trip**(1) 37:11 | | **went**(2) 19:2 19:13 | | | | |
| **true**(1) 28:16 | | **were**(18) 6:2 8:11 13:16 13:20 13:21 14:1 15:17 16:19 16:20 19:25 21:16 22:5 22:13 22:16 25:4 26:10 30:1 32:19 | | **you'd**(1) 9:8 | | |
| **trustee**(2) 5:21 14:13 | | | | **you'll**(3) 27:9 31:18 34:7 | | |
| **tuesday**(1) 5:1 | | | | **you've**(3) 31:16 35:25 36:20 | | |
| **tunnel**(1) 5:10 | | **west**(1) 2:33 | | **young**(3) 2:30 22:5 29:4 | | |
| **tunnell**(1) 1:23 | | **what**(9) 9:8 21:24 23:4 27:16 30:2 30:7 32:19 33:25 35:13 | | | | |
| **turning**(1) 7:21 | | | | | | |
| **turns**(1) 19:3 | | | | | | |
| **tweed**(2) 3:17 30:25 | | **what's**(1) 30:12 | | | | |
| **twists**(1) 19:3 | | **when**(4) 33:5 33:23 34:9 34:10 | | | | |
| **two**(9) 6:12 7:16 8:6 8:25 11:4 11:6 11:25 30:17 33:18 | | **whenever**(1) 24:13 | | | | |
| | | **where**(2) 21:24 26:25 | | | | |
| | | **whereupon**(1) 37:12 | | | | |
| **type**(1) 33:19 | | **which**(19) 5:16 5:17 6:12 8:11 10:12 12:7 13:9 13:11 15:5 16:1 16:7 19:20 20:17 21:18 27:2 29:6 30:3 30:4 33:14 | | | | |
| **u.s**(18) 7:16 9:1 9:21 10:15 14:13 22:11 22:17 23:22 24:12 24:20 25:6 25:11 27:23 28:9 28:10 31:12 33:14 33:22 | | | | | | |
| | | **while**(2) 8:7 35:11 | | | | |
| | | **whiteoak**(1) 3:45 | | | | |
| | | **who**(1) 6:24 | | | | |
| | | **who's**(2) 20:9 32:15 | | | | |