```
                    IN THE UNITED STATES BANKRUPTCY COURT
                      FOR THE DISTRICT OF DELAWARE

IN RE:                         )    Case No. 09-10138(KG)
                               )
NORTEL NETWORKS, INC.,         )    Chapter 11
        et al.,               )
                               )    Jointly Administered
                               )
                               )    Courtroom 3
                               )    824 Market Street
          Debtors.            )    Wilmington, Delaware
                               )
                               )    May 16, 2011
                               )    1:30 p.m.

                    TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE KEVIN GROSS
                  UNITED STATES BANKRUPTCY JUDGE

TELEPHONIC APPEARANCES:

For the Debtors:          Morris, Nichols, Arsht & Tunnell
                          BY: DEREK ABBOTT, ESQ.
                          BY: ANN CORDO, ESQ.
                          1201 North Market Street
                          18th Floor
                          Wilmington, DE 19899-1347
                          (302) 351-9459

                          Cleary, Gottlieb, Steen & Hamilton
                          BY: LISA M. SCHWEITZER, ESQ.
                          One Liberty Plaza
                          New York, NY 10006
                          (212) 225-2629

ECRO:                     STEPHEN GRANT

Transcription Service:    DIAZ DATA SERVICES
                          331 Schuylkill Street
                          Harrisburg, Pennsylvania 17110
                          (717) 233-6664
                          www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

```
TELEPHONIC APPEARANCES:
(Continued)

For the Committee:          Akin Gump
                            BY: DAVID BOTTER, ESQ.
                            BY: FRED S. HODARA, ESQ.
                            BY: BRAD KAHN, ESQ.
                            BY: JOSHUA STURM, ESQ.
                            BY: LISA BECKERMAN, ESQ.
                            One Bryant Park
                            New York, NY 10036
                            (212) 872-1000

                            Richards Layton & Finger
                            BY: CHRIS SAMIS, ESQ.
                            BY: MARK D. COLLINS, ESQ.
                            One Rodney Square
                            920 North King Street
                            Wilmington, DE  19801
                            (302) 651-7531

For Dow Jones News          Dow Jones & Co.
Wires:                      BY: PEG BRICKLEY, ESQ.
                            (215) 462-0953

For U.S. Trustee:           U.S. Trustee Office
                            BY: PAT PINKER, ESQ.
                            (302) 573-6491

For In Propria              Robert Horne, In Pro Per/Pro Se
Persona:                    (770) 772-6925
```

1

1      WILMINGTON, DELAWARE, MONDAY, MAY 16, 2011, 1:01 P.M.

2              THE COURT:  Good afternoon, everyone.  Judge

3  Gross on the phone.

4              MS. SCHWEITZER:  Good afternoon, Judge, Lisa

5  Schweitzer.

6              THE COURT:  Yes, and I have a list of all of you

7  who are on the telephone.  And if you would just make

8  certain when you speak, that you identify yourself, that way

9  we'll get the record accurately.  Now, I think Mr. Horne are

10  you on the phone?

11              MR. HORNE:  Yes, Your Honor, I am.  This is

12  Robert Horne.  And you probably recognize my non-New York

13  accent.

14              THE COURT:  I recognize it, it's distinct and

15  beautiful.

16              MR. HORNE:  Thank you, sir.

17              THE COURT:  All right.  Tell me the nature of the

18  call.

19              MS. SCHWEITZER:  Your Honor, you'll recall at the

20  hearing about three weeks ago, four weeks ago, Mr. Horne had

21  submitted a letter to the Court just to update the Court on

22  certain questions concerned employees had.

23              THE COURT:  Yes.

24              MS. SCHWEITZER:  And at that time, we wanted -- a

25  couple of issues were just information flow and whether an

1  employee would serve on the creditor committee.

2          THE COURT:  Exactly.  I do remember, I do recall

3  that.  And then you were going to have further discussions.

4          MS. SCHWEITZER:  Right, but at that time, I don't

5  want to put words in anyone's mouth, but just to bring back

6  where we are in the update is that I think the United States

7  Trustee's Office was going to reach out to Mr. Horne.  I

8  believe Pat Tinker is on the line who could give you an

9  update on those conversations or where they're thinking is

10  at on that.

11          And then you had also just had asked for us to

12  set up a status conference or a telephone call in the next

13  month, I assume just to give an update on what's happened

14  which we're happy to do so.  But on the committee issue,

15  obviously, we would defer to the United States Trustee's

16  Office if they want to give an update.

17          THE COURT:  All right.  Mr. Tinker?

18          MR. HORNE:  Sir, Your Honor, if I could.

19          THE COURT:  Oh, sure, Mr. Horne, you first.

20          MR. HORNE:  If I could, please, just to give a

21  statement.  I'm not an attorney and if I do anything wrong

22  on this call it's with apologies.  Our attorneys on the

23  deferred compensation plan know that I'm speaking today and

24  said Mr. Horne, you should speak by yourself because this is

25  not to do with deferred compensation.  So I would

1  respectfully request if we get anywhere near deferred

2  compensation, I will have to say, please my attorneys must

3  be present.

4          THE COURT:  Okay, thank you, Mr. Horne and we

5  will keep that in mind, of course.

6          MR. HORNE:  Thank you.

7          THE COURT:  Mr. Tinker?

8          MR. TINKER:  Your Honor, Patrick Tinker for the

9  U.S. Trustee.

10          THE COURT:  Yes, good afternoon.

11          MR. TINKER:  He and I have spoken and we had a

12  fairly extensive conversation.  And he's had other

13  communications with our office as well over the past few

14  weeks.  The problem that I expressed to Mr. Horne is that

15  when we appoint members to a committee, we appoint of course

16  the actual creditor.  And the problem that I had was that

17  the employees or the ex-employees that Mr. Horne has spoken

18  with have not, in fact, contacted me.  And consequently, I

19  expressed that concern to Mr. Horne and he indicated that

20  he's conveyed to them that they need to contact me directly

21  so that I can address with them what a committee does,

22  ascertain what kind of an interest they have in serving on a

23  committee, that sort of thing.  But that, in fact, is

24  something I need to do with those ex-employees directly

25  rather than through Mr. Horne.  And as I said, I understand,

1  Mr. Horne conveyed that information onto his contacts and I

2  am awaiting any interest that might be expressed to me from

3  them.

4           THE COURT:  All right.  Well at the risk of

5  creating any controversy here, but I'd be interested in your

6  views or the parties views about the appointment of a

7  separate committee of employees.

8           MR. TINKER:  Well, Your Honor, the problem I have

9  with that would be the same that I have with appointing

10  somebody to the existing committee.  We don't have anybody

11  who is expressing an interest even on -- even to be

12  appointed to the existing committee.

13           THE COURT:  Right.

14           MR. TINKER:  It's going to be that much harder to

15  appoint a committee for other people.  And I understand Mr.

16  Horne identifies with the other ex-employees because he is

17  one, although his claim is different from theirs.

18           THE COURT:  Yes.

19           MR. TINKER:  But it's really not a ripe issue

20  until we have people expressing an interest in serving.

21           MS. SCHWEITZER:  Your Honor, Lisa Schweitzer, if

22  I may.

23           THE COURT:  Yes, of course, Ms. Schweitzer.

24           MS. SCHWEITZER:  So I think just one thing that

25  might be helpful is to go through where we are a little more

1    generally in terms of employee issues on the case.

2              THE COURT:  Please.

3              MS. SCHWEITZER:  To put some conference around

4    what employee representative might serve.  If you'll recall

5    that the Nortel pension was terminated back in 2009.

6              THE COURT:  Yes.

7              MS. SCHWEITZER:  And so from that side, that

8    pension has been turned over to the PBGC and so any claims,

9    pension related claims, are now administered by or through

10   the PBGC.

11             A second category of claims and only to mention

12   it by way of reference is the deferred compensation claims

13   which as you'll recall, there is a motion filed as of last

14   year that would -- came before the Court earlier this year

15   and now there is an employee and Mr. Horne's saying his

16   counsel, in fact, is representing employees who have

17   deferred compensation claims and that claim processor that

18   -- whether that's estate property or not is subject to the

19   pending motion and we're in the middle of a producing

20   amounts of discovery to them on that issue.  So in terms of

21   employees having representation on that issue, I'd be the

22   first to say they have very competent representation, but

23   obviously they, you know, they hired their own lawyers in

24   that process and that's ongoing.

25             A third bucket of claims is the retiree and long-

1  term disabled benefits.

2          THE COURT:  Yes.

3          MS. SCHWEITZER:  And as you'll recall, last fall

4  we had filed a motion pre-Visteon the Third Circuit decision

5  coming down, we had filed a motion to terminate both retiree

6  and long-term disability benefits.  Where Nortel is somewhat

7  unique or different than many other places in which the

8  long-term disabled are still maintained as current

9  employees, they're not former employees.  And when the

10 Visteon decision came down, and also again, an attorney had

11 appeared to represent the retirees, did not exercise who

12 opposed the soft planning.  We're proposing that and opposed

13 the termination of the retiree plan.  That motion was

14 withdrawn without prejudice.  At the same time, we withdrew

15 the long-term disabled withdraw motion even though we

16 thought at the time we could proceed, it's not covered by

17 Visteon, but an interest in stepping back on all the benefit

18 terminations we had withdrawn those motions.

19          Since that time, obviously we lost -- we had a

20 soft landing on some insurance lined up that employees could

21 opt into even at their own cost.  Because some of them had

22 expressed an interest in group insurance being available.

23 We've lost that group insurance opportunity, but we've been

24 trying to find other opportunities that may or may not

25 exist.  And it's likely that we'll be filing sooner rather

1    than later another motion for the appointment of an 1114

2    committee for the retirees in order to consider

3    modifications or termination of that plan.  But again, to

4    step back and say yeah, the need for employee representation

5    or a committee, that for the retirees it would be done

6    through an 1114 process --

7            THE COURT:  Okay.  Okay.

8            MS. SCHWEITZER:  And for the long-term disabled,

9    we have had attorneys, an attorney come forward, who

10   purports to represent a large group in the several tens of

11   employees, who has had conversations with us and indicated

12   that, you know, he speaks on behalf of a group of long-term

13   disabled.  So again, we know that there is some counsel out

14   there for them.

15           I think beyond that, there's ordinary course

16   claims of severance claims and the like which obviously we

17   continue to work through and try to find ways to resolve

18   those, clean them up, allow them in the most smooth way

19   possible recognizing that, you know, it's just a hard

20   process for people to go through.  But I think those are our

21   largest categories of employee claim issues.  And so in each

22   of those, that there is some counsel that's surfaced or an

23   opportunity for counsel to surface with respect to the

24   specific relief that we would seek at any point.

25           I don't know if that alleviates the potential

1   concerns at all, but I thought it would be helpful for you

2   to have that context of where employees' counsel had

3   surfaced or likely would surface with respect to any relief

4   we would seek from the Court.

5          THE COURT:  Yes, Ms. Schweitzer, as usual, you

6   have calmed me down.

7          MS. SCHWEITZER:  Well I appreciate that.  Happy

8   to do so.

9          THE COURT:  Good, good.  Not that I was terribly

10  excited, but at least I do feel, in all seriousness, I

11  really do feel better about the representations.  So now the

12  question remains or the issue remains having an employee

13  come forward who would like to serve on the committee, the

14  creditors' committee, the official committee.

15         MR. HORNE:  Your Honor, it's Robert Horne again.

16  I think it is also fair to say that there are groups of

17  employees who are finding it very difficult to find

18  representation.  I know that by experience from the DCP

19  stuff, we found it incredibly difficult.  And for our first

20  hearing at 9:30 in the morning back in February, the lead

21  attorney that we had had to resign, had to recuse themselves

22  at 3:00 the previous afternoon because of a conflict of

23  interest.  It's been incredibly difficult to find attorneys

24  because there are so many dozens and even hundreds of

25  attorney firms who are retained by other participants in

1   this case.  So the employees are finding it very difficult

2   to find attorneys.  And I think that that applies to those

3   people who did get an attorney from California on behalf of

4   the pensioners.  I was one of those people who contributed

5   to that as I was not an active leader, I was just a member

6   of that.  And I don't think those pensioners are now -- have

7   any lawyer under retainer.  So it is not easy.

8               THE COURT:  I have not addressed this issue in

9   other cases, but --

10              MS. SCHWEITZER:  One thing, Your Honor.

11              THE COURT:  Yes.

12              MS. SCHWEITZER:  I don't to cut you off.  Is that

13  from time to time, we obviously, you know, have attorneys

14  that we know are involved or not involved in the case.  And

15  we're of course happy if an attorney expresses interest

16  potentially in representing people, we can -- under the

17  Delaware decision it's difficult for them to approach the

18  employees directly, but we're happy to pass their names

19  along to the United States Trustee if the United States

20  Trustee gets inquiries about potential employee firms that

21  are available.  And obviously, the creditor committee as

22  well knows the folks in the field generally and might have

23  other suggestions for employee attorneys.  I don't know if

24  that's helpful.  Well, I'm happy to give names myself, but I

25  don't know that that's the appropriate way of directly

1  communicating.

