IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- X
                                                                 :
In re:                                                           : Chapter 11
                                                                 :
NORTEL NETWORKS INC., *et al.*,[1]                               : Case No. 09-10138 (KG)
                                                                 :
                    Debtors.                                     : (Jointly Administered)
                                                                 :
                                                                 : Hearing Date: June 7, 2011 at 9:30 a.m. (ET)
                                                                 : Objection Deadline: May 31, 2011 at 4:00 p.m. (ET)
                                                                 :
                                                                 : RE: Docket Nos. 5307, 5444
                                                                 :
---------------------------------------------------------------- X

**JOINT ADMINISTRATORS' MOTION FOR AN ORDER PURSUANT TO
§ 107(B) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9018
FOR AUTHORIZATION TO FILE UNDER SEAL
(I) THE JOINT ADMINISTRATORS' MEMORANDUM OF LAW IN
OPPOSITION TO JOINT MOTION FOR ENTRY OF AN ORDER
ESTABLISHING AN ALLOCATION PROTOCOL PURSUANT TO THE
INTERIM FUNDING AND SETTLEMENT AGREEMENT, AND IN
SUPPORT OF CROSS-MOTION TO COMPEL ARBITRATION
AND
(II) DECLARATION OF KEVIN FRANCIS LLOYD IN OPPOSITION
TO JOINT MOTION FOR ENTRY OF AN ORDER ESTABLISHING
AN ALLOCATION PROTOCOL PURSUANT TO THE INTERIM
FUNDING AND SETTLEMENT AGREEMENT,
AND IN SUPPORT OF CROSS-MOTION TO COMPEL ARBITRATION**

The court-appointed administrators and authorized foreign representatives (collectively, the "Joint Administrators")[2] for Nortel Networks UK Limited ("NNUK") and

---

[1]. The Debtors in these Chapter 11 cases are: Nortel Networks Inc., Nortel Networks Capital Corporation, Alteon WebSystems, Inc., Alteon WebSystems International, Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc. and Nortel Networks Cable Solutions Inc.

[2]. The Administrators in the UK Proceedings for all of the EMEA Debtors, with the exception of Nortel Networks (Ireland) Limited are: Alan Robert Bloom, Christopher John Wilkinson Hill, Alan Michael Hudson, and Stephen John Harris. The Administrators in the UK Proceedings for Nortel Networks (Ireland) Limited are: Alan Robert Bloom and David Martin Hughes.

YCST01:11085766.2                    068476.1001

certain of its affiliates (collectively, and including NNUK, the "EMEA Debtors")[3] located in the region known as EMEA (Europe, Middle East, and Africa) in proceedings under the *Insolvency Act 1986* (the "English Insolvency Act"), pending before the High Court of Justice of England and Wales (the "English Court"), hereby submit this motion (the "Motion") for entry of an order, pursuant to § 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Joint Administrators to file under seal both *(I)* the *Joint Administrators' Memorandum of Law in Opposition to Joint Motion for Entry of an Order Establishing an Allocation Protocol Pursuant to the Interim Funding and Settlement Agreement and in Support of Cross-Motion to Compel Arbitration* (including all exhibits, the "Memorandum") and (II) the *Declaration of Kevin Francis Lloyd in Opposition to Joint Motion for Entry of an Order Establishing an Allocation Protocol Pursuant to the Interim Funding and Settlement Agreement, and in Support of Cross-Motion to Compel Arbitration* (including all exhibits, the "Declaration")[4]. In support of this Motion, the Joint Administrators respectfully represent as follows:

## RELEVANT BACKGROUND

1. On April 25, 2011, Nortel Networks, Inc. ("NNI") and its affiliated debtors and debtors-in-possession (collectively, the "U.S. Debtors"), and the Official Committee

---

[3]. The EMEA Debtors are: Nortel Networks UK Limited; Nortel GmbH; Nortel Networks (Austria) GmbH; Nortel Networks (Ireland) Limited; Nortel Networks AB; Nortel Networks B.V.; Nortel Networks Engineering Service Kft; Nortel Networks France S.A.S.; Nortel Networks Hispania, S.A.; Nortel Networks International Finance & Holding B.V; Nortel Networks N.V.; Nortel Networks OY; Nortel Networks Polska Sp. z. o.o.; Nortel Networks Portugal S.A.; Nortel Networks Romania SRL; Nortel Networks S.A.; Nortel Networks S.p.A.; Nortel Networks Slovensko, s.r.o.; Nortel Networks, s.r.o.

