**The New York Times**

620 8TH AVENUE · NEW YORK, NY 10018

## CERTIFICATION OF PUBLICATION

MAY 0 6 2011 _____ 20 ____

I, *Alice Weber* _____, in my capacity as a Principal Clerk of the Publisher of **The New York Times** a daily newspaper of general circulation printed and published in the City, County and State of New York, hereby certify that the advertisement annexed hereto was published in the editions of **The New York Times** on the following date or dates, to wit on

_____

MAY 0 6 2011 _____ 20 ____

*Alice Weber*

Approved:

*Maria Pannullo*

**THIS CERTIFICATION NOT VALID WITHOUT NYT RAISED SEAL**

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | ) Chapter 11 |
| Nortel Networks Inc., et al., | ) Case No. 09-10138 (KG) |
| Debtors. | ) Jointly Administered |

**ONTARIO** Court File No.: 09-CL-7950
**SUPERIOR COURT OF JUSTICE - (COMMERCIAL LIST)**
IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED
AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

## JOINT NOTICE OF PUBLIC AUCTION, SALE HEARING AND REJECTION OF IP LICENSES

**PLEASE TAKE NOTICE** that on April 4, 2011, Nortel Networks Corporation, Nortel Networks Limited (together, the "Canadian Debtors"), Nortel Networks Inc. (collectively with certain of its U.S. debtor affiliates, the "U.S. Sellers", and together with the Canadian Debtors, the "Sellers") entered into an agreement (the "Agreement") to convey substantially all of the Sellers' residual patents and certain related assets as described therein (the "Assets") to Ranger Inc., an affiliate of Google Inc., as more fully set forth in the motions for approval of the Agreement and other related relief, including the procedures for the rejection of certain outbound and cross patent licenses, filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on April 4, 2011 (D.I. 5202) (the "U.S. Sale Motion") and filed with the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court") on April 7, 2011 (the "Canadian Sale Motion"). Except as set forth in the Agreement, the Sellers seek to sell to Ranger Inc. or such other successful bidder(s) at an auction (the "Successful Bidder") the Assets covered by the Agreement free and clear of all claims and interests, in the case of the U.S. Debtors, pursuant to section 363 of the Bankruptcy Code, and in the case of the Canadian Debtors, pursuant to the Canadian Approval and Vesting Order.

**PLEASE TAKE FURTHER NOTICE** that the terms and conditions of the proposed sale to Ranger Inc. are set forth in the Agreement attached to the U.S. Sale Motion and the Canadian Sale Motion. The Agreement represents the results of extensive marketing efforts conducted by the Sellers to obtain the highest and best offer for the Assets.

**PLEASE TAKE FURTHER NOTICE** that on May 2, 2011, the Bankruptcy Court entered an order (D.I. 5359) (the "Bidding Procedures Order") and that on May 2, 2011 the Canadian Court entered an order (the "Canadian Sales Process Order") approving, among other things, (i) the bidding procedures (the "Bidding Procedures"), which set the key dates and times related to the sale of the Assets under the Agreement and (ii) the patent license rejection procedures, which establish procedures for the rejection of Unknown Licenses (as defined in the U.S. Sale Motion and Canadian Sale Motion). *All interested bidders should carefully read the Bidding Procedures, and all counterparties to patent licenses with the Sellers should carefully read the Agreement, the U.S. Sale Motion, the Canadian Sale Motion, the Bidding Procedures Order and the Canadian Sales Process Order.*

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Bidding Procedures Order and Canadian Sales Process Order, an auction (the "Auction") to sell the Assets will be conducted at the offices of Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, or such other location as shall be timely communicated in accordance with the Bidding Procedures, on **June 20, 2011 at 9:00 a.m. (ET)** (the "Auction Date"). Only the Sellers, Ranger Inc., the Committee, the Bondholder Group, Ernst & Young Inc. in its capacity as the monitor of Nortel Networks Corporation *et al.* (the "Monitor") and the Administrators (and the advisors to each of the foregoing), any creditor of the U.S. Debtors or Canadian Debtors and any other Qualified Bidder that has timely submitted a Qualified Bid, shall be entitled to attend the Auction in person, and only Ranger Inc. and such other Qualified Bidders will be entitled to make any subsequent bids at the Auction.

