**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
:                                   Chapter 11
*In re*                             :
:                                   Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]  :
:                                   Jointly Administered
        Debtors. :
:                                   **RE: D.I.** _____
:
---------------------------------------------------------X

### ORDER AUTHORIZING ACTION UNDER THE MEN SALE ESCROW AGREEMENT WITHOUT THE CONSENT OR PARTICIPATION OF NORTEL COLOMBIA AND GRANTING RELATED RELIEF

Upon the motion dated May 23, 2011 (the "Motion"),[2] of Nortel Networks Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (the "U.S. Debtors"), for entry of an order, as more fully described in the Motion, (i) authorizing all actions under the Escrow Agreement requiring the authorization of the Depositors to be taken without the consent or participation of Nortel Colombia, and (ii) granting them such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is

---

[1] The U.S. Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the U.S. Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Any term or condition of the Escrow Agreement that explicitly or implicitly requires the consent or participation of Nortel Colombia is now forever deemed not to require such consent or participation. For greater certainty, the Distribution Agent is authorized to rely upon this order and to take all acts requiring the unanimous direction of the Depositors under the Escrow Agreement without the consent or participation of Nortel Colombia.

3. The U.S. Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

4. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the U.S. Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the U.S. Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

5. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2011
      Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE