## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
                           :

In re                     :      Chapter 11

                          :      Case No. 09-10138 (KG)

Nortel Networks Inc., et al.,[1]    :      Jointly Administered

                          :

            Debtors     :   **Objection Deadline: June 16, 2011 at 4:00 p.m. (ET)**

                          :   **Hearing Date: Scheduled only if necessary**

------------------------------------------------------------X

### TWENTY- SEVENTH MONTHLY APPLICATION OF AKIN GUMP STRAUSS HAUER & FELD LLP, CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM ALLOWANCE OF COMPENSATION AND FOR THE REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM APRIL 1, 2011 THROUGH APRIL 30, 2011

This is a(n): __X__ monthly _____ interim _____ final application.

Name of Applicant:   Akin Gump Strauss Hauer & Feld LLP

Authorized to Provide
Professional Services to:  Official Committee of Unsecured Creditors

Date of Retention:  March 5, 2009 (nunc pro tunc to January 22, 2009)

Period for which Compensation
and Reimbursement is sought:  April 1, 2011 through April 30, 2011

Amount of Compensation sought as
actual, reasonable, and necessary:  $712,988.00

Amount of Expense Reimbursement sought
as actual, reasonable, and necessary:  $29,194.82

The total time expended during this Compensation Period for the preparation of Akin Gump's Twenty-Fifth and Twenty-Sixth Monthly Fee Applications was 9.60 hours and the corresponding compensation is $5,849.00.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226).

**Prior Fee Applications:**

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 01/22/09 – 02/28/09<br><br>(First Monthly Fee Application) | $1,002,466.75 | $14,994.50 | On July 17, 2009, this Court entered an order (Docket No. 1103) awarding Akin Gump 100% of the fees and expenses requested in the First Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the First Monthly Fee Application. |
| 03/01/09 – 03/31/09<br><br>(Second Monthly Fee Application) | $866,587.25 | $14,080.55 | On July 17, 2009, this Court entered an order (Docket No. 1103) awarding Akin Gump 100% of the fees and expenses requested in the Second Monthly Fee Application. Akin Gump voluntarily agreed to reduce the expenses requested by $1,459.22. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Second Monthly Fee Application. |
| 04/01/09 – 04/30/09<br><br>(Third Monthly Fee Application) | $919,594.75 | $22,201.07 | On July 17, 2009, this Court entered an order (Docket No. 1103) awarding Akin Gump 100% of the fees and expenses requested in the Third Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Third Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 05/01/09 – 05/31/09 (Fourth Monthly Fee Application) | $766,765.75 | $54,512.10 | On September 30, 2009, this Court entered an order (Docket No. 1582) awarding Akin Gump 100% of the fees and expenses requested in the Fourth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Fourth Monthly Fee Application. |
| 06/01/09 – 06/30/09 (Fifth Monthly Fee Application) | $962,202.75 | $25,000.85 | On September 30, 2009, this Court entered an order (Docket No. 1582) awarding Akin Gump 100% of the fees and expenses requested in the Fifth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Fifth Monthly Fee Application. |
| 07/01/09 – 07/31/09 (Sixth Monthly Fee Application) | $1,042,206.00 | $24,587.92 | On September 30, 2009, this Court entered an order (Docket No. 1582) awarding Akin Gump 100% of the fees and expenses requested in the Sixth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Sixth Monthly Fee Application. |
| 08/01/09 – 08/31/09 (Seventh Monthly Fee Application) | $653,999.00 | $44,610.63 | On December 15, 2009, this Court entered an order (Docket No. 2143) awarding Akin Gump 100% of the fees and expenses requested in the Seventh Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Seventh Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 09/01/09 – 09/30/09 (Eighth Monthly Fee Application) | $1,103,982.50 | $24,753.35 | On December 15, 2009, this Court entered an order (Docket No. 2143) awarding Akin Gump 100% of the fees and expenses requested in the Eighth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Eighth Monthly Fee Application. |
| 10/01/09 – 10/31/09 (Ninth Monthly Fee Application) | $1,036,266.50 | $35,745.59 | On December 15, 2009, this Court entered an order (Docket No. 2143) awarding Akin Gump 100% of the fees and expenses requested in the Ninth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Ninth Monthly Fee Application. |
| 11/01/09 – 11/30/09 (Tenth Monthly Fee Application) | $1,008,811.00 | $40,388.57 | On March 17, 2010, this Court entered an order (Docket No. 2730) awarding Akin Gump 100% of the fees and expenses requested in the Tenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Tenth Monthly Fee Application. |
| 12/01/09 – 12/31/09 (Eleventh Monthly Fee Application) | $1,003,203.75 | $40,839.88 | On March 17, 2010, this Court entered an order (Docket No. 2730) awarding Akin Gump 100% of the fees and expenses requested in the Eleventh Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Eleventh Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 01/01/10 – 01/31/10 (Twelfth Monthly Fee Application) | $638,879.75 | $34,184.80 | On March 17, 2010, this Court entered an order (Docket No. 2370) awarding Akin Gump 100% of the fees and expenses requested in the Twelfth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Twelfth Monthly Fee Application. |
| 02/01/10 – 02/28/10 (Thirteenth Monthly Fee Application) | $636,531.00 | $26,874.51 | On June 24, 2010, this Court entered an order (Docket No. 3217) awarding Akin Gump 100% of the fees and expenses requested in the Thirteenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Thirteenth Monthly Fee Application. |
| 03/01/10 – 03/31/10 (Fourteenth Monthly Fee Application) | $958,619.25 | $20,735.21 | On June 24, 2010, this Court entered an order (Docket No. 3217) awarding Akin Gump 100% of the fees and expenses requested in the Fourteenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Fourteenth Monthly Fee Application. |
| 04/01/10 – 04/30/10 (Fifteenth Monthly Fee Application) | $608,880.50 | $23,821.31 | On June 24, 2010, this Court entered an order (Docket No. 3217) awarding Akin Gump 100% of the fees and expenses requested in the Fifteenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Fifteenth Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 05/01/10 – 05/31/10 (Sixteenth Monthly Fee Application) | $633,157.50 | $28,308.46 | On September 30, 2010, this Court entered an order (Docket No. 4048) awarding Akin Gump 100% of the fees and expenses requested in the Sixteenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Sixteenth Monthly Fee Application. |
| 06/01/10 – 06/30/10 (Seventeenth Monthly Fee Application) | $591,154.50 | $13,375.36 | On September 30, 2010, this Court entered an order (Docket No. 4048) awarding Akin Gump 100% of the fees and expenses requested in the Seventeenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Seventeenth Monthly Fee Application. |
| 07/01/10 – 07/31/10 (Eighteenth Monthly Fee Application) | $405,934.00 | $11,538.54 | On September 30, 2010, this Court entered an order (Docket No. 4048) awarding Akin Gump 100% of the fees and expenses requested in the Eighteenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Eighteenth Monthly Fee Application. |
| 08/01/10 – 08/31/10 (Nineteenth Monthly Fee Application) | $720,036.50 | $19,953.51 | On December 15, 2010, this Court entered an order (Docket No. 4605) awarding Akin Gump 100% of the fees and expenses requested in the Nineteenth Monthly Fee Application. Akin Gump has received 100% of the fees and 100% of the expenses requested in the Nineteenth Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 09/01/10 – 09/30/10 (Twentieth Monthly Fee Application) | $613,100.25 | $26,293.55 | On December 15, 2010, this Court entered an order (Docket No. 4605) awarding Akin Gump 100% of the fees and expenses requested in the Twentieth Monthly Fee Application.  Akin Gump has received payment of 100% of the fees and 100% of the expenses requested in the Twentieth Monthly Fee Application. |
| 10/01/10 – 10/31/10 (Twenty-First Monthly Fee Application) | $673,206.00 | $15,082.70 | On December 15, 2010, this Court entered an order (Docket No. 4605) awarding Akin Gump 100% of the fees and expenses requested in the Twenty-First Monthly Fee Application.  Akin Gump has received 100% of the fees and 100% of the expenses requested in the Twenty-First Monthly Fee Application. |
| 11/01/10 – 11/30/10 (Twenty-Second Monthly Fee Application) | $791,081.50 | $25,964.65 | On March 23, 2011, this Court entered an order (Docket No. 5156) awarding Akin Gump 100% of the fees and expenses requested in the Twenty-Second Monthly Fee Application.  Akin Gump has received 100% of the fees and expenses requested in the Twenty-Second Monthly Fee Application. |
| 12/01/10- 12/31/10 (Twenty-Third Monthly Fee Application) | $475,468.75 | $26,719.94 | On March 23, 2011, this Court entered an order (Docket No. 5156) awarding Akin Gump 100% of the fees and expenses requested in the Twenty-Third Monthly Fee Application.  Akin Gump has received payment of 100% of the fees and expenses requested in the Twenty-Third Monthly Fee Application. |

