IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTEL NETWORKS Inc, et al[1]., | ) | Case No. 09-10138 (KG) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Objection Deadline: June16, 2011 @ 4:00 p.m. |

**TWENTY-FOURTH MONTHLY APPLICATION OF LAZARD FRERES & CO. LLC, FINANCIAL ADVISOR AND INVESTMENT BANKER TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MARCH 1, 2011 THROUGH MARCH 31, 2011**

| | |
|---|---|
| Name of Applicant: | **Lazard Frères & Co. LLC** |
| Authorized to Provide Professional Services to: | **Debtors and Debtors-in-Possession** |
| Date of Retention: | **March 20, 2009 *nunc pro tunc* January 14, 2009** |
| Period for which compensation and/or reimbursement is sought: | **March 1, 2011 through March 31, 2011** |
| Amount of Compensation sought as actual, reasonable, and necessary: | **$250,000.00** |
| Amount of Expenses sought as actual, reasonable, and necessary | **$556.29** |
| Total Compensation and Expense Reimbursement Requested: | **$250,556.29** |
| Less: Amounts Paid to Date: | **($0.00)** |
| Net Amount of Compensation Requested: | **$250,556.29** |

This is a:  _X_ monthly   ___ interim   ___ final application

The total time expended for fee application preparation was approximately 5.0 hours.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation ("NNCC") (9620), Nortel Allsystems Inc. (9769), Nortel Allsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CorTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions which are available at http://chapter11.epiqsystems.com/nortel).

Summary of Monthly Fee and Expense Invoices:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 06/25/09 | 01/14/09-04/30/09 | $895,161.29 | $75,312.95 | $895,161.29 | $75,312.95 |
| 08/20/09 | 05/01/09-05/31/09 | 250,000.00 | 60,669.79 | 250,000.00 | 60,669.79 |
| 09/10/09 | 06/01/09-06/30/09 | 250,000.00 | 31,046.62 | 250,000.00 | 31,046.62 |
| 09/10/09 | 07/01/09-07/31/09 | 250,000.00 | 36,161.19 | 250,000.00 | 36,161.19 |
| 10/16/09 | 08/01/09-08/31/09 | 250,000.00 | 27,706.80 | 250,000.00 | 27,706.80 |
| 11/24/09 | 09/01/09-09/30/09 | 250,000.00 | 48,753.05 | 250,000.00 | 48,753.05 |
| 11/24/09 | 10/01/09-10/31/09 | 250,000.00 | 29,864.77 | 250,000.00 | 29,864.77 |
| 02/24/10 | 11/01/09-11/30/09 | 5,791,000.00 | 27,490.70 | 5,791,000.00 | 27,490.70 |
| 02/24/10 | 12/01/09-12/31/09 | 5,177,000.00 | 28,366.03 | 5,177,000.00 | 28,366.03 |
| 02/25/10 | 01/01/10-01/31/10 | 250,000.00 | 32,342.00 | 250,0000.00 | 32,3420.00 |
| 06/04/10 | 02/01/10-02/28/10 | 250,000.00 | 3,754.76 | 250,000.00 | 3,754.76 |
| 06/04/10 | 03/01/10-03/31/10 | 3,657,000.00 | 6,875.81 | 3,657,000.00 | 6,875.81 |
| 06/04/10 | 04/01/10-04/30/10 | 250,000.00 | 24,502.41 | 250,000.00 | 24,502.41 |
| 09/10/10 | 05/01/10-05/31/10 | 1,562,000.00 | 6,947.83 | 1,562,000.00 | 6,947.83 |
| 09/10/10 | 06/01/10-06/30/10 | 250,000.00 | 9,950.24 | 250,000.00 | 9,950.24 |
| 09/10/10 | 07/01/10-07/31/10 | 250,000.00 | 19,020.70 | 250,000.00 | 19,020.70 |
| 11/09/10 | 08/01/10-08/31/10 | 250,000.00 | 10,459.89 | 250,000.00 | 10,459.89 |
| 11/09/10 | 09/01/10-09/30/10 | 250,000.00 | 3,170.40 | 250,000.00 | 3,170.40 |
| 11/24/10 | 10/01/10-10/31/10 | 250,000.00 | 4,988.32 | 250,000.00 | 4,988.32 |
| 03/01/11 | 11/01/10-11/30/10 | 250,000.00 | 2,371.33 | 250,000.00 | 2,371.33 |
| 03/01/11 | 12/01/10-12/31/10 | 250,000.00 | 9,358.66 | 250,000.00 | 9,358.66 |
| 03/01/11 | 01/01/11-01/31/11 | 250,000.00 | 5,509.80 | 250,000.00 | 5,509.80 |
| TBD | 02/01/11-02/28/11 | 250,000.00 | 479.89 | 0.00 | 0.00 |
| Current | 03/01/11-03/31/11 | 250,000.00 | 556.29 | 0.00 | 0.00 |

