# EXHIBIT B

# Amendment Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X

*In re*

Nortel Networks Inc., *et al.*,[1]

              Debtors.

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

Re: D.I. 294, 507, 2397

---------------------------------------------------------------X

## ORDER APPROVING AN AMENDMENT TO THE TERMS OF COMPENSATION OF LAZARD FRÈRES & CO. LLC AS FINANCIAL ADVISOR AND INVESTMENT BANKER FOR THE DEBTORS AND DEBTORS IN POSSESSION

Upon the Application dated February 9, 2010 (the "Application")[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Application, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), authorizing an amendment to the terms of compensation previously approved with respect to the retention of Lazard Frères & Co. LLC ("Lazard") as financial advisor and investment banker to the Debtors; and adequate notice of the Application having been given as set forth in the Application; and it appearing that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Application.

no other or further notice is necessary; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief requested in the Application, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED.

2. The Amended Fee Structure is approved, subject to further amendments and clarifications provided below, and the Fee Cap is hereby removed.

3. Lazard may not charge, and the Debtors are not authorized to pay, the Restructuring/Breakup Fee if Lazard charges, and the Debtors pay, with this Court's approval upon hearing, the Sale Transaction Fee.

4. Lazard may not charge, and the Debtors are not authorized to pay, the Sale Transaction Fee if Lazard charges, and the Debtors pay, with this Court's approval upon hearing, the Restructuring/Breakup Fee.

5. The Engagement Agreement shall be amended to include a new Section 3(d)(C), as follows:

> If the Company consummates a restructuring and reorganization around all or substantially all of the Company's intellectual property assets, Lazard shall be paid a fee (the "IP Transaction Fee") equal to 50% of the fee calculated based on the Aggregate Consideration as set forth in Schedule I hereto; provided, however, that, for purposes of determining the IP Transaction Fee payable under this Section 3(d)(C), the Aggregate Consideration shall be the value of the reorganized entity as provided for, utilized or relied upon by the confirmed plan of reorganization in

2

determining distributions on behalf of creditors' claims; and provided further that the IP Transaction Fee shall not exceed US$5,125,000. For the avoidance of doubt, (i) the preceding sentence shall not apply in determining any Minority Sale Transaction Fee payable with respect to any sale of the Company's interest in any intellectual property assets, which shall be covered by Section 3(d)(B) and (ii) no previously paid Restructuring/Breakup Fee, Sale Transaction Fee, Minority Sale Transaction Fee, Financing Fee or Other Transaction Fee shall be creditable against the IP Transaction Fee.

6. For the avoidance of doubt, multiple Minority Sale Transaction Fees may be payable pursuant to Section 3(d)(B) of the Engagement Agreement (regardless of whether the applicable Minority Sale Transactions involve, in the aggregate, all or a majority of the assets of the Debtors) and, notwithstanding anything to the contrary in Section 3 of the Engagement Agreement, the aggregate amount of all Minority Sale Transaction Fees payable may exceed US$15 million, provided, however, that the maximum amount of Minority Sale Transaction Fees that may be paid to Lazard in respect of the transactions that have received final Bankruptcy Court approval prior to February 1, 2010, is US$15 million.

7. In addition, with respect to any fees chargeable by Lazard to Nortel under Section 3(d) of the Engagement Agreement for any transaction that has not been approved by this Court prior to February 1, 2010, any such fees shall become due and payable on the date that the Debtors make a distribution or distributions equal to or exceeding 35% of the amount estimated in an approved disclosure statement for distribution to general unsecured creditors under a Bankruptcy Court approved plan. For the avoidance of doubt, the preceding sentence shall not apply to (a) any Monthly Fee, (b) reimbursement of any expenses pursuant to Section 3(h) of the Engagement Agreement, or (c) any payment that may become payable pursuant to the indemnification, contribution and related provisions of that certain Indemnification Agreement dated March 29, 2005, as approved by the Original Retention Order.

8. One-half of each Monthly Fee that becomes payable on or after July 1, 2009, but before January 1, 2011, and is paid thereafter, shall be credited against any Restructuring/Breakup Fee, Sale Transaction Fee, Minority Sale Transaction Fee or IP Transaction Fee that becomes due and payable under the Engagement Agreement.

9. One-hundred percent of each Monthly Fee that becomes payable on or after January 1, 2011 and is paid thereafter shall be credited against any Restructuring/Breakup Fee, Sale Transaction Fee, Minority Sale Transaction Fee or IP Transaction Fee that becomes due and payable under the Engagement Agreement.

10. For the avoidance of doubt, except to the extent that Lazard has provided significant services with respect thereto, Lazard may not charge, and the Debtors are not authorized to pay, any fees with respect to: (a) any sale solely involving Nortel's interest in real properties, wherever located, including, without limitation, properties located in Ottawa, Ontario and Richardson, Texas; (b) any sale of Nortel's interest in LG-NT joint venture, GDNT, or any other Nortel joint venture; or (c) any dividend paid to Nortel from the LG-NT joint venture, GDNT, or any other Nortel joint venture.

11. Effective as of the date of this Order, the retention and employment of Lazard as financial advisor and investment banker to the Debtors shall continue, without interruption, pursuant to the terms of the Engagement Agreement as modified by this Order.

12. Lazard shall continue to be compensated in accordance with the terms set forth in the Engagement Agreement as modified by the Amended Fee Structure and this Order, and as set forth in paragraph 4 of the Original Retention Order.

13. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its

entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

14. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: February 26, 2010

                                              HONORABLE KEVIN GROSS
                                              UNITED STATES BANKRUPTCY JUDGE