**EXHIBIT A**
**PROPOSED ORDER**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
: Chapter 11
:
*In re* :
: Case No. 09-10138 (KG)
:
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
:
: **RE: D.I. _____**
:
---------------------------------------------------------X

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
CASSIDY TURLEY CPS AS BROKER FOR THE DEBTORS
*NUNC PRO TUNC* TO MARCH 31, 2011**

Upon the motion (the "Application")[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Application of the Debtors to Retain and Employ Cassidy Turley CPS ("Cassidy Turley" or the "Firm") as broker for the Debtors in connection with the negotiation of the sublease of certain real property located in Santa Clara, California (the "Property"), *nunc pro tunc* to March 31, 2011; and upon the Berry Declaration; and adequate notice of the Application having been given as set forth in the Application; and it appearing that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

no other or further notice is necessary; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief requested in the Application, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED.

2. Pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors are authorized to employ and to retain Cassidy Turley, to serve as their broker for the Debtors in connection with the negotiation of the sublease of certain real property located in Santa Clara, California, (the "Property") *nunc pro tunc* to March 31, 2011, under the terms and conditions set forth in that certain Exclusive Sublease Listing Agreement dated as of March 31, 2011, by and between the Debtors and Cassidy Turley (the "Agreement") as amended by that certain First Amendment to Exclusive Sublease Listing Agreement, dated as of May 19, 2011 and attached hereto as Exhibit D (the "Amended Agreement", collectively with the Agreement, the "Agreements").

3. The Fee Structure and the reimbursement of expenses, set forth in the Agreement, are approved pursuant to sections 328(a) and 330 of the Bankruptcy Code.

2

4. Cassidy Turley shall be compensated for fees and reimbursed for expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of the Court, and such other procedures as may be fixed by Order of this Court, from time to time, including without limitation this Court's February 4, 2009 Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members [D.I. 222] (the "Interim Compensation Order"), and consistent with the proposed compensation arrangement set forth in the Agreement. For avoidance of doubt, the rate on a month-to-month sublease will be 50% of the first full month of the base monthly rental payment calculated pursuant to the first paragraph of Schedule 1, section B, and not to exceed $6,000.00.

5. The Debtors are authorized to indemnify and hold harmless Cassidy Turley as set forth in Section 9.1 of the Agreement, to the maximum extent permitted by law. The Debtors will not be responsible for indemnifying Cassidy Turley with respect to any losses, claims, damages, settlements, judgments, awards, expenses, costs, liabilities, actions, proceedings and investigations to the extent liability is found in a final judgment by a court of competent jurisdiction to have resulted primarily from Cassidy Turley's negligence or willful misconduct. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Cases, Cassidy Turley believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Agreement, including without limitation the advancement of defense costs, Cassidy Turley must file an application therefore in this Court, and the Debtors

may not pay any such amounts to Cassidy Turley before the entry of an order by this Court approving the payment. This subparagraph (b) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Cassidy Turley for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Cassidy Turley. All parties in interest shall retain the right to object to any demand by Cassidy Turley for indemnification, contribution or reimbursement.

6. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, orders of this Court or any guidelines regarding submission and approval of fee applications, in light of services to be provided by Cassidy Turley and the structure of Cassidy Turley's compensation pursuant to the Agreement, Cassidy Turley and its professionals shall be excused from maintaining time records as set forth in Local Rule 2016 in connection with the services to be rendered pursuant to the Agreement; provided, however, that Cassidy Turley shall instead present to the Court records (in summary format) of all services rendered to the Debtors including reasonably detailed descriptions of those services, the approximate time expended in providing those services and the individuals who provided those services.

7. Notwithstanding anything in this Order to the contrary, the United States trustee for the District of Delaware shall retain all rights to object to any Cassidy Turley fee application based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

8. Cassidy Turley is authorized to perform any and all services for the Debtors that are necessary or appropriate in connection with the services described in the Application.

9. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2011
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE