Court File No. 09-CL-7950

ONTARIO
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

IN THE MATTER OF THE COMPANIES' CREDITORS ARRANGEMENT ACT,
R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,
NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS
INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY
CORPORATION

APPLICATION UNDER THE COMPANIES' CREDITORS ARRANGEMENT
ACT,
R.S.C. 1985, c. C-36, AS AMENDED

**BOOK OF AUTHORITIES OF THE CCC**
**(Motion Returnable June 7, 2011)**

**KOSKIE MINSKY LLP**
20 Queen Street West, Suite 900,
Toronto, Ontario
Canada M5H3R3

Mark Zigler / Susan Philpott
Telephone: (416) 595-2090
Facsimile: (416) 204-2877
Email: mzigler@kmlaw.ca
Email: sphilpott@kmlaw.ca

Counsel for The Canadian
Former Employees and Disabled
Employees through their Court
Appointed Representative

**CAW-CANADA LEGAL DEPARTMENT**
205 Placer Court
Toronto, ON  M2H 3H9

Barry Wadsworth
Telephone:  (416) 495-3776
Facsimile:   (416) 495-3786
Email:  Barry.Wadsworth@caw.ca

Counsel for the Canadian Autoworkers Union


**MCCARTHY TETRAULT**
TD Bank Tower, Suite 5300
Toronto Dominion Centre
66 Wellington Street West
Toronto ON M5K 1E6

James Gage / Barbara Boake
Telephone: (416) 362-1812
Facsimile: (416) 868-0673
Email: jgage@mccarthy.ca
Email: bboake@mccarthy.ca

Counsel for Morneau Sobeco Limited Partnership


**PALIARE ROLAND ROSENBERG ROTHSTEIN LLP**
250 University Avenue, Suite 501
Toronto, Ontario
M5H 3E5

Ken Rosenberg / Massimo Starnino
Telephone: (416) 646-4300
Facsimile:   (416) 646-4301
Email: ken.rosenberg@paliareroland.com
Email: max.starnino@paliareroland.com

Counsel for the Superintendent of Financial Services as Administrator of the Pension Benefits Guarantee Fund

# INDEX

**TAB**

1. *C.U.P.E.* v. *Canadian Broadcasting Corp.* [1992] CarswellOnt 918 (S.C.C.)

2. *80 Wellesley St. East Ltd.* v. *Fundy Bay Builders Ltd.* [1972] CarswellOnt 1010 ( C.A.)

# TAB 1

1992 CarswellOnt 918, 4 Admin. L.R. (2d) 294, 92 C.L.L.C. 14,024, 137 N.R. 7, 91 D.L.R. (4th) 767, 54 O.A.C. 161, [1992] 2 S.C.R. 7, J.E. 92-918

1992 CarswellOnt 918, 4 Admin. L.R. (2d) 294, 92 C.L.L.C. 14,024, 137 N.R. 7, 91 D.L.R. (4th) 767, 54 O.A.C. 161, [1992] 2 S.C.R. 7, J.E. 92-918

C.U.P.E. v. Canadian Broadcasting Corp.

INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES v. CANADIAN UNION OF PUBLIC EMPLOYEES, CANADIAN BROADCASTING CORPORATION, S.A. TACON, DOUGLAS G. GILBERT and LESLIE SANDERS and NATIONAL ASSOCIATION OF BROADCAST AND ELECTRONIC TECHNICIANS

Supreme Court of Canada

Lamer C.J.C., La Forest, Sopinka, Gonthier, Cory, McLachlin and Iacobucci JJ.

Heard: May 7, 1992
Oral reasons: May 7, 1992
Written reasons: May 21, 1992[FN*]
Docket: Doc. No 22061

© Thomson Reuters Canada Limited or its Licensors (excluding individual court documents). All rights reserved.

Counsel: *Thomas W.G. Pratt*, for appellant.

*Douglas J. Wray*, for respondent Canadian Union of Public Employeese.

*Thomas Brady*, for respondent Canadian Broadcasting Corporation.

