502

Escrow Agreement

**SIGNED** in the name and on behalf of **NORTEL NETWORKS SINGAPORE PTE. LIMITED** by

NORTEL NETWORKS LIMITED, as Representative

By:_____
Name:  John Doolittle
Title:   Senior Vice-President, Corporate Services and Chief Financial Officer

By:_____
Name:  Anna Ventresca
Title:   General Counsel – Corporate and Corporate Secretary

**SIGNED** in the name and on behalf of **NORTEL NETWORKS (ASIA) LIMITED** by

NORTEL NETWORKS LIMITED, as Representative

By:_____
Name:  John Doolittle
Title:   Senior Vice-President, Corporate Services and Chief Financial Officer

By:_____
Name:  Anna Ventresca
Title:   General Counsel – Corporate and Corporate Secretary

**SIGNED** in the name and on behalf of **NORTEL NETWORKS (CHINA) LIMITED** by

NORTEL NETWORKS LIMITED, as Representative

By:_____
Name:  John Doolittle
Title:   Senior Vice-President, Corporate Services and Chief Financial Officer

By:_____
Name:  Anna Ventresca
Title:   General Counsel – Corporate and Corporate Secretary

**SIGNED** in the name and on behalf of **NORTEL NETWORKS (THAILAND) LTD.** by

5

503

Escrow Agreement

NORTEL NETWORKS LIMITED, as Representative

By:_____
Name:  John Doolittle
Title:   Senior Vice-President, Corporate Services and Chief Financial Officer

By:_____
Name:  Anna Ventresca
Title:   General Counsel – Corporate and Corporate Secretary

SIGNED in the name and on behalf of **NORTEL VIETNAM LIMITED** by

NORTEL NETWORKS LIMITED, as Representative

By:_____
Name:  John Doolittle
Title:   Senior Vice-President, Corporate Services and Chief Financial Officer

By:_____
Name:  Anna Ventresca
Title:   General Counsel – Corporate and Corporate Secretary

SIGNED in the name and on behalf of **NORTEL NETWORKS DE ARGENTINA, S.A.** by

NORTEL NETWORKS LIMITED, as Representative

By:_____
Name:  John Doolittle
Title:   Senior Vice-President, Corporate Services and Chief Financial Officer

By:_____
Name:  Anna Ventresca
Title:   General Counsel – Corporate and Corporate Secretary

6

[New York #2144975_v11]

504

Escrow Agreement

SIGNED in the name and on behalf of **NORTEL NETWORKS INTERNATIONAL INC.** by

NORTEL NETWORKS INC., as Representative

By: _____
Name:  Anna Ventresca
Title:   Chief Legal Officer


SIGNED in the name and on behalf of **NORTEL NETWORKS (CALA) INC.** by

NORTEL NETWORKS INC., as Representative

By: _____
Name:  Anna Ventresca
Title:   Chief Legal Officer


SIGNED in the name and on behalf of **NORTEL NETWORKS KABUSHIKI KAISHA** by

NORTEL NETWORKS INC., as Representative

By: _____
Name:  Anna Ventresca
Title:   Chief Legal Officer


SIGNED in the name and on behalf of **NORTEL NETWORKS DE GUATEMALA, LTDA.** by

NORTEL NETWORKS INC., as Representative

By: _____
Name:  Anna Ventresca
Title:   Chief Legal Officer


SIGNED for and on behalf of **NORTEL NETWORKS UK LIMITED** (in administration) by **ALAN BLOOM** as Joint Administrator (acting as agent and without personal liability) in the presence of:

)  ...................................................
)  Alan Bloom
)
)
)

7

[New York #2144975 v11]

505

**SIGNED** for and on behalf of **NORTEL NETWORKS UK LIMITED** (in administration) by **CHRISTOPHER HILL** as Joint Administrator (acting as agent and without personal liability) in the presence of:  )
)
)
)
)

.................................................
Christopher Hill

Witness signature

Name: Ardil Salem  )
Address: Herbert Smith LLP, Exchange House, Primrose Street, London EC2A 2HS, England  )

**SIGNED** for and on behalf of **NORTEL NETWORKS NV** (in administration) by **CHRISTOPHER HILL** as Joint Administrator (acting as agent and without personal liability) in the presence of:  )
)
)
)
)

.................................................
Christopher Hill

Witness signature

Name: Ardil Salem  )
Address: Herbert Smith LLP, Exchange House, Primrose Street, London EC2A 2HS, England  )

**SIGNED** for and on behalf of **NORTEL NETWORKS SPA** (in administration) by **CHRISTOPHER HILL** as Joint Administrator (acting as agent and without personal liability) in the presence of:  )
)
)
)

.................................................
Christopher Hill

Witness signature

Name: Ardil Salem  )
Address: Herbert Smith LLP, Exchange House, Primrose Street, London EC2A 2HS, England  )

{Distribution Escrow Agreement}

506

SIGNED for and on behalf of NORTEL    )
NETWORKS (IRELAND) LIMITED (in    )
administration) by DAVID HUGHES as Joint    )    ......................................
Administrator (acting as agent and without    )    David Hughes
personal liability) in the presence of:    )


Witness signature

......................................    )
Name: Maureen Daly    )
Address: William Fry, Fitzwilton House,    )
Wilton Place, Dublin 2, Ireland

[Distribution Escrow Agreement]

507

SIGNED for and on behalf of NORTEL    )
NETWORKS FRANCE S.A.S. (in    )
administration) by Kerry Trigg acting as    )
authorised representative for   Christopher Hill    )
as Joint Administrator (acting as agent and    )
without personal liability) in the presence of:    )

Kerry Trigg

Witness signature

Name:
Address:

