## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
                                 :

*In re*                           :      Chapter 11

                                   :

Nortel Networks Inc., *et al.*,[1]        :      Case No. 09-10138 (KG)

                                   :

                Debtors.        :      Jointly Administered

                                   :

                                   :      **Hearing date: June 21, 2011 at 9:30 a.m. (ET)**
                                   :      **Objections due: June 14, 2011 at 4:00 p.m. (ET)**

---------------------------------------------------------X

## DEBTORS' MOTION FOR ENTRY OF AN ORDER
## PURSUANT TO SECTION 1114 OF THE BANKRUPTCY CODE
## APPOINTING AN OFFICIAL COMMITTEE OF RETIRED EMPLOYEES

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), hereby move this Court (the "Motion") for the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to section 1114 of title 11 of the United States Code (the "Bankruptcy Code"), (i) directing the appointment of a committee (the "Retiree Committee") to serve as the official representative for the Debtors' retired employees (the "Retirees"); and (ii) granting them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors respectfully represent as follows:

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

**Jurisdiction**

1.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2.       On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel

Networks (CALA) Inc.,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy

Code, which cases are consolidated for procedural purposes only.  The Debtors continue to

operate their remaining businesses and manage their properties as debtors in possession pursuant

to sections 1107(a) and 1108 of the Bankruptcy Code.

3.       The Office of the United States Trustee for the District of Delaware (the "U.S.

Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in

respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized

(the "Bondholder Group").

4.       On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks

Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and

together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their

Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding with the

Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors

Arrangement Act (Canada) (the "CCAA), seeking relief from their creditors (collectively, the

"Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by

---

[2]       Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

[3]       The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed

nineteen of Nortel's European affiliates (collectively, the "<u>EMEA Debtors</u>")[4] into administration

(the "<u>English Proceedings</u>") under the control of individuals from Ernst & Young LLP

(collectively, the "<u>Joint Administrators</u>").  Other Nortel affiliates have commenced and in the

future may commence additional creditor protection, insolvency and dissolution proceedings

around the world.

       5.      On June 19, 2009, Nortel announced that it was advancing in discussions with

external parties to sell its businesses and that it would assess other restructuring alternatives for

its businesses in the event that it was unable to maximize value through sales.  Since then, Nortel

has sold its various business units and other assets to various purchasers.  Efforts continue to be

made with respect to the realization of value from Nortel's remaining assets.  For further

information regarding these chapter 11 cases, reference may be made to the Monthly Operating

Reports filed by the Debtors and http://dm.epiq11.com/nortel.

<b><u>Relief Requested</u></b>

       6.      By this Motion and pursuant to section 1114 of the Bankruptcy Code, the Debtors

seek an order (i) directing the United States Trustee to appoint a Retiree Committee consisting of

Retirees who are currently receiving benefits under the Retiree Welfare Plans (as defined below)

who are willing to serve on the Retiree Committee as the official representative for the Retirees;

and (ii) granting them such other and further relief as the Court deems just and proper.

---

[4]      The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

**Facts Relevant to this Motion**

7.    The Debtors have historically provided a number of benefits to their active employees and Retirees through benefit plans and other programs, including, for the Retirees, the Nortel Networks Inc. Retiree Medical Plan and the Nortel Networks Inc. Retiree Life Insurance and Long-Term Care Plan for Retirees (together, the "Retiree Welfare Plans")[5] and for disabled employees, the Nortel Networks Inc. Long-Term Disability Plan (the "LTD Plan").[6]  The LTD Plan includes income benefits in addition to medical and life insurance benefits.  During the course of these chapter 11 cases, the Debtors have continued to provide benefits under the Retiree Welfare Plans and the LTD Plan, including as authorized by this Court's January 15, 2009 *Order Authorizing, But Not Directing, Debtors to Pay Certain Prepetition (I) Wages, Salaries and Other Compensation, (II) Reimbursable Expenses, and (III) Medical, Retirement and Similar Benefits* [D.I. 59].[7]

8.    Under the Retiree Welfare Plans,[8] the Debtors provide employer-paid post-employment medical benefits for current Retirees, their spouses, surviving spouses, domestic partners and dependents, as well as term life insurance coverage and long-term care expense coverage for current Retirees.  The Retiree Welfare Plans have no assets and are funded on a pay-as-you-go basis.  Currently, approximately 3,306 individuals are participants in the Retiree Welfare Plans, including 2,119 Retirees and 1,187 of their dependents.  The current projected

---

[5]    The Nortel Networks Retiree Medical Plan and the Nortel Networks Retiree Life Insurance and Long-Term Care Plan are included in a single plan document referred to as the "Retiree Welfare Plan."

