**EXHIBIT B**

Court File No. 09-CL-7950

# ONTARIO
# SUPERIOR COURT OF JUSTICE
# COMMERCIAL LIST

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION and
NORTEL NETWORKS TECHNOLOGY CORPORATION

APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

## AUTHORITIES CITED IN LINDSEY EXPERT AFFIDAVIT

Allocation Protocol
(Motion returnable June 7, 2011)

June 3, 2011

**NORTON ROSE OR LLP**
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street, P.O. Box 84
Toronto, Ontario  M5J 2Z4
CANADA

**Derrick Tay  LSUC: 21152A**
Tel:  (416) 216-4832
Email:  derrick.tay@nortonrose.com

**Alan Mark   LSUC#: 18772U**
Tel: (416) 216-4865
Email: alan.mark@nortonrose.com

**Jennifer Stam   LSUC#: 46735J**
Tel: (416) 216-2327
Email: jennifer.stam@nortonrose.com
Fax: (416) 216-3930

Lawyers for the Applicants

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**I N D E X**

| **TAB** | **DESCRIPTION** |
|---|---|
| 1. | The 1958 UN U.N. Convention on the Recognition and Enforcement of Foreign Arbitral Awards |
| 2. | *Smith/Enron Cogeneration Ltd. Partnership, Inc. v. Smith Cogeneration Intern., Inc.,* 198 F.3d 88, 96 (2d Cir. 1999) |
| 3. | *Becker Autoradio U.S.A., Inc. v. Becker Autoradiowerk GmbH,* 585 F. 2d 39, 43 (3d Cir. 1978) |
| 4. | *Coenen v. R.W. Pressprich & Co.,* 453 F.2d 1209, 1211 (2d Cir. 1972) |
| 5. | *In re Coimex Trading (Suisse) S.A.,* N.o. 05 Civ. 2630 (LLS), 2005 WL 121627 at 81 (S.D.N.Y. May 20, 2005) |
| 6. | *Borsack v. Chalk & Vermilion Fine Arts, Ltd.,* 975 F. Supp. 293, 300 n.5 (S.D.N.Y. 1997) |
| 7. | *Perry v. Thomas,* 482 U.S., 483, 492 n.9 (1987) |
| 8. | *McCarthy v. Azure,* 22 F.3D 351,355 (1ST Cir. 1994) |
| 9. | *Fisser v. Int'l Bank,* 282 F.2d 231, 233 (2d Cir. 1960) |
| 10. | *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 83 (2002) |
| 11. | *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd.,* 241 F. 3d 135, 146 (2d Cir. 2001) |

- 2 -

| TAB | DESCRIPTION |
|---|---|
| 12. | *World Crisca Corp. v. Armstrong,* 129 F. 3d 71, 74 (2d Cir. 1997) |
| 13. | *131 Heartland Blvd. Corp. v. C.J. Jon Corp.,* 82 A.D.3d 1188, 1190 (N.Y. App. Div. 2011) |
| 14. | *Maniolos v. United States,* 741 F. Supp. 2d 555, 565 (S.D.N.Y. 2010) |
| 15. | *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 626 (1985) |
| 16. | *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25 (1983) |
| 17. | *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.,* 130 S. Ct. 1758, 1773 (2010) |
| 18. | *Kirleis v. Dickie, McCamey and Chilcote, P.C.,* 560 F.3d 156, 160 (3d Cir. 2009) |
| 19. | *Chevron U.S.A., Inc. V. Consolidated Edison Co. of New York, Inc.,* 872 F.2d 534, 537 (2d Cir. 1989) |
| 20. | *Matter of Doughboy Indus., Inc.,* 17 A.D.2d 216, 219 (N.Y. App. Div. 1st Dep't 1962) |
| 21. | *Computer Assoc. Int'l, Inc. v. Com-Tech Assoc.,* 239 A.D.2d 379, 381 (N.Y. App. Div. 2d Dep't 1997) |
| 22. | *Schubtex Inc. v. Allen Snyder, Inc.* 49 N.Y.2d 1, 5-6 (1979) |
| 23. | *EEOC v. Waffle House, Inc.,* 534 U.S. 279, 293 (2002) |
| 24. | *Volt Info. Sciences, Inc. v. Bd. of Trustees,* 489 U.S. 468, 478 (1989) |
| 25. | *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 404 n.12 (1967) |
| 26. | *Bridas S.A.P.I.C. v. Government of Turkmenistan,* 345 F.3d 347, 354 n.4 (5th Cir. 2003) |
| 27. | *Evan v. Famous Music Corp.,* 1 N.Y.3d 452, 458 (2004) |
| 28. | *Foster v. Chesapeake Ins. Co.,* 933 F.2d 1207, 1216, 1219 (3d Cir. 1991) |
| 29. | *TradeComet.com LLC v. Google, Inc.,* 693 F.Supp.2d 370, 377 (S.D.N.Y. 2010) |
| 30. | *Schering Corp. v. First Databank, Inc.,* 479 F. Supp. 2d 468, 470-471 (D.N.J. 2007) |
| 31. | *Lui v Park Ridge at Teryville Ass'n., Inc.,* 196 A.D.2d 579, 581 (N.Y. App. Div. 2d Dep't 1993) |
| 32. | *Mitchell v. Mitchell, 82* A.D.3d 849 (N.Y. App. Div. 2d Dep't 1981) |
| 33. | *In re Nortel Networks, Inc.,* No. 09-10138 (KG) at 8 |

