IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*: | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |

**RESPONSE, REQUEST FOR JOINT HEARING, AND RESERVATION OF RIGHTS OF THE CANADIAN NORTEL DEBTORS TO THE MOTION OF GENBAND US LLC FOR AN ORDER COMPELLING COMPLIANCE WITH SETTLEMENT AGREEMENT AND APPROVING THE SETTLEMENT AGREEMENT PURSUANT TO <u>BANKRUPTCY RULE 9019</u>**

Nortel Networks Corporation ("**NNC**") and certain of its direct and indirect subsidiaries, Nortel Networks Limited ("**NNL**"), Nortel Networks Technology Corporation, Nortel Networks Global Corporation, and Nortel Networks International Corporation (collectively, the "**Canadian Debtors**"), by and through their undersigned counsel, hereby file this Response, Request for Joint Hearing, and Reservation of Rights (the "**Response**") to the *Motion for an Order Compelling Compliance with Settlement Agreement and Approving the Settlement Agreement Pursuant to Bankruptcy Rule 9019* (Docket No. 5459) (the "**Motion**") filed by GENBAND US LLC (f/k/a GENBAND Inc.) ("**GENBAND**"), and respectfully submit as follows:

---

[1] The Debtors (the "**US Debtors**") in these Chapter 11 cases (the "**Chapter 11 Cases**"), along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc. (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). References to "**Nortel**" herein are references to the global enterprise as a whole.

## BACKGROUND

1.      The Canadian Debtors are subject to proceedings (the "**Canadian Proceedings**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, pending before the Ontario Superior Court of Justice (Commercial List) (the "**Ontario Court**," and with this Court, the "**Courts**").

2.      Certain of the Canadian Debtors are sellers under the Asset Sale Agreement dated as of December 22, 2009, by and among Nortel, GENBAND and the entities identified as sellers therein (the "**ASA**"), which was approved by the Courts at a joint hearing on March 3, 2010. The ASA was subsequently amended pursuant to Amendment No. 1 to the ASA dated as of May 28, 2010.

3.      On November 17, 2010, the US Debtors filed their *Motion for Entry of an Order Enforcing the Order Authorizing the Sale of Certain Assets of the Debtors' Carrier Voice Over IP and Application Solutions Business, and Directing the Release of Certain Escrowed Funds* seeking, among other things, to resolve a dispute with GENBAND over a purchase price adjustment under the ASA (the "**PPA Dispute**") and establish that jurisdiction over the resolution of such dispute remained with the Courts (Docket No. 4345) (the "**US PPA Motion**"). On November 18, 2010, GENBAND filed the *Motion of Genband Inc. for Entry of an Order Pursuant to Section 362(d) of the Bankruptcy Code Granting Relief From the Automatic Stay to Compel Arbitration*, thereby seeking to compel arbitration of the PPA Dispute among GENBAND, NNI, NNC, and NNL (Docket No. 4347) (the "**US Arbitration Motion**").

4.      On November 30, 2010, the Canadian Debtors filed a motion with the Ontario Court seeking relief substantially similar to the relief sought by the US Debtors in the US PPA Motion (the "**Canadian PPA Motion**," and together with the US PPA Motion, the "**Nortel PPA**

Motions"). Likewise, on December 9, 2010, GENBAND filed a motion in the Ontario Court seeking relief substantially similar to the relief sought by GENBAND in the US Arbitration Motion (the "**Canadian Arbitration Motion**," and with the US Arbitration Motion, the "**Arbitration Motions**").

5.  This Court and the Ontario Court denied the respective Arbitration Motions after a joint hearing before the Courts held on December 15, 2010. On February 1, 2011, GENBAND filed a notice of appeal of this Court's Order to the United States District Court for the District of Delaware (the "**US Appeal**"). On February 11, 2011, GENBAND also filed a motion with the Ontario Court of Appeal seeking leave to appeal the Ontario Court's order denying the Canadian Arbitration Motion.

6.  As required by the Standing Order of the District Court of Delaware dated July 23, 2004, before proceeding with the US Appeal, GENBAND, the US Debtors, the Canadian Debtors, the Official Committee of Unsecured Creditors of the US Debtors, and Ernst & Young Inc. in its capacity as Monitor of the Canadian Debtors (together, the "**Mediation Parties**") participated in mediation on April 4, 2011.

