## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------X
|  |  |  |
|---|---|---|
| *In re* | : | Chapter 11 |
|  | : |  |
|  | : | Case No. 09-10138 (KG) |
| Nortel Networks Inc., *et al.,* | : |  |
|  | : | Jointly Administered |
| Debtors. | : |  |
|  | : | **Rel. Dkt. No. 5202** |
|  | : | **Hearing Date: June 30, 2011 @ 10:00 a.m.** |
|  | : |  |

-----------------------------------------------------X

## OBJECTION BY VERIZON COMMUNICATIONS INC. AND ITS AFFILIATES TO ANY PROPOSED REJECTION OF PATENT LICENSES, AND CONDITIONAL NOTICE OF ELECTION, PURSUANT TO 11 U.S.C. § 365(n)(1)(B), TO RETAIN INTELLECTUAL PROPERTY RIGHTS LICENSED TO VERIZON BY THE DEBTORS

Verizon Communications Inc. and its affiliates (collectively, "Verizon")[1] hereby file this (i) Objection to any proposed rejection of patent licenses granted to Verizon by the Debtors in connection with the Debtors' proposed sale of certain patents and related assets to an affiliate of Google Inc. ("Google") or any third party, and (ii) conditional Notice of Election ("Notice"), pursuant to section 365(n)(1)(B) of the Bankruptcy Code, 11 U.S.C. § 365(n)(1)(B), to retain Verizon's rights under those licenses in the event that they are, in fact, slated for rejection.  In further explanation of its Objection and Notice, Verizon respectfully states as follows:

1.    In their pending sale motion (Docket No. 5202) (the "Patent Sale Motion"), the Debtors propose to sell certain patents and related assets (collectively, the "Assets") to Google.

---

[1]    The definition of Verizon includes, without limitation, (i) all current, former and future, direct or indirect, wholly-owned subsidiaries of Verizon Communications Inc. and their affiliates (including, without limitation, Verizon Corporate Services Group Inc., Verizon Services Corp., Verizon Network Integration Corp., Verizon Business Network Services Inc., Verizon Select Services Inc., MCI Communications Services, Inc. d/b/a Verizon Business Services and the local operating telephone company subsidiaries of Verizon Communications Inc.); (ii) Cellco Partnership d/b/a Verizon Wireless and its affiliates; and (iii) any successors in interest or assignees of the foregoing.

2.      As provided in the Patent Sale Motion and accompanying Asset Sale Agreement ("ASA"), Google has agreed to acquire the Assets subject to certain licenses that the Debtors have previously granted to third parties in connection with the Assets.  Specifically, Google will acquire the Assets subject to all Commercial Licenses, Outbound License Agreements and Cross-License Agreements previously granted by the Debtors, as those terms are defined in the Patent Sale Motion and the ASA.

3.      So-called Unknown Licenses, however, are provided in the Patent Sale Motion and ASA to be rejected by the Debtors pursuant to section 365 of the Bankruptcy Code.

4.      Verizon is party to a number of agreements -- with the Debtors and/or with third parties to which the Debtors have assigned contractual rights, in whole or in "unbundled" part, in the course of these Chapter 11 cases -- that include express or implied licenses with respect to the Assets (collectively, the "Verizon Agreements").

5.      The Debtors have scheduled one such Verizon Agreement, a Technical Information Agreement with GTE MTO, Inc. dated July 15, 1987, among the Outbound License Agreements and Cross-License Agreements to which Google has agreed to be bound after the proposed sale of the Assets.

6.      The Debtors have not endeavored to schedule the Commercial Licenses to which Google has agreed to be bound, because these licenses are incidental to the Debtors' ordinary course relationships as a supplier of products to their customers, and are thus too numerous to identify explicitly and completely.

7.      Verizon believes that its licenses under the remaining Verizon Agreements (see Exhibit A attached hereto[2]), including, without limitation, implied licenses as the purchaser of

---

[2]      Exhibit A includes all of the original agreements with the Debtors that Verizon has been able to identify and locate as of the date of this Objection and Notice.  If Verizon discovers additional agreements, it reserves the

the Debtors' products and services, fall plainly within the definition of Commercial Licenses provided in the Patent Sale Motion and the ASA, and therefore are among the licenses to which Google has agreed to be bound after the proposed sale of the Assets.

8.    Based on the definitions provided in the Patent Sale Motion and the ASA, however, Verizon cannot determine with absolute certainty whether its licenses under the remaining Verizon Agreements are proposed to be assumed or rejected.  Moreover, as of the filing of this Objection and Notice, Verizon has not yet been able to confirm that the Debtors and Google concur in the view that all of the remaining Verizon licenses are Commercial Licenses slated for assumption.  Because the proposed disposition of its licenses is not sufficiently clear from the Patent Sale Motion and the ASA, Verizon objects to any proposed rejection of any of its licenses.

9.    In the event that the Debtors or Google ultimately contend that any of the remaining Verizon licenses are Unknown Licenses slated for rejection under section 365, rather than Commercial Licenses to which Google has agreed to be bound post-sale, Verizon hereby elects to retain its rights under any such licenses, as they existed as of the Petition Date in these Chapter 11 cases, pursuant to section 365(n)(1)(B).

10.    In such event, this Notice shall also constitute Verizon's written request and notice to the Debtors, pursuant to section 365(n)(3), requiring the Debtors (i) to provide Verizon with any intellectual property that is subject to the licenses and held by the Debtors, and (ii) not to interfere with Verizon's rights to any intellectual property that is subject to the licenses, including the right to obtain such intellectual property from another entity.

---

right to modify Exhibit A to include those agreements as well.  Copies of the listed agreements have previously been provided by Verizon and are in the Debtors' possession.  If additional copies are needed, counsel for Verizon will make them available upon request, subject to obligations of confidentiality.

Dated:  June 6, 2011                          Respectfully submitted,


                                              ARNALL GOLDEN GREGORY LLP
                                              Darryl S. Laddin
                                              Frank N. White
                                              171 17th Street, N.W., Suite 2100
                                              Atlanta, Georgia  30363
                                              (404) 873-8500
                                              dladdin@agg.com

                                              -and-

                                              SMITH KATZENSTEIN JENKINS LLP

                                              /s/ Kathleen M. Miller
                                              Kathleen M. Miller, Esq. (No. 2898)
                                              800 Delaware Avenue, 10th Floor
                                              P. O. Box 410
                                              Wilmington, DE  19899
                                              (302) 652-8405
                                              kmiller@skjlaw.com

                                              ATTORNEYS FOR VERIZON