**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| Nortel Networks Inc., *et al.,* | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |

**FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS OF ROBERT HORNE, JAMES YOUNG, AND THE AD HOC GROUP OF BENEFICIARIES OF THE NORTEL NETWORKS U.S. DEFERRED COMPENSATION PLAN ADDRESSED TO DEBTORS**

Robert Horne ("Horne"), James Young ("Young") and the Ad Hoc Group of beneficiaries of the Nortel Networks U.S. Deferred Compensation Plan (collectively, the "Beneficiaries"), by and through their undersigned counsel, hereby submit the following Interrogatories and Requests for Production of Documents to the "Debtors."[1] The Debtors are to answer these Interrogatories fully and under oath within thirty days (or by some other mutually agreeable earlier date) in accordance with Fed. R. Bank. P. 7026 and 7033 and Fed R. Civ. P. 26 and 33. The Debtors are to respond to these Requests for Production of Documents within thirty days (or by some other mutually agreeable earlier date) in accordance with Fed. R. Bank. P. 7026 and 7034 and Fed R. Civ. P. 26 and 34. The Beneficiaries request that documents responsive to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. ("NNI") (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. ((3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

1

EXHIBIT A

these Requests for Production of Documents be produced at the offices of Bernstein, Shur, Sawyer & Nelson, 100 Middle Street, Portland, Maine 04104.

## **DEFINITIONS**

The following definitions apply to these Interrogatories and Requests for Production of Documents:

A.      The term "Person" shall have the meaning provided in 11 U.S.C. § 101(41) and shall, without limitation, include individuals, partnerships and corporations.

B.      The term "Debtors" means, collectively and individually, the Debtors in these chapter 11 cases (with the last four digits of each Debtor's tax identification number), comprised of: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. ((3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226), as well as their former and present predecessors, subsidiaries, affiliates, divisions, directors, officers, employees, agents and representatives, and all those who act or have acted on their behalf.

C.      The "Canadian Debtors" means, collectively and individually, the debtors in bankruptcy proceedings under the Companies' Creditors Arrangement Act (Canada) that are affiliated with the Debtors, including Nortel Networks Corporation ("NNC"), Nortel Networks Limited ("NLL"), Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation, as well as their former and present

2

predecessors, subsidiaries, affiliates, divisions, directors, officers, employees, agents and representatives, and all those who act or have acted on their behalf.

D.      The "Nortel Debtors" means, collectively and individually, the Debtors and the Canadian Debtors, as well as their former and present predecessors, subsidiaries, affiliates, divisions, directors, officers, employees, agents and representatives, and all those who act or have acted on their behalf.

E.      The term "Bay Plan" means the Bay Networks, Inc. Deferred Compensation Plan.

F.      The term "Northern Telecom Plan" means the Northern Telecom Inc. Agreement Regarding the Deferral Option of the Senior Management Incentive Award Plan and the Executive Management Incentive Plan."

G.      The term the "Nortel Plan" means the "Nortel Networks U.S. Deferred Compensation Plan, effective on January 1, 2000 (and all amendments thereto), as well as any other Plans that were merged into the Nortel Plan (including, but not limited to the Bay Plan and the Northern Telecom Plan).

H.      The term "Plan Year" means the twelve-month period beginning on January 1 and ending on December 31 of each calendar year, as contemplated by section 1.27 of the Nortel Plan.

I.      The term "Compensation" means any income of an employee including, but not limited to base salary, bonus, commission and other benefits.

J.      The term "Pay Scale Grade" means the specific pay scale grade assigned to specific positions to reflect the particular level of compensation and/or responsibility.

K.      The term "Eligible Employees" means all individual who were invited to participate in the Nortel Plan at any time, regardless of whether such individuals actually elected

3

to do so.

L.     The term "Eligibility Criteria" means, for each Plan year, the specific amount of Compensation and/or other criteria considered by the Committee for purposes of determining which employees qualified as Eligible Employees.

M.     The term "Participating Employees" means all individual who participated in the Nortel Plan at any time.

N.     The term the "Committee" means any Person or group, or representative or delegate thereof, established pursuant to section 1.13 of the Nortel Plan, as well as any Person that acted at its direction or on its behalf in relation to the Nortel Plan.

O.     The term "Third Party Administrator" refer to any individuals or other Persons who were engaged to provide enrollment, record-keeping and other administrative services in relation to the Nortel Plan, including, but not limited to MullinsTBG and/or its affiliates.

