**EXHIBIT B**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X

*In re*                                                     :        Chapter 11

Nortel Networks Inc., *et al.*,[1]                          :        Case No. 09-10138 (KG)

                  Debtors.            :        Jointly Administered

                                     :

-------------------------------------------------------X

### DEBTORS' RESPONSES AND OBJECTIONS TO THE FIRST SET OF INTERROGATORIES OF ROBERT HORNE, JAMES YOUNG, AND THE AD HOC GROUP OF BENEFICIARIES OF THE NORTEL NETWORKS U.S. DEFERRED COMPENSATION PLAN ADDRESSED TO DEBTORS

        Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby respond and object pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules"), incorporated into Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 7026-1 and 7026-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the First Set of Interrogatories of Robert Horne, James Young, and the Ad Hoc Group of beneficiaries of the Nortel Networks U.S. Deferred Compensation Plan Addressed to Debtors, dated February 16, 2011 (the "Interrogatories").

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226) ("NN CALA"). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

**EXHIBIT B**

## GENERAL OBJECTIONS

Each of the Debtors' responses is subject to the following General Objections to the Interrogatories served by counsel to Robert Horne, James Young, and the Ad Hoc Group of beneficiaries of the Nortel Networks U.S. Deferred Compensation Plan (the "Objectors"), and each such General Objection is incorporated by reference in the Debtors' response to each individual Interrogatory as if fully set forth therein (the "Responses and Objections").

1.      The Debtors object to the Interrogatories (including, without limitation, the definitions and instructions contained therein) to the extent that they purport to impose obligations beyond those required or permitted by the Federal Rules, the Bankruptcy Rules and the Local Rules.

2.      The Debtors object to the Interrogatories to the extent that they seek information that is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence relevant to, the Debtors' Motion for an Order Pursuant to 11 U.S.C. §§ 105, 541, 542 and 543 and Bankruptcy Rule 9019 (I) Approving the Stipulation By and Between NNI and U.S. Bank National Association, (II) Directing U.S. Bank National Association to Turn Over Property to NNI, and (III) Granting Related Relief Related to the Nortel Networks U.S. Deferred Compensation Plan, filed on December 22, 2010 (the "Motion") or the Objection to the Motion, filed on February 7, 2011 (the "Objection").

3.      The Debtors object to the Interrogatories to the extent they seek to require the Debtors to provide information not within their possession, custody and control. All such instructions are vague, ambiguous, unduly burdensome and seek to impose burdens and

2

**EXHIBIT B**

obligations upon the Debtors beyond those required by the Federal Rules, the Bankruptcy Rules and the Local Rules. The Debtors have not speculated concerning the knowledge of the third parties named in the Interrogatories, including but not limited to the Canadian Debtors, Mullin TBG or former employees of the Debtors, and therefore do not include them in responses to any Interrogatory. The Debtors will not provide any information in the possession, custody or control of any separate legal entity or any third party, including any agent, outside attorney or affiliate of the Debtors. To the extent that, notwithstanding the foregoing, the Debtors provide information within the possession, custody or control of a third party, including without limitation any of their affiliates or MullinTBG, they do so without waiving this Objection with respect to any other information sought by the Objectors.

4.     The Debtors object to the Interrogatories to the extent that they seek information already in the possession of the Objectors, or otherwise available to the Objectors.

5.     The Debtors object to the Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, a joint defense or common interest privilege or any other applicable rule, doctrine, privilege or immunity or protection from discovery (whether based upon statute or common law).

6.     The Debtors object to the instructions contained in the Interrogatories to the extent that they purport to require the Debtors to provide a detailed written statement itemizing and describing all documents or communications for which a privilege is claimed.

3

Under the circumstances of the Debtors' cases, such instructions are extremely burdensome to the Debtors and any marginal benefit is substantially outweighed by the burden they impose.

