**EXHIBIT C**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------X
:
*In re*                                                                    :          Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                           :          Case No. 09-10138 (KG)
:
                      Debtors.          :          Jointly Administered
:
:
--------------------------------------------------------X

## DEBTORS' RESPONSES AND OBJECTIONS TO THE FIRST REQUEST FOR PRODUCTION OF DOCUMENTS OF ROBERT HORNE, JAMES YOUNG, AND THE AD HOC GROUP OF BENEFICIARIES OF THE NORTEL NETWORKS U.S. DEFERRED COMPENSATION PLAN ADDRESSED TO DEBTORS

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby respond and object pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), incorporated into Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 7026-1 and 7026-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the First Request for Production of Documents of Robert Horne,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226) ("NN CALA"). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

**EXHIBIT C**

James Young, and the Ad Hoc Group of beneficiaries of the Nortel Networks U.S. Deferred

Compensation Plan Addressed to Debtors, dated February 16, 2011 (the "Document Requests").

## GENERAL OBJECTIONS

Each of the Debtors' responses is subject to the following General Objections to

the Document Requests served by counsel to Robert Horne, James Young, and the Ad Hoc

Group of beneficiaries of the Nortel Networks U.S. Deferred Compensation Plan (the

"Objectors"), and each such General Objection is incorporated by reference in the Debtors'

response to each individual Document Request as if fully set forth therein (the "Responses and

Objections").

1.       The Debtors object to the Document Requests (including, without

limitation, the definitions and instructions contained therein) to the extent that they purport to

impose obligations beyond those required or permitted by the Federal Rules, the Bankruptcy

Rules and the Local Rules.

2.       The Debtors object to the Document Requests to the extent that they seek

information that is neither relevant to, nor reasonably calculated to lead to the discovery of

admissible evidence relevant to, the Debtors' Motion for an Order Pursuant to 11 U.S.C. §§ 105,

541, 542 and 543 and Bankruptcy Rule 9019 (I) Approving the Stipulation By and Between NNI

and U.S. Bank National Association, (II) Directing U.S. Bank National Association to Turn Over

Property to NNI, and (III) Granting Related Relief Related to the Nortel Networks U.S. Deferred

Compensation Plan, filed on December 22, 2010 (the "Motion") or the Objection to the Motion,

filed on February 7, 2011 (the "Objection").

2

**EXHIBIT C**

3.      The Debtors object to the Document Requests to the extent they seek to require the Debtors to produce documents not within their possession, custody and control.  All such instructions are vague, ambiguous, unduly burdensome and seek to impose burdens and obligations upon the Debtors beyond those required by the Federal Rules, the Bankruptcy Rules and the Local Rules.  The Debtors have not speculated concerning the knowledge of the third parties named in the Document Requests, including but not limited to the Canadian Debtors, Mullin TBG or former employees of the Debtors, and therefore do not include them in responses to any Document Request.  The Debtors will not produce any documents in the possession, custody or control of any separate legal entity or any third party, including any agent, outside attorney or affiliate of the Debtors.   To the extent that, notwithstanding the foregoing, the Debtors produce documents within the possession, custody or control of a third party, including any of their affiliates, they do so without waiving this Objection with respect to any other documents sought by the Objectors.

4.      The Debtors object to the Document Requests to the extent that they seek documents already in the possession of the Objectors, or otherwise available to the Objectors.

5.      The Debtors object to the Document Requests to the extent that they seek documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, a joint defense or common interest privilege or any other applicable rule, doctrine, privilege or immunity or protection from discovery (whether based upon statute or common law).

3

**EXHIBIT C**

6.      The Debtors object to the instructions contained in the Document Requests to the extent that they purport to require the Debtors to provide a detailed written statement itemizing and describing all documents or communications for which a privilege is claimed. Under the circumstances of the Debtors' cases, such instructions are extremely burdensome to the Debtors and any marginal benefit is substantially outweighed by the burden they impose.

7.      The Debtors object to the Document Requests to the extent that they seek cumulative or duplicative documents.

8.      The Debtors object to the Document Requests to the extent that the terms or phrases used therein are vague, ambiguous or lack sufficient precision to allow the Debtors to formulate an appropriate response.

