EXHIBIT D

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------X
: 
*In re* : Chapter 11
: 
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
: 
Debtors. : Jointly Administered
: 
: **RE: D.I.s 4638, 4897**
: 
------------------------------------------------------------X

**AGREED PROTECTIVE ORDER BETWEEN
THE DEBTORS AND CERTAIN BENEFICIARIES OF THE
<u>NORTEL NETWORKS U.S. DEFERRED COMPENSATION PLAN</u>**

Nortel Networks Inc. ("<u>NNI</u>") and certain of its affiliates, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), having filed with this Court the Debtors' Motion For An Order Pursuant To 11 U.S.C. §§ 105, 541, 542 And 543 And Bankruptcy Rule 9019 (I) Approving The Stipulation By And Between NNI And U.S. Bank National Association, (II) Directing U.S. Bank National Association To Turn Over Property To NNI, And (III) Granting Related Relief Related To The Nortel Networks U.S. Deferred Compensation Plan (the "<u>Motion</u>"); Robert Horne ("Horne"), James Young ("Young") and the Ad Hoc Group of Beneficiaries of the Nortel Networks U.S. Deferred Compensation Plan (the "Ad Hoc Committee") (Horne, Young, the Ad Hoc Committee, and each member of the Ad Hoc Committee, collectively, the "<u>Objectors</u>") having filed an objection to the Motion (the "<u>Objection</u>"); and the Debtors and the Objectors

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

EXHIBIT D

(collectively, the "Parties," individually a "Party") having agreed to the entry of this Protective Order to facilitate the disclosure of information and the production of documents, pursuant to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), in connection with the Motion, the Objection, and all rights and defenses claimed or asserted by either Party in connection therewith, (collectively, the "Disputes", individually a "Dispute"), the Court hereby issues this Protective Order.  Unless modified pursuant to the terms contained herein, this Protective Order shall remain in effect through the final resolution, either by settlement or adjudication (including all appeals), of the Disputes.

In support of this Protective Order, the Court finds that:

1. Documents or information containing confidential, proprietary business information and/or trade secrets may be disclosed or produced in connection with the Disputes;

2. A Party (the "Producing Party") required to disclose or produce Protected Information (as defined below), to anyone other than Qualified Persons (as defined below) may assert that public dissemination or disclosure of such Protected Information could severely injure or damage such Party or the Debtors' current or former employees; and

3. To protect the respective interests of the Parties and to facilitate the exchange of documents and information between the Parties in connection with the Disputes, the following Protective Order should issue.

**IT IS HEREBY ORDERED THAT:**

1. Materials to be treated under this Protective Order as "Protected Information" shall include:

    a. Documents, books, records and information, in any form, including, without limitation, paper, electronic, and computer-related, that a Party in good faith

EXHIBIT D

believes (a) constitutes or relates to the confidential and/or proprietary business practices, plans, strategies, analyses, reports, evaluations, records, summaries, appraisals, compilations, abstracts, studies, agreements, term sheets, underwriting documents, or projections of such Party or any affiliate thereof; (b) was provided to a Party, or any representative thereof, on a confidential basis; and/or (c) is kept confidential by a Party pursuant to law or regulation; provided that, prior to disclosure by a Producing Party to the other Party (the "Receiving Party,"), the documents, books, records, or other information are plainly marked or otherwise identified by the Producing Party on at least the caption page with a legend bearing the word or words, as the case may be,

    (i)    "CONFIDENTIAL"; or

    (ii)    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

b. Information revealed during depositions upon oral examination, that is designated in good faith on the record at the deposition, or within twenty-one (21) calendar days after the deposition transcript becomes available, provided, that the information revealed during any particular deposition shall cease to be Protected Information twenty-one (21) calendar days after receipt by the Parties of the final deposition transcript, unless the witness, his employer, his counsel, or counsel for any of the Parties designates either on the record during the deposition or in writing before the twenty-one (21) calendar day period has expired that Protected Information is set forth in the transcript and identifies in writing the portions of the transcript that set forth that Protected Information; and

c. Any extract, summary, digest, analysis, comment or any other document containing or referring to any information identified in categories 1.a. or 1.b. above.

