## CLEARY GOTTLIEB STEEN & HAMILTON LLP

| | | |
|---|---|---|
| WASHINGTON, DC | ONE LIBERTY PLAZA | FRANKFURT |
| PARIS | NEW YORK, NY 10006-1470 | COLOGNE |
| | (212) 225-2000 | ROME |
| BRUSSELS | FACSIMILE (212) 225-3999 | MILAN |
| LONDON | WWW.CLEARYGOTTLIEB.COM | HONG KONG |
| MOSCOW | Writer's Direct Dial 212-225-2677 | BEIJING |
| | E-Mail jakim@cgsh.com | |

April 19, 2011

Daniel J. Murphy, Esq.
Bernstein Shur
100 Middle Street
PO Box 9729
Portland, ME 04104-5029

Dear Dan:

      I write in response to your letter dated April 13, 2011. The following are specific responses to certain items in your letter:

      Production Deadline. The expanded scope of documents that the Debtors agreed to produce following each of our meet and confer conferences required additional time to gather responsive documents. The collection and review efforts are ongoing, and we will continue to produce documents on a rolling basis as we have begun to do, including through the Debtors' fourth production of documents that we are sending to you today under separate cover. We hope to be able to complete substantially all of our document production by May 31, 2011. We would note, however, that the documents that we are collecting are substantial in size, cover a time period of over 12 years, were largely in the files of employees who are no longer employed by the Debtors and now may be contained in numerous storage facilities around the country and elsewhere. Moreover, the Debtors have extremely limited resources available to collect both hard copy and electronic information. Therefore, we will inform you if we require more time to complete our production.

      Limited Electronic Document Production. Since October 2004, the Debtors have maintained a master inventory of all collected hard drives and data back-up for any employee whose documents and data were retained. In connection with the Discovery Requests, Nortel IT conducted a search of their inventory records to determine if there were hard drives or data back-up for Linda Kathy Frates, Mary Anne Crowley, Norma Crowder and Cindy Kanaday, all of whom are former employees of the Debtors. The search of the inventory records did not turn up any electronically stored information ("ESI") for Frates, Crowley or Crowder. As a result of the

search, Nortel IT determined that a backup had not been done of the hard drives of Frates, Crowley and Crowder before they left the employment of the Debtors, and only Kanaday's hard drive had been backed up before Kanaday left the Debtors' employment.

Nortel IT is in the process of uploading ESI from the hard drives and data back-up of Ray, Lorimer and Kanaday. We expect to begin to produce responsive documents from these files on a rolling basis by the beginning of next week.

Hard Copies of Documents. As I stated at our Conference and as noted above, to the extent that responsive hard copy documents exist, they may be located in any of nearly a dozen storage facilities scattered throughout the country and in Canada. The Debtors' resources available to retrieve files from these storage facilities are extremely limited, and therefore, while we are in the process of retrieving files that may contain responsive documents, we have not yet been able to confirm whether responsive hard copy documents exist. We will let you know as soon as we have further information.

Canadian Debtors. The Canadian Debtors have agreed to provide us with limited information and documents that may be responsive to the Discovery Requests; however, they have informed us that they are not willing to engage in an exhaustive search for all information and documents that they may have responsive to the Discovery Requests.

Executive/Management Teams. From 2000 to 2009, while an employee's targeted compensation was the criterion used for determining eligibility under the Nortel Plan, compensation levels of course correlate to seniority and managerial status. In any event, the Debtors reserve their rights with respect to all legal bases for upholding the Nortel Plan.

Addresses for Eligible Employees. I circulated a draft proposed protective order on April 13, 2011. I would note, however, that entry of a protective order will not change the Debtors' position that personal information about employees, including names, home addresses and social security numbers, are subject to privacy laws as covered by the Debtors' corporate policies and procedures governing employee privacy and confidentiality of employee records, and the Debtors will redact any such information on documents they produce. Please note that we did not redact, and will produce, employees' global identification (GID) numbers.

