IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re*                                         :     Chapter 11
:
Nortel Networks Inc., *et al.*,[1]              :     Case No. 09-10138 (KG)
:
      Debtors.   :     Jointly Administered
:
------------------------------------------------------------X    Objections Due: June 28, 2011 at 4:00 p.m.


**SEVENTEENTH MONTHLY APPLICATION OF JOHN RAY, AS PRINCIPAL OFFICER
OF NORTEL NETWORKS, INC.  FOR ALLOWANCE
OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT
OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED
FOR THE PERIOD MAY 1, 2011 THROUGH MAY 31, 2011**

| | |
|---|---|
| Name of Applicant: | JOHN RAY |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | <u>nunc pro tunc</u> to December 7, 2009 |
| Period for which Compensation and reimbursement is sought: | May 1, 2011 through May 31, 2011 |
| Amount of compensation sought as actual, reasonable and necessary: | $ 74,542.00 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $ 2,069.88 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

2725046.2

This is an  x  interim           final application

The total time expended for fee application preparation is approximately 5.0 hours and the corresponding compensation requested is approximately $ 2350.00.

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 2/18/2010 | 12/7/2009 – 1/31/2010 | $112,185.00/$13,844.36 | $112,185.00/$13,844.36 |
| 3/5/2010 | 2/1/2010 – 2/28/2010 | $69,030.00/$3,483.73 | $69,030.00/$3,483.73 |
| 4/8/2010 | 3/1/2010 – 3/31/2010 | $63,315.00/$6,916.80 | $63,315.00/$6,916.80 |
| 5/5/2010 | 4/1/2010 – 4/30/2010 | $73,260.00/$8,953.09 | $73,260.00/$8,953.09 |
| 6/7/2010 | 5/1/2010 – 5/31/2010 | $84,690.00/$14,437.31 | $84,690.00/$14,437.31 |
| 7/12/2010 | 6/1/2010 – 6/30/2010 | $82,057.50/$3,770.89 | $82,057.50/$3,770.89 |
| 8/6/2010 | 7/1/2010 – 7/31/2010 | $77,432.50/$6,306.75 | $77,432.50/$6,306.75 |
| 9/7/2010 | 8/1/2010 – 8/31/2010 | $92,143.50/$6,679.72 | $92,143.50/$6,679.72 |
| 10/7/2010 | 9/1/2010 – 9/30/2010 | $84,294.50/$15,412.30 | $84,294.50/$15,412.30 |
| 11/4/2010 | 10/1/2010 – 10/31/2010 | $88,336.50/$4,140.85 | $88,336.50/$4,140.85 |
| 12/7/2010 | 11/1/2010 – 11/30/2010 | $99,640.00/ $8,348.40 | $99,640.00/$8,348.40 |
| 1/4/2011 | 12/1/2010 – 12/31/2010 | $64,719.00/$187.92 | $64,719.00/$187.92 |
| 2/7/2011 | 1/1/2011 – 1/31/2011 | $96,608.50/$4,606.57 | $96,608.50/$4,606.57 |
| 3/4/2011 | 2/1/2011 – 2/28/2011 | $96,326.50/$14,674.99 | $77,061.20/$14,674.99 |

| 4/8/2011 | 3/1/2011 – 3/31/2011 | $100,909.00/5,555.03 | $80,727.20/$5,555.03 |
| 5/9/2011 | 4/1/2011 – 4/30/2011 | $80,816.50/$5,502.15 | $64,653.20/$5,502.15 |

## COMPENSATION BY PROFESSIONAL

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

May 1, 2011 through May 31, 2011

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| John Ray | Principal Officer for Nortel Networks Inc | 470 | 163.1 | $ 74,542.00 |
|  |  |  |  | **$ 74,542.00** |
| **GRAND TOTAL:** | **$ 74,542.00** | | | |
| **BLENDED RATE:** | **$ 470** | | | |

**CUMULATIVE COMPENSATION BY PROJECT
CATEGORY FOR APPLICATION PERIOD**

Nortel Networks Inc., et al.
(Case No. 09-10138 (KG))

May 1, 2011 through May 31, 2011

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Monitoring and oversight of US Debtors and reviewing interaction with Nortel entities | 2.0 | $ 940.00 |
| Reviewing operational management of transition services | 25.2 | 11,844.00 |
| Development and implementation of asset monetization, wind down strategy, liquidation/reorganization plan development and Interacting with Constituencies (including, asset dispositions, Claims administration, Tax matters and Intellectual property) | 117.0 | 54,990.00 |
| Meeting with creditor constituencies, including Official Committee of Unsecured Creditors, Ad Hoc Committee of Bondholders and Canadian Monitor | 4.9 | 2,303.00 |
| Fee Applications | 5.0 | 2,350.00 |
| Various Corporate Matters | 0.0 | 0.00 |
| Non-working travel | 9.0 | 2,115.00 |
| **TOTAL** | **163.1** | **$ 74,542.00** |

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

- 6 -

## EXPENSE SUMMARY

Nortel Networks Inc., et al.
(Case No. 09-10138 (KG))

May 1, 2011 through May 31, 2011

| **Expense Category** | | **Total Expenses** |
|---|---|---|
| Travel – Airline | | $ 551.90 |
| Travel – Lodging | | 1,211.86 |
| Travel – Meals | | 37.22 |
| Travel – Transportation | | 200.00 |
| Travel – Parking | | 26.00 |
| Office supplies, shipping, and other office related expenses | | 42.90 |
| PACER | | 0.00 |
| **TOTAL** | | **$ 2,069.88** |

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------X
:
*In re*                                                       :    Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                             :    Case No. 09-10138 (KG)
:
      Debtors.                   :    Jointly Administered
:
---------------------------------------------------------------X   Objections Due:  June 28, 2011 at 4:00 p.m.


