## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Nortel Networks, Inc., *et al.*,[1] | ) | Case No. 09-10138 (KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | **Related Docket Nos. 5202** |

### OBJECTION OF EADS SECURE NETWORKS S.A.S. TO DEBTORS' MOTION FOR AUTHORITY TO CONVEY SUBSTANTIALLY ALL OF THE DEBTORS' RESIDUAL PATENTS AND RELATED ASSETS FREE AND CLEAR OF INTERESTS

EADS Secure Networks S.A.S. ("EADS"), by and through undersigned counsel, objects

to the captioned debtors' (the "Debtors") Motion for Authority to Convey Substantially All of

the Debtors' Residual Patents and Certain Related Assets (the "IP Assets") to Ranger Inc. (the

"Sale Motion") [Docket No. 5202]. In support of its objection, EADS respectfully states as

follows:

### BACKGROUND

1.      EADS is successor in interest to ESDN (defined below) as party to that certain

Intellectual Property Transfer and License Agreement dated May 30, 2000 (the "Agreement") by

and among Matra Nortel Communications S.A.S ("MNC"), Nortel Networks Limited ("Nortel")

and Arcycom S.A., subsequently renamed EADS Defence Security Networks ("ESDN").

Pursuant to the Agreement, MNC absolutely assigned certain intellectual property rights to

ESDN (the "EADS Assigned Rights") and certain other intellectual property rights were

irrevocably licensed to ESDN (the "EADS Licensed Rights" and, collectively with the EADS

Assigned Rights, the EADS IP Rights).

---

[1] The debtors in these Chapter 11 cases are: Nortel Networks Inc., Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. (collectively, the "Debtors").

2.      The Debtors filed the Sale Motion on May 2, 2011.  Pursuant to the Sale Motion, the Debtors, among other things, seek authority to sell certain of the IP Assets free and clear of claims and interests pursuant to Section 363(f) of the Bankruptcy Code.  It is not clear to EADS whether the Debtors are attempting to sell the IP Assets free and clear of the Assigned Rights and/or the Licensed Rights.

## OBJECTION

3.      EADS objects to the sale of the IP Assets free and clear of EADS IP Rights on numerous grounds as set forth below.

### A.  None of the Parties to the Agreement is a Debtor in these Bankruptcy Proceedings

4.      The Court cannot authorize the sale the IP Assets free and clear of the EADs IP Rights because none of the parties to the Agreement are Debtors in the captioned bankruptcy proceedings.  Accordingly, section 363(f) of the Bankruptcy Code cannot be applied to transfer any of the IP Assets subject to the Agreement.  Moreover, MNC, the transferor of the bulk of the EADS IP Rights, is not even a debtor in the Canadian insolvency proceedings initiated under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as Amended.  Accordingly, MNC's obligations to EADS cannot be rejected, altered or affected in the captioned bankruptcy proceedings or the Canadian insolvency proceedings.

### B.  EADS is the Owner of the EADS Assigned Rights

5.      Second, as assignee of the EADS Assigned Rights, EADS is the owner of those rights.  Clearly, neither NMC nor Nortel can convey what they do not own.  Accordingly, no order approving the Sale Motion could possibly affect or alter EADS interest in the EADS Assigned Rights.

2

C.    The IP Rights Cannot be Sold Free and Clear of the EADS IP Rights

6.    The Debtors cannot sell the IP Assets free and clear of the EADS IP Rights

because such sale would not satisfy any of the requirements of Section 365(f) of the Bankruptcy

