**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | **:** | |
| **In re:** | **:** | **Chapter 11** |
| | **:** | |
| **Nortel Networks Inc.,** *et al.*, | **:** | **Bankruptcy No. 09-10138 (KG)** |
| | **:** | |
| **Debtors.** | **:** | **Jointly Administered** |
| | **:** | |
| | **:** | **Hearing date: June 30, 2011 at 10:00 a.m. (ET)** |
| | **:** | **Objections due: June 23, 2011 at 4:00 p.m. (ET)** |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING**
**MICROSOFT CORPORATION TO FILE UNDER SEAL PORTIONS OF**
<u>**SALE OBJECTION AND EXHIBIT THERETO**</u>

Microsoft Corporation ("<u>**Microsoft**</u>"), hereby moves this Court for the entry of an order substantially in the form attached hereto, pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "<u>**Bankruptcy Code**</u>"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "<u>**Bankruptcy Rules**</u>"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>**Local Rules**</u>") authorizing Microsoft to file under seal portions of its *Limited Objection of Microsoft Corporation to Motion of Debtors to Sell Certain Patents and Related Assets Free and Clear of All Claims and Interest and Related Relief* (the "<u>**Limited Objection**</u>") and Exhibit thereto (the "<u>**Motion**</u>").  In support of this Motion, Microsoft respectfully represents as follows:

<u>**JURISDICTION**</u>

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9018 and Local Rule 9018-1.

## BACKGROUND

3.      On January 14, 2009 (the "**Petition Date**"), the Debtors, other than Nortel Networks (CALA) Inc. filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only.  The Debtors continue to operate their remaining businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The Office of the United States Trustee for the District of Delaware has appointed an Official Committee of Unsecured Creditors in respect of the Debtors, and an ad hoc group of bondholders has been organized.

## RELIEF REQUESTED

5.      By this Motion, Microsoft seeks an order pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1 authorizing it to file certain portions of its Limited Objection and the Exhibit to the Limited Objection under seal.

6.      Microsoft is a counterparty under that certain Patent Cross License Agreement, effective as of July 17, 2006 (the "**PCL**") with various of the Debtors.  Certain terms of the PCL are referenced and discussed in the Limited Objection, and the PCL is Exhibit A thereto.

## GROUNDS FOR RELIEF

7.      The relief requested by Microsoft is squarely authorized under the Bankruptcy Code. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

11 U.S.C. § 105(a). Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders to protect a party's confidential, commercial or proprietary information:

> On request of a party in interest, the bankruptcy court shall … protect an entity with respect to a trade secret or confidential research, development, or commercial information ….

11 U.S.C. § 107(b).

7.      Furthermore, Bankruptcy Rule 9018 defines the procedure by which a party may move for relief under section 107(b) of the Bankruptcy Code:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information….

Fed. R. Bankr. P. 9018. Local Rule 9018-1 requires any party who seeks to file documents under seal to file a motion to that effect. Del. Bankr. L.R. 9018-1(b).

8.      A movant is not required to demonstrate "good cause" to file under seal. Rather, if the material sought to be filed under seal falls within one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." *In re Orion Pictures Corp.,* 21 F.3d 24, 27 (2d Cir. 1994)).

9.      The PCL contains a broad provision making the terms and conditions of the PCL confidential. The parties to the PCL previously agreed to such broad confidentiality provisions because the PCL contains sensitive and confidential commercial information belonging to the Debtors and Microsoft.

10.     Microsoft could be subject to claims by the Debtors for breaching the terms of such confidentiality provision by publicly making reference to the terms and conditions of the PCL and by making a copy thereof available in the public domain.  Under these circumstances, in order to protect the confidentiality of the terms of the PCL, to which the parties previously agreed, and to permit Microsoft to assert its objections to the Debtors' proposed patent sale without exposure under the PCL, Microsoft asserts that sealing portions of the Limited Objection and the entire Exhibit A thereto is necessary and appropriate.

## NOTICE OF MOTION

11.     Notice of the Motion has been given to (i) counsel to the Debtors, (ii) the U.S. Trustee; (ii) counsel to the Official Committee of Unsecured Creditors; (iii) counsel to Ranger, Inc.; and (iv) all other parties listed as Notice parties for purposes of Microsoft's objection to the Debtors' proposed sale.  Microsoft submits that under the circumstances no other or further notice is necessary.

## **NO PRIOR REQUEST**

12.     No prior request for the relief sought herein has been made to this or any other

court.

WHEREFORE, Microsoft Corporation respectfully requests that this Court grant the

Motion and the relief requested herein and grant such other and further relief as it deems just

and proper.

Dated: Wilmington, DE
   June 13, 2011

Respectfully submitted,

BROWN STONE NIMEROFF LLC

/s/Jami B. Nimeroff
Jami Nimeroff, Esquire (No. 4049)
901 N. Market Street, Suite 1300
Wilmington, DE 19801
(302) 428-8142 Tel
(302) 351-2744 Fax
jnimeroff@bsnlawyers.com

and

David M. Feldman, Esquire
Matthew K. Kelsey, Esquire
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000 Tel
(212) 351-6351 Fax
DFeldman@gibsondunn.com
MKelsey@gibsondunn.com

*Counsel for Microsoft Corporation*