IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
                                                     :

In re                                   :       Chapter 11

                                     :       Case No. 09-10138 (KG)

Nortel Networks Inc., et al.,[1]         :       Jointly Administered

                                     :

                   Debtors.      :       **Hearing Date: June 21, 2011 at 9:30 a.m. (ET)**

                                   :       **Re: Docket No. 5595**

------------------------------------------------------X

**RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO MOTION FOR ENTRY OF AN ORDER PURSUANT TO
SECTION 1102(A)(2) OF THE BANKRUPTCY CODE APPOINTING AN
OFFICIAL COMMITTEE OF LONG-TERM DISABILITY PLAN PARTICIPANTS**

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Nortel

Networks Inc., et al. (the "Debtors" or, collectively, the "Company") submits this response (the

"Response") to the motion (the "Motion") for entry of an order appointing an official committee

of long-term disability plan participants ("LTD Employees") [D.I. 5595], filed by Barbara

Gallagher and 58 other disabled individuals (the "LTD Movants") who are participants in the

Debtors' long-term disability plan (the "LTD Plan"). In support of this Response, the Creditors'

Committee respectfully submits as follows:

## I.      PRELIMINARY STATEMENT

1.      The Court should exercise its discretion to form a joint committee including

representatives of both the Debtors' retirees (the "Retirees") and LTD Employees (a "Joint

Committee"). Section 1114 was specifically designed to facilitate negotiations between debtors

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226).

and plan beneficiaries prior to the termination or modification of benefit plans, which is where

the LTD Employees currently find themselves. We recognize the concern that LTD Employees

do not fit neatly within the ambit of section 1114(d) because of their unusual employment

arrangement, where they remain current employees despite no longer actively working for the

Company. Appointment of a Joint Committee, however, would accomplish the broader goals of

section 1114—facilitating negotiations among debtors and plan beneficiaries before benefit plans

are modified or terminated— as evidenced by Congress' inclusion in section 1114(a) of

disability benefits in the definition of "retiree benefits."

     2.    A Joint Committee would achieve the goals of the Debtors, LTD Employees and

Retirees in the most efficient and cost-effective manner for the Debtors' estates. Granting the

extraordinary relief requested in the Motion, the appointment of a second official committee

composed solely of LTD Employees (an "LTD Committee"), would be costly and inefficient and,

if the LTD Committee's mandate were not limited solely to negotiations regarding the

termination or modification of benefits under the LTD Plan, duplicative of the Creditors'

Committee's role in these Chapter 11 cases. In contrast, however, appointing LTD Employees to

a Joint Committee would satisfy the Motion's request for alternative relief and accomplish the

LTD Movants' primary goal of formal representation of the LTD Employees in the 1114 process.

Creating a single Committee would eliminate duplication of work and preserve estate resources.

It would also help the Debtors confer with LTD Employees regarding termination or

modification of the LTD Plan in parallel with the Retiree discussions, while avoiding the

expenses of an additional committee. This broader Joint Committee could also allow the

Debtors to simultaneously consider proposals for offering alternatives for both Retirees and LTD

Employees and potentially lead to better options for both groups.

2

3.      Alternatively, if the Court decides to appoint a separate LTD Committee, such

committee's mandate and professional fees must be appropriately limited to avoid unnecessary

duplication of work, incurrence of excessive professionals fees, and depletion of the Debtors'

estates.

## II.      BACKGROUND

4.      On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel

Networks (CALA) Inc.,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy

Code, which cases are consolidated for procedural purposes only.  The Debtors continue to

operate their remaining businesses and manage their properties as debtors in possession pursuant

to sections 1107(a) and 1108 of the Bankruptcy Code.

### A.      The U.S. Trustee Appointed the Creditors' Committee and the Bondholder Group Is Organized.

5.      On January 22, 2009, pursuant to section 1102 of the Bankruptcy Code, the

United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Creditors'

Committee [D.I.s 141, 142].  The Creditors' Committee currently consists of three members.[3]

An ad hoc group of the Debtors' bondholders has also been organized.

