## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X
                                                           :
In re                                                      :          Chapter 11
                                                           :
Nortel Networks Inc., *et al.*,[1]                         :          Case No. 09-10138 (KG)
                                                           :
                        Debtors.                           :          Jointly Administered
                                                           :
-----------------------------------------------------------X

### NOTICE OF AMENDED[2] AGENDA OF MATTERS SCHEDULED
### FOR HEARING ON JUNE 21, 2011 AT 9:30 A.M. (EASTERN TIME)

## CONTINUED/RESOLVED/WITHDRAWN MATTERS

1.      Debtors' Fourteenth Omnibus Objection (Substantive) To Certain Claims Pursuant To 11
        U.S.C. § 502, Fed. R. Bankr. P. 3007 And Del. L.R. 3007-1 (No Liability Claims, Reduce
        And Allow Claims, Redundant Claims, Satisfied Claims, Wrong Debtor Claims, No-
        Basis 503(b)(9) Claims And Misclassified 503(b)(9) Claims) (D.I. 3942, Filed 9/14/10).

        Objection Deadline:    October 7, 2010 at 4:00 p.m. (ET), extended for Amphenol
        Corporation and its affiliates until July 15, 2011.

        Remaining Response Received:

        (a)     Response Of Unisys Corporation To Debtors' Fourteenth Omnibus Objection
                (Substantive) To Certain Claims Pursuant To 11 U.S.C. § 502, Fed. R. Bankr. P.
                3007 And Del. L.R. 3007-1 (No Liability Claims, Reduce And Allow Claims,
                Redundant Claims, Satisfied Claims, Wrong Debtor Claims, No-Basis 503(b)(9)
                Claims And Misclassified 503(b)(9) Claims) Filed by Unisys Corporation (D.I.
                4106, Filed 10/7/10).

        Related Pleading:

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification
        number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems
        Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera
        Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc.
        (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel
        Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom
        International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc.
        (4226).   Addresses for the Debtors can be found in the Debtors' petitions, which are available at
        http://dm.epiq11.com/nortel.

[2]     **Amended items appear in bold.**

(a)     Order Granting Debtors' Fourteenth Omnibus Objection (Substantive) To Certain Claims Pursuant To 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 And Del. L.R. 3007-1 (No Liability Claims, Reduce And Allow Claims, Redundant Claims, Satisfied Claims, Wrong Debtor Claims, No-Basis 503(b)(9) Claims And Misclassified 503(b)(9) Claims) (D.I. 4163, Filed 10/14/10).

Status:  The hearing with respect to the objections to Claim Nos. 5500, 5501, 5502, 5504, 5505 and 5506 filed by Amphenol Corporation and its affiliates has been adjourned to the hearing scheduled for July 26, 2011 at 9:30 a.m. (ET). The hearing with respect to the response filed by Unisys Corporation has been adjourned to the hearing scheduled for July 26, 2011 at 9:30 a.m. (ET).

2.     Debtors' Fifteenth Omnibus Objection (Substantive) To Certain Claims Pursuant To 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 And Del. L.R. 3007-1 (No Liability Claims, Reduce And Allow Claims, Redundant Claims, Satisfied Claims, Wrong Debtor Claims And No-Basis 503(b)(9) Claims) (D.I. 4126, Filed 10/8/10).

Objection Deadline:  October 25, 2010 at 4:00 p.m. (ET).  Extended for Boyd and Tandberg to October 29, 2010 at 4:00 p.m. (ET).  Extended for Red Hat to November 1, 2010 at 4:00 p.m. (ET).  Extended for GE Fanuc to July 12, 2011 at 4:00 p.m. (ET).

