```
                    IN THE UNITED STATES BANKRUPTCY COURT
                      FOR THE DISTRICT OF DELAWARE

IN RE:                        )    Case No. 09-10138(KG)
                              )
NORTEL NETWORKS, INC.,        )    Chapter 11
        et al.,              )
                              )    Jointly Administered
                              )
                              )    Courtroom 3
                              )    824 Market Street
            Debtors.          )    Wilmington, Delaware
                              )
                              )    June 21, 2011
                              )    9:30 a.m.

                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE KEVIN GROSS
                UNITED STATES BANKRUPTCY JUDGE
```

APPEARANCES:

For the Debtors:          Morris, Nichols, Arsht & Tunnell
                          BY: ERIC SCHWARTZ, ESQ.
                          BY: ANNIE CORDO, ESQ.
                          1201 North Market Street
                          18th Floor
                          Wilmington, DE 19899-1347
                          (302) 351-9459

                          Cleary, Gottlieb, Steen & Hamilton
                          BY: LISA M. SCHWEITZER, ESQ.
                          BY: JANE KIM, ESQ.
                          One Liberty Plaza
                          New York, NY 10006
                          (212) 225-2629

ECRO:                     GINGER MACE

Transcription Service:    DIAZ DATA SERVICES
                          331 Schuylkill Street
                          Harrisburg, Pennsylvania 17110
                          (717) 233-6664
                          www.diazdata.com

Proceedings recorded by electronic sound recording;
transcript produced by transcription service

```
APPEARANCES:
(Continued)

For the Committee:       Akin Gump
                         BY: JOSHUA STURM, ESQ.
                         BY: LISA BECKERMAN, ESQ.
                         One Bryant Park
                         New York, NY 10036
                         (212) 872-1000

                         Richards Layton & Finger
                         BY: CHRIS SAMIS, ESQ.
                         One Rodney Square
                         920 North King Street
                         Wilmington, DE  19801
                         (302) 651-7531

For U.S. Trustee:        U.S. Trustee Office
                         BY: PAT PINKER, ESQ.
                         844 North King Street
                         Wilmington, DE  19801
                         (302) 573-6491

For Joint                Young, Conaway, Stargatt & Taylor
Administrators:          BY: JAIME LUTON, ESQ.
                         The Brandywine Building
                         1000 West Street, 17th Floor
                         P.O. Box 391
                         Wilmington, DE  19801
                         (302) 571-6600

TELEPHONIC APPEARANCES:

For Debtor:              Keightley & Ashner, LLP
                         BY: HAROLD ASHNER, ESQ.
                         (202) 558-5150

                         Cleary, Gottlieb, Steen & Hamilton
                         BY: JAMES BROMLEY, ESQ.
                         (212) 225-2264

                         Jason Lewis (New Orleans)
                         BY: RENE E. THORNE, ESQ.
                         (504) 208-5831

For Dow Jones News       Dow Jones & Co.
Wires:                   BY: PEG BRICKLEY, ESQ.
                         (215) 462-0953
```

TELEPHONIC APPEARANCES:
(Continued)

For PSAM:                    PSAM, Ltd.
                             BY: PHILIP E. BROWN, ESQ.
                             (212) 649-9596

For MERCER:                  Freeborn & Peters, LLP
                             BY: AARON HAMMER, ESQ.
                             (312) 360-6558

For Lazard Freres & Co:      BY: COLIN H. KEENAN, ESQ.
                             (212) 632-6197

For Ernest & Young:          Foley & Lardner, LLP
                             BY: JOANNE LEE, ESQ.
                             (312) 832-4557

For Official Committee       Cross & Simon
of Unsecured Creditors:      BY: KEVIN S. MANN, ESQ.
                             (302) 777-4200

For Ad Hoc Committee:        Millbank, Tweed, Hadley & McCoy
                             BY: THOMAS MATZ, ESQ.
                             BY: MELANIE MCLAUGHLIN, ESQ.
                             (212) 530-5885

For Barclays Capital:        BY: OLIVIA MAURO, ESQ.
                             (212) 412-6773

For Punter Southall:         BY: RYAN D. MCGLOTHLIN, ESQ.
                             (508) 424-2576

For Linklaters:              BY: JARED OYSTON, ESQ.
                             (442) 745-6429

For Avenue Capital:          BY: AMIT P. PATEL, ESQ.
                             (212) 850-7585

For Fraser Milner &          BY: MICHAEL WUNDER, ESQ.
Casgrain:                    (416) 863-4715

For In Propria               Robert Horne, In Pro Per/Pro Se
Persona:                     (770) 772-6925

1

1      WILMINGTON, DELAWARE, TUESDAY, JUNE 21, 2011, 9:33 A.M.

2               THE CLERK:  Please rise.

3               THE COURT:  Good morning, everyone.  Thank you

4      and please be seated.  It's good to see you all.  Ms. Cordo,

5      good morning.

6               MS. CORDO:  Good morning, Your Honor.  For the

7      record, Annie Cordo, Morris, Nichols, Arsht & Tunnell on

8      behalf of the debtors.

9               We are working on the second amended agenda --

10              THE COURT:  Yes.

11              MS. CORDO:  -- which was filed last night to

12     include some late received responses.

13              THE COURT:  Right.

14              MS. CORDO:  And we just want to make sure Your

15     Honor has a copy of that.

16              THE COURT:  I certainly do.  Thank you, Ms.

17     Cordo.

18              MS. CORDO:  Thank you, Your Honor.  I believe we

19     kind of start with Item No. 7 which an order was docketed

20     yesterday.  That was our application to retain Cassidy

21     Turley as a broker for the debtors.

22              THE COURT:  Yes, I did sign that.

23              MS. CORDO:  Thank you, Your Honor.  That moves us

24     to Item No. 8 which was our nineteenth omnibus objection.

25     Your Honor has previously entered an order on that and we

1    just have the supplemental order to hand up.  We are further

2    adjourning the hearing with regards to three of the

3    Claimants.  And we have a claimant, Hunton & Williams has

4    agreed to have their claim reduced and allowed as provided

5    for in the original objection.

6                    THE COURT:  All right.

7                    MS. CORDO:  If I may approach with a form of

8    order?

9                    THE COURT:  You certainly may.  I reviewed the

10   objections and the claims of course and I will sustain the

11   objections, thank you.

12                   MS. CORDO:  Your Honor, and if we could maybe

13   just go out of order slightly for a second to handle one

14   last small matter before we get to the other items.

15                   THE COURT:  You bet.

16                   MS. CORDO:  I have the ninth omnibus order with

17   regards to professional's fees.  I had heard from chambers

18   yesterday that you had no comment on the fee application, so

19   I do not believe aside from the professionals in this

20   courtroom, no one has dialed in on the phone this morning.

21                   THE COURT:  Okay.  Very well.  I am prepared to

22   sign the order.

23                   MS. CORDO:  If I may approach?

24                   THE COURT:  I don't know if you should call it a

25   small matter.

1                        (Laughter)

2                THE COURT:  It's a very large matter to some

3    people, but thank you, Ms. Cordo.

4                MS. CORDO:  I think we all appreciate you signing

5    that order, Your Honor.

6                THE COURT:  Absolutely.  It took a long time to

7    go through those binders, I can assure you, but I recognize

8    all the work that's been done on the case.  Thank you, Ms.

9    Cordo.

10               MS. CORDO:  Thank you.

11               THE COURT:  I've signed the order.

12               MS. CORDO:  I thank you, Your Honor.  I'm going

13   to turn the podium over to Jane Kim from Clearly Gottlieb to

14   go through the rest of the agenda.

15               THE COURT:  All right, thank you, thank you.

16   Good morning, Ms. Kim.  It's nice to see you again.

17               MS. KIM:  Good morning, Your Honor.  For the

18   record, Jane Kim, Cleary, Gottlieb, Steen & Hamilton on

19   behalf of the debtors.

20               Your Honor, Items No. 9 and 10 have -- Item No. 9

21   is the debtors' motion under Section 1114 to appoint a

22   retiree committee.

23               THE COURT:  Yes.

24               MS. KIM:  And Item No. 10 is the motion of

25   certain long term disabled employees to have an 1102

1    committee appointed.  Those issues and those motions are

2    related, but we thought it would make sense to deal with the

3    debtors' motion first and allow Your Honor to rule on that

4    motion.  And rather than if Your Honor does grant the

5    motion, rather than hand up the order, just hold off until

6    we hear the next motion just in case there are some changes

7    that need to be made to that order.

8              THE COURT:  I understand, thank you, Ms. Kim.

9              MS. KIM:  So the debtors' motion as the debtors

10   state in their motion under 1114, the debtors maintain

11   benefit plans for retirees and long term disabled employees.

12   And the retiree welfare plans cost the debtors approximately

13   $1 million per month to maintain as does the long term

14   disabled plan.

15             Last June, the debtors filed a motion to

16   terminate the retiree and LTD plans pursuant to the terms of

17   those plans, but in light of certain filings that came later

18   than the Third Circuit's ruling in *Visteon*, the debtors

19   ultimately withdrew that motion without prejudice.

20             THE COURT:  Yes.

21             MS. KIM:  Throughout these bankruptcy cases, the

22   debtors have continued to provide benefits under the retiree

23   and the LTD plans.  The debtors believe that at this point

24   in these bankruptcy cases it is the right to engage in

25   discussions with the retirees and LTD employees regarding

1    the potential termination or modification of the retiree and

2    LTD plans.  The debtors, therefore, at this time seek the

3    appointment of a retiree committee pursuant to Section 1114

4    of the Bankruptcy Code.

5         Certain LTD employees also seek the appointment

6    of an official committee of LTD employees which will be

7    addressed next on the agenda, but suffice it to say that

8    regardless of the outcome of that motion, the debtors are

9    willing and ready to confer and negotiate with the LTD

10   employees as well in parallel with the discussions with the

11   1114 committee.

12        THE COURT:  Yes.

13        MS. KIM:  A number of retirees and LTD employees

14   have filed objections to this motion as Your Honor has

15   probably seen.  For the most part, those objections are

16   objecting to the termination of the benefits under the

17   retiree or LTD plan.  However, the motion does not seek any

18   substantive relief with respect to the benefits under the

19   retiree and LTD plans.  Instead, the debtors simply at this

20   time are seeking to begin discussions with a retiree

21   committee and with the LTD employees and to seek this Court

22   to appoint a retiree committee under 1114 for the purpose.

23        THE COURT:  Which is mandatory as I read the

24   statute.

25        MS. KIM:  Yes, Your Honor, we agree with that.

1          THE COURT:  Once you -- once a party has filed, a

2     party and interest has filed a motion under Section 1114, it

3     says the Court shall.

4          MS. KIM:  Exactly, Your Honor.

5          THE COURT:  Yes.

6          MS. KIM:  So the debtors obviously recognize that

7     any modification or termination of the retiree and LTD plans

8     will impact the individuals who are beneficiaries of those

9     plans and we sympathize with their situation and do not take

10    this matter lightly.  However, at this time, considering

11    that the debtors have sold their business and are in the

12    process of winding down their remaining operations, the

13    debtors cannot continue to support the payment of benefits

14    as they are.  And so the debtors hope that through this

15    process you will be able to come to consensual resolution

16    that results in something fair and equitable for everyone.

17         THE COURT:  All right.

18         MS. KIM:  And so that is --

19         THE COURT:  I'll be prepared to hear from anyone

20    else then, Ms. Kim.

21         MS. KIM:  Thank you, Your Honor.

22         THE COURT:  Thank you, thank you.  Ms. Beckerman,

23    you're the brave one next.

24                      (Laughter)

25         MS. BECKERMAN:  Good morning, Your Honor.

1          THE COURT:  Good morning.

2          MS. BECKERMAN:  Nice to see you, of course.

3          THE COURT:  Good to see you, of course.

4          MS. BECKERMAN:  For the record, Lisa Beckerman

5  from Akin, Gump, Strauss, Hauer & Feld on behalf of the

6  official committee.

7          As Your Honor knows, we have not filed any

8  opposition to this motion.  I merely rise to say that I

9  support Ms. Kim's point that this is the appropriate time to

10  go forward and form whether it will one committee or two

11  committees.

12          THE COURT:  Right.

13          MS. BECKERMAN:  And so I guess that's why I've

14  actually risen because I just wanted to make it clear that

15  obviously in connection with the other motion, we will be

16  arguing that this committee should not only be an 1114

17  committee, but also an 1102 committee with a slightly more

18  diverse constituency as one possibility.  And other than

19  that, obviously, we're in full support of their being at

20  least a retiree committee --

21          THE COURT:  Okay.

22          MS. BECKERMAN:  -- formed in connection with this

23  process or other alternatives we'll be discussing in

24  connection with the next motion, Your Honor.

25          THE COURT:  Thank you.  Thank you, Ms. Beckerman.

1  Good morning.

2          MR. ZAHRALDDIN:  Good morning, Your Honor.  How

3  are you?

4          THE COURT:  Fine.  How are you?

5          MR. ZAHRALDDIN:  For the record, Rafael

6  Zahralddin from Elliott Greenleaf.

7          Our folks, the long term disabled folks we

8  represent also filed a joinder to this motion.  And we do

9  support there being some sort of relief.  And there's a

10  whole menu, I think this morning, Your Honor, which we're

11  going to need some help with which I'll discuss at I think

12  at length when we get to the next motion.  But I do want to

13  rise and say that we do support in principle the request by

14  the debtor.

15          THE COURT:  All right, thank you.

16          MR. ZAHRALDDIN:  Thank you.

17          THE COURT:  Anyone else?  Mr. Tinker, good

18  morning.

19          MR. TINKER:  Good morning, Your Honor.  Patrick

20  Tinker for the United States Trustee.

21          The United States Trustee does not oppose the

22  Section 1114 motion filed by the debtors.  In our view,

23  however, the long term disability employees are employees as

24  I understand it of the debtors that are not retirees.  And

25  for that reason, we do not support the committee in its

1    argument that there should be one committee somehow

2    comprised of both groups.  In our view, the retiree

3    committee has a very specific role under Section 1114 and

4    it's appropriate that the retirees have their own committee

5    and function under those provisions.

6                    THE COURT:  Thank you, Mr. Tinker.  Anyone else?

7                              (No audible response.)

8                    THE COURT:  All right.  Does anyone on the

9    telephone wish to be heard?

10                             (No audible response.)

11                   THE COURT:  All right.  Well hearing no one, as I

12   indicated to Ms. Kim when she was speaking in support of the

13   motion, it is mandatory, I think for the Court to appoint a

14   retiree committee.  And I think it's also going to be

15   beneficial not only to the retirees, but to the entire

16   estate because as we've seen from prior hearings, it's been

17   somewhat difficult to get the retirees organized and to have

18   a representative or representatives speaking on their behalf

19   and negotiating on their behalf.  So I will certainly grant

20   the motion.  And the only question again is how it plays

21   with the motion for the appointment of a long term

22   disability committee.  So let's -- I'll hold off as you

23   suggested, Ms. Kim in signing an order until I've heard the

24   next motion.

25                   MS. KIM:  Thank you, Your Honor.  In that case, I

1    will cede the podium to Mr. Zahralddin.

2                    THE COURT:  Thank you.

3                    MR. HORNE:  Your Honor, this is Robert Horne.

4    I'm on the telephone.

5                    THE COURT:  Mr. Horne, I didn't see your name,

6    but I was going to mention it otherwise.  Good morning.

7                    MR. HORNE:  Good morning, sir.  I am listening.

8    I'm not sure quite where to try to get a word in edgewise.

9                    THE COURT:  This is a good time.

10                   MR. HORNE:  Because I have been very encouraged

11   by the activity since my hearing with you just approximately

12   over a month ago.  This -- all this activity has been very

13   good and I have had a lot of questions from employees about

14   what this all means.  I have a lot of detailed questions

15   which I have sent to the U.S. Trustee.  A lot of people have

16   been asking about well what does this all mean?  If I'm

17   asked to be a committee member, what does it mean the

18   company has and all that sort of thing.  And I can talk

19   about that, your wish.

20                   The thing I wanted to put on the table though is

21   this 1114 and the 1102 are very good moves, but the whole --

22   it doesn't cover everything for the ex-employees.  And my

23   original request was to have a position on the unsecured

24   creditors' committee and that target somewhere ought to come

25   onto the table, I would suggest.

1          THE COURT:  Well, of course, I don't have a

2    motion for the appointment of adding a party or

3    representatives from the retirees to the unsecured

4    creditors' committee.  And I don't want to indicate the pros

5    and cons.  I don't know that that necessarily would be

6    appropriate for me to indicate the pros and cons of

7    appointing a representative to the unsecured creditors'

8    committee as opposed to a, you know, a separate committee

9    which is what I'm doing.  I think that you certainly brought

10   to the forefront the issues relating to the retirees.  And I

11   was sort of hoping and waiting for the motion that was filed

12   to be filed for -- under Section 1114.

13          But again, I don't have a motion before me asking

14   me to appoint a member of -- a retiree or retirees to the

15   unsecured creditors' committee.  And I would be reluctant to

16   do so if I did.  I think that this separate committee will

17   certainly well represent the retirees.  And so again, I

18   don't really have the motion, but I think that this is

19   probably in the retirees' better interest.

20          MR. HORNE:  Your Honor, I certainly don't know

21   enough and I don't have counsel to advise on this.  The only

22   point I'd make is I believe the U.S. Trustee sent out

23   letters to 24 people inviting them to be on the committee.

24   And the heading on it is 1114 committee.

25          THE COURT:  Yes.

1              MR. HORNE:  And the material is all about

2    unsecured creditors.

3              THE COURT:  Well I'm not familiar with that

4    letter, but again, I think that the appropriate mechanism

5    here is to appoint a Section 1114 committee for the retirees

6    as the code suggests and requires me to do.  And obviously,

7    persons who are interested in serving on that committee will

8    be considered by the Office of the United States Trustee and

9    I'm sure that that office will explain those

10   responsibilities and obligations.  Mr. Tinker?

11             MR. TINKER:  Yes, Your Honor.  When your order

12   was entered, we were actually doing solicitation.  We

13   currently have two motions pending.  There is an existing

14   committee.  And we are generally always open to the

15   possibility of modifying the assistant committee and that's

16   possible here.  So as people have corresponded with us and

17   indicated their interest in serving on a committee, we had

18   supplied forms, if you will, to them so that they can

19   respond to us and indicate their interest.  And so we have

20   not actually solicited for a retiree committee because we

21   don't have one yet.

22             THE COURT:  Right.

23             MR. TINKER:  But as people have sent in

24   questionnaires, we've asked them to indicate what kind of

25   committee they're interested on serving on.  And so there is

1    a relatively small number of those people who have contacted

2    us and I assume that's what Mr. Horne is referring to.

3              THE COURT:  Yes.  Do you have any position on the

4    appointment of a retiree to the unsecured creditors'

5    committee?

6              MR. TINKER:  Nothing to announce in Court, Your

7    Honor.

8              THE COURT:  Okay.

9              MR. TINKER:  But as you indicated, we do have a

10   retiree committee which can at least represent many of their

11   interests as retirees to the extent that they're different

12   from those of unsecured creditors, generally.

13             THE COURT:  All right, thank you.  Thank you, Mr.

14   Tinker.  Mr. Zahralddin, next motion.

15             MR. ZAHRALDDIN:  Thank you, Your Honor.  For the

16   record, Rafael Zahralddin from Elliott Greenleaf appearing

17   for various long term disability plan participants.

18             I'd like to thank both Your Honor and Ms. Kim for

19   pronouncing my name correctly.  I think it's the first time

20   it's happened in about --

21             THE COURT:  I may have slipped a little bit, Mr.

22   Zahralddin, I'm sorry.

23             MR. ZAHRALDDIN:  No, no, oh, no, you did, you did

24   just fine.

25                        (Laughter)

1          MR. ZAHRALDDIN:  It's almost like horseshoes,

2    Your Honor, you got very close to the post, so I'm very,

3    very happy.

4                    (Laughter)

5          MR. ZAHRALDDIN:  Your Honor, what I'd like to do

6    if it's -- I think it might be appropriate because we do

7    seem to have as lot of common ground with the other

8    interested parties in this case is in lieu of going into an

9    argument, perhaps I can do a brief introduction and then I'd

10   like to turn the podium over to Mr. Tinker from the Office

11   of the United States Trustee.  I do that for a couple

12   reasons.  One, I think obviously, he's going to be executing

13   any of your orders.  But number two, our request because of,

14   I guess it's exigent timing vis-a-vis the motion filed by

15   the debtors, we also put into our motion that this was a

16   written request to the U.S. Trustee as well.

17          THE COURT:  Yes.

18          MR. ZAHRALDDIN:  And we didn't have an

19   opportunity to -- though Mr. Tinker and I had casually

20   discussed this a few weeks prior while we were in the midst

21   of discussions with the debtors and prior to our discussions

22   with the committee, although we had some brief discussions

23   with the committee, that's what I'd like to do and I think

24   that might be appropriate in this case.

