# UNITED STATES BANKRUPTCY COURT

District of Delaware

In re Nortel Networks Inc., et al._____,          Case No. 09-10138

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).
Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of
the transfer, other than for security, of the claim referenced in this evidence and notice.

Martingale Road LLC_____          Woodfield Holdings PT, LLC____
Name of Transferee                   Name of Transferor

Name and Address where notices to transferee          Court Claim # (if known): 6983
should be sent:                                        Amount of Claim: $537,823.01
    Kelley Drye & Warren LLP                   Date Claim Filed: January 26, 2010
    Attn: Andrew Pillsbury
    333 West Wacker Dr., Suite 2600
    Chicago, IL 60606

Phone: 312-857-7086____          Phone: _____
Last Four Digits of Acct#: _____          Last Four Digits of Acct. #: _____

Name and Address where transferee payments
should be sent (if different from above):

Phone: Same as Above_____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct
to the best of my knowledge and belief.
Martingale Road LLC
By NYLIFE Real Estate Holdings LLC, its member,

By: _____          Date: 6 - 20 - 2011_____
    Daniel W. Davitt
    Vice President
*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

CH01258355.1
324228 v.1

Form 210B (12/09)

# United States Bankruptcy Court

# District Of Delaware

In re <u>Nortel Networks Inc., et al.,</u>                    Case No. 09-10130

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. 6983 (if known) was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on 6/22/11 (date).

<u>Woodfield Holdings PT, LLC</u>                              <u>Martingale Road LLC</u>
Name of Alleged Transferor                               Name of Transferee

Address of Alleged Transferor:                           Address of Transferee:

Jenner & Block LLP                                       Kelley Drye & Warren LLP
Attn: Michael S. Terrien and Michelle McAtee             Attn: Andrew Pillsbury
353 N. Clark Street                                      333 West Wacker Dr., Suite 2600
Chicago, IL 60654-3456                                   Chicago, IL, 60606
312-222-9350                                             312-857-7086

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____    _____

**CLERK OF THE COURT**

CH01/IFFLK/258357.1

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

NEW YORK LIFE INSURANCE COMPANY,    )
                                         )
               Plaintiff,         )
                                         )    Case No. 10 CH 20046
v.                                    )
                                       )    Judge Jesse G. Reyes
WOODFIELD HOLDINGS PT, LLC,        )
UNKNOWN OWNERS, AND NON-RECORD   )
CLAIMANTS,                     )
                                       )
            Defendants.      )

Doc#: 1034734066 Fee: $46.00
Eugene "Gene" Moore RHSP Fee:$10.00
Cook County Recorder of Deeds
Date: 12/13/2010 02:07 PM Pg: 1 of 6

**JUDGMENT OF CONSENT FORECLOSURE**

THIS MATTER coming to be heard on Plaintiff New York Life Insurance Company's

Agreed Motion for Judgment of Consent Foreclosure ("Motion") with respect to the property

which is the subject of Plaintiff's Verified Complaint For Foreclosure, Appointment of Receiver

and For Other Relief ("Verified Complaint") and which has the common address 425-475 N.

Martingale Road, Schaumburg, Illinois ("Property"), due notice of the Motion having been given

and the Court having jurisdiction over the parties and subject matter and being fully advised of

the premises, now finds that the Motion should be GRANTED and further finds as follows:

1.      On May 10, 2010, Plaintiff New York Life Insurance Company ("Plaintiff" or

"Mortgagee") filed its Verified Complaint to foreclose a mortgage as the result of an alleged

default by Defendant Woodfield Holdings PT, LLC ("Defendant" or "Mortgagor"). The

mortgage that is attached to the Verified Complaint was dated December 4, 2007, was signed

and executed by Defendant ("Mortgage"). The Mortgage secures a promissory note dated

December 4, 2007, which is attached to the Complaint, signed by Defendant in the principal

amount of $70,100,000 ("Note"). Count I of the Verified Complaint seeks foreclosure of the

465245   10F1 0EC

mortgaged real property ("Property") and Count II of the Verified Complaint seeks foreclosure of the mortgaged personal property related to the real property ("Personalty").

2.      A legal description of the Property is attached hereto as Exhibit A.

3.      The Property is not "residential real estate" as that term is defined in Section 15-1219 of the Illinois Mortgage Foreclosure Law, 735 ILCS 5/15-1219.

4.      In the Mortgage, Mortgagor has waived its right to redemption and has waived its right to reinstatement.

5.      In accordance with 735 ILCS 5/15-1502 and 5/2-413, Plaintiff filed the requisite affidavit for notice of foreclosure by publication to all Non-Record Claimants and all Unknown Owners.

