## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTEL NETWORKS, INC., *et al.*, | ) | Case No. 09-10138 (KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re Dkt No. 5752** |
| | ) | |
| In re: | ) | Chapter 15 |
| | ) | |
| NORTEL NETWORKS LTD., *et al.*, | ) | Case No. 09-10164 (KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

## AMENDED[1] ORDER DIRECTING MEDIATION

On April 25, 2011, Nortel Networks Inc., and certain of its affiliates (the "U.S. Debtors") and the Official Committee of Unsecured Creditors (the "Committee" and, with the U.S. Debtors, the "Movants") filed their Joint Motion for Entry of an Order Establishing an Allocation Protocol Pursuant to the Interim Funding and Settlement Agreement, and for Related Relief (the "Motion"). D.I. 5307. In the Motion, the Movants are seeking an:

> Allocation Protocol ... establishing procedures and an expedited schedule for the cross-border resolution by the U.S. and Canadian Courts ... of the Allocation of the proceeds from the Sale Transactions ... pursuant to the Interim Funding and Settlement Agreement, dated as of June 9, 2009 by and between the parties listed on Schedules 1, 2 and 3 thereto (the "IFSA")....

---

[1] The Court is amending the Order to include the Chapter 15 caption.

On June 7, 2011, the Court held a lengthy joint hearing (the "Hearing") on the Motion and a similar motion filed with the Ontario Superior Court of Justice, Mr. Justice Geoffrey Morawetz presiding (the "Canadian Court," and together with the U.S. Court, the "Courts"). The Courts conducted the Hearing in accordance with the Cross-Border Protocol. Numerous parties filed supporting papers or objections to the Motion. The Joint Administrators of the nineteen Nortel European affiliates (the "EMEA Debtors"), who are involved in administration proceedings before the High Court of England and Wales, and others, filed objections to the Motion. At the Hearing, the parties before the U.S. Court, led by the U.S. Debtors and the Committee in support of the Motion, and the EMEA Debtors objecting to the Motion, presented weighty arguments. In brief summary, the dispute centered around whether the Courts could and should determine the allocation issues, including an allocation protocol, or whether the parties had agreed to and should proceed with arbitration.

The Courts took the matters raised at the Hearing under advisement. The nature and length of the arguments for and against the Motion will necessitate careful drafting of separate rulings by the Courts. The Courts are concerned that the delay will also delay the allocation proceedings and therefore distributions to creditors, which the Courts find troublesome.

Moreover, the risk of inconsistent decisions and the uncertainty of the appellate process (with further risk of inconsistent decisions) may additionally delay and complicate the progress of the cases. The Courts have concluded that while their decisions are pending,

the parties may be able to make progress with the assistance of a mediator (the "Mediator"), and that the Mediator should be given expanded authority if the parties agree, including, subject to agreement, to serve as an arbitrator. The Courts advised the parties of their conclusion in a conference call on June 13, 2011.

Accordingly, the Court hereby orders the parties who argued at the Hearing before the Court to participate in a joint mediation, together with the participants in the cases before the Canadian Court. The terms of the Mediation are as follows:

1. The Court hereby refers the Motion to mediation.

2. The Court will appoint the person to be named to serve as sole mediator by Supplemental Order to be issued next week.

3. The Mediator is authorized to retain advisors and legal counsel for assistance, with Nortel pay their fees and expenses.

4. The Mediator shall determine the time, date and place of the Mediation and the protocol of the Mediation, including the number of people attending and what materials the parties should produce.

Dated: June 29, 2011

Kevin Gross, U.S.B.J.