# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NORTEL NETWORKS, INC., *et al.*, | : | Case No. 09-10138 (KG) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | **Re Dkt Nos. 5752 & 5822** |
| | : | |
| In re: | : | Chapter 15 |
| | : | |
| NORTEL NETWORKS LTD., *et al.*, | : | Case No. 09-10164 (KG) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | **Re Dkt No. 426** |

## SUPPLEMENTAL ORDER[1]

The Court hereby supplements its Order Directing Mediation entered June 17, 2011 (D.I. 5752), as amended on June 29, 2011, to add the Chapter 15 caption, as follows:

1. The Court appoints The Honorable Warren K. Winkler, Chief Justice of Ontario, to serve as the Mediator (the "Mediator"). The Mediator is authorized to select an advisor (the "Advisor") of his choosing. The reasonable fees and expenses of the Advisor shall be reimbursed by the U.S. Debtors, the Canadian Debtors and the EMEA Debtors.

2. The Mediator will set the time, date, location and procedures for the Mediation.

---

[1] The Court is utilizing the terms it defined in the Order Directing Mediation referred to herein.

3. The parties required to participate in the Mediation shall be the parties who presented argument at the hearing on June 7, 2011, provided that the Mediator will have the authority to include such other parties as he deems appropriate, in his discretion.

4. The Mediator has the authority, in consultation with the parties, to determine the scope of the Mediation, as he deems appropriate, including, without limitation, the allocation issue in its entirety and global issues relating to allocation and claims.

5. The Mediator has the right, prior to the commencement of the Mediation only, to communicate with Mr. Justice Geoffrey Morawetz and me, for the purpose of obtaining background information.

6. A settlement of the dispute being mediated shall be subject to the Court's approval, on notice to parties in interest.

7. The parties are also to recognize that Mediation proceedings are settlement negotiations, and that all offers, promises, conduct and statements, whether written or oral, made in the course of the proceedings, are admissible in any arbitration or court proceeding, to the extent allowed by law. The parties agree not to subpoena or otherwise require the Mediator or the Advisor to the Mediator, to testify or produce records, notes or work product in any future proceedings, and no recording will be made of the Mediation session. Evidence that is otherwise admissible or discoverable shall not be rendered inadmissible or non-discoverable as a result of its use in the Mediation session. In the event that the parties do reach a settlement agreement, the terms of that settlement will be admissible in any court or

arbitration proceedings required to enforce it, unless the parties agree otherwise. Information disclosed to the Mediator at a private caucus shall remain confidential unless the party authorizes disclosure.

8. The mediation process shall be terminated under any of the following circumstances:

(a) by a declaration by the Mediator that a settlement has been reached;

(b) a declaration by the Mediator that further efforts at mediation are no longer considered to be worthwhile; or

(c) for any other reason as determined by the Mediator.

Dated: June 29, 2011

KEVIN GROSS, U.S.B.J.