United States Bankruptcy Court
For the District Of Delaware

| | |
|---|---|
| Nortel Networks, Inc., et al. | } Chapter 11 |
| | } |
| | } |
| | } |
| | } Case No. |
| | } 09-10138 |
| Debtor | } Amount $11,623.37 |

*AS SET FORTH ON SCHEDULE F*

**Notice to transfer of Claim pursuant to rule 3001 (e) (1)**
**To: Transferor:**

**NASIR GHAFOOR**
**400 HALLS MILL DRIVE**
**CARY, NC 27519**

The transfer of your claim as shown above in the amount of **$11,623.37** has been transferred to:

    Liquidity Solutions Inc
    One University Plaza
    Suite 312
    Hackensack, NJ 07601

No action is required if you do not object to the transfer of your Claim.

                                      By/s/JEFFREY CARESS
                                      Liquidity Solutions Inc
                                      (201) 968-0001

497902

## ASSIGNMENT OF CLAIM

GHAFOOR, NASIR ("Assignor"), having offices at 400 HALLS MILL DR , CARY, NC 27519 in consideration of the su       es hereby transfer to Liquidity Solutions, Inc. ("Assignee"), having offices at One University Plaza, Suite 312, Hackensack, NJ 07601 all of the Assignor's right, title and interest in, to and under the claim or claims of Assignor, as more specifically set forth below (the "Claim"), against Nortel Networks, Inc., Debtor or Debtors in the bankruptcy case (the "Debtor") pending in the United States Bankruptcy Court for the District of Delaware (the "Court"), Case No. 09-10138 (the "Proceedings") in the currently outstanding amount of not less than $11,623.37 (the "Purchased Amount"), and all rights and benefits of the Assignor relating to the Claim, including without limitation the Proof of Claim identified below (if any) and the Assignor's rights to receive payment of principal, and any interest, penalties and fees, which may be paid with respect to or in satisfaction of the Claim, all cash, securities, instruments and other property which may be paid or issued by Debtor or any other party with respect to or in satisfaction of the Claim, and all voting rights with respect to any of the foregoing. The Claim includes the foregoing rights and benefits, "cure" amounts within the meaning of section 365 of title 11 of the United States Code (the "Bankruptcy Code") and the right to receive all payments in respect thereof. The Claim is based on amounts, not less than the Purchased Amount, owed to Assignor by Debtor for services rendered and/or goods delivered by Assignor to Debtor. This Assignment of Claim (this "Assignment") shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest except as may be otherwise provided herein. Assignee is assuming no liabilities or obligations of the Assignor under this Assignment.

Assignor and Assignee expressly acknowledge that the Purchase Price is comprised of the following: (i) a payment in the amount of $4,535.62 on account of the $6,479.46 of the Claim that is asserted on account of wages, salaries or commissions earned within 180 days before the filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier (the "Priority Claim"), reflecting a purchase rate of 70% with respect to such Priority Claim (the "Priority Purchase Rate"); (ii) a payment in the amount of $2,623.39 on account of the $5,143.91 portion of the Claim that is asserted on account of the goods or services received by the Debtor in the ordinary course of the Debtor's business preceding the commencement of the Debtor's Proceedings which are not included in the Priority Claim (the "Unsecured Claim"), reflecting a purchase rate of 51% with respect to such Unsecured Claim (the "Unsecured Purchase Rate").

Notwithstanding any other provisions set forth in this Assignment or otherwise, Assignor and Assignee agree that the basis for the Claim is certain employee benefits and compensation owed to Assignor by the Debtor, and any distributions on the Claim may be subject to withholding for tax or otherwise by the distributing entity ("Paying Agent"). Therefore, Assignee will only be obligated to make payment to Assignor under this Assignment of an amount equal to the Purchase Price multiplied by 65% -- **$4,653.36 (the "Initial Payment")** and shall holdback an amount equal to 35% (the "Contract Holdback Percentage") of the Purchase Price -- $2,505.65 (the "Holdback Amount"). Upon receipt of any distribution (in any form) Assignee shall determine if the Paying Agent withheld from the distribution for taxes or otherwise and, if so, what percentage of the total distribution payable on the Claim (the "Gross Distribution Amount") was received by Assignee. If more than 65% of the Gross Distribution Amount was received by Assignee, and Assignee is satisfied that it will not incur any liability or exposure for any employment-related tax obligation or otherwise, then Assignee shall make payment to Assignor of the proportional amount of the Holdback Amount. (For the sole purpose of illustrating the repayment terms of the preceding sentence, and in no way limiting or altering any rights of the parties hereunder, if the Paying Agent withholds 30% of any Gross Distribution Amount, and Assignee receives a distribution of 70% of the Gross Distribution Amount, Assignee would make payment to Assignor of an amount equal to the product of (A) 5% multiplied by (B) the Purchase Price.)

