**EXHIBIT B**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
               :

*In re*                        :

Nortel Networks Inc., *et al.*,[1]    :

                Debtors.    :

------------------------------------------------------ X

Nortel Networks Inc.,         :

                Plaintiff,    :

v.                         :

McKinsey & Company, Inc.    :

               Defendant.   :

------------------------------------------------------X

| Chapter 11 |
| :--- |
| Case No. 09-10138 (KG) |
| (Jointly Administered) |
| Adv. Proc. No. 10-55159 (KG) |

## STIPULATION OF SETTLEMENT OF AVOIDANCE CLAIMS BY AND BETWEEN
## NORTEL NETWORKS INC. AND MCKINSEY & COMPANY, INC.

This stipulation (the "Stipulation") is entered into by and between Plaintiff Nortel

Networks Inc. ("Plaintiff") as one of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") and McKinsey & Company, Inc. (together with McKinsey &

Company, Inc. United States and its affiliates, the "Defendant", and together with Plaintiff, the

"Parties"). The Parties hereby stipulate and agree as follows:

---

[1] In addition to Nortel Networks Inc., the Debtors in the Chapter 11 cases are: Nortel Networks Capital
Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera
Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical
Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks
International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks
(CALA) Inc. ("NN CALA"). Additional information regarding the Debtors can be found in their respective Chapter
11 petitions, which are available at http://dm.epiq11.com/nortel.

## RECITALS

WHEREAS, on January 14, 2009 (the "Petition Date"), the Debtors (with the exception of NN CALA, which filed on July 14, 2009) each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, the Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, no trustee or examiner has been appointed in the Debtors' cases; and

WHEREAS, Plaintiff's books and records indicate that within ninety (90) days prior to the Petition Date, Plaintiff made one or more transfers of an interest in its property to or for the benefit of Defendant in the aggregate amount of $2,480,000.00 (the "Subject Transfers"); and

WHEREAS, on November 9, 2010 Plaintiff instituted this Adversary Proceeding, Adv. Proc. No. 10-55159 (the "Adversary Proceeding") by filing a Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims (the "Complaint") pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code against Defendant, in which it sought to avoid and recover the Subject Transfers (the "Avoidance Claim") [Adv. D.I. 1]; and

WHEREAS, on October 27, 2010, the Bankruptcy Court entered an Order Authorizing And Approving Settlement Procedures To Settle Certain Avoidance Claims (the "Settlement Procedures Order"), which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle avoidance claims where the asserted claim amount is greater than $1,000,000 [D.I. 4211]; and

2

WHEREAS, since the Complaint was filed, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost, risks, and burden that would be imposed by further litigation of the Avoidance Claim, have agreed to settle the Adversary Proceeding on the terms set forth herein (the "Settlement"); and

WHEREAS, the Debtors have discussed the Settlement contained herein with the Official Committee of Unsecured Creditors.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1.      Resolution of the Avoidance Claim.  Within five (5) business days after the Bankruptcy Court order approving this Stipulation and the settlement reflected herein pursuant to Bankruptcy Rule 9019 becoming final a Final Order (as defined below) (the "Effective Date"), Defendant shall pay to Plaintiff the sum of $1,680,000.00 (the "Settlement Amount"), in full and final settlement and satisfaction of the Avoidance Claim, by (a) delivering via traceable courier to Nortel Lockbox 2937 (Tel# 302-325-6047), Lockbox Operations, 3rd Floor, 8430 W. Bryn Mawr Avenue, Chicago, IL 60631, a check in the Settlement Amount, payable to "Nortel Networks Inc. as Debtor-in-Possession"; or (b) sending a wire transfer in the Settlement Amount to Nortel Networks Inc., Citibank, 111 Wall Street, New York, NY, ABA Number 021000089, Swift Number CITIUS33, Account Number 30463444 (the "Settlement Payment").  The first date on which all of the following shall have occurred shall hereafter be referred to as the "Settlement Date":  (i) Plaintiff shall have received the Settlement Payment; (ii) the Settlement Payment clears; and (iii) the Settlement Payment is collected. The Bankruptcy Court order approving this Stipulation and the settlement reflected herein shall become a "Final

3

Order" upon the occurrence of: (i) the entry by the Bankruptcy Court of a final order approving

this Stipulation, without modification of its terms, pursuant to Bankruptcy Rule 9019; and (ii) the

expiration of the time for appeal or to seek permission to appeal from the Bankruptcy Court's

final order approving this Stipulation, or if an appeal from a final order is taken, the affirmance

of such order in its entirety, without modification, by the court of last resort to which an appeal

of such order may be taken.

              2.      Release of Plaintiff.  Effective upon the Settlement Date, Defendant

hereby releases and forever discharges Plaintiff, its past and present parents, subsidiaries,

affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents,

and attorneys, and each of their predecessors, successors and assigns (collectively, the "Debtor

Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages,

actions, suits, causes of action, and setoffs, whether known or unknown, suspected or

unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent,

liquidated or unliquidated, that Defendant now has, had, may have had, or hereafter may have

against any of the Debtor Releasees regarding the Avoidance Claim, the Adversary Proceeding,

and any transaction described or referred to in the Complaint in the Adversary Proceeding,

excluding Defendant's general unsecured claim pursuant to § 502(h) of the Bankruptcy Code

arising from the payment of the Settlement Amount hereunder (the "Section 502(h) Claim"), as

further described in paragraph 5 below, and any claims arising out of this Stipulation.

