## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
:
*In re*                                                :       Chapter 11
                                                       :       Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                     :       Jointly Administered
                                                       :
                         Debtors.                      :       **RE:  D.I. 4958, 5154**
                                                       :
                                                       :       **Hearing date: July 26, 2011 at 9:30 a.m. (ET)**
                                                       :       **Objections due: July 19, 2011 at 4:00 p.m. (ET)**
-------------------------------------------------------X

## DEBTORS' SUPPLEMENTAL APPLICATION FOR AN ORDER
## (I) APPROVING THE EXPANSION OF THE SCOPE OF EMPLOYMENT OF
## ERNST & YOUNG LLP *NUNC PRO TUNC* TO MAY 31, 2011, AND (II) FURTHER
## MODIFYING THE TAX SERVICES AGREEMENT

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in

possession (collectively, the "Debtors"), hereby move this Court (the "Supplemental

Application") for the entry of an order substantially in the form attached hereto as **Exhibit A**,

pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy

Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United

States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) approving the

expansion of the scope of employment of Ernst & Young LLP ("EY LLP") *nunc pro tunc* to

May 31, 2011, to include certain services with the reporting of foreign bank accounts for the

---

[1]        The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

Debtors and certain of their affiliates, under the FBAR Amendment (as defined below) and in accordance with the Tax Services Agreement and the Original EY Employment Order (as each of those terms is defined below); (ii) modifying the Tax Services Agreement to allow the Debtors and EY LLP to further modify or amend the Tax Services Agreement upon notice to parties in interest and without further order of the Court; and (iii) granting them such other and further relief as the Court deems just and proper.  In support of this Supplemental Application, the Debtors incorporate by reference the Original EY Retention Application (defined below) to the extent applicable, and also rely on the Third Supplemental Declaration of James E. Scott in Support of Debtors' Supplemental Application for an Order Approving the Expansion of the Scope of Employment of Ernst & Young LLP *Nunc Pro Tunc* to May 31, 2011 (the "Third Supplemental Declaration"), which incorporates the previous declarations by reference, attached hereto as **Exhibit B**.  In further support of the Supplemental Application, the Debtors respectfully represent as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 327(a) and 328(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1.

## Relief Requested

3.      By this Supplemental Application, the Debtors seek entry of an order, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local

Rule 2014-1, (i) approving the expansion of the scope of the Debtors' employment of EY LLP *nunc pro tunc* to May 31, 2011, to include the FBAR Services pursuant to the FBAR Amendment and in accordance with the Tax Services Agreement and the Original EY Employment Order; (ii) modifying the Tax Services Agreement to allow the Debtors and EY LLP to further modify or amend the Tax Services Agreement upon notice to parties in interest and without further order of the Court; and (iii) granting them such other and further relief as the Court deems just and proper.

### Facts Relevant to this Motion

4.       As part of the Debtors' continuing wind-down of their remaining operations, the Debtors are implementing various measures to conduct their administrative functions more efficiently and effectively while minimizing costs.  As one such measure, the Debtors retained EY LLP to assist the Debtors in a tax outsourcing capacity.

5.       Specifically, on February 18, 2011, the Debtors filed their Application for an Order under 11 U.S.C. §§ 327 and 328 Authorizing Employment of Ernst & Young LLP [D.I. 4958] (the "Original EY Employment Application").  On March 23, 2011, the Court approved the Original EY Employment Application by entering the Order under 11 U.S.C. §§ 327 and 328 Authorizing Employment of Ernst & Young LLP *Nunc Pro Tunc* to March 1, 2011 [D.I. 5154] (the "Original EY Employment Order").[2]  The Original EY Employment Order approved, with certain modifications, that certain engagement letter agreement by and between the Debtors and

---

[2]       Early in these chapter 11 cases, the Debtors retained EY LLP to provide various indirect tax services to the Debtors pursuant to the Order Authorizing the Debtors to Retain and Employ Professionals Used in the Ordinary Course of Business *Nunc Pro Tunc* to the Petition Date [D.I. 236], as supplemented with respect to EY LLP by the Notice of Supplement to List of Ordinary Course Professionals [D.I. 457] (such retention, the "OCP Engagement").  The OCP Engagement was superseded by the Original EY Employment Order, and EY LLP does not provide any further services pursuant to the OCP Engagement.

certain of their non-debtor affiliates, on the one hand, and EY LLP, on the other hand, dated as of March 1, 2011 (the "Letter Agreement"), and the statements of work entered thereunder for tax outsourcing services (the "Tax Outsourcing SOW"), routine on-call tax services (the "Routine On-Call SOW"), and expatriate tax services (the "Expatriate Tax SOW"), each dated as of March 1, 2011 (collectively, the "Existing SOWs," and together with the Letter Agreement and as modified by the Original EY Employment Order, the "Tax Services Agreement").

