## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*: | Chapter 11 |
| | Case No. 09-10138 (KG) |
| Nortel Networks Inc., *et al.*,[1] | (Jointly Administered) |
| | **Re: Docket No. 5631** |
| Debtors. | **Hearing Date: July 11, 2011 at 9:30 a.m.**<br>**Objection Deadline: July 5, 2011 at 4:00 p.m.** |

### STATEMENT AND RESERVATION OF RIGHTS OF THE CANADIAN NORTEL GROUP REGARDING MOTION OF ROBERT HORNE, JAMES YOUNG, AND THE *AD HOC* GROUP OF BENEFICIARIES OF THE NORTEL NETWORKS U.S. DEFERRED COMPENSATION PLAN TO COMPEL DISCOVERY FROM THE NORTEL DEBTORS

Ernst & Young Inc., the court-appointed monitor (the "**Monitor**") and authorized foreign representative of Nortel Networks Corporation and certain of its direct and indirect subsidiaries, Nortel Networks Limited, Nortel Networks Technology Corporation, Nortel Networks Global Corporation, and Nortel Networks International Corporation (the "**Canadian Nortel Group**") in proceedings (the "**Canadian Proceedings**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, pending before the Ontario Superior Court of Justice (Commercial List) (the "**Ontario Court**"), hereby files this statement and reservation of rights of the Canadian Nortel Group with respect to the Motion of Robert Horne, James Young and the *Ad Hoc* Group of Beneficiaries of the Nortel Networks U.S. Deferred Compensation Plan (the

---

[1] The debtors in the chapter 11 cases, along with the last four digits of each such debtor's tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc. (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226) (collectively, the "**Debtors**")

"**Movants**") to Compel Discovery from the Debtors (the "**Motion**") [Dkt. No. 5631].  In support

hereof, the Monitor respectfully represents as follows:[2]

### STATEMENT AND RESERVATION OF RIGHTS

1.      The relief requested in the Motion appears on its face to be directed solely at the

Debtors, since the Movants generally refer throughout the Motion to the Debtors and the

proposed order refers only to the Debtors.  The Motion does however include a request[3] for the

Debtors to provide certain electronically stored information (ESI) from the available files of

Norma Crowder, Richard Beet [*sic*], Johannus Poos, Catherine Gilbert and Martin Cozyn, each

of whom the Monitor notes is a former employee of one of the Canadian Nortel Group

companies.  Furthermore, the Movants ask the Court, "[to] compel the Debtors to expand their

search for and production of ESI and hard copy documents to include:  (i) all reasonably

accessible documents of all present and former employees of the Debtors; and (ii) all reasonably

accessible documents from third parties that are within the Debtors control, including documents

maintained by third party agents, such as the Plan administrator, Mullen TBG, *as well as Nortel's*

*affiliated Canadian Debtors*."[4]

2.      The Monitor does not construe such relief as being applicable to the Nortel

Canadian Group, and, in any case, does not believe that, if granted, the relief requested would

require any of the Nortel Canadian Group companies to take any action in response to the

Movant's Discovery Requests.  The Nortel Canadian Group companies are not debtors in these

chapter 11 cases, and the Court does not have jurisdiction over the Nortel Canadian Group to

compel the Nortel Canadian Group to respond to the Discovery Requests.  This Court's *Order*

*Granting Recognition and Related Relief* [Case No. 09-10164; Docket No. 40], which

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.
[3] Motion at ¶¶ 41-43.
[4] *Id.* at ¶45 (emphasis added).

incorporates the Amended and Restated Initial Order of the Ontario Court, recognizes the jurisdiction of the Ontario Court over the Nortel Canadian Debtors.[5] Moreover, the Debtors do not control the Canadian Nortel Group companies.

3.      If the Movants seek information and documents in the possession, custody or control of the Canadian Nortel Group, or such records and documents in the possession of the Debtors that are property of the Canadian Nortel Group or protected under applicable privileges available to the Canadian Nortel Group, the Monitor hereby reserves the right to request a joint hearing before the Court and the Ontario Court, pursuant to the Cross-Border Insolvency Protocol,[6] to consider any such Discovery Requests that are directed at the Canadian Nortel Group or property of the Canadian Nortel Group.[7]

[Remainder of Page Intentionally Left Blank]

---

[5] The Amended and Restated Initial Order of the Ontario Court provides, "This [Ontario] Court orders that . . . no proceeding or enforcement process in any court or tribunal shall be commenced or continued against or in respect of any of the Applicants or the Monitor, or affecting the Business or the Property, except . . . with leave of this [Ontario] Court . . ." *See Amended and Restated Initial Order* at paragraph 15 (capitalized terms in this footnote as defined in the Amended and Restated Initial Order).

[6] The Cross-Border Insolvency Protocol was approved by this Court in its Order Approving Stipulation of the Debtors and the Official Committee of Unsecured Creditors of Nortel Networks Inc., *et al.*, Amending the Cross-Border Court-to-Court Protocol dated June 29, 2009 [Docket No. 990], and by the Ontario Court in its Fourth Amended and Restated Initial Order dated January 14, 2009 [Case No. 09-10164; Docket No. 298].

[7] The Monitor also notes that the improper disclosure of certain information regarding former employees of the Canadian Nortel Group could violate applicable Canadian privacy laws that provide ongoing protection for Canadian employees (current and former).

WHEREFORE, while the Monitor does not believe that the relief requested in the Motion would require the Canadian Nortel Group to take any action in response to the Discovery Requests made by the Movants if the Court were to grant the Motion, the Monitor files this statement and reservation of rights on behalf of the Canadian Nortel Group out of an abundance of caution to assert and preserve any applicable privileges of the Canadian Nortel Group and, the right to seek a joint hearing before the Court and the Ontario Court to consider any Discovery Request that is direct at the Canadian Nortel Group or the property of the Canadian Nortel Group.

Dated: July 5, 2011
      Wilmington, Delaware

**BUCHANAN INGERSOLL & ROONEY PC**

/s/ Mona A. Parikh
Mary F. Caloway (No. 3059)
Mona A. Parikh (No. 4901)
1105 North Market Street, Suite 1900
Wilmington, Delaware 19801
(302) 552-4200 (telephone)
(302) 552-4295 (facsimile)
mary.caloway@bipc.com
mona.parikh@bipc.com

- and –

Daniel J. Guyder
Jessica D. Lubarsky
**ALLEN & OVERY LLP**
1221 Avenue of the Americas
New York, New York  10020
(212) 610-6300 (telephone)
(212) 610-6399 (facsimile)
daniel.guyder@allenovery.com
jessica.lubarsky@allenovery.com

*Attorneys for Ernst & Young Inc., as Monitor*
*and Foreign Representative of the Canadian Nortel*
*Group*