IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
:
---------------------------------------------------------X

**DECLARATION OF DANIEL RAY IN SUPPORT OF
DEBTORS' OBJECTION TO THE MOTION
OF ROBERT HORNE, JAMES YOUNG,
AND THE *AD HOC* GROUP OF BENEFICIARIES OF
THE NORTEL NETWORKS U.S. DEFERRED COMPENSATION
PLAN TO COMPEL DISCOVERY FROM THE NORTEL DEBTORS**

I, Daniel Ray, declare under penalty of perjury as follows:

1.  I am currently a Senior Manager in Global Benefits at Nortel Networks Inc. ("NNI" or the "Company" and, together with the other above-captioned debtors, the "Debtors" or the "U.S. Debtors"). I have held my current position since August 2003. I have worked at NNI since April 1988 and in the Benefits Department since January 1990.

2.  I submit this declaration in support of the Debtors' Objection to the Motion (the "Motion") of Robert Horne, James Young and the *Ad Hoc* Group of Beneficiaries of the Nortel Networks U.S. Deferred Compensation Plan (the "Beneficiaries") to Compel Discovery from the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

Nortel Debtors. Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, information supplied to me by other employees of the Debtors or their affiliates and professionals retained by the Debtors, or learned from my review of relevant documents or upon my opinion based on my experience and knowledge of the Debtors' operations.

3. If I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this declaration.

4. I reviewed the list of individuals (together, the "Additional Individuals") identified by the Beneficiaries in paragraphs 41 and 43 of their Motion. The Additional Individuals identified by the Beneficiaries are not likely to have information that would lead to the discovery of non-duplicative, non-privileged information relevant to the formation, administration and/or termination of the Plan.

5. The following is an explanation of the Additional Individuals' roles with respect to the Plan and why they would not be likely to have non-duplicative, non-privileged information:

    a. **Paula Holden** was the Director of Benefits for several years but was not involved with the Plan. Paula's role involved the day-to-day operations of the benefit plans offered at the time, including the Capital Accumulation and Retirement Program (CARP) (which did not include the Plan). After the Plan was implemented, she was not involved with the day-to-day operation or design of the Plan. Paula left the Company several years ago.

    b. **Martin Cozyn** was the Vice President of Compensation and Benefits at the time the Plan was implemented. Martin was not involved with the day-to-day operation or design of the Plan. Martin left the Company several years ago.

    c. **Joy Haas** worked in the Supply Management group and was not involved with the Plan except perhaps with finalizing the contracts (including the Service Agreement) with MullinTBG. Joy was not

involved with the day-to-day operation or design of the Plan. Joy left the Company several years ago.

d. **Richard Beet**: I do not know of anyone named Richard Beet, but **Richard Beed** was a Human Resources Director who did not work with benefits and was not involved with the Plan other than to coordinate answers to employees' human resources questions after the filing of the Debtors' bankruptcy petitions. The personnel primarily responsible for the Plan would have provided the content of any answers to the Plan-related questions because Richard did not have any expertise in the Plan. Richard was not involved with the day-to-day operation or design of the Plan.

e. **Johnannus Poos** was a Director in the Treasury Group. The Plan personnel primarily responsible for the Plan reported up to him in 2008 and 2009. John was not involved with the day-to-day operation or design of the Plan.

f. **Catherine Gilbert** assisted Richard Beed with the human resources communications after the bankruptcy filing. Her role was similar to Richard Beed's in coordinating the content of the answers to employee questions. She also depended on the personnel responsible for the Plan to provide the answer-content for Plan-related inquiries because Catherine did not have any expertise in the Plan. Catherine was not involved with the day-to-day operation or design of the Plan.

g. **Bill Knapp** is an attorney and works in the legal department at Nortel. He is responsible for employment law issues and has not been involved with the Plan, except in so far as the Plan is referenced in an employee's final termination agreement with the Company. To the extent Bill had communications with other Nortel employees regarding the Plan, those communications generally were made primarily for the purpose of providing legal advice. Bill was not involved with the day-to-day operation or design of the Plan.

h. **Ruth Hills**: I do not know of anyone named Ruth Hills, but **Ruth Hillis-Jenkins** is an attorney and Senior Benefits Counsel at Nortel. Most of her communications to Plan primes about the administration, day-to-day operations, and termination of the Plan generally were made primarily for the purpose of providing legal advice.

i. **Amy Vukowitz** was never an employee of the Company. She was and may still be an employee of MullinTBG. Therefore the Company would not have direct access to her emails and documents.

[*Remainder of the page left intentionally blank.*]

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: July 1, 2011
Nashville, TN

_____
Daniel Ray