IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
: 
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
:
------------------------------------------------------------X

### DECLARATION OF GARY STORR IN SUPPORT OF DEBTORS' OBJECTION TO THE MOTION OF ROBERT HORNE, JAMES YOUNG, AND THE *AD HOC* GROUP OF BENEFICIARIES OF THE NORTEL NETWORKS U.S. DEFERRED COMPENSATION PLAN TO COMPEL DISCOVERY FROM THE NORTEL DEBTORS

I, Gary Storr, declare under penalty of perjury as follows:

1. I am an IT Director, Business Solutions, for Nortel Networks Inc. ("NNI" or the "Company" and, together with the other above-captioned debtors, the "Debtors" or the "U.S. Debtors"). I have held my current position since October of 2007. I joined NNI in November of 1990 and have held various positions at NNI during my tenure. My job responsibilities include the definition and execution of Nortel's[2] IT business solution strategy, which is currently focused on the sale of Nortel's assets and the wind down of the company. For example, I

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] "Nortel" is used herein to refer to the Debtors, their non-Debtor parents and their subsidiaries and affiliates. Nortel consists of Nortel Networks Corporation ("NNC"), the ultimate parent company; Nortel Networks Limited, NNC's principal Canadian operating subsidiary; NNI, the principal U.S. operating subsidiary and over 140 affiliates around the world.

recently oversaw the transfer of business solutions to Avaya, purchaser of Nortel's Enterprise business. Prior to assuming my current position at Nortel, I was employed by General Electric.

     2.     I submit this declaration in support of the Debtors' Objection to the Motion (the "Motion") of Robert Horne, James Young and the *Ad Hoc* Group of Beneficiaries of the Nortel Networks U.S. Deferred Compensation Plan to Compel Discovery from the Nortel Debtors. Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, information supplied to me by other employees of the Debtors or their affiliates and professionals retained by the Debtors, or learned from my review of relevant documents or upon my opinion based on my experience and knowledge of the Debtors' operations.

     3.     By way of background, for as long as I have been employed at Nortel, Nortel employees could store their e-mail messages in one of two ways: they archived e-mail messages to their Personal Folders (PST files) on their local hard drive and/or used one of a number of optional software backup solutions made available to employees. These software backup solutions include Second Copy and Iron Mountain's DBR (Data Backup & Recovery). The Debtors do not require employees to back up their personal computer hard drives, except as described below. Employees utilizing these solutions may have full or partial backup sets available depending on how the employees choose to configure the backup process. Names and employee identifiers of specific employees can be cross-referenced against a list of archived backup sets to determine whether backup sets exist for such employers.

     4.     There is no automated or central archiving process or solution in place for Nortel's e-mail servers, and retrieval of e-mail data must be executed from individual employees' hard drives or from the backup copies, for those employees who chose to back up their hard drives. As a result of the manner in which e-mails and electronic files of the Debtors'

current and former employees are stored, a search across all such e-mails and files would involve substantial cost and time, including without limitation the cost and effort of restoring all individual hard drives, to the extent such files exist and the search is feasible.

5. Beginning in October 2004, the Nortel IT department ("Nortel IT") began collecting hard drives of certain listed employees, as part of a larger document preservation effort related to Nortel's restatements of its consolidated financial statements. A "listed" employee was defined "as an employee working in Finance (including Control, Global Planning, Investor Relations and Tax) or Legal, and anyone in a JCI 6 or higher position" (the "Listed Employees"). The Listed Employees were instructed not to delete data from their hard drives. When a Listed Employee left the Company and his or her computer was returned to IT, the hard drive was then removed, catalogued and stored.

6. Beginning in April 2010, Nortel discontinued the collection of hard drives for Listed Employees transferring to a "buyer" company. Instead, Nortel executed a forced back-up of those employees' hard drives, to be retained in bulk storage. In February 2011, the Debtors also began to retain the hard drives of non-Listed Employees who did not transfer to a "buyer" company after they left the Company. Nortel continues to maintain a master inventory of all collected hard drives and the system data back-up.

7. In order to request access to ESI for current and certain former employees, the Debtors' counsel must submit a work order to Nortel IT. The work order must contain the name of the employee whose ESI is sought, as well as the relevant dates for the ESI requested. Upon receipt of such a work order, Nortel IT conducts a search of its master inventory record to determine whether that employee's hard drive, or a system data back-up thereof, is available.

8. If the employee's hard drive is available, Nortel IT uploads the requested data to a

3

secure server for the Debtors' counsel to review. If only system data back-up is available, Nortel IT restores the requested data to a new hard drive and either ships the hard drive or transmits its contents to the Debtors' counsel for review.

9.  In March 2011, Nortel IT undertook a search of its master inventory record to determine if there were hard drives or system data back-up for Linda Kathy Frates, Mary Anne Crowley, Norma Crowder, Daniel Ray ("Ray"), Debbie Lorimer ("Lorimer") and Cindy Kanaday ("Kanaday"). The search revealed that, for the current employees, Ray and Lorimer, Nortel IT had access to their hard drives. The remaining four employees were all former employees, and Nortel IT only had system back-up data for Kanaday. The Debtors needed to retain the services of Merrill Corporation, a third party vendor, in order to restore Kanaday's data.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: July 5, 2011
Morrisville, NC

_____
Gary Storr