IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| *In re* <br><br> Nortel Networks Inc., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 09-10138 (KG) <br><br> Jointly Administered <br><br> Hearing Date: July 11, 2011 at 9:30 a.m. <br> Objections Due: June 13, 2011 at 4:00 p.m. (ET) <br><br> **Ref: D.I. 5202, 5654** |

**SUPPLEMENTAL RESPONSE OF HEWLETT-PACKARD COMPANY TO DEBTORS' MOTION FOR ORDERS (I)(A) AUTHORIZING DEBTORS' ENTRY INTO THE STALKING HORSE ASSET SALE AGREEMENT, (B) AUTHORIZING AND APPROVING THE BIDDING PROCEDURES AND BID PROTECTIONS, (C) APPROVING THE NOTICE PROCEDURES AND THE ASSUMPTION AND ASSIGNMENT PROCEDURES, (D) APPROVING THE LICENSE REJECTION PROCEDURES, (E) APPROVING A SIDE AGREEMENT, (F) AUTHORIZING THE FILING OF CERTAIN DOCUMENTS UNDER SEAL AND (G) SETTING A DATE FOR SALE HEARING AND (II) AUTHORIZING AND APPROVING (A) THE SALE OF CERTAIN PATENTS AND RELATED ASSETS FREE AND CLEAR OF ALL CLAIMS AND INTERESTS, (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS, (C) THE REJECTION OF CERTAIN PATENT LICENSES AND (D) THE LICENSE NON-ASSIGNMENT AND NON-RENEWAL PROTECTIONS**

Hewlett-Packard Company ("HP"), a creditor and party-in-interest in the above-captioned Chapter 11 bankruptcy cases, by and through its undersigned counsel, hereby submits this supplement to its Response to the Debtors' Motions for Orders (I)(A) Authorizing Debtors'

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Entry into the Stalking Horse Asset Sale Agreement, (B) Authorizing and Approving the Bidding Procedures and Bid Protections, (C) Approving the Notice Procedures and the Assumption and Assignment Procedures, (D) Approving the License Rejection Procedures, (E) Approving a Side Agreement, (F) Authorizing the Filing of Certain Documents Under Seal and (G) Setting a Date for the Sale Hearing and (II) Authorizing and Approving (A) the Sale of Certain Patents and Related Assets Free and Clear of All Claims and Interests, (B) the Assumption and Assignment of Certain Executory Contracts, (C) the Rejection of Certain Patent Licenses and (D) the License Non-Assignment and Non-Renewal Protections ("Sale Motion"), filed on June 30, 2011 [Docket No. 5829], and, in support thereof, represents as follows:

## Supplemental Response

1.     On June 30, 2011, the consortium bid by Rockstar Bidco, LP (collectively, the "Purchaser") was the successful bid at the auction of the Assets.[2] Section 5.27 to sale agreement between the Purchaser and the Debtors (the "Sale Agreement"), which provision was not included in the stalking horse asset sale agreement, requires the Debtors to *inter alia*, upon written notice from the Purchaser and prior to the sale, conveyance, transfer, assignment and delivery to the Purchaser of the Assets, enter into one or more licenses (the "Optioned Licenses" described in Section 5.27 of the Sale Agreement) with the Purchaser and/or one or more of the Purchaser's limited partners in exchange for upfront license fees not to exceed one billon dollars. Section 5.27 nor any other part of the Sale Agreement identifies the intellectual property that will be subject of the Optioned Licenses

---

[2]     Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Response.

2. HP objects to Section 5.27 of the Sale Agreement pursuant to section 365(c) of the Bankruptcy Code to the extent that the Debtors seek to assign and/or sublicense any of HP's Commercial Licenses, including but not limited to, the Known HP Licenses, the Recently Discovered Licenses and the Embedded HP Licenses under that provision.  *See* Response.

3. Additionally, to the extent that Section 5.27 of the Sale Agreement purports to sell patents or grants licenses in patents that were not included in the definition of Assets in the Sales Agreement and Sale Motion, the Sale Motion should be denied.

**WHEREFORE**, HP respectfully requests that this Court:

(a) expressly limit the Optioned Licenses to licenses of the Assets;

(b) include in any order approving the sale of the Assets a provision identical to or substantially similar to that set forth in paragraph 34 of HP's Response;

(c) expressly state in any such Order that such sale shall not effect or otherwise impair HP's license agreements with any affiliate of the Debtors that is not a debtor before this Court;

(d) expressly state in any such Order that, to the extent that they contain licenses of patents to HP, the Known HP Licenses, the Recently Discovered HP Licenses and the Embedded HP Licenses constitute Commercial Licenses for purposes of the Sale Motion and Sale Agreement;

(e) expressly state in any such order that such sale shall not affect any licenses of intellectual property that do not contain a patent license;

(f) expressly state that HP shall retain its rights under sub-section 365(c) of the Bankruptcy Code to object to the conveyance or assumption and/or assignment of any and all agreements in which HP has an interest, including patents or licenses of intellectual property  to

the Purchaser by the Debtors pursuant Section 5.27 of the Sale Agreement;

  (g) expressly state that HP shall retain its rights to use any and all of the intellectual property granted under any license agreement the Debtors seek to reject pursuant to sub-sections 365(n)(1)(B), (n)(2) and (n)(3);

  (h) grant that HP be granted the relief sought in the AT&T Objection and the Nokia Objection; and

  (i) grant HP such other and further relief to which it shows itself entitled.

Dated: July 6, 2011    GIBBONS P.C.

      By: /s/ Natasha M. Songonuga
        Natasha M. Songonuga, Esq. (Bar No. 5391)
        1000 N. West Street, Suite 1200
        Wilmington, DE 19801-1058
        Telephone: (302) 295-4875
        Facsimile: (302) 295-4876
        E-mail: nsongonuga@gibbonslaw.com

        -and-

        David N. Crapo, Esq.
        One Gateway Center
        Newark, New Jersey 07102-5310
        Telephone: (973) 596-4523
        Facsimile: (973) 639-6244
        E-mail: dcrapo@gibbonslaw.com

        *Counsel for Hewlett-Packard Company*

#1673975 v2
108627-73770