**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------------X
             :
             :    Chapter 11
*In re*            :
             :    Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*, [1]   :
             :    Jointly Administered
      Debtors.      :
             :
-----------------------------------------------------------X

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**SHORTENING NOTICE RELATING TO DEBTORS' MOTION PURSUANT**
**TO 11 U.S.C. §§ 105(a) AND 363(b) FOR ENTRY OF AN ORDER APPROVING**
**THE AMENDED AND RESTATED IP TRANSACTION SIDE AGREEMENT**
**RE CERTAIN STRUCTURAL MATTERS AND GRANTING RELATED RELIEF**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in

possession, (collectively, the "Debtors") hereby move this Court (the "Motion") for the entry of

an order, substantially in the form attached hereto as Exhibit A, pursuant to sections 102(1) and

105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules

of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules") (i) shortening notice to allow the *Motion Pursuant To 11 U.S.C. §§*

*105(a) And 363(b) For Entry Of An Order Approving The Amended And Restated IP Transaction*

*Side Agreement Re Certain Structural Matters And Granting Related Relief* (the "Approval

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

Motion"),[2] filed contemporaneously herewith, to be considered on an expedited basis; (ii) setting

**July 10, 2011 at 12:00 PM (Eastern Time)** as the deadline to file objections to the Approval

Motion (the "Objection Deadline"); and (iii) scheduling a hearing on the Approval Motion for

the omnibus hearing currently scheduled for **July 11, 2011 at 9:30 AM (Eastern Time)** (the

"Hearing").  In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 102(1) and 105(a)

of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e).

### Background

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel

Networks (CALA) Inc.,[3] filed voluntary petitions for relief under chapter 11 of the Bankruptcy

Code, which cases are consolidated for procedural purposes only.  The Debtors continue to

operate their remaining businesses and manage their properties as debtors in possession pursuant

to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The Office of the United States Trustee for the District of Delaware (the "U.S.

Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in

respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized

(the "Bondholder Group").

---

[2]      Capitalized terms used but not defined herein have the meanings ascribed to them in the Approval Motion.

[3]      Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

5.      On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[4] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[5] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators").  Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6.      On June 19, 2009, Nortel announced that it was advancing in discussions with external parties to sell its businesses and that it would assess other restructuring alternatives for its businesses in the event that it was unable to maximize value through sales.  Since then, Nortel has sold many of its business units and assets to various purchasers.  Efforts continue to be made with respect to the realization of value from Nortel's remaining assets.  For further information

---

[4]      The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[5]      The EMEA Debtors include the following entities:  Nortel Networks UK Limited ("NNUK"), Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

## Relief Requested

7.  By this Motion, the Debtors seek an order (i) shortening the notice period for the Approval Motion to allow it to be considered on an expedited basis; (ii) setting **July 10, 2011 at 12:00 PM (Eastern Time)** as the Objection Deadline; and (iii) scheduling the Hearing on the Approval Motion for **July 11, 2011 at 9:30 AM (Eastern Time)**.

## Facts Relevant to this Motion

### A.   The Interim Funding and Settlement Agreement

8.  On June 9, 2009, the Debtors, the Canadian Debtors, the EMEA Debtors and the Joint Administrators entered into an Interim Funding and Settlement Agreement (the "IFSA") [6] governing certain intercompany matters, including the obligations of the parties to the IFSA with respect to the negotiation of an allocation protocol and the ultimate allocation of Sale Proceeds (as defined in the IFSA) from Sale Transactions (as defined in the IFSA), as more fully set forth therein.  On June 29, 2009, this Court entered an Order (A) Approving the Interim Funding and Settlement Agreement, and (B) Granting Related Relief [D.I. 993].

### B.   Sale of Nortel's Residual Patents

9.  On April 4, 2011 the Debtors filed a motion to sell their interest in Nortel's residual patents [D.I. 5202], and following an auction in accordance with the bidding procedures approved by this Court [D.I. 5359] entered into an asset sale agreement dated June 30, 2011 (the "Sale Agreement") by and among Rockstar Bidco, LP (the "Purchaser") and NNI, NNL, NNC,

---

[6]   The summaries and descriptions of the terms and conditions of the IFSA set forth in the Motion are intended solely for informational purposes to provide the Court and parties in interest with an overview of significant terms thereof and should only be relied upon as such.  The summaries and descriptions are qualified in their entirety by the IFSA.  In the event there is a conflict between the Motion and the IFSA, the IFSA shall control in all respects.

Nortel Networks UK Limited (in administration), Nortel Networks (Ireland) Limited (in administration), Nortel Networks S.A. (in administration and liquidation judiciaire), Nortel Networks France S.A.S. (in administration) and Nortel GmbH (in administration), certain other entities identified therein as sellers, the Joint Administrators and the French Liquidator, which agreement is subject to Court approval.  A joint hearing of this Court and the Canadian Court to consider the sale of Nortel's residual patent assets to the Purchaser is scheduled for July 11, 2011.

**C.     The Side Agreement**

10.     In connection with the entry into the Sale Agreement, and pursuant to the framework set forth in the IFSA, the Debtors and certain other Nortel entities negotiated the Side Agreement attached to the Approval Motion as Exhibit B to address certain issues among the Parties raised by their entry into the Sale Agreement, including certain issues related to the tax treatment of the Transaction proposed in the Sale Agreement.

**Basis for Relief**

11.     Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice."  Del. Bankr. L.R. 9006-1(e).  As set forth below, shortening notice is justified here.

12.     The Debtors respectfully submit that shortened notice is appropriate in this instance because court approval and authorization to enter into the Side Agreement is a complementary and necessary step to finalize the larger sale process of Nortel's residual patent assets to the Purchaser.  As part of entering into the Side Agreement, and the larger auction process, the Debtors agreed to seek Court approval of the Side Agreement in connection with the approval of the Transaction.  For these reasons, the Debtors believe that a hearing on the Approval Motion on shortened notice is in the best interests of the Debtors' estates and creditors.

13.     The Debtors have consulted with the Committee and the Bondholder Group, and understand that neither objects to the relief being sought in this Motion or in the Approval Motion.  The parties to the Side Agreement, those entities most likely to object to the relief sought in this Motion and the Approval Motion have also been extensively involved in the negotiation of the Side Agreement and accordingly will have ample time to object to the Approval Motion on the timeline proposed herein.  The Debtors do not expect objections to this Motion from such parties.

14.     For these reasons, the Debtors respectfully submit that allowing the Approval Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

## Notice

15.     Notice of the Motion is being given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) counsel to the Purchaser; (ii) U.S. Trustee; (ii) Monitor; (iii) counsel to the Committee; (iv) counsel to the Bondholder Group; (v) counsel to the Joint Administrators; and (vi) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

16.     No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this

Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and

(iii) grant such other and further relief as it deems just and proper.


Dated:  July 6, 2011               CLEARY GOTTLIEB STEEN & HAMILTON LLP
      Wilmington, Delaware

James L. Bromley (*admitted pro hac vice*)
Lisa M. Schweitzer (*admitted pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

   - and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*