**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- X

*In re*                             :      Chapter 11

                                         :

Nortel Networks Inc., *et al.*,[1]          :      Case No. 09-10138 (KG)

                                         :

                  Debtors.         :      Jointly Administered

                                         :

                                         :      **RE: D.I. _____**

-------------------------------------------------------- X

## ORDER SHORTENING NOTICE RELATING TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) FOR ENTRY OF AN ORDER APPROVING THE AMENDED AND RESTATED IP TRANSACTION SIDE AGREEMENT <u>RE CERTAIN STRUCTURAL MATTERS AND GRANTING RELATED RELIEF</u>

Upon the motion dated July 6, 2011 (the "<u>Motion</u>"),[2] of Nortel Networks Inc. and its

affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the

"<u>Debtors</u>"), for entry of an order, as more fully described in the Motion, (i) shortening notice to

allow the *Debtors' Motion Pursuant To 11 U.S.C. §§ 105(a) And 363(b) For Entry Of An Order*

*Approving The Amended And Restated IP Transaction Side Agreement Re Certain Structural*

*Matters And Granting Related Relief* (the "<u>Approval Motion</u>"), filed contemporaneously

herewith, to be considered on an expedited basis; (ii) setting **July 10, 2011 at 12:00 PM**

**(Eastern Time)** as the deadline to file objections to the Approval Motion (the "<u>Objection</u>

<u>Deadline</u>"); and (iii) scheduling the hearing on the Approval Motion for the omnibus hearing

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]      Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

currently scheduled for **July 11, 2011 at 9:30 AM (Eastern Time)** (the "<u>Hearing</u>"); and

adequate notice of this Motion and the Approval Motion having been given; and it appearing that

no other or further notice is necessary; and the Court having jurisdiction to consider the Motion

and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having

determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. §

157(b)(2); and the Court having determined that the legal and factual bases set forth in the

Motion establish just cause for the relief requested in the Motion, and that such relief is in the

best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the

record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Relief on the Approval Motion will be considered at the hearing scheduled for

**July 11, 2011 at 9:30 AM** (Eastern Time).

3. Objections, if any, to the Approval Motion shall be filed and served in accordance

with the Local Rules by no later than **July 10, 2011 at 12:00 PM** (Eastern Time).

4. Notwithstanding any provision in the Bankruptcy Code, the Bankruptcy Rules or

the Local Rules to the contrary, (i) the terms of this Order shall be immediately effective and

enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation,

enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their

discretion and without further delay, take any action and perform any act authorized under this

Order.

5.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated: July ___, 2011
          Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE