IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| NORTEL NETWORKS INC., *et al.*[1], | ) | Case No. 09-10138 (KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket Nos. 5202, 5359 and 5363 |

**CONDITIONAL NOTICE OF ELECTION, PURSUANT TO 11 U.S.C. § 365(n)(1)(B) TO RETAIN INTELLECTUAL PROPERTY RIGHTS LICENSED TO LENOVO BY THE DEBTORS; AND CONDITIONAL LIMITED OBJECTION OF LENOVO (SINGAPORE) PTE. LTD. TO MOTION FOR SALE OF DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES AND JOINT NOTICE OF (I) SALE OF PATENTS SUBJECT TO CERTAIN PATENT LICENSES AND (II) REJECTION OF CERTAIN PATENT LICENSES**

Lenovo (Singapore) Pte. Ltd. ("Lenovo") hereby files this its Conditional Notice of Election, Pursuant to 11 U.S.C. § 365(n)(1)(B) to Retain Intellectual Property Rights Licensed to Lenovo by the Debtors; and Conditional Limited Objection to Motion for Sale of Debtors' Assets Free and Clear of Liens, Claims and Encumbrances and Joint Notice of (I) Sale of Patents Subject to Certain Patent Licenses and (II) Rejection of Certain Patent Licenses; and (the "Notice and Objection"). In support thereof, Lenovo states as follows:

## BACKGROUND

1. On April 4, 2011, the above-captioned Debtors (the "Debtors") filed a motion [ECF No. 5202] (the "Sale Motion"), pursuant to sections 363 and 365 of title 11, United States Code (the "Bankruptcy Code"), seeking authorization to sell their rights, title and interests in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). The Debtors' ultimate corporate parent, Nortel Networks Corporation, Nortel Networks, Inc.'s direct corporate parent, Nortel Networks Limited, and certain of their Canadian affiliates filed an application with the Ontario Superior Court of Justice under the Companies' Creditors Arrangement Act (Canada) seeking relief from their creditors.

Conditional Notice of Election.DOC

substantially all of their patents, as well as certain related assets (collectively, the "Assets"), to Ranger, Inc. ("Ranger"), the stalking horse bidder for the Assets and a wholly-owned subsidiary of Google, Inc., or to the bidder that at the auction contemplated by the Sale Motion submitted the highest and best offer for the Assets (the "Winning Bidder"). Lenovo has not been served with a copy of the Sale Motion.

2. On May 2, 2011, the Bankruptcy Court entered its Order (A) Authorizing Debtors' Entry into the Stalking Horse Asset Sale Agreement, (B) Authorizing and Approving the Bidding Procedures and Bid Protections, (C) Approving the Notice Procedures and the Assumption and Assignment Procedures, (D) Approving the License Rejection Procedures, (E) Approving a Side Agreement, (F) Authorizing the Filing of Certain Documents Under Seal and (G) Setting a Date for the Sale Hearing [ECF No. 5359] (the "Sale Procedures Order"). The Sale Procedures Order approved, among other things, certain license rejection procedures set forth in the Sale Motion. Lenovo has not been served with a copy of the Sale Procedures Order.

3. Additionally, on May 2, 2011, the Debtors filed with the Bankruptcy Court their Joint Notice of (I) Sale of Patents Subject to Certain Patent Licenses and (II) Rejection of Certain Patent Licenses [ECF No. 5363] (the "Notice"). Upon information and belief, the Notice was served on all entities the Debtors believed to be parties to patent licenses to which the sale of the Assets was subject. Lenovo was not served with a copy of the Notice.

4. As is set forth in greater detail in the Sale Motion, the Sale Procedures Order, and in section 2.1.1(a) of the asset sale agreement attached to the Sale Motion as Exhibit "A" (the "ASA"), Ranger or the Winning Bidder agreed to purchase the Assets subject to certain licenses that the Debtors have granted to third-parties in connection therewith. Specifically, Ranger or the Winning Bidder consented to acquire the Assets subject to those licenses known to the Debtors and defined in the Sale Motion and/or the ASA as Commercial Licenses, Cross-License

Conditional Notice of Election.DOC                                              2

Agreements and Outbound License Agreements.² If all of a counterparty's licenses fall within one of the above three categories, the Notice provides that such counterparty need take no further action with respect thereto. Notice at 3.

5. By contrast, those licenses of which the Debtors are not aware at the time of the filing of the Notice (the "Unknown Licenses") are deemed not to constitute Commercial Licenses, Cross-License Agreements and Outbound License Agreements and are to be rejected by the Debtors pursuant to section 365 of the Bankruptcy Code. See Sale Motion ¶ 24; Notice at 3. In order for counterparties to the Unknown Licenses to avail themselves of the protections of section 365(n) of the Bankruptcy Code, the Sale Motion, the Sale Procedures Order and the Notice purport to require that they file with the Court an objection to the Sale Motion by May 31, 2011 or a section 365(n) election by June 6, 2011.³

6. Lenovo, in its capacity as successor to IBM Products Asia Pte. Ltd., is a beneficiary of the spin-out provisions of that certain License Agreement, effective January 1, 2001, by and between Nortel Networks Corporation, on behalf of itself and its Subsidiaries, and International Business Machines Corporation, on behalf of itself and its Subsidiaries (License Reference Number L014099), which includes express or implied licenses with respect to certain of the Assets (the "Lenovo Agreement"). It appears that Lenovo has not been served with copies of the Sale Motion, the Notice or the Sale Procedures Order. As a result of not having been served by the Debtors, Lenovo cannot determine whether the Lenovo Agreement is a Known License, as defined in the Sale Motion, Sale Procedures Order and Notice. To the extent that the

---

² As recognized by previous objections, see Docket No. 5619, the method employed by the Sale Motion to define these terms is confusing, at best. Without the benefit of individual notices, it is difficult, if not impossible, to determine the universe of licenses being assumed. By the same token, it is in fact impossible to determine those licenses being rejected, because the Debtors have not provided any schedule of Unknown Licenses (as defined below).

