IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
:
*In re*                                                : Chapter 11
:
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                     :
: Jointly Administered
         Debtors.   :
: RE: D.I. 4638, 4897
:
------------------------------------------------------X

## ORDER APPOINTING MEDIATOR AND RELATED RELIEF

On December 22, 2010, the Debtors filed their Motion for an Order Pursuant to 11 U.S.C. §§ 105, 541, 542 and 543 and Bankruptcy Rule 9019 (I) Approving the Stipulation By and Between NNI and U.S. Bank National Association, (II) Directing U.S. Bank National Association to Turn over Property to NNI, and (III) Granting Related Relief Related to the Nortel Networks U.S. Deferred Compensation Plan, filed on December 22, 2010 (the "Motion") [D.I. 4638].

On February 7, 2011, Robert Horne, James Young, and the *Ad Hoc* Group of Beneficiaries of the Nortel Networks U.S. Deferred Compensation Plan (the "Beneficiaries," and, together with the Debtors, the "Parties") filed an objection (the "Objection") to the Motion [D.I. 4897].

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

On July 11, 2011, the Parties advised the Court that they have agreed that the resolution of the Parties' dispute relating to the Motion and the Objection would be aided by the appointment of a mediator to assist them in their settlement negotiations.

The Parties have agreed that it would be beneficial for the mediation to occur after certain documents are produced, which the Debtors expect to produce in the upcoming weeks.

IT IS HEREBY ORDERED THAT:

1. Jacob A. Esher, of Mediation Works Incorporated, 4 Faneuil Hall, Fourth Floor, Boston, MA 02109, is appointed as mediator (the "Mediator") for mediation of the Parties' dispute relating to the Motion and the Objection.

2. The Debtors will pay the Mediator's fees and expenses.

3. Notwithstanding the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Mediator may conduct the mediation as he sees fit, establish rules of the mediation, and consider and take appropriate action with respect to any matters the Mediator deems appropriate in order to conduct the Mediation, subject to the terms of this Order. Without limitation, notwithstanding Local Rule 9019-5(c), the Mediator may modify the time periods in Local Rule 9019-5(c) as the Mediator deems appropriate. The mediation will be confidential, and the Mediator will treat all documents he receives as confidential.

4. Solely for purposes of mediation, and without prejudice to the Parties' arguments in connection with the Motion Of Robert Horne, James Young, And The *Ad Hoc* Group Of Beneficiaries Of The Nortel Networks U.S. Deferred Compensation Plan To Compel Discovery From The Nortel Debtors [D.I. 5631] (the "Beneficiaries' Motion to Compel"), and the Debtors' Objection thereto [D.I. 5866], the Debtors shall produce to counsel for the Beneficiaries copies of the Mullin TBG census lists, eligibility and participant lists and account statements that have

been or may be produced, that do not redact the names or home addresses of employees identified as eligible to participate in the Nortel Networks U.S. Deferred Compensation Plan, which documents shall be designated as Highly Confidential – Attorneys' Eyes Only pursuant to the Agreed Protective Order Between The Debtors And Certain Beneficiaries Of The Nortel Networks U.S. Deferred Compensation Plan [D.I. 5689] (the "Agreed Protective Order"). The Debtors shall also produce prior to the start of the mediation the remainder of the production from the records of Mullin TBG that the Debtors have previously agreed to produce, provided, however, that the Debtors reserve the right to produce such documents in redacted form. The Debtors understand that the Beneficiaries may assert that they require additional documents and information, including the removal of redactions from documents already produced by the Debtors, from the Debtors in order to successfully engage in the mediation. The Parties shall endeavor in good faith to discuss and resolve such requests regarding the exchange of such documents and information prior to the mediation. The Parties further understand that the Beneficiaries may assert that members of the Beneficiaries' steering committee may require access to certain previously-produced documents that have been designated as Highly Confidential – Attorneys' Eyes Only pursuant to the Agreed Protective Order, in order to be able to successfully engage in the mediation. The Parties shall endeavor in good faith to agree on whether to allow such documents to be disclosed to members of the Beneficiaries' steering committee for purposes of the mediation, and the method, scope and restrictions concerning such disclosure. This Order is without prejudice to the rights, remedies, objections and defenses of any Party as to discovery in connection with the Debtors' Motion and the Beneficiaries' Objection, and all such rights are reserved.

5. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

6. The hearing on the Beneficiaries' Motion to Compel and the Debtors' Objection thereto is adjourned to August 23, 2011, or to such later omnibus hearing date as agreed to by the Parties or ordered by the Court. The hearing on the Debtors' Motion and the Beneficiaries' Objection thereto is adjourned to October 19, 2011, or to such later omnibus hearing date as agreed to by the Parties or ordered by the Court.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: July 11, 2011
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE