IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X
:
In re                                                       :   Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                          :   Case No. 09-10138 (KG)
:
:   Jointly Administered
Debtors.                                                    :
:   RE: D.I. 5343, 5625
:
-----------------------------------------------------------X

## FIRST SUPPLEMENTAL ORDER AUTHORIZING THE CLAIMS AGENT TO REFLECT CERTAIN CLAIMS THAT HAVE BEEN SATISFIED AS PAID

Upon the motion dated April 29, 2011 (the "Motion")[2] of Nortel Networks Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order, as more fully described in the Motion, to authorize the Claims Agent to reflect in the Claims Register that the Satisfied Obligations identified on Exhibits B and C attached thereto have been paid and are entitled to no voting rights or distribution from the Debtors or the Debtors' estates in these chapter 11 cases; and upon the Declaration of John J. Ray, III in Support of Debtors' Motion for Entry of an Order Authorizing the Claims Agent to Reflect Certain Claims that Have Been Satisfied as Paid, attached to the Motion as Exhibit D; and adequate notice of the Motion having been given as set

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon entry of the Order Authorizing the Claims Agent to Reflect Certain Claims that have been Satisfied as Paid [D.I. 5625]; and upon the record in these proceedings; and after due deliberation;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** with respect to Claim No. 2192 filed by Alternate Communications International Ltd. The Claims Agent is hereby authorized to reflect in the Claims Register that Claim No. 2192 has been fully paid in the Satisfied Amount identified in Exhibit B to the Motion ($17,010.00) and is not entitled to any voting right or any distribution from the Debtors or the Debtors' estates in these chapter 11 cases.

2. The hearing on the Objection with respect to Claim No. 3007 filed by BT America's Inc., is continued to the omnibus hearing scheduled in these chapter 11 cases on July 26, 2011 at 9:30 a.m.

3. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors, the Claims Agent, and the Clerk of the Court are authorized to take all actions necessary and appropriate to give effect to this Order.

4. This Order is without prejudice to the Debtors' right to object to any claim or interest filed in these cases.

5. This Court retains jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: July 11, 2011
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE