## NOTICE OF CLAIMS PURCHASE AGREEMENT

**Johnson Controls, Inc.** a Wisconsin Corporation, its successors and assigns ("Seller"), for good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, does hereby absolutely and unconditionally sell and transfer unto **CORRE OPPORTUNITIES FUND, LP**, a Delaware limited partnership, its successors and assigns ("Buyer") all rights, title and interest in and to the claim(s) of Seller in the principal amount of $1,300,030.25 (proof of claim amount, defined as the "Claim") against **NORTEL NETWORKS INC et. al.** (the "Debtor" ) together with interest, if any, in the United States Bankruptcy Court, DISTRICT OF DELAWARE, or any other court with jurisdiction over the Proceedings (the "Court"), Administered at **Case Number 09-10138** (defined as the "Proceedings")

Seller hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing this Claims Purchase Agreement as an unconditional sale and the Buyer herein as the valid owner of the Claim.

IN WITNESS WHEREOF, the undersigned has duly executed this Agreement by its duly authorized representative dated the __28__ day of __JUNE__, 2011.

Johnson Controls, Inc.
(Company Name)

VP AMERICAS

WITNESS _____

_____
(Print Name and Title of Witness)

_____
(Print Name and Title of Corporate Officer)

CORRE OPPORTUNITIES FUND, LP

WITNESS _K. Barrett_
Kevin Barrett

_Eric Soderlund_
(Print Name, Corre Opportunities Fund, LP)

Exhibit "A"

CLE-1255486.1

# PROOF OF CLAIM

| United States Bankruptcy Court for the District of Delaware |
|---|
| Nortel Networks Claims Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC |
| FDR Station, P.O. Box 5075 |
| New York, NY 10150-5075 |

| In Re: | Chapter 11 |
|---|---|
| Nortel Networks Inc., et al. | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
| Nortel Networks Inc. | 09-10138 |

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. A separate claim form must be used for claims asserted under 11 U.S.C. § 503(b)(9).

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
Johnson Controls, Inc.
2215 York Road
Drake Plaza, Suite 110
Oak Brook, IL 60523

Also Notify:
Alan S. Kopit, Esq. & Christopher W. Peer, Esq.
Hahn Loeser & Parks LLP
200 Public Square, Suite 2800
Cleveland, OH 44114

Telephone number: (216) 621-0150    Email Address: cpeer@hahnlaw.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____ (If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number:    Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are filing a claim against any of the Canadian Debtors for the same claim herein in their creditor protection proceedings pending in Canada.

1. **Amount of Claim as of Date Case Filed:** $ 1,300,030.75 ****

   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

2. **Basis for Claim:** goods supplied and services rendered
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** 8533
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe: _____
   Value of Property: $_____    Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____    Basis for perfection: _____
   Amount of Secured Claim: $_____    Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   Amount entitled to priority:
   $_____

6. **Credits:** The amount of all payments on this claim h[as]

7. **Documents:** Attach redacted copies of any documen[ts, purchase] orders, invoices, itemized statements of running accounts[,] may also attach a summary. Attach redacted copies of do[cuments] You may also attach a summary. (See definition of "reda[cted"]
   DO NOT SEND ORIGINAL DOCUMENTS. ATTAC[HMENTS MAY BE DESTROYED AFTER] SCANNING.
   If the documents are not available, please explain:

Filed: USBC - District of Delaware
Nortel Networks Inc., Et Al.
09-10138 (KG)    0000005508

FOR COURT USE ONLY

FILED / RECEIVED
SEP 3 0 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: 9/28/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
Mark Wiesner, Accounting Manager

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

***Claimant reserves the right to amend, supplement or otherwise modify this claim and all attachments hereto as it deems necessary and/or proper.

****Claim reflects setoffs applied pursuant to Order Granting Motion of Johnson Controls, Inc. Pursuant to Sections 362 and 553 of the Bankruptcy Code for Relief from the Automatic Stay to Effectuate a Setoff of Prepetition Amounts Owed By and Between Johnson Controls, Inc. and Debtors.

