```
                IN THE UNITED STATES BANKRUPTCY COURT
                  FOR THE DISTRICT OF DELAWARE

IN RE:                         )   Case No. 09-10138(KG)
                               )
NORTEL NETWORKS, INC.,         )   Chapter 11
         et al.,               )
                               )   Jointly Administered
                               )
                               )   Courtroom 3
                               )   824 Market Street
            Debtors.           )   Wilmington, Delaware
                               )
                               )   July 11, 2011
                               )   9:30 a.m.
```

                     TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE KEVIN GROSS
                 UNITED STATES BANKRUPTCY JUDGE

TELEPHONIC APPEARANCES:

For the Debtors:            Morris, Nichols, Arsht & Tunnell
                            BY: DEREK ABBOTT, ESQ.
                            BY: ANN CORDO, ESQ.
                            1201 North Market Street
                            18th Floor
                            Wilmington, DE 19899-1347
                            (302) 351-9459

                            Cleary, Gottlieb, Steen & Hamilton
                            BY: LISA M. SCHWEITZER, ESQ.
                            BY: JAMES BROMLEY, ESQ.
                            BY: JUNE KIM, ESQ.
                            BY: EMILY BUSSIGEL, ESQ.
                            BY: JAMES CROFT, ESQ.
                            BY: MATTHEW VANEK, ESQ.
                            One Liberty Plaza
                            New York, NY 10006
                            (212) 225-2629

ECRO:                       GINGER MACE

Transcription Service:      DIAZ DATA SERVICES
                            331 Schuylkill Street
                            Harrisburg, Pennsylvania 17110
                            (717) 233-6664
                            www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service

APPEARANCES:
(Continued)

For the Committee:          Akin Gump
                            BY: DAVID BOTTER, ESQ.
                            BY: BRAD KAHN, ESQ.
                            BY: JOSHUA STURM, ESQ.
                            One Bryant Park
                            New York, NY 10036
                            (212) 872-1000

                            Richards Layton & Finger
                            BY: CHRIS SAMIS, ESQ.
                            One Rodney Square
                            920 North King Street
                            Wilmington, DE  19801
                            (302) 651-7531

For E&Y, Canadian           Allen & Overy, LLP
Monitor & Canadian          BY: KEN COLEMAN, ESQ.
Debtors:                    1221 Avenue of the Americas
                            New York, NY 10020
                            (212) 610-7300

For Bondholder Group:       Milbank Tweed Hadley McCloy
                            BY: CINDY CHEN DELANO, ESQ.
                            One Chase Manhattan Plaza
                            New York, NY  10005-1413
                            (212) 530-5885

For U.S. Trustee:           Office of the U.S. Trustee
                            BY: PATRICK TINKER, ESQ.
                            J. Caleb Boggs Federal Bldg.
                            844 King Street, Suite 2207
                            Wilmington, DE 19801
                            (302) 573-6491

For Nokia:                  Werb & Sullivan
                            BY: DUANE D. WERB, ESQ.
                            300 Delaware Ave, Ste.1300
                            Wilmington, DE  19801

                            Alston & Bird, LLP
                            BY: JOHN C. WEITNAUER, ESQ.
                            One Atlantic Center
                            1201 West Peachtree Street
                            Atlanta, GA  30309-3424
                            (404) 881-7780

APPEARANCES:
(Continued)

For Thomas Betts:          Morris James, LLP
                           BY: CARL N. KUNZ, III, ESQ.
                           500 Delaware Ave., Ste.1500
                           Wilmington, DE

For HP:                    Gibbons PC
                           BY: NATASHA SONGONUGA, ESQ.
                           One Gateway Center
                           Newark NJ  07102-5310
                           (973) 596-4537

For Microsoft:             Brown Stone Nimeroff, LLC
                           BY: JAMI NIMEROFF, ESQ.
                           Two Commerce Square
                           2001 Market Street, Suite 3420
                           Philadelphia, PA  19103
                           (267) 861-5335

For Apple, Inc.:           Weil Gotshal & Manges, LLP
                           BY: MARCIA GOLDSTEIN, ESQ.
                           767 Fifth Avenue
                           New York, NY  10153

                           Cole Schotz Meisel Forman & Leonard
                           BY: SANJAY BHATNAGAR, ESQ.
                           900 Third Avenue, 16th Floor
                           New York, NY

For International
Data Group:                Potter Anderson & Carroon, LLP
                           BY: R. STEPHEN MCNEILL, ESQ.
                           1313 North Market St., 6th Fl.
                           Wilmington, DE  19801

For IEE:                   Dorsey & Whitney, LLP
                           BY: ERIC LOPEZ SCHNABEL, ESQ.
                           1105 North Market St., Ste.1600
                           Wilmington, DE  19801
                           (302) 425-7162

APPEARANCES:
(Continued)

For Ad Hoc Committee of
Deferred Comp Plan
Beneficiaries:                    Blank Rome, LLP
                                  BY: BONNIE GLANTZ FATELL, ESQ.
                                  1201 Market Street, Ste. 800
                                  Wilmington, DE  19801
                                  (302) 425-6423


                                  Bernstein Shur
                                  BY: ROBERT KEACH, ESQ.
                                  100 Middle Street
                                  Portland, ME  04104-5029
                                  (207) 228-7334

For Rockstar Consortium: Paul Weiss Rifkind Wharton &
                                  Garrison, LLP
                                  BY: STEPHEN J. SHIMSHAK, ESQ.
                                  BY: DIANE MEYERS, ESQ.
                                  1285 Avenue of the Americas
                                  New York, NY  10019-6064
                                  (212) 757-3000

For Quest Corporation:   Reed Smith, LLP
                                  BY: TIMOTHY REILEY, ESQ.
                                  1201 Market St., Ste. 1500
                                  Wilmington, DE  19801


For Special Counsel to
RRI:                              Benesch Friedlander Coplan &
                                  Aronoff, LLP
                                  BY: RAYMOND H. LEMISCH, ESQ.
                                  222 Delaware Avenue, Ste. 801
                                  Wilmington, DE  19801-1611
                                  (302) 442-7005


For Anister:             Campbell & Levine, LLC
                                  BY: AYESHA S. CHACKO, ESQ.
                                  800 North King St., Ste. 300
                                  Wilmington, DE  19801
                                  (302) 426-1900

APPEARANCES:
(Continued)

For SCI Brookville:        Drinker Biddle & Reath, LLP
                           BY: JOSEPH N. ARGENTINA, JR.
                           One Logan Square, Ste. 2000
                           Philadelphia, PA  19103-6996
                           (215) 988-2541

                           Drinker Biddle & Reath, LLP
                           BY: ROBERT K. MALONE, ESQ.
                           500 Campus Drive
                           Florham Park, NJ  07932-1047
                           (973) 549-7080

TELEPHONIC APPEARANCES:

For Morgan Stanley:        Morgan Stanley
                           BY: COLIN ADAMS, ESQ.
                           (212) 761-1620

For Solus, LP:             Solus, LP
                           BY: STEPHEN BLAUNER, ESQ.
                           (212) 373-1562

For PSAM:                  PSAM, LP
                           BY: PHILIP E. BROWN,ESQ.
                           (212) 649-9596

For Turner Broadcasting:   Vorys Sater Seymour & Pease, LLP
                           BY: TIFFANY S. COBB, ESQ.
                           (614) 646-8322

For Oracle America:        Magnozzi & Kye, LLP
                           BY: AMISH R. DOSHI, ESQ.
                           (516) 299-5556

For Nortel Networks:       Cleary Gottlieb Steen & Hamilton
                           BY: MEGAN FLEMING-DE LA CRUZ, ESQ.
                           (212) 225-2108

For Paul Weiss:            Paul Weiss Rifkind Wharton &
                           Garrison, LLP
                           BY: ANDREW HENNIGAR, ESQ.
                           (212) 373-3167

TELEPHONIC APPEARANCES:
(Continued)

For Official Committee
of Unsecured Creditors:      Akin Gump Strauss Hauer & Feld, LLP
                             BY: FRED S. HODARA, ESQ.
                             (212) 872-8040

For Verizon:                 Arnall Golden & Gregory, LLP
                             BY: DARRYL LADDIN, ESQ.
                             (404) 873-8500

For Apple, Inc.:             Weil Gotshal & Manges, LLP New
                             BY: CHRISTOPHER G. LINDEN, ESQ.
                             (212) 310-8292

For Barclay's Capital:       Barclays Capital, Inc.
                             BY: OLIVIA MAURO, ESQ.
                             (212) 412-6773

For Victoria Nassi:          Victoria Nasi, In Pro Per/Pro se
                             (415) 860-2525

For Trustee of Nortel
Networks UK Pension:         Willkie Farr & Gallagher, LLP
                             BY: BRIAN O'CONNOR, ESQ.
                             (212) 728-8000

For B.J. Watrous:            B. J. Watrous, In Pro Per/ Pro Se
In Propria Persona           (408) 862-4148

1

1    WILMINGTON, DELAWARE, MONDAY, JULY 11, 2011, 9:33 A.M.

2              THE COURT:  Good morning, everyone.  Thank you,

3    please seated.  Mr. Abbott, good morning.

4              MR. ABBOTT:  Good morning, Your Honor.  Derek

5    Abbott here for the U.S. debtors.

6              Your Honor, we're here in an omnibus hearing day

7    and there's quite a bit on and following on with a joint

8    hearing that we understand will start at 10:00.

9              THE COURT:  That's correct.

10             MR. ABBOTT:  Your Honor, obviously, that's sort

11   of the big show today and there are a lot of people here for

12   that.  What we had hoped to do, Your Honor, was tackle a

13   couple of these U.S. items first.  We're going to jump

14   around a little bit to facilitate getting the appropriate

15   orders couriered over and things like that --

16             THE COURT:  Of course.

17             MR. ABBOTT:  -- if we may, Your Honor.

18             THE COURT:  Absolutely.

19             MR. ABBOTT:  So what I would like to do, Your

20   Honor, if possible is cede the podium to Ms. Kim to deal

21   with Item No. 10.

22             THE COURT:  All right.

23             MR. ABBOTT:  If I may.

24             THE COURT:  Thank you, Mr. Abbott.  Good morning,

25   Ms. Kim.

1          MS. KIM:  Good morning, Your Honor.  For the

2     record, June Kim, Clearly, Gottlieb, Steen & Hamilton on

3     behalf of the debtors.

4          THE COURT:  Yes.

5          MR. ABBOTT:  Your Honor, as you are aware in

6     December 2010, the debtors filed a motion for turnover of

7     the assets in a rabbi trust relating to the debtors'

8     deferred compensation plan.  And many of the plan

9     participants objected to the debtors having engaged in

10    discovery with the plan participants.  And at this point,

11    the debtors have made a significant production of documents,

12    although the production is not yet quite complete.  And as

13    attested by the motion to compel that would have been up for

14    hearing today, there are some outstanding issues in dispute.

15         Nevertheless, the debtors believe that it would

16    be worthwhile at this point to engage in settlement

17    discussions with beneficiaries concerning the turnover

18    motion.  Mr. Keach and Ms. Fatell are in the courtroom and

19    able to speak on behalf of their clients, but the -- suffice

20    it to say, the beneficiaries agreed to engage in settlement

21    discussions with the debtors.  And the parties also agreed

22    to that it would make sense to ask the court to appoint a

23    mediator to assist in the settlement discussions.  The

24    parties agreed on the selection of a proposed mediator.

25         THE COURT:  Okay.

1          MS. KIM:  And would propose the appointment of

2     Jacob Esher of Mediation Works, Incorporated.  I understand

3     from Mr. Esher that he has cleared conflicts and is

4     available to mediate this dispute.

5          The debtors further agree to pay the costs of

6     mediation given that Mr. Keach and Ms. Fatell's clients are

7     individual former and current employees of the debtors.  And

8     the parties have agreed on a proposed order appointing a

9     mediator which if Your Honor would allow me to approach, it

10    might be helpful to have it in front of you.

11         THE COURT:  Of course.  Yes, Ms. Kim, thank you.

12    Thank you.  The order is certainly acceptable to me, Ms.

13    Kim.

14         MS. KIM:  Thank you, Your Honor.  I just wanted

15    to point out that in addition to what I just discussed, the

16    order also deals with certain documents that the --

17         THE COURT:  Yes.

18         MS. KIM:  -- debtors have agreed to produce

19    solely for the purposes of mediation.  And also raises a

20    possibility that the beneficiaries may ask that members of

21    their steering committee may require access to certain

22    documents that the debtors have designated as attorney's

23    eyes only for the purpose of engaging in the mediation.  And

24    the parties have agreed to endeavor in good faith with

25    respect to any such requests, as well as, any further

1   requests by the beneficiaries for additional documents or

2   information and contains a general reservation of rights.

3   And finally, the order contains adjournment dates for the --

4             THE COURT:  Yes.

5             MS. KIM:  -- motion to compel, as well as, the

6   underlying turnover motion.

7             THE COURT:  Exactly.

8             MS. KIM:  And the debtors believe that mediation

9   of the underlying dispute and the hopes of reaching a

10  consensual resolution would be a good use of the debtors'

11  resources and preferable to actively litigating the matter

12  at this time and would request that this Court enter the

13  proposed order and appoint a mediator.

14            And if Your Honor has any questions, I'd be happy

15  to answer them, otherwise I would cede the podium to Mr.

16  Keach and Ms. Fatell.

17            THE COURT:  All right, thank you.  Good morning,

18  good to see you.

19            MR. KEACH:  Good morning, Your Honor.  Robert

20  Keach for the ad hoc group of beneficiaries.

21            I'll be very brief.  We were able, the debtors

22  did reach out and suggest settlement discussions.  We were

23  obviously happy to engage in settlement discussions.  There

24  have been ongoing efforts at completing discovery.  We have

25  been very -- been able to be very cooperative in some

1  respects and have been reaching an impasse in other

2  respects, but we have agreed to do enough we think to have a

3  meaningful mediation.  As you'll note in the order, we have

4  reserved the right to come back here if we need to in order

5  to get additional documents necessary for the mediation

6  effort, but we're comfortable at this point that we have

7  enough to go forward and if we need to come back, we will.

8              THE COURT:  All right.

9              MR. KEACH:  Barring any questions, Your Honor,

10  we're happy with a form of order.  I would note that Mr.

11  Horne from the ad hob group is in the phone.  The ad hoc

12  group has seen the form of order.  It has also signed off on

13  it as well.

14              THE COURT:  Excellent.

15              MR. KEACH:  Thank you, Your Honor.

16              MR. HORNE:  Good morning, Your Honor.

17              THE COURT:  Good morning, Mr. Horne.

18              MR. HORNE:  How are you?

19              THE COURT:  Very well.  How are you today?

20              MR. HORNE:  Fairly well, sir, and thank you for

21  the purpose here.  I will not speak anymore unless spoken to

22  by attorneys because I know that is the correct way to do

23  it.

24  (Laughter)

25              THE COURT:  All right, Mr. Horne, thank you, sir.

1    I appreciate it.  Anyone else wish to be heard with respect

2    to the proposed order?

3    (No audible response.)

4            THE COURT:  All right.  Well I won't say too much

5    either.  I think that it's certainly always helpful to have

6    mediation in a dispute.  And if I can be at all helpful in

7    the process in one way or another, please don't hesitate to

8    call upon me in the meantime, but otherwise, I'm going to

9    sign the order and wish you all good luck.

10           MS. KIM:  Thank you, Your Honor.

11           MR. ABBOTT:  Your Honor, we thought we'd next

12   address the pre-trial status conferences with respect to the

13   adversary proceedings.  I think that was Item 12 on the

14   agenda.  I'm not -- I forget which item but, Your Honor,

15   Matt Vanek from Cleary will be presenting at least that

16   scheduling order and discussing the status, if I may, Your

17   Honor.

18           THE COURT:  All right, all right.

19           MR. ABBOTT:  Thank you.

20           THE COURT:  Thank you, Mr. Abbott.

21           MR. VANEK:  Good morning, Your Honor.

22           THE COURT:  Good morning.

23           MR. VANEK:  Good morning.

24           THE COURT:  Do you by any chance know the number

25   on the agenda?

1            MR. VANEK:  I do, let me just --

2            MR. ABBOTT:  It is 12.

3            MR. VANEK:  12.

4            THE COURT:  There it is.  I'm sorry, of course.

5            MR. VANEK:  Right.  For the record, Your Honor,

6    Matt Vanek for Clearly Gottlieb --

7            THE COURT:  You're welcome.

8            MR. VANEK:  -- of Clearly Gottlieb for the

9    debtors.

10           So, Your Honor, the debtors are here today for an

11   initial pre-trial scheduling conference in four adversary

12   proceedings seeking to avoid and recover preferential

13   transfers --

14           THE COURT:  Yes.

15           MR. VANEK:  -- by the debtors, Nortel Networks,

16   Inc., and Nortel Networks (CALA).  At the outset, I would

17   draw your attention to one change that has taken place

18   subsequent to the filing of the agenda and that is that one

19   of the matters scheduled for today has come off the agenda

20   and I have a revised form of order and a black line that I

21   could hand up if I may approach.

22           THE COURT:  You certainly may, thank you.  Good

23   morning.  Thank you.

24           MR. VANEK:  And as Your Honor will see, the only

25   change is that the action against Thomas & Betts

1   Manufacturing has come off and that no dates or other

2   substantive provisions have changed.  With respect to Thomas

3   & Betts, it's by the agreement of the parties, that action

4   has been adjourned to a later pre-trial date.

5           THE COURT:  All right.

6           MR. VANEK:  A few other points on the cases that

7   are going forward.  With respect to the Anixter preference -

8   -

9           THE COURT:  Yes.

10          MR. VANEK:  -- that case has been resolved in

11  principal and is -- the settlement papers are now being

12  finalized.  Pending that, at the request of Anixter, I would

13  make the following representations on the record.

14          That Anixter de Mexico which is a foreign

15  defendant will not be expected to answer pending

16  finalization of those -- of the settlement.  And second,

17  that the deadlines in the scheduling order are subject to

18  extensions by agreement between the parties obviously and

19  that the debtors will not unreasonably withhold their

20  consent to such extensions pending that finalization.

21          And as noted on the agenda in addition, Your

22  Honor, the case against Telmar Network Technology has been

23  adjourned to a September 6, pretrial.

24          And with regard to the McCann matter, the debtors

25  do not intend to seek entry of a scheduling order in that

1  matter as well.  And just to give, just by way of

2  background, although Cleary is not counsel in the McCann

3  matter, just for expediency sake, it's my understanding that

4  the Court has previously entered a scheduling order in that

5  case --

6              THE COURT:  Yes.

7              MR. VANEK:  -- but that McCann has asserted a

8  conduit defense.  Other parties have been added to that

9  action.  There are now dispositive motions pending on behalf

10 of some of those defendants and not all -- and in addition,

11 not all parties have yet been served.  So the parties

12 believe it is premature to seek entry of a scheduling order

13 with regard to that matter.  If you have any questions on

14 that, I would defer to my colleague at Morris Nichols.

15             And additionally, three -- this is also as noted

16 on the agenda.  Three additional matters that will not go

17 forward today.  Those are Kinnarps Project Solutions,

18 Spellbound Media, and Copula Teleservices and those are

19 foreign defendants who have not yet been served and so they

20 will go forward at a later date.

21             And finally, Your Honor, as noted on the agenda,

22 there is a separate proposed scheduling order that will be

23 submitted under a certification of counsel with -- in the

24 SCI Brockville --

25             THE COURT:  Yes.

1    MR. VANEK:  And with that, just briefly on the

2  order, Your Honor.  This is -- as we've done in the past,

3  the debtors have sent out to all defendants copies of this -

4  - copies of the proposed form of order in advance of today's

5  conference.  And this order mirrors six previous scheduling

6  orders that have been entered in respect to the avoidance

7  actions in these cases beginning in January of this year and

8  there are no substantive deviations from those previous

9  scheduling orders.  And this -- and as we've explained in

10  the past, this -- that the proposed form of order closely

11  tracks, Your Honor's form scheduling order with a few minor

12  variations.  I'm happy to walk through those if you like,

13  but unless --

14    THE COURT:  They were acceptable, those few

15  changes.

16    MR. VANEK:  Okay.

17    THE COURT:  Yes.

18    MR. VANEK:  So unless Your Honor has any other

19  questions, we would ask for entry of this order.

20    THE COURT:  All right, thank you.  Anyone else

21  with to be heard?

22  (No audible response.)

23    THE COURT:  All right.  I am going to sign --

24  I'm sorry.

25    MR. CRAPRO:  This is David Crapo for Hewlett

1   Packard.

2           THE COURT:  Yes, sir, good morning.

3           MR. CRAPO:  Good morning.  I had submitted or I

4   received a copy of the order which I had submitted to my

5   client pushing some of the deadlines out by about 20 to 30

6   days.  I had not heard back before -- from the client before

7   now.  I'd like to get that resolved before an order is

8   entered.

9           MR. ABBOTT:  Your Honor, may I have a short

10  moment?

11          THE COURT:  You may, Mr. Abbott, certainly.  Mr.

12  Abbott?

13          MR. ABBOTT:  Your Honor, Derek Abbott on behalf

14  of the Nortel debtors, Your Honor.  We're representing the

15  debtors with respect to HP matters.

16          THE COURT:  Right.

17          MR. ABBOTT:  Your Honor, I was unaware of Mr.

18  Crapo's request.  My suggestion would be that we simply

19  carve them out of this order today.  We'll work with them to

20  either come to a consensual order or be back in front of the

21  Court arguing competing forms of order, but we're not

22  prepared to do that today if that would be acceptable.

23  That's maybe the quickest way to resolve that.

24          THE COURT:  Mr. Crapo is that acceptable to you

25  as well?

1          MR. CRAPO:  That is acceptable to me, Judge

2     Gross.

3          THE COURT:  All right, good.  And let me just

4     say, you know, I am fairly liberal in making adjustments to

5     these scheduling orders as the need arises.  But I

6     understand it's hopeful that you'll reach a consensual form

7     of order.  So why don't I just take Hewlett Packard off the

8     caption.  Would you like me to do that?

9          MR. ABBOTT:  I think that makes perfect sense,

10    Your Honor.

11         THE COURT:  Okay.  So we're just taking that case

12    off this caption and then I will sign the order.

13         MR. ABBOTT:  Thank you, Your Honor.

14         MR. CRAPO:  Thank you, Your Honor.

15         THE COURT:  Certainly.

16         MS. COBB:  Your Honor?

17         THE COURT:  Yes.

18         MS. COBB:  This is Tiffany Cobb with the Vorys

19    Law Firm on behalf of Turner Broadcasting Sales, TNN, and

20    Time.

21         If I may briefly speak to the McCann adversary.

22    As counsel for the Nortel debtors stated among other things

23    that additional parties have been added, my clients have

24    filed a recent motion in which that very issue is in

25    dispute.  And I just wanted for clarity sake to make

1    reference to that on the record.  I think it's premature to

2    have that argued, but I did want to note that there is an

3    issue with that with whether or not my clients have been

4    added or other parties have been added under the federal

5    rules.

6                MR. VANEK:  Yeah, I would actually defer to my

7    colleague at Morris Nichols on that question.

8                THE COURT:  Ms. Cordo, good morning.

9                MS. CORDO:  Good morning, Your Honor.  For the

10    record, Annie Cordo of Morris, Nichols, Arsht & Tunnell on

11    behalf of the debtors.

12                We are representing Nortel with regards to the

13    McCann Erickson adversary proceedings.  On that, those

14    motions that were filed is actually one of the reasons we're

15    deferring entry of the scheduling order until those are

16    resolved.  And then once all that is resolved, we'll have a

17    scheduling order entered for those additional defendants.

18                THE COURT:  All right.  Thank you, Ms. Cordo.

19                MS. CORDO:  Thank you.

20                MS. COBB:  Thank you, Your Honor.

21                THE COURT:  Yes, thank you.  Anyone else?

22    (No audible response.)

23                THE COURT:  All right.  I better sign the order

24    before someone speaks up.

25    (Laughter)

1                MR. VANEK:  Thank you very much, Your Honor.

2                THE COURT:  Thank you.  Ms. Cordo, good morning,

3    again.

4                MS. CORDO:  Good morning, again, Your Honor.  Now

5    we're jumping back forward in the agenda to Items 7 and 8.

6                THE COURT:  All right.

7                MS. CORDO:  And those are the debtors' nineteenth

8    omnibus objection to claims and --

9                THE COURT:  Yes.

10                MS. CORDO:  -- the debtors' motion for entry of

11   an order deeming claims, certain claims satisfied.  With

12   regard to those, I have supplemental orders.  On the

13   nineteenth omnibus objection, it is the second supplemental

14   order.  And this time we are -- we agreed with Security

15   Services USA to reduce the amount of their claim to $7,900 -

16   - sorry, $97,640.35.  And then we are adjourning the hearing

17   with regards to the Claim 880 filed by Corning, Incorporated

18   and Claim 7406 filed by Receivable Management Services

19   Corporation on behalf of Dunn & Bradstreet.  And those are

20   the only matters that with regards to the nineteenth omnibus

21   objection.

22                THE COURT:  All right.

23                MS. CORDO:  With the first supplemental order

24   authorizing that certain claims have been deemed satisfied,

25   we have reached an agreement with Alternate Communications

1  International, Ltd.  And they have agreed that that claim

2  has been satisfied as identified in the exhibit in the

3  amount of $17,010.  And we are adjourning the motion with

4  regards to Claim 3007 filed by BT Americas, Inc.

5              THE COURT:  All right.

6              MS. CORDO:  If I may approach with the forms of

7  order?

8              THE COURT:  You certainly may.  Thank you, Ms.

9  Cordo.  Thank you.  All right.  Does anyone else wish to be

10  heard with respect to these motions?

11  (No audible response.)

12              THE COURT:  All right, hearing no one, I'm

13  signing the order.

14              MS. CORDO:  Thank you, Your Honor.

15              THE COURT:  The orders, I should say.

16              MS. CORDO:  Thank you.  And I believe that is the

17  last U.S. only matter we have before the jo8int hearing.

18              THE COURT:  All right.  And I think the timing is

19  good.  I'm going to take a brief recess and go back and just

20  coordinate the timing with Justice Morawetz and then I'll be

21  back out further, I hope.  Thank you, Counsel.

22  (Recess from 9:54 a.m. to 10:18 a.m.)

23              THE CLERK:  Please rise.

24              THE COURT:  Good morning, again, everyone.  Thank

25  you and please be seated.  Good morning Justice Morawetz.

1               JUSTICE MORAWETZ:  Good morning, Judge Gross.

2    And I hope that everybody can hear me in your courtroom in

3    Delaware this morning.

4               THE COURT:  We can hear you.  It's slightly

5    garbled, but we can at least hear better, I think.

6               JUSTICE MORAWETZ:  Hopefully, that will improve

7    matters.

8               THE COURT:  It certainly does, thank you.

9               JUSTICE MORAWETZ:  Good morning, Counsel in

10   Toronto and in Wilmington.  As with previous hearings, these

11   are being conducted in accordance with the cross border

12   protocol that has previously been approved by the Courts.

13   Judge Gross and I have had the opportunity to consult with

14   respect to the procedures for this morning.  And I think

15   consistent with what we have done in the past, unless there

16   are other arrangements that the parties wish to present, it

17   would start with proceedings in Delaware.  And after the

18   submissions have been completed there, there would be

19   submission in this Court, followed by a break where both

20   Judge Gross and I would then consult with one another on the

21   future direction.  Mr. Tay, does that sound fine with your

22   group?

23               MR. TAY:  That's fine.

24               THE COURT:  No parties objecting here.  Judge

25   Gross, over to you.  Thank you very much.

1          THE COURT:  Thank you, Justice Morawetz.  Ms.

2    Schweitzer, good morning.

3          MS. SCHWEITZER:  Good morning, Your Honors, Judge

4    Gross and Mr. Justice Morawetz.  Before we begin with the

5    big show I believe as Derek Abbott called it, I want to

6    thank you both for making the time on your calendars to have

7    the joint hearing today.

8          THE COURT:  Absolutely.

9          MS. SCHWEITZER:  I know Mr. Justice Morawetz is

10   in from a well deserved vacation otherwise and I know there

11   was a lot of reshuffling so thank you.  When we asked for

12   adjournment, we believed that by adjourning the auction date

13   and the hearing date, that we'd be able to realize more

14   value for the assets.  And hopefully, the proof is in the

15   pudding today that we're happy with the result.

16         THE COURT:  Yes.

17         MS. SCHWEITZER:  So as you're aware, we're

18   seeking the approval of the sale of the patents which is the

19   last of the major Nortel assets.  We'll remind everyone that

20   two years ago this month, we were before of the Courts to

21   seek approval of the CDMA business.  There we had a stalking

22   horse purchase price of about $650 million.  And as you'll

23   remember, Mr. Bromley told you that we had an auction in

24   Cleary and the sun was setting, the Statue of Liberty, you

25   know, backdrop --

1  (Laughter)

2         MS. SCHWEITZER:  -- and at the close of auction

3  there, we had nearly doubled the purchase price to $1.13

4  billion.  So it's been a long two years and we've had a lot

5  more suns rising and setting and the Cleary auctions.  But

6  you'll recall we had the Enterprise auction, again we had

7  doubled the purchase price to $900 million.  And a series of

8  quite successful auctions that led us to raise about $3

9  billion in gross proceeds at the time.  And at this point,

10 we've now successfully transitioned those businesses over to

11 the buyers and are winding off the TSA's, their transition

12 services agreements.  We've saved also several hundred --

13 several tens of thousands of jobs in the process by having

14 people transfer over to buyers.

15        And we come to seek the approval of the last big

16 sale which was started with a solicitation of interest last

17 year that ultimately led to the announcement of the stalking

18 horse bid to Ranger, Inc., a subsidiary of Google, Inc., for

19 a stalking horse bid of $900 million.

20        Now, Judge Gross, I thought this was going to be

21 one of the more interesting things on your docket this

22 month, but of course, that was before major league baseball

23 came to town so.

24        THE COURT:  Yes.

25 (Laughter)

1              MS. SCHWEITZER:  We'll have to use the metaphor

2    there.  We think we've hit a homerun.  We're in the grand

3    slam mode here.  But in seriousness, we're very pleased with

4    the results of auction.  It's been record breaking both in

5    terms of this case and in terms of the patent industry

6    generally.  I understand and have been told that this is the

7    largest sale of patents desegregated from a business at over

8    6,000 patents both in terms of numbers of patents and in the

9    size of the sale, both at their original price and certainly

10   at the final price.  At $900 million it's also the highest

11   stalking horse bid in the case.

12             THE COURT:  Yes.

13             MS. SCHWEITZER:  It was the largest number of

14   qualified bidders.  We had five qualified bidders

15   participating at auction.  And for better or for worse, the

16   longest auction also, four days, long days and into the

17   evenings often.  Most rounds of bidding at 19 rounds of

18   bidding where bids were accepted.  And it all ended with the

19   highest final sale price of $4.5 billion with a bid from

20   Rockstar which of course instead of merely doubling the

21   stalking horse prices we've done in the past, actually more

22   than doubled the total proceeds realized from the asset

23   sales throughout the bankruptcy process.  So wow, right?

24             THE COURT:  Um-hum.

25             MS. SCHWEITZER:  So while the estates may not

1 agree on everything these days, I think we all agree that

2 the use of the U.S. auction style procedures and the 363

3 process certainly has been effective in this case for

4 realizing value for the Nortel debtors and for our creditors

5 and estates worldwide.

6         And so as Your Honor's indicated you prefer, what

7 we will do today in bringing the sale forward is to start in

8 the United States with our affirmative case.  To go through

9 the agreement, the law, and then turn it over to Canada for

10 their affirmative case.  We're at the point where we've

11 resolved most if not all the objections.  I'm hearing about

12 the last ones as they're mumbling in the background.  There

13 might be one or two still standing that we consider

14 secondary to the larger process.  So after we both do our

15 affirmative cases, we'll come back to the United States

16 where I can walk you through the objections that have been

17 resolved and address any that still remain.

18         THE COURT:  Okay.

19         MS. SCHWEITZER:  And then we'll turn it back to

20 Canada to do the same.

21         THE COURT:  That makes sense.

22         MS. SCHWEITZER:  So to start with, what we're

23 seeking approval today.  We're obviously seeking approval of

24 the asset sale agreement that was filed as the successful

25 bid.  It's been sold to the consortium known as Rockstar

1  Bidco.  It's not often you get to work with rock stars.

2  (Laughter)

3        THE COURT:  No.

4        MS. SCHWEITZER:  So it's been quite a fun

5  auction.  The members of the Rockstar's consortium, each

6  Rockstar's on their own consist of Apple, Research in Motion

7  or RIM, EMC Corporation, Erickson, Sony, and Microsoft.  And

8  they formed a consortium through the bidding process that

9  ultimately wound up being -- leading to the bid, put in with

10  Rockstar Bidco as the purchaser.

11        The assets being sold consist of Nortel's

12  residual patents and certain related assets.  There are over

13  6,000 patents and patent applications being sold that span

14  different areas of wireless telephone use and internet

15  search social networking and all sorts of things.

16        The purchase price as we said is $4.5 billion.

17  There are no purchase price adjustments similar to the

18  business sales.  It's a flat price to be delivered.  And in

19  this case because of the joining of the two bidders, the

20  good faith deposit now that the debtors have in our

21  possession is $54 million instead of $27 million so the

22  difference is what will be paid at closing.

23        In the U.S., the debtor sellers are Nortel

24  Networks, Inc., or NNI.  We have NN -- Applications

25  Management Solutions, Inc., Nortel Alt Systems, Inc.,

1  CoreTech, Cutera [ph] Corporation, and Kyros and they're all

2  listed in the sale agreement, but just so everyone knows

3  who's involved.

4           THE COURT:  Yes.

5           MS. SCHWEITZER:  Compared to the stalking horse

6  agreement, they're a few changes that are more material and

7  considered improvements in all regard.  First of all, well

8  of course the purchase price.  Beyond that, the $45 million

9  indemnity that was purchaser favorable in the original

10 stalking horse agreement has been removed.  So there's no

11 again post closing adjustment to the price or escrow of the

12 price.

13          The seller disclosure schedules have been

14 updated.  These are the lists of the known licenses that

15 we've identified for the purchaser.  They've been updated to

16 include different licenses that either we've fixed technical

17 errors or have otherwise clarified or surfaced since the

18 signing of the original stalking horse agreement.

19          And we also changed the definition of permitted

20 encumbrances to address certain objections and I'll get to

21 that when we talk about the objections what the changes have

22 been and we'll introduce that into the record.  The closing

23 is no longer subject to come by the purchaser to any of what

24 we call mandatory regulatory approvals.  In plain English,

25 there's no HSR risk.  There's no anti-trust risk to the

1   deal.

2            In this -- this agreement also differs from the

3   stalking horse agreement in that there's a different

4   mechanic.  That prior to closing, the seller at the

5   purchaser's request can deliver a license in addition just

6   to the conveyance of the assets that will be delivered

7   immediately prior to the closing of the sale.  And a certain

8   portion of the purchase price up to $1 billion can be

9   designated towards that license.  So while it's a different

10  mechanic that it might be a license and then we immediately

11  convey the licensor's rights and that license over with the

12  rest of the assets, plus the conveyance of the sale.  So the

13  sellers, we consider this the same in the end as just the

14  sale of assets for the total consideration coming back in.

15  It doesn't affect the purchase price, it's just a mechanic

16  that creates some tax advantages for the purchasers.

17           The sellers have entered into a side letter

18  related to that different structure and I'll get to that

19  again later on.  And also the -- since the time that the

20  successful bid was filed, the purchaser has approached us

21  with a possibility of requesting an increase on the

22  percentage of the purchase price that could be designated

23  over towards the license to $1.5 or $2 billion.  That's

24  under consideration by the sellers.  We don't believe we

25  need to come back to the Courts for further approval if we

1    were to move the designation over because again, it's not

2    affecting the total proceeds.  And as for tax reasons on the

3    purchaser's side rather than providing the sellers with more

4    consideration, so we'll respond to that request in time.

5           To go through more changes compared to the

6    stalking horse agreement, there's no break fee or expense

7    reimbursement payable obviously, to Rockstar.  By accepting

8    this bid, the break fee becomes due and payable to Ranger,

9    Inc., as the stalking horse purchaser at closing.  And it

10   gets paid from the closing proceeds.  And the sellers have

11   now terminated the stalking horse agreement with Ranger,

12   Inc., having accepted this alternative transaction.

13          So in more -- I think there's a more detailed

14   summary of the changes to the sale agreements.  Some of the

15   secondary changes that was in the monitor report.  It's the

16   seventy-first report of the monitor --

17          THE COURT:  Yes.

18          MS. SCHWEITZER:  -- that's on the docket under

19   5881 in the U.S. Court.  So without walking through the rest

20   of them, I just wanted to highlight some of the bigger ones.

21          As Your Honors are also aware and as we described

22   in the original hearing to approve the bidding procedures,

23   that the sale here contains certain license non-renewal

24   procedures in Paragraph 28 of the sale order where the

25   debtors as part of the sale agree that we're not going to

1  the extent that the patents are now conveyed and we have

2  licenses that are not being assigned over, that we're not

3  going to voluntarily extend, modify, enhance those licenses

4  beyond whatever we're actually required to do in order for

5  the purchaser to be able to enjoy the full value of their

6  assets.

7            There have been no objections to that procedures

8  other than there was one by Microsoft which has since been

9  withdrawn.  So they've gone through.  We don't think they're

10 objectionable.  They haven't been objected to, but just

11 because they're non-traditional or non-standard, we wanted

12 to highlight that for you.  And the terms of the provisions

13 is Paragraph 28 of the U.S. sale order unchanged from their

14 original order that was filed way back in April.

15           The sale agreement also -- and the related orders

16 have a right to assume and assign contracts over to the

17 purchaser.  At this time, no contracts have been designated

18 for assumption and assignment over.  Again, this isn't a

19 business conveyance so we don't have the same supplier and

20 customer contracts going over.  We've left in the mechanism

21 so that we have the right to do so if something does come up

22 and we need to convey it over, we'll follow those

23 procedures.  But as of now, no notices have been given.

24 Certain people had asked for that specifically to be

25 clarified.

1          The -- obviously the -- all the motions and

2    notices of the successful bid, notice of the adjournment of

3    auction all have been properly noticed in accordance with

4    the bidding procedures.

5          THE COURT:  Yes.

6          MS. SCHWEITZER:  Sent to creditors and

7    counterparties to licenses as set forth as what we were

8    required to do.  There's also publication notice given of

9    the sale as we've done in prior cases.

10          We have in the courtroom today two willing to

11    testify and support of this sale, Mr. David Descoteaux who's

12    the Managing Director at Lazard.  And also, George Riedel

13    who's the Chief Strategy Officer of Nortel Networks.  I

14    don't believe -- their testimony is certainly while

15    important, I don't believe relates to any of the pending

16    objections, it relates more generally to the sale.  So what

17    I would propose to do is proffer their testimony rather than

18    call them to the stand unless there's any objection.

19          THE COURT:  Does anyone object to a proffer of

20    the testimony of Mr. Descoteaux and Mr. Riedel?

21    (No audible response.)

22          THE COURT:  All right.  Hearing no one, you may

23    proceed then, Ms. Schweitzer.

24          MS. SCHWEITZER:  Thank you, Your Honor.

25          THE COURT:  So, first, we'll proffer the

1    testimony of Mr. David Descoteaux who's the Managing

2    Director at Lazard.  And Lazard is the financial advisors to

3    the directors.  And as I said, Mr. Descoteaux is in the

4    courtroom and available to testify today with respect to the

5    motion to sell the patent assets.

6              Mr. Descoteaux has been employed by Lazard since

7    1999.  He in this case has been retained by Nortel as its

8    restructuring advisor way back since the beginning of the

9    case --

10             THE COURT:  Yes.

11             MS. SCHWEITZER:  -- January 2009.  And they've

12   provided restructuring advice on general matters, but

13   particularly on the M&A sales that have occurred in the

14   case.

15             Mr. Descoteaux would testify he's generally

16   familiar with the patents being offered for sale and with

17   the sale process itself.  As you know, Mr. Descoteaux's

18   testimony has been proffered to the Court in connection with

19   prior sales as well.

20             And Mr. Descoteaux first and foremost would

21   testify that in his opinion, that it is an appropriate

22   exercise of the debtors' business judgment and appropriate

23   realization of value to proceed with the sale and that the

24   sale would bring more value to the debtors' estates and

25   Nortel generally rather than retaining the patents and

1    keeping them to reorganize around.

2            Mr. Descoteaux and Lazard generally are also

3    familiar with the solicitation of interest that has gone on

4    in furtherance of the sale.  And Mr. Descoteaux would

5    testify that Nortel first began to solicit interest in the

6    divestiture of the residual patents in May 2010.  And then

7    in connection with that effort, that Lazard and Nortel

8    engaged in discussions with approximately 105 parties who

9    would likely be interested in buying the patents which was a

10   mix of financial investors and strategic buyers.

11           Following that initial reach out, there was a

12   teaser sent to encourage interest in the assets.  And it was

13   sent to approximately 95 parties.  And from that, 40 parties

14   came forward to sign up NDA's, non-disclosure agreements to

15   look at the due diligence behind the assets.  And those

16   parties were given access to confidential data room

17   containing diligence materials regarding the assets.

18           After the expiration of the exclusivity under the

19   stalking horse agreement, you'll recall that we announced

20   the stalking horse agreement.  We had a no shop period.  And

21   then when that expired, after that expiration, Lazard re-

22   contacted 98 parties who they thought might be interested in

23   buying the assets.  Again, a mix of financial and strategic

24   buyers.

25           And Mr. Descoteaux would testify that he's not

1  aware and Lazard generally are not aware from either of

2  those folks contacted that there be any other people who

3  might be interested in pursuing the assets.  And obviously,

4  there was public notice and other things in order to ferret

5  out any potential interest.

6  With respect to the qualified bidders, Mr.

7  Descoteaux would testify that after the bidding procedure

8  hearing and the process I above described, that four

9  additional entities approached the debtors and their

10 advisors requesting to become qualified bidders.  And after

11 consultation among the estates and their advisors, the

12 monitors, the committees, that four other entities were, in

13 fact, qualified to become bidders, the qualified bidders,

14 again as described in the monitor report.  The qualified

15 bidders were given access to the confidential data room to

16 conduct more due diligence.  And Mr. Descoteaux would

17 testify that all four qualified bidders ultimately submitted

18 bids and did participate in the auction.

19 With respect to the auction, Mr. Descoteaux would

20 testify that he was, in fact, present for the auction.  He's

21 generally familiar with the events that transpired there.

22 During the auction, he served as advisors to the sellers

23 again, helping them to evaluate whether the bids should be

24 qualified and to value the bids that were, in fact, received

25 again in connection and conjunction working with the

1  estates, their advisors, and the committees, and the

2  monitor.

3          Mr. Descoteaux would testify that the final joint

4  bid from Apple and Rockstar was selected as the successful

5  bid because it represented the highest and best offer

6  received for their assets.  And he would testify that in his

7  belief, the approval of the sale of assets pursuant to the

8  sale agreement with Rockstar Bidco would be in the best

9  interest of the debtors, their creditors, and their estates.

10          With respect to the negotiations in the auction

11  process, Mr. Descoteaux would testify that both Rockstar

12  Bidco, Rockstar -- I'm sorry, and it's members including

13  Apple were represented by qualified counsel throughout the

14  negotiations and throughout the auction.  The discussions in

15  the auction were vigorous, contentious at times as always.

16  And there were no facts and circumstances that arose during

17  the course of the negotiations or the auction process that

18  led him to believe the Rockstar transaction would not be an

19  arm's length transaction.

20          He would testify that in his opinion, that Nortel

21  did not prefer Apple or Rockstar or any members of the

22  consortium over any other bidders at any point in the

23  process.

24          Mr. Descoteaux also would testify that in his

25  opinion, the value offered to the estates and to Nortel

1    generally from the transaction with Rockstar constitutes

2    fair and reasonable value for the assets being sold.

3              And Mr. Descoteaux finally would note, that again

4    as described in the monitor's report, that there were

5    additional safeguards put in place in the auction process to

6    assure that there was no collusion or appearance of

7    collusion among the bidders and that the bidders remained at

8    arm's length not only with the sellers, but with each other.

9              And that would be the conclusion of Mr.

10   Descoteaux's proffer that I'd offer to the Court.

11             THE COURT:  All right.  Does anyone wish to cross

12   examine Mr. Descoteaux?

13   (No audible response.)

14             THE COURT:  All right.  Hearing no one, does

15   anyone object to that proffer being admitted into evidence?

16   (No audible response.)

17             THE COURT:  Again, hearing no objection, I will

18   admit that proffer into evidence.

19             MS. SCHWEITZER:  Thank you.

20             THE COURT:  Ms. Schweitzer?

21             MS. SCHWEITZER:  Thank you, Your Honor.  Next, I

22   would like to proffer the testimony of George Riedel.  Mr.

23   Riedel is the Chief Strategy Officer of Nortel.  He's also

24   employed by NNI as an officer.  And he's in the courtroom

25   again and available to testify with respect to the debtors'

1  motion to sell the patents.

2         Mr. Riedel has been employed by the debtor -- by

3  Nortel since February 2006.  His job responsibilities over

4  the course of the case have been general corporate strategy,

5  as well as, the M&A efforts and business development and

6  other strategical partnering.  He previously had experience

7  at Juniper & McKenzie doing M&A work again.

8         Mr. Riedel previously testified in this Court

9  with respect to the prior sales in the Nortel assets all the

10  way starting at CDMA and the subsequent sales.

11         And if Mr. -- if called to testify, Mr. Riedel

12  would testify that he oversaw the sale process for the

13  patent assets including the negotiation of the terms of the

14  sale with interested parties, the selection of the stalking

15  horse purchasers, and the auction process itself.  He was at

16  the auction the entire time and he was involved in the

17  entity's decision to select Rockstar Bidco as the successful

18  bidder.

19         With respect to the patent assets, Mr. Riedel

20  would confirm that the assets being sold do include more

21  than 6,000 U.S. and foreign patents and patent applications

22  that span a broad spectrum of the market, including

23  wireless, optical voice, other types of patents, and the

24  touch all aspects of the telecommunications, as well as,

25  internet search, social networking, and other industries as

1   well.

2          Mr. Riedel would testify that after the other

3   divestitures of the business units, the patent assets do, in

4   fact, constitute one of Nortel's largest remaining assets to

5   be sold.  And that he agrees that the purchase price that

6   could be realized through the sale is better than one that

7   could be realized over a long period of time or by holding

8   onto the assets in a standalone restructuring.

9          As such, Mr. Riedel would testify that he

10  believes that selling the assets now is the best way to

11  maximize the value for the debtors' estates.

12         With respect to the pre-auction solicitation of

13  bids, Mr. Riedel would testify similar to Mr. Descoteaux

14  that the outreach began in May 2010 and that there were

15  several parties contacted to generate interest in the asset

16  sale process and that during the solicitation process,

17  Nortel's management also gave several presentations to

18  potentially entrusted buyers in order to create more

19  interest in assets.

20         With respect to the qualified bids, Mr. Riedel

21  would testify he's familiar with the bidding procedures that

22  were approved by this Court and by the Canadian Court.  And

23  that the auction process was, in fact, conducted in

24  accordance with the bidding procedures.

25         And Mr. Riedel also would testify that there was

1   this outreach of -- to 98 additional parties after the

2   stalking horse agreement was presented to the Court and that

3   five parties had signed supplemental confidential NDA's to

4   get into the data room, ultimately leading to four

5   additional qualified bidders.

6           Mr. Riedel would testify that the other qualified

7   bidders in addition to the stalking horse bidder consisted

8   of Apple, Inc., Intel, Norpax, and Rockstar Bidco.  And that

9   each one of them was qualified in accordance with the

10  bidding procedures and with consultation with the relevant

11  estates and committee members.

12          And Mr. Riedel would further testify that while

13  the auction was originally scheduled for June 20, that due

14  to the significant level of interest expressed in the

15  patents and the bids received, that the sellers believed it

16  was in their best interest to adjourn the auction to June

17  27.  And, in fact, that adjournment was announced on June

18  16.

19          And Mr. Riedel would testify that as a result of

20  reviewing those qualified bids, that Intel Corporation's bid

21  was declared to be the starting bid at the auction.

22          Mr. Riedel also would testify that he was present

23  at the auction and he's generally familiar with events that

24  transpired there.  That the auction occurred from June 27 to

25  June 30 at Cleary's offices in New York.  And that after the

1    auction was opened with a starting bid, that there were

2    written and oral bids submitted for an additional nineteen

3    rounds.  So there was a total of nineteen rounds where bids

4    were actually received.  And the approval of each bid in

5    each round was again done in accordance with the bidding

6    procedures in consultation with the relevant estates.

7            Mr. Riedel would testify also that over the

8    course of the auction, certain qualified bidders did not

9    submit bids, they decided that they were no longer going to

10   participate and they were no longer permitted to participate

11   independently at the auction, although some of those bidders

12   later paired with other bidders who remained qualified

13   participating bidders during the auction.

14           And Mr. Riedel would testify that in the evening

15   of June 30 after the nineteenth round of bidding that, in

16   fact, that the bid submitted by Apple in partnership with

17   the Rockstar consortium which has Rockstar Bidco as -- was

18   declared to be the successful bidder with a purchase price

19   of $4.5 billion.  And the auction was adjourned in order to

20   execute the documents which were subsequently filed with the

21   Court with the notice of successful bidder.

22           Mr. Riedel would testify to his belief and the

23   debtors' conclusion that the successful bid from Rockstar

24   does constitute the highest and best offer received for the

25   patent assets and does maximize the value for the debtors'

1  estates.

2          And he would testify that the auction process and

3  all discussions with bidders prior to the auction were at

4  arm's length and that the negotiation of the -- negotiation

5  with bidders and that the auction process itself was

6  vigorous.

7          Mr. Riedel would testify that in order to

8  preserve the integrity of the auction and particularly with

9  the multiple bidders, that there were additional procedural

10 safeguards that were adopted by the estates to ensure the

11 bidder's bidding was at arm's length, not merely between the

12 sellers and the bidders, but among the bidding pools

13 themselves and the teams of qualified bidders such that they

14 would put in independent and separate qualified bids.

15         Mr. Riedel would testify that there was not any

16 evidence that the sale price was controlled by an agreement

17 among potential bidders at the auction.  And that he would

18 testify that Rockstar itself is not an insider of Nortel nor

19 to his knowledge are any of the members of the Rockstar's

20 consortium.  In his view, Rockstar and its members acted in

21 good faith throughout the auction process.

22         Mr. Riedel also is aware that certain documents

23 related to the sale, specifically the schedules and exhibits

24 and the ancillary agreements had been filed under seal with

25 the Court and he would testify that those exhibits do

1   contain sensitive information and commercial information and

2   that it would be to the disadvantage of the debtors and

3   their creditors to have such information made public as a

4   result of the sale.

5         Mr. Riedel also would testify specifically with a

6   licensed non-assignment and non-renewal procedures that are

7   contained in Paragraph 28 of the U.S. sale order, what we

8   call the withering procedures, are in the best interest of

9   the debtors in that they did provide comfort to the

10   purchaser and other potential bidders in knowing what assets

11   -- what encumbrances would be put on their assets.  And that

12   a sale without those procedures would be of less value for

13   the debtors' estates with less certainty than the sale

14   itself on these terms.

15         With that, I would conclude the proffer of Mr.

16   Riedel.

17         THE COURT:  All right, thank you, Ms. Schweitzer.

18   Does anyone wish to cross examine, Mr. Riedel?

19   (No audible response.)

20         THE COURT:  Does anyone object to the admission

21   into evidence of Mr. Riedel's proffer?

22   (No audible response.)

23         THE COURT:  All right.  Hearing no one, it is

24   admitted into evidence in support of a motion.  Ms.

25   Schweitzer?

1          MS. SCHWEITZER:  Thank you, Your Honor.  I made

2  certain references to the seventy-first report of the

3  monitor.

4          THE COURT:  Yes.

5          MS. SCHWEITZER:  That is on our docket.  And just

6  as a matter of housekeeping, I would ask that it formally be

7  accepted as part of the record in the U.S. Courts, just

8  because I know we have the two Court system.

9          THE COURT:  Yes.

10          MS. SCHWEITZER:  We want to make sure it is part

11  of the U.S. record.  So I would formally move to have it

12  admitted into evidence, unless there's an objection.

13          THE COURT:  Any objection?

14  (No audible response.)

15          THE COURT:  All right.  Well I did review it and

16  it was very helpful and I admit into evidence.

17          MS. SCHWEITZER:  Okay.  Thank you, Your Honor.

18  And just for the record, that's DI 5881 on the U.S. Docket.

19          THE COURT:  Thank you.

20          MS. SCHWEITZER:  So -- with respect to the sale

21  order, there have been some changes obviously to conform

22  over to the fact that there's a new purchaser.  And also to

23  address certain of the objections.  What I would propose to

24  do is hand up a clean and black line of the sale order now.

25          THE COURT:  Yes, please.

1            MS. SCHWEITZER:  I believe we have a record

2    ready.

3            THE COURT:  Yes.

4            MS. SCHWEITZER:  Hold on one second.

5            THE COURT:  Thank you.

6            MS. SCHWEITZER:  I apologize, Your Honor.

7            THE COURT:  No problem.

8            MS. SCHWEITZER:  So what I'm handing up to, Your

9    Honor, now and we have additional copies available to people

10   in the Court is first a clean version of the revised sale

11   order, a black line version of the revised sale order, that

12   final version of the asset sale agreement which is attached

13   as Exhibit A to the order, and a revised which is called an

14   amended and restated commercial licenses acknowledgement

15   which is Exhibit B to the sale order.  And what I'm going to

16   do is not walk through the sale order right now.  I'm going

17   to walk through it when we go through the objections

18   themselves if that's all right with Your Honor.

19           THE COURT:  I can understand why, yes.

20           MS. SCHWEITZER:  I'm being told also that there's

21   one or two conversations in the hall that might lead to

22   additional tweaks, but we at least wanted to give everyone

23   in the courtroom an opportunity to review it while the rest

24   of the hearing is going on.

25           THE COURT:  Excellent.

1          MS. SCHWEITZER:  May I approach?

2          THE COURT:  Please do, thank you.

3          MS. SCHWEITZER:  Thank you.

4          THE COURT:  Thank you, Ms. Schweitzer.

5          MS. SCHWEITZER:  Before I turn over the podium to

6    our Canadian colleagues, what I'd like to do is also just

7    address the side agreement.  There's a separate motion for

8    the side agreement, but because it's part and parcel of the

9    entire process, I figured we'll just do that at the same

10   time.

11         THE COURT:  Sure.

12         MS. SCHWEITZER:  Then we can cede the podium to

13   Canada.  As Your Honor is aware, the debtors had file in

14   connection with the sale, a separate motion to approve a

15   side agreement with other estates that addresses

16   specifically the structure of the Rockstar side agreement

17   and certain payments that will be made under it.  And again,

18   as I described before, the fact that there is this license

19   considered to be granted in connection with the sale

20   agreement as opposed to just some straight sale of the

21   assets.

22         And so I described on the record before what the

23   difference is is namely that immediately prior to the

24   closing, that there's a possibility the purchaser will ask

25   and pretty much a certainty the purchaser will ask that this

1  license be granted by the sellers which is immediately they

2  become the licensee and immediately one step later we convey

3  our license or rights over along with a sale of the

4  remaining assets.

5           In connection with that, there's a certain

6  portion of the purchase price that is designated towards the

7  license as opposed to the conveyance of the remainder of

8  assets.  And again, as I explained before, it's our

9  understanding this is being done for the purchaser to be

10  able to realize certain tax advantages, not at a seller

11  request.

12           And so the estates were comfortable accepting

13  this proposal for a couple of reasons.  As first, that it's

14  the same purchase price and that it's an instantaneous

15  transaction so it doesn't put more deal risk in terms of

16  timing.

17           Second of all, that the purchaser is giving us

18  full indemnity for any tax consequences that there might be

19  on the U.S. or on any of the seller's side as a result of

20  the difference in structure.

21           And third, as an inner estate matter, the sellers

22  agreed that two things would happen.  Is that first, with

23  respect to the transaction, there might be in addition to

24  the tax indemnity in Canada rather than paying taxes, the

25  Canadian debtors might use up some of their net operating

1   losses or tax attributes so that they would seek a small

2   payment of $15 million specifically directed towards them to

3   compensate them for any potential use of those tax

4   attributes which would not go into the generic black box as

5   we call it.  And so the side letter addresses that agreement

6   that there could be a separate $15 million payment directed

7   to Canada.  They get that money and they don't claim tax

8   attributes against the black box, they don't use the use of

9   the NOL's, an argument for additional allocation and other

10  sellers don't come after them for the $15 million.

11         THE COURT:  Understandable.

12         MS. SCHWEITZER:  The second point in the side

13  letter, this is a substantial point, is that the parties,

14  all the sellers agreed that notwithstanding the fact that

15  we're agreeing to this different structure for purposes of

16  allocation, this is the same as if we had done the stalking

17  horse purchase deal and a straight conveyance of the assets.

18  And the side letter sets forth the entire terms, but to

19  highlight some of them, that the parties are agreeing that

20  even though that the stalking horse agreement may designate

21  a certain portion of the purchase price to go towards the

22  license as opposed to going towards a sale of the assets,

23  that we all agree that that designation itself and the fact

24  that it's a different structure, shall have no impact

25  whatsoever on the allocation of the proceeds from the

1  transaction.

2         In addition, the parties state and clearly agree

3  that it's our expressed intention of all of the sellers,

4  that the allocation, the total proceeds, the money that

5  comes in, the $4.5 billion shall be affected as if the

6  transaction had been structured so that $4.5 billion was

7  paid in consideration for the straight sale of the assets in

8  a manner that's similar to that provided in the Ranger

9  stalking horse agreement.  So again, this is a deal neutral

10  proposition, even though it's a different structure.

11         Third, that the agreement provides that the

12  parties agree to impose and cooperate imposing in the use of

13  any of this evidence regarding a license designation of the

14  two prices and the structure in before any dispute resolver.

15  We don't have to talk today about what a dispute resolver

16  is, but whoever it is or wherever it is, this will not be

17  discussed in front of them.

18         So I -- that's merely a summary of the terms, but

19  it's important for everyone to understand because it was

20  important to the sellers in accepting this alternative

21  structure that we agreed that this isn't going to add layers

22  onto allocation.

23         THE COURT:  Okay.

24         MS. SCHWEITZER:  That it's the same as if we had

25  just sold the assets.  And I believe Canada as well will

1  confirm that on the record during their presentation.

2          The motion was filed on short notice.  Apologies,

3  but it was in the necessity of the way the bid came up.  No

4  objections have been filed and so the estates seek approval

5  of the side agreement as well in connection with the sale of

6  the assets.

7          And with that, you can hold your ruling on that

8  until the end.  I wanted to get that in front of you.  But

9  with that, we turn over the podium to Canada for their

10 affirmative case, unless Your Honor has any further

11 questions at this time.

12         THE COURT:  I -- closing date would be

13 approximately when do you think, Ms. Schweitzer?

14         MS. SCHWEITZER:  Well as soon as possible, I

15 think is the goal.  There aren't conditions -- given that

16 there is no HSR condition out there, there is a closing

17 condition if the orders become final.  That's obviously

18 waivable by the purchaser.

19         THE COURT:  Oh, certainly.

20         MS. SCHWEITZER:  But I think we're talking in

21 terms of a month, not several months from now.

22         THE COURT:  Okay.  Thank you.  And before I turn

23 it over to Justice Morawetz, I want to make certain no one

24 else in this courtroom would like to be heard.  Mr. Botter,

25 good morning.

1              MR. BOTTER:  Good morning, Your Honor.  Good

2    morning, Justice Morawetz.  David Botter, Akin, Gump,

3    Strauss, Hauer & Feld on behalf of the official committee.

4              Your Honor, very, very briefly because this truly

5    is a wow transaction.  Your Honor, we heard a lot the last

6    time we were together about the IFSA and what it meant.  I

7    think all parties agree that the IFSA contemplated

8    cooperation amongst the selling parties in the sales efforts

9    to maximize value without reference to any allocation

10   disputes of which we heard so much about the last time.

11             Your Honor, I think that the efforts of all of

12   the selling parties ought to be applauded here.  We truly

13   did maximize value.  I can tell you from a diligence

14   perspective that a lot of time and effort was spent

15   analyzing what was the appropriate course with respect to

16   these assets.  Whether or not, in fact, a sale would

17   maximize value or there was an alternative structure or

18   alternative business to pursue with respect to these assets.

19   Ultimately, the debtors, the committee, the Canadian

20   debtors, the Canadian creditors determined that the sale of

21   these assets was the appropriate way to go and that decision

22   clearly was validated during this auction.

23             So, Your Honor, the official committee is fully

24   supportive of the entry of the order.  Ms. Schweitzer did

25   detail what, you know, some of the elements with respect to

1    the side letter that are critically important.

2              THE COURT:  Yes.

3              MR. BOTTER:  That these are, in fact, that the

4    structure used by Rockstar is something that's important to

5    them and that it is, in fact, deal and allocation neutral to

6    the selling debtors and their creditors.

7              So with that, Your Honor, again, the official

8    committee is fully supportive of this transaction and would

9    ask that both Courts enter orders approving same.  Thank

10   you, Your Honor.

11             THE COURT:  Thank you, Mr. Botter.  Anyone else?

12     (No audible response.)

13             THE COURT:  All right.  Justice Morawetz, I

14   return the matter to you.

15             JUSTICE MORAWETZ:  Thank you, Judge Gross.  Mr.

16   Tay?

17             MR. TAY:  Thank you.  Good morning, Justice

18   Morawetz, Judge Gross.  Given that this is fairly one of the

19   hottest days of the year and this is one of the smallest and

20   stuffiest courtrooms we have, my goal is to get us all out

21   of here as quickly as possible.

22             THE COURT:  We're not hearing, Mr. Tay very well,

23   if perhaps --

24             MR. TAY:  Having said that --

25             THE COURT:  -- if you could speak directly into

1   that microphone.

2          MR. TAY:  -- for the first time in the history of

3   these joint hearings, I would like to proffer the evidence

4   of a witness in the Canadian proceedings.  But given that I

5   haven't got the foggiest clue how to do that, maybe we'll

6   just move right along.

7          The -- Ms. Schweitzer has set out, I think, all

8   the salient facts that you need to know.  And that what this

9   does is this brings us, I think squarely from a legal

10  perspective to the principles of [indiscernible].  There's

11  no question that what we have achieved is the best price

12  possible.  I don't believe a dollar was left on the table.

13  And I don't think there's also any question that this

14  auction was done in an efficient way, done with integrity,

15  and done with fairness.  And so I don't think you'll have

16  any difficulty it is my submission, to approve this

17  transaction and all that's related to it.

18          Now you've heard mention of the side letter

19  agreement.  I confirm our understanding that was generally

20  described by Ms. Schweitzer.  The side agreement speaks for

21  itself and it does take great pains to spell out what in

22  general was described by Ms. Schweitzer and we are -- we

23  will be okay with that and we'll be seeking approval of that

24  side letter as well.

25          As you well know that a big part of this process

1  was the license rejection process that we held earlier in

2  the case.  And as you also heard, most of these objections

3  if not all, we believe have been or will be resolved by the

4  end of the hearing today.  And as part of that resolution,

5  it was important and we undertook certain of the licensee

6  parties that we would state on the record our understanding

7  of certain key items as to how these licenses are to be

8  dealt with.

9          And to start with, we should understand that the

10  purchaser has agreed to acquire the patents subject to the

11  licenses that were given out by Nortel.  It is also

12  important to understand that we are not purporting to assign

13  the agreements in which the licenses were given.

14          In essence, there were two types of licenses that

15  we're trying to deal with.  One is the sort of cross license

16  situation where Nortel gave a third party licenses to its

17  patents and received cross licenses from that party.  That's

18  one kind.

19          The other kind of licenses are contained in what

20  we call commercial licenses which has a very long and

21  convoluted definition, but in essence in simple terms what

22  they are are end user licenses.

23          So dealing with the first cross license

24  situation, the purchaser is accepting the patent subject to

25  the licenses that we, Nortel gave to the third parties.  But

1  we are not in any way purporting to assign the licenses that

2  came back to us to the purchaser.  And so you will see that

3  in the stalking horse agreement, there was a schedule that

4  had a whole list of known licenses as it were that the

5  purchaser was going to take subject to.

6          Three things we should understand with respect to

7  that list.  One is that everything that was there under the

8  stalking horse agreement continues to be there.

9          The second thing is that as a result of the

10  license rejection process, we have added other licenses that

11  have come to our attention and those have also been accepted

12  by the purchaser and they will be dealt with as known

13  licenses and no declaration offered for this requirement.

14          The third thing that we should know about that is

15  that we are undertaking to the Court that none of the

16  licenses which are on that list will be removed prior to

17  closing.  So that everyone who has a license that has been

18  identified can take comfort in knowing that if either they

19  were on the list or they were added to the list, they will

20  not be removed from the list.

21          Finally, a number of other agreements that no one

22  really knew whether they were licenses and not commercial

23  licenses because of the nature of them, what we've done is

24  we've entered into a separate acknowledgement.  And that

25  acknowledgement basically says that all these things that

1    we've identified in that list will be -- and similar

2    agreements between the same parties and that are not broader

3    in scope will be treated as if they were commercial

4    licenses.

5            And so with all those safeguards, that's what

6    committed us to deal with the license objections.  And after

7    we've turned it back to the U.S. to deal with that, when we

8    come back, Ms. Stam will deal with whatever's left and also

9    with the specific orders that we're dealing with.

10           So I think outwardly, the bottom line of what

11   we've seen here is that this is, I think a shining example,

12   and one of many examples that you've seen in this case, of

13   the amazing things we can get done when the estates work

14   together.  Unfortunately, we've also seen the disruption in

15   value when the estates fight amongst each other, but

16   fortunately, that is not before us today.  Today we're one

17   big happy family.  I'm not sure how long it's going to last,

18   today we're one big happy family.

19           JUSTICE MORAWETZ:  Those bright lights behind,

20   I'm not sure whether they're the pens or the knives.

21   (Laughter)

22           MR. TAY:  And then finally, we're asking for some

23   of these schedules to be sealed and I think they clearly

24   fall within the *Sierra Club* test so I don't think Your Honor

25   should have much difficulty with that.

1          So unless you have any questions, I have propose

2     that we send it back to the U.S. so that Ms. Schweitzer can

3     deal with the specific treatment of the various objections.

4          JUSTICE MORAWETZ:  Okay.  Is there any other

5     party that wishes to make a submission at this time?  Mr.

6     Pasquariello?

7          MR. PASQUARIELLO:  Good morning, Your Honor,

8     Judge Gross.  As has been referenced, the monitor has filed

9     its seventy-first report in support of the motion.  The

10    monitor has been intricately involved, Your Honor, in the

11    sales process including the auction that yielded such a

12    fabulous result.  The details of the auction and process,

13    Your Honor, can be found in Paragraphs 24 through 29 of the

14    monitor's report.  And that led to the Rockstar Bidco sale

15    agreement which can also be found at Tab B.  I don't propose

16    to take you through it, but simply for your reference.

17         One of the paragraphs in the monitor's report,

18    Your Honor, Paragraph 33 in particular which is at Page 11.

19    It actually commences at Page 10.  Paragraph 33 highlights

20    some of the material differences between the stalking horse

21    agreement and the agreement before the Courts for approval

22    today.

23         Again, I won't go through them, Ms. Schweitzer

24    highlighted some of them, but I did want to point Your Honor

25    to paragraph, Subparagraph I which is on paragraph -- which

1   is on Page 12.  And that paragraph explains and outlines the

2   splitting of the purchase as between a licensing arrangement

3   and a purchase price.  And also links into the discussion

4   regarding the amended IP side agreement in respect of which

5   the extent that there's a transaction for licensing which is

6   not to exceed a billion, then I think Ms. Schweitzer may

7   have described it as being a small, of course, things are

8   always relative, payment of $50 million to be made directly

9   to the Canadian applicants.  So I wanted the Court to be

10  aware of that provision.

11        Also, Tab I to that monitor's report attaches the

12  original IP transaction side agreement, Your Honor.

13        JUSTICE MORAWETZ:  Yes.

14        MR. PASQUARIELLO:  Over the weekend, the Norton

15  Rose Firm provided by way of a supplement to a motion record

16  in relation to the escrow agreement the affidavit of Mr.

17  Doolittle.  And Exhibit B to that affidavit includes the

18  amended and restated IP transaction.  I believe you have it,

19  but if you --

20        JUSTICE MORAWETZ:  No.

21        MR. PASQUARIELLO:  No, Ms. Stam tells me you do

22  not.  So we will be handing that up to you, but -- I can

23  hand you my copy.  Clearly, I'm stealing some of Ms. Stam's

24  thunder unintentionally, but Tab 2, Your Honor, of that

25  record includes an affidavit of Mr. Doolittle.  Although

1  mainly dealing with escrow arrangements, it does attach at

2  Exhibit B an amended and restated side agreement.  And

3  that's what I wanted to direct Your Honor to.  That's Page

4  73 of that record book.

5              JUSTICE MORAWETZ:  Thank you.

6              MR. PASQUARIELLO:  Ms. Stam will be handing up an

7  order in relation to that later.

8              As Mr. Tay indicated, Your Honor, the monitor has

9  filed confidential appendices sought to be sealed in this

10 case and they are appendix -- you should have two volumes.

11             JUSTICE MORAWETZ:  I do.

12             MR. PASQUARIELLO:  Appendix D is the exhibits and

13 schedules so the sale agreement.  Appendix E and F relate to

14 service as it relates to the license objection procedures.

15 I won't get into those, but suffice it to say that it's our

16 view that the materials in those confidential appendices

17 contain commercially sensitive information and as in the

18 past, request that it be sealed in compliance with the test

19 in *Sierra Club*.

20             In conclusion, Your Honor, the monitor's

21 obviously satisfied that the sale agreement represents the

22 best transaction for the sale of the residual IP and,

23 therefore, recommends that this Honorable Court approve the

24 applicant's motion.  And the monitor is also satisfied and

25 its content with the amended and restated IP transaction

1   which I directed you to.  Unless you have any further

2   questions, thank you, Your Honor.

3           JUSTICE MORAWETZ:  Thank you.  Anybody else at

4   this point?

5   (No audible response.)

6           JUSTICE MORAWETZ:  Thank you.  Judge Gross, back

7   to your Court.  I guess Ms. Schweitzer's going to be doing

8   some of these other matters.

9           THE COURT:  Yes, thank you, Justice Morawetz.

10  Ms. Schweitzer, anything further?

11          MS. SCHWEITZER:  On the objections?  Ready to go

12  into that?

13          THE COURT:  Yes, yes.

14          MS. SCHWEITZER:  I apologize, Your Honor, there's

15  some real time consultation going on.

16          THE COURT:  No, if you need a few more minutes,

17  you certainly may have them.

18          MS. SCHWEITZER:  We actually don't, I'm fine.

19  What I'm going to do is go through all the objections that

20  have been resolved.

21          THE COURT:  All right.

22          MS. SCHWEITZER:  And I think there's just one or

23  two that we might have delivery by the time I get to the end

24  and if not, we ask to take a five minute break then to see

25  if we can --

1           THE COURT:  Of course.

2           MS. SCHWEITZER:  -- get there.

3           THE COURT:  While Justice Morawetz and I are

4    conferring, certainly you would have that opportunity as

5    well.

6           MS. SCHWEITZER:  Absolutely, that's a very good

7    point, Your Honor, thank you.

8           So first, I think we filed a reply last week in

9    order to help Your Honor roadmap through the different

10   objections that have been filed --

11          THE COURT:  Yes.

12          MS. SCHWEITZER:  -- so I'll try to use that

13   language to the extent possible.  The first bucket of

14   objections were the standards objections where the concern

15   was that the -- a purchaser was taken free and clear of

16   liens, claims, encumbrances, but there were certain

17   commitments that have been made by the sellers to the

18   various standards, organizations, and bodies.

19          And the original sale agreement provided that the

20   sale would be subject to certain of those obligations.  The

21   successful bid expanded the obligations.  That the sale

22   would be conducted to -- subject to -- and since the time of

23   the filing, the successful bid, the purchaser, the debtors

24   have worked with certain parties who had filed objections to

25   reach resolution of those objections by the expansion of the

1    -- or the modification of the definitions of permitted

2    encumbrances which is in the sale agreement itself and by

3    the modification of the term standards obligations as it's

4    used in Paragraph 8 of the U.S. sale order.

5           And then so with those changes, that there was

6    also a corrected date in the seller disclosure schedule

7    Annex A10(1)(x) in order to resolve the objection filed by I

8    EEE.  With those amendments, I believe that the standards

9    objections are resolved in their entirety.

10          THE COURT:  All right.

11          MS. SCHWEITZER:  And those were filed by I EEE,

12   Nokia, Motorola, Sprint, and Nextel.  We haven't heard from

13   Sprint and Nextel confirmation, but we also haven't heard

14   any further requests for amendments so -- and as well as

15   AT&T, Verizon, and Quest with other parties who had raised

16   the initial objection.

17          So what I think Your Honor already has the

18   modified order in Paragraph 8 specifically thereto.  There

19   are copies in the courtroom.  Other people have seen them, I

20   believe already so I'd rather not just read it into the

21   record for the sake of the record, but that contains the

22   revised definition of the standards obligation.  And since

23   the asset sale agreement contains the other modified

24   description and we don't have it revised in order to attach

25   it to the sale order, what we propose to do is to just hand

1  up a copy to Your Honor, mark it as Exhibit 1 and then it

2  will be in the record so that everyone knows what the final

3  definition of permitted encumbrances is.

4          So with that, I have a document, two page

5  document that's -- has the definition of permitted

6  encumbrances both clean and black line that shows the few

7  changes made to that definition in order to obviate the

8  objections that were filed.  If Your Honor -- may I approach

9  to hand up --

10          THE COURT:  You certainly may, certainly.  And we

11  have Mr. Schnabel, I think, here representing -- what do you

12  call your --

13          MS. SCHWEITZER:  I EEE.

14          THE COURT:  I EEE, okay.

15  (Laughter)

16          MR. SCHNABEL:  I EEE, Your Honor.

17          MS. SCHWEITZER:  Or as we call them EIEIO.

18  (Laughter)

19          THE COURT:  Mr. Schnabel, good morning.

20          MR. SCHNABEL:  Old McDonald.  Your Honor, Eric

21  Lopez Schnabel with Dorsey & Whitney on behalf of I EEE.

22          This is correct so we have resolved this.  I

23  think the one thing I just wanted to make sure in looking at

24  the sale order is that the correct definition of permitted

25  encumbrances is being baked into the sale order.  And I just

1   want to note that Footnote 1, I think defaults to the motion

2   if the term is capitalized, but not defined in the sale

3   order.  And if it's not defined in the motion, then it

4   reverts to the sale agreement.  So I'm not sure whether

5   permitted encumbrances was defined in the motion originally,

6   so we'll have to just scrub that real quick.  It's not a big

7   deal.

8           MS. SCHWEITZER:  Rather than having to scrub the

9   motion, I think we're happy to represent on the record and

10  the seller -- the purchaser's counsel is in the courtroom,

11  that for purposes of the sale order, it's everyone's

12  intention that permitted encumbrances is hooked to the

13  definition of contained in the sale agreement as modified by

14  Exhibit 1 that I just handed up.  And also I don't want to

15  steal your thunder --

16          MR. SCHNABEL:  Yeah.

17          MS. SCHWEITZER:  -- but we did promise to Mr.

18  Schnabel that we would, in fact, if there were any changes

19  to the definition of permitted encumbrances or standards

20  obligations, we don't expect them to change further, but if

21  they were to change, we would give him advance notice if

22  there were any changes prior to closing.

23          THE COURT:  Mr. Schnabel?

24          MR. SCHNABEL:  That's correct and that's

25  acceptable to us.  Since those -- that definition resolves

1  our objection and as we all know it's, you know, approve

2  things and there can be non-material changes prior to

3  closing so if there are, we just want to see them in case

4  there's an issue, although we don't expect one.  So that's

5  correct.

6          THE COURT:  All right.  If there's a problem,

7  you'll get a hold of me, of course, but --

8          MR. SCHNABEL:  Correct.

9          THE COURT:  -- certainly, Mr. Schnabel.

10         MR. SCHNABEL:  Thank you.

11         THE COURT:  Thank you.

12         MR. SCHNABEL:  Yes.

13         THE COURT:  Does that -- so as far as you're

14  concerned, your concerns have been addressed then, Mr.

15  Schnabel with Exhibit 1 that's been submitted?

16         MR. SCHNABEL:  I haven't seen a version of that,

17  but I'm sure it's the same we were emailing each other on

18  Sunday.

19         THE COURT:  Okay.

20         MR. SCHNABEL:  So correct.

21         MS. SCHWEITZER:  There are additional copies so

22  we'll just make sure that Mr. Croft gets him one in the

23  courtroom now.

24         THE COURT:  Good, thank you, Ms. Schweitzer.

25         MS. SCHWEITZER:  And anyone else obviously who

1    wants to see it.

2         THE COURT:  Do you want me to attach this to the

3    order at some point?  Or is it going to be a separate

4    document?

5         MS. SCHWEITZER:   I guess when you look at the

6    purchase -- can we just attach it to the back of Exhibit 1,

7    the sale agreement?  Just put it right behind there, the

8    permitted encumbrances?  Yeah, we're just going to attach

9    it.  We'll just attach it to the back of Exhibit 1.  Yeah,

10   okay, so the final order we'll hand up for you, we'll attach

11   it behind the end of Exhibit 1, I believe which is the sale

12   agreement.

13        THE COURT:  Right.

14        MS. SCHWEITZER:  We'll put it just right behind

15   that page.

16        THE COURT:  Perfect.

17        MS. SCHWEITZER:  To note that that's the change

18   so --

19        THE COURT:  Excellent.

20        MS. SCHWEITZER:  Okay.

21        THE COURT:  Excellent, thank you.

22        MS. SCHWEITZER:  And then the final agreement

23   that's executed prior to closing, they'll amend it and

24   restate it to incorporate it into the definition.  I think

25   everyone just wanted to make sure there was a document

1   somewhere that had it all written out so --

2            THE COURT:  Good.

3            MS. SCHWEITZER:  Okay.

4            THE COURT:  Does anyone else wish to be heard

5   regarding the standards obligations?

6    (No audible response.)

7            THE COURT:  All right.  Hearing no one, that I

8   understand the modifications.

9            MS. SCHWEITZER:  Okay.  Okay.

10           THE COURT:  And the resolution of the objections.

11           MS. SCHWEITZER:  Yeah.  Thank you, Your Honor.

12  The second bucket are the different license issues that

13  people had raised that were what we had called that they

14  wanted comfort that their licenses are being preserved or

15  taken to the purchaser or commercial licenses.  Mr. Tay had

16  articulately expressed on the record as well that the buyer

17  is not, in fact, assuming and assigning any contracts over

18  to the purchaser including licenses, but they are taking

19  subject to such licenses.

20           THE COURT:  Right.

21           MS. SCHWEITZER:  And what that means is that with

22  respect to outbound and cross licenses that are identified

23  and as known licenses that we've actually told them about,

24  that those licenses stay with the debtors.  The purchaser

25  acknowledges the existence of the license, and that that

1  party to the license is able to continue using the license

2  according to its terms, although it remains with the

3  debtors.  The schedule as Mr. Tay noted will not be amended

4  to take off any known licenses prior to closing.  That was

5  important as it resolves certain objections.  And so we

6  won't delete any of the licenses listed.

7            The second thing that the stalking horse

8  purchaser is taking the assets subject to in -- is the

9  commercial licenses.  And in those, those are driven by a

10  definition of what a commercial license is rather than

11  having a list of commercial licenses.  These are licenses,

12  as we said, commercial licenses or really commercial

13  agreements with the debtors that have sometimes licenses

14  ancillary to them.

15            So for example, from a customer when I'm buying

16  product and it says and here's a license in order to use the

17  product or to sell on that product, it's contained within a

18  different type of agreement and, therefore, rather than

19  schedule those which would be an inordinate task, that they

20  are protected by the fact that they fall within the

21  definition.

22            The license rejection procedures also do not

23  apply to commercial licenses.  You don't have to shout and

24  be heard, just merely by the fact you're a commercial

25  license as the counterparty, your license continues to exist

1    unimpaired by the sale.  So the purchaser is taken subject

2    to those licenses is not taking assignment of those

3    licenses.

4            The other clarification that people had had

5    questions with is if it was a cross license and there was a

6    license back to the debtors of the counterparties

7    intellectual property is the debtor seeking to sign over

8    that incoming license and the answer is no.  The debtors are

9    not by this, again, the signing over the contract itself so

10   they're not trying to assign over to the purchaser the use

11   of the inbound portion of a cross license with another

12   party.

13           As I noted before and as attached to the revised

14   sale order, the purchaser has executed a commercial license

15   acknowledgement that I believe now is the amended restated

16   commercial license acknowledgement.  And the purpose of this

17   is that if -- to the extent that people did come forward

18   with concerns about their licenses, what happened -- or

19   their contracts, what happens is one of two things.  If they

20   were what we call a Capital L license, if it was actually a

21   patent license, they were added to the known license

22   schedule once we saw the contract and the purchaser agreed.

23   But if they were a commercial license, there's no need for

24   them to be scheduled.

25           So in order to give the counterparties comfort,

1  the purchaser entered into an agreement by which it

2  acknowledged that those agreements are commercial licenses

3  so that they're not being rejected as part of the sale.  And

4  they also in order to give people comfort said that if you

5  have other agreements with the -- if that same party has

6  other agreements with the debtors, that license provisions

7  are substantially similar, those too are commercial

8  licenses.  And again, it's not intended to be an I gotcha,

9  but it's intended to be if you show me your terms, I can,

10  you know, give you comfort by putting it in one bucket or

11  another.

12          And as a result of going into -- making those

13  amendments to the seller's disclosure schedule and entering

14  into the commercial license acknowledgement, I understand

15  that the objections of the following parties are now fully

16  resolved.  That includes AT&T, Verizon, Quest, Motorola

17  Solutions, Nokia, EADS, Hitachi, and Lenovo.  And so I'll

18  pause right there to -- I think that's another bucket of

19  objections we've cleaned up.

20          THE COURT:  Very well.  Thank you, Ms.

21  Schweitzer.  Anyone wish to be heard on behalf of any of

22  those entities?

23  (No audible response.)

24          THE COURT:  All right.  Hearing no one, that's

25  well done.

1          MS. SCHWEITZER:  Okay.  We have a couple more

2    that we've done well, hopefully.  Then we have Oracle is our

3    next objecting party.

4          THE COURT:  Yes.

5          MS. SCHWEITZER:  And they would -- what Oracle

6    was concerned about is that their agreements are not being

7    assumed and assigned over to Rockstar.  And I've said it

8    more generally, but we've agreed to say on the record that

9    the sale agreement does not provide for the assumption and

10   assignment to Rockstar of any of the Oracle contracts

11   identified in their objection.  And the sale agreement does

12   not contemplate the transfer to Rockstar of any inbound

13   license granted by Oracle to Nortel under the Oracle

14   contracts.  And that was confirmed for them by email as

15   well.  But I believe their objection, while not withdrawn,

16   is similarly resolved with that understanding.

17         THE COURT:  All right.  Anyone wish to be heard

18   here for Oracle?

19         MR. DOSHI:  Your Honor, on the phone for a brief

20   moment.

21         THE COURT:  Yes, sir.

22         MR. DOSHI:  This is Amish Doshi on behalf of

23   Oracle America East.  That is correct.  I thank Ms.

24   Schweitzer for the representation and with that

25   representation the reservation rights that we had filed is

1  resolved and thank you for allowing me to appear

2  telephonically as well, Your Honor.

3            THE COURT:  Sure, Mr. Doshi.  Thank you.

4            MR. DOSHI:  Thank you.  May I be excused, Your

5  Honor?

6            THE COURT:  Yes, you may.

7            MR. DOSHI:  Thank you.

8            MS. SCHWEITZER:  I'm going to turn the podium

9  over to Mr. Abbott with respect to the Broadcom and IBM

10  filings.

11            THE COURT:  All right.  Mr. Abbott?

12            MR. ABBOTT:  Your Honor, with respect to those

13  two filings, they were essentially 365(n) elections, if you

14  will.

15            THE COURT:  Yes.  Yes.

16            MR. ABBOTT:  And I think we're clear here on the

17  record that we're not assuming or rejecting any of those

18  contracts today, so while those haven't been withdrawn

19  they're effectively mooted by the fact that there has been

20  no rejection.  And I don't think on that basis there's any

21  pending objection to the sale going forward by either of

22  those parties and obviously I'll give those parties a chance

23  to speak if they wish, but that's my understanding, Your

24  Honor.

25            THE COURT:  All right.  Thank you.  Anyone wish

1   to be heard?  Anyone on the telephone for either of those

2   entities?  All right.

3           MR. ABBOTT:  Your Honor, the next thing that we

4   ought to address, and I know Mr. Crapo was on the phone --

5   is the objection and amended objection.  There have been a

6   number of filings by Hewlett-Packard, Your Honor.

7           THE COURT:  Yes.

8           MR. ABBOTT:  We have been busy out in the hall

9   during this hearing and are continuing to try to refine some

10  language.  I'm hopeful that we will get there in a side

11  letter essentially between the buyer and HP that will

12  resolve those issues.  We need a few more minutes to work

13  that, so perhaps we can get on with the balance of the

14  hearing while I continue to work that issue and we'll be

15  back to the Court as quickly as we can.

16          THE COURT:  All right.  Let's do that, Mr.

17  Abbott.

18          MR. CRAPO:  Mr. Abbott, this is David Crapo.

19          THE COURT:  Yes, Mr. Crapo.  Yes.  Certainly,

20  sir.  You may proceed.

21          MR. CRAPO:  I just -- if Mr. Abbott would have

22  Ms. Songonuga, my colleague, contact me.  I think we can

23  maybe expedite this process.  I'm here for Hewlett-Packard

24  via telephone.

25          THE COURT:  All right.  So Ms. Songonuga --

1          MR. ABBOTT:  I'll do that, Your Honor.  I

2   apologize.  We have an international negotiation going on in

3   the midst of an international case.  Mr. Crapo is out of the

4   country and so we're working all kinds of technical

5   communication angles to make this happen, but I think --

6          THE COURT:  I understand.

7          MR. ABBOTT:  -- we'll get there it sounds like.

8          THE COURT:  All right.

9          MR. ABBOTT:  Thank you, Your Honor.

10         THE COURT:  Thank you.  Ms. Schweitzer?

11         MS. SCHWEITZER:  We're down to short strokes

12  here.  We have as Mr. Abbott said that HP is close, but

13  optimistic.  Hopefully we can get there.  Similarly Motorola

14  Solutions is in discussions with the Purchaser out in the

15  hallway, so with respect to those two as Your Honor had

16  suggested is that we'll just keep going and it looks --

17         THE COURT:  Yes.

18         MS. SCHWEITZER:  -- like if we are there, Your

19  Honors are welcome to confer and we can come back on the

20  record if we've resolved those or if we haven't then we'll

21  address them on the record at the time.  I think that leaves

22  one other Objector left, which is Thomas & Betts.  Thomas &

23  Betts had filed an objection, as well as a Notice of

24  Election, and their objection I think plainly put is I don't

25  know what I don't know and so just reserve my rights, you

1  know what harm is there to that, right?

2            THE COURT:  Right.

3            MS. SCHWEITZER:  And so our understanding is that

4  Thomas & Betts is a supplier of custom made metal parts to

5  Nortel, that they're -- you know they supply metal, right?

6  They objected out of abundance of caution not because they

7  knew that there were any licenses, but they just you know

8  didn't know, so why not put in an objection?  And we already

9  have approved license rejection procedures before the Court.

10  Those were approved -- you know made by motion in April,

11  approved in May.  What those procedures provided is that

12  again commercial licenses are not being rejected.  If you

13  have these supplier, customer licenses -- contracts with the

14  Debtors that happen to have licenses in them, it's not the

15  Debtors intent to reject those.  What the Debtors do intend

16  to reject is that the Debtors have come forward and looked

17  through their books and records and made every effort to

18  find the Capital L licenses, the actual patent licenses.

19  And we've told everyone what we think we have.  If you don't

20  have one, we're rejecting it, right?  And you're welcome to

21  come and elect your remedy if you specifically identify that

22  contract, right?  If you say here's a license, I want my

23  rights preserved under 365(n).  I've elected a remedy.  Or

24  otherwise you always have the right to file damages against

25  the Debtors and those damage claims, rejection damage

1  claims, are not due until after closing.  So it's not now

2  that you'd have to file that claim.  And that's similar to

3  any license rejection procedure.  Even in a Plan the Debtors

4  would say I hereby reject everything not specifically

5  assumed and you again would have the same burden to come

6  forward and specifically elect, not just to put in

7  reservations of rights.

8          So those procedures were approved by the Court

9  without objection back in May.  Thomas & Betts filed an

10 objection that I don't know what I don't know and then also

11 filed a Notice of Election that said whatever I have I want

12 to elect, right?  And obviously from the Purchaser side

13 that's an insufficient election, but we also don't have any

14 reason to believe that there actually is a license there,

15 right, that Thomas & Betts has been active in the case since

16 the beginning of the case.  Two years ago at the bar date

17 they filed a proof of claim that is -- I'm not going to

18 count the pages, but several hundred pages long, containing

19 all these invoices and you know things that they were able

20 to find in their records in less than two months with

21 respect to their relationship with Nortel.  Clearly they

22 have a relationship.  They filed a $1 million claim, but

23 they're a supplier, right?  So they have a relationship.

24 They're also preferenced Defendant as you heard before.

25 They have an active preference case going, so they're not

1  strangers to the case and they now have been given three

2  months to find any licenses they have.  If they're a

3  commercial license, I'm not saying they are, but if they're

4  a commercial license they still, regardless of whether

5  they've surfaced, are unaffected by the sale.  But if

6  they're a known license then they are being rejected and the

7  Debtors do intend to reject them and the Debtors view is

8  that that Notice of Election isn't sufficient to preserve a

9  hypothetical license.  They haven't come forward with a

10 specific agreement.  If they had the Debtors would be more

11 than happy to look at it, but they haven't.  The time has

12 passed.

13          And so what the Debtors and the Purchaser are

14 asking is that the Court confirm that, is that the Notice of

15 Election hasn't in fact preserved a Notice of Election, a

16 365(n) right, with respect to any particular license.

17          I don't know -- Thomas & Betts Counsel I believe

18 is in the courtroom or available by phone, so I'll allow --

19          THE COURT:  Mr. Kunz is here I see.

20          MS. SCHWEITZER:  -- them to talk.

21          THE COURT:  Thank you.  Thank you, Ms.

22 Schweitzer.

23          MS. SCHWEITZER:  Sure.

24          THE COURT:  Mr. Kunz, good morning, sir.

25          MR. KUNZ:  Good morning, Your Honor.  Thank you

1   very much.  I think we're here on kind of a fundamental

2   issue and that is notwithstanding the procedures or the

3   rejection procedures that have been put into place.  The

4   question is ultimately I think who bears the burden on that

5   with respect to moving forward to reject any unknown

6   licenses?  And that's what -- really what we're talking

7   about.  The Debtor put out a fairly comprehensive sale

8   motion that -- where they identified known licenses to those

9   people that they were able to identify, they defined

10  commercial licenses relatively broadly in order to

11  accomplish the idea that those commercial licenses are or

12  that the patents are also being taken subject to commercial

13  licenses.  But then they have this catchall, unknown

14  licenses, and they purport to through this procedure reject

15  anything that is an unknown license, which in fact is

16  basically a license that the Debtors themselves have not

17  been able to identify.

18              As Your Honor heard, Thomas & Betts does quite a

19  bit of business with Nortel and the question ultimately

20  comes down to how can Thomas Betts in essence be worse off

21  in the context of a procedure that says the Debtor is going

22  to reject everything that they can't identify?  Thomas &

23  Betts comes in and exercises its 365(n) rights.  What the

24  Debtor is saying is had they been able to identify it,

25  Thomas & Betts could elect.  365 down to the code gives

1  Thomas & Betts that right.  Now they're saying we haven't

2  identified it, so we're switching the burden over to you to

3  identify it and therefore you don't have your 365(n) rights

4  because the Debtors haven't identified it and you haven't

5  identified it and therefore you can't preserve anything.  I

6  can't understand in the context of where Thomas & Betts'

7  rights are protected under 365(n), but the Debtor can simply

8  come in and say we don't know and since you haven't come up

9  with anything you don't have those rights.

10          So this is a situation where the Debtors haven't

11  identified it.  Admittedly Thomas & Betts haven't been able

12  yet to identify anything, but why should Thomas & Betts be

13  prejudiced by the fact that the Debtors haven't identified

14  anything when 365(n), had the Debtors actually identified a

15  license, those rights would be granted to Thomas & Betts?

16  So Thomas & Betts is in effect put in a worse position

17  because the Debtors haven't identified anything, but I don't

18  think legally is an appropriate use of the rejection

19  procedure method in order to prejudice Thomas & Betts'

20  rights.

21          Now again Thomas & Betts hasn't found anything.

22  Maybe there isn't anything, but in the context where there

23  has been a good bit of business done between the two

24  entities and the Debtors have put forth a procedure that

25  basically says we don't know it and hey, if you don't come

1    up with anything you don't have 365(n) rights, I think flies

2    in the face of what the code would provide because I can't

3    imagine how Thomas & Betts could be prejudiced or worse off

4    when the Debtor can't identify a license than it would be if

5    the Debtor had identified a license.

6              So in the context of this, although it's a --

7    it's effectively a reservation, you know we're not trying to

8    hold up a four and a half billion dollar sale.  We don't

9    think it's necessary.  What we've heard is anybody who

10   actually did come forward and was identified -- able to

11   identify a license, had that license added to a known list

12   or had that license acknowledged to be a commercial license

13   and therefore flows through, and what I just heard was that

14   they have now catchall language in all these basically

15   saying anything you haven't identified that's similar to

16   what you've already identified, that will flow through as

17   well.  So they're providing a catchall, effectively a

18   reservation to those people who have identified maybe one

19   license, but maybe have 20.  Thomas & Betts hasn't found

20   anything yet, but at the same time why should Thomas & Betts

21   be in a worse position than those other Creditors?  Seems to

22   me that if the parties come up with a license in the next

23   month, two months, three months, that Thomas & Betts should

24   have whatever rights they would have under those licenses to

25   flow through under 365(n).  They made the election, they

1  made the timely election, and we believe that Thomas &

2  Betts' rights should be reserved.

3         THE COURT:  All right.  I understand your

4  argument, Mr. Kunz.

5         MR. KUNZ:  Thank you, Your Honor.

6         THE COURT:  Ms. Schweitzer?

7         MS. SCHWEITZER:  Thank you, Your Honor.  I think

8  that you know this is all how you spin it.  I think that

9  certainly there is prejudice to the Debtors to allow a

10 hypothetical right to go through, but frankly this isn't

11 something novel.  This is something Debtors do all the time

12 in Plan situations.  You say I am rejecting everything that

13 I don't -- I'm not assuming it then per Plan.  I have to

14 have finality in my estate and Thomas & Betts isn't

15 suggesting if I only had one more week, if I only had two

16 more weeks I actually would have made the effort.  They're

17 actually not even suggesting they did make the effort today

18 to look -- collect -- you know exhaustively for all the

19 contracts they might have had.  Notably there's several

20 material suppliers and customers to the company, you know

21 much larger enterprises.  Not to slight them, but Verizon

22 and HP and AT&T and people who have significant commercial

23 relationships all were able to comply with these procedures

24 and all were able to show up and surface and identify their

25 licenses.

1          And you know with respect to the prejudice like

2    bankruptcy -- first of all the procedures have been

3    approved.  They were on notice.  They didn't come and object

4    to the procedures at the time that they were approved and

5    this is what the procedures do require.  They require

6    specificity, not a matter of nicety, but in a matter of a

7    Purchaser knowing what assets they're taking subject to --

8    as a matter of the Debtor giving the Purchaser

9    representations regarding what assets that are being taken

10   subject to and as a matter again of finality.  There are

11   deadlines all the time in bankruptcy.  There are deadlines

12   in proofs of claims, which they complied with.  Not to say

13   their claim is valid or invalid, but they were able within

14   months to file a proof of claim and collect documents

15   because that was what the laws and the Court order required.

16   They again have a Court order that required them to put in

17   by June the election.  We've contacted them several times

18   after that initial deadline.  Contacted them as recently as

19   last week and said hey, if you have a contract, if you want

20   me to look at a contract show it to me, tell it to me, but I

21   can't give you comfort in abstraction.

22          And specifically with respect to that catchall,

23   it's kind of apples and oranges of saying that we gave

24   comfort to other people with respect to the commercial

25   licenses because we're not seeking to reject commercial

1    licenses.  So it's kind of icing on the cake of yes, we're

2    not seeking to reject them, they fall within the definition,

3    and if you have three of them or one of them that have that

4    same exact provision in them, that's a commercial license.

5    We're not trying to reject it.  We're not giving them

6    comfort with respect to adding more licenses onto the

7    schedule, Capital L licenses as we call them or known

8    licenses.  And the Purchaser wants to know, right?  The

9    Purchaser doesn't -- didn't just rubberstamp -- take each of

10   these known licenses.  When people came forward with known

11   licenses, they did have to show copies of the agreements and

12   did have to have the Purchaser have an opportunity to

13   consider whether they want to put on a license and add on --

14   amend the sale agreement.

15         So while I understand that it'd be nice to have

16   more time, it'd be nice to be able to reserve your rights

17   infinitely.  That's not what the procedures require.  The

18   procedures require them to come forward.  If they haven't

19   come forward a month after the procedural deadline, it's

20   important to the Debtors and the Purchasers to have this

21   finality and to be able to enforce the procedures that were

22   approved by the Court.

23         THE COURT:  Thank you, Ms. Schweitzer.  Anything

24   further, Mr. Kunz?

25         MR. KUNZ:  Thank you, Your Honor.  I guess I

1   would just say that notwithstanding the definition of

2   commercial licenses or folks coming forward saying hey, I

3   have a license and we've now got the catchalls in these

4   letters that are saying to the extent you have similarly

5   situated licenses there, the fact is if the Debtor had

6   identified something or if any of the parties, Verizon or

7   some of these other parties who came forward and

8   specifically identified licenses, and the Purchaser said I

9   don't think it's a commercial license, they would have had

10  their 365(n) rights.  So they could -- so even if it fell

11  into a rejected license category, each of those parties

12  would have had their opportunity to exercise their 365(n)

13  rights with respect to that.  They would not have been

14  prejudiced in that regard.

15          Finally, with respect to -- it sounds like maybe

16  they're making a -- you know we need in this four and a half

17  billion dollar deal, we need some finality.  I'm the only

18  Objector standing up here.  I don't think it's a -- you know

19  a waterfall situation where you know a thousand more people

20  are going to come forward.  We timely exercised our rights,

21  we timely made the election, and we think we ought not to be

22  prejudiced simply because in the context where the Debtor

23  has been in this case for however many years, it hasn't

24  identified any licenses and it wants us to do so in a month

25  since the procedures were put into place.  It seems to me

1  that still the weight ought to be with them and that Thomas

2  & Betts ought not to be prejudiced simply because to date

3  they have not been able to identify a license.  If it's

4  rejected, it's rejected, but we have our 365(n) rights.

5  Thank you, Your Honor.

6        MS. SCHWEITZER:  Your Honor, I don't think we

7  need to belabor the argument, but obviously the Purchaser

8  wants finality and wants to know what they're taking subject

9  to, so I won't go back and forth another round on this one.

10        THE COURT:  No, I understand.

11        MS. SCHWEITZER:  With that just so you have a

12  sense of where we're at, that was the last objection that we

13  were ready to discuss.  There are two more, the HP and

14  Motorola Solutions, that still need about five minutes in

15  the hallway.

16        THE COURT:  All right.

17        MS. SCHWEITZER:  So you're welcome to address any

18  and all the things now to take a break with Justice Morawetz

19  or whatever you think is appropriate at this time.

20        THE COURT:  Well, we'll be able to take a break,

21  but I would just like to address I think the Thomas & Bett's

22  objection before the break because I do -- I am going to

23  overrule that objection.  I think that the procedures were

24  certainly clear.  They were fair and reasonable under the

25  circumstances here of this case.  There has been sufficient

1   time for Thomas & Betts to have located, if you will, or

2   found any potential Capital L licenses and so under those

3   circumstances I believe that the Court's procedures that

4   were put in place, if you will, trump those -- the

5   objection.

6           MS. SCHWEITZER:  Thank you, Your Honor.

7           THE COURT:  And we'll proceed accordingly and

8   hopefully we'll resolve the remaining two objections and

9   this -- I think, Justice Morawetz, is it an appropriate time

10  or do you have some objections in your Court to address

11  first?

12          JUSTICE MORAWETZ:  Ms. Stam, do you wish to say a

13  few words?

14          MS. STAM:  Your Honor, there are no objections to

15  address in the Court.  Just for the record you should have

16  the affidavit of Evan Cobb.

17          JUSTICE MORAWETZ:  Thank you.

18          MS. STAM:  He filed all of the objections that

19  were filed in both the US and Canada and separated them out

20  in terms of the jurisdiction in which they were filed.  To

21  the extent that objections have been -- were filed in both

22  the US and Canada, they've been resolved in Canada in a

23  similar manner as they were resolved in the US.  There were

24  three objections that were filed in Canada only, the

25  objection of ASTER Technologies, Bell Canada, and Aixtron

1  Limited and I can advise the Court that each of those

2  objections has been resolved and withdrawn and I don't

3  believe that Counsel is bringing those three parties in the

4  courtroom today.

5          JUSTICE MORAWETZ:  Thank you.  And with respect

6  to your escrow motion, when do you wish to address that?

7          MS. STAM:  I don't believe that needs to be

8  addressed as part of the joint hearing, so we can do it

9  after the --

10         JUSTICE MORAWETZ:  We'll do it immediately after

11 then.  Okay.  Judge Gross, we will take a -- I think Ms.

12 Schweitzer indicated that five minutes was required, but I

13 think it might be better if we give the parties perhaps 10

14 to 15 and that way they can complete because I keep hearing

15 these words cooperation and expedite and I trust that

16 Counsel will keep those in mind in their deliberations.

17         MS. STAM:  Your Honor, one more thing.  It would

18 be helpful.  There have been a few changes to the order

19 since the version that was filed in the motion record, so

20 perhaps I can hand up the --

21         JUSTICE MORAWETZ:  Hand that up now and I'll take

22 a look.  Thank you.

23         THE COURT:  All right.  Why don't we take a 15-

24 minute break at this point?  Hopefully you'll address the

25 objections and Justice Morawetz and I will confer.  Thank

1    you, Counsel.

2    (Recess from 11:40 a.m. to 12:34 p.m.)

3             THE CLERK:  Please rise.

4             THE COURT:  Thank you, everyone.  Please be

5    seated.  Justice Morawetz will be out momentarily.

6             THE CLERK:  All rise.

7             THE COURT:  I see we're back, Justice Morawetz.

8             JUSTICE MORAWETZ:  Yes, Judge Gross.  Hopefully

9    you've got some good news coming from Counsel.

10            THE COURT:  Ms. Schweitzer?

11            MS. SCHWEITZER:  Yes, Your Honor.  With respect

12   to the last two objections, the first one I misspoke, wasn't

13   from Motorola Solutions.  It was Motorola Mobility.

14            THE COURT:  Okay.

15            MS. SCHWEITZER:  They are two different Motorola

16   -- the other Motorola's objections were fully resolved.

17   Motorola Mobility now has conferred with the Sellers and the

18   Purchaser and they too have entered -- agreed that Motorola

19   Mobility on the one hand and Purchaser on the other hand

20   would enter into a side letter and by that agreement have

21   fully resolved that objection.  I believe she's in the

22   courtroom.  I don't know that she needs to come to the

23   podium, but --

24            UNKNOWN:  That's correct, Your Honor.

25            THE COURT:  Wonderful.  I see confirmation that

1  your representation is correct of course, Ms. Schweitzer.

2         MS. SCHWEITZER:  And then for the second one, HP,

3  I'll turn it over to Mr. Abbott.

4         THE COURT:  All right.  Mr. Abbott?

5         MR. ABBOTT:  Thank you, Your Honor.  Derek Abbott

6  for the Nortel US Debtors.  Your Honor, we spent a lot of

7  time and effort in the hall talking to HP, trying to get

8  them comfortable, and sort through some language that we

9  could agree to in writing.  We were unable to get as far as

10  being able to reduce something to writing.  We did, Your

11  Honor, agree to make essentially two representations on the

12  record.

13         We think, Your Honor, that the hearings both here

14  and in Canada and at the procedures hearing and today, have

15  made this clear, but we're going to -- I'm going to try to

16  restate it again carefully to try to alleve [sic] whatever

17  concerns HP continues to have.  Mr. Crapo is on the phone,

18  Your Honor, and may wish to be heard in respect to these.

19         But essentially, Your Honor, HP will continue to

20  be able to use the patents that are being sold to the extent

21  that they're licensed under commercial licenses and known

22  licenses.  Those are defined in the sale agreement.

23         THE COURT:  Right.

24         MR. ABBOTT:  To the extent that those licenses

25  are valid and enforceable today and to the extent that they

1   remain so under the terms and conditions of those license

2   grants.  Obviously as those licenses expire or otherwise

3   terminate, so will HP's rights.

4        Your Honor, second we want to make clear that the

5   purchased assets in this transaction do not include any

6   license from HP and Purchaser is not assuming any such

7   licenses from HP to the extent that they may exist.  Not

8   part of the sale agreement.  We believe the sale agreement

9   is clear and explicitly states that, not specifically with

10  respect to HP, but explicitly states that they are not

11  assuming any licenses.

12        THE COURT:  That's right.

13        MR. ABBOTT:  Your Honor, so I think with those

14  representations we believe that moots whatever remaining

15  objections HP may have.  We agreed to make those

16  representations on the record.  I leave it, Your Honor, to

17  Mr. Crapo to state if he wants to -- if they're accepting

18  those representations or not.  But unfortunately we were not

19  able to get to writing where we could both stand up here,

20  Your Honor, and say this is done.  So I'll turn it back to

21  the Court and if you wish to hear from Mr. Crapo.

22        THE COURT:  Of course.  Thank you, Mr. Abbott.

23  Mr. Crapo?

24        MR. CRAPO:  The concern that we've had, Your

25  Honor, HP has had throughout this process is that the

1  licenses were going to be sold subject to the -- you know

2  various licenses.  What we -- the concern that we had is

3  because at this point the licenses are not going to be --

4  the license agreements are not either going to be assumed or

5  rejected.  The meaning of the phrase subject to, especially

6  when there's a bankruptcy loss on top of it, was uncertain.

7  So what we had been looking for with language in the sale

8  order to the effect of what Mr. Derek had said or something

9  more generally like non-Debtor licensees under Capital C

10  commercial licenses and known licenses, but Nortel patents

11  will continue to enjoy the rights to utilize and exploit

12  those license patents, related IP's so long as such use and

13  exploitation complies with the terms of the applicable

14  license agreement and so long as the license agreements

15  remain in force and effect.

16           THE COURT:  That sounds --

17           MR. CRAPO:  That was what we were trying to do is

18  to get -- to have language like that in the order.  We had

19  made the suggestion.  I had drafted some language, which I

20  included in our objection, which tracked the language of

21  365(n), which Nortel and Rockstar Bidco were uncomfortable.

22  But that is the position is we'd like to get language in the

23  order that actually spells out the meaning of subject to.

24           THE COURT:  Aside from the word differences, it

25  sounds to me like the concept that Mr. Abbott raised was

1   pretty much identical.

2            MR. ABBOTT:  Your Honor, it's similar.  Derek

3   Abbott again for Nortel.  I think there was a breadth issue

4   in Mr. Crapo's language that is not going to work with their

5   Purchaser because all we're talking about here is the sale

6   of patents and there's no related --

7            THE COURT:  Right.

8            MR. ABBOTT:  -- technology or related IP I think

9   was the word he used.

10           THE COURT:  Oh, oh, oh.

11           MR. ABBOTT:  Just the patents are all we're

12  talking about here, Your Honor.

13           THE COURT:  Okay.

14           MR. ABBOTT:  I think conceptually it sounds like

15  we're pretty close, but I've got some very strict parameters

16  I'm trying to work with with the Purchaser and their various

17  Counsel to try to make clear.  And Your Honor, as you've

18  seen this is an issue that's come up in a number of

19  objections and we've made each of the other Objectors

20  comfortable with essentially the representations that I just

21  made, Your Honor, some of them introduced it into --

22           THE COURT:  Side letters.  Yeah.

23           MR. ABBOTT:  -- side letters, but that's really

24  as far as we can go and I don't think I hear Mr. Crapo

25  asking for more than what I've represented, but I leave that

1  to Your Honor.  We're just not in a position today to try to

2  get this order entered and try to work out language in a

3  side letter later.  We need clarity now.  Obviously we've

4  got a lot of folks and a lot of judicial resources in play

5  right now and we'd like some finality, as the Purchasers I

6  think are entitled to, Your Honor.

7          THE COURT:  Have you read any of the language

8  from your side -- from a side letter to Mr. Crapo?

9          MR. ABBOTT:  Your Honor, we've got Mr. Crapo's

10  colleague, who's here today.  We've also been on the phone

11  with Mr. Crapo and both colleagues and clients -- his

12  clients talking about specific language that for whatever

13  reason we couldn't get down to brass tacks and I think the

14  two representations that I've made really do cover what are

15  the legitimate remaining issues by HP and so we don't think

16  that those are any basis on which the Court should

17  disapprove or delay the sale.  I'll try to respond further

18  to questions or whatever you --

19          THE COURT:  I don't have -- I understand your

20  position very well and I just didn't make the distinction

21  that you've made, which is nothing a patent lawyer -- the

22  difference between patents and IP you know and but I

23  appreciate the care with which you've used the term.  I'm

24  satisfied with the representation insofar as HP's objection

25  is concerned.  I think that by the representation I mean

1  Nortel's representation on the record through Mr. Abbott, I

2  think that that is what HP is entitled to and is sufficient

3  under the circumstances.

4          MR. ABBOTT:  Thank you, Your Honor.

5          THE COURT:  And I will approve that

6  representation and on the basis of it overrule the HP

7  objection or reservation of rights.  I don't recall

8  specifically which it was.

9          MR. ABBOTT:  There were a number of -- an

10  objection and amended objection.  There were a handful, as

11  long as they're all overruled, Your Honor, then we're

12  comfortable.

13          THE COURT:  Yes.  All overruled.  Yes, sir.  Yes.

14  (Laughter)

15          MR. CRAPO:  Mr. Abbott, would you -- if you could

16  just repeat for me so I can let my client know what the

17  representation, the main representation is?  HP will

18  continue?

19          MR. ABBOTT:  There were two.

20          THE COURT:  Yes.

21          MR. ABBOTT:  HP will continue to be able to use

22  the patents to the extent licensed under commercial licenses

23  and known licenses.  Those terms are defined in the sale

24  agreement.  To the extent that they are valid and

25  enforceable as of today and to the extent that they remain

1    so under the terms and conditions of such license grants.

2    The corollary to that is that as those license grants expire

3    or terminate in accordance with the terms and conditions of

4    those licenses, those rights will go away.  The second was

5    simply that the purchased assets do not include any license

6    from HP and that Purchaser isn't assuming any such licenses.

7            THE COURT:  And that was the definition of

8    purchased assets as I recall.

9            MR. ABBOTT:  Well, it's covered in the definition

10   of purchased assets in the sale agreement, Your Honor.

11           THE COURT:  Yes.

12           MR. ABBOTT:  I didn't try to rearticulate that

13   definition, which I probably would not be able to do, but

14   that's --

15           THE COURT:  Right.

16           MR. CRAPO:  And Mr. Abbott, the definition of

17   commercial license includes the [indiscernible], the

18   definition of commercial licenses set forth in Rockstar's

19   acknowledgment that they filed after the -- they were the

20   successful bidder because that would include licenses that

21   had not yet been discovered.

22           MR. ABBOTT:  Your Honor, may I have a moment?

23           THE COURT:  You may.

24           MR. ABBOTT:  To be clear, Your Honor, the

25   definitions of commercial licenses and known licenses are

1   the definitions included in the sale agreement.  There was

2   an acknowledgment filed, Your Honor, and the amended and

3   restated acknowledgement, Your Honor, that I think was filed

4   with the Debtors reply specifically incorporates capitalized

5   terms not otherwise defined as those in the sale agreement

6   at paragraph 1.  So it's the definitions that are included

7   in the sale agreement.  Obviously the acknowledgment is what

8   it is, but it does not purport to change the definitions of

9   those two things as set forth in the sale agreement.

10          THE COURT:  Mr. Crapo, does that help you?

11          MR. CRAPO:  Actually it would have been better if

12  the -- it would have been of more comfort to HP if the

13  definition of commercial license was the one -- Rockstar in

14  its acknowledgment because it covers any commercial licenses

15  not as has been explained earlier, not cross licenses that

16  are discovered in the future.

17          THE COURT:  Mr. Crapo, the parties here are

18  consulting with one another.

19          MR. ABBOTT:  Your Honor, Derek Abbott for Nortel

20  again.  We may be just talking past each other I'm afraid,

21  but let me articulate I think what the position is.  In that

22  acknowledgment, Your Honor, paragraph 2 and I'll just read

23  it verbatim so Mr. Crapo can hear it if he's not looking at

24  it.  It says all agreements listed in Schedule A hereto, as

25  well as all amendments and supplements thereto, whether or

1   not listed in Schedule A, and all agreements that are

2   substantially similar to those listed in Schedule A and with

3   licensing terms that are substantially similar to and no

4   more broad than the licensing terms in the agreements listed

5   in Schedule A and that are between any of the Sellers and

6   the counterparties to the agreements listed in Schedule A

7   and their respective affiliates, as well as all amendments

8   and supplements thereto, collectively that "subject

9   agreements" shall be deemed to constitute commercial

10   licenses.  If Mr. Crapo is asking us to suggest that that

11   language is effective, Your Honor, that's in the

12   acknowledgement.  HP licenses are on Schedule A, certain of

13   them obviously.  That doesn't ever change the definition of

14   commercial licenses, but gives a little comfort to

15   counterparties about substantially similar license,

16   obviously just in accordance with the terms of that

17   acknowledgment.  So I think that may be what Mr. Crapo is

18   intending and if so paragraph 2 is there.  It's effective

19   and is out there, but it doesn't change the definition of

20   either commercial licenses or known licenses in the sale

21   agreement, Your Honor, and that's what we're relying on.

22           THE COURT:  It's in effect commentary on that

23   definition.

24           MR. ABBOTT:  Well, and it gives parties some

25   comfort about substantially similar licenses.

1              THE COURT:  Right.

2              MR. ABBOTT:  Exactly.

3              THE COURT:  Right.

4              MR. CRAPO:  Actually similar licenses that might

5    be discovered.

6              MR. ABBOTT:  Well, Your Honor, I'm not in a

7    position to change the words.  That provision says what it

8    says and it includes what it includes.  I'm not asking today

9    for the Court to rule what it does and doesn't include, but

10   we can't change that language.

11             THE COURT:  Right.

12             MR. CRAPO:  No, but I was just asking what was

13   meant.  Do you understand?

14             MR. ABBOTT:  Your Honor, we have to stick with

15   the definition of commercial licenses.

16             THE COURT:  I understand.

17             MR. ABBOTT:  This has been heavily negotiated

18   with numerous parties who are both in the courtroom and on

19   the phone and we -- I apologize to put the Court in this

20   situation right now, but we can't renegotiate the terms of

21   that language or the definitions of commercial licenses

22   today in the courtroom.

23             MR. CRAPO:  And I'm not asking for that.  I just

24   wanted to make -- I just wanted to understand.

25             THE COURT:  Well, I think just to go back a few

1  minutes, I've ruled that the definition of commercial

2  license is applicable here and HP has whatever rights it has

3  under the asset purchase agreement and I've overruled their

4  objection.

5           MR. ABBOTT:  Thank you, Your Honor.  May I have

6  one more moment, Your Honor?

7           THE COURT:  You may.

8           MR. ABBOTT:  Your Honor, with that may I approach

9  with a Form of Order?

10          THE COURT:  Sure.  Please, Mr. Abbott.  Thank

11 you.  And this has everything in it, the asset purchase

12 agreement and --

13          MR. ABBOTT:  It should, Your Honor, as I

14 understand have all the various attachments.

15          THE COURT:  And that Exhibit 1 --

16          MS. SCHWEITZER:  Right.  So Your Honor, right.

17 It has the clean version of the asset purchase agreement

18 attached as an exhibit and it has the amended and restated

19 commercial license agreement attached as exhibit.  If you

20 look at the end of Exhibit A I believe it is, the asset sale

21 agreement, right behind the signature page is the page that

22 says permitted encumbrances.

23          THE COURT:  Okay.

24          MS. SCHWEITZER:  And has that definition there.

25 And so that the record is clear that that definition is the

1  definition that will govern for the asset sale agreement and

2  the sale order.  So --

3             THE COURT:  That's right.  All right.

4             MR. ABBOTT:  So with that, Your Honor, please

5  sign it.

6  (Laughter)

7             THE COURT:  Only Mr. Abbott could get away with

8  that, but actually we're going to do it a little

9  differently.  Justice Morawetz is going to rule first.

10            MR. ABBOTT:  Probably appropriate, Your Honor.

11            THE COURT:  Yes.

12            JUSTICE MORAWETZ:  Thank you, Judge Gross.

13            THE COURT:  Justice Morawetz.

14            JUSTICE MORAWETZ:  Thank you, Judge Gross.  Mr.

15 Tay or Ms. Stam, is the HP issue before me today or is that

16 totally dealt with in the US?

17            MR. HILL:  I'm here for HP, but I'm not going to

18 make any additional submissions.  You've heard --

19            JUSTICE MORAWETZ:  Excellent.  I appreciate your

20 brevity, Mr. Hill.  And the following is an endorsement.

21 Madame Reporter, you ready?  Thank you.  Nortel Networks

22 Corporation, Nortel Networks Limited, Nortel Networks

23 Technology Corporation, Nortel Networks International

24 Corporation, Nortel Networks Global Corporation collectively

25 as the Applicants bringing this motion for an order.

1 Approving the transactions contemplated by an asset sale

2 agreement dated as of June 30, 2011, defined as the sale

3 agreement among NNC, NNL, NNI, NNUK Limited and

4 Administration, and other Nortel entities, collectively the

5 Sellers and Rockstar Bidco LP, or the Purchaser, for the

6 sale of assets to the Purchaser in accordance with the

7 provisions of the sale agreement and for an order vesting

8 all the Applicants' right, title, and interest in and to the

9 purchased assets absolutely and the Purchaser free and clear

10 from any claims, encumbrances other than permitted

11 encumbrances, and for an order approving certain license

12 non-agreement to non-renewed protections and for an order

13 approving the IP side agreement for restructural matters.

14 Finally the Applicants seek a sealing order in respect to

15 certain confidential information.

16         This joint hearing was conducted by way of

17 videoconference, His Honor Judge Gross presiding over the

18 hearing in the United States Bankruptcy Court.  Joint

19 hearing was conducted in accordance with the provisions of

20 the cross border protocol, which has been previously

21 approved by both Courts.

22         The Applicants filed the affidavit of Mr. George

23 Riedel sworn July 5, 2011 in support of a motion.  Mr.

24 Riedel, the chief strategy officer both at NNC and NNL, he

25 also swore an affidavit on April 7, 2011 in support of the

1   motion to approve the bidding procedures.  The Monitor has

2   filed its 71st report with respect to the motion.  The

3   Monitor recommends that the requested relief be granted.  No

4   party is opposed to the requested relief.  On May 2, 2011

5   this Court granted an order approving the bidding procedures

6   relating to the patent assets of Nortel, which cover

7   approximately 6,000 Canadian, US, and foreign patent

8   applications.  The Court approved stalking horse agreement

9   on May 2, 2011 among various Nortel entities and Ranger,

10  Inc., an affiliate of Google, Inc., as Purchaser.  A bid

11  deadline was set for June 13, 2011.  Nortel received four

12  initial bids for the purchased assets, which were deemed to

13  be qualified bids, along with a bid by the stalking horse

14  Purchaser for the purposes of the auction of the purchased

15  assets.  The auction commenced on June 27, 2011 through 19

16  rounds of bidding.  On June 30, 2011 no further bids were

17  received and the bids submitted timely by Apple, Inc. and

18  Rockstar Consortium pursuant to the sale agreement at the

19  end of the 19th round of bidding was declared the winning

20  bid.  The Purchaser will pay to the Sellers the purchase

21  price of $4.5 billion cash, including a good faith deposit

22  of $54 million, which has been paid to the Sellers.  The

23  terms and conditions of the sale agreement are described in

24  detail in the affidavit of Mr. Riedel and in the 71st report

25  of the Monitor.  The purchase price of 4.5 billion compares

1  to the purchase price set out in the stalking horse

2  agreement of 900 million.  The stalking horse agreement can

3  provide for a break-up fee of $25 million, as well as an

4  expense reimbursement of up to $4 million.  The Monitor

5  reports that at both this Court and the US Court approve the

6  bid of Rockstar, the Applicants, or the [indiscernible] that

7  the break-up fee and the expense reimbursement will be

8  payable and it is intended that such a payment will be made.

9  Parties have also agreed upon a form of license non-

10 assignment and non-renewal protection, license rejection

11 procedures, and an IP side agreement in respect to certain

12 structural matters.

13          The Monitor reports that the successful bidder is

14 made up of a consortium of a number of parties.  Rockstar is

15 a single purpose entity formed by a consortium of technology

16 companies for purposes of participating in the sale process

17 for the Nortel patents.  The entities participating in

18 Rockstar are Apple, Research In Motion Limited, EMC

19 Corporation, LM Ericsson, Sony Corporation, and Microsoft

20 Corporation.

21          The Monitor also reports that as no agreement has

22 been reached in respect to the allocation of sale proceeds,

23 they will be placed in a distribution escrow account upon

24 closing.  The Applicants have brought a separate motion

25 seeking approval of the distribution escrow agreement.

1          The Monitor also reports that subject to Court

2    approval, closing is anticipated to hopefully occur within

3    one month.

4          In his affidavit, Mr. Riedel concludes that he

5    believes that the process undertaken by the Applicants, the

6    US Debtors, and their advisors, including input from the

7    Monitor, the Official Committee of Unsecured Creditors of

8    NNI, and the Ad Hoc Bondholders was in compliance with the

9    bank procedures and that the maximum value for the purchased

10   assets has been achieved.  Further he also stated that the

11   bidding process was conducted by Nortel in consultation with

12   its financial and legal advisors, the Monitor and several of

13   its significant stake holders and in accordance with the

14   bidding procedures.  Finally he states that the auction

15   resulted in a purchase price many multiples higher than the

16   stalking horse agreement purchase price and he believes that

17   the proposed transaction set out in the sale agreement is

18   the best offer available for the assets.  The Monitor is of

19   the view that the company's efforts to market the residual

20   IP were comprehensive and conducted in accordance with the

21   bank procedures and that the auction process provided a

22   mechanism to fully determine the market value of the

23   residual IP.

24         The Monitor is satisfied that the purchase price

25   of the assets constitutes fair consideration for such assets

1   and as a result he's of the view that the sale agreement

2   represents the best transaction for the sale of the residual

3   IP.  The Monitor recommends that the Court approve the

4   Applicants' motion authorizing the Applicants to complete

5   the transaction that's contemplated in the sale agreement,

6   investing all the Applicants' interests in the purchased

7   assets and the Purchaser.  The Monitor has also recommended

8   approval of the second IP transaction side agreement.

9           Objections have been considered by the US Court.

10  They've either been resolved or overruled.  I'm of the view

11  that no useful purpose would be served by adding additional

12  comment on this issue.  The issue before the Court is

13  whether it's appropriate to approve the transaction.  I

14  refer to my endorsement of the bidding procedures motioned

15  May 2, 2011.  At the time I indicated that the Royal Bank of

16  Canada, Soundair, and Crown Trust principals would be

17  relevant at any sale approval motion.  Although the Soundair

18  and Crown Trust tests were established at the sale of assets

19  by receiver, the principals have been considered to be

20  appropriate for the sale of assets as part of a Court-

21  supervised process in a CCAA proceeding.  See

22  [indiscernible] and numerous Nortel endorsements on this

23  issue.

24          It is also noted that this [indiscernible]

25  enactment of the 2009 amendments to the CCAA, and that a

1  formal consideration of the factors in -- now in Section 36

2  of the CCAA is not required.

3          The factors for a Court to take into

4  consideration in reviewing a proposed sale of assets are as

5  follows: one, whether sufficient effort has been made to

6  obtain the best price and that the Debtor has not acted

7  improvidently, two, the Court should consider the interests

8  of all parties, three, the Court should consider the

9  efficacy and integrity of the process by which our office

10  has been obtained, and four, the Court should consider

11  whether there has been unfairness in the working out of the

12  process.  The unchallenged record clearly establishes that

13  the sale process has been conducted in accordance with the

14  bidding procedures and with the principals set out, both

15  Soundair and Crown Trust.  Result achieved at the auction is

16  five times the amount of the approved stalking horse

17  purchase price.  All parties are of the view that the

18  purchase price represents fair consideration to the assets

19  included in the sale agreement and the circumstances of this

20  case.  That statement could be considered to be somewhat

21  understated.

22          I am satisfied that the consideration provided by

23  Rockstar pursuant to the sale agreement constitutes fair

24  value and fair consideration to the assets in question.  I'm

25  also satisfied that it is appropriate to approve the sale

1  agreements between the Sellers and the Purchasers, as well

2  as it is appropriate to grant the relief relating to the

3  vesting order and the other ancillary agreements, all of

4  which are approved.

5          The Applicants also request a sealing order

6  sealing confidential appendixes to the 71st report of the

7  Monitor pending further order.  Considering this request I

8  refer to the Decision of the Supreme Court of Canada and

9  Sierra Club, which addresses the issue of a sealing order.

10  I've reviewed the confidential appendixes to the 71st

11  report.  I'm satisfied that the appendixes contain sensitive

12  commercial information, the release of which could be

13  prejudice to the stakeholders.  I'm satisfied that the

14  considerations referenced in the Sierra Club are present in

15  this case and that it is appropriate to grant the sealing

16  order and it is so granted.

17          I have endorsed the record, for oral reasons

18  given -- the motion is granted.  Orders have been signed in

19  the form presented as amendment.  Ms. Stam, you did provide

20  me with the approval and vesting order.  The only minor

21  amendment is contained in paragraph 3, where subject to any

22  persuasive argument that you make, you put forward at this

23  point, it is my practice not to comment on the commercial

24  reasonability of the transaction in the order.  That has

25  been done in the endorsement.  So my suggestion is that it

1  just reads that the declaration -- the transaction is

2  approved.

3          MS. STAM:  That's fine, Your Honor.  I have two

4  small clarifications.

5          JUSTICE MAROWETZ:  Yes.

6          MS. STAM:  At the request of a couple of the

7  parties in the room, I had made one handwritten change in

8  here at the end of paragraph 6 to reflect the amended and

9  restated commercial licenses acknowledgment, which was to be

10 initialed and I think the preference is to just expand the -

11 - as you're saying as amended, how I had written and to

12 actually refer to the full amended and restated

13 acknowledgment.  And so I have the language.

14         JUSTICE MAROWETZ:  That would be fine if you wish

15 to hand that up now.  I will -- I assume you've only got

16 that in one copy.

17         MS. STAM:  I do.  I'm happy to write it, but I

18 can -- that I handed up to you, if you'd like.

19         JUSTICE MAROWETZ:  Why don't you do that?

20         MS. STAM:  The other small matter, Your Honor, is

21 just with respect to your ruling on the sealing.  There were

22 confidential appendixes to the Monitor's report and I

23 believe that we filed separately in a separate envelope a

24 few confidential service affidavits, which contained on the

25 schedules confidential information about parties that

1  appeared on the schedules, were served with the motion, and

2  so I think we'd like the sealing order to cover that, those

3  confidential service affidavits, also.

4          JUSTICE MAROWETZ:  I think, Ms. Stam, perhaps you

5  can meet me after lunch to review those matters, but the

6  understanding is that I will make the notation.  I'm just

7  not familiar with the --

8          MS. STAM:  Absolutely.

9          JUSTICE MAROWETZ:  -- what you're referring to,

10  but unless there are any objections it would be my intention

11  to then do a supplementary endorsement granting the sealing

12  order in respect of those matters that Ms. Stam will bring

13  to my attention.

14          MS. STAM:  Thank you, Your Honor.

15          JUSTICE MAROWETZ:  There are no objections to

16  that.  I'll also just cover very briefly your escrow

17  agreement.  It -- the endorsement is the sale agreement

18  referenced in the record, has received Court approval.

19  Counsel, the Applicant has indicated the parties are working

20  towards a closing as soon as practical and that the foreign

21  [indiscernible] agreement contained in the record is in a

22  form that is acceptable to the parties.  According to the

23  motion it was not opposed.  I'm satisfied that the requested

24  relief is appropriate.  Motion is granted.  Order to go in

25  the form presented.  And that order has been -- will be

1  signed as well.

2           Subject to any questions I now propose to turn it

3  over to Judge Gross, who will render his opinion on the

4  matter.

5           THE COURT:  All right.  Thank you, Justice

6  Morawetz.  You know it's not everyday that a --

7           JUSTICE MORAWETZ:  Yes. I think my endorsement

8  indicated that those were also approved.

9           THE COURT:  -- Judge has an opportunity to make a

10 four and a half billion dollar mistake and that's what it

11 would be were I not to approve the --

12          JUSTICE MORAWETZ:  Thank you.  Judge Gross, over

13 to you.

14          THE COURT:  -- the sale on the terms set forth in

15 the order that's before me.  Specifically just making a few

16 specific findings because I am adopting the findings set

17 forth in the order and it's well based upon the reasoning

18 set -- stated by Justice Morawetz here, but that the notice

19 was certainly sufficient and proper.  The Debtors complied

20 with the bid procedures order, held an auction, which

21 created the market test that everyone is always most

22 interested in and then certainly establishes that the terms

23 are the highest and best available under the circumstances

24 and are really quite extraordinary.  I think that eventually

25 someone is going to start to check what they have in the

1  water at Cleary Gottlieb, but they've certainly been really

2  quite remarkable in the auctions and in the sales and the

3  terms and benefits to the estate that they've obtained.  I

4  find that under the circumstances and based upon the

5  evidence, the proffers that I admitted into evidence, as

6  well as the monitor's 71st report that there is more than

7  sufficient cause for a good faith finding under Section 363M

8  here and there is no reason to stay the closing.  It should

9  proceed as promptly as possible and for all of those reasons

10  and essentially the evidence in the record before me, I am

11  going to sign the order approving.  Let me just also say

12  that I have also approved and do approve of the filing under

13  seal of the documents that were submitted to me to be filed

14  under seal.  I think that they clearly contain sensitive and

15  proprietary information of the nature that our cases require

16  for a filing under seal.

17          MS. SCHWEITZER:  Thank you, Your Honor.  We have

18  -- the other motion before Your Honor was the tax side

19  letter, which I realize has --

20          THE COURT:  Yes.

21          MS. SCHWEITZER: -- the order form.  May I

22  approach and hand that up?

23          THE COURT:  You certainly may.  And I'm approving

24  that as well and thank you.  Thank you for reminding me

25  because clearly this gives significant effect to the order

1  that I just approved and is essential to enable the parties

2  to proceed to closing and I will grant this motion as well

3  on the side letter.

4          MS. SCHWEITZER:  Thank you, Your Honor.

5          THE COURT:  Was there anything further for today?

6  Mr. Abbott?

7          MR. ABBOTT:  I --

8          THE COURT:  It's not over until you tell me it

9  is.

10  (Laughter)

11          MR. ABBOTT:  Your Honor, I didn't mean to be

12  presumptuous earlier when I was asking you to sign the

13  order.

14          THE COURT:  No.

15  (Laughter)

16          MR. ABBOTT:  But I'm not going to answer that

17  question until you do, Your Honor.

18          THE COURT:  There you go.

19  (Laughter)

20          THE COURT:  Well, I'm doing it right now, Mr.

21  Abbott.  Yes, sir.

22          MR. ABBOTT:  Your Honor, I don't think there's

23  anything else on the record at the hearing today.  We did

24  obviously arrange with chambers to have a short chambers

25  conference with some --

1          THE COURT:  Yes.

2          MR. ABBOTT:  -- relevant parties, Your Honor, but

3   other than that, that's all we have for today.

4          THE COURT:  All right, everyone.  Thank you for

5   an excellent hearing and we will stand in recess and good

6   day to all of you.

7          MR. ABBOTT:  Thank you, Your Honor.

8     (Whereupon, at 1:11 p.m., the hearing was adjourned.)

9

10                         CERTIFICATION

11          I certify that the foregoing is a correct

12   transcript from the electronic sound recording of the

13   proceedings in the above-entitled matter.

14

15

16   _____          11 July 2011
17   Wendy Evans, Transcriber                       Date

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**a.m**(5) 1:15 7:1 21:22 21:22 88:2

**a10(1)(x**(1) 62:7

**abbott**(84) 1:24 7:3 7:4 7:5 7:10 7:17 7:19 7:23 7:24 8:5 12:11 12:19 12:20 13:2 17:9 17:11 17:12 17:13 17:13 17:17 18:9 18:13 23:5 72:9 72:11 72:12 72:16 73:3 73:8 73:17 73:18 73:21 74:1 74:7 74:9 74:12 89:3 89:4 89:5 89:5 89:24 90:13 90:22 91:25 92:2 92:3 92:8 92:11 92:14 92:23 93:9 94:1 94:4 94:9 94:15 94:19 94:21 95:9 95:12 95:16 95:22 95:24 96:19 96:19 97:24 98:2 98:6 98:14 98:17 99:5 99:8 99:10 99:13 100:4 100:7 100:10 112:6 112:7 112:11 112:16 112:21 112:22 113:2 113:7

**able**(25) 8:19 10:21 10:25 23:13 31:5 47:10 68:1 76:19 78:9 78:17 78:24 79:1 80:10 81:23 81:24 82:13 83:16 83:21 85: 85:20 89:10 89:20 90:19 94:21 95:13

**about**(20) 17:5 23:22 24:8 26:11 28:21 49:15 51:6 51:10 55:14 67:23 69:18 71:6 78:7 85:14 92:5 92:12 93:12 97:15 97:25 108:25

**above**(1) 113:6

**aboveentitled** (1) 113:13

**absolutely**(5) 7:18 23:8 61:6 101:9 109:8

**abstraction**(1) 82:21

**abundance**(1) 75:6

**acceptable**(7) 9:12 16:14 17:22 17:24 18:1 64:25 109:22

**accepted**(4) 25:18 30:12 44:7 55:11

**accepting**(5) 30:7 47:12 49:20 54:24 90:17

**access**(3) 9:21 34:16 35:15

**accomplish**(1) 78:11

**accordance**(12) 22:11 32:3 39:24 40:9 41:5 95:3 97:16 101:6 101:19 104:13 104:20 106:13

**according**(2) 68:2 109:22

**accordingly**(1) 86:7

**account**(1) 103:23

**achieved**(3) 53:11 104:10 106:15

**acknowledged**(2) 70:2 80:12

**acknowledgemen**(8) 45:14 55:24 55:25 69:15 69:16 70:14 96:3 97:12

**acknowledges**(1) 67:25

**acknowledgment**(8) 95:19 96:2 96:7 96:14 96:22 97:17 108:9 108:13

**acquire**(1) 54:10

**acted**(2) 42:20 106:6

**action**(3) 13:25 14:3 15:9

**actions**(1) 16:7

**active**(2) 76:15 76:25

**actively**(1) 10:11

**actual**(1) 75:18

**actually**(19) 19:6 19:14 25:21 31:4 41:4 57:19 60:18 67:23 69:20 76:14 79:14 80:10 81:16 81:17 91:23 96:11 98:4 100:8 108:12

**adams**(1) 5:19

**add**(2) 49:21 83:13

**added**(8) 15:8 18:23 19:4 19:4 55:10 55:19 69:21 80:11

**adding**(2) 83:6 105:11

**addition**(7) 9:15 14:21 15:10 29:5 40:7 47:23 49:2

**additional**(17) 10:1 11:5 15:16 18:23 19:17 35:9 37:5 40:1 40:5 41:2 42:9 45:9 45:22 48:9 65:21 100:18 105:11

**additionally**(15) 15:15

**address**(13) 12:12 26:17 28:20 44:23 46:7 73:4 74:21 85:17 85:21 86:10 86:15 87:6 87:24

**addressed**(2) 65:14 87:8

**addresses**(3) 46:15 48:5 107:9

**adjourn**(1) 40:16

**adjourned**(4) 14:4 14:23 41:19 113:8

**adjourning**(3) 20:16 21:3 23:12

**adjournment**(4) 10:3 23:12 32:2 40:17

**adjustment**(1) 28:11

**adjustments**(2) 18:4 27:17

**administered**(1) 1:8

**administration**(1) 101:4

**admission**(1) 43:20

**admit**(2) 37:18 44:16

**admitted**(4) 37:15 43:24 44:12 111:5

**admittedly**(1) 79:11

**adopted**(1) 42:10

**adopting**(1) 110:16

**advance**(2) 16:4 64:21

**advantages**(2) 46:24 47:10

**adversary**(4) 12:13 13:11 18:21 19:13

**advice**(1) 33:12

**advise**(1) 87:1

**advisor**(1) 33:8

**advisors**(7) 33:2 35:10 35:11 35:22 36:1 104:6 104:12

**affect**(1) 29:15

**affected**(1) 49:5

**affecting**(1) 30:12

**affidavit**(8) 58:16 58:17 58:25 86:16 101:22 101:25 102:24 104:4

**affidavits**(2) 108:24 109:3

**affiliate**(1) 102:10

**affiliates**(1) 97:7

**affirmative**(4) 26:8 26:10 26:15 50:10

**afraid**(1) 96:20

**after**(19) 22:17 26:14 34:18 34:21 35:7 35:10 39:2 40:1 40:25 41:15 48:10 56:6 76:1 82:18 83:19 87:9 87:10 95:19 109:5

**again**(32) 20:3 20:4 21:24 24:6 28:11 29:19 30:1 31:18 34:23 35:13 35:23 35:25 37:3 37:17 37:25 38:7 41:5 46:17 47:8 49:9 52:7 57:23 69:9 70:8 75:12 76:5 79:21 82:10 82:16 89:16 92:3 96:10

**against**(4) 13:25 14:22 48:8 75:24

**agenda**(8) 12:14 12:25 13:18 13:19 14:21 15:16 15:21 20:5

**ago**(2) 23:20 76:16

**agree**(10) 9:5 26:1 26:1 30:25 48:23 49:2 49:12 51:7 89:9 89:11

**agreed**(18) 8:20 8:21 8:24 9:8 9:18 9:24 11:2 20:14 21:1 47:22 48:14 49:21 54:10 69:22 71:8 88:18 90:15 103:9

**agreeing**(2) 48:15 48:19

**agreement**(97) 14:3 14:18 20:25 26:9 26:24 28:2 28:6 28:10 28:18 29:2 29:3 30:6 30:11 31:15 34:19 34:20 36:8 40:2 42:16 45:12 46:7 46:8 46:15 46:16 46:20 48:5 48:20 49:9 49:11 50:5 53:19 53:20 55:3 55:8 57:15 57:21 57:21 58:4 58:12 58:16 59:2 59:13 59:21 61:19 62:2 62:23 64:4 64:13 66:7 66:12 66:22 68:18 70:1 71:9 71:11 77:10 83:14 88:20 89:22 90:8 90:8 91:14 94:24 95:10 96:1 96:5 96:7 96:9 97:21 99:3 99:12 99:17 99:19 99:21 100:1 101:2 101:3 101:7 101:13 102:8 102:18 102:23 103:2 103:2 103:11 103:21 103:25 104:16 104:17 105:1 105:5 105:8 106:19 106:23 109:17 109:17 109:21

**agreements**(22) 24:12 30:14 34:14 42:24 54:13 55:21 56:2 68:13 70:2 70:5 70:6 71:6 83:11 91:4 91:14 96:24 97:1 97:4 97:6 97:9 107:1 107:3

**agrees**(1) 39:5

**aixtron**(1) 86:25

**akin**(3) 2:4 6:5 51:2

**all**(110) 7:22 10:17 11:8 11:25 12:4 12:6 12:9 12:18 12:18 14:5 15:10 15:11 16:3 16:20 16:23 18:3 19:16 19:18 19:23 20:6 20:22 21:5 21:9 21:12 21:18 25:18 26:1 26:11 27:15 28:1 28:7 28:7 32:1 32:3 32:22 35:17 37:11 37:14 38:9 38:24 42:3 43:17 43:23 44:15 45:18 47:17 48:14 48:23 49:3 51:7 51:11 52:13 52:20 53:7 53:17 54:3 55:25 56:5 60:19 60:21 62:10 65:1 65:6 67:1 67:7 70:24 71:17 72:11 72:25 73:2 73:16 73:25 74:4 74:8 76:19 80:14 81:3 81:8 81:11 81:23 81:24 82:2 82:11 85:16 85:18 86:18 87:23 88:6 89:4 92:5 92:11 94:11 94:13 96:24 96:25 97:1 97:7 99:14 100:3 101:8 105:6 106:8 106:17 107:3 110:5 111:9 113:3 113:4 113:6

**allen**(1) 2:19

**alleve**(1) 89:16

**allocation**(8) 48:9 48:16 48:25 49:4 49:22 51:9 52:5 103:22

**allow**(3) 9:9 77:18 81:9

**allowing**(1) 72:1

**along**(3) 47:3 53:6 102:13

**already**(4) 62:17 62:20 75:8 80:16

**also**(61) 8:21 9:16 9:19 11:12 15:15 24:12 25:10 25:16 28:19 29:2 29:19 30:21 31:1 32:8 32:12 34:2 36:24 37:23 39:17 39:25 40:22 41:7 42:22 43:5 44:22 45:20 46:6 47:12 47:14 47:21 48:5 48:7 48:9 48:17 48:18 48:23 49:2 49:12 49:14 49:25 50:4 50:7 50:22 51:6 51:14 51:21 52:5 52:5 52:6 52:8 52:19 52:19 53:8 53:13 53:15 53:15 53:17 53:21 53:22 53:23

**alston**(1) 2:44

**alt**(1) 2:25

**alternate**(1) 20:25

**alternative**(4) 30:12 49:20 51:17 51:18

**although**(8) 8:12 15:2 41:11 58:25 65:4 68:2 80:16 107:1

**always**(5) 12:5 36:15 58:8 75:24 110:21

**amazing**(1) 56:13

**amend**(2) 66:23 83:14

**amended**(14) 45:14 58:4 58:18 59:2 59:25 68:3 69:15 73:5 94:10 96:2 99:18 108:8 108:11 108:12

**amendment**(2) 107:19 107:21

**amendments**(6) 62:8 62:14 70:13 96:25 97:7 105:25

**america**(1) 5:34 71:23

**americas**(3) 2:21 4:22 21:4

**amish**(1) 5:35 71:22

**among**(7) 18:22 35:11 37:7 42:12 42:17 101:3 102:9

**amongst**(2) 51:8 56:15

**amount**(3) 20:15 21:3 106:16

**analyzing**(1) 51:15

**ancillary**(3) 42:24 68:14 107:3

**and**(301) 7:7 7:7 7:11 7:15 8:8 8:10 8:12 8:18 8:18 8:21 9:1 9:3 9:6 9:7 9:7 9:19 9:23 10:2 10:3 10:8 10:9 10:11 10:12 10:13 10:14 10:16 10:22 11:1 11:7 11:20 12:6 12:9 12:16 13:12 13:16 13:18 13:20 13:20 13:24 14:1 14:11 14:16 14:18 14:21 14:24 15:1 15:10 15:10 15:15 15:18 15:18 15:19 15:21 16:1 16:5 16:7 16:9 16:9 18:3 18:12 18:19 18:25 19:16 20:5 20:7 20:8 20:14 20:16 20:18 20:19 21:1 21:3 21:16 21:18 21:19 21:19 21:20 21:25 22:2 22:10 22:13 22:14 22:17 22:20 23:4 23:10 23:13 23:14 23:22 23:24 24:2 24:4 24:5 24:5 24:7 24:9 24:14 24:15 25:5 25:6 25:8 25:9 25:15 25:16 25:18 26:2 26:4 26:5 26:6 26:7 26:19 26:27 27:7 27:12 27:13 27:14 27:15 27:18 28:1 28:1 28:6 28:19 28:20 28:22 29:7 29:10 29:11 29:18 29:19 30:2 30:8 30:9 30:10 30:21 31:1 31:12 31:15 31:16 31:18 31:19 31:22 32:1 32:6 32:11 32:12 32:20 33:2 33:3 33:4 33:11 33:16 33:20 33:20 33:22 33:23 33:24 33:25 34:2 34:4 34:6 34:7 34:10 34:12 34:13 34:15 34:20 34:23 34:25 35:1 35:3 35:4 35:8 35:9 35:10 35:11 35:16 35:18 35:24 35:25 36:1 36:1 36:4 36:5 36:9 36:9 36:12 36:14 36:16 36:16 36:25 37:2 37:3 37:7 37:9 37:24 37:25 38:5 38:5 38:10 38:11 38:15 38:16 38:21 38:21 38:23 38:25 39:5 39:14 39:16 39:22 39:22 39:25 39:25 40:8 40:8 40:10 40:11 40:12 40:15 40:17 40:19 40:23 40:25 41:1 41:4 41:10 41:14 41:19 41:22 41:24 41:25 42:2 42:2 42:4 42:5 42:8 42:12 42:13 42:14 42:17 42:20 42:23 42:24 42:25 43:1 43:1 43:2 43:6 43:10 43:11 44:5 44:15 44:16 44:18 44:22 44:24 45:9 45:13 45:14 45:15 46:8 46:17 46:17 46:22 46:25 47:2 47:8 47:12 47:14 47:21 48:5 48:7 48:9 48:17 48:18 48:23 49:2 49:12 49:14 49:25 50:4 50:7 50:22 51:6 51:14 51:21 52:5 52:5 52:6 52:8 52:19 52:19 53:8 53:13 53:15 53:15 53:17 53:21 53:22 53:23

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **and**(301) 52:4 54:4 54:5 54:9 54:17 54:20 55:2 55:11 55:12 55:13 55:22 55:24 56:1 56:2 56:5 56:6 56:8 56:12 56:22 56:23 57:12 57:14 57:21 58:1 58:1 58:3 58:3 58:17 58:18 59:2 59:2 59:10 59:12 59:13 59:17 59:22 59:24 59:24 59:25 60:2 60:24 61:3 61:15 61:18 61:19 61:22 62:2 62:5 62:11 62:12 62:13 62:14 62:15 62:27 64:14 64:24 65:1 65:2 65:25 66:22 66:23 67:10 67:17 67:21 67:22 67:23 67:25 68: 68:9 68:16 68:16 68:18 68:23 69:5 69:8 69:13 69:16 69:22 70:3 70:8 70:12 70:13 70:17 70:17 71:5 71:7 71:7 71:9 71:11 71:14 71:21 72:7 72:9 72:16 72:20 72:22 73:4 73:5 73:9 73:11 73:14 74:4 74:16 74:19 74:24 74:25 75:3 75:8 75:16 75:17 75:17 75:19 75:20 75:21 75:25 76:2 76:5 76:6 76:10 76:12 76:19 77:1 77:6 77:7 77:13 77:13 78:2 78:6 78:14 78:19 78:23 79:3 79:4 79:5 79:8 79:18 79:24 79:25 80:8 80:10 80:13 80:13 81:1 81:14 81:20 81:22 81:22 81:22 81:24 81:24 82: 82:3 82:4 82:10 82:14 82:15 82:19 82:22 82:23 83:3 83:8 83:11 83:13 83:20 83:21 84:3 84:7 84:8 84:16 85:24 86:2 86:7 86:7 86:8 86:19 86:19 86:22 86:25 87:1 87:2 87:2 87:5 87:14 87:15 87:15 87:21 87:25 87:25 88:17 88:18 88:19 88:20 89:7 89:8 89:14 89:14 89:14 89:18 89:21 89:25 89:25 90:1 90:6 90:9 90:20 90:21 91:10 91:11 91:12 91:14 91:15 91:21 92:2 92:16 92:17 92:19 92:24 93:2 93:4 93:5 93:11 93:11 93:13 93:15 93:20 93:22 93:22 94:2 94:5 94:6 94:10 94:23 94:24 94:25 95:1 95:6 95:7 95:16 95:25 96:2 96:2 96:22 96:25 97:1 97:2 97:3 97:5 97:5 97:7 97:8 97:18 97:19 97:21 97:24 98:8 98:9 98:18 98:19 98:23 99:2 99:3 99:11 99:12 99:15 99:18 99:18 99:24 99:25 100:1 100:20 101:3 101:4 101:5 101:7 101:8 101:8 101:9 101:9 101:11 101:12 101:24 102:7 102:9 102:17 | | **any**(68) 9:25 9:25 10:14 11:9 12:24 15:13 16:18 26:17 28:23 32:15 32:18 35:2 35:5 36:21 36:22 36:22 42:15 42:19 44:13 47:18 47:19 48:3 49:13 49:14 50:10 51:9 53:13 53:16 55:1 57:1 57:4 60:1 62:14 64:18 64:22 67:17 68:4 68:6 70:21 71:10 71:12 72:17 72:20 75:7 76:3 76:13 77:2 77:8 78:5 84:6 84:24 85:17 86:2 90:5 90:6 90:11 93:7 93:16 95:5 95:6 96:14 97:5 100:18 101:10 105:17 107:21 109:10 110:2 | | **are**(123) 7:11 8:5 8:14 8:18 9:6 11:18 11:19 13:10 14:7 14:11 14:17 15:9 15:17 15:18 16:8 19:12 19:15 20:7 20:14 20:16 20:19 21:3 22:11 22:16 24:11 27:12 27:1 27:23 28:6 28:14 30:21 31:1 31:2 34:2 35:1 42:19 43:6 43:8 48:19 52:1 52:3 53:22 54:7 54:12 54:19 54:22 54:22 55:1 55:15 55:16 56:2 58:7 59:10 61:3 62:9 62:19 65:3 65:21 67:12 67:14 67:18 67:22 69:8 68:11 68:20 69:8 70:2 70:7 70:7 70:15 71:6 73:9 74:18 74:19 75:12 76:1 77:3 77:5 77:6 77:13 78:11 78:12 79:7 82:9 82:10 82:11 84:4 84:20 85:13 86:14 88:15 89:20 89:22 89:25 90:10 91:4 92:11 93:6 93:14 93:16 94:23 94:24 95:25 96:16 96:17 97:1 97:3 97:7 97:12 98:18 102:23 103:18 106:4 106:17 107:4 107:14 109:10 109:15 109:19 110:23 110:24 | | **attached**(4) 45:12 69:13 99:18 99:19 |
| | | | | | | **attaches**(1) 58:11 | |
| | | | | | | **attachments**(1) 99:14 | |
| | | | | | | **attention**(3) 13:17 55:11 109:13 | |
| | | | | | | **attested**(1) 8:13 | |
| | | | | | | **attorney's**(1) 9:22 | |
| | | | | | | **attorneys**(1) 11:22 | |
| | | | | | | **attributes**(3) 48:1 48:4 48:8 | |
| | | **anybody**(2) 60:3 80:9 | | **areas**(1) 27:14 | | **auction**(48) 23:12 23:23 24:2 24:6 25:4 25:15 25:16 26:2 27:5 32:3 35:18 35:19 35:20 35:22 36:10 36:14 36:15 36:17 37:5 38:15 38:16 39:23 40:13 40:16 40:21 40:23 40:24 41:1 41:8 41:11 41:13 41:19 42:2 42:3 42:5 42:8 42:17 42:21 51:22 53:14 57:11 57:12 102:14 102:15 104:14 104:21 106:15 110:20 | |
| | | **anymore**(1) 11:21 | | **aren't**(1) 50:15 | | | |
| | | **anyone**(16) 12:1 16:20 19:21 21:9 32:19 37:11 37:15 43:18 43:20 52:11 65:25 67:20:21 71:17 72:25 73:1 | | **argentina**(1) 5:5 | | | |
| | | | | **argued**(1) 19:2 | | | |
| | | | | **arguing**(1) 17:21 | | **auctions**(3) 24:5 24:8 111:2 | |
| | | **anything**(15) 60:10 78:15 79:5 79:9 79:12 79:14 79:17 79:21 79:22 80:1 80:15 80:20 83:23 112:5 112:23 | | **argument**(4) 48:9 81:4 85:7 107:22 | | **audible**(14) 12:3 16:22 19:22 21:11 32:21 37:13 37:16 43:19 43:22 44:14 52:12 60:5 67:6 70:23 | |
| | | | | **arises**(1) 18:5 | | | |
| | | | | **arm's**(4) 36:19 37:8 42:4 42:11 | | | |
| | | **apologies**(1) 50:2 | | **arnall**(1) 6:9 | | **authorizing**(2) 20:24 105:4 | |
| **and**(69) 102:17 102:23 102:24 103:5 103:8 103:10 103:11 103:19 104:6 104:8 104:9 104:12 104:12 104:13 104:16 104:22 104:21 105:1 105:7 105:16 105:18 105:22 105:25 106:6 106:9 106:10 106:14 106:15 106:19 106:24 107:1 107:3 107:8 107:15 107:16 107:20 108:8 108:10 108:11 108:12 108:13 108:22 109:1 109:20 109:25 110:10 110:10 110:17 110:19 110:22 110:23 110:24 111:2 111:2 111:3 111:4 111:8 111:9 111:10 111:12 111:14 111:22 111:23 111:24 112:1 112:2 112:3 113:5 113:5 | | **apologize**(4) 45:6 60:14 74:2 98:19 | | **aronoff**(1) 4:34 | | **available**(7) 9:4 33:4 37:25 45:9 77:18 104:18 110:23 | |
| | | **appear**(1) 72:1 | | **arose**(1) 36:16 | | | |
| | | **appearance**(1) 37:6 | | **around**(2) 7:14 34:1 | | | |
| | | **appearances**(3) 1:21 5:16 6:1 | | **arrange**(1) 112:24 | | **ave**(2) 2:41 3:6 | |
| | | **appeared**(1) 109:1 | | **arrangement**(1) 58:2 | | **avenue**(5) 2:21 3:24 3:29 4:22 4:36 | |
| | | **appendices**(2) 59:9 59:16 | | **arrangements**(2) 22:16 59:1 | | **avoid**(1) 13:12 | |
| | | **appendix**(3) 59:10 59:12 59:13 | | **arsht**(2) 1:23 19:10 | | **avoidance**(1) 16:6 | |
| | | **appendixes**(4) 107:6 107:10 107:11 108:22 | | **articulate**(1) 96:21 | | **aware**(8) 8:5 23:17 30:21 35:1 35:1 42:22 46:13 58:10 | |
| | | **applauded**(1) 51:12 | | **articulately**(1) 67:16 | | | |
| | | **apple**(10) 3:22 6:13 27:6 36:4 36:13 36:21 42:16 46:12 102:17 103:18 | | **aside**(1) 91:24 | | | |
| | | | | **ask**(8) 8:22 9:20 16:19 44:6 46:24 46:25 52:9 60:24 | | **away**(2) 95:4 100:7 | |
| | | | | | | **ayesha**(1) 4:41 | |
| | | | | | | **b.j**(1) 6:29 | |
| | | **apples**(1) 82:23 | | **asked**(2) 23:11 31:24 | | **back**(28) 11:4 11:7 17:6 17:20 20:5 21:19 21:21 26:15 26:19 29:14 29:25 31:14 33:8 55:2 56:7 56:8 57:2 60:6 66:6 66:9 69:6 73:15 74:19 76:9 85:9 88:7 90:20 98:25 | |
| | | **applicable**(2) 91:13 99:2 | | **asking**(8) 56:22 77:14 92:25 97:10 98:8 98:12 98:23 112:12 | | | |
| | | **applicant**(1) 109:19 | | | | | |
| | | **applicant's**(1) 59:24 | | | | | |
| | | **applicants**(12) 58:9 100:25 101:8 101:14 101:22 103:6 103:24 104:5 105:4 105:6 107:5 107:5 | | **aspects**(1) 38:24 | | **backdrop**(1) 23:25 | |
| | | | | **asserted**(1) 15:7 | | **background**(2) 15:2 26:12 | |
| | | | | **asset**(11) 25:22 26:24 39:15 45:12 62:23 99:3 99:11 99:17 99:20 100:1 101:1 | | **baked**(1) 63:25 | |
| | | **applications**(4) 27:13 27:24 38:21 102:8 | | | | **balance**(1) 73:13 | |
| | | **apply**(1) 68:23 | | | | **bank**(3) 104:9 104:21 105:15 | |
| | | **appoint**(2) 8:22 10:13 | | **assets**(63) 8:7 23:14 23:19 27:11 27:12 29:6 29:12 29:14 31:6 33:5 34:12 34:15 34:17 34:23 35:3 36:6 36:7 37:2 38:9 38:13 38:19 38:20 39:3 39:8 39:10 39:19 41:25 43:10 43:11 46:21 47:4 47:8 48:17 48:22 49:7 49:25 50:6 51:16 51:18 51:21 68:8 82:7 82:9 90:5 95:5 95:8 95:10 101:6 101:9 102:6 102:12 102:15 104:10 104:18 104:25 104:25 105:7 105:1 105:20 106:4 106:18 106:24 | | **bankruptcy**(7) 1:1 1:19 25:23 82:2 82:11 91:6 101:18 | |
| | | **appointing**(1) 9:8 | | | | | |
| | | **appointment**(1) 9:1 | | | | | |
| | | **appreciate**(7) 9:12 9:23 100:19 | | | | **bar**(1) 76:16 | |
| | | **approach**(7) 9:9 13:21 21:6 46:1 63:8 99:8 111:22 | | | | **barclays**(1) 6:17 | |
| | | | | **assign**(4) 31:16 54:12 55:1 69:10 | | **barclay's**(1) 6:17 | |
| | | | | **assigned**(2) 31:2 71:7 | | **barring**(1) 11:9 | |
| | | | | **assigning**(1) 67:17 | | **baseball**(1) 24:22 | |
| | | **approached**(2) 39:20 35:9 | | **assignment**(4) 31:18 69:2 71:10 103:10 | | **based**(2) 110:17 111:4 | |
| | | **appropriate**(15) 7:14 33:21 33:22 51:15 51:21 79:18 85:19 86:9 100:10 105:13 105:20 106:25 107:2 107:15 109:24 | | **assist**(1) 8:23 | | **basically**(4) 55:25 78:16 79:25 80:14 | |
| | | | | **assume**(2) 31:16 108:15 | | **basis**(3) 72:20 93:16 94:6 | |
| | | | | **assumed**(3) 71:7 76:5 91:4 | | **bears**(1) 78:4 | |
| | | **approval**(17) 23:18 23:21 24:15 26:23 26:23 29:25 36:7 41:4 50:4 53:23 57:21 103:25 104:2 105:8 105:17 107:20 109:18 | | **assuming**(6) 67:17 72:17 81:13 90:6 90:11 95:6 | | **because**(26) 11:22 27:19 30:1 31:11 36:5 44:8 46:8 49:19 51:4 55:23 75:6 79:4 79:17 80:2 82:15 82:25 84:22 85:2 85:22 87:14 91:3 92:5 95:20 96:14 110:16 111:25 | |
| **anderson**(1) 3:33 | | | | | | | |
| **andrew**(1) 5:44 | | | | | | | |
| **angles**(1) 74:5 | | | | **assumption**(2) 31:18 71:9 | | | |
| **anister**(1) 4:40 | | **approvals**(1) 28:24 | | **assure**(1) 37:6 | | | |
| **anixter**(3) 14:7 14:12 14:14 | | **approve**(13) 30:22 46:14 53:16 59:23 65:1 94:5 102:1 103:5 105:3 105:13 106:25 110:11 111:12 | | **aster**(1) 86:25 | | | |
| **ann**(1) 1:25 | | | | **att** (2) 70:16 81:22 | | | |
| **annex**(1) 62:7 | | | | **atlanta**(1) 2:48 | | | |
| **annie**(1) 19:10 | | | | **atlantic**(1) 2:46 | | | |
| **announced**(2) 34:19 40:17 | | **approved**(17) 22:12 39:22 75:9 75:10 75:11 76:8 82:3 82:4 83:22 101:21 102:8 106:16 107:4 108:2 110:8 111:12 112:1 | | **attach**(7) 59:1 62:24 66:2 66:6 66:8 66:9 66:10 | | **become**(4) 35:10 35:13 47:2 50:17 | |
| **announcement**(1) 24:17 | | | | | | **becomes**(1) 30:8 | |
| **another**(7) 12:7 22:20 69:11 70:11 70:18 85:9 96:18 | | **approving**(7) 52:9 101:1 101:11 101:13 102:5 111:11 111:23 | | | | | |
| **answer**(4) 10:15 14:15 69:8 112:16 | | | | | | | |
| **anti-trust**(1) 28:25 | | **approximately**(4) 34:8 34:13 50:13 102:7 | | | | | |
| **anticipated**(1) 104:2 | | **april**(3) 31:14 75:10 101:25 | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| been(97) 8:13 10:24 10:25 10:25 11:1 14:4 14:10 14:22 15:8 15:11 15:19 16:6 18:23 19:3 19:4 20:24 21:2 22:12 22:18 24:4 25:4 25:6 26:3 26:16 26:25 27:4 28:10 28:13 28:15 28:22 31:7 31:8 31:10 31:17 31:23 32:23 33:13 38:18 38:2 38:4 42:24 44:21 49:6 50:4 54:3 55:11 55:17 57:8 57:10 60:20 61:10 61:14 65:12 65:15 72:18 72:19 73:5 73:8 76:15 77:1 78:3 78:17 78:24 79:11 79:23 82:2 84:13 84:23 85:3 85:25 86:21 86:22 87:2 87:18 91:7 93:10 95:21 96:11 96:12 96:15 98:7 101:20 102:22 103:22 104:10 105:9 105:11 105:19 106:5 106:10 106:11 106:13 107:18 107:25 109:25 111:1 | | bidders(25) 25:14 25:14 27:19 35:6 35:10 35:13 35:13 35:15 35:17 36:22 37:7 37:7 40:5 40:7 41:8 41:11 41:12 41:13 42:5 42:5 42:9 42:12 42:13 42:17 43:10 | | bussigel(1) 1:35 busy(1) 73:8 but(105) 8:19 11:2 11:6 12:8 12:14 15:7 16:13 17:21 18:5 19:2 22:5 24:5 24:22 25:3 28:2 31:10 31:23 33:12 37:8 42:12 45:22 46:8 48:18 49:16 49:18 50:3 50:8 50:20 53:4 54:21 54:25 56:15 57:16 57:24 58:19 58:22 58:24 59:15 61:16 62:13 62:21 64:2 64:17 64:20 65:7 65:17 67:18 69:23 70:9 71:8 71:15 72:23 74:5 74:12 75:7 76:13 76:18 76:22 77:3 77:5 77:11 78:13 79:7 79:12 79:17 79:22 80:19 80:20 81:10 81:21 82:6 82:13 82:20 85:4 85:7 85:21 87:12 88:23 89:15 89:19 90:10 90:18 91:10 91:22 92:15 92:23 92:25 93:22 95:13 96:8 96:21 97:14 97:19 98:9 98:12 98:20 100:8 100:17 108:17 109:5 109:10 110:18 111:1 112:16 113:2 | | certain(28) 9:16 9:21 20:11 20:24 27:12 28:20 29:7 30:23 31:24 41:8 42:22 44:2 44:23 46:17 47:5 47:10 48:21 50:23 54:5 54:7 61:16 61:20 61:24 68:5 97:12 101:11 101:15 103:11 |
| | | bidding(21) 25:17 25:18 27:8 30:22 34:5 35:7 39:21 39:24 40:10 41:5 41:15 42:11 42:12 102:1 102:5 102:16 102:19 104:11 104:14 105:14 106:14 | | | | certainly(23) 9:12 12:5 13:22 17:11 18:15 21:8 22:8 25:9 26:3 32:14 50:19 60:17 61:4 63:10 63:10 65:9 73:19 81:9 85:24 110:19 110:22 111:1 111:23 |
| before(26) 1:18 17:6 17:6 17:7 19:24 21:17 23:4 23:20 24:22 46:5 46:18 46:22 47:8 49:14 50:22 56:6 57:18 69:13 75:9 76:24 85:22 100:15 105:12 110:15 111:10 111:18 | | biddle(2) 5:4 5:10 bids(16) 25:18 35:18 35:23 35:24 39:13 39:20 40:15 40:20 41:2 41:3 41:9 42:14 102:12 102:13 102:16 102:17 | | | | certainty(2) 43:13 46:25 certification(1) 15:23 113:10 certify(1) 113:11 chacko(1) 4:41 |
| began(2) 34:5 39:14 begin(1) 23:4 | | big(7) 7:11 23:5 24:15 53:25 56:17 56:18 64:6 | | buyer(2) 67:16 73:11 buyers(5) 24:11 24:14 34:10 34:24 39:18 buying(3) 34:9 34:23 68:15 | | chambers(2) 112:24 112:24 chance(2) 12:24 72:22 change(11) 13:17 13:25 64:20 64:21 66:17 96:8 97:13 97:19 98:7 98:10 108:7 |
| beginning(3) 16:7 33:8 76:16 behalf(11) 8:3 8:19 15:9 17:13 18:19 19:11 20:19 51:3 63:21 70:21 71:22 | | bigger(1) 30:20 billion(15) 24:4 24:9 25:19 27:16 29:8 29:23 41:19 49:5 49:6 58:6 80:8 84:17 102:21 102:25 110:10 | | cake(1) 83:1 cala(1) 13:16 caleb(1) 2:34 calendars(1) 23:6 | | changed(1) 14:2 28:19 changes(13) 16:15 28:6 28:21 30:5 30:14 30:15 44:21 62:5 63:7 64:18 64:22 65:2 87:18 |
| behind(6) 34:15 56:19 66:7 66:11 66:14 99:21 | | bird(1) 2:44 bit(4) 7:7 7:14 78:19 79:23 black(6) 13:20 44:24 45:11 48:4 48:8 63:6 blank(1) 4:6 blauner(1) 5:23 bldg(1) 2:34 | | call(10) 12:8 28:24 32:18 43:8 48:5 54:20 63:12 63:17 69:20 83:7 | | chapter(1) 1:6 chase(1) 2:27 check(1) 110:25 chen(1) 2:26 chief(3) 32:13 37:23 101:24 chris(1) 2:13 |
| being(23) 14:11 22:11 27:9 27:11 27:13 31:2 33:16 37:2 37:15 38:20 45:20 47:9 58:7 63:25 67:14 70:3 71:6 75:12 77:6 78:12 82:9 89:10 89:20 | | bodies(1) 61:18 boggs(1) 2:34 bondholder(1) 2:25 bondholders(1) 104:8 bonnie(1) 4:7 book(1) 59:4 | | called(4) 23:5 38:11 45:13 67:13 came(4) 24:23 34:14 50:3 55:2 83:10 84:7 campbell(1) 4:40 campus(1) 51:2 | | christopher(1) 6:14 cindy(1) 2:26 circumstances(7) 36:16 85:25 86:3 94:3 106:19 110:23 111:4 |
| belabor(1) 85:7 belief(2) 36:7 41:22 believe(30) 8:15 10:8 15:12 21:16 23:5 29:24 32:14 32:15 36:8 45:1 49:25 53:12 54:3 58:18 62:8 62:20 66:11 69:15 71:15 76:14 77:17 81:1 86:3 87:3 87:7 88:21 90:8 90:14 99:20 108:23 | | books(1) 75:17 border(2) 22:11 101:20 both(19) 22:19 23:6 25:4 25:8 25:9 26:14 36:11 52:9 63:6 86:19 86:21 89:13 90:19 93:11 98:18 101:21 101:24 103:5 106:14 | | can(38) 12:6 22:2 22:4 22:5 26:16 29:5 29:8 45:19 46:12 50:7 51:13 55:18 56:13 70:9 73:13 73:15 73:22 74:13 74:19 78:20 79:7 87:1 87:8 87:14 87:20 92:24 94:16 96:23 103:2 108:18 109:5 | | claim(11) 20:15 20:17 20:18 21:1 21:4 48:7 76:2 76:17 76:22 82:13 82:14 |
| | | better(6) 2:5 50:24 51:1 51:2 52:3 52:11 bottom(1) 56:10 box(2) 48:4 48:8 brad(1) 2:6 bradstreet(1) 20:19 | | | | claims(9) 20:8 20:11 20:11 20:24 61:16 75:25 76:1 82:12 101:10 |
| believed(2) 23:12 40:15 believes(3) 39:10 104:5 104:16 bell(1) 86:25 beneficiaries(6) 4:6 8:17 8:20 9:20 10:1 10:20 | | brass(1) 93:13 breadth(1) 92:3 break(8) 22:19 30:6 30:8 60:24 85:18 85:20 85:22 87:24 | | can't(8) 78:22 79:5 79:6 80:2 80:4 82:21 98:10 98:20 | | clarification(1) 69:4 clarifications(1) 108:4 clarified(2) 28:17 31:25 clarity(2) 18:25 93:3 |
| benefits(1) 111:3 benesch(1) 4:33 bernstein(1) 4:12 best(12) 36:5 36:8 39:10 40:16 41:24 43:8 53:11 59:22 104:18 105:2 106:6 110:23 | | break-up(2) 103:3 103:7 breaking(1) 25:4 brevity(1) 100:20 brian(1) 6:26 brief(3) 10:21 21:19 71:19 briefly(4) 16:1 18:21 51:4 109:16 | | canada(15) 26:9 26:20 46:13 47:24 48:7 49:25 50:9 86:19 86:22 86:22 86:24 86:25 89:14 105:16 107:8 | | clean(4) 44:24 45:10 63:6 99:17 cleaned(1) 70:19 clear(6) 61:15 72:16 85:24 89:15 90:4 90:9 92:17 95:24 99:25 101:9 |
| bett's(1) 85:21 better(6) 19:23 22:5 25:15 39:6 87:13 betts(29) 3:4 13:25 14:3 74:22 74:23 75:4 76:9 76:15 77:17 78:18 78:20 78:23 79:1 79:6 79:11 79:12 79:16 79:19 79:21 80:3 80:19 80:20 80:23 81:14 85:2 86:1 | | bright(1) 56:19 bring(2) 33:24 109:12 bringing(3) 26:7 87:3 100:25 brings(1) 53:9 broad(2) 38:22 97:4 broadcasting(2) 5:30 18:19 broadcom(1) 72:9 broader(1) 56:2 broadly(1) 78:10 brockville(1) 15:24 | | canadian(10) 2:19 2:20 39:22 46:6 47:25 51:19 51:20 53:4 58:9 102:7 capital(7) 6:17 6:17 69:20 75:18 83:7 86:2 91:9 | | cleared(1) 9:3 clearly(11) 8:12 13:6 13:8 49:2 51:22 56:23 58:23 76:21 106:12 111:14 111:25 |
| between(10) 14:18 42:11 56:2 57:20 58:2 73:11 79:23 93:22 97:5 107:1 | | bromley(1) 1:33 23:23 brookville(1) 5:4 brought(1) 103:24 brown(1) 3:15 brown,esq(1) 5:27 bryant(1) 2:8 | | capitalized(2) 64:2 96:4 caption(2) 18:8 18:12 care(1) 93:23 carefully(1) 89:16 carl(1) 3:5 carroon(1) 3:33 | | cleary(7) 1:31 5:38 12:15 15:2 23:24 24:5 24:12 cleary's(1) 40:25 clerk(3) 21:23 88:3 88:6 |
| beyond(2) 28:8 31:4 bhatnagar(1) 3:28 bid(25) 24:18 24:19 25:11 25:19 26:25 27:9 29:20 30:8 32:2 36:4 36:5 40:20 40:21 41:1 41:4 41:16 41:23 50:3 61:21 61:23 102:10 102:13 102:20 103:6 110:20 | | bucket(4) 61:13 67:12 70:10 70:18 burden(3) 76:5 78:4 79:2 business(10) 23:21 25:7 27:18 31:19 33:22 38:5 39:3 51:18 78:19 79:23 | | carve(1) 17:19 case(29) 1:4 14:10 14:22 15:5 18:11 25:5 25:11 26:3 26:8 26:10 27:19 33:7 33:9 33:14 38:4 50:10 54:2 56:12 59:10 65:3 74:3 76:15 76:16 76:25 77:1 84:23 85:25 106:20 107:15 | | client(3) 17:5 17:6 94:16 clients(6) 8:19 9:6 18:23 19:3 93:11 93:12 close(3) 24:2 74:12 92:15 closely(1) 16:10 |
| bidco(10) 27:1 27:10 36:8 36:12 38:17 40:8 41:17 57:14 91:21 101:5 | | businesses(1) 24:10 | | cases(5) 14:6 16:7 26:15 32:9 111:15 cash(1) 102:21 | | closing(21) 27:22 28:11 28:22 29:4 29:7 30:9 30:10 46:24 50:12 50:16 55:17 64:22 65:3 66:23 68:4 76:1 103:24 104:2 109:20 111:8 112:2 |
| bidder(6) 38:18 40:7 41:18 41:21 95:20 103:13 bidder's(1) 42:11 | | | | catchall(4) 78:13 80:14 80:17 82:22 catchalls(1) 84:3 category(1) 84:11 cause(1) 111:7 caution(1) 75:6 ccaa(3) 105:21 105:25 106:2 cdma(2) 23:21 38:10 cede(3) 7:20 10:15 46:12 center(2) 2:46 3:11 | | club(4) 56:24 59:19 107:9 107:14 clue(1) 53:5 cobb(6) 5:31 18:16 18:18 18:18 19:20 code(2) 78:25 80:2 cole(1) 3:27 coleman(1) 2:20 colin(1) 5:19 colleague(4) 15:14 19:7 73:22 93:10 colleagues(2) 46:6 93:11 collect(2) 81:18 82:14 collectively(3) 97:8 100:24 101:4 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **collusion**(2) 37:6  37:7 | | **confirm**(4) 38:20  50:1  53:19  77:14 | | **corollary**(1) 95:2 | | **cover**(4) 93:14  102:6  109:2  109:16 |
| **come**(30) 14:1  11:7  13:19  14:1  17:20  24:15  26:15  28:23  29:25  31:21  48:10  55:11  56:8  69:17  74:19  75:16  75:21  76:5  77:9  79:8  79:8  79:25  80:10  80:22  82:3  83:18  83:19  84:20  88:22  92:18 | | **confirmation**(2) 62:13  88:25 | | **corporate**(1) 38:4 | | **covered**(1) 95:9 |
| | | **confirmed**(1) 71:14 | | **corporation**(11) 4:26  20:19  27:7  28:1  100:22  100:23  100:24  100:24  103:19  103:19  103:20 | | **covers**(1) 96:14 |
| | | **conflicts**(1) 9:3 | | | | **crapo**(31) 16:25  17:3  17:24  18:1  18:14  73:4  73:18  73:19  73:21  74:3  89:17  90:17  90:21  90:23  90:24  91:17  92:24  93:8  93:11  94:15  95:16  96:10  96:11  96:17  96:23  97:10  97:17  98:4  98:12  98:23 |
| | | **conform**(1) 44:21 | | **corporation's**(1) 40:20 | | |
| **comes**(3) 49:5  78:20  78:23 | | **conjunction**(1) 35:25 | | **correct**(12) 7:9  11:22  63:22  63:24  64:24  65:5  65:8  65:20  71:23  88:24  89:1  113:11 | | |
| **comfort**(12) 43:9  55:18  67:14  69:25  70:4  70:10  82:21  82:24  83:6  96:12  97:14  97:25 | | **connection**(7) 33:18  34:7  35:25  46:14  46:19  47:5  50:5 | | **corrected**(1) 62:6 | | **crapo's**(3) 17:18  92:4  93:9 |
| | | | | **costs**(1) 9:5 | | **create**(1) 39:18 |
| **comfortable**(5) 11:6  47:12  89:8  92:20 | | **consensual**(3) 10:10  17:20  18:6 | | | | **created**(1) 110:21 |
| **coming**(3) 29:14  84:2  88:9 | | **consent**(1) 14:20 | | **could**(15) 13:21  29:22  39:6  39:7  48:6  52:25  78:25  80:3  84:10  89:9  90:19  94:15  100:7  106:20  107:12 | | **creates**(1) 29:16 |
| **commenced**(1) 102:15 | | **consequences**(1) 47:18 | | | | **creditors**(9) 6:5  26:4  32:6  36:9  43:3  51:20  52:6  80:21  104:7 |
| **commences**(1) 57:19 | | **consider**(6) 26:13  29:13  83:13  106:7  106:8  106:10 | | **couldn't**(1) 93:13 | | |
| **comment**(2) 105:12  107:23 | | | | **counsel**(15) 4:32  15:2  15:23  18:22  21:21  22:9  36:13  64:10  77:17  87:3  87:16  88:1  88:9  92:17  109:19 | | **critically**(1) 52:1 |
| **commentary**(1) 97:22 | | **consideration**(10) 29:14  29:24  30:4  49:7  104:25  106:1  106:4  106:18  106:22  106:24 | | | | **croft**(2) 1:36  65:22 |
| **commerce**(1) 3:17 | | | | **count**(1) 76:18 | | **cross**(11) 22:11  37:11  43:18  54:15  54:17  54:23  67:22  69:5  69:11  96:15  101:20 |
| **commercial**(50) 43:1  45:14  54:20  55:22  56:3  67:15  68:9  68:10  68:11  68:12  68:12  68:23  68:24  69:14  69:16  69:23  70:2  70:7  70:14  75:12  77:3  77:4  78:10  78:11  78:12  80:12  81:22  82:24  82:25  83:4  84:2  84:9  89:21  91:10  94:22  95:17  95:18  95:25  96:13  96:14  97:9  97:14  97:20  98:15  98:21  99:1  99:19  107:12  107:23  108:9 | | **considerations**(1) 107:14 | | **counterparties**(5) 32:7  69:6  69:25  97:6  97:15 | | |
| | | **considered**(5) 28:7  46:19  105:9  105:19  106:20 | | | | **crown**(3) 105:16  105:18  106:15 |
| | | | | **counterparty**(1) 68:25 | | **cruz**(1) 5:39 |
| | | **considering**(1) 107:7 | | **country**(1) 74:4 | | **current**(1) 9:7 |
| | | **consist**(2) 27:6  27:11 | | **couple**(4) 7:13  47:13  71:1  108:6 | | **custom**(1) 75:4 |
| | | **consisted**(1) 40:7 | | **couriered**(1) 7:15 | | **customer**(3) 31:20  68:15  75:13 |
| | | **consistent**(1) 22:15 | | **course**(15) 7:16  9:11  13:4  24:22  25:20  28:8  36:17  38:4  41:8  51:15  58:7  61:1  65:7  89:1  90:22 | | **customers**(1) 81:20 |
| **commercially**(1) 59:17 | | **consortium**(10) 4:18  26:25  27:5  27:8  36:22  41:17  42:20  102:18  103:14  103:15 | | | | **cutera**(1) 28:1 |
| **commitments**(1) 61:17 | | | | | | **damage**(2) 75:25  75:25 |
| **committed**(1) 56:6 | | **constitute**(1) 39:4  41:24  97:9 | | | | **damages**(1) 75:24 |
| **committee**(10) 2:4  4:4  6:4  9:21  40:11  51:3  51:19  51:23  52:8  104:7 | | **constitutes**(3) 37:1  104:25  106:23 | | **court**(268) 1:1  7:2  7:9  7:16  7:18  7:22  7:24  8:4  8:22  8:25  9:11  9:17  10:4  10:7  10:12  10:17  11:8  11:14  11:17  11:19  11:25  12:4  12:18  12:20  12:22  12:24  13:4  13:7  13:14  13:22  14:3  14:9  15:4  15:6  15:25  16:14  16:17  16:20  16:23  17:2  17:11  17:16  17:21  17:24  18:3  18:11  18:15  18:17  19:8  19:18  19:21  19:23  20:2  20:6  20:9  20:22  21:5  21:8  21:12  21:15  21:18  21:24  22:4  22:8  22:19  22:24  23:1  23:8  23:16  24:24  25:12  25:24  26:16  26:21  27:3  28:4  30:17  30:19  32:5  32:19  32:22  32:25  33:10  33:18  37:10  37:11  37:14  37:17  37:20  38:8  39:22  39:22  40:2  41:21  42:25  43:17  43:20  43:23  44:4  44:8  44:9  44:13  44:15  44:19  44:25  45:3  45:5  45:7  45:10  45:19  45:25  46:2  46:4  46:11  48:11  49:23  50:12  50:19  50:22  52:2  52:11  52:13  52:22  52:25  55:15  58:9  59:23  60:7  60:9  60:13  60:16  60:21  61:1  61:3  61:11  62:10  63:10  63:14  63:19  64:2  65:6  65:9  65:11  65:13  65:19  66:8  66:13  66:16  66:19  66:25  67:2  67:4  67:7  67:10  67:20  70:20  70:24  71:4  71:17  71:22  72:3  72:6  72:11  72:15  72:25  73:13  73:16  73:19  73:25  74:6  74:8  74:10  74:17  75:2  75:9  76:8  77:14  77:19  77:21  77:24  81:3  81:6  82:15  82:16  83:22  83:23  85:10  85:16  85:20  86:7  86:10  86:15  87:1  87:23  88:4  88:7  88:10  88:14  88:25  89:4  89:23  90:12  90:21  90:22  91:16  91:24  92:7  92:10  92:13  92:22  93:7  93:16  93:19  94:9  94:13  94:20  95:7  95:11  95:15  95:23  96:10  96:17  97:22  98:1  98:3  98:9  98:14  98:15  98:25  99:7  99:10  99:15  99:23  100:3  100:7  100:11  100:13  101:18  102:5  102:8  103:5  103:4  103:5  105:9  105:12  105:20  106:3  106:7  106:8  106:10  107:8  109:18  110:5  110:9  110:14  111:20  111:23  112:5  112:8  112:14  112:18  112:20  113:1  113:4 | | **dated**(1) 101:2 |
| | | | | | | **dates**(2) 10:3  14:1 |
| | | | | | | **david**(6) 2:5  16:25  32:11  51:2  73:18 |
| | | | | | | **day**(2) 7:6  113:6 |
| | | | | | | **days**(5) 17:6  25:16  25:16  26:1  52:19 |
| | | | | | | **deadline**(3) 82:18  83:19  102:11 |
| | | | | | | **deadlines**(4) 14:17  17:5  82:11  82:11 |
| **concept**(1) 91:25 | | | | | | **deal**(13) 7:20  29:1  47:15  48:17  49:9  52:5  54:15  56:6  56:7  56:8  57:3  64:7  84:17 |
| **conceptually**(1) 92:14 | | | | | | |
| **concern**(3) 61:14  90:24  91:2 | | | | | | **dealing**(5) 54:23  56:9  59:1 |
| **concerned**(3) 65:14  71:6  93:25 | | **consulting**(1) 96:18 | | **court's**(1) 86:3 | | **deals**(1) 9:16 |
| **concerning**(1) 8:17 | | **contact**(1) 73:22 | | **courtroom**(16) 1:10  8:18  22:2  32:10  33:4  37:24  45:23  50:24  62:19  64:10  65:23  77:18  87:4  88:22  98:18  98:22 | | **dealt**(5) 54:8  55:12  100:16 |
| **concerns**(3) 65:14  69:18  89:17 | | **contacted**(5) 34:22  35:2  39:15  82:17  82:18 | | | | **debtor**(13) 27:23  38:2  69:7  78:7  78:21  78:24  79:7  80:4  80:5  82:8  84:5  84:22  106:6 |
| **conclude**(1) 43:15 | | **contain**(4) 43:1  59:17  107:11  111:14 | | | | |
| **concludes**(1) 104:4 | | **contained**(7) 43:7  54:19  64:13  68:17  107:21  108:24  109:21 | | | | **debtors**(80) 1:12  1:23  2:21  7:5  8:3  8:6  8:7  8:9  8:11  8:15  8:21  9:5  9:7  9:18  9:22  10:8  10:10  10:21  13:9  13:10  13:15  14:19  14:24  16:3  17:14  17:15  18:22  19:11  20:7  20:10  26:4  27:20  30:25  33:22  33:24  35:9  36:9  37:25  39:11  41:23  41:25  43:2  43:3  43:13  46:13  47:25  51:19  51:20  52:6  61:23  67:24  68:3  68:13  69:6  69:8  70:6  75:14  75:15  75:15  75:16  75:25  76:3  77:7  77:7  77:10  77:13  78:16  79:4  79:10  79:13  79:14  79:17  79:24  81:9  81:11  83:20  89:6  96:4  104:6  110:19 |
| **conclusion**(3) 37:9  41:23  59:20 | | **containing**(2) 34:17  76:18 | | | | |
| **condition**(2) 50:16  50:17 | | **contains**(5) 10:2  10:3  30:23  62:21  62:23 | | | | |
| **conditions**(5) 50:15  90:1  95:1  95:3  102:23 | | **contemplate**(1) 71:12 | | **courtrooms**(1) 52:20 | | |
| **conduct**(1) 35:16 | | **contemplated**(3) 51:7  101:1  105:5 | | **courts**(7) 22:12  23:20  29:25  44:7  52:9  57:21  101:21 | | |
| **conducted**(8) 35:11  39:23  61:22  101:16  101:19  104:11  104:20  106:13 | | **content**(1) 59:25 | | | | |
| | | **contentious**(1) 36:15 | | | | |
| **conduit**(1) 15:8 | | **context**(5) 78:21  79:6  79:22  80:6  84:22 | | | | **december**(1) 8:6 |
| **confer**(2) 74:19  87:25 | | **continue**(6) 68:1  73:14  89:19  91:11  94:18  94:21 | | | | **decided**(1) 41:9 |
| **conference**(3) 13:11  16:5  112:25 | | | | | | **decision**(3) 38:17  51:21  107:8 |
| **conferences**(1) 12:12 | | **continued**(5) 2:2  3:2  4:2  5:2  6:2 | | | | **declaration**(2) 55:13  108:1 |
| **conferred**(1) 88:17 | | **continues**(3) 55:8  68:25  89:17 | | | | **declared**(3) 40:21  41:18  102:19 |
| **conferring**(1) 61:4 | | **continuing**(1) 73:9 | | | | **deemed**(3) 20:24  97:9  102:12 |
| **confidential**(12) 34:16  35:15  40:3  59:9  59:16  101:15  107:6  107:10  108:22  108:24  108:25  109:3 | | **contract**(5) 69:9  69:22  75:22  82:19  82:20 | | **court's**(1) 86:3 | | **deeming**(1) 20:11 |
| | | **contracts**(10) 31:16  31:17  31:20  67:17  69:19  71:10  71:14  72:18  75:13  81:19 | | | | **defaults**(1) 64:1 |
| | | | | | | **defendant**(2) 14:15  76:24 |
| | | **controlled**(1) 42:16 | | | | **defendants**(4) 15:10  15:19  16:3  19:17 |
| | | **conversations**(1) 45:21 | | | | **defense**(1) 15:8 |
| | | **convey**(3) 29:11  31:22  47:2 | | | | **defer**(2) 15:14  19:6 |
| | | **conveyance**(5) 29:6  29:12  31:19  47:7  48:1 | | | | **deferred**(2) 4:5  8:8 |
| | | **conveyed**(1) 31:1 | | | | **deferring**(1) 19:15 |
| | | **convoluted**(1) 54:21 | | | | |
| | | **cooperate**(1) 49:12 | | | | |
| | | **cooperation**(2) 51:8  87:15 | | | | |
| | | **cooperative**(1) 10:25 | | | | |
| | | **coordinate**(1) 21:20 | | | | |
| | | **copies**(6) 16:3  16:4  45:9  62:19  65:21  83:1 | | | | |
| | | **coplan**(1) 4:33 | | | | |
| | | **copula**(1) 15:18 | | | | |
| | | **copy**(4) 17:4  58:23  63:1  108:16 | | | | |
| | | **cordo**(15) 1:25  19:18  19:9  19:10  19:18  19:19  20:2  20:4  20:7  20:10  20:23  21:1  21:9  21:14  21:16 | | | | |
| | | | | | | |
| | | **coretech**(1) 28:1 | | | | |
| | | **corning**(1) 20:17 | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|

**defined**(8) 64:2 64:3 64:5 78:9 89:22 94:23 96:5 102:1

**definition**(29) 28:19 54:21 62:22 63:3 63: 63:7 63:24 64:13 64:19 64:25 66:24 68:1 68:21 83:2 84:1 95:7 95:9 95:13 95:16 95:18 96:13 97:13 97:19 97:23 98:15 99: 99:24 99:25 100:1

**definitions**(6) 62:1 95:25 96:1 96:6 96:8 98:21

**delano**(1) 2:26

**delaware**(8) 1:2 1:12 2:41 3:6 4:36 7:1 22:3 22:17

**delay**(1) 93:17

**delete**(1) 68:6

**deliberations**(1) 87:16

**deliver**(1) 29:5

**delivered**(2) 27:18 29:6

**delivery**(1) 60:23

**deposit**(2) 27:20 102:21

**derek**(8) 1:24 7:4 17:13 23:5 89:5 91:8 92:2 96:19

**descoteaux**(19) 32:11 33:20 33:1 33:3 33: 33:15 33:20 34:2 34:4 34:25 35:7 35:16 35:19 36:3 36:11 36:24 37:3 37:12 39:13

**descoteaux's**(2) 33:17 37:10

**described**(10) 30:21 35:8 35:14 37:4 46:18 46:22 53:20 53:22 58:7 102:23

**description**(1) 62:24

**desegregated**(1) 25:7

**deserved**(1) 23:10

**designate**(1) 48:20

**designated**(5) 9:22 29:9 29:22 31:17 47:6

**designation**(3) 30:1 48:23 49:13

**detail**(2) 51:25 102:24

**detailed**(1) 30:13

**details**(1) 57:12

**determin**(1) 104:22

**determined**(1) 51:20

**development**(1) 38:5

**deviations**(1) 16:8

**diane**(1) 4:21

**diaz**(1) 1:44

**did**(19) 10:22 19:2 35:18 36:21 41:8 43:9 44:15 51:13 51:24 57:24 64:17 69:17 80:10 81:17 83:11 83:12 89:10 107:19 112:23

**didn't**(6) 75:8 82:3 83:9 93:20 95:12

**difference**(4) 27:22 46:23 47:20 93:22

**differences**(2) 57:20 91:24

**different**(12) 27:14 28:16 29:3 29:9 29:18 48:15 48:24 49:10 61:9 67:12 68:18 88:15

**differently**(1) 100:9

**differs**(1) 29:2

**difficulty**(2) 53:16 56:25

**diligence**(4) 34:15 34:17 35:16 51:13

**direct**(1) 59:3

**directed**(3) 48:2 48:6 60:1

**direction**(1) 22:21

**directly**(2) 52:25 58:8

**director**(2) 32:12 33:2

**directors**(1) 33:3

**disadvantage**(1) 43:2

**disapprove**(1) 93:17

**disclosure**(3) 28:13 62:6 70:13

**discovered**(3) 95:21 96:16 98:5

**discovery**(2) 8:10 10:24

**discuss**(1) 85:13

**discussed**(2) 9:15 49:17

**discussing**(1) 12:16

**discussion**(1) 58:3

**discussions**(9) 8:17 8:21 8:23 10:22 10:23 34:8 36:14 42:3 74:14

**dispositive**(1) 15:9

**dispute**(7) 8:14 9:4 10:9 12:6 18:25 49:14 49:15

**disputes**(1) 51:10

**disruption**(1) 56:14

**distinction**(1) 93:20

**distribution**(2) 103:23 103:25

**district**(1) 1:2

**divestiture**(1) 34:6

**divestitures**(1) 39:3

**docket**(4) 24:21 30:18 44:5 44:18

**document**(4) 63:4 63:5 66:4 66:25

**documents**(9) 8:11 9:16 9:22 10:1 11:5 41:20 42:22 82:14 111:13

**does**(22) 21:9 22:8 22:21 31:21 32:19 37:11 37:14 41:24 41:25 43:18 43:20 53: 53:21 59:1 65:13 67:4 71:9 71:11 78:18 96:8 96:10 98:9

**doesn't**(6) 29:15 47:15 83:9 97:13 97:19 98:9

**doing**(3) 38:7 60:7 112:20

**dollar**(1) 53:9

**don't**(52) 12:7 18:7 29:24 31:9 31:19 53:13 53:15 56:24 57:15 60:18 62:24 64:14 64:20 65:4 68:23 72:20 74:24 74:25 75:19 76:10 76:10 76:13 77:17 79:3 79:8 79:9 79:17 79:25 80:1 80:8 81:13 84:9 84:18 85:6 87:2 87:7 87:23 88:22 92:24 93:15 93:19 94:7 108:19 112:22

**doolittle**(2) 58:17 58:25

**dorsey**(2) 3:38 63:21

**doshi**(7) 5:35 71:19 71:22 71:22 72:3 72:4 72:7

**doubled**(3) 24:3 24:7 25:22

**doubling**(1) 25:20

**down**(4) 74:11 78:20 78:25 93:13

**drafted**(1) 91:19

**draw**(1) 13:17

**drinker**(2) 5:4 5:10

**drive**(1) 5:12

**driven**(1) 68:9

**duane**(1) 2:40

**due**(5) 30:8 34:15 35:16 40:13 76:1

**dunn**(1) 20:19

**during**(7) 35:22 36:16 39:16 41:13 50:1 51:22 73:9

**ey.** (1) 2:19

**each**(12) 27:5 37:8 40:9 41:4 41:5 56:15 65:17 83:9 84:11 87:1 92:19 96:20

**eads**(1) 70:17

**earlier**(3) 54:1 96:15 112:12

**east**(1) 71:23

**ecro**(1) 1:42

**eee**(6) 62:8 62:11 63:13 63:14 63:16 63:2

**effect**(5) 79:16 91:8 91:15 97:22 111:25

**effective**(3) 26:3 97:11 97:18

**effectively**(3) 72:19 80:7 80:17

**efficacy**(1) 106:9

**efficient**(1) 53:14

**effort**(8) 11:6 34:7 51:14 75:17 81:16 81:17 89:7 106:5

**efforts**(5) 10:24 38:5 51:8 51:11 104:19

**eieio**(1) 63:17

**either**(10) 12:5 17:20 28:16 35:1 55:18 72:21 73:1 91:4 97:20 105:10

**elect**(4) 75:21 76:6 76:12 78:25

**elected**(1) 75:23

**election**(10) 74:24 76:11 76:13 77:8 77:15 77:15 80:25 81:1 82:17 84:21

**elections**(1) 72:13

**electronic**(2) 1:51 113:12

**elements**(1) 51:25

**else**(10) 12:1 16:20 19:21 21:9 50:24 52:11 60:3 65:25 67:4 112:23

**email**(1) 71:14

**emailing**(1) 65:17

**emc**(2) 27:7 103:18

**emily**(1) 1:35

**employed**(3) 33:6 37:24 38:2

**employees**(1) 9:7

**enable**(1) 112:1

**enactment**(1) 105:25

**encourag**(1) 34:12

**encumbrances**(14) 28:20 43:11 61:16 62:2 63:3 63:6 63:25 64:5 64:12 64:19 66:8 99:22 101:10 101:11

**end**(9) 29:13 50:8 54:4 54:22 60:23 66:11 99:20 102:19 108:8

**endeavor**(1) 9:24

**ended**(1) 25:18

**endorsed**(1) 107:17

**endorsement**(6) 100:20 105:14 107:25 109:11 109:17 110:17

**endorsements**(1) 105:22

**enforce**(1) 112:17

**enforceable**(2) 89:25 94:25

**engage**(3) 8:16 8:20 10:23

**engaged**(2) 8:9 34:8

**engaging**(1) 9:23

**english**(1) 28:24

**enhance**(1) 31:3

**enjoy**(2) 31:5 91:11

**enough**(2) 11:2 11:7

**ensure**(1) 42:10

**enter**(3) 10:12 52:9 88:20

**entered**(9) 15:4 16:6 17:8 19:17 29:17 55:24 70:1 88:18 93:2

**entering**(1) 70:13

**enterprise**(1) 24:6

**enterprises**(1) 81:21

**entire**(3) 38:16 46:9 48:18

**entirety**(1) 62:9

**entities**(8) 35:9 35:12 70:22 73:2 79:24 101:4 102:9 103:17

**entitled**(2) 93:6 94:2

**entity**(1) 103:15

**entity's**(1) 38:17

**entrusted**(1) 39:18

**entry**(6) 14:25 15:12 16:19 19:15 20:10 51:24

**envelope**(1) 108:23

**eric**(2) 3:39 63:20

**erickson**(2) 19:13 27:7

**ericsson**(1) 103:19

**errors**(1) 28:17

**escrow**(7) 28:11 58:16 59:1 87:6 103:23 103:25 109:16

**esher**(2) 9:2 9:3

**especially**(1) 91:5

**esq**(43) 1:24 1:25 1:32 1:33 1:34 1:35 1:36 1:37 2:5 2:26 2:7 2:13 2:20 2:26 2:33 2:40 2:45 3:5 3:10 3:16 3:23 3:28 3:34 3:39 4:7 4:13 4:20 4:21 4:27 4:35 4:41 5:11 5:19 5:23 5:31 5:35 5:39 5:44 6:6 6:10 6:14 6:18 6:26

**essence**(3) 54:14 54:21 78:20

**essential**(1) 112:1

**essentially**(6) 72:13 73:11 89:11 89:19 92:20 111:10

**established**(1) 105:18

**establishes**(2) 106:12 110:22

**estate**(3) 47:21 81:14 111:3

**estates**(18) 25:25 26:5 33:24 35:11 36:1 36:9 36:25 39:11 40:11 41:6 42:1 42:10 43:13 46:15 47:12 50:4 56:13 56:15

**evaluate**(1) 35:23

**evan**(1) 86:16

**even**(5) 48:20 49:10 76:3 81:17 84:10

**evening**(1) 41:14

**evenings**(1) 25:17

**events**(2) 35:21 40:23

**eventually**(1) 110:24

**ever**(1) 97:13

**every**(1) 75:17

**everybody**(1) 22:2

**everyday**(1) 110:6

**everyone**(13) 7:2 21:24 23:19 28:2 45:22 49:19 55:15 63:22 66:25 75:19 88:4 110:21 113:4

**everyone's**(1) 64:11

**everything**(6) 26:1 55:7 76:4 78:22 81:12 99:11

**evidence**(12) 37:15 37:18 42:16 43:21 43:24 44:12 44:16 49:13 53:3 111:5 111:5 111:10

**exact**(1) 83:4

**exactly**(2) 10:7 98:2

**examine**(2) 37:12 43:18

**example**(2) 56:11 68:15

**examples**(1) 56:12

**exceed**(1) 58:6

**excellent**(6) 11:14 45:25 66:19 66:21 100:19 113:5

**exclusivity**(1) 34:18

**excused**(1) 72:4

**execute**(1) 41:20

**executed**(2) 66:23 69:14

**exercise**(2) 33:22 84:12

**exercised**(1) 84:20

**exercises**(1) 78:23

**exhaustively**(1) 81:18

**exhibit**(15) 21:2 45:13 45:15 58:17 59:2 63:1 64:14 65:15 66:6 66:9 66:11 99:15 99:18 99:19 99:20

**exhibits**(3) 42:23 42:25 59:12

**exist**(2) 68:25 90:7

**existence**(1) 67:25

**expand**(1) 108:10

**expanded**(1) 61:21

**expansion**(1) 61:25

**expect**(2) 64:20 65:4

**expected**(1) 14:15

**expediency**(1) 15:3

**expedite**(2) 73:23 87:15

**expense**(3) 30:6 103:4 103:7

**experience**(1) 38:6

**expiration**(2) 34:18 34:21

**expire**(2) 90:2 95:2

**expired**(1) 34:21

**explained**(3) 16:9 47:8 96:15

**explains**(1) 58:1

Word Page:Line

**explicitly**(2) 90:9 90:10
**exploit**(1) 91:11
**exploitation**(1) 91:13
**expressed**(3) 40:14 49:3 67:16
**extend**(1) 31:3
**extensions**(2) 14:18 14:20
**extent**(13) 31:1 58:5 61:13 69:17 84:4 86:21 89:20 89:24 89:25 90:7 94:22 94:24 94:25
**extraordinary**(1) 110:24
**eyes**(1) 9:23
**fabulous**(1) 57:12
**face**(1) 80:2
**facilitate**(1) 7:14
**fact**(23) 35:13 35:20 35:24 39:4 39:23 40:17 41:16 44:22 46:18 48:14 48:23 51:16 52:3 52:5 64:18 67:17 68:20 68:24 72:19 77:15 78:15 79:13 84:5
**factors**(2) 106:1 106:3
**facts**(2) 36:16 53:8
**fair**(6) 37:2 85:24 104:25 106:18 106:23 106:24
**fairly**(4) 11:20 18:4 52:18 78:7
**fairness**(1) 53:15
**faith**(5) 9:24 27:20 42:21 102:21 111:7
**fall**(3) 56:24 68:20 83:2
**familiar**(6) 33:16 34:3 35:21 39:21 40:23 109:7
**family**(2) 56:17 56:18
**far**(3) 65:13 89:9 92:24
**farr**(1) 6:25
**fatell**(3) 4:7 8:18 10:16
**fatell's**(1) 9:6
**favorable**(1) 28:9
**february**(1) 38:3
**federal**(2) 2:34 19:4
**fee**(4) 30:6 30:8 103:3 103:7
**feld**(2) 6:5 51:3
**fell**(1) 84:10
**ferret**(1) 35:4
**few**(12) 14:6 16:11 16:14 28:6 60:16 63:6 73:12 86:13 87:18 98:25 108:24 110:15
**fifth**(1) 3:24
**fight**(1) 56:15
**figured**(1) 46:9
**file**(4) 46:13 75:24 76:2 82:14
**filed**(40) 8:6 18:24 19:14 20:17 20:18 21:4 26:24 29:20 31:14 41:20 42:24 50:2 50:4 57:8 59:9 61:8 61:10 61:24 62:7 62:11 63:8 71:25 74:23 76:9 76:11 76:17 76:22 86:18 86:19 86:20 86:21 86:24 87:19 95:19 96:2 96:3 101:22 102:2 108:23 111:13
**filing**(4) 13:18 61:23 111:12 111:16
**filings**(3) 72:10 72:13 73:6
**final**(8) 25:10 25:19 36:3 45:12 50:17 63:2 66:10 66:22
**finality**(6) 81:14 82:10 83:21 84:17 85:8 93:5
**finalization**(2) 14:16 14:20
**finalized**(1) 14:12
**finally**(8) 10:3 15:21 37:3 55:21 56:22 84:15 101:14 104:14
**financial**(4) 33:2 34:10 34:23 104:12
**find**(4) 75:18 76:20 77:2 111:4
**finding**(1) 111:7
**findings**(2) 110:16 110:16
**fine**(5) 22:21 22:23 60:18 108:3 108:14
**finger**(1) 2:12
**firm**(2) 18:19 58:15
**first**(17) 7:13 20:23 28:7 32:25 33:20 34:5 45:10 47:13 47:22 53:2 54:23 61:8 61:13 82:2 86:11 88:12 100:9
**five**(6) 25:14 40:3 60:24 85:14 87:12
**fixed**(1) 28:16
**flat**(1) 27:18
**fleming-de**(1) 5:39
**flies**(1) 80:1
**floor**(2) 1:27 3:29
**florham**(1) 5:13
**flow**(2) 80:16 80:25
**flows**(1) 80:13
**foggiest**(1) 53:5
**folks**(3) 35:2 84:2 93:4
**follow**(1) 31:22
**followed**(1) 22:19
**following**(5) 7:7 14:13 34:11 70:15 100:20
**follows**(1) 106:5
**footnote**(1) 64:1
**for**(165) 1:2 1:23 2:4 2:19 2:25 2:32 2:39 3:4 3:9 3:15 3:22 3:32 3:38 4:4 4:18 4:26 4:32 4:40 5:4 5:18 5:22 5:26 5:30 5:34 5:38 5:42 6:4 6:9 6:13 6:17 6:21 6:24 6:29 7:5 7:11 8:1 8:6 8:13 9:19 9:23 10:1 10:3 10:20 11:5 11:20 13:5 13:6 13:8 13:10 13:19 15:3 16:19 16:25 18:22 18:25 19:9 19:17 20:10 22:14 23:6 23:11 23:14 24:18 25:15 25:15 26:3 26:4 26:4 26:9 28:15 29:14 29:16 29:25 30:2 31:4 31:12 31:18 31:24 33:16 35:20 36:6 37:2 38:12 39:11 40:13 41:2 41:24 41:25 43:12 44:18 46:7 47:9 47:13 47:18 48:3 48:9 48:10 48:15 49:7 49:19 50:9 53:2 53:20 55:13 56:22 57:16 57:21 58:5 59:22 62:14 62:21 64:11 66:10 68:15 69:23 71:9 71:14 71:18 71:19 71:24 72:1 73:1 73:23 81:18 84:23 86:1 86:15 89:2 89:6 91:7 92:3 92:25 93:12 94:16 96:19 98:9 98:23 100:1 100:17 100:25 101:5 101:7 101:11 101:12 101:13 102:11 102:12 102:14 103:3 103:1 103:17 104:9 104:18 104:25 105:2 105:20 106:3 107:17 111:7 111:9 111:16 111:24 112:5 113:3 113:4
**force**(1) 91:15
**foregoing**(1) 113:11
**foreign**(5) 14:14 15:19 38:21 102:7 109:20
**foremost**(1) 33:20
**forget**(1) 12:14
**form**(13) 11:10 11:12 13:20 16:4 16:10 16:11 18:6 99:9 103:9 107:19 109:22 109:25 111:21
**formal**(1) 106:1
**formally**(2) 44:6 44:11
**forman**(1) 3:27
**formed**(2) 27:8 103:15
**former**(1) 9:7
**forms**(2) 17:21 21:6
**forth**(8) 32:7 48:18 79:24 85:9 95:18 96:9 110:14 110:17
**fortunately**(1) 56:16
**forward**(21) 11:7 14:7 15:17 15:20 20:5 26:7 34:14 69:17 72:21 75:16 76:6 77:9 78:5 80:10 83:10 83:18 83:19 84:2 84:7 84:20 107:22
**found**(5) 57:13 57:15 79:21 80:19 86:2
**four**(11) 13:11 25:16 35:8 35:12 35:17 40:4 80:8 84:16 102:11 106:10 110:10
**frankly**(1) 81:10
**fred**(1) 6:6
**free**(2) 61:15 101:9
**friedlander**(1) 4:33
**from**(41) 9:3 11:11 12:15 16:8 17:6 21:22 23:10 25:7 25:19 25:22 29:2 30:10 31:13 34:13 35:1 36:4 37:1 40:24 41:23 48:25 50:21 51:13 53:9 54:17 55:20 62:12 68:15 76:12 88:2 88:9 88:13 90:6 90:7 90:21 91:24 93:8 93:8 95:6 101:10 104:6 113:12
**front**(4) 9:10 17:20 49:17 50:8
**full**(3) 31:5 47:18 108:12
**fully**(6) 51:23 52:8 70:15 88:16 88:21 104:22
**fun**(1) 27:4
**fundamental**(1) 78:1
**further**(16) 9:5 9:25 21:21 29:25 40:12 50:10 60:1 60:10 62:14 64:20 83:24 93:17 102:16 104:10 107:7 112:5
**furtherance**(1) 34:4
**future**(2) 22:21 96:16
**gallagher**(1) 6:25
**garbled**(1) 22:5
**garrison**(2) 4:19 5:43
**gateway**(1) 3:11
**gave**(4) 39:17 54:16 54:25 82:23
**general**(4) 10:2 33:12 38:4 53:22
**generally**(12) 25:6 32:16 33:15 33:25 34:2 35:1 35:21 37:1 40:23 53:19 71:8 91:9
**generate**(1) 39:15
**generic**(1) 48:4
**george**(3) 32:12 37:22 101:22
**get**(26) 11:5 17:7 27:1 28:20 29:18 40:4 48:7 50:8 52:20 56:13 59:15 60:23 61:2 65:7 73:10 73:13 74:7 74:13 89:7 89:9 90:19 91:18 91:22 93:2 93:13 100:7
**gets**(2) 30:10 65:22
**getting**(1) 7:14
**gibbons**(1) 3:9
**ginger**(1) 1:42
**give**(9) 15:1 45:22 64:21 69:25 70:4 70:10 72:22 82:21 87:13
**given**(12) 9:6 31:23 32:8 34:16 35:15 50:15 52:18 53:4 54:11 54:13 77:1 107:18
**gives**(4) 78:25 97:14 97:24 111:25
**giving**(3) 47:17 82:8 83:5
**glantz**(1) 4:7
**global**(1) 100:24
**goal**(2) 50:15 52:20
**going**(44) 7:13 12:8 14:7 16:23 21:19 24:20 30:25 31:3 31:20 41:9 45:15 45:16 45:24 48:22 49:21 55:5 56:17 60:7 60:15 60:19 66:3 66:8 70:12 72:8 72:21 74:2 74:16 76:17 76:25 78:21 84:20 85:22 89:15 89:15 91:1 91:3 91:4 92:4 100:8 100:9 100:17 110:25 111:11 112:16
**golden**(1) 6:9
**goldstein**(1) 3:23
**gone**(2) 31:9 34:3
**good**(49) 7:2 7:3 7:4 7:24 8:1 9:24 10:10 10:17 10:18 10:19 11:16 11:17 12:9 12:21 12:22 12:23 13:22 17:2 17:3 18:3 19:8 19:9 20:2 20:4 21:19 21:24 21:25 22:1 22:9 23:2 23:3 27:20 42:21 50:25 51:1 51:1 52:17 57:7 61:6 63:19 65:24 67:2 77:24 77:25 79:23 88:9 102:21 111:7 113:5
**google**(2) 24:18 102:10
**got**(7) 53:5 84:3 88:9 92:15 93:4 93:9 108:15
**gotcha**(1) 70:8
**gotshal**(2) 3:22 6:13
**gottlieb**(6) 1:31 5:38 8:2 13:6 13:8 111:1
**govern**(1) 100:1
**grand**(1) 25:2
**grant**(3) 107:2 107:15 112:2
**granted**(9) 46:19 47:1 71:13 79:15 102:3 102:5 107:16 107:18 109:24
**granting**(1) 109:11
**grants**(3) 90:2 95:1 95:2
**great**(1) 53:21
**gregory**(1) 6:9
**gross**(20) 1:18 18:2 22:1 22:13 22:20 22:25 23:4 24:9 24:20 52:15 52:18 57:8 60:6 87:11 88:8 100:12 100:14 101:17 110:3 110:12
**group**(6) 2:25 3:33 10:20 11:11 11:12
**guess**(3) 60:7 66:5 83:25
**gump**(3) 2:4 6:5 51:2
**had**(55) 7:12 17:3 17:4 17:6 22:13 23:21 23:23 24:3 24:4 24:6 24:6 25:14 31:24 34:20 38:6 40:3 42:24 46:13 48:16 49:6 49:24 55:4 61:24 62:15 67:1 67:13 67:13 67:15 69:4 69:4 71:25 74:15 74:23 77:10 78:24 79:14 80:5 80:11 80:12 81:15 81:15 81:19 84:5 84:9 84:12 90:24 90:25 91:2 91:7 91:8 91:18 91:19 95:21 108:7 108:11
**hadley**(1) 2:25
**half**(3) 80:8 84:16 110:10
**hall**(3) 45:21 73:8 89:7
**hallway**(2) 74:15 85:15
**hamilton**(3) 1:31 5:38 8:2
**hand**(12) 13:21 44:24 58:23 62:25 63:9 66:10 87:20 87:21 88:19 88:19 108:15 111:22
**handed**(2) 64:14 108:18
**handful**(1) 94:10
**handing**(3) 45:8 58:22 59:6
**handwritten**(1) 108:7
**happen**(3) 47:22 74:5 75:14
**happened**(1) 69:18
**happens**(1) 69:19
**happy**(10) 10:14 10:23 11:10 16:12 23:15 56:17 56:18 64:9 77:11 108:17
**harm**(1) 75:1
**harrisburg**(1) 1:46
**has**(73) 9:3 10:14 11:12 11:12 13:17 13:19 14:1 14:4 14:10 14:22 15:4 15:7 16:18 21:2 22:12 26:3 28:10 29:20 31:8 33:6 33:7 33:18 34:3 38:2 41:17 50:10 53:7 54:10 54:20 55:17 55:17 57:8 57:8 57:10 59:8 62:17 63:5 69:14 70:5 72:19 76:15 77:11 79:23 84:23 85:25 87:2 88:17 90:25 96:15 98:17 99:2 99:2 99:11 99:17 99:18 99:24 101:20 102:1 102:22 103:21 104:10 105:7 106:5 106:6 106:10 106:11 106:13 107:24 109:18 109:19 109:25 110:9 111:19
**hasn't**(4) 77:15 79:21 80:19 84:23
**hauer**(2) 6:5 51:3

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **have**(191) 8:11  8:13  9:8  9:10  9:18  9:22  9:24  10:24  10:24  11:1  11:12  11:2  11:3  11:6  12:5  13:20  14:2  15:8  15:11  15:13  15:19  16:3  16:6  17:9  18:23  18:23  19:2  19:3  19:4  19:16  20:12  20:24  20:25  21:1  21:17  22:13  22:15  22:18  23:6  25:1  25:6  26:16  27:20  27:24  28:13  28:17  28:21  29:17  30:10  31:1  31:7  31:16  31:17  31:19  31:21  31:23  32:10  33:13  38:4  43:3  44:8  44:11  44:21  45:1  45:9  48:24  49:15  50:4  52:20  53:11  53:15  54:3  55:10  55:11  55:11  56:25  57:1  57:1  58:7  58:18  59:10  60:1  60:17  60:20  60:23  61:4  61:10  61:17  61:24  62:19  62:24  63:4  63:11  63:22  64:6  65:14  68:13  68:23  70:5  71:1  71:2  73:5  73:8  73:21  74:2  74:12  75:9  75:15  75:16  75:19  75:20  75:24  76:2  76:5  76:11  76:13  76:22  76:23  76:25  77:1  77:2  78:3  78:13  78:16  79:3  79:9  79:24  80:1  80:14  80:18  80:19  80:24  80:24  81:13  81:14  81:16  81:19  81:22  82:2  82:16  82:19  83:3  83:3  83:11  83:12  83:22  64:6  84:3  84:4  84:9  84:12  84:13  85:3  85:4  85:11  86:1  86:10  86:15  86:21  87:18  88:20  89:14  89:17  90:15  91:18  93:7  93:19  95:22  96:11  96:12  98:14  99:5  99:14  103:24  105:9  105:19  107:17  107:18  108:3  108:13  110:25  111:12  111:17  112:24  113:6 | | **hit**(1) 25:2 | | **icing**(1) 83:1 | | **intending**(1) 97:18 | |
| | | **hitachi**(1) 70:17 | | **idea**(1) 78:11 | | **intent**(1) 75:15 | |
| | | **hob**(1) 11:11 | | **identical**(1) 92:1 | | **intention**(3) 49:3  64:12  109:10 | |
| | | **hoc**(4) 4:4  10:20  11:11  104:8 | | **identified**(22) 21:2  28:15  55:18  56:1  67:22  71:11  78:8  79:2  79:4  79:5  79:11  79:13  79:14  79:17  80:5  80:10  80:15  80:16  80:18  84:6  84:8  84:24 | | **interest**(12) 24:16  34:3  34:5  34:12  35:5  36:9  39:15  39:19  40:14  40:16  43:8  101:8 | |
| | | **hodara**(1) 6:6 | | | | | |
| | | **hold**(4) 45:4  50:7  65:7  80:8 | | | | **interested**(5) 34:9  34:22  35:3  38:14  110:22 | |
| | | **holders**(1) 104:13 | | | | **interesting**(1) 24:21 | |
| | | **holding**(1) 39:7 | | **identify**(11) 75:21  78:9  78:17  78:22  78:24  79:3  79:12  80:4  80:11  81:24  85:3 | | **interests**(2) 105:6  106:7 | |
| | | **homerun**(1) 25:2 | | | | **international**(5) 3:32  21:1  74:2  74:3 | |
| **haven't**(19) 31:10  53:5  62:12  62:13  65:16  72:18  74:20  77:9  77:11  79:1  79:4  79:4  79:8  79:10  79:11  79:13  79:17  80:15  83:18 | | **honor**(149) 7:4  7:6  7:10  7:12  7:17  7:20  8:1  8:5  9:9  9:14  10:14  10:19  11:9  11:15  11:16  12:10  12:11  12:14  12:17  12:21  13:5  13:10  13:24  14:22  15:21  16:2  16:18  17:9  17:13  17:14  17:17  18:10  18:13  18:14  18:16  19:9  19:20  20:1  20:4  21:14  32:24  37:21  44:1  44:17  45:6  45:9  45:18  46:13  50:10  51:1  51:4  51:5  51:11  51:23  52:7  52:10  56:24  57:7  57:10  57:13  57:18  57:24  58:12  58:24  59:3  59:8  59:20  60:2  60:14  61:7  61:9  62:17  63:1  63:8  63:16  63:20  67:11  71:19  72:2  72:5  72:12  72:24  73:3  73:6  74:1  74:9  74:15  77:25  78:18  81:5  81:7  83:25  85:5  85:6  86:6  86:14  87:17  88:11  88:24  89:5  89:6  89:11  89:13  89:18  90:19  90:24  90:25  90:19  90:20  90:25  92:12  92:17  92:21  93:1  93:6  93:9  94:4  94:11  95:10  95:22  95:24  96:2  96:3  96:19  96:22  97:11  97:21  98:6  98:14  99:5  99:6  99:8  99:13  99:16  100:4  100:10  101:17  108:3  108:20  109:14  111:17  111:18  112:4  112:11  112:17  112:22  113:2  113:7 | | **icj**(1) 3:38 | | **internet**(2) 27:14  38:25 | |
| | | | | **ifsa**(2) 51:6  51:7 | | **into**(29) 25:16  28:22  29:17  37:15  37:18  40:4  43:21  43:24  44:12  44:16  48:4  52:25  55:24  58:3  59:15  60:12  62:20  63:25  66:24  70:1  70:12  70:14  78:3  84:11  84:25  88:20  92:21  106:3  111:5 | |
| | | | | **iii**(1) 3:5 | | | |
| | | | | **imagine**(1) 80:3 | | | |
| | | | | **immediately**(5) 29:7  29:10  46:23  47:1  47:2  87:10 | | **intricately**(1) 57:10 | |
| | | | | | | **introduce**(1) 28:22 | |
| | | | | **impact**(1) 48:24 | | **introduced**(1) 92:21 | |
| | | | | **impasse**(1) 11:1 | | **invalid**(1) 82:13 | |
| **having**(6) 8:9  24:13  30:12  52:24  64:8 | | | | **important**(9) 32:15  49:19  49:20  52:1  52:4  54:5  54:12  68:5  83:20 | | **investing**(1) 105:6 | |
| **he's**(9) 33:15  34:25  35:20  37:3  37:24  39:21  40:23  96:23  105:1 | | | | | | **investors**(1) 34:10 | |
| | | | | **impose**(1) 49:12 | | **invoices**(1) 76:19 | |
| | | **honor's**(2) 16:11  26:6 | | **imposing**(1) 49:12 | | **involved**(3) 28:3  38:16  57:10 | |
| | | **honorable**(2) 1:18  59:23 | | **improve**(1) 22:6 | | **ip's**(1) 91:12 | |
| | | **honors**(3) 23:3  30:21  74:19 | | **improvements**(1) 28:7 | | **isn't**(7) 31:18  49:21  77:8  79:22  81:10  81:14  95:6 | |
| | | **hooked**(1) 64:12 | | **improvidently**(1) 106:7 | | | |
| **hear**(6) 22:2  22:4  22:5  90:21  92:24  96:23 | | **hope**(2) 21:21  22:2 | | **inbound**(2) 69:11  71:12 | | | |
| **heard**(22) 12:1  16:21  17:6  21:10  50:24  51:5  51:10  53:18  54:2  62:12  62:13  67:4  68:24  70:21  71:17  73:1  76:24  78:18  80:9  80:13  89:18  100:18 | | **hopeful**(2) 18:6  73:10 | | **inc**(17) 1:6  3:22  6:13  6:17  13:16  21:4  24:18  24:18  27:24  27:25  27:25  30:9  30:12  40:8  102:10  102:10  102:17 | | **issue**(12) 18:24  19:3  65:4  73:14  78:2  92:3  92:18  100:15  102:12  105:12  105:23  107:9 | |
| | | **hopefully**(6) 22:6  23:14  71:2  74:13  86:8  87:24  88:8  104:2 | | | | | |
| | | **hopes**(1) 10:9 | | | | **issues**(4) 8:14  67:12  73:12  93:15 | |
| **hearing**(31) 7:6  7:8  8:14  20:16  21:12  21:17  23:7  23:13  26:11  30:22  32:22  35:8  37:14  37:17  43:23  45:24  52:22  54:4  67:7  70:24  73:9  73:14  87:8  87:14  89:14  101:16  101:18  101:19  112:23  113:5  113:8 | | **horne**(6) 11:11  11:16  11:17  11:18  11:20  11:25 | | **incoming**(1) 69:8 | | **it'd**(2) 83:15  83:16 | |
| | | | | **incorporate**(1) 66:24 | | **it's**(59) 12:5  14:3  15:3  18:6  19:1  22:4  24:4  25:4  25:10  26:25  27:1  27:4  27:18  29:9  29:15  30:1  30:15  36:12  46:8  47:8  47:13  47:14  48:24  49:3  49:10  49:19  49:24  56:17  59:15  62:3  64:3  64:6  64:11  65:1  65:17  68:17  70:8  70:9  75:14  76:1  80:6  80:7  80:9  82:23  83:1  83:19  84:9  84:18  85:3  85:4  92:2  95:9  96:6  97:18  97:22  105:13  110:6  110:17  112:8 | |
| | | **horse**(30) 23:22  24:18  24:19  25:11  25:21  28:5  28:10  28:18  29:3  30:6  30:9  30:11  34:19  34:20  38:15  40:2  40:7  48:17  48:20  49:9  55:3  55:8  57:20  68:7  102:8  102:13  103:1  103:2  104:16  106:16 | | | | | |
| **hearings**(3) 22:10  53:3  89:13 | | | | | | | |
| **heavily**(1) 98:17 | | | | **indemnity**(3) 28:9  47:18  47:24 | | | |
| **held**(2) 54:1  110:20 | | | | **independent**(1) 42:14 | | | |
| **help**(2) 61:9  96:10 | | | | **independently**(1) 41:11 | | **item**(3) 7:21  12:13  12:14 | |
| **helpful**(5) 9:10  12:5  12:6  44:16  87:18 | | **hottest**(1) 52:19 | | **indicated**(2) 26:6  59:8  87:12  105:15  109:19  110:8 | | **items**(3) 7:13  20:5  54:7 | |
| **helping**(1) 35:23 | | **housekeeping**(1) 44:6 | | | | **its**(11) 33:7  42:20  54:16  57:9  59:25  68:2  78:23  96:14  102:2  104:12  104:13 | |
| **hennigar**(1) 5:44 | | **how**(9) 11:18  11:19  53:5  54:7  56:17  78:20  80:3  81:8  108:11 | | **indiscernible**(6) 53:10  95:17  103:6  105:22  105:24  109:21 | | | |
| **here**(32) 7:5  7:6  7:11  11:4  11:21  13:10  22:24  25:3  30:23  51:12  52:21  56:11  63:1  71:18  72:16  73:23  74:12  77:19  78:1  84:8  85:25  89:13  90:19  92:5  92:12  93:10  96:1  99:2  100:17  108:8  110:18  111:8 | | | | | | **itself**(9) 33:17  38:15  42:5  42:18  43:14  48:23  53:21  62:2  69:9 | |
| | | **however**(1) 84:23 | | **individual**(1) 9:7 | | | |
| | | **hp's**(2) 90:3  93:24 | | **industries**(1) 38:25 | | | |
| | | **hsr**(2) 28:25  50:16 | | **industry**(1) 25:5 | | **jacob**(1) 9:2 | |
| **here's**(2) 68:16  75:22 | | **hundred**(2) 24:12  76:18 | | **infinitely**(1) 83:17 | | **james**(1) 3:33  1:36  3:4 | |
| **hereby**(1) 76:4 | | **hypothetical**(2) 77:9  81:10 | | **information**(9) 10:2  43:1  43:1  43:3  59:17  101:15  107:12  108:25  111:15 | | **jami**(1) 3:16 | |
| **hereto**(1) 96:24 | | **i'd**(5) 10:14  17:7  37:10  46:6  62:20 | | | | **january**(2) 16:7  33:11 | |
| **hesitate**(1) 12:7 | | **i'll**(15) 10:21  21:20  28:20  29:18  61:12  70:17  72:22  74:1  77:18  87:21  89:3  90:20  93:17  96:22  109:16 | | **initial**(5) 13:11  34:11  62:16  82:18  102:12 | | **jo8int**(1) 21:17 | |
| **hewlett**(2) 16:25  18:7 | | | | **initialed**(1) 108:10 | | **job**(1) 38:3 | |
| **hewlett-packard**(2) 73:6  73:23 | | | | **inner**(1) 47:21 | | **jobs**(1) 24:13 | |
| **hey**(3) 79:25  82:19  84:2 | | | | **inordinate**(1) 68:19 | | **john**(1) 2:45 | |
| **higher**(1) 104:15 | | **i'm**(47) 12:8  12:14  13:4  16:12  16:24  21:17  21:19  26:11  36:12  45:8  45:15  45:16  45:25  56:17  56:20  58:23  60:18  60:19  64:4  65:1  68:15  72:8  73:10  73:23  76:17  77:3  81:4  84:17  89:15  92:16  93:23  96:20  98:6  98:8  98:23  100:17  100:17  105:10  106:24  107:1  107:13  108:17  109:6  109:23  111:23  112:16  112:20 | | | | **joining**(1) 27:19 | |
| **highest**(5) 25:10  25:19  36:5  41:24  110:23 | | | | | | **joint**(7) 7:7  23:7  36:3  53:3  87:8  101:16  101:18 | |
| **highlight**(3) 30:20  31:12  68:19 | | | | | | | |
| **highlighted**(1) 57:24 | | | | | | **jointly**(1) 1:8 | |
| **highlights**(1) 57:19 | | | | | | **joseph**(1) 5:5 | |
| **hill**(2) 100:17  100:20 | | | | | | **joshua**(1) 2:7 | |
| **him**(3) 36:18  64:21  65:22 | | | | | | **judge**(20) 1:19  18:1  22:1  22:13  22:20  22:24  23:3  24:20  52:15  52:18  57:8  60:6  87:11  88:8  100:12  100:14  101:17  110:3  110:9  110:12 | |
| **his**(12) 33:21  36:6  36:20  36:24  38:3  41:22  42:19  42:20  93:11  101:17  104:4  110:3 | | **i've**(8) 71:7  75:23  92:15  92:25  93:14  99:1  99:3  107:10 | | **initiated**(1) 108:10 | | | |
| | | | | **inner**(1) 47:21 | | **judgment**(1) 33:22 | |
| | | | | **input**(1) 104:6 | | **judicial**(1) 93:4 | |
| | | **ibm**(1) 72:9 | | **insider**(1) 42:18 | | **july**(4) 1:14  7:1  101:23  113:16 | |
| | | | | **insofar**(1) 93:24 | | **jump**(1) 7:13 | |
| | | | | **instantaneous**(1) 47:14 | | **jumping**(1) 20:5 | |
| **history**(1) 53:2 | | | | **instead**(2) 25:20  27:21 | | **june**(13) 1:34  8:2  40:13  40:16  40:17  40:24  40:25  41:15  82:17  101:2  102:11  102:15  102:16 | |
| | | | | **insufficient**(1) 76:13 | | | |
| | | | | **integrity**(3) 42:8  53:14  106:9 | | | |
| | | | | **intel**(2) 40:8  40:20 | | | |
| | | | | **intellectual**(1) 69:7 | | | |
| | | | | **intend**(3) 14:25  75:15  77:7 | | | |
| | | | | **intended**(3) 70:8  70:9  103:8 | | | |

| Word | Page:Line |
|---|---|

**juniper**(1) 38:7
**jurisdiction**(1) 86:20
**just**(73) 9:14 9:15 13:1 15:1 15:1 15:3
16:1 18:3 18:7 18:11 18:21 21:19 28:2
29:5 29:13 29:15 30:20 31:10 44:5 44:7
44:18 46:6 46:9 46:20 49:25 53:6 60:22
62:20 62:25 63:23 63:25 64:6 64:14 65:3
65:22 66:6 66:7 66:8 66:9 66:14 66:25
68:24 73:21 74:16 74:25 75:7 76:6 80:13
83:9 84:1 85:11 85:21 86:15 92:11 92:20
93:1 93:20 94:16 96:20 96:22 97:16 98:12
98:23 98:24 98:25 108:1 108:10 108:21
109:6 109:16 110:15 111:11 112:1

**justice**(49) 21:20 21:25 22:1 22:6 22:9
23:1 23:4 23:9 50:23 51:2 52:13 52:15
52:17 56:19 57:4 58:13 58:20 59:5 59:11
60:3 60:6 60:9 61:3 85:18 86:9 86:12
86:17 87:5 87:10 87:21 87:25 88:5 88:7
88:8 100:9 100:12 100:13 100:14 100:19
108:5 108:14 108:19 109:4 109:9 109:15
110:5 110:7 110:12 110:18

**kahn**(1) 2:6
**keach**(4) 8:13 8:18 9:6 10:16 10:19 10:19
11:9 11:15

**keep**(3) 74:16 87:14 87:16
**keeping**(1) 34:1
**ken**(1) 2:20
**kevin**(1) 1:18
**key**(1) 54:7
**kim**(13) 1:34 7:20 7:25 8:1 8:2 9:1 9:11
9:13 9:14 9:18 10:5 10:8 12:10

**kind**(5) 54:18 54:19 78:1 82:23 83:1
**kinds**(1) 74:4
**king**(3) 2:15 2:35 4:42
**kinnarps**(1) 15:17
**knew**(2) 55:22 75:7
**knives**(1) 56:20
**know**(44) 11:22 12:24 18:4 23:9 23:10
23:25 33:17 44:8 51:25 53:8 53:25 55:14
65:1 65:1 70:10 73:4 74:25 74:25 75:1
75:5 75:7 75:8 76:1 76:10 76:10 76:19
77:17 79:8 79:25 80:7 81:8 81:18 81:20
82:1 83:8 84:16 84:18 84:19 85:8 88:22
91:1 93:22 94:16 110:6

**knowing**(3) 43:10 55:18 82:7
**knowledge**(1) 42:19
**known**(18) 26:25 28:14 55:4 55:12 67:23
68:4 69:21 77:6 78:8 80:11 83:7 83:10
83:10 89:21 91:10 94:23 95:25 97:20

**knows**(2) 28:2 63:2
**kunz**(8) 3:5 77:19 77:24 77:25 81:4 81:5
83:24 83:25

**kye**(1) 5:34
**kyros**(1) 18:2
**laddin**(1) 6:10
**language**(17) 61:13 73:10 80:14 89:8 91:7
91:18 91:19 91:20 91:22 92:4 93:2 93:7
93:12 97:11 98:10 98:21 108:13

**larger**(2) 26:14 81:21
**largest**(5) 25:7 25:13 39:4
**last**(12) 21:17 23:19 24:15 24:16 26:12
51:5 51:10 56:17 61:8 82:19 85:8 108:11

**later**(7) 14:4 15:20 29:19 41:12 47:2 59:7
93:3

**laughter**(13) 11:24 19:25 24:1 24:25 27:2
56:21 63:15 63:18 94:14 100:6 112:10
112:15 112:19

**law**(2) 18:19 26:9
**laws**(1) 82:15

| Word | Page:Line |
|---|---|

**lawyer**(1) 93:21
**layers**(1) 49:21
**layton**(1) 2:12
**lazard**(8) 32:12 33:2 33:2 33:6 34:2 34:7
34:21 35:1

**lead**(1) 45:21
**leading**(2) 27:9 40:4
**league**(1) 24:22
**least**(3) 12:15 22:5 45:22
**leave**(2) 90:16 92:25
**leaves**(1) 74:21
**led**(4) 24:8 24:17 36:18 57:14
**left**(4) 31:20 53:12 56:8 74:22
**legal**(2) 53:9 104:12
**legally**(1) 79:18
**legitimate**(1) 93:15
**lemisch**(1) 4:35
**length**(4) 36:19 37:8 42:4 42:11
**lenovo**(1) 70:17
**leonard**(1) 3:27
**less**(3) 43:12 43:13 76:20
**let**(5) 13:1 18:3 94:16 96:21 111:11
**let's**(1) 73:16

**letter**(13) 29:17 48:5 48:13 48:18 52:1
53:18 53:24 73:11 88:20 93:3 93:8 111:1
112:3

**letters**(3) 88:4 92:22 92:23
**level**(1) 40:14
**levine**(1) 4:40
**liberal**(1) 18:4
**liberty**(2) 1:38 23:24
**license**(84) 29:5 29:9 29:10 29:11 29:23
30:23 46:18 47:1 47:3 47:7 48:22 49:13
54:1 54:15 54:23 55:10 55:17 56:6 59:14
67:12 67:25 68:1 68:1 68:10 68:16 68:22
68:25 68:25 69:5 69:6 69:8 69:11 69:14
69:16 69:20 69:21 69:21 69:23 70:6 70:11
71:13 75:9 75:22 76:3 76:14 77:3 77:4
77:6 77:9 77:16 78:16 78:16 79:15 80:4
80:5 80:11 80:11 80:12 80:12 80:19 80:22
83:4 83:13 84:3 84:9 84:11 85:3 90:1
90:6 91:4 91:12 91:14 91:14 95:1 95:2
95:5 95:17 96:13 97:15 99:2 99:19 101:11
103:9 103:10

**licensed**(3) 43:6 89:21 94:22
**licensee**(2) 47:2 54:5
**licensees**(1) 91:9
**licenses**(102) 28:14 28:16 31:2 31:3 32:7
45:14 54:7 54:11 54:13 54:14 54:16 54:17
54:19 54:20 54:22 54:25 55:1 55:4 55:10
55:13 55:16 55:22 55:23 56:4 67:14 67:15
67:18 67:19 67:22 67:23 67:24 68:4 68:6
68:9 68:11 68:18 68:23 68:23 69:2 69:2
69:3 69:18 70:2 70:8 75:7 75:12 75:13
75:14 75:18 75:18 77:2 78:6 78:8 78:10
78:11 78:13 78:14 80:24 81:25 82:25 83:5
83:6 83:7 83:8 83:10 83:11 84:2 84:3
84:8 84:24 86:2 89:21 89:22 89:24 90:2
90:7 90:11 91:1 91:2 91:3 91:10 91:10
94:22 94:23 95:4 95:6 95:18 95:20 95:25
95:25 96:14 96:15 97:10 97:12 97:14
97:17 97:20 97:25 98:4 98:15 98:21 108:5

**licensing**(4) 58:2 58:5 97:3 97:4
**licensor's**(1) 29:11
**liens**(1) 61:16
**lights**(1) 56:19
**like**(22) 7:15 7:19 16:12 17:7 18:8 37:22
46:6 50:24 53:3 74:7 74:18 82:1 84:15
85:21 91:9 91:18 91:22 91:25 92:14 93:5
108:18 109:2

**likely**(1) 34:9
**limited**(4) 87:1 100:22 101:3 103:18
**linden**(1) 6:14
**line**(5) 13:20 44:24 45:11 56:10 63:6
**links**(1) 58:3
**lisa**(1) 1:32

| Word | Page:Line |
|---|---|

**list**(9) 55:4 55:7 55:16 55:19 55:19 55:20
56:1 68:11 80:11

**listed**(7) 28:2 68:6 96:24 97:1 97:2 97:4
97:6

**lists**(1) 28:14
**litigating**(1) 10:11
**little**(3) 7:14 97:14 100:8
**llc**(2) 3:15 4:40
**llp**(19) 2:19 2:44 3:4 3:22 3:33 3:38 4:6
4:19 4:26 4:34 5:4 5:10 5:30 5:34 5:43
6:5 6:9 6:13 6:25

**located**(1) 86:1
**logan**(1) 5:6
**long**(9) 24:4 25:16 39:7 54:20 56:17 76:18
91:12 91:14 94:11

**longer**(3) 28:23 41:9 41:10
**longest**(1) 25:16
**look**(7) 34:15 66:5 77:11 81:18 82:20
87:22 99:20

**looked**(1) 75:16
**looking**(3) 63:23 91:7 96:23
**looks**(1) 74:16
**lopez**(2) 3:39 63:21
**loss**(1) 91:6
**losses**(1) 48:1
**lot**(8) 7:11 23:11 24:4 51:5 51:14 89:6
93:4 93:4

**ltd**(1) 21:1
**luck**(1) 12:9
**lunch**(1) 109:5
**ma**  (3) 33:13 38:5 38:7
**mace**(1) 1:42
**madame**(1) 100:21
**made**(24) 8:11 43:3 44:1 46:17 58:8 61:17
63:7 75:4 75:10 75:17 80:25 81:1 81:16
84:21 89:15 91:19 92:19 92:21 93:14
93:21 103:8 103:14 106:5 108:7

**magnozzi**(1) 5:34
**main**(1) 94:17
**mainly**(1) 59:11
**major**(2) 23:19 24:22
**make**(21) 8:22 14:13 18:25 44:10 50:23
57:5 63:23 65:22 66:25 74:5 81:17 89:11
90:4 90:15 92:17 93:20 98:24 100:18
107:22 109:6 110:9

**makes**(2) 18:9 26:21
**making**(5) 18:4 23:6 70:12 84:16 110:15
**malone**(1) 5:11
**management**(3) 20:18 27:25 39:17
**managing**(2) 32:12 33:1
**mandatory**(1) 28:24
**manges**(2) 3:22 6:13
**manhattan**(1) 2:27
**manner**(2) 49:8 86:23
**manufacturing**(1) 14:1
**many**(4) 8:8 56:12 84:23 104:15

**marcia**(1) 3:23
**mark**(1) 63:1
**market**(11) 1:11 1:26 3:18 3:35 3:40 4:8
4:28 38:22 104:19 104:22 110:21

**marowetz**(6) 108:5 108:14 108:19 109:4
109:9 109:15

**material**(3) 28:6 57:20 81:20
**materials**(2) 34:17 59:16
**matt**(2) 12:15 13:6
**matter**(16) 10:11 14:24 15:1 15:3 15:13
21:17 44:6 47:21 52:14 82:6 82:6 82:8
82:10 108:20 110:4 113:13

| Word | Page:Line |
|---|---|

**matters**(11) 13:19 15:16 17:15 20:20 22:7
33:12 60:8 101:13 103:12 109:5 109:12

**matthew**(1) 1:37
**mauro**(1) 6:18
**maximize**(5) 39:11 41:25 51:9 51:13 51:17

**maximum**(1) 104:9
**may**(42) 7:17 7:23 9:20 9:21 12:16 13:21
13:22 17:9 17:11 18:21 21:6 21:8 25:25
32:22 34:6 39:14 46:1 48:20 58:6 60:17
63:8 63:10 72:4 72:6 73:20 75:11 76:9
89:18 90:7 90:15 95:22 95:23 96:20 97:17
99:5 99:7 99:8 102:4 102:9 105:15 111:21
111:23

**maybe**(7) 17:23 53:5 73:23 79:22 80:18
80:19 84:15

**mccann**(5) 14:24 15:2 15:7 18:21 19:13
**mccloy**(1) 2:25
**mcdonald**(1) 63:20
**mckenzie**(1) 38:7
**mcneill**(1) 3:34
**mean**(2) 93:25 112:11
**meaning**(2) 91:5 91:23
**meaningful**(1) 11:3
**means**(1) 67:21
**meant**(2) 51:6 98:13
**meantime**(1) 12:8
**mechanic**(3) 29:4 29:10 29:15
**mechanism**(2) 31:20 104:22
**media**(1) 15:18
**mediate**(1) 9:4
**mediation**(8) 9:2 9:6 9:19 9:23 10:8 11:3
11:5 12:6

**mediator**(4) 8:23 8:24 9:9 10:13
**meet**(1) 109:5
**megan**(1) 5:39
**meisel**(1) 3:27
**members**(7) 9:20 27:5 36:12 36:21 40:11
42:19 42:20

**mention**(1) 53:18
**merely**(5) 25:20 42:11 49:18 68:24
**metal**(2) 75:4 75:5
**metaphor**(1) 25:1
**method**(1) 79:19
**mexico**(1) 14:14
**meyers**(1) 4:21
**microphon**(1) 53:1
**microsoft**(4) 3:15 27:7 31:8 103:19
**middle**(1) 4:14
**midst**(1) 74:3
**might**(13) 9:10 26:13 29:10 34:22 35:3
45:21 47:18 47:23 47:25 60:23 81:19
87:13 98:4

**milbank**(1) 2:25
**million**(16) 23:22 24:7 24:19 25:10 27:21
27:21 28:8 48:2 48:6 48:10 58:8 76:22
102:22 103:2 103:3 103:4

**mind**(1) 87:16
**minor**(2) 16:11 107:20
**minute**(2) 60:24 87:24
**minutes**(5) 60:16 73:12 85:14 87:12 99:1
**mirrors**(1) 16:5
**misspoke**(1) 88:12
**mistake**(1) 110:10
**mix**(2) 34:10 34:23
**mobility**(3) 88:13 88:17 88:19
**mode**(1) 25:3
**modification**(2) 62:1 62:3
**modifications**(1) 67:8
**modified**(3) 62:18 62:23 64:13
**modify**(1) 31:3
**moment**(4) 17:10 71:20 95:22 99:6
**momentarily**(1) 88:5

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|
| **monday**(1) 7:1 | | **negotiation**(4) 38:13 42:4 42:4 74:2 | | **nothing**(1) 93:21 | | **ones**(2) 26:12 30:20 | |
| **money**(2) 48:7 49:4 | | **negotiations**(3) 36:10 36:14 36:17 | | **notice**(13) 32:2 32:8 35:4 41:21 50:2 | | **ongoing**(1) 10:24 | |
| **monitor**(24) 2:20 30:15 30:16 35:14 36:2 | | **net**(1) 47:25 | | 64:21 74:23 76:11 77:8 77:14 77:15 82:3 | | **only**(12) 9:23 13:24 20:20 21:17 37:8 | |
| 44:3 57:8 57:10 59:8 59:24 102:1 102:3 | | **network**(1) 14:22 | | 110:18 | | 81:15 81:15 84:17 86:24 100:7 107:20 | |
| 102:25 103:4 103:13 103:21 104:1 104:7 | | **networking**(2) 27:15 38:25 | | **noticed**(1) 32:3 | | 108:15 | |
| 104:12 104:18 104:24 105:3 105:7 107:7 | | **networks**(12) 1:6 5:38 6:25 13:15 13:16 | | **notices**(2) 31:23 32:2 | | **onto**(3) 39:8 49:22 83:6 | |
| | | 27:24 32:13 100:21 100:22 100:22 100:23 | | **notwithstanding**(3) 48:14 78:2 84:1 | | **opened**(1) 41:1 | |
| **monitor's**(7) 37:4 57:14 57:17 58:11 59:20 | | 100:24 | | **novel**(1) 81:11 | | **operating**(1) 47:25 | |
| 108:22 111:6 | | **neutral**(2) 49:9 52:5 | | **now**(35) 14:11 15:9 17:7 20:4 24:10 24:20 | | **opinion**(4) 33:21 36:20 36:25 110:3 | |
| | | **nevertheless**(1) 8:15 | | 27:20 30:11 31:1 31:23 39:10 44:24 45:9 | | **opportunity**(6) 22:13 45:23 61:4 83:12 | |
| **monitors**(1) 35:12 | | **new**(10) 1:39 2:9 2:22 2:28 3:25 3:30 | | 45:16 50:21 53:18 65:23 69:15 70:15 76:1 | | 84:12 110:9 | |
| **month**(7) 23:20 24:22 50:21 80:23 83:19 | | 4:23 6:13 40:25 44:22 | | 77:1 79:1 79:21 80:14 84:3 85:18 87:21 | | | |
| 84:24 104:3 | | | | 88:17 93:3 93:5 98:20 106:1 108:15 110: | | **opposed**(5) 46:20 47:7 48:22 102:4 109:23 | |
| | | **newark**(1) 3:12 | | 112:20 | | **optical**(1) 38:23 | |
| **months**(6) 50:21 76:20 77:2 80:23 80:23 | | **news**(1) 88:9 | | | | **optimistic**(1) 74:13 | |
| 82:14 | | **next**(5) 12:11 37:21 71:3 73:3 80:22 | | **number**(7) 12:24 25:13 55:21 73:6 92:18 | | **oracle**(8) 5:34 71:2 71:5 71:10 71:13 | |
| | | **nextel**(2) 62:12 62:13 | | 94:9 103:14 | | 71:13 71:18 71:23 | |
| **mooted**(1) 72:19 | | **nice**(2) 83:15 83:16 | | | | | |
| **moots**(1) 90:14 | | **nicety**(1) 82:6 | | **numbers**(1) 25:8 | | **oral**(2) 41:2 107:17 | |
| **morawetz**(43) 21:20 21:25 22:1 22:6 22:9 | | **nichols**(4) 1:23 15:14 19:7 19:10 | | **numerous**(2) 98:18 105:22 | | **oranges**(1) 82:23 | |
| 23:1 23:4 23:9 50:23 51:2 52:13 52:15 | | **nimeroff**(2) 3:15 3:16 | | **object**(4) 32:19 37:15 43:20 82:3 | | **order**(109) 9:8 9:12 9:16 10:3 10:13 11:3 | |
| 52:18 56:19 57:4 58:13 58:20 59:5 59:11 | | **nineteen**(2) 41:2 41:3 | | **objected**(3) 8:9 31:10 75:6 | | 11:4 11:10 11:12 12:2 12:9 12:16 13:20 | |
| 60:3 60:6 60:9 61:3 85:18 86:9 86:12 | | **nineteenth**(4) 20:7 20:13 20:20 41:15 | | **objecting**(2) 22:24 75:1 | | 14:17 14:25 15:4 15:12 15:22 16:2 16:4 | |
| 86:17 87:5 87:10 87:21 87:25 88:5 88:7 | | **nnc**(2) 101:3 101:24 | | **objection**(33) 20:8 20:13 20:21 32:18 | | 16:5 16:10 16:11 16:19 17:4 17:7 17:19 | |
| 88:8 100:9 100:12 100:13 100:14 100:19 | | **nni**(4) 27:24 37:24 101:3 104:8 | | 37:17 44:12 44:13 59:14 62:7 62:8 64:21 | | 17:20 17:21 18:7 18:12 19:15 19:17 19:23 | |
| 110:6 110:7 110:12 110:18 | | **nnl**(2) 101:3 101:24 | | 71:11 71:15 72:21 73:5 73:5 74:23 74:24 | | 20:11 20:14 20:23 21:7 21:13 30:24 31:4 | |
| | | **nnuk**(1) 101:3 | | 75:8 76:9 76:10 85:12 85:22 85:23 86:5 | | 31:13 31:14 35:4 39:18 41:19 42:7 43:7 | |
| **more**(33) 23:13 24:5 24:21 25:21 28:6 | | **nokia**(3) 2:39 62:12 70:17 | | 86:25 88:21 91:20 93:24 94:7 94:10 94:14 | | 44:21 44:24 45:11 45:11 45:13 45:15 | |
| 30:3 30:5 30:13 30:13 32:16 33:6 33:21 | | **nol's**(1) 48:9 | | 99:4 | | 45:16 51:24 59:7 61:9 62:4 62:7 62:18 | |
| 38:20 39:18 47:15 60:16 71:1 71:8 73:12 | | **non**(1) 103:9 | | | | 66:3 66:10 68:16 69:14 69:25 70:4 78:10 | |
| 77:10 81:15 81:16 83:6 83:16 84:19 85:13 | | **non-agreement**(1) 101:12 | | **objectionable**(1) 31:10 | | 79:19 82:15 82:16 87:18 91:8 91:18 91:23 | |
| 87:17 91:9 92:25 96:12 97:4 99:6 111:6 | | **non-assignment**(1) 43:6 | | **objections**(40) 26:11 26:16 28:20 28:21 | | 93:2 99:9 100:2 100:25 101:7 101:11 | |
| | | **non-debtor**(1) 91:9 | | 31:7 32:16 44:23 45:17 50:4 54:2 56:6 | | 101:12 101:14 102:5 107:3 107:5 107:7 | |
| **morgan**(2) 5:18 5:18 | | **non-disclosure**(1) 34:14 | | 57:3 60:11 60:19 61:10 61:14 61:14 61:21 | | 107:9 107:16 107:20 107:24 109:2 109:12 | |
| **morning**(35) 7:2 7:3 7:4 7:24 8:1 10:17 | | **non-material**(1) 65:2 | | 61:25 62:9 63:8 67:10 68:5 70:15 70:19 | | 109:24 109:25 110:15 110:17 110:20 | |
| 10:19 11:16 11:17 12:21 12:22 12:23 | | **non-renewal**(3) 30:23 43:6 103:10 | | 86:8 86:10 86:14 86:18 86:21 86:24 87:2 | | 111:11 111:21 111:25 112:13 | |
| 13:23 17:2 17:3 19:8 19:9 20:2 20:4 | | **non-renewed**(1) 101:12 | | 87:25 88:12 88:16 90:15 92:19 105:9 | | | |
| 21:24 21:25 22:1 22:3 22:9 22:14 23:2 | | **non-standard**(1) 31:11 | | 109:10 109:15 | | **orders**(11) 7:15 16:6 16:9 18:5 20:12 | |
| 23:3 50:25 51:1 51:2 52:17 57:7 63:19 | | **non-traditional**(1) 31:11 | | | | 21:15 31:15 50:17 52:9 56:9 107:18 | |
| 77:24 77:25 | | **none**(1) 55:15 | | **objector**(2) 74:22 84:18 | | | |
| | | **nor**(1) 42:18 | | **objectors**(1) 92:19 | | **organizations**(1) 61:18 | |
| **morris**(5) 1:23 3:4 15:14 19:7 19:10 | | **norpax**(1) 40:8 | | **obligation**(1) 62:22 | | **original**(7) 25:9 28:9 28:18 30:22 31:14 | |
| **most**(4) 25:17 26:11 54:2 110:21 | | **nortel**(47) 1:6 5:38 6:24 13:15 13:16 | | **obligations**(5) 61:20 61:21 62:3 64:20 67: | | 58:12 61:19 | |
| **motion**(40) 8:6 8:13 8:18 10:5 10:6 18:24 | | 17:14 18:22 19:12 23:19 26:4 27:23 27:24 | | **obtain**(1) 106:6 | | | |
| 20:10 21:3 27:6 33:5 38:1 43:24 46:7 | | 32:13 33:7 33:25 34:5 34:7 36:20 36:25 | | **obtained**(2) 106:10 111:3 | | **originally**(2) 40:13 64:5 | |
| 46:14 50:2 57:9 58:15 59:24 64:1 64:3 | | 37:14 38:9 42:18 54:11 54:16 54:25 54:25 | | **obviate**(1) 63:7 | | **other**(50) 11:1 14:1 14:6 15:8 16:18 18:22 | |
| 64:5 64:9 75:10 78:8 87:6 87:19 100:25 | | 71:13 75:5 76:21 78:19 89:6 91:10 91:21 | | **obviously**(20) 7:10 10:23 14:18 26:23 30:7 | | 19:4 22:16 31:8 35:2 35:4 35:12 36:22 | |
| 101:23 102:1 102:2 103:18 103:24 105:4 | | 92:3 96:19 100:21 100:22 100:22 100:23 | | 32:1 35:3 44:21 50:17 59:21 65:25 72:22 | | 37:8 38:6 38:23 38:25 39:2 40:6 41:12 | |
| 105:17 107:18 109:1 109:23 109:24 111:19 | | 100:24 101:4 102:6 102:9 102:11 103:17 | | 76:12 85:7 90:2 93:3 96:7 97:13 97:16 | | 43:10 46:15 48:9 54:19 55:10 55:21 56:15 | |
| 112:2 | | 104:11 105:22 | | 112:24 | | 57:4 60:8 62:15 62:19 62:23 65:17 69:4 | |
| | | | | **occur**(1) 104:2 | | 70:5 70:6 74:22 80:21 82:24 84:7 88:16 | |
| **motioned**(1) 105:14 | | **nortel's**(4) 27:11 39:4 39:17 94:1 | | **occurred**(2) 33:13 40:24 | | 88:19 92:19 96:20 101:4 101:10 107:3 | |
| **motions**(4) 15:9 19:14 21:10 32:1 | | **north**(5) 1:26 2:15 3:35 3:40 4:42 | | **off**(9) 11:12 13:19 14:1 18:7 18:12 24:11 | | 108:20 111:18 113:3 | |
| **motorola**(9) 62:12 70:16 74:13 85:14 | | **norton**(1) 58:14 | | 68:4 78:20 80:3 | | | |
| 88:13 88:13 88:15 88:17 88:18 | | **not**(127) 8:12 11:21 12:14 14:15 14:19 | | | | **otherwise**(7) 10:15 12:8 23:10 28:17 75:24 | |
| | | 14:25 15:2 15:10 15:11 15:16 15:19 17:6 | | **offer**(4) 36:5 37:10 41:24 104:18 | | 90:2 96:5 | |
| **motorola's**(1) 88:16 | | 17:21 19:3 25:25 26:11 27:1 30:1 30:25 | | **offered**(3) 33:16 36:25 55:13 | | | |
| **move**(3) 30:1 44:11 53:6 | | 31:2 31:2 34:25 35:1 36:18 36:21 37:8 | | **office**(2) 2:32 106:9 | | **ought**(5) 51:12 73:4 84:21 85:1 85:2 | |
| **moving**(1) 78:5 | | 41:8 42:11 42:15 42:18 45:16 47:10 48:4 | | **officer**(4) 32:13 37:23 37:24 101:24 | | **our**(21) 26:4 26:8 26:14 27:20 44:5 46:6 | |
| **much**(9) 12:4 20:1 22:25 46:25 51:10 | | 49:16 50:21 51:16 52:22 54:3 54:12 55:1 | | **offices**(1) 40:25 | | 47:3 47:8 49:3 53:19 54:6 55:11 59:15 | |
| 56:25 78:1 81:21 92:1 | | 55:20 55:22 56:2 56:16 56:17 58:20 58:6 | | **official**(5) 6:4 51:3 51:23 52:7 104:7 | | 65:1 71:2 75:3 84:20 85:4 91:20 106:9 | |
| | | 58:22 60:24 62:20 64:2 64:3 64:4 64:6 | | **often**(2) 25:17 27:1 | | 111:15 | |
| **multiple**(1) 42:9 | | 67:17 68:3 68:22 69:2 69:3 69:9 69:10 70:3 | | **okay**(21) 8:25 16:16 18:11 26:18 44:17 | | **out**(28) 9:15 10:22 16:3 17:5 17:19 21:21 | |
| **multiples**(1) 104:15 | | 70:8 71:6 71:9 71:12 71:15 72:17 75:6 | | 49:23 50:22 53:23 57:4 63:14 65:19 66:10 | | 34:11 35:5 50:16 52:20 53:7 53:21 54:11 | |
| **mumbling**(1) 26:12 | | 75:8 75:12 75:14 76:1 76:1 76:4 76:6 | | 66:20 67:3 67:9 67:9 71:1 87:11 88:14 | | 67:1 73:8 74:3 74:14 75:6 78:7 86:19 | |
| **namely**(1) 46:23 | | 76:17 76:25 77:3 78:16 80:7 81:13 81:17 | | 92:13 99:23 | | 88:5 91:23 93:2 97:19 103:1 104:17 | |
| **nasi**(1) 6:21 | | 81:21 82:6 82:12 82:25 83:2 83:5 83:5 | | | | 106:11 106:14 | |
| **nassi**(1) 6:21 | | 83:17 84:13 84:21 85:2 85:3 90:5 90:6 | | **old**(1) 63:20 | | | |
| **natasha**(1) 3:10 | | 90:7 90:9 90:10 90:18 90:18 91:3 91:4 | | **olivia**(1) 6:18 | | | |
| **nature**(2) 55:23 111:15 | | 92:4 93:1 95:5 95:13 95:21 96:5 96:8 | | **omnibus**(4) 7:6 20:8 20:13 20:20 | | **outbound**(1) 67:22 | |
| **nda's**(2) 34:14 40:3 | | 96:15 96:15 96:23 97:1 98:6 98:8 98:23 | | **once**(2) 19:16 69:22 | | **outlines**(1) 58:1 | |
| **nearly**(1) 24:3 | | 100:17 106:2 106:6 107:23 109:7 109:23 | | **one**(61) 1:38 2:8 2:14 2:27 2:46 3:11 5:6 | | **outreach**(2) 39:14 40:1 | |
| **necessary**(2) 11:5 80:9 | | 110:6 110:11 112:8 112:16 | | 12:7 13:17 13:18 19:14 21:12 22:20 24:2 | | **outset**(1) 13:16 | |
| **necessity**(1) 50:3 | | | | 26:13 31:8 32:22 37:14 39:4 39:6 40:9 | | **outstanding**(1) 8:14 | |
| **need**(14) 11:4 11:7 18:5 29:25 31:22 53:8 | | **notably**(1) 81:19 | | 43:23 45:4 45:21 47:2 50:23 52:18 52:19 | | **outwardly**(1) 56:10 | |
| 60:16 69:23 73:12 84:16 84:17 85:7 85:14 | | **notation**(1) 109:6 | | 54:15 54:18 55:7 55:21 56:12 56:16 56:18 | | | |
| 93:3 | | **note**(6) 11:3 11:10 19:2 37:3 64:1 66:17 | | 57:17 60:22 63:23 64:6 65:22 67:7 69:19 | | | |
| | | **noted**(6) 14:21 15:15 15:21 68:3 69:13 | | 70:10 70:24 74:22 75:20 80:18 81:15 83:3 | | | |
| **needs**(2) 87:7 88:22 | | 105:24 | | 85:9 87:17 88:12 88:19 89:2 96:13 96:18 | | | |
| **negotiated**(1) 98:17 | | | | 99:6 104:3 106:5 108:7 108:16 | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

over(37) 7:15  22:25  24:10  24:14  25:7  26:9  27:12  29:11  29:23  30:1  31:2  31:16  31:18  31:20  31:22  36:22  38:3  39:7  41:7  44:22  46:5  47:3  50:9  50:23  58:14  67:17  69:7  69:9  69:10  71:7  72:9  79:2  89:3  101:17  110:3  110:12  112:8

overrule(2) 85:23  94:6
overruled(4) 94:11  94:13  99:3  105:10
oversaw(1) 38:12
overy(1) 2:19
own(1) 27:6
o'connor(1) 6:26
p.m(2) 88:2  113:8
packard(2) 17:1  18:7
page(8) 57:18  57:19  58:1  59:3  63:4  66:15  99:21  99:21
pages(2) 76:18  76:18
paid(4) 27:22  30:10  49:7  102:22
pains(1) 53:21
paired(1) 41:12
papers(1) 14:11
paragraph(15) 30:24  31:13  43:7  57:18  57:19  57:25  57:25  58:1  62:4  62:18  96:6  96:22  97:18  107:21  108:8

paragraphs(2) 57:13  57:17
parameters(1) 92:15
parcel(1) 46:8
park(2) 2:8  5:13
part(10) 30:25  44:7  44:10  46:8  53:25  54:4  70:3  87:8  90:8  105:20

participants(2) 8:9  8:10
participate(3) 35:18  41:10  41:10
participating(4) 25:15  41:13  103:16  103:17
particular(2) 57:18  77:16
particularly(2) 33:13  42:8
parties(56) 8:21  8:24  9:8  9:24  14:3  14:18  15:8  15:11  15:13  18:23  19:4  22:16  22:24  34:8  34:13  34:13  34:16  34:22  38:14  39:15  40:1  40:3  48:13  48:19  49:2  49:12  51:7  51:8  51:12  54:6  54:25  56:2  61:24  62:15  70:15  72:22  72:22  80:22  84:6  84:7  84:11  87:3  87:13  96:17  97:24  98:18  103:9  103:14  106:8  106:17  108:7  108:25  109:19  109:22  112:1  113:2

partnering(1) 38:6
partnership(1) 41:16
parts(1) 75:4
party(8) 54:16  54:17  57:5  68:1  69:12  70:5  71:3  102:4

pasquariello(6) 57:6  57:7  58:14  58:21  59:6  59:12

passed(1) 77:12
past(6) 16:2  16:10  22:15  25:21  59:18
patent(14) 25:5  27:13  33:5  38:13  38:19  38:21  39:3  41:25  54:24  69:21  75:18  93:21  102:6  102:7

patents(26) 23:18  25:7  25:8  25:8  27:12  27:13  31:1  33:16  33:25  34:6  34:9  38:1  38:21  38:23  40:15  54:10  54:17  78:12  89:20  91:10  91:12  92:6  92:11  93:22  94:22  103:17

patrick(1) 2:33
paul(3) 4:18  5:42  5:42
pause(1) 70:18
pay(2) 9:5  102:20
payable(3) 30:7  30:8  103:8
paying(1) 47:24
payment(4) 48:2  48:6  58:8  103:8
payments(1) 46:17
peachtree(1) 2:47
pease(1) 5:30

pending(7) 14:12  14:15  14:20  15:9  32:15  72:21  107:7

pennsylvania(1) 1:46
pens(1) 56:20
pension(1) 6:25
people(16) 7:11  24:14  31:24  35:2  45:9  62:19  67:13  69:4  69:17  70:4  78:9  80:18  81:22  82:24  83:10  84:19

per(2) 6:29  81:13
per/pro(1) 6:21
percentage(1) 29:22
perfect(2) 18:9  66:16
perhaps(5) 52:23  73:13  87:13  87:20  109:4
period(2) 34:20  39:7
permitted(12) 28:19  41:10  62:1  63:3  63:5  63:24  64:5  64:12  64:19  66:8  99:22  101:16

persona(1) 6:30
perspective(2) 51:14  53:10
persuasive(1) 107:22
philadelphia(2) 3:19  5:7
philip(1) 5:27
phone(7) 11:11  71:19  73:4  77:18  89:17  93:10  98:19

phrase(1) 91:5
place(5) 13:17  17:5  78:3  84:25  86:4
placed(1) 103:23
plain(1) 28:24
plainly(1) 74:24
plan(7) 4:5  8:8  8:10  76:3  81:12  81:13
play(1) 93:4
plaza(2) 1:38  2:27
please(10) 7:3  12:7  21:23  21:25  44:25  46:2  88:3  88:4  99:10  100:4

pleased(1) 25:3
plus(1) 29:12
podium(7) 7:20  10:15  46:5  46:12  50:9  87:8  88:23

point(16) 8:10  8:16  9:15  11:6  24:9  26:10  36:22  48:12  48:13  57:24  60:4  61:7  66:3  87:24  91:3  107:23

points(1) 14:6
pools(1) 42:12
portion(4) 29:8  47:6  48:21  69:11
portland(1) 4:15
position(7) 79:16  80:21  91:22  93:1  93:20  96:21  98:7

possession(1) 27:21
possibility(3) 9:20  29:21  46:24
possible(6) 7:20  50:14  52:21  53:12  61:13  111:9

post(1) 28:11
potential(5) 35:5  42:17  43:10  48:3  86:2
potentially(1) 39:18
potter(1) 3:33
ppearances(4) 2:1  3:1  4:1  5:1
practical(1) 109:20
practice(1) 107:23
pre-auction(1) 39:12
pre-trial(3) 12:12  13:11  14:4
prefer(2) 26:6  36:21
preferable(1) 10:11
preference(3) 14:7  76:25  108:10
preferenced(1) 76:24
preferential(1) 13:12
prejudice(4) 79:19  81:9  82:1  107:13
prejudiced(5) 79:13  80:3  84:14  84:22  85:7
premature(2) 15:12  19:1
prepared(1) 17:22
present(4) 22:16  35:20  40:22  107:14
presentation(1) 50:1

presentations(1) 39:17
presented(3) 40:2  107:19  109:25
presenting(1) 12:15
preserve(3) 42:8  77:8  79:5
preserved(3) 67:14  75:23  77:15
presiding(1) 101:17
presumptuous(1) 112:12
pretrial(1) 14:23
pretty(3) 46:25  92:1  92:15
previous(3) 16:5  16:8  22:10
previously(5) 15:4  22:12  38:6  38:8  101:20
price(32) 23:22  24:3  24:7  25:9  25:10  25:19  27:16  27:17  27:18  28:8  28:11  28:12  29:8  29:15  29:22  39:5  41:18  42:16  47:6  47:14  48:21  51:3  58:3  102:21  102:25  103:1  104:15  104:16  104:24  106:6  106:17  106:18

prices(2) 25:21  49:14
principal(1) 14:11
principals(3) 105:16  105:19  106:14
principles(1) 53:10
prior(12) 29:4  29:7  32:9  33:19  38:9  42:3  46:23  55:16  64:22  65:2  66:23  68:4

pro(3) 6:21  6:29  6:29
probably(5) 95:13  100:10
problem(2) 45:7  65:6
procedural(2) 42:9  83:19
procedure(6) 35:7  76:3  78:14  78:21  79:19  79:24

procedures(41) 22:14  26:2  30:22  30:24  31:7  31:23  32:4  39:21  39:24  40:10  41:6  43:6  43:8  43:12  59:14  68:22  75:9  75:11  76:8  78:2  78:3  81:23  82:2  82:4  82:5  83:17  83:18  83:21  84:25  85:23  86:3  89:14  102:1  102:5  103:11  104:9  104:14  104:21  105:14  106:14  110:20

proceed(6) 32:23  33:23  73:20  86:7  111:9  112:2

proceeding(1) 105:21
proceedings(8) 1:17  1:51  12:13  13:12  19:13  22:17  53:4  113:13

proceeds(7) 24:9  25:22  30:2  30:10  48:25  49:4  103:22

produce(1) 9:18
produced(1) 1:52
product(3) 68:16  68:17  68:17
production(2) 8:11  8:12
proffer(10) 32:17  32:19  32:25  37:10  37:15  37:18  37:22  43:15  43:21  53:3

proffered(3) 33:18
proffers(1) 111:5
project(1) 15:17
promise(1) 64:17
promptly(1) 111:9
proof(3) 23:14  76:17  82:14
proofs(1) 82:12
proper(1) 110:19
properly(1) 32:3
property(1) 69:7
proposal(1) 47:13
propose(9) 9:1  32:17  44:23  57:1  57:15  62:25  110:2

proposed(9) 8:24  9:8  10:13  12:2  15:22  16:4  16:10  104:17  106:4

proposition(1) 49:10
propria(1) 6:30
proprietary(1) 111:15
protected(2) 68:20  79:7
protection(1) 103:10
protections(1) 101:12
protocol(2) 22:12  101:20
provide(7) 43:9  71:9  80:2  103:3  107:19
provided(7) 33:12  49:8  58:15  61:19  75:11  104:21  106:22

provides(1) 49:11
providing(2) 30:3  80:17
provision(3) 58:10  83:4  98:7
provisions(5) 14:2  31:12  70:6  101:7  101:19
psam(2) 5:26  5:26
public(2) 35:4  43:3
publication(1) 32:8
pudding(1) 23:15
purchase(29) 23:22  24:3  24:7  27:16  27:17  28:8  29:8  29:15  29:22  39:5  41:18  47:6  47:14  48:17  48:21  58:2  58:3  66:6  99:3  99:11  99:17  102:20  102:25  103:1  104:15  104:16  104:24  106:17  106:18

purchased(9) 90:5  95:5  95:8  95:10  101:9  102:12  102:14  104:9  105:6

purchaser(54) 27:10  28:9  28:15  28:23  29:20  30:9  31:5  31:17  43:10  44:22  46:24  46:25  47:9  47:17  50:18  54:10  54:24  55:7  55:5  55:12  61:15  61:23  67:15  67:18  67:24  68:8  69:1  69:10  69:14  69:22  70:1  74:14  76:12  77:13  82:7  82:8  83:8  83:9  83:12  84:8  85:7  88:18  88:19  90:6  92:5  92:16  95:6  101:5  101:6  101:9  102:10  102:14  102:20  105:7

purchaser's(3) 29:5  30:3  64:10
purchasers(5) 29:16  38:15  83:20  93:5
purport(2) 78:14  96:8
purporting(2) 54:12  55:1
purpose(5) 9:23  11:21  69:16  103:15
purposes(5) 9:19  48:15  64:11  102:14
pursuant(3) 36:7  102:18  106:23
pursue(1) 51:18
pursuing(1) 35:3
pushing(1) 17:5
put(20) 27:9  37:5  42:14  43:11  47:15  66:7  66:14  74:24  75:8  76:6  78:3  78:7  79:16  79:24  82:16  83:13  84:25  84:4  98:19  107:22

putting(1) 70:10
qualified(20) 25:14  25:14  35:6  35:10  35:13  35:13  35:14  35:17  35:24  36:13  39:20  40:5  40:6  40:9  40:20  41:8  41:12  42:13  42:14  102:13

quest(3) 4:26  62:15  70:16
question(7) 19:7  53:11  53:13  78:4  78:19  106:24  112:17

questions(10) 10:14  11:9  15:13  16:19  50:11  57:1  60:2  69:5  93:18  110:2

quick(1) 64:6
quickest(1) 17:23
quickly(2) 52:21  73:15
quite(7) 7:7  8:12  24:8  27:4  78:18  110:24  111:2

rabbi(1) 8:7
raise(1) 24:8
raised(3) 62:15  67:13  91:25
raises(1) 9:19
ranger(3) 24:18  30:8  30:11  49:8  102:9
rather(8) 30:3  32:17  33:25  47:24  62:20  64:8  68:10  68:18

raymond(1) 4:35
reach(4) 10:22  18:6  34:11  61:25

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **reached**(2) 20:25 103:22 | | **release**(1) 107:12 | | **response**(14) 12:3 16:22 19:22 21:11 32:21 37:13 37:16 43:19 43:22 44:14 52:12 60:5 67:6 70:23 | | **rules**(1) 19:5 | |
| **reaching**(2) 10:9 11:1 | | **relevant**(4) 40:10 41:6 105:17 113:2 | | | | **ruling**(2) 50:7 108:21 | |
| **read**(3) 62:20 93:7 96:22 | | **relief**(4) 102:3 102:4 107:2 109:24 | | | | **safeguards**(3) 37:5 42:10 56:5 | |
| **reads**(1) 108:1 | | **relying**(1) 97:21 | | **responsibilities**(1) 38:3 | | **said**(11) 27:16 33:3 52:24 68:12 70:4 71:7 74:12 76:11 82:19 84:8 91:8 | |
| **ready**(4) 45:2 60:11 85:13 100:21 | | **remain**(4) 26:17 90:1 91:15 94:25 | | **rest**(3) 29:12 30:19 45:23 | | | |
| **real**(2) 60:15 64:6 | | **remainder**(1) 47:7 | | **restate**(2) 66:24 89:16 | | **sake**(3) 15:3 18:25 62:21 | |
| **realization**(1) 33:23 | | **remained**(2) 37:7 41:12 | | **restated**(9) 45:14 58:18 59:2 59:25 69:15 96:3 99:18 108:9 108:12 | | **sale**(120) 23:18 24:16 25:7 25:9 25:19 26:7 26:24 28:2 29:7 29:12 29:14 30:14 30:23 30:24 30:25 31:3 31:15 32:9 32:1 32:16 33:16 33:17 33:23 33:24 34:4 36:7 36:8 38:12 38:14 39:6 39:16 42:16 42:23 43:4 43:7 43:12 43:13 44:20 44:24 45:10 45:11 45:12 45:15 45:16 46:14 46:19 46:20 47:3 48:22 49:7 50:5 51:16 51:20 57:14 59:13 59:21 59:22 61:19 61:20 61:21 62:2 62:4 62:23 62:25 63:24 63:25 64:2 64:4 64:11 64:13 66:21 66:11 69:1 69:14 70:3 71:9 71:11 72:21 77:5 78:7 80:8 83:14 89:22 90:8 90:8 91:7 92:5 93:17 94:23 95:10 96:1 96:5 96:7 96:9 97:20 99:20 100:1 100:2 101:1 101:2 101:6 101:7 102:18 102:23 103:16 103:22 104:17 105:1 105:2 105:5 105:17 105:18 105:20 106:4 106:13 106:19 106:23 106:25 109:17 110:14 | |
| **realize**(3) 23:13 47:10 111:19 | | **remaining**(5) 39:4 47:4 86:8 90:14 93:15 | | | | | |
| **realized**(3) 25:22 39:6 39:7 | | **remains**(1) 68:2 | | | | | |
| **realizing**(1) 26:4 | | **remarkable**(1) 111:2 | | **restructural**(1) 101:13 | | | |
| | | **remedy**(2) 75:21 75:23 | | **restructuring**(3) 33:8 33:12 39:8 | | | |
| **really**(5) 55:22 68:12 78:6 92:23 93:14 110:24 111:1 | | **remember**(1) 23:23 | | **result**(9) 23:15 40:19 43:4 47:19 55:9 57:12 70:12 105:1 106:15 | | | |
| | | **remind**(1) 23:19 | | | | | |
| **rearticulate**(1) 95:12 | | **reminding**(1) 111:24 | | **resulted**(1) 104:15 | | | |
| **reason**(3) 76:14 93:13 111:8 | | **removed**(3) 28:10 55:16 55:20 | | **results**(1) 25:4 | | | |
| **reasonability**(1) 107:24 | | **render**(1) 110:3 | | **retained**(1) 33:7 | | | |
| **reasonable**(2) 37:2 85:24 | | **renegotiate**(1) 98:20 | | **retaining**(1) 33:25 | | | |
| **reasoning**(1) 110:17 | | **reorganize**(1) 34:1 | | **return**(1) 52:14 | | | |
| **reasons**(5) 19:14 30:2 47:13 107:17 111:9 | | **repeat**(1) 94:16 | | **reverts**(1) 64:4 | | | |
| **reath**(2) 5:4 5:10 | | **reply**(2) 61:8 96:4 | | **review**(3) 44:15 45:23 109:5 | | **sales**(18) 18:19 25:23 27:18 33:13 33:19 38:9 38:10 51:8 57:11 111:2 | |
| **recall**(4) 24:6 34:19 94:7 95:8 | | **report**(15) 30:15 30:16 35:14 37:4 44:2 57:9 57:14 57:17 58:11 102:2 102:24 107:6 107:11 108:22 111:6 | | **reviewed**(1) 107:10 | | | |
| **receivable**(1) 20:18 | | | | **reviewing**(4) 40:20 106:4 | | **salient**(1) 53:8 | |
| **received**(10) 17:4 35:24 36:6 40:15 41:4 41:24 54:17 102:11 102:17 109:18 | | | | **revised**(7) 13:20 45:10 45:11 45:13 62:22 62:24 69:13 | | **same**(14) 26:20 29:13 31:19 46:9 47:14 48:16 49:24 52:9 56:2 65:17 70:5 76:5 80:20 83:4 | |
| | | **reporter**(1) 100:21 | | | | | |
| **receiver**(1) 105:19 | | **reports**(4) 103:5 103:13 103:21 104:1 | | **richards**(1) 2:12 | | | |
| **recent**(1) 18:24 | | **represent**(1) 64:9 | | **riedel**(30) 32:12 32:20 37:22 37:23 38:2 38:8 38:11 38:19 39:2 39:9 39:13 39:20 39:25 40:6 40:12 40:19 40:22 41:7 41:14 41:22 42:7 42:15 42:22 43:5 43:16 43:18 101:23 101:24 102:24 104:4 | | **samis**(1) 2:13 | |
| **recently**(1) 82:18 | | **representation**(9) 71:24 71:25 89:1 93:24 93:25 94:1 94:6 94:17 94:17 | | | | **sanjay**(1) 3:28 | |
| **recess**(4) 21:19 21:22 88:2 113:5 | | | | | | **sater**(1) 5:30 | |
| **recommended**(1) 105:7 | | **representations**(8) 14:13 82:9 89:11 90:14 90:16 90:18 92:20 93:14 | | **riedel's**(1) 43:21 | | **satisfied**(12) 20:11 20:24 21:2 59:21 59:24 93:24 104:24 106:22 106:25 107:11 107:13 109:23 | |
| **recommends**(3) 59:23 102:3 105:3 | | | | **rifkind**(2) 4:18 5:42 | | | |
| **record**(38) 8:2 13:5 14:13 19:1 19:10 25:4 28:22 44:7 44:11 44:18 45:1 46:22 50:1 54:6 58:15 58:25 59:4 62:21 62:21 63:2 64:9 67:16 71:8 72:17 74:20 74:21 86:15 87:19 89:12 90:16 94:1 99:25 106:12 107:17 109:18 109:21 111:10 112:23 | | **represented**(3) 36:5 36:13 92:25 | | **right**(87) 7:22 10:17 11:4 11:8 11:25 12:4 12:18 12:18 13:5 14:5 16:20 16:23 17:16 18:3 19:18 19:23 20:6 20:22 21:5 21:9 21:12 21:18 25:23 31:16 31:21 32:22 37:11 37:14 43:17 43:23 44:15 45:16 45:18 52:13 53:6 60:21 62:10 65:6 66:7 66:13 66:14 67:7 67:20 70:18 70:24 71:17 72:11 72:25 73:2 73:16 73:25 74:8 75:1 75:2 75:5 75:20 75:24 76:12 76:15 76:23 77:16 79:1 81:3 81:10 83:8 85:16 87:23 89:4 89:23 90:12 92:7 93:5 95:15 98:1 98:3 98:11 98:20 99:16 99:16 99:21 100:3 100:3 101:8 110:5 112:20 113:4 | | | |
| | | **representing**(3) 17:14 19:12 63:11 | | | | **saved**(1) 24:12 | |
| | | **represents**(3) 59:21 105:2 106:18 | | | | **saw**(1) 69:22 | |
| | | **request**(10) 10:12 14:12 17:18 29:5 30:4 47:11 59:18 107:5 107:7 108:6 | | | | **say**(15) 8:20 12:4 18:4 21:15 59:15 71:8 75:22 76:4 79:8 81:12 82:12 84:1 86:12 90:20 111:11 | |
| **recorded**(1) 1:51 | | | | | | | |
| **recording**(2) 1:51 113:12 | | | | | | | |
| **records**(2) 75:17 76:20 | | **requested**(3) 102:3 102:4 109:23 | | | | | |
| **recover**(1) 13:12 | | **requesting**(2) 29:21 35:10 | | | | **saying**(8) 77:3 78:24 79:1 80:15 82:23 84:2 84:4 108:11 | |
| **reduce**(2) 20:15 89:10 | | **requests**(3) 9:25 10:1 62:14 | | | | | |
| **reed**(1) 4:26 | | **require**(6) 9:21 82:5 82:5 83:17 83:18 111:15 | | **rights**(26) 10:2 29:11 47:3 71:25 74:25 75:23 76:7 78:23 79:3 79:7 79:9 79:15 79:20 80:1 80:24 81:2 83:16 84:10 84:13 84:20 85:4 90:3 91:11 94:7 95:4 99:2 | | **says**(8) 55:25 68:16 78:21 79:25 96:24 98:7 98:8 99:22 | |
| **refer**(3) 105:14 107:8 108:12 | | | | | | | |
| **reference**(3) 19:1 51:9 57:16 | | | | | | | |
| **referenced**(3) 57:8 107:14 109:18 | | **required**(6) 31:4 32:8 82:15 82:16 87:12 106:2 | | | | **schedule**(13) 55:3 62:6 68:3 68:19 69:22 70:13 83:7 96:24 97:1 97:2 97:5 97:6 97:12 | |
| **references**(1) 44:2 | | | | | | | |
| **referring**(1) 109:9 | | **requirement**(1) 55:13 | | **rim**(1) 27:7 | | | |
| **refine**(1) 73:9 | | **research**(2) 27:6 103:18 | | **rise**(3) 21:23 88:3 88:6 | | **scheduled**(3) 13:19 40:13 69:24 | |
| **reflect**(1) 108:8 | | **reservation**(5) 10:2 71:25 80:7 80:18 94:7 | | **rising**(1) 24:5 | | **schedules**(6) 28:13 42:23 56:23 59:13 108:25 109:1 | |
| **regard**(5) 14:24 15:13 20:12 28:7 84:14 | | **reservations**(1) 76:7 | | **risk**(3) 28:25 28:25 47:15 | | | |
| **regarding**(5) 34:17 49:13 58:4 67:5 82:9 | | **reserve**(2) 74:25 83:16 | | **roadmap**(1) 61:9 | | **scheduling**(13) 12:16 13:11 14:17 14:25 15:4 15:12 15:22 16:5 16:9 16:11 18:5 19:15 19:17 | |
| | | **reserved**(2) 11:4 81:2 | | **robert**(3) 4:13 5:11 10:19 | | | |
| **regardless**(1) 77:4 | | **reshuffling**(1) 23:11 | | **rock**(1) 27:1 | | | |
| **regards**(4) 19:12 20:17 20:20 21:4 | | **residual**(6) 27:12 34:6 59:22 104:19 104:23 105:2 | | **rockstar**(33) 4:18 25:20 26:25 27:10 30:7 36:4 36:8 36:11 36:12 36:18 36:21 37:1 38:17 40:8 41:17 41:17 41:23 42:18 42:20 46:16 52:4 57:14 71:7 71:10 71:12 91:21 96:13 101:5 102:18 103:6 103:14 103:18 106:23 | | **schnabel**(17) 3:39 63:11 63:16 63:19 63:20 63:21 64:16 64:18 64:23 64:24 64:25 65:9 65:10 65:12 65:15 65:16 65:20 | |
| **regulatory**(1) 57:4 | | | | | | | |
| **reiley**(1) 4:27 | | **resolution**(4) 10:10 54:4 61:25 67:10 | | | | | |
| **reimbursement**(3) 30:7 103:4 103:7 | | **resolve**(4) 17:23 62:7 73:12 86:8 | | | | | |
| **reject**(10) 75:15 75:16 76:4 77:7 78:5 78:14 78:22 82:25 83:2 83:5 | | **resolved**(20) 14:10 17:7 19:16 19:16 26:11 26:17 54:3 60:20 62:9 63:22 70:16 71:16 72:1 74:20 86:22 86:23 87:2 88:16 88:21 105:10 | | | | **schotz**(1) 3:27 | |
| | | | | **rockstar's**(4) 27:5 27:6 42:19 95:18 | | **schuylkill**(1) 1:45 | |
| **rejected**(5) 70:3 75:12 77:6 84:11 85:4 85:4 91:5 | | | | **rodney**(1) 2:14 | | | |
| | | | | **rome**(1) 4:6 | | | |
| **rejecting**(3) 72:17 75:20 81:12 | | **resolver**(2) 49:14 49:15 | | **room**(4) 34:16 35:15 40:4 108:7 | | | |
| **rejection**(10) 54:1 55:10 68:22 72:20 75:9 75:25 76:3 78:3 79:18 103:10 | | **resolves**(2) 64:25 68:5 | | **rose**(1) 58:15 | | | |
| | | **resources**(2) 10:11 93:4 | | **round**(4) 41:5 41:15 85:9 102:19 | | | |
| **relate**(1) 59:13 | | **respect**(48) 9:25 12:1 12:12 14:2 14:7 16:6 17:15 21:10 22:14 33:4 35:6 35:19 40:23 51:15 51:18 51:25 55:6 58:4 67:22 72:9 72:12 74:15 76:21 77:16 78:5 82:1 82:22 82:24 83:6 84:13 84:15 87:5 88:11 89:18 90:10 101:14 102:2 103:11 103:22 108:21 109:12 | | **rounds**(5) 25:17 25:17 41:3 41:3 102:16 | | | |
| **related**(8) 27:12 29:18 31:15 42:23 53:17 91:12 92:6 92:8 | | | | **royal**(1) 105:15 | | | |
| | | | | **rri**(1) 4:33 | | | |
| **relates**(3) 32:15 32:16 59:14 | | | | **rubberstamp**(1) 83:9 | | | |
| **relating**(3) 8:7 102:6 107:2 | | | | **rule**(2) 98:9 100:9 | | | |
| **relation**(2) 58:16 59:7 | | **respective**(1) 97:7 | | **ruled**(1) 99:1 | | | |
| **relationship**(3) 76:21 76:22 76:23 | | **respects**(2) 11:1 11:2 | | | | | |
| **relationships**(1) 81:23 | | **respond**(2) 30:4 93:17 | | | | | |
| **relative**(1) 58:8 | | | | | | | |
| **relatively**(1) 78:10 | | | | | | | |

| Word | Page:Line |
|---|---|
| schweitzer(105) | 1:32  2:22  2:33  2:33  2:39  23:17  24:2  25:1  25:13  25:25  26:16  26:19  26:22  27:4  28:5  30:18  32:6  32:23  32:24  33:11  37:19  37:20  37:21  43:17  43:25  44:1  44:5  44:10  44:17  44:20  45:1  45:4  45:6  45:8  45:20  46:1  46:3  46:4  46:5  46:12  48:12  50:13  50:14  50:20  51:24  53:7  53:20  53:22  57:2  57:23  58:6  60:10  60:11  60:14  60:18  60:22  61:2  61:6  61:12  62:11  63:13  63:17  64:8  64:17  65:21  65:24  65:25  66:5  66:14  66:17  66:20  66:22  67:3  67:9  67:11  67:21  70:21  71:1  71:5  71:24  72:8  74:10  74:11  74:18  75:3  77:20  77:22  77:23  81:6  81:7  83:23  85:6  85:11  85:17  86:6  87:12  88:10  88:11  88:15  89:1  89:2  99:16  99:24  111:17  111:21  112:4 |
| schweitzer's(1) | 60:7 |
| sci(2) | 5:4  15:24 |
| scope(1) | 56:3 |
| scrub(2) | 64:6  64:8 |
| seal(4) | 42:24  111:13  111:14  111:16 |
| sealed(3) | 56:23  59:9  59:18 |
| sealing(8) | 101:14  107:5  107:6  107:9  107:15  108:21  109:2  109:11 |
| search(2) | 27:15  38:25 |
| seated(3) | 7:3  21:25  88:5 |
| second(5) | 14:16  20:13  45:4  47:17  48:12  55:9  67:12  68:7  89:2  90:4  95:4  105:8 |
| secondary(2) | 26:14  30:15 |
| section(2) | 106:1  111:7 |
| security(1) | 20:14 |
| see(10) | 10:18  13:24  55:2  60:24  65:3  66:1  77:19  88:7  88:25  105:21 |
| seek(7) | 14:25  15:12  23:21  24:15  48:1  50:4  101:14 |
| seeking(9) | 13:12  23:18  26:23  53:23  69:7  82:25  83:2  103:25 |
| seems(2) | 80:21  84:25 |
| seen(7) | 11:12  56:11  56:12  56:14  62:19  65:16  92:18 |
| select(1) | 38:17 |
| selected(1) | 36:4 |
| selection(2) | 8:24  38:14 |
| sell(3) | 33:5  38:1  68:17 |
| seller(5) | 28:13  29:4  47:10  62:6  64:10 |
| seller's(2) | 47:19  70:13 |
| sellers(23) | 27:23  29:13  29:17  29:24  30:3  30:10  35:22  37:8  40:15  42:12  47:1  47:21  48:10  48:14  49:3  49:20  61:17  88:17  97:5  101:5  102:20  102:22  107:1 |
| selling(4) | 39:10  51:8  51:12  52:6 |
| send(1) | 57:2 |
| sense(4) | 8:22  18:9  26:21  85:12 |
| sensitive(4) | 43:1  59:17  107:11  111:14 |
| sent(4) | 16:3  32:6  34:12  34:13 |
| separate(5) | 15:22  42:14  46:7  46:14  48:6  55:24  66:3  103:24  108:23 |
| separated(1) | 86:19 |
| separately(1) | 108:23 |
| september(1) | 14:23 |
| series(1) | 24:7 |
| seriousness(1) | 25:3 |
| served(5) | 15:11  15:19  35:22  105:11  109:1 |
| service(5) | 1:44  1:52  59:14  108:24  109:3 |
| services(1) | 1:44  20:15  20:18  24:12 |
| set(11) | 32:7  53:7  95:18  96:9  102:11  103:1  104:17  106:14  110:14  110:16  110:18 |
| sets(1) | 48:18 |
| setting(2) | 23:24  24:5 |

| Word | Page:Line |
|---|---|
| settlement(7) | 8:16  8:20  8:23  10:22  10:23  14:11  14:16 |
| seventy-first(3) | 30:16  44:2  57:9 |
| several(9) | 24:12  24:13  39:15  39:17  50:21  76:18  81:19  82:17  104:12 |
| seymour(1) | 5:30 |
| shall(3) | 48:24  49:5  97:9 |
| she(1) | 88:22 |
| she's(1) | 88:21 |
| shimshak(1) | 4:20 |
| shining(1) | 56:11 |
| shop(1) | 34:20 |
| short(4) | 17:9  50:2  74:11  112:24 |
| should(18) | 21:15  35:23  54:9  55:6  55:14  56:25  59:10  79:12  80:20  80:23  81:2  86:15  93:16  99:13  106:7  106:8  106:10  111:8 |
| shout(1) | 68:23 |
| show(6) | 7:11  23:5  70:9  81:24  82:20  83:11 |
| shows(1) | 63:6 |
| shur(1) | 4:12 |
| sic(1) | 89:16 |
| side(31) | 29:17  30:3  46:7  46:8  46:15  46:16  47:19  48:5  48:12  48:18  50:5  52:1  53:18  53:20  53:24  58:4  58:12  59:2  73:10  76:2  88:20  92:22  92:23  93:3  93:8  93:8  101:3  103:11  105:8  111:18  111:18  112:3 |
| sierra(4) | 56:24  59:19  107:9  107:14 |
| sign(9) | 12:9  16:23  18:12  19:23  34:14  69:7  100:5  111:11  112:12 |
| signature(1) | 99:21 |
| signed(4) | 11:12  40:3  107:18  110:1 |
| significant(5) | 8:11  40:14  81:22  104:13  111:25 |
| signing(3) | 21:13  28:18  69:9 |
| similar(14) | 27:17  39:13  49:8  56:1  70:7  76:2  80:15  86:23  92:2  97:2  97:3  97:15  97:25  98:4 |
| similarly(3) | 71:16  74:13  84:4 |
| simple(1) | 54:21 |
| simply(6) | 17:18  57:16  79:7  84:22  85:2 |
| since(13) | 28:17  29:19  31:8  33:6  33:8  38:3  61:22  62:22  64:25  76:15  79:8  84:25  87:15 |
| single(1) | 103:15 |
| sir(8) | 11:20  11:25  17:2  71:21  73:20  77:24  94:13  112:21 |
| situated(1) | 84:5 |
| situation(5) | 54:16  54:24  79:10  84:19  98:2 |
| situations(1) | 81:12 |
| six(1) | 16:5 |
| size(1) | 25:9 |
| slam(1) | 25:3 |
| slight(1) | 81:21 |
| slightly(1) | 22:4 |
| small(4) | 48:1  58:7  108:4  108:20 |
| smallest(1) | 52:19 |
| smith(1) | 4:26 |
| social(2) | 27:15  38:25 |
| sold(5) | 26:25  27:11  27:13  37:2  38:20  39:5  49:25  89:20  91:1 |
| solely(1) | 9:19 |
| solicit(1) | 34:5 |
| solicitation(4) | 24:16  34:3  39:12  39:16 |
| solus(2) | 5:22  5:22 |
| solutions(4) | 11:17  27:25  70:17  74:14  85:14  88:13 |

| Word | Page:Line |
|---|---|
| some(32) | 8:14  10:25  15:10  17:5  29:16  30:14  30:20  41:11  44:21  46:20  47:25  48:19  51:25  56:22  57:20  57:24  58:23  60:8  60:15  66:3  73:9  84:7  84:7  86:10  88:9  89:8  91:19  92:15  92:21  93:5  97:24  112:25 |
| someone(2) | 19:24  110:25 |
| something(7) | 31:21  52:4  81:11  81:11  84:6  89:10  91:8 |
| sometimes(1) | 68:13 |
| somewhat(1) | 106:20 |
| somewhere(1) | 67:1 |
| songonuga(3) | 3:10  73:22  73:25 |
| sony(2) | 27:7  103:19 |
| soon(2) | 50:14  109:20 |
| sorry(4) | 13:4  16:24  20:16  36:12 |
| sort(3) | 7:10  54:15  89:8 |
| sorts(1) | 27:15 |
| sought(1) | 59:9 |
| sound(3) | 1:51  22:21  113:12 |
| soundair(3) | 105:16  105:17  106:15 |
| sounds(5) | 74:7  84:15  91:16  91:25  92:14 |
| span(2) | 27:13  38:22 |
| speak(5) | 8:19  11:21  18:21  52:25  72:23 |
| speaks(2) | 19:24  53:20 |
| special(1) | 4:32 |
| specific(5) | 56:9  57:3  77:10  93:12  110:16 |
| specifically(15) | 31:24  42:23  43:5  46:16  48:2  62:18  75:21  76:4  76:6  82:22  84:8  90:9  94:8  96:4  110:15 |
| specificity(1) | 82:6 |
| spectrum(1) | 38:22 |
| spell(1) | 53:21 |
| spellbound(1) | 15:18 |
| spells(1) | 91:23 |
| spent(2) | 51:14  89:6 |
| spin(1) | 81:8 |
| splitting(1) | 58:2 |
| spoken(1) | 11:21 |
| sprint(2) | 62:12  62:13 |
| square(3) | 2:14  3:17  5:6 |
| squarely(1) | 53:9 |
| stake(1) | 104:13 |
| stakeholders(1) | 107:13 |
| stalking(30) | 23:21  24:17  24:19  25:11  25:21  28:5  28:10  28:18  29:3  30:6  30:9  30:11  34:19  34:20  38:14  40:2  40:7  48:16  48:20  49:9  55:3  55:8  57:20  68:7  102:8  102:13  103:1  103:2  104:16  106:16 |
| stam(18) | 56:8  58:21  59:6  86:12  86:14  86:18  87:7  87:17  100:15  107:19  108:3  108:6  108:17  108:20  109:4  109:8  109:12  109:14 |
| stam's(1) | 58:23 |
| stand(3) | 32:18  90:19  113:5 |
| standalone(1) | 39:8 |
| standards(7) | 61:14  61:18  62:3  62:8  62:22  64:19  97:5 |
| standing(2) | 26:13  84:18 |
| stanley(2) | 5:18  5:18 |
| stars(1) | 27:1 |
| start(21) | 21:17  22:17  26:7  26:22  54:9  110:25 |
| started(1) | 24:16 |
| starting(3) | 38:10  40:21  41:1 |
| state(3) | 49:2  54:6  90:17 |
| stated(3) | 18:22  104:10  110:18 |
| statement(1) | 106:20 |
| states(8) | 1:1  1:19  26:8  26:15  90:9  90:10  101:18  104:14 |
| statue(1) | 23:24 |
| status(2) | 12:12  12:16 |
| stay(2) | 67:24  111:8 |
| ste(5) | 4:8  4:28  4:36  4:42  5:6 |
| ste.1300(1) | 2:41 |

| Word | Page:Line |
|---|---|
| ste.1500(1) | 3:6 |
| ste.1600(1) | 3:40 |
| steal(1) | 64:15 |
| stealing(1) | 58:23 |
| steen(3) | 1:31  5:38  8:2 |
| steering(1) | 9:21 |
| step(1) | 47:2 |
| stephen(3) | 3:34  4:20  5:23 |
| stick(1) | 98:14 |
| still(5) | 26:13  26:17  77:4  85:1  85:14 |
| stone(1) | 3:15 |
| straight(3) | 46:20  48:17  49:7 |
| strangers(1) | 77:1 |
| strategic(2) | 34:10  34:23 |
| strategica(1) | 38:6 |
| strategy(4) | 32:13  37:23  38:4  101:24 |
| strauss(2) | 6:5  51:3 |
| street(9) | 1:11  1:26  1:45  2:15  2:35  2:47  3:18  4:8  4:14 |
| strict(1) | 92:15 |
| strokes(1) | 74:11 |
| structural(1) | 103:12 |
| structure(10) | 29:18  46:16  47:20  48:15  48:24  49:10  49:14  49:21  51:17  52:4 |
| structured(1) | 49:6 |
| stuffiest(1) | 52:20 |
| sturm(1) | 2:7 |
| style(1) | 26:2 |
| subject(21) | 14:17  28:23  54:10  54:24  55:5  61:20  61:22  67:19  68:8  69:1  78:12  82:7  82:10  85:8  91:1  91:5  91:23  97:8  104:1  107:21  110:2 |
| submission(3) | 22:19  53:16  57:5 |
| submissions(2) | 22:18  100:18 |
| submit(1) | 41:9 |
| submitted(9) | 15:23  17:3  17:4  35:17  41:2  41:16  65:15  102:17  111:13 |
| subparagraph(1) | 57:25 |
| subsequent(2) | 13:18  38:10 |
| subsequently(1) | 41:20 |
| subsidiary(1) | 24:18 |
| substantial(1) | 48:13 |
| substantially(5) | 70:7  97:2  97:3  97:15  95:20  103:13 |
| substantive(2) | 14:2  16:8 |
| successful(15) | 24:8  26:24  29:20  32:2  36:4  38:17  41:18  41:21  41:23  61:21  61:23  95:20  103:13 |
| successfully(1) | 24:10 |
| such(13) | 9:25  14:20  39:9  42:13  43:3  57:11  67:19  90:6  91:12  95:1  95:6  103:8  104:25 |
| suffice(2) | 8:19  59:15 |
| sufficient(6) | 77:8  85:25  94:2  106:5  110:19  111:7 |
| suggest(2) | 10:22  97:10 |
| suggested(1) | 74:16 |
| suggesting(2) | 81:15  81:17 |
| suggestion(3) | 17:18  19:19  107:25 |
| suite(2) | 2:35  3:18 |
| sullivan(1) | 2:39 |
| summary(2) | 30:14  49:18 |
| sun(1) | 23:24 |
| sunday(1) | 65:18 |
| suns(1) | 24:5 |
| supervised(1) | 105:21 |
| supplement(1) | 58:15 |
| supplemental(5) | 20:12  20:13  20:23  40:3 |
| supplementary(1) | 109:11 |
| supplements(2) | 96:25  97:8 |
| supplier(4) | 31:19  75:4  75:13  76:23 |
| suppliers(1) | 81:20 |
| supply(1) | 75:5 |
| support(5) | 32:11  43:24  57:9  101:23  101:25 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **supportive**(2) 51:24 52:8 | | **thank**(101) 7:2 7:24 9:11 9:12 9:14 10:17 | | **that**(301) 54:25 55:1 55:2 55:3 55:4 55:7 | | **the**(301) 1:1 1:2 1:18 1:23 2:4 2:21 2:32 | |

**supportive**(2) 51:24 52:8
**supreme**(1) 107:8
**sure**(12) 44:10 46:11 56:17 56:20 63:23
64:4 65:17 65:22 66:25 72:3 77:23 99:10

**surface**(1) 81:24
**surfaced**(2) 28:17 77:5
**switching**(1) 79:2
**swore**(1) 101:25
**sworn**(1) 101:23
**system**(1) 44:8
**systems**(1) 27:25

**tt** (1) 62:15
**tab**(3) 57:15 58:11 58:24
**table**(1) 53:12
**tackle**(1) 7:12
**tacks**(1) 93:13
**take**(15) 18:7 21:19 53:21 55:5 55:18
57:16 60:24 68:4 83:9 85:18 85:20 87:11
87:21 87:23 106:3

**taken**(6) 13:17 61:15 67:15 69:1 78:12
**taking**(6) 11:11 67:18 68:8 69:2 82:7 85:8
**talk**(3) 28:21 49:15 77:20
**talking**(7) 50:20 78:6 89:7 92:5 92:12
93:12 96:10

**task**(1) 68:19
**tax**(9) 29:16 30:2 47:10 47:18 47:24 48:1
48:3 48:7 111:18

**taxes**(1) 47:24
**tay**(12) 22:21 22:23 52:16 52:17 52:22
52:24 53:2 56:22 59:8 67:15 68:3 100:15

**teams**(1) 42:13
**teaser**(1) 34:12
**technical**(2) 28:16 74:4
**technologies**(1) 86:25
**technology**(4) 14:22 92:8 100:23 103:15
**telecommunication**(1) 38:24
**telephone**(3) 27:14 73:1 73:24
**telephonic**(3) 1:21 5:16 6:1
**telephonically**(1) 72:2
**teleservices**(1) 15:18
**tell**(3) 51:13 82:20 112:8
**tells**(1) 58:21
**telmar**(1) 14:22
**tens**(1) 24:13
**term**(3) 62:3 64:2 93:23
**terminate**(2) 90:3 95:3
**terminated**(1) 30:11
**terms**(28) 25:5 25:5 25:8 31:12 38:13
43:14 47:15 48:18 49:18 50:21 54:21 68:2
70:9 86:20 90:1 91:13 94:23 95:1 95:3
96:5 97:3 97:4 97:16 98:20 102:23 110:14
110:22 111:3

**test**(3) 56:24 59:18 110:21
**testified**(1) 38:8
**testify**(35) 32:11 33:4 33:15 33:21 34:5
34:25 35:7 35:17 35:20 36:3 36:4 36:14
36:20 36:24 37:25 38:11 38:12 39:2 39:9
39:13 39:21 39:25 40:6 40:12 40:19 40:22
41:7 41:14 41:22 42:2 42:7 42:15 42:18
42:25 43:5

**testimony**(6) 32:14 32:17 32:20 33:1 33:18
37:22

**tests**(1) 105:18
**than**(22) 25:22 30:3 31:8 32:17 33:25
38:21 39:6 43:13 47:24 64:8 68:10 68:18
76:20 77:11 80:4 80:21 92:25 97:4 101:10
104:15 111:6 113:3

**thank**(101) 7:2 7:24 9:11 9:12 9:14 10:17
11:15 11:20 11:25 12:10 12:19 12:20
13:22 13:23 16:20 18:13 18:14 19:18
19:19 19:20 19:21 20:1 20:2 21:8 21:9
21:14 21:16 21:21 21:24 22:8 22:25 23:1
23:6 23:11 32:24 37:19 37:21 43:17 44:1
44:17 44:19 45:5 46:2 46:3 46:4 50:22
52:9 52:11 52:15 52:17 59:5 60:2 60:3
60:6 60:9 61:7 65:10 65:11 65:24 66:21
67:11 70:20 71:23 72:1 72:3 72:4 72:7
72:25 74:9 74:10 77:21 77:21 77:25 81:5
81:7 83:23 83:25 85:5 86:6 86:17 87:5
87:22 87:25 88:4 89:5 90:22 94:4 99:5
99:10 100:12 100:14 100:21 109:14 110:5
110:12 111:17 111:24 111:24 112:4 113:4
113:7

**that**(301) 7:8 7:12 7:15 8:13 8:15 8:22
9:3 9:6 9:15 9:16 9:20 9:20 9:22 10:8
10:12 11:6 11:10 11:22 12:5 12:13 12:15
12:15 12:18 13:18 13:20 13:25 14:1 14:3
14:6 14:10 14:12 14:14 14:17 14:19 14:22
14:25 15:3 15:4 15:7 15:8 15:13 15:14
15:16 15:22 16:1 16:6 16:10 17:7 17:18
17:22 17:22 17:23 17:24 18:1 18:6 18:8
18:9 18:11 18:23 18:24 19:1 19:2 19:2
19:3 19:7 19:13 19:14 19:16 20:20 20:24
21:1 21:1 21:16 22:2 22:6 22:12 22:16
22:21 23:12 23:13 23:15 23:19 23:24 24:8
24:17 24:22 25:6 26:1 26:13 26:16 26:17
26:21 26:24 27:8 27:13 27:20 28:6 28:8
28:9 28:14 28:16 28:21 28:22 29:3 29:4
29:6 29:9 29:10 29:11 29:16 29:18 29:18
29:19 29:22 30:4 30:15 30:23 30:25 31:1
31:2 31:2 31:7 31:12 31:14 31:21 31:22
33:13 33:21 33:21 33:23 34:3 34:5 34:7
34:7 34:11 34:13 34:19 34:21 34:21 34:22
35:2 35:7 35:8 35:12 35:17 35:20 35:21
35:24 36:3 36:6 36:11 36:16 36:17 36:20
36:20 36:24 37:3 37:4 37:6 37:7 37:9
37:10 37:15 37:18 38:12 38:20 38:22 39:2
39:5 39:5 39:5 39:6 39:9 39:10 39:14
39:14 39:16 39:21 39:25 40:2 40:6 40:6
40:8 40:12 40:13 40:15 40:17 40:19 40:22
40:22 40:23 40:24 40:25 41:1 41:7 41:9
41:14 41:15 41:16 41:23 42:2 42:4 42:5
42:7 42:9 42:10 42:13 42:15 42:16 42:17
42:18 42:22 42:25 43:2 43:6 43:9 43:11
43:15 44:5 44:6 44:22 45:11 45:20 46:5
46:9 46:15 46:17 46:18 46:23 46:24 46:25
47:5 47:6 47:13 47:14 47:17 47:18 47:22
47:22 48:1 48:5 48:6 48:7 48:13 48:14
48:14 48:19 48:19 48:20 48:23 48:23
48:23 48:24 49:3 49:4 49:4 49:6 49:8
49:11 49:11 49:21 49:21 49:24 50:1 50:7
50:7 50:8 50:9 50:15 51:7 51:11 51:14
51:20 51:21 52:1 52:3 52:3 52:5 52:7
52:9 52:18 52:24 53:1 53:4 53:5 53:8
53:8 53:11 53:13 53:19 53:23 53:23 53:25
54:1 54:4 54:6 54:9 54:11 54:12 54:14
54:17

**that**(63) 104:4 104:5 104:9 104:10 104:14
104:16 104:19 104:21 104:24 105:1 105:3
105:11 105:15 105:24 105:25 106:6 106:12
106:17 106:20 106:22 106:25 107:11
107:13 107:15 107:22 107:24 107:25 108:1
108:14 108:15 108:16 108:18 108:19
108:23 108:25 109:2 109:6 109:12 109:16
109:20 109:22 109:23 109:25 110:6 110:8
110:18 110:21 110:22 110:24 111:3 111:4
111:5 111:6 111:12 111:13 111:14 111:15
111:22 111:24 112:1 112:16 113:3 113:11

**that's**(47) 7:9 7:10 17:23 22:23 29:23
30:18 44:18 45:18 49:8 49:18 50:17 52:4
53:17 54:17 56:5 59:3 59:3 61:6 63:5
64:24 64:24 65:4 65:15 66:17 66:23 70:18
70:24 72:23 76:2 76:13 78:6 80:15 83:4
83:17 88:24 90:12 92:18 92:23 95:14
97:11 97:21 100:3 105:5 108:3 110:10
110:15 113:3

**that**(301) 54:25 55:1 55:2 55:3 55:4 55:7
55:7 55:7 55:9 55:10 55:14 55:14 55:15
55:15 55:16 55:17 55:17 55:18 55:21
55:24 55:25 55:25 56:1 56:2 56:7 56:9
56:11 56:12 56:16 56:25 57:2 57:2 57:5
57:11 57:14 58:1 58:5 58:10 58:11 58:17
58:22 58:24 59:4 59:7 59:15 59:16 59:18
59:21 59:23 60:12 60:19 60:23 61:4 61:10
61:12 61:15 61:17 61:19 61:21 62:5 62:8
64:1 64:6 64:11 64:12 64:14 64:18 64:25
65:13 65:16 65:22 66:16 66:17 67:1 67:7
67:12 67:13 67:13 67:14 67:16 67:21
67:21 67:22 67:23 67:24 67:25 67:25 68:4
68:7 68:13 68:17 68:19 68:20 69:4 69:8
69:15 69:17 69:17 70:2 70:3 70:4 70:5
70:6 70:15 70:16 71:2 71:6 71:8 71:14
71:16 71:23 71:24 71:25 72:17 72:19
74:1 74:12 74:16 74:21 75:1 75:3 75:5
75:7 75:11 75:14 75:16 75:21 76:2 76:2
76:10 76:11 76:14 76:15 76:17 76:19 77:8
77:8 77:14 77:14 77:14 78:2 78:3 78:4
78:8 78:9 78:11 78:12 78:15 78:16 78:21
78:22 79:1 79:13 79:24 80:11 80:12 80:13
80:16 80:22 80:23 81:1 81:8 81:8 81:12
82:4 82:9 82:15 82:16 82:18 82:22 82:23
83:3 83:3 83:15 83:21 84:1 84:4 84:13
84:14 85:1 85:1 85:11 85:12 85:12 85:14
85:23 85:23 86:3 86:3 86:18 86:21 86:24
87:1 87:3 87:6 87:7 87:12 87:14 87:15
87:19 87:21 88:18 88:20 88:21 88:22
88:25 89:8 89:13 89:20 89:21 89:24 90:25
90:4 90:7 90:9 90:10 90:14 90:24 90:25
91:2 91:16 91:17 91:18 91:22 91:23 91:23
92:4 92:20 92:25 93:12 93:14 93:16 93:22
93:25 94:2 94:2 94:5 94:24 94:25 95:2
95:2 95:5 95:6 95:7 95:12 95:19 95:20
95:20 96:3 96:4 96:10 96:15 96:21 97:1
97:3 97:5 97:8 97:10 97:10 97:13 97:16
97:17 97:22 98:4 98:7 98:10 98:21 98:23
99:1 99:8 99:15 99:21 99:24 99:25 99:25
100:1 100:4 100:8 100:15 102:3
103:5 103:6 103:8 103:13 103:21 104:1

**the**(301) 1:1 1:2 1:18 1:23 2:4 2:21 2:32
4:22 7:2 7:5 7:9 7:11 7:14 7:16 7:18 7:20
7:22 7:24 8:1 8:3 8:4 8:6 8:7 8:7 8:8 8:9
8:10 8:11 8:12 8:13 8:15 8:17 8:18 8:19
8:20 8:21 8:21 8:22 8:23 8:23 8:24 8:25
9:1 9:5 9:5 9:7 9:8 9:11 9:12 9:15 9:16
9:17 9:19 9:20 9:22 9:23 9:23 9:24 10:1
10:3 10:3 10:4 10:5 10:7 10:8 10:9 10:9
10:10 10:11 10:12 10:15 10:17 10:20
10:21 11:3 11:4 11:5 11:8 11:11 11:11
11:11 11:12 11:14 11:17 11:19 11:21
11:22 11:25 12:2 12:4 12:7 12:8 12:9
12:12 12:12 12:13 12:16 12:18 12:20
12:22 12:24 12:25 12:34 13:5 13:7
13:8 13:10 13:14 13:15 13:16 13:18 13:18
13:19 13:19 13:22 13:24 13:25 14:3 14:3
14:5 14:6 14:7 14:9 14:11 14:12 14:13
14:13 14:16 14:17 14:17 14:18 14:19
14:21 14:22 14:24 14:24 15:2 15:4 15:6
15:11 15:16 15:21 15:23 15:25 16:1 16:2
16:3 16:4 16:6 16:10 16:10 16:14 16:17
16:20 16:23 17:2 17:4 17:5 17:6 17:11
17:14 17:14 17:16 17:20 17:23 17:24 18:3
18:5 18:7 18:11 18:12 18:15 18:17 18:18
18:21 18:22 19:1 19:4 19:8 19:9 19:11
19:12 19:14 19:15 19:18 19:21 19:23
19:23 20:2 20:5 20:6 20:7 20:9 20:10
20:12 20:13 20:15 20:16 20:18 20:18
20:20 20:22 20:23 21:2 21:2 21:3 21:5
21:6 21:8 21:12 21:13 21:15 21:15 21:16
21:17 21:18 21:18 21:20 21:23 21:24 22:4
22:8 22:11 22:12 22:13 22:14 22:15 22:16
22:17 22:20 22:24 23:1 23:4 23:6 23:7
23:8 23:12 23:13 23:14 23:14 23:14 23:15
23:20 23:21 23:24 23:24 24:2 24:3 24:5
24:6 24:7 24:9 24:11 24:11 24:13 24:15
24:15 24:17 24:17 24:21 24:24 25:1 25:2
25:4 25:5 25:6 25:8 25:9 25:10 25:10
25:11 25:12 25:13 25:15 25:16 25:18
25:20 25:21 25:22 25:22 25:23 25:24
25:25 26:2 26:2 26:2 26:4 26:7 26:8 26:9
26:9 26:10 26:11 26:12

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**the**(301) 26:12 26:14 26:15 26:16 26:18 26:20 26:21 26:24 26:24 26:25 27:3 27:5 27:5 27:8 27:9 27:10 27:11 27:16 27:17 27:19 27:19 27:19 27:20 27:21 27:23 27:23 28:2 28:4 28:5 28:8 28:8 28:9 28:11 28:11 28:13 28:14 28:14 28:15 28:17 28:18 28:19 28:21 28:21 28:22 28:22 28:23 28:25 29:2 29:4 29:4 29:6 29:6 29:7 29:7 29:8 29:11 29:11 29:12 29:12 29:12 29:12 29:13 29:13 29:13 29:14 29:15 29:16 29:17 29:19 29:19 29:19 29:20 29:21 29:22 29:23 29:24 29:25 30:1 30:2 30:2 30:3 30:5 30:8 30:9 30:10 30:10 30:11 30:14 30:14 30:14 30:15 30:15 30:16 30:17 30:18 30:19 30:19 30:20 30:22 30:23 30:24 30:24 30:25 31:1 31:1 31:5 31:5 31:12 31:12 31:13 31:15 31:15 31:16 31:19 31:20 31:21 32:1 32:1 32:1 32:2 32:2 32:4 32:5 32:9 32:10 32:12 32:13 32:15 32:16 32:18 32:19 32:20 32:22 32:25 32:25 33:1 33:2 33:3 33:3 33:4 33:5 33:8 33:8 33:10 33:13 33:13 33:16 33:17 33:18 33:22 33:23 33:23 33:24 33:25 34:3 34:4 34:5 34:6 34:9 34:12 34:15 34:15 34:17 34:18 34:18 34:15 34:20 34:23 35:3 35:6 35:7 35:8 35:9 35:11 35:11 35:12 35:13 35:14 35:14 35:15 35:18 35:19 35:20 35:21 35:22 35:22 35:23 35:24 35:25 36: 36:1 36:3 36:4 36:5 36:7 36:7 36:7 36:8 36:9 36:10 36:10 36:13 36:14 36:14 36:15 36:17 36:17 36:18 36:25 36:25 36:25 37:1 37:2 37:4 37:5 37:7 37:7 37:8 37:9 37:10 37:11 37:14 37:17 37:20 37:22 37:23 37:24 37:25 38:1 38:2 38:4 38:4 38:5 38:9 38:9 38:9 38:10 38:12 38:12 38:13 38:13 38:13 38:14 38:14 38:15 38:16 38:16 38:16 38:17 38:19 38:20 38:22 38:23 38:24 39:2 39:3 39:3 39:5 39:6 39:8 39:10 39:10 39:11 39:11 39:12 39:14 39:15 39:16 39:20 39:21 39:22 39:23 39:24 40:1 40:2 40:4 40:6 40:7 40:9 40:10 40:13 40:14 40:14 40:15 40:15 40:16 40:21 40:23 40:24 40:25 41:4 41:5 41:6 41:7 41:8 41:11 41:13

**the**(301) 41:14 41:15 41:16 41:17 41:18 41:19 41:20 41:20 41:21 41:22 41:23 41:24 41:24 41:25 41:25 42:2 42:3 42:4 42:4 42:5 42:8 42:8 42:9 42:10 42:10 42:11 42:12 42:12 42:13 42:16 42:17 42:19 42:19 42:21 42:23 42:24 42:25 43:2 43:2 43:4 43:7 43:8 43:8 43:9 43:9 43:13 43:13 43:15 43:17 43:20 43:23 44:2 44:2 44:4 44:7 44:7 44:8 44:9 44:11 44:13 44:15 44:18 44:18 44:19 44:20 44:22 44:23 44:24 44:25 45:3 45:5 45:7 45:10 45:10 45:11 45:12 45:13 45:15 45:16 45:17 45:19 45:21 45:23 45:23 45:24 45:25 46:2 46:4 46:5 46:7 46:8 46:8 46:9 46:11 46:12 46:13 46:14 46:16 46:16 46:16 46:18 46:19 46:20 46:22 46:23 46:24 46:25 47:1 47:2 47:3 47:6 47:6 47:7 47:7 47:9 47:12 47:14 47:17 47:19 47:19 47:20 47:21 47:23 47:24 47:24 48:4 48:5 48:8 48:8 48:9 48:10 48:11 48:12 48:12 48:13 48:14 48:14 48:16 48:16 48:17 48:18 48:18 48:19 48:20 48:21 48:21 48:22 48:23 48:25 48:25 48:25 49:2 49:3 49:4 49:4 49:4 49:5 49:5 49:7 49:7 49:8 49:11 49:11 49:12 49:13 49:14 49:18 49:20 49:23 49:24 49:25 50:1 50:2 50:3 50:3 50:3 50:4 50:5 50:5 50:6 50:8 50:9 50:10 50:15 50:17 50:18 50:19 50:22 51:3 51:5 51:6 51:7 51:8 51:8 51:10 51:11 51:12 51:15 51:19 51:19 51:19 51:20 51:20 51:21 51:23 51:24 51:24 51:25 52:1 52:2 52:3 52:6 52:7 52:11 52:13 52:14 52:18 52:19 52:19 52:22 52:25 53:2 53:2 53:3 53:4 53:5 53:7 53:8 53:10 53:11 53:12 53:18 53:20 54:1 54:2 54:3 54:4 54:5 54:6 54:9 54:10 54:10 54:13 54:13 54:15 54:19 54:23 54:24 54:24 54:25 54:25 55: 55:2 55:3 55:4 55:7 55:9 55:9 55:12 55:14 55:15 55:15 55:19 55:19 55:20 55:23 56:2 56:6 56:7 56:9 56:10 56:13 56:13 56:14 56:15 56:20 56:20 56:24 57:2 57:3 57:3 57:8 57:9 57:9 57:10 57:11 57:12 57:12 57:13 57:14 57:17 57:17 57:20 57:20 57:21 57:21 58:1 58:2 58:3

**the**(301) 58:4 58:5 58:9 58:9 58:11 58:14 58:14 58:16 58:16 58:17 58:9 59:12 59:15 59:14 59:16 59:17 59:18 59:20 59:21 59:21 59:22 59:22 59:23 59:24 59:25 60:9 60:11 60:13 60:16 60:19 60:21 60:23 60:23 61:1 61:3 61:9 61:11 61:13 61:13 61:14 61:14 61:15 61:17 61:17 61:19 61:19 61:20 61:21 61:22 61:23 61:23 61:23 61:25 61:25 62:1 62:1 62:2 62:3 62:3 62:4 62:6 62:7 62:8 62:10 62:16 62:17 62:19 62:20 62:21 62:21 62:21 62:22 62:23 62:23 62:25 63:2 63:2 63:5 63:6 63:7 63:10 63:14 63:19 63:23 63:24 63:24 63:25 64:1 64:2 64:2 64:3 64:4 64:5 64:8 64:9 64:10 64:10 64:10 64:11 64:12 64:13 64:19 64:23 65:6 65:9 65:11 65:13 65:17 65:19 65:22 65:24 66:2 66:2 66:5 66:6 66:7 66:7 66:9 66:10 66:11 66:11 66:13 66:16 66:17 66:19 66:21 66:22 66:24 67:2 67:4 67:5 67:7 67:8 67:10 67:10 67:10 67:12 67:12 67:12 67:16 67:16 67:18 67:20 67:24 67:24 67:25 67:25 68:1 68:1 68:2 68:3 68:6 68:7 68:8 68:8 68:8 68:13 68:16 68:20 68:20 68:24 68:28 68:25 69:1 69:1 69:4 69:6 69:6 69:7 69:8 69:8 69:9 69:9 69:10 69:10 69:11 69:13 69:14 69:15 69:16 70:5 70:6 70:13 70:14 70:15 70:20 70:24 71:4 71:7 71:9 71:9 71:10 71:11 71:12 71:13 71:17 71:19 71:21 71:24 71:25 72:3 72:6 72:8 72:9 72:11 72:15 72:16 72:19 72:21 72:25 73:1 73:3 73:4 73:5 73:7 73:8 73:11 73:13 73:13 73:15 73:16 73:19 73:25 74:3 74:3 74:6 74:8 74:10 74:14 74:14 74:17 74:19 74:21 74:21 75:2 75:9 75:13 75:14 75:15 75:16 75:18 75:18 75:24 75:25 76:3 76:5 76:8 76:12 76:15 76:16 76:16 76:16 76:18 77:5 77:6 77:7 77:10 77:11 77:13 77:13 77:14 77:14 77:18 77:19 77:21 77:24 78:2 78:3 78:4 78:7 78:11 78:12 78:16 78:18 78:21 78:21 78:23 78:25 79:2 79:4 79:6 79:7 79:10 79:13 79:13 79:14 79:17 79:18 79:22

**the**(301) 79:23 79:24 80:2 80:2 80:4 80:5 80:6 80:20 80:22 80:22 80:25 81:1 81:3 81:6 81:9 81:11 81:16 81:17 81:18 81:20 82:1 82:2 82:4 82:4 82:5 82:8 82:8 82:11 82:15 82:15 82:17 82:24 83:1 83:2 83:6 83:8 83:8 83:11 83:12 83:14 83:17 83:17 83:19 83:20 83:20 83:21 83:22 83:23 84:1 84:3 84:4 84:5 84:5 84:6 84:8 84:17 84:21 84:22 84:22 84:25 85:1 85:7 85:7 85:10 85:12 85:13 85:15 85:16 85:18 85:20 85:21 85:22 85:23 85:24 86:3 86:4 86:7 86:8 86:15 86:15 86:16 86:18 86:19 86:20 86:21 86:22 86:23 86:24 87:1 87:3 87:8 87:9 87:13 87:18 87:19 87:19 87:20 87:23 87:24 88:3 88:4 88:6 88:7 88:10 88:12 88:12 88:14 88:16 88:17 88:17 88:19 88:19 88:21 88:22 88:25 89:2 89:4 89:6 89:7 89:11 89:13 89:14 89:17 89:20 89:20 89:22 89:23 89:24 89:25 90:1 90:4 90:7 90:8 90:8 90:12 90:16 90:21 90:22 90:24 90:25 91:1 91:2 91:3 91:4 91:5 91:5 91:7 91:8 91:11 91:13 91:13 91:14 91:16 91:18 91:19 91:20 91:22 91:22 91:23 91:24 91:24 91:25 92:5 92:7 92:9 92:10 92:11 92:13 92:16 92:19 92:20 92:22 93:5 93:7 93:7 93:10 93:13 93:15 93:16 93:17 93:19 93:20 93:21 93:23 93:23 93:24 93:25 94:1 94:3 94:5 94:6 94:6 94:13 94:16 94:17 94:20 94:22 94:22 94:23 94:24 94:25 95:1 95:3 95:4 95:5 95:7 95:7 95:9 95:10 95:11 95:15 95:16 95:17 95:17 95:19 95:19 95:23 95:24 96:1 96:1 96:2 96:4 96:5 96:6 96:7 96:7 96:8 96:9 96:10 96:12 96:12 96:13 96:16 96:17 96:17 96:21 97:4 97:4 97:5 97:6 97:6 97:11 97:13 97:16 97:19 97:20 97:22 98:1 98:3 98:7 98:9 98:11 98:15 98:16 98:18 98:19 98:20 98:21 98:22 98:25 99:1 99:3 99:7 99:10 99:11 99:14 99:15 99:17 99:17 99:18 99:20 99:20 99:21 99:21 99:23 99:25 99:25 100:1 100:2 100:3 100:7 100:11 100:13 100:15 100:16 100:20 100:25 101:1 101:2 101:4 101:5 101:5 101:6 101:6 101:7 101:8 101:8 101:9 101:13

| Word | Page:Line |
|---|---|
| **the**(265) | 101:14 101:17 101:18 101:19 101:20 101:22 101:22 101:24 101:25 102: 102:1 102:2 102:2 102:3 102:4 102:5 102:6 102:8 102:12 102:13 102:14 102:14 102:14 102:15 102:17 102:18 102:18 102:19 102:19 102:20 102:20 102:20 102:22 102:22 102:23 102:24 102:24 102:25 102:25 103:1 103:1 103:2 103:3 103:5 103:5 103:6 103:6 103:7 103:7 103:13 103:13 103:16 103:17 103:17 103:21 103:22 103:24 103:25 104:1 104:5 104:5 104:5 104:6 104:7 104:8 104:8 104:9 104:9 104:10 104:12 104:13 104:14 104:15 104:17 104:17 104:18 104:18 104:18 104:19 104:19 104:19 104:20 104:21 104:22 104:22 104:24 104:24 104:25 105:1 105:1 105:2 105:2 105:2 105:3 105:3 105:3 105:4 105:5 105:5 105:6 105:6 105:7 105:7 105:8 105:9 105:10 105:12 105:12 105:13 105:14 105:15 105:15 105:17 105:18 105:19 105:20 105:25 105:25 106:1 106:2 106:3 106:6 106:6 106:7 106:7 106:8 106:8 106:9 106:10 106:11 106:11 106:12 106:1 106:13 106:14 106:15 106:16 106:16 106:17 106:17 106:18 106:19 106:19 106:22 106:23 106:24 106:25 107:1 107:1 107:2 107:2 107:3 107:5 107:6 107:6 107:8 107:8 107:9 107:10 107:10 107:11 107:12 107:13 107:13 107:14 107:15 107:17 107:18 107:19 107:20 107:23 107:24 107:24 107:25 108:1 108:1 108:6 108:6 108:7 108:8 108:8 108:10 108:10 108:12 108:13 108:20 108:21 108:22 108:24 109:1 109:1 109:2 109:5 109:6 109:7 109:11 109:17 109:17 109:18 109:19 109:19 109:20 109:21 109:22 109:22 109:23 109:25 110:3 110:5 110:9 110:11 110:14 110:14 110:14 110:15 110:16 110:17 110:17 110:18 110:19 110:20 110:21 110:22 110:23 110:25 111:2 111:2 111:2 111:5 111:9 111:4 111:5 111:6 111:8 111:10 111:10 111:11 111:12 111:13 111:15 111:18 111:18 111:20 111:21 111:23 111:25 112: 112:3 112:5 112:8 112:12 112:14 112:18 112:20 112:22 112:23 113:1 113:4 113:8 113:11 113:12 113:12 113:13 |
| **their**(47) | 8:19 9:21 14:19 20:15 24:11 25:9 26:10 27:6 31:5 31:13 32:14 32:17 35:9 35:11 36:1 36:9 36:9 40:16 43:3 43:11 47:25 50:1 50:9 52:6 62:9 67:14 69:18 69:19 71:6 71:11 71:15 74:24 75:17 76:20 76:21 81:24 82:13 84:10 84:12 84:12 87:16 92:4 92:16 97:7 99:3 104:6 |
| **them**(46) | 10:15 17:19 17:19 30:20 32:18 34:1 35:23 40:9 48:2 48:3 48:10 48:19 49:17 52:5 55:23 57:23 57:24 60:17 62:19 63:17 64:20 65:13 68:14 69:24 71:14 74:21 75:14 77:7 77:20 81:21 82:16 82:17 82:18 83:2 83:3 83:4 83:5 83:7 83:18 85:1 86:19 89:8 92:21 97:13 |
| **themselves**(3) | 42:13 45:18 78:16 |
| **then**(31) | 18:12 19:16 20:16 21:20 22:20 26:9 26:19 29:10 32:23 34:6 34:21 46:12 56:22 58:6 60:24 62:5 63:1 64:3 65:14 66:22 71:2 74:20 76:10 77:6 78:13 81:13 87:11 89:2 94:11 109:11 110:22 |
| **there**(99) | 7:11 8:14 10:23 13:4 15:9 15:22 16:8 19:2 22:15 22:18 22:18 23:10 23:22 24:3 25:2 26:12 27:12 27:17 31:7 31:8 39:14 39:25 40:24 41:1 41:3 42:9 42:15 44:21 46:18 47:18 47:23 48:6 50:15 50:15 50:16 50:16 51:17 54:14 55:3 57:5 55:8 57:4 61:2 61:16 62:5 62:18 64:18 64:22 65:2 65:3 65:21 66:7 66:25 69:5 70:18 72:19 73:5 73:10 74:7 74:13 74:18 75:1 75:7 76:14 76:14 79:22 79:22 81:9 82:10 82:11 84:5 85:13 85:25 86:14 86:23 87:18 92:3 94:9 94:10 94:19 96:1 97:18 97:19 99:24 106:11 108:21 109:10 109:15 111:6 111:8 112:5 112:18 |
| **there's**(28) | 7:7 28:10 28:25 28:25 29:3 30:6 30:13 32:8 32:18 44:12 44:22 45:20 46:7 46:24 47:5 53:10 53:13 58:5 60:14 60:22 65:4 66:19 62:23 72:20 81:19 91:6 92:6 112:22 |
| **therefore**(5) | 59:23 68:18 79:3 79:5 80:13 |
| **thereto**(3) | 62:18 96:25 97:8 |
| **these**(28) | 7:13 16:7 18:5 21:10 22:10 26:1 28:14 43:14 51:16 51:18 51:21 52:3 53:3 54:2 54:7 55:25 56:23 60:8 68:11 75:13 76:19 80:14 81:23 83:10 84:3 84:7 87:15 89:18 |
| **they**(99) | 15:19 16:14 21:1 27:8 31:10 34:22 41:9 41:9 41:10 42:13 43:9 47:1 48:1 48:7 48:7 48:8 54:22 55:12 55:18 56:7 67:13 67:18 68:19 68:20 69:19 69:21 69:23 70:4 71:5 72:13 72:23 75:5 75:6 75:6 75:7 76:19 76:21 76:22 76:23 76:25 77:1 77:2 77:3 77:4 77:6 77:9 77:10 77:11 78:8 78:9 78:9 78:13 78:14 78:22 78:24 80:14 80:24 80:25 80:25 81:17 81:19 82:3 82:3 82:4 82:5 82:12 82:13 82:16 83:2 83:11 83:13 83:18 84:9 84:10 84:13 85:3 85:24 86:20 86:23 87:4 88:15 88:18 89:25 90:7 90:10 94:24 95:19 95:19 103:23 110:25 111:14 |
| **they'll**(1) | 66:23 |
| **they're**(25) | 26:12 28:1 28:6 31:9 31:11 56:20 69:10 70:3 72:19 75:5 76:23 76:24 76:25 77:2 77:3 77:6 79:1 80:17 81:16 82:7 84:16 85:8 89:21 90:17 94:11 |
| **they've**(8) | 28:15 31:9 33:11 77:5 86:22 105:10 111:1 111:3 |
| **thing**(6) | 55:9 55:14 63:23 68:7 73:3 87:17 |
| **things**(7) | 15 18:22 24:21 27:15 35:4 47:22 55:6 55:25 56:13 58:7 65:2 69:19 76:19 85:18 96:9 |
| **think**(81) | 11:2 12:5 12:13 18:9 19:1 21:18 22:5 22:14 25:2 26:1 30:13 31:9 50:13 53:15 56:10 56:11 56:23 56:24 58:6 60:22 61:8 62:17 63:11 63:23 64:1 64:9 66:24 70:18 72:16 72:20 73:22 74:5 74:21 74:24 75:19 78:1 78:4 79:18 80:1 80:9 81:7 81:8 84:9 84:18 84:21 85:6 85:19 85:21 85:23 86:9 87:11 87:13 87:13 89:13 90:13 92:3 92:8 92:14 92:24 93:6 93:13 93:15 93:25 94:2 96:3 96:21 97:17 98:25 108:10 109: 109:4 110:7 110:24 111:14 112:22 |
| **third**(6) | 3:29 47:21 49:11 54:16 54:25 55:14 |
| **this**(122) | 8:10 8:16 9:4 10:12 10:12 11:6 15:15 16:2 16:3 16:5 16:7 16:9 16:10 16:16 16:25 17:19 18:12 18:18 20:14 22:12 22:14 22:19 23:20 24:9 24:20 24:21 25:5 25:6 26:3 27:19 29:2 29:2 29:13 30:8 30:12 31:17 31:18 32:11 33:7 38:8 39:22 40:1 46:18 46:25 47:9 47:13 48:13 48:15 48:16 49:9 49:13 49:16 49:20 49:21 50:11 50:24 51:4 51:22 52:8 52:19 53:8 53:9 53:13 53:16 53:25 55:13 56:11 56:21 57:5 59:9 59:23 60:4 63:22 63:22 66:2 66:9 69:16 71:7 73:9 73:18 73:23 74:5 78:13 78:14 79:10 80:6 81:8 81:10 81:11 82:5 83:20 84:16 84:23 85:9 85:19 85:25 86:9 87:24 89:15 90:5 90:20 90:25 91:3 92:18 93:2 98:17 98:19 99:11 100:25 101:16 102:5 103:5 105:12 105:22 105:24 106:19 107:7 107:15 107:22 111:25 112:2 |
| **thomas**(30) | 3:4 13:25 14:2 74:22 74:22 75:4 76:9 76:15 77:17 78:18 78:20 78:22 78:25 79:1 79:6 79:11 79:12 79:15 79:16 79:19 79:21 80:3 80:19 80:20 80:23 81:1 81:14 85:1 85:21 86:1 |
| **those**(92) | 14:16 15:10 15:17 15:18 16:8 16:12 16:14 19:13 19:15 19:17 20:7 20:17 20:19 24:10 31:3 31:22 34:15 35:2 40:20 41:11 42:25 43:12 48:3 55:11 56:5 56:19 59:15 59:16 61:20 61:25 62:5 62:8 62:11 64:25 67:24 68:9 68:9 68:19 69:2 69:2 70:2 70:7 70:12 70:22 72:17 72:18 72:22 72:22 73:1 73:12 74:15 74:20 75:10 75:11 75:15 75:25 76:8 78:8 78:11 79:9 79:15 80:18 80:21 80:24 84:11 86:2 86:4 87:1 87:3 87:16 89:22 89:24 90:1 90:2 90:13 90:15 90:18 91:12 93:16 94:23 95:7 95:4 95:4 96:5 96:9 97:2 109:2 109:5 109:12 110:8 111:9 |
| **though**(2) | 48:20 49:10 |
| **thought**(3) | 12:11 24:20 34:22 |
| **thousand**(1) | 84:19 |
| **thousands**(1) | 24:13 |
| **three**(9) | 15:15 15:16 55:6 77:1 80:23 83:3 86:24 87:3 106:8 |
| **through**(25) | 16:12 26:8 26:16 27:8 30:5 30:19 31:9 39:6 45:16 45:17 45:17 57:13 57:16 57:23 60:19 61:9 75:17 78:14 80:13 80:16 80:25 81:10 89:8 94:1 102:15 |
| **throughout**(5) | 25:23 36:13 36:14 42:21 79:25 |
| **thunder**(2) | 58:24 64:15 |
| **tiffany**(2) | 5:31 18:18 |
| **time**(32) | 10:12 18:20 20:14 23:6 24:9 29:19 30:4 31:17 38:6 39:7 46:10 50:11 51:6 51:10 51:14 53:2 57:5 60:15 60:23 61:22 74:21 77:11 80:20 81:11 82:4 82:1 83:16 85:19 86:1 86:9 89:7 105:15 |
| **timely**(4) | 81:1 84:20 84:21 102:17 |
| **times**(3) | 36:15 82:17 106:16 |
| **timing**(3) | 21:18 21:20 47:16 |
| **timothy**(1) | 4:27 |
| **tinker**(1) | 2:33 |
| **title**(1) | 101:8 |
| **tnn**(1) | 18:19 |
| **today**(34) | 7:11 8:14 11:19 13:10 13:19 15:17 17:19 17:22 23:7 23:15 26:7 26:23 32:10 33:4 49:15 54:4 56:16 56:18 57:22 72:18 81:17 87:4 89:14 89:25 93:1 93:10 94:25 98:8 98:22 100:15 112:5 112:23 113:3 |
| **today's**(1) | 16:4 |
| **together**(2) | 51:6 56:14 |
| **told**(5) | 23:23 25:6 45:20 67:23 75:19 |
| **too**(3) | 12:4 70:7 88:18 |
| **top**(1) | 91:6 |
| **toronto**(1) | 22:10 |
| **total**(5) | 25:22 29:14 30:2 41:3 49:4 |
| **totally**(1) | 100:16 |
| **touch**(1) | 38:24 |
| **towards**(7) | 29:9 29:23 47:6 48:2 48:21 48:22 109:20 |
| **town**(1) | 24:23 |
| **tracked**(1) | 91:20 |
| **tracks**(1) | 16:11 |
| **transaction**(24) | 30:12 36:18 36:19 37:1 47:15 47:23 49:1 49:6 51:5 52:8 53:17 58:5 58:12 58:18 59:22 59:25 90:5 104:17 105:2 105:5 105:8 105:13 107:24 108:1 |
| **transactions**(1) | 101:1 |
| **transcript**(3) | 1:17 1:52 113:12 |
| **transcription**(2) | 1:44 1:52 |
| **transfer**(2) | 24:14 71:12 |
| **transfers**(1) | 13:13 |
| **transition**(1) | 24:11 |
| **transitioned**(1) | 24:10 |
| **transpired**(2) | 35:21 40:24 |
| **treated**(1) | 56:3 |
| **treatment**(1) | 57:3 |
| **truly**(2) | 51:4 51:12 |
| **trump**(1) | 86:4 |
| **trust**(5) | 8:7 87:15 105:16 105:18 106:15 |
| **trustee**(3) | 2:32 2:32 6:24 |
| **try**(9) | 61:12 73:9 89:15 89:16 92:17 93:1 93:2 93:17 95:12 |
| **trying**(7) | 54:15 69:10 80:7 83:5 89:7 91:17 92:16 |
| **tsa's**(1) | 24:11 |
| **tunnell**(2) | 1:23 19:10 |
| **turn**(9) | 26:9 26:19 46:5 50:9 50:22 72:8 89:3 90:20 110:2 |
| **turned**(1) | 56:7 |
| **turner**(2) | 5:30 18:19 |
| **turnover**(3) | 8:6 8:17 10:6 |
| **tweaks**(1) | 45:22 |
| **tweed**(1) | 2:25 |
| **two**(32) | 3:17 23:20 24:4 26:13 27:19 32:10 44:8 45:21 47:22 49:14 54:14 59:10 60:23 63:4 69:19 72:13 74:15 76:16 76:20 79:23 80:23 81:15 85:13 86:8 88:12 88:15 89:11 93:14 94:19 96:9 106:7 108:3 |
| **type**(1) | 68:18 |
| **types**(2) | 38:23 54:14 |
| **u.s**(18) | 2:32 2:32 7:5 7:13 21:17 26:2 27:23 30:19 31:13 38:21 43:7 44:7 44:11 44:18 47:19 56:7 57:2 62:4 |
| **ultimately**(7) | 24:17 27:9 35:17 40:4 51:19 78:4 78:19 |
| **um-hum**(1) | 25:24 |
| **unable**(1) | 89:9 |
| **unaffected**(1) | 77:5 |
| **unaware**(1) | 17:17 |
| **uncertain**(1) | 91:6 |
| **unchallenged**(1) | 106:12 |
| **unchanged**(1) | 31:13 |
| **uncomfortable**(1) | 91:7 |
| **under**(28) | 15:23 19:4 29:24 30:18 34:18 42:24 46:17 55:7 71:13 75:23 79:7 80:24 80:25 85:24 86:2 89:21 90:1 91:9 94:3 94:22 95:1 99:3 110:23 111:4 111:7 111:12 111:14 111:16 |
| **underlying**(2) | 10:6 10:9 |

| Word | Page:Line |
|------|-----------|

understand(21) 7:8 9:2 18:6 25:6 45:19 49:19 54:9 54:12 55:6 67:8 70:14 74:6 79:6 81:3 83:15 85:10 93:19 98:13 98:16 98:24 99:14

understandable(1) 48:11

understanding(8) 15:3 47:9 53:19 54:6 71:16 72:23 75:3 109:6

understated(1) 106:21

undertaken(1) 104:5

undertaking(1) 55:15

undertook(1) 54:5

unfairness(1) 106:11

unfortunately(2) 56:14 90:18

unimpaired(1) 69:1

unintentionally(1) 58:24

united(5) 1:1 1:19 26:8 26:15 101:18

units(1) 39:3

unknown(4) 78:5 78:13 78:15 88:24

unless(10) 11:21 16:13 116:18 22:15 32:18 44:12 50:10 57:1 60:1 109:10

unreasonably(1) 14:19

unsecured(2) 6:5 104:7

until(5) 19:5 50:8 76:1 112:8 112:17

updated(2) 28:14 28:15

upon(5) 12:8 103:9 103:23 110:17 111:4

usa(1) 20:15

use(16) 10:10 25:1 26:2 27:14 47:25 48:3 48:8 48:8 49:12 61:12 68:16 69:10 79:18 89:20 91:12 94:21

used(4) 52:4 62:4 92:9 93:23

useful(1) 105:11

user(1) 54:22

using(1) 68:1

utilize(1) 91:11

vacation(1) 23:10

valid(3) 82:13 89:25 94:24

validated(1) 51:22

value(18) 23:14 26:4 31:5 33:23 33:24 35:24 36:25 37:2 39:11 41:25 43:12 51:9 51:13 51:17 56:15 104:9 104:22 106:24

vanek(19) 1:37 12:15 12:21 12:23 13:1 13:3 13:15 13:16 13:18 13:15 13:24 14:6 14:10 15:7 16:1 16:16 16:18 19:6 20:1

variations(1) 16:12

various(6) 57:3 61:18 91:2 92:16 99:14 102:9

verbatim(1) 96:23

verizon(5) 6:9 62:15 70:16 81:21 84:6

version(6) 45:10 45:11 45:12 65:16 87:19 99:17

very(19) 10:21 10:25 10:25 11:19 18:24 20:1 22:25 25:3 44:16 51:4 51:4 52:22 54:20 61:6 70:20 78:1 92:15 93:20 109:16

vesting(3) 101:7 107:3 107:20

via(1) 73:24

victoria(2) 6:21 6:21

videoconference(1) 101:17

view(7) 42:20 59:16 77:7 104:19 105:1 105:10 106:17

vigorous(2) 36:15 42:6

voice(1) 38:23

volumes(1) 59:10

voluntarily(1) 31:3

vorys(2) 5:30 18:18

waivable(1) 50:18

walk(4) 16:12 26:16 45:16 45:17

walking(1) 30:19

want(14) 19:2 23:5 44:10 50:23 57:24 64:1 64:14 65:3 66:2 75:22 76:11 82:19 83:13 90:4

wanted(13) 9:14 18:25 30:20 31:11 45:22 50:8 58:9 59:3 63:23 66:25 67:14 98:24 98:24

wants(6) 66:1 83:8 84:24 85:8 85:8 90:17

was(106) 7:12 12:13 17:17 23:11 23:24 24:16 24:20 24:22 25:13 26:24 28:9 29:2 30:15 31:8 31:14 34:9 34:11 34:12 35:4 35:20 36:4 37:6 38:15 38:16 39:23 39:25 40:2 40:9 40:13 40:16 40:17 40:21 40:22 41:1 41:3 41:5 41:17 41:19 42:5 42:11 42:15 42:16 44:16 49:6 49:9 50:2 50:3 51:14 51:15 51:17 51:21 51:22 53:12 53:14 53:19 53:22 54:1 54:5 55:3 55:5 55:7 61:15 61:15 62:5 64:5 66:25 68:4 69:5 69:5 69:20 71:6 71:14 73:4 80:10 80:13 82:15 85:12 87:12 87:19 88:13 91:9 91:17 91:25 92:3 92:9 94:8 95:4 95:7 96:1 96:3 96:13 98:12 98:12 101:16 101:19 102:11 102:19 104:8 104:11 108:9 109:23 110:19 111:18 112:5 112:12 113:8 113:8

wasn't(1) 88:12

water(1) 111:1

waterfall(1) 84:19

watrous(2) 6:29 6:29

way(15) 11:22 12:7 15:1 17:23 31:14 33:8 38:10 39:10 50:3 51:21 53:14 55:1 58:15 87:14 101:16

we'd(5) 12:11 23:13 91:22 93:5 109:2

we'll(27) 17:19 19:16 23:19 25:1 26:15 26:19 28:22 30:4 31:22 32:25 46:9 53:5 53:23 64:6 65:22 66:9 66:10 66:14 73:14 74:7 74:16 74:20 85:20 86:7 86:8 87:10

we're(52) 7:6 7:13 11:6 11:10 17:14 17:21 18:11 19:14 20:5 23:15 23:17 25:2 25:3 26:10 26:22 26:23 30:25 31:2 31:4 48:15 50:20 52:22 54:15 56:9 56:16 56:18 56:22 64:9 66:8 72:16 72:17 74:4 74:11 75:20 78:1 78:6 79:2 80:7 82:25 83:1 83:5 83:5 85:12 88:7 89:15 92:5 92:11 92:15 93:1 94:11 97:21 100:8

we've(32) 16:2 16:9 24:4 24:10 24:12 25:2 25:21 26:10 28:15 28:16 31:20 32:9 55:23 55:24 56:1 56:7 56:11 56:14 67:23 70:19 71:2 71:8 74:20 75:19 80:9 82:17 84:3 90:24 92:19 93:3 93:9 93:10

week(3) 61:8 81:15 82:19

weekend(1) 58:14

weeks(1) 81:16

weight(1) 85:1

weil(2) 3:22 6:13

weiss(3) 4:18 5:42 5:42

weitnauer(1) 2:45

welcome(4) 13:7 74:19 75:20 85:17

well(47) 9:25 10:5 11:13 11:19 11:20 12:4 15:1 17:25 23:10 28:7 33:19 38:5 38:24 39:1 44:15 49:25 50:5 50:14 52:22 53:24 53:25 61:5 62:14 67:16 70:20 70:25 71:2 71:15 72:22 74:23 80:17 85:20 95:9 96:25 97:7 97:24 98:6 98:25 103:3 107:1 110:1 110:17 111:6 111:24 112:2 112:20

werb(2) 2:39 2:40

were(90) 10:21 10:22 16:14 19:14 23:20 25:18 30:1 32:7 34:16 35:12 35:15 35:24 36:13 36:15 36:16 37:4 39:14 39:22 41:1 41:4 41:9 41:10 41:20 42:3 42:9 42:10 47:12 51:6 54:11 54:13 54:14 55:4 55:19 55:19 55:22 56:3 61:14 61:16 62:11 63:8 64:18 64:21 64:22 65:17 67:13 69:20 69:21 69:23 72:13 75:7 75:10 76:8 76:19 78:9 81:23 81:24 82:3 82:4 82:13 83:21 84:25 85:13 85:23 86:4 86:19 86:22 86:21 86:23 86:24 88:16 89:9 90:18 91:1 91:17 91:21 94:9 94:10 94:19 95:19 102:12 102:16 104:20 105:18 108:21 109: 110:8 110:11 111:13

west(1) 2:47

wharton(2) 4:18 5:42

what(83) 7:12 7:19 9:15 22:15 26:6 26:22 27:22 28:21 28:23 32:7 32:16 43:7 43:10 43:11 44:23 45:8 45:15 46:6 46:22 49:15 51:6 51:15 51:25 53:8 53:11 53:21 54:19 54:21 55:23 56:6 56:10 59:3 60:19 62:17 62:25 63:2 63:11 67:13 67:21 68:10 69:18 69:19 69:20 71:5 74:25 75:1 75:11 75:15 75:19 76:10 77:13 78:6 78:23 80:2 80:9 80:13 80:16 82:5 82:7 82:9 82:15 83:17 85:8 91:2 91:7 91:8 91:17 92:25 93:14 94:2 94:16 96:7 96:21 97:17 97:21 98:7 98:8 98:9 98:12 109:9 110:10 110:22

whatever(9) 31:4 76:11 80:24 85:19 89:16 90:14 93:12 93:18 99:2

whatever's(1) 56:8

whatsoever(1) 48:25

when(16) 23:11 28:21 34:21 45:17 50:13 50:16 56:13 56:15 66:5 68:15 79:14 80:4 83:10 87:6 91:6 112:12

where(17) 22:19 25:18 26:10 26:16 30:24 41:3 54:16 61:14 78:8 79:6 79:10 79:22 84:19 84:22 85:12 90:19 107:21

whereupon(1) 113:8

wherever(1) 49:16

whether(12) 19:3 35:23 51:16 55:22 56:20 64:4 77:4 83:13 96:25 105:13 106:5 106:11

which(56) 9:9 12:14 14:14 17:4 18:24 23:18 24:16 25:20 31:8 34:9 41:17 41:20 45:12 45:13 45:15 47:1 48:4 51:10 54:13 54:20 55:16 57:15 57:18 57:25 57:25 58:5 60:1 62:2 66:11 68:20 71:6 74:22 78:15 82:12 86:20 91:19 91:20 91:21 93:16 93:21 93:23 94:8 95:13 102:6 102:12 102:22 106:9 107:4 107:9 107:12 108:9 108:24 110:20 111:19

while(10) 25:25 29:9 32:14 40:12 45:23 61:3 71:15 72:18 73:14 83:15

whitney(2) 3:38 63:21

who(16) 15:19 34:8 34:22 35:2 41:12 55:17 61:24 62:15 65:25 78:4 80:9 80:18 81:22 84:7 98:18 110:3

who's(5) 28:3 32:11 32:13 33:1 93:10

whoever(1) 49:16

whole(1) 55:4

why(7) 18:7 45:19 75:8 79:12 80:20 87:23 108:19

will(63) 7:8 11:7 11:21 12:15 13:24 14:15 14:19 15:16 15:20 15:22 18:12 22:6 26:7 27:22 29:6 37:17 46:17 46:24 46:25 49:16 49:25 53:23 54:3 55:2 55:12 55:16 55:19 56:1 56:3 56:8 58:22 59:6 63:2 68:3 72:14 73:10 73:11 80:16 86:1 86:4 87:11 87:16 87:25 88:5 89:19 90:3 91:11 94:5 94:17 94:21 95:4 100:1 102:20 103:7 103:8 103:23 108:15 109:6 109:12 109:25 110:3 112:2 113:5

willing(1) 32:10

willkie(1) 6:25

wilmington(14) 1:12 1:28 2:16 2:36 2:42 3:7 3:36 3:41 4:9 4:29 4:37 4:43 7:1 22:10

winding(1) 24:11

winning(1) 102:17

wireless(2) 27:14 38:23

wish(16) 12:1 12:9 21:9 22:16 37:11 43:18 67:4 70:21 71:17 72:23 72:25 86:12 87:6 89:18 90:21 108:14

wishes(1) 57:5

with(223) 7:7 7:21 8:10 8:17 8:21 9:16 9:24 11:10 12:1 12:12 14:2 14:7 14:24 15:13 15:23 16:1 16:11 16:21 17:15 17:19 18:18 19:3 19:3 19:12 20:11 20:14 20:17 20:20 20:23 20:25 21:3 21:6 21:10 21:20 22:10 22:11 22:13 22:15 22:17 22:20 22:21 23:4 23:15 24:16 25:3 25:18 25:19 26:8 26:22 27:1 27:9 29:11 29:21 30:3 30:11 32:3 33:4 33:16 33:18 33:23 34:3 34:7 34:8 35:6 35:19 35:21 35:25 36:8 36:10 37:3 37:8 37:25 38:9 38:14 38:19 39:12 39:20 39:21 39:24 40:9 40:10 40:10 40:23 41:1 41:5 41:6 41:12 41:16 41:18 41:20 41:21 42:3 42:5 42:8 42:24 43:5 43:13 43:15 44:20 45:18 46:14 46:15 46:19 47:3 47:5 47:22 50:5 50:7 50:9 51:15 51:18 51:25 52:7 53:14 53:15 53:23 54:8 54:9 54:15 54:23 55:6 55:12 56:5 56:6 56:7 56:8 56:9 56:9 56:25 56:25 57:3 59:1 59:18 59:25 61:24 62:5 62:8 62:15 63:4 63:21 65:15 67:21 67:24 68:2 68:13 69:5 69:11 69:18 70:5 70:6 71:16 71:24 72:9 72:12 73:13 74:14 74:15 75:13 76:20 76:21 77:9 77:16 78:5 78:19 79:9 80:1 80:22 81:23 82:1 82:12 82:22 82:24 83:6 83:10 84:13 84:15 85:1 85:11 85:18 87:5 88:11 88:17 90:9 90:13 91:7 91:13 92:16 92:16 92:20 93:11 93:23 93:24 95:3 96:4 96:18 97:2 97:16 98:14 98:18 98:8 99:9 100:4 100:7 100:16 101:6 101:19 102:2 102:13 104:8 104:11 104:13 104:20 106:13 106:14 107:20 108:21 109:1 109:7 110:20 112:24 112:25

withdrawn(4) 31:9 71:15 72:18 87:2

withering(1) 43:8

withhold(1) 14:19

within(6) 56:24 68:17 68:20 82:13 83:2 104:2

without(4) 30:19 43:12 51:9 76:9

witness(1) 53:4

won't(5) 12:4 57:23 59:15 68:6 85:9

wonderful(1) 88:25

word(2) 91:24 92:9

words(3) 86:13 87:15 98:7

work(9) 17:19 27:1 38:7 56:13 73:12 74:12 92:16 92:16 93:2

worked(1) 61:24

working(4) 35:25 74:4 106:11 109:19

works(1) 9:2

worldwide(1) 26:5

worse(5) 25:15 78:20 79:16 80:3 80:21

worthwhile(1) 8:16

| Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|

**would**(111) 7:19  8:13  8:15  8:22  9:1  9:9  
10:10  10:12  10:15  11:10  13:16  14:12  
15:14  16:19  17:18  17:22  18:8  19:6  22:17  
22:18  22:20  32:17  33:15  33:20  33:24  34:4  
34:9  34:25  35:7  35:16  35:19  36:3  36:6  
36:8  36:11  36:18  36:20  36:24  37:3  37:9  
37:22  38:12  38:20  39:2  39:9  39:13  39:21  
39:25  40:6  40:12  40:19  40:22  41:7  41:14  
41:22  42:2  42:7  42:14  42:15  42:17  42:25  
43:2  43:5  43:11  43:12  43:15  44:6  44:11  
44:23  47:22  48:1  48:4  50:12  50:24  51:16  
52:8  53:3  54:6  61:4  61:20  61:22  64:18  
64:21  68:19  71:5  73:21  76:4  76:5  77:10  
79:15  80:2  80:4  80:24  81:16  84:1  84:9  
84:12  84:13  85:21  87:17  88:20  94:15  
95:13  95:20  96:11  96:12  105:11  105:16  
108:14  109:10  110:11  

**wound**(1) 27:9  
**wow**(2) 25:23  51:5  
**write**(1) 108:17  
**writing**(3) 89:9  89:10  90:19  
**written**(3) 41:2  67:1  108:11  
**www.diazdata.com**(1) 1:48  
**yeah**(6) 19:6  64:16  66:8  66:9  67:11  92:22  
**year**(3) 16:7  24:17  52:19  
**years**(4) 23:20  24:4  76:16  84:23  
**yes**(55) 8:4  9:11  9:17  10:4  13:14  14:9  
15:6  15:25  16:17  17:2  18:17  19:21  20:9  
23:16  24:24  25:12  28:4  30:17  32:5  33:10  
44:4  44:9  44:25  45:3  45:19  52:2  58:13  
60:9  60:13  60:13  61:11  65:12  71:4  71:21  
72:6  72:15  72:15  73:7  73:19  73:19  74:17  
83:1  88:8  88:11  94:13  94:13  94:13  94:20  
95:11  100:11  108:5  110:7  111:20  112:21  
113:1  
**yet**(6) 8:12  15:11  15:19  79:12  80:20  95:21  
**yielded**(1) 57:11  
**york**(8) 1:39  2:9  2:22  2:28  3:25  3:30  4:23  
4:40:25  

**you**(235) 7:2  7:24  8:5  9:10  9:11  9:12  9:14  
10:17  10:18  11:15  11:18  11:19  11:20  
11:25  12:9  12:10  12:19  12:20  12:24  13:22  
13:22  13:23  15:13  16:12  16:20  17:11  
17:24  18:4  18:8  18:13  18:14  19:18  19:19  
19:20  19:21  20:1  20:2  21:8  21:8  21:9  
21:14  21:16  21:21  21:25  22:4  22:8  22:25  
22:25  23:1  23:6  23:11  23:23  23:24  26:6  
26:16  27:1  31:12  32:22  32:24  33:17  37:19  
37:21  43:17  44:1  44:17  44:19  45:5  46:2  
46:3  46:4  50:7  50:8  50:13  50:22  51:13  
51:25  52:10  52:11  52:14  52:15  52:17  
52:25  53:8  53:25  54:2  55:2  57:1  57:16  
58:18  58:19  58:21  58:22  58:23  59:5  59:10  
60:1  60:1  60:2  60:3  60:6  60:9  60:16  
60:17  61:4  61:7  63:10  63:11  65:1  65:10  
65:11  65:24  66:2  66:5  66:10  66:21  67:11  
68:23  70:4  70:9  70:10  70:10  70:20  72:1  
72:3  72:4  72:6  72:7  72:13  72:25  73:20  
74:9  74:10  74:25  75:5  75:7  75:10  75:12  
75:19  75:21  75:22  75:24  76:5  76:19  76:24  
77:21  77:21  77:25  79:2  79:3  79:4  79:5  
79:8  79:9  79:25  80:1  80:7  80:15  81:5  
81:7  81:8  81:8  81:12  81:18  81:20  82:1  
82:19  82:19  82:21  83:3  83:23  83:25  84:4  
84:16  84:18  84:19  85:5  85:11  85:19  86:1  
86:4  86:6  86:10  86:12  86:15  86:17  87:5  
87:6  87:22  88:1  88:4  89:5  90:21  90:22  
91:1  93:7  93:18  93:22  94:4  94:15  94:15  
95:23  96:10  98:13  99:5  99:7  99:11  99:19  
100:12  100:14  100:21  100:21  107:19  
107:22  107:22  108:14  108:18  108:19  109:4  
109:14  110:5  110:6  110:12  110:13  111:17  
111:23  111:24  111:24  112:4  112:8  112:12  
112:17  112:18  113:4  113:6  113:7  

**you'd**(2) 76:2  108:18  
**you'll**(8) 11:3  18:6  23:22  24:6  34:19  
53:15  65:7  87:24  

**you're**(8) 13:7  23:17  65:13  68:24  75:20  
85:17  108:11  109:9  

**you've**(9) 53:18  56:12  80:16  88:9  92:17  
93:21  93:23  100:18  108:15  

**your**(178) 7:4  7:6  7:10  7:12  7:17  7:19  8:1  
8:5  9:9  9:14  10:14  10:19  11:9  11:15  
11:16  12:10  12:11  12:14  12:16  12:21  13:5  
13:10  13:17  13:24  14:21  15:21  16:2  16:11  
16:18  17:9  17:13  17:14  17:17  18:10  18:13  
18:14  18:16  19:9  19:20  20:1  20:4  21:14  
22:2  22:21  23:3  23:6  24:21  26:6  30:21  
32:24  37:21  44:1  44:17  45:6  45:8  45:18  
46:13  50:7  50:10  51:1  51:4  51:5  51:11  
51:23  52:7  52:10  56:24  57:7  57:10  57:13  
57:16  57:18  57:24  58:12  58:24  59:3  59:8  
59:20  60:2  60:7  60:14  61:7  61:9  62:17  
63:1  63:8  63:12  63:16  63:20  64:15  65:14  
67:11  68:25  70:9  71:19  72:2  72:4  72:12  
72:23  73:3  73:6  74:1  74:9  74:15  74:18  
75:21  77:25  78:18  79:3  81:3  81:5  81:7  
83:16  83:25  85:5  85:6  86:6  86:10  86:14  
87:6  87:17  88:11  88:24  89:1  89:5  89:6  
89:10  89:13  89:18  89:19  90:4  90:13  90:16  
90:20  90:24  92:2  92:12  92:17  92:21  93:1  
93:6  93:8  93:9  93:19  94:4  94:11  95:10  
95:22  95:24  96:2  96:3  96:19  96:22  97:11  
97:21  98:6  98:14  99:5  99:6  99:8  99:13  
99:16  100:4  100:10  100:19  108:3  108:20  
108:21  109:14  109:16  111:17  111:18  112:4  
112:11  112:17  112:22  113:2  113:7