# EXHIBIT B

MEMORANDUM OF AGREEMENT made and entered into on the 24th day of February, 1987,

BY AND BETWEEN:

>NORTHERN TELECOM LIMITED, a body corporate organized and existing under the laws of Canada, with its executive offices situate at 33 City Centre Drive, Mississauga, Ontario,
>
>(hereinafter referred to as "Northern Telecom")

AND:

>EDMUND B. FITZGERALD, Executive, of 3434 Woodmont Boulevard, Nashville, Tennessee
>
>(hereinafter referred to as the "Officer")

WHEREAS the Officer has served Northern Telecom in various capacities for many years; and

WHEREAS Northern Telecom desires to provide for the Officer, in recognition of the significant contribution he has made and is expected to make to Northern Telecom's growth and profitability, a supplementary pension as hereinafter provided.

NOW, THEREFORE, THE PARTIES AGREE AS FOLLOWS:

1. Northern Telecom, in recognition of the Officer's contribution to Northern Telecom as above-described, shall pay to the Officer upon and after, but not before, his retirement (as hereinafter defined), a supplementary pension as hereinafter provided (the "Supplementary Pension").

    The Supplementary Pension shall be in addition to any benefit or pension to which the Officer may, in the future, become entitled to receive under any plan of, or other agreement between the Officer and, Northern Telecom or any of its subsidiaries including, in particular, the Memorandum of Agreement entered into between Northern Telecom and the Officer dated January 19, 1984.

SEP-01-2009 09:43        WOODMONT ASSOCIATES              615 383 5227    P.08

Page 2

2. "Retirement" or "retires" for the purposes of this Agreement shall mean retirement from Northern Telecom on the attainment of the full age of sixty-five (65) years or at any other time recognized as retirement, including early retirement, under the Northern Telecom Managerial and Non-Negotiated Pension Plan.

3. The Supplementary Pension referred to in paragraph 1 shall be as follows:

    (a) if the Officer retires on attaining the full age of sixty-five (65) years, the Supplementary Pension shall be U.S.$1,417 per month for life guaranteed fifteen (15) years commencing on the first day of the month following retirement; or

    (b) if the Officer retires before or after having attained the full age of sixty-five (65) years, the amount of the Supplementary Pension referred to in subparagraph (a) above shall be actuarially adjusted to take into account such earlier or later retirement.

4. In the event of the death of the Officer during employment, Northern Telecom shall pay as a death benefit to the Officer's surviving spouse, if the Officer dies leaving a spouse, or otherwise to the estate of the Officer, a lump sum amount equal to the actuarial equivalent of the Supplementary Pension referred to in subparagraph 3(a) hereof computed as if the Officer had retired at the date of death.

5. Northern Telecom may, in its absolute discretion, upon the written request of the Officer or if the Officer is not then living, the person entitled to receive the Supplementary Pension as herein provided, effect payment of the Supplementary Pension on a basis other than for life guaranteed fifteen (15) years, including a joint survivor basis or as a lump sum payment, and, in such event, the amount of the Supplementary Pension referred to in subparagraph 3(a) hereof shall be actuarially adjusted.

6. All actuarial calculations to be made hereunder shall be made by an actuary selected by Northern Telecom using such assumptions as to interest rates, mortality and other factors as, in such actuary's opinion, are appropriate in the circumstances, the intention of the parties being that any such calculations shall be made in accordance with generally accepted actuarial practice at the time such calculations are made.

SEP-01-2009 09:43        WOODMONT ASSOCIATES                    615 383 5227   P.09

Page 3

7. The parties recognize that the Supplementary Pension provided herein shall not constitute a charge against the Northern Telecom Managerial and Non-Negotiated Pension Plan or the pension plans of any of its subsidiaries.

8. Neither this Agreement nor the right to receive the payments provided herein shall be assignable or transferable without the prior written approval of Northern Telecom.

   IN WITNESS WHEREOF, the parties hereto have signed and executed this Agreement on the date first above written.

                          NORTHERN TELECOM LIMITED

                    Per: _____
                          Paul F. O'Brien, Director
                          and Chairman of the Management
                          Resources and Compensation
                          Committee of the Board of
                          Directors

                    Per: _____
                          Clive V. Allen
                          Senior Vice President
                          and General Counsel


                          EDMUND B. FITZGERALD
                          _____