IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Nortel Networks Inc., et al.,[1] | Bankr. Case. No. 09-10138 (KG) |
| Debtors. | (Jointly Administered) |
| | Dkt. Ref. No. |

## ORDER GRANTING
## MOTION OF EDMUND B. FITZGERALD FOR
## RELIEF FROM THE AUTOMATIC STAY

WHEREAS Edmund B. Fitzgerald ("Mr. Fitzgerald"), an individual, filed a Motion seeking relief from the automatic stay imposed by 11 U.S.C. § 362(a) (the "Stay Relief Motion"), so that he might commence an action in the CCAA proceedings of Nortel Networks Limited ("Nortel Canada") in the Superior Court of Justice, Ontario, Canada to declare rights with respect to a certain Annuity (as described in the Stay Relief Motion); and

WHEREAS, this Court has jurisdiction to consider the Stay Relief Motion, the Stay Relief Motion is a core matter, venue is proper, and notice of the Stay Relief Motion, as limited by this Court, was proper and sufficient and no further notice is required; and

WHEREAS, this Court has considered the Stay Relief Motion, all responses in opposition to the Stay Relief Motion, if any, and considered all arguments of counsel, if any; and

---

[1] In addition to Nortel Networks Inc. ("NNI"), the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("NN CALA"). Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://dm.epiq11.com/nortel.

3564026/1

WHEREAS, this Court believes that the relief requested by Mr. Fitzgerald is reasonable and appropriate and that the Motion should be granted;

IT IS HEREBY ORDERED this _____ day of _____, 2011 as follows:

1. The Motion is Granted as provided herein;

2. The automatic stay imposed by 11 U.S.C. § 362(d) is hereby modified, effective immediately, to permit Mr. Fitzgerald to commence any appropriate action(s) in the CCAA Proceedings to declare his rights with respect to the Annuity and prosecute any such action(s) to a final, non-appealable judgment or settlement, and take all actions necessary, and as permitted by the Canadian Court, to do so. The automatic stay is further modified, effective immediately, to permit recovery of any benefits under the Annuity, as and when permitted by any award granted by the Canadian Court or as approved and permitted by any settlement as applicable.

3. The ten (10) day stay of this Order prescribed by Fed. R. Bankr. P. 4001(a)(3) is waived, and this Order is effective and enforceable immediately upon entry.

_____
The Honorable Kevin Gross
Chief United States Bankruptcy Judge

3564026/1