# **EXHIBIT H**

**(Verified Chapter 15 Petitions re EMEA Debtors Other than NNUK)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ X
: 
In re: : Chapter 15
: 
NORTEL NETWORKS UK LIMITED, et al.,[1] : Case No. 09-11972 (KG)
: 
Debtors in a Foreign Proceeding. : (Joint Administration Pending)
: 
------------------------------------------------------------------ X

**VERIFIED CHAPTER 15 PETITIONS FOR RECOGNITION OF FOREIGN
PROCEEDINGS AND RELATED RELIEF WITH RESPECT TO THE EMEA DEBTORS**

The court-appointed administrators and authorized foreign representatives (collectively, the "Administrators")[2] for Nortel Networks UK Limited ("NNUK") and certain of its affiliates (collectively, the "EMEA Debtors" and together with NNUK, the "Debtors") located in the region known as EMEA (Europe, Middle East, and Africa) in proceedings (the "English Proceedings") under the *Insolvency Act 1986* (the "English Insolvency Act"), pending before the High Court of Justice of England and Wales (the "English Court"), have commenced these chapter 15 cases ancillary to the English Proceedings and respectfully submit the *Verified Chapter 15 Petitions for Recognition of Foreign Proceedings and Related Relief With Respect to the EMEA Debtors* with the documentation required (collectively, the "Chapter 15 Petitions") by §§ 1504 and 1515 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy

---

[1] The Debtors in these cases are: Nortel Networks UK Limited; Nortel GmbH; Nortel Networks (Austria) GmbH; Nortel Networks (Ireland) Limited; Nortel Networks AB; Nortel Networks B.V.; Nortel Networks Engineering Service Kft; Nortel Networks France S.A.S.; Nortel Networks Hispania, S.A.; Nortel Networks International Finance & Holding B.V; Nortel Networks N.V.; Nortel Networks OY; Nortel Networks Polska Sp. z. o.o.; Nortel Networks Portugal S.A.; Nortel Networks Romania SRL; Nortel Networks S.A.; Nortel Networks S.p.A.; Nortel Networks Slovensko, s.r.o.; Nortel Networks, s.r.o. The mailing address for each Debtor is: Ernst & Young LLP, Attn: Nortel Administrators, 1 More London Place, London, SE1 2AF.

[2] The Administrators in the English Proceedings for all of the Debtors, with the exception of Nortel Networks (Ireland) Limited are: Alan Robert Bloom, Christopher John Wilkinson Hill, Alan Michael Hudson, and Stephen John Harris. The Administrators in the English Proceedings for Nortel Networks (Ireland) Limited are: Alan Robert Bloom and David Martin Hughes.

Code"), seeking entry of an order (the "Recognition Order") with respect to the EMEA Debtors: (i) recognizing the English Proceedings as "foreign main proceedings" under § 1517 of the Bankruptcy Code; (ii) enforcing the initial orders of the English Court, dated January 14, 2009 (as may be amended or extended from time to time by the English Court, collectively, the "Initial Orders") in the United States; and (iii) granting such other and further relief as this Court deems just and proper. In support of the Verified Petitions, the Administrators respectfully state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and § 1501 of the Bankruptcy Code. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(P). Venue in this district is proper pursuant to 28 U.S.C. § 1410(3).

2. The statutory predicates for the relief requested herein are §§ 105, 1504, 1507, 1515, 1517, 1520, and 1521 of the Bankruptcy Code.

## BACKGROUND

3. Nortel Networks Corporation ("NNC" and together with its affiliates and subsidiaries, "Nortel" or the "Nortel Companies") is the direct or indirect parent of 142 subsidiaries operating worldwide, including (i) Nortel Networks Limited ("NNL"), the primary Canadian operating company and holding company for most of the global subsidiaries; (ii) Nortel Networks Inc. ("NNI"), the primary U.S. operating company; and (iii) NNUK, the primary operating company for the EMEA region.

4. Nortel is a global supplier of networking solutions, *i.e.* computer networks, telecommunications, and software, and provides hardware and software solutions and related services to customers in North America, Europe, the Middle East, Africa, Latin America,

and Asia. The global headquarters and principal executive offices of the Nortel Companies are located in Toronto, Ontario, Canada.

5. With NNC's headquarters in Toronto serving as the global headquarters, the Nortel Companies, including the EMEA Debtors, operate in a highly integrated manner globally and the individual Nortel entities are interdependent. In particular, Nortel employs a complex internal purchasing system for its hardware and software products and the Nortel Companies engage in frequent intercompany trading. The resulting large number of intercompany receivables and payables necessitates transfer payment and intercompany settlement methods, including a suite of agreements governing transfer pricing and intercompany trading.

6. Due to the highly competitive nature of the telecommunications industry in which the Nortel Companies operate and several years of consolidated net loss, the Nortel Companies attempted to restructure the business.

7. The attempted restructuring was unsuccessful and, consequently, on January 14, 2009, insolvency proceedings were commenced by: (i) NNC and certain of its direct and indirect Canadian subsidiaries, including NNL (collectively, the "Canadian Companies"), in the Ontario Superior Court of Justice (Commercial List) (the "Ontario Court"); (ii) NNI and certain of its direct and indirect U.S. subsidiaries (collectively, the "U.S. Companies") in this Court[3] under chapter 11 of the Bankruptcy Code; and (iii) NNUK and the EMEA Debtors in the English Court.

8. On the same day, the English Court issued the Initial Orders, *inter alia*, (i) appointing the Administrators of the EMEA Debtors; (ii) imposing the moratorium that stays

---

[3]   *In re Nortel Networks Inc., et al.*, Case No. 09-10138 (Bankr. D. Del. Jan. 14, 2009).

the commencement of legal processes, including lawsuits, against each of the EMEA Debtors and its property; and (iii) authorizing the Administrators to commence these cases under chapter 15 of the Bankruptcy Code ("Chapter 15") and seek relief in the United States consistent with the relief granted under the Initial Orders.

9. On May 28, 2009, at the request of the Administrators, the Commercial Court of Versailles, France ordered the commencement of secondary proceedings with respect to Nortel Networks S.A. ("NNSA"), one of the EMEA Debtors. The English Proceedings remain the main proceedings with respect to NNSA.

10. On June 8, 2009, NNUK filed a petition in this Court for recognition of its English Proceedings under Chapter 15. On June 26, 2009, this Court entered an order granting recognition and relief in aid of the respective English Proceedings [D.I. 36]. Chapter 15 proceedings for the Canadian Companies also are pending before this Court.[4]

11. Significant progress has been made on the restructuring of the Nortel Companies, including the EMEA Debtors. At the heart of the restructuring, however, are issues regarding the allocation of the sale proceeds of the various business divestures and the settlement of intercompany claims.

12. One or more of the EMEA Debtors was a direct party to sale transactions regarding the following businesses: (i) Enterprise Solutions; (ii) Metro Ethernet Networks (MEN); (iii) Carrier VOIP and Applications Solutions (CVAS); (iv) GSM-GSM-R. One or more of the EMEA Debtors was an indirect party to sale transactions regarding the following businesses: (i) Layer 4-7 and (ii) CDMA. One or more of the EMEA Debtors is a party to the

---

[4] *In re Nortel Networks Corp., et al.*, Case No. 09-10164 (Bankr. D. Del. Jan. 14, 2009).

YCST01:10003112.3

4

068476.1001

pending sale transaction of the Multiserve Switch business, which is anticipated to close by January 2011.

13. Pursuant to the escrow agreements for each of the business dispositions (the "Escrow Agreements") and the Interim Funding and Settlement Agreement ("IFSA"), the proceeds of the global sale transactions have been placed into escrow until the allocation of proceeds between the individual Nortel Companies is determined. The money held in the escrow account cannot be distributed unless: (i) the parties agree to distribute the funds or (ii) in the case where the parties fail to reach an agreement, a determination of the allocation by the relevant dispute resolvers is made. The mechanism of allocating sale proceeds between Nortel Companies currently is a key restructuring issue and it is likely that any allocation process will need to be sanctioned by this Court, the Ontario Court, and the English Court.

14. As noted above, insolvency proceedings for the U.S. Companies, the Canadian Companies, and NNUK are pending before this Court. The Administrators seek Chapter 15 recognition for the EMEA Debtors to: (i) promote full cooperation between the Nortel Companies and the various courts in which their insolvency proceedings are pending; (ii) protect the EMEA Debtors' assets and interests in the United States; and (iii) ensure that the comprehensive cross-border restructuring of the Nortel Companies progresses in an orderly and efficient way. Due to the highly interdependent nature of the Nortel Companies, an orderly restructuring is crucial to avoid the threat of disrupted operations and intercompany trading and the resulting loss in value for all interested parties that could result if there are chaotic, piecemeal or competing insolvency proceedings.

## RELIEF REQUESTED

15. By these Chapter 15 Petitions, the Administrators seek entry of the Recognition Order, after notice and a hearing, granting the following relief:

a. recognition of the English Proceedings as "foreign main proceedings," pursuant to § 1517(b)(1) of the Bankruptcy Code;

b. enforcement of the Initial Orders (or such further order of the English Court as may then be appropriate) in the United States, pursuant to §§ 105(a), 1507, 1520, and 1521 of the Bankruptcy Code;

c. all relief afforded foreign main proceedings automatically upon recognition, pursuant to § 1520 of the Bankruptcy Code, including without limitation, imposition of the automatic stay;

d. such other and further relief as is appropriate under the circumstances, pursuant to §§ 105(a) and 1507 of the Bankruptcy Code.

## BASIS FOR THE RELIEF REQUESTED

16. For the reasons set forth herein, and in the *Memorandum of Law in Support of Verified Chapter 15 Petitions for Recognition of Foreign Proceedings and Related Relief With Respect to the EMEA Debtors* (the "Memorandum of Law"), the English Proceedings are entitled to recognition under § 1517 of the Bankruptcy Code because:

a. the English Proceedings are (i) foreign proceedings within the meaning of § 101(23) of the Bankruptcy Code and (ii) foreign main proceedings within the meaning of § 1502(4) of the Bankruptcy Code, because the English Proceedings are pending in the EMEA Debtors' center of main interests;

b. the Administrators are foreign representatives within the meaning of § 101(24) of the Bankruptcy Code; and

c. the Chapter 15 Petitions meet the requirements of § 1515 of the Bankruptcy Code.

17. In addition, the requested relief is consistent with the goals of Chapter 15 of the Bankruptcy Code. The Administrators submit that granting the relief sought herein will aid the English Proceedings, assure the best opportunity for the EMEA Debtors to conduct an orderly reorganization of their financial affairs in cooperation with the efforts of the Canadian and U.S. Companies, and maximize enterprise value for the benefit of all parties-in-interest. *See*

11 U.S.C. § 1501(a)(3) (including as an objective of Chapter 15 the fair and efficient administration of cross-border insolvencies).

18. Moreover, recognizing the English Proceedings would not be manifestly contrary to the public policy of the United States, as prohibited by § 1506 of the Bankruptcy Code. In fact, granting recognition will promote the public policy respecting foreign proceedings as articulated in, *inter alia*, §§ 1501(a) and 1508 of the Bankruptcy Code. Thus, the conditions for mandatory recognition of the English Proceedings under § 1517 of the Bankruptcy Code have been satisfied.

19. The English Proceedings and the facts of these Chapter 15 cases also support the Administrators' request for additional assistance in the form of enforcement by this Court of the Initial Orders of the English Court to the extent such relief is not automatically afforded by § 1520 of the Bankruptcy Code. Indeed, proceedings under the English Insolvency Act uniformly have been found to meet the requirements for additional assistance set forth in § 1507 of the Bankruptcy Code, including: (i) just treatment of all holders of claims against or interests in the debtor's property; (ii) protection of claimholders in the United States against prejudice and inconvenience in the processing of claims in such foreign proceeding; (iii) prevention of preferential or fraudulent dispositions of property of the debtor; and (iv) distribution of proceeds of the debtor's property substantially in accordance with the order prescribed by this title. *See* 11 U.S.C. §§ 1507(b)(1)–(4). Accordingly, granting additional assistance to the Administrators to aid the English Proceedings is warranted and justified.

## CONCLUSION

WHEREFORE, the Administrators respectfully request that this Court grant the Chapter 15 Petitions and the relief requested therein and enter the Recognition Order, after notice and a hearing, in substantially the form attached hereto as <u>Exhibit A</u>.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>October 20, 2010 | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>_/s/ James L. Patton_<br>James L. Patton (No. 2202)<br>Edwin J. Harron (No. 3396)<br>Jaime N. Luton (No. 4936)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 571–6600<br>Facsimile: (302) 571–1253<br><br>- and -<br><br>**HUGHES HUBBARD & REED LLP**<br>Michael Luskin<br>Derek J.T. Adler<br>One Battery Park Plaza<br>New York, New York 10004<br>Telephone: (212) 837–6000<br>Facsimile: (212) 422–4726<br><br>_Counsel for the Administrators_ |

## VERIFICATION

I, ALAN ROBERT BLOOM, under penalty of perjury, pursuant to 28 U.S.C. § 1746, declare:

Christopher John Wilkinson Hill, Alan Michael Hudson, Stephen John Harris, and I are the administrators and authorized foreign representatives appointed by the High Court of Justice of England and Wales (the "English Court") for of each of the EMEA Debtors, with the exception of Nortel Networks (Ireland) Limited. David Martin Hughes and I are the administrators and authorized foreign representatives appointed by the English Court for Nortel (Ireland) Limited. I have full authority to verify the foregoing *Verified Chapter 15 Petitions for Recognition of Foreign Proceedings and Related Relief With Respect to the EMEA Debtors* (the "Verified Petitions"). I have read the foregoing Verified Petition and am informed and do believe the allegations contained therein are true and correct to the best of my knowledge, information, and belief. I also have relied on Exhibits I and II attached to my declaration, dated October 18, 2010 and am informed and do believe the allegations contained therein are true and correct to the best of my knowledge, information, and belief.

Executed the 18th day of October 2010.

_____
Alan Robert Bloom
In his capacity as Administrator for the EMEA Debtors

# EXHIBIT A

## (Proposed Recognition Order)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------- X
                                                           :
In re:                                                     :  Chapter 15
                                                           :
NORTEL NETWORKS UK LIMITED, et al.,[1]                     :  Case No. 09-11972 (KG)
                                                           :
    Debtors in a Foreign Proceeding.                       :  (Jointly Administered)
                                                           :
                                                           :  RE: Docket No. ____
                                                           :
------------------------------------------------------------------------- X

## ORDER GRANTING RECOGNITION OF FOREIGN PROCEEDINGS AND RELATED RELIEF WITH RESPECT TO THE EMEA DEBTORS

Upon consideration of the petitions under chapter 15 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), filed by the court-appointed administrators and authorized foreign representatives (collectively, the "Administrators")[2] for Nortel Networks UK Limited ("NNUK") and certain of its affiliates (collectively, the "EMEA Debtors" and together with NNUK, the "Debtors") located in the region known as EMEA (Europe, Middle East, and Africa) in proceedings (the "English Proceedings") under the *Insolvency Act 1986* (the "English Insolvency Act"), pending before the High Court of Justice of England and Wales (the "English Court"), and the *Verified Chapter 15 Petitions for Recognition of Foreign Proceedings and Related Relief With Respect to the EMEA Debtors* (collectively, the "Chapter 15 Petitions") commencing the above-captioned cases

---

[1] The Debtors in these cases are: Nortel Networks UK Limited; Nortel GmbH; Nortel Networks (Austria) GmbH; Nortel Networks (Ireland) Limited; Nortel Networks AB; Nortel Networks B.V.; Nortel Networks Engineering Service Kft; Nortel Networks France S.A.S.; Nortel Networks Hispania, S.A.; Nortel Networks International Finance & Holding B.V; Nortel Networks N.V.; Nortel Networks OY; Nortel Networks Polska Sp. z. o.o.; Nortel Networks Portugal S.A.; Nortel Networks Romania SRL; Nortel Networks S.A.; Nortel Networks S.p.A.; Nortel Networks Slovensko, s.r.o.; Nortel Networks, s.r.o. The mailing address for each Debtor is: Ernst & Young LLP, Attn: Nortel Administrators, 1 More London Place, London, SE1 2AF.

[2] The Administrators in the English Proceedings for all of the Debtors, with the exception of Nortel Networks (Ireland) Limited are: Alan Robert Bloom, Christopher John Wilkinson Hill, Alan Michael Hudson, and Stephen John Harris. The Administrators in the English Proceedings for Nortel Networks (Ireland) Limited are: Alan Robert Bloom and David Martin Hughes.

(the "Chapter 15 Cases") and seeking an order (i) recognizing the English Proceedings as foreign main proceedings; (ii) enforcing the initial orders of the English Court dated January 14, 2009 (as amended or extended from time to time by the English Court, collectively, the "Initial Orders"); and (iii) granting related relief; and the Court having considered and reviewed the Chapter 15 Petitions and all other documents filed in support thereof; and appropriate and timely notice of the filing of the Chapter 15 Petitions having been given; and after due deliberation and sufficient cause appearing therefore, the Court finds and concludes as follows:

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

C. Venue is properly located in this District pursuant to 28 U.S.C. § 1410.

D. These Chapter 15 Cases were properly commenced pursuant to §§ 1504 and 1515 of the Bankruptcy Code.

E. The Administrators are each a person within the meaning of §§ 101(24) and 1517(a)(2) of the Bankruptcy Code; and the Administrators are the duly appointed foreign representatives of the EMEA Debtors, as required by § 101(24) of the Bankruptcy Code.

F. The English Proceedings currently pending before the English Court for each of the EMEA Debtors constitute "foreign proceedings" within the meaning of § 101(23) of the Bankruptcy Code.

G. England is the center of main interests of each of the EMEA Debtors and, accordingly, the English Proceedings are "foreign main proceedings" within the meaning of § 1502(4) of the Bankruptcy Code and entitled to recognition as foreign main proceedings under § 1517(b)(1) of the Bankruptcy Code.

YCST01:10003112.3                                                                                   068476.1001

H.     The Chapter 15 Petitions meet the requirements of § 1515 of the Bankruptcy Code.

I.     The English Proceedings are entitled to recognition as foreign main proceedings under § 1517 of the Bankruptcy Code.

J.     The Administrators are entitled to all of the automatic relief available pursuant to § 1520 of the Bankruptcy Code without limitation.

K.     The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to §§ 1507, 1517, 1520, and 1521 of the Bankruptcy Code.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1.     The English Proceedings of the EMEA Debtors are recognized as foreign main proceedings under § 1517(b)(1) of the Bankruptcy Code.

2.     All provisions of § 1520 of the Bankruptcy Code apply in these Chapter 15 Cases, including, without limitations, the stay under § 362 of the Bankruptcy Code and the provisions of § 363 of the Bankruptcy Code, throughout the duration of these Chapter 15 Cases or until otherwise ordered by this Court.

3.     The Initial Orders are hereby given full force and effect in the United States as to the EMEA Debtors so long as such Initial Orders are in effect in the English Proceedings.

4.     Nothing in this Order shall be construed to limit, in any way, any additional relief granted by this Court or any other additional injunctive relief the Court may grant from time to time.

5. The Administrators shall provide service and notice of this Order, in accordance with the *Order Specifying Form and Related Relief* [D.I. __], within five business days of entry of this Order, which service and notice shall constitute sufficient service and notice of this Order.

6. The Chapter 15 Petitions, including all documents attached thereto, shall be made available by the Administrators upon request in writing to their counsel: Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor, 1000 West Street, Wilmington, Delaware 19801, Attention: Jaime N. Luton (jluton@ycst.com).

7. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (i) this Order shall be effective immediately and enforceable upon its entry; (ii) the Administrators are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (iii) the Administrators are authorized, empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

8. This Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, any request for additional relief and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

Dated: Wilmington, Delaware
_____, 2010

_____
KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE