IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re*                                                     : Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                          : Case No. 09-10138 (KG)
:
        Debtors.    : Jointly Administered
:
: **Re: D.I. 4958, 5154, 5862**
:
------------------------------------------------------------X

**ORDER (I) EXPANDING THE SCOPE OF EMPLOYMENT OF
ERNST & YOUNG LLP *NUNC PRO TUNC* TO MAY 31, 2011, AND (II) FURTHER
MODIFYING THE TAX SERVICES AGREEMENT**

Upon the supplemental application filed on July 1, 2011 (the "Supplemental Application")[2] by Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order, as more fully described in the Supplemental Application, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) approving the expansion of the scope of the Debtors'

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Supplemental Application.

employment of Ernst & Young LLP ("EY LLP") *nunc pro tunc* to May 31, 2011, to include the FBAR Services under the terms and conditions of the FBAR Amendment and in accordance with the Tax Services Agreement and the Original EY Employment Order; (ii) modifying the Tax Services Agreement to allow the Debtors and EY LLP to further modify or amend the Tax Services Agreement upon notice to parties in interest and without further order of the Court; and (iii) granting such other and further relief as the Court deems just and proper; and upon the Third Supplemental Declaration of James E. Scott in Support of Debtors' Supplemental Application for an Order Approving the Expansion of the Scope of Employment of Ernst & Young LLP *Nunc Pro Tunc* to May 31, 2011 (the "Third Supplemental Declaration"), which incorporates the previous declarations by reference, attached as Exhibit B to the Supplemental Application; and adequate notice of the Supplemental Application having been given as set forth in the Supplemental Application; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Supplemental Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Supplemental Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court finding that EY LLP continues to be a "disinterested person" as such term is defined under the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors or their estates and is otherwise qualified for employment under applicable provisions of the Bankruptcy Code and the Bankruptcy Rules; and the Court having determined that the legal and factual bases set forth in the Supplemental Application establish just cause for the relief requested in the Supplemental Application, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Supplemental Application is **GRANTED**.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1, the Debtors are authorized to expand the scope of their employment of EY LLP *nunc pro tunc* to May 31, 2011, to include the FBAR Services under the terms and conditions of the FBAR Amendment and in accordance with the Tax Services Agreement and the Original EY Employment Order.

3. Notwithstanding anything in the Tax Services Agreement or the Original EY Employment Application to the contrary, any future amendment or modification to the Tax Services Agreement shall take effect after fourteen (14) days notice of such proposed amendment or modification (signed by the Debtors and EY LLP) to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Official Committee of Unsecured Creditors; (iii) counsel to the ad hoc group of bondholders; and (iv) the general service list established in these chapter 11 cases. If no objection is filed within the fourteen (14) day notice period, the proposed amendments or modifications shall take effect without any further notice, hearing or requirement for an order of the Court. If an objection is filed and served within the fourteen (14) day notice period, the matter shall be scheduled for the next omnibus hearing date.

4. For the avoidance of doubt, the procedure described in the preceding paragraph shall apply to the supplemental application contemplated in footnote 5 of the Original EY Employment Application which states "Promptly after the parties agree upon the fixed annual fees for the 2012 EY Core Services and the 2013 EY Core Services, respectively, the Debtor will file a supplemental application with the Court seeking approval of such agreed-upon fees under section 328(a) of the Bankruptcy Code." If no objection is filed within the fourteen (14) day

objection period with respect to such supplemental application, a proposed form of order (a copy of which will be included in the notice) shall be submitted to the Court under certification of counsel, or the matter shall be scheduled for the next available omnibus hearing date, and the Debtors shall hand up the proposed form of order.

5. EY LLP shall continue to file applications for interim and final allowance of reimbursement of fees and expenses with respect to the services provided pursuant to the Tax Services Agreement, including the FBAR Amendment, under applicable provisions of the Bankruptcy Code and Bankruptcy Rules and applicable court orders.

6. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: July 22, 2011
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE