# EXHIBIT G

**(Initial Order from English Court re NNUK)**

IN THE HIGH COURT OF JUSTICE

CHANCERY DIVISION

COMPANIES COURT

No. 00536 of 2009

THE HONOURABLE MR JUSTICE BLACKBURNE

14TH JANUARY 2009



IN THE MATTER OF NORTEL NETWORKS UK LIMITED

AND IN THE MATTER OF THE INSOLVENCY ACT 1986

---

Draft/ORDER

---

UPON THE APPLICATION of the directors of Nortel Networks UK Limited ("the Company")

AND UPON HEARING Leading Counsel for the Applicants

AND UPON READING the evidence relating to this Application

AND UPON THE COURT being satisfied on the evidence before it that the EC Regulation on Insolvency Proceedings 2000 ("the EC Regulation") does apply and that these proceedings are main proceedings as defined in Article 3 of the EC Regulation

AND UPON the Applicants undertaking by their Counsel that they will issue and file an Ordinary Application in the same or substantially the same terms as the draft shown to the Court

WE HEREBY CERTIFY THIS TO BE A TRUE AND ACCURATE COPY OF THE ORIGINAL

HERBERT SMITH LLP
Exchange House
Primrose Street
London EC2A 2HS

Date 4/6/2009

10/18042781_2

IT IS ORDERED AND DIRECTED THAT:

1. Pursuant to rule 12.9(2) of the Insolvency Rules 1986 ("the Rules"), the period of time for service of the application provided by rule 2.8(1) of the Rules be abridged.

2. Pursuant to rule 12.9(2) of the Rules, the period of time for filing evidence of service of the administration application provided by rule 2.9(2) of the Rules be abridged.

3. For the period during which this Order is in force, the affairs, business and property of the Company be managed by the Administrators appointed by paragraph 4 of this Order.

4. The Administrators of the Company shall be Alan Robert Bloom, Alan Michael Hudson, Stephen John Harris, David Hughes and Christopher John Wilkinson Hill of Ernst & Young LLP ("the Joint Administrators").

5. The responsibilities and powers of the Joint Administrators and the material effect of the making of this Order are those set out in Schedule B1 and in Schedule 1 to the Insolvency Act 1986 ("IA 1986"), and the provisions summarised in the schedule hereto will apply.

6. Pursuant to paragraph 3 of Schedule 1, IA 1986, the Joint Administrators be at liberty to enter into and to procure the Company to enter into an administration expense funding agreement (whether as borrower or lender thereunder) in the same or substantially the same terms as the draft shown to the Court, such agreement to take effect as a contract entered into by the Joint Administrators within the meaning of paragraph 99(4) of Schedule B1, IA 1986.

7. Pursuant to paragraph 66 of Schedule B1, IA 1986, provided that they consider the making of such payments is likely to assist achievement of the purpose of the administration, the Joint Administrators may make payment in respect of pre-administration liabilities of the Company.

8. The Joint Administrators, being officers of this Court, may apply to the relevant judicial authorities in any other country or territory for such assistance as they consider they may require in connection with the exercise of their functions.

9. The Joint Administrators may appoint a duly qualified professional person resident in or licensed to act in Saudi Arabia to assist them in the performance of their functions, if

they consider that it is necessary or expedient to do so for the management of the affairs, business and property of the Company, pursuant to paragraph 4 of Schedule 1, IA 1986 and/or paragraph 59(1) of Schedule B1, IA 1986.

10. Pursuant to paragraph 100(2) of Schedule B1, IA 1986, any function to be exercised or performed by an administrator may be done by all or any of one or more of the persons for the time being holding that office.

11. Pursuant to rule 7.31(5) of the Rules, the First Witness Statement of Sharon Lynette Rolston and the exhibits thereto shall not be available for public inspection without the Court's leave.

12. The costs of and occasioned by this Application, including the costs of Ernst & Young LLP, be paid as an expense of the administration.

13. This Order shall take effect from ~~~ on 14 January 2009.

## SCHEDULE

1. The objectives of the Joint Administrators are those set out in paragraphs 3 and 4 of Schedule B1 to the Insolvency Act 1986 ("Schedule B1").

2. Without prejudice to the provisions of Schedule B1 and by way of summary the functions and objectives of the Joint Administrators are:

   (1) Under paragraph 3(1) of Schedule B1, the Joint Administrators must perform their functions with the objective of:

   (a) rescuing the company as a going concern ("objective (a)"); or

   (b) achieving a better result for the Company's creditors as a whole than would be likely if the Company were wound up (without first being in Administration) ("objective (b)"), but only if the Joint Administrators think that it is not reasonably practicable to achieve objective (a) or that objective (b) would achieve a better result for the company's creditors as a whole; or

   (c) realising property in order to make a distribution to one or more secured or preferential creditors, but only if the Joint Administrators think it is not reasonably practicable to achieve objective (a) or objective (b) and they do not unnecessarily harm the interests of the Company as a whole.

   (2) Under paragraphs 49-51 of Schedule B1, the Joint Administrators must make a statement setting out their proposals for achieving the purpose of administration and must, inter alia, send those proposals to every creditor of the Company of whose details they are aware.

   (3) Under paragraphs 51 and 52 of Schedule B1, unless the Joint Administrators are of the view that no monies will be available to distribute to the creditors of the Company or that creditors will be paid in full they must convene and hold within 10 weeks of the making of the Administration Order a meeting of creditors for the purposes of considering and, if thought fit, approving their proposals with or without modification or seek the approval of creditors by correspondence.

(4) Under paragraph 67 of Schedule B1, the Joint Administrators have a duty to take custody or control of all property of the Company on being appointed.

(5) Under paragraph 68 of Schedule B1, the Joint Administrators are under a duty to manage the affairs, business and property of the Company in accordance with their proposals as approved by the Company's creditors and subject to any directions that the English Court may give them.

(6) The Joint Administrators must obtain approval for payment of their fees and disbursements from the creditors of the Company or from a committee of the Company's creditors or from the English Court.

3. The powers of the Joint Administrators are those set out in Schedule B1 and in Schedule 1 to the Insolvency Act 1986.

4. Without prejudice to those provisions and by way of summary, the Joint Administrators have the following powers under Schedule B1:

(1) The power to do anything necessary or expedient for the management of the affairs, business and property of the Company.

(2) The Joint Administrators may remove and appoint directors of the Company, and no officer of the Company may exercise a management power without consent of the Joint Administrators.

(3) The Joint Administrators may convene and hold meetings of members and creditors of the Company.

(4) The Joint Administrators may apply to the English Court for directions in connection with their functions.

(5) The Joint Administrators may pay monies to secured or preferential creditors of the Company and, with the consent of the English Court, may make a distribution to unsecured creditors.

(6) In exercising their functions, the Joint Administrators act as agents of the Company.

5. The effect of the moratorium on insolvency and other proceedings against the Company which came into effect on 14 January 2009 is set out in Schedule B1.

6. Without prejudice to the provisions of Schedule B1 and by way of summary the moratorium has the following effect on insolvency and other proceedings:

   (1) No resolution may be passed to wind up the Company;

   (2) No order may be made for the winding up of the Company;

   (3) No step may be taken to enforce any security over the Company's property without the consent of the Joint Administrators or the permission of the English Court;

   (4) No step may be taken to repossess any goods in the Company's possession under any hire purchase agreement, except with the consent of the Joint Administrators or the permission of the English Court;

   (5) A landlord may not exercise a right of forfeiture by peaceable re-entry in relation to any premises let to the Company except with the consent of the Joint Administrators or the permission of the English Court; and

   (6) No legal process (including legal proceedings, execution, distress and diligence) may be instituted or continued against the Company or the property of the Company, except with the consent of the Joint Administrators or the permission of the English Court.

<u>IN THE HIGH COURT OF JUSTICE</u>                    <u>No.      of 2009</u>

<u>CHANCERY DIVISION</u>

<u>COMPANIES COURT</u>

THE HONOURABLE MR JUSTICE BLACKBURNE

14 TH JANUARY 2009

IN THE MATTER OF NORTEL NETWORKS UK LIMITED

AND IN THE MATTER OF THE INSOLVENCY ACT 1986

---

Draft/ORDER

---

HERBERT SMITH LLP
Exchange House
Primrose Street
London EC2A 2HS
Tel: 020 7374 8000
Fax: 020 7374 0888
Ref: 3946/30895329

10/18042781_2                                            7