# EXHIBIT O

**(NNUK Recognition Order)**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- X
In re:                                            : Chapter 15
                                                  :
NORTEL NETWORKS UK LIMITED,                       : Case No. 09 - 11972
                                                  :
         Debtor in a Foreign Proceeding.          : Re: D.I. 2, 29, 33
---------------------------------------------------------------- X

## ORDER GRANTING RECOGNITION
## AND RELIEF IN AID OF FOREIGN MAIN PROCEEDINGS

A hearing having been held before this Court on June 26, 2009 (the "Hearing") to consider the Official Form B-1 Petition (the "Chapter 15 Petition") and the Verified Petition for Recognition of Foreign Proceedings Pursuant to Chapter 15 of the United States Bankruptcy Code (together, with all exhibits appended thereto, the "Verified Petition") of Nortel Networks UK Limited ("NNUK" or the "Foreign Debtor") presented by Alan Robert Bloom, Christopher John Wilkinson Hill, Alan Michael Hudson and Stephen John Harris in their capacity as court-appointed administrators and authorized foreign representative of the Foreign Debtor (the "Administrators"), for recognition of foreign main proceedings (the "English Proceedings") under the *Insolvency Act 1986* (the "English Insolvency Act") pending before the High Court of Justice of England and Wales (the "English Court"), and seeking enforcement, pursuant to sections 105(a), 1504, 1507, 1515, 1517, 1520, and 1521 of title 11 of the United States Code (the "Bankruptcy Code"), of the initial order of the English Court dated January 14, 2009 (as amended or extended from time to time by the English Court, the "Initial Order") in the United States; and upon this Court's review and consideration of the Chapter 15 Petition, the Verified Petition, the Declaration of Sharon L. Rolston, dated June 6, 2009, and Exhibit A (Witness Statement of Sharon Lynette Rolston, dated January 14, 2009) thereto, the Declaration of Stephen John Harris, dated June 5, 2009, the Memorandum of Law in Support of Verified

Petition for Recognition of Foreign Proceeding Pursuant to Chapter 15 of the United States Bankruptcy Code, and all other documents filed in support of thereof on behalf of the Foreign Debtor; and this Court having concluded that appropriate and timely notice of the filing of the Chapter 15 Petition and the Verified Petition has been given; and the Hearing having been held; and upon the record of the statements made at the Hearing; and after due deliberation and sufficient cause appearing therefore, this Court finds and concludes as follows:

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

C. Venue is properly located in this District pursuant to 28 U.S.C. § 1410.

D. These chapter 15 cases were properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code.

E. The Administrators are each a person within the meaning of sections 101(41) and 1517(a)(2) of the Bankruptcy Code; and the Administrators are the duly appointed foreign representatives of the Foreign Debtor, as required by section 101(24) of the Bankruptcy Code.

F. The English Proceedings currently pending before the English Court for the Foreign Debtor constitute "foreign proceedings" within the meaning of section 101(23) of the Bankruptcy Code.

G. The English Proceedings are pending in England, which is where the center of main interests of the Foreign Debtor is located, and are "foreign main proceedings" within the meaning of section 1502(4) of the Bankruptcy Code and under section 1517(b)(1) of the Bankruptcy Code.

H. The Chapter 15 Petition and the Verified Petition meet the requirements of section 1515 of the Bankruptcy Code.

I. The English Proceedings are entitled to recognition as foreign main proceedings under section 1517 of the Bankruptcy Code.

J. The Administrators are entitled to all of the relief provided under section 1520 of the Bankruptcy Code, without limitation.

K. The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to sections 1517, 1520 and 1521 of the Bankruptcy Code.

THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1. The English Proceedings are recognized as foreign main proceedings under section 1517 of the Bankruptcy Code.

2. All provisions of section 1520 of the Bankruptcy Code apply in this chapter 15 case, including, without limitations, the stay under section 362 of the Bankruptcy Code and the provisions of section 363 of the Bankruptcy Code throughout the duration of this chapter 15 case or until otherwise ordered by this Court.

3. The Initial Order is hereby given full force and effect in the United States as to the Foreign Debtor so long as such Initial Order is in effect in the English Proceedings.

4. Nothing in this Order shall be construed to limit, in any way, any additional relief granted by this Court or any other additional injunctive relief the Court may grant from time to time.

5. The Administrators shall provide service and notice of this Order in accordance with this Court's Order Scheduling Hearing and Specifying Form and Manner of

Service of Notice dated June 11, 2009 (Docket No. 24) on or before June 30, 2009 which service and notice shall constitute sufficient service and notice of this Order.

6. The Chapter 15 Petition and the Verified Petition, including all documents attached thereto, shall be made available by the Administrators upon request in writing to their counsel Bracewell & Giuliani LLP, 225 Asylum Street, Suite 2600, Hartford, CT 06103, Attention Evan Flaschen (evan.flaschen@bgllp.com) and Katherine Lindsay (katherine.lindsay@bgllp.com).

7. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon its entry; and (b) the Administrators are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order.

8. This Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, any request for additional relief and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

Wilmington, Delaware
June 26 2009

_____
HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE