## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------X
                                                       :
In re                                                  :    Chapter 11
                                                       :
Nortel Networks Inc., et al.,¹                         :    Case No. 09-10138 (KG)
                                                       :
                                    Debtors.           :    Jointly Administered
                                                       :
                                                       :    Hearing date: August 9, 2011 9:30 am (ET)
                                                       :    Objections due: August 2, 2011 4:00 pm (ET)
-------------------------------------------------------X
```

### APPLICATION OF THE DEBTORS PURSUANT TO 11 U.S.C. § 327(a)
### TO RETAIN AND EMPLOY EUGENE F. COLLINS AS
### SPECIAL IRISH COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO JUNE 13, 2011

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in

possession, (collectively, the "Debtors"), hereby move this Court (the "Application") for the

entry of an order substantially in the form attached hereto as Exhibit A, pursuant to sections

105(a), 327(a), 328(a), 329, 330 and 331 of title 11 of the United States Code (the "Bankruptcy

Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"): (i)

authorizing the employment and retention of Eugene F. Collins ("Eugene F. Collins" or the

"Firm") as special Irish counsel for the Debtors in order to provide advice on issues of Irish law,

and in particular to provide advice and representation relating to the claims of the EMEA

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

Debtors (as defined below) (the "EMEA Claims"), *nunc pro tunc* to June 13, 2011[2]; (ii)

approving the terms and conditions under which Eugene F. Collins will be retained and

compensated; and (iii) granting such other and further relief as the Court deems just and

appropriate.  In support of this Application, the Debtors rely upon the Declaration of Doug Smith

(the "Smith Declaration"), attached hereto as Exhibit B.  In further support of this Application,

the Debtors respectfully represent as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are sections 105(a), 327(a),

328(a), 329, 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2014

and 2016 and Local Rule 2014-1.

## Background

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel

Networks (CALA) Inc.,[3] filed voluntary petitions for relief under chapter 11 of the Bankruptcy

Code, which cases are consolidated for procedural purposes only.  The Debtors continue to

---

[2]      The Firm was first contacted on May 18, 2011.  At that time, the Debtors anticipated that the Firm would
serve as an expert and that the Firm's fees would be included as an expense on the Cleary Gottlieb Steen &
Hamilton fee application.  As of June 13, 2011, the Debtors expanded the scope of services to be provided by the
Firm, and it became appropriate to retain the Firm in accordance with section 327 of the Bankruptcy Code.  All of
the Firm's fees from May 18, 2011 to June 12, 2011, when the Firm provided expert services will be treated as an
expense of Cleary Gottlieb Steen & Hamilton and included in a subsequent fee application of Cleary Gottlieb Steen
& Hamilton.

[3]      Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code
on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases
for procedural purposes [D.I. 1098].

operate their remaining businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5.      On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[4] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[5] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators").  Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

---

[4]      The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[5]      The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

6.      On June 19, 2009, Nortel announced that it was advancing in discussions with external parties to sell its businesses and that it would assess other restructuring alternatives for its businesses in the event that it was unable to maximize value through sales.  Since then, Nortel has sold many of its business units and assets to various purchasers.  Efforts continue to be made with respect to the realization of value from Nortel's remaining assets.  For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

## Relief Requested

7.      By this Application, the Debtors seek entry of an order substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a), 327(a), 328(a), 329, 330 and 331 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1: (i) authorizing the employment and retention of Eugene F. Collins as special Irish counsel for the Debtors, *nunc pro tunc* to June 13, 2011, in order to provide advice on issues of Irish law, and in particular to provide advice and representation relating to the EMEA Claims; (ii) approving the terms and conditions under which the Firm will be retained and compensated, as outlined in that certain agreement, effective as of June 13, 2011 and attached hereto as Exhibit C (the "Engagement Letter"); and (iii) granting such other and further relief as the court deems just and proper.

## Facts Relevant to this Motion

8.      On September 30, 2009, the EMEA Debtors filed over 350 proofs of claim against the Debtors, including fifteen on behalf of Nortel Networks (Ireland) Limited ("NN Ireland") for undefined amounts.[6]

---

[6]      See Proofs of Claim Nos. 5089-5099, 5118-5121.

9.      The Debtors moved for an Order Requiring a More Definite Statement of Claim and Setting a Deadline for the Filing of Any Proofs of Claim by the EMEA [Debtors] on April 1, 2011 (the "Claim Order") [D.I. 5200].  This Court granted the Claim Order and set a bar date of June 1, 2011, for the EMEA Debtors to file their amended proofs of claim [D.I. 5402].  The Court later granted an Order Approving Extension of Deadline for EMEA [Debtors] to File a More Definite Statement of Claim and to File Any Proofs of Claim [D.I. 5588] and on June 3, 2011, the EMEA Debtors filed an amended claim on behalf of NN Ireland for $291,169,949.90.[7] The June 3 claim asserts claims under, inter alia, Irish law.

10.      Concurrently with this Application, the Debtors are filing a Joint Objection and Motion to Dismiss with respect to the amended claim filed by NN Ireland (the "EMEA Claims Objection").

## Basis for Relief

11.      Particularly in light of the proof of claim filed by NN Ireland, the Debtors have determined it is necessary to engage capable and experienced Irish counsel such as Eugene F. Collins.  The Firm's resources and capabilities are crucial to the multi-jurisdictional issues confronting the Debtors, particularly claims under Irish law.  Such legal counsel will enable the Debtors to better meet their obligations in these chapter 11 proceedings.  The Debtors, therefore, propose to retain and employ Eugene F. Collins as special Irish counsel in order to assist on issues of Irish law, including with respect to the EMEA Claims.

12.      Section 105(a) of the Bankruptcy Code, which codifies the inherent equitable powers of the bankruptcy court, empowers the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. §105(a).

---

[7]      See Proof of Claim No. 7774.

13.     Under section 327 of the Bankruptcy Code, a debtor in possession may employ one or more professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons" to assist the debtor in possession in carrying out its duties under the Bankruptcy Code.  11 U.S.C. §327(a).

14.     Section 328 of the Bankruptcy Code provides, in pertinent part, that under section 327 of the Bankruptcy Code, a professional may be employed "on any reasonable terms and conditions of employment, including a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).

15.     Bankruptcy Rule 2014 requires that an application for retention of a professional include:

> [S]pecific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).  Local Rule 2014-1 further requires that "[a]ny entity seeking approval of employment of a professional person pursuant to 11 U.S.C. § 327 . . . shall file with the Court a motion, a supporting affidavit or verified statement of the professional person and a proposed order for approval."  Del. Bankr. L. R. 2014-1(a).

16.     By this Application, the Debtors request that the Court approve the employment and retention of Eugene F. Collins as set forth herein.  The proposed retention of the Firm is beneficial to the Debtors' estates and the professional compensation arrangements (as described in the Engagement Letter) provide certainty and proper inducement for Eugene F. Collins to act expeditiously and prudently with respect to the matters for which it will be employed.

6

17.    The Debtors also request approval of the employment of the Firm *nunc pro tunc* to June 13, 2011.  Such relief is warranted by the extraordinary circumstances presented by these cases.  The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention.  See In re Arkansas Co., 798 F.2d 645, 650 (3d Cir. 1986); see also In re Indian River Homes, Inc., 108 B.R. 46, 52 (D. Del. 1989), appeal dismissed, 909 F.2d 1476 (3d Cir. 1990).  The continued complexity and activity that have characterized these cases have necessitated that the Debtors and their professionals focus their immediate attention on certain critical matters, such as the EMEA Claims, and promptly devote resources to the affairs of the Debtors pending submission and approval of this Application.

## Selection of Eugene F. Collins and Scope of Services

18.    During the course of this bankruptcy proceeding, Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb") and Morris Nichols Arsht & Tunnell LLP ("Morris Nichols") (collectively, the "Bankruptcy Firms") have acted as general bankruptcy counsel.  The Firm will support Cleary Gottlieb in evaluating the unique issues of Irish law, including with respect to the EMEA Claims, and will assist Cleary Gottlieb in developing strategies to address the EMEA Claims.  Due to the unique and complex issues raised in the EMEA Claims, the Debtors will benefit from the Firm's advice and guidance in all matters relating to the EMEA Claims.  For such reasons, the Debtors seek retention of the Firm pursuant to this Application.

19.    Eugene F. Collins is well-suited to provide the type of legal services presently required by the Debtors.  The Debtors seek to retain the Firm as their special Irish attorneys because of, among other reasons, Eugene F. Collins's experience in and knowledge of Irish law, including corporate restructuring and insolvency law.  The Firm advises a number of the world's leading companies, financial institutions and governments in their challenging transactions and

assignments, including by providing advice on restructuring and insolvency issues. The Firm has an excellent reputation for providing the type of complex specialized legal services that the Debtors require in a precise, practical, and effective manner.

20.    The Debtors believe that the retention of Eugene F. Collins fulfills a critical need that complements the services offered by the Debtors' other restructuring professionals in these cases. Eugene F. Collins will work with the Debtors and the Bankruptcy Firms to ensure that legal services by each of the Bankruptcy Firms, as well as Eugene F. Collins, are provided in an efficient, cost-effective and non-duplicative manner, with Cleary Gottlieb being chiefly responsible for providing counsel on the EMEA Claims and Eugene F. Collins advising the Debtors and supporting Cleary Gottlieb in advising on discrete issues of Irish law in connection with the EMEA Claims. Denial of the relief requested in this Application would deprive the Debtors of the assistance of highly capable and experienced Irish counsel. Furthermore, it would unjustly disadvantage the Debtors, as they would be forced to engage new counsel who lack the Firm's knowledge and experience, and would be starting this matter afresh.

21.    The Firm's services are necessary and essential to the Debtors, including to defend against the EMEA Claims. As set forth in the Smith Declaration, Eugene F. Collins will render the following services to the Debtors, subject to the control and further order of this Court:

I.    Acting as special Irish counsel in connection with the EMEA Claims, which activities shall include, but are not limited to:

a.    Providing advice and guidance to the Debtors that will allow the Debtors to evaluate the EMEA Claims;

b.    Supporting Cleary Gottlieb in evaluating the EMEA Claims; and

c.    Providing representation to assist Cleary Gottlieb in developing strategies to address the EMEA Claims.

8

22.     In performing these services, Eugene F. Collins has instructed an external barrister to act as a testifying expert witness for the Debtors in connection with the EMEA Claims Objection.

## Eugene F. Collins Disinterestedness

23.     To the best of the Debtors' knowledge and except as disclosed in the Smith Declaration, Eugene F. Collins has not represented, and does not have any connection, with the Debtors, their creditors, their insiders, their shareholders, their respective attorneys or accountants, or any other parties in interest in any matters relating to the Debtors and their estates.

24.     As noted in the Smith Declaration, Eugene F. Collins currently represents, and has in the past three years represented, certain parties in interest in matters wholly unrelated to the Debtors' chapter 11 cases.  Cleary Gottlieb has informed the Debtors of the Firm's ongoing representation of such entities. The Debtors have consented to Eugene F. Collins's continued representation of these parties in matters wholly unrelated to these proceedings, and believe that the Firm's current and future representation of any of these parties will not in any way adversely affect Eugene F. Collins's representation of the Debtors.

25.     As set forth in the Smith Declaration:

I.      Neither Eugene F. Collins nor any attorney or other professional at the Firm holds or represents an interest materially adverse to the Debtors' estates.

II.     Neither Eugene F. Collins nor any attorney or other professional at the Firm is or was a creditor, an equity security holder or an insider of the Debtors.

III.    Neither Eugene F. Collins nor any attorney or other professional at the Firm is or was, within two years before the Petition Date, a director, officer, or employee of the Debtors.

IV.     No attorney or other professional at the Firm is related to the Hon. Kevin Gross or has a connection to the U.S. Trustee or to any known employee in the office thereof.

26.     To the best of the Debtors' knowledge and as disclosed in the Smith Declaration, Eugene F. Collins does not hold or represent any interest adverse to the Debtors or their estates, Eugene F. Collins is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, and the Firm's employment and retention by the Debtors is necessary and in the best interests of the Debtors and their estates.

27.     Eugene F. Collins will periodically review its files during the pendency of this retention to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, the Firm will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration if needed, as required by Bankruptcy Rule 2014(a).

## Professional Compensation

28.     Eugene F. Collins intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of the Court, and consistent with the proposed compensation arrangement set forth in the Engagement Letter (the "Fee Structure").

29.     Eugene F. Collins and the Debtors have negotiated the terms of the Engagement Letter, which reflect commercially reasonable compensation and employment terms.  Thus, the Debtors request approval of the Engagement Letter, including the Fee Structure, and the expense reimbursement provisions pursuant to section 328(a) of the Bankruptcy Code.

30.     In summary, the agreed upon hourly rates for Eugene F. Collins will initially be €400 for partners and €70 to €250 for associates and other junior attorneys.  VAT (Value Added Tax) will be added to the above-mentioned rates, if applicable, at a rate of 21%.

31.     Eugene F. Collins is customarily entitled to reimbursement for all expenses incurred by it in connection with the representation of a client in a given matter.  Such expenses may include, without limitation, travel costs, long distance calls, express mail, special or hand deliveries, copying costs, document processing, computerized legal research, court fees, expert fees, transcript costs and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client.  Under the scope of its proposed employment, the Firm may require the retention of one or more experts who may or may not provide testimony with respect to the EMEA Claims, including providing instructions to a barrister to act as a testifying witness.  Consistent with Irish practice, it is the Firm's policy to charge its clients the fees and expenses of barristers instructed by Eugene F. Collins.  The fees and expenses of barristers serving as testifying witnesses shall be paid by the Firm and reimbursed by the Debtors as an expense in accordance with the terms of the interim compensation order entered by this Court [D.I. 222] (the "Interim Compensation Order").

32.     Given the specialized nature of the issues which Eugene F. Collins may be required to address in the performance of its services hereunder, the Firm's commitment to the variable level of time and effort necessary to address all such issues as they arise and the market price for Eugene F. Collins's services for engagements of this nature, the Debtors believe that the Fee Structure described above is reasonable under the standards set forth in section 328 (a) of the Bankruptcy Code.

## Notice

33.     Notice of the Motion has been given via overnight mail to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; and (iv) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

34.     No prior request for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:  July 22, 2011
      Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Deborah M. Buell (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*