# **EXHIBIT A**

**(Proposed Order)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X
: 
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
                Debtors. :
: 
: **RE: D.I. \_\_\_\_**
: 
-----------------------------------------------------------X

### ORDER GRANTING JOINT OBJECTION AND MOTION TO DISMISS CLAIMS OF NORTEL NETWORKS S.A. (NNSA) AND ITS FRENCH LIQUIDATOR

    Upon the Joint Objection and Motion to Dismiss Claims of Nortel Networks S.A. (NNSA) and its French Liquidator [D.I. --] (the "Objection")[2] filed by Nortel Networks Inc. and certain of its affiliates, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee"), requesting an order pursuant to sections 105 and 502 of the Bankruptcy Code and Bankruptcy Rules 3001, 3002, 3003, 3007, 7012 and 9014, dismissing, disallowing and expunging with prejudice Claims Nos. 7784 and 7785 and, to the extent not superseded in its entirety, Claim No. 4923; and upon the Declaration of Guilhem Bremond in Support of the Joint Objection and Motion to Dismiss Claims of Nortel Networks S.A. (NNSA) and its French Liquidator [D.I. --]; and upon the Declaration of Lauren L. Peacock in Support of the Joint

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]     Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

1

Objection and Motion to Dismiss Claims of Nortel Networks S.A. (NNSA) and its French Liquidator [D.I. --], as well as the documents attached thereto; and upon the record of these Chapter 11 proceedings and the related Chapter 15 proceedings of Nortel Networks S.A. ("NNSA") pending before this Court under jointly administered case number 09-11972; and upon the record of the hearing on the Objection held on September 19 and 20, 2011; and adequate notice of the Objection having been given as set forth in the Objection; and it appearing that no other or further notice is required; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Objection is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Objection is **GRANTED**.

2. The Court finds that application of Bankruptcy Rule 7012 to this contested matter provides the most efficient manner of resolving the Claim, and will materially progress not only the Objection but the resolution of the Debtors' proceedings more generally. The Court thus exercises its discretion to apply Bankruptcy Rule 7012 to the Claim, pursuant to Bankruptcy Rule 9014(c).

3. Claims number 2 through 22 in Claim Nos. 7784 and 7785 (the "Dismissed Claims") fail to adequately state a claim upon which relief can be granted, and are (i) dismissed with prejudice pursuant to Bankruptcy Rule 7012(b), and (ii) disallowed and expunged from the Debtors' claims register. To the extent that Claim No. 4923 asserts any of the Dismissed Claims, it is similarly disallowed and expunged from the Debtors' claims register.

4. The rights and defenses of all parties with respect to claim number 1 in Claim Nos. 7784 and 7785 (and to the extent asserted therein, in Claim No. 4923) are expressly reserved.

5. The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this order.

6. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this order.

Dated: _____, 2011
       Wilmington, Delaware

                                                                               _____
                                                                               THE HONORABLE KEVIN GROSS
                                                                               CHIEF UNITED STATES BANKRUPTCY JUDGE