# EXHIBIT N
**(EMEA Recognition Order)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------------ X
                                                                   :
In re:                                                             : Chapter 15
                                                                   :
NORTEL NETWORKS UK LIMITED, *et al.*,[1]                           : Case No. 09-11972 (KG)
                                                                   :
Debtors in a Foreign Proceeding.                                   : (Jointly Administered)
                                                                   :
                                                                   : **RE: Docket No. 44**
                                                                   :
------------------------------------------------------------------ X

## ORDER GRANTING RECOGNITION OF FOREIGN PROCEEDINGS AND RELATED RELIEF WITH RESPECT TO THE EMEA DEBTORS

Upon consideration of the petitions under chapter 15 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), filed by the court-appointed administrators and authorized foreign representatives (collectively, the "Administrators")[2] for Nortel Networks UK Limited ("NNUK") and certain of its affiliates (collectively, the "EMEA Debtors" and together with NNUK, the "Debtors") located in the region known as EMEA (Europe, Middle East, and Africa) in proceedings (the "English Proceedings") under the *Insolvency Act 1986* (the "English Insolvency Act"), pending before the High Court of Justice of England and Wales (the "English Court"), and the *Verified Chapter 15 Petitions for Recognition of Foreign Proceedings and Related Relief With Respect to the EMEA Debtors* (collectively, the "Chapter 15 Petitions") commencing the above-captioned cases

---

[1]      The Debtors in these cases are: Nortel Networks UK Limited; Nortel GmbH; Nortel Networks (Austria) GmbH; Nortel Networks (Ireland) Limited; Nortel Networks AB; Nortel Networks B.V.; Nortel Networks Engineering Service Kft; Nortel Networks France S.A.S.; Nortel Networks Hispania, S.A.; Nortel Networks International Finance & Holding B.V; Nortel Networks N.V.; Nortel Networks OY; Nortel Networks Polska Sp. z. o.o.; Nortel Networks Portugal S.A.; Nortel Networks Romania SRL; Nortel Networks S.A.; Nortel Networks S.p.A.; Nortel Networks Slovensko, s.r.o.; Nortel Networks, s.r.o. The mailing address for each Debtor is: Ernst & Young LLP, Attn: Nortel Administrators, 1 More London Place, London, SE1 2AF.

[2]      The Administrators in the English Proceedings for all of the Debtors, with the exception of Nortel Networks (Ireland) Limited are: Alan Robert Bloom, Christopher John Wilkinson Hill, Alan Michael Hudson, and Stephen John Harris. The Administrators in the English Proceedings for Nortel Networks (Ireland) Limited are: Alan Robert Bloom and David Martin Hughes.

(the "Chapter 15 Cases") and seeking an order, *inter alia*, (i) recognizing the English Proceedings as foreign main proceedings and (ii) granting related relief; and the Court having considered and reviewed the Chapter 15 Petitions and all other documents and evidence filed in support thereof, namely the witness statements of Sharon Rolston attached as Exhibit I to the Declaration of Alan Robert Bloom dated October 18, 2010 and witness statements of Michel Clement attached as Exhibit II thereto, and the deposition testimony of Alan Robert Bloom dated December 16, 2010; and appropriate and timely notice of the filing of the Chapter 15 Petitions having been given; and upon the record at the hearing held on January 31, 2011; and after due deliberation and sufficient cause appearing therefore, the Court finds and concludes as follows:

      A.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

      B.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

      C.      Venue is properly located in this District pursuant to 28 U.S.C. § 1410.

      D.      These Chapter 15 Cases were properly commenced pursuant to §§ 1504 and 1515 of the Bankruptcy Code.

      E.      The Administrators are each a person within the meaning of §§ 101(24) and 1517(a)(2) of the Bankruptcy Code; and the Administrators are the duly appointed foreign representatives of the EMEA Debtors, as required by § 101(24) of the Bankruptcy Code.

      F.      The English Proceedings currently pending before the English Court for each of the EMEA Debtors constitute "foreign proceedings" within the meaning of § 101(23) of the Bankruptcy Code.

      G.      England is the center of main interests of each of the EMEA Debtors and, accordingly, the English Proceedings are "foreign main proceedings" within the meaning of

§ 1502(4) of the Bankruptcy Code and entitled to recognition as foreign main proceedings under § 1517(b)(1) of the Bankruptcy Code.

H.  The Chapter 15 Petitions meet the requirements of § 1515 of the Bankruptcy Code.

I.  The English Proceedings are entitled to recognition as foreign main proceedings under § 1517 of the Bankruptcy Code.

J.  The Administrators are entitled to all of the automatic relief available pursuant to § 1520 of the Bankruptcy Code without limitation.

K.  The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to §§ 1507, 1517, and 1520 of the Bankruptcy Code.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The English Proceedings of the EMEA Debtors are recognized as foreign main proceedings under § 1517(b)(1) of the Bankruptcy Code.

2.  All provisions of § 1520 of the Bankruptcy Code apply in these Chapter 15 Cases, including, without limitations, the stay under § 362 of the Bankruptcy Code and the provisions of § 363 of the Bankruptcy Code, throughout the duration of these Chapter 15 Cases or until otherwise ordered by this Court.

3.  Nothing in this Order shall be construed to limit, in any way, any additional relief granted by this Court or any other additional injunctive relief the Court may grant from time to time.

4.  The Administrators shall provide service and notice of this Order, in accordance with the notice provisions of paragraph 3 of the *Order Granting Provisional Relief,*

*Specifying Form and Manner of Service of Notice and Related Relief* [D.I. 56], within five business days of entry of this Order, which service and notice shall constitute sufficient service and notice of this Order.

5. The Chapter 15 Petitions, including all documents attached thereto, shall be made available by the Administrators upon request in writing to their counsel: Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor, 1000 West Street, Wilmington, Delaware 19801, Attention: Jaime N. Luton (jluton@ycst.com).

6. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (i) this Order shall be effective immediately and enforceable upon its entry; (ii) the Administrators are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (iii) the Administrators are authorized, empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

7. This Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, any request for additional relief and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

Dated: Wilmington, Delaware
January __31__, 2011

_____
KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE