**EXHIBIT C**

**Enterprise Russia Agreement**

[●] August 2011

To:      Nortel Networks Corporation ("**NNC**")
         Nortel Networks Limited ("**NNL**")
         Nortel Networks Inc. ("**NNI**")
         Nortel Networks UK Limited (in administration) ("**NNUK**")
         Nortel Networks S.A. (in administration and liquidation judiciare) ("NNSA")
         Nortel Networks International Finance & Holding B.V. (in administration) ("**NNIFH**")
         o.o.o. Nortel Networks ("**Nortel Russia**")
         The Joint Administrators
         The Estate Fiduciaries
         The other parties listed in Schedule 1 hereto

**Side Letter concerning the Escrow Agreement**

Reference is made to the Escrow Agreement (as amended, the "**Agreement**") dated 18 December 2009 by and between the Depositors, the Estate Fiduciaries, and JPMorgan (each as defined in the Agreement).

This letter (the "**Side Letter**") documents the agreement of NNC, NNL, NNI, NNUK, NNSA, NNIFH, Nortel Russia, the Joint Administrators, the Estate Fiduciaries and the other parties listed in Schedule 1 hereto (each individually a "**Party**" and together, the "**Parties**") as to certain matters relating to Nortel Russia.

In this Side Letter, unless the subject or context otherwise requires, words defined in the Agreement shall have the same meanings when used herein.

It is anticipated that within approximately two months of the date of this Side Letter Nortel Russia will be placed into voluntary liquidation in Russia and a liquidator (the "**Liquidator**") will be appointed to wind down the operations of Nortel Russia, including investigation of the claims of Nortel Russia's various creditors and the discharge of any such claims (the "**Liquidation**"). As of the date of this Side Letter, Nortel Russia has neither been placed into insolvent liquidation proceedings or receivership nor determined by any governmental or judicial authority of the Russian Federation to meet the Russian Insolvency Test as defined in Annex B to the Solvency Certificate (as defined below) (each, an "**Insolvency Event**").

Subject to the satisfaction of all the terms and conditions set forth herein, and for the good and valuable consideration set forth herein, the value of which is hereby acknowledged, the undersigned hereby confirm and agree as follows:

1

1.  Pursuant to:

    a.  the equipment purchase and sale agreement dated 18 December 2009 entered into between Nortel Russia and Avaya CIS Limited Liability Company ("**Avaya**"); and

    b.  the inventory purchase and sale agreement dated 8 April 2010 entered into between Nortel Russia and Avaya, as amended on 8 June 2010,

    Nortel Russia has received an aggregate amount of RUR 12,439,738.35 in payment for the sale of equipment and inventory related to the Enterprise business of Nortel Russia and its affiliates (the "**Enterprise Payment**").

2.  Following and by no later than five (5) Business Days after the date of the Court Approvals (as defined below), provided that Liquidation has not yet commenced, the Liquidator has not yet been appointed, and no Insolvency Event has occurred, pursuant to Section 15(a) of the Agreement and the terms of the IFSA as applicable to the Parties, the Depositors, the Estate Fiduciaries and the Distribution Agent shall execute an amendment to the Agreement, substantially in the form attached hereto as Schedule 2, that amends the Agreement to remove all references to Nortel Russia as a Depositor, such that Nortel Russia shall, subject to the terms of the assignment pursuant to paragraph 4 below, have no further rights or obligations under the Agreement, including but not limited to those rights accorded to Depositors under Section 5(a) of the Agreement (the "**Amendment**").

3.  Following and by no later than five (5) Business Days after the date of the Court Approvals (as defined below), provided that Liquidation has not yet commenced, the Liquidator has not yet been appointed, and no Insolvency Event has occurred, the General Director of Nortel Russia shall execute and deliver a certificate of solvency, substantially in the form attached hereto as Schedule 3, to NNIFH, NNL, and NNI, with a copy to the other Parties (the "**Solvency Certificate**").

4.  Upon the transmission of certain payments from sale proceed escrow accounts pursuant to side letters executed on or about the date of this Side Letter relating to the sale of the MEN and CVAS businesses of Nortel Russia and its affiliates, provided that Liquidation has not yet commenced, the Liquidator has not yet been appointed, and no Insolvency Event has occurred, in consideration for the Enterprise Payment and the transmission of sale proceeds pursuant to side letters executed on or about the date of this Side Letter relating to the sale of the MEN and CVAS businesses of Nortel Russia and its affiliates, all of the rights, title and interest, if any, that, notwithstanding the

provisions of paragraph 9 below, Nortel Russia or any successor, assign, trustee, liquidator or similar person as of the date of such payment, had or could have had thereafter, to any allocation and/or distribution of the Escrow Funds, whether pursuant to Section 5(a) of the Agreement, the IFSA or otherwise (the "**Russian Proceeds**"), and any and all rights, title, interest and obligations of Nortel Russia, or any successor, assign, trustee, liquidator or similar person, if any, under the Agreement, the IFSA or otherwise, shall be, and shall be deemed to be, assigned and transferred to NNIFH, and neither Nortel Russia, nor any successor, assign (other than NNIFH), trustee, liquidator or similar person shall have any right, title or interest to or under the Agreement, the IFSA, or otherwise, to any allocation or distribution of Escrow Funds.

5.  Following the execution of this Side Letter, provided that Liquidation has not yet commenced, the Liquidator has not yet been appointed, and no Insolvency Event has occurred, NNI and NNL shall use commercially reasonable efforts to obtain final orders from, respectively, the U.S. Bankruptcy Court and the Canadian Court approving the Amendment and this Side Letter and granting related relief (the "**Court Approvals**"), which orders together shall satisfy the requirements of Section 15(a) of the Agreement.

6.  Save for paragraphs 11 to 14, nothing in this Side Letter shall take effect until the Court Approvals have been granted.

7.  For the avoidance of doubt, notwithstanding anything in this Side Letter to the contrary, if at any point prior to the effectiveness of the Amendment an Insolvency Event occurs with respect to Nortel Russia, any Party to this Side Letter may provide written notice to each of the other Parties that, as a result of the Insolvency Event, this Side Letter is therefore null and void (the "**Nullification Notice**").  Upon delivery of the Nullification Notice, (i) this Side Letter shall be null and void, (ii) the Parties' rights, claims and obligations as they existed immediately prior to the execution of this Agreement shall be restored, and (iii) nothing in this Side Agreement shall constitute an admission, limitation or waiver with respect to each of the claims or rights of each of the Parties to the Escrow Funds or the rights of each of the Parties under the Agreement or the IFSA.

8.  At such date as the Escrow Funds are released and distributed in accordance with Section 5(a) of the Agreement and the terms of the IFSA (the "**Final Allocation**"), the total amount of the Russian Proceeds, if any, shall be allocated and distributed to NNIFH.

9.  Subject to the immediately following sentence, nothing in this Side Letter or the Amendment related thereto or the actions taken as contemplated thereby shall bar, prohibit, terminate or in any way hinder or enhance the rights of the Parties to this Side Letter to present any arguments, methodologies, legal or factual theories in support of a proposed allocation of the Sale Proceeds (as defined in the IFSA) or the proceeds of any other transaction, including, without limitation, the sale of assets, businesses or intellectual property, that would be subject to allocation amongst any of the Parties, and such presentation shall not, or otherwise be deemed to, constitute in any way a violation of a Party's rights under any existing agreement.  The Parties agree that no Party shall use as evidence, or otherwise rely upon, this Side Letter or any part hereof in any way to support its right to a particular allocation of the Sale Proceeds or any other sale proceeds.  Subject to the terms of this Side Letter, the Parties oppose and shall reasonably cooperate in opposing the allocation and/or distribution of the Russian Proceeds to any person other than NNIFH by any dispute resolver(s) appointed pursuant to any Allocation Protocol or otherwise, any court, or such other judicial or quasi-judicial body or any similar entity asserting authority over such determination.

10. NNIFH agrees to reasonably cooperate in the defense of any effort to set aside or void actions taken pursuant to this Side Letter as a preference, fraudulent conveyance or under any similar provision of any other bankruptcy, insolvency, creditor rights law or currency control regulation or law in any similar proceeding under the laws of any jurisdiction.

11. This Side Letter shall be governed by and construed exclusively in accordance with the laws of the State of New York without regard to the rules of conflict of laws of the State of New York or any other jurisdiction; provided, however, that paragraphs 13 to 14 shall be governed exclusively by English law.

12. To the fullest extent permitted by applicable Law, each Party irrevocably agrees to submit to the exclusive jurisdiction of both (i) the U.S. Bankruptcy Court and the Canadian Court for any claim, action or proceeding arising under or out of, in respect of, or in connection with this Side Letter, if such claim, action, suit or proceeding is brought prior to the entry of a final decree closing the Bankruptcy Cases involving the relevant Depositors pending before such courts, and (ii) the federal courts in the Southern District of New York and the state courts of the State of New York, County of New York if brought after entry of such final decree closing such bankruptcy cases involving the relevant depositors pending before the U.S. Bankruptcy Court or the Canadian Court; provided, however, that the courts of England and Wales shall have exclusive jurisdiction to hear and determine or otherwise settle any claim, action, suit or proceeding brought under paragraphs 13 to

4

14.   Each Party to this Side Letter irrevocably waives any right it may have to object to an action being brought in those courts, to claim that the action has been brought in an inconvenient forum, or to claim that those courts do not have jurisdiction.

13.   It is acknowledged that the Joint Administrators are entering into this Side Letter as agents for the EMEA Debtors to which they are appointed and that Maitre Cosme Rogeau, the French Liquidator of NNSA, and Maitre Frank Michel, the French Administrator "mandatiare ad hoc" of NNSA (collectively the "**NNSA Office Holders**") are entering into this Side Letter as agents of NNSA to which they are appointed and that none of the Joint Administrators, their firm, partners, employees, advisers, representatives or agents or the NNSA Office Holders, their firm, partners, employees, advisers, representatives or agents (in respect of NNSA only) shall incur any personal liability whatsoever whether on their own part or in respect of any failure on the part of any Nortel Group (as defined in the IFSA) company to observe, perform or comply with any of its obligations under this Side Letter or under or in relation to any associated arrangements or negotiations.

14.   The Joint Administrators are a party to this Side Letter: (i) as agents of certain of the respective EMEA Debtors of which they are administrators; and (ii) in their own capacities solely for taking the benefit of the statutory charges under Paragraph 99(3) of Schedule B1 of the Insolvency Act 1986 and enforcing the obligations of certain other parties to this Side Letter.

15.   The Parties may execute this Side Letter in counterparts (no one of which need contain the signatures of all Parties), each of which will be an original and all of which will constitute one and the same instrument.  Facsimile or PDF signatures shall be deemed original signatures.

16.   The provisions of this Side Letter may be waived or amended if, and only if, such amendment or waiver is in writing and is signed by the Depositors, and the Estate Fiduciaries (with a copy thereof to the Bondholder Group) and, if prior to the entry of a final decree closing the Bankruptcy Cases, such amendment or waiver is approved by both the U.S. Bankruptcy Court and the Canadian Court; provided, however, that (i) court approval shall not be required of any applicable court (whether the U.S. Bankruptcy Court or the Canadian Court) if a final decree closing the Bankruptcy Cases pending before such court shall have been entered by such court; and (ii) court approval shall not be required of any court if final decrees terminating the Bankruptcy Cases shall have been entered by the U.S. Bankruptcy Court and the Canadian Court.

17. No failure to exercise, and no delay in exercising, any right, remedy, power or privilege under this Side Letter by any Party will operate as a waiver of such right, remedy, power or privilege, nor will any single or partial exercise of any right, remedy, power or privilege under this Side Letter preclude any other or further exercise of such right, remedy, power or privilege or the exercise of any other right, remedy, power or privilege. No Party shall be deemed to have waived any provision of this Side Letter unless such waiver is in writing, and then such waiver shall be limited to the circumstances set forth in such written waiver.

18. This Side Letter is for the sole benefit of the Parties and their permitted assigns and nothing herein, express or implied, is intended to or shall confer upon any other person any legal or equitable right, benefit or remedy of any nature whatsoever under or by reason of this Side Letter.

19. Except as otherwise expressly provided in this Side Letter, all covenants and agreements set forth in this Side Letter by or on behalf of the Parties will be binding upon and inure to the benefit of the Parties and their respective successors.

20. As required by section 12(g) of the IFSA, NNI has consulted with the Committee and the Bondholder Group (each as defined in the Agreement) and obtained their consent prior to entering into this Side Letter, and as evidenced by signature of the Committee hereto, the Committee consents to this Side Letter.


[Signature pages to follow]



**Copy to**:

The Bondholder Group
c/o Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Attn: Albert A. Pisa and Roland Hlawaty
Phone: 212.530.5000
Via Facsimile: 212.822.5735

IN WITNESS WHEREOF, each of the parties hereto has caused this Side Letter to be executed on the day and year first above written.


NORTEL NETWORKS LIMITED                    NORTEL NETWORKS CORPORATION


By:_____              By:_____
Name:                                     Name:
Title:                                    Title:


By:_____              By:_____
Name:                                     Name:
Title:                                    Title:


NORTEL NETWORKS INC.


By:_____
Name:  John J. Ray III
Title:  Principal Officer


ERNST & YOUNG INC. SOLELY IN ITS          THE OFFICIAL COMMITTEE OF
CAPACITY AS THE MONITOR OF                UNSECURED CREDITORS OF NORTEL
NORTEL NETWORKS CORPORATION ET            NETWORKS INC., ET. AL.
AL., AND NOT IN ITS PERSONAL
CAPACITY                                  By:  AKIN GUMP STRAUSS HAUER & FELD
                                          LLP, as Counsel to the Committee and
                                          authorized signatory and not in its individual
                                          capacity


                                          By:_____
By:_____              Name:
Name:                                     Title:
Title:

**NORTEL NETWORKS INTERNATIONAL INC.**


By:_____
Name:  John J. Ray III
Title:  Principal Officer




**NORTEL ALTSYSTEMS, INC.**


By:_____
Name:  John J. Ray III
Title:  Principal Officer




**NORTEL NETWORKS (CALA) INC.**


By:_____
Name:  John J. Ray III
Title:  Principal Officer

S-2

**SIGNED** in the name and on behalf of **NORTEL NETWORKS KABUSHIKI KAISHA** by

NORTEL NETWORKS INC., as Representative

By:_____
Name:  John J. Ray III
Title:  Principal Officer

**SIGNED** in the name and on behalf of **NORTEL NETWORKS (INDIA) PRIVATE LIMITED** by

NORTEL NETWORKS INC., as Representative

By:_____
Name:  John J. Ray III
Title:  Principal Officer

**SIGNED** in the name and on behalf of **NORTEL TECHNOLOGY EXCELLENCE CENTRE PRIVATE LIMITED** by

NORTEL NETWORKS INC., as Representative

By:_____
Name:  John J. Ray III
Title:  Principal Officer

Side Letter Concerning the Escrow Agreement [Enterprise]

**SIGNED** by and on behalf of **NORTEL NETWORKS TECHNOLOGY CORPORATION** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL NETWORKS DE MEXICO S.A. DE C.V.** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL DE MEXICO S. DE R.L. DE C.V.** by

By:_____
Name:
Title:


By:_____
Name:
Title:

S-4

**SIGNED** by and on behalf of **NORTEL NETWORKS PERU S.A.C.** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL NETWORKS AUSTRALIA PTY. LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **PT NORTEL NETWORKS INDONESIA** by

By:_____
Name:
Title:


By:_____
Name:
Title:

Side Letter Concerning the Escrow Agreement [Enterprise]

**SIGNED** by and on behalf of **NORTEL NETWORKS MALAYSIA SDN. BHD.** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL NETWORKS NEW ZEALAND LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL NETWORKS SINGAPORE PTE. LTD** by

By:_____
Name:
Title:


By:_____
Name:
Title:

**SIGNED** by and on behalf of **NORTEL NETWORKS (ASIA) LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:

Side Letter Concerning the Escrow Agreement [Enterprise]

**SIGNED** by and on behalf of **NORTEL NETWORKS (CHINA) LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:

**SIGNED** by and on behalf of **NORTEL NETWORKS (THAILAND) LTD** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL VIETNAM LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:

Side Letter Concerning the Escrow Agreement [Enterprise]

**SIGNED** by and on behalf of **NORTEL NETWORKS CHILE S.A.** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL NETWORKS TELECOMMUNICATIONS EQUIPMENT (SHANGHAI) CO., LTD.** by

By:_____
Name:
Title:


By:_____
Name:
Title:

S-8

Side Letter Concerning the Escrow Agreement [Enterprise]

**SIGNED** for and on behalf of **Nortel Networks** )  ....................................................................
**UK Limited** (in administration) by )
_____ as Joint )
Administrator (acting as agent and without )
personal liability) in the presence of:

Witness signature

 )
.................................................................... )
Name: )
Address:

**SIGNED** for and on behalf of **Nortel GmbH** (in )  ....................................................................
administration) by _____ as )
Joint Administrator (acting as agent and without )
personal liability) in the presence of: )

Witness signature

.................................................................... )
Name: )
Address: )

Side Letter Concerning the Escrow Agreement [Enterprise]

**SIGNED** for and on behalf of **Nortel Networks** )  .................................................................
**SpA** (in administration) by )
_____ as Joint Administrator )
(acting as agent and without personal liability) in )
the presence of:

Witness signature
)
.............................................................. )
Name: )
Address:

**SIGNED** for and on behalf of **Nortel Networks** )  .................................................................
**Hispania S.A.** (in administration) by )
_____ as Joint Administrator )
(acting as agent and without personal liability) in )
the presence of:

Witness signature
)
.............................................................. )
Name: )
Address:

Side Letter Concerning the Escrow Agreement [Enterprise]

**SIGNED** for and on behalf of **Nortel Networks**  )        ........................................................
**B.V.** (in administration) by                                )
_____ as Joint Administrator                    )
(acting as agent and without personal liability) in            )
the presence of:                                               )


Witness signature

........................................................  )
Name:                                                      )
Address:                                                   )


**SIGNED** for and on behalf of **Nortel Networks**  )        ........................................................
**AB** (in administration) by                                  )
_____ as Joint Administrator                    )
(acting as agent and without personal liability) in            )
the presence of:                                               )


Witness signature

........................................................  )
Name:                                                      )
Address:                                                   )

Side Letter Concerning the Escrow Agreement [Enterprise]

**SIGNED** for and on behalf of **Nortel Networks**          )          ..................................................................
**N.V.** (in administration) by          )
_____ as Joint Administrator          )
(acting as agent and without personal liability) in          )
the presence of:

Witness signature

          )
...............................................................          )
Name:          )
Address:

**SIGNED** for and on behalf of **Nortel Networks**          )          ..................................................................
**(Austria) GmbH** (in administration) by          )
_____ as Joint Administrator          )
(acting as agent and without personal liability) in          )
the presence of:

Witness signature

          )
...............................................................          )
Name:          )
Address:

Side Letter Concerning the Escrow Agreement [Enterprise]

**SIGNED** for and on behalf of **Nortel Networks** )          ..................................................................
**Portugal S.A.** (in administration) by )
_____ as Joint Administrator )
(acting as agent and without personal liability) in )
the presence of:


Witness signature
                                                                          )
..........................................................          )
Name:                                                                )
Address:


**SIGNED** for and on behalf of **Nortel Networks** )          ..................................................................
**s.r.o.** (in administration) by )
_____ as Joint Administrator )
(acting as agent and without personal liability) in )
the presence of:


Witness signature
                                                                          )
..........................................................          )
Name:                                                                )
Address:

Side Letter Concerning the Escrow Agreement [Enterprise]

**SIGNED** for and on behalf of **Nortel Networks** ) ...............................................................
**Polska Sp. z.o.o.** (in administration) by )
_____ as Joint Administrator )
(acting as agent and without personal liability) in )
the presence of:

Witness signature
                                                    )
.........................................................  )
Name:                                               )
Address:

**SIGNED** for and on behalf of **Nortel Networks** ) ...............................................................
**Slovensko s.r.o.** (in administration) by )
_____ as Joint Administrator )
(acting as agent and without personal liability) in )
the presence of:

Witness signature
                                                    )
.........................................................  )
Name:                                               )
Address:

Side Letter Concerning the Escrow Agreement [Enterprise]

**SIGNED** for and on behalf of **Nortel Networks**   )     ..................................................................
**Romania Srl** (in administration) by          )
_____ as Joint Administrator   )
(acting as agent and without personal liability) in   )
the presence of:

Witness signature
                               )
.....................................................................  )
Name:                                 )
Address:

**SIGNED** for and on behalf of **Nortel Networks**   )     ..................................................................
**International Finance & Holding B.V.** (in       )
administration) by _____ as   )
Joint Administrator (acting as agent and without   )
personal liability) in the presence of:

Witness signature
                               )
.....................................................................  )
Name:                                 )
Address:

Side Letter Concerning the Escrow Agreement [Enterprise]

**SIGNED** for and on behalf of **Nortel Networks**  )    ..............................................................
**France S.A.S.** (in administration) by  )
_____ as Joint Administrator  )
(acting as agent and without personal liability) in  )
the presence of:

Witness signature

)
..........................................................  )
Name:  )
Address:

**SIGNED** for and on behalf of **Nortel Networks**  )    ..............................................................
**(Ireland) Limited** (in administration) by David  )
Hughes as Joint Administrator (acting as agent  )
and without personal liability) in the presence of:  )

Witness signature

..........................................................  )
Name:  )
Address:  )

S-16

Side Letter Concerning the Escrow Agreement [Enterprise]

**SIGNED** for and on behalf of **o.o.o. Nortel**          )          ....................................................
**Networks** by _____ as          )
General Director in the presence of:          )
                                                          )

Witness signature

....................................................................
Name:          )
Address:          )
                 )

**SIGNED for and on behalf of NORTEL**          )          ....................................................
**NETWORKS AS by** _____          )
in the presence of:          )
                            )

Witness signature

....................................................................
Name:          )
Address:          )
                 )

Side Letter Concerning the Escrow Agreement [Enterprise]

**SIGNED** by_____ in his            )            .............................................................
own capacity and on behalf of the Joint               )
Administrators without personal liability and         )
solely for the benefit of the provisions of this      )
Agreement expressed to be conferred on or given
to the Joint Administrators:


Witness signature
                                                      )
.........................................................................            )
Name:                                                  )
Address:




**SIGNED** for and on behalf of **NORTEL**            )            .............................................................
**NETWORKS SA (IN ADMINISTRATION)** by                )
_____ as liquidator (acting as       )
agent and without personal liability) and by as       )
administrator (acting as agent and without personal
liability) in the presence of:


Witness signature                                     )
                                                      )
                                                      )
.........................................................................
Name:
Address:


S-18

**SIGNED for and on behalf of NORTEL**  )  ........................................................
**NETWORKS SOUTH AFRICA (PTY) LIMITED by** )
_____ in the presence of: )
              )

**Witness signature**

**...................................................................**
**Name:**            )
**Address:**          )
              )

**SIGNED for and on behalf of NORTEL**  )  ........................................................
**NETWORKS Oy (IN ADMINISTRATION) by** )
_____ as liquidator (acting as agent )
and without personal liability) and by as administrator )
(acting as agent and without personal liability) in the
presence of:

Witness signature         )
              )
....................................................................... )
Name:
Address:

S-19

**SIGNED for and on behalf of NORTEL**       )     .........................................................
**NETWORKS ENGINEERING SERVICES KFT (IN**   )
**ADMINISTRATION) by** _____ as   )
liquidator (acting as agent and without personal liability)  )
and by as administrator (acting as agent and without
personal liability) in the presence of:

Witness signature                          )
                                         )
.........................................................................  )
Name:
Address:

**SIGNED for and on behalf of NORTEL**       )     .........................................................
**NETWORKS AG by** _____ in the   )
presence of:                                 )
                                         )

**Witness signature**

...........................................................................
**Name:**                                       )
**Address:**                                 )
                                        )

Side Letter Concerning the Escrow Agreement [Enterprise]

**Schedule 1**

**Other Sellers**

**Part 1: Other Sellers Represented by NNL**

Nortel Altsystems, Inc. (f/k/a Alteon Websystems, Inc. name change effective 4/30/09)

Nortel Networks Technology Corporation

Nortel Networks Chile S.A.

Nortel Networks de Mexico, S.A. de C.V.

Nortel de Mexico, S. de R.L. de C.V.

Nortel Networks Peru S.A.C.

Nortel Networks Australia Pty Limited

Nortel Networks (India) Private Limited

PT Nortel Networks Indonesia

Nortel Networks Malaysia Sdn. Bhd.

Nortel Networks New Zealand Limited

Nortel Networks Singapore Pte. Limited

Nortel Networks (Asia) Limited

Nortel Networks (China) Limited

Nortel Networks (Thailand) Ltd.

Nortel Vietnam Limited

Nortel Networks Telecommunications Equipment (Shanghai) Co., Ltd.


**Part 2: Other Sellers represented by NNI**

Nortel Networks International Inc.

Nortel Networks (CALA) Inc.

Nortel Technology Excellence Centre Private Limited

Nortel Networks Japan (Japanese name is Nortel Networks Kabushiki Kaisha)

**Part 3: EMEA Filed Entities**

Nortel Networks (Ireland) Limited (in administration)

Nortel GmbH (in administration)

Nortel Networks France SAS (in administration)

Nortel Networks SpA (in administration)

Nortel Networks Hispania SA (in administration)

Nortel Networks B.V. (in administration)

Nortel Networks AB (in administration)

Nortel Networks N.V. (in administration)

Nortel Networks (Austria) GmbH (in administration)

Nortel Networks Polska Sp. z.o.o. (in administration)

Nortel Networks Oy (in administration)

Nortel Portugal SA (in administration)

Nortel Networks s.r.o. (in administration)

Nortel Networks Romania srl (in administration)

Nortel Networks Engineering Services kft (in administration)

Nortel Networks Slovensko s.r.o.


**Part 4: EMEA Non-Filed Entities**

Nortel Networks AS

Nortel Networks AG

Nortel Networks South Africa (Pty) Limited

**<u>Schedule 2</u>**

**Escrow Amendment**

## SECOND AMENDMENT TO ESCROW AGREEMENT

This Second Amendment, dated as of [●], 2011 (this "Amendment") to the Escrow Agreement (as amended, the "Distribution Escrow Agreement"), dated as of December 18, 2009, is by and among (i) Nortel Networks Corporation ("NNC"), (ii) Nortel Networks Limited ("NNL"), (iii) Nortel Networks Inc. ("NNI," and together with NNC and NNL, the "Main Sellers"), (iv) the affiliates of the Main Sellers listed on Schedule A Parts 1 and 2 of the Distribution Escrow Agreement (the "Other Sellers" and, together with the Main Sellers, the "Sellers"), (v) the companies set out in Schedule B Part 1 of the Distribution Escrow Agreement (the "EMEA Filed Entities"), which are acting by Alan Robert Bloom, Stephen John Harris, Alan Michael Hudson and Christopher John Wilkinson Hill of Ernst & Young LLP (other than Nortel Networks (Ireland) Limited (In Administration), for which David Hughes of Ernst & Young Chartered Accountants and Alan Robert Bloom serve as joint administrators (collectively the "Joint Administrators")) who act as agents for the EMEA Filed Entities without any personal liability, (vi) the companies listed in Schedule B Part 2 (the "EMEA Non-Filed Entities"); (vii) Nortel Networks S.A. (in administration and liquidation judiciare) ("NNSA", AND collectively with the EMEA Filed Entities, the EMEA Non-Filed Entities, the Main Sellers and the Other Sellers, the "Depositors")) acting by Maitre Cosme Rogeau, 26, avenue Hoche, 7800 Versailles as *Liquidateur Judiciaire* of NNSA , who acts as agent for NNSA without any personal liability whatsoever, (viii) the Estate Fiduciaries (as defined in the Distribution Escrow Agreement), and (ix) JPMorgan Chase Bank, N.A. ("JPMorgan"),  a national banking association organized and existing under the laws of the United States of America and acting through its TS/Escrow Services Division and solely in its capacity as escrow and distribution agent under the Distribution Escrow Agreement and any successors appointed pursuant to the terms thereof (JPMorgan in such capacity, the "Distribution Agent").  Capitalized terms used but not defined herein shall have the meanings given to them in the Distribution Escrow Agreement.

WITNESSETH:

WHEREAS, the Depositors, the Estate Fiduciaries and the Distribution Agent (the "Parties") desire to amend the Distribution Escrow Agreement.

WHEREAS, on June 6, 2011 and June 7, 2011, the U.S. Bankruptcy Court and the Canadian Court, respectively, approved an amendment to the Distribution Escrow Agreement, dated, [●], 2011, that removed all references to Nortel Networks Israel (Sales and Marketing) Ltd. and Nortel Communications Holdings (1997) Ltd. ("Nortel Communications" and, together with Nortel Sales and Marketing, "Nortel Israel") as a Depositor (as defined in the Distribution Escrow Agreement) under the Distribution Escrow Agreement and provided that the consent of Nortel Israel will no longer be required for any purposes thereunder.

WHEREAS, this Amendment has been approved by both the U.S. Bankruptcy Court and the Canadian Court pursuant to orders dated [●], 2011, as required pursuant to Paragraph 15(a) of the Distribution Escrow Agreement.

WHEREAS, on July [●], 2011 the Parties entered into that certain Side Letter to the Distribution Escrow Agreement (the "Enterprise Escrow Side Letter") pursuant to which the parties to the Enterprise Escrow Side Letter agreed to deliver this Amendment.

WHEREAS, the Parties anticipate that o.o.o. Nortel Networks, aka Nortel Networks o.o.o. ("Nortel Russia") will be placed into voluntary liquidation within approximately one month of the date hereof, and the Parties cannot determine with certainty the length of the liquidation process under applicable Russian law.

NOW, THEREFORE, in consideration of the foregoing, and for other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties hereby agree as follows:

1.      Amendment of Schedule B.  Conditional upon, and with effect from, the transmission of certain payments from sale proceed escrow accounts by their respective distribution agents pursuant to side letters executed on or about the date of the Enterprise Side Letter relating to the sale of the MEN and CVAS businesses of Nortel Russia and its affiliates,

a.      Schedule B of the Distribution Escrow Agreement shall be amended to remove Nortel Russia from the list of EMEA Non-Filed Entities party to the Distribution Escrow Agreement.  Nortel Russia shall immediately and irrevocably cease to be a Depositor under the Distribution Escrow Agreement for any and all purposes, and the consent of Nortel Russia shall no longer be required for any purposes thereunder.

b.      Schedule B of the Distribution Escrow Agreement shall be amended to add Networks International Finance & Holding B.V. ("NNIFH") to the list of EMEA Non-Filed Entities party to the Distribution Escrow Agreement.  NNIFH shall immediately become a Depositor under the Distribution Escrow Agreement for any and all purposes.

2.      Authorization.  Each Party hereto represents to the others that (a) such party has all necessary power and authority to enter into this Amendment; (b) the execution and delivery by such Party of this Amendment has been duly authorized by all requisite corporate or other action on the part of such Party; and (c) this Amendment has been duly executed and delivered by such Party.

3.      Distribution Escrow Agreement Remains in Effect.  This Amendment and the Distribution Escrow Agreement set forth the entire agreement among the Parties with respect to the matters set forth herein.  Except as amended hereby, the Distribution Escrow Agreement shall remain in full force and effect, and nothing herein shall affect any other provision of the Distribution Escrow Agreement or the rights and obligations of the parties thereto.  This Amendment shall be governed by and interpreted and enforced in accordance with the terms of the Distribution Escrow Agreement.

4.      Counterparts.  This Amendment may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same agreement, it being understood that all of the Parties need not sign the same counterpart. All signatures of the parties to this Amendment may be transmitted by facsimile or other electronic means, and such facsimile or other electronic documents will, for all purposes, be deemed to be the original signature of such party whose signature it reproduces, and will be binding upon such party.

*[Signature pages follow.]*

**Copy to**:

The Bondholder Group
c/o Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Attn: Albert A. Pisa and Roland Hlawaty
Phone: 212.530.5000
Via Facsimile: 212.822.5735

NORTEL NETWORKS LIMITED

By:_____
Name:
Title:


By:_____
Name:
Title:


NORTEL NETWORKS INC.


By:_____
Name:  John J. Ray III
Title:  Principal Officer


ERNST & YOUNG INC. SOLELY IN ITS
CAPACITY AS THE MONITOR OF
NORTEL NETWORKS CORPORATION ET
AL., AND NOT IN ITS PERSONAL
CAPACITY


By:_____
Name:
Title:


NORTEL NETWORKS CORPORATION

By:_____
Name:
Title:


By:_____
Name:
Title:


DISTRIBUTION AGENT

JPMorgan Chase Bank, N.A., as Distribution
Agent


By:_____
Name:
Title:


THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF NORTEL
NETWORKS INC., ET. AL.

By:  AKIN GUMP STRAUSS HAUER &
FELD LLP, as Counsel to the Committee and
authorized signatory and not in its individual
capacity


By:_____
Name:
Title:

S-1

**NORTEL NETWORKS INTERNATIONAL INC.**


 By:_____
Name:  John J. Ray III
Title:  Principal Officer




**NORTEL ALTSYSTEMS, INC.**


By:_____
Name:  John J. Ray III
Title:  Principal Officer




**NORTEL NETWORKS (CALA) INC.**


By:_____
Name:  John J. Ray III
Title:  Principal Officer


S-2

**SIGNED** in the name and on behalf of **NORTEL NETWORKS KABUSHIKI KAISHA** by

NORTEL NETWORKS INC., as Representative


By:_____
Name:  John J. Ray III
Title:  Principal Officer


**SIGNED** in the name and on behalf of **NORTEL NETWORKS (INDIA) PRIVATE LIMITED** by

NORTEL NETWORKS INC., as Representative


By:_____
Name:  John J. Ray III
Title:  Principal Officer

**SIGNED** in the name and on behalf of **NORTEL TECHNOLOGY EXCELLENCE CENTRE PRIVATE LIMITED** by

NORTEL NETWORKS INC., as Representative


By:_____
Name:  John J. Ray III
Title:  Principal Officer

**SIGNED** by and on behalf of **NORTEL NETWORKS TECHNOLOGY CORPORATION** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL NETWORKS DE MEXICO S.A. DE C.V.** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL DE MEXICO S. DE R.L. DE C.V.** by

By:_____
Name:
Title:


By:_____
Name:
Title:

S-4

**SIGNED** by and on behalf of **NORTEL NETWORKS PERU S.A.C.** by

By: _____
Name:
Title:


By: _____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL NETWORKS AUSTRALIA PTY. LIMITED** by

By: _____
Name:
Title:


By: _____
Name:
Title:


**SIGNED** by and on behalf of **PT NORTEL NETWORKS INDONESIA** by

By: _____
Name:
Title:


By: _____
Name:
Title:

Second Amendment to Escrow Agreement [Enterprise]

**SIGNED** by and on behalf of **NORTEL NETWORKS MALAYSIA SDN. BHD.** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL NETWORKS NEW ZEALAND LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL NETWORKS SINGAPORE PTE. LTD** by

By:_____
Name:
Title:


By:_____
Name:
Title:

**SIGNED** by and on behalf of **NORTEL NETWORKS (ASIA) LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:

**SIGNED** by and on behalf of **NORTEL NETWORKS (CHINA) LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:

**SIGNED** by and on behalf of **NORTEL NETWORKS (THAILAND) LTD** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL VIETNAM LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:

Second Amendment to Escrow Agreement [Enterprise]

**SIGNED** by and on behalf of **NORTEL NETWORKS CHILE S.A.** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL NETWORKS TELECOMMUNICATIONS EQUIPMENT (SHANGHAI) CO., LTD.** by

By:_____
Name:
Title:


By:_____
Name:
Title:

S-8

**SIGNED** for and on behalf of **Nortel Networks**   )   ................................................................
**UK Limited** (in administration) by Christopher   )
Hill as Joint Administrator (acting as agent and   )
without personal liability) in the presence of:   )


Witness signature

...............................................................   )
Name:   )
Address:   )


**SIGNED** for and on behalf of **Nortel GmbH** (in   )   ................................................................
administration) by Christopher Hill as Joint   )
Administrator (acting as agent and without   )
personal liability) in the presence of:   )


Witness signature

...............................................................   )
Name:   )
Address:   )

Second Amendment to Escrow Agreement [Enterprise]

**SIGNED** for and on behalf of **Nortel Networks**                )        ...............................................................
**SpA** (in administration) by Christopher Hill as              )
Joint Administrator (acting as agent and without             )
personal liability) in the presence of:                                )

Witness signature

...............................................................            )
Name:                                                                                      )
Address:                                                                                   )

**SIGNED** for and on behalf of **Nortel Networks**                )        ...............................................................
**Hispania S.A.** (in administration) by                                )
Christopher Hill as Joint Administrator (acting               )
as agent and without personal liability) in the              )
presence of:

Witness signature

                                                                                                )
...............................................................            )
Name:                                                                                      )
Address:

S-10

**SIGNED** for and on behalf of **Nortel Networks**   )      .................................................................
**B.V.** (in administration) by Christopher Hill as     )
Joint Administrator (acting as agent and without   )
personal liability) in the presence of:           )

Witness signature

.............................................................   )
Name:                                 )
Address:                            )

**SIGNED** for and on behalf of **Nortel Networks**   )      .................................................................
**AB** (in administration) by                )
_____ as Joint         )
Administrator (acting as agent and without     )
personal liability) in the presence of:           )

Witness signature

.............................................................   )
Name:                                 )
Address:                            )

Second Amendment to Escrow Agreement [Enterprise]

**SIGNED** for and on behalf of **Nortel Networks** )            ......................................................
**N.V.** (in administration) by )
_____ as Joint )
Administrator (acting as agent and without )
personal liability) in the presence of:

Witness signature
                                                                )
.................................................................. )
Name:                                                           )
Address:

**SIGNED** for and on behalf of **Nortel Networks** )            ......................................................
**(Austria) GmbH** (in administration) by )
_____ as Joint )
Administrator (acting as agent and without )
personal liability) in the presence of:

Witness signature
                                                                )
.................................................................. )
Name:                                                           )
Address:

Second Amendment to Escrow Agreement [Enterprise]

**SIGNED** for and on behalf of **Nortel Networks**          )          ..................................................................
**Portugal S.A.** (in administration) by          )
_____ as Joint          )
Administrator (acting as agent and without          )
personal liability) in the presence of:

Witness signature

                                                                                    )
..................................................................          )
Name:          )
Address:

**SIGNED** for and on behalf of **Nortel Networks**          )          ..................................................................
**s.r.o.** (in administration) by          )
_____ as Joint          )
Administrator (acting as agent and without          )
personal liability) in the presence of:

Witness signature

                                                                                    )
..................................................................          )
Name:          )
Address:

Second Amendment to Escrow Agreement [Enterprise]

**SIGNED** for and on behalf of **Nortel Networks**                    )          ...................................................
**Polska Sp. z.o.o.** (in administration) by                    )
_____ as Joint                    )
Administrator (acting as agent and without                    )
personal liability) in the presence of:

Witness signature

                    )
.................................................................    )
Name:                    )
Address:

**SIGNED** for and on behalf of **Nortel Networks**                    )          ...................................................
**Slovensko s.r.o.** (in administration) by                    )
_____ as Joint                    )
Administrator (acting as agent and without                    )
personal liability) in the presence of:

Witness signature

                    )
.................................................................    )
Name:                    )
Address:

Second Amendment to Escrow Agreement [Enterprise]

**SIGNED** for and on behalf of **Nortel Networks**    )    ..................................................................
**Romania Srl** (in administration) by    )
_____ as Joint    )
Administrator (acting as agent and without    )
personal liability) in the presence of:

Witness signature
                                        )
..........................................................    )
Name:    )
Address:

**SIGNED** for and on behalf of **Nortel Networks**    )    ..................................................................
**France S.A.S.** (in administration) by    )
_____ as Joint    )
Administrator (acting as agent and without    )
personal liability) in the presence of:

Witness signature
                                        )
..........................................................    )
Name:    )
Address:

S-15

**SIGNED** for and on behalf of **Nortel Networks** )
**(Ireland) Limited** (in administration) by David )
Hughes as Joint Administrator (acting as agent )
and without personal liability) in the presence )
of:

...............................................................

Witness signature
                                                            )
...........................................................    )
Name:                                                       )
Address:

S-16

SIGNED for and on behalf of **o.o.o. Nortel**          )          .................................................................
**Networks** by _____ as          )
General Director in the presence of:          )
          )

Witness signature

.....................................................................
Name:          )
Address:          )
          )

SIGNED for and on behalf of NORTEL          )          .................................................................
NETWORKS AS by _____          )
in the presence of:          )
          )

Witness signature

.....................................................................
Name:          )
Address:          )
          )

Second Amendment to Escrow Agreement [Enterprise]

**SIGNED** for and on behalf of **NORTEL**    )    .................................................................

**NETWORKS INTERNATIONAL FINANCE**    )

**& HOLDING B.V. (IN ADMINISTRATION)**    )

by _____ as liquidator    )

(acting as agent and without personal liability)

and by as administrator (acting as agent and

without personal liability) in the presence of:


    )

Witness signature    )

    )

.............................................................

Name:

Address:


**SIGNED** for and on behalf of **NORTEL**    )    .................................................................

**NETWORKS SA (IN ADMINISTRATION)** by    )

_____ as liquidator (acting as agent    )

and without personal liability) and by as administrator    )

(acting as agent and without personal liability) in the

presence of:


    )

Witness signature    )

    )

.............................................................

Name:

Address:

S-18

**SIGNED for and on behalf of NORTEL**                )          .................................................................
**NETWORKS SOUTH AFRICA (PTY) LIMITED by**            )
_____ in the presence of:            )
                                                      )


**Witness signature**

**......................................................................**
**Name:**                                            )
**Address:**                                         )
                                                      )


**SIGNED for and on behalf of NORTEL**                )          .................................................................
**NETWORKS Oy (IN ADMINISTRATION) by**               )
_____ as liquidator (acting as agent )
and without personal liability) and by as administrator )
(acting as agent and without personal liability) in the
presence of:


Witness signature                                     )
                                                      )
......................................................................   )
Name:
Address:

S-19

**SIGNED for and on behalf of NORTEL**          )         ......................................................
**NETWORKS ENGINEERING SERVICES KFT (IN**      )
**ADMINISTRATION) by** _____ as  )
liquidator (acting as agent and without personal liability)  )
and by as administrator (acting as agent and without
personal liability) in the presence of:

Witness signature                                )
                                                 )
...................................................................  )
Name:
Address:

**SIGNED for and on behalf of NORTEL**          )         ......................................................
**NETWORKS AG by** _____ in the  )
presence of:                                     )
                                                 )

**Witness signature**

**.............................................................**
**Name:**                                        )
**Address:**                                     )
                                                 )

Second Amendment to Escrow Agreement [Enterprise]

**Schedule 3**

**Solvency Certificate**

## SOLVENCY CERTIFICATE

__, 2011

Nortel Networks International Finance & Holding BV
Evert van de Beekstraat, 310 Schiphol Airport
Schiphol, 1118 CX
The Netherlands

Nortel Networks Limited
5945 Airport Road, Suite 360
Mississauga, Ontario, Canada L4V 1R9

Nortel Networks Inc.
Legal Department
4001 E. Chapel Hill – Nelson Hwy.
Research Triangle Park, North Carolina 27709
United States

This solvency certificate (this "Certificate") is delivered to Nortel Networks International Finance & Holding BV, Nortel Networks Limited, and Nortel Networks Inc. in connection with the transactions contemplated by the Side Letter concerning the MEN Escrow Agreement and the Side Letter concerning the CVAS Distribution Escrow Agreement (collectively, as amended, the "Distribution Escrow Agreements") both dated as of August___, 2011 (collectively, the "Side Letters"), entered into by and among (i) the Depositors, (ii) the Estate Fiduciaries, and (iii) JPMorgan Chase Bank N.A. (each as defined in the respective Distribution Escrow Agreement).

I hereby certify to you in good faith as follows:

1.    I am the duly qualified and acting officer of o.o.o. Nortel Networks ("Nortel Russia") incorporated under the laws of the Russian Federation under Main State Registration Number [●] and having its registered office at [●] with responsibility for the management of the financial affairs and the preparation of financial statements of Nortel Russia.

2.    I have carefully reviewed the contents of this Certificate and the meaning of defined terms incorporated herein from the Side Letters and have conferred with legal counsel for Nortel Russia for the purpose of discussing the meaning of its contents.

3.    Attached as Annex A hereto is a true and correct copy of the most recent statement of financial position and results of operations prepared by Nortel Russia and such financial statements present fairly, in all material respects, the financial position and results of operations of Nortel Russia as of the end of and for the period reflected in such statements.

3.    Based upon the foregoing, I have concluded, in good faith and to the best of my

knowledge and belief, that as of the date hereof and after giving effect to all the transactions contemplated by the Side Letter, Nortel Russia shall not meet any Russian Insolvency Test as defined in Annex B as attached hereto.

4.      There are no actions, suits, investigation, proceedings, claims or disputes pending or, to the best knowledge of Nortel Russia, threatened or contemplated, at law, in equity, in arbitration or before any governmental authority, by or against Nortel Russia or any of its assets that either individually or in the aggregate, that could reasonably be expected to cause Nortel Russia to meet any Russian Insolvency Test as defined in Annex B as attached hereto.

On behalf of Nortel Russia, I represent the foregoing information to be true, correct and complete and execute this Certificate as the General Director of Nortel Russia as of the date first written above.

IN WITNESS WHEREOF, the undersigned has duly executed this Certificate as of the date first written above.

**o.o.o. NORTEL NETWORKS**

By:_____

          Name: Vladimir Kasyanik
          Title: General Director

**ANNEX A**
**Nortel Russia Financial Statements**

[To be attached once certified translation finalised]

## ANNEX B
## Definition of Russian Insolvency Test

For the purposes of this Certificate, ***"Russian Insolvency Test"*** means, in respect of an entity incorporated under the laws of the Russian Federation, any of the following:

(a)       it does not discharge the claims of any creditor related to monetary obligations and/or make any mandatory payments (*obyazatel'niye platezhi*) (as such term is defined in the Russian bankruptcy legislation) within 3 (three) months after their due date, and in each case provided such claims satisfy any other relevant criteria imposed by applicable Russian bankruptcy legislation (including, for the avoidance of doubt, requirements in respect of a decision of the court or a relevant authorised body that shall supplement such claims);

(b)       the settlement of claims of one or more creditors makes it impossible for it to discharge its monetary obligations or to make mandatory payments (*obyazatel'niye platezhi*) (as such term is defined in the Russian bankruptcy legislation) and/or other payments in full to its other creditors;

(c)       its general meeting of participants or participants (authorised to do so under its charter or under applicable law) adopt a resolution on its liquidation and is filed with an arbitrazh court to have Nortel Russia adjudged a bankrupt;

(d)       the levying or execution of any judgment, award or order on its property will materially impair or make it impossible for it to carry on its business activity;

(e)       it meets criteria of inability to pay (*priznak neplatezhesposobnosti*) (as such term is defined in the Russian bankruptcy legislation, including, for the avoidance of doubt, requirements in respect of a decision of the court or a relevant authorised body that shall supplement a creditor's claim) and/or criteria of insufficiency of property (*priznak nedostatochnosti imuschestva*) (as such term is defined in the Russian bankruptcy legislation); or

(f)       it meets (but ignoring any requirement for a court determination to this effect) any other criteria sufficient for the commencement of Russian Liquidation Proceedings as specified by applicable Russian bankruptcy legislation.