# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
In re                                                       :   Chapter 11
:
:   Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1]                            :
:   Jointly Administered
Debtors.                                    :
:
:   RE: D.I. 5986
:
------------------------------------------------------------X

## ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND FED. R. BANKR. P. 9019 APPROVING SETTLEMENT AND LOSS PORTFOLIO TRANSFER AGREEMENT WITH LIBERTY MUTUAL INSURANCE COMPANY

Upon the motion dated July 19, 2011 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for the entry of an order, as more fully described in the Motion, pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving that certain Settlement and Loss Portfolio Transfer Agreement dated as of July 18, 2011 (the "LPT Agreement"), by and among NNI, NNC, NNL, the Monitor and Liberty Mutual Insurance Company on behalf of itself and its subsidiaries and affiliated companies including without limitation Helmsman Management Services, LLC (collectively, "Liberty Mutual"), attached as

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

exhibit B to the Motion; and granting the Debtors such other and further relief as the Court deems just and proper; and upon review of the LPT Agreement; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is **GRANTED**.

2. The LPT Agreement is hereby approved.

3. The Court finds that the LPT Agreement is in the best interests of the Debtors, their estates, their creditors and the other parties in interest in these proceedings.

4. The Debtors are authorized, but not directed, pursuant to sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019, to take any and all actions that may be reasonably necessary or appropriate to perform their obligations arising under and to enforce the terms of the LPT Agreement.

5. All proofs of claim filed by Liberty Mutual in these chapter 11 cases are resolved pursuant to the terms of the LPT Agreement. In accordance with the terms of the LPT Agreement, the Debtors owe no further financial obligations to Liberty Mutual with respect to the Covered Agreements.

6. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August 8, 2011
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE