**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- X
                                           :

*In re*                           :       Chapter 11

                                       :

Nortel Networks Inc., *et al.*,[1]     :       Case No. 09-10138 (KG)

                    Debtors.   :       Jointly Administered

                                       :

                                       :       **RE: D.I. _____**

-------------------------------------------------------- X

## ORDER SHORTENING NOTICE RELATING TO DEBTORS'
## MOTION FOR ENTRY OF AN ORDER PURSUANT
## TO 11 U.S.C. §§ 105 AND 363 AND FED. R. BANKR. P. 9019
## APPROVING A SETTLEMENT STIPULATION WITH GENBAND INC.

Upon the motion dated August 11, 2011 (the "Motion"),[2] of Nortel Networks Inc. and its

affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the

"Debtors"), for entry of an order, as more fully described in the Motion, (i) shortening notice to

allow the *Debtors' Motion For Entry Of An Order Pursuant To 11 U.S.C. §§ 105 And 363 And*

*Fed. R. Bankr. P. 9019 Approving A Settlement Stipulation With GENBAND INC.* (the

"Approval Motion"), filed contemporaneously with the Motion, to be considered on an expedited

basis; (ii) setting August 18, 2011 at 4:00 PM (Eastern Time) as the deadline to file objections to

the Approval Motion (the "Objection Deadline"); and (iii) scheduling the hearing on the

Approval Motion for the joint omnibus hearing currently scheduled for August 23, 2011 at 10:00

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]      Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

AM (Eastern Time) (the "Hearing"); and adequate notice of this Motion and the Approval

Motion having been given; and it appearing that no other or further notice is necessary; and the

Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28

U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the

legal and factual bases set forth in the Motion establish just cause for the relief requested in the

Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and

the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      Relief on the Approval Motion will be considered at the hearing scheduled for

**August 23, 2011 at 10:00 AM** (Eastern Time).

3.      Objections, if any, to the Approval Motion shall be filed and served in accordance

with the Local Rules by no later than **August 18, 2011 at 4:00 PM** (Eastern Time).

4.      Notwithstanding any provision in the Bankruptcy Code, the Bankruptcy Rules or

the Local Rules to the contrary, (i) the terms of this Order shall be immediately effective and

enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation,

enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their

discretion and without further delay, take any action and perform any act authorized under this

Order.

5.      The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.


Dated: _____, 2011
            Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY
JUDGE