IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
                                                               :
                                                               :    Chapter 11
*In re*                                                        :
                                                               :    Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                             :
                                                               :    Jointly Administered
                                    Debtors.                   :
                                                               :    RE: D.I. 6138
                                                               :
---------------------------------------------------------------X

**ORDER SHORTENING NOTICE RELATING TO DEBTORS' MOTION
PURSUANT TO 11 U.S.C. §§ 105(A) AND 363 AND FED. R. BANKR. P. 9019
FOR ENTRY OF AN ORDER APPROVING
ADJUSTMENTS TO CERTAIN INTERCOMPANY AGREEMENTS**

Upon the motion dated August 11, 2011 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, (i) shortening notice to allow the *Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 363 and Fed. R. Bankr. P. 9019 for Entry of an Order Approving Adjustments to Certain Intercompany Agreements* (the "Approval Motion") to be considered on an expedited basis; (ii) setting **August 18, 2011 at 4:00 PM (Eastern Time)** as the deadline to file objections to the Approval Motion (the "Objection Deadline"); and (iii) scheduling the hearing on the Approval Motion for the joint omnibus

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

hearing currently scheduled for **August 23, 2011 at 10:00 AM (Eastern Time)** (the "Hearing"); and adequate notice of this Motion and the Approval Motion having been given; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Relief on the Approval Motion will be considered at the hearing scheduled for **August 23, 2011 at 10:00 AM** (Eastern Time).

3. Objections, if any, to the Approval Motion shall be filed and served in accordance with the Local Rules by no later than **August 18, 2011 at 4:00 PM** (Eastern Time).

4. Notwithstanding any provision in the Bankruptcy Code, the Bankruptcy Rules or the Local Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

5.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August 11, 2011
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE