# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
:
In re : Chapter 11
: Case No. 09-10138 (KG)
Nortel Networks Inc., et al., [1] : Jointly Administered
:
Debtors :
:
---------------------------------------------------------------X

## AFFIRMATION

**MICHAEL J. WUNDER** respectfully states and affirms:

1. I am a member of the firm of Fraser Milner Casgrain LLP ("FMC"), which firm maintains offices for the practice of law at 77 King Street West, Suite 400, Toronto-Dominion Centre, Toronto, Ontario, Canada M5K 0A1. FMC has acted as Canadian counsel to and has rendered professional services on behalf of the Official Committee of Unsecured Creditors (the "Committee") of Nortel Networks Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors").

2. This affirmation is submitted pursuant to Bankruptcy Rule 2016(a) in support of FMC's application for interim approval of CDN. $242,654.50 of fees and CDN. $4,764.90 for reimbursement of expenses for services rendered during the period from June 1 to June 30, 2011 (the "Application").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); and Nortel Networks Cable Solutions Inc. (0567).

3.  I have reviewed the requirements of rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware and submit that the Application substantially complies with such rule.

4.  All services for which compensation is requested by FMC were professional services performed for and on behalf of the Committee and not on behalf of any other person.

5.  I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information, and belief.

6.  In accordance with Title 18 U.S.C. § 155, neither I nor any member or associate of my firm has entered into any agreement, express, or implied, with any other party in interest for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the Debtors' estates.

7.  In accordance with section 504 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), no agreement or understanding exists between me, my firm, or any member or associate thereof, on the one hand, and any other person, on the other hand, for division of such compensation as my firm may receive for services rendered in connection with these cases, nor will any division of fees prohibited by section 504 of the Bankruptcy Code be made by me or any partner or associate of my firm.

_____
MICHAEL J. WUNDER

Dated: Toronto, Ontario
August 12, 2011