**EXHIBIT B**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
:
*In re*                                                    :                   Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                          :                   Case No. 09-10138 (KG)
:
                  Debtors.           :                   Jointly Administered
:
------------------------------------------------------X

## STIPULATION RESOLVING CLAIMS BY AND BETWEEN EMERSON ELECTRIC CO., NORTEL NETWORKS INC. AND NORTEL NETWORKS (CALA) INC.

This stipulation (the "Stipulation") is entered into by and between Nortel

Networks Inc. ("NNI") and Nortel Networks (CALA) Inc. (the "Nortel Debtors") and

Emerson Electric Co. ("Emerson") on behalf of its wholly-owned subsidiaries including

(1) Emerson Network Power – Embedded Computing, Inc.; (2) Emerson, Energy

Systems, North America, Inc. and (3) Astec America, Inc. ("Claimants," and together

with the Nortel Debtors, the "Parties"). The Parties hereby stipulate and agree as follows:

WHEREAS, on January 14, 2009 and July 14, 2009 (the "Petition Dates"), Nortel

Networks Inc. and its affiliated debtors and debtors in possession (the "Debtors") filed

voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Code") in the United States Bankruptcy Court for the District of Delaware (the

"Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, the Debtors' ultimate corporate parent Nortel Networks Corporation

("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together

with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their

Canadian affiliates (collectively, the "Canadian Debtors")[2] commenced a proceeding on

January 14, 2009 with the Ontario Superior Court of Justice (the "Canadian Court")

under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief

from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst &

Young Inc. (the "Monitor"), was appointed by the Canadian Court; and

WHEREAS, the Bankruptcy Court established the general bar dates of September

30, 2009 (other than for claims against Nortel Networks (CALA) Inc.) and January 25,

2010 (for claims against Nortel Networks (CALA) Inc.) for filing proofs of claim in these

cases; and

WHEREAS, the Parties have engaged in arm's-length negotiations and, in order

to avoid the cost and risk inherent in litigating the claims and the other contested issues

outlined herein, the Parties have agreed to this Stipulation to resolve their disputes; and

WHEREAS, on or about September 24, 2009, Claimant Astec America, Inc. filed

proof of claim number 3552 for goods and repair services in the amount of $132,939.52

against NNI ("Claim No. 3552"); and

WHEREAS, on or about September 24, 2009, Claimant Emerson Network Power

– Embedded Computing, Inc. filed proof of claim number 3553 for goods and repair

---

[2]     The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology
Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

services in the amount of $1,684,451.50 against NNI and asserted $245,546.64 of that amount was secured and that the remainder of the claim, $1,438,904.86, was unsecured ("Claim No. 3553"); and

WHEREAS, on or about September 24, 2009, Claimant Emerson Network Power, Energy Systems, North America, Inc. filed proof of claim number 3554 for goods and repair services in the amount of $355,196.38 against NNI ("Claim No. 3554"); and

WHEREAS, on or about September 24, 2009, Claimant Astec America, Inc. filed proof of claim number 3555 for goods sold within 20 days of the commencement of the estate and goods sold in the ordinary course of the Debtor's business in the amount of $8,542.31 against NNI, all of which it asserted was entitled to priority under 11 U.S.C. § 503(b)(9) ("Claim No. 3555"); and

WHEREAS, on or about September 24, 2009, Claimant Emerson Network Power – Embedded Computing, Inc. filed proof of claim number 3556 for goods sold within 20 days of the commencement of the estate and goods sold in the ordinary course of the Debtor's business in the amount of $222,220.15 against NNI, all of which it asserted was entitled to priority under 11 U.S.C. §503(b)(9) ("Claim No. 3556"); and

WHEREAS, on or about September 24, 2009, Claimant Emerson Network Power, Energy Systems, North America, Inc. filed proof of claim number 3557 for goods sold within 20 days of the commencement of the estate and goods sold in the ordinary course of the Debtor's business in the amount of $29,837.25 against NNI, all of which it asserted was entitled to priority under 11 U.S.C. §503(b)(9) ("Claim No. 3557"); and

3

WHEREAS, on or about January 22, 2010, Claimant Astec America, Inc. filed proof of claim number 6859 for repair services in the amount of $9,039.32 against Nortel Networks (CALA) Inc. ("Claim No. 6859"); and

WHEREAS, on or about January 22, 2010, Claimant Emerson Network Power – Embedded Computing, Inc. filed proof of claim number 6860 for goods and repair services against Nortel Networks (CALA) Inc. in the amount of $530.00 ("Claim No. 6860"); and

WHEREAS, the Parties have agreed that the proofs of claim for Claim Nos. 3552, 3553, 3554, 3556, 3557, 6859 and 6860 (together with Claim No. 3555, the "Claims") support valid claims in the following amounts (the "Supported Claim Amounts"): Claim No. 3552 supports a valid general unsecured claim in the amount of $132,939.52; Claim No. 3553 supports a valid general unsecured claim in the amount of $1,303,277.18; Claim No. 3554 supports a valid general unsecured claim in the amount of $348,710.73; Claim No. 3556 supports a valid claim with administrative priority under 11 U.S.C. § 503(b)(9) in the amount of $222,220.15; Claim No. 3557 supports a valid claim with administrative priority under 11 U.S.C. § 503(b)(9) in the amount of $4,033.50; Claim No. 6859 supports a valid general unsecured claim in the amount of $9,039.32; and Claim No. 6860 supports a valid general unsecured claim in the amount of $530.00; and

WHEREAS, the Parties have agreed that the amounts claimed in Claim No. 3555 are not entitled to administrative priority and are duplicative of amounts claimed in Claim No. 3552, and that Claim No. 3555 should be disallowed in full; and

4

WHEREAS, the Parties have agreed that there are contested issues beyond the scope of the Claims that they will also resolve in this Stipulation, resulting in agreed upon adjustments to the amounts to be allowed in certain of the Claims; and

WHEREAS, on January 12, 2009, the Parties entered into a Letter Agreement, under which "Nortel Networks," together with "its subsidiaries," were entitled to a credit in the amount of $859,000.00 to be applied to outstanding accounts receivable owed by Nortel Networks and its subsidiaries to "Emerson and its affiliates" in settlement of a warranty dispute (the "Warranty Settlement Credit"); and

WHEREAS, on September 16, 2010, the Court entered an order approving a cross-border claims protocol establishing procedures to promote coordination and cooperation between the Debtors and the Canadian Debtors in the resolution of certain claims filed in these chapter 11 cases and the Canadian Proceedings that raise cross-border issues [D.I. 3956]; and

WHEREAS, the Debtors and the Canadian Debtors have agreed on a methodology to apply the Warranty Settlement Credit to the claims respectively filed in the Debtors' cases and in the Canadian Proceedings; and

WHEREAS the Parties have agreed to reduce certain of the Claims by $743,035.00 based on the amount of the Warranty Settlement Credit agreed upon by the Debtors and the Canadian Debtors as attributable to the Debtors in the following amounts: (1) the Supported Claim Amount of Claim No. 3553 will be reduced by $733,465.68; (2) Claim No. 6859 will be disallowed in full and expunged; and (3) Claim No. 6860 will be disallowed in full and expunged; and

WHEREAS, while reconciling their books and records after the Petition Date, the Debtors discovered that 51 NTRY58AB components (the "Components") were missing from their location on consignment at an Emerson warehouse, and only 32 of those NTRY58AB components were able to be located; and

WHEREAS, the Parties have agreed that the Stipulation incorporates the resolution of NNI's claim for damages stemming from the loss of the Components (the "Component Damages"), whereby the Supported Claim Amount of Claim No. 3556 will be reduced by $154,147.00, the agreed value of the Components that remain missing, and the 32 located Components will be transferred by Emerson to NNI; and

WHEREAS, NNI's books and records indicate that within ninety (90) days prior to the Petition Date, NNI made one or more transfers of an interest in its property to or for the benefit of Astec America, Inc. in the aggregate amount of $164,213.43 (the "Transfers") and that on November 9, 2010, the Debtors sent counsel for Astec America, Inc. a letter seeking to avoid and recover the Transfers pursuant to 11 U.S.C. § 547 (the "Avoidance Claim"); and

WHEREAS, the Parties have agreed that the Stipulation incorporates the resolution of the Avoidance Claim, whereby the Supported Claim Amount of Claim No. 3556 (administrative priority) will be reduced by $25,000.00 (the "Avoidance Claim Settlement Amount") and that the Supported Claim Amount of Claim No. 3552 (unsecured) will be increased by $25,000.00 to $157,939.52; and

WHEREAS, the Debtors are concurrently filing with this Stipulation the Thirty-Third Notice of Rejection of Executory Contract(s) and/or Nonresidential Real Property Lease(s) by Debtors and Debtors in Possession, rejecting the OEM Purchase and Sale

6

Agreement between Nortel Networks Inc. and Motorola, Inc., with an effective date of

April 14, 2005, which was assigned to Emerson Network Power – Embedded Computing,

Inc. on December 31, 2007 (the "OEM Agreement"), as well all schedules, appendices,

amendments, addenda, notices of assignment, and all other documents, agreements, or

work orders executed or issued by any party or parties pursuant to the OEM Agreement

(the "Contract Rejection"); and

WHEREAS, the Parties have agreed that as a result of the Contract Rejection,

Emerson is entitled to a pre-petition general unsecured claim for rejection damages in the

amount of $51,273.00 based on last-time-buy commitments memorialized in the OEM

Agreement (the "Rejection Damages Claim"), and that in consideration of the Rejection

Damages Claim, the Supported Claim Amount of Claim No. 3553 will be increased by

$51,273.00 and Emerson and its affiliates have agreed to waive the assertion of any and

all further claims related to or arising out of the Contract Rejection; and

WHEREAS, the Parties have therefore agreed that the Warranty Settlement

Credit, the Component Damages, the Avoidance Claim and the Contract Rejection

(together, the "Additional Contested Issues") and the Claims should be resolved as

follows (the "Stipulated Claim Amounts"):  Claim No. 3552 will be allowed as a general

unsecured claim in the amount of $157,939.52; Claim No. 3553 will be allowed as a

general unsecured claim in the amount of $621,084.50; Claim No. 3554 will be allowed

in the full Supported Claim Amount of $348,710.73; the amounts claimed in Claim No.

3555 are not entitled to administrative priority and are duplicative of amounts claimed in

Claim No. 3552, so Claim No. 3555 will be disallowed in full and expunged; Claim No.

3556 will be allowed as an administrative priority claim under 11 U.S.C. § 503(b)(9) in

7

the amount of $43,073.15; Claim No. 3557 will be allowed in the full Supported Claim Amount of $4,033.50; Claim No. 6859 will be disallowed in full and expunged; and Claim No. 6860 will be disallowed in full and expunged; and

WHEREAS, the Claimants have agreed to waive all claims except as explicitly provided herein.

NOW, THEREFORE, the Parties agree and stipulate as follows:

1. <u>Resolution of Claims</u>. Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation:

(a) Claim No. 3552 shall be an allowed general unsecured claim by Claimant Astec America, Inc. against NNI in the Stipulated Claim Amount of $157,939.52.

(b) Claim No. 3553 shall be an allowed general unsecured claim by Claimant Emerson Network Power – Embedded Computing, Inc. against NNI in the Stipulated Claim Amount of $621,084.50.

(c) Claim No. 3554 shall be an allowed general unsecured claim by Claimant Emerson Network Power, Energy Systems, North America, Inc. against NNI in the Stipulated Claim Amount of $348,710.73.

(d) Claim No. 3556 shall be an allowed administrative priority claim by Claimant Emerson Network Power – Embedded Computing, Inc. against NNI in the Stipulated Claim Amount of $43,073.15.

(e) Claim No. 3557 shall be an allowed administrative priority claim by Claimant Emerson Network Power, Energy Systems, North America, Inc. against NNI in the Stipulated Claim Amount of $4,033.50.

(f) The allowance of the claims described in paragraph 1(a)-(e) shall be granted in full satisfaction of any and all claims that have been or could have been asserted in the Claims and shall amend and supersede any and all claim amounts the Debtors list on their schedules filed with the Bankruptcy Court. Claimants shall not have any further claims against the Debtors, based on the Debtors' schedules.

(g) Claim Nos. 3555, 6859 and 6860 shall be disallowed in their entirety and expunged.

(h) Within ten (10) days of the entry of an order by the Bankruptcy Court approving this Stipulation, Emerson will transfer to NNI, at its own cost, the 32 located Components.

2. <u>Release</u>. Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, Claimants release and forever discharge the Debtors and their respective current and former affiliates, subsidiaries, shareholders, directors, officers, employees, agents, attorneys, and their personal representatives, successors and assigns, from any and all liability from any claims, defenses, demands, liabilities and obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attorney's fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated which Claimants now have or hereafter may have arising from or related to the Claims or the Additional Contested Issues resolved herein, except to the extent the Claims are allowed under paragraph 1.

3. <u>No Further Claims</u>. Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, Claimants shall be forever barred from (i) amending the

Claims or (ii) filing or otherwise asserting any further claim against any of the Debtors in the Debtors' Chapter 11 cases.

4.   Binding Effect.   Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, this Stipulation and the Order approving the Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' Chapter 11 cases.   Emerson represents that it has the ability and authority to negotiate and agree to the resolution of these matters on behalf of its wholly-owned subsidiaries, including but not limited to Emerson Network Power-Embedded Computing, Inc.; Emerson, Energy Systems, North America, Inc.; and Astec America, Inc.

5.   Entire Agreement.   This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement between the Parties.

6.   No Transfer.   Claimants represent that they have not sold, assigned or otherwise transferred the Claims or any of the claims being released pursuant to this Stipulation to a third party.

7.   No Admissions.   Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of any legal issue raised in or relating to the Claims.

8.   Costs and Expenses.   Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of

this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

9. <u>Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

10. <u>Manner of Execution</u>. This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

11. <u>Court Approval</u>. All provisions of this Stipulation are subject to the approval of the Bankruptcy Court. In the event this Stipulation is not approved, the Parties reserve all of their rights and defenses with respect to the Claims and the Additional Contested Issues, and this proposed settlement shall not constitute an admission by the Debtors or their affiliates regarding the validity of the Claims or the Rejection Damages Claim or that they have any liability thereunder.

12. <u>Claims Register</u>. The Debtors, the Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties

have executed this Stipulation.

Dated: Aug. 12, 2011

| Nortel Networks Inc.<br>Nortel Networks (CALA) Inc. | Emerson Electric Co., on behalf of Emerson<br>Network Power – Embedded Computing, Inc.;<br>Emerson, Energy Systems, North America, Inc.<br>and Astec America, Inc. |
|---|---|
| By: _____<br>John J. Ray, III<br>Principal Officer | By: _____<br>Name: MATTHEW DEAN<br>Title: VP & GENERAL COUNSEL NETWORK POWER |

12