this Stipulation constitutes a concession of any legal issue raised in or relating to the Motions or the Appeal.

9.      Final Settlement and No Further Adjustments.  From and after the Settlement Date the Parties shall be forever estopped and barred from seeking further purchase price adjustments under the Sale Agreement, and the payments made pursuant to this Stipulation shall constitute a full and final satisfaction of all claims for purchase price adjustments under sections 2.2.3.1 and 2.2.3.2 of the Sale Agreement.

10.      Costs and Expenses.  Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of the Motions, the Appeal and this Stipulation and to not seek from the other Parties reimbursement of any such costs, expenses or attorneys' fees.

11.      Governing Law.  This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York without regard to the rules of conflict of laws of any other jurisdiction that would cause any laws other than the laws of the State of New York to be applied.

12.      Jurisdiction.  The Parties agree that the Courts shall have exclusive jurisdiction over all matters involving or relating to the interpretation, implementation, and enforcement of this Stipulation and any disputes arising in connection therewith, and each Party hereby expressly submits to the jurisdiction of the Courts.

13.      Jury Waiver.  Each Party hereby waives, to the fullest extent permitted by applicable law, any right it may have to a trial by jury in respect of any litigation directly or indirectly arising out of, under or in connection with this Stipulation or any transaction contemplated hereby or thereby.  Each Party (i) certifies that no representative, agent or attorney

15

of any other Party has represented, expressly or otherwise, that such other Party would not, in the event of litigation, seek to enforce the foregoing waiver and (ii) acknowledges that it and the other Parties hereto have been induced to enter into this Stipulation, by, among other things, the mutual waivers and certifications in this paragraph.

14.   Binding Effect. This Stipulation shall be binding on the Parties from the date the Approval Orders becomes final and not subject to further appeal and shall continue to be binding after the conclusion of the chapter 11 cases and the Canadian Proceedings.

15.   Signing Authority. The Parties represent and warrant to each other that the signatories to this Stipulation on their respective behalf have full power and authority to enter into it.

16.   Joint Administrators as Agents. For all purposes of this Stipulation, the Joint Administrators act without personal liability as agents of the EMEA Debtors which are party hereto and each of Nortel Networks ooo and Nortel Networks AG hereby irrevocably appoints the Joint Administrators as its representative. Pursuant to this clause, the Joint Administrators shall expressly have the power to, in the name of and on behalf of each EMEA Debtor which is party hereto and each of Nortel Networks ooo and Nortel Networks AG, as its agent and without personal liability, take all decisions and carry out all actions required or desirable in connection with this Stipulation. The Joint Administrators are party to this Stipulation solely for the purposes of obtaining the benefit of this and the other clauses expressed to be in their favour and for the purposes of Section 7(b).

17.   French Liquidator as Agents.  For all purposes of this Stipulation, the French Liquidator acts without personal liability as agent of NNSA.

18.     The Israeli Representatives as Agents.  NNI and NNUK are signing this letter on

behalf of Nortel Networks Israel (Sales and Marketing) Limited as attorneys-in-fact pursuant to

that certain Irrevocable Power of Attorney dated as of July 10, 2011, each acting as agent and

without personal liability.

19.     Reservation of Rights.  Except as expressly set out herein, nothing herein shall

constitute an amendment, modification or waiver of any provision of the Sale Agreement or any

other Transaction Document or of any rights of the Sellers or the Purchaser thereunder.

20.     Entire Agreement.  This Stipulation and the Approval Orders contain the entire

understanding of the Parties with respect to the matters addressed herein, and all prior

discussions among the Parties concerning such matters are merged herein.  There are no

representations, warranties, covenants, promises, or undertakings except those expressly set forth

herein.

21.     Manner of Execution.  The Parties may execute this Stipulation in counterparts,

and all executed counterparts shall collectively be deemed to be one and the same instrument.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated:  August 11, 2011

GENBAND US LLC

By _____
Name:
Title:

IN WITNESS WHEREOF, each of the parties hereto has caused this Agreement to be executed on the day and year first above written.

NORTEL NETWORKS LIMITED                   NORTEL NETWORKS CORPORATION

By:_____                By:_____
Name:                                      Name:
Title:                                     Title:


By:_____                By:_____
Name:                                      Name:
Title:                                     Title:


NORTEL NETWORKS INC.


By:_____
Name:  John Ray
Title:   Principal Officer

**NORTEL NETWORKS TECHNOLOGY CORPORATION**

By:_____
Name:
Title:


By:_____
Name:
Title:


**NORTEL NETWORKS DE MEXICO, S.A. DE C.V.**

By:_____
Name:
Title:


By:_____
Name:
Title:


**NORTEL DE MEXICO, S. DE R.L. DE C.V.**

By:_____
Name:
Title:


By:_____
Name:
Title:


**NORTEL NETWORKS PERU S.A.C.**

By:_____
Name:
Title:


By:_____
Name:
Title:

**NORTEL NETWORKS AUSTRALIA PTY LIMITED**

By:_____
Name:
Title:


By:_____
Name:
Title:


**NORTEL NETWORKS (INDIA) PRIVATE LIMITED**

By:_____
Name:
Title:


By:_____
Name:
Title:


**PT NORTEL NETWORKS INDONESIA**

By:_____
Name:
Title:


By:_____
Name:
Title:


**NORTEL NETWORKS MALAYSIA SDN. BHD.**

By:_____
Name:
Title:


By:_____
Name:
Title:

**NORTEL NETWORKS NEW ZEALAND LIMITED**

By:_____
Name:
Title:


By:_____
Name:
Title:


**NORTEL NETWORKS SINGAPORE PTE. LIMITED**

By:_____
Name:
Title:


By:_____
Name:
Title:


**NORTEL NETWORKS (ASIA) LIMITED**

By:_____
Name:
Title:


By:_____
Name:
Title:


**NORTEL NETWORKS (CHINA) LIMITED**

By:_____
Name:
Title:


By:_____
Name:
Title:

**NORTEL NETWORKS (THAILAND) LTD.**

By:_____
Name:
Title:

By:_____
Name:
Title:

**NORTEL VIETNAM LIMITED**

By:_____
Name:
Title:

By:_____
Name:
Title:

**NORTEL NETWORKS DE ARGENTINA, S.A.**

By:_____
Name:
Title:

By:_____
Name:
Title:

**NORTEL NETWORKS INTERNATIONAL INC.**

By:_____
Name:  John Ray
Title:   Principal Officer

**NORTEL NETWORKS (CALA) INC.**

By:_____
Name:  John Ray
Title:   Principal Officer


**NORTEL NETWORKS KABUSHIKI KAISHA**

By:_____
Name:
Title:


**NORTEL NETWORKS DE GUATEMALA, LTDA.**

By:_____
Name:
Title:

**SIGNED** for and on behalf of **NORTEL**                )    …………………………………………..
**NETWORKS UK LIMITED** (in                              )    _____
administration) by _____ as Joint                  )
Administrator (acting as agent and without              )
personal liability) in the presence of:                  )

Witness signature

…………………………………………..                                  )
Name:                                                    )
Address:                                                 )


**SIGNED** for and on behalf of **NORTEL**                )    …………………………………………..
**NETWORKS NV** (in administration) by                   )    _____
_____ as Joint Administrator                       )
(acting as agent and without personal liability)        )
in the presence of:                                      )

Witness signature

…………………………………………..                                  )
Name:                                                    )
Address:                                                 )


**SIGNED** for and on behalf of **NORTEL**                )    …………………………………………..
**NETWORKS SPA** (in administration) by                  )    _____
_____ as Joint Administrator                       )
(acting as agent and without personal liability)        )
in the presence of:                                      )

Witness signature

…………………………………………..                                  )
Name:                                                    )
Address:                                                 )

**SIGNED** for and on behalf of **NORTEL**   )
**NETWORKS (IRELAND) LIMITED** (in   )   …………………………………………..
administration) by _____ as Joint   )   _____
Administrator (acting as agent and without   )
personal liability) in the presence of:   )


Witness signature

…………………………………………   )
Name:   )
Address:   )

**SIGNED** for and on behalf of **NORTEL** )    ...................................................
**NETWORKS FRANCE S.A.S.** (in )    _____
administration) by _____ acting as )
authorised representative for _____as )
Joint Administrator (acting as agent and without )
personal liability) in the presence of: )


Witness signature

...................................................... )
Name: )
Address: )

**SIGNED** by _____ )        ..................................................
Duly authorized for and on behalf of **O.O.O.** )        _____
**NORTEL NETWORKS** in the presence of: )


Witness signature

.................................................... )
Name: )
Address: )

**SIGNED** for and on behalf of **Nortel Networks**        )
**Israel (Sales and Marketing) Limited** (in               )
administration) by _____ for and on                )
behalf of Nortel Networks Inc. and by
_____as Joint Administrator for           )        ...........................................................
and on behalf of Nortel Networks UK Limited                )
(in administration) (each acting as attorney-in-           )
fact and agent and without personal liability) in          )
the presence of:                                           )
                                                           )


Witness signature

                                                           )
Name:                                                      )
Address:                                                   )

**SIGNED** by _____                      )       ...................................................
Duly authorized for and on behalf of **NORTEL**   )       _____
**NETWORKS AG** in the presence of:               )

Witness signature

...................................................   )
Name:                                                )
Address:                                             )

**SIGNED** for and on behalf of **NORTEL**   )     …………………………………………
**NETWORKS S.A.** (in administration and   )     _____
secondary proceedings) by _____ as   )
_____ (acting as agent and without   )
personal liability) in the presence of:   )

Witness signature

…………………………………………   )
Name:   )
Address:   )

**SIGNED** for and on behalf of **NORTEL**            )        ...............................................
**NETWORKS BV** (in administration) by                )        _____
_____ as Joint Administrator               )
(acting as agent and without personal liability)     )
in the presence of:                                  )

...............................................
Witness signature

                                                     )
Name:                                                )
Address:                                             )

**SIGNED** for and on behalf of **NORTEL**            )        ...............................................
**NETWORKS POLSKA SP Z.O.O.** (in                     )        _____
administration) by _____ as                 )
Joint Administrator (acting as agent and without     )
personal liability) in the presence of:              )

Witness signature

...............................................      )
Name:                                                )
Address:                                             )

**SIGNED** for and on behalf of **NORTEL**            )        ...............................................
**NETWORKS HISPANIA S.A.** (in                        )        _____
administration) by _____ as                 )
Joint Administrator (acting as agent and without     )
personal liability) in the presence of:              )

Witness signature

...............................................      )
Name:                                                )
Address:                                             )

**SIGNED** for and on behalf of **NORTEL**          )          ................................................
**NETWORKS (AUSTRIA) GMBH** (in          )          _____
administration) by _____ as          )
Joint Administrator (acting as agent and without          )
personal liability) in the presence of:          )


Witness signature

........................................          )
Name:          )
Address:          )


**SIGNED** for and on behalf of **NORTEL**          )          ................................................
**NETWORKS PORTUGAL SA** (in          )          _____
administration) by _____ as          )
Joint Administrator (acting as agent and without          )
personal liability) in the presence of:          )


Witness signature

........................................          )
Name:          )
Address:          )


**SIGNED** for and on behalf of **NORTEL**          )          ................................................
**GMBH** (in administration) by          )          _____
_____ as Joint Administrator          )
(acting as agent and without personal liability)          )
in the presence of:


Witness signature

........................................          )
Name:          )
Address:          )

**SIGNED** for and on behalf of **NORTEL**
**NETWORKS SLOVENSKO S.R.O.** (in
administration) by
 
 
_____
as Joint Administrator (acting as agent and
without personal liability) in the presence of:

)
)
)
)
)
)

…………………………………………
_____

Witness signature

…………………………………….
Name:
Address:

)
)
)

**SIGNED** for and on behalf of **NORTEL**
**NETWORKS S.R.O.** (in administration) by
 
_____
as Joint Administrator (acting as agent and
without personal liability) in the presence of:

)
)
)
)
)

…………………………………………
_____

Witness signature

…………………………………….
Name:
Address:

)
)
)

**SIGNED** for and on behalf of **NORTEL**
**NETWORKS ROMANIA S.R.L.** (in
administration) by
 
_____
as Joint Administrator (acting as agent and
without personal liability) in the presence of:

)
)
)
)
)
)

…………………………………………
_____

Witness signature

…………………………………….
Name:
Address:

)
)
)

**SIGNED** for and on behalf of **NORTEL**          )          ..................................................
**NETWORKS AB** (in administration) by             )          _____
_____ as Joint Administrator             )
(acting as agent and without personal liability)   )
in the presence of:                                )


Witness signature

..................................................          )
                                                            )
Name:                                                       )
Address:

**SIGNED** by                                          )        ...........................................
                                                       )
in his own capacity and on behalf of the Joint  )
Administrators without personal liability and
solely for the purpose of obtaining the benefit
of the provisions of this Stipulation expressed
to be conferred on or given to the Joint Ad-
ministrators in the presence of:


Witness signature

.....................................................  )
Name:                                                  )
Address:                                               )

APPENDIX "D"

[ATTACHED]

**EXECUTION VERSION**

[• ] August 2011

To:    Nortel Networks Corporation ("**NNC**")
Nortel Networks Limited ("**NNL**")
Nortel Networks Inc. ("**NNI**")
Nortel Networks UK Limited (in administration) ("**NNUK**")
Nortel Networks S.A. (in administration and liquidation judiciare) ("**NNSA**")
Nortel Networks International Finance & Holding B.V. (in administration) ("**NNIFH**")
o.o.o. Nortel Networks ("**Nortel Russia**")
The Joint Administrators
The Estate Fiduciaries
The other parties listed in Schedule 1 hereto

**Side Letter concerning the MEN Distribution Escrow Agreement**

Reference is made to the MEN Distribution Escrow Agreement (as amended, the "**Agreement**") dated 19 March 2010 by and between the Depositors, the Estate Fiduciaries, and JPMorgan (each as defined in the Agreement)

This letter (the "**Side Letter**") documents the agreement of NNC, NNL, NNI, NNUK, NNSA, NNIFH, Nortel Russia, the Joint Administrators, the Estate Fiduciaries and the other parties listed in Schedule 1 hereto (each individually a "**Party**" and together, the "**Parties**") as to certain matters relating to Nortel Russia.

In this Side Letter, unless the subject or context otherwise requires, words defined in the Agreement shall have the same meanings when used herein.

It is anticipated that within approximately two months of the date of this Side Letter Nortel Russia will be placed into voluntary liquidation in Russia and a liquidator (the "**Liquidator**") will be appointed to wind down the operations of Nortel Russia, including investigation of the claims of Nortel Russia's various creditors and the discharge of any such claims (the "**Liquidation**"). As of the date of this Side Letter, Nortel Russia has neither been placed into insolvent liquidation proceedings or receivership nor determined by any governmental or judicial authority of the Russian Federation to meet the Russian Insolvency Test as defined in Annex B to the Solvency Certificate (as defined below) (each, an "**Insolvency Event**").

Subject to the satisfaction of all the terms and conditions set forth herein, and for the good and valuable consideration set forth herein, the value of which is hereby acknowledged, the undersigned hereby confirm and agree as follows:

1. Following and by no later than five (5) Business Days after the date of the Court Approvals (as defined below), provided that Liquidation has not yet commenced, the Liquidator has not yet been appointed, and no Insolvency Event has occurred, pursuant to Section 15(a) of the Agreement and the terms of the IFSA as applicable to the Parties, the Depositors (except for certain liquidating Depositors in respect of which specific approvals have been received from the U.S. Bankruptcy Court and the Canadian Court), the Estate Fiduciaries and the Distribution Agent shall execute an amendment to the Agreement, substantially in the form attached hereto as Schedule 2, that amends the Agreement to remove all references to Nortel Russia as a Depositor, such that Nortel Russia shall, subject to the terms of the assignment pursuant to paragraph 5 below, have no further rights or obligations under the Agreement, including but not limited to those rights accorded to Depositors under Section 5(a) of the Agreement (the "**Amendment**").

2. Following and by no later than five (5) Business Days after the date of the Court Approvals (as defined below), provided that Liquidation has not yet commenced, the Liquidator has not yet been appointed, and no Insolvency Event has occurred, the General Director of Nortel Russia shall execute and deliver a certificate of solvency, substantially in the form attached hereto as Schedule 3, to NNIFH, NNL, and NNI, with a copy to the other Parties (the "**Solvency Certificate**").

3. By no later than five (5) Business Days after the later of the date of the execution of the Amendment and the receipt of the Solvency Certificate by NNL, NNI, and NNIFH, and provided that Liquidation has not yet commenced, the Liquidator has not yet been appointed, and no Insolvency Event has occurred, NNIFH agrees to pay the aggregate of:

   a. The equivalent amount in U.S. Dollars of RUR 207,060.49 (converted on the basis of the exchange rate published in the Wall Street Journal on the day of the payment; and

   b. U.S. $6,015,313.14,

into the Distribution Account (the "**Reimbursement Amount**") and request that the Distribution Agent transmit to the Parties via mail, email or facsimile a signed, written confirmation of the date and amount of such payment (the "**Reimbursement Confirmation**") as soon as possible after its receipt of the Reimbursement Amount. For the avoidance of doubt, the Russian MEN Payment (as defined below) shall not be paid to Nortel Russia until the Reimbursement Amount is received by the Distribution Agent and the Parties have received the Reimbursement Confirmation from the Distribution Agent.

4.  By no later than five (5) Business Days after the date of receipt of the Reimbursement Confirmation by the Parties, and provided that Liquidation has not yet commenced, the Liquidator has not yet been appointed, and no Insolvency Event has occurred, pursuant to Section 5(a) of the Agreement and section 12(b) of the IFSA as applicable to the Parties, the Depositors (except for certain liquidating Depositors in respect of which specific approvals have been received from the U.S. Bankruptcy Court and the Canadian Court) and the Estate Fiduciaries shall deliver to the Distribution Agent a duly executed and valid letter of direction, substantially in the form attached hereto as Schedule 4, with all required Depositor and Estate Fiduciary signatures satisfactory to the Distribution Agent (the "**Letter of Direction**"), whereby the Distribution Agent shall be instructed (the "**Release Instruction**") that an amount of the Escrow Funds equal to the Reimbursement Amount (the "**Russian MEN Payment**") shall be transmitted from the Distribution Account to Nortel Russia. The Release Instruction will require that the Distribution Agent confirm in writing the receipt of the Release Instruction (the "**Escrow Agent Confirmation**").

5.  Upon transmission of the Russian MEN Payment by the Distribution Agent, notwithstanding the provisions of paragraph 8 below, all of the rights, title and interest, if any, that Nortel Russia or any successor, assign, trustee, liquidator or similar person as of the date of such payment, had or could have had thereafter, to any allocation and/or distribution of the Escrow Funds, whether pursuant to Section 5(a) of the Agreement, the IFSA or otherwise (the "**Russian Proceeds**"), and any and all rights, title, interest and obligations of Nortel Russia, or any successor, assign, trustee, liquidator or similar person, if any, under the Agreement, the IFSA or otherwise, shall be, and shall be deemed to be, assigned and transferred to NNIFH, and neither Nortel Russia, nor any successor, assign (other than NNIFH), trustee, liquidator or similar person shall have any right, title or interest to or under the Agreement, the IFSA, or otherwise, to any allocation or distribution of Escrow Funds.

3

6. Following the execution of this Side Letter, provided that Liquidation has not yet commenced, the Liquidator has not yet been appointed, and no Insolvency Event has occurred, NNI and NNL, shall use commercially reasonable efforts to obtain final orders from, respectively, the U.S. Bankruptcy Court and the Canadian Court approving the Amendment and this Side Letter and granting related relief (the "**Court Approvals**"), which orders together shall satisfy the requirements of Section 15(a) of the Agreement.

7. Save for paragraphs 14 to 16 below, nothing in this Side Letter shall take effect until the Court Approvals have been granted.

8. For the avoidance of doubt, notwithstanding anything in this Side Letter to the contrary, if at any point prior to the transmission of the Russian MEN Payment by the Distribution Agent an Insolvency Event occurs with respect to Nortel Russia, any Party to this Side Letter may provide written notice to each of the other Parties that, as a result of the Insolvency Event, this Side Letter is therefore null and void (the "**Nullification Notice**"). Upon delivery of the Nullification Notice, (i) this Side Letter shall be null and void, (ii) the Parties' rights, claims and obligations as they existed immediately prior to the execution of this Agreement shall be restored, and (iii) nothing in this Side Agreement shall constitute an admission, limitation or waiver with respect to each of the claims or rights of each of the Parties to the Escrow Funds or the rights of each of the Parties under the Agreement or the IFSA. In the event that a Nullification Notice is delivered or this Side Letter is otherwise terminated after the payment of the Reimbursement Amount and prior to the transmission of the Russian MEN Payment by the Distribution Agent, each of the Parties agrees to deliver to the Distribution Agent a duly executed and valid letter of direction instructing the Distribution Agent to pay the full amount of the Reimbursement Amount to NNIFH.

9. At such date as the remaining Escrow Funds are released and distributed in accordance with Section 5(a) of the Agreement and the terms of the IFSA (the "**Final Allocation**"), the total amount of the Russian Proceeds, if any, shall be allocated and distributed to NNIFH.

10. Subject to the immediately following sentence, nothing in this Side Letter or the Amendment related thereto or the actions taken as contemplated thereby shall bar, prohibit, terminate or in any way hinder or enhance the rights of the Parties to this Side Letter to present any arguments, methodologies, legal or factual theories in support of a proposed allocation of the Sale Proceeds (as defined in the IFSA) or the proceeds of any other

transaction, including, without limitation, the sale of assets, businesses or intellectual property, that would be subject to allocation amongst any of the Parties, and such presentation shall not, or otherwise be deemed to, constitute in any way a violation of a Party's rights under any existing agreement. The Parties agree that no Party shall use as evidence, or otherwise rely upon, this Side Letter or any part hereof (including, without limitation, the amount and/or payment of the Russian MEN Payment) in any way to support its right to a particular allocation of the Sale Proceeds or any other sale proceeds. Subject to the terms of this Side Letter, the Parties oppose and shall reasonably cooperate in opposing the allocation and/or distribution of the Russian Proceeds to any person other than NNIFH by any dispute resolver(s) appointed pursuant to any Allocation Protocol or otherwise, any court, or such other judicial or quasi-judicial body or any similar entity asserting authority over such determination.

11. It is acknowledged and agreed that NNIFH will be entitled to the Russian Proceeds irrespective of whether the Russian Proceeds are greater than, or less than, the Reimbursement Amount.

12. NNIFH agrees to reasonably cooperate in the defense of any effort to set aside or void actions taken pursuant to this Side Letter as a preference, fraudulent conveyance or under any similar provision of any other bankruptcy, insolvency, creditor rights law or currency control regulation or law in any similar proceeding under the laws of any jurisdiction.

13. This Side Letter shall be governed by and construed exclusively in accordance with the laws of the State of New York without regard to the rules of conflict of laws of the State of New York or any other jurisdiction; provided, however, that paragraphs 15 to 16 shall be governed exclusively by English law.

14. To the fullest extent permitted by applicable Law, each Party irrevocably agrees to submit to the exclusive jurisdiction of both (i) the U.S. Bankruptcy Court and the Canadian Court for any claim, action or proceeding arising under or out of, in respect of, or in connection with this Side Letter, if such claim, action, suit or proceeding is brought prior to the entry of a final decree closing the Bankruptcy Cases involving the relevant Depositors pending before such courts, and (ii) the federal courts in the Southern District of New York and the state courts of the State of New York, County of New York if brought after entry of such final decree closing such bankruptcy cases involving the relevant depositors pending

before the U.S. Bankruptcy Court or the Canadian Court; provided, however, that the courts of England and Wales shall have exclusive jurisdiction to hear and determine or otherwise settle any claim, action, suit or proceeding brought under paragraphs 15 to 16. Each Party to this Side Letter irrevocably waives any right it may have to object to an action being brought in those courts, to claim that the action has been brought in an inconvenient forum, or to claim that those courts do not have jurisdiction.

15. It is acknowledged that the Joint Administrators are entering into this Side Letter as agents for the EMEA Debtors to which they are appointed and that Maitre Cosme Rogeau, the French Liquidator of NNSA, and Maitre Frank Michel, the French Administrator "mandatiare ad hoc" of NNSA (collectively the "**NNSA Office Holders**") are entering into this Side Letter as agents of NNSA to which they are appointed and that none of the Joint Administrators, their firm, partners, employees, advisers, representatives or agents or the NNSA Office Holders, their firm, partners, employees, advisers, representatives or agents (in respect of NNSA only) shall incur any personal liability whatsoever whether on their own part or in respect of any failure on the part of any Nortel Group (as defined in the IFSA) company to observe, perform or comply with any of its obligations under this Side Letter or under or in relation to any associated arrangements or negotiations.

16. The Joint Administrators are a party to this Side Letter: (i) as agents of certain of the respective EMEA Debtors of which they are administrators; and (ii) in their own capacities solely for taking the benefit of the statutory charges under Paragraph 99(3) of Schedule B1 of the Insolvency Act 1986 and enforcing the obligations of certain other parties to this Side Letter.

17. The Parties may execute this Side Letter in counterparts (no one of which need contain the signatures of all Parties), each of which will be an original and all of which will constitute one and the same instrument. Facsimile or PDF signatures shall be deemed original signatures.

18. The provisions of this Side Letter may be waived or amended if, and only if, such amendment or waiver is in writing and is signed by the Depositors, and the Estate Fiduciaries (with a copy thereof to the Bondholder Group) and, if prior to the entry of a final decree closing the Bankruptcy Cases, such amendment or waiver is approved by both the U.S. Bankruptcy Court and the Canadian Court; provided, however, that (i) court

approval shall not be required of any applicable court (whether the U.S. Bankruptcy Court or the Canadian Court) if a final decree closing the Bankruptcy Cases pending before such court shall have been entered by such court; and (ii) court approval shall not be required of any court if final decrees terminating the Bankruptcy Cases shall have been entered by the U.S. Bankruptcy Court and the Canadian Court.

19. No failure to exercise, and no delay in exercising, any right, remedy, power or privilege under this Side Letter by any Party will operate as a waiver of such right, remedy, power or privilege, nor will any single or partial exercise of any right, remedy, power or privilege under this Side Letter preclude any other or further exercise of such right, remedy, power or privilege or the exercise of any other right, remedy, power or privilege. No Party shall be deemed to have waived any provision of this Side Letter unless such waiver is in writing, and then such waiver shall be limited to the circumstances set forth in such written waiver.

20. This Side Letter is for the sole benefit of the Parties and their permitted assigns and nothing herein, express or implied, is intended to or shall confer upon any other person any legal or equitable right, benefit or remedy of any nature whatsoever under or by reason of this Side Letter.

21. Except as otherwise expressly provided in this Side Letter, all covenants and agreements set forth in this Side Letter by or on behalf of the Parties will be binding upon and inure to the benefit of the Parties and their respective successors.

22. As required by section 12(g) of the IFSA, NNI has consulted with the Committee and the Bondholder Group (each as defined in the Agreement) and obtained their consent prior to entering into this Side Letter, and as evidenced by signature of the Committee hereto, the Committee consents to this Side Letter.

23. NNI and NNUK (together, the "**Israeli Representatives**") are signing this letter on behalf of Nortel Networks Israel (Sales and Marketing) Limited as attorneys-in-fact pursuant to that certain Irrevocable Power of Attorney dated as of July 10, 2011, with each Israeli Representative acting as agent and without personal liability.

[Signature pages to follow]

**Copy to:**

The Bondholder Group
c/o Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Attn: Albert A. Pisa and Roland Hlawaty
Phone: 212.530.5000
Via Facsimile: 212.822.5735

NORTEL NETWORKS LIMITED

NORTEL NETWORKS CORPORATION

By:_____
Name:
Title:

By:_____
Name:
Title:

By:_____
Name:
Title:

By:_____
Name:
Title:

NORTEL NETWORKS INC.

By:_____
Name:  John J. Ray III
Title:  Principal Officer

ERNST & YOUNG INC. SOLELY IN ITS
CAPACITY AS THE MONITOR OF
NORTEL NETWORKS CORPORATION ET
AL., AND NOT IN ITS PERSONAL
CAPACITY

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF NORTEL
NETWORKS INC., ET. AL.

By:  AKIN GUMP STRAUSS HAUER & FELD
LLP, as Counsel to the Committee and
authorized signatory and not in its individual
capacity

By:_____
Name:
Title:

By:_____
Name:
Title:

Side Letter Concerning the MEN Distribution Escrow Agreement

**ARCHITEL SYSTEMS (U.S.)**
**CORPORATION**

By:_____
Name:  John J. Ray III
Title:  Principal Officer


**NORTEL ALTSYSTEMS INC.**

By:_____
Name:  John J. Ray III
Title:  Principal Officer


**NORTEL ALTSYSTEMS**
**INTERNATIONAL INC.**

By:_____
Name:  John J. Ray III
Title:  Principal Officer


**NORTEL NETWORKS**
**APPLICATIONS MANAGEMENT**
**SOLUTIONS INC.**

By:_____
Name:  John J. Ray III
Title:  Principal Officer

Side Letter Concerning the MEN Distribution Escrow Agreement

**NORTEL NETWORKS CABLE
SOLUTIONS INC.**

By:_____
 Name:  John J. Ray III
 Title:  Principal Officer

**NORTEL NETWORKS CAPITAL
CORPORATION**

By_____
 Name:  John J. Ray III
 Title:  Principal Officer

**NORTEL NETWORKS HPOCS INC.**

By_____
 Name:  John J. Ray III
 Title:  Principal Officer

**NORTEL NETWORKS
INTERNATIONAL INC.**

 By:_____
 Name:  John J. Ray III
 Title:  Principal Officer

Side Letter Concerning the MEN Distribution Escrow Agreement

**NORTEL NETWORKS OPTICAL
COMPONENTS INC.**

By_____
Name:  John J. Ray III
Title:  Principal Officer

**NORTHERN TELECOM
INTERNATIONAL INC.**

By:_____
Name:  John J. Ray III
Title:  Principal Officer

**SONOMA SYSTEMS**

By_____
Name:  John J. Ray III
Title:  Principal Officer

**QTERA CORPORATION**

By:_____
Name:  John J. Ray III
Title:  Principal Officer

**XROS, INC.**

By:_____
Name:  John J. Ray III
Title:  Principal Officer

Side Letter Concerning the MEN Distribution Escrow Agreement

**CORETEK, INC.**

By:_____
Name:  John J. Ray III
Title:  Principal Officer


By:_____
Name:
Title:

**NORTEL NETWORKS (CALA) INC.**


By:_____
Name:  John J. Ray III
Title:  Principal Officer

**SIGNED** in the name and on behalf of **NORTEL NETWORKS DE GUATEMALA LTDA.** by

By:_____

Name:  Luis Fernando Guerra Sanz

Title:  Sole Administrator and Legal Representative


**SIGNED** in the name and on behalf of **NORTEL TRINIDAD & TOBAGO LIMITED** by

By:_____

Name:  Luis Fernando Guerra Sanz

Title:  Director


**SIGNED** in the name and on behalf of **NORTEL NETWORKS KABUSHIKI KAISHA** by

By:_____

Name:  Stephen Givens

Title:  Resident Director

S-6

Side Letter Concerning the MEN Distribution Escrow Agreement

**SIGNED** by and on behalf of **NORTEL NETWORKS TECHNOLOGY CORPORATION** by

By:_____
Name:
Title:


By:_____
Name:
Title:

**SIGNED** by and on behalf of **NORTEL NETWORKS DE MEXICO S.A. DE C.V.** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL DE MEXICO S. DE R.L. DE C.V.** by

By:_____
Name:
Title:


By:_____
Name:
Title:

Side Letter Concerning the MEN Distribution Escrow Agreement

**SIGNED** by and on behalf of **NORTEL NETWORKS PERU S.A.C.** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL NETWORKS AUSTRALIA PTY. LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **PT NORTEL NETWORKS INDONESIA** by

By:_____
Name:
Title:


By:_____
Name:
Title:

Side Letter Concerning the MEN Distribution Escrow Agreement

**SIGNED** by and on behalf of **NORTEL NETWORKS MALAYSIA SDN. BHD.** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL NETWORKS NEW ZEALAND LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL NETWORKS SINGAPORE PTE. LTD** by

By:_____
Name:
Title:


By:_____
Name:
Title:

**SIGNED** by and on behalf of **NORTEL NETWORKS (ASIA) LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:


S-9

Side Letter Concerning the MEN Distribution Escrow Agreement

**SIGNED** by and on behalf of **NORTEL NETWORKS (CHINA) LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:

**SIGNED** by and on behalf of **NORTEL NETWORKS (THAILAND) LTD** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL VIETNAM LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL NETWORKS TELECOMMUNICATIONS EQUIPMENT (SHANGHAI) CO. LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:

Side Letter Concerning the MEN Distribution Escrow Agreement

**SIGNED** by and on behalf of **NORTEL NETWORKS DE ARGENTINA S.A.** by

By:_____
Name:
Title:


By:_____
Name:
Title:

**SIGNED** by and on behalf of **NORTEL NETWORKS DE ECUADOR S.A.** by

By:_____
Name:
Title:


By:_____
Name:
Title:

Side Letter Concerning the MEN Distribution Escrow Agreement

**SIGNED** for and on behalf of **Nortel Networks**　　)　　.................................................................
**UK Limited** (in administration) by Christopher　)
Hill as Joint Administrator (acting as agent and　　)
without personal liability) in the presence of:　　　)

Witness signature

.........................................................................　)
Name:　　　　　　　　　　　　　　　　　　　)
Address:　　　　　　　　　　　　　　　　　　)

**SIGNED** for and on behalf of **Nortel GmbH** (in　)　　.................................................................
administration) by Christopher Hill  as Joint　　　)
Administrator (acting as agent and without　　　　)
personal liability) in the presence of:　　　　　　)

Witness signature

.........................................................................　)
Name:　　　　　　　　　　　　　　　　　　　)
Address:　　　　　　　　　　　　　　　　　　)

S-12

Side Letter Concerning the MEN Distribution Escrow Agreement

**SIGNED** for and on behalf of **Nortel Networks**    )    ...................................................................
**SpA** (in administration) by Christopher Hill as    )
Joint Administrator (acting as agent and without    )
personal liability) in the presence of:    )

Witness signature

...........................................................    )
Name:    )
Address:    )

**SIGNED** for and on behalf of **Nortel Networks**    )    ...................................................................
**Hispania S.A.** (in administration) by Christopher    )
Hill as Joint Administrator (acting as agent and    )
without personal liability) in the presence of:    )

Witness signature

...........................................................    )
Name:    )
Address:    )

S-13

Side Letter Concerning the MEN Distribution Escrow Agreement

**SIGNED** for and on behalf of **Nortel Networks**  )    ...............................................................
**B.V.** (in administration) by Christopher Hill as  )
Joint Administrator (acting as agent and without  )
personal liability) in the presence of:  )

Witness signature

...........................................................
Name:  )
Address:  )
  )

**SIGNED** for and on behalf of **Nortel Networks**  )    ...............................................................
**AB** (in administration) by Christopher Hill as  )
Joint Administrator (acting as agent and without  )
personal liability) in the presence of:  )

Witness signature

...........................................................
Name:  )
Address:  )
  )

Side Letter Concerning the MEN Distribution Escrow Agreement

**SIGNED** for and on behalf of **Nortel Networks** ) .................................................................
**N.V.** (in administration) by Christopher Hill as )
Joint Administrator (acting as agent and without )
personal liability) in the presence of: )


Witness signature

.......................................................... )
Name: )
Address: )




**SIGNED** for and on behalf of **Nortel Networks** ) .................................................................
**(Austria) GmbH** (in administration) by )
Christopher Hill as Joint Administrator (acting as )
agent and without personal liability) in the )
presence of:


Witness signature

 )
.......................................................... )
Name: )
Address:

S-15

Side Letter Concerning the MEN Distribution Escrow Agreement

**SIGNED** for and on behalf of **Nortel Networks**  )  ...............................................................
**Portugal S.A.** (in administration) by Christopher  )
Hill as Joint Administrator (acting as agent and  )
without personal liability) in the presence of:  )


Witness signature

..........................................................  )
Name:  )
Address:  )



**SIGNED** for and on behalf of **Nortel Networks**  )  ...............................................................
**s.r.o.** (in administration) by Christopher Hill as  )
Joint Administrator (acting as agent and without  )
personal liability) in the presence of:  )


Witness signature

..........................................................  )
Name:  )
Address:  )


S-16

Side Letter Concerning the MEN Distribution Escrow Agreement

**SIGNED** for and on behalf of **Nortel Networks**  )  ...................................................................
**Polska Sp. z.o.o.** (in administration) by  )
Christopher Hill as Joint Administrator (acting as  )
agent and without personal liability) in the  )
presence of:

Witness signature
                                                                )
...........................................................................  )
Name:                                                          )
Address:

**SIGNED** for and on behalf of **Nortel Networks**  )  ...................................................................
**Engineering Service kft** (in administration) by  )
Christopher Hill as Joint Administrator (acting as  )
agent and without personal liability) in the  )
presence of:

Witness signature
                                                                )
...........................................................................  )
Name:                                                          )
Address:

Side Letter Concerning the MEN Distribution Escrow Agreement

**SIGNED** for and on behalf of **Nortel Networks**　　)　　................................................................
**Slovensko s.r.o.** (in administration) by　　　　　　)
Christopher Hill as Joint Administrator (acting as　　)
agent and without personal liability) in the　　　　　)
presence of:

Witness signature

　　　　　　　　　　　　　　　　　　　　　　　　　　)
................................................................　　)
Name:　　　　　　　　　　　　　　　　　　　　　)
Address:

**SIGNED** for and on behalf of **Nortel Networks**　　)　　................................................................
**Romania Srl** (in administration) by Christopher　　)
Hill as Joint Administrator (acting as agent and　　　)
without personal liability) in the presence of:　　　　)

Witness signature

................................................................　　)
Name:　　　　　　　　　　　　　　　　　　　　　)
Address:　　　　　　　　　　　　　　　　　　　　)

S-18

Side Letter Concerning the MEN Distribution Escrow Agreement

**SIGNED** for and on behalf of **Nortel Networks** ) ..................................................................
**Oy** (in administration) by Christopher Hill as )
Joint Administrator (acting as agent and without )
personal liability) in the presence of: )

Witness signature

.......................................................... )
Name: )
Address: )

**SIGNED** for and on behalf of **Nortel Networks** ) ..................................................................
**International Finance & Holding B.V.** (in )
administration) by _____ as )
Joint Administrator (acting as agent and without )
personal liability) in the presence of:

Witness signature

 )
.......................................................... )
Name: )
Address:

Side Letter Concerning the MEN Distribution Escrow Agreement

**SIGNED** for and on behalf of **Nortel Networks**    )     ..................................................................
**France S.A.S.** (in administration) by Kerry Trigg  )
acting as authorised representative for the Joint    )
Administrators (acting as agent and without      )
personal liability) in the presence of:

Witness signature

                               )
.........................................................................    )
Name:                                 )
Address:

**SIGNED** for and on behalf of **Nortel Networks**  )     ..................................................................
**(Ireland) Limited** (in administration) by David   )
Hughes as Joint Administrator (acting as agent   )
and without personal liability) in the presence of:  )

Witness signature

.........................................................................    )
Name:                                 )
Address:                             )

S-20

**SIGNED** for and on behalf of **Nortel Networks**
**Networks (Northern Ireland) Limited** (in
liquidation) by Kerry Trigg as liquidator (acting
as agent and without personal liability) in the
presence of:

)
)
)
)

..................................................................

Witness signature

..........................................................................
Name:
Address:

)
)
)

**SIGNED** by Vladimir Kasyanik, General
Director, duly authorized for and on behalf of
**o.o.o. Nortel Networks**, in the presence of:

)
)
)
)

..................................................................

Witness signature

..........................................................................
Name:
Address:

)
)
)

Side Letter Concerning the MEN Distribution Escrow Agreement

**SIGNED** for and on behalf of **Nortel Networks** ) .................................................................

**AG** by _____ in the presence )

of: )

 )

Witness signature

.............................................................

Name: )

Address: )

 )

**SIGNED** by _____ ) .................................................................

duly authorized for and on behalf of **NORTEL** )

**NETWORKS OPTICAL COMPONENTS** )

**LIMITED** in the presence of: )

Witness signature

.............................................................

Name: )

Address: )

S-22

**SIGNED** by Alan Bloom in his own capacity and )        ...............................................................
on behalf of the Joint Administrators without )
personal liability and solely for the benefit of the )
provisions of this Side Letter expressed to be )
conferred on or given to the Joint Administrators:

Witness signature

...........................................................        )
Name:                                                       )
Address:                                                   )

S-23

Side Letter Concerning the MEN Distribution Escrow Agreement

**SIGNED** for and on behalf of **NORTEL**     )     .................................................................
**NETWORKS S.A. (In administration and**    )
**secondary proceedings)** by Maitre Cosme    )
Rogeau, in his capacity as French Liquidator    )
(Mandataire Liquidateur) acting as agent and
without personal liability, in the presence of:

Witness signature     )
     )
..........................................................................    )
Name:
Address:

S-24

Side Letter Concerning the MEN Distribution Escrow Agreement

**SIGNED** for and on behalf of **NORTEL NETWORKS ISRAEL (SALES AND MARKETING) LIMITED (IN ADMINISTRATION)** by  John J. Ray III for and on behalf of Nortel Networks Inc. and by Christopher Hill as Joint Administrator for and on behalf of Nortel Networks UK Limited (in administration) (each acting as attorney-in-fact and agent and without personal liability) in the presence of:

)
)
)
)

)
)
)

Christopher Hill

...................................................................

John J. Ray III

...................................................................

Witness signature

...............................................................................
Name:
Address:

S-25

**Schedule 1**

**OTHER SELLERS**

Nortel Networks Technology Corporation

Nortel Networks (CALA) Inc.

Nortel de Mexico S. de R.L. de C.V.

Nortel Networks de Mexico S.A. de C.V.

Nortel Networks de Guatemala Ltda

Nortel Networks de Argentina S.A.

Nortel Networks Peru S.A.C.

Nortel Networks de Ecuador S.A.

Nortel Networks Kabushiki Kaisha

Nortel Networks (Asia) Limited

Nortel Networks Singapore Pte. Limited

Nortel Vietnam Limited

Nortel Networks (Thailand) Limited

Nortel Networks Malaysia Sdn. Bhd

Nortel Networks Australia Pty. Limited

Nortel Networks New Zealand Limited

Nortel Networks (China) Limited

Nortel Networks (Asia) Limited – Pakistan Branch

Nortel Networks Singapore Pte. Limited – Philippines Branch

Nortel Networks Telecommunications Equipment (Shanghai) Co. Limited

PT Nortel Networks Indonesia

Qtera Corporation

CoreTek, Inc.

Xros, Inc.

Nortel Trinidad and Tobago Limited

## EMEA SELLERS

Nortel GmbH (In Administration)

Nortel Networks S.p.A. (In Administration)

Nortel Networks Hispania, S.A. (In Administration)

Nortel Networks B.V. (In Administration)

Nortel Networks AB (In Administration)

Nortel Networks N.V. (In Administration)

Nortel Networks (Austria) GmbH (In Administration)

Nortel Networks Polska Sp. z.o.o. (In Administration)

Nortel Networks Portugal S.A. (In Administration)

Nortel Networks s.r.o. (In Administration)

Nortel Networks France S.A.S. (In Administration)

Nortel Networks (Ireland) Limited (In Administration)

Nortel Networks (Northern Ireland) Limited

Nortel Networks A.G.


## ISRAELI COMPANY

Nortel Networks Israel (Sales and Marketing) Limited (In Administration)


## AFFILIATES OF MAIN SELLERS THAT ARE DEEMED TO BE "SELLING DEBTORS"

Architel Systems (U.S.) Corporation

Nortel Altsystems, Inc. (previously "Alteon WebSystems, Inc.")

Nortel Altsystems International Inc. (previously "Alteon WebSystems International, Inc.")

Nortel Networks Applications Management Solutions Inc.

Nortel Networks Cable Solutions Inc.

Nortel Networks Capital Corporation

Nortel Networks HPOCS Inc.

Nortel Networks International Inc.

Nortel Networks Optical Components Inc.

Northern Telecom International Inc.

Sonoma Systems


**AFFILIATES OF THE EMEA SELLERS THAT ARE DEEMED TO BE A "SELLING DEBTOR"**

Nortel Networks Engineering Services Kft (In Administration)

Nortel Networks Slovensko, sro (In Administration)

Nortel Networks Romania Srl (In Administration)

Nortel Networks Oy (In Administration)

Nortel Networks International Finance & Holding BV (In Administration)

Nortel Networks Optical Components Limited

**Schedule 2**

**Escrow Amendment**

**Schedule 3**

**Solvency Certificate**

## SOLVENCY CERTIFICATE

__, 2011

Nortel Networks International Finance & Holding BV
Evert van de Beekstraat, 310 Schiphol Airport
Schiphol, 1118 CX
The Netherlands

Nortel Networks Limited
5945 Airport Road, Suite 360
Mississauga, Ontario, Canada L4V 1R9

Nortel Networks Inc.
Legal Department
4001 E. Chapel Hill – Nelson Hwy.
Research Triangle Park, North Carolina 27709
United States

This solvency certificate (this "Certificate") is delivered to Nortel Networks International Finance & Holding BV, Nortel Networks Limited, and Nortel Networks Inc. in connection with the transactions contemplated by the Side Letter concerning the MEN Escrow Agreement and the Side Letter concerning the CVAS Distribution Escrow Agreement (collectively, as amended, the "Distribution Escrow Agreements") both dated as of August___, 2011 (collectively, the "Side Letters"), entered into by and among (i) the Depositors, (ii) the Estate Fiduciaries, and (iii) JPMorgan Chase Bank N.A. (each as defined in the respective Distribution Escrow Agreement).

I hereby certify to you in good faith as follows:

1.      I am the duly qualified and acting officer of o.o.o. Nortel Networks ("Nortel Russia") incorporated under the laws of the Russian Federation under Main State Registration Number [●] and having its registered office at [●] with responsibility for the management of the financial affairs and the preparation of financial statements of Nortel Russia.

2.      I have carefully reviewed the contents of this Certificate and the meaning of defined terms incorporated herein from the Side Letters and have conferred with legal counsel for Nortel Russia for the purpose of discussing the meaning of its contents.

3.      Attached as Annex A hereto is a true and correct copy of the most recent statement of financial position and results of operations prepared by Nortel Russia and such financial statements present fairly, in all material respects, the financial position and results of operations of Nortel Russia as of the end of and for the period reflected in such statements.

3.      Based upon the foregoing, I have concluded, in good faith and to the best of my knowledge and belief, that as of the date hereof and after giving effect to all the

transactions contemplated by the Side Letter, Nortel Russia shall not meet any Russian Insolvency Test as defined in Annex B as attached hereto.

4.     There are no actions, suits, investigation, proceedings, claims or disputes pending or, to the best knowledge of Nortel Russia, threatened or contemplated, at law, in equity, in arbitration or before any governmental authority, by or against Nortel Russia or any of its assets that either individually or in the aggregate, that could reasonably be expected to cause Nortel Russia to meet any Russian Insolvency Test as defined in Annex B as attached hereto.

On behalf of Nortel Russia, I represent the foregoing information to be true, correct and complete and execute this Certificate as the General Director of Nortel Russia as of the date first written above.

IN WITNESS WHEREOF, the undersigned has duly executed this Certificate as of the date first written above.

**o.o.o. NORTEL NETWORKS**

By:_____

      Name: Vladimir Kasyanik

      Title: General Director

**ANNEX A**
**Nortel Russia Financial Statements**

[To be attached once certified translation finalised]

**ANNEX B**
**Definition of Russian Insolvency Test**

For the purposes of this Certificate, *"Russian Insolvency Test"* means, in respect of an entity incorporated under the laws of the Russian Federation, any of the following:

     (a)     it does not discharge the claims of any creditor related to monetary obligations and/or make any mandatory payments (*obyazatel'niye platezhi*) (as such term is defined in the Russian bankruptcy legislation) within 3 (three) months after their due date, and in each case provided such claims satisfy any other relevant criteria imposed by applicable Russian bankruptcy legislation (including, for the avoidance of doubt, requirements in respect of a decision of the court or a relevant authorised body that shall supplement such claims);

     (b)     the settlement of claims of one or more creditors makes it impossible for it to discharge its monetary obligations or to make mandatory payments (*obyazatel'niye platezhi*) (as such term is defined in the Russian bankruptcy legislation) and/or other payments in full to its other creditors;

     (c)     its general meeting of participants or participants (authorised to do so under its charter or under applicable law) adopt a resolution on its liquidation and is filed with an arbitrazh court to have Nortel Russia adjudged a bankrupt;

     (d)     the levying or execution of any judgment, award or order on its property will materially impair or make it impossible for it to carry on its business activity;

     (e)     it meets criteria of inability to pay (*priznak neplatezhesposobnosti*) (as such term is defined in the Russian bankruptcy legislation, including, for the avoidance of doubt, requirements in respect of a decision of the court or a relevant authorised body that shall supplement a creditor's claim) and/or criteria of insufficiency of property (*priznak nedostatochnosti imuschestva*) (as such term is defined in the Russian bankruptcy legislation); or

     (f)     it meets (but ignoring any requirement for a court determination to this effect) any other criteria sufficient for the commencement of Russian Liquidation Proceedings as specified by applicable Russian bankruptcy legislation.

**Schedule 4**

**Letter of Direction**

**SECOND AMENDMENT TO MEN DISTRIBUTION ESCROW AGREEMENT**

This Second Amendment, dated as of [●], 2011 (this "Amendment") to the MEN Distribution Escrow Agreement (as amended, the "Distribution Escrow Agreement"), dated as of March 19, 2010, is by and among (i) Nortel Networks Corporation ("NNC"), (ii) Nortel Networks Limited ("NNL"), (iii) Nortel Networks Inc. ("NNI," and together with NNC and NNL, the "Main Sellers"), (iv) the Additional U.S. Debtors (as defined in the Distribution Escrow Agreement) and the other affiliates of the Main Sellers listed on Schedule A of the Distribution Escrow Agreement, but excluding (as described below) Nortel Networks de Colombia S.A. (collectively, the "Other Sellers" and, together with the Main Sellers, the "Sellers"), (v) the companies listed on Schedule B of the Distribution Escrow Agreement (the "EMEA Sellers"), acting by their joint administrators Alan Robert Bloom, Stephen John Harris, Alan Michael Hudson and Christopher John Wilkinson Hill of Ernst & Young LLP (other than Nortel Networks (Ireland) Limited (In Administration), for which David Hughes of Ernst & Young Chartered Accountants and Alan Robert Bloom serve as joint administrators (collectively, the "Joint Administrators")) who act as agents for the EMEA Debtors (as defined in the Distribution Escrow Agreement), (vi) Nortel Networks S.A. (In Administration and liquidation judiciare) ("NNSA") acting by the NNSA Office Holders (as defined in the Distribution Escrow Agreement), (vii) each affiliate of the Main Sellers listed on Schedule C of the Distribution Escrow Agreement (each such entity, a "North American ALT Selling Debtor"), (viii) each affiliate of the EMEA Sellers listed on Schedule D of the Distribution Escrow Agreement (each such entity, an "EMEA ALT Selling Debtor," and together with the Sellers, the EMEA Sellers, NNSA and the North American ALT Selling Debtors, the "Depositors"), (ix) the Estate Fiduciaries (as defined in the Distribution Escrow Agreement), and (x) JPMorgan Chase Bank, N.A., as escrow and distribution agent under the Distribution Escrow Agreement (the "Distribution Agent").  Capitalized terms used but not defined herein shall have the meanings given to them in the Distribution Escrow Agreement.

WITNESSETH:

WHEREAS, the Depositors, the Estate Fiduciaries and the Distribution Agent (the "Parties") desire to amend the Distribution Escrow Agreement.

WHEREAS, on June 6, 2011 and June 7, 2011, the U.S. Bankruptcy Court and the Canadian Court, respectively, approved an amendment to the Distribution Escrow Agreement, dated, [●], 2011, that removed all references to Nortel Networks Israel (Sales and Marketing) Ltd. as a Depositor (as defined in the Distribution Escrow Agreement) under the Distribution Escrow Agreement and provided that the consent of Nortel Israel will no longer be required for any purposes thereunder.

WHEREAS, pursuant to Orders of the U.S. Bankruptcy Court and the Canadian Court dated June 21, 2011, any term or condition of the Distribution Escrow Agreement that explicitly or implicitly requires the consent or participation of Nortel Networks de Colombia S.A. is now forever deemed to be not required.

WHEREAS, this Amendment has been approved by both the U.S. Bankruptcy Court and the Canadian Court pursuant to orders dated [●], 2011, as required pursuant to Paragraph 15(a) of the Distribution Escrow Agreement.

WHEREAS, on August [●], 2011 the Parties entered into that certain Side Letter to the Distribution Escrow Agreement (the "MEN Escrow Side Letter") pursuant to which certain funds from the Distribution Account are to be released to o.o.o. Nortel Networks, aka Nortel Networks o.o.o. ("Nortel Russia") (as defined in the MEN Escrow Side Letter, the "Russian MEN Payment") upon satisfaction of certain specified conditions precedent, including the payment of an amount equivalent to the Russian MEN Payment into the Distribution Account (as defined in the Distribution Escrow Agreement) by Nortel Networks International Finance & Holding B.V. and delivery of an instruction by the Depositors and the Estate Fiduciaries to the Distribution Agent pursuant to Paragraph 5(a) of the Distribution Escrow Agreement.

WHEREAS, the Parties anticipate that Nortel Russia will be placed into voluntary liquidation within approximately one month of the date hereof, and the Parties cannot determine with certainty the length of the liquidation process under applicable Russian law.

NOW, THEREFORE, in consideration of the foregoing, and for other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties hereby agree as follows:

1.      Amendment of Schedule B.  Conditional upon, and with effect from, the transmission of the Russian MEN Payment by the Distribution Agent in accordance with the terms of the MEN Escrow Side Letter, Schedule B of the Distribution Escrow Agreement shall be amended to remove Nortel Russia from the list of EMEA Sellers party to the Distribution Escrow Agreement.  Nortel Russia shall immediately and irrevocably cease to be a Depositor under the Distribution Escrow Agreement for any and all purposes, and the consent of Nortel Russia shall no longer be required for any purposes thereunder.

2.      Authorization.  Each Party hereto represents to the others that (a) such party has all necessary power and authority to enter into this Amendment; (b) the execution and delivery by such Party of this Amendment has been duly authorized by all requisite corporate or other action on the part of such Party; and (c) this Amendment has been duly executed and delivered by such Party.

3.      Distribution Escrow Agreement Remains in Effect.  This Amendment and the Distribution Escrow Agreement set forth the entire agreement among the Parties with respect to the matters set forth herein.  Except as amended hereby, the Distribution Escrow Agreement shall remain in full force and effect, and nothing herein shall affect any other provision of the Distribution Escrow Agreement or the rights and obligations of the parties thereto.  This Amendment shall be governed by and interpreted and enforced in accordance with the terms of the Distribution Escrow Agreement.

4.      Counterparts.  This Amendment may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same agreement, it being understood that all of the Parties need not sign the same counterpart.

All signatures of the parties to this Amendment may be transmitted by facsimile or other electronic means, and such facsimile or other electronic documents will, for all purposes, be deemed to be the original signature of such party whose signature it reproduces, and will be binding upon such party.

*[Signature pages follow.]*

**Copy to:**

The Bondholder Group
c/o Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Attn: Albert A. Pisa and Roland Hlawaty
Phone: 212.530.5000
Via Facsimile: 212.822.5735

NORTEL NETWORKS LIMITED

By:_____
Name:
Title:


By:_____
Name:
Title:


NORTEL NETWORKS INC.

By:_____
Name:  John J. Ray III
Title:  Principal Officer


ERNST & YOUNG INC. SOLELY IN ITS
CAPACITY AS THE MONITOR OF
NORTEL NETWORKS CORPORATION ET
AL., AND NOT IN ITS PERSONAL
CAPACITY


By:_____
Name:
Title:


NORTEL NETWORKS CORPORATION

By:_____
Name:
Title:


By:_____
Name:
Title:


DISTRIBUTION AGENT

JPMorgan Chase Bank, N.A., as Distribution
Agent


By:_____
Name:
Title:


THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF NORTEL
NETWORKS INC., ET. AL.

By:  AKIN GUMP STRAUSS HAUER &
FELD LLP, as Counsel to the Committee and
authorized signatory and not in its individual
capacity


By:_____
Name:
Title:

S-1

**ARCHITEL SYSTEMS (U.S.)**
**CORPORATION**


By:_____
Name:  John J. Ray III
Title:  Principal Officer


**NORTEL ALTSYSTEMS INC.**


By:_____
Name:  John J. Ray III
Title:  Principal Officer


**NORTEL ALTSYSTEMS**
**INTERNATIONAL INC.**


By:_____
Name:  John J. Ray III
Title:  Principal Officer


**NORTEL NETWORKS**
**APPLICATIONS MANAGEMENT**
**SOLUTIONS INC.**


By:_____
Name:  John J. Ray III
Title:  Principal Officer


S-2

**NORTEL NETWORKS CABLE
SOLUTIONS INC.**


By:_____
Name:  John J. Ray III
Title:  Principal Officer

**NORTEL NETWORKS CAPITAL
CORPORATION**


By_____
Name:  John J. Ray III
Title:  Principal Officer


**NORTEL NETWORKS HPOCS INC.**


By_____
Name:  John J. Ray III
Title:  Principal Officer

**NORTEL NETWORKS
INTERNATIONAL INC.**


By:_____
Name:  John J. Ray III
Title:  Principal Officer

**NORTEL NETWORKS OPTICAL
COMPONENTS INC.**

By_____
Name:  John J. Ray III
Title:  Principal Officer

**NORTHERN TELECOM
INTERNATIONAL INC.**

By:_____
Name:  John J. Ray III
Title:  Principal Officer

**SONOMA SYSTEMS**

By_____
Name:  John J. Ray III
Title:  Principal Officer

**QTERA CORPORATION**

By:_____
Name:  John J. Ray III
Title:  Principal Officer

**XROS, INC.**

By:_____
Name:  John J. Ray III
Title:  Principal Officer

S-4

**CORETEK, INC.**

By:_____
Name:  John J. Ray III
Title:  Principal Officer


By:_____
Name:
Title:

**NORTEL NETWORKS (CALA) INC.**


By:_____
Name:  John J. Ray III
Title:  Principal Officer

S-5

**SIGNED** in the name and on behalf of **NORTEL NETWORKS DE GUATEMALA LTDA.** by

By:_____
Name:  Luis Fernando Guerra Sanz
Title:  Sole Administrator and Legal Representative


**SIGNED** in the name and on behalf of **NORTEL TRINIDAD & TOBAGO LIMITED** by

By:_____
Name:  Luis Fernando Guerra Sanz
Title:  Director


**SIGNED** in the name and on behalf of **NORTEL NETWORKS KABUSHIKI KAISHA** by

By:_____
Name:  Stephen Givens
Title:  Resident Director

S-6

**SIGNED** by and on behalf of **NORTEL NETWORKS TECHNOLOGY CORPORATION** by

By:_____
Name:
Title:


By:_____
Name:
Title:

**SIGNED** by and on behalf of **NORTEL NETWORKS DE MEXICO S.A. DE C.V.** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL DE MEXICO S. DE R.L. DE C.V.** by

By:_____
Name:
Title:


By:_____
Name:
Title:

S-7

**SIGNED** by and on behalf of **NORTEL NETWORKS PERU S.A.C.** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL NETWORKS AUSTRALIA PTY. LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **PT NORTEL NETWORKS INDONESIA** by

By:_____
Name:
Title:


By:_____
Name:
Title:


S-8

**SIGNED** by and on behalf of **NORTEL NETWORKS MALAYSIA SDN. BHD.** by

By:_____
Name:
Title:


By:_____
Name:
Title:

**SIGNED** by and on behalf of **NORTEL NETWORKS NEW ZEALAND LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:

**SIGNED** by and on behalf of **NORTEL NETWORKS SINGAPORE PTE. LTD** by

By:_____
Name:
Title:


By:_____
Name:
Title:

**SIGNED** by and on behalf of **NORTEL NETWORKS (ASIA) LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:

S-9

Second Amendment to Escrow Agreement [MEN]

**SIGNED** by and on behalf of **NORTEL NETWORKS (CHINA) LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:

**SIGNED** by and on behalf of **NORTEL NETWORKS (THAILAND) LTD** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL VIETNAM LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL NETWORKS TELECOMMUNICATIONS EQUIPMENT (SHANGHAI) CO. LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:

Second Amendment to Escrow Agreement [MEN]

**SIGNED** by and on behalf of **NORTEL NETWORKS DE ARGENTINA S.A.** by

By:_____
Name:
Title:


By:_____
Name:
Title:

**SIGNED** by and on behalf of **NORTEL NETWORKS DE ECUADOR S.A.** by

By:_____
Name:
Title:


By:_____
Name:
Title:

Second Amendment to Escrow Agreement [MEN]

**SIGNED** for and on behalf of **Nortel Networks**     )     ...................................................................
**UK Limited** (in administration) by Christopher     )
Hill as Joint Administrator (acting as agent and     )
without personal liability) in the presence of:     )


Witness signature

...........................................................     )
Name:     )
Address:     )


**SIGNED** for and on behalf of **Nortel GmbH** (in     )     ...................................................................
administration) by Christopher Hill as Joint     )
Administrator (acting as agent and without     )
personal liability) in the presence of:     )


Witness signature

...........................................................     )
Name:     )
Address:     )


S-12

Second Amendment to Escrow Agreement [MEN]

**SIGNED** for and on behalf of **Nortel Networks**        )        ....................................................................
**SpA** (in administration) by Christopher Hill as          )
Joint Administrator (acting as agent and without            )
personal liability) in the presence of:                     )


Witness signature

....................................................................        )
Name:                                                       )
Address:                                                    )


**SIGNED** for and on behalf of **Nortel Networks**        )        ....................................................................
**Hispania S.A.** (in administration) by                    )
Christopher Hill as Joint Administrator (acting             )
as agent and without personal liability) in the             )
presence of:


Witness signature

                                                            )
....................................................................        )
Name:                                                       )
Address:

S-13

**SIGNED** for and on behalf of **Nortel Networks**
**B.V.** (in administration) by Christopher Hill as
Joint Administrator (acting as agent and without
personal liability) in the presence of:

)
)
)
)

.................................................................

Witness signature

.....................................................................
Name:
Address:

)
)
)

**SIGNED** for and on behalf of **Nortel Networks**
**AB** (in administration) by Christopher Hill as
Joint Administrator (acting as agent and without
personal liability) in the presence of:

)
)
)
)

.................................................................

Witness signature

.....................................................................
Name:
Address:

)
)
)

S-14

**SIGNED** for and on behalf of **Nortel**　　　)　　　.................................................................
**Networks N.V.** (in administration) by　　　)
Christopher Hill as Joint Administrator　　　)
(acting as agent and without personal　　　)
liability) in the presence of:

Witness signature

　　　　　　　　　　　　　　　　　　　　)
.....................................................................　)
Name:　　　　　　　　　　　　　　　　　)
Address:


**SIGNED** for and on behalf of **Nortel**　　　)　　　.................................................................
**Networks (Austria) GmbH** (in　　　)
administration) by Christopher Hill as Joint　　　)
Administrator (acting as agent and without　　　)
personal liability) in the presence of:

Witness signature

　　　　　　　　　　　　　　　　　　　　)
.....................................................................　)
Name:　　　　　　　　　　　　　　　　　)
Address:


S-15

**SIGNED** for and on behalf of **Nortel**        )        ................................................................
**Networks Portugal S.A.** (in administration)    )
by Christopher Hill as Joint Administrator       )
(acting as agent and without personal            )
liability) in the presence of:

Witness signature

                                                 )
................................................................    )
Name:                                            )
Address:


**SIGNED** for and on behalf of **Nortel**        )        ................................................................
**Networks s.r.o.** (in administration) by        )
Christopher Hill as Joint Administrator           )
(acting as agent and without personal            )
liability) in the presence of:

Witness signature

                                                 )
................................................................    )
Name:                                            )
Address:


S-16

**SIGNED** for and on behalf of **Nortel**    )
**Networks Polska Sp. z.o.o.** (in    )    ...................................................................
administration) by Christopher Hill as Joint    )
Administrator (acting as agent and without    )
personal liability) in the presence of:

Witness signature

                                        )
...................................................................    )
Name:    )
Address:

**SIGNED** for and on behalf of **Nortel**    )
**Networks Engineering Service kft** (in    )    ...................................................................
administration) by Christopher Hill as Joint    )
Administrator (acting as agent and without    )
personal liability) in the presence of:

Witness signature

                                        )
...................................................................    )
Name:    )
Address:

S-17

Second Amendment to Escrow Agreement [MEN]

**SIGNED** for and on behalf of **Nortel**  )    ................................................................
**Networks Slovensko s.r.o.** (in              )
administration) by Christopher Hill as Joint    )
Administrator (acting as agent and without      )
personal liability) in the presence of:

Witness signature

                                                )
................................................................    )
Name:                                           )
Address:

**SIGNED** for and on behalf of **Nortel**  )    ................................................................
**Networks Romania Srl** (in administration)    )
by Christopher Hill as Joint Administrator      )
(acting as agent and without personal           )
liability) in the presence of:

Witness signature

                                                )
................................................................    )
Name:                                           )
Address:

S-18

Second Amendment to Escrow Agreement [MEN]

**SIGNED** for and on behalf of **Nortel** )    ...................................................................
**Networks Oy** (in administration) by )
Christopher Hill as Joint Administrator )
(acting as agent and without personal )
liability) in the presence of:

Witness signature

)
................................................................... )
Name: )
Address:

**SIGNED** for and on behalf of **Nortel** )    ...................................................................
**Networks International Finance &** )
**Holding B.V.** (in administration) by )
Christopher Hill as Joint Administrator )
(acting as agent and without personal )
liability) in the presence of:

Witness signature )
)
................................................................... )
Name:
Address:

Second Amendment to Escrow Agreement [MEN]

**SIGNED** for and on behalf of **Nortel Networks**  )  ...............................................................
**France S.A.S.** (in administration) by Kerry  )
Trigg acting as authorised representative for the  )
Joint Administrators (acting as agent and without  )
personal liability) in the presence of:

Witness signature
                                                    )
..........................................................  )
Name:                                               )
Address:

**SIGNED** for and on behalf of **Nortel Networks**  )  ...............................................................
**(Ireland)** Limited (in administration) by David  )
Hughes as Joint Administrator (acting as agent  )
and without personal liability) in the presence of:  )

Witness signature

..........................................................  )
Name:                                               )
Address:                                            )

)

S-20

**SIGNED** for and on behalf of **Nortel**    )    .................................................................
**Networks Networks (Northern Ireland)**    )
**Limited** (in liquidation) by Kerry Trigg as    )
liquidator (acting as agent and without    )
personal liability) in the presence of:

Witness signature    )
    )
.....................................................................    )
Name:
Address:

**SIGNED** by Vladimir Kasyanik, General    )    .................................................................
Director, duly authorized for and on behalf of    )
**o.o.o. Nortel Networks**, in the presence of:    )
    )

Witness signature

.....................................................................
Name:    )
Address:    )
    )

Second Amendment to Escrow Agreement [MEN]

**SIGNED** by _____   )    ................................................................
duly authorized for and on behalf of **Nortel**    )
**Networks AG** in the presence of:    )
    )


Witness signature

...........................................................
Name:    )
Address:    )
    )




**SIGNED** by _____   )    ................................................................
duly authorized for and on behalf of **NORTEL**    )
**NETWORKS OPTICAL COMPONENTS**    )
**LIMITED**  in the presence of:    )


Witness signature

...........................................................
Name:    )
Address:    )


S-22

**SIGNED** for and on behalf of **NORTEL**                    )        ..................................................................
**NETWORKS S.A. (In administration and**                     )
**secondary proceedings)** by Maitre Cosme                   )
Rogeau, in his capacity as French Liquidator                 )
(Mandataire Liquidateur) acting as agent and
without personal liability, in the presence of:

Witness signature                                            )
                                                             )
..........................................................   )
Name:
Address:

S-23

**EXECUTION VERSION**

[●] August 2011

To:     Nortel Networks Corporation (**"NNC"**)
        Nortel Networks Limited (**"NNL"**)
        Nortel Networks Inc. (**"NNI"**)
        Nortel Networks UK Limited (in administration) (**"NNUK"**)
        Nortel Networks S.A. (in administration and liquidation judiciare) ("**NNSA**")
        Nortel Networks International Finance & Holding B.V. (in administration) (**"NNIFH"**)
        o.o.o. Nortel Networks (**"Nortel Russia"**)
        The Joint Administrators
        The Estate Fiduciaries
        The other parties listed in Schedule 1 hereto

**Side Letter concerning the CVAS Distribution Escrow Agreement**

Reference is made to the CVAS Distribution Escrow Agreement (as amended, the "**Agreement**") dated 27 May 2010 by and between the Depositors, the Estate Fiduciaries, and JPMorgan (each as defined in the Agreement).

This letter (the "**Side Letter**") documents the agreement of NNC, NNL, NNI, NNUK, NNSA, NNIFH, Nortel Russia, the Joint Administrators, the Estate Fiduciaries and the other parties listed in Schedule 1 hereto (each individually a "**Party**" and together, the "**Parties**") as to certain matters relating to Nortel Russia.

In this Side Letter, unless the subject or context otherwise requires, words defined in the Agreement shall have the same meanings when used herein.

It is anticipated that within approximately two months of the date of this Side Letter Nortel Russia will be placed into voluntary liquidation in Russia and a liquidator (the "**Liquidator**") will be appointed to wind down the operations of Nortel Russia, including investigation of the claims of Nortel Russia's various creditors and the discharge of any such claims (the "**Liquidation**"). As of the date of this Side Letter, Nortel Russia has neither been placed into insolvent liquidation proceedings or receivership nor determined by any governmental or judicial authority of the Russian Federation to meet the Russian Insolvency Test as defined in Annex B to the Solvency Certificate (as defined below) (each, an "**Insolvency Event**").

Subject to the satisfaction of all the terms and conditions set forth herein, and for the good and valuable consideration set forth herein, the value of which is hereby acknowledged, the undersigned hereby confirm and agree as follows:

1

1. Following and by no later than five (5) Business Days after the date of the Court Approvals (as defined below), provided that Liquidation has not yet commenced, the Liquidator has not yet been appointed, and no Insolvency Event has occurred, pursuant to Section 14(a) of the Agreement and the terms of the IFSA as applicable to the Parties, the Depositors, the Estate Fiduciaries and the Distribution Agent shall execute an amendment to the Agreement, substantially in the form attached hereto as Schedule 2, that amends the Agreement to remove all references to Nortel Russia as a Depositor, such that Nortel Russia shall, subject to the terms of the assignment pursuant to paragraph 5 below, have no further rights or obligations under the Agreement, including but not limited to those rights accorded to Depositors under Section 5(a) of the Agreement (the "**Amendment**").

2. Following and by no later than five (5) Business Days after the date of the Court Approvals (as defined below), provided that Liquidation has not yet commenced, the Liquidator has not yet been appointed, and no Insolvency Event has occurred, the General Director of Nortel Russia shall execute and deliver a certificate of solvency, substantially in the form attached hereto as Schedule 3, to NNIFH, NNL, and NNI, with a copy to the other Parties (the "**Solvency Certificate**").

3. By no later than five (5) Business Days after the later of the date of the execution of the Amendment and the receipt of the Solvency Certificate by NNL, NNI, and NNIFH, and provided that Liquidation has not yet commenced, the Liquidator has not yet been appointed, and no Insolvency Event has occurred, NNIFH agrees to pay the aggregate of:

    a. The equivalent amount in U.S. Dollars of RUR 2,847,195.39 (converted on the basis of the exchange rate published in the Russian Central Bank on the day of the payment; and

    b. U.S. $1,404,740.00,

    into the Distribution Account (the "**Reimbursement Amount**") and request that the Distribution Agent transmit to the Parties via mail, email or facsimile a signed, written confirmation of the date and amount of such payment (the "**Reimbursement Confirmation**") as soon as possible after its receipt of the Reimbursement Amount. For the avoidance of doubt, the Russian CVAS Payment (as defined below) shall not be paid to Nortel Russia until the Reimbursement Amount is received by the Distribution Agent and the Parties have received the Reimbursement Confirmation from the Distribution Agent.

2

4.  By no later than five (5) Business Days after the date of receipt of the Reimbursement Confirmation by the Parties, and provided that Liquidation has not yet commenced, the Liquidator has not yet been appointed, and no Insolvency Event has occurred, pursuant to Section 5(a) of the Agreement and section 12(b) of the IFSA as applicable to the Parties, the Depositors and the Estate Fiduciaries shall deliver to the Distribution Agent a duly executed and valid letter of direction, substantially in the form attached hereto as Schedule 4, with all required Depositor and Estate Fiduciary signatures satisfactory to the Distribution Agent (the "**Letter of Direction**"), whereby the Distribution Agent shall be instructed (the "**Release Instruction**") that an amount of the Escrow Funds equal to the Reimbursement Amount (the "**Russian CVAS Payment**") shall be transmitted from the Distribution Account to Nortel Russia. The Release Instruction will require that the Distribution Agent confirm in writing the receipt of the Release Instruction (the "**Escrow Agent Confirmation**").

5.  Upon transmission of the Russian CVAS Payment by the Distribution Agent, notwithstanding the provisions of paragraph 10 below, all of the rights, title and interest, if any, that Nortel Russia or any successor, assign, trustee, liquidator or similar person as of the date of such payment, had or could have had thereafter, to any allocation and/or distribution of the Escrow Funds, whether pursuant to Section 5(a) of the Agreement, the IFSA or otherwise (the "**Russian Proceeds**"), and any and all rights, title, interest and obligations of Nortel Russia, or any successor, assign, trustee, liquidator or similar person, if any, under the Agreement, the IFSA or otherwise, shall be, and shall be deemed to be, assigned and transferred to NNIFH, and neither Nortel Russia, nor any successor, assign (other than NNIFH), trustee, liquidator or similar person shall have any right, title or interest to or under the Agreement, the IFSA, or otherwise, to any allocation or distribution of Escrow Funds.

6.  Following the execution of this Side Letter, provided that Liquidation has not yet commenced, the Liquidator has not yet been appointed, and no Insolvency Event has occurred, NNI and NNL, shall use commercially reasonable efforts to obtain final orders from, respectively, the U.S. Bankruptcy Court and the Canadian Court approving the Amendment and this Side Letter and granting related relief (the "**Court Approvals**"), which orders together shall satisfy the requirements of Section 14(a) of the Agreement.

7.  Save for paragraphs 14 to 16 below, nothing in this Side Letter shall take effect until the Court Approvals have been granted.

8. For the avoidance of doubt, notwithstanding anything in this Side Letter to the contrary, if at any point prior to the transmission of the Russian CVAS Payment by the Distribution Agent an Insolvency Event occurs with respect to Nortel Russia, any Party to this Side Letter may provide written notice to each of the other Parties that, as a result of the Insolvency Event, this Side Letter is therefore null and void (the "**Nullification Notice**"). Upon delivery of the Nullification Notice, (i) this Side Letter shall be null and void, (ii) the Parties' rights, claims and obligations as they existed immediately prior to the execution of this Agreement shall be restored, and (iii) nothing in this Side Agreement shall constitute an admission, limitation or waiver with respect to each of the claims or rights of each of the Parties to the Escrow Funds or the rights of each of the Parties under the Agreement or the IFSA. In the event that a Nullification Notice is delivered or this Side Letter is otherwise terminated after the payment of the Reimbursement Amount and prior to the transmission of the Russian CVAS Payment by the Distribution Agent, each of the Parties agrees to deliver to the Distribution Agent a duly executed and valid letter of direction instructing the Distribution Agent to pay the full amount of the Reimbursement Amount to NNIFH.

9. At such date as the remaining Escrow Funds are released and distributed in accordance with Section 5(a) of the Agreement and the terms of the IFSA (the "**Final Allocation**"), the total amount of the Russian Proceeds, if any, shall be allocated and distributed to NNIFH.

10. Subject to the immediately following sentence, nothing in this Side Letter or the Amendment related thereto or the actions taken as contemplated thereby shall bar, prohibit, terminate or in any way hinder or enhance the rights of the Parties to this Side Letter to present any arguments, methodologies, legal or factual theories in support of a proposed allocation of the Sale Proceeds (as defined in the IFSA) or the proceeds of any other transaction, including, without limitation, the sale of assets, businesses or intellectual property, that would be subject to allocation amongst any of the Parties, and such presentation shall not, or otherwise be deemed to, constitute in any way a violation of a Party's rights under any existing agreement. The Parties agree that no Party shall use as evidence, or otherwise rely upon, this Side Letter or any part hereof (including, without limitation, the amount and/or payment of the Russian CVAS Payment) in any way to support its right to a particular allocation of the Sale Proceeds or any other sale proceeds. Subject to the terms of this Side Letter, the Parties oppose and shall reasonably cooperate in opposing the allocation and/or distribution of the Russian Proceeds to any person other than NNIFH by any dispute resolver(s) appointed pursuant to any Allocation Protocol or otherwise, any court, or such other judicial or quasi-judicial body or any similar entity asserting authority over such determination.

11. It is acknowledged and agreed that NNIFH will be entitled to the Russian Proceeds irrespective of whether the Russian Proceeds are greater than, or less than, the Reimbursement Amount.

12. NNIFH agrees to reasonably cooperate in the defense of any effort to set aside or void actions taken pursuant to this Side Letter as a preference, fraudulent conveyance or under any similar provision of any other bankruptcy, insolvency, creditor rights law or currency control regulation or law in any similar proceeding under the laws of any jurisdiction.

13. This Side Letter shall be governed by and construed exclusively in accordance with the laws of the State of New York without regard to the rules of conflict of laws of the State of New York or any other jurisdiction; provided, however, that paragraphs 15 to 16 shall be governed exclusively by English law.

14. To the fullest extent permitted by applicable Law, each Party irrevocably agrees to submit to the exclusive jurisdiction of both (i) the U.S. Bankruptcy Court and the Canadian Court for any claim, action or proceeding arising under or out of, in respect of, or in connection with this Side Letter, if such claim, action, suit or proceeding is brought prior to the entry of a final decree closing the Bankruptcy Cases involving the relevant Depositors pending before such courts, and (ii) the federal courts in the Southern District of New York and the state courts of the State of New York, County of New York if brought after entry of such final decree closing such bankruptcy cases involving the relevant depositors pending before the U.S. Bankruptcy Court or the Canadian Court; provided, however, that the courts of England and Wales shall have exclusive jurisdiction to hear and determine or otherwise settle any claim, action, suit or proceeding brought under paragraphs 15 to 16. Each Party to this Side Letter irrevocably waives any right it may have to object to an action being brought in those courts, to claim that the action has been brought in an inconvenient forum, or to claim that those courts do not have jurisdiction.

15. It is acknowledged that the Joint Administrators are entering into this Side Letter as agents for the EMEA Debtors to which they are appointed and that Maitre Cosme Rogeau, the French Liquidator of NNSA (the "**NNSA Office Holder**") is entering into this Side Letter as agents of NNSA to which he is appointed and that none of the Joint Administrators, their firm, partners, employees, advisers, representatives or agents or the NNSA Office Holder, his firm, partners, employees, advisers, representatives or agents (in respect of NNSA only) shall incur any personal liability whatsoever whether on their own part or in respect of any failure on the part of any Nortel Group

5

(as defined in the IFSA) company to observe, perform or comply with any of its obligations under this Side Letter or under or in relation to any associated arrangements or negotiations.

16. The Joint Administrators are a party to this Side Letter: (i) as agents of certain of the respective EMEA Debtors of which they are administrators; and (ii) in their own capacities solely for taking the benefit of the statutory charges under Paragraph 99(3) of Schedule B1 of the Insolvency Act 1986 and enforcing the obligations of certain other parties to this Side Letter.

17. The Parties may execute this Side Letter in counterparts (no one of which need contain the signatures of all Parties), each of which will be an original and all of which will constitute one and the same instrument. Facsimile or PDF signatures shall be deemed original signatures.

18. The provisions of this Side Letter may be waived or amended if, and only if, such amendment or waiver is in writing and is signed by the Depositors, and the Estate Fiduciaries (with a copy thereof to the Bondholder Group) and, if prior to the entry of a final decree closing the Bankruptcy Cases, such amendment or waiver is approved by both the U.S. Bankruptcy Court and the Canadian Court; provided, however, that (i) court approval shall not be required of any applicable court (whether the U.S. Bankruptcy Court or the Canadian Court) if a final decree closing the Bankruptcy Cases pending before such court shall have been entered by such court; and (ii) court approval shall not be required of any court if final decrees terminating the Bankruptcy Cases shall have been entered by the U.S. Bankruptcy Court and the Canadian Court.

19. No failure to exercise, and no delay in exercising, any right, remedy, power or privilege under this Side Letter by any Party will operate as a waiver of such right, remedy, power or privilege, nor will any single or partial exercise of any right, remedy, power or privilege under this Side Letter preclude any other or further exercise of such right, remedy, power or privilege or the exercise of any other right, remedy, power or privilege. No Party shall be deemed to have waived any provision of this Side Letter unless such waiver is in writing, and then such waiver shall be limited to the circumstances set forth in such written waiver.

20. This Side Letter is for the sole benefit of the Parties and their permitted assigns and nothing herein, express or implied, is intended to or shall confer upon any other person any legal or equitable right, benefit or remedy of any nature whatsoever under or by reason of this Side Letter.

6

21. Except as otherwise expressly provided in this Side Letter, all covenants and agreements set forth in this Side Letter by or on behalf of the Parties will be binding upon and inure to the benefit of the Parties and their respective successors.

22. As required by section 12(g) of the IFSA, NNI has consulted with the Committee and the Bondholder Group (each as defined in the Agreement) and obtained their consent prior to entering into this Side Letter, and as evidenced by signature of the Committee hereto, the Committee consents to this Side Letter.

23. NNI and NNUK (together, the "**Israeli Representatives**") are signing this letter on behalf of Nortel Networks Israel (Sales and Marketing) Limited as attorneys-in-fact pursuant to that certain Irrevocable Power of Attorney dated as of July 10, 2011, with each Israeli Representative acting as agent and without personal liability.


[Signature pages to follow]


**Copy to**:

The Bondholder Group
c/o Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Attn: Albert A. Pisa and Roland Hlawaty
Phone: 212.530.5000
Via Facsimile: 212.822.5735

7

IN WITNESS WHEREOF, each of the parties hereto has caused this Side Letter to be executed on the day and year first above written.


NORTEL NETWORKS LIMITED

By:_____
Name:
Title:


By:_____
Name:
Title:


NORTEL NETWORKS INC.

By:_____
Name:  John J. Ray III
Title:  Principal Officer


NORTEL NETWORKS CORPORATION

By:_____
Name:
Title:


By:_____
Name:
Title:


ERNST & YOUNG INC. SOLELY IN ITS CAPACITY AS THE MONITOR OF NORTEL NETWORKS CORPORATION ET AL., AND NOT IN ITS PERSONAL CAPACITY


By:_____
Name:
Title:


THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NORTEL NETWORKS INC., ET. AL.

By:  AKIN GUMP STRAUSS HAUER & FELD LLP, as Counsel to the Committee and authorized signatory and not in its individual capacity


By:_____
Name:
Title:


S-1

**NORTEL NETWORKS INTERNATIONAL INC.**

By:_____
Name:  John J. Ray III
Title:  Principal Officer

**NORTEL NETWORKS (CALA) INC.**

By:_____
Name:  John J. Ray III
Title:  Principal Officer

Side Letter Concerning the CVAS Distribution Escrow Agreement

**SIGNED** in the name and on behalf of **NORTEL NETWORKS DE GUATEMALA LTDA.** by


By:_____
Name:  Luis Fernando Guerra Sanz
Title:  Sole Administrator and Legal Representative



**SIGNED** in the name and on behalf of **NORTEL NETWORKS KABUSHIKI KAISHA** by


By:_____
Name:  Stephen Givens
Title:  Resident Director

**SIGNED** by and on behalf of **NORTEL NETWORKS TECHNOLOGY CORPORATION** by

By:_____
Name:
Title:


By:_____
Name:
Title:

**SIGNED** by and on behalf of **NORTEL NETWORKS DE MEXICO S.A. DE C.V.** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL DE MEXICO S. DE R.L. DE C.V.** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL NETWORKS (INDIA) PRIVATE LIMITED** by


By:_____
Name:
Title:


By:_____
Name:
Title:

S-4

**SIGNED** by and on behalf of **NORTEL NETWORKS PERU S.A.C.** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL NETWORKS AUSTRALIA PTY. LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **PT NORTEL NETWORKS INDONESIA** by

By:_____
Name:
Title:


By:_____
Name:
Title:

S-5

**SIGNED** by and on behalf of **NORTEL NETWORKS MALAYSIA SDN. BHD.** by

By:_____
Name:
Title:


By:_____
Name:
Title:

**SIGNED** by and on behalf of **NORTEL NETWORKS NEW ZEALAND LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:

**SIGNED** by and on behalf of **NORTEL NETWORKS SINGAPORE PTE. LTD** by

By:_____
Name:
Title:


By:_____
Name:
Title:

**SIGNED** by and on behalf of **NORTEL NETWORKS (ASIA) LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:

Side Letter Concerning the CVAS Distribution Escrow Agreement

**SIGNED** by and on behalf of **NORTEL NETWORKS (CHINA) LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:

**SIGNED** by and on behalf of **NORTEL NETWORKS (THAILAND) LTD** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL VIETNAM LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:

S-7

**SIGNED** by and on behalf of **NORTEL NETWORKS DE ARGENTINA S.A.** by

By:_____
Name:
Title:


By:_____
Name:
Title:

S-8

**SIGNED** for and on behalf of **Nortel Networks**   )   ......................................................................
**UK Limited** (in administration) by Christopher      )
Hill as Joint Administrator (acting as agent and       )
without personal liability) in the presence of:        )


Witness signature

.........................................................   )
Name:                                                      )
Address:                                                   )




**SIGNED** for and on behalf of **Nortel GmbH** (in    )   ......................................................................
administration) by Christopher Hill as Joint            )
Administrator (acting as agent and without             )
personal liability) in the presence of:                )


Witness signature

.........................................................   )
Name:                                                      )
Address:                                                   )

S-9

**SIGNED** for and on behalf of **Nortel Networks**
**SpA** (in administration) by Christopher Hill as
Joint Administrator (acting as agent and without
personal liability) in the presence of:

)
)
)
)

.....................................................

Witness signature

.........................................................
Name:
Address:

)
)
)

**SIGNED** for and on behalf of **Nortel Networks**
**Hispania S.A.** (in administration) by Christopher
Hill as Joint Administrator (acting as agent and
without personal liability) in the presence of:

)
)
)
)

.............................................................

Witness signature

.........................................................
Name:
Address:

)
)
)

S-10

Side Letter Concerning the CVAS Distribution Escrow Agreement

**SIGNED** for and on behalf of **Nortel Networks** )    .................................................................
**B.V.** (in administration) by Christopher Hill as )
Joint Administrator (acting as agent and without )
personal liability) in the presence of: )


Witness signature


.........................................................................    )
Name:                                                                        )
Address:                                                                     )


**SIGNED** for and on behalf of **Nortel Networks** )    .................................................................
**AB** (in administration) by Christopher Hill as )
Joint Administrator (acting as agent and without )
personal liability) in the presence of: )


Witness signature


.........................................................................    )
Name:                                                                        )
Address:                                                                     )


S-11

Side Letter Concerning the CVAS Distribution Escrow Agreement

**SIGNED** for and on behalf of **Nortel Networks**   )   ...............................................................
**N.V.** (in administration) by Christopher Hill as   )
Joint Administrator (acting as agent and without   )
personal liability) in the presence of:   )

Witness signature

..........................................................   )
Name:   )
Address:   )

**SIGNED** for and on behalf of **Nortel Networks**   )   ...............................................................
**(Austria) GmbH** (in administration) by   )
Christopher Hill as Joint Administrator (acting as   )
agent and without personal liability) in the   )
presence of:

Witness signature

   )
..........................................................   )
Name:   )
Address:

S-12

Side Letter Concerning the CVAS Distribution Escrow Agreement

**SIGNED** for and on behalf of **Nortel Networks** )  ................................................................
**Portugal S.A.** (in administration) by Christopher )
Hill as Joint Administrator (acting as agent and )
without personal liability) in the presence of: )

Witness signature

......................................................... )
Name: )
Address: )

**SIGNED** for and on behalf of **Nortel Networks** )  ................................................................
**s.r.o.** (in administration) by Christopher Hill as )
Joint Administrator (acting as agent and without )
personal liability) in the presence of: )

Witness signature

......................................................... )
Name: )
Address: )

Side Letter Concerning the CVAS Distribution Escrow Agreement

**SIGNED** for and on behalf of **Nortel Networks**          )          ..................................................................
**Polska Sp. z.o.o.** (in administration) by                        )
Christopher Hill as Joint Administrator (acting as      )
agent and without personal liability) in the              )
presence of:

Witness signature

                                                                                    )
..........................................................................  )
Name:                                                                         )
Address:

**SIGNED** for and on behalf of **Nortel Networks**          )          ..................................................................
**Slovensko s.r.o.** (in administration) by                      )
Christopher Hill as Joint Administrator (acting as      )
agent and without personal liability) in the              )
presence of:

Witness signature

                                                                                    )
..........................................................................  )
Name:                                                                         )
Address:

S-14

Side Letter Concerning the CVAS Distribution Escrow Agreement

**SIGNED** for and on behalf of **Nortel Networks**    )    ..................................................................

**Romania Srl** (in administration) by Christopher    )

Hill as Joint Administrator (acting as agent and    )

without personal liability) in the presence of:    )


Witness signature

.........................................................................    )

Name:    )

Address:    )


**SIGNED** for and on behalf of **Nortel Networks**    )    ..................................................................

**International Finance & Holding B.V.** (in    )

administration) by Christopher Hill as Joint    )

Administrator (acting as agent and without    )

personal liability) in the presence of:


Witness signature

    )

.........................................................................    )

Name:    )

Address:

S-15

Side Letter Concerning the CVAS Distribution Escrow Agreement

**SIGNED** for and on behalf of **Nortel Networks**      )      ...............................................................
**France S.A.S.** (in administration) by Kerry Trigg      )
acting as authorised representative for the Joint      )
Administrators (acting as agent and without      )
personal liability) in the presence of:

Witness signature
                                                         )
...........................................................      )
Name:                                                    )
Address:

**SIGNED** for and on behalf of **Nortel Networks**      )      ...............................................................
**(Ireland) Limited** (in administration) by David      )
Hughes as Joint Administrator (acting as agent      )
and without personal liability) in the presence of:      )

Witness signature

...........................................................      )
Name:                                                    )
Address:                                                 )

Side Letter Concerning the CVAS Distribution Escrow Agreement

**SIGNED** by Vladimir Kasyanik, General )    ................................................................
Director, duly authorized for and on behalf of )
**o.o.o. Nortel Networks**, in the presence of: )
)

Witness signature

..........................................................................
Name: )
Address: )
)

**SIGNED** by _____ )    ................................................................
duly authorized for and on behalf of **Nortel** )
**Networks AG** in the presence of: )
)

Witness signature

..........................................................................
Name: )
Address: )
)

S-17

Side Letter Concerning the CVAS Distribution Escrow Agreement

**SIGNED** by Alan Bloom in his own capacity and )  ...............................................................
on behalf of the Joint Administrators without )
personal liability and solely for the benefit of the )
provisions of this Agreement expressed to be )
conferred on or given to the Joint Administrators:

Witness signature

........................................................................ )
Name:                                        )
Address:                                     )

**SIGNED** for and on behalf of **NORTEL** )  ...............................................................
**NETWORKS S.A. (In administration and** )
**secondary proceedings)** by Maitre Cosme )
Rogeau, in his capacity as French Liquidator )
(Mandataire Liquidateur) acting as agent and
without personal liability, in the presence of:

Witness signature                            )
                                             )
........................................................................ )
Name:
Address:

S-18

Side Letter Concerning the CVAS Distribution Escrow Agreement

**SIGNED** for and on behalf of **NORTEL NETWORKS ISRAEL (SALES AND MARKETING) LIMITED (IN ADMINISTRATION)** by John J. Ray III for and on behalf of Nortel Networks Inc. and by Christopher Hill as Joint Administrator for and on behalf of Nortel Networks UK Limited (in administration) (each acting as attorney-in-fact and agent and without personal liability) in the presence of:

)
)
)
)

)
)
)

Christopher Hill

...............................................................

John J. Ray III

...............................................................

Witness signature

...........................................................................
Name:
Address:

S-19

Side Letter Concerning the CVAS Distribution Escrow Agreement

**Schedule 1**

**OTHER SELLERS**

**Part 1: Other Sellers Represented by NNL**

Nortel Networks Technology Corporation

Nortel de Mexico S. de R.L. de C.V.

Nortel Networks de Mexico S.A. de C.V.

Nortel Networks Peru S.A.C.

Nortel Networks Australia Pty. Limited

Nortel Networks (India) Private Limited

PT Nortel Networks Indonesia

Nortel Networks Malaysia Sdn. Bhd

Nortel Networks New Zealand Limited

Nortel Networks Singapore Pte. Limited

Nortel Networks (Asia) Limited

Nortel Networks (China) Limited

Nortel Networks (Thailand) Limited

Nortel Vietnam Limited


**Part 2: Other Sellers Represented by NNI**

Nortel Networks International Inc.

Nortel Networks (CALA) Inc.

Nortel Networks Japan (Japanese name is Nortel Networks Kabushiki Kaisha)

Nortel Networks de Guatemala Ltda


**Part 3: EMEA Filed Entities**

Nortel Networks (Ireland) Limited (In Administration)

Nortel GmbH (In Administration)

Nortel Networks S.p.A. (In Administration)

Nortel Networks France S.A.S. (In Administration)

Nortel Networks Hispania, S.A. (In Administration)

Nortel Networks B.V. (In Administration)

Nortel Networks AB (In Administration)

Nortel Networks N.V. (In Administration)

Nortel Networks (Austria) GmbH (In Administration)

Nortel Networks Polska Sp. z.o.o. (In Administration)

Nortel Portugal S.A. (In Administration)

Nortel Networks Slovenkso s.r.o. (In Administration)

Nortel Networks s.r.o. (In Administration)

Nortel Networks Romania s.r.l. (In Administration)


**Part 4: EMEA Non-Filed Entities**

Nortel Networks A.G.


**Part 5: Israeli Company**

Nortel Networks Israel (Sales and Marketing) Limited (in administration)

**Schedule 2**

**Escrow Amendment**

**Schedule 3**

**Solvency Certificate**

**Schedule 4**

**Letter of Direction**

**SECOND AMENDMENT TO CVAS DISTRIBUTION ESCROW AGREEMENT**

This Second Amendment, dated as of [●], 2011 (this "Amendment") to the CVAS Distribution Escrow Agreement (as amended, the "Distribution Escrow Agreement"), dated as of May 27, 2010, is by and among (i) Nortel Networks Corporation ("NNC"), (ii) Nortel Networks Limited ("NNL"), (iii) Nortel Networks Inc. ("NNI," and together with NNC and NNL, the "Main Sellers"), (iv) the affiliates of the Main Sellers listed on Schedule A of the Distribution Escrow Agreement (the "Other Sellers" and, together with the Main Sellers, the "Sellers"),  (v) the entities set out in Schedule B of the Distribution Escrow Agreement (the "EMEA Sellers"), which in the case of the EMEA Debtors (as defined in the Distribution Escrow Agreement) are acting by their joint administrators Alan Robert Bloom, Stephen John Harris, Alan Michael Hudson and Christopher John Wilkinson Hill of Ernst & Young LLP (other than Nortel Networks (Ireland) Limited (In Administration), for which David Hughes (Ireland) of Ernst & Young Chartered Accountants and Alan Robert Bloom serve as joint administrators) (collectively, the "Joint Administrators") who act as agents for the EMEA Debtors without any personal liability whatsoever, (vi) Nortel Networks S.A. (in administration and liquidation judiciare) ("NNSA") acting by the French Liquidator (as defined in the Distribution Escrow Agreement), who acts as agent for NNSA without any personal liability whatsoever (NNSA, the Sellers and the EMEA Sellers, together, the "Depositors"), (vii) the Estate Fiduciaries (as defined in the Distribution Escrow Agreement), and (viii) JPMorgan Chase Bank, N.A., a national banking association organized and existing under the laws of the United States of America ("JPMorgan")and acting through its TS/Escrow Services Division and solely in its capacity as escrow and distribution agent under the Distribution Escrow Agreement and any successors appointed pursuant to the terms thereof (JPMorgan in such capacity, the "Distribution Agent")..  Capitalized terms used but not defined herein shall have the meanings given to them in the Distribution Escrow Agreement.

WITNESSETH:

WHEREAS, the Depositors, the Estate Fiduciaries and the Distribution Agent (the "Parties") desire to amend the Distribution Escrow Agreement.

WHEREAS, on June 6, 2011 and June 7, 2011, the U.S. Bankruptcy Court and the Canadian Court, respectively, approved an amendment to the Distribution Escrow Agreement, dated, [●], 2011, that removed all references to Nortel Networks Israel (Sales and Marketing) Ltd. as a Depositor (as defined in the Distribution Escrow Agreement) under the Distribution Escrow Agreement and provided that the consent of Nortel Israel will no longer be required for any purposes thereunder.

WHEREAS, this Amendment has been approved by both the U.S. Bankruptcy Court and the Canadian Court pursuant to orders dated [●], 2011, as required pursuant to Paragraph 14(a) of the Distribution Escrow Agreement.

WHEREAS, on August [●], 2011 the Parties entered into that certain Side Letter to the Distribution Escrow Agreement (the "CVAS Escrow Side Letter") pursuant to which certain funds from the Distribution Account are to be released to o.o.o. Nortel Networks, aka Nortel Networks o.o.o.("Nortel Russia") (as defined in the CVAS Escrow Side Letter, the

1

"Russian CVAS Payment") upon satisfaction of certain specified conditions precedent, including the payment of an amount equivalent to the Russian CVAS Payment into the Distribution Account (as defined in the Distribution Escrow Agreement) by Nortel Networks International Finance & Holding B.V. ("NNIFH") and delivery of an instruction by the Depositors and the Estate Fiduciaries to the Distribution Agent pursuant to Paragraph 5(a) of the Distribution Escrow Agreement.

WHEREAS, the Parties anticipate that Nortel Russia will be placed into voluntary liquidation within approximately one month of the date hereof, and the Parties cannot determine with certainty the length of the liquidation process under applicable Russian law.

NOW, THEREFORE, in consideration of the foregoing, and for other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties hereby agree as follows:

1.      Amendment of Schedule B.  Conditional upon, and with effect from, the transmission of the Russian CVAS Payment by the Distribution Agent in accordance with the terms of the CVAS Escrow Side Letter,

a.      Schedule B of the Distribution Escrow Agreement shall be amended to remove Nortel Russia from the list of EMEA Sellers party to the Distribution Escrow Agreement.  Nortel Russia shall immediately and irrevocably cease to be a Depositor under the Distribution Escrow Agreement for any and all purposes, and the consent of Nortel Russia shall no longer be required for any purposes thereunder.

b.      Schedule B of the Distribution Escrow Agreement shall be amended to add NNIFH to the list of EMEA Sellers party to the Distribution Escrow Agreement.  NNIFH shall immediately become a Depositor under the Distribution Escrow Agreement for any and all purposes.

2.      Authorization.  Each Party hereto represents to the others that (a) such party has all necessary power and authority to enter into this Amendment; (b) the execution and delivery by such Party of this Amendment has been duly authorized by all requisite corporate or other action on the part of such Party; and (c) this Amendment has been duly executed and delivered by such Party.

3.      Distribution Escrow Agreement Remains in Effect.  This Amendment and the Distribution Escrow Agreement set forth the entire agreement among the Parties with respect to the matters set forth herein.  Except as amended hereby, the Distribution Escrow Agreement shall remain in full force and effect, and nothing herein shall affect any other provision of the Distribution Escrow Agreement or the rights and obligations of the parties thereto.  This Amendment shall be governed by and interpreted and enforced in accordance with the terms of the Distribution Escrow Agreement.

4.      Counterparts.  This Amendment may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same agreement, it being understood that all of the Parties need not sign the same counterpart.  All signatures of the parties to this Amendment may be transmitted by facsimile or other

electronic means, and such facsimile or other electronic documents will, for all purposes, be deemed to be the original signature of such party whose signature it reproduces, and will be binding upon such party.

*[Signature pages follow.]*

**Copy to:**

The Bondholder Group
c/o Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Attn: Albert A. Pisa and Roland Hlawaty
Phone: 212.530.5000
Via Facsimile: 212.822.5735

NORTEL NETWORKS LIMITED

By:_____
Name:
Title:


By:_____
Name:
Title:


NORTEL NETWORKS INC.

By:_____
Name:  John J. Ray III
Title:  Principal Officer


ERNST & YOUNG INC. SOLELY IN ITS
CAPACITY AS THE MONITOR OF
NORTEL NETWORKS CORPORATION ET
AL., AND NOT IN ITS PERSONAL
CAPACITY




By:_____
Name:
Title:


NORTEL NETWORKS CORPORATION

By:_____
Name:
Title:


By:_____
Name:
Title:


DISTRIBUTION AGENT

JPMorgan Chase Bank, N.A., as Distribution
Agent

By:_____
Name:
Title:


THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF NORTEL
NETWORKS INC., ET. AL.

By:  AKIN GUMP STRAUSS HAUER &
FELD LLP, as Counsel to the Committee and
authorized signatory and not in its individual
capacity

By:_____
Name:
Title:


S-1

**NORTEL NETWORKS INTERNATIONAL INC.**

By:_____
Name:  John J. Ray III
Title:  Principal Officer

**NORTEL NETWORKS (CALA) INC.**

By:_____
Name:  John J. Ray III
Title:  Principal Officer

S-2

SIGNED in the name and on behalf of **NORTEL NETWORKS DE GUATEMALA LTDA.**
by


By:_____
Name:  Luis Fernando Guerra Sanz
Title:  Sole Administrator and Legal Representative


SIGNED in the name and on behalf of **NORTEL NETWORKS KABUSHIKI KAISHA** by


By:_____
Name:  Stephen Givens
Title:  Resident Director

**SIGNED** by and on behalf of **NORTEL NETWORKS TECHNOLOGY CORPORATION** by

By:_____
Name:
Title:


By:_____
Name:
Title:

**SIGNED** by and on behalf of **NORTEL NETWORKS DE MEXICO S.A. DE C.V.** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL DE MEXICO S. DE R.L. DE C.V.** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** in the name and on behalf of **NORTEL NETWORKS (INDIA) PRIVATE LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:

S-4

Second Amendment to CVAS Distribution Escrow Agreement

**SIGNED** by and on behalf of **NORTEL NETWORKS PERU S.A.C.** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL NETWORKS AUSTRALIA PTY. LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **PT NORTEL NETWORKS INDONESIA** by

By:_____
Name:
Title:


By:_____
Name:
Title:

Second Amendment to CVAS Distribution Escrow Agreement

**SIGNED** by and on behalf of **NORTEL NETWORKS MALAYSIA SDN. BHD.** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL NETWORKS NEW ZEALAND LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL NETWORKS SINGAPORE PTE. LTD** by

By:_____
Name:
Title:


By:_____
Name:
Title:

**SIGNED** by and on behalf of **NORTEL NETWORKS (ASIA) LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:


S-6

**SIGNED** by and on behalf of **NORTEL NETWORKS (CHINA) LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:

**SIGNED** by and on behalf of **NORTEL NETWORKS (THAILAND) LTD** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL VIETNAM LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:

S-7

**SIGNED** by and on behalf of **NORTEL NETWORKS DE ARGENTINA S.A.** by

By:_____
Name:
Title:


By:_____
Name:
Title:

Second Amendment to CVAS Distribution Escrow Agreement

**SIGNED** for and on behalf of **Nortel Networks**   )   .................................................................
**UK Limited** (in administration) by Christopher   )
Hill as Joint Administrator (acting as agent and   )
without personal liability) in the presence of:   )

Witness signature

..........................................................   )
Name:   )
Address:   )

**SIGNED** for and on behalf of **Nortel GmbH** (in   )   .................................................................
administration) by Christopher Hill as Joint   )
Administrator (acting as agent and without   )
personal liability) in the presence of:   )

Witness signature

..........................................................   )
Name:   )
Address:   )

Second Amendment to CVAS Distribution Escrow Agreement

**SIGNED** for and on behalf of **Nortel Networks** )    ................................................................
**SpA** (in administration) by Christopher Hill as )
Joint Administrator (acting as agent and without )
personal liability) in the presence of: )

Witness signature

........................................................ )
Name: )
Address: )

**SIGNED** for and on behalf of **Nortel Networks** )    ..............................................................
**Hispania S.A.** (in administration) by )
Christopher Hill as Joint Administrator (acting )
as agent and without personal liability) in the )
presence of:

Witness signature

)
........................................................ )
Name: )
Address:

S-10

Second Amendment to CVAS Distribution Escrow Agreement

**SIGNED** for and on behalf of **Nortel Networks** )    ................................................................
**B.V.** (in administration) by Christopher Hill as )
Joint Administrator (acting as agent and without )
personal liability) in the presence of: )


Witness signature

................................................................
Name:                                                         )
Address:                                                      )
                                                              )


**SIGNED** for and on behalf of **Nortel Networks** )    ................................................................
**AB** (in administration) by Christopher Hill as )
Joint Administrator (acting as agent and without )
personal liability) in the presence of: )


Witness signature

................................................................
Name:                                                         )
Address:                                                      )
                                                              )


S-11

Second Amendment to CVAS Distribution Escrow Agreement

**SIGNED** for and on behalf of **Nortel Networks**  )    ................................................................
**N.V.** (in administration) by Christopher Hill as  )
Joint Administrator (acting as agent and without  )
personal liability) in the presence of:  )

Witness signature

........................................................  )
Name:  )
Address:  )

**SIGNED** for and on behalf of **Nortel Networks**  )    ................................................................
**(Austria) GmbH** (in administration) by  )
Christopher Hill as Joint Administrator (acting  )
as agent and without personal liability) in the  )
presence of:

Witness signature

)
........................................................  )
Name:  )
Address:

S-12

**SIGNED** for and on behalf of **Nortel Networks**      )      ........................................................
**Portugal S.A.** (in administration) by                         )
Christopher Hill as Joint Administrator (acting              )
as agent and without personal liability) in the             )
presence of:

Witness signature

                                                   )
.............................................................      )
Name:                                                                        )
Address:

**SIGNED** for and on behalf of **Nortel Networks**      )      ........................................................
**s.r.o.** (in administration) by Christopher Hill as       )
Joint Administrator (acting as agent and without        )
personal liability) in the presence of:                        )

Witness signature

.............................................................      )
Name:                                                                        )
Address:                                                                     )

S-13

**SIGNED** for and on behalf of **Nortel Networks**          )          ................................................................
**Polska Sp. z.o.o.** (in administration) by          )
Christopher Hill as Joint Administrator (acting          )
as agent and without personal liability) in the          )
presence of:

Witness signature

                                                              )
................................................................          )
Name:          )
Address:


**SIGNED** for and on behalf of **Nortel Networks**          )          ................................................................
**Slovensko s.r.o.** (in administration) by          )
Christopher Hill as Joint Administrator (acting          )
as agent and without personal liability) in the          )
presence of:

Witness signature

                                                              )
................................................................          )
Name:          )
Address:


S-14

Second Amendment to CVAS Distribution Escrow Agreement

**SIGNED** for and on behalf of **Nortel Networks**     )     ................................................................
**Romania Srl** (in administration) by Christopher     )
Hill as Joint Administrator (acting as agent and     )
without personal liability) in the presence of:     )


Witness signature

........................................................................     )
Name:     )
Address:     )


**SIGNED** for and on behalf of **Nortel Networks**     )     ................................................................
**France S.A.S.** (in administration) by Kerry     )
Trigg acting as authorised representative for the     )
Joint Administrators (acting as agent and     )
without personal liability) in the presence of:


Witness signature

     )
........................................................................     )
Name:     )
Address:

Second Amendment to CVAS Distribution Escrow Agreement

**SIGNED** for and on behalf of **Nortel Networks**  )   ................................................................
**(Ireland) Limited** (in administration) by David  )
Hughes as Joint Administrator (acting as agent  )
and without personal liability) in the presence  )
of:


Witness signature

                                                       )
.........................................................  )
Name:                                                  )
Address:

S-16

**SIGNED** by Vladimir Kasyanik, General )    ................................................................
Director, duly authorized for and on behalf of )
**o.o.o. Nortel Networks**, in the presence of: )
                                                )

Witness signature

........................................................................
Name:                                           )
Address:                                        )
                                                )

**SIGNED** by _____ )    ................................................................
duly authorized for and on behalf of **Nortel** )
**Networks AG** in the presence of:             )
                                                )

Witness signature

........................................................................
Name:                                           )
Address:                                        )
                                                )

S-17

Second Amendment to CVAS Distribution Escrow Agreement

**SIGNED** for and on behalf of **NORTEL**      )      ...............................................................
**NETWORKS S.A. (In administration and**      )
**secondary proceedings)** by Maitre Cosme      )
Rogeau, in his capacity as French Liquidator      )
(Mandataire Liquidateur) acting as agent and
without personal liability, in the presence of:


Witness signature
                                              )
........................................................................      )
Name:      )
Address:

S-18

**EXECUTION VERSION**

[●] August 2011

To:    Nortel Networks Corporation ("**NNC**")
Nortel Networks Limited ("**NNL**")
Nortel Networks Inc. ("**NNI**")
Nortel Networks UK Limited (in administration) ("**NNUK**")
Nortel Networks S.A. (in administration and liquidation judiciare) ("**NNSA**")
Nortel Networks International Finance & Holding B.V. (in administration) ("**NNIFH**")
o.o.o. Nortel Networks ("**Nortel Russia**")
The Joint Administrators
The Estate Fiduciaries
The other parties listed in Schedule 1 hereto

**Side Letter concerning the Escrow Agreement**

Reference is made to the Escrow Agreement (as amended, the "**Agreement**") dated 18 December 2009 by and between the Depositors, the Estate Fiduciaries, and JPMorgan (each as defined in the Agreement).

This letter (the "**Side Letter**") documents the agreement of NNC, NNL, NNI, NNUK, NNSA, NNIFH, Nortel Russia, the Joint Administrators, the Estate Fiduciaries and the other parties listed in Schedule 1 hereto (each individually a "**Party**" and together, the "**Parties**") as to certain matters relating to Nortel Russia.

In this Side Letter, unless the subject or context otherwise requires, words defined in the Agreement shall have the same meanings when used herein.

It is anticipated that within approximately two months of the date of this Side Letter Nortel Russia will be placed into voluntary liquidation in Russia and a liquidator (the "**Liquidator**") will be appointed to wind down the operations of Nortel Russia, including investigation of the claims of Nortel Russia's various creditors and the discharge of any such claims (the "**Liquidation**"). As of the date of this Side Letter, Nortel Russia has neither been placed into insolvent liquidation proceedings or receivership nor determined by any governmental or judicial authority of the Russian Federation to meet the Russian Insolvency Test as defined in Annex B to the Solvency Certificate (as defined below) (each, an "**Insolvency Event**").

Subject to the satisfaction of all the terms and conditions set forth herein, and for the good and valuable consideration set forth herein, the value of which is hereby acknowledged, the undersigned hereby confirm and agree as follows:

1

1.  Pursuant to:

    a.  the equipment purchase and sale agreement dated 18 December 2009 entered into between Nortel Russia and Avaya CIS Limited Liability Company ("**Avaya**"); and

    b.  the inventory purchase and sale agreement dated 8 April 2010 entered into between Nortel Russia and Avaya, as amended on 8 June 2010,

    Nortel Russia has received an aggregate amount of RUR 12,439,738.35 in payment for the sale of equipment and inventory related to the Enterprise business of Nortel Russia and its affiliates (the "**Enterprise Payment**").

2.  Following and by no later than five (5) Business Days after the date of the Court Approvals (as defined below), provided that Liquidation has not yet commenced, the Liquidator has not yet been appointed, and no Insolvency Event has occurred, pursuant to Section 15(a) of the Agreement and the terms of the IFSA as applicable to the Parties, the Depositors, the Estate Fiduciaries and the Distribution Agent shall execute an amendment to the Agreement, substantially in the form attached hereto as Schedule 2, that amends the Agreement to remove all references to Nortel Russia as a Depositor, such that Nortel Russia shall, subject to the terms of the assignment pursuant to paragraph 4 below, have no further rights or obligations under the Agreement, including but not limited to those rights accorded to Depositors under Section 5(a) of the Agreement (the "**Amendment**").

3.  Following and by no later than five (5) Business Days after the date of the Court Approvals (as defined below), provided that Liquidation has not yet commenced, the Liquidator has not yet been appointed, and no Insolvency Event has occurred, the General Director of Nortel Russia shall execute and deliver a certificate of solvency, substantially in the form attached hereto as Schedule 3, to NNIFH, NNL, and NNI, with a copy to the other Parties (the "**Solvency Certificate**").

4.  Upon the transmission of certain payments from sale proceed escrow accounts pursuant to side letters executed on or about the date of this Side Letter relating to the sale of the MEN and CVAS businesses of Nortel Russia and its affiliates, provided that Liquidation has not yet commenced, the Liquidator has not yet been appointed, and no Insolvency Event has occurred, in consideration for the Enterprise Payment and the transmission of sale proceeds pursuant to side letters executed on or about the date of this Side Letter relating to the sale of the MEN and CVAS businesses of Nortel Russia and its affiliates, all of the rights, title and interest, if any, that, notwithstanding the

provisions of paragraph 9 below, Nortel Russia or any successor, assign, trustee, liquidator or similar person as of the date of such payment, had or could have had thereafter, to any allocation and/or distribution of the Escrow Funds, whether pursuant to Section 5(a) of the Agreement, the IFSA or otherwise (the "**Russian Proceeds**"), and any and all rights, title, interest and obligations of Nortel Russia, or any successor, assign, trustee, liquidator or similar person, if any, under the Agreement, the IFSA or otherwise, shall be, and shall be deemed to be, assigned and transferred to NNIFH, and neither Nortel Russia, nor any successor, assign (other than NNIFH), trustee, liquidator or similar person shall have any right, title or interest to or under the Agreement, the IFSA, or otherwise, to any allocation or distribution of Escrow Funds.

5. Following the execution of this Side Letter, provided that Liquidation has not yet commenced, the Liquidator has not yet been appointed, and no Insolvency Event has occurred, NNI and NNL shall use commercially reasonable efforts to obtain final orders from, respectively, the U.S. Bankruptcy Court and the Canadian Court approving the Amendment and this Side Letter and granting related relief (the "**Court Approvals**"), which orders together shall satisfy the requirements of Section 15(a) of the Agreement.

6. Save for paragraphs 11 to 14, nothing in this Side Letter shall take effect until the Court Approvals have been granted.

7. For the avoidance of doubt, notwithstanding anything in this Side Letter to the contrary, if at any point prior to the effectiveness of the Amendment an Insolvency Event occurs with respect to Nortel Russia, any Party to this Side Letter may provide written notice to each of the other Parties that, as a result of the Insolvency Event, this Side Letter is therefore null and void (the "**Nullification Notice**"). Upon delivery of the Nullification Notice, (i) this Side Letter shall be null and void, (ii) the Parties' rights, claims and obligations as they existed immediately prior to the execution of this Agreement shall be restored, and (iii) nothing in this Side Agreement shall constitute an admission, limitation or waiver with respect to each of the claims or rights of each of the Parties to the Escrow Funds or the rights of each of the Parties under the Agreement or the IFSA.

8. At such date as the Escrow Funds are released and distributed in accordance with Section 5(a) of the Agreement and the terms of the IFSA (the "**Final Allocation**"), the total amount of the Russian Proceeds, if any, shall be allocated and distributed to NNIFH.

3

9. Subject to the immediately following sentence, nothing in this Side Letter or the Amendment related thereto or the actions taken as contemplated thereby shall bar, prohibit, terminate or in any way hinder or enhance the rights of the Parties to this Side Letter to present any arguments, methodologies, legal or factual theories in support of a proposed allocation of the Sale Proceeds (as defined in the IFSA) or the proceeds of any other transaction, including, without limitation, the sale of assets, businesses or intellectual property, that would be subject to allocation amongst any of the Parties, and such presentation shall not, or otherwise be deemed to, constitute in any way a violation of a Party's rights under any existing agreement. The Parties agree that no Party shall use as evidence, or otherwise rely upon, this Side Letter or any part hereof in any way to support its right to a particular allocation of the Sale Proceeds or any other sale proceeds. Subject to the terms of this Side Letter, the Parties oppose and shall reasonably cooperate in opposing the allocation and/or distribution of the Russian Proceeds to any person other than NNIFH by any dispute resolver(s) appointed pursuant to any Allocation Protocol or otherwise, any court, or such other judicial or quasi-judicial body or any similar entity asserting authority over such determination.

10. NNIFH agrees to reasonably cooperate in the defense of any effort to set aside or void actions taken pursuant to this Side Letter as a preference, fraudulent conveyance or under any similar provision of any other bankruptcy, insolvency, creditor rights law or currency control regulation or law in any similar proceeding under the laws of any jurisdiction.

11. This Side Letter shall be governed by and construed exclusively in accordance with the laws of the State of New York without regard to the rules of conflict of laws of the State of New York or any other jurisdiction; provided, however, that paragraphs 13 to 14 shall be governed exclusively by English law.

12. To the fullest extent permitted by applicable Law, each Party irrevocably agrees to submit to the exclusive jurisdiction of both (i) the U.S. Bankruptcy Court and the Canadian Court for any claim, action or proceeding arising under or out of, in respect of, or in connection with this Side Letter, if such claim, action, suit or proceeding is brought prior to the entry of a final decree closing the Bankruptcy Cases involving the relevant Depositors pending before such courts, and (ii) the federal courts in the Southern District of New York and the state courts of the State of New York, County of New York if brought after entry of such final decree closing such bankruptcy cases involving the relevant depositors pending before the U.S. Bankruptcy Court or the Canadian Court; provided, however, that the courts of England and Wales shall have exclusive jurisdiction to hear and determine or otherwise settle any claim, action, suit or proceeding brought under paragraphs 13 to

14. Each Party to this Side Letter irrevocably waives any right it may have to object to an action being brought in those courts, to claim that the action has been brought in an inconvenient forum, or to claim that those courts do not have jurisdiction.

13. It is acknowledged that the Joint Administrators are entering into this Side Letter as agents for the EMEA Debtors to which they are appointed and that Maitre Cosme Rogeau, the French Liquidator of NNSA, and Maitre Frank Michel, the French Administrator "mandatiare ad hoc" of NNSA (collectively the "**NNSA Office Holders**") are entering into this Side Letter as agents of NNSA to which they are appointed and that none of the Joint Administrators, their firm, partners, employees, advisers, representatives or agents or the NNSA Office Holders, their firm, partners, employees, advisers, representatives or agents (in respect of NNSA only) shall incur any personal liability whatsoever whether on their own part or in respect of any failure on the part of any Nortel Group (as defined in the IFSA) company to observe, perform or comply with any of its obligations under this Side Letter or under or in relation to any associated arrangements or negotiations.

14. The Joint Administrators are a party to this Side Letter: (i) as agents of certain of the respective EMEA Debtors of which they are administrators; and (ii) in their own capacities solely for taking the benefit of the statutory charges under Paragraph 99(3) of Schedule B1 of the Insolvency Act 1986 and enforcing the obligations of certain other parties to this Side Letter.

15. The Parties may execute this Side Letter in counterparts (no one of which need contain the signatures of all Parties), each of which will be an original and all of which will constitute one and the same instrument. Facsimile or PDF signatures shall be deemed original signatures.

16. The provisions of this Side Letter may be waived or amended if, and only if, such amendment or waiver is in writing and is signed by the Depositors, and the Estate Fiduciaries (with a copy thereof to the Bondholder Group) and, if prior to the entry of a final decree closing the Bankruptcy Cases, such amendment or waiver is approved by both the U.S. Bankruptcy Court and the Canadian Court; provided, however, that (i) court approval shall not be required of any applicable court (whether the U.S. Bankruptcy Court or the Canadian Court) if a final decree closing the Bankruptcy Cases pending before such court shall have been entered by such court; and (ii) court approval shall not be required of any court if final decrees terminating the Bankruptcy Cases shall have been entered by the U.S. Bankruptcy Court and the Canadian Court.

17. No failure to exercise, and no delay in exercising, any right, remedy, power or privilege under this Side Letter by any Party will operate as a waiver of such right, remedy, power or privilege, nor will any single or partial exercise of any right, remedy, power or privilege under this Side Letter preclude any other or further exercise of such right, remedy, power or privilege or the exercise of any other right, remedy, power or privilege. No Party shall be deemed to have waived any provision of this Side Letter unless such waiver is in writing, and then such waiver shall be limited to the circumstances set forth in such written waiver.

18. This Side Letter is for the sole benefit of the Parties and their permitted assigns and nothing herein, express or implied, is intended to or shall confer upon any other person any legal or equitable right, benefit or remedy of any nature whatsoever under or by reason of this Side Letter.

19. Except as otherwise expressly provided in this Side Letter, all covenants and agreements set forth in this Side Letter by or on behalf of the Parties will be binding upon and inure to the benefit of the Parties and their respective successors.

20. As required by section 12(g) of the IFSA, NNI has consulted with the Committee and the Bondholder Group (each as defined in the Agreement) and obtained their consent prior to entering into this Side Letter, and as evidenced by signature of the Committee hereto, the Committee consents to this Side Letter.

21. NNI and NNUK (together, the "**Israeli Representatives**") are signing this letter on behalf of Nortel Networks Israel (Sales and Marketing) Limited and Nortel Communications Holdings (1997) Ltd. as attorneys-in-fact pursuant to that certain Irrevocable Power of Attorney dated as of July 10, 2011, with each Israeli Representative acting as agent and without personal liability.

[Signature pages to follow]

**Copy to:**

The Bondholder Group
c/o Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Attn: Albert A. Pisa and Roland Hlawaty
Phone: 212.530.5000
Via Facsimile: 212.822.5735

6

IN WITNESS WHEREOF, each of the parties hereto has caused this Side Letter to be executed on the day and year first above written.

NORTEL NETWORKS LIMITED

By:_____
Name:
Title:

By:_____
Name:
Title:

NORTEL NETWORKS INC.

By:_____
Name:  John J. Ray III
Title:  Principal Officer

NORTEL NETWORKS CORPORATION

By:_____
Name:
Title:

By:_____
Name:
Title:

ERNST & YOUNG INC. SOLELY IN ITS CAPACITY AS THE MONITOR OF NORTEL NETWORKS CORPORATION ET AL., AND NOT IN ITS PERSONAL CAPACITY

By:_____
Name:
Title:

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NORTEL NETWORKS INC., ET. AL.

By:  AKIN GUMP STRAUSS HAUER & FELD LLP, as Counsel to the Committee and authorized signatory and not in its individual capacity

By:_____
Name:
Title:

S-1

Side Letter Concerning the Escrow Agreement [Enterprise]

**NORTEL NETWORKS INTERNATIONAL INC.**

By:_____
Name:  John J. Ray III
Title:  Principal Officer

**NORTEL ALTSYSTEMS, INC.**

By:_____
Name:  John J. Ray III
Title:  Principal Officer

**NORTEL NETWORKS (CALA) INC.**

By:_____
Name:  John J. Ray III
Title:  Principal Officer

S-2

**SIGNED** in the name and on behalf of **NORTEL NETWORKS KABUSHIKI KAISHA** by

By:_____
Name:  Stephen Givens
Title:  Resident Director

**SIGNED** in the name and on behalf of **NORTEL TECHNOLOGY EXCELLENCE CENTRE PRIVATE LIMITED** by

By:_____
Name:  Luis Fernando Guerra Sanz
Title:  Director

By:_____
Name:  John J. Ray III
Title:  Director

S-3

**SIGNED** by and on behalf of **NORTEL NETWORKS TECHNOLOGY CORPORATION** by

By:_____
Name:
Title:


By:_____
Name:
Title:

**SIGNED** by and on behalf of **NORTEL NETWORKS DE MEXICO S.A. DE C.V.** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL DE MEXICO S. DE R.L. DE C.V.** by

By:_____
Name:
Title:


By:_____
Name:
Title:

Side Letter Concerning the Escrow Agreement [Enterprise]

**SIGNED** by and on behalf of **NORTEL NETWORKS PERU S.A.C.** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL NETWORKS AUSTRALIA PTY. LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **PT NORTEL NETWORKS INDONESIA** by

By:_____
Name:
Title:


By:_____
Name:
Title:


S-5

**SIGNED** by and on behalf of **NORTEL NETWORKS MALAYSIA SDN. BHD.** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL NETWORKS NEW ZEALAND LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL NETWORKS SINGAPORE PTE. LTD** by

By:_____
Name:
Title:


By:_____
Name:
Title:

**SIGNED** by and on behalf of **NORTEL NETWORKS (ASIA) LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:


S-6

Side Letter Concerning the Escrow Agreement [Enterprise]

**SIGNED** by and on behalf of **NORTEL NETWORKS (CHINA) LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:

**SIGNED** by and on behalf of **NORTEL NETWORKS (THAILAND) LTD** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL VIETNAM LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:

S-7

**SIGNED** by and on behalf of **NORTEL NETWORKS CHILE S.A.** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL NETWORKS TELECOMMUNICATIONS EQUIPMENT (SHANGHAI) CO., LTD.** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** in the name and on behalf of **NORTEL NETWORKS (INDIA) PRIVATE LIMITED** by


By:_____
Name:
Title:


By:_____
Name:
Title:


S-8

**SIGNED** for and on behalf of **Nortel Networks**   )    ...................................................................
**UK Limited** (in administration) by Christopher   )
Hill as Joint Administrator (acting as agent and   )
without personal liability) in the presence of:   )

Witness signature

...........................................................................  )
Name:   )
Address:   )

**SIGNED** for and on behalf of **Nortel GmbH** (in   )    ...................................................................
administration) by Christopher Hill as Joint   )
Administrator (acting as agent and without   )
personal liability) in the presence of:   )

Witness signature

...........................................................................  )
Name:   )
Address:   )

S-9

Side Letter Concerning the Escrow Agreement [Enterprise]

**SIGNED** for and on behalf of **Nortel Networks**   )    ...................................................................
**SpA** (in administration) by Christopher Hill as   )
Joint Administrator (acting as agent and without   )
personal liability) in the presence of:    )


Witness signature

..........................................................   )
Name:   )
Address:   )


**SIGNED** for and on behalf of **Nortel Networks**   )    ...............................................................
**Hispania S.A.** (in administration) by Christopher   )
Hill as Joint Administrator (acting as agent and   )
without personal liability) in the presence of:   )


Witness signature

..........................................................   )
Name:   )
Address:   )

Side Letter Concerning the Escrow Agreement [Enterprise]

**SIGNED** for and on behalf of **Nortel Networks**   )   ..................................................................
**B.V.** (in administration) by Christopher Hill as   )
Joint Administrator (acting as agent and without   )
personal liability) in the presence of:   )


Witness signature


.......................................................................   
Name:   )
Address:   )
   )


**SIGNED** for and on behalf of **Nortel Networks**   )   ..................................................................
**AB** (in administration) by Christopher Hill as   )
Joint Administrator (acting as agent and without   )
personal liability) in the presence of:   )


Witness signature


.......................................................................   
Name:   )
Address:   )
   )

Side Letter Concerning the Escrow Agreement [Enterprise]

**SIGNED** for and on behalf of **Nortel Networks**    )    ..................................................................
**N.V.** (in administration) by Christopher Hill as    )
Joint Administrator (acting as agent and without    )
personal liability) in the presence of:    )

Witness signature

..........................................................    )
Name:    )
Address:    )

**SIGNED** for and on behalf of **Nortel Networks**    )    ..................................................................
**(Austria) GmbH** (in administration) by    )
Christopher Hill as Joint Administrator (acting as    )
agent and without personal liability) in the    )
presence of:

Witness signature
    )
..........................................................    )
Name:    )
Address:

S-12

Side Letter Concerning the Escrow Agreement [Enterprise]

**SIGNED** for and on behalf of **Nortel Networks**
**Portugal S.A.** (in administration) by Christopher
Hill as Joint Administrator (acting as agent and
without personal liability) in the presence of:

)
)
)
)

.................................................................

Witness signature

.........................................................................
Name:
Address:

)
)
)

**SIGNED** for and on behalf of **Nortel Networks**
**s.r.o.** (in administration) by Christopher Hill as
Joint Administrator (acting as agent and without
personal liability) in the presence of:

)
)
)
)

.................................................................

Witness signature

.........................................................................
Name:
Address:

)
)
)

S-13

Side Letter Concerning the Escrow Agreement [Enterprise]

**SIGNED** for and on behalf of **Nortel Networks**   )    ..................................................................
**Polska Sp. z.o.o.** (in administration) by      )
Christopher Hill as Joint Administrator (acting as  )
agent and without personal liability) in the      )
presence of:

Witness signature
                                        )
.........................................................................  )
Name:                                       )
Address:

**SIGNED** for and on behalf of **Nortel Networks**   )    ..................................................................
**Slovensko s.r.o.** (in administration) by       )
Christopher Hill as Joint Administrator (acting as  )
agent and without personal liability) in the      )
presence of:

Witness signature
                                        )
.........................................................................  )
Name:                                       )
Address:

Side Letter Concerning the Escrow Agreement [Enterprise]

**SIGNED** for and on behalf of **Nortel Networks**          )        ..................................................................
**Romania Srl** (in administration) by Christopher          )
Hill as Joint Administrator (acting as agent and          )
without personal liability) in the presence of:          )

Witness signature

..........................................................          )
Name:          )
Address:          )

**SIGNED** for and on behalf of **Nortel Networks**          )        ..................................................................
**International Finance & Holding B.V.** (in          )
administration) by Christopher Hill as Joint          )
Administrator (acting as agent and without          )
personal liability) in the presence of:

Witness signature
          )
..........................................................          )
Name:          )
Address:

S-15

Side Letter Concerning the Escrow Agreement [Enterprise]

**SIGNED** for and on behalf of **Nortel Networks**  )    ...............................................................
**France S.A.S.** (in administration) by Kerry Trigg  )
acting as authorised representative for the Joint  )
Administrators (acting as agent and without  )
personal liability) in the presence of:

Witness signature
                                                      )
.........................................................  )
Name:                                                 )
Address:

**SIGNED** for and on behalf of **Nortel Networks**  )    ...............................................................
**(Ireland) Limited** (in administration) by David  )
Hughes as Joint Administrator (acting as agent  )
and without personal liability) in the presence of:  )

Witness signature

.........................................................  )
Name:                                                 )
Address:                                              )

Side Letter Concerning the Escrow Agreement [Enterprise]

**SIGNED** by Vladimir Kasyanik, General )    .................................................................
Director, duly authorized for and on behalf of )
**o.o.o. Nortel Networks**, in the presence of: )
)

Witness signature

.........................................................................
Name: )
Address: )
)


**SIGNED** by _____ )    .................................................................
duly authorized for and on behalf of **Nortel** )
**Networks AS** in the presence of: )
)

Witness signature

.........................................................................
Name: )
Address: )
)

S-17

Side Letter Concerning the Escrow Agreement [Enterprise]

**SIGNED** by Alan Bloom in his own capacity and )        .................................................................
on behalf of the Joint Administrators without )
personal liability and solely for the benefit of the )
provisions of this Side Letter expressed to be )
conferred on or given to the Joint Administrators:

Witness signature

....................................................................... )
Name: )
Address: )

**SIGNED** for and on behalf of **NORTEL NETWORKS** )        .................................................................
**S.A. (In administration and secondary proceedings)** )
by Maitre Cosme Rogeau, in his capacity as French )
Liquidator (Mandataire Liquidateur) acting as agent and )
without personal liability, in the presence of:

Witness signature

)
....................................................................... )
Name: )
Address:

S-18

Side Letter Concerning the Escrow Agreement [Enterprise]

**SIGNED** by _____ )         ...................................................................
duly authorized for and on behalf of **Nortel Networks** )
**South Africa (Pty) Ltd** in the presence of: )
                                                          )


Witness signature

...........................................................................
Name:                                                      )
Address:                                                   )
                                                           )



**SIGNED** for and on behalf of **NORTEL NETWORKS** )         ...................................................................
**Oy (IN ADMINISTRATION) by Christopher Hill** as )
Joint Administrator (acting as agent and without personal )
liability) in the presence of: )


Witness signature

..............................................................................
Name:                                                      )
Address:                                                   )
                                                           )

Side Letter Concerning the Escrow Agreement [Enterprise]

**SIGNED for and on behalf of NORTEL**  )  ..................................................................
**NETWORKS ENGINEERING SERVICES KFT (IN** )
**ADMINISTRATION) by Christopher Hill** as Joint )
Administrator (acting as agent and without personal )
liability) in the presence of:

Witness signature          )
                )
.......................................................................... )
Name:
Address:

**SIGNED** by _____   )  ..................................................................
duly authorized for and on behalf of **Nortel Networks** )
**AG** in the presence of:         )
                )

Witness signature

....................................................................... )
Name:                )
Address:             )

S-20

Side Letter Concerning the Escrow Agreement [Enterprise]

**SIGNED** for and on behalf of **NORTEL** )    Christopher Hill
**NETWORKS ISRAEL (SALES AND** )
**MARKETING) LIMITED (IN** )    ...................................................................
**ADMINISTRATION)** by  John J. Ray III for )
and on behalf of Nortel Networks Inc. and by
Christopher Hill as Joint Administrator for and    John J. Ray III
on behalf of Nortel Networks UK Limited (in
administration) (each acting as attorney-in-fact    ...................................................................
and agent and without personal liability) in the )
presence of: )
)

Witness signature

...................................................................
Name:
Address:

**SIGNED** for and on behalf of **NORTEL** )    Christopher Hill
**COMMUNICATIONS HOLDINGS** )
**(1997) LTD. (IN ADMINISTRATION)** by )    ...................................................................
John J. Ray III for and on behalf of Nortel )
Networks Inc. and by  Christopher Hill as Joint
Administrator for and on behalf of Nortel    John J. Ray III
Networks UK Limited (in administration) (each
acting as attorney-in-fact and agent and without    ...................................................................
personal liability) in the presence of: )
)
)

Witness signature

...................................................................
Name:
Address:

Side Letter Concerning the Escrow Agreement [Enterprise]

## Schedule 1

### Other Sellers

**Part 1: Other Sellers Represented by NNL**

Nortel Altsystems, Inc. (f/k/a Alteon Websystems, Inc. name change effective 4/30/09)

Nortel Networks Technology Corporation

Nortel Networks Chile S.A.

Nortel Networks de Mexico, S.A. de C.V.

Nortel de Mexico, S. de R.L. de C.V.

Nortel Networks Peru S.A.C.

Nortel Networks Australia Pty Limited

Nortel Networks (India) Private Limited

PT Nortel Networks Indonesia

Nortel Networks Malaysia Sdn. Bhd.

Nortel Networks New Zealand Limited

Nortel Networks Singapore Pte. Limited

Nortel Networks (Asia) Limited

Nortel Networks (China) Limited

Nortel Networks (Thailand) Ltd.

Nortel Vietnam Limited

Nortel Networks Telecommunications Equipment (Shanghai) Co., Ltd.


**Part 2: Other Sellers represented by NNI**

Nortel Networks International Inc.

Nortel Networks (CALA) Inc.

Nortel Technology Excellence Centre Private Limited

Nortel Networks Japan (Japanese name is Nortel Networks Kabushiki Kaisha)

**Part 3: EMEA Filed Entities**

Nortel Networks (Ireland) Limited (in administration)

Nortel GmbH (in administration)

Nortel Networks France SAS (in administration)

Nortel Networks SpA (in administration)

Nortel Networks Hispania SA (in administration)

Nortel Networks B.V. (in administration)

Nortel Networks AB (in administration)

Nortel Networks N.V. (in administration)

Nortel Networks (Austria) GmbH (in administration)

Nortel Networks Polska Sp. z.o.o. (in administration)

Nortel Networks Oy (in administration)

Nortel Portugal SA (in administration)

Nortel Networks s.r.o. (in administration)

Nortel Networks Romania srl (in administration)

Nortel Networks Engineering Services kft (in administration)

Nortel Networks Slovensko s.r.o.


**Part 4: EMEA Non-Filed Entities**

Nortel Networks AS

Nortel Networks AG

Nortel Networks South Africa (Pty) Limited

**Part 5: Israeli Companies**

Nortel Networks Israel (Sales and Marketing) Limited (in administration)

Nortel Communications and Holdings (1997) Limited (in administration)

**Schedule 2**

**Escrow Amendment**

**Schedule 3**

**Solvency Certificate**

**SECOND AMENDMENT TO ESCROW AGREEMENT**

This Second Amendment, dated as of [●], 2011 (this "Amendment") to the Escrow Agreement (as amended, the "Distribution Escrow Agreement"), dated as of December 18, 2009, is by and among (i) Nortel Networks Corporation ("NNC"), (ii) Nortel Networks Limited ("NNL"), (iii) Nortel Networks Inc. ("NNI," and together with NNC and NNL, the "Main Sellers"), (iv) the affiliates of the Main Sellers listed on Schedule A Parts 1 and 2 of the Distribution Escrow Agreement (the "Other Sellers" and, together with the Main Sellers, the "Sellers"), (v) the companies set out in Schedule B Part 1 of the Distribution Escrow Agreement (the "EMEA Filed Entities"), which are acting by Alan Robert Bloom, Stephen John Harris, Alan Michael Hudson and Christopher John Wilkinson Hill of Ernst & Young LLP (other than Nortel Networks (Ireland) Limited (In Administration), for which David Hughes of Ernst & Young Chartered Accountants and Alan Robert Bloom serve as joint administrators (collectively the "Joint Administrators")) who act as agents for the EMEA Filed Entities without any personal liability, (vi) the companies listed in Schedule B Part 2 (the "EMEA Non-Filed Entities"); (vii) Nortel Networks S.A. (in administration and liquidation judiciare) ("NNSA", AND collectively with the EMEA Filed Entities, the EMEA Non-Filed Entities, the Main Sellers and the Other Sellers, the "Depositors")) acting by Maitre Cosme Rogeau, 26, avenue Hoche, 7800 Versailles as *Liquidateur Judiciaire* of NNSA , who acts as agent for NNSA without any personal liability whatsoever, (viii) the Estate Fiduciaries (as defined in the Distribution Escrow Agreement), and (ix) JPMorgan Chase Bank, N.A. ("JPMorgan"),  a national banking association organized and existing under the laws of the United States of America and acting through its TS/Escrow Services Division and solely in its capacity as escrow and distribution agent under the Distribution Escrow Agreement and any successors appointed pursuant to the terms thereof (JPMorgan in such capacity, the "Distribution Agent").  Capitalized terms used but not defined herein shall have the meanings given to them in the Distribution Escrow Agreement.

WITNESSETH:

WHEREAS, the Depositors, the Estate Fiduciaries and the Distribution Agent (the "Parties") desire to amend the Distribution Escrow Agreement.

WHEREAS, on June 6, 2011 and June 7, 2011, the U.S. Bankruptcy Court and the Canadian Court, respectively, approved an amendment to the Distribution Escrow Agreement, dated, [●], 2011, that removed all references to Nortel Networks Israel (Sales and Marketing) Ltd. and Nortel Communications Holdings (1997) Ltd. ("Nortel Communications" and, together with Nortel Sales and Marketing, "Nortel Israel") as a Depositor (as defined in the Distribution Escrow Agreement) under the Distribution Escrow Agreement and provided that the consent of Nortel Israel will no longer be required for any purposes thereunder.

WHEREAS, this Amendment has been approved by both the U.S. Bankruptcy Court and the Canadian Court pursuant to orders dated [●], 2011, as required pursuant to Paragraph 15(a) of the Distribution Escrow Agreement.

WHEREAS, on August [●], 2011 the Parties entered into that certain Side Letter to the Distribution Escrow Agreement (the "Enterprise Escrow Side Letter") pursuant to which the parties to the Enterprise Escrow Side Letter agreed to deliver this Amendment.

1

WHEREAS, the Parties anticipate that o.o.o. Nortel Networks, aka Nortel Networks o.o.o. ("Nortel Russia") will be placed into voluntary liquidation within approximately one month of the date hereof, and the Parties cannot determine with certainty the length of the liquidation process under applicable Russian law.

NOW, THEREFORE, in consideration of the foregoing, and for other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties hereby agree as follows:

1.    Amendment of Schedule B.  Conditional upon, and with effect from, the transmission of certain payments from sale proceed escrow accounts by their respective distribution agents pursuant to side letters executed on or about the date of the Enterprise Side Letter relating to the sale of the MEN and CVAS businesses of Nortel Russia and its affiliates,

a.    Schedule B of the Distribution Escrow Agreement shall be amended to remove Nortel Russia from the list of EMEA Non-Filed Entities party to the Distribution Escrow Agreement.  Nortel Russia shall immediately and irrevocably cease to be a Depositor under the Distribution Escrow Agreement for any and all purposes, and the consent of Nortel Russia shall no longer be required for any purposes thereunder.

b.    Schedule B of the Distribution Escrow Agreement shall be amended to add Networks International Finance & Holding B.V. ("NNIFH") to the list of EMEA Non-Filed Entities party to the Distribution Escrow Agreement.  NNIFH shall immediately become a Depositor under the Distribution Escrow Agreement for any and all purposes.

2.    Authorization.  Each Party hereto represents to the others that (a) such party has all necessary power and authority to enter into this Amendment; (b) the execution and delivery by such Party of this Amendment has been duly authorized by all requisite corporate or other action on the part of such Party; and (c) this Amendment has been duly executed and delivered by such Party.

3.    Distribution Escrow Agreement Remains in Effect.  This Amendment and the Distribution Escrow Agreement set forth the entire agreement among the Parties with respect to the matters set forth herein.  Except as amended hereby, the Distribution Escrow Agreement shall remain in full force and effect, and nothing herein shall affect any other provision of the Distribution Escrow Agreement or the rights and obligations of the parties thereto.  This Amendment shall be governed by and interpreted and enforced in accordance with the terms of the Distribution Escrow Agreement.

4.    Counterparts.  This Amendment may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same agreement, it being understood that all of the Parties need not sign the same counterpart.  All signatures of the parties to this Amendment may be transmitted by facsimile or other electronic means, and such facsimile or other electronic documents will, for all purposes, be deemed to be the original signature of such party whose signature it reproduces, and will be binding upon such party.

*[Signature pages follow.]*


**Copy to**:

The Bondholder Group
c/o Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Attn: Albert A. Pisa and Roland Hlawaty
Phone: 212.530.5000
Via Facsimile: 212.822.5735

NORTEL NETWORKS LIMITED

By:_____
Name:
Title:

By:_____
Name:
Title:

NORTEL NETWORKS INC.

By:_____
Name:  John J. Ray III
Title:  Principal Officer

ERNST & YOUNG INC. SOLELY IN ITS
CAPACITY AS THE MONITOR OF
NORTEL NETWORKS CORPORATION ET
AL., AND NOT IN ITS PERSONAL
CAPACITY

By:_____
Name:
Title:

NORTEL NETWORKS CORPORATION

By:_____
Name:
Title:

By:_____
Name:
Title:

DISTRIBUTION AGENT

JPMorgan Chase Bank, N.A., as Distribution
Agent

By:_____
Name:
Title:

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF NORTEL
NETWORKS INC., ET. AL.

By:  AKIN GUMP STRAUSS HAUER &
FELD LLP, as Counsel to the Committee and
authorized signatory and not in its individual
capacity

By:_____
Name:
Title:

S-1

Second Amendment to Escrow Agreement [Enterprise]

**NORTEL NETWORKS INTERNATIONAL INC.**

By:_____
Name:  John J. Ray III
Title:  Principal Officer

**NORTEL ALTSYSTEMS, INC.**

By:_____
Name:  John J. Ray III
Title:  Principal Officer

**NORTEL NETWORKS (CALA) INC.**

By:_____
Name:  John J. Ray III
Title:  Principal Officer

S-2

SIGNED in the name and on behalf of **NORTEL NETWORKS KABUSHIKI KAISHA** by

By:_____
Name:  Stephen Givens
Title:  Resident Director


SIGNED in the name and on behalf of **NORTEL TECHNOLOGY EXCELLENCE CENTRE PRIVATE LIMITED** by

By:_____
Name:  Luis Fernando Guerra Sanz
Title:  Director

By:_____
Name:  John J. Ray III
Title: Director

S-3

**SIGNED** by and on behalf of **NORTEL NETWORKS TECHNOLOGY CORPORATION** by

By:_____
Name:
Title:


By:_____
Name:
Title:

**SIGNED** by and on behalf of **NORTEL NETWORKS DE MEXICO S.A. DE C.V.** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL DE MEXICO S. DE R.L. DE C.V.** by

By:_____
Name:
Title:


By:_____
Name:
Title:

Second Amendment to Escrow Agreement [Enterprise]

**SIGNED** by and on behalf of **NORTEL NETWORKS PERU S.A.C.** by

By:_____
Name:
Title:

By:_____
Name:
Title:

**SIGNED** by and on behalf of **NORTEL NETWORKS AUSTRALIA PTY. LIMITED** by

By:_____
Name:
Title:

By:_____
Name:
Title:

**SIGNED** by and on behalf of **PT NORTEL NETWORKS INDONESIA** by

By:_____
Name:
Title:

By:_____
Name:
Title:

S-5

**SIGNED** by and on behalf of **NORTEL NETWORKS MALAYSIA SDN. BHD.** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL NETWORKS NEW ZEALAND LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL NETWORKS SINGAPORE PTE. LTD** by

By:_____
Name:
Title:


By:_____
Name:
Title:

**SIGNED** by and on behalf of **NORTEL NETWORKS (ASIA) LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:

Second Amendment to Escrow Agreement [Enterprise]

**SIGNED** by and on behalf of **NORTEL NETWORKS (CHINA) LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:

**SIGNED** by and on behalf of **NORTEL NETWORKS (THAILAND) LTD** by

By:_____
Name:
Title:


By:_____
Name:
Title:


**SIGNED** by and on behalf of **NORTEL VIETNAM LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:

Second Amendment to Escrow Agreement [Enterprise]

**SIGNED** by and on behalf of **NORTEL NETWORKS CHILE S.A.** by

By:_____
Name:
Title:


By:_____
Name:
Title:

**SIGNED** by and on behalf of **NORTEL NETWORKS TELECOMMUNICATIONS EQUIPMENT (SHANGHAI) CO., LTD.** by

By:_____
Name:
Title:


By:_____
Name:
Title:

**SIGNED** in the name and on behalf of **NORTEL NETWORKS (INDIA) PRIVATE LIMITED** by

By:_____
Name:
Title:


By:_____
Name:
Title:

S-8

Second Amendment to Escrow Agreement [Enterprise]

**SIGNED** for and on behalf of **Nortel Networks**     )     ...................................................................
**UK Limited** (in administration) by Christopher     )
Hill as Joint Administrator (acting as agent and     )
without personal liability) in the presence of:     )

Witness signature

...................................................................     )
Name:     )
Address:     )

**SIGNED** for and on behalf of **Nortel GmbH** (in     )     ...................................................................
administration) by Christopher Hill as Joint     )
Administrator (acting as agent and without     )
personal liability) in the presence of:     )

Witness signature

...................................................................     )
Name:     )
Address:     )

S-9

**SIGNED** for and on behalf of **Nortel Networks**
**SpA** (in administration) by Christopher Hill as
Joint Administrator (acting as agent and without
personal liability) in the presence of:

)
)
)
)

........................................................

Witness signature

........................................................
Name:
Address:

)
)
)


**SIGNED** for and on behalf of **Nortel Networks**
**Hispania S.A.** (in administration) by
Christopher Hill as Joint Administrator (acting
as agent and without personal liability) in the
presence of:

)
)
)
)

........................................................

Witness signature

........................................................
Name:
Address:

)
)
)

S-10

Second Amendment to Escrow Agreement [Enterprise]

**SIGNED** for and on behalf of **Nortel Networks**
**B.V.** (in administration) by Christopher Hill as
Joint Administrator (acting as agent and without
personal liability) in the presence of:

)
)
)
)

..................................................................

Witness signature

..............................................................
Name:
Address:

)
)
)

**SIGNED** for and on behalf of **Nortel Networks**
**AB** (in administration) by Christopher Hill as
Joint Administrator (acting as agent and without
personal liability) in the presence of:

)
)
)
)

..................................................................

Witness signature

..............................................................
Name:
Address:

)
)
)

Second Amendment to Escrow Agreement [Enterprise]

**SIGNED** for and on behalf of **Nortel Networks**          )          ...............................................................
**N.V.** (in administration) by Christopher Hill as          )
Joint Administrator (acting as agent and without          )
personal liability) in the presence of:          )


Witness signature

.........................................................          )
Name:          )
Address:          )




**SIGNED** for and on behalf of **Nortel Networks**          )          ...............................................................
**(Austria) GmbH** (in administration) by          )
Christopher Hill as Joint Administrator (acting          )
as agent and without personal liability) in the          )
presence of:


Witness signature

          )
.........................................................          )
Name:          )
Address:

Second Amendment to Escrow Agreement [Enterprise]

**SIGNED** for and on behalf of **Nortel Networks**  )    ..............................................................
**Portugal S.A.** (in administration) by        )
Christopher Hill as Joint Administrator (acting  )
as agent and without personal liability) in the  )
presence of:


Witness signature

                                   )
..........................................................  )
Name:                                     )
Address:


**SIGNED** for and on behalf of **Nortel Networks**  )    ..............................................................
**s.r.o.** (in administration) by Christopher Hill as  )
Joint Administrator (acting as agent and without  )
personal liability) in the presence of:        )


Witness signature

..........................................................  )
Name:                                     )
Address:                               )

Second Amendment to Escrow Agreement [Enterprise]

**SIGNED** for and on behalf of **Nortel Networks** )  ..................................................................
**Polska Sp. z.o.o.** (in administration) by )
Christopher Hill as Joint Administrator (acting )
as agent and without personal liability) in the )
presence of:


Witness signature

                   )
.......................................................................... )
Name:                 )
Address:


**SIGNED** for and on behalf of **Nortel Networks** )  ..................................................................
**Slovensko s.r.o.** (in administration) by )
Christopher Hill as Joint Administrator (acting )
as agent and without personal liability) in the )
presence of:


Witness signature

                   )
.......................................................................... )
Name:                 )
Address:

Second Amendment to Escrow Agreement [Enterprise]

**SIGNED** for and on behalf of **Nortel Networks**          )          .................................................................
**Romania Srl** (in administration) by Christopher          )
Hill as Joint Administrator (acting as agent and          )
without personal liability) in the presence of:          )


Witness signature

.........................................................................          )
Name:          )
Address:          )


**SIGNED** for and on behalf of **Nortel Networks**          )          .................................................................
**France S.A.S.** (in administration) by Kerry          )
Trigg acting as authorised representative for the          )
Joint Administrators (acting as agent and          )
without personal liability) in the presence of:


Witness signature

)
.........................................................................          )
Name:          )
Address:


S-15

Second Amendment to Escrow Agreement [Enterprise]

**SIGNED** for and on behalf of **Nortel Networks**    )    ....................................................
**(Ireland) Limited** (in administration) by David    )
Hughes as Joint Administrator (acting as agent    )
and without personal liability) in the presence    )
of:


Witness signature

    )
.............................................................    )
Name:    )
Address:

S-16

Second Amendment to Escrow Agreement [Enterprise]

**SIGNED** by Vladimir Kasyanik, General )  ............................................................
Director, duly authorized for and on behalf of )
**o.o.o. Nortel Networks**, in the presence of: )
)

Witness signature

............................................................
Name: )
Address: )
)

**SIGNED** by _____ )  ............................................................
duly authorized for and on behalf of **Nortel** )
**Networks AS** in the presence of: )
)

Witness signature

............................................................
Name: )
Address: )
)

S-17

Second Amendment to Escrow Agreement [Enterprise]

**SIGNED** for and on behalf of **Nortel Networks**     )     .................................................................
**International Finance & Holding B.V.** (in     )
administration) by Christopher Hill as Joint     )
Administrator (acting as agent and without     )
personal liability) in the presence of:

Witness signature

                                                         )
.........................................................     )
Name:                                                    )
Address:

**SIGNED** for and on behalf of **NORTEL NETWORKS**     )     .................................................................
**S.A. (In administration and secondary proceedings)** by     )
Maitre Cosme Rogeau, in his capacity as French Liquidator     )
(Mandataire Liquidateur) acting as agent and without     )
personal liability, in the presence of:

Witness signature

                                                         )
.........................................................     )
Name:                                                    )
Address:

Second Amendment to Escrow Agreement [Enterprise]

**SIGNED** by _____     )     .................................................................
duly authorized for and on behalf of **Nortel Networks**     )
**South Africa (Pty) Ltd** in the presence of:     )
     )


Witness signature

........................................................................
Name:     )
Address:     )
     )


**SIGNED** for and on behalf of **NORTEL NETWORKS**     )     .................................................................
**Oy (IN ADMINISTRATION) by Christopher Hill** as     )
Joint Administrator (acting as agent and without     )
personal liability) in the presence of:     )


Witness signature

.........................................................................     )
Name:     )
Address:     )


S-19

Second Amendment to Escrow Agreement [Enterprise]

**SIGNED for and on behalf of NORTEL** )    ..................................................................
**NETWORKS ENGINEERING SERVICES KFT (IN** )
**ADMINISTRATION) by Christopher Hill** as Joint )
Administrator (acting as agent and without personal )
liability) in the presence of:

Witness signature
)
............................................................................ )
Name: )
Address:

**SIGNED** by _____ )    ..................................................................
duly authorized for and on behalf of **Nortel Networks** )
**AG** in the presence of: )
)

**Witness signature**

............................................................... )
**Name:** )
**Address:** )

S-20

**EXECUTION VERSION**

[●] August 2011

To:     Nortel Networks Corporation ("**NNC**")
        Nortel Networks Limited ("**NNL**")
        Nortel Networks Inc. ("**NNI**")
        Nortel Networks UK Limited (in administration) ("**NNUK**")
        Nortel Networks S.A. (in administration and liquidation judiciare) ("**NNSA**")
        Nortel Networks International Finance & Holding B.V. (in administration) ("**NNIFH**")
        o.o.o. Nortel Networks ("**Nortel Russia**")
        The Joint Administrators
        The Estate Fiduciaries
        The other parties listed in Schedule 1 hereto


**Side Letter concerning the GSM/GSM-R Distribution Escrow Agreement**

Reference is made to the GSM/GSM-R Distribution Escrow Agreement (the "**Agreement**") dated 31 March 2010 by and between the Depositors, the Estate Fiduciaries, and JPMorgan (each as defined in the Agreement).

This letter (the "**Side Letter**") documents the agreement of NNC, NNL, NNI, NNUK, NNSA, NNIFH, Nortel Russia, the Joint Administrators, the Estate Fiduciaries and the other parties listed in Schedule 1 hereto (each individually a "**Party**" and together, the "**Parties**") as to certain matters relating to Nortel Russia.

In this Side Letter, unless the subject or context otherwise requires, words defined in the Agreement shall have the same meanings when used herein.

It is anticipated that within approximately two months of the date of this Side Letter Nortel Russia will be placed into voluntary liquidation in Russia and a liquidator (the "**Liquidator**") will be appointed to wind down the operations of Nortel Russia, including investigation of the claims of Nortel Russia's various creditors and the discharge of any such claims (the "**Liquidation**").  As of the date of this Side Letter, Nortel Russia has neither been placed into insolvent liquidation proceedings or receivership nor determined by any governmental or judicial authority of the Russian Federation to meet the Russian Insolvency Test as defined in Annex B to the Solvency Certificate (as defined below) (each, an "**Insolvency Event**").

Subject to the satisfaction of all the terms and conditions set forth herein, and for the good and valuable consideration set forth herein, the value of which is hereby acknowledged, the undersigned hereby confirm and agree as follows: