# EXHIBIT B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NORTEL NETWORKS INC., *et al.*,[1] | : | Case No. 09-10138 (KG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| ———————————————————— | : | |
| | : | |
| NORTEL NETWORKS INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Pro. No. 10-55391 (KG) |
| | : | |
| NOKIA SIEMENS NETWORK US LLC and | : | |
| NOKIA SIEMENS NETWORK OY, | : | |
| | : | |
| Defendants. | : | |

### STIPULATION SETTLING ADVERSARY CASE

This Stipulation (the "Stipulation") is made by and between Nortel Networks Inc. (the "Plaintiff") and Nokia Siemens Network US LLC and Nokia Siemens Network Oy (collectively, the "Defendants", and together with Plaintiff, the "Parties") to settle the claims in the above-captioned adversary proceeding. The Parties hereby stipulate and agree as follows.

WHEREAS, on January 14, 2009 (the "Petition Date"), the Debtors (with the exception of NN CALA, which filed on July 14, 2009) each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in

---

[1] In addition to Nortel Networks Inc., the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("NN CALA"). Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://dm.epiq11.com/nortel.

the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)) ("Bankruptcy Proceeding"); and

WHEREAS, the Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, no trustee or examiner has been appointed in the Debtors' bankruptcy cases; and

WHEREAS, on November 18, 2010, Plaintiff instituted this Adversary Proceeding, Adv. Pro. No. 10-55391-KG (the "Adversary Proceeding") by filing a Complaint (the "Complaint") against the Defendants in which Plaintiff sought recovery for breach of contract, breach of implied covenant of good faith and fair dealing, and promissory estoppel; and

WHEREAS, the Complaint sought, among other things, judgment against Defendants in the amount of $1,774,186.00, together with pre-judgment and post-judgment interest, attorney's fees and costs incurred therein; and

WHEREAS, on January 21, 2011, Defendants filed an Answer to the Complaint [D.I. 9] in the Adversary Proceeding, denying material allegations and asserting various defenses; and

WHEREAS, on February 9, 2011 the Court entered the Scheduling Order [D.I. 16] and the Parties have commenced discovery pursuant thereto; and

WHEREAS, on April 9, 2009, the Bankruptcy Court entered an Order Authorizing And Approving Omnibus Settlement Procedures To Resolve, Mediate, Compromise or Otherwise Settle Certain Claims and Controversies (the "Settlement

Procedures Order"), which requires the Debtors to obtain Bankruptcy Court approval pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") before, *inter alia,* they settle claims where the asserted claim amount is greater than $200,000 [Case No. 09-10138 (KG), D.I. 586]; and

WHEREAS, to avoid the expense, delay, uncertainty, and risk inherent in execution and litigation, the Plaintiff and Defendants have concluded, after arms-length negotiations and consideration of the strengths and weaknesses of their respective claims and defenses, that it is appropriate and have agreed to resolve the claims and issues that may exist between them in accordance with the terms set forth herein, subject to the approval of the Bankruptcy Court; and

NOW THEREFORE, based upon the foregoing and in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, subject to the approval of the Bankruptcy Court, as follows:

1.      Resolution of the Adversary Proceeding.  Defendants  have conveyed the amount of ████████████ (the "Settlement Amount") to Benesch Friedlander Coplan & Aronoff LLP as escrow agent. The Settlement Amount shall be held in escrow until the Final Approval Date which shall mean the fifteenth $(15^{th})$ business day (any day which is not a Saturday, Sunday or other day on which banking institutions in the State of Delaware are required by law to be closed) after the entry of an order or orders by the Bankruptcy Court approving this Stipulation and the settlement it contemplates (the "15th Day") , assuming an appeal of such orders is not then pending. If an appeal or other

request for judicial review is pending on the 15th Day, the Final Approval Date shall be the date upon which the appeal or other judicial review is finally resolved.

2.    Bankruptcy Court Approval.    This Stipulation and the settlement it contemplates is subject to approval by the Bankruptcy Court. Promptly following the execution of this Stipulation by the Parties , Plaintiff shall cause to be filed a motion pursuant to Bankruptcy Rule 9019 seeking entry of an order approving this Stipulation and the settlement it contemplates.

3.    Dismissal of the Adversary Proceeding.    Promptly following the Bankruptcy Court's approval of this Stipulation and the settlement it contemplates, the Parties will execute and Plaintiff will file with the Bankruptcy Court a stipulation of dismissal with prejudice of the Adversary Proceeding in the form attached hereto as Exhibit A.

4.    Release of Plaintiff.    Effective upon the Final Approval Date, Defendants hereby release and forever discharge Plaintiff, its past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "Debtor Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Defendants now have, had, may have had, or hereafter may have against any of the Debtor Releasees regarding the Adversary Proceeding, and any transaction described or referred to in the Complaint in the Adversary Proceeding.

5. Release of Defendants. Effective upon the Final Approval Date, Plaintiff hereby releases and forever discharges Defendants, their past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "Defendant Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Plaintiff now has, had, may have had, or hereafter may have against any of the Defendant Releasees regarding the Adversary Proceeding, and any transaction described or referred to in the Complaint in the Adversary Proceeding.

6. Manner of Execution. This Stipulation may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

7. Effectiveness. Upon execution, this Stipulation shall be effective and binding, by its terms, upon the Parties, and their respective successors and assigns, including, without limitation, any trustee or receiver that may hereafter be appointed in the Debtors' Chapter 11 cases or any subsequent Chapter 7 proceeding and may not thereafter be rescinded or revoked without approval of the Bankruptcy Court. If the Final Approval Date does not occur (a) nothing contained herein shall be an admission of liability by Defendants or concession of any fact or issue in this Adversary Proceeding, (b) each party shall be returned to the position it occupied prior to the execution of the

Stipulation, and (c) Plaintiff shall cause the Settlement Amount to be returned to Defendants.

8.      Entire Agreement.   This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement in writing between the Parties.

9.      No Admissions. Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of liability, culpability, statutory violation or damages on or in connection with any legal issue raised in or relating to the Adversary Proceeding.

10.     Jurisdiction. The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and the determination of any matters relating to or arising from this Stipulation or the implementation thereof. Should the Bankruptcy Court determine that such matters are not core proceedings pursuant to 28 U.S.C. Section 157, the Bankruptcy Court may act to the extent its jurisdiction will allow.

11.     Applicable Law. This Stipulation shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of the State of Delaware, without regard to its conflict of laws rules and jurisprudence.

12.     Confidentiality. Each of the Parties agrees to keep confidential and not to disclose (and shall use its reasonable best efforts to cause its officers, directors, employees, agents, and attorneys to keep confidential and not to disclose) the discussions

and negotiations leading up to or relating to the preparation and execution of this Stipulation or the Settlement Amount, except as required by law, or by any court, administrative or legislative body, or as required to seek approval of this Stipulation by the Bankruptcy Court. In seeking approval of this Stipulation by the Bankruptcy Court, Plaintiff will cause to be filed with the Bankruptcy Court a Motion to File Under Seal the Stipulation of Settlement. Pursuant to the Settlement Procedures Order and the under seal filing practice and procedures in the Bankruptcy Proceeding, the parties to receive the unredacted Stipulation are: (1) the United States Trustee for the District of Delaware; (2) counsel to the Official Committee of Unsecured Creditors; (3) counsel for the Bondholder Group (as defined in Debtors' Motion For An Order Authorizing And Approving Omnibus Settlement Procedures To Resolve, Mediate, Compromise Or Otherwise Settle Certain Claims And Controversies ("Debtors' Motion For A Settlement Procedures Order") [Case No. 09-10138 (KG), D.I. 524]); and (4) counsel for the Canadian Debtors (as defined in the Debtors' Motion For A Settlement Procedures Order).

13.     Costs and Expenses. Each Party agrees to bear its own costs (including, without limitation, attorneys' fees), expenses, and disbursements incurred in connection with the Adversary Proceeding, the approval of this Stipulation and the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, and to not seek from each other reimbursement of any such costs, expenses or disbursements.

14.     Representations and Warranties. This Stipulation has been negotiated at arms length between persons knowledgeable in the matters dealt with herein. Each Party

represents and warrants that it is authorized to enter into this Stipulation. Each individual signing this Stipulation represents and warrants that he/she has full authority to do so and has had an opportunity to fully review the provisions of this Stipulation.

15.     Construction. This Stipulation shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted. Each Party warrants that it has been represented and advised by counsel in connection with the negotiation, preparation, and execution of this Stipulation and all matters covered by it.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: August    , 2011

Nortel Networks Inc.

By: _____
John Ray
Principal Officer

Nokia Siemens Networks US LLC

By: _____
David Gibson
Vice President and Treasurer

Nokia Siemens Networks US LLC

By: _____
Bryan Bowdon
Attorney-in-Fact

Nokia Siemens Networks Oy

By: _____
Ricky Corker
Attorney-in-Fact

Nokia Siemens Networks Oy

By: _____
Herbert Grolss
Attorney-in-Fact