## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NORTEL NETWORKS INC., *et al.,*[1] | : | Case No. 09-10138 (KG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| NORTEL NETWORKS INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Pro. No. 10-55391 (KG) |
| | : | |
| NOKIA SIEMENS NETWORKS US LLC and | : | |
| NOKIA SIEMENS NETWORKS OY, | : | **Hearing Date: September 6, 2011 at 10:00 a.m. (ET)** |
| | : | **Objection Deadline: August 30, 2011 at 4:00 p.m. (ET)** |
| Defendants. | : | **Re: Docket No. 6184** |

**MOTION OF NORTEL NETWORKS INC. TO FILE UNDER SEAL EXHIBIT B TO
DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY
OF AN ORDER APPROVING THE STIPULATION OF SETTLEMENT OF THE
ADVERSARY PROCEEDING BETWEEN NORTEL NETWORKS INC. AND
NOKIA SIEMENS NETWORKS US LLC AND NOKIA SIEMENS NETWORKS OY**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in

possession, (collectively, the "Debtors"), hereby move this Court for entry of an order

substantially in the form attached hereto as Exhibit A, authorizing the Debtors to file under seal

portions of a settlement agreement memorialized in the Stipulation of Settlement ("Stipulation"),

the redacted version of which is attached as Exhibit B to Debtors' Motion Pursuant to

Bankruptcy Rule 9019 For Entry of an Order Approving the Stipulation of Settlement of the

---

[1]  In addition to Nortel Networks Inc., the Debtors in the Chapter 11 cases are:  Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("NN CALA").  Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://dm.epiq11.com/nortel.

Adversary Proceeding Between NNI and Nokia Siemens Networks US LLC and Nokia Siemens

Networks Oy (collectively, "Defendants" or "Nokia") ("Debtors' 9019 Motion").  In support of

this Motion, the Debtors respectfully submits as follows:

**Jurisdiction**

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334.  This Motion raises a core matter under 28 U.S.C. § 157(b)(2).  Venue of these cases and

this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 107(b) of chapter

11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1 of the Local Rules for the

United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**Background**

**A.      Procedural History**

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than NN CALA

(defined below), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On January 15, 2009, this Court entered an order of joint administration pursuant

to Bankruptcy Rule 1015(b) that provided for the joint administration of these cases and for

consolidation for procedural purposes only [D.I. 36].

6.      Also on the Petition Date, the Debtors' ultimate corporate parent Nortel Networks

Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and

together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their

- 2 -

Canadian affiliates (collectively, the "Canadian Debtors")[2] filed an application with the Ontario

Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement

Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian

Proceedings").  The Canadian Debtors continue to manage their properties and operate their

businesses under the supervision of the Canadian Court.

7.    On January 14, 2009, the Canadian Court entered an order recognizing these

chapter 11 proceedings as a foreign proceeding under section 18.6 of the CCAA.  On

February 27, 2009, based on a petition filed by Ernst & Young Inc., as court-appointed Monitor

in the Canadian Proceedings and as foreign representative for the Canadian Debtors (the

"Monitor"), this Court entered an order recognizing the Canadian Proceedings as foreign main

proceedings under chapter 15 of the Bankruptcy Code.

8.    On January 14, 2009, the High Court of England and Wales placed nineteen of

Nortel's European affiliates (collectively, the "EMEA Debtors")[3] into administration under the

control of individuals from Ernst & young LLC (collectively, the "Joint Administrators").  On

May 28, 2009, at the request of the Joint Administrators, the Commercial Court of Versailles,

France (the "French Court") (Docket No. 2009P00492) ordered the commencement of secondary

proceedings in respect of Nortel Networks S.A. ("NNSA"), which consist of liquidation

proceedings during which NNSA was originally authorized to continue to operate as a going

concern for an initial period of three months, which period was subsequently extended to

November 28, 2009.  In accordance with the European Union's Council Regulation (EC)

---

[2]  The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[3]  The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

No. 1346/2000 on Insolvency Proceedings, the English law proceedings (the "English Proceedings") remain the main proceedings in respect of NNSA although a French administrator and a French liquidator have been appointed and are in charge of the day-to-day affairs and continuing business of NNSA in France.  On October 1, 2009, pursuant to a motion filed by the Joint Administrators, the French Court approved an order to:  (i) suspend the liquidation operations relating to the sale of the assets and/or businesses of NNSA for a renewable period of two months; (ii) authorize the continuation of the business of NNSA so long as the liquidation operations are suspended; and (iii) maintain the powers of the French Administrator and Liquidator during the suspension period, except with respect to the sale of assets and/or businesses of NNSA.  On November 30, 2009, the French Court extended the suspension of liquidation for a further period of three months.  On June 26, 2009, this Court entered an order recognizing the English Proceedings of Nortel Networks UK Limited ("NNUK") as foreign main proceedings under chapter 15 of the Bankruptcy Code.[4]

9.      On January 26, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I.s 141, 142].  An *ad hoc* group of bondholders holding claims against certain of the Debtors and certain of the Canadian Debtors has also been organized (the "Bondholder Group").  No trustee or examiner has been appointed in the Debtors' cases.

---

[4]  Additionally, on January 18, 2009, certain Nortel affiliates, including Nortel Networks Israel (Sales and Marketing) Limited, filed an application with the Tel-Aviv-Jaffa District Court, pursuant to the Israeli Companies Law, 1999, and the regulations relating thereto for a stay of proceedings.  On January 19, 2009, the Israeli Court appointed Yaron Har-Zvi and Avi D. Pelossof as joint administrators of the Israeli Company under the Israeli Companies Law (the "Joint Israeli Administrators").

10.     On July 14, 2009 (the <u>CALA Petition Date</u>"), Nortel Networks (CALA) Inc.
("<u>NN CALA</u>" and a Debtor with NNI and its affiliates), an affiliate of NNI, filed a voluntary
petition for relief under chapter 11 of the Bankruptcy Code.  On July 17, this Court entered
orders approving the joint administration and consolidation of NN CALA's chapter 11 case with
the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098], and applying to NN
CALA certain previously entered orders in the Debtors' chapter 11 cases [D.I. 1099].

**B.     Debtors' Corporate Structure and Business**

11.     Nortel is a technology company that designs, develops and deploys
communication products, systems and solutions to its customers around the globe.  Its principal
assets include its employees, the intellectual property derived and maintained from its research
and development activities, its customers and other significant contracts and agreements.

12.     Additional information regarding the Debtors' corporate structure and business
and the events leading to the chapter 11 cases is set forth in the Declaration of John Doolittle in
Support of First Day Motions and Applications [D.I. 3] (the "<u>First Day Declaration</u>").

<b><u>Relief Requested</u></b>

13.     By this Motion, NNI respectfully requests that the Court enter an order
authorizing it to file under seal the unredacted version of the Stipulation that is Exhibit B to
Debtors' Motion Pursuant to Bankruptcy Rule 9019 For Entry of an Order Approving the
Stipulation of Settlement of the Adversary Proceeding Between NNI and Nokia Siemens
Network US LLC and Nokia Siemens Network Oy.

<b><u>Facts Relevant to this Motion</u></b>

14.     On November 18, 2010, NNI commenced this adversary proceeding at Adv. Proc.
No. 10-55391 (KG) ("<u>Adversary Proceeding</u>") against the Nokia Defendants.  Since the

Complaint was filed, the parties to the Adversary Proceeding have engaged in arm's-length

negotiations and, in order to avoid the cost, risks, and burden that would be imposed by further

litigation of the Adversary Proceeding, the parties desire to fully and completely resolve any and

all disputes that have been raised or could be raised between them.  This resolution is

memorialized in the Stipulation of Settlement entered into between the parties, the redacted

version of which is attached as Exhibit B to the Debtors' 9019 Motion filed contemporaneously

with this Motion.

15.     Specifically, the Stipulation and the settlement it contemplates, resolves the

claims in the Adversary Proceeding and, in exchange for payment of the settlement amount to

the Debtors' estate by the Defendants, provides for mutual releases by and between the parties

for any claim regarding the Adversary Proceeding, and any transaction described or referred to in

the Complaint in the Adversary Proceeding.

16.     On April 9, 2009, the Bankruptcy Court entered an Order Authorizing And

Approving Omnibus Settlement Procedures To Resolve, Mediate, Compromise or Otherwise

Settle Certain Claims and Controversies (the "Settlement Procedures Order"), which requires the

Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before, *inter*

*alia,* they settle claims where the asserted claim amount is greater than $200,000 [Case No. 09-

10138 (KG), D.I. 586].  Accordingly, Debtors have filed a Motion Pursuant to Bankruptcy Rule

9019 For Entry of an Order Approving the Stipulation of Settlement of the Adversary

Proceeding.  In support of the Debtors' 9019 Motion, the Debtors must file a copy of the

Stipulation with the Court.  Defendants have requested, as a condition of the settlement, that the

settlement amount in the Stipulation be maintained confidential as sensitive commercial

information.  Therefore, Debtors attached a redacted version of the Stipulation to the Debtors'

9019 Motion and Debtors file this Motion seeking to file the unredacted version of the

Stipulation under seal to preclude public disclosure of the settlement amount.

### Basis for Relief

17.    Section 107(b) of the Bankruptcy Code authorizes the Court to "protect an entity

with respect to trade secret or confidential research, development or commercial information."

11 U.S.C. § 107(b).  Bankruptcy Rule 9018 then sets forth the procedure by which a party in

interest may obtain a protective order authorizing the filing of a document under seal:

> On motion or on its own initiative, with or without notice, the court
> may make any order which justice requires (1) to protect the estate
> or any entity in respect of a trade secret or other confidential
> research, development, or commercial information. . .

Fed. R. Bankr. P. 9018.  For information covered under section 107(b) of the Bankruptcy Code,

"the court is required to protect a requesting party and has no discretion to deny the application."

Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24,

27 (2d Cir. 1994).  Commercial information has been defined as information that would cause

"an unfair advantage to competitors by providing them information as to the commercial

operation of the debtor."  Id.

18.    The parties respectfully submit that the redacted information in the Stipulation is

confidential and sensitive commercial information such that it is appropriate that the unredacted

Stipulation be filed under seal.

19.    Defendants have requested that the settlement amount be kept confidential.

Absent the relief requested herein, the unredacted Stipulation could divulge confidential

commercial information relating to the settlement amount such as the value of the Debtors'

technology and its claim to competitors of the Defendants, Debtors, and purchasers of the

Debtors' assets.  Keeping the settlement amount confidential will allow the Debtors to comply

with Defendants' request and may further the Debtors' ability to maximize the value of their estates through protection of information relating to their operations.

20.    Pursuant to the terms of the Stipulation, the Settlement Procedures Order and the under seal filing practice and procedures in this bankruptcy proceeding, unredacted copies of the Stipulation will be provided to (i) this Court, (ii) the U.S. Trustee, (iii) counsel to the Committee, (iv) counsel for the Bondholder Group, and (v) counsel for the Canadian Debtors.

## Notice

21.    Notice of the Motion has been given via first class mail and hand delivery to the same parties set forth in paragraph twenty (20), along with counsel for the Defendant.  All other parties designated to receive electronic notifications in these proceedings shall receive electronic notification of the Motion.  The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

22.    No prior request for the relief sought herein has been made to this or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: August 19, 2011

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

By:     _/s/ Sarah R. Stafford_
Raymond H. Lemisch, Esquire (No. 4204)
Jennifer R. Hoover, Esquire (No. 5111)
Sarah R. Stafford, Esquire (No. 5234)
222 Delaware Ave., Suite 801
Wilmington, DE 19801
302-442-7010 (telephone)
302-442-7012 (facsimile)
rlemisch@beneschlaw.com
jhoover@beneschlaw.com
sstafford@beneschlaw.com

*Attorneys for the Debtors*