## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X

| | |
|---|---|
| | : |
| *In re* | : Chapter 11 |
| | : |
| Nortel Networks Inc., *et al.*,[1] | : Case No. 09-10138 (KG) |
| | : |
| Debtors. | : Jointly Administered |
| | : |
| | : **RE: D.I. 6047** |
| | : |

-------------------------------------------------------X

## ORDER APPROVING DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 APPROVING AGREEMENT REGARDING NORTEL RUSSIA AND APPROVING CERTAIN AMENDMENTS TO THE ESCROW AGREEMENTS

Upon the motion dated July 28, 2011 (the "Motion"),[2] of Nortel Networks Inc. ("NNI")

and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the

"Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105

and 363 of title 11 of the United States Code (the "Bankruptcy Code") (a) approving that certain

Agreement (the "MEN Russia Agreement"), by and among (i) NNI, (ii) Nortel Networks

Limited ("NNL"), (iii) Nortel Networks Corporation ("NNC"), (iv) the other Depositors (as

defined in that certain MEN Distribution Escrow Agreement dated March 19, 2009 (the "MEN

Escrow Agreement")), (v) the Estate Fiduciaries (as defined in the MEN Escrow Agreement),

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

and (vi) JPMorgan Chase Bank, N.A., as escrow and distribution agent under the MEN Escrow

Agreement (collectively, the "MEN Russia Agreement Parties"), (b) approving that certain

Agreement (the "Enterprise Russia Agreement"), by and among (i) NNI, (ii) NNL, (iii), NNC,

(iv) the other Depositors (as defined in that certain Enterprise Distribution Escrow Agreement

dated December 18, 2009 (the "Enterprise Escrow Agreement")), (v) the Estate Fiduciaries (as

defined in the Enterprise Escrow Agreement), and (vi) JPMorgan Chase Bank, N.A., as escrow

and distribution agent under the Enterprise Escrow Agreement (collectively, the "Enterprise

Russia Agreement Parties"), (c) approving that certain Agreement (the "GSM/GSM-R Russia

Agreement"), by and among (i) NNI, (ii) NNL, (iii) NNC, (iv) the other Depositors (as defined in

that certain GSM/GSM-R Distribution Escrow Agreement dated March 31, 2010 (the

"GSM/GSM-R Escrow Agreement")), (v) the Estate Fiduciaries (as defined in the GSM/GSM-R

Escrow Agreement), and (vi) JPMorgan Chase Bank, N.A., as escrow and distribution agent

under the GSM/GSM-R Escrow Agreement (collectively, the "GSM/GSM-R Russia Agreement

Parties") (d) approving that certain Agreement (the "CVAS Russia Agreement" and, together

with the MEN, Enterprise, and GSM/GSM-R Russia Agreements, the "Russia Agreements"), by

and among (i) NNI, (ii) NNL (iii), NNC, (iv) the other Depositors (as defined in that certain

CVAS Distribution Escrow Agreement dated May 27, 2010 (the "CVAS Escrow Agreement"

and, together with the MEN, Enterprise, and GSM/GSM-R Escrow Agreements, the "Escrow

Agreements")), (v) the Estate Fiduciaries (as defined in the CVAS Escrow Agreement), and (vi)

JPMorgan Chase Bank, N.A., as escrow and distribution agent under the CVAS Escrow

Agreement (collectively, the "CVAS Russia Agreement Parties" and, together with the MEN,

Enterprise, and GSM/GSM-R Russia Agreement Parties, the "Parties"), (c) approving

amendments to the Escrow Agreements, substantially in the form attached to the Russia

Agreements (the "Escrow Amendments"), and (d) granting such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The Russia Agreements are approved in their entirety.

3.      The Escrow Amendments are approved in their entirety.

4.      The Debtors are authorized, but not directed, pursuant to sections 105 and 363 of the Bankruptcy Code, to take any and all action that may be reasonably necessary or appropriate to perform their obligations arising under the Russia Agreements, including but not limited to delivery of any required letters of instruction pursuant to the CVAS Russia Agreement and the MEN Russia Agreement.

5.      The failure to specifically describe or include any particular provision of the Russia Agreements or the Escrow Amendments in this Order shall not diminish or impair the effectiveness of such a provision, it being the intent of this Court that the Russia Agreements and the Escrow Agreements be approved in their entirety.

6.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order and with respect to the Russia Agreements and Escrow Amendments as set forth therein.

Dated: _August 23_, 2011
            Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE