IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
                                                         :
                                                         :   Chapter 11
                                                         :
In re                                                    :
                                                         :   Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1]                         :
                                                         :   Jointly Administered
                  Debtors.                               :
                                                         :
                                                         :   RE: 6137
                                                         :
---------------------------------------------------------X

**ORDER APPROVING DEBTORS' MOTION PURSUANT TO
11 U.S.C. §§ 105(A) AND 363 AND FED. R. BANKR. P. 9019 APPROVING
ADJUSTMENTS TO CERTAIN INTERCOMPANY AGREEMENTS**

Upon the motion dated August 11, 2011 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, approving adjustments to certain transfer pricing agreements, including (i) that certain Agreement on Transfer Pricing Amendments and Certain Other Matters, attached hereto as Exhibit A (the "ATPA"); and (ii) that certain Q1 2010 Transfer Pricing Settlement Agreement, attached hereto as Exhibit B (the "Q1 Settlement Agreement"); and granting related relief; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings, including without limitation, certain clarifications on the record regarding the ATPA and the Q1 Settlement Agreement; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized, but not directed, to enter into the ATPA and the Q1 Settlement Agreement pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, and to take any and all actions that may be reasonably necessary or appropriate to perform all obligations contemplated thereunder; <u>provided</u> that all parties to the US/Canada Term Sheet shall have delivered to each other party a signed counterpart to the US/Canada Term Sheet.

3. The failure to specifically describe or include any particular provision of the ATPA or the Q1 Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that each of the agreements be approved in its entirety.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

4.	Notwithstanding any provision in the Bankruptcy Code, Rule 9006 of the Federal Rules of Bankruptcy Procedure or Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

5.	The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August 23, 2011
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE