**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Nortel Networks Inc., *et al.*,[1] | ) | Case No. 09-10138 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Objection Deadline: September 6, 2011 at 4:00 p.m.** |
| | ) | **Hearing Date: September 21, 2011 at 10:00 a.m.** |

**APPLICATION FOR AN ORDER AUTHORIZING
THE EMPLOYMENT AND RETENTION OF ELLIOTT
GREENLEAF AS COUNSEL TO THE OFFICIAL COMMITTEE OF
LONG-TERM DISABILITY PARTICIPANTS *NUNC PRO TUNC* TO JUNE 22, 2011**

The Official Committee of Long-Term Disability Participants (the "LTD Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby submits this Application For an Order Authorizing the Employment and Retention of Elliott Greenleaf as Counsel to the Official Committee of Long-Term Disability Participants *Nunc Pro Tunc* June 22, 2011 (the "Application"). In support of this Application, the LTD Committee respectfully represents as follows:

**BACKGROUND**

1. On January 14, 2009 (the "Petition Date"), each of the Debtors commenced their bankruptcy cases (the "Bankruptcy Cases") by filing voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

"Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

2.  The Debtors continue to operate its business and manage its property as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.  On June 22, 2011, the Court ordered the appointment of the LTD Committee (Docket No. 5790).  The LTD Committee consists of the following members: Wendy Boswell Mann, Daniel D. David, Dianna L. Irish, Paul E. Morrison, Barbara Gallagher, Michael Stutts, and Deborah Jones.  *See* Amended Notice of Appointment of Unsecured Creditors (Docket No. 6080).

4.  On August 2, 2011, (the "Retention Date") the LTD Committee was formed and selected Elliott Greenleaf ("EG") as proposed counsel to the committee.

5.  Prior to the Retention Date, EG acted as counsel to Barbara Gallagher and 58 other disabled individuals (the "Disabled Participants") of the total 245 disabled individuals ("LTD Plan Participants") who are participants in the long-term disability plan (the "LTD Plan") of the Debtors.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  These are core proceedings pursuant to 28 U.S.C. § 157(b)(2).  Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

7.  The statutory predicates for this Application are 11 U.S.C. §§ 328(a), 1103(a), and Federal Rules of Bankruptcy Procedure 2014(a), 2016, and 5002 and Rule 2014-1 of The Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**RELIEF REQUESTED**

8.      The LTD Committee desires to retain and employ EG as its counsel in the Bankruptcy Cases and, by this Application, requests that the Court enter an order authorizing it to retain and employ EG, *nunc pro tunc* to the Retention Date.  Accordingly, the LTD Committee respectfully requests the entry of an order, pursuant to section 1102(2)(a) of the Bankruptcy Code, authorizing the employment and retention of EG as its counsel to perform the legal services that will be necessary during the Bankruptcy Case.

9.      The LTD Committee has selected EG as its counsel because of EG's expertise in the fields of debtor and creditor law and business reorganizations under Chapter 11 of the Bankruptcy Code, long term disability benefits, benefits under the Employee Retirement and Security Act, general labor and employment law, and experience handling matters in the District of Delaware.  With respect to bankruptcy matters, EG's attorneys have represented debtors, creditors' committees, bond holders, ad hoc committees, officers and directors, and other parties-in-interest in numerous bankruptcy cases in the District of Delaware and in other jurisdictions, including advising on employee benefits issues.

10.     Attorneys at EG have become familiar with the Debtors' business affairs and capital structure.  Accordingly, EG has the necessary background to deal effectively with many of the legal issues that may arise in the context of the Bankruptcy Cases.  Thus, in order to represent the interests of the LTD Committee to the fullest extent possible, and because of EG's recognized expertise in bankruptcy law, the LTD Committee desires that EG represent it in the Bankruptcy Cases.

11. The LTD Committee's employment of EG is appropriate and necessary to enable the LTD Committee to execute faithfully its duties as a statutory committee of unsecured creditors and to implement a successful reorganization.

## SERVICES TO BE PROVIDED BY EG

12. The LTD Committee anticipates that, in connection with the Bankruptcy Cases, EG will provide it with general legal services as needed, including, but not limited to, the following:

> (a) render legal advice with respect to the powers and duties of the LTD Committee and the other participants in the Debtors' cases;
>
> (b) assist the LTD Committee in its investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors, the operation of the Debtors' business and any other matter relevant to the Bankruptcy Cases, as and to the extent such matters may affect the LTD Plan Participants;
>
> (c) participate in negotiations with parties-in-interest with respect to any disposition of the Debtors' assets, plan of reorganization and disclosure statement in connection with such plan, and otherwise protect and promote the interests of the LTD Plan Participants;
>
> (d) prepare all necessary applications, motions, answers, orders, reports and papers on behalf of the Committee at Court hearings as necessary and appropriate in connection with the Bankruptcy Cases;
>
> (e) render legal advice and perform legal services in connection with the foregoing; and
>
> (f) perform all other necessary legal services in connection with the Bankruptcy Cases, as may be requested by the LTD Committee.

13. Subject to this Court's approval, EG will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date

services are rendered. These rates may change from time to time in accordance with EG's billing practices and procedures. EG will maintain detailed, contemporaneous time records of time and any action and necessary expense incurred in connection with the rendering of legal services described above by category and nature of services rendered.

14. EG intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of the Court, the Administrative Order Establishing Procedures for Interim Compensation of Fees and Reimbursement of Expenses of Professionals and Official Committee Members (Docket No. 222) pursuant to the Bankruptcy Code Section 331, and any other applicable orders entered in this case in connection with all services performed and expenses incurred on and after the Retention Date.

15. The LTD Committee proposes to pay EG its customary hourly rates in effect from time to time for services rendered, as set forth in the Affidavit of Rafael X. Zahralddin-Aravena (the "Affidavit") attached hereto as Exhibit A, and to reimburse EG according to its customary reimbursement policies, which rates and policies the LTD Committee believes to be reasonable. All payments are subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and applicable orders of this Court.

## BASIS FOR RELIEF

16. Bankruptcy Code Section 1103(a) provides:

> At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a).

5

17. To the best of the LTD Committee's knowledge, and except as disclosed herein and in the attached Affidavit, EG has not represented the Committee, the Debtors, their creditors, equity security holders, or any other parties-in-interest, or their respective attorneys, in any matter relating to the Debtors or their estates and does not represent any entity having an adverse interest in connection with the Debtors' cases within the meaning of Section 1103 of the Bankruptcy Code.

18. As noted in paragraph 5, herein, prior to the Retention Date, EG acted as counsel to the Disabled Participants in the Debtors' bankruptcy case. In conjunction with that representation, EG is currently owed approximately $5,000. EG seeks retention for the LTD Committee *nunc pro tunc* to the appointment of the LTD Committee on June 22, 2011, given that its representation of the Disabled Participants from June 22, 2011 to the Retention Date furthered the interest of all LTD Plan Participants and, accordingly, benefitted the Debtors' estates.

19. The LTD Committee believes that the employment of EG to perform the services described herein as may be required by the LTD Committee is necessary and in the best interest of the Debtor and the Debtor's estate.

## NOTICE AND NO PRIOR APPLICATION

20. Notice of this Application has been provided to (a) counsel to the Debtors; (b) counsel to the Official Committee of Unsecured Creditors; (c) the United States Trustee for the District of Delaware; and (d) all parties required to receive service under Rule 2002-1(b) of the Local Rules. The LTD Committee respectfully submits that, given the administrative nature of the relief requested, no other notice of the relief requested herein need to be given.

21. No previous application for the relief sought herein has been made to this or any other Court.

WHEREFORE, the LTD Committee respectfully requests the entry of an Order, in the form attached herewith, (i) authorizing the retention of EG to represent the LTD Committee in these Chapter 11 cases *nunc pro tunc* to June 22, 2011, and (ii) granting the LTD Committee such other and further relief as is just and proper.

Dated:

8/23/11

OFFICIAL COMMITTEE OF LONG-TERM DISABILITY PARTICIPANTS

By: *Barbara Gallagher*

Name: Barbara Gallagher
Title: LTD Committee Chairperson

7