# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | ) Case No. 09-10138 (KG) |
| Debtors. | ) Jointly Administrated |

**AFFIDAVIT OF RAFAEL X. ZAHRALDDIN-ARAVENA IN
SUPPORT OF THE APPLICATION FOR AN ORDER AUTHORIZING
THE EMPLOYMENT AND RETENTION OF ELLIOTT
GREENLEAF AS COUNSEL TO THE OFFICIAL COMMITTEE OF
LONG-TERM DISABILITY PARTICIPANTS *NUNC PRO TUNC* TO JUNE 22, 2011**

STATE OF DELAWARE    )
                     ) ss:
COUNTY OF NEW CASTLE )

Rafael X. Zahralddin-Aravena, being duly sworn, does depose and say as follows:

1. I am Managing Shareholder of the Wilmington Office in the firm of Elliott Greenleaf ("EG"), located at 1105 North Market St., Suite 1700, Wilmington, DE 19801. I am duly authorized to make this Affidavit on behalf of EG.[2] I am admitted to practice law in the states of Delaware and California, in the Commonwealth of Pennsylvania, in the Third Circuit Court of Appeals, as well as in the United States District Court for the District of Delaware. I submit this Affidavit in accordance with Section 1103 of title 11 of the United States Code (the

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Unless otherwise defined, capitalized terms and phrases not otherwise defined herein shall have the same meanings ascribed to such terms in the Application.

"Bankruptcy Code") and Rules 2104(a) and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in connection with the Application for an order authorizing the Official Committee of Long-Term Disability Participants (the "LTD Committee") to retain and employ EG in these bankruptcy proceedings, pursuant to Section 1103 of the Bankruptcy Code. I make this affidavit on personal knowledge or on information and belief as set forth herein.

## INTRODUCTION

2. On August 4, 2011, the United States Trustee appointed the LTD Committee (Docket No. 6080).

3. I believe that EG is a "disinterested person," as the term is defined in Bankruptcy Code Section 101(14) because EG, its partners, associates and employees: (a) are not creditors, equity security holders, or insiders of the Debtors; (b) are not and were not, within the two years before the Petition Date, directors, officers or employees of the Debtors; (c) have not been an investment banker for a security to the Debtors, or an attorney for such investment banker in connection with the offer, sale or issuance of a security of the Debtors; (d) are not and never have been a director, officer or employee of the Debtors or of an investment bank; or (e) do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtors or an investment bank.

4. Except as may be set forth herein, EG has not in the past represented the Debtors, the LTD Committee or any member of the LTD Committee in connection with the Debtors.

5. Since June 22, 2011, EG has prepared certain documents, motions, applications, and affidavits relating to the Bankruptcy Case.

6. EG is not a creditor of the Debtors. EG employs 55 full-time attorneys and has a sophisticated and diversified practice that includes the representation of many financial institutions and commercial entities, some of which or their affiliates may be creditors or parties-in-interest in the Bankruptcy Case. Consequently, EG's attorneys may now or in the future represent, or may in the past have represented entities that are related to claimants or interest holders of the Debtors in matters unrelated to the Bankruptcy Case. No EG attorney will represent the Debtors or any other related entity in connection with the Bankruptcy Case. No EG attorney will represent any creditor in this case that holds a secure claim.

## EG DISCLOSURE PROCEDURES

7. In connection with EG's proposed retention in this case, and in preparing this Affidavit, I followed a set of procedures developed by EG to ensure compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court (the "EG Disclosure Procedures").

8. Under the EG Disclosure Procedures, I have reviewed the names of significant parties-in-interest in these cases supplied to me by the counsel to the Debtors and supplemented by me after reasonable diligence and inquiry. This list of names includes certain of the Debtors' officers and directors, secured and unsecured creditors, shareholders, professionals, vendors, and customers (all such entities, collectively, the "Potential Parties").

9. I make this Affidavit based in material part on the list of Potential Parties EG has been able to identify to date, as well as EG's business records, including its conflict database, and the response to conflict checks circulated throughout EG (generally, the "EG

Conflict Identification System"). EG maintains and updates the EG Conflict Identification System in the ordinary course of its business, and it is the regular practice of the firm to make and maintain such records.

10. The EG Conflict Identification System was created to include: (a) every matter for which the firm is now or has ever been engaged; (b) the entity by which the firm is now or has ever been engaged; (c) the identity of related parties; (d) the identity of adverse parties; and (e) the responsible attorney in the firm who handles the matter.

11. It is EG's policy that no new matter may be accepted or opened without the attorney responsible for such matter completing and submitting to the EG Conflict Identification System all information necessary to check each matter for conflicts, including the identity of the prospective client, the matter and, to the extent known, any adverse, potentially adverse, and related parties. Accordingly, the EG Conflict Identification System relies upon the completeness of the information submitted by individual attorneys in any new matter.

12. Following the submission of the Potential Parties, a list was created of all potential matches between the Potential Parties and the names already included in the EG Conflict Identification System. If it was determined that there was an existing relationship with a Potential Party, EG attorneys discussed the nature of the representations of, respectively, the Debtors, the LTD Committee, and the Potential Party. In all cases, other than as disclosed in Exhibit 1 hereto, I concluded that EG did not represent a Potential Party in connection with the Debtors.

## EG'S CONNECTIONS WITH POTENTIAL PARTIES

13. Based upon my review of the Potential Parties and the report from EG's

Conflict Identification System, I have determined, other than as disclosed in Exhibit 1, that EG does not have a past relationship with the Potential Parties.

14. Except as set forth herein, EG does not have any connection with the Debtors, any creditor or party in interest, or their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee.

15. I believe that the proposed retention of EG is not prohibited by or improper under Bankruptcy Rule 5002.

16. To the best of my knowledge neither I, nor EG, nor any partner or associate thereof, holds or represents an adverse interest in any matter relating to the Debtors or their estates and does not represent any entity having an adverse interest in connection with the Debtors' cases within the meaning of Section 1103 of the Bankruptcy Code.

17. The standard for retention of a committee counsel is governed by Section 1103(a) of the Bankruptcy Code, which provides:

> [A] committee appointed under section 1102 of this title with the court's approval…may select and authorize the employment of such committee of one or more attorneys…to represent or perform services for such committee.

11 U.S.C. § 1103(a). The only statutory limitation on a committee's right to select counsel of its choice is Section 1103(b), which provides that an attorney employed to represent a committee may not, while employed by the committee, represent any other entity having an adverse interest in connection with the case. Though not defined by the Bankruptcy Code, the term "adverse interest" has generally been interpreted to mean "any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant." *In re eToys, Inc.*, 331 B.R. 176, 189 (Bankr. D. Del. 2005). Thus, a firm is not disqualified from representing a committee as a

result of any representation that (i) predates its employment by the committee, (ii) does not relate to the bankruptcy case at issue, or (iii) is not adverse to the committee's interests. *See In re Universal Bldg. Prods.*, 2010 Bankr. LEXIS 3828 (Bankr. D. Del. Nov. 4, 2010) (Prior representations, even if adverse to the interests of the committee or unsecured creditors, do not disqualify committee counsel); *In re eToys, Inc.*, 331 B.R. 176, 192 (Bankr. D. Del. 2005) (Section 1103(b) authorizes committee counsel to represent a creditor in a case so long as its interests are not adverse to those of the committee).

18. The Debtors have numerous relationships and creditors. Consequently, although every reasonable effort has been made to discover and eliminate the possibility of conflict, including the efforts outlined above, EG is unable to state with absolute certainty whether one of its clients or an entity affiliated with a client holds a claim or otherwise is a party-in-interest in the Bankruptcy Case. To the extent that any information disclosed herein requires supplementation, amendment or modification upon my completion of further analysis or as additional information becomes available to me, a supplemental affidavit will be submitted to the Court.

19. Based upon this foregoing, I believe that EG and the professionals it employs are qualified to represent the LTD Committee in the matters for which EG is proposed to be retained.

## COMPENSATION

20. Subject to this court's approval, EG will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered. The primary EG attorneys who will be representing the LTD Committee and their corresponding rates are as listed on the attached Exhibit 2. For purposes of this

engagement, EG has agreed not to increase its rates until 2012. EG will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of legal services described in the Application by category and nature of the service rendered, consistent with the Bankruptcy Code, Bankruptcy Rules, Local Rules and the United States Trustee's Guidelines.

21. EG intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, the administrative order entered governing the payment of estate professionals in this case, as any other orders entered in this case.

22. No promises have been received by EG, or any partner or associate thereof, as to payment or compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. Neither EG nor any of its attorneys has entered into an agreement or understanding to share compensation with respect to the representation of the LTD Committee as described in Bankruptcy Rule 2016.

23. EG has agreed to accept as compensation such sums as may be allowed by the Court based upon the professional time spent, the rates charged for such services to the administration of the estates, the reasonableness of the time spent in relation to the results achieved, and the complexity, importance and nature of the problems, issues or tasks addressed in this case.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 23rd day of August, 2011.

_____
Rafael X. Zahralddin-Aravena


SWORN TO AND SUBSCRIBED before
me this 23rd day of August, 2011.

_____
Notary Public  DE Bar No. 4023

My Commission Expires: __N/A__

Exhibit 1

| AT&T | AT&T is not a current or past client of the firm. Elliott Greenleaf previously represented Yellowpages.com in an unrelated matter in which AT&T was an affiliated party. Elliott Greenleaf serves as Counsel to the Debtors in *In re Pegasus Rural Broadband, LLC* et al. (Case No. 11-11772), an unrelated matter in which AT&T is a creditor. |
|---|---|
| Ernst & Young, Inc. | Elliott Greenleaf represents Ernst & Young, Inc. (Canada) ("E&Y") in its capacity as court-appointed monitor for Grant Forest Products, Inc., *et al.* pursuant to its CCAA proceedings pending in Canada and the Chapter 15 filed in Delaware, Case No. 10-11132 (PJW). Ernst & Young, Inc. was listed as Debtors' professionals. Ernst & Young refers to one or more of the member firms of Ernst & Young Global Limited ("EYG"), a UK private company limited by guarantee. EYG is the principal governance entity of the global Ernst & Young organization and does not provide any services to clients. Services are provided by EYG member firms. Each of EYG and its member firms is a separate legal entity and has no liability for another such entity's acts or omissions. |
| Federal Insurance Company | The Federal Insurance Company is not a past or current client of the firm. Elliott Greenleaf served as counsel to the Travelers Companies, Inc. in an unrelated matter in which the Federal Insurance Company was an affiliated party. |

| | |
|---|---|
| Google, Inc. | Google is not a current or past client of the firm. Elliott Greenleaf served as Delaware Counsel to the Official Committee of Unsecured Creditors and currently serves as Conflicts Counsel for the limited purpose of reviewing fee applications of Debtors' professionals in *In re Accredited Home Lenders* (Case No. 09-11516), an unrelated matter in which Google is an affiliated party. Additionally, Elliott Greenleaf served as Delaware Counsel to the Official Committee of Unsecured Creditors in *In re eToys Direct, LLC* (Case No. 08-13412), an unrelated matter in which Google was an affiliated party. Elliott Greenleaf continues to provide services to the post confirmation trustee as Local Counsel. Further, Elliott Greenleaf serves as Conflict Counsel to the Debtor in *In re Qimonda Richmond, LLC* (Case No. 09-10589), an unrelated matter in which Google is an affiliated party. Finally, Elliott Greenleaf serves as Counsel to the Debtors in *In re Pegasus Rural Broadband, LLC* (Case No. 11-11772), an unrelated matter in which Google is a creditor. |
| Microsoft | Microsoft is not a current or past client of the firm. Elliott Greenleaf served as Delaware Counsel to the Official Committee of Unsecured Creditors and currently serves as Conflicts Counsel for the limited purpose of reviewing fee applications of Debtors' professionals in *In re Accredited Home Lenders* (Case No. 09-11516), an unrelated matter in which Microsoft is an affiliated party. Elliott Greenleaf serves as Delaware Special Litigation Counsel to the Debtors in *In re Qimonda Richmond, LLC, et al.* (Case No. 09-10589), an unrelated matter in which Microsoft Corporation is an affiliated party. |
| Nortel Networks Inc., et al | Elliott Greenleaf represented Nera, Inc. in a preference action in the *In re Nortel Networks* bankruptcy (Adv. Pro. No. 10-55170), a matter which is now closed. |

| | |
|---|---|
| PNC Bank, N.A. | PNC Bank is not a current or past client of the firm. Elliott Greenleaf served as Counsel to the Debtors in *In re Orleans Homebuilders, Inc.* (Case No. 10-10684), an unrelated matter in which PNC Bank was an affiliated party. Additionally, Elliott Greenleaf previously represented the Lackawanna County Tax Claim Bureau in an unrelated matter in which PNC Bank was an adverse party. Further, Elliott Greenleaf served as counsel to Martin and Leslie Spellman in an unrelated matter in which PNC Bank was an adverse party. Further, Elliott Greenleaf served as counsel to Edward and Helen Kutt in an unrelated chapter 7 bankruptcy proceeding in which PNC Bank was an adverse party. Finally, Elliott Greenleaf serves as Counsel to the Debtors in *In re Pegasus Rural Broadband, LLC* et al. (Case No. 11-11772), an unrelated matter in which PNC is an affiliated party. |
| Suntrust Bank | SunTrust is not a current of past client of the firm. Elliott Greenleaf served as Delaware Counsel to the Official Committee of Unsecured Creditors and currently serves as Conflicts Counsel for the limited purpose of reviewing fee applications of Debtors' professionals in *In re Accredited Home Lenders* (Case No. 09-11516), an unrelated matter in which SunTrust is an affiliated party. Additionally, Elliott Greenleaf served as Counsel to the Debtors in *In re Orleans Homebuilders, Inc.* (Case No. 10-10684), an unrelated matter in which SunTrust was an adverse party. Further, Elliott Greenleaf served as Co-Counsel to NW 100 M Street LLC in *In re Opus East, LLC* (case No. 09-12261), an unrelated matter in which SunTrust was an affiliated party. Elliott Greenleaf serves as Delaware Special Litigation Counsel to the Debtors in *In re Qimonda Richmond, LLC*, et al. (Case No. 09-10589), an unrelated matter in which SunTrust is an affiliated party. |

| | |
|---|---|
| The Prudential Insurance Company of America | To the best of EG's knowledge, Prudential is the claims administrator of Nortel's LTD plan. As Claims Administrator, Prudential has discretion only with respect to individual claims. As EG represents the LTD Committee and not any individual claimants, there is no conflict. |
| tw telecom | tw telecom is not a past or current client of the firm. Elliott Greenleaf served as Delaware Counsel to the Official Committee of Unsecured Creditors and currently serves as Conflicts Counsel for the limited purpose of reviewing fee applications of Debtors' professionals in *In re Accredited Home Lenders* (Case No. 09-11516), an unrelated matter in which tw telecom is an affiliated party. Elliott Greenleaf serves as Counsel to the Debtors in *In re Pegasus Rural Broadband, LLC* et al. (Case No. 11-11772), an unrelated matter in which tw telecom is a creditor. |
| UBS Investment Bank | UBS is not a past or current client of the firm. Elliott Greenleaf served as counsel to the Travelers Companies, Inc. in an unrelated matter in which UBS was an affiliated party |
| Verizon | Verizon is a past client of the firm. Elliott Greenleaf provided services to Verizon in connection with the build out of its analogue and subsequent digital wireless network as well as leasing issues. These past services are unrelated to the case at issue. Thus, Elliott Greenleaf's representation of Verizon does not create an adverse interest in connection with this case. Elliott Greenleaf serves as Counsel to the Debtors in *In re Pegasus Rural Broadband, LLC* et al. (Case No. 11-11772), an unrelated matter in which Verizon is a creditor. |

Exhibit 2

| Name | Rate |
|---|---|
| Henry F. Siedzikowski | $565 |
| Rafael X. Zahralddin-Aravena | $610 |
| Shelley A. Kinsella | $410 |
| Jonathan M. Stemerman | $350 |
| Kristin A. McCloskey | $215 |
| Leonard A. Emiola | $200 |
| Kate A. Mahoney | $200 |