IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X

In re : Chapter 11

Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)

                Debtors. : Jointly Administered

------------------------------------------------------------X  Objections Due: September 13, 2011 at 4:00 p. m.

**TWENTY-EIGHTH INTERIM APPLICATION OF JACKSON LEWIS LLP, AS COUNSEL TO DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD JUNE 1, 2011 THROUGH JUNE 30, 2011**

| | |
|---|---|
| Name of Applicant: | Jackson Lewis LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | March 4, 2009 nunc pro tunc to January 14, 2009 |
| Period for which Compensation and reimbursement is sought: | June 1, 2011 through June 30, 2011 |
| Amount of compensation sought as actual, reasonable and necessary: | $5,800.00 (80% of $ $7,250.00)Nortel/Chubb<br>$1,711.60 (80% of $ 2,139.50)Nortel/Non-Insurance<br>TOTAL: $7,511.60 (80% of $9,389.50) |
| Amount of reimbursement sought as actual, reasonable and necessary: | $2.35 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

This is an  x  interim     ___ final application

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 04/07/2009 | 01/14/09 – 01/31/09 | $16,153.93/$6.93 | $16,153.93/$6.93 |
| 04/20/2009 | 02/01/09 – 02/28/09 | $12,810.00/$2.35 | $12,810.00/$2.35 |
| 06/02/2009 | 03/01/09 – 03/31/09 | $20,972.91/30.91 | $20,972.91/$30.91 |
| 06/05/2009 | 04/01/09 – 04/30/09 | $24,898.00/$17.66 | $24,898.00/$17.66 |
| 07/16/09 | 05/01/09 – 05/31/09 | $11,170.00/$67.47 | $11,170.00/$67.47 |
| 08/14/09 | 06/01/09 – 06/30/09 | $28,054.00/$1,276.53 | $28,054.00/$1,276.53 |
| 8/28/09 | 07/01/09 – 07/31/09 | $11,173.00/$12.63 | $11,173.00/$12.63 |
| 10/15/09 | 08/01/09 – 08/31/09 | $13,265.00/$926.89 | $13,265.00/$926.89 |
| 11/17/09 | 09/01/09 – 09/30/09 | $30,039.00/$1,014.63 | $30,039.00/$1,014.63 |
| 11/24/09 | 10/01/09 – 10/31/09 | $6,154.00/$2,862.43 | $6,154.00/$2,862.43 |
| 2/4/2010 | 11/01/09 - 11/30/09 | $7,594.00/$0.00 | $7,594.00/$0.00 |
| 2/18/2010 | 12/01/09 – 12/31/09 | $1,310.00/$0.38 | $1,310.00/$0.38 |
| 3/11/2010 | 01/01/10 – 01/31/10 | $2,311.00/$.74 | $2,311.00/$.74 |
| 4/7/2010 | 02/01/10 – 02/28/10 | $4,761.00/$0.00 | $4,761.00/$0.00 |
| 06/01/2010 | 03/01/10 – 03/31/10 | $5,829.00/$0.00 | $5,829.00/$0.00 |

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 06/01/2010 | 04/01/10 – 04/30/10 | $2,677.00/$0.00 | $2,677.00/$0.00 |
| 8/20/2010 | 05/01/10 – 05/31/10 | $5,011.00/$240.63 | $5,011.00/$240.63 |
| 09/02/2010 | 06/01/10 – 06/30/10 | $7,650.00/$13.55 | $7,650.00/$13.55 |
| 09/07/2010 | 07/01/10 – 07/31/10 | $5,774.00/$0.00 | $5,774.00/$0.00 |
| 10/01/2010 | 08/01/10 - 08/31/10 | $4,266.00/$8.38 | $4,266.00/$8.38 |
| 11/05/2010 | 09/01/10 – 09/30/10 | $5,378.00/$5.87 | $5,378.00/$5.87 |
| 12/20/2010 | 10/1/10 - 10/31/10 | $4,644.00/$9.02 | $4,644.00/$9.02 |
| 02/25/2011 | 11/1/10 – 1/31/11 | $9,072.00/$13.88 | $9,072.00/$13.88 |
| 05/02/2011 | 02/01/11 – 02/28/11 | $8,847.80/$0.00 | $8,847.80/$0.00 |
| 05/27/2011 | 03/01/11 – 03/31/11 | $7,059.20/$6.12 | $7,059.20/$6.12 |
| 05/27/2011 | 04/01/11- 04/30/11 | $3,429.00/$0.00 | $3,429.00/$0.00 |
| 08/24/2011 | 05/01/11- 05/31/11 | $7,427.80/$3.08 | $7,427.80/$3.08 |

## COMPENSATION BY PROFESSIONAL

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))
Split Bill – Nortel Networks/Chubb Insurance
June 1, 2011 through June 30, 2011

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation | Nortel's 50% of Total Compensation* |
|---|---|---|---|---|---|
| René E. Thorne | Partner/ERISA | 500.00 | 28.4 | 14,200.00 | 7,100.00 |
| Jason M. Stein | Partner/ERISA | 425.00 | .6 | 255.00 | 127.50 |
| Rhonda W. James | Paralegal | 150.00 | .3 | 45.00 | 22.50 |
| Total | | | 29.3 | 14,500.00 | 7,250.00 |
| **GRAND TOTAL DUE FROM NORTEL:** | | | | | $6,908.75 |
| **BLENDED RATE:** | $494.88 | | | | |

*Pursuant to agreement with its insurer for the litigation which is related to this application, Nortel is responsible for only 50% of these charges.

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))
Nortel Networks Only – Non Insurance
June 1, 2011 through June 30, 2011

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| René E. Thorne | Partner/ERISA | 550.00 | 2.7 | 1,485.00 |
| Jason M. Stein | Partner/ERISA | 467.50 | 1.4 | 654.50 |
| Total | | | 4.1 | 2,139.50 |
| **GRAND TOTAL:** | | | | $ 2,139.50 |
| **BLENDED RATE:** | $521.83 | | | |

**COMPENSATION BY PROJECT CATEGORY**
Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG)
**Split Bill – Nortel Networks/Chubb Insurance**
June 1, 2011 through June 30, 2011

| **Project Category** | **Total Hours** | **Total Fees** | **Nortel's 50% of Total Compensation** |
|---|---|---|---|
| Analysis/Strategy | 28.5 | 14,242.50 | 7121.25 |
| Other Case Assessment, Devel. & Adm. | .8 | 257.50 | 128.75 |
| | | | |
| | | | |
| **TOTAL** | **29.3** | **$14,500.00** | **$7,250.00** |

***Pursuant to agreement with its insurer for the litigation which is related to this application, Nortel is responsible for only 50% of these charges.**

---

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))
**Nortel Networks Only – Non Insurance**
June 1, 2011 through June 30, 2011

| **Project Category** | **Total Hours** | **Total Fees** |
|---|---|---|
| | | |
| Analysis/Strategy | 2.7 | 1,485.00 |
| Other Case Assessment, Devel. & Adm | 1.4 | 654.50 |
| | | |
| | | |
| **TOTAL** | **4.1** | **$2,139.50** |

## EXPENSE SUMMARY

Nortel Networks, Inc, *et al.*
(Case No. 09-10138 (KG))
June 1, 2011 through June 30, 2011

| Expense Category | Service Provider (if applicable) | Total Expenses | Nortel's 50% of Total Expenses |
|---|---|---|---|
| Photocopies | In house | 4.69 | 2.35 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **Grand Total:** |  |  | **$2.35** |

*Pursuant to agreement with its insurer for the litigation which is related to this application, Nortel is responsible for only 50% of these charges.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[2] : Case No. 09-10138 (KG)
:
             Debtors. : Jointly Administered
:
------------------------------------------------------------X  Objections Due: September 13, 2011 at 4:00 p.m.

**TWENTY-EIGTHT INTERIM APPLICATION OF JACKSON LEWIS LLP, AS COUNSEL TO DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD JUNE 1, 2011 THROUGH JUNE 30, 2011**

      Jackson Lewis LLP ("Jackson Lewis"), counsel for Nortel Networks, Inc. and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), submits this application (the "Application") for interim allowance of compensation for professional services rendered by Jackson Lewis to the Debtors for the period June 1, 2011 through June 30, 2011 (the "Application Period") incurred by Jackson Lewis during the Application Period under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

---

[2]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines") and the Order Under 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members (D.I. 222) (the "Interim Compensation Procedures Order")[3]. In support of this Application, Jackson Lewis represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On January 14, 2009 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' jointly administered bankruptcy cases.

3. On January 26, 2009, the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors.

---

[3] Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

## JACKSON LEWIS' RETENTION

4. Prior to the Petition Date, the Debtors engaged Jackson Lewis as Counsel to represent Debtors in the ongoing class action matter entitled *In re Nortel Networks Corporation ERISA Litigation,* No. 3:03-MDL-1537, pending in the Middle District of Tennessee (the "ERISA Class Action"). In addition, Jackson Lewis also represents NNL, NNC and certain former and current Nortel directors and officers in the ERISA Class Action. On March 4, 2009, this Court entered the Order Pursuant to 11 U.S.C. Sections 327(a) and 1107(b), Fed. R. Bankr. P.2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1 Authorizing Retention and Employment of Jackson Lewis LLP as Counsel for the Debtors *Nunc ProTtunc* to the Petition Date (D.I. 296).

## FEE PROCEDURES ORDER

5. On February 4, 2009, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

6. In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each calendar month. Provided that there are no objections to such Monthly Fee Application filed within twenty (20) days after the service of a Monthly Fee Application, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application. If a partial objection to the Monthly Fee Application is filed, then the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

**RELIEF REQUESTED**

7. Jackson Lewis submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered as Counsel for the Debtors for the period from June 1, 2011 through June 30, 2011. During the Application Period, Jackson Lewis provided extensive services on an expedited basis to represent Debtors in the ongoing class action matter entitled *In re Nortel Networks Corporation ERISA Litigation,* No. 3:03-MDL-1537, pending in the Middle District of Tennessee (the "ERISA Class Action"). In addition, Jackson Lewis also represents NNL, NNC and certain former and current Nortel directors and officers in the ERISA Class Action.

8. During the period covered by this Application, Jackson Lewis incurred fees in the amount of $14,500. Pursuant to agreement with its insurer for the litigation which is related to this application, Nortel is responsible for only 50% of these charges. Accordingly, Jackson Lewis seeks Nortel's 50% portion which equals $7,250.00. Also during the period covered by this Application, Jackson Lewis incurred fees in the amount of $2,139.50. These fees are not covered by insurance and thus Nortel owes 100% of these charges which equals $2,139.50. For the same period, Jackson Lewis incurred $4.69 in actual, reasonable and necessary expenses. Pursuant to agreement with its insurer for the litigation which is related to this application, Nortel is responsible for only 50% of these charges, which equals $2.35. With respect to these amounts, as of the date of this Application, Jackson Lewis has received no payments.

9. Set forth on the foregoing "Compensation by Project Category" is a summary by subject matter categories of the time expended by timekeepers billing time to these cases.

10. <u>Exhibit A</u> attached hereto contains logs, sorted by case project category, which show the time recorded by professionals, paraprofessionals and other support staff and descriptions of the services provided for both the insured and uninsured fees due.

11. <u>Exhibit B</u> attached hereto contains a breakdown of disbursements incurred by Jackson Lewis during the Application Period.

12. Jackson Lewis charges $.07 per page for photocopying.

13. Jackson Lewis charges $1.00 per page for outgoing domestic facsimiles and does not charge for incoming facsimiles.

14. In accordance with Local Rule 2016-2, Jackson Lewis has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

15. Jackson Lewis has endeavored to represent the Debtors in the most expeditious and economical manner possible. Tasks have been assigned to attorneys, paralegals, and other support staff at Jackson Lewis so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter. Moreover, Jackson Lewis has endeavored to coordinate with Cleary Gottlieb Steen & Hamilton LLP and the other professionals involved in these cases so as to minimize any duplication of effort and to minimize attorneys' fees and expenses to the Debtors. We believe we have been successful in this regard.

16. No agreement or understanding exists between Jackson Lewis and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

17. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of her information, knowledge and belief that this Application complies with that Rule.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**WHEREFORE**, Jackson Lewis LLP respectfully requests that this Court: (a) allow Jackson Lewis (i) interim compensation in the amount of $9,389.50 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period June 1, 2011 through June 30, 2011 (including both the insured and uninsured fees); and (ii) interim reimbursement in the amount of $2.35 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the Debtors to pay to Jackson Lewis the amount of $7,513.95 (which is equal to the sum of 80% of Jackson Lewis' allowed interim compensation and 100 % of fees due); and (c) grant such other and further relief as is just.

Dated: August 24, 2011.

Respectfully submitted,

**JACKSON LEWIS LLP**

By: _____
René E. Thorne
Jason M. Stein
Susanne Veters
650 Poydras, Suite 1900
New Orleans, LA 70130
Telephone: (504) 208-1755
Facsimile: (504) 208-1759

Attorneys for Defendants Nortel Networks Corp. in *In re Nortel Networks Corporation ERISA Litigation,* Middle District of Tennessee, No. 3:03-MDL-1537

4814-6779-1370, v. 1