**EXHIBIT A**

**Proposed Form of Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------X
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*, :
:
Debtors. : (Jointly Administered)
:
--------------------------------------------------------- X
:
Nortel Networks Inc., and Nortel Networks :
(CALA), Inc., :
:
Plaintiffs, : Adv. Proc. No. 11-50021 (KG)
:
v. :
:
Telmar Network Technology, Inc., Precision :
Communication Services, Inc., and Precision :
Communication Services Corporation, : Re: D.I. ___
:
Defendants. :
---------------------------------------------------------X

**ORDER APPROVING THE STIPULATION OF SETTLEMENT BETWEEN AND AMONG NORTEL NETWORKS INC., NORTEL NETWORKS (CALA), INC., NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, TELMAR NETWORK, INC., PRECISION COMMUNICATION SERVICES, INC., AND PRECISION COMMUNICATION SERVICES CORPORATION**

Upon the motion dated August 25, 2011 (the "Motion"), of Nortel Networks Inc. ("NNI") and Nortel Networks (CALA) Inc. ("CALA"), and their affiliated debtors, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order, as more fully described in the Motion, authorizing NNI and CALA's entry into and approving that certain Stipulation of Settlement dated August 11, 2011 (the "Stipulation") in respect of the above-captioned adversary proceeding and granting it such other and further relief as the Court

1

deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized to enter into the Stipulation, and the Stipulation is approved in its entirety.

3. Within 10 business days of this Court Order becoming a final and non-appealable order, the Defendants shall pay the Settlement Amount to NNI.

4. The Defendants' following claims against the Debtors' estates are hereby withdrawn with prejudice: (i) Claim No. 4095 and Claim No. 6883 filed by Telmar against CALA; (ii) Claim No. 4906 and Claim No. 6881 filed by PCSI against CALA; (iii) Claim No. 4907 and Claim No. 6882 filed by PCSC against CALA; (iv) Claim No. 4908 filed by PCSC against NNI; and (v) Claim No. 4909 filed by PCSI against NNI.

5. NNI and CALA are authorized, but not directed, to take any and all action that may be reasonably necessary or appropriate to perform its obligations arising under the Stipulation.

6. The failure specifically to describe or include any particular provision of the Stipulation in this Order shall not diminish or impair the effectiveness of such a provision, it being the intent of this Court that the Stipulation be approved in its entirety.

7. In the event of any discrepancy between the Stipulation and the terms of a plan under Chapter 11 of the United States Bankruptcy Code confirmed pursuant to an order of this Court with respect to any of the Debtors, the terms of the Stipulation shall govern.

8. NNI, CALA and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to the Stipulation.

9. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: September __, 2011
      Wilmington, Delaware

                                                                                                
THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE