# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re*                                       :    Chapter 11
:
Nortel Networks Inc., *et al.*,[1]            :    Case No. 09-10138 (KG)
:
            Debtors.    :    Jointly Administered
:
---------------------------------------------------------X    **Objections Due:**
**September 15, 2011 at 4:00 p.m. (ET)**

**SECOND INTERIM APPLICATION OF KEIGHTLEY & ASHNER LLP, AS SPECIAL
PENSION BENEFITS COUNSEL FOR DEBTORS AND DEBTORS-IN-POSSESSION,
FOR ALLOWANCE OF INTERIM COMPENSATION
FOR THE PERIOD MAY 1, 2011 THROUGH JULY 31, 2011**

| | |
|---|---|
| Name of Applicant: | KEIGHTLEY & ASHNER LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | May 10, 2011 <u>nunc pro tunc</u> to April 1, 2011 |
| Period for which Compensation and reimbursement is sought: | May 1, 2011 through July 31, 2011 |
| Amount of compensation sought as actual, reasonable and necessary: | $28,335 |
| Amount of reimbursement sought as actual, | $0 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

4277185.1

reasonable and necessary:

This is an  x  interim             final application

The total time expended for fee application preparation is approximately 6 hours and the corresponding compensation requested is approximately $4,200.[2]

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 5/__/11 | April 1-30, 2011 | $6,530 | Pending |

---

[2] Allowance for compensation for such time is not requested in this application but will be sought in a subsequent fee application.

## COMPENSATION BY PROFESSIONAL

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

May 1 to August 31, 2011

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| James J. Keightley | Partner/Pensions | 750 | 1.1 | $825 |
| Harold J. Ashner | Partner/Pensions | 700 | 24.9 | $17,430 |
| William G. Beyer | Of Counsel/Pensions | 700 | 7.9 | $5,530 |
| Deborah G. West | Of Counsel/Pensions | 700 | 6.5 | $4,550 |
| **Total** | | | **40.4** | **$28,335** |
| **GRAND TOTAL:** | $28,335 | | | |
| **BLENDED RATE:** | **$7**01 | | | |

## COMPENSATION BY PROJECT CATEGORY

Nortel Networks, Inc, *et al.*
(Case No. 09-10138 (KG))

May 1 to July 31, 2011

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| Fee/Employment Applications | 8.7 | $6,135 |
| Employee Benefits/Pensions | 31.7 | $22,200 |
| **TOTAL** | **40.4** | **$28,335** |

## EXPENSE SUMMARY

Nortel Networks, Inc, *et al.*
(Case No. 09-10138 (KG))

May 1 to July 31, 2011

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---:|
| N/A | N/A | N/A |
| **Grand Total Expenses** | | **0** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*, [1] : Case No. 09-10138 (KG)
:
                Debtors. : Jointly Administered
:
------------------------------------------------------------X  Objections Due:
**September 15, 2011 at 4:00 p.m. (ET)**

### SECOND INTERIM APPLICATION OF KEIGHTLEY & ASHNER LLP, AS SPECIAL PENSION BENEFITS COUNSEL FOR DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION FOR THE PERIOD MAY 1, 2011 THROUGH JULY 31, 2011

Keightley & Ashner LLP ("K&A"), Special Pension Benefits Counsel for Nortel Networks, Inc and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), submits this application (the "Application") for interim allowance of compensation for professional services rendered by K&A to the Debtors for the period May 1, 2011, through July 31, 2011 (the "Application Period") under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines") and the Order Under 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members (D.I. 222) (the "Interim Compensation Procedures Order")[2]. In support of this Application, K&A represents as follows:

## JURISDICTION

1.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.    On January 14, 2009 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' jointly administered bankruptcy cases.

3.    On January 26, 2009, the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors.

## K&A'S RETENTION

4.    On April 1, 2011, the Debtors engaged K&A as Special Pension Benefits Counsel in connection with these bankruptcy cases. On May 10, 2011, this Court entered the

---

[2]    Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

Order Authorizing The Retention And Employment Of Keightley & Ashner LLP As Special Pension Benefits Counsel For The Debtors *Nunc Pro Tunc* To April 1, 2011 (D.I. 5404).

## FEE PROCEDURES ORDER

5.      On February 4, 2009, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

6.      In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each calendar month.  Provided that there are no objections to such Monthly Fee Application filed within twenty (20) days after the service of a Monthly Fee Application, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application.  If a partial objection to the Monthly Fee Application is filed, then the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

## RELIEF REQUESTED

7.      K&A submits this Application for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered as Special Benefits Counsel for the Debtors in these cases for the period from May 1, 2011, through July 31 2011.

8.      During the period covered by this Application, K&A incurred fees in the amount of $28,335.  For the same period, K&A incurred actual, reasonable and necessary expenses

totaling $0.00. With respect to these amounts, as of the date of this Application, K&A has received no payments.

9. Set forth on the foregoing "Compensation by Project Category" is a summary by subject matter categories of the time expended by timekeepers billing time to these cases.

10. During the Application Period, K&A continued its review and evaluation of the claims filed by the Pension Benefit Guaranty Corporation, reviewed extensive documentation regarding the resolution and attempted resolution of various issues that have arisen between the Debtors and the PBGC, and consulted with counsel for the Debtors on issues relating to the appropriate resolution of these claims.

11. <u>Exhibit A</u> attached hereto contains logs, sorted by case project category, which show the time recorded by professionals, paraprofessionals and other support staff and descriptions of the services provided.

12. <u>Exhibit B</u> attached hereto contains a breakdown of disbursements incurred by K&A during the Application Period.

13. In accordance with Local Rule 2016-2, K&A has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

14. K&A has endeavored to represent the Debtors in the most expeditious and economical manner possible. K&A has endeavored to coordinate with Cleary Gottlieb Steen & Hamilton LLP and Morris, Nichols, Arsht & Tunnell LLP so as to minimize any duplication of effort and to minimize attorneys' fees and expenses to the Debtors. We believe we have been successful in this regard.

- 5 -

15. No agreement or understanding exists between K&A and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

16. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**WHEREFORE**, K&A respectfully requests that this Court: (a) allow K&A (i) interim compensation in the amount of $28,335 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period May 1, 2011 through July 31, 2011, and (ii) interim reimbursement in the amount of $0 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the Debtors to pay to K&A the amount of $22,668, which is equal to the sum of 80% of K&A' allowed interim compensation and 100% of K&A' allowed expense reimbursement; and (c) grant such other and further relief as is just.

Dated:  August 26, 2011                    KEIGHTLEY & ASHNER LLP
                                           Washington, DC


                                                   */s/ James J. Keightley*
                                           James J. Keightley
                                           700 12th Street, NW, Suite 700
                                           Washington, DC 20005
                                           Telephone:  202-558-5150
                                           Facsimile:  202-330-5490

                                           *Special Pension Benefits Counsel for Debtors and Debtors in Possession*