**IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-10138 (KG) |
| | ) | |
| Nortel Networks, Inc., et al.,[1] | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |

**THIRTEENTH INTERIM APPLICATION OF  
ERNST & YOUNG LLP FOR ALLOWANCE OF COMPENSATION  
FOR SERVICES RENDERED AS INDIRECT TAX SERVICE ADVISOR TO THE  
DEBTORS AND DEBTORS-IN-POSSESSION FOR PERIOD OF JUNE 1, 2011  
THROUGH JULY 31, 2011 AND OTHER PREVIOUSLY UNPAID INVOICES**

| | |
|---|---|
| Name of Applicant: | Ernst & Young LLP |
| Authorized to Provide Professional Services to: | The above-captioned debtors and debtors-in-possession |
| Date of Retention: | February 5, 2009, *nunc pro tunc* to January 14, 2009 |
| Period for which compensation and reimbursement are sought: | June 1, 2011 through July 31, 2011 |
| Amount of Compensation sought as actual, reasonable, and necessary: | $ 1,320,000 |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $ 0 |

This is a(n):  _x_ interim     __ quarterly     ___ final application

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Prior Applications Filed:

| Fee Application Filing Date | Period Covered By Application | Total Fees Requested | Total Expenses Requested | Total Approved |
|---|---|---|---|---|
| 6/26/09 | 1/14/09 – 4/30/09 | $285,000.00 | $0.00 | $285,000.00 |
| 9/3/09 | 5/1/09 – 7/31/09 | $39,739.00 | $0.00 | $39,739.00 |
| 10/16/09 | 8/1/09 – 9/30/09 | $26,301.00 | $0.00 | $26,301.00 |
| 11/19/09 | 10/1/09 – 10/31/09 | $13,607.00 | $0.00 | $13,607.00 |
| 2/24/10 | 11/1/09 – 12/31/09 | $186,040.00 | $670.00 | $186,710.00 |
| 2/24/10 | 1/1/10 – 1/31/10 | $74,330.00 | $375.58 | $74,705.58 |
| 6/4/10 | 2/1/10 – 4/30/10 | $265,434.50 | $858.82 | $266,293.32 |
| 9/10/10 | 5/1/10 – 7/31/10 | $230,428.50 | $674.09 | $231,102.59 |
| 11/24/10 | 8/1/10 – 10/31/10 | $260,941.50 | $954.00 | $261,895.50 |
| 3/1/11 | 11/1/10 – 1/31/11 | $591,660.00 | $0.00 | $591,660.00 |
| 5/31/11 | 2/1/11 – 4/30/11 | $2,456,156.00 | $1,904.00 | $2,458,060.00 |
| 8/18/11 | 5/1/11 – 5/31/11 | $761,845.00 | $0.00 | pending |
| **TOTAL** | | **$5,191,482.50** | **$5,436.49** | **$4,435,073.49** |

## COMPENSATION BY PROFESSIONAL
## JUNE 1, 2011 THROUGH JULY 31, 2011

| Professional | Position | Hourly Billing Rate (including changes)[2] | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Fixed Fees | | | -- | $1,320,000 |
| **TOTAL** | | | **--** | **$1,320,000.00** |

## COMPENSATION BY PROJECT CATEGORY
## JUNE 1, 2011 THROUGH JULY 31, 2011

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Fixed Fees | -- | $1,320,000 |
| **TOTAL** | **--** | **$1,320,000.00** |

## EXPENSE SUMMARY
## JUNE 1, 2011 THROUGH JULY 31, 2011

| Expense Category | Total Expenses |
|---|---|
| -- | $0 |
| **TOTAL** | **$0** |

---

[2] Travel time has been billed at 50 percent of the professional's hourly rate.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) ) | Chapter 11<br>Case No. 09-10138 (KG) |
| Nortel Networks, Inc., et al.,[1] | ) ) ) | Jointly Administered |
| Debtors. | ) | |

### THIRTEENTH INTERIM APPLICATION OF ERNST & YOUNG LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AS INDIRECT TAX SERVICE ADVISOR TO THE DEBTORS AND DEBTORS-IN-POSSESSION FOR PERIOD OF JUNE 1, 2011 THROUGH JULY 31, 2011 AND OTHER PREVIOUSLY UNPAID INVOICES

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Order Authorizing The Debtors to Retain and Employ Professionals Used In the Ordinary Course of Business *Nunc Pro Tunc* to the Petition Date dated February 5, 2009 [Docket No. 236] (the "OCP Order"), and the Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and Fed. R. Bankr. P. 2016-2 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members [Docket No. 222] (the "Compensation Order"), Ernst & Young, LLP ("E&Y LLP") hereby files this Thirteenth Consolidated Interim Application for Allowance of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

DETR_1752966.1

Compensation for Services Rendered as Indirect Tax Service Advisor to the Debtors and Debtors-in-Possession for the Period from June 1, 2011 through July 31, 2011 (the "Application"). By this Application, E&Y LLP seeks allowance pursuant to the Compensation Order of payments from the above-captioned debtors and debtors-in-possession (the "Debtors") of $1,320,000 in compensation and $0.00 in reimbursement for expenses incurred during the period June 1, 2011 through July 31, 2011 (the "Compensation Period"). In support of this Application, E&Y LLP respectfully represents as follows:

**Background**

1. On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. E&Y LLP is employed as an ordinary course professional by the Debtors pursuant to the OCP Order [Docket No. 236]. The OCP Order authorized the Debtors to compensate ordinary course professionals in the ordinary course of business, but stated that fee applications would be required for any "Tier Two" ordinary course professional, like E&Y LLP, charging more than $50,000 in a given month or $350,000 in a calendar year.

3. The Debtors have retained E&Y LLP to perform indirect tax services, consisting of sales and use tax compliance, sales and use tax audit assistance, sales and use tax consulting, and refund and credit services (the "OCP Engagement") pursuant to E&Y LLP's engagement agreement with the Debtors (the "Engagement Agreement").

4. E&Y LLP's fees to date have exceeded the annual cap, and therefore, in accordance with the OCP Order, E&Y LLP hereby seeks approval of its fees in compliance with the Compensation Order.

5. On March 1, 2011, the Debtors retained E&Y LLP to perform tax

services, consisting of consisting of federal and state tax compliance, US reporting requirement for foreign operations, tax reporting, and federal, state, and international tax advisory pursuant to E&Y LLP's engagement with the Debtors (the "Master Tax Services Agreement").  On March 23, 2011, the Court entered an order [Docket No. 6021] (the "Retention Order").

6. On July 1, 2011, the Debtors filed a Supplemental Application for an Order Expanding the Scope of Employment and Retention of Ernst & Young LLP to Include FBAR Services under the terms and conditions of the FBAR Amendment, *nunc pro tunc* to May 31, 2011 [Docket No. 5862] (the "Expansion Application").

7. On July 22, 2011, the Court granted the Expansion Application and authorized the Debtors to expand the scope of EY's employment and retention to include FBAR Services under the terms and conditions of the FBAR Amendment, *nunc pro tunc* to May 31, 2011 [Docket No. 6021].

**Compensation Paid and Its Source**

8. All services for which compensation is requested by E&Y LLP were performed for or on behalf of the Debtors.

9. E&Y LLP has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between E&Y LLP and any other person other than the directors of E&Y LLP for the sharing of compensation to be received for services rendered in these cases.

**Fee Statements**

10. Pursuant to the Master Tax Services Agreement, E&Y LLP provides the Debtors with tax compliance reporting, tax controversy and tax advisory services for a fixed fee.

3

Therefore, no schedule of compensation by each professional person (which otherwise lists an hourly billing rate and number of hours). However, a copy of the invoices for the Compensation Period is attached hereto as <u>Group Exhibit A</u>.

11. As evidenced by the invoices attached hereto, this Application seeks compensation for services rendered prior to August 1, 2011. Although it is possible that such invoices did not need to be included as part of a fee application under 11 U.S.C. § 330, because they were for fixed fee services (and were thus already found to be reasonable by the Court's retention orders, pursuant to 11 U.S.C. § 328), in an abundance of caution, E&Y LLP submits these invoices as part of the application process so that it may receive payment of them, pursuant to the Court's Administrative Order.

12. To the best of E&Y LLP's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Compensation Order.

**Actual and Necessary Expenses**

13. There were no actual and necessary expenses incurred during the Compensation Period.

**Summary of Services Rendered**

14. E&Y LLP, by and through the above-named persons, has advised the Debtors on a regular basis with respect to various matters in connection with these cases, and has performed all necessary professional services which are described below.

**Summary of Services By Project**

15. The services rendered by E&Y LLP during the Compensation Period can

4

be grouped into the categories set forth below.  These categories are generally described below.

### Indirect Tax Consulting

16.     E&Y LLP assisted with tax compliance, tax reporting and tax advisory consulting such as but not limited to the preparation and filing of all state and local sales and use tax returns and the preparation of reports and reconciliations to assist the Debtors with the proper accounting of payments and tax credits and E&Y LLP prepared and reviewed federal and state tax filing positions and compliance requirements.

### Federal, State and International Advisory and Compliance Work

17.     E&Y LLP reviewed and assisted with various federal and state income tax research matters as well as international tax research that relates to U.S. federal income tax reporting requirements.  E&Y LLP also assisted with the preparation of federal and state and local income tax compliance.  E&Y LLP completed reviews of other tax reporting requirements.

### Tax Controversy

18.     E&Y LLP prepared and reviewed responses to various federal and state tax inquiries. The inquiries consisted of tax notices, tax claims, or tax examinations. E&Y LLP participated in discussions, meetings, and conference calls with the client representative and outside counsel on such matters where appropriate.

### **Valuation of Services**

19.     The professionals and staff members of E&Y LLP have expended approximately 1,500 hours[2] in connection with this matter during the Compensation Period.

---

[2] This number represents an estimate of the total hours of services provided during this Compensation Period and is subject to change from month to month.

The flat fee identified above are E&Y LLP's normal rates for work of this character. The reasonable value of the services rendered by E&Y LLP during the Compensation Period is $1,320,000.

20. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by E&Y LLP is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, E&Y LLP has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, E&Y LLP respectfully requests that the Court authorize that for the period Compensation Period, an allowance be made to E&Y LLP pursuant to the terms of the Compensation Order, with respect to the sum of $1,056,000 as compensation for necessary professional services rendered (80% of $1,320,000), and that such sum be authorized for payment and for such other and further relief as this Court may deem just and proper.

Dated:  August 26, 2011                                Respectfully submitted,

                                                       /s/ Joanne Lee
                                                       Joanne Lee
                                                       Foley & Lardner LLP
                                                       321 N. Clark Street, Suite 2800
                                                       Chicago, IL 60654
                                                       Tel. 312.832.4500
                                                       jlee@foley.com

## **VERIFICATION**

STATE OF NORTH CAROLINA    )
                                                         ) SS:
COUNTY OF WAKE                    )

James E. Scott, after being duly sworn according to law, deposes and says:

a) I am a Partner with the applicant firm, Ernst & Young LLP.

b) I am familiar with the work performed on behalf of the Debtors by the professionals and staff members at Ernst & Young LLP.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. L.R. 2016-2, and submit that the Application substantially complies with such order.

James E. Scott
Partner, Ernst & Young LLP

SWORN AND SUBSCRIBED before me
this ___ day of August, 2011.

Notary Public
My Commission Expires:_____

DETR_1752966.1