IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X
                                                          :
                                                          :   Chapter 11
                                                          :
*In re*                                                   :
                                                          :   Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                        :
                                                          :   Jointly Administered
             Debtors.                                     :
                                                          :   Hearing date: September 21, 2011 at 10:00
                                                          :   a.m. (ET)
                                                          :   Objections due: September 14, 2011 at 4:00
                                                          :   p.m. (ET)
                                                          :
----------------------------------------------------------X

### DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105(a), 330 AND 331 FOR ENTRY OF AN ORDER APPROVING THE REIMBURSEMENT OF THE COSTS OF THE PROFESSIONAL SERVICES RENDERED AND EXPENSES INCURRED BY GLOBAL IP LAW GROUP, LLC

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors") hereby move this Court (the "Motion") for the entry of an order, substantially in the form attached hereto as Exhibit A, approving the reimbursement of the costs of the professional services rendered and expenses incurred by Global IP Law Group, LLC ("Global IP") in connection with these chapter 11 cases *nunc pro tunc* to February 28, 2010; and granting them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a), 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure.

### Background

3. On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc.,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only. The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5. On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL", and together with NNC and their affiliates, including the Debtors, ("Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors

---

[2] Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

2

Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court. Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators"). Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6. Since the Petition Date, Nortel has sold its business units and other assets to various purchasers. For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

**Retention of Global IP**

7. On November 19, 2009, this Court approved the Debtors' Application For An Order Authorizing Employment And Retention Of Global IP Law Group, LLC *Nunc Pro Tunc* To October 13, 2009 As Intellectual Property Consultant To The Debtors And Debtors In Possession [D.I. 1928] (such application, the "Global IP Retention Application" and such order, the "Global IP Retention Order"). Subsequent to the entry of the Global IP Retention Order, on March 29, 2010, this Court approve the Debtors' Supplemental Application For An Order Authorizing Employment And Retention Of Global IP Law Group, LLC *Nunc Pro Tunc* To

---

[3] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4] The EMEA Debtors include the following entities: Nortel Networks UK Limited ("NNUK"), Nortel Networks S.A., Nortel Networks (Ireland) Limited ("NN Ireland"), Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

January 15, 2010 As Intellectual Property Consultant And Legal Advisors To The Debtors And Debtors In Possession [D.I. 2787] (such application the "<u>Supplemental Global IP Retention Application</u>" and such order, the "<u>Supplemental Global IP Retention Order</u>").  Global IP has provided advice and assistance to Nortel in connection with the sale of Nortel's residual patent portfolio (the "<u>Patent Transaction</u>").

8. The Global IP Retention Order and the Supplemental Global IP Retention Order together authorized the employment of Global IP pursuant to the terms of (i) the Revised Response to Request For Proposal by and between NNI, NNL, NNUK, and NN Ireland on the one hand and Global IP on the other, dated as of October 15, 2009 (the "<u>RFP</u>"), (ii) the Master Consulting Agreement (the "<u>MCA</u>" and together with the RFP, the "<u>Agreement</u>") by and between NNI, NNL, NNUK, and NN Ireland on the one hand and Global IP on the other, dated as of October 15, 2009, (iii) the Proposal for Nortel Representation on a Time and Materials Basis dated as of January 15, 2010 and (iv) the Statement of Work for Nortel Patent Analysis and Monetization dated as of March 12, 2010.

**Payment of Global IP's Fees and Expenses**

9. The MCA provides and the Global IP Retention Application and Supplemental Global IP Retention Application disclosed to this Court that NNL would make all payments to Global IP on and when due under the Agreement and that NNI, NNUK and NN Ireland would reimburse NNL for their share of any such costs, which share would be agreed to separately among NNL, NNI, NNUK and NN Ireland.

10. Both the Global IP Retention Order and the Supplemental Global IP Retention Order provide that, prior to making any payments to NNL for NNI's share of the costs of the professional services rendered and expenses incurred by Global IP in connection with these

4

—

chapter 11 cases ("NNI's Share"), the Debtors file a motion with this Court for approval of such costs.

11.     In fact, as a result of various intercompany charges, NNI has previously reimbursed NNL for approximately one-third of the amounts invoiced to NNL by Global IP for the months of February through October 2010.[5] In total, NNI reimbursed NNL $804,676.69 of Global IP's fees and expenses. NNI has not reimbursed NNL for any amounts invoiced to NNL by Global IP after October 2010.

12.     Subsequently, pursuant to the IP Transaction Side Agreement dated April 4, 2011 by and between NNI, NNC, NNL, NNUK, the Joint Administrators, the French Liquidator (as defined therein) and the other sellers of Nortel's residual patent assets (the "Patent Sale Signing Side Agreement"), which agreement was approved by this Court in an order dated May 2, 2011 [D.I. 5359], NNI, NNL, NNUK and the other parties thereto agreed that amounts paid by NNL related to Global IP's fees and expenses incurred in connection with the Patent Transaction would be reimbursed from the proceeds of such transaction. The Patent Sale Signing Side Agreement also provided that any such Global IP costs payable after the closing of the Patent Transaction shall be satisfied out of the proceeds of such transaction. See Patent Sale Signing Side Agreement ¶ 10.

13.     The same parties further confirmed in the Supplemental IP Transaction Side Agreement re Certain Transaction Costs and Related Matters dated July 27, 2011 by and between NNI, NNC, NNL, NNUK, the Joint Administrators, the French Liquidator (as defined therein) and the other sellers of Nortel's residual patent assets (the "Patent Sale Closing Side Agreement"), which agreement was approved by this Court in an order dated August 22, 2011

---

[5]     NNUK similarly reimbursed NNL for approximately one-third of Global IP's fees and expenses paid by NNL during such period.

[D.I.6186], that NNI and NNUK, in addition to NNL, would be reimbursed out of the proceeds of the Patent Transaction for amounts paid (or reimbursed to NNL) related to Global IP's fees and expenses in connection with the Patent Transaction and confirmed the amounts to be reimbursed to NNL, NNI and NNUK.  See Patent Sale Closing Side Agreement ¶ 8.  Consistent with this agreement, such amounts were reimbursed at the closing of the Patent Transaction.

## Relief Requested

14. As a result of the Patent Sale Signing Side Agreement, the Patent Sale Closing Side Agreement, each of which have been previously approved by this Court, and the subsequent reimbursement of past fees and expenses of Global IP out of the proceeds of the Patent Transaction, Global IP's fees have effectively been paid from the sale proceeds of the Patent Transaction rather than from the funds of any specific estate.  Nevertheless, in light of the foregoing and the prior orders entered by this Court related to the retention of Global IP, in an abundance of caution, the Debtors seek an order, pursuant to sections 105(a), 330 and 331 of the Bankruptcy Code, (a) approving NNI's reimbursement of NNL for NNI's Share *nunc pro tunc* to February 28, 2010, and (b) granting such related relief as the Court deems just and appropriate.

15. In addition to this Motion, the Debtors have also asked Global IP to file, and Global IP has agreed to file, a fee application containing the information customarily provided in fee application filed under sections 330 and 331 of the Bankruptcy Code, describing the services rendered on behalf of the Debtors, the approximate time expended in providing such services, and the individuals who provided such services.  Global IP provided valuable services to the Debtors throughout the Patent Transaction process, and it would further the interests of the Debtors and their estates to have an order confirming the procedures followed for the payment of

6

Global IP's fees, consistent with the agreements among the Nortel estates, which have been previously disclosed to this Court.

## Notice

16. Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to the (i) U.S. Trustee; (ii) the Monitor; (iii) counsel to the Committee; (iv) counsel to the Bondholder Group; (v) counsel to the Joint Administrators; (vi) Global IP; and (vii) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

17. No prior request for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: August 31, 2011
      Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*