**Exhibit A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------X
                                                           :
                                                           :   Chapter 11
                                                           :
In re                                                      :
                                                           :   Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,¹                             :
                                                           :   Jointly Administered
            Debtors.                                       :
                                                           :
                                                           :   RE: D.I. _____
                                                           :
-----------------------------------------------------------X
```

### ORDER APPROVING THE REIMBURSEMENT OF
### NNL FOR NNI'S SHARE OF THE COSTS OF THE PROFESSIONAL SERVICES
### RENDERED AND EXPENSES INCURRED BY GLOBAL IP LAW GROUP, LLC

Upon the motion dated August 31, 2011 (the "Motion"),² of Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105(a), 330 and 331 of the Bankruptcy Code, approving NNI's reimbursement of Nortel Networks Limited ("NNL") for NNI's share of the costs of the professional services rendered and expenses incurred by Global IP Law Group, LLC ("Global IP") in connection with these chapter 11 cases *nunc pro tunc* to February 28, 2010; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. NNI's reimbursement of NNL for $804,676.69 of Global IP's fees and costs incurred in connection with the Patent Transaction is ratified and approved *nunc pro tunc* to February 28, 2010.

3. NNI has satisfied its obligations under the Global IP Retention Order and Supplemental Global IP Retention Order with respect to amounts reimbursed to NNL prior to the date of the Motion for Global IP's costs incurred in connection with the Patent Transaction.

4. Nothing in this Order is intended to amend the Patent Sale Singing Side Agreement, this Court's order approving such agreement [D.I. 5359], the Patent Sale Closing Side Agreement or this Court's order approving such agreement [D.I. 6186].

5. Notwithstanding any provision in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure or the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: September __, 2011
       Wilmington, Delaware

                                                                                                                                        _____
                                                          THE HONORABLE KEVIN GROSS
                                                          CHIEF UNITED STATES BANKRUPTCY JUDGE