IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| | : | Case No. 09-10138 (KG) |
| Nortel Networks Inc., *et al.*,[1] | : | (Jointly Administered) |
| | : | |
| Debtors. | : | **Objection Deadline: September 16, 2011 @ 4:00 p.m.** |
| | : | **Hearing Date: September 21, 2011 @ 10:00 a.m.** |

APPLICATION OF THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES PURSUANT TO BANKRUPTCY CODE SECTIONS 1103(a) AND 1114, BANKRUPTCY RULE 2014 AND RULE 2014-1 OF THE LOCAL RULES FOR AN ORDER APPROVING THE RETENTION OF TOGUT, SEGAL & SEGAL LLP AS COUNSEL *NUNC PRO TUNC* TO AUGUST 22, 2011

TO THE HONORABLE KEVIN GROSS,
UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Retirees (the "Retiree Committee") in the above-captioned cases (the "Chapter 11 Case") respectfully submits this application (the "Application") for an order (the "Order"), in substantially the form attached hereto as Exhibit "A," authorizing the retention and employment Togut, Segal & Segal LLP (the "Togut Firm") as counsel to the Retiree Committee pursuant to section 1103(a) and 1114 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), *nunc pro tunc* to August 22, 2011. In support of this Application, the Retiree Committee respectfully submits the Declaration of Albert Togut, the senior partner of the Togut Firm (the "Togut Declaration"), a copy of which is attached hereto as Exhibit "B," and incorporated herein by reference. In further support of this Application, the Retiree Committee respectfully states:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. The Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 1103(a) and 1114 of title 11 of the Bankruptcy Code, Bankruptcy Rule 2014, and Rule 2014-1 of the Local Rules.

## BACKGROUND

3. On January 14, 2009 (the "Petition Date"), Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), other than Nortel Networks (CALA) Inc.,[2] filed voluntary petitions for

---

2 Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. The United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group"). An Official Committee of Long-Term Disability Participants (the "LTD Committee") has also been appointed.

6. On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL", and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Canada Companies' Creditors Arrangement Act (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court. Also on the Petition Date, the High Court of England and Wales placed nineteen

[3] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators"). Other Nortel Affiliates have commenced and in the future may commence creditor protection, insolvency and dissolution proceedings around the world.

## FORMATION OF THE RETIREE COMMITTEE

7. On June 2, 2011, the Debtors moved for an order pursuant to Bankruptcy Code section 1114 directing the appointment of the Retiree Committee to serve as the official representative for the Debtors' retired employees (the "Retirees") who are currently receiving benefits under the Debtors' Retiree Welfare Plans, as defined in the Retiree Committee Motion. [D.I. 5568].

8. On June 21, 2011, the Court entered its Order Pursuant to Section 1114 of the Bankruptcy Code Appointing an Official Committee of Retired Employees [D.I. 5783].[5]

9. On August 2, 20011, the U.S. Trustee filed her Notice of Appointment of Official Committee of Retired Employees [D.I. 6074]. The five-member

---

4 The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Network (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o, Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o and Nortel Networks International Finance & Holding B.V.

5 On June 22, 2011, the Court entered an Order Appointing the LTD Committee [D.I. 5790].

Retiree Committee consists of: (i) Gary R. Donahee; (ii) Michael P. Ressner; (iii) Susan Kane; (iv) John T. Zalokar; and (v) Mark Haupt. Mr. Donahee is the chairperson of the Retiree Committee.

10.    On August 22, 2011, the Retiree Committee unanimously agreed to employ the Togut Firm as its counsel as permitted by Bankruptcy Code sections 1103(a) and 1114, and Bankruptcy Rule 2014(a), subject only to receiving Bankruptcy Court approval of such employment.

11.    None of the Retiree Committee members, in their individual capacities, have previously retained the Togut Firm in this or any other case, nor has any compensation previously been paid to the Togut Firm by any members of the Retiree Committee.

## RELIEF REQUESTED

12.    The Retiree Committee seeks entry of an Order pursuant to sections 1103(a) and 1114 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1 authorizing the retention of the Togut Firm as counsel for the Retiree Committee to provide legal services at the direction of the Retiree Committee including, without limitation:

      (a)    Attending meetings of the Retiree Committee and advising the Retiree Committee regarding its rights, powers and duties in the Chapter 11 Case;

      (b)    Preparing on behalf of the Retiree Committee applications, motions, notices, draft orders and other pleadings, and review all materials related to the same;

(c)    Advising the Retiree Committee concerning, and preparing responses to, applications, motions, other pleadings, notices and other papers that may affect the rights and interests of the Retiree Committee in the Chapter 11 Case;

(d)    Reviewing, analyzing and responding to any pleading filed by the Debtors under section 1114 of the Bankruptcy Code to modify or terminate the Retiree Welfare Plans and related retiree benefits;

(e)    Communicating with the Debtors, the other committees appointed in these cases, including the LTD Committee, and their respective professionals, as well as any other professionals engaged by the Retiree Committee and the LTD including financial advisors and actuarial firms regarding all matters concerning the rights and interests of the Retiree Committee and its constituency;

(f)    Reviewing, evaluating and representing the Retiree Committee regarding any proposal by the Debtors, or any other party in interest in the Chapter 11 Case, that affects Retirees' ability to be paid on the claims or to modify or terminate the Retiree Welfare Plans and related retiree benefits, including reviewing and analyzing all information and documents that the Retiree Committee, or Togut Firm as its counsel, deems necessary to evaluate any such proposal and developing counterproposals;

(g)    Negotiating and/or litigating regarding the rights and interests of the Retiree Committee regarding any matter which may modify or otherwise affect any rights and benefits under the Debtors' Retiree Welfare Plans including their ability to be paid;

(h)    Participating in the formulation of a disclosure statement and plan of reorganization or liquidation, and taking such actions as may be deemed desirable in connection therewith; and

(i)    Performing all other legal services for and on behalf of the Retiree Committee that may be necessary or appropriate to assist the Retiree Committee in performing its duties under section 1114 of the Bankruptcy Code.

13. The Retiree Committee has selected the Togut Firm because of its extensive experience and familiarity in Chapter 11 cases representing the interests of debtors, creditors' committees, trustees, employees, and individual secured and general creditors. As set forth in the Togut Declaration, the Togut Firm also has experience in the areas of law relevant to this Chapter 11 Case.

14. As set forth in the Togut Declaration, the Togut Firm has been actively involved in major chapter 11 cases including, without limitation: *In re AbitibiBowater Inc., et al.,* Case No. 09-11296 (KJC); *In re the Great Atlantic & Pacific Tea Company, Inc., et al.,* Case No. 10-24549 (RDD); *In re Ambac Financial Group, Inc.,* Case No. 10-15973 (SCC); *In re Loehmann's Holdings, Inc. et al.,* Case No. 10-16077 (REG); *In re Saint Vincents Catholic Medical Centers of New York, et al.,* Case No. 10-11963 (CGM); *In re Neff Corp., et al.,* Case No. 10-12610 (SCC); *In re Motors Liquidation Company, et al., f/k/a General Motors Corp., et al.,* Case No. 09-50026 (REG); *In re Chrysler LLC, et al.,* Case No. 09-50002 (AJG); *In re Charter Communications, Inc., et al.,* Case No. 09-11435 (JMP); *In re Tronox Inc., et al.,* Case No. 09-10156 (ALG); *In re Frontier Airlines Holdings, Inc. et al.,* Case No. 08-11298 (RDD); *In re Delphi Corp., et al.,* Case No. 05-44481 (RDD); *In re Enron Corp., et al.,* Case No. 01-16034 (AJG); *In re Fortunoff Fine Jewelry and Silverware, LLC, et al.,* Case No. 08-10553 (JMP); *In re Dura Automotive Systems, Inc., et al.,* Case No. 06-11202 (KJC); *In re Saint Vincents Catholic Medical Centers of New York d/b/a Saint Vincent Catholic Medical Centers, et al.,* Case No. 05-14945 (PCB); *In re Tower Auto., Inc.,* Case No. 05-10578 (ALG); *In re Allegiance Telecom, Inc.,* Case No. Case No. 03-13057 (RDD); *In re GB Holdings Liquidation, Inc., et al, f/k/a Golden Books Family Entertainment, Inc., et al.,* Case

No. 01-1920 (RRM); *In re Ames Department Stores,* Case No. 01-42217 (REG); *In re Loews Cineplex Entertainment Corp.*, Case No. 01-40346 (ALG); *In re Onsite Access, Inc.*, Case No. 01-12879 (RLB); *In re Daewoo International (America) Corp.*, Case No. 00-11050 (BRL); *In re Contifinancial Corp.*, Case No. 00-12184 (ALG); and *In re Lois/USA, Inc.*, Case No. 99-45910 (REG).

DISINTERESTEDNESS AND DISCLOSURE OF CONNECTIONS

15. As set forth in the Togut Declaration, to the best of Mr. Togut's knowledge, after due inquiry, the Togut Firm, its members, counsel and associates are not connected with the Debtors, its creditors, the Committee, the Bondholder Group, the Retiree Committee, the LTD Committee or the U.S. Trustee, or any person employed by any of them, and the Togut Firm does not hold any interest materially adverse to the Debtors, their estates, Retiree Committee, or any official committees or any class of creditors for the matters upon which it is to be engaged.

16. More specifically, as set forth in the Togut Declaration, the Togut Firm, its members, counsel and associates:

(i) are not creditors, equity holders or insiders of the Debtors;

(ii) are not and were not, within two years before the date of the filing of the Debtors' chapter 11 petitions, directors, officers or employees of the Debtors; and

(iii) do not have an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason.

17.     The Togut Firm has not represented and will not represent any parties other than the Retiree Committee in this case or in connection with any matters that would be adverse to the Retiree Committee arising from, or related to, this Chapter 11 Case.

18.     Based on the Togut Declaration, the Retiree Committee believes that the Togut Firm is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code. The Togut Firm will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, the Togut Firm will supplement its disclosure to this Court.

## PROFESSIONAL COMPENSATION

19.     During the Chapter 11 Case, the Togut Firm will file applications for allowance of compensation and reimbursement of actual and necessary expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the U.S. Trustee, the Court's Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L. R. 2016-2 establishing procedures for interim compensation and reimbursement of fees and expenses for professionals and official committee members dated February 4, 2009 (the "Interim Compensation Order") [D.I. 222], and any orders of this Court for all services performed and expenses incurred as attorneys for the Retiree Committee.

20.     The Retiree Committee submits that the most reasonable terms and conditions are the hourly rates charged by the Togut Firm to the Retire Committee and other clients on a daily basis in a competitive market for legal services.  Therefore, the Committee and the Togut Firm have agreed that the Togut Firm will be paid its customary hourly rates for services rendered that are in effect from time to time, as set forth in the Togut Declaration, and that it will be reimbursed according to the Togut Firm's customary reimbursement policies.

21.     Pursuant to section 330(a)(1) of the Bankruptcy Code, the Court may award reasonable compensation for actual and necessary expenses and services rendered in conjunction with this Chapter 11 Case.  According to the Togut Declaration, the Togut Firm's current hourly rates and reimbursement policies are what the general marketplace for legal services pays the Togut Firm in other matters every day and are reasonable.  The Togut Firm's current rates range from $800 to $935 per hour for partners, $215 to $715 per hour for associates and counsel to the Togut Firm, and $145 to $285 per hour for paralegals and law clerks.   The Togut Firm will also seek reimbursement for actual, necessary expenses pursuant to section 330(a)(1)(B) of the Bankruptcy Code.

22.     As set forth in the Togut Declaration filed in support of the Application, the hourly rates described above are subject to annual adjustments, in January, to reflect economic and other conditions.  The Togut Firm's rates are set at a level designed to compensate the firm fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  It is the Togut Firm's policy to

charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime. The Togut Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges generally made to the Togut Firm's other clients and in accordance with the U.S. Trustee's guidelines. The Togut Firm believes that it is fairer to charge these expenses to the client incurring them than to increase the hourly rates and spread the expenses among all clients.

NUNC PRO TUNC RETENTION

23. The Retiree Committee selected the Togut Firm on August 22, 2011 and requested that the Togut Firm immediately begin to perform legal services, including the review and analysis of documents and pleadings. This was particularly necessary since the Retiree Committee has requested counsel's review and report on matters commenced prior to its appointment or which is currently in progress. Consequently, the Retiree Committee respectfully requests that the retention of the Togut Firm be effective *nunc pro tunc* to August 22, 2011, when the Togut Firm began to perform legal services on behalf of the Retiree Committee.

NOTICE

24. Notice of the Application has been given via first class mail to (i) the U.S. Trustee; (ii) counsel to the Debtors; (iii) counsel to the Official Committee of Unsecured Creditors; (iv) counsel to the Bondholder Group; and (v) the general service list established in the Chapter 11 Case. The Retire Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PREVIOUS REQUEST

25. No prior application for the relief requested herein has been made to this or any other court.

## CONCLUSION

**WHEREFORE,** the Committee respectfully requests entry of an Order, substantially in the form attached hereto as Exhibit "A," (a) authorizing the Retiree Committee to employ and retain the Togut Firm as its counsel effective as of August 22, 2011, and (b) granting such other and further relief as the Court deems appropriate.

DATED: New York, New York
August 29, 2011

THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES
By:

Gary R. Donahee,
Chairman of the Official Committee of Retired Employees