# EXHIBIT B

<u>**EXHIBIT "B"**</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
:
In re:                                                   :   Chapter 11
                                                         :
                                                         :   Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                       :
                                                         :   Jointly Administered
                    Debtors.                             :
                                                         :
                                                         :
---------------------------------------------------------x

### DECLARATION OF ALBERT TOGUT IN SUPPORT OF THE RETENTION OF TOGUT, SEGAL & SEGAL LLP AS COUNSEL TO THE OFFICAL COMMITTEE OF RETIRED EMPLOYEES

Albert Togut, hereby declares under penalty of perjury:

1.      I am the senior partner of Togut, Segal & Segal LLP (the "Togut Firm") located at One Penn Plaza, New York, New York 10119. I am a member in good standing of the Bar of the State of New York, and am admitted to practice in the Southern District of New York, Eastern District of New York, and Northern District of New York, among other courts.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

2. Delaware counsel for the Official Committee of Retired Employees (the "Retiree Committee") has filed, or will shortly file, motions for admission *pro hac vice* in the District of Delaware for the partners, counsel and associates of the Togut Firm who it is anticipated will be rendering services in the Chapter 11 Case.

3. I am in all respects competent to make this declaration in support of the application (the "Application") by the Retiree Committee in the above-captioned Chapter 11 case (the "Chapter 11 Case") of Nortel Networks Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") to retain the Togut Firm pursuant to section 1103(a) and 1114 of the Bankruptcy Code, Bankruptcy Rule 2014 and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), *nunc pro tunc* to August 22, 2011. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.[2]

## QUALIFICATIONS AND DISINTERESTEDNESS

4. The Togut Firm's practice is highly specialized and is limited, almost exclusively, to matters pending in the bankruptcy courts. The Togut Firm has had considerable experience in complex corporate restructuring cases such as involve the Debtors, and has acted in a professional capacity representing the interests of debtors, creditors' committees, trustees, employees, and individual secured and general creditors.

---

[2] Capitalized terms which are not defined herein shall have the meanings set forth in the Application.

5. The Togut Firm has been actively involved in major chapter 11 cases including, without limitation: *In re AbitibiBowater Inc., et al.,* Case No. 09-11296 (KJC); *In re the Great Atlantic & Pacific Tea Company, Inc., et al.,* Case No. 10-24549 (RDD); *In re Ambac Financial Group, Inc.,* Case No. 10-15973 (SCC); *In re Loehmann's Holdings, Inc. et al.,* Case No. 10-16077 (REG); *In re Saint Vincents Catholic Medical Centers of New York, et al.,* Case No. 10-11963 (CGM); *In re Neff Corp., et al.,* Case No. 10-12610 (SCC); *In re Motors Liquidation Company, et al., f/k/a General Motors Corp., et al.,* Case No. 09-50026 (REG); *In re Chrysler LLC, et al.,* Case No. 09-50002 (AJG); *In re Charter Communications, Inc., et al.,* Case No. 09-11435 (JMP); *In re Tronox Inc., et al.,* Case No. 09-10156 (ALG); *In re Frontier Airlines Holdings, Inc. et al.,* Case No. 08-11298 (RDD); *In re Delphi Corp., et al.,* Case No. 05-44481 (RDD); *In re Enron Corp., et al.,* Case No. 01-16034 (AJG); *In re Fortunoff Fine Jewelry and Silverware, LLC, et al.,* Case No. 0-10553 (JMP); *In re Dura Automotive Systems, Inc., et al.,* Case No. 06-11202 (KJC); *In re Saint Vincents Catholic Medical Centers of New York d/b/a Saint Vincent Catholic Medical Centers, et al.,* Case No. 05-14945 (PCB); *In re Tower Auto., Inc.,* Case No. 05-10578 (ALG); *In re Allegiance Telecom, Inc.,* Case No. Case No. 03-13057 (RDD); *In re GB Holdings Liquidation, Inc., et al, f/k/a Golden Books Family Entertainment, Inc., et al.,* Case No. 01-1920 (RRM); *In re Ames Department Stores,* Case No. 01-42217 (REG); *In re Loews Cineplex Entertainment Corp.,* Case No. 01-40346 (ALG); *In re Onsite Access, Inc.,* Case No. 01-12879 (RLB); *In re Daewoo International (America) Corp.,* Case No. 00-11050 (BRL); *In re Contifinancial Corp.,* Case No. 00-12184 (ALG); and *In re Lois/USA, Inc.,* Case No. 99-45910 (REG).

6. The Togut Firm has reviewed: the Debtors' Chapter 11 Petition; the Affidavit of John Doolititle in support of the Chapter 11 petitions and "first day" motions filed in the Chapter 11 Case; and all of the lists and schedules annexed thereto; claims; the Debtors' Schedules and Statement of Financial Affairs; the docket for the Chapter 11 Case; and select pleadings, including the Conflicts Check List attached as Exhibit "1" to the Declaration of James L. Bromley in support to the Debtors' application to retain counsel.

7. To the best of my knowledge, information and belief, none of the Retiree Committee members, in their individual capacities, have previously retained the Togut Firm in this or any other case, nor has any compensation previously been paid to the Togut Firm by any members of the Retiree Committee

8. To the best of my knowledge, information and belief, with respect to the above-captioned case, except as set forth herein, neither I nor any member, attorney or employee of the Togut Firm has any connection with:

    (a) the Debtors;
    (b) current and recent directors, officers and shareholders;
    (c) any official committee appointed in the Chapter 11 Case;
    (d) the Debtors' consolidated list of 40 largest unsecured creditors; or
    (e) any other creditor listed in the Debtors' Schedules and Statements of Financial Affairs.

9. Neither I nor any member, attorney or employee of the Togut Firm has ever been a member, officer or employee of the Debtors or had an interest materially adverse to the interests of the Debtors' estates or any creditors by reason of

any direct or indirect relationship to, connection with, or interest in, the Debtors or any member of the Retiree Committee.

10. The Togut Firm is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that the Togut Firm, its partners, counsel and associates, except as disclosed herein:

(a) are not creditors, equity holders or insiders of the Debtors;

(b) are not and were not, within two years before the Petition Date, directors, officers or employees of the Debtors; and

(c) do not have an interest materially adverse to the interests of the Debtors' estates or any class of creditors, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

11. I am not related, and to the best of my knowledge, no attorney at the Togut Firm is related, to any United States Bankruptcy Judge in the District of Delaware or to the U.S. Trustee or any employee thereof.

12. The Togut Firm will periodically review its files during the pendency of the Chapter 11 Case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, the Togut Firm will use its reasonable efforts to identify any such further developments and will promptly file a supplemental declaration.

### THE TOGUT FIRM'S CONNECTIONS WITH PARTIES-IN-INTEREST IN MATTERS UNRELATED TO THIS CHAPTER 11 CASE

13. The Togut Firm and certain of its partners, counsel and associates may have represented in the past, and may represent in the future, parties-in-interest of

5

the Debtors in connection with matters unrelated to the Debtors and the Chapter 11 Case. The Togut Firm has reviewed the list of interested parties in the Chapter 11 Case as identified above for any connection it may have to those parties and has found none.

14. In the event any new facts or relationships subsequently are discovered during the pendency of the Chapter 11 Case, the Togut Firm will supplement this declaration and file the same with the Court.

## PROFESSIONAL COMPENSATION

15. Subject to annual adjustment in January, in accordance with the firm's billing practices, the rates to be charged by the Togut Firm for services to be rendered to the Committee shall be the same rates charged to other clients, which are currently in the range of $800 to $935 per hour for members of the Togut Firm, $215 to $715 per hour for associates and counsel to the Togut Firm, and $145 to $285 for paraprofessionals and law clerks. The Togut Firm will promptly advise the U.S. Trustee of such adjustments when they are made. The Togut Firm intends to apply for compensation for professional services rendered in connection with the Chapter 11 Case, subject to this Court's approval and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Rules, the Interim Compensation Order, further Orders of this Court, and guidelines established by the U.S. Trustee on an hourly basis, plus reimbursement of actual and necessary expenses and other charges that the Togut Firm incurs.

16. It is the Togut Firm's policy to charge its clients for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, photocopying, witness fees, travel expenses, certain necessary secretarial and other overtime expenses, filing and recordation fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for "working meals" and telecopier charges. The Togut Firm will charge the Debtors' estates for these expenses in a manner and at rates consistent with those it generally charges its other clients and in accordance with the Local Rules and U.S. Trustee guidelines.

17. No promises have been received by the Togut Firm nor by any partner, counsel or associate thereof as to compensation in connection with the Chapter 11 Case other than in accordance with the provisions of the Bankruptcy Code. The Togut Firm has no agreement with any other entity to share with such entity any compensation received by the Togut Firm in connection with the Chapter 11 Case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED: August 19, 2011

_____
ALBERT TOGUT