IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------x
In re:                                             : Chapter 11
                                                   :
                                                   : Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                 : (Jointly Administered)
                                                   :
    Debtors.                                       : Objection Deadline: September 16, 2011 @ 4:00 p.m.
                                                   : Hearing Date: September 21, 2011 @ 10:00 a.m.
---------------------------------------------------x

## APPLICATION OF THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES PURSUANT TO BANKRUPTCY CODE SECTIONS 1103(a) AND 1114, BANKRUPTCY RULE 2014 AND RULE 2014-1 OF THE LOCAL RULES FOR AN ORDER APPROVING THE RETENTION OF MCCARTER & ENGLISH, LLP AS DELAWARE COUNSEL *NUNC PRO TUNC* TO AUGUST 26, 2011

The Official Committee of Retirees (the "Retiree Committee") in the above-captioned cases (the "Chapter 11 Case") respectfully submits this application (the "Application") for an order (the "Order"), in substantially the form attached hereto as **Exhibit A**, authorizing the retention and employment McCarter & English, LLP (the "McCarter & English") as Delaware counsel to the Retiree Committee pursuant to section 1103(a) and 1114 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2014-1 and Rule 9010-1(c) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), *nunc pro tunc* to August 26, 2011. In support of this Application, the Retiree Committee respectfully submits the Declaration of William F. Taylor, Jr., a partner of McCarter

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

ME1 12212630v.1

& English (the "Taylor Declaration"), a copy of which is attached hereto as **Exhibit B**, and incorporated herein by reference. In further support of this Application, the Retiree Committee respectfully states:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. The Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 1103(a) and 1114 of title 11 of the Bankruptcy Code, Bankruptcy Rule 2014, and Rule 2014-1 of the Local Rules.

## BACKGROUND

3. On January 14, 2009 (the "Petition Date"), Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), other than Nortel Networks (CALA) Inc.,[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. The United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

---

[2] Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

2

MEI 12212630v.1

An Official Committee of Long-Term Disability Participants (the "LTD Committee") has also been appointed.

6. On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL", and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Canada Companies' Creditors Arrangement Act (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court. Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators"). Other Nortel Affiliates have commenced and in the future may commence creditor protection, insolvency and dissolution proceedings around the world.

## FORMATION OF THE RETIREE COMMITTEE

7. On June 2, 2011, the Debtors moved for an order pursuant to Bankruptcy Code section 1114 directing the appointment of the Retiree Committee to serve as the official representative for the Debtors' retired employees (the "Retirees") who are currently receiving

---

[3] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4] The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Network (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o, Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o and Nortel Networks International Finance & Holding B.V.

3

benefits under the Debtors' Retiree Welfare Plans, as defined in the Retiree Committee Motion. [D.I. 5568].

8. On June 21, 2011, the Court entered its Order Pursuant to Section 1114 of the Bankruptcy Code Appointing an Official Committee of Retired Employees [D.I. 5783].[5]

9. On August 2, 20011, the U.S. Trustee filed her Notice of Appointment of Official Committee of Retired Employees [D.I. 6074]. The five-member Retiree Committee consists of: (i) Gary R. Donahee; (ii) Michael P. Ressner; (iii) Susan Kane; (iv) John T. Zalokar; and (v) Mark Haupt. Mr. Donahee is the chairperson of the Retiree Committee.

10. By separate application, the Retiree Committe has also requested that the Court approve the retention and employment of Togut, Segal & Segal LLP (the "Togut Firm") as its bankruptcy counsel. However, the retention of McCarter & English as Delaware counsel is necessary, pursuant to 9010-1(c) of the Local Rules and will allow the Retiree Committee to operate more efficiently given McCarter & English's specialized knowledge of bankruptcy laws and procedures in Delaware. McCarter & English has discussed with the Togut Firm a division of responsiblities so as to minimize duplication of services on behalf of the Retiree Committee.

11. On August 26, 2011, the Retiree Committee agreed to employ McCarter & English as its Delaware counsel as permitted by Bankruptcy Code sections 1103(a) and 1114, and Bankruptcy Rule 2014(a), subject only to receiving Bankruptcy Court approval of such employment.

12. None of the Retiree Committee members, in their individual capacities, have previously retained McCarter & English in this or any other case, nor has any compensation previously been paid to the McCarter & English by any members of the Retiree Committee.

---

[5] On June 22, 2011, the Court entered an Order Appointing the LTD Committee [D.I. 5790].

## RELIEF REQUESTED

13. The Retiree Committee seeks entry of an Order pursuant to sections 1103(a) and 1114 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1 authorizing the retention of McCarter & English as Delaware counsel for the Retiree Committee to provide legal services at the direction of the Retiree Committee including, without limitation, and without duplication of the services that will be provided by the Togut Firm:

(a) Attending meetings of the Retiree Committee;

(b) Preparing on behalf of the Retiree Committee applications, motions, notices, draft orders and other pleadings, and review all materials related to the same;

(c) Advising the Retiree Committee concerning, and preparing responses to, applications, motions, other pleadings, notices and other papers that may affect the rights and interests of the Retiree Committee in the Chapter 11 Case;

(d) Assisting in the review, analysis and response to any pleading filed by the Debtors under section 1114 of the Bankruptcy Code to modify or terminate the Retiree Welfare Plans and related retiree benefits;

(e) Assisting with the Retiree Committee's communications with the Debtors, the other committees appointed in these cases, including the LTD Committee, and their respective professionals, as well as any other professionals engaged by the Retiree Committee and the LTD including financial advisors and actuarial firms regarding all matters concerning the rights and interests of the Retiree Committee and its constituency;

(f) Assisting in the review, evaluation and representation of the Retiree Committee regarding any proposal by the Debtors, or any other party in interest in the Chapter 11 Case, that affects Retirees' ability to be paid on the claims or to modify or terminate the Retiree Welfare Plans and related retiree benefits, including reviewing and analyzing information and documents that the Retiree Committee deems necessary to evaluate any such proposal and developing counterproposals;

(g) Assisting in negotiations and/or litigation regarding the rights and interests of the Retiree Committee regarding any matter which may modify or otherwise affect any rights and benefits under the Debtors' Retiree Welfare Plans including their ability to be paid;

(h) Assisting in the Retiree Committee's participation in the formulation of a disclosure statement and plan of reorganization or liquidation, and taking such actions as may be deemed desirable in connection therewith; and

(i) Performing all other legal services for and on behalf of the Retiree Committee that may be necessary or appropriate to assist the Retiree Committee in performing its duties under section 1114 of the Bankruptcy Code.

14. The Retiree Committee has selected McCarter & English both because of its extensive experience and familiarity in Chapter 11 cases representing the interests of debtors, creditors' committees, trustees, employees, and individual secured and general creditors. The Retiree Committee also selected McCarter & English because of its proximity to this Court and its ability to respond quickly to emergency hearings and other emergency matters in this Court. Accordingly, McCarter & English is well qualified to deal effectively with the potential legal issues and problems that may arise in the context of the Chapter 11 cases. As set forth in the Taylor Declaration, McCarter & English has experience in the areas of law relevant to this Chapter 11 Case.

## DISINTERESTEDNESS AND DISCLOSURE OF CONNECTIONS

15. As set forth in the Taylor Declaration, to the best of Mr. Taylor's knowledge, after due inquiry, McCarter & English, its members, counsel and associates are not connected with the Debtors, its creditors, the Committee, the Bondholder Group, the Retiree Committee, the LTD Committee or the U.S. Trustee, or any person employed by any of them, and McCarter & English does not hold any interest materially adverse to the Debtors, their estates, the Retiree Committee, or any official committees or any class of creditors for the matters upon which it is to be engaged.

16. More specifically, as set forth in the Taylor Declaration, McCarter & English, its members, counsel and associates:

6

(i) are not creditors, equity holders or insiders of the Debtors;

(ii) are not and were not, within two years before the date of the filing of the Debtors' chapter 11 petitions, directors, officers or employees of the Debtors; and

(iii) do not have an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason.

17. McCarter & English will not represent any parties other than the Retiree Committee in this case or in connection with any matters that would be adverse to the Retiree Committee arising from, or related to, this Chapter 11 Case.

18. Based on the Taylor Declaration, the Retiree Committee believes that McCarter & English is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code. McCarter & English will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, McCarter & English will supplement its disclosure to this Court.

## **PROFESSIONAL COMPENSATION**

19. During the Chapter 11 Case, McCarter & English will file applications for allowance of compensation and reimbursement of actual and necessary expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the U.S. Trustee, the Court's Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L. R. 2016-2 establishing procedures for interim compensation and reimbursement of fees and expenses for professionals and official committee members dated February 4, 2009 (the "Interim Compensation Order") [D.I. 222], and any orders of this Court for all services performed and expenses incurred as attorneys for the Retiree Committee.

7

20. The Retiree Committee submits that the most reasonable terms and conditions are the hourly rates charged by the McCarter & English to the Retire Committee and other clients on a daily basis in a competitive market for legal services. Therefore, the Committee and McCarter & English have agreed that McCarter & English will be paid its customary hourly rates for services rendered that are in effect from time to time, as set forth in the Taylor Declaration, and that it will be reimbursed according to McCarter & English's customary reimbursement policies.

21. Pursuant to section 330(a)(1) of the Bankruptcy Code, the Court may award reasonable compensation for actual and necessary expenses and services rendered in conjunction with this Chapter 11 Case. According to the Taylor Declaration, McCarter & English's current hourly rates and reimbursement policies are what the general marketplace for legal services pays McCarter & English in other matters every day and are reasonable. The McCarter & English's current rates range from $375 to $825 per hour for partners, $220 to $610 per hour for associates and counsel to McCarter & English, and $85 to $230 per hour for paralegals and law clerks. McCarter & English will also seek reimbursement for actual, necessary expenses pursuant to section 330(a)(1)(B) of the Bankruptcy Code.

22. As set forth in the Taylor Declaration filed in support of the Application, the hourly rates described above are subject to annual adjustments, in October, to reflect economic and other conditions. The McCarter & English's rates are set at a level designed to compensate the firm fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the McCarter & English's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for

"working meals," computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime. McCarter & English will charge the Debtors for these expenses in a manner and at rates consistent with charges generally made to the McCarter & English's other clients and in accordance with the U.S. Trustee's guidelines. McCarter & English believes that it is fairer to charge these expenses to the client incurring them than to increase the hourly rates and spread the expenses among all clients.

## NUNC PRO TUNC RETENTION

23. The Retiree Committee selected the McCarter & English on August 26, 2011 and requested that the McCarter & English immediately begin to perform legal services, including the review and analysis of documents and pleadings. Consequently, the Retiree Committee respectfully requests that the retention of McCarter & English be effective nunc pro tunc to August 26, 2011, when McCarter & English began to perform legal services on behalf of the Retiree Committee.

## NOTICE

24. Notice of the Application has been given via first class mail to (i) the U.S. Trustee; (ii) counsel to the Debtors; (iii) counsel to the Official Committee of Unsecured Creditors; (iv) counsel to the Bondholder Group; and (v) the general service list established in the Chapter 11 Case. The Retire Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PREVIOUS REQUEST

25. No prior application for the relief requested herein has been made to this or any other court.

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests entry of an Order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Retiree Committee to employ and retain McCarter & English as its Delaware counsel effective as of August 26, 2011, and (b) granting such other and further relief as the Court deems appropriate.

Dated: August 31, 2011
Plano, Texas

THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES

By: /s/ Gary R. Donahee

Gary R. Donahee,
Chairman of the Official Committee of Retired Employees

ME1 12212630v.1