2              THE COURT:  Sure.  Mr. Tinker are you getting a

3  lot of inquiries from employees?

4              MR. TINKER:  No, Your Honor, that's the problem.

5              THE COURT:  Not even calls saying, you know, we

6  don't have representation and what should we do?

7              MR. TINKER:  I have had no calls in at least the

8  last three months.

9              THE COURT:  Okay.

10             MR. HORNE:  This is Robert Horne again, Your

11 Honor.  Can I ask Mr. Tinker how many of his staff received

12 calls about deferred compensation because I have a record.

13 I didn't do it myself, but other people in the group did and

14 we got nowhere at all.  We couldn't find anybody who would

15 give us any attorney names.

16             MR. TINKER:  Well, the deferred comp situation

17 was last year.  And yes, there were communications back

18 then.  And that was the same time period that of course Ms.

19 Schweitzer was describing.

20             THE COURT:  Yes.

21             MR. TINKER:  Roughly.  And so there -- you know,

22 they do now have counsel.  So yes, there was that sort of

23 communication.  What we have not had though is people coming

24 in and requesting that, you know, there be a committee or

25 some kind of committee representation for them.  A lot of

1    times what we find is where people -- it's really very

2    particular.  It's their own personal situation.  And when we

3    have committees, part of the problem with appointing

4    employees frankly sometimes is that, you know, their

5    interests are very specific and the case as a whole is very

6    large.  Obviously, that's why you need to have counsel and

7    what not.  But for whatever reason, this is case where the

8    employee interests has not really materialized, at least to

9    the degree that anybody is even requesting a committee aside

10   from Mr. Horne.  Now that may change as the case proceeds

11   because, you know, this has been a liquidation case thus far

12   with a series of sales.  And we're now at the stage where I

13   think a lot of employee issues may have to be addressed.  So

14   I would not be surprised at all to see requests come in and

15   perhaps through the efforts of Mr. Horne.

16              THE COURT:  Mr. Horne, when you say that

17   employees are having difficulties finding attorneys, do you

18   mean for their individual claims?

19              MR. HORNE:  Well, Your Honor, it's not so much

20   individual claims because a lot of people -- I'll use the

21   example those people who were terminated late in 2008 and

22   got their termination compensation cut off because of

23   bankruptcy a few days later.  They're a typical example.

24   And those people are, you know, clearly very angry about

25   that.  I could go on and give other examples.

1          They were hoping -- they know how much it costs

2   because as soon as you talk to an attorney about this, you

3   know, they want a, you know, something significant like a

4   $25,000 deposit to even take the case on.  And they're

5   running at significant per hour rates.  Everybody, you know,

6   has access to the filings of the all attorneys who are being

7   paid and these are very significant hourly rates.  And

8   people look at it and say wow, you know, I've got to get

9   together with a group just as the pensioners did in the

10  middle of 2010.  And we all contributed money to that and

11  then it ran out.

12          So any individual who's got, you know, if he's

13  got, should we say, a $50,000 or $100,000 claim, the first

14  thing he's got to do is put a $25,000 deposit down and the

15  bill is running at, you know, $300 or $400 an hour at least

16  if not, you know, nearer to a $1,000 an hour.  And that

17  quickly eats into $100,000.

18          THE COURT:  I guess the difficulty we're all

19  facing at the moment is that you're not really in a position

20  to make the request on behalf of these people.  Is that

21  correct?

22          MR. HORNE:  Your Honor, I don't know the conflict

23  of interest laws here, so I'm not sure I can respond to

24  that.

25          THE COURT:  Well your particular issue is the

1   deferred compensation group.

2           MR. HORNE:  Correct.  And we have got an ad hoc

3   committee and we have two law firms working together very

4   well.

5           THE COURT:  Right.

6           MR. HORNE:  Who are well representing and we're

7   very happy with that.

8           THE COURT:  Okay.

9           MR. HORNE:  And we've paid, we've all paid in,

10  you know, a retainer for that, but that's because we've got

11  over 100 people signed up on that.

12          THE COURT:  Sure.  So if someone wants either to

13  participate on the committee, the existing creditors'

14  committee or has an interest in forming a committee, I guess

15  you're not the right person to make the request and someone

16  has to step forward to do so.

17          MR. HORNE:  Your Honor, again, I don't know

18  whether I can be or not.  Everybody is turning to me because

19  they said, Robert, you know, excuse me, it's the first name,

20  they talk to me.  You've managed to get this committee of

21  100 together on the DCP.

22          THE COURT:  Right.

23          MR. HORNE:  How do we get our issue represented?

24  And that's when I say quickly, well you've got to get a

25  group together and get a lawyer to, you know, retain a

1  lawyer.  And they quickly say, well I don't know who else is

2  in my group and I know maybe half a dozen people, but that's

3  not enough to get a group like the 100 people you've got.

4  It was enough from the pensioners because I think there was

5  200 or 300 pensioners who contributed to that in the middle

6  of last year.

7           THE COURT:  Yes.

8           MR. HORNE:  And that worked out well.  But it had

9  to be a significant enough number that got together.

10          THE COURT:  Well I think what Mr. Tinker is

11  saying and appropriately so is that he can't reach out, but

12  the people have to reach out to him.

13          MR. HORNE:  And, Your Honor, I'd be very happy to

14  get people to call Mr. Tinker.  I suggest it to anybody

15  who's interested in this.  The problem that everybody comes

16  back to me is that they say look I'm a businessman and I'm

17  not a lawyer so I don't know what this means.  And I sent

18  Mr. Tinker a series of questions the other day about, you

19  know, what -- which I've heard from the employees who might

20  be interested who really want to have the answer to these

21  questions.  And maybe it would be appropriate to ask these

22  questions now when Your Honor is ready to take that part of

23  it.

24          THE COURT:  All right.  First, does anyone else

25  wish to be heard with respect to what's already been

1  discussed?

2          MR. TINKER:  Your Honor, I don't have anything to

3  add as to what's been discussed.  As to what Mr. Horne is

4  about to go into, he sent me an email and part of it is

5  simply -- I guess I'll call a list of questions as to, you

6  know, what is the role of the committee, how often does it

7  meet and how, and how much time does somebody need to put

8  into service on the committee and that sort of thing.  And

9  once somebody contacts me, that is something I go over with

10  them.  But what I don't want to do is have Mr. Horne and me

11  as an intermediary for communications that I should be

12  having with whoever's interested in serving on the

13  committee.

14          THE COURT:  Yes.

15          MR. TINKER:  We can do this -- we do this every

16  day in Delaware, talk with people about, you know, what it

17  means to serve and whatnot.  But it's something that we do

18  with the creditors directly.  And Mr. Horne has been, you

19  know, very much a gentleman in discussions with me, but --

20  and I appreciate his interest in helping out his fellow ex-

21  employees, but I really do need to have the communications

22  directly with somebody who would be serving who that there

23  is that, you know, that communication between us not

24  mediated by somebody else who is interested, but who might

25  misconstrue something.

1          MR. BOTTER:  Judge Gross --

2          MR. HORNE:  Your Honor, I can really, you know,

3    encourage people to do that.  I think they're waiting for me

4    to come back with a list of six questions that they all gave

5    me in ones and twos.

6          THE COURT:  And I think what Mr. Tinker is saying

7    and Mr. Horne, he's certainly acting responsibly in taking

8    this position is that because you're not a lawyer, because

9    you're not representing people obviously and you've made

10   that perfectly clear, you're not the person to raise the

11   questions with him or to get the answers.  So he needs, you

12   know, people who's individual rights are being affected here

13   to make that call and that won't cost anything.

14         MR. HORNE:  And that's perfectly fine, Your

15   Honor. I can get people to call.  They were hoping that I

16   would get the answer to these questions and distribute it to

17   them.

18         THE COURT:  Yes.  And Mr. Tinker -- and again, I

19   think he's acting properly here, doesn't think that that's

20   the way to go about it.

21         MR. HORNE:  And, Your Honor, I certainly don't

22   want to argue about that.  I don't know enough to do that.

23         THE COURT:  Okay.

24         MR. HORNE:  I must admit, I would be interested

25   to know myself because I haven't -- nobody's yet told me the

1   reason why I can't be that person.  It's something to do

2   with conflict of interest which I don't understand.

3            MR. BOTTER:  Judge Gross, it's David Botter from

4   Akin Gump.

5            THE COURT:  Yeah, Mr. Botter, it's good to hear

6   from you.

7            MR. BOTTER:  Good afternoon, Judge.

8            THE COURT:  Good afternoon.

9            MR. BOTTER:  I just -- the only point I'd like to

10  add is that following the hearing, the last hearing we were

11  at, we on behalf of the creditors' committee, had provided

12  Mr. Horne with some points, additional points of contact

13  here at Akin Gump.  We're happy and obviously able to answer

14  those questions as well.  And to the extent he wants to

15  direct folks our way in addition to Mr. Tinker's way, again,

16  happy to answer any of those questions.

17           THE COURT:  All right.  But let me just say that

18  from the Court's point of view, I am concerned that there

19  may be individuals whose rights are being impacted who, but

20  for the costs of doing so, would be represented and

21  appearing at hearings.  And that is something that we, you

22  know, we may have to address and I think we may have to

23  address fairly soon.  Procedurally, it's really the

24  procedure that is causing somewhat of the problem.  It seems

25  like we are sort of stuck because the employees are relying

1  on Mr. Horne instead of coming forward themselves.

2          MS. SCHWEITZER:  Your Honor, it's Lisa

3  Schweitzer.

4          THE COURT:  Yes.

5          MS. SCHWEITZER:  On our side, we've certainly

6  done everything we can to be careful and methodical and just

7  respectful of employees in trying to deal with their claims,

8  which do need to be reconciled and resolved at some point.

9  As I had gone through my list, I think today's obviously

10  while we can't find employees their own counsel I think to

11  date that whether bumpy or not we had -- counsel has been

12  identified in issues that are pending before the Court that

13  I'm aware of on, as I said, on the retiree benefits, as that

14  came back to the Court.  Again, the first step of that would

15  be the formation of a committee and the appointment of

16  counsel for that.

17          And so I don't know -- I'm happy to hear any sort

18  of proposal that makes sense.  And, of course, it's helpful

19  to know that both the United States Trustee and the

20  creditors' committee are around to take calls.  I don't know

21  if anyone on our side from my discussions has a good

22  solution or proposal beyond trying to tackle this as issues

23  come up and need for representation arises because we're

24  trying to solve -- for different things and we have

25  different solutions over time or for which there might be

1  individual counsel who could take on additional employees

2  when the issue matured.

3           I don't know if that's a satisfying answer or

4  not, but we're on our side obviously working with the United

5  States Trustee and the creditor committee has given this

6  thought.  And, of course, we would work very well with the

7  creditor committee.  They have very sophisticated counsel.

8  They're very sensitive to employee issues regardless of who

9  their individual membership is.  They're both experienced,

10  creative, and sensitive to the issues.  So we try to work

11  with them hand-in-hand and we've tried to come up with every

12  solution we can to smooth away, but I'm not sure, as we

13  worked through it, if there was another thing that we could

14  think of to offer at this point.

15           MR. BOTTER:  And Judge, certainly, I appreciate

16  what Ms. Schweitzer has had to say.  We were sitting here

17  thinking about the roles of the various employees.  The

18  employees are represented by the committee to the extent

19  that they have unsecured claims.  The committee has worked

20  and continues to work very hard to maximize value here,

21  working hand in hand with the debtors.  And to the extent

22  that value is maximized that will roll down the benefit of

23  the employees who actually have unsecured claims in these

24  cases.

25           To the extent that the employees, many if not all

1   of the employees, are in some form or another retired,

2   whether as a result of dismissals or whether, in fact, they

3   are retired, the process that Ms. Schweitzer outlined

4   probably about 20 minutes ago with respect to 1114 will deal

5   with the specialized issues and the entitlement or non-

6   entitlement to benefits that the retirees may have.  And to

7   the extent that an 1114 committee is required, which I

8   believe it is, and will be formed, it will have

9   representation in the context of that discussion.

10          To the extent that the employees have priority

11  claims and/or admin claims, they will -- that is an issue

12  that's being analyzed by the debtors and certainly will be

13  looked at by the committee because that obviously has

14  implications for unsecured creditor claims as well.

15          So those are I think most of, if not all of the

16  types of issues that will be addressed or need to be

17  addressed in the context of employees.  And I think other

18  than individualized issues, they all are being covered at

19  this point.

20          THE COURT:  Well that's how I now understand it.

21  And so I'm not quite sure what there is left to be done,

22  except to have individual former employees or retirees file

23  proofs of claim and to the extent they have questions, raise

24  those questions either with the Office of the United States

25  Trustee or with the creditors' committee.

1            Mr. Horne, for example, if you have your own

2    issues separate and apart from deferred compensation, that

3    may be the -- you know, you could act on behalf of yourself

4    to raise those issues.  You wouldn't need an attorney as

5    long as you're representing yourself.  But once you begin to

6    represent the interests of others in any respect, that's

7    when, you know, we have issues that arise as far as

8    unauthorized practice of law and so on.  And I know you're

9    being very careful and I'm not suggesting you've done

10   anything to place yourself at risk that way, but the nature

11   of the matter at this point is that individual employees

12   with individual issues have to raise those themselves.

13            MR. HORNE:  Well, thank you, Your Honor.  This is

14   Robert Horne.  I do have another claim against the company.

15   I had got a non-qualified pension and there's a lot of

16   people who got significantly larger and non-qualified

17   pensions than me.  There are several hundreds of people in

18   that category.

19            But if I may, I think what's happened in the last

20   few days that has made life a little bit more complicated

21   and if I may be able to broaden a little bit to that, with

22   your permission.  It's to do with the sale of the IP and

23   what has triggered there.  Because what had happened is that

24   as we had some filing in Canada by the people whose names

25   are on the patents.  And I know that's being filed in the

1    U.S. Courts because I've seen the dockets and I've talked to

2    the leader of that organization.  I obviously don't want to

3    make any comment at all about whether that's an appropriate

4    claim or not.  But a lot of employees are seeing that this

5    is a way the Canadian employees are going to get a bigger

6    share of the pie.  And the Canadian employees are well

7    represented in Court.  And I think the European ones are,

8    too.  And the U.S. employees are feeling, you know, just

9    generally the U.S. employees might come out the wrong end of

10    on this whole three jurisdiction problem that we have.

11         THE COURT:  Well that, of course, is an issue

12    that's not yet before us and it remains to be seen what will

13    happen with those objections for one thing.  And I don't

14    know that it --

15         MR. BOTTER:  Your Honor, it's David Botter again

16    on behalf of the creditors' committee.  We are well aware of

17    those claims being made.  And I can assure Mr. Horne that in

18    the context of ultimate recoveries and seeking to maximize

19    value for the U.S. creditors including U.S. employees, the

20    creditors' committee, as well as, the U.S. debtors, of

21    course, will do everything that we can to move as much value

22    into the United States as we possibly can.  And that will be

23    the subject of much discussion going forward before Judge

24    Gross, as well as, the Canadian Court over the course of

25    next month and over the course of the next six months.

1          MS. SCHWEITZER:  And just for -- to make clearer

2    on the record of employee claims that were raised in Canada

3    with respect to the IP sale, in fact, were not brought by or

4    supported by the employee representatives' counsel.  Those

5    were brought by employees in their individual capacities

6    so --

7          THE COURT:  Yes.

8          MS. SCHWEITZER:  -- putting aside the merit of

9    them, I think that there's a perception that Canadian

10   employees are doing better or have different representation,

11   I think the facts are simply just different in Canada.  For

12   example, their -- many of their benefits were cut off at the

13   end of December 2010, including the retiree and LTD benefits

14   which continue in the U.S.  Some of those if not all of

15   those were terminated in Canada previously.

16         So I think everyone certainly acknowledges the

17   systems are different, but it's hard to generalize in a way

18   of saying that everything good is happening in Canada,

19   everything not good or in stagnation is happening in the

20   United States.  I think it's just a very different system.

21         THE COURT:  And the bottom line there, of course,

22   Mr. Horne is that the official committee of unsecured

23   creditors will be in effect representing the interests of

24   the United States employees because they will be seeking an

25   allocation that benefits the creditors here in the United

1    States.  Or at least it is fair, I should say to the

2    creditors in the United States.

3              MR. HORNE:  Yes, Your Honor.  I think that when I

4    explained that to some of these employees they say yes, but

5    the Canadian employees are better represented in the

6    Canadian Court than we are in the U.S. Court because all

7    we've got on the creditor's committee at the moment are two

8    people who I believe are -- represent bond organizations and

9    one with the pension as a guaranteed corporation.

10             THE COURT:  Well and but more specifically, those

11   claimants in Canada are individually represented.

12             MR. HORNE:  Yes, Your Honor.

13             THE COURT:  Yes.

14             MR. HORNE:  Whereas, nobody is representing the

15   employees in the United States.

16             THE COURT:  Well on -- I guess on -- as Mr.

17   Botter indicated for the creditors' committee, to the extent

18   that the employees are unsecured creditors, they are

19   represented by the creditors' committee, but there again,

20   someone has to come forward and ask to be on the creditors'

21   committee.

22             MR. HORNE:  Yes, Your Honor, that's obviously

23   what I've got to get organized.

24             THE COURT:  Yes.

25             MR. HORNE:  I think to be honest with you,

1  they're waiting for me to give them, you know, some

2  indication of what to do.  I'm afraid I've got myself into

3  that position.

4         THE COURT:  I understand and it's -- and look, I

5  respect you for placing yourself in that position, but I

6  think now it's time for others to say well, we can't hide

7  behind Mr. Horne any longer, we're going to have to step

8  forward and ask questions ourselves.

9         MR. HORNE:  And that's fine, Your Honor.  I can

10  certainly release that information.  And then the question

11  will come okay, Robert, what is your conflict of interest

12  that you can't sit on that committee?  And I don't know the

13  answer to that.

14         THE COURT:  Well, you know, let me say this to

15  you.  If you think that you don't have a conflict of

16  interest, then you can ask to be appointed to the committee.

17  And at that point, a determination will be made that no one

18  will take a position yet with respect to such an application

19  by you because it's not, you know, it's not ripe at this

20  point.

21         MR. HORNE:  And my attorneys have said they will

22  discuss that with whoever, you know, from this meeting is

23  designated as the right person.  Whether that is yourself,

24  Your Honor, I have no idea or one of the other attorneys.  I

25  don't know who that is.

1          THE COURT:  Well he could -- I think probably in

2     the first instance, Mr. Tinker might be the right person to

3     talk to.

4          MR. HORNE:  That would be fine.  That would be

5     fine.

6          MR. TINKER:  Your Honor, I make myself available

7     to Mr. Horne's counsel.

8          THE COURT:  Okay, good, good.

9          MR. HORNE:  And that would be fine, Your Honor.

10         THE COURT:  All right.

11         MR. HORNE:  We'll leave that discussion obviously

12    for them to resolve.

13         THE COURT:  Excellent.  All right, anything

14    further that we need to discuss?  But at this point, I guess

15    the bottom line is, you know, it's the Court's

16    responsibility to dispose of matters, but others have to

17    come forward and propose them.  And other than this is a

18    status conference, I think it's time now for someone to take

19    some action that will thereby require me to make a decision

20    of some sort.

21         MR. HORNE:  Your Honor, I appreciate the

22    direction you've given.  It's very, very clear and I

23    appreciate it and also appreciate the courtesy of everybody

24    on this call.

25         THE COURT:  Wonderful.  All right, well I'm sure

1    that will continue and I hope so.  And at such time as I say

2    as something comes before me to decide, I certainly will do

3    so promptly.

4             MR. HORNE:  We all appreciate that and thank you

5    very much, indeed, for your time.

6             THE COURT:  All right.  I thank all of you.

7             MR. BOTTER:  Thank you, Your Honor.

8             MS. SCHWEITZER:  Thank you for your time.

9             THE COURT:  All right.  Good day, everyone.

10            MR. HORNE:  Thank you.

11            THE COURT:  Thank you.

12       (Whereupon, at 1:39 p.m., the hearing was adjourned.)

13

14                         CERTIFICATION

15        I certify that the foregoing is a correct

16   transcript from the electronic sound recording of the

17   proceedings in the above-entitled matter.

18

19

20   _____        16 May 2011
21   Traci L. Calaman, Transcriber                Date

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **abbott**(1) 1:24 | | **answer**(6) 16:20 18:16 19:13 19:16 21:3 27:13 | | **being**(9) 8:22 14:6 18:12 19:19 22:12 22:18 23:9 23:25 24:17 | | **clean**(1) 9:18 | |
| **able**(2) 19:13 23:21 | | **answers**(1) 18:11 | | | | **clear**(2) 18:10 28:22 | |
| **about**(15) 3:20 6:6 10:11 11:20 12:12 13:24 14:2 16:18 17:4 17:16 18:20 18:22 21:17 22:4 24:3 | | **any**(13) 6:2 6:5 7:8 9:24 10:3 11:7 12:15 14:12 19:16 20:17 23:6 24:3 27:7 | | **believe**(3) 4:8 22:8 26:8 | | **clearer**(1) 25:1 | |
| | | **anybody**(4) 6:10 12:14 13:9 16:14 | | **benefit**(2) 8:17 21:22 | | **clearly**(1) 13:24 | |
| **aboveentitled** (1) 29:17 | | **anyone**(2) 16:24 20:21 | | **benefits**(7) 8:1 8:6 20:13 22:6 25:12 25:13 25:25 | | **cleary**(1) 1:31 | |
| **accent**(1) 3:13 | | **anyone's**(1) 4:5 | | | | **collins**(1) 2:16 | |
| **access**(1) 14:6 | | **anything**(5) 4:21 17:2 18:13 23:10 28:13 | | **better**(3) 10:11 25:10 26:5 | | **come**(10) 9:9 10:13 13:14 18:4 20:23 21:11 24:9 26:20 27:11 28:17 | |
| **accurately**(1) 3:9 | | **anywhere**(1) 5:1 | | **between**(1) 17:23 | | | |
| **acknowledges**(1) 25:16 | | **apart**(1) 23:2 | | **beyond**(2) 9:15 20:22 | | **comes**(2) 16:15 29:2 | |
| **act**(1) 23:3 | | **apologies**(1) 4:22 | | **bigger**(1) 24:5 | | **coming**(3) 8:5 12:23 20:1 | |
| **acting**(2) 18:7 18:19 | | **appearances**(2) 1:21 2:1 | | **bill**(1) 14:15 | | **comment**(1) 24:3 | |
| **action**(1) 28:19 | | **appeared**(1) 8:11 | | **bit**(2) 23:20 23:21 | | **committee**(46) 2:4 4:1 4:14 5:15 5:21 5:23 6:7 6:10 6:12 6:15 9:2 9:5 10:13 10:14 10:14 11:21 12:24 12:25 13:9 15:3 15:13 15:14 15:14 15:20 17:6 17:8 17:13 19:11 20:15 20:20 21:5 21:7 21:18 21:19 22:7 22:13 22:25 24:16 24:20 25:22 26:7 26:17 26:19 26:21 27:12 27:16 | |
| **active**(1) 11:5 | | **appearing**(1) 19:21 | | **bond**(1) 26:8 | | | |
| **actual**(1) 5:16 | | **application**(1) 27:18 | | **both**(3) 8:5 20:19 21:9 | | | |
| **actually**(1) 21:23 | | **applies**(1) 11:2 | | **botter**(12) 2:5 18:1 19:3 19:3 19:5 19:7 19:9 21:15 24:15 24:15 26:17 29:7 | | | |
| **add**(2) 17:3 19:10 | | **appoint**(3) 5:15 5:15 6:15 | | | | | |
| **addition**(1) 19:15 | | **appointed**(2) 6:12 27:16 | | **bottom**(2) 25:21 28:15 | | **committees**(1) 13:3 | |
| **additional**(2) 19:12 21:1 | | **appointing**(2) 6:9 13:3 | | **brad**(1) 2:7 | | **communicating**(1) 12:1 | |
| **address**(3) 5:21 19:22 19:23 | | **appointment**(3) 6:6 9:1 20:15 | | **brickley**(1) 2:23 | | **communication**(2) 12:23 17:23 | |
| **addressed**(4) 11:8 13:13 22:16 22:17 | | **appreciate**(7) 10:7 17:20 21:15 28:21 28:23 28:23 29:4 | | **bring**(1) 4:5 | | **communications**(4) 5:13 12:17 17:11 17:21 | |
| **adjourned**(1) 29:12 | | **approach**(1) 11:17 | | **broaden**(1) 23:21 | | **comp**(1) 12:16 | |
| **admin**(1) 22:11 | | **appropriate**(3) 11:25 16:21 24:3 | | **broadened**(1) 23:5 | | **company**(3) 23:14 | |
| **administered**(2) 1:8 7:9 | | **appropriately**(1) 16:11 | | **brought**(2) 25:3 25:5 | | **compensation**(9) 4:23 4:25 5:2 7:12 7:17 12:12 13:22 15:1 23:2 | |
| **admit**(1) 18:24 | | **are**(51) 3:7 3:9 4:6 6:25 7:9 8:8 9:20 10:16 10:17 10:24 10:25 11:1 11:6 11:14 11:21 12:2 13:5 13:17 13:24 14:6 14:7 15:6 18:12 19:19 19:25 19:25 20:2 20:20 21:18 22:1 22:3 22:25 22:18 23:17 23:25 24:4 24:5 24:6 24:7 24:8 24:16 25:10 25:11 25:17 26:5 26:6 26:7 26:8 26:11 26:18 26:18 | | **bryant**(1) 2:10 | | | |
| **affected**(1) 18:12 | | | | **bucket**(1) 7:25 | | **competent**(1) 7:22 | |
| **afraid**(1) 27:2 | | **argue**(1) 18:22 | | **bumpy**(1) 20:11 | | **complicated**(1) 23:20 | |
| **afternoon**(6) 3:2 3:4 5:10 10:22 19:7 19:8 | | **arise**(1) 23:7 | | **businessman**(1) 16:16 | | **concern**(1) 5:19 | |
| 18:18 19:15 20:14 24:15 26:19 | | **arises**(1) 20:23 | | **but**(42) 4:4 4:5 4:14 5:23 6:5 6:19 7:22 8:17 8:23 9:3 9:20 10:1 10:10 11:9 11:18 11:24 12:13 13:7 15:10 16:2 16:8 16:11 17:10 17:17 17:19 17:21 17:24 19:17 19:19 21:4 21:12 23:15 23:19 24:4 25:17 26:4 26:10 26:19 27:5 28:14 28:16 | | **concerned**(2) 3:22 19:18 | |
| | | **around**(1) 7:3 20:20 | | | | **concerns**(1) 10:1 | |
| **against**(1) 23:14 | | **arsht**(1) 1:23 | | | | **conference**(3) 4:12 7:3 28:18 | |
| **ago**(3) 3:20 3:20 22:4 | | **ascertain**(1) 5:22 | | **california**(1) 11:3 | | **conflict**(5) 10:22 14:22 19:2 27:11 27:25 | |
| **akin**(3) 2:4 19:4 19:13 | | **aside**(2) 13:9 25:8 | | **call**(8) 3:18 4:12 4:22 16:14 17:5 18:13 18:15 28:24 | | **consequently**(1) 5:18 | |
| **all**(29) 3:6 3:17 4:17 6:4 8:17 10:1 10:10 12:14 13:14 14:6 14:10 14:18 15:9 16:24 18:4 19:17 21:25 22:15 22:18 24:3 25:14 26:6 28:10 28:13 28:25 29:4 29:6 29:6 29:9 | | **ask**(5) 12:11 16:21 26:20 27:8 27:16 | | **calls**(4) 12:5 12:7 12:12 20:20 | | **consider**(1) 9:2 | |
| | | **asked**(1) 4:11 | | **calmed**(1) 10:6 | | **contact**(2) 5:20 19:12 | |
| | | **assume**(1) 4:13 | | **came**(3) 7:14 8:10 20:14 | | **contacted**(1) 5:18 | |
| | | **assure**(1) 24:17 | | **can**(15) 5:21 11:16 12:11 14:23 15:18 17:15 18:2 18:15 20:6 21:12 24:17 24:21 24:22 27:9 27:16 | | **contacts**(2) 6:1 17:9 | |
| **alleviates**(1) 9:25 | | **attorney**(10) 4:21 8:10 9:9 10:21 10:25 11:3 11:15 12:15 14:2 23:4 | | | | **context**(1) 10:2 22:9 22:17 24:18 | |
| **allocation**(1) 25:25 | | | | | | **continue**(3) 9:17 25:14 29:1 | |
| **allow**(1) 9:18 | | | | **can't**(5) 16:11 19:1 20:10 27:6 27:12 | | **continued**(1) 2:2 | |
| **along**(1) 11:19 | | | | **canada**(6) 23:24 25:2 25:11 25:15 25:18 26:11 | | **continues**(1) 21:20 | |
| **already**(1) 16:25 | | **attorneys**(11) 4:22 5:2 9:9 10:23 11:2 11:13 11:23 13:17 14:6 27:21 27:24 | | | | **contributed**(3) 11:4 14:10 16:5 | |
| **also**(4) 4:11 8:10 10:16 28:23 | | | | **canadian**(6) 24:5 24:6 24:24 25:9 26:5 | | **controversy**(1) 6:5 | |
| **although**(1) 6:17 | | **available**(3) 8:22 11:21 28:6 | | **capacities**(1) 25:5 | | **conversation**(1) 5:12 | |
| **amounts**(1) 7:20 | | **awaiting**(1) 6:2 | | **careful**(2) 20:6 23:9 | | **conversations**(2) 4:9 9:11 | |
| **analyzed**(1) 22:12 | | **aware**(2) 20:13 24:16 | | **case**(9) 1:4 7:1 11:1 11:14 13:5 13:7 13:10 13:11 14:4 | | **conveyed**(2) 5:20 6:1 | |
| **and**(173) 3:6 3:7 3:12 3:13 3:14 3:24 3:25 4:3 4:11 4:21 4:23 5:4 5:11 5:11 5:12 5:16 5:18 5:19 5:25 6:1 6:5 7:7 7:8 7:11 7:15 7:17 7:19 7:24 7:25 8:3 8:6 8:9 8:10 8:12 8:25 9:4 9:8 9:11 9:16 9:17 9:21 10:19 10:24 11:2 11:6 11:14 11:22 12:6 12:13 12:17 12:18 12:21 12:24 13:2 13:5 13:6 13:12 13:14 13:21 13:24 13:25 14:4 14:7 14:7 14:8 14:14 16:16 15:2 15:3 15:6 15:9 15:15 15:24 15:25 16:1 16:2 16:8 16:11 16:16 16:17 16:21 17:4 17:7 17:7 17:8 17:8 17:10 17:17 17:18 17:20 18:5 18:6 18:7 18:13 18:14 18:16 18:18 18:18 18:21 19:13 19:14 19:20 19:21 19:22 20:6 20:8 20:15 20:17 20:18 20:19 20:23 20:24 21:5 21:6 21:10 21:11 21:15 21:20 21:21 21:25 22:6 22:8 22:12 22:17 22:21 22:23 23:4 23:8 23:8 23:9 23:15 23:16 23:21 23:22 23:25 24:1 24:6 24:7 24:8 24:12 24:13 24:17 24:18 24:22 24:25 25:13 25:21 26:8 26:10 26:20 27:4 27:4 27:8 27:9 27:10 27:12 27:17 27:21 28:9 28:17 28:17 28:22 28:23 29:1 29:1 29:4 | | **away**(1) 21:12 | | **cases**(2) 11:9 21:24 | | **cordo**(1) 1:25 | |
| | | | | **categories**(1) 9:21 | | **corporation**(1) 26:9 | |
| | | **back**(9) 4:5 7:5 8:17 9:4 10:20 12:17 16:16 18:4 20:14 | | **category**(2) 7:11 23:18 | | **correct**(3) 14:21 15:2 29:15 | |
| | | | | **causing**(1) 19:24 | | **cost**(2) 8:21 18:13 | |
| | | **bankruptcy**(3) 1:1 1:19 13:23 | | **certain**(2) 3:14 | | **costs**(2) 14:1 19:20 | |
| | | **beautiful**(1) 3:15 | | **certainly**(8) 18:7 18:21 20:5 21:15 22:12 25:16 27:10 29:2 | | **could**(10) 4:8 4:18 4:20 8:16 8:20 13:25 21:1 21:13 23:3 28:1 | |
| | | **because**(24) 4:24 6:16 8:21 10:22 10:24 12:12 13:11 13:20 13:22 14:2 15:10 15:11 16:4 18:8 18:25 18:25 19:25 20:23 22:13 23:23 24:1 25:24 26:6 27:19 | | | | | |
| | | | | **certification**(1) 29:14 | | **couldn't**(1) 12:14 | |
| | | | | **certify**(1) 29:15 | | **counsel**(14) 7:16 9:13 9:22 9:23 10:2 12:22 13:6 20:10 20:11 20:16 21:1 21:7 25:4 28:7 | |
| | | **beckerman**(1) 2:9 | | **change**(1) 13:10 | | | |
| | | **been**(8) 7:8 8:23 10:23 13:11 16:25 17:3 17:18 20:11 | | **chapter**(1) 1:6 | | **couple**(1) 3:25 | |
| | | | | **chris**(1) 2:15 | | **course**(13) 5:5 5:15 6:23 9:15 11:15 12:18 20:18 21:6 24:11 24:21 24:24 24:25 25:21 | |
| | | **before**(6) 1:18 7:14 20:12 24:12 24:23 23:5 | | **circuit**(1) 8:4 | | | |
| | | **begin**(1) 23:5 | | **claim**(7) 6:17 7:17 9:21 14:13 22:23 23:14 24:4 | | **court**(74) 1:1 3:2 3:6 3:14 3:17 3:21 3:21 3:23 4:2 4:17 4:19 5:4 5:7 5:10 6:4 6:13 6:18 6:23 7:2 7:6 7:14 8:2 9:7 10:4 10:5 10:9 11:8 11:11 12:2 12:5 12:9 12:20 13:16 14:18 14:25 15:5 15:8 15:12 15:22 16:7 16:16 16:18 18:3 18:18 18:23 19:5 19:8 19:17 20:4 20:12 20:14 22:20 24:7 24:11 24:24 25:7 25:21 26:6 26:6 26:10 26:13 26:16 26:24 27:4 27:14 28:1 28:8 28:10 28:13 28:25 29:6 29:9 29:11 | |
| | | **behalf**(6) 9:12 11:3 14:20 19:11 23:3 27:7 | | **claimants**(1) 26:11 | | | |
| | | **behind**(1) 27:7 | | **claims**(18) 7:8 7:9 7:11 7:12 7:17 7:25 9:16 9:16 13:18 13:20 20:7 21:19 21:23 22:11 22:11 22:14 24:17 25:2 | | | |
| **and/or**(1) 22:11 | | | | | | | |
| **angry**(1) 13:24 | | | | | | **court's**(2) 19:18 28:15 | |
| **ann**(1) 1:25 | | | | | | **courtesy**(1) 28:23 | |
| **another**(4) 9:1 21:13 22:1 23:14 | | | | | | | |

| Word | Page:Line |
|---|---|
| courtroom(1) 1:10 | |
| courts(1) 24:1 | |
| covered(2) 8:16 22:18 | |
| creating(1) 6:5 | |
| creative(1) 21:10 | |
| creditor(6) 4:1 5:16 11:21 21:5 21:7 22:14 | |
| creditor's(1) 26:7 | |
| creditors(16) 10:14 15:13 17:18 19:11 | |
| 20:20 22:25 24:16 24:19 24:20 25:23 | |
| 25:25 26:2 26:17 26:18 26:19 26:20 | |
| current(1) 8:8 | |
| cut(1) 13:12 13:22 25:12 | |
| data(1) 1:39 | |
| date(1) 20:11 | |
| david(3) 2:5 19:3 24:15 | |
| day(3) 16:18 17:16 29:9 | |
| days(2) 13:23 23:20 | |
| dcp(2) 10:18 15:21 | |
| deal(2) 20:7 22:4 | |
| debtors(5) 1:12 1:23 21:21 22:12 24:20 | |
| december(1) 25:13 | |
| decide(1) 29:2 | |
| decision(4) 8:4 8:10 11:17 28:19 | |
| defer(1) 4:15 | |
| deferred(9) 4:23 4:25 5:1 7:12 7:17 12:12 | |
| 12:16 15:1 23:2 | |
| degree(1) 13:9 | |
| delaware(5) 1:2 1:12 3:1 11:17 17:16 | |
| deposit(2) 14:4 14:14 | |
| derek(1) 1:24 | |
| describing(1) 12:19 | |
| designated(1) 27:23 | |
| determination(1) 27:17 | |
| diaz(1) 1:39 | |
| did(4) 8:11 11:3 12:13 14:9 | |
| didn't(1) 12:13 | |
| different(8) 6:17 8:7 20:24 20:25 25:10 | |
| 25:11 25:17 25:20 | |
| difficult(5) 10:17 10:19 10:23 11:1 11:17 | |
| difficulties(1) 13:17 | |
| difficulty(1) 14:18 | |
| direct(1) 19:15 | |
| direction(1) 28:22 | |
| directly(6) 5:20 5:24 11:18 11:25 17:18 | |
| 17:22 | |
| disability(1) 8:6 | |
| disabled(5) 8:1 8:8 8:15 9:8 9:13 | |
| discovery(1) 7:20 | |
| discuss(2) 27:22 28:14 | |
| discussed(2) 17:1 17:3 | |
| discussion(3) 22:9 24:23 28:11 | |
| discussions(3) 4:3 17:19 20:21 | |
| dismissals(1) 22:2 | |
| dispose(1) 28:16 | |
| distinct(1) 3:14 | |
| distribute(1) 18:16 | |
| district(1) 1:2 | |
| dockets(1) 24:1 | |
| does(4) 5:21 16:24 17:6 17:7 | |
| doesn't(1) 18:19 | |
| doing(2) 19:20 25:10 | |
| don't(25) 4:4 6:10 9:25 11:6 11:12 11:23 | |
| 11:25 12:6 14:2 15:17 16:1 16:17 17:2 | |
| 17:10 18:21 18:22 19:2 20:17 20:20 21:3 | |
| 24:2 24:13 27:12 27:15 27:25 | |
| done(4) 9:5 20:6 22:21 23:9 | |
| dow(2) 2:22 2:22 | |
| down(5) 8:5 8:10 10:6 14:14 21:22 | |
| dozen(1) 16:2 | |
| dozens(1) 10:24 | |
| each(1) 9:21 | |
| earlier(1) 7:14 | |
| easy(1) 11:7 | |
| eats(1) 14:17 | |

| Word | Page:Line |
|---|---|
| ecro(1) 1:37 | |
| effect(1) 25:23 | |
| efforts(1) 13:15 | |
| either(2) 15:12 22:24 | |
| electronic(2) 1:46 29:16 | |
| else(3) 16:1 16:24 17:24 | |
| email(1) 17:4 | |
| employee(14) 4:1 7:1 7:4 7:15 9:4 9:21 | |
| 10:12 11:20 11:23 13:8 13:13 21:8 25:2 | |
| 25:4 | |
| employees(44) 3:22 5:17 6:7 7:16 7:21 8:8 | |
| 8:9 8:20 9:11 10:2 10:17 11:1 11:18 12:2 | |
| 13:4 13:21 16:19 17:21 19:21 20:7 20:10 | |
| 21:1 21:17 21:18 21:23 21:25 22:1 22:10 | |
| 22:17 22:22 23:11 24:4 24:5 24:6 24:8 | |
| 24:9 24:19 25:5 25:10 25:24 26:4 26:5 | |
| 26:15 26:18 | |
| encourage(1) 18:3 | |
| end(2) 24:9 25:13 | |
| enough(4) 16:3 16:4 16:9 18:22 | |
| entitlement(2) 22:5 22:6 | |
| esq(12) 1:24 1:25 1:32 2:5 2:6 2:7 2:8 | |
| 2:9 2:15 2:16 2:23 2:27 | |
| estate(1) 7:18 | |
| european(1) 24:7 | |
| even(8) 6:11 6:11 8:15 8:21 10:24 12:5 | |
| 13:9 14:4 | |
| every(2) 17:15 21:11 | |
| everybody(4) 14:5 15:18 16:15 28:23 | |
| everyone(3) 3:2 25:16 29:9 | |
| everything(4) 20:6 24:21 25:18 25:19 | |
| ex-employees(3) 5:17 5:24 6:16 | |
| exactly(1) 4:2 | |
| example(4) 13:21 13:23 23:1 25:12 | |
| examples(1) 13:25 | |
| excellent(1) 28:13 | |
| except(1) 22:22 | |
| excited(1) 10:10 | |
| excuse(1) 15:19 | |
| exercise(1) 8:11 | |
| exist(1) 8:25 | |
| existing(3) 6:10 6:12 15:13 | |
| experience(1) 10:18 | |
| experienced(1) 21:9 | |
| explained(1) 26:4 | |
| expressed(4) 5:14 5:19 6:2 8:22 | |
| expresses(1) 11:15 | |
| expressing(2) 6:11 6:20 | |
| extensive(1) 5:12 | |
| extent(8) 19:14 21:18 21:21 21:25 22:7 | |
| 22:10 22:23 26:17 | |
| facing(1) 14:19 | |
| fact(5) 5:18 5:23 7:16 22:2 25:3 | |
| facts(1) 25:11 | |
| fair(2) 10:16 26:1 | |
| fairly(2) 5:12 19:23 | |
| fall(1) 8:3 | |
| far(2) 13:11 23:7 | |
| february(1) 10:20 | |
| feel(2) 10:10 10:11 | |
| feeling(1) 24:8 | |
| fellow(1) 17:20 | |
| few(3) 5:13 13:23 23:20 | |
| field(1) 11:22 | |
| file(1) 22:22 | |
| filed(4) 7:13 8:4 8:5 23:25 | |
| filing(2) 8:25 23:24 | |
| filings(1) 11:8 | |
| find(8) 8:24 9:17 10:17 10:23 11:2 12:14 | |
| 13:1 20:10 | |
| finding(3) 10:17 11:1 13:17 | |
| fine(5) 18:14 27:9 28:4 28:5 28:9 | |
| finger(1) 2:14 | |
| firms(3) 10:25 11:20 15:3 | |

| Word | Page:Line |
|---|---|
| first(8) 4:19 7:22 10:19 14:13 15:19 16:24 | |
| 20:14 28:2 | |
| floor(1) 1:27 | |
| flow(1) 3:25 | |
| folks(2) 11:22 19:15 | |
| following(1) 19:10 | |
| for(46) 1:2 1:23 2:4 2:22 2:26 2:30 4:11 | |
| 5:8 6:15 9:1 9:2 9:4 9:5 9:8 9:14 9:20 | |
| 9:23 10:1 10:19 11:17 11:23 12:25 13:7 | |
| 13:18 15:10 17:11 18:3 19:20 20:16 20:23 | |
| 20:24 20:25 22:14 23:1 24:13 24:19 25:1 | |
| 25:11 26:17 27:1 27:5 27:6 28:12 28:18 | |
| 29:5 29:8 | |
| foregoing(1) 29:15 | |
| form(1) 22:1 | |
| formation(1) 20:8 | |
| formed(1) 22:8 | |
| former(2) 8:9 22:22 | |
| forming(1) 21:17 | |
| forward(8) 9:9 10:13 15:16 20:1 24:23 | |
| 26:20 27:8 28:17 | |
| found(1) 10:19 | |
| four(1) 3:20 | |
| frankly(1) 13:4 | |
| fred(1) 2:6 | |
| from(18) 6:2 6:17 7:7 10:4 10:18 11:3 | |
| 11:13 12:3 13:10 16:4 16:19 19:3 19:6 | |
| 19:18 20:21 23:2 27:22 29:16 | |
| further(2) 4:3 28:14 | |
| gave(1) 18:4 | |
| generalize(1) 25:17 | |
| generally(3) 7:1 11:22 24:9 | |
| gentleman(1) 17:19 | |
| get(15) 3:9 5:1 11:4 15:8 15:20 15:23 | |
| 15:24 15:25 16:3 16:14 18:11 18:15 18:16 | |
| 24:5 26:23 | |
| gets(1) 11:20 | |
| getting(1) 12:2 | |
| give(5) 4:8 4:13 4:16 4:20 11:24 12:15 | |
| 13:25 27:1 | |
| given(2) 21:5 28:22 | |
| going(6) 4:3 4:7 6:14 24:5 24:23 27:7 | |
| gone(1) 20:9 | |
| good(14) 3:2 3:4 5:10 10:9 10:9 19:5 19:7 | |
| 19:8 20:21 25:18 25:19 28:8 28:8 29:9 | |
| got(16) 12:14 13:22 14:8 14:12 14:13 | |
| 14:14 15:2 15:10 15:16 15:24 16:3 16:9 23:15 | |
| 23:16 26:7 26:23 27:2 | |
| gottlieb(1) 1:31 | |
| grant(1) 1:37 | |
| gross(5) 5:18 3:3 18:1 19:3 24:24 | |
| group(10) 8:22 8:23 9:10 9:12 12:13 14:9 | |
| 15:1 15:25 16:2 16:3 | |
| groups(1) 10:16 | |
| guaranteed(1) 26:9 | |
| guess(5) 14:18 15:14 17:5 26:16 28:14 | |
| gump(3) 2:4 19:4 19:13 | |
| had(29) 3:20 3:22 4:11 4:11 5:11 5:12 | |
| 5:16 8:4 8:10 8:18 8:19 8:21 9:9 9:1 | |
| 10:2 10:21 10:21 10:21 12:7 12:23 16:8 | |
| 19:11 20:9 20:11 21:16 23:15 23:23 23:24 | |
| half(1) 16:2 | |
| hamilton(1) 1:31 | |
| hand(1) 21:21 21:21 | |
| hand-in-hand(1) 21:11 | |
| happen(1) 24:13 | |
| happened(3) 4:13 23:19 23:23 | |
| happening(2) 25:18 25:19 | |

| Word | Page:Line |
|---|---|
| happy(10) 4:14 10:7 11:15 11:18 11:24 | |
| 15:7 16:13 19:13 19:16 20:17 | |
| hard(3) 9:19 21:20 25:17 | |
| harder(1) 6:14 | |
| harrisburg(1) 1:41 | |
| has(18) 5:17 7:8 9:11 13:8 13:11 14:6 | |
| 15:14 15:16 17:18 20:11 20:21 21:5 21:16 | |
| 21:19 22:13 23:20 23:23 26:20 | |
| have(56) 3:6 4:3 5:2 5:11 5:18 5:22 6:8 | |
| 6:9 6:10 6:20 7:16 7:22 9:9 10:2 10:6 | |
| 11:6 11:8 11:13 11:22 12:6 12:7 12:12 | |
| 12:22 12:23 13:3 13:6 13:13 15:2 15:3 | |
| 16:12 16:20 17:2 17:10 17:21 19:22 19:22 | |
| 20:24 21:7 21:19 21:22 22:6 22:8 22:10 | |
| 22:22 22:23 23:1 23:7 23:12 23:14 24:10 | |
| 25:10 27:7 27:15 27:21 27:24 28:16 | |
| haven't(1) 18:25 | |
| having(4) 7:21 10:12 13:17 17:12 | |
| he's(6) 5:12 5:20 14:12 14:14 18:7 18:19 | |
| hear(2) 19:5 20:17 | |
| heard(1) 16:16 16:25 | |
| hearing(5) 3:20 10:20 19:10 19:10 29:12 | |
| hearings(1) 19:21 | |
| helpful(4) 6:25 10:1 11:24 20:18 | |
| helping(1) 17:20 | |
| here(6) 6:5 14:23 18:12 18:19 19:13 21:16 | |
| 21:20 25:25 | |
| hide(1) 27:6 | |
| him(2) 16:12 18:11 | |
| hired(1) 7:23 | |
| his(6) 6:1 6:17 7:15 12:11 17:20 17:20 | |
| hoc(1) 15:2 | |
| hodara(1) 2:6 | |
| honest(1) 26:25 | |
| honor(31) 3:11 3:19 4:18 5:8 6:8 6:21 | |
| 10:15 11:10 12:4 12:11 13:19 14:22 15:17 | |
| 16:13 16:22 17:2 18:2 18:15 18:21 20:2 | |
| 23:13 24:15 26:3 26:12 26:21 27:9 27:24 | |
| 28:6 28:9 28:21 29:7 | |
| honorable(1) 1:18 | |
| hope(1) 29:1 | |
| hoping(2) 14:1 18:15 | |
| horne(64) 2:30 3:9 3:11 3:12 3:16 3:20 | |
| 4:7 4:18 4:19 4:20 4:24 5:4 5:6 5:14 5:17 | |
| 5:19 5:25 6:1 6:16 10:15 10:15 12:10 | |
| 12:10 13:10 13:15 13:16 14:19 14:22 15:2 | |
| 15:6 15:9 15:17 15:23 16:8 16:13 17:3 | |
| 17:10 17:18 18:2 18:7 18:4 18:11 18:24 | |
| 19:12 20:1 23:1 23:13 23:14 24:17 25:22 | |
| 26:3 26:12 26:16 26:22 26:25 27:7 27:9 | |
| 27:21 28:4 28:9 28:11 28:21 29:4 29:10 | |
| horne's(2) 7:15 28:7 | |
| hour(3) 14:5 14:15 14:16 | |
| hourly(1) 14:7 | |
| how(7) 12:11 14:1 15:23 17:6 17:7 17:7 | |
| 22:20 | |
| hundreds(2) 10:24 23:17 | |
| i'd(4) 6:5 7:21 16:13 19:9 | |
| i'll(2) 13:20 17:5 | |
| i'm(13) 4:21 4:23 11:24 14:23 16:16 16:16 | |
| 20:13 20:17 21:12 22:21 23:9 27:2 28:25 | |
| i've(6) 14:8 16:19 24:1 24:1 26:23 27:2 | |
| idea(1) 27:24 | |
| identified(1) 20:12 | |
| identifies(1) 6:16 | |
| identify(1) 3:8 | |
| impacted(1) 19:19 | |
| implications(1) 22:14 | |
| inc(1) 1:6 | |
| including(2) 24:19 25:13 | |
| incredibly(2) 10:19 10:23 | |
| indeed(1) 29:5 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| indicated(3) 5:19 9:11 26:17 | | least(5) 10:10 12:7 13:8 14:15 26:1 | | must(2) 5:2 18:24 | | over(7) 5:13 7:8 15:11 17:9 20:25 24:24 24:25 | |
| indication(1) 27:2 | | leave(1) 28:11 | | myself(5) 11:24 12:13 18:25 27:2 28:6 | | own(5) 7:23 8:21 13:2 22:10 23:1 | |
| individual(10) 13:18 13:20 14:12 18:12 21:1 21:9 22:22 23:11 23:12 25:5 | | left(1) 22:21 | | name(1) 15:19 | | p.m(3) 1:15 3:1 29:12 | |
| individualized(1) 22:18 | | let(2) 19:17 27:14 | | names(4) 11:8 11:24 12:15 23:24 | | paid(3) 14:7 15:9 15:9 | |
| individually(1) 26:11 | | letter(1) 3:21 | | nature(2) 3:17 23:10 | | park(1) 2:10 | |
| individuals(1) 19:19 | | liberty(1) 1:33 | | near(1) 14:16 | | part(3) 13:3 16:22 17:4 | |
| information(3) 3:25 6:1 27:10 | | life(1) 23:20 | | nearer(1) 14:16 | | participants(1) 10:25 | |
| inquiries(1) 11:20 12:3 | | like(6) 9:16 10:13 14:3 16:3 19:9 19:25 | | need(11) 5:20 5:24 9:4 13:6 17:7 17:21 20:8 20:23 22:16 23:4 28:14 | | participate(1) 15:13 | |
| instance(1) 28:2 | | likely(1) 8:25 10:3 | | | | particular(2) 13:2 14:25 | |
| instead(1) 20:1 | | line(3) 4:8 25:21 28:15 | | needs(1) 18:11 | | parties(1) 6:6 | |
| insurance(3) 8:20 8:22 8:23 | | lined(1) 8:20 | | networks(1) 1:6 | | pass(1) 11:18 | |
| interest(14) 5:22 6:2 6:11 6:20 8:17 8:22 10:23 11:15 14:23 15:14 17:20 19:2 27:21 27:16 | | liquidation(1) 13:11 | | new(2) 1:34 2:11 | | past(1) 5:13 | |
| | | lisa(5) 1:32 2:9 3:4 6:21 20:2 | | news(1) 2:22 | | pat(2) 2:27 4:8 | |
| | | list(4) 3:6 17:5 18:4 20:9 | | next(3) 4:12 24:25 24:25 | | patents(1) 23:25 | |
| interested(6) 6:5 16:15 16:20 17:12 17:24 18:24 | | little(3) 6:25 23:20 23:21 | | nichols(1) 1:23 | | patrick(1) 5:8 | |
| | | long(1) 7:25 23:5 | | nobody(1) 26:14 | | pbgc(2) 7:8 7:10 | |
| interests(4) 13:5 13:8 23:6 25:23 | | long-term(5) 8:6 8:8 8:15 9:8 9:12 | | nobody's(1) 18:25 | | peg(1) 2:23 | |
| intermediary(1) 17:11 | | longer(1) 27:7 | | non(1) 22:5 | | pending(2) 7:19 20:12 | |
| into(6) 8:21 14:17 17:4 17:8 24:22 27:2 | | look(3) 14:8 16:16 27:4 | | non-new(1) 3:12 | | pennsylvania(1) 1:41 | |
| involved(1) 11:14 11:14 | | looked(1) 22:13 | | non-qualified(2) 23:15 23:16 | | pension(5) 7:5 7:8 7:9 23:15 26:9 | |
| issue(11) 4:14 6:19 7:20 7:21 10:12 14:25 15:23 21:2 22:11 24:11 | | lost(2) 8:19 8:23 | | nortel(3) 1:6 7:5 8:6 | | pensioners(5) 11:4 11:6 14:9 16:4 16:5 | |
| | | lot(6) 12:3 12:25 13:13 13:20 23:15 24:4 | | north(2) 1:26 2:18 | | pensions(1) 23:17 | |
| | | ltd(1) 25:13 | | not(45) 4:21 4:25 5:18 6:19 7:18 8:9 8:11 8:16 8:24 10:9 11:5 11:7 11:8 11:14 12:23 13:7 13:8 13:14 13:19 14:16 14:19 14:23 15:15 15:18 16:3 16:17 17:23 18:8 18:9 18:10 20:11 21:4 21:22 22:15 22:21 23:9 24:4 24:12 25:3 25:14 25:19 27:19 27:19 | | people(28) 6:15 6:20 9:20 11:3 11:4 11:16 12:13 12:23 13:1 13:20 13:21 13:24 14:8 14:20 15:11 16:2 16:3 16:12 16:14 16:17 16:18 18:3 18:9 18:12 18:15 23:16 23:17 23:24 26:8 | |
| issues(15) 3:25 7:1 9:21 13:13 20:12 20:22 21:8 22:10 22:5 22:16 22:18 23:2 23:4 23:7 23:12 | | made(4) 18:9 23:20 24:17 27:17 | | | | | |
| | | maintained(1) 8:19 | | | | | |
| | | make(8) 3:7 14:20 15:15 18:13 24:3 25:1 28:6 28:19 | | | | per(1) 14:5 | |
| it's(32) 3:14 4:22 6:14 6:19 8:16 8:25 9:19 10:15 10:23 11:17 13:1 13:2 13:9 15:19 17:17 19:1 19:3 19:5 19:23 20:2 20:18 23:22 24:15 25:17 25:20 27:4 27:6 27:19 27:19 28:15 28:18 28:22 | | makes(1) 20:18 | | now(12) 3:9 7:9 7:15 10:11 11:6 12:22 13:10 13:12 16:22 22:20 27:6 28:18 | | per/pro(1) 2:30 | |
| | | managed(1) 15:20 | | | | perception(1) 25:9 | |
| | | many(5) 8:7 10:24 12:11 21:25 25:12 | | | | perfectly(2) 18:10 18:14 | |
| | | mark(1) 2:16 | | nowhere(1) 12:14 | | perhaps(1) 13:15 | |
| | | market(1) 1:11 1:26 | | number(1) 16:9 | | period(1) 12:18 | |
| | | materialized(1) 13:8 | | objections(1) 24:13 | | permission(1) 23:22 | |
| jointly(1) 1:8 | | matter(2) 23:11 29:17 | | obviously(15) 4:15 7:23 8:19 9:16 11:13 11:21 13:6 18:9 19:13 20:9 21:4 22:13 24:2 26:22 28:11 | | person(5) 15:15 18:10 19:1 27:23 28:2 | |
| jones(2) 2:22 2:22 | | matters(1) 28:16 | | | | persona(1) 2:31 | |
| joshua(1) 2:8 | | matured(1) 21:2 | | | | personal(1) 13:2 | |
| judge(8) 1:19 3:2 3:4 18:1 19:3 19:7 21:15 24:23 | | maximize(2) 21:20 24:18 | | off(3) 11:12 13:22 25:12 | | phone(2) 3:3 3:10 | |
| | | maximized(1) 21:22 | | offer(1) 21:14 | | pie(1) 24:6 | |
| | | may(15) 1:14 3:1 6:22 8:24 8:24 13:10 13:13 19:19 19:22 19:22 22:6 23:3 23:19 23:21 29:20 | | office(5) 2:26 4:7 4:16 5:13 22:24 | | pinker(1) 2:27 | |
| jurisdiction(1) 24:10 | | | | official(2) 10:14 25:22 | | place(1) 23:10 | |
| just(18) 3:7 3:21 3:25 4:5 4:11 4:13 4:20 6:24 9:19 11:5 14:9 19:9 19:17 20:6 24:8 25:1 25:11 25:20 | | | | often(1) 17:6 | | places(1) 8:7 | |
| | | maybe(2) 16:2 16:21 | | okay(8) 5:4 9:7 9:7 12:9 15:8 18:23 27:11 28:8 | | placing(1) 27:5 | |
| | | mean(1) 13:18 | | | | plan(3) 4:23 8:13 9:3 | |
| | | means(2) 16:17 17:17 | | | | planning(1) 8:12 | |
| | | mediated(1) 17:24 | | once(2) 17:9 23:5 | | plaza(1) 1:33 | |
| kahn(1) 2:7 | | meet(1) 11:33 | | one(11) 1:33 2:10 2:17 6:17 6:24 11:4 11:10 24:13 26:9 27:17 27:24 | | please(3) 4:20 5:2 7:2 | |
| keep(1) 5:5 | | meeting(1) 27:22 | | | | point(10) 9:24 14:19 19:9 19:18 20:8 21:14 22:19 23:11 27:17 27:20 28:14 | |
| kevin(1) 1:18 | | member(1) 11:5 | | | | | |
| kind(2) 5:22 12:25 | | members(1) 5:15 | | ones(2) 18:5 24:7 | | | |
| king(1) 2:18 | | membership(1) 21:9 | | ongoing(1) 7:24 | | points(2) 19:12 19:12 | |
| know(60) 4:23 7:23 9:12 9:13 9:19 9:25 10:18 11:13 11:14 11:23 11:25 12:5 12:22 12:24 13:4 13:11 13:24 14:1 14:3 14:3 14:5 14:8 14:12 14:15 14:16 14:22 15:10 15:17 15:19 15:22 16:1 16:2 16:17 16:19 17:6 17:16 17:17 17:23 18:2 18:12 18:22 18:25 19:22 20:17 20:19 20:20 21:3 23:3 23:7 23:8 23:25 24:8 24:14 24:11 27:12 27:14 27:19 27:22 27:25 28:15 | | mention(1) 7:11 | | only(2) 7:11 19:9 | | position(5) 14:19 18:8 27:3 27:5 27:18 | |
| | | merit(1) 25:8 | | onto(1) 6:1 | | possible(1) 9:19 | |
| | | methodical(1) 20:6 | | opportunitie(1) 8:24 | | possibly(1) 24:22 | |
| | | middle(3) 7:19 14:10 16:5 | | opportunity(2) 8:23 9:23 | | potential(2) 9:25 11:20 | |
| | | might(9) 6:2 6:25 7:4 11:22 16:19 17:24 20:25 24:9 28:2 | | opposed(2) 8:12 8:12 | | potentially(1) 11:16 | |
| | | | | opt(1) 8:21 | | practice(1) 23:8 | |
| | | | | order(1) 9:2 | | pre-visteon(1) 8:4 | |
| | | mind(1) 5:5 | | ordinary(1) 9:15 | | prejudice(1) 8:14 | |
| | | minutes(1) 22:4 | | organization(1) 24:2 | | present(1) 5:3 | |
| knows(1) 11:22 | | misconstrue(1) 17:25 | | organizations(1) 26:8 | | previous(1) 10:22 | |
| landing(1) 8:20 | | modifications(1) 9:3 | | organized(1) 26:23 | | previously(1) 25:15 | |
| large(2) 9:10 13:6 | | moment(2) 14:19 26:7 | | other(14) 5:12 6:15 6:16 8:7 8:24 10:25 11:9 11:23 12:13 13:25 16:18 22:17 27:24 28:17 | | priority(1) 22:10 | |
| larger(1) 23:16 | | monday(1) 3:1 | | | | pro(1) 2:30 | |
| largest(1) 9:17 | | money(1) 14:10 | | | | probably(3) 3:12 22:4 28:1 | |
| last(7) 7:13 8:3 12:8 12:17 16:6 19:10 23:19 | | month(2) 4:13 24:25 | | others(3) 23:6 27:6 28:16 | | problem(8) 5:14 5:16 6:8 12:4 13:3 16:15 19:24 24:10 | |
| | | months(2) 12:8 24:25 | | our(9) 4:22 5:13 9:20 10:19 15:23 19:15 20:5 20:21 21:4 | | | |
| | | more(3) 6:25 23:20 26:10 | | | | | |
| late(1) 13:21 | | morning(1) 10:20 | | ourselves(1) 27:8 | | procedurally(1) 19:23 | |
| later(2) 9:1 13:23 | | morris(1) 1:23 | | out(8) 4:7 9:13 14:11 16:8 16:11 16:12 17:20 24:9 | | procedure(1) 19:24 | |
| law(2) 15:3 23:8 | | most(2) 9:18 22:15 | | | | proceed(1) 8:16 | |
| laws(1) 14:23 | | motion(7) 7:13 7:19 8:4 8:5 8:13 8:15 9:1 | | | | proceedings(3) 1:17 1:46 29:17 | |
| lawyer(5) 11:7 15:25 16:1 16:17 18:8 | | motions(1) 8:18 | | outlined(1) 22:3 | | proceeds(1) 13:10 | |
| lawyers(1) 7:23 | | mouth(1) 4:5 | | | | process(4) 7:24 9:6 9:20 22:3 | |
| layton(1) 2:14 | | move(1) 24:21 | | | | processor(1) 7:17 | |
| lead(1) 10:20 | | much(8) 6:14 13:19 14:1 17:7 17:19 24:21 24:23 29:5 | | | | produced(1) 1:47 | |
| leader(2) 11:5 24:2 | | | | | | producing(1) 7:19 | |

| Word | Page:Line |
|---|---|
| **promptly**(1) 29:3 | |
| **proofs**(1) 22:23 | |
| **properly**(1) 18:19 | |
| **property**(1) 7:18 | |
| **proposal**(2) 20:18 20:22 | |
| **propose**(1) 28:17 | |
| **proposing**(1) 8:12 | |
| **propria**(1) 2:30 | |
| **provided**(1) 19:11 | |
| **purports**(1) 9:10 | |
| **put**(4) 4:5 7:3 14:14 17:7 | |
| **putting**(1) 25:8 | |
| **question**(2) 10:12 27:10 | |
| **questions**(13) 3:22 16:18 16:21 16:22 17:5 18:4 18:11 18:16 19:14 19:16 22:23 27:3 27:8 | |
| **quickly**(3) 14:17 15:24 16:1 | |
| **quite**(1) 22:21 | |
| **raise**(4) 18:10 22:23 23:4 23:12 | |
| **raised**(1) 25:2 | |
| **ran**(1) 14:11 | |
| **rates**(2) 14:5 14:7 | |
| **rather**(2) 5:25 8:25 | |
| **reach**(3) 4:7 16:11 16:12 | |
| **ready**(1) 16:22 | |
| **really**(6) 6:19 10:11 13:1 13:8 14:19 16:20 17:21 18:2 19:23 | |
| **reason**(2) 13:7 19:1 | |
| **recall**(5) 3:19 4:2 7:4 7:13 8:3 | |
| **received**(1) 12:11 | |
| **recognize**(2) 3:12 3:14 | |
| **recognizing**(1) 9:19 | |
| **reconciled**(1) 20:8 | |
| **record**(3) 3:9 12:12 25:2 | |
| **recorded**(1) 1:46 | |
| **recording**(2) 1:46 29:16 | |
| **recoveries**(1) 24:18 | |
| **recuse**(1) 10:21 | |
| **reference**(1) 7:12 | |
| **regardless**(1) 21:8 | |
| **related**(1) 7:9 | |
| **release**(1) 27:10 | |
| **relief**(2) 9:24 10:3 | |
| **relying**(1) 19:25 | |
| **remains**(3) 10:12 10:12 24:12 | |
| **remember**(1) 4:2 | |
| **represent**(4) 8:11 9:10 23:6 26:8 | |
| **representation**(9) 7:21 7:22 9:4 10:18 12:6 12:25 20:23 22:9 25:10 | |
| **representations**(1) 10:11 | |
| **representativ**(1) 7:4 | |
| **representative**(1) 25:4 | |
| **represented**(7) 15:23 19:20 21:18 24:7 26:5 26:11 26:19 | |
| **representing**(7) 7:16 11:16 15:6 18:9 23:5 25:23 26:14 | |
| **request**(3) 5:1 14:20 15:15 | |
| **requesting**(2) 12:24 13:9 | |
| **requests**(1) 13:14 | |
| **require**(1) 28:19 | |
| **required**(1) 22:7 | |
| **resign**(1) 10:21 | |
| **resolve**(2) 9:17 28:12 | |
| **resolved**(1) 20:8 | |
| **respect**(8) 9:23 10:3 16:25 22:4 23:6 25:3 27:5 27:18 | |
| **respectful**(1) 20:7 | |
| **respectfully**(1) 5:1 | |
| **respond**(1) 14:23 | |
| **responsibility**(1) 28:16 | |
| **responsibly**(1) 18:7 | |
| **result**(1) 22:2 | |
| **retain**(1) 15:25 | |

| Word | Page:Line |
|---|---|
| **retained**(1) 10:25 | |
| **retainer**(1) 11:7 15:10 | |
| **retired**(2) 22:1 22:3 | |
| **retiree**(5) 7:25 8:5 8:13 20:13 25:13 | |
| **retirees**(5) 8:11 9:2 9:5 22:6 22:22 | |
| **richards**(1) 2:14 | |
| **right**(17) 3:17 4:4 4:17 6:4 6:13 15:5 15:15 15:22 16:24 19:7 17:23 27:23 28:2 28:10 28:13 28:25 29:6 29:9 | |
| **rights**(2) 18:12 19:19 | |
| **ripe**(1) 6:19 27:19 | |
| **risk**(2) 6:4 23:10 | |
| **robert**(7) 2:30 3:12 10:15 12:10 15:19 23:14 27:11 | |
| **rodney**(1) 2:17 | |
| **role**(1) 17:6 | |
| **roles**(1) 21:17 | |
| **roll**(1) 21:22 | |
| **roughly**(1) 12:21 | |
| **running**(2) 14:5 14:15 | |
| **said**(5) 4:24 5:25 15:19 20:13 27:21 | |
| **sale**(2) 23:22 25:3 | |
| **sales**(1) 13:12 | |
| **same**(3) 6:9 8:14 12:18 | |
| **samis**(1) 2:15 | |
| **satisfying**(1) 21:3 | |
| **say**(17) 5:2 7:22 9:4 10:16 13:16 14:8 14:13 15:24 16:1 16:16 19:17 21:16 26:1 26:4 27:6 27:14 29:1 | |
| **saying**(5) 7:15 12:5 16:11 18:6 25:18 | |
| **schuylkill**(1) 1:40 | |
| **schweitzer**(27) 1:32 3:4 3:5 3:19 3:24 4:4 6:21 6:21 6:23 6:24 7:3 7:7 8:3 9:8 10:5 10:7 11:10 11:12 12:19 20:2 20:3 20:5 21:16 22:3 25:1 25:8 29:8 | |
| **second**(1) 7:11 | |
| **see**(1) 13:14 | |
| **seeing**(1) 24:4 | |
| **seek**(2) 9:24 10:4 | |
| **seeking**(2) 24:18 25:24 | |
| **seems**(1) 19:24 | |
| **seen**(2) 24:1 24:12 | |
| **sense**(1) 20:18 | |
| **sensitive**(2) 21:8 21:10 | |
| **sent**(2) 16:17 17:4 | |
| **separate**(2) 6:7 23:2 | |
| **series**(3) 13:12 16:18 | |
| **seriousness**(1) 10:10 | |
| **serve**(4) 4:1 7:4 10:13 17:17 | |
| **service**(3) 1:39 1:47 17:8 | |
| **services**(1) 1:39 | |
| **serving**(5) 5:22 6:20 17:12 17:22 | |
| **set**(1) 4:12 | |
| **several**(2) 9:10 23:17 | |
| **severance**(1) 9:16 | |
| **share**(1) 24:6 | |
| **should**(5) 4:24 12:6 14:13 17:11 26:1 | |
| **side**(4) 7:7 20:5 20:21 21:4 | |
| **signed**(1) 15:11 | |
| **significant**(4) 14:3 14:5 14:7 16:9 | |
| **significantly**(2) 23:16 | |
| **simply**(2) 17:5 25:11 | |
| **since**(1) 8:19 | |
| **sir**(2) 3:16 4:18 | |
| **sit**(1) 27:12 | |
| **sitting**(1) 21:16 | |
| **situation**(2) 12:16 13:2 | |
| **six**(2) 18:4 24:25 | |
| **smooth**(2) 9:18 21:12 | |
| **soft**(2) 8:12 8:20 | |
| **solution**(2) 20:22 21:12 | |
| **solutions**(1) 20:25 | |
| **solve**(1) 20:24 | |

| Word | Page:Line |
|---|---|
| **some**(15) 7:3 8:20 8:21 9:13 9:22 12:25 19:12 20:8 22:1 23:24 25:14 26:4 27:1 28:19 28:20 | |
| **somebody**(5) 6:10 17:7 17:9 17:22 17:24 | |
| **someone**(4) 15:12 15:15 16:20 28:18 | |
| **something**(8) 5:24 14:3 17:9 17:17 17:25 19:1 19:21 29:2 | |
| **sometimes**(1) 13:4 | |
| **somewhat**(2) 8:6 19:24 | |
| **soon**(1) 14:2 19:23 | |
| **sooner**(1) 8:25 | |
| **sophisticated**(1) 21:7 | |
| **sort**(5) 5:23 12:22 17:8 19:25 20:17 28:20 | |
| **sound**(2) 1:46 29:16 | |
| **speak**(2) 3:8 4:24 | |
| **speaking**(1) 4:23 | |
| **speaks**(1) 9:12 | |
| **specialized**(1) 22:5 | |
| **specific**(2) 9:24 13:5 | |
| **specifically**(1) 26:10 | |
| **spoken**(2) 5:11 5:17 | |
| **square**(1) 2:17 | |
| **staff**(1) 12:11 | |
| **stage**(1) 13:12 | |
| **stagnation**(1) 21:12 | |
| **statement**(1) 4:21 | |
| **states**(15) 1:1 1:19 4:6 4:15 11:19 11:19 20:19 21:5 22:24 24:22 25:20 25:24 26:1 26:2 26:15 | |
| **status**(2) 4:12 28:18 | |
| **steen**(1) 1:31 | |
| **step**(4) 9:4 15:16 20:14 27:7 | |
| **stephen**(1) 1:37 | |
| **stepping**(1) 8:17 | |
| **still**(1) 8:8 | |
| **street**(4) 1:11 1:26 1:40 2:18 | |
| **stuck**(1) 19:25 | |
| **stuff**(1) 10:19 | |
| **sturm**(1) 2:8 | |
| **subject**(2) 7:18 24:23 | |
| **submitted**(1) 3:21 | |
| **such**(2) 27:18 29:1 | |
| **suggest**(1) 16:14 | |
| **suggesting**(1) 23:9 | |
| **suggestions**(1) 11:23 | |
| **supported**(1) 25:4 | |
| **sure**(7) 4:19 12:2 14:23 15:12 21:12 22:21 28:25 | |
| **surface**(2) 9:23 10:3 | |
| **surfaced**(2) 9:22 10:3 | |
| **surprised**(1) 13:14 | |
| **system**(1) 25:20 | |
| **systems**(1) 25:17 | |
| **tackle**(1) 20:22 | |
| **take**(6) 14:4 16:22 20:20 21:1 27:18 28:18 | |
| **taking**(1) 11:8 | |
| **talk**(4) 14:2 15:20 17:16 28:3 | |
| **talked**(1) 24:1 | |
| **telephone**(2) 3:7 4:12 | |
| **telephonic**(2) 1:21 2:1 | |
| **tell**(1) 3:17 | |
| **tens**(1) 9:10 | |
| **term**(1) 8:1 | |
| **terminate**(1) 8:5 | |
| **terminated**(3) 7:5 13:21 25:15 | |
| **termination**(3) 8:13 9:3 13:22 | |
| **termination**(1) 8:18 | |
| **terms**(2) 7:1 7:20 | |
| **terribly**(1) 10:9 | |
| **than**(7) 5:25 8:7 9:1 22:18 23:17 26:6 28:17 | |
| **thank**(10) 3:16 5:4 5:6 23:13 29:4 29:6 29:7 29:8 29:10 29:11 | |

| Word | Page:Line |
|---|---|
| **that**(180) 3:8 3:8 3:24 4:3 4:4 4:6 4:10 4:23 5:5 5:14 5:14 5:16 5:16 5:17 5:19 5:19 5:20 5:21 5:23 5:23 6:1 6:2 6:9 6:9 6:14 6:24 7:5 7:7 7:7 7:14 7:17 7:17 7:20 7:21 7:24 8:2 8:12 8:13 8:19 8:20 8:23 8:24 8:25 9:3 9:5 9:12 9:13 9:15 9:19 9:22 9:24 9:25 10:2 10:7 10:9 10:16 10:18 10:21 11:2 11:2 11:5 11:6 11:12 11:14 11:20 11:21 12:18 12:18 12:22 12:24 13:4 13:9 13:10 13:10 13:25 14:10 14:16 14:19 14:20 14:24 15:7 15:10 15:11 16:5 16:8 16:9 16:11 16:15 16:16 16:22 17:8 17:9 17:11 17:17 17:22 17:23 17:23 18:3 18:4 18:8 18:10 18:13 18:15 18:19 18:22 18:22 19:1 19:10 19:17 19:18 19:21 19:21 19:24 20:11 20:12 20:12 20:13 20:14 20:16 20:18 20:19 21:13 21:19 21:22 21:22 21:25 22:3 22:6 22:7 22:9 22:10 22:11 22:13 22:16 23:2 23:7 23:10 23:11 23:18 23:20 23:21 23:24 24:2 24:4 24:8 24:11 24:14 24:17 24:21 24:22 25:2 25:9 25:9 25:18 25:22 25:25 26:3 26:4 26:18 27:3 27:5 27:10 27:12 27:12 27:13 27:15 27:17 27:17 27:22 27:23 27:25 28:4 28:4 28:9 28:11 28:14 28:19 29:1 29:4 29:15 | |
| **that's**(20) 7:18 7:24 11:24 11:25 12:4 13:6 15:10 15:24 16:2 18:14 18:19 21:3 22:12 22:20 23:6 23:25 24:3 24:12 26:22 27:9 | |
| **that's**(1) 9:22 | |
| **the**(301) 1:1 1:2 1:18 1:23 2:4 3:2 3:3 3:6 3:7 3:9 3:10 3:14 3:17 3:17 3:17 3:19 3:21 3:21 3:23 4:1 4:2 4:6 4:6 4:8 4:10 4:14 4:15 4:17 4:19 4:22 5:4 5:7 5:8 5:10 5:13 5:14 5:16 5:16 5:17 5:17 6:4 6:4 6:6 6:6 6:8 6:9 6:10 6:12 6:13 6:16 6:18 6:23 7:1 7:2 7:5 7:6 7:8 7:10 7:12 7:14 7:18 7:19 7:21 7:25 8:2 8:4 8:7 8:9 8:11 8:12 8:13 8:13 8:14 8:15 8:16 8:17 9:1 9:2 9:4 9:5 9:7 9:8 9:10 9:16 9:18 9:23 9:25 10:4 10:5 10:9 10:11 10:11 10:12 10:13 10:13 10:14 10:18 10:20 10:20 10:22 11:1 11:4 11:8 11:11 11:14 11:16 11:17 11:19 11:19 11:21 11:22 11:22 11:25 12:2 12:4 12:5 12:7 12:9 12:13 12:16 12:18 12:20 13:3 13:7 13:9 13:10 13:12 13:13 13:15 13:16 13:20 14:4 14:6 14:6 14:9 14:9 14:13 14:14 14:18 14:18 14:19 14:20 14:22 14:25 14:25 15:5 15:8 15:12 15:13 15:13 15:15 15:15 15:19 15:21 15:22 16:3 16:4 16:5 16:7 16:10 16:12 16:15 16:18 16:19 16:20 16:24 17:6 17:6 17:8 17:12 17:14 17:18 17:21 18:6 18:10 18:10 18:11 18:16 18:18 18:20 18:23 18:25 19:5 19:8 19:9 19:10 19:10 19:11 19:14 19:17 19:18 19:20 19:23 19:24 19:25 20:4 20:12 20:13 20:14 20:14 20:15 20:15 20:19 20:19 21:2 21:4 21:5 21:6 21:10 21:17 21:17 21:18 21:18 21:19 21:21 21:21 21:22 21:23 21:25 21:25 22:1 22:3 22:5 22:5 22:6 22:7 22:9 22:10 22:10 22:12 22:12 22:13 22:17 22:20 22:23 22:24 22:24 22:25 23:3 23:6 23:10 23:11 23:14 23:18 23:22 23:22 23:24 23:25 23:25 24:2 24:5 24:6 24:6 24:7 24:8 24:9 24:9 24:11 24:16 24:22 24:23 24:24 24:24 24:25 24:25 25:2 25:3 25:4 25:7 25:8 25:11 25:12 25:13 25:14 25:16 25:19 25:21 25:22 25:23 25:24 25:25 25:25 26:1 26:2 26:5 26:6 26:7 26:7 26:9 26:10 26:13 26:14 26:15 | |
| **the**(33) 26:16 26:17 26:17 26:18 26:19 26:20 26:24 27:4 27:10 27:12 27:14 27:16 27:23 27:24 28:1 28:2 28:2 28:8 28:10 28:13 28:15 28:15 28:21 28:23 28:25 29:6 29:9 29:11 29:12 29:15 29:16 29:17 | |

| Word | Page:Line |
|------|-----------|
| **their**(13) 7:23 8:21 11:18 13:2 13:4 13:18 13:22 20:7 20:10 21:9 25:5 25:12 25:12 | |
| **theirs**(1) 6:17 | |
| **them**(17) 5:20 5:21 6:3 7:20 8:21 9:14 9:18 9:18 11:17 12:25 17:10 18:17 21:11 25:9 27:1 28:12 28:17 | |
| **themselves**(3) 10:21 20:1 23:12 | |
| **then**(6) 4:3 4:11 12:18 14:11 27:10 27:16 | |
| **there**(21) 7:13 7:15 9:13 9:14 9:22 10:16 10:24 12:17 12:22 12:24 16:4 17:22 19:18 20:25 21:13 22:21 23:17 23:23 25:21 26:19 | |
| **there's**(3) 9:15 23:15 25:9 | |
| **thereby**(1) 28:19 | |
| **these**(7) 14:7 14:20 16:20 16:21 18:16 21:23 26:4 | |
| **they**(26) 4:16 5:20 5:22 7:22 7:23 7:23 12:22 14:1 14:1 14:3 15:19 15:20 16:1 16:16 18:4 18:15 21:7 21:19 22:2 22:11 22:18 22:23 25:24 26:4 26:18 27:21 | |
| **they're**(8) 4:9 8:9 13:23 14:4 18:3 21:8 21:9 27:1 | |
| **thing**(7) 5:23 6:24 11:10 14:14 17:8 21:13 24:13 | |
| **things**(1) 20:24 | |
| **think**(33) 3:9 4:6 6:24 9:15 9:20 10:16 11:2 11:6 13:13 16:4 16:10 18:3 18:6 18:19 18:19 19:22 20:9 20:10 21:14 22:15 22:17 23:19 24:7 25:9 25:11 25:16 25:20 26:3 26:25 27:6 27:15 28:1 28:18 | |
| **thinking**(2) 4:9 21:17 | |
| **third**(2) 7:25 8:4 | |
| **this**(30) 3:11 4:22 4:24 7:14 11:1 11:8 12:10 13:7 13:11 14:2 15:20 16:15 16:17 17:15 17:15 18:8 20:22 21:5 21:14 22:19 23:11 23:13 24:4 24:10 27:14 27:19 27:22 28:14 28:17 28:24 | |
| **those**(23) 4:9 5:24 8:18 9:18 9:20 9:22 11:2 11:4 11:6 13:21 13:24 19:14 19:16 22:15 22:24 23:4 23:12 24:13 24:17 25:4 25:14 25:15 26:10 | |
| **though**(2) 8:15 12:23 | |
| **thought**(3) 8:16 10:1 21:6 | |
| **three**(3) 3:20 12:8 24:10 | |
| **through**(9) 5:25 6:25 7:9 9:6 9:17 9:20 13:15 20:9 21:13 | |
| **thus**(1) 13:11 | |
| **time**(15) 3:24 4:4 8:14 8:16 8:19 11:13 11:13 12:18 17:7 20:25 27:6 28:18 29:1 29:5 29:8 | |
| **times**(1) 13:1 | |
| **tinker**(24) 4:8 4:17 5:7 5:8 5:8 5:11 6:8 6:14 6:19 12:12 12:4 12:7 13:2 15:6 12:21 16:10 16:14 16:18 17:2 17:15 18:6 18:18 28:2 28:6 | |
| **tinker's**(1) 19:15 | |
| **today**(1) 4:23 | |
| **today's**(1) 20:9 | |
| **together**(5) 14:9 15:3 15:21 15:25 26:9 | |
| **told**(1) 18:25 | |
| **too**(1) 24:8 | |
| **transcript**(3) 1:17 1:47 29:16 | |
| **transcription**(2) 1:39 1:47 | |
| **tried**(1) 21:11 | |
| **triggered**(1) 23:23 | |

| Word | Page:Line |
|------|-----------|
| **trustee**(8) 2:26 2:26 5:9 11:19 11:20 20:19 21:5 22:25 | |
| **trustee's**(2) 4:7 4:15 | |
| **try**(2) 9:17 21:10 | |
| **trying**(4) 8:24 20:7 20:22 20:24 | |
| **tunnell**(1) 1:23 | |
| **turned**(1) 7:8 | |
| **turning**(1) 15:18 | |
| **two**(2) 15:3 26:7 | |
| **twos**(1) 18:5 | |
| **types**(1) 22:16 | |
| **typical**(1) 13:23 | |
| **u.s**(11) 2:26 2:26 5:9 24:1 24:8 24:9 24:19 24:19 24:20 25:14 26:6 | |
| **ultimate**(1) 24:18 | |
| **unauthorized**(1) 23:8 | |
| **under**(2) 11:7 11:16 | |
| **understand**(5) 5:25 6:15 19:2 22:20 27:4 | |
| **unique**(1) 8:7 | |
| **united**(15) 1:1 1:19 4:6 4:15 11:19 11:19 20:19 21:4 22:24 24:22 24:22 25:20 25:24 25:25 26:2 26:15 | |
| **unsecured**(5) 21:19 21:23 22:14 25:22 26:18 | |
| **until**(1) 6:20 | |
| **update**(5) 3:21 4:6 4:9 4:13 4:16 | |
| **use**(1) 13:20 | |
| **usual**(1) 10:5 | |
| **value**(4) 21:20 21:22 24:19 24:21 | |
| **various**(1) 21:17 | |
| **very**(21) 7:22 10:17 11:1 13:1 13:5 13:5 13:24 14:7 15:3 15:7 16:13 17:19 21:6 21:7 21:8 21:20 23:9 25:20 28:22 28:22 29:5 | |
| **view**(1) 19:18 | |
| **views**(2) 6:6 6:6 | |
| **visteon**(2) 8:10 8:17 | |
| **waiting**(2) 18:3 27:1 | |
| **want**(7) 4:5 4:16 14:3 16:20 17:10 18:22 24:2 | |
| **wanted**(1) 3:24 | |
| **wants**(2) 15:12 19:14 | |
| **was**(16) 4:7 5:16 7:5 8:13 10:9 11:4 11:5 11:5 12:17 12:18 12:19 12:22 16:4 16:4 21:13 29:12 | |
| **way**(10) 3:8 7:12 9:18 11:25 18:20 19:15 19:15 23:10 24:5 25:17 | |
| **ways**(1) 9:17 | |
| **we'll**(3) 9:3 9:8 25:28:11 | |
| **we're**(11) 4:14 7:19 11:15 11:18 13:12 14:18 15:6 19:13 20:23 21:4 27:7 | |
| **we've**(7) 8:23 8:23 15:9 15:9 15:10 20:5 26:7 | |
| **weeks**(3) 3:20 3:20 5:14 | |
| **well**(31) 5:13 6:4 6:8 10:7 11:22 11:24 12:16 13:19 14:25 15:4 15:6 15:24 16:1 16:8 16:10 19:14 21:6 22:14 22:20 23:13 24:6 24:11 24:16 24:20 24:24 26:10 26:1 27:6 27:14 28:1 28:25 | |
| **were**(13) 3:25 4:3 12:17 13:21 14:1 18:15 19:10 21:16 25:2 25:3 25:5 25:12 25:15 | |
| **we're**(1) 8:12 | |
| **we've**(1) 21:11 | |
| **what**(23) 5:21 5:22 7:4 12:6 12:23 13:1 13:7 16:10 16:17 16:19 17:3 17:6 17:10 17:16 18:6 21:16 22:21 23:23 23:23 24:12 26:23 27:2 27:11 | |
| **what's**(4) 4:13 16:25 17:3 23:19 | |

| Word | Page:Line |
|------|-----------|
| **whatever**(1) 13:7 | |
| **whatnot**(1) 17:17 | |
| **when**(10) 3:8 5:15 8:9 13:2 13:16 15:24 16:22 21:2 23:7 26:3 | |
| **where**(8) 4:6 4:9 6:25 8:6 10:2 13:1 13:7 13:12 | |
| **whereas**(1) 26:14 | |
| **whereupon**(1) 29:12 | |
| **whether**(8) 3:25 7:18 15:18 20:11 22:2 22:2 24:3 27:23 | |
| **which**(10) 4:14 7:13 8:7 9:16 16:19 19:2 20:8 20:25 22:7 25:14 | |
| **while**(1) 20:10 | |
| **who**(31) 3:7 4:8 6:11 7:16 8:11 9:9 9:11 10:13 10:17 10:25 11:3 11:4 12:14 13:21 14:6 15:6 16:1 16:5 16:19 16:20 17:22 17:22 17:24 17:24 19:19 21:1 21:8 21:23 23:16 26:8 27:25 | |
| **who's**(3) 14:12 16:15 18:12 | |
| **whoever**(1) 27:22 | |
| **whoever's**(1) 17:12 | |
| **whole**(2) 13:5 24:10 | |
| **whose**(2) 19:19 23:24 | |
| **why**(2) 13:6 19:1 | |
| **will**(21) 5:2 5:5 21:22 22:4 22:8 22:8 22:11 22:12 22:16 24:12 24:21 24:22 25:23 25:24 27:11 27:17 27:18 27:21 28:19 29:1 29:2 | |
| **wilmington**(4) 1:12 1:28 2:19 3:1 | |
| **wires**(1) 2:23 | |
| **wish**(1) 16:25 | |
| **with**(46) 4:22 4:25 5:13 5:18 5:21 5:24 6:9 6:9 6:16 9:11 9:23 10:3 13:3 13:12 14:9 15:7 16:25 17:9 17:12 17:16 17:18 17:19 17:22 18:4 18:11 19:2 19:22 20:7 21:4 21:6 21:11 21:11 21:21 22:4 22:5 22:24 22:25 23:12 23:21 23:22 24:13 25:3 26:9 26:25 27:18 27:22 | |
| **withdraw**(1) 8:15 | |
| **withdrawn**(2) 8:14 8:18 | |
| **withdrew**(1) 8:14 | |
| **without**(1) 8:14 | |
| **won't**(1) 18:13 | |
| **wonderful**(1) 28:25 | |
| **words**(1) 4:5 | |
| **work**(4) 9:17 21:6 21:10 21:20 | |
| **worked**(3) 16:8 21:13 21:19 | |
| **working**(3) 15:3 21:4 21:21 | |
| **would**(24) 3:7 4:1 4:15 4:25 6:9 7:14 9:5 9:24 10:1 10:3 10:4 10:13 12:14 13:14 16:21 17:22 18:16 18:24 19:20 20:14 21:6 28:4 28:4 28:9 | |
| **wouldn't**(1) 23:4 | |
| **wow**(1) 14:8 | |
| **wrong**(2) 4:21 24:9 | |
| **www.diazdata.com**(1) 1:43 | |
| **yeah**(2) 9:4 19:5 | |
| **year**(4) 7:14 7:14 12:17 16:6 | |
| **yes**(24) 3:6 3:11 3:23 5:10 6:18 6:23 7:6 8:2 10:5 11:11 12:17 12:20 12:22 16:7 17:14 18:18 20:4 25:7 26:3 26:4 26:12 26:13 26:22 26:24 | |
| **yet**(3) 18:25 24:12 27:18 | |
| **york**(3) 1:34 2:11 3:12 | |

| Word | Page:Line |
|------|-----------|
| **you**(78) 3:6 3:7 3:8 3:8 3:10 3:12 3:16 4:3 4:8 4:11 4:19 4:24 5:4 5:6 7:23 9:12 9:19 10:1 10:5 11:12 11:13 12:2 12:5 12:21 12:24 13:4 13:6 13:11 13:16 13:17 13:24 14:2 14:2 14:3 14:5 14:8 14:12 14:15 14:16 15:10 15:19 15:25 16:18 17:5 17:16 17:18 17:23 18:2 18:11 19:6 19:21 23:1 23:3 23:3 23:4 23:5 23:7 23:13 24:8 26:25 27:1 27:5 27:12 27:14 27:15 27:15 27:15 27:16 27:19 27:22 28:15 29:4 29:6 29:7 29:8 29:10 29:11 | |
| **you'll**(4) 3:19 7:4 7:13 8:3 | |
| **you're**(7) 14:19 15:15 18:8 18:9 18:10 23:5 23:8 | |
| **you've**(6) 15:20 15:24 16:3 18:9 23:9 | |
| **your**(38) 3:11 3:19 4:18 5:8 6:5 6:8 6:21 10:15 11:10 12:4 12:10 13:19 14:22 14:25 15:17 16:13 16:22 17:3 18:4 18:14 18:21 20:2 23:1 23:13 23:22 24:15 26:3 26:12 26:22 27:9 27:11 27:24 28:6 28:9 28:21 29:5 29:7 29:8 | |
| **yourself**(7) 3:8 4:24 23:3 23:5 23:10 27:5 27:23 | |