[4] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Memorandum.

of Unsecured Creditors (the "Committee" and, together with the US Debtors, the "Movants"), filed the *Joint Motion of for Entry of an Order Establishing an Allocation Protocol Pursuant to the Interim Funding and Settlement Agreement, and for Related Relief* [D.I. 5307] (the "Joint Motion").

2. Concurrently herewith, the Joint Administrators filed the Memorandum and the Declaration. As set forth in detail therein, the Joint Administrators respectfully request that the Court dismiss the Joint Motion and grant the Joint Administrators' request to compel arbitration regarding allocation of the Sale Proceeds.

3. The Memorandum and the Declaration include arguably sensitive information regarding negotiations towards an Interim Sales Protocol and allocation of the Sales Proceeds, which information certain of the Parties[5] may allege is confidential.

**RELIEF REQUESTED**

4. The Joint Administrators respectfully request entry of an order, in substantially the form attached hereto as Exhibit A, pursuant to § 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, authorizing the Joint Administrators to file the Memorandum and the Declaration under seal. The Joint Administrators further request that the Memorandum and the Declaration remain confidential and not made available to anyone other than the (i) Court;[6] (ii) the United States Trustee for the District of Delaware (the "U.S. Trustee"); and (iii) the Parties and their counsel, except (a) upon agreement of the Parties or (b) upon further Court order.

---

[5] As defined in the Joint Motion, each of the Selling Debtors, the Committee, the Bondholder Group, the Monitor, the Joint Administrators, and the Non-Filed Entities (collectively, the "Parties" and each individually, a "Party").

[6] In accordance with Local Rule 9018-1(b), the Memorandum will be submitted to the Court in a prominently marked envelope with the agenda for the hearing on the Joint Motion.

YCST01:11085766.2    068476.1001

## BASIS FOR RELIEF REQUESTED

5.  Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides in part that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

6.  Bankruptcy Rule 9018 set forth the procedures by which a party may move for relief under Bankruptcy Code section 107(b), and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018. Local Rule 9018-1(b) additionally provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect with the Clerk." Del. Bankr. L.R. 9018-1(b).

7.  Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, § 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994). Rather, if the material sought to be protected satisfies one of the categories identified in § 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." Id. at 27.

4

8. Notwithstanding the fact that "good cause" is not a prerequisite, the Joint Administrators submit that good cause exists for the Court to grant the relief requested herein. The Memorandum and the Declaration contain information regarding negotiations towards an Interim Sales Protocol and the allocation of the Sales Proceeds, which information certain of the Parties may allege is confidential. The Joint Administrators thus request that, in order to preserve whatever assertions of confidentiality other of the Parties may assert, they be permitted to file the Memorandum and the Declaration under seal and that the Memorandum and the Declaration should be kept confidential absent agreement by the Parties to make the Memorandum and the Declaration public, in whole or in part, or further order of this Court.

### NO PRIOR REQUEST

9. No previous application for the relief sought herein has been made to this Court or any other court.

### NOTICE

10. Notice of the Motion has been provided to the (i) counsel to the Debtors; (ii) the Office of the U.S. Trustee; (iii) the Monitor; (iv) counsel to the Committee; (v) counsel to the Bondholder Group; and (vi) the general service list established in these chapter 11 cases pursuant to Bankruptcy Rule 2002. The Joint Administrators submit that under the circumstances no other or further notice is necessary.

### CONCLUSION

WHEREFORE, the Joint Administrators respectfully requests that the Court enter an Order, substantially in the form attached hereto as <u>Exhibit A</u>, (i) authorizing the Joint Administrators to file the Memorandum and the Declaration under seal and (ii) granting such other and further relief as the Court deems appropriate.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>May 19, 2011 | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>_____<br>James L. Patton (No. 2202)<br>Edwin J. Harron (No. 3396)<br>Jaime N. Luton (No. 4936)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 571–6600<br>Facsimile: (302) 571–1253<br><br>- and -<br><br>**HUGHES HUBBARD & REED LLP**<br>Michael Luskin<br>Derek J.T. Adler<br>One Battery Park Plaza<br>New York, New York 10004<br>Telephone: (212) 837–6000<br>Facsimile: (212) 422–4726<br><br>- and -<br><br>**HERBERT SMITH LLP**<br>Kevin Lloyd<br>John Whiteoak<br>Richard Lawton<br>Exchange House<br>Primrose Street<br>London<br>EC2A 2HS<br><br>*Counsel for the Joint Administrators* |

YCST01:11085766.2       068476.1001