**PLEASE TAKE FURTHER NOTICE** that Ranger Inc. has agreed to take the Assets subject to substantially all known outbound and cross patent licenses to such Assets granted prior to the signing of the Agreement, as identified by the Sellers, upon the terms and subject to the limitations contained in the Agreement. In an abundance of caution and in furtherance of the Sale, (i) the U.S. Debtors intend to reject any Unknown Licenses (as defined in the U.S. Sale Motion) to such Assets pursuant to section 365 of the Bankruptcy Code, effective as of and conditioned on the occurrence of the Closing, and (ii) the Canadian Debtors intend to terminate all Unknown Licenses (as defined in the Canadian Sale Motion) to such Assets, effective as of and conditioned on the occurrence of the Closing. The U.S. Sale Motion, the Canadian Sale Motion, the Bidding Procedures Order and the Canadian Sales Process Order further describe the types of patent licenses that will be rejected or terminated by the U.S. Debtors and Canadian Debtors in connection with the Sale.

**PLEASE TAKE FURTHER NOTICE** that the U.S. Debtors and Canadian Debtors do not intend to reject or terminate certain "Covered Licenses" which consist of Commercial Licenses and certain intercompany agreements among the Sellers and their affiliates. Inquiries regarding the license rejection procedures, including whether a particular license is a Covered License (i) can be directed to the Monitor at (416) 943-4439 or (866) 942-7177, in the case of license agreements to which the Canadian Debtors are a party, and (ii) can be directed to Cleary Gottlieb Steen & Hamilton LLP at (212) 225-3830, in the case of license agreements to which the U.S. Debtors are a party.

**PLEASE TAKE FURTHER NOTICE** that the deadline for any counterparty to an Unknown License with the U.S. Debtors or a party in interest in the U.S. Debtors' chapter 11 cases to file and serve an objection to the rejection of any Unknown License is **May 31, 2011 at 4:00 p.m. (ET)**. Such objection shall be served in accordance with the Objection Procedures (as defined below) on: the Objection Notice Parties (as defined below); counsel to the Canadian Debtors; and counsel to the Monitor.

**PLEASE TAKE FURTHER NOTICE** that the deadline for a counterparty to an Unknown License with the U.S. Debtors to elect to retain its rights under such license in accordance with section 365(n)(1)(b) of the Bankruptcy Code is **June 6, 2011 at 4:00 p.m. (ET)** (the "Notice of Election Deadline"). Any counterparty to an Unknown License with the U.S. Debtors that wishes to retain such rights must file a notice of election to retain such rights (a "Notice of Election") in accordance with the Objection Procedures and serve such notice on: the Objection Notice Parties (as defined below); counsel to the Canadian Debtors; and counsel to the Monitor, including a copy of such Unknown License with the Notice of Election served on counsel to each of the U.S. Debtors, the Canadian Debtors and the Monitor. The U.S. Debtors and the Stalking Horse Purchaser (or other Successful Bidder) reserve their right to object to any Notices of Election on any and all available grounds, which objections will be heard at the Sale Hearing. *Any counterparty to an Unknown License with the U.S. Debtors that does not file and serve a Notice of Election by the Notice of Election Deadline will be deemed to have elected to treat each such Unknown License as terminated under section 365(n)(1)(a) of the Bankruptcy Code.* For any Unknown License with the U.S. Debtors that is rejected, the deadline for any counterparty to such Unknown License to file a rejection damages claim against the U.S. Debtors with respect to such rejection will be thirty (30) days following the date of the Closing of the Sale.

**PLEASE TAKE FURTHER NOTICE** that the deadline for any counterparty to an Unknown License with the Canadian Debtors to come forward and object to the termination of such Unknown License by serving a notice of objection substantially in the form posted on the Monitor's website at www.ey.com/ca/nortel on counsel to the Canadian Debtors, counsel to the Monitor, counsel to the U.S. Debtors and counsel to Ranger Inc. is **June 6, 2011 at 4:00 p.m. (ET)** (the "Canadian License Bar Date"). To the extent that a counterparty comes forward and asserts an Unknown License with the Canadian Debtors prior to the Canadian License Bar Date, which Unknown License is established by court order to be a valid Unknown License prior to the Closing (as defined in the Agreement), the Assets will be sold subject to such license. *Any Unknown License with the Canadian Debtors for which the counterparty to such Unknown License does not come forward and file and serve an objection notice, or whose objection is not established by court order, will be terminated and forever barred.* Any claim arising from such deemed termination shall be an unsecured claim against the Canadian Debtors, shall be deemed a Restructuring Claim as such term is defined in the Claims Procedure Order granted by the Canadian Court on July 30, 2009, must be filed within thirty (30) days of the date of Closing and must otherwise be in compliance with that order.

**PLEASE TAKE FURTHER NOTICE** that, in addition to the foregoing license rejection procedures, the U.S. Debtors and the Canadian Debtors have agreed as part of the transaction to various limitations and prohibitions on their rights to renew, extend, assign, amend, waive or modify contracts containing licenses to the patents offered for sale, including outbound and cross patent licenses and certain licenses incorporated in Commercial Licenses, Intercompany Licenses (as defined in the Sale Order and the Vesting Order, each as defined below) and certain agreements entered into in connection with the divestiture of Nortel's business units, as set forth in paragraph 28 of the proposed Sale Order annexed to the U.S. Sale Motion (the "Sale Order") and paragraph 14 of the proposed Approval and Vesting Order annexed to the affidavit of George Riedel contained in the Canadian Sale Motion (the "Vesting Order"). *All counterparties to contracts with the Sellers should carefully read the U.S. Sale Motion and the proposed Sale Order annexed thereto and the Canadian Sale Motion and the proposed Approval and Vesting Order attached to the affidavit of George Riedel contained in the Canadian Sale Motion.*

**PLEASE TAKE FURTHER NOTICE** that a joint hearing (the "Sale Hearing") will be held before the Honorable Kevin Gross, United States Bankruptcy Judge and the Honourable Justice Morawetz of the Ontario Superior Court of Justice (Commercial List), which hearing is currently scheduled to be held on **June 30, 2011 at 10:00 a.m. (ET)**, or at such other time as the Courts permit, in the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801 and the Ontario Superior Court (Commercial List) at 393 University Ave., Toronto, Ontario to confirm the results of the Auction, approve the sale of the U.S. Debtors' and Canadian Debtors' respective interests in the Assets to Ranger Inc. or the Successful Bidder and approve the rejection of the Unknown Licenses with the U.S. Debtors and the Canadian Debtors. The U.S. Debtors and the Canadian Debtors may each adjourn their respective Sale Hearings one or more times without further notice by making an announcement in open Court or, in the case of the U.S. Debtors, by the filing of a hearing agenda pursuant to Local Rule 9029-3 announcing the adjournment or, in the case of the Canadian Debtors, by providing notice to the service list in the Canadian Debtors' *Companies' Creditors Arrangement Act* proceedings (the "Canadian Service List").

**PLEASE TAKE FURTHER NOTICE** that, except as described above, pursuant to the Bidding Procedures Order, the Bankruptcy Court has currently set: (a) **June 13, 2011 at 4:00 p.m. (ET)** as the deadline for all general objections to the U.S. Sale Motion, including objections to the sale of the Assets; (b) **June 13, 2011 at 4:00 p.m. (ET)** as the Bid Deadline (as defined in the Bidding Procedures); and (c) **June 28, 2011 at 4:00 p.m. (ET)** as the deadline for supplemental objections regarding objections to issues arising from and in connection with the Auction and/or the Sellers' selection of a Successful Bid made by a Successful Bidder other than Ranger Inc. Except as described above, pursuant to the Canadian Sales Process Order, the Canadian Court has currently set **June 13, 2011 at 4:00 p.m. (ET)** as the Bid Deadline.

**PLEASE TAKE FURTHER NOTICE** that all objections to the U.S. Sale Motion must be: (a) in writing; (b) signed by counsel or attested to by the objecting party; (c) in conformity with the Bankruptcy Rules and the Local Rules; (d) filed with the Clerk of the Bankruptcy Court, 824 Market Street, Wilmington, Delaware 19801 by no later than the General Objection Deadline, or other applicable deadline as indicated above; and (e) served in accordance with the Local Rules so as to be received on or before the relevant objection deadline by the following at the addresses provided in the Bidding Procedures and U.S. Sale Motion: (i) counsel to the U.S. Debtors, (ii) counsel to Ranger Inc., (iii) counsel to the Committee, (iv) counsel to the Bondholder Group, and (v) the Office of the United States Trustee (collectively, the "Objection Notice Parties", such procedures the "Objection Procedures").

**PLEASE TAKE FURTHER NOTICE** that this notice is a summary only and is subject to the full terms and conditions of the Agreement, the U.S. Sale Motion, the Canadian Sale Motion, the Bidding Procedures Order, the Canadian Sales Process Order and the Bidding Procedures, and you should review such documents in their entirety. Copies of the Agreement, the U.S. Sale Motion, and the Bidding Procedures Order (including the Bidding Procedures approved by the Bankruptcy Court) may be examined by interested parties between the hours of 8:00 a.m. and 4:00 p.m. (ET) at the office of the Clerk of the Court, 824 Market Street, Wilmington, Delaware 19801, or by appointment during regular business hours at the offices of the U.S. Debtors' attorneys: Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attention: James L. Bromley and Lisa M. Schweitzer. Additionally, copies of these documents may be downloaded from the Bankruptcy Court's docket at www.deb.uscourts.gov and from the website of the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC, at http://dm.epiq11.com/nortel. Copies of the Agreement, Canadian Sale Motion and Canadian Sales Process Order (including the Bidding Procedures approved by the Canadian Court) and the Canadian Service List can be viewed at the Monitor's website at http://www.ey.com/ca/nortel/ or by contacting the Monitor by telephone (1-416-943-4439 or 1-866-942-7177) or by fax (1-416-943-2808).

**PLEASE TAKE FURTHER NOTICE** that dates set forth in this notice are subject to change, and further notice of such changes may not be provided except through announcements in open court and/or the filing of notices and/or amended agendas. Parties in interest are encouraged to monitor the electronic court docket, the noticing agent website and/or the Monitor's website for further updates.

Dated: May 2, 2011, Wilmington, Delaware
CLEARY GOTTLIEB STEEN & HAMILTON LLP, James L. Bromley (admitted *pro hac vice*), Lisa M. Schweitzer (admitted *pro hac vice*), One Liberty Plaza, New York, New York 10006, Telephone: (212) 225-2000, Facsimile: (212) 225-3999 -and- MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Derek C. Abbott (No. 3376), Eric D. Schwartz (No. 3134), Ann C. Cordo (No. 4817), 1201 North Market Street, P.O. Box 1347, Wilmington, Delaware 19801, Telephone: (302) 658-9200, Facsimile: (302) 658-3989, *Counsel for the U.S. Debtors and U.S. Debtors in Possession* -and- OGILVY RENAULT LLP, Suite 3800, Royal Bank Plaza, South Tower, 200 Bay Street, Toronto, Ontario M5J2Z4 CANADA, Derrick Tay LSUC# 21152A, Telephone: (416) 216-2327, Email: dtay@ogilvyrenault.com, Jennifer Stam LSUC# 46735J, Telephone: (416) 216-4832, Email: jstam@ogilvyrenault.com, Fax: (416) 216-3930, *Lawyers for Canadian Debtors*