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 01/01/11 - 01/31/11 (Twenty-Fourth Monthly Fee Application) | $451,106.50 | $8,338.24 | On March 23, 2011, this Court entered an order (Docket No. 5156) awarding Akin Gump 100% of the fees and expenses requested in the Twenty-Fourth Monthly Fee Application. Akin Gump has received payment of 100% of the fees and expenses requested in the Twenty-Fourth Monthly Fee Application. |
| 02/01/11 – 02/28/11 (Twenty-Fifth Monthly Fee Application) | $504,764.00 | $16,131.39 | On May 5, 2011, a certificate of no objection (Docket No. 5383) was filed with respect to the Twenty-Fifth Monthly Fee Application. Akin Gump has received payment of 80% of the fees and 100% of the expenses requested in the Twenty-Fifth Monthly Fee Application. |
| 03/01/11 – 03/31/11 (Twenty-Sixth Monthly Fee Application) | $869,471.50 | $26,728.17 | On May 12, 2011, Akin Gump filed its Twenty-Sixth Monthly Fee Application (Docket No. 5416). Akin Gump has not received payment of the fees and expenses requested in the Twenty-Sixth Monthly Fee Application. |

## SUMMARY OF ATTORNEYS AND LEGAL ASSISTANTS
## RENDERING SERVICES DURING THE PERIOD
## APRIL 1, 2011 THROUGH APRIL 30, 2011

| Name of Professional Person | Position of the Applicant, Number of Years in that Position at Current or Prior Firms, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation Requested |
|---|---|---|---|---|
| Lisa G. Beckerman | Partner for 12 years; Admitted in 1989; Financial Restructuring Department | $975 | 15.60 | $15,210.00 |
| David H. Botter | Partner for 10 years; Admitted in 1990; Financial Restructuring Department | $900 | 147.40 | $132,660.00 |
| Paul B. Hewitt | Partner for 28 years; Admitted in 1974; Litigation Department | $795 | 4.10 | $3,259.50 |
| Rachael Helyar | Partner for 7 years; Admitted in 1995; Litigation Department | $620 | 14.00 | $8,680.00 |
| Fred S. Hodara | Partner for 22 years; Admitted in 1982; Financial Restructuring Department | $990 | 121.70 | $120,483.00 |
| Karol A. Kepchar | Partner for 10 years; Admitted in 1992; Intellectual Property Department | $700 | 7.80 | $5,460.00 |
| Stephen B. Kuhn | Partner for 11 years; Admitted in 1991; Corporate Department | $790 | 67.80 | $53,562.00 |
| Robert H. Pees | Partner for 15 years; Admitted in 1988; Litigation Department | $805 | 16.90 | $13,604.50 |
| Abid Qureshi | Partner for 4 years; Admitted in 1995; Financial restructuring Department | $790 | 20.80 | $16,432.00 |
| Randall M. Ratner | Partner for 25 years; Admitted in 1979; Real Estate Department | $650 | 10.10 | $6,565.00 |
| Sarah Link Schultz | Partner for 2 years; Admitted in 2001; Financial Restructuring Department | $700 | 61.45 | $43,015.00 |
| Kevin M. Rowe | Senior Counsel for 11 years; Admitted in 1985; Tax Department | $690 | 43.20 | $29,808.00 |

| Name of Professional Person | Position of the Applicant, Number of Years in that Position at Current or Prior Firms, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation Requested |
|---|---|---|---|---|
| Monica T. Duda | Counsel for 2 years; Admitted in 2002; Litigation Department | $585 | 52.00 | $30,420.00 |
| Tony D. Feuerstein | Counsel for 3 years; Admitted in 2003; Corporate Department | $610 | 1.50 | $915.00 |
| Amit Kurlekar | Counsel for 3 years; Admitted in 2002; Litigation Department | $560 | 23.30 | $13,048.00 |
| David C. Vondle | Counsel for 3 years; Admitted in 2003; Intellectual Property Department | $560 | 49.50 | $27,720.00 |
| Graeme D. Bell | International Law Advisor for 3 years; Admitted in 2003; Financial Restructuring | $600 | 65.60 | $39,360.00 |
| Sara L. Brauner | Associate for 1 year; Admitted in 2011; Financial Restructuring Department | $360 | 23.70 | $8,532.00 |
| Brad M. Kahn | Associate for 4 years; Admitted in 2008; Financial Restructuring Department | $510 | 199.00 | $101,490.00 |
| Joshua Y. Sturm | Associate for 5 years; Admitted in 2007; Financial Restructuring Department | $550 | 71.40 | $39,270.00 |
| Alexandra R. Caleca | Legal Assistant for 2 years; Financial Restructuring | $210 | 2.50 | $525.00 |
| Dagmara Krasa-Berstell | Legal Assistant for 21 years; Financial Restructuring Department | $230 | 2.80 | $644.00 |
| Francis A. Singer | Legal Assistant for 33 years; Litigation Department | $250 | 7.00 | $1,750.00 |
| Risa J. Slavin | Legal Assistant for 23 years; Litigation Department | $230 | 2.50 | $575.00 |

Total Amount of Fees:     $712,988.00
Total Number of Hours:    1,031.65
Blended Hourly Rate:      $691.11

## COMPENSATION BY PROJECT CATEGORY
## APRIL 1, 2011 THROUGH APRIL 30, 2011

| Project Category | Total Hours | Total Fees |
|---|---|---|
| General Case Administration | 11.40 | $9,282.00 |
| Akin Gump Fee Applications/Monthly Billing Reports | 9.60 | $5,849.00 |
| Analysis of Other Professionals Fee Applications/Reports | 6.10 | $3,153.00 |
| Retention of Professionals | 19.10 | $10,190.50 |
| Creditors' Committee Meetings | 111.80 | $75,776.00 |
| Court Hearings | 13.50 | $10,395.00 |
| Financial Reports and Analysis | 1.00 | $936.00 |
| General Claims Analysis/Claims Objections | 16.60 | $9,589.00 |
| Canadian Proceedings/Matters | 7.20 | $6,078.00 |
| General Adversary Proceedings | 0.90 | $891.00 |
| Tax Issues | 15.00 | $10,482.00 |
| Labor Issues/Employee Benefits | 96.60 | $63,773.50 |
| Real Estate Issues/Leases | 46.80 | $29,527.00 |
| Asset/Stock Transactions/Business Liquidations | 28.70 | $16,138.00 |
| Travel (billed at 50% of actual time) | 15.25 | $11,265.00 |
| Avoidance Actions | 0.30 | $153.00 |
| Intercompany Analysis | 463.70 | $335,304.50 |
| European Proceedings Matters | 0.40 | $396.00 |
| Intellectual Property | 167.70 | $113,809.50 |
| **TOTAL** | **1,031.65** | **$712,988.00** |

## DISBURSEMENT SUMMARY
## APRIL 1, 2011 THROUGH APRIL 30, 2011

| | |
|---|---:|
| Computerized Research, Corporate Service Fees & PACER Charges | $2,809.58 |
| Conference Call /Telephone Charges | $9,416.13 |
| Courier Service/Postage | $197.06 |
| Duplicating (@ $0.10 per page) | $673.90 |
| Meals/Committee Meeting Expenses | $4,049.65 |
| Travel Expenses – Airfare | $8,726.48 |
| Travel Expenses – Ground Transportation | $2,109.93 |
| Travel expenses – Lodging | $908.59 |
| Travel Expenses – Parking | $46.50 |
| Travel Expenses – Train Fare | $257.00 |
| **TOTAL** | **$29,194.82** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------X
                                            :
In re                                       :   Chapter 11
                                            :   Case No. 09-10138 (KG)
Nortel Networks Inc., et al., [1]           :   Jointly Administered
                                            :
                        Debtors             :   Objection Deadline: June 16, 2011 at 4:00 p.m. (ET)
                                            :   Hearing Date: Scheduled only if necessary
-------------------------------------------------------X
```

**TWENTY-SEVENTH MONTHLY APPLICATION OF AKIN GUMP STRAUSS
HAUER & FELD LLP, CO-COUNSEL FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM
ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT
OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD
FROM APRIL 1, 2011 THROUGH APRIL 30, 2011**

Akin Gump Strauss Hauer & Feld LLP ("Akin Gump" or the "Applicant"), co-counsel to

the Official Committee of Unsecured Creditors (the "Committee") of Nortel Networks Inc.

("NNI"), et al. (collectively, the "Debtors"), hereby submits its twenty-seventh monthly

application (the "Application") pursuant to (i) sections 330 and 331 of title 11 of the United

States Code (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy

Procedure for the District of Delaware (the "Local Rules"), and (iv) the Administrative Order

Pursuant to 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2

Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for

Professionals and Official Committee Members entered on February 4, 2009 (the

"Administrative Fee Order"), for interim allowance of compensation for services rendered in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. ("NN CALA") (4226).

aggregate amount of $712,988.00 and for reimbursement of actual and necessary expenses incurred by Akin Gump in connection therewith in the amount of $29,194.82 for the period from April 1, 2011 through April 30, 2011 (the "Compensation Period"). In support of this Application, Akin Gump respectfully states as follows:

## I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory bases for the relief requested herein are sections 1103 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014.

## II.    BACKGROUND

2.    On January 14, 2009 (the "Petition Date"), each of the Debtors other than NN CALA[2] filed a voluntary petition for relief (the "U.S. Proceeding") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

3.    The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On January 15, 2009, the Court entered an order for the joint administration of these cases pursuant to Bankruptcy Rule 1015(b) for procedural purposes only.

4.    On January 14, 2009, the Debtors' ultimate corporate parent, Nortel Networks Corporation ("NNC"), together with Nortel Networks Limited ("NNL") and certain of their Canadian affiliates (collectively, the "Canadian Debtors") commenced a proceeding (the "Canadian Proceeding") before the Ontario Superior Court of Justice (the "Canadian Court") for

---

[2] NN CALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009.

a plan of compromise or arrangement under Canada's Companies' Creditors Arrangement Act

("CCAA"). The Canadian Debtors continue to operate their businesses and manage their

properties under the supervision of the Canadian Court and Ernst & Young Inc. as monitor (the

"Monitor").

5.    On January 14, 2009, the High Court of Justice in England (the "U.K. Court")

placed nineteen of the Debtors' European affiliates (collectively, the "EMEA Debtors" and,

together with the Debtors and the Canadian Debtors, the "Nortel Debtors"), including Nortel

Networks U.K. Limited ("NNUK"), into administration (the "European Proceedings" and,

together with the U.S. Proceeding and Canadian Proceeding, the "Insolvency Proceedings")

under the control of individuals from Ernst & Young LLC (the "Administrators").

6.    On January 22, 2009 (the "Committee Formation Date"), pursuant to section 1102

of the Bankruptcy Code, the United States Trustee for the District of Delaware (the "U.S.

Trustee") appointed the Committee. The Committee currently consists of three members, as

follows: (i) Law Debenture Trust Company of New York, as indenture trustee; (ii) Pension

Benefit Guaranty Corporation; and (iii) The Bank of New York Mellon, as indenture trustee.  No

trustee or examiner has been appointed in these chapter 11 cases. An ad hoc group of holders of

bonds issued by the Nortel Debtors has also been formed (the "Ad Hoc Bondholder Group").

7.    On March 5, 2009, this Court entered an order authorizing the retention of Akin

Gump as co-counsel to the Committee, *nunc pro tunc* to January 22, 2009. On that same day, the

Court authorized the Committee to retain and employ Jefferies & Company, Inc. ("Jefferies") as

the Committee's investment banker, Capstone Advisory Group, LLC ("Capstone") as the

Committee's financial advisor, Fraser Milner Casgrain LLP ("FMC") as the Committee's

Canadian counsel, Ashurst LLP ("Ashurst") as the Committee's European counsel, and

Kurtzman Carson Consultants, LLC ("KCC") as the Committee's communications agent.

8.      On June 10, 2009, Akin Gump filed its First Interim Fee Application Request for

the Period January 22, 2009 through April 30, 2009 (the "First Interim Application"). In its First

Interim Application, Akin Gump sought the award and allowance of fees in the amount of

$2,788,648.75 and the reimbursement of expenses in the amount of $48,632.74.[3] On July 17,

2009, this Court entered an order approving 100% of the fees and expenses sought in the First

Interim Application and Akin Gump has received payment of such amounts.

9.      On September 10, 2009, Akin Gump filed its Second Interim Fee Application

Request for the Period May 1, 2009 through July 31, 2009 (the "Second Interim Application").

In its Second Interim Application, Akin Gump sought the award and allowance of fees in the

amount of $2,771,174.50 and the reimbursement of expenses in the amount of $104,100.87.[4] On

September 30, 2009, this Court entered an order approving 100% of the fees and expenses

sought in the Second Interim Application and Akin Gump has received payment of such

amounts.

10.     On November 24, 2009, Akin Gump filed its Third Interim Fee Application

Request for the Period August 1, 2009 through October 31, 2009 (the "Third Interim

Application"). In its Third Interim Application, Akin Gump sought the award and allowance of

---

[3] The First Interim Application sought the award of fees and expenses for the period from January 22, 2009 through April 30, 2009, as follows: (a) January 22, 2009 through February 28, 2009: $1,002,466.75 of fees and $14,994.50 of expenses; (b) March 1, 2009 through March 31, 2009: $866,587.25 of fees and $14,080.55 of expenses; and (c) April 1, 2009 through April 30, 2009: $919,594.75 of fees and $22,201.07 of expenses. Following discussions with the U.S. Trustee, Akin Gump agreed to a voluntary reduction of $1,184.16 for expenses incurred during the period covered by the First Interim Application.

[4] The Second Interim Application sought the award of fees and expenses for the period from May 1, 2009 through July 31, 2009, as follows: (a) May 1, 2009 through May 31, 2009: $766,765.75 of fees and $54,512.10 of expenses; (b) June 1, 2009 through June 30, 2009: $962,202.75 of fees and $25,000.85 of expenses; and (c) July 1, 2009 through July 31, 2009: $1,042,206.00 of fees and $24,587.92 of expenses.

fees in the amount of $2,794,248.00 and the reimbursement of expenses in the amount of $105,109.57.[5] On December 15, 2009, this Court entered an order approving 100% of the fees and expenses sought in the Third Interim Application and Akin Gump has received payment of such amounts.

11.    On February 24, 2010, Akin Gump filed its Fourth Interim Fee Application Request for the Period November 1, 2009 through January 31, 2010 (the "Fourth Interim Application").[6] In its Fourth Interim Application, Akin Gump sought the award and allowance of fees in the amount of $2,650,894.50 and the reimbursement of expenses in the amount of $115,413.25.[7] On March 17, 2010, this Court entered an order approving 100% of the fees and expenses sought in the Fourth Interim Application and Akin Gump has received payment of such amounts.

12.    On May 28, 2010, Akin Gump filed its Fifth Interim Fee Application Request for the Period February 1, 2010 through April 30, 2010 (the "Fifth Interim Application"). In its Fifth Interim Application, Akin Gump sought the award and allowance of fees in the amount of $2,204,030.75 and the reimbursement of expenses in the amount of $71,431.03.[8] On June 24,

---

[5] The Third Interim Application sought the award of fees and expenses for the period from August 1, 2009 through October 31, 2009, as follows: (a) August 1, 2009 through August 31, 2009: $653,999.00 of fees and $44,610.63 of expenses; (b) September 1, 2009 through September 30, 2009: $1,103,982.50 of fees and $24,753.35 of expenses; and (c) October 1, 2009 through October 31, 2009: $1,036,266.50 of fees and $35,745.59 of expenses.

[6] On March 1, 2010, Akin Gump filed an Amended Notice of Fourth Interim Fee Application Request solely to provide information regarding a change in its hourly billing rates effective January 1, 2010.

[7] The Fourth Interim Application sought the award of fees and expenses for the period from November 1, 2009 through January 31, 2010, as follows: (a) November 1, 2009 through November 30, 2009: $1,008,811.00 of fees and $40,388.57 of expenses; (b) December 1, 2009 through December 31, 2009: $1,003,203.75 of fees and $40,839.88 of expenses; and (c) January 1, 2010 through January 31, 2010: $638,879.75 of fees and $34,184.80 of expenses.

[8] The Fifth Interim Application sought the award of fees and expenses for the period from February 1, 2010 through April 30, 2010, as follows: (a) February 1, 2010 through February 28, 2010: $636,531.00 of $26,874.51 of expenses; (b) March 1, 2010 through March 31, 2010: $958,619.25 of fees and $20,735.21 of expenses; and (c) April 1, 2010 through April 30, 2010: $608,880.50 of fees and $23,821.31 of expenses.

2010, this Court entered an order approving 100% of the fees and expenses sought in the Fifth Interim Application and Akin Gump has received payment of such amounts.

13.    On September 7, 2010, Akin Gump filed its Sixth Interim Fee Application Request for the Period May 1, 2010 through July 31, 2010 (the "Sixth Interim Application").  In its Sixth Interim Application, Akin Gump sought the award and allowance of fees in the amount of $1,630,246.00 and the reimbursement of expenses in the amount of $53,222.36.[9]  On September 30, 2010, this Court entered an order approving 100% of the fees and expenses sought in the Sixth Interim Application and Akin Gump has received payment of such amounts.

14.    On November 24, 2010, Akin Gump filed its Seventh Interim Fee Application Request for the Period August 1, 2010 through October 31, 2010 (the "Seventh Interim Application").  In its Seventh Interim Application, Akin Gump sought the award and allowance of fees in the amount of $1,970,342.75 and the reimbursement of expenses in the amount of $61,329.76.[10]  On December 15, 2010, this Court entered an order approving 100% of the fees and expenses sought in the Seventh Interim Application and Akin Gump has received payment of such amounts.

15.    On February 28, 2011, Akin Gump filed its Eighth Interim Fee Application Request for the Period November 1, 2010 through January 31, 2011 (the "Eighth Interim Application").  In its Eighth Interim Application, Akin Gump sought the award and allowance of fees in the amount of $1,717,656.75 and the reimbursement of expenses in the amount of

---

[9] The Sixth Interim Application sought the award of fees and expenses for the period from May 1, 2010 through July 31, 2010, as follows: (a) May 1, 2010 through May 31, 2010: $633,157.50 of fees and $28,308.46 of expenses; (b) June 1, 2010 through June 30, 2010: $591,154.50 of fees and $13,375.36 of expenses; and (c) July 1, 2010 through July 31, 2010: $405,934.00 of fees and $11,538.34 of expenses.

[10] The Seventh Interim Application sought the award of fees and expenses for the period from August 1, 2010 through October 31, 2010, as follows: (a) August 1, 2010 through August 31, 2010: $720,036.50 of fees and $19,953.51 of expenses; (b) September 1, 2010 through September 30, 2010: $613,100.25 of fees and $26,293.55 of expenses; and (c) October 1, 2010 through October 31, 2010: $637,206.00 of fees and $15,082.70 of expenses.

$61,022.83.[11] On March 23, 2011, this Court entered an order approving 100% of the fees and expenses sought in the Eighth Interim Application and Akin Gump has received payment of such amounts.

16.    On April 13, 2011, Akin Gump filed its Twenty-Fifth Monthly Application for Interim Allowance of Compensation and Reimbursement of Expenses for Services Rendered During the Period February 1, 2011 through February 28, 2011 (the "Twenty-Fifth Monthly Application"). In its Twenty-Fifth Monthly Application, Akin Gump sought the award and allowance of fees in the amount of $504,764.00 and the reimbursement of expenses in the amount of $16,131.39. Pursuant to the Administrative Fee Order, Akin Gump has received payment of 80% of the fees and 100% of the expenses requested in the Twenty-Fifth Monthly Application.

17.    On May 12, 2011, Akin Gump filed its Twenty-Sixth Monthly Application for Interim Allowance of Compensation and Reimbursement of Expenses for Services Rendered During the Period March 1, 2011 through March 31, 2011 (the "Twenty-Sixth Monthly Application"). In its Twenty-Sixth Monthly Application, Akin Gump sought the award and allowance of fees in the amount of $896,471.50 and the reimbursement of expenses in the amount of $26,728.17. Akin Gump has not received payment of the fees and expenses requested in the Twenty-Sixth Monthly Application.

## III.    RELIEF REQUESTED

18.    By this Application, Akin Gump seeks (i) interim allowance and award of compensation for the professional services rendered by Akin Gump as attorneys during the

---

[11] The Eighth Interim Application sought the award of fees and expenses for the period from November 1, 2010 through January 31, 2011, as follows: (a) November 1, 2010 through November 30, 2010: $791,081.50 of fees and $25,964.65 of expenses; (b) December 1, 2010 through December 31, 2010: $475,468.75 of fees and $26,719.94 of expenses; and (c) January 1, 2011 through January 31, 2011: $451,106.50 of fees and $8,338.24 of expenses.

Compensation Period in the amount of $712,988.00, representing 1,016.85 hours of professional

services and 14.80 hours of paraprofessional services; and (ii) reimbursement of actual and

necessary expenses incurred by Akin Gump during the Compensation Period in connection with

the rendition of such professional and paraprofessional services in the amount of $29,194.82.

19.     Pursuant to the Administrative Fee Order, Akin Gump is seeking payment of 80%

of its fees ($570,390.40) and 100% of its expenses ($29,194.82) relating to services rendered

during the Compensation Period.

20.     Akin Gump has received no payment and no promises for payment from any

source for services rendered in connection with these chapter 11 cases other than in accordance

with the Administrative Fee Order.  There is no agreement or understanding between the

Applicant and any other person (other than members of Akin Gump) for the sharing of

compensation to be received for the services rendered in these cases.

21.     As stated in the Affirmation of Fred S. Hodara, Esq. (the "Hodara Affirmation"),

annexed hereto as Exhibit A, all of the services for which interim compensation is sought herein

were rendered for or on behalf of the Committee solely in connection with these cases.

### IV.    SUMMARY OF SERVICES RENDERED

22.     Akin Gump has rendered professional services to the Committee as requested and

as necessary and appropriate in furtherance of the interests of the Debtors' unsecured creditors

during the Compensation Period.  The variety and complexity of the issues in these Insolvency

Proceedings and the need to act or respond to issues on an expedited basis in furtherance of the

Committee's needs have required the expenditure of substantial time by Akin Gump personnel

from several legal disciplines.

23.     In the ordinary course of its practice, Akin Gump maintains written records of the

time expended by attorneys and paraprofessionals in the rendition of their professional services.

8

In accordance with the provisions of the Administrative Fee Order, a compilation showing the name of the attorney or paraprofessional, the date on which the services were performed, a description of the services rendered, and the amount of time spent in performing the services for the Committee during the Compensation Period is annexed hereto as Exhibit B.

24.     In the ordinary course of its practice, Akin Gump also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its services, all of which are available for inspection. A schedule of the categories of expenses and amounts for which reimbursement is requested is annexed hereto as Exhibit C. A detailed summary of the expenses is attached hereto as Exhibit D.

25.     Akin Gump respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and appropriate, and have directly contributed to the effective administration of these chapter 11 cases.

26.     The following summary of services rendered during the Compensation Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in Exhibit B. Rather, it is merely an attempt to highlight certain of those areas in which services were rendered to the Committee, as well as to identify some of the problems and issues that Akin Gump was required to address.

### Case Administration

(Fees: $9,282.00; Hours: 11.40)

27.     This subject matter relates to services rendered to the Committee to satisfy the Committee's continuing organizational and administrative needs and enable the Committee to continue to function as a coordinated group and to acquit its fiduciary duties.

9

28.    Due to Akin Gump's experience in counseling creditors' committees, Akin Gump believes it was able to efficiently address all issues relating to case administration that have arisen during the pendency of these Insolvency Proceedings.

### Akin Gump Fee Application/Monthly Billing Reports

(Fees: $5,849.00; Hours: 9.60)

29.    This subject matter relates to time spent reviewing invoices and drafting monthly and interim fee statements as required under the Administrative Fee Order, including attorney time to ensure that such materials do not improperly disclose highly confidential information related to the Debtors' businesses or these chapter 11 cases.

### Committee Meetings

(Fees: $75,776.00; Hours: 111.80)

30.    This subject matter relates to Committee matters, meetings and conference calls with the Committee as a whole, with individual Committee members and with the Committee's other legal and financial advisors. Akin Gump, together with the other Committee professionals, held five telephonic meetings with the full Committee during the Compensation Period, as well as one in-person Committee meeting at Akin Gump's offices in New York. In addition, during the Compensation Period, Akin Gump had telephonic conferences and in-person meetings with individual Committee members and their respective professionals, as well as among the Committee's legal and financial advisors.

31.    Prior to its meetings with the Committee, Akin Gump reviewed each pending matter requiring the Committee's attention and all underlying documentation in connection therewith. Thereafter, Akin Gump discussed each of these matters with the Committee's other professionals, the Committee, as well as individual Committee members. During these discussions, Akin Gump assisted the Committee in formulating a position with respect to each

10

pending matter. In addition, Akin Gump prepared and/or assisted the Committee's other professionals in preparing detailed memoranda for the Committee discussing the status of pertinent matters in these proceedings.

32.     During the Compensation Period, Akin Gump routinely held internal meetings with the professionals assigned to this matter to ensure that Akin Gump was representing the Committee in the most efficient manner at the least cost to these estates. In addition, Akin Gump coordinated all Committee activities, including attending to member issues and interacting with the Committee's other professionals in setting agendas for the Committee's meetings and conference calls. Akin Gump also regularly consulted with Jefferies, Capstone, FMC and Ashurst with respect to documents and other information received from the Debtors, their representatives, and other sources.

33.     Through meetings, telephone conferences, and correspondence, Akin Gump has assisted the Committee in fulfilling its statutory duties to make informed decisions regarding the various issues that have arisen in these chapter 11 cases, to monitor closely the Debtors' management of these proceedings, and to reach independent conclusions on the merits of specific matters.

## Court Hearings

(Fees: $10,395.00; Hours: 13.50)

34.     This subject matter relates to preparation for and attendance at hearings and other proceedings before this Court. Akin Gump attorneys appeared, either in person or telephonically, at two hearings held before this Court during the Compensation Period where they actively represented the Committee and asserted the Committee's positions with respect to the matters being considered. Akin Gump attorneys prepared for Court hearings by reviewing all applicable motions and applications filed with the Court, including any responses thereto, and consulted

11

with the Committee's other professionals and the Debtors' advisors to formulate appropriate strategies. Akin Gump's participation at such hearings was necessary to protect the interests of unsecured creditors.

### Retention of Professionals

(Fees: $10,190.50; Hours: 19.10)

35.     This subject matter relates to time spent by Akin Gump attorneys reviewing and analyzing applications by parties in interest to retain professionals in these chapter 11 cases. During the Compensation Period, Akin Gump, along with Capstone, spent time analyzing the proposed amendment to the engagement of RLKS Executive Solutions, LLC ("RLKS"), as wind-down consultants to the Debtors, and the proposed retention of Keightley & Ashner LLP ("Keightley"), as pension benefits counsel to the Debtors (collectively, the "Retention Applications"). Akin Gump attorneys reviewed the Retention Applications and discussed various issues related to the proposed engagements with the Debtors' professionals. Further, Akin Gump presented the material terms of the Retention Applications to the Committee to assist the Committee in acquitting its fiduciary duties with respect to their review of these professional retentions. On May 9, 2011, this Court entered an order approving the amendment to RLKS's engagement. On May 10, 2011, this Court entered an order approving the retention of Keightley as pension benefits counsel to the Debtors.

### General Claims Analysis

(Fees: $9,589.00; Hours: 16.60)

36.     This subject matter relates to the analysis of claims asserted or contemplated to be asserted against the Debtors' estates. During the Compensation Period, Akin Gump attorneys continued working with Capstone to analyze the numerous claims filed against the Nortel Debtors in the Insolvency Proceedings. Akin Gump attorneys also spent time researching and

examining legal issues in connection with certain of the claims filed against the Debtors,

including the impact of that certain Support Agreement (the "Support Agreement"), dated as of

February 15, 1996, between NNI and Nortel Networks Capital Corporation ("NNCC") on the

claims of holders of bonds issued by NNCC.[12]  During the Compensation Period, Akin Gump

attorneys analyzed the Support Agreement and related legal issues, and prepared a detailed

memorandum to the Committee discussing such matters.  Further, Akin Gump, along with

Capstone, kept the Committee informed of all material developments in connection with the

adjudication and reconciliation of claims in these Insolvency Proceedings.

## Asset Sales

(Fees: $16,138.00; Hours: 28.70)

37.      Akin Gump attorneys spent time during the Compensation Period working with

the Nortel Debtors and their professionals, the Monitor, and professionals for the other major

creditor constituencies to evaluate issues related to the divestitures of certain of the Nortel

Debtors' businesses and assets.  Specifically, during the Compensation Period, Akin Gump

attorneys reviewed and analyzed issues relating to the Debtors' sale of certain internet protocol

address numbers held in the United States (the "IP Address Sale").  As this Court is aware, on

March 21, 2011, the Debtors filed a motion to approve the IP Address Sale to Microsoft

Corporation for a gross purchase price of $7.5 million (the "IP Address Sale Motion").

Following a hearing on April 26, 2011, this Court approved the IP Address Sale Motion.

---

[12] The Support Agreement was disclosed as an exhibit to the Debtors' Monthly Operating Report for January 2011.
[ECF No. 5188]

## Labor and Employee Benefits Issues

(Fees: $63,773.50; Hours: 96.60)

38.     This subject matter relates to services rendered by Akin Gump in connection with

the Committee's analysis of the Nortel Debtors' benefit plans and general labor matters.  As the

Court is aware, on March 5, 2010, the Nortel Networks UK Pension Trust Limited (the "U.K.

Pension Trustee") and the Board of the Pension Protection Fund (the "PPF" and, together with

the U.K. Pension Trustee, the "U.K. Pension Parties") appealed (the "U.K. Pension Appeal") the

order of this Court (the "U.K. Pension Stay Order") enforcing the automatic stay as it relates to

the participation of the U.K. Pension Parties in the administrative proceedings regarding the

alleged shortfall in the funding of the Nortel Networks U.K. Pension Plan and the issuance of a

financial support direction against NNI (the "U.K. Pension Proceedings") to the United States

District Court for the District of Delaware (the "District Court").  On March 29, 2011, the

District Court entered an order affirming the U.K. Pension Stay Order.  On April 5, 2011, the

U.K. Pension Parties filed a notice of appeal of the District Court's order to the United States

Court of Appeals for the Third Circuit (the "Third Circuit"), as well as a motion to expedite the

appeal (the "Motion to Expedite") on April 8, 2011.  During the Compensation Period, Akin

Gump attorneys spent considerable time working with the Debtors and drafting a response to the

Motion to Expedite, which response was filed with the Third Circuit on April 15, 2011.  On May

3, 2011, the Third Circuit granted the Motion to Expedite and approved a briefing schedule for

the appeal of the District Court's order.

## Intercompany Issues

(Fees: $335,304.50; Hours: 463.70)

39.     This subject matter relates to time spent by Akin Gump attorneys reviewing and

analyzing certain intercompany issues arising among the various Nortel entities around the

14

world, and their impact on the Nortel Debtors' Insolvency Proceedings. Akin Gump attorneys, along with the Committee's other professionals, spent significant time during the Compensation Period analyzing and examining issues related to the allocation of sale proceeds and discussing such issues with the Committee, including in-depth analyses of various methodologies for allocating value among the Nortel entities.

40.     As this Court is aware, a second mediation session took place with respect to the allocation of sale proceeds and related issues on April 11-13, 2011 in New York, New York. As disclosed in the 8-K filing of NNC on April 13, 2011, the mediation did not result in a resolution among the parties of the allocation and related intercompany issues. During the Compensation Period, Akin Gump attorneys, working with the Committee's other professionals, spent considerable time preparing for the mediation. Further, Akin Gump participated in numerous meetings with professionals for the Debtors and the Ad Hoc Bondholder Group to discuss various strategic considerations for the mediation sessions in an effort to advance the interests of the Debtors' estates. During the Compensation Period, Akin Gump attorneys, on behalf of the Committee, also participated in telephonic and in-person meetings with other parties in interest to discuss allocation positions in advance of the April mediation.

41.     Since the conclusion of the April mediation sessions, Akin Gump, along with the Committee's other professionals, have spent time considering next steps with professionals for the Debtors and the Ad Hoc Bondholder Group. Those efforts culminated in the filing of the *Joint Motion for Entry of an Order Establishing an Allocation Protocol Pursuant to the Interim Funding and Settlement Agreement, and for Related Relief* (the "Allocation Procedures Motion") on April 25, 2011. A joint hearing of the U.S. and Canadian Courts on the Allocation Procedures Motion is scheduled for June 7, 2011.

## Intellectual Property

(Fees: $113,809.50; Hours: 167.70)

42.     During the Compensation Period, Akin Gump attorneys continued to review and

examine the Nortel Debtors' intellectual property portfolio (the "Nortel IP"), analyze intellectual

property issues associated with the various asset divestitures by the estates, and consider strategic

alternatives for maximizing the value of the Nortel IP for the benefit of the estates.  In

connection therewith, Akin Gump attorneys, along with the Committee's other professionals,

participated in teleconferences with the Nortel Debtors' professionals and analyzed various

issues regarding the intellectual property monetization process.  Further, Akin Gump, Capstone

and Jefferies continuously kept the Committee apprised of the progress of such process as well as

its impact on the Nortel Debtors' Insolvency Proceedings.

43.     During the Compensation Period, Akin Gump attorneys spent time working with

the Committee's other professionals and professionals for the Nortel Debtors, analyzing and

negotiating the terms of a sale of the Nortel IP (the "IP Sale") and selecting an acceptable

stalking horse bidder in connection therewith.  These efforts culminated in the Nortel Debtors'

announcement on April 4, 2011, that Google Inc. was selected as the stalking horse bidder for the

IP Sale with a headline purchase price of $900 million.  During the Compensation Period, Akin

Gump attorneys reviewed, commented on, and negotiated all underlying documentation,

including the form of proposed bidding procedures and related sale motion (the "IP Bidding

Procedures Motion") and held numerous conference calls with the Committee's other

professionals and the Committee to ascertain and develop the Committee's position on the

proposed procedures and transaction.  Following a joint hearing of the U.S. and Canadian Courts,

on May 2, 2011, this Court entered an order approving the IP Bidding Procedures Motion.  An

auction with respect to the IP Sale is scheduled for June 20, 2011, and a final hearing to approve the IP Sale is scheduled for June 30, 2011.

### Non-Working Travel

(Fees: $11,265.00; Hours: 15.25)

44.     During the Compensation Period, Akin Gump attorneys spent 30.50 non-working hours traveling to Court hearings and/or meetings.  Pursuant to Local Rule 2016-2(d)(viii), Akin Gump has discounted this time by 50% and, accordingly, has billed 15.25 working hours traveling for the Compensation Period.

## V.    ALLOWANCE OF COMPENSATION

45.     The professional services rendered by Akin Gump required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and determination by the Committee could be addressed with skill and dispatch and have, therefore, required the expenditure of substantial time and effort.  It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically, and the results obtained to date have benefited not only the members of the Committee, but also the unsecured creditor body as a whole and the Debtors' estates.

46.     The allowance of interim compensation for services rendered and reimbursement of expenses in bankruptcy cases is expressly provided for in section 331 of the Bankruptcy Code:

> . . . any professional person . . . may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered . . . as is provided under section 330 of this title.

11 U.S.C. § 331.  Moreover, this Court has authorized the filing of this Application pursuant to the Administrative Fee Order.

47.     With respect to the level of compensation, 11 U.S.C. § 330(a)(1)(A) provides, in

pertinent part, that the Court may award to a professional person "reasonable compensation for

actual, necessary services rendered . . . ." 11 U.S.C. § 330(a)(1)(A). Section 330(a)(3), in turn,

provides that:

> In determining the amount of reasonable compensation to be awarded . . . the
> court shall consider the nature, the extent, and the value of such services, taking
> into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or
> beneficial at the time at which the service was rendered toward the
> completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of
> time commensurate with the complexity, importance, and nature of the
> problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board
> certified or otherwise has demonstrated skill and experience in the
> bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary
> compensation charged by comparably skilled practitioners in cases other
> than cases under this title.

11 U.S.C. §330(a)(3). The clear Congressional intent and policy expressed in this statute is to

provide for adequate compensation in order to continue to attract qualified and competent

bankruptcy practitioners to bankruptcy cases.

48.     The total time spent by Akin Gump attorneys and paraprofessionals during the

Compensation Period was 1,031.65 hours. The work involved, and thus the time expended, was

carefully assigned in light of the experience and expertise required for a particular task.

49.     As shown by this application and supporting documents, Akin Gump spent its

time economically and without unnecessary duplication of time. Attached hereto as Exhibit E is

a schedule of the hours expended by the attorneys and paraprofessionals during the
Compensation Period, their normal hourly rates, and the value of their services. In addition,
Akin Gump incurred actual out-of-pocket expenses in connection with the rendition of the
professional services to the Committee in the sum of $29,194.82 for which Akin Gump
respectfully requests reimbursement in full.

50.     The disbursements and expenses have been incurred in accordance with Akin
Gump's normal practice of charging clients for expenses clearly related to and required by
particular matters. Akin Gump has endeavored to minimize these expenses to the fullest extent
possible.

51.     Akin Gump's billing rates do not include charges for photocopying, telephone and
facsimile charges, computerized research, travel expenses, "working meals," secretarial
overtime, postage and certain other office services, since the needs of each client for such
services differ. Akin Gump believes that it is fairest to charge each client only for the services
actually used in performing services for it. Akin Gump charges $.10 per page for internal
duplicating and does not charge for facsimile transmissions. Akin Gump has negotiated a
discounted transactional rate for computer assisted legal research.

52.     No agreement or understanding exists between Akin Gump and any other person
for the sharing of any compensation to be received for professional services rendered or to be
rendered in connection with these cases.

53.     No prior application has been made in this or in any other Court for the relief
requested herein for the Compensation Period.

19

WHEREFORE, Akin Gump respectfully requests that this Court:

(a)    approve the allowance of $712,988.00 for compensation for professional services rendered to the Committee during the period from April 1, 2011 through and including April 30, 2011;

(b)    approve the reimbursement of Akin Gump's out-of-pocket expenses incurred in connection with the rendering of such services during the period from April 1, 2011 through and including April 30, 2011 in the amount of $29,194.82; and

(c)    authorize and direct the Debtors to immediately pay to Akin Gump the amount of $599,585.22, which is equal to the sum of 80% of Akin Gump's fees and 100% of Akin Gump's expenses incurred during the Compensation Period.

Dated:    New York, New York
         May 27, 2011

                               AKIN GUMP STRAUSS HAUER & FELD LLP


                               By: _____
                                   Fred S. Hodara (pro hac vice)
                                   A Member of the Firm
                                   One Bryant Park
                                   New York, New York 10036
                                   (212) 872-1000
                                   Co-Counsel to the Official Committee of
                                   Unsecured Creditors