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTEL NETWORKS Inc, et al.[1], | ) | Case No. 09-10138 (KG) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Objection Deadline: June 16, 2011 @ 4:00 p.m. |

**TWENTY-FOURTH MONTHLY APPLICATION OF LAZARD FRERES & CO. LLC, FINANCIAL ADVISOR AND INVESTMENT BANKER TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MARCH 1, 2011 THROUGH MARCH 31, 2011**

Lazard Frères & Co. LLC, ("Lazard"), Investment Banker and Financial Advisor to Nortel Networks, Inc. ("NNI" and together with other debtor and non-debtor affiliates, "Nortel"), and certain of its subsidiaries and affiliates (collectively, the "Debtors"), hereby submits its Twenty-Fourth Monthly Fee Application (the "Application") pursuant to sections 331 of title 11 of the United States Code (the "Bankruptcy Code) and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for an allowance of compensation for professional services rendered and for reimbursement of actual and necessary expenses incurred in connection with such services from March 1, 2011 through and including March 31, 2011 (the "Compensation Period") as set forth in their engagement letter (the "Engagement Letter"), attached hereto as

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation ("NNCC") (9620), Nortel Allsystems Inc. (9769), Nortel Allsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CorTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions which are available at http://dm.epiq11.com/nortel).

**Exhibit A**, as amended by a February 26, 2010 Order Approving an Amendment to the Terms of Compensation of Lazard Freres & Co. LLC. as Financial Advisor and Investment Banker for the Debtors and Debtors-in-Possession [Docket No. 2561] (the "Amendment Order") attached hereto as **Exhibit B**. Pursuant to the Administrative Order of this Court dated February 4, 2009 [Docket No. 128] approving procedures for interim compensation and reimbursement of professionals, Lazard seeks interim allowance in aggregate amount of **$250,556.29** for financial advisory services provided to the debtors. In support of this Application, Lazard respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157 (b) (2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On January 14, 2009 (the "Petition Date"), the debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code. Pursuant to sections 1107 and 1108 the Bankruptcy Code, the debtors have continued to operate their businesses and manage their properties as debtors in possession since the Petition Date.

3. This Application is submitted pursuant to the terms of the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses dated February 4, 2009 (the "Administrative Order").

4. On March 20, 2009, this Court entered certain Order Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014 and Local Rule 2014- authorizing the retention and employment of Lazard Freres & Co. LLC as financial advisor and investment banker to the Debtors nunc pro tunc to the petition date (the "Retention Order"), attached hereto as **Exhibit C.**

5. On August 27, 2010, Nortel obtained orders from the Court approving the sale of Nortel's Multi Service Switch (MSS) businesses (the "MSS businesses"). The Debtors, with Lazard's assistance, reached a "stalking horse" asset sale agreement with PSP Holding LLC (PSP), a special purpose entity to be fully funded at closing by Marlin Equity Partners and Samnite Technologies Inc., for a purchase price of approximately $39 million in cash. Following a formal auction of the MSS businesses held on September 25, 2010, Telefonaktiebolaget LM Ericsson ("Ericsson") emerged as the winning bidder for a purchase price of approximately $65 million in cash. On or around March 11, 2011, Nortel completed the sale of the MSS businesses.

## COMPENSATION REQUEST

6. Lazard seeks allowance of compensation for professional services rendered to the Debtor during the Compensation Period in the aggregate amount $250,000.00 and for reimbursement of expenses incurred in connection with the rendition of such services in the aggregate amount of $556.29, for a total award $250,556.29 (the "Total Compensation Amount").

7. In addition, in accordance with Schedule I of the Engagement Letter as amended by the Amendment Order, Lazard is seeking a Minority Sale Transaction Fee of

$645,503.00 for the sale of the MSS businesses. The transaction fee is calculated below and based on an aggregate consideration of $57,657,462.00 for the MSS businesses.

| MSS | | | Aggregate Consideration | $58 |
|---|---|---|---|---|
| **TRANSACTION FEES** | | | | |
| AGGREGATE | SCHEDULE | INCREMENT | FEE (%) | FEE ($) |
| $25 | $25 | $25 | 2.50% | $0.625 |
| 50 | 25 | 25 | 2.20% | 0.550 |
| 58 | 50 | 8 | 1.75% | 0.134 |
| 58 | 100 | - | 1.30% | - |
| 58 | 100 | - | 1.10% | - |
| 58 | 100 | - | 1.00% | - |
| 58 | 100 | - | 0.90% | - |
| 58 | 100 | - | 0.86% | - |
| 58 | 100 | - | 0.82% | - |
| 58 | 100 | - | 0.78% | - |
| 58 | 100 | - | 0.74% | - |
| 58 | remainder | - | 0.70% | - |
| **TOTAL** | | **$58** | | **$1.309** |
| | | | 50% Discount | |
| **LAZARD TRANSACTION FEE** | | | | **$0.6545** |

8. The Sale Transaction Fee is calculated by breaking down the Aggregate Consideration into smaller increments as stipulated in the table and multiplying each increment by the corresponding incremental fee. For example, for a transaction in which the Aggregate Consideration paid is $260 million, the fee would be 2.50% of the first $25 million, 2.20% of the next $25 million, 1.75% of the next $50 million, 1.30% of the next $100 million, and then 1.10% of the final $60 million (for a total fee of $4.01 million). In accordance with section 3(d)(A) of the Engagement Letter, the Lazard Sale Transaction Fee equals 50% of the total fee calculated in Schedule I.

9. In accordance with paragraph 8 of the Amendment Order, one half of each Monthly Fee that becomes payable on or after July 1, 2009, but before January 1, 2011, and is

paid thereafter, shall be credited against any Restructuring/Breakup Fee, Sale Transaction Fee, Minority Sale Transaction Fee or IP Transaction Fee that becomes due and payable under the Engagement Letter. Thus, $875,000.00, representing one half of the Monthly Fees for the period covering June 1, 2010 to December 31, 2010, and $750,000.00, representing all of the Monthly Fees for the period covering January 1, 2011 to March 31, 2011, is hereby credited against the Minority Sale Transaction Fee for the MSS Businesses of $645,503.00, reducing the applied compensation to $0.00.

10. After giving effect to the Monthly Fees credited against the Minority Sale Transaction Fee for the MSS Businesses, there is $970,497.00 of Monthly Fee credits to be applied against any Restructuring/Breakup Fee, Sale Transaction Fee, Minority Sale Transaction Fee or IP Transaction Fee that becomes due and payable under the Engagement Letter.

11. For the convenience of the Court and all parties in interest, attached hereto as **Exhibit D** is a summary setting forth the name of each professional for whose work on these reorganization cases compensation is sought and the details of hours expended by those professionals. In addition, attached hereto as Exhibit E is a summary of fee calculation and the details of expenses incurred during the Compensation Period.

## SUMMARY OF SERVICES

12. The Managing Director, Vice President and Analyst of Lazard who have rendered professional services during the Compensation Period in these cases are as follows: David Descoteaux (Managing Director); Colin Keenan (Vice President); and Justin Lux (Analyst).

13. During the Compensation Period, the Debtors relied heavily on the experience and expertise of the above-named persons in dealing with matters described in Paragraph 12. As a result, Lazard's highly skilled restructuring professionals devoted significant time and effort to perform properly and expeditiously the required professional services.

14. A summary of some of the services rendered by Lazard during the Compensation Period are as follows:

- a) Meetings/Calls with Company Management: Lazard professionals have participated in calls and meetings with Company management to discuss the Chapter 11 process, strategy, and the IP sale process. In addition, Lazard professionals have participated in planning sessions and meetings with the Debtor and its legal counsel concerning process and strategy issues related to the bankruptcy.
- b) Preparation and Participation in Meetings with Creditors: Lazard prepared, reviewed, advised and assisted in the preparation of various presentation materials for each of the Debtor's creditor constituents. In addition, Lazard has engaged in bi-weekly conversations with the various creditor advisors.
- c) IP Assets Marketing Process: Lazard devoted significant time and resources marketing the Company's intellectual property assets. Lazard helped to field diligence questions as well as offering feedback on structuring alternatives and process. In addition, Lazard assisted the Company's counsel in the review of legal documents.
- d) Sale of MSS Businesses: Lazard's devoted significant time and effort to spur buyer interest throughout the sale process, which resulted in the successful sale to Ericsson.
    - i) Management of Sales Process - Lazard assisted the Debtors in conducting a comprehensive M&A sale process for the MSS businesses which included the following: (1) compiled a comprehensive contact list of potential buyers and solicited interest from these potential buyers, (2) distributed confidentiality agreements and process letters to interested parties, (3) provided answers to due diligence questions and participated in calls with management, (4) received and analyzed indications of interest submitted by interested buyers, (5) contacted interested parties which were selected to proceed to the next phase of the sale process, (6) assisted buyers in completing their due diligence, (7) notified interested parties of the requirement for submission of

        final offers, (8) received and analyzed offers received from interested parties, and (9) assisted in the negotiation of final terms.

ii) Valuation of Offers – Lazard prepared certain valuation analyses related to offers for the MSS businesses and presented these findings to various parties including the Debtors' management, the Board of Directors, the Unsecured Creditors' Committee and the Court.

iii) Court Testimony – Lazard provided testimony before this Court on several occasions with respect to (i) the bidding procedures, (ii) the value of the transaction, and (iii) the auction process with respect to the MSS businesses.

## CONCLUSION

10. It is respectfully submitted that the amount requested by Lazard is fair and reasonable given (a) the complexity of the issues presented, (b) the time and labor required, (c) the skill necessary to perform the financial advisory services, (d) the preclusion of other employment, and (e) the customary fees charged to clients in bankruptcy and non-bankruptcy situations.

11. No agreement or understanding exists between Lazard and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

12. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

WHEREFORE Lazard respectfully requests (i) an interim allowance of compensation for professional services rendered during the Compensation Period in the amount of $250,556.29.

| | |
|---|---|
| Total Amount of Compensation Requested: | **$250,556.29** |
| Less: Amounts Paid to Date: | **($0.00)** |
| Net Amount of Compensation Requested: | **$250,556.29** |

Dated:      May 27, 2011
New York, New York

LAZARD FRÈRES & CO. LLC

_____
Colin Keenan
Vice President
Lazard Frères & Co. LLC
30 Rockefeller Plaza, 61st Floor
New York, NY 10020
(212/632-6000)
Investment Banker and Financial Advisor
to the Debtors

## VERIFICATION

COLIN KEENAN, being duly sworn, deposes and says:

1. I am a Vice President of Lazard Frères & Co. LLC ("Lazard"), which maintains offices for providing investment banking services at 30 Rockefeller Plaza, New York, New York 10020. Lazard has acted as an investment banker and financial advisor to and rendered professional services on behalf of Nortel Networks, Inc., et al. (the "Debtors").

2. This affidavit is submitted pursuant to Bankruptcy Rule 2016 in connection with Lazard's application (the "Application") for Allowance of Compensation and Reimbursement of Expenses for the time period of March 1, 2011 through and including March 31, 2011 in the amount of **$250,556.29.**

3. All of the services for which compensation is sought by Lazard were performed for and on behalf of the Debtors and not on behalf of any other person.

4. No agreement or understanding exists between Lazard and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

Colin Keenan
Vice President

Sworn to before this 27 day of May 2011

Notary Public, State of New York

JUDITH A. GOLDWATER
Notary Public, State of New York
No. 01GO6136881
Qualified in Westchester County
Certificate Filed in New York County
Commission Expires 11/19/2013