*Barrie Chercover*, for respondent National Association of Broadcast and Electronic Technicians.

Subject: Public; Labour and Employment

Labour Law --- Labour arbitrations — Jurisdiction of arbitration board — Source — Collective agreement.

Labour Law --- Labour arbitrations — Natural justice.

Procedural fairness — Notice of arbitration under collective agreement — Union grieving against assignment of work to other unions — Other unions entitled to notice of arbitration proceedings.

Labour law — Arbitration — Natural justice — Notice — Union grieving against assignment of work to other unions — Other unions entitled to notice of arbitration proceedings.

The International Alliance of Theatrical Stage Employees obtained leave to appeal to the Supreme Court of Canada from the judgment of the Ontario Court of Appeal (reported at p. 286 ante).

**Held:**

1992 CarswellOnt 918, 4 Admin. L.R. (2d) 294, 92 C.L.L.C. 14,024, 137 N.R. 7, 91 D.L.R. (4th) 767, 54 O.A.C. 161, [1992] 2 S.C.R. 7, J.E. 92-918

The appeal was dismissed.

By virtue of the principles of fairness and natural justice, the unions were entitled to notice of the arbitration proceedings involving a grievance by another union over the allocation of work to those other unions. However, it was incorrect to hold that the arbitrator thereby acquired jurisdiction to determine the jurisdictional dispute among the parties. That would depend on the decision of the parties once notice had been given on whether to allow the arbitrator to deal with the matter by consent or whether to refer it to the Canada Labour Relations Board.

Appeal from judgment of Ontario Court of Appeal, reported at (1990), 4 Admin. L.R. (2d) 286, 38 O.A.C. 231, 70 D.L.R. (4th) 175, 90 C.L.L.C. 14,025, setting aside an arbitral award.

*Per curiam*:

1    The Court of Appeal quashed the award of the Arbitration Board dated December 4, 1987 [reported at (1990), 4 Admin. L.R. (2d) 286, 38 O.A.C. 231, 70 D.L.R. (4th) 175, 90 C.L.L.C. 14,025]. It did so on the grounds that the failure to give notice of the arbitration to the Canadian Union of Public Employees and to the National Assn. of Broadcast and Electronic Technicians when the result of the arbitration could have a significant effect upon those unions constituted a denial of natural justice. We agree with the conclusion and disposition on that ground.

2    In obiter comments the Court of Appeal went on to indicate that the arbitrator hearing the appellant's grievance would have jurisdiction, despite the absence of the consent of all parties concerned, to determine the jurisdictional dispute involving the three unions. The respondents did not seek to uphold that portion of the reasons of the Court of Appeal. They were right to take that position. The issue does not appear to have been argued below and it was in those circumstances inappropriate to make any such determination.

3    What transpires once notice of the arbitration is given, will be up to the parties. For example, they may consent to submit to the jurisdiction of the arbitrator so that the jurisdictional dispute of the unions can be resolved. Alternatively, they may wish to take steps to attempt to have the matter determined by the Canada Labour Relations Board. Whatever steps may be taken by the parties, the court cannot, simply by its order, bestow upon an arbitrator jurisdiction that does not flow either from a statutory provision or from the consent of the parties.

4    The important issue resolved by this appeal is that those to be significantly affected by the arbitration should receive notice of the proceedings. Fairness and natural justice require no less. No other judicial disposition should be made at this stage.

5    In the result, the appeal is dismissed with costs.

*Appeal dismissed.*

FN* This is an appeal of a decision of the Ontario Court of Appeal reported at p. 286 ante.

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. Govt. Works

# TAB 2

1972 CarswellOnt 1010, [1972] 2 O.R. 280, 25 D.L.R. (3d) 386

1972 CarswellOnt 1010, [1972] 2 O.R. 280, 25 D.L.R. (3d) 386

01; 35821093080 Wellesley St. East Ltd. v. Fundy Bay Builders Ltd.

80 Wellesley St. East Ltd. v. Fundy Bay Builders Ltd. et al.

Ontario Court of Appeal

MacKay, J.A., McGillivray, J.A., Brooke, J.A.

Oral reasons: February 25, 1972
Docket: None given.

© Thomson Reuters Canada Limited or its Licensors (excluding individual court documents). All rights reserved.

Counsel: B. Chernos, for plaintiff, appellant

R.G. Lord, for defendants, respondents

Subject: Property; Insolvency; Contracts

Sale of Land — Agreement of purchase and sale — Assignment of rights and obligations under contract — By purchaser — Rights as between assignee and vendor

Purchaser assigning agreement — Registration of assignment on title to secure return of deposit — Application to expunge registration — Jurisdiction of Court — Judicature Act, R.S.O. 1970, c. 228, s. 19(1).

Plaintiff agreed to sell lands to F. but the transaction was not closed. F. assigned the agreement to C. and the assignment was registered on the title to the lands. Plaintiff subsequently agreed to sell the lands to another party and applied for an order expunging the assignment from the title. F. and C. counterclaimed asserting a lien against the property to secure return of the deposit paid to plaintiff. Plaintiff had offered adequate security for return of the deposit. Held, the application should be allowed. In view of the security offered, plaintiff had the right to have its title cleared. S. 19(1) of the Act gave the Court jurisdiction to make a mandatory order, even though interlocutory, directed to a party to the action, if it was just and convenient to do so, and in this way to require defendants to do such acts as might be necessary to effectively remove the assignment.

*Brooke, J.A.*:

1    This is an appeal from the order of the Honourable Mr. Justice Wright dated January 26, 1972, whereby he dismissed the plaintiff's application for an order expunging or vacating the assignment in writing of an agreement of purchase and sale from the title to the plaintiff's lands upon the plaintiff furnishing adequate security in lieu of the interest in land, if any, created by the assignment.

2    The action arises out of an agreement of purchase and sale dated December 3, 1968, between the plaintiff and

1972 CarswellOnt 1010, [1972] 2 O.R. 280, 25 D.L.R. (3d) 386

the defendant Fundy Bay Builders Limited of the plaintiff's lands which transaction was to close on June 30, 1970, but did not close. By assignment in writing dated December 30, 1968, the defendant Fundy Bay Builders Ltd. assigned the agreement to the defendant Cape Jones Securities Limited and this assignment was registered on the title to the plaintiff's lands on January 10, 1969, in the Registry Office for the Registry Division of the East and West Riding of the Country of York.

3   On October 2, 1970, the plaintiff commenced this action and the defendants served their defence and counterclaim on March 14, 1971. By an agreement in writing dated both February 25, 1971, and March 1, 1971, the plaintiff agreed to sell the lands in question for $415,000. The lands are subject to a first mortgage in the sum of $205,000 and this was so at the time of the proposed sale to the defendant Fundy Bay Builders Ltd. As a part of the purchase price in the pending transaction the plaintiff has agreed to take back a second mortgage of $130,000 (a sum which is $30,000 in excess of the amount claimed by the defendant in the pending action as a return of its deposit).

4   The material before Wright, J., made it clear that if the assignment in question is not removed from the title to the plaintiff's lands, the pending transaction will abort. The plaintiff proposes then that the second mortgage in the sum of $130,000 which bears interest at the rate of 8 1/2% per annum and matures on June 30, 1975, be held in trust pending the determination of the action in place of, and as security for, the lien which the defendants contend they are entitled to in the sum of $100,000 to secure the return of the deposit moneys which they have paid. It is significant that the lien, if it exists, was subsequent to the first mortgage above referred to.

5   Briefly, the action can be described as an action in which the plaintiff claims for an order to expunge the assignment of the agreement of purchase and sale from its title and for a judgment declaring that the defendants have no interest in the land. The plaintiff claims that the defendants were in default under the agreement and not entitled to the return of the deposit moneys and that the plaintiff terminated the contract. The defendants defend alleging the agreement of purchase and sale was unenforceable as it was void for uncertainty and, alternatively, that the plaintiff had failed to fulfill certain of its covenants in the agreement and, finally, that the defendants were ready, willing and able to carry out the transaction but that the plaintiff elected to terminate it and the defendants are therefore entitled to be repaid the deposit moneys together with interest.

6   The defendants assert a lien against the property to secure the return of the deposit moneys. By way of counterclaim the defendants claim for the lien and the return of the deposit moneys and interest and damages.

7   It appears Wright, J., believed that the security which was proposed was adequate but found that he had no jurisdiction to require the defendants to look to such security for satisfaction of their claim in lieu of the assignment. His brief reasons for judgment are as follows:

> Although I agree with Mr. Teplitsky that what he offers is reasonably better than what the defendants now have, I consider that I have no power to force it on an unwilling defendant as trustee.

8   The plaintiff sought and obtained leave from the Honourable Mr. Justice Lerner to appeal to this Court, who, in his reasons expressly agreed with the view of Wright, J., with respect to the adequacy of the security proposed and after considering some of the authorities, concluded that there was good reason to doubt that there was an absence of jurisdiction to make the order sought.

9   In our view, Wright, J., was in error. As a superior Court of general jurisdiction, the Supreme Court of Ontario has all of the powers that are necessary to do justice between the parties. Except where provided specifically to the contrary, the Court's jurisdiction is unlimited and unrestricted in substantive law in civil matters. In *Re Michie Estate and City of Toronto et al.*, [1968] 1 O.R. 266 at pp. 268-9, 66 D.L.R. (2d) 213 at pp. 215-6, Stark, J., after considering the relevant provisions of the *Judicature Act* and the authorities, said:

© 2011 Thomson Reuters. No Claim to Orig. Govt. Works

1972 CarswellOnt 1010, [1972] 2 O.R. 280, 25 D.L.R. (3d) 386

12     While I have some doubts that the defendants are able to assert such a claim in these circumstances, conceding for the moment that they are entitled to do so and will succeed, if they seek equity — they must do equity. The security offered by the plaintiff is more than adequate and the defendants ought to be required to accept that security in lieu of the lien which they claim. The result to them is the same but the continuation of the registration of the assignment is a cause of loss to the plaintiff which ought to be avoided, if possible. On the face of it, it therefore appears just and convenient that the order sought should be made.

13     In all the circumstances, then, we think that Mr. Justice Wright was in error — that he had jurisdiction to make the order sought before him and an order should go that upon the providing of the security proposed, which is a second mortgage on the property which matures June 30, 1975, in the sum of $130,000 bearing interest at the rate of 8 $\frac{1}{2}$% payable to the defendants and assigned to a trustee, to be agreed upon, to abide the outcome of this action, the defendants should remove from the title to the lands the assignment of the agreement of purchase and sale here in question.

14     The plaintiff is entitled to its costs of the motion before Wright, J., the application for leave to appeal and its costs in this Court.

15     *Appeal allowed.*

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. Govt. Works

Court File No. 09-CL-7950

APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

ONTARIO
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)
Proceeding commenced in Toronto

BOOK OF AUTHORITIES OF THE CCC
(Motion Returnable June 7, 2011)

**KOSKIE MINSKY LLP**
Mark Zigler / Susan Philpott
Tel: (416) 595-2090 / Fax: (416) 204-2877

Counsel for The Canadian Former Employees and Disabled Employees through their Court Appointed Representative

**CAW-CANADA LEGAL DEPARTMENT**
Barry Wadsworth
Tel: (416) 495-3776 / Fax: (416) 495-3786

Counsel for the Canadian Autoworkers Union

**MCCARTHY TETRAULT**
James Gage / Barbara Boake
Tel: (416) 362-1812 / Fax: (416) 868-0673

Counsel for Morneau Sobeco Limited Partnership

**PALIARE ROLAND ROSENBERG ROTHSTEIN LLP**
Ken Rosenberg / Massimo Starnino
Tel: (416) 646-4300 / Fax: (416) 646-4301

Counsel to the Superintendent of Financial Services as Administrator of the Pension Benefits Guarantee Fund