**E/I ERNST & YOUNG LLP**
**1 More London Place**
**London**
**SE1 2AF**

[Distribution Escrow Agreement]

508

SIGNED by RICHARD BANBURY          )
Duly authorized for and on behalf of O.O.O.   )
NORTEL NETWORKS in the presence of:   )

........................................................
                                         Richard Banbury

Witness signature

........................................................   )
Name:  *Maxim Deyneka*                    )
Address:  *Russia, Moscow*                )
   *27-2-157, Dubninskaya str.*

[Distribution Escrow Agreement]

509

SIGNED for and on behalf of NORTEL          )
NETWORKS ISRAEL (SALES AND                  )
MARKETING) LIMITED (in administration)      )
by Yaron Har-Zvi and Avi D. Pelossof as Joint )
Israeli Administrators (acting jointly and  )
without personal liability) in connection with )
the Israeli Assets and Liabilities:         )
                                            )
                                            )

הנאמן בהקפאת הליכים

Yaron Har-Zvi ................................................

.................................................

Avi D. Pelossof

Witness signature ....................................

Name:  Itay Lavi
Address:  20 Lincoln St.
          Tel-Aviv, Israel

[Distribution Escrow Agreement]

510

SIGNED by **SHARON ROLSTON**                    )
Duly authorized for and on behalf of **NORTEL**    )
**NETWORKS AG** in the presence of:              )

*Sharon Rolston*
Sharon Rolston

Witness signature

....................................................    )
Name: *Pevihun Yuzici*                    )
Address: *Maidenhead office Park*         )
*Nortel Networks (uk) Limited*
*vestra codt way k.k.*
*s∟b 3 uH*

[Distribution Escrow Agreement]

511

SIGNED for and on behalf of NORTEL )
NETWORKS S.A. (in administration and )
secondary proceedings) by MAÎTRE COSME )          Maître Cosme Rogeau
ROGEAU as *Liquidateur Judiciaire* (acting as )
agent and without personal liability) in the )
presence of:

Witness signature:

.............................................. )
Name: RAJEEV SHARMA FOUGER )
Address:

FTPA
1615 AVENUE FOCH
75116 PARIS (FRANCE)

[Distribution Escrow Agreement]

512

**SIGNED** for and on behalf of **NORTEL NETWORKS BV** (in administration) by **CHRISTOPHER HILL** as Joint Administrator (acting as agent and without personal liability) in the presence of:

)
)
)
)
)

..............................................
Christopher Hill

Witness signature

..............................................
Name: Ardil Salem
Address: Herbert Smith LLP, Exchange House, Primrose Street, London EC2A 2HS, England

)
)
)

**SIGNED** for and on behalf of **NORTEL NETWORKS POLSKA SP Z.O.O.** (in administration) by **CHRISTOPHER HILL** as Joint Administrator (acting as agent and without personal liability) in the presence of:

)
)
)
)
)
)

..............................................
Christopher Hill

Witness signature

..............................................
Name: Ardil Salem
Address: Herbert Smith LLP, Exchange House, Primrose Street, London EC2A 2HS, England

)
)

**SIGNED** for and on behalf of **NORTEL NETWORKS HISPANIA S.A.** (in administration) by **CHRISTOPHER HILL** as Joint Administrator (acting as agent and without personal liability) in the presence of:

)
)
)
)
)

..............................................
Christopher Hill

Witness signature

..............................................
Name: Ardil Salem
Address: Herbert Smith LLP, Exchange House, Primrose Street, London EC2A 2HS, England

)
)
)

[Distribution Escrow Agreement]

513

SIGNED for and on behalf of NORTEL
NETWORKS (AUSTRIA) GMBH (in
administration) by CHRISTOPHER HILL as
Joint Administrator (acting as agent and without
personal liability) in the presence of:

)
)
)
)
)

Christopher Hill

Witness signature

Name: Ardil Salem
Address: Herbert Smith LLP, Exchange House,
Primrose Street, London EC2A 2HS, England

)
)
)

SIGNED for and on behalf of NORTEL
NETWORKS PORTUGAL SA (in
administration) by CHRISTOPHER HILL as
Joint Administrator (acting as agent and without
personal liability) in the presence of:

)
)
)
)
)

Christopher Hill

Witness signature

Name: Ardil Salem
Address: Herbert Smith LLP, Exchange House,
Primrose Street, London EC2A 2HS, England

)
)
)

SIGNED for and on behalf of NORTEL
GMBH (in administration) by
CHRISTOPHER HILL as Joint Administrator
(acting as agent and without personal liability)
in the presence of:

)
)
)
)

Christopher Hill

Witness signature

Name: Ardil Salem
Address: Herbert Smith LLP, Exchange House,
Primrose Street, London EC2A 2HS, England

)
)
)

[Distribution Escrow Agreement]

514

**SIGNED** for and on behalf of **NORTEL
NETWORKS SLOVENSKO S.R.O.** (in
administration) by
Christopher Hill
as Joint Administrator (acting as agent and
without personal liability) in the presence of:

)
)
)
)
)

Christopher Hill

Witness signature

..............................................
Name: Ardil Salem
Address: Herbert Smith LLP, Exchange House,
Primrose Street, London EC2A 2HS, England

)
)
)

**SIGNED** for and on behalf of **NORTEL
NETWORKS S.R.O.** (in administration) by
Christopher Hill
as Joint Administrator (acting as agent and
without personal liability) in the presence of:

)
)
)
)
)

Christopher Hill

Witness signature

..............................................
Name: Ardil Salem
Address: Herbert Smith LLP, Exchange House,
Primrose Street, London EC2A 2HS, England

)
)
)

**SIGNED** for and on behalf of **NORTEL
NETWORKS ROMANIA S.R.L.** (in
administration) by
Christopher Hill
as Joint Administrator (acting as agent and
without personal liability) in the presence of:

)
)
)
)
)

Christopher Hill

Witness signature

..............................................
Name: Ardil Salem
Address: Herbert Smith LLP, Exchange House,
Primrose Street, London EC2A 2HS, England

)
)
)

[Distribution Escrow Agreement]

515

**SIGNED** for and on behalf of **NORTEL**                    )
**NETWORKS AB** (in administration) by                        )            Christopher Hill
**CHRISTOPHER HILL** as Joint Administrator                   )
(acting as agent and without personal liability)             )
in the presence of:                                          )

Witness signature    _JAN CORDELL_

...............................~~ERNST & YOUNG LLP~~            )
Name:           1 More London Place                           )
Address:        London                                        )
                SE1 2AF

[Distribution Escrow Agreement]

516

## SCHEDULE A

### OTHER SELLERS

## PART 1: OTHER SELLERS REPRESENTED BY NNL

Nortel Networks Technology Corporation

Nortel Networks de Mexico, S.A. de C.V.

Nortel de Mexico, S. de R.L. de C.V.

Nortel Networks Peru S.A.C.

Nortel Networks Australia Pty Limited

Nortel Networks (India) Private Limited

PT Nortel Networks Indonesia

Nortel Networks Malaysia Sdn. Bhd.

Nortel Networks New Zealand Limited

Nortel Networks Singapore Pte. Limited

Nortel Networks (Asia) Limited

Nortel Networks (China) Limited

Nortel Networks (Thailand) Ltd.

Nortel Vietnam Limited

## PART 2: OTHER SELLERS REPRESENTED BY NNI

Nortel Networks International Inc.

Nortel Networks (CALA) Inc.

Nortel Networks Japan (Japanese name is Nortel Networks Kabushiki Kaisha)

Nortel Networks de Guatemala, Ltda.

517

## SCHEDULE B

### PART 1: EMEA FILED ENTITIES

Nortel Networks UK Limited (in administration)

Nortel Networks (Ireland) Limited (in administration)

Nortel GmbH (in administration)

Nortel Networks S.p.A. (in administration)

Nortel Networks France S.A.S. (in administration)

Nortel Networks Hispania SA (in administration)

Nortel Networks B.V. (in administration)

Nortel Networks AB (in administration)

Nortel Networks N.V. (in administration)

Nortel Networks (Austria) GmbH (in administration)

Nortel Networks Polska Sp. z.o.o. (in administration)

Nortel Portugal S.A. (in administration)

Nortel Networks Slovensko s.r.o. (in administration)

Nortel Networks s.r.o. (in administration)

Nortel Networks Romania s.r.l. (in administration)

### PART 2: EMEA NON-FILED ENTITIES

o.o.o. Nortel Networks

Nortel Networks A.G.

### PART 3: ISRAELI COMPANY

Nortel Networks Israel (Sales and Marketing) Limited (in administration)

1

518

## SCHEDULE C

## STANDING SETTLEMENT INSTRUCTIONS

Nortel Networks Limited
Bank: Citibank, N.A.
ABA#: 021000089
SWIFT: CITIUS33
A/C#: 38545364

Nortel Networks Inc.
Bank: Citibank, N.A.
ABA#: 021000089
SWIFT: CITIUS33
A/C#: 30463444

Nortel Networks Corporation
Bank: Citibank, N.A.
ABA#: 021000089
SWIFT: CITIUS33
A/C#: 30428374

Nortel Networks Technology Corporation
Bank: tbc
ABA#:
SWIFT:
A/C#:

Nortel Networks de Mexico, S.A. de C.V.
Bank: tbc
ABA#:
SWIFT:
A/C#:

Nortel de Mexico, S. de R.L. de C.V.
Bank: tbc
ABA#:
SWIFT:
A/C#:

Nortel Networks Peru S.A.C.
Bank: tbc
ABA#:
SWIFT:
A/C#:

1

519

Nortel Networks Australia Pty Limited
Bank: tbc
ABA#:
SWIFT:
A/C#:

Nortel Networks (India) Private Limited
Bank: tbc
ABA#:
SWIFT:
A/C#:

PT Nortel Networks Indonesia
Bank: tbc
ABA#:
SWIFT:
A/C#:

Nortel Networks Malaysia Sdn. Bhd.
Bank: tbc
ABA#:
SWIFT:
A/C#:

Nortel Networks New Zealand Limited
Bank: tbc
ABA#:
SWIFT:
A/C#:

Nortel Networks Singapore Pte. Limited
Bank: tbc
ABA#:
SWIFT:
A/C#:

Nortel Networks (Asia) Limited
Bank: tbc
ABA#:
SWIFT:
A/C#:

Nortel Networks (China) Limited
Bank: tbc
ABA#:

520

SWIFT:
A/C#:

Nortel Networks (Thailand) Ltd.
Bank: tbc
ABA#:
SWIFT:
A/C#:

Nortel Vietnam Limited
Bank: tbc
ABA#:
SWIFT:
A/C#:

Nortel Networks International Inc.
Bank: tbc
ABA#:
SWIFT:
A/C#:

Nortel Networks (CALA) Inc.
Bank: tbc
ABA#:
SWIFT:
A/C#:

Nortel Networks Japan (Japanese name is Nortel Networks Kabushiki Kaisha)
Bank: tbc
ABA#:
SWIFT:
A/C#:

Nortel Networks de Guatemala, Ltda.
Bank: tbc
ABA#:
SWIFT:
A/C#:

Nortel Networks UK Limited (in administration)
Bank: tbc
ABA#:
SWIFT:
A/C#:

Nortel Networks (Ireland) Limited (in administration)

521

Bank: tbc
ABA#:
SWIFT:
A/C#:

Nortel GmbH (in administration)
Bank: tbc
ABA#:
SWIFT:
A/C#:

Nortel Networks S.p.A. (in administration)
Bank: tbc
ABA#:
SWIFT:
A/C#:

Nortel Networks France S.A.S. (in administration)
Bank: tbc
ABA#:
SWIFT:
A/C#:

Nortel Networks Hispania SA (in administration)
Bank: tbc
ABA#:
SWIFT:
A/C#:

Nortel Networks B.V. (in administration)
Bank: tbc
ABA#:
SWIFT:
A/C#:

*522*

o.o.o. Nortel Networks
Bank: tbc
ABA#:
SWIFT:
A/C#:

Nortel Networks AB (in administration)
Bank: tbc
ABA#:
SWIFT:
A/C#:

Nortel Networks AG
Bank: tbc
ABA#:
SWIFT:
A/C#:

Nortel Networks N.V. (in administration)
Bank: tbc
ABA#:
SWIFT:
A/C#:

Nortel Networks (Austria) GmbH (in administration)
Bank: tbc
ABA#:
SWIFT:
A/C#:

Nortel Networks Polska Sp. Z.o.o. (in administration)
Bank: tbc
ABA#:
SWIFT:
A/C#:

Nortel Portugal S.A. (in administration)
Bank: tbc
ABA#:
SWIFT:
A/C#:

5.23

Nortel Networks Israel (Sales and Marketing) Limited (in administration)
Bank: tbc
ABA#:
SWIFT:
A/C#:

Nortel Networks Slovensko s.r.o. (in administration)
Bank: tbc
ABA#:
SWIFT:
A/C#:

Nortel Networks s.r.o. (in administration)
Bank: tbc
ABA#:
SWIFT:
A/C#:

Nortel Networks Romania s.r.l. (in administration)
Bank: tbc
ABA#:
SWIFT:
A/C#:


All funds transfer instructions must include the signature of the person(s) authorizing said funds transfer.
The Parties agree that repetitive or standing settlement instructions will be effective as the funds transfer instructions of the stated beneficiary, whether or not authorized, if such settlement instructions are verified pursuant to the security procedure provided in the Agreement or such other security procedure to which Escrow Agent and the Parties may agree to.

524

## SCHEDULE D

## NOTICE ADDRESSES

Depositors:

NNC, NNL and the Other Sellers listed on
Schedule A Part 1:

5945 Airport Road
Suite 360
Mississauga, Ontario, Canada  L4V 1R9
Attn:  Anna Ventresca
Phone: 905.863.1204
Facsimile: 905.863.2057

NNI and the Other Sellers listed on
Schedule A Part 2:

Legal Department
220 Athens Way, Suite 300
Nashville, Tennessee, USA  37228
Attn:  Lynn C. Egan
Phone: 615.432.4289
Facsimile: 615.432.4067

The EMEA Filed Entities and the EMEA
Non-Filed Entities:

c/o Herbert Smith LLP
Exchange House
Primrose Street
London
EC2A 2HS
United Kingdom
Attn: Stephen Gale and Kevin F Lloyd
Phone: +44 20 7374 8000
Facsimile: +44 20 7374 0888

The Israeli Company:

Avi D. Pelossof
Zellermayer, Pelossof & Co.
The Rubenstein House
20 Lincoln Street
Tel Aviv
67131
Israel
Facsimile: +972 3 6255500

NNSA:

c/o Antoine Tchekhoff / Edouard Fabre
FTPA
1bis avenue Foch
75116 Paris, France
Tel: +33 1 45 00 8620
Fax: +33 1 45 00 8581

1

525

Distribution Agent:

JPMorgan Chase Bank, N.A.
TS / Escrow Services
4 New York Plaza, 21st Floor
New York, New York 10004
Attn: Andy Jacknick
Phone: 212.623. 0241
Facsimile: 212.623.6168

Estate Fiduciaries:

The Official Committee of Unsecured
Creditors in connection with the Chapter
11 cases of Nortel Networks Inc., et al.
(Case No. 09-10138):

c/o Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036
Attn: Fred S. Hodara, Stephen B. Kuhn,
David H. Botter and Kenneth A. Davis
Phone: 212.872.1000
Facsimile: 212.872.1002

Monitor:

Ernst & Young Inc.
Ernst & Young Tower
222 Bay Street, P. O. Box 251
Toronto, Ontario, Canada
M5K 1J7
Facsimile: (416) 943-3300
Attn: Murray A. McDonald

Bondholder Group:

c/o Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Attn: Albert A. Pisa and Roland Hlawaty
Phone: 212.530.5000
Facsimile: 212.822.5735

526

## SCHEDULE E

### Person(s) Designated to Give Funds Transfer Instructions; and Addresses

If to NNC:

| Name | Telephone Number | Signature Specimen |
|---|---|---|
| John Marshall Doolittle | 905.863.6636 | |

| Name | Telephone Number | Signature Specimen |
|---|---|---|
| Anna Ventresca | 905.863.1204 | |

| Address | See Schedule D | |

If to NNL and the Other Sellers listed on Schedule A Part 1:

| Name | Telephone Number | Signature Specimen |
|---|---|---|
| John Marshall Doolittle | 905.863.6636 | |

| Name | Telephone Number | Signature Specimen |
|---|---|---|
| Anna Ventresca | 905.863.1204 | |

| Address | See Schedule D | |

If to NNI and the Other Sellers listed on Schedule A Part 2:

| Name | Telephone Number | Signature Specimen |
|---|---|---|
| John Marshall Doolittle | 905.863.6636 | |

| Name | Telephone Number | Signature Specimen |
|---|---|---|
| Anna Ventresca | 905.863.1204 | |

| Address | See Schedule D | |

If to the EMEA Filed Entities (apart from Nortel Networks (Ireland) Limited) and the EMEA Non-Filed Entities:

| Name | Telephone Number | Signature Specimen |
|---|---|---|

527

## SCHEDULE E

**Person(s) Designated to Give Funds Transfer Instructions; and Addresses**

If to NNC:

| Name | Telephone Number | Signature Specimen |
|------|------------------|--------------------|
| John Marshall Doolittle | 905.863.6636 | _____ |

| Name | Telephone Number | Signature Specimen |
|------|------------------|--------------------|
| Anna Ventresca | 905.863.1204 | _____ |

| Address | See Schedule D | _____ |

If to NNL and the Other Sellers listed on Schedule A Part 1:

| Name | Telephone Number | Signature Specimen |
|------|------------------|--------------------|
| John Marshall Doolittle | 905.863.6636 | _____ |

| Name | Telephone Number | Signature Specimen |
|------|------------------|--------------------|
| Anna Ventresca | 905.863.1204 | _____ |

| Address | See Schedule D | |

If to NNI and the Other Sellers listed on Schedule A Part 2:

| Name | Telephone Number | Signature Specimen |
|------|------------------|--------------------|
| John Marshall Doolittle | 905.863.6636 | _____ |

| Name | Telephone Number | Signature Specimen |
|------|------------------|--------------------|
| Anna Ventresca | 905.863.1204 | _____ |

| Address | See Schedule D. | |

If to the EMEA Filed Entities (apart from Nortel Networks (Ireland) Limited and NNSA) and the EMEA Non-Filed Entities:

| Name | Telephone Number | Signature Specimen |
|------|------------------|--------------------|

1

528

| Alan Bloom | +44 (0) 207 951 9898 | |
|---|---|---|
| Name | Telephone Number | Signature Specimen |
| Stephen Harris | +44 (0) 207 951 9835 | |
| Address | See Schedule D | |

If to Nortel Networks (Ireland) Limited:

| Name | Telephone Number | Signature Specimen |
|---|---|---|
| Alan Bloom | +44 (0) 207 951 9898 | |
| David Hughes | +353 1 221 2301 | |
| Address | c/o Herbert Smith LLP | |
| | Exchange House | |
| | Primrose Street | |
| | London | |
| | EC2A 2HS | |
| | Attn: Stephen Gale and | |
| | Kevin F Lloyd | |

If to the Israeli Company:

| Name | Telephone Number | Signature Specimen |
|---|---|---|
| Yaron Har-Zvi | | |
| Address | See Schedule D | |
| Avi D. Pelossof | | |
| Address | See Schedule D | |

529

If to the Estate Fiduciaries:

The Official Committee of
Unsecured Creditors in
connection with the
Chapter 11 cases of Nortel
Networks Inc., et al.,
(Case No. 09-10138):

| Name | Telephone Number | Signature Specimen |
|------|-----------------|-------------------|
| Timothy Burling, acting on behalf of Flextronics Corporation as Chair of the Official Committee of Unsecured Creditors and not in his personal capacity | (408) 218-6608 | _Timothy J. Burling_ |
| Name | Telephone Number | Signature Specimen |
| Sarah Link Schultz acting on behalf of Akin Gump Strauss Hauer & Feld LLP, as counsel to the Official Committee of Unsecured Creditors and not in her personal capacity | (214) 969-4367 | |
| Name | Telephone Number | Signature Specimen |
| David H. Botter, Esq. acting on behalf of Akin Gump Strauss Hauer & Feld LLP, as counsel to the Official Committee of Unsecured Creditors and not in his personal capacity | (212) 872-1055 | |
| Address | See Schedule D | |

[Distribution Escrow Agreement]

530

**If to the Estate Fiduciaries:**

The Official Committee of
Unsecured Creditors in
connection with the
Chapter 11 cases of Nortel
Networks Inc., et al.
(Case No. 09-10138):

| Name | Telephone Number | Signature Specimen |
| --- | --- | --- |

Timothy Burling, acting on
behalf of Flextronics
Corporation as Chair of the
Official Committee of
Unsecured Creditors and not
in his personal capacity

| Name | Telephone Number | Signature Specimen |
| --- | --- | --- |

Sarah Link Schultz acting on
behalf of Akin Gump Strauss
Hauer & Feld LLP, as counsel
to the Official Committee of
Unsecured Creditors and not
in her personal capacity

(214) 969-4367

| Name | Telephone Number | Signature Specimen |
| --- | --- | --- |

David H. Botter, Esq. acting
on behalf of Akin Gump
Strauss Hauer & Feld LLP, as
counsel to the Official
Committee of Unsecured
Creditors and not in his
personal capacity

(212) 872-1055

Address                    See Schedule D

[Distribution Escrow Agreement]

531

**If to the Estate Fiduciaries:**

The Official Committee of
Unsecured Creditors in
connection with the
Chapter 11 cases of Nortel
Networks Inc., et al.
(Case No. 09-10138):

Name                    Telephone Number          Signature Specimen

Timothy Burling, acting on
behalf of Flextronics
Corporation as Chair of the
Official Committee of
Unsecured Creditors and not
in his personal capacity

Name                    Telephone Number          Signature Specimen

Sarah Link Schultz acting on    (214) 969-1367
behalf of Akin Gump Strauss
Hauer & Feld LLP, as counsel
to the Official Committee of
Unsecured Creditors and not
in her personal capacity

Name                    Telephone Number          Signature Specimen

David H. Botter, Esq. acting    (212) 872-1055
on behalf of Akin Gump
Strauss Hauer & Feld LLP, as
counsel to the Official
Committee of Unsecured
Creditors and not in his
personal capacity

Address                 See Schedule D

[Distribution Escrow Agreement]

532

## SCHEDULE F

### Callback Representative; Telephone Number(s) for Call-Backs; Person(s) Designated to Confirm Funds Transfer Instructions

| Name | Telephone Number | Signature Specimen |
|------|------------------|--------------------|
| John Williams, Nortel Treasury | 905 863-2390 | |

Telephone call backs shall be made to the Callback Representative if joint instructions are required pursuant to the agreement. All funds transfer instructions must include the signature of the person(s) authorizing said funds transfer and must not be the same person confirming said transfer.

# TAB 22

533

Court File No. 09-CL-7950

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**COMMERCIAL LIST**

THE HONOURABLE MR.        )        FRIDAY, THE 25th
                              )
JUSTICE MORAWETZ        )        DAY OF MARCH, 2011

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,
NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS
INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY
CORPORATION

APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED

**ORDER**
(Residual IT Assets Sale Process Order)

**THIS MOTION**, made by Nortel Networks Corporation, Nortel Networks Limited

("NNL"), Nortel Networks Technology Corporation, Nortel Networks Global Corporation and

Nortel Networks International Corporation (collectively, the "Applicants") for the relief set out

in the Applicants' notice of motion dated March 21, 2011 was heard this day at 330 University

Avenue, Toronto, Ontario.

**ON READING** the affidavit of Atulan Navaratnam sworn March 21, 2011 (the

"Navaratnam Affidavit") and the Sixty-First report of Ernst & Young Inc. (the "Sixty-First

Report"), in its capacity as monitor (the "Monitor"), and on hearing submissions of counsel for

the Applicants, the Monitor and those other parties present, no one appearing for any other

- 2 -

person on the service list, although served as appears from the Affidavit of Service of Katie Legree sworn March 22, 2011, filed.

1.    **THIS COURT ORDERS** that the time for the service of the Notice of Motion, the Sixty-First Report and the Motion Record is hereby abridged so that this Motion is properly returnable today and hereby dispenses with further service thereof.

2.    **THIS COURT ORDERS** the Applicants be and are hereby authorized to sell some or all of the Residual IT Assets (as defined in the Navaratnam Affidavit), in accordance with the Sale Process (as defined below).

3.    **THIS COURT ORDERS** that the sale process described in the Sixty-First Report (the "Sale Process") is hereby approved.

4.    **THIS COURT ORDERS** that the Monitor is expressly authorized and empowered to administer, supervise, facilitate, and oversee the Sale Process and take any and all steps it deems necessary or advisable in connection with the Sale Process.

5.    **THIS COURT ORDERS** that in connection with the Sale Process and pursuant to clause 7(3)(c) of the *Canada Personal Information Protection and Electronic Documents Act*, the Applicants shall disclose personal information of identifiable individuals to prospective purchasers or bidders for the Assets and to their advisors, but only to the extent desirable or required to negotiate and attempt to complete one or more sales of the Residual IT Assets (each, a "Sale"). Each prospective purchaser or bidder to whom such personal information is disclosed shall maintain and protect the privacy of such information and limit the use of such information to its evaluation of the Sale, and if it does not complete a Sale, shall (i) return all such information to the Applicants; (ii) destroy all such information; or (iii) in the case of such information that is electronically

- 3 -

stored, destroy all such information to the extent it is reasonably practical to do so. A purchaser of the Residual IT Assets shall be entitled to continue to use the personal information provided to it, and related to such assets, in a manner which is in all material respects identical to the prior use of such information by the Applicants, and shall (i) return all other personal information to the Applicants; (ii) ensure that all other personal information is destroyed; or (iii) in the case of all other personal information that is electronically stored, destroy all such other personal information to the extent it is reasonably practical to do so.

6.   **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada, the United States, the United Kingdom or elsewhere, to give effect to this Order and to assist the Applicants, the Monitor and their respective agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicants and to the Monitor, as an officer of this court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Monitor in any foreign proceeding, or to assist the Applicants and the Monitor and their respective agents in carrying out the terms of this Order.

7.   **THIS COURT ORDERS** that each of the Applicants and the Monitor be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order.

ENTERED AT / INSCRIT A TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

MAR 2 5 2011
NB
DOCSTOR: 2136302\1A

536

IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS
CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION,
NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY
CORPORATION

*ONTARIO*
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

Proceeding commenced at Toronto

ORDER
(Residual IT Assets Sale Process Order)

**OGILVY RENAULT LLP**
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street
P.O. Box 84
Toronto, Ontario  M5J 2Z4, Canada

Derrick Tay LSUC#: 21152A
Tel: (416) 216-4832
Email: dtay@ogilvyrenault.com

Jennifer Stam LSUC #467335J
Tel: (416) 216-2327
Email: jstam@ogilvyrenault.com
Fax: (416) 216-3930
Lawyers for the Applicants

DOCSTOR: 2136020\1A

# TAB 23

637

Court File No.  09-CL-7950

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**COMMERCIAL LIST**

THE HONOURABLE MR.          )          MONDAY, THE 2ND
                            )
JUSTICE MORAWETZ            )          DAY OF MAY, 2011

**IN THE MATTER OF THE COMPANIES' CREDITORS ARRANGEMENT ACT,**
**R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF**
**NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,**
**NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS**
**INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY**
**CORPORATION**

**APPLICATION UNDER THE COMPANIES' CREDITORS ARRANGEMENT ACT,**
**R.S.C. 1985, c. C-36, AS AMENDED**

**ORDER**
(Certain Patents and other Assets Bidding Procedures Order)

**THIS MOTION**, made by Nortel Networks Corporation ("NNC"), Nortel Networks
Limited ("NNL"), Nortel Networks Technology Corporation, Nortel Networks Global
Corporation and Nortel Networks International Corporation (collectively, the "Applicants") for
the relief set out in the notice of motion dated April 7, 2011 was heard this day at 393 University
Avenue, Toronto, Ontario.

**ON READING** the affidavit of George Riedel sworn April 7, 2011 (the "Riedel
Affidavit"), the Sixty-Third report of Ernst & Young Inc. dated April 14, 2011 (the "Sixty-Third
Report") in its capacity as monitor (the "Monitor") and on hearing submissions of counsel for the
Applicants, the Monitor and those other parties present, no one appearing for any other person on
the service list, although duly served as appears from the (i) affidavit of service of Katie Legree

DOCSTOR: 2141072\12

- 2 -

sworn April 18, 2011, filed; (ii) the affidavit of service of Robert Ferguson sworn April 13, 2011 in respect of service on affiliates of the Applicants, filed; and (iii) the affidavit of service of Robert Ferguson sworn April 13, 2011 in respect of service on Known Outbound/Cross-License Counterparties, sworn April 13, 2011, filed confidentially.

1.    **THIS COURT ORDERS** that the time for the service of the Notice of Motion, the Riedel Affidavit, the Sixty-Third Report and/or the Motion Record be and is hereby validated and abridged so that this Motion is properly returnable today and hereby dispenses with further service thereof.

2.    **THIS COURT ORDERS** that capitalized terms used herein and not otherwise defined shall have the meaning given to them in the Riedel Affidavit.

**Bidding Procedures and Stalking Horse ASA**

3.    **THIS COURT ORDERS** that the bidding procedures (the "Bidding Procedures") described in the Riedel Affidavit, the Sixty-Third Report and attached as Schedule "A" hereto are hereby approved and, subject to approval of the Bidding Procedures in substantially the same form by the United States Bankruptcy Court for the District of Delaware in the Chapter 11 Proceedings of the U.S. Debtors, the Applicants shall be authorized to conduct the sale process and auction (the "Stalking Horse Process") contemplated therein.

4.    **THIS COURT ORDERS** that the asset sale agreement dated as of April 4, 2011 (the "Stalking Horse ASA") among Ranger Inc. as purchaser (the "Stalking Horse Purchaser"), and NNC, NNL, Nortel Networks Inc., Nortel Networks UK Limited (in administration), Nortel Networks (Ireland) Limited (in administration), Nortel Networks S.A. (in administration and liquidation judiciare), Nortel Networks France S.A.S. (in administration) and Nortel GmbH (in administration), the other entities identified therein as sellers, Alan Bloom, Stephen Harris, Alan Hudson, David Hughes and Christopher Hill as Joint Administrators, and Maître Cosme Rogeau as French Liquidator, and Google Inc., as guarantor in the form attached as Appendix "A" to the Sixty-Third Report be and is hereby approved and the execution, delivery and performance of the Stalking Horse ASA is hereby approved and accepted for the purposes of conducting the Stalking Horse Process, including, without limitation, the Applicants' obligation to pay the Break-Up Fee and the Expense Reimbursement (as both terms are defined in the Stalking Horse

539

- 3 -

ASA) in accordance with the terms specified in the Stalking Horse ASA (the "Payment Obligation").

5.    **THIS COURT ORDERS** that the Notice of Sale substantially in the form set out in Appendix "F" to the Sixty-Third Report be and is hereby approved and the Applicants (or a person on behalf of the Applicants) shall serve such Notice of Sale on the Service List and such additional parties as the Applicants and the Stalking Horse Purchaser have reasonably agreed no later than five (5) Business Days following the entry of the Bidding Procedures Order or as soon thereafter as is reasonably practicable.

6.    **THIS COURT ORDERS** that, notwithstanding:

    (a)    the pendency of these proceedings;

    (b)    any applications for a bankruptcy order now or hereafter issued pursuant to the Bankruptcy and Insolvency Act (Canada) in respect of the Applicants and any bankruptcy order issued pursuant to any such applications; and

    (c)    any assignment in bankruptcy made in respect of the Applicants;

the Applicants' Payment Obligation shall be binding on any trustee in bankruptcy that may be appointed in respect of any of the Applicants and shall not be void or voidable by creditors of the Applicants, nor shall it constitute oppressive conduct nor constitute or be deemed to be a preference, fraudulent conveyance, transfer at undervalue, or other challengeable or voidable transaction under the Bankruptcy and Insolvency Act (Canada) or any other applicable federal or provincial legislation, nor shall it constitute oppressive or unfairly prejudicial conduct pursuant to any applicable federal or provincial legislation.

7.    **THIS COURT ORDERS** that the Applicants' Payment Obligation shall not be repudiated, disclaimed or otherwise compromised in these proceedings or any subsequent receivership, bankruptcy or liquidation proceedings.

DOCSTOR: 2141072\12

**License Rejection Procedures**

8.    **THIS COURT ORDERS** that the following procedures including the forms of notices referred to therein (the "Canadian License Rejection Procedures") are hereby approved:

(a)    in conjunction and coordination with the US License Rejection Procedures, the Applicants (or another a person on behalf of the Applicants) shall serve on each counterparty to an Outbound License Agreement with the Applicants listed on Schedule A.I(e) of the Sellers Disclosure Schedules and each counterparty to a Cross-License Agreement with the Applicants listed on Schedules A.I.(d) of the Sellers Disclosure Schedules (such licenses, collectively, the "Known Licenses", and such counterparties, collectively, the "Known Licensees") a notice substantially in the form attached as Appendix "C" to the Sixty-Third Report (the "Known License Notice"),    identifying the Known Licenses that such counterparty has with the Applicants.  The Known License Notices shall be served by the Applicants (or another person on behalf of the Applicants) by no later than five (5) Business Days following the entry of the Bidding Procedures Order or as soon thereafter as is reasonably practicable.

(b)    the Applicants (or another person on behalf of the Applicants) shall publish a notice (the "Published License Notice") of the Canadian License Rejection Procedures described in this paragraph 8, substantially in the form attached as Appendix "D" to the Sixty-Third Report, in The Wall Street Journal (National Edition), The Globe and Mail (National Edition),    The Financial Times (International Edition) and The New York Times (National Edition) within five (5) Business Days of entry of this Order or as soon thereafter as is reasonably practicable.

(c)    any counterparty to any pre-filing Contract pursuant to which any Applicant is a party and pursuant to which such Applicant has granted a license under any Transferred Patents, Specified UK Patents or Jointly Owned Patents, other than (i)

the Known Licenses, (ii) the Commercial Licenses, (iii) the Disclosed Intercompany Licenses (as defined in the Stalking Horse Agreement) and (iv) any intercompany contract, arrangement or understanding that is not a Disclosed Intercompany License but that is in effect and that is similar in kind to the Disclosed Intercompany Licenses (it being understood that any such intercompany contract, arrangement or understanding that grants license rights under the Transferred Patents, Specified UK Patents or Jointly Owned Patents that is broader in scope or longer in duration than the broadest license or longest license to such patents granted under any of the Disclosed Intercompany Licenses is not similar in kind to the Disclosed Intercompany Licenses) (any such licenses, collectively, the "Unknown Licenses") who wishes to assert an Unknown License must serve an objection notice substantially in the form attached as Appendix "E" to the Sixty-Third Report (an "Objection Notice") on the parties listed on Schedule "B" hereto (the "License Objection Notice Parties"), prior to 4 p.m (ET) on June 6, 2011 (the "Canadian License Bar Date"). The Monitor shall post the form of Objection Notice on its website within two (2) Business Days of the entry of this Order.

(d) without prejudice, as between the Sellers and the Stalking Horse Purchaser, to the rights of the Stalking Horse Purchaser under the Stalking Horse ASA, to the extent that a party asserts an Unknown License prior to the 4:00 p.m. (ET) on the Canadian License Bar Date (and if so asserted, an "Additional License"), the Assets shall only be sold subject to such Additional License, provided however that the validity of the Additional License has been established by Court Order prior to Closing.

(e) except as provided for in subparagraph (d) above, all Unknown Licenses to which the Applicants are a party are deemed to be terminated as of the Closing and shall forever be barred, released and extinguished, and any claim arising from such deemed termination shall be a claim against the Applicants, which claim shall be deemed to be a Restructuring Claim as such term is defined in the Claims

542

- 6 -

Procedure Order granted by the Canadian Court on July 30, 2009, as amended from time to time, (the "Claims Procedure Order"), must be filed within thirty (30) days of the date of Closing and otherwise in compliance with the Claims Procedure Order.

(f)     subject to the consent of the Stalking Horse Purchaser, in its sole and absolute discretion, or any other Successful Bidder, as applicable, the Applicants reserve their right to not terminate an Unknown License at any time prior to the occurrence of the Closing.

**Miscellaneous**

9.     **THIS COURT ORDERS** that in connection with the Stalking Horse ASA and the Stalking Horse Process and pursuant to clause 7(3)(c) of the Canada Personal Information Protection and Electronic Documents Act, the Applicants shall disclose personal information of identifiable individuals to prospective purchasers or bidders for the Assets and to their advisors, but only to the extent desirable or required to negotiate and attempt to complete one or more sales of the Assets (each, a "Sale"). Each prospective purchaser or bidder to whom such personal information is disclosed shall maintain and protect the privacy of such information and limit the use of such information to its evaluation of the Sale, and if it does not complete a Sale, shall (i) return all such information to the Applicants; (ii) destroy all such information; or (iii) in the case of such information that is electronically stored, destroy all such information to the extent it is reasonably practical to do so. The purchaser of the Assets shall be entitled to continue to use the personal information provided to it, and related to the Assets, in a manner which is in all material respects identical to the prior use of such information by the Applicants, and shall (i) return all other personal information to the Applicants; (ii) ensure that all other personal information is destroyed; or (iii) in the case of all other personal information that is electronically stored, destroy all such other personal information to the extent it is reasonably practical to do so.

10.     **THIS COURT ORDERS** that confidential appendices "B", "G" and "H" to the Sixty-Third Report be and are hereby sealed and shall not form part of the public record pending further order of the Court.

DOCSTOR: 2141072\12

543

- 7 -

11.    **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada, the United States, the United Kingdom or elsewhere, to give effect to this Order and to assist the Applicants, the Monitor and their respective agents in carrying out the terms of this Order.  All courts, tribunals, regulatory, administrative and governmental bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicants and to the Monitor, as an officer of this court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Monitor in any foreign proceeding, or to assist the Applicants and the Monitor and their respective agents in carrying out the terms of this Order.

12.    **THIS COURT ORDERS** that each of the Applicants and the Monitor be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory, administrative or governmental body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order.

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

MAY 2 4 2011

PER/PAR:

DOCSTOR: 2141072\12

544

SCHEDULE "A"
(Bidding Procedures)