[6]    Although the Retiree Welfare Plans and the LTD Plan are sponsored by NNI, the Board of Directors of NNI authorized certain of its subsidiaries and affiliates to provide benefits to their employees under the plans.

[7]    Copies of the Retiree Welfare Plans and LTD Plan were filed with the Court on July 9, 2010 [D.I. 3515], and are available at http://dm.epiq11.com/nortel.

[8]    The descriptions of the Retiree Welfare Plans and LTD Plan contained in this Motion are subject in all instances to the terms of the plans, as set forth in the relevant plan documents.

cost of providing benefits under the Retiree Welfare Plans is approximately $1 million per month.

9.      Under the LTD Plan, the Debtors provide employer-paid long-term disability benefits for current participants (the "LTD Employees").[9]  As with the Retiree Welfare Plan, the LTD Plan has no assets and is funded on a pay-as-you-go basis.  Currently, approximately 245 participants are on long-term disability under the LTD Plan with an average benefit of approximately $42,500 per year.  The current projected cost of providing benefits under the LTD Plan is approximately $1 million per month.

10.     Each of the Retiree Welfare Plans and the LTD Plan provide the Debtors with the unequivocal contractual right to unilaterally amend or terminate the plans at any time.  In each of the plan documents, the Debtors specifically and unequivocally reserve their unilateral rights to terminate the plans and the benefits provided therein.

11.     On June 21, 2010, the Debtors filed the *Debtors' Motion for Entry of an Order Authorizing Debtors to Terminate Certain Retiree and Long-Term Disability Plans* [D.I. 3204] (the "Plan Termination Motion"), which sought approval to terminate the Retiree Welfare Plans and the LTD Plans.  In connection with that proposed termination of the Retiree Welfare Plans and the LTD Plans, the Debtors had negotiated with a health insurance provider to provide the retirees and long-term disabled individuals with replacement medical coverage options not readily available on the open market.  Shortly thereafter, the Nortel US Retirement Protection Committee, an ad hoc steering committee of retired executives of the Debtors (the "Ad Hoc Retiree Committee"), filed the *Motion for an Order Authorizing Formation of a Voluntary Employee Benefit Association to Provide Tax Credit-Eligible Retiree Benefits* [D.I. 3671] (the

---

[9]      The LTD Plan is included as part of the Nortel Networks FLEX Program, which provides employees with the flexibility to choose benefits from a range of options.

"VEBA Motion"), which sought authorization to form a voluntary employee benefit association.

In light of the filing of the VEBA Motion and discussions with counsel to the Ad Hoc Retiree

Committee and the Third Circuit's ruling in Int'l Union of Elec. Workers of Am. v. Visteon

Corp. (In re Visteon), 612 F.3d 210 (3d. Cir. 2010), on July 16, 2010, the Debtors ultimately

withdrew the Plan Termination Motion without prejudice [D.I. 3651].[10]  Thereafter, on October

7, 2010, the Nortel US Retirement Protection Committee withdrew the VEBA Motion without

prejudice [D.I. 4104].

12.     During the last 10 months since the Plan Termination Motion was withdrawn, the

Debtors have continued to provide benefits under the Retiree Welfare Plans and the LTD Plan, at

an approximate cost of $19 million to the estates.  In light of the substantial cost of continuing to

maintain the Retiree Welfare Plans and the LTD Plan, at a time when the Debtors have divested

their various businesses and are winding down their other remaining operations, the Debtors seek

appointment of a Retiree Committee to engage in discussions regarding the modification or

termination of the Retiree Welfare Plans.  While the LTD Employees are not eligible to serve on

a 1114 committee, the Debtors are ready and willing to confer with those employees as well

regarding the modification or termination of the LTD Plan in parallel with the Retiree

discussions.

**Basis for Relief**

13.     Section 1114(e)(1) of the Bankruptcy Code provides that a chapter 11 debtor

generally "shall timely pay and shall not modify any retiree benefits . . . ."  11 U.S.C. §

---

[10]     Although a modification or termination of the LTD Plan is not subject to the procedural constraints of
Bankruptcy Code section 1114 because the LTD employees receiving benefits are current employees of the Debtors,
the alternative medical coverage options proposed by the Benefit Termination Motion would not have been available
for the LTD Employees if not offered to the Retirees as well.  The Debtors therefore withdrew the request for
authority to terminate the LTD Plan as well to further consider whether and when they would terminate the LTD
Plan.

1114(e)(1). "Retiree benefits" are defined to include payments on behalf of retired employees and their dependents for " . . . medical, surgical, or hospital care benefits, or benefits in the event of sickness, accident, disability or death under any plan, fund, or program (through the purchase of insurance or otherwise) maintained or established in whole or in part by the debtor prior to filing a petition commencing under this title." 11 U.S.C. § 1114(a).

14.    However, the modification of such benefits is permitted in certain circumstances after the designation and appointment of an authorized representative on behalf of the retirees. Section 1114(d) of the Bankruptcy Code provides that when retirees are not covered by a collective bargaining agreement, the court (on motion of a party in interest and after notice and hearing) shall approve the appointment of a committee from among such retired employees to serve as their authorized representative. 11 U.S.C. §1114(d). After good-faith negotiations, the authorized representative may agree to a modification or termination of retiree benefits pursuant to the standards set forth in section 1114(g) and/or 1114(h) of the Bankruptcy Code.

15.    After careful deliberation, and recognizing the importance of the benefits provided under the Retiree Welfare Plans and the LTD Plan, the Debtors have determined that it is necessary at this stage in the Debtors' restructuring cases to modify or terminate these plans. If the current level of benefits were maintained, the Debtors project that they would continue to spend approximately $1 million per month for the Retiree Welfare Plans and $1 million per month for the LTD Plan. Providing these benefits is a significant financial burden, particularly at this phase of the Debtors' restructuring cases, where they have divested their various businesses and therefore no longer have a consistent stream of revenue to support the payment of these benefits. The termination of the Retiree Welfare Plans and the LTD Plan would represent a

significant cost savings for the Debtors, and would preserve cash to be distributed to all of their creditors on a fair and equitable basis.

16.     The Debtors thus propose the appointment of a Retiree Committee by the United States Trustee.  The appointment of such Retiree Committee will allow the commencement of good-faith negotiations to permit the Debtors to modify or terminate the benefits provided under the Retiree Welfare Plans.[11]

17.     Numerous bankruptcy courts, including in this jurisdiction, have ordered the appointment of official committees of retirees in accordance with section 1114(d) of the Bankruptcy Code. See, e.g., In re Intermet Corp., Case No. 08-11859, Slip Op. (Bankr. D. Del., June 16, 2009); In re Hayes Lemmerz Int'l, Inc., Case No. 09-11655, Slip Op. (Bankr. D. Del., June 15, 2009) (Walrath, M.); In re PTC Alliance Corp., Case No. 09-13395, Slip Op. (Bankr. D. Del., Apr. 21, 2010, as supplemented on June 11, 2010) (Sontchi, C.).

18.     The Debtors further request that this Court expressly provide that the Retiree Committee is being designated for the sole purpose of representing the Retirees in connection with their rights under section 1114 of the Bankruptcy Code.

19.     The LTD Employees are current employees of the Debtors and therefore are not retired employees.  Consequently, the LTD Plan is not covered by section 1114 of the Bankruptcy Code.  After conferring with the Office of the United States Trustee, the Debtors have concluded that the LTD Employees are not eligible to serve on the Retiree Committee. Nonetheless, the Debtors believe that it would be beneficial to engage the LTD Employees in parallel discussions to the negotiations with the Retiree Committee.  Including the LTD

---

[11]     The Debtors reserve their right to consider other alternatives, including but not limited to the potential modification or termination of the Retiree Welfare Plans following the confirmation of a chapter 11 plan, if they are unable to reach a resolution with the Retiree Committee within a reasonable timeframe.

Employees in such discussions will allow the Debtors to simultaneously consider proposals for offering alternative insurance benefits for both Retirees and LTD Employees, and will encourage more effective dialogue.[12]

## Notice

20.     Notice of the Motion has been given via first class mail to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; (iv) the general service list established in these chapter 11 cases; (v) counsel to the Nortel US Retirement Protection Committee; (vi) participants of the Retiree Welfare Plans; and (vii) participants of the LTD Plan. The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

21.     No prior request for the relief sought herein has been made to this or any other court.

---

[12]     While the Debtors are willing to confer with the LTD Employees, the Debtors fully reserve their right to modify or terminate the LTD Plan in their discretion, as permitted under the plan documents, irrespective of the formation of a section 1114 committee for retirees for other purposes.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:  June 2, 2011
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


_/s/ Ann C. Cordo_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*