| TAB | DESCRIPTION |
|---|---|
| 34. | *Greenfield v. Philes Records, Inc.* 98 N.Y.2d 562, 569 (2002) |
| 35. | *Slamow v. Del Col,* 79 N.Y.2d 1016, 1018 (1992) |
| 36. | *W.W.W. Associates, Inc. v. Giancontieri,* 77 N.Y. 2d 157, 163 (1990) |
| 37. | *JA Apparel Corp. v. Abboud,* 682 F. Supp. 2d 294, 306 n.10. (S.D.N.Y. 2010) |
| 38. | *Baldwin v. Univ. of Pittsburgh Med. Ctr.,* 636 F.3d 69, 76 (3d Cir. 2011) |
| 39. | *Rappaport v. Buske,*  No. 98 CIV. 5255 (BSJ), 2000 WL 1224828 (S.D.N.Y. Aug. 29, 2000) |
| 40. | *Teachers Ins. & Annuity Ass'n of Am. v. Tribune Co.,* 670 F. Supp. 491, 498, 499 (S.D.N.Y. 1987) |
| 41. | *Adjustrite Sys., Inc., v. GAB Bus. Services, Inc.,* 145 F.3d 543, 548 (2d Cir. 1998) |
| 42. | *McGee & Gelman v. Park View Equities, Inc.,* 187 A.D.2d 1012, 1013 (N.Y. App. Div. 4th Dep't 1992) |
| 43. | *CanWest Global Communications Corp. v. Mirkaei Tikshoret Ltd.,* 804 N.Y.S.2d 549 (N.Y. Sup. Ct. 2005) |
| 44. | *Milex Products, Inc. v. Alra Laboratories, Inc.,* 603 N.E.2d 1226 (Ill. App. Ct. 1992) |

# TAB 1

# UNITED NATIONS CONFERENCE
## ON INTERNATIONAL COMMERCIAL ARBITRATION

# CONVENTION

## ON THE RECOGNITION AND ENFORCEMENT
## OF FOREIGN ARBITRAL AWARDS



*UNITED NATIONS*
*1958*

# CONVENTION ON THE RECOGNITION AND ENFORCEMENT OF FOREIGN ARBITRAL AWARDS

## *Article I*

1. This Convention shall apply to the recognition and enforcement of arbitral awards made in the territory of a State other than the State where the recognition and enforcement of such awards are sought, and arising out of differences between persons, whether physical or legal. It shall also apply to arbitral awards not considered as domestic awards in the State where their recognition and enforcement are sought.

2. The term "arbitral awards" shall include not only awards made by arbitrators appointed for each case but also those made by permanent arbitral bodies to which the parties have submitted.

3. When signing, ratifying or acceding to this Convention, or notifying extension under article X hereof, any State may on the basis of reciprocity declare that it will apply the Convention to the recognition and enforcement of awards made only in the territory of another Contracting State. It may also declare that it will apply the Convention only to differences arising out of legal relationships, whether contractual or not, which are considered as commercial under the national law of the State making such declaration.

## *Article II*

1. Each Contracting State shall recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration.

2. The term "agreement in writing" shall include an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams.

3. The court of a Contracting State, when seized of an action in a matter in respect of which the parties have made an agreement within the meaning of this article, shall, at the request of one of the parties, refer the parties to arbitration, unless it finds that the said agreement is null and void, inoperative or incapable of being performed.

## *Article III*

Each Contracting State shall recognize arbitral awards as binding and enforce them in accordance with the rules of procedure of the territory where the award is relied upon, under the conditions laid down in the following articles. There shall not be imposed substantially more onerous conditions or higher fees or charges on the recognition or enforcement of arbitral awards to which this Convention applies than are imposed on the recognition or enforcement of domestic arbitral awards.

## *Article IV*

1. To obtain the recognition and enforcement mentioned in the preceding article, the party applying for recognition and enforce-

ment shall, at the time of the application, supply:

(*a*) The duly authenticated original award or a duly certified copy thereof;

(*b*) The original agreement referred to in article II or a duly certified copy thereof.

2. If the said award or agreement is not made in an official language of the country in which the award is relied upon, the party applying for recognition and enforcement of the award shall produce a translation of these documents into such language. The translation shall be certified by an official or sworn translator or by a diplomatic or consular agent.

### Article V

1. Recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof that:

(*a*) The parties to the agreement referred to in article II were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or

(*b*) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or

(*c*) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced; or

(*d*) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or

(*e*) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

2. Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that:

(*a*) The subject matter of the difference is not capable of settlement by arbitration under the law of that country; or

(*b*) The recognition or enforcement of the award would be contrary to the public policy of that country.

### Article VI

If an application for the setting aside or suspension of the award has been made to a competent authority referred to in article V (1) (*e*), the authority before which the award is sought to be relied upon may, if it considers it proper, adjourn the decision on the enforcement of the award and may also, on the application of the party claiming enforcement of the award, order the other party to give suitable security.

### Article VII

1. The provisions of the present Convention shall not affect the validity of multilateral or bilateral agreements concerning the recognition and enforcement of arbitral awards entered into by the Contracting States nor deprive

any interested party of any right he may have to avail himself of an arbitral award in the manner and to the extent allowed by the law or the treaties of the country where such award is sought to be relied upon.

2. The Geneva Protocol on Arbitration Clauses of 1923 and the Geneva Convention on the Execution of Foreign Arbitral Awards of 1927 shall cease to have effect between Contracting States on their becoming bound and to the extent that they become bound, by this Convention.

### Article VIII

1. This Convention shall be open until 31 December 1958 for signature on behalf of any Member of the United Nations and also on behalf of any other State which is or hereafter becomes a member of any specialized agency of the United Nations, or which is or hereafter becomes a party to the Statute of the International Court of Justice, or any other State to which an invitation has been addressed by the General Assembly of the United Nations.

2. This Convention shall be ratified and the instrument of ratification shall be deposited with the Secretary-General of the United Nations.

### Article IX

1. This Convention shall be open for accession to all States referred to in article VIII.

2. Accession shall be effected by the deposit of an instrument of accession with the Secretary-General of the United Nations.

### Article X

1. Any State may, at the time of signature, ratification or accession, declare that this Convention shall extend to all or any of the territories for the international relations of which it is responsible. Such a declaration shall take effect when the Convention enters into force for the State concerned.

2. At any time thereafter any such extension shall be made by notification addressed to the Secretary-General of the United Nations and shall take effect as from the ninetieth day after the day of receipt by the Secretary-General of the United Nations of this notification, or as from the date of entry into force of the Convention for the State concerned, whichever is the later.

3. With respect to those territories to which this Convention is not extended at the time of signature, ratification or accession, each State concerned shall consider the possibility of taking the necessary steps in order to extend the application of this Convention to such territories, subject, where necessary for constitutional reasons, to the consent of the Governments of such territories.

### Article XI

In the case of a federal or non-unitary State, the following provisions shall apply:

(a) With respect to those articles of this Convention that come within the legislative jurisdiction of the federal authority, the obligations of the federal Government shall to this extent be the same as those of Contracting States which are not federal States;

(b) With respect to those articles of this Convention that come within the legislative jurisdiction of constituent states or provinces which are not, under the constitutional system of the federation, bound to take legislative action, the federal Government shall bring such articles with a favourable recommendation to the notice of the appropriate authorities of constituent states or provinces at the earliest possible moment;

(c) A federal State Party to this Convention shall, at the request of any other Contracting