7.  Thereafter the Mediation Parties negotiated the terms of a settlement agreement (the "**Settlement Agreement**") which would, among other things, provide for the resolution of the PPA Dispute, and the withdrawal of the Nortel PPA Motions, the GENBAND arbitration motions and related appeals in the US and Canada. The Settlement Agreement, however, has not become effective in accordance with its terms, as the requisite parties have not (yet) approved and executed the Settlement Agreement.

8.  GENBAND nonetheless filed the Motion seeking the entry of an order approving the Settlement Agreement, and compelling the US Debtors' compliance therewith. The US

Debtors objected to the Motion on June 1, 2011 (Docket No. 5553) (the "**US Objection**").  The court-appointed administrators (the "**Joint Administrators**") of Nortel Networks UK Limited (in administration) and certain of its affiliates located in Europe, the Middle East, and Africa (together, the "**EMEA Debtors**") also filed a separate objection to the Motion on that same date (Docket No. 5550) (the "**EMEA Objection**, and with the US Objection, the "**Objections**").

9.   GENBAND filed a reply to the Objections on June 2, 2011 (Docket No. 5557) (the "**Reply**").  In the Reply, GENBAND asserts —for the first time— that GENBAND seeks to compel enforcement of the Settlement Agreement against all parties, presumably including the Canadian Debtors.  As of the date hereof, GENBAND has not filed any motion in the Ontario Court seeking to compel the Canadian Debtors to take any action with respect to the Settlement Agreement.  Given GENBAND's previous participation in the Canadian Proceedings with respect to matters relating to the ASA, GENBAND's omission here is glaring.  The Canadian Debtors, heretofore unaware that GENBAND seeks in effect to compel the Canadian Debtors to implement the Settlement Agreement, which agreement has not by its terms become a binding agreement, have had no meaningful opportunity to consider the requested relief under Canadian law and to formulate a response.  The Canadian Debtors therefore seek to adjourn consideration of the Motion until such time that the requested relief can be heard by way of a joint hearing before the US and Ontario Courts, pursuant to section 10.6(b) of the ASA and the Cross-Border Insolvency Protocol, and only after GENBAND has made the requisite motion in the Ontario Court and the Canadian Debtors have had a reasonable opportunity to review and respond as a matter of Canadian Law.[2]  Notably, the Settlement Agreement contemplates that this Court and

---

[2] The Cross-Border Insolvency Protocol was approved by this Court in its Order Approving Stipulation of the Debtors and the Official Committee of Unsecured Creditors of Nortel Networks Inc., et al., Amending

4

the Ontario Court will have approved the Settlement Agreement before its implementation, and so the request herein is consistent with that objective.

**RESPONSE, RESERVATION OF RIGHTS AND REQUEST FOR JOINT HEARING**

10. By its Motion, GENBAND asks this Court to "order [the] Debtors to comply with the Settlement Agreement", which request as provided in the Motion would apply only in respect of the US Debtors. Motion ¶7. GENBAND does not assert in the Motion that GENBAND also seeks the enforcement of the Settlement Agreement against any other party. However, in the Reply, filed on June 2, GENBAND repeatedly emphasizes that this Court has jurisdiction over "all of the relevant parties" and "all of the Nortel Sellers," and thus appears to seek to compel the Canadian Debtors, which are not debtors in proceedings pending before this Court, to comply with the Settlement Agreement. Reply ¶6, 21 (emphasis in original). In any event, and wholly separate from any jurisdictional considerations, since the Settlement Agreement has not by its terms become a binding agreement among the parties, any relief to compel enforcement of the Settlement Agreement is premature.

11. The Canadian Debtors recognize that the Motion, at least as it relates to relief against the US Debtors, is scheduled to be heard by this Court on June 7, 2011. Since GENBAND's June 2 Reply asserts that GENBAND in fact seeks relief against all parties to the Settlement Agreement, the Canadian Debtors respectfully submit that the most efficient way to resolve this dispute, to avoid inconsistent results between this Court and the Ontario Court, to provide the Canadian Debtors an opportunity to meaningfully respond, and to respect the jurisdiction of the Ontario Court over the Canadian Debtors, is to adjourn consideration of the

---

the Cross-Border Court-to-Court Protocol dated June 29, 2009, and by the Ontario Court in its Fourth Amended and Restated Initial Order dated January 14, 2009.

Motion until such time that the parties can make the requisite filings in the Canadian Proceedings so that the relief can be considered in a joint hearing before the US and Ontario Courts.

12. In making this request, the Canadian Debtors rely on section 10.6(b) of the ASA, which provides as follows:

> (b) To the fullest extent permitted by applicable Law, each Party: (i) agrees that any claim, action or proceeding by such Party seeking any relief whatsoever arising out of, or in connection with, this Agreement, or the transactions contemplated hereby shall be brought only in (a) either the U.S. Bankruptcy Court, if brought prior to the entry of a final decree closing the Chapter 11 Cases, or the Canadian Court, if brought prior to the termination of the CCAA Cases, provided that if (X) a final decree closing the Chapter 11 Cases has not been entered and (Y) the CCAA Cases have not terminated, **the U.S. Debtors or the Canadian Debtors may, in accordance with the Cross-Border Protocol, request that the U.S. Bankruptcy Court or the Canadian Court, as case may be, hold a joint hearing of the U.S. Bankruptcy Court and the Canadian Court** to determine the appropriate jurisdiction for such claim, action or proceeding [emphasis added].

In addition, pursuant to the Cross-Border Insolvency Protocol, this Court and the Ontario Court may conduct a joint hearing with respect to any cross-border matter and an interested party in either of these Chapter 11 Cases or the Canadian Proceedings may seek a joint hearing.[3] The Canadian Debtors respectfully submit that a joint hearing in respect of GENBAND's Motion is appropriate for two primary reasons: (1) the Motion, at least as supplemented on June 2 by the Reply, seeks to compel the Canadian Debtors to take actions with respect to the Settlement Agreement, despite being filed only in this Court thereby ignoring the clear jurisdiction of the Ontario Court over the Canadian Debtors; and (2) disputes in relation to the sale transaction with GENBAND are clearly cross-border matters, in that NNC and NNL were "Main Sellers" under

---

[3] Where the issue of the proper jurisdiction of either Court to determine an issued is raised by an interested party with respect to a motion filed in either Court, the Court before which such motion was initially filed may contact the other Court to determine an appropriate process by which the issue of jurisdiction will be determined, which process shall be subject to submissions by the "Core Parties" (which includes, among others, the US Debtors, the Canadian Nortel Debtors and the Monitor), the U.S. Trustee and any interested party prior to a determination on the issue of jurisdiction being made by either Court. See ¶ 12(b) and 12(d) of the Cross-Border Insolvency Protocol.

the ASA, and the Ontario Court maintains exclusive jurisdiction over the Canadian Debtors and shared jurisdiction with this Court with respect to interpreting and enforcing the ASA.  Indeed, both Courts have been involved in every phase of these disputes and the underlying transactions to which they relate, including the original approval of the ASA at a joint hearing on March 3, 2010, and the denial of GENBAND's arbitration motions after a joint hearing on December 15, 2010.  It is therefore inappropriate and in derogation of this history of cooperation in these proceedings to allow GENBAND to make an end-run around the Cross-Borde Insolvency Protocol in a bid to bind the Canadian Debtors having only sought relief in this Court.

13.     If nonetheless the Motion proceeds on June 7, 2011, the Canadian Debtors reserve all rights under the ASA, applicable law and in the Canadian Proceedings with respect to the

PPA Dispute and the Settlement Agreement and the relief purportedly being sought by GENBAND against the Canadian Debtors.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>June 6, 2011 | ALLEN & OVERY LLP<br>Ken Coleman<br>Daniel Guyder<br>Jonathan Cho<br>1221 Avenue of the Americas<br>New York, New York  10020<br>Telephone (212) 610-6300<br>Facsimile (212) 610-6399<br>ken.coleman@allenovery.com<br>daniel.guyder@allenovery.com<br>jonathan.cho@allenovery.com<br><br>-and-<br><br>BUCHANAN INGERSOLL & ROONEY<br><br>By: /s/ Mary F. Caloway<br>Mary F. Caloway (No. 3059)<br>Mona A. Parikh (No. 4901)<br>1105 North Market Street, Suite 1900<br>Wilmington, Delaware 19801<br>(302) 552-4200 (telephone)<br>(302) 552-4295 (facsimile)<br>mary.caloway@bipc.com<br>mona.parikh@bipc.com<br><br>*Special Counsel to the Canadian Nortel Debtors* |