P.     The term "Trust" means and means the trust created by NNI pursuant to the Nortel Networks U.S. Deferred Compensation Plan Trust Agreement (as Amended and Restated as of January 1, 2000).

Q.     The term "Trust Agreement" means the Nortel Networks U.S. Deferred Compensation Plan Trust Agreement (as Amended and Restated as of January 1, 2000), as amended, and any similar or like agreement for any of the Debtors or the Canadian Debtors.

R.     The term "Executive Team" and/or "Executive Teams" means all individuals who were members of any Executive Leadership Team ("ELT") or the Senior Leadership Team ("SLT") for the Nortel Debtors, or any other like committee or team of the Nortel Debtors.

S.     The term "Motion" means  the Debtor's Motion for an Order Pursuant to 11 U.S.C.§§105,541, 542 and 543 and Bankruptcy Rule 9019 (I) Approving the Stipulation by and

EXHIBIT A

between NNI and U.S. Bank National Association, (II) Directing U.S. Bank National Association to Turn Over Property to NNI, and (III) Granting Related Relief Related to the Nortel Networks U.S. Deferred Compensation Plan [DKT. # 3638]

  T. The "Ray Declaration" means the Declaration of Daniel Ray filed in support of the Motion [DKT. # 4840].

  U. To "Identify" a corporation, partnership, limited liability company, or similar entity means to state:

    1. The entity's complete name and current street address;
    2. The entity's chief executive officer, president, managing partner, or other analogous representative; and
    3. The current street address of the person(s) identified pursuant to Q. 2. *supra*.

  V. To "Identify" a Document means to state:

    1. The date of the Document;
    2. A description of the type of Document, *e.g.,* letter, e-mail message, telegram, *etc.*;
    3. The name and corporate affiliation (if any) of the author;
    4. The name and corporate affiliation (if any) of the addressee; and
    5. The location of the Document within your files.

  W. To "Identify" an individual person means to state the individual's full name, current street address, job title/description, and by whom he/she was employed during the relevant time period.

  X. "Document" or "Documents" has the same meaning as the term is defined in Fed. R. Civ. P. 34(a) and Fed. R. Bankr. P. 7034, made applicable by Fed. R. Bankr. P. 9016, and *shall include all forms and manifestations of electronically stored and/or retrieved electronic information in all electronic media (including, but not limited to, servers, hard drives, diskettes, tapes and/or e-mail).* Drafts, revisions and non-identical copies of Documents are separate documents.

EXHIBIT A

Y. The term "communication" means any transmission of words or ideas between or among two or more persons, including, but not limited to, spoken words, conversations, conferences, discussions, interviews, reports, meetings, negotiations, agreements and understandings, whether transmitted in person or by an electronic device such as telephones or radio, facsimile transmission or e-mail, and documents, as defined herein.

Z. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the Interrogatory or Request inclusive rather than exclusive.

AA. The term "relates to" means: constitutes, refers to, reflects, concerns, pertains to, or in any way logically or factually connects with the matter described in the request.

BB. If you contend that any requested document is privileged from disclosure or production, identify each document as to which privilege is claimed as follows:

1. Date of the document;
2. Author(s) of the document;
3. Recipient(s) of the document, including those receiving copies via cc;
4. Type of document;
5. Subject matter of the document; and
6. The nature of the privilege claimed.

## INTERROGATORIES

1. Identify the Persons who you contend have the most knowledge of the facts and circumstances surrounding:

   (a) The drafting of the Nortel Plan (including, but not limited to the Bay Plan and Northern Telecom Plan), any changes, modifications or amendments thereto (including but not limited to the March 12, 2000 amendment and restatement), and the reasons for such changes, modifications or amendments;

(b) The drafting of the Trust Agreement, any changes, modifications, or amendments thereto, and the reasons for such changes, modifications or amendments;

(c) The March 8, 2000 and March 9, 2000 letter agreements between NNI and NNC referred to in paragraph 10 of the Motion;

(d) The termination of the Plan.

2. For each Plan Year, Identify all entities whose employees were potentially eligible to participate in the Nortel Plan.

3. For each Plan Year, Identify the Eligibility Criteria used for purposes of determining Eligible Employees for the Nortel Plan.

4. For each Plan Year, Identify the Persons who you contend have the most knowledge of the process(es) and methodology(ies) employed to determine whether an employee qualified as an Eligible Employee for the Nortel Plan.

5. For each Plan Year, Identify all Eligible Employees, including their respective job title(s), Pay Scale Grade, and each aspect of their Compensation that was considered as part of the Eligibility Criteria.

6. For each Plan Year, Identify all Participating Employees, including their respective job title(s), Pay Scale Grade, and each aspect of their Compensation that was considered as part of the Eligibility Criteria.

7. For each Plan Year, as well as the calendar year preceding the first Plan Year, specify the total number of employees employed by each entity whose employees were potentially eligible to participate in the Nortel Plan.

8. For each Plan Year, as well as the calendar year preceding the first Plan Year (if applicable), specify the average and the median Compensation of:

(a) All Eligible Employees;

(b) All Participating Employees; and

(c) All employees employed by each entity whose employees were potentially eligible to participate in the Nortel Plan.

9. For each Plan Year, as well as the calendar year preceding the first Plan Year, Identify and set forth the Compensation of the highest and lowest paid:

(a) Eligible Employees;

(b) Participating Employees; and

(c) Employees of all the entities whose employees were potentially eligible to participate in the Nortel Plan.

10. For each Plan Year, Identify all individuals (including their heirs) who were permitted to withdraw benefits from the Nortel Plan for any reason, including, but not limited to, early withdrawals with penalty, financial hardship withdrawals, in-service withdrawals and any other method of withdrawal, including, but not limited to, pursuant to Article VI of the Nortel Plan.

11. For each Plan Year and to present, Identify the members of any Executive Team, including job titles, Pay Scale Grade, Compensation, and contact information. Without limitation, this request includes all individuals who have been designated by the Debtor in relation to post-petition incentive payments for key executives and employees [Docket No. 389].

EXHIBIT A

12. For each Plan Year, Identify all employees who were permitted to participate in the Nortel Plan after the first day of the Plan Year and the specific reason for permitting such participation.

13. For each Plan Year, Identify all Participating Employees who were allowed to change contribution elections after the first day of the Plan Year and the specific reason for permitting such changes.

14. For each Plan Year, Identify all Eligible Employees and Participating Employees who were not "employed by an Employer that has adopted the Plan," as required by Section 1.19 of the Nortel Plan.

15. For each Plan Year, Identify all Eligible Employees and Participating Employees who were not "on the U.S. Payroll of the Employer," as required by Section 1.19 of the Nortel Plan.

16. For each Plan Year, Identify all Eligible Employees or Participating Employees who failed to meet the particular salary threshold determined by the Committee as part of its Eligibility Criteria.

## DOCUMENT REQUESTS

1. All Documents that were reviewed or consulted in connection with the Debtors' Objections or Answers to the Beneficiaries' Interrogatories.

2. The Nortel Plan (including, but not limited to the Bay Plan and the Northern Telecom Plan), all amendments thereto, and all drafts of the Nortel Plan and all amendments thereto.

3. The Trust Agreement all amendments thereto, and all drafts of the Trust Agreement and all amendments thereto.

**EXHIBIT A**

4. All documents that evidence, refer, or relate to:

    (a) Any changes, modifications or amendments to the Nortel Plan, including but not limited to the March 12, 2000 amendment and restatement, and the reasons for such changes, modifications or amendments;

    (b) Any changes, modifications, or amendments to the Trust, and the reasons for such changes, modifications or amendments;

    (c) The December 2010 amendment to change the responsibility for sponsorship and administration of the Plan from NNL to NNI; and

    (d) The termination of the Plan.

5. The March 8, 2000 and March 9, 2000 letter agreements between NNI and NNC and all documents that evidence, refer, or relate to the matters addressed in such documents or to any of the transactions referred to in paragraphs 10 and 11 of the Motion

6. All documents that evidence, refer, or relate to the requirements for "top hat" plans, including any documents that support or refute the statements made in the Ray Declaration.

7. All documents that evidence, refer, or relate to whether the Nortel Plan and/or administration thereof complied (or not) with ERISA or the Internal Revenue Code, including, whether the Nortel Plan met, or failed to meet, the requirements of a "top hat" plan or the requirements of Section 409A of the Internal Revenue Code.

8. All documents that evidence, refer, or relate to any service agreements pertaining to the Nortel Plan, including agreements with any Third Party Administrator.

EXHIBIT A

9. All Documents that refer, evidence or relate to the Nortel Plan that were sent to, received from, or reviewed by any Third Party Administrator, including, but not limited to MullinTBG and/or its affiliates.

10. All Documents that evidence, refer, or relate to the formulation of Eligibility Criteria for the Nortel Plan.

11. All Documents that evidence, refer, or relate to whether any employee met, or failed to meet, the Eligibility Criteria for the Nortel Plan.

12. All documents that evidence, refer, or relate to whether any exceptions would be, could be, or were made to the Eligibility Criteria for the Nortel Plan.

13. All Documents, including, but not limited to, promotional materials, summary plan descriptions, electronic mail communications, booklets, memos and other written communications, that were provided to employees to describe the terms of the Nortel Plan or the Trust.

14. All Documents that identify the Eligible Employees for the Nortel Plan for each Plan Year.

15. All Documents that identify the Participating Employees in the Nortel Plan for each Plan Year.

16. All Documents that specify the job titles (including officer title) and/or Pay Scale Grade for each Eligible Employee for each Plan Year.

17. All Documents that specify the Compensation for each Eligible Employee for each Plan Year.

18. All Documents that specify the job titles (including officer title) and/or Pay Scale Grade for each Participating Employee for each Plan Year.

11

EXHIBIT A

19. All Documents that specify Compensation for each Participating Employee for each Plan Year.

20. For each Plan Year, as well as the year preceding the first Plan Year, all Documents that specify the Compensation for each employee of each employer whose employees were potentially eligible to participate in the Nortel Plan.

21. All documents prepared by or reviewed by the Committee that relate to Eligibility Criteria under the Nortel Plan for each Plan Year.

22. All Documents that reflect the determinations of or actions taken by the Committee in relation to Eligibility Criteria under the Nortel Plan for each Plan Year.

23. All Documents that reflect communications to or from the Board of Directors of and Debtor, or any delegate representative of those Boards, to the Committee.

24. For each Plan Year, any and all meeting minutes or reports of the Committee.

25. For each Plan Year, any and all administrative rulings issued by the Committee.

26. All Documents that evidence refer, or relate to the withdrawal of benefits from the Nortel Plan for any reason, including, but not limited to, early withdrawals with penalty, financial hardship withdrawals, in-service withdrawals and any other method of withdrawal, including, but not limited to, pursuant to Article VI of the Nortel Plan.

27. All Documents that evidence, refer, or relate to the existence and identity of members of any Executive Team for each Plan Year.

28. All Documents that evidence, refer, or relate to the job titles, Pay Scale Grade and Compensation for members of any Executive Team for each Plan Year.

# EXHIBIT A

29.     All Documents that identify the individuals who have been designated by the Debtor in relation to post-petition incentive payments for key executives and employees [Docket No. 389].

30.     All Documents reflect the job titles, Pay Scale Grade and Compensation for the individuals who have been designated by the Debtor in relation to post-petition incentive payments for key executives and employees [Docket No. 389].

31.     All account statements, accountings, or other Documents provided by the trustee under the Trust showing the total amount of funds held by the trustee.

32.     Any and all Documents that reflect communications relating to the Nortel Plan or the Trust involving or including the Nortel Debtors, any employees thereof, the Committee, and/or any Third Party Administrator, including MullinTBG, as well as anyone acting on behalf of each of the foregoing.

33.     Any and all Documents that relate to administration of the Nortel Plan or Trust.

34.     All Documents showing the amounts contributed to the Nortel Plan by each Plan Participant.

35.     All Documents showing the vested and/or unvested account balances of each Plan Participant.

EXHIBIT A

| | |
|---|---|
| Dated: February 16, 2011 | **BLANK ROME, LLP** |
| | /s/  Bonnie Glantz Fatell___ |
| | Bonnie Glantz Fatell (No. 3809) |
| | 1201 Market Street, Suite 800 |
| | Wilmington, Delaware 19801 |
| | (302) 425-6400 |
| | (302) 425-6464 (fax) |
| | *fatell@blankrome.com* |
| | |
| | -and- |
| | |
| | **BERNSTEIN, SHUR, SAWYER & NELSON** |
| | Robert J. Keach |
| | Paul McDonald |
| | Daniel J. Murphy |
| | 100 Middle Street |
| | P.O. Box 9729 |
| | Portland, ME 04104-5029 |
| | Telephone: (207) 774-1200 |
| | Telecopier: (207) 774-1127 |
| | Email: rkeach@bernsteinshur.com |
| | pmcdonald@bernsteinshur.com |
| | dmurphy@bernsteinshur.com |