7.    The Debtors object to the Interrogatories to the extent that they seek cumulative or duplicative information.

8.    The Debtors object to the Interrogatories to the extent that the terms or phrases used therein are vague, ambiguous or lack sufficient precision to allow the Debtors to formulate an appropriate response.

9.    The Debtors object to the Interrogatories to the extent that they are overly broad and unduly burdensome.

10.    The Debtors object to the Interrogatories to the extent that they seek electronic and other information that is not readily available.  To the extent the Debtors provide information in response to the Interrogatories, they will provide such information based on a reasonable search of the Debtors' hard copy files maintained by the Debtors' Benefits Department and the hard copy files and readily available electronic information, including e-mail, of individuals who, to the Debtors' knowledge, were primarily responsible for the establishment and/or administration of the Nortel Plan, to the extent such information is within the possession, custody and control of the Debtors.

11.    The Debtors object to each Interrogatory and each definition and instruction contained in the Interrogatories to the extent that any such Interrogatory, definition or instruction contains inaccurate, incomplete or misleading descriptions of the facts, persons,

4

**EXHIBIT B**

relationships, events and pleadings underlying this action. The disclosure of any information shall not constitute the Debtors' agreement with or acquiescence to any such descriptions.

12.    The Debtors object to the Interrogatories to the extent that they use the term "Plan Participant" without defining that term. To the extent that the term "Plan Participants" is intended to be synonymous with "Participating Employee," all Interrogatories using that term are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. In all responses to the Interrogatories, the Debtors shall define the term "Plan Participant" to mean current participants in the Nortel Plan.

13.    The Debtors object to the definitions of "Debtors", "Canadian Debtors" and "Nortel Debtors" as ambiguous, overbroad, unduly burdensome. In all responses to the Interrogatories, the Debtors shall define the terms "Debtors" and "Nortel Debtors" to refer solely to the Debtors, and the term "Canadian Debtors" to refer solely to Nortel Networks Corporation ("NNC"), Nortel Networks Limited, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

14.    The Debtors object to the definition of the Nortel Plan to the extent that it includes unspecified plans other than the Nortel Networks U.S. Deferred Compensation Plan, the Bay Networks Inc. Deferred Compensation Plan (the "Bay Plan") or the Northern Telecom Inc. Agreement Regarding the Deferral Option of the Senior Management Incentive Award Plan or the Executive Management Incentive Plan (the "Northern Telecom Plan"). The Debtors are unaware of any plan that merged into the Nortel Plan other than the Northern Telecom Plan and the Bay Plan, but in any event, any such plan would be irrelevant, and any requests to provide

**EXHIBIT B**

information relating to any such other plan are overbroad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. In all responses to the Interrogatories, the Debtors shall define the term Nortel Plan to mean solely the Nortel Networks U.S. Deferred Compensation Plan (together with the Bay Plan and the Northern Telecom Plan, the "Plans").

15.     The Debtors object to the definition of "Third Party Administrator" to the extent that it includes unnamed affiliates or subsidiaries of MullinTBG, on the grounds that such definition is vague, ambiguous and unduly burdensome in that it would require the Debtors to affirmatively determine the corporate relationships of third parties. In all responses to the Interrogatories, the Debtors shall define the term "Third Party Administrator" to mean solely MullinTBG.

16.     The Debtors object to the definition of "Trust Agreement" to the extent that it includes unnamed "similar or like agreement[s] for any of the Debtors or the Canadian Debtors," on the grounds that such definition is vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it would require the Debtors to affirmatively determine the existence or nonexistence of agreements relating to potential employee benefits provided by entities other than the Debtors and provide information or produce documents relating to such agreements. In all responses to the Interrogatories, the Debtors shall define the term "Trust Agreement" to mean solely the Nortel Networks U.S. Deferred Compensation Plan Trust Agreement (as Amended and Restated as of January 1, 2000), as amended.

**EXHIBIT B**

17.     The Debtors object to the use of the terms "Executive Team[s]", "Executive Leadership Team ("ELT") or Senior Leadership Team ("SLT") or any other like committee or team of the Nortel Debtors" on the grounds that those terms or phrases are vague, ambiguous and lack sufficient precision to allow the Debtors to formulate an appropriate response.

18.     The Debtors object to the Interrogatories to the extent that they seek any trade secrets or any proprietary or non-public information of a commercially, financially or personally sensitive nature, including but not limited to the information requested in subparts U(3) and V(5) of the Definitions section of the Interrogatories.

19.     The Debtors object to the instructions contained in the Interrogatories on the basis that they are not limited in time.  Such instructions are vague, ambiguous, overly broad and unduly burdensome.

## RESERVATION OF RIGHTS

20.     To the extent that the Debtors respond to the Interrogatories, they do so without conceding the admissibility, materiality or relevance of any such substantive responses.

21.     The Debtors' failure to object to the Interrogatories on a particular ground shall not be construed as a waiver of their right to object on that ground or any additional ground at any time.

22.     The Debtors reserve the right to amend, supplement or withdraw their responses to the Interrogatories.

**EXHIBIT B**

23.    The Debtors reserve all objections to the use of these responses.  All such objections may be interposed by the Debtors at the time of trial or evidentiary hearing on the Motion or as otherwise required by the rules or order of the Court.

## SPECIFIC RESPONSES AND OBJECTIONS

The Debtors incorporate by reference the foregoing General Objections in each of the following Specific Responses and Objections set forth below.  To the extent Specific Objections appear in the response to a particular Interrogatory, they so appear because they are particularly applicable to that specific Interrogatory; this is not to be construed as a waiver or limitation of any General Objection applicable to such Interrogatory.

## INTERROGATORIES

### Interrogatory 1

Identify the Persons who you contend have the most knowledge of the facts and circumstances surrounding:

(a)    The drafting of the Nortel Plan (including, but not limited to the Bay Plan and Northern Telecom Plan), any changes, modifications or amendments thereto (including but not limited to the March 12, 2000 amendment and restatement), and the reasons for such changes, modifications or amendments;

(b)    The drafting of the Trust Agreement, any changes, modifications, or amendments thereto, and the reasons for such changes, modifications or amendments;

(c )    The March 8, 2000 and March 9, 2000 letter agreements between NNI and NNC referred to in paragraph 10 of the Motion;

(d)    The termination of the Plan.

### Response to Interrogatory 1

The Debtors object to this Interrogatory on the grounds that it is overbroad and unduly burdensome.  The Debtors further object to this Interrogatory on the basis that most, if

# EXHIBIT B

not all, of the information sought by this Interrogatory with respect to the Bay Plan is unduly

burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible

evidence relevant to the Motion because the Debtors did not draft the Bay Plan, and the only

amendment the Debtors made to the Bay Plan was in connection with the establishment of the

Nortel Plan.  Subject to the foregoing objection and the General Objections, the Debtors respond

that, to the best of the Debtors' knowledge, the following individuals possess the most

knowledge or information:

- Daniel Ray
  Senior Manager, Global Benefits
  c/o Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb")
  One Liberty Plaza
  New York, NY 10006

- Debbie Lorimer
  Senior Manager, Global Mobility
  c/o Cleary Gottlieb

- Maryanne Crowley
  Former Assistant Vice President, Benefits
  605 S. Lee Street
  Americus, GA 31709

- Norma Crowder
  Former Senior Manager, Benefits
  2282 Heidi Avenue
  Burlington, ON
  L7M 3W3

- Linda Kathy Frates
  Former Manager, Benefits
  115 Marvin Avenue
  Los Altos, CA 94022

9

**EXHIBIT B**

- Cindy Kanaday
  Former Benefits Specialist
  249 Spencer Creek Road
  Franklin, TN 37069

## Interrogatory 2

For each Plan Year, Identify all entities whose employees were potentially eligible to participate in the Nortel Plan.

## Response to Interrogatory 2

The Debtors object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome to the extent that it seeks information from prior to January 1, 1996. Subject to the foregoing objection and the General Objections, the Debtors respond that the employees of the following entities were potentially eligible to participate in the Nortel Plan:

- NNI
  4004 E. Chapel Hill-Nelson Hwy.
  P.O. Box 13010
  Research Triangle Park, NC 27709-3010
  Principal Officer John J Ray, III

- NN CALA
  1500 Concord Terrace
  Sunrise, FL 33323
  Principal Officer John J Ray, III

## Interrogatory 3

For each Plan Year, Identify the Eligibility Criteria used for purposes of determining Eligible Employees for the Nortel Plan.

**EXHIBIT B**

### Response to Interrogatory 3

The Debtors object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome to the extent that it seeks information from prior to January 1, 1996.  Subject to the foregoing objection and the General Objections, the Debtors respond as follows:  The Northern Telecom Plan was a bonus deferral plan and only executives with positions at the level of Assistant Vice President or above were permitted to participate.

From 2000 through 2008, the Eligibility Criteria for the Nortel Plan was based on total target compensation, which included base salary, target commissions, target incentive payments and target bonuses.  The total target compensation threshold for each year from 2000 through 2008 was as follows:

2000:  $152,400

2001:  $160,800

2002:  $169,800

2003:  $174,000

2004:  $175,800

2005:  $180,000

2006:  $180,000

2007:  $180,000

2008:  $180,000

**EXHIBIT B**

## Interrogatory 4

For each Plan Year, Identify the Persons who you contend have the most knowledge of the process(es) and methodology(ies) employed to determine whether an employee qualified as an Eligible Employee for the Nortel Plan.

## Response to Interrogatory 4

The Debtors object to this Interrogatory on the grounds that it is overbroad and unduly burdensome to the extent that it seeks information from prior to January 1, 1996. Subject to the foregoing objection and the General Objections, the Debtors respond that, to the best of the Debtors' knowledge, the following individuals possess the most knowledge or information:

- Daniel Ray
  Senior Manager, Global Benefits
  c/o Cleary Gottlieb

- Debbie Lorimer
  Senior Manager, Global Mobility
  c/o Cleary Gottlieb

- Maryanne Crowley
  Former Assistant Vice President, Benefits
  605 S. Lee Street
  Americus, GA 31709

- Norma Crowder
  Former Senior Manager, Benefits
  2282 Heidi Avenue
  Burlington, ON
  L7M 3W3

- Linda Kathy Frates
  Former Manager, Benefits
  115 Marvin Avenue
  Los Altos, CA 94022

- Cindy Kanaday
  Former Benefits Specialist

12

**EXHIBIT B**

249 Spencer Creek Road
Franklin, TN 37069

**Interrogatory 5**

For each Plan Year, Identify all Eligible Employees, including their respective job title(s), Pay Scale Grade, and each aspect of their Compensation that was considered as part of the Eligibility Criteria.

**Response to Interrogatory 5**

The Debtors object to this Interrogatory on the grounds that it is overbroad and unduly burdensome to the extent that it seeks information from prior to January 1, 1996. The Debtors further object to this Interrogatory to the extent it requests information regarding individual current and former employees that may be protected by confidentiality laws. Subject to and without waiving the foregoing objections and the General Objections, the Debtors will produce documents sufficient to identify all employees employed by NNI and NN CALA (including Eligible Employees) as well as information regarding total target compensation (broken into salary, bonus and commissions components), for all employees for every Plan Year from 1996 through 2008.

**Interrogatory 6**

For each Plan Year, Identify all Participating Employees, including their respective job title(s), Pay Scale Grade, and each aspect of their Compensation that was considered as part of the Eligibility Criteria.

**Response to Interrogatory 6**

The Debtors object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome to the extent that it seeks information from prior to January 1, 1996. The Debtors further object to this Interrogatory to the extent it requests

13

# EXHIBIT B

information regarding individual current and former employees that may be protected by confidentiality laws. Subject to and without waiving the foregoing objections and the General Objections, the Debtors will produce documents which contain, by year, redacted identification information for all employees employed by NNI and NN CALA (including Participating Employees) as well as information regarding total target compensation (broken into salary, bonus and commissions components), for all employees for every Plan Year from 1996 through 2008.

## Interrogatory 7

For each Plan Year, as well as the calendar year preceding the first Plan Year, specify the total number of employees employed by each entity whose employees were potentially eligible to participate in the Nortel Plan.

## Response to Interrogatory 7

The Debtors object to this Interrogatory on the grounds that it is overbroad and unduly burdensome. The Debtors further object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome to the extent that it seeks information from prior to January 1, 1996. Subject to and without waiving the foregoing objections and the General Objections, the Debtors state that the following were the total number of employees employed by NNI and NN CALA in the Plan Years from 1996 through 2008:

1996:  24,092

1997:  24,984

1998:  24,699

1999:  25,075

14

**EXHIBIT B**

2000:  34,999

2001:  15,188

2002:  21,017

2003:  14,873

2004:  13,804

2005:  13,370

2006:  12,578

2007:  12,304

2008:  11,136

## Interrogatory 8

For each Plan Year, as well as the calendar year preceding the first Plan Year (if applicable), specify the average and the median Compensation of:
(a)   All Eligible Employees;
(b)   All Participating Employees; and
(c)   All employees employed by each entity whose employees were potentially eligible to participate in the Nortel Plan.

## Response to Interrogatory 8

The Debtors object to this Interrogatory on the grounds that it is overbroad and unduly burdensome. The Debtors further object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome to the extent that it seeks information from prior to January 1, 1996. Subject to and without waiving the foregoing objection and the General Objections, the Debtors will produce documents which contain, by year, redacted identification information for all employees employed by NNI and NN CALA, as well as

15

**EXHIBIT B**

information regarding total target compensation (broken into salary, bonus and commissions

components), for all employees for every Plan Year from 1996 through 2008.

**Interrogatory 9**

For each Plan Year, as well as the calendar year preceding the first Plan Year, Identify and set forth the Compensation of the highest and lowest paid:
    (a)    Eligible Employees;
    (b)    Participating Employees; and
    (c)    Employees of all the entities whose employees were potentially eligible to participate in the Nortel Plan.

**Response to Interrogatory 9**

The Debtors object to this Interrogatory on the grounds that it is overbroad and

unduly burdensome.  The Debtors further object to this Interrogatory on the grounds that it is

vague, ambiguous, overbroad and unduly burdensome to the extent that it seeks information

from prior to January 1, 1996.  Subject to and without waiving the foregoing objections and the

General Objections, the Debtors will produce documents which contain, by year, redacted

identification information for all employees employed by NNI and NN CALA, as well as

information regarding total target compensation (broken into salary, bonus and commissions

components), for all employees for every Plan Year from 1996 through 2008.

**Interrogatory 10**

For each Plan Year, Identify all individuals (including their heirs) who were permitted to withdraw benefits from the Nortel Plan for any reason, including, but not limited to early withdrawals with penalty, financial hardship withdrawals, in-service withdrawals and any other method of withdrawal, including, but not limited to, pursuant to Article VI of the Nortel Plan.

**EXHIBIT B**

**Response to Interrogatory 10**

        The Debtors specifically object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible information. The Debtors further object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome to the extent that it seeks information from prior to January 1, 1996. Subject to and without waiving the foregoing objections and the General Objections, the Debtors will produce responsive documents which contain redacted withdrawal information for all individuals who were permitted to withdraw benefits from the Nortel Plan for every Plan Year from 2005 through 2008.

**Interrogatory 11**

        For each Plan Year and to present, Identify the members of any Executive Team, including job titles, Pay Scale Grade, Compensation, and contact information. Without limitation, this request includes all individuals who have been designated by the Debtor in relation to post-petition incentive payments for key executives and employees [Docket No. 389].

**Response to Interrogatory 11**

        The Debtors specifically object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible information. The Debtors further object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome to the extent that it seeks information from prior to January 1, 1996. Subject to and without waiving the foregoing objections, attached as Exhibit A is a list of all individuals who were designated by the Debtors to receive post-petition incentive payments for key executives and employees.

**EXHIBIT B**

**Interrogatory 12**

For each Plan Year, Identify all employees who were permitted to participate in the Nortel Plan after the first day of the Plan Year and the specific reason for permitting such participation.

**Response to Interrogatory 12**

The Debtors specifically object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information. The Debtors further object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome to the extent that it seeks information from prior to January 1, 1996. Subject to and without waiving the foregoing objections, the Debtors state that employees who received promotions or raises after the first day of the Plan Year such that they became eligible to participate in the Nortel Plan under the total target compensation threshold for such Plan Year and employees who were hired after the first day of the Plan Year and were otherwise eligible to participate in the Nortel Plan were permitted to participate in the Nortel Plan after the first day of the Plan Year.

**Interrogatory 13**

For each Plan Year, Identify all Participating Employees who were allowed to change contribution elections after the first day of the Plan Year and the specific reason for permitting such changes.

**Response to Interrogatory 13**

The Debtors specifically object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information. The Debtors further object to this Interrogatory on the

**EXHIBIT B**

grounds that it is vague, ambiguous, overbroad and unduly burdensome to the extent that it seeks

information from prior to January 1, 1996. The Debtors refer the Objectors to Articles 1.19 and

1.22 of the Plan.

**Interrogatory 14**

        For each Plan Year, Identify all Eligible Employees and Participating Employees
who were not "employed by an Employer that has adopted the Plan," as required by Section 1.19
of the Nortel Plan.

**Response to Interrogatory 14**

        The Debtors further object to this Interrogatory on the grounds that it is vague,

ambiguous, overbroad and unduly burdensome to the extent that it seeks information from prior

to January 1, 1996. Subject to and without waiving the foregoing, the Debtors respond to this

Interrogatory by stating that, after conducting a reasonably diligent investigation, they have been

unable to find any Eligible Employees and Participating Employees who were not employed by

either NNI or NN CALA, but that the Debtors have been unable to find documents to indicate

whether NN CALA formally adopted the Plan.

**Interrogatory 15**

        For each Plan Year, Identify all Eligible Employees and Participating Employees
who were not "on the U.S. Payroll of the Employer," as required by Section 1.19 of the Nortel
Plan.

**Response to Interrogatory 15**

        The Debtors further object to this Interrogatory on the grounds that it is vague,

ambiguous, overbroad and unduly burdensome to the extent that it seeks information from prior

to January 1, 1996. Subject to and without waiving the foregoing objection and the General

**EXHIBIT B**

Objections, the Debtors respond to this Interrogatory by stating that, after conducting a reasonably diligent investigation, they have been unable to find any Eligible Employees and Participating Employees who were not "on the U.S. Payroll of the Employer," as described in Section 1.19 of the Nortel Plan.

**Interrogatory 16**

For each Plan Year, Identify all Eligible Employees or Participating Employees who failed to meet the particular salary threshold determined by the Committee as part of its Eligibility Criteria.

**Response to Interrogatory 16**

The Debtors further object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome to the extent that it seeks information from prior to January 1, 1996. Subject to and without waiving the foregoing objection and the General Objections, the Debtors respond to this Interrogatory by stating that the Committee determined eligibility based on total target compensation. The Debtors refer the Objectors to the Response to Interrogatory 3. The Debtors further respond to this Interrogatory by stating that, after conducting a reasonably diligent investigation, they have been unable to ascertain with particularity any Eligible Employees or Participating Employees who failed to meet the total target compensation threshold determined by the Committee as part of its Eligibility Criteria. The Debtors continue to diligence this issue and will supplement this Response as needed.

**EXHIBIT B**

Dated:  March 18, 2011
      Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON
LLP
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


       */s/ Derek C. Abbott*
Derek C. Abbott (No. 3376)
Ann C. Cordo (No. 4817)
Alissa T. Gazze (No. 5338)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*

21

**EXHIBIT B**

# <u>Exhibit A</u>

# EXHIBIT B

| LastName | FirstName | JCI | Role | NNI Officers and Directors | Total Annual Salary (USD) | KEIP Total (USD) |
|---|---|---|---|---|---|---|
| BANDROWC | STEVEN | 55 | LEADER, ES AMERICAS SALES | | 425,000 | $ 695,456 |
| DODD | RANDY | 55 | LEADER, NA SERVICE PROVIDER SALES | | 375,000 | $ 500,000 |
| LASALLE | WILLIAM | 55 | GENERAL COUNSEL ENTERPRISE | YES | 425,000 | $ 467,500 |
| KENNING | JOHN | 55 | LEADER, ES GLOBAL STRATEGIC ACCOUNTS | | 340,000 | $ 453,334 |
| MCKENNA | DON | 55 | CHIEF PROCUREMENT OFFICER & VP GLOBAL MA | | 365,000 | $ 438,000 |
| MENEGON | ARALDO | 55 | LEADER, ENTERPRISE SALES NE REGION | | 200,000 | $ 400,000 |
| REICHERT | GEORGE | 55 | CHIEF INFORMATION OFFICER | | 330,000 | $ 396,000 |
| DONOVAN | WILLIAM | 55 | SR. VICE-PRESIDENT, BUS. TRANSFORMATION | | 390,000 | $ 390,000 |
| RICAURTE | CHRISTOPHI | 55 | FINANCE LEADER, GLOBAL OPS | | 325,000 | $ 390,000 |
| PANGIA | MICHAEL | 55 | SR VICE-PRESIDENT, GLOBAL SALES OPERATIO | | 420,000 | $ 336,000 |
| WOLFF | DOUGLAS | 55 | VP & GM LTE | | 280,000 | $ 336,000 |
| MACKINNON | PETER | 55 | CHAIRMAN AND GENERAL MANAGER LG-NORTEL | | 400,000 | $ 320,000 |
| MATHERS | LORRIE | 55 | FINANCE LEADER, CN & AMERICAS OPS | | 300,000 | $ 300,000 |
| CONNOR | DANIEL | 55 | LEADER, GO TECHNOLOGY INTRO & SUPPORT | | 275,000 | $ 275,000 |
| DOWNING | DAVID | 55 | GM, COMMUNICATIONS SOLUTIONS | | 275,000 | $ 275,000 |
| CENTIS | RONALD | 55 | LEADER AMERICAS CARRIER | | 265,000 | $ 265,000 |
| SLEDGE | KAREN | 55 | FINANCE LEADER, ENTERPRISE NETWORKS | YES | 289,000 | $ 231,200 |
| MORFE | CLAUDIO | 55 | GENERAL COUNSEL CARRIER | YES | 285,000 | $ 228,000 |
| KIELY | WILLIAM | 55 | LEADER, PACKET DATA TECHNOLOGY | | 275,000 | $ 220,000 |
| PECOT | KEN | 55 | SERVICE PRODUCT GROUP LEADER | | 325,000 | $ 195,000 |
| VENTURA | JAYNE | 55 | WESTERN REGION - SALES LEADER | | 200,000 | $ 177,359 |
| VESCHI | JOHN | 55 | CHIEF IP OFFICER | | 340,000 | $ 170,000 |
| MURASHIGE | DAVID | 55 | LEADER, ES BUSINESS DEVELOPMENT | | 275,000 | $ 165,000 |
| STEIN | CRAIG | 55 | MAJOR ACCOUNTS VP MAVP US REGION | | 263,500 | $ 161,500 |
| COVEY | NIEL | 55 | MAVP, NORTH WEST MAJOR ACCOUNTS REGION | | 292,500 | $ 157,500 |
| FARMER | GREG | 55 | GOVERNMENT & COMMUNITY RELATIONS | | 295,000 | $ 147,500 |
| TORNES | RANDY | 55 | FIELD SALES - ACTING | | 230,000 | $ 147,050 |
| AYERS | DAVID | 55 | VP, CARRIER ENGINEERING | | 285,000 | $ 142,500 |
| TESSY | LEITH | 55 | COO, LG-NORTEL | | 270,000 | $ 135,000 |
| MURASH | BARRY | 55 | LEADER ENTERPRISE SUPPLY CHAIN | | 265,000 | $ 132,500 |
| TOWNLEY | JEFFREY | 55 | GLOBAL OPERATIONS ASIA LEADER | | 260,000 | $ 130,000 |
| HEMPEL | KAREN | 55 | VP, NA SP & SI CHANNELS | | 260,000 | $ 128,788 |
| MCFEELY | SCOTT | 55 | LEADER, PRODUCT LINE MANAGEMENT | | 240,000 | $ 120,000 |
| CUESTA | GEORGE | 55 | REGIONAL SALES DIRECTOR - EMERGING MRKTS - ACTING | | 221,500 | $ 113,500 |
| FRISCH | MARK | 55 | VICE PRESIDENT, GLOBAL LTE STRATEGY & BU | | 330,000 | $ 110,000 |
| MANOR | MONI | 55 | LEADER, APPLICATIONS R&D | | 275,000 | $ 110,000 |
| HOLMES | ROBERT | 55 | HR LEADER, ENTERPRISE, GLOBAL OPS, & SER | | 245,000 | $ 98,000 |
| KNUDSEN | PAUL | 55 | GENERAL COUNSEL GLBL SUPPLY CHAIN & MEN | YES | 235,000 | $ 94,000 |
| BYRD | RICHARD | 55 | LEADER, MEN - STRATEGIC MARKETING | | 230,000 | $ 92,000 |
| ROJAS | AUGUSTIN | 55 | CHANGE MANAGEMENT | | 225,000 | $ 90,000 |
| DUROW | WES | 55 | LEADER, ES MARKETING & CHANNEL DEVELOPMT | | 220,000 | $ 88,000 |
| MARCELLUS | KEVIN | 55 | HR LEADER, CARRIER | | 215,000 | $ 86,000 |
| LOCKHART | LEWIS | 55 | HR LEADER, ER AND M&A | | 213,000 | $ 85,200 |
| MCCREADY | JOHN | 55 | LEADER, PLM-CARRIER VOIP AND APPLICATION | | 220,000 | $ 77,000 |
| EDHOLM | PHILIP | 55 | CHIEF ES TECHNOLOGY & STRATEGY OFFICER | | 215,000 | $ 75,250 |
| MONROE | CARELYN | 55 | GLOBAL ACCOUNT OPERATIONS LEADER | | 210,000 | $ 73,500 |
| WOOD | JEFFREY | 6 | LEADER, US, AND CALA TAX | YES | 190,000 | $ 38,000 |
| DEARING | JOE | 6 | ASSISTANT GENERAL COUNSEL - LITIGATION | YES | 187,650 | $ 37,530 |

KEIP

**EXHIBIT B**

## VERIFICATION

I, Daniel Ray, certify and verify as follows:

I am Senior Manager, Global Benefits of Nortel Networks Inc. I have read and know the contents of the answers in the Debtors' Responses and Objections to the First Set of Interrogatories of Robert Horne, James Young, and the Ad Hoc Group of Beneficiaries of the Nortel Networks U.S. Deferred Compensation Plan. These answers were prepared by and with the assistance of Nortel Networks Inc. employees and I have relied on others to compile the responsive information; and the factual content of those answers is true to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the State of Delaware and the United States of America that the foregoing is true and correct.

Executed in Nashville, Tennessee, on March 18, 2011.

_____
Daniel Ray