9.      The Debtors object to the Document Requests to the extent that they are overly broad and unduly burdensome.

10.      The Debtors object to the Document Requests to the extent that they seek electronic and other documents that are not readily available.  To the extent the Debtors produce documents in response to the Document Requests, they will produce such documents based on a reasonable search of the Debtors' hard copy files maintained by the Debtors' Benefits Department and the hard copy files and readily available electronic documents, including e-mail, of individuals who, to the Debtors' knowledge, were primarily responsible for the drafting, establishment and/or administration of the Nortel Plan, to the extent such documents are within the possession, custody and control of the Debtors.

**EXHIBIT C**

11.     The Debtors object to each Document Request and each definition and instruction contained in the Document Requests to the extent that any such Document Request, definition or instruction contains inaccurate, incomplete or misleading descriptions of the facts, persons, relationships, events and pleadings underlying this action.   The disclosure of any information shall not constitute the Debtors' agreement with or acquiescence to any such descriptions.

12.     The Debtors object to the Document Requests to the extent that they use the term "Plan Participant" without defining that term.   To the extent that the term "Plan Participants" is intended to be synonymous with "Participating Employee," all Document Requests using that term are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.   In all responses to the Document Requests, the Debtors shall define the term "Plan Participant" to mean current participants in the Nortel Plan.

13.     The Debtors object to the definition of "Debtors", "Canadian Debtors" and "Nortel Debtors" as ambiguous, overbroad and unduly burdensome.   In all responses to the Document Requests, the Debtors shall define the terms "Debtors" and "Nortel Debtors" to refer solely to the Debtors, and the term "Canadian Debtors" to refer solely to Nortel Networks Corporation ("NNC"), Nortel Networks Limited, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

14.     The Debtors object to the definition of the Nortel Plan to the extent that it includes unspecified plans other than the Nortel Networks U.S. Deferred Compensation Plan, the Bay Networks Inc. Deferred Compensation Plan (the "Bay Plan") or the Northern Telecom Inc.

**EXHIBIT C**

Agreement Regarding the Deferral Option of the Senior Management Incentive Award Plan or

the Executive Management Incentive Plan (the "Northern Telecom Plan"). The Debtors are

unaware of any plan that merged into the Nortel Plan other than the Northern Telecom Plan and

the Bay Plan, but in any event, any such plan would be irrelevant, and any requests to produce

documents relating to any such other plan are overbroad, vague, ambiguous, unduly burdensome

and not reasonably calculated to lead to the discovery of admissible evidence. In all responses to

the Document Requests, the Debtors shall define the term Nortel Plan to mean solely the Nortel

Networks U.S. Deferred Compensation Plan (together with the Bay Plan and the Northern

Telecom Plan, the "Plans").

           15.    The Debtors object to the definition of "Third Party Administrator" to the

extent that it includes unnamed affiliates or subsidiaries of MullinTBG, on the grounds that such

definition is vague, ambiguous and unduly burdensome in that it would require the Debtors to

affirmatively determine the corporate relationships of third parties. In all responses to the

Document Requests, the Debtors shall define the term "Third Party Administrator" to mean

solely MullinTBG.

           16.    The Debtors object to the definition of "Trust Agreement" to the extent

that it includes unnamed "similar or like agreement[s] for any of the Debtors or the Canadian

Debtors," on the grounds that such definition is vague, ambiguous, unduly burdensome and not

reasonably calculated to lead to the discovery of admissible evidence, in that it would require the

Debtors to affirmatively determine the existence or nonexistence of agreements relating to

potential employee benefits provided by entities other than the Debtors and provide information

**EXHIBIT C**

or produce documents relating to such agreements. In all responses to the Document Requests, the Debtors shall define the term "Trust Agreement" to mean solely the Nortel Networks U.S. Deferred Compensation Plan Trust Agreement (as Amended and Restated as of January 1, 2000), as amended.

17.    The Debtors object to the use of the terms "Executive Team[s]", "Executive Leadership Team ("ELT") or Senior Leadership Team ("SLT") or any other like committee or team of the Nortel Debtors" on the grounds that those terms or phrases are vague, ambiguous and lack sufficient precision to allow the Debtors to formulate an appropriate response.

18.    The Debtors object to the Document Requests to the extent that they seek any trade secrets or any proprietary or non-public information of a commercially, financially or personally sensitive nature, including but not limited to the information requested in subpart U(3) of the Definitions section of the Document Requests.

19.    The Debtors object to the instructions contained in the Document Requests on the basis that they are not limited in time. Such instructions are vague, ambiguous, overly broad and unduly burdensome.

## RESERVATION OF RIGHTS

20.    To the extent that the Debtors respond to the Document Requests, they do so without conceding the admissibility, materiality or relevance of any such substantive responses.

**EXHIBIT C**

21.     The Debtors' failure to object to the Document Requests on a particular ground shall not be construed as a waiver of their right to object on that ground or any additional ground at any time.

22.     Insofar as a response by the Debtors or an intentional production of any document may be deemed to be a waiver of any privilege or right, such waiver shall be deemed to be a limited waiver with respect to that particular response only.  Any inadvertent production of any document shall not be deemed or construed to constitute a waiver of any privilege or right of the Debtors, and the Debtors reserve their right to demand that the Objectors return to them any such document and all copies thereof.

23.     The Debtors reserve the right to amend, supplement or withdraw their responses to the Document Requests.

24.     The Debtors reserve all objections to the use of these responses.  All such objections may be interposed by the Debtors at the time of trial or evidentiary hearing on the Motion or as otherwise required by the rules or order of the Court.

## SPECIFIC RESPONSES AND OBJECTIONS

The Debtors incorporate by reference the foregoing General Objections in each of the following Specific Responses and Objections set forth below.  To the extent Specific Objections appear in the response to a particular Document Request, they so appear because they are particularly applicable to that specific Document Request; this is not to be construed as a waiver or limitation of any General Objection applicable to such Document Request.

8

**EXHIBIT C**

## DOCUMENT REQUESTS

### Document Request 1

All Documents that were reviewed or consulted in connection with the Debtors' Objections or Answers to the Beneficiaries' Interrogatories.

### Response to Document Request 1

The Debtors specifically object to this Document Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information. The Debtors further object to this Document Request on the grounds that it seeks privileged information or information protected by the attorney-work product doctrine. The Debtors further object to this Document Request on the grounds that it is duplicative of other Document Requests, and refer the Objectors to the documents produced in response to those requests as well as those referred to in the Debtor's interrogatory responses (the "Interrogatory Responses").

### Document Request 2

The Nortel Plan (including, but not limited to the Bay Plan and the Northern Telecom Plan), all amendments thereto, and all drafts of the Nortel Plan and all amendments thereto.

### Response to Document Request 2

The Debtors specifically object to this Document Request to the extent that it seeks drafts of the Nortel Plan (including, but not limited to the Bay Plan and the Northern Telecom Plan), on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information. Subject to and without waiving the

**EXHIBIT C**

foregoing objection and the General Objections, the Debtors will produce non-privileged documents responsive to this Request.

## Document Request 3

The Trust Agreement, all amendments thereto, and all drafts of the Trust Agreement and all amendments thereto.

## Response to Document Request 3

The Debtors specifically object to this Document Request to the extent that it seeks drafts of the Trust Agreement, on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information. Subject to and without waiving the foregoing objection and the General Objections, the Debtors will produce non-privileged documents responsive to this Request.

## Document Request 4

All documents that evidence, refer, or relate to:
(a)   Any changes, modifications or amendments to the Nortel Plan, including but not limited to the March 12, 2000 amendment and restatement, and the reasons for such changes, modifications or amendments;
(b)   Any changes, modifications, or amendments to the Trust, and the reasons for such changes, modifications or amendments;
(c)   The December 2010 amendment to change the responsibility for sponsorship and administration of the Plan from NNL to NNI; and
(d)   The termination of the Plan.

## Response to Document Request 4

The Debtors specifically object to this Document Request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to and without waiving the foregoing objection and the General Objections, the Debtors will produce documents responsive to this Request.

**Document Request 5**

The March 8, 2000 and March 9, 2000 letter agreements between NNI and NNC and all documents that evidence, refer, or relate to the matters addressed in such documents or to any of the transactions referred to in paragraphs 10 and 11 of the Motion

**Response to Document Request 5**

The Debtors specifically object to this Document Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information. Subject to and without waiving the foregoing objection and the General Objections, the Debtors will produce documents responsive to this Request.

**Document Request 6**

All documents that evidence, refer, or relate to the requirements for "top hat" plans, including any documents that support or refute the statements made in the Ray Declaration.

**Response to Document Request 6**

The Debtors specifically object to this Document Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information. The Debtors further object to this Document Request to the extent it suggests the Debtors possess documents that refute the statements made in the Ray Declaration. Subject to and without waiving the foregoing objection and the General Objections, the Debtors will produce documents responsive to this Request.

**Document Request 7**

All documents that evidence, refer, or relate to whether the Nortel Plan and/or administration thereof complied (or not) with ERISA or the Internal Revenue Code, including, whether the Nortel Plan met, or failed to meet, the requirements of a "top hat" plan or the requirements of Section 409A of the Internal Revenue Code.

11

**EXHIBIT C**

**Response to Document Request 7**

The Debtors specifically object to this Document Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information. Subject to and without waiving the foregoing objection and the General Objections, the Debtors will produce documents responsive to this Request.

**Document Request 8**

All documents that evidence, refer, or relate to any service agreements pertaining to the Nortel Plan, including agreements with any Third Party Administrator.

**Response to Document Request 8**

The Debtors specifically object to this Document Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information. Subject to and without waiving the foregoing objection and the General Objections, the Debtors will produce documents responsive to this Request.

**Document Request 9**

All Documents that refer, evidence or relate to the Nortel Plan that were sent to, received from, or reviewed by any Third Party Administrator, including, but not limited to MullinTBG and/or its affiliates.

**Response to Document Request 9**

The Debtors specifically object to this Document Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information. The Debtors further object to this Document Request on the grounds that it seeks documents not within the Debtors' possession, custody or control.

12

**EXHIBIT C**

Subject to and without waiving the foregoing objection and the General Objections, the Debtors

will produce documents responsive to this Request.

**Document Request 10**

        All Documents that evidence, refer, or relate to the formulation of Eligibility
Criteria for the Nortel Plan.

**Response to Document Request 10**

        The Debtors specifically object to this Document Request on the grounds that it is

vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the

discovery of admissible information.  Subject to and without waiving the foregoing objection and

the General Objections, the Debtors will produce documents responsive to this Request.

**Document Request 11**

        All Documents that evidence, refer, or relate to whether any employee met, or
failed to meet, the Eligibility Criteria for the Nortel Plan.

**Response to Document Request 11**

        The Debtors specifically object to this Document Request on the grounds that it is

vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the

discovery of admissible information.  Subject to and without waiving the foregoing objection and

the General Objections, the Debtors will produce documents responsive to this Request.

**Document Request 12**

        All documents that evidence, refer, or relate to whether any exceptions would be,
could be, or were made to the Eligibility Criteria for the Nortel Plan.

**EXHIBIT C**

**Response to Document Request 12**

        The Debtors specifically object to this Document Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information. Subject to and without waiving the foregoing objection and the General Objections, the Debtors will produce documents responsive to this Request.

**Document Request 13**

        All Documents, including, but not limited to, promotional materials, summary plan descriptions, electronic mail communications, booklets, memos and other written communications, that were provided to employees to describe the terms of the Nortel Plan or the Trust.

**Response to Document Request 13**

        The Debtors specifically object to this Document Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information. Subject to and without waiving the foregoing objection and the General Objections, the Debtors will produce documents responsive to this Request.

**Document Request 14**

        All Documents that identify the Eligible Employees for the Nortel Plan for each Plan Year.

**Response to Document Request 14**

        The Debtors specifically object to this Document Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information, including to the extent it seeks documents from prior to January 1, 1996. The Debtors further object to this Document Request on the grounds that it

14

**EXHIBIT C**

seeks documents that may contain information subject to confidentiality laws. Subject to and

without waiving the foregoing objection and the General Objections, the Debtors will produce

documents sufficient to identify the employees eligible to participate in the Nortel Plan during

Plan Years 1996 to 2008.

**Document Request 15**

All Documents that identify the Participating Employees in the Nortel Plan for
each Plan Year.

**Response to Document Request 15**

The Debtors specifically object to this Document Request on the grounds that it is

vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the

discovery of admissible information, including to the extent it seeks documents from prior to

January 1, 1996. The Debtors further object to this Document Request on the grounds that it

seeks documents that may contain information subject to confidentiality laws. Subject to and

without waiving the foregoing objection and the General Objections, the Debtors will produce

documents sufficient to identify the employees who participated in the Nortel Plan during Plan

Years 1996 to 2008.

**Document Request 16**

All Documents that specify the job titles (including officer title) and/or Pay Scale
Grade for each Eligible Employee for each Plan Year.

**Response to Document Request 16**

The Debtors specifically object to this Document Request on the grounds that it is

vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the

**EXHIBIT C**

discovery of admissible information, including to the extent it seeks documents from prior to January 1, 1996. The Debtors further object to this Document Request on the grounds that it seeks documents that may contain information subject to confidentiality laws. Subject to and without waiving the foregoing objection and the General Objections, the Debtors will produce documents sufficient to identify the job titles and/or Pay Scale Grades for employees eligible to participate in the Nortel Plan during Plan Years 1996 to 2008.

**Document Request 17**

All Documents that specify the Compensation for each Eligible Employee for each Plan Year.

**Response to Document Request 17**

The Debtors specifically object to this Document Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information, including to the extent it seeks documents from prior to January 1, 1996. The Debtors further object to this Document Request on the grounds that it seeks documents that may contain information subject to confidentiality laws. Subject to and without waiving the foregoing objection and the General Objections, the Debtors will produce documents sufficient to identify the compensation of employees eligible to participate in the Nortel Plan during Plan Years 2000 to 2008.

**Document Request 18**

All Documents that specify the job titles (including officer title) and/or Pay Scale Grade for each Participating Employee for each Plan Year.

**EXHIBIT C**

**Response to Document Request 18**

        The Debtors specifically object to this Document Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information, including to the extent it seeks documents from prior to January 1, 1996. The Debtors further object to this Document Request on the grounds that it seeks documents that may contain information subject to confidentiality laws. Subject to and without waiving the foregoing objection and the General Objections, the Debtors will produce documents sufficient to identify the job titles and/or Pay Scale Grades for employees who participated in the Nortel Plan during Plan Years 1996 to 2008.

**Document Request 19**

        All Documents that specify Compensation for each Participating Employee for each Plan Year.

**Response to Document Request 19**

        The Debtors specifically object to this Document Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information, including to the extent it seeks documents from prior to January 1, 1996. The Debtors further object to this Document Request on the grounds that it seeks documents that may contain information subject to confidentiality laws. Subject to and without waiving the foregoing objection and the General Objections, the Debtors will produce documents sufficient to identify the compensation of employees who participated in the Nortel Plan during Plan Years 2000 to 2008.

17

**EXHIBIT C**

**Document Request 20**

For each Plan Year, as well as the year preceding the first Plan Year, all Documents that specify the Compensation for each employee of each employer whose employees were potentially eligible to participate in the Nortel Plan.

**Response to Document Request 20**

The Debtors specifically object to this Document Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information, including to the extent it seeks documents from prior to January 1, 1996. The Debtors further object to this Document Request on the grounds that it seeks documents that may contain information subject to confidentiality laws. Subject to and without waiving the foregoing objection and the General Objections, the Debtors will produce documents sufficient to identify the compensation of employees of NNI and NN CALA during Plan Years 1996 to 2008.

**Document Request 21**

All documents prepared by or reviewed by the Committee that relate to Eligibility Criteria under the Nortel Plan for each Plan Year.

**Response to Document Request 21**

The Debtors specifically object to this Document Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information. Subject to and without waiving the foregoing objection and the General Objections, the Debtors will produce documents responsive to this Request.

18

**EXHIBIT C**

**Document Request 22**

All Documents that reflect the determinations of or actions taken by the Committee in relation to Eligibility Criteria under the Nortel Plan for each Plan Year.

**Response to Document Request 22**

The Debtors specifically object to this Document Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information. Subject to and without waiving the foregoing objection and the General Objections, the Debtors will produce documents responsive to this Request.

**Document Request 23**

All Documents that reflect communications to or from the Board of Directors of any Debtor, or any delegate representative of those Boards, to the Committee.

**Response to Document Request 23**

The Debtors specifically object to this Document Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information. Subject to and without waiving the foregoing objection and the General Objections, the Debtors will produce documents responsive to this Request.

**Document Request 24**

For each Plan Year, any and all meeting minutes or reports of the Committee.

**Response to Document Request 24**

The Debtors specifically object to this Document Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information. Subject to and without waiving the foregoing objection and

the General Objections, the Debtors will produce documents responsive to this Request to the extent such documents are within the Debtors' possession, custody and control.

**Document Request 25**

For each Plan Year, any and all administrative rulings issued by the Committee.

**Response to Document Request 25**

The Debtors specifically object to this Document Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information. Subject to and without waiving the foregoing objection and the General Objections, the Debtors will produce documents responsive to this Request to the extent such documents are within the Debtors' possession, custody and control.

**Document Request 26**

All Documents that evidence refer, or relate to the withdrawal of benefits from the Nortel Plan for any reason, including, but not limited to, early withdrawals with penalty, financial hardship withdrawals, in-service withdrawals and any other method of withdrawal, including, but not limited to, pursuant to Article VI of the Nortel Plan.

**Response to Document Request 26**

The Debtors specifically object to this Document Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information. Subject to and without waiving the foregoing objection and the General Objections, the Debtors will produce documents sufficient to identify requests for the withdrawal of benefits from the Nortel Plan made between January 2005 and January 2009, as well as responses to those requests.

**EXHIBIT C**

**Document Request 27**

        All Documents that evidence, refer, or relate to the existence and identity of members of any Executive Team for each Plan Year.

**Response to Document Request 27**

        The Debtors specifically object to this Document Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information.

**Document Request 28**

        All Documents that evidence, refer, or relate to the job titles, Pay Scale Grade and Compensation for members of any Executive Team for each Plan Year.

**Response to Document Request 28**

        The Debtors specifically object to this Document Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information. The Debtors further object to this Document Request on the grounds that it seeks documents that may contain information subject to confidentiality laws.

**Document Request 29**

        All Documents that identify the individuals who have been designated by the Debtor in relation to post-petition incentive payments for key executives and employees [Docket No. 389].

**Response to Document Request 29**

        The Debtors specifically object to this Document Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information. The Debtors further object to this Document Request on

**EXHIBIT C**

the grounds that it seeks documents that may contain information subject to confidentiality laws.

Subject to and without waiving the foregoing, the Debtors will produce documents sufficient to

identify the individuals who were designated by the Debtors to receive post-petition incentive

payments for key executives and employees.

**Document Request 30**

All Documents that reflect the job titles, Pay Scale Grade and Compensation for
the individuals who have been designated by the Debtor in relation to post-petition incentive
payments for key executives and employees [Docket No. 389].

**Response to Document Request 30**

The Debtors specifically object to this Document Request on the grounds that it is

vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the

discovery of admissible information.  The Debtors further object to this Document Request on

the grounds that it seeks documents that may contain information subject to confidentiality laws.

Subject to and without waiving the foregoing, the Debtors will produce documents sufficient to

identify the job titles, Pay Scale Grade and Compensation at the time Docket No. 389 was filed

for those individuals who were designated by the Debtors to receive post-petition incentive

payments for key executives and employees.

**Document Request 31**

All account statements, accountings, or other Documents provided by the trustee
under the Trust showing the total amount of funds held by the trustee.

**Response to Document Request 31**

The Debtors specifically object to this Document Request on the grounds that it is

vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the

**EXHIBIT C**

discovery of admissible information. Subject to and without waiving the foregoing objection and

the General Objections, the Debtors will produce documents responsive to this Request to the

extent such documents are within the Debtors' possession, custody and control.

**Document Request 32**

> Any and all Documents that reflect communications relating to the Nortel Plan or the Trust involving or including the Nortel Debtors, any employees thereof, the Committee, and/or any Third Party Administrator, including MullinTBG, as well as anyone acting on behalf of each of the foregoing.

**Response to Document Request 32**

> The Debtors specifically object to this Document Request on the grounds that it is

vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the

discovery of admissible information. Subject to and without waiving the foregoing objection and

the General Objections, the Debtors will produce documents responsive to this Request to the

extent such documents are within the Debtors' possession, custody and control.

**Document Request 33**

> Any and all Documents that relate to administration of the Nortel Plan or Trust.

**Response to Document Request 33**

> The Debtors specifically object to this Document Request on the grounds that it is

vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the

discovery of admissible information. Subject to and without waiving the foregoing objection and

the General Objections, the Debtors will produce documents responsive to this Request.

**EXHIBIT C**

**Document Request 34**

        All Documents showing the amounts contributed to the Nortel Plan by each Plan Participant.

**Response to Document Request 34**

        The Debtors specifically object to this Document Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information.  The Debtors further object to this Document Request on the grounds that it seeks documents that may contain information subject to confidentiality laws. Subject to and without waiving the foregoing objection and the General Objections, the Debtors will produce documents responsive to this Document Request, to the extent they relate to current balances of Plan Participants.

**Document Request 35**

        All Documents showing the vested and/or unvested account balances of each Plan Participant.

**Response to Document Request 35**

        The Debtors specifically object to this Document Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information.  The Debtors further object to this Document Request on the grounds that it seeks documents that may contain information subject to confidentiality laws. Subject to and without waiving the foregoing objection and the General Objections, the Debtors will produce documents responsive to this Document Request, to the extent they relate to current balances of Plan Participants.

**EXHIBIT C**

Dated: March 18, 2011
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON
LLP
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_/s/ Alissa T. Gazze_
Derek C. Abbott (No. 3376)
Alissa T. Gazze (No. 5338)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*

25