2. Material that otherwise meets the criteria for Protected Information set forth above shall not qualify as Protected Information if such information (a) is or hereafter becomes publicly known or available through no fault of the Receiving Party; (b) is developed or acquired by the Receiving Party independently by legal means from an independent source without restrictions to access or use; (c) has been submitted to any governmental entity without request for confidential treatment; or (d) that is approved in writing and in advance by the Producing Party for public release or use, without restriction.

3

**EXHIBIT D**

3.  Protected Information shall only be used in connection with the Disputes and not for any other business, litigation, or other purpose and shall not be shown, disseminated, copied, or in any way communicated or disclosed to anyone for any purpose whatsoever, other than Qualified Persons, as defined below, except as otherwise provided below.

4.  Except as otherwise expressly set forth herein, Protected Information shall be disclosed only to the following persons (the "Qualified Persons"):

    a.  This Court, (i) under seal; (ii) in any manner agreed to in writing by the Parties; or (iii) in such manner as provided in an Order of this Court;

    b.  Counsel for the Receiving Party in these cases, both national and local, and their partners, associates, counsel, of counsel, senior attorneys, and staff attorneys (including legal assistants, secretaries, and support staff as reasonably necessary to assist such counsel in connection with a Dispute);

    c.  Stenographic court reporters, videographic court reporters, and language translators (including support staff as reasonably necessary) who are employed in connection with a Dispute;

    d.  The Receiving Party(ies) and any representative of the Receiving Party(ies), including officers, directors, partners, counsel and employees, assisting in connection with a Dispute;

    e.  The additional individuals or entities listed in sub-paragraphs 4.e.(i) through (vi) below; provided that (except for those in category (vi)) such additional individuals, have read this Protective Order and signed an Undertaking in the form attached hereto as **Exhibit A** before any access to Protected Information is given, which shall be retained in the files of outside counsel for the Receiving Party, except where otherwise indicated:

        (i)   Former officers, directors or employees of the Receiving Party who are assisting the Party's outside counsel in connection with a Dispute.

        (ii)  Outside experts or outside consultants retained by the Receiving Party.

        (iii) Any person who is reasonably believed to have authored or received in the ordinary course of business any document or thing containing Protected Information, or who is reasonably believed to otherwise be familiar with the Protected Information referenced in such document or thing, but only to the extent of the person's

4

    authorship, receipt, or familiarity with the particular Protected Information. This provision excludes any individuals shown Protected Information at a deposition, which is governed by paragraph 7 below.

  (iv) Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services and photocopy, document imaging and database services retained to assist outside counsel in connection with a Dispute.

  (v) the members of the Official Committee of Unsecured Creditors (the "Committee") and the Committee's professionals.

  (vi) Such other individuals that the Parties may agree upon.

5. Protected Information that is plainly marked or otherwise identified by the Producing Party on at least the first page with a legend bearing the word "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" shall be disclosed only to the following Qualified Persons:

  a. Qualified Persons listed in sub-paragraphs 4.a. through 4.c and e(ii); and

  b. Such other individuals as the Parties may agree to in writing.

6. Before Protected Information is disclosed to a witness in a deposition, the witness must be otherwise authorized under this Protective Order to see such Protected Information, the Producing Party must agree to such disclosure, or the witness must have previously signed the Undertaking attached hereto as Exhibit A. If the witness has not previously signed the Undertaking attached hereto as **Exhibit A,** the witness must sign the Undertaking, which Undertaking shall be included as an exhibit to such deposition, or the witness shall agree on the record to be bound by the terms of this Protective Order and the Undertaking attached hereto as **Exhibit A**. If a witness refuses both options, the deposition may cease, the Parties may agree to continue the deposition only on terms agreeable to all Parties, or may file any motions with the Court with respect to the deposition as they see fit. If any person present at the deposition is not a

EXHIBIT D

Qualified Person, that person shall leave the deposition while any Protected Information is being disclosed in such deposition.

7. The term "copy" as used herein means any photographic, mechanical, electronic, or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

8. Any Party may at any time file a motion, pursuant to the Local Rules pertaining to discovery motions, for an order removing any confidentiality designation and any limitation on the disclosure of material designated as Protected Information, provided that the procedures set forth herein are followed prior to making such a motion. Prior to filing any such motion, or at any other time, the Receiving Party may challenge the Producing Party's designation of information or materials produced under this Protective Order by serving a written objection upon the Producing Party. The Parties shall confer in good faith as to the validity of the designation after the Receiving Party has received notice of the bases for the asserted designation. To the extent the Parties are unable to reach an agreement as to the designation, the Receiving Party may make an appropriate motion to this Court. On such a motion, the non-moving Party shall have the burden of proving that that the confidentiality designation under this Protective Order is entitled to protection under Rule 26 of the Federal Rules of Civil Procedure or other applicable law. All Protected Information designated under this Protective Order is entitled to confidential treatment pursuant to the terms of this Protective Order unless and until the Parties agree in writing to the contrary or a contrary determination is made by the Court as to whether all or a portion of any designated material is entitled to confidential treatment. A Party shall not be obligated to challenge the propriety of a designation of Protected Information at the time of designation, and failure to do so shall not preclude subsequent challenge.

EXHIBIT D

9.      Inadvertent or unintentional production of documents or information containing Protected Information that is not designated under this Protective Order shall not be deemed a waiver in whole or in part of a claim for protected treatment.  With respect to documents, the Producing Party shall notify the Receiving Party as soon as practicable of the error in writing and provide replacement pages bearing the appropriate confidentiality legend.  The recipient(s) shall gather and return to the Producing Party, or otherwise destroy to the reasonable satisfaction of the Producing Party, as the case may be, all copies of the undesignated documents.

10.     In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order, counsel for the Party responsible for the unauthorized disclosure shall promptly notify counsel for the Producing Party of the unauthorized disclosure and shall promptly make reasonable best efforts to take the steps necessary to further prevent unauthorized disclosure, including retrieving all copies of the Protected Information from the unauthorized recipient(s) thereof and securing the agreement of the recipient(s) not to further disseminate the Protected Information in any form.

11.     The recipient of any Protected Information shall maintain such Information in a secure and safe place, and shall exercise at least the same degree of care in handling the Protected Information as is exercised by the recipient with respect to its own confidential information of a similar nature, but in no event less than reasonable care.  The Parties agree to be subject to the jurisdiction of this Court for the purposes of the implementation and enforcement of this Protective Order.

12.     This Protective Order is without prejudice to the right of any Party to move this Court for an order further restricting disclosure or use of any Protected Information.

13. To the extent that any Protected Information is subject to the attorney-client privilege or work-product protection, as defined in Rule 502 of the Federal Rules of Evidence (the "Privileged Information"), the provisions of that Rule and any other applicable law shall govern the disclosure of such Privileged Information, including, without limitation, inadvertent disclosure.

14. The Receiving Party shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Information.

15. After final termination, resolution or settlement of the Disputes (including all appeals), the provisions of this Protective Order shall continue to be binding, except with respect to Protected Information that becomes a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Information for enforcement of the provisions of this Protective Order following termination of the Disputes.

16. Upon final termination, resolution or settlement of the Disputes (including all appeals), the recipients of Protected Information (other than recipients affiliated with the Producing Party) shall:

    a. Return to the Producing Party, or destroy or redact in a manner reasonably satisfactory to the Producing Party, all such Protected Information, including any and all copies thereof, within ninety (90) days of a request by the Producing Party for such return, destruction or redaction; and certify that such return, destruction or redaction has taken place.

Notwithstanding the return/destruction requirement under this paragraph, the Receiving Party's counsel may retain a copy or copies of pleadings, correspondence, work product, discovery responses, expert reports, Court exhibits, and documents included in submissions to the Court, even if Protected Information is included therein, in all events subject to the provisions of this Protective Order.

17.     To the extent that a non-party to the Disputes intends to produce to a Party documents, information and/or things that it seeks to be covered by the terms of this Protective Order, it may elect to do so by agreeing in writing with such Party, upon reasonable written notice to all other Parties, that the terms of this Protective Order shall apply to such documents, information and/or things.

18.     Nothing herein shall bar or otherwise restrict an attorney who is a Qualified Person from rendering advice to his or her client with respect to a Dispute.  In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose the specific content of any Protected Information to any other person or party except as permitted under the terms of this Protective Order.  Nothing contained in the foregoing sentence shall prohibit attorneys for the Committee from filing a motion with the Court seeking authority to disclose the specific content of any Protected Information to their clients to the extent permissible under applicable law or from objecting to any proposed resolution of the Disputes reached between the Debtors and the Objectors on any grounds, including, but not limited to that their clients do not have sufficient information to evaluate the proposed resolution, or prohibit the Debtors or Objectors from objecting to such relief.

19.     In the event that any Party or Qualified Person is served with a subpoena or other judicial process demanding or requiring the production or disclosure of any Protected Information, such Party or Qualified Person shall (a) provide counsel of record in these cases for all Parties hereto with notice by transmitting a copy of the subpoena by e-mail or facsimile within (2) business days following receipt thereof, so that such Parties shall have an opportunity to file a motion for a protective order to prevent such production or disclosure; and (b) use  reasonable efforts to ensure treatment of the Protected Information at issue consistent with this Protective

9

Order.  In the event the Producing Party files a motion for a protective order, and such filing is made and notice given to the Receiving Party or the Qualified Person, as the case may be, prior to or on the return date of the subpoena or other judicial process, the Receiving Party or Qualified Person served with the subpoena or judicial process shall not make such production or disclosure in the absence of an order of this Court requiring such production or disclosure, or written consent or agreement of the Producing Party allowing such production or disclosure.

20. The Parties reserve their rights to agree on procedures for handling and introducing into evidence Protected Information in any hearing or trial concerning a Dispute.  In the absence of such an agreement, any Party may file a motion with this Court for an order establishing such procedures.

21. This Protective Order shall not be deemed a waiver of:  (a) any Party's right to object to any discovery request on any ground; (b) any Party's right to seek an order compelling discovery with respect to any discovery request; (c) any Party's right to object to the admission of any evidence on any ground; (d) any Party's right to alter or waive any provision or protection provided for herein for such party's benefit; (e) any Party's rights, claims, and defenses concerning any or all of the Disputes; and (f) any Party's right to use its own Protected Information in its sole and complete discretion as it sees fit, or from disclosing its own Protected Information to its present directors, officers, employees, inside counsel, and outside counsel of record in these cases.

22. Any Party may file a motion to modify the terms hereof as provided in Rule 26(b) or (c) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7026, or any other applicable rule. The Parties reserve all of their rights and defenses with respect to any such motion.

NEWYORK:2358518.10
DRAFT

**EXHIBIT D**

Dated: _____, 2011
      Wilmington, Delaware

                                        _____
                                        THE HONORABLE KEVIN GROSS
                                        UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT D**

**EXHIBIT A**

**FORM UNDERTAKING**

NEWYORK:2358518.10
DRAFT

EXHIBIT D

CGSH Draft of 03/07/2011

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X
                                                          :
*In re*                                                   :   Chapter 11
                                                          :
Nortel Networks Inc., *et al.*,[1]                        :   Case No. 09-10138 (KG)
                                                          :
                                    Debtors.              :   Jointly Administered
                                                          :
                                                          :
----------------------------------------------------------X

**DECLARATION OF [_____] WITH RESPECT TO CERTAIN CONFIDENTIAL INFORMATION PRODUCED PURSUANT TO THE PROTECTIVE ORDER**

I, _____, under penalty of perjury, state that:

My residence address is _____.

My current employer is _____.

My business address is _____.

My business telephone is _____.

My current occupation is _____.

I have received a copy of the Agreed Protective Order between the Debtors and Certain Beneficiaries of the Nortel Networks U.S. Deferred Compensation Plan [D.I. ____] in the above captioned proceedings (the "Protective Order"), a copy of which is attached hereto. I have read and understand the provisions of the Protective Order. I will comply with all of the provisions of the Protective Order.

Promptly upon termination of the "Disputes," as defined in the Protective Order, I will return to counsel for the Party from which I received the Protected Information, or destroy, erase or delete, as the case may be, all Protected Information that came into my possession, and the

NEWYORK:2358518.10
DRAFT 02/24/11

**EXHIBIT D**

portions of any documents or things that I have prepared that contain or refer to Protected Information.

_____
(Signature)