Omitted Date Ranges. Your statement in section 13 of your letter regarding documents generated after the bankruptcy filing in January 2009 is not exactly correct. I did not make any representations as to whether eligibility or participation-related documents were generated after the petition date. Rather, the Debtors will not search for documents created post-petition because the Debtors did not permit enrollments, contributions, participations in the Plan or withdrawals from the Plan after the petition date.

With respect to Plan Years 2000 and 2001, as I informed you, the Debtors do not have information regarding employees' actual income for those years and therefore are unable to provide such documents.

W-2's. The Debtors continue to take the position that producing W-2s for all employees employed by the Debtors since 1996 would be unduly burdensome. In addition, I would note that neither the Debtors nor the payroll provider have any W-2s from prior to the 2001 tax year. Nevertheless, the Debtors are consulting with their payroll provider as to the burden of producing all available W-2s and expect to be able to inform you within one week as to their response.

Documents Prior to 1996. With respect to documents created prior to 1996, the Debtors will produce responsive documents relating to Plan Year 1996 that were created earlier than January 1996, to the extent such documents exist.

Withdrawal Data. The Debtors continue to take the position that a request for documents concerning withdrawals from the Plan prior to 2005 is not relevant, overly broad and unduly burdensome.

Contributions. In section 17 of your letter, you state that we agreed that the Debtors would provide documents reflecting amounts contributed to the Plan. This is not accurate; we did not agree that the Debtors would provide such information, and the Debtors continue to object to any requests for such information, including on the grounds that such requests are overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information.

Individuals with Plan Knowledge. Our firm represents Cindy Kanaday, Maryanne Crowley and Norma Crowder in connection with this matter.

The Debtors state that Daniel Ray, Debbie Lorimer, Maryanne Crowley and Linda Kathy Frates possess the most knowledge or information concerning the categories listed in Interrogatory 1(a) and (b), and Daniel Ray possesses the most knowledge or information concerning the categories listed in Interrogatory 1(c) and (d). With respect to the individuals listed in the Debtors' response to Interrogatory 4, the years for which each individual had knowledge of the processes and methodologies utilized to determine employee eligibility for the Nortel Plan are as follows:

- Daniel Ray **(1999-2001, 2006-2009)**
  Senior Manager, Global Benefits

- Debbie Lorimer **(2000-2003)**
  Senior Manager, Global Benefits

- Maryanne Crowley **(1999-2002)**
  Former Assistant Vice President, Benefits

- Norma Crowder **(2003-2005)**
  Former Senior Manager, Benefits

- Linda Kathy Frates **(1999-2000)**
  Former Manager, Benefits

- Cindy Kanaday **(2006-2009)**
  Former Benefits Specialist

<u>Actual Compensation Data and Targeted Compensation Data</u>.  As noted above, the Debtors do not have documents and information concerning employees' actual compensation prior to 2002, and instead only have information concerning employees' target compensation, which was employed to determine eligibility from the 2000 Plan Year forward.  The Debtors will provide actual compensation for all employees for those Plan Years for which the Debtors have such information.

<u>Employees Participating After Commencement of Plan Year</u>.  For certain years, we can identify which employees were invited to participate after the commencement of the Plan Year.  We are continuing to review documents to determine whether we have such information for all Plan Years.  We do not have readily available information as to why each such individual was permitted to participate.  However, we can provide a general explanation, which is that: Each quarter within a Plan Year, employees who newly met the threshold requirements because they were either newly hired, promoted, or had received a raise, were sent an information packet and invited to participate in the Plan.

<u>Compensation Thresholds</u>.  As noted above, the Debtors will provide information regarding the actual compensation of employees who were deemed eligible to participate in the Plan, during the Plan Years in which target compensation thresholds were used to determine eligibility, only for those years for which the Debtors have such information.  The Debtors do not have such information regarding employees' actual compensation for 2000 and 2001 and therefore cannot provide such information for those years.

Please feel free to call me if you have any questions or would like to discuss.

Very truly yours,

Jane Kim