**SEVENTEENTH MONTHLY APPLICATION OF JOHN RAY, AS PRINCIPAL OFFICER OF NORTEL NETWORKS, INC. AND ITS AFFILIATES, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD MAY 1, 2011 THROUGH MAY, 2011**

    John Ray, Principal Officer for Nortel Networks, Inc and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), submits this application (the "Application") for interim allowance of compensation for professional services rendered by John Ray to the Debtors for the period May 1, 2011 through May 31, 2011 (the "Application Period") and reimbursement of actual and necessary expenses incurred by John Ray during the Application Period under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the United States

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

- 1 -

Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "<u>U.S. Trustee Guidelines</u>") and the Order Under 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members (D.I. 222) (the "<u>Interim Compensation Procedures Order</u>")[2]. In support of this Application, John Ray represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On January 14, 2009 (the "<u>Petition Date</u>"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' jointly administered bankruptcy cases.

3. On January 26, 2009, the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors.

## JOHN RAY'S RETENTION

---

[2] Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

4. On August 10, 2009, the Debtors issued a press release announcing that they were in the process of identifying a principal officer for the Debtors in these chapter 11 cases, noting that such appointment would be subject to the approval of this Court. Throughout the past several months, the Debtors and their representatives, together with the representatives of the Committee and the Bondholder Group have met with a number of potential candidates, including Mr. Ray. After due deliberation and after receiving input from the Committee, the Bondholder Group, the Monitor and management of the Canadian Debtors, the Debtors selected Mr. Ray.

5. On December 7, 2009, John Ray and NNI executed an Engagement Letter after several weeks of good faith negotiations involving the Debtors, the Committee, the Bondholder Group, and their representatives.

6. By Order dated January 6, 2010, this Court approved John Ray's retention as Principal Officer of Nortel Network, Inc., nunc pro tunc to December 7, 2009 (Docket no.2249).

## FEE PROCEDURES ORDER

7. On February 4, 2009, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

8. In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each calendar month. Provided that there are no objections to such Monthly Fee Application filed within twenty (20) days after the service of a Monthly Fee Application, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application. If a partial objection to the Monthly Fee Application is filed, then the Debtors are

authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

## RELIEF REQUESTED

9. John Ray submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that he has rendered as Principal Officer for the Debtors in these cases for the period from May 1, 2011 through May 31, 2011, and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Debtors during that same period.

10. During the period covered by this Application, John Ray incurred fees in the amount of $74,542.00. For the same period, John Ray incurred actual, reasonable and necessary expenses totaling $2,069.88. With respect to these amounts, as of the date of this Application, John Ray has received no payments.

11. Set forth on the foregoing "Compensation by Project Category" is a summary by subject matter categories of the time expended by timekeepers billing time to these cases. The categories are intended to organize the description the time spent along several categories of broad tasks for which Mr. Ray has been retained to perform. Certain time entries may overlap multiple categories and efforts have been made to appropriately categorize the time.

12. During the Application Period, John Ray provided extensive services to the Debtors related to the various matters, including but not limited to matters related to the allocation of the sale proceeds and the protocol related thereto, oversight related to major claims and overall claims management, review of budgets and forecasts, involvement with employee retention issues, handling of corporate matters among affiliates, participation in creditor meetings related to the sale of assets, and preparation of certain assets for future disposition.

13. <u>Exhibit A</u> attached hereto contains logs, sorted by case project category, which show the time recorded by John Ray and descriptions of the services provided.

14. <u>Exhibit B</u> attached hereto contains a breakdown of disbursements incurred by John Ray during the Application Period.

15. In accordance with Local Rule 2016-2, John Ray has reduced his request for compensation for non-working travel, if any, to 50% of his normal rate.

16. John Ray has endeavored to represent the Debtors in the most expeditious and economical manner possible. John Ray has endeavored to coordinate with Cleary Gottlieb Steen & Hamilton LLP and the other professionals involved in these cases so as to minimize any duplication of effort and to minimize fees and expenses to the Debtors.

17. No agreement or understanding exists between John Ray and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

18. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

- 6 -

**WHEREFORE**, John Ray respectfully requests that this Court: (a) allow John Ray (i) interim compensation in the amount of $74,542.00 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period May 1, 2011 through May 31, 2011, and (ii) interim reimbursement in the amount of $2,069.88 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the Debtors to pay to John Ray the amount of $61,703.48 which is equal to the sum of 80% of John Ray's allowed interim compensation and 100% of John Ray's allowed expense reimbursement; and (c) grant such other and further relief as is just.

Dated:   June 8, 2011        JOHN RAY
         Wilmington, Delaware

                              _____
                              John Ray
                              *Principal Officer for Nortel Networks Inc*