Code.  Section 363(f) of the Bankruptcy Code authorizes a debtor to sell assets free and clear of

liens, claims, interests and encumbrances only if:

    a.    applicable nonbankruptcy law permits sale of such property free and clear of such interests;

    b.    such entity consents;

    c.    such interest is a lien and the price at which such property is to be sold is greater than the value of all liens on such property;

    d.    such interest is in bona fide dispute; or

    e.    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

7.    None of these requirements are satisfied here.  Section 363(f)(1) is not satisfied

because the Debtors can cite to no nonbankruptcy law that would permit such a sale.  EADS

clearly does not consent to a sale free and clear of the EADS IP Rights so Section 363(f)(2) is

not satisfied.  Section 363(f)(3) is not satisfied because EADS's interest is not a lien.  There is no

dispute regarding the EADS IP Rights so Section 363(f)(4) is not satisfied.  Finally, EADS could

not be required to accept a money satisfaction for the EADS IP Rights because it would be

impossible to quantify EADS's damages resulting from the loss of the EADS IP Rights at this

time.  See In re Haskell, LP, 321 B.R. 1, 9 (Bankr. D. Mass. 2005).  Accordingly, the Debtors

will not be able to satisfy Section 363(f)(5).

D. <u>The IP Assets Cannot be Sold Free and Clear of the EADS IP Rights Because of Section 365(n)(1)(B) of the Bankruptcy Code</u>

8.      In 1988, Congress enacted Section 365(n)(1)(B) of the Bankruptcy Code in order to provide special protections to licensees of intellectual property.[2] That section provides in pertinent part as follows:

> If the trustee rejects an executory contract under which the debtor is a licensor of a right to intellectual property, the licensee under such contract may elect—
>
> * * * * * * * *
>
> (B) to retain its rights . . . under such contract and under any agreement supplementary to such contract, to such intellectual property . . . as such rights existed immediately before the case commencement for—
>
>    (i) for the duration of such contract; and
>
>    (ii) any period for which such contract may be extended by the licensee as of right under applicable nonbankruptcy law.

11 U.S.C. § 365(n)(1)(B).

9.      The Court should not permit the Debtors to circumvent the clear Congressional intent to provide special protections to licensees of intellectual property by use of Section 363(f) of the Bankruptcy Code.  The Debtors may mistakenly cite to the decision in <u>Precision Industries, Inc. v. Qualitech Steel SBQ, LLC</u>[3] to support a sale free and clear of licensed intellectual property pursuant to Section 363(f) of the Bankruptcy Code.  In <u>Qualitech</u>, the court interpreted Section 365(h) of the Bankruptcy Code, a provision similar to Section 365(n) in that it allows lessees of nonresidential real property to retain its rights under a rejected lease, and incorrectly held that the sale of property under Section 363(f) of the Bankruptcy Code extinguishes a tenant's right to remain on the leased premises under Section 365(h) of the

---

[2]  <u>See</u> S. Rep. 505, 100th Cong., 2d Sess. 1 (1988) (stating that Congress enacted Section 365(n) "to make clear that the rights of an intellectual property licensee cannot be unilaterally cut off as a result of the rejection of the license pursuant to section 365 in the event of the licensor's bankruptcy.")

[3]  327 F.3d 537 (7th Cir. 2003).

Bankruptcy Code.  While the Seventh Circuit cited to the canon of statutory construction that courts should construe statutes so as to avoid conflicts (id. at 544), Qualitech's holding violates several other canons of statutory construction such as: (i) the more specific statute should trump the more general statute;[4] (ii) later enacted statutes govern earlier enacted statutes,[5] and (iii) a statute should not be construed in a way that creates an absurd result.[6]

      10.      The Court should follow these rules of statutory construction and find that the Debtors cannot use Section 363(f) to eviscerate EAD's rights under Section 365(n) of the Bankruptcy Code.  Consistent with the Qualitech district court decision, this Court should find that Congress's clear expression of intent to provide protection to licensees of intellectual property in Section 365(n) should override the authority to sell free and clear of undefined interests found in Section 363(f).  Indeed, Congress's intent to preserve an intellectual property licensee's rights is crystallized by the fact that Congress enacted Section 365(n) despite the fact, and with knowledge, that Section 363(f) was already a part of the Bankruptcy Code.  Given these circumstances, it would indeed be an absurd result to allow a debtor to circumvent the protections Congress afforded to intellectual property licensees by allowing a debtor that is a licensor of intellectual property to sell that intellectual property free and clear of the license under Section 363(f).  Accordingly, the Court should not permit the sale of the IP Assets free and clear of the EADS IP Rights.

---

[4] The district court in Qualitech, relying on this canon, held that Section 365(h), the more specific provision, overrode Section 365(f), the more general provision.  See Qualitech, 327 F.3d at 542.  The Seventh Circuit inexplicably disregarded this holding and somehow found that allowing the sale of the property free and clear of the tenant's Section 365(h) rights did not conflict with the clear Congressional intent to protect parties that lease real property from debtors.

[5] The more recently enacted statute should be considered to be the clearest expression of legislative intent.  See, e.g., Angelica Textile Services, Inc. v. U.S., 95 Fed C. 208, 217 (Fed. Cl. 2010).

[6] See, e.g., Church of the Holy Trinity v. United States, 143 U.S. 457 (1892).

E. <u>EADS Demands Adequate Protection of the EADS IP Rights Pursuant to Section 363(e) of the Bankruptcy Code.</u>

11.    Whether or not the IP Assets subject to the Agreement could otherwise be sold free and clear of the EADS IP Rights pursuant to Section 363(f), Section 363(e) of the Bankruptcy Code requires the Debtors to adequately protect EADS's interest in the EADS IP Rights.  Section 363(e) provides in pertinent part that "[n]otwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property . . . sold . . . or proposed to be . . . sold . . . by the trustee, the court, with or without a hearing, shall prohibit or condition such . . . sale . . . as is necessary to provide adequate protection of such interest."  11 U.S.C. § 363(e).  The requirement of adequate protection is mandatory and it is the Debtors' burden to prove that EAD's interests are adequately protected.  <u>See</u> 11 U.S.C. § 363(p).

12.    In this case, the only way to adequately protect the EADS IP Rights is an order from the Court providing that the IP Assets subject to the Agreement are not being sold free and clear of the EADS IP Rights.  <u>See</u> <u>In re Dynamic Tooling Systems, Inc.</u>, 349 B.R. 847 (Bankr. D. Kan. 2006).  In <u>Dynamic Tooling</u>, the court held that, in order to protect the statutory rights of an intellectual property licensee, the court would limit the sale free and clear to provide that "to the extent the [the debtor's] intellectual property is included in the asset transfer, that property is subject to whatever rights [the licensee] may have under the [applicable license]."  <u>Id.</u> at 856.  The court recognized the <u>Qualitech</u> decision, noting that "[t]he [<u>Qualitech</u>] court saw no reason to hold that § 365(h) somehow trumped § 363(f) and reminded the parties that a bankruptcy court always retains the power to prohibit or condition a sale under § 363 as necessary to adequately protect the holder's affected interest."  <u>Id.</u> at 855 (citing <u>Qualitech</u>, 327 F.3d at 547-48).  Unlike EADS, however, the lessee in <u>Qualitech</u> had failed to seek protection of its rights under Section 363(e) of the Bankruptcy Code.  <u>See also</u> <u>In re Haskell, LP</u>, 321 B.R. 1, 10 (Bankr. D. Mass.

6

2005) (holding that the only way to adequately protect a real property lessee's rights in the context of a sale under 363(f) of the Bankruptcy Code was to allow the lessee to remain in possession of the leased premises).  Accordingly, any order authorizing the sale of the IP Assets subject to the Agreement should provide that such assets shall remain subject to the EADS IP Rights.

## CONCLUSION

WHEREFORE, for the foregoing reasons, EADS respectfully requests that this Honorable Court enter an order consistent with this objection and granting to EADS such other and further relief as is just and proper.

Date:  June 13, 2011
       Wilmington, Delaware

**SULLIVAN • HAZELTINE • ALLINSON LLC**

William A. Hazeltine (No. 3294)
901 North Market Street, Suite 1300
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195
Email: whazeltine@sha-llc.com

*Attorneys for EADS Secure Networks S.A.S.*