### B.      The Debtors Seek to Terminate Retiree Welfare Plans and LTD Plan and the Ad Hoc Retiree Committee Files the VEBA Motion.

6.      As described in greater detail in the Retiree Committee Motion (defined below),

the Debtors have historically provided a number of benefits to their active employees and

Retirees through benefit plans and other programs, including, for the Retirees, the Nortel

Networks Inc. Retiree Medical Plan and the Nortel Networks Inc. Retiree Life Insurance and

---

[2]    Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

[3]    The Creditors' Committee currently consists of the following entities:  Law Debenture Trust Company of New York, as indenture trustee; Pension Benefit Guaranty Corporation; and The Bank of New York Mellon, as indenture trustee.

100869511
RLF1 4069343v. 1

Long-Term Care Plan for Retirees (together, the "Retiree Welfare Plans") and, for LTD

Employees, the LTD Plan.  On June 21, 2010, the Debtors filed a motion seeking approval to

terminate the Retiree Welfare Plans and the LTD Plans [D.I. 3204] (the "Plan Termination

Motion").  In connection with that proposed termination, the Debtors had negotiated with a

health insurance provider to provide the retirees and long-term disabled individuals with

replacement medical coverage options not readily available on the open market.

7.    Shortly thereafter, the Nortel US Retirement Protection Committee, an ad hoc

steering committee of retired executives of the Debtors (the "Ad Hoc Retiree Committee"), filed

a motion seeking authorization to form a voluntary employee benefit association to provide tax

credit-eligible retiree benefits [D.I. 3671] (the "VEBA Motion").

**C.    The Plan Termination Motion and VEBA Motion Are Withdrawn.**

8.    In light of the filing of the VEBA Motion and discussions with counsel to the Ad

Hoc Retiree Committee and the Third Circuit's ruling in *IUE-CWA, Inds. Div. of the Commc'ns*

*Workers of Am.. v. Visteon Corp. (In re Visteon)*, 612 F. 3d 210 (3d Cir. 2010), on July 16, 2010,

the Debtors ultimately withdrew the Plan Termination Motion without prejudice [D.I. 3651].[4]

Thereafter, on October 7, 2010,  the VEBA Motion was withdrawn without prejudice [D.I. 4104].

9.    During the last 10 months since the Plan Termination Motion was withdrawn, the

Debtors have continued to provide benefits under the Retiree Welfare Plans and the LTD Plan, at

an approximate cost of $19 million to their estates.

---

[4]    Although a modification or termination of the LTD Plan is not subject to the procedural constraints of
Bankruptcy Code section 1114 because the LTD employees receiving benefits are current employees of the
Debtors, the alternative medical coverage options proposed by the Plan Termination Motion would not have
been available for the LTD Employees if not offered to the Retirees as well.  The Debtors therefore withdrew
the request for authority to terminate the LTD Plan as well.

100869511
RLF1 4069343v. 1

**D.**    **The Debtors File Motion for Appointment of Retiree Committee to Engage in Good Faith Negotiations Regarding Termination or Modification of Retiree Benefit Plans.**

10.    On June 2, 2011, the Debtors filed a motion (the "Retiree Committee Motion") seeking entry of an order directing the appointment of a committee of Retirees (the "Retiree Committee") to serve as the official representative for the Retirees to engage in good-faith negotiations regarding the termination or modification of the Retiree Welfare Plans, pursuant to Bankruptcy Code 1114.

11.    In the Retiree Committee Motion, the Debtors represented as follows:

> The LTD Employees are current employees of the Debtors and therefore are not retired employees. Consequently, the LTD Plan is not covered by section 1114 of the Bankruptcy Code. After conferring with the Office of the United States Trustee, the Debtors have concluded that the LTD Employees are not eligible to serve on the Retiree Committee. Nonetheless, the Debtors believe that it would be beneficial to engage the LTD Employees in parallel discussions to the negotiations with the Retiree Committee. Including the Employees in such discussions will allow the Debtors to simultaneously consider proposals for offering alternative insurance benefits for both Retirees and LTD Employees, and will encourage more effective dialogue. Retiree Committee Motion, at ¶ 19.

**E.**    **The LTD Movants Join Retiree Committee Motion and Seek Appointment of an LTD Committee, or, in the Alternative, Appointment of LTD Employees to the Retiree Committee or the Creditors' Committee.**

12.    On June 3, 2011, the LTD Movants filed a joinder to the Debtors' Retiree Committee Motion [D.I. 5594] (the "LTD Joinder").

13.    Contemporaneously, the LTD Movants filed the Motion, seeking entry of an order directing the U.S. Trustee to appoint an LTD Committee as the official representative for LTD Plan participants [D.I. 5595]. In the alternative, the LTD Movants "request[ed that] this Court direct the [U.S. Trustee] to appoint one or two representatives of the [LTD Employees] to the Creditors' Committee or the proposed Retiree Committee." Motion, at ¶ 32.

5

F.    **LTD Employees File Responses to Retiree Committee Motion and Motion.**

14.    On June 10 and 13, 2011, additional responses to the Retiree Committee Motion and the Motion were filed by numerous LTD Employees (together, the "LTD Employee Responses"). Many of the LTD Employee Responses request, among other things, appointment of a trust or committee to represent their interests relating to the LTD Plan.

## III.    RESPONSE

A.    **The Court Should Exercise its Discretion to Require Appointment of Representatives of the LTD Employees to the Proposed Retiree Committee.**

15.    The most efficient and cost-effective means for representing the Retirees and LTD Employees' interests in negotiations related to their respective benefit plans would be the formation of a Joint Committee. The Court should exercise its discretion and direct the U.S. Trustee to form such a Joint Committee, which would include representatives of the Retirees and the LTD Employees, to ensure that both groups obtain necessary representation without the waste of estate resources.

1.    **The Court Has Discretion in Creating Committees Pursuant to Bankruptcy Code Sections 1102(a)(2) and 1114(d).**

16.    Bankruptcy Code section 1102(a)(2), which governs the appointment of additional official committees, provides in pertinent part that:

> On request of a party in interest, the court *may* order the appointment of additional committees of creditors or of equity security holders if necessary to assure adequate representation of creditors or of equity security holders.

11 U.S.C. § 1102(a)(2) (emphasis added). Courts in this district have consistently held that the establishment of committees by bankruptcy courts pursuant to section 1102(a)(2) is the subject of the court's discretion. *See e.g. Victor v. Edison Bros. Stores (In re Edison Bros. Stores, Inc.),*

100869511
RLF1 4069343v. 1

1996 WL 534853, at *3 (D. Del. Sept. 17, 1996); *In re Spansion Inc.*, 421 B.R. 151, 156 (Bankr. Del. 2009).

17.     Bankruptcy Code section 1114(d) provides that when retirees are not covered by a collective bargaining agreement, the court (on motion of a party in interest and after notice and hearing) shall approve the appointment of a committee from among such retired employees to serve as their authorized representative. 11 U.S.C. § 1114(d).   Courts have held that they have discretion in determining whether to appoint a committee under section 1114(d). *In re Anchor Glass Container Corp.*, 342 B.R. 878, 882 (Bankr. M.D. Fla. 2005) (Bankruptcy Code section 1114(d) allows a court to appoint a committee in its discretion); *In re Winn-Dixie Stores, Inc.*, 326 B.R. 853, 858 (Bankr. M.D. Fla. 2005) ("§ 1114(d) gives a court discretion to appoint a committee of retired employees whenever it deems appropriate"); *In re Farmland Indus., Inc.*, 294 B.R. 903, 920 (Bankr. W.D. Mo. 2003) ("The Court believes that the statute accords the Court discretion in the appointment of a committee of retired employees.").   Consequently, Bankruptcy Code sections 1102(a)(2) and 1114(d) together provide the Court the necessary authority to fashion the type of flexible Joint Committee that can provide representation to all of the Debtors' benefit plan beneficiaries.

**2.     The Congressional Intent of Section 1114 Supports Appointment of a Joint Committee.**

18.     By exercising its discretion to appoint a Joint Committee whose mandate would be limited to negotiations regarding any termination or modification of the Retiree Welfare Plans and the LTD Plan, the Court would be fulfilling Bankruptcy Code section 1114's goal of encouraging good-faith negotiation with beneficiaries before termination or modification of their benefit plans.  Section 1114 governs termination or modification of a debtor's "retiree benefits," which the statute defines to include payments on behalf of retired employees and their

7

dependents for " . . . medical, surgical, or hospital care benefits, *or benefits in the event of*

*sickness, accident, disability or death under any plan, fund, or program* (through the purchase of

insurance or otherwise) maintained or established in whole or in part by the debtor prior to filing

a petition commencing under this title." 11 U.S.C. § 1114(a) (emphasis added).  Consistent with

this statutory definition, recipients of disability benefits of the type provided under the LTD Plan

are typically represented on committees formed to negotiate regarding retiree benefits.  But for

the LTD Employees' unusual employment arrangement, whereby the Debtors treat them as

current employees even though they no longer actively work for the Company, the Retiree

Committee Motion would have sought the appointment of a Retiree Committee that includes

beneficiaries under the LTD Plan.

> **3.     Appointment of a Joint Committee Would Allow the Debtors to
> Engage Both Retirees and LTD Employees in Plan Modification or
> Termination Negotiations in the Most Efficient, Cost-Effective and
> Comprehensive Manner.**

19.     In the Retiree Committee Motion, the Debtors expressed that they "believe that it

would be beneficial to engage the LTD Employees in parallel discussions to the negotiations

with the Retiree Committee . . .[, which] will allow the Debtors to simultaneously consider

proposals for offering alternative insurance benefits for both Retirees and LTD Employees, and

will encourage more effective dialogue." *Id.*  If LTD Employees were appointed to a Joint

Committee with Retirees, the Debtors would be able to conduct negotiations regarding

termination or modification of benefit plans and discuss potential alternatives with both groups

simultaneously.  This would encourage efficient, effective communication by eliminating an

unnecessary committee, while conserving estate resources by avoiding the addition of extra

professionals.  It could also potentially allow the Debtors to negotiate and discuss potential

100869511
RLF1 4069343v. 1

alternatives covering both the Retirees and the LTD Employees without the need to shuttle between two separate committees.

> **4.    Appointment of a Joint Committee Would Accomplish the Goals of the Motion and the LTD Employee Responses by Providing LTD Employees Formal Representation.**

20.    The Motion itself proposes inclusion of LTD Employees on the proposed Retiree Committee as an alternative form of relief.[5]  Indeed, the LTD Movants acknowledge that they would only require the formation of their own committee if the Court does not appoint LTD Employees to the proposed Retiree Committee.  Motion, at ¶ 23.  In a similar vein, the Motion reflects the concerns set forth in many of the LTD Employee Responses when it asserts that the LTD Employees "are in dire need of some finality and structure in the process and are hopeful that they can fully participate in the 1114 process or parallel to it so that they and the Debtors can take advantage of the fact that many of the same issues will be addressed that are common to the retirees and LTD [Employees]."  Motion, at ¶ 6.  Appointing LTD Employees to a Joint Committee would provide the means for LTD Employees to participate in the LTD Plan termination or modification process, without requiring the complication and expense of a new, separate LTD Committee.

> **B.    Alternatively, If the Court Determines to Appoint an LTD Committee, Such Committee's Scope and Duties Should be Limited.**

21.    In the event this Court determines that it is necessary to appoint a separate LTD Committee, the scope of the LTD Committee's duties should be limited solely to negotiations relating to any termination or modification of the LTD Plan so as to avoid duplication of efforts with the proposed Retiree Committee and the Creditors' Committee.  In addition,  the Court should consider making the appointment of an LTD Committee subject to certain limitations.

---

[5]    The LTD Movants have also requested appointment of the proposed Retiree Committee.  LTD Joinder, at ¶ 2.

For example, the Court should consider providing that the LTD Committee may retain its own independent counsel to represent it, but the LTD Committee and proposed Retiree Committee should jointly retain a single accountant, financial advisor or actuary, if the services of such professionals are necessary. Additionally, since the functions of the LTD Committee and proposed Retiree Committee would typically be performed by a single committee, the Court should consider capping the fees and expenses of the LTD Committee's professionals to ensure that the LTD Committee's involvement in these cases remains efficient and narrowly tailored.

22.     The Motion states that LTD Movants are open to imposition of such limitations. Motion, at ¶ 26. If no limitation is placed on the LTD Committee's duties and ability or the fees and expenses of the LTD Committee's professionals, the appointment of an LTD Committee may harm the Debtors' creditors by depleting estate assets. Accordingly, to the extent this Court decides to direct the U.S. Trustee to form a separate LTD Committee, the Court should consider limiting the role of the LTD Committee and the expenses it may incur as described above.

**C.     The Alternative of Appointing LTD Employees to the Creditors' Committee.**

**1.     Creditors' Committee Bylaws Restrict All Members with Conflicts of Interest from Participating in Discussions or Votes Relating to Applicable Matters.**

23.     The Motion's characterization of the conversation between counsel to the LTD Movants and counsel to the Creditors' Committee requires clarification. Contrary to the Motion's implication, if one or more LTD Employees were appointed to the Creditors' Committee, there would not be any specific requirement of recusal applying only to such LTD Employees. Motion, at ¶ 3. Rather, all members of the Creditors' Committee are subject to its bylaws, which prohibit members from participating in deliberations or votes on matters where a member has a conflict of interest. If an LTD Employee were a member of the Creditors' Committee, he or she would be subject to that same general restriction as other members, which

10

would prevent LTD Employees from participating in Creditors' Committee discussions or votes

relating to any proposed termination or modification of the LTD Plan.

> **2.      The U.S. Trustee Makes All Decisions Regarding Appointment to the Creditors' Committee.**

24.      Counsel to the Creditors' Committee did not tell the LTD Movants' counsel that

LTD Employees could not serve as members on the Creditors' Committee.  Motion, at ¶ 23.  The

U.S. Trustee, and not the Creditors' Committee, decides who will be appointed to the Creditors'

Committee.  The LTD Employees, however, do not have any non-contingent unsecured claims

against the Debtors' estates relating to the LTD Plan since the Debtors have made all payments

due and owing to LTD Employees under the LTD Plan.  Thus, the LTD Employees are currently

not general unsecured creditors of the Debtors' estates.

100869511
RLF1 4069343v. 1

## IV.    CONCLUSION

25.     For all of the foregoing reasons, the Creditors' Committee respectfully requests

that the Court (i) appoint a Joint Committee consisting of Retirees and LTD Employees, and

deny the Motion's request for appointment of a separate LTD Committee or, alternatively, if the

Court orders that a separate LTD Committee be appointed, limit its scope and duties in

accordance with this Response, and (ii) grant the Creditors' Committee such other and further

relief as this Court deems just and proper.

Dated: June 14, 2011
      Wilmington, Delaware

                                                            Mark D. Collins (No. 2981)
                                                            Christopher M. Samis (No. 4909)
                                                            RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
E-mail: collins@rlf.com
                samis@rlf.com

-and-

Fred S. Hodara (*pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002
E-mail: fhodara@akingump.com

Co-counsel to the Committee

100869511
RLF1 4069343v. 1