Remaining Responses Received:

(a)     Response To Debtors' Fifteenth Omnibus Objection (Substantive) To Certain Claims Pursuant To 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 And Del. L.R. 3007-1 (No Liability Claims, Reduce And Allow Claims, Redundant Claims, Satisfied Claims, Wrong Debtor Claims And No-Basis 503(b)(9) Claims), Filed by Commonwealth of Virginia, Department of Taxation (D.I. 4187, Filed 10/22/10); and

(b)     Response Of Electro Rent Corporation To Debtors' Fifteenth Omnibus Objection (Substantive) To Certain Claims Pursuant To 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 And Del. L.R. 3007-1 (No Liability Claims, Reduce And Allow Claims, Redundant Claims, Satisfied Claims, Wrong Debtor Claims And No-Basis 503(b)(9) Claims) (D.I. 4232, Filed 11/1/10).

Related Pleadings:

(a)     Order Granting Debtors' Fifteenth Omnibus Objection (Substantive) To Certain Claims Pursuant To 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 And Del. L.R. 3007-1 (No Liability Claims, Reduce And Allow Claims, Redundant Claims, Satisfied Claims, Wrong Debtor Claims And No-Basis 503(b)(9) Claims) (D.I. 4256, Filed 11/8/10); and

(b)     First Supplemental Order Granting Debtors' Fifteenth Omnibus Objection (Substantive) To Certain Claims (No Liability Claims, Reduce And Allow

2

Claims, Redundant Claims, Satisfied Claim, Wrong Debtor Claims And No-Basis 503(b)(9) Claims) (D.I. 4403, Filed 11/23/10).

Status:  The hearing with respect to the objection to Claim No. 7077 filed by GE Fanuc has been adjourned to the hearing scheduled for July 26, 2011 at 9:30 a.m. (ET). The hearing with respect to the response filed by the Commonwealth of Virginia, Department of Taxation has been adjourned to the hearing scheduled for July 26, 2011 at 9:30 a.m. (ET).

3.    Motion Of Eltek Valere, Inc. To Permit Filing Of Late Claim (D.I. 4626, Filed 12/17/10).

Objection Deadline:  January 5, 2011 at 4:00 p.m. (ET). Extended to July 19, 2011 at 4:00 p.m. (ET) for Nortel.

Responses Received:  None at this time.

Related Pleadings:  None.

Status:  The hearing on this matter has been adjourned to the hearing scheduled for July 26, 2011 at 9:30 a.m. (ET).

4.    Debtors' Eighteenth Omnibus Objection (Substantive) to Certain Claims (No Liability Claims, Reduce and Allow Claims, Redundant Claims, Wrong Debtor Claims and No-Basis 503(b)(9) Claims) (D.I. 4842, Filed 2/4/11).

Objection Deadline:  February 23, 2011 at 4:00 p.m. (ET)

Responses Received:

(a)    Claimant Ritz-Carlton Hotel Company, LLC's Reponses to Objection to its Claims (D.I. 4973, Filed 2/23/11).

Related Pleadings:

(a)    Order Granting Debtors' Eighteenth Omnibus Objection (Substantive) to Certain Claims (No Liability Claims, Reduce and Allow Claims, Redundant Claims, Wrong Debtor Claims and No-Basis 503(b)(9) Claims) (D.I. 5089, Entered 3/9/11).

Status: The hearing with respect to the response filed by Ritz-Carlton Hotel Company, LLC has been adjourned to the hearing scheduled for July 11, 2011 at 9:30 a.m. (ET).

5.    Debtors' Motion for Protective Order Limiting Discovery Requests Propounded by SNMP Research International, Inc. (D.I. 5196, Filed 4/1/11).

Objection Deadline:  May 17, 2011 at 4:00 p.m. (ET).

Responses Received:

(a)     Creditor's Opposition to Debtors' Motion for a Protective Order (D.I. 5384, Filed 5/5/11).

Related Pleadings:

(a)     Declaration of Stephen Kenkel in Support of Debtors' Motion for Protective Order Limiting Discovery Requests Propounded by SNMP Research International, Inc. (D.I. 5197, Filed 4/1/11);

(b)     The Monitor's (I) Statement in Support of Debtors' Motion for Protective Order Limiting Discovery Requests Propounded by SNMP Research International, Inc., and (II) Request for Joint Hearing on Such Motion (D.I. 5199, Filed 4/1/11);

(c)     Debtors' Reply in Further Support of their Motion for Protective Order Limiting Discovery Requests Propounded by SNMP Research International, Inc. (D.I. 5558, Filed 6/1/11);

(d)     Declaration of George Reichert in Support of Debtors' Reply in Further Support of their Motion for Protective Order Limiting Discovery Requests Propounded by SNMP Research International, Inc. (D.I. 5559, Filed 6/1/11);

(e)     Supplemental Declaration of Stephen Kenkel in Support of Debtors' Reply in Further Support of their Motion for Protective Order Limiting Discovery Requests Propounded by SNMP Research International, Inc. (D.I. 5560, Filed 6/1/11); and

(f)     Notice Pursuant To Section 12(d) Of The Cross-Border Protocol Of Filing Of Motion Record And Factum Filed In The Canadian Proceedings To Approve The Order Regarding SNMP RI Discovery Motion (D.I. 5561, Filed 6/2/11).

Status:  The hearing on this matter has been adjourned to a date to be determined.

6.     Debtor's Motion for Entry of an Order Authorizing the Claims Agent to Reflect Certain Claims that have been Satisfied as Paid (D.I. 5343, Filed 4/28/11).

Objection Deadline:  May 24, 2011 at 4:00 p.m. (ET). Extended to June 28, 2011 at 4:00 p.m. (ET) for Alternative Communications International Ltd.  Extended to July 5, 2011 at 4:00 p.m. (ET) for BT Americas, Inc.

Responses Received:

(a)     Informal response from Metia Solutions.

Related Pleadings:

(a)     Order Authorizing the Claims Agent to Reflect Certain Claims that have been Satisfied as Paid (D.I. 5625, Entered 6/7/11).

Status: The hearing with respect to Claim No. 2192 filed by Alternative Communications International LTD  and Claim No. 3007 filed by BT Americas, Inc. have been adjourned to the hearing scheduled for July 11, 2011 at 9:30 a.m. (ET).

## UNCONTESTED MATTERS WITH A CERTIFICATE OF NO OBJECTION

7.    Application of the Debtors Pursuant to 11 U.S.C. § 327(a) to Retain and Employ Cassidy Turley CPS as Broker for the Debtors *Nunc Pro Tunc* to March 31, 2011 (D.I. 5545, Filed 6/1/11).

Objection Deadline:  June 14, 2011 at 4:00 p.m. (ET)

Responses Received:  None at this time.

Related Pleadings:

(a)    Certificate of No Objection Regarding Docket No. 5545 (D.I. 5741, Filed 6/16/11).

Status:  There have been no objections and a CNO has been filed.

## UNCONTESTED MATTER GOING FORWARD

8.    Debtors' Nineteenth Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims, Redundant Claims, Wrong Debtor Claims and No-Basis 503(b)(9) Claims) (D.I. 5341, Filed 4/28/11).

Objection Deadline:  May 24, 2011 at 4:00 p.m. (ET). Extended to June 7, 2011 at 4:00 p.m. (ET) for Hunton & Williams LLP and Securitas Security Services USA.

Responses Received:

(a)    Response of Corning Incorporated to Debtors' Nineteenth Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims, Redundant Claims, Wrong Debtor Claims and No-Basis 503(b)(9) Claims) (D.I. 5410, Filed 5/11/11); and

(b)    Response of Receivable Management Services Corporation to the Debtors' Nineteenth Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims, Redundant Claims, Wrong Debtor Claims and No-Basis 503(b)(9) Claims) (D.I. 5476, Filed 5/24/11).

Related Pleadings:

5

(a)     Order Granting Debtors' Nineteenth Omnibus Objection (Substantive) to Certain Claims (No Liability Claims, Reduce and Allow Claims, Redundant Claims, Wrong Debtor Claims and No-Basis 503(b)(9) Claims) (D.I. 5623, Entered 6/7/11).

Status:  The hearing with respect to the response filed by Corning Incorporated has been adjourned to the hearing scheduled for July 11, 2011 at 9:30 a.m. (ET). The hearing with respect to the response filed by Receivable Management Services Corporation has been adjourned to the hearing scheduled for July 26, 2011 at 9:30 a.m. (ET). The objections to Claim No. 4793 filed by Hunton & Williams LLP and Claim No. 999 filed by Securitas Security Services USA have been resolved and the Debtors will hand-up an order.

## CONTESTED MATTERS GOING FORWARD

9.     Debtors' Motion for Entry of an Order Pursuant to Section 1114 of the Bankruptcy Code Appointing an Official Committee of Retired Employees (D.I. 5568, Filed 6/2/11).

Objection Deadline:  June 14, 2011 at 4:00 p.m. (ET)

Responses Received:

(a)     Response of Raymond W. Brecker to Motion for an Order Pursuant to Section 1114 Appointing an Official Committee of Retired Employees (D.I. 5644, Filed 6/10/11);

(b)     Response of Marilyn J. Day to Motion for an Order Pursuant to Section 1114 Appointing an Official Committee of Retired Employees (D.I. 5645, Field 6/10/11);

(c)     Response of Heather Heinbaugh to Motion for an Order Pursuant to Section 1114 Appointing an Official Committee of Retired Employees (D.I. 5657, Filed 6/10/11);

(d)     Objection of Linda E. Reed to Debtors' Motion for an Order Pursuant to Section 1114 Appointing an Official Committee of Retired Employees (5663, Filed 6/13/11);

(e)     Objection of Michael McCarthy to Motion to Appoint Creditors' Committee (D.I. 5702, Filed 6/14/11);

(f)     Response of Bradley J. Morrow to Motion for an Order Pursuant to Section 1114 Appointing an Official Committee of Retired Employees (D.I. 5709, Filed 6/14/11);

(g)     Response of Joseph and Rita Ketsler to Motion for an Order Pursuant to Section 1114 Appointing an Official Committee of Retired Employees (D.I. 5710, Filed 6/14/11);

(h)     Objection of Allan S. Thomson to Motion for an Order Pursuant to Section 1114 Appointing an Official Committee of Retired Employees (D.I. 5711, Filed 6/14/11);

(i)     Response of James R. Propes to Motion for an Order Pursuant to Section 1114 Appointing an Official Committee of Retired Employees (D.I. 5717, Filed 6/14/11); and

**(j)     Response of Morris Wayne Higgins to Motion for an Order Pursuant to Section 1114 Appointing an Official Committee of Retired Employees (D.I. 5747, filed 6/17/11).**

Related Pleadings:

(a)     Joinder of the Disabled Participants to Debtors' Motion for Entry of an Order Pursuant to Section 1114 of the Bankruptcy Code Appointing an Official Committee of Retired Employees (D.I. 5594, Filed 6/3/11).

Status:  The hearing on this matter will go forward.

10.    Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing an Official Committee of Long-Term Disability Plan Participants (D.I. 5595, Filed 6/3/11).

Objection Deadline:  June 14, 2011 at 4:00 p.m. (ET)

Responses Received:

(a)     Response of Alan Heinbaugh to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5646, Filed 6/10/11);

(b)     Response of Janice Lennox to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5656, Filed 6/10/11);

(c)     Response of Claudia Vidmer to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5659, Filed 6/13/11);

(d)     Response of Daniel D. David to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5660, Filed 6/13/11);

(e)     Response of Sandra Grills to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5661, Filed 6/13/11);

(f)     Response of Jerry L. Wadlow to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5667, Filed 6/13/11);

(g)     Response of Nancy Wilson to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5669, Filed 6/13/11);

(h)     Response of Thelma Watson to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5670, Filed 6/13/11);

(i)     Response of Deborah M. Jones to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5671, Filed 6/13/11);

(j)     Response of Mark A. Phillips to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5672, Filed 6/13/11);

(k)     Response of John S. Elliott to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5673, Filed 6/13/11);

(l)     Response of Najam Dean to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5674, Filed 6/13/11);

(m)     Response of Leonard Blair to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5675, Filed 6/13/11;

(n)     Response of Felicia Jones Mann to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5676, Filed 6/13/11);

(o)     Response of Vada Wilson to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5678, Filed 6/13/11);

(p)     Response of Gussie H. Anderson to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5679, Filed 6/13/11);

(q)     Response of Lynette K. Seymour to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5680, Filed 6/13/11);

(r)     Response of Remajos Brown to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5681, Filed 6/13/11);

(s)     Response John J. Rossi to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5683, Filed 6/13/11)

(t)     Response of Michael Thompson to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5693, filed 6/14/11);

(u)     Response of Mark Weare to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5694, Filed 6/14/11);

(v)     Response of Charles Sandner to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5695, Filed 6/14/11);

(w)     Response of Michael P. Alms to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5696, Filed 6/14/11);

(x)     Objection of George I. Hovater Jr. to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5697, Filed 6/14/11);

(y)     Response of Mark R. Janis to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5698, Filed 6/14/11);

(z)     Response of Laura Hale to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5699, filed 6/14/11);

(aa)    Response of Tom Dikens to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5700, Filed 6/14/11);

(bb)    Response of Janie Proctor to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5701, Filed 6/14/11);

(cc)    Response of Richard Engleman to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5703, Filed 6/14/11)

(dd)   Response of Terry Masseingill to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5704, filed 6/14/11;

(ee)   Response of Frankie Proctor to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5705, filed 6/14/11);

(ff)    Response of Nanette Faison to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5706, Filed 6/14/11);

(gg)   Response of Danny L. Owenby to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5707, Filed 6/14/11);

(hh)   Objection of Marilyn Green to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5708, filed 6/14/11);

(ii)    Response of William Reed to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5712, Filed 6/14/11);

(jj)    Response of Steven E. Bennett to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5713, Filed 6/14/11);

(kk)   Debtors' Limited Response to the Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5714, filed 6/14/11);

(ll)    Response of Jane Neumann to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5715, filed 6/14/11);

(mm)  Response Caroline Underwood to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5716, Filed 6/14/11);

(nn)   Response of Daniel D. David to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5718, Filed 6/14/11);

(oo)   Response of Chong Rose to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5719, Filed 6/14/11);

(pp)    Objection of Michael McCarthy to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5720, Filed 6/14/11);

(qq)    Response of Freddie Wormsbaker to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5721, Filed 6/14/11);

(rr)    Response of Roger Carlsen to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5722, Filed 6/14/11);

(ss)    Response of the Official Committee of Unsecured Creditors to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing an Official Committee of Long-Term Disability Plan Participants (D.I. 5723, Filed 6/14/11);

(tt)    Response of William P. Cade Jr. to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5727, Filed 6/15/11);

(uu)    Response of Cynthia A. Schmidt to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5728, Filed 6/15/11);

(vv)    Response of Mary Holbrook to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5730, filed 6/15/11);

(ww)    Response of Brent Beasley to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5731, filed 6/15/11);

(xx)    United States Trustee's Limited Objection to Motion for Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5737, filed 6/16/11);

**(yy)    Response of Cynthia B. Richardson to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5746, Filed 6/16/11);**

**(zz)    Response of Peter Lawrence to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5748, Filed 6/17/11); and**

(aaa)  **Response of Scott Howard to Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing An Official Committee of Long-Term Disability Plan Participants (D.I. 5749, Filed 6/17/11).**

Related Pleadings:  None.

Status:  The hearing on this matter will go forward.

## FEE APPLICATIONS

11.    Ninth Quarterly Fee Hearing.

Related Pleading:

(a)      See Exhibit A.

Objection Deadline:    N/A.

Responses Received:  None.

Status:  This matter is going forward.

Dated:  June **20**, 2011
        Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP
James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

and

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____*/s/ Alissa T. Gazze*_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Alissa T. Gazze (No. 5338)
1201 North Market Street, 18th Floor
Wilmington, DE  19899-1347
Telephone:  (302) 658-9200
Facsimile:  (302) 425-4663

4333673.1