25          THE COURT:  And I read your motion as being in

1  the alternative with a preference for a separate committee,

2  but otherwise for representatives of the disability

3  employees --

4            MR. ZAHRALDDIN:  That is correct.

5            THE COURT:  -- to serve.

6            MR. ZAHRALDDIN:  My clients would really like to

7  have some sort of representation.  I think that there are

8  some issues that would be resolved by having a committee or

9  participation which would also serve the estates and the

10 debtors.  For example, if they were only dealing with though

11 it's a significant number, only about 60 at this point --

12           THE COURT:  Yes.

13           MR. ZAHRALDDIN:  -- of the total number.  There

14 are and I'll note that we did a simple headcount this

15 morning.  Of the responses filed, I think only about 30 are

16 of our existing 60.  The balance are folks who we may have,

17 maybe have inquired with us or maybe have not.  But a lot of

18 folks simply could not afford the modest retainer that we

19 asked of each person individually or simply decided to wait

20 a little bit to see what would happen or transpire in the

21 case.  For example, whether would be another committee of

22 retirees, et cetera.

23           So there's a lot of information floating around

24 out there.  There's obviously some interest from different

25 folks, but they're all of us and it would be -- I think it

1   would facilitate an eventual resolution with the debtors and

2   they've expressed this, though I'll of course let them, I

3   don't want to put words in their mouth, that it would be

4   easier for the estate were there to be one collective deal

5   as opposed to several small ones and that that would be more

6   efficient for the estate.

7            So while it is in the alternative, there are some

8   issues that have popped up that we think really pose some

9   tough questions as to whether or not you could actually,

10  whether under the statute or practically speaking be able to

11  kind of split allegiances, or alliances, or a fiduciary, or

12  duties between attorney/client between two diverse groups

13  like this.  And those are the questions, I think that we

14  pose, though we are open and I think we would be happy as

15  long as there's some representation for these folks.

16            I will say that both the debtors and the

17  committee have been very supportive of our efforts and I

18  thank them for doing that.  I know that they have had some

19  reservations onto which path to take, but they've never said

20  to us we're not going to take a path to help out your

21  clients.

22            And we have similar reservations.  And I think

23  that's why we need your help a little bit this morning, Your

24  Honor, to help us kind of parse through that.  Which is why

25  I think instead of having an argument now, I'd rather do

1   this introduction and then hopefully in lieu of argument, we

2   can talk to you and try to resolve something and maybe get

3   two orders in place that help to kind of layout the

4   landscape in an appropriate manner.

5           THE COURT:  Well no one is supposing the

6   appointment of representatives for the long term disabled.

7           MR. ZAHRALDDIN:  Absolutely.

8           THE COURT:  So that's not an issue.  So it really

9   comes down, I agree with you, Mr. Zahralddin, to a question

10  of what's appropriate and practical here.

11          MR. ZAHRALDDIN:  And the -- I will state though

12  that we do have folks who have been advocating for their

13  fellow disabled plan participants who have been organized

14  and have been working for quite some time.  Not all of them

15  are my clients.  There are some other folks that are outside

16  of that, but we do have folks that are willing and able to

17  serve.  And that is valuable in this constituency because

18  there are many people who can't because of their disability

19  --

20          THE COURT:  That's right.

21          MR. ZAHRALDDIN:  -- willing to participate.

22          THE COURT:  Sure.

23          MR. ZAHRALDDIN:  And I would like to make sure

24  that those folks have representation in a meaningful manner.

1          Now all that being said, Your Honor, I think it

2    might be best now to turn the podium over to Mr. Tinker and

3    allow him to fill in the Court on their position and then we

4    -- I can come back and perhaps we can work through something

5    with the other parties.

6          THE COURT:  All right, thank you.

7          MR. ZAHRALDDIN:  Thank you, Your Honor.

8          THE COURT:  Mr. Tinker?

9          MR. TINKER:  Your Honor, Patrick Tinker for the

10   U.S. Trustee.

11         The United States Trustee initially did file a

12   limited objection and it was primarily concerned with having

13   a proper record established for the equipment.

14         THE COURT:  Yes, that's how I read it.

15         MR. TINKER:  There's statutory grounds under 1102

16   which are a little different from those under 1114.

17         THE COURT:  Yes.

18         MR. TINKER:  It's not mandatory in the same way.

19   You're looking at whether or not there is adequate

20   representation of the kind of creditor that's described in

21   the motion.  Having filed that limited objection, we've also

22   reviewed the various pleadings in support of the motion by

23   numerous parties and interests, different constituencies, as

24   well as, a large number of the individuals who have long

25   term disabilities.  The United States Trustee does not

26   oppose the appointment of such a committee.  And indeed,

1  based upon the documents filed with the Court, it appears

2  appropriate that such a committee be appointed.

3          For one thing, because the debtors themselves

4  indicate that they view those claims as being of a type that

5  they would like to address in a sense in tandem with the

6  retiree benefit plan.  We understand that.  On the other

7  hand, the status of the long term disability people, it is

8  different from retirees and not simply because they are not

9  yet ex-employees, but also because their rights are defined

10  in different documents.  I don't know the degree to which

11  there is an identical parallel between how they would be

12  treated under 1114 versus any other statute that might be

13  used --

14          THE COURT:  Yes.

15          MR. TINKER:  -- to support relief.  So we have no

16  objection to the motion.  We do have a concern with the

17  scope of services.  My understanding from reading the motion

18  and from talking with the parties here today is that there's

19  not really any dissention from the point of view that this

20  long term disability creditor committee is not intended to

21  be -- not intended to have -- not intended to provide

22  services of a scope like that of the unsecured creditors'

23  committee generally.

24          THE COURT:  Right.

25          MR. TINKER:  It would just be limited to the

1  relief that is appropriately tailored to the interest of the

2  long term disability creditors and of course the debtors who

3  have to negotiate those benefits in that relief.

4           So we have no objection to the motion.  We think

5  that it is appropriate to have the scope fairly well defined

6  in the order.  And I think they've done that in the motion

7  itself.

8           THE COURT:  Yes.

9           MR. TINKER:  With regards to the costs, of course

10 costs are always a concern when the United States Trustee or

11 the Court is being asked to ask for the appointment of a

12 committee.  And in our view, it's fine to address the

13 financing of a committee and whether it's a cap or something

14 like that, but there are always budgetary concerns.  And

15 it's appropriate to ensure that there is -- there are

16 financial resources available for the committee to conduct

17 its activities and perform its services required.

18          With regard to the retention issues, I'm not so

19 sure it's appropriate at this time to decide who's employed,

20 what professionals, and whether it's one set of

21 professionals or different ones and how many professionals.

22 I would prefer that that be dealt with as people are

23 considering filing motions under Section 327.  There are

24 separate statutes involved there.  And so our view is that

25 yes, costs are definitely a concern.  And you may find us

1   coming in future proceedings if we go down that road under

2   327.  But at this juncture, you know, we're focused on the

3   actual appointment.  Thank you, Your Honor.

4            THE COURT:  My only question for you, Mr. Tinker

5   is I know you were concerned about the statutory authority

6   for appointing members -- for appointing long term disabled

7   persons to a retiree's committee.  Does that concern remain?

8            MR. TINKER:  Oh, yes.

9            THE COURT:  Okay.

10           MR. TINKER:  Yes, definitely, because I don't see

11  them as retirees.  Their rights have a different origin.  If

12  And if they were retired, it would be a different story.

13  But there is a required negotiation procedure under Section

14  1114.  And there are documents which will give rise to the

15  rights that are being contested and negotiated between the

16  retirees or representative and the debtors' counsel.  I

17  don't see how there is an identity of interest.

18           Now I do understand that for certain reasons the

19  debtors may want to negotiate with long term disability

20  creditors at the same time as they negotiate with the

21  retirees and their representatives.  I think that has more

22  to do perhaps with the kind of relief that might eventually

23  be granted.  The relief won't be identical, but it's

24  possible as I understand it that you might have some kind of

25  a situation where a carrier may be available to pick up both

```
 1  modified plans for example.  It might be the same carrier.

 2  And so I can understand why they might want to start down

 3  that road in kind of a dialogue in tandem with the two

 4  committees.  But in our view, that doesn't mean that the two

 5  groups of interest have -- are identical.  And at some

 6  point, they may diverge and that's my concern.  I mean, you

 7  could imagine for a example a situation --

 8              THE COURT:  I can.

 9              MR. TINKER:  -- where maybe the modify the

10  retirees' rights and they want to terminate the long term

11  disability creditors' rights.  I would think it would be

12  easier with two committees, that's all.

13              THE COURT:  All right.

14              MR. TINKER:  And there's also statutory rights.

15              THE COURT:  All right.  And just so I'm also

16  clear for the record, you are now satisfied that you're not

17  looking to create a record here in support of the motion?

18              MR. TINKER:  I think we have a lot of Court

19  pleadings filed.

20              THE COURT:  Yes.

21              MR. TINKER:  And we have factual representations

22  made in the pleadings.  And at this point, you know, if we

23  didn't have a motion, I -- you know, we would be considering

24  appointing a committee ourselves so.

25              THE COURT:  Okay.
```

1          MR. TINKER:  So I am not looking for a further

2    record.

3          THE COURT:  All right, thank you, Mr. Tinker.

4          MR. TINKER:  Thank you, Your Honor.

5          THE COURT:  Thank you, sir.  Ms. Beckerman?

6          MS. BECKERMAN:  Thank you, Your Honor.  Well I

7    think going back to what you said at the beginning of your

8    statement, Your Honor, no one here is contesting a need for

9    representation of these participants.  And it's really a

10   question of what is the best way to accomplish that.

11         I guess I'll start by saying something I know Ms.

12   Schweitzer doesn't like when I say about Nortel which is

13   that Nortel is always a unique situation.  As you know, I've

14   been involved in a lot of cases in my career that have

15   involved 1114 committees when I've been the committee

16   counsel.  Some people think I have somewhat of a specialty

17   of being involved in cases that have a lot of retiree

18   related problems or issues in cases --

19         THE COURT:  Well the large cases often do.

20         MS. BECKERMAN:  Yes.  And I have never been in a

21   situation where the long term disabled parties in a case

22   were actually continuing employees.  And I have actually

23   never seen that.  And when I actually asked the debtors and

24   consultants about that who do benefits, they acknowledged it

25   was unusual.

1            THE COURT:  Yeah.

2            MS. BECKERMAN:  And that is what really has

3  brought us to this situation because obviously if Nortel

4  weren't unique and Nortel were like most other debtors, the

5  long term disabled participants here would be parties that

6  would be considered to be former employees and, therefore,

7  under the 1114 situation.  But we're not obviously arguing

8  that that -- that they fall on that definition just to be

9  clear for the record and for Ms. Kim and Ms. Schweitzer.

10           What we're arguing is that because in almost

11 every other case that's out there, you have situations where

12 you have retirees and long term disabled parties and there

13 are negotiations that involve all of those parties together.

14 There are negotiations where you have plans, you know,

15 committees where those parties all sit together.  And there

16 are obviously always issues even among retirees in

17 differentiation.  As you know, you have over 65 people,

18 under 65 people, have easier times sometimes the over 65 in

19 getting medical care.

20           THE COURT:  Yes.

21           MS. BECKERMAN:  So there are always issues within

22 these committees that come up and it's not unique.  What's

23 unique here is that, you know, because these parties are

24 employees, the 1114 standard doesn't give you the authority

25 to put them all on one committee.  And the only way that

1    that could occur in this case would be under 1102.  And we

2    have suggested that the Court actually exercises authority

3    under 1102 which it seems to be in connection with this

4    motion it's going to do one way or the other because either

5    it's going to have a separate committee probably under 1102

6    for the LTD's or it's going to exercise its authority and

7    consider our suggestion.

8            And I think from our perspective because we have

9    been through this process a little bit with the debtors in

10   the past and we do understand some of the issues that are

11   going to be coming up here and some of them Mr. Tinker

12   himself addressed which is, you know, we do know that

13   they're is potentially an issue if, you know, we are

14   approaching the group and coming up with a solution and

15   looking at it just from the perspective of each of the

16   separate constituencies that that may not provide ultimately

17   a good solution.  We don't know.  We're going to have to go

18   through the process all over again and it's a whole year

19   later just about so we don't know what will be.

20           There's also the issue of efficiency of course.

21   We know the debtors and ourselves are going to have to sit

22   down and have negotiations about these plans and whether it

23   makes sense to have that with two separate groups separately

24   or together.  Whether it's more efficient to have one set of

25   counsel and professionals, as well as, less possibly first,

1  Your Honor.  And whether or not that's ultimately going to

2  get to a better solution here, you know, in connection with

3  the process.

4        You know, we obviously think that the better

5  solution would be what happens in most cases, but not here

6  in Nortel necessarily which is that there would be one

7  committee that would represent all those parties and have

8  those negotiations with the debtors and the committee.  We,

9  of course, understand this is a novel situation.  I cannot

10  tell you that I could find a single case where this has

11  occurred --

12        THE COURT:  Nor could I.

13        MS. BECKERMAN:  And I have looked, so has Mr.

14  Sturm with the --

15        THE COURT:  Yes.

16        MR. BECKERMAN:  And it doesn't exist.  And that's

17  for the reasons I think I said at the beginning of my

18  remarks that Nortel is unique and that this structure is not

19  what you see in most major corporations around the United

20  States and how long-term disabled parties are generally

21  treated once they're in the disabled category.

22        THE COURT:  Right.

23        MR. BECKERMAN:  However, if Your Honor doesn't

24  feel that he's comfortable with the authority that you have

25  under 1102 which as I've said you're going to be exercising

1    one way or the other I think here either.

2                 THE COURT:  That's right.

3                 MS. BECKERMAN:  And you feel that it's more

4    appropriate to have separate representation, then obviously

5    the committee has a couple of requests that I wanted to make

6    sure that I had put on the record with the Court.

7                 THE COURT:  Yes, please.

8                 MS. BECKERMAN:  First, I think the debtors and

9    myself are in violent agreement and it sounds like Mr.

10   Tinker as well.  And I don't think that counsel for the LTD

11   participants has indicated anything differently either which

12   is that there be a limited scope of the separate committee.

13   In other words, that it be a committee appointed under 1102,

14   but really appointed to negotiate with respect to, you know,

15   terminations or modifications of the LTD plan and that be

16   the scope of it.

17               And the reason for that which is not that

18   surprising.  I think Mr. Tinker has already said it as well

19   on the record is that obviously, the 1114 committee has a

20   narrow scope as was pointed out before, the statute is

21   clear.  There's a separate 1114 committee that would be

22   limited to that scope.  And we have already a committee, my

23   client, obviously, that I represent, my group, that is

24   tasked with representing the interests of the entire

25   unsecured creditors here.  And we don't believe that it's

1    necessary or appropriate to have broader scope of that

2    committee in this context.  And so we would be seeking to

3    have the scope limited to that.

4            We've also discussed with counsel for both the

5    LTD committee and the LTD participants and also the debtors

6    about wanting a cap on counsel fees in this circumstance.

7    Because we would view this, Your Honor, as a limited scope

8    role.  And from my past experience in these matters,

9    generally actually a fairly short timeframe for this whole

10   process to unfold, we have suggested to both the debtors and

11   the counsel for the long term disabled participants that we

12   think that for counsel, however many firms it is that a cap

13   of $200,000 would be appropriate here.  And that people

14   would have the right to seek an increase if they thought

15   upon good cause, showing of course that we would like to see

16   that because we know that we're already going to be paying

17   fees and expenses of, you know, the estate of obviously our

18   committee of the retiree committee and of course with

19   respect to now perhaps a separate committee for the LTD's

20   and the circumstance that we're discussing.

21           And then we would also obviously like to see to

22   the extent possible that there be some direction that for

23   non-legal counsel and professionals that parties attempt to

24   retain persons jointly to try to minimize there being two

25   actuaries which from my experience usually people can use

1    one.

2                THE COURT:  Yes.

3                MS. BECKERMAN:  Or other non-legal professionals.

4    Obviously, people if we have a separate committee, they will

5    of course have to have their separate counsel.  We

6    understand that, but that we'd like to see that from the

7    perspective of also minimizing the cost to the estate and

8    also again, you know, just bringing up to speed duplication

9    costs because, you know, having to get all the records.  So

10   that's what the committee would like to see.

11               Obviously, the U.S. Trustee's Office has total

12   control over whether other people are appointed to our

13   committee.  I think -- and we're not taking any positions as

14   you know in our paper about that.  We understand the trustee

15   will make decisions as he, you know, she or he thinks

16   appropriate at the right time.

17               But I think we feel that as was put in our

18   papers, there are obviously issues about someone sitting on

19   our committee and then wanting to participate in the

20   negotiations with respect to either the retiree matters of

21   the long term disabled matters or if it's joint committee, a

22   joint committee in that circumstance.  Because, you know, we

23   have a strict policy that is in our bylaws and our bylaws

24   have obviously been in place where any person who sits on

25   our committee who has an interest in a matter does not

1  participate in any of the discussions, any of the

2  deliberations, does not receive any of the analysis of the

3  professionals, and the decisions are made from the -- on the

4  behalf of our committee of the disinterested parties who

5  have no interest there.

6          So if we were to have a retiree on our committee

7  or if were to have an LTD participant, as our papers, I

8  think indicate, you know, we're not opposed to that, it's

9  just that those parties won't be able to participate in this

10 process.

11         And so the reason that we have been so supportive

12 of the company moving forward at this time with this type of

13 relief and are very supportive of their being some sort of a

14 representative appropriately of the LTD participants as well

15 so that they can participate in this process is that we want

16 to make sure that those parties have a voice in that

17 process.

18         THE COURT:  Right.

19         MS. BECKERMAN:  And what I think some people, you

20 know, have mentioned before, you know, if they were on our

21 committee, they would not be participating in that

22 negotiation on behalf of our committee and they wouldn't

23 have any say as a committee member in that process and they

24 wouldn't really be in a position of being able to have two

25 halves and being on the other committee either.  So --

1            THE COURT:  That's right.

2            MS. BECKERMAN:  -- I think that that's why Your

3    Honor's comment that you thought that the 1114 relief was

4    very appropriate at this time and possibly this separate

5    committee we're discussing or joint committee, but

6    regardless, representation of the LTD participants in some

7    fashion is also appropriate is because people who actually

8    have a stake in the outcome of those negotiations, people

9    who actually receive those benefits, people who will

10   actually be affected by those -- the negotiations and the

11   outcomes of them and who really need to represent their

12   constituency and other parties who are in similar situations

13   will be able to participate if they are on separate

14   committees that we're discussing or a committee that we're

15   discussing here.

16           And that's why I think, you know, you have

17   commented appropriately, the U.S. Trustee has commented

18   appropriately.  I think everyone has commented

19   appropriately.  We want to see those parties have

20   representation as the debtor does as well.  And I think that

21   that's what everyone is going for here.

22           So that's why I think the focus for this motion

23   should be merely should there be a separate committee with

24   this limited scope and these other things that we're

25   advocating or alternatively, you know, one committee that

1  represents all those parties which will be charged with

2  going forward and negotiating on behalf of the retirees and

3  the LTD participants in that circumstance as well.

4             THE COURT:  Yes.

5             MS. BECKERMAN:  So that those parties could

6  participate.  And so that's been obviously our only concern,

7  you know, that we wanted to make sure that the Court, we

8  know the Court understands, but other parties who perhaps

9  are on the phone may not fully grasp.  That's why people are

10  focused on wanting to make sure we have appropriate

11  representation where people can participate who are going to

12  be affected by the outcomes.

13             And so, Your Honor, while we would prefer, I

14  guess is the best way to say it, that Your Honor appoint one

15  committee from the efficiency basis, the cost basis, and

16  well normally, from our perspective normally happens in

17  other cases and we believe you have the authority to do that

18  under the combine authority of the 1102 and 1114, if the

19  Court, Your Honor, were to decide otherwise, we'd just ask

20  that Your Honor consider our request for the limitations and

21  we would ask that Your Honor, you know, incorporate those or

22  that those be incorporated in the order.

23             THE COURT:  All right, Ms. Beckerman, thank you.

24  Well said.  Yes, sir.

25             MR. ZAHRALDDIN:  Your Honor --

1                THE COURT:  Mr. Zahralddin?

2                MR. ZAHRALDDIN:  -- I'll cede the podium to the

3    debtors in just one second, but I wanted to respond to Ms.

4    Beckerman.  And usually Ms. Beckerman is fairly fearless up

5    here at the podium, but I notice she didn't try to pronounce

6    my name so we'll --

7                         (Laughter)

8                MS. BECKERMAN:  I know how to pronounce your

9    name, Mr. Zahralddin.

10                        (Laughter)

11               MR. ZAHRALDDIN:  I will -- I wanted to rise just

12   to address a couple of things that Ms. Beckerman said in

13   regard to scope, cap, and the efficiencies here.

14               We are in total agreement.  We have no qualms

15   with there being a limitation on the scope.  Our thought

16   process in talking to our clients was that we do want to

17   have a seat at the table.  We want to be able to participate

18   with -- as was discussed by Mr. Tinker as well, to be as

19   efficient and use as much of the economies of scale if their

20   available to help get resolution, an equitable resolution

21   which is what really is going to be important for our folks

22   in this case.  So limitation on the scope for the purpose

23   and limitation on time, all of those things are things that

24   we are happy to accede to.

25               We are also happy to and would ask and request

1  and our clients would request that there be some sort of

2  cap.  I want to make sure that these folks are taken care of

3  and not taken advantage of in this process.  And I think

4  that what needs to be done is a measured representation here

5  and a cap is acceptable to us.  If there were some reason

6  that we needed to exceed the cap as people have said we

7  could come back --

8            THE COURT:  Right.

9            MR. ZAHRALDDIN:  -- and bring that in front of

10  you, Your Honor, but we have no problem with a cap.

11            We also in terms of efficiency and this is the

12  only point that I think I slightly diverge with with Ms.

13  Beckerman.  I understand that the committees' position is

14  that perhaps it would be better for their constituency if it

15  was a combine committee.  I have reservations and I've

16  expressed it to both the debtor and to Ms. Beckerman and to

17  Mr. Tinker that that would not necessarily result in

18  adequate representation of our folks.  And it would be

19  better if there were a separate committee.

20            However, if that's not the path that Your Honor

21  wants us to take, I'm more than happy to make sure that as

22  long as our folks have some representation, I think that our

23  folks will be happy.  But I do have misgivings about it

24  being a combined committee.  I think it should be a

25  separate, but should work alongside that committee because

1  of the negotiating table that's being set up by the debtors.

2  Thank you.

3               THE COURT:  Thank you.  Thank you, Mr.

4  Zahralddin.  Ms. Kim?

5               MS. KIM:  Your Honor, whether or not Nortel's

6  manner of working with their LTD employees is extremely

7  unique, the facts are what they are and I don't think

8  anybody disputes that the LTD employees are not retirees as

9  defined under Section 1114.

10              THE COURT:  Right.

11              MS. KIM:  And so we like the others here seek

12  your guidance in what -- how to negotiate and bring the LTD

13  employees to the table.

14              The only thing that the debtors are concerned

15  with as we said in our limited response to the 1102 motion

16  is with the scope of the 1102 committee which I think

17  everybody is in agreement should be limited in the event

18  that the Court does appoint an 1102 committee of LTD

19  employees that it should be limited in scope to the 1114

20  committee scope, to match the 1114 committee scope.

21              And with respect to a cap, we understand that Mr.

22  Zahralddin's clients support the cap.  And if the creditors'

23  committee and the -- and Mr. Zahralddin's clients support

24  the cap, then the debtors don't take any issue with it and

25  we are in support as well.  And with that, I will await Your

1  Honor's --

2          THE COURT:  I just had a question for you, Ms.

3  Kim.  What has happened in Canada?  I know that they're a

4  little bit ahead of us on this issue.  And if you don't

5  know, I certainly understand because you're in the United --

6  Ms. Schweitzer are you familiar with what's happened with

7  the retirees and the long disabled in Canada?

8          MS. SCHWEITZER:  Sure.  Your Honor, I couldn't

9  begin to tell you all the different things that happened,

10  but it's --

11          THE COURT:  I mean, did they have separate

12  representation for example?

13          MS. SCHWEITZER:  It's a slightly different

14  process in Canada.  They don't have a general creditor

15  committee the way we have in the U.S.

16          THE COURT:  Right, right.

17          MS. SCHWEITZER:  But they have an employee

18  representative that is paid for by the estate that is

19  representative over all employee issues so they don't have a

20  retiree committee and an LTD committee and a current

21  employee committee and a creditor committee.  They just have

22  this concept of an employee representative that can

23  negotiate all of these types of issues on behalf of

24  employees generally.  And there have been negotiations and

25  there have been resolutions of some retiree, LTD, current

1    employee issues along the way.

2              So as I said, I couldn't begin to tell you off

3    the top of my head all of the substantive discussions and

4    resolutions and motions that have been filed from time to

5    time, but their system is just setup completely differently

6    and they use one employee representative for all the

7    different issues with employees having their right,

8    obviously to appear and be heard on their own behalf at any

9    time for any application made to the Court.

10             THE COURT:  Are you aware if that employee

11   representative has run into any difficulties as far as

12   conflicting interests were concerned?

13             MS. BECKERMAN:  Yes, sir, that did happen as you

14   know.

15             MS. SCHWEITZER:  Yeah, I'm happy to talk about

16   it.

17             MS. BECKERMAN:  Yeah.

18             MS. SCHWEITZER:  So there have been instances

19   where individual employees have raised their -- have been

20   heard by the Court and objected to relief that the employee

21   representatives have agreed to.  So for, you know, the

22   employee representatives would negotiate a solution on

23   behalf of employees or subsets of employees.  Individual

24   employees have come and been heard on that issue.

25             THE COURT:  Okay.

1          MS. SCHWEITZER:  And it's up to the Court whether

2    they want to approve the resolution either, you know,

3    supported by the LTD employees or I'm sorry, by the employee

4    representative or the individual objecting employees.

5          THE COURT:  Which happens even with unsecured

6    creditors we find that very often.

7                         (Laughter)

8          THE COURT:  You know, that --

9          MS. BECKERMAN:  Yes, Your Honor.  People don't

10   always agree with our decision first of all as a committee.

11         THE COURT:  That's right.

12                        (Laughter)

13         THE COURT:  And there are different

14   constituencies within the committee itself so I recognize

15   that does happen and that it's dealt with.  Okay.

16         MS. SCHWEITZER:  That's right, Your Honor.

17         THE COURT:  All right, thank you, Mr. Schweitzer.

18         MS. SCHWEITZER:  Sure.

19         THE COURT:  All right.

20         MR. HORNE:  Your Honor, this is Robert Horne

21   again.  I've been in touch with the people in those

22   positions in Canada and it does seem to be a very effective

23   system there whereby they have employees signed up by region

24   and then region committees communicate with the person who's

25   on that official national committee.

1          THE COURT:  Okay.

2          MR. HORNE:  They do have a very good system going

3  on there.  I don't want to comment on whether they've had

4  disagreements because I've not dug into that.

5          THE COURT:  All right, thank you.  Thank you, Mr.

6  Horne.

7          THE COURT:  Anyone else?  Well --

8          MR. HORNE:  Your Honor, the key to it is that all

9  the employees' issues are coming up to the surface now.  And

10  the issue that I want to make, I've listened very carefully

11  and I've learned a lot in the last few minutes about these

12  various committees.  The point I want to make is that

13  whether we combine these two committees or not is something

14  I don't even want to have an opinion on.  But whichever way

15  it is whether it's one or two, it doesn't meet all the

16  requirements for all the employees.  There are still some

17  employee issues left outside either the 1102 or the 1114 and

18  that's the issue I'm trying to drive the whole time. So if

19  you -- even if you combine the two, what happens to those

20  issues, they're not being represented by that combined or

21  the separate committees.

22          THE COURT:  Well individual issues and unique

23  issues for certain employees have to be dealt with on an

24  individual basis.  No committee can necessarily cover

25  everyone's concern or everyone's problem or everyone's

1   separate need.  The goal here is to appoint a committee or

2   committees that adequately represents nearly all of the

3   employees, the retirees, or the long term disabled.  And if

4   certain employees have a particular problem or need a

5   particular matter addressed, that they can always raise

6   individually with the Court.  But I don't know of any way to

7   encompass necessarily every issue within the parameters of a

8   committee representation.  So we'll do the best we can.  The

9   committee will do the best it can.  And certainly, employees

10  will be free or retirees or disabled persons will be free to

11  raise those matters with a committee or committees, but I

12  can't obviously appoint a separate committee for each, you

13  know, each issue.

14          MR. HORNE:  I do understand your position, Your

15  Honor.  There are just some problems.  There are -- first of

16  all if an individual wishes to raise an issue, it's

17  incredibly expensive because -- and very difficult because

18  they can't find an attorney.  It's almost impossible to find

19  an attorney to represent an individual in the Court, they're

20  all tied up with one of the other plaintiffs.

21          THE COURT:  Yes.

22          MR. HORNE:  So that's the first point.  The

23  second point is it's incredibly expensive to do so.  So the

24  only logical way is for a group of -- and there are hundreds

25  I can identify groups, you know, in terms of over several

1  hundred.  It's not just individuals.

2          THE COURT:  Well one way this can be addressed is

3  through the Office of the United States Trustee.  In other

4  words, let's just pick a number.  Let's say there are five

5  groups of issues that the retirees might have.  They -- if

6  that can be directed to the Office of the United States

7  Trustee, that information, then it would enable the trustee

8  to appoint perhaps a person or persons from separate groups

9  from those subgroups.  So that's one way I think to deal

10  with the representation question.

11          And if there are entirely unique circumstances

12  for a retiree or a disabled person, that's another issue.

13  That really is more difficult to address.  And has to be, I

14  think brought to the Court even by that individual whether

15  represented or not so that the problem can be addressed.

16          MR. HORNE:  And, Your Honor, I totally understand

17  the unique issues and when there's a hundred or more people

18  with a similar issue that they somehow feel they ought to

19  get together here.

20          THE COURT:  Yes.  And I appreciate that and I

21  think it's really important that those sort of group issues

22  or subgroup issues be addressed and that the Office of the

23  United States Trustee know about those so that when that

24  office appoints a committee or committees and

25  representatives to serve on those committees, they can do --

1  the office can do so with some sensitivity to those sub-

2  issues.

3          MR. HORNE:  Your Honor, I'd be very happy to work

4  with the U.S. Trustee and, you know, shorten this little

5  discussion now.

6          THE COURT:  All right.  All right.  Thank you.

7  Thank you, Mr. Horne.  And thank you really for bringing all

8  of these matters to the Court's attention.  I certainly

9  think that you're doing so has really helped to bring this

10  matter to a head and to enable not only the retirees and

11  disabled persons, but obviously, the debtor and the

12  committee to enter into negotiations to hopefully arrive at

13  a satisfactory solution.

14          MR. HORNE:  I appreciate that, Your Honor. I have

15  no personal, you know, interest in doing this other than

16  supporting some of my old colleagues of years ago.  And I've

17  spent a lot of time in Canada and the Canadian employees are

18  perceived by the U.S. counterparts as being very better --

19  very much better represented in the Canadian Court and

20  that's sort of offends me as a U.S. citizen.

21          THE COURT:  Certainly.  And we're going to change

22  that now.

23          MR. HORNE:  Okay.  Thank you, Your Honor.

24          THE COURT:  Thank you.  Yes?

25          MR. ZAHRALDDIN:  Your Honor, I was simply going

1  to say that if you can give us some guidance, then perhaps

2  we can hammer through some of the details, but I'll wait for

3  your ruling.

4              THE COURT:  All right.  Well the retiree issue is

5  not an issue.  That's an 11 -- Section 1114 appointment.

6  And I certainly am sensitive to the costs here, but I do

7  believe that it is going to be more helpful and more

8  appropriate to appoint a separate committee.  Because what

9  we're doing, I think in appointing these committees is

10  trying to move this process along as quickly as possible.

11  And I think that through separate committees and separate

12  representation we will avoid some of the potential

13  difficulties, some of the conflicts.  The numbers of members

14  of those committees obviously can be I think solved by the

15  Office of the United States Trustee.  I know for example

16  there are only roughly 60 members, 60 persons who would be

17  covered by the long term disability issue.  It doesn't have

18  to be five or seven persons, but I leave that entirely up to

19  the Office of the United States Trustee how many to appoint,

20  but that's one to handle that and I think promote efficiency

21  here and -- but I am satisfied that a separate committee is

22  appropriate.  I don't hear anyone arguing to the contrary.

23  I think the record is clear.  Anyone who read the letters as

24  I did from disabled persons would certainly be touched and

25  sensitized to their problems and their concerns and the need

1  that -- the need for representation here.   So I certainly

2  appreciate their issues.

3          But I do agree with Ms. Beckerman that it's

4  appropriate to limit the scope.  I think that the cap that's

5  been suggested is appropriate.  I do also think that one set

6  of non-lawyer professionals would work because the basic

7  facts are going to be the same regardless of who's

8  addressing those facts.  And I think that that can certainly

9  also be done efficiently and a cost savings here.

10          MR. ZAHRALDDIN:  And, Your Honor, I'd say I agree

11  with that, though I did all my discussion with the U.S.

12  Trustee.  The Trustee maybe thought that that issue wasn't

13  ripe yet so if -- I don't know if Mr. Tinker wants to

14  address that particular issue, but if not, we have no

15  problem at all with that.  And I agree with you in

16  discussions with Mrs. Beckerman.  In particular, we agreed

17  that an actuary, is an actuary, is an actuary.

18          THE COURT:  Right.

19          MR. ZAHRALDDIN:  As opposed to maybe evaluation

20  or some sort of other non-legal expert that would be

21  retained by somebody which I don't think is necessarily in

22  the cards for us, but we agree with that as well, Your

23  Honor.

24          THE COURT:  And I am not making a ruling just for

25  Mr. Tinker's benefit, but a strong suggestion, I suppose

1  that it seems to me to make sense not only for cost.  And

2  really cost is a secondary concern for the Court given the

3  importance of these issues.  But not only for cost, but also

4  for efficiency and not having to retain two sets and have

5  the debtors and the committee working with two sets of non-

6  lawyer professionals.

7           MR. ZAHRALDDIN:  Well if it's -- if the other

8  parties agree and perhaps it's appropriate that we submit at

9  least on our motion an order under certification of counsel.

10 And I'm not sure if Ms. Schweitzer and Ms. Kim want to

11 submit their other order here in Court, but we can submit

12 one under certification shortly after once we've vetted with

13 Ms. Beckerman and Mr. Tinker.

14           THE COURT:  That would be fine with me.

15           MR. ZAHRALDDIN:  Okay.

16           MS. BECKERMAN:  We don't have an issue, but I

17 just would say it depends on whether we're going to have any

18 statement about the attempt to have joint professionals that

19 are non-legal in the order relating to the 1114 because

20 that's really the only -- I guess my question --

21           THE COURT:  I think we can -- Ms. Beckerman, I

22 hear you addressing with Ms. Schweitzer the concern about

23 the separate non-lawyer professionals.

24           MS. BECKERMAN:  Yes.

25           THE COURT:  And that could probably be addressed

 1  in the order to be presented on behalf of the disabled.

 2              MR. ZAHRALDDIN:  Certification.

 3              MS. BECKERMAN:  Yeah, I think it could.

 4              THE COURT:  Yes.

 5              MS. BECKERMAN:  I just wanted to raise it.  So

 6  I'm fine otherwise as long as we address on the other order

 7  --

 8              THE COURT:  Very well.

 9              MR. ZAHRALDDIN:  Your Honor, it's rare that we

10  all work so hard to avoid.  I think somebody said that

11  earlier.  I stole that quote from someone, but I'm glad that

12  it's worked out this way and I appreciate your help.

13              THE COURT:  Absolutely.  Ms. Schweitzer?

14              MS. SCHWEITZER:  Your Honor, one technical

15  clarification for the record just so the record is accurate

16  is that the disabled, the total disabled population is

17  closer than 240 rather than 60.

18              THE COURT:  I'm sorry, that --

19              MS. SCHWEITZER: -- to just reflect in the motion.

20              THE COURT:  Yes.

21              MS. SCHWEITZER:  I just didn't -- I don't think

22  it necessarily would change your ruling --

23              THE COURT:  It does not.

24              MS. SCHWEITZER:  I just wanted the record to be

25  clear.

1          THE COURT:  It does not change my ruling, but

2    thank you, Ms. Schweitzer, I did misspeak.

3          MS. SCHWEITZER:  And then also if I could

4    approach to hand up the 1114.

5          THE COURT:  You certainly, please.

6          MS. SCHWEITZER:  They have changed.

7          THE COURT:  Please, thank you.  All right.  Is

8    this essentially what was presented with the papers earlier?

9          MS. SCHWEITZER:  Yes, Your Honor, that's

10   unchanged from the original motion.

11         THE COURT:  All right, thank you.  I am going to

12   sign it then.

13         MS. SCHWEITZER:  Thank you, Your Honor.

14         THE COURT:  All right.  And I will await

15   submission of an order on behalf of the long term disabled

16   persons.

17         MR. ZAHRALDDIN:  Yes, Your Honor, we'll work hard

18   to try to get that over today.  I don't think there's any

19   issues that are going to be too taxing for the parties.

20         THE COURT:  And thank goodness we have Mr. Tinker

21   to help us with the appointment of those committee

22   representatives.  Thank you, Mr. Tinker.  All right.  Was

23   there anything else?

24         MR. DAVID:  Yes, Your Honor.

25         THE COURT:  Yes, sir.  Please come forward.

1              MR. DAVID:  I'm handicapped and disabled.

2              THE COURT:  Yes.

3              MR. DAVID:  And I'd like to participate in the

4    committee.  I'm not a member of each group.

5              THE COURT:  All right.  Well what we -- what

6    happens is I have the authority to appoint the committee,

7    but it's very clear from the statute that the authority to

8    appoint people who actually serve on the committee is within

9    the purview of the Office of the United States Trustee.  So

10   if you would speak after the hearing with Mr. Tinker.

11             MR. DAVID:  Yes.

12             THE COURT:  Give him your name and information

13   and why you think you would be an appropriate

14   representative, he will certainly I'm sure take that into

15   consideration.

16             MR. DAVID:  Okay.

17             THE COURT:  Thank you for appearing.

18             MR. DAVID:  Thank you.

19             THE COURT:  And your name again?

20             MR. DAVID:  Daniel David.

21             THE COURT:  Thank you, Mr. David.  Ms. Cordo?

22             MS. CORDO:  Your Honor, we have nothing else this

23   morning.

24             THE COURT:  All right.  Well I know you have an

25   auction to go back to prepare for, so that will take a

1    little bit of time, I'm sure.  And I wish you well on the

2    auction.  I'll be obviously interested in the results.

3                    MS. CORDO:  Yes.

4                    THE COURT:  Thank you, everyone.  We'll stand in

5    recess.  Good day to you.

6                    ALL:  Thank you, Your Honor.

7          (Whereupon, at 10:32 a.m., the hearing was adjourned.)

8

9                            CERTIFICATION

10          I certify that the foregoing is a correct

11   transcript from the electronic sound recording of the

12   proceedings in the above-entitled matter.

13

14

15   _____        21 June 2011

16   Traci L. Calaman, Transcriber                  Date

| Word | Page:Line |
|---|---|

**a.m**(3) 1:15  4:1  52:7

**aaron**(1) 3:9

**able**(7) 9:15  19:10  20:16  33:9  33:24  34:13  36:17

**about**(21) 13:13  13:16  13:19  15:1  16:20  18:11  18:15  24:5  26:12  26:24  28:19  28:22  31:6  32:14  32:18  37:23  40:15  42:11  44:22  48:18  48:22

**aboveentitled**  (1) 52:12

**absolutely**(3) 6:6  20:7  49:13

**accede**(1) 36:24

**acceptable**(1) 37:5

**accomplish**(1) 26:10

**accurate**(1) 49:15

**acknowledged**(1) 26:24

**activities**(1) 23:17

**activity**(2) 13:11  13:12

**actual**(1) 24:3

**actually**(13) 10:14  15:12  15:20  19:9  26:22  26:22  26:23  28:2  31:9  34:7  34:9  34:10  51:8

**actuaries**(1) 31:25

**actuary**(3) 47:17  47:17  47:17

**adding**(1) 14:2

**address**(6) 22:5  23:12  36:12  44:13  47:14  49:6

**addressed**(7) 8:7  28:12  43:5  44:2  44:15  44:22  48:25

**addressing**(2) 47:8  48:22

**adequate**(2) 21:19  37:18

**adequately**(1) 43:2

**adjourned**(1) 52:7

**adjourning**(1) 5:2

**administered**(1) 1:8

**administrators**(1) 2:26

**advantage**(1) 37:3

**advise**(1) 14:21

**advocating**(2) 20:12  34:25

**affected**(2) 34:10  35:12

**afford**(1) 18:18

**after**(2) 48:12  51:10

**again**(9) 6:16  12:20  14:13  14:17  15:4  28:18  32:8  41:21  51:19

**agenda**(3) 4:9  6:14  8:7

**ago**(2) 13:12  45:16

**agree**(8) 8:25  20:9  41:10  47:3  47:10  47:15  47:22  48:8

**agreed**(5) 5:4  40:21  47:16

**agreement**(3) 30:9  36:14  38:17

**ahead**(1) 39:4

**akin**(2) 2:4  10:5

**all**(61) 4:4  5:6  6:4  6:8  6:5  9:17  11:15  12:8  12:11  13:12  13:14  13:16  13:18  15:1  16:13  18:25  20:14  21:1  21:6  25:12  25:13  25:15  26:3  27:13  27:15  27:25  28:18  29:7  32:9  35:1  35:23  36:23  39:9  39:19  39:23  40:3  40:6  41:10  41:17  41:19  42:5  42:8  42:15  42:16  43:2  43:16  43:20  45:6  45:6  45:7  46:4  47:11  47:15  49:10  50:7  50:11  50:14  50:22  51:5  51:24  52:6

**allegiances**(1) 19:11

**alliances**(1) 19:11

**allow**(2) 7:3  21:3

**allowed**(1) 5:4

**almost**(3) 17:1  27:10  43:18

**along**(2) 40:1  46:10

**alongside**(1) 37:25

**already**(3) 30:18  30:22  31:16

**also**(23) 8:5  10:17  11:8  12:14  17:15  18:9  21:21  22:9  25:14  25:15  28:20  31:4  31:5  31:21  32:7  32:8  34:7  36:25  37:11  47:5  47:9  48:3  50:3

**alternative**(2) 18:1  19:7

**alternatively**(1) 34:25

**alternatives**(1) 10:23

**although**(1) 17:22

**always**(8) 15:14  23:10  23:14  26:13  27:16  27:21  41:10  43:5

**amended**(1) 4:9

**amit**(1) 3:37

**among**(1) 27:16

**analysis**(1) 33:2

**and**(301) 4:13  4:14  4:25  5:3  5:4  5:10  5:10  5:12  6:20  6:24  7:1  7:3  7:4  7:11  7:12  7:16  7:23  7:25  8:1  8:9  8:9  8:13  8:19  8:21  8:21  9:2  9:7  9:9  9:9  9:11  9:14  9:16  9:18  10:10  10:13  10:18  11:8  11:9  11:13  11:24  12:3  12:5  12:14  12:17  12:19  12:20  13:13  13:18  13:18  13:21  13:22  13:24  14:4  14:5  14:6  14:10  14:11  14:15  14:17  14:21  14:24  15:1  15:6  15:6  15:8  15:10  15:14  15:15  15:16  15:19  15:19  15:20  16:2  16:18  17:9  17:18  17:19  17:21  17:23  17:25  18:9  18:14  18:25  19:1  19:5  19:13  19:14  19:16  19:17  19:22  19:22  20:1  20:2  20:2  20:10  20:11  20:14  20:16  20:17  20:23  21:2  21:3  21:4  21:12  21:23  21:26  22:8  22:18  23:2  23:6  23:12  23:13  23:14  23:17  23:20  23:21  23:24  23:25  24:12  24:14  24:15  24:16  24:21  25:2  25:5  25:6  25:10  25:14  25:15  25:21  25:22  26:9  26:20  26:22  26:23  26:23  27:2  27:4  27:6  27:9  27:9  27:12  27:12  27:15  27:22  27:25  28:1  28:6  28:8  28:10  28:11  28:14  28:14  28:18  28:21  28:22  28:22  28:25  29:1  29:7  29:8  29:13  29:16  29:16  29:18  29:20  30:3  30:8  30:9  30:10  30:15  30:17  30:22  30:25  31:2  31:5  31:5  31:8  31:10  31:13  31:17  31:18  31:20  31:23  32:7  32:13  32:19  32:23  33:3  33:11  34:11  34:12  34:16  34:17  35:18  35:20  36:4  36:13  36:19  36:23  36:25  37:1  37:3  37:3  37:5  37:9  37:11  37:15  37:16  37:16  37:18  38:7  38:11  38:12  38:21  38:22  38:23  38:24  38:25  39:4  39:7  39:20  39:20  39:24  39:24  40:3  40:4  40:6  40:8  40:20  40:24  41:1  41:13  41:15  41:22  41:26  42:9  42:11  42:17  42:22  43:9  43:17  43:24  44:11  44:13  44:16  44:17  44:20  44:20  44:22  44:24  45:4  45:7  45:10  45:10  45:11  45:16  45:17  45:19  45:21  46:6  46:7  46:11  46:11  46:20  46:21  46:24  46:25  46:25  47:8  47:9  47:10  47:15  47:24  48:1  48:4  48:4  48:5  48:8  48:10  48:10  48:13

**and**(11) 48:25  49:12  50:3  50:14  50:20  51:1  51:3  51:12  51:13  51:13  51:19  52:1

**annie**(2) 1:25  4:7

**announce**(1) 6:6

**another**(2) 18:21  44:12

**any**(20) 8:17  9:7  10:7  16:3  17:13  22:12  22:19  32:13  32:24  33:1  33:1  33:2  33:23  38:24  40:8  40:9  40:11  43:6  48:17  50:18

**anybody**(1) 38:8

**anyone**(7) 9:19  11:17  12:6  12:8  42:7  46:22  46:23

**anything**(2) 30:11  50:23

**appear**(1) 40:8

**appearances**(2) 2:33  3:1

**appearing**(2) 16:16  51:17

**appears**(1) 22:1

**application**(3) 4:20  5:18  40:9

**appoint**(14) 6:21  8:22  12:13  14:14  15:5  35:14  38:18  43:1  43:12  44:8  46:8  46:19  51:6  51:8

**appointed**(5) 7:1  22:2  30:13  30:14  32:12

**appointing**(5) 14:7  24:6  24:22  25:24  46:9

**appointment**(11) 8:3  8:5  12:21  14:2  16:4  20:6  21:26  23:11  24:3  46:5  50:21

**appoints**(1) 44:24

**appreciate**(5) 6:4  44:20  45:14  47:2  49:12

**approach**(3) 5:7  5:23  50:4

**approaching**(1) 28:14

**appropriate**(25) 10:9  12:4  14:6  15:4  17:6  17:24  20:4  20:10  22:2  23:15  23:19  30:4  31:1  31:13  32:16  34:4  34:7  35:10  46:8  46:22  47:4  47:5  48:8  51:13

**appropriately**(5) 23:1  33:14  34:17  34:18  34:19

**approve**(1) 41:2

**approximately**(2) 7:12  13:11

**are**(86) 4:9  5:1  7:1  7:6  8:8  8:15  8:20  9:8  9:11  9:14  11:3  11:4  11:23  11:24  11:21  15:7  15:14  18:7  18:14  18:15  18:16  19:7  19:13  19:14  20:15  20:15  20:15  20:16  20:18  21:16  22:8  22:9  23:10  23:14  23:15  23:22  23:23  23:25  24:14  24:15  25:5  25:10  25:23  27:14  27:16  27:21  27:23  28:10  28:13  28:21  29:20  30:9  32:12  32:13  33:13  34:12  34:13  35:9  35:9  35:11  36:14  36:23  36:24  36:25  37:2  38:7  38:7  38:8  38:14  38:25  39:6  40:10  41:13  42:9  42:16  43:15  43:15  43:24  44:4  44:11  45:17  46:16  45:18  45:19  47:7  48:19  50:19

**arguing**(4) 10:16  27:7  27:10  46:22

**argument**(4) 12:1  17:9  19:25  20:1

**around**(2) 23:8  29:19

**arrive**(1) 45:12

**arsht**(2) 1:23  4:7

**ashner**(2) 2:35  2:36

**aside**(1) 5:19

**ask**(4) 23:1  35:19  35:21  36:25

**asked**(5) 13:17  15:24  18:19  23:11  26:23

**asking**(2) 13:16  14:13

**assistant**(1) 15:15

**assume**(1) 16:2

**assure**(1) 6:7

**attempt**(2) 31:23  48:18

**attention**(1) 45:8

**attorney**(2) 43:18  43:19

**attorney/client**(1) 19:12

**auction**(2) 51:25  52:2

**audible**(2) 12:7  12:10

**authority**(9) 24:5  27:24  28:2  28:6  29:24  35:17  35:18  51:6  51:7

**available**(3) 23:16  24:25  36:20

**avenue**(1) 3:37

**avoid**(2) 46:12  49:10

**await**(2) 38:25  50:14

**aware**(1) 40:10

**back**(4) 21:4  26:7  37:7  51:25

**balance**(1) 18:16

**bankruptcy**(5) 1:1  1:19  7:21  7:24  8:4

**barclays**(1) 3:28

**based**(1) 22:1

**basic**(1) 47:6

**basis**(3) 35:15  35:15  42:24

**because**(30) 10:14  12:16  13:10  15:20  17:6  17:13  20:17  20:18  22:3  22:8  22:9  24:10  27:3  27:10  27:23  28:8  31:7  31:16  32:9  32:22  34:7  37:25  39:5  42:4  43:17  43:17  46:8  47:6  48:19

**beckerman**(41) 2:6  9:22  9:25  10:2  10:4  10:4  10:13  10:22  10:25  26:5  26:6  26:20  27:2  27:21  29:13  29:16  29:23  30:3  30:8  32:3  33:19  34:2  35:5  35:23  36:4  36:4  36:8  36:12  37:13  37:16  40:13  40:17  41:9  47:3  47:16  48:13  48:16  48:21  48:24  49:3  49:5

**been**(24) 6:8  12:16  13:10  13:12  13:16  19:17  20:12  20:13  20:14  26:14  26:15  26:20  28:9  32:24  33:11  35:6  39:24  39:25  40:4  40:18  40:19  40:24  41:21  47:5

**before**(5) 1:18  5:14  14:13  30:20  33:20

**begin**(3) 8:20  39:9  40:2

**beginning**(2) 26:7  29:17

**behalf**(13) 4:8  6:19  10:5  12:18  12:19  33:4  33:22  35:2  39:23  40:8  40:23  49:1  50:15

**being**(17) 10:19  11:9  17:25  21:1  22:4  23:11  24:15  26:17  31:24  33:13  33:24  33:25  36:15  37:24  38:1  42:20  45:18

**believe**(7) 4:18  5:19  7:23  14:22  30:25  35:17  46:7

**beneficial**(1) 12:15

**beneficiaries**(1) 9:8

**benefit**(3) 7:11  22:6  47:25

**benefits**(7) 7:22  8:16  8:18  9:13  23:3  26:24  34:9

**best**(5) 21:2  26:10  35:14  43:8  43:9

**bet**(1) 5:15

**better**(7) 14:19  29:2  29:4  37:14  37:19  45:18  45:19

**between**(4) 19:12  19:12  22:11  24:15

**binders**(1) 6:7

**bit**(6) 16:21  18:20  19:23  28:9  39:4  52:1

**both**(7) 12:2  16:18  19:16  24:25  31:4  31:10  37:16

**box**(1) 2:29

**brandywine**(1) 2:27

**brave**(1) 9:23

**brickley**(1) 2:49

**brief**(2) 17:9  17:22

**bring**(3) 37:9  38:12  45:9

**bringing**(2) 32:8  45:7

**broader**(1) 31:1

**broker**(1) 4:21

**bromley**(1) 2:40

**brought**(3) 14:9  27:3  44:14

**brown**(1) 3:5

**bryant**(1) 2:7

**budgetary**(1) 23:14

**building**(1) 2:27

**business**(1) 9:11

**but**(62) 6:3  6:7  7:2  7:17  8:7  10:17  11:12  12:15  13:6  13:21  14:13  14:18  15:4  15:23  16:9  17:13  18:2  18:17  18:25  19:19  20:16  22:9  23:14  24:2  24:13  24:23  25:4  27:7  29:5  30:14  32:6  32:17  34:5  35:8  36:3  36:5  37:10  37:23  37:25  39:10  39:17  40:5  42:14  43:6  43:11  45:11  46:2  46:6  46:18  46:20  46:21  47:3  47:14  47:22  47:25  48:3  48:13  48:16  49:11  50:1  51:7

**bylaws**(2) 32:23  32:23

**call**(1) 5:24

**came**(1) 7:17

**can**(30) 6:7  13:18  15:18  16:10  17:9  20:2  21:4  21:4  25:2  25:8  31:25  33:15  35:11  39:22  42:24  43:13  44:23  44:23  45:24  47:7  44:6  44:15  44:25  45:1  46:1  46:2  46:14  47:8  48:11  48:9

**can't**(3) 20:18  43:12  43:18

**canada**(5) 39:3  39:7  39:14  41:22  45:17

**canadian**(2) 45:17  45:19

| Word | Page:Line |
|------|-----------|
| cannot(2) | 9:13 29:9 |
| cap(12) | 23:13 31:6 31:12 36:13 37:2 37:5 37:6 37:10 38:21 38:22 38:24 47:4 |
| capital(2) | 3:28 3:37 |
| cards(1) | 47:22 |
| care(2) | 27:19 37:2 |
| career(1) | 26:14 |
| carefully(1) | 42:10 |
| carrier(2) | 24:25 25:1 |
| case(12) | 1:4 6:8 7:6 12:25 17:8 17:24 18:21 26:21 27:11 28:1 29:10 36:22 |
| cases(8) | 7:21 7:24 26:14 26:17 26:18 26:19 29:5 35:17 |
| casgrain(1) | 3:41 |
| cassidy(1) | 4:20 |
| casually(1) | 17:19 |
| category(1) | 29:21 |
| cause(1) | 31:15 |
| cede(2) | 13:1 36:2 |
| certain(6) | 6:25 7:17 8:5 24:18 42:23 43:4 |
| certainly(16) | 4:16 5:9 12:19 14:9 14:17 14:20 39:5 43:8 45:21 46:6 46:24 47:1 47:8 50:5 51:14 |
| certification(4) | 48:9 48:12 49:2 52:9 |
| certify(1) | 52:10 |
| cetera(1) | 18:22 |
| chambers(1) | 5:17 |
| change(3) | 45:21 49:22 50:1 |
| changed(1) | 50:6 |
| changes(1) | 7:6 |
| chapter(1) | 1:6 |
| charged(1) | 35:1 |
| chris(1) | 2:12 |
| circuit's(1) | 7:18 |
| circumstance(4) | 31:6 31:20 32:22 35:3 |
| circumstances(1) | 44:11 |
| citizen(1) | 45:20 |
| claim(1) | 5:4 |
| claimant(1) | 5:3 |
| claimants(1) | 5:3 |
| claims(2) | 5:10 22:4 |
| clarification(1) | 49:15 |
| clear(7) | 10:14 25:16 27:9 30:21 46:23 49:25 51:7 |
| clearly(1) | 6:13 |
| cleary(3) | 1:31 2:39 6:18 |
| clerk(1) | 4:2 |
| client(1) | 30:23 |
| clients(7) | 18:6 19:21 20:15 36:16 37:1 38:22 38:23 |
| close(1) | 17:2 |
| closer(1) | 49:17 |
| code(2) | 8:4 15:6 |
| colin(1) | 3:12 |
| colleagues(1) | 45:16 |
| collective(1) | 19:4 |
| combine(4) | 35:18 37:15 42:13 42:19 |
| combined(2) | 37:24 42:20 |
| come(9) | 7:15 13:24 21:4 27:22 37:7 40:24 50:25 |
| comes(1) | 20:9 |
| comfortable(1) | 29:24 |
| coming(4) | 24:1 28:11 28:14 42:9 |
| comment(5) | 5:18 34:3 42:3 |
| commented(3) | 34:17 34:17 34:18 |

| Word | Page:Line |
|------|-----------|
| committee(122) | 2:4 3:19 3:23 6:22 7:1 8:3 8:6 8:11 8:21 8:22 10:6 10:10 10:16 10:17 10:17 10:20 11:25 12:1 12:3 12:4 12:14 12:22 13:17 13:24 14:4 14:8 14:8 14:15 14:16 14:23 14:24 14:55 15:7 15:14 15:15 15:17 15:20 15:25 17:26 16:23 17:8 17:18 18:8 18:9 19:17 21:26 22:2 22:20 22:23 23:12 23:13 23:16 24:7 25:24 26:15 27:25 28:5 29:7 29:8 30:5 30:12 30:13 30:19 30:21 30:22 31:2 31:5 31:18 31:18 31:19 32:4 32:10 32:13 32:19 32:22 32:22 32:25 33:4 33:6 33:21 33:22 33:25 34:5 34:5 34:14 34:23 34:25 35:15 37:15 37:19 37:24 37:25 38:16 38:18 38:20 38:20 38:23 39:15 39:20 39:20 39:21 39:21 41:10 41:14 41:25 42:24 46:8 43:8 43:9 43:11 43:12 44:24 45:12 46:8 46:21 48:5 50:21 51:4 51:6 51:8 |
| committees(19) | 10:11 25:4 25:12 26:15 27:15 27:22 34:14 37:13 41:24 42:12 42:13 42:21 43:2 43:11 44:24 44:25 46:9 46:11 46:14 |
| common(1) | 17:7 |
| communicate(1) | 41:24 |
| company(2) | 13:18 33:12 |
| completely(1) | 40:5 |
| comprised(1) | 12:2 |
| conaway(1) | 2:25 |
| concept(1) | 39:22 |
| concern(9) | 22:16 23:10 23:25 24:7 25:6 35:6 42:25 48:2 48:22 |
| concerned(4) | 21:12 24:5 38:14 40:12 |
| concerns(2) | 23:14 46:25 |
| conduct(1) | 23:16 |
| confer(1) | 8:9 |
| conflicting(1) | 40:12 |
| conflicts(1) | 46:13 |
| connection(5) | 10:15 10:22 10:24 28:3 29:2 |
| cons(2) | 14:5 14:6 |
| consensual(1) | 9:15 |
| consider(2) | 28:7 35:20 |
| consideration(1) | 51:15 |
| considered(2) | 15:8 27:6 |
| considering(3) | 9:10 23:23 25:23 |
| constituencies(3) | 21:23 28:16 41:14 |
| constituency(4) | 10:18 20:17 34:12 37:14 |
| consultants(1) | 26:24 |
| contacted(1) | 16:1 |
| contested(1) | 24:15 |
| contesting(1) | 26:8 |
| context(1) | 31:2 |
| continue(1) | 9:13 |
| continued(3) | 2:2 3:2 7:22 |
| continuing(1) | 26:22 |
| contrary(1) | 46:22 |
| control(1) | 32:12 |
| copy(1) | 4:15 |
| cordo(21) | 1:25 4:4 4:6 4:7 4:11 4:14 4:17 4:18 4:23 5:7 5:12 5:16 5:23 6:3 6:4 6:9 6:10 6:12 51:21 51:22 52:3 |
| corporations(1) | 29:19 |
| correct(2) | 18:4 52:10 |
| correctly(1) | 16:19 |
| corresponded(1) | 15:16 |
| cost(7) | 7:12 32:7 35:15 47:9 48:1 48:2 |
| costs(5) | 23:9 23:10 23:25 32:9 46:6 |
| could(12) | 5:12 18:18 19:9 25:7 28:1 29:10 29:12 35:5 37:7 48:25 49:3 50:3 |
| couldn't(2) | 39:8 40:2 |
| counsel(12) | 14:21 24:16 26:16 28:25 30:10 31:4 31:6 31:11 31:12 31:23 32:5 48:9 |
| counterparts(1) | 45:18 |
| couple(3) | 17:11 30:5 36:12 |

| Word | Page:Line |
|------|-----------|
| course(12) | 5:10 10:2 10:3 14:1 19:2 23:2 23:9 28:20 29:9 31:15 31:18 32:5 |
| court(159) | 1:1 4:3 4:10 4:13 4:16 4:22 5:6 5:9 5:15 5:21 5:24 6:2 6:6 6:11 6:15 6:23 7:8 7:20 8:12 8:21 8:23 9:1 9:3 9:5 9:17 9:19 9:22 10:1 10:3 10:12 10:21 10:25 11:4 11:15 11:17 12:6 12:8 12:11 12:13 13:2 13:5 13:9 14:1 14:25 15:3 15:22 16:3 16:6 16:8 16:13 16:21 17:17 17:25 18:5 18:12 20:5 20:8 20:20 20:22 21:3 21:6 21:8 21:14 21:17 22:1 22:14 22:20 23:8 23:11 24:4 24:9 25:8 25:13 25:15 25:18 25:20 25:25 26:3 26:5 26:19 27:1 27:20 28:2 29:12 29:15 29:22 30:2 30:6 30:7 32:2 33:18 34:1 35:4 35:7 35:8 35:19 35:23 36:1 37:8 38:3 38:10 38:18 39:2 39:11 39:16 40:9 40:10 40:20 40:25 41:1 41:5 41:8 41:11 41:13 41:17 41:19 42:1 42:5 42:7 42:22 43:6 43:19 43:21 44:2 44:14 44:20 45:6 45:19 45:21 45:24 46:4 47:18 47:24 48:2 48:11 48:14 48:21 48:25 49:4 49:8 49:13 49:18 49:20 49:23 50:1 50:5 50:7 50:11 50:14 50:20 50:25 51:2 51:5 51:12 51:17 51:19 51:21 51:24 52:4 |
| court's(1) | 45:8 |
| courtroom(2) | 1:10 5:20 |
| cover(1) | 13:22 42:24 |
| covered(1) | 46:17 |
| create(1) | 25:17 |
| creditor(2) | 21:20 22:20 39:14 39:21 |
| creditors(15) | 3:20 13:24 14:4 14:7 14:15 15:2 16:4 16:12 22:22 23:2 24:20 25:11 30:25 38:22 41:6 |
| cross(1) | 3:19 |
| current(2) | 39:20 39:25 |
| currently(1) | 15:13 |
| daniel(1) | 51:20 |
| data(1) | 1:40 |
| david(9) | 50:24 51:1 51:3 51:11 51:16 51:18 51:20 51:20 51:21 |
| day(1) | 52:5 |
| deal(3) | 7:2 19:4 44:9 |
| dealing(1) | 18:10 |
| dealt(3) | 23:22 41:15 42:23 |
| debtor(5) | 2:35 11:14 34:20 37:16 45:11 |
| debtors(46) | 1:12 1:23 4:8 4:21 6:19 6:21 7:3 7:9 7:9 7:10 7:12 7:15 7:18 7:22 7:22 8:2 8:8 8:19 9:6 9:11 9:13 9:14 11:22 11:24 17:15 17:21 18:10 19:1 19:16 22:3 23:2 24:16 24:19 26:23 27:4 28:9 28:21 29:8 30:8 30:8 31:5 31:10 36:3 38:1 38:14 38:24 48:5 |
| decide(2) | 23:19 35:19 |
| decided(1) | 18:19 |
| decision(1) | 41:10 |
| decisions(2) | 32:15 33:3 |
| defined(3) | 22:9 23:5 38:9 |
| definitely(2) | 23:25 24:10 |
| definition(1) | 27:8 |
| degree(1) | 52:1 |
| delaware(3) | 1:2 1:12 4:1 |
| deliberations(1) | 33:2 |
| depends(1) | 48:17 |
| described(1) | 21:20 |
| detailed(1) | 13:14 |
| details(1) | 46:2 |
| dialed(1) | 5:20 |
| dialogue(1) | 25:3 |
| diaz(1) | 1:40 |
| did(11) | 4:22 14:16 16:23 16:23 18:14 21:11 39:11 40:13 46:24 47:11 50:2 |
| didn't(5) | 13:5 17:18 25:23 36:5 49:21 |

| Word | Page:Line |
|------|-----------|
| different(13) | 16:11 18:24 21:16 21:23 22:8 22:10 23:21 24:11 24:12 39:9 39:13 40:7 41:13 |
| differentiation(1) | 27:17 |
| differently(2) | 30:11 40:5 |
| difficult(3) | 12:17 43:17 44:13 |
| difficulties(2) | 40:11 46:13 |
| directed(1) | 44:6 |
| direction(1) | 31:22 |
| disabilities(1) | 21:25 |
| disability(11) | 11:23 12:22 16:17 18:2 20:18 22:7 22:20 23:2 24:19 25:11 46:17 |
| disabled(25) | 6:25 7:11 7:14 11:7 20:6 20:13 24:6 27:5 27:12 29:20 29:21 31:11 32:21 39:7 43:3 43:10 44:12 45:11 46:24 49:1 49:16 50:15 51:1 |
| disagreements(1) | 42:4 |
| discuss(1) | 11:11 |
| discussed(3) | 17:20 34:14 36:18 |
| discussing(5) | 10:23 31:20 34:5 34:14 34:15 |
| discussion(2) | 45:5 47:11 |
| discussions(9) | 7:25 8:10 8:20 17:21 17:21 17:22 33:1 40:3 47:16 |
| disinterested(1) | 33:4 |
| disputes(1) | 38:8 |
| dissention(2) | 22:19 |
| district(1) | 1:2 |
| diverge(2) | 25:6 37:12 |
| diverse(2) | 10:18 19:12 |
| docketed(1) | 4:19 |
| documents(3) | 22:1 22:10 24:14 |
| does(17) | 7:4 7:13 8:17 11:21 12:8 13:16 13:17 21:25 24:7 32:25 33:2 34:20 38:18 41:15 41:22 49:23 50:1 |
| doesn't(8) | 13:22 25:4 26:12 27:24 29:16 29:23 42:15 46:17 |
| doing(6) | 14:9 15:12 19:18 45:9 45:15 46:9 |
| don't(32) | 5:24 14:1 14:4 14:5 14:8 14:13 14:18 14:20 14:21 15:21 19:3 22:10 24:10 24:17 28:17 28:19 30:10 30:25 38:7 38:24 39:4 39:14 39:19 41:9 42:3 42:14 43:6 46:22 47:13 47:21 48:16 49:21 50:18 |
| done(4) | 6:8 23:6 37:4 47:9 |
| dow(2) | 2:48 2:48 |
| down(5) | 9:12 20:9 24:1 25:2 28:22 |
| drive(1) | 42:18 |
| dug(1) | 42:4 |
| duplication(1) | 32:8 |
| duties(1) | 19:12 |
| each(5) | 18:19 28:15 43:12 43:13 51:4 |
| earlier(2) | 49:11 50:8 |
| easier(3) | 19:4 25:12 27:18 |
| economies(1) | 36:19 |
| ecro(1) | 1:38 |
| edgewise(1) | 13:8 |
| effective(1) | 41:22 |
| efficiencies(1) | 36:13 |
| efficiency(5) | 28:20 35:15 37:11 46:20 48:4 |
| efficient(3) | 19:6 28:24 36:19 |
| efficiently(1) | 47:9 |
| efforts(1) | 19:17 |
| either(7) | 28:4 30:1 30:11 32:20 33:25 41:2 42:17 |
| electronic(2) | 1:47 52:11 |
| elliott(2) | 11:6 16:16 |
| else(6) | 9:20 11:17 12:6 42:7 50:23 51:22 |
| employed(1) | 23:19 |
| employee(11) | 39:17 39:19 39:21 39:22 40:1 40:6 40:10 40:20 40:22 41:3 42:17 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| employees(35) 6:25 7:11 7:25 8:5 8:6 8:10 8:13 8:21 11:23 11:23 13:13 18:3 26:22 27:6 27:24 38:6 38:8 38:13 38:19 39:24 40:7 40:19 40:23 40:23 40:24 40:24 41:3 41:4 41:23 42:9 42:16 42:23 43:3 43:4 43:9 45:17 | | filed(16) 4:11 7:15 8:14 9:1 9:2 10:7 11:8 11:22 14:11 14:12 17:14 18:15 21:21 22:25:19 40:4 | | going(29) 6:12 11:11 12:14 13:6 17:8 17:12 19:20 26:7 28:4 28:5 28:6 28:11 28:17 28:21 29:1 29:25 31:16 34:21 35:2 35:11 36:21 42:2 45:21 45:25 46:7 47:7 48:17 50:11 50:19 | | headcount(1) 18:14 heading(1) 14:24 hear(4) 7:6 9:19 46:22 48:22 heard(6) 5:17 12:9 12:23 40:8 40:20 40:24 hearing(5) 5:2 12:11 13:11 51:10 52:7 hearings(1) 12:16 |
| enable(2) 44:7 45:10 encompass(1) 43:7 encouraged(1) 13:10 engage(1) 7:24 enough(1) 14:21 ensure(1) 23:15 enter(1) 45:12 entered(2) 4:25 15:12 entire(2) 12:15 30:24 entirely(2) 44:11 46:18 equipment(1) 21:13 equitable(2) 9:16 36:20 eric(1) 1:24 ernest(1) 3:15 | | filing(1) 23:23 filings(1) 7:17 fill(1) 21:3 financial(1) 23:16 financing(1) 23:13 find(5) 23:25 29:10 41:6 43:18 43:18 fine(5) 11:4 16:24 23:12 48:14 49:6 finger(1) 2:11 firms(1) 31:12 first(7) 7:3 16:19 28:25 30:8 41:10 43:15 43:22 | | good(22) 4:3 4:4 4:5 4:6 6:16 6:17 9:25 10:1 10:3 11:1 11:2 11:17 11:19 13:6 13:7 13:9 13:13 13:21 28:17 31:15 42:2 52:5 goodness(1) 50:20 got(1) 17:2 gottlieb(4) 1:31 2:39 6:13 6:18 grant(2) 7:4 12:19 granted(1) 24:23 grasp(1) 35:9 | | help(8) 11:11 19:20 19:23 19:24 20:3 36:20 49:12 50:21 helped(1) 45:9 helpful(1) 46:7 here(27) 15:5 15:16 20:10 22:18 25:17 26:8 27:5 27:23 28:11 29:2 29:5 30:1 30:25 31:13 34:15 34:21 36:5 36:13 37:4 38:11 43:1 44:19 46:6 46:21 47:1 47:9 48:11 |
| esq(25) 1:24 1:25 1:32 1:33 2:5 2:6 2:12 2:19 2:26 2:36 2:40 2:44 2:49 3:5 3:9 3:12 3:16 3:20 3:24 3:25 3:28 3:31 3:34 3:37 3:40 | | five(2) 44:4 46:18 floating(1) 18:23 floor(1) 1:27 2:28 focus(1) 34:22 focused(2) 24:2 35:10 foley(1) 3:15 | | greenleaf(2) 11:6 16:16 gross(1) 1:18 ground(1) 17:7 grounds(1) 21:15 group(5) 28:14 30:23 43:24 44:21 51:4 groups(7) 12:2 19:12 25:5 28:23 43:25 44:5 44:8 | | him(2) 21:3 51:12 himself(1) 28:12 hoc(1) 3:23 hold(2) 7:5 12:22 honor(72) 4:6 4:15 4:18 4:23 4:25 5:12 6:5 6:12 6:17 6:20 7:3 7:4 8:14 8:25 9:4 9:21 9:25 10:7 10:24 11:2 11:10 11:19 12:25 13:3 14:20 15:11 16:7 16:15 16:18 17:2 17:5 19:24 21:1 21:7 21:9 24:3 26:4 26:6 26:8 29:1 29:23 31:7 35:13 35:14 35:19 35:20 35:21 35:25 37:10 37:20 38:5 39:8 41:9 41:16 41:20 42:8 43:15 44:16 45:3 45:14 45:23 45:25 47:10 47:23 49:9 49:14 50:9 50:13 50:17 50:24 51:22 52:6 |
| essentially(1) 50:8 established(1) 21:13 estate(6) 12:16 19:4 19:6 31:17 32:7 39:15 estates(1) 18:9 evaluation(1) 47:19 even(5) 27:16 41:5 42:14 42:19 44:14 event(1) 38:17 eventual(1) 19:1 eventually(1) 24:22 every(2) 27:11 43:7 everybody(1) 38:17 everyone(5) 4:3 9:16 34:18 34:21 52:4 everyone's(3) 42:25 42:25 42:25 everything(1) 13:22 ex-employees(2) 13:22 22:9 exactly(1) 9:4 example(6) 18:10 18:21 25:1 25:7 39:12 46:15 | | for(113) 1:2 1:23 2:4 2:18 2:25 2:35 2:48 3:4 3:8 3:12 3:15 3:19 3:23 3:28 3:31 3:34 3:37 3:40 3:43 4:6 4:21 5:5 5:13 6:17 7:11 8:15 8:22 9:16 10:4 11:5 11:20 11:25 12:13 12:21 13:22 14:2 14:6 14:11 14:12 15:5 15:20 16:15 16:17 16:18 17:1 18:1 18:2 18:10 18:21 19:4 19:6 19:15 19:18 20:6 20:12 20:14 21:9 21:13 22:3 23:11 23:16 24:4 24:6 24:6 24:18 25:1 25:7 25:16 26:1 26:8 27:9 27:9 28:6 29:17 30:10 30:17 31:4 31:9 31:11 31:12 31:19 31:22 34:21 34:22 35:20 36:21 36:22 37:14 39:2 39:12 39:18 40:6 40:9 40:21 42:16 42:23 43:12 43:24 44:12 45:46:2 46:15 47:1 47:22 47:24 48:1 48:2 48:3 48:4 49:15 50:19 51:17 51:25 | | guess(5) 10:13 17:14 26:11 35:14 48:20 guidance(2) 38:12 46:1 gump(2) 2:4 10:5 had(15) 5:4 12:8 13:13 15:17 17:19 17:22 19:18 30:6 39:2 42:3 hadley(1) 3:23 halves(1) 33:25 hamilton(3) 1:31 2:39 6:18 hammer(2) 3:9 46:2 hand(4) 5:1 7:5 22:7 50:4 handicapped(1) 51:1 handle(2) 5:13 46:20 happen(3) 30:10 40:13 41:15 happened(4) 16:20 39:3 39:6 39:9 happens(5) 29:5 35:16 41:5 42:19 51:6 happy(8) 17:3 19:14 36:24 36:25 37:21 37:23 40:15 45:3 | | honor's(2) 34:3 39:1 honorable(1) 1:13 hope(1) 9:14 hopefully(2) 20:1 45:12 hoping(1) 14:11 horne(21) 3:43 13:3 13:3 13:5 13:7 13:10 14:20 15:1 16:2 41:20 41:20 42:2 42:6 42:8 43:14 43:22 44:16 45:3 45:7 45:14 45:23 horseshoes(1) 17:1 how(11) 11:2 11:4 12:20 21:14 22:11 23:21 24:17 29:20 36:8 38:12 46:19 however(6) 8:17 9:10 11:23 29:23 31:12 37:20 |
| exceed(1) 37:6 executing(1) 17:12 exercise(1) 28:6 exercises(1) 28:2 exercising(1) 29:25 exigent(1) 17:14 exist(1) 29:16 existing(2) 15:13 18:16 expenses(1) 31:17 expensive(2) 43:17 43:23 experience(2) 31:8 31:25 expert(1) 47:20 explain(1) 15:9 expressed(2) 19:2 37:16 extent(2) 16:11 31:22 extremely(1) 38:6 | | forefront(1) 14:10 foregoing(1) 52:10 form(2) 5:7 10:10 formed(1) 10:22 former(1) 27:6 forms(1) 15:18 forward(4) 10:10 33:12 35:2 50:25 fraser(1) 3:40 free(2) 43:10 43:10 freeborn(1) 3:8 freres(1) 3:12 from(34) 5:17 5:19 6:13 9:19 10:5 11:6 12:16 13:13 14:3 16:12 16:16 17:10 18:2 21:16 22:8 22:17 22:18 22:19 28:8 28:15 31:8 31:25 32:6 33:3 35:15 35:16 40:4 44:8 44:9 46:24 49:11 50:10 51:7 52:11 | | hard(2) 49:10 50:17 harold(1) 2:36 harrisburg(1) 1:42 has(26) 4:15 4:25 5:3 5:20 8:14 9:1 9:2 12:3 13:12 13:18 24:21 27:2 29:10 29:13 30:5 30:11 30:18 30:19 32:11 32:25 34:1 34:18 39:3 40:11 44:13 45:9 hauer(1) 10:5 have(144) 5:1 5:3 5:4 5:16 6:20 6:25 7:22 8:14 9:11 10:7 12:4 12:17 13:10 13:13 13:14 13:15 13:15 13:23 14:1 14:13 14:18 14:21 15:13 15:16 15:19 15:21 15:23 16:1 16:3 16:9 16:21 17:7 17:18 18:7 18:16 18:17 18:17 18:19 19:17 19:18 19:22 20:12 20:12 20:13 20:14 20:16 20:24 21:24 22:15 22:16 22:21 23:3 23:4 23:5 24:11 24:24 25:5 25:18 25:21 25:23 26:14 26:16 26:17 26:20 26:22 27:11 27:12 27:14 27:17 27:18 28:2 28:5 28:8 28:17 28:21 28:22 28:23 28:24 29:7 29:13 29:24 30:4 30:22 31:1 31:3 31:10 31:14 32:4 32:5 32:5 32:23 32:24 33:5 33:6 33:7 33:11 33:16 33:20 33:23 33:24 34:8 34:16 34:19 35:10 35:17 36:14 36:17 37:6 37:10 37:15 37:22 37:23 39:11 39:14 39:15 39:17 39:19 39:21 39:24 39:25 40:4 40:18 40:19 40:19 40:21 40:24 41:23 42:2 42:14 42:25 43:4 44:5 45:14 46:17 47:14 48:4 48:16 48:17 48:18 50:6 50:20 51:6 51:22 51:24 | | hundred(2) 44:1 44:17 hundreds(1) 43:24 hunton(1) 5:3 i'd(9) 14:22 16:18 17:5 17:9 17:23 19:25 45:3 47:10 51:3 i'll(9) 9:19 11:11 12:22 18:14 19:2 26:11 36:2 46:2 52:2 i'm(23) 6:12 13:4 13:8 13:16 14:9 15:3 15:9 16:22 17:2 23:18 25:15 37:21 40:15 41:3 42:18 48:10 49:6 49:11 49:18 51:1 51:4 51:14 52:1 i've(12) 6:11 10:13 12:23 26:13 26:15 29:25 37:15 41:21 42:4 42:10 42:11 45:16 |
| facilitate(1) 19:1 facts(3) 38:7 47:7 47:8 factual(1) 25:21 fair(1) 9:16 fairly(3) 23:5 31:9 36:4 fall(1) 27:8 familiar(3) 15:3 39:6 far(1) 40:11 fashion(1) 34:7 fearless(1) 36:4 fee(1) 5:18 feel(4) 29:24 30:3 32:17 44:18 fees(3) 5:17 31:6 31:17 feld(1) 10:5 fellow(1) 20:13 few(2) 17:20 42:11 fiduciary(1) 19:11 file(1) 21:11 | | front(1) 37:9 full(1) 10:19 fully(1) 35:9 function(1) 12:5 further(2) 5:1 26:1 future(1) 24:1 general(1) 39:14 generally(6) 15:14 16:12 22:23 29:20 31:9 39:24 get(10) 5:14 11:12 12:17 13:8 20:2 29:2 32:9 36:20 44:19 50:18 getting(1) 27:19 ginger(1) 1:38 give(4) 24:14 27:24 46:1 51:12 given(1) 48:2 glad(1) 49:11 goal(1) 43:1 | | having(7) 18:8 19:25 21:12 21:21 32:9 40:7 48:4 he's(2) 17:12 29:24 head(2) 40:3 45:10 | | identical(3) 22:11 24:23 25:5 identify(1) 43:25 identity(1) 24:17 imagine(1) 25:7 impact(1) 9:8 importance(1) 48:3 important(2) 36:21 44:21 impossible(1) 43:18 inc(1) 1:6 include(1) 4:12 incorporate(1) 35:21 incorporated(1) 35:22 increase(1) 31:14 incredibly(2) 43:17 43:23 indeed(1) 21:26 indicate(6) 14:4 14:6 15:19 15:24 22:4 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **indicated**(4) 12:12 15:17 16:9 30:11 | | **know**(55) 5:24 14:5 14:8 14:20 19:18 | | **maintain**(2) 7:10 7:13 | | **motion**(46) 6:21 6:24 7:3 7:4 7:5 7:6 7:9 | |

**individual**(8) 40:19 40:23 41:4 42:22
42:24 43:16 43:19 44:14

**individually**(2) 18:19 43:6
**individuals**(3) 9:8 21:24 44:1
**information**(3) 18:23 44:7 51:12
**initially**(1) 21:11
**inquired**(1) 18:17
**instances**(1) 40:18
**instead**(2) 8:19 19:25
**intended**(3) 22:20 22:21 22:21
**interest**(11) 9:2 14:19 15:17 15:19 18:24
23:1 24:17 25:5 32:25 33:5 45:15

**interested**(4) 15:7 15:25 17:8 52:2
**interests**(4) 16:11 21:23 30:24 40:12
**into**(6) 17:8 17:15 40:11 42:4 45:12 51:14
**introduction**(2) 17:9 20:1
**inviting**(1) 14:23
**involve**(1) 27:13
**involved**(4) 23:24 26:14 26:15 26:17
**issue**(19) 20:8 28:13 28:20 38:24 39:4
40:24 42:10 42:18 43:7 43:13 43:16 44:12
44:18 46:4 46:5 46:17 47:12 47:14 48:16

**issues**(27) 7:1 14:10 18:8 19:8 23:18
26:18 27:16 27:21 28:10 32:18 39:19
39:23 40:1 40:7 42:9 42:17 42:20 42:22
42:23 44:5 44:17 44:21 44:22 45:2 47:2
48:3 50:19
**it's**(46) 4:4 6:2 6:16 12:4 12:14 12:16
16:19 16:20 17:1 17:6 17:14 18:11 21:18
23:12 23:13 23:15 23:19 23:20 24:23 26:9
27:22 28:4 28:5 28:6 28:18 28:24 30:3
30:25 32:21 33:8 39:10 39:13 41:1 41:15
42:15 43:16 43:18 43:23 44:1 44:21 47:3
48:7 48:8 49:9 49:12 51:7

**item**(4) 4:19 4:24 6:20 6:24
**items**(2) 5:14 6:20
**its**(4) 11:25 23:17 23:17 28:6
**itself**(2) 23:7 41:14
**jaime**(1) 2:26
**james**(1) 2:40
**jane**(1) 1:33 6:13 6:18
**jared**(1) 3:34
**jason**(1) 2:43
**joanne**(1) 3:16
**joinder**(1) 11:8
**joint**(5) 2:25 32:21 32:22 34:5 48:18
**jointly**(2) 1:8 31:24
**jones**(2) 2:48 2:48
**joshua**(1) 2:5
**judge**(1) 1:19
**juncture**(1) 24:2
**june**(1) 1:14 4:1 7:15 52:15
**just**(31) 4:14 5:1 5:13 7:5 7:6 10:14 13:17
16:24 22:25 25:15 27:8 28:15 28:19 32:8
33:9 35:19 36:3 36:11 39:2 39:21 40:5
43:15 44:1 44:4 47:24 48:17 49:5 49:15
49:19 49:21 49:24

**keenan**(1) 3:12
**keightley**(1) 2:35
**kevin**(2) 1:18 3:20
**key**(1) 42:8
**kim**(26) 1:33 6:13 6:16 6:17 6:18 6:24
7:8 7:9 7:21 8:13 8:25 9:4 9:6 9:18 9:20
9:21 12:12 12:23 12:25 16:18 27:9 38:4
38:5 38:11 39:3 48:10

**kim's**(1) 10:9
**kind**(9) 4:19 15:24 19:11 19:24 20:3
21:20 24:22 24:24 25:3

**king**(2) 2:14 2:20

**knows**(1) 10:7
**landscape**(1) 20:4
**lardner**(1) 3:15
**large**(3) 6:2 21:24 26:19
**last**(4) 4:11 5:14 7:15 42:11
**late**(1) 4:12
**later**(2) 7:17 28:19
**laughter**(8) 6:1 9:24 16:25 17:4 36:7
36:10 41:7 41:22

**lawyer**(1) 48:6
**layout**(1) 20:3
**layton**(1) 2:11
**lazard**(1) 3:12
**learned**(1) 42:11
**least**(3) 10:20 16:10 48:9
**leave**(1) 46:18
**lee**(1) 3:16
**left**(1) 42:17
**length**(1) 11:12
**less**(1) 28:25
**let**(1) 19:2
**let's**(3) 12:22 44:4 44:4
**letter**(1) 15:4
**letters**(2) 14:23 46:23
**lewis**(1) 2:43
**liberty**(1) 1:34
**lieu**(2) 17:8 20:1
**light**(1) 7:17
**lightly**(1) 9:10
**like**(20) 16:18 17:1 17:5 17:10 17:23 18:6
19:13 20:23 22:5 22:22 23:14 26:12 27:4
30:9 31:15 31:21 32:6 32:10 38:11 51:3

**limit**(1) 47:4
**limitation**(3) 36:15 36:22 36:23
**limitations**(1) 35:20
**limited**(11) 21:12 21:21 22:25 30:12 30:22
31:3 31:7 34:24 38:15 38:17 38:19

**linklaters**(1) 3:34
**lisa**(3) 1:32 2:6 10:4
**listened**(1) 42:10
**listening**(1) 13:7
**little**(8) 16:21 18:20 19:23 21:16 28:9
39:4 45:4 52:1

**llp**(2) 2:35 3:8 3:15
**logical**(1) 43:24
**long**(38) 6:6 6:25 7:11 7:13 11:7 11:23
12:21 16:17 19:15 20:6 21:24 22:7 22:20
23:2 24:6 24:19 25:10 26:21 27:5 27:12
31:11 32:21 37:22 39:7 43:3 46:17 49:6
50:15

**long-term**(1) 29:20
**looked**(1) 29:13
**looking**(4) 21:19 25:17 26:1 28:15
**lot**(11) 13:13 13:14 13:15 17:17 18:17
18:23 25:18 26:14 26:17 42:11 45:17

**ltd**(28) 3:4 7:16 7:23 7:25 8:2 8:5 8:6 8:9
8:13 8:17 8:19 8:21 9:7 30:10 30:15 31:5
31:5 33:7 33:14 34:6 35:3 38:6 38:8
38:12 38:18 39:20 39:25 41:3

**ltd's**(2) 28:6 31:19
**luton**(1) 2:26
**mace**(1) 1:38
**made**(4) 7:7 25:22 33:3 40:9

**maintain**(2) 7:10 7:13
**major**(1) 29:19
**make**(15) 4:14 7:2 10:14 14:22 20:23 30:5
32:15 33:16 35:7 35:10 37:2 37:21 42:10
42:12 48:1

**makes**(1) 28:23
**making**(1) 47:24
**mandatory**(3) 8:23 12:13 21:18
**mann**(1) 3:20
**manner**(3) 20:4 20:24 38:6
**many**(5) 16:10 20:18 23:21 31:12 46:19
**market**(2) 1:11 1:26
**match**(1) 38:20
**material**(1) 15:1
**matter**(8) 5:14 5:25 6:2 9:10 32:25 43:5
45:10 52:12

**matters**(5) 31:8 32:20 32:21 43:11 45:8
**matz**(1) 3:24
**mauro**(1) 3:28
**may**(11) 5:7 5:9 5:23 16:21 18:16 23:25
24:19 24:25 25:6 28:16 35:9

**maybe**(7) 5:12 18:17 18:17 20:2 25:9
47:12 47:19

**mccoy**(1) 3:23
**mcglothlin**(1) 3:31
**mclaughlin**(1) 3:25
**mean**(5) 13:16 13:17 25:4 25:6 39:11
**meaningful**(1) 20:24
**means**(1) 13:14
**measured**(1) 37:4
**mechanism**(1) 15:4
**medical**(1) 27:19
**meet**(1) 42:15
**melanie**(1) 3:25
**member**(4) 13:17 14:14 33:23 51:4
**members**(3) 24:6 46:13 46:16
**mention**(1) 13:6
**mentioned**(1) 33:20
**menu**(1) 11:10
**mercer**(1) 3:8
**merely**(2) 10:8 34:23
**michael**(1) 3:40
**midst**(1) 17:20
**might**(9) 17:6 17:24 21:2 22:12 24:22
24:24 25:1 25:2 44:5

**millbank**(1) 3:23
**million**(1) 7:13
**milner**(1) 3:40
**minimize**(1) 31:24
**minimizing**(1) 32:7
**minutes**(1) 42:11
**misgivings**(1) 37:23
**misspeak**(1) 50:2
**modest**(1) 18:18
**modification**(2) 8:1 9:7
**modifications**(1) 30:15
**modified**(1) 25:1
**modify**(1) 25:9
**modifying**(1) 15:15
**month**(2) 7:13 13:12
**more**(10) 10:17 19:5 14:9 24:21 28:24 30:3
37:21 44:13 44:17 46:7 46:7

**morning**(18) 4:3 4:5 4:6 5:20 6:16 6:17
9:25 10:1 11:1 11:2 11:10 11:18 11:19
13:6 13:7 18:15 19:23 51:23

**morris**(2) 1:23 4:7
**most**(4) 8:15 27:4 29:5 29:19

**motion**(46) 6:21 6:24 7:3 7:4 7:5 7:6 7:9
7:10 7:15 7:19 8:8 8:14 8:17 9:2 10:8
10:15 10:24 11:8 11:12 11:22 12:13 12:20
12:21 12:24 14:2 14:11 14:13 14:18 16:14
17:14 17:15 17:25 21:21 21:22 22:16
22:17 23:4 23:6 25:17 25:23 28:4 34:22
38:15 48:9 49:19 50:10

**motions**(4) 7:1 15:13 23:23 40:4
**mouth**(1) 19:3
**move**(1) 46:10
**moves**(2) 4:23 13:21
**moving**(1) 33:12
**mrs**(1) 47:16
**much**(2) 36:19 45:19
**myself**(1) 30:9
**name**(6) 13:5 16:19 36:6 36:9 51:12 51:19
**narrow**(1) 30:20
**national**(1) 41:25
**nearly**(1) 43:2
**necessarily**(7) 14:5 29:6 37:17 42:24 43:7
47:21 49:22

**necessary**(1) 31:1
**need**(9) 7:7 11:11 19:23 26:8 34:11 43:1
43:4 46:25 47:1

**needed**(1) 37:6
**needs**(1) 37:4
**negotiate**(8) 8:9 23:3 24:19 24:20 30:14
38:12 39:23 40:22

**negotiated**(1) 24:15
**negotiating**(3) 12:19 35:2 38:1
**negotiation**(2) 24:13 33:22
**negotiations**(9) 27:13 27:14 28:22 29:8
32:20 34:8 34:10 39:24 45:12

**networks**(1) 1:6
**never**(3) 19:19 26:20 26:23
**new**(3) 1:35 2:8 2:43
**news**(1) 2:48
**next**(7) 7:6 8:7 9:23 10:24 11:12 12:24
16:14

**nice**(2) 6:16 10:2
**nichols**(2) 1:23 4:7
**night**(1) 4:11
**nineteenth**(1) 4:24
**ninth**(1) 5:16
**non**(1) 48:5
**non-lawyer**(2) 47:6 48:23
**non-legal**(4) 31:23 32:3 47:20 48:19
**nor**(1) 29:12
**normally**(2) 35:16 35:16
**nortel**(7) 1:6 26:12 26:13 27:3 27:4 29:6
29:18

**nortel's**(1) 38:5
**north**(3) 1:26 2:14 2:20
**not**(64) 5:19 8:17 9:9 10:7 10:16 11:21
11:24 11:25 12:15 13:8 15:3 15:20 18:17
18:18 19:9 19:20 20:8 20:14 21:18 21:19
21:25 22:8 22:8 22:19 22:22 22:21 22:21
23:18 25:16 26:1 27:7 27:22 28:16 29:1
29:5 29:18 30:17 32:13 32:25 33:2 33:8
33:21 35:9 37:3 37:17 37:20 38:5 38:8
42:4 42:13 42:22 44:1 44:15 45:10 46:5
47:14 47:24 48:1 48:3 48:4 48:10 49:23
50:1 51:4

**note**(1) 18:14
**nothing**(2) 16:6 51:22
**notice**(1) 36:5
**novel**(1) 29:9
**now**(9) 19:25 21:1 21:2 24:18 25:16 31:19
42:9 45:5 45:22

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **number**(7) 8:13 16:1 17:13 18:11 18:13 21:24 44:4 | | **outcome**(2) 8:8 34:8 | | **point**(11) 7:23 10:9 14:22 18:11 22:19 25:6 25:22 37:12 42:12 43:22 43:23 | | **really**(17) 14:18 18:6 19:8 20:8 22:19 26:9 27:2 30:4 33:24 34:11 36:21 44:13 44:21 45:7 45:9 48:2 48:20 | |
| | | **outcomes**(2) 34:11 35:12 | | | | | |
| **numbers**(1) 46:13 | | **outside**(2) 20:15 42:17 | | **pointed**(1) 30:20 | | | |
| **numerous**(1) 21:23 | | | | **policy**(1) 32:23 | | **reason**(4) 11:25 30:17 33:11 37:5 | |
| **objected**(1) 40:20 | | **over**(11) 6:13 13:12 17:10 21:2 27:17 | | **popped**(1) 19:8 | | **reasons**(3) 17:12 24:18 29:17 | |
| **objecting**(2) 8:16 41:4 | | 27:18 28:18 32:12 39:19 43:25 50:18 | | **population**(1) 49:16 | | **receive**(2) 33:2 34:9 | |
| **objection**(6) 4:24 5:5 21:12 21:21 22:16 23:4 | | | | **pose**(2) 19:8 19:14 | | **received**(1) 4:12 | |
| | | **own**(2) 12:4 40:8 | | **position**(6) 13:23 16:3 21:3 33:24 37:13 | | **recess**(1) 52:5 | |
| | | **oyston**(1) 3:34 | | 43:14 | | **recognize**(3) 6:7 9:6 41:14 | |
| **objections**(4) 5:10 5:11 8:14 8:15 | | **p.o**(1) 2:29 | | | | **record**(16) 4:7 6:18 10:4 11:5 16:16 21:13 | |
| **obligations**(1) 15:10 | | **paid**(1) 39:18 | | **positions**(2) 32:13 41:22 | | 25:16 25:17 26:2 27:9 30:6 30:19 46:23 | |
| **obviously**(25) 9:6 10:15 10:19 15:6 17:12 | | **paper**(1) 32:14 | | **possibility**(2) 10:18 15:15 | | 49:15 49:15 49:24 | |
| 18:24 27:3 27:7 27:16 29:4 30:4 30:19 | | **papers**(3) 32:18 33:7 50:8 | | **possible**(4) 15:16 24:24 31:22 46:10 | | | |
| 30:23 31:17 31:21 32:4 32:11 32:24 | | **parallel**(2) 8:10 22:11 | | **possibly**(2) 28:25 34:4 | | **recorded**(1) 1:47 | |
| 35:6 40:8 43:12 45:11 46:14 52:2 | | **parameters**(1) 43:7 | | **post**(1) 17:2 | | **recording**(2) 1:47 52:11 | |
| | | **park**(1) 2:7 | | **potential**(2) 8:1 46:12 | | **records**(1) 32:9 | |
| **occur**(1) 28:1 | | **parse**(1) 19:24 | | **potentially**(1) 28:13 | | **reduced**(1) 5:4 | |
| **occurred**(1) 29:11 | | **part**(1) 8:15 | | **ppearances**(2) 1:21 2:1 | | **referring**(1) 16:2 | |
| **off**(3) 7:5 12:22 40:2 | | **participant**(1) 33:7 | | **practical**(1) 20:10 | | **reflect**(1) 49:19 | |
| **offends**(1) 45:20 | | **participants**(10) 16:17 20:13 26:9 27:5 | | **practically**(1) 19:10 | | **regard**(2) 23:18 36:13 | |
| **office**(13) 2:18 15:8 15:9 17:10 32:11 44:3 | | 30:11 31:5 31:11 33:14 34:6 35:3 | | **prefer**(2) 23:22 35:13 | | **regarding**(1) 7:25 | |
| 44:6 44:22 44:24 45:1 46:16 46:19 51:9 | | | | **preference**(1) 18:1 | | **regardless**(3) 8:8 34:6 47:7 | |
| | | **participating**(1) 33:21 | | **prejudice**(1) 7:19 | | **regards**(3) 5:2 5:17 23:9 | |
| **official**(4) 3:19 8:6 10:6 41:25 | | **participation**(1) 18:9 | | **prepare**(1) 51:25 | | **region**(2) 41:23 41:24 | |
| **often**(2) 26:19 41:6 | | **particular**(4) 43:4 43:5 47:14 47:16 | | **prepared**(2) 5:21 9:19 | | **related**(2) 7:2 26:18 | |
| **okay**(11) 5:21 10:21 16:8 24:9 25:25 | | **parties**(23) 17:8 21:5 21:23 22:18 26:21 | | **presented**(2) 49:1 50:8 | | **relating**(2) 14:10 48:19 | |
| 40:25 41:15 42:1 45:23 48:15 51:16 | | 27:5 27:12 27:13 27:15 27:23 29:7 29:20 | | **previously**(1) 4:25 | | **relatively**(1) 16:1 | |
| | | 31:23 33:4 33:9 33:16 34:12 34:19 35:1 | | **primarily**(1) 21:12 | | **relief**(10) 8:18 11:9 22:15 23:1 23:3 24:22 | |
| **old**(1) 45:16 | | 35:5 35:8 48:8 50:19 | | **principle**(1) 11:13 | | 24:23 33:13 34:3 40:20 | |
| **olivia**(1) 3:28 | | | | **prior**(3) 12:16 17:20 17:21 | | | |
| **omnibus**(2) 4:24 5:16 | | **party**(3) 9:1 9:2 14:2 | | **pro**(1) 3:43 | | **reluctant**(1) 14:15 | |
| **once**(4) 9:1 9:1 29:21 48:12 | | **past**(2) 28:10 31:8 | | | | **remain**(1) 24:7 | |
| **one**(35) 1:34 2:7 2:13 5:13 5:20 9:23 | | **pat**(1) 2:19 | | **probably**(8) 8:15 14:19 28:5 48:25 | | **remaining**(1) 9:12 | |
| 10:10 10:10 12:1 12:11 15:21 17:12 19:4 | | **patel**(1) 3:37 | | **problem**(5) 37:10 42:25 43:4 44:15 47:15 | | **remarks**(1) 29:18 | |
| 20:5 22:3 23:20 26:8 27:25 28:4 28:24 | | **path**(3) 19:19 19:20 37:20 | | **problems**(3) 26:18 43:15 46:25 | | **rene**(1) 2:44 | |
| 29:6 30:1 32:1 34:25 35:14 36:3 40:6 | | **patrick**(2) 1:19 21:9 | | **procedure**(1) 24:13 | | **represent**(7) 11:8 14:17 16:10 29:7 30:23 | |
| 42:15 43:20 44:2 44:9 46:20 47:5 48:2 | | **paying**(1) 31:16 | | **proceedings**(4) 1:17 1:47 2:41 52:12 | | 34:11 43:19 | |
| 49:14 | | **payment**(1) 9:13 | | **process**(15) 9:12 9:15 10:23 28:9 28:18 | | | |
| **ones**(2) 19:5 23:21 | | **peg**(1) 2:49 | | 29:3 31:10 33:10 33:15 33:17 33:23 36:16 | | **representation**(17) 18:7 19:15 20:24 21:20 | |
| **only**(18) 10:16 12:15 12:20 14:21 18:10 | | **pending**(1) 15:13 | | 37:3 39:14 46:24 | | 26:9 30:4 34:6 34:20 35:11 37:4 37:18 | |
| 18:11 18:15 24:4 27:25 35:6 37:12 38:14 | | **pennsylvania**(1) 1:42 | | | | 37:22 39:12 43:8 44:10 46:12 47:1 | |
| 43:24 45:10 46:16 48:1 48:3 48:20 | | **people**(27) 6:3 13:15 14:23 15:16 15:23 | | **produced**(1) 1:48 | | | |
| | | 16:1 20:18 22:7 23:22 26:16 27:17 27:18 | | **professional's**(1) 5:17 | | **representations**(1) 25:21 | |
| **onto**(2) 13:25 19:19 | | 31:13 31:25 32:4 32:12 33:19 34:7 34:8 | | **professionals**(12) 5:19 23:20 23:21 23:21 | | **representative**(11) 12:18 14:7 24:16 33:14 | |
| **open**(2) 15:14 19:14 | | 34:9 35:9 35:11 37:6 41:9 41:21 44:17 | | 28:25 31:23 32:3 33:3 47:6 48:6 48:18 | | 39:18 39:19 39:22 40:6 40:11 41:4 51:14 | |
| **operations**(1) 9:12 | | 51:8 | | 48:23 | | | |
| **opinion**(1) 42:14 | | **per**(1) 7:13 | | **promote**(1) 46:20 | | **representatives**(9) 12:18 14:3 18:2 20:6 | |
| **opportunity**(1) 17:19 | | **per/pro**(1) 3:43 | | **pronounce**(2) 36:5 36:8 | | 24:21 40:21 40:22 44:25 50:22 | |
| **oppose**(2) 11:21 21:26 | | **perceived**(1) 45:18 | | **pronouncing**(1) 16:19 | | | |
| **opposed**(4) 14:8 19:5 33:8 47:19 | | **perform**(1) 23:17 | | **proper**(1) 21:13 | | **represented**(3) 42:20 44:15 45:19 | |
| **opposition**(1) 10:8 | | **perhaps**(9) 17:9 21:4 24:22 31:19 35:8 | | **propria**(1) 3:43 | | **representing**(1) 30:24 | |
| **order**(21) 4:19 4:25 5:1 5:8 5:13 5:16 | | 37:14 44:8 46:1 48:8 | | **pros**(2) 14:4 14:6 | | **represents**(2) 35:1 43:2 | |
| 5:22 6:5 6:11 7:5 7:7 12:23 15:6 | | | | **provide**(3) 7:22 22:21 28:16 | | **request**(7) 11:13 13:23 17:13 17:16 35:20 | |
| 35:22 48:9 48:11 48:19 49:1 49:6 50:15 | | **person**(5) 18:19 32:24 41:24 44:8 44:12 | | **provided**(1) 5:4 | | 36:25 37:1 | |
| | | **persona**(1) 3:44 | | **provisions**(1) 12:5 | | | |
| **orders**(2) 17:13 20:3 | | **personal**(1) 45:15 | | **psam**(2) 3:4 3:4 | | **requests**(1) 30:5 | |
| **organized**(2) 12:17 20:13 | | **persons**(10) 15:7 24:7 31:24 43:10 44:8 | | **punter**(1) 3:31 | | **required**(2) 23:17 24:13 | |
| **origin**(1) 24:11 | | 45:11 46:16 46:18 46:24 50:16 | | **purpose**(2) 8:22 36:22 | | **requirements**(1) 42:16 | |
| **original**(3) 5:5 13:23 50:10 | | | | **pursuant**(2) 7:16 8:3 | | **requires**(1) 15:6 | |
| **orleans**(1) 2:43 | | **perspective**(4) 28:8 28:15 32:7 35:16 | | **purview**(1) 15:1 | | **reservations**(3) 19:19 19:22 37:15 | |
| **other**(28) 5:14 10:15 10:18 10:23 17:7 | | **peters**(1) 3:8 | | **put**(6) 13:20 17:15 19:3 27:25 30:6 32:17 | | **resolution**(5) 9:5 19:1 36:20 36:20 41:2 | |
| 20:15 21:5 22:6 22:12 27:4 27:11 28:4 | | **philip**(1) 3:5 | | **qualms**(1) 36:14 | | **resolutions**(2) 39:25 40:4 | |
| 30:1 30:13 32:3 32:12 33:25 34:12 34:24 | | **phone**(2) 5:20 35:9 | | **question**(7) 12:20 20:9 24:4 26:10 39:2 | | **resolve**(1) 20:2 | |
| 35:8 35:17 43:20 44:3 45:15 47:20 48:7 | | **pick**(2) 24:25 44:4 | | 44:10 48:20 | | **resolved**(1) 18:8 | |
| 48:11 49:6 | | **pinker**(1) 2:19 | | | | **resources**(1) 23:16 | |
| **others**(1) 38:11 | | **place**(2) 20:3 43:20 | | **questionnaires**(1) 15:24 | | **respect**(5) 8:18 30:14 31:19 32:20 38:21 | |
| **otherwise**(4) 13:6 18:2 35:19 49:6 | | **plaintiffs**(1) 43:20 | | **questions**(4) 13:13 13:14 19:9 19:13 | | **respond**(2) 15:19 36:3 | |
| **ought**(2) 13:24 44:18 | | **plan**(6) 7:14 8:17 16:17 20:13 22:6 30:15 | | **quickly**(1) 46:10 | | **response**(3) 12:7 12:10 38:15 | |
| **our**(41) 4:20 4:24 11:7 11:22 12:2 17:13 | | **plans**(7) 7:11 7:12 7:16 7:17 7:23 8:2 | | **quite**(2) 13:8 20:14 | | **responses**(2) 4:12 18:15 | |
| 17:15 17:21 18:16 19:17 23:12 23:24 25: | | 8:19 9:7 9:9 25:1 27:14 28:22 | | **quote**(1) 49:11 | | **responsibilities**(1) 15:10 | |
| 28:7 28:8 31:17 32:12 32:14 32:17 32:22 | | | | **rafael**(2) 3:31 3:43 | | **rest**(1) 6:14 | |
| 32:23 32:23 32:25 33:4 33:6 33:7 33:20 | | **plays**(1) 12:20 | | **raise**(4) 43:5 43:11 43:16 49:5 | | **result**(1) 37:17 | |
| 33:22 35:6 35:16 35:20 36:15 36:16 34:8 | | **plaza**(1) 1:34 | | **raised**(1) 40:19 | | **results**(2) 9:16 52:2 | |
| 37:1 37:18 37:22 37:22 38:15 41:10 48:9 | | **pleadings**(3) 21:22 25:19 25:22 | | **rare**(1) 49:9 | | **retain**(3) 4:20 31:24 48:4 | |
| | | **please**(6) 4:2 4:4 30:7 50:5 50:7 50:25 | | **rather**(4) 7:4 7:5 19:25 49:17 | | **retained**(1) 47:21 | |
| **ourselves**(2) 25:24 28:21 | | **podium**(6) 6:13 13:1 17:10 21:2 36:2 36:5 | | **read**(4) 8:23 17:25 21:14 46:23 | | **retainer**(1) 18:18 | |
| **out**(7) 5:13 14:22 18:24 19:20 27:11 30:20 | | | | **reading**(1) 22:17 | | **retention**(1) 23:18 | |
| 49:12 | | | | **ready**(1) 8:9 | | **retired**(1) 24:12 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**retiree**(27) 6:22 7:12 7:16 7:22 8:1 8:3 8:17 8:19 8:20 8:22 9:7 10:20 12:2 12:14 14:14 15:20 16:4 16:10 22:6 26:17 31:18 32:20 33:6 39:20 39:25 44:12 46:4

**retiree's**(1) 24:7

**retirees**(29) 7:11 7:25 8:13 11:24 12:4 12:15 12:17 14:3 14:10 14:14 14:17 14:19 15:5 16:11 18:22 22:8 24:11 24:16 24:21 25:10 27:12 27:16 35:2 38:8 39:7 43:3 43:10 44:5 45:10

**reviewed**(2) 5:9 21:22
**richards**(1) 2:11
**right**(44) 4:13 5:6 6:15 7:24 9:17 10:12 11:15 12:18 12:11 15:22 16:13 20:20 21:6 22:24 25:13 25:15 26:3 29:22 30:2 31:14 32:16 33:18 34:1 35:23 37:8 38:10 39:16 39:16 40:7 41:11 41:16 41:17 41:19 42:5 45:6 45:6 46:4 47:18 50:7 50:11 50:14 50:22 51:5 51:24

**rights**(6) 22:9 24:11 24:15 25:10 25:11 25:14

**ripe**(1) 47:13
**rise**(5) 4:2 10:8 11:13 24:14 36:11
**risen**(1) 10:14
**road**(2) 24:1 25:3
**robert**(3) 3:43 13:3 41:20
**rodney**(1) 2:13
**role**(2) 12:3 31:8
**roughly**(1) 46:16
**rule**(1) 7:3
**ruling**(5) 7:18 46:3 47:24 49:22 50:1
**run**(1) 40:11
**ryan**(1) 3:31

**said**(12) 19:19 21:1 26:7 29:17 29:25 30:18 35:24 36:12 37:6 38:15 40:2 49:10

**same**(4) 21:18 24:20 25:1 47:7
**samis**(1) 2:12
**satisfactory**(1) 45:13
**satisfied**(2) 25:16 46:21
**savings**(1) 47:9
**say**(11) 8:7 10:8 11:13 19:16 26:12 33:23 35:14 44:4 46:1 47:10 48:17

**saying**(1) 26:11
**says**(1) 9:3
**scale**(1) 36:19
**schuylkill**(1) 1:41
**schwartz**(1) 1:24
**schweitzer**(25) 1:32 26:12 27:9 39:6 39:8 39:13 39:17 40:15 40:18 41:1 41:6 41:17 41:18 48:10 48:22 49:13 49:14 49:19 49:21 49:24 50:2 50:3 50:6 50:9 50:13

**scope**(19) 22:17 22:22 23:5 30:12 30:16 30:20 30:22 31:1 31:3 31:7 34:24 36:13 36:15 36:22 38:16 38:19 38:20 38:20 47:

**seat**(1) 36:17
**seated**(1) 4:4
**second**(4) 4:9 5:13 36:3 43:23
**secondary**(1) 48:2
**section**(11) 6:21 8:3 9:2 11:22 12:3 14:12 15:5 23:23 24:13 38:9 46:5

**see**(14) 4:4 6:16 10:2 10:3 13:5 18:20 24:10 24:17 29:19 31:15 31:21 32:6 32:10 34:19
**seek**(6) 8:2 8:5 8:17 8:21 31:14 38:11
**seeking**(2) 8:20 31:2
**seem**(2) 17:7 41:22
**seems**(2) 28:3 48:1
**seen**(3) 8:15 12:16 26:23
**sense**(4) 7:2 22:5 28:23 48:1
**sensitive**(1) 46:6
**sensitivity**(1) 45:1

**sensitized**(1) 46:25
**sent**(3) 13:15 14:22 15:23
**separate**(28) 14:8 14:16 18:1 23:24 28:5 28:16 28:23 30:4 30:12 30:21 31:9 32:4 32:5 34:4 34:13 34:23 37:19 37:25 39:11 42:21 43:1 43:12 44:8 46:8 46:11 46:11 46:21 48:23

**separately**(1) 28:23
**serve**(5) 18:5 18:9 20:17 44:25 51:8
**service**(2) 1:40 1:48
**services**(4) 1:40 22:17 23:22 23:17
**serving**(3) 15:7 15:17 15:25
**set**(4) 23:20 28:24 38:1 47:5
**sets**(2) 48:4 48:5
**setup**(1) 40:5
**seven**(1) 46:18
**several**(2) 19:5 43:25
**shall**(1) 9:3
**she**(3) 12:12 32:15 36:5
**short**(1) 31:9
**shorten**(1) 45:4
**shortly**(4) 48:17
**should**(9) 5:24 10:16 12:1 34:23 34:23 37:24 37:25 38:17 38:19

**showing**(1) 31:15
**sign**(3) 4:22 5:22 50:12
**signed**(2) 6:11 41:23
**significant**(1) 38:11
**signing**(2) 6:4 12:23
**similar**(3) 19:22 34:12 44:18
**simon**(1) 3:19
**simple**(1) 18:14
**simply**(5) 8:19 18:18 18:19 22:8 45:25
**since**(1) 8:11
**single**(1) 29:10
**sir**(5) 13:7 26:5 35:24 40:13 50:25
**sit**(2) 27:15 28:21
**sits**(1) 32:24
**sitting**(1) 32:18
**situation**(8) 9:9 24:25 25:7 26:11 26:21 27:3 27:7 29:9

**situations**(2) 27:11 34:12
**slightly**(4) 5:13 10:17 37:12 39:13
**slipped**(1) 16:21
**small**(4) 5:14 5:25 16:1 19:5
**sold**(1) 9:11
**solicitation**(1) 15:12
**solicited**(1) 15:20
**solution**(6) 28:14 28:17 29:2 29:5 40:22 45:13

**solved**(1) 46:14
**some**(37) 4:12 6:2 7:6 11:9 11:11 17:22 18:7 18:23 18:24 19:7 19:8 19:15 19:18 20:14 20:15 24:24 25:5 26:16 28:10 28:11 31:22 33:13 33:19 34:6 37:1 37:5 37:22 39:25 42:16 43:15 45:1 45:16 46:1 46:2 46:12 46:13 47:20

**somebody**(2) 47:21 49:10
**somehow**(2) 12:1 44:18
**someone**(2) 32:18 49:11
**something**(6) 9:16 20:2 21:4 23:13 26:11 42:13

**sometimes**(1) 27:18
**somewhat**(2) 12:17 26:16
**somewhere**(1) 13:24
**sorry**(3) 16:22 41:3 49:18
**sort**(9) 11:9 13:18 14:11 18:7 33:13 37:1 44:21 45:20 47:20

**sound**(2) 1:47 52:11
**sounds**(1) 30:9
**southall**(1) 3:31
**speak**(1) 51:10

**speaking**(3) 12:12 12:18 19:10
**specialty**(1) 26:16
**specific**(1) 12:3
**speed**(1) 32:8
**spent**(1) 45:17
**split**(1) 19:11
**square**(1) 2:13
**stake**(1) 34:8
**stand**(1) 52:4
**standard**(1) 27:24
**stargati**(1) 21:23
**start**(3) 4:19 25:2 26:11
**state**(2) 7:10 20:11
**statement**(2) 26:8 48:18
**states**(16) 1:1 1:19 11:20 11:21 15:8 17:11 21:11 21:25 23:10 29:20 44:3 44:6 44:23 46:15 46:19 51:9

**status**(1) 22:7
**statute**(5) 8:24 19:10 22:12 30:20 51:7
**statutes**(1) 23:24
**statutory**(3) 21:15 24:5 25:14
**steen**(3) 1:31 2:39 6:18
**still**(1) 42:16
**stole**(1) 49:11
**story**(1) 24:12
**strauss**(1) 10:5
**street**(6) 1:11 1:26 1:41 2:14 2:20 2:28
**strict**(1) 32:23
**strong**(1) 47:25
**structure**(1) 39:13
**sturm**(2) 2:5 29:14
**sub**(1) 45:1
**subgroup**(1) 44:22
**subgroups**(1) 44:9
**submission**(1) 50:15
**submit**(3) 48:8 48:11 48:11
**subsets**(1) 40:23
**substantive**(2) 8:18 40:3
**such**(2) 21:26 22:2
**suffice**(1) 8:7
**suggest**(1) 13:25
**suggested**(4) 12:23 28:2 31:10 47:5
**suggestion**(2) 28:7 47:25
**suggests**(1) 15:6
**supplemental**(1) 5:1
**supplied**(1) 15:18
**support**(9) 13:9 10:19 10:9 11:9 11:13 11:25 12:12 21:22 22:15 25:17 38:22 38:23 38:25

**supported**(1) 41:3
**supporting**(1) 45:16
**supportive**(3) 19:17 33:11 33:13
**suppose**(1) 47:25
**supposing**(1) 20:5
**sure**(17) 4:14 13:8 15:9 20:22 20:23 23:19 30:6 33:16 35:7 35:10 37:2 37:21 39:8 41:18 48:10 51:14 52:1

**surface**(1) 42:9
**surprising**(1) 30:18
**sustain**(1) 5:10
**sympathize**(1) 9:9
**system**(3) 40:5 41:23 42:2

**t**

**table**(5) 13:20 13:25 36:17 38:1 38:13
**tailored**(1) 23:1
**take**(7) 9:9 19:19 19:20 37:21 38:24 51:14 51:25
**taken**(2) 37:2 37:3
**taking**(1) 32:13
**talk**(3) 13:18 20:2 40:15
**talking**(2) 22:18 36:16
**tandem**(2) 22:5 25:3
**target**(1) 13:24
**tasked**(1) 30:24
**taxing**(1) 50:19
**taylor**(1) 2:25

**technical**(1) 49:14
**telephone**(2) 12:9 13:4
**telephonic**(2) 2:33 3:1
**tell**(3) 39:19 39:22 40:2
**term**(23) 6:25 7:11 7:13 11:7 11:23 12:21 16:17 20:6 21:25 22:7 22:20 23:2 24:6 24:19 25:10 26:21 27:5 27:12 31:11 32:21 43:3 46:17 50:15

**terminate**(2) 7:16 25:10
**termination**(3) 8:1 8:16 9:7
**terminations**(1) 30:15
**terms**(3) 7:16 37:11 43:25
**than**(8) 7:4 7:5 7:18 10:18 37:21 45:15 49:17 49:17

**thank**(57) 4:3 4:16 4:18 4:23 5:11 6:3 6:8 6:10 6:12 6:15 6:15 7:8 9:21 9:22 9:22 10:25 10:25 11:15 11:16 12:6 12:25 13:2 16:13 16:13 16:15 16:18 19:18 21:6 21:7 24:3 26:3 26:4 26:5 26:6 35:23 38:2 38:3 38:3 41:17 42:5 42:5 45:6 45:7 45:7 45:23 45:24 50:2 50:7 50:11 50:13 50:20 50:22 51:18 51:21 52:4 52:6

**that**(293) 4:15 4:20 4:22 4:23 4:25 5:18 6:5 7:3 7:7 7:7 7:17 7:19 7:23 8:7 8:8 8:25 9:6 9:11 9:14 9:16 9:18 10:8 10:9 10:14 10:16 10:19 11:13 11:24 11:25 12:2 12:4 12:25 13:18 13:19 13:24 14:5 14:5 14:9 14:11 14:16 14:18 15:3 15:4 15:7 15:9 15:9 15:18 16:11 17:11 17:15 17:24 18:4 18:7 18:8 18:14 18:18 19:3 19:5 19:5 19:8 19:8 19:13 19:16 19:18 19:18 19:24 20:3 20:12 20:15 20:16 20:16 20:17 20:24 21:1 21:21 22:2 22:4 22:4 22:6 22:12 22:18 22:19 22:22 23:1 23:3 23:5 23:6 23:14 23:15 23:22 23:22 23:24 24:1 24:7 24:15 24:18 24:21 24:24 24:24 25:3 25:4 25:4 25:16 26:10 26:13 26:14 26:17 26:23 26:24 27:2 27:5 27:8 27:8 27:8 27:8 27:10 28:12 28:16 28:16 28:23 29:4 29:6 29:7 29:10 29:10 29:18 29:24 29:24 30:3 30:5 30:6 30:10 30:12 30:13 30:15 30:17 30:17 30:19 30:21 30:22 30:23 30:23 30:25 31:1 31:3 31:11 31:12 31:13 31:15 31:16 31:16 31:20 31:22 31:22 31:23 32:6 32:6 32:14 32:17 32:22 32:23 33:8 33:9 33:11 33:15 33:16 33:16 33:23 33:23 34:2 34:3 34:3 34:14 34:14 34:20 34:24 34:25 35:3 35:5 35:7 35:7 35:14 35:17 35:20 35:21 35:22 35:7 35:7 35:14 35:17 35:20 35:21 35:22 36:12 36:16 36:23 37:1 37:2 37:4 37:6 37:9 37:12 37:13 37:14 37:17 37:17 37:20 37:21 37:22 37:25 38:8 38:14 38:18 38:19 38:21 38:25 39:3 39:9 39:18 39:18 39:22 40:4 40:10 40:13 40:20 40:24 41:6 41:8 41:15 41:15 41:25 42:4 42:8 42:10 42:12 42:20 43:2 43:5 44:5 44:6 44:7 44:13 44:14 44:15 44:18 44:20 44:21 44:22 44:23 44:23 45:9 45:14 45:22 46:1 46:7 46:11 46:18 46:20 46:21 47:1 47:3 47:4 47:5 47:8 47:8 47:11 47:12 47:12 47:14 47:15 47:17 47:20 47:22 48:1 48:8 48:14 48:18 48:25 49:9 49:10 49:11 49:11 49:16 50:8 50:10 50:19 51:7 51:14 51:25 52:1

**that's**(38) 4:8 6:15 15:16 2 17:23 19:23 20:8 20:20 21:14 21:20 25:6 25:12 27:11 29:1 29:16 30:22 32:10 34:1 34:2 34:16 34:21 34:22 35:6 35:9 37:20 38:1 41:11 41:16 42:18 43:22 44:9 44:12 45:20 46:5 46:20 47:4 48:20 50:9

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **the**(301) 1:1 1:2 1:18 1:23 2:4 2:27 4:2 4:3 4:6 4:8 4:9 4:10 4:13 4:16 4:21 4:22 5:1 5:2 5:2 5:6 5:9 5:9 5:9 5:10 5:10 5:14 5:15 5:16 5:18 5:19 5:20 5:21 5:22 5:24 6:2 6:6 6:8 6:11 6:11 6:13 6:14 6:14 6:15 6:17 6:19 6:21 6:23 6:24 7:2 7:4 7:5 7:6 7:8 7:9 7:9 7:10 7:12 7:12 7:13 7:15 7:16 7:16 7:18 7:18 7:20 7:21 7:22 7:23 7:23 7:24 7:25 8:1 8:1 8:2 8:2 8:4 8:5 8:7 8:8 8:8 8:9 8:10 8:10 8:12 8:15 8:16 8:16 8:16 8:17 8:18 8:18 8:19 8:21 8:22 8:23 8:23 9:1 9:3 9:5 9:6 9:7 9:8 9:11 9:11 9:12 9:13 9:14 9:17 9:19 9:22 9:23 10:1 10:3 10:4 10:5 10:9 10:12 10:15 10:21 10:24 10:25 11:4 11:5 11:7 11:12 11:13 11:14 11:15 11:17 11:20 11:21 11:21 11:22 11:23 11:24 11:25 12:4 12:6 12:8 12:8 12:11 12:12 12:13 12:15 12:15 12:17 12:20 12:20 12:21 12:21 12:23 13:1 13:2 13:4 13:5 13:9 13:11 13:15 13:17 13:20 13:20 13:21 13:21 13:22 13:23 13:25 14:1 14:2 14:3 14:3 14:4 14:6 14:7 14:10 14:10 14:10 14:11 14:14 14:17 14:18 14:19 14:21 14:22 14:23 14:24 14:25 15:1 15:3 15:4 15:5 15:6 15:8 15:8 15:14 15:15 15:22 16:3 16:3 16:4 16:8 16:11 16:13 16:15 16:19 16:21 17:2 17:7 17:10 17:10 17:11 17:14 17:15 17:16 17:17 17:20 17:21 17:22 17:23 17:25 18:1 18:2 18:5 18:9 18:9 18:12 18:13 18:15 18:16 18:18 18:20 19:1 19:4 19:6 19:7 19:10 19:13 19:16 19:16 19:20 19:25 20:6 20:8 20:11 20:20 20:22 21:2 21:3 21:5 21:6 21:8 21:9 21:11 21:13 21:14 21:17 21:18 21:20 21:21 21:22 21:22 21:24 21:25 21:25 22:1 22:3 22:5 22:6 22:7 22:7 22:10 22:14 22:16 22:16 22:17 22:18 22:19 22:22 22:24 22:25 23:1 23:1 23:2 23:4 23:5 23:6 23:6 23:8 23:9 23:10 23:11 23:11 23:12 23:16 23:18 24:2 24:4 24:5 | | **the**(301) 24:9 24:14 24:15 24:16 24:18 24:20 24:20 24:22 24:23 25:1 25:3 25:4 25:8 25:9 25:9 25:10 25:13 25:15 25:16 25:17 25:20 25:22 25:25 26:3 26:5 26:7 26:10 26:15 26:19 26:19 26:21 26:23 27:1 27:4 27:7 27:9 27:18 27:20 27:24 27:24 27:25 28:2 28:4 28:6 28:9 28:10 28:10 28:14 28:15 28:15 28:18 28:20 28:21 29:4 29:8 29:9 29:12 29:14 29:15 29:17 29:19 29:21 29:22 29:24 30:1 30:2 30:5 30:6 30:6 30:7 30:8 30:10 30:12 30:15 30:16 30:17 30:19 30:19 30:20 30:24 30:24 31:3 31:4 31:5 31:5 31:10 31:11 31:11 31:14 31:17 31:18 31:19 31:20 31:22 32:2 32:6 32:7 32:7 32:9 32:10 32:11 32:14 32:16 32:19 32:20 32:21 33:1 33:1 33:2 33:2 33:3 33:3 33:3 33:4 33:11 33:12 33:14 33:18 33:25 34:1 34:3 34:6 34:8 34:10 34:10 34:17 34:20 34:22 35:2 35:3 35:4 35:7 35:8 35:9 35:12 35:14 35:15 35:15 35:17 35:18 36:2 36:5 36:13 36:15 36:17 36:19 36:22 36:22 37:6 37:8 37:11 37:13 37:16 37:20 38:1 38:1 38:3 38:7 38:8 38:10 38:11 38:12 38:13 38:14 38:14 38:15 38:16 38:16 38:17 38:18 38:19 38:20 38:22 38:23 38:24 38:24 39:2 39:5 39:7 39:9 39:11 39:15 39:15 39:19 39:18 40:20 40:21 40:25 41:1 41:2 41:3 41:3 41:4 41:5 41:8 41:11 41:13 41:14 41:7 41:19 41:21 41:24 42:1 42:5 42:7 42:8 42:9 42:9 42:10 42:11 42:12 42:15 42:16 42:17 42:17 42:18 42:18 42:19 42:21 42:22 43:1 43:2 43:3 43:3 43:6 43:7 43:8 43:8 43:9 43:19 43:20 43:21 43:22 43:22 43:23 44:2 44:3 44:3 44:5 44:6 44:6 44:7 44:10 44:14 44:15 44:17 44:20 44:22 44:22 45:1 45:4 45:6 45:8 45:10 45:11 45:11 45:17 45:18 45:19 45:21 45:24 46:7 46:4 46:6 46:12 46:13 46:13 46:14 46:15 46:17 46:19 46:19 46:22 46:23 46:23 46:25 47:1 47:4 47:4 47:6 47:7 47:11 **the**(71) 47:12 47:18 47:22 47:24 48:2 48:5 48:5 48:7 48:14 48:18 48:19 48:19 48:20 48:21 48:22 48:23 48:25 49:1 49:1 49:4 49:6 49:8 49:13 49:15 49:15 49:16 49:16 49:18 49:19 49:20 49:23 49:24 50:1 50:4 50:5 50:7 50:8 50:10 50:11 50:14 50:15 50:19 50:20 50:23 51:1 51:5 51:5 51:6 51:6 51:7 51:7 51:8 51:9 51:9 51:9 51:10 51:12 51:17 51:19 51:21 51:22 52:1 52:2 52:4 52:7 52:10 52:11 52:11 52:12 **their**(33) 5:4 7:10 9:9 9:11 9:12 10:19 12:4 12:18 12:19 15:17 15:19 16:10 19:3 20:12 20:18 21:3 22:9 24:11 24:21 32:5 33:13 34:11 36:19 37:14 38:8 40:7 40:8 40:19 46:25 46:25 47:2 48:11 **them**(10) 14:23 15:18 15:24 19:2 19:18 20:14 24:11 27:25 28:11 34:11 **themselves**(1) 22:3 **then**(13) 9:20 17:9 20:1 21:3 30:4 31:21 32:19 38:24 41:24 44:7 46:1 50:3 50:12 **there**(52) 7:6 11:9 12:1 15:13 15:25 18:7 18:13 18:24 19:4 19:7 20:15 20:18 21:19 22:11 23:14 23:15 23:15 23:23 23:24 24:13 24:14 24:17 27:11 27:12 27:14 27:15 27:21 29:16 30:12 31:22 31:24 32:18 33:5 34:23 36:15 37:1 37:5 37:19 39:24 39:25 40:18 41:13 41:23 42:12 43:15 43:15 43:24 44:4 44:11 46:16 50:23 **there's**(11) 11:9 18:23 18:24 19:15 21:15 22:18 25:14 28:20 30:21 44:17 50:18 | | **therefore**(2) 8:2 27:6 **these**(16) 7:21 7:24 19:15 26:9 27:22 27:23 28:22 31:8 34:24 37:2 39:23 42:11 42:13 45:8 46:9 48:3 **they**(40) 9:14 15:18 18:10 19:18 22:4 22:5 22:8 22:11 24:12 24:20 25:2 25:6 25:10 26:24 27:8 31:14 32:4 33:15 33:20 33:21 33:22 33:23 34:13 38:7 39:11 39:14 39:17 39:19 39:21 40:6 41:2 41:23 42:2 43:5 43:18 44:5 44:18 44:18 44:25 50:6 **they're**(8) 15:25 16:11 18:25 28:13 29:21 39:3 42:20 43:19 **they've**(4) 19:2 19:19 23:6 42:3 **thing**(4) 13:18 13:20 22:3 38:14 **things**(5) 34:24 36:12 36:23 36:23 39:9 **think**(71) 6:4 11:10 11:11 12:13 12:14 14:9 14:16 14:18 15:4 16:19 17:6 17:12 17:23 18:7 18:15 18:25 19:8 19:13 19:14 19:22 19:25 21:1 23:4 23:6 24:21 25:11 25:18 26:7 26:16 28:8 29:4 29:17 30:1 30:8 30:10 30:18 31:12 32:13 32:17 33:8 33:19 34:2 34:16 34:18 34:20 34:22 37:3 37:12 37:22 37:24 38:7 38:16 44:9 44:14 44:21 45:9 46:9 46:11 46:14 46:20 46:23 47:4 47:5 47:8 47:21 48:21 49:3 49:10 49:21 50:18 51:13 **thinks**(1) 32:15 **third**(1) 7:18 **this**(74) 5:19 5:20 7:23 8:2 8:14 8:19 8:21 9:10 9:10 9:14 10:8 10:10 10:16 10:22 11:8 11:10 13:3 13:9 13:12 13:12 13:14 13:16 13:21 14:16 14:18 14:21 17:8 17:15 17:20 17:24 18:11 18:14 19:2 19:13 19:23 20:1 20:17 22:19 23:19 24:2 25:22 27:3 28:1 28:3 28:9 29:9 29:10 29:18 31:2 31:6 31:7 31:9 33:9 33:12 33:15 34:4 34:4 34:22 34:24 36:22 37:3 37:11 39:4 39:22 41:20 44:2 45:4 45:9 45:15 49:21 50:8 50:22 **thomas**(1) 3:24 **thorne**(1) 2:44 **those**(41) 6:7 7:1 7:1 7:17 8:15 9:8 12:5 15:9 16:1 16:12 19:13 20:24 21:16 22:4 23:3 27:13 27:15 29:7 29:8 33:9 33:16 34:8 34:9 34:10 34:19 35:1 35:5 35:21 35:22 36:23 41:21 41:22 43:11 44:9 44:2 44:23 44:25 45:1 46:14 47:8 50:21 **though**(7) 13:20 17:19 18:10 19:2 19:14 20:11 47:11 **thought**(5) 7:2 31:14 34:3 36:15 47:12 **three**(1) 5:2 **through**(10) 6:7 6:14 9:14 19:24 21:4 28:9 28:18 44:3 46:2 46:11 **throughout**(1) 7:21 **tied**(1) 43:20 **time**(20) 6:6 8:2 8:20 9:10 10:9 13:9 16:20 20:14 23:19 24:20 32:16 33:12 34:4 36:23 40:4 40:5 40:9 42:18 45:17 52:1 **timeframe**(1) 31:9 **times**(1) 27:18 **timing**(1) 17:14 **tinker**(41) 11:17 11:19 11:20 12:6 15:10 15:11 15:23 16:6 16:9 16:14 17:10 17:19 21:2 21:8 21:9 21:9 21:15 21:23 22:18 22:25 23:9 24:4 24:8 24:10 25:9 25:14 25:18 25:21 26:1 26:3 26:4 28:11 30:10 30:18 36:18 37:17 47:13 48:3 50:20 50:22 51:10 **tinker's**(1) 47:25 **today**(2) 22:18 50:18 | | **together**(4) 27:13 27:15 28:24 44:19 **too**(1) 50:19 **took**(1) 6:6 **top**(1) 40:3 **total**(4) 18:13 32:11 36:14 49:16 **totally**(1) 44:15 **touch**(1) 41:21 **touched**(1) 46:24 **tough**(1) 19:9 **transcript**(3) 1:17 1:48 52:11 **transcription**(2) 1:40 1:48 **transpire**(1) 18:20 **treated**(2) 22:12 29:21 **trustee**(25) 2:18 2:18 11:20 11:21 13:15 14:22 15:8 17:7 17:16 21:10 21:11 21:25 23:10 32:14 34:17 44:3 44:7 44:7 44:23 45:4 46:15 46:19 47:12 47:12 51:9 **trustee's**(1) 32:11 **try**(5) 13:8 20:2 31:24 36:5 50:18 **trying**(2) 42:18 46:10 **tuesday**(1) 4:1 **tunnell**(2) 1:23 4:7 **turley**(1) 4:21 **turn**(3) 6:13 17:10 21:2 **tweed**(1) 3:23 **two**(16) 10:10 15:13 17:13 19:12 20:3 25:3 25:4 25:12 28:23 31:24 33:24 42:13 42:15 42:19 48:4 48:5 **type**(2) 22:4 33:12 **types**(1) 39:23 **u.s**(13) 2:18 2:18 13:15 14:22 17:16 21:10 32:11 34:17 39:15 45:4 45:18 45:20 47:11 **ultimately**(3) 7:19 28:16 29:1 **unchanged**(1) 50:10 **under**(28) 6:21 7:10 7:22 8:16 8:18 8:22 9:2 12:3 12:5 14:12 19:10 21:15 21:16 22:12 23:23 24:1 24:13 27:7 27:18 28:1 28:3 28:5 29:25 30:13 35:18 38:9 48:9 48:12 **understand**(15) 7:8 11:24 22:6 24:18 24:24 25:2 28:10 29:9 32:6 32:14 37:13 38:21 39:5 43:14 44:16 **understanding**(1) 22:17 **understands**(1) 35:8 **unfold**(1) 31:10 **unique**(9) 26:13 27:4 27:22 27:23 29:18 38:7 42:22 44:11 44:17 **united**(17) 1:1 1:19 11:20 11:21 15:8 17:11 21:11 21:25 23:10 29:19 39:5 44:3 44:6 44:23 46:15 46:19 51:9 **unsecured**(11) 3:20 13:23 14:3 14:7 14:15 15:2 16:4 16:12 22:22 30:25 41:5 **until**(2) 7:5 12:23 **unusual**(1) 26:25 **upon**(2) 22:1 31:15 **use**(3) 31:25 36:19 40:6 **used**(1) 22:13 **usually**(2) 31:25 36:4 **valuable**(1) 20:17 **various**(3) 16:17 21:22 42:12 **versus**(1) 22:12 **very**(22) 5:21 6:2 12:3 13:10 13:12 13:21 17:2 17:2 17:9 17:17 33:13 34:4 41:6 41:22 42:2 42:10 43:17 45:3 45:18 45:19 49:8 51:7 **vetted**(1) 48:12 **view**(8) 11:22 12:2 22:4 22:19 23:12 23:24 25:4 31:7 **violent**(1) 30:9 **vis-a-vis**(1) 17:14 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|
| **visteon**(1) 7:18 | | **will**(31) 5:10 8:6 9:8 9:15 10:10 10:15 | | **you**(152) 4:3 4:4 4:16 4:18 4:23 5:9 5:11 | |
| **voice**(1) 33:16 | | 12:19 13:1 14:16 15:7 15:9 15:18 19:16 | | 5:15 5:18 5:24 6:3 6:4 6:7 6:8 6:10 6:12 | |
| **wait**(2) 18:19 46:2 | | 20:11 24:14 28:19 32:4 32:15 34:9 34:13 | | 6:15 6:15 6:16 7:8 9:1 9:15 9:21 9:22 | |
| **waiting**(1) 14:11 | | 35:1 36:11 37:23 38:25 43:9 43:10 43:10 | | 9:22 10:2 10:3 10:25 10:25 11:3 11:4 | |
| **want**(18) 4:14 11:12 14:4 19:3 24:19 25:2 | | 46:12 50:14 51:14 51:25 | | 11:15 11:16 12:6 12:22 12:25 13:2 13:11 | |
| 25:10 33:15 34:19 36:16 36:17 37:2 41:2 | | | | 14:8 14:9 15:18 16:3 16:9 16:13 16:13 | |
| 42:3 42:10 42:12 42:14 48:10 | | **williams**(1) 5:3 | | 16:15 16:23 16:23 17:2 19:9 20:2 20:9 | |
| | | **willing**(3) 8:9 20:16 20:21 | | 21:6 21:7 23:25 24:2 24:3 24:4 24:5 | |
| **wanted**(8) 10:14 13:20 30:5 35:7 36:3 | | **wilmington**(6) 1:12 1:28 2:15 2:21 2:30 | | 24:24 25:6 25:16 25:22 25:23 26:3 26:4 | |
| 36:11 49:5 49:24 | | **winding**(1) 9:12 | | 26:5 26:6 26:7 26:13 27:11 27:12 27:14 | |
| | | **wires**(1) 2:49 | | 27:14 27:17 27:17 27:23 27:24 28:12 | |
| **wanting**(3) 31:6 32:19 35:10 | | **wish**(3) 12:9 13:19 52:1 | | 28:13 29:2 29:4 29:10 29:19 29:24 30:3 | |
| **wants**(2) 37:21 47:13 | | **wishes**(1) 43:16 | | 30:14 31:17 32:8 32:9 32:14 32:15 32:22 | |
| **was**(23) 4:11 4:19 4:20 4:24 12:12 13:6 | | **with**(104) 4:19 5:2 5:7 5:16 7:2 7:25 8:9 | | 33:8 33:19 33:20 34:3 34:16 34:16 34:25 | |
| 13:23 14:11 14:11 15:12 17:15 21:12 | | 8:10 8:10 8:18 8:20 8:21 8:25 9:9 10:15 | | 35:7 35:17 35:21 35:23 37:10 38:2 38:3 | |
| 26:25 30:20 32:17 34:3 36:16 36:18 37:15 | | 10:17 10:22 10:24 11:11 12:21 13:11 15:2 | | 38:3 39:2 39:4 39:6 39:9 40:2 40:10 | |
| 45:25 50:8 50:22 52:7 | | 15:16 17:7 17:21 17:22 17:23 18:1 18:10 | | 40:13 40:21 41:2 41:8 41:17 42:5 42:5 | |
| | | 18:17 19:1 20:9 21:5 21:12 22:1 22:5 | | 42:19 42:19 43:12 43:25 45:4 45:6 45:7 | |
| **wasn't**(1) 47:12 | | 22:16 22:18 23:9 23:18 23:22 24:19 24:20 | | 45:7 45:15 45:23 45:24 46:1 47:15 48:22 | |
| **way**(14) 21:18 26:10 27:25 28:4 30:1 | | 24:22 25:3 25:12 28:3 28:9 28:14 28:23 | | 50:2 50:5 50:7 50:11 50:13 50:22 51:10 | |
| 35:14 39:15 40:1 42:14 43:6 43:24 44:2 | | 29:2 29:8 29:14 29:24 30:6 30:14 30:24 | | 51:13 51:13 51:17 51:18 51:21 51:24 52:1 | |
| 44:9 49:12 | | 31:4 31:18 32:20 33:12 34:23 35:1 36:15 | | 52:4 52:5 52:6 | |
| **we'd**(2) 32:6 35:19 | | 36:18 37:10 37:12 37:12 38:6 38:15 38:16 | | | |
| **we'll**(5) 10:23 36:6 43:8 50:17 52:4 | | 38:21 38:24 38:25 39:6 39:6 40:7 41:5 | | **you're**(6) 9:23 21:19 25:16 29:25 39:5 | |
| **we're**(18) 10:19 11:10 19:20 24:2 27:7 | | 41:10 41:15 41:21 41:24 42:23 43:6 43:1 | | **young**(2) 2:25 3:15 | |
| 27:10 28:17 31:16 31:20 32:13 33:8 34:5 | | 43:20 44:10 44:18 45:1 45:4 47:3 47:11 | | **your**(90) 4:6 4:14 4:18 4:23 4:25 5:12 6:5 | |
| 34:14 34:14 34:24 45:21 46:9 48:17 | | 47:11 47:15 47:15 47:16 47:22 48:5 48:12 | | 6:12 6:17 6:20 7:3 7:4 8:14 8:25 9:4 | |
| | | 48:14 48:22 50:8 50:21 51:10 | | 9:21 9:25 10:7 10:24 11:2 11:10 11:19 | |
| **we've**(5) 12:16 15:24 21:21 31:4 48:12 | | | | 12:25 13:3 13:5 13:19 14:20 15:11 15:11 | |
| **weeks**(1) 17:20 | | **withdrew**(1) 7:19 | | 16:6 16:15 16:18 17:2 17:5 17:13 17:25 | |
| **welfare**(1) 7:12 | | **within**(4) 27:21 41:14 43:7 51:8 | | 19:20 19:23 19:23 21:1 21:7 21:9 24:3 | |
| **well**(53) 5:21 8:10 12:11 13:16 14:1 14:17 | | **without**(1) 7:19 | | 26:4 26:6 26:7 26:8 29:1 29:23 31:7 34:2 | |
| 15:3 17:16 20:5 21:24 23:5 26:6 26:19 | | **won't**(2) 24:23 33:9 | | 35:13 35:14 35:19 35:20 35:21 35:25 36:8 | |
| 28:25 30:10 30:18 33:14 34:20 35:3 35:16 | | **word**(1) 13:8 | | 37:10 37:20 38:5 38:12 38:25 39:8 41:9 | |
| 35:24 36:18 38:25 42:7 42:22 44:2 46:4 | | **words**(3) 19:3 30:13 44:4 | | 41:16 41:20 42:8 43:14 43:14 44:16 45:3 | |
| 47:22 48:7 49:8 51:5 51:24 52:1 | | **work**(7) 6:8 21:4 37:25 45:3 47:6 49:10 | | 45:4 45:25 46:3 47:10 47:22 49:9 | |
| | | 50:17 | | 49:12 49:14 49:22 50:9 50:13 50:17 50:24 | |
| **were**(15) 15:12 17:20 18:10 19:4 24:5 | | | | 51:12 51:19 51:22 52:6 | |
| 24:12 26:22 27:4 33:6 33:7 33:20 35:19 | | **worked**(1) 49:12 | | | |
| 37:5 37:19 40:12 | | **working**(4) 4:9 20:14 38:6 48:5 | | **zahralddin**(37) 11:2 11:5 11:6 11:16 13:1 | |
| | | **would**(56) 7:2 13:25 14:5 14:15 18:6 18:8 | | 16:14 16:15 16:16 16:22 16:23 17:1 17:5 | |
| **weren't**(1) 27:4 | | 18:9 18:20 18:21 18:25 19:1 19:3 19:5 | | 17:18 18:4 18:6 18:13 20:7 20:9 20:11 | |
| **west**(1) 2:28 | | 19:14 20:23 22:5 22:11 22:25 23:22 24:11 | | 20:21 20:23 21:7 35:25 36:1 36:2 36:9 | |
| **what**(30) 13:14 13:16 13:17 14:9 15:24 | | 25:11 25:11 25:23 27:5 27:6 28:1 29:5 | | 36:11 37:9 38:4 45:25 47:10 47:19 48:7 | |
| 16:2 17:5 17:23 18:20 23:20 26:7 26:10 | | 29:6 29:7 30:21 31:2 31:7 31:13 31:14 | | 48:15 49:2 49:9 50:17 | |
| 27:2 27:10 28:19 29:5 29:19 32:10 33:19 | | 31:15 31:21 32:10 33:21 35:13 35:21 | | | |
| 34:21 36:21 37:4 38:7 38:12 39:3 42:19 | | 36:25 37:1 37:14 37:17 37:18 40:22 44:7 | | **zahralddin's**(2) 38:22 38:23 | |
| 46:8 50:8 51:5 51:5 | | 46:16 46:24 47:6 47:20 48:14 48:17 49:22 | | | |
| | | 51:10 51:13 | | | |
| **what's**(3) 20:10 27:22 39:6 | | | | | |
| **when**(9) 11:12 12:12 15:11 23:10 26:12 | | **wouldn't**(2) 33:22 33:24 | | | |
| 26:15 26:23 44:17 44:23 | | **written**(1) 17:16 | | | |
| | | **wunder**(1) 3:40 | | | |
| **where**(11) 13:8 24:25 25:9 26:21 27:11 | | **www.diazdata.com**(1) 1:44 | | | |
| 27:14 27:15 29:10 32:24 35:11 40:19 | | **yeah**(4) 27:1 40:15 40:17 49:3 | | | |
| | | **year**(1) 28:18 | | | |
| **whereby**(1) 41:23 | | **years**(1) 45:16 | | | |
| **whereupon**(1) 52:7 | | **yes**(42) 4:10 4:22 6:23 7:20 8:12 8:25 9:5 | | | |
| **whether**(18) 10:10 18:21 19:9 19:10 21:19 | | 14:25 15:11 16:3 17:17 18:12 21:14 21:17 | | | |
| 23:13 23:20 28:22 28:24 29:1 32:12 38:5 | | 22:14 23:8 23:25 24:8 24:10 25:20 26:20 | | | |
| 41:1 42:3 42:13 42:15 44:14 48:17 | | 27:20 29:15 30:7 32:2 35:4 35:24 40:13 | | | |
| | | 41:9 43:21 44:20 45:24 48:24 49:4 49:20 | | | |
| **which**(29) 4:11 4:19 4:24 8:6 8:23 11:10 | | 50:9 50:17 50:24 50:25 51:2 51:11 52:3 | | | |
| 11:11 13:15 14:9 16:10 18:9 19:19 19:24 | | | | | |
| 21:16 22:10 24:14 26:12 28:3 28:12 29:6 | | **yesterday**(2) 4:20 5:18 | | | |
| 29:25 30:11 30:17 31:25 35:1 36:21 38:16 | | **yet**(3) 15:21 22:9 47:13 | | | |
| 41:5 47:21 | | **york**(2) 1:35 2:8 | | | |
| | | | | | |
| **whichever**(1) 42:14 | | | | | |
| **while**(3) 17:20 19:7 35:13 | | | | | |
| **who**(23) 9:8 15:7 16:1 18:16 20:12 20:13 | | | | | |
| 20:18 21:24 23:2 26:24 32:24 32:25 33:4 | | | | | |
| 34:7 34:9 34:9 34:11 34:12 35:8 35:11 | | | | | |
| 46:16 46:23 51:8 | | | | | |
| | | | | | |
| **who's**(3) 23:19 41:24 47:7 | | | | | |
| **whole**(5) 11:10 13:21 28:18 31:9 42:18 | | | | | |
| **why**(9) 10:13 19:23 19:24 25:2 34:2 34:16 | | | | | |
| 34:22 35:9 51:13 | | | | | |