6.      In accordance with 735 1LCS 5/15-1502, 5/2-206, and 5/2-207, a notice of foreclosure by publication was published in the Chicago Daily Law Bulletin on May 13, 2010 and May 27, 2010.

7.      No Non-Record Claimants and/or Unknown Owners have appeared or otherwise responded to the Verified Complaint in the Foreclosure Action.

8.      No person or entity against whom judgment is sought has answered or otherwise pleaded, or asserted a defense to the matters alleged in the Verified Complaint.

9.      Pursuant to 735 ILCS 5/15-1402(a)(1), Plaintiff has offered to waive any and all rights to a personal judgment for deficiency against the mortgagor, or for the performance of any other obligations secured by the mortgage, and against all other persons liable for the indebtedness or other obligations secured by the mortgage.

10.      Defendant has accepted Plaintiff's offer and consented to the entry of a judgment of foreclosure of the Property pursuant to 735 ILCS 5/15-1402.

11.     Defendant also has agreed to turn over all Personalty owned by Defendant and in its possession to Plaintiff.

12.     Plaintiff has requested, and Defendant has agreed, that title to the Property and Personalty vest in Martingale Road LLC in place of Plaintiff.

13.     No party or entity against whom judgment is sought has filed an objection to the entry of the consent judgment of foreclosure.

14.     The Mortgage constitutes a valid lien upon the Property which is prior, paramount and superior to the rights and interests of all other parties in and to the Property.  The rights, title, interest, claims and/or liens of all other parties in and to the Property (including, but not limited to, Woodfield Holdings PT, LLC, Unknown Owners and Nonrecord Claimants) are subject, subordinate and inferior to the rights of Plaintiff and shall be terminated upon the entry of judgment and foreclosure herein.

**IT IS HEREBY ORDERED:**

1.     Judgment of foreclosure is entered in favor of Plaintiff New York Life Insurance Company and against Woodfield Holdings PT, LLC, Unknown Owners and Nonrecord Claimants.

2.     Title to the Property described in Exhibit A is absolutely and immediately vested in Martingale Road LLC free and clear of all claims, liens (except liens of the United States of America) and interest of the Mortgagor and of all other persons and all nonrecord claimants, including all rights of reinstatement and redemption.

3.     Plaintiff has waived and is barred from obtaining any and all rights to a personal judgment for deficiency against the Mortgagor or any other person liable for the indebtedness or other obligations secured by the Mortgage.

4.    The rights and interests of all other parties and of all subordinate lien interests, including but not limited to those of Woodfield Holdings PT, LLC, Unknown Owners and Nonrecord Claimants, in the Property and Personalty are hereby terminated. This includes termination of the right to redeem or to object to the consent judgment.

5.    Martingale Road LLC is granted immediate possession of the Property and Personalty.

6.    This document, by itself, shall be sufficient to convey absolute title to the Property and Personalty to Martingale Road LLC pursuant to the terms of this Judgment, and to convey to Martingale Road LLC all of Mortgagor's interest in and to any and all current or former leases relating to the Property. This document may be recorded by the Cook County Recorder of Deeds.

7.    Daniel Hyman of Millennium Properties, appointed by this Court on July 13, 2010 to act as receiver, is hereby discharged as receiver. Any monies, records or other property held by Mr. Hyman in connection with his receivership shall be turned over forthwith to Martingale Road LLC.

8.    This judgment of foreclosure is final and disposes of all counts contained in Plaintiff's Verified Complaint.

So ordered and approved on this ___ day of _____, 2010

Entered:

_____
Judge

ENTERED
JUDGE JESSE REYES - 1753

DEC 1 3 2010

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY

- 4 -

## SCHEDULE A

## LEGAL DESCRIPTION

PARCEL 1:
LOT 1 IN WOODFIELD FOUR, BEING PRUDENTIAL SUBDIVISION, A RESUBDIVISION
OF LOTS 2 AND 3 IN WOODFIELD CORPORATE CENTER, BEING A SUBDIVISION IN
THE EAST 1/2 OF THE SOUTHEAST 1/4 OF SECTION 13 AND THE EAST 1/2 OF THE
NORTHEAST 1/4 OF SECTION 24, TOWNSHIP 41 NORTH, RANGE 10, EAST OF THE
THIRD PRINCIPAL MERIDIAN; TOGETHER WITH UNSUBDIVIDED LAND ADJACENT
TO SAID LOTS 2 AND 3, ALL IN COOK COUNTY, ILLINOIS, ACCORDING TO THE
PLAT THEROF RECORDED NOVEMBER 6, 1986 AS DOCUMENT 86523520,
EXCEPTING THEREFROM SAID LOT 1 THE PUBLIC ROADWAY KNOWN AS
'CORPORATE CROSSING", PER DEDICATIONS RECORDED AS DOCUMENTS 89205950
AND 90116536; ALSO,

EXCEPTING THEREFROM THE LAND AS CONVEYED TO THE VILLAGE OF
SCHAUMBURG BY WARRANTY DEED RECORDED APRIL 23, 1999 AS DOCUMENT
99391251, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

THAT PART OF LOT 1 IN PRUDENTIAL SUBDIVISION, A RESUBDIVISION OF LOTS 2
AND 3 IN WOODFIELD CORPORATE CENTER, A SUBDIVISION IN THE EAST 1/2 OP
THE SOUTHEAST 1/4 OF SECTION 13, TOWNSHIP 41 NORTH, RANGE 10 EAST OF
THE THIRD PRINCIPAL MERIDIAN, AND THE EAST 1/2 OF THE NORTHEAST 1/4 OF
SECTION 24, TOWNSHIP 41 NORTH, RANGE 10, EAST OP THE THIRD PRINCIPAL
MERIDIAN, (EXCEPT THAT PORTION OF SAID LOT 1 DEDICATED TO THE VILLAGE
OF SCHAUMBURG FOR ROADWAY AND PUBLIC UTILITY PURPOSES BY
DOCUMENT 901165361), IN COOK COUNTY, ILLINOIS, DESCRIBED AS FOLLOWS:

COMMENCING AT THE SOUTHWEST CORNER OF SAID LOT 1; THENCE ON AN
ASSUMED BEARING OF NORTH 57 DEGREES, 03 MINUTES, 09 SECONDS WEST
ALONG A WESTERLY LINE OF SAID LOT 1, A DISTANCE OF 50.22 FEET TO THE
NORTHWEST CORNER OF SAID DEDICATION TO THE VILLAOE OF SCHAUMBURG
FOR ROADWAY AND PUBLIC UTILITY PURPOSES AS DOCUMENT 90116536, BEING
ALSO THE POINT OF BEGINNING; THENCE CONTINUING NORTH 57 DEGREES, 03
MINUTES, 09 SECONDS WEST ALONG A WESTERLY LINE OF SAID LOT 1, A
DISTANCE OF 15.00 FEET; THENCE NORTH 80 DEGREES, 36 MINUTES, 05 SECONDS
EAST, A DISTANCE OF 22.17 FEET TO A NORTHERLY RIGHT OF WAY LINE OF SAID
DEDICATION TO THE VILLAGE OF SCHAUMBURG FOR ROADWAY AND PUBLIC
UTILITY PURPOSES; THENCE SOUTH 38 DEGREES, 15 MINUTES, 20 SECONDS WEST
ALONG A NORTHERLY RIGHT OF WAY LINE OF SAID DEDICATION TO THE
VILLAGE OP SCHAUMBURG, A DISTANCE OF 15.00 FEET TO THE POINT OF
BEGINNING, ALL IN COOK COUNTY, ILLINOIS.

PARCEL 1A:

COVENANTS , CONDITIONS, RESTRICTIONS AND EASEMENTS CONTAINED IN THE
DECLARATION OF PROTECTIVE COVENANTS FOR WOODFIELD CORPORATE
CENTER RECORDED OCTOBER 4, 1978 AS DOCUMENT 24657502 RELATING TO
BUILDING MAINTENANCE, SITE CLEANLINESS, CONSTRUCTION, DUMPING,
BUILDING LOCATION AND DESIGN, LANDSCAPING, CURB CUTS, ROADWAYS,
DRIVEWAYS, MAXIMUM LOT COVERAGE, UTILITY LINES AND SIGNS.

FIRST AMENDMENT TO DECLARATION OF PROTECTIVE COVENANTS FOR
WOODFIELD CORPORATE CENTER DATED MAY 20, 1998, RECORDED MAY 22, 1998,
AS DOCUMENT 98429887.

Common Address: 425-275 N. Martingale Road, Schaumburg, Illinois

Tax Identification Number: 07-24-201-015-0000

Prepared by AND after RECORDING
Return to:

Derek T. Neathery, ESQ.
SNR Denton US LLP
233 S Wacker Dr
Suite 7800
Chicago IL 60606

-2-

New York Life Loan #374-0100
Mortgage
14657435