**If Initial Payment is not received by Assignor within ten (10) business days of Assignee's receipt of executed Consent & Waiver and Transfer Notice, this Assignment shall be deemed null and void.**

JULY, #11 2011

Assignor represents and warrants that [check one of the following]:
[   ] A Proof of Claim has not been filed in respect of the Claim.
[   ] A Proof of Claim in the amount of $_____ has been duly and timely filed in the Proceedings, and a true copy of such Proof of Claim is attached to this Assignment. If the Proof of Claim amount differs from the Claim amount set forth above, Assignee shall nevertheless be deemed the owner of that Proof of Claim subject to the terms of this Assignment and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court.

Assignor further represents and warrants that (i) the Unsecured Claim is a valid and allowed claim in the Proceedings in an amount not less than the Purchased Amount which will be treated no less favorably than general unsecured claims in the Proceedings, (ii) the Priority Claim is on account of wages, salaries or commissions earned within 180 days before the filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier and is entitled to priority expense treatment pursuant to section 507(a)(4) of the Bankruptcy Code ("Priority Expense Treatment") and (iii) the Claim is not subject to any defense, counterclaim, offset, setoff, dispute or objection. Assignor further represents and warrants that no payment has been received by Assignor, or by any third party claiming through Assignor, in full or partial satisfaction of



the Claim, that Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part, that Assignor solely owns and has good title to the Claim free and clear of any and all liens, claims, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses or preferential payment demands that have been or may be asserted by or on behalf of Debtor or any other party to reduce or subordinate the amount of the Claim or to otherwise impair its value. Assignor represents that it is solvent and has no other relationship to the Debtor or any of its affiliates or principals other than as a creditor of the Debtor. Assignor is not an insider of the Debtor within the meaning of section 101(31) of the Bankruptcy Code and is not, and has not been, a member of any committee appointed in the Proceedings. All terms of this Assignment will be kept confidential.

Assignor is aware that the Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization or liquidation. Assignor acknowledges that, except as set forth in this Assignment, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise) or any other matter relating to the Proceedings, the Debtor or the Claim.

Assignor represents that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate (including information available from the files of the Court of the Proceedings), made its own analysis and decision to enter into this Assignment of Claim. Assignor and Assignee each hereby acknowledge to the other that (i) it currently has, or may in the future have, information with respect to the Claim, the Debtor or any of its affiliates and/or the Proceedings that is not known to the other party and that may be material to a decision to sell or purchase the Claim (as applicable) ("Excluded Information"), (ii) it has determined to sell or purchase the Claim (as applicable) notwithstanding its lack of knowledge of the Excluded Information and (iii) neither Assignor nor Assignee shall have any liability to the other or any other party whatsoever with respect to the nondisclosure of the Excluded Information in connection with the transactions contemplated hereby.

In the event that (i) the Claim is disallowed, reduced, subordinated, offset, setoff, objected to, or otherwise impaired, for any reason whatsoever, in whole or in part or (ii) the Unsecured Claim is treated differently in the Proceedings than general unsecured claims against the Debtor or the Priority Claim is not afforded Priority Claim Treatment in the Proceedings, in whole or in part or (iii) any action or proceeding is commenced that could result in any of the foregoing or otherwise affect all or part of the Claim in any way, and such action or proceeding is not resolved within ninety (90) days of its commencement (each circumstance in subsections (i), (ii) and (iii), an "Impairment"), Assignor agrees, upon demand of Assignee, to make to Assignee immediate proportional restitution and repayment of the Purchase Price. If the Assignor does not make such restitution and repayment within twenty (20) days of notice of any such Impairment delivered by Assignee to Assignor, Assignor shall be obligated to pay interest on such amount at the rate of ten percent (10%) per annum on the amount repaid for the period from the date of payment of the Purchase Price by Assignee through the date such repayment is made. For the avoidance of doubt, the proportional restitution and repayment provision in the first sentence of this paragraph only applies to the validity and amount of the claim, not to the percent of the claim that is distributed on account of the claim ("Distribution Percentage"), to the extent that the distribution percentage is the same as received by holders of general unsecured claims for the Unsecured Claim and the distribution percentage is the same as received by holders of priority claims for the Priority Claim in the proceedings. IN THE EVENT ASSIGNOR HAS PREVIOUSLY ASSIGNED OR PLEDGED THIS CLAIM TO ANY THIRD PARTY, OTHERWISE LACKS SOLE TITLE THERETO, OR IN THE FUTURE PURPORTS TO ASSIGN OR PLEDGE THE CLAIM TO A THIRD PARTY, ASSIGNOR AGREES TO IMMEDIATELY PAY ASSIGNEE UPON DEMAND OF ASSIGNEE, LIQUIDATED DAMAGES IN AN AMOUNT EQUAL TO DOUBLE THE AMOUNT PAID TO ASSIGNOR HEREUNDER.

Assignor consents to Assignee ordering a credit report from Equifax or another credit reporting agency for the purpose of evaluating Assignor's credit worthiness in connection with this Assignment

In the event the Claim is ultimately allowed in amount greater than the Purchased Amount, at Assignee's sole option and after written notice (the "Notice") provided to Assignor by Assignee, Assignor shall, and is hereby deemed to, sell to Assignee, and Assignee hereby purchases, all, or any portion specified in the Notice, of such excess claim at the same price (expressed as a percentage of claim) provided for hereunder. Assignee shall remit such payment to Assignor after delivery to Assignor of the Notice and upon Assignee's satisfaction that the Claim has been allowed in the higher amount and is not subject to any Impairment.

Assignor hereby irrevocably appoints Assignee as its true and lawful agent and attorney-in-fact, solely with respect to the Claim, with the full power and authority to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim and to exercise all elections, voting rights and all other rights and remedies with respect thereto. Assignor further grants unto

Assignee full authority to do all things necessary to enforce the Claim and its rights thereunder pursuant to this Assignment. Assignor agrees that the powers granted by this paragraph are coupled with an interest, and are therefore irrevocable, and are discretionary in nature and that Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings. Assignor agrees to take such further actions, at its own expense, as requested by Assignee as necessary or desirable to effect the transfer of the Claim to Assignee (or its designees) and any payments or distributions on account of the Claim including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

Assignor agrees to forward to Assignee all notices received from Debtor, the Court or any third party with respect to the Claim assigned herein, to vote the Claim assigned herein and to take such action with respect to the Claim in the Proceedings, as Assignee may from time to time request. Assignor further agrees that any distribution received by Assignor on account of the Claim, whether in the form of cash, securities, instrument or any other property, shall constitute property of the Assignee to which the Assignee has an absolute right, and that (if received by Assignor) Assignor will hold such property in trust for the benefit of Assignee and will, at its own expense, promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

The terms of this Assignment shall be binding upon, and shall inure to the benefit of, Assignor, Assignee and their respective successors and permitted assigns.

Assignor hereby acknowledges that Assignee may at any time reassign the Claim, together with all right, title and interest of Assignee in, to and under this Assignment, or any portion thereof or interest therein, without notice to or the consent of Assignor. Assignor may not assign any of its right, title and interest in, to and under this Assignment, or any portion thereof or interest therein, without the prior written consent of Assignee, which the Assignee may grant or withhold in its discretion. All representations and warranties made herein shall survive the execution and delivery of this Assignment and any such re-assignment. This Assignment may be executed in multiple counterparts, and all such counterparts taken together shall be deemed to constitute a single agreement.

This Assignment shall be governed by and construed in accordance with the laws of the State of New York without regard to conflicts. Any action arising under or relating to this Assignment must be brought in the United States District Court for the Southern District of New York (located in the Borough of Manhattan in the City of New York) or the United States District Court for the District of New Jersey (located in the City of Newark) or, if federal court jurisdiction is lacking, in the Supreme Court of the State of New York (New York County) or New Jersey Superior Court. Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Assignment, and in any action hereunder, **ASSIGNOR WAIVES ANY RIGHT TO DEMAND A TRIAL BY JURY ON ANY THEORY, INCLUDING WITHOUT LIMITATION CONTRACT AND TORT.**

## CONSENT AND WAIVER

Upon Assignor's delivery to Assignee of its executed signature page to this Assignment, Assignor hereby authorizes Assignee to file a notice of transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure ("FRBP") with respect to the Claim while Assignee performs its due diligence on the Claim. Assignee, in its sole and absolute discretion, may subsequently transfer the Claim back to the Assignor if the due diligence results are not satisfactory, in Assignee's sole and absolute discretion, by filing a notice pursuant Rule 3001(e) of FRBP transferring the Claim back to Assignor or withdrawing the transfer, and automatically at such time and in such event, each of Assignor and Assignee hereby release the other from all and any obligation or liability regarding this Assignment; provided, however, that upon such re-transfer or withdrawal of transfer of the Claim, Assignor shall be obligated promptly to return to Assignee any payment made in respect of the Purchase Price. Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment and hereby waives (i) its right to raise any objection hereto, and (ii) its right to receive notice pursuant to Rule 3001(e) of the FRBP.

IN WITNESS WHEREOF, the undersigned Assignor hereto sets his hand this __28__ day of __June__, 2011.

GHAFOOR, NASIR

By: _____          NASIR GHAFOOR
      Signature                      Print Name/Title

414-749-5560                         nasirg37@yahoo.com
Telephone #                          Email Address

IN WITNESS WHEREOF, the undersigned Assignee hereto sets his hand this _____ day of _____, 2011

_____
Alex Celeste  JEFFREY L. CARESS
Liquidity Solutions, Inc.

In re  NORTEL NETWORKS INC.       Case No. 09-10138

Debtor      (if known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>MUNICIPIO DE CATANO<br>P.O. BOX 428<br>CATANO, PR 963-428 | | | TAXES | X | X | | UNKNOWN | UNKNOWN | UNKNOWN |
| ACCOUNT NO.<br>MUNICIPIO DE SAN JUAN<br>PO BOX 71332<br>SAN JUAN, PR 936-8432 | | | TAXES | X | X | | UNKNOWN | UNKNOWN | UNKNOWN |
| ACCOUNT NO.<br>NASHVILLE/DAVIDSON COUNTY METROPOLITAN TRUSTEE<br>PO BOX 305012<br>NASHVILLE, TN 37230-5012 | | | TAXES | X | X | | UNKNOWN | UNKNOWN | UNKNOWN |
| ACCOUNT NO.<br>→ NASIR GHAFOOR<br>400 HALLS MILL DRIVE<br>CARY, NC 27519 | | | SEVERANCE | | | | $11,623.37 | $6,479.46 | $5,143.91 |
| ACCOUNT NO.<br>NATCHITOCHES TAX COMMISSION<br>220 EAST FIFTH STREET<br>P.O. BOX 639<br>NATCHITOCHES, LA 71458-639 | | | TAXES | X | X | | UNKNOWN | UNKNOWN | UNKNOWN |
| ACCOUNT NO.<br>NAVEEN REDDY PANNALA<br>1650 OCTAVIA ST<br>APT # 308<br>SAN FRANCIS, CA 94109 | | | SEVERANCE | | | | $20,335.20 | $6,882.96 | $13,452.24 |
| ACCOUNT NO.<br>NAVID KAFAEI<br>14862 DANEWAY<br>FRISCO, TX 75035 | | | SEVERANCE | | | | $7,996.14 | $7,140.26 | $855.88 |
| ACCOUNT NO.<br>NC DEPARTMENT OF REVENUE<br>P.O. BOX 25000<br>RALEIGH, NC 27640-0500 | | | TAXES | X | X | | UNKNOWN | UNKNOWN | UNKNOWN |

Sheet no. 89 of 124 sheets attached to Schedule of Creditors Holding Unsecured Priority Claims     Subtotal     $39,954.71     $20,502.68     $19,452.03