              3.      Release of Defendant.  Effective upon the Settlement Date, Plaintiff

hereby releases and forever discharges Defendant, its past and present parents, subsidiaries,

affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents,

and attorneys, and each of their predecessors, successors and assigns (collectively, the

4

"Defendant Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Plaintiff now has, had, may have had, or hereafter may have against any of the Defendant Releasees regarding the Avoidance Claim, the Adversary Proceeding, and any transaction described or referred to in the Complaint in the Adversary Proceeding, excluding any claims arising out of this Stipulation.

4.      Dismissal of the Adversary Proceeding.  Promptly following the Settlement Date, Plaintiff will file with the Bankruptcy Court a notice of dismissal with prejudice of the Adversary Proceeding.

5.      Defendant's Proof of Claim:  Upon the Settlement Date, Defendant's proof of claim, attached hereto as Exhibit "1", with respect to the Section 502(h) Claim shall be deemed properly and timely filed, and the Section 502(h) Claim shall be deemed an allowed general unsecured claim in an amount equal to the Settlement Amount.

6.      Claims Register.  The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Bankruptcy Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

7.      Effectiveness.  Pursuant to the Settlement Procedures Order, upon the Effective Date, this Stipulation shall be effective and binding, by its terms, upon the Parties, and their respective successors and assigns, including, without limitation, any trustee or receiver that may hereafter be appointed in the Debtors' Chapter 11 cases.

5

8.    Applicable Law.  This Stipulation shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of the State of Delaware, without regard to its conflict of laws rules and jurisprudence.

9.    Confidentiality.  Each of the Parties agrees to keep confidential and not to disclose (and shall use its reasonable best efforts to cause its officers, directors, employees, agents, and attorneys to keep confidential and not to disclose) the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, except as required by law, or by any court, administrative or legislative body, or as required to seek approval of this Stipulation by the Bankruptcy Court.

10.   Entire Agreement.  This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement in writing between the Parties.

11.   No Admissions.  Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of liability, culpability, statutory violation or damages on or in connection with any legal issue raised in or relating to the Avoidance Claim.

12.   Costs and Expenses.  Each Party agrees to bear its own costs (including, without limitation, attorneys' fees), expenses, and disbursements incurred in connection with the Adversary Proceeding, and the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, and to not seek from each other reimbursement of any such costs, expenses or disbursements.

6

13.     <u>Representations and Warranties</u>.  Each Party represents and warrants that it is authorized to enter into this Stipulation.  Each individual signing this Stipulation represents and warrants that he/she has full authority to do so.

14.     <u>Construction</u>.  This Stipulation shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted.  Each Party warrants that it has been represented and advised by counsel in connection with the negotiation, preparation, and execution of this Stipulation and all matters covered by it.

15.     <u>Jurisdiction</u>.  The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and the determination of any matters relating to or arising from this Stipulation or the implementation thereof.

16.     <u>Manner of Execution</u>.  This Stipulation may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument.  Facsimile or pdf signatures shall be deemed original signatures.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: June ____, 2011

Nortel Networks Inc.

By: _____
John Ray
Principal Officer

McKinsey & Company, Inc., on behalf of itself and McKinsey & Company, Inc. United States and its affiliates

By:_____
Leta Applegate
Associate General Counsel

7

13.     <u>Representations and Warranties</u>.  Each Party represents and warrants that it is authorized to enter into this Stipulation.  Each individual signing this Stipulation represents and warrants that he/she has full authority to do so.

14.     <u>Construction</u>.  This Stipulation shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted.  Each Party warrants that it has been represented and advised by counsel in connection with the negotiation, preparation, and execution of this Stipulation and all matters covered by it.

15.     <u>Jurisdiction</u>.  The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and the determination of any matters relating to or arising from this Stipulation or the implementation thereof.

16.     <u>Manner of Execution</u>.  This Stipulation may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument.  Facsimile or pdf signatures shall be deemed original signatures.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: June ____, 2011

Nortel Networks Inc.

McKinsey & Company, Inc., on behalf of itself and McKinsey & Company, Inc. United States and its affiliates

By: _____
John Ray
Principal Officer

By: _____
Leta Applegate
Associate General Counsel

7

## EXHIBIT 1

**Defendant's Proof of Claim**

FORM B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|
| Name of Debtor: Nortel Networks Inc. | Case Number: 09-10138 (KG) |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br><br>McKinsey & Company, Inc., on behalf of itself and McKinsey & Company, Inc. United States and its affiliates | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>McKinsey & Company, Inc., on behalf of itself and<br>McKinsey & Company, Inc. United States and its affiliates<br>c/o Stroock & Stroock & Lavan LLP<br>Attn: Kristopher M. Hansen, Esq.<br>180 Maiden Lane<br>New York, NY 10038-4982<br><br>Telephone number: 212-806-5400 | Court Claim Number:_____<br>*(If known)*<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number: | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1.** Amount of Claim as of Date Case Filed:    $1,680,000.00<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim.    Attach itemized statement of interest or charges. | **5.** Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount. |
| **2.** Basis for Claim: 11 U.S.C. § 502(h)<br>(See Instruction #2 on reverse side) | Specify the priority of the claim. |
| **3.** Last four digits of any number by which creditor identifies debtor:_____<br><br>3a. Debtor may have scheduled account as:_____<br>(See Instruction #3a on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). |
| **4.** Secured Claim (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff: ☐    Real Estate    ☐    Motor Vehicle<br>☐    Other<br>Describe:<br><br>Value of Property: $_____ Annual Interest Rate____%<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $_____    Basis for perfection:_____<br><br>Amount of Secured Claim: $_____    Amount Unsecured: $_____ | ☐ Wages, salaries, or commissions (up to $10,950,* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).<br><br>☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).<br><br>☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).<br><br>Amount entitled to priority:<br>$_____ |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |
| Date:<br><br> | Signature: The person filing this claim must sign it. Sign and print the name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*[signatures]* | FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.