6.      In the course of reviewing the services being (and to be) provided by EY LLP in connection with their tax reporting and compliance obligations, the Debtors determined that they required certain additional tax and other related services in connection with certain reporting obligations regarding their foreign bank accounts and related information.  In light of the existing engagement arrangements with EY LLP under the Tax Services Agreement, the Debtors decided to request such additional services be provided by EY LLP thereunder, and entered into the First Amendment to the Tax Outsourcing SOW for certain services relating to reporting of foreign bank and financial accounts, dated as of May 31, 2011 (the "FBAR Amendment"), a copy of which is attached to the Third Supplemental Declaration as Exhibit 1.[3]

### Basis for Relief

7.      Under section 327 of the Bankruptcy Code, a debtor-in-possession may, with court approval, employ one or more professionals that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to assist the debtor-in-possession in carrying out its duties under the Bankruptcy Code.  11 U.S.C. § 327(a).

---

[3]      Any description of the terms of the FBAR Amendment contained herein is a summary provided for convenience purposes only.  In the event of any conflict between the terms of the FBAR Amendment as described herein and the actual terms of the FBAR Amendment, the latter shall control.

8.      Section 328 of the Bankruptcy Code provides, in pertinent part, that under section 327 of the Bankruptcy Code a professional may be employed "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).

9.      Bankruptcy Rule 2014 requires that an application for retention of a professional person include:

> [S]pecific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).  Local Rule 2014-1 further requires that "[a]ny entity seeking approval of employment of a professional person under 11 U.S.C. § 327 . . .  shall file with the Court a motion, a supporting affidavit or verified statement of the professional person and a proposed order for approval."  Del. Bankr. L.R. 2014-1(a).

10.     By this Supplemental Application, the Debtors request that the Court approve, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the expansion of the scope of employment of EY LLP to include the FBAR Services, under the terms and conditions set forth in the FBAR Amendment and in accordance with the Tax Services Agreement and the Original EY Employment Order.  The Debtors also request the ability to further modify or amend the Tax Services Agreement upon written agreement with EY LLP and notice to parties in interest and without further order of the Court.

11.     The Debtors also request approval of this Supplemental Application *nunc pro tunc* to May 31, 2011.  Such relief is warranted by the circumstances presented by the chapter 11

cases at this time in light of the June 30, 2011 deadline for filing the FBAR Form (defined

below). The Third Circuit has identified "time pressure to begin service" and absence of

prejudice as factors favoring *nunc pro tunc* retention. See In re Arkansas Co., 798 F.2d 645, 650

(3d Cir. 1986); see also In re Indian River Homes, Inc., 108 B.R. 46, 52 (D. Del. 1989), appeal

dismissed, 909 F.2d 1476 (3d Cir. 1990).

### Scope of the FBAR Services

12.    By entering into the FBAR Amendment, the Debtors requested, and EY LLP has

agreed, subject to approval by the Court of the Supplemental Application, that EY LLP would

assist the Debtors and Nortel Networks India International, Inc. and Nortel Ventures LLC

(collectively, the "Client") with the reporting of foreign bank and financial accounts (the "FBAR

Services"). Subject to the detailed description of the FBAR Services in the FBAR Amendment,

EY LLP's FBAR Services will include, as requested by the Client, assisting with the preparation,

review and filing of Form TD F 90-22.1 (the "FBAR Form"). The FBAR Services also include

the provision of consultation services regarding account ownership and signature authority

related to Client's foreign bank accounts.

### Necessity

13.    As described in the Original EY Employment Application, because of the further

reduction of tax personnel as well as other personnel who provide separate but related internal

resources in the areas of accounting and other information resources, the Debtors believe that it

is in the best interests of the Debtors, their estates and their creditors to retain EY LLP for the

FBAR Services. Moreover, engaging EY LLP's services provides for continuity in the Debtors'

tax compliance in a timely manner. Given EY LLP's experience with the Debtors' operations

and its expertise in this type of matters and certain approaching filing deadlines, it was important

that EY LLP promptly began its work in assisting the Debtors to comply with the relevant regulations, pending submission and approval of this Supplemental Application.

## EY LLP's Disinterestedness

14.     To the best of the Debtors' knowledge, information and belief, and based and in reliance upon the Third Supplemental Declaration and previous declarations made by James E. Scott and filed with the Court in connection with the Original EY Retention Application (collectively, the "Scott Declarations"), EY LLP does not have any connection with the Debtors, their creditors, equity security holders or any other parties in interest, except as disclosed in the Scott Declarations and described in the Original EY Retention Application.[4]

15.     EY LLP represented to the Debtors that it will continue to periodically review its files during the pendency of its employment in these chapter 11 cases for additional connections to parties in interest.  If any new relevant facts or connections are discovered or arise, EY LLP will use reasonable efforts to identify such further developments and will file a supplemental declaration if needed, as required by Bankruptcy Rule 2014(a).

## Professional Compensation

16.     Subject to the Court's approval and pursuant to the terms and conditions of the FBAR Amendment, EY LLP intends to charge the Client for the FBAR Services rendered in these chapter 11 cases on a monthly basis based on its agreed hourly rates.

---

[4]     Ernst & Young Inc., an affiliate of EY LLP, serves as court-appointed Monitor in certain Nortel affiliates' creditor protection proceedings under the Companies' Creditors Arrangement Act (Canada), and individuals from Ernst & Young LLP (UK) serve as the Joint Administrators  in the UK administration proceedings of certain of the Debtors' other affiliates.  These firms will not be engaged to provide the FBAR Services.

17.    EY LLP's applicable hourly rates for the FBAR Services are the same as the hourly rates for other services being provided pursuant to the Tax Outsourcing SOW, and are as follows:

| Partner | $640 |
| Executive Director | $545 |
| Senior Manager | $540 |
| Manager | $430 |
| Senior | $300 |
| Staff | $170 |

18.    The Debtors and EY LLP have agreed that the fees for the FBAR Services shall not exceed US$50,000.

19.    The Debtors believe that the compensation arrangements for the FBAR Services as described herein are reasonable and constitute a customary and market-based compensation.

20.    The Debtors understand that EY LLP will continue to seek all compensation subject to the approval of the Court pursuant to applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of the Court, including the Original EY Employment Order.  Also, it is the Debtors' understanding that EY LLP will continue to maintain records in support of any actual, necessary costs and expenses incurred in connection with the rendering of its services to the Debtors, including the FBAR Services, and the individuals who provided those Services, and will present such records to the Court as part of its application for approval of fees and expenses.

**No Duplication of Services**

21.    The Debtors intend that the FBAR Services will complement, and not duplicate, the services to be rendered by other professionals retained in these chapter 11 cases.  EY LLP understands that the Debtors have retained and may retain additional professionals during the term of the engagement and will work cooperatively with such professionals under the Debtors' instructions to avoid unnecessary duplication.

**Further Modification to the Tax Services Agreement**

22.    The Letter Agreement provides, in pertinent part:  "For each project that [EY LLP] agree[s] to undertake for [Client], [EY LLP] will prepare a Statement of Work describing the particular Services, as well as any advice, presentations, or filings to be made, our fees therefor, and any other project-specific arrangements, which shall be subject to approval of the Bankruptcy Court."  Each of the Tax Outsourcing SOW and the Expatriate Tax SOW similarly provides that any modification to such SOWs may be made by a mutual written consent by the parties, subject to Bankruptcy Court approval.

23.    In light of the burden and cost to the Debtors to seek court approval of this Supplemental Application and any further amendments and the limited benefits it serves to the parties in interest, the Debtors hereby request that the Court further modify the Tax Services Agreement so that any future amendment or modification to the Tax Services Agreement may take effect after fourteen (14) days notice of such filed amendment or modification (signed by the Debtors and EY LLP) to:  (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Official Committee of Unsecured Creditors; (iii) counsel to the ad hoc group of bondholders; and (iv) the general service list established in these chapter 11 cases. The Debtors request that if no objection is filed within the fourteen (14) day notice period, such

proposed amendments or modifications shall take effect without further notice, hearing or requirement for an order of the Court.  If an objection is filed and served within the fourteen (14) day notice period, the matter will be scheduled for the next available omnibus hearing date.

24.    For the avoidance of doubt, the procedure described in the preceding paragraph shall apply to the supplemental application contemplated in footnote 5 of the Original EY Employment Application which states "Promptly after the parties agree upon the fixed annual fees for the 2012 EY Core Services and the 2013 EY Core Services, respectively, the Debtor will file a supplemental application with the Court seeking approval of such agreed-upon fees under section 328(a) of the Bankruptcy Code."  If no objection is filed within the fourteen (14) day objection period with respect to such supplemental application, a proposed form of order (a copy of which will be included in the notice) will be submitted to the Court under certification of counsel, or the matter will be scheduled for the next available omnibus hearing date, and the Debtors will hand up the proposed form of order.

### Notice

25.    Notice of the Supplemental Application has been given via first class mail or hand delivery to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Official Committee of Unsecured Creditors; (iii) counsel to the ad hoc group of bondholders; and (iv) the general service list established in these chapter 11 cases.  The Debtors submit that, under the circumstances, no other or further notice is necessary.

### No Prior Request

26.    No prior request for the relief sought herein has been made to this or any other court.

*[REMAINDER OF THE PAGE INTENTIONALLY LEFT BLANK.]*

WHEREFORE, the Debtors respectfully request that the Court (i) grant this

Supplemental Application *nunc pro tunc* to May 31, 2011; (ii) enter the proposed order attached

hereto as **Exhibit A**; and (iii) grant such other and further relief as it deems just and proper.

Dated:  July 1, 2011
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

    - and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*