³ Because Lenovo never received notice of the Sale Motion, the Sale Procedures Order or any related pleadings, it submits that these deadlines do not preclude the Court's consideration of this Notice and Objection.

Conditional Notice of Election.DOC                3

Lenovo Agreement is a Known License, Lenovo does not object. However, to the extent the Lenovo Agreement is an Unknown License, then Lenovo makes the election identified below.

### NOTICE OF SECTION 365(n) ELECTION

7.      Out of an abundance of caution, and to the extent that the Lenovo Agreement is an Unknown License rejected in connection with the Sale Motion or the Sale Procedures Order, Lenovo hereby elects pursuant to section 365(n) of the Bankruptcy Code to retain its rights to the Debtors' intellectual property under the Lenovo Agreement after the sale of the Assets contemplated by the Sale Motion, to the fullest extent permitted under the law.[4]

### CONDITIONAL LIMITED OBJECTION

8.      As set forth above, Lenovo has neither received a copy of the Notice nor been otherwise notified of the filing of the Sale Motion, the Sale Procedures Order, or any related pleadings. Moreover, the Debtors have filed no schedules specifically identifying the licenses they intend to reject as part of the sale of the Assets. Lenovo is therefore unable to confirm whether the Lenovo Agreement has been or could be scheduled as a Known License, or in the alternative, whether it is an Unknown Agreement to be rejected after consummation of the sale contemplated by the Sale Motion. This lack of notice is impermissible pursuant to Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure. See In re Folger Adam Security, Inc. v. DeMatteis/MacGregor JV, 209 F.2d 252 (3d Cir. 2000) (discussing statutory and constitutional notice requirements and concluding that notice provided to defendant-contractor was insufficient); In re MMH Auto. Group, LLC, 385 B.R. 347, 357 (Bankr. S.D. Fla. 2008), as amended, (Mar. 18, 2008) (entity that holds or asserts an interest in property trustee seeks to sell is entitled to receive notice of the trustee's intent to sell that property, particularly when the trustee seeks to sell the property free and clear of that entity's interest, so long as entity has not

---

[4] Lenovo has not attached to this Notice and Objection a copy of the Lenovo Agreement. Such agreement is available upon request to counsel for Lenovo.

Conditional Notice of Election.DOC                                            4

"hidden" such interest); see also Compak Cos., LLC v. Johnson, 415 B.R. 334, 338-39 (N.D. Ill. 2009) (holding that a license in intellectual property constitutes an "interest" for purposes of section 363(f) of the Bankruptcy Code).

9.  Indeed, at least one court has held that sales of intellectual property rights without proper notice to license counterparties may be void to the extent of the alteration of such counterparties' rights. See Compak Cos., 415 B.R. at 340 (finding that bankruptcy court order approving sale of patent owner's assets violated sublicensees' due process rights, and thus was void insofar as it purported to extinguish sublicensees' patent license, even where objecting sublicensees' president was shown to have had *actual* notice of debtor's bankruptcy, where court never identified license in notice of sale, sublicensees were not listed in licensor's bankruptcy schedules, and sublicensees were not provided notice of sale, thereby depriving them of opportunity to seek adequate protection).

10. Accordingly, out of an abundance of caution, to the extent Lenovo's election is opposed or otherwise deemed untimely or improper, Lenovo hereby objects to the Sale Motion, the sale provided for therein and the Notice to the extent that they entail rejection of any of the Lenovo Agreement without an opportunity for Lenovo to exercise its rights under section 365(n) of the Bankruptcy Code.

11. Similarly, to the extent Lenovo's election is opposed or otherwise deemed untimely or improper, Lenovo also objects to the Sale Motion, the Notice and the Sale Procedures Order because they contravene the policy and purpose of section 365 of the Bankruptcy Code. The Debtors may not simply abdicate their duty to review their executory contracts, including licenses, prior to the sale of the Assets. To hold otherwise would be to place the burden on the Debtors' counterparties to come forward and timely identify those licenses under which they intend to retain their rights or else risk losing the benefit of section 365(n).

Such a result is neither equitable nor proper, particularly where the relevant counterparty receives no notice from the Debtors whatsoever.

12. Under these circumstances, to the extent Lenovo's election is opposed or otherwise deemed untimely or improper, the Debtors should not be permitted to reject the Lenovo Agreement (and certainly not without affording Lenovo the protections available under section 365(n) of the Bankruptcy Code) absent a showing that the Debtors have reviewed the agreement and in their business judgment opted to reject it and without sufficient notice to Lenovo of such rejection.

## CONCLUSION

13. Lenovo conditionally objects to the treatment of the Lenovo Agreement potentially contemplated by the Sale Motion. To the extent Lenovo's election is deemed timely and valid, then Lenovo does not object to the sale contemplated by the Sale Motion.

DATED: July 6, 2011

                                           /s/ Christopher D. Loizides
Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:   (302) 654-0248
Facsimile:   (302) 654-0728
E-mail:       loizides@loizides.com

*Counsel for Lenovo (Singapore) Pte. Ltd.*