## EXPLANATION OF CLAIM

Johnson Controls, Inc. ("JCI")
    Total Invoices to Nortel Network, Inc.        $4,432,148.75

Less setoff to Nortel Network, Inc.        ($3,347,894.39)
    (out of an approved $3,792,367.05 for set-off)

**JCI PREPETITION CLAIM**        $ 1,084,254.36
    **(before trailing costs later identified)**

**Trailing Costs**        $ 215,776.39

**Final JCI Prepetition Claim**        $1,300,030.75

CLE - 1255510.1

## Johnson Controls, Inc.

## ATTACHMENT TO PROOF OF CLAIM

### Background

Services JCI provided to NNI

On August 14, 2006, Johnson Controls, Inc. ("JCI") and Nortel Networks, Ltd (the Canadian parent of NNI, "NNL") entered into a certain Master Services Agreement No. 06-170 (as amended from time to time and as agreed, the "MSA").[1]

Pursuant to the MSA, among other instructions, JCI (and its affiliates) provides facilities management services to NNL (and its affiliates, including NNI). The MSA provides the general terms and conditions governing the relationships between (i) JCI and its affiliates operating in different North American nations and (ii) NNL and its affiliates operating in different North American nations.

Pursuant to Section 1.3.1 of the MSA, obligations for (i) JCI and JCI affiliates to provide services and (ii) NNL and NNL affiliates to make payments are established on the local (geographic) level, under numerous, geographically based, Local Country Participation Agreements (collectively, the "LCPAs"). Each LCPA incorporates the terms and conditions of the MSA.

No LCPA, as such, exists relating to the obligations of NNI and JCI for services provided in the United States because the definition of LCPA under the MSA states that "upon issuance of a P.O. from Nortel Networks, Inc. this Agreement shall be the LCPA for the United States." NNI is the party responsible to make payments to JCI for services provided in the United States pursuant to the purchase orders, which are the LCPA in the United States.

Services Provided by NNI to JCI

---

[1] Provisions of the MSA protect the general confidentiality of the MSA. Accordingly it is not attached.

CLE - 1325039.1

On May 5, 2000, JCI and NNI entered into the Enterprise Solutions Services Agreement (the "ESSA").[2]

The ESSA provides the general terms and conditions upon which JCI purchases telecommunications goods and services from NNI.

Motion to Set Off Mutual Claims (as amended and modified)

On February 16, 2009, JCI filed its *Motion for Relief from Stay to Effectuate a Setoff of Prepetition Amounts Owed by and Between Johnson Controls, Inc. and Debtors* (the "Motion to Set-Off") [Docket No. 300] seeking authority of this Court to set-off the $3,397,041.04 that it owed to NNI (the "Amounts Owed to NNI") against the $4,432,148.75 that NNI owed to JCI (the "JCI Invoices to NNI").[3]

On February 18, 2009, JCI filed its *Exhibit (Supplement to Motion for Relief from Automatic Stay to Effectuate a Setoff of Prepetition Amounts Owed by and Between Johnson Controls, Inc. and Debtors)* [Docket No. 324] amending the Motion to Set-Off to include a previously unidentified invoice.

On March 10, 2009, JCI filed its *Second Supplement to Motion for Relief from Stay to Effectuate a Setoff of Prepetition Amounts Owed by and Between Johnson Controls, Inc. and Debtors* (the "Supplement to the Motion to Set-Off") [Docket No. 448] further amending the Motion to Set-Off to account for then identified additional Amounts Owed to NNI. This amendment amended the Amounts Owed to NNI to a sum of $3,792,367.05.

---

[2] Provisions of the ESSA protect the general confidentiality of the ESSA. Accordingly it is not attached. Concurrent with the filing of this Motion, JCI endeavors to work with NNI to make the ESSA available to the Court, and other appropriate interested parties.

[3] Copies of invoices reflecting the Amounts Owed to NNI and the JCI Invoices to NNI are attached to the *Motion to Set-Off* and are available through the Court's PACER ECF filing system, or upon request from JCI's counsel.

Upon further reconciliation, out of the Amounts Owed to NNI, JCI confirmed that the actual amounts of the Amounts Owed to NNI equal a sum of $3,347,894.39, and have applied the approved set-off for this amount.[4]

On March 20, 2009 the Court entered the *Order Granting Motion of Johnson Controls, Inc. Relief From the Automatic Stay to Effectuate a Setoff of Prepetition Amounts Owed by and Between Johnson Controls, Inc. and Debtors* [Docket No. 512] authorizing and approving of the set-offs requested in the Motion to Set-Off, as amended and modified. JCI's resulting unsecured claim equals $1,084,254.36 ($4,432,148.75 - $3,347,894.39).[5]

**Trailing Costs**

During its reconciliation of their claims, JCI identified an additional $215,776.39 in prepetition claims of which they were unaware when the Motion to Set-Off (and the Supplements) was prepared and filed (the "Trailing Costs"). JCI includes this amount in its Proof of Claim now. Documentation relating the Trailing Costs can be made available upon request.

**Reservation of Rights**

JCI reserves all rights to amend, modify or supplement this proof of claim and the attachments hereto. JCI further reserves the right to assert some or all claims for administrative priority claims. The headings herein and on the proof of claim form are for ease of reference only and do not limit in any way the basis for JCI's claim.

---

[4] Copies of invoices reflecting the Additional Amounts Owed to NNI are attached to the *Supplement to the Motion to Set-Off* and are available through the Court's PACER ECF filing system, or upon request from JCI's counsel.
[5] This claim relates solely to JCI's claim(s) against NNI, and not relating to any other Debtors or any other affiliates of NNI, including without limitation claims against NNL.

CLE - 1325039.1

# HAHN ⊕ LOESER

Colleen M. Beitel

Direct Phone: 216.274.2470
Direct Fax: 216.274.2440
Email: cmbeitel@hahnlaw.com

September 29, 2009

**VIA FEDERAL EXPRESS**

Nortel Networks Inc. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY 10017

Re:  *Nortel Networks Inc.,* Case No. 09-10138

To Whom It May Concern:

Enclosed please find an original and three copies of the general unsecured claim in the amount of $1,300,030.75 to be filed on behalf of Johnson Controls, Inc. in the referenced bankruptcy case. Please see that the enclosed copies are time and date stamped and returned to me in the self-addressed, postage prepaid envelope provided for your convenience.

Thank you for your assistance in this matter.

Very truly yours,

*Colleen M. Beitel*

Colleen M. Beitel
Paralegal

Enclosures

cc:  Christopher W. Peer, Esq.

CLE - 1373084.1

| From: | Origin ID: BKLA  (216) 274-2470 | Ship Date: 29SEP09 |
|---|---|---|
| | Colleen Beitel<br>HAHN LOESER & PARKS LLP<br>2800 BP TOWER<br>200 PUBLIC SQUARE<br>CLEVELAND, OH 44114 | ActWgt: 1.0 LB<br>CAD: 3139410/INET9090<br>Account#: S ******** |




J09300907312023

Delivery Address Bar Code

SHIP TO: (646) 282-2400       BILL SENDER

**c/o Epiq Bankruptcy Solutions, LLC**
**Nortel Networks Inc. Claims Process**
**757 3RD AVE FRNT 3**

**NEW YORK, NY 10017**

Ref #     036626.02431
Invoice #
PO #
Dept #

TRK# 0201  7979 7326 5900

WED - 30SEP    A1
**FIRST OVERNIGHT**

**N1 OGSA**

10017
NY-US
EWR



1. Select the 'Print' button to print 1 copy of each label.
2. The Return Shipment instructions, which provide your recipient with information on the returns process, will be printed with the label(s).
3. After printing, select your next step by clicking one of the displayed buttons.

